UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding the Data of Certain United States' Custodians]**

The United States has disclosed the deletion of electronic data from the custodial files of Dr. Thomas Bickel and the late Dr. Sheldon Tieszen, both employees of Sandia National Laboratories. The deletions occurred when Dr. Bickel's and Dr. Tieszen's corporate email boxes were overwritten when they left the laboratory and after they had submitted certifications that all relevant documents had been uploaded to a SharePoint site. BP contends, based on having found in post-certification productions previously unproduced documents in files of other DOE custodians, that the United States deleted unique, material emails when it deleted the mailboxes. The United States disputes the claim that any unique, material emails were lost.

The parties agree and the Court rules that:

(1) The Department of Justice will instruct all Department of Energy and National Laboratory custodians currently subject to the litigation hold that they must preserve *all* copies of relevant email going forward. The parties may allow an e-discovery professional to use objectively verifiable e-discovery tools (such as, by way of example, MD5 hash comparison or header analysis) to delete true duplicates while preserving metadata.

(2)   A rebuttable presumption is established that any emails on which Dr. Bickel or Dr. Tieszen are reflected as a "From," "To," "CC," or "BCC" were actually sent or received by Dr. Bickel or Dr. Tieszen, regardless of whether the emails are found in their custodial files. The United States may rebut this presumption only upon presentation of adequate evidence that documents addressed to a particular custodian in fact were never received by that custodian, for example through a technical glitch.

(3)   The parties agree that BP is reserving its right to raise the issue of whether unique relevant data was lost from the custodial files of Dr. Bickel and Dr. Tieszen at a later time, should it prove important in the litigation.  The parties also agree that United States reserves all defenses against any such claim of loss of unique relevant data should BP raise the issue.

**The deadline for any appeal of this order is Tuesday, December 18, 2012.  The effect of this Order will not be suspended pending appeal except by order of Judge Barbier.**

New Orleans, Louisiana, this 14th day of December, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**