### UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA

In Re:  Oil Spill by the Oil Rig *Deepwater Horizon*            MDL 2179
       in the Gulf of Mexico on April 20, 2010                  Section J

This Document Relates to:                                               The Honorable Carl J. Barbier
Case 2:11-cv-02766                                                           Magistrate Judge Shushan

### **RESPONSE TO MOTION FOR LEAVE TO FILE COMPLAINT IN INTERVENTION**

      The law firms of Luckey & Mullins, PLLC; Foxworth Law Firm and Pendley, Baudin and Coffin by counsel file on behalf of their clients this Response to Motion for Leave to File Complaint in Intervention and would show this Honorable Court the following facts and matters.

Facts and Procedural History

      1.      Beginning in May 2010, Attorney Stephen W. Mullins, a long time resident of Ocean Springs, Mississippi, was invited to speak to gatherings and meetings of impacted people and the legal community regarding the Oil Spill by the oil rig *Deepwater Horizon* in the Gulf of Mexico on April 20, 2010 (The Spill).  Mr. Mullins was invited because he is former President of the Coastal Conservation Association of Mississippi, Gubernatorial recommendation to the Gulf Coast Marine Fishing Council, lobbyist and consultant to fishing organizations and conservation groups for many years and has considerable experience representing and working with members of the Vietnamese community and the Charter Boat Association for years prior to The Spill concerning fishing regulations and issues.  Neither Mr. Mullins nor his firm contracted with any clients at his speaking engagements.

      2.      Upon information and belief, in late summer or fall of 2010 Faegre Baker Daniels, a law firm from Minnesota alleged it was heavily involved in the Exxon Valdez litigation began soliciting clients in Mississippi in response to The Spill.  Faeger associated with Langston & Lott, a firm from Booneville, Mississippi and opened an office in Biloxi in 2011.

3. Faegre and Langston associated The Kreller Law Firm (Intervening Attorneys).

4. The following clients terminated Intervening Attorneys (the Clients).

a. Hoang Nguyen d/b/a Tuan Kiet, DWH# 100000456
b. Meloni Johnson, DWH# 100021745
c. Richard Johnson, DWH# 100021751
d. Nhan Nguyen, DWH# 100021807
e. Quynh Dang, DWH# 100033901
f. Can Con Nguyen, DWH# 100033901
g. Thanh Thi Nguyen, DWH# 100000928
h. Chi Than Nguyen, DWH# 100001242
i. Kim Le, DWH# 100022894
j. Dat Chung, DWH# 100033835
k. Diem Pham, DWH#
l. Trong Van Phan, DWH# 100014152

5. On May 29, 2012 Intervening Attorneys filed a Complaint in the Chancery Court of Jackson County, Mississippi requesting injunctive relief, a temporary restraining order and damages. A copy of the Complaint is attached as Exhibit A.

6. In the Complaint, Intervening Attorneys confirm the Chancery Court of Jackson County bears original jurisdiction (¶ 11), is the appropriate venue (¶ 12), Mississippi law governs the matter (¶ 45) and allege their work and time toward common benefit of the plaintiff class. ¶ 3. Intervening Attorneys sought relief from contractual issues under Mississippi law and the matter was heard by The Honorable Neil Harris, Chancellor of Jackson County, Mississippi.

7. Intervening Attorneys' Complaint was resolved and dismissed on August 7, 2012. Luckey and Mullins was involved in the litigation because many of its clients received subpoenas from Intervening Attorneys.

8. On November 9 Luckey & Mullins, PLLC filed on behalf of the Clients a Complaint for Declaratory Action against Intervening Attorneys in the Chancery Court of Jackson County in response to Intervening Attorneys' continued harassment of the The Clients.. A copy is attached as Exhibit B.

9. On November 20 Intervening Attorneys finally filed motions to withdraw in this matter [7954, 7966 and 7969] [1] and a Motion for Leave to File Complaint in Intervention [7970].

10. Intervening Attorneys' Memorandum in Support of Motion for Leave to File Complaint in Intervention (Memo) names only Quynh Dang, Nhan Nguyen and Trong Van Phan, but they sent threatening letters to each of the Clients.  The law firms of Luckey & Mullins, PLLC; Foxworth Law Firm and Pendley, Baudin and Coffin (the Mullins Group) lawfully represent the Clients and include all of the Clients in this Response lest Intervening Attorneys wish to name the remainder later.

11. The Mullins Group herein responses to Intervening Attorneys' Motion for Leave.

<u>Response</u>

12. Intervening Attorneys are not permitted to collect fees from the Clients—or any other client of the Mullins Group—because this matter is a question of State law so should be decided by a State court for two reasons:  abstention and priority jurisdiction.

13. Jurisdiction and venue of this matter are proper in the Chancery Court of Jackson County, Mississippi, as shown by the fact Intervening Attorneys previously embraced this venue.

14. First, Intervening Attorneys attempt to argue conflicting legal concepts to two (2) different courts.  Jurisprudential common sense stretching back more than two (2) centuries denies the validity of such arguments.  Second, conflict between the Clients and Intervening Attorneys occurred in Jackson County, Mississippi and should be decided in Jackson County, Mississippi.  Third, the issues of this matter are interpretations of Mississippi legal contracts entered into in Jackson County, Mississippi.

