IN THE CHANCERY COURT OF JACKSON COUNTY, MS

**FILED**

NOV 0 9 2012

**TERRY MILLER, CLERK**
By_____

LUCKEY & MULLINS, PLLC, Individually and
On Behalf of Melonie and Richard Johnson,
Chi Nguyen, Quynh Dang, Thanh Nguyen,
Nhan Nguyen, Can V. Nguyen, Kim Oanh Le,
Dat Chung, Diem Pham, Hung Vo,
Hoang Nguyen, Trong Phan and Viet Vo            PLAINTIFFS

VERSUS                                           CAUSE NO. 2012-2240-NH

LANGSTON & LOTT, P.A. and
FAEGRE BAKER DANIELS LLP                         DEFENDANTS

---

## COMPLAINT FOR DECLARATORY ACTION

---

COMES NOW the law firm of Luckey & Mullins, PLLC, by and through Stephen W. Mullins, and files this, its Complaint for Declaratory Action against the law firm of Faegre Baker Daniels LLP and the law firm of Langston & Lott, P.A., seeking a determination of the amount of attorneys' fees, if any, which are recovered on behalf of certain clients concerning the BP Oil Spill, should be distributed to the Defendants, and in support thereof would show unto this Honorable Court the following, to-wit:

### I. PARTIES

1.   Plaintiff, Luckey & Mullins, PLLC, is a Mississippi professional limited liability corporation with its principal place of business in Ocean Springs, Jackson County, Mississippi.

2.   Defendant Langston & Lott is a Mississippi professional association with its principal place of business in Booneville, Prentiss County, Mississippi, and can be served with process at its place of business, 100 South Main Street, Booneville, MS 38829.

3.      Defendant Faegre, Baker, Daniels, LLP is a Minnesota limited liability partnership with its principal place of business in Minneapolis, Minnesota, and can be served with process by certified mail at its place of business, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this action as the minimum amount in controversy is present. Venue is proper in this Court pursuant to Mississippi Code Section 11-11-3. Additionally, jurisdiction and venue are proper in this Court because the issues involved are a matter of interpretation of Mississippi legal contracts which are entered into by clients with the law firm of Luckey & Mullins, PLLC, Langston & Lott, P.A. (formerly known as Langston, Langston & Lott) and Faeger Baker Daniels, LLP. The conflict between these law firms occurred in Jackson County, Mississippi.

Party Plaintiffs Melonie and Richard Johns are residents of Jackson County, Mississippi.

Furthermore, the law firm of Langston & Lott previously filed an action in this Court styled *Langston & Lott, P.A. v. Shandon Phan, PLLC, et al.*, Civil Action No. 2012-1077, seeking relief from this Court involving the same contractual issues. **(See Exhibit "A".)** That matter was heard by Chancellor Neil Harris, and being that this is a continuation of that litigation dealing with issues that were unresolved, the matter is brought before this Court. Plaintiff attempted to amicably resolve this matter over a period of weeks. Plaintiff did not know that the above referenced matter was dismissed and attempted to enter an appearance.

## III. FACTS

Steve Mullins, of Luckey & Mullins, PLLC, has represented members of the Vietnamese community and members of the Charter Boat Association for a number of years prior to the BP Oil Spill as a former President of the Coastal Conservation Association of Mississippi, a gubernatorial recommendation to the Gulf Coast Marine Fishing Council, lobbyist and consultant to the fishing organizations and conservation groups for many years, and as a result was asked to speak at gatherings and meetings of impacted groups since first notification of the oil spill. He also gave numerous presentations to the legal community and other interested groups.

Defendants claim to have a contract that cannot be terminated but for cause in violation of Mississippi law. They continually harass and contact their former clients even though that they were aware these clients had obtained new counsel. Furthermore, they threatened clients and believed that Shandon Phan, an attorney from Washington, had employed our firm to seduce their clients to hire other counsel. Eventually, after multiple communications, it was determined that Shandon Phan had no association with Luckey & Mullins, nor the law offices of John Foxworth.

Sometime in the late Summer or Fall of 2010, various out-of-state groups of attorneys made appearances to speak with impacted citizens. Faeger Baker Daniels was one of these groups. The law firm of Faegre Baker Daniels is a law firm located in Minneapolis, MN, without any licensed attorneys in the State of Mississippi and was allegedly invited to come to the Mississippi Gulf Coast by some non-profit groups because of their prior experience in the oil spill litigation in Alaska. Despite the poor results from that litigation, apparently some members of the Vietnamese community felt that they would have benefited from the knowledge of that litigation. This is

clearly the unlawful practice of law in the State of Mississippi without a license.

## CAUSES OF ACTION

After acquiring numerous clients from Mississippi as indicated by their web site page attached as **Exhibit "B"** far exceeding the limit that would even be allowed in a pro hac vice situation, Faegre Baker Daniels sought association with the law firm of Langston & Lott to open an office in Biloxi, Mississippi. At sometime in 2011, this office was open on Oak Street. Once the Oak Street office was opened, they sought out and solicited clients. Additionally, although Defendants were terminated from representation in this matter, they also apparently solicited and gathered contracts for Melonie and Richard Johnson, Chi Nguyen, Quynh Dang, Thanh Nguyen, Nhan Nguyen, Can V. Nguyen, Kin Oanh Le, Dat Chung, Diem Pham, Hung Vo, Hoang Nguyen, Trong Phan and Viet Vo on the premises that they were charging a lower rate for representation. Plaintiff and the law firm of John Foxworth, who was working with Plaintiff and other Coast law firms, disengaged this arena of the litigation and worked on BP claims for other clients. After discussion with numerous other firms, including the BP liaison for BP matters, Plaintiff reengaged in approximately November, 2011, and made a determination to offer representation at a rate of fifteen percent(15%). As this information reached the Vietnamese shrimping/fishing community, numerous clients that were allegedly represented by Fager Baker Daniels sought representation by Plaintiff. Additionally, Plaintiff offered to do simple matters like translation and interpretation of VoO claims at no cost to the client. Subsequently, numerous Vietnamese shrimpers terminated the services of Faegre Baker Daniels due to lack of communication and not being able to actually meet with an attorney on the Gulf Coast and retained the services of John Foxworth and Luckey & Mullins, PLLC. In response

to this influx of these clients, Plaintiff paid for and staffed a full-time claim center in Biloxi, MS, to facilitate communication with clients.

