UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010<br><br>This document applies to:<br>*ALL CASES* | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### TRANSOCEAN'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO CLAIMS ASSIGNED UNDER SETTLEMENT AGREEMENT

COME NOW Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean"), by and through their undersigned counsel, and respectfully submit this motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to the claims purportedly assigned by BP to the PSC's "Economic Class" pursuant to the Economic and Property Loss Settlement. (Rec. Doc. 6430.)

This motion is based on the attached Memorandum of Points and Authorities in Support of Transocean's Motion for Partial Judgment on the Pleadings as to Claims Assigned Under Settlement Agreement, the pleadings and record in this case, and any further briefing and argument the Court may hear.

DATED: December 20, 2012                                      Respectfully submitted,

By:  s/ Brad D. Brian                              By:  s/ Steven L. Roberts
Brad D. Brian                                            Steven L. Roberts
Michael R. Doyen                                         Rachel Giesber Clingman

| | |
|---|---|
| Lisa Demsky<br>Daniel B. Levin<br>Susan E. Nash<br>MUNGER TOLLES & OLSON LLP<br>355 So. Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel:  (213) 683-9100<br>Fax:  (213) 683-5180<br>Email: brad.brian@mto.com<br>         michael.doyen@mto.com<br>         lisa.demsky@mto.com<br>         daniel.levin@mto.com<br>         susan.nash@mto.com<br><br><br>By:   s/ Edwin G. Preis<br>Edwin G. Preis, Jr.<br>PREIS & ROY PLC<br>Versailles Blvd., Suite 400<br>Lafayette, LA 70501<br>(337) 237-6062<br>    *and*<br>601 Poydras Street, Suite 1700<br>New Orleans, LA 70130<br>(504) 581-6062 | Sean Jordan<br>SUTHERLAND ASBILL & BRENNAN LLP<br>1001 Fannin Street, Suite 3700<br>Houston, Texas 77002<br>Tel:  (713) 470-6100<br>Fax:  (713) 354-1301<br>Email: steven.roberts@sutherland.com,<br>         rachel.clingman@sutherland.com<br>         sean.jordan@sutherland.com<br><br>By:   s/ Kerry J. Miller<br>Kerry J. Miller<br>FRILOT, LLC<br>110 Poydras St., Suite 3700<br>New Orleans, LA 70163<br>Tel:  (504) 599-8194<br>Fax:  (504) 599-8154<br>Email: kmiller@frilot.com<br><br>John M. Elsley<br>ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP<br>711 Louisiana Street, Suite 500<br>Houston, TX 77002<br>(713) 224-8380 |

*Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of December, 2012, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ELF System, for filing and for transmittal of a Notice of Electronic Filing to all CM/ELF registrants.

/s/  Kerry J. Miller

ii

## TABLE OF CONTENTS

                                                                                                                           Page

INTRODUCTION ............................................................................................................1
BACKGROUND ..............................................................................................................3
ARGUMENT ....................................................................................................................5
    I.     Standard of Review..................................................................................5
    II.    All Of the Assigned Claims Should Be Dismissed Because The Economic Class Cannot Pursue Class Action Claims In This Limitation Of Liability Action...........................................................................................6
    III.   The PSC Cannot Assert BP's Contribution Claims Because BP Did Not Obtain A Full Release Of All Claims Brought By The PSC Against Transocean ................................................................................................9
          A.    A Settling Defendant Who Does Not Obtain A Full Release On Behalf Of All Potential Joint Tortfeasors Has No Right Of Contribution Against A Nonsettling Defendant ........................................9
          B.    An Assignment Of A Contribution Claim Based On A Partial Settlement Is Invalid...............................................................................11
          C.    BP Did Not Secure A Full Release On Behalf Of Transocean Or Any Other Non-Settling Defendant .......................................................12
    IV.   The PSC Cannot Assert BP's Contribution Claims Because The Settlement Payments Are Not An Appropriate Measure Of Compensatory Damages....................................................................................................13
          A.    The PSC And/Or BP Must Show That The Payments To Be Made Under The Settlement Agreement Are Reasonable For Purposes Of A Contribution Action...........................................................................13
          B.    Because the Payments To Be Made Under The Settlement Agreement Include Punitive Components And Voluntary Payments, They Cannot Support A Contribution Claim ..........................15
                1.    The Settlement Agreement Contains Punitive Components........16
                2.    BP Voluntarily Waived The OPA Cap .......................................17
                3.    The Settlement Agreement Includes Numerous Voluntary Payments By BP In Addition To Compensation For Class Members.......................................................................................17
                4.    The Settlement Agreement Provides For Attorneys' Fees ..........18

## TABLE OF CONTENTS
(continued)

Page

|   |   |   |   |
|---|---|---|---|
|   |   | 5. It Is Not Possible To Extract A Reasonable Estimate Of Compensatory Damages From The Amounts To Be Paid Under The Settlement Agreement | 19 |
| V. | The Economic Class Should Not Be Allowed To Assert Contribution Claims Based On A Settlement That Purports To Deprive Transocean Of Substantive Legal Defenses | | 19 |
| VI. | An Assignment That Results In A Double Recovery Of The Same Damages Is Invalid | | 22 |
|   | A. | Equity Bars A Double Recovery | 22 |
|   | B. | The One-Satisfaction Rule Should Be Applied Here Because Plaintiffs Have Acknowledged "Full, Complete, And Total Satisfaction" Of Their Compensatory Damages | 23 |