UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **In Re:** | **Oil Spill by the Oil Rig** | : | **MDL NO. 2179** |
| | **"Deepwater Horizon" in the** | : | |
| | **Gulf of Mexico, on** | : | **SECTION:  J** |
| | **April 20, 2010** | : | |
| | | : | **JUDGE BARBIER** |
| **This Document Relates to:** | **10-4536, 10-3059** | : | |
| | **10-4183, 10-4182 and 11-516** | : | **MAG. JUDGE SHUSHAN** |

· ·  · ·  · ·   · ·  · ·  · ·  · ·  · ·  · ·  · ·   · ·  · ·  · ·  · ·  · ·   · ·  · ·  · ·   · ·  · ·  · ·  · ·  ·

**Notice of Filing of Stipulations (Phase II) Under the
"Framework for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill"**

The United States of America, the States of Alabama and Louisiana, and BP Exploration and Production, Inc. ("BP") (collectively "Parties") jointly provide this Notice.  These parties previously provided the Court with a "Report" [Doc. 2239] about the administrative agreement entitled "Framework for Early Restoration Addressing Injuries Resulting from the Deepwater Horizon Oil Spill" (hereinafter, "Framework Agreement") [Doc. 2239-1].[1]  The Framework Agreement calls for the Parties (specifically, those with claims filed in the MDL) to file with this Court a stipulation concerning each natural resource restoration project that BP has agreed to fund under the Framework Agreement.  [Doc 2239-1 ¶ 13].  The Parties filed an initial joint Notice concerning eight such Project Stipulations on June 6, 2012.  [Doc. 6621.]  This Notice of two additional Project Stipulations is provided solely to inform the Court and the public about the filing of the Stipulations; no action is required or requested of this Court.

---

[1]  Although five states are parties to the Framework Agreement and signatories of the Stipulations, only Alabama and Louisiana are providing this Notice because the other three states, Mississippi, Florida, and Texas, are not now parties to MDL 2179.  The States of Mississippi, Florida, and Texas do not acknowledge federal jurisdiction over any potential actions they may file as a result of the Deepwater Horizon Oil Spill and reserve their rights to object to federal jurisdiction in any such future actions.

1

I.      **Background:  NRDA and the Framework Agreement.**

As set out in the previously-filed "Report" on the Framework Agreement, the Oil Pollution Act ("OPA") calls for the designation of State and Federal "Trustees," 33 U.S.C. § 2706(a), who are charged to assess natural resource damages ("NRD") resulting from the *Deepwater Horizon* oil spill ("Oil Spill") and to prepare a plan for restoration, rehabilitation, replacement, or acquisition of the equivalent of the injured natural resources.  *See* 33 U.S.C. § 2706(c); 33 U.S.C. § 2706(d).  OPA and the OPA regulations, 15 C.F.R. Part 990, require that restoration plans be adopted only after adequate public notice and opportunity for comment.  33 U.S.C. § 2706(c)(5).  The Trustees and the responsible parties may enter into a settlement at any time, during or after the NRDA.  15 C.F.R § 990.25.

In the case of the Oil Spill, designated officials of the five Gulf Coast states, the National Oceanic and Atmospheric Administration, the United States Department of the Interior, the Secretary of the United States Department of Agriculture, and the Administrator of the United States Environmental Protection Agency are the relevant State and federal Trustees.  The administrative NRD Assessment is proceeding apace, but the Trustees have not completed the Assessment and are not yet ready to calculate or quantify all damages for injuries to natural resources resulting from the Oil Spill.

Meanwhile, the Trustees and BP sought to expedite efforts to restore natural resources and services known to have been injured as a result of the Oil Spill based on preliminary information developed in the NRD Assessment process.  The Trustees and BP entered into the Framework Agreement, which called for the Trustees to select "early" restoration projects under OPA, and called for BP to fund such projects out of $1 billion that BP set aside in trust for this purpose.

2

**II.     The Projects and Stipulations.**

The Trustees have published a "Deepwater Horizon Oil Spill Phase II Early Restoration Plan and Environmental Assessment" ("Phase II Plan"), available at www.doi.gov/deepwaterhorizon.  The Phase II Plan calls for two separate early restoration projects in Mississippi, Alabama, and Florida.  The two projects provide for the enhancement and protection of habitat for various beach nesting birds and loggerhead sea turtles.

