UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | | |
| Applies to: | * | JUDGE BARBIER |
| 10-02771 | * | MAGISTRATE SHUSHAN |

*********************************************************************

## MEMORANDUM IN SUPPORT OF
## MOTION FOR ATTORNEY'S FEES AND COSTS

MAY IT PLEASE THE COURT:

Now into court, through undersigned counsel, comes the movers, Doucet-Speer, A Professional Law Corporation and Leake & Anderson, LLP who in support of the Motion for Attorney's Fees and Costs submits this Memorandum in support thereof:

### FACTS:

On April 20, 2010, the defendants in the aforesaid matter, British Petroleum and/or Deepwater Horizon caused and/or were responsible for a major oil spill/disaster in the Gulf of Mexico which adversely impacted residents of the Gulf Coast, including clients of the movers herein and as is the cause in the above referenced matter.

On July 22, 2010, Henry Michael Nunmaker, III, individually and on behalf of Nunmaker Yachts, Inc., retained the services of the mover, Doucet-Speer, APLC, through a contingency fee agreement which entailed contingency fees ranging from a low of twenty five percent to a high of thirty-three and one third percent. The aforesaid contract is subject to this court's order capping individual attorney's fees at twenty five percent.

Subject to execution of the contract between the client, Nunmaker, and Doucet-Speer,

APLC, extensive legal services were performed for the client by mover which entailed initially filing the appropriate claims with the GCCF, including the accumulation of financial records, submission of evidence to GCCF, extensive communication with GCCF as well as the client together with the retention of expert economist to facilitate the claim of Nunmaker. From the time of the initial contract between mover and client, no fees were paid to mover and no costs were reimbursed despite the fact that client received a wire transfer of a preliminary payment early in the claims process.

With the express written consent of the client, the mover herein retained co-counsel, Leake & Anderson, LLP to work under the same terms of the contingency contract executed between client and Doucet-Speer on April 14, 2011. By the end of the claims process maintained by the GCCF, a final offer was made to client through undersigned counsel, which was summarily rejected by the client, Nunmaker.

Thereafter, extensive legal services was provided by the movers herein both individually and through expert witnesses retained on behalf of the client through both Doucet-Speer, APLC and Leake & Anderson, LLP in the accurate and most beneficial claim possible that could be made on behalf of the client, Nunmaker. After all calculations had been made and the claim was ready to be submitted to the claims administrator, including an independent review of the calculations by an expert working on behalf of the client, Nunmaker, personally, a settlement package was submitted to the client on September 26, 2012 requesting his written consent for the submission of the aforesaid claim. On the same date that the settlement package was federal expressed to the client for approval, the client,

Henry Michael Nunmaker, III, individually and on behalf of Nunmaker Yachts, Inc., terminated the services of movers herein without prior notice or just cause. The only reason provided to undersigned counsel was a correspondence from a new law firm which alleged a violation of the rules of professional conduct, namely rule 1.6, presumably because Doucet-Speer retained Leake & Anderson to assist in this claim. As indicated previously, Leake & Anderson was only retained after having received written authorization from the client, Nunmaker, in advance.

To date, a third party claim has been submitted on behalf of movers to the Deepwater Horizon Claims Center, Economic and Property Damage Claims, and an acknowledgment of receipt of attempted third party claim was received on November 20, 2012.

### LAW AND ARGUMENT:

Pursuant to this court's order of September 11, 2012, this court maintains exclusive jurisdiction under section 18.1 of the economic and property damages settlement agreement and therefore this court is the appropriate venue for this motion for attorney's fees and costs. Pursuant to the process for third party claims to be administrated by the claims administrator, third party claimants are required to file those pleadings, orders, garnishments or documents of whatever type that are applicable under state and federal laws to enforce a valid third party claim against an affected claimants settlement payment before the affected claimant receives such a settlement payment. Pursuant to the order of this court and the process approved for the submission of third party claims, this motion for attorney's fees and costs is the appropriate pleading to be filed under Federal Rule of Civil Procedure 54d. Further, this motion for attorney's fees and costs, along with this memorandum in support thereof is being

served upon the claimant/client, Nunmaker, as well as the third party claims administrator, Patrick A. Juneau, on behalf of Deepwater Horizon Economic Claims Center pursuant to this court's order approving the processing of third party claims

Movers herein have performed extensive legal services over a period exceeding two years, have incurred substantial costs, including but not limited to expert fees both through the mover, Doucet-Speer, APLC, and it's expert, Mr. John Theriot, as well as experts retained on behalf of Leake & Anderson, LLP, Mr. Thomas M. Guinan, Jr.

Pursuant to this court's order of September 11, 2012, movers herein make claim for attorney's fees at the statutory cap of twenty five percent of any and all recoveries, plus costs, which are made to Henry Michael Nunmaker, III individually and/or on behalf of Nunmaker Yachts, Inc. As of the date of termination by the client/claimant, Nunmaker, the total claim made on behalf of the claimant by movers herein equaled one million two-hundred ten thousand four hundred eighty six dollars ($1,210,486.00) plus expert fees and costs of these proceedings. Movers herein respectfully move for an award of twenty five percent of any and all claims made payable to Henry Michael Nunmaker, III individually or on behalf of

Nunmaker Yachts, Inc. not to exceed twenty five percent of the final claim amount of one million two-hundred ten thousand four hundred eighty six dollars calculated by movers and their experts on behalf of claimant, Nunmaker, plus all expert fees and associated costs.

    Respectfully submitted,

    DOUCET-SPEER, APLC
    617 St. John Street
    P.O. Drawer 4303
    Lafayette, LA 70501
    (337)232-0405

    s/ Jeffery F. Speer
    _____
    **JEFFERY F. SPEER (#19398)**
    LEAKE & ANDERSON, LLP
    600 Jefferson Street, Suite 603
    Lafayette, LA 70501

    s/ Patrick M. Wartelle
    _____
    **PATRICK M. WARTELLE (#14484)**

**PLEASE SERVE:**

PATRICK JUNEAU
Claims Administrator
Deepwater Horizon Economic Claims Center
P.O. Box 1439
Hammond, LA 70404-1439
Attention: Third Party Claims Documents
Via Email: thirdpartyclaims@dhecc.com

HENRY MICHAEL NUNMAKER, III
NUNMAKER YACHTS, INC.
Through their attorney of record
LEWIS S. KAHN
Kahn, Swick & Foti, LLC
206 Covington Street
Madisonville, LA 70447

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing pleading(s) has been served on all parties to this proceeding by placing same in the U.S. Mail, properly addressed and postage pre-paid on this 28th day of December, 2012.

s/ Jeffery F. Speer
_____
JEFFERY F. SPEER