**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL      No.      2179 |
| "DEEPWATER HORIZON" IN THE GULF | § | |
| OF MEXICO, ON APRIL 20, 2010 | § | SECTION: J |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| | § | |
| *Harley D. Allen, et al v* | § | |
| *BP America Production Company* | § | MAG JUDGE SHUSHAN |
| *12-2953* | § | |

**PLAINTIFFS', HARLEY D. ALLEN, ET AL**
**BRIEF IN SUPPORT OF MOTION TO REMAND**

COMES NOW, Plaintiffs in the above entitled action HARLEY D. ALLEN (BOOK ME A CHARTER); JAMES ALLEN; THOMAS BREWER, BUOI VAN CHAU; KEITH DONSANOUPHITH; ROBERT FORE; BRENT GRANDA (SHALLOW WATERS, II); PEDRO JIMINEZ; WILSON JOHNSON, JR.; HILTON J. LANDRY; JAMES MCNEIR, JR.; BRUCE MILLENDER (REEL TIME); WILLIAM MOSES; MICHAEL MURPHY; JOHN NORMAN; GREG POLLOCK; JOSEPH RENO; JOHN ROBIN; ANTHONY RICE; LEXIS SCHUBERT (GENESIS CHARTERS, INC.); and (HATTATUDE SPORTFISHING CHARTERS); JAMES G. STONE; and STEVE WILKINS (hereinafter referred to as "HARLEY D. ALLEN"), in the above entitled action and filing this Motion to Remand under 28 U.S.C. § 1447(c), and in support of which would respectfully show unto the Court as follows:

## I.  INTRODUCTION

1.      HARLEY D. ALLEN, ET AL brought suit against BP America Production Company, hereinafter referred to as "BP", Defendant in the 269th Judicial District Court of Harris County, Texas on April 19, 2012.  (See Exhibit "A" – Plaintiffs' Original Petition and Request for Disclosure).  On December 3, 2012, BP filed a "Notice of Removal to the United States District Court for the Southern District of Texas," where the action was pending.  (See Exhibit "B" – Notice of Removal of State Court Action).   The case was then sent to the Eastern District of Louisiana under CTO-67 – Tag Along Action (See Exhibit "C" – Notice  HARLEY D. ALLEN, ET AL intends to argue, among other things, the impropriety of the removal of this state-court claim to federal court.  HARLEY D. ALLEN, ET AL respectfully presents these arguments to this Court as well, and seeks costs, sanctions and attorney's fees against the BP Defendants for improper removal.

## II.  ARGUMENT

2.      The BP Defendants now attempt to deprive HARLEY D. ALLEN, ET AL of its choice of forum by manufacturing alleged federal questions from HARLEY D. ALLEN, ET AL's state-court petition, which brought solely state-law claims for breach of contract, fraud, negligent misrepresentation, promissory estoppel, estoppel, and quantum merit.  The BP Defendants defy the "well-pleaded-complaint rule" by reframing HARLEY D. ALLEN, ET AL's state-court claims as federal claims, when these federal claims are not apparent from the four corners of HARLEY D. ALLEN, ET AL's state-court petition.  OCSLA, splashed throughout the BP Defendants' Notice of Removal, has NOT been pled by HARLEY D. ALLEN, ET AL.  Nor does HARLEY D. ALLEN, ET AL complain of any action taken by either itself or the BP Defendants

in the waters of the Outer Continental Shelf, but instead describes its on-land dealings with the

BP Defendants and their agents that give rise to HARLEY D. ALLEN, ET AL's complaint.

Simply stated, Plaintiff have sued under recognized common law theories for remedies and

damages associated with breaches of various contracts for use of Plaintiff owned vessels in the

clean-up efforts from the oil spill.  These are claims that are not governed by the Oil Pollution

Act ("OPA") or any other federal law, nor do Plaintiffs rely on them.[1]  The Defendant is a Texas

resident, with principal place of business in Houston, Texas, wherein appropriate State Court

jurisdiction has previously been established.  Accordingly, HARLEY D. ALLEN, ET AL seeks

remand to state court for proper disposition of its claims, as well as sanctions against BP for

improper removal to federal court.

