CAUSE NO. 2012 22886

| | | |
|---|---|---|
| HARLEY D. ALLEN (BOOK ME A CHARTER), JAMES ALLEN, THOMAS BREWER, BUOI VAN CHAU, KEITH DONSANOUPHITH, ROBERT FORE, BRENT GRANDA (SHALLOW WATERS, II), PEDRO JIMINEZ, WILSON JOHNSON, JR., HILTON J. LANDRY, JAMES MCNEIR, JR., BRUCE MILLENDER (REEL TIME), WILLIAM MOSES, MICHAEL MURPHY, JOHN NORMAN, GREG POLLOCK, JOSEPH RENO, JOHN ROBIN, ANTHONY RICE, LEXIS SCHUBERT (GENESIS CHARTERS, INC.) AND (HATTATUDE SPORTFISHING CHARTERS), JAMES G. STONE and STEVEN WILKINS | § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | |
| v. | § § § | HARRIS COUNTY, TEXAS |
| BP AMERICA PRODUCTION COMPANY | § § § | |
| *Defendant.* | § § | 269 JUDICIAL DISTRICT |

**FILED** Chris Daniel District Clerk

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HARLEY D. ALLEN (BOOK ME A CHARTER), JAMES ALLEN, THOMAS BREWER, BUOI VAN CHAU, KEITH DONSANOUPHITH, ROBERT FORE, BRENT GRANDA (SHALLOW WATERS, II), PEDRO JIMINEZ, WILSON JOHNSON, JR., HILTON J. LANDRY, JAMES MCNEIR, JR., BRUCE MILLENDER (REEL TIME), WILLIAM MOSES, MICHAEL MURPHY, JOHN NORMAN, GREG POLLOCK, JOSEPH RENO, ANTHONY RICE, JOHN ROBIN, LEXIS SCHUBERT (GENESIS CHARTERS, INC.) AND (HATTATUDE SPORTFISHING CHARTERS), JAMES G. STONE and STEVEN

WILKINS (collectively referred to as "Plaintiffs"), and file this, their Original Petition and Request for Disclosure complaining of BP AMERICA PRODUCTION COMPANY ("BP"), Defendant, and in support of which would respectfully show unto the Court as follows:

## I. DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and request that this Court issue an appropriate discovery control plan tailored to the circumstances of this suit.

## II. PARTIES

1. Plaintiff, Harley D. Allen ("Book Me a Charter") is a resident of Eastpoint, FL.

2. Plaintiff, James Allen ("Allen") is a resident of Apalachicola, FL.

3. Plaintiff, Thomas Brewer ("Brewer") is a resident of Pensacola, FL.

4. Plaintiff, Buoi Van Chau ("Chau") is a resident of Pensacola, FL.

5. Plaintiff, Keith Donsanouphith ("Donsanouphith") is a resident of Irvington, AL.

6. Plaintiff, Robert Fore ("Fore") is a resident of Grand Bay, AL.

7. Plaintiff, Brent Granda ("Shallow Waters II") is a resident of Jupiter, FL.

8. Plaintiff, Pedro Jiminez ("Jiminez") is a resident of Irvington, AL.

9. Plaintiff, Wilson Johnson, Jr. ("Johnson") is a resident of Coden, AL.

10. Plaintiff, Hilton J. Landry ("Landry") is a resident of Port St. Joe, FL.

11. Plaintiff, James McNeir, Jr. ("McNeir") is a resident of Mobile, AL.

12. Plaintiff, Bruce Millender ("Millender") is a resident of Eastpoint, FL.

13. Plaintiff, William Moses ("Moses") is a resident of Eastpoint, FL.

14. Plaintiff, Michael Murphy ("Murphy") is a resident of Gulfshores, AL.

15. Plaintiff, John Norman ("Norman") is a resident of Florence, AL.

16. Plaintiff, Greg Pollock ("Pollock") is a resident of Moss Point, MS.

17. Plaintiff, Joseph Reno ("Reno") is a resident of Hammond, LA.

18. Plaintiff, Anthony Rice ("Rice") is a resident of Irvington, AL.

19. Plaintiff, John Robin ("Robin") is a resident of Gretna, LA.

20. Plaintiff, Lexis Schubert ("Genesis Charters, Inc. and Hattatude Sortfishing Charters") is a resident of Davie, FL.

21. Plaintiff, James G. Stone ("Stone") is a resident of Pensacola, FL.

22. Plaintiff, Stephen Wilkens ("Wilkens") is a resident of Mobile, AL.

23. Defendant, BP America Production Company is a foreign corporation with its principal place of business in Harris County, Texas and may be served with process through its registered agent located at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

## III. VENUE

Venue for this suit is mandatory in Harris County under Texas Civil Practice & Remedies Code section 15.020(b) because this is a "major transaction" as defined by that section.

