USDC EDLA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED      DEC 12 2012

LORETTA G. WHYTE
        CLERK
```

HOLT HUDSON, JOHN HUDSON, ET AL,
individually, and on behalf of others similarly situated,

      Plaintiffs,

v.

TRANSOCEAN, LTD., BP, PLC,
TRANSOCEAN, LTD,
(TRANSOCEAN ENTITY),
TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC.,
(TRANSOCEAN ENTITY),
TRANSOCEAN DEEPWATER,
INC, (TRANSOCEAN ENTITY),
BP PRODUCTS NORTH
AMERICA, INC. BP AMERICA,
INC;
CAMERON INTERNATIONAL
CORPORATION and,
HALIBURTON ENERGY
SERVICES, INC.,

      Defendants.

Civil Action File No.

3:12CV530/MCR/CJK

MDL 2179

12-2768

## AMENDED CLASS ACTION COMPLAINT

COMES NOW the Plaintiffs, Holt Hudson, et al, (hereinafter sometimes

referred to as "Plaintiffs"), individually, and on behalf of all others similarly situated.

Holt Hudson, et al is a person of the full age of majority and resident of the United

States, Destin, Florida. They respectfully represent as follows:

1. Defendants herein are:

(A) BP, PLC, BP AMERICA, INC. and BP PRODUCTS NORTH AMERICA, INC. hereinafter referred to collectively as "BP", are foreign corporations doing business in this the Gulf of Mexico.

Defendant BP AMERICA, INC. is an Illinois corporation licensed to do business in the State of Florida and may be served through their registered agent of service, to wit: Leslie N. Reizes, attorney, Reizes Law Firm, 1200 S. Federal Hwy, Boynton Beach, Florida 33435

Defendant BP PRODUCTS NORTH AMERICA, INC. is an Illinois corporation licensed to do business in the State of Florida and may be served through their registered agent of service, to wit: Reizes law Firm, 1200 S. Federal Hwy., Boynton Beach, Fl. 33435.

(B) TRANSOCEAN, LTD, (TRANSOCEAN ENTITY), a foreign corporation doing business in this country, including the Gulf of Mexico and may be served through their registered agent of service, to wit: Capital Services, Inc., 615 South Dupont Highway, Dover, Delaware 19901.

(C) TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN ENTITY), a foreign corporation doing business in this country, including the Gulf of Mexico and may be served through their registered agent of service, to wit: Capital Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

(D) TRANSOCEAN DEEPWATER, INC., (TRANSOCEAN ENTITY), a foreign corporation doing business in this country, including the Gulf of Mexico and may be served through their registered agent of service, to wit: Capital Services, Inc., 615 South Dupont Highway, Dover, Delaware 19901.

2

(E)    HALLIBURTON ENERGY SERVICES, INC., hereinafter referred to as "Haliburton", a foreign corporation doing business in this country, including the Gulf of Mexico and may be served through their registered agent of service, to wit: c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

(F)CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION (CAMERON), a foreign corporation that manufactured, supplied and/or maintained defective and/or inoperable Blow Out Preventers (BOP) and may be served through their registered agent of service, to wit: c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

2. This court has jurisdiction over this class action pursuant to (1) 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is a class action brought by the citizens of a state that is different from the state where at least one of the Defendants is Incorporated or does business; (2) 28 U.S.C. § 1331, because the claims asserted here in arise under the laws of the United States of America.

3. Plaintiffs, Holt Hudson, et al are land owners who own Gulf front properties on the Florida Gulf Coast.

4. The Defendants, are justly and truly indebted unto your Plaintiffs, individually, and on behalf of all others similarly situated, for the following reason, to-wit:

5. At all material times, Plaintiffs are landowners who own Gulf front properties in Florida on the Gulf of Mexico. Plaintiffs seek to act as Class

Representative for all Florida resident property owners with waterfront property or property in the immediate vicinity of the waterfront on the Gulf of Mexico which value has been diminished by the acts of the defendants,
nd/or who have lost rental income, and/or who lost the use and enjoyment of their property and/or have suffered other economic and/or compensatory damages.

