

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG, *
*DEEPWATER HORIZON*, IN THE *
GULF OF MEXICO, ON APRIL 20, 2010; * MDL NO. 2179
* SECTION: J
THIS DOCUMENT RELATES TO: *
* Honorable Carl J. Barbier
CASE ACTION NUMBER: 2:11-CV-03180 * Magistrate Judge Shushan

### PARTY RESPONSE IN OPPOSITION TO
### MOTION FOR LEAVE TO FILE COMPLAINT IN INTERVENTION

COMES NOW, Robert Stanley and Betsy Stanley, d/b/a S & S Oyster House and/ or S & S Seafood, pro se, (hereinafter referred to as the "party"), in the above-styled cause of action, and responds in opposition to the Motion for Leave to File Complaint in Intervention. In support of and as grounds for said Response in Opposition, the party sets forth the following, separately and severally, to-wit:

1. The party vehemently disputes any potential claims to compensation that the movant may assert in any Complaint for Intervention.

2. The party would contend that the movant has failed to establish that a valid lien, perfected by judgement exists against the party and asserts on a base claim of compensation.

3. The party asked on several occasions that itemized statements of time, documentation of pleadings filed, and any other related evidence of the movant's work be provided and the party would compensate the movant in conformity with the original contract of representation.

4. The contract for representation is attached hereto and states that at "no time shall Client be responsible for Attorneys' costs".

5. The contract for representation further states that, "if the Attorneys are terminated without good cause or the Attorneys have substantially performed at the time of their discharge".

6. There has been no judicial or decreed interpretation that the Attorneys substantially performed nor did the Attorneys get fired without good cause.

7. In fact, the Attorneys merely seek to circumvent all of the required steps to obtain a judgement against the party or declaration of rights, and move straight to the head of the line and receive what the Attorneys contend is their just compensation.

8. Attorneys made several representations that the party would receive a large settlement and that it would happen on a certain time table.

9. Attorneys failed to ever obtain compensation for the party and further failed to ever maintain any time table promised nor any guarantee made to the party.

10. The party feels taken advantage of and preyed upon by the Attorneys and sincerely hopes that this Honorable Court will not allow such behavior by officers of the Court.

11. The party would respectfully ask that this Honorable Court deny the Motion for Leave to File Complaint in Intervention, and require, at a minimum, the Attorneys to follow proper judicial rules of civil procedure to obtain a judgement, if the Attorneys so choose, and pursue the Attorneys' remedy, with proper notice and issue, and not with guerrilla tactics.

WHEREFORE, THE FOREGOING PREMISES CONSIDERED, the party prays that this Honorable Court will deny the relief sought by the Attorneys to intervene, and for such other, further, and different relief as the party may be entitled.

_____
ROBERT STANLEY
Party

_____
BETSY STANLEY
Party

STATE OF ALABAMA

COUNTY OF MOBILE

SWORN TO AND SUBSCRIBED before me, on this 7 day of December, 2012,

_____
NOTARY PUBLIC

My Commission Expires: February 27, 2016

## CERTIFICATE OF SERVICE

I hereby certify that I have served all parties to this cause of action by first class mailed, USPS, prepaid, on the 7th day of December, 2012.

_____
ROBERT STANLEY
Party


_____
BETSY STANLEY
Party

Claim No. _____ (Alabama)        Claim Type: _____

VoO:  Y or  N

# CONTINGENT FEE AGREEMENT

THIS AGREEMENT is entered into on this ____ day of _____, 20__, by and between the law firms of Faegre & Benson LLP and Langston & Lott, P.A., hereinafter collectively referred to as "Attorneys", and _____, hereinafter referred to as "Client".

NOW, THEREFORE, in consideration of the covenants and conditions herein contained, it is agreed:

Client employs Attorneys to represent Client as his/her/its Attorneys at Law regarding the following matter:

**Claims against BP and other responsible parties arising from the Deepwater Horizon Oil Spill and Vessels of Opportunity Program**

Client understands and agrees that Attorneys' representation of Client includes both the preparation and pursuit of Client's claim for payment from the Gulf Coast Claims Facility ("GCCF") and lawsuits to be filed in connection with the multidistrict litigation venued in New Orleans. Client understands and agrees that both Faegre & Benson LLP and Langston & Lott, P.A. will actively participate in and share joint responsibility for the representation of Client.

