# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Monterrey, Mexico, October 29, 2012

To Whom It May Concern:

On or about early June 2012, Mr. Enrique G. Serna, Esq., from Serna and Associates PLLC, in San Antonio, Texas, requested that I provide my expert legal opinion on some matters concerning the Proprietary Interest Rights of the States of Tamaulipas, Veracruz and Quintana Roo, Republic of Mexico.

To answer these questions I have prepared the following report that contains my legal conclusions and opinions based on my education, training, experience, and qalifications:

I.   INTRODUCTION ........................................................................................................ 7

II.   CREDENTIALS ...................................................................................................... 11

III.   ON THE ISSUE REFERRED TO THE RIGHTFUL HOLDER OF THE PROPRIETARY INTEREST ON MEXICAN SEAWATERS, COASTAL AREAS AND ISLANDS IN MEXICAN TERRITORY ........................................................................................................... 17
   A.   CONSTITUTIONAL PRINCIPLES AND AUTHORITIES ON CONCURRENT POWERS BETWEEN THE STATES AND THE FEDERATION ............................................................................................. 26

IV.   ON THE ISSUE REFERRING TO THE RIGHTFUL HOLDER OF THE PROPRIETARY INTEREST ON MEXICAN MARITIME FLORA AND FAUNA .................................................. 29
   A.   THE GENERAL STATUTE ON WILD LIFE (LEY GENERAL DE VIDA SILVESTRE) .......................... 30
   B.   THE GENERAL STATUTE ON SUSTAINABLE FISHERIES AND AQUACULTURE (LEY GENERAL DE PESCA Y ACUACULTURA SUSTENTABLES) ............................................................................ 30
   C.   THE FEDERAL STATUTE OF THE SEA (LEY FEDERAL DEL MAR) .................................... 33

V.   ON THE ISSUE OF THE RIGHTS AND JURISDICTION THAT THE MEXICAN STATES OF TAMAULIPAS, VERACRUZ AND QUINTANA ROO DO HAVE WITH RESPECT TO MEXICAN SEAWATERS, COASTAL SEASHORE AND ISLANDS IN THE MEXICAN TERRITORY .......................................................................................................... 34
   A.   THE MEXICAN CONSTITUTION AND THE STATE CONSTITUTIONS ON STATE RIGHTS ............. 36

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**
# www.gabuardi.com

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*1.    Presidential Decree ordering that the Laguna Madre and Delta of the Rio Bravo, shall be considered as a protected natural area with the category of area for the protection of flora and fauna*.............................................................................38
*2.    Administrative Agreements de-incorporating land under the federal domain of the federation for the benefit of private individuals and corporations*..............................43
   a)    Administrative Agreements de-incorporating land under the federal domain of the federation for the benefit of private individuals and corporations in the State of Tamaulipas...............................43
      (1)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................43
      (2)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................45
      (3)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................47
      (4)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................49
      (5)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................51
      (6)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................52
      (7)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................54
      (8)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................56
   b)    Administrative Agreements de-incorporating land under the federal domain of the federation for the benefit of private individuals and corporations in the State of Veracruz ....................................58
      (1)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................58
      (2)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................60
      (3)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................62
      (4)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................63
      (5)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................65
      (6)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................67
      (7)    Grant authorizing the use and exploitation of a maritime zone included in the assets in the federal domain of the federation for the construction and operation of a marina....................69
      (8)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................72
   c)    Administrative Agreements de-incorporating land under the federal domain of the federation for the benefit of private individuals and corporations in the State of Quintana Roo ...........................74
      (1)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price .....................................................74
      (2)    Administrative Agreement de-incorporated from the public domain of the federation land reclaimed from the sea and existing works, authorizing its sale for a price ..............................76
      (3)    Administrative Agreement de-incorporated from the public domain of the federation land reclaimed from the Lagoon of Nichupté, authorizing its sale for a price....................................78

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

(4)    Administrative Agreement de-incorporated from the public domain of the federation land reclaimed from the Lagoon, authorizing its sale for a price ............................................. 80

3.    *The territory of the States of Tamaulipas, Veracruz and Quintana Roo in terms of their own constitutions* ............................................................................................................... 82

   a)    State Constitution of Tamaulipas ........................................................................................... 82
   b)    State Constitution of Veracruz ................................................................................................ 83
   c)    State Constitution of Quintana Roo ...................................................................................... 84

B.    CONCURRENT (COINCIDENTAL ) RIGHTS AND JURISDICTION GRANTED TO THE STATES OF TAMAULIPAS, VERACRUZ AND QUINTANA ROO BY THE MEXICAN CONSTITUTION, BY THEIR RESPECTIVE STATE CONSTITUTIONS, BY FEDERAL OR STATE LEGISLATION, AND BY MEANS OF COORDINATION AGREEMENTS ENTERED INTO BETWEEN THE FEDERAL GOVERNMENT AND SUCH STATES AND/OR THE MUNICIPALITIES THEREIN, OR RESULTING FROM ADMINISTRATIVE AGREEMENTS ISSUED BY THE NATIONAL EXECUTIVE BRANCH OF GOVERNMENT, BY COORDINATION AGREEMENTS ENTERED INTO BETWEEN THE MEXICAN GOVERNMENT, THE STATE GOVERNMENTS, AND THE MUNICIPALITIES THERETO .................................................. 85

1.    *Administrative Agreements* ........................................................................................... 92

   a)    Administrative Agreements concerning the State of Tamaulipas ..................................... 92
      (1)    Administrative Agreement by means of which the Mexican Government granted for the benefit of the State of Tamaulipas, a total area of 801,408.83 m2, made out of 684,366.65 m2 of federal land zone (*zona federal marítimo terrestre*) and 117,042.18 m2 of land reclaimed from the sea (*terrenos ganados al mar*) located in the State of Tamaulipas .................................... 92
   b)    Administrative Agreements concerning the State of Quintana Roo ................................. 96
      (1)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Benito Juárez an area of federal land zone to be dedicated as Public Beach ...................................... 96
      (2)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment .............................................................................................................................. 99
      (3)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which an area of federal land zone and land reclaimed from the sea is assigned to the Municipality of Isla Mujeres to be dedicated to the protection of sea turtles ........................................................................ 103
      (4)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment .............................................................................................................................. 106
      (5)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach ...................................... 109
      (6)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment .............................................................................................................................. 113
      (7)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966 & +52 (81) 8358-2898**

# www.gabuardi.com

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment ................................................................................................................ 116
(8)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Tuluim an area of federal land zone to be used for protection ................................................ 119
(9)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach.......................................... 123
(10)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment ................................................................................................................ 126
(11)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment ................................................................................................................ 129
(12)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection: maintenance of surface conditions ................................................................................................................................ 133
(13)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection ...................................... 136
(14)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Cozumel an area of federal land zone to be dedicated as Public Beach.......................................... 139
(15)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection ...................................... 142
(16)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment ................................................................................................................ 146
(17)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with provisional facilities and easily removable supplies and equipment with bedrolls, plastic chairs and tables, movable bathrooms and removable umbrellas ............................................................................ 149
(18)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Cozumel an area of federal land zone to be dedicated as Public Beach.......................................... 153
(19)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable beach equipment ........................................................................................................................ 156
(20)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection ...................................... 159

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**
# www.gabuardi.com

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

(21)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for ornament..........................................................162
(22)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for maintenance of surface conditions.....166
(23)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for ornament..........................................................169
(24)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies (bedrolls, plastic chairs and tables, movable bathrooms) ....................................................172
(25)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach.........................................176
(26)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection ......................................................179
(27)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection ......................................................182
(28)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with detachable facilities..................................................................................................................................................185
(29)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Cozumel an area of federal land zone to be dedicated as Public Beach..............................................189
(30)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection and ornament.......................192
(31)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection and ornament.......................196
(32)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Cozumel an area of federal land zone to be dedicated as Public Beach..............................................199
(33)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Cozumel an area of federal land zone to be dedicated as Public Beach..............................................202
2.   *Coordination Agreements* .......................................................................................................*205*
   a)    Coordination Agreements concerning the State of Tamaulipas .......................................................206
      (1)    Coordination Agreement for the sustainable use of the beaches, federal land zone (*zona federal marítimo terrestre*) and of land reclaimed from the sea (*terrenos ganados al mar*) in the coastal municipalities of the State of Tamaulipas.................................................................................206
      (2)    Coordination Agreement for the purpose of assigning to the State Government of Tamaulipas some powers and authorities which were under the implementation authority of the Federal Government in matters concerning tourism planning, vigilance and assistance...210

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**
# www.gabuardi.com

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

(3)    Coordination Agreement for purposes of tourism development ............................................212
b)    Coordination Agreements concerning the State of Veracruz ................................................................214
(1)    Coordination Agreement entered into by the Federal Ministry of Environment, Natural Resources and Fisheries (*Secretaría de Medio Ambiente, Recursos Naturales y Pesca*) and the State of Veracruz-LLave  and the coastal Municipalities...............................................................................214
c)    Coordination Agreements concerning the State of Quintana Roo ........................................................218
(1)    Coordination Agreement entered into by the Ministry of Environment and Natural Resources and Fisheries (*Secretaría de Medio Ambiente, Recursos Naturales y Pesca*) and the Government of the State of Quintana Roo .............................................................................................218
(2)    Coordination Agreement entered into by the Federal Ministry of the Interior (*Secretaría de Gobernación*) and the Ministry of the Treasury (*Secretaría de Hacienda y Crédito Público*), on one side, and the State of Quintana Roo, on the other, for the implementation of works and deeds for the reconstruction of federal, state or municipal infrastructure in the event of natural disasters ....................................................................................................................................................221
(3)    Coordination Agreement entered into by the Federal Ministry of the Interior (*Secretaría de Gobernación*) and the Ministry of the Treasury (*Secretaría de Hacienda y Crédito Público*), on one side, and the State of Quintana Roo, on the other, to develop the appropriate legal framework to access federal monies from the Federal Fund for the Prevention of Natural Disasters.................................................................................................................................................222
(4)    Coordination Agreement entered into by the Ministry of the Tourism (*Secretaría de Turismo*) and the State of Quintana Roo to restore the beaches of Cancun after being harmed by hurricane Wilma ...................................................................................................................................223
(5)    Coordination Agreement entered into by the Ministry of the Tourism (*Secretaría de Turismo*) and the State of Quintana Roo to continue developing and improving the tourist sector, promoting the active participation of the Municipalities ..............................................................225
(6)    Coordination Agreement entered into by the Ministry of the Tourism (*Secretaría de Turismo*) and the State of Quintana Roo for the implementation of activities of verification and vigilance in the State of Quintana Roo...................................................................................................226

**VI.    ON THE ISSUE OF THE RIGHTS AND JURISDICTION THAT THE MEXICAN STATES OF TAMAULIPAS, VERACRUZ AND QUINTANA ROO HAVE WITH RESPECT TO MARITIME FLORA AND FAUNA IN MEXICAN SEAWATERS.....................................228**
A.    THE GENERAL STATUTE ON SUSTAINABLE FISHERIES AND AQUACULTURE (*LEY GENERAL DE PESCA Y ACUACULTURA SUSTENTABLES*) ..............................................................................228
B.    THE *FEDERAL STATUTE OF THE SEA* (LEY FEDERAL DEL MAR)..................................................230

**VII.    ON THE ISSUE OF THE CAPACITY OF THE STATE GOVERNORS OF THE MEXICAN STATES OF TAMAULIPAS, VERACRUZ AND QUINTANA ROO TO REPRESENT THE SOVEREIGN INTEREST OF SUCH STATES, INCLUDING FOR THAT PURPOSE FILING CLAIMS FOR HARMS AND WRONGDOINGS CAUSED IN THE SEA WAERS, COASTAL SEASHORE, MARITIME FLORA AND FAUNA THEREIN, AS WELL AS IN THE ISLANDS, KEYS AND REEFS LOCATED IN THE SEAS ADJACENT TO THEIR STATES.....................................................................................................................................232**

**CONCLUSIONS. .............................................................................................................243**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

## I.     Introduction

This report contains my legal opinions and conclusions regarding the following issues:

a.  Who is the rightful holder of the proprietary interest on Mexican seawaters, coastal seashore and islands on Mexican territory?

b.  Who is the rightful holder of the proprietary interest on Mexican maritime flora and fauna?

c.  What kind of rights and jurisdiction, if any, do the Mexican States of Tamaulipas, Veracruz and Quintana Roo hold with respect to Mexican sea waters, coastal seashore and islands in the Mexican territory?

d.  What kind of rights and jurisdiction, do the Mexican States of Tamaulipas, Veracruz and Quintana Roo hold with respect to maritime flora and fauna in Mexican seawaters? and

e.  Are the Mexican States of Tamaulipas, Veracruz and Quintana Roo entitled to represent the sovereign interest of their respective territories, including, for that purpose, filing claims for harms and wrongdoings caused in the sea waters, coastal seashore, maritime flora and fauna therein, as well as in the islands, keys and reefs located in the seas

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

adjacent to their respective territories, and if so, who has the power and authority to represent each one of them?

In order to analyze and address these questions, I have reviewed not only the text of the Mexican Constitution itself, but also Mexican legislation as per the content and meaning regarding the constitutional clauses under review, as well as State of the Art judicial precedents of the Mexican judiciary and scholarly writings.

It is my expert opinion that the Mexican States of Tamaulipas, Veracruz and Quintana Roo do have proprietary interests in their coastal seashores, lagoons, sands, beaches, rivers, estuaries, islands, keys, and reefs located in their respective territories, as well as in the all flora and fauna being or living therein or passing there through, including to these purposes all maritime fauna living or passing there through.

Accordingly, on the basis of the principles incorporated in the Mexican Constitution, it is my expert opinion that the property interests of the national territory (including all coastal areas, seashores, maritime waters, islands, *etc.*) are equally shared between the Federated States (*e.g.,* Tamaulipas, Veracruz, and Quintana Roo) and the Federal Union.

In more detailed analysis, specific to the States of Tamaulipas, Veracruz and Quintana Roo, this work will also show the actual manner in which some of these concurrent powers – overlapping between the Federated States and the Federal

9

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Union – are implemented to resolve specific issues, as well as how they are revealed in the legal instruments used by the State Governments and the Federal Government.

Through this process, this Expert Legal Opinion will demonstrate that the Federated States of Tamaulipas, Veracruz and Quintana Roo, not only have significant "proprietary interests" in Mexican seawaters, coastal seashore and islands in the Mexican territory, but also in the maritime flora and fauna in Mexican seawaters.

Additionally, it is my expert opinion – as supported by the Constitutional principles and authorities on concurrent powers between the States and the Federation, as well as by Mexican legislation on these matters, the State Constitutions and the Mexican constitutional and administrative law practice – the States do actually exercise legal jurisdiction and enforcement authority over such "National Assets".

Finally, it is my expert opinion that the Mexican States of Tamaulipas, Veracruz and Quintana Roo are entitled to represent the sovereign interest of their respective territories, including for that purpose filing claims for harms and wrongdoings caused in their adjacent sea waters, coastal seashore, maritime flora and fauna therein, as well as in the islands, keys and reefs located in the seas adjacent to their respective territories, and who holds the power and authority to represent each one of them.

# GABUARDI

**DR. CARLOS A. GABUARDI, PH. D.**
**EMAIL**
**CGABUARDI@GABUARDI.COM**

This report contains additional expert opinions and conclusions as described below

(PAGE LEFT BLANK)

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

## II.    Credentials

I am qualified to provide this opinion as shown by my credentials, which are the following:

a.  I am a Mexican attorney, a Mexican Citizen of legal age with domicile in Monterrey, Mexico, and I have practiced the legal profession both as an Attorney-at-Law, as well as a Legal Scholar, teaching and researching the Law, for over 30 years.

b.  I received my Law Degree (License in Law) from the University of Monterrey in 1981 and hold a License to practice Law (Patent No. 774888) dated as of December 13, 1982 issued by the General Directorate of Professions of the Mexican Ministry of Education authorizing me to practice the legal profession as an Attorney-at-Law.

c.  Accordingly, I have been authorized to practice the law as an Attorney-at-Law with all the duties and responsibilities of the legal profession since 1982.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

    d.  My Law Degree has been duly filed before the Supreme Courts of the States of Nuevo Leon and Coahuila and therefore I am authorized to practice on a regular basis on these two States, but I have also practiced before the Federal Courts of Nuevo Leon, Tamaulipas and Mexico City, as well as before the courts of the States of Tamaulipas, Veracruz and the Federal District.

    e.  I have been admitted as a member of the National Association of Corporate Lawyers (1999), the Mexican Bar Association (2010), the Monterrey Bar Association (2012) and the Monterrey College of Doctors of Laws (2012).

    f.  I received the degree of Master of Laws, with distinction, from **Tulane University**, on the recommendation of its School of Law, as of June 4, 2001.

    g.  I received the degree of Doctor of Philosophy, from **Tulane University,** on the recommendation of its School of Law, as of January 19, 2007.

    h.  I want to highlight that thanks to the Comparative Law tradition of Tulane University Law School; my years in that institution were extremely helpful for my consolidation as a Comparative Law scholar and practitioner.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

i.  My law practice and my academic endeavors have concentrated in corporate law, business transactions, litigation and developing law, both domestic and international.

j.  I was a full time private practitioner for 5 years doing commercial litigation and counseling mostly to a Texas Bank with clients and commercial interests in Mexico.

k.  I worked as Country Lawyer in the World Bank (an International Development Bank) for almost 3 years taking care of the legal issues of the bank's portfolio in El Salvador, Honduras, Panama, Grenada, St. Lucia, Dominica, and Venezuela.

l.  Among my responsibilities in the World Bank I reviewed the constitutional issues of the countries under my responsibility, which were relevant to the bank's business.

m.  One of my fields of scholar concentration has been in Comparative Law and I have specially focused in the study and the comparison of the U.S. and the Mexican Legal System.

n.  I have taught Comparative Law and Comparative Law related courses for more than 15 years.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

o.  I have conducted Comparative Law research on various areas, including
Comparative Constitutional Law (more specifically, I wrote a comparative
law study between the Mexican and the U.S. Constitution).

p.  I also designed and implemented the curriculum for a program to train
Mexican lawyers to work and function in the Anglo-American Common
Law context, as well as U.S. trained lawyers to work and function in the
Mexican Law context (The Joint Venture. A Joint Program between
Universidad de Monterrey & St. Mary's University Law School), as well as
the syllabus for some of the courses and the practicums thereto.

q.  I wrote a Chapter on Promissory Notes on the book titled "Mexican Law
for the American Lawyer". (Carolina Academic Press 2009)

r.  I was an adjunct Professor of Law at the Universidad Regiomontana,
Monterrey, Mexico, and the Washington College of Law of American
University, Washington, D.C.

s.  In the Universidad Regiomontana, Monterrey, Mexico, I taught courses for
two years in Negotiable Instruments and Corporate Law for 2 years
(1983-1985)

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

t.  In the Washington College of Law of American University, Washington, D.C., I taught a Summer Course on Doing Business in Mexico (1994) where I provided to J.D. and LL.M. students an overview of the Mexican Legal System.

u.  I was a full time member of the faculty at Universidad de Monterrey, where I was the Head of the Law Department for 3 years (1990 to 1993). In addition to my administrative responsibilities during that time I taught courses on Legal Methodology and Comparative Law, The Great Legal Systems of the World Today.

v.  I was a Visiting Professor of Law at St. Mary's University, School of Law where I taught a course on Comparative Law: Mexico & the United States, and a seminar on The Legal Aspects of Doing Business in Mexico.

w.  During my tenure in Universidad de Monterrey and St. Mary's University, School of Law, I was the academic and administrative coordinator of The Joint Venture. A Joint Program between Universidad de Monterrey & St. Mary's University, Law School.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

x.  I was a member of the faculty since January 1998 and also a full time member of the faculty (2001-2011) at Monterrey Tech (ITESM), where I was the Director of the Chair Eduardo A. Elizondo.   During my tenure at Monterrey Tech I taught courses on Negotiable Instruments, Corporate Law, Private International Law, Public International Law, International Business Transactions and Comparative Law (The Civil Law, the Common Law and Comparative Law (The Civil Law, the Common Law and the Mixed Jurisdictions in the North American context where nearly on half of my course focused on Constitutional Comparative Law).

y.  I am a member of the Mexican National Researchers System with Level 1. The Mexican National Researchers Systems is a program of the Mexican Federal Government intended to encourage active full-time Scholars to remain in Mexico and conduct scientific research in this country, being admitted to this program is considered a high honor acknowledging the academic work of those admitted to it.

z.  I have been teaching and making legal research on Comparative Law for almost 30 years, I have published Law Review Articles in Spanish, English and Italian and some of my articles have provided significant contributions in the fields of the International Sale of Goods (solving a problem on Open Price Terms), and Forum Non Conveniens (the Supreme Court of Puerto Rico cited one of my articles in the opinion adopting Forum Non Conveniens in that country).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

The foregoing premises considered, my credentials and expertise qualify me to provide an expert legal opinion on Mexican Law and to properly explain those opinions to legal professionals trained in the Anglo-American Common Law System.

Therefore, I hereby proceed to give my expert legal opinion on the issues submitted to my consideration:

## III.   On the issue referred to the rightful holder of the proprietary interest on Mexican seawaters, coastal areas and islands in Mexican territory

In order to determine who is the rightful holder of the proprietary interests over Mexican seawaters, coastal areas and islands within the Mexican territory, it is necessary to review the Mexican constitutional framework on this matter.

Thus, under the authority of the first paragraph of Article 27 of the Mexican Constitution: "The original domain of land and waters, within the limits of the national territory, belongs to the Nation, which is and has been entitled to transfer such domain to private individuals and entities thereby constituting private property."

Also, under the authority of the third paragraph of Article 27 of the Mexican Constitution: "The direct domain of the natural resources of the continental platform and underwater shell of the islands, belong to the Nation."

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Likewise, under the authority of the fourth paragraph of Article 27 of the Mexican Constitution: "The waters of territorial seas belong to the Nation under the extension and terms set forth by International Law."

Furthermore, under the authority of the fifth paragraph of Article 27 of the Mexican Constitution: "… the Nation's domain cannot be transferred or lost over time, the use, exploitation or benefiting from those natural resources by private individuals, entities or companies incorporated under Mexican law, may only be carried out by means of concessions granted by the President of Mexico, under the rules and conditions set forth by the law."

Therefore, it has to be emphasized that under the constitutional framework developed by paragraphs three, four, and five of Article 27 of the Mexican Constitution, the rightful holder of the original domain of Mexican seawaters, coastal areas, maritime flora and fauna, as well as the islands in Mexican territory, is the Mexican Nation.

Accordingly, the concept of the "**Mexican Nation**" becomes pivotal to understand the wording, scope and intent of the constitutional authorities cited above, as well as the theoretical framework that defines the paradigmatic content of the Mexican Constitution and the Mexican Legal System, as a whole.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

In this line of thought, it should be noted that on the particular issue of the "property of the land and waters within the Mexican territory" – historically speaking – Mexico follows the doctrine of "the original domain", according to which, all territory in the Land belongs to the King.[1]

---

[1] " It has been historically accepted that the concept of original domain (or original ownership) goes back to the Colony Age (*Época de la Colonia*), whereon the Spanish Crown was the absolute owner of each and every assets and real property, and to the medieval precedents in which the monarch was considered *domine* or Sir, not only the owner of the real estate but also the owner of people," Valdés Abascal, Rubén, Comentario al artículo [Comments to this article], *Derechos del Pueblo Mexicano, México a través de sus constituciones [The Rights of the Mexican People, Mexico through its constitutions]*, Cámara de Diputados, LVIII Legislatura, [House of Representatives, LVIII Legislature], 2003, Tomo IV [Volumen IV], Artículos 24-27 [Articules 24-27], 2003.  "Original domain is the root from which all property comes, in the Mexican legal system….  Eminent domain is that held by the State as the highest land in the National territory"
P. 244.  Martínez de la Serna, Derecho Constitucional Mexicano, Editorial Porrúa, 1983. P. 399. ""According to the thesis whence the Constituent power in Queretaro, justified the ideology of Article 27th, property today comes from that which was made up during the Colonial Age". "The absolute principle of the King´s authority, as the owner of the people and of such people´s assets, gave a precarious character on the property over all such assets… The king was the owner, as private holder, of all lands and waters, as any private individual is entitled to dispose on its own patrimony; but within that disposition right, settlers already established and newly arrived settlers, where granted dominion rights… Because of the absolute proprietary right of the king established in colonial legislation thereunder, it can be determined that such right has been transmitted to the nation in the same way.  According to such concept, the nation holds full dominion over lands and waters pertaining to its own territory, and grants or recognizes direct dominion to private individuals on the same basis in which it was acquired, for such private individuals during the colonial age, and under the same conditions in which the Republic has recognized or granted thereon". Tena Ramírez, Felipe, Derecho Constitucional Mexicano, 9a. Edición, Editorial Porrúa, 1968.  Pp. 182 & 183.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

However, with the emergence of the Modern State, the holder of the "original domain" was shifted from the King to the Nation-State and, concurrently, to the States of the Nation.

