UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | § § § § | MDL NO. 2179 |
| | | SECTION: J |
| This Document Relates to: | § § | Judge Barbier |
| All Cases | § | Mag. Judge Shushan |

*************************************************************************

## MEMORANDUM IN SUPPORT OF DECLARATORY JUDGMENT

MAY IT PLEASE THE COURT, in this litigation there are now roughly two types of claimants, those who are not included in the settlement and those who are participating in the settlement.

If a claimant is participating in the settlement, the claim form requires his signature on the form to file a proper claim with the claims administration. However for the issue of presentment it is unclear as to whether a claimant's signature is necessary. 33 U.S.C. 2713(a) does not require that a claimant's signature be present on the presentment package only that "all claims for removal costs or damages shall be presented first to the responsible party or guarantor of the source designated under section 2714(a) of this title." So the questions is must a claimant sign the claim form for the claim form to suffice as presentment under the act.

The second group of people, those not participating in the settlement, the answer to this questions is more vague. If a claimant is not participating

1

in the settlement, then there is no claim form for that claimant to complete. Can the attorney submit a presentment package on behalf of his client or must the client sign the package as well.

These questions arose due to an email sent out by Liaison Counsel, Steve Herman, in which he forwarded an email from Joe Rice. (see exhibit A). This email indicates that pursuant to conversations with BP's counsel, Mark Holstien, that BP's opinion is that the client's signature is required on the presentment forms. Given that presentment must be made by the 20th of January in order to timely file suit in April, undersigned Counsel asks this Court to instruct claimants as whether or not the claimant's signature is required.

## LAW

A declaratory judgment declares the rights and obligations of litigants. Its purpose is to afford litigants an early opportunity to resolve their federal disputes so as to avoid litigation[1] and obtain both clarity in their legal relationships and the ability to make responsible decisions about their future[2]. A declaratory judgment allows controversies to be settled before they mature into full-fledged violations of law or breaches of duty.[3]

If this Honorable Court would decide this issue prior to the January 20 cutoff, it could save an enormous amount of time in future litigation on

---

[1] *Biodiverity Legal Foundation v. Badgley*, 309 F.3d 1166, 1172 (9th Cir. 2002)
[2] *Surrick v Killion*, 449 F. 3d 520, 529 (3d Cir. 2006)
[3] Vantage Trailers, Inc. v. Beall Corp., 567 F.3d 745, 748 (5th Cir. 2009)

this issue as undersigned counsel assumes there will be numerous filings for presentment that are only signed by the attorney and not the client.

Plaintiffs pray that this Court will enter a declaratory judgment certifying that a presentment package submitted by an attorney on behalf of their clients without the claimants signature, is a valid presentment under 33 U.S.C. 2713(a).

Date: April 3, 2012

Respectfully submitted,

/s/ Daniel E. Becnel, Jr.
Daniel E. Becnel, Jr. (2926)
Matthew B. Moreland (24567)
Salvadore Christina, Jr. (27198)
BECNEL LAW FIRM, LLC
106 W. SEVENTH ST.
P.O. DRAWER H
RESERVE, LA 70084

Professor P. Tim Howard
Howard & Associates, Attorneys at Law, P.A.
8511 Bull Headley Road, Suite 405
Tallahassee, Florida 32312
(850) 298-4455 - telephone
(850) 216-2537 - facsimile
Florida Bar No. 655325
ptim@aol.com

Samuel T. Adams
460 Grace Avenue
Post Office Box 191
Panama City, Florida 32402-0191
(850) 785-3469 - telephone
(850) 640-1562 - facsimile
Florida Bar No. 160184
tom@samueltadams.com

Douglas S. Lyons
Lyons and Farrar, P.A.
325 North Calhoun Street
Tallahassee, Florida 32301
(850) 222-8811 - telephone
(850) 222-5583 - facsimile
Florida Bar No. 128277
doug.lyons@lyonsandfarrar.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL2179, on this 4th day of January 2013..

/s/ Daniel E. Becnel, Jr.
Daniel E. Becnel, Jr.