Steve Herman <SHERMAN@hhklawfirm.com>                          January 3, 2013  9:41 AM
To: "AAJ Oil Spill Taskforce List Server" <oil_spill_taskforce@list.justice.org>
Reply-To: "AAJ Oil Spill Taskforce List Server" <oil_spill_taskforce@list.justice.org>
[oil_spill_taskforce] BP Oil - Presentment - BP Position re Claimant's Signature on Presentment / Etc

CONFIDNETIAL
JOINT-PROSECUTION/COMMON-INTEREST PRIVILEGE

Many of you have asked questions about what is "required" for Presentment.

As I think we have tried to express on several occasions: WE DON'T KNOW. No one knows. There are various Court decisions, handed down by different judges, in different contexts, in different cases; and there are Coast Guard Regulations and Forms, which were designed to be used by people making claims against the Oil Spill Trust Fund; the GCCF and BP have created their own forms (*without,* to my knowledge, ever expressly agreeing, stating, or otherwise stipulating that they would be sufficient to satisfy Presentment); and there are likely numerous other writngs / opinions / arguments / positions / possibilities.

But no one will know for sure unless and until the issue is litigated and the Court has determined whether Presentment was or was not satisfied in a particular case.

(And we don't even know whether, for any particular case, that determination will be made by Judge Barbier, some other USDC Judge, the Fifth Circuit, the Eleventh Circuit, or the Supreme Court – or some other Court.)

In the meantime, for whatever it's worth: See e-mail from Joe Rice below re BP's Position that the Claimant must personally sign the Presentment. (Thanks Joe)

I, personally, would expect BP to take the position that Presentment was "defective" or "insufficient" in each and every case.

(The only exceptions, in my mind, are for: (i) Economic Class Members who


PLAINTIFF'S EXHIBIT

received a "Final Offer" from the GCCF; or (ii) Economic Class Members with respect to Settlement Claims that have been submitted to the Court-Supervised Settlement Program.)

Hopefully, the Courts will be reasonable in their interpretation.

**From:** Rice, Joe [mailto:jrice@motleyrice.com]
**Sent:** Thursday, January 03, 2013 9:09 AM
**To:** Class Counsel Office
**Subject:** BP Position re: Presentment Claim Forms Signature

I had the opportunity to reach out to Mark Holstein at BP Legal Department to inquire about BP's position related to signature on presentment claim forms. BP takes the position that they require the claimant's personal signature on the claim form. The form does indicate representation, and of course BP states they will honor that representation, however, they will not voluntarily waive the claimant's signature (assuming they have the right to require it) in fear that some firms will file large volumes of electronic robo-signed claim forms. The safest course, obviously, is to have the claim forms signed by the client. I am not saying BP is correct or has a legal right to require the claimant to sign the claim form if the claimant is represented by counsel, but I just wanted to pass on what I understand to be BP's position.

Joseph F. Rice | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9159 | f. 843.216.9290 | jrice@motleyrice.com