# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| | | |
|---|---|---|
| J. Andrew Langan, P.C. | | |
| To Call Writer Directly: | (312) 862-2000 | Facsimile: |
| (312) 862-2064 | | (312) 862-2200 |
| alangan@kirkland.com | www.kirkland.com | |

January 4, 2013

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern
District of Louisiana
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

> RE:    **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179**

Dear Judge Shushan:

In accordance with paragraph 1 of Pretrial Order 54, BP respectfully requests to amend its Phase 1 Good Faith Will Call Witness List to add the following witnesses to testify live at trial:

- **Frank Patton**.  Mr. Patton is a fact witness who is a Drilling Engineer for the New Orleans District of Department of the Interior, Bureau of Safety and Environmental Enforcement ("BSEE") and Bureau of Ocean Energy Management ("BOEM").  At the time of the incident, Mr. Patton was a Drilling Engineer for the Minerals Management Service ("MMS") and, among other things, approved BP's submissions to MMS regarding the Macondo well;

- **Bill Ambrose**. Mr. Ambrose is a fact witness who is currently Transocean's Managing Director, North America Division.  At the time of the accident, Mr. Ambrose was Transocean's Director of Maintenance and Technical Support with responsibilities for maintenance policies of Transocean's drilling rig fleet, including the *Deepwater Horizon*;

- **David G. ("Jerry") Calvert**.  Mr. Calvert is an expert witness who has opined on cement and float collar topics relating to the Macondo incident.  Mr. Calvert previously submitted a Phase 1 expert report on behalf of Weatherford and was deposed for full two days regarding his opinions.

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 4, 2013
Page 2

Events that have occurred since BP submitted its Phase 1 Good Faith Will Call Witness List on January 20, 2012 have created a need for each of these witnesses to testify live at the upcoming trial. All three witnesses were deposed during the Phase 1 discovery period, and there should accordingly be no claim of prejudice due to their addition as live trial witnesses.

**Frank Patton**. At the time of the accident, Mr. Patton was a Drilling Engineer for the MMS, responsible for reviewing and approving BP's MMS submissions for the Macondo well, including its April 16, 2010 Application for Permit to Modify. At the time that BP submitted its Phase 1 witness list on January 20, 2012, having deposed Mr. Patton in July 2011, BP planned to offer Mr. Patton's testimony by deposition designation. Since its submission, however, BP has learned that it did not have a full opportunity to depose Mr. Patton on all of the relevant topics within his knowledge because a number of significant documents were produced after Mr. Patton's deposition as well as after the original Phase 1 trial date. As one important example, certain documents that the United States produced after BP submitted its witness list reveal the bases for Mr. Patton's approval of the APM that included the negative test procedure. As a result, BP was not able to depose Mr. Patton regarding these material documents and therefore seeks Mr. Patton's testimony live at trial.

Additionally, the United States's August 31, 2012 Memorandum in Response to BP Defendants' Memorandum in Support of its Motion for Final Approval of *Deepwater Horizon* Economic and Property Damages Settlement (Rec. Doc. 7114) presumably highlights the positions that the United States now intends to take at the trial. That filing reflects that the United States plans to take a more prominent role in the upcoming Phase 1 trial, which is not surprising following BP's February 2012 settlement with the PSC. As an agent of the United States, an experienced regulator of the offshore industry, and one of the few affirmative U.S. witnesses deposed in Phase 1, Mr. Patton takes on increased relevance in light of the United States's standard of care allegations.

**Bill Ambrose**. At the time of the accident, Mr. Ambrose was Transocean's Director of Maintenance and Technical Support with worldwide responsibility for, among other things, the maintenance of Transocean's offshore drilling rigs, including the *Deepwater Horizon*. At the time of his deposition, Mr. Ambrose had been promoted to serve as Managing Director of Transocean's North America Division. For several months after the accident, Mr. Ambrose also led Transocean's Internal Investigation Team that investigated the Macondo well incident. Transocean designated Mr. Ambrose as its corporate Rule 30(b)(6) designee for 13 separate Phase 1 topics, including topics relating to well design decisions, well monitoring, and well control-related topics, as well as the design and maintenance of Transocean's rig equipment, such as the BOP, EDS, and other emergency systems.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 4, 2013
Page 3


Mr. Ambrose was initially listed as a "will call" witness for the Phase 1 trial by Cameron and Halliburton on January 20, 2012 (Rec. Docs. 5309, 5315), but Cameron and Halliburton removed him shortly thereafter.  (Rec. Doc. 5609, at ¶3)  When Mr. Ambrose was removed, the Court had not yet ruled on the admissibility of Transocean's internal investigation report (or any other non-governmental report) for the Phase 1 trial in response to a pending motion *in limine*. Due to the uncertainty regarding the admissibility of Transocean's investigation report, BP did not object to Mr. Ambrose's removal from the Phase 1 witness list or seek to add him to its list. On February 24, 2012, three weeks after Mr. Ambrose's witness list removal, the Court ruled that non-governmental reports—including the report of Transocean's internal investigation team that Mr. Ambrose headed—were admissible during trial, subject to "inner hearsay" objections that will be addressed at trial.  (Rec. Doc. 5834)  Due to this ruling, and in light of Mr. Ambrose's extensive Phase 1 knowledge gained in the course of his involvement in the Transocean internal investigation (and as reflected in Transocean's designation of Mr. Ambrose as its 30(b)(6) witness on a broad range of important topics), Mr. Ambrose possesses relevant and material information regarding important Phase 1 issues and it will benefit the Court to hear him testify live.

**David G. ("Jerry") Calvert**.  BP retained Jerry Calvert after Weatherford was dismissed from the case in late February 2012.  Mr. Calvert has approximately fifty years of experience in the oil and gas industry, with forty years focused on the design, testing, selection, and supervision of cementing services, including liners and deepwater cementing operations.  Mr. Calvert intends to offer at trial opinions consistent with those set forth in his October 2011 Report, his December 2011 deposition, and his review of information and testimony produced after his deposition by Halliburton.  Both Weatherford and Mr. Calvert consent to Mr. Calvert appearing as an expert witness for BP, and because he was disclosed and all parties had an opportunity to depose Mr. Calvert on the same opinions that he will be offering live at trial, BP is not aware of any prejudice that the other parties will suffer if Mr. Calvert is allowed to appear as an expert at trial. To the contrary, given his relevant expertise and detailed analysis of the material issues relating to the incident, Mr. Calvert's expert testimony will benefit the Court.  BP is aware that the PSC also intends to call Mr. Calvert as an expert, and BP adopts the good cause arguments made by the PSC in its letter to the Court of January 3, 2013.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 4, 2013
Page 4

Thank you for the Court's consideration of this issue.

Sincerely,

J. Andrew Langan, P.C.

cc:     Liaison Counsel
        States' Coordinating Counsel
        Mike Underhill, Esq.