**IN RE: DEEPWATER HORIZON LITIGATION**
**MDL NO. 2179**

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards, LLC
556 Jefferson St., Suite 500
Lafayette, LA 70501
E-Mail: jmr@wrightroy.com
Telephone:  (337) 233-3033
Direct:  (337) 593-4190
Fax:  (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: Sherman@hhklawfirm.com
Telephone:  (504) 581-4892
Direct:  (504) 680-0554
Fax: (504) 561-6024

January 3, 2013

*Via* E-MAIL

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re:  Trial Witnesses

Dear Judge Shushan:

The PSC previously notified all parties of its intent to include the live examination of HESI witnesses Tim Probert, Tom Roth and Tim Quirk and Weatherford cement expert David Calvert within Plaintiffs' case-in-chief.  HESI does not object to the request for Messrs. Probert, Roth and Quirk, and there is no need for clarification or other Court intervention at this time.

HESI, however, has objected to the PSC's request to call Weatherford cement expert David Calvert during the Plaintiffs' case-in-chief.  While we believe that (as with the other three witnesses) Mr. Calvert is not being "added" (as he was already listed as a Will Call), should the Court believe that the PSC is bound by the good cause requirement of PTO 54 in this regard, Plaintiffs respectfully provide the following:

1      David Calvert is a world renowned deepwater cement expert.   Given the complexities of deepwater drilling generally and the planning, design and execution of deepwater foam cement jobs in narrow drilling margin deepwater wells like Macondo in particular, Mr. Calvert's testimony will greatly assist the Court in understanding the case and deciding the issues.  There is no reason why the Court should not hear from a leading expert who has carefully studied the events surrounding the Macondo cement failure, and detailed his observations and insights consistent with the Federal Rules of Evidence, the Federal Rules of Civil

Procedure, and the controlling Pre-Trial Orders regarding expert disclosures and testimony in this case.

2       HESI suffers no prejudice if Mr. Calvert testifies live during the PSC's case-in-chief.  He published a detailed expert report and was deposed at length.  HESI used its entire allotted time to interrogate Mr. Calvert.  Mr. Calvert's opinions have been fully disclosed and fully vetted by HESI.  Particularly given the structure of the Phase One Trial, (in which the written expert report will largely serve as the witness' direct), there is no risk of surprise or prejudice.

3       The order prohibiting a party from calling a withdrawn expert was intended to protect the retaining party and the expert.  If either Weatherford or Mr. Calvert himself objected, then the PSC would arguably be prohibited from calling Mr. Calvert per the court's order.   However, Mr. Calvert has agreed to appear voluntarily, with the full consent of both Weatherford and BP. HESI has no standing to enforce the "rule", as it did not retain Mr. Calvert and has no basis to object to his appearance.

We look forward to discussing this with Your Honor at tomorrow's Working Group Conference.

As always, Plaintiffs appreciated the Court's time and consideration in this matter.

Respectfully submitted,

JAMES PARKERSON ROY
STEPHEN J. HERMAN
*Co-Liaison Counsel*

cc:  Don Godwin, Esq.
      All Liaison and Coordinating Counsel
      Paul M. Sterbcow, Esq.