**IN RE: DEEPWATER HORIZON LITIGATION**
**MDL NO. 2179**

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards, LLC | Herman, Herman & Katz, LLC |
| 556 Jefferson St., Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| E-Mail: jmr@wrightroy.com | E-Mail: Sherman@hhklawfirm.com |
| Telephone: (337) 233-3033 | Telephone: (504) 581-4892 |
| Direct: (337) 593-4190 | Direct: (504) 680-0554 |
| Fax: (337) 233-2796 | Fax: (504) 561-6024 |

_____

January 3, 2013

<u>*Via* E-MAIL</u>

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re:  <u>Halliburton's Failure to Produce ESI in Accordance with PTO 16</u>

Dear Judge Shushan:

Per Your Honor's instruction at the December 18, 2012 Working Group Conference, the PSC provides its position regarding deficient HESI document production.

The production of electronic files in connection with Phase I discovery was and is governed by PRE-TRIAL ORDER NO. 16 [Rec. Doc. 686]. Pursuant to that Order, producing parties must meet the following requirements:

1. **<u>General Format of Production.</u>**  The parties agree to produce documents either (i) as electronic images with associated text files, metadata, and objective coding or (ii) in native format, as further described herein.  Production to Plaintiffs' Liaison Counsel shall be deemed sufficient to constitute production to all Plaintiffs.

In response to the PSC (and/or other) timely-served Requests, HESI produced its US Land-Offshore Cementing Work Methods (HAL_ 0116541 to 0116982), later designated as TREX 989. The original production letter was delivered to the PSC on December 10, 2010, and the production was uploaded to PSC servers on December 29, 2010. The 350 page manual was produced without page numbers corresponding to its Table of Contents.

The manual is clearly maintained by HESI as an electronically stored document. It contains 109 "icons" that (as maintained and used by HESI in the ordinary course of business) the user can click for immediate access to the referenced table or other material. For example, HESI recently produced a spreadsheet attached as an icon called Minimum Design Criteria 2 in the Minimum Lab Testing Requirements section of the manual (HAL_00116838). A Halliburton employee wanting to reference the company's Minimum Design Criteria for a particular cement job clicks this icon, and the spreadsheet provides the relevant information.

The manual, as produced by HESI to the PSC, however, does not allow access to the icons. Therefore, this document was not produced either as an electronic image with associated text files or in native format, as required by (the Federal Rules and) PTO 16. HESI has done nothing to cure this violation to date.

The PSC brought the deficiency to HESI's attention and asked HESI to produce 19 of the accessible icon documents that have been withheld, in addition to the Minimum Design Criteria document recently produced. (*See* Exhibit 1) Given that there are 109 icons referenced in the manual, and the PSC should have access to all of them pursuant to PTO 16, this is very reasonable request.

HESI, however, has rejected this request claiming that Phase I discovery is "closed" and the request is therefore "untimely". (*See* Exhibit 2)

With respect, HESI's position ignores its affirmative document production obligations. The PSC does not seek to "re-open" Phase I discovery. The PSC seeks only to hold HESI to its original and long-standing PTO 16 obligation to produce TREX 989 in a form that allows access to icon-attached materials. HESI apparently believes that it is not bound by PTO 16 (or the Federal Rules) because the PSC did not catch the violation prior to the close of Phase I discovery. This is ludicrous. The PSC should not be forced to play the role of document production policeman. This is not a situation where HESI objected, on legal grounds, to produce a document timely requested by the PSC, (which would necessarily have required a discovery conference and motion to compel). Rather, the PSC was and is entitled to rely on HESI's good faith adherence to the governing Pre-Trial Orders - rules that are not limited by any pretrial cutoff dates. Indeed, the fact that the violation is being addressed now is irrelevant other than to demonstrate HESI's longstanding recalcitrance in honoring its obligation.

Additionally, HESI ignores its ongoing legal duty to supplement or correct its discovery responses. A party has the duty to timely supplement or correct discovery responses in a timely manner when it learns that its prior disclosure or response was incomplete or incorrect. FED. RULE CIV. PROC. 26(e)(1). This duty extends to production of electronically stored information where such information was "reasonably accessible." FED. RULE CIV. PROC. 26(b)(2). The information sought by the PSC is clearly reasonably accessible, as all HESI has to do is produce TREX 989 in its native format as required by PTO 16. This is a simple task.

## Conclusion

The document request at issue does not require the Court to re-open Phase I discovery, nor does it have anything to do with discovery being "in the can". Simply put, HESI produced an electronically stored cementing manual in a format that violates PTO 16. HESI has failed to correct this violation despite its ongoing legal duty to do so. HESI can effect a cure quickly and without any burden by simply producing the manual in its native format as it is utilized by HESI employees in the ordinary course of business.

The PSC attempted to compromise by specifically identifying 19 icons for production, an attempt that HESI rejected. It is well within this Honorable Court's discretion to order proper production of TREX 989 as required by PTO 16, or in the alternative order production of the 19 icon-attached documents. Neither of these remedies is onerous, burdensome, nor do they require any extraordinary effort to accomplish. Allowing HESI to benefit from a PTO violation based solely on the timing of this request is unreasonable, wholly inconsistent with the cooperative spirit that has governed this matter to date, and inconsistent with HESI's ongoing legal duties as producing party.

As always, Plaintiffs appreciated the Court's time and consideration in this matter.

Respectfully submitted,

JAMES PARKERSON ROY
STEPHEN J. HERMAN
*Co-Liaison Counsel*

Enclosures
cc: Don Godwin, Esq.
    All Liaison and Coordinating Counsel
    Paul M. Sterbcow, Esq.