## MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

January 8, 2013

WRITER'S DIRECT LINE
(213) 683-9225
(213) 593-2925 FAX
Grant.Davis-Denny@mto.com

**VIA EMAIL**

Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Soom B-345
New Orleans, LA 70130

Re: MDL 2179 — BP's Request To Alter Agreed-Upon Time Limits For Secretary Steven Chu's Deposition

Dear Judge Shushan:

I write to address BP's request that Transocean's time to question Secretary Steven Chu be reallocated to BP. For the reasons discussed below, Transocean objects to BP's request.

The parties previously negotiated and agreed upon an allocation of time in which BP has 220 minutes and Transocean has 65 minutes to question Secretary Chu. BP seeks to alter the time limits it agreed to based on the partial consent decree lodged by the United States. That partial consent decree has not been entered by the Court and is subject to a public comment period. Entry of the partial consent decree would result in resolution of the United States' Clean Water Act claim against Transocean, but not the United States' Oil Pollution Act ("OPA") claim.

The partial consent decree in no way eliminates Transocean's interest in questioning Secretary Chu.

MUNGER, TOLLES & OLSON LLP

Honorable Sally Shushan
January 8, 2013
Page 2

Transocean's primary interest in examining Secretary Chu related to, and continues to relate to, what representations BP did or did not make to Secretary Chu in April-June 2010 regarding the flow rate and the risks, benefits, and likelihood of success of certain source control procedures. These representations or omissions are relevant to whether conduct by BP during the response effort caused the well to flow for 87 days rather than being capped at an earlier point in time or caused less oil to be contained from the flowing well. In other words, the main discovery Transocean seeks from Secretary Chu is relevant at least to legal theories of intervening cause and comparative fault. The partial consent decree between Transocean and the United States has no bearing on the issues of intervening cause and comparative fault, except as those issues may relate to the Clean Water Act claim alleged by the United States against Transocean. In other words, in defending against claims brought by private plaintiffs, Louisiana, and Alabama, as well as the United States' OPA claim, Transocean continues to have an interest in obtaining discovery that would demonstrate that BP's conduct in connection with flow rates and the response effort caused the well to flow for longer or in greater amounts than otherwise would have been the case but for BP's conduct.

In short, if granted, BP's request would prejudice Transocean's ability to obtain relevant discovery in Phase Two. Moreover, because Transocean will be asking questions on Halliburton's behalf at Secretary Chu's deposition, reducing or eliminating Transocean's questioning time could also adversely affect Halliburton's interests.

Thank you for considering this submission and please let me know if you have any questions or need additional information.

Sincerely,

*[signature]*

Grant A. Davis-Denny

19655831.1