UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * | MDL NO. 2179 |
| | | SECTION J |
| | | HONORABLE CARL J. BARBIER |
| | | MAGISTRATE JUDGE SHUSHAN |
| This document relates to: *All Cases* | * * | |

**MOTION FOR LEAVE TO INTERVENE**

NOW INTO COURT, come Full Scope Services, LLC ("Full Scope"), a corporation organized in the State of Georgia, who request that this Honorable Court grant leave to file a Complaint in Intervention under Federal Rule of Civil Procedure 24. Full Scope moves to intervene into the cases filed by individuals and/or entities identified in the attached Exhibit A[1] who have opted out of the settlement, made OPA claims and/or non-settlement claims against BP Exploration & Production Inc., BP America Production Company, and other entities in this multidistrict litigation. Full Scope intervenes for the purpose of protecting their rights and interests related to the above-described claims, as explained more fully in the attached memorandum in support, and hereby represent as follows:

I.

This Court has previously denied a similar Motion for Leave to Intervene by Full Scope, filed on October 9, 2012, referring Full Scope's intervention to Claims Administrator pursuant to

---

[1] Full Scope intervenes herein against only OPA, opt-out, and excluded claimants. However, Exhibit "A" includes all claimants against whom Full Scope has a claim, including both OPA, opt-out, and excluded claimants, and claimants making claims against the settlement fund. This inclusion is done in an abundance of caution because Full Scope does not have the ability to determine which claimants are in or out of the settlement.

1

Court Approved Procedure No. 1. (*See* R. Doc. 7792).  The instant intervention differs in that it relates exclusively to OPA Claims, opt-outs and other non-settlement claims.

II.

Full Scope was retained under contract by Law Firms, Consulting Firms and Individual Claimants to provide assessment and evaluation services to claimants filing claims against various Defendants in connection with the Deepwater Horizon Oil Spill.  The pending actions against which Full Scope now intervenes are listed in Exhibit A, incorporated fully herein.

III.

Full Scope has fulfilled their obligations under the terms of the contracts with the Firms and Individual Claimants with extreme diligence.

IV.

The Firms and Individual Claimants are obligated under the Terms of their contracts to pay Full Scope certain amounts promptly upon receipt of any settlement or judgment monies paid to Claimants for their claims.

V.

Despite Full Scope's efforts to enforce the terms of the Contract, Full Scope has a good-faith basis to believe it will be unable to secure payment from Claimants and Firms.

VI.

Full Scope has an interest in the property that is the subject of the Claimants' actions and claims—specifically, settlement funds or judgments to be paid to Claimants.  If payment of said funds is made directly to the Claimants, Full Scope will be materially prejudiced.

VII.

Full Scope files their Complaint For Intervention at this time because the opt-out deadline in this MDL has passed, and all Claimants who are outside of the settlement will be known to the various Defendants. Full Scope will be prejudiced if payments are made to Claimants prior to resolution of this intervention.

VIII.

Pursuant to Local Rule 7.6, undersigned counsel requested consent by all parties to this motion for leave to intervene, through their liaison counsels. Undersigned counsel has been unable to obtain the consent of Defense Liaison Counsel or Plaintiffs Liaison Counsel in connection with this motion.

WHEREFORE, proposed intervenor Full Scope Services, LLC prays that this Court grant their Motion for Leave to Intervene and allow Full Scope's Complaint for Intervention to be filed and that:

a. Claimants (named in Exhibit "A") be duly cited and served with a copy of the attached complaint in intervention;

b. That payment of settlement funds or judgments to Claimants be withheld pending resolution of this intervention; and

c. After due proceedings had, there be judgment rendered herein in favor of intervenor Full Scope Services, LLC for all costs, expenses and for the cost of these proceedings.

    Respectfully submitted,

    /s/ Joseph M. Bruno
    Joseph M. Bruno (#3604)
    Daniel A. Meyer (#33278)
    BRUNO & BRUNO, LLP

3

855 Baronne Street<br>
New Orleans, LA 70115<br>
Telephone: (504)-525-1335<br>
Facsimile: (504)-581-1493<br>
Email: jbruno@brunobrunolaw.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been served on all counsel of record via this Court's CM/ECF service, this January 9, 2013.

/s/ Joseph M. Bruno
JOSEPH M. BRUNO