**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | * | |
| In Re: Oil Spill by the Oil Rig "Deepwater | * | 2010-md-02179 |
| Horizon" in the Gulf of Mexico, on April | * | |
| 20, 2010 | * | MDL NO. 2179 |
| | * | |
| | * | SECTION J |
| | * | |
| | * | HONORABLE CARL J. BARBIER |
| This document relates to: *All Cases* | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF**
**FULL SCOPE SERVICES LLC'S MOTION TO INTERVENE**

## I.      INTRODUCTION

This memorandum supports the Motion of Full Scope Services, LLC ("Full Scope") to intervene as a third-party plaintiff in this action.  Full Scope seeks intervenes in order to enforce and protect its property interest and rights to fees under contract.  Made third-party plaintiff in this intervention is Full Scope, a corporation organized in the State of Georgia.  Full Scope is a provider of assessment and evaluation services to Claimants in the BP Settlements.  A cumulative list of all claimants in the settlement of this matter for whom Full Scope is or will be owed a fee is attached as Exhibit A.

Defendants in intervention are certain consulting and law firms, and individual claimants. The consulting and law firms are: Alvendia, Kelly & Demarest; Brent Coon & Associates; The Irpino Law Firm; Stout Law Group, PL; Coastal Consulting Services; Danziger & De Llano, LLP; D. Miller & Associates; PLLC; and J. Davis, Attorney at Law, LLC (hereinafter collectively referred to as "Defendant Firms").  Also made defendants-in-intervention are individual claimants who have entered into contracts with Full Scope.

## II.      NATURE OF FULL SCOPE'S INTEREST IN THIS CASE

Full Scope is a provider of assessment and evaluation services related to damages incurred by claimants making claims in connection with the Deepwater Horizon Oil Spill.  Full Scope obtains and reviews financial and other data from individuals and business entities and produces supporting documents required to buttress claims made against Defendants in this MDL under the Oil Pollution Act of 1990 (33 U.S.C. §§2713 and 2717(f)). Full Scope also provides similar services in connection with settlement claims to the Gulf Coast Claims Facility and the Deepwater Horizon Court Supervised Settlement Program.  However, settlement claims are not the subject of this Intervention.[1]

### A.      Contracts With Law Firms

Full Scope has entered into contracts with the Defendant Firms for the purpose of providing for clients of those firms assessment and evaluation services related to damages incurred in connection with the Deepwater Horizon Oil Spill.  These contracts all contain the following term:

> "[Defendant Firm] and Full Scope acknowledge that the Oil Pollution Act ("OPA") authorizes Claimant to include the cost of assessing and valuing Claimant's losses as an additional cost resulting from the Incident.  In recognition thereof, Full Scope agrees to defer payment for services provided until [Defendant Firm] or Claimant receives payment from BP, the Gulf Coast Claims Facility ("GCCF"), the Oil Spill Liability Trust Fund ("OSLTF") or other third party payor. [Defendant Firm] agrees to pay Full Scope promptly upon receipt of said payment, or portion thereof, by [Defendant Firm] or Claimant.  Full Scope acknowledges that services rendered are provided on an hourly basis…"

The cited term in Full Scope's contracts with Defendant Firms provides that they shall make payment to Full Scope promptly upon receipt of settlement payment by the Defendant Firm or the claimant.  Full Scope intervenes herein for the purpose of asserting its rights under contract

---

[1] Third-party claims against settlement claims are evaluated by the Claims Administrator and controlled by Court-Approved Procedure No. 1.

to fees already due, and conditionally owed fees for future settlement or judgment payments, and any third-party privilege or lien created by the contracts upon settlement funds payable to Defendant Firms and their Claimants.

