UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * MDL NO. 2179 <br> * <br> * SECTION J <br> * <br> * HONORABLE CARL J. BARBIER <br> * <br> * MAGISTRATE JUDGE SHUSHAN |
| This document relates to: *All Cases* | * <br> * |

**COMPLAINT FOR INTERVENTION**

**NOW INTO COURT**, through undersigned counsel, comes Intervenor **FULL SCOPE SERVICE, L.L.C.** ("Full Scope"), who files this complaint for intervention in accordance with Federal Rule of Civil Procedure 24.

This complaint of **FULL SCOPE**, alleges as follows:

1.

Made defendant-in-intervention are:

(A)   The law and/or consulting firms of: Alvendia, Kelly & Demarest, LLC; Brent Coon & Associates; The Irpino Law Firm; Stout Law Group, PL; Coastal Consulting Services; Danziger & De Llano, LLP; D. Miller & Associates; PLLC; and J. Davis, Attorney at Law, LLC (hereinafter collectively referred to as "Defendant Firms"); and

(B)   Individual Claimants with whom Full Scope has entered into contracts (hereinafter collectively referred to as "Individual Defendants").

1

2.

In the aftermath of the Deepwater Horizon incident and resulting oil spill, Full Scope was retained by the Defendant Firms and Individual Defendants to provide assessment and evaluation services for claimants related to oil spill damages and settlement claims in this matter.

3.

The claimant name, business name (where applicable), GCCF number (where applicable), file number, and outstanding invoice amount of the six hundred and ninety-five (695) claimants for whom Full Scope performed services pursuant to contracts with the Defendant Firms and the Individual Defendants are listed in the attached Exhibit "A".

4.

Although Full Scope lists all claimants by whom it is owed money for services rendered and has a good faith basis to believe such money will not be paid but for this intervention, Full Scope limits this complaint-in-intervention to those claimants who have opted-out, are excluded under the settlement with BP, and/or have filed OPA claims against BP in this action. By this limitation, Full Scope excludes from this complaint-in-intervention those claimants who have only made claims under the settlement.

5.

Full Scope entered into Contracts with the Defendant Firms to provide assessment and evaluation services for certain clients of Defendant Firms. (*See* Exhibit "B"). These contracts contain the following term:

> "[Defendant Firm] and Full Scope acknowledge that the Oil Pollution Act ("OPA") authorizes Claimant to include the cost of assessing and valuing Claimant's losses as an additional cost resulting from the Incident. In recognition thereof, Full Scope agrees to defer payment for services provided until [Defendant Firm] or Claimant receives payment from BP, the Gulf Coast Claims Facility ("GCCF"), the Oil Spill Liability Trust Fund ("OSLTF") or other third

2

party payor. [Defendant Firm] agrees to pay Full Scope promptly upon receipt of said payment, or portion thereof, by [Defendant Firm] or Claimant. Full Scope acknowledges that services rendered are provided on an hourly basis…"

6.

Full Scope also entered into Contracts with the Individual Defendants to provide assessment and evaluation services for their claims. (*See* Exhibit "C"). These contracts contain the following term:

"Claimant and Full Scope acknowledge that the Oil Pollution Act ("OPA") authorizes Claimant to include the cost of assessing and valuing Claimant's losses as an additional cost resulting from the Incident. In recognition thereof, Full Scope agrees to defer payment for services provided until Claimant receives payment from BP, the Gulf Coast Claims Facility ("GCCF"), the Oil Spill Liability Trust Fund ("OSLTF") or other third party payor. Claimant agrees to pay Full Scope promptly upon receipt of said payment, or portion thereof. Claimant further agrees that Full Scope shall have the right to direct BP, the GCCF, the OSLTF or any other payor to whom a claim is submitted to pay Full Scope's costs of assessment directly to Full Scope, and Claimant specifically authorizes said direct payment."

7.

Full Scope has performed its obligations under the terms of the contracts with Defendant Firms and Individual Defendants by providing assessment and evaluation services to the 17 claimants listed in Exhibit "A". These Claimants utilized the documentation and reports generated by Full Scope (pursuant to the terms of the Contracts cited above) in support of their settlement claims or litigation.

8.

Because Full Scope has fully performed under the terms of the Contracts, third-party defendants are either presently indebted to Full Scope under the terms of the Contracts, or will become indebted to Full Scope upon receipt of payment from the DHCC in the future.

9.

Full Scope has an interest in the settlement claims of the six hundred and ninety-five (695) claimants for whom Full Scope performed services under contract, less those who have only filed for recovery through the Claims Administrator under the settlement agreement, and is entitled to be paid its fee directly out of the settlement funds allocated to those claimants.

**WHEREFORE**, intervenor, Full Scope Services, LLC, prays that defendants-in-intervention named herein, and listed on Exhibit "A" be served with a certified copy of this complaint and after the lapse of all legal delays and subsequent filings that there be a judgment in favor of intervenor, Full Scope Services, LLC, and against the Defendant Firms and Individual Defendants, defendants-in-intervention, for all relief sought under the law.

Respectfully submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno, No. 3604
Daniel A. Meyer, No. 33278
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  (504) 525-1335

**PLEASE SERVE**
Claimants Named in Exhibit "A"

4