

DALLAS  HOUSTON  PLANO
Plano office by Appointment Only

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

www.GodwinLewis.com

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:      214.939.4412
DIRECT FAX:       214.939.4803
Don.Godwin@GodwinLewis.com

January 8, 2013

**VIA EMAIL & HAND DELIVERY**

Magistrate Judge Sally Shushan
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, LA  70130

      Re:    MDL No. 2179 – Halliburton's Response to PSC's January 3, 2013 Motion to Compel

Dear Judge Shushan:

      The PSC's January 3, 2013 letter to the Court is in all respects a motion to compel the production of numerous Phase I documents referenced in a document produced by HESI on December 10, 2010.  *See* Exhibit 1, HESI's US Land-Offshore Cement Work Methods (the "Work Methods").[1]  This untimely request, made over a year after the deadline to file motions to compel, is nothing more than an attempt to reopen Phase I discovery.  Pursuant paragraph 4 of PTO 54 and Amended PTO 54:

> Without prejudice to the parties' ability to object to evidence during the normal course of trial, <u>no new pre-trial motions</u> or motions *in limine* <u>shall be filed concerning any witness, exhibit, or matter that was produced or identified prior to the February 27, 2012 first trial setting</u>.  The Court will only entertain pre-trial motions and motions in limine concerning witnesses, exhibits, and matters which were identified, produced or arose after February 27, 2012.

---

[1] The Work Methods manual is marked Highly Confidential and HESI requests that it be filed under seal.  All Exhibits referenced herein are provided to the Court on a CD, but only the Work Methods - Exhibit 1 (TREX 989), Exhibit 4 (TREX 1708), and Exhibit 6 (TREX 2133) - are requested to be filed under seal.

January 8, 2013
Page 2

*See* Rec. Docs. 8080 and 8173 (emphasis added).  Because HESI produced the Work Methods well before February 27, 2012, the PSC's motion is a clear violation of PTO 54.

1.      **PTO 16 Does Not Require Native Production Of The Work Methods**

The PSC attempts to obfuscate its delay in bringing its motion to compel by arguing – incorrectly – that HESI produced the Work Methods in the incorrect format.  PTO 16 requires documents to be produced as either (1) single page TIFF images with associated text files *or* (2) in native format.  *See* Rec. Doc. 686, Paragraph 1.  Paragraph 2 of PTO 16 requires only Excel and PowerPoint files to be produced natively.  The Work Methods is a PDF that was produced via single page TIFF images with associated searchable text files.[2]  Because it is neither an Excel spreadsheet nor a PowerPoint presentation, PTO 16 does not require the Work Methods to be produced natively.

2.      **The PSC Marked The Work Methods As Deposition Exhibit 989 And Cross-Examined HESI Employees About It During Phase I Depositions**

The PSC seeks to compel 18 of approximately 109 documents referenced or "embedded in" the 352-page Work Methods.  On March 31, 2011, the PSC marked the Work Methods as deposition exhibit 989 and cross-examined HESI's Phase I 30(b)(6) witness, Richard Vargo, about its effective date and information contained therein.  *See* Exhibit 1, TREX 989, and Exhibit 2, Vargo Depo at 866:16-869:7; 903:1-907:7; 957:1-961:12.  One of the many pages the PSC questioned Mr. Vargo about discusses HESI's Daily Activity Reports ("DARs") and specifically references the embedded document entitled "DAR Example".  *See* Exhibit 1 at HAL_0116710.  On June 29, 2011, the PSC again used the Work Methods to cross-examine HESI employee Ronald Faul.  *See* Exhibit 3, Faul Depo at 189:20-192:16.

3.      **Other Parties Cross-Examined HESI Employees About The Work Methods In Phase I Depositions**

On April 27, 2011, BP re-marked the Work Methods as deposition exhibit 1708 and cross-examined HESI employee Paul Anderson regarding its applicability and certain information contained therein.  *See* Exhibit 4, TREX 1708, and Exhibit 5, Anderson Depo at 321:17-326:6.  The page Mr. Anderson was questioned about specifically references the embedded document entitled "Foam Cementing Operations Manual."  *See* Exhibit 4 at HAL_0116786. On April 29, 2011, BP re-marked the Work Methods as deposition exhibit 2133 and cross-examined HESI employee Mike Serio at length regarding HESI's spacer designs.  *See* Exhibit 6, TREX 2133, and Exhibit 7, Serio Depo at 405:20-427:17.  One of the many pages Mr. Serio was questioned about specifically references the embedded documents entitled "TunedSpacerIII," "GOM TunedSpacerIII Spreadsheet Beta V7," and "TunedSpacerIII

---

[2] The term "associated text files" refers to a text file with the content of each TIFF image reduced to searchable text.  In this context, the term refers to separate files containing the searchable text of the TIFF images (commonly used by commercially available document review software).

