# IN RE: DEEPWATER HORIZON LITIGATION
## MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards, LLC | Herman, Herman & Katz, LLC |
| 556 Jefferson St., Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| E-Mail: jmr@wrightroy.com | E-Mail: Sherman@hhklawfirm.com |
| Telephone:  (337) 233-3033 | Telephone:  (504) 581-4892 |
| Direct:  (337) 593-4190 | Direct:  (504) 680-0554 |
| Fax:  (337) 233-2796 | Fax: (504) 561-6024 |

January 9, 2013

**Via E-Mail**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re:  Halliburton's Failure to Produce ESI in Accordance with PTO 16

Dear Judge Shushan:

Contrary to the points raised in its response of January 8, 2013, HESI should be ordered to produce the documents today.  HESI attempts to mischaracterize Plaintiffs' efforts as a request to reopen Phase I discovery, when we are simply requesting that HESI satisfy its obligations under the federal rules to supplement its production as well as its own affirmative response that it would, in fact, supplement its responses.

As set forth in detail in Plaintiffs' January 3 letter, HESI is obligated to produce documents in their native format under PTO 16, at ¶2.b.1.  HESI argues it should not have to produce the Work Methods document in its native format, but it cannot escape the requirements of paragraph 5 relating to the embedded documents, which states, in pertinent part:

> [I]f a document is more than one page, the unitization of the document *and any attachments* shall be maintained as it existed in the original when creating the image file.  … The relationship of documents in a document collection (e.g., … *documents where a parent-child relationship exists between the documents*) *shall be maintained through the scanning or conversion process*. … Such information shall

January 9, 2013
Page -2-

> be produced in the load file … in a manner to enable the parent-child relationship among documents in a document collection to be reconstituted by the receiving party ….

PTO 16, at ¶5 (emphasis added).  HESI has failed to comply with its obligations.

Further, HESI argues that it objected to BP's request for documents relating to the embedded documents and, therefore, did not produce the documents.  This is not true.  Although HESI reserved specific objections to producing the documents, its response stated that:

> Subject to and without waiving the foregoing objections, HESI *will* produce all responsive, non-privileged documents.

*See, e.g.*, Ex. 12 to HESI's January 8, 2013 letter, at p. 32 (emphasis added).  Despite these affirmative statements that the documents would be forthcoming, HESI now relies on its failure to produce the documents when promised as its primary defense to producing them now.  In other words, HESI clearly violated paragraph 5 of PTO 16 and HESI also failed to produce the very documents it promised in writing to produce.  HESI now claims that even though it was "caught" that we waited too long to complain.  No party should be able to violate the court orders and then claim prejudice when asked to comply.

HESI also argues that Phase I discovery has been closed since July 31, 2011.  This completely ignores the fact that all parties in this litigation are required by the federal rules to supplement their discovery responses.  Indeed, the parties continue to produce documents – HESI's latest production was made on January 7, 2013.  HESI's argument also ignores the fact that all parties have been allowed to supplement their Phase I trial exhibit lists with 35 additional exhibits without showing good cause, and are allowed to seek the court's consent to add even more for documents produced after February 20, 2012.  Amended PTO 54, at ¶ 2.  The deadline to make these amendments is Friday, January 11, 2013, 18 months after Phase I discovery ended.

Finally, although HESI was obligated to produce all 109 documents embedded in TREX-0989, Plaintiffs have limited the request to only 18.  The documents have been identified and can readily be emailed to the parties in order to meet Friday's deadline.  Thus, HESI will not be subjected to any undue prejudice from supplementing its production.

As always, Plaintiffs appreciated the Court's time and consideration in this matter.

                Respectfully submitted,

                JAMES PARKERSON ROY
                STEPHEN J. HERMAN
                *Co-Liaison Counsel*

January 9, 2013
Page -3-

cc: Don Godwin, Esq.
　　All Liaison and Coordinating Counsel
　　Paul M. Sterbcow, Esq.