UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>    "Deepwater Horizon" in the Gulf<br>    of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to:  *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Regarding the PSC's Motion to Compel Halliburton
to Produce ESI "icon" Documents (Rec. doc. 8183)]

Halliburton's Land-Offshore Cementing Work Methods (the "Manual") was maintained electronically. The issue presented by the PSC and Halliburton may be illustrated by reference to pages HAL-0116719-21, where the Manual describes work methods for the installation and performance of a system. The steps are enumerated. At the conclusion on HAL-0116721, there are recommendations. Each of the recommendations is followed by a note. The first is followed by a note labeled "Important" and the next four are followed by notes labeled "Caution." Following the last recommendation are "Comments, " where for more information on the system and a type of "assembly," the reader is directed to "double click" on a type of manual (hereinafter referred to as the "Assembly"). Immediately below the comment is a PDF link bearing the name of the Assembly. If the reader followed the instructions, the PDF link would take the reader to the Assembly. The Manual contains 109 icons or links which permit a user to click on the icon for immediate access to the referenced documents (the "icon documents").

Halliburton produced the Manual as a PDF via single page TIFF images with associated searchable text files. The PSC contends that: (1) Halliburton was required by Pre-trial order No. 16 (Rec. doc. 686) to produce the Manual in electronic format with the icon documents active; (2) it

was required to supplement its discovery responses with the icon documents when it learned they were not produced; and (3) it should be ordered to produce 19 of the 109 icon documents contained in the Manual.

Halliburton responds that: (1) PTO 16 does not require the production of the icon documents; (2) the PSC was aware of the icon documents when it and BP examined Halliburton employees on the Manual, including references to the icon documents; (3) Halliburton objected to producing the icon documents; (4) the PSC did not move to compel their production within the deadline; and (5) its January 3, 2013 motion to compel is untimely.

**1.     PTO No. 16.**

Paragraph no. 1 of PTO 16 states that "[t]he parties agree to produce documents either (i) as electronic images with associated test files . . . or (ii) in native format. . . ." Rec. doc. 686. The PSC contends that Halliburton failed to comply with this provision when it did not produce the icon documents. Rec. doc. 8183 at 2. Halliburton correctly notes that "associated text files" refers to a text file with the content of each TIFF image reduced to a searchable text. Rec. doc. 8219 at 2, n. 2. It also correctly notes that while Excel files must be produced in native format with related searchable text, PTO 16 did not require other documents to be produced in native format. Rec. doc. 686, para. 2 ("ESI Production").

The PSC replies that paragraph 5 ("Document Unitization") of PTO 16 requires production of the icon documents with the Manual.[1]  Rec. doc. 8221.

> To the extent possible and on a going-forward basis, the parties will endeavor to apply unitization practices consistent with the following description. . . . The

---

[1] Halliburton did not respond to this argument because the PSC did not raise it until it presented its reply.

>relationship of documents in a document collection (e.g., cover letter and enclosures, email and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. If more than one level of parent-child relationship exists, documents will be kept in order, but all will be treated as children of the initial parent document. Such information shall be produced in the load file, as hereafter defined, in a manner to enable the parent-child relationship among documents in a document collection to be reconstituted by the receiving party in commercially available document management software, such as Concordance.

Rec. doc. 686 (PTO 16 at para. 5). If a user of the Manual reached the end of the information provided on the system at HAL-0116721 and questions remained, the user was directed to and provided immediate access to the Assembly. The Assembly and other icon documents in the Manual occupy the relationship of child to the parent. Halliburton was required to endeavor to apply unitization practices to the Manual and the icon documents.

**2.      Use of the Manual in Depositions**.

Halliburton cites places in at least five depositions of its employees, where they were examined on pages from the Manual like HAL-0116721. These depositions were taken on March 31, 2011 (Richard Vargo), April 27, 2011 (Paul Anderson), April 29, 2011 (Mike Serio), June 29, 2011 (Ronald Faul), and October 20, 2011 (Roger Dugas). This not disputed by the PSC.

**3.      BP's Requests for Production Regarding the Manual**.

BP's second and third requests for production to Halliburton include a general request for all documents cited in the Manual and requests for documents cited in the Manual referring to particular issues, for example the Zonal Isolation Process. On May 23 and June 1, 2011, Halliburton responded to these requests. It objected to the general and specific requests for documents cited in the Manual. RFP no. 41 from the third request for production was concerned with the Zonal Isolation Process. Halliburton objected that: (1) the request was overly broad; (2) it was

unreasonably cumulative; (3) it called for information which was in the public domain; and (4) it sought documents protected from disclosure.  Halliburton stated:

> Subject to and without waiving the forgoing objections, HESI will produce all responsive, non-privileged documents relating to the Macondo Well.

Many of Halliburton's responses to the RFPs in the third request for production end with this statement.  The PSC contends that although Halliburton reserved its objections, the last statement demonstrates that it agreed to produce the document.

Halliburton did not respond to this argument because the PSC did not make it until it filed its reply.  Considering the boilerplate nature of Halliburton's objections, the absence of any demonstration by Halliburton that the icon documents were listed on a privilege log, and the final statement after the objections, Halliburton agreed to produce the icon documents responsive to the RFPs in BP's third request for production of documents.

**4.     Is the PSC's Motion to Compel Untimely?**

The Court described "Phase One" as in the "can."  When the PSC was granted some relief to depose Steve Newman of Transocean on recently produced documents, Judge Barbier reduced the amount of examination time and added that he did "not intend to permit discovery to be further reopened with respect to Phase I issues."  Rec. doc. 7437.  The PSC contended that Transocean did not produce documents relevant to the punitive/privity claims until after January 12, 2012.  It sought to amend the exhibit list arguing that good cause was present for additional depositions.  Rec. doc. 7234.

The PSC contends that it is not trying to reopen Phase I discovery nor does its request for the icon documents have anything to do with discovery being in the "can." It does not demonstrate why it could not have brought this issue to the attention of the Court last year when the parties were preparing for Phase One of the trial.

**5.   Conclusion**.

The document unitization process in PTO 16 required that Halliburton produce the Manual with the icon documents. Because the PSC and BP used the Manual during the depositions of Halliburton employees, the PSC was aware that it had not received the icon documents with the Manual. Although Halliburton made boiler plate objections to the production of the documents, it agreed to produce the documents. Notwithstanding the weakness of the PSC's argument on the timeliness of the motion to compel, the PSC's arguments weigh in favor of production of the 19 icon documents.

IT IS ORDERED that: (1) the PSC's motion to compel to the 19 icon documents (Rec. doc. 8183) is GRANTED; (2) Halliburton shall produce the 19 icon documents by **Friday, January 18, 2013**; (3) the PSC is GRANTED leave to amend its Phase One exhibit list to add the 19 icon documents; (4) the deadline for an appeal of this order is **Thursday, January 17, 2013**; and (5) in absence of an order from District Judge Barbier, this order shall not be stayed pending its appeal.

New Orleans, Louisiana, this 14th day of January, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**