UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 <br> SECTION: J |
| Applies to:   All Cases <br> 2:10-cv-02771 | § § § | JUDGE BARBIER <br> MAG. JUDGE SHUSHAN |

**HESI'S COMBINED OBJECTIONS TO PHASE TWO EXHIBITS DESIGNATED BY OTHER PARTIES AND FIRST AMENDED OBJECTIONS TO PHASE ONE EXHIBITS DESIGNATED BY OTHER PARTIES**

Halliburton Energy Services, Inc. ("HESI") respectfully submits its Combined Objections to Phase Two Exhibits Designated By Other Parties and First Amended Objections to Phase One Exhibits Designated By Other Parties as follows:

Attached as Exhibit A is HESI's spreadsheet of objections to other parties' Phase One and Phase Two trial exhibits. Exhibit A includes the following information for each exhibit: (1) the basis for the objection; (2) any applicable motion *in limine*; and (3) whether the objection applies to an exhibit's use in Phase One, Phase Two, or both. (*See* Rec. Doc. 4280 at 7). Exhibit B attached hereto includes codes for each referenced motion *in limine*. (*See* Rec. Doc. 3916 at 4).

**Objections to Phase Two Exhibits:**  Exhibit A includes HESI's objections to trial exhibits designated by other parties in their preliminary Phase Two exhibit lists. HESI reserves its right to object to any Phase Two exhibits designated by other parties after December 19, 2012, the deadline to file preliminary Phase Two exhibit lists. (*See* Rec. Doc. 7888).

One of the ultimate issues to be determined in the Phase 2 trial is the total amount of hydrocarbons released from the Macondo well, and the related issue of the daily flow rate of

such hydrocarbons.  Any calculation of released hydrocarbons must be supported by the analysis and testimony of competent expert witnesses.  HESI objects to all exhibits which are, in essence, premature "expert" reports and/or those exhibits that offer "expert" opinions at this stage in the litigation regarding the ultimate issue of total hydrocarbon discharge or daily hydrocarbon flow rate.  To the extent that any exhibit fails to satisfy the restrictions of Federal Rules of Evidence 26 and 702 and the requirements of *Daubert v. Merrell Dow Pharms*., 509 U.S. 579 (1993), HESI reserves the right to object to such exhibits.

HESI also reserves the right to add to or otherwise modify this list of objections, including the addition of additional grounds for objection, given that discovery is not complete.

**Objections to Phase One Non-PSC 300 Email Exhibits:**  In September 2011, the Court ordered the PSC to submit a list of 300 exhibits (the "PSC 300 List") as a sample of documents that would present a full range of evidentiary issues to be encountered at trial.  (*See*  Rec. Doc. 3916 at 4 and Rec. Doc. 5143 at 1-2).  The parties filed objections to the PSC 300 List on September 28, 2011, including numerous hearsay objections to emails.  (*See* HESI's Objections To The PSC's Sample 300 Trial Exhibit List, Rec. Doc. 4137).  The PSC filed letter briefs urging the Court to admit all emails pursuant to the business record exception to the hearsay rule, FRE 803(6), or as non-hearsay admissions.  (*See* Rec. Doc.  5143 at 2, 9-10).  This was followed by further briefing by all parties.

In its January 11, 2012 Order and Reasons [Motion *in Limine* Set 1: Email Strings], the Court ruled that each email should receive individual consideration and declined to apply any blanket rule to the emails.  (*See* Rec. Doc. 5143).  The Court ordered the parties to confer in good faith regarding the admissibility of emails and email strings, and if the parties could not reach an agreement by January 30, 2012 (later extended to February 1, 2012), to submit briefs to

