**Exhibit B**
**MIL Code Descriptions**

**MIL01 – Emails and Email Strings Produced by Defendants**. Certain emails and email strings produced by Defendants are inadmissible hearsay pursuant to Rule 802, and are not categorically business records. *See* Rec. Docs. 4567 and 5143.

**MIL02 – MBI Report and Testimony, including discussion of reliance upon this material by experts**. Evidence related to the Joint Investigation Report (JIT), both Volume 1 (the Coast Guard/MBI report) and Volume 2 (the BOEMRE report), including findings of fact, opinions, recommendations, deliberations, and conclusions are inadmissible pursuant to 46 USC §6308. However, portions of these reports may be admissible for impeachment purposes, and may be admissible if a witness is "unavailable" due to invocation of 5th Amendment rights or otherwise. *See* Rec. Doc. 4522.

**MIL03 – Other government reports**. Other governmental reports (*e.g.*, the National Commission Report, the National Commission Chief Counsel's report, etc.) are inadmissible hearsay, and not admissible as public records. *See* Rec. Doc. 4523.

**MIL04 – Daubert/Rule 702 issues**. The Bly Report, the Transocean Internal Investigation Report, the Deepwater Horizon Study Group report (Univ. California/Berkeley), and documents related thereto that contain expert opinions are inadmissible because they fail to satisfy the requirements of Rule 702.

**MIL05 – Miscellaneous issues**. HESI objects to the PSC's proposal to admit exhibits 20012, 0380, 01601, 02003, 02004, 01047, 01057, 04996, and 01966. *See* Rec. Doc. 4525.

**MIL08 – Non-Governmental Reports**. Non-governmental reports and drafts of such reports (*e.g.*, Bly Report, TO Report, Berkeley Report, etc.) are inadmissible hearsay and do not comply with the requirements of FRE 702. *See* MIL04 above. Such post-incident reports do not qualify as "business records." However, portions of such reports may be admissible as a party-opponent admission.

**MIL09 – Subsequent Remedial Measures**. Evidence related to subsequent remedial measures undertaken by HESI is inadmissible under FRE 407.

**HESI-MIL1 – CSI/Sabins/Viator**. Evidence related to or reflecting any opinions or analyses of CSI Consulting, Inc. or Fred Sabins is not admissible because CSI and Sabins were disqualified as experts. *See* Rec. Doc. 5142.

**HESI-MIL2 – Claw Backs or Stricken Documents**. Evidence related to documents that were inadvertently produced and clawed back is not admissible. *See* Rec. Doc. 5141.

**HESI-MIL3 – Kodiak Credit**. Evidence relating to a credit that HESI issued or agreed to issue to BP in connection with non-productive time arising as a result of certain downhole tool issues associated with non-mudlogging activities that occurred during and/or prior to the Kodiak No. II well are irrelevant to the issues to be presented at trial. *See* Rec. Doc. 5139 and Rec. Doc. 5576.

**HESI-MIL4 – Lab Sample Testing**. Evidence related to cement testing using non-rig samples is irrelevant. *See* Rec. Doc. 5138.