| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | **MDL No. 2179** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION "J"** |
| | * | |
| This document relates to: | * | **JUDGE BARBIER** |
| *Pleading Bundle B3 and 11-946* | * | |
| | * | **MAG. JUDGE SHUSHAN** |
| | * | |

## ORDER

Before the Court is Plaintiff Malcolm Coco's ("Coco") Motion to Reconsider (Rec. Doc. 8075) the Court's ruling of November 28, 2012 (Rec. Doc. 8037), which granted Defendant Nalco's Motion for Summary Judgment. Pursuant to Pretrial Order No. 15, all motions are stayed and no responses are due until the Court orders otherwise. The Court has not set this motion for submission; however, because Nalco filed an opposition (Rec. Doc. 8103), the Court considers the motion as submitted for decision.

Although a district court has inherent power to reconsider an interlocutory order, reconsideration "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion." *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012) (citations omitted). Courts in this district have generally considered four factors in deciding a motion for reconsideration: (1) whether the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) whether the movant presents newly discovered or previously unavailable evidence; (3) whether the motion is necessary in order to prevent manifest injustice; or

(4) whether the motion is justified by an intervening change in controlling law. *Id.*

Before filing the instant motion, Plaintiff Coco filed four briefs in opposition to Nalco's motion for summary judgment.[1]  In those briefs, Coco primarily urged that Nalco failed to supply the Environmental Protection Agency with information relating to "special handling and worker precautions for storage and field application" of dispersants, 40 C.F.R. § 300.915(a)(4), and, thus, did not fulfill the submission requirements for listing a dispersant on the National Contingency Plan ("NCP") Product Schedule.  The Court's Order and Reasons discussed and rejected this argument.  (Rec. Doc. 8037 at p.1 n.2 & pp. 28-32).  The Court also considered other arguments presented in Coco's briefs and rejected them without discussion.  (*Id.* at 32).

In the instant motion for reconsideration, Plaintiff Coco proposes for the first time that Corexit was a "sinking agent,"  which may not be used in response to an oil spill under the NCP, 40 C.F.R. § 300.910(e).  Coco argues that the Court should allow him the opportunity to conduct discovery as to whether Nalco knew that Corexit was a sinking agent and, if so, whether this information was conveyed to the proper authorities.  (Rec. Doc. 8075-1 at 2-3).  Coco's "sinking agent" argument appears to be based on a news report stating that miles of oil lie on the bottom of the Gulf of Mexico.  The news report is dated September 12, 2010—nearly two years before briefing on Nalco's motion was complete.[2]  Despite the availability of this information, Coco failed to mention the "sinking agent" argument in any of its four previously-filed opposition briefs. Consequently, the Court treats this argument as waived and denies Coco's motion for this reason.

---

[1] Coco filed an opposition brief (Rec. Doc. 6705) and three motions for leave to file supplemental briefs (Rec. Docs. 6903, 7020, 7023).  The Court granted each of these motions (Rec. Docs. 8024, 8028, 8030).

[2] Coco incorrectly states in his brief that the news report is from September 12, 201*2* (Rec. Doc. 8075-1 at 3), as opposed to September 12, 201*0* (Rec. Doc. 8075-3 at 1).  The Court will assume this was an accident, and not a deliberate attempt to convince the Court that the news report was "previously unavailable" evidence.

Alternatively, even if the Court was to consider Coco's argument, it would deny the motion for the reasons presented in Nalco's opposition. (Rec. Doc. 8103).

Accordingly,

**IT IS ORDERED** that the Motion to Reconsider (Rec. Doc. 8075) is **DENIED.**

Signed in New Orleans, Louisiana, this 15th day of January, 2013.

United States District Judge