# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig
     "Deepwater Horizon" in the Gulf
     of Mexico, on April 20, 2010

Applies to: *All Cases*

MDL NO. 2179

SECTION J

JUDGE BARBIER
MAGISTRATE JUDGE SHUSHAN

## ORDER

### [Regarding PSC Motion to Call David Calvert (Rec. doc. 8182)]

Weatherford retained David Calvert as an expert (chemist-well cementation).  On October 17, 2011, it provided a report from Calvert.  He was deposed on December 19, 2011.  On January 20, 2012, Weatherford identified him as an expert to provide live testimony.  The PSC also listed him as a witness to be called at trial by deposition.

After Cameron settled with BP, Transocean raised the issue of the extent to which an expert's deposition testimony could be used at trial if the party offering the expert settles.  Rec. doc. 5128 at 6.  The parties submitted briefs.[1]  Cameron submitted a brief contending that the Court had the discretion to allow it to withdraw certain opinions previously offered by its experts and to prohibit other parties, such as Plaintiffs and Transocean, from using or relying upon those opinions at trial.  Rec. doc. 5151 at 1.  The Court adopted Transocean's position.  Rec. doc. 5327 at 6.  The PSC sought clarification concerning the situation where a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list.  Rec. doc. 5560 at 2.  On February 2, 2012, an order was issued regarding the opinions of experts which are withdrawn.  Rec. doc. 5560.  PTO 54 identified the Withdrawn Opinions Order as a ruling that may be relevant to the

---

[1]  See Rec. doc. 5327 at 5 for a description of the briefing.

Phase One Trial.  Rec. doc. 8080 at 5 (Exhibit A at 1).  In its final form the order states:

> If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions, report or deposition or any part thereof into evidence for any purpose including cross-examination of an expert called by the party who withdraws the expert.

> If a retaining party lists an expert on its final witness list, but does not call that expert at trial, no other party may call that expert to testify at trial or introduce that expert's opinions, report or deposition or any part thereof into evidence for any purpose including cross-examination of an expert called by the party who withdraws the expert.

Rec. docs. 5560 and 8080 (Exhibit A at 1).

> The order from the February 10, 2012 Working Group Conference states:

> Witnesses may not be added except for good cause shown.  Since the final witness lists were filed on January 20, 2012, the Court has permitted some changes. Before February 27, BP shall prepare revised fact and expert witness lists with a comparison to show the permitted changes.

Rec. doc. 5719 at 1.  On February 10, 2012, Weatherford was dismissed as a party.  Rec. doc. 5653.

The order for the February 17, 2012 conference states:

> BP reported that it will produce the revised fact and expert witness lists with track changes by Monday, February 20.  Weatherford had previously listed Mr. Lirette as a will call fact witness and BP was granted leave to list Mr. Lirette as one of its will call fact witnesses.

Rec. doc. 5895 at 2.  On February 24, 2012, the final list of expert witnesses to be called by all parties during Phase One was filed.  Calvert was not on the list.  Rec. doc. 5829.

BP reports that it retained Calvert in late February 2012 after Weatherford was dismissed. Rec. doc. 8181 at 3.  On November 27, 2012, the PSC notified Halliburton of its intent to call Calvert.  Halliburton refused to consent.  The PSC served a motion to call Calvert as a cement expert during its case-in-chief.  Rec. doc. 8182.  BP joins in the request.  Rec. docs. 8181 and 8245.  It

2

reports that at the trial Calvert intends to offer opinions consistent with those set forth in his October 17, 2011 report, his December 2011 deposition, and his review of information and testimony produced by Halliburton after his deposition.  Rec. doc. 8181 at 3.  Halliburton is opposed.  Rec. doc. 8234.

1.    Final Witness List.

The PSC contends that Calvert is not being added as a witness because he was already listed as a will call witness.  This is not correct.  Calvert was not listed on the February 24 list, which was the final list of experts to be called by the parties at the Phase One trial.  Rec. doc. 5829.

2.    Withdrawn Opinions Order.

Halliburton contends that the PSC's relief cannot be granted without violating the Withdrawn Opinions Order.  Rec. doc. 5560.  The PSC contends that: (1) order was intended to protect the retaining party and the expert; (2) if either Weatherford or Mr. Calvert himself objected, then Calvert could not be called by the PSC; (3) Calvert is willing to testify; (4) Weatherford does not object; and (5) Halliburton lacks standing to enforce the order.  BP contends that it and the PSC are now "retaining parties" that are calling their own retained expert, Calvert, to testify at the trial.

The Court agrees with the PSC on the intent of the Withdrawn Opinions Order.  In addition, the order is not applicable where good cause is shown.  This is demonstrated by the fact that the February 24, 2012 list could be amended or supplemented by the parties for good cause shown.  Rec. doc. 5829 (Attachment at n.1).

3.    Pre-Trial Order No. 54.

"Should a party decide to add a new witness at trial, then the party shall move for leave of court and make a showing of good cause no later than January 4, 2013."  Amended Pre-Trial Order

No. 54 (Rec. doc. 8173 at 2).  The PSC contends that it has good cause to add Calvert as a witness.[2] It cites Calvert's expertise, which is not disputed by Halliburton.  It contends that Halliburton will not be prejudiced because: (1) Calvert submitted a report; and (2) Calvert was deposed by Halliburton and others regarding his opinions.  Halliburton contends that good cause is not present. For the reasons presented by the PSC and BP, good cause is present to add Calvert.

4.     Scope of Calvert's Testimony.

At the trial of Phase One, Calvert will be permitted to offer opinions consistent with those set forth in his October 17, 2011 report and his December 2011 deposition.  He will not be permitted to offer opinions based on information and testimony produced by Halliburton or any other party after his December 2011 deposition.  Calvert was retained by BP in February 2012.  It had the opportunity to bring this to the Court's attention in time so that issues arising from the offer of opinions based on information produced after Calvert's December 2011 deposition could be resolved well in advance of the Phase One trial.

IT IS ORDERED that: (1) the PSC's motion to call David Calvert (Rec. doc. 8182) is GRANTED as provided herein; and (2) the deadline for an appeal of this order is **Friday, January 25, 2013.**

New Orleans, Louisiana, this 16th day of January, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[2]  BP adopts the good cause arguments made by the PSC.  Rec. doc. 8181 at 3.