UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| Applies to:  No. 10-2771, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

HALLIBURTON ENERGY SERVICES, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

**NOW INTO COURT**, comes Halliburton Energy Services, Inc. ("HESI") and respectfully files this Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages, pursuant to Fed. R. Civ. P. 12(c) and 56, and respectfully shows the Court as follows:

## I.
## BASIS FOR MOTION

Plaintiffs originally asserted claims against BP,[1] HESI, and other defendants for compensatory and punitive damages arising from the April 20, 2010 blowout of the Macondo well and resulting oil spill into the Gulf of Mexico (the "Incident"). *See* First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III (B1) ("B1 Master Complaint") (Dkt. No. 1128); First Amended Master Complaint in Accordance with PTO No. 11 [CMO No. 1] Section III.B(3) ("B3 Master Complaint") (Dkt. No. 1812).

---

[1] "BP" refers to BP Exploration and Production, Inc., BP America Production Co., and BP p.l.c.

Plaintiffs and BP entered into two settlement agreements: the Medical Benefits Class Action Settlement Agreement ("Medical Agreement"), which concerns the claims of persons who alleged injury resulting from exposure to oil and oil-dispersing chemicals; and the Economic and Property Damages Settlement Agreement ("Economic Agreement"), which concerns claims of parties asserting economic and property damages as a result of the *Deepwater Horizon* Incident and resulting oil spill ("Economic Damage Plaintiffs"). (Dkt. Nos. 6427 and 6430, respectively).[2] The Economic Agreement contemplated that a settlement class would be certified (the "Economic Class"), and, pursuant to the Economic Agreement, BP assigned certain claims against HESI and Transocean to the Economic Class "as a juridical entity and not to Economic Class Members individually," including BP's claims for punitive damages. (Dkt. No. 6430 at Exh. 21, §§ 1.1.3, 1.1.3.6).

According to both the Economic Agreement and the Medical Agreement, the payments provided for therein constitute full satisfaction of all compensatory damages against HESI and Transocean. (Dkt. No. 6427 at § XVII.A) (Dkt. No. 6430 at Exh. 21, § 1.1.1). But HESI and Transocean are specifically excluded from the releases given as part of the Settlement Agreements. (Dkt. No. 6427 at §§ II.MMMM, II.ZZZ, XVI.G); (Dkt. No. 6430 at §10.3). The Settlement Agreements further provide that the Plaintiffs retain their claims for punitive damages against HESI and Transocean. (Dkt. No. 6427 at §§ XVI.G, II.ZZZ, II.MMMM); (Dkt. No. 6430 at §§ 10.2, 10.3).

As more fully set forth in HESI's Memorandum in Support of its Motion for Judgment on

---

[2] The Medical Agreement was amended on May 1, 2012. (Dkt. No. 6427). Similarly, the Economic Agreement was amended on May 2, 2012. (Dkt. No. 6430). Collectively, the Medical Agreement and the Economic Agreement are referred to herein as the "Settlement Agreements." BP p.l.c. is not a party to either Settlement Agreement.

the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages ("Memorandum") and its Statement of Undisputed Material Facts, both incorporated herein by reference, HESI is entitled to judgment for the following reasons.

1. There is no stand-alone cause of action for punitive damages. Punitive damages cannot be recovered unless compensatory damages are also recovered. Because settling Plaintiffs are no longer in a position to recover compensatory damages, HESI is entitled to judgment as to Plaintiffs' claim for punitive damages.

2. The Oil Pollution Act of 1990 ("OPA"), which exclusively governs the Economic Damage Plaintiffs' claims against HESI and the other defendants, does not permit the recovery of punitive damages.[3] Thus, HESI is entitled to judgment as to the Economic Damage Plaintiffs' claims for punitive damages against HESI.

3. HESI is entitled to judgment as to BP's contribution claims to the extent they seek contribution for any part of settlement payments representing punitive damages. First, as described above, OPA was the Economic Damage Plaintiffs' exclusive remedy. Because OPA does not provide for punitive damages, the Economic Damage Plaintiffs could not have recovered punitive damages from BP. Given that BP was under no legal obligation to pay punitive damages, neither BP nor its assignees are entitled to contribution for such damages. Moreover, even if BP did have a legal obligation to pay punitive damages, general maritime law does not permit a party to obtain contribution for such damages.

---

[3] HESI acknowledges this Court's holdings to the contrary (*see, e.g.,* Order and Reasons [As to Motions to Dismiss the B1 Master Complaint] (the "B1 Order") (Dkt. No. 3830)), but respectfully disagrees with certain aspects of the B1 Order, as more fully explained in the attached Memorandum.

## II.
## RELIEF REQUESTED

For the foregoing reasons, HESI asks that the Court grant it judgment on the pleadings or, alternatively, summary judgment as to Plaintiffs' claims for punitive damages against HESI and any contribution claim for punitive damages, whether asserted by BP or by the Economic Class as BP's assignee.

Dated:  January 17, 2013.

**HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS    PAGE 4
OR ALTERNATIVE MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

2069393 v2-24010/0002 PLEADINGS

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS         PAGE 5
OR ALTERNATIVE MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

2069393 v2-24010/0002 PLEADINGS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 17th day of January, 2013.

/s/ Donald E. Godwin
Donald E. Godwin

**HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**  PAGE 6

2069393 v2-24010/0002 PLEADINGS