# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION:  J |
| on APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| Applies to:  No. 10-2771, | § | |
| and All Cases | § | MAG. JUDGE SHUSHAN |
| | § | |
| | § | |

_____

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE
<u>MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES</u>**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................. ii

BACKGROUND AND PROCEDURAL HISTORY .......................................................... 1

SUMMARY OF ARGUMENT ........................................................................................... 1

STANDARD OF REVIEW ................................................................................................. 2

ARGUMENT AND AUTHORITIES ................................................................................. 3

I.   As a Matter of Law, Plaintiffs Cannot Recover Punitive Damages in the
     Absence of a Valid Claim for Compensatory Damages. ........................................ 3

II.  Because OPA Governs this Action, Economic Damage Plaintiffs' Claims
     for Punitive Damages Fail. ..................................................................................... 8

     A.   OPA Has a Broad, Comprehensive Scope. ................................................. 9

     B.   Neither *Exxon Shipping Co. v. Baker* nor *Atlantic Sounding Co.
          v. Townsend* Requires a Different Result. ................................................ 12

          1.   *Exxon Shipping Co. v. Baker*. .......................................................... 12

          2.   *Atl. Sounding Co. v. Townsend*. ...................................................... 17

III. As Assignees of BP's Claims for Contribution, the Settling Economic
     Damage Plaintiffs are not Entitled to Recover Contribution for any
     Amounts Paid by BP to Settle Claims for Punitive Damages. ............................ 18

     A.   As Assignees of BP's Claims for Contribution, Settling Economic
          Damage Plaintiffs Cannot Recover Contribution for any Amounts
          Paid by BP to Settle Claims for Punitive Damages Because OPA
          Does Not Permit Recovery of Punitive Damages. ................................... 19

     B.   As a Matter of Law, There is No Right to Contribution for
          Punitive Damages. .................................................................................... 20

CONCLUSION AND PRAYER ....................................................................................... 21

CERTIFICATE OF SERVICE ......................................................................................... 23

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**     **PAGE i**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

1989949 v7-24010/0002 PLEADINGS

# INDEX OF AUTHORITIES

**CASES**

*Allen v. R & H Oil & Gas Co.*,
  63 F.3d 1326 (5th Cir. 1995) ................................................................20

*AmWest Sav. Ass'n v. Statewide Capital, Inc.*,
  144 F.3d 885 (5th Cir. 1998) .............................................................5-7

*Atl. Sounding Co. v. Townsend*,
  557 U.S. 404 (2009)............................................................... 12, 17-18

*Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*,
  289 F.3d 373 (5th Cir. 2002) ..............................................................3

*Byrne v. Nezhat*,
  261 F.3d 1075 (11th Cir. 2001) .........................................................20

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)............................................................................3

*In re Chinese Manufactured Drywall Prods. Liab. Litig.*,
  759 F. Supp. 2d 822 (E.D. La. 2010) ...................................................1

*Clausen v. M/V New Carissa*,
  171 F. Supp. 2d. 1127 (D. Or. 2001) .................................................12

*Cuvillier v. Sullivan*,
  503 F.3d 397 (5th Cir. 2007) ..............................................................2

*Daughdrill v. Ocean Drilling & Exploration Co.*,
  665 F. Supp. 477 (5th Cir. 1987) ......................................................20

*Durgin v. Crescent Towing & Salvage, Inc.*,
  No. 00-1602, 2002 U.S. Dist. LEXIS 20126
  (E.D. La. Oct. 18, 2002)....................................................................19

*Exxon Shipping Co. v. Baker*,
  554 U.S. 471 (2008)...................................................................*Passim*

*Florida Bahamas Lines, Ltd. v. Steel Barge "Star 800"*,
  433 F.2d 1243 (5th Cir. 1970) ..........................................................21

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**      **PAGE ii**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

1989949 v7-24010/0002 PLEADINGS

*Gabarick v. Laurin Mar. (Am.) Inc.*,
  623 F. Supp. 2d 741 (E.D. La. 2009) ........................................................ 10-11, 15

*Gatlin Oil Co. v. United States*,
  169 F.3d 207 (4th Cir. 1999) ................................................................9

*Gentilello v. Rege*,
  627 F.3d 540 (5th Cir. 2010) ................................................................2

*Island Creek Coal Co. v. Lake Shore, Inc.*,
  692 F. Supp. 629 (W.D. Va. 1989),
  *rev'd on other grounds*, 884 F.2d 1388 (4th Cir. 1989) ..........................7

*In re Jahre Spray II K/S*,
  1996 U.S. Dist. LEXIS 11594 (D. N.J. Aug. 5, 1996) ...........................10

*Kornman & Assocs., Inc. v. United States*,
  527 F.3d 443 (5th Cir. 2008) ................................................................3

*La. Acorn Fair Hous. v. LeBlanc*,
  211 F.3d 298 (5th Cir. 2000) ................................................................5

*Marastro Compania Naviera, S.A. v. Canadian Mar. Carriers*,
  959 F.2d 49 (5th Cir. 1992) ................................................................5

*In re Merry Shipping, Inc.*,
  650 F.2d 622 (5th Cir. 1981) ................................................................20

*Miles v. Apex Marine*,
  498 U.S. 19 (1990) ...................................................................... 17-18

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) ................................................................4

*Nat'l Shipping Co. of Saudi Arabia v. Moran Mid-Atl. Corp.*,
  924 F. Supp. 1436 (E.D. Va. 1996) ................................................................10

*Neal v. Barisich, Inc.*,
  707 F. Supp. 862 (E.D. La. 1989),
  *aff'd*, 889 F.2d 273 (5th Cir. 1989) ................................................................3

*Nw. Airlines, Inc. v. Transport Workers Union of Am.*,
  451 U.S. 77 (1981) ................................................................16

MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S                 PAGE iii
MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

*In re Oil Spill by the Rig "Deepwater Horizon"*
  *in the Gulf of Mex., on April 20, 2010*,
  MDL No. 2179, 808 F. Supp. 2d 943 (E.D. La. 2011) ...................................................*Passim*

