UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| Applies to:  No. 10-2771, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

**HALLIBURTON ENERGY SERVICES, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS ALTERNATIVE MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

**NOW INTO COURT**, comes Halliburton Energy Services, Inc. ("HESI") and respectfully files this Statement of Undisputed Material Facts in Support of Its Alternative Motion for Summary Judgment Regarding Punitive Damages, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1 (February 2011), and respectfully shows the Court as follows:

1. Plaintiffs originally asserted claims against BP,[1] HESI, and other defendants for compensatory and punitive damages arising from the April 20, 2010 blowout of the Macondo well and resulting oil spill into the Gulf of Mexico.  *See* First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III (B1) ("B1 Master Complaint") (Dkt. No. 1128);[2] First Amended

---

[1] "BP" refers to BP Exploration and Production, Inc., BP America Production Co., and BP p.l.c.

[2] The B1 Master Complaint sought damages for private economic losses and also asserted claims against Transocean Ltd., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GmbH (collectively, "Transocean"), M-I, LLC, Cameron International Corporation, Weatherford U.S. L.P., Anadarko Petroleum Corp., Anadarko E&P Co. LP, MOEX Offshore 2007 LLC, MOEX USA Corp., and Mitsui Oil Exploration Co., Ltd.

Master Complaint in Accordance with PTO No. 11 [CMO No. 1] Section III.B(3) ("B3 Master Complaint") (Dkt. No. 1812).[3]

2. Pursuant to this Court's trial plan, Phase I of the multi-phase trial of this matter was originally set for February 27, 2012. *See* Amended Pretrial Order No. 41 (Dkt. No. 4083).

3. Upon being informed on the eve of trial that BP and the Plaintiffs were close to reaching a settlement, this Court re-set the trial date to allow those parties additional time to finalize the terms of a potential settlement agreement. (Dkt. No. 5887).

4. On March 2, 2012, Plaintiffs and BP announced they had reached agreement on the terms of a proposed class settlement that would be submitted to the Court for approval pursuant to Fed. R. Civ. P. 23. (Dkt. No. 5955). This Court postponed the trial and appointed interim class counsel. *Id.*; (Dkt. No. 5960).

5. On April 18, 2012, the PSC and BP filed, among other documents, two settlement agreements.

6. The first, the Medical Benefits Class Action Settlement Agreement, concerns the claims of persons who alleged injury resulting from exposure to oil and oil-dispersing chemicals. (Dkt. No. 6273). Plaintiffs and BP amended the Medical Benefits Class Action Settlement Agreement (the "Medical Agreement") on May 1, 2012. (Dkt. No. 6427).

---

[3] The B3 Master Complaint sought damages for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010  By way of the B3 Master Complaint, Plaintiffs asserted claims against Transocean Ltd., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GmbH, M-I, LLC, Anadarko Petroleum Corp., Anadarko E&P Co. LP, MOEX Offshore 2007 LLC, MOEX USA Corp., and Mitsui Oil Exploration Co., Ltd., along with various defendants participating in post-incident remediation and response or manufacturing chemicals used in post-incident remediation and response efforts.  HESI was tendered to Plaintiffs by Transocean pursuant to Fed. R. Civ. P. 14(c). *See* (Dkt. No. 1320).  The B3 Plaintiffs and the B1 Plaintiffs are collectively referred to herein as "Plaintiffs."

7. The second, the Economic and Property Damages Settlement Agreement (Dkt. No. 6276),[4] concerns claims for economic damage or property damage as a result of the *Deepwater Horizon* incident and resulting oil spill. Plaintiffs and BP amended the Economic and Property Damages Settlement Agreement on May 2, 2012 (the "Economic Agreement"). (Dkt. No. 6430).[5]

8. Both Settlement Agreements contain a release in favor of BP (and other settling defendants) of the settling Plaintiffs' claims for all damages, specifically including punitive or exemplary damages. *See* (Dkt. No. 6430 at §10.2 (definition of "Related Claims"), §10.3 (definition of "Released Parties")); (Dkt. No. 6427 § II.MMMM (definition of "Released Parties"), § XVI (release)).

9. Additionally, payments under the Economic Agreement include a type of payment entitled "Risk Transfer Premium" or "RTP," which is defined as an amount "paid to a Claimant for any and all alleged damage, including potential future injuries, damages or losses not currently known, which may later manifest themselves or develop, arising out of, due to, resulting from, or relating in any way to the Deepwater Horizon Incident, and any other type or category of damages claimed, including claims for punitive damages." (Dkt. No. 6430 at §38.126).

10. Both Settlement Agreements specifically exclude HESI and Transocean from the releases given as part of the settlement:

> Released Parties, for purposes of the Released Claims mean (i) BP (including all persons, entities, subsidiaries, divisions and business units comprised thereby), together with (ii) the Deepwater Horizon Oil Spill Trust (iii) the persons, entities,

---

[4] The Medical Agreement and the Economic Agreement are collectively referred to herein as the "Settlement Agreements." BP p.l.c. is not a party to either Settlement Agreement.

