UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER |
| Applies to: No. 10-2771, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

HALLIBURTON ENERGY SERVICES, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT REGARDING BP'S ASSIGNMENT OF CLAIMS

**NOW INTO COURT**, comes Halliburton Energy Services, Inc. ("HESI") and respectfully files this Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding BP's Assignment of Claims, pursuant to Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 56, and respectfully shows the Court as follows:

I.
BASIS FOR MOTION

On April 15, 2009, BP Exploration & Production, Inc. ("BPXP") contracted with HESI to perform cementing operations and provide certain other related support services in the Gulf of Mexico in the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services, BPM-09-00255 (the "Contract"). On April 20, 2010, a loss of well control during temporary abandonment proceedings at the Macondo Well resulted in a blowout and explosion aboard the *Deepwater Horizon* in the Gulf of Mexico ("the Incident").

Plaintiffs brought claims against various defendants arising from the Incident, including BP,[1] Transocean,[2] and HESI, and the defendants filed cross-claims against each other. Plaintiffs and BP[3] entered into the Economic and Property Damages Settlement Agreement concerning claims for economic damage or property damage as a result of the Incident. (Dkt. No. 6430) (the "Economic Agreement"). The Economic Agreement contemplated that a settlement class would be certified (the "Economic Class"), and, pursuant to the Economic Agreement, BP assigned certain claims against HESI and Transocean to the Economic Class "as a juridical entity and not to Economic Class Members individually," including BP's claims for damages, as well as its contribution claims for payments made pursuant to the Economic Agreement. (Dkt. No. 6430 at Exh. 21, §1.1.3).

According to the Economic Agreement, the payments provided for therein constitute full satisfaction of all compensatory damages against HESI and Transocean. (Dkt. No. 6430 at Exh. 21, § 1.1.1). But HESI and Transocean are specifically excluded from the releases given as part of the Economic Agreement. (Dkt. No. 6430 at §10.3). The Economic Agreement further provides that the Plaintiffs retain their claims for punitive damages against HESI and Transocean. (Dkt. No. 6430 at §§ 10.2, 10.3).

As more fully set forth in HESI's Memorandum in Support of its Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding BP's Assignment of Claims and its Statement of Undisputed Material Facts, both incorporated herein by reference,

---

[1] "BP" refers to BPXP, BP America Production Company, and BP p.l.c.

[2] "Transocean" refers to Transocean Ltd., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Triton Asset Leasing GmbH.

[3] Though BP p.l.c. is not a party to the Economic Agreement, it is a "Back-Up Guarantor" and is a Released Party under the terms of the Economic Agreement. (Dkt. No. 6430 at §§10.3, 38.9 and Exh. 20).

HESI is entitled to judgment as to the various claims assigned by BP to the Economic Class for the following reasons.

1. BP's assignment to "the Economic Class, only as a juridical entity and not to Economic Class Members individually" is invalid. The Economic Class was certified for settlement purposes only and was not certified as to HESI. BP and the Plaintiffs cannot use assignment of BP's claims to the Economic Class to circumvent the class certification process and allow the Economic Class to pursue class claims against HESI. Moreover, class claims cannot proceed in a limitation proceeding such as this one. HESI is therefore entitled to judgment as to any attempts by the Economic Class to assert any claims assigned to it by BP.

2. BP's failure to obtain a release for HESI is fatal to its contribution claims. Under general maritime law, a settling tortfeasor is presumed to pay only for its share of damages. Accordingly, contribution from non-settling tortfeasors is neither necessary nor permitted. The sole exception to this rule permits a settling defendant to obtain contribution if it obtains a full release for all non-settling parties; but, because BP did not comply with this requirement, it had no contribution claims to assign to the Economic Class. HESI is therefore entitled to judgment as to BP's claims for contribution, whether asserted by BP or by the Economic Class as BP's assignee.

3. Under the BP/HESI Contract, BP is required to indemnify HESI for third-party compensatory claims that arise from pollution or contamination that did not originate from the property or equipment of HESI located above the surface of the land or water, even if HESI's gross negligence caused the pollution. Such indemnification is required whether sought directly or indirectly by means of a claim for contribution. Because any contribution claim by BP must

arise from third-party claims for damages caused by pollution, and because BP must indemnify HESI for any such claims, BP had no contribution claims to assign to the Economic Class. Accordingly, HESI is entitled to judgment with respect to BP's claims for contribution.

4. As part of its settlement with the Plaintiffs, BP waived certain defenses and made voluntary payments to the Economic Class. In addition, and separate and apart from the settlement bar rule and BP's indemnity obligations under the Contract, HESI is entitled to judgment to the extent that the Economic Class seeks contribution for settlement payments that are not reasonable.

5. BP's assignment of its contribution claims to the Economic Class when, as acknowledged by the Economic Agreement, settling Plaintiffs' compensatory damages were fully satisfied, allows the Economic Class to improperly pursue a double recovery against HESI. Accordingly, the assignment is invalid and HESI is entitled to judgment as to any contribution claims.

6. The BP/HESI Contract prohibits BP from recovering consequential damages from HESI. As an assignee, the Economic Class can have no greater rights than its assignor. Because BP could not recover consequential damages from HESI, the Economic Class cannot do so either. Accordingly, HESI is entitled to judgment to the extent that the Economic Class attempts to assert claims for BP's consequential damages.

7. The Contract includes an anti-assignment provision. Accordingly, BP's claims for damages against HESI were not assignable to the Economic Class and HESI is entitled to judgment to the extent that the Economic Class attempts to assert such claims.

8. The assignment is invalid to the extent that it purports to assign BP's punitive damage claims against HESI to the Economic Class. Maritime law would not recognize an assignment of claims for punitive damages; accordingly, to the extent the Economic Class seeks to assert an assigned claim for punitive damages, HESI is entitled to judgment.

## II.
## RELIEF REQUESTED

For the foregoing reasons, HESI asks that the Court grant it judgment on the pleadings or, alternatively summary judgment as to claims assigned by BP to the Economic Class and all other relief to which it is entitled.

Dated: January 17, 2013.

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding BP's Assignment of Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 17th day of January, 2013.

/s/ Donald E. Godwin
Donald E. Godwin