UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | : | |
| OF MEXICO, ON APRIL 20, 2010 | : | SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | : | |
| ALL ACTIONS | : | MAGISTRATE JUDGE SHUSHAN |
| | : | |

..............................................................................................................................

### THE UNITED STATES OF AMERICA'S OBJECTION TO BP'S MOTION TO ADD PHASE ONE TRIAL EXHIBITS FOR "GOOD CAUSE" [REC. DOC. 8225]

The United States respectfully objects to the addition of all but five[1] of BP's 67 "show cause" exhibits identified as "New (Good Cause)" on its January 11th Exhibit List. [Rec. Doc. 8225.]  Counter to the express requirements of PTO 54, BP did not show any cause or, for that matter, even attempt to do so.

After much discussion and compromise by and between the parties and the Court, including submission of drafts and language proposed by BP itself, the Court issued Pretrial Order 54, which provided that by January 11th each party could add up to 35 exhibits to its trial exhibit list without any showing of cause.  BP availed itself, as did other parties, of its full complement of 35 "free" exhibits.  The same discussions and

---

[1]      BP's TREX-048235 is the docketed (proposed) Consent Decree between the United States and Transocean. Transocean met and conferred with the United States, after which Transocean filed its motion and memo to add the exhibit, as well as the Transocean and BP criminal pleas and the publicly docketed papers concerning the BP employees and former BP executive indicted in the other criminal cases. [Rec. Doc. 8223.]  We note that adding these documents related to the criminal cases was also raised by the PSC and discussed at Working Group Conferences (most recently, on January 11th).  The United States also does not object to BP's TREX-048193 through TREX-048196 (Halliburton "Viking" screen shots).  After meeting and conferring with Halliburton, the United States included these exhibits in its "show cause" motion and memo, which explained the show cause basis for seeking to add the exhibits.

compromises resulted in another provision of PTO 54, which required that parties could add *additional* documents or materials first produced after February 20, 2012, *but only upon a showing of good cause*.  [Amended PTO 54, Rec.Doc. 8173 at 2.]

BP's exhibit list of approximately 380 pages, of which approximately 350 pages deal with Phase One exhibits, also includes 67 exhibits that fall within PTO 54's "show cause" requirement, and thus nearly twice as many as the 35 "free" exhibits that BP has already has added.  The 67 exhibits were not identified in BP's "motion" (no supporting memo was filed) and simply appear at various pages on the multi-hundred page exhibit list as "New (Good Cause)."

The total sum of BP's demonstration of "good cause" appears in the following *ispe dixit* contained in a single brief sentence of its motion: "BP hereby moves to add those post-2/20/12-produced documents for good cause."  [Rec.Doc. 8225 at 1.]  No explanation or reasoning beyond the *ipse dixit* was provided to the Court or the parties.

It should be unnecessary to discuss the good cause standard given the fact BP failed to provide any rationale whatsoever.  We nevertheless note that the "good cause" standard generally requires the moving party to show, for example, that it could not have met the original deadline with due diligence (BP knew of the deadline, and even participated in the process of proposing the deadlines), and a consideration of factors such as the moving party's explanation (BP provided no explanation).  *Reliance Ins. Co. v. La. Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997); *S & W Enters., L.L.C. v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003); 6A Charles A. Wright *et al*., Federal Practice & Procedure § 1552.2 (3d ed. 2012).  See also, *Porter v. Milliken &*

*Michaels, Inc*., No. 99-0199-R(3), 2001 U.S. Dist. LEXIS 4972, \*3 (E.D. La. Apr. 12, 2001) (citing *Howell v. Standard Motor Products, Inc*. No. 4:99-CV-987-E, 2001 U.S. Dist. LEXIS 2079, \*3-4, 2001 WL 196969, \*1 (N.D.Tex. Feb. 26, 2001)) ("The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order. While relevant to an analysis under Rule 15(a), the absence of prejudice to the nonmoving party does not constitute 'good cause' under Rule 16(b).").

We also note that attempting to show "good cause" in a BP "reply" would be highly inappropriate.  It should go without saying, "[A]rguments raised for the first time in a Reply brief are waived."  *Jones v. Cain,* 600 F.3d 527, 541 (5th Cir.2010), quoting *Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Group,* 2009 WL 2496552, \*4 (E.D. La. 2009) (Judge Vance); *United States v. Jackson,* 426 F.3d 301, 304 n. 2 (5th Cir.2005) ("Arguments raised for the first time in a reply brief, even by *pro se* litigants such as Jackson, are waived." [Citing *Knighton v. Commisioner*, 702 F.2d 59, 60 n.1 (5th Cir. 1983]); *Weems v. Hodnett*, 2011 WL 2731263 at \*1 (W.D. La. 2011) (improper to use reply to "sandbag").

We would perhaps be more understanding were it not for the express provisions concerning the 35 exhibits that could be added without any showing of cause.  Other parties, including the United States, diligently rationed and cut the number of exhibits they otherwise would have sought to add in order to respect the requirements of PTO 54.  Likewise, the number of exhibits sought to be added for "good cause" were rationed in order to satisfy the underlying good cause standard established by PTO 54 – a standard agreed to by the parties, including BP, during the PTO 54 drafting process.  BP's actions

mock the express limitations of the 35 limit and treat the additional 67 exhibits under the same "no need to show cause" standard.  If a party desired to ignore the limitation of 35 exhibits that could be added without a showing of cause, they would need to do no more than what BP has in fact done.

Accordingly, other than the five exhibits identified above in footnote one, the United States requests that BP's motion to add the foregoing new exhibits be denied.

Dated:  January 18, 2013.                                              Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | BRIAN HAUCK |
| Assistant Attorney General | Deputy Assistant Attorney General |
| Environment & Natural Resources Div. | Civil Division |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Admiralty and Aviation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Attorney | MICHELLE DELEMARRE |
| DEANNA CHANG | SHARON SHUTLER |
| SCOTT CERNICH | JESSICA SULLIVAN |
| A. NATHANIEL CHAKERES | JESSICA MCCLELLAN |
| RACHEL HANKEY | JILL DAHLMAN ROSA |
| ABIGAIL ANDRE | MALINDA LAWRENCE |
| JUDY HARVEY | ROBIN HANGAR |
| JEFFREY PRIETO | LAURA MAYBERRY |
| TOM BENSON | BRIENA STRIPPOLI |
| GORDON YOUNG | Trial Attorneys |
| BETHANY ENGEL | Torts Branch, Civil Division |
| Trial Attorneys | |

/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: 202-514-2779
E-mail: steve.o'rourke@usdoj.gov

/s/ R. Michael Underhill
R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
E-mail: mike.underhill@usdoj.gov

DANA J. BOENTE, Acting United States Attorney
SHARON D. SMITH, Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras Street, Ste. B-210
New Orleans, LA 70130
Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that, today, the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Dated:  January 18, 2013. /s/ R. Michael Underhill
United States Department of Justice