UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| Applies to: *All Cases* | * | MAG. JUDGE SHUSHAN |

**TRANSOCEAN'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

Nearly a year ago, this Court made clear that evidence of prior conduct has no place in the Phase I trial. In its February 9, 2012 Order granting BP's Motion in Limine to Preclude the Introduction of Evidence Regarding Instances of Prior Alleged Improper Conduct Unrelated to the Macondo Well Incident [Rec. Doc. 4514], the Court explained that evidence regarding BP's Texas City refinery disaster, Grangemouth petrochemical complex fire, and Prudhoe Bay pipeline rupture "should be excluded under FRE 404(b) because the alleged prior conduct is not sufficiently similar to the Deepwater Horizon incident, particularly with respect to the issues that will be tried in Phase I." [Rec. Doc. 5634 at 4]. The Court found that such evidence "should also be excluded under FRE 403" due to "considerations of 'undue delay, waste of time, and presentation of cumulative evidence.'" *Id.*

Notwithstanding the Court's clear prohibition on evidence of prior conduct, the Combined Plaintiffs' Phase One Trial Exhibit List [Rec. Doc. 8221-1] includes dozens of exhibits related to alleged prior conduct of Transocean remote in time and place from as well as factually dissimilar to the Macondo incident. The latest exhibit lists of BP [Rec. Doc. 8225-1]

and HESI [Rec. Doc. 8228-1] include some of the same documents.[1]  The PSC, BP, HESI, and potentially other parties, apparently intend to introduce these documents and elicit testimony regarding these incidents to prove "bad character" and that Transocean allegedly acted in a similarly "bad" manner in connection with Macondo, a purpose expressly prohibited by Federal Rule of Evidence 404(b).  The Court should exclude such evidence from the Phase I trial for the same reasons that it excluded evidence of BP's prior conduct.

I.    **ARGUMENT**

   A.    **Evidence Concerning Prior Incidents is Barred by FRE 404(b).**

Federal Rule of Evidence 404(b) prohibits the introduction of evidence of prior alleged improper conduct by Transocean:  "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in conformity therewith."  FED. R. EVID. 404(b).  In the particular context of the Phase I trial, this Court has explained that evidence of prior conduct should be excluded under FRE 404(b) where "the alleged prior conduct is not sufficiently similar to the Deepwater Horizon incident, particularly with respect to the issues that will be tried in Phase I."  [5634 at 4].

The past incidents that the PSC seeks to introduce against Transocean are factually dissimilar to and temporally, operationally, and geographically removed from the events that occurred on the Macondo Well.  Each involves a rig other than the *Deepwater Horizon* with a different crew working for an operator other than BP in a part of the world distant from the Gulf of Mexico.[2]  For example, TREX-26029 is a September 17, 2004 email exchange regarding a

---

[1] Because the exhibit lists were filed on January 11, 2013, the exhibits and matters that are the subject of this Motion "were identified, produced, or arose after February 27, 2012" as required by PTO 54.

[2] The following exhibits fall within the purview of this motion: (1) from the Plaintiff's Combined Exhibit List— TREX-26003, TREX-26009.a, TREX-26009.b, TREX-26009.c, TREX-26009.d, TREX-26012, TREX-26014,

kick taken by the *S714* rig while working for BG in the North Sea. TREX-26023 (listed as TREX-063193 by HESI) is an email exchange concerning conditions on the *Arctic-1* rig, working for Shell in Brazil.[3] TREX-26018 is a July 19, 2009 email regarding a man overboard incident in the Caspian Sea[4] and TREX-26003 is a *Forbes India* article about a *Dhirubai Deepwater KG1* BOP release that occurred in India. The PSC also lists a number of unsigned letters from November 2004 regarding the results of an investigation into a well control event on the *Jim Cunningham*,[5] which occurred in Egypt on August 20, 2004 while the rig was working for Rashpetco. HESI includes one of these letters as TREX-048183. Both HESI and the PSC have listed a number of exhibits related to a *Deepwater Expedition* well control event, which occurred in the Bay of Bengal, India, in 2009 while the rig was working for Reliance Industries Limited.[6] Other than the fact that these events occurred on a Transocean or predecessor-company rig, there is nothing to link any of these incidents to the Macondo incident.

The parties also seek to introduce presentations regarding Transocean's occupational safety performance in a misguided attempt to draw a connection between dropped objects and hand and finger injuries on the one hand, and well control events on the other. For example, the PSC has argued that TREX-26012, an email and PowerPoint presentation, "contains admissions

---

TREX-26017, TREX-26018, TREX-26023, TREX-26025, TREX-26025.b, TREX-26025.c, and TREX-26029; (2) from BP's list—TREX-048200, TREX-048249; and (3) from HESI's list—TREX-048183, TREX-063187, TREX-063188, TREX-063189, TREX-063190, TREX-063193.

[3] Magistrate Shushan reviewed this document in connection with the PSC's request to take additional Phase I depositions and determined that it was outside the scope of Phase I discovery: "With some limited exceptions, discovery has been confined to the GOM. The PSC will not be prejudiced by not being permitted to examine someone on this document." [Rec. Doc. 7268 at 5]. The document is likewise inadmissible.

[4] Magistrate Shushan also reviewed this document and determined that it "is like [TRN-MDL-05467036] in that it concerns an incident outside the GOM." *Id.*

[5] Such exhibits include TREX-26009.a, TREX-26009.b, TREX-26009.c, TREX-26009.d, and TREX-26014.

