UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| Applies to: *All Cases* | * | MAG. JUDGE SHUSHAN |

**TRANSOCEAN'S OPPOSITION TO BP'S MOTION FOR LEAVE TO ADD CERTAIN EXHIBITS PRODUCED AFTER 2/20/2012 FOR GOOD CAUSE**

COME NOW Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean"), by and through their undersigned counsel, and pursuant to Amended Pre-Trial Order No. 54 [Doc. 8173] and respectfully file this Opposition to BP's Motion for Leave to Add Certain Exhibits Produced After 2/20/2012 for Good Cause [Doc. 8225], and in support thereof respectfully show the Court as follows:

**I.      INTRODUCTION**

In Amended Pre-Trial Order No. 54 ("PTO 54"), the Court permitted each party to "add up to 35 exhibits to its Exhibit List without showing 'good cause' by January 11, 2013." [Doc. 8173 at 2]. The Court also allowed the parties to "move for leave of court by January 11, 2013 to add documents or materials first produced after February 20, 2012 to the Exhibit List *with good cause shown*." *Id.* (emphasis added).

On January 11, 2013, BP filed its 1/11/2013 Good Faith Combined Phase One and Phase Two Trial Exhibit List and Motion for Leave to Add Certain Exhibits Produced After 2/20/2012 for Good Cause [Doc. 8225]. In addition to adding the 35 exhibits permitted without cause, BP

1

added 66 documents described as "New (Good Cause)." BP's filing includes only two sentences addressing these proposed additions:

> For those Phase One exhibits which have been added, the column explains whether the exhibit is one of the 35 additions permitted by Amended Pre-Trial Order No. 54, or whether BP is moving the court to add the exhibit to its list pursuant to Amended Pre-Trial Order No. 54 because the document or a material part of the document or its family was produced after 2/20/2012. BP hereby moves to add those post-2/20/12-produced documents for good cause.

[Doc. 8225 at 1].

BP's list also includes several documents, originally added in its 2/20/2012 and 2/24/2012 exhibit lists, for which BP similarly claimed, but never demonstrated "good cause," including TREX-48144, TREX-48145, TREX-48146, TREX-48147, TREX-48148, and TREX-48183.

I.   **ARGUMENT**

   A.   **BP Has Not Demonstrated Good Cause for its Proposed Additions.**

PTO 54 set two parameters for good cause additions to a party's exhibit list: (1) that the proposed additions were "first produced after February 20, 2012;" and (2) "good cause shown." [Doc. 8173 at 2]. Even assuming BP meets the first requirement with respect to each of its 66 proposed additions, it is obvious from the face of its "Motion" that it has not even attempted to demonstrate good cause with respect to any one of them. BP barely pays lip service to the good cause requirement in a single sentence—"BP hereby moves to add those post-2/20/12-produced documents for good cause"—and makes no attempt to actually show good cause.

Although PTO 54 does not define "good cause," Transocean presumes the Court expected something more than a conclusory statement that it exists. In Pre-Trial Order 17, in the context of leave for additional depositions, the Court explained that "demonstration of good cause could be, by way of example, the production of highly relevant documents after the

2

deposition." [Rec. Doc. 740 at 9]. Here, BP has not even attempted to explain the relevance of its proposed additions or otherwise demonstrate good cause. Instead, BP has followed its consistent practice of equating production after February 20, 2012 with good cause to add exhibits. This conflates the two requirements of PTO 54 and renders the phrase "good cause shown" superfluous.

      **B.    BP Cannot Demonstrate Good Cause to Support the Addition of TREX-048192 or TREX-048200, and Has Never Demonstrated Good Cause to Support the Addition of TREX-48144, TREX-48145, TREX-48146, TREX-48147, TREX-48148, and TREX-48183.**

TREX-048200 on BP's list is a September 22, 2009 email exchange between Jerry Canducci and Dan Munoz regarding "Year-to-date DROPS" that attaches a spreadsheet that Canducci "developed to track dropped objects in the AMU Business Unit." The document has nothing to do with well control and has no relevance to the Phase I trial. Judge Shushan reviewed a similar document in connection with the PSC's request to take additional Phase I depositions and determined that document "clearly refers to dropped tools" and "has nothing to do with well blow-outs or precursors to a well blow-out, like a kick." [Rec. Doc. 7268 at 2]. TREX-048200 also has nothing to do with well control and BP cannot demonstrate relevance or good cause to support its addition to the exhibit list.

BP also cannot demonstrate the relevance of or good cause to add TREX-048249, a May 4, 2010 email exchange regarding BOP certifications for rigs other than the *Deepwater Horizon*. At best, this document could be tangentially relevant to Phase II since the *DDII*, *DDII*, and *Discoverer Enterprise* are referenced, but there is no cause to add this document to the Phase I

3

Trial exhibit list. There is no reference of or relevance to the *Deepwater Horizon*'s BOP, which is the only BOP at issue in Phase I.[1]

Finally, BP's list includes several documents, originally added in its 2/20/2012 and 2/24/2012 exhibit lists, for which BP similarly claimed, but never demonstrated "good cause." Such documents, including TREX-48144, TREX-48145, TREX-48146, TREX-48147, TREX-48148, and TREX-48183, pertain to prior incidents unrelated to Macondo and BP should be required to demonstrate good cause beyond the timing of their production to introduce these exhibits at trial.

## III. CONCLUSION

For the reasons set forth above, BP has not shown good cause and this Court should deny BP leave to add the sixty-six "good cause" additions to its Phase I Trial Exhibit List.

DATED: January 18, 2013               Respectfully submitted,

By: /s/ Brad D. Brian                 By: /s/ Steven L. Roberts
Brad D. Brian                         Steven L. Roberts
Michael R. Doyen                      Rachel Giesber Clingman
Daniel B. Levin                       Sean Jordan
Susan E. Nash                         SUTHERLAND ASBILL & BRENNAN LLP
MUNGER TOLLES & OLSON LLP             1001 Fannin Street, Suite 3700
355 So. Grand Avenue, 35th Floor      Houston, Texas 77002
Los Angeles, CA 90071                 Tel: (713) 470-6100
Tel: (213) 683-9100                   Fax: (713) 354-1301
Fax: (213) 683-5180                   Email: steven.roberts@sutherland.com
Email: brad.brian@mto.com                    rachel.clingman@sutherland.com
       michael.doyen@mto.com                 sean.jordan@sutherland.com
       daniel.levin@mto.com
       susan.nash@mto.com             By:  /s/ Kerry J. Miller
                                      Kerry J. Miller
                                      FRILOT, LLC

---

[1] Transocean also opposes HESI's addition of this document at TREX-063199 for the reasons set forth herein.

4

By: /s/ Edwin G. Preis
Edwin G. Preis, Jr.
PREIS & ROY PLC
Versailles Blvd., Suite 400
Lafayette, LA 70501
(337) 237-6062
    and
601 Poydras Street, Suite 1700
New Orleans, LA 70130
(504) 581-6062

110 Poydras St., Suite 3700
New Orleans, LA 70163
Tel: (504) 599-8194
Fax: (504) 599-8154
Email: kmiller@frilot.com

John M. Elsley
ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 224-8380

*Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 18, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

    /s/ Kerry J. Miller
    Kerry J. Miller