UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions …………………………………………………... | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF THE EPA SUSPENSION**

**BACKGROUND**

On November 28, 2012, the Suspension and Debarment Division of the EPA "temporarily" suspended BP Exploration & Production Inc. ("BPXP"), BP America Production Company ("BPAP") (collectively "BP") and a number of other affiliated entities from entering into new contracts with the federal government. *See* Notice of Suspensions (Nov. 28, 2012) ("Notice" (attached as Exhibit A)); News Release Issued by the EPA's Office of Administration and Resource Management (Nov. 28, 2012) ("Press Release" (attached Exhibit B)) and Revised Action Referral Memorandum (Nov. 23, 2012) ("EPA Memorandum" (attached as Exhibit C)). As stated in the EPA's Press Release, "[t]he suspension does not affect existing agreements BP may have with the government." Ex. B. The EPA contends that the suspension is temporary. As the EPA noted, it "will temporarily prevent the company and the named affiliates from getting new federal government contracts, grants or other covered transactions until the company can provide sufficient evidence to EPA demonstrating that it meets Federal business standards." *Id.*

As set forth in the EPA Memorandum, the primary basis for the suspension is claimed to be the criminal Information filed against BPXP. *See* Ex. C at ¶ 27 (citing the Information, which

1

is Exhibit 1 to the EPA Memorandum).  The EPA Memorandum likewise references and attaches as Exhibits the Indictments of David Rainey, Robert Kaluza, Donald Vidrine, and Kurt Mix. *See* Ex. C at ¶¶ 90-93 & 96-99 & Exs. 31, 32 & 33.  Since the federal government lifted its industry-wide moratorium, the United States has granted BP more than fifty new leases in the Gulf of Mexico and has continued to enter into other contracts with BP.  Indeed, BP remains the largest investor and deepwater leaseholder in the Gulf with seven rigs currently conducting drilling operations.  The EPA only issued the suspension following the announcement of criminal charges against BP and three of its former employees involved in the *Deepwater Horizon* Incident.  Moreover, the EPA expressly tied the suspension to the pending criminal allegations (as well as other, unproven, allegations against BP), imposing the suspension "pending conclusion of the administrative, criminal, and/or civil proceedings and/or deliberations pertaining to this matter." *Id.* at ¶ 86.

The EPA suspension – based primarily on the inadmissible allegations of others – should not be admitted into evidence in this case.

**ARGUMENT**

As discussed in BP's Memorandum in Support of its Motion to Exclude Certain Evidence Related to Criminal Proceedings, the Information filed against BP (and the Indictments filed against various individuals) are inadmissible and cannot be used to establish BP's liability in this case.  It therefore necessarily follows that because the EPA suspension is based upon the Information filed against BP, it too must be excluded from evidence and not used to undermine the required exclusion of the Information.  Moreover, the EPA's suspension reflects only the agency's determination that BP has been charged with conduct that could justify barring BP from federal contracts.  The EPA's action – like the mere allegations of the federal government in the

2

criminal cases (and in other civil proceedings for that matter) on which the EPA's action are based – cannot be used to establish BP's civil liability on the claims at issue in this case.

At bottom, the EPA's suspension – and the statements and documents associated therewith – are nothing more than the agency's compilation of allegations made against BP and former BP employees involved in the *Deepwater Horizon* Incident. Such material is not admissible as evidence. It "amounts to nothing more than a summary of allegations by others which constitute hearsay," *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993). Nor is there any exception to the hearsay rule that can justify the introduction of this material, as there is no rule that would allow the conclusion that the EPA's statements are trustworthy indications of actual facts as opposed to what are admittedly mere suspicions. Allowing the EPA's suspension to form any part of the determination of BP's liability in this case would be clear error, "beginning with inadmissible hearsay, and proceeding on suspicion and conjecture, [representing] a made or synthetic case." *N.L.R.B. v. Ray Smith Transport Co.*, 193 F.2d 142, 144 (5th Cir. 1951).

## CONCLUSION

BP respectfully requests that the Court issue an Order excluding from evidence all references to the EPA's suspension of BP from entering into new federal contracts.

Dated:  January 18, 2013

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of January, 2013.

/s/  Don K. Haycraft__