# EXHIBIT A

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
WASHINGTON, DC 20460

NOV 28 2012

OFFICE OF ADMINISTRATION
AND RESOURCES MANAGEMENT

<u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

BP PLC
ATTN: Robert Dudley, Group Chief Executive
1 St. James Square
London
SW1Y4PD
United Kingdom

Re:   Notice of Suspensions of:

BP PLC (DUNS 21-004-2669), EPA Case No. 12-0295-00
BP AMERICA, INC. (DUNS 03-959-6507), EPA Case No. 12-0295-02
BP CORPORATION NORTH AMERICA, INC. (DUNS 00-134-4258), EPA Case No. 12-0295-03
BP AMERICA PRODUCTION COMPANY (DUNS 00-896-6889), EPA Case No. 12-0295-04
BP EXPLORATION AND PRODUCTION COMPANY (DUNS 96-973-2010), EPA Case No. 12-0295-05
BP PRODUCTS NORTH AMERICA, INC. (DUNS 00-514-4332), EPA Case No. 12-0295-06
BP OIL INTERNATIONAL, LTD. (DUNS 22-709-5270), EPA Case No. 12-0295-07
AIR BP LTD. (DUNS 29-384-2951), EPA Case No. 12-0295-08
BP MARINE LTD (DUNS 29-388-9622), EPA Case No. 12-0295-09
BP WEST COAST PRODUCTS LLC (DUNS 09-720-041), EPA Case No. 12-0295-10
BP SINGAPORE (DUNS 59-511-5759), EPA Case No. 12-0295-11
BP AUSTRALIA PTY LTD. (DUNS 75-316-6339), EPA Case No. 12-0295-12
BP MARINE GLOBAL INVESTMENTS SALALAH COMPANY LLC (DUNS 53-529-9275), EPA Case No. 12-0295-14
BP ENERGY CO. (DUNS 62-527-5755), EPA Case No. 12-0295-15
ATLANTIC RICHFIELD COMPANY (DUNS 04-542-6723), EPA Case No. 12-0295-16
BP AMOCO CHEMICAL COMPANY (DUNS 00512-3195), EPA Case No. 12-0295-17
BP COMPANY NORTH AMERICA (DUNS 61-079-3622), EPA Case No. 12-0295-18
BP EXPLORATION (ALASKA), INC. (DUNS 00-790-1317), EPA Case No. 12-0295-19

Re:   Notice of Suspension
BP PLC, et al., EPA Cases No. 12-0295-00, -02 through -12, and -14 through 23
Page 2 of 8

**STANDARD OIL (DUNS 00-132-5604), EPA Case No. 12-0295-20**
**BP INTERNATIONAL LTD (DUNS 21-001-8636), EPA Case No. 12-0295-21**
**BP MARINE AMERICAS, EPA Case No. 12-0295-22**
**IGI RESOURCES, INC. (DUNS 19-429-0953), EPA Case No. 12-0295-23**

Dear Mr. Dudley:

Enclosed with this Notice of Suspensions (Notice), please find a copy of a Revised Action Referral Memorandum and its attachments, dated November 23, 2012 (collectively, the ARM), submitted to me by M. Carson Hodges, one of the Environmental Protection Agency (EPA) Suspension and Debarment Division (SDD) attorneys assigned to this matter. The SDD has requested that I immediately suspend BP PLC (DUNS 21-004-2669) (BP PLC) and its subsidiaries and affiliates identified below from participation in federal contracts and other covered transactions.

Authority for Action

By this Notice, effective immediately, I have suspended BP PLC and its subsidiaries and affiliates identified below from participating in federal contracts and other covered transactions. I am taking this action based upon information in the attached ARM, which is incorporated herein by reference.

At all times relevant hereto:

1.     BP PLC is a multinational energy corporation based in London, U.K. and is the ultimate parent company for the BP Group, which consists of the entities identified below. BP PLC and the BP Group are collectively referred to hereinafter as "BP" or "the Companies."

     a.  BP America, Inc. (BPA) is a Delaware corporation and wholly owned subsidiary of BP PLC, with executive offices in Houston, TX.

     b.  BP Corporation North America, Inc. (BPCNA) is an Indiana corporation and wholly owned subsidiary of BP PLC, with a principal operating office in Warrenville, IL.

     c.  BP North America Production Company (BPAPC) is a Delaware corporation and wholly owned subsidiary of BP PLC, principally operating from offices in Houston, TX.

     d.  BP Exploration & Production, Inc. (BPXP) is a Delaware corporation and wholly owned subsidiary of BP PLC, headquartered in Houston, TX.

     e.  BP Products North America, Inc. (BPPNA) is a Maryland corporation operating principally from Warrenville, IL and with operations in Houston, TX. BPPNA is a subsidiary of BP PLC, BPA and BPCNA.

