**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| In re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : | MDL No. 2179 |
| | | : | SECTION: J |
| | | : | |
| This Document Relates To: All Actions | | : | JUDGE BARBIER |
| | | : | MAGISTRATE JUDGE |
| …………………………………………………... | | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO THE SEC SETTLEMENT**

**BACKGROUND**

On November 15, 2012, the SEC simultaneously filed a civil action against BP p.l.c., *see SEC v. BP p.l.c.*, Civ. No. 12-2774 (E.D. La.), and announced that it had entered into a settlement of the claims in that action with BP p.l.c.. *See* SEC Press Release, "*BP to Pay $525 Million Penalty to Settle SEC Charges of Securities Fraud During Deepwater Horizon Oil Spill*" (Nov. 15, 2012). On the same day, the SEC also filed the Consent of Defendant BP p.l.c. (Civ. No. 12-2774 (E.D. La.), Rec. Doc. 2-1) ("Consent") in which BP p.l.c. consented to the entry of a final judgment in the case, and the final judgment was subsequently filed on December 10, 2012 (Civ. No. 12-2774 (E.D. La.), Rec. Doc. 5). As is customary in the event of a civil settlement with the SEC, the Consent and Final Judgment preclude BP p.l.c. from contesting the facts alleged by the SEC in the SEC's own proceeding, Consent at ¶ 13, and expressly preserve BP p.l.c.'s ability to "take legal . . . positions in litigation or other legal proceedings in which the [SEC] is not a party." Consent at ¶ 134. The Consent was not the product of any judicial or administrative hearing, and does not represent any entity's finding of any facts – as opposed to allegations.

These materials should not be admitted into evidence in the upcoming trial.

1

**ARGUMENT**

It is well settled that SEC charges filed against a party, related consents of the party, and resulting judgments against a party are not admissible in civil litigation against that party to prove either the facts alleged by the SEC or the party's liability for the alleged or related conduct.  As discussed in BP's Memorandum in Support of its Motion to Exclude Certain Evidence Related to Criminal Proceedings, the SEC's complaint is clearly inadmissible hearsay.

The consent and final judgment are likewise inadmissible because they are simply allegations and establish nothing.  "[A] consent judgment between a federal agency and a private corporation . . . is not the result of an actual adjudication of any of the issues. Consequently, it cannot be used as evidence in subsequent litigation between that corporation and another party." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).  *See also United States v. Cook*, 557 F.2d 1149, 1152 (5th Cir. 1977) (noting that SEC injunction documents do not reflect the defendants "admitting nor denying any act of any kind" and only evidence the fact that the defendants "consented to entry of the injunctions").  "[B]ecause '[t]he central characteristic' of a consent decree is 'that it does not involve contest or decision on the merits' . . . it generally does *not* bind the parties in any future litigation as an admission of wrongdoing. *Dennis v. Cnty. of Fairfax,* 55 F.3d 151, 154 (4th Cir. 1995) (citing 18 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4443 (1981)).  If every consent decree constituted an admission of liability, or even provided ammunition in the form of "evidence" for other parties in other suits, defendants would have little incentive to settle cases.

Admission of these materials would also violate Rule 408.  "Clearly, the Consent and Final Judgment in the civil proceeding and the Releases/settlements in the SEC proceedings, and evidence of conduct of the parties or statements made *in the course of* those settlement

negotiations, must be excluded by the plain language of this rule." *Option Res. Grp. v. Chambers Dev. Co.,* , 967 F. Supp. 846, 849 (W.D. Pa. 1996). *See also United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981) (holding a consent decree may not be used to prove the underlying facts of liability and that Rule 408 generally bars the introduction of such evidence or a compromise).

Finally, the SEC's complaint and the resulting settlement concern only post-Incident conduct by BP p.l.c. and its affiliates and their directors, officers, and employees. As such, even if these materials were otherwise admissible into evidence – which they are not – they would still be excluded from evidence by Rule 402 (as irrelevant) and Rule 403 (as unfairly prejudicial, confusing, misleading, and causing undue delay and waste of time), as recognized by the Court's prior Order excluding evidence unrelated to the issues before the Court in the Phase I trial (Rec. Doc. 5407).

**CONCLUSION**

BP respectfully requests that the Court issue an Order excluding from evidence all materials related to the SEC charges against BP p.l.c.

Dated:  January 18, 2013                    Respectfully submitted,

<u>/s / Don K. Haycraft</u>

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration &*
*Production Inc. & BP America Production*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of January, 2013.

/s/  Don K. Haycraft__