UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| …………………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE RELATED TO CRIMINAL PROCEEDINGS**

**BACKGROUND**

As the Court is well aware, the federal government has brought criminal charges related to the *Deepwater Horizon* Incident against BP Exploration & Production Inc. ("BPXP"). The government's allegations against BPXP were set forth in an Information filed November 15, 2012 in *United States v. BP Exploration & Production Inc.*, Cr. No. 12-292 (E.D. La.) (Rec. Doc. #1). The government has also charged three individuals employed by BP at the time of the Incident as set forth in a Superseding Indictment filed on November 14, 2012 in *United States v. Kaluza and Vidrine*, Cr. No. 12-265 (E.D. La.) (Rec. Doc. #7), and an Indictment filed the same day in *United States v. Rainey*, Cr. No. 12-291 (E.D. La.) (Rec. Doc. #1). BP has entered into a Guilty Plea Agreement with the United States, pursuant to which it agreed to a factual allocation and the entry of an Order specifying a variety of remedial measures. *See United States v. BP Exploration & Production Inc.* (Rec. Doc. #2). [1] The individual defendants charged by the federal government have each pled not guilty.

---

[1] The Plea Agreement is subject to court approval. A hearing is scheduled for January 29, 2013 before Chief Judge Vance, at which the Court will either accept the plea agreement and impose the agreed sentence or reject the agreement and permit BP to withdraw its guilty plea.

BP acknowledges that the factual allocation in the Guilty Plea Agreement may be admissible as evidence in this case, to the extent the contents are relevant and not precluded from evidence on some other ground.  BP has filed this motion to bar any attempt to introduce into evidence the Information filed against BPXP, the Indictments filed against Kaluza, Vidrine, and Rainey, or any other potential "evidence" from these and any other related criminal proceedings.[2]  As set forth below, the introduction of such evidence would violate well-established rules prohibiting the admission of hearsay allegations, as opposed to documents admitting that such conduct actually occurred.

## ARGUMENT

**I.    The Information Filed Against BPXP Is Inadmissible.**

The Information filed against BPXP cannot be admitted into evidence.  A defendant's indictment or information is inadmissible hearsay in civil litigation – even where the civil litigation is related to the conduct for which the defendant was charged.  *See N.L.R.B. v. Jacob E. Decker & Sons*, 569 F.2d 357, 364 (5th Cir. 1978) ("At the hearing, Decker attempted to introduce evidence of the indictment against Dominguez, but the ALJ properly refused to admit this proffer.  Only convictions are admissible to impeach a witness."); *Ruffalo's Truck Serv. v. Nat'l Ben-Franklin Ins. Co.*, 243 F.2d 949, 953 (2d Cir. 1957) ("The indictment, since it was only hearsay, was clearly inadmissible for any purpose.").

Few evidentiary rules are as well-established or clear cut.  As the Fifth Circuit has stated, "It is hornbook law that indictments cannot be considered as evidence . . . ."  *United States v. Cox*, 536 F.2d 65, 72 (5th Cir. 1976).  Such documents are mere allegations, the hearsay assertion of the government as to matters it may seek to prove.  WIGMORE ON EVIDENCE § 980(a)

---

[2] This includes the indictment of May 2, 2012 Indictment of Kurt Mix.  *United States. v. Mix*, Cr. No. 12-171 (E.D. La.) (Rec. Doc. 7).

(4th ed. rev. 2009) ("[A] mere arrest or indictment will not be allowed to be inquired after; since the fact of arrest or indictment is quite consistent with innocence, and since the reception of such evidence is merely the reception of somebody's hearsay assertion as to the witness' guilt. To admit this would involve a violation both of the hearsay rule and of the rule forbidding extrinsic testimony of misconduct."). *See also* 23 FRANCIS C. AMENDOLA ET AL., C.J.S. CRIMINAL LAW § 1392 (2012) ("[A]n indictment cannot be offered into evidence to prove the facts stated therein . . . . The work of a grand jury, when finished by the return of an indictment, cannot be used as evidence against the person indicted").

## II.     The Indictments Filed Against the BP Employees Are Similarly Inadmissible.

The same rule applies to the Indictments filed against Kaluza, Vidrine, and Rainey. Courts do not allow indictments issued against employees to be used to establish liability on the part of the corporation in civil litigation. In *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV 3288 DLC, 2005 WL 375315, at *8-9 (S.D.N.Y. Feb. 17, 2005), for example, the court held that criminal indictments issued against WorldCom executives were inadmissible in a civil class action proceeding against WorldCom, Inc. The *Worldcom* court rejected multiple arguments to the contrary, including that the indictments could be admitted to show state of mind under FED. R. EVID. 803(3), as evidence of a fact underlying a criminal judgment under FED. R. EVID. 803(22), for the sake of completeness under FED. R. EVID. 106, or under the residual exception of FED. R. EVID. 807. *Id.* The court properly held that just as "[t]he Government cannot rely on an indictment to prove its case at trial," civil litigants "cannot rely on the Government's indictment to prove theirs." *Id.* at *9.

As another court noted, it would "offend reason" to admit an indictment into evidence in a civil case against the same party – and even more so in instances where the indictment was not

even issued against the defendant, but against a third party. *McGhee v. Joutras*, No. 94 C 7052, 1996 WL 706919, at *7 (N.D. Ill. Dec. 5, 1996) (refusing to admit a third-party indictment under FED. R. EVID. 404(b)). *See also In re Air Crash Disaster*, Nos. 817, 89 C 8082, 1991 WL 279284, at *3 (N.D. Ill. Dec. 26, 1991) (granting McDonnell Douglas Corp.'s motion in limine to exclude evidence of corporate officers' prior criminal indictments in a civil action against the company notwithstanding the argument that the indictments were admissible under FED. R. EVID. 608(b) "as specific instances of misconduct that may be used to attack the credibility of any of the officers should they testify at trial"); *Ruffalo's Truck. Serv.*, 243 F.2d at 953 (excluding indictment of plaintiff's employee that defendant sought to have admitted into evidence).

### III. Evidence Related to Criminal Proceedings Should Be Limited to Guilty Pleas, Allocutions, and Verdicts.

Indictments, informations, and any other documents generated, or statements made, by prosecutors in a criminal proceeding are inadmissible hearsay under Rules 801 and 802. They are mere assertions – allegations that certain conduct may have occurred. They establish nothing. This is in contrast to guilty pleas or allocutions, which constitute admissions made in the context of a variety of procedural safeguards that confirm the reliability of such statements. The Court should, accordingly, instruct the parties to observe this bright-line rule and avoid any potential attempts to infect the record in this civil case with unproven allegations or other irrelevant material from the criminal proceedings.

### CONCLUSION

BP respectfully requests that the Court issue an Order excluding from evidence all matters arising from the criminal proceedings referred to above with the exception of the factual allocution in BPXP's Guilty Plea Agreement and the allocution and order associated therewith.

4

Dated:  January 18, 2013

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of January, 2013.

/s/  Don K. Haycraft__