IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards, LLC
556 Jefferson St., Suite 500
Lafayette, LA 70501
E-Mail: jmr@wrightroy.com
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: Sherman@hhklawfirm.com
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

January 16, 2013

*Via* **E-Mail**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re:  Halliburton's New Objections to Phase One Trial Exhibits

Dear Judge Shushan:

The PSC strongly takes issue with Halliburton's recent and untimely objections to the Phase One Trial Exhibits.

On January 14, 2013, all parties filed their objections to each other's respective Phase Two Trial Exhibits pursuant to the deadlines ordered by the Court. Halliburton took this opportunity to combine its Phase Two objections with *new* objections to Phase One Trial Exhibits in its pleading and attached list. The Court had set rigid deadlines for the parties to object to Phase One Trial Exhibits, which deadlines have long since passed.

In the fall of 2011, the court was asked to resolve two distinct trial exhibit issues prior to the Phase One Trial then scheduled to commence February 27, 2012. The first issue related to exhibits being used during the Phase One depositions and eventually made a part of the "bundles" being offered to the court. The issue had been raised by parties not wishing to waive their potential objections to those deposition exhibits by failing to object specifically during the deposition or in failing to raise objections when the bundles were created and submitted to the court. The Court very clearly resolved this issue during the October 7, 2011 Working Group Conference, stating:

January 16, 2013
Page -2-

> When a party files its objections to the final exhibit lists on December 30, 2011, it should note whether the document is or will be subject to a motion *in limine* filed on or before January 23, 2012. If the objection is not noted by December 30, 2011, *it is waived*.

Order dated October 12, 2011 re: WGC of 10/7/2011 [Rec. Doc. 4280], at p. 7 (emphasis added). The Court, thus, made clear that those deposition exhibit objections were waived if not made prior to that time.

The second exhibit issue related to exhibits placed on the final exhibit lists filed by all parties during the first week of January 2012. These exhibit lists incorporated not only deposition exhibits, but also any other exhibits that the parties might seek to enter into evidence for the Phase One Trial. The Court again set specific deadlines for objections to these final exhibit lists during the January 19, 2012 Working Group Conference:

> The deadline for all parties (except for Anadarko and MOEX) for objections to final exhibit lists is Friday, January 20. Because of some confusion, the deadline for Anadarko and MOEX is Monday, January 23.

Order dated January 23, 2012 re: WGC of 1/19/2012 [Rec. Doc. 5327], at p. 3, ¶ 6. At the January 19, 2012 Working Group Conference, the court also reminded the parties of Judge Barbier's recent order regarding the admissibility of email and email strings. *Id.*

Judge Barbier's January 11, 2012 order ruling on motions *in limine* regarding the admissibility of certain trial exhibits required the parties to meet-and confer on the issue. If no agreement was reached, the parties were to submit briefs to Your Honor on the subject by Monday, January 30, 2012. Order and Reasons [Rec. Doc. 5143], at p. 12. This deadline was only extended by two days. *See* Order dated January 30, 2012 re: WGC of 1/27/2012 [Rec. Doc. 5476], at p. (deadline extended to February 1, 2012).

Now, nearly a year after these deadlines, Halliburton filed 260 <u>new</u> objections to exhibits that were previously listed on the PSC and other parties' Phase One Trial Exhibit Lists. The parties prepared their Phase One cases and trial plans based on the use of certain exhibits they wished to admit into evidence. Obviously an exhibit that was not objected to by a party such as Halliburton creates reasonable expectations on the use of these exhibits during trial preparation and planning. Indeed, the sole purpose of having deadlines for objections to exhibits was to give the parties the opportunity to know whether certain exhibits would come into evidence without objection. That understanding dictated to a large degree the trial planning of the parties. Now, for the first time, Halliburton raises objections to exhibits for a multitude of reasons not previously disclosed. Not only were the new reasons not disclosed, these exhibits were never objected to by Halliburton for any reason prior to January 14, 2013.

January 16, 2013
Page -3-

      The court made it clear that there were deadlines. Halliburton disregarded those deadlines. The PSC (and other parties) would be prejudiced if at this late date exhibits that were coming into evidence without objection are now facing unknown legal obstacles. For these reasons, the PSC respectfully asks the court to strike the new and untimely Halliburton objections to Phase One Trial Exhibits, as reflected in its filing of January 14, 2013, and that any objections to exhibits not made timely pursuant to the earlier court orders be deemed waived.

      As always, Plaintiffs appreciated the Court's time and consideration in this matter.

      Respectfully submitted,

      JAMES PARKERSON ROY
      STEPHEN J. HERMAN
      *Co-Liaison Counsel*

cc:  Don Godwin, Esq.
     All Liaison and Coordinating Counsel
     Paul M. Sterbcow, Esq.