

**DALLAS**  HOUSTON  PLANO
Plano office by Appointment Only

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

**www.GodwinLewis.com**

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:     214.939.4412
DIRECT FAX:      214.939.4803
Don.Godwin@GodwinLewis.com

January 21, 2013

**VIA EMAIL**

Magistrate Judge Sally Shushan
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, LA  70130

      Re:    MDL No. 2179 – HESI's Response to the PSC's January 16, 2013 Motion to Strike Objections to Phase One exhibits.

Dear Judge Shushan:

On January 14, 2013, HESI filed its first amended objections to Phase One exhibits to include 192 objections to email strings (6 of which were identified after January 20, 2012); 17 objections to non-email exhibits identified after January 20, 2012 (but not including the parties' January 11, 2013 exhibit lists); and 51 miscellaneous objections inadvertently excluded from HESI's original January 20, 2012 objections. *See* Rec. Doc. 8242.  The PSC requests that the Court strike all of these objections and deem them waived.  For the reasons set forth below, the Court should deny the PSC's motion.

**I.**    **The January 20, 2012 Deadline Did Not Apply To Email Strings.**

The original January 20, 2012 deadline to file objections to trial exhibits did not apply to the thousands of email strings on the parties' exhibit lists.  The objection process regarding email strings was the subject of separate briefing that occurred <u>after</u> the January 20, 2012 deadline.  *See* Rec. Doc. 5232 (Disc. Conf. Tr., Jan. 13, 2012) at 69-70.  On February 10, 2012, the Court issued an order regarding exemplar email string exhibits and the parties were instructed to extrapolate that ruling to all other email strings.  Sixteen days later, the case was continued for a week and subsequently continued until February 2013.  On March 9, 2012, during the first Working Group Conference ("WGC") subsequent to the trial continuance, the Court "temporarily" suspended Phase One deadlines, noting that the Court and the parties would turn their focus to Phase Two.  *See* Disc. Conf. Tr. 10-11, March 9, 2012 (no docket number available).  There were no further discussions regarding Phase One exhibits until the December 18, 2012 WGC, when the PSC noted that the parties should consider meeting and conferring on Phase One admissibility stipulations.  *See* Rec. Doc. 8121 at 41.

## II.     The Court's 2012 Orders on Email Strings Require Good Faith Extrapolation

On January 11, 2012, the Court issued the first of three orders relating to the admissibility of email strings.  *See* Rec. Doc. 5143.  This order rejected the PSC's request for a ruling that all emails should be admitted, either as non-hearsay admissions or under the business records exception to the hearsay rule.  In its Order, the Court identified applicable legal standards for determining whether a hearsay exception applies, and noted that the Court "does not intend to analyze the multitude of emails for the parties." *Id.* at 12.  The Court ordered the parties to confer in good faith to stipulate "regarding the admissibility of emails and email strings" and further ordered that if objections were not resolved, the parties were to file briefs regarding individual email strings by January 30, 2012 (this date was extended to February 1, 2012). *Id*. at 13.

The discussions at the next WGC indicate that the parties and the Court understood that the January 11, 2012 Order applied to <u>all</u> emails and was intended to establish a completely separate track for objections to emails.  On behalf of BP, Mr. Nomellini requested clarity on "the date the objections are going to be due." Rec. Doc. 5232 at 69-70.  The Court responded:

> I want to give the parties an opportunity to meet [and] confer with regard
> to this issue, which is a tough issue; and, rather than impose the 20th on
> you, give you further time to look at the issue and see if we can work
> through it.

*Id*. at 70.  The concern about the large universe of emails the parties had to meet and confer on led to a discussion at the January 27, 2012 WGC regarding the parties' plan to submit sample or "exemplar" objections to emails for the Court to consider.  *See* Rec. Doc. 5558 at 49-50.  The ruling on these samples was to give the parties guidance to "look at all the email strings and act accordingly." *Id.* at 50.  For the PSC, Mr. Breit informed the Court that the parties had "picked exemplars from all the exhibits [not just the PSC 300], 7,000, as it relates to these emails." *Id*. at 49.  Mr. Nomellini summed up the understanding of the parties:

> I think the goal was to get a good set of exemplars to give the Judge so
> we could get some guidance in terms of how the rules play out when it
> comes down to actual documents so that we can extrapolate to the others.

