IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
556 Jefferson St. Suite 500
Lafayette, LA 70501
E-Mail: jimr@wrightroy.com
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: sherman@hhklawfirm.com
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

January 22, 2013

*via* E-Mail

Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re:  Public Access / Confidentiality re Evidence Submitted at Trial

Dear Judge Shushan,

With the upcoming Phase I Trial, the PSC believes it would be helpful to summarize where we understand everything stands relative to confidentiality matters. Your Honor's January 30, 2012 Order [Doc. 5476] and February 7, 2012 Order [Doc. 5609] address many potential confidentiality-related issues relative to the Phase I trial. It is clear from your orders that all trial evidence, with rare exception, will be disclosed to the public. Although the parties have been continuously addressing confidentiality issues over the last year, this has primarily focused upon Phase II matters. Because it has been nearly a year since the parties have been in "trial mode" relative to Phase I confidentiality issues, the PSC outlines below the prior agreements, orders and rulings relative to same.

**I.     De-Designated Documents, Deposition Exhibits and Deposition Testimony**

Pursuant to Pre-Trial Order No. 13, any documents, exhibits and deposition testimony previously de-designated as confidential can be made public. Pursuant to your Honor's Order, the parties have provided cumulative withdrawn confidentiality designation charts which list documents and deposition exhibits that have been de-designated as confidential. The PSC has worked with inData and the various parties over the last year to have the confidentiality bates stamping removed from exhibits (and other documents) which have been de-designated. Additionally, pursuant to your Honor's Order, the parties have provided cumulative deposition testimony confidentiality status

charts which list all deposition testimony that a particular party still claims to be confidential. Thus, the parties also have readily-accessible charts outlining which deposition testimony remains confidential.

In summary, and as a reminder, the following types of filings should provide the parties with all information regarding which documents and deposition testimony excerpts remain confidential and/or are no longer confidential (regardless of use at trial):

a)   each party's most recent cumulative withdrawn confidentiality designation chart (required to list documents and deposition exhibits that have been de-designated as confidential); and

b)   each party's most recent cumulative deposition testimony confidentiality status chart (required to list all deposition testimony that a party still claims to be confidential).

If a document or deposition exhibit is not on a withdrawn confidentiality designation chart, then it is presumed to be confidential unless it was never marked confidential. If deposition testimony is not listed on a deposition testimony confidentiality status chart, then it is not confidential unless that deposition occurred during the preceding 30 days (which will not be the case for any Phase I depositions). Again, it is important for the parties to recognize that the most recently filed chart for each party is the one which should be used.

**II.   Deposition Bundles**

Deposition bundles have been submitted to the Court for review in advance of trial. The Court's January 30, 2012 Order states, in pertinent part, that "[a]ll deposition designations proffered at the trial will be disclosed to the public, except for testimony directly concerning a document which the Court determines will cause serious competitive harm to a party or competitor." *See* 1/30/12 order at ¶15, p. 7. The PSC will be proffering the deposition bundles (including all related depo bundle exhibits) for all of its Phase I fact witnesses on the first Thursday of trial. The Court's February 7, 2012 order states, in pertinent part, as follows:

> On the first Thursday, the plaintiffs will proffer the depositions of all fact witnesses who will testify in their case-in-chief by deposition. Accordingly, all deposition designations by all parties for those witnesses, including all exhibits for the designations, will be proffered at the close of the day on Thursday, March 1.
> *See* 2/7/12 order at ¶21, p. 7.

The Court previously ordered that each party identify, by February 8, 2012, any deposition bundle testimony which would be subject to the "coke formula" standard, and thus not disclosed to the public. *See* 2/7/12 order at ¶15, p. 5. However, the deadline was extended until Februrary 15, 2012 at the February 3, 2012 Working Group Conference. *See* Transcript of 2/3/12 Working Group Conference at p.37.

