UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 |
| | | SECTION "J" |
| This document relates to: *12-970* | * * | JUDGE BARBIER |
| | * * | MAG. JUDGE SHUSHAN |

## ORDER

**[Regarding the Motion for Extension of Time to Submit Seafood Claims to the Seafood Compensation Form (Rec. Doc. 8298)]**

On May 2, 2012, the Court preliminarily approved the Economic and Property Damages Settlement ("Settlement"). (Rec. Doc. 6418). Following a notice/opt-out/objection period and final fairness hearing, the Court, on December 21, 2012, gave final approval to the Settlement. (Rec. Docs. 8138 and 8139). Under the terms of the Settlement, the deadline for submitting most claims is the latter of April 22, 2014 or six months after the "Effective Date." (Settlement §§ 4.4.4, 5.11.8, Rec. Doc. 6430-1). The deadline for submitting claims under the Seafood Compensation Program, however, is "30 days after the date of entry of the Final Order and Judgment by the Court." (Settlement § 5.11.9 & Ex. 10 p.2.) Thus, the deadline for submitting a claim to the Seafood Compensation Program was January 22, 2013.

On January 21, 2013, certain plaintiffs represented by the law firm Brent Coon & Associates ("BCA Plaintiffs") filed a motion requesting that the Court extend the deadline for submitting claims

to the Seafood Compensation Program from January 22, 2013 to April 22, 2014. (Rec. Doc. 8298).[1] The BCA Plaintiffs argue that many seafood claimants have little education and/or are not native English speakers, while the "seafood claim form is an onerous and lengthy 25-page document." (*Id.* at 5). Thus, the BCA Plaintiffs contend that the Seafood Compensation Program's abbreviated deadline is unfair and should be extended to equal that of the other claims deadlines.

The Court is not persuaded.

For months it has been well publicized that seafood claims would be due within thirty days of the Court granting final approval and that this deadline is different from the deadline for other claims. The Court first mentioned this deadline in its Preliminary Approval Order of May 2, 2012. (Rec. Doc. 6418 at 6 n.11). By July 15, 2012, the Court-appointed Notice Administrator had substantially completed a comprehensive notice plan that satisfied the notice requirements of Due Process, Rule 23, and the Class Action Fairness Act. (Rec. Doc. 8138 at 71-74).[2] The notice plan included, among other things, individual mailed notices (Azari Decl., Attach. 3 pp. 11, 14, Rec. Doc. 7110-1), individual e-mail notices (*id.*, Attach. 5 p.2), and inserts in various periodicals and publications (*id.*, Attach. 7 pp. 1, 2, Attach. 14 pp. 1, 4, Attach. 16 p.1), all of which specifically stated the seafood claim deadline.[3] The seafood claim deadline is also stated on the Settlement Program's website, www.deepwaterhorizonsettlements.com, under the tab "Key Dates," among

---

[1] The motion was initially marked deficient by the Clerk of Court's Office. The Court has decided to accept the motion as filed, however.

[2] The details of the notice plan are further described in the Declaration of Cameron Azari. (Rec. Doc. 7110-1).

[3] For example, page 11 of the individual mailed notice states, "The Seafood Compensation claim deadline is earlier than the claim deadline for all other claims in the E&PD Settlement. The deadline to submit a Seafood Compensation Claim Form is 30 days after entry and judgment of the Court's final approval of the E&PD Settlement. The exact date of the claim deadline will be posted to the website." Similar language also appears on page 14 of individual mailed notice.

other places. Notably, the individual detailed notices, the website, and the inserts in certain publications are translated into Spanish and Vietnamese. (*id.* ¶¶ 46, 60-61). The Court's final approval order of December 21, 2012 again mentioned the seafood claim deadline. (Rec. Doc. 8138 at 19). Moreover, the fact that the BCA Plaintiffs discussed this deadline in their August 31, 2012 objection to the Settlement reflects that they had <u>actual</u> notice that seafood claims would be due thirty days after the Court granted final approval. (Objection pp. 21-22, Rec. Doc. 7224, *refiled in* C.A. No. 10-7777 *as* Rec. Doc. 122; *see also* Final Approval Order, Rec. Doc. 8138 at 105 (rejecting BCA Plaintiff's objection that seafood claimants should not be required to submit claims before the statute of limitations expires)).

