

SUTHERLAND ASBILL & BRENNAN LLP
First City Tower
1001 Fannin, Suite 3700
Houston, TX 77002-6760
713.470.6100  Fax 713.654.1301
www.sutherland.com

**CARTER L. WILLIAMS**
DIRECT LINE: 713.470.6126
E-mail: carter.williams@sutherland.com

January 22, 2013

VIA EMAIL
The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA  70130

      Re:    *In re:*  Deepwater Horizon, MDL No. 2179 – Transocean's Reply to BP's Objections to Transocean's Third Supplemental and Amended Exhibit List

Dear Judge Shushan:

      In its January 18, 2013 letter to this Court, BP complains that eight of Transocean's trial exhibits – two summary charts and six exhibits comprised of documents supporting these and other summary charts – "improperly combine multiple documents." This argument must fail for two reasons. First, Transocean is aware of no Federal Rule, case law, or Order of this Court that precludes a party from including more than one document in a single trial exhibit. This is a common practice in this and in other cases, where routine business records documenting a process over a period of time (such as maintenance records, medical records, employment records, banking records, etc.) are organized chronologically by topic. BP itself has designated many exhibits that are combinations of multiple related documents. The documents on Transocean's list are routine business records grouped by topic and type. This practice, which has been followed by all parties in this case, facilitates order and speed of presentation; the contrary practice would require the creation of thousands of additional, separately enumerated documents and would serve no purpose. Moreover, in these particular cases, the exhibits are merely the back-up for proper summary charts which are separate new exhibits.

      Second, BP's challenge to two of the summary charts on Transocean's list is especially perverse and contradicts settled evidentiary law. BP objects not only to exhibits organizing routine business records, BP objects to proper *summaries* of those records. Under BP's logic, the parties and the Court are bound to consider every business record one by one. This is not the law. As the Court is aware, summary exhibits are admissible under Federal Rule of Evidence 1006 for the express purpose of simplifying the presentation of voluminous materials. The Fifth Circuit has made clear that the summary charts are admissible even if the underlying documents are *not* offered in evidence, so long as those documents are available. The summary exhibits comply with the rule and are therefore admissible; BP has advanced no argument to the contrary, except its view that exhibits comprised of or based on more than one record are inadmissible.

For the convenience of the parties and the Court, Transocean has not only made the underlying records "available"; for ease of reference Transocean has also marked the underlying business records as exhibits. The *summary* charts are properly admissible whether the underlying records are admitted as exhibits or not. The business records are admissible in their own right as well; and Transocean submits that it is a convenience to all parties to offer and organize these records as to show a clear relationship to the summary charts. But, as an evidentiary matter, the issue is of no consequence. Once the summary charts are admitted, whether the underlying records are admitted is of no evidentiary significance.

### 1. BP And Other Parties Have Designated Multiple Combination Exhibits

BP has pointed to no rule, law or court order prohibiting a party from including more than one document in a single trial exhibit. Moreover, BP itself has listed many exhibits on its Phase I trial exhibit list that are in fact combinations of multiple documents, including the following:

- TREX-02747, described as "Components/Amounts Tables/Reports," combines multiple laboratory reports of various types into one trial exhibit bearing the following non-consecutive Bates ranges:

    o BP-HZN-2179MDL00322255;
    o BP-HZN-2179MDL00322287;
    o BP-HZN-2179MDL00322954 - BP-HZN-2179MDL00322981;
    o BP-HZN-2179MDL00323053 - BP-HZN-2179MDL00323075;
    o BP-HZN-2179MDL00322323;
    o BP-HZN-2179MDL00322388 - BP-HZN-2179MDL00322388(1);
    o BP-HZN-2179MDL00322433.

- TREX-042139, described as "Daily Drilling Reports," combines multiple daily drilling reports into one trial exhibit bearing the following non-consecutive Bates ranges:

    o BP-HZN-MBI00136849 - BP-HZN-MBI00136852;
    o BP-HZN-2179MDL00003541 - BP-HZN-2179MDL00003545;
    o BP-HZN-2179MDL00005433 - BP-HZN-2179MDL00005438;
    o BP-HZN-2179MDL03426590 - BP-HZN-2179MDL03426594;
    o BP-HZN-2179MDL00004012 - BP-HZN-2179MDL00004018.

- TREX-045393, described as "BP Sustainability Reports, 1999-2007; BP Sustainability Reviews, 2008-2010," combines 11 years' worth of BP sustainability reports into one trial exhibit bearing the following non-consecutive Bates ranges:

    o BP-HZN-2179MDL04953907 - BP-HZN-2179MDL04953918;
    o BP-HZN-2179MDL04959001 - BP-HZN-2179MDL04959028;
    o BP-HZN-2179MDL04963121 - BP-HZN-2179MDL04963148;
    o BP-HZN-2179MDL04953590 - BP-HZN-2179MDL04953624;

- o   BP-HZN-2179MDL04967518 - BP-HZN-2179MDL04967568.

- TREX-046129, described as "30 C.F.R. Section 250 (1973, 1979, 1988, 1998, 2003, 2009)," combines federal regulations spanning 36 years into one trial exhibit bearing the following non-consecutive Bates ranges:

    - o   BP-HZN-2179MDL04951811 - BP-HZN-2179MDL04951827;
    - o   BP-HZN-2179MDL04950366 - BP-HZN-2179MDL04950394;
    - o   BP-HZN-2179MDL04951175 - BP-HZN-2179MDL04951485;
    - o   BP-HZN-2179MDL04950460 - BP-HZN-2179MDL04950854;
    - o   BP-HZN-2179MDL04949903 - BP-HZN-2179MDL04950365.

