# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Peter Bartoszek
To Call Writer Directly:
(312) 862-3279
peter.bartoszek@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

January 24, 2013

**E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re:   Confidentiality of Trial Materials

Dear Judge Shushan:

BP thanks the PSC for its January 22, 2013 letter regarding confidentiality issues for documents and deposition testimony used at trial.

This letter objects to the PSC's request to remove confidentiality designations from all expert reports; provides the Court and the parties with additional information about the redaction of personal, confidential information in trial materials; and raises other miscellaneous confidentiality issues.

**BP Objects to the PSC's Position on Expert Report Confidentiality**

BP objects to the wholesale removal of confidentiality designations from expert reports, as proposed by the PSC.  Until used at trial,[1] the parties' expert reports contain both confidential and highly confidential information, often of parties other than the party sponsoring the expert.  This information in some instances is not readily or easily separated from the non-confidential information in the reports.  While an expert's report will generally serve as the direct testimony of the expert in Phase I, BP believes that each report should be evaluated on an individual basis if and when the expert is called to testify.  To this end, the confidentiality of an expert's report could be considered at the Marshalling Conference on the Thursday before the expert is expected to testify.  BP has conferred with Halliburton, and Halliburton concurs with this general approach.  This approach also makes sense because some experts may not be called at trial, thereby avoiding the need to assess confidential information in at least some of the reports.  The

---

[1]   Information that is confidential according to the Coca-Cola standard articulated by the Court remains confidential through trial.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 24, 2013
Page 2


PSC's suggestion to remove all confidentiality designations from expert reports across-the-board is simply too broad.

**Deposition Bundle Issues**

BP consulted with Anthony Irpino of the PSC regarding redaction of personal, confidential information, and our collective understanding of the issue with respect to deposition bundles is as follows.

*Testimony in Deposition Bundles*

Prior to the adjournment of the Phase I Trial in February 2012, the PSC and BP worked with Jordan Ray of inData to redact personal, confidential information such as home addresses, telephone numbers, and social security numbers, from the deposition transcripts (but not the deposition exhibits) in deposition bundles.  This is essentially complete, but it should be noted that this process took place on a compressed timeframe as the parties moved toward trial, and may not have been perfect.  Accordingly, BP recommends that the parties check their own witnesses' testimony to insure that it has been redacted appropriately.

*Exhibits in Deposition Bundles*

To BP's and the PSC's knowledge, the deposition exhibits designated by the parties in the deposition bundles have not been reviewed for personal, confidential information.  BP is ready to embark on a project to review the "media bundle" versions of these exhibits for this information, and it plans to instruct its reviewers to look for all personal, confidential information (like phone numbers, addresses, or social security numbers) that cannot be easily identified as business information. For example, a phone number in a business email signature would not be redacted, but a phone number without any further information would be redacted.

BP plans to prepare a chart of deposition exhibits and page numbers with proposed redactions, as well copies of the individual pages with proposed redactions highlighted.  The parties could review this information, and then inData would perform the redaction in all the different bundle versions that it maintains.[2]

We tentatively project that this project will take two weeks; but this depends on the responsiveness of all vendors involved.

---

[2] BP has checked with Mr. Ray, and this method would work for inData.

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
January 24, 2013
Page 3

      I can report from my conversation with Anthony Irpino that the PSC is on board with this proposal. We can address comments or questions about this proposal from the Court or the Parties at the Working Group Conference on January 25.

**Miscellaneous Issues**

      BP notes the following points and rulings regarding confidentiality made by the Court during prior to the adjournment of the Phase I Trial:

1) With respect to trial exhibits from the eWell/TIMS database, the Court ruled that BP needs to redact certain identifying information regarding a well, but not the operator's name. BP also will attempt to give the United States two days' notice prior to using any documents from the eWell/TIMS database in Court.

2) The Court agreed with BP that the parties should give advance notice prior to using the personnel files of BP employees (outside of the deposition bundle process). BP will follow up with the PSC regarding putting together an agreed-upon proposal for this process.

3) The Court has precluded evidence of the actual amounts promised or paid to individual BP employees and consultants as salary, bonuses or other compensation. Order, Jan. 31, 2012, Rec. Doc. 5496.

      As always, we appreciate the Court's time and consideration in this matter.

                                  Respectfully submitted,

                                  /s/ Peter Bartoszek

                                  Peter Bartoszek

cc:     Liaison and Coordinating Counsel