## IN RE: DEEPWATER HORIZON LITIGATION
## MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards, LLC
556 Jefferson St., Suite 500
Lafayette, LA 70501
E-Mail: jmr@wrightroy.com
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: Sherman@hhklawfirm.com
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

January 24, 2013

*Via* **E-Mail**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re:  Halliburton's Untimely Objections to Phase One Trial Exhibits

Dear Judge Shushan:

In its response to the PSC's motion to strike new exhibit objections, Halliburton fails to fully explain why they are the only party not to comply or understand the clear directive from the court that all objections must be filed to each exhibit by a certain date or all objections are waived. Halliburton fails to explain why the court should allow them to unilaterally amend the pre-trial procedures all parties have been following for nearly two years.

First, Halliburton posits that the January 20, 2012 deadline did not apply to email strings. There is nothing in the words: "The deadline for all parties (except for Anadarko and MOEX) for objections to final exhibit lists is Friday, January 20"[1] that supports this position. All of the other parties, however, understood that their filings were to include email strings. *See, e.g.,* BP's 01/20/2012 Objections to Trial Exhibit Lists [Rec. Doc. 5316] and Transocean's Phase One Exhibit Objections [Rec. Doc. 5312]. Halliburton clearly understood that they were to object to exhibits that had been the subject of earlier filed motions *in limine* because they did that very thing to hundreds of exhibits when they filed their objections in January 2012. They listed their objections to the exhibits and referenced specific motions *in limine* to each exhibit. *See* Ex. A and B [Rec. Doc. 5320-1 and 5320-2.].

---

[1]   Order dated January 23, 2012 re: WGC of 1/19/2012 [Rec. Doc. 5327], at p. 3, ¶ 6.

January 24, 2013
Page -2-

These new objections filed in January 2013 refer to motions *in limine* as well, but comes a year too late.

Briefing on the objections to email string that had not been resolved was to occur by February 1, 2012. [Rec. Doc. 5143]. Even if Halliburton believed that the deadline to object to email exhibits was February 1, 2012, it still failed to do so. In its January 21, 2013 letter, Halliburton's discussion of the court's order of January 11, 2012 actually highlights this point, when they state: "The Court … further ordered that if objections were not resolved, the parties were to file briefs." How can objections be resolved if objections are not known? Exhibits for which there were no objections between two particular parties, then, should be deemed waived.[2]

Second, it was never contemplated by the parties, the Federal Rules, or legal precedent that a party introducing a document that is not objected to bears the burden of proof that such exhibit is admissible. Halliburton's argument is premised on the notion that the PSC should have divined which email strings or other documents were objected to by HESI irrespective of the absence of any objection asserted by HESI on the exhibit lists.

Finally, the notion that Halliburton could simply reserve its "right" to object to *any* email not on the "PSC 300" makes no practical sense. The parties have been preparing for Phase One in earnest for many months now. Should Halliburton's position be upheld, the PSC would have to prepare for possible opposition to every single email on its exhibit list. The court should not require the PSC to anticipate that there will be objections to emails simply because of their format. Many, if not all, emails are clearly admissible as admissions against interests, business records, or other exceptions to the hearsay rule. The parties all understood that specific objections should be raised so the other parties could respond and otherwise prepare, accordingly. Halliburton's position is that they can raise as many different types of objections that they choose, simply because of the format in which the document was created.

Halliburton, alone, disregarded the court's deadlines. This has become a repeating pattern of unacceptable gamesmanship. Just in the past two weeks alone, Halliburton had to be ordered to produce documents they promised to produce but did not. [Rec. Doc. 8229 (Order to produce documents)]. They also failed to produce significant portions of the custodial file of their employee Roland Chemali, and only informed the parties of this fact

---

[2]   The PSC concedes that Halliburton is correct in that there was no deadline to object to exhibits introduced after January 20, 2012 after the depositions of Gagliano, Ravi, and Crook. This is because the court allowed the parties to submit additional exhibits to the PSC to include in the master list by February 16, 2012. [Rec. Doc. 5719, at p. 3.]

The PSC does not concede, however, that another party's objection to a particular exhibit constituted an objection on Halliburton's behalf. All of the parties met and conferred on their respective objection lists, and compromises were made accordingly. Further, objections relating to one party's introduction of an exhibit do not necessarily correlate with objections relating to another party's introduction of the same exhibit.

January 24, 2013
Page -3-

this week – 14 months after the employee was deposed and only 4 weeks before trial. To allow this further request for indulgence would severely prejudice the PSC.

For these reasons, as well as those set forth in its January 16, 2013 letter to the court, the PSC asks the court to order that the Halliburton objections to Phase One exhibits filed on January 14, 2013 be stricken, and that any objections to exhibits not made timely pursuant to the earlier court orders are deemed waived.

As always, Plaintiffs appreciated the Court's time and consideration in this matter.

Respectfully submitted,

JAMES PARKERSON ROY
STEPHEN J. HERMAN
*Co-Liaison Counsel*

cc:  Don Godwin, Esq.
     All Liaison and Coordinating Counsel
     Paul M. Sterbcow, Esq.