UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179  SECTION: J  JUDGE BARBIER |
| Applies to: No. 10-2771, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S ORDER REGARDING PSC MOTION TO CALL DAVID CALVERT [REC. DOC. 8253]**

On January 3, 2013, the PSC filed a letter with Magistrate Judge Shushan seeking to add David Calvert ("Calvert"), an expert witness previously designated and withdrawn by Weatherford, as an expert witness during the Phase One trial. (Rec. Doc. 8182). While denying it was required to do so, the PSC's letter purported to set out good cause under PTO 54 (amended) for the addition of Calvert as a Phase One expert witness to be called in its case-in-chief. *Id*. On January 4, 2013, BP likewise filed a letter with Magistrate Judge Shushan stating that it had retained Calvert as an expert witness in February 2012, and also seeking leave under PTO 54 to add Calvert as an expert witness during the Phase One trial. (Rec. Doc. 8181). BP purported to set out good cause for the addition of Calvert, and also adopted the PSC's good cause arguments. *Id*. BP further requested that Calvert be allowed to offer opinions consistent with his report and his deposition, as well as opinions regarding any information and testimony produced by HESI since Calvert's December 2011 deposition. *Id*.

On January 11, 2013, HESI responded to the PSC's and BP's letters. (Rec. Doc. 8234). In its response, HESI set out the history of Calvert's designation and withdrawal as a Weatherford expert witness, and noted the Court's prior express ruling that no party was entitled to present the expert report or deposition testimony of an expert witness withdrawn by another party (Rec. Doc. 5560) (incorporated by reference into PTO 54 (amended) (the "Withdrawn Opinions Order"). *Id*. HESI also argued that neither the PSC nor BP had established good cause under PTO 54 for the addition of Calvert as a Phase One expert witness, citing authority to refute the meager good cause bases provided by the PSC and BP. *Id*. Because neither the PSC nor BP had a right to add Calvert under the Court's Withdrawn Opinions Order, and because neither the PSC nor BP established good cause under PTO 54, HESI requested that the Court deny the requests to add Calvert as a Phase One expert witness. *Id*.

On January 14, 2013, BP filed a reply arguing, in part, that despite PTO 54's good cause requirement for addition of witnesses, its request to add Calvert as a Phase One expert witness was entitled to a less "stringent" good cause analysis, and purporting again to set out good cause for the addition. (Rec. Doc. 8245). The PSC filed no reply.

On January 16, 2013, Magistrate Judge Shushan granted the PSC's and BP's Motions to Call David Calvert (the "Calvert Order"). (Rec. Doc. 8253). Judge Shushan noted: (1) that Calvert was not on the final list of expert witnesses to be called by the parties during the Phase One trial, and that the PSC's contention that Calvert was already a will call witness was incorrect; (2) that the intent of the Withdrawn Opinions Order was to protect the retaining party and the expert; (3) that under the terms of PTO 54, the PSC and BP could add Calvert as a Phase One expert witness subject to a good cause finding; (4) that "[f]or the reasons presented by the

PSC and BP, good cause is present to add Calvert;" and (5) that "[a]t the trial of Phase One, Calvert will be permitted to offer opinions consistent with those set forth in his October 17, 2011 report and his December 2011 deposition."  *Id*.  Based upon BP's delay in notifying the Court and the parties of its retention of Calvert, Judge Shushan denied BP's request to allow Calvert to offer opinions regarding information and testimony provided by HESI and/or other parties after Calvert's December 2011 deposition.  *Id*.

Following its issuance, HESI filed a request for clarification of the Calvert Order.  (Rec. Doc. 8324).  Specifically, HESI noted that the Calvert Order, to the extent it allows testimony regarding opinions beyond those expressed within the four corners of Calvert's expert report, potentially conflicts with the Court's Order Regarding BP's Motion in Limine to Preclude Expert Opinion Testimony Not Disclosed in the Expert's Rule 26(a) Written Report (Rec. Doc. 5505), in which the Court reaffirmed "its prior orders restricting expert opinion to the four corners of the expert's written report."  *Id*.  On January 25, 2013, Judge Shushan issued an order granting HESI's request for clarification, holding that "Calvert's opinion testimony will be restricted to the four corners of his written report."  (Rec. Doc. 8347).

HESI respectfully disagrees with certain portions of Judge Shushan's Calvert Order. Specifically, HESI disagrees with Judge Shushan's conclusions: (1) that the Court's previously entered Withdrawn Opinions Order (Rec. Doc. 5560) was intended to protect only the expert witness and the party retaining the witness; and (2) that the PSC and/or BP established good cause for adding Calvert as a new expert witness for the Phase One trial.  HESI respectfully submits that, on these issues, the Calvert Order is clearly erroneous and contrary to law. Accordingly , HESI respectfully appeals those portions of the Calvert Order.

HESI explained in its Response before Judge Shushan why the PSC's and BP's requests to add Calvert as a Phase One expert witness should be denied.[1]  *See* Rec. Doc. 8234.  For their part, the PSC and BP have presented their positions in their filings to Judge Shushan.  *See* Rec. Docs. 8181, 8182, 8245.  Accordingly, in support of this appeal, HESI respectfully incorporates by reference its Response filed with Judge Shushan.  *See* Rec. Doc. 8234.

In light of the briefing that took place before Judge Shushan, and to reduce the burden on this Court of reviewing further briefing, HESI submits that additional briefing or argument on this topic may not be needed to assist the Court's consideration of this appeal.  Accordingly, HESI is amenable to having the Court decide this appeal on the record compiled in the briefing before Judge Shushan.  If the Court determines additional briefing is needed, HESI provide any submissions the Court deems appropriate.

Dated: January 25, 2013

---

[1] The United States also filed a response letter opposing the addition of Calvert as an expert witness, and noting BP's failure to establish good cause.  It does not appear that the United States' letter has yet been filed into the record, so HESI attaches it hereto as Exhibit A for the Court's reference.

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Memorandum In Support Of Halliburton Energy Services, Inc.'s Objections To And Appeal From Magistrate Judge's Order Regarding PSC Motion to Call David Calvert [Rec. Doc. 8253] has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 25th day of January, 2013.

      /s/ Donald E. Godwin
    Donald E. Godwin