

**U.S. Department of Justice**

Environment and Natural Resources Division

90-5-1-1-10026

*Steven O'Rourke*
*Environmental Enforcement Section*
*U.S. Mail: P.O. Box 7611, Washington, DC 20044-7611*
*Overnight Mail:  601 D Street N.W., Washington, DC, 20004*
*E-mail: steve.o'rourke@usdoj.gov*

*Telephone (202) 514-2779*
*Facsimile (202) 514-2583*

January 11, 2013

**Via E-Mail**
Honorable Sally Shushan
United States Magistrate Judge
United States Courthouse, Room B-345
Eastern District of Louisiana
500 Poydras Street, New Orleans, LA. 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

Re:   MDL 2179:  BP Request to Add Calvert as a Phase One Witnesses

Dear Judge Shushan:

This letter is in response to BP's request (letter of January 4, 2013) and any other parties' requests seeking to add Jerry Calvert as an expert.

First, BP states that "Mr. Calvert intends to offer at trial opinions consistent with those set forth in his October 2011 Report, his December 2011 deposition, *and his review of information and testimony produced after his deposition by Halliburton. . . .*" (Emphasis added). BP thus implies that Mr. Calvert may introduce new opinions. The United States intends to object at trial if any testimony or opinions are adduced that are not clearly within the four corners of Calvert's original expert report. Fed. R. Civ. P. 37(c). Of course, the United States retains all rights to cross examine, object, or rebut.

Second, please note that if any other plaintiffs choose to call Mr. Calvert in their respective case in chief, Mr. Calvert is not listed as a witness for the United States, which previously designated its sole cement expert, Mr. Glen Benge.

Third, the "good cause" standard generally requires the moving party to show that it could not have met the original deadline with due diligence, considering factors such as the moving party's explanation, the importance of the testimony, potential prejudice in allowing the testimony, and the availability of a continuance to cure such prejudice.

1

*Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). A shift in strategy due to a settling party is not "good cause." BP effectively states that it has shown good cause because Mr. Calvert is qualified and his testimony will be helpful to the Court. But if this is true now, then it was true a year ago as well.

      Finally, if the Court does allow Calvert to testify, then BP and any party who has retained Mr. Calvert should provide an updated expert disclosure documenting how much they have compensated Mr. Calvert, including the date he was retained by them. Fed. R. Civ. P. 26(a)(2)(B).

                                      Respectfully submitted,

                                      /s/ Steve O'Rourke
                                      Steven O'Rourke