UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico on April 20, 2010 | * | SECTION: J |
| | * | |
| This Document Relates to: 11-02745 | * | JUDGE BARBIER |
| | * | |
| Timothy Toups, et al., | * | MAG. JUDGE SHUSHAN |
| | * | |
| vs. | * | |
| | * | |
| Nalco Company, et al., | * | |

**UNITED STATES ENVIRONMENTAL SERVICES, LLC'S CROSS-CLAIMS AGAINST BP EXPLORATION & PRODUCTION INC. AND BP AMERICA PRODUCTION COMPANY**

The defendant, United States Environmental Services, LLC ("USES"), hereby asserts these Cross-Claims against BP Exploration & Production Inc. ("BP Exploration") and BP America Production Company ("BP America"), and respectfully states as follows:

1. At all material times, USES was and is a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana.

2. USES is one hundred (100) percent owned by USES Corp., which was and is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Orleans, Louisiana.

3. At all material times, BP America was and is a corporation organized under the laws of the State of Delaware, with its principal place of business at 501 Westlake Park Boulevard, Houston, Texas 77079. BP America is subject to the jurisdiction and venue of this Court, and service can be made upon its registered agent, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

4. At all material times, BP Exploration was and is a corporation organized under the State of Delaware, with its principal place of business at 501 Westlake Park Boulevard, Houston, Texas 77079. BP Exploration is subject to the jurisdiction and venue of this Court, and service can be made upon its registered agent, CT Coporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

5. On February 7, 2007, USES entered into a Master Service Contract with BP America, Contract No. BPM-07-00450 ("MSC"), in which USES and its affiliate companies agreed to provide various spill response services for BP America. This MSC was amended multiple times, and was extended through Bridging Agreement HOU-WL4-3604.

6. The MSC provides defense and indemnity to USES and its affiliate companies. Specifically, the MSC provides:

    14.03 <u>Company's General Indemnity Obligations</u>: Company shall Indemnify Contractor Group from and against all Claims/Losses for the following when Connected With this Contract:

        14.03.01 (i) all injuries to, deaths, or illnesses of persons in Company Group, and

        (ii) all damages to or losses of Existing Property in excess of Two Hundred Fifty Thousand United States Dollars (US$250,000) per occurrence, <u>even if caused by the Negligence/Fault</u> of Contractor Group or any other Person; and

        14.03.02 (i) all injuries to, deaths, or illnesses of Third Parties, and

        (ii) all damages to or losses of Third Parties' property,

        to the extent caused by the Negligence/Fault of Company Group, <u>even if contributed to by the joint or concurrent Negligent/Fault</u> of Contractor Group or any other Person; provided that, in the event of joint or concurrent Negligent/Fault of Company Group and Contractor Group, Company's indemnification obligation hereunder shall be limited to Company Group's proportionate share of such Negligence / Fault.

*See* 14.03 Master Service Contract No. BPM-07-00450 (emphasis in the original).

3

7. The MSC defines "Contractor" as United States Environmental Services, LLC, and defines "Company" as BP America. *See* ¶ 1 Master Service Contract No. BPM-07-00450. In January of 2010, the MSC was extended to include BP Exploration. *See* Amendment No. 1 to Master Service Contract No. BPM-07-00450.

8. The Contractor Group "shall mean the following Persons individually and collectively: Contractor and its Affiliates, its subcontractors and their Affiliates, and the officers, directors, shareholders, employees, agents, and representatives of all of those entities. Contractor Group does not include any Person who is a member of Company Group." *See* 2.09 Master Service Contract No. BPM-07-00450.

