UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:  *All Cases*<br><br>(Including No. 10-2771) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**PSC's MEMORANDUM IN OPPOSITION TO BP'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE RELATED TO CRIMINAL PROCEEDINGS**

BP seeks an order precluding any party from introducing into evidence (1) the criminal Information filed November 15, 2012 in *United States v. BP Exploration & Production, Inc.*, Cr. No. 12-292 (E.D. La.), (2) the Superseding Indictment filed on November 14, 2012 in *United States v. Kaluza and Vidrine*, Cr. No. 12-265 (E.D. La.), (3) the Indictment filed on November 14, 2012 in *United States v. Rainey*, Cr. No. 12-291, and (4) any other evidence related to the aforementioned criminal proceedings, with the exception of the factual allocation in BP's Guilty Plea Agreement and the allocation and order associated therewith.  The PSC has no intention to offer into the record the Information or any of the Indictments.  The Court should, however, reject BP's ambiguous request to exclude any evidence "*related to*" the corporate or individual criminal proceedings.  Because such evidence has neither been proffered nor identified, the Court should withhold any ruling until the evidentiary value of a particular exhibit can be assessed individually and on its merits.

As the Court is no doubt aware, the criminal proceedings initiated against BP and BP's three employees arise from the very facts and circumstances at issue in this civil case.  In the

factual allocation attached to BP's guilty plea, the company admits that it had "a duty to insure that the negative pressure test performed prior to temporarily abandoning the well was done safely, in accordance with the standard of care applicable in the deepwater oil exploration industry," and that "the negative pressure test performed on the Macondo Well [on April 20, 2010] provided multiple indications that the wellbore was not secure." *See United States v. BP Exploration & Production, Inc.*, Cr. No. 12-292 (E.D. La.) (Rec. Doc. 2 at 14-15).  Further, BP admits that its "Well Site Leaders negligently supervised the negative pressure test during this time, failed to alert engineers on the shore of these indications, and, along with others, ultimately deemed the negative pressure test a success, all in violation of the applicable duty of care." *Id.* at 15.  BP acknowledges that "[t]he negligent conduct of BP's Well Site Leaders is attributable to BP," and that "BP's negligent conduct, among others, was a proximate cause of the deaths of eleven men and pollution resulting from the Macondo Well blowout." *Id.*  BP concedes, as it must, that all of these admissions are potentially admissible in this case. (Rec. Doc. 8296-1 at 2.)

Transocean has also pleaded guilty to criminal charges arising from the *Deepwater Horizon* incident and, like BP, has admitted that its criminal liability stems, in part, from a failure to safely conduct the negative pressure test.  Transocean admits that, along with BP, its employees observed abnormal drilling pressure but failed to appropriately investigate or remediate the abnormality.  *See United States v. Transocean Deepwater Inc.*, Cr. No. 13-001 (E.D. La.) (Rec. Doc. 3-2 at 3.)  Further, Transocean admits that its "conduct violated its duty to exercise well control in accordance with the standard of care applicable in the deepwater oil exploration industry," and that its "negligent conduct, together with the negligent conduct of others, was a proximate cause of the blowout and the discharge of certain quantities of oil and

natural gas from the Macondo well into the Gulf of Mexico." *Id.* at 4.  Transocean, like BP, does not argue that the admissions in its guilty plea are inadmissible in this case.

Finally, in the Superseding Indictment filed against BP Well Site Leaders Robert Kaluza and Donald Vidrine, the government has charged that both were responsible for oversight of the negative pressure test on April 20, 2010.  *See United States v. Kaluza & Vidrine*, Cr. No. 12-265 (E.D. La.) (Rec. Doc. 7 at 5-6.)  Both were aware that abnormal pressure levels were detected in a drill pipe, yet neither contacted engineers on shore to alert them of the problem or seek assistance.  (*Id.*)  Finally, both defendants declared the negative pressure test a success and permitted drilling operations to proceed.  (*Id.*)  Of course, the well blowout ensued shortly thereafter.  The government has charged that Kaluza and Vidrine's supervision of the negative pressure testing constitutes gross criminal negligence.

As is clear from BP and Transocean's criminal admissions, and the accusations levied against Kaluza and Vidrine, liability in this case - both criminal and civil - arises from, *inter alia*, negligence in conducting the negative pressure test.  The decision-making surrounding this event will naturally be a focal point of the Limitation proceeding as well as the criminal proceedings. Even if the criminal charging documents themselves are inadmissible, there may be documents proffered and/or utilized in the criminal proceedings that are probative to the civil trial's factual narrative.  Such documents should be evaluated individually and on their evidentiary merit if and when they are offered for admission into this record.

However, BP's motion seeks to exclude "any other documents generated, or statements made, by prosecutors" in the criminal proceedings, as well as "other irrelevant material from the criminal proceedings," whatever that may consist of.  (Rec. Doc. 8296-1 at 4.)  Because no documents, exhibits, or "material," relevant or not, is before the Court for its review, the parties

3

are left to speculate about the exact scope of BP's in limine request. Motions in limine of this nature—those that fail to identify specific evidence to be excluded—are disfavored. *See Auenson v. Lewis*, Civ. A. No. 94-2734, 1996 WL 457258, at *1 (explaining that "motions in limine are disfavored," and that "[s]uch evidentiary rulings should be reserved until trial so that questions of foundation, competency, relevancy, and potential prejudice may be resolved in the proper context"). The Court should deny BP's motion without prejudice and permit the parties to reserve their arguments for a more appropriate juncture.

This 25th day of January, 2013.

Respectfully submitted,

| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
|---|---|
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Brian H. Barr | Robin L. Greenwald |
| LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, PA | WEITZ & LUXENBERG, PC |
| 316 South Baylen St., Suite 600 | 700 Broadway |
| Pensacola, FL 32502-5996 | New York, NY 10003 |
| Office: (850) 435-7045 | Office: (212) 558-5802 |
| Telefax: (850) 436-6187 | Telefax: (212) 344-5461 |
| E-Mail: bbarr@levinlaw.com | E-Mail: rgreenwald@weitzlux.com |
| | |
| Jeffrey A. Breit | Rhon E. Jones |
| BREIT DRESCHER & IMPREVENTO | BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C. |
| Towne Pavilion Center II | 218 Commerce St., P.O. Box 4160 |
| 600 22nd Street, Suite 402 | Montgomery, AL 36104 |
| Virginia Beach, Virginia 23451 | Office: (334) 269-2343 |

Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse

Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com


Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101

Coral Gables, FL 33134  
Office: (305) 476-7400  
Telefax: (305) 476-7444  
E-Mail: ervin@colson.com

Maison Grand Caillou  
Houma, Louisiana 70360  
Office: (985) 876-7595  
Fax No. (985) 876-7594  
E-Mail: duke@williamslawgroup.org

Joseph F. Rice  
MOTLEY RICE LLC  
28 Bridgeside Blvd.  
Mount Pleasant, SC 29464  
Office: (843) 216-9159  
Fax No. (843) 216-9290  
E-Mail: jrice@motleyrice.com

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 25th day of January, 2013.

/s/ James Parkerson Roy and Stephen J. Herman