UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG, "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * MDL NO. 2179 <br> * <br> * SECTION: J <br> * |
| Relates to: *All Cases* | * <br> * JUDGE BARBIER <br> * |
| (Including No. 10-2771) | * MAG. JUDGE SHUSHAN <br> * |

**PLAINTIFFS' OPPOSITION TO BP'S MOTION IN LIMINE
TO CLARIFY THE COURT'S ORDER REGARDING THE
DEEPWATER HORIZON STUDY GROUP REPORT**

Plaintiffs respectfully submit the following Opposition to BP's Motion in Limine to Clarify the Court's Order Regarding the Deepwater Horizon Study Group Report [Rec. Doc. 8293].

**I.   BP's Motion to "Clarify" Should be Treated As a Rule 59(e) or 60(b) Motion to Alter or Amend and Denied as Untimely.**

BP's motion is nothing more than a motion challenging this Court's February 24, 2012 ruling that the Deepwater Horizon Study Group Report ("Berkley Report") is admissible.[1] BP argues that the Court misunderstood "the relevant facts."  BP's Memorandum in Support of its

---

[1] There are actually a total of four reports issued on the following dates: (1) May 24, 2010; (2) July 15, 2010; (3) December 1, 2010; and (4) the final report on March 1, 2011. The basic findings included in the March 1, 2011 report were included in the previous three reports, as well as the special report to the National Commission dated November 24, 2010.  BP appears to only attempt to exclude the final report.

Motion in Limine to Clarify the Court's Order Regarding the Deepwater Horizon Study Group Report, at 1.  BP makes no bones about it – it is moving for the Court to reverse its earlier ruling.

On February 24, 2012, this Court denied a number of motions in limine asking to exclude non-governmental reports [Rec Docs. 4811, 4812, and 4894] while considering exhaustive briefing by the parties [Rec Docs. 4340-6, 4811, 4812, 4894, 4872, 4873, 4887, 4869, 4959, 4552, 4771, and 4760].  The Court ruled as follows:

> The briefs and motions pertain to the fourth motion-in-limine set, regarding alleged Daubert issues raised by certain non-governmental reports, and the eighth motion-in-limine set, regarding alleged hearsay issues raised by those same reports.  The Court finds that the subject non-governmental reports -- the so-called "Bly Report," Transocean's investigation report, and the so-called "Berkley Report" – are business records within the meaning of Federal Rule of Evidence ("FRE") 803(6).  The Court hereby admits these reports subject to the objections raised in the instant motions in limine based on alleged "inner hearsay" within the reports.  The Court will address these objections during the trial as needed and will give the reports whatever weight they deserve.  The same approach will be taken with regard to any alleged "inner hearsay" objections by BP concerning its interview notes created as a result of the investigation underlying the Bly Report.  The Court also finds that the above-named non-governmental reports should not be excluded under FRE 701 or 702 at this time.

2/24/12 Order, at 1-2 [Rec. Doc. 5834].

Eleven months after the Order, BP now asks the Court to reverse itself and hold that the Berkely Report should be excluded as hearsay because it does not fall within the business records exception of FRE 803(6).  As a "reconsideration" of an earlier order, Fed. Rules of Civil Procedure 59(e) and 60(b) control.  Rule 59(e) provides that an order may be altered or amended 28 days after the entry of the order.  FED. R. CIV. PROC. 59(e).  BP missed this deadline by almost 11 months.

If the request to reconsider an order comes later than 28 days but within a year, then Rule 60(b) applies.  FED. R. CIV. PROC. 60(c).  While an order can be reconsidered for "mistake, inadvertence, surprise, or excusable neglect," the standard is quite high.  FED. R. CIV. PROC.

-2-

60(b). The mover must show the court that exceptional circumstances exist that favor the extraordinary relief to set aside a long-standing order or judgment. Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) ("A party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.").

BP's purported excuse of the trial's cancellation and re-scheduling is not enough under Rule 60(b). BP waited until the last day of filing motions in limine to file this "motion to clarify." BP did not file this motion on the heels of any of the Court's numerous pronouncements that the trial, discovery, and evidentiary rulings were "in the can" and that the Court was not going to re-open anything that existed before the last trial setting. It should come as no "surprise" to BP that the Court for months has said it would not revisit evidentiary issues related to trial exhibits that predate the first trial setting. There is no "excusable neglect" where BP waits until the last day to file a motion in limine. See Federal's Inc. v. Edmonton Inv. Co., 555 F.2d 577, 583 (6th Cir. 1977) (holding that Rule 60(b) is not intended to relieve counsel of the consequences of decisions deliberately made).

