UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG, "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * MDL NO. 2179 <br> * <br> * SECTION: J <br> * |
| Relates to: *All Cases* | * <br> * JUDGE BARBIER |
| (Including No. 10-2771) | * <br> * MAG. JUDGE SHUSHAN |

**PLAINTIFFS' CONSOLIDATED OPPOSITION TO BP'S
MOTIONS IN LIMINE TO EXCLUDE EVIDENCE OF THE
SEC SETTLEMENT AND THE EPA SUSPENSION**

Plaintiffs respectfully submit the following Consolidated Opposition to BP's Motion in Limine to Exclude Evidence Related to the SEC Settlement [Rec. Doc. 8295] and BP's Motion in Limine to Exclude Evidence of the EPA Suspension [Rec. Doc. 8294].

**I.   The Admissibility of the SEC Settlement Should Be Deferred to Phase Two.**

    (In the alternative, the SEC Settlement is admissible as circumstantial evidence of liability, and/or with respect to the veracity of BP and its witnesses.)

BP publically lied. Repeatedly. BP lied to the United States government, lied to its shareholders, and lied to the general public. BP lied about the flow rate. BP has recently settled with the SEC over the lying, and entered into a Consent Judgment in this Court.

BP is not allowed to challenge the truthfulness of the Complaint in public, with the exception of a legal proceeding:

> In compliance with this policy, [BP] acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, [BP] hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If [BP] breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects [BP's]:  (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not party.

Consent of Defendant BP PLC, at ¶ 13 (11/15/12), attached as Exhibit "A".

Peculiarly, this creates a scenario where BP is bound under court order NOT to publicly contest that it lied about the flow rates after the spill but, in this case, can argue that it did not lie about the flow rate.  Whatever paradox this creates, it does not preclude its admissibility should the veracity of a BP corporate representative be challenged on the stand.

The SEC's Complaint is summarized as follows:

> Following the discovery that oil was spilling into the Gulf of Mexico, BP materially misrepresented and understated the estimated range of flow rate of oil leaking from the well in three public filings furnished to the Commission.  BP also omitted material information from these three public filings regarding its own internal data, estimates, and calculations indicating that the flow rate estimate contained in these filings was unjustifiably low.  BP made these material misrepresentations and omissions in, inter alia, its Reports on Form 6-K furnished to the Commission on April 29 and 30 and May 4, 2010.  In these Reports on Form 6-K, BP stated that the flow rate estimates were "up to 5,000 bopd" or that 5,000 bopd was the current estimate, despite higher internal data, estimates, and calculations.  At all relevant times, BP knew or was severely reckless in not knowing that it was making these material misrepresentations and omissions to investors.

Complaint, ¶ 5 (11/15/12) (emphasis supplied), attached as Exhibit "B".

The flow-rate issue falls squarely within Phase Two, and the Plaintiffs do not anticipate a situation where the SEC Settlement would be used by the PSC in Phase One.

Therefore, in light of the Trial Plan and associated Orders, Plaintiffs would respectfully suggest that the Motion is premature, and should be deferred to Phase Two.

Alternatively, to the extent the Court desires to take up now, Plaintiffs would suggest that BP's credibility regarding the Macondo incident is at issue in the Phase One Trial.

Whether, in this regard, a defendant tries to cover up the damage it caused by engaging in illegal behavior is traditionally allowable as circumstantial evidence of a defendant's liability and comparative fault.  See  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000) (quoting Wright v. West, 505 U.S. 277, 296 (1992)) ("Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'").

This is a common source of evidence even in criminal proceedings and civil spoliation claims – where a defendant's misconduct during the discovery phase of litigation can be used as circumstantial evidence for the liability of a defendant.  See Hickory v. U.S., 160 U.S. 408, 415-16 (1896) ("From that day to the time when Professor Webster murdered his associate and concealed his remains, this concealment of the evidence of crime has been regarded by the law as a proper fact to be taken into consideration as evidence of guilt, as going to show guilt, as going to show that he who does an act is consciously guilty, has conscious knowledge that he is doing wrong, and he therefore undertakes to cover up his crime.").

The information contained within the Consent Judgment may also be evidence of a particular witness' veracity.  If BP has entered into a Consent Judgment admitting to recklessly issuing material misrepresentations concerning the extent of the damage caused by the explosion, then it should be admissible for impeachment purposes to challenge a witness's veracity on this and perhaps other issues.

It is anticipated that BP will argue at trial about how the company's creation of various guidelines, manuals, and rules was "responsible" because it demonstrated a conscious effort to initiate various written safety measures or safety plans. Plaintiffs should be allowed to counter with an argument that if BP is willing to materially misrepresent the extent of the worst environmental disaster in history by written submissions to the SEC, then what kind of "trust" should we place in its internal documents concerning these alleged safety measures?

Should BP decide to invoke the paradoxical position of not being able to say publically what it can say at trial, then Plaintiffs should be able to cross-examine BP on its decision.

Nevertheless, if the Court decides to exclude this evidence, Plaintiffs respectfully request that the ruling be limited to Phase One, and pretermit any evidentiary decision regarding the SEC criminal plea until Phase Two.

**II.     Any Evidentiary Decision Concerning the EPA Suspension Should be Pretermitted to Later Phases.**

Any ruling on the EPA suspensions should be delayed. No party has offered to introduce any exhibits concerning the EPA's suspension, and it is unclear that such suspension would be relevant to any Phase One issue. However, the EPA suspensions may be relevant to and admissible in later phases, or factor into a court's analysis quantifying punitive damages. For these reasons, the Court should defer any kind of ruling as unnecessary until later proceedings.

<u>CONCLUSION</u>

For the above and foregoing reasons, BP's Motions in Limine should be denied.

This 25<u>th</u> day of <u>January</u>, <u>2013</u>.

Respectfully submitted,

| | |
|---|---|
|   /s/  Stephen J. Herman |   /s/  James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

### PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Brian H. Barr<br>LEVIN, PAPANTONIO, THOMAS, MITCHELL,<br>ECHSNER & PROCTOR, PA<br>316 South Baylen St., Suite 600<br>Pensacola, FL 32502-5996<br>Office: (850) 435-7045<br>Telefax: (850) 436-6187<br>E-Mail: bbarr@levinlaw.com | Robin L. Greenwald<br>WEITZ & LUXENBERG, PC<br>700 Broadway<br>New York, NY 10003<br>Office: (212) 558-5802<br>Telefax: (212) 344-5461<br>E-Mail: rgreenwald@weitzlux.com |
| Jeffrey A. Breit<br>BREIT DRESCHER & IMPREVENTO<br>999 Waterside Drive, Suite 1000<br>Norfolk, VA 23510<br>Office: (757) 670-3888<br>Telefax: (757) 670-3895<br>E-Mail: jbreit@bdbmail.com | Rhon E. Jones<br>BEASLEY, ALLEN, CROW, METHVIN, PORTIS &<br>MILES, P. C.<br>218 Commerce St., P.O. Box 4160<br>Montgomery, AL 36104<br>Office: (334) 269-2343<br>Telefax: (334) 954-7555<br>E-Mail: rhon.jones@beasleyallen.com |

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail: mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: ervin@colson.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172
E-Mail: ssummy@baronbudd.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail: mcwatts@wgclawfirm.com

-7-

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this <u>25th</u> day of <u>January</u>, <u>2013</u>.

                                          <u>/s/ James Parkerson Roy and Stephen J. Herman</u>