UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010. | § § § § | MDL No. 2179 SECTION "J" |
| | § § | JUDGE BARBIER |
| This Document Relates to: | § § | MAGISTRATE SHUSHAN |
| 10-4239 10-4240 10-4241 | § § § | |

## SECOND DECLARATION OF CARLOS ALBERTO GABUARDI ARREOLA

I, Carlos Alberto Enrique José Lorenzo Gabuardi Arreola, declare, pursuant to 28 U.S.C. 1746, that the following is true and correct:

1) My name is Carlos Alberto Enrique José Lorenzo Gabuardi Arreola and I a practicing attorney in the Republic of Mexico and the owner of Gabuardi Abogados, a firm that practices and specializes in International and Comparative Law. I am an experienced lawyer in all aspects of Mexico's constitutional law, administrative law, and dispute resolution and litigation law. I have over 30 years of experience in the foregoing areas of Mexican Law.

2) I received a law degree from the University of Monterrey (UDEM) in 1981, and have been admitted as a member of the National Association of Corporate Lawyers (1999), the Mexican Bar Association (2010), the Monterrey Bar Association (2012) and the Monterrey College of Doctors of Laws (2012); I received the degree of Master of Laws, with distinction, from Tulane University, on the recommendation of its School of Law, on June 4, 2001. Additionally, I received the degree of Doctor of Philosophy, from Tulane University, on the recommendation of its School of Law, as of January 19, 2007.

3) I provided a written Declaration in Support of the Mexican States Motion for Summary Judgment on December 21, 2012. I am hereby providing a Second Declaration in Response to British Petroleum, Transocean, Halliburton and Cameron's Motions for Summary Judgment against the Mexican States.

4) I was retained by counsel for the States of Tamaulipas, Veracruz, and Quintana Roo to provide expert legal opinions in this case. My fee for my expert and legal services in this regard is $200.00 USD per hour.

5) The definition of "Nation" as used and cited in the Expert Report of Jose Juan Gonzalez Marquez, Rec.Doc 8167-10 ("Gonzalez Report at 35) referencing Exhibit 3 thereto (Nation, Representation of the; 5a Epoca, Sala; SJF.; LII; Pag.72 (Registro No. 332930) ('[t]he nation cannot be mistaken for a State")); Declarationof David Lopez, Rec. Doc. 8167-11 ("Lopez Rpt") at 4.3 (same) **is a non-binding opinion**, and to the best of my knowledge, since 1937 it was never followed again by the Mexican Supreme in any other case of the court. Indeed, under the authority of Article 94 of the Mexican Constitution, Article 192 on the Statute on the Procedure of Amparo (Ley de Amparo), the 1937 opinion of the Supreme Court in which all Defendants wholeheartedly rely upon to prove their case is not binding precedent (Jurisprudence in Mexico) because **unless**, its holding has been repeated and affirmed in 5 subsequent opinions by a vote of at least 8 justices of the Supreme Court in banc or by a vote of at least four justices of the Supreme Court in chambers such opinion is not binding. The following is a Supreme Court Case confirming the need for five final opinions affirming the same ruling:

**JURISPRUDENCE. IT BECOMES INTEGRATED WHEN IT IS ESTABLISHED BY REITERATION OF FIVE FINAL OPINIONS THAT ARE COINCIDENTAL, HAVE NOT BEEN INTERRUPTED BY ANY OTHER ONE TO THE CONTRARY, THUS THE DRAFTING, CONTROL AND PUBLICITY OF THE APPROPIATE ISOLATED PRECEDENTS IS MADE ONLY FOR PUBLICITY PURPOSES.**

Under Articles 94, seventh paragraph, of the Mexican Constitution, 192, second paragraph and 195 of the Statute on the Procedure of Amparo (Ley de Amparo) provide, respectively, that legislation shall determine the terms under which the precedents established by the courts of the Federal Judiciary shall be binding jurisprudence; that such precedents shall become binding, whenever that resolved in the same has been held in five final opinions that have not been disrupted by any other one to the contrary, and have been voted, in the case of the Plenary of the Supreme Court (en banc), by at least eight Supreme Court Justices, or by four Supreme Court Justices if they are deciding in one of the Chambers; likewise the rules concerning approval of the text and heading of the binding jurisprudential precedent, as well as the requirements for publicity and control; hence, the drafting, control and publicity of the pertinent precedents, is only made for publicity purposes. However, they are not part of the requirements set forth for the integration of a mandatory precedent.

