PRIVILEGED AND CONFIDENTIAL

September 6, 2011

**VIA OVERNIGHT DELIVERY**

Enrique G. Serna
Serna & Associates PLLC
Serna Building 20985
IH-10 West
San Antonio, TX 78257

      Re:    Claim of the State of Tamaulipas

Dear Mr. Serna:

      BP Exploration & Production Inc. ("BP") is in receipt of your June 7, 2011 letter (the "Letter") to the Gulf Coast Claims Facility ("GCCF") regarding the State of Tamaulipas' (the "State") claim. As the GCCF's jurisdiction does not include claims by governmental entities, the GCCF has forwarded your letter to BP.

      Section 2713 of the Oil Pollution Act of 1990 ("OPA") requires that a claimant present its claim to the responsible party before commencing litigation. Judge Barbier recently ruled in the MDL 2179 litigation that presentment under OPA is a mandatory condition precedent to filing suit against a Responsible Party. *In Re : Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 10-md-2179, Rec. Doc. __ (Aug. __, 2011). The State has already commenced litigation in the multidistrict litigation proceeding in the Eastern District of New Orleans, MDL No. 2179. Pursuant to the plain language of § 2713, presentment cannot occur when premature litigation is pending.

      But even putting aside this issue, the Letter does not provide sufficient information to allow BP to evaluate the State's claim, and therefore does not satisfy OPA's presentment requirement. As federal courts have made clear, "in order to accomplish [its] purpose, the claim presented must inform the responsible party with some precision of the nature and extent of the damages alleged and of the amount of monetary damages claimed. Otherwise, the responsible party will be unable to make an informed offer of its own, unable to engage in meaningful substantive negotiations, and thus unable to settle the matter by agreeing to a final amount" *See, e.g., Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 311 (E.D. Va. 1993); *see also Gabarick v. Laurin Maritime (America) Inc.*, 2009 WL 102549, *2 (E.D.La. Jan 12, 2009); *Abundiz v. Explorer Pipeline Co.*, 2003 WL 23096018 (N.D. Tex Nov. 25, 2003); *Turner v. Murphy Oil USA, Inc.*, 2007 WL 4208986, *2 (E.D.La. Nov. 21, 2007).

Enrique G. Serna
September 6, 2011
Page 2

The Letter falls far short of meeting OPA's presentment requirement. For example, the Letter asserts the following:

> Tamaulipas has suffered severe damages and injuries resulting from the closure and pollution of the Gulf water areas; damages to its harbors, marinas, estuaries, natural resources, and waterways; the loss of revenue, which directly depends upon a supply of fish, shrimp, oysters and crabs from the Gulf of Mexico; loss of tax revenues, income, and fees resulting from a decline in tourism and rentals; loses of tax revenues from the damages to the economy; damages to its property including the diminution in value of its property; damages and costs associated with additional public services, clean-up, and removal expenses; the loss of developmental and investment opportunities; lost profits and appreciation; and other damages, losses, and injuries.

Letter at p. 4. Similar conclusory allegations are made throughout the Letter.

However, the State has not provided supporting evidence to substantiate these allegations. For example, the Letter does not provide (i) details and documentation substantiating what specific damages to harbors, marinas, estuaries, natural resources, and waterways were allegedly incurred and the nature and amount of the alleged damages; (ii) details and documentation substantiating what specific revenue was allegedly lost and how such alleged loss was caused by the oil spill; (iii) details and documentation substantiating what specific property was allegedly damaged, the nature of the damage, and the valuation of the alleged damage; (iv) details and documentation substantiating the alleged damages and costs associated with alleged additional public services, clean-up and removal expenses allegedly incurred; (v) details and documentation substantiating what specific developmental and investment opportunities were allegedly lost and how such alleged losses were caused by the oil spill; and (vi) details and documentation substantiating all "other damages, losses, and injuries allegedly incurred." Moreover, the Letter does not address if and how the State has standing to claim each of the damages alleged. For example, the State alleges property damage but has not identified what properties have allegedly been damaged or that the State owns or leases the properties at issue.

BP maintains a full-time Government Claims and Funding Requests team that reviews and evaluates all properly presented OPA claims. BP, while reserving all rights and defenses and without in any way admitting any liability or fact, remains ready and willing to review the State's claim upon proper presentment. However, in its current form BP has no ability to evaluate the State's claim. Should it be helpful to the State in submitting a revised claim, we are attaching a link to BP's website that provides forms

Enrique G. Serna
September 6, 2011
Page 3

that claimants may use in submitting claims-
http://usresponse.bp.com/go/doctype/2911/52247.

      Should you wish to discuss this matter further, please feel free to call me at (281) 366-2000.

