UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>Applies to:  All Cases | § § § § § § § § § | MDL No. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE*
TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING
INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT
<u>UNRELATED TO THE MACONDO WELL INCIDENT</u>**

Halliburton Energy Services, Inc. ("HESI") respectfully files this Opposition to Transocean's Motion *in Limine* to Preclude the Introduction of Evidence Regarding Instances of Prior Alleged Improper Conduct Unrelated to the Macondo Well Incident, and respectfully shows the Court as follows:[1]

### I.    SUMMARY OF HESI'S OPPOSITION

Transocean seeks to exclude evidence, including testimony, documents, and expert opinions "concerning prior incidents in which Transocean's conduct was allegedly unsafe, negligent, or otherwise inappropriate." Rec. Doc. 8287 at 1.  For example, Transocean seeks to exclude evidence related to a *Deepwater Expedition* well control event in the Bay of Bengal, and

---

[1] Because the exhibits quoted herein and attached hereto are designated as Confidential, HESI files this pleading and all exhibits under seal.  HESI will hand deliver a hard copy of this pleading and all exhibits to the Court and will upload the same to an FTP site for Liaison Counsel to access.

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE
INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER
CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

**Page 1**

evidence related to serious HSE concerns with respect to the *Arctic I* in Brazil.[2]  Rec. Doc. 8287-1 at 2-3.  This evidence is highly probative of profound and persistent failures on the part of Transocean management that caused or contributed to the Macondo incident.  Although Federal Rule of Evidence 404 is not applicable to this evidence, even if the Court finds otherwise, the evidence should still be admitted as proof of causation, knowledge, and absence of mistake or accident.  Rule 404 does not require the exclusion of this evidence because the incidents at issue are sufficiently similar to the Macondo incident to make them highly relevant to the issues that will be tried in Phase One.  Finally, given the relevance of this evidence, Federal Rule of Evidence 403 does not apply.

The central issue in Phase One of this trial is apportionment of liability.  In order to apportion liability, the Court must determine the cause, or causes, of the blowout and the resulting release of hydrocarbons.  At trial, HESI, and perhaps other parties, will argue that in the few years immediately prior to the Macondo incident, Transocean experienced a number of similar incidents that should have and, in fact, did give rise to management concerns regarding the performance of Transocean's drilling crews in handling well control events and following internal policies and procedures.

The evidence establishes a history of near-misses and that Transocean knew its drilling crews were not properly performing in well control situations.  A mere four months before the

---

[2] It is unclear whether Transocean is asking the Court to exclude only the incidents and exhibits listed in its Motion, or all evidence relating to all non-Macondo incidents, as broad statements in its Motion suggest.  Such a motion would be untimely under PTO 54, to the extent it applies to "witnesses, exhibits and matters which were identified, produced, or arose" prior to February 27, 2012. Exhibits regarding such incidents were identified on HESI's Exhibit List before that date.  *See, e.g.*, Exhibits 5649, 1761, 7124, 2197, 926, and 1525, discussed, *infra*.  Either way, evidence of these incidents is admissible, as demonstrated herein.  HESI discusses these additional documents to provide context for the relevance of the contested evidence.

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**
**Page 2**

Macondo incident, Transocean experienced a well-control incident that was remarkably similar to the Macondo incident. In connection with its investigation of that incident, Transocean developed important "lessons learned" addressing the inadequacies of the performance of its drilling crew, but failed to disseminate those lessons throughout its fleet. Transocean's arguments regarding the exclusion of this evidence highlights its disregard of the impact it may have had in preventing the Macondo incident.

## II. ARGUMENT AND AUTHORITIES

### A. The Evidence Challenged By Transocean Is Relevant

Relevant evidence means evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. All relevant evidence is admissible, except as otherwise provided by law. Fed. R. Evid. 402; *Henson v. Odyssea Vessels, Inc.*, No. 07-613, 2008 U.S. Dist. LEXIS 12026, at *15 (E.D. La. Feb. 15, 2008) (Barbier, J.) (recognizing liberal standard of admissibility). The evidence Transocean seeks to exclude is highly relevant. Transocean's failure to maintain well control and failure to timely and properly respond to the Macondo well control event was a direct cause of the Macondo incident, and the evidence Transocean seeks to exclude shows that Transocean management knew its drilling crews were having serious problems in this area.

For example, Transocean complains about TREX 63187-90. Between July and August 2009, Transocean experienced a protracted well control event on the *Deepwater Expedition*. *See generally* Exhibits A, B, C, and D. TREX 63188 is a draft report identifying lessons learned from this well control event, noting that:

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**
Page 3

- ███████████████████████ Exhibit B at 1279376.

- ███████████████████████. *Id.* at 1279379.

- ███████████████████████" *Id.* at 1279381.

