UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding BP's Request to Add Frank Patton as a Live Witness (Rec. doc. 8181)]**

On January 4, 2013, BP requested leave to amend its Phase One Good Faith Will Call Witness List to add Frank Patton.  Rec. doc. 8181.  The U.S. filed an opposition.  Rec. doc. 8233. BP filed a reply.  Rec. doc. 8244.

At the time of the blowout, Patton was a drilling engineer for the Minerals Management Service ("MMS").  BP reports that he was responsible for reviewing and approving its submissions for the Macondo well, including its April 16, 2010 Application for Permit to Modify ("APM") which included the negative test procedure.  Patton was deposed in July 2011.  BP reports that when it submitted its Phase One witness list on January 20, 2012, it planned to offer his testimony by deposition.

It seeks to add him as a live witness at the trial for two reasons.  First, documents were produced after Patton's deposition and the original Phase One trial date which are relevant.  It cites as an example documents relating to the basis for his approval of the APM.[1]  Second, it cites a filing

---

[1] Of 27 documents, Patton is the recipient of 2 one page emails.

by the U.S.[2] concerning positions it will take at the February 2013 trial of Phase One. BP urges that Patton possesses information relevant to the standard of care allegations by the U.S.

The U.S. does not dispute that 27 documents identified by BP were produced after the original Phase One trial date, but asserts there is a lack of a connection between these documents and Patton. It argues that it properly produced Patton's custodial documents before his deposition.

The U.S. provided the 27 documents to the Court. BP argues that it did not have the opportunity to question Patton or any other U.S. witness about the statements in these documents. For example, it cites Patton's testimony that he was unsure whether BP was nominated for a MMS SAFE award in 2010. It contends that: (1) documents produced after the original Phase One trial date confirm that BP was nominated for the award; and (b) the documents contain statements about the basis for the award. Rec. doc. 8244 at 3.[3]

The Court has reviewed the 27 documents. Because of the volume of discovery required for Phase One and the February 27, 2012 trial setting, discovery could not proceed in the typical sequence with written discovery and document production followed by depositions. A custodial file production procedure was implemented. BP has not demonstrated a deficiency in the custodial file production for Patton. While some of the 27 documents likely are relevant, their content does not reach the level that justifies adding Patton as a live witness to be examined for the first time

---

[2] August 31, 2012 Memorandum in Response to BP Memorandum in Support of its Motion for Final Approval of *Deepwater Horizon* Economic and Property Damages Settlement. Rec. Doc. 7114.

[3] The parties should confect a stipulation regarding this fact.

regarding these documents at the Phase One trial.[4] The argument concerning the position that the U.S. will take at the Phase One trial is in an insufficient basis for calling Patton live at the trial.

IT IS ORDERED that: (1) BP's request to add Frank Patton as a live fact witness at the Phase One Trial (Rec. doc. 8181) is DENIED; and (2) the deadline for an appeal from this order is **Friday, February 1, 2013.**

New Orleans, Louisiana, this 28th day of January, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[4] This statement shall not be construed as a ruling on their admissibility. This is reserved to Judge Barbier.