## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig      MDL NO. 2179
     "Deepwater Horizon" in the Gulf
     of Mexico, on April 20, 2010      SECTION J

Applies to: *All Cases*      JUDGE BARBIER
     MAGISTRATE JUDGE SHUSHAN

## ORDER

**[Regarding Working Group Conference on Friday, January 25, 2013]**

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

## Capping Stack

There was discussion of the proposed order for the release of the mandrel and in particular paragraph 2. Transocean wants the return of the capping stack for immediate use in its fleet and wants to be able to raise the issue of the ownership of the capping stack at the appropriate time and request its expedited return. While BP agrees with the release of the mandrel, it contends that the equipment at Michoud, including the capping stack, should remain through expert discovery. The Court will add a footnote reserving Transocean's right to seek return of the capping stack before signing the order.

## PHASE ONE PREPARATION

1.     **Protocol Proposed by BP and HESI for Combined List of Phase One and Two Exhibits**.

BP reported that: (a) the parties did not agree on the combining of the two lists; and (b) the

remainder of the proposal will be revised to account for feedback from the U.S.  The Court requested that when the parties circulate their Phase One exhibit lists, they include all of their Phase One exhibits in a single spreadsheet.

2.      **Additions to Exhibit Lists**

Pursuant to Amended Pre-Trial Order No. 54 (Rec. doc. 8173), each party was granted leave to add up to 35 exhibits to its exhibit list without demonstrating "good cause."

The remaining deadlines on the schedule for newly added exhibits are:

**February 8, 2013**      Deadline for parties to file evidentiary or authenticity objections to January 11, 2013 additions to exhibit lists that the Court determines have been properly added for good cause or that are among the 35 other additions. Once the Court has decided which good-cause additions are proper based on the parties' challenges, this deadline will give the parties a chance to evaluate objections to those remaining exhibits.

**February 8, 2013**      Deadline for parties to provide branded copies of January 11, 2013 additions to exhibit lists to inData.

The parties shall provide all newly added exhibits and any changes to the exhibit lists to inData by **Friday, February 8, 2012.**

3.      **HESI's first amended objections to Phase One exhibits designated by other parties**.

HESI filed these objections on January 14 (Rec. doc. 8242).[1]  The PSC moved to strike the objections (Rec. doc. 8320).  HESI responded (Rec. doc. 8321).  The PSC replied.

4.      **HESI's Objections to Plaintiff's 1/11/13 Phase One Exhibit List (Rec. doc. 8297)**.

The plaintiffs filed an opposition (Rec. doc. 8299).  HESI will submit a reply.

---

[1] HESI combined the First Amended Objections to Phase One Exhibits Designated by Other Parties with Objections to Phase Two Exhibits Designated by Other Parties.  Rec. doc. 8242.

5.      **BP's 1/11/13 "Good Faith" Phase One and Two Trial Exhibit List and Motion to Add for Good Cause.  Rec. doc. 8225.**

The U.S. and Transocean objected.  BP responded.  The U.S. was granted until January 28 to  file a further letter brief.  BP has until **January 29** to respond.

6.      **Cured Exhibits**

Halliburton reported that the vast majority of the cured exhibits were provided to inData. There are a few exhibits on which work remains.

7.      **Demonstratives.**

Judge Barbier requests two binders of all demonstrative aides to be used with each witness. Subject to objection, they will be introduced into evidence.  The terms "demonstrative" and "demonstrative aides" are used interchangeably.

The distinction that the parties were trying to make is now defined:

A simple opening or closing statement outline, bullet points, exhibits or portions of an exhibit, or a portion of written transcript of a deposition, video clips of a deposition and the like are not "demonstrative" aides and need not be exchanged in advance of their use at trial.  If they are excerpts from an exhibit or a written transcript of a deposition or a video clip of a deposition, they shall clearly identify their source by reference to the exhibit number, date of deposition and page number of the transcript.

If an aide is something newly created or based on an exhibit which has been manipulated in some way, that is a "demonstrative."  All demonstratives must be exchanged in accord with Amended Pre-Trial Order No. 54.  Rec. doc. 8173 at 3-4. All demonstratives based on an exhibit shall clearly identify their source by reference to the exhibit number.

In response to Halliburton's first inquiry, the parties may refer to the source of the demonstrative on the last or back page, so the references to sources do not clutter the face of the demonstrative.

3

Halliburton also proposed that the parties be permitted to refer to a portion of an expert's report as the source of an animation and the report of expert would indicate the materials relied upon by the expert.  Judge Barbier finds this proposal unacceptable.  There are too many steps from the demonstrative (animation) to the exhibits.  All demonstratives (animation) must contain references to the exhibits they are based on.  They may also refer to a report of an expert.

