UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| …………………………………………... | : | |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
CERTAIN EVIDENCE RELATED TO CRIMINAL PROCEEDINGS**

The only responses filed to BP's motion, by the United States and the PSC, agree that the Information and Indictments should be excluded from the Phase I trial as hearsay.

There are two issues for the Court to resolve. First, the PSC argues that BP's request to exclude other documents and statements related to the criminal proceedings is too vague. But, as shown below, BP's motion describes the other documents and statements at issue, and the legal reasons for excluding such statements are the same as those for excluding the Information and Indictments.

Second, the United States claims that BP has admitted that BP Exploration & Production Inc.'s ("BPXP") guilty plea and allocution – particularly the documents and their contents as opposed to the factual matter that BPXP admitted therein – should come into evidence as admissions. This is not the case; BP was clear that only the facts in BPXP's allocution should come into evidence.

In sum, BP's motion in limine to exclude certain evidence related to criminal proceedings should be granted.

I. **BP's Motion to Exclude the Information and Indictments Is Unopposed and Should Be Granted.**

BP seeks to exclude the Information against BPXP filed November 15, 2012 in *United States v. BP Exploration & Production Inc.*, Cr. No. 12-292 (E.D. La.) (Rec. Doc. #1) as well as a Superseding Indictment filed on November 14, 2012, in *United States v. Kaluza & Vidrine*, Cr. No. 12-265 (E.D. La.) (Rec. Doc. #7), and an Indictment filed the same day in *United States v. Rainey*, Cr. No. 12-291 (E.D. La.) (Rec. Doc. #1) (collectively, the "Criminal Proceedings"). Neither the United States nor the PSC, the only parties to respond to BP's motion, oppose this relief. (Combined Resp. by the United States to Four Mots. in Limine ("US Resp."), Jan. 25, 2013, Rec. Doc. 8352 at 2; PSC's Mem. in Opp'n to BP's Mot. in Limine ("PSC Mem. in Opp'n"), Jan. 25, 2013 Rec. Doc. 8357 at 1.) Therefore, these documents should be excluded.

II. **Other Documents and Statements That are Not Admissions Should Be Excluded As Hearsay.**

Even though the PSC does not oppose BP's requested exclusion of the Information and Indictments identified in Section I, the PSC claims that the remaining relief sought by BP is too vague. (PSC Mem. in Opp'n. at 3-4.) But in fact BP is clear on what documents it seeks to exclude: "Indictments, informations, and any other documents generated, or statements made, by prosecutors in a criminal proceeding are inadmissible hearsay under Rules 801 and 802." (BP's Mem. in Supp. of its Mot. in Limine ("BP Memorandum"), Jan. 18, 2013, Rec. Doc. 8296-1, at 4.) As explained in BP's Memorandum, documents or statements made by prosecutors are hearsay, and the PSC and other parties should not be allowed to use them here in an attempt to manufacture evidence against BP. Indeed, this is the same rationale for excluding the information and indictments described in Section I. As the PSC does not object to excluding the information and indictments, it has no basis to argue against excluding other documents, portions of documents, or statements that are not factual admissions made by BP, including any

2

documents or statements made by prosecutors during or in connection with the Criminal Proceedings.

### III. BP's Motion Does *Not* Admit that any Other Documents Should Be Admitted into Evidence.

Finally, BP did not "affirmatively . . . stat[e] that guilty pleas to criminal actions are admissible in Phase One," or, indeed, that any documents or statements are admissible. (US Resp. at 2.)  Instead, what BP said was simply that "the factual allocation in the Guilty Plea Agreement *may* be admissible as evidence in this case, ***to the extent the contents are relevant and not precluded from evidence on some other ground***." (BP Mem. at 2 (emphasis added).) Indeed, even the PSC recognizes this point, stating that BP concedes that statements in the factual allocation "are *potentially* admissible." (PSC Mem. in Opp'n. at 2 (emphasis added).) Thus, BP's motion did not admit that the allocution or any potential order regarding BPXP's Guilty Plea Agreement was admissible, and of course, nor did BP admit the admissibility of any other statement such as the other provisions of BPXP's Guilty Plea Agreement. Indeed, BP requested that the Court issue an Order that only the facts set forth in the Allocution incorporated into BPXP's Guilty Plea Agreement are admissible, subject to relevancy and other appropriate objections.

To the extent other documents not discussed above are generated as a result of criminal proceedings, BP reserves all objections with respect thereto.

### CONCLUSION

BP respectfully requests that the Court issue an Order excluding from evidence all Informations, Indictments, and any other documents generated, or statements made, by prosecutors in the criminal proceedings referred to above and in BP's Memorandum, with the

3

exception of the factual allocution in BPXP's Guilty Plea Agreement and the allocution and order associated therewith.

Dated:  January 28, 2013

Respectfully submitted,

<u>/s / Don K. Haycraft</u>

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of January, 2013.

/s/  Don K. Haycraft__