UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| ……………………………………………... | : | SHUSHAN |

## BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE EVIDENCE RELATED TO THE SEC SETTLEMENT

Only the PSC opposed BP's motion to exclude the SEC Settlement. The PSC correctly points out that the SEC settlement has little to do with the issues in the Phase I trial, but also maintains that the SEC Consent and final judgment are admissible to show that BP p.l.c. engaged in illegal behavior and that this may serve as "circumstantial evidence" of BP's (or BP witnesses') "credibility" and even liability in the Phase I trial. (Rec. Doc. 8360 at 3.)

Not so. None of the authorities that the PSC cites support admitting the SEC settlement as evidence in this case. The first case, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000), is a labor and employment case concerning a plaintiff who claimed age discrimination, which stands for the proposition that "[i]n appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation [of the employer's decision to terminate the employee] that the employer is dissembling to cover up a discriminatory purpose." There is no parallel between contradictory explanations for alleged discriminatory acts and the contents of the SEC settlement documents and BP's conduct with respect to the causes of and liability for the blowout of the Macondo well.

The second case, *Hickory v. United States*, 160 U.S. 408 (1896), is an appeal from a conviction for murder in which the Supreme Court addressed whether the lower court's

1

instructions to the jury, which, among other things, suggested that the man was guilty because he ran away from the scene of the crime, were proper. The Court granted the man a new trial, holding that acts of concealment "are not to be considered as alone conclusive, or as creating a legal presumption of guilt. They are mere circumstances to be considered and weighed in connection with other proof with that caution and circumspection which their inconclusiveness when standing alone requires." *Id.* at 416-17. Again, this decision has nothing to do with the current case. The SEC documents are not evidence of "concealment" – they are not "evidence" of anything other than the fact of the settlement – that is the whole point of BP's motion and the law cited therein. And even if they were, they do not concern the same matters at issue with respect to BP's conduct leading up to the blowout.

      The PSC also has no support for its suggestion that the SEC settlement materials may be used to impeach witnesses. Rule 408 prohibits the admission of the Consent and final judgment for impeachment purposes. "Clearly, the Consent and Final Judgment in the civil proceeding and the Releases/settlements in the SEC proceedings, and evidence of conduct of the parties or statements made *in the course of* those settlement negotiations, must be excluded by the plain language of this rule." *Option Res. Grp. v. Chambers Dev. Co.*, 967 F. Supp. 846, 849 (W.D. Pa. 1996). *See also United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981) (holding a consent decree may not be used to prove the underlying facts of liability and that Rule 408 generally bars the introduction of such evidence or a compromise). Indeed, Rule 408 explicitly states that evidence of "furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim" and of "conduct or a statement made during compromise negotiations" **"is not admissible . . . to impeach by a prior inconsistent statement or a contradiction."** *See also Ikossi-Anastasiou v.*

*Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 551 (5th Cir. 2009).  This is common sense.  If every consent decree constituted an admission of liability, or provided ammunition in the form of impeachment, defendants would have little incentive to settle cases.  The Consent and final judgment may not be used to impeach.

Finally, as the PSC itself recognizes, the SEC's complaint and the resulting settlement concern only post-incident conduct by BP p.l.c. and its affiliates and their directors, officers, and employees.  Thus, even if these materials were otherwise admissible into evidence – which they are not – they would still be excluded from evidence in the Phase I trial by Rule 402 (as irrelevant) and Rule 403 (as unfairly prejudicial, confusing, misleading, and causing undue delay and waste of time), as recognized by the Court's prior Order excluding evidence unrelated to the issues before the Court in the Phase I trial (Rec. Doc. 5407).

For the foregoing reasons, BP respectfully requests that the Court issue an Order excluding from evidence all materials related to the SEC charges and settlement.

Dated:  January 28, 2013

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of January, 2013.

                                                                                             /s/  Don K. Haycraft__