UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| "**Deepwater Horizon**" **in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION "J"** |
| | * | |
| **This document relates to:** | * | **JUDGE BARBIER** |
| *All Cases* | * | |
| | * | **MAG. JUDGE SHUSHAN** |
| | * | |

## ORDER

On January 18, 2013, BP filed a "Motion *In Limine* to Clarify the Court's Order Regarding the *Deepwater Horizon* Study Group Report." (Rec. Doc. 8293). This motion, as well as the PSC's opposition (Rec. Doc. 8359) and BP's reply (Rec. Doc. 8380), are presently before the Court. BP's motion seeks to preclude parties from introducing the *Deepwater Horizon* Study Group Report, also known as the "Berkeley Report," on grounds that it does not meet the business records exception to hearsay, relies upon material the Court has deemed inadmissible, and contains double hearsay.

Under the Court's scheduling order of November 14, 2011, the deadline for filing motions *in limine* to exclude non-governmental reports was December 5, 2011. (Rec. Doc. 4572 at 2). Notably, the scheduling order listed the Berkeley Report as an example of a non-governmental report. (*Id.*). BP did not file a motion *in limine* to exclude any non-governmental reports by December 5, 2011.[1] On February 24, 2012, the Court ruled on the motions *in limine* to exclude non-governmental reports, stating:

---

[1] In its December 12, 2011 opposition to various motions *in limine* (Rec. Doc. 4896), BP does state, in a footnote, that it "does not oppose the motions to the extent they seek to exclude non-governmental reports prepared by others, such as the so-called Berkeley Report, to which BP intends to object in due course." This footnote, of course, does not amount to a motion to exclude the Berkeley Report, and, in any respect, comes after the December 5, 2011 deadline.

> The Court finds that the subject non-governmental reports—the so-called "Bly Report," Transocean's incident investigation report, and the so-called "*Berkeley Report*"—are all business records within the meaning of Federal Rule of Evidence ("FRE") 803(6). The Court hereby admits these reports subject to the objections raised in the instant motions *in limine* based on alleged "inner hearsay" within the reports. The Court will address these objections during the trial as needed and will give the reports whatever weight they deserve. . . . The Court also finds that the above-named non-govenmental reports should not be excluded under FRE 701 or 702 at this time.

(Rec. Doc. 5834 at 1-2) (emphasis added).

Although Amended Pre-Trial Order 54 established a new deadline of January 18, 2013 for filing pre-trial motions and motions *in limine*, only those motions concerning "witnesses, exhibits, and matters which were identified, produced, or arose *after February 27, 2012*" would be entertained by the Court. (Rec. Doc. 8173 ¶ 4). Amended PTO 54 further stated, "Without prejudice to the parties' ability to object to evidence during the normal course of trial, no new pre-trial motions or motions in limine shall be filed concerning any witness, exhibit, or matter that was produced or identified prior to the February 27, 2012 first trial setting." (*Id.*).

For these reasons,

**IT IS ORDERED** that BP's Motion *In Limine* to Clarify the Court's Order Regarding the *Deepwater Horizon* Study Group Report (Rec. Doc. 8293) is **DENIED AS UNTIMELY.**

Signed in New Orleans, Louisiana, this 29th day of January, 2013.

_____
United States District Judge

2