IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:  *All Cases*<br><br>(Including Civil Action No. 12-970) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR ENTRY OF ORDER
PROVIDING FOR STRUCTURED SETTLEMENT OPTION
AND AMENDMENT TO RELEASE**

Since the public notice of the Economic and Property Damages Settlement Agreement (hereinafter referred to as the "Settlement"), Class Counsel has been advised directly and indirectly of a significant interest among certain individual Claimants—most notably business Claimants and Claimants in the Seafood Program who may receive substantial sums under the Settlement—in structuring settlement compensation.  Claimants have expressed an interest in exercising an option to receive payment over more than one tax year so as not to distort typical income patterns and taxation rates.  The settlement recoveries may be taxable, unlike monies paid in a settlement for personal physical injury.  Thus, a Claimant who recovers a single lump-sum in one calendar year could incur a substantial tax burden.  Class Counsel believes that the use of structured settlements may mitigate such tax burdens on Claimants and, therefore, has requested that Claimants be provided the option of structuring settlements over time.

**ARGUMENT**.

Class Counsel consulted with Patrick Juneau, the Claims Administrator for the Economic and Property Damages Settlement Class and the Trustee of the Settlement Trust, and with counsel for BP about the opportunity for Claimants to structure settlements. Class Counsel has proposed to effectuate such structured settlements pursuant to the following process:

- Claimants who elect to receive structured settlements would utilize a Court-approved structured settlement broker to establish the terms of, and periodic payments (the "Periodic Payments") to be made under, such structured settlement, compile the documentation relating to the structured settlement on behalf of each Claimant electing a structured settlement, and provide such documentation to the Trustee on behalf of the Claimant;

- For each Claimant who elects to receive a structured settlement and timely provides all required documentation, the Trustee would agree, on behalf of the Settlement Trust, to make Periodic Payments to Claimant in the amounts determined by Claimant and the structured settlement broker, which payments would be in lieu of all or a portion of the lump sum amount due to such Claimant under the Settlement;

- The Trustee would then assign the Settlement Trust's liability to make the Periodic Payments to an assignment company (the "Assignee"), and the Settlement Trust would, as part of such assignment and after full execution of all required structured settlement documentation, make a lump sum payment to the Assignee, which assignment and lump sum payment to the Assignee would completely extinguish the Trustee's and Settlement Trust's liability to make the Periodic Payments to Claimant; and

- The Assignee would then provide Periodic Payments to Claimant through an annuity or funding agreement purchased from an insurance company (the "Annuity Issuer") typically affiliated with the Assignee.  The Settlement Trust would have no further obligations to make any additional payments with regard to such Claimant's structured settlement.

Class Counsel propose that The James Street Group[1] and Ringler Associates,[2] both licensed and insured brokers, be offered to Claimants as available settlement brokers, in order to make a simplified process available to Claimants, and to ensure that Claimants can utilize the services of a licensed and insured, experienced and well-respected structured settlement broker for structured settlement purposes.  However, class members would be free to consult with potential Court-approved structured settlement brokers other than The James Street Group and Ringler Associates; additional licensed and insured structured settlement brokers may be approved by the Court upon petition by such structured settlement brokers or by one or more Claimants.  The James Street Group, Ringler Associates, as well as any other Court-approved structured settlement brokers, would only be authorized to offer structured settlements to Claimants pursuant to which Periodic Payments are funded solely by annuities or funding agreements purchased from "A+ XV and above" established insurance companies.  Class Counsel acknowledge that, as a result of the proposed qualification that only "A+ XV and above" established insurance companies be permitted to offer annuities or funding agreements to Claimants, the sole eligible Annuity Issuer would currently be Allstate Life Insurance Company,

---

[1]  Alan Heisser is The James Street Group's Regional Director and Settlement Planner. Mr. Heisser's CV is attached to this Memorandum as Exhibit A.  Background information and credentials on The James Street Group can be viewed at www.tjsg.com.
[2]  Wayne Wagner is Ringler Associates' New Orleans office director.  Mr. Wagner's CV is attached to this Memorandum as Exhibit B.  Background information and credentials on Ringler Associates can be viewed at www.ringlerassociates.com.

but believe this limitation to be necessary to protect the financial interests of Claimants electing structured settlements.

Both Mr. Juneau, as Claims Administrator and Trustee, and counsel for BP have indicated that they do not oppose offering the option of such structured settlements to Claimants, provided that the settlement process is not delayed and the following requirements are met: (1) the selection of a structured settlement shall not increase the total settlement amount that the Trustee, the Directed Trustee, the Settlement Trust or BP is required to pay, or caused to be paid, on behalf of Claimant (with any fees or expenses of the structured settlement broker, Assignee or Annuity Issuer to be payable from such total settlement amount); (2) the sole liability of the Trustee and the Settlement Trust shall be to make the payment to the Assignee as provided in the structured settlement documentation, which payment shall not be made until all required structured settlement documentation is fully executed and consistent with the terms described herein; (3) the Trustee, the Directed Trustee, the Settlement Trust and BP shall have no liability for the Periodic Payments, or for any other amounts with respect to any structured settlement (including, but not limited to, any claims for further payments related to any action of the Trustee, the Directed Trustee, employees or agents of the Settlement Trust, or BP with respect to any structured settlement), beyond the payment required to made by the Settlement Trust to the Assignee under the structured settlement documentation, regardless of whether Claimant in fact receives, or fails to receive, all of the Periodic Payments under the structured settlement or otherwise receives, or fails to receive, the benefits of the structured settlement; (4) the Trustee, the Directed Trustee, the Settlement Trust and BP shall have no responsibility for the tax, financial or any other consequences of the structured settlement to Claimant; (5) the Court shall approve all structured settlement brokers providing structured settlement services to class

