U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  JAN 29 2013

LORETTA G. WHYTE
CLERK

United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**F I L E D**
January 3, 2013

Lyle W. Cayce
Clerk

No. 12-30237

D.C. Docket No. 2:10-MD-2179

ALL PLAINTIFFS,

       Plaintiffs

v.

TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC; TRANSOCEAN HOLDINGS, L.L.C.; TRANSOCEAN DEEPWATER, INC.; TRITON ASSET LEASING GMBH,

       Defendants - Appellees

v.

DONALD VIDRINE,

       Movant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before BARKSDALE, DENNIS, and GRAVES, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the appeal is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that appellant pay to appellees the costs on appeal to be taxed by the Clerk of this Court.

DENNIS, J., Circuit Judge, concurring:

ISSUED AS MANDATE:    JAN 29 2013

A True Copy
Attest    JAN 29 2013

Clerk, U.S. Court of Appeals, Fifth Circuit
By: Misty Lisotta
Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2013

Lyle W. Cayce
Clerk

No. 12-30237

ALL PLAINTIFFS,

                        Plaintiffs

v.

TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.;
TRANSOCEAN HOLDINGS, L.L.C.; TRANSOCEAN DEEPWATER, INC.;
TRITON ASSET LEASING GMBH,

                        Defendants-Appellees

v.

DONALD VIDRINE,

                        Movant-Appellant

---

Appeal from the United States District Court
for the Eastern District of Louisiana
MDL No. 2179

---

Before BARKSDALE, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

    In this interlocutory appeal, Appellant Donald Vidrine ("Vidrine") challenges a district court order that he: (1) submit to a medical examination

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by a court-appointed psychiatrist, who will provide a report to the court concerning whether Vidrine is medically able to give a deposition in the underlying litigation; and (2) provide his medical records and reports of his treating physician to the court-appointed doctor. For the reasons stated below, we lack jurisdiction to review this order and thus dismiss this interlocutory appeal.

## I. Facts and Procedural Background

This case is part of Multidistrict Litigation ("MDL") proceedings centralized in the Eastern District of Louisiana, arising out of the 2010 Deepwater Horizon Gulf oil spill and encompassing dozens of actions against multiple defendants, including Appellees Transocean Offshore Deepwater Drilling Inc., Transocean Holdings, L.L.C., Transocean Deepwater, Inc., and Triton Asset Leasing GMBH (collectively "Transocean"). *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1353, 1356-58 (J.P.M.L. 2010). In April 2010, the Deepwater Horizon, an offshore drilling rig, sank in the Gulf of Mexico after an explosion and fire; eleven workers were killed in the explosion and crude oil gushed from the well into the Gulf until mid-July. *Id.* at 1353. Donald Vidrine was the BP Well Site Leader on duty aboard the oil rig at the time of the incident. He is a named defendant in two of the MDL member cases, and Transocean states that he is a key source of information concerning the events and operations of the Deepwater Horizon before the explosion.

Since the incident, in response to inquiries and a subpoena from parties in the MDL proceedings, including Transocean, about his availability for a deposition, Vidrine has asserted that due to an undisclosed medical condition, he is unable to appear for a deposition or to answer written questions. He submitted medical information *in camera* to the magistrate judge in July 2011

and November 2011 in support of his assertions; in response the court ordered on July 21, 2011 that Vidrine was not then required to appear for a deposition and in November 2011 removed Vidrine from the list of fact witnesses for the then-current phase of discovery. In February 2012, Transocean served deposition subpoenas on Vidrine and his treating psychiatrist and filed a motion to compel Vidrine's deposition. Vidrine filed an opposition to the motion and a motion to quash the subpoenas, again providing medical information to the magistrate judge under seal.

On February 14, 2012, the magistrate judge quashed the deposition subpoenas, but ordered Vidrine to: (1) submit to a Federal Rule of Civil Procedure 35(a) medical examination by a court-appointed psychiatrist, who is to provide a report to the court concerning whether Vidrine is able to give a deposition; and (2) provide all his medical records and reports of his treating physician to the court-appointed psychiatrist. Vidrine filed a motion objecting to the magistrate judge's order with the district court. *See* Fed. R. Civ. P. 72(a).

In a February 24, 2012 order, the district court affirmed the magistrate judge's order. In response to Vidrine's contention that providing his medical records to the court-appointed doctor infringed on his psychotherapist-patient privilege, the district court modified the magistrate judge's order to add additional language concerning waiver of the privilege in other proceedings. The added language is as follows:

> By complying with this order, Donald Vidrine shall not be deemed to have waived the right to assert the psychotherapist-patient privilege with respect to the information contained in his medical records in any other action outside the instant proceeding, specifically including any ongoing criminal investigation of the events giving rise to the Macondo well blowout.

Vidrine appeals the district court's order. Vidrine argues that Rule 35 does not authorize the ordered medical exam, that the district court lacked any

authority to order the exam, and that both the exam and the related order that he produce his medical records and reports to the court-appointed psychiatrist infringe on his psychotherapist-patient privilege.

