# Exhibit 14

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) **CIVIL ACTION** |
| | ) |
| | ) **NUMBER:** |
| Plaintiff, | ) |
| | ) **SECTION:** |
| v. | ) |
| | ) |
| BP p.l.c., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF STIPULATION

Attached hereto is the Consent of Defendant BP p.l.c., in which Defendant BP p.l.c.

consents to the entry of a final judgment in the form attached to the Consent. Plaintiff Securities

and Exchange Commission is also submitting a copy of the proposed final judgment as an

attachment hereto.

Respectfully submitted,

s/ Daniel M. Hawke
Daniel M. Hawke (D.C. Atty. Id. No. 424874)
Elaine C. Greenberg
Colleen K. Lynch
G. Jeffrey Boujoukos
Michael J. Rinaldi, T.A. (Pa. Atty. Id. No. 89693)
Brian P. Thomas
Matthew S. Raalf
Kelly L. Gibson
Michael F. McGraw

Attorneys for Plaintiff

Securities and Exchange Commission
701 Market St., Ste. 2000
Philadelphia, Pa. 19106
Telephone: (215) 597-3100
Facsimile: (215) 597-2740
RinaldiM@sec.gov

Dated: November 15, 2012.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BP p.l.c.,<br><br>Defendant. | CIVIL ACTION<br><br>NUMBER:<br><br>SECTION: |

## CONSENT OF DEFENDANT BP P.L.C.

1.      Defendant BP p.l.c. ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and consents to the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      BP Exploration and Production, Inc., a wholly-owned subsidiary of Defendant, has pleaded guilty to criminal conduct in *United States v. BP Exploration & Production, Inc.*, a matter brought by the United States Department of Justice relating to certain matters alleged in the complaint in this action. This Consent shall remain in full force and effect regardless of the existence or outcome of any criminal proceedings against Defendant.

3.      Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violation of Sections 10(b) and 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5, 12b-20 and 13a-16 thereunder; and

1

(b)     orders Defendant to pay a civil penalty in the amount of $525 million

under Section 21(d)(3) of the Exchange Act to be paid in three lump sum

payments of $175 million each, plus post-judgment interest. The total

penalty due of $525 million will be paid to the Commission according to

the following schedule: (1) $175 million within 14 days of the date of

entry of the Final Judgment; (2) $175 million on August 1, 2013; and (3)

$175 million on August 1, 2014.

4.      Defendant acknowledges that the civil penalty paid pursuant to the Final

Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

Sarbanes-Oxley Act of 2002. Defendant agrees to pay all costs incurred under any plan for the

distribution of the civil penalty, including but not limited to all fees and expenses of any Court-

appointed distribution agent, Court-appointed tax administrator, and/or experts retained, up to

and including an amount not to exceed $25 million. Regardless of whether any such Fair Fund

distribution is made, the civil penalty shall be treated as a penalty paid to the government for all

purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty,

Defendant agrees that it shall not, after offset or reduction of any award of compensatory

damages in any Related Investor Action based on Defendant's payment of disgorgement in this

action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Defendant's payment of a civil

penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such

a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order

granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of

the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.

Such a payment shall not be deemed an additional civil penalty and shall not be deemed to
change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a
"Related Investor Action" means a private damages action brought against Defendant by or on
behalf of one or more investors based on substantially the same facts as alleged in the Complaint
in this action.

 5. Defendant agrees that it shall not seek or accept, directly or indirectly,
reimbursement or indemnification from any source, including but not limited to payment made
pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays
pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof
are added to a distribution fund or otherwise used for the benefit of investors. Defendant further
agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any
federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final
Judgment, regardless of whether such penalty amounts or any part thereof are added to a
distribution fund or otherwise used for the benefit of investors.

 6. Defendant waives the entry of findings of fact and conclusions of law pursuant to
Rule 52 of the Federal Rules of Civil Procedure.

 7. Defendant waives the right, if any, to a jury trial and to appeal from the entry of
the Final Judgment.

 8. Defendant enters into this Consent voluntarily and represents that no threats,
offers, promises, or inducements of any kind have been made by the Commission or any
member, officer, employee, agent, or representative of the Commission to induce Defendant to
enter into this Consent.

