# Exhibit 15

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

| Robert R. Gasaway | | |
|---|---|---|
| To Call Writer Directly: | (202) 879-5000 | Facsimile: |
| (202) 879-5175 | | (202) 879-5200 |
| robert.gasaway@kirkland.com | www.kirkland.com | |

January 11, 2013

**By Electronic Mail**

Sarah D. Himmelhoch
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044

      Re:    MDL 2179 —Meet and Confer on the Court's Order Regarding BP's Rule 30(b)(6) Witnesses, (Rec. Doc. 8149)

Dear Sarah:

      Following up Tuesday's meet-and-confer discussion, BP writes to address the various items that remain open from that discussion — now that the scope and length of the Trevor Hill deposition have been resolved by separate communications.

      Thank you for your helpful clarifications of the additional Rule 30(b)(6) testimony the United States seeks in light of the Court's January 2, 2012 Order, (Rec. Doc. 8149).

      As discussed below, BP is willing to agree to some, but not all, of the United States' proposals.

**Sanders**

      BP is willing to provide a Rule 30(b)(6) witness to testify for no more than two hours on the subject of Bottom Kill. During Tuesday's conference call, the United States specifically mentioned its interest in determining (i) whether BP personnel performed any "flow rate modeling" leading up to the Bottom Kill operation — in addition to any modeling performed by Wild Well Control and Add Energy — and (ii) BP's opinion of modeling Wild Well Control and Add Energy performed as part of the operation. Any BP witness will be prepared to address these two areas.

## KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch
January 11, 2013
Page 2

Because Mr. Sanders worked on the relief wells, and not on the dynamic kill team, BP is working to identify an appropriate witness. We will contact you further regarding deposition timing, location, and logistics once we have identified our witness.

**Devers**

With respect to the RITT and Top Hat devices, we understand from Tuesday's discussion that the United States seeks testimony about any design phase analysis that BP performed regarding the flow into these devices. You further analogized the testimony being sought here to the Bottom Kill testimony that the United States is also seeking (with the difference being that Bottom Kill was not implemented and the RITT and Top Hat were implemented). Bear in mind, however, that Mr. Devers has already provided testimony on this issue. Specifically, Mr. Devers has testified that there was no such design phase consideration of flow rates. (Devers Dep. Tr. 429:3-430:17, 501:18-502:18.) Any additional testimony of the kind the United States seeks is therefore likely to be limited, and in these circumstances an additional deposition seems costly and inefficient.

Previous disagreements about the scope of Rule 30(b)(6) Topics have been addressed successfully via interrogatories. (*See* June 13, 2012 Working Group Order, Rec. Doc. 6664, at 4-6.) BP proposes to follow that prior example here and to address the portion of the Court's order regarding the Devers deposition, (Rec. Doc. 8149, at 3-4), by providing interrogatory answers responding to one or two additional interrogatories questioning BP as to any analysis of flow from the Macondo reservoir that BP may have performed in connection with the "design phase" of the RITT and Top Hat.

**Williams (Topic 9)**

Regarding the portion of the Court's Order addressing Topic 9, the United States acknowledged on Tuesday that BP's corporate representative has testified with knowledge regarding the observational evidence work attached to the May 24, 2010 response to Congressman Markey, and the United States is not interested in testimony regarding the observational evidence work attached to the Markey response — for example, Dave Rainey's work.

Instead, the United States requests a BP Rule 30(b)(6) witness to testify regarding the drafting of the May 24, 2010 letter sent to Congressman Markey.

During our discussion we reiterated that this drafting process is privileged. Indeed, the Court has recognized and upheld this privilege in the context of the United States' challenges to specific documents on BP's privilege logs. (*See* July 30, 2012 Order, Rec. Doc. 7012.) As a result, the vast majority of the questioning on this topic is likely to draw privilege objections, and

## KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch
January 11, 2013
Page 3

proceeding with a deposition to obtain very limited non-privileged information is a costly and inefficient way to proceed.

The extensive privilege issues implicated by this discovery, and any related discussions about those privilege issues, are more efficiently addressed by attorneys and in writing rather than during or after a deposition that yields little to no testimony.

Accordingly, BP proposes that it will forgo its right to seek reconsideration of the portion of Court's Order on Topic 9, if the United States in turn agrees to submit some form of agreed-upon interrogatories or written questions that BP would answer in writing and on behalf of the Company — to the extent privileged information is not called for as part of the response.

\*   \*   \*

We look forward to your response on our proposals above. As always, we are willing to meet and confer with the United States.

Sincerely,

Robert R. Gasaway

cc (by electronic mail):

United States' MDL Counsel
Joel M. Gross