IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to: *All Cases*<br><br>(Including Civil Action No. 12-970) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### ORDER PROVIDING FOR STRUCTURED SETTLEMENT OPTION AND AMENDMENT TO RELEASE

**CONSIDERING** the unopposed motion of Class Counsel that each Claimant in the Economic Class be offered the option to receive all or a portion of such Claimant's allowed claim in the form of a structured settlement, the Economic and Property Damages Settlement Agreement ("Settlement Agreement"), and that the Individual Release be amended for all Claimants, including a further amendment for each Claimant who elects to receive all or a portion of such Claimant's allowed claim in the form of a structured settlement, and the record in these proceedings:

**IT IS HEREBY ORDERED:**

1. That all undefined terms used in this Order shall have the same meaning and definitions as those same terms contained in the Settlement Agreement.

2. That, in accordance with Section 4 of the Settlement Agreement, which sets forth procedures delineating the manner according to which Claimants shall receive a Eligibility

Notice, there shall be included with such Eligibility Notice a provision notifying the Claimant of the opportunity to elect to receive all or a portion of his or her award amount in the form of periodic payments ("Periodic Payments"), rather than in a lump sum (referred to in this Order as the "Structured Settlement Option"), subject to the terms of conditions set forth in this Order.  If a Claimant wishes to elect the Structured Settlement Option, a Court-approved structured settlement broker will, on behalf of the Claimant, provide the Trustee with the necessary documents to effectuate that election, pursuant to which:  the Trustee, on behalf of the Settlement Trust, will agree to make Periodic Payments to the Claimant, conditional on the Trustee's assignment of these Periodic Payments to an assignment company (the "Assignee"); subject to the provisions governing payment of claims under the Settlement Agreement and applicable Orders, the Trustee will pay an allocated portion of the total settlement amount (the "Structured Settlement Amount") to the Assignee, which will assume all liability for the Periodic Payments, and the Trustee, the Directed Trustee, the Settlement Trust and the other Released Parties shall thereupon be released from any liability of any kind for the Periodic Payments or relating to the Structured Settlement Option; the Assignee will then provide for payment of such Periodic Payments through purchase of an annuity or funding agreement from an insurance company (the "Annuity Issuer").  If a Claimant does not elect a Structured Settlement Option, or for any portion of the total settlement amount for which a Claimant does not elect or satisfy the requirements for a Structured Settlement Option, the Claimant will receive payment directly from the Settlement Trust through the Court-appointed Claims Administrator and the Deepwater Horizon Claims Center in the normal manner in which such payments are made.

      3.    That the Individual Release attached to the Settlement Agreement as Exhibit 26 is hereby amended in the form attached hereto as Exhibit A.  After the date of this Order, the

Claims Administrator shall use such version of the Individual Release in the implementation of the Settlement Agreement.

    4.    That the Individual Release is hereby further amended, for Claimants electing the Structured Settlement Option only, to include Attachment C to the Individual Release, in the form attached hereto as Exhibit B, to incorporate the structured settlement terms, including the following:

    a. For purposes of this Attachment C to the Individual Release, the following additional definitions shall apply, and in the case of defined nouns, the singular shall include the plural and vice versa:

      i. "Annuity Issuer" means, in the context of the Structured Settlement Option, the insurance company issuing the annuity or funding agreement purchased by the Assignee to fund the Periodic Payments. The Annuity Issuer and the Assignee may be related entities.

      ii. "Assignee" means, in the context of the Structured Settlement Option, the party assigned the obligation of making Periodic Payments to the Claimant by the Settlement Trustee. The Assignee funds this obligation through purchase of an annuity or funding agreement from an Annuity Issuer, which is an insurance company which may be related to the Assignee.

      iii. "Award Amount" means the amount listed as the "Award Amount" on the Eligibility Notice sent to Claimant as an official communication from the Claims Administrator for the Settlement Program.

    iv. "Court" means the United States District Court for the Eastern District of Louisiana.

    v. "Directed Trustee" means the directed trustee of the Settlement Trust.

