# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Mark J. Nomellini
To Call Writer Directly:
(312) 862-2410
mark.nomellini@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

January 29, 2013

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

        Re: MDL 2179 – BP's Sur-Reply in Support of BP's Additions to its
        Phase One Trial Exhibit List for Good Cause

Dear Magistrate Judge Shushan:

      Mr. Underhill last week and yesterday accused BP of "sandbagging" with respect to BP's "good cause" additions. This is ironic, in light of the facts and clear documentary record.

      The United States now contends (in January 2013) that late production of new and unique documents is not enough to show good cause. But in BP's proposal regarding PTO 54 on October 24, 2012, Andy Langan clearly stated in an email to Mr. Underhill and other counsel:

> "We know the court contemplates a good cause requirement for any additions to the Phase 1 exhibit lists, and **that late production (if that could be shown) would be good cause**, among other reasons. To avoid the sort of disputes that we have seen recently on these 'good cause' questions, BP would like to propose that, subject to Court approval, each of the parties to the Phase 1 trial could have one opportunity to supplement its Phase 1 trial exhibit list for a limited number of new trial exhibits (up to 35 per party) to the existing trial exhibit list, without a showing of good cause."

      Ex. 1 A. Langan 10/24/2012 email correspondence (emphasis added)

      The United States' current view (expressed for the first time on January 18, 2013 – three months after Mr. Langan's October 24, 2012 email to all parties), is that late production alone does not constitute good cause. But that is not what Mr. Underhill said when Mr. Langan wrote in BP's October 24 email regarding PTO 54 that "late production (if that could be shown) would

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 29, 2013
Page 2

be good cause." Instead, Mr. Underhill wrote: "Andy, we're good with the 35." (Ex. 2, M. Underhill 10/24/2012 email correspondence). The other parties likewise agreed with Mr. Langan's email regarding PTO 54 stating that "late production (if that could be shown) would be good cause."

There are two possibilities: (1) Mr. Underhill knew in October 2012 that the United States would oppose BP's position that late production equals good cause, but chose not to raise the issue until January 2013; and (2) when he responded "Andy, we're good with the 35," Mr. Underhill simply did not focus on the portion of Mr. Langan's email stating that "late production (if that could be shown) would be good cause." BP is willing to assume that Mr. Underhill had the best of intentions at all times, and that this was an error of inadvertence. Either way the fault does not lie with BP. BP has been consistent since October 2012, whereas the United States has not.

A review of BP's reply will reveal that BP responded to the United States' arguments and Transocean's incorrect arguments in their response briefs. BP covered an argument relating to the late production of over one million U.S. documents in ten total pages for two briefs. In any event, there is no prejudice to any party, the United States has now had the opportunity to respond (again) to BP. But the United States (again) simply repeats the same incorrect arguments. For example, the United States' latest brief again states that: "The sole argument appeared in BP's one and one-half page Motion, which stated the ipse dixit, 'BP hereby moves to add those post-2/20/12-produced documents for good cause." [Rec. Doc. 8225 at 1.] Again, the United States is not candid, because it ignores the very prior sentence in BP's motion, Rec. Doc. 8225 ("BP is moving the court to add the exhibit to its list pursuant to Amended Pre-Trial Order No. 54 because the document or a *material* part of the document or its family was produced after 2/20/2012") (emphasis added); the U.S. also ignores the detailed chart showing production dates after February 20, 2012 that BP attached to its original motion.

              Respectfully submitted,

              /s/ Mark Nomellini
              Mark Nomellini

cc (via electronic mail):

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 29, 2013
Page 3

      Andrew Langan
      Don K. Haycraft
      R. Michael Underhill
      Steven O'Rourke
      Sarah D. Himmelhoch
      Steve Herman
      Anthony Irpino
      Defense Liaison Counsel
      Corey Maze
      Luther Strange

**EXHIBIT I**

**From:** Langan, Andrew [mailto:alangan@kirkland.com]
**Sent:** Wednesday, October 24, 2012 10:17 AM
**To:** Underhill, Mike (CIV); O'Rourke, Steve (ENRD); CMaze@ago.state.al.us; Lili Petersen; Doug Kraus
**Cc:** dgodwin@godwinronquillo.com; R. York; Kerry Miller (kmiller@fpkc.com); Jim Roy; sherman@hhkc.com
**Subject:** MDL 2179 -- Exhibit List and Pretrial PTO

Dear Counsel:
We have received the draft PTO for the Phase 1 trial from the PSC and we will be reviewing and developing comments in due course as the Court has suggested.
One issue raised in the draft PSC PTO is how Phase 1 exhibit list supplementation (if any) is to be handled.  BP shares the view that, in general, trial preparation for Phase 1 is largely complete.  At the same time, there are probably a small number of documents that were produced towards the end of Phase 1 fact discovery, or even after January 1, 2012, that various parties might want to list on their revised Phase 1 exhibit lists.  We know the court contemplates a good cause requirement for any additions to the Phase 1 exhibit lists, and that late production (if that could be shown) would be good cause, among other reasons.
We can imagine that proposed additions for good cause by one party might be subject to challenges to other parties and disputes will arise as to same, which in turn might lead to a need for document by document review by the court as to whether good cause has really been shown.  To avoid the sort of disputes that we have seen recently on these "good cause" questions,  BP would like to propose that, subject to Court approval, each of the parties to the Phase 1 trial could have one opportunity to supplement its Phase 1 trial exhibit list for a limited number of new trial exhibits (up to 35 per party) to the existing trial exhibit list, without a showing of good cause.  We would propose this "add 35" proposal as an alternative to the "good cause" addition route, except that all parties would reserve the right to seek to add as exhibits documents that were first produced after 2/20/12 (the USA, for example, has produced many, many documents after that date).
We have discussed this proposal with the PSC, Transocean and Halliburton, and they are agreeable.   Would the USA and states also be agreeable to something like this?

