# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan
To Call Writer Directly:
(312) 862-2074
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

January 30, 2013

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re: MDL 2179 – BP's Reply to the United States' Response to BP's Letter of January 24 [Rec. doc. 8391]

Dear Judge Shushan:

I write to respond to Mike Underhill's January 28, 2013 letter regarding Confidentiality of Trial Materials. As the Court's January 28, 2013 Working Group Order makes clear, the issue of BP's inclusion of the eWell/TIMS database on its Phase One Trial Exhibit List was litigated nearly a year ago, when "the Court granted BP's request to provide the U.S. with 2 days notice of pages it proposed to use. (Rec. Doc. 8373, p. 7).[1] BP believes that the United States' arguments are without merit, and we respectfully request that the Court decline the United States' request to re-litigate this issue.

The United States produced the eWell/TIMS database with a single bates number (IMS184-000001).  The United States now suggests that BP should be required to apply BP's own bates numbers even though BP did not produce the document:

> As demonstrated throughout the case, BP and its vendors are more than capable of Bates stamping documents and, indeed, it has had over a year and many months to do so.  (US Response at 2)

---

[1] Our notes of the February 22, 2012 call with the Court and the parties regarding trial exhibit confidentiality (the "TREX Confidentiality Call") indicate that the Court also ruled that, with respect to these eWell/TIMS database documents: 1) BP was to redact any identifying information regarding a specific well with the exception of the well operator's name; and 2) BP was not required to notify the operator of the well prior to using any such document.

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 30, 2013
Page 2


The United States' argument that BP should have undertaken to re-Bates label the individual documents from the eWell/TIMS database contradicts PTO 16, which unambiguously places the burden of bates labelling squarely on the producing party. Nor is the argument supported by precedent. BP is not aware of other instances in MDL 2179 where one party was required to take documents produced by another party in MDL 2179, apply new bates stamps, and reproduce the documents again in MDL 2179. In light of the United States' choice to produce the eWell/TIMS database with a single bates number, BP took reasonable steps to identify the eWell/TIMS database on its Phase One Trial Exhibit List on October 31, 2011.

Indeed, the United States declined to provide this relational database in native format to BP, and, because this database contains data and records that are linked and interrelated, it would be very challenging for BP to attempt to separate all of this information in a piecemeal fashion, even if doing so and re-producing did not run contrary to PTO 16.

### The United States' Arguments Come 14 Months After BP Listed The Exhibit

After BP's October 31, 2011 listing of the document on its Phase One exhibit list, the United States did not object in the remaining two months of 2011. Nor did the United States object to that exhibit in 2012, before the scheduled February 20, 2012 start of the Phase One trial. (The United States raised confidentiality issues, but not other issues.) Nor did the United States object to this exhibit during the remaining ten months of 2012. Indeed, the United States did not object to this exhibit until January 25, 2013 – 1 year, 2 months, and 26 days after BP included the eWell/TIMS database on its exhibit list.

### The United States' Arguments Are Without Merit

And now that the United States objects over 14 months after BP listed the exhibit on its Phase One exhibit list, what is the basis for the objection? The United States argues: "Once the Court continued the trial from February 2012 to February 2013, and even assuming for the sake of argument that the 'clock' only started to run in February 2012, BP had the benefit of a full year to determine which of the TIMS e-well documents it would use from the mass of documents within the TIMS e-well database." (U.S. Response at 2). In other words, the United States contends that the exhibit was not necessarily problematic through February 2012, but that after February 2012 the exhibit became problematic, because BP should have been using that time after February 2012 to divide up its exhibit list into smaller bits.

The argument that something happened in February 2012 triggering BP's obligation to divide its trial exhibit lists into smaller bits is a new one, and it is without merit for several reasons:

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 30, 2013
Page 3

- The Court never ordered the parties to divide their Phase One trial exhibits into smaller bits in February 2012 or otherwise. To the contrary, the Court stated that Phase One was "in the can."

- The United States never divided into own Phase One trial exhibit list into smaller bits after February 2012, for big exhibits or otherwise.

- The United States never asked BP to divide its Phase One trial exhibit list into smaller bits. Not in 2011. Not in 2012.

- Requiring BP to divide documents produced by the United States into smaller bits would mean requiring a party to re-bates-label something already produced by a party in MDL 2179 and re-producing them with another bates label in MDL 2179, something that would: (i) contradict PTO 16, (ii) be infeasible given the way the United States produced the documents; and (iii) be unprecedented in MDL 2179 to BP's knowledge.

### **The United States' Arguments Do Not Fit Within PTO 54**

The United States suggests that the eWell/TIMS database creates PTO 54 issues. This is not possible, given that the eWell/TIMS database was listed on BP's trial exhibit list in October 2011. As the Court has ruled, Trial Exhibits designated prior to February 2012 are outside the scope of PTO 54, which on its face is limited to new additions and deletions to the Phase One Trial Exhibit Lists:

> "Although Amended Pre-Trial Order 54 established a new deadline of January 18, 2013 for filing pre-trial motions and motions *in limine*, only those motions concerning 'witnesses, exhibits, and matters which were identified, produced, or arose *after February 27, 2012*' would be entertained by the Court")

(Rec. Doc. 8388) (emphasis in original). Any objections by the United States to Trial Exhibits 45482 and 45483 brought under PTO 54 are barred by this order. (Any objections to these exhibits under PTO 54 are also barred for a second reason: even if the United States could properly make objections to these exhibits under PTO 54 (and it cannot), the United States missed the January 18 deadline to do so. *See* Amended Pre-Trial Order 54 at 3.)

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 30, 2013
Page 4

### The United States' Efforts To Link The TIMS Database With Transocean's Exhibit Combinations Are Without Merit

Finally, this issue is different from Transocean's combination of several hundred exhibits into one for its "list of 35." At the time BP listed the eWell/TIMS database in October 31, 2011, there was no limit on the number of documents BP could list. And unlike the eWell/TIMS database, the documents listed by Transocean do not consist of a single bates label: the Transocean documents consist of a multitude of different bates ranges, compiled together to avoid the 35-document limit. At the time BP listed the eWell/TIMS database, there was no 35-document limit to avoid.

### Conclusion

The Court has already addressed issues associated with TREX-45482 and 45483, and BP respectfully requests that the United States' attempt to raise new objections to these trial exhibits under PTO 54 or otherwise be denied.

Respectfully submitted,

/s/ J. Andrew Langan
J. Andrew Langan

cc (via electronic mail):

    Don K. Haycraft
    R. Michael Underhill
    Steven O'Rourke
    Sarah D. Himmelhoch
    Steve Herman
    Anthony Irpino
    Defense Liaison Counsel
    Corey Maze
    Luther Strange