UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| …………………………………………………... | : | SHUSHAN |

**BP'S RESPONSE TO THE PSC'S MOTION FOR LEAVE TO FILE
A SUR-REPLY TO BP'S MOTION IN LIMINE TO EXCLUDE
CERTAIN EVIDENCE RELATED TO CRIMINAL PROCEEDINGS**

The PSC's motion for leave to file a sur-reply should be denied. It is both unnecessary and misplaced. The PSC's proposed sur-reply is unnecessary because there were no requests for new relief in BP's reply memorandum. It is misplaced because BPXP's Plea Agreement should not be admitted into evidence in the upcoming trial.

The PSC claims that BP sought to exclude BPXP's Plea Agreement – as opposed to the facts agreed to in the Allocution incorporated into the Plea Agreement – for the first time in its reply. Not so. As BP explained in its reply memorandum, in response to an argument made the United States, BP did *not* say that the allocution, guilty plea, or any other document such as the other terms of BPXP's Plea Agreement was admissible. What BP said was that "the *factual allocution* in the Guilty Plea Agreement *may* be admissible as evidence in this case, to the extent the contents are relevant and not precluded from evidence on some other ground." (BP Mem. at 2 (emphasis added).) The PSC itself recognized this point in its response when it stated that BP conceded only that the statements in the factual allocution, *not* the entire Plea Agreement, were potentially admissible. (PSC Mem. in Opp. at 2.) In any event, BP's request of the Court in its opening memorandum was quite clear and expressly sought to exclude documents from the

criminal proceedings that are based on hearsay, with a clarification that BP was not moving *in limine* against the fact that BP pled guilty or the Allocution incorporated into BPXP's Guilty Plea Agreement, though BP reserved its rights to argue against admitting those into evidence on relevance or other grounds. (BP Mem. at 4.)

In any event, though the *fact* that BPXP has pled guilty may be admissible, as might be the facts BPXP admitted to in the Allocution, the Plea Agreement itself is not. The case law, including the cases cited by the PSC, are clear that a *guilty plea* is not hearsay because it is considered a party admission, but do not establish that a *plea agreement* can come into evidence beyond any relevant factual admissions contained therein. In *United States v. Bill Harbert Int'l Construction, Inc.*, 608 F.3d 871, 891-92 (DC Cir. 2010), the court of appeals affirmed the admission of a corporate guilty plea, but it is clear from the discussion in the opinion that the district court had made extensive redactions on the documents and only allowed it to be used it to establish facts essential to the civil claim. The decision does not endorse the use of a Plea Agreement to "prove" penalties and other conduct irrelevant to the issues in the case. *Gabarick v. Laurin Maritime, Inc.*, ___ F. Supp. 2d ___, 2012 WL 4606221, at *8 (E.D. La. Sept. 28, 2012), is to the same effect. In *Gabarick* the Court took notice only of certain facts contained in the criminal documents, and did not countenance the wholesale admission of a plea agreement. *In re Enron Corp. Securities, Derivative & "ERISA" Litig.*, 491 F. Supp. 2d 690, 693 (S.D. Tex. 2007), speaks only of the admission of the fact of conviction, not the contents of a plea agreement.

The PSC's proposed sur-reply makes clear that the PSC intends – improperly – to go beyond using the facts admitted by BPXP in the Allocution concerning the events at issue in the upcoming trial. The PSC vows to use the penalties imposed pursuant to the Plea Agreement (and

2

presumably would now also seek to use Judge Vance's recent imposition of those penalties) as evidence of BP's conduct with regard to the *Deepwater Horizon*. This is precisely the line that should not be crossed. No rule of evidence allows for the admission of a hearsay settlement document that says BPXP agreed to a particular penalty to prove that BP's conduct was such that it triggered or warranted such a penalty. The PSC and others must be content with the relevant facts BPXP admitted as set forth in the Allocution – these are the only potentially admissible facts established by BPXP's plea and subsequent conviction.

## CONCLUSION

BP respectfully requests that the Court deny the PSC's motion to file a sur-reply, or, in the alternative, consider the arguments set forth above and grant BP's motion to exclude from evidence all Informations, Indictments, and any other documents generated, or statements made, by prosecutors in the criminal proceedings. BP's motion does not seek to exclude include the fact of BPXP's plea and the relevant facts set forth in the Allocution of BPXP, though BP reserves its rights to argue against admitting those into evidence on relevance or other grounds.

Dated:  February 4, 2013                      Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of February, 2013.

                                                                                        /s/  Don K. Haycraft__