# Exhibit A

GULF RESTORATION NETWORK
healthygulf.org

UNITED FOR A HEALTHY GULF
338 Baronne Street, Suite 200 New Orleans, LA 70112
Phone: 504.525.1528 Fax: 504.525.0833

January 14, 2013

Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

       RE:    *Proposed Consent Decree in U.S. v. BP Exploration and Production et al, Civil No. 10-4536 (E.D. La.)*

Dear Assistant Attorney General Moreno:

I write on behalf of the Gulf Restoration Network (GRN)[1] to provide comments and concerns regarding the consent decree between the United States and Transocean Deepwater, Inc., Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC and Triton Asset Leasing GmbH (hereinafter Transocean Defendants), as published in the *Federal Register [FR Doc. 2013-00209]* on January 9, 2012 .

This consent decree is an important step in holding those responsible, including BP and other Responsible Parties, accountable for the BP oil drilling disaster of 2010.  Although we understand that Transocean defendants may be considered by your agency as less culpable than BP, we are disappointed by the total amount of penalties for both civil and criminal violations of the Clean Water Act and other applicable environmental laws set forth in the consent decree.  Fines totaling at least 5 percent of the currently estimated $20 billion in penalties justified under the Clean Water Act, Oil Pollution Act (except NRDA damages), Endangered Species Act, Marine Mammal Protection Act, and other applicable laws would be more appropriate.

We appreciate the Justice Department's inclusion in the Consent Decree of measures intended to improve Transocean Defendant's performance and prevent occurrence of similar disasters.  However, we are concerned that this settlement fails to acknowledge the need for citizen oversight of agency efforts to ensure rigorous enforcement of the provisions of this and other consent decrees, as well as general oversight of permitting and enforcement of regulations governing permitting of oil and gas exploration and development.

---

[1] The Gulf Restoration Network (GRN) is a network of individuals and local, regional, and national environmental, social justice, and public interest groups dedicated to empowering people to protect and restore the natural resources of the Gulf of Mexico.  Network members hail from each of the Gulf States and beyond.  Many of our members were negatively impacted by both the economic and environmental damage visited upon Gulf resources by the BP drilling disaster.

It was well documented that the disaster was made possible by lax oversight by the Minerals Management Service (MMS) of industry activities. Although MMS has been restructured into the Bureau of Ocean Energy Management (BOEM) and Bureau of Safety and Environmental Enforcement (BSEE), and regulations governing oil and gas development have been strengthened, no body capable of independent oversight of both the industry and the agencies exists. Without independent review to ensure that BOEM and BSEE do not slip back into old patterns of lax oversight, the environmental and human safety threat remains.

To ensure continuing independent oversight of both the agencies and the industry, this consent decree and any future consent decrees with other defendants, should require the establishment of a Gulf Offshore Energy Regional Citizens' Advisory Council (hereinafter Gulf RCAC), similar to the Prince William Sound Regional Citizens' Advisory Council established in response to the Exxon Valdez spill by agreement and later incorporated in to the Oil Pollution Act (OPA) of 1990. The Gulf RCAC could be established as either a standalone body (as was done in Alaska) or as an advisory board to the Department of Interior. Moreover, to ensure that a Gulf RCAC does not become a financial burden on the Department of Interior and/or the U. S. Treasury, the consent decree should also require establishment of a trust fund of $50 to $100 million dollars for operation of the Council. Such an endowment would allow the Council to hire staff technically qualified to monitor the operations of the oil and gas industry, the development of Department of Interior regulations and its permitting process, development of oil spill response technologies, and the ability of the oil and gas industries and the Coast Guard to effectively respond to any spill of significant magnitude.

**Conclusion**

The GRN has two objections to this consent decree. First, we think the amount to be paid by the Transocean Defendants in civil and criminal penalties are not sufficient to compensate Gulf residents for the damage inflicted on Gulf resources by the BP drilling disaster. Second, we feel that creation of a Gulf RCAC is the only way to ensure full compliance by Transocean Defendants with the measures set forth in the consent decree to increase their performance and reduce the risk of future disasters, as well as effective regulation of oil industry exploration and development of oil and gas in the Gulf of Mexico.

We appreciate your consideration of our comments and look forward to working with the Department of Justice and the Trustees in the future.

Respectfully submitted,

Cynthia M. Sarthou
Executive Director