# Exhibit C

# ARNOLD & PORTER LLP

**Joel M. Gross**
Joel.Gross@aporter.com

+1 202.942.5705
+1 202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

January 30, 2013

**VIA ELECTRONIC MAIL**

Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

> Re:   U.S. v. BP Exploration and Production et al, Civil No. 10-4536 (E.D. La.)
> (centralized in MDL 2179: In Re: Oil Spill by the Oil Rig "Deepwater
> Horizon" in the Gulf of Mexico, April 20, 2012), D.J. Ref. 90-5-1-1-10026

Dear Assistant Attorney General:

This comment is submitted on behalf of our clients BP Exploration & Production Inc. ("BPXP") and BP America Production Company ("BPAP") (collectively the "BP Commenters"), on the proposed "Partial Consent Decree Between the Plaintiff United States of America and Defendants Triton Asset Leasing GMBH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater" (the "Partial Consent Decree"), which was lodged with the United States District Court on January 3, 2013.

Our comment is limited to Paragraph 13 of the proposed Partial Consent Decree, which precludes the Transocean Defendants from seeking indemnity or reimbursement for the one billion dollar civil penalty that they will pay under the proposed Partial Consent Decree. Paragraph 13 provides: "Nor shall the Transocean Defendants use or allow to be used any payments of CWA penalties to the United States made pursuant to this Consent Decree as a basis for indemnity or reimbursement from any other defendant named in paragraph 76 of the Complaint." This is a wholly appropriate limitation and is consistent with the United States District Court's ruling of January 26, 2012, that "BP does not owe Transocean indemnity to the extent Transocean is held liable for civil penalties under Section 311(b)(7) of the CWA, 33 U.S.C. § 1321(b)(7)." Order and Reasons as to Transocean and BP's Cross-Motions for Partial Summary Judgment Regarding Indemnity, Doc. 5446, at 29. (The Court noted (at p.3, n.4) that "[t]he United States joins BP in the argument that CWA penalties cannot be shifted by contractual indemnity.")

# ARNOLD & PORTER LLP

January 30, 2013
Page 2


But Paragraph 13 of the proposed Partial Consent Decree is, perhaps unintentionally, too narrow.  The only BP entity listed in paragraph 76 of the United States' Complaint is BPXP.  However, the Transocean Defendants have sought indemnity, including with respect to fines and penalties, from at least one BP entity beyond BPXP.  Count 7 of "Transocean's Answer to BP Exploration & Production, Inc.'s Cross-Claim and Third Party Complaint [Dkt. 2075] and Transocean's Rule 13 Cross-Claims/Counterclaims and Rule 14 Third-Party Complaint" (Doc. 2574) seeks indemnity as to the claims filed by the United States, including with respect to fines and penalties, from both BPXP and BPAP (*see* Prayer, para. 5).  Similarly, Transocean's Motion for Partial Summary Judgment (Doc. 4457-2), which addressed the issue of the enforceability of an indemnity to cover penalties (and led to the District Court's January 26, 2012 ruling referenced above), also sought relief with respect to both BPXP and BPAP.

The record should be clear that the Transocean Defendants may not seek indemnity or reimbursement from *any* BP entity.  This can be accomplished either by (i) amending the proposed Partial Consent Decree to provide: "Nor shall the Transocean Defendants use or allow to be used any payments of CWA penalties to the United States made pursuant to this Consent Decree as a basis for indemnity or reimbursement from any other defendant named in paragraph 76 of the Complaint, or any corporate affiliates of such defendants"; or (ii) by making that result clear in the order approving the Partial Consent Decree.  In the absence of such a clarification, the proposed Partial Consent Decree would be inconsistent with the District Court's January 26, 2012 ruling and might not achieve the resolution of pending claims in the manner intended by the United States through the Partial Consent Decree.

The BP Commenters appreciate the opportunity to comment on the proposed Partial Consent Decree and request that the Decree be clarified as set forth above.


Sincerely,

Joel M. Gross