IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>*<br>* | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | *<br>* | Judge Barbier |
| *Nos. 10-4239; 10-4240; 10-4241* | *<br>*<br>* | Magistrate Judge Shushan |

SUR-REPLY BRIEF OF DEFENDANT CAMERON INTERNATIONAL
CORPORATION IN OPPOSITION TO THE MEXICAN
STATES' MOTION FOR SUMMARY JUDGMENT

Cameron International Corporation ("Cameron") respectfully submits this sur-reply brief to address a new argument made in the Mexican States' summary judgment reply on the issue of proprietary interests, Doc. 8449 ("Mexican States' Reply").

For the first time in the summary judgment briefing, the Mexican States assert the *parens patriae* doctrine in their Reply at pages 4-11.  The States cite *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592 (1982), in support.  However, in a decision applying *Snapp*, the First Circuit upheld dismissal of *parens patriae* claims made by the Mexican **Nation**. *Estados Unidos Mexicanos v. DeCoster*, 229 F.3d 332 (1st Cir. 2000).  The First Circuit observed that the *parens patriae* doctrine "has developed as to States of the United States." 229 F.3d at 335.  By contrast, the "parens patriae standing should not be recognized in a foreign nation unless there is a clear indication of intent to grant such standing expressed by the Supreme Court or by the two coordinate branches of government." *Id.*; *accord, Service Employees Int'l Union Health and Welfare Fund v. Philip Morris Inc.*, 249 F.3d 1068, 1073 (D.C. Cir. 2001) (upholding dismissal of *parens patriae* claims by Guatemala and other nations).  The Mexican States have no *parens patriae* standing to pursue claims under maritime law.  To the contrary, *Robins Dry Dock*

1

requires an ownership interest in damaged property, and *Snapp* explained that the "quasi-sovereign interests" served by the *parens patriae* doctrine "stand apart" and thus are "***not*** . . . ***proprietary interests***." 458 U.S. at 602 (emphasis added). The untimely *parens patriae* argument is therefore unavailing.

Respectfully submitted,

/s/ David J. Beck
David J. Beck, T.A.
   *dbeck@beckredden.com*
Joe W. Redden, Jr.
   *jredden@beckredden.com*
David W. Jones
   *djones@beckredden.com*
Geoffrey Gannaway
   *ggannaway@beckredden.com*
BECK REDDEN L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX 77010
Phone: (713) 951-3700
Fax: (713) 951-3720

Phillip A. Wittmann, 13625
   *pwittmann@stonepigman.com*
Carmelite S. Bertaut, 3054
   *cbertaut@stonepigman.com*
Keith B. Hall, 24444
   *khall@stonepigman.com*
Jared Davidson, 32419
   *jdavidson@stonepigman.com*
STONE PIGMAN WALTHER
WITTMANN L.L.C.
456 Carondelet Street
New Orleans, Louisiana  70130
Phone: (504) 581-3200
Fax: (504) 581-3361

*Attorneys for Cameron International Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of February, 2013.

                                                              /s/ David J. Beck

383.017/516876.v1