# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

U. S. DISTRICT COURT
Eastern District of Louisiana
FILED FEB 0 6 2013
LORETTA G. WHYTE
Clerk

IN RE:

| | |
|---|---|
| Oil Spill by the Oil Rig "DEEPWATER HORIZON" In the Gulf Of Mexico, on April 20, 2010 | MDL No. 2179<br>Section: "J"<br><br>Honorable Carl J. Barbier<br><br>Magistrate Judge Shushan |

---

| | |
|---|---|
| Bon Secour Fisheries, Inc., *et. al.*, Individually and on behalf of Themselves and all others Similarly Situated, | Civil Action No. 12 - 970<br>Section: "J" |
| Plaintiff(s), | Honorable Carl J. Barbier |
| v. | Magistrate Judge Shushan |
| BP Exploration & Production, Inc., BP America Production Company; BP P.L.C., | |
| Defendant(s). / | |

### DANIEL J. LEVITAN'S MOTION TO INTERVENE

**MOVANT** Daniel J. Levitan, hereby respectfully moves the Court pursuant to Rule 24(a)(2), as of right, and/or Rule 24(b)(1)(B), permissive joinder, Fed. R. Civ. P. to intervene as a Plaintiff party to this action. In support thereof movant states:

TENDERED FOR FILING

FEB - 6 2013

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee _____
___ Process _____
X  Dktd _____
X  CtRmDep ____
___ Doc. No. _____

PROCESS TO
SANTA ROSA C.I. ON
FEB 4 2013
FOR MAILING

1. Daniel J. Levitan was the sole proprietor of a Gulf Coast Seafood restaurant d/b/a Captain Joey Patti's Seafood Restaurant located at 596 East Nine Mile Road, Pensacola, Florida 32514. ("CJP").

2. Daniel J. Levitan derived personal income from the operations of Captain Joey Patti's Seafood restaurant. ("DJL").

3. Daniel J. Levitan is the owner and successor in interest to a Florida Limited Liability Company Finnegans Wake Irish Pubs, LLC. ("Finnegans").

4. On or about April 20, 2010, the Deepwater Horizon Oil Spill occurred. As a direct and proximate result of that oil spill, movant suffered significant personal and financial injury.

5. Movant was previously being represented by Counsel Motley-Rice. Over the period of this litigation, Attorney Kevin Dean, of the Law firm, Motley-Rice was representing Daniel J. Levitan, for purposes of individual compensation, and for compensation of his losses or injuries from the oil spill. This representation included researching claims, filing claims with Gulf Coast Claims Facility ("GCCF"), and to protect his claims against BP, or Deepwater Horizon Defendant(s). Over a 2 year period there was significant miscommunication and lack of communication from Counsel Motley-Rice. Due to the lack of response from counsel, movant has suffered critical date requirements to opt-out of the settlement, and/or have had his interests waived without knowing he had waived interests or alternatives that may provide him an avenue of relief to receive compensation for his injuries. Because of this lack of communication, Levitan *does not believe* that his interests are being protected at this point.

6. Rule 24(a)(2), Fed. R. Civ. P. provides that:

> "...Intervention of right – On timely motion, the court must permit anyone to intervene who:
> (2) claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

*Id.* R. 24(a) (2).

2

7.   Fed. R. Civ. P. Rule 24(b) (1)(B), Fed. R. Civ. P. provides that:

> "...Permissive intervention – On timely motion, the court may permit anyone to intervene who:
> (B) has a claim or defense that shares with the main action a common question of law or fact."

*Id.* R. 24(b) (1) (B), Fed. R. Civ. P.

8.   Based on the present settlement, Levitan is due to receive none or significantly reduced financial compensation for his injuries sustained as a result of the DWH settlement approved by the Court. Based on the present formulation of the settlement, Levitan will not receive compensation for the $2,186,309 he claims he is due. Movant's ability to protect his interest is being significantly impaired as a result of the settlement.

9.   The "Steering Committee" which includes movant's Counsel Motley-Rice is not and has not been protective of movant's interest, and instead has taken a path entirely divergent of Levitan's best interests. The question when negotiating the settlement was to reach a settlement that best serves the majority of the class without due regard for small business owners who had recently opened a small business and the business failed due to the DWH spill, and whose finances and family financial position are so inextricably intertwined that the financial injuries of DWH so decimated the Levitan financial position that the settlement does not take into account hundreds of thousands of dollars lost as a result of DWH that were inter-family loans. For example, Family Trusts who loaned money to movant will go uncompensated because movant would not be compensated for debt that is still owed, even though the businesses have closed. Many other claimants are in the same position as movant where their families have loaned hundreds of thousands, if not millions of dollars only to have those start-up businesses fail due to DWH.

