UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG           MDL NO: 2179
DEEPWATER HORIZON IN THE GULF
OF MEXICO, ON APRIL 20, 2010             SECTION J

THIS DOCUMENT RELATES TO 12-2857          JUDGE BARBIER
                                          MAG. JUDGE SHUSHAN

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO SEVER AND RE-ASSIGN

Plaintiff, Bricor, LLC, (hereinafter "Plaintiff"), by and through undersigned counsel, hereby submits its Memorandum in Support of its Motion to Sever and Re-assign, and states as follows:

**I.   BACKGROUND FACTS**

In June, 2010, Plaintiff and Defendant, BP Exploration & Production, Inc., (hereinafter "BP") entered into a contract that obligated Plaintiff to provide transportation services in, to and from Venice, Louisiana, in connection with the massive Deepwater Horizon MC-252 oil spill response. This contract was based on a minimum commitment of 90 days and was to automatically renew on a thirty day basis thereafter until the job was complete or cancelled by BP in writing with a thirty day advance notice.

At all times pertinent hereto Plaintiff adequately, competently and completely performed all of its duties under this contract. At all times pertinent hereto, almost all of Plaintiff's business was generated as a result of the subject contract it had with BP. All of Plaintiff's employees, equipment, living quarters, and supplies were hired and/or incurred almost exclusively for the benefit of BP.

Nonetheless, in direct breach of this contract, BP sent a written "Work Scope Reduction/Termination Memorandum" to Plaintiff dated March 24, 2011. Although the "job"

was not complete, BP terminated the aforementioned contract with Plaintiff, stating said termination was to take effect on March 29, 2011. In so doing, BP disregarded the "job completion" provision and the "thirty day advance notice" provision of the aforementioned contract.

On October 24, 2012, Plaintiff filed suit for breach of contract and/or payment on open account, for any other legal, equitable or declaratory relief deemed appropriate, for legal interest, litigation costs and reasonable attorney's fees in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

BP subsequently removed this case to this Honorable Court based upon diversity of citizenship grounds. Upon removal, this case was automatically consolidated with the captioned "Oil Spill Litigation", which collectively encompasses hundreds (if not thousands) of cases with claims for damages resulting from the explosion of the Deepwater Horizon offshore drilling rig on April 20, 2010. Neither party requested consolidation, and neither party was given the opportunity to object to said consolidation. Plaintiff's Motion to Sever and Re-Assign follows.

## II. LEGAL ARGUMENT

### A. The Present Action Does Not Share Common Questions of Law, Facts or Evidence With the "Tag Along" Actions That Have Been Transferred and Consolidated Into MDL No. 2179, and Thus, This Action Should Be Severed From MDL No. 2179

Neither party requested assignment, transfer and/or consolidation of the present action into MDL 2197. Furthermore, the local rules of the Eastern District of Louisiana are silent concerning the procedure for requesting assignment and/or consolidation of potentially related actions or "tag-along actions" to the MDL court. Nevertheless, Pre-Trial Order #1 of the MDL Court provides, in pertinent part: Any "tag-along actions later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be

consolidated with this action without the necessity of future motions or orders. **This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure**. *(Emphasis added.)*

Pursuant to 28 U.S.C. 1407, the judicial panel on multidistrict litigation may transfer "civil actions [which] involv[e] **one or more common questions of fact**" to any district for consolidated proceedings. *(Emphasis added)*. Such transfers shall only be upon a determination that the transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* See also 28 U.S.C. §1404(a) (transfers shall serve "the convenience of the parties and the witnesses" and be "in the interests of justice"). In other words, consolidation is only appropriate for cases sharing a "common core", where much of the evidence and the issues are overlapping. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 34 (1998)*.

The objective of consolidating actions with "common questions of fact" is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation and cost, and save time and effort of the parties, the attorneys, the witnesses and the courts. See generally *In Re Multidistrict Private Civ. Treble Damage Litig.*, 298 F.Supp. 484 (J.P.M.L. 1968) (cited by § 20.13 1, Multidistrict Litigation Manual). Consolidation should "streamline the efforts of the parties and witnesses, their counsel and the judiciary in order to effectuate an overall savings of cost and a minimum of inconvenience to all concerned." *In re Bristol Bay, Salmon Fishery Antitrust Litigation*, 424 F.Supp. 504, 507 (J.P.M.L. 1976) (citing *In re Nissan Motor Corp. Antitrust Litigation*, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974)).

Plaintiff maintains that the parties to the present action have been joined and consolidated into MDL 2179 in violation of the Federal Rules of Civil Procedure. Importantly, transfer and consolidation of civil actions is governed by Federal Rule of Civil Rule of Civil Procedure 42(a), and is limited to actions pending in the same court which involve common questions of law or fact if it will avoid unnecessary cost or delay. F.R.C.P. 42(a); *See* also Manuel for Complex Litigation, Fourth§§ 11.631 (2011). Whether consolidation is permissible or desirable depends largely on the amount of common evidence among the cases. Unless common evidence predominates, consolidation may confuse the jury rather than promote efficiency. *Id.*

Plaintiff's lawsuit is wholly distinct from the Oil Spill Litigation, and does not involve "common questions of fact" therewith. The issues are not the same, the witnesses are not the same and the discovery will not be the same. In fact, contrary to the clear objectives of consolidation, consolidating Plaintiff's lawsuit with the Oil Spill Litigation will likely result in an increased cost to parties, and a delay in what could otherwise be an expeditious resolution.

The consolidated cases of the Oil Spill Litigation primarily include claims for personal injury, wrongful death, property damage and other economic losses caused by the explosion. *Transfer Order*, MDL No. 2179, dated Aug. 10, 2010, pg. 3-4. The common issues include the cause of the explosion and the damages that have arisen therefrom. *Id.* On the other hand, Plaintiff's claims for breach of contract and payment on open account are merely incidental to the clean-up after the explosion. Plaintiff was not damaged by the explosion, and Plaintiff is not concerned with the cause of the explosion. Thus, Plaintiff's claims are separate and distinct from the consolidated claims of the Oil Spill Litigation. Plaintiff does not have a cause of action in the Oil Spill Litigation.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's lawsuit should be severed from the Oil Spill Litigation and re-assigned for pre-trial case management to either Magistrate Judge Joseph C. Wikinson, Jr., or to another Judge or Magistrate Judge as this Court deems appropriate.

Respectfully submitted,

**THE HAND LAW FIRM, APLC**

BY: _____
G. PATRICK HAND, III
Bar No. #20847
901 Derbigny Street
Gretna, LA 70053
Phone: (504) 362-5893
Fax: (504) 367-4620
Attorneys for Plaintiff:
Bricor, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been served by email and by placing same in the U.S. Mail, postage prepaid, on this 4th day of February, 2013, to counsel of record for Defendant:

Wm. Brian London, Esq., and
Shannon Skelton Holtzman, Esq.
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099

_____
G. PATRICK HAND, III