UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: 2:11-cv-01051-CJB-SS, *Guy J. Adams v. State of Louisiana, et al.* | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

………………………………………………………...

### THE BP PARTIES' RESPONSE IN OPPOSITION TO PLAINTIFF GUY J. ADAMS'S AMENDED MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Defendants BP Exploration & Production Inc., BP Products North America Inc., BP p.l.c., and BP America Inc. (collectively, "the BP Parties"), by their undersigned counsel, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and this Court's Order of February 1, 2013 (Rec. Doc. 8453), respectfully submit this Response in Opposition to Plaintiff's Amended Motion for Voluntary Dismissal Without Prejudice (Rec. Doc. 8315) ("Motion"). Because the Court's December 21, 2012 Order and Judgment enjoins the prosecution of plaintiff's claims and makes the pursuit of a claim under the Economic and Property Damages Settlement Agreement the exclusive remedy for plaintiff's claims in this action, any voluntary dismissal of plaintiff's action should be with prejudice.

### BACKGROUND

On April 19, 2011, plaintiff Guy J. Adams filed a Direct Filing Short Form joining in the "B1" Master Complaint for Non-Governmental Economic Loss and Property Damages. Direct Filing Short Form, *In re: Oil Spill by "Deepwater Horizon,"* No. 2:10-cv-08888, Rec. Doc. 62641 (E.D. La. filed Apr. 19, 2011) (attached as Exhibit 1). Plaintiff's short-form joinder asserted claims for Non-Governmental Economic Loss and Property Damage in Plaintiff's

capacity as "the leaseholder of 15 acres of oyster beds (Lease No. 2878907) located north of Bay La Mer and South of Bay Long" in Plaquemines Parish. (*Id.*)

The following day, plaintiff filed this putative class action in the 25th Judicial District Court for the Parish of Plaquemines against the BP Parties and thirteen other defendants, alleging that as "a direct and proximate result of the Defendants' negligent actions . . ., the oyster beds that are the leased property of Plaintiffs have been contaminated." (Adams Petition at ¶ 37, attached as Exhibit 2.) Plaintiff's petition stated that "the oyster leases at issue in this action are located in Plaquemines Parish." (*Id*. at ¶ 3.)

Cameron International Corporation removed plaintiff's action to this Court on May 4, 2011, and it was consolidated with MDL 2179 on June 3, 2011. The BP Parties filed their Answer on August 29, 2011 (Rec. Doc. 3851). Other defendants have also filed answers to plaintiff's petition, and certain defendants have filed cross-claims, as well as answers to cross-claims.

On November 1, 2012, the Court-ordered deadline for requesting to opt out of the Economic and Property Damages Settlement Class expired, and plaintiff has filed no request to opt out of that Settlement Class. On December 21, 2012, this Court issued its Order and Judgment Granting Final Approval of Economic and Property Damages Settlement and Confirming Certification of the Economic and Property Damages Settlement Class (the "Order and Judgment") (Rec. Doc. 8139). The Order and Judgment provides that both the general classwide release and the individual release contained in the Settlement Agreement are valid and enforceable (Order and Judgment at ¶ 8) and "permanently bars and enjoins each Economic Class Member from commencing, filing, initiating, asserting, instituting, maintaining, consenting to and/or prosecuting any judicial, arbitral, or regulatory action against the Released Parties with

respect to the Released Claims."[1] (*Id*. at ¶ 13.) The Judgment also provides that the Settlement Agreement is the exclusive remedy for any and all Released Claims brought by any class members against any Released Parties (¶ 9), meaning that "Class Members shall not recover, directly or indirectly, any sums from any Released Parties for any Released Claims other than those received for the Released Claims under the terms of the Settlement Agreement." (*Id*.)

On January 8, 2013, plaintiff filed an oyster lease claim with the Court Supervised Claims Program ("CSSP"). On January 23, 2013, plaintiff filed his Motion, seeking to dismiss his claims against all defendants without prejudice. Because several defendants had answered plaintiff's petition and have indicated opposition to the dismissal of plaintiff's claims without prejudice, the Court invited the objecting parties to file oppositions by February 8, 2013.

## ARGUMENT

Because the BP Parties and Cameron have filed answers to plaintiff's petition, this action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). In this case, the proper terms include a dismissal with prejudice. Given plaintiff's status as a member of the Economic and Property Damages Settlement Class, the Court has already enjoined the prosecution of plaintiff's claims and ordered that the pursuit of a claim under the Economic and Property Damages Settlement Agreement is the exclusive remedy for plaintiff's claims. Accordingly, any dismissal of plaintiff's claims in this action should be with prejudice.

Plaintiff's stated intention to pursue a claim with the CSSP demonstrates that he is a member of the Economic and Property Damages Settlement Class and is bound by the Court's

---

[1] All of the BP Parties are "Released Parties" as defined by the Settlement Agreement, as are certain other defendants named in this action, including (but not limited to) Cameron International Corporation. Settlement Agreement at § 10.3 (Rec. Doc. 6430-1); Settlement Agreement Exhibit 20 (Rec. Doc. 6430-38) at 2.

3

Order and Judgment. (Indeed, Mr. Adams submitted an oyster lease claim to the CSSP two weeks prior to filing his Motion.) The allegations in plaintiff's petition and short-form joinder further confirm plaintiff's membership in the class. These filings both state that plaintiff was a Louisiana resident in April 2011, and they both assert a claim for losses in plaintiff's capacity as the holder of an oyster lease. (Direct Filing Short Form at 1, 3; Petition at ¶¶ 1, 3, 37.) Accordingly, plaintiff is within the geographic and temporal scope of the class definition, (*see* Order and Judgment at A-1, § 1.1), and within a specified Damage Category (Oyster Leaseholder) (*see id.* at A-2, § 1.3.1.1). Because Mr. Adams has not filed a request to opt out of the settlement, he is bound by the terms of the Settlement Agreement and the Order and Judgment giving effect to it. While plaintiff retains his rights under the Settlement Agreement, under this Court's Order and Judgment, he retains no right to re-file his claims at some later date – indeed, such an action is expressly barred and enjoined by the Court's Order and Judgment. Accordingly, the Court should deny plaintiff's Motion to the extent it seeks to preserve such a right to re-file through a dismissal without prejudice.[2]

## CONCLUSION

Pursuant to this Court's December 21, 2012 Order and Judgment, the exclusive remedy for plaintiff's claims is to pursue a claim before the CSSP, and plaintiff retains no right to re-file his action at some later date. The BP Parties thus respectfully request that plaintiff's Motion be denied to the extent it seeks a dismissal without prejudice.

---

[2] At a minimum, any order granting plaintiff's Motion should make clear that nothing in the order precludes the application to plaintiff's claims of the Economic Class Release or of the Court's December 21, 2012 Order and Judgment, including the provision in ¶ 9 of the Order and Judgment making the Settlement Agreement the exclusive remedy for any and all Released Claims by or on behalf of Economic Class Members.

4

Dated: February 8, 2013                          Respectfully submitted,


/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for Defendants BP Exploration & Production Inc., BP Products North America Inc., BP p.l.c., and BP America Inc.*

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of February, 2013.

                                                                                   /s/  Don K. Haycraft