

FRILOT | LLC

ATTORNEYS AT LAW

Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

Kerry J. Miller
504-599-8194 (DD)
504-599-8145 (Direct Fax)
kmiller@frilot.com

February 4, 2013

VIA EMAIL
The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Re:  *In re:*  Deepwater Horizon, MDL No. 2179 – Transocean's Request for Clarification of the Court's Order Regarding Phase One Exhibits (Rec. Doc. 8467)

Dear Judge Shushan:

Transocean has received and reviewed the Court's Order Regarding Phase One Exhibits (Rec. Doc. 8467), and writes to request clarification of one aspect of the Court's ruling. As an initial matter, Transocean understands and does not seek clarification of the Court's ruling that each of the 35 additional trial exhibits permitted by PTO 54 must be a single document exhibit and not a compilation of similar business records. Therefore, Transocean may not add TREX-52638, TREX-52657, TREX-52659, TREX-52663, TREX-52667, and TREX-52669, to the extent they are compilations. Transocean will substitute exhibits that are single documents drawn from and/or representative of these compilations. These substitute exhibits will be part of Transocean's 35 additional trial exhibits per PTO 54.

Transocean seeks clarification of one issue that was briefed as part this dispute, but that may not have been ruled upon by the Court: (1) whether the two additional documents (TREX-52666 and TREX-52668) referenced in the parties' briefing and at argument are proper PTO 54 trial exhibits. TREX-52666 and 52668 are summaries of voluminous information.

Both Federal Rule of Evidence 1006 and Fifth Circuit law expressly authorize the use of summary evidence and make clear that the summarized material need not be admitted into evidence or set forth on the exhibit list, but must simply be "available for examination or copying." FED. R. EVID. 1006; *United States v. Valencia*, 600 F.3d 389, 417-418 (5th Cir. 2010) (holding that to mandate information be admitted into evidence before they can be summarized would "contravene the plain language and purposes of Rule 1006"). Moreover, TREX-52666

February 4, 2013
Page - 2

and TREX-52668 are single exhibit documents consistent with the Court's ruling on the meaning of PTO 54 in the context of permissible additional exhibits. BP's only objection to these exhibits—that they summarize documents that are not on the trial exhibit list—seeks to impose a requirement beyond what is required by Fifth Circuit law explicitly or impliedly. Many of the documents summarized by TREX-52666 and TREX-52668 are already on the trial exhibit list, and all of the summarized material has been produced during discovery and made available to all parties. Transocean respectfully requests clarification that TREX-52666 and TREX-52668 are not excluded by the Court's Order Regarding Phase One Exhibits.

Sincerely,

Kerry J. Miller

KJM/sc

cc:  MDL 2179 Liaison Counsel
     Federal & State Interests Coordinators