# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

| | | |
|---|---|---|
| Mark J. Nomellini | | |
| To Call Writer Directly: | (312) 862-2000 | Facsimile: |
| (312) 862-2410 | | (312) 862-2200 |
| mark.nomellini@kirkland.com | www.kirkland.com | |

February 5, 2013

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

        Re: MDL 2179 – BP's Response to Transocean's Clarification Letter Brief

Dear Magistrate Judge Shushan:

      BP writes in response to Transocean's February 4, 2013 letter brief seeking clarification of the Court's Feb. 1, 2013 Order Regarding Phase One Exhibits (Rec. Doc. 8467). As BP stated in its motion opposing Transocean's improper additions to its exhibit list, BP does not object to parties using appropriate demonstratives or summaries. But the Transocean exhibits Transocean had proposed, TREX-052666 and TREX-052668, are not appropriate either as demonstratives or as summaries.

      Transocean was unsuccessful in seeking to combine hundreds of exhibits into a single entry onto its exhibit list, and now it attempts to use a rule designed to help parties summarize large amounts of data to accomplish what it could not under Amended PTO 54. The case cited by Transocean, *United States v. Valencia*, 600 F.3d 389, 417-18 (5th Cir. 2010), notes that the subjects of Fed. R. Evid. 1006 summaries do not need to be admitted into evidence. BP agrees that the subjects of Rule 1006 entries need not be admitted.

      But the question here is not whether or not the documents summarized in TREX-052666 and TREX-052668 have been *admitted* - the question is whether Transocean can circumvent the MDL-2179 trial exhibit process by using summaries to refer to documents that are *not on the exhibit list*. The Court has already declined to adopt Transocean's position, and held that "exhibits have to be included on the exhibit list in order to be made part of summaries or demonstratives[s]." *See* 1/28/2013 BP Reply re Additions to TO Exhibit List at 1 [Rec. Doc. 8389]; *see also* 2/1/2013 Order at 14-15.

      In order to efficiently identify the universe of documents to be considered at trial, the Court, BP, and the parties have been working on the trial exhibit process since 2011. It would

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 5, 2013
Page 2

frustrate the Court's and the parties' hard work if at this late stage, Transocean was allowed to circumvent that process by packaging documents not on the exhibit list as "summaries" or "demonstratives." The two exhibits that Transocean proposed adding to the exhibit list refer to and rely upon documents that were never designated as trial exhibits.[1]

BP's position is that, in their current state, TREX-052666 and TREX-052668 are not appropriate as either exhibits, summaries or demonstratives.  Transocean can certainly submit proper demonstratives and Rule 1006 summaries that are confined to documents on its exhibit list, and exchange such demonstratives and summaries at the appropriate time.  However, if there is no change to TREX-052666 and TREX-052668 (to exclude reference to or reliance upon documents that are not on the exhibit list), BP will continue to object to them on the ground that they refer to or rely upon documents not on the exhibit list.

Respectfully submitted,

/s/ Mark Nomellini
Mark Nomellini


cc (via electronic mail):

    Andrew Langan
    Don K. Haycraft
    R. Michael Underhill
    Steven O'Rourke
    Sarah D. Himmelhoch
    Steve Herman
    Anthony Irpino
    Defense Liaison Counsel
    Corey Maze
    Luther Strange

---

[1] By way of example only, TREX-052666 refers to the following documents, none of which have been designated by any party as Phase One Trial Exhibits: (i) OSE212-040547- OSE212-040548; (ii) OSE212-040549 - OSE212-040550; (iii) OSE212-040551- OSE212-040552; (iv) OSE212-040553 - OSE212-040554; (v) OSE212-040555.