

**U.S. Department of Justice**

Environment and Natural Resource Division

---

*P.O. Box 7611*
*Washington, DC 20044*
*202-514-0180*
*Sarah.Himmelhoch@usdoj.gov*

February 7, 2013

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
 Eastern District of Louisiana
Hale Boggs Federal Building
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

  Re: MDL 2179 – Partial Motion to Clarify or Reconsider Order re BP's Motion for Rule 30(b)(6) Testimony from the United States (Doc. No. 8466)

Dear Judge Shushan:

  I write to seek clarification and/or reconsideration of one aspect of your order of February 1, 2013 in which you granted "BP's request for an order designating pages 313-362 and 373-443 of the Henry deposition as the U.S.' Rule 30(b)(6) testimony regarding the factual basis for the announcement of the 5,000 bpd estimate . . ." The pages included in this range include a number of questions and answers that do not go to the deposition topic and to which the United States objected on ground that they were outside the scope of the deposition notice. Specifically, the questions and answers that go beyond the topic can be found at the following locations in the Henry deposition: 310:08-310:18; 318:08-318:17; 322:04-322:21; 325:17-326:07; 328:07-328:18; 335:08-337:24; 343:18-344:25; 409:13-409:24; 411:12-419:12; 424:22-427:02; 427:24-431:07; 432:02-432:09; 435:01-436:03; 436:23-439:04; 445:14-445:17.

  The United States respectfully requests that the Court clarify whether it was over-ruling the scope objections found at these locations. If so, the United States respectfully requests an opportunity to demonstrate that these questions and answers are not within the scope of any part of the Rule 30(b)(6) notice topic for which Admiral Landry and Mr. Henry were designated and therefore not testimony of the United States.

  In the same order, you directed the United States to answer certain interrogatories regarding the flow rate estimates performed by the Department of Energy Laboratories during the response. At this time the United States does not seek reconsideration of that portion of your order. We must note, however, that BP has recently raised a novel argument in its reply brief in

support of its motion to reconsider the ruling that its Rule 30(b)(6) witnesses were unprepared. Specifically, BP for the first time has contended that inquiry into the basis for and discussion of historical flow rate estimates is somehow irrelevant to Phase 2 because "[a]ll parties' Phase 2 litigation positions will be unfolded during upcoming expert discovery." Gasaway, Letter to Judge Shushan at 7 (Feb. 4, 2013).

   Not only does BP's position ignore the fact that BP's admission to the crime of lying to Congress regarding flow rate is relevant to the credibility of any flow rate BP offers in this litigation, BP's position also puts the United States in the odd position of being ordered to provide more testimony regarding its historical estimates while being denied discovery into BP's historical estimates. Accordingly, in the extremely unlikely event that this Court agrees that the discussions underlying an admittedly false statement regarding flow rate are not relevant to Phase 2, the United States reserves the right to call "sauce" and seek reconsideration of the entirety of your February 1, 2013 order.

                Respectfully submitted,

                /s/ Sarah D. Himmelhoch

                Sarah D. Himmelhoch
                Senior Litigation Counsel for E-Discovery

cc:  Liaison & Coordinating Counsel