# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

February 11, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:   MDL 2179 — US's Motion for Clarification of Rec. Doc. 8466

Dear Judge Shushan:

BP writes in response to the United States' letter of Friday, February 7, 2013, requesting "clarification" of the Court's recent rulings regarding remedies for the United States' deficient Rule 30(b)(6) testimony. As you know the United States' letter has two quite different purposes, one substantive and one quite tangential.

**Motion for Clarification**

The substantive and stated purpose of the United States' letter is to raise the issue of the status of certain scope objections made during the deposition of Charlie Henry. This issue is easily resolved.

As you know, the Court's ruling provides that, in lieu of additional interrogatories or deposition testimony, pages 313-362 and 373-443 of the Henry deposition will be deemed Rule 30(b)(6) testimony given on behalf of the United States. Specifically, the Court ruled: "BP's request for an order designating pages 313-362 and 373-443 of the Henry deposition as the U.S.' Rule 30(b)(6) testimony regarding the factual basis for the announcement of the 5,000 bpd estimate is granted." (Rec. Doc. 8466, at 2.)

BP had understood the scope of that order to merely deem pages 313-362 and 373-443 of the Henry deposition on United States Rule 30(b)(6) Topic 35 as if the testimony on those pages were also given during Admiral Landry's Rule 30(b)(6) deposition on certain other material within Topic 35.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 11, 2013
Page 2

Any scope objections within these pages would therefore be addressed (if at all) when the testimony is designated in advance of the Phase 2 trial. The issue to be decided regarding the relevant scope objections would then be whether the testimony at lines 313-362 and 373-443 fell within topics specified in the United States' Rule 30(b)(6) notice — either the "science" for which Charlie Henry was designated or the "announcement" for which Admiral Landry was designated. (Note here that one of the excerpts the United States cites in its February 8, 2013 letter (445:14-17) falls outside the applicable range, and hence was likely cited in error.)

Accordingly, BP respectfully suggests that the Court need not rule on any scope objections contained with pages 313-362 and 373-443 of Charlie Henry's deposition transcript at this time, just as it need not rule, and has not ruled on any of the myriad other scope objections that have been raised at various points in other Rule 30(b)(6) deposition testimony. Nor does BP understand the Court's February 1 order to have so ruled.

**The United States' Additional Statements**

The more tangential aspects of the United States' letter concern statements regarding the relationship between the Court's ruling and other issues now pending before the Court.

Most importantly, some add-on statements in the United States' letter assert incorrectly that the United States "is being denied discovery into BP's historical estimates." In fact, the United States' pending request for additional deposition testimony does not request additional deposition testimony, or any additional discovery, regarding BP's historical flow estimation work.

Indeed, the United States has indicated that Dr. Williams was prepared to testify on her designated topic regarding BP's historical flow rates generated through observational evidence, which is the subject of Topic 4 in BP's Rule 30(b)(6) Notice. (BP Letter to Court (Jan. 18, 2013), at 5.) That concession is wise because Dr. Williams was prepared to testify at her deposition on that work and was never instructed not to answer a United States' question regarding the observational evidence aspects of Topic 4 for which she was designated.

In sharp contrast, what the United States is now requesting is additional deposition testimony regarding the drafting process relating to *communicating* scientific work regarding flow rate estimates — as opposed to that scientific work itself or its underlying scientific basis.

In other words, the United States wants to better understand the drafting process that produced a particular document putting forth certain flow estimates in layman's terms — not any historical scientific work underlying such a document. As the Court's January 2 ruling reflects, (Rec. Doc. 8149, at 4), this request by the United States falls within Topic 9 of BP's Rule

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 11, 2013
Page 3

30(b)(6) notice, which includes communications about flow rate estimates.  This request does not concern Topic 4, regarding the estimates themselves.

But tellingly, BP's Topic 9 closely parallels the United States' Topic 35.  United States Topic 35 addresses the United States' announcement of the 5,000 bpd estimate on April 28, 2010.  As the Court knows, its February 2, 2013, Order, (Rec. Doc. 8466), decided that the formulation of such a communication was of limited relevance and ruled that BP should be allowed no additional deposition testimony and not even a single interrogatory regarding the United States' formulation of the announcement of its 5,000 bpd estimate (US Topic 35).  Here, however, the United States is requesting, not merely a single interrogatory, but two additional hours of deposition testimony from BP on BP Topic 9, a topic closely parallel to United States Topic 35.

Although the United States concludes its letter with a jaunty citation of the "sauce" rule, that rule counsels the precise opposite of the result the United States now seeks.  Simply put, the Court recently denied BP's request for additional discovery into the United States' formulation of certain communications about its 5,000 bpd estimate (US Topic 35), ruling instead that the designation of preexisting fact testimony as Rule 30(b)(6) testimony would do.

So too should the Court now deny the United States' requested additional discovery into BP's formulation of certain communications about flow rate estimates (BP Topic 9).  And certainly awarding the United States an additional deposition, instead of BP's reasonable proposal of one summary interrogatory, would constitute a very odd and disproportionate result given the Court's recent ruling with respect to BP.

**Supposed Reservation of Reconsideration Rights**

Remarkably, the United States' letter purports to indefinitely reserve its rights regarding the Court's February 1 Order.  (Letter, at 2 ("Accordingly, in the extremely unlikely event that this Court agrees that the discussions underlying an admittedly false statement regarding flow rate are not relevant to Phase 2, the United States reserves the right to call "sauce" and seek reconsideration of the entirety of your February 1, 2013 order.")

We note in this regard that the United States filed its letter on Friday, December 8, the same day this Court set as the appeal deadline for its Order.  (*See* Rec. Doc. 8466, at 2.)  But rather than appeal the order or seek reconsideration, the United States has attempted an indefinite reservation of rights in the event the Court ultimately rules against it.  Now that the deadline has passed, however, the United States has waived its opportunity to appeal, or file a conditional motion for reconsideration, or seek an extension of that deadline.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 11, 2013
Page 4

  More generally, BP would remind all sides that the Court has made clear that it does not envision a Phase 2 Quantification trial becoming diverted into a series of extended mini-trials about the accuracy of historical flow estimates. To be sure, such evidence may potentially be relevant in certain instances and for certain purposes. But surely this does not mean Phase 2 Quantification case should expand significantly beyond the bounds currently envisioned by the Court and parties.

        \*  \*  \*

  The Court need not make any adjustments at this time to its February 1, 2013 Order (Rec. Doc. 8466).

              Respectfully submitted,

              Robert R. Gasaway

cc (by electronic mail):

Michael O'Keefe
United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross