UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| Applies to: No. 10-2771, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S AMENDED ORDER REGARDING PHASE ONE EXHIBITS [REC. DOC. 8469]**

In support of its Objection to and Appeal From Magistrate Judge's Amended Order regarding Phase One Exhibits (Rec. Doc. 8469), Halliburton Energy Services, Inc. ("HESI") would show the following:

**I.     Background**

    **A.     HESI's Objections to Phase One Exhibits**

On January 14, 2013, HESI filed its First Amended Objections to Phase One Exhibits Designated by Other Parties (the "Amended Objections"). (Rec. Doc. 8242). On January 16, 2013, the PSC filed a letter seeking to strike HESI's allegedly untimely Amended Objections (PSC's "Motion to Strike"). (Rec. Doc. 8320). The PSC argued that all objections asserted for the first time in HESI's Amended Objections were untimely. *Id*. at 3. According to the PSC, such objections were due either by January 20, 2012 or February 1, 2012. *Id.* at 2.

On January 21, 2013, HESI responded to the PSC's Motion to Strike (HESI's "Response"). (Rec. Doc. 8321). In its Response, HESI pointed out that 192 of the complained-

of objections were to emails, which, according to statements from the Court, involved a separate objection process that was the subject of separate briefing after the January 20, 2012 deadline. *Id.* at 1-4. HESI set out the history of the Court's Orders and the discussions among the parties and the Court with respect to the parties' exhibits lists and objections to exhibits and to emails. *Id.* HESI established that the original January 20, 2012 deadline to file objections to trial exhibits did not apply to the thousands of email strings, about which the parties were engaged in an ongoing process of meet-and-confer sessions in an attempt to reach stipulations regarding admissibility. Rather, the parties submitted briefing regarding "exemplars" by the Court's deadline of February 1, 2012, and were to continue the meet-and-confer process to extrapolate the Court's rulings on the admissibility of those exemplars to the thousands of remaining emails. *Id*. at 2-4. That process was still ongoing when the trial was continued and all deadlines were suspended. *Id.* at 3-4. Thus, HESI established that there was no deadline, and certainly no clear deadline, for parties to assert objections to email strings.

HESI further noted that 23 of the complained-of objections applied to exhibits added to the parties' exhibit lists after January 20, 2012, while 51 other objections had been inadvertently excluded from HESI's January 20, 2012 objections. *Id*. at 4-5. Accordingly, because there was no clear deadline for objections to email strings, no deadline for objecting to exhibits included on exhibits lists filed after January 20, 2012, and because the PSC would not be prejudiced by the addition of the 51 objections to exhibits inadvertently excluded from HESI's January 20, 2012 objections, HESI requested that the PSC's Motion to Strike be denied. *Id*.

On January 24, 2013, the PSC replied to HESI's Response, disputing HESI's contention that there was a separate deadline for objecting to emails, and arguing that the January 20, 2012

deadline for exhibit objections applied to email strings. (Rec. Doc. 8345 at 2). The PSC failed to address the fact that HESI had clearly evidenced its reasonable belief that there was no deadline for objections to email strings, reflected in HESI's affirmative disclosure of its position in its January 20, 2012 "HESI Objections to Non-Email Exhibits Designated by Other Parties" which noted that:

> HESI's spreadsheet does not include its objections to emails and email strings. Instead, as the Court directed, HESI will confer with the other parties regarding the admissibility of emails identified in the PSC's list of top 300 exhibits. If the parties cannot reach an agreement by January 30, 2012, HESI will provide a brief that identifies the objectionable exhibits and the basis for HESI's objection to the same.

(Rec. Doc. 8321 at 3). HESI likewise included footnotes in its briefing on the exemplar exhibits reserving its right to object to emails that were not included in the PSC's list of 300 exhibits. (Rec. Docs. 5561 at n. 2; 5604 at n. 2). At a minimum, these affirmative statements demonstrate HESI's understanding, and the PSC's knowledge of HESI's position, that email strings were subject to a different objection procedure and deadline than non-email exhibits.

### B. PSC's Additions to Phase One Exhibit List

On January 11, 2013, the PSC filed its Combined Phase One Exhibit List (the "Exhibit List"). (Rec. Doc. 8221). On January 18, 2013, HESI filed Objections to Certain Exhibits Identified on the Plaintiffs' Combined Phase One Exhibit List Dated January 11, 2013 ("HESI's Exhibit Objections"). (Rec. Doc. 8297). HESI pointed out that, in Amended PTO 54, the Court permitted the addition of 35 additional exhibits to the parties' exhibit lists without a showing of good cause. (Rec. Doc. 8297 at 1). Contrary to PTO 54, and in addition to its "new" exhibits and "good cause" exhibits, the PSC included 125 additional exhibits on its exhibit list. *Id.* HESI's Exhibit Objections relate to the inclusion of these 125 exhibits.

On January 21, 2013, the PSC filed its Opposition to HESI's Exhibit Objections. (Rec. Doc. 8299). The PSC argued that the Court's January 16, 2012 Order permitted the parties to add exhibits resulting from then-pending depositions. (Rec. Doc. 8299 at 1). According to the PSC:

> [t]he parties were to notify the PSC of the additional exhibits from these depositions by February 16, 2012 to facilitate the PSC's preparation of an updated final master exhibit list to be filed by February 26, 2012. However, due to the PSC/BP settlement and consequent trial continuance, this final exhibit list was never filed. Consequently, the Plaintiffs' additional exhibits from the post-January 13, 2012 depositions were not identified until the filing of the Plaintiffs' Combined Phase One Trial Exhibit List on January 11, 2013.

