UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>THIS DOCUMENT APPLIES TO:<br>*ALL CASES & 2:10-CV-02771* | MDL No. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**TRANSOCEAN'S DEMONSTRATIVE OBJECTIONS**

**NOW INTO COURT** come Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc. (collectively "Transocean"), and, in accordance with Amended PTO 54 [Rec. Doc. 8173], respectfully submit the following Demonstrative Objections for Phase One of the Limitation and Liability Trial. Transocean raises the below general objections and sets forth specific objections in the attached Exhibit A:

1) Transocean reserves the right to object to all demonstratives that have not been produced or sufficiently identified on the parties' demonstrative lists in accordance with Amended PTO 54. [Rec. Doc. 8173].

2) Transocean objects to the introduction and/or use of any demonstratives not related to Phase One issues.

3) Transocean objects pursuant to 42 U.S.C. § 6308 to the introduction and/or use of all demonstratives related to the Marine Board Investigation, and further objects to their use based on hearsay and lack of foundation grounds. [Rec. Doc. 5448].

4) Transocean objects pursuant to 42 U.S.C. § 7412 to the introduction and/or use of all demonstratives related to any U.S. Chemical Safety Board investigation and/or report, and further objects to their use based on hearsay and lack of foundation grounds.

5) Transocean objects to the introduction and/or use of demonstratives based on governmental reports, including but not limited to the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling's Report to the President, as well as any demonstratives based on the testimony, attachments, figures, pictures, and documents related thereto. [Rec. Docs. 5635]. Transocean further objects to their use based on hearsay and lack of foundation grounds.

6) Transocean objects to the introduction and/or use of demonstratives based on the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling's Chief Counsel's Report, as well as any demonstratives based on the testimony, attachments, figures, pictures, and documents related thereto. [Rec. Doc. 5635]. Transocean further objects to their use based on hearsay and lack of foundation grounds.

7) Transocean objects, based on *inter alia* hearsay and lack of foundation grounds, to the introduction and/or use of demonstratives from all third-party post-incident investigation reports, including those based on the testimony, attachments, figures, pictures, and documents related thereto.

8) Transocean objects to any party's demonstratives derived from BP's "Bly Report" (otherwise referred to as "BP's Deepwater Horizon Accident Investigation Report") based on *inter alia* lack of foundation and hearsay grounds, except to the extent that it is offered solely against BP as the admissions of a party-opponent as defined in FED. R. EVID. 801(d)(2).

2

9) By objecting to certain demonstratives, Transocean does not waive the right to introduce the same or similar demonstratives at trial.  For example, Transocean has certain demonstratives on its Demonstrative List that contain hearsay if offered against Transocean, but are non-hearsay party admissions if offered against another party.

10) To the extent Transocean objects to a specific demonstrative, Transocean also objects to all subsections of that demonstrative.

11) Transocean objects to any party's demonstratives referencing, quoting, or deriving from inadmissible exhibit(s) or testimony.

12) Transocean objects to any party's demonstratives referring to any alleged prior acts of Transocean that are inadmissible under FED. R. EVID. 404(b) and 403.  [Rec. Doc. 5634].

13) Transocean objects to any party's demonstratives referring to any subsequent remedial measures taken by Transocean that are inadmissible under FED. R. EVID. 407 and 403.

14) Transocean objects to any party's demonstratives that include narrations or other commentary that is hearsay, as well as any audible effects unsupported by admissible evidence.

15) Transocean specifically does not object to the introduction and/or use of demonstratives based on the DNV report's underlying data, given its status as a court authorized investigation.   [Rec. Doc. 5572].

16) Transocean reserves the right to raise at trial any objection provided for in the Federal Rules of Evidence, including but not limited to objections regarding hearsay, lack of foundation, lack of proper evidentiary support, relevance, misleading demonstratives,

demonstratives addressing prior acts or omissions, and demonstratives addressing subsequent remedial measures.

17) On February 15, 2013, the United States submitted demonstratives with incorrect demonstrative numbering.  The United States submitted to the parties a spreadsheet with the corrected numbering and notified counsel that it would exchange the re-branded demonstratives with the correct numbering.  On February 18, 2013, when Transocean exchanged its demonstrative objections with the parties, Transocean had not yet received the re-branded demonstratives from the Unite States.  Therefore, Transocean reserves the right to amend its objections after it receives the United States' re-branded demonstratives.

DATED: February 18, 2013

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 470-6100
Facsimile:  (713) 654-1301
Email:  steven.roberts@sutherland.com
rachel.clingman@sutherland.com
kent.sullivan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

-and-

By:     /s/ Brad D. Brian
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

*Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC,* and *Triton Asset Leasing GmbH.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of February, 2013, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/  Kerry J. Miller