# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| Applies to:  All Cases<br>            2:10-cv-02771 | § § § § | MAG. JUDGE SHUSHAN |

## HESI'S OBJECTIONS TO DEMONSTRATIVES DESIGNATED BY OTHER PARTIES

Halliburton Energy Services, Inc. ("HESI") respectfully submits its Objections to Demonstratives Designated By Other Parties as follows:

### Previously Objected to Trial Exhibits Designated as Demonstratives

The parties have designated as demonstrative aids numerous documents identified as trial exhibits.  To the extent that HESI has objected to these proposed trial exhibits, it incorporates such objections to any demonstrative aids that utilize such objectionable evidence.

### Demonstratives Obtained or Derived from the Chief Counsel's Report

Without identifying which demonstratives it intends to use during the first week of trial, the PSC has designated hundreds of demonstratives that are either direct excerpts from or derived from the National Commission Report and Chief Counsel's Report.  *See generally*, D2120–D2281; D2412-D2420; D2686-D2688.  Because the Court ruled that these reports are inadmissible, any demonstratives derived therefrom are improper (Rec. Doc. 5635). Demonstratives should be derived from evidence developed within this litigation.  Because their source documents are inadmissible, these demonstratives lack foundation and do not assist in the

presentation of evidence. As a result, these demonstratives should be excluded pursuant to the Court's discretion under FRE 611(a).

## Other Demonstratives

HESI objects to the following demonstratives for the reasons set forth below.[1]

<u>D-4303 and D-4304</u>: This demonstrative is allegedly supported by the deposition testimony of Fred Sabins. Any reference to Sabins' opinions violates the Court's prior order that, having been stricken as an expert, Sabins' expert opinions also are stricken. Rec. Doc. 5612. The only appropriate testimony from Mr. Sabins is as a "fact witness to provide foundation testimony for Appendix K."

<u>D-4309</u>: This demonstrative is misleading because the dates identified in the "Test Date" column are not accurate. The "Test Dates" reflected in this column represent the date that a certain Weigh Up sheet was printed for use in the lab. These dates do <u>not</u> reflect when the actual tests were performed. The dates certain tests were actually performed are reflected in handwritten notes within certain Weigh Up sheet(s). This demonstrative is also misleading because the first two comments/quotations in the "Foam Testing Observations" column ("Slurry is settling, will repeat" and "Hard on bottom, soft on top," respectively) suggest that the "Observations" occurred during the foam stability tests identified in the same row. Each of those comments, however, was an observation made during a separate crush compressive strength test and not during the identified foam stability test.

---

[1] HESI anticipates that it will meet and confer with the other parties regarding these objections. To the extent that any such objections cannot be resolved before trial, HESI will provide the Court with a letter brief and specific evidence in support of its objections.

**HESI'S OBJECTIONS TO DEMONSTRATIVES DESIGNATED BY OTHER PARTIES**     **PAGE 2**

2097685 v1-24010/0002 PLEADINGS

<u>D-4344</u>:  This demonstrative, entitled "Halliburton's Changing Theories," is misleading. The demonstrative reflects statements from hearings, depositions, and presentations discussing potential flow paths.  These statements, however, are clearly attributable to individual HESI employees who were not speaking for the company.  The "6/3/2010 T. Roth" statement is purportedly supported by TREX-8147 (a PowerPoint presentation).  This presentation, however, does not make any statement about whether Mr. Roth, much less the company, believes the flow was annular.  The "11/8/2010 R. Vargo" statement, which is not supported by a TREX, is clearly a reference to Mr. Vargo's testimony at the National Commission hearing wherein he made clear that he was not speaking for HESI.  Attributing this theory to HESI is inaccurate and intentionally misleading.  The "7/26/2011 T. Roth" statement references Mr. Roth's deposition testimony wherein he stated that, as far as he was aware, Halliburton had not determined a flow path.  BP's characterization is misleading, particularly since Mr. Roth was not deposed as a HESI corporate representative, nor was he designated as an internal HESI expert witness.

<u>Files not Provided:</u>   HESI reserves the right to later object to demonstratives that were provided or were modified subsequent to the February 13, 2013 deadline to provide demonstratives.

Dated:  February 18, 2013.

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com

1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing HESI's Objections To Demonstratives Designated By Other Parties, has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 18th day of February, 2013.

/s/ Donald E. Godwin
Donald E. Godwin