# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig         MDL NO. 2179
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010        SECTION J

Applies to: *All Cases*               JUDGE BARBIER
                             MAGISTRATE JUDGE SHUSHAN

## ORDER

### [Regarding BP's Motion to Reconsider (Rec. doc. 8330)]

On January 2, 2013, an Order was issued regarding the Agreed 30(b)(6) Deposition Notice

of BP Defendants ("Deposition Notice").  Rec. doc. 8149.  In response to a December 21, 2012 letter

brief from the U.S. (Rec. doc. 8143) and a November 29, 2012 letter from BP to the U.S. (Rec. doc.

8144), the Order required additional testimony concerning three BP designees: (1) Robert Sanders;

(2) Kevin Devers; and (3) Ellen Williams.  Rec. doc. 8149.  The U.S. and BP resolved the Sanders'

issue.  BP submitted a request for reconsideration concerning Devers and Williams.  Rec. doc. 8330.

## Kevin Devers

BP was ordered to provide a witness who can testify regarding the following:

> The use of any analysis, calculations, assumptions or modeling of the flow rate of
> hydrocarbons from the Macondo MC252 well undertaken by or on behalf of BP or
> the Unified Command in connection with the analysis, consideration or execution of:
> (a) the RITT, the riser connected to it and the vessel connected to the riser; (b) the
> Cofferdam and anything like the riser and vessel associated with the RITT; and (c)
> the Top Hat and anything like the riser and vessel associated with the RITT.

Rec. doc. 8149 at 4.[1]  In its motion for reconsideration, BP contends that: (1) the Court erred in

finding that Devers' testimony was insufficient for the portion of Topic 12 of the Deposition Notice

---

[1] RITT refers to the riser insertion tube tool.

for which he was designated; (2) the Court erred in requiring it to provide additional deposition testimony; and (3) in the alternative, it can be resolved either by an interrogatory response or the designation of certain testimony by Farah Saidi as additional Rule 30(b)(6) testimony on Topic 12. Rec. doc. 8552 at 6.

BP designated Devers to testify on Topic 12 concerning the cofferdam, RITT and top hat. As limited, the Topic states:

> The use of any analysis, calculations, assumptions or modeling of the flow rate of hydrocarbons from the Macondo MC252 well undertaken by or on behalf of BP or the Unified Command in connection with the analysis, consideration or execution of . . . [Cofferdam, RITT and Top Hat].

The January 2 order states:

> It is not clear whether Devers is testifying that the team working on the RITT did not use flow rate estimates in its design or whether flow rate estimates were not used by the person(s) in charge of the teams working on the RITT, the riser and the vessel.

Rec. doc. 8149 at 3.  This was prompted, in part by: (1) BP's report that Devers testified that the "two senior BP employees who 'planned, managed, and/or supervised the implementation of' the Cofferdam" were Lynch and Bond (Rec. doc. 8143 at 5); and (2) Devers' testimony that different teams were working on the RITT, the riser and the vessel (Rec. doc. 8143 at 5).[2]  While Devers' testimony is clear that the team developing and designing and implementing the tool or device did not use flow rate estimates in its design or implementation (Rec. doc. 8330 at 4), it is not clear whether the teams working on the riser and the vessel used flow rate estimates in their design and implementation and, perhaps more importantly, whether those responsible for supervising and

---

[2] Devers testified that, "the tool itself was separate from the riser that came - - connected it to the vessel, which would - - and the vessel was separate yet again.  Different teams were working those different aspects."  Rec. doc. 8143 at 5.

coordinating the work of those teams used flow rate estimates in connection with the analysis, consideration and execution of the RITT, the riser and the vessel.  For purposes of Topic 12, the Court construed "RITT" to include the riser and the vessel.  Because of this construction, Saidi's testimony does not resolve the issue.  It is not clear whether she is referring to the tool or the RITT project which included the RITT, riser and vessel.  Rec. doc. 8552 at 4.

