UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Regarding Working Group Conference on Friday, February 15, 2013]

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

### MICHOUD

1. **Captain Englebert**.

On February 12, BP circulated a cost allocation for Captain Englebert's invoices, dated February 5. If the allocation is acceptable, please pay your share as promptly as possible.

2. **Michoud Visit on February 20**.

Captain Englebert reports that, at the request of BP, a visit is set for Wednesday, February 20, 2013, at 7:30 a.m. to measure gate valve items.

3. **Molds of Pieces of the BOP**.

In July, BP took molds of pieces of the BOP and did analysis and scanning of the mold impressions. BP was not satisfied with the results. The U.S. requests that BP produce the results. BP reported that it will respond promptly to the request. The U.S. also wants to make its own molds.

Captain Englebert reported after the conference that because of NASA clearance requirements, the U.S. could not start the work until the week of February 25.

## PHASE ONE PREPARATION

## EXHIBIT LISTS

**1.     Phase One Exhibits**.

By close of business on **Tuesday, February 19**, the parties will circulate and file their final updated Phase One Exhibit lists.

BP reported that the parties have provided branded versions of their new exhibits.

Objections to newly added exhibits were filed by: Transocean (Rec. doc. 8531); Halliburton (Rec. doc. 8534); Cameron (Rec. doc. 8536); and BP (Rec. doc. 8538).

The parties reported a correction of some DOJ and PSC exhibit numbers.

BP's proposal for identification of the pages from the TIMS database which it intends to use at trial was accepted.

Halliburton reported that there was an overlap of some exhibit numbers between two witnesses.  As soon as this is resolved, the cured exhibit project will be complete.

The parties were reminded to report all changes to inData.

## DEMONSTRATIVES

The order for the January 25 WGC states that, "Judge Barbier requests two binders of all demonstrative aides to be used with each witness." Rec. doc. 8373 at 3.  The question was raised as to whether Judge Barbier wants two binders from each party for each witness or a combined grouping from all parties.  The Court indicated that each party will have to submit their demonstratives to Judge Barbier, but this will be confirmed with him.

# WITNESS LISTS

1. **Global Master Witness List.**

   BP reported that it circulated a draft of a global master witness list. It will submit the list on **Monday, February 18.**

2. **Gregory Meche**.

   M-I reported that Meche would not testify live. The deposition designation process for Meche is not complete. BP and Halliburton will lodge any objections and provide their respective summaries of Meche's testimony on or before **Friday, February 22**. Thereafter, M-I shall confirm with inData that it will provide the deposition bundle to Judge Barbier.

3. **Richard Coronado**.

   BP reported a need for a schedule for designations for Coronado. The PSC responded that he was a live witness, so a deposition bundle was not necessary. Cameron listed him as a will call expert, but has not decided whether he will be called. Discussion will be deferred until February 22. The parties shall meet-and-confer before then to attempt to resolve the matter.

4. **Jeff Wolfe**.

   The parties were to provide objections and 2 page summaries by **Monday, February 18.** inData is to provide the deposition bundle to Judge Barbier and the parties on **Wednesday, February 20**.

5. **Roland Chemali**.

   Halliburton reported that all new Chemali documents were produced.

6. **Subpoenas for Tom Roth and Tim Quirk**.

   The PSC reported that, in accord with the Court's order (Rec. doc. 8517), it will work with

counsel for Roth and Quirk on the arrangements for their attendance at the trial.

**7.     Randy Ezell.**

The U.S. reported that agreement was reached with Transocean and the PSC. Ezell will be called in the plaintiffs' case-in-chief. The U.S. is in contact with counsel for Ezell.

**8.     Donald Vidrine**.

By **Friday, February 22**, the parties: (a) shall submit any supplemental briefing on adverse inferences for Vidrine; and (b) may withdraw objections to adverse inferences for other witnesses.

