# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| Applies to: ALL CASES | * | MAG. JUDGE SHUSHAN |

▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪

## TRANSOCEAN'S MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO AND MOTION TO REVIEW MAGISTRATE JUDGE SHUSHAN'S ORDER REGARDING PHASE ONE EXHIBITS [REC. DOC. 8469] AND ORDER REGARDING TRANSOCEAN'S MOTION FOR CLARIFICATION [REC. DOC. 8580]

In the February 1, 2013 Order Regarding Phase One Exhibits [Rec. Doc. 8469] and February 14, 2013 Order Regarding Transocean's Motion for Clarification [Rec. Doc. 8580], Judge Shushan accepts BP's argument that the records underlying an otherwise proper summary exhibit must be identified on a party's exhibit list for the summary exhibit to be valid.  BP objected to two Summary Exhibits on this sole ground, and the Order Regarding Transocean's Motion for Clarification clarifies that Judge Shushan sustained BP's objection that the voluminous underlying records being summarized must not only be made available as Federal Rule of Evidence 1006 requires, but must also be listed on the trial Exhibit List.  [Rec. Doc. 8580 at 1].  This decision adds a requirement that is contrary to the rules and to Fifth Circuit law.

The question before the Court on this appeal is strictly a question of law: must a summary exhibit otherwise proper under Rule 1006 be limited to summarizing documents that are listed on the trial exhibit list?

Both Federal Rule of Evidence 1006 and Fifth Circuit law expressly authorize the use of summary evidence and make clear that the summarized material must simply be "*available for*

*examination or copying*."  FED. R. EVID. 1006; *United States v. Valencia*, 600 F.3d 389, 417-418 (5th Cir. 2010) (holding that to mandate information be admitted into evidence before it can be summarized would "contravene the plain language and purposes of Rule 1006").  There is no requirement that the summarized documents be proffered or listed as trial exhibits.

Two exhibits offered by Transocean—TREX-52666 and TREX-52668—expressly identify by production number the documents being summarized.  BP does not and cannot dispute that the referenced records have been produced during discovery and made available to all parties.  BP's only objection is that some of the documents summarized by the summary exhibits are not on the trial exhibit list.  [Rec. Doc. 8469 at 14-15].  There is no such requirement, and to impose such a requirement without advance notice is prejudicial and contrary to the plain language of the Federal Rules of Evidence or Fifth Circuit law.

The Court need not resolve the *admissibility* of the summaries at this time.  Admissibility of the summaries was neither challenged by BP nor resolved by Judge Shushan; Transocean will establish the proper foundation for the summaries at an appropriate time in trial.

For the foregoing reasons, Transocean respectfully requests that this Court review and reverse the Magistrate Judge's Orders entered February 1, 2013 Regarding Phase One Exhibits [Rec. Doc. 8469] and February 14, 2013 Regarding Transocean's Motion for Clarification [Rec. Doc. 8580] to the extent that they sustain BP's objection that TREX-52666 and TREX-52668 are not proper trial exhibits.

DATED:  February 19, 2013                    Respectfully submitted,

By: /s/ Brad D. Brian                        By: /s/ Steven L. Roberts
Brad D. Brian                                Steven L. Roberts
Michael R. Doyen                             Rachel Giesber Clingman
Lisa Demsky                                  Sean Jordan
Daniel B. Levin                              SUTHERLAND ASBILL & BRENNAN LLP
Susan E. Nash                                1001 Fannin Street, Suite 3700

MUNGER TOLLES & OLSON LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel:  (213) 683-9100
Fax:  (213) 683-5180
Email:  brad.brian@mto.com
      michael.doyen@mto.com
      lisa.demsky@mto.com
      daniel.levin@mto.com
      susan.nash@mto.com


By:  /s/ Edwin G. Preis
Edwin G. Preis, Jr.
PREIS & ROY PLC
Versailles Blvd., Suite 400
Lafayette, LA 70501
(337) 237-6062
     and
601 Poydras Street, Suite 1700
New Orleans, LA 70130
(504) 581-6062

Houston, Texas 77002
Tel:  (713) 470-6100
Fax:  (713) 354-1301
Email:  steven.roberts@sutherland.com
      rachel.clingman@sutherland.com
      sean.jordan@sutherland.com

By:  /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
110 Poydras St., Suite 3700
New Orleans, LA 70163
Tel:  (504) 599-8194
Fax:  (504) 599-8154
Email: kmiller@frilot.com

John M. Elsley
ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 224-8380

*Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February 2013, I electronically filed the foregoing with the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

                         /s/ Kerry J. Miller
                          Kerry J. Miller