UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| All Cases | * | |
| | * | MAGISTRATE SHUSHAN |

**ORDER**
**[As to BP's Motions *in Limine* to Exclude Evidence of the EPA Suspension (Rec. Doc. 8294) and Evidence Related to the SEC Settlement (Rec. Doc. 8295)]**

Two motions *in limine* are before the Court. First, BP moves for an order precluding parties from introducing evidence referencing the Environmental Protection Agency's ("EPA") temporary suspension of BP from entering into new federal contracts. (Rec. Doc. 8294). BP argues that the EPA suspension is based primarily on the inadmissible allegations of others, such as the Information against BP Exploration & Production Inc.[1] and the Indictments against certain BP employees,[2] and thus cannot be used to establish BP's liability in this case. In response, the PSC notes that no party has offered to introduce any exhibits concerning the EPA's suspension during the Phase One trial, and further states that it is "unclear" whether such a suspension would be relevant to Phase One. (Rec. Doc. 8360 at 4). However, the PSC contends that the EPA suspension may be relevant during later phases, or factor into the Court's analysis quantifying punitive damages. Thus, the PSC requests that the Court defer ruling on this issue. (*Id.*). In a similar vein, the United States requests

---

[1] *See United States v. BPXP,* No. 12-cr-292 (E.D. La..), Rec. Doc. 1.

[2] *See United States v. Kaluza & Vidrine*, No. 12-cr-265 (E.D. La.), Rec. Doc. 7; *United States v. Rainey*, No. 12-cr-291 (E.D. La.), Rec. Doc. 1.

that any ruling on this issue be confined to Phase One.  (Rec. Doc. 8352).  BP does not object to deferring these issues until Phase Two, provided that no party attempts to use or introduce the EPA suspension or other facts arising out of the EPA proceedings during the Phase One trial.  (Rec. Doc. 8382).  In light of this, the Court will defer ruling on BP's motion.

The second motion *in limine* relates to Civil Action No. 12-2774, *SEC v. BP p.l.c.* (E.D. La.). On November 15, 2012, the Securities and Exchange Commission ("SEC") filed a complaint that alleged BP p.l.c. had violated certain sections of the Securities Exchange Act of 1934 by understating the rate oil flowed into the Gulf of Mexico in three public filings furnished to the SEC. (12-2774, Rec. Doc. 1 ¶ 5).  The SEC simultaneously filed a document entitled "Consent of Defendant BP p.l.c." attached to which was a proposed final judgment.  (No. 12-2774, Rec. Doc. 2).  In the consent, BP p.l.c. agreed to entry of the final judgment and further agreed "to comply with the Commission's policy 'not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings.'" (Consent ¶ 13, 12-2774, Rec. Doc. 2-1 (quoting 17 C.F.R. § 202.5)).  Thus, "[BP p.l.c.] acknowledges the guilty plea for related criminal conduct described in paragraph 2 above,[3] and agrees . . . not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis . . ." (*Id.*)  However, the Consent also stated that "Nothing in this paragraph

---

[3] Paragraph 2 of the consent states:

BP Exploration and Production, Inc., a wholly-owned subsidiary of [BP p.l.c.], has pleaded guilty to criminal conduct in *United States v. BP Exploration & Production, Inc.* [No. 12-cr-929 (E.D. La.)], a matter brought by the United States Department of Justice relating to certain matters alleged in the complaint in this action.  This Consent shall remain in full force and effect regardless of the existence or outcome of any criminal proceedings against Defendant.

affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party." (*Id.*)  The Court signed the final judgment on December 10, 2012.  (No. 12-2774, Rec. Doc. 5)

BP's motion seeks to exclude from evidence all materials related to the SEC charges against, and settlements with, BP.  (Rec. Doc. 8295 at 1)  BP contends that the SEC's complaint is inadmissible because it is hearsay.  As to the consent and final judgment, BP contends they are inadmissible because (1) such documents are not the result of an actual adjudication, nor do they admit wrong doing; (2) they are excluded by Fed. R. Evid. 408;[4] (3) they are irrelevant; and/or (4) unfairly prejudicial.  (Rec. Doc. 8295-1 at 2-3)

The PSC responds that this issue concerns Phase Two and that "the Plaintiffs do not anticipate a situation where the SEC Settlement would be used by the PSC in Phase One."  (Rec. Doc. 8360 at 2) Thus, the PSC contends that BP's motion is premature.[5]

It appears that these issues pertain to Phase Two, and for that reason, would not be

---

[4] Rule 408, "Compromise Offers and Negotiations," states:

**(a) Prohibited Uses**. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

(1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

**(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

[5] The PSC makes other, alternative arguments, but those need not be mentioned here. The United States' response is the same as its response to BP's motion *in limine* regarding the EPA suspension.

3

admissible during Phase One. (*See* Second Amended Pretrial Order 41, Rec. Doc. 6592 at 2 (discussing trial phases); *see also* Order of Jan. 25, 2012, Rec. Doc. 5407 (concerning the use of Phase Two evidence during Phase One)) However, given that it also appears that no party intends to introduce these documents during the Phase One trial, the Court will defer ruling on this issue until it actually arises.

Accordingly,

**IT IS ORDERED** that BP's Motion *in Limine* to Exclude Evidence of the EPA Suspension (Rec. Doc. 8294) and BP's Motion *in Limine* to Exclude Evidence Related to the SEC Settlement (Rec. Doc. 8295) are **DENIED WITHOUT PREJUDICE**. BP is free to re-raise its objections when and if a party seeks to introduce evidence of either the EPA suspension or evidence related to the SEC settlement, whether that occurs during Phase One or during a later phase of the trial.

New Orleans, Louisiana, this 21st day of February, 2013.

_____
United States District Judge