UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| All Cases | * | |
| | * | MAGISTRATE SHUSHAN |

ORDER & REASONS
[As to BP's Motion *in Limine* to Exclude Certain Evidence Related to Criminal Proceedings (Rec. Doc. 8296)]

BP's moves for an order precluding the introduction of certain evidence from the criminal proceedings related to the DEEPWATER HORIZON/Macondo Well blowout, explosion, and discharge. (Rec. Doc. 8296; *see also* BP Reply, Rec. Doc. 8381; BP Resp. to Mot. to File Sur-Reply, Rec. Doc. 8486). Specifically, BP seeks to exclude three categories of evidence:

(1) the Information against BP Exploration & Production ("BPXP") in Case No. 12-292;[1]

(2) the Superseding Indictment against Robert Kaluza and Donald Vidrine in Case No. 12-265[2] and the Indictment against David Rainey in Case No. 12-291;[3] and

(3) "any other potential 'evidence' from these and any other related criminal proceedings."

(Rec. Doc. 8296-1 at 2). BP contends that "[i]ndictments, informations, and any other documents generated, or statements made, by prosecutors in a criminal proceeding are inadmissible hearsay

---

[1] *United States v. BPXP*, No. 12-cr-292 (E.D. La..), Rec. Doc. 1.

[2] *United States v. Kaluza & Vidrine*, No. 12-cr-265 (E.D. La.), Rec. Doc. 7.

[3] *United States v. Rainey*, No. 12-cr-291 (E.D. La.), Rec. Doc. 1.

under Rules [of Evidence] 801 and 802." (Rec. Doc. 8296-1 at 4). BP acknowledges, however, that "the factual allocution in the Guilty Plea Agreement [in *United States v. BPXP*, No. 12-cr-292, Rec. Doc. 2-1)] may be admissible as evidence in this case, to the extent the contents are relevant and not precluded from evidence on some other ground." (Rec. Doc. 8296-1 at 2).

The Plaintiffs' Steering Committee ("PSC") and the United States responded to BP's motion (Rec. Docs. 8352, 8357).[4] The PSC does not dispute BP's motion with respect to categories (1) and (2). (Rec. Doc. 8357 at 1 ("The PSC has no intention to offer into the record the Information or any of the Indictments.")). However, the PSC contends that the third category is ambiguous given that BP does not specifically identify any documents it seeks to exclude. Accordingly, the PSC requests that the Court refrain from making any determinations until the material sought to be excluded are before the Court. The PSC also disagrees with BP over what aspects of the Guilty Plea Agreement are potentially admissible, as described further below.

The United States also "does not object to exclusion of the Information and Indictments of Messrs. Vidrine, Kaluza, and Rainey," but it does request that the Court limit any ruling to the Phase One Trial. (Rec. Doc. 8352 at 2). The United States notes that when the Court previously excluded evidence of prior alleged improper conduct, etc., it stated that such evidence might be admissible during a later phase. (*See* Rec. Doc. 5634 at 5).

Finally, BP and the PSC disagree over what aspects of the Guilty Plea Agreement are admissible. The PSC appears to assert that the entire, 56-page Guilty Plea Agreement would be

---

[4] The PSC also moved for leave to file a sur-reply (Rec. Doc. 8423), which the Court hereby grants and has considered. The Court has also considered BP's response to this sur-reply (Rec. Doc. 8486).

admissible during the Phase One trial. (*See* PSC's Sur-Reply).[5]  As noted above, BP admits in its initial brief that the factual allocution attached to the Guilty Plea Agreement is potentially admissible, although it reserves the right to object on any other grounds, such a lack of relevancy. (*See also* BP's Reply at 3, Rec. Doc. 8381).  In its response to the PSC's Sur-Reply, BP also concedes that the fact that it pled guilty also may be admissible. (Rec. Doc. 8486 at 2).  However, BP contends that no other aspects of the Guilty Plea Agreement are admissible, and it specifically objects to the introduction of the penalties imposed pursuant to the Guilty Plea Agreement. (*Id.* at 2-3).

