UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:  *All Cases*<br><br>(Including No. 10-2771) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**PSC's SUR-REPLY TO BP'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE RELATED TO CRIMINAL PROCEEDINGS**

In its Reply in Support of its Motion to Exclude Certain Evidence Related to Criminal Proceedings, BP appears to suggest that its Guilty Plea, which was accepted by the Court on January 29, 2013, *see United States v. BP Exploration & Production Inc.*, Cr. No. 12-292 (E.D. La.) (Rec. Doc. 65), is not admissible in the Phase One Trial commencing February 25, 2013. Specifically, BP states that its motion in limine "requested that the Court issue an Order that only the facts set forth in the Allocution incorporated into BPXP's Guilty Plea Agreement are admissible, subject to relevancy and other appropriate objections." (Rec. Doc. 8381 at 3.)  To the extent BP is suggesting that the Guilty Plea itself is not admissible, that is not what BP requested in the subject motion.  Rather, BP only sought to preclude admission of the criminal information filed against BP, the indictments filed against BP's employees, and "any other documents generated, or statements made, by prosecutors in a criminal proceeding." (Rec. Doc. 8296-1 at 4.)  Nowhere in its motion does BP request that the Court exclude its Guilty Plea, nor

admission of the penalties associated therewith.[1]  To the contrary, in fact, BP's motion *acknowledges* that its guilty plea is admissible:  Section Three of its brief is entitled "Evidence Related to Criminal Proceedings Should Be Limited to *Guilty Pleas*, Allocutions, and Verdicts." [*Id.* at 4 (emphasis added).]  The Court should accordingly reject BP's attempt to exclude the Guilty Plea, an untimely request it raises for the first time in its Reply.

What is more, BP's Guilty Plea is admissible whether BP acknowledges it or not.  It is well-settled, in this regard, that a guilty plea is admissible evidence in a subsequent civil action as evidence of any fact essential to the judgment. *See United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 891-892 (D.C. Cir. 2010) (admitting corporate guilty plea in subsequent civil suit regarding same alleged misconduct); *Gabarick v. Laurin Maritime (Am.), Inc.*, --- F. Supp. 2d ---, 2012 WL 4606221, at *8 (E.D. La. Sept. 28, 2012) (admitting corporate guilty pleas to show misconduct in subsequent Limitation of Liability action); *In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 491 F. Supp. 2d 690, 693 (S.D. Tex. 2007).  Evidence of the plea may also be used as an admission by a party opponent, Fed. R. Evid. 801(d)(2)(A), and the plea is also admissible to challenge the credibility of witnesses, or for impeachment, *see NLRB v. Jacob E. Decker & Sons*, 569 F.3d 357, 364 (5th Cir. 1978).

---

[1] BP's motion in limine seeks to exclude "[i]ndictments, informations, and other documents generated, or statements made, by prosecutors in a criminal proceeding." (*Id.* at 4.)  It characterizes this type of evidence as "mere assertions—allegations that certain conduct may have occurred." (*Id.*)  Its motion does not seek to exclude BP's guilty plea; this makes sense, for the plea—unlike evidence of "mere assertions" or "allegations" of "certain conduct"—is an admission by BP of its criminal misconduct.  BP acknowledges as much when it states that evidence of government allegations stand "in contrast to *guilty pleas* or allocutions, which constitute admissions made in the context of a variety of procedural safeguards that confirm the reliability of such statements." (*Id.* (emphasis added).)  Thus, it is surprising that BP asserts in its Reply brief that it "requested that the Court issue an Order that only the facts set forth in the Allocution incorporated into BPXP's Guilty Plea Agreement are admissible, subject to relevancy and other appropriate objections." (Rec. Doc. 8381 at 3.)  BP made no such request, and the Court should not entertain such an untimely request now.

Further, the plea is clearly relevant here under Rules 401 and 402: BP has acceded to, *inter alia*, several penalties meant to remedy systemic process safety failures and unethical corporate behavior. Specifically, BP has agreed to retain government-approved process safety monitors whose duties "will be to review, evaluate and provide recommendations for the improvement of defendant's process safety and risk management procedures, including but not limited to, the defendant's major accident/hazard risk review of drilling-related process safety barriers and mitigations." *See United States v. BP Exploration & Production Inc.*, Cr. No. 12-292 (E.D. La.) (Rec. Doc. 2-1 at 1.) Furthermore, BP must implement regular Safety and Environmental Management Systems Audits and submit to third-party verification of its blowout preventers. (*Id.* at 7-8.) BP has also agreed, pursuant to its plea, to implement specific measures that will improve its well control competency and its cement design competency. (*Id.* at 8-9.) Still other provisions exist to improve the quality of rig equipment and the transparency of the company vis-à-vis safety protocols. (*Id.* 10-13.) Proof of these penalties, to which BP has agreed in order to remediate its criminal misconduct, is highly probative—each requirement aims to rectify the systemic process safety failures that led to the *Deepwater Horizon* incident. The probative value of these behavior-improving penalties substantially outweighs any prejudicial effect. This is especially true in a bench trial, where the risk of undue prejudice "has no logical application." *See Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).

**Conclusion**

BP's guilty plea is admissible in the Phase One Trial, and BP did not move to exclude the plea in its motion in limine. The Court should accordingly reject any attempt by BP to now argue that the plea be excluded.

Dated:  January 31, 2013

Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

**PLAINTIFFS' STEERING COMMITTEE**

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS
& MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office:  (504) 588-1500
Telefax: (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594

E-Mail: duke@williamslawgroup.org

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

<strong><u>CERTIFICATE OF SERVICE</u></strong>

  **WE HEREBY CERTIFY** that the above and foregoing Sur-Reply will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this <u>31st</u> day of <u>January</u>, <u>2013</u>.

               <u>/s/ James Parkerson Roy and Stephen J. Herman</u>