UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | : | MDL NO. 2179 |
| | : | SECTION: J |
| | : | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |
| **This Document Relates to: 12-2338** | : | |

**MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND ALTERNATIVE 12(E) MOTION FOR MORE DEFINITE STATEMENT**

MAY IT PLEASE THE COURT:

Coastal Catering, LLC has been named as a defendant in this matter instituted by fourteen (14) different plaintiffs, arising from the April 20, 2010 Deepwater Horizon oil spill which caused injuries and/or damages to these various plaintiffs. The plaintiffs' Complaint for Damages is seventy (70) pages long, and yet contains only three specific references to Coastal Catering. However, the plaintiffs do not, in any of these three references to Coastal Catering, allege any fault or wrongdoing.

Without any allegation of fault or even a stated connection to Coastal Catering, the plaintiffs cannot support their claim. As such, Coastal Catering moves to dismiss the plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief, with prejudice, at plaintiffs' costs.

Alternatively, and only in the event that this Court finds that Coastal Catering is not entitled to a dismissal under FRCP Rule 12(b)(6), Coastal Catering moves this Court to grant its Motion for a More Definite Statement under FRCP Rule 12(e).

## I. FACTUAL BACKGROUND

Coastal Catering has been named as a defendant in this matter among numerous other parties. While the plaintiffs make many specific allegations against the other defendants, the Complaint does not contain a single factual allegation that any plaintiff has been injured or sustained damage as a result of an action of Coastal Catering.

The only specific references to Coastal Catering in the entire Complaint are in the caption, on page nine (9) naming Coastal Catering as a defendant, and on page thirty (30). Page thirty (30) contains the only allegation against Coastal Catering:

> BP hired clean-up and response contractors, including...Coastal Catering, L.L.C.... to clean up beaches, marshes, wetlands and other onshore areas. Clean-up workers' primary tasks were to, *inter alia*, lay and haul oil containment boom, install other barriers, collect tar balls, remove polluted sand contaminated with oil and/or dispersants, assist with *in-situ* burning, spray and clean vessels that came into contact with oil, dispersants, and other harmful chemicals from the Oil Spill, decontaminate oiled wildlife, and transport contaminated boom and other clean-up equipment and other Clean-Up Workers. Response workers were also hired as part of the Vessels of Opportunity Program and other offshore cleanup and response efforts. While offshore response workers worked and often lived aboard vessels engaged in oil-skimming and boom retrieval, containment and deployment activities, oil burning activities, and location of oil slicks.[1]

Taken as true, this paragraph is not sufficient to state or infer a cause of action against Coastal Catering. With the exception of Coastal Catering, each of the defendants in this matter is specifically alleged to have caused or contributed to the plaintiffs' exposure to toxic elements resulting in their injuries. Not once does any plaintiff allege that Coastal Catering committed any

[1] *See Rec. Doc. 1*, p. 30-31.

wrongdoing against him or her in this case. As such, it is clear that Coastal Catering is not a proper defendant in this suit and must be dismissed.

## II. LAW AND ARGUMENT

### A. Plaintiff fails to state a claim upon which relief may be granted against Coastal Catering

Despite its great length and confusing nature, it is quite clear that the Complaint is completely void of any specific allegation of fault against Coastal Catering.

In order to avoid dismissal when a Rule 12(b)(6) motion has been filed, a plaintiff is required to allege sufficient facts which state a claim for which relief may be granted.[2] A plaintiff must allege specific facts, not conclusory allegations,[3] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[4] The court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.[5]

The complaint must contain either direct allegations on every material point necessary to sustain a recovery, or contain allegations from which an inference fairly may be drawn that evidence on these points will be introduced at trial.[6] Rule 12(b)(6) dismissal is proper "if the complaint lacks an allegation regarding a required element necessary to obtain relief."[7] Moreover, as the Court held in *Child v. Beame*, when a defendant is "merely named in the

