UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| | * | JUDGE BARBIER |
| APPLIES TO: No. 12-311 | * * | MAG. JUDGE SHUSHAN |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### LIBERTY INSURANCE UNDERWRITERS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA DUCES TECUM ISSUED TO CLYDE & CO. USA LLP AND TO PAUL KOEPFF

Defendant Liberty Insurance Underwriters, Inc. ("Liberty") submits this Memorandum in Support of its Motion to Quash and Motion for Protective Order, requesting the Court to quash and/or limit the return on two broad subpoena duces tecum ("SDT") served upon Liberty's prior counsel, Clyde & Co. USA LLP ("Clyde & Co."),[1] and Paul Koepff.[2] The SDT seeks wholesale production of the files of Liberty's prior counsel regarding Cameron's coverage claim against Liberty, a blatant invasion of the attorney-client privilege and work product doctrine. The SDT should be quashed and a protective order entered to prohibit privileged documents by Liberty's prior counsel.

---

[1] See document subpoena issued to Clyde & Co. (Exh. "A")
[2] See document subpoena issued to Paul Koepff. (Exh. "B")

1

# I. FACTS

1. **Clyde & Co.'s Representation of Liberty and Other Insurers.**

Clyde & Co. is an international law firm with an office in New York City. Paul Koepff is a partner in the New York office. Clyde & Co. and Mr. Koepff represented Liberty in connection with Cameron's coverage claim arising from its Cameron settlement with BP from October, 2011 until after this lawsuit was filed, when they withdrew from the representation on June 14, 2012 at Cameron's insistence.[3] Clyde & Co. and Mr. Koepff also represented several other insurers in Cameron's tower of insurance in connection with Cameron's coverage claim, ACE Bermuda, XL Bermuda, XL London, ACE American and XL Specialty.[4] Their representation of some of these insurers in connection with Cameron's coverage claims against its tower of insurance and Cameron's settlement with BP predated the Liberty representation.[5]

2. **Cameron's Request For Production To Liberty.**

Cameron was well aware of Clyde & Co's representation of Liberty and other insurers in connection with Cameron's coverage claims. Indeed, Clyde & Co. continued to represent Liberty after this lawsuit was filed until Cameron insisted they withdraw. Nevertheless, Cameron propounded requests for production to Liberty, effectively demanding production by Liberty of all of Clyde & Co's files as well as all documents in Liberty's files regarding communication with Clyde & Co.[6] For example, Request No. 5 requests:

---

[3]   *See* Order Withdrawing (Exh. "C") and Declaration of Paul Koepff (Exh. "D") at ¶ 3.

[4]   Exh. "D" at ¶ 3.

[5]   Exh. "D" at ¶ 5.

[6]   *See* Cameron's Requests for Production. (Exh. "E")

2

> All documents in the files of Clyde & Co. relating to the Cameron policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon incident.
>
> Exh. E.

Liberty objected to Cameron's broad invasive requests but agreed to produce all non-privileged documents in Liberty's files from Clyde & Co.[7]

3.   **Cameron's SDT to Clyde & Co. and Mr. Koepff.**

Cameron thereafter on February 13, 2013, served a SDT on Clyde & Co and Mr. Koepff. The SDTs contain nearly identical requests to those made in Cameron's Requests for Production concerning Clyde & Co. in response to which Liberty had agreed to produce all non-privileged documents in its file. (Exhs. "F" and "G"). The SDTs also call for production of privileged documents or information pertaining to other insurers represented by Clyde & Co., ACE Bermuda, XL Bermuda, XL London, ACE American, and XL Specialty.[8] The only remaining documents which Liberty has advised it will not produce in response to those requests are documents protected by the attorney-client privilege and/or work product doctrine.

4.   **These Motions.**

Liberty brings these Motions to prohibit Cameron from improperly invading the attorney-client privilege and/or work product doctrine. As shown below, Liberty's Motions should be granted.

---

[7]   *See* Liberty's Responses to Cameron's Requests for Production (Exh. "F") and Liberty's Supplemental Responses (Exh. "G").

[8]   Exh. "D" at ¶¶ 2-6.

