AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Cameron International Corporation | ) |
| *Plaintiff* | ) |
| v. | ) |
| Liberty Insurance Underwriters, Inc. | ) |
| *Defendant* | ) |

Civil Action No.   MDL 2179 (2:12cv00311)

(If the action is pending in another district, state where:
Eastern District of Louisiana                    )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Clyde & Co. USA LLP

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A, attached.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: February 12, 2013

*CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Cameron International Corporation _____ , who issues or requests this subpoena, are:
Mitchell J. Auslander, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019
(212) 728-8163
mauslander@willkie.com



EXHIBIT
A

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL 2179 (2:12cv00311)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Clyde & Co. USA LLP

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                            _____
                                                            *Printed name and title*

                                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit A**

## <u>DEFINITIONS</u>

All terms not otherwise defined shall have their ordinary and common meaning. Notwithstanding any definition below, each word, term, or phrase contained in this notice is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "BP Settlement" shall mean the Confidential Settlement Agreement, Mutual Releases and Agreement to Indemnify entered into between Cameron and BP on December 15, 2011, including any drafts thereof and negotiations related thereto.

2.      "Cameron" shall mean Cameron International Corporation and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents.

3.      "Cameron Policies" shall mean any and all insurance policies issued to Cameron by Liberty from January 2006 through the present.

4.      "Clyde & Co." or "You" shall mean Clyde & Co. USA LLP and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents, including Paul Koepff and Shannon Boettjer.

5.      "Deepwater Horizon Incident" shall mean the April 20, 2010 explosion of Transocean Ltd.'s Deepwater Horizon Mobile Offshore Drilling Unit and consequent release of oil into the Gulf of Mexico.

6.      "Liberty" shall mean defendant Liberty Insurance Underwriters, Inc. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

7.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.     "Document" shall be synonymous in meaning and equal in scope to the usage of

this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data

compilations.  A draft or non-identical copy is a separate document within the meaning of this

term.  The term "document" further includes, but is not limited to, any and all forms of recorded

information, whether handwritten, printed, typed, or otherwise visually reproduced,

electronically recorded or orally recorded, including all originals, revisions, and markups of

drafts, and all files, documents, databases, e-mails, and other data maintained in computer-

readable form.  The term "document" specifically includes, but is not limited to: working papers,

communications, including intracompany communications, minutes and records of meetings,

letters, facsimile transmissions, telegrams, records, books, summaries or records of personal

conversations or interviews, legal pleadings, affidavits, deposition transcripts, trial transcripts,

forecasts, statistical statements, agreements, contracts, telephone messages, slips and logs, diary

entries, electronic mail and messages of every kind, text messages, calendars, reports,

evaluations, assessments, analyses, correspondence, memoranda, notes, video recordings of

every kind, audio recordings of every kind, electronic recordings of every kind, drawings,

graphics, graphs, maps, diagrams, charts, photographs, tables, indices, recordings, tapes,

microfilms, reports of investigations, opinions or reports of consultants, data processing and

computer printouts, tapes, disks, and data and information stored in computers or data processing

equipment, together with programs and program documentation necessary to utilize or retrieve

such data or information, all other mechanical or electronic means of storing or recording data or

information, and any other data compilation from which information can be obtained and

translated through detection devices into reasonably usable form.

9.     "Including" or "includes" means "including but not limited to" or "including without limitation."

10.     "Relating to" is to be interpreted in the broadest sense and shall mean and include the words concerning, referring to, describing, evidencing, or constituting.

11.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

12.     The use of the plural shall also imply the singular and vice versa.

## INSTRUCTIONS

1.     You are requested to produce all responsive documents in your possession, custody, or control, wherever located, including, without limitation, those in the custody of your representatives, affiliates and agents.

2.     If you are withholding a document under a claim of privilege, including pursuant to the work product doctrine, please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and other such information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable Cameron to assess the applicability of the privilege or protection claimed by You.

3.     If there is any objection to any Request, or if not all documents responsive to a Request are produced, state with specificity all grounds for each such objection or failure to produce all responsive documents.  All documents called for by those portions of the Request to which there is no objection shall be produced.

