UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| **APPLIES TO: No. 12-311** | * | MAG. JUDGE SHUSHAN |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF CAMERON INTERNATIONAL CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Cameron International Corporation ("Cameron") hereby requests that Defendant Liberty Insurance Underwriters, Inc. ("Liberty") produce the following documents in accordance with the Definitions and Instructions below, on or before January 16, 2013.

### DEFINITIONS

All terms not otherwise defined shall have their ordinary and common meanings. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.    "BP" shall mean BP Exploration & Production, Inc. and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents.

1112656v1



2.     "BP Settlement" shall mean the Confidential Settlement Agreement, Mutual Releases and Agreement to Indemnify entered into between Cameron and BP on December 15, 2011, including any drafts thereof and negotiations related thereto.

3.     "Cameron" shall mean Cameron International Corporation and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents.

4.     "Cameron Policies" shall mean any and all insurance policies issued to Cameron by Liberty from January 2006 through the present.

5.     "Deepwater Horizon Incident" shall mean the April 20, 2010 explosion of Transocean Ltd.'s Deepwater Horizon Mobile Offshore Drilling Unit and consequent release of oil into the Gulf of Mexico.

6.     "Liberty," "You," or "Your" shall mean defendant Liberty Insurance Underwriters, Inc. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

7.     "Transocean" shall mean Transocean Ltd. and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents.

8.     "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9.     "Document" shall be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" further includes, but is not limited to, any and all forms of recorded

1112656v1

information, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, including all originals, revisions, and markups of drafts, and all files, documents, databases, e-mails, and other data maintained in computer-readable form. The term "document" specifically includes, but is not limited to: working papers, communications, including intracompany communications, minutes and records of meetings, letters, facsimile transmissions, telegrams, records, books, summaries or records of personal conversations or interviews, legal pleadings, affidavits, deposition transcripts, trial transcripts, forecasts, statistical statements, agreements, contracts, telephone messages, slips and logs, diary entries, electronic mail and messages of every kind, text messages, calendars, reports, evaluations, assessments, analyses, correspondence, memoranda, notes, video recordings of every kind, audio recordings of every kind, electronic recordings of every kind, drawings, graphics, graphs, maps, diagrams, charts, photographs, tables, indices, recordings, tapes, microfilms, reports of investigations, opinions or reports of consultants, data processing and computer printouts, tapes, disks, and data and information stored in computers or data processing equipment, together with programs and program documentation necessary to utilize or retrieve such data or information, all other mechanical or electronic means of storing or recording data or information, and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form.

       10.    "Including" or "includes" means "including but not limited to" or "including without limitation."

       11.    "Relating to" is to be interpreted in the broadest sense and shall mean and include the words concerning, referring to, describing, evidencing, or constituting.

1112656v1

12.     The words "and" and "or" shall be construed conjunctively or disjunctively necessary to make the request inclusive rather than exclusive.

13.     The use of the plural shall also imply the singular and vice versa.

## INSTRUCTIONS

1.     You are requested to produce all responsive documents in your possession, custody, or control, wherever located, including, without limitation, those in the custody of your representatives, affiliates and agents (including but not limited to Clyde & Co.).

2.     All documents are to be produced in accordance with MDL No. 2179 Pre-Trial Order Nos. 14 and 16, dated November 3, 2010 and November 8, 2010, respectively.

3.     If you are withholding a document under a claim of privilege, including pursuant to the work product doctrine, please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and other such information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable Cameron to assess the applicability of the privilege or protection claimed by You.

4.     If there is any objection to any Request, or if not all documents responsive to a Request are produced, state with specificity all grounds for each such objection or failure to produce all responsive documents. All documents called for by those portions of the Request to which there is no objection shall be produced.

5.     All documents produced in response to these Requests shall be provided in their entirety, notwithstanding the fact that portions thereof may contain information not requested.

- 4 -

All interim as well as final versions of the document shall be produced and all versions or copies that are not identical to the original, whether due to handwritten notations, revisions, enclosures, attachments, underlining, highlighting, or otherwise shall be produced.

6.      These Requests are continuing. If at any time after production of documents hereto, and prior to the time of trial of this action, you obtain or become aware of additional documents or information that is responsive to any of these requests, the disclosure of which may be required pursuant to Fed. R. Civ. P. 26(e), you shall produce in a timely manner such additional documents or information.

