UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

ORDER

[Regarding Working Group Conference on Friday, February 22, 2013]

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

**MICHOUD**

1. **Captain Englebert**.

    The parties were reminded about outstanding invoices.

    Captain Englebert will submit a recommendation for what evidence items will go into the freezer.

    BP's measurements were completed with Halliburton and the U.S. in attendance.

2. **February 28, 2013**.

    On February 28: (1) the U.S. will take measurements; (2) it will examine various evidence yard items only; (3) it will not make molds or impressions; and (4) the BOP wellbore will not be opened. Captain Englebert has the names of the U.S. and BP persons who will attend on February 28. If any other parties plan to attend, they must provide her the names as soon as possible.

3.  **July 12, 2012 Molds and Analysis**.

The U.S. reported that BP produced data related to the July 2012 mold impressions. It requests that BP produce the mold impressions and confirm that it has produced all the data.

4.  **"Big Country."**

In connection with the inspection of the BOP at an earlier stage in the proceedings, a representative of Cameron, William "Big Country" LeNormand, was required to come to Michoud and assist with opening of the BOP. Tools belonging to him were boxed at Michoud and then returned to Cameron. "Big Country" is authorized to retrieve his hand tools.

## PHASE ONE PREPARATION

The parties were reminded that this is a Judge trial. They are to try the case to Judge Barbier and not the press or public.

## EXHIBITS

1.  **Phase One Exhibits**.

    A.  **FOIA**.

    The U.S. reported that it was in receipt of a FOIA request for all of its Phase One Trial Exhibits. If there is an order regarding the obligations of the U.S. concerning the exhibits, it will comply and notify the party making the FOIA request.

    B.  **Unlisted Deposition Bundle Exhibits**.

    Transocean reported that contained within the deposition bundles are exhibits to the depositions which were not listed by any party on their Phase One Exhibit Lists. After discussion, Transocean requested additional time to consider the matter.

      C.      <u>Coke-Formula Exhibits</u>.

The deadline for the parties to provide inData with Coke-formula redactions was 3:00 p.m. on Friday, February 22.  InData put the redacted documents in a folder on its ShareFile website so that the parties can confirm that the redactions were properly made.

      D.      <u>Cured Exhibits</u>.

Halliburton reported that the process was nearly complete.

      E.      <u>Cameron Coke-Formula Exhibits</u>.

Cameron reported that some of its documents are only Coke-formula if they are disclosed in their entirety.  If one part of the document is used, a Coke-formula issue is not raised.  Cameron has not provided redactions for these documents.  The PSC and Cameron agreed that if a specific part of one of these documents is used during the trial, the part will go into evidence and the remainder of the document will be redacted.  Cameron proposed that these issues be resolved at the marshaling conference.  The procedure proposed by Cameron is acceptable to all parties.

**2.**      **FTP Site.**

The PSC's vendor will establish a File Transfer Protocol ("FTP") site.  The address is:

www.mdl2179trialdocs.com

At the site, the public and press will be able to access materials introduced into evidence or proffered during the course of each week of the trial.  The PSC shall circulate to all parties the contact information for the vendor administering the site.

      A.      <u>Expert Reports</u>.

The report and resume of an expert (excluding reliance exhibits) will be transferred to the site after Judge Barbier accepts the qualifications of the expert and permits the expert to testify.

B.   Fact Deposition Bundles.

Fact witnesses deposition bundles may be proffered by each party during their case-in-chief. These bundles will be transferred to the site after the marshaling conference at which they are proffered. The deposition bundles which will be proffered at the marshaling conference will include the designations by all parties.

C.   Exhibits.

Exhibits (including reliance exhibits and demonstratives) that are admitted into evidence during the course of a week will be transferred to the site following the marshaling conference for that week.[1]

D.   Trial Transcripts.

As trial transcripts are certified they will be transferred to the site on a regular and ongoing basis.