---

[1] Richard Johnson, Melonie Johnson, Can Cong Nguyen, Chi Than Nguyen and Kim Le are named in Document 7954.  Diem Pham, Thanh Thi Nguyen and Dat Chung are named in Document 7966.  Quynh Dang, Nhan Nguyen and Trong Van Phan are named in Document 7969.  Hoang Nguyen d/b/a Tuan Kiet is not named in Intervening Attorneys' motions to withdraw, but Intervening Attorneys previously claimed to represent him.

15. For all of these reasons, the questions of law in this matter are questions of State law and should be determined by a State court—as Intervening Attorneys previously argued.

### 1. Abstention Favors State Court

16. The United States Supreme Court has a standing bias toward Federal court abstention in similar cases.

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942).

17. The Fifth Circuit Court of Appeals referenced *Brillhart* when it held "abstention . . . is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).

18. Further, the District Court for the Southern District of Mississippi chose to abstain from an action filed after a State court action involving the same parties and legal questions.

> All parties to this proceeding are also parties to the state court case. Furthermore, it is apparent to the court . . . the claims and issues appearing in this lawsuit, none of which is governed by federal law, are presented in and can be resolved in the state court suit. This, then, is a suit in which "the claims of all parties in interest can satisfactorily be adjudicated in [the state court] proceeding."

*Canal Insurance Company v. Morgan et al*, 961 F.Supp. 145, 147 (S. D. Miss. 1996)(quoting *Wilton v. Seven Falls Co.*, 115 S.Ct. 2137, 2140 (1995)).

19. In another case, a third party attempted intervention and was denied because "the intervenor merely underlines issues of law already raised by the primary parties." *Ingebretsen v. Jackson Public School Dist.*, 864 F.Supp. 1473, 1485 (S.D. Miss. 1994). In this matter,

Intervening Attorneys' arguments are all identical to those already raised in State court and currently enmeshed in State court pleadings.

### 2.  Priority Jurisdiction Favors State Court

20. This Honorable Court has a long record of reverence for priority jurisdiction. "[W]here a contemporaneous state proceeding will resolve expeditiously all issues in controversy, this Court should defer to the state court proceeding by declining to exercise jurisdiction under 28 U.S.C. § 2201, especially in a matter interpreting state law." *Canadian Universal Insurance Company v. Thibaut Oil Company*, 622 F.Supp. 1055, 1057-58 (E.D.La. 1985)(quoting *Ohio Cas. Co. v. Jackson County Bank*, 562 F.Supp. 1165, 1168 (W.D.Wisconsin 1983)).

21. This Honorable Court relied on Ohio Casualty and "public weight" to conclude the following.

> [T]he state court is fully able to adjudicate all of the issues (and more) in dispute in the federal action.  Moreover, it is clear that a federal interest is not involved, and federal law is not implicated in the controversy giving rise to the action.  Not only is the underlying controversy purely one of state law, but, in addition, it is uncontested the question of law presented in the declaratory judgment action is unsettled in the Louisiana courts.  Accordingly, this Court holds that it would be inappropriate for it not to decline jurisdiction under the circumstances.  In the setting here, notions of comity counsel that the **state courts ought to have the first opportunity to settle matters of purely state law**.  It is this Court's opinion that if this Court were to exercise its jurisdiction, it would be committing precisely the kind of "gratuitous interference with the orderly and comprehensive disposition of a state court litigation" which Justice Frankfurter cautioned was to be "avoided."

*Canadian Universal Ins. Co.*, 622 F.Supp. at 1058 (quoting *Brillhart*, supra)(emphasis added).

22. The Supreme Court, the Fifth Circuit, the Southern District of Mississippi and this Honorable Court all have clear precedent demonstrating both the abstention doctrine and priority

jurisdiction discernibly apply to this matter. This matter is a question of State law and should be decided by a State court: Intervening Attorneys' motion for leave should be denied.

## Conclusion

23. Simply put, to extend federal jurisdiction to this matter would break from established precedent, be a considerable waste of time and effort for this heavily burdened Court and wade into a local matter which is already pending and should be resolved by a local court.

WHEREFORE, Luckey & Mullins, PLLC; Foxworth Law Firm and Pendley, Baudin and Coffin on behalf of their Clients pray this Court deny Intervening Attorneys' Motion for Leave to File Complaint in Intervention.

RESPECTFULLY SUBMITTED the 18th of December, 2012.

>Luckey & Mullins, PLLC, Respondent
>Foxworth Law Firm, Respondent
>Pendley, Baudin and Coffin, Respondent
>By and Through
>Luckey & Mullins, PLLC
>
>_____/s/ Stephen W. Mullins_____

Stephen W. Mullins, MSB 9772
LUCKEY & MULLINS, PLLC
2016 Bienville Boulevard
Ocean Springs, MS  39564
Phone: 228.875.31785
Fax:     228.872.4719
smullins@luckeyandmullins.com

## CERTIFICATE OF SERVICE

I have this date electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the registered attorneys of record.

DATED the 18th of December, 2012.   _____/s/ Stephen W. Mullins_____