Upon receiving letters of termination from the clients in question, Faegre Baker Daniels, a foreign law firm, wrote to their former clients saying they were still entitled to a full fee for the case even though the new BP claims administrator had not even began, and in many cases, they had done little, if any, work. (See letter attached as **Exhibit "C".)** This letter which was approved and agreed to by Langston & Lott is clearly in violation of Mississippi law. They further went on to say, "Please be advised that should you choose to hire another attorney, any fees charged by that attorney may be taken in addition to our fee." They mislead the claimant in their letter by stating that case law, specifically *Langham vs. Behrer*, 39 So.3d 970 (Miss. Ct. App. 2010), supports their position that they are entitled to all of the contingency fee regardless. This is simply false and misleading to the claimant.

Additionally, they alleged that a settlement was in place, which is erroneous, so therefore, they have earned their fee.

Further, they state the following:

> In the event of such termination or withdrawal, Attorneys shall be entitled to payment for the fair value of services rendered, but in no event less than attorneys' fees measured by hours worked multiplied by Attorneys' applicable standard hourly rates, plus all out of pocket costs incurred as of termination or withdrawal. However, if Attorneys are terminated without good cause and/or have fully or substantially performed at the time of their discharge, with an award in favor of the Client at that time or shortly thereafter, recovery of the full contingency fee will be allowed.

This is clearly contrary to Mississippi law and Langston & Lott knows or should have known this.

Finally, they state as follows:

> You have not terminated us for good cause, and we have substantially performed the contract by representing you through the settlement. Accordingly, our firms are entitled to 25% of any recovery you obtain through the settlement. Because you have terminated us, we are also entitled under the contract to reimbursement for costs and expenses.

They have tried to set up a "super contract" contrary to the Rules and Mississippi law, and Plaintiff respectfully requests that this Court decide whether said contract is null and void.

On July 25, 2012, Kris Carter, with the Denham law firm contacted Plaintiff to see if we could resolve the dispute over the fees. After going back and forth, Carter indicated that Faegre Baker Daniels would prefer to deal directly with the entity that was responsible for the implementation of the GCCF BP Committee. It is believed that they have a long standing relationship with Brown & Greer. Hence, Plaintiff has been given no choice than to seek this Court's assistance to resolve this matter between the parties and interpretation of validity of the "super" contract of Defendant Faegre Baker Daniels law firm which Plaintiff believes to be in violation of Mississippi law. Plaintiff believes the law is abundantly clear that the only claims a law firm may have against a former client are those of quantum merit as shown by the cases attached hereto as **Exhibit "D"**, some of which involve the former law firm of Langston, Langston & Lott.[1]

Hence, we ask the Court to determine what, if any, work was actually done on behalf of these clients by Defendants and what would be reasonable compensation. This has become an urgent matter as the Defendants are seeking to assert liens against all of Plaintiffs' BP clients. This may result in Plaintiff seeking a temporary restraining order because it is believed that BP will defer to this Court's jurisdiction

---

[1] The name of the law firm changed after the indictment of Mr. Langston for his participation in a judicial bribery scheme with a former Jackson County Bar member, Dickie Scruggs.

and interpretation of a legal contract between Mississippi residents and out of state firms.

A second issue is relative to two claimants: D. Le and N. Phan. There exists dual contingency fee contracts wherein neither contract has been terminated. Plaintiff's contract has not been terminated by the claimants; however, Faegre Baker Daniels claims that they also represent these two claimants. Plaintiff therefore, requests this Court to direct the parties regarding the prevailing contract.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court will determine what if anything is owed on behalf of these clients to Faeger Baker Daniels, and that the Court will find that the contracts are completely null and void on behalf of Melonie and Richard Johnson, Chi Nguyen, Quynh Dang, Thanh Nguyen, Nhan Nguyen, Can V. Nguyen, Kin Oanh Le, Dat Chung, Diem Pham, Hung Vo, Hoang Nguyen, Trong Phan and Viet Vo as Plaintiff had pre-existing contracts in this matter.

RESPECTFULLY SUBMITTED this, the 9th day of November, A. D., 2012.

LUCKEY & MULLINS, PLLC, Plaintiff

BY: _____
STEPHEN W. MULLINS

Attorneys for Plaintiff:

STEPHEN W. MULLINS (MS Bar No. 9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Boulevard, Suite 102  (39564)
Post Office Box 724
Ocean Springs, MS  39566
(228) 875-31785
(228) 872-4719  (fax)
smullins@luckeyandmullins.com

STATE OF MISSISSIPPI

COUNTY OF JACKSON

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for said County and State, the within named, STEPHEN W. MULLINS, who, after first being duly sworn by me, states on his oath that he signed the above and foregoing Complaint, and that the matters and facts set forth therein are true and correct as therein stated to the best of his belief.

_____
STEPHEN W. MULLINS

SWORN TO AND SUBSCRIBED BEFORE ME this, the 9th day of November, 2012.

**NOTARY PUBLIC**