As contemplated in the Framework Agreement, this Phase II Plan will be implemented in part through the Stipulations.  ¶12.  Thus, BP will fund these Trustee-selected restoration projects in exchange for the Trustees' agreement on the types and amounts of "NRD Offsets" attributable to the projects.  *See* Framework Agreement ¶¶ 8 – 11.  The agreed upon Offsets will be used to determine the credit that will be applied for these projects against the Trustees' ultimate assessment of natural resource injury.  Id.  The Parties have agreed to these two Stipulations, which must be filed with the Court for informational purposes.  Framework Agreement ¶13.

**III.    How the Framework Agreement and Stipulations Relate to the Claims in the MDL.**

The complaint in *United States v. BP Exploration and Production, Inc., et al.*, No. 2:10-cv-04536 (E.D. La., Dec. 15, 2010), sought declaratory judgment of liability under OPA for NRD; no claim for a specific amount of NRD was made and the United States asserted a reservation of rights to return later to seek an actual award of damages under OPA.[2]

---

[2] BP raised certain affirmative defenses to the United States' OPA claims, including BP's First Affirmative Defense regarding claim splitting.  The Court's February 22, 2012, "Order and Reasons [As to the United States', Transocean's, and Anadarko's Cross-Motions for Partial Summary Judgment Regarding Liability under the CWA and OPA]" [Doc. 5809] addresses this

3

Alabama and Louisiana have both filed complaints alleging claims for NRD.  *State of Louisiana v. BP, et al.*, 11-516; *State of Louisiana v. Triton Asset Leasing, et al.*, 10-03059; *State of Alabama v. Transocean, et al.*, 10-4183; and *State of Alabama v. BP P.L.C., et al.*, 10-4182.

The States of Mississippi, Florida, and Texas have not filed any civil actions relating to the Oil Spill to date but are participating Trustees in the Framework Agreement.

At this time, neither the Stipulations nor this Notice requires any action by the Court. However, if the parties are unable to amicably resolve all NRD matters the Stipulations will be relevant to the amount of uncompensated NRD for which BP may be held liable (in this or some subsequent civil action).

**V.     Conclusion**

The United States, the States of Alabama and Louisiana, and BP jointly provide this Notice solely for informational purposes.  When the Trustees and BP file any further stipulations under ¶ 13 of the Framework Agreement, the parties will make further informational or other filings with the Court, as appropriate.

                                                                Respectfully submitted,

*For the United States of America*:

IGNACIA S. MORENO                                BRIAN HAUCK
Assistant Attorney General                          Deputy Assistant Attorney General
Environment & Natural Resources Division    Civil Division

---

issue.  Nothing in the Framework Agreement or this filing is intended to waive or contradict in any manner any of the parties' respective positions as set forth in their pleadings or otherwise on the appropriate procedure for the adjudication of any NRD claims.

/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: 202-514-2779
Facsimile: 202-514-2583
E-mail: steve.o'rourke@usdoj.gov

/s/ R. Michael Underhill
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
Telephone: 415-436-6648
E-mail: mike.underhill@usdoj.gov

*For the State of Louisiana:*

JAMES D. "BUDDY" CALDWELL
Louisiana Attorney General
James Trey Phillips
First Assistant Attorney General
Megan K. Terrell
Assistant Attorney General

*For the State of Alabama:*

LUTHER J. STRANGE
Attorney General
Robert D. Tambling
Assistant Attorney General

/s/ Allan Kanner
ALLAN KANNER
Elizabeth B. Petersen
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA  70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763
E-Mail: a.kanner@kanner-law.com

/s/ Corey Maze
COREY MAZE
Special Deputy Attorney General
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Telephone: (334) 242-7300
Facsimile: (334) 242-4891
E-Mail:  cmaze@ago.state.al.us

*For BP Exploration and Production, Inc.:*

DON K. HAYCRAFT (Bar #14361)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

| | |
|---|---|
| Richard C. Godfrey, P.C.<br>J. Andrew Langan, P.C.<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>312-862-2000 (Tel)<br>312-862-2200 (Fax) | Robert Gasaway<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br> (202) 879-5000 (Tel)<br>(202) 879-5200 (Fax) |

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

/s/ Brian D. Israel
BRIAN D. ISRAEL
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: 202.942.6546
brian_israel@aporter.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this date: December 21, 2012.

/s/ Steven O'Rourke