**A.  Any Doubt of Propriety of Removal Should Be Resolved in Favor of Remand**

3.        "Federal courts are of limited jurisdiction."  *Peoples Nat'l Bank v. Office of Comptroller*

*of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004).  The removal statute is to be

strictly construed, and "any doubt as to the propriety of removal should be resolved in favor of

remand."  *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). "[R]emoval raises significant

federalism concerns" because "the effect of removal is to deprive the state court of an action

properly before it."  *Id.*, quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-

66 (5th Cir. 1995).  Because its authority is limited, the court "must presume that a suit lies

outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the

party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The BP Defendants have not borne their burden of demonstrating that a federal question arises

---

[1] Even if the claims were brought under the Oil Pollution Act they would be proper in State Court, as the Act provides for concurrent jurisdiction with State Courts.  See 33 U.S.C. §1017(c)

from the face of HARLEY D. ALLEN, ET AL's State Court Petition; therefore, the removal is improper and this Court lacks subject-matter jurisdiction.

### B.  Removal Improper Under Well-Pleaded-Complaint Rule

4.      The "well-pleaded-complaint rule" requires that federal question jurisdiction arise from the allegations in the plaintiff's well-pleaded complaint, not the defendant's removal petition. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988). The BP Defendants allege that some or all of HARLEY D. ALLEN, ET AL's claims for breach of contract, fraud, negligent misrepresentation, promissory estoppel, estoppel, and quantum merit "arise out of, and have a connection with, operations by the BP Defendants that were conducted on the Outer Continental Shelf within the meaning of [OCSLA]."  Nowhere HARLEY D. ALLEN, ET AL's petition is any reference made to OCSLA, or except for the oil spill itself, any activity taken by the HARLEY D. ALLEN, ET AL or the BP Defendants on the Outer Continental Shelf.  The BP Defendants attempt to re-cast and re-frame HARLEY D. ALLEN, ET AL's causes of action under OCSLA simply because the oil spill occurred on the Outer Continental Shelf. This it cannot do. "[A] defense that relies on...the preemptive effect of a federal statute will not provide a basis for removal." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal citations omitted; interpreting "well-pleaded-complaint rule"). Therefore, the federal court lacks subject-matter jurisdiction. *See* 46 U.S.C. § 1447(c).

5.      The BP Defendants attempt to throw this case out to sea by invoking federal jurisdiction under OCSLA, but the facts remain here on *terra firma*.  Accordingly, the BP Defendants' wrongful assertion of the OCSLA is spurious, without any merit and deserving of the assessment of attorney's fees.

## IV.  COSTS, EXPENSES, AND ATTORNEY FEES

6.      The Court may award "just costs and any actual expenses, including attorney's fees" upon granting a plaintiff's motion to remand.  28 U.S.C. § 1447(c). "The standard for awarding attorney's fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The BP Defendants raise OCSLA, a statute that clearly does not apply, for the sole purpose of manufacturing federal-question jurisdiction. "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin*, 546 U.S. at 140.  Accordingly, HARLEY D. ALLEN, ET AL requests that the Court impose costs, expenses, and attorney's fees associated with opposing the removal and seeking a remand against the BP Defendants under 28 U.S.C. § 1447(c).

7.      HARLEY D. ALLEN, ET AL seeks reasonable attorney's fees and costs for the work associated with Defendant's improper removal of this case.

## V.  PRAYER

8.      Plaintiff respectfully asks this Court to grant this Motion; to remand this suit to the state court in which it was originally filed; and to award Plaintiff court costs, expenses, and attorney's fees.

Respectfully submitted,

**BRENT COON & ASSOCIATES**


By:     /s/ *Brent W. Coon*
        BRENT W. COON
        State Bar No. 04769750
        Federal Bar No. 9308
        215 Orleans
        Beaumont, TX 77701
        Telephone: 409-835-2666
        Facsimile: 409-835-1912

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading same to Lexis Nexis File and Serve Express in accordance with  Pretrial Order No. 12 and that the foregoing instrument was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send notice of electronic filing in accordance with the procedures established in the MDL 2170 on this the 31st day of December, 2012.


        /s/ *Brent W. Coon*
        BRENT W. COON