Furthermore, this county has been designated in writing as the county for suit. Specifically, the contracts designate Houston, Texas as one of only two choices of venue for any action connected with the contracts at issue.

Alternatively, general venue exists in Harris County under Civil Practice and Remedies Code section 15.002(a)(3) because it is the county of Defendant's principal office in Texas.

## IV. JURISDICTION

The contracts at issue contain a choice-of-law provision which dictates that general maritime law will apply to its terms.

Accordingly, jurisdiction is appropriate in the Courts of the State of Texas under the Savings to Suitors Clause, 28 U.S.C. § 1333, which permits Plaintiffs to file this action for damages under both state law and federal maritime law, and permits the state court to apply maritime substantive law. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959).

## V. BREACH OF CONTRACT

Plaintiffs, entered into contracts with BP to provide charter service to assist BP in location and clean up of oil spilled from the Macondo Well beginning April 20, 2010 and continuing for months thereafter. The contracts came in the form of identical agreements titled "Master Vessel Charter Agreement" and/or "Master Service Contract" (hereinafter referred to as "Vessel Agreements").

The Vessel Agreements executed by all of the following parties were related to BP's "Vessels of Opportunity" (hereinafter referred to as "VOO") program. The Vessels were chartered and utilized in connection with BP's VOO program. Each vessel was hired a daily rate based on the size of the vessel ranging from $1,200.00-$3,000 per 24 hour day. Additionally, each vessel was paid $200 per 8 hour day for each crewmember and reimbursement at cost plus 10% for any specialized equipment required by BP.

All of the Vessels were duly tendered to BP as provided in the Vessel Agreements. Daily charter hire was to be paid by BP to all Plaintiffs from time to time as provided in the Vessel Agreements.

Under Article 2(A) of the Vessel Agreements, the Vessels were:

(a) to be "employed exclusively" for BP's use as a vessel of opportunity in the carriage of personnel, equipment and provisions and in the performance of various tasks associated with oil spill responses and containment efforts as directed by BP;

(b) to be available and at BP's disposal "for operation twenty-four (24) hours per day"; and

(c) not to be used for any purpose other than performance of Services during the Charter Term.

The Vessel Agreements further provided under Article 1(A) that BP has the right to terminate the Vessel Agreement at any time, "as set out in Paragraph B of this Article 1."

Paragraph B of Article 1 states that the Vessels shall be redelivered to Plaintiffs at the close of each charter term to the original point of delivery, "as determined by off-hire dispatch notification."

Defendant BP has failed and/or refused to pay Plaintiffs pursuant to the contracts for charter of Plaintiffs' vessels.

Plaintiffs have suffered specific contractual damages as the proximate consequence of the breach of various contractual obligations owed to the Plaintiffs.

## VI. DAMAGES

Plaintiffs seek contractual damages within the jurisdictional limits of this Court.

Plaintiffs are further entitled to recover reasonable and necessary attorney's fees under Texas Civil Practice and Remedies Code chapter 38 because this is a suit for breach of contract.

## VII. JURY DEMAND

Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## VIII. CONDITIONS PRECEDENT

All conditions precedent to Plaintiffs' claims for relief has been performed or has occurred.

## IX. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant BP disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask that this Court issue citation for Defendant BP to appear and answer, and that Plaintiffs be awarded a judgment against Defendant for the following:

a. Actual damages;

b. Prejudgment and post judgment interest;

c. Court costs;

d. Attorney's fees; and

e. All other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**BRENT COON & ASSOCIATES**

*/s/ Brent Wayne Coon*
BRENT W. COON
Texas State Bar No. 04769750
ERIC W. NEWELL
Texas State Bar No. 24046521
215 Orleans
Beaumont, Texas 77701
Tel.:   (409) 835-2666
Fax:   (409) 835-1912

**ATTORNEYS FOR PLAINTIFFS**



| hcdc | **voo deep wate** | **HARRIS COUNTY DISTRICT CLERK** | **$290.00** | **04/19/12** | **2417** |
|---|---|---|---|---|---|
| | voo deep water | HARRIS COUNTY DISTRICT CLERK | $290.00 | | |
| | 800003 | LEGAL SERVICES | | | |
| | firm | FIRM TRANSACTIONS | | | |
| | 1 | FIRM TRANSACTIONS | | | |
| | 992000 | BMT-LITIGATION | | | |
| | P O Number | | | | |

2012 22886