6. TRANSOCEAN ENTITIES, employed workers aboard the offshore drilling vessel, DEEPWATER HORIZON, a semi-submersible mobile drilling unit that was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS and/or BP AMERICA at all material times herein. Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion. Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion. Defendant CAMERON manufactured, supplied, installed and/or maintained defective BOP's that failed to operate and control the oil leak.

7. On or about April 20, 2010 at approximately 10 p.m., on the DEEPWATER HORIZON, which is located 50 miles southeast of Venice, Louisiana, without warning and all of a sudden, an explosion occurred on the vessel, causing its crewmembers to be thrown overboard and killing several crewmembers aboard the vessel.

8. The accident was caused by no fault of the Plaintiffs and was caused solely by the negligence of Defendants as more fully set forth herein. Since the

time of the accident a remotely operated vehicle continues to carry out "multiple attempts" to activate the subsea blowout preventer to stop the well from leaking by estimates thousand barrels of crude per day into the Gulf To date the attempts to shut off the well by use of the subsea blowout preventer have been unsuccessful.

4

9.  Plaintiffs further maintain that Defendants were negligent in responding to disaster, particularly with respect to downplaying the nature, size and extent of the leak and failing to employ adequate responders and/or equipment in field to control the oil slick.

10. As a result of the above described incidents, waterfront property (along with other natural resources) has been harmed to the extent that Plaintiffs, Holt Hudson, et al and all others similarly situated have experienced a diminution in value, loss of rental income, loss of use and enjoyment of property and other economic damages and compensatory damages.

11. At all times material hereto, the vessel which exploded, was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by Defendant, TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS.

12. This incident occurred as a result of the negligence of Defendants, TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS. These acts of negligence render the defendants liable to Plaintiffs pursuant to the provisions of general maritime law for negligence.

13. The explosion was caused by Defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard including the requirement to test the subsea blowout preventer every two weeks.

14. Defendant BP, BP PRODUCTS and BP AMERICA, INC. knew of the dangers of deep water drilling and failed to take appropriate measures to protect workers, land owners such as the Plaintiffs and the environment.

15. Plaintiffs, John Faris and Faris Properties, LLC, II, individually, and on behalf of all others similarly situated, demand that Defendant, TRANSOCEAN, provide the cost of cleanup

5

## CLASS ACTION ALLEGATIONS

a. Numerosity of the class

16. The proposed class is so numerous that joinder is impractical. The disposition of the claims asserted herein through this class action that will be more efficient and will benefit the parties and the court.

b. Predominance of Common Questions of Fact and Law

17. There is a well-defined community of interest in that the questions of law and fact common to the class predominate over questions affecting only individual Class members and include, but are not limited to, the following:

A. Whether Defendants caused and/or contributed to the explosion and oil spill;

B. Whether Defendants' actions were negligent;

C. Whether or not the explosion and oil spill have caused environmental or other damage; and,

D. The amount of damages Plaintiffs and the Class members should receive in

compensation.

c. Typicality

18. Plaintiffs and Class Members have suffered similar harm as a result of Defendants'

actions.

d. Adequacy of Representation

19. Plaintiffs will fairly and adequately represent and protect the interest of the members of the class because his interests do not conflict with the interests of the Class Members they

6

seek to represent. Plaintiffs have no claim antagonistic to those of the class. Plaintiffs plan at moment to proceed pro se until further notice.

e. Superiority

20. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to this court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments and the prospect of a race for the courthouse and an equitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendants' conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

21. The various claims asserted in the action are certifiable under the provisions of Rule 23 (b)(1) and/or 23(b)(2) of the Federal Rules of Civil Procedure because:

a. The prosecution of separate actions by thousands of individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class member, loss of establishing incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would also create the risk of adjudications with respect to them that would, a practical

matter, be dispositive of the interests of the other Class Members who are not parties to such adjudications and would substantially impair or impede their ability to protect their interests; and,

7

c. Defendants have acted or refused to act on grounds generally applicable to the entire Class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole appropriate.