Attorneys are authorized to investigate, prepare, submit, pursue, and negotiate settlement of Client's claim, but it is distinctly understood that no settlement shall be made by the Attorneys without Client's approval. Client agrees to make no settlement or offer of settlement of its claim without the consent of Attorneys.

Of any recovery obtained as a result of Client's claim, Client agrees to pay Attorneys as follows:

~~Eighteen percent (18%) of the value of all recoveries obtained from GCCF; or~~

~~Twenty-five percent (25%) of the value of all recoveries obtained as a result of the lawsuits.~~

Said percentages shall be determined from the amount of money recovered or in the event no money is had by Client and other recovery is made, or that some money recovery is had by Client in combination with some other recovery, then said percentage shall be determined by the value of said recovery and money, if any.

Client shall not be required to pay the out of pocket costs incurred by Attorneys in the pursuit of Client's claim. Attorneys may seek costs they incurred. ~~In no event shall Client be responsible for Attorneys' costs.~~

Page 1 of 3

Client agrees that all recoveries on Client's claim may be delivered to Attorneys, who shall promptly pay to Client the portion of said recovery to which Client is entitled, after determination and deduction of fees to which Attorneys are entitled.

Client may terminate Attorneys' employment or Attorneys may withdraw from Client's representation as provided by the Code of Professional Responsibility. In the event of such termination or withdrawal, Attorneys shall be entitled to payment for the fair value of services rendered, but in no event less than attorneys' fees measured by hours worked multiplied by Attorneys' applicable standard hourly rates, plus all out of pocket costs incurred as of termination or withdrawal. However, if Attorneys are terminated without good cause and/or have fully or substantially performed at the time of their discharge, with an award in favor of the Client at that time or shortly thereafter, recovery of the full contingency fee will be allowed.

IN WITNESS WHEREOF, Attorneys and Clients have executed this Agreement as of the date above-written.

_____
Client

_____
Address

_____

_____
Telephone #

_____
SSN # or Tax Id. #

_____
Faegre & Benson LLP
Langston & Lott, P.A.

fb.us.7696726.01

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG, *<br>*DEEPWATER HORIZON*, IN THE *<br>GULF OF MEXICO, ON APRIL 20, 2010; *<br>*<br>THIS DOCUMENT RELATES TO: *<br>*<br>CASE ACTION NUMBER: 2:11-CV-03180 * | MDL NO. 2179<br>SECTION: J<br><br>Honorable Carl J. Barbier<br>Magistrate Judge Shushan |

### MOTION TO DISMISS COMPLAINT IN INTERVENTION

COMES NOW, Robert Stanley and Betsy Stanley, d/b/a S & S Oyster House and/or S & S Seafood, pro se, (hereinafter referred to as the "party"), in the above-styled cause of action, and respectfully requests that the Complaint in Intervention be dismissed, in whole, setting forth the following, separately and severally, to-wit:

1. The party adopts and incorporates its response in opposition to the Motion for Leave to File a Complaint in Intervention.

2. The Attorneys are seeking to circumvent notice and opportunity rules of civil procedure by attempting to move to the head of the line, without first filing a lien and perfecting said lien with a judgement, obtained in a proper court of competent jurisdiction, after a trial on the merits.

3. The party has no knowledge, documentation, nor any tangible item to show that Attorneys followed the protocol of obtaining a proper remedy.

4. The Attorneys are engaging in activities meant to circumvent the proper judicial process, without allowing the party to properly defend itself against allegations pertaining to the original contract for legal representation.

5. As officers of the Court, party cannot believe that the Attorneys would engage in such behavior before this tribunal.

6. The party asks that this Motion to Dismiss not be considered an answer to the Complaint, but be limited to a Motion to Dismiss, for failure to file in a the proper forum and seek the proper remedy, further failing to allege claims upon which relief may be granted by this tribunal.

WHEREFORE, THE FOREGOING PREMISES CONSIDERED, the party prays that this Honorable Court will deny the relief sought by the Attorneys to intervene, dismissing the Attorneys claims in whole, and for such other, further, and different relief as the party may be entitled.