Indeed, the advent of the Republican movements originated with the philosophical developments of the Renaissance, the Age of Enlightenment and the French Revolution, and later consolidated with the birth of the new nation-state to be known as the United States of America, the paradigm on the holder and of sovereignty, and hence the holder the "original domain on the territory of the Land" was transferred from the King (a sole individual) to "the people" (a collective of individuals).

Thus, the "Nation" – originally a sociological concept referred to a community of people united by a common cultural heritage, bonding that community together[2]

---

[2]  The "idea of nation" appears in Max Weber´s sociology as a concept with different meanings, since it carries within the variance between the idea of "the people of a nation" and "the people of a State"; in other words, the constitutive variance of the concept between the feeling of belonging to a "political community" and the fact of living under the State´s organization as a "political association" In turn, in order to strengthen the "Idea of nation" as a specific feeling of solidarity - Weber continues- requires the members of a political community to share a group of "cultural assets". Between those cultural assets, language, religion and the standardization of ethnical factors are of special relevance for national cohesion. Even though these three factors are still the basis of the "idea of the nation", a crucial component to contemporary societies for the cultural modernization processes is that of the massive media. The excessive expansion of such media –especially of those oriented to audio-visual

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

– evolves under the principles of the General Theory of the State and the organic theories, and "the people" – as rightful holder and repository of sovereignty – became later identified with the "nation-state" itself.

Likewise, in the Mexican Constitution, as well as in the Mexican constitutional practice, the concept of "the Mexican Nation" – also under the influence of the principles of the General Theory of the State and the socio-political organic theories[3] – developed and evolved to converge into the political and legal concept of the "Mexican State".

More specifically, on this matter the Mexican Constitution shows that the "Mexican Nation" is constituted with the following constituent elements: (a) The Mexican people, upon who resides the National sovereignty.[4] (Article 39 of the

---

communication- comes together nowadays with expansive tendencies, in global scales as well, for the capitalist market and the system of national States." Vernik, Esteban, Seminario de Investigacion: La 'Idea de Nación', Universidad de Buenos Aires, Facultad de Ciencias Sociales, Carrera de Ciencias de Sociología. http://sociologia.sociales.uba.ar/programas/2011/sm51K.pdf P. 2   "The concept of nation comes from origins deeper than those of the State.  To the extent that the State may emerge overnight from an arbitrary and ephemeral reorganization, a nation do not, because it requires continuity and tradition beyond historical accidents, keeping itself as a moral and solid unity.-" Basave Fernández del Valle, Agustín, *Teoría del Estado. Fundamentos de filosofía política*, México, Editorial Trillas, 2002. P. 105

[3] "The State becomes a vehicle to organize the live of the people – susceptible of accidental variations – but it always have formal structures that may be typified. We are not before any form political organization, but before the utmost form of political organization." Basave Fernandez del Valle, Agustín, Loc. Cit. P. 102

[4] "The etymological origin of the term sovereignty in the French language (*suzerain*), makes reference to a power that in comparison to the others becomes

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Mexican Constitution), (b) The Mexican Republic, constituted by its free and independent States, the Municipalities thereto, and the federal union.  (Articles 39 and 115 of the Mexican Constitution),[5] and (c) the National territory, including all parts which make up the Mexican federation (States, Municipalities and the Federal District), the island and coastal seas, the continental platform and underwater soil of islands, keys and reefs, as well as the of territorial. (Article 42 of the Mexican Constitution).[6]

---

independent, the highest authority, and a hierarchical preeminence." Basave Fernandez del Valle, Agustín, Loc. Cit. P. 122 "Stating that the State has sovereignty in inaccurate.  The State has not sovereignty because the State "is" sovereignty.  In this sense, it cannot be less sovereign without becoming less State because one is intrinsically implied in the other." Idem. P. 124

[5] "The Federal State is entirely an American creation, developed not from theoretical thought, but out of the political reality of the United States of America." Galindo Camacho, Miguel, Loc. Cit., P. 373.  "The conceptual framework was not previously developed by political thinkers because Alexander Hamilton, James Madison and John Jay published, under the heat of the internal political battle, in three New York newspapers several articles arguing in favor of the benefits of the federal system, which later become the book known as "the Federalist" Idem.  P. 375  "Mexico was not the exception and that system was adopted in its first constitution, that of October 4, 1824 which had as an antecedent the Constitutional Act of the Federation of the same year, preceding and inspiring it.  The Mexican Federal System has always been present in the constitutions of our country, as shown in the Reformation Acts of 1847, the Constitution of 1857, and the Constitution of 1917, currently in effect; only during the period from 1836 to 1847, that is during eleven years, Mexico lived under a centralized form of government when the so called Seven Constitutional Laws of 1836 and the Organic Basis of 1843 which eliminated the so called Supreme Conservative Power, were in effect." Idem.

[6] "The geographic conception of the political order in which we base upon our understanding, is relatively modern finding.  The people called to form a State must be permanently located in a territory that is their homeland.  Without this

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Now then, referring to the specific case of the Deepwater Horizon Oil Spill, and considering a specific interpretation of the Constitutional text, we can and must understand, that the domain over Mexican seawaters, coastal areas and islands is held by the Mexican Nation; therefore, the States of Tamaulipas, Veracruz and Quintana Roo (as constituent parts of the Mexican Nation) and, consequently, the proprietary interest held by such aforementioned States over such zones is fully existent and justified, and, further, their authority as owners and holders of such interests, implicates a duty to protect and care for such zones, their environment and also the health of the citizens living there or close by.

Therefore, according to a holistic and harmonic interpretation of the Mexican Constitution, it must be understood that the original domain of Mexican seawaters, coastal areas, as well as the islands in Mexican territory, belong to the Mexican people organized in the Mexican Republic, constituted by the Mexican States, the Municipalities thereto, and the Federal Union, that is, to the Mexican Nation-State.

Thus, the intent and language of the Mexican Constitution, has permeated into, the General Statute on National Assets (*Ley General de Bienes Nacionales*), the Statute on National Waters (*Ley General de Aguas Nacionales*) and the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), among others.

---

soil there could not be a State.  In this sense an author said that "The State" is a territorial corporation." Basave Fernandez del Valle, Agustín, Loc. Cit. P. 102

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

On this topic, it is especially relevant to highlight the fact that Article 3 of the General Statute on National Assets (*Ley General de Bienes Nacionales*) provides that all federal and State assets (including all real estate, coastal areas, seashores, maritime waters, islands, etc.) are considered to be "National Assets" (*Bienes Nacionales*).

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Accordingly, a holistic and harmonic interpretation of the Mexican Constitution – as well as under the authority of Article 3 above – leads us to understand that the Federal Government[7] and the State Governments, are the instrumental and organic trustees of the Mexican Nation (an abstract concept by itself), because the Mexican Nation is the true and only holder of the original domain of all land in the Mexican territory.

Therefore, the proprietary interest of those instrumental and organic trustees of the Mexican Nation – namely the Federal and State Governments – as well as the authority and powers to exercise jurisdiction on such "National Assets" is equally shared by both the free and sovereign states of Mexico and the federal government, as shown and supported by the Constitutional principles and authorities on concurrent powers between the States and the Federation, Mexican legislation on these matters, the State Constitutions and the Mexican constitutional and administrative law practice (as will be shown when I make the analysis of specific legal instruments relevant on these matters).

---

[7] In the context of "National Assets" (*Bienes Nacionales*) it should be highlighted that article 2 section IV of the General Statute on National Assets (*Ley General de Bienes Nacionales*) provides that the Federal Government is the comprehensive body of government encompassing the Legislative, the Executive and the Judicial branches.

Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO
Tels. +52 (81) 8387-966  & +52 (81) 8358-2898
www.gabuardi.com

# GABUARDI

**DR. CARLOS A. GABUARDI, PH. D.**
**EMAIL**
**CGABUARDI@GABUARDI.COM**

## A. CONSTITUTIONAL PRINCIPLES AND AUTHORITIES ON CONCURRENT POWERS BETWEEN THE STATES AND THE FEDERATION

The constitutional basis for concurrent powers between the State and Federal Governments is found in the authorities of the Mexican Constitution under commentary, acknowledging that there are matters of national relevance for all Mexico, and therefore, management of those matters should involve the active participation of both the Federal and State Governments.

Mexican constitutional theory acknowledges two categories of concurrent powers: (a) concurrent powers on matters that may be regulated and administrated by the States of the Union because the Mexican Congress has not yet legislated upon topics assigned to the Federal Government,[8] and (b) coincidental concurrent powers, that is when various of the constituent parts of the Mexican Republic may act upon the same field.

---

[8] "Now, we must examine the convergent powers (authorities) whereof evident confusion exists in jurisprudence as well as in academic criteria. Convergent powers are those that have not been exclusively attributed to the federation, nor prohibited to the states and when the former does not take any action, the states may execute such action; however, if the federation legislates on such matters, then local legislation shall be repealed thereunder. The argument to justify the existence of convergent powers involves the fact that the States cannot be waiting until the federation intervenes in order to satisfy all needs. "Carpizo, Jorge, Sistema federal mexicano.  Segunda parte, Gaceta Mexicana de Administración Pública Estatal y Municipal, Número 3 Julio-Septiembre, Año 1981. P. 94 Originally published in AAVV, *Los sistemas federales del Continente Americano*, Universidad Nacional Autónoma de México, 1972.  Pp. 94.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Concurrent powers on matters that may be regulated and administrated by the States of the Union on matters that the constitutions have assigned to the Federal Union but upon which Congress has not yet legislated frequently take place in those instances where immediate or urgent actions must be taken by local officers, State or Municipal, to avoid or mitigate further damages to assets or population physically located in places where the immediate or urgent actions are required.. (In cases of emergency or urgent needs where the Federal Government abstains to perform its duties and responsibilities, or does not respond as quickly as required.  *E.g.*, Natural disasters such as hurricanes, earthquakes, floods, landslides, *etc.*)

On the other hand, "coincidental concurrent powers" exist when several of the constituent parts of the Mexican Republic may act in the same field even though they overlap each other, pursuant to the terms and scope determined by Mexican Congress through legislation enacted to this end, when that has been done, or as required under actual circumstances.

On this particular issue, the Mexican Supreme Court has held a binding opinion, which defines the State of the Art on concurrent powers between the State and the Federal Governments as follows:

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

## CONCURRENT POWERS IN THE MEXICAN LEGAL SYSTEM. MAIN FEATURES.

. . . . the reformer of the Constitution has provided for various clauses through which the Congress of the Union may establish a distribution of jurisdiction among the Federal Union, the Federated States and the Municipalities, and even the Federal District, called "concurrent powers", in matters such as: education (articles 3, section VIII, and 73, section XXV), health (articles 4, third paragraph, and 73, section XVI), human settlements (articles 27, third paragraph, and 73, section XXIX-C), public security (article 73, section XXIX-C), the environment (article 73, section XXIX-G), civil protection (article 73, section XXIX-I) and sports (article 73, section XXIX-J). Accordingly, in the Mexican legal system, concurrent powers concludes that the States which make up the Federal Union, as well as the Federal District, the Municipalities and the Federal Union, may act upon the same matters, but the Congress of the Union shall be the one establishing the form and terms corresponding to each one of them through a general statute.[9]

---

[9] Constitutional Controversy. 29/2000. Federal Executive Branch. November 15, 2001. Eleven votes. Writer of the opinion: Sergio Salvador Aguirre Anguiano. Secretary: Pedro Alberto Nava Malagón. The Tribunal, en banc, during a private session held today December 6, approved the judicial precedent above, Mexico City, Federal District, on December 6, 2001.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Now, the concurrent powers to exercise and enforce jurisdiction upon "National Assets" are equally shared by the Federal and the State Governments, as shown not only by the manner and terms in which such concurrent powers and enforcement authority are actually implemented and carried out, but also under the terms of the provisions of the Mexican Constitution, Mexican legislation on these matters, the State Constitutions, and both, Mexican constitutional practice and administrative law practice, as will be further discussed along this work.

## IV.   On the issue referring to the rightful holder of the proprietary interest on Mexican maritime flora and fauna

The text of the Mexican Constitution does not specifically address the issue of who is the rightful holder of the proprietary interest as to maritime flora and fauna in or on Mexican seawaters, coastal areas, and islands in the Mexican territory, other than by establishing that the Mexican Congress is entitled to enact legislation providing for the concurrence of the federal government, the state governments and the municipalities, in the areas of their respective jurisdiction.

Accordingly, there are three pieces of legislation that are relevant to determine the proprietary interest over maritime flora and fauna on the Mexican seawaters, coastal areas, and the islands in Mexican territory: (a) the *Federal Statute of the Sea* (Ley Federal del Mar), (b) the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), (c) the General Statute on Wild Life (*Ley General de Vida Silvestre*).

## GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

## A. THE GENERAL STATUTE ON WILD LIFE (*LEY GENERAL DE VIDA SILVESTRE*)

The General Statute on Wild Life (*Ley General de Vida Silvestre*) was enacted under the authority of Articles 27, third paragraph, and 73 section XXIX-G of the Mexican Constitution.  It provides the legal framework for wildlife in the Mexican territory, including that of migratory species coming from outside of Mexican boundaries, their habitat, the import and export of wild life, and the concurrent powers of the Federal and State Governments, as well as those of the Municipalities.

Under Articles 7, 8, 10, and 13 the General Statute on Wild Life (*Ley General de Vida Silvestre*) the State and Municipalities are in charge of developing the local policy of their own State or Municipality on these matters, as well as supporting the enforcement of national policies and legislation.

Articles 112 and 14 provide for the principle of coordination of Federal agencies with the States and the Municipalities for enforcement purposes, as well as for the implementation of coordination agreements among the Federal Government, the States and the Municipalities.

## B.  THE GENERAL STATUTE ON SUSTAINABLE FISHERIES AND AQUACULTURE (*LEY GENERAL DE PESCA Y ACUACULTURA SUSTENTABLES*)

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

The General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*) was enacted under the authority of Article 73 section XIX-L of the Mexican Constitution.

This Statute sets forth the scope of jurisdiction corresponding to the Federal Government (Articles 7, 8, 9 and 10), the State Governments (Articles 13 and 15), and the Municipalities (Articles 14 and 15), while Articles 11 and 12 discuss the coordination among these three jurisdictions.

Under the authority of Article 7, 8, 9 and 10 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Federal Government through the Mexican President and the Ministry of Agriculture, Rural Development, Fisheries and Food Resources, through the Commission on Fisheries and Aquaculture, is in charge, among other matters, of regulating, developing and managing the beneficial use of fisheries and water resources, leading the national fisheries and sustainable aquaculture policies, as well as providing for the application of administrative measures thereto, including reaching agreements and cooperation programs among the Mexican State Governments.

**Under the authority of Article 13 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Mexican State Governments are in charge, among other matters, of developing and enforcing State policies and programs on**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

**fisheries and sustainable aquaculture in coordination with the National Programs, developing and enforcing State vigilance and inspection measures in coordination with the Federal Government.**

Under the authority of Articles 15 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Legislatures of each of the Mexican States shall enact legislation on matters of their own jurisdiction, as described above, and shall also provide the administrative legal measures required for the enforcement of such legislation.

Under the authority of Articles 14 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Municipalities of each State, within the scope of the authority of that statute and State legislation shall, among other matters, develop and enforce municipal programs and policies, as well as participate in the vigilance and inspection of fisheries and aquaculture activities within their own jurisdiction, as described above.

Under the authority of Article 11 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Ministry of Agriculture. Rural Development, Fisheries and Food Resources may enter into coordination agreements for all purposes in which there may be concurrent, coincidental, powers between the State and the Federal Government.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

## C. THE *FEDERAL STATUTE OF THE SEA* (LEY FEDERAL DEL MAR)

Finally, the *Federal Statute of the Sea* (*Ley Federal del Mar*) was enacted under the authority of Article 27, paragraph fourth, fifth, sixth and eighth of the Mexican Constitution.

However, in spite of its name the *Federal Statute of the Sea* (*Ley Federal del Mar*) is truly a piece of "National" legislation.  In this context, the word "national" is not to be confused as implying exclusive federal power or authority.

Indeed, on the one hand, the matters governed by this Statute are declared to be National in nature, in terms of Article 27 of the Mexican Constitution, as well as in article 2 of that Statute,[10] while on the other hand, this is also acknowledged by this Statute which establishes in article 7 thereto, that its enforcement is assigned to the Executive Branch of Government and its agencies in their capacity as National officers to the extent they are National officers holding jurisdiction under the law..[11]

---

[10] Article 2 of the *Federal Statute of the Sea* (Ley Federal del Mar) provides that this Statute applies in the maritime zones where the Mexican Nation exercises sovereignty, jurisdiction and other rights.

[11] Article 2 of the *Federal Statute of the Sea* (Ley Federal del Mar) provides that the enforcement of this Statute is assigned to the Federal Executive Branch of Government and its agencies to the extent they are National officer with jurisdiction under the law.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Therefore, when Article 2 of *Federal Statute of the Sea* (Ley Federal del Mar) provides that all sea related matters are of federal jurisdiction this language should be read in the sense that this Statute is on National jurisdiction to the extent there is nothing to the contrary in other Mexican legislation.[12]

Thus, this caveat allows that on sea related maters the State and Municipal Governments – who are also trustees of National assets – do have powers and authority on issues set forth by the General Statute on National Assets (*Ley General de Bienes Nacionales*), the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), as well as in Environmental and Ecological Matters, Tourism, *et cetera*.

## V.    On the issue of the rights and jurisdiction that the Mexican States of Tamaulipas, Veracruz and Quintana Roo do have with respect to Mexican seawaters, coastal seashore and islands in the Mexican territory

As I have been stating throughout this document, a holistic and harmonic interpretation of the Mexican Constitution categorically shows that the original domain of Mexican seawaters, coastal areas, as well as the islands in Mexican

---

[12]  Articles 16, 18, 19 and 20 of the *Federal Statute of the Sea* (Ley Federal del Mar) make reference to the General Statute on National Assets (*Ley General de Bienes Nacionales*), the Statute on Public Works (*Ley de Obras Públicas*), the fisheries legislation, namely, the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*),  the Regulatory Statute of Article 27 of the Mexican Constitution on Petroleum Matters, and other legislation as they may be applicable.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

territory, belong to the Mexican people organized in the Mexican Republic, constituted by the Mexican States, the Municipalities thereto, and the Federal Union. [13]

Accordingly, the rights and jurisdiction of the Mexican States of Tamaulipas, Veracruz and Quintana Roo with respect to Mexican sea waters, coastal seashore, maritime flora and fauna, as well as the islands in Mexican territory, can be classified into several (not-excluding) categories: (a) rights, powers, enforcement authority and jurisdiction granted by either the Mexican Constitution and the State Constitutions, and (b) concurrent (coincidental) rights, powers, enforcement authority and jurisdiction granted by the Mexican or State, or by both of them, (c) concurrent (coincidental) rights, powers, enforcement authority and jurisdiction granted by the Mexican or State Legislation, or by both of them, (d), concurrent (coincidental) rights, powers, enforcement authority and jurisdiction granted by means of Administrative Agreements made by federal agencies in their capacity of National agencies, (e) concurrent (coincidental) rights, powers, enforcement authority and jurisdiction granted by means of Coordination Agreements entered into between the Federal Government and the States and/or the Municipalities therein.

In turn, all categories of concurrent powers referred to above, may be granted or assumed expressly or implicitly.

---

[13] Articles 27, paragraphs first, third, fourth, and fifth, 39, 42 and 115 of the Mexican Constitution. (See section III of this Expert Legal Opinion).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Now, I will discuss the actual manner in which some of these concurrent rights, powers, enforcement authority and jurisdiction actually take place by making specific reference to Mexican Constitutional and Administrative law practice.

## A. THE MEXICAN CONSTITUTION AND THE STATE CONSTITUTIONS ON STATE RIGHTS

The Mexican Constitution provides that "The islands, keys, reefs from adjacent seas belonging to the national territory, the continental platform, the underwater shelves of the islands, keys and reefs, the territorial seas, interior maritime waters, as well as the space above the national territory shall directly depend upon the Federal Government, other than on such islands which up to this date have been under the jurisdiction of the States." (Art. 48 of the Mexican Constitution).[14]

However, as I mentioned before, this language should be read in the sense that the National territory shall directly depend upon the National Government, including to these purposes, all islands, keys, reefs from adjacent seas belonging to the national territory, the continental platform, the underwater shelves of the islands, keys and reefs, the territorial seas, interior maritime waters, as well as the space above the national territory.

---

[14] "Currently, most Mexicans do not know with accuracy the number of islands adjacent to our seashore, but they have been estimated in more that 240 of them." Cabada Huerta, Marineyla, *El territorio insular de México*, Cámara de Diputados, LIX Legislatura, Mexico, Diciembre 2005. P. 5

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

While it is an exception basis anchored on historical reasons, the States that in 1917 had jurisdiction on islands in their territory should have exclusive jurisdiction upon them.

The reason that allows such interpretation of the Mexican Constitutional text can be explained not only in light of Mexican history, but also under the light of Mexican constitutional and administrative law practice.

Indeed, historically, Mexico is a country that over the years has suffered significant threats to the integrity of its National territory  (such threats coming Spain, France, Belgium, England and the United States), and the language of the Mexican Constitution and legislation, to this day, reflect an aggressive language against and towards such threats.

However, such language reflects much more a political statement than it does reveal a legal substratum, as shown by Mexican constitutional and administrative law practice, and actually reflected not only in the Administrative Agreements and the Coordination Agreements mentioned below, but also in some specific Administrative Agreements whereby the Federal Government de-incorporates National land for the benefit of private individuals and corporations – also mentioned below – conveying the jurisdiction upon that land from the Federal sphere to that of the specific States and Municipalities concerned.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

That is, because the actual pragmatic needs and requirements of active economic areas of Mexico cannot be managed under the principles of political statements but on the basis of flexible legal instruments supporting social and economic development of the regions concerned.

Actually, it should be added that for reasons of closeness and practicality, oftentimes – on environmental, ecological and other urgent matters which require immediate action – local governments, states and municipalities, end up doing by themselves all cleanup and restoration work, regardless of other duties that may also correspond to the federal government, because the states have direct responsibilities to protect their local environment and the wellbeing of their citizens.

Accordingly, I will refer to some of these decrees and agreements illustrating the point under discussion. However, it is emphasized that the items discussed are not exhaustive and that they are only some of the many examples that could be referenced to illustrate the point.

> **1.     Presidential Decree ordering that the Laguna Madre and Delta of the Rio Bravo, shall be considered as a protected natural area with the category of area for the protection of flora and fauna**

This Presidential Decree ordered that an area with a total surface of 572,808-60-94.22 hectares of the region located in the municipalities of Matamoros, San Fernando and Soto La Marina in the State of Tamaulipas, known as Laguna

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Madre and Delta of the Rio Bravo, shall be considered as a protected natural area with the category of area for the protection of flora and fauna

This Presidential Decree was published in the Official Journal of the Federation of April 14, 2005 and was issued by President Vicente Fox under the authority of Articles 89 section I[15] and 27 third paragraph[16] of the Mexican Constitution, Articles 2d section II,[17] 5th sections VIII[18] and XI,[19] 6th,[20] 44,[21] 45,[22] 46 section VII

---

[15] This constitutional clause establishes that the Mexican President can promulgate enacted legislation and provide all what may be necessary for the administrative implementation and enforcement of such enacted legislation.

[16] This constitutional clause establishes that the Mexican Nation may provide all necessary measures required for the most profitable use of the land, as well as for establishing all required measures for the protection and sustainable development of lands, waters and woods.

[17] This article provides that establishing natural reserves and zones of archeological restoration are considered as activities of public interest.

[18] This article provides that the Federation is in charge of establishing, regulating, administering and conducting vigilance of protected natural areas of federal jurisdiction.

[19] This article provides that the Federation is in charge of regulating the protection, preservation and sustainable use of national waters, biodiversity, fauna and other natural resources under its jurisdiction.

[20] This article provides that powers granted by this Statute are to be implemented by the Mexican President through the Ministry of Environment and Natural Resources and other Ministries and federal agencies as appropriate.

[21] This article provides that those natural areas of the National territory that have not yet been affected by human activity and required to be preserved or restored and under the jurisdiction of this law and other pertinent legislation and regulations.

[22] This article provides that the purpose of establishing protected natural areas is to protect, preserve and make a sustainable use of those areas, as well as its ecosystems, its flora and fauna, promote scientific studies on the same and regulating human activities therein.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

second paragraph,[23] 47,[24] 54,[25] 57[26], 58,[27] 60,[28] 61,[29] 63,[30] 64 bis,[31] 65,[32] 66,[33] 67,[34] 74,[35] 75[36] and 161[37] of the General Statute on Ecological Equilibrium and

---

[23] This article provides that those areas for the protection of flora and fauna are considered as protected natural areas.

[24] This article provides that while establishing naturally protected areas, the federation shall promote the participation of local inhabitants, proprietaries, local governments, indigenous population and other social, public or private organizations.

[25] This article provides that the areas for the protection of flora and fauna shall be constructed pursuant to this Statute, the General Statute on Wild Life, the Law on Fisheries other pertinent legislation an activities for the use of natural resources or carrying out of preservation and sustainable use of those areas shall be allowed.