       **B.**      **Contracts With Individual Claimants**

Full Scope has entered into contracts with Individual Claimants for the same purpose described above.  These contracts contain the following term:

> "Claimant and Full Scope acknowledge that the Oil Pollution Act ("OPA") authorizes Claimant to include the cost of assessing and valuing Claimant's losses as an additional cost resulting from the Incident.  In recognition thereof, Full Scope agrees to defer payment for services provided until Claimant receives payment from BP, the Gulf Coast Claims Facility ("GCCF"), the Oil Spill Liability Trust Fund ("OSLTF") or other third party payor. Claimant agrees to pay Full Scope promptly upon receipt of said payment, or portion thereof. Claimant further agrees that Full Scope shall have the right to direct BP, the GCCF, the OSLTF or any other payor to whom a claim is submitted to pay Full Scope's costs of assessment directly to Full Scope, and Claimant specifically authorizes said direct payment."

The cited term in Full Scope's contracts with Individual Claimants provide for a contractual right to fees already due, and conditionally owed fees for future settlement or judgment payments, enforceable against any settlement or judgment funds paid to Claimants according to the terms of the contract.  The contract term also provides for Full Scope to seek direct payment from "any other payor."  Full Scope intervenes herein for the purpose of asserting its rights under contract to fees, and any third-party privilege or lien created by the contracts, upon settlement funds payable these Individual Claimants.

## III.  FULL SCOPE IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Full Scope is entitled to intervene in this case as a matter of right.  In order to intervene as a matter of right pursuant to Rule 24(a)(2), a movant must meet the following requirements: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to

the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007) (citations omitted).

### A.     Full Scope's Intervention is Timely

The determination of whether a motion to intervene is timely is a matter within the sound discretion of the trial court. *Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1115 (5th Cir. 1970).  Courts have allowed intervention months or even years after the original filing of the suit "where the substantial litigation of the issues had not been commenced when the motion to intervene was filed." *Id.* (citations omitted).  In this case, Full Scope intervenes in this matter approximately eight months after the filing of the Settlement Agreement.

While Full Scope has been engaged in assessment and evaluation services for businesses and individuals in the settlement class since the early days of the GCCF, Full Scope has only recently become aware of the threat to its recovery under contract.  Specifically, Individual Claimants will be paid without notice to Full Scope, and Defendant Firms have manifested intent to not honor the terms of their contracts.  Any delay in Full Scope's intervention is due to Full Scope's good faith that the terms of their contract would be honored.  Furthermore, the deadline for opting out of the settlement class has only recently passed on November 1, 2012, thus determining the set of third-party defendants against whom Full Scope will not be protected under Court-Approved Procedure No. 1.  Therefore, Full Scope's motion is timely.

**B.      Full Scope Has an Interest Relating to the Property or Transaction at Issue**

In order for an interest to meet this second requirement, it must be "a direct, substantial, legally protectable interest in the proceedings." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc) (quotation marks and citation omitted). The Fifth Circuit has allowed attorneys to intervene in pending actions to assert claims for attorney fees against the plaintiff. See *Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986).  In this case, Full Scope has demonstrated that they have a valid pecuniary interest in the property which is the subject of the action.  Specifically, Full Scope is entitled to payment from Defendant Firms and Individual Claimants upon their receipt of an amount of settlement or judgment funds, which are contemplated to be paid directly out of said funds.  This action analogous to the more-common intervention for attorneys fees approved in *Keith v. St. George Packing Co*, supra, whereby pursuant to a contract the intervenor provided services to claimants which were utilized in furtherance of a successful recovery.  Therefore, Full Scope's interest is sufficient to satisfy this second requirement.

**C.      Disposition of this Matter will Impair or Impede Full Scope's Interest**

Disposition of this matter will impair or impede Full Scope's ability to collect its proper share of the settlement funds owed under the contract.  The United States Fourth Circuit Court of Appeals has held that this third prong is met where an intervenor "claim[s] an interest in both the transaction and the fund which are the subject of the main action, and if the entire amount were paid directly to [defendant-in-intervention] their ability to collect their proper share would as a practical matter be more difficult." *Hardy-Latham v. Wellons*, 415 F.2d 674, 676 (4th Cir. 1968). District Courts have found that an interest is impeded by the disposition of a matter where a judgment in a case in favor of intervenor would force the intervenor to bring further litigation to

enforce their right to funds, and those funds may no longer exist. *Brooks v. Sussex County State Bank*, 167 F.R.D. 347, 351 (N.D.N.Y. 1996).