January 8, 2013
Page 3

Calculations."  *See* Exhibit 6 at HAL_0116566.  Mr. Serio was also questioned about the Work Methods' Spacer & Surfactant Design pages, which reference embedded documents entitled "Tuned Spacer III Calculation Sheet v4," "C:Documents and Settings\fecw471\De...," and "Compatibility Modeling.xls."  *See id*. at HAL_0116839-40.

On October 20, 2011, BP and Anadarko questioned HESI employee Roger Dugas about the Work Methods.  *See* Exhibit 8, Dugas Depo at 209:25-224:13 (BP); 333:17-335:13 (Anadarko).  On February 7, 2012, the United States cross-examined HESI employee Jesse Gagliano regarding the Work Methods.  *See* Exhibit 9, Gagliano Depo at 289:9-294:5.

**4.      HESI Objected To BP's Requests For Production Regarding The Work Methods**

On April 3, 2011, BP served its Second Request for Production of Documents to HESI requesting documents generally "cited in" the Work Methods.  *See* Exhibit 10, Requests for Production No. 46-47.  On April 29, 2011, BP served its Third Request for Production of Documents to HESI requesting many of the specific documents referenced in the Work Methods. *See* Exhibit 11, Requests for Production No. 39-52.  In May and June of 2011, because these requests sought the production of information unrelated to the Macondo Well, HESI objected to them as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.  *See* Exhibit 12, HESI's Objections and Responses to the BP Parties' Second Request for Production of Documents, No. 46-47, and Exhibit 13, HESI's Objections and Responses to the BP Parties' Third Request for Production of Documents No. 39-52. Accordingly, no later than June 2011, the PSC knew that certain documents referenced in the Work Methods had not been produced and that HESI objected to such production.

Prior to the deadline to file motions to compel Phase I documents, HESI participated in numerous meet and confers in an effort to reach agreements and/or identify document categories requiring Court intervention.  *See e.g*. Exhibit 14, August 15, 2011 Letter from Barbara Harding to Jenny Martinez at p. 14 ("Request for Production No. 46 (Second Set). Please produce all drafts of the U.S. Work Methods for Land and Offshore and all documents discussing this manual.  We have not located any drafts of this manual or any documents discussing revisions to this document....").  During this meet and confer process, HESI never received any correspondence from the PSC regarding the Work Methods or any document referenced therein.

In August of 2011, the parties filed motions to compel the documents upon which agreements could not be reached.  *See e.g*. Rec. Docs. 3788, 3795, 3835, 3843, 3906, and 3919. None of these motions, however, concerned the documents referenced in the Work Methods.  By the fall of 2011, HESI believed that the parties had resolved all discovery issues related to the Work Methods.  For over a year, no party asked HESI to produce anything referenced in or related to the Work Methods, and no party challenged HESI's objections.

On October 10, 2012, counsel for Transocean requested a spreadsheet referenced in the Work Methods entitled "Minimum Design Criteria 2".  *See* Exhibit 15.  On November 29, 2012, the PSC requested the same "Minimum Design Criteria 2" spreadsheet.  *See* Exhibit 16.  On December 19, 2012, after conferring with the PSC and noting its concerns about the timeliness of the request, in the spirit of cooperation and in good faith, HESI produced the spreadsheet.  On

January 8, 2013
Page 4

December 26, 2012, the PSC requested an additional 18 documents cited in the Work Methods. *See* Exhibit 17. In response, HESI reaffirmed its position that the PSC's request for documents cited in the Work Methods was untimely. *See* Exhibit 18. The PSC filed a letter brief with this Court on January 3, 2013 seeking to compel production of the 18 documents.

**5.      The Court Should Deny The Untimely Motion To Compel**

Discovery has been closed since July 31, 2011, and the deadline to file motions to compel expired on August 28, 2011. *See* Rec. Doc. 1075. In addition to PTO 54's prohibition against late filed motions to compel, the Court has ruled that "**it does not intend to permit discovery to be further reopened with respect to Phase I issues.**" *See* Rec. Doc. 7437 (emphasis in original).