the Court. (*See* Rec. Doc. 5143 at 12). As directed by the Court, HESI did not include objections to emails not included in the PSC 300 List in its January 20, 2012 filing. (*See* Rec. Doc. 5320). Instead, HESI conferred with the PSC regarding the admissibility of emails identified in the PSC 300 List. Because HESI and the PSC were unable to reach an agreement on all of HESI's objections by February 1, 2012, HESI filed its brief objecting to certain emails from the PSC 300 List. (*See* Rec. Doc. 5561). In that brief, HESI expressly reserved its right to object to any emails not originally designated on the PSC 300 List. (*See* Rec. Doc. 5561 at n. 2). On February 10, 2012, the Court issued its Order adopting the February 8, 2012 Report and Recommendation regarding the contested email strings. (*See* Rec. Docs. 5643 and 5615). Exhibit A contains HESI's good faith objections to emails not identified in the PSC 300 List, after extrapolation of the Court's rulings in the Order and adopted Report and Recommendations.

**Objections to Phase One Exhibits Identified In Amended Exhibit Lists:** Exhibit A contains HESI's objections to exhibits identified by other parties in amended exhibit lists filed after the January 20, 2012 deadline to file objections to trial exhibits, but does not include objections to new exhibits added to other parties' exhibit lists filed on January 11, 2013. (*See* Rec. Doc. 5327 at 3). HESI reserves its right to assert any objections to any exhibits added to the other parties' exhibits lists filed on or after January 11, 2013.

**Objections to Witness Interviews Notes**: The parties designated numerous exhibits that are purportedly typewritten or handwritten notes of witness interviews. Pursuant to Federal Rule of Evidence 802, these exhibits constitute inadmissible hearsay, but may be admissible against the declarant as a party admission. To the extent any statement contained in the notes purports to be an expert opinion, it is objectionable under Rule 702.

**Objections to Prior Testimony**: Exhibits that constitute prior testimony or prior recorded statements are inadmissible hearsay. *See* FED. R. EVID. 802. If prior testimony or a recorded statement is related to the United States Coast Guard investigation, it is inadmissible pursuant to 46 U.S.C. § 6308. However, if a particular witness invokes his or her Fifth Amendment right at trial, or is otherwise unavailable, all or portions of that witness' testimony may be admissible. (*See* Rec. Doc. 4522).

**Party Admissions:** Although HESI objects to numerous documents and prior testimony as hearsay, such exhibits may constitute admissions by a party opponent. HESI's hearsay objections shall not constitute a waiver of its right to use such exhibits in cross-examination against an opposing party. *See* FED. R. EVID. 804(b)(3). If HESI uses any exhibit in cross-examination pursuant to Rule 804(b)(3), HESI does not waive its right to object to the exhibit's use against HESI.

**Authentication Objections:** The parties agreed to cure any exhibits with improper highlighting and handwriting. Exhibit A identifies those exhibits that do not appear to have been cured. HESI will continue to confer with other parties, but reserves its right to object to any exhibit that is not cured before trial.

**Objections to Unknown or Unavailable Exhibits:** Some of the other parties' exhibits are not identified by Bates numbers or are otherwise unavailable or unviewable to HESI. HESI has made and will continue to make good faith efforts to locate such exhibits and will continue to confer with the other parties regarding this issue. HESI reserves its right to object to any exhibits that are not Bates numbered and those that are not otherwise available or viewable to HESI.

**Objections to Deposition Testimony And Exhibits Identified in Deposition Cuts:**

Because the Court established separate processes for objections to deposition designations, Exhibit A does not include objections to any deposition transcripts.  HESI reserves the right to object to any deposition exhibits designated on or after January 14, 2013.

**Objections Apply to Duplicate Exhibits**:  HESI's objection to one exhibit applies to all duplicates and/or versions of that exhibit.

Dated:  January 14, 2013.

Respectfully submitted,

**GODWIN LEWIS PC**

By: /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No.  00796756
Gavin.Hill@GodwinLewis.com

Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
Jerry.vonSternberg@GodwinLewis.com
Misty Hataway-Coné
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s Combined Objections to Phase Two Exhibits Designated by Other Parties and First Amended Objections to Phase One Exhibits Designated by Other Parties was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedure established in DL 2179 and has been served on all Counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 14th day of January 2013.

                                                   /s/ Donald E. Godwin
                                                   Donald E. Godwin