*Parr v. Nolty J. Theriot, Inc.*,
  No. 89-3295, 1990 U.S. Dist. LEXIS 5952
  (E.D. La. May 17, 1990) ..........................................................................................................3

*Robins Dry Dock & Repair Co. v. Flint*,
  275 U.S. 303 (1927)................................................................................................................16

*Rollins v. Peterson Builders, Inc.*,
  761 F. Supp. 918 (D.R.I 1990)................................................................................................20

*S. Port Marine, LLC v. Gulf Oil Ltd. P'ship*,
  234 F.3d 58 (1st Cir. 2000)...........................................................................................*Passim*

*Sletten v. Haw. Yacht Club*,
  No. 92-00123, 1993 AMC 2863 (D. Haw. 1993) ...................................................................3

*State Farm Mut. Auto Ins. Co. v. Campbell*,
  538 U.S. 408 (2003).................................................................................................................4

*Stephenson v. Collins*,
  216 So.2d 433 (Fla. 1968) .......................................................................................................7

*Sulzer Carbomedics v. Or. Cardio-Devices, Inc.*,
  257 F.3d 449 (5th Cir. 2001) ................................................................................................19

*Tanguis v. M/V Westchester*,
  153 F. Supp. 2d 859 (E.D. La. 2001) ...............................................................................9, 15

*Thrall Car Mfr. Co. v. Lindquist*,
  495 N.E.2d 1132 (Ill. Ct. App. 1986) .....................................................................................7

*Virgilio v. City of New York*
  407 F.3d 105, 116-18 (2nd Cir. 2005) ....................................................................................6

STATUTES AND APPLICABLE RULES

33 U.S.C. §2701 (2006) .................................................................................................................9

33 U.S.C. § 2702 (2006) .............................................................................................10-11, 15-16

33 U.S.C. § 2709 (2006) .............................................................................................................11

MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S                    PAGE iv
MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

Fed. R. Civ. P. 56(a) ................................................................................................................3

MEMORANDUM  IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S                    PAGE v
MOTION FOR JUDGMENT ON THE PLEADINGS  OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

**NOW INTO COURT**, comes Halliburton Energy Services, Inc. ("HESI") and respectfully files this Memorandum in Support of Its Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages, and respectfully shows the Court as follows:

## BACKGROUND AND PROCEDURAL HISTORY

HESI incorporates herein its Statement of Undisputed Facts in Support of its Alternative Motion for Summary Judgment Regarding Punitive Damages, filed contemporaneously with this Memorandum.[1]

## SUMMARY OF ARGUMENT

There is no stand-alone cause of action for punitive damages. Punitive damages cannot be recovered unless compensatory damages are also recovered. Because settling Plaintiffs are no longer in a position to recover compensatory damages, HESI is entitled to judgment as to their claim for punitive damages.

Additionally, the Oil Pollution Act of 1990 ("OPA"), which exclusively governs the Economic Damage Plaintiffs' claims against HESI, does not permit the recovery of punitive

---

[1] Pursuant to Fed. R. Evid. 201(c)(2), HESI requests that the Court take judicial notice of: (1) the Medical Benefits Class Action Settlement Agreement as Amended on May 1, 2012 ("Medical Agreement") (Dkt. No. 6427) and the Economic and Property Damages Settlement Agreement as Amended on May 2, 2012 ("Economic Agreement") (Dkt. No. 6430) (collectively, the "Settlement Agreements"); (2) the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services, BPM-09-00255 (the "Contract") between BP Exploration & Production, Inc. and HESI, which was attached as Exhibit A to HESI's Memorandum in Support of its Motion for Summary Judgment Regarding Indemnity Issues (Dkt. No. 4767-3); (3) the December 21, 2012 Order and Reasons [Granting Final Approval of the Economic and Property Damages Settlement Agreement] (Dkt. No. 8138); and (4) the January 11, 2013 Order and Reasons [Granting Final Approval of the Medical Benefits Class Action Settlement] (Dkt. No. 8217). *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 759 F. Supp. 2d 822, 828 (E.D. La. 2010) ("[A] court may take judicial notice of items in the record of the case, related cases, and matters of public record, in reviewing a. . . motion for judgment on the pleadings.").

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**          **PAGE 1**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

**1989949 v7-24010/0002 PLEADINGS**

damages.[2]   Thus, HESI is entitled to judgment as to the Economic Damage Plaintiffs' direct claims for punitive damages against HESI.

Finally, HESI is entitled to judgment as to claims held by the Economic Settlement Class as assignees of BP's contribution claims to the extent they seek contribution for any part of settlement payments representing punitive damages.   First, as described above, OPA was the Economic Damage Plaintiffs' exclusive remedy.   Because OPA does not provide for punitive damages, the Economic Damage Plaintiffs could not have recovered punitive damages from BP. Given that BP was under no legal obligation to pay punitive damages, neither BP nor its assignees are entitled to contribution for such damages.   Moreover, even if BP <u>did</u> have a legal obligation to pay punitive damages, general maritime law does not permit a party to obtain contribution for such damages.   Accordingly, judgment on any contribution claim for punitive damages paid by BP is proper.

### <u>STANDARD OF REVIEW</u>

A Rule 12(c) motion for judgment on the pleadings is evaluated under the same standard as a Rule 12(b)(6) motion for failure to state a claim.   *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010).   A Rule 12(b)(6) motion must be granted "when the allegations in the complaint, however true, could not raise a claim of entitlement to relief."   *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is proper if the moving party establishes that there is no genuine dispute as to any material fact and that the

---

[2] HESI acknowledges this Court's holdings to the contrary.  *See, e.g.,* Order and Reasons [As to Motions to Dismiss the B1 Master Complaint] (the "B1 Order") (Dkt. 3830).  HESI respectfully disagrees with certain aspects of the B1 Order, as explained, *infra*.

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**                                                    **PAGE 2**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

**1989949 v7-24010/0002 PLEADINGS**

movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).  HESI's Alternative Motion for Summary Judgment exclusively raises legal questions.  Summary judgment is particularly appropriate where, as here, "the only issue before the court is a pure question of law." *Kornman & Assocs., Inc. v. United States*, 527 F.3d 443 (5th Cir. 2008) (quoting *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991)).  Because HESI's Motion raises only pure questions of law, summary judgment is an appropriate means of resolving this dispute.