[5] Plaintiffs asserting such economic damage or property damage claims are occasionally referred to herein as "Economic Damage Plaintiffs."

      divisions, and business units listed on Exhibit 20 ("Other Released Parties"); (iv) each of BP's and the Other Released Parties respective past, present and future directors officers, employees, general or limited partners, members, joint venturers, and shareholders, and their past, present and future spouses, heirs, beneficiaries, estates, executors, administrators, personal representatives, attorneys, agents, trustees, insurers, reinsurers, predecessors, successors, indemnitees, assigns; (v) any natural, legal or juridical person or Entity acting on behalf of or having liability in respect of BP or the Other Released Parties, in their respective capacities as such; and (vi) the federal Oil Spill Liability Trust Fund and any state or local fund, and, as to i-vi above, each of their respective Affiliates, including their Affiliates' officers, directors, shareholders, employees, and agents. Released Parties will also include any vessels owned or chartered by any Released Party (except for the Deepwater Horizon itself). Notwithstanding anything herein to the contrary, in no event shall any of the following be deemed to be a Released Party: Transocean or Halliburton.

(Dkt. No. 6430 at § 10.3); *see also* (Dkt. No. 6427 §§ II.MMMM, II ZZZ.).

      11.    But both agreements also specifically state that the payments provided constitute full satisfaction of all claims for compensatory damages against HESI and Transocean; that Plaintiffs will not accept or attempt to recover compensatory damages from HESI or Transocean; and that Plaintiffs will not attempt to execute on or collect any judgment for compensatory damages against HESI or Transocean. (Dkt. No. 6430 at Exh. 21, §§ 1.1.1, 1.1.2.2, 1.1.2.3); (Dkt. No. 6427 at XVII.A, B.2 & 3).

      12.    Both Settlement Agreements further provide that Plaintiffs retain their claims for punitive damages against HESI and Transocean.

      13.    The Medical Agreement specifically provides that, "[i]n addition, the MEDICAL BENEFITS SETTLEMENT CLASS'; MEDICAL BENEFITS CLASS REPRESENTATIVES'; and MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS' claims for punitive or exemplary damages against HALLIBURTON and TRANSOCEAN are reserved." (Dkt. No. 6427 at § XVI.G).

      14.    The Medical Agreement also states "The MEDICAL BENEFITS SETTLEMENT CLASS, MEDICAL BENEFITS CLASS REPRESENTATIVES, and MEDICAL BENEFITS

SETTLEMENT CLASS MEMBERS specifically reserve its and their rights for punitive and exemplary damages against TRANSOCEAN and HALLIBURTON subject to Section XVII." (Dkt. No. 6427 at §II.ZZZ). [6]

15. Similarly, the Economic Agreement provides that the Plaintiffs retain their claims for punitive damages against HESI and Transocean. It states, "[i]n addition, the Economic Class, Plaintiffs' and Economic Class Members' Claims for punitive or exemplary damages against Halliburton and Transocean are reserved." *See* (Dkt. No. 6430 at § 10.2); *see also id.* at § 10.3 ("The Economic Class, Plaintiffs and Economic Class Members specifically reserve its and their rights for punitive and exemplary damages against Transocean and Halliburton.").

16. Finally, the Economic Agreement purports to assign BP's claims against HESI to the Plaintiffs:

> 1.1.3 Assignment. To the fullest extent allowed by law and applicable contracts, and subject to Sections 1.1.2, 1.1.4, and 1.1.5, upon Preliminary Approval, and subject to occurrence of the Effective Date[7] as a condition subsequent, BP assigns to the Economic Class, only as a juridical entity and not to Economic Class Members individually, the following claims and causes of action against Transocean and Halliburton[8] (but no other party) arising out of, due to, resulting from, or relating in any way to, directly or indirectly, to the Deepwater Horizon Incident, on the terms and conditions set forth herein:

---

[6] *See also* (Dkt. No. 6427 at § II.MMMM; *Id.* at § XVII.B.2 ("Nothing in this Section XVII shall impair or impact rights to pursue TRANSOCEAN or HALLIBURTON for exemplary and punitive damages reserved by the MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS in Section XVI.G of the MEDICAL SETTLEMENT AGREEMENT and claimed as either individuals or members of the MEDICAL BENEFITS SETTLEMENT CLASS."); § XVII.B.3 (same)).