[6] HESI's list includes the following documents related to this event: TREX-063187, TREX-063188, TREX-063189, TREX-063190. The PSC's list includes the following documents related to this event: TREX-26025, TREX-26025.b, and TREX-26025.c.

3

and statements regarding Transocean's problems with lack of safety onboard their rigs," including "a message from Bob Long who writes, 'People don't just die on our rigs, we kill them.'" [Rec. Doc. 7254 at Tab 1]. BP lists the same document as TREX-048249. Judge Shushan reviewed this document in connection with the PSC's request to take additional Phase I depositions and determined that "[t]he slide clearly refers to dropped tools. It has nothing to do with well blow-outs or precursors to a well blow-out, like a kick." [Rec. Doc. 7268 at 2]. The PSC has similarly argued that TREX-26017, a presentation from a meeting in Mumbai to review Transocean's 2007 occupational safety performance, "illustrates concrete issues within Transocean's safety culture leading up to the spill." [Rec. Doc. 7254 at Tab 2]. The presentation addresses dropped objects and hand and finger injuries, not well control. TREX-048200 on BP's list, a September 22, 2009 email exchange between Jerry Canducci and Dan Munoz regarding "Year-to-date DROPS" also relates to dropped objects. The parties should not be permitted to attack Transocean's corporate character with these incidents that have no similarity with the events of the Macondo incident.

### B. Evidence Regarding Prior Incidents Will Cause Undue Delay, Waste Time, and Result in the Presentation of Cumulative Evidence.

This Court has also noted that evidence regarding prior events should be excluded under FRE 403 where its probative value is substantially outweighed by "considerations of 'undue delay, waste of time, or needless presentation of cumulative evidence.'" [5634 at 4]. As discussed above, the past incidents that the parties seek to bring into the trial are factually dissimilar to, and temporally, operationally, and geographically removed from, the events involving the Macondo Well and therefore have limited, if any, probative value. Moreover, allowing evidence of these prior unrelated incidents would risk burdening the Phase I trial with a series of trials within the trial. *See* Rec. Doc. 5634 at 5 ("If the Court were to allow evidence of

4

previous, unrelated incidents, there is a real danger of creating a 'trial within a trial.'" *Id.* (citing *In re Chicago Flood Litig.*, 1995 WL 437501, at *6 (N.D. Ill. July 21, 1995) ("[E]vidence regarding prior accidents may lead to a 'trial-within-a trial' by requiring the defendant to bring in extensive evidence to establish that the prior incident lacks probative value."))); *see also Landrieu Construction, Inc. v. DRC Emergency Services, LLC*, Civil Action No. 09-3418, 2010 WL 1817768, at *5 (E.D. La. Apr. 30, 2010) (granting motion *in limine* to exclude evidence of past acts sought to be admitted pursuant to Rule 404(b), noting substantial dissimilarity between live issues and facts of those past acts, and recognizing the risk in the event of a contrary ruling that the proceedings would become "a trial within a trial").

Transocean is ready to resolve the issues set for trial in February and does not want to see the schedule derailed or the trial devolve into a series of mini-trials regarding every object dropped on or kick taken by a Transocean rig over the past several years. The parties may argue what they will about Transocean's role in the events involving the Macondo Well. But the Federal Rules of Evidence prohibit them from attempting to make their case on the basis of unrelated instances of alleged inappropriate conduct.

## III.  CONCLUSION

For the foregoing reasons, Transocean seeks an Order precluding parties from introducing evidence (including but not limited to, testimony, documents, and expert opinions) concerning prior incidents in which Transocean's conduct was allegedly unsafe, negligent, or otherwise inappropriate.

DATED:  January 18, 2013                    Respectfully submitted,

By: /s/ Brad D. Brian                       By: /s/ Steven L. Roberts
Brad D. Brian                               Steven L. Roberts

5

| | |
|---|---|
| Michael R. Doyen<br>Daniel B. Levin<br>Susan E. Nash<br>MUNGER TOLLES & OLSON LLP<br>355 So. Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 683-9100<br>Fax: (213) 683-5180<br>Email: brad.brian@mto.com<br>    michael.doyen@mto.com<br>    daniel.levin@mto.com<br>    susan.nash@mto.com | Rachel Giesber Clingman<br>Sean Jordan<br>SUTHERLAND ASBILL & BRENNAN LLP<br>1001 Fannin Street, Suite 3700<br>Houston, Texas 77002<br>Tel: (713) 470-6100<br>Fax: (713) 354-1301<br>Email: steven.roberts@sutherland.com<br>rachel.clingman@sutherland.com<br>sean.jordan@sutherland.com<br><br>By: /s/ Kerry J. Miller<br>Kerry J. Miller<br>FRILOT, LLC<br>110 Poydras St., Suite 3700<br>New Orleans, LA 70163<br>Tel: (504) 599-8194<br>Fax: (504) 599-8154<br>Email: kmiller@frilot.com |
| By: /s/ Edwin G. Preis<br>Edwin G. Preis, Jr.<br>PREIS & ROY PLC<br>Versailles Blvd., Suite 400<br>Lafayette, LA 70501<br>(337) 237-6062<br>    and<br>601 Poydras Street, Suite 1700<br>New Orleans, LA 70130<br>(504) 581-6062 | John M. Elsley<br>ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP<br>711 Louisiana Street, Suite 500<br>Houston, TX 77002<br>(713) 224-8380 |

*Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 18, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

                                                      /s/ Kerry J. Miller
                                                          Kerry J. Miller