f.  BP Oil International Ltd. (BPOI) is a London, UK based entity that is the parent BP PLC's international business arm and shares a business address with the parent company.

g.  Air BP Ltd. (Air BP), d/b/a BPCNA and/or BPPNA, conducts business operations from Linden, NJ and/or Naperville, IL and is a wholly owned subsidiary of BP PLC.

h.  BP Marine LTD (BP Marine) is a Middlesex, UK based entity and a subsidiary of BP PLC.

i.  BP West Coast Products LLC (BPWCP), d/b/a BPPNA, is a wholly owned subsidiary of BP PLC.

j.  BP Singapore PTE Ltd. (BP Singapore) is the Singapore based business arm of BP PLC.

k.  BP Australia PTY Ltd. (BP Australia) is the Australian based business arm of BP PLC.

l.  BP Marine Global Investments Salalah Company LLC (BPMGISC) is the Oman based business arm of BP PLC.

m.  BP Energy Company (BPEC) is a Delaware corporation and wholly owned subsidiary of BPAPC principally operating from Houston, TX.

n.  Atlantic Richfield Company (ARC) is a wholly owned subsidiary of BP PLC.

o.  BP Amoco Chemical Company (Amoco) is a wholly owned subsidiary of BP PLC.

p.  BP Company North America is a wholly owned subsidiary of BP PLC.

q.  BP Exploration (Alaska) (BPXA) is a wholly owned subsidiary of BP PLC

r.  Standard Oil Company (Standard Oil) is a wholly owned subsidiary of BP PLC.

s.  BP International Ltd. (BP International) is a wholly owned subsidiary of BP PLC.

t.  BP Marine Americas (BPMA), based on information and belief, is a division of BP Marine, which is a wholly owned subsidiary of BP PLC.

u.  IGI Resources, Inc. (IGI) is a subsidiary of BP PLC.

2. In May 2008, BPXP entered into a lease with the Minerals Management Service granting BP the rights to oil and natural gas reservoirs at a site identified as Mississippi Canyon #252. The Macondo well was located in that area.

3. Pursuant to its regulations, the Bureau of Ocean Energy Management, Regulation and Enforcement had designated BPXP as the operator of the Macondo well.

4. Transocean Ltd. (Transocean) was the owner of the drilling rig *Deepwater Horizon*. In accordance with its agreements with BPXP, Transocean leased the rig and provided the crew working the Macondo well.

5. David Rainey (Rainey) was the BP PLC Vice President of Exploration for the Gulf of Mexico during the Deepwater Horizon Blowout[1] and resulting events. He also served as the BP PLC Deputy Incident Commander at the Deepwater Horizon Unified Command (the Unified Command).[2] Rainey was the second highest-ranking BP PLC representative on the Unified Command.

6. Robert Kaluza (Kaluza) and Donald Vidrine (Vidrine) were the BPXP Well Site Leaders stationed on the *Deepwater Horizon* drilling rig prior to and during the Deepwater Horizon Blowout.

7. Kaluza and Vidrine had the responsibility to maintain well control at all times. This included the duty to ensure that "negative testing"[3] was conducted properly and safely.

8. Notwithstanding significant indications that the well was not secure during the negative testing, Kaluza and Vidrine failed to contact onshore engineers at that time to alert them to the problems. Rather, they accepted onsite explanations that the drill pipe pressure was due to the so called "bladder effect." This explanation was scientifically illogical and not recognized within the deepwater oil exploration industry.

9. On April 20, 2010, as a direct result of the failures of Kaluza and Vidrine in performing their duties on behalf of BP, the Deepwater Horizon Blowout occurred. This resulted in the

---

[1] The "Deepwater Horizon Blowout" herein refers to the events commencing on or about April 20, 2010, resulting in the explosion and fire that caused in the immediate death of eleven men, as well as the resulting oil leakage resulting in extensive environmental damage to the Gulf Coast, including the states of Louisiana, Mississippi, Alabama and Florida.

[2] The Unified Command consisted of BP PLC, Transocean and government representatives. Under the leadership of the US Coast Guard, the Unified Command was to coordinate the oil spill response following the Deepwater Horizon Blowout.

[3] "Negative testing" is a critical part of temporary abandonment procedures conducted to ensure the segment has hardened between the well and the oil/gas reservoir. A more detailed explanation is in the ARM.

explosion and fire that caused the death of eleven rig crewmembers and extensive ecological damage throughout the Gulf Coast area.