*Id*. at 52.  This understanding was reiterated at the February 3, 2012 WGC, when the Court stated:

> So, basically, as you see it, you're waiting for a ruling on the email
> strings, and then you all anticipate, meaning you, BP, anticipate a further
> round of meet and confer to see if you can't take guidance from that
> ruling and moot out the issue of business records.

Disc. Conf. Tr. at 21, Feb. 3, 2012 (no docket number available).

It is clear from the January 11, 2012 Order and subsequent WGCs that the parties would engage in an ongoing process to try to reach stipulations about the admissibility of email strings.  It is also clear from HESI's January and February 2012 briefs regarding its objections to email strings that HESI undertook a good faith effort to comply with the Court's orders and treat emails separately.

Magistrate Judge Sally Shushan
January 21, 2013
Page 3

Because the briefing and meet and confer process regarding email strings was still ongoing, HESI titled its January 20, 2012 filing "<u>HESI Objections to Non-Email Exhibits Designated by Other Parties</u>" and provided notice to all parties that:

> HESI's spreadsheet does not include its objections to emails and email strings. Instead, as the Court directed, HESI will confer with the other parties regarding the admissibility of emails identified in the PSC's list of top 300 exhibits. If the parties cannot reach an agreement by January 30, 2012, HESI will provide a brief that identifies the objectionable exhibits and the basis for HESI's objection to the same.

*See* Rec. Doc. 5320 (citations omitted). HESI's briefing regarding email strings reserved the right to file further objections to email strings. *See* Rec. Docs. 5561 n. 2 and 5604 n. 2. This was a reasonable course of action in light of all parties' expectation that the rulings on "exemplars" would be followed by a cooperative, ongoing effort to extrapolate the rulings to the thousands of email strings on all parties' exhibit lists. HESI extrapolated the Court's orders on emails strings, and out of approximately 5,400 email strings identified on other parties' Phase One exhibit lists, HESI objects to only 192.[1]

### III. There Was No Deadline To Complete The Extrapolation Process To All Email Exhibits, and The Process Was Suspended in March 2012

On February 8, 2012, the Court issued its second Order regarding email strings. *See* Rec. Doc. 5615. Applying the principles from the January 11, 2012 Order, the February 8, 2012 Order sustained some evidentiary objections and overruled others. On February 10, 2012, the Court issued its third Order regarding email strings. *See* Rec. Doc. 5643. In the February 10, 2012 Order, Judge Barbier adopted the February 8, 2012 Order and the parties were to continue the meet and confer and extrapolation processes that had previously been ordered.

At the February 10, 2012 WGC, the Court expressed concern about running out of time for meet and confer sessions, and then asked the PSC to represent that it would "seriously take guidance" from the rulings on email strings and "not attempt to introduce into evidence those things that are clearly not admissible under the ruling." Rec. Doc. 5799 at 16. Sixteen days later, the case was continued for a week and subsequently continued until February 2013.

On March 9, 2012, during the first post-continuance WGC, the Court "temporarily" suspended Phase One deadlines, noting that the Court and the parties would turn their focus to Phase Two.[2] *See* Disc. Conf. Tr. 10-11, March 9, 2012 (no docket citation available). HESI and the PSC have had no subsequent meet and confers regarding objections to non-exemplar email strings, and there were no further WGC discussions regarding the admissibility of Phase One exhibits until December 18, 2012,

---

[1] Six of these objections apply to exhibits identified by other parties on amended exhibit lists filed <u>after</u> January 20, 2012. Specifically, TREX 7495, 48120, 48128, 48130, and 48131 were added to BP's exhibit list on February, 16 2012, and TREX 48174 was added to BP's exhibit list on February 24, 2012.

[2] This is consistent with the PSC's argument in response to HESI's Objections to Certain Exhibits Identified On The Plaintiffs' Combined Exhibit List Dated January 11, 2013 that there was no deadline in place for the PSC to add to its exhibit list post-January 20, 2012 deposition exhibits. *See* Rec. Doc. 8299 at 2.

Magistrate Judge Sally Shushan
January 21, 2013
Page 4

when the PSC noted that the parties should consider meeting and conferring on admissibility stipulations. *See* Rec. Doc. 8121 at 41. The PSC subsequently withdrew its request, presumably because it does not intend to participate in further meet and confers over objections to trial exhibits.