The PSC spent a great deal of time meeting and conferring with each of the parties to agree upon the final "trial" deposition bundle confidentiality designations. Moreover, the PSC and the parties provided the final "trial" confidential deposition testimony to Jordan Ray (inData) for redacting the "public" deposition bundles. Thus, the process of redacting the "coke formula" deposition testimony from the deposition bundles is complete. In order to assist and/or re-orient the Court and the parties, the PSC has compiled related correspondence and agreements relative to "trial" confidentiality designations of the various parties.[1] Nonetheless, the PSC believes that inData should still be contacted in advance of the Phase I trial in order to ensure that all "coke formula" redactions are complete and accurate. This process will also be helpful if one of the parties missed an address, social security number or other personal/private information of a deponent which it wants to have redacted. However, the PSC does not want any of the above to serve as an invitation for a party to add to its prior list of "coke formula" deposition testimony, as such deadlines have long since passed, the designations are "in the can" and should not be re-visited for purposes of expanding same.

### III.   Trial Exhibits

The Court's January 30, 2012 order states, in pertinent part, that with respect to the "very few" exhibits which parties may claim to be confidential at this stage in the litigation, "[t]he Court will examine them *in camera* to determine whether they should not be disclosed to the public if they are used during the trial." *See* 1/30/12 Order at ¶15, p. 7. The prior deadline for identification of any such documents was February 8, 2012. *See* 1/30/12 order at ¶15, p. 7, and 2/7/12 order at ¶15, p. 5. The parties have already participated in laborious meet and confers in order to get down to the "coke formula" Phase I exhibits which will be excluded or partially redacted from the public, and the PSC has worked with the parties and Jordan Ray (inData) to redact said information. Thus, the process of redacting the "coke formula" exhibits and/or exhibit portions is complete. In order to assist and/or re-orient the Court and the parties, the PSC has compiled related correspondence and agreements relative to "trial" exhibit confidentiality designations of the various parties.[2]

While there should not be any additional "coke formula" exhibits to identify, there are still some potential outstanding issues with certain Phase I trial exhibits identified by Transocean and (to a lesser extent) Halliburton. These outstanding issues involve further narrowing the list and/or pages of TO and HESI "coke formula" exhibits for use at the Phase I trial. As such, these parties and the PSC will need to meet and confer in advance of the upcoming Phase I trial in order to make certain

---

[1] Attached hereto are the supporting documents relative to each party's "trial" confidentiality designations for deposition bundle testimony. Exhibit A - Anadarko, Exhibit B - BP, Exhibit C - Cameron, Exhibit D - Halliburton, Exhibit E - M-I, LLC, Exhibit F- Transocean.

[2] Attached hereto are the supporting documents relative to each party's "trial" confidentiality designations for exhibits. Exhibit A - Anadarko, Exhibit B - BP, Exhibit C - Cameron, Exhibit D - Halliburton, Exhibit E - M-I, LLC, Exhibit F- Transocean.

that the precise pages of "coke formula" exhibits are agreed upon and redacted.

### IV.     Expert Reports

The expert reports (relative to Phase I) which have been produced by the parties to date are a "mixed-bag" relative to confidential treatment.  Some of these expert reports were not designated as confidential in the first place, some were originally designated as confidential but were subsequently de-designated, and some expert reports remain confidential.

While some expert reports have been "de-designated" as (no longer) confidential, the PSC does not believe, whether using the PTO #13 standard or the "court filing" standard, that any expert reports should remain "confidential".  The PSC hereby requests that any confidentiality for expert reports be removed/overruled by the Court.  If the Court does not agree, then the PSC would like any parties continuing to maintain confidentiality over an expert report to identify, by February 1, 2013, any portion of that report which they believe falls under the "coke formula" exception, and wish to have kept from public disclosure when submitted at the Phase I trial.  The expert reports are being submitted as direct examination and/or are supposed to include all of an expert's opinions being offered at trial.  As such, the information from an expert report, which a party seeks to have sealed from the public, should be identified and decided upon in advance of trial.  This will eliminate any "in-trial" discussions or problems relative to confidentiality of expert testimony.

The PSC brings these matters to the attention of your Honor and the parties because we realize it has been a while for everyone involved, and it would be best to re-orient ourselves in advance of the Phase I Trial.  If any party has any questions regarding any of the confidentiality-related rulings or procedures, we would like to address same at the upcoming Working Group Conference on Friday, January 25, 2013.  Thank you.

                                           Respectfully submitted,

                                           STEPHEN J. HERMAN
                                           JAMES PARKERSON ROY
                                           *Plaintiffs' Co-Liaison Counsel*

Enclosures

cc: ALL LIAISON AND COORDINATING COUNSEL
    Anthony Irpino, Esq.