Furthermore, the procedure and deadline for opting out of the Settlement (originally October 1, 2012, later extended to November 1, 2012) was similarly well-publicized. Any class member who did not properly and timely request to be excluded from the Settlement would be bound by the terms of the Settlement, including the deadline for submitting seafood claims. The BCA Plaintiffs' August 31, 2012 objection also reflects that the BCA Plaintiffs had actual notice of the opt-out deadline and procedure at least two months in advance of the opt-out deadline. (Objection pp.15-21).

While the Settlement needed to be sufficiently detailed so as to ensure that determinations would be objective, consistent, and predictable; resources also were available to help claimants with the claims submission process. The Settlement Program website contains, in multiple languages, claims guides, claims forms, and Frequently Asked Questions.[4] A multilingual toll-free hotline is also available. (Rec. Doc. 8138 at 9, 110-11; *see also* Settlement § 4.3.7).

---

[4] The deadline for submitting seafood claims is stated in the first paragraph to the Instructions for Completing the Seafood Compensation Program Claim Form and in the first paragraph of the Seafood Compensation Program Claim Form. Question 6 to the "Frequently Asked Questions" addresses the seafood claim deadline.

Thus, the BCA Plaintiffs had adequate, if not actual, notice that seafood claims would be due 30 days after the Court granted final approval of the Settlement. Given that the final fairness hearing was scheduled for November 8, 2012—a fact that was also well-publicized—the BCA Plaintiffs and their counsel should have been able to estimate that final approval, if given, would issue sometime shortly after November 8, 2012. The Settlement itself outlined what documentation was required, and there were resources available to help claimants—including Spanish and Vietnamese-speaking claimants—understand these requirements. If the BCA's Plaintiffs still found the seafood claim deadline too burdensome, then they should have submitted a valid opt-out request by the November 1, 2012 deadline, of which they were also aware.

It should also be noted that no claimant needed to wait until the Court granted final approval before submitting a seafood claim. The Settlement provides that "Seafood Compensation Program Sworn Claim Forms may be submitted at any time **after entry of the Preliminary Approval Order** [May 2, 2012], but no later than thirty (30) days from the date of entry of the Final Order and Judgment of the District Court ruling upon final approval of the Settlement."[5] (Settlement Ex. 10 p.2) (emphasis added). The Settlement Program opened and began accepting claims on June 4, 2012. (Status Report p.1, Rec. Doc. 7282). Thus, the BCA Plaintiffs had nearly eight months to submit their seafood claims.

Finally, there is a logical reason why the seafood claim deadline is earlier than the other claims deadlines. The Court-appointed neutral who designed the Seafood Compensation Program intended to have these claims paid sooner rather than later, and the final distribution of the $2.3

---

[5] Indeed, the Claims Administrator reported that 5,802 seafood claims had been submitted by September 4, 2012. (Status Report, Rec. Doc. 7282-2). By December 11, 2012, a few weeks before the Court granted final approval, a total of 9,671 seafood claims had been submitted. (Status Report, Rec. Doc. 8061-1).

4

billion fund could not occur until the scope of the initial distribution was known. (Perry Decl. at 4, Rec. Doc. 7110-5; Balhoff Decl. at 4, Rec. Doc. 7110-2). Significantly, the BCA Plaintiff's August 31, 2012 objection echoed the desire for prompt payment when it complained that claims, including seafood claims, were not being processed quickly enough. (Objection p.9, Rec. Doc. 7224, *refiled in* C.A. No. 10-7777 *as* Rec. Doc. 122). Of course, this is in direct contrast to the BCA Plaintiffs' current motion, which asks "[W]hy is there such a hurry?" (Rec. Doc. 8298-1 at 7).

For these reasons,

**IT IS ORDERED** that the BCA Plaintiff's Motion for Extension of Time to Submit Seafood Claims to the Seafood Compensation Fund (Rec. Doc. 8298) is **DENIED.**

Signed in New Orleans, Louisiana, this 24th day of January, 2013.

_____
United States District Judge