- TREX-060443, described as "Document: Production Casing Proposals versions 1 – 6," combines six versions of production casing proposals, including documents produced by both HESI and BP into one trial exhibit bearing the following non-consecutive Bates ranges:

    - o   HAL_0006895 - HAL_0006906;
    - o   HAL_009306 - HAL_009316;
    - o   HAL_0542442 - HAL_0542452;
    - o   BP-HZN-2179MDL00031461 - BP-HZN-2179MDL00031472;
    - o   BP-HZN-CEC011444 - BP-HZN-CEC011455;
    - o   BP-HZN-2179MDL00006918 - BP-HZN-2179MDL00006929.

- TREX-004776, described as "Daily Geological Reports Macondo Exploration Well (April 01, 2010 - April 15, 2010)" combines multiple days of BP reports into one trial exhibit bearing the following non-consecutive Bates ranges:

    - o   BP-HZN-2179MDL00059483-BP-HZN-2179MDL00059484;
    - o   BP-HZN-2179MDL00059370-BP-HZN-2179MDL00059371;
    - o   BP-HZN-2179MDL00058504-BP-HZN-2179MDL00058506;
    - o   BP-HZN-2179MDL00058634-BP-HZN-2179MDL00058636;
    - o   BP-HZN-2179MDL00058326-BP-HZN-2179MDL00058328.

- TREX-042140, described merely as "Miscellaneous Documents," combines more than 500 pages of documents produced HESI into one trial exhibit bearing the Bates range HAL_1246083 - HAL_1246608.

BP challenges six Transocean exhibits, which are similar compilations of like reports and records, including (i) Cameron Certificates of Compliance (TREX-52638); (ii) 2009 IADC Daily Drilling Reports (TREX-52657); (iii) Personnel Files and Licenses/Certifications of DWH Crew Members (TREX-52659); (iv) Cameron Certificates, Inspections and Rig Visits for BOP Maintenance, 2005-2010 (TREX-52663); (v) *Deepwater Horizon* Survey Documents (TREX-52667), and (vi) *Deepwater Horizon* Certifications as of April 20, 2010 (TREX-52669).

BP has not articulated any reason why these sets of similar records and reports are any less acceptable than its own compilation exhibits. The parties negotiated the 35 exhibit language in PTO 54, with no one suggesting that these 35 exhibits were subject to some special rule or limitation not applicable to other trial exhibits. Nothing in PTO 54 precludes the sort of compilations used in this case and every other case or otherwise distinguishes these exhibits from those already on the exhibit list. Transocean's exhibits compiling similar and related routine business records are proper, convenient, efficient, and no less appropriate than BP's own compilation exhibits.

### 2. Summary Charts Are Admissible Regardless Of Whether The Underlying Documents Are Offered In Evidence

The remaining two documents that BP has challenged—(i) TREX-52666 (Summary: *Deepwater Horizon* Audits / Inspections / Surveys / Certifications (2005-2010)) and (ii) TREX-52668 (Summary: Certifications for *Deepwater Horizon* as of April 20, 2010)—are proper summary exhibits, regardless of whether or not the material they summarize is on Transocean's exhibit list.

BP's position that the summaries are inadmissible unless the summarized material is on Transocean's exhibit list is contrary to the plain language of the Federal Rules of Evidence and express Fifth Circuit authority. Federal Rule of Evidence 1006 expressly authorizes the use of summary evidence and makes clear that the summarized material need not be admitted into evidence; to the contrary, the rule requires only that the records being summarized must be "*available* for examination or copying." FED. R. EVID. 1006 (emphasis added).

The Fifth Circuit has confirmed that the summarized materials need not be admitted into evidence. Indeed, the Court has explained that BP's argument—that information must be admitted before it can be summarized—would "contravene the plain language and purposes of Rule 1006." *United States v. Valencia*, 600 F.3d 389, 417-418 (5th Cir. 2010). Other circuits agree. *See e.g.*, *United States v. Hemphill*, 514 F.3d 1350, 1359 (D.C. Cir. 2008) ("the point of Rule 1006 is to avoid introducing all the documents"); *United States v. Bakker*, 925 F.2d 728, 736 (4th Cir. 1991)("The language of the Rule also does not require that the original voluminous material be introduced into evidence; rather it simply requires that the material be made available to the other party."); *U.S. v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988)("Although the underlying materials must be 'admissible,' they need not be 'admitted' in every case.").[1]

Here, all of the summarized exhibits have been produced during discovery and *made available* to the opposing parties. There is no argument to the contrary. That is all the rule and

---

[1] Significantly, BP does not contend that any of the underlying documents would be inadmissible. Transocean intends to establish at trial that the underlying documents would be admissible as business records or under other provisions of the Federal Rules of Evidence. *See Valencia*, 600 F.3d at 418.

the cases require.  Whether the underlying records are proffered or admitted into evidence makes no difference.  Consequently, even if this Court determines that the compilations of supporting records should not themselves be exhibits, the summary charts challenged by BP are themselves proper.[2]

                                                        Respectfully submitted,

                                                        Carter L. Williams

cc:      MDL 2179 Liaison Counsel
           Federal & State Interests Coordinators
           Brad Brian, Esq.
           Michael Doyen, Esq.
           Rachel Clingman, Esq.
           Kerry Miller, Esq.
           Steve Roberts, Esq.

---

[2] If this Court sustains BP's objections to the six underlying exhibits, Transocean requests leave to file an amended list of 35 exhibits.  Such an amended list would include a representative sample of the challenged exhibits, not new documents.