9. Pursuant to the MSC, "'Indemnify' and 'Indemnification' shall be deemed to include and stand for the following phrase: 'release, protect, Defend, indemnify and hold harmless." *See* 14.01.01 Master Service Contract No. BPM-07-00450. Even "if gross negligence or willful misconduct is alleged along with Negligence/Fault, the term 'Indemnify' or 'Indemnification' includes the duty to provide a full Defense even though gross negligence or willful misconduct are alleged." *Id.*

10. The MSC provides that "defend" or "defense":

4

> shall include the obligation to pay reasonable attorneys' fees, court costs, expert fees, and other reasonable costs incurred by the Indemnitor or the Indemnitee as a result of defending against a Claim/Loss as required by this Contract, or, at the election and cost of the obligor, the obligation to select and engage competent attorneys and experts to defend against a Claim/Loss as required by this Contract . . . .

*See* 14.01.05 Master Service Contract No. BPM-07-00450.

11. BP America, through BP Exploration, hired USES to assist in its response to the Deepwater Horizon incident through the MSC.

12. USES was made a defendant herein by over twenty plaintiffs (collectively, "Plaintiffs"). Generally, Plaintiffs allege they sustained personal injuries as a result of being exposed to toxic chemicals while working as boat operators and cleanup technicians for the various defendants. USES denies any liability in connection with the above-captioned matter and, once the present stay is lifted, USES intends to file an Answer with all of its Affirmative Defenses and denials.

13. In the event it is determined that Plaintiffs have valid claims in the above-captioned matter, which is denied, USES avers that BP America and/or BP Exploration are liable to USES for all or part of the claims asserted in the action brought by Plaintiffs because the MSC, under which all work was conducted, provided defense and indemnity to USES for the alleged claims in this action.

5

14. USES contends that Plaintiffs have suffered no damages and are entitled to no relief. However, if the Court were to find otherwise, USES argues that any damages to Plaintiffs were not caused or contributed to in any way by the fault of USES or of any person for whose acts USES are legally responsible, but that said damages were caused or occasioned by the fault, negligent and grossly negligent acts or omissions of BP America and/or BP Exploration.

17. USES, as Cross-Claim Plaintiff, tenders its defense of any claim made in the above-captioned proceedings to BP America and BP Exploration as Cross-Claim Defendants, and further maintains that indemnification, contribution and/or recovery is in order against BP America and BP Exploration.

18. Presently, the underlying civil action upon which these Cross-Claims are based has been stayed indefinitely. USES intends to file a Motion to Lift the Stay so the Court may rule upon the defense and indemnity issues present between BP and USES.

19. All and singular, the premises of this petition are true on information and belief and within the Admiralty and Maritime jurisdiction of this Court.

WHEREFORE, United States Environmental Services, LLC prays as follows:

(1) That, after due proceedings are had, this Court adjudge that United States Environmental Services, LLC is not liable for any loss, injury, expense or damage or claim whatsoever in consequence of the aforementioned claims;

(2) That, after due proceedings are had, BP Exploration and Production Inc. and BP America Production Co. be cited to appear and answer all matters aforesaid as Cross-Claim Defendants liable for defense and indemnity to United States Environmental Services, LLC as well as direct Defendants to the Plaintiffs;

(3) That, after due proceedings are had, BP America Production Co. and BP Exploration and Production Inc. be ordered to reimburse United States Environmental Services, LLC for reasonable attorneys' fees, costs and interest incurred in defending the underlying action;

(4) That judgment be rendered against BP America Production Co. and BP Exploration and Production Inc. for any damages incurred by either the Plaintiffs or the Cross-Claim Plaintiff; and

(5) That this Court grant such other and further relief, as justice and equity require.

Respectfully submitted,

*/s/  C. Britton Bonner*

C. BRITTON BONNER (#26807)
MATTHEW R. JACKSON (JACKM7882)
*Attorneys for United States Environmental Services, LLC*

**COUNSEL:**
ADAMS AND REESE LLP
11 N. Water St., Suite 23200
Mobile, Alabama 36602
P.O. Box 1348 (36633)
(251) 433-3234 (Phone)
(251) 438-7733 (Fax)
britton.bonner@arlaw.com
matt.jackson@arlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on **January 25th, 2013,** I served the foregoing motion on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and by electronically filing the same with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL2179.

*/s/  C. Britton Bonner*