The motion to clarify is especially troubling because BP never even sought to exclude the Berkley Report before the first trial setting. This is the first time BP has ever sought to challenge the Berkley Report.[2]

---

[2] BP did file a "Motion to Exclude Certain Opinions and Testimony of Dr. Robert Bea and William Gale" [Rec. Doc. 5419]. However, the motion does not challenge (or even mention) the Berkley Report.

**II.     BP Did Not Even Move to Exclude the Berkley Report Before the First Trial Setting.**

Not only is BP seeking reconsideration of an Order that is over 11 months stale, but it never even filed a motion in limine to challenge the Berkley Report before the last trial setting, despite the Berkley Report being identified when the Bea/Gale Report was provided to BP in August 2011.  In the Order that is the subject of reconsideration, the Court identified three motions in limine and numerous letter briefings that it addressed.  The three motions in limine (none filed by BP) were filed by Cameron [Rec. Doc. 4811], Transocean [Rec. Doc. 4812], and Halliburton [Rec. Doc. 4894].  Only Cameron and Halliburton identified the Berkley Report as being challenged (although they do not address it in argument).

BP submitted two letter briefs [Rec. Doc. 4552 and 4771] and one formal Opposition [Rec. Doc. 4869].  Despite the two letter briefs totaling 12 pages of single spaced arguments, neither of them even once mention the Berkley Report.  The 11/4/11 Letter only concerns the Bly Report and the interview notes related to the Bly Report [Rec. Doc. 4552], and the 11/23/11 Letter only concerns the Bly Report interview notes [Rec. Doc. 4771].  BP's 12/12/11 formal Memorandum only concerns itself with the Bly Report [Rec. Doc. 4869].

In sum, BP should not be allowed to challenge an exhibit <u>for the first time</u> well over a year after it was first disclosed, and the Court should not reconsider an Order relating to an evidentiary ruling regarding an exhibit that BP did not timely challenge.  While BP notes in a footnote that it intended to earlier seek clarification when the trial got bumped (*see* Memorandum, at 1 n.1), yet BP offers no suggestion as to why it never moved to exclude the Report the first time around.

**III.    The Berkley Report Is Not Even Hearsay Because it is a Previous Writing by a Testifying Expert.**

Before any discussion of whether the Berkley Report should be excluded as hearsay, such that the Court needs to look at the business records exception, it should be noted that Professor Bea was the primary author.  BP readily concedes this in its briefing.  *See* BP's Memorandum in Support, at 3 & 7 ("The report's primary author, Professor Robert Bea . . . .").  The Berkley Report should be similarly viewed as a previous writing (not unlike a published article) by a testifying expert.

Even though the Berkley Report is a compilation of authors and writings, the question does not become one of hearsay because the secondary writers and contributors (to borrow BP's phraseology) are of the type and nature that a process safety expert (such as Professor Bea) regularly relies upon in the course of engaging in his field of expertise process safety.  An expert can rely upon otherwise inadmissible evidence as long as it is of a type "reasonably relied upon by experts in the particular field." FED. R. EVID. 703.  See also Monsanto Co. v. David, 516 F.3d 1009, 1015-16 (5th Cir. 2008) (finding that expert could rely upon a report prepared by someone else).  "It 'is common in technical fields for an expert to base an opinion in part on what a different expert believes on the basis of expert knowledge not possessed by the first expert.'" In re Genetically Modified Rice Litigation, 666 F.Supp.2d 1004, 1033 (E.D. Mo. 2009) (quoting Dura Auto. Sys. of Ind., Inc. v. CTS Corp., 285 F.3d 609, 613 (7th Cir.2002)).

The purpose of allowing experts to rely on another expert's opinions is that "an expert cannot be an expert in all fields, and it is reasonable to expect that experts will rely on the

opinion of experts in other fields as background material for arriving at an opinion." <u>Concerned Area Residents for the Environ. v. Southview Farm</u>, 834 F. Supp. 1422, 1436 (W.D.N.Y. 1993).[3]

These principles are as true in the Rule 26 expert report Professor Bea and Dr. Gale provided in this case as they are with respect to the previous writings of a testifying expert. BP took advantage of its opportunity to cross examine both of these process safety experts on the Berkley Report in their depositions. They answered many questions concerning the Berkley Report. In many ways, the Berkley Report is not that different from the Report issued in this case – prepared pursuant to a joint effort on behalf of multiple experts to reach conclusions pursuant to accepted methodologies in the field of process safety.