**Amparo in Appeal 120/2000. Embotelladora Lagunera, S.A. de C.V. August 4, 2000.** Five votes. Writer of the Opinion: Guillermo I. Ortiz Mayagoitia. Judicial Clerk: Rafael Coello Cetina. **Amparo in Appeal 599/2000. Inmobiliaria Operativa, S.A. de C.V. August 4, 2000. 4 de agosto de 2000.** Five votes. Writer of the Opinion: Guillermo I. Ortiz Mayagoitia. Judicial Clerk: Rafael Coello Cetina. **Amparo in Appeal 736/2000. Embotelladora Moderna, S.A. de C.V. 4 de agosto de 2000.** Five votes. Writer of the Opinion: Guillermo I. Ortiz Mayagoitia. Judicial Clerk: Rafael Coello Cetina. **Conflict of Jurisdiction 271/2001. Placed between the Third Circuit Court in Administrative Matters of the First Circuit and the First Circuit Court of the Twelfth Circuit. January 18, 2002.** Five votes. Writer of the Opinion: Juan Díaz Romero. Judicial Clerk: Martha Elba Hurtado Ferrer. **Conflict of Jurisdiction 284/2001. Placed between the Fifth Circuit Court in Administrative Matters of the First Circuit, Ninth of the same matter and**

circuit and the Third Circuit Court of the Seventh Circuit. **January 18, 2002.** Five votes. Writer of the Opinion: Juan Díaz Romero. Judicial Clerk: Gonzalo Arredondo Jiménez. **Binding Jurisprudence 11/2002. Approved by the Second Chamber of this High Court, in private session of February eight of two thousand and two.**

**Registry No.** 187 773 [J]; 9a. Era; 2a. Chamber; F.J.W. and its Gazette; Volume XV, February 2002; Page 41

6) The following opinions held by the Plenary of the Mexican Supreme Court have been published and hold:

**CONTITUTIONAL CONTROVERSY. THE SEVERAL LEGAL ORDERS SET FORTH IN THE FEDERAL CONSTITUTION HAVE FUNCTIONAL AUTONOMY AND JURISDICTIONAL ATTRIBUTES OF THEIR OWN.** From the authority of articles 1, 40, 41 first paragraph, 43, 44, 49, 105 section I, 115 section I, 116 first and second paragraph, 124 and 133 of the Federal Constitution there can be identified four legal orders in the Mexican System, namely: the federal, the local or state, the one of the Federal District and the Constitutional. Each one has attributes of their own that, generally speaking, are non-inclusive among them, having autonomy for the enforcement belonging to each one of the appropriate agencies. (See Exhibit "N" *Constitutional Controversy 31/97. City Counsel of Temixco, Morelos. August 9, 1999. Eight Vote Majority. Register No. 193 262 (j); 9th Era Plenary, Gazette, Volume X September 1999, Page 709).* This is a binding opinion under Article 41 of the Statute Implementing Section I and II of Article 105 of the Mexican Constitution -- Ley Reglamentaria de las Fracciones I y II del Articulo 105 de la Constitucion Politica de los Estados Unidos Mexicanos of November 22, 1996).

Controversia constitucional 31/97. Ayuntamiento de Temixco, Morelos. 9 de agosto de 1999. Mayoría de ocho votos. Ausente: José Vicente Aguinaco Alemán. Disidentes: José de Jesús Gudiño Pelayo y Guillermo I. Ortiz Mayagoitia. Ponente: Mariano Azuela Güitrón. Secretario: Humberto Suárez Camacho. **Registro No.** 193 262 [J]; 9a. Época; Pleno; S.J.F. y su Gaceta; Tomo X, Septiembre de 1999; Pág. 709. (Contitutional Controversy 31/97. Municipality of Temixco, Morelos. August 9, 1999. Majority of 8 votes. Absent: José Vicente Aguinaco Alemán. Dissenting: : José de Jesús Gudiño Pelayo and Guillermo I. Ortiz Mayagoitia. Writer of the opinion: Mariano Azuela Güitrón. Judicial Clerk: Humberto Suárez Camacho. Registro No. 193 262 [J]; 9th. Era; Plenary; J.F.W. and its Gazette; Volume X, September 1999. Page. 709.)

**(This is a binding opinion under Article 42 of the Statute Implementing Section I and II of Article 105 of the Mexican Constitution -- Ley Reglamentaria de las Fracciones I y II del Articulo 105 de la Constitucion Politica de los Estados Unidos Mexicanos of Novemebr 22, 1996)**

**CONTITUTIONAL CONTROVERSY. THE PURPOSE OF THE CONSTITUTIONAL LEGAL ORDER IS TO ASSIGN THE JURISDICTION AND TO CONTROL DE ENFORCEMENT OF THE SAME BY THE AGENCIES OF THE OTHER LEGAL ORDERS.** The Constitutional Legal Order sets forth, in the its organic section, the system of attributes and powers binding the Federation, the States and Municipalities, as well as the Federal District and, under its dogmatic section, it provides for the Civil Rights in favor of the people, which shall be respected by all the agencies of the aforementioned legal orders according to that set forth by Article 1 of the Constitution. In addition to the above mentioned purposes, the Constitutional Order aims to keep the balance of powers granted to the agencies, which shall never go beyond the governing principles set forth by the Federal Constitution, neither infringing the Civil Rights of the people or the system of attributes and powers assigned to the agencies of a different legal order. (See Exhibit "N" *Constitutional Controversy 31/97. City Counsel of Temixco, Morelos. August 9, 1999. Eight Vote Majority. Register No. 193 262 (j); 9th Era Plenary, Gazette, Volume X September 1999, Page 709).* This is a binding opinion under Article 41 of the Statute Implementing Section I and II of Article 105 of the Mexican Constitution -- Ley Reglamentaria de las Fracciones I y II del Articulo 105 de la Constitucion Politica de los Estados Unidos Mexicanos of November 22, 1996).