Sincerely,

*[signature]*

Mark Holstein
Managing Attorney

PRIVILEGED AND CONFIDENTIAL

September 6, 2011

**VIA OVERNIGHT DELIVERY**

Enrique G. Serna
Serna & Associates PLLC
Serna Building 20985
IH-10 West
San Antonio, TX 78257

   Re: Claim of the State of Quintana Roo

Dear Mr. Serna:

  BP Exploration & Production Inc. ("BP") is in receipt of your June 7, 2011 letter (the "Letter") to the Gulf Coast Claims Facility ("GCCF") regarding the State of Quintana Roo's (the "State") claim. As the GCCF's jurisdiction does not include claims by governmental entities, the GCCF has forwarded your letter to BP.

  Section 2713 of the Oil Pollution Act of 1990 ("OPA") requires that a claimant present its claim to the responsible party before commencing litigation. Judge Barbier recently ruled in the MDL 2179 litigation that presentment under OPA is a mandatory condition precedent to filing suit against a Responsible Party. *In Re : Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 10-md-2179, Rec. Doc. __ (Aug.__, 2011). The State has already commenced litigation in the multidistrict litigation proceeding in the Eastern District of New Orleans, MDL No. 2179. Pursuant to the plain language of § 2713, presentment cannot occur when premature litigation is pending.

  But even putting aside this issue, the Letter does not provide sufficient information to allow BP to evaluate the State's claim, and therefore does not satisfy OPA's presentment requirement. As federal courts have made clear, "in order to accomplish [its] purpose, the claim presented must inform the responsible party with some precision of the nature and extent of the damages alleged and of the amount of monetary damages claimed. Otherwise, the responsible party will be unable to make an informed offer of its own, unable to engage in meaningful substantive negotiations, and thus unable to settle the matter by agreeing to a final amount" *See, e.g., Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 311 (E.D. Va. 1993); *see also Gabarick v. Laurin Maritime (America) Inc.*, 2009 WL 102549, *2 (E.D.La. Jan 12, 2009); *Abundiz v. Explorer Pipeline Co.*, 2003 WL 23096018 (N.D. Tex Nov. 25, 2003); *Turner v. Murphy Oil USA, Inc.*, 2007 WL 4208986, *2 (E.D.La. Nov. 21, 2007).

Enrique G. Serna
September 6, 2011
Page 2

       The Letter falls far short of meeting OPA's presentment requirement. For example, the Letter asserts the following:

> Quintana Roo has suffered severe damages and injuries resulting from the closure and pollution of the Gulf water areas; damages to its beaches and offshore natural resources; damages to its harbors, marinas, estuaries, natural resources, and waterways; the loss of revenue, which directly depends upon a supply of fish, shrimp, oysters and crabs from the Gulf of Mexico and adjacent waters; loss of tax revenues, income, and fees resulting from a decline in tourism and rentals; loses of tax revenues from the damages to the economy; damages to its property including the diminution in value of its property; damages and costs associated with additional public services, clean-up, and removal expenses; and other damages, losses, and injuries.

Letter at p. 4. Similar conclusory allegations are made throughout the Letter.

       However, the State has not provided supporting evidence to substantiate these allegations. For example, the Letter does not provide (i) details and documentation substantiating what specific damages to beaches, harbors, marinas, estuaries, natural resources, and waterways were allegedly incurred and the nature and amount of the alleged damages; (ii) details and documentation substantiating what specific revenue was allegedly lost and how such alleged loss was caused by the oil spill; (iii) details and documentation substantiating what specific property was allegedly damaged, the nature of the damage, and the valuation of the alleged damage; (iv) details and documentation substantiating the alleged damages and costs associated with alleged additional public services, clean-up and removal expenses allegedly incurred; and (v) details and documentation substantiating all "other damages, losses, and injuries allegedly incurred." Moreover, the Letter does not address if and how the State has standing to claim each of the damages alleged. For example, the State alleges property damage but has not identified what properties have allegedly been damaged or that the State owns or leases the properties at issue.

       BP maintains a full-time Government Claims and Funding Requests team that reviews and evaluates all properly presented OPA claims. BP, while reserving all rights and defenses and without in any way admitting any liability or fact, remains ready and willing to review the State's claim upon proper presentment. However, in its current form BP has no ability to evaluate the State's claim. Should it be helpful to the State in submitting a revised claim, we are attaching a link to BP's website that provides forms that claimants may use in submitting claims-
http://usresponse.bp.com/go/doctype/2911/52247.

Enrique G. Serna
September 6, 2011
Page 3

      Should you wish to discuss this matter further, please feel free to call me at (281) 366-2000.