TREX 63189, an earlier draft report addressing the *Deepwater Expedition* incident, notes various failings by the crew, including:

- ███████████████████████ Exhibit C at 4403094.

- ███████████████████████. *Id.*

- ███████████████████████. *Id.* at 4403096.

- ███████████████████████ *Id.* at 4403102.

In October 2009, Transocean circulated a corporate communication announcing an evaluation of safety policies and procedures and safety culture; this communication stated that Transocean was ███████████████████████ *See* Exhibit E at 4012244.  Also in 2009, Transocean noted in its Annual Report on Well Control Events and Statistics that, while

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

Page 4



█████ Exhibit F at 760058.  According to this report,

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████.

*Id*. at 760060.[3]

In December 2009, Transocean experienced a significant well control event on the *Sedco 711* rig in the North Sea.  This incident is strikingly similar to the Macondo Incident.[4]  For example,

- ████████████████████████████████████████████████████████████████. Exhibit G at 273897 (4/14/10 Operations Advisory); Exhibit H at 273275 (PowerPoint for North Sea Toolpusher Conference Call).

- ████████████████████████████████████████████████████████████████. Exhibit G at 273897; Exhibit H at 273275; Exhibit I at 607586, 607589, 607594 (Shell Incident Investigation Report).

- ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ Exhibit I at 607590.

- ████████████████████████████████████████████████████████████████ ████████████ Exhibit G at 273897; Exhibit I at 607590.

---

[3] Transocean does not complain about Exhibit E or F in its Motion; as with other such documents referenced herein, they provide context for the relevance of the contested evidence.

[4] Transocean also does not mention the *Sedco 711* incident in its Motion; nor does it specifically reference documents relating to the *Sedco 711* incident.  Accordingly, Transocean may not be attempting to argue that evidence regarding this incident is inadmissible.  Such an argument made by way of a motion *in limine* would be untimely under PTO 54.  HESI addresses the *Sedco 711* incident here because it is crucial to an understanding of the series of Transocean well control incidents and near misses culminating in the Macondo incident.

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

- ███████████████████████████████████████ Exhibit G at 273897. ███████████████████████████████████████ *See* Exhibit J.

- ███████████████████████████████████████ Exhibit I at 607586.

- ███████████████████████████████████████ Exhibit G at 273898.

- ███████████████████████████████████████ Exhibit J.

- ███████████████████████████████████████ Exhibit J.

- ███████████████████████████████████████ *Id*. at 607591.

Transocean, along with the operator (Shell) jointly investigated the *Sedco 711* well control event and developed a series of lessons learned from the incident, which included:

- ███████████████████████████████████████ Exhibit K at 1288248.

- ███████████████████████████████████████ *Id.* at 1288249.

- ███████████████████████████████████████ Exhibit G at 273898.

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

Transocean failed to timely communicate the lessons learned from the *Sedco 711* incident to the crew of the *Deepwater Horizon* (or for that matter, outside the North Sea group). *See* Exhibit M, Paul Johnson Depo. at 208:15-213:1. Had it done so, it would have warned them to avoid complacency, remain diligent, and appropriately respond to signs of a well control incident.

In the weeks preceding the Macondo incident, a Shell Vice President expressed  regarding the HSE status of the *Arctic I* in Brazil:



Exhibit L at 5467037 (emphasis added). Three weeks later, on April 20, 2010, the Transocean drilling crew disregarded observations of a kick, its training, and Transocean's well control policies and procedures, and failed to timely and appropriately respond.

B. **Rule 404 Does Not Preclude The Contested Evidence.**

1. **Rule 404 Does Not Apply**.

Rule 404 is not applicable to the evidence at issue. As the party seeking to exclude probative evidence, Transocean bears the burden of establishing the application of an evidentiary rule of exclusion. *Lyondell Chemical Co. v. Occidental Chemical Corp.*, 608 F.3d 284, 295 (5th Cir. 2010). Transocean has not met this burden.

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

Page 7

2078258 v5-24010/0002 PLEADINGS

Rule 404(b) does not apply if the evidence of prior incidents is not offered to prove character and "conformity therewith. The Rule prohibits the use of character evidence to indirectly prove facts via an inference that the person likely acted in conformity with the character trait. Significantly, HESI does <u>not</u> contend that Transocean — a non-natural person — possesses a corporate character trait. The mere fact that a quality can be described in words does not mean that such quality is a "character" trait of the type subject to Rule 404. *See United States v. Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992) (noting that a defendant's "propensity to engage in large scale drug dealing is not an admissible character trait" for purposes of Rule 404). HESI does not seek to indirectly prove that at Macondo, Transocean "acted in conformity" with a specific character trait. Rather, HESI will use this evidence to establish, among other things, knowledge, absence of mistake or accident, and causation. *See* Fed. R. Evid. 404(b). While Rule 404 is exclusionary as to evidence of bad character, it "very broadly recognizes admissibility" of prior acts for these other purposes. *See United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983).