**8.** **Phase One Glossary of Terms**

Glossaries of Terms were provided by Don Haycraft and forwarded to the court reporters. Andy Langan will obtain Worldwide's glossary of terms for Magistrate Judge Shushan, Cathy Pepper and Judge Barbier.  The glossaries will be reviewed to see if anything else needs to be added.

**9.** **Changes to Witness Lists**

a.      <u>Frank Patton</u>.

The U.S. objected (Rec. doc. 8233) to BP's request to add Patton to testify live at the trial (Rec. doc. 8181).  BP submitted its reply.

b.      <u>Gregory Meche</u>.

M-I confirms that the deposition designations for Meche were completed and submitted to Judge Barbier.  This will be removed from the agenda.

c.      <u>Jeff Wolfe</u>.

Transocean will work with the parties on a procedure for completing deposition designations and a two page summary for Wolfe.

**10.** **Roland Chemali**.

HESI reported on recently located Chemali documents.  Rec. doc. 8328.  The PSC responded and requested: (a) all emails and attachments at issue; (b) submission of Chemali's custodial file to

4

third party scrutiny; and (c) a supplemental Chemali deposition.  HESI replied.  Rec. doc. 8327.

HESI reported that by close of business on **Friday, February 1, 2013**, any new documents will be produced.  If there are new documents, the parties will be permitted to add them to their exhibit lists.

A ruling will be issued on the requests for a supplemental deposition and a forensic examination.

**11.    David Calvert**.

A ruling was issued regarding HESI's request for reconsideration of the January 16, 2013 order.  Rec. doc. 8347.

**12.    John Guide**.

To correct the transcription error an "X" will be placed on the page to be corrected and a new page will be inserted.

**13.    Tom Roth and Tim Quirk**.

The PSC reported difficulties in communicating with counsel for Roth and Quirk.  The Court requested that the PSC communicate to their counsel that Roth and Quirk are under subpoena.  If they do not reach agreement with the PSC on the date and time for an appearance, they shall be in attendance for the first day of trial and remain until they are called to testify.

**14.    Courtroom Set-Up**.

A final technical walk through with attorneys and technical staff has been set for **Wednesday, February 20, 2013 at 9:30 a.m.**

**15.    Overflow Courtrooms**.

Judge Barbier requested that if a litigant has other people it will bring during the trial who

cannot be accommodated through assigned seating in his courtroom, they should be placed in the overflow courtrooms instead of taking up non-lawyer spectator space in his courtroom.

**16.** **Security.**

There may be occasions when a trial day will go until 6:00 p.m.  If so, there will be arrangements to permit people to leave by 6:30 p.m.  Judge Barbier will not go past 6:00 p.m.

**17.** **Expert Order of Testimony.**

By Friday, February 1, 2013, the parties shall submit to Marie Firmin (marie_firmin@laed.uscourts.gov) their *in camera* list of experts and the order of their presentation. The PSC and the U.S. report they will submit a joint *in camera* list.  BP's objected to Judge Barbier knowing the order of presentation when a party does not know an adversary's order of presentation is noted.  The Court will not pass these lists to Judge Barbier until it considers BP's objection.

**18.** **Confidentiality Issues.**

The PSC reported on: (a) bringing the parties back up to speed on the confidentiality issues relative to the trial; (b) the redaction of "Coke formula" type information from exhibits; and (c) review of exhibits in deposition bundles to redact personal information (Social Security numbers, home phone numbers, home addresses, etc.).  BP confirmed that it is working to redact personal information.  In response to questioning by Anadarko, the PSC confirmed that it approved Anadarko's redaction requests which were forwarded to inData for redaction.

Anthony Irpino reported on the PSC's communications with Jordan at inData.  Jordan requests that all parties communicate with him regarding exhibits and confidentiality redactions. The PSC confirms that inData knows that all deposition bundles must be complete three weeks before trial (Monday, February 4, 2013).  The PSC asked that the parties call with any questions.

**Friday, February 1, 2013**, is the deadline for designation for redaction of "Coke formula" type information in expert reports.

On **Monday, February 18, 2013 (a week before the start of the trial) at 9:30 a.m.**, there will be a meeting with the Court at which the parties will identify the experts who will be called during the first week of the trial.  At that time the reports of those experts will be filed into the record.  Thereafter meetings will be scheduled each week for designation of experts for testimony in the next week and the filing of the reports of those experts into the record.

19.     **BP's Objections to Transocean's Supplemental Exhibit List (Rec. doc. 8329)**.