4

members, including The James Street Group and Ringler Associates; (6) Claimant shall have sole responsibility for the selection of the structured settlement broker (whether it be The James Street Group, Ringler Associates or another structured settlement broker approved by the Court), the Assignee and the Annuity Issuer, and, further that the foregoing shall be deemed agents or independent contractors of Claimant (not acting as agents or independent contractors of the Trustee, the Directed Trustee, the Settlement Trust or BP, with the Trustee, the Directed Trustee, the Settlement Trust and BP having no liability for the actions of the structured settlement broker, Assignee and Annuity Issuer); (7) the Assignee shall be the sole person to whom the Trustee or Settlement Trust owes liability for all purposes including specifically Section 1.461-1(g)(1)(ii) of the Treasury Regulation (Title 26, Code of Federal Regulations); (8) Claimant shall receive full disclosure from the structured settlement broker regarding the offshore status of the Assignee and the Annuity Issuer, as applicable; (9) the fact that Periodic Payments may remain to be made shall not affect the time at which the Settlement Trust shall otherwise terminate in accordance with its terms; and (10) the structured settlement process shall be approved by the Court and shall not operate to significantly delay the settlement process.

As part of the Structured Settlement Option, no opinion regarding the tax consequences of the Structured Settlement Option to Claimants (including any Periodic Payments thereunder) has been or will be given by the Trustee, the Directed Trustee or BP, or by certain counsel to the Economic Class (the Lead Class Counsel, Economic Class Counsel and Plaintiffs' Steering Committee, as defined in the Settlement Agreement), nor would any representation or warranty in this regard be made by virtue of the availability of the Structured Settlement Option to Claimants.  A Claimant must consult his, her or its own tax advisors regarding the tax consequences of the Structured Settlement Option and any tax reporting obligations they may

have with respect thereto. A Claimant's tax obligations, and the determination thereof, are his, her, or its sole responsibility, and the tax consequences may vary depending on Claimant's particular circumstances.

The Individual Release would be amended in the form attached hereto as Exhibit C, to correct various typographical errors and to clarify certain provisions, including to provide for the availability of the Structured Settlement Option.[3] The Individual Release would also be amended to include Attachment C to the Individual Release, in the form attached hereto as Exhibit E, which sets forth the terms of the Structured Settlement Option, on which the Claimant would elect to receive the Structured Settlement Option, and which would require the Claimant to agree, represent and warrant in writing that Claimant has provided complete and accurate information and documentation regarding its structured settlement, including the Structured Settlement Amount, contact information for the parties involved in the structured settlement (including the Court-approved structured settlement broker used by Claimant, the Assignee and the Annuity Issuer), the schedule for Periodic Payments, and a nonqualified assignment and release form executed by Claimant and Assignee.

Class Counsel propose that Claimants be advised of the opportunity to structure the settlement in the Eligibility Notice that will be sent to each qualifying Claimant by the Claims Administrator.

Specifically, each Eligibility Notice sent to a Claimant who has not previously signed and returned an accepted Individual Release would inform Claimant of the address of a website maintained by the Claims Administrator at which Claimant could obtain more information

---

[3] For the convenience of the Court, (a) attached to the proposed revised Individual Release in Exhibit C are the cover pages that will be included by the Claims Administrator in transmitting such Release to the Claimants; and (b) attached hereto as Exhibit D is a document comparing the general Individual Release approved by this Court as part of the Settlement Agreement to the proposed revised general Individual Release.

regarding the Structured Settlement Option and access Attachment C to the Individual Release that would be submitted on Claimant's behalf by a Court-approved structured settlement broker for Claimant to elect the Structured Settlement Option by including at least a statement substantially in this form:

> **Option to Elect a Structured Settlement**
>
> You may be able to place some or all of your Award Amount into a structured settlement to receive multiple payments spread out over more than one year (the "Structured Settlement Option"). You should consult your own tax adviser regarding whether you should consider that Structured Settlement Option, and the tax, financial and other consequences of the Structured Settlement Option.
>
> If you want more information on the Structured Settlement Option and how to contact a Court-approved structured settlement broker, go to www.deepwaterhorizoneconomicsettlement.com/structuredsettlement.php or call the Claimant Communications Center at 1-800-353-1262. IF YOU WISH TO BE PAID USING THE STRUCTURED SETTLEMENT OPTION, DO NOT SIGN OR RETURN THE RELEASE SENT TO YOU WITH THIS NOTICE AT THIS TIME. Instead, a Court-approved structured settlement broker will help you assemble the paperwork necessary to elect the Structured Settlement Option and that broker will send your completed paperwork to the Claims Administrator (this paperwork will include an additional document that will be Attachment C to, and submitted at the same time as, your Release). If this paperwork is not submitted on your behalf by a Court-approved structured settlement broker by the Deadline Date shown on this Notice, the Claims Administrator will consider that you have accepted your Award Amount to be paid in a lump sum and that you do not want a Structured Settlement Option for this Award Amount.
>
> Do not send any paperwork regarding the Structured Settlement Option directly to the Claims Administrator. A Court-approved structured settlement broker must submit this on your behalf