## II. Discussion

We begin, as we must, by determining whether we have jurisdiction to review this order. The threshold issue is whether the order is immediately appealable pursuant to 28 U.S.C. § 1291, which grants this court "jurisdiction of appeals from all final decisions of the district courts of the United States[.]" 28 U.S.C. § 1291.[1] In general, "a final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010) (quoting *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009)). However, Vidrine relies on the collateral order doctrine created in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), which recognizes that some orders are immediately appealable pursuant to § 1291 because they are "final in effect although they do not dispose of the litigation," *Davis v. E. Baton Rouge Parish Sch. Bd.*, 78 F.3d 920, 925 (5th Cir. 1996), and are thus reviewable as final decisions before a case is terminated on the merits, *see, e.g., Cohen*, 337 U.S. at 546-47; *Martin*, 618 F.3d at 481-82.

To fall within the collateral order doctrine, the "order must (1) conclusively determine the disputed question, (2) resolve an important issue

---

[1] Appellants who seek to appeal interlocutory orders may also proceed pursuant to 28 U.S.C. § 1292, which grants us jurisdiction over certain enumerated types of interlocutory orders, *see* 28 U.S.C. § 1292(a), and creates certification procedures to be followed to obtain review of other interlocutory orders, *see id.* § 1292(b); *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). No party suggests that § 1292(a) is implicated, and the certification procedures of § 1292(b) were not followed here; "[t]hus, our jurisdiction must exist, if at all, under § 1291." *Martin*, 618 F.3d at 481.

completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Henry*, 566 F.3d at 171 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). This order is not "effectively unreviewable on appeal from a final judgment," *id.*, and thus does not satisfy the requirements of the collateral order doctrine, *see Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 130 S. Ct. 599, 605 (2009) (noting that where effective unreviewability condition was not satisfied, court did not decide whether the other *Cohen* conditions were met).

In deciding whether an order is effectively unreviewable, the "decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk Indus.*, 130 S. Ct. at 605 (quoting *Will v. Hallock*, 546 U.S. 345, 352-53 (2006)). In making this determination, "we proceed on a categorical basis, looking only at whether the class of claims, taken as a whole, can be vindicated by other means than immediate appeal." *Martin*, 618 F.3d at 483 (internal quotation marks omitted) (quoting *Mohawk Indus.*, 130 S. Ct. at 605).

Applying these standards, the February 24, 2012 district court order is not effectively unreviewable on later appellate review. The order requiring Vidrine to submit to a medical exam for the purpose of determining his ability to give a deposition and to provide his medical records to a court-appointed psychiatrist is most accurately characterized as a discovery order or an order in aid of the district court's inherent authority to determine preliminary issues, such as a party's or witness' capacity to sit for a deposition or to testify. An order of this type is reviewable by means other than immediate appeal. For example, a party will be able to appeal any final adverse judgment based on inadmissible evidence, *see Mohawk Indus.*, 130 S. Ct. at 606-07 (noting that an appellate court can remedy improper disclosure of privileged material on review

of a final adverse judgment); *Goodman v. Harris Cnty.*, 443 F.3d 464, 469 (5th Cir. 2006) (noting that an appellate court could later review any judgment based on inadmissible evidence obtained from a Rule 35 exam), and an order holding a party in contempt for disobeying a discovery order would be a final appealable judgment, *see Mohawk Indus.*, 130 S. Ct. at 609; *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981); *Piratello v. Philips Elec. N. Am. Corp.*, 360 F.3d 506, 508 (5th Cir. 2004). While Vidrine argues that a subsequent court will have no opportunity to review the lawfulness of the exam, given that the exam's purpose is to determine his ability to testify and that no evidence from the exam will likely be admitted at trial, he cites no authority that would prevent a later court from excluding evidence obtained during a deposition of Vidrine, if that deposition is found to have occurred as a result of an unlawfully ordered medical exam.

Vidrine further argues that there is no adequate remedy on subsequent appeal to redress the harm caused by being required to submit to a medical examination, or to redress the infringement on the privilege caused by the required production of his medical records to the court-appointed psychiatrist. However, that a district court order "may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . has never sufficed" to satisfy the unreviewability condition of the collateral order doctrine. *See Mohawk Indus.*, 130 S. Ct. at 605-06 (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 878-79 (1994)). That an interlocutory order requires disclosure of privileged material is likewise insufficient by itself to invoke the doctrine. *See id.* at 606-08 (explaining that postjudgment appeal, among other avenues for appeal of discovery orders, is adequate to protect attorney-client privilege, even if an order requires disclosure of privileged material in the interim). We do not disregard the rights

and privilege that Vidrine asserts here by holding that, given the other established avenues for appellate review of a discovery or preliminary order such as this, deferring review of this order simply does not "so imperil[ ]" those interests so as "to justify the cost of allowing immediate appeal of the entire class of relevant orders." *Id.* at 606.

### III. Conclusion

For the foregoing reasons, because this court lacks jurisdiction over this appeal, it is DISMISSED.

DENNIS, J., Circuit Judge, concurring.