3

9.   Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.   Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.   Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12.   Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any

4

disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

13.   Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.   Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.    Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

16.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

BP p.l.c.

By: _____

Rupert M. Bondy
Group General Counsel
BP p.l.c.
1 St. James's Square
London, United Kingdom

On 3 october , 2012, Rupert M Bondy , a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of BP PLC as its General Counsel .

_____
Notary Public
Commission expires: with life .

Approved as to form:

_____

Howard M. Shapiro, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6606
Attorney for Defendant



Edward Young - Principal Notary Public
Robert Smith & Associates LLP
8 Carlos Place, London, W1K 3AP
0207 499 2605
notary@notarypubliclondon.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | CIVIL ACTION |
| | ) | |
| | ) | NUMBER: |
| Plaintiff, | ) | |
| | ) | SECTION: |
| v. | ) | |
| | ) | |
| BP p.l.c., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## FINAL JUDGMENT AS TO DEFENDANT BP P.L.C.

The Securities and Exchange Commission having filed a Complaint and Defendant BP

p.l.c. having entered a general appearance; consented to the Court's jurisdiction over Defendant

and the subject matter of this action; consented to entry of this Final Judgment; waived findings

of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-16 thereunder [17 C.F.R. §§ 240.12b-20 and 240.13a-16], by:

(a) failing to file with the Commission factually accurate and complete Forms 6-K as required by Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-16 thereunder; or by

(b) omitting to state, or causing another person to omit to state, in addition to the information expressly required to be included in such Forms 6-K, any such further material information as may be necessary to make the required statements, in light of the circumstances under which statements are made, not misleading.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant shall pay a civil penalty in the amount of $525 million to the Securities and Exchange

2

Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall satisfy this obligation by paying $525 million to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; BP p.l.c. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds, together with any interest and income earned (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the

3

Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

BP p.l.c. shall pay the total penalty due of $525 million in three installments to the Commission according to the following schedule: (1) $175 million, within 14 days of entry of this Final Judgment; (2) $175 million on August 1, 2013; and (3) $175 million on August 1, 2014. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amount of the total penalty due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, BP p.l.c. shall contact the staff of the Commission for the amount due for the final payment.

If BP p.l.c. fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

5

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2012

_____
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CIVIL ACTION |
| Plaintiff, | NUMBER: |
| v. | SECTION: |
| BP p.l.c., | |
| Defendant. | |

## FINAL JUDGMENT AS TO DEFENDANT BP P.L.C.

The Securities and Exchange Commission having filed a Complaint and Defendant BP
p.l.c. having entered a general appearance; consented to the Court's jurisdiction over Defendant
and the subject matter of this action; consented to entry of this Final Judgment; waived findings
of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and
Defendant's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final Judgment by personal service or
otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section
10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and
Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or
instrumentality of interstate commerce, or of the mails, or of any facility of any national
securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-16 thereunder [17 C.F.R. §§ 240.12b-20 and 240.13a-16], by:

(a)     failing to file with the Commission factually accurate and complete Forms 6-K as required by Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-16 thereunder; or by

(b)     omitting to state, or causing another person to omit to state, in addition to the information expressly required to be included in such Forms 6-K, any such further material information as may be necessary to make the required statements, in light of the circumstances under which statements are made, not misleading.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant shall pay a civil penalty in the amount of $525 million to the Securities and Exchange

2

Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall satisfy this obligation by paying $525 million to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; BP p.l.c. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds, together with any interest and income earned (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the

3

Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4

IV.

BP p.l.c. shall pay the total penalty due of $525 million in three installments to the Commission according to the following schedule: (1) $175 million, within 14 days of entry of this Final Judgment; (2) $175 million on August 1, 2013; and (3) $175 million on August 1, 2014. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amount of the total penalty due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, BP p.l.c. shall contact the staff of the Commission for the amount due for the final payment.

If BP p.l.c. fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

5

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2012

_____

UNITED STATES DISTRICT JUDGE

6