    vi. "Periodic Payments" means, in the context of the Structured Settlement Option, the payments made to a Claimant over time instead of in a lump sum, such Periodic Payments to be funded by the Structured Settlement Amount.

    vii. "Released Claims" shall, in addition to the definition set forth in the Individual Release, include, and the release and covenant not to sue described in Paragraph 2 of the Individual Release applies to, all claims arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Structured Settlement Option, including, but not limited to, any claims that the Assignee has not paid Claimant some or all of the Periodic Payments due to Claimant, any claims related to any actions or omissions of the Directed Trustee, the Settlement Trustee, the Settlement Trust or the other Released Parties, any claims regarding the tax, financial or other consequences of selecting the Structured Settlement Option to Claimant, and any claims regarding actions or omissions of any Annuity Issuer, Assignee or Court-approved structured settlement broker.

    viii. "Released Parties" shall, in addition to the definition set forth in the Individual Release, include the Settlement Trust, the Settlement Trustee and the Directed Trustee.

4

ix. "Settlement Trustee" means the trustee of the Settlement Trust. The Settlement Trustee also serves as the Claims Administrator, and any references to the Settlement Trustee shall be deemed to include the Claims Administrator acting in his capacity as the Settlement Trustee.

x. "Structured Settlement Amount" means the portion of the Award Amount paid to the Assignee by the Settlement Trustee on behalf of the Settlement Trust pursuant to a Structured Settlement Option elected by a Claimant.

xi. "Structured Settlement Option" means an option pursuant to which the Settlement Trustee, on behalf of the Settlement Trust, agrees to make Periodic Payments to a Claimant, conditioned upon the Settlement Trustee assigning such obligation to make the Periodic Payments to the Assignee; upon assignment and payment of the Structured Settlement Amount by the Settlement Trustee to the Assignee, the Assignee assumes all liability for the Periodic Payments and the Settlement Trustee, the Settlement Trust and the other Released Parties are released from any liability of any kind for the Periodic Payments or relating to the Structured Settlement Option; the Assignee then provides for payment of such Periodic Payments through purchase of an annuity or funding agreement from an Annuity Issuer. If a Claimant does not elect a Structured Settlement Option, or for any portion of the Award Amount for which the Claimant does not elect a Structured Settlement Option, the Claimant will receive a lump sum

5

      payment directly from the Settlement Trust through the Court-appointed Claims Administrator and the Settlement Program in the normal manner in which such payments are issued.

b. Claimant, through a Court-approved structured settlement broker, is timely submitting this Attachment C to the Individual Release to irrevocably elect the Structured Settlement Option to receive all or a portion of its payment over time in the form of Periodic Payments instead of in a lump sum. Claimant is required to provide certain information and documentation regarding the Structured Settlement Option on this Attachment C; if Claimant does not provide complete and accurate information and documentation as required on this Attachment C, Claimant's election of the Structured Settlement Option will be deemed void and Claimant will receive a lump sum payment directly from the Settlement Trust through the Court-appointed Claims Administrator and the Settlement Program.

c. Selection by Claimant of the Structured Settlement Option shall not increase the payment obligation referred to in Paragraph 2 of the Individual Release (with any fees or expenses of the structured settlement broker, Assignee or Annuity Issuer to be payable from the Structured Settlement Amount).

d. The Assignee is the sole party to whom the Settlement Trustee or the Settlement Trust owes the obligation to pay the Structured Settlement Amount for all purposes including specifically Section 1.461-1(g)(1)(ii) of the Treasury Regulations (Title 26, Code of Federal Regulations); provided, however, that the Settlement Trustee shall have no obligation to pay the