Best regards

Andy



J. Andrew Langan, P.C.

**KIRKLAND & ELLIS LLP**
300 North LaSalle Street Chicago, IL 60654
Tel. +1-312-862-2064  Fax +1-312-862-2200

andrew.langan@kirkland.com


*************************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2)

promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
***********************************************************

# **EXHIBIT II**

**From:** Underhill, Mike (CIV) [mailto:Mike.Underhill@usdoj.gov]
**Sent:** Wednesday, October 24, 2012 4:32 PM
**To:** Langan, Andrew; O'Rourke, Steve (ENRD); CMaze@ago.state.al.us; E.Petersen@kanner-law.com; d.kraus@kanner-law.com
**Cc:** dgodwin@godwinronquillo.com; ayork@godwinronquillo.com; kmiller@fpkc.com; jimr@wrightroy.com; sherman@hhkc.com; RTC@cunninghambounds.com; duke@williamslawgroup.org; jbreit@bdbmail.com; sterbcow@lksalaw.com
**Subject:** Re: MDL 2179 -- Exhibit List and Pretrial PTO

Andy, we're good with the 35.

Mike

**From:** Underhill, Mike (CIV)
**Sent:** Wednesday, October 24, 2012 01:27 PM
**To:** Langan, Andrew <alangan@kirkland.com>; O'Rourke, Steve (ENRD); CMaze@ago.state.al.us <CMaze@ago.state.al.us>; Lili Petersen <e.petersen@kanner-law.com>; Doug Kraus <d.kraus@kanner-law.com>
**Cc:** dgodwin@godwinronquillo.com <dgodwin@godwinronquillo.com>; R. York <ayork@godwinronquillo.com>; Kerry Miller (kmiller@fpkc.com) <kmiller@fpkc.com>; Jim Roy <jimr@wrightroy.com>; sherman@hhkc.com <sherman@hhkc.com>
**Subject:** RE: MDL 2179 -- Exhibit List and Pretrial PTO

Andy, we'll discuss internally and get back to you.

Regards,

Mike

**From:** Langan, Andrew [mailto:alangan@kirkland.com]
**Sent:** Wednesday, October 24, 2012 10:17 AM
**To:** Underhill, Mike (CIV); O'Rourke, Steve (ENRD); CMaze@ago.state.al.us; Lili Petersen; Doug Kraus
**Cc:** dgodwin@godwinronquillo.com; R. York; Kerry Miller (kmiller@fpkc.com); Jim Roy; sherman@hhkc.com
**Subject:** MDL 2179 -- Exhibit List and Pretrial PTO

Dear Counsel:
We have received the draft PTO for the Phase 1 trial from the PSC and we will be reviewing and developing comments in due course as the Court has suggested.
One issue raised in the draft PSC PTO is how Phase 1 exhibit list supplementation (if any) is to be handled.  BP shares the view that, in general, trial preparation for Phase 1 is largely complete.   At the same time, there are probably a small number of documents that were produced towards the end of Phase 1 fact discovery, or even after January 1, 2012, that various parties might want to list on their revised Phase 1 exhibit lists.   We know the court contemplates a good cause requirement for any additions to the Phase 1 exhibit lists, and that late production (if that could be shown) would be good cause, among other reasons.
We can imagine that proposed additions for good cause by one party might be subject to challenges to other parties and disputes will arise as to same, which in turn might lead to a need for document by document review by the court as to whether good cause has really been shown.  To avoid the sort of disputes that we have seen recently on these "good cause" questions,  BP would like to propose that, subject to Court approval, each of the parties to the Phase 1 trial could

1

have one opportunity to supplement its Phase 1 trial exhibit list for a limited number of new trial exhibits (up to 35 per party) to the existing trial exhibit list, without a showing of good cause.  We would propose this "add 35" proposal as an alternative to the "good cause" addition route, except that all parties would reserve the right to seek to add as exhibits documents that were first produced after 2/20/12 (the USA, for example, has produced many, many documents after that date).

We have discussed this proposal with the PSC, Transocean and Halliburton, and they are agreeable.  Would the USA and states also be agreeable to something like this?

Best regards

Andy



**J. Andrew Langan, P.C.**

**KIRKLAND & ELLIS LLP**
300 North LaSalle Street Chicago, IL 60654
Tel. +1-312-862-2064  Fax +1-312-862-2200

andrew.langan@kirkland.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*