10.   No existing party has adequately represented movant's interest and it appears that counsel has failed to timely inform Levitan of his ability to "opt-out" of this settlement and continue on with the suit against Defendant(s). This motion is timely made, and within three (3) weeks of the Court's approval of the settlement. Similarly, in *Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Circuit, 1977), the Court held:

> "...The ... motion to intervene was filed less than three weeks after the "settlement" was incorporated

3

> in the District Court's final judgment, and necessarily "concern(ed) the same evidence, memories, and witnesses as the subject matter of the original class suit." *American Pipe (and Construction Co. v. Utah)*, 414 U.S. 538, 562; 94 S.Ct. 746, 770; 38 L.Ed.2d 713. There is no reason to believe that in that short period of time, (the existing parties) discarded evidence or (were) otherwise prejudiced. 432 U.S. 385, 393, n. 14, 97 S.Ct. 2464, 2469, n. 14; 53 L.Ed.2d 423 (1977)."

*Id.* at 267; see also *Devlin v. Scardelletti*, 536 U.S. 1; 122 S.Ct. 2005; 153 L.Ed.2d 27 (2002).

11. The Court has just recently approved a settlement agreement. That settlement agreement bars compensation to movant for the loss of millions of dollars; millions of dollars cost on account of movant's financial losses, and injuries on account of the BP/DWH spill; and because of the locations of the physical store front of movant's businesses, who relied entirely on Gulf Coast Seafood located in Pensacola Florida; that is being located on the opposite side of Interstate 10, rather than the south side of I-10, his claims are significantly diminished because of it. Movant was notified only days before he was required to opt-out of the settlement and was advised by counsel to do so by going to an internet web site to do so. Movant does not have access to the internet and counsel knew this fact. Again, failure to communicate by counsel and class counsel. Similarly the U. S. Supreme Court in *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 392; 97 S.Ct. 2464, 2469-70; 53 L.Ed.2d 423 (1977), where the court held:

> "...In short, as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests."

*Id.* at 392.

12. Based on the recent "Steering Committee" mailing received in the mail this past week, movant was notified of the approval of the settlement. Immediately upon being notified of the Court's approval, movant had requested and presented a demand and made presentment. When being made aware of the exclusion of claims likely under the settlement, movant filed Notice of Appeal of the Court's Order approving the settlement.

13. Movant, Daniel J. Levitan falls within the definition as a member of the class. Although falling within the class, movant expected that counsel would keep him informed of the progress of the litigation and how it would affect Levitan; then only days before the opt-out period was to expire, directed movant to file his own opt-out claim without movant really being able to do so.

**WHEREFORE**, Movant/Intervenor Daniel J. Levitan hereby respectfully moves the court to intervene in this action, adopting those claims under the Master Complaint, and those Complaints asserting claims alleged under the laws of the State of Florida, and of Alabama.

Dated this _2_ day of February, 2013.

Respectfully submitted,

Daniel J. Levitan, *pro se*
c/o Santa Rosa C. I.-Annex
DC No. 650607
5850 East Milton Road
Milton, Florida 32583 – 7914

Dated: _2/2/13_

DANIEL J. LEVITAN

13. Movant, Daniel J. Levitan falls within the definition as a member of the class. Although falling within the class, movant expected that counsel would keep him informed of the progress of the litigation and how it would affect Levitan; then only days before the opt-out period was to expire, directed movant to file his own opt-out claim without movant really being able to do so.

**WHEREFORE**, Movant/Intervenor Daniel J. Levitan hereby respectfully moves the court to intervene in this action, adopting those claims under the Master Complaint, and those Complaints asserting claims alleged under the laws of the State of Florida, and of Alabama.

Dated this _2_ day of February, 2013.

Respectfully submitted,

Daniel J. Levitan, *pro se*
c/o Santa Rosa C. I.-Annex
DC No. 650607
5850 East Milton Road
Milton, Florida 32583 – 7914

Dated: _2/2/13_

DANIEL J. LEVITAN

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing pleading has been served on all counsel by the foregoing being filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana through the use of the CM/ECF System, which will send a Notice of filing in accordance with the procedures established in MDL 2179, and by U.S. Mail to Stephen J. Herman, Esq., Attorney at Law, HERMAN, HERMAN, KATZ & COTLAR, LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113; James Parkerson Roy, Esq., Attorney At Law, DOMENGEAUX, WRIGHT, ROY & EDWARDS, LLC., 556 Jefferson Street, Suite 500, Lafayette, Louisiana 70501; BP Exploration & Production, Inc., BP America Production Company, BP p.l.c.; General Counsel, P. O. Box 330919, Houston, Texas 77233-0919, Richard Godfrey, P.C., Wendy Bloom, KIRKMAN & ELLIS, LLP., 300 North LaSalle Street, Chicago, Illinois 60654; Robert C. "Mike" Brock, Esq., COVINGTON & BURLING, LLP., 1201 Pennsylvania Avenue, N.W., Washington, D.C. 20004 on this ___ day of February, 2013.

DANIEL J. LEVITAN

Daniel Levitan 650607
Santa Rosa Correctional
Institutional Annex
5850 E Milton Rd.
Milton, FL 32583

Legal Mail

Clerk, U.S. District Court
Eastern District of Louisiana
500 Poydras Street
C-151
New Orleans, LA. 70130

7013 0930 0001 3039 3357