(Rec Doc. 8299, at 1-2) (citations omitted).[1] The PSC argued that there were no further deadlines to file exhibit lists until January 11, 2013. *Id.* at 2.

On January 25, 2013 HESI filed a Reply in Support of its Exhibit Objections. (Rec. Doc. 8364). HESI noted: (1) the PSC's concession that there was a clear February 26, 2012 deadline for the PSC to add the deposition exhibits at issue to their final trial exhibit list; (2) that the PSC's only excuse for missing the deadline was "due to the BP/PSC settlement and trial continuance;" (3) the similarity between the PSC's arguments that it be excused from the recognized deadline for adding the subject exhibits and HESI's arguments in support of its Amended Objections; and (4) that the PSC's arguments in favor of allowing its additional exhibits were inconsistent with its argument that HESI's Amended Objections were untimely and should be stricken. *Id.* at 1-2.

On January 29, 2013, the PSC filed a Clarification and Second Opposition to HESI's Exhibit Objections, claiming (for the first time) that, although the additional exhibits were never

---

[1] Plaintiffs noted that 102 of their additional exhibits fell into this category. *Id.* at 2. Plaintiffs further conceded that 23 of the new exhibits did not fall into this category, and offered to remove those exhibits from their Phase One exhibit list. *Id.* at 3, n. 1.

on an exhibit list filed with the Court, they were on the PSC's "Combined Master List" distributed to counsel on February 24, 2012.[2] (Rec. Doc. 8390). Accordingly, the PSC argued that no prejudice to HESI resulted from the inclusion of the additional exhibits on the PSC's Combined Phase I Exhibit List.[3] *Id*. at 2.

### C.     Magistrate Judge Shushan's Order

On February 1, 2013, Magistrate Judge Shushan issued an Amended Order [Regarding Phase One Exhibits] (the "Order"), addressing various motions relating to Phase One exhibits. (Rec. Doc. 8469). Judge Shushan held that HESI's Amended Objections were untimely, stating "[t]he Court does not agree that the briefing related to the motions *in limine* for emails created a separate track for objections to emails." *Id.* at 12. Accordingly, Judge Shushan granted the PSC's Motion to Strike HESI's objections to the 192 emails. However, Judge Shushan denied the PSC's Motion to Strike HESI's 23 objections to newly-identified exhibits and its 51 objections inadvertently omitted from its January 20, 2012 filing. *Id*. at 12-13.

Conversely, with respect to the PSC's 125 additional exhibits, Judge Shushan noted that

> [t]he PSC demonstrates that the 125 exhibits were on a February 24, 2012 master list which the PSC circulated to all parties. Accordingly, while Halliburton and the other parties were aware that the PSC was listing these exhibits, the exhibits were not included on a list filed with the Court before the adjournment of the trial in March 2012.

---

[2] In fact, thirty-one of these exhibits were <u>not</u> on the "Combined Master List," including the twenty-three exhibits the PSC conceded did not relate to the January and February 2012 depositions, plus eight exhibits from the February 15-16, 2012 deposition of Krishna Ravi.

[3] The February 24, 2012 email attaching the "Combined Master List" merely states "[p]lease find the Combined Master Exhibit List which lists exhibits from all parties." (Rec. Doc. 8390, Exh. A). It <u>does not</u> state that it includes additional exhibits from the PSC; nor does the exhibit list note in any way that the PSC has added exhibits. Thus, though the PSC claimed that the exhibits "have been listed for over a year" (which is demonstrably not true for thirty-one of them) and that the inclusion of these documents "does not prejudice HESI," it does not explain how HESI should have divined that they had been added to the PSC's exhibit list.

(Rec. Doc. 8463 at 13). The Court did not address the fact that 31 of the 125 exhibits were not identified in the Combined Master List. The Court overruled HESI's Exhibit Objections. *Id.*

### D. Objection To and Appeal From Magistrate Judge Shushan's Order

HESI respectfully disagrees with certain portions of Judge Shushan's Order. Specifically, HESI disagrees with Judge Shushan's conclusions that there was not a separate track for objecting to emails, that HESI's objections to emails were untimely, and that they should be stricken. HESI further disagrees with Judge Shushan's overruling of HESI's Exhibit Objections. HESI respectfully submits that, on these issues, Judge Shushan's Order is clearly erroneous and contrary to law. Accordingly, HESI respectfully appeals those portions of the Order.

HESI explained in its Response to the PSC's Motion to Strike why the Motion to Strike should be denied. (Rec. Doc. 8321). HESI also explained in its Exhibit Objections and its Reply in support thereof why its objections should be sustained. (Rec. Docs. 8297, 8364). The PSC has likewise explained its positions in its filings before Judge Shushan. (Rec. Docs. 8299, 8320, 8345, 8390). Accordingly, in support of this appeal, HESI respectfully incorporates by reference its Response filed with Judge Shushan (Rec. Doc. 8321), along with its Exhibit Objections and its Reply. (Rec. Docs. 8297, 8364).

In light of the briefing that took place before Judge Shushan, and to reduce the burden on this Court of reviewing further briefing, HESI submits that additional briefing or argument on these topics may not be needed to assist the Court's consideration of this appeal. Accordingly, HESI is amenable to having the Court decide this appeal on the record compiled in the briefing before Judge Shushan along with this memorandum. If the Court determines additional briefing is needed, HESI will provide any submissions the Court deems appropriate.

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com

1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Memorandum In Support Of Halliburton Energy Services, Inc.'s Objections To And Appeal From Magistrate Judge's Amended Order Regarding Phase One Exhibits [Rec. Doc. 8469] has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 14th day of February, 2013.

                                          /s/ Donald E. Godwin
                                          Donald E. Godwin