The U.S. argues that an interrogatory is insufficient because: (1) BP used a strained or narrow definition of flow rate estimate; and (2) without testimony it will be deprived of the opportunity to determine whether similarly restrictive definitions are being used in the response to the interrogatory.  Rec. doc. 8551 at 4.  The Deposition Notice does not define any of the terms used in the areas of inquiry.  The phrase "flow rate estimate" appears in Topic 9.  There is a reference to the "Flow Rate and Volume Estimates" in Topic 16.  There are no other references to "flow rate estimate" in the areas of inquiry.  The Court agrees with BP that the U.S. could have offered a definition of "flow rate estimate" to Devers and other BP designees and examined them on the basis of that definition.  Rec. doc. 8552 at 6.

The U.S. also argues that the evidence demonstrates that "assumptions and analyses related to flow rate were considered in designing the RITT and top hat."  Rec. doc. 8551 at 4 (emphasis added).  It cites an email discussing "various parameters considered in designing the top hat, including temperature and pressure, two parameters used in the  analysis of flow rate."  Id.  Simply because a factor used in a flow rate estimate, for example temperature, was used in designing the top hat does not mean that a flow rate estimate was used in designing the top hat.

Additional information is required from BP on Topic 12 to clarify Devers' testimony.  Saidi's testimony will not suffice.  The remaining issue is whether the information can be provided

by interrogatory responses.

An interrogatory is sufficient, if the answer is that there was no use of any analysis, calculations, assumptions or modeling of the flow rate of hydrocarbons from the Macondo MC252 well undertaken by or on behalf of BP or the Unified Command in connection with the analysis, consideration or execution of the RITT, the riser connected to it and the vessel connected to the riser.  If the answer to such an interrogatory is in the affirmative, then the U.S. is entitled to further testimony from the witness.  The same analysis applies to the cofferdam and top hat.

By **Wednesday, February 27, 2013**, BP shall respond to three interrogatories relating to: (1) the RITT, the riser connected to it and the vessel connected to the riser; (2) the cofferdam and anything like the riser and vessel associated with the RITT; and (3) the top hat and anything like the riser and vessel associated with the RITT.  If any of the answers are in the affirmative, at the same time BP shall provide dates and arrangements for a designee to testify.

### Ellen Williams

The U.S. raised issues about the testimony of Williams concerning Topics 4, 9 and 16.  The Court determined that no further testimony was required on Topic 16.  Further testimony was required for Topic 4.  This was resolved by additional examination time with Trevor Hill.  Rec. doc. 8149 at 4.

The Court determined that the limitation sought by BP for Topic 9 was too constrained.  Id. In its December 21 letter, the U.S. raised the issue of the inability of Williams to answer questions about BP's response to Congressman Markey, dated May 24, 2010, regarding the flow rate estimate of 5,000 barrels per day.  Rec. doc. 8143 at 10.  The Court determined that this was a communication undertaken in connection with that flow rate estimate and within Topic 9.  BP was required to

provide further testimony on Topic 9.  Rec. doc. 8149 at 5.

In its motion to reconsider, BP reports that the U.S. has no interest in additional testimony regarding the observational evidence work attached to the letter to Congressman Markey.  Rec. doc. 8330 at 5.  It further reports that the U.S. seeks testimony regarding the deliberative process used in connection with the drafting of the May 24, 2010 letter sent to Congressman Markey.  Id.  BP contends that this is privileged.

The U.S. responds that, based on its motion to compel production of previously-withheld documents pursuant to the crime-fraud exception to the attorney-client privilege (Rec. doc. 8417), there is no privilege regarding the deliberative process used in the drafting of the letter.  Rec. doc. 8551 at 5.  The motion to compel has not been resolved and briefing is not complete.  BP's motion for reconsideration as to Williams will be granted pending a final ruling on the U.S. motion to compel and the scope of discovery regarding the deliberative process can be determined.

IT IS ORDERED that:  (1) BP's motion for reconsideration (Rec. doc. 8330) is GRANTED in PART and DENIED in PART as provided herein; and (2) the deadline for an appeal is **Monday, February 25, 2013.**

New Orleans, Louisiana, this 19th day of February, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

5