**9.     Order of Testimony of Expert Witnesses.**

On February 15, the Court distributed the spreadsheet which was prepared from the parties' *in camera* list of experts with the order of presentation. The PSC reported that it may be necessary to adjust the appearance of one expert. There will not be a meeting on February 18 for the identification of the experts who will be called during the first week of trial.

**10.    Marshaling Conferences**.

**Thursday, February 20**, is the deadline for the filing of reports of experts who will be called during the first week of trial. The reports will be filed in electronic format.

The Court will review Paragraph 11 of the order for the WGC on February 10, 2012 concerning reliance exhibits (Rec. doc. 5719 at 4) and speak to Judge Barbier. An email will be sent to all counsel before **Thursday, February 20** with the results of the review and the communication with Judge Barbier.

There will be a marshaling conference on Thursday of each week during trial. At the conference the reports of experts who will be called during the next week of the trial will be filed. During the Thursday marshaling conference, the party presenting the next week will proffer the

depositions of **all the fact witnesses** who will testify in their case-in-chief by deposition. Accordingly, all deposition designations by all parties for those witnesses, including all exhibits for the designations (i.e. the "deposition bundles"), will be proffered at the close of the day on **Thursday, March 1.** A party will not a make a separate proffer when it presents the deposition of a witness who another party has previously presented.

The proffers will be made through inData to Judge Barbier's case manager with an electronic and a hard copy of the list of depositions and exhibits. These will remain in the custody of the Clerk as part of the record of the case.

It is anticipated that inData and the parties will maintain a daily record of the exhibits used with the live witnesses. At each weekly marshaling conference, the parties and inData shall review inData's list, agree on any corrections and present a hard copy of the list to the case manager. The exhibits will not be physically tendered to the case manager. At the conclusion of Phase One, inData shall tender to the case manager a **digital record of the exhibits** used with the live witnesses which will go into the custody of the Clerk in the same manner as the copies of the deposition designations.

The PSC reported that at the first marshaling conference it will submit 128 deposition bundles rather than the previously reported 127 (having mistakenly not listed the deposition bundle for Greg Garrison).

## OTHER PHASE ONE ISSUES

1. **Phase One Glossary of Terms**

    Glossaries of terms were provided to the court reporters.

**2.      Courtroom Set-Up**.

A final technical walk through with attorneys and technical staff is set for **Wednesday, February 20 at 9:30 a.m.**  Judge Barbier's courtroom will be accessible for the attorneys and technical staff during the week starting on February 19.

**3.      Overflow Courtrooms**.

The other overflow courtrooms are Judge Moore's courtroom (B-407) and the courtroom (C-311) across from Judge Engelhardt's courtroom.

**4.      Security.**

When trial goes until 6:00 p.m., the Marshal will close the courthouse at 6:30 p.m.

The parties reported that they have completed their submissions for the final list of people coming in to the courthouse for Phase One trial.

**5.      Confidentiality Issues**.

   A.      Coke Formula information.

The February 1 letters from Cameron and BP with designations of certain "Coke formula" information for redaction from an expert report will be filed under seal.

   B.      Personal Information.

The parties reported that the issues with personal information were resolved.

**6.      Video Clips**.

BP and the PSC have a dispute about video clips.  BP contends that for fairness and completeness certain other excerpts should be played at the same time as the PSC presents video clips.  The PSC contends that Judge Barbier resolved this issue against BP at the pretrial conference.  The undersigned will discuss the issue with Judge Barbier and report to all parties by email.

**7.     Video Montages**.

A "video montage" is a demonstrative and will be exchanged under the schedule set in PTO No. 54. Rec. doc. 8173 at 3-4.

**8.     Order regarding Phase Two Evidence (Rec. doc. 5109)**.

On January 25, 2012, an order was issued regarding BP's motion *in limine* to exclude Phase Two evidence. Rec. doc. 5109. Judge Barbier does not read the January 25, 2012 order as a limitation on his discretion to issue findings at the end of any Phase as provided in Second Amended PTO No. 41.