Having considered the parties' arguments and the applicable law, the Court will partially grant BP's motion.  The parties are precluded from introducing during the Phase One trial the documents listed in categories (1) and (2) above, *to wit*: the Information against BPXP and the Indictments/Superceding Indictments against Kaluza, Vidrine, and Rainey.[6]  However, the Court denies, without prejudice, BP's request for exclusion of category (3), primarily for the reason that BP's motion does not target specific evidence.[7]  For similar reasons, the Court does not rule on the

---

[5] The Guilty Plea Agreement consists of the Guilty Plea Agreement, the factual allocution (Exhibit A), a proposed order containing additional special conditions of probation (Exhibit B), a certified resolution of the Board of Directors of BPXP (Exhibit C), and a certified resolution of the Board of Directors of BP plc (Exhibit D). (12-292, Rec. Doc. 2-1).  On January 29, 2013, Chief Judge Vance accepted BP's guilty plea. (12-292, Rec. Docs. 64, 65, 66).

[6] *See N.L.R.B. V. Jacob E. Decker & Sons*, 569 F.2d 357, 364 (5th Cir. 1978) ("At the hearing, Decker attempted to introduce evidence of the indictment against Dominguez, but the ALJ properly refused to admit this proffer. Only convictions are admissible to impeach a witness."); *United States v. Cox*, 536 F.2d 65, 72 (5th Cir. 1976) ("It is hornbook law that indictments cannot be considered as evidence . . . ."); *McGhee v. Joutras*, No. 94-7052, 1996 WL 706919, at *7 (N.D. Ill. Dec. 5, 1996) ("[I]t would offend reason to admit the indictment or any reference to it into evidence in a civil case (and that is so a fortiori in this case, where defendant Dorn is not himself even the indicted person).").

[7] *Auenson v. Lewis*, No. 94-2735, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) ("It is well settled that motions in limine are disfavored. An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. Such evidentiary rulings should be reserved until trial so that questions of foundation, competency, relevancy, and potential prejudice may be resolved in the proper context." (citations omitted)).

admissibility of any part of the Guilty Plea Agreement at this time.[8] If the Guilty Plea Agreement, or any part thereof, or any other statements, documents, exhibits, etc. from the criminal proceedings are introduced at the Phase One trial, then BP may re-assert its objection.

Accordingly,

**IT IS ORDERED** that the PSC's Motion for Leave to File Sur-Reply (Rec. doc. 8423) is **GRANTED.**

**FURTHER ORDERED** that BP's Motion *in Limine* to Exclude Certain Evidence Related to Criminal Proceedings (Rec. Doc. 8296) is **GRANTED IN PART** and **DENIED IN PART**, as set forth above. This Order is limited to the Phase One trial.

Signed in New Orleans, Louisiana, this 21st day of February, 2013.

_____
United States District Judge

---

[8] BP's position in its initial brief was ambiguous with respect to the Guilty Plea Agreement. While this position became clearer over the course of initial brief, reply, and response to sur-reply, some ambiguity still remains. To illustrate, BP's initial brief made clear from the outset that it wished to exclude the Information and Indictment (*see* Rec. Doc. 8296-1 at 2); by contrast, it did not *explicitly* request exclusion of any part of the Guilty Plea Agreement until the final sentence of its brief, when it stated:

> BP respectfully requests that the Court issue an Order excluding from evidence all matters arising from the criminal proceedings referred to above *with the exception of* the factual allocution in BPXP's Guilty Plea Agreement and the allocution *and order associated therewith*.

(Rec. Doc. 8296-1 at 4 (emphasis added)). A nearly identical sentence appears at then end of BP's reply brief. (Rec. Doc. 8381 at 3-4). The emphasized language appears to reference the proposed order attached to the Guilty Plea Agreement, which would seem to contradict BP's latest brief where it specifically objects to the introduction of the penalties imposed pursuant to the Guilty Plea Agreement. (*See* BP Resp. to PSC Sur-Reply, Rec. Doc. 8486 at 2-3). The Court does not mean to suggest that BP has somehow waived its objection to the introduction of the Guilty Plea Agreement or its Exhibits, but given the lack of clarity, BP has not done an adequate job of seeking its exclusion prior to trial. The Court notes that this is a bench trial, so there is no risk of tainting a jury with inadmissible evidence.