---

[2] *Carey v. State of Louisiana*, CIV.A. 00-2657, 2001 WL 1548962 (E.D. La. Dec. 5, 2001)(citing *Baker v. Starwood Hotel and Resort Worldwide, Inc.*, 1998 WL 849297, *3 (Sear, J.) (E.D.La.1998)).
[3] *Id.* (citing *Buerger v. Southwestern Bell Telephone Co.*, 982 F.Supp. 1247, 1250 (E.D.Tex.1997), citing *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1995)).
[4] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[5] *Id. (citing Smilecare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir.) (citations omitted), 519 U.S. 1028 (1996); *Buerger*, 982 F.Supp. at 1250 *(quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, (1969)).*
[6] *Id.* (*citing Buerger*, 982 F.Supp. at 1250 (*quotation omitted*).
[7] *Blackburn v. Marshall City*, 42 F.3d 925, 931 (5th Cir. 1995).

caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed."[8]

Similarly, while Coastal Catering is named as a defendant among various others, the plaintiffs have failed to make a single factual allegation that any plaintiff has been injured or sustained damage as a result of an action of Coastal Catering. While the other defendants in this matter are charged with causing the plaintiffs to be exposed to toxic and harmful elements, there are no such allegations against Coastal Catering. Again, the only factual assertion raised in reference to Coastal Catering is contained on page thirty (30) of the Complaint, and while it is vague, even taken as true fails to state the basis for any claim against Coastal Catering.

Based on the allegations in the Complaint, it is impossible to surmise any coherent claim against Coastal Catering. Since there are no allegations of fault against Coast Catering, it equally difficult to ascertain the legal basis and corresponding burden of proof the plaintiffs would have to meet in order to sustain a claim against Coastal Catering. However, the elements of a maritime negligence cause of action are essentially the same as land-based negligence under either Louisiana or the common law.[9] Accordingly, in order to maintain a negligence cause of action against Coastal Catering under any law, the plaintiffs affirmatively must offer proof that:

> (1) there was a duty owed by the defendant to the plaintiff;
> (2) a breach of that duty;
> (3) an injury sustained by the plaintiff; and
> (4) a causal connection between the defendant's conduct and the plaintiff's injury.[10]

All four inquiries must be affirmatively answered for a plaintiff to recover. [11]

---

[8] *Childv. Beame,* 417 F.Supp. 1023, 1025 (D.C.N.Y. 1976).
[9] *Withhart v. Otto Candies, L.L.C.,* 431 F.3d 840, 842 (5th Cir. 2005); *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 630, (1959); THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 182-93 (4th ed.2004).
[10] *In re Cooper/T. Smith,* 929 F.2d 1073, 1077 (5th Cir.1991), citing *Thomas v. Express Boat* Co., 759 F.2d 444, 448 (5th Cir.1985).
[11] *Id.*

Thus, in order to make such a case, the Plaintiffs must allege that some action or inaction of Coastal Catering was at least *a* cause of their injuries. They have failed to do so. Consequently, Coastal Catering is entitled to a dismissal of all claims against it in this matter, with prejudice, at plaintiffs' costs.

**B. Plaintiffs' Complaint is Too Vague for Coastal Catering to File a Responsive Pleading**

Coastal Catering maintains that it is entitled to a dismissal under Rule 12(b)(6) for the plaintiffs' failure to state a claim against it. However, should this Court determine that dismissal is not appropriate, then Coastal Catering seeks a Rule 12(e) more definite statement from the plaintiffs.

A court will grant a motion for a more definite statement under Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[12] The Supreme Court has noted that "if a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[13] A complaint, which contains a "bare bones" allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice.[14]

The trial court is given considerable discretion in deciding whether to grant a Rule 12(e) motion.[15] Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."[16]

[12] Fed.R.Civ.Proc. 12(e); See also *Havens Rlty. Corp. v. Coleman,* 102 S.Ct.1114, 1126 (1982).
[13] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).
[14] *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d, 275, 277 (5th Cir.1990); *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (C.A.5 (La.),1999).
[15] *See Newcourt Leasing Corp. v. Regional Bio-Clinical Lab, Inc.,* No. 99-2626, 2000 WL 134700, at *1, quoting *Medrehab, Inc. v. Evangeline of Natchitoches, Inc.*, 1998 WL 671287, *1 (E.D.La.)(Clement, J.)( *quoting* 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1376, p. 585 (1990)).
[16] *Blum v. Roberts,* 2006 WL 2135457, at *2 (E.D.La. 2006).

Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order.[17]

A complaint will not satisfy the requirements of Rule 8(a) unless it gives the respondent fair and sufficient notice of the basis for the petitioner's claims. For example, such should include an account of the events leading up to the cause of action, the relevant dates surrounding the claims, and an identification of the relevant persons (or vessels) involved.[18]

Louisiana courts have granted *Motions for More Definite Statements* in response to Complaints more specific than the plaintiffs' Complaint in this case. In *Bitte v. United Companies Lending Corp.*, this Court required the plaintiff to specify the defendant's actions that caused the alleged harm and when the action occurred, with dates.[19] "In other words," the Court explained, "Plaintiff is to briefly explain 'who, what, when, where, why, and how'" regarding the alleged wrongdoing.[20] The plaintiff cannot simply make facially empty claims against the defendant, "[r]ather, she must explain the factual basis for each of these accusations . . ."[21]

In the instant matter, the Complaint provides a vague and conclusory explanation to the when and where—the plaintiffs all allege to have been exposed to the aftermath of the Deepwater Horizon oil spill, in some capacity, and to have sustained damage as a result. However, with regard to any allegation against Coastal Catering, the Complaint is silent as to who, what, why, and how. Because it contains solely bare bones allegations without any detail regarding his claims, this Complaint does not meet the standard of 12(e).

---

[17] *Verret v. North Star Marine, LLC,* 2009 WL 3614502, 2 (E.D.La. 2009).
[18] See *Swiekiewcz*, 534 U.S. at 514.
[19] *Bitte v. United Companies Lending Corp.*, 2006 WL 3692754 (E.D.La.2006).
[20] *Id.*; *See also Verret v. North Star Marine, LLC,* 2009 WL 3614502, 2 (E.D.La.,2009)(" As written, Verret's Amended Seaman's Complaint does not give North Star adequate notice of the circumstances leading to Verret's claim. As stated in *Bitte v. United Cos. Lending Corp.*, Verret should "briefly explain who, what, when, where, why, and how" regarding North Star's wrongdoings that led to Verret's electrocution.").
[21] *Id.*

In *Bishop v. Shell Oil Co.*, the plaintiff asserted various claims arising out of his contact with benzene as part of his employment with the defendant.[22] This Court found the plaintiff's Complaint to be inadequate and required information regarding how the defendants stored, handled, or transported benzene that allegedly caused plaintiff's injury.[23] The Court explained that "a formulaic recitation of the elements of a cause of action will not do," and it required "some explanation of how [the plaintiff] allegedly was exposed to benzene during his work."[24] The Court required the plaintiff amend his Petition to include further information.

The plaintiffs' facially empty pleading does not provide Coastal Catering with adequate information regarding the claims against it, leaves the defendant uncertain as to whether the plaintiffs' claims lie in tort or otherwise, and it is insufficient as a matter of law under Rule 8(a). Therefore, in the event that this Court deem its Motion to Dismiss pursuant to Rule 12(b)(6) inappropriate at this time, defendant, Coastal Catering, moves this Court to grant its Motion for a more definite statement under Rule 12(e).

## III. CONCLUSION

While Coastal Catering has been specifically named as a defendant in this matter, the plaintiffs have failed entirely to explain why. Without any allegation of fault or even a stated connection to Coastal Catering, the plaintiffs cannot support a claim against it. As such, Coastal Catering, LLC moves to dismiss the plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief, with prejudice, at plaintiffs' costs.

---

[22] *Bishop v. Shell Oil Co.*, 2008 WL 2079944, 1 (E.D.La.,2008).
[23] *Id.* at *2.
[24] *Id.*