839046_2

## II. ARGUMENT AND AUTHORITIES

1. **Liberty Has Standing To Challenge The SDT.**

Federal Rule of Civil Procedure 45(c)(3)(B) provides that a person affected by a subpoena can file a motion to quash a document subpoena. The person affected by the subpoena must allege that he/she/it has standing to challenge the subpoena because it affects a personal right, proprietary interest, *or claim of privilege* with respect to the materials subpoenaed. *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979) (emphasis added); *see also Stevenson v. Stanley Bostitch, Inc.,* 201 F.R.D. 551, 555 n.3 (N.D. Ga. 2001); *Dreyer v. GACS Inc.,* 204 F.R.D. 120, 122 n.3 (N.D. Ind. 2001) (holding that a party had standing to object to subpoena because of claim of privilege over documents sought). Here, it is clear Liberty has standing to file this motion because the documents sought are covered by a claim of privilege, *i.e.,* the attorney-client privilege or work product doctrine. That claim of privilege belongs to the client, *i.e.,* Liberty. *See Long v. Howmedica Osteonics Corp.,* No. 07-3005, 2007 WL 4532215, at *4 (E.D. La. Dec. 19, 2007) ("[T]he privilege belongs to the company."); *In re XL Specialty Ins. Co.,* 373 S.W.3d 46, 49 (Tex. 2012); *West v. Solito,* 563 S.W.2d 240, 244 n. 2 (Tex.1978).

2. **The Court Should Not Allow Discovery Of The Files Of A Party's Attorney.**

The Federal Rules of Civil Procedure authorize a Court to protect privileged material from disclosure. Federal Rule of Civil Procedure 45 expressly requires the Court to quash or modify a subpoena that "requires disclosure of privileged or other protected matters if no exception or waiver applies." F.R.C.P. 45(3)(A)(iii). As explained by a leading commentator:

> Neither a subpoena duces tecum, nor any other procedure in a civil action may be used by a party to obtain privileged documents.
>
> Federal Prac. & Proc. § 2458.

Federal Rules of Civil Procedure 26(b) and 26(c) likewise authorize the Court to issue protective orders forbidding certain discovery or limiting the scope of discovery. F.R.C.P. 26(b)-(c). *Mannington Mills, Inc. v. Armstrong World Indus., Inc.* 206 F.R.D. 525 (D. Del. 2002) ("A non-party may seek from the court protection from discovery via the overlapping and interrelated provisions of both Rules 26 and 45. A non-party moving to quash a subpoena, in essence, is the same as moving for a protective order that such discovery is not allowed.")

Applying these rules, courts consistently prohibit discovery sought from a party's attorney seeking privileged materials. *See e.g. Rendon Grp., Inc. v. Rigsby*, 268 F.R.D. 124, 127 (D.D.C. 2010) ("If, however, the discovery sought . . . through a subpoena to a third party, 'requires disclosure of privileged or other protected matter . . .' the third party may move to quash the subpoena under Rule 45 of the Federal Rules of Civil Procedure."); *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421 (E.D.N.Y. 2007) (granting motion to quash the subpoena of an attorney because deposing the attorney would have presented a risk of encountering issues protected by the attorney-client privilege and the work product doctrine); *Am. Int'l Life Assurance Co. of N.Y. v. Vazquez*, No. 02-141, 2003 WL 548736, at *2 (S.D.N.Y. Feb. 25, 2003) ("Privileged attorney-client communications, however, are generally not available by subpoena."); *Leve v. Gen. Motors Corp.*, 43 F.R.D. 508, 510 n. 2 (S.D.N.Y. 1967) ("Privileged attorney-client communications are likewise not available under Rule 45."). This protection extends to subpoenas seeking production from an attorney's file. In *Estate of Ungar v.*

*Palestinian Authority*, the plaintiffs subpoenaed another party's attorneys, seeking privileged documents. 400 F. Supp. 2d 541, 543 (S.D.N.Y. 2005). The court determined that given "the excessive number of documents requested, the unlikelihood of obtaining relevant information, and the existence of attorney-client privilege for all documents," it was required to quash the subpoena under Rule 45(c). *Id.* at 554.