4.     All documents produced in response to these Requests shall be provided in their entirety, notwithstanding the fact that portions thereof may contain information not requested. All interim as well as final versions of the document shall be produced and all versions or copies that are not identical to the original, whether due to handwritten notations, revisions, enclosures, attachments, underlining, highlighting, or otherwise shall be produced.

5.     These Requests are continuing.  If at any time after production of documents hereto, and prior to the time of trial of this action, you obtain or become aware of additional documents or information that is responsive to any of these requests, the disclosure of which may be required pursuant to Fed. R. Civ. P. 26(e), you shall produce in a timely manner such additional documents or information.

6.     Unless otherwise indicated, the relevant time period for each request below shall be the period between April 20, 2010 through the present.

## DOCUMENT REQUESTS

1.     All documents and communications relating to the Cameron Policies, the BP Settlement, or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, including all documents and communications relating to Clyde & Co.'s consideration of Cameron's claim.

2.     All documents relating to and communications between Cameron and Liberty or Clyde & Co. relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

3.     All documents and communications between or among Liberty or Clyde & Co., on the one hand, and any of Cameron's other insurers or their counsel, on the other hand, relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

- 4 -

4.      All documents and communications between Clyde & Co. and Liberty (or its counsel) dated on or after June 14, 2012 relating to the Cameron Policies, the BP Settlement, or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

5.      All documents and communications relating to Liberty's retention of Clyde & Co. with respect to Cameron's claims for coverage for liabilities arising out of the Deepwater Horizon Incident.

9004243



Aug 06 2012
10:58AM

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | **MDL NO. 2179** |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | **SECTION J** |
| APRIL 20, 2010 | : | |
| | : | |
| | : | **JUDGE BARBIER** |
| This document relates to: ALL ACTIONS | : | **MAG. JUDGE SHUSHAN** |

## PRE-TRIAL ORDER NO. 51

### [Governing Subpoenas to Third Parties]

PTO #13 establishes a clear procedure for third parties to designate documents and other objects (including deposition testimony) as confidential. However, the Court and the parties agree that supplemental guidelines are necessary in order to outline the specific logistics by which third parties communicate confidential designations and by which parties challenge those confidential designations. The purpose of this Pre-Trial Order is to establish the logistical guidelines for same.

IT IS HEREBY ORDERED that to keep the Court and all parties informed as to the status of documents or other objects (including deposition testimony) where the producing third party has decided to designate such as confidential, the following procedures will govern:

(1)    The rules and procedures outlined in PTO #13 shall remain in full force and effect. PTO #13 also governs the production of documents from third parties as well as the treatment of third party deposition testimony. This order merely supplements PTO #13, and

nothing in this order shall be construed to change or otherwise supersede the rules or procedures outlined in PTO #13.

(2)    A party who subpoenas or requests documents from a third party, or who notices a third party deposition, shall serve upon such third party a copy of PTO #13 and a copy of this order.

(3)    Third parties that wish to designate as confidential any documents or other objects (including deposition testimony) are hereby instructed to follow the rules and procedures outlined in PTO #13. If third parties do not adhere to the rules and procedures outlined in PTO #13, their documents or other objects (including deposition testimony) will not be treated as confidential.

(4)    If a third party designates any document as confidential, said third party shall, within ten (10) days of making such designations or within five (5) days of receipt of this order (whichever is later), designate a "contact attorney" (and provide, via the e-mail addresses outlined in Paragraph 5 below, all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality challenges or otherwise address confidentiality-related issues involving said third party document(s) designated as confidential.

(5)    If a third party designates any deposition testimony as confidential, said third party shall serve such designations upon all parties to this litigation by e-mailing said confidentiality designations to the following e-mail addresses: dsc2179@liskow.com and designations@mdl2179psc.com. At the time of serving any deposition-related confidentiality designation(s), third parties shall also designate a "contact attorney" (and provide all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality

challenges or otherwise address confidentiality-related issues involving said third party

depositions.

New Orleans, Louisiana, this 6th day of August, 2012.

CARL J. BARBIER
United States District Judge

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

## PRE-TRIAL ORDER NO. 13

### ORDER PROTECTING CONFIDENTIALITY

1.   *Purpose.* To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Rule 26(c) of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rule.