7.      Unless otherwise indicated, the relevant time period for each request below shall be the period between January 1, 2006 through the present.

## DOCUMENT REQUESTS

1.      All documents and communications relating to the Cameron Policies.

2.      All documents and communications relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

3.      All documents and communications between or among Liberty or Clyde & Co. on the one hand, and any of Cameron's other insurers or their counsel, on the other hand, relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident

4.      All documents and communications between Liberty and Clyde & Co. in connection with the Cameron Policies, Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, or this action.

5.      All documents in the files of Clyde & Co. relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

1112656v1

6.    To the extent that Liberty intends to rely on the advice of counsel for any purpose in this action, all documents and communications between Liberty and Martin, Disiere, Jefferson & Wisdom, L.L.P. in connection with the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

7.    A copy of all policies, agreements, and/or contracts relating to Liberty's reinsurance coverage in connection with the Cameron Policies and any communications with Liberty's reinsurer(s) relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

8.    All documents and communications relating to the BP Settlement, including but not limited to communications between Liberty (or its counsel) and BP and/or Transocean (or their respective counsel).

9.    All documents relating to the Deepwater Horizon Incident that in any way relate to Cameron, including but not limited to all documents and communications relating to BP's or Transocean's obligations to indemnify Cameron for losses relating to the Deepwater Horizon Incident.

10.    All documents created at any time relating to the drafting, negotiation and interpretation of Liberty's "Other Insurance" provision in Liberty policy form 0100-XS(03 00).

11.    All documents created at any time relating to any instance in which Liberty took the position that "Other Insurance," as defined in policy form 0100-XS(03 00), existed where the source of such "Other Insurance" denied payment to Liberty's insured.

12.    All documents created at any time relating to any claim under Liberty policy form 0100-XS(03 00) that Liberty paid despite the existence of an "indemnification" as specified in its "Other Insurance" provision.

- 6 -

13.     Documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting.

14.     Documents sufficient to show all of Liberty's policies and/or procedures that relate to any "Other Insurance" provisions contained in insurance policies issued by Liberty.

15.     Documents sufficient to show all of Liberty's policies and/or procedures that relate to the handling of coverage disputes.

16.     All documents and communications relating to any conflicts of interest of Paul R. Koepff and the law firm of Clyde & Co., including but not limited to those relating to Liberty's decision to move for an order withdrawing Mr. Koepff and Clyde & Co. as counsel for Liberty in this action.

17.     All personnel files of individuals involved in Liberty's decision to deny payment to or on behalf of Cameron relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

18.     A copy of Liberty insurance policy number LQ1B71198783046, referenced in Liberty's Rule 26(a) Disclosures, dated September 14, 2012.

1112656v1

Dated:    December 17, 2012          _/s/ Phillip A. Wittmann_____
                                     Phillip A. Wittmann, 13625
                                             pwittmann@stonepigman.com
                                     Carmelite M. Bertaut, 3054
                                             cbertaut@stonepigman.com
                                     Jared Davidson, 32419
                                             jdavidson@stonepigman.com

                                     STONE PIGMAN WALTHER WITTMANN L.L.C.
                                     546 Carondelet Street
                                     New Orleans, Louisiana  70130
                                     504-581-3200
                                     504-581-3361 (fax)

                                     *Attorneys for Cameron International
                                     Corporation*

                                         Of Counsel:

                                         WILLKIE FARR & GALLAGHER LLP
                                         Mitchell J. Auslander
                                         Jeffrey B. Korn
                                         787 Seventh Avenue
                                         New York, NY  10019
                                         (212) 728-8000
                                         mauslander@willkie.com

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff Cameron International

Corporation's First Set of Requests for Production of Documents to Defendant Liberty Insurance

Underwriters, Inc. has been served on All Counsel by electronically uploading the same to Lexis

Nexis File & Serve in accordance with Pretrial Order No. 12, on this 17th day of December 2012.


                                     _/s/     Phillip A. Wittmann_____

- 8 -

1112656v1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| **APPLIES TO: No. 12-311** | * * * | JUDGE BARBIER MAG. JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LIBERTY INSURANCE UNDERWRITERS, INC.'S OBJECTIONS
AND RESPONSES TO PLAINTIFF CAMERON INTERNATIONAL
CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Liberty Insurance Underwriters, Inc. ("Liberty") serves the following objections and responses to Plaintiff Cameron International Corporation's First Set of Requests for Production.