**3.   Objections to Exhibits.**

The parties raised issues concerning the process for objecting to exhibits. The Court responded that these issues will be reviewed with Judge Barbier. After the conference an email was sent to all parties with Judge Barbier's reactions to the issues raised by them. The email contained the following:

A.   Exhibits Used With Live Fact Witnesses.

The parties shall make their objections at the time the exhibit is offered. Judge Barbier will either rule on the objection at the time the exhibit is offered or he may admit the exhibit subject to

---

[1] This is being done in order to make sure that any glitches, for example a failure to redact confidential information, are caught before they are transferred to the site.

the objection.

B. <u>Reliance Exhibits</u>.

Judge Barbier has previously determined that the reliance exhibits will not come in with the reports. The parties may not avoid the effect of this ruling by, for example, presenting a list of reliance exhibits. Objections to reliance exhibits which are used during the examination of an expert will be ruled on at the time reliance exhibit is offered.

C. <u>Exhibits Other Than Reliance Exhibits Used With Expert Witnesses</u>.

Objections to these exhibits will be handled in the same manner as exhibits used with live fact witnesses.

D. <u>Objections to Expert Reports</u>.

When the report of an expert is offered, the parties may make objections to the report which were not covered by their <u>Daubert</u> motion. If the objection is sustained for any reason, for example a portion of the report is inadmissible because of a ruling on a motion *in limine*, the report will not be edited, modified or redacted before it is admitted into evidence. Judge Barbier will not rely on the inadmissible portion of the report.

**4.     Marshaling Conferences**.

The conferences will be conducted in Judge Barbier's courtroom with a court reporter present. They will be on Thursday of each week of the trial commencing between 4:00 p.m. and 5:00 p.m.

## DEMONSTRATIVES

**1.     Objections.**

The U.S., BP, Transocean, Halliburton, Cameron served objections to demonstratives. M-I

did not serve any objections.

The parties will not object to the use of demonstratives during opening statements. All objections to demonstratives are reserved until their use during the evidence part of the trial.

There was discussion about the use of attachments to identify source material for demonstratives. On Sunday, February 24, the Court notified Halliburton that putting the source on each page of a demonstrative is preferable both for Judge Barbier and the parties. Halliburton was asked to put the source material on the face of each page as was done by the other parties.

On Sunday, February 24, Halliburton sought clarification on two issues: (1) animations - how should the sources appear since there is no "printable" form of the animation; and (2) how should the references appear where the source citations would not reasonably fit on the face of a demonstrative. This issue will be resolved by email discussion.

**2.     BP's Objections to PSC Demonstratives**.

On February 21, BP reported a dispute with the PSC concerning 45 demonstratives. BP contends that these demonstratives violate the Prior Incidents Order (Rec. doc. 5634). BP argues that 3 of the 45 demonstratives were the subject to a prior order. The PSC shall report to BP whether the 3 demonstratives will be used by the PSC. It shall review the other 42 demonstratives and report to BP whether or not it agrees that they violate the Prior Incidents Order and whether it intends to use any of them. The PSC will copy the Court with the communications to BP concerning the 45 demonstratives.

**3.     Binders of Demonstratives**.

The binders of demonstratives are for the convenience of Judge Barbier. These binders will not include exhibits for the witnesses. The exhibits will all be presented electronically. A party may

prepare a binder of exhibits for use by a live witness (fact or expert). If such a binder is presented to a witness, it is not necessary to present similar binders to Judge Barbier and counsel for the other parties.

## WITNESSES

**1. Global Master Witness List.**

The master witness list prepared by BP was filed. Rec. doc. 8684.

**2. Gregory Meche.**

BP and Halliburton provided their two page summaries to inData. Halliburton had no objections. BP reported its objections. M-I shall confirm with inData when the deposition bundle has been presented to Judge Barbier.

**3. Richard Coronado.**

The parties shall complete the deposition bundle for Coronado. BP will provide its deposition cuts by **Friday, March 8.** The Court will reserve ruling on whether the Coronado deposition bundle will be used.