22. The above-described incidents were caused solely by the negligence of Defendants, TRANSOCEAN ENTITES and/or BP and/or BP PRODUCTS and HALIBURTON, through their agents, servants and employees, which are more particularly described as follows:

a. Failing to properly operate the Deepwater Horizon;

b. Failing to properly supervise employees upon the Deepwater Horizon;

c. Failing to properly train and/or supervise agents and employees upon the Deepwater Horizon;

d. Failing to properly inspect to assure that the Deepwater Horizon equipment and personnel were fit and utilized for their intended purpose;

e. Failing to provide sufficient personnel to perform operations aboard the Deepwater Horizon;

f. Failing to exercise due care and caution in the operation of the Deepwater Horizon;

g. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon day wore operating and constructing at the time of the explosion;

    h. Inadequate and negligent training and hiring in the

construction and maintenance and operation of the Deepwater

Horizon;

    i. Failing to ascertain that the Deepwater Horizon was free from defects

and/or in proper working order;

**8**

j. Failure to timely bring the release under control;

k. Failure to react to danger signs; and, such other acts of negligence and omissions as will be shown at the trial of this matter;

l. Other acts of negligence which will be shown more fully at trial.

23. In the further alternative, Plaintiffs, reiterating and re-alleging each and every allegation set forth above, as though set forth herein in extensor, avers the applicability of the doctrine of *res ipsa loquitur*.

24. In addition, and any alternative, any explosion and resulting oil released was caused by defective equipment which was in the care, custody, and control of Defendants. Defendants knew or should have known of these defects and Defendants are, therefore, liable for them.

25. The damages to Plaintiffs and the Class Members were also caused by or aggravated by the fact that Defendants failed to properly respond to the release and take necessary actions to mitigate the danger surrounding community and/or to timely and adequately warn of the release of oil.

26. In addition to the negligent and/or wanton actions described above, and in the alternative thereto the injuries and damages suffered by Plaintiffs and the Class Members were caused by the acts and/or omissions of the Defendants that are beyond proof by the Plaintiffs and the Class Members, but which are within the knowledge and control of the Defendants, there being no other possible conclusion that the explosion and release of oil resulted from the negligence of Defendants. Furthermore, the explosion and the resultant oil released would not have occurred had the Defendants exercise the high degree of care and post on them and Plaintiffs, therefore, plead the doctrine of the *res ipsa loquitor*.

27. Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants' negligence and/or wantoness and awarding Plaintiffs and the Class Members adequate compensation therefore in amounts determined by the trier of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Holt Hudson, et al, individually, and on behalf of all others similarly situated, pray that the Defendants, jointly, severally, as follows:

a. An order certifying the class for the purpose of the going forward with any one or all of the causes of action alleged herein; appointing Plaintiffs as the class representative; and appointing undersigned counsel as counsel for the class;

b. Economic and compensatory damages in the amounts to be determined at trial, but not less than the $5,000,000.00 required by the Class Action Fairness Act which establishes the Court's jurisdiction to hear this case.

c. Punitive damages;

d. Pre-judgment and post judgment interest at the maximum rate allowable by law;

e. Attorney's fees and costs of litigation;

f. Such other and further relief available under all applicable state and federal laws and

any relief the court deems just and appropriate, specifically the Oil Pollution Act of 1990 (33 U.S.C. 2701, et seq); and

g. A trial by jury as to all Defendants.

Respectfully submitted,


Holt Hudson, Pro Se


1010 Highway 98, Unit 301        181 Brook Forest Drive
Destin, FL 32541                 Dallas, GA  30157
770-597-3000
Email: HoltHudson@gmail.com


John Hudson, Pro Se


4299 Millhouse Lane
Norcross, GA  30092
770-365-8860
Email: johnhudson83@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HOLT HUDSON, JOHN HUDSON, LOUIS BROWN, ET AL,
individually, and on behalf of others similarly situated,

      Plaintiffs,

v.

TRANSOCEAN, LTD., BP, PLC, TRANSOCEAN, LTD, (TRANSOCEAN ENTITY),
TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN
ENTITY), TRANSOCEAN DEEPWATER, INC, (TRANSOCEAN ENTITY), BP
PRODUCTS NORTH AMERICA, INC. BP AMERICA, INC;
CAMERON INTERNATIONAL CORPORATION and, HALIBURTON ENERGY
SERVICES, INC.,

      Defendants. Civil Action File

## VERIFICATION

      PERSONALLY APPEARED before the undersigned officer duly authorized by law
to administer oaths, Holt Hudson., who, after being duly sworn, states and deposes that the
facts contained in the foregoing CLASS ACTION FOR DAMAGES, to the best of his/her
knowledge and belief, are true.