_____
ROBERT STANLEY
Party

_____
BETSY STANLEY
Party

STATE OF ALABAMA

COUNTY OF MOBILE

SWORN TO AND SUBSCRIBED before me, on this __7__ day of __December__, 2012,

_____
NOTARY PUBLIC

My Commission Expires: February 27, 2016

Case 2:10-md-02179-CJB-DPC   Document 8159   Filed 01/02/13   Page 9 of 12

## CERTIFICATE OF SERVICE

    I hereby certify that I have served all parties to this cause of action by first class mailed, USPS, prepaid, on the 7th day of December, 2012.

_____
ROBERT STANLEY
Party


_____
BETSY STANLEY
Party

Claim No. _____ (Alabama)        Claim Type: _____

VoO: Y or N

## CONTINGENT FEE AGREEMENT

THIS AGREEMENT is entered into on this ____ day of _____, 20__, by and between the law firms of Faegre & Benson LLP and Langston & Lott, P.A., hereinafter collectively referred to as "Attorneys", and _____, hereinafter referred to as "Client".

NOW, THEREFORE, in consideration of the covenants and conditions herein contained, it is agreed:

Client employs Attorneys to represent Client as his/her/its Attorneys at Law regarding the following matter:

### Claims against BP and other responsible parties arising from the Deepwater Horizon Oil Spill and Vessels of Opportunity Program

Client understands and agrees that Attorneys' representation of Client includes both the preparation and pursuit of Client's claim for payment from the Gulf Coast Claims Facility ("GCCF") and lawsuits to be filed in connection with the multidistrict litigation venued in New Orleans. Client understands and agrees that both Faegre & Benson LLP and Langston & Lott, P.A. will actively participate in and share joint responsibility for the representation of Client.

Attorneys are authorized to investigate, prepare, submit, pursue, and negotiate settlement of Client's claim, but it is distinctly understood that no settlement shall be made by the Attorneys without Client's approval. Client agrees to make no settlement or offer of settlement of its claim without the consent of Attorneys.

Of any recovery obtained as a result of Client's claim, Client agrees to pay Attorneys as follows:

Eighteen percent (18%) of the value of all recoveries obtained from GCCF; or

Twenty-five percent (25%) of the value of all recoveries obtained as a result of the lawsuits.

Said percentages shall be determined from the amount of money recovered or in the event no money is had by Client and other recovery is made, or that some money recovery is had by Client in combination with some other recovery, then said percentage shall be determined by the value of said recovery and money, if any.

Client shall not be required to pay the out of pocket costs incurred by Attorneys in the pursuit of Client's claim. Attorneys may seek costs they incurred. In no event shall Client be responsible for Attorneys' costs.

Client agrees that all recoveries on Client's claim may be delivered to Attorneys, who shall promptly pay to Client the portion of said recovery to which Client is entitled, after determination and deduction of fees to which Attorneys are entitled.

Client may terminate Attorneys' employment or Attorneys may withdraw from Client's representation as provided by the Code of Professional Responsibility. In the event of such termination or withdrawal, Attorneys shall be entitled to payment for the fair value of services rendered, but in no event less than attorneys' fees measured by hours worked multiplied by Attorneys' applicable standard hourly rates, plus all out of pocket costs incurred as of termination or withdrawal. However, if Attorneys are terminated without good cause and/or have fully or substantially performed at the time of their discharge, with an award in favor of the Client at that time or shortly thereafter, recovery of the full contingency fee will be allowed.

IN WITNESS WHEREOF, Attorneys and Clients have executed this Agreement as of the date above-written.

_____
Client

_____
Address

_____

_____
Telephone #

_____
SSN # or Tax Id. #

_____
Faegre & Benson LLP
Langston & Lott, P.A.

fb.us.7696726.01

9115 Argyle Rd.
Irvington, AL 36544




U.S. POSTAGE PAID
GRAND BAY, AL
36541
DEC 07, 12
AMOUNT $6.60
0006 2053-04

70130
1000

CERTIFIED MAIL

7011 1570 0003 4697 0124

Honorable Carl J. Barbier
Magistrate Judge Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-256
New Orleans, Louisiana 70130