[26] This article provides that protected natural areas concerning the reserve of the biosphere and the protection of flora and fauna shall be established by means of a Presidential Decrees issued pursuant to this Statute and other pertinent legislation.

[27] This article provides that prior of establishing natural areas concerning the reserve of the biosphere and the protection of flora and fauna, pertinent studies shall be conducted hearing the opinion of local governments, and federal agencies concerned, private, social and public organizations, indigenous population and the general public, as well as universities and research centers, among others, and such studies shall be readily available for public.

[28] This article provides that the requirements to be met by Presidential Decrees establishing protected natural areas complying in all cases with all other pertinent legislation.

[29] This article provides that Presidential Decrees establishing protected natural areas shall be published in the Official Journal of the Federation and shall be filed in the pertinent Public Registries of Property.

[30] This article provides that Presidential Decrees establishing protected natural areas may include all types of land, subject to all modalities of property, providing for all administrative measures required for the implementation of such Decrees.

[31] This article provides that the Mexican President in coordination with federal Ministries and agencies, State Governments and the Municipalities concerned

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Protection of the Environment (*Ley General del Equilibrio Ecológico y la Protección al Ambiente*), Articles 7th section VII,[38] 65[39] and 66[40] of the Statute on

---

shall promote public and private investment in the protected natural areas, establish adequate financing mechanisms, economic and tax incentives, and public financing for State and Municipal governments participating in the areas concerned.

[32] This article provides that within a year after the Presidential Decree has been published the Ministry of Environment and Natural Resources shall develop a management plan for the protected natural area providing for the participation of State governments, federal agencies concerned, private, social and public organizations, and other interested persons.

[33] This article sets forth the issues that shall be met the management plan, as well as the mandate to publish it in the Official Journal of the Federation.

[34] This article sets forth that once the management plan has been issued, the Ministry of Environment and Natural Resources may assign to the State Governments, the Municipalities, the Federal District, rural cooperatives, agrarian communities, indigenous population, social and private organizations, and other interested people, the management of those protected areas.

[35] This article provides that the Ministry of Environment and Natural Resources shall establish the National Registry of Protected Natural Areas where all pertinent legal information concerning protected natural areas shall be filed. The records of such Registry shall be public and it shall be integrated to the National System of Environmental and Natural Resources Information.

[36] All real estate transactions concerning land in protected natural areas shall make direct reference the pertinent Presidential Decree ordering the creation of such protected natural areas and Public Notaries are bound to include such reference in the public deeds made for those transactions.

[37] This article provides that the Ministry of Environment and Natural Resources shall be in charge of supervising compliance with the law and the Ministry of the Navy shall provide assistance to supervise compliance in the sea.

[38] This article provided that the Ministry of Communications and Transport shall organize, regulate and provide assistance for navigation, maritime radio-communication and control of maritime transit.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Navigation (*Ley de Navegación*), 2nd of the Organic Statute of the Armed Forces (*Ley Orgánica de la Armada*),[41] 2nd,[42] 5th[43] and 88[44] of the Agrarian Statute (*Ley Agraria*), Articles 7th sections II and IV,[45] 85[46] and 86 of the Statute on National

---

[39] This article provided the prohibition for all vessels to dump weight, debris, garbage, oil or its derivate, mineral waste waters or other harmful residues that may in any manner cause harm or damages in waters of Mexican jurisdiction.

[40] This article provided the Ministry of Communications and Transport was in charge of compliance of the duties and prohibitions set forth by the law, as well as in the International for the Prevention of Pollution from Ships, the protocols there to, other International Treaties and the Convention on the Prevention of Marine Pollution by Dumping of Wastes and Other Matter.

[41] This article sets forth the duties and responsibilities of the Mexican Armed Forces..

[42] This article provides that civil federal legislation and commercial law shall supplement the Agrarian Statute. Implementation of this Statute shall be congruent with the General Statute on Human Settlements, the Statute on Ecological Equilibrium and Environmental Protection and other pertinent legislation.

[43] This article provides that all entities of the Federal Public Administration shall promote responsible and sustainable use of natural resources for the benefit of country workers.

[44] This article provides that urban development of rural community property located in protected natural areas shall be prohibited when that opposes the pertinent Presidential Decree.

[45] This article provides that the protection, improvement, conservation and restoration of water basins and their effluents and related legal regulations are deemed as of public interest. Likewise water management shall be made using ecological equilibrium criteria and shall be deemed as of public interest.

[46] This article provides for the urgent necessity of coordination among the Federation, the States, the Federal District and the Municipalities for ecological and sustainable use and conservation of water resources. To this purpose the Federal Government may coordinate with all relevant actors.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Waters (*Ley de Aguas Nacionales*), 2nd[47] and 3rd sections V and VI[48] of the Statute on Fisheries (*Ley de Pesca*), and Articles 30, 32 bis, 35, 36 and 41 of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*).[49]

> **2.      Administrative Agreements de-incorporating land under the federal domain of the federation for the benefit of private individuals and corporations.**
>
> > ***a)      Administrative Agreements de-incorporating land under the federal domain of the federation for the benefit of private individuals and corporations in the State of Tamaulipas***
> >
> > > (1)      Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

---

[47] This article provided that such Statute was applicable in Mexican waters under paragraphs 5th and 8th of Article 27 of the Mexican Constitution, as well as to Mexican vessels in any waters around the world.

[48] These sections of Article 3 provided that the enforcement of this Statute was in charge of the Ministry of Fisheries, but the Ministry of Environment and Natural Resources would be in charge of especially protected animals and establishing closed seasons., while the Ministry of Agriculture, Livestock, Rural Development, Fisheries and Nutrition will regulate fisheries matters.

[49] These Articles provide the matter under the matters under the authority of the Ministries of the Navy, Environment and Natural Resources, Agriculture, Livestock, Rural Development, Fisheries and Nutrition, Communications and Transport, and Agrarian Reform.

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**
**www.gabuardi.com**

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Administrative Agreement by means of which an area of 5,141.86 square meters of land reclaimed from the sea, located at Playa Miramar, North Zone, Municipality of Ciudad Madero, Tamaulipas, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Ms. María del Pilar Consuelo Pérez Ortega, which was published in the Official Journal of the Federation of February 27, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[50] Articles 6o. Section IX,[51] 11 section I,[52] 28 section I,[53] 84 section I,[54] 88 first paragraph,[55] 95,[56] 96,[57] 101 section VI,[58] 124

---

[50] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[51] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.
[52] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.
[53] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.
[54] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.
[55] This clause provides for the requirements for sales of federal land for a price.
[56] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.
[57] This clause provides for the requirements and formalities for selling federal land.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

second paragraph,[59] 125 second paragraph [60] 143 section IV[61] and 145[62] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[63]

> (2) Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 1,108.58 square meters of land reclaimed from the sea, located at Playa Miramar, North Zone, Subdivision Villas del Mar 1, Municipality of Ciudad Madero, Tamaulipas, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. César Joaquín Luna Ruiz, which was published in the Official Journal of the Federation of July 7, 2010.

---

[58] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[59] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[60] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[61] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[62] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[63] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[64] Articles 6o. Section IX,[65] 11 section I,[66] 28 section I,[67] 84 section I,[68] 88 first paragraph,[69] 95,[70] 96,[71] 101 section VI,[72] 124 second paragraph,[73] 125 second paragraph [74] 143 section IV[75] and 145[76] of the

[64] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[65] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[66] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[67] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[68] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[69] This clause provides for the requirements for sales of federal land for a price.

[70] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[71] This clause provides for the requirements and formalities for selling federal land.

[72] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[73] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[74] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[75] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[77]

> (3) Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 1,592.87 square meters of land reclaimed from the sea, located at subdivision Los Caracoles, Playa Miramar, North Zone, Municipality of Ciudad Madero, Tamaulipas, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Ms. Laura Beatriz Caballero Collado, which was published in the Official Journal of the Federation of July 7, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[78] Articles 6o. Section IX,[79] 11 section I,[80] 28

---

[76] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[77] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

[78] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

section I,[81] 84 section I,[82] 88 first paragraph,[83] 95,[84] 96,[85] 101 section VI,[86] 124 second paragraph,[87] 125 second paragraph [88] 143 section IV[89] and 145[90] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the

---

the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[79] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[80] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[81] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[82] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[83] This clause provides for the requirements for sales of federal land for a price.

[84] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[85] This clause provides for the requirements and formalities for selling federal land.

[86] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[87] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[88] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[89] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[90] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[91]

> (4)    Administrative    Agreement    de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 5,694.04 square meters of land reclaimed from the sea, located at Playa Miramar, South Zone, Municipality of Ciudad Madero, Tamaulipas, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. Gerardo Pínto Rodríguez, which was published in the Official Journal of the Federation of March 13, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[92] Articles 6o. Section IX,[93] 11 section I,[94] 28

---

[91] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

[92] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[93] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[94] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO
Tels. +52 (81) 8387-966  & +52 (81) 8358-2898
**www.gabuardi.com**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

section I,[95] 84 section I,[96] 88 first paragraph,[97] 95,[98] 96,[99] 101 section VI,[100] 124 second paragraph,[101] 125 second paragraph [102] 143 section IV[103] and 145[104] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[105]

---

[95] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[96] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[97] This clause provides for the requirements for sales of federal land for a price.

[98] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[99] This clause provides for the requirements and formalities for selling federal land.

[100] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[101] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[102] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[103] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[104] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[105] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

(5)   Administrative   Agreement   de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 4,351.02 square meters of land reclaimed from the sea, located at Playa Miramar, North Zone, Municipality of Ciudad Madero, Tamaulipas, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Ms. María de Jesús Flores Echavarría, which was published in the Official Journal of the Federation of February 28, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[106] Articles 6o. Section IX,[107] 11 section I,[108] 28 section I,[109] 84 section I,[110] 88 first paragraph,[111] 95,[112] 96,[113] 101 section VI,[114]

---

[106] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[107] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[108] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[109] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[110] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[111] This clause provides for the requirements for sales of federal land for a price.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

124 second paragraph,[115] 125 second paragraph [116] 143 section IV[117] and 145[118] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[119]

> (6)    Administrative    Agreement    de-incorporating from   the   public   domain   of   the   federation   land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 507.22 square meters of land reclaimed from the sea, located at Seashore Boulevard, no numbered, Playa

---

[112] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[113] This clause provides for the requirements and formalities for selling federal land.

[114] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[115] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[116] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[117] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[118] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[119] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Miramar Subdivision, Municipality of Ciudad Madero, Tamaulipas, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. Alejandro Ochoa Gracia, which was published in the Official Journal of the Federation of February 24, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[120] Articles 6o. Section IX,[121] 11 section I,[122] 28 section I,[123] 84 section I,[124] 88 first paragraph,[125] 95,[126] 96,[127] 101 section VI,[128]

---

[120] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[121] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[122] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[123] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[124] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[125] This clause provides for the requirements for sales of federal land for a price.

[126] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[127] This clause provides for the requirements and formalities for selling federal land.

[128] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

124 second paragraph,[129] 125 second paragraph [130] 143 section IV[131] and 145[132] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[133]

> **(7)** Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 1,704.52 square meters of land reclaimed from the sea, located at Seashore Boulevard, no numbered, Playa Miramar Subdivision, Municipality of Ciudad Madero, Tamaulipas, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. Oscar Hernández Gutierrez, which was published in the Official Journal of the Federation of December 14, 2011.

---

[129] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.
[130] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.
[131] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.
[132] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.
[133] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[134] Articles 6o. Section IX,[135] 11 section I,[136] 28 section I,[137] 84 section I,[138] 88 first paragraph,[139] 95,[140] 96,[141] 101 section VI,[142] 124 second paragraph,[143] 125 second paragraph [144] 143 section IV[145] and 145[146]

---

[134] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[135] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[136] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[137] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[138] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[139] This clause provides for the requirements for sales of federal land for a price.

[140] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[141] This clause provides for the requirements and formalities for selling federal land.

[142] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[143] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[144] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[145] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[146] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[147]

> (8)   Administrative   Agreement   de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 1,198.25.22 square meters of land reclaimed from the sea, located at section w, lot D, Los Caracoles Avenue, Playa Miramar, North Zone, Municipality of Ciudad Madero, State of Tamaulipas, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Ms. Otilia Pinete Vargas, which was published in the Official Journal of the Federation of December 13, 2011.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[148] Articles 6o. Section IX,[149] 11 section I,[150] 28

---

[147] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.
[148] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

section I,[151] 84 section I,[152] 88 first paragraph,[153] 95,[154] 96,[155] 101 section VI,[156] 124 second paragraph,[157] 125 second paragraph [158] 143 section IV[159] and 145[160] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the

---

[149] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[150] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[151] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[152] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[153] This clause provides for the requirements for sales of federal land for a price.

[154] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[155] This clause provides for the requirements and formalities for selling federal land.

[156] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[157] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[158] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[159] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[160] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[161]

>> ***b)*** ***Administrative Agreements de-incorporating land under the federal domain of the federation for the benefit of private individuals and corporations in the State of Veracruz***

>>> (1)   Administrative   Agreement   de-incorporating from   the   public   domain   of   the   federation   land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 677.92 square meters of land reclaimed from the sea, located at 3450 Ruiz Cortínez Avenue, subdivision Playa de Oro, location Mocambo Beach, hotel zone, Municipality of Boca de Río, State of Veracruz, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. Alberto Cuevas Trujillo, which was published in the Official Journal of the Federation of January 1, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[162] Articles 6o. Section IX,[163] 11 section I,[164] 28

---

[161] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.
[162] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold

# GABUARDI

**DR. CARLOS A. GABUARDI, PH. D.**
**EMAIL**
**CGABUARDI@GABUARDI.COM**

section I,[165] 84 section I,[166] 88 first paragraph,[167] 95,[168] 96,[169] 101 section VI,[170] 124 second paragraph,[171] 125 second paragraph [172] 143 section IV[173] and 145[174] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the

the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[163] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[164] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[165] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[166] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[167] This clause provides for the requirements for sales of federal land for a price.

[168] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[169] This clause provides for the requirements and formalities for selling federal land.

[170] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[171] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[172] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[173] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[174] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**

# www.gabuardi.com

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[175]

> (2)   Administrative   Agreement   de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 8,743.51 square meters of land reclaimed from the sea, located at Riachuelos Beach, Municipality of Tecolutla, State of Veracruz, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. Tito Oscar Vidaurri del Castillo, which was published in the Official Journal of the Federation of October 7, 2009.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[176] Articles 6o. Section IX,[177] 11 section I,[178] 28

---

[175] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

[176] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[177] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[178] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

section I,[179] 84 section I,[180] 88 first paragraph,[181] 95,[182] 96,[183] 101 section VI,[184] 124 second paragraph,[185] 125 second paragraph [186] 143 section IV[187] and 145[188] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[189]

---

[179] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[180] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[181] This clause provides for the requirements for sales of federal land for a price.

[182] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[183] This clause provides for the requirements and formalities for selling federal land.

[184] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[185] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[186] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[187] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[188] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[189] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

> (3) Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 464.35 square meters of land reclaimed from the sea and existing works, located at 4300 Ruiz Cortínez Avenue, Mocambo, Municipality of Boca de Río, State of Veracruz, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Desarrollo Turístico del Golfo, S.A. de C.V., which was published in the Official Journal of the Federation of February 24, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[190] Articles 6o. Section IX,[191] 11 section I,[192] 28 section I,[193] 84 section I,[194] 88 first paragraph,[195] 95,[196] 96,[197] 101 section VI,[198]

---

[190] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[191] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[192] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[193] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[194] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[195] This clause provides for the requirements for sales of federal land for a price.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

124 second paragraph,[199] 125 second paragraph [200] 143 section IV[201] and 145[202] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[203]

> (4)   Administrative   Agreement   de-incorporating from   the   public   domain   of   the   federation   land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 512.80 square meters of land reclaimed from the estuary, located at Moctezuma Street without number,

---

[196] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[197] This clause provides for the requirements and formalities for selling federal land.

[198] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[199] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[200] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[201] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[202] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[203] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

residential condominium Villa Rica Golf Club, Municipality of Alvarado, State of Veracruz, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. José Guillermo Herrera Mendoza, which was published in the Official Journal of the Federation of April 10, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[204] Articles 6o. Section IX,[205] 11 section I,[206] 28 section I,[207] 84 section I,[208] 88 first paragraph,[209] 95,[210] 96,[211] 101 section VI,[212]

---

[204] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[205] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.
[206] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.
[207] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.
[208] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.
[209] This clause provides for the requirements for sales of federal land for a price.
[210] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.
[211] This clause provides for the requirements and formalities for selling federal land.
[212] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

124 second paragraph,[213] 125 second paragraph [214] 143 section IV[215] and 145[216] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[217]

> (5) Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 10,892.31 square meters of land reclaimed from the sea and existing works, located at the locality of Barra Juan Ángel, Municipality of Ursulo Galván, State of Veracruz de Ignacio de la Llave, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. Carlos Martínez Fernández, which was published in the Official Journal of the Federation of October 4, 2010.

---

[213] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[214] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[215] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[216] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[217] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[218] Articles 6o. Section IX,[219] 11 section I,[220] 28 section I,[221] 84 section I,[222] 88 first paragraph,[223] 95,[224] 96,[225] 101 section VI,[226] 124 second paragraph,[227] 125 second paragraph [228] 143 section IV[229] and 145[230]

---

[218] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[219] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[220] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[221] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[222] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[223] This clause provides for the requirements for sales of federal land for a price.

[224] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[225] This clause provides for the requirements and formalities for selling federal land.

[226] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[227] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[228] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[229] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[230] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[231]

> (6) Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 262.77 square meters of land reclaimed from the sea, located at the locality of Privada Jardinez without number, locality of Congregación Villa Rica, Municipality of Actopan, State of Veracruz, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. Alfonso Robles Rodríguez, which was published in the Official Journal of the Federation of July 20, 2011.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[232] Articles 6o. Section IX,[233] 11 section I,[234] 28

---

[231] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

[232] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

section I,[235] 84 section I,[236] 88 first paragraph,[237] 95,[238] 96,[239] 101 section VI,[240] 124 second paragraph,[241] 125 second paragraph [242] 143 section IV[243] and 145[244] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the

---

[233] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[234] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[235] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[236] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[237] This clause provides for the requirements for sales of federal land for a price.

[238] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[239] This clause provides for the requirements and formalities for selling federal land.

[240] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[241] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[242] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[243] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[244] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[245]

> (7)   Grant authorizing the use and exploitation of a maritime zone included in the assets in the federal domain of the federation for the construction and operation of a marina.

Grant made in favor of Promotora y Constructora Estero de Mandinga, S.A. de C.V.,  for the use and exploitation of a maritime zone included in the assets in the federal domain of the federation for the construction and operation of a marina for private use known as El Dorado Residential Marina, located in the estuary Mandinga, Municipality of Boca del Rio, State of Veracruz, which was published in the Official Journal of the Federation of March 30, 2010.

This Grant was made under the authority of Articles 27 sixth paragraph[246] and 28 tenth paragraph[247] of the Mexican Constitution, Articles 36 sections XVI, XIX, XX and XXVII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[248] 3rd, 52 section I of the Statute

---

[245] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

[246] This paragraph of Article 27 authorizes making grants in favor of private individual and entities of land in the public domain of the Nation.

[247] This paragraph of Article 28 creates an exception in relation with the antitrust constitutional principles and legislation.

[248] These clauses provide the authority of the Ministry of Communications and Transport (*Secretaría de Comunicaciones y Transportes*) to regulate water

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

on General Means of Communication (*Ley de Vías Generales de Comunicación*),[249]

Articles 3rd sections I and II,[250] 4th,[251] 6th sections I, II and IV,[252] 7th sections III

and VI,[253] 9,[254] 13,[255] 15,[256] 16,[257] 17 first paragraph,[258] 20,[259] 28 section V,[260] 72

---

communications and transport, to authorize permits, concessions and contracts to exploit water communications, coordinate maritime and river ports, and other related activities, as well as other activities necessary to implement its duties and authorities in these fields.

[249] These clauses set forth the jurisdiction of the Ministry of Communications and Transport (*Secretaría de Comunicaciones y Transportes*) and the requirement of filing for approval all contracts med under the terms of grant made and permits given by this Ministry.

[250] These clauses confirm that all assets referred to in Articles 27 paragraphs fourth, fifth and eight, 42 section IV and 132 of the Mexican Constitution, as well as all asses of common use, are National Assets.

[251] This clause provides that all National Assets are governed by this Statute and also that this Statute is the *Ius Commune* (Common Law) for all other legislation governing National Assets.

[252] These clauses provide that assets referred to in articles 27 paragraphs fourth, fifth and eight, 42 section IV and 132 of the Mexican Constitution, as well as assets of common use and the floor and the sub-soil of Mexican territorial seas and the waters therein shall be under the public domain of the federation.

[253] These clauses provides that the internal water under the Federal Statute on the Sea (Ley Federal del Mar), as well as ports, bays, inlets, and  small bays are assets of common use.

[254] This clause provides that all assets subject to the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government as provided by this Statute, unless otherwise provided

[255] This clause provides that all assets subject to the public domain of the federation shall be un-transferable, cannot be acquired by adverse possession, cannot be seized or subject to repossession claims.

[256] This clause provides that private individuals and private entities shall only acquire the right to use and exploit assets in the public domain of the federation when pertinent legislation permits that.

[257] Grants, permits and authorization on assets subject to public domain of the federation do not create real rights over the same, but the right to manage, use

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

to 77,[261] 149[262] and 151[263] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 1st, 2nd section V, 3rd, 4th, 6, 10 section II, 11, 16 section IV, 20 section II, subsection a), 21, 22, 23, 24 last paragraph, 26, 29, 31, 32, 33, 34, 36, 37, 59, 63, 64, 65 y 69 of the Statute on Ports (*Ley de Puertos*)[264] 1st, 10, 11, 12, 17, 20, 45 to 54 of the Regulation on the Statute on Ports (*Reglamento de la Ley de Puertos*)[265] and 5th section XI of the Internal Regulation fo the Ministry of

---

and exploit the same under the terms of the pertinent grant, permit or authorization thereupon.

[258] This clause provides the cases when a grant upon national assets on the public domain of the federation may be denied.

[259] This clause provides transfer of National Assets in contravention to this Statute shall be null.

[260] This clause provides that the Ministry in charge of enforcing this Statute shall have the authority do make gran on National Assets, as well as to give permits or authorizations for the use or exploitation of such assets.

[261] These clauses provide that the agencies in charge of managing National Assets may give grants or permits for the use or exploitation of such assets and the terms and conditions for that, as well as for managing and terminating such grants or permits.

[262] This clause provides that the sanctions for infringing the provisions of this Statute.

[263] This clause provides that all works and infrastructure made in National Assets without a grant, permit or authorization shall be lost for the benefit of the federation.

[264] These clauses provide that all ports, including marinas, shall be subject to the control and regulation of the Federal Government, including all acts, permits and grants related to the same, as well as the sanctions in case of infringements to the law.

[265] These clauses provide that all ports, including marinas, shall be subject to the control and regulation of the Federal Government, including all acts, permits and grants related to the same, as well as the sanctions in case of infringements to the law.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Communications and Transport (*Reglamento Interior de La Secretaría de Comunicaciones y Transportes*)[266]

> (8)    Administrative    Agreement    de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price

Administrative Agreement by means of which an area of 302.07 square meters of land reclaimed from the sea, located at March 21 Street without number, between Allende Street, Independencia Street and Del Mar Boulevard, subdivision Pescadores, town of Boca del Río, Municipality of Boca del Río, State of Veracruz, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. José Manuel Ceballos García, which was published in the Official Journal of the Federation of July 24, 2009.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[267] Articles 6o. Section IX,[268] 11 section I,[269] 28

---

[266] This clause provides the Ministry of Communications and Transport with the authority required to make grants such as the one under analysis.
[267] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[268] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

section I,[270] 84 section I,[271] 88 first paragraph,[272] 95,[273] 96,[274] 101 section VI,[275] 124 second paragraph,[276] 125 second paragraph [277] 143 section IV[278] and 145[279] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[280]

---

[269] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[270] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[271] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[272] This clause provides for the requirements for sales of federal land for a price.

[273] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[274] This clause provides for the requirements and formalities for selling federal land.

[275] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[276] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[277] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[278] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[279] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[280] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

**c)    Administrative Agreements de-incorporating land under the federal domain of the federation for the benefit of private individuals and corporations in the State of Quintana Roo**

**(1)    Administrative Agreement de-incorporating from the public domain of the federation land reclaimed from the sea, authorizing its sale for a price**

Administrative Agreement by means of which an area of 4,330.14 square meters of land reclaimed from the sea, located at Punta Nizuc, Hotel Zone, Cancún, Municipality of Benito Juárez, State of Quintana Roo, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Mr. Javier Ramirez García, which was published in the Official Journal of the Federation of January 4, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[281] Articles 6o. Section IX,[282] 11 section I,[283] 28

---

[281] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[282] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.
[283] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

section I,[284] 84 section I,[285] 88 first paragraph,[286] 95,[287] 96,[288] 101 section VI,[289] 124 second paragraph,[290] 125 second paragraph [291] 143 section IV[292] and 145[293] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4 and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[294]

---

[284] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[285] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[286] This clause provides for the requirements for sales of federal land for a price.