In this case, a settlement or judgment against any Defendant in this MDL in favor of a claimant made third-party defendant herein, and ultimate payment of that settlement or judgment, will impair Full Scope's ability to collect on funds owed under contracts, and enforce any lien and privilege pursuant to those contracts. Furthermore, similar to the intervenor in *Brooks v. Sussex County State Bank*, Full Scope would be required to bring breach-of-contract actions against each of the Individual Claimants and Defendant Firms if they are not able to collect. Therefore, not only will Full Scope's interest in the property be impaired by their inability to collect their proper share of settlement funds owed by Defendant Firms and Claimants under contract, but Full Scope will also be forced to bring individual breach of contract suits to enforce each individual contract. This unduly burdensome and overly litigious alternative to intervention, as a practical matter, will impair Full Scope's ability to protect their interest in the settlement or judgment funds. As such, Full Scope satisfies this third requirement.

### D.     Full Scopes Interest is Not Adequately Protected by the Parties to the Suit

Full Scope's interest in this case is not adequately protected by the parties to the suit because those parties have no method of monitoring what is owed and by which plaintiffs. In order to establish this prong, "[the proposed intervenor] would need to demonstrate that it has a legal interest that not only differs from the [the existing plaintiffs'] interest, but would permit [the proposed intervenor] to assert a justification…that could not be equally asserted by the [existing plaintiffs]." *Altier v. Worley Catastrophe Response, LLC*, 2012 WL 161824 (E.D. La. Jan. 18, 2012) (citing *Schwartz v. Town of Huntington,* 191 F.R.D. 357, 359 (E.D.N.Y.2000) (quoting

*United States v. City of N.Y.,* 198 F.3d 360, 367 (2d Cir.1999)) (citing *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.,* 922 F.2d 92, 97 (2d Cir.1990)).

In this case, Full Scope's interest is solely to collect on the amounts owed pursuant to contracts entered into by Defendant Firms and Individual Claimants.  Of the parties in this litigation, only Full Scope has the incentive and possesses the documentation required to assert their interest.  Plainly, no parties in this litigation are willing or able to represent Full Scope's privileges and liens.  Therefore, Full Scope's interests are not adequately protected by the parties to the suit.

Having satisfactorily demonstrated the four grounds required for an intervention by right, Full Scope should be permitted to so intervene.

## IV.    FULL SCOPE SHOULD BE ALLOWED PERMISSIVE INTERVENTION

In the alternative to an intervention of right, Full Scope seeks to permissively intervene under Federal Rule of Civil Procedure 24(b).  A court may allow permissive intervention if the movant can demonstrate that it "has a claim or defense that shares with the main action a common question of law or fact" and that it will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). "Permissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n,* 806 F.2d 1285, 1289 (5th Cir. 1987) (citations omitted).  Considering the bases described above, if Full Scope is not entitled to an intervention of right, than in the alternative it should be allowed to permissively intervene.

**V.      CONCLUSION**

For the foregoing reasons, this Court should grant the Full Scope intervention of right under Rule 24(a)(2) or, in the alternative, permissive intervention under Rule 24(b).

Respectfully submitted,

/s/ Joseph M. Bruno
Joseph M. Bruno (#3604)
Daniel A. Meyer (#33278)
BRUNO & BRUNO, LLP
855 Barone Street
New Orleans, LA 70115
Telephone: (504)-525-1335
Facsimile: (504)-581-1493
Email: jbruno@brunobrunolaw.com