Trial courts have "broad discretion to preserve the integrity and purpose of the pretrial order." *Turnage v. General Elec. Co.* 953 F.2d 206, 208 (5th Cir.1992). In exercising this discretion, many courts considering motions to compel filed after the applicable deadline frequently look only to the applicable order and deny any motions filed outside the deadline. *See Visto Corp. v. Microsoft Corp.,* No. 2:05CV546, 2007 U.S. Dist. LEXIS 68226, at *11. (E.D. Tex. Aug. 31, 2007) (delay in filing motion to compel alone is sufficient to warrant its denial).

Federal courts across several circuits have used the factors outlined in *Days Inn Worldwide, Inc. v. Sonia Invs*., 237 F.R.D. 395 (N.D. Tex. 2006) as guidelines in exercising their discretion to modify a scheduling order to allow more discovery. *See, e.g., Visto Corp.,* 2007 U.S. Dist. LEXIS, at *9-10; *Bean v. John Wiley & Sons*, *Inc*., No. CV 11-08028-PCT-FJM, 2012 U.S. Dist. LEXIS 11736, at *3 (D. Ariz. Feb. 1, 2012); *Henneman v. Fed. Check Recovery,* No. 10-C-746, 2011 U.S. Dist. LEXIS 56629, at *7 (E.D. Wis. May 19, 2011). *Days Inn* involved a motion to compel filed 15 days after an extended discovery deadline. 237 F.R.D. at 396. The *Days Inn* court conducted a lengthy analysis of authorities concerning untimely motions to compel, and set out factors for determining whether to allow such a motion: (1) the length of time since the expiration of the deadline; (2) the length of time that the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom late discovery was sought; and (8) disruption of the court's schedule. *Id*. at 396-397 (compiling cases). The *Days Inn* court rejected the untimely motion to compel, noting that it was filed months after the documents at issue were discussed in a deposition. *Id.* at 398-399.

Based upon the *Days Inn* factors, the Court should reject the PSC's motion to compel. The Phase I deadlines for discovery and motions to compel expired over one year ago. All parties, including the PSC, have known about the Work Methods and the documents referenced therein for over two years.[3] The PSC's statement that it "should not be forced to play the role of document production policeman" is ridiculous in light of the fact that it actually cross-examined

---

[3] Indeed, the Work Methods manual has been on the PSC's Exhibit list since <u>May 9, 2011</u>. *See* Rec. Docs. 2309, 4580 at p. 59, 4589-1 at p. 59, 4715-1 at p. 68, 4994 at p. 68, and 5209-1 at p. 92.

January 8, 2013
Page 5

HESI about the Work Methods, and was present during other parties' cross-examinations of multiple HESI witnesses about the Work Methods.

The PSC has not offered any explanation for its delayed request. *See Rollins v. St. Jude Med., Inc.,* No. 08-0387, 2010 U.S. Dist. LEXIS 41944, at *6 (W.D. La. Apr. 28, 2010) (applying *Days Inn* analysis to deny motion to compel, noting plaintiff provided no explanation for untimeliness of motion to compel despite her knowledge of the discovery issue before the deadline to file). Instead of offering any sort of explanation, the PSC attempts to obfuscate its delay by arguing – incorrectly – that HESI produced the Work Methods in the incorrect format.

A party requesting discovery must protect itself by timely proceeding with a motion to compel - if it fails to do so, it acts at its own peril. *Days Inn,* 237 F.R.D. at 399 (quoting *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001)); *see also Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200-01 (E.D. Mich. 2002) (failure to promptly enforce discovery rights constitutes a waiver of such rights).

The PSC admits that the proper response to an objection is a timely-filed motion to compel. *See* PSC's January 3, 2013 Letter Brief, at 2. HESI timely objected to producing the very documents the PSC now seeks to compel. *See* Exhibit 12 at Nos. 46-47, and Exhibit 13 at Nos. 39-52. Neither the PSC nor any other party challenged these objections.

Rule 26(e)(1)'s requirement to supplement discovery responses is not applicable - it applies only when a party learns that its discovery response is materially incomplete or incorrect, and additional or corrective information has not otherwise been made known to the other parties. *See McPherson v. City of Chicago*, No. 06C1221, 2008 U.S. Dist. LEXIS 45377, at *4 (N.D. Ill. June 10, 2008). Here, all parties were aware that HESI objected to the production of the documents referenced in the Work Methods and no party, including the PSC, challenged such objections. HESI's timely objections still stand and there is nothing to supplement. The Court should deny the PSC's request to reopen Phase I discovery through its untimely motion to compel these Phase I documents.

Respectfully submitted,

*Donald E. Godwin*

Donald E. Godwin

cc

Liaison Counsel (via email)

2067961 v1-24010/0002 PLEADINGS