## ARGUMENT AND AUTHORITIES

**I.  AS A MATTER OF LAW, PLAINTIFFS CANNOT RECOVER PUNITIVE DAMAGES IN THE ABSENCE OF A VALID CLAIM FOR COMPENSATORY DAMAGES.**

Given that settling Plaintiffs have relinquished any claim for compensatory damages against HESI, their associated punitive damages claims must fail.  Under general maritime law, a plaintiff cannot recover punitive damages unless compensatory damages are also recovered. *Neal v. Barisich, Inc.*, 707 F. Supp. 862, 873 (E.D. La. 1989), *aff'd*, 889 F.2d 273 (5th Cir. 1989) (punitive damages are not recoverable unless actual damages are also recovered); *Parr v. Nolty J. Theriot, Inc.*, No. 89-3295, 1990 U.S. Dist. LEXIS 5952, at *2 (E.D. La. May 17, 1990) (noting the traditional limits on the right to recover punitive damages: (1) a plaintiff may not recover punitive damages absent a recovery for compensatory damages, and (2) punitive damages recoverable must be commensurate with the amount of compensatory damages); *Sletten v. Haw. Yacht Club*,  No. 92-00123, 1993 AMC 2863, 2869-70 (D. Haw. 1993) (observing that, while

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**                    **PAGE 3**
**MOTION FOR JUDGMENT ON THE PLEADINGS  OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

**1989949 v7-24010/0002 PLEADINGS**

punitive damages are available under general maritime law, there could be no award of punitive damages where compensatory damages were not awarded.).

Settling Plaintiffs here are not in a position to "recover" or be "awarded" compensatory damages against HESI.   In fact, these Plaintiffs have specifically agreed that they will not "accept or attempt to recover" compensatory damages from HESI.  (Dkt. No. 6427 at §§ XVII.A & B.2, 3); (Dkt. No. 6430 at Exh. 21, §§ 1.1.1, 1.1.2.2, 1.1.2.3).   Accordingly, under general maritime law, they cannot recover punitive damages.  This analysis is consistent with the United States Supreme Court opinion in *Exxon Shipping Co. v. Baker* which expressly imposed a 1:1 ratio of punitive damages to compensatory damages for cases governed by general maritime law. 554 U.S. 471, 513 (2008).   Under the formula dictated by the *Baker* Court, if compensatory damages are zero, punitive damages must also be zero.[3]  Accordingly, as a matter of law, settling Plaintiffs cannot recover punitive damages.

---

[3] There is certainly no basis for using settlement amounts paid by BP to measure whether a punitive damage award complies with *Baker* (or with due process) as to HESI.  HESI was obviously not involved in settlement negotiations between BP and the Plaintiffs and the Court would not permit HESI to take any discovery with respect to the Settlement Agreements or to object to the Settlement Agreements.  *See, e.g.,* Order [regarding Halliburton's and Louisiana's requests for settlement discovery] (Dkt. 7038 at 2) (denying HESI's request to take discovery with respect to the proposed settlement).  According to the Court, "the proposed settlements will in no way affect any procedural or substantive rights of" HESI.  *See id.*  Any attempt to use the Settlement Agreements as a basis for assessing punitive damages against HESI would affect HESI's procedural and substantive rights and, moreover, would be in violation of HESI's constitutional rights.  *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416-17 (2003) ("[I]t is well established that there are procedural and substantive constitutional limitations on" punitive damage awards); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard.") (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)).  Nor could the amount BP agreed to pay in settlement ever be considered a reasonable measure of damages as to HESI, for reasons explained in HESI's Memorandum in Support of Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding BP's Assignment of Claims, including that the Settlement Agreements include amounts in excess of Plaintiffs' damages, amounts representing BP's payment of punitive damages, and amounts for which HESI cannot be liable.  *See* HESI's Memorandum in Support of Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding BP's Assignment of Claims at 12-17.

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**                                    **PAGE 4**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

**1989949 v7-24010/0002 PLEADINGS**

The federal common law of the Fifth Circuit is likewise in accord.  *See La. Acorn Fair Hous. v. LeBlanc*, 211 F.3d 298 (5th Cir. 2000).[4]  In *LeBlanc*, a jury awarded punitive but not compensatory damages in an action under the Fair Housing Act.  211 F.3d at 300.  The Fifth Circuit discussed federal common law in the context of civil rights actions and rejected an award of punitive damages absent a corresponding finding of compensatory damages, holding that punitive damages can only be awarded in the absence of an award of compensatory damages if there has been a constitutional violation.  *Id.* at 303.  In other words, a violation of the Fair Housing Act was not enough.  *Id.*

In fact, the Fifth Circuit has <u>specifically</u> addressed a situation like the one presented here, <u>rejecting</u> punitive damage claims when the plaintiff had no remaining compensatory damage claims.  *See AmWest Sav. Ass'n v. Statewide Capital, Inc.*, 144 F.3d 885, 889, n.6 (5th Cir. 1998) (applying Texas law).  There, plaintiff AmWest sought to recover the value of certain mobile home assets sold to defendant Statewide, which had a book value of $250 million, while Statewide paid AmWest only $108 million.  *Id.* at 887-88.  AmWest obtained a jury finding that defendants misrepresented the fair market value of the mobile home assets, breached fiduciary duties, and committed fraud, all of which had the effect of lowering the purchase price of the mobile home assets to $108 million.  *Id.* at 888.  The jury awarded AmWest $22 million in compensatory damages and $16.5 million in punitive damages.  *Id.*

---

[4] General maritime law is a creature of federal common law and the Court may consider federal common law if an issue is not directly addressed by general maritime law.  *Marastro Compania Naviera, S.A. v. Canadian Mar. Carriers*, 959 F.2d 49, 53 (5th Cir. 1992).