[7] "Effective Date" is defined in the Economic Agreement as "(1) the day following the expiration of the deadline for appealing the entry by the Court of the Final Order and Judgment, if no such appeal is filed, or (2) if an appeal of the Final Order and Judgment is filed, the date upon which all appellate courts with jurisdiction (including the United States Supreme Court by petition for certiorari) affirm such Final Order and Judgment or deny any such appeal or petition for certiorari, such that no future appeal is possible, or (3) such date as the Parties otherwise agree in writing." (Dkt. No. 6430 at §38.62).

[8] "Transocean" is defined in the Economic Agreement as "Transocean Ltd., Transocean, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Triton Asset Leasing GmbH and all of their Affiliates, other than any Natural Person or Entity that is also an Affiliate of any of the Released Parties." (Dkt. No. 6430 at §38.152). "Halliburton" is defined as "Halliburton Energy Services, Inc. and all and any of its Affiliates, other than any Natural Person or Entity that is also an Affiliate of any of the Released Parties." (Dkt. No. 6430 at § 38.81).

1.1.3.1 All damages related to the repair, replacement, and/or re-drilling of the MC-252 Well;

1.1.3.2 All economic damages for the loss of the MC-252 Well, including lost profits, lost hydrocarbons, and diminution in value of the leasehold;

1.1.3.3 All costs that BP incurred to control the MC-252 Well and/or to respond to, contain, and/or clean up the DWH spill;

1.1.3.4 All rights to indemnity, contribution, or subrogation for claims paid by BP and/or the GCCF on or before the entry of the Preliminary Approval Order, subject, however, to (a) BP's retention of its right to pursue the payments identified in Section 1.1.4.2, which are expressly retained, and (b) BP's retention of its right to recover from Transocean and Halliburton for the payments identified in Section 1.1.4.2.

1.1.3.5 All claims or causes of action to pursue reimbursement of Settlement Payment(s) under theories of indemnification, contribution, subrogation, or any other theory of recovery;

1.1.3.6 All punitive, exemplary, multiple, or non-compensatory damages;

1.1.3.7 All claims and causes of action to recover the damages, losses, costs, fees and amounts set forth in Sections 1.1.3.1-1.1.3.6, including BP's claims for breach of contract, unseaworthiness, negligence, gross negligence, willful misconduct, fraud, fraudulent concealment, and intentional torts and including BP's claims in the *BP Parties' Counter-Complaint, Cross-Complaint and Third Party Complaint Against Transocean and Claim in Limitation*, Docket No. 2074 in Case 2:10-md-02179-CJB-SS, and *BP's Cross-Complaint and Third-Party Complaint Against Halliburton*, Docket No. 2082 in Case 2:10-md-02179-CJB-SS.

(Dkt. No. 6430 at Exh. 21).

17. This Court preliminarily approved the Settlement Agreements on May 2, 2012. (Dkt. Nos. 6418, 6419).

18. The Court held a Fairness Hearing on November 8, 2012, and entered its Order and Reasons [Granting Final Approval of the Economic and Property Damages Settlement Agreement] and certifying the Economic and Property Damages Settlement Class on December 21, 2012. (Dkt. Nos. 8138, 8139). The Court further entered its Order and Reasons [Granting Final Approval of the Medical Benefits Class Action Settlement] on January 11, 2013. (Dkt. Nos. 8217, 8218).

Dated:  January 17, 2013.

        Respectfully Submitted,

        **GODWIN LEWIS PC**

        **By:**  /s/  *Donald E. Godwin*
        Donald E. Godwin
        *Attorney-in-charge*
        State Bar No. 08056500
        Don.Godwin@GodwinLewis.com
        Bruce W. Bowman, Jr.
        State Bar No. 02752000
        Bruce.Bowman@GodwinLewis.com
        Jenny L. Martinez
        State Bar No. 24013109
        Jenny.Martinez@GodwinLewis.com
        Floyd R. Hartley, Jr.
        State Bar No. 00798242
        Floyd.Hartley@GodwinLewis.com
        Gavin E. Hill
        State Bar No.  00796756
        Gavin.Hill@GodwinLewis.com
        Renaissance Tower
        1201 Elm, Suite 1700
        Dallas, Texas 75270-2041
        Telephone: (214) 939-4400
        Facsimile: (214) 760-7332
        and
        R. Alan York
        State Bar No. 22167500
        Alan.York@GodwinLewis.com
        Jerry C. von Sternberg
        State Bar No.  20618150
        Jerry.VonSternberg@GodwinLewis.com
        Misty Hataway-Coné
        State Bar No.  24032277
        Misty.Cone@GodwinLewis.com
        1331 Lamar, Suite 1665
        Houston, Texas 77010
        Telephone:  713.595.8300
        Facsimile:  713.425.7594

        **ATTORNEYS FOR DEFENDANT**
        **HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Statement of Undisputed Material Facts in Support of its Alternative Motion for Summary Judgment Regarding Punitive Damages has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 17th day of January, 2013.

/s/ Donald E. Godwin
Donald E. Godwin