10. From after April 20, 2010, through at least May 24, 2010, BP continued to announce that the rate of leakage from the Deepwater Horizon Blowout was approximately 5,000 barrels of oil per day (BOPD). BP PLC continued in this public misrepresentation notwithstanding internal engineering estimates ranging from 64,000 to 146,000 BOPD and external expert estimates of between 70,000 and 100,000 BOPD.

11. On May 4, 2010, Rainey misled a House subcommittee as to the BOPD rate of leakage. He also provided false information as to the method used to make the BP estimate of the BOPD leakage.

12. On or about May 24, 2010, Rainey caused a false and misleading memo to be submitted to the House subcommittee as the BP PLC response. By submitting the false and misleading memo and withholding information relevant to the House inquiry, Rainey impeded the congressional investigation.

13. On July 16, 2012, BP provided a present responsibility presentation to me attempting to address the statutory and discretionary debarment issues raised because of the Deepwater Horizon Blowout. BP supplemented that submission on October 24 and 31, 2012.

14. On or about November 14, 2012, a Grand Jury for the US District Court for the Eastern District of Louisiana (the Court) issued a Superseding Indictment against Kaluza and Vidrine charging each of them with eleven counts of Involuntary Manslaughter, eleven counts of Seaman's Manslaughter and one count of violating the Clean Water Act.

15. On or about November 14, 2012, a Grand Jury for the Court issued an Indictment against Rainey for one count of Obstruction of Congress and one count of making False Statements.

16. On November 15, 2012, the US Attorney for the Eastern District of Louisiana and the Assistant Attorney General for the Criminal Division of the Department of Justice filed an Information against BPXP. The Information charged BPXP with eleven counts of Misconduct or Neglect of Ship Officers (manslaughter), one count of Obstruction of Congress, and one count each of violating the Clean Water Act and the Migratory Birds Treaty Act.

17. On that same date, BPXP, through counsel, signed a plea agreement as to the counts in the Information. Exhibits to the plea agreement include a draft order as to potential remedial steps the Court may direct BPXP to take.

18. The Information filed against BPXP provides an independent basis to suspend that company pursuant to 2 C.F.R. § 180.700(a) and 2 C.F.R. §§180.800(a)(1), (3) and (4).

19.   BPXP's seriously improper conduct provides an independent basis to suspend the company pursuant to 2 C.F.R. § 180.700(b) and 2 C.F.R. § 180.800(d).

20.   BPXP's criminal and seriously improper conduct may be imputed to BP PLC pursuant to 2 C.F.R. § 180.630(c). BPXP's misconduct occurred in connection with its partnership, joint venture, joint application, association or similar arrangement with BP PLC, wherein BP PLC had the power to direct, manage, control or influence the activities of BPXP.

21.   Pursuant to 2 C.F.R. § 180.630(a), the criminal and seriously improper conduct of Rainey, Kaluza and Vidrine, as set forth in the Indictment filed against Rainey and the Superseding Indictment filed against Kaluza and Vidrine, may be imputed to BP PLC and BPXP. As officers, employees or other individuals associated with BP PLC and BPXP, their misconduct occurred in connection with the performance of their duties for or on behalf of those companies, or with the knowledge, approval or acquiescence of BP PLC and BPXP.

22.   BP PLC's seriously improper conduct provides the basis for its suspension pursuant to 2 C.F.R. § 180.700(b) and 2 C.F.R. § 180.800(d).

23.   Pursuant to 2 C.F.R. § 180.625(a), BPA, BPCNA, BPAPC, BPXP, BPPNA, BPOI, BP Marine, BPWCP, BPEC, ARC, Amoco, BP Company North America, BPXA, Standard Oil, BP International, BPMA, IGI, are subsidiaries of BP PLC in that each entity is a wholly owned subsidiary and/or an organizational element of BP PLC.

24.   Pursuant to 2 C.F.R. § 180.625(b), each entity within the BP Group is affiliated with BP PLC in that BP PLC controls, or has the power to control, each of those entities. The affiliation of BP PLC with the companies in the BP Group provides the basis for the suspensions of BPA, BPCNA, BPAPC, BPXP, BPPNA, BPOI, BP Marine, BPWCP, BPEC, ARC, Amoco, BP Company North America, BPXA, Standard Oil, BP International, BPMA, IGI, Air BP, BP Singapore, BP Australia, and BPMGISC.

25.   Under 2 C.F.R. §§ 180.700(a), (b) and (c), I find that, to protect the public interest, there is adequate evidence and an immediate need to suspend BP PLC and the entities identified as the BP Group in paragraph 1, above.