In short, the parties' meet and confers regarding email strings stalled when the February 2012 trial was continued. Until the PSC raised the issue regarding stipulations to Phase One trial exhibits on December 18, 2012, no party had revisited the temporarily stayed issues surrounding objections to Phase One trial exhibits. Since that time, HESI has endeavored in good faith to extrapolate the Court's rulings to the thousands of emails identified on other parties' exhibit lists. HESI long ago raised its general objection to the admissibility of emails that constitute hearsay, and has now narrowed its objections from a universe of approximately 5,400 email string exhibits to only 192. HESI has complied in good faith with all of the Court's deadlines and its objections are timely.

Moreover, HESI's amended objections do not prejudice the PSC (or any other party), who has long been on notice of HESI's position that emails are not *vel non* business records or party admissions. *See* Rec. Doc. 4567. The PSC has known since January 2012 that all emails are inadmissible hearsay unless an exception applies. In fact, the continuance of the February 2012 trial setting gave the PSC an additional year to develop arguments regarding which, if any, hearsay exceptions may apply to each email string. Accordingly, the Court should deny the PSC's request to strike HESI's amended and extrapolated objections to email exhibits.

### IV. The PSC is Not Prejudiced by HESI's Remaining Amended Objections, Which Relate to Exhibits Identified After January 20, 2012, And A Limited Number Of Exhibits Inadvertently Omitted From HESI's Prior Objections.

After January 20, 2012, the parties continued to amend and supplement their exhibit lists. *See* Rec. Doc. 5729 (TO Exhibit List, Feb. 16, 2012); Rec. Doc. 5730 (BP Exhibit List, Feb. 16, 2012); Rec. Doc. 5790 (Cameron Exhibit List, Feb. 21, 2012); Rec. Doc. 5645 (Weatherford Exhibit List, Feb. 10, 2012), and Rec. Doc. 5731 (HESI Exhibit List, Feb. 16, 2012). Over 650 new exhibits were added to exhibit lists after January 20, 2012 (not including the exhibit lists filed on January 11, 2013). There is no order and there have been no WGC discussions regarding deadlines for objections to newly identified exhibits. After a good faith extrapolation of the Court's prior orders, HESI limited its objections to the other parties' newly identified exhibits to only 23. Obviously, HESI could not have objected to exhibits prior to their identification on an exhibit list. Accordingly, HESI's objections are timely.

HESI's remaining amended objections apply to 51 non-email exhibits that were inadvertently excluded from HESI's January 20, 2012 objections. Exhibit A identifies these exhibits. Fourteen are not even on the PSC's exhibit list. *See* Exhibit A at column 5. Accordingly, the PSC cannot claim any prejudice to HESI's objections to these 14 exhibits. Twenty-eight of these exhibits have been objected to by other parties. *See id.* at column 4. Thus, the PSC has actual notice that these 28 exhibits will not come into evidence automatically, and is in no way prejudiced by HESI's objections. Eleven of the exhibits listed in Exhibit A are directly related to various HESI motions *in limine*. *See id.* at column 6. Accordingly, HESI's briefs in support of or in opposition to the relevant motions *in limine* provided the

PSC with actual notice of HESI's objections to these 11 exhibits and thus the PSC will suffer no prejudice.[3]

With respect to the few remaining exhibits inadvertently excluded from HESI's January 20, 2012 objections, the PSC will suffer no prejudice because it has ample time before trial to develop responses and/or counter arguments.  Should the PSC need additional time to develop responses to these objections or to meet and confer with HESI regarding the same, HESI stands ready, as always, to meet and confer with the PSC.

### Conclusion

Because there was no clear deadline for objecting to email strings, the PSC's request to strike and deem waived HESI's objections to the 192 email strings identified in its amended and extrapolated objections should be denied.  Similarly, because there was no deadline for objections to exhibits included on exhibit lists filed after January 20, 2012, the PSC's request to strike and deem waived HESI's objections to the 23 exhibits falling into this category should be denied.  Finally, because the 51 inadvertently excluded objections are either not on the PSC's exhibit list, or the PSC is already on notice of most of HESI's evidentiary objections to these exhibits, the PSC's request to strike and deem waived HESI's amended and extrapolated objections to these exhibits should be denied.

Respectfully submitted,

*Donald E. Godwin*

Donald E. Godwin

cc
Liaison Counsel (via email)

---

[3] In fact, only four of the exhibits listed in Exhibit A are: (1) on the PSC's exhibit list; (2) not objected to by other parties; and (3) not the subject of a prior HESI motion in limine (TREX 1899, 7458, 20954, and 20957).

2074593 v4-24010/0002 PLEADINGS