In sum, the Berkley Report is not hearsay in the first instance because the primary author of the Berkley Report will be testifying at trial as an expert and will be available to testify concerning methodology and conclusions consistent with the field of process safety and his previous writings.

**IV.     Even Assuming that the Berkley Report is Hearsay, It Satisfies the Business Records Exception of FRE 803(6).**

In the interests of brevity, Plaintiffs respectfully adopt and incorporate by reference all of its earlier briefings on this issue in Rec. Docs. 4340-1, 4340-2, 4340-3, 4340-4, and 4340-6. BP's primary arguments center upon the Deepwater Horizon Study Group's ("DHSG") alleged lack of "duty" to issue a report, lack of "regularly conducted business activities," and "untrustworthiness."[4]

---

[3] In the Opposition to Exclude Certain Opinions and Testimony of Drs. Robert Bea and William Gale [Rec. Doc. 5693], Plaintiffs exhaustively briefed the issue of the nature of the field of process safety and the ability of these experts to rely upon the expertise of other experts. Plaintiffs adopt that portion of the Opposition as if stated herein. <u>Id.</u> at 9-10.

[4] Plaintiffs do not concede, even assuming *arguendo* that the portions of the report directly prepared by Professor Bea and Dr. Gale could be considered hearsay.

-6-

BP's arguments fail for the simple reason that the DHSG was formed for a singular purpose as an independent, scholarly endeavor to develop unbiased conclusions regarding the cause or causes of the Deepwater Horizon disaster. Its "duty" and its "business activity" were to engage in an exhausting and time consuming scientific analyses of the cause. Its trustworthiness is found in its independence. The DHSG authoring group was not associated with any of the defendants or the Plaintiffs until after the Report was completed. The authoring group had official meetings every two weeks during the DHSG investigation and more frequently for special discussions. The authoring group had an official editorial and reviewing process that resulted in the DHSG progress and final reports and the DHSG members' Working Papers.

The DHSG was created as part of a regularly conducted business activity that was the professional activity of research that concerned root cause analyses of catastrophic failures of engineered systems. This was the business of the Center for Catastrophic Risk Management at the University of California Berkeley, which Professor Bea headed at the time. The DHSG's affiliation with the Center for Catastrophic Risk Management included input from numerous organizations, both industry and professional. The membership of the group was very selective. Members were identified and qualified for specific parts of the investigation.[5]

BP also argues that the Berkley Report contains "inadmissible content" and "double hearsay." BP's argument concerning "inadmissible content" fails because the inadmissible reliance materials that are cited merely provide redundant support and are not stand-alone. In other words, BP has not argued that without these cites, the content of the Report is inadmissible. BP is merely arguing citations. This Court has the authority to ignore and strike citations as it sees fit without the danger of being swayed by perceived "unreliable evidence."

---

[5] As experts in fires, explosions, and risk assessment, process safety experts commonly investigate large loss incidents of all kinds regardless of whether or not it is done under contract or on an ad hoc basis.

As for BP's "double hearsay" argument, this Court already ruled in the Order that it will address "inner hearsay" objections at trial. 2/24/12 Order, at 1. Again, as a bench trial and given the breadth of evidence in this case, the danger of prejudice is just not present.

## CONCLUSION

For the above and foregoing reasons, BP's Motion in Limine to Clarify the Court's Order Regarding the Deepwater Horizon Study Group Report should be denied.

This 25th day of January, 2013.

Respectfully submitted,

|  |  |
|---|---|
| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

### PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Brian H. Barr<br>LEVIN, PAPANTONIO, THOMAS, MITCHELL,<br>ECHSNER & PROCTOR, PA<br>316 South Baylen St., Suite 600<br>Pensacola, FL 32502-5996<br>Office: (850) 435-7045<br>Telefax: (850) 436-6187<br>E-Mail: bbarr@levinlaw.com | Robin L. Greenwald<br>WEITZ & LUXENBERG, PC<br>700 Broadway<br>New York, NY 10003<br>Office: (212) 558-5802<br>Telefax: (212) 344-5461<br>E-Mail: rgreenwald@weitzlux.com |

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail: mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS &
MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172
E-Mail: ssummy@baronbudd.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail: mcwatts@wgclawfirm.com

| | |
|---|---|
| Ervin A. Gonzalez<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Office: (305) 476-7400<br>Telefax: (305) 476-7444<br>E-Mail: ervin@colson.com | |

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 25th day of January, 2013.

/s/ James Parkerson Roy and Stephen J. Herman

-10-