Controversia constitucional 31/97. Ayuntamiento de Temixco, Morelos. 9 de agosto de 1999. Mayoría de ocho votos. Ausente: José Vicente Aguinaco Alemán. Disidentes: José de Jesús Gudiño Pelayo y Guillermo I. Ortiz Mayagoitia. Ponente: Mariano Azuela Güitrón. Secretario: Humberto Suárez Camacho. **Registro No.** 193 262 [J]; 9a. Época; Pleno; S.J.F. y su Gaceta; Tomo X, Septiembre de 1999; Pág. 709. (Contitutional Controversy 31/97. Municipality of Temixco, Morelos. August 9, 1999. Majority of 8 votes. Absent: José Vicente Aguinaco Alemán. Dissenting: : José de Jesús Gudiño Pelayo and Guillermo I. Ortiz Mayagoitia. Writer of the opinion: Mariano Azuela Güitrón. Judicial Clerk: Humberto Suárez Camacho. Registro No. 193 262 [J]; 9th. Era; Plenary; J.F.W. and its Gazette; Volume X, September 1999. Page. 709.)

**(This is a binding opinion under Article 41 of the Statute Implementing Section I and II of Article 105 of the Mexican Constitution -- Ley Reglamentaria de las Fracciones I y II del Articulo 105 de la Constitucion Politica de los Estados Unidos Mexicanos of November 22, 1996)**

**MEXICAN STATE, LEGAL ORDERS WHITIN THE.** Under the authority of Articles 1, 40, 41 first paragraph, 43, 44, 49, 105 sections I, and II, 116 first and second paragraph, 122 first and second paragraph, 124,and 133 of the Mexican Constitution we found that there are five legal orders in the Mexican State, namely: the federal, the local or state, the municipal, the one for the Federal District and the Constitutional. The latter provides, organically, the system of attributes and powers to which the Federation, the States, the Municipalities and the Federal District are to be bound. It belongs to the Mexican Supreme Court, as a Constitutional Court, to define the sphere of attributes and powers of said legal orders and, eventually, to protect the same.

Controversia constitucional 14/2001. Municipio de Pachuca de Soto, Estado de Hidalgo. 7 de julio de 2005. Unanimidad de diez votos. Ausente: José de Jesús Gudiño Pelayo. Ponente: Olga Sánchez Cordero de García Villegas. Secretarias: Mariana Mureddu Gilabert y Carmina

Cortés Rodríguez. Registro No. 177 006 [J]; 9a. Época; Pleno; S.J.F. y su Gaceta; Tomo XXII, Octubre de 2005. Pág. 2062. (Contitutional Controversy 14/2001. Municipality of Pachuca de Soto, State of Hidalgo. July 7, 2005. Unanimity of 10 votes. Absent: José de Jesús Gudiño Pelayo. Writer of the opinion: Olga Sánchez Cordero de García Villegas. Judicial Clerks: Mariana Mureddu Gilabert y Carmina Cortés Rodríguez. Registro No. 177 006 [J]; 9th. Era; Plenary; J.F.W. and its Gazette; Volume XXII, October 2005. Page. 2062.)

**(This is case was resolved by the Plenary of the Mexican Supreme Court by a unanimity of 10 votes, since one of the Supreme Court Justices was absent that day. This is a binding opinion under Article 41 of the Statute Implementing Section I and II of Article 105 of the Mexican Constitution – Ley Reglamentaria de las Fracciones I y II del Articulo 105 de la Constitucion Politica de los Estados Unidos Mexicanos – of November 22, 1996)**

7) The islands of Tamaulipas and Veracruz were part of their territory before 1917 and the States claim their original domain. Therefore, the Islands of Tamaulipas and Veracruz are not under the jurisdiction of the Federal Government, but under the Jurisdiction of the States of Tamaulipas and Veracruz, as provided in Article 48 of the Mexican Constitution.

8) I have known and worked with David Lopez for many years. David Lopez is not Licensed to Practice in Mexico. As far as I know David Lopez has never litigated any case in Mexico. I understand that David Lopez is a Texas lawyer that frequently opines on Mexican law.

9) I confirm to you that the precedents coming from the cases Temixco and Pachuca de Soto are binding precedents in terms under the authority of Article 42 of the Statute Implementing Section I and II of Article 105 of the Mexican Constitution -- Ley Reglamentaria de las Fracciones I y II del Articulo 105 de la Constitucion Politica de los Estados Unidos Mexicanos of November 22, 1996. I also confirm and authenticate that the Code of Sustainable Development for the State of Tamaulipas, the General Law of Wildlife and the General Law for Ecological Equilibrium and Natural Resources cited in the Mexican State Opposition to Motions for Summary Judgment by British Petroleum, Cameron, Halliburton and Transocean are true and correct version of such laws.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed on this the 25th day of January 2013.

_____
Dr. Carlos Alberto Enrique José Lorenzo Gabuardi Arreola, Ph.D.