Sincerely,

*[signature]*

Mark Holstein
Managing Attorney

PRIVILEGED AND CONFIDENTIAL

September 6, 2011

**VIA OVERNIGHT DELIVERY**

Enrique G. Serna
Serna & Associates PLLC
Serna Building 20985
IH-10 West
San Antonio, TX 78257

Re:   Claim of the State of Veracruz

Dear Mr. Serna:

BP Exploration & Production Inc. ("BP") is in receipt of your June 7, 2011 letter (the "Letter") to the Gulf Coast Claims Facility ("GCCF") regarding the State of Veracruz's (the "State") claim. As the GCCF's jurisdiction does not include claims by governmental entities, the GCCF has forwarded your letter to BP.

Section 2713 of the Oil Pollution Act of 1990 ("OPA") requires that a claimant present its claim to the responsible party before commencing litigation. Judge Barbier recently ruled in the MDL 2179 litigation that presentment under OPA is a mandatory condition precedent to filing suit against a Responsible Party. *In Re : Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 10-md-2179, Rec. Doc. __ (Aug.__, 2011). The State has already commenced litigation in the multidistrict litigation proceeding in the Eastern District of New Orleans, MDL No. 2179. Pursuant to the plain language of § 2713, presentment cannot occur when premature litigation is pending.

But even putting aside this issue, the Letter does not provide sufficient information to allow BP to evaluate the State's claim, and therefore does not satisfy OPA's presentment requirement. As federal courts have made clear, "in order to accomplish [its] purpose, the claim presented must inform the responsible party with some precision of the nature and extent of the damages alleged and of the amount of monetary damages claimed. Otherwise, the responsible party will be unable to make an informed offer of its own, unable to engage in meaningful substantive negotiations, and thus unable to settle the matter by agreeing to a final amount" *See, e.g., Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 311 (E.D. Va. 1993); *see also Gabarick v. Laurin Maritime (America) Inc.*, 2009 WL 102549, *2 (E.D.La. Jan 12, 2009); *Abundiz v. Explorer Pipeline Co.*, 2003 WL 23096018 (N.D. Tex Nov. 25, 2003); *Turner v. Murphy Oil USA, Inc.*, 2007 WL 4208986, *2 (E.D.La. Nov. 21, 2007).

Enrique G. Serna
September 6, 2011
Page 2

The Letter falls far short of meeting OPA's presentment requirement. For example, the Letter asserts the following:

> Veracruz has suffered severe damages and injuries resulting from the closure and pollution of the Gulf water areas; damages to its harbors, marinas, estuaries, natural resources, and waterways; the loss of revenue, which directly depends upon a supply of fish, shrimp, oysters and crabs from the Gulf of Mexico; loss of tax revenues, income, and fees resulting from a decline in tourism and rentals; loses of tax revenues from the damages to the economy; damages to its property including the diminution in value of its property; damages and costs associated with additional public services, clean-up, and removal expenses; and other damages, losses, and injuries.

Letter at pp. 4-5. Similar conclusory allegations are made throughout the Letter.

However, the State has not provided supporting evidence to substantiate these allegations. For example, the Letter does not provide (i) details and documentation substantiating what specific damages to harbors, marinas, estuaries, natural resources, and waterways were allegedly incurred and the nature and amount of the alleged damages; (ii) details and documentation substantiating what specific revenue was allegedly lost and how such alleged loss was caused by the oil spill; (iii) details and documentation substantiating what specific property was allegedly damaged, the nature of the damage, and the valuation of the alleged damage; (iv) details and documentation substantiating the alleged damages and costs associated with alleged additional public services, clean-up and removal expenses allegedly incurred; and (v) details and documentation substantiating all "other damages, losses, and injuries allegedly incurred." Moreover, the Letter does not address if and how the State has standing to claim each of the damages alleged. For example, the State alleges property damage but has not identified what properties have allegedly been damaged or that the State owns or leases the properties at issue.

BP maintains a full-time Government Claims and Funding Requests team that reviews and evaluates all properly presented OPA claims. BP, while reserving all rights and defenses and without in any way admitting any liability or fact, remains ready and willing to review the State's claim upon proper presentment. However, in its current form BP has no ability to evaluate the State's claim. Should it be helpful to the State in submitting a revised claim, we are attaching a link to BP's website that provides forms that claimants may use in submitting claims-
http://usresponse.bp.com/go/doctype/2911/52247.

Enrique G. Serna
September 6, 2011
Page 3

    Should you wish to discuss this matter further, please feel free to call me at (281) 366-2000.

Sincerely,

*[signature]*

Mark Holstein
Managiong Attorney