### 2. The Prior Incidents Are Sufficiently Similar for Purposes of Rule 404(b).

The incidents at issue are similar enough to the Macondo incident that Rule 404(b) does not preclude their admission. Transocean incorrectly argues that the Court has already decided that evidence of prior conduct is inadmissible. Rec. Doc. 8287-1 at 1. In its Response to BP's Motions *in Limine* Regarding (1) Prior Alleged Improper Conduct and (2) Evidence Regarding Adverse Criminal, Civil and Regulatory Proceedings, HESI argued that evidence regarding previous incidents involving BP, including the incident occurring at BP's Texas City refinery, its petrochemical facility in Scotland (Grangemouth), and the pipeline incident and Prudhoe Bay, among others, is admissible because it relates to HESI's contention that a central cause of the

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

**Page 8**

Macondo Incident was BP's deficient attitude toward process safety and its profound, persistent, and systematic managerial failures. Rec. Doc. 4770. In its Order and Reasons [Regarding Motions *in Limine* to Exclude Instances of Prior Alleged Improper Conduct and Prior Adverse Criminal, Civil, or Regulatory Proceedings] ("*Limine* Order"), the Court held that, while "[e]vidence of similar accidents occurring under substantially similar circumstances and involving substantially similar components may be probative," these incidents were insufficiently similar to the *Deepwater Horizon* incident because they are remote in time, all land-based, and because the "circumstances of oil refinery disasters and a MODU exploratory drilling disaster are vastly different." Rec. Doc. 5634.

Transocean's argument that the prior Transocean incidents fall within the *Limine* Order because they occurred on different rigs and in different parts of the world should be rejected. Nothing in the *Limine* Order suggests that the incidents at issue must be identical. The *Sedco 711* and *Deepwater Expedition* incidents were within months of the *Deepwater Horizon* incident. These incidents and others occurring within a few years of the Macondo incident display fundamental problems with Transocean's responses to well control events, along with an alarming disregard of its own policies and procedures, all of which Transocean's management was fully aware. This evidence is highly relevant to, among other issues, causation, knowledge, notice, and the allocation of fault that will be decided at the Phase One trial.

C.  **The Contested Evidence Should Not Be Excluded Under Rule 403.**

As the Court acknowledged in the *Limine* Order, in the context of a bench trial, Rule 403 has no logical application in terms of limiting evidence based on concerns of unfair prejudice,

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

**Page 9**

2078258 v5-24010/0002 PLEADINGS

confusion of the issues, or misleading the jury.  *Limine* Order at 4 & n. 3.  Although the Court held that concerns of "undue delay, waste of time, and presentation of cumulative evidence" outweighed the relevance of the BP incidents, given their dissimilarity to the Macondo incident (Rec. Doc. 5634 at 4-5), as shown above, the Transocean incidents are strikingly similar to the Macondo incident, and very near in time.  Accordingly, Rule 403 concerns do not outweigh their relevance.

Moreover, significant time will not likely be expended to consider this evidence, as much of it is undisputed or can be the subject of stipulations.  Furthermore, this Court may place reasonable limits on the presentation of all probative evidence at trial, including the evidence Transocean seeks to exclude.  Regardless, exclusion of relevant evidence is an extraordinary remedy and should be used sparingly.  *See generally United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) (explaining that the "application of Rule 403 must be cautious and sparing").  The evidence at issue is relevant and admissible, and should not be excluded based on concerns of delay.

### III.   CONCLUSION

The evidence Transocean seeks to exclude is highly probative of management failures on the part of Transocean that caused or contributed to the Macondo incident.  Neither Federal Rule of Evidence 404 nor Federal Rule of Evidence 403 require exclusion of this evidence.  Accordingly, the Court should deny Transocean's Motion *in Limine* and allow evidence related to prior Transocean incidents to be presented at trial.  Such evidence is highly relevant and material to the issues that will be determined at the Phase One trial.

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**
**Page 10**

2078258 v5-24010/0002 PLEADINGS

Respectfully Submitted,

**GODWIN LEWIS PC**

By: /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No.  00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No.  20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No.  24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION** *IN LIMINE* **TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**
**Page 11**

2078258 v5-24010/0002 PLEADINGS

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Opposition to Transocean's Motion *In Limine* to Preclude the Introduction of Evidence Regarding Instances of Prior Alleged Improper Conduct Unrelated to the Macondo Well Incident has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 25th day of January, 2013.

/s/ Donald E. Godwin
Donald E. Godwin

**HESI'S OPPOSITION TO TRANSOCEAN'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**
**Page 12**

2078258 v5-24010/0002 PLEADINGS