The Court's notes reflect that on February 22, 2012, there was a conference concerning trade secrets.  Trade secret issues were raised by almost all of the parties, including the U.S.  The Court granted BP's request to provide the U.S. with 2 days notice of pages it proposed to use.  At that time BP and the U.S. would work through the regulation issues.

At the January 25, 2013 conference, the U.S. discussed the TIMS database and the 2 day notice provision.  The U.S. reported that BP Exhibit TREX 45482 and 45483 appear to be placeholders for potentially 10,000 exhibits.  The U.S. objected that this was inconsistent with the position taken by BP on Transocean's addition of 35 exhibits to its exhibit list pursuant to Amended PTO 54.  BP responded that the issue raised by the U.S. was resolved at the February 22, 2012 conference.  It urged that the issue with U.S. trade secrets is distinguishable from its objections to Transocean's supplemental exhibit list.

Transocean argues that TREX 5266 and 52668 are admissible as summary exhibits under Rule 1006 of the Federal Rules of Evidence.  Transocean contends that the provision in Amended PTO 54 for 35 exhibits does not preclude summary exhibits.  BP responds that it has no objection

to a summary exhibit among the 35 where the underlying exhibits are already listed.  Its objection is to a summary exhibit where the underlying exhibits did not appear until the service of the supplemental exhibit list.  BP asked that it permitted to submit a further letter brief on January 28.

**20.     Upcoming Phase One Pre-Trial Dates Through March 1, 2013.**

**January 25, 2013:**   Parties to submit opposition briefs to pre-trial motions and motions *in limine* submitted on January 18, 2013.

**January 28, 2013:**   Parties to submit reply briefs regarding pre-trial motions and motions *in limine* submitted on January 18, 2013.

**February 13, 2013:**  Parties to exchange "all demonstrative aides" that they "reasonably anticipate using in openings or during the first week of trial" that were not previously disclosed prior to the February 27, 2012 trial date or have been modified since.

**February 18, 2013:**  Deadline to object to the demonstrative aides exchanged on February 13, 2013.

**February 20, 2013:**  Good faith projection of witnesses appearing during the first week of trial due at noon.

**February 25, 2013:**  MDL 2179 Phase One trial to commence (8:00 a.m.).

**February 27, 2013:**  Good faith projection of witnesses appearing during the second week of trial due at noon.

**February 28, 2013:**  Phase One Marshaling Conference (4:00 p.m.).

**21.     Trial**

The trial of Phase One will begin on **Monday, February 25, 2013.**

**PHASE TWO**

**Phase Two Document Production**

1.      **Open Document Production Issues Between BP and U.S.**

A conference call will be scheduled for the week of January 28 with the U.S. and BP.  Prior to the conference, the parties will attempt to resolve the remaining document production issue.

2.      **Professor Ira Leifer and UCSB Document Production**.

The deposition of Dr. Leifer is set for **February 21 and 22** in Santa Barbara.  A Fifth Supplemental Order on document production was issued.  Rec. doc. 8344.  Counsel for the U.S. House of Representatives and BP are attempting to resolve issues raised by UCSB's assertion of a Congressional Privilege.

**Phase Two Fact Depositions**

1.      **Designees for the BP 30(b)(6) depositions**.

On January 2, 2013, an order was issued regarding the Rule 30(b)(6) Deposition of BP and the testimony of three persons: (1) Robert Sanders; (2) Kevin Devers; and (3) Ellen Williams.  Rec. doc. 8149.  One issue was resolved with the deposition of Trevor Hill.  The U.S. and BP are working to resolve the remaining issues.

BP filed a motion for reconsideration.  Rec. doc. 8330.  The U.S. will submit an opposition on **January 30.**  BP will submit a reply on **February 4.**

2.      **Designees for the U.S. 30(b)(6) depositions**.

On January 7, 2013, BP submitted a letter requesting additional Rule 30(b)(6) designees and testimony from the U.S.  Rec. doc. 8283.  The U.S. submitted an opposition.  BP submitted a reply.

It is under submission.

3.      **Oceaneering**.

The U.S. reported receipt of documents but production is not complete.  The depositions of the designees, Anthony Harwin (ROV) and Kinton Lawler (deep sea technical solutions/subsea intervention), are tentatively set for February 7 and 8.