Each Eligibility Notice sent to a Claimant who has previously signed and returned an accepted Individual Release would inform the Claimant of the address of a website maintained by the Claims Administrator at which Claimant could obtain more information regarding the Structured Settlement Option and access Attachment C to the Individual Release that would be submitted on Claimant's behalf by a Court-approved structured settlement broker for Claimant to

elect the Structured Settlement Option, by including at least a statement substantially in this form:

> **Option to Elect a Structured Settlement**
>
> You may be able to place some or all of your Award Amount into a structured settlement to receive multiple payments spread out over more than one year (the "Structured Settlement Option"). You should consult your own tax adviser regarding whether you should consider that Structured Settlement Option, and the tax, financial and other consequences of the Structured Settlement Option.
>
> If you want more information on the Structured Settlement Option, go to www.deepwaterhorizoneconomicsettlement.com/structuredsettlement.php or call the Claimant Communications Center at 1-800-353-1262. IF YOU WISH TO BE PAID USING THE STRUCTURED SETTLEMENT OPTION, DO NOT TAKE ANY STEPS TO ACCEPT YOUR AWARD AMOUNT ONLINE OR OTHERWISE AT THIS TIME. Instead, a Court-approved structured settlement broker will help you assemble the paperwork necessary to elect the Structured Settlement Option and that broker will send your completed paperwork to the Claims Administrator (this paperwork will include an additional document that will be Attachment C to your original Release). If this paperwork is not submitted on your behalf by a Court-approved structured settlement broker by the Deadline Date shown on this Notice, the Claims Administrator will consider that you have accepted your Award Amount to be paid in a lump sum and that you do not want a Structured Settlement Option for this Award Amount.
>
> Do not send any paperwork regarding the Structured Settlement Option directly to the Claims Administrator. A Court-approved structured settlement broker must submit this on your behalf.

As described above, the website would inform Claimants of the need to consult a Court-approved structured settlement broker to obtain more information regarding, and assist Claimant in the process of electing, the Structured Settlement Option and would include contact information for such Court-approved structured settlement brokers, which shall initially include The James Street Group and Ringler Associates, at a minimum. Attachment C to the Release would be downloaded by Claimants from the same above-described website. If Claimant does not timely and fully execute an Individual Release and the Attachment C thereto (with such Attachment C submitted by the Deadline Date on Claimant's Eligibility Notice), including all

required information and documentation regarding the structured settlement, and such documentation is not timely submitted by a Court-approved structured settlement broker on behalf of Claimant, then Claimant would only be eligible to receive a lump sum payment directly from the Settlement Trust through the Court-appointed Claims Administrator and the Deepwater Horizon Claims Center.

No party would object to the use of a structured settlement broker other than The James Street Group and Ringler Associates, provided that such brokers are licensed and insured, the requisite Court approval is obtained and the settlement process is not delayed. As a condition of Court approval to participate in the Structured Settlement Option process, all Court-approved structured settlement brokers (including The James Street Group and Ringler Associates) would be required to assist Claimants in preparation of Attachment C and consent to the jurisdiction of this Court for all matters relating to the Structured Settlement Option process, and assemble a complete and properly executed set of documents necessary for such Claimants to elect the Structured Settlement Option, provide a certification regarding such Claimants' structured settlement (including that all required information and documentation regarding the structured settlement has been included), and timely provide a complete set of documents regarding the Claimants' structured settlements to the Claims Administrator. Such brokers shall secure the consent of any annuity provider or assignee to the jurisdiction of this Court for all matters relating to the Structured Settlement Option process.

## CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that the Court enter the proposed Order attached hereto. The Trustee and counsel for BP do not object to the entry of the attached proposed Order.

This <u>30th</u> day of <u>January, 2013</u>

Respectfully submitted,

| | |
|---|---|
| <u>     /s/ Stephen J. Herman     </u> | <u>     /s/ James Parkerson Roy     </u> |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN & KATZ LLC | DOMENGEAUX WRIGHT ROY & EDWARDS LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Lead Class Counsel* | *Lead Class Counsel* |

## CERTIFICATE OF SERVICE

We hereby certify that the above and foregoing Memorandum will be served on All Counsel and Patrick Juneau, Claims Administrator for the Economic and Property Damage Claims Settlement via the U.S. Postal Service or by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this <u>30th</u> day of <u>January</u>, <u>2013</u>.

<u>/s/ Stephen J. Herman and James Parkerson Roy</u>