This case raises the important and novel issue of whether a court may order a psychiatric examination of a potential witness by a court-appointed psychiatrist under Federal Rule of Civil Procedure 35 to determine whether the witness is substantially likely to suffer serious physical or mental harm by being forced to submit to a discovery deposition. The district court's order requires Donald Vidrine, a potential witness in this litigation and a defendant in member cases that have been consolidated with the underlying multidistrict litigation, to submit to an examination by a psychiatrist appointed by the court and to turn over his medical or psychiatric records to the court-appointed psychiatrist. The court-appointed expert will be required to report his findings to the court after his examination of Vidrine, and the court, based on those findings, as well as the reports and records made by Vidrine's own psychotherapist, will decide whether to force Vidrine to submit to a discovery deposition by other parties to the consolidated litigation. I fully concur in the majority's opinion that the district court's order is not an appealable collateral order. I write separately to explain that, despite the novelty, importance, and sensitive nature of the issue, Vidrine is not entitled to mandamus at this time, primarily because he did not apply for such relief, and to point out that he still has other possible remedies available to him.

I agree with the majority that the Supreme Court's opinion in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), effectively precludes collateral appeals of discovery orders, even when important privileges safeguarding private or confidential communications are at issue. Despite the general rule that discovery orders are not directly appealable, courts have sometimes considered the propriety of discovery orders on review by extraordinary writ. *See Schlagenhauf v. Holder*, 379 U.S. 104, 109-12 (1964) (granting petition for

writ of mandamus to challenge Rule 35 order); *see also, e.g., SEC v. Rajaratnam*, 622 F.3d 159, 167-72 (2d Cir. 2010) (holding the district court's order to turn over wiretapped conversations to the SEC was not immediately appealable under *Mohawk*, but granting the alternative petition for writ of mandamus). "The Supreme Court has explained that the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. The writ has traditionally been used in the federal courts only to compel it to exercise its authority when it is its duty to do so. Only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy. Mandamus traditionally is not to be used as a substitute for an appeal, or to control the decision of the trial court in discretionary matters." *In re Amy Unknown*, 701 F.3d 749, 2012 WL 5835827, at *5 (5th Cir. 2012) (internal citations, quotation marks, and alterations omitted).

Some of the prerequisites for review by extraordinary writ are arguably met here. The district court's order brings about a serious intrusion into Vidrine's privacy and his mental and emotional health, and the question presented is a novel issue of importance affecting privacy interests and the contours of the psychotherapist-patient privilege. In addition, the district court's use of Federal Rule of Civil Procedure 35 was likely a "clear abuse of discretion." *E.g., Schlagenhauf*, 379 U.S. at 109-12. Vidrine did not put his mental or physical health "in controversy" as a disputed merits issue, FED. R. CIV. P. 35(a)(1); rather, his mental health is only relevant to whether he may be made to sit for a deposition, *cf., e.g., Schlagenhauf*, 379 U.S. at 118-19, 121 (holding that Rule 35 does not permit "sweeping examinations of a party who has not affirmatively put into issue his own mental or physical condition" by "assert[ing] his mental or physical condition either in support of or in defense of a claim," and that "mere relevance to the case" is insufficient); *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 209 (5th Cir. 1990) (holding that neither the plaintiff's charge of

discrimination nor employer's failure-to-mitigate defense put the plaintiff's mental or physical condition "in controversy" under Rule 35).[1]

Nevertheless, mandamus is not appropriate in this case for several reasons. First, Vidrine's principal objection to the district court's order is the disclosure of the records compiled by his own physician and of the results of the court-ordered psychiatric examination; he does not specifically and urgently complain that the examination itself would jeopardize his mental or emotional well-being. Moreover, Vidrine did not petition for a writ of mandamus in the alternative to taking a direct appeal. *Compare, e.g., Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 (5th Cir. 1985) (declining to "treat [the] appeal as a petition for writ of mandamus" because the appellant did "not request[] that [the court] treat its notice of appeal as anything other than what it is, and we reserve writs of mandamus only for the most egregious of discretionary abuses, and where other avenues of relief had been traversed without success"), *with, e.g., Rajaratnam*, 622 F.3d at 164 (granting petition for writ of mandamus filed concurrently with notice of appeal). Nor did Vidrine request that the district court certify the question for interlocutory appeal to this court. *See* 28 U.S.C. § 1292(b); *Mohawk*, 130 S. Ct. at 607-08. Vidrine may choose to "defy [the] disclosure order and incur court-imposed sanctions," which would allow him to either obtain review of a discovery sanction on appeal from a final judgment rendered in the case, or, in some cases, to appeal from a contempt citation the district court may issue. *Mohawk*, 130 S. Ct. at 608. If Vidrine had petitioned for a writ of mandamus, and had argued that he would have had no adequate remedy because his mental or physical health would have been harmed by the psychiatrist's examination itself, then issuance of a writ of mandamus may have been warranted. Significantly, Vidrine has done neither.

---

[1] Of course, that is not to say that the district court could not have ordered the examination on some other ground.

No. 12-30237

For the foregoing reasons, I concur in the majority's judgment that the district court's order is not directly appealable, and, further, I am of the opinion that review by extraordinary writ is not appropriate at this time.