    Structured Settlement Amount to the Assignee unless and until the Settlement Trustee (or designee) executes this Attachment C.  The payment of the Structured Settlement Amount by the Settlement Trust to the Assignee shall fulfill all obligations that any Released Parties (including the Settlement Trustee and the Settlement Trust) have to Claimant or any party under the Settlement with respect to the Structured Settlement Amount or Claimant's election of the Structured Settlement Option, including any Periodic Payments thereunder.  Claimant shall have no claim with respect to the Periodic Payments or relating to the Structured Settlement Option (including any benefits with respect to Claimant's election of the Structured Settlement Option) against any Released Parties, including the Settlement Trustee and the Settlement Trust; the Settlement Trustee, the Settlement Trust and the other Released Parties have no any liability of any kind for the Periodic Payments or relating to the Structured Settlement Option, including arising from or relating to the actions or omissions of any Annuity Issuer, Assignee or Court-approved structured settlement broker.

e. Upon assignment and payment of the Structured Settlement Amount by the Settlement Trustee to the Assignee, Claimant irrevocably gives up any right, under any circumstances, to seek from the Settlement Trustee, the Settlement Trust or the other Released Parties: (1) any further payments with regard to Claimant's Structured Settlement Option or Structured Settlement Amount, including in any circumstances where, for any reason, Claimant fails to receive all the future Periodic Payments at any time, (2) any further payments

7

with respect to any action of the Settlement Trustee, the Settlement Trust or the other Released Parties, related to the Structured Settlement Option, as well as (3) any further payments regarding any tax, financial or other consequences of the Structured Settlement Option.

f.  Claimant has sole responsibility for the tax, financial, and other consequences of the Structured Settlement Option to Claimant, including the decision to elect the Structured Settlement Option, and shall have no claim against the Settlement Trustee, the Settlement Trust or the other Released Parties in the event that Claimant fails, for any reason, to obtain the tax, financial or other benefits he, she or it expected to achieve from the Structured Settlement Option.  No opinion regarding the tax consequences of this Structured Settlement Option to Claimant has been given or will be given by the Released Parties, nor is any representation or warranty in this regard made by virtue of the Individual Release (including this Attachment C).  Claimant must consult his, her or its own tax advisors regarding the tax consequences of the Structured Settlement Option and any tax reporting obligations they may have with respect thereto.  Claimant's tax obligations, and the determination thereof, are his, her, or its sole responsibility, and it is understood that the tax consequences may vary depending on Claimant's particular circumstances. The Released Parties shall have no liability or responsibility whatsoever for any such tax consequences resulting from payments under the Structured Settlement Option. To the extent required by law, payments made from the

Settlement Trust under the Individual Release (including this Attachment C) will be reported to the appropriate authorities.

g. Claimant has consulted with a Court-approved structured settlement broker. Claimant has sole responsibility for the selection of the Court-approved structured settlement broker used to assist Claimant in connection the Structured Settlement Option, as well as selection of the Assignee and the Annuity Issuer; therefore, the Settlement Trustee, the Settlement Trust and the other Released Parties do not endorse, and shall have no liability to Claimant resulting from the selection of such structured settlement broker, Assignee or Annuity Issuer or from the actions or omissions of such structured settlement broker, Assignee or Annuity Issuer. Claimant has received full disclosure from the structured settlement broker regarding the offshore status of the Assignee and the Annuity Issuer, as applicable.

h. Claimant understands and agrees that the Settlement Trustee will not pay the Structured Settlement Amount to the Assignee until such time as: (1) all required documents associated with the Structured Settlement Option have been properly executed and timely provided by the Court-approved structured settlement broker, on behalf of the Claimant, to the Settlement Trustee (including execution of this Attachment C by the Settlement Trustee (or designee) on behalf of the Settlement Trust in Part III, execution of the certification by the Court-approved structured settlement broker on Part II of this Attachment C, and execution of the structured settlement assignment and release form by Claimant and Assignee), and all such documents must be

9

consistent with, and contain no language inconsistent with, this Individual Release, including, without limitation, the provisions of this Attachment C; (2) the Settlement Trustee has received a certification by a Court-approved structured settlement broker on Part II of this Attachment C that all such documentation has been properly executed and timely provided to the Settlement Trustee (including execution of the structured settlement assignment and release form by Claimant and Assignee), and that all such documents are consistent with, and contain no language inconsistent with, this Individual Release, including, without limitation, the provisions of this Attachment C; and (3) the Settlement Trustee has verified the accuracy of the information contained in such certification received from the Court-approved structured settlement broker.