**9.     Upcoming Phase One Pre-Trial Dates Through March 1, 2013.**

**February 18, 2013:**   Deadline to object to the demonstrative aides exchanged on February 13, 2013.

**February 20, 2013:**   Good faith projection of witnesses appearing during the first week of trial due by noon.

**February 25, 2013:**   MDL 2179 Phase One trial to commence (8:00 a.m.).

**February 27, 2013:**   Good faith projection of witnesses appearing during the second week of trial due by noon.

**February 28, 2013:**   Phase One Marshaling Conference (4:00 p.m.).

**March 1, 2013**:   Deadline for defendants to amend their answers to bundled complaints in light of District Judge Vance's ruling in the BP plea agreement case.

## PHASE TWO PREPARATION

**1.     Designees for the BP 30(b)(6) depositions**.

BP reported that it is close to making the arrangements for a bottom kill designee. BP's motion for reconsideration of the January 2 order (Rec. doc. 8149) concerning Robert Sanders, Kevin Devers and Ellen Williams is pending. Rec. doc. 8330.

2.      **Designees for the U.S. 30(b)(6) depositions**.

The U.S. reported that, by agreement with BP, the deadline for the U.S. to respond to 6 interrogatories is **Friday, March 8.** The U.S. motion for clarification regarding the scope objections was granted.  Rec. doc. 8582.

3.      **Deposition of Professor Ira Leifer and UCSB Document Production**.

The deposition of Dr. Leifer is set for **February 21 and 22** in Santa Barbara.  The Court received a clawback request from UCSB.  A list of the documents will be sent to BP.

4.      **Oceaneering**.

The U.S. is proposing February 28 and March 1 for the depositions of the Oceaneering designees, Anthony Harwin (ROV) and Kinton Lawler (deep sea technical solutions/subsea intervention).  The U.S. reports that document production is to be completed on Friday, February 15.  By the close of business on **Tuesday, February 19**, BP will report on whether it can proceed with the depositions of the Oceaneering designees on February 28 and March 1.

5.      **Phase Two Exhibit List Convention**.

On February 7, BP (Yates French) circulated a "convention" with provisions for exchanging exhibit lists and objections, and the format of the exhibit lists.  BP will re-circulate the final version of the convention.  The parties are to review it and express any problems, absent which it will be adopted.

The U.S. requested a placeholder for when the parties reach the point in installments two and three, where each party has identified up to 10 documents that they may move on if the objections are not withdrawn.  The U.S. would like an automatic provision that the party who asserted confidentiality on those 10 documents is required to reconsider their confidentiality designations at

8

that time as part of their final review of whether or not they will withdraw their objection. If this is followed, it will eliminate or reduce the need to file motions under seal. The Court saw no problem with the procedure. It will be on the agenda for February 22.

**6.** **Phase Two Exhibit Objections**.

    A.    Deadlines.

The parties reported progress on resolving objections. The remaining dates in the schedule are:

| | |
|---|---|
| **02/22/13** | Any party opposing admission of any sample documents must file any response. |
| **03/01/13** | The moving party must file a reply. |

The deadline for the next installment of the Phase Two exhibit list is 21 days from the last Phase Two fact deposition (21 days from the completion of the Oceaneering deposition).

    B.    Hearsay.

All parties will be able to reserve the right to object to hearsay within hearsay until round three of the meet and confer process for Phase Two exhibits. Other document specific objections are likewise reserved. Relevance objections will not be deferred.

    C.    Foundation Objections.

The U.S. recommended that the discussion of foundation issues be tabled until the parties resolve how many hearsay objections are based on foundation. It proposes that any custodial depositions be deferred until after the third installment of exhibits is complete. BP reiterated its position concerning the fact deposition deadline.

7. **U.S. Motion to Compel - Crime Fraud Exception (Rec. doc. 8417)**.