Applying these principles here, Liberty's Motion to Quash and/or Protective Order should be granted. As in *Ungar*, Cameron is seeking production of privileged documents pertaining to Liberty and five other insurers. As to Liberty, it has agreed to produce all non-privileged documents in its files from Clyde & Co. relating to Cameron's coverage claim. The only other documents sought by the two SDTs which Liberty has not agreed to produce are documents covered by the attorney-client privilege or work product doctrine as the following chart demonstrates:[9]

| Items Requested under the Subpoenas | Response and Privilege |
|---|---|
| Subpoena Request No. 1: All documents and communications relating to the Cameron Policies, the BP Settlement, or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, including all documents and communications relating to Your consideration of Cameron's claim. | This subpoena request is duplicative of Request for Production No. 5 propounded to Liberty seeking "All documents in the files of Clyde & Co. relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident." In response to which Liberty has agreed to produce all non-privileged documents. |

---

[9] Because the SDTs effectively seek the entirety of Clyde & Co.'s files pertaining to six different clients, the number of privileged documents sought is voluminous. Preparing a privilege log before the return date is difficult, if not, impossible.

| Items Requested under the Subpoenas | Response and Privilege |
|---|---|
| | This Request also is overbroad because Paul Koepff and Clyde & Co. represented other carriers in Cameron's insurance tower, and this request implicitly seeks documents involving those insurers. These documents are protected under the attorney-client privilege with respect to those clients. Specifically, Paul Koepff and Clyde & Co. represent ACE Bermuda, XL Bermuda, XL London, XL Speciality, and ACE American Insurance Company, all of which join with Liberty in objecting on the basis of the attorney-client privilege.<br><br>In response, Liberty produced documents identified as LIU 00636, 00637-00644, 00645-00650, 00645-00650, 00651-00657, 00839-00842, and 00915-00918. The remainder of responsive documents are protected by the attorney-client privilege. |
| **Subpoena Request No. 2:** All documents relating to and communications between Cameron and You or Liberty relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | This Request directly seeks attorney-client communications, which are privileged.<br><br>The Request is duplicative of Request for Production No. 4, in response to which Liberty agreed to produce all non-privileged documents. |
| **Subpoena Request No. 3:** All documents and communications between or among You or Liberty, on the one hand, and any of Cameron's other insurers or their counsel, on the other hand, relating to Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | This request is identical to Request for Production No. 3. In response Liberty produced documents identified as LIU 00637-00644, 00645-00650, 00651-00657, 00839-00842, and 00915-00918. The remaining responsive documents are protected from discovery by the attorney-client privilege. |
| **Subpoena Request No. 4:** All documents and communications between You and Liberty (or its counsel) dated on or after June 14, 2012 relating to the Cameron Policies, the BP Settlement, or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | There are no such communications. |
| **Subpoena Request No. 5:** All documents and communications relating to Liberty's retention of You with respect to Cameron's claims for | This request would be subsumed in Cameron Request for Production No. 4 propounded to Liberty seeking: "All documents and |

| Items Requested under the Subpoenas | Response and Privilege |
|---|---|
| coverage for liabilities arising out of the Deepwater Horizon Incident. | communications between Liberty and Clyde & Co. in connection with the Cameron Policies, Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, or this action." All documents relating to Subpoena Request No. 5 are privileged and protected from disclosure by the attorney-client privilege. The request also is overbroad and seeks totally irrelevant documents. |

The SDTs also seek similarly privileged information pertaining to five other insurers represented by Clyde & Co. Those insurers have not agreed to waive any privilege to allow production of the privileged documents. Because the documents which Cameron seeks, besides what has already been produced by Liberty as Responses to Cameron's previous Requests for Production, are protected by the attorney-client privilege, they are protected from disclosure. Liberty has not pled or asserted the defense of reliance upon counsel with respect to Paul Koepff and/or Clyde & Co. so as to provide Cameron with some purported basis to venture into an intrusive foray of impermissible discovery of clearly privileged and protected documents.

## CONCLUSION

Liberty Insurance Underwriters, Inc.'s Motions should be granted, ordering that Cameron International Corporation's February 13, 2013 SDT to Clyde & Co. USA LLP and February 13, 2013 SDT to Paul Koepff be quashed and Cameron be prohibited from pursuing any further discovery of Clyde & Co. documents and communications which are attorney-client privileged, joint defense privileged, common interest privileged, and common client privileged.

Respectfully submitted,

/s/ Judy Y. Barrasso
Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

OF COUNSEL:

Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion to Quash Document Subpoenas and Motion for Protection has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 25th day of February, 2013.

/s/ Judy Y. Barrasso

839046_2