2.   *Information.* Information includes the contents of documents, data associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data derived from objects other than documents, produced or disclosed in these proceedings by any party to these proceedings or by any third party (the "Producing Party") to any other party or parties (the "Receiving Party").

3.   *Condition.* This order covers information that the Producing Party designates "Confidential" or "Highly Confidential". Information may be designated as Confidential when the Producing Party reasonably believes the information disclosed constitutes, reflects, discloses or contains information subject to protection under Federal Rule of

Civil Procedure 26(c). Information may be designated as Highly Confidential when the Producing Party reasonably believes that the disclosure of Confidential Information to third party competitors will result in commercial harm. The parties shall make Confidential and Highly Confidential designations in good faith to insure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

4.   *Procedure.*

    A.   *Designation.* To designate information as Confidential or Highly Confidential, a Producing Party must mark it or identify it on the record as such. Either designation may be withdrawn.

    B.   *Marking.* All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated. With respect to tangible items or electronically stored information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item or media is Confidential or Highly Confidential or contains such information.

    C.   *Timing.* Documents and other objects must be designated before disclosure. In the event that a Producing Party designates some or all of a witness' deposition testimony Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to all Liaison Counsel within fourteen (14) days of receipt of the transcript, provided, however, that Liaison Counsel will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation.

    D.   *Errors.* Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto. In the event that Confidential or Highly Confidential Information is inadvertently disclosed, the Producing Party may thereafter reasonably assert a claim or designation of confidentiality, and promptly provide replacement media consistent with PTO XX. Thereafter, the Receiving Party must immediately

return the original information and all copies of the same to the Producing Party and make no use of such information.

5.    *Who*. Confidential Information may be used only by:

A.    Parties;

B.    The Court;

C.    Court reporters (including audio and video);

D.    Special masters;

E.    Mediators;

F.    Parties' counsel, including any counsel representing a Party in any government investigation relating to the April 20, 2010, Deepwater Horizon explosion, fire and/or resulting spill;

G.    The direct staff of these people;

H.    Witnesses, except for lay witnesses who previously have not seen or had access to the Confidential Information and who have no reasonable need to see the Confidential Information in order to provide testimony;

I.    Any expert or consultant, and his, her or its staff, hired by a party for litigation purposes who agrees to be bound by this Order and signs the certificate attached as Appendix A;

J.    Any other person to whom the Producing Party, in writing, authorizes disclosure; and

K.    Counsel (and their staff) for parties in other litigation asserting claims against Defendants that arise out of the April 20, 2010 Deepwater Horizon explosion, fire and/or resulting spill ("Related Litigation"), provided that (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A;  (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains copies of the certificates and a log identifying each such recipient and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request.   Upon a showing by Defendants that Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

6.    *Highly Confidential.*

The Highly Confidential designation is intended to prevent competitive injury between and among persons or entities who might be commercially adverse to one another in the marketplace. Hence, the use of information designated Highly Confidential is restricted to the following persons:

A.    The Court and its staff;

B.    Special masters or discovery referees appointed by the Court and their staff;

C.    Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A.

D.    Mediators and their staff, provided such persons execute a certification attached hereto as Appendix A;

E.    Parties' external counsel and internal counsel whose primary responsibilities include overseeing this litigation, and their direct staff;

F.    Persons who prepared, received, or reviewed the Highly Confidential information prior to its production in the matters comprising MDL No. 2179 and who execute a certification in the form attached hereto as Appendix A;

G.    A witness during a hearing, a deposition or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have specific knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL," provided such witness executes a certification in the form attached hereto as Appendix A;

H.    Outside experts or consultants retained by a party for litigation purposes, provided such expert executes a certification in the form attached as Appendix A.

I.    Any other person to whom the Producing Party, in writing, authorizes disclosure; and

J.    Counsel for parties in Related Litigation as defined in paragraph 5(K), provided that: (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A; (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains a log identifying each such recipient and makes that log available for inspection and copying to Liaison Counsel for the other parties at their request; and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request. Upon a

showing by Defendants that Highly Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

7.    *Where.* Confidential Information and Highly Confidential Information must be used only in this MDL Proceeding, in Related Litigation as defined in paragraph 5(K) or in any government investigation into the Deepwater Horizon incident or resulting oil spill so long as such use is permitted herein.