**GENERAL OBJECTIONS**

1.     Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or protection recognized by law.  Any inadvertent production of information subject to privilege or protection does not constitute a waiver by Liberty of that privilege or protection.

2.     Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information that is confidential, proprietary, and/or that constitutes trade secrets.  Any inadvertent production of information subject to privilege or protection does not constitute a waiver by Liberty of that privilege or protection.

**EXHIBIT
F**

1

3.      Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information or documents not within Liberty's possession, custody, or control.

4.      Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information neither relevant to the issues posed by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Liberty objects to plaintiff's First Set of Requests for Production, including without limitation the Definitions and Instructions, to the extent they seek to impose obligations and/or discover information beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

6.      Liberty objects to the definition of "You", "Your", and "Liberty" contained in Cameron's First Set of Requests for Production. The stated definitions are overbroad and exceed the scope of discovery permitted by the Federal Rules of Civil Procedure.  Moreover, the definitions improperly may include attorneys representing Liberty who are not Liberty and not within Liberty's control.  Finally, the definition improperly includes persons and entities other than the named defendant, Liberty Insurance Underwriters, Inc., including without limitation Liberty's "parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, and agents."

7.      Liberty objects to the definition of "Cameron Policies" contained in Cameron's First Set of Requests for Production. The stated definition is overbroad and exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure.  "Cameron Policies" properly should include only policies issued to Cameron by Liberty Insurance Underwriters, Inc. from January 2010 through the present.

- 2 -

8.     Liberty objects to the extent that Cameron's First Set of Requests for Production defines the relevant time period as 2006 to present.  This time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The relevant time period properly should be limited to January 1, 2010 to the date this suit was filed.

9.     Any representation made by Liberty that it will provide or make available responsive information is not meant to imply that such requested information or documents actually exist, but merely that the requested information or documents will be produced to the extent known or available.

10.    Liberty reserves the right to supplement, amend, or alter its responses at any time.

11.    Liberty reserves the right to challenge the admissibility of the documents herein produced at trial or at any hearing in this matter or any other matter.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:  All documents and communications relating to the Cameron Policies.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Liberty objects to this request as overly-broad in scope, lacking reasonable specificity of the nature and category of documents which Plaintiff seeks, and seeking documents not reasonably calculated to lead to the discovery of admissible evidence and/or protected by the attorney-client privilege and work product doctrine.  Subject to this objection and without waiving the same, see attached documents identified as LIU 00001-00615, 00616-00657, 00839-00842, 00874-00913, 00915-00918, 00919-01512, and 01520-01539.  In addition, please see all

documents filed and to be filed with the Court in this litigation, including communications between counsel in this litigation.

**REQUEST FOR PRODUCTION NO. 2:**   All documents and communications relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Liberty objects to this request as overly-broad in scope and potentially calling for the production of documents which are protected by the attorney-client privilege or work product doctrine.   Subject to this objection and without waiving the same, see attached documents identified as LIU 00001-00615, 00616-00657, 00839-00842, 00874-00913, 00915-00918, and 01502-01519.

**REQUEST FOR PRODUCTION NO. 3:**   All documents and communications between or among Liberty or Clyde & Co. on the one hand, and any of Cameron's other insurers or their counsel, on the other hand, relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Liberty objects that the request seeks documents subject to the attorney-client privilege and/or the work product doctrine.   Subject to all objections, see documents attached hereto and identified as LIU 00637-00644, 00645-00650, 00651-00657, 00839-00842, 00915-00918, and 01502-01519.

**REQUEST FOR PRODUCTION NO. 4:**  All documents and communications between Liberty and Clyde & Co. in connection with the Cameron Policies, Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, or this action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Liberty objects to this request as seeking documents which are protected by the attorney-client privilege and/or the work product doctrine.   Liberty has not affirmatively pled the defense

of reliance on the advice of counsel and therefore, there is no basis for seeking communications between Liberty and its counsel.