**4. Jeff Wolfe.**

On February 21, inData reported that the Wolfe deposition bundle was complete and available on its Sharefile site.

**5. Donald Vidrine.**

The PSC (Rec. doc. 8601), Transocean (Rec. doc. 8672), the U.S. (Rec. doc. 8674) and Halliburton (Rec. doc. 8678) filed motions for adverse inferences against BP arising from Vidrine's invocation of the Fifth Amendment. Transocean filed a motion to withdraw objections to requested

7

adverse inferences.  Rec. doc. 8676.  By **Friday, March 8**, BP will respond.  Any replies shall be filed by **Friday, March 15.**

6. **Order of Testimony of Expert Witnesses.**

The U.S. reported that Glenn Benge, the cement expert for the U.S., may be moved up because of a scheduling conflict.  The parties reported no other changes in the order of expert witnesses.

## OTHER PHASE ONE ISSUES

1. **Trial on February 25**.

The Courthouse opens at 7:00 a.m.  The preferred entrance is from the Lafayette Mall.  Counsel and representatives of the parties should not wait until the last minute, particularly during the first week.

2. **Overflow Courtrooms**.

Weatherford's request for an extra seat was resolved.  The procedures for the overflow courtrooms were reviewed.  After the conference, arrangements were made for a separate overflow courtroom for the press.  For the first week of the trial, this will be Judge Milazzo's courtroom (Room C224).

3. **Confidentiality Issues**.

The Court determined that the 5 Transocean documents contained "Coke formula" type information.  The PSC and Transocean reported that this ruling will be extrapolated to about 10 other documents.

4. **Upcoming Phase One Pre-Trial Dates Through March 1, 2013.**

**February 27, 2013:**  Good faith projection of witnesses appearing during the second week of trial due by noon.

**February 28, 2013:**  Phase One Marshaling Conference.  Probably around 5:00 for the first conference.

**March 1, 2013**:  Deadline for defendants to amend their answers to bundled complaints in light of District Judge Vance's ruling in the BP plea agreement case.

## PHASE TWO PREPARATION

1. **Phase Two Exhibit List Convention**.

BP's final version of the "convention" with provisions for exchanging exhibit lists and objections, and the format of the exhibit lists is adopted.

2. **Good Faith Phase Two Trial Exhibit List**.

   A.  First Installment.

Motions filed, pursuant to the order regarding Phase Two Exhibit Lists and Evidentiary Objections (Rec. doc. 7888), shall not be referred to as *in limine* motions.  They may be referred to as "Motion by _____ Regarding Admissibility of Phase Two Deposition Exhibits."

The U.S. submitted a motion on the admissibility of nine Phase Two deposition exhibits (sample exhibits). Rec. doc. 8587.  BP submitted a letter brief concerning the PSC's objections to one exhibit (TREX-009602).  BP and the PSC reported that the BP motion was resolved.  The deadline for oppositions to the U.S. motion was February 22.  The U.S. reply is due by **Friday, March 1.**

   B.  Second Installment.

The Oceaneering deposition will be completed on March 8, so the deadline for service of

9

the Good Faith Phase Two Trial Exhibit List - Second Installment is 21 days later or **Friday, March 29**.

        C.       <u>U.S. Request for Provision regarding Reconsideration of Confidentiality</u>**.**

To reduce the need to file motions under seal, the request of the U.S. was adopted. When a party identifies 10 documents that may be the object of a motion regarding admissibility if the objections to the documents are not withdrawn, a party asserting confidentiality for any of the 10 documents is required to reconsider the confidentiality designation and notify all parties whether it continues to assert confidentiality for that document.

**3.**       <u>**Designees for the BP 30(b)(6) depositions**</u>.

BP reported that Louis Romo will be its Bottom Kill designee. He will be available for a two hour deposition on March 6 at 8:30 a.m. in Houston. The U.S. is checking to make sure it has a lawyer available for that date. The parties will meet-and-confer on the allocation of the examination time.