      This 3 / day of ___O c To β 6 R___, 2012.

_____
Holt Hudson

Sworn to and subscribed before me this
_3 1_ day of __O c t__, 2012.

_Judith K. Weaver_

JUDITH K. WEAVER
NOTARY PUBLIC
DeKALB COUNTY
STATE OF GEORGIA
My Commission Expires Mar. 31, 2013

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


HOLT HUDSON, JOHN HUDSON, LOUIS BROWN, ET AL,
individually, and on behalf of others similarly situated,

      Plaintiffs,

v.

TRANSOCEAN, LTD., BP, PLC, TRANSOCEAN, LTD, (TRANSOCEAN ENTITY),
TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN
ENTITY), TRANSOCEAN DEEPWATER, INC, (TRANSOCEAN ENTITY), BP
PRODUCTS NORTH AMERICA, INC. BP AMERICA, INC;
CAMERON INTERNATIONAL CORPORATION and, HALIBURTON ENERGY
SERVICES, INC.,

      Defendants. Civil Action File

## VERIFICATION

      PERSONALLY APPEARED before the undersigned officer duly authorized by law

to administer oaths, John Hudson., who, after being duly sworn, states and deposes that the

facts contained in the foregoing CLASS ACTION FOR DAMAGES, to the best of his/her

knowledge and belief, are true.

      This _31_ day of _Oct_____, 2012.

                                               John Hudson

Sworn to and subscribed before me this
_31_ day of _Oct_____, 2012.

JUDITH K. WEAVER
NOTARY PUBLIC
DeKALB COUNTY
STATE OF GEORGIA
My Commission Expires Mar. 31, 2013

When we called the clerk in Pensacola we were advised that since this lawsuit was transferred she didn't think we should amend anything until we heard from the Judge in Louisiana. We have been waiting to hear. In concern for caution, we wanted to answer.

Holt Hudson

TENDERED FOR FILING

DEC 12 2012

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

11/17/2012  17:48    7784466423              HOLT1HUDSON                    PAGE  01

Case MDL No. 2179   Document 1171   Filed 11/15/12   Page 1 of 2

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: OIL SPILL BY THE OIL RIG
DEEPWATER HORIZON IN THE GULF OF
MEXICO, ON APRIL 20, 2010**                                    MDL No. 2179

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO –66)

On August 10, 2010, the Panel transferred 44 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* 731 F.Supp.2d 1352 (J.P.M.L. 2010). Since that time, 349 additional action(s) have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Carl J Barbier.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Barbier.

Pursuant to Rule 7.1 of the <u>Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation</u>, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the Eastern District of Louisiana for the reasons stated in the order of August 10, 2010, and, with the consent of that court, assigned to the Honorable Carl J Barbier.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

**Nov 15, 2012**

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

JS 44 (Rev. 2/08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Holt Hudson, et al

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Holt Hudson, pro se, et al, 1010 Hwy 98 E, Unit 301, Destin, Fl. 32541

678  383  3957 or cell 770 597-3000

Mailing - 181 Brookforest Dr, Dallas, GA 30157

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE
☑ OKALOOSA COUNTY ☐ HIGHLANDS

### DEFENDANTS

BP America , Inc., Transocean, Ltd., Transocean Offshore
Deepwater Drilling, Inc. Cameron International

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
  Plaintiff

☐ 3 Federal Question
  (U.S. Government Not a Party)

☐ 2 U.S. Government
  Defendant

☑ 4 Diversity
  (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☑ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☑ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO

JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Class Action- Damages from Horizon Oil Spill    28 USC 1332(d)(2)

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD    Holt H Hudson , Pro se

DATE    10-31- 2012

FOR OFFICE USE ONLY

AMOUNT _____  RECEIPT # _____  IFP _____

Holt H. Hudson
181 Brook Forest Drive
Dallas, GA  30157

First Class

U.S. District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130