[287] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[288] This clause provides for the requirements and formalities for selling federal land.

[289] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[290] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[291] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[292] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[293] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[294] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

> (2) Administrative Agreement de-incorporated from the public domain of the federation land reclaimed from the sea and existing works, authorizing its sale for a price

Administrative Agreement by means of which an area of 718.89 square meters of land reclaimed from the sea and existing works, located at Boulevard Kukulcán kilometers 15+035 to 16+609, Hotel Zone, Cancún, Benito Juarez, State of Quintana Roo, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Apaseo del Caribe, S.A. de C.V., which was published in the Official Journal of the Federation of April 12, 2011.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[295] Articles 6o. Section IX[296] ,[297] 11 section I,[298] 28 section I,[299] 84 section I,[300] 88 first paragraph,[301] 95,[302] 96,[303] 101 section

---

[295] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[296] This clause provides that the land reclaimed from the sea is considered under the public domain of the Federal Government.

[297] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[298] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

[299] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[300] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

VI,[304] 124 second paragraph,[305] 125 second paragraph [306] 143 section IV[307] and 145[308] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4th and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[309]

---

[301] This clause provides for the requirements for sales of federal land for a price.

[302] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[303] This clause provides for the requirements and formalities for selling federal land.

[304] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[305] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[306] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[307] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[308] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[309] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

> (3) Administrative Agreement de-incorporated from the public domain of the federation land reclaimed from the Lagoon of Nichupté, authorizing its sale for a price

Administrative Agreement by means of which an area of 1832.93 square meters of land reclaimed from the Lagoon of Nichupté, located kilometer 19+500, Boulevar Kukulcán to 16+609, track of land 66, City of Cancún, Municipality of Benito Juarez, State of Quintana Roo, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of Operadora Ya Ima k an, S.A. de C.V., to be used to complement the existing tourist development, which was published in the Official Journal of the Federation of July 3, 2009.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[310] Articles 6o. Section IX[311] ,[312] 11 section I,[313] 28 section I,[314] 84 section I,[315] 88 first paragraph,[316] 95,[317] 96,[318] 101 section

---

[310] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[311] This clause provides that the land reclaimed from the sea is considered under the public domain of the Federal Government.
[312] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.
[313] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.
[314] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO
Tels. +52 (81) 8387-966  & +52 (81) 8358-2898
**www.gabuardi.com**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

VI,[319] 124 second paragraph,[320] 125 second paragraph [321] 143 section IV[322] and 145[323] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4th and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[324]

---

[315] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[316] This clause provides for the requirements for sales of federal land for a price.

[317] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[318] This clause provides for the requirements and formalities for selling federal land.

[319] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[320] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[321] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[322] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[323] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[324] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

> (4) Administrative Agreement de-incorporated from the public domain of the federation land reclaimed from the Lagoon, authorizing its sale for a price

Administrative Agreement by means of which an area of 14,358.40 square meters of land reclaimed from the Lagoon and the infrastructures and buildings in the same, located in front of privative units 18-04-08 and 18-04-09, block 53, Cancún hotel zone, Municipality of Benito Juarez, State of Quintana Roo, is de-incorporated from the public domain of the federation, authorizing its sale for a price in favor of BBVA Bancomer, S.A., Institución de Banca Múltiple, Grupo Financiero BBVA Bancomer, trust agent of Trust No. F/22824-7, to be used for building single family housing units, which was published in the Official Journal of the Federation of November 24, 2005.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[325] Articles 6o. Section IX[326] ,[327] 11 section I,[328]

---

[325] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[326] This clause provides that the land reclaimed from the sea is considered under the public domain of the Federal Government.
[327] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.
[328] This clause provides that the federal may, among other things, authorize act of acquisition or sale of federal land.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

28 section I,[329] 84 section I,[330] 88 first paragraph,[331] 95,[332] 96,[333] 101 section VI,[334] 124 second paragraph,[335] 125 second paragraph [336] 143 section IV[337] and 145[338] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), and Articles 4th and 5 section XXV and 30 section XII of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[339]

---

[329] This clause provides that the Federal Government through its Ministries and agencies are in charge of possessing, inspect manage and control federal land.

[330] This clause provides that federal land, which is not required for public service or is not of common use, may be sold for a price.

[331] This clause provides for the requirements for sales of federal land for a price.

[332] This clause provides for the requirements to sale federal land, including that of the agreement to de-incorporate land from the public domain of the federation the legal effects of that in constitutional and legal terms.

[333] This clause provides for the requirements and formalities for selling federal land.

[334] This clause provides that the agreements having a legal effect on federal land shall be published in the Official Journal of the Federation.

[335] This clause provides that the Federal Government through its Ministries shall authorize all works made on land reclaimed from the sea.

[336] This clause provides some rights of preference on individuals who have received concessions on land reclaimed from the sea when such land is de-incorporated from the public domain of the federation and is put for sale.

[337] This clause provides which are the federal agencies that shall give an opinion when federal land is sold for a price.

[338] This clause provides for the rules that shall be observed by government agencies when there is an economic burden on them.

[339] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Furthermore, consistently with the Mexican Constitution, the State Constitutions of Tamaulipas, Veracruz and Quintana Roo also honor this historical principle in their respective State Constitutions.

### 3.    The territory of the States of Tamaulipas, Veracruz and Quintana Roo in terms of their own constitutions

#### a)    *State Constitution of Tamaulipas*

Under Article 2 the Constitution of Tamaulipas, "The territory of the State includes the historical Province called New Santander, with the limitations made by the Treaty of Guadalupe Hidalgo."

As a matter of fact, in historical terms the former Province of New Santander, as well as its successor, the State of Tamaulipas, has governed, defended and policed the interior maritime waters, the coasts and the adjacent seas and islands of said State.[340]

---

[340] The following islands are adjacent to Mexico and the Laguna Madre, Laguna de Tamiahua and Laguna San Andrés in Tamaulipas: Isla Badillo, Isla Bayas, Isla Buen Paso, Isla Cascajal, Isla Champurrades, Isla Charco Largo, Isla Curricitos, Isla de Don Pancho, Isla de Garcia, Isla de la Lagana, Isla de la Liebre, Isla de la Mula, Isla de la Sal, Isla de la Soledad, Isla de la Vaca, Isla de las Garrapatas, Isla de las Mujeres, Isla de los Potros, Isla de los Trancos, Isla del Arpa, Isla del Caballo, Isla del Guero, Isla del la Yequa, Isla del Padre, Isla del Potrero, Isla del Te, Isla del Venada, Isla del Zacate, Isla Don Pancho, Isla El Carrizal, Isla El Chaparro, Isla El Cueno, Isla El Metate, Isla El Padre, Isla El Pano, Isla Federules, Isla Fusiles, Isla Garzas, Isla Higuerillas, Isla Huesos, Isla Jara, Isla La Conchillasa, Isla La Coyota, Isla La Florida, Isla La Mula, Isla La Narranja, Isla La Pita, Isla La

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

### b)        State Constitution of Veracruz

Under Article 3 the Constitution of Veracruz, "The territory of the State has the extension and limits that it historically, including the capes, islands, islets adjacent to its seashore in conformity with that set forth by the Federal Constitution and the law."

As a matter of fact, the State of Veracruz, has governed, defended and policed the interior maritime waters, the coasts and the adjacent seas, islands and islets of said State.[341]

---

Vaca, Isla La Yegua, Isla Labor, Isla Larga, Isla Las Garzas, Isla Las Vaquitas, Isla León, Isla Loma del Agua, Isla Los Bules, Isla Los Coconos, Isla Los Fustes, Isla Los Pelicanos, Isla Lu Perra, Isla Manzanas, Isla Mano de León, Isla Mata Grande, Isla Medano Alt, Isla Meleta, Isla Nopal, Isla Panaleros, Isla Potranca, Isla Poza Rica, Isla Prieta, Isla Punta Brava, Isla Quemada, Isla Remo, Isla Rincon del Gato, Isla Sal, Isla Santa Marie, Isla Tio Nicolás, Isla Tronconal, Isla Venados, Isla Verde e Islotes del Mezquital. Cfr. http://www.isla.org.mx/proyectos_que-_desarrolla_isla_ac/centro-de-informacion-y-difusion/listado-de-islas-de-mexico/
[341] The following islands are adjacent to the territory of Veracruz and the Laguna de Tamiahua in Veracruz: Isla del Frontón, Isla Lobos, Isla Pérez, Isla Verde, Isla Blanquilla, Isla la Galleguita, Isla de Sacrificios, Isla Anegada de Afuera, Isla Enmedio, Isla Salmedia, Isla el Rizo, Isla Anegadilla, Isla Cabezo, Isla Blanca, Isla San Juan de Ulua, Arrecife Santiaguillo, Isla Topetillo,  Isla Chopas, Isla del ídolo, Isla del Toro, Isla Juana Ramírez, Isla el Hospital, Isla los Pájaros, Isla Mata de Caballos e Islas Frijoles. Idem

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

c)      State Constitution of Quintana Roo

Under Article 46 of the Constitution of Quintana Roo, "The territory of the State of Quintana Roo includes: II. The islands of Cozumel, Cancun, Mujeres, Blanca and Contoy, located in the Caribbean Sea and Holbox in the Gulf of Mexico, as well as the islands, islets, keys, reefs adjacent to its seashore."[342]

As a matter of fact, the State of Quintana Roo, has governed and still governs, defends and polices the interior maritime waters, the coasts and the adjacent seas, keys, reefs, islands and islets of said State.[343]

---

[342] This language has been in the text of the Constitution of Quintana Roo since it was first published in 1975. Official Journal of Quintana Roo, February 12, 1975.
[343] In addtion to the islands of Cozumel, Cancun, Mujeres, Blanca, Contoy and Holvox, the following islands are also locate adjacent to the seacoast of Quintana Roo: Banco Chinchorro, Isla la Pasión, Isla Boca Iglesias, Isla Cayo Cotuna, Isla Blanca, Isla Chai, Cayo Lobos, Cayo Blackford, Cayo Norte, Cayo Centro, Isla Zipital, Islote Cabeza de Coral and Cayo Culebra. Idem

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

## B. CONCURRENT (COINCIDENTAL ) RIGHTS AND JURISDICTION GRANTED TO THE STATES OF TAMAULIPAS, VERACRUZ AND QUINTANA ROO BY THE MEXICAN CONSTITUTION, BY THEIR RESPECTIVE STATE CONSTITUTIONS, BY FEDERAL OR STATE LEGISLATION, AND BY MEANS OF COORDINATION AGREEMENTS ENTERED INTO BETWEEN THE FEDERAL GOVERNMENT AND SUCH STATES AND/OR THE MUNICIPALITIES THEREIN, OR RESULTING FROM ADMINISTRATIVE AGREEMENTS ISSUED BY THE NATIONAL EXECUTIVE BRANCH OF GOVERNMENT, BY COORDINATION AGREEMENTS ENTERED INTO BETWEEN THE MEXICAN GOVERNMENT, THE STATE GOVERNMENTS, AND THE MUNICIPALITIES THERETO

There are various pieces of legislation, as well as administrative agreements and coordination agreements evidencing the basis of the concurrent powers and authorities of the Federal Government and States.

As I mentioned before, Mexican constitutional theory has acknowledged that "coincidental  concurrent powers" exist when several of the constituent parts of the Mexican Republic can act upon the same field pursuant to the terms and

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

scope determined by the Mexican Congress through legislation enacted to this end.

On this particular issue, the Mexican Supreme Court held a binding doctrinal opinion defining the State of the Art on this Matter, as follows:

**CONCURRENT POWERS IN THE MEXICAN LEGAL SYSTEM. MAIN FEATURES.**

. . . . the reformer of the Constitution has provided for various clauses through which the Congress of the Union may establish a distribution of jurisdiction among the Federal Union, the federated states and the Municipalities, and even the Federal District, called "concurrent powers", in matters such as: education (articles 3, section VIII, and 73, section XXV), health (articles 4, third paragraph, and 73, section XVI), human settlements (articles 27, third paragraph, and 73, section XXIX-C), public security (article 73, section XXIX-C), environment (article 73, section XXIX-G), civil protection (article 73, section XXIX-I) and sports (article 73, section XXIX-J).   Accordingly, in the Mexican legal system, concurrent powers imply that the States constituent the Federal Union, as well as the Federal District, the Municipalities and the Federal Union, may act upon the same matters, but the Congress of

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

the Union shall be the one establishing the form and terms corresponding to each one of them through a general statute.[344]

More specifically, the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the General Statute for the Ecological Equilibrium and Environmental Protection (*Ley General del Equilibrio Ecológico y la Protección del Ambiente*) and the General Statute on Tourism (*Ley General de Turismo*), among others,[345] provide and implement the constitutional principles on coincidental concurrent powers whereby the Federal Government and the State Governments may coincidentally concur on specific areas of common jurisdiction.

The constitutional foundation for concurrent powers on Fisheries and Aquaculture is based upon the authority of Article 73 section XXIX-L, Ecological Equilibrium and Environmental Protection is based upon Article 73 section XXIX-G, and Tourism is based upon Article 73 section XXIX-K all of the Mexican Constitution.

The General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*) establishes the scope of jurisdiction

[344] Constitutional Controversy. 29/2000. Idem.
[345] Coincidental concurrent powers are common in the Mexican legal system, including, but not limited to, in areas such as education, public health, human settlements, public security, civil protection and sports However in this expert legal opinion, I will only discuss those areas of law, which are more relevant to the case at hand, namely, National Assets, Fisheries and Aquaculture, and Environmental, Ecological Law and Tourism.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

corresponding to the Federal Government in Articles 7, 8, 9 and 10,[346] the State Governments jurisdiction in Articles 13 and 15 first paragraph[347] and the Municipalities jurisdiction in Articles 14 and 15 second paragraph,[348] while Articles 11 and 12 discuss the coordination among these three jurisdictions.[349]

---

[346] Under the authority of Articles 7, 8, 9 and 10 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Federal Government through the Mexican President and the Ministry of Agriculture. Rural Development, Fisheries and Food Resources, through the Commission on Fisheries and Aquaculture, is in charge among other matters, of regulating, developing and manage the beneficial use of fisheries and water resources, lead the national fisheries and sustainable aquaculture policy, as well as providing for the administrative measures thereto, including reaching agreement and cooperation programs among the Mexican States Governments.

[347] Under the authority of Articles 13 and 15 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Mexican State Governments are in charge, among other matters, of developing and enforcing State policies and programs on fisheries and sustainable aquaculture in coordination with the National Programs, developing and enforcing State vigilance and inspection measures in coordination with the Federal Government and the State legislatures shall enact legislation on matters of their own jurisdiction

[348] Under the authority of Article 14 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Municipalities of each State within the scope of the authority of that statute and State legislation shall, among other matters develop and enforce municipal programs and policies, as well as participate in the vigilance and inspection of fisheries and aquaculture activities within their own jurisdiction and Municipal governments shall also provide the required administrative legal measures for the enforcement of such legislation.

[349] Under the authority of Articles 11 and 12 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Ministry of Agriculture. Rural Development, Fisheries and Food Resources may enter into coordination agreements for all purposes in

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

The General Statute for the Ecological Equilibrium and Environmental Protection (*Ley General del Equilibrio Ecológico y la Protección del Ambiente*) establishes the scope of jurisdiction of the Federal Government in Articles 5 and 6,[350] the State Governments jurisdiction in Articles 7, 9 and 10 first paragraph[351] and the Municipalities jurisdiction in Article 8 and 10 second paragraph,[352] while Articles 11, 12, 13, 14 and 14 bis, discuss the coordination among these three jurisdictions.[353]

---

which there may be concurrent powers between the State and the Federal Government.

[350] Under the authority of Articles 5 and 6 of the General Statute for the Ecological Equilibrium and Environmental Protection (*Ley General del Equilibrio Ecológico y la Protección del Ambiente*) the Federal Government shall develop the national environmental policy, manage and enforce it, as well as provide the necessary administrative means and regulations required to theses purposes.

[351] Under the authority of Articles 7, 9 and 10 first paragraph of the General Statute for the Ecological Equilibrium and Environmental Protection (*Ley General del Equilibrio Ecológico y la Protección del Ambiente*) the States – including the Federal District – shall develop the State environmental policy, manage and enforce it, as well as provide the necessary administrative means and regulations required to theses purposes, as well as enacting the State legislation required to these purposes.

[352] Under the authority of Articles 8 and 10 second paragraph of the General Statute for the Ecological Equilibrium and Environmental Protection (*Ley General del Equilibrio Ecológico y la Protección del Ambiente*) the States – including the Federal District – shall develop the State environmental policy, manage and enforce it, as well as provide the necessary administrative means and regulations required to theses purposes, as well as issuing the Municipal regulations required to these purposes.

[353] Under the authority of Articles 11, 12, 13, 14 and 14 bis, of the General Statute for the Ecological Equilibrium and Environmental Protection (*Ley General del Equilibrio Ecológico y la Protección del Ambiente*) the Federal Government and

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

The General Statute on Tourism (*Ley General de Turismo*), establishes the scope of jurisdiction corresponding to the Federal Government in Articles 4, 6 and 7,[354] the State Governments jurisdiction in Article 9[355] and the Municipalities jurisdiction in Article 10,[356] while Article 5 discusses the coordination among these three jurisdictions.[357]

Furthermore, following the intent of the Mexican Constitution on concurrent coincidental powers, the specific powers and proprietary rights established by the Constitutions of States of Tamaulipas, Veracruz and Quintana Roo on their

the States, as well as the States among themselves may enter into coordination agreements for all purposes encompassed in this Statute.

[354] Under the authority of Articles 4, 5 and 7 of the General Statute on Tourism (*Ley General de Turismo*) the Federal Government is in charge of developing and conducting the National policy on tourism, as well as promoting and implementing such policy in coordination with all other federal Ministries and agencies.

[355] Under the authority of Article 9 of the General Statute on Tourism (*Ley General de Turismo*) the State Governments are in charge of developing and conducting their respective state policy on tourism, as well as promoting and implementing such policy in coordination with all other federal, state and municipal agencies, as required.

[356] Under the authority of Article 10 of the General Statute on Tourism (*Ley General de Turismo*) the Municipal Governments are in charge of developing and conducting their respective municipal policy on tourism, as well as promoting and implementing such policy in coordination with all other federal, state and municipal agencies, as required.

[357] Under the authority of Article 5 of the General Statute on Tourism (*Ley General de Turismo*) the Federal Government and the States, as well as the States among themselves may enter into coordination agreements for all purposes encompassed in this Statute.

Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO
Tels. +52 (81) 8387-966  & +52 (81) 8358-2898
**www.gabuardi.com**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

own territory, as well as the ones of the Municipalities thereto, these rights and powers are confirmed by means of the various Administrative Agreements[358] and Coordination Agreements[359] entered into between these States and the Federal Government in matters of Tourism, Environment, Sustainable Development, and de-incorporation from the public domain of the federation of land reclaimed from the sea.

With the purpose of illustrating these points, I make specific reference to some examples of these legal instruments. Again, I note that the matters referenced are not exhaustive, but merely some examples of many others that could be referenced.

---

[358] Administrative Agreements are legal instruments issued by the officer in charge of a Government Office or Agency whereby that officer makes official a decision taken by his office on matters under the scope of its jurisdiction.

[359] Coordination Agreements are legal agreements entered into the Federal Government and the State Governments in order to determine the manner in which concurrent coincidental powers shall be implemented in a given State.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

1.      **Administrative Agreements**

a)      *Administrative Agreements concerning the State of Tamaulipas*

(1)      Administrative Agreement by means of which the Mexican Government granted for the benefit of the State of Tamaulipas, a total area of 801,408.83 m2, made out of 684,366.65 m2 of federal land zone (*zona federal marítimo terrestre*) and 117,042.18 m2 of land reclaimed from the sea (*terrenos ganados al mar*) located in the State of Tamaulipas

The Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) issued an administrative agreement (*Acuerdo Administrativo*), which was duly published in the Official Journal of the Federation (*Diario Oficial de la Federación*) dated as of October 25, 2007, by means of which the Mexican Government granted for the benefit of the State of Tamaulipas, a total area of 801,408.83 m2, made out of 684,366.65 m2 of federal land zone (*zona federal marítimo terrestre*) and 117,042.18 m2 of land reclaimed from the sea (*terrenos ganados al mar*) located in the town of La Pesca, Municipality of Soto la Marina, State of Tamaulipas, for the purpose of using such public beach for the use and enjoyment of national and international tourism (*Acuerdo por el que se destina al servicio del Gobierno del Estado de Tamaulipas, la superficie de 801,408.83 m2, conformada por 684,366.65 m2 de zona federal marítimo terrestre y 117,042.18 m2 de terrenos ganados al mar, ubicada en el poblado La Pesca, Municipio de Soto la Marina, Estado de Tamaulipas, con el*

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*objeto de que la utilice para playa pública para uso y goce de turistas nacionales e internacionales*).

This administrative agreement (*Acuerdo Administrativo*) was issued and published in the Official Journal of the Federation under the authority of Articles 32 bis section II of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[360] Articles 6o. Sections II[361] y IX,[362] 7 section V,[363] 9o.,[364] 13,[365] 42 section XIII,[366] 59 section IV,[367] 61,[368] 62,[369]

---

[360] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to conduct the national policy on natural resources, environmental sanitation, water, environmental regulation of urban development, as well as fisheries, along with the participation of other agencies and entities.

[361] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[362] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[363] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[364] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[365] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[366] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[370] 68,[371] 69,[372] 70[373] and 71[374] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[375] 6o.,[376] 22[377], 23[378] and 35[379] of the

---

[367] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[368] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[369] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[370] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[371] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[372] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[373] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[374] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[375] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5th of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*). [380]

Under the terms of this Coordination Agreement, the State of Tamaulipas becomes entitled to use such land for tourism purposes and to make works for

---

[376] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).
[377] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.
[378] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.
[379] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.
[380] These two clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

the benefit of the same in the extent they are necessary to the purpose set forth in such agreement.

### b)   Administrative Agreements concerning the State of Quintana Roo

(1)   Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign  to the Municipality of Benito Juárez an area of federal land zone to be dedicated as Public Beach

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 5,089.25 square meters of federal land zone located at SM-86, MZ 02, Lots 08 and 07, Hotel Zone, Playa del Niño, Cancún, Municipality of Benito Juárez, State of Quintana Roo is assigned to the Municipality of Benito Juárez to be dedicated as Public Beach, which was published in the Official Journal of the Federation of May 25, 2012.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[381] Articles 3 section II,[382] 6o. Sections II[383] and IX,[384] 7 section V,[385] 9o.,[386] 13,[387] 42 section XIII,[388] 59 section IV,[389] 61,[390] 62,[391]

---

[381] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[382] This clause provides that the movable and immovable goods of the Federation are National Assets.

[383] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[384] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[385] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[386] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[387] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[388] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[389] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[390] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[392] 68,[393] 69,[394] 70[395] and 71[396] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[397] 6o.,[398] 22[399], 23[400] and 35[401] of the

---

administrative agreement to grant federal real estate for the benefit of public entities.

[391] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[392] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to be legally responsible of its preservation, maintenance and vigilance.

[393] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[394] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[395] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[396] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[397] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[398] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[402]

> (2)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment

Administrative Agreement issued by the Federal Ministry of Environment and

---

[399] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[400] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[401] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[402] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 213.21 square meters of federal land zone located in front of Petrel Norte Street, between blocks 4 and 5, Superblock 0, Region 1, subdivision Luis Donaldo Colosio, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be dedicated as Public Beach with easily removable supplies and equipment, published in the Official Journal of the Federation of May 10, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[403] Articles 3 section II,[404] 6o. Sections II[405] and IX,[406] 7 section V,[407] 9o.,[408] 13,[409] 42 section XIII,[410] 59 section IV,[411] 61,[412] 62,[413]

---

[403] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[404] This clause provides that the movable and immovable goods of the Federation are National Assets.

[405] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[406] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[407] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[408] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[409] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[414] 68,[415] 69,[416] 70[417] and 71[418] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[419]   6o.,[420]   22[421], 23[422] and 35[423] of the

---

[410] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[411] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[412] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[413] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[414] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[415] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[416] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[417] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[418] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[424]

---

[419] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[420] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[421] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[422] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[423] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[424] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

(3)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which an area of federal land zone and land reclaimed from the sea is assigned to the Municipality of Isla Mujeres to be dedicated to the protection of sea turtles

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 12,701.22 square meters of federal land zone and land reclaimed from the sea located in Circunvalación Aeropuerto number 245, Municipality of Isla Mujeres, State of Quintana Roo is assigned to the Municipality of Isla Mujeres to be dedicated to the protection of sea turtles, published in the Official Journal of the Federation of March 28, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[425] Articles 3 section II,[426] 6o. Sections II[427] and

---

[425] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[426] This clause provides that the movable and immovable goods of the Federation are National Assets.
[427] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

IX,[428] 7 section V,[429] 9o.,[430] 13,[431] 42 section XIII,[432] 59 section IV,[433] 61,[434] 62,[435]

66,[436] 68,[437] 69,[438] 70[439] and 71[440] of the General Statute on National Assets (*Ley*

---

[428] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[429] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[430] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[431] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[432] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[433] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[434] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[435] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[436] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[437] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted,

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*General de Bienes Nacionales*), 5o.,[441] 6o.,[442] 22[443], 23[444] and 35[445] of the
Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches,

---

they have to be return them to the Ministry of Environment and Natural
Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[438] This clause provides that if the Federal Government finds that assets given for
the benefit of public entities are not being used it my start inquires on this
matter.