**MEMORANDUM  IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**                    **PAGE 5**
**MOTION FOR JUDGMENT ON THE PLEADINGS  OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

**1989949 v7-24010/0002 PLEADINGS**

But AmWest had previously entered into an Assistance Agreement with the FDIC, in which the FDIC guaranteed to pay AmWest the difference between the asset's purchase price and its book value.  *Id.* at 887-88.  Prior to trial, and pursuant to the Assistance Agreement, the FDIC paid AmWest $142 million.  *Id.* at 888 nn.4-5.  The district court granted defendants' motion for judgment as a matter of law on the basis that "AmWest had not suffered any damages because it had been fully compensated by the FDIC for the losses it sustained as a result of defendants' conduct."  *Id*. at 888.

The Fifth Circuit affirmed, rejecting the jury's award of $16.5 million in punitive damages.  *Id.* at 890 & n.6.  According to the Fifth Circuit, because a third party had made AmWest whole, AmWest could not make the requisite showing that it had suffered compensatory damages; accordingly, it could not recover punitive damages.  *Id*.  Thus, AmWest suffered compensatory losses and obtained a jury verdict that defendants were liable for the wrongdoing, but was nevertheless barred from recovering punitive damages based on the fact that, before trial, a third party made it whole.

Likewise, in *Virgilio v. City of New York*, the Second Circuit held that, where the recovery of compensatory damages is barred, the recovery of punitive damages is also barred. 407 F.3d 105, 116-18 (2nd Cir. 2005) (applying New York law).  There, the failure of Motorola radio-transmission equipment in the North and South World Trade Center Towers prevented firefighters from receiving evacuation orders prior to the Towers' collapse.  407 F.3d at 108-09. Post-tragedy, Congress created the Victim Compensation Fund (the "Fund") to provide no-fault compensation to victims, and all claimants who filed with the Fund waived the right to sue for injuries resulting from the attacks except for collateral benefits.  *Id*. at 109.  Plaintiffs sued the

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**          **PAGE 6**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

**1989949 v7-24010/0002 PLEADINGS**

City and Motorola and the trial court held that the waivers barred plaintiffs' claims.  *Id*. at 110-11.  On appeal, the plaintiffs argued that the waivers applied only to compensatory damages and that they were entitled to maintain an action solely for punitive damages.  *Id*. at 116-17.  The Second Circuit noted that, under New York law, punitive damages cannot be invoked without a corresponding compensatory injury and, once a claim for compensatory damages is barred, the possibility of a punitive award is likewise relinquished:  "Once the compensatory claim was satisfied, the parasitic claim for punitive damages was also extinguished." *Id*. at 116-18; *see also Thrall Car Mfr. Co. v. Lindquist*, 495 N.E.2d 1132, 1136 (Ill. Ct. App. 1986) (applying Illinois law) (settlement payment by one defendant made plaintiff whole for its compensatory losses; thus punitive damages claims against remaining defendants could not stand because compensatory damages could not be shown).[5]

AmWest and Virgilio are strikingly similar to the situation confronted by the Court here. In each case, because the plaintiffs accepted payment of their full compensatory damages, they could not assert claims for punitive damages.  The same is true here.  By virtue of the Settlement Agreement, settling Plaintiffs have agreed they cannot recover compensatory damages from

---

[5] *See also Island Creek Coal Co. v. Lake Shore, Inc.*, 692 F. Supp. 629, 635-36 (W.D. Va. 1989), *rev'd on other grounds*, 884 F.2d 1388 (4th Cir. 1989) (applying Virginia law and finding that an award of compensatory damages was an "indispensable predicate" for an award of punitive damages.  Because the settlement of claims without an admission of liability was not equivalent to a finding or award of compensatory damages, and the plaintiff could not receive an award of compensatory damages, there was nothing upon which to base an award of punitive damages.). To be sure, there is authority that would support the opposite position.  *See, e.g, Stephenson v. Collins*, 216 So.2d 433 (Fla. 1968) (adopting dissenting opinion at 210 So.2d 733 (Fla Dist. Ct. App. 1968)) (holding that punitive damages could be recovered even though compensatory damages had been satisfied by settlement; parties were bound by their agreement, expressly reserving punitive damages).  But, to the extent such authorities permit punitive damages absent an accompanying award or recovery of compensatory damages, they are inconsistent with the general maritime and Fifth Circuit authority described *supra*.

MEMORANDUM  IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S                    PAGE 7
MOTION FOR JUDGMENT ON THE PLEADINGS  OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

HESI.  As a result, these Plaintiffs cannot recover punitive damages from HESI.  Judgment in HESI's favor is proper.

## II.    BECAUSE OPA GOVERNS THIS ACTION, ECONOMIC DAMAGE PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES FAIL.

HESI acknowledges that in its B1 Order, this Court held that: (1) OPA does not displace general maritime claims against non-Responsible Parties for compensatory damages and punitive damages; and (2) OPA displaces general maritime claims for compensatory damages against Responsible Parties (such that all claims against a Responsible Party for damages covered by OPA must comply with OPA's presentment procedure); but (3) OPA does not displace general maritime claims for punitive damages against Responsible Parties.  (Dkt. No. 3830 at 22-27); *In re Oil Spill by the Rig "Deepwater Horizon" in the Gulf of Mex., on April 20, 2010*,  MDL No. 2179, 808 F. Supp. 2d 943, 960-63 (E.D. La. 2011).  However, HESI respectfully disagrees with these holdings.  HESI maintains that the claims against HESI and other non-responsible parties are governed by OPA.[6]  Because OPA does not permit the recovery of punitive damages, the Economic Damage Plaintiffs cannot recover punitive damages from HESI.

OPA, as described by this Court, is a "comprehensive statute addressing responsibility for oil spills, including the cost of clean up, liability for civil penalties, as well as economic damages incurred by private parties and public entities."[7] As a result of the comprehensive nature of the statute, OPA displaces Economic Damage Plaintiffs' general maritime claims, including their

---

[6] HESI incorporates its arguments and briefing concerning OPA displacement and its application herein as stated in its Motion to Dismiss Plaintiffs' First Amended Master Complaint in Accordance with PTO No. 11 [Case Management Order No. 1] Section III.B.(3) (Dkt. No. 2466) and supporting Memorandum (Dkt. No. 2466-1); and HESI's Motion to Dismiss Plaintiffs' Master Complaint for Economic Losses (Bundle B1) (Dkt. No. 1429) and supporting Memorandum (Dkt. No. 1429-1).