Effect of Action

As a result of the suspension of BP, the names of BP PLC and the entities identified as the BP Group in paragraph 1 above have been individually published as "Ineligible" in the System for Award Management (SAM) website maintained by the General Services Administration. The Companies are ineligible to receive any federal contract or approved subcontract, or to act as an agent or representative on behalf of another in such transactions. BP PLC and the BP Group entities are also precluded from receiving certain federal assistance, loans and benefits (or

Re:   Notice of Suspension
BP PLC, et al., EPA Cases No. 12-0295-00, -02 through -12, and -14 through 23
Page 7 of 8

contracts thereunder), and other covered transactions, or from participating as a principal, agent or key employee in those transactions.

How to Contest this Action

If BP PLC and/or any member of the BP Group wishes to contest its suspension, its representatives must first send me a letter within 30 days of their receipt of this notice, stating in detail the reasons why they believe this action is not warranted. Failure to send me a contest letter will result in continuation of the suspension by default. My email address is pelletier.richard@epa.gov; my mailing and courier addresses appear at the end of this letter. I also may be contacted via phone at 202-564-5399. BP PLC and the BP Group entities should also send a copy of its submission to Stacey Dey Foy, Director, the Suspension and Debarment Division, at dey-foy.stacey@epa.gov, and to Frank Lane, the lead SDD counsel in this matter, at lane.frank@epa.gov.

If BP PLC or any member of the BP Group believes that any information contained in the ARM is incomplete or inaccurate in any material way, please provide the additional or correct information together with the supporting evidence. They should also include all mitigating factors BP PLC or any member of the BP Group wants me to consider.

In addition to their written submission, representatives of BP PLC and/or the BP Group may request to meet with me to make a presentation of matters in opposition (PMIO) to address further the information in the ARM. They each may also provide further information about their present responsibility to perform services under federal contracts, assistance programs, or other covered transactions. BP PLC or any member of the BP Group that wants a PMIO, must state this in its submission and my office will establish a case schedule. BP's representatives may contact me at (202) 564-5399, or via the email address provided above. However, please remember that even if BP PLC or any member of the BP Group desires a PMIO, it must first provide its written submission to me in response to this Notice within the 30-day reply period to avoid being in default and imposition of debarment without further proceedings.

For more information about how to contest this Notice, please see 2 C.F.R. Part 180 generally, and, in particular, §§ 180.700 – 180.760.

If BP's representatives have any questions concerning the ARM, or substantive matters relative to this case, they should contact Ms. Dey Foy or Mr. Lane by phone (202-564-5388 and 202-564-1537, respectively) or their email provided above. If they have any questions relative to any procedural issues, the Company's representatives should contact me via the phone number or email address provided herein.

It is important to note that suspension is not imposed for the purpose of punishment. It is a discretionary measure used to insure that the Government conducts public business with responsible persons. Accordingly, EPA will consider any information you wish to provide that

you believe will assist in making that evaluation. Please use whichever of the following addresses is applicable for any written submission to me, Ms. Dey Foy, and Mr. Lane:

**Address for U.S. Postal Service**
Richard A. Pelletier
EPA Suspension and Debarment Official
U.S. Environmental Protection Agency
Office of Grants and Debarment, MC 3901R
1200 Pennsylvania Avenue, NW
Washington, DC 20460

Stacey Dey Foy
Director, Suspension and Debarment Division
U.S. Environmental Protection Agency
Office of Grants and Debarment, MC 3902R
1200 Pennsylvania Avenue, NW
Washington, DC 20460

Frank S. Lane
Suspension and Debarment Counsel
U.S. Environmental Protection Agency
Office of Grants and Debarment, MC 3902R
1200 Pennsylvania Ave NW
Washington, DC 20460

**Address for Express Mail or Courier:**
Richard A. Pelletier
EPA Suspension and Debarment Official
U.S. Environmental Protection Agency
Office of Grants and Debarment, Room 51215
1300 Pennsylvania Avenue, NW
Washington, DC 20004

Stacey Dey Foy
Director, Suspension and Debarment Division
U.S. Environmental Protection Agency
Office of Grants and Debarment, Room 51236
1300 Pennsylvania Avenue, NW
Washington, DC 20004

Frank S. Lane
Suspension and Debarment Counsel
U.S. Environmental Protection Agency
Office of Grants and Debarment, Room 512103
1300 Pennsylvania Avenue, NW,
Washington, DC 20004

The regulations governing suspension and debarment actions initiated by the EPA may be viewed at http://www.epa.gov/ogd/sdd/info.htm by clicking on "2 C.F.R. Parts 180 and 1532" under the heading "Documents Related to Discretionary Suspension and Debarment." If you do not have internet access and would like to receive copies of the cited regulations, please contact me.

Sincerely,

Richard A. Pelletier
EPA Suspension and Debarment Official

Enclosures

cc:  Fred Levy, Counsel for BP (via facsimile only)
     Frank S. Lane, SDD Counsel
     Official Case File