| Witness | Classification | Length | Date |
|---|---|---|---|
| **Week - January 28 - February 1** | | | |
| TO (Fact)         Steve Hand | Source Con. | 2 days  N.O. | Jan. 28-29 |
| BP (Fact)         Mike Levitan | Quant. | 2 days  N.O. | Jan. 30-31 |
| U.S. (Fact)       Ronald Dykhuizen | Quant. | 2 days  N.O. | Jan. 30-31 |
| U.S. (Fact)       Mark Havstad | Quant. | 2 days  N.O. | Jan. 30-31 |
| **Week - February 4 -8** | | | |
| U.S. (Fact)       George Graettinger | Quant. | 2 days  Wash., D.C. | Feb. 6-7 |
| Oceaneering (30(b)(6)) Anthony Harwin | ? | 1 day  Hous. | Feb 7 |
| Oceaneering (30(b)(6)) Kinton Lawler | ? | 1 day  Hous. | Feb. 8 |
| UCSB              Professor Leifer | Quant. | 2 days  Santa B. | Feb. 21-22 |

**February 8 is the deadline for the completion of fact depositions.**

**OTHER ISSUES**

1.      **Orders from Phase One Which Should Be Applicable to Phase Two.**

Anadarko reported that it is still working with the parties on the proposed order regarding experts with a request for input from the parties.  It will re-circulate the draft with everyone's comments.  BP can comment on that draft.

2.      **Phase Two Exhibit Objections**.

BP reported that at the January 22  meet-and-confer there was agreement on a schedule for resolving Phase Two objections which will be submitted to the Court.  The PSC reported that the parties agreed to extend deadlines relative to objections by about a week.  The Court does not object to the parties reaching agreement on extending such deadlines as long as meet and confer continues.

3.      **Foundation Objections**.

The deadline for fact depositions is February 8.  The PSC reported that it may request additional depositions if foundational depositions are not resolved.  BP objects to any waiver of the fact deposition deadline.  The U.S. reported that there may be a need for custodian or authenticating depositions.

The Court encouraged the parties to consider whether a foundation for the admissibility of a document could be laid through a custodial deposition, and if so, whether it was necessary to persist in the objection or take a custodial deposition.

4.      **Privilege Issues**.

The U.S. reported that there is a privilege issue which may require the attention of the Court.

5.      **Orders Proposed by the U.S.**

The U.S.'s proposed order clarifying that communications between the U.S. and the States, particularly the non-party States, are confidential and is deferred until the next conference on February 15.

6.      **Presentment**.

The PSC described April 20, 2013 as the most conservative date for making presentment.  It made a proposal regarding presentment for certain claims.  BP objected to the proposal.  The

proposal will be considered, but no decision will be made until BP and the States have a full opportunity to respond to the proposal.  The Court is not requesting briefs on the issue at this time.

### CONFERENCE SCHEDULE

| | |
|---|---|
| 02/01/13 | No conference - Super Bowl on February 3 |
| 02/08/13 | No conference - Mardi Gras on February 12 |
| 02/15/13 | WGC meeting at 9:30 a.m. |
| 02/20/13 | Tech Final Walk Through at 9:30 a.m. |
| 02/22/13 | WGC meeting at 9:30 a.m. |
| 02/25/13 | Commencement of trial of Phase One. |
| 03/01/13 | WGC meeting at 9:30 a.m. |
| 03/08/13 | WGC meeting at 9:30 a.m. |
| 03/15/13 | WGC meeting at 9:30 a.m. |
| 03/22/13 | No WGC Conference |
| 03/29/13 | No WGC Conference |
| 04/05/13 | No WGC Conference |
| 04/12/13 | WGC meeting at 9:30 a.m. |
| 04/19/13 | WGC meeting at 9:30 a.m. |
| 04/26/13 | WGC meeting at 9:30 a.m. |
| 05/03/13 | WGC meeting at 9:30 a.m. |
| 05/10/13 | WGC meeting at 9:30 a.m. |
| 05/17/13 | WGC meeting at 9:30 a.m. |
| 05/24/13 | WGC meeting at 9:30 a.m. |

| | |
|---|---|
| 05/31/13 | WGC meeting at 9:30 a.m. |
| 06/07/13 | WGC meeting at 9:30 a.m. |
| 06/14/13 | WGC meeting at 9:30 a.m. |
| 06/21/13 | WGC meeting at 9:30 a.m. |
| 06/28/13 | WGC meeting at 9:30 a.m. |
| 07/05/13 | No Conference |
| 07/12/13 | WGC meeting at 9:30 a.m. |
| 07/19/13 | WGC meeting at 9:30 a.m. |
| 07/26/13 | WGC meeting at 9:30 a.m. |
| 08/02/13 | No Conference |
| 08/09/13 | WGC meeting at 9:30 a.m. |
| 08/16/13 | WGC meeting at 9:30 a.m. |
| 08/23/13 | WGC meeting at 9:30 a.m. |
| 08/29/13 | Phase Two Final Pre-Trial Conference |
| 09/09/13 | Commencement of Phase Two Trial |

**All Saturdays are email free days.**

New Orleans, Louisiana, this 28th day of January, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**