i. Claimant must personally sign this Attachment C to the Individual Release, rather than through an attorney or otherwise.  An original signature is required (a photocopy, fax, pdf image or electronic signature is insufficient).  In addition to signing, attesting to and vouching for the accuracy of the certifications in this Attachment C to the Individual Release, Claimant agrees to provide required information and documents regarding the Structured Settlement Option, which shall be transmitted to the Settlement Trustee by the Court-approved structured settlement broker.

j. The Structured Settlement Option does not affect the Claimant's obligation to pay any attorneys' fees or satisfy any potential attorney-fee liens described in Paragraph 19 of the Individual Release.  Any payments by the

        Settlement Trustee pursuant to a Structured Settlement Option shall be subject to the liens or claims of any third parties that the Settlement Trustee has found payable pursuant to the procedures of the Settlement Trust and any applicable Order of the Court relating to such claims or payments. If a lien or claim of third party reduces the Structured Settlement Amount paid to Assignee, the Periodic Payments listed in Attachment C and the assignment and release document will be amended accordingly.

    k. Claimant has the right to consult with an attorney of his, her or its choosing regarding the Structured Settlement Option before completing this Attachment C.

5. That Attachment C to the Individual Release requires Claimants to accept terms governing the Structured Settlement Option and to specifically elect the Structured Settlement Option, and to agree, represent and warrant in writing on Attachment C that Claimant has provided complete and accurate information and documentation regarding its structured settlement, including the Structured Settlement Amount, contact information for the parties involved in the structured settlement (including the Court-approved structured settlement broker used by Claimant, the Assignee and the Annuity Issuer), the schedule for Periodic Payments, and a nonqualified assignment and release form executed by Claimant and Assignee. Attachment C will be available to all Claimants on a website maintained by the Claims Administrator, but shall only be applicable to, and submitted on behalf of, those Claimants electing the Structured Settlement Option. If Claimant does not fully execute Attachment C to the Individual Release or if Attachment C is not submitted as specified, then Claimant's election of the Structured Settlement Option shall not be effective, and Claimant shall only be eligible to receive a lump

sum payment directly from the Settlement Trust through the Court-appointed Claims Administrator and the Deepwater Horizon Claims Center.

6. That the Eligibility Notice sent to a Claimant who has not previously signed and returned an accepted Individual Release shall inform Claimant of the address of a website maintained by the Claims Administrator at which Claimant can obtain more information regarding the Structured Settlement Option and access Attachment C to the Individual Release that must be submitted on Claimant's behalf by a Court-approved structured settlement broker for Claimant to elect the Structured Settlement Option, by specifically including applicable portions of the following statement, in substantially the form below:

**Option to Elect a Structured Settlement**

You may be able to place some or all of your Award Amount into a structured settlement to receive multiple payments spread out over more than one year (the "Structured Settlement Option"). You should consult your own tax adviser regarding whether you should consider that Structured Settlement Option, and the tax, financial and other consequences of the Structured Settlement Option.

If you want more information on the Structured Settlement Option, go to www.deepwaterhorizoneconomicsettlement.com/structuredsettlement.php or call the Claimant Communications Center at 1-800-353-1262. IF YOU WISH TO BE PAID USING THE STRUCTURED SETTLEMENT OPTION, DO NOT SIGN OR RETURN THE RELEASE SENT TO YOU WITH THIS NOTICE AT THIS TIME. Instead, a Court-approved structured settlement broker will help you assemble the paperwork necessary to elect the Structured Settlement Option and that broker will send your completed paperwork to the Claims Administrator (this paperwork will include an additional document that will be Attachment C to, and submitted at the same time as, your Release). If this paperwork is not submitted on your behalf by a Court-approved structured settlement broker by the Deadline Date shown on this Notice, the Claims Administrator will consider that you have accepted your Award Amount to be paid in a lump sum and that you do not want a Structured Settlement Option for this Award Amount.