The deadline for BP's opposition (no more than 25 pages) is **Thursday, February 28.** The deadline for the U.S. reply is **Thursday, March 7.** Transocean's motion to join the U.S. motion (Rec. doc. 8457) will be granted and it will be on the same briefing schedule.

8. **Orders from Phase One Which Should Be Applicable to Phase Two.**

Anadarko will circulate its summary of orders from Phase One that may be applicable to Phase Two. That will be on the agenda for February 22.

9. **Order Regarding Expert Witness Evidence Issues**.

Anadarko reported some minor issues remained to be ironed out on its proposed order regarding certain exhibit witness evidence issues. The U.S. reported that it was waiting on comments from BP. BP acknowledged there was a hold-up, but it should be resolved shortly. This will be on the agenda for February 22.

10. **Dispositive and *In Limine* Motions**.

The parties agreed that it was premature to provide an *in camera* submission on possible dispositive and *in limine* motions. Halliburton suggested that it be delayed until the parties see some expert information. The deadline is suspended. The Court will review the schedule and consider a new deadline.

11. **Experts**.

For purposes of the Phase Two expert report deadlines, Transocean contends that it is a defendant. The PSC will report on its position by February 22.

If a defendant has the burden of proof on an issue (i.e. an affirmative defense), the reports by its experts will be exchanged on the date set for the defendants to submit reports. Such a

10

defendant will not submit reports on the date set for the plaintiffs and then again on the date set for defendants.

## MATTERS NOT RELATED TO PHASE ONE OR PHASE TWO

**1.    Orders Proposed by the U.S.**

The U.S.' proposed order clarifying that communications between the U.S. and the States, particularly the non-party States, are confidential and was circulated. BP shall respond with its comments by **Wednesday, February 20.** Thereafter it will be submitted to the Court.

## CONFERENCE SCHEDULE

| Date | Event |
|---|---|
| 02/20/13 | Tech Final Walk Through at 9:30 a.m. |
| 02/22/13 | WGC meeting at 9:30 a.m. |
| 02/25/13 | Commencement of trial of Phase One. |
| 03/01/13 | WGC meeting at 9:30 a.m. |
| 03/08/13 | WGC meeting at 9:30 a.m. |
| 03/15/13 | WGC meeting at 9:30 a.m. |
| 03/22/13 | No WGC Conference |
| 03/29/13 | No WGC Conference |
| 04/05/13 | No WGC Conference |
| 04/12/13 | WGC meeting at 9:30 a.m. |
| 04/19/13 | WGC meeting at 9:30 a.m. |
| 04/26/13 | WGC meeting at 9:30 a.m. |
| 05/03/13 | WGC meeting at 9:30 a.m. |
| 05/10/13 | WGC meeting at 9:30 a.m. |

| | |
|---|---|
| 05/17/13 | WGC meeting at 9:30 a.m. |
| 05/24/13 | WGC meeting at 9:30 a.m. |
| 05/31/13 | WGC meeting at 9:30 a.m. |
| 06/07/13 | WGC meeting at 9:30 a.m. |
| 06/14/13 | WGC meeting at 9:30 a.m. |
| 06/21/13 | WGC meeting at 9:30 a.m. |
| 06/28/13 | WGC meeting at 9:30 a.m. |
| 07/05/13 | No Conference |
| 07/12/13 | WGC meeting at 9:30 a.m. |
| 07/19/13 | WGC meeting at 9:30 a.m. |
| 07/26/13 | WGC meeting at 9:30 a.m. |
| 08/02/13 | No Conference |
| 08/09/13 | WGC meeting at 9:30 a.m. |
| 08/16/13 | WGC meeting at 9:30 a.m. |
| 08/23/13 | WGC meeting at 9:30 a.m. |
| 08/29/13 | Phase Two Final Pre-Trial Conference |
| 09/09/13 | Commencement of Phase Two Trial |

**All Saturdays are email free days.**

New Orleans, Louisiana, this 19th day of February, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**