8.    *How.*

A.    *Acknowledgment.* Subject to the restrictions contained in paragraph 6, the persons identified in paragraphs 5 and 6 may receive or review Confidential or Highly Confidential Information upon execution of the certificate attached as Appendix A or by affirming on the record that he or she will not disclose Confidential or Highly Confidential Information revealed during the deposition and will keep the transcript confidential.

B.    *Filings.* No pleading will be sealed. If Confidential Information must be filed, it will be filed under seal as an appendix to the instrument that refers to it. As little of the source document as possible should be sealed. References in the instrument must be sufficiently abstract not to disclose the information.

C.    *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

D.    *Subpoenas.* If Confidential Information is subpoenaed from the Receiving Party, the Receiving Party must notify the Producing Party in writing within five (5) days of its receipt that the subpoena covers Confidential or Highly Confidential Information.

9.    *Challenges.* Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Producing

Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the **Objecting Party** may move the Court for an order **withdrawing the designation** as to the specific designations on which the Parties could not agree. Counsel may agree to reasonable extensions of the twenty (20) day period, if necessary. On such a motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law. In the event a motion is filed by the Objecting Party, the information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Confidential or Highly Confidential Information designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

10.     *Return.* Within ninety days of the termination of any party from all proceedings in this MDL proceeding or in Related Litigation, that party, its employees, attorneys, consultants and experts must destroy or return all originals and/or copies of documents with Confidential Information or Highly Confidential Information, provided however, that the obligation to destroy or return such documents that is imposed on counsel, consultants and experts representing multiple parties shall not occur until the last of their represented parties has been terminated from the foregoing referenced proceedings. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Protective Order. This order survives the termination of this MDL proceeding.

New Orleans, Louisiana, this 2nd day of November, 2010.

THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT COURT JUDGE

## APPENDIX A

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION: J |
| Applies to: *All Cases.* | * * | JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CERTIFICATION

I hereby certify that I have read the Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date:

(Signature)

Name:

(Typed or Printed)

**EXHIBIT 2 TO CAMERON'S NOTICE OF NON-PARTY DISCOVERY**

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| Cameron International Corporation | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Liberty Insurance Underwriters, Inc. | ) |
| _Defendant_ | ) |

Civil Action No.   MDL 2179 (2:12cv00311)

(If the action is pending in another district, state where:
Eastern District of Louisiana                         )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Paul Koepff

☐ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A, attached.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: February 12, 2013

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                        _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____
Cameron International Corporation _____ , who issues or requests this subpoena, are:
Mitchell J. Auslander, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019
(212) 728-8163
mauslander@willkie.com

**EXHIBIT**

**B**

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL 2179 (2:12cv00311)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Paul Koepff _____

was received by me on *(date)* _____ .

     ❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

     ❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                        _____
                                                        *Printed name and title*

                                         _____
                                                     *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit A**

**<u>DEFINITIONS</u>**

All terms not otherwise defined shall have their ordinary and common meaning. Notwithstanding any definition below, each word, term, or phrase contained in this notice is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "BP Settlement" shall mean the Confidential Settlement Agreement, Mutual Releases and Agreement to Indemnify entered into between Cameron and BP on December 15, 2011, including any drafts thereof and negotiations related thereto.

2.      "Cameron" shall mean Cameron International Corporation and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents.

3.      "Cameron Policies" shall mean any and all insurance policies issued to Cameron by Liberty from January 2006 through the present.

4.      "Deepwater Horizon Incident" shall mean the April 20, 2010 explosion of Transocean Ltd.'s Deepwater Horizon Mobile Offshore Drilling Unit and consequent release of oil into the Gulf of Mexico.

5.      "Liberty" shall mean defendant Liberty Insurance Underwriters, Inc. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

6.      "You" or "Your" shall mean Paul Koepff and Clyde & Co. USA LLP and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents, including Shannon Boettjer.