**REQUEST FOR PRODUCTION NO. 5:**  All documents in the files of Clyde & Co. relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

See Response to Request for Production No. 4.  In addition, Liberty objects to this request to the extent that this request seeks documents from a third party which is not a party to this lawsuit, Clyde & Co., and which entity is not subject to Liberty's control. Liberty further objects to this request as potentially calling for documents which are privileged and protected from production under the attorney-client privilege and/or the work product doctrine.  Subject to these objections and without waiving the same, see documents attached hereto and identified as LIU 00636, 00637-00644, 00645-00650, 00645-00650, 00651-00657, 00839-00842, and 00915-00918.

**REQUEST FOR PRODUCTION NO. 6:**  To the extent that Liberty intends to rely on the advice of counsel for any purpose in this action, all documents and communications between Liberty and Martin, Disiere, Jefferson & Wisdom, L.L.P. in connection with the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Liberty has not affirmatively pled the defense of reliance on the advice of counsel and as such, no documents are responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**  A copy of all policies, agreements, and/or contracts relating to Liberty's reinsurance coverage in connection with the Cameron Policies and any communications with Liberty's reinsurer(s) relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Liberty objects to this request as lacking relevance to any claim or defense asserted in this action and not reasonably calculated to lead to the discovery of admissible evidence. Liberty further objects to this request as seeking confidential business proprietary documents which have no bearing on any claim or defense asserted in this lawsuit. Subject to this objection and without waiving the same, see attached documents identified as LIU00001-00615.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications relating to the BP Settlement, including but not limited to communications between Liberty (or its counsel) and BP and/or Transocean (or their respective counsel).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Liberty objects that this request seeks information subject to the attorney-product and/or work product privileges. Subject to all objections, see documents attached hereto and identified as LIU 00616-00635, 00636, 00637-00644, 00645-00650, 00645-00650, 00651-00657, 00658-00708, 00709-00838, 00839-00842, 00843-00873, 00874-00913, and 00915-00918.

**REQUEST FOR PRODUCTION NO. 9:** All documents relating to the Deepwater Horizon Incident that in any way relate to Cameron, including but not limited to all documents and communications relating to BP's or Transocean's obligations to indemnify Cameron for losses relating to the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Liberty objects that the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Liberty further objects that the request seeks information subject to the attorney client privilege and/or the work product doctrine. Subject to all objections, see attached documents identified as LIU00658-00708 and 00709-00838. In addition, please refer to the pleadings and motions filed in MDL NO. 2179 by Cameron, BP, and Transocean.

**REQUEST FOR PRODUCTION NO. 10:** All documents created at any time relating to the drafting, negotiation and interpretation of Liberty's "Other Insurance" provision in Liberty policy form 0100-XS(03 00).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Liberty objects to the request as unduly burdensome and seeking confidential information as the request requires a file by file review of claim files of insureds not a party to this lawsuit. Liberty further objects to the request as seeking documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, regarding interpretations, see attached documents identified as LIU 00001-00615. Liberty is unaware of any other responsive documents.

**REQUEST FOR PRODUCTION NO. 11:** All documents created at any time relating to any instance in which Liberty took the position that "Other Insurance," as defined in policy form 0100-XS(03 00), existed where the source of such "Other Insurance" denied payment to Liberty's insured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Liberty objects to this request as vague, ambiguous and obscure as drafted. Liberty further objects to the Request as unduly burdensome and seeking confidential information as the Request requires a file by file review of claim files of insureds not a party to this lawsuit. Liberty further objects to this request as assuming facts not in evidence here and subject to these objections and without waiving the same, assuming that "Liberty's insured" as used in this request means Cameron International Corporation, responsive documents would already be in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 12:** All documents created at any time relating to any claim under Liberty policy form 0100-XS(03 00) that Liberty paid despite the existence of an "indemnification" as specified in its "Other Insurance" provision.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

See Response to Request for Production No. 11. Subject to that objection, Liberty is aware of none.