**4.**       <u>**Oceaneering**</u>.

The Oceaneering deposition is on **Thursday, March 7,** and **Friday, March 8,** in New Orleans. The designees are Anthony Harwin (ROV) and Kinton Lawler (deep sea technical solutions/subsea intervention). The U.S. reported that the final production of 1,500 documents from Oceaneering should be received by BP on February 25.

**5.**       <u>**Revision of Phase Two TimeLine**</u>.

A further revision of the Phase Two timeline is attached for discussion on March 2.

**6.    Experts**.

The PSC and TO reported their agreement on the timing of TO's expert reports.  TO will submit its expert reports along with the traditional defendants in Phase 2 with one exception.  If TO intends to submit expert reports that support its limitation petition, those will be submitted at the same time the traditional plaintiffs submit their reports.

**7.    Two Page Summaries.**

The Court reported that Judge Barbier does not want 2 page summaries from each party for the Phase Two deposition bundles.  The Court proposed an alternative where each party submits *in camera* its executive summary of the depositions.  The undersigned would combine those summaries into one 2 or 3 page summary for Judge Barbier which will only be available to him.  This will be considered at the March 1 conference.

**8.    Order Regarding Expert Witness Evidence Issues**.

Anadarko anticipates submitting an agreed order in the early part of the week of February 25.

**9.    Orders from Phase One Which Should Be Applicable to Phase Two.**

Further consideration of Anadarko summary of orders from Phase One that may be applicable to Phase Two will be deferred until later in the schedule.

### MATTERS NOT RELATED TO PHASE ONE OR PHASE TWO

### Orders Proposed by the U.S.

The U.S. reported on its proposed order clarifying that communications between the U.S. and the States, particularly the non-party States, are confidential.

## **CONFERENCE SCHEDULE**

| | |
|---|---|
| 03/01/13 | WGC meeting at 9:30 a.m. |
| 03/08/13 | WGC meeting at 9:30 a.m. |
| 03/15/13 | WGC meeting at 9:30 a.m. |
| 03/22/13 | No WGC Conference |
| 03/29/13 | No WGC Conference |
| 04/05/13 | No WGC Conference |
| 04/12/13 | WGC meeting at 9:30 a.m. |
| 04/19/13 | WGC meeting at 9:30 a.m. |
| 04/26/13 | WGC meeting at 9:30 a.m. |
| 05/03/13 | WGC meeting at 9:30 a.m. |
| 05/10/13 | WGC meeting at 9:30 a.m. |
| 05/17/13 | WGC meeting at 9:30 a.m. |
| 05/24/13 | WGC meeting at 9:30 a.m. |
| 05/31/13 | WGC meeting at 9:30 a.m. |
| 06/07/13 | WGC meeting at 9:30 a.m. |
| 06/14/13 | WGC meeting at 9:30 a.m. |
| 06/21/13 | WGC meeting at 9:30 a.m. |
| 06/28/13 | WGC meeting at 9:30 a.m. |
| 07/05/13 | No Conference |
| 07/12/13 | WGC meeting at 9:30 a.m. |
| 07/19/13 | WGC meeting at 9:30 a.m. |

| | |
|---|---|
| 07/26/13 | WGC meeting at 9:30 a.m. |
| 08/02/13 | No Conference |
| 08/09/13 | WGC meeting at 9:30 a.m. |
| 08/16/13 | WGC meeting at 9:30 a.m. |
| 08/23/13 | WGC meeting at 9:30 a.m. |
| 08/29/13 | Phase Two Final Pre-Trial Conference |
| 09/06/13 | WGC meeting at 9:30 a.m. |
| 09/13/13 | WGC meeting at 9:30 a.m. |
| 09/16/13 | Commencement of Phase Two Trial |

**All Saturdays are email free days.**

New Orleans, Louisiana, this 26th day of February, 2013.

SALLY SHUSHAN
**United States Magistrate Judge**

13