[439] This clause provides administrative agreement granting the benefit upon
federal assets only transfer the right to use them but do not transfer the property
on the same or create any other real right son such assets and hence cannot be
transferred to anyone else.

[440] This clause provides that no public officers may inhabit real estate given for
the benefit of public entities, with the exception of those cases in which the law
authorizes it.

[441] This clause provides that beaches, federal land zone and land reclaimed from
the sea belong to the public domain of the federation and are under the
possession, management, control and vigilance of the Ministry of Environment
and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[442] This clause provides that for the best use, management and vigilance of
beaches, federal land zone and land reclaimed from the sea, it shall be
considered the features and appropriate usage of the same, either it may be for
tourism, industry, agriculture or aquaculture, in congruence with the master
plans develop by the Ministry of Environment and Natural Resources (*Secretaría
de Medio Ambiente y Recursos Naturales*).

[443] This clause provides that the Ministry of Environment and Natural Resources
(*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative
agreements shall assign federal land zones, land reclaimed from the sea or any
other deposit of maritime waters for the benefit of offices or agencies of the
Federal Public Administration or the State or Municipal Governments.

[444] This clause provides the criteria for granting concessions and permits on the
federal land zones, land reclaimed from the sea or any other deposit of maritime
waters to private individuals.

[445] This clause provides that the beneficiaries of concessions and permits
granted to private individuals do not create real rights upon federal land zones,

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[446]

> (4)        Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 247.35 square meters of federal land zone located at Cunaro de Piedra Street, Playacar Phase I, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be dedicated as Public Beach with easily removable supplies and equipment, published in the Official Journal of the Federation of March 22, 2012.

---

land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[446] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[447] Articles 3 section II,[448] 6o. Sections II[449] and IX,[450] 7 section V,[451] 9o.,[452] 13,[453] 42 section XIII,[454] 59 section IV,[455] 61,[456] 62,[457]

---

[447] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[448] This clause provides that the movable and immovable goods of the Federation are National Assets.

[449] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[450] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[451] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[452] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[453] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[454] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[455] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[456] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[458] 68,[459] 69,[460] 70[461] and 71[462] of the General Statute on of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[463]   6o.,[464]

---

administrative agreement to grant federal real estate for the benefit of public entities.

[457] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[458] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[459] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[460] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[461] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[462] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[463] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[464] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

22[465], 23[466] and 35[467] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the Sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[468]

> (5)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach

Administrative Agreement issued by the Federal Ministry of Environment and

---

[465] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.
[466] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.
[467] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.
[468] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 202.71 square meters of federal land zone located at Punta Bete (Velas), Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be dedicated as Public Beach, published in the Official Journal of the Federation of March 22, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[469] Articles 3 section II,[470] 6o. Sections II[471] and IX,[472] 7 section V,[473] 9o.,[474] 13,[475] 42 section XIII,[476] 59 section IV,[477] 61,[478] 62,[479]

---

[469] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[470] This clause provides that the movable and immovable goods of the Federation are National Assets.

[471] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[472] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[473] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[474] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[475] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[480] 68,[481] 69,[482] 70[483] and 71[484] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[485]   6o.,[486]   22[487], 23[488] and 35[489] of the

---

[476] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[477] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[478] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[479] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[480] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[481] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[482] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[483] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[484] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[485] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[490]

---

possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[486] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[487] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[488] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[489] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[490] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

> (6)      Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 592.63 square meters of federal land zone located in front of the continuation of 88 North Street, subdivision Luis Donaldo Colosio, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be dedicated as Public Beach with easily removable supplies and equipment, published in the Official Journal of the Federation of March 13, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[491] Articles 3 section II,[492] 6o. Sections II[493] and

---

[491] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[492] This clause provides that the movable and immovable goods of the Federation are National Assets.

[493] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

IX,[494] 7 section V,[495] 9o.,[496] 13,[497] 42 section XIII,[498] 59 section IV,[499] 61,[500] 62,[501] 66,[502] 68,[503] 69,[504] 70[505] and 71[506] of the General Statute on National Assets (*Ley*

---

[494] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[495] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[496] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[497] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[498] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[499] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[500] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[501] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[502] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[503] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted,

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*General de Bienes Nacionales*), 5o.,[507]  6o.,[508]  22[509], 23[510] and 35[511] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches,

---

they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[504] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[505] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[506] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[507] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[508] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[509] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[510] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[511] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones,

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[512]

> (7)      Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 289.64 square meters of federal land zone located Punta Bete, Monte Carlo, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be dedicated as Public Beach with easily removable supplies and equipment, published in the Official Journal of the Federation of September 3, 2012.

---

land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[512] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**
# www.gabuardi.com

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[513] Articles 3 section II,[514] 6o. Sections II[515] and IX,[516] 7 section V,[517] 9o.,[518] 13,[519] 42 section XIII,[520] 59 section IV,[521] 61,[522] 62,[523]

---

[513] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[514] This clause provides that the movable and immovable goods of the Federation are National Assets.

[515] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[516] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[517] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[518] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[519] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[520] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[521] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[522] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[524] 68,[525] 69,[526] 70[527] and 71[528] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[529]   6o.,[530]   22[531], 23[532] and 35[533] of the

---

administrative agreement to grant federal real estate for the benefit of public entities.

[523] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[524] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[525] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[526] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[527] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[528] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[529] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[530] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[534]

> (8)     Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Tuluim an area of federal land zone to be used for protection

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means

---

[531] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[532] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[533] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[534] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

of which the area of 192.47 square meters of federal land zone at  Highway Chetumal-Cancún, Bahías Punta Soliman, Municipality of Tulum, State of Quintana Roo is assigned to the Municipality of Solidaridad to be for protection, published in the Official Journal of the Federation of September 3, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[535] Articles 3 section II,[536] 6o. Sections II[537] and IX,[538] 7 section V,[539] 9o.,[540] 13,[541] 42 section XIII,[542] 59 section IV,[543] 61,[544] 62,[545]

---

[535] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[536] This clause provides that the movable and immovable goods of the Federation are National Assets.

[537] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[538] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[539] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[540] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[541] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[546] 68,[547] 69,[548] 70[549] and 71[550] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[551]   6o.,[552]   22[553], 23[554] and 35[555] of the

---

[542] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[543] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[544] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[545] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[546] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[547] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[548] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[549] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[550] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[551] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[556]

---

possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[552] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[553] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[554] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[555] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[556] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

> (9)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 300.74 square meters of federal land zone located in the town of South Xcaloco, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be dedicated as Public Beach, published in the Official Journal of the Federation of February 28, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[557] Articles 3 section II,[558] 6o. Sections II[559] and IX,[560] 7 section V,[561] 9o.,[562] 13,[563] 42 section XIII,[564] 59 section IV,[565] 61,[566] 62,[567]

---

[557] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[558] This clause provides that the movable and immovable goods of the Federation are National Assets.

[559] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[560] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[561] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**

# www.gabuardi.com

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[568] 68,[569] 69,[570] 70[571] and 71[572] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[573]   6o.,[574]   22[575], 23[576] and 35[577] of the

---

[562] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[563] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[564] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[565] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[566] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[567] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[568] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[569] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[570] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section

---

[571] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[572] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[573] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[574] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[575] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[576] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[577] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO
Tels. +52 (81) 8387-966  & +52 (81) 8358-2898
**www.gabuardi.com**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[578]

> (10)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 204.640 square meters of federal land zone located in front of north street, between blocks 3 and 4, subdivision Centro, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be dedicated as Public Beach with easily removable supplies and equipment, published in the Official Journal of the Federation of January 20, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[579] Articles 3 section II,[580] 6o. Sections II[581] and

---

[578] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

[579] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

IX,[582] 7 section V,[583] 9o.,[584] 13,[585] 42 section XIII,[586] 59 section IV,[587] 61,[588] 62,[589] 66,[590] 68,[591] 69,[592] 70[593] and 71[594] of the General Statute on National Assets (*Ley*

---

the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[580] This clause provides that the movable and immovable goods of the Federation are National Assets.

[581] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[582] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[583] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[584] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[585] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[586] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[587] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[588] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[589] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*General de Bienes Nacionales*), 5o.,[595]   6o.,[596]   22[597], 23[598] and 35[599] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches,

---

[590] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[591] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[592] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[593] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[594] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[595] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[596] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[597] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[600]

> (11)   Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 219.13 square meters of federal land zone located in front of 8 street, between blocks 4 and 21, super-block 0, Region 1, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo, is assigned to the Municipality

---

[598] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.
[599] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.
[600] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

of Solidaridad to be dedicated as Public Beach with easily removable supplies and equipment, published in the Official Journal of the Federation of November 3, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[601] Articles 3 section II,[602] 6o. Sections II[603] and IX,[604] 7 section V,[605] 9o.,[606] 13,[607] 42 section XIII,[608] 59 section IV,[609] 61,[610] 62,[611]

---

[601] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[602] This clause provides that the movable and immovable goods of the Federation are National Assets.

[603] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[604] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[605] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[606] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[607] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[608] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[612] 68,[613] 69,[614] 70[615] and 71[616] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[617]   6o.,[618]   22[619], 23[620] and 35[621] of the

---

[609] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[610] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[611] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[612] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[613] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[614] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[615] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[616] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[617] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[622]

---

[618] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[619] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[620] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[621] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[622] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

> (12)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection: maintenance of surface conditions

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 199.39 square meters of federal land zone located at Gaviotas Street, Gaviotas Beach, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be used for protection: maintenance of surface conditions, published in the Official Journal of the Federation of June 12, 2012.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[623] Articles 3 section II,[624] 6o. Sections II[625] and IX,[626] 7 section V,[627] 9o.,[628] 13,[629] 42 section XIII,[630] 59 section IV,[631] 61,[632] 62,[633]

---

[623] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[624] This clause provides that the movable and immovable goods of the Federation are National Assets.
[625] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.
[626] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[634] 68,[635] 69,[636] 70[637] and 71[638] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[639]  6o.,[640]  22[641], 23[642] and 35[643] of the

---

[627] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[628] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[629] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[630] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[631] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[632] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[633] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[634] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[635] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal

---

[636] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[637] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[638] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[639] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[640] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[641] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[642] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[643] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO
Tels. +52 (81) 8387-966  & +52 (81) 8358-2898
**www.gabuardi.com**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[644]

> (13)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 1,930.78 square meters of federal land zone located in front of subdivision Akumal, Phase F, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be used for protection, published in the Official Journal of the Federation of June 16, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[645] Articles 3 section II,[646] 6o. Sections II[647] and

---

[644] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

[645] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

IX,[648] 7 section V,[649] 9o.,[650] 13,[651] 42 section XIII,[652] 59 section IV,[653] 61,[654] 62,[655] 66,[656] 68,[657] 69,[658] 70[659] and 71[660] of the General Statute on National Assets (*Ley*

---

[646] This clause provides that the movable and immovable goods of the Federation are National Assets.

[647] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[648] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[649] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[650] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[651] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[652] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[653] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[654] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[655] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

# GABUARDI

**DR. CARLOS A. GABUARDI, PH. D.**
**EMAIL**
**CGABUARDI@GABUARDI.COM**

*General de Bienes Nacionales*), 5o.,[661]  6o.,[662]  22[663], 23[664] and 35[665] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches,

---

[656] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[657] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[658] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[659] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[660] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[661] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[662] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[663] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[666]

> (14)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Cozumel an area of federal land zone to be dedicated as Public Beach

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 17,590.28 square meters of federal land zone located at Costera Oriente Highway kilometer 42+200, Chen Río Beach, Island of Cozumel, Municipality of Cozumel, State of Quintana Roo is assigned to the Municipality of Cozumel to be dedicated as Public Beach, published in the Official Journal of the

---

[664] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[665] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[666] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Federation of May 27, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[667] Articles 3 section II,[668] 6o. Sections II[669] and IX,[670] 7 section V,[671] 9o.,[672] 13,[673] 42 section XIII,[674] 59 section IV,[675] 61,[676] 62,[677]

[667] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[668] This clause provides that the movable and immovable goods of the Federation are National Assets.

[669] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[670] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[671] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[672] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[673] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[674] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[675] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[678] 68,[679] 69,[680] 70[681] and 71[682] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[683]   6o.,[684]   22[685], 23[686] and 35[687] of the

[676] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[677] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[678] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[679] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[680] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[681] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[682] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[683] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[684] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master

Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO
Tels. +52 (81) 8387-966  & +52 (81) 8358-2898
**www.gabuardi.com**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[688]

> (15)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection

---

plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[685] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[686] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[687] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[688] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**
## www.gabuardi.com

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 219.47 square meters of federal land zone located in front of subdivision Akumal B, Chetumal-Cancún Highway, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be used for protection, published in the Official Journal of the Federation of April 29, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[689] Articles 3 section II,[690] 6o. Sections II[691] and IX,[692] 7 section V,[693] 9o.,[694] 13,[695] 42 section XIII,[696] 59 section IV,[697] 61,[698] 62,[699]

---

[689] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[690] This clause provides that the movable and immovable goods of the Federation are National Assets.
[691] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.
[692] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.
[693] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.
[694] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.
[695] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[700] 68,[701] 69,[702] 70[703] and 71[704] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[705]   6o.,[706]   22[707], 23[708] and 35[709] of the

---

[696] and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[696] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[697] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[698] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[699] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[700] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[701] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[702] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[703] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[704] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[710]

---

[705] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[706] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[707] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[708] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[709] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[710] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

> (16)   Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies and equipment

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 251.96 square meters of federal land zone located in front of 14 street, between blocks 23 and 24, super-block 0, Region 1, subdivision Centro, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo, is assigned to the Municipality of Solidaridad to be dedicated as Public Beach with easily removable supplies and equipment, published in the Official Journal of the Federation of April 23, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[711] Articles 3 section II,[712] 6o. Sections II[713] and

---

[711] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[712] This clause provides that the movable and immovable goods of the Federation are National Assets.

[713] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**
**www.gabuardi.com**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

IX,[714] 7 section V,[715] 9o.,[716] 13,[717] 42 section XIII,[718] 59 section IV,[719] 61,[720] 62,[721] 66,[722] 68,[723] 69,[724] 70[725] and 71[726] of the General Statute on National Assets (*Ley*

---

[714] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[715] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[716] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[717] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[718] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[719] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[720] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[721] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[722] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[723] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted,

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*General de Bienes Nacionales*), 5o.,[727]   6o.,[728]   22[729], 23[730] and 35[731] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches,

---

they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[724] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[725] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[726] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[727] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[728] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[729] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[730] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[731] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones,

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[732]

> (17)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with provisional facilities and easily removable supplies and equipment with bedrolls, plastic chairs and tables, movable bathrooms and removable umbrellas

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 271.70 square meters of federal land zone located in front of 16 street, between blocks 24 and 25, super-block 0, Region 1, subdivision Centro, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo, is assigned to the Municipality of Solidaridad to be dedicated as Public Beach with provisional facilities and easily removable supplies and equipment with bedrolls,

---

land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[732] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

plastic chairs and tables, movable bathrooms and removable umbrellas, published in the Official Journal of the Federation of April 23, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[733] Articles 3 section II,[734] 6o. Sections II[735] and IX,[736] 7 section V,[737] 9o.,[738] 13,[739] 42 section XIII,[740] 59 section IV,[741] 61,[742] 62,[743]

---

[733] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[734] This clause provides that the movable and immovable goods of the Federation are National Assets.

[735] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[736] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[737] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[738] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[739] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[740] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[744] 68,[745] 69,[746] 70[747] and 71[748] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[749]   6o.,[750]   22[751], 23[752] and 35[753] of the

---

[741] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[742] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[743] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[744] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[745] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[746] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[747] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[748] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[749] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[754]

---

[750] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[751] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[752] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[753] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[754] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

> (18)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Cozumel an area of federal land zone to be dedicated as Public Beach

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 8,570.85 square meters of federal land zone located in front of Oriente Highway kilometer 44+500, Municipality of Cozumel, State of Quintana Roo, is assigned to the Municipality of Cozumel to be dedicated as Public Beach, published in the Official Journal of the Federation of April 23, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[755] Articles 3 section II,[756] 6o. Sections II[757] and IX,[758] 7 section V,[759] 9o.,[760] 13,[761] 42 section XIII,[762] 59 section IV,[763] 61,[764] 62,[765]

---

[755] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[756] This clause provides that the movable and immovable goods of the Federation are National Assets.

[757] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[758] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[759] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[766] 68,[767] 69,[768] 70[769] and 71[770] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[771]   6o.,[772]   22[773], 23[774] and 35[775] of the

---

[760] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[761] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[762] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[763] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[764] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[765] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[766] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[767] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[768] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section

---

[769] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[770] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[771] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[772] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[773] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[774] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[775] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[776]

> (19)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable beach equipment

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 205.49 square meters of federal land zone located in front of 2 street north, blocks 1 and 2, super-block 0, Region 1, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo, is assigned to the Municipality of Solidaridad to be dedicated as Public Beach with easily removable beach equipment, published in the Official Journal of the Federation of March 30, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[777] Articles 3 section II,[778] 6o. Sections II[779] and

---

[776] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

[777] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

IX,[780] 7 section V,[781] 9o.,[782] 13,[783] 42 section XIII,[784] 59 section IV,[785] 61,[786] 62,[787] 66,[788] 68,[789] 69,[790] 70[791] and 71[792] of the General Statute on National Assets (*Ley*

---

the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[778] This clause provides that the movable and immovable goods of the Federation are National Assets.

[779] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[780] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[781] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[782] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[783] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[784] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[785] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[786] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[787] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*General de Bienes Nacionales*), 5o.,[793]  6o.,[794]  22[795], 23[796] and 35[797] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches,

---

[788] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[789] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[790] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[791] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[792] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[793] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[794] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[795] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[798]

> (20)   Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 212.66 square meters of federal land zone located at Piedra Escondida, Tulum Costero, Municipality of Solidaridad, , State of Quintana Roo, is assigned to the Municipality of Solidaridad to be used for protection, published in the Official Journal of the Federation of March 29, 2010.

---

[796] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[797] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[798] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[799] Articles 3 section II,[800] 6o. Sections II[801] and IX,[802] 7 section V,[803] 9o.,[804] 13,[805] 42 section XIII,[806] 59 section IV,[807] 61,[808] 62,[809]

---

[799] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[800] This clause provides that the movable and immovable goods of the Federation are National Assets.

[801] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[802] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[803] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[804] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[805] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[806] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[807] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[808] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[810] 68,[811] 69,[812] 70[813] and 71[814] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[815]   6o.,[816]   22[817], 23[818] and 35[819] of the

---

administrative agreement to grant federal real estate for the benefit of public entities.

[809] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[810] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[811] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[812] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[813] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[814] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[815] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[816] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[820]

> (21)   Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for ornament

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means

---

[817] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.
[818] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.
[819] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.
[820] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO
Tels. +52 (81) 8387-966  & +52 (81) 8358-2898
**www.gabuardi.com**

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

of which the area of 216.38 square meters of federal land zone located in Akumal phase H, Municipality of Solidaridad, State of Quintana Roo, is assigned to the Municipality of Solidaridad to be used for ornament, published in the Official Journal of the Federation of March 26, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[821] Articles 3 section II,[822] 6o. Sections II[823] and IX,[824] 7 section V,[825] 9o.,[826] 13,[827] 42 section XIII,[828] 59 section IV,[829] 61,[830] 62,[831]

---

[821] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[822] This clause provides that the movable and immovable goods of the Federation are National Assets.

[823] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[824] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[825] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[826] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[827] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[832] 68,[833] 69,[834] 70[835] and 71[836] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[837]   6o.,[838]   22[839], 23[840] and 35[841] of the

---

[828] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[829] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[830] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[831] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[832] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[833] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[834] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[835] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[836] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[837] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[842]

---

possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[838] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[839] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[840] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[841] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[842] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

>   (22)   Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for maintenance of surface conditions

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 333.97 square meters of federal land zone located in the Chetumal-Cancún Highway, Akumal, phase I, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be used for maintenance of surface conditions, published in the Official Journal of the Federation of March 26, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[843] Articles 3 section II,[844] 6o. Sections II[845] and IX,[846] 7 section V,[847] 9o.,[848] 13,[849] 42 section XIII,[850] 59 section IV,[851] 61,[852] 62,[853]

---

[843] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[844] This clause provides that the movable and immovable goods of the Federation are National Assets.
[845] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.
[846] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[854] 68,[855] 69,[856] 70[857] and 71[858] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[859]   6o.,[860]   22[861], 23[862] and 35[863] of the

---

[847] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[848] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[849] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[850] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[851] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[852] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[853] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[854] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[855] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal

---

[856] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[857] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[858] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[859] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[860] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[861] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[862] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[863] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[864]

> (23)   Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for ornament

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 333.97 square meters of federal land zone located in the Chetumal-Cancún Highway, Akumal, phase H, Municipality of Solidaridad, State of Quintana Roo is assigned to the Municipality of Solidaridad to be used for maintenance of surface conditions, published in the Official Journal of the Federation of March 8, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[865] Articles 3 section II,[866] 6o. Sections II[867] and

---

[864] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.
[865] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

IX,[868] 7 section V,[869] 9o.,[870] 13,[871] 42 section XIII,[872] 59 section IV,[873] 61,[874] 62,[875] 66,[876] 68,[877] 69,[878] 70[879] and 71[880] of the General Statute on National Assets (*Ley*

---

the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[866] This clause provides that the movable and immovable goods of the Federation are National Assets.

[867] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[868] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[869] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[870] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[871] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[872] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[873] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[874] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[875] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**
## www.gabuardi.com

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*General de Bienes Nacionales*), 5o.,[881]   6o.,[882]   22[883], 23[884] and 35[885] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches,

---

[876] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[877] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[878] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[879] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[880] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[881] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[882] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[883] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[886]

> (24)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with easily removable supplies (bedrolls, plastic chairs and tables, movable bathrooms)

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 330.69 square meters of federal land zone located in front of 38 Street, North, Block 3, super-block 0, Region 1, and Block 5, subdivision Xaman-Ha, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo,

[884] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.
[885] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.
[886] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

is assigned to the Municipality of Solidaridad to be dedicated as Public Beach with easily removable supplies (bedrolls, plastic chairs and tables, movable bathrooms), published in the Official Journal of the Federation of March 8, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[887] Articles 3 section II,[888] 6o. Sections II[889] and IX,[890] 7 section V,[891] 9o.,[892] 13,[893] 42 section XIII,[894] 59 section IV,[895] 61,[896] 62,[897]

---

[887] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[888] This clause provides that the movable and immovable goods of the Federation are National Assets.

[889] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[890] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[891] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[892] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[893] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[894] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

# GABUARDI

**DR. CARLOS A. GABUARDI, PH. D.**
**EMAIL**
**CGABUARDI@GABUARDI.COM**

66,[898] 68,[899] 69,[900] 70[901] and 71[902] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[903]   6o.,[904]   22[905], 23[906] and 35[907] of the

---

[895] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[896] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[897] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[898] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[899] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[900] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[901] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[902] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[903] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[908]

---

[904] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).
[905] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.
[906] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.
[907] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.
[908] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

(25)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 181.78 square meters of federal land zone located in front of 28 Street, North, between blocks 1 and 1, super-block 0, Region 3, subdivision Xaman-Ha, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo, is assigned to the Municipality of Solidaridad to be dedicated as Public Beach, published in the Official Journal of the Federation of March 5, 2010.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[909] Articles 3 section II,[910] 6o. Sections II[911] and IX,[912] 7 section V,[913] 9o.,[914] 13,[915] 42 section XIII,[916] 59 section IV,[917] 61,[918] 62,[919]

---

[909] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.
[910] This clause provides that the movable and immovable goods of the Federation are National Assets.
[911] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.
[912] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[920] 68,[921] 69,[922] 70[923] and 71[924] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[925]   6o.,[926]   22[927], 23[928] and 35[929] of the

---

[913] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[914] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[915] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[916] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[917] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[918] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[919] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[920] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[921] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO
Tels. +52 (81) 8387-966  & +52 (81) 8358-2898
**www.gabuardi.com**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal

---

[922] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[923] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[924] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[925] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[926] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[927] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[928] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[929] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section
XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment
and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[930]

> (26)    Administrative Agreement issued by the Federal
> Ministry of Environment and Natural Resources
> (*Secretaría de Medio Ambiente y Recursos Naturales*)
> to assign to the Municipality of Solidaridad an area of
> federal land zone to be used for protection

Administrative Agreement issued by the Federal Ministry of Environment and
Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means
of which the area of 189.76 square meters of federal land zone located in Akumal
phase B, Chetumal-Cancún Highway, Municipality of Solidaridad, State of
Quintana Roo, is assigned to the Municipality of Solidaridad to be used for
protection, published in the Official Journal of the Federation of October 27,
2011.