[7] (Dkt. 3830 at 20-21); 808 F. Supp. 2d at 959.

MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S                    PAGE 8
MOTION FOR JUDGMENT ON THE PLEADINGS  OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

claims for punitive damages, against all defendants, whether designated as Responsible Parties or not. *See S. Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 65-66 (1st Cir. 2000) (noting that Congress has established a "comprehensive" scheme that outlines with particularity the types of damages recoverable under OPA and that this is a "strong indication that Congress intended OPA to be the sole federal law applicable in this area of maritime pollution.").

### A.      OPA Has a Broad, Comprehensive Scope.

OPA was enacted by Congress in the wake of the *Exxon Valdez* oil spill to provide a prompt, federally-coordinated response to oil spills in the navigable waters of the United States and to compensate innocent victims. *Gatlin Oil Co. v. United States*, 169 F.3d 207, 209 (4th Cir. 1999). OPA, "represent[ing] Congress's attempt to provide a comprehensive framework in the area of marine oil pollution,"[8] sets up an expansive statutory scheme for parties injured by oil spills in navigable waters to make claims to a designated Responsible Party for recovery of costs and damages. *See* Oil Pollution Act of 1990, 33 U.S.C. §2701, *et. seq.* (2006).

Pursuant to OPA, injured parties may recover a broad range of damages from a Responsible Party, including: (1) damages for injury to, destruction of, or loss of use of natural resources; (2) damages for injury to, or economic losses resulting from destruction of, real or personal property; (3) damages for loss of subsistence use of natural resources; (4) damages equal to the net loss of taxes, royalties, rents, fees, or net profit shares due to the injury, destruction, or loss of real property, personal property, or natural resources; (5) damages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real

---

[8] *Tanguis v. M/V Westchester*, 153 F. Supp. 2d 859, 867 (E.D. La. 2001) (citations omitted).

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**          **PAGE 9**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

**1989949 v7-24010/0002 PLEADINGS**

property, personal property, or natural resources; and (6) damages for net costs of providing increased or additional public services during or after removal activities.  33 U.S.C. § 2702(b)(2) (2006).  Plaintiffs seek to recover precisely these types of damages[9]—damages that Congress intended to be recoverable exclusively under OPA.  *See S. Port Marine*, 234 F.3d at 65-66; *see also In re Jahre Spray II K/S*, 1996 U.S. Dist. LEXIS 11594, at *11 (D. N.J. Aug. 5, 1996) (noting that in the wake of the *Exxon Valdez* incident, OPA was developed as a comprehensive statutory scheme that would deal with all issues surrounding an oil spill, including liability levels for the respective responsible parties."); *Nat'l Shipping Co. of Saudi Arabia v. Moran Mid-Atl. Corp.*, 924 F. Supp. 1436, 1447 (E.D. Va. 1996) ("OPA clearly preempts maritime law as to recovery of cleanup expenses and the cost of compensating injured persons.").  Accordingly, OPA displaces maritime claims for recovery of these damages.  *See S. Port Marine*, 234 F.3d at 65 ("Congress intended the OPA to be the exclusive federal law governing oil spills."); *Gabarick v. Laurin Mar. (Am.) Inc.*, 623 F. Supp. 2d 741, 750-51 (E.D. La. 2009) ("[A]ll [general maritime law] claims that are recoverable under OPA, specifically those covered damages enumerated in 33 U.S.C. § 2702, are preempted by OPA.").

---

[9] *See, e.g.,* B1 Master Complaint (Dkt. No. 1128 at 165-67) (asserting, among other damages, economic damage to commercial fishermen arising from closure and pollution of the Gulf, economic damage to seafood processors and distributors resulting from the closure and pollution of the Gulf, loss of income to various plaintiffs resulting from an inability to use the Gulf for commercial, recreation, or oil exploration activities, loss of income and property damage to real property owners, and loss of subsistence use of natural resources); *Id.* at 177-78 (loss of use of natural resources, damage to or loss of real and personal property, loss of subsistence use of natural resources, and lost profits and impairment of earning capacity due to injury, loss, or destruction of real or personal property or natural resources).

MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S          PAGE 10
MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

OPA provides that the Responsible Party[10] is strictly liable for all associated damages and removal costs:

> Notwithstanding any other provision or rule of law, and subject to the provisions of this Act, each *responsible party* for a vessel or facility from which oil is discharged . . . *is liable* for the removal costs and *damages* specified in subsection (b) that result from such incident.

33 U.S.C. § 2702(a) (emphasis added).  Recourse against the Responsible Parties is the sole remedy for those injured by an oil release.  OPA does not countenance direct claims against non-responsible third parties by those alleging injury resulting from an oil release; rather, the vehicle for recovery, if any, against non-responsible third parties is an action for contribution by the responsible party or parties.  *See* 33 U.S.C. § 2709 (2006).  As the *Gabarick* court explained:

> In light of Congress's intent to minimize piecemeal lawsuits and the mandatory language of OPA discussed earlier, it appears that Claimants should pursue claims covered under OPA only against the responsible party and in accordance with the procedures established by OPA.  Then, the responsible party can take action to recover against third parties.

623 F. Supp. 2d at 750.  Accordingly, the Economic Damage Plaintiffs could only state viable OPA claims against designated Responsible Parties, and only in compliance with OPA's mandatory prerequisites.  Direct claims against HESI are foreclosed.

Moreover, OPA <u>does not</u> permit the recovery of punitive damages.  *S. Port Marine*, 234 F.3d at 65-66.  The statute's comprehensive list of recoverable damages is exclusive, since "Congress intended the OPA to be the sole federal law applicable in this area of maritime pollution." *Id.* at 65.  Thus, as a matter of law, Economic Damage Plaintiffs cannot recover

---

[10] Plaintiffs have acknowledged that "[t]he Coast Guard has named BP as the responsible party for the downhole release of oil and Transocean as the responsible party for the release of diesel on the surface."  B1 Master Complaint at ¶680.  HESI is not a Responsible Party.