Do not send any paperwork regarding the Structured Settlement Option directly to the Claims Administrator.  A Court-approved structured settlement broker must submit this on your behalf

7. That the Eligibility Notice sent to a Claimant who has previously signed and returned an accepted Individual Release shall inform the Claimant of the address of a website maintained by the Claims Administrator at which Claimant can obtain more information regarding the Structured Settlement Option and access Attachment C to the Individual Release that must be submitted on Claimant's behalf by a Court-approved structured settlement broker for Claimant to elect the Structured Settlement Option, by specifically including applicable portions of the following statement, in substantially the form below:

**Option to Elect a Structured Settlement**

You may be able to place some or all of your Award Amount into a structured settlement to receive multiple payments spread out over more than one year (the "Structured Settlement Option").  You should consult your own tax adviser regarding whether you should consider that Structured Settlement Option, and the tax, financial and other consequences of the Structured Settlement Option.

If you want more information on the Structured Settlement Option, go to www.deepwaterhorizoneconomicsettlement.com/structuredsettlement.php or call the Claimant Communications Center at 1-800-353-1262.  IF YOU WISH TO BE PAID USING THE STRUCTURED SETTLEMENT OPTION, DO NOT TAKE ANY STEPS TO ACCEPT YOUR AWARD AMOUNT ONLINE OR OTHERWISE AT THIS TIME.  Instead, a Court-approved structured settlement broker will help you assemble the paperwork necessary to elect the Structured Settlement Option and that broker will send your completed paperwork to the Claims Administrator (this paperwork will include an additional document that will be Attachment C to your original Release).  If this paperwork is not submitted on your behalf by a Court-approved structured settlement broker by the Deadline Date shown on this Notice, the Claims Administrator will consider that you have accepted your Award Amount to be paid in a lump sum and that you do not want a Structured Settlement Option for this Award Amount.

> Do not send any paperwork regarding the Structured Settlement Option directly to the Claims Administrator. A Court-approved structured settlement broker must submit this on your behalf.

8. That the website maintained by the Claims Administrator shall inform Claimants of the need to consult a Court-approved structured settlement broker who will provide Claimant with more information regarding the Structured Settlement Option and documentation on Claimant's behalf to the Claims Administrator, and shall also provide contact information for such Court-approved structured settlement brokers, as well as the Attachment C to the Individual Release (which a Court-approved structured settlement broker must submit on behalf of Claimant for Claimant to elect the Structured Settlement Option, agree to terms and conditions specific to the Structured Settlement Option, and provide information and documentation required by the Structured Settlement Option), by specifically including at least a statement substantially in this form:

> **Structured Settlement Option**
>
> You have the option of receiving your Award Amount described in your Eligibility Notice as (1) a single lump sum payment, or (2) multiple payments spread over a period of two or more years (the "Structured Settlement Option").
>
> The information provided to Claimants on this website regarding the Structured Settlement Option, including the contact information for the Court-approved structured settlement brokers below, does not constitute an endorsement of the Structured Settlement Option or the listed Court-approved structured settlement brokers, and does not constitute advice that the Claimant should contact or should not contact any Court-approved structured settlement broker, or should elect or not elect the Structured Settlement Option. The Claimant has sole responsibility for the selection of the Court-approved structured settlement broker consulted in connection with the Structured Settlement Option, as well as any decision to elect, or not to elect, the Structured Settlement Option, including any tax, financial or other consequences of this decision. Therefore, the Claimant should consult his,

her or its own tax adviser regarding whether to consider the Structured Settlement Option, and the tax, financial and other consequences of the Structured Settlement Option.

**Consultation with Court-Approved Structured Settlement Broker**

If you are considering electing or would like to learn more about receiving payment through the Structured Settlement Option, you must contact a Court-approved structured settlement broker. Court-approved structured settlement brokers will provide you, at no cost to you, with information regarding structured settlements and payment amounts and schedules under the Structured Settlement Option. For you to elect the Structured Settlement Option, a Court-approved structured settlement broker must submit certain documentation on your behalf to the Claims Administrator. Click here to access a list of, and contact information for, structured settlement brokers which have been approved by the Court.