7.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.     "Document" shall be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" further includes, but is not limited to, any and all forms of recorded information, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, including all originals, revisions, and markups of drafts, and all files, documents, databases, e-mails, and other data maintained in computer-readable form. The term "document" specifically includes, but is not limited to: working papers, communications, including intracompany communications, minutes and records of meetings, letters, facsimile transmissions, telegrams, records, books, summaries or records of personal conversations or interviews, legal pleadings, affidavits, deposition transcripts, trial transcripts, forecasts, statistical statements, agreements, contracts, telephone messages, slips and logs, diary entries, electronic mail and messages of every kind, text messages, calendars, reports, evaluations, assessments, analyses, correspondence, memoranda, notes, video recordings of every kind, audio recordings of every kind, electronic recordings of every kind, drawings, graphics, graphs, maps, diagrams, charts, photographs, tables, indices, recordings, tapes, microfilms, reports of investigations, opinions or reports of consultants, data processing and computer printouts, tapes, disks, and data and information stored in computers or data processing equipment, together with programs and program documentation necessary to utilize or retrieve such data or information, all other mechanical or electronic means of storing or recording data or information, and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form.

9.     "Including" or "includes" means "including but not limited to" or "including without limitation."

10.     "Relating to" is to be interpreted in the broadest sense and shall mean and include the words concerning, referring to, describing, evidencing, or constituting.

11.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

12.     The use of the plural shall also imply the singular and vice versa.

## INSTRUCTIONS

1.     You are requested to produce all responsive documents in your possession, custody, or control, wherever located, including, without limitation, those in the custody of your representatives, affiliates and agents.

2.     If you are withholding a document under a claim of privilege, including pursuant to the work product doctrine, please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and other such information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable Cameron to assess the applicability of the privilege or protection claimed by You.

3.     If there is any objection to any Request, or if not all documents responsive to a Request are produced, state with specificity all grounds for each such objection or failure to produce all responsive documents. All documents called for by those portions of the Request to which there is no objection shall be produced.

4.     All documents produced in response to these Requests shall be provided in their

entirety, notwithstanding the fact that portions thereof may contain information not requested.

All interim as well as final versions of the document shall be produced and all versions or copies

that are not identical to the original, whether due to handwritten notations, revisions, enclosures,

attachments, underlining, highlighting, or otherwise shall be produced.

5.     These Requests are continuing.  If at any time after production of documents

hereto, and prior to the time of trial of this action, you obtain or become aware of additional

documents or information that is responsive to any of these requests, the disclosure of which may

be required pursuant to Fed. R. Civ. P. 26(e), you shall produce in a timely manner such

additional documents or information.

6.     Unless otherwise indicated, the relevant time period for each request below shall

be the period between April 20, 2010 through the present.

## DOCUMENT REQUESTS

1.     All documents and communications relating to the Cameron Policies, the BP

Settlement, or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon

Incident, including all documents and communications relating to Your consideration of

Cameron's claim.

2.     All documents relating to and communications between Cameron and You or

Liberty relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising

out of the Deepwater Horizon Incident.

3.     All documents and communications between or among You or Liberty, on the one

hand, and any of Cameron's other insurers or their counsel, on the other hand, relating to the

Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater

Horizon Incident.

4.      All documents and communications between You and Liberty (or its counsel) dated on or after June 14, 2012 relating to the Cameron Policies, the BP Settlement, or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

5.      All documents and communications relating to Liberty's retention of You with respect to Cameron's claims for coverage for liabilities arising out of the Deepwater Horizon Incident.

9039116



# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : | MDL NO. 2179 SECTION J |
| This document relates to: ALL ACTIONS | : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |

### PRE-TRIAL ORDER NO. 51

### [Governing Subpoenas to Third Parties]

PTO #13 establishes a clear procedure for third parties to designate documents and other objects (including deposition testimony) as confidential. However, the Court and the parties agree that supplemental guidelines are necessary in order to outline the specific logistics by which third parties communicate confidential designations and by which parties challenge those confidential designations. The purpose of this Pre-Trial Order is to establish the logistical guidelines for same.