**REQUEST FOR PRODUCTION NO. 13:**   Documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Liberty objects to this request as unduly burdensome, overly-broad in time and scope as the request, as worded, possibly could include thousands of claims which are not even tangentially related to Cameron's claim.   Liberty further objects to this request as seeking information constituting the confidential proprietary business information and trade secrets of Liberty and confidential information pertaining to insureds not a party to this lawsuit.   Liberty further objects to this request as lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14:**   Documents sufficient to show all of Liberty's policies and/or procedures that relate to any "Other Insurance" provisions contained in insurance policies issued by Liberty.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

See Response to Request for Production No. 13.  Liberty further objects to this request as overly-broad in time and scope as the request, as worded, would include claims which are not even tangentially related to Cameron's claim.  Liberty further objects to this request as seeking information constituting the confidential proprietary business information and trade secrets of Liberty.   Liberty further objects to this request as lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 15:**   Documents sufficient to show all of Liberty's policies and/or procedures that relate to the handling of coverage disputes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

See Response to Request for Production No. 13. Liberty further objects to this request as overly-broad in time and scope as the request, as worded, would include coverage disputes on

claims which are entirely unrelated to Cameron's claim.  Liberty further objects to this request as

seeking information constituting the confidential proprietary business information and trade

secrets of Liberty.  Liberty further objects to this request as harassing and lacking in relevance

and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 16:**  All documents and communications relating to any
conflicts of interest of Paul R. Koepff and the law firm of Clyde & Co., including but not limited
to those relating to Liberty's decision to move for an order withdrawing Mr. Koepff and Clyde &
Co. as counsel for Liberty in this action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Liberty objects to this request as lacking relevance and seeking documents not reasonably

calculated to lead to the discovery of admissible evidence.  The request also is harassing,

frivolous, and assuming facts not in evidence as it was not Liberty's initial decision to seek the

withdrawal Mr. Koepff and Clyde & Co., but rather a concession Liberty made at the insistence

of Cameron. Liberty further objects to this request as seeking documents which are protected by

the attorney-client privilege and work product doctrine.  Subject to this objection and without

waiving the same, Cameron possesses all non-privileged documents and communications

relating to the order withdrawing Mr. Koepff and Clyde & Co. as counsel for Liberty in this

action.  In addition, see attached document identified as LIU 00914.

**REQUEST FOR PRODUCTION NO. 17:**  All personnel files of individuals involved in
Liberty's decision to deny payment to or on behalf of Cameron relating to Cameron's claim for
coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Liberty objects to this request as it violates constitutional law, common law and privacy

rights of the individual made the subject of the request.  *See U.S. Dept. of Defense v. Federal*

*Labor Relations Auth.*, 510 U.S. 487, 497-98, 501 (1994); *Beasley v. First Am. Real Estate Info.*

*Servs., Inc.*, 2005 WL 1017818, *4 (N. D. Tex. 2005); *Industrial Found. v. Texas Indus. Accident*

*Bd.*, 540 S.W.2d 668, 685 (Tex. 1976); *Kessell v. Bridewell*, 872 S.W.2d 837, 841 (Tex. App. –

Waco 1994, no writ); *Fox v. Anonymous*, 869 S.W.2d 499, 504 (Tex. App. – San Antonio 1993,

writ den'd.).  Liberty further objects to this request as seeking documents that lack any relevance

to any claim or defense asserted in this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:**  A copy of Liberty insurance policy number
LQ1B71198783046, referenced in Liberty's Rule 26(a) Disclosures, dated September 14, 2012.

      **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

See attached Policy identified as LIU 00874-00913.

Respectfully submitted,

Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

OF COUNSEL:

Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by U.S. mail, postage prepaid, hand delivery, facsimile transmission or email on this 30th day of January, 2013.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG   * MDL NO. 2179
   "DEEPWATER HORIZON" in the *
   GULF OF MEXICO, on   * SECTION J
   APRIL 20, 2010    *
            * JUDGE BARBIER
**APPLIES TO: No. 12-311**   * MAG. JUDGE SHUSHAN
            *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### LIBERTY INSURANCE UNDERWRITERS, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF CAMERON INTERNATIONAL CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Liberty Insurance

Underwriters, Inc. ("Liberty") serves the following supplemental objections and responses to

Plaintiff Cameron International Corporation's First Set of Requests for Production.

### GENERAL OBJECTIONS

  1.  Liberty objects to plaintiff's First Set of Requests for Production to the extent

they seek information protected by the attorney-client privilege, work-product doctrine, and/or

any other privilege or protection recognized by law.  Any inadvertent production of information

subject to privilege or protection does not constitute a waiver by Liberty of that privilege or

protection.