This Agreement was made under the authority of Article 32 bis section VIII of the
Organic Statute of the Federal Public Administration (*Ley Orgánica de la
Administración Pública Federal*),[931] Articles 3 section II,[932] 6o. Sections II[933] and

---

[930] These clauses provide the authority for the Ministry of Environment and
Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue
the administrative agreement herein discussed.
[931] This clause provides for the authority of the Ministry of Environment and
Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

IX,[934] 7 section V,[935] 9o.,[936] 13,[937] 42 section XIII,[938] 59 section IV,[939] 61,[940] 62,[941] 66,[942] 68,[943] 69,[944] 70[945] and 71[946] of the General Statute on National Assets (*Ley*

---

the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[932] This clause provides that the movable and immovable goods of the Federation are National Assets.

[933] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[934] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[935] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[936] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[937] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[938] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[939] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[940] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[941] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*General de Bienes Nacionales*), 5o.,[947]  6o.,[948]  22[949], 23[950] and 35[951] of the
Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches,

---

[942] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[943] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[944] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[945] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[946] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[947] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[948] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[949] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[952]

> (27) Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 204.54 square meters of federal land zone located at Xcalacoco Beach, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo, is assigned to the Municipality of Solidaridad to be used for protection, published in the Official Journal of the Federation of October 8, 2009.

---

[950] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[951] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[952] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

**Alejandría 125 Col. Roma – Monterrey, N.L. 64700 MEXICO**
**Tels. +52 (81) 8387-966 & +52 (81) 8358-2898**
# www.gabuardi.com

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[953] Articles 3 section II,[954] 6o. Sections II[955] and IX,[956] 7 section V,[957] 9o.,[958] 13,[959] 42 section XIII,[960] 59 section IV,[961] 61,[962] 62,[963]

---

[953] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[954] This clause provides that the movable and immovable goods of the Federation are National Assets.

[955] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[956] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[957] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[958] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[959] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[960] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[961] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[962] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[964] 68,[965] 69,[966] 70[967] and 71[968] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[969]  6o.,[970]  22[971], 23[972] and 35[973] of the

---

administrative agreement to grant federal real estate for the benefit of public entities.

[963] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[964] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[965] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[966] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[967] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[968] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[969] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[970] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[974]

> (28)     Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be dedicated as Public Beach with detachable facilities

---

[971] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[972] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[973] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[974] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 175.52 square meters of federal land zone located in 12 Street North, blocks 22 and 23, super-block 0, Region 01, subdivision Centro, Playa del Carmen, Municipality of Solidaridad, State of Quintana Roo, is assigned to the Municipality of Solidaridad to be dedicated as Public Beach with detachable facilities, published in the Official Journal of the Federation of October 7, 2009.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[975] Articles 3 section II,[976] 6o. Sections II[977] and IX,[978] 7 section V,[979] 9o.,[980] 13,[981] 42 section XIII,[982] 59 section IV,[983] 61,[984] 62,[985]

---

[975] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[976] This clause provides that the movable and immovable goods of the Federation are National Assets.

[977] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[978] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[979] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[980] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

66,[986] 68,[987] 69,[988] 70[989] and 71[990] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[991]   6o.,[992]   22[993], 23[994] and 35[995] of the

---

[981] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[982] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[983] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[984] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[985] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[986] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[987] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[988] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[989] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO
Tels. +52 (81) 8387-966  & +52 (81) 8358-2898

# www.gabuardi.com

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section

---

990 This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

991 This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

992 This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

993 This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

994 This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

995 This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[996]

> (29)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Cozumel an area of federal land zone to be dedicated as Public Beach

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 27,377.09 square meters of federal land zone located in San Martín Beach, Costera Oriente Highway, km 44+800, Island of Cozumel, Municipality of Cozumel, State of Quintana Roo, is assigned to the Municipality of Cozumel, to be dedicated as Public Beach, published in the Official Journal of the Federation of September 22, 2009.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[997] Articles 3 section II,[998] 6o. Sections II[999] and

---

[996] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

[997] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

IX,[1000] 7 section V,[1001] 9o.,[1002] 13,[1003] 42 section XIII,[1004] 59 section IV,[1005] 61,[1006] 62,[1007] 66,[1008] 68,[1009] 69,[1010] 70[1011] and 71[1012] of the General Statute on National

---

[998] This clause provides that the movable and immovable goods of the Federation are National Assets.

[999] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[1000] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[1001] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[1002] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[1003] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[1004] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[1005] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[1006] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[1007] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Assets (*Ley General de Bienes Nacionales*), 5o.,[1013]   6o.,[1014]   22[1015], 23[1016] and

35[1017] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways,

---

[1008] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[1009] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1010] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[1011] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[1012] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[1013] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1014] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1015] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[1018]

> (30)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection and ornament

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 110.62 square meters of federal land zone located in front of the subdivision El Porvenir, Playa Paraíso, Municipality of Solidaridad, State of

---

[1016] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[1017] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[1018] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

| GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Quintana Roo, is assigned to the Municipality of Solidaridad be used for protection and ornament, published in the Official Journal of the Federation of September 22, 2009.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[1019] Articles 3 section II,[1020] 6o. Sections II[1021] and IX,[1022] 7 section V,[1023] 9o.,[1024] 13,[1025] 42 section XIII,[1026] 59 section IV,[1027]

---

[1019] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[1020] This clause provides that the movable and immovable goods of the Federation are National Assets.

[1021] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[1022] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[1023] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[1024] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[1025] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[1026] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

61,[1028] 62,[1029] 66,[1030] 68,[1031] 69,[1032] 70[1033] and 71[1034] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[1035]  6o.,[1036]  22[1037], 23[1038]

---

[1027] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[1028] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[1029] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[1030] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[1031] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1032] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[1033] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[1034] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[1035] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

and 35[1039] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[1040]

---

[1036] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1037] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[1038] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[1039] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[1040] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

> (31)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Solidaridad an area of federal land zone to be used for protection and ornament

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 229.36 square meters of federal land zone located at Akumal Pase B, Municipality of Solidaridad, State of Quintana Roo, is assigned to the Municipality of Solidaridad to be used for protection and ornament, published in the Official Journal of the Federation of September 22, 2009.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[1041] Articles 3 section II,[1042] 6o. Sections II[1043] and IX,[1044] 7 section V,[1045] 9o.,[1046] 13,[1047] 42 section XIII,[1048] 59 section IV,[1049]

---

[1041] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[1042] This clause provides that the movable and immovable goods of the Federation are National Assets.

[1043] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[1044] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[1045] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

61,[1050] 62,[1051] 66,[1052] 68,[1053] 69,[1054] 70[1055] and 71[1056] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[1057] 6o.,[1058] 22[1059], 23[1060]

---

[1046] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[1047] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[1048] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[1049] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[1050] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[1051] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[1052] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[1053] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1054] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

and 35[1061] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal

---

[1055] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[1056] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[1057] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1058] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1059] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[1060] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[1061] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[1062]

> (32)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Cozumel an area of federal land zone to be dedicated as Public Beach

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 11,410.57 square meters of federal land zone located in Chumul beach, Costera Oriente Highway, km 44+360, Island of Cozumel, Municipality of Cozumel, State of Quintana Roo, is assigned to the Municipality of Cozumel, to be dedicated as Public Beach, published in the Official Journal of the Federation of September 21, 2009.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[1063] Articles 3 section II,[1064] 6o. Sections II[1065]

---

[1062] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

[1063] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

and IX,[1066] 7 section V,[1067] 9o.,[1068] 13,[1069] 42 section XIII,[1070] 59 section IV,[1071] 61,[1072] 62,[1073] 66,[1074] 68,[1075] 69,[1076] 70[1077] and 71[1078] of the General Statute on

---

[1064] This clause provides that the movable and immovable goods of the Federation are National Assets.

[1065] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[1066] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[1067] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[1068] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[1069] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[1070] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

[1071] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[1072] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[1073] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

National Assets (*Ley General de Bienes Nacionales*), 5o.,[1079]  6o.,[1080]  22[1081], 23[1082]
and 35[1083] of the Regulation for the Use and Benefit of the Territorial Sea,

---

[1074] This clause provides that the beneficiaries of real estate given for the benefit
of public entities are to legally responsible of its preservation, maintenance and
vigilance.

[1075] This clause provides that when the beneficiaries of federal real estate do not
require to use it, stop using it, or change the purpose for which it was granted,
they have to be return them to the Ministry of Environment and Natural
Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1076] This clause provides that if the Federal Government finds that assets given
for the benefit of public entities are not being used it my start inquires on this
matter.

[1077] This clause provides administrative agreement granting the benefit upon
federal assets only transfer the right to use them but do not transfer the property
on the same or create any other real right son such assets and hence cannot be
transferred to anyone else.

[1078] This clause provides that no public officers may inhabit real estate given for
the benefit of public entities, with the exception of those cases in which the law
authorizes it.

[1079] This clause provides that beaches, federal land zone and land reclaimed from
the sea belong to the public domain of the federation and are under the
possession, management, control and vigilance of the Ministry of Environment
and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1080] This clause provides that for the best use, management and vigilance of
beaches, federal land zone and land reclaimed from the sea, it shall be
considered the features and appropriate usage of the same, either it may be for
tourism, industry, agriculture or aquaculture, in congruence with the master
plans develop by the Ministry of Environment and Natural Resources (*Secretaría
de Medio Ambiente y Recursos Naturales*).

[1081] This clause provides that the Ministry of Environment and Natural Resources
(*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative
agreements shall assign federal land zones, land reclaimed from the sea or any
other deposit of maritime waters for the benefit of offices or agencies of the
Federal Public Administration or the State or Municipal Governments.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[1084]

> (33)    Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to assign to the Municipality of Cozumel an area of federal land zone to be dedicated as Public Beach

Administrative Agreement issued by the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of which the area of 776.13 square meters of federal land zone located at Rafael M. Melgar Avenue,  intersection with 13 Street, subdivision Gonzalo Guerrero, Municipality of Cozumel, State of Quintana Roo, is assigned to the Municipality of

---

[1082] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[1083] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[1084] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Cozumel, to be dedicated as Public Beach, published in the Official Journal of the Federation of July 24, 2009.

This Agreement was made under the authority of Article 32 bis section VIII of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[1085] Articles 3 section II,[1086] 6o. Sections II[1087] and IX,[1088] 7 section V,[1089] 9o.,[1090] 13,[1091] 42 section XIII,[1092] 59 section IV,[1093]

---

[1085] This clause provides for the authority of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to hold the possession of property of the Nation on the beaches, the federal land zone and the land reclaimed from the sea.

[1086] This clause provides that the movable and immovable goods of the Federation are National Assets.

[1087] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered under the public domain of the Federal Government.

[1088] This clause provides that the land reclaimed from the sea (*terrenos ganados al mar*) is considered under the public domain of the Federal Government.

[1089] This clause provides that the federal land zone (*zona federal marítimo terrestre*) is considered as an asset of common usage.

[1090] This clause provides that such assets under the public domain of the federation shall be under the exclusive jurisdiction of the Federal Government, unless they have been acquired after May 1 of 1917 and are located in the territory of one of the States, in which case, consent of the State Legislature shall be necessary.

[1091] This clause provides that such assets under the public domain of the federation shall be not transferable, cannot be acquired by adverse possession and cannot be seized nor be subject to restoration of the property actions or definite or provisional possessory actions, by third parties.

[1092] This clause provides that administrative agreements establishing that land reclaimed from the sea, rivers, lakes, lagoons, meadows, and other currents of national waters shall be filed before the Public Registry of Federal Property.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

61,[1094] 62,[1095] 66,[1096] 68,[1097] 69,[1098] 70[1099] and 71[1100] of the General Statute on National Assets (*Ley General de Bienes Nacionales*), 5o.,[1101] 6o.,[1102] 22[1103], 23[1104]

---

[1093] This clause provides that assets, which are given for the benefit of the States, the Federal District and the Municipalities or their respective decentralized agencies, are considered as providing a public service.

[1094] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) is empowered to issue administrative agreement to grant federal real estate for the benefit of public entities.

[1095] This clause provides for the requirements that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) has to meet in order to affect a track of land under the federal domain of the federation.

[1096] This clause provides that the beneficiaries of real estate given for the benefit of public entities are to legally responsible of its preservation, maintenance and vigilance.

[1097] This clause provides that when the beneficiaries of federal real estate do not require to use it, stop using it, or change the purpose for which it was granted, they have to be return them to the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1098] This clause provides that if the Federal Government finds that assets given for the benefit of public entities are not being used it my start inquires on this matter.

[1099] This clause provides administrative agreement granting the benefit upon federal assets only transfer the right to use them but do not transfer the property on the same or create any other real right son such assets and hence cannot be transferred to anyone else.

[1100] This clause provides that no public officers may inhabit real estate given for the benefit of public entities, with the exception of those cases in which the law authorizes it.

[1101] This clause provides that beaches, federal land zone and land reclaimed from the sea belong to the public domain of the federation and are under the possession, management, control and vigilance of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

and 35[1105] of the Regulation for the Use and Benefit of the Territorial Sea, Waterways, Beaches, Federal Land Zone and Land Reclaimed from the sea (*Reglamento para el Uso y Aprovechamiento del Mar Territorial, Vías Navegables, Playas, Zona Federal Marítimo Terrestre y Terrenos Ganados al Mar*); and Articles 4th and 5 section XXV and 30 section XIV of the Internal Regulation of the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).[1106]

## 2.    Coordination Agreements

---

[1102] This clause provides that for the best use, management and vigilance of beaches, federal land zone and land reclaimed from the sea, it shall be considered the features and appropriate usage of the same, either it may be for tourism, industry, agriculture or aquaculture, in congruence with the master plans develop by the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1103] This clause provides that the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) by means of administrative agreements shall assign federal land zones, land reclaimed from the sea or any other deposit of maritime waters for the benefit of offices or agencies of the Federal Public Administration or the State or Municipal Governments.

[1104] This clause provides the criteria for granting concessions and permits on the federal land zones, land reclaimed from the sea or any other deposit of maritime waters to private individuals.

[1105] This clause provides that the beneficiaries of concessions and permits granted to private individuals do not create real rights upon federal land zones, land reclaimed from the sea or any other deposit of maritime waters, but the right to use, benefit or exploit the same.

[1106] These clauses provide the authority for the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) to issue the administrative agreement herein discussed.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

a)      *Coordination Agreements concerning the State of Tamaulipas*

(1)      Coordination Agreement for the sustainable use of the beaches, federal land zone (*zona federal marítimo terrestre*) and of land reclaimed from the sea (*terrenos ganados al mar*) in the coastal municipalities of the State of Tamaulipas.

The Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) entered into a Coordination Agreement with the State of Tamaulipas and the Municipalities of Matamoros, San Fernando, Soto La Marian, Aldama, Altamira and Ciudad Madero for the sustainable use of the beaches, federal maritime land zone (*zona federal marítimo terrestre*) and of land reclaimed from the sea (*terrenos ganados al mar*) in the coastal municipalities of such State (Acuerdo de Coordinación que celebran la Secretaría de Medio Ambiente, Recursos Naturales y Pesca, el Estado de Tamaulipas y los municipios de Matamoros, San Fernando, Soto La Marina, Aldama, Altamira y Ciudad Madero, para el aprovechamiento sustentable de las playas, zona federal marítimo terrestre y terrenos ganados al mar, en los municipios costeros del propio Estado), which was published in the Official Journal of the Federation (*Diario Oficial de la Federación*) of October 2, 1998.

This Coordination Agreement was entered into by the parties referred to above pursuant to the terms of the National Development Plan 1995-2000 (*Plan

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*Nacional de Desarrollo 1995-2000*)[1107] under the authority of,[1108] Articles 1st., 2nd., 22, 26 and 32 bis of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[1109] Articles 32, 33, 34, 35 and 36 of the Planning Statute (*Ley de Planeación*),[1110] Articles 1st, 2nd, 5th, 8th sections II, III and XIII, 10, 16, 17 sections IV and V, 20, 25, 26, 29 sections IV and V, 30, 49, 50, 51, 52, 53, 54 and 98 of the General Statute on National Assets (*Ley General de Bienes Nacionales*),[1111] Articles 194-D y 232 of

---

[1107] The National Development Plans are the government programs whereby the economic and social planning sets the goals to be reached by the country during the 5 remaining years of a given presidential term.  The National Development Plan 1995-2000 was issued by President Zedillo and was published in the Official Journal of the Federation on May 31, 1995.

[1108] Articles 25, 26, 27, 90, 115 and 116 section VII of the Mexican Constitution provide the constitutional bases for the economic leadership of the Mexican State, as well as the manners of implementing such planning, the legal framework of National Lands, the organization of the Federal Public Administration, the internal organization of the federated States, as well as the participation of such States in the implementation of National policies and plans.

[1109] Articles 1st., 2nd., 22, 26 and 32 bis of the Organic Statute of the Federal Public Administration provide for the organization of the Federal Public Administration, the possibility of entering into Coordination Agreement with the State and Municipal Governments, as well as the jurisdictional scope of the Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1110] Articles 32, 33, 34, 35 and 36 Planning Statute (*Ley de Planeación*) establish that the National Development Plans shall be binding for all the Federal Public Administration, that the Federal Government may enter into Coordination Agreements with the States and the Municipalities thereto for the implementation of the National Development Plans providing for the measures and procedures to this purpose, publishing such agreements in the Official Journal of the Federation.

[1111] Articles 1st, 2nd, 5th, 8th sections II, III and XIII, 10, 16, 17 sections IV and V, 20, 25, 26, 29 sections IV and V, and 30, 49, 50, 51, 52, 53, 54 and 98 of the General

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

the Federal Statute on Government Fees (*Ley Federal de Derechos*),[1112] Article 17-A of the Federal Tax Code (*Código Fiscal de la Federación*),[1113] Articles 1st, 10, 10-A, 11, 13, 14 and 15 of the Statute on Tax Coordination (*Ley de Coordinación Fiscal*),[1114] as well as in Articles 91 section XXI and 95 of the Constitution of the State of Tamaulipas,[1115] Articles 6 and 10 of the Organic Statute of the Public Administration of the State of Tamaulipas (*Ley Orgánica del Estado de*

---

Statute on National Assets (*Ley General de Bienes Nacionales*) make reference to the Statute published in 1982 and abrogated by an new Statute with the same name of 2004. The authorities referred to in this agreement set forth the legal framework for national assets, the scope of the terms of the assets of common usage and those on the public domain, the legal framework of the assets of public domain of the Federation, the scope of the jurisdiction of the then Ministry of Urban Development and Ecology with respect to the management of maritime beaches, the federal land zone and the land reclaimed from the sea, as well as the possibility of entering into coordination agreements with the State Governments and the Municipalities thereto, the ability of the Federal Government to de-incorporate assets out of the public domain of the federation and issuing the regulations for the management, policing and profiting of such goods, the principles governing the concession of such assets, the legal framework of the federal land zone and the land reclaimed from the sea and the possibility of entering into coordination agreement with the State Governments and the Municipalities thereto with respect to such goods.

[1112] Articles 194-D y 232 of the Federal Statute on Government Fees (*Ley Federal de Derechos*) establish the Government Fees to be paid during the implementation of agreements and deed as the one covered by this Agreement.

[1113] Article 17-A of the Federal Tax Code (*Código Fiscal de la Federación*) provides for guidelines for determining government fees.

[1114] Articles 1st, 10, 10-A, 11, 13, 14 and 15 of the Statute on Tax Coordination (*Ley de Coordinación Fiscal*) provides the rules for the system of tax coordination and its operation, as well as the guidelines for the participation of the States in such system.

[1115] Articles 91 section XXI and 95 of the Constitution of the State of Tamaulipas provide for the authority of the State Governor to enter into agreements of this nature.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*Tamaulipas*),[1116] Articles 5, 49 section XXXII 7 sections I, IV, IX of the Statute for the Real Estate Tax Registry of the State of Tamaulipas (*Ley de Catastro del Estado de Tamaulipas*),[1117] Articles 53 and 54 of the Municipal Code[1118] and other applicable State and Municipal authorities.

Under the terms of this Coordination Agreement, the State of Tamaulipas is bound to preside, direct and manage the works for the sustainable benefit of the beaches, federal land zone (*zona federal marítimo terrestre*) and of land reclaimed from the sea (*terrenos ganados al mar*) in the coastal municipalities of such State, including to that purpose investing its own resource, as well as assisting the Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*) in carrying on the activities of control and vigilance of the beaches, the land federal zone and the land reclaimed from the sea. (Clause Seven of the Agreement).

Additionally, this Coordination Agreement, the Municipalities of Matamoros, San Fernando, Soto La Marian, Aldama, Altamira and Ciudad Madero are bound to

---

[1116] Articles 6 and 10 of the Organic Statute of the Public Administration of the State of Tamaulipas (*Ley Orgánica del Estado de Tamaulipas*) also provide for the authority of the State Governor to enter into agreements of this nature.

[1117] Articles 5, 49 section XXXII 7 sections I, IV, IX of the Statute for the Real Estate Tax Registry of the State of Tamaulipas (*Ley de Catastro del Estado de Tamaulipas*) establish the tax status of this agreements and the acts related to them.

[1118] Articles 53 and 54 of the Municipal Code of Tamaulipas provide for the authority of the Majors of the Municipalities to enter into agreements of this nature.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

assist the State of Tamaulipas in implementing its responsibilities under such agreement. (Clause Eight of the Agreement)

> (2)    Coordination Agreement for the purpose of assigning to the State Government of Tamaulipas some powers and authorities which were under the implementation authority of the Federal Government in matters concerning tourism planning, vigilance and assistance

The Ministry of Tourism (*Secretaría de Turismo*) and the Government of the State of Tamaulipas entered into a Coordination Agreement published in the Official Journal of the Federation (*Diario Oficial de la Federación*) on February 14, 2002, with the purpose of assigning to that State Government some powers and authorities in matters concerning tourism planning, vigilance and assistance which at that time were under the implementation authority of the Federal Government.

This Coordination Agreement was entered into by the parties referred to above under the authority of Articles 1st, 2nd section I, 26 and 42 of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[1119] Articles 33, 34, 35 and 36 of the Planning Statute (*Ley de*

---

[1119] Articles 1st, 2nd section I, 26 and 42 of the Organic Statute of the Federal Public Administration provide for the organization of the Federal Public Administration, the possibility of entering into Coordination Agreement with the State and Municipal Governments, as well as the jurisdictional scope of the

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*Planeación*),[1120] Articles 1st, 2nd, 17, 18 and 41 of the Federal Statute on Tourism (*Ley Federal deTurismo*),[1121] Articles 72 and 73 of the Regulation of the Federal Statute on Tourism (*Reglamento de la Ley Federal deTurismo*),[1122] Articles 1st, 4th, 5th sections XIV and XVII, 7, section XVII and 18 sections IX, X, XII and XIV of the Internal Regulation of the Ministry of Tourism (*Reglamento Interior de la Secretaría de Turismo*),[1123] Articles 91 section XXI and 95 of the Constitution of the State of Tamaulipas,[1124] and Articles 2nd, 6th, 7th, 10, 2, 22, 23 and 27 of the

---

Federal Ministry of Environment and Natural Resources (*Secretaría de Medio Ambiente y Recursos Naturales*).

[1120] Articles 33, 34, 35 and 36 of the Planning Statute (*Ley de Planeación*) establish that the National Development Plans shall be binding for all the Federal Public Administration, that the Federal Government may enter into Coordination Agreements with the States and the Municipalities thereto for the implementation of the National Development Plans providing for the measures and procedures to this purpose, publishing such agreements in the Official Journal of the Federation.

[1121] Articles 1st, 2nd, 17, 18 and 41 of the Federal Statute on Tourism (*Ley Federal deTurismo*) provided for the authority of the Ministry of Tourism in these matters and to enter into coordination agreements in these matters, and to verify compliance of tourist services providers with the tourism law and regulations.

[1122] Articles 72 and 73 of the Regulation of the Federal Statute on Tourism (*Reglamento de la Ley Federal deTurismo*) provide for the authority of the Ministry of Tourism to conduct activities of verification and vigilance on matters or tourism.

[1123] Articles 1st, 4th, 5th sections XIV and XVII, 7, section XVII and 18 sections IX, X, XII and XIV of the Internal Regulation of the Ministry of Tourism (*Reglamento Interior de la Secretaría de Turismo*) provide for the authority of the officers of the Ministry of Tourism to conduct the business of that agency.

[1124] Articles 91 section XXI and 95 of the Constitution of the State of Tamaulipas provide for the authority of the State Governor to enter into agreements of this nature.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Organic Statute of the Public Administration of the State of Tamaulipas (*Ley Orgánica del Estado de Tamaulipas*).[1125]

As previously mentioned, this agreement was entered into by Ministry of Tourism (*Secretaría de Turismo*) and the Government of the State of Tamaulipas, to assign to the latter some powers and authorities in matters concerning tourism planning, vigilance and assistance which at that time were under the implementation authority of the Federal Government.

(3)     Coordination Agreement for purposes of tourism development

The Ministry of Tourism (*Secretaría de Turismo*) and the Government of the State of Tamaulipas entered into a Coordination Agreement for purposes of tourism development, as published in the Official Journal of the Federation (*Diario Oficial de la Federación*) of January 1, 1999.