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**                    **PAGE 11**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

1989949 v7-24010/0002 PLEADINGS

punitive damages, even under general maritime law theories.  *See Clausen v. M/V New Carissa*, 171 F. Supp. 2d. 1127, 1133 (D. Or. 2001) (holding that OPA precludes recovery of punitive damages under any general maritime law theory for which OPA could provide relief); *S. Port Marine*, 234 F.3d at 65-66 (OPA supplants existing maritime remedies and does not permit the recovery of punitive damages).

> **B.**   **Neither *Exxon Shipping Co. v. Baker* nor *Atlantic Sounding Co. v. Townsend* Requires a Different Result.**

In the B1 Order, this Court questioned the above-cited authorities in light of the United States Supreme Court's opinions in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) and *Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009).  *See* (Dkt. No. 3830 at 23-24); 808 F. Supp. 2d at 960-62.  But neither *Baker* nor *Townsend* addresses OPA and neither alters the correct result here.

> **1.**   ***Exxon Shipping Co. v. Baker.***

In *Baker*, the Supreme Court addressed whether the Clean Water Act's imposition of civil penalties foreclosed the plaintiffs' ability to recover punitive damages under general maritime law.  There, the Clean Water Act did not provide a remedy for the types of injuries claimed by the plaintiffs: economic losses to individuals dependent on Prince William Sound for their livelihoods.  554 U.S. at 476, 489.  Exxon admitted that the Clean Water Act's penalty scheme "does not displace compensatory remedies for consequences of water pollution, even those for economic harms" which left Exxon with the "untenable" claim that the Clean Water Act "somehow preempts punitive damages, but not compensatory damages."  554 U.S. at 489.  Not so, stated the Court.  "Nothing in the statutory text points to fragmenting the recovery scheme

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**          **PAGE 12**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

1989949 v7-24010/0002 PLEADINGS

this way, and we have rejected similar attempts to sever remedies from their causes of action." *Id.* (citing *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 255-56 (1984)).

Here, contrary to the situation in *Exxon*, OPA *does* provide a remedy for the types of injuries claimed by the Economic Damage Plaintiffs and most courts considering the issue have concluded that OPA displaces <u>all</u> maritime remedies for damages covered by OPA, not merely punitive damages (as Exxon argued the CWA did in *Baker*).  *See supra*.  Rather than "fragmenting the recovery scheme," a proper interpretation of OPA is that it sets forth a comprehensive statutory scheme speaking directly to the claims Plaintiffs assert, displacing their common law causes of action.  This Court's interpretation of OPA would fragment the recovery scheme as demonstrated by the fact that the B1 Order acknowledges, at least as to Responsible Parties, that general maritime claims against Responsible Parties are displaced by OPA,[11] but permits Plaintiffs to assert punitive damage claims under general maritime law in violation of *Baker*'s prohibition on "sever[ing] remedies from their causes of action."  554 U.S. 489.

*Baker* devotes two paragraphs of a more than forty-page opinion to addressing the merits of Exxon's argument on this issue.  554 U.S. at 488-489.  The majority of those two paragraphs addresses how the Court should construe Exxon's argument, and that the argument ultimately comes down to an "untenable" position that impermissibly "fragment[s]" the recovery scheme, as discussed above.  The Court concluded those two paragraphs by stating

---

[11] As HESI demonstrates herein, this holding must also apply to non-Responsible Parties.

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**                                                 **PAGE 13**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

1989949 v7-24010/0002 PLEADINGS

> [a]ll in all, we see no clear indication of congressional intent to occupy the entire field of pollution remedies, *see, e.g., United States v. Texas*, 507 U.S. 529 (1993) ('In order to abrogate a common-law principle, the statute must speak directly to the question addressed by the common law'); nor for that matter do we perceive that punitive damages will have any frustrating effect on the CWA remedial scheme, which would point to preemption.

554 U.S. at 489 (parallel citations, explanatory phrase, and footnote omitted).

This Court held that this sentence in *Baker* set up a three-part analysis "to determine if a statute preempts or displaces federal common law."  (Dkt. No. 3830 at 23); 808 F. Supp. 2d at 960.  "First, is there a clear indication that Congress intended to occupy the entire field?  Second, does the statute speak directly to the question addressed by the common law?  Third, will application of common law have a frustrating effect on the statutory remedial scheme?"  *Id*.  The Court held that these factors were not met as to OPA's effect on general maritime claims against non-Responsible Parties because OPA includes two savings clauses, demonstrating that Congress did not intend to occupy the field of oil pollution remedies, because OPA does not directly address or speak to the liability of non-Responsible Parties to persons who suffer covered losses, and because there is nothing to indicate that a general maritime remedy will frustrate Congress's intent in enacting OPA.  (Dkt. No. 3830 at 25-26); 808 F. Supp. 2d at 960-62.  With respect to punitive damages against non-Responsible Parties, the Court reasoned that OPA does not displace claims for punitive damages because it does not specifically prohibit them and allowing punitive damages would not frustrate the OPA liability scheme.  (Dkt. No. 3830 at 26-27); 808 F. Supp. 2d at 962.

HESI disagrees with this Court that *Baker* sets forth a three-part test for determining whether a statute displaces federal common law.  It appears instead that the *Baker* Court is

MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S                    PAGE 14
MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

concluding its analysis by giving additional reasons for its holding, noting the absence of other factors that "would point to preemption."  554 U.S. at 489.  The *Baker* Court does not appear to mandate a test, each element of which must be met, before a comprehensive federal statute can be construed to displace federal common law.