If you wish to use the services of a structured settlement broker other than the Court-approved brokers listed on the above link, you or the broker must first obtain Court approval.

**Election of Structured Settlement Option**

To elect the Structured Settlement Option, you must then complete, sign and have submitted on your behalf (by a Court-approved structured settlement broker) an Attachment C to the Release, which may be downloaded **here**. On this Attachment C, you will be required to agree to terms and conditions specific to the Structured Settlement Option, and provide information and documentation required by the Structured Settlement Option. The Court-approved structured settlement broker you have selected must submit this Attachment C to the Claims Administrator as described below:

> **(1) If you would like to elect the Structured Settlement Option for an Award Amount listed on your first Eligibility Notice, and you have not yet submitted a Release:** To receive the Structured Settlement Option for all or a portion of the Award Amount, the Court-approved structured settlement must submit, on your behalf, both the Release and Attachment C to the Claims Administrator (at the same time) by the Deadline Date on your Eligibility Notice. **DO NOT SUBMIT THE RELEASE WITHOUT ATTACHMENT C – if you submit the Release without Attachment C (including all requested information and**

**documentation), then you will <u>not</u> be eligible to receive the Structured Settlement Option for the Award Amount in your Eligibility Notice.**

**(2)  If you would like to elect the Structured Settlement Option for an Award Amount, and you have already submitted a Release and received a payment from the Settlement Program:**  To accept the Award Amount (subject to the Structured Settlement Option) and receive the Structured Settlement Option for all or a portion of the Award Amount, the Court-approved structured settlement must submit, on your behalf, Attachment C to the Claims Administrator by the Deadline Date on your Eligibility Notice.  **DO NOT (A) ACCEPT THE AWARD AMOUNT ON DWH PORTAL, OR (B) ACCEPT THE AWARD AMOUNT BY CALLING THE CLAIMANT COMMUNICATIONS CENTER WITHOUT INDICATING THAT YOU ARE ELECTING THE STRUCTURED SETTLEMENT OPTION – if so, then you will <u>not</u> be eligible to receive the Structured Settlement Option for the Award Amount.**

If a Court-approved structured settlement broker, acting on your behalf, does not return Attachment C to the Claims Administrator by the Deadline Date specified on your Eligibility Notice and you do not comply with other requirements set forth on Attachment C to the Release, then you will receive your Award Amount as a single lump sum payment and not in a structured settlement.  An original bearing the Claimant's signature is required on the structured settlement documentation (a photocopy, fax, pdf image or electronic signature is insufficient).   The Claims Administrator is not permitted to accept photocopies of the Claimant's signature.

You have the right to consult with an attorney of your choosing regarding the Structured Settlement Option before completing Attachment C to the Release.

9. That each Court-approved structured settlement broker shall be responsible for providing the Claimant with any documents necessary to elect the Structured Settlement Option and for assembling a complete and properly executed set of documents necessary to elect the Structured Settlement Option.  The Court-approved structured settlement broker shall submit a complete set of such documents necessary for Claimant to elect the Structured Settlement Option to the Claims Administrator, including a certification by such Court-approved structured settlement broker on Part II of Attachment C to the Release that that (1) the Claimant has timely

16

and properly elected the Structured Settlement Option; (2) the Claimant has completed and properly executed all documents necessary to effectuate that election; and (3) such Court-approved structured settlement broker has submitted such complete set of documents to the Claims Administrator.  If the Court-approved structured settlement broker has not delivered all documents for Claimant to elect a Structured Settlement Option (including a certification by the Court-approved structured settlement broker on Part II of Attachment C to the Release) to the Claims Administrator by the Deadline Date on Claimant's Eligibility Notice, then Claims Administrator shall issue payments on the claim in the normal manner and not in a Structured Settlement Option.

10. That the terms of this Order shall supersede the terms of any Assignment or other document used by any Annuity Issuer, Assignee or Court-approved structured settlement broker relating to any Structured Settlement Option.