IT IS HEREBY ORDERED that to keep the Court and all parties informed as to the status of documents or other objects (including deposition testimony) where the producing third party has decided to designate such as confidential, the following procedures will govern:

(1)     The rules and procedures outlined in PTO #13 shall remain in full force and effect. PTO #13 also governs the production of documents from third parties as well as the treatment of third party deposition testimony. This order merely supplements PTO #13, and

nothing in this order shall be construed to change or otherwise supersede the rules or procedures outlined in PTO #13.

(2)     A party who subpoenas or requests documents from a third party, or who notices a third party deposition, shall serve upon such third party a copy of PTO #13 and a copy of this order.

(3)     Third parties that wish to designate as confidential any documents or other objects (including deposition testimony) are hereby instructed to follow the rules and procedures outlined in PTO #13.  If third parties do not adhere to the rules and procedures outlined in PTO #13, their documents or other objects (including deposition testimony) will not be treated as confidential.

(4)     If a third party designates any document as confidential, said third party shall, within ten (10) days of making such designations or within five (5) days of receipt of this order (whichever is later), designate a "contact attorney" (and provide, via the e-mail addresses outlined in Paragraph 5 below, all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality challenges or otherwise address confidentiality-related issues involving said third party document(s) designated as confidential.

(5)     If a third party designates any deposition testimony as confidential, said third party shall serve such designations upon all parties to this litigation by e-mailing said confidentiality designations to the following e-mail addresses:   dsc2179@liskow.com and designations@mdl2179psc.com.  At the time of serving any deposition-related confidentiality designation(s), third parties shall also designate a "contact attorney" (and provide all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality

2

challenges or otherwise address confidentiality-related issues involving said third party depositions.

New Orleans, Louisiana, this 6th day of August, 2012.

CARL J. BARBIER
United States District Judge

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

## PRE-TRIAL ORDER NO. 13

### ORDER PROTECTING CONFIDENTIALITY

1. *Purpose.* To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Rule 26(c) of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rule.

2. *Information.* Information includes the contents of documents, data associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data derived from objects other than documents, produced or disclosed in these proceedings by any party to these proceedings or by any third party (the "Producing Party") to any other party or parties (the "Receiving Party").

3. *Condition.* This order covers information that the Producing Party designates "Confidential" or "Highly Confidential". Information may be designated as Confidential when the Producing Party reasonably believes the information disclosed constitutes, reflects, discloses or contains information subject to protection under Federal Rule of

Civil Procedure 26(c). Information may be designated as Highly Confidential when the Producing Party reasonably believes that the disclosure of Confidential Information to third party competitors will result in commercial harm. The parties shall make Confidential and Highly Confidential designations in good faith to insure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

4.  *Procedure.*

A.  *Designation.* To designate information as Confidential or Highly Confidential, a Producing Party must mark it or identify it on the record as such. Either designation may be withdrawn.

B.  *Marking.* All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated. With respect to tangible items or electronically stored information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item or media is Confidential or Highly Confidential or contains such information.

C.  *Timing.* Documents and other objects must be designated before disclosure. In the event that a Producing Party designates some or all of a witness' deposition testimony Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to all Liaison Counsel within fourteen (14) days of receipt of the transcript, provided, however, that Liaison Counsel will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation.

D.  *Errors.* Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto. In the event that Confidential or Highly Confidential Information is inadvertently disclosed, the Producing Party may thereafter reasonably assert a claim or designation of confidentiality, and promptly provide replacement media consistent with PTO XX. Thereafter, the Receiving Party must immediately

return the original information and all copies of the same to the Producing Party and make no use of such information.

5.   *Who.* Confidential Information may be used only by:

    A.    Parties;

    B.    The Court;

    C.    Court reporters (including audio and video);

    D.    Special masters;

    E.    Mediators;

    F.    Parties' counsel, including any counsel representing a Party in any government investigation relating to the April 20, 2010, Deepwater Horizon explosion, fire and/or resulting spill;

    G.    The direct staff of these people;

    H.    Witnesses, except for lay witnesses who previously have not seen or had access to the Confidential Information and who have no reasonable need to see the Confidential Information in order to provide testimony;

    I.    Any expert or consultant, and his, her or its staff, hired by a party for litigation purposes who agrees to be bound by this Order and signs the certificate attached as Appendix A;