  2.  Liberty objects to plaintiff's First Set of Requests for Production to the extent

they seek information that is confidential, proprietary, and/or that constitutes trade secrets.  Any



inadvertent production of information subject to privilege or protection does not constitute a waiver by Liberty of that privilege or protection.

3.      Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information or documents not within Liberty's possession, custody, or control.

4.      Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information neither relevant to the issues posed by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Liberty objects to plaintiff's First Set of Requests for Production, including without limitation the Definitions and Instructions, to the extent they seek to impose obligations and/or discover information beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

6.      Liberty objects to the definition of "You", "Your", and "Liberty" contained in Cameron's First Set of Requests for Production.  The stated definitions are overbroad and exceed the scope of discovery permitted by the Federal Rules of Civil Procedure.  Moreover, the definitions improperly may include attorneys representing Liberty who are not Liberty and not within Liberty's control.  Finally, the definition improperly includes persons and entities other than the named defendant, Liberty Insurance Underwriters, Inc., including without limitation Liberty's "parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, and agents."

7.      Liberty objects to the definition of "Cameron Policies" contained in Cameron's First Set of Requests for Production.  The stated definition is overbroad and exceeds the scope of

837925_1

discovery permitted by the Federal Rules of Civil Procedure.  "Cameron Policies" properly should include only policies issued to Cameron by Liberty Insurance Underwriters, Inc. from January 2010 through the present.

8.      Liberty objects to the extent that Cameron's First Set of Requests for Production defines the relevant time period as 2006 to present.  This time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The relevant time period properly should be limited to January 1, 2010 to the date this suit was filed.

9.      Any representation made by Liberty that it will provide or make available responsive information is not meant to imply that such requested information or documents actually exist, but merely that the requested information or documents will be produced to the extent known or available.

10.     Liberty reserves the right to supplement, amend, or alter its responses at any time.

11.     Liberty reserves the right to challenge the admissibility of the documents herein produced at trial or at any hearing in this matter or any other matter.

## RESPONSES TO
## PLAINTIFF'S REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:  All documents and communications relating to the Cameron Policies.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Liberty objects to this request as overly-broad in scope, lacking reasonable specificity of the nature and category of documents which Plaintiff seeks, and seeking documents not reasonably calculated to lead to the discovery of admissible evidence and/or protected by the attorney-client privilege and work product doctrine.  Subject to this objection and without

837925_1

waiving the same, see attached documents identified as LIU 00001-00615, 00616-00657, 00839-00842, 00874-00913, 00915-00918, 00919-01512, and 01520-01539.   Additionally, see the documents identified as LIU 01540-01626.  In addition, please see all documents filed and to be filed with the Court in this litigation, including communications between counsel in this litigation.  Liberty will produce documents pertaining to the Excess CGL Policy issued in 2007 and 2008.   In addition, Liberty is undertaking a search for additional electronically stored information in the computer databases of claims personnel James Engel, Jessica Rogin, and Jeffrey Roberts, and underwriting personnel Denise Morris and Alan Mandel.

**REQUEST FOR PRODUCTION NO. 2:**   All documents and communications relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Liberty objects to this request as overly-broad in scope and potentially calling for the production of documents which are protected by the attorney-client privilege or work product doctrine.   Subject to this objection and without waiving the same, see attached documents identified as LIU 00001-00615, 00616-00657, 00839-00842, 00874-00913, 00915-00918, 01502-01519, and 01540-01626.  Liberty will produce underwriting documents pertaining to the Excess CGL Policy issued in 2007 and 2008.  In addition, Liberty is undertaking a search for additional electronically stored information in the computer databases of claims personnel James Engel, Jessica Rogin, and Jeffrey Roberts, and underwriting personnel Denise Morris and Alan Mandel.

**REQUEST FOR PRODUCTION NO. 3:**   All documents and communications between or among Liberty or Clyde & Co. on the one hand, and any of Cameron's other insurers or their counsel, on the other hand, relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

837925_1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Liberty objects that the request seeks documents subject to the attorney-client privilege and/or the work product doctrine.  Subject to all objections, see documents attached hereto and identified as LIU 00637-00644, 00645-00650, 00651-00657, 00839-00842, 00915-00918, and 01502-01519.  See additionally, the documents identified as LIU 01549-01557, LIU 01562-01601.