This Coordination Agreement was entered into by the parties referred to above under the authority of Articles 25, 26, 115 and 1116 of the Mexican Constitution,[1126] Articles 1st, 2nd, 9th, 22, 26, 31, 37, and 42 of the Organic Statute

---

[1125] Articles 6 and 10 of the Organic Statute of the Public Administration of the State of Tamaulipas (*Ley Orgánica del Estado de Tamaulipas*) also provide for the authority of the State Governor to enter into agreements of this nature.

[1126] Articles 25, 26 115 and 116 of the Mexican Constitution provide the constitutional bases for the economic leadership of the Mexican State, as well as the manners of implementing such planning, the legal framework of National

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[1127] Articles 16 and 33 to 39 of the Planning Statute (*Ley de Planeación*),[1128] Articles 1st, 2nd, 4th, 5th and 25 of the of the Statute on Federal Public Budget, Accounting and Expenditure (*Ley de Presupuesto, Contabilidad y Gasto Público Federal*),[1129]  Article 6 of the Statute on Public Procurement  and Public Works (*Ley de Adquisiciones y Obras Públicas*).[1130] Articles 2nd, 8th, 9th, 17, 18, 20 and 21 of the Federal Statute on Tourism (*Ley Federal deTurismo*),[1131]

---

Lands, the organization of the Federal Public Administration, the internal organization of the federated States, as well as the participation of such States in the implementation of National policies and plans.

[1127] Articles 1st, 2nd, 9th, 22, 26, 31, 37, and 42 of the Organic Statute of the Federal Public Administration provide for the organization of the Federal Public Administration, the possibility of entering into Coordination Agreement with the State and Municipal Governments, as well as the jurisdictional scope of the Federal Ministry of the Treasury (*Secretaría de Hacienda*), Ministry of the Comptroller (*Secretaría de la Función Pública*), and Ministry of Tourism (*Secretaría de Turismo*).

[1128] Articles 16 and 33 to 39 of the Planning Statute (*Ley de Planeación*) establish that they may enter into Coordination Agreements with the States and the Municipalities thereto for the implementation of the National Development Plans providing for the measures and procedures to this purpose, publishing such agreements in the Official Journal of the Federation.

[1129] Articles 1st, 2nd, 4th, 5th and 25 of the of the Statute on Federal Public Budget, Accounting and Expenditure (*Ley de Presupuesto, Contabilidad y Gasto Público Federal*) provide that all federal monies shall be subject to this statute and the officers in charge of its implementation.

[1130]  This authority provides that procurement for public works must adhere to this Statute.

[1131] Articles 2nd, 8th, 9th, 17, 18, 20 and 21 of the Federal Statute on Tourism (*Ley Federal deTurismo*) provided for the authority of the Ministry of Tourism and its agency, the Executive Commission on Tourism in these matters, including to that purpose social tourism, as well as their ability to enter into coordination agreements in these matters, to de-centralize their powers and authorities to the

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Articles 25 and 27 of the Federal Budget for Expenditures for the Fiscal Year of 1998,[1132] as well as articles 23, 77, 91 and 93 of the Constitution of the State of Tamaulipas.[1133]

As I did mention, this agreement was entered into by Ministry of Tourism (*Secretaría de Turismo*) and the Government of the State of Tamaulipas for tourist development purposes.

### b)      Coordination Agreements concerning the State of Veracruz

(1)      Coordination Agreement entered into by the Federal Ministry of Environment, Natural Resources and Fisheries (*Secretaría de Medio Ambiente, Recursos Naturales y Pesca*) and the State of Veracruz-LLave  and the coastal Municipalities

Coordination Agreement entered into by the Federal Ministry of Environment, Natural Resources and Fisheries (*Secretaría de Medio Ambiente, Recursos Naturales y Pesca*), the State of Veracruz-LLave and the Governments of the

---

State, as well as to verify compliance of tourist services providers with the tourism law and regulations.
[1132] Articles 25 and 27 of the Federal Budget for Expenditures for the Fiscal Year of 1998 refer to the assignment of funds to the state and the power to audit and review the use of such funds.
[1133] Articles 91 section XXI and 95 of the Constitution of the State of Tamaulipas provide for the authority of the State Governor to enter into agreements of this nature.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Municipalities of Veracruz, Tuxpan, Coatzacoalcos, Boca del Río, Tecolutla, Alvarado, Actopan, Ursulo Galván, Tamiahua, Cazones de Herrera, Tampico Alto, Catemaco, San Andrés Tuxtla, Vega de Alatorre, Alto Lucero, Nautla, Agua Dulce, Papantla, Ozuluama, La Antigua, Lerdo de Tejada, Angel R. Cabada, Tatahuicapan, Mecayapan, Pajapán, Tamalín, Tantima, Medellín, Pánuco, Pueblo Viejo and Martínez de la Torre, published in the Official Journal of the Federation (*Diario Oficial de la Federación*) dated as of May 14, 1998.

This Coordination Agreement was entered into by the parties referred to above under the authority of Articles 25, 26, 27, 28, 90, 115 and 1116 of the Mexican Constitution,[1134] Articles 1st, 2nd, 18 and 32 bis of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública Federal),[1135] Articles 32, 34 and 35 of the Planning Statute (*Ley de Planeación*),[1136] Articles 1st, 2nd, 5th, 8th, sections II, III and XIII, 10, 16, 17 sections

---

[1134] Articles 25, 26, 27, 28, 90, 115 and 116 section VI of the Mexican Constitution provide the constitutional bases for the economic leadership of the Mexican State, as well as the manners of implementing such planning, the legal framework of National Lands, the organization of the Federal Public Administration, the internal organization of the federated States, as well as the participation of such States in the implementation of National policies and plans.
[1135] Articles 1st, 2nd, 18 and 32 bis of the Organic Statute of the Federal Public Administration provide for the organization of the Federal Public Administration, the possibility of entering into Coordination Agreement with the State and Municipal Governments, as well as the jurisdictional scope of the Federal Ministry of Environment and Natural Resources and Fisheries (*Secretaría de Medio Ambiente, Recursos Naturales y Pesca*).
[1136] Articles 32, 34 and 35 of the Planning Statute (*Ley de Planeación*) establish that Coordination Agreements with the States and the Municipalities and such agreements shall be binding for the parties thereto.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

IV and V, 20, 25, 26, 29 sections IV and V, 30, 49, 50, 51, 52, 53, 54 and 98 of the General Statute on National Assets (*Ley General de Bienes Nacionales*),[1137] Articles 11 section IV and 12 last paragraph the General Statute for the Ecological Equilibrium and Environmental Protection (*Ley General del Equilibrio Ecológico y la Protección del Ambiente*),[1138] Articles 194-D and 232 of the Federal

---

[1137] Articles 1st, 2nd, 5th, 8th, sections II, III and XIII, 10, 16, 17 sections IV and V, 20, 25, 26, 29 sections IV and V, 30, 49, 50, 51, 52, 53, 54 and 98 of the General Statute on National Assets (*Ley General de Bienes Nacionales*) make reference to the Statute published in 1982 and abrogated by an new Statute with the same name of 2004.  The authorities referred to in this agreement set forth the legal framework for national assets, the scope of the terms of the assets of common usage and those on the public domain, the legal framework of the assets of public domain of the Federation, the scope of the jurisdiction of the then Ministry of Urban Development and Ecology with respect to the management of maritime beaches, the federal land zone and the land reclaimed from the sea, as well as the possibility of entering into coordination agreements with the State Governments and the Municipalities thereto, the ability of the Federal Government to de-incorporate assets out of the public domain of the federation and issuing the regulations for the management, policing and profiting of such goods, the principles governing the concession of such assets, the legal framework of the federal land zone and the land reclaimed from the sea and the possibility of entering into coordination agreement with the State Governments and the Municipalities thereto with respect to such goods.

[1138]   Articles 11 section IV and 12 last paragraph the General Statute for the Ecological Equilibrium and Environmental Protection (*Ley General del Equilibrio Ecológico y la Protección del Ambiente*) provide for the authority of the Ministry of Environment and Natural Resources and Fisheries (*Secretaría de Medio Ambiente, Recursos Naturales y Pesca*) to enter into this type of agreements to protect and preserve soil, forestry and flora and fauna, representing the power and authorities of the Mexican government, providing the guidelines to the observed in these coordination agreements.

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Statute on Government Fees (*Ley Federal de Derechos*),[1139] Article 17-A of the Federal Tax Code (*Código Fiscal de la Federación*),[1140] Articles 1st, 10, 10-A, 11, 13, 14 and 15 of the Statute on Tax Coordination (*Ley de Coordinación Fiscal*),[1141] as well as in Articles 1st, 2nd, 87 section VI, 110 and 111 of the Constitution of the State of Veracruz-LLave,[1142] 5th section V and VI of the Organic Statute for the Public Administration of the State of  Veracruz-LLave  (*Ley Orgánica de la Administración Pública del Estado de Veracruz-LLave)[1143]*, and 105 section A, subsections I, II, and IV of the Organic Statute for the Municipalities (*Ley Orgánica del Municipio Libre*).[1144]

---

[1139] Articles 194-D y 232 of the Federal Statute on Government Fees (*Ley Federal de Derechos*) establish the Government Fees to be paid during the implementation of agreements and deed as the one covered by this Agreement.

[1140] Article 17-A of the Federal Tax Code (*Código Fiscal de la Federación*) provides for guidelines for determining government fees.

[1141] Articles 1st, 10, 10-A, 11, 13, 14 and 15 of the Statute on Tax Coordination (*Ley de Coordinación Fiscal*) provides the rules for the system of tax coordination and its operation, as well as the guidelines for the participation of the States in such system.

[1142] These articles provided the State of Veracruz with the power and authority to enter into coordination agreements with the Federal Government.

[1143] These articles provided the Government of the State of Veracruz with the power and authority to enter into coordination agreements with the Federal Government.

[1144] This article provided the Municipalities of the State of Veracruz with the power and authority to enter into coordination agreements with the State and Federal Governments.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

c)      *Coordination Agreements concerning the State of Quintana Roo*

(1)      Coordination Agreement entered into by the Ministry of Environment and Natural Resources and Fisheries (*Secretaría de Medio Ambiente, Recursos Naturales y Pesca*) and the Government of the State of Quintana Roo

Coordination Agreement entered into by the Ministry of Environment and Natural Resources and Fisheries (*Secretaría de Medio Ambiente, Recursos Naturales y Pesca*), the Government of the State of Quintana Roo and the Government of the Municipalities of Cozumel, Felipe Carrillo Puerto, Isla Mujeres, Othón P. Blanco, Benito Juárez, Lázaro Cárdenas, y Solidaridad published in the Official Journal of the Federation (*Diario Oficial de la Federación*) of May 14, 1998.

This Coordination Agreement was entered into by the parties referred to above under the authority of Articles 25, 26, 27, 28, 90, 115 and 1116 of the Mexican Constitution,[1145] Articles 1st, 2nd, 18 and 32 bis of the Organic Statute of the Federal Public Administration (Ley Orgánica de la Administración Pública

---

[1145] Articles 25, 26, 27, 28, 90, 115 and 116 section VI of the Mexican Constitution provide the constitutional bases for the economic leadership of the Mexican State, as well as the manners of implementing such planning, the legal framework of National Lands, the organization of the Federal Public Administration, the internal organization of the federated States, as well as the participation of such States in the implementation of National policies and plans.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Federal),[1146] Articles 32, 34 and 35 of the Planning Statute (*Ley de Planeación*),[1147] Articles 1st, 2nd, 5th, 8th, sections II, III and XIII, 10, 16, 17 sections IV and V, 20, 25, 26, 29 sections IV and V, 30, 49, 50, 51, 52, 53, 54 and 98 of the General Statute on National Assets (*Ley General de Bienes Nacionales*), [1148] Articles 11 section IV and 12 last paragraph the General Statute for the Ecological Equilibrium and Environmental Protection (*Ley General del Equilibrio*

---

[1146] Articles 1st, 2nd, 18 and 32 bis of the Organic Statute of the Federal Public Administration provide for the organization of the Federal Public Administration, the possibility of entering into Coordination Agreement with the State and Municipal Governments, as well as the jurisdictional scope of the Federal Ministry of Environment and Natural Resources and Fisheries (*Secretaría de Medio Ambiente, Recursos Naturales y Pesca*).

[1147] Articles 32, 34 and 35 of the Planning Statute (*Ley de Planeación*) establish that Coordination Agreements with the States and the Municipalities and such agreements shall be binding for the parties thereto.

[1148] Articles 1st, 2nd, 5th, 8th, sections II, III and XIII, 10, 16, 17 sections IV and V, 20, 25, 26, 29 sections IV and V, 30, 49, 50, 51, 52, 53, 54 and 98 of the General Statute on National Assets (*Ley General de Bienes Nacionales*) make reference to the Statute published in 1982 and abrogated by an new Statute with the same name of 2004.  The authorities referred to in this agreement set forth the legal framework for national assets, the scope of the terms of the assets of common usage and those on the public domain, the legal framework of the assets of public domain of the Federation, the scope of the jurisdiction of the then Ministry of Urban Development and Ecology with respect to the management of maritime beaches, the federal land zone and the land reclaimed from the sea, as well as the possibility of entering into coordination agreements with the State Governments and the Municipalities thereto, the ability of the Federal Government to de-incorporate assets out of the public domain of the federation and issuing the regulations for the management, policing and profiting of such goods, the principles governing the concession of such assets, the legal framework of the federal land zone and the land reclaimed from the sea and the possibility of entering into coordination agreement with the State Governments and the Municipalities thereto with respect to such goods.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*Ecológico y la Protección del Ambiente*),[1149] Articles 194-D and 232 of the Federal Statute on Government Fees (*Ley Federal de Derechos*),[1150] Article 17-A of the Federal Tax Code (*Código Fiscal de la Federación*),[1151] Articles 1st, 10, 10-A, 11, 13, 14 and 15 of the Statute on Tax Coordination (*Ley de Coordinación Fiscal*),[1152] as well as in Articles 78, 90 section XVIII of the Constitution of the State of Quintana Roo,[1153] and 1st, 34, 35 section IX, 27 and 92 of the Organic Statute on

---

[1149]   Articles 11 section IV and 12 last paragraph the General Statute for the Ecological Equilibrium and Environmental Protection (*Ley General del Equilibrio Ecológico y la Protección del Ambiente*) provide for the authority of the Ministry of Environment and Natural Resources and Fisheries (*Secretaría de Medio Ambiente, Recursos Naturales y Pesca*) to enter into this type of agreements to protect and preserve soil, forestry and flora and fauna, representing the power and authorities of the Mexican government, providing the guidelines to the observed in these coordination agreements.

[1150] Articles 194-D y 232 of the Federal Statute on Government Fees (*Ley Federal de Derechos*) establish the Government Fees to be paid during the implementation of agreements and deed as the one covered by this Agreement.

[1151] Article 17-A of the Federal Tax Code (*Código Fiscal de la Federación*) provides for guidelines for determining government fees.

[1152] Articles 1st, 10, 10-A, 11, 13, 14 and 15 of the Statute on Tax Coordination (*Ley de Coordinación Fiscal*) provides the rules for the system of tax coordination and its operation, as well as the guidelines for the participation of the States in such system.

[1153]   Articles 1st, 10, 10-A, 11, 13, 14 and 15 of the Statute on Tax Coordination (*Ley de Coordinación Fiscal*) provide the legal bases for tax coordination between the federal and the state governments, creating the National System for Tax Coordination and the tax and duties that the State and Municipal governments should not impose thereunder, the sanctions for infringement to coordination agreements made under the authority of this Statute, as well as the duties, rights and responsibilities of the States participating in the National System for Tax Coordination.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Municipalities of Quintana Roo (*Ley Orgánica Municipal del Estado Libre y Soberano de Quintana Roo).* [1154]

> (2)    Coordination Agreement entered into by the Federal Ministry of the Interior (*Secretaría de Gobernación*) and the Ministry of the Treasury (*Secretaría de Hacienda y Crédito Público*), on one side, and the State of Quintana Roo, on the other, for the implementation of works and deeds for the reconstruction of federal, state or municipal infrastructure in the event of natural disasters

Coordination Agreement entered into by the Federal Ministry of the Interior (*Secretaría de Gobernación*) and the Ministry of the Treasury (*Secretaría de Hacienda y Crédito Público*), on one side, and the State of Quintana Roo, on the other, for the implementation of works and deeds for the reconstruction of federal, state or municipal infrastructure in the event of natural disasters, published in the Official Journal of the Federation of June 9, 2011.

This Agreement was entered into under the authority among others, of Articles 13, 30, 31 and 32 first paragraph of the Statute on Civil Protection (*Ley General*

---

[1154]    Articles 1st, 34, 35 section IX, 27 and 92 of the Organic Statute on Municipalities of Quintana Roo (*Ley Orgánica Municipal del Estado Libre y Soberano de Quintana Roo)* provide the legal bases for the organization of the Municipalities in the State of Quintana Roo, it sets forth that the President of the Municipality shall represent its Municipality in for all purposes under the law entering into coordination agreements such as the one under analysis, provide that has receive the favorable vote of the Municipal Council and authorized the Municipal President to do so.

**Alejandría 125 Col. Roma – Monterrey, N.L.  64700 MEXICO**
**Tels. +52 (81) 8387-966  & +52 (81) 8358-2898**
**www.gabuardi.com**

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*de Protección Civil*),[1155] as well as in Articles 22 and transitory fourth of the General Rules for the Fund on Natural Disasters (*Reglas Generales del Fondo de Desastres Naturales*).[1156]

This Agreement provided authority and powers to the Government of the State of Quintana Roo and the Government of the Municipalities therein for the sustainable use and exploitation of Government of the State of Quintana Roo with authority and powers required the for the implementation of works and deeds for the reconstruction of housing, as well as federal, state or municipal infrastructure in the event of natural disasters.

> (3)     Coordination Agreement entered into by the Federal Ministry of the Interior (*Secretaría de Gobernación*) and the Ministry of the Treasury (*Secretaría de Hacienda y Crédito Público*), on one side, and the State of Quintana Roo, on the other, to develop the appropriate legal framework to access federal monies from the Federal Fund for the Prevention of Natural Disasters

---

[1155]  Articles 13, 30, 31 and 32 first paragraph of the Statute on Civil Protection (*Ley General de Protección Civil*) provide that the Federal Government shall coordinate with the States of the Republic in cases of emergencies and natural disasters.

[1156] Articles 22 and transitory fourth of the General Rules for the Fund on Natural Disasters (*Reglas Generales del Fondo de Desastres Naturales*) authorizes the Ministry of the Treasury (*Secretaría de Hacienda y Crédito Público*) to provide federal funds to the States in cases of emergencies and natural disasters.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

The Coordination Agreement entered into by the Federal Ministry of the Interior (*Secretaría de Gobernación*) and the Ministry of the Treasury (*Secretaría de Hacienda y Crédito Público*) and the State of Quintana Roo to develop the appropriate legal framework to access federal monies from the Federal Fund for the Prevention of Natural Disasters, which was published in the Official Journal of the Federation of October 6, 2011.

This Agreement was entered into under the authority among others, of Articles 13 of the Statute on Civil Protection (*Ley General de Protección Civil*)[1157] and the Rules for the Fund for the Prevention of Natural Disasters (*Reglas Generales del Fondo de Desastres Naturales*)[1158]  as was published in the Official Journal of the Federation of December 6, 2010.

> (4)   Coordination Agreement entered into by the Ministry of the Tourism (*Secretaría de Turismo*) and the State of Quintana Roo to restore the beaches of Cancun after being harmed by hurricane Wilma

The Coordination Agreement entered into by the of the Tourism (*Secretaría de Turismo*) and the State of Quintana Roo to restore the beaches of Cancun after

---

[1157]  Articles 13, 30, 31 and 32 first paragraph of the Statute on Civil Protection (*Ley General de Protección Civil*) provide that the Federal Government shall coordinate with the States of the Republic in cases of emergencies and natural disasters.
[1158] These Rules provide that for States to access the monies of the Fund on Natural Disasters, they have to execute coordination agreements establishing the legal framework to this purpose.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

being harmed by hurricane Wilma, published in the Official Journal of the Federation of April 4, 2004.

This Agreement was entered into under the authority among others, of Articles 4, 5 sections XVI and XVIII, 6 sections VI, VIII and X, 9 sections I and V, 12 sections I, X and XIII, and 22 section II of the Internal Regulation of the Ministry of Tourism (*Reglamento Interior de la Secretaría de Turismo*)[1159] and Articles 40, 43 and 116 of the Mexican Constitution,[1160] Articles 90 section XVIII, 91 sections VI y XIII, 92 and 93 of the State Constitution of Quintana Roo,[1161] Articles 1, 2, 19 sections I, II, III, IX and X,  and 39 section VI of the Organic Statute of the Public Administration of Quintana Roo (*Ley Orgánica de la Administración Pública del Estado de Quintana Roo*)[1162] and Articles 47 and 50 of the Statute on Decentralized Entities of Quintana Rood (*Ley de Entidades de la Administración*

---

[1159]  These Articles provide the authority of the Minister of Tourism and other officers of  the Ministry of Tourism to enter into this type of coordination agreements and participate in actions such as the ones covered in this instrument.

[1160]   These Articles provide that the   Mexican Republic is made up of Independent and Free States united into a Federal System, the list of States united in the Mexican federation and the guidelines for the organization of the Government in each State.

[1161]  These Articles provide the authority for the Governor of Quintana Roo to enter into this type of coordination agreements.

[1162] These Articles provide the authority for the Governor of Quintana Roo to enter into this type of coordination agreements, and for its State Ministers to participate in the implementation of the same.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

*Pública Paraestatal*). [1163]

>(5)     Coordination Agreement entered into by the Ministry of the Tourism (*Secretaría de Turismo*) and the State of Quintana Roo to continue developing and improving the tourist sector, promoting the active participation of the Municipalities

The Coordination Agreement entered into by the of the Tourism (*Secretaría de Turismo*) and the State of Quintana Roo to continue developing and improving the tourist sector, promoting the active participation of the Municipalities, published in the Official Journal of the Federation of April 7, 2004.

This Agreement was entered into under the authority among others, of Articles 1st, 2nd section I, 22, 26 and 42 of the Organic Statute of the Federal Public Administration (*Ley Orgánica de la Administración Pública Federal*),[1164] Articles 33, 34, 36 and 44 of the Planning Statute (*Ley de Planeación*),[1165] 1st, 2nd, and 30 of the Federal Statute on Tourism (*Ley Federal de Turismo*),[1166] and Articles 40,

---

[1163]  These Articles provide the authority for Public Trusts to carry out activities in support of State policies supporting the activities of the State Governor, and the authority of the later to revoke such Public Trusts as required.

[1164] These Articles provide the authority for the Mexican President to enter into this type of coordination agreements, and for the Minister of Tourism to participate in the implementation of the same.

[1165] These Articles confirm the authority for the Mexican President to enter into this type of coordination agreements.

[1166] These Articles provided the authority of the Ministry of Tourism to participate in the implementation of this type of agreements.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

41 first paragraph, 43 and 116 of the Mexican Constitution,[1167] Articles 1st, 2nd, 4th, 5th, 9th, 10, 78, 90 section XVIII, 91 sections VI y XIII, 92 and 93 of the State Constitution of Quintana Roo,[1168] and Articles 2, 11, 16 and 19 sections I and IX of the Organic Statute of the Public Administration of Quintana Roo (*Ley Orgánica de la Administración Pública del Estado de Quintana Roo*)[1169]

> (6)   Coordination Agreement entered into by the Ministry of the Tourism (*Secretaría de Turismo*) and the State of Quintana Roo for the implementation of activities of verification and vigilance in the State of Quintana Roo

The Coordination Agreement entered into by the of the Tourism (*Secretaría de Turismo*) and the State of Quintana Roo for the implementation of activities of verification and vigilance in the State of Quintana Roo, published in the Official Journal of the Federation of September 13, 2001.

This Agreement was entered into under the authority among others, of Articles 1st, 2nd section I, 22, 26 and 42 of the Organic Statute of the Federal Public

---

[1167]   These Articles provide that the   Mexican Republic is made up of Independent and Free States united into a Federal System, the list of States united in the Mexican federation and the guidelines for the organization of the Government in each State.

[1168]   These Articles affirm the independent and sovereign condition of the State of Quintana Roo and provide the authority for the State Governor to enter into this type of coordination agreements.

[1169]   These Articles provide the authority for the Governor of Quintana Roo to enter into this type of coordination agreements, and for its State Ministers to participate in the implementation of the same

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Administration (*Ley Orgánica de la Administración Pública Federal*),[1170] Articles 33, 34, 36 and 44 of the Planning Statute (*Ley de Planeación*),[1171] Articles 1st, 2nd, 17, 18 and 30 of the Federal Statute on Tourism (*Ley Federal de Turismo*),[1172] Articles 72 and 73 of the Regulation of the Federal Statute on Tourism (*Reglamento de la Ley Federal de Turismo*),[1173] Articles 1, 4, 5 sections XVII and XIX, 7 section XVII, and 18 sections IX, X , XII and XIV of the Internal Regulation of the Ministry of Tourism (*Reglamento Interior de la Secretaría de Turismo*)[1174] Articles 9th, 10, 91 sections VIII and 93 of the State Constitution of Quintana Roo,[1175] and Articles 2 and 16 of the Organic Statute of the Public Administration of Quintana Roo (*Ley Orgánica de la Administración Pública del Estado de Quintana Roo*)[1176]

---

[1170] These Articles provide the authority for the Mexican President to enter into this type of coordination agreements, and for the Minister of Tourism to participate in the implementation of the same.