In any event, the "three-part analysis" this Court inferred from *Baker* is satisfied here. The Court cited OPA's savings clauses as evidence that Congress did not intend to "occupy the entire field."  (Dkt. No. 3830 at 23); 808 F. Supp. 2d at 961.  But OPA's savings clauses do not affect whether OPA displaces general maritime law for the types of claims made by Plaintiffs here.  OPA has <u>one</u> savings clause referring to maritime law:  33 U.S.C. §2751, which states "[e]xcept as otherwise provided in this Act, this Act does not affect—(1) admiralty and maritime law."  But the reach of this section is specifically limited by its opening clause.  That is, OPA does "affect" maritime law where it "otherwise provide[s]" and, with respect to the types of injuries asserted by Plaintiffs, OPA <u>does</u> "otherwise provide[]."  *See* 33 U.S.C. §2702 ("Notwithstanding any other provision or rule of law, and subject to the provisions of this Act . . ."); *Gabarick*, 623 F. Supp. 2d at 746.  As the *Gabarick* court correctly held, OPA does not preempt all maritime claims relating to oil spills.  Rather, it displaces those maritime claims seeking recovery of the types of injuries for which OPA provides a remedy.  623 F. Supp. 2d at 746-47.  Thus, for example, since OPA does not cover bodily injury claims, collision damage, or Exoneration/Limitation petitions, those claims survive OPA's enactment.  *Id.* at 745-46; *see also Tanguis*, 153 F. Supp. at 867 (noting that "certain maritime remedies are preempted by OPA, while others survive.").  The fact that OPA does not displace maritime law in claims for which it

**Memorandum  In Support of Halliburton Energy Services, Inc.'s**                    **Page 15**
**Motion for Judgment on the Pleadings  or Alternative**
**Motion for Summary Judgment Regarding Punitive Damages**

**1989949 v7-24010/0002 PLEADINGS**

provides no remedy does not affect whether it displaces maritime law for those types of claims it directly addresses.

OPA sets out a carefully-crafted, comprehensive scheme imposing on Responsible Parties "strict liability for oil discharges, provides both civil and criminal penalties for violations of the statute, and even removes the traditional limitation of liability in cases of gross negligence or willful misconduct . . .[, while] preserve[ing] the liability caps in most cases and declin[ing] to impose punitive damages."  *S. Port Marine*, 234 F.3d at 66.   OPA also permits the recovery against Responsible Parties of damages that would otherwise not be available under general maritime law.  *Compare* 33 U.S.C. §2702 *with Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 309 (1927).   And OPA speaks to the liability of non-Responsible third parties.   While liability to injured parties is imposed only on Responsible Parties, OPA provides Responsible Parties with a potential contribution action against non-Responsible third parties.   Permitting supplementation of OPA's remedies under general maritime law with punitive damages or direct recovery against non-Responsible Parties would frustrate Congress's efforts to balance the numerous important considerations codified in OPA.   In response to an argument that OPA should be construed liberally in furtherance of its purposes, the First Circuit observed that "[T]he OPA embodies Congress's attempt to balance the various concerns at issue, and [we] trust that the resolution of these difficult policy questions is better suited to the political mechanisms of the legislature than to our deliberative process."  *S. Port Marine*, 234 F 3d at 66; *see also Nw. Airlines, Inc. v. Transport Workers Union of Am.*, 451 U.S. 77, 97 (1981) ("The presumption that a remedy was deliberately omitted from a statute is the strongest when Congress has enacted a

MEMORANDUM  IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S                    PAGE 16
MOTION FOR JUDGMENT ON THE PLEADINGS  OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

comprehensive legislative scheme including an integrated system of procedures for enforcement.").

**2.      *Atl. Sounding Co. v. Townsend.***

This Court also expressed concern that *Miles v. Apex Marine*, 498 U.S. 19 (1990), on which the First Circuit relied in *S. Port Marine*, was limited by *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009).  (Dkt. No. 3830 at 22-24); 808 F. Supp. 2d at 961.  But, to the contrary, the Supreme Court expressly recognized the continued viability of *Miles*, and *Townsend* does not affect the correct result here.

In *Miles*, the Supreme Court addressed whether the parents of a deceased seaman could recover under general maritime law for loss of society.  498 U.S. at 21.  The Supreme Court held that the recovery of such damages was precluded by the Jones Act, which limited recovery to pecuniary loss.  *Id.* at 32-33 ("It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence.").  The *S. Port Marine* court correctly applied this principle, holding that OPA supplants general maritime law for oil-spill related claims.  Most of the other courts to have addressed this question have agreed.  *See supra.*

In *Townsend*, the Supreme Court considered whether an injured seaman could recover punitive damages for his employer's willful failure to provide maintenance and cure.  557 U.S. at 407.  The defendants argued, pursuant to *Miles*, that a seaman could only recover those damages available under the Jones Act.  *Id.*  The Court held that the Jones Act "created a statutory cause of action for negligence, but did not eliminate pre-existing remedies available to seamen for the

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**                                     **PAGE 17**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

1989949 v7-24010/0002 PLEADINGS

separate common-law cause of action based on a seaman's right to maintenance and cure." *Id.* at 415-16.  Because the Jones Act contains language permitting seamen to "elect" to bring a Jones Act claim, the Jones Act "indicat[ed] a choice of actions for seamen, not an exclusive remedy." *Id*.  The Court specifically confirmed that "the reasoning of *Miles* remains sound," but did not apply in *Townsend* because the Jones Act did not address the pre-existing cause of action for maintenance and cure or its remedy.  *Id.* at 420.  Here, OPA comprehensively addresses the types of claims asserted by the Economic Damage Plaintiffs and their remedies, and contains no language permitting "elect[ion]."  The "sound" reasoning of *Miles* applies to prevent judicial expansion of those remedies.

Accordingly, because OPA displaces general maritime law, and because OPA does not provide for punitive damages, Economic Damage Plaintiffs cannot recover punitive damages against HESI.  HESI is therefore entitled to judgment as to the Economic Damage Plaintiffs' claims for punitive damages.

III.   **AS ASSIGNEES OF BP'S CLAIMS FOR CONTRIBUTION, THE SETTLING ECONOMIC DAMAGE PLAINTIFFS ARE NOT ENTITLED TO RECOVER CONTRIBUTION FOR ANY AMOUNTS PAID BY BP TO SETTLE CLAIMS FOR PUNITIVE DAMAGES.**

Because BP has assigned its contribution claims against HESI to the settling Economic Damage Plaintiffs, those Plaintiffs now purportedly possess contribution claims for amounts BP paid in settlement of the claims.[12]  Such amounts include payments made by BP to resolve the

---

[12] It is unclear the extent to which BP is attempting to assign contribution claims for bodily injury and/or medical claims paid prior to or after the entry of this Court's Preliminary Approval Order.  *See* (Dkt. 6430, Exh. 21 at ¶¶ 1.1.3.4 – 1.1.3.7).  But to the extent BP seeks to assign a contribution claim for payments made to settle bodily injury and/or medical claims, those contribution claims are likewise barred under the non-OPA based arguments set forth herein.

MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S                    PAGE 18
MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

Economic Damage Plaintiffs' punitive damage claims against BP; in fact, the Economic Agreement specifically provides that the RTP's are made, in part, for punitive damages. (Dkt. No. 6430 at §38.126). But contribution is not available for such payments. First, since OPA would not have permitted the recovery of punitive damages against BP, HESI cannot be liable in contribution for amounts BP had no legal obligation to pay. Second, the law does not permit contribution for punitive damages. Accordingly, HESI is entitled to judgment as to any claim seeking contribution for amounts BP paid to settle punitive damage claims.

> **A.   As Assignees of BP's Claims for Contribution, Settling Economic Damage Plaintiffs Cannot Recover Contribution for any Amounts Paid by BP to Settle Claims for Punitive Damages Because OPA Does Not Permit Recovery of Punitive Damages.**

As established, *supra*, OPA does not permit the recovery of punitive damages. Accordingly, HESI cannot be liable in contribution for such damages, because HESI cannot be liable in contribution for payments BP made without a legal obligation to do so. *Durgin v. Crescent Towing & Salvage, Inc*., No. 00-1602, 2002 U.S. Dist. LEXIS 20126, at *11-13 (E.D. La. Oct. 18, 2002).

Plaintiffs have acknowledged that BP is a Responsible Party. Even if the Court correctly held that OPA is not Economic Damage Plaintiffs' exclusive avenue for relief against <u>HESI</u>,[13] the Court did acknowledge that OPA displaces general maritime claims for compensatory relief against <u>BP</u>. Since OPA does not provide for the recovery of punitive damages, Plaintiffs had no cause of action against BP to which a claim for punitive damages could be tied. Punitive damages are not a separate cause of action or an independent tort. *Sulzer Carbomedics v. Or.*

---

[13] HESI respectfully disagrees with this holding, as explained *supra*.

**MEMORANDUM  IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**                    **PAGE 19**
**MOTION FOR JUDGMENT ON THE PLEADINGS  OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

**1989949 v7-24010/0002 PLEADINGS**

*Cardio-Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001) (holding punitive damages not a separate cause of action); *Byrne v. Nezhat*, 261 F.3d 1075, 1087 (11th Cir. 2001) (noting that plaintiff's claim for punitive damages was not a separate cause of action); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1333 (5th Cir. 1995) (holding that a claim for punitive damages is not an independent tort).  Instead, they "must relate to some separate cause of action which permits recovery of punitive damages."  *S. Port Marine*, 234 F.3d at 64.  Accordingly, HESI is entitled to judgment as to any claim for contribution for amounts paid by BP to Plaintiffs for punitive or exemplary damages (whether asserted by BP or by settling Economic Damage Plaintiffs as assignees of such claims).

**B.      As a Matter of Law, There is No Right to Contribution for Punitive Damages.**

The purpose of assessing punitive damages is to deter and punish the offending conduct. *See In re Merry Shipping, Inc.*, 650 F.2d 622, 625-26 (5th Cir. 1981); *see also Daughdrill v. Ocean Drilling & Exploration Co.*, 665 F. Supp. 477, 481 (5th Cir. 1987) (citing *Merry Shipping*, 650 F.2d at 622); *Rollins v. Peterson Builders, Inc.*, 761 F. Supp. 918, 929 (D.R.I 1990) ("Punitive damages are not compensatory; they are awarded to punish the wrongdoer for its actions and to deter it and others from similar acts.").  Punitive damages are assessed based on the defendant's specific conduct.  Given these policies, "contribution. . . cannot be maintained for such awards."  *Rollins*, 761 F. Supp. at 929; *see also* Order and Reasons [As to Transocean and BP's Cross-Motions for Partial Summary Judgment Regarding Indemnity] (Dkt. No. 5446 at 18-19) (public policy does not permit indemnification for punitive damages); Order and Reasons

MEMORANDUM  IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S                    PAGE 20
MOTION FOR JUDGMENT ON THE PLEADINGS  OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

[As to Halliburton's and BP's Cross-Motions for Partial Summary Judgment Regarding Indemnity] (Dkt. No. 5493 at 3-4).

As assignees, Plaintiffs can have no greater rights than BP possessed. *Florida Bahamas Lines, Ltd. v. Steel Barge "Star 800"*, 433 F.2d 1243, 1246 (5th Cir. 1970). Because BP could not have obtained contribution for amounts it paid for punitive damages, settling Economic Damage Plaintiffs, as assignees, cannot do so. Accordingly, HESI is entitled to judgment that settling Economic Damage Plaintiffs cannot recover contribution for settlement payments representing punitive damages.

## CONCLUSION AND PRAYER

For the reasons stated herein, HESI requests that this Court grant its motion for judgment on the pleadings, or, in the alternative, its motion for summary judgment as to Plaintiffs' claims for punitive damages, and all other relief to which it is entitled.

Dated: January 17, 2013.

**MEMORANDUM  IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**                                **PAGE 21**
**MOTION FOR JUDGMENT ON THE PLEADINGS  OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

1989949 v7-24010/0002 PLEADINGS

Respectfully submitted,
**GODWIN LEWIS PC**


**By:**  /s/  *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No.  00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone:  (214) 939-4400
Facsimile:   (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No.  20618150
Jerry.vonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No.  24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  (713) 595-8300
Facsimile:  (713) 425-7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES,
INC.**

MEMORANDUM  IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S        PAGE 22
MOTION FOR JUDGMENT ON THE PLEADINGS  OR ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

1989949 v7-24010/0002 PLEADINGS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Memorandum in Support of Halliburton Energy Services Inc.'s Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 17th day of January, 2013.

/s/ Donald E. Godwin
Donald E. Godwin

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S**                                    **PAGE 23**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

1989949 v7-24010/0002 PLEADINGS