11. This Court shall have exclusive jurisdiction over any disputes or proceedings arising out of this Order or any Structured Settlement Option.  Each Court-approved structured settlement broker shall be considered to have consented to the jurisdiction of this Court by seeking Court approval.  Each Court-approved structured settlement broker shall obtain from any Annuity Issuer and Assignee that party's written consent to the jurisdiction of this Court before it may become involved in any Structured Settlement Option.

12. That the Settlement Trust, the Settlement Trustee, the Directed Trustee and all other Released parties shall have no liability of any kind to any Claimant or any other person or entity arising from or relating to the actions or omissions of any Annuity Issuer, Assignee or Court-approved structured settlement broker.

13. That any payments by the Trustee pursuant to a Structured Settlement Option shall be subject to the liens or claims of any third parties that the Trustee has found payable pursuant to the procedures of the Settlement Trust and any applicable Order of this Court relating to such claims or payments.

14. That with respect to any structured settlement elected by a Claimant (i) the Assignee shall be the sole person to whom the Trustee or Settlement Trust owes liability for all purposes including specifically Section 1.461-1(g)(1)(ii) of the Treasury Regulation (Title 26, Code of Federal Regulations); (ii) the structured settlement broker, Assignee and Annuity Issuer shall be agents of the Claimant or independent contractors and shall not be deemed the agents of the Trustee, the Directed Trustee, the Settlement Trust or BP for any purpose; (iii) the Trustee shall not make any payment on behalf of the Settlement Trust to the Assignee as part of a structured settlement until all required structured settlement documentation has been fully executed and all such documentation is consistent with the terms and conditions of this Order; and (iv) the fact that Periodic Payments may remain to be made shall not affect the time at which the Settlement Trust shall otherwise terminate in accordance with its terms.

15. That no opinion regarding the tax consequences of the Structured Settlement Option to Claimants (including any Periodic Payments thereunder) has been or will be given by the Trustee, the Directed Trustee or BP, or by certain counsel to the Economic Class (the Lead Class Counsel, Economic Class Counsel and Plaintiffs' Steering Committee, as defined in the Settlement Agreement), nor is any representation or warranty in this regard made by virtue of the availability of the Structured Settlement Option to Claimants.  Each Claimant must consult his, her or its own tax advisors regarding the tax consequences of the Structured Settlement Option and any tax reporting obligations they may have with respect thereto.  The Claimant's tax

obligations, and the determination thereof, are his, her, or its sole responsibility, and it is understood that the tax consequences may vary depending on the Claimant's particular circumstances.

16.     That the Trustee and BP shall have the right to review and approve the forms of any structured settlement documentation, including structured settlement assignment and release forms, to ensure that such forms shall be consistent with the terms and conditions set forth in this Order.

17.     That The James Street Group and Ringler Associates, which are licensed and insured brokers, are Court-approved structured settlement brokers. Additional licensed and insured structured settlement brokers may be approved by the Court upon petition by such structured settlement brokers or by one or more Claimants, subject to the conditions set forth in this Order.

18.     That The James Street Group, Ringler Associates, as well as any other Court-approved structured settlement brokers, shall be required to assist Claimants in the process of electing the Structured Settlement option according to the terms of this Order.

19.     That The James Street Group, Ringler Associates, as well as any other Court-approved structured settlement brokers, shall only offer structured settlements to Claimants pursuant to which Periodic Payments are funded solely by annuities or funding agreements purchased from "A+ XV and above" established insurance companies. Although the sole eligible Annuity Issuer with an "A+ XV and above" rating is currently Allstate Life Insurance Company, the Court finds this limitation is necessary to protect the financial interests of Claimants electing structured settlements. The assignment and release form to be used by Allstate International Assignments Ltd. (the Assignee affiliated with Allstate Life Insurance

Company) for structured settlements with Claimants shall be in the form attached hereto as Exhibit C.

    **SIGNED** at New Orleans, Louisiana this 30th day of January, 2013.

                                                                                            _____
                                                                                            **Hon. Carl J. Barbier**
                                                                                            **United States District Court**