    J.    Any other person to whom the Producing Party, in writing, authorizes disclosure; and

    K.    Counsel (and their staff) for parties in other litigation asserting claims against Defendants that arise out of the April 20, 2010 Deepwater Horizon explosion, fire and/or resulting spill ("Related Litigation"), provided that (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A;  (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains copies of the certificates and a log identifying each such recipient and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request.  Upon a showing by Defendants that Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

6.    *Highly Confidential.*

The Highly Confidential designation is intended to prevent competitive injury between and among persons or entities who might be commercially adverse to one another in the marketplace. Hence, the use of information designated Highly Confidential is restricted to the following persons:

A.    The Court and its staff;

B.    Special masters or discovery referees appointed by the Court and their staff;

C.    Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A.

D.    Mediators and their staff, provided such persons execute a certification attached hereto as Appendix A;

E.    Parties' external counsel and internal counsel whose primary responsibilities include overseeing this litigation, and their direct staff;

F.    Persons who prepared, received, or reviewed the Highly Confidential information prior to its production in the matters comprising MDL No. 2179 and who execute a certification in the form attached hereto as Appendix A;

G.    A witness during a hearing, a deposition or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have specific knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL," provided such witness executes a certification in the form attached hereto as Appendix A;

H.    Outside experts or consultants retained by a party for litigation purposes, provided such expert executes a certification in the form attached as Appendix A.

I.    Any other person to whom the Producing Party, in writing, authorizes disclosure; and

J.    Counsel for parties in Related Litigation as defined in paragraph 5(K), provided that: (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A; (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains a log identifying each such recipient and makes that log available for inspection and copying to Liaison Counsel for the other parties at their request; and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request. Upon a

showing by Defendants that Highly Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

7. *Where.* Confidential Information and Highly Confidential Information must be used only in this MDL Proceeding, in Related Litigation as defined in paragraph 5(K) or in any government investigation into the Deepwater Horizon incident or resulting oil spill so long as such use is permitted herein.

8. *How.*

> A. *Acknowledgment.* Subject to the restrictions contained in paragraph 6, the persons identified in paragraphs 5 and 6 may receive or review Confidential or Highly Confidential Information upon execution of the certificate attached as Appendix A or by affirming on the record that he or she will not disclose Confidential or Highly Confidential Information revealed during the deposition and will keep the transcript confidential.
>
> B. *Filings.* No pleading will be sealed. If Confidential Information must be filed, it will be filed under seal as an appendix to the instrument that refers to it. As little of the source document as possible should be sealed. References in the instrument must be sufficiently abstract not to disclose the information.
>
> C. *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.
>
> D. *Subpoenas.* If Confidential Information is subpoenaed from the Receiving Party, the Receiving Party must notify the Producing Party in writing within five (5) days of its receipt that the subpoena covers Confidential or Highly Confidential Information.

9. *Challenges.* Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Producing

Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the **Objecting Party** may move the Court for an order **withdrawing the designation** as to the specific designations on which the Parties could not agree. Counsel may agree to reasonable extensions of the twenty (20) day period, if necessary. On such a motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law. In the event a motion is filed by the Objecting Party, the information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Confidential or Highly Confidential Information designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

10.  *Return.* Within ninety days of the termination of any party from all proceedings in this MDL proceeding or in Related Litigation, that party, its employees, attorneys, consultants and experts must destroy or return all originals and/or copies of documents with Confidential Information or Highly Confidential Information, provided however, that the obligation to destroy or return such documents that is imposed on counsel, consultants and experts representing multiple parties shall not occur until the last of their represented parties has been terminated from the foregoing referenced proceedings. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Protective Order. This order survives the termination of this MDL proceeding.

New Orleans, Louisiana, this 2nd day of November, 2010.

THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT COURT JUDGE

## APPENDIX A

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION: J |
| Applies to: *All Cases.* | * * | JUDGE BARBIER MAGISTRATE SHUSHAN |

* * * * * * * * * * * *

### CERTIFICATION

I hereby certify that I have read the Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date:

                                        (Signature)

Name:

                                        (Typed or Printed)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION J JUDGE BARBIER MAGISTRATE SHUSHAN |
| THIS DOCUMENT APPLIES TO: Case No. 12-311 | * * * * * | JURY TRIAL DEMANDED |

## <u>CONSENT ORDER</u>

IT IS HEREBY ORDERED that Paul R. Koepff and the law firm of Clyde & Co. are hereby withdrawn as counsel of record for Defendant Liberty Insurance Underwriters, Inc. in respect to the above numbered and entitled action.

IT IS FURTHER ORDERED that Paul R. Keopff is hereby precluded from acting as legal counsel for Liberty Insurance Underwriters, Inc. in respect to this action. This Order does not preclude parties from treating Mr. Koepff as a fact witness and communicating with him in this capacity.

Signed in New Orleans, Louisiana, the 20th day of June, 2012.

_____
Honorable United States Judge
Carl J. Barbier



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG     *   MDL NO. 2179
      "DEEPWATER HORIZON" in     *
      the GULF OF MEXICO, on      *   SECTION J
      APRIL 20, 2010             *
                                  *   JUDGE BARBIER
APPLIES TO: No. 12-311      *
                                  *   MAG. JUDGE SHUSHAN
                                  *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### <u>DECLARATION OF PAUL R. KOEPFF</u>

1.       I am a senior equity partner at the law firm Clyde & Co US LLP

("Clyde"). I am fully familiar with the matters herein.

2.       I submit this declaration in support of the Motion to Quash and Motion for

Protective Order made by Liberty Insurance Underwriters, Inc. ("Liberty"), requesting

the Court to quash and/or limit the return on two broad subpoenas duces tecum served

upon Clyde and me. Among other things, the requests in these two subpoenas asked

Clyde and me to produce documents which we received or generated in connection with

our representation of other insurers, and for that reason, I submit this declaration.

3.       In connection with Cameron seeking coverage for claims and lawsuits

arising out of the Deepwater Horizon incident, I represented the following insurance

companies: ACE American Insurance Company, ACE Bermuda Insurance Ltd., XL

Insurance Company Limited, XL Insurance (Bermuda) Ltd., and Liberty.

4.       Upon being served with the two subpoenas which Cameron served upon

Clyde and me, I advised each of the above insurers about the various requests for

948598v1


EXHIBIT
D

documents and asked their position with respect to any claim of privilege which they could invoke.  In response, each of the above insurers specifically instructed me not to produce any documents which were protected by the attorney-client privilege, work product privilege or settlement privilege.  I was directly involved in settlement discussions on behalf of these other insurers and Cameron, as well as with Liberty, with an agreement with Cameron that all of this was without prejudice and off-the-record and subject to a settlement privilege.

5.      With respect to ACE Bermuda, XL Bermuda, and XLICL, I had been representing them with respect to Cameron's claim for coverage long before I first began to represent Liberty in October 2011.  Therefore, there are numerous privileged documents which I and others working for me generated or received with respect to our representation of these three insurers which were never shared with or known to Liberty. These three insurers have directed me not to produce these pre-October 2011 documents, especially because they have resolved through settlement Cameron's claim for coverage.

6.      During the entire period I was representing Liberty, I was always involved in giving privileged advice that was sought by Liberty on a myriad of issues, including without limitation issues arising out of the claims against Cameron, rights of indemnity of Cameron, Cameron's claim for coverage under the Liberty excess policy, Cameron's settlement efforts with respect to claims against it and its ultimate settlement with BP, and Cameron's request for coverage for that settlement under the Liberty policy. Moreover, because Cameron had threatened litigation against Liberty, we generated a

2

substantial amount of material protected by work product.  I was also involved in giving

legal advice in connection with efforts between Cameron and Liberty to settle their

disputes.  In connection with the subpoenas served on Clyde and me, Liberty has

specifically instructed me not to produce any documents protected by any applicable

privilege.

       7.     Putting aside relevant documents protected by any privilege claim, Clyde

and I have no objection to producing post October 1, 2011 non-privileged documents

with respect to my representation of Liberty that are responsive to the two subpoenas.

       8.     This declaration is based upon my own personal knowledge.

       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  February 23, 2013

Paul R. Koepff