**REQUEST FOR PRODUCTION NO. 4:**  All documents and communications between Liberty and Clyde & Co. in connection with the Cameron Policies, Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, or this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Liberty objects to this request as seeking documents which are protected by the attorney-client privilege and/or the work product doctrine.  Liberty has not affirmatively pled the defense of reliance on the advice of counsel and therefore, there is no basis for seeking communications between Liberty and its counsel. Liberty will produce all non-privileged communications with its counsel, Mr. Koepff.

**REQUEST FOR PRODUCTION NO. 5:**  All documents in the files of Clyde & Co. relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See Response to Request for Production No. 4.  In addition, Liberty objects to this request to the extent that this request seeks documents from a third party which is not a party to this lawsuit, Clyde & Co., and which entity is not subject to Liberty's control. Liberty further objects to this request as potentially calling for documents which are privileged and protected from production under the attorney-client privilege and/or the work product doctrine.  Subject to these objections and without waiving the same, see documents attached hereto and identified as

837925_1

LIU 00636, 00637-00644, 00645-00650, 00645-00650, 00651-00657, 00839-00842, 00915-00918, LIU 01549-01557, LIU 01562-01601.   Liberty will produce all non-privileged communications with its counsel, Mr. Koepff.

**REQUEST FOR PRODUCTION NO. 6:**   To the extent that Liberty intends to rely on the advice of counsel for any purpose in this action, all documents and communications between Liberty and Martin, Disiere, Jefferson & Wisdom, L.L.P. in connection with the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Liberty has not affirmatively pled the defense of reliance on the advice of counsel and as such, no documents are responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**   A copy of all policies, agreements, and/or contracts relating to Liberty's reinsurance coverage in connection with the Cameron Policies and any communications with Liberty's reinsurer(s) relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Liberty objects to this request as lacking relevance to any claim or defense asserted in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Liberty further objects to this request as seeking confidential business proprietary documents which have no bearing on any claim or defense asserted in this lawsuit.  Subject to this objection and without waiving the same, see attached documents identified as LIU00001-00615.  Additionally, Liberty has produced documents identified as LIU 1540-1548, which reflect non-privileged communications with its reinsurers.

**REQUEST FOR PRODUCTION NO. 8:**  All documents and communications relating to the BP Settlement, including but not limited to communications between Liberty (or its counsel) and BP and/or Transocean (or their respective counsel).

837925_1

### RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Liberty objects that this request seeks information subject to the attorney-product and/or work product privileges.  Subject to all objections, see documents attached hereto and identified as LIU 00616-00635, 00636, 00637-00644, 00645-00650, 00645-00650, 00651-00657, 00658-00708, 00709-00838, 00839-00842, 00843-00873, 00874-00913, 00915-00918, LIU 01540-01626.

**REQUEST FOR PRODUCTION NO. 9:**  All documents relating to the Deepwater Horizon Incident that in any way relate to Cameron, including but not limited to all documents and communications relating to BP's or Transocean's obligations to indemnify Cameron for losses relating to the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Liberty objects that the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  Liberty further objects that the request seeks information subject to the attorney client privilege and/or the work product doctrine.  Subject to all objections, see attached documents identified as LIU00658-00708 and 00709-00838.  In addition, please refer to the pleadings and motions filed in MDL NO. 2179 by Cameron, BP, and Transocean.

**REQUEST FOR PRODUCTION NO. 10:**  All documents created at any time relating to the drafting, negotiation and interpretation of Liberty's "Other Insurance" provision in Liberty policy form 0100-XS(03 00).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Liberty objects to the request as unduly burdensome and seeking confidential information as the request requires a file by file review of claim files of insureds not a party to this lawsuit.  Liberty further objects to the request as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the objections, regarding interpretations, see

attached documents identified as LIU 00001-00615.  Liberty is undertaking an additional search

for responsive documents but as of this date is unaware of any other responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**  All documents created at any time relating to any instance in which Liberty took the position that "Other Insurance," as defined in policy form 0100-XS(03 00), existed where the source of such "Other Insurance" denied payment to Liberty's insured.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

*See* Response to Request for Production No. 10.  Liberty objects to this request as vague,

ambiguous and obscure as drafted.  Liberty further objects to the Request as unduly burdensome

and seeking confidential information as the Request requires a file by file review of claim files of

insureds not a party to this lawsuit.  Liberty further objects to this request as assuming facts not

in evidence here and subject to these objections and without waiving the same, assuming that

"Liberty's insured" as used in this request means Cameron International Corporation, responsive

documents would already be in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 12:**  All documents created at any time relating to any claim under Liberty policy form 0100-XS(03 00) that Liberty paid despite the existence of an "indemnification" as specified in its "Other Insurance" provision.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

See Response to Request for Production No. 11.  Subject to that objection, Liberty is

aware of none.