[1171] These Articles confirm the authority for the Mexican President to enter into this type of coordination agreements.

[1172] These Articles provided the authority of the Ministry of Tourism to participate in the implementation of this type of agreements and the role of the State and Municipalities in carrying out coordinated activities with the federation.

[1173] These Articles provided the authority of the Ministry of Tourism for verification purposes.

[1174] These Articles provide the authority of the Minister of Tourism and other officers of  the Ministry of Tourism to enter into this type of coordination agreements and participate in actions such as the ones covered in this instrument.

[1175] These Articles affirm the independent and sovereign condition of the State of Quintana Roo and provide the authority for the State Governor to enter into this type of coordination agreements.

[1176] These Articles provide the authority for the Governor of Quintana Roo to enter into this type of coordination agreements.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

## VI.   On the issue of the rights and jurisdiction that the Mexican States of Tamaulipas, Veracruz and Quintana Roo have with respect to maritime flora and fauna in Mexican seawaters

As I mentioned before in section IV, above, the Mexican Constitution does not specifically address the issue of who is the rightful holder of the proprietary interests relating to maritime flora and fauna on the Mexican seawaters, coastal areas, and the islands in Mexican territory, other than by allowing the Mexican Congress to enact legislation setting forth the concurrence powers of the federal government, the state governments and the municipalities, in the areas of their respective jurisdiction, in fisheries and aquaculture matters, and maritime life in general.

Accordingly, there are three pieces of legislation that are relevant to determine the proprietary interest of maritime flora and fauna on the Mexican seawaters, coastal areas, and the islands in Mexican territory: (a) the *Federal Statute of the Sea* (*Ley Federal del Mar*), (b) and the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), (c) the General Statute on Wild Life (*Ley General de Vida Silvestre*).

## A. THE GENERAL STATUTE ON SUSTAINABLE FISHERIES AND AQUACULTURE (*LEY GENERAL DE PESCA Y ACUACULTURA SUSTENTABLES*)

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

The General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*) was enacted under the authority of Article 73 section XIX-L of the Mexican Constitution.

This Statute sets forth the scope of jurisdiction corresponding to the Federal Government (Articles 7, 8, 9 and 10) the State Governments (Articles 13 and 15) and the Municipalities (Articles 14 and 15), while Articles 11 and 12 discuss the coordination among these three jurisdictions.

Under the authority of Articles 7, 8, 9 and 10 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Federal Government through the Mexican President and the Ministry of Agriculture, Rural Development, Fisheries and Food Resources, through the Commission on Fisheries and Aquaculture, is in charge among other matters, of regulating, developing and manage the beneficial use of fisheries and water resources, lead the national fisheries and sustainable aquaculture policy, as well as providing for the administrative measures thereto, including reaching agreement and cooperation programs among the Mexican States Governments.

Under the authority of Article 13 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Mexican State Governments are in charge, among other matters, of developing and enforcing State policies and programs on fisheries and sustainable aquaculture

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

in coordination with the National Programs, developing and enforcing State vigilance and inspection measures in coordination with the Federal Government.

Under the authority of Articles 15 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Legislatures of each of the Mexican State shall enact legislation on matters of their own jurisdiction and shall also provide the administrative legal measures required for the enforcement of such legislation.

Under the authority of Article 14 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Municipalities of each State within the scope of the authority of that statute and State legislation shall, among other matters develop and enforce municipal programs and policies, as well as participate in the vigilance and inspection of fisheries and aquaculture activities within their own jurisdiction.

Under the authority of Article 11 of the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), the Ministry of Agriculture. Rural Development, Fisheries and Food Resources may enter into coordination agreements for all purposes in which there may be concurrent powers between the State and the Federal Government.

## B. THE *FEDERAL STATUTE OF THE SEA* (LEY FEDERAL DEL MAR)

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Finally, the *Federal Statute of the Sea* (Ley Federal del Mar) was enacted under the authority of Article 27, paragraph fourth, fifth, sixth and eight of the Mexican Constitution.

However, in spite of its name the *Federal Statute of the Sea* (Ley Federal del Mar) is truly a piece of "National" legislation.

Indeed, on one side the matters governed by this Statute are declared of National nature in terms of Article 27 of the Mexican Constitution, as well as in article 2 of that Statute,[1177] while on the other side, this is also acknowledged by this Statute providing in article 7 of the same that its enforcement is assigned to the Executive Branch of Government and its agencies in their capacity of National officers to the extent they are National officer with jurisdiction under the law..[1178]

Therefore, when Article 2 of *Federal Statute of the Sea* (Ley Federal del Mar) provides that all sea related matters are of federal jurisdiction this language

---

[1177] Article 2 of the *Federal Statute of the Sea* (Ley Federal del Mar) provides that this Statute applies in the maritime zones where the Mexican Nation exercises sovereignty, jurisdiction and other rights.
[1178] Article 2 of the *Federal Statute of the Sea* (Ley Federal del Mar) provides that the enforcement of this Statute is assigned to the Federal Executive Branch of Government and its agencies to the extent they are National officer with jurisdiction under the law.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

should be read in the sense that this Statute is on National jurisdiction to the extent there is nothing to the contrary in other Mexican legislation.[1179]

Thus, this caveat allows that on sea related maters the State and Municipal Governments – who are also trustees of National assets – may have powers and authority on issues set forth by the General Statute on National Assets (*Ley General de Bienes Nacionales*), the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*), as well as in Environmental and Ecological Matters, Tourism, *et cetera*.

## VII.   On the issue of the capacity of the State Governors of the Mexican States of Tamaulipas, Veracruz and Quintana Roo to represent the sovereign interest of such States, including for that purpose filing claims for harms and wrongdoings caused in the sea waters, coastal seashore, maritime flora and fauna therein, as well as in the islands, keys and reefs located in the seas adjacent to their States

Under Article 40 of the Mexican Constitution the States constituting the Mexican Federation are free and independent in everything concerning their own internal

---

[1179]   Articles 16, 18, 19 and 20 of the *Federal Statute of the Sea* (Ley Federal del Mar) make reference to the General Statute on National Assets (*Ley General de Bienes Nacionales*), the Statute on Public Works (*Ley de Obras Públicas*), the fisheries legislation, namely, the General Statute on Sustainable Fisheries and Aquaculture (*Ley General de Pesca y Acuacultura Sustentables*),  the Regulatory Statute of Article 27 of the Mexican Constitution on Petroleum Matters, and other legislation as they may be applicable.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

matters, excepting those matters where the Federal Constitution provides otherwise.

Now, under the authority of their respective State Constitutions, the Governors of each one of these States, namely Tamaulipas, Veracruz and Quintana Roo, have the constitutional power and authority to act on behalf of their respective States and represent them.[1180]

Additionally, there is no provision in the Mexican Constitution limiting the power and authority of the States constituent the Mexican Federation to represent their own interest and affairs, either domestically or internationally.

Moreover, under the authority of Article 1 of the Mexican Statute on the Signing of Treaties (*Ley Sobre la Celebración de Tratados*),[1181] the State Governments expressly authorizes State and Municipal Governments to enter into

---

[1180] The Governors' authority to represent their respective States may be found in Article 91, section XXIII of the Constitution of the State of Tamaulipas, in correlation with Article 4 of the Constitution of the State of Tamaulipas and Article 115 firs paragraph of the Mexican Constitution; Article 49, sections XVIII & XXIII of the Constitution of the State of Veracruz in correlation with Article 115 firs paragraph of the Mexican Constitution; and Article 90, sections XIII & XVIII of the Constitution of the State of Quintana Roo, in correlation with Article 4 of the Constitution of the State of Tamaulipas and Article 115 first paragraph of the Mexican Constitution.

[1181] Article 1 of the Mexican Statute on the Signing of Treaties (*Ley Sobre la Celebración de Tratados*) provides that State and Municipal Governments may enter into international agreements with one or more international foreign government agencies or with international organizations.

# GABUARDI

**DR. CARLOS A. GABUARDI, PH. D.**
**EMAIL**
**CGABUARDI@GABUARDI.COM**

international agreements with one or more international foreign government agencies or with international organizations.

Thus, it has become a common practice that the Mexican States conduct business representing the internal interest of such state even at an International level.

Naturally, before reaching an agreement of this nature, the State and Municipal governments, led by their respective State Governors and President of the Municipalities have to approach and negotiate with their counterparts.

Additionally, under the authority of Article 8 of the Mexican Statute on the Signing of Treaties (*Ley Sobre la Celebración de Tratados*),[1182] the international agreements executed by State Governors and President of the Municipalities may include clause for the international resolution of controversies derived from these agreements.

Hence, if the State Governors and President of the Municipalities may enter into this type of international resolution of controversies, which implies that they also have the authority to conduct the controversies they may involve them in the international arena.

---

[1182]  Article 8 of the Mexican Statute on the Signing of Treaties (*Ley Sobre la Celebración de Tratados*) the State and Municipal Governments may agree to include clauses for international dispute resolution.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

There are significant illustrations showing that the State of Tamaulipas is an active actor in international relations:

a. The Joint Contingency Plan Between The United Mexican States and The United States of America Regarding Pollution of the Marine Environment by Discharges of Hydrocarbons or Other Hazardous Substances (The Mexus Plan) signed in February, 2000 in Mexico City by the Vice Commandant of the U.S. Coast Guard and the Chief of the General Staff of the Mexican Navy, where the State of Tamaulipas, along with the State of Texas, has a significant role in the International Joint Response Team under the Mexus Plan.[1183]  February 25, 2000

b. The Agreement for Regional Progress entered into the States of Coahuila, Nuevo Leon, Tamaulipas and Texas on June 22, 2004, and the Addendum thereto, sign by the States of Chihuahua, Coahuila, Nuevo Leon, Tamaulipas and Texas on October 21, 2004.[1184]

c. The active participation of Tamaulipas in the United States – Mexico Border Governors Conference since 1983 along with the Governors of the States of Arizona, California, New Mexico, Texas, Baja California,

---

[1183]
http://www.rrt9.org/external/content/document/2763/540879/1/2000%20MEXUS%20Plan%20English.pdf

[1184]                                    http://www.sos.state.tx.us/border/arr.shtml, http://www.sos.state.tx.us/border/forms/progress.pdf                    and http://www.sos.state.tx.us/border/forms/add_2005.pdf

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Chihuahua, Coahuila, Nuevo Leon and Sonora.[1185]

d.  The Plan for Translocation of Northern Ocelots (*Leopardus pardalis albescens*) in Texas and Tamaulipas.  May, 2009

e.  Sister cities agreement entered into between the City of Altamira, Tamaulipas, Mexico, and the City of Altamira, Puerto Plata, Dominican Republic.  October 28, 200

f.  Sister cities agreement entered into between the City of Mier, Tamaulipas, Mexico, and the City of Roma, Texas, U.S.A.  July 4, 2002

g.  Sister cities agreement entered into between the City of Tampico, Tamaulipas, Mexico, and the City of Houston, Texas, U.S.A.  April 25, 2003

h.  Sister cities agreement entered into between the City of Miguel Alemán, Tamaulipas, Mexico, and the City of Cuero, Texas, U.S.A. March 15, 2002

i.  Contingency Plan entered into between the City of Nuevo Laredo, Tamaulipas, Mexico, and the City of Laredo, Texas, U.S.A .  December 21, 1998

j.  Contingency Plan entered into between the City of Matamoros, Tamaulipas, Mexico, and the City of Brownsville, Texas, U.S.A.  May 13,

---

[1185] http://www.sos.state.tx.us/border/bmaconf.shtml

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

2002

k.  Contingency Plan entered into between the City of Reynosa, Tamaulipas, Mexico, and the City of McAllen, Texas, U.S.A.  February 2000

l.  Sister cities agreement entered into between the City of Veracruz, Veracruz, Mexico, and the City of La Habana, Cuba.  August 6, 1999.

m.  Cooperation Agreement between Universidad Veracruzana and the Organization of American States.  July 25, 2008

n.  Sister cities agreement entered into between the City of Coatzacoalcos, Veracruz, Mexico, and the City of San Fernando, La Unión, Philippines. September 30, 2003

o.  Cooperation Agreement entered into between Santiago de Tuxtla, Veracruz and Santiago de Compostela, Spain.  September 18, 2004

p.  Sister cities agreement entered into between the City of Tuxpan, Veracruz, Mexico, and the City of Niquero, Granma, Cuba.  November 30, 2006

q.  Sister cities agreement entered into between the City of Veracruz, Veracruz, Mexico, and Puerto El Callao, Peru.  November 20, 1999

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

r.  Sister cities agreement entered into between the City of Veracruz, Veracruz, Mexico, and the City of Pharr, Texas, U.S.A.  April 3, 2000

s.  Sister cities agreement entered into between the City of Xalapa-Enriquez, Veracruz, Mexico, and the City of Omaha, Nebraska, U.S.A. August 3, 2005

t.  Sister cities agreement entered into between the City of Cordoba, Veracruz, Mexico, and the City of Cillicothe, Ohio, U.S.A March 4, 1990

u.  Sister cities agreement entered into between the City of Boca del Río, Veracruz, Mexico, and the City of West Valley, Utah, U.S.A.  May 26, 2007

v.  Sister cities agreement entered into between the City of Coatzacoalcos, Veracruz, Mexico, and the City of Rizhao, Shandong, Peoples Republic of China.  October 23, 2008

w.  Sister cities agreement entered into between the City of Xalapa, Veracruz, Mexico, and the Ambato, Ecuador.  September 27, 1994

x.  Sister cities agreement entered into between the City of La Anigüa, Veracruz, Mexico, and the Villa de Medellín, Province of Badajoz, Spain. January 21, 2012

y.  Sister cities agreement entered into between the Municipality of Veracruz, Mexico, and the Municipality of Quezaltenago, Department of

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Quezaltenango, Guatemala.  April 19, 2012

z.  Sisterhood agreement entered into between the State of Quintana Roo, Mexico, and the State of Anzoátegui, Venezuela. January 29, 1997

aa. Sisterhood agreement entered into between the State of Quintana Roo, Mexico, and the Province of La Habana, Cuba.  August 20, 2000

bb. Cooperation Agreement entered into between the State of Quintana Roo, Mexico, and the Ministry of Tourism, Cuba.  August 21, 2000

cc.  Cooperation Agreement entered into between the State of Quintana Roo, Mexico, and the *Instituto Pedagógico Latinoamericano y Caribeño de la República de Cuba*.  August 21, 2000

dd. Sisterhood agreement entered into between the State of Quintana Roo, Mexico, and the Province of Hainan, Peoples Republic of China. September 30, 2008

ee. Sister cities agreement entered into between the City of Cancún, Municipality of Benito Juárez, Quintana Roo, Mexico, and the City of Mar de Plata, Municipality de Pueyrredón, Province of Buenos Aires, Argentina. December 2, 1987

ff.  Sister cities agreement entered into between the Municipality of Isla

**GABUARDI**

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Mujeres, Quintana Roo, Mexico, and the City of Mar de Plata, Municipality of Pueyrredón, Province de Buenos Aires, Argentina. September 11, 2001.

gg. Sister cities agreement entered into between the Municipality of Othón Pompeyo Blanco, Quintana Roo, Mexico, and the Municipality of de San Pedro, Cayo Ambergris, Belice C. A. December 5, 2003.

hh. Sister cities agreement entered into between the Municipality of Isla Mujeres, Quintana Roo, Mexico, and the Municipality of La Habana Vieja, La Habana, Cuba. July 15, 1998.

ii. Sister cities agreement entered into between the Municipality of Isla Mujeres, Quintana Roo, Mexico, and the Municipality of Lanús, Province of Buenos Aires, Argentina. September 15, 2009

jj. Sister cities agreement entered into between the Municipality of Isla Mujeres, Quintana Roo, Mexico, and the, Municipality of the City of San Juan, Province of Buenos Aires, Argentina. September 18, 2009

kk. Sister cities agreement entered into between the Municipality of Isla Mujeres, Quintana Roo, Mexico, and the, Municipality of Quimas, Province de Buenos Aires, Argentina.  September 17, 2010

ll. Sister cities agreement entered into between the Municipality of Isla Mujeres, Quintana Roo, Mexico, and the Municipality of Florencio Varela,

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Province of Buenos Aires, Argentina. September 17, 2009

mm.      Sister cities agreement entered into between the Municipality of Isla Mujeres, Quintana Roo, Mexico, and the Municipality of Chascomus, Province of Buenos Aires, Argentina. September 23, 2009

nn. Sister cities agreement entered into between the Municipality of Isla Mujeres, Quintana Roo, Mexico, and the Municipality of Almirante Brown, Province of Buenos Aires, Argentina. September 22, 2009

oo. Sister cities agreement entered into between the Municipality of Cozumel, Quintana Roo, Mexico, and the Municipality of Caravaca de la Cruz, Province of Murcia, Spain.  February 8, 2012

pp. Sister cities agreement entered into between the Cancún, Municipality of Benito Juárez, Quintana Roo, Mexico, and the City of Pharr, Texas, U.S.A. July 15, 2009

qq. Sister cities agreement entered into between the Cancún, Municipality of Benito Juárez, Quintana Roo, Mexico, and the City of Wichita, Kansas, U.S.A. January 13, 2003

rr. Sister cities agreement entered into between the Cancún, Municipality of Benito Juárez, Quintana Roo, Mexico, and the City of Mission, Texas, U.S.A. July 17, 2009

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

ss. Sister cities agreement entered into between the Cancún, Municipality of Benito Juárez, Quintana Roo, Mexico, and the Municipality of Granadilla de Abona, Spain. August, 2008

tt. Cooperation agreement entered into between the Cancún, Municipality of Benito Juárez, Quintana Roo, Mexico, and the Ministry of Culture, Republic of Cuba. March 1, 2010

This situation also takes place among all the Mexican States that conduct international business on matters concerning the best interest of their respective States.

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

## Conclusions.

After a thorough review of the text of the Mexican Constitution, Mexican legislation as per the content and meaning regarding the constitutional clauses under review, the State Constitutions of the States of Tamaulipas, Veracruz and Quintana Roo, judicial precedents of the Mexican judiciary, scholarly writings, as well as Mexican and State constitutional and administrative law practices, this author has reached legal opinions which are summarized below:

This author concludes that the Mexican States of Tamaulipas, Veracruz and Quintana Roo do have proprietary interests in their coastal seashores, lagoons, sands, rivers, estuaries, islands, keys, and reefs located in their respective territories, as well as in the all flora and fauna being or living therein or passing there through, including to these purposes all maritime fauna living or passing there through.

Mexico follows the theory of the original domain according to which the Mexican Nation is the original and sole owner of the entire Mexican territory. Hence, under the theory of the original domain, the Mexican Federated States (*e.g.,* Veracruz, Quintana Roo, and Tamaulipas) and the Federal Union, the constituent institutional parties to the Mexican Nation, are consequently, the instrumental and organic trustees of the "original domain of the" Mexican Nation (an abstract concept by itself).

Accordingly, on the basis of the principles incorporated in the Mexican Constitution, the property of the Mexican national territory (including all real

GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

state, coastal areas, sands, estuaries, seashores, maritime waters, islands, *etc.*) is equally shared between the Federated States and the Federal Union.

The constitutional foundation of the common National interest of all constituents of the Mexican Republic demonstrates that the States rights, governance, protection, control, management, and obligations as to said territory are enhanced by the doctrine of concurrent coincidental powers.

It also must be noted that since it was first enacted in 1917, the Mexican Constitution has experienced more than 500 amendments. As a result, the original language of the constitution has given way to the many amendments over time, and the language cannot be strictly construed, since the federalist system in Mexico has evolved over the last 95 years.

A clear example of this situation is illustrated by the laconic statement affirming that all assets subject to National domain are un-transferable (*inalienables*), although in other sections of the constitution, in its implementing legislation and also in actual constitutional and administrative law practices, land subject to National domain is constantly de-incorporated from the National domain and is constantly transferred to private entities, states, municipalities, and individuals, even for commercial purposes.

It must be emphasized that a notable constant is that according to Mexican *Ius Commune,* federal officers acting on matters of National Interest always act in their capacity of National Officers and not merely federal officers as clearly

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

inferred from the reading and interpretation of the General Statute on National Assets (*Ley General de Bienes Nacionales*) as shown in the legal authorities reviewed in this work.

Accordingly, on the basis of the constant principles incorporated in the Mexican Constitution, this work concludes not only that the property of the national territory, that is where the National interest is shared between the Federal Government and the State Governments (including all coastal areas, seashores, sands, estuaries, maritime waters, islands, *etc.*), but also that the overlapping powers thereupon are equally shared between the Federated States and the Federal Union, and the federal officers acting on these matters act on them in their capacity of National Officers.

Thus, the overlapping powers, equally shared between the Federated States and the Mexican Federal Union, are executed, carried out and implemented on a daily basis through the doctrine of "concurrent coincidental powers".

Thus, the concurrent coincidental powers of the States of Tamaulipas, Veracruz Quintana Roo, and the Federal Government – exist in such areas as where the National interest is shared between the Federal Government and the State Governments and they are implemented to resolve and manage specific issues of National – and therefore common – interest between the Federal Government and the State Governments.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

These equally shared proprietary rights upon the Mexican National Territory and the manner in which this overlapping coincidental concurrent powers are executed, carried out and implemented on a daily basis are shown in the numerous examples of Administrative Agreements assigning responsibilities to State and Municipal Governments on land under National Public domain, the numerous decrees de-incorporating land under National Public domain to promote social and economic development – including for profit transactions , and the numerous Coordination Agreements between National Ministries and State and Municipal Government establish that Mexican States have proprietary interests in such matters as land, waters, beaches, coastal areas, estuaries, flora, and fauna, classified as of National domain.

Accordingly, the States of Tamaulipas, Veracruz and Quintana Roo, have "proprietary interests" in Mexican seawaters, sands, estuaries, coastal seashores and islands in the Mexican territory, as well as in maritime flora and fauna in Mexican seawaters since they are "National Assets", as shown and extensively demonstrated in this work.

In this line of thought, this work has highlighted and highlights that all Mexican States – including to this purpose the States of Tamaulipas Veracruz and Quintana Roo – actually do impose and collect property taxes upon land located in all their territory, including land located in their coastal seashores, lagoon coasts, river side's, estuaries coast, islands, islets, keys, etc.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Likewise it is my legal opinion that all Mexican States – including the States of Tamaulipas, Veracruz, and Quintana Roo – actually execute, carry out and implement law-enforcement activities to maintain law and order, including police patrolling and vigilance on the beaches, shores, coastlines, sands and other similar areas.

Furthermore, it is also my legal opinion that the Mexican States of Tamaulipas, Veracruz and Quintana Roo shall act and respond in cases of emergencies, natural disasters or other urgent needs where the Federal Government does not respond as quickly as required or abstains from performing its duties and responsibilities such as in natural disasters like hurricanes, earthquakes, floods, landslides, etc.

It is also my opinion that the State Governors of Tamaulipas, Veracruz and Quintana Roo are entitled to represent the sovereign interest of their respective States, including by taking such actions as filing claims for damages resulting from harms and wrongdoings caused in and to their adjacent sea waters, sands, estuaries, coastal seashore, maritime flora and fauna therein, as well as in the islands, keys and reefs located in the seas adjacent to their respective territories.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Indeed, this authority and capacity is granted to the State Governors of Tamaulipas, Veracruz and Quintana Roo, not only by the Mexican Constitution and their respective State Constitutions, but also through the Mexican Statute on International Treaties, which grants the Governors the authority to act on behalf of their state.

Elaborating on this specific topic, this report presents a sample of nearly 50 International Agreements entered into by the States of Tamaulipas, Veracruz and Quintana Roo, even ones that include active or direct participation of the United States of America and some of their States, Municipalities, Cities, or agencies.

Furthermore, authority and capacity of the State Governors of Tamaulipas, Veracruz and Quintana Roo to represent their respective states on international affairs is confirmed by the numerous international agreements such as the MEXUS Plan "The Joint Contingency Plan between Mexico and The United States Regarding Pollution of the Marine Environment by Discharges of Hydrocarbons and Other Hazardous Substances" originally signed in 1980 in which **both** the State of Tamaulipas and the Republic of Mexico are independent signatories to such agreement including its latest revision executed in July 2011.

# GABUARDI

DR. CARLOS A. GABUARDI, PH. D.
EMAIL
CGABUARDI@GABUARDI.COM

Finally, in consideration of all the premises referred to in this Expert Legal Opinion, I attest that I have prepared this work and rendered my legal opinions and conclusions in accordance with the best of my knowledge, training, education, experience, and qualifications..

Sincerely yours,

Dr. Carlos A. Gabuardi, Lic. Jur., LL.M., Ph.D.
Attorney-at-Law