**REQUEST FOR PRODUCTION NO. 13:**  Documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Liberty objects to this request as unduly burdensome, overly-broad in time and scope as

the request, as worded, possibly could include thousands of claims which are not even

tangentially related to Cameron's claim.  Liberty further objects to this request as seeking

- 8 -

information constituting the confidential proprietary business information and trade secrets of Liberty and confidential information pertaining to insureds not a party to this lawsuit.  Liberty further objects to this request as lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14:**   Documents sufficient to show all of Liberty's policies and/or procedures that relate to any "Other Insurance" provisions contained in insurance policies issued by Liberty.

       **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

See Response to Request for Production No. 13.  Liberty further objects to this request as overly-broad in time and scope as the request, as worded, would include claims which are not even tangentially related to Cameron's claim.  Liberty further objects to this request as seeking information constituting the confidential proprietary business information and trade secrets of Liberty.  Liberty further objects to this request as lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 15:**   Documents sufficient to show all of Liberty's policies and/or procedures that relate to the handling of coverage disputes.

       **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

See Response to Request for Production No. 13.  Liberty further objects to this request as overly-broad in time and scope as the request, as worded, would include coverage disputes on claims which are entirely unrelated to Cameron's claim.  Liberty further objects to this request as seeking information constituting the confidential proprietary business information and trade secrets of Liberty.  Liberty further objects to this request as harassing and lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 16:**  All documents and communications relating to any conflicts of interest of Paul R. Koepff and the law firm of Clyde & Co., including but not limited

837925_1

to those relating to Liberty's decision to move for an order withdrawing Mr. Koepff and Clyde & Co. as counsel for Liberty in this action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Liberty objects to this request as lacking relevance and seeking documents not reasonably calculated to lead to the discovery of admissible evidence.  The request also is harassing, frivolous, and assuming facts not in evidence as it was not Liberty's initial decision to seek the withdrawal Mr. Koepff and Clyde & Co., but rather a concession Liberty made at the insistence of Cameron. Liberty further objects to this request as seeking documents which are protected by the attorney-client privilege and work product doctrine.   Subject to this objection and without waiving the same, Cameron possesses all non-privileged documents and communications relating to the order withdrawing Mr. Koepff and Clyde & Co. as counsel for Liberty in this action.  In addition, see attached document identified as LIU 00914.

**REQUEST FOR PRODUCTION NO. 17:**   All personnel files of individuals involved in Liberty's decision to deny payment to or on behalf of Cameron relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Liberty objects to this request as it violates constitutional law, common law and privacy rights of the individual made the subject of the request. *See U.S. Dept. of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 497-98, 501 (1994); *Beasley v. First Am. Real Estate Info. Servs., Inc.*, 2005 WL 1017818, *4 (N. D. Tex. 2005); *Industrial Found. v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976); *Kessell v. Bridewell*, 872 S.W.2d 837, 841 (Tex. App. – Waco 1994, no writ); *Fox v. Anonymous*, 869 S.W.2d 499, 504 (Tex. App. – San Antonio 1993, writ den'd.).  Liberty further objects to this request as seeking documents that lack any relevance to any claim or defense asserted in this lawsuit.  These files contain no documents pertaining to

bad faith or improper claims handling, which is the only remotely possible relevancy of Cameron's request.

**REQUEST FOR PRODUCTION NO. 18:**   A copy of Liberty insurance policy number LQ1B71198783046, referenced in Liberty's Rule 26(a) Disclosures, dated September 14, 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

See attached Policy identified as LIU 00874-00913.

Respectfully submitted,

*Catherine Giarrusso*

Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

OF COUNSEL:

Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all counsel of record by U.S. mail, postage prepaid, hand delivery, facsimile transmission or email on this 25th day of February, 2013.

*Catherine Giarrusso*

- 11 -

837925_1