# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" IN THE GULF OF | § | |
| MEXICO, ON APRIL 20, 2010 | § | SECTION: J |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| 2:12-CV-01713 | § | |
| (ANDRY, ET. AL. V. BP PRODUCTS | § | MAGISTRATE JUDGE SHUSHAN |
| NORTH AMERICA, INC., ET. AL.) | § | |

## TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant Transocean Offshore Deepwater Drilling, Inc. ("Transocean"),[1] responds to the Complaint for Damages (Rec. Doc. No. 1) filed by Albert Andry, III, Ryan Chaisson and Dustin King as follows:[2]

### ANSWER

### PARTIES

1.       Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 1 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 1.

---

[1]       Transocean Ltd. has filed a motion challenging personal jurisdiction and, therefore, is not answering this Complaint.

[2]       Transocean responds herein to the Plaintiffs' Complaint out of an abundance of caution and only insofar as the Complaint asserts claims that have not been enjoined from prosecution by the Limitation Court, and without prejudice to and reserving Transocean's rights and defenses under The Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, as asserted by Transocean in its Petition for Exoneration from or Limitation of Liability in the *proceeding In re: the Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana).

2.      Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 2 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 2.

3.      Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 3 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 3.

4.      Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 4 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 4.

5.      Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 5 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 5.

6.      Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 6 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 6.

7.      Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 7 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 7.

8.      The allegations set forth in Paragraph 8 do not require a response by Transocean, but out of an abundance of caution are denied.

9.      Transocean Ltd. has filed a motion challenging personal jurisdiction and, therefore, is not answering this Complaint.

10.     Transocean admits that Transocean Offshore Deepwater Drilling Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Transocean admits that Transocean Offshore Deepwater Drilling Inc. is authorized to and is doing business in Louisiana. To the extent not expressly admitted, the allegations in this paragraph are denied.

11.     Transocean admits the Transocean Deepwater Inc. is a Delaware corporation with its principal place of business in Houston, Texas.  Transocean admits that Transocean Deepwater Inc. is authorized to and is doing business in Louisiana. To the extent not expressly admitted, the allegations in this paragraph are denied.

12.     Transocean admits the Transocean Holdings, LLC is a Delaware corporation with its principal place of business in Houston, Texas. Transocean denies that Transocean Holdings, LLC is doing business in Louisiana. To the extent not expressly admitted, the allegations in this paragraph are denied.

13.     Transocean admits that Triton is a Swiss corporation with its principal place of business in Zug, Switzerland. To the extent not expressly admitted, the allegations in this paragraph are denied.

14.     The allegations set forth in Paragraph 14 do not require a response by Transocean, but out of an abundance of caution are denied.

15.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 15 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 15.

16.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 16 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 16.

## JURISDICTION

17.     The allegations set forth in Paragraph 17 contain statements and conclusions of law and do not require a response by Transocean, but out of an abundance of caution are denied.

18.     Transocean admits that jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction." To the extent not expressly admitted, the allegations in this paragraph are denied.

19.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 19 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 19.

20.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 20 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 20.

## FACTUAL ALLEGATIONS

21.     Transocean admits that on April 20, 2010 an explosion and fire occurred aboard the *Deepwater Horizon*.  To the extent not expressly admitted, the allegations in this paragraph are denied.

22.     The allegations set forth in Paragraph 22 contain statements and conclusions of law and do not require a response by Transocean, but out of an abundance of caution Transocean admits that the *Deepwater Horizon* was located in the Gulf of Mexico, a navigable water, on April 20, 2010.

23.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 23 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 23.

24.     Transocean admits that the *Deepwater Horizon* was a dynamically-positioned, semi-submersible offshore drilling unit ("MODU") that was put into service in February 2001. Transocean admits that one or more Transocean entity were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 24 are denied.

25.     Transocean admits that Transocean Holdings, LLC was a party to the drilling contract with BP. To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 25 are denied.

26.     Transocean admits that pursuant to the drilling contract, BP was paying approximately $500,000 per day to charter and/or lease the *Deepwater Horizon*. To the extent not expressly admitted, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 26 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 26.

27.     Transocean admits that on April 20, 2010, BP was drilling an exploratory well at the Macondo prospect. To the extent not expressly admitted, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 27 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 27.

28.     Transocean denies that Transocean Ltd. was a party to the drilling contract with BP. Transocean is without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 28 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 28.

29.     Transocean admits that it provided the *Deepwater Horizon* and, along with other entities and/or defendants, personnel for the rig pursuant to a drilling contract with BP.  To the extent not expressly admitted, all aspects and implications of the allegations in Paragraph 29 are denied.

30.     Transocean admits that it provided drilling services at the direction of and subject to inspection and approval of BP. To the extent not expressly admitted, all aspects and implications of the allegations in Paragraph 30 are denied.

31.     Transocean admits that on April 20, 2010 an explosion and fire occurred aboard the *Deepwater Horizon*.  To the extent not expressly admitted, the allegations in this paragraph are denied.

32.     Transocean admits that on April 20, 2010 an explosion and fire occurred on the *Deepwater Horizon* and the *Deepwater Horizon* subsequently sank. To the extent not expressly admitted, the allegations in this paragraph are denied.

33.     Transocean denies all aspects and implications of the allegations in Paragraph 33.

34.     Transocean admits that Cameron supplied the BOP. To the extent not expressly admitted, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 34 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 34.

35.     Transocean denies all aspects and implications of the allegations in Paragraph 35.

36.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 36 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 36.

37.     Transocean admits that Halliburton provided cementing services. To the extent not expressly admitted, Transocean is without sufficient knowledge or information to form a

belief as to whether the assertions set forth in Paragraph 37 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 37.

38.     Transocean admits that BP was designated as a "Responsible Party" under the Oil Pollution Act of 1990. To the extent not expressly admitted, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 38 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 38.

39.     Transocean admits that BP oversaw its contractors working on various aspects of the well and drilling operations. To the extent not expressly admitted, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 39 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 39.

40.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 40 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 40.

41.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 41 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 41.

42.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 42 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 42.

43.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 43 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 43.

44.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 44 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 44.

45.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 45 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 45.

46.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 46 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 46.

47.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 47 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 47.

48.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 48 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 48.

49.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 49 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 49.

50.     The allegations set forth in Paragraph 50 contain statements and conclusions of law and are denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 50 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 50.

51.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 51 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 51.

52.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 52 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 52.

53.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 53 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 53.

54.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 54 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 54.

55.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 55 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 55.

### MARITIME TORT OF NEGLIGENCE AND
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

56.     The allegations set forth in Paragraph 56 contain statements and conclusions of law and do not require a response by Transocean, but out of an abundance of caution are denied.

57.     Transocean denies all aspects and implications of the allegations in Paragraph 57.

58.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 58 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 58.

9

59.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 59 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 59.

60.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 60 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 60.

61.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 61 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 61.

62.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 62 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 62.

63.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 63 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 63.

64.     The allegations set forth in Paragraph 64 contain statements and conclusions of law and do not require a response by Transocean, but out of an abundance of caution are denied as to Transocean.  As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 64 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 64.

65.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 65 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 65.

66.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 66 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 66.

67.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 67 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 67.

68.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 68 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 68.

69.     Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 69 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 69.

70.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 70 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 70.

71.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 71 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 71.

72.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 72 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 72.

## PUNITIVE DAMAGES

73.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 73 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 73.

74.     Denied as to Transocean. As to the remaining defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 74 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 74.

With respect to the unnumbered Prayer for Relief, Transocean denies that Plaintiffs are entitled to the relief requested. As to the remaining defendants, Transocean lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and denies these allegations for lack of sufficient information or knowledge.

## **GENERAL DENIAL**

Transocean denies all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

## **AFFIRMATIVE DEFENSES**

1.      Transocean sets forth their affirmative defenses which apply to all claims unless otherwise noted. By setting forth these affirmative defenses, Transocean does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.

### STANDING

2.      Plaintiffs lack standing because they have not alleged nor can they prove an actual or threatened injury caused by Transocean's conduct that is redressable by this court.

### PROPER PARTIES/JOINDER

3.      The Plaintiffs have failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

### RIPENESS

4.      The Plaintiffs' claims for relief are not ripe.

### FAILURE TO STATE A CLAIM

5.      The Plaintiffs have failed to state a claim upon which relief can be granted.

6.      The Plaintiffs have failed to plead much less satisfy conditions precedent to recovery.

### SHIPOWNERS' LIMITATION OF LIABILITY ACT

7.      Transocean asserts all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.* As a separate and complete defense to

13

some or all of Plaintiffs' claims, Transocean avers that the subject incident was occasioned without the privity or knowledge of Transocean; and that the amount of damages alleged in the Complaint greatly exceed the amount of value of the interest of Transocean in the MODU *Deepwater Horizon* and her freight then pending, and Transocean accordingly invokes the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiffs are not entitled to recover damages in a sum in excess of the value of Transocean's interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

8.      Certain of the Plaintiffs' claims are enjoined, stayed and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010 and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

<strong>MARITIME CLAIMS</strong>

9.      Transocean asserts all defenses to any maritime claims including, without limitation:

(a) Transocean asserts preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C. §1331 *et. seq.*

14

(b)     Transocean asserts that, under the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, *et seq.*, the Court must apply federal law, including the general maritime law.

(c)     Under the general maritime law, a bystander cannot recover merely for witnessing harm to another where the bystander suffered no harm or threat of harm.

(d)     Under the applicable general maritime law, there is no recognized recovery under a zone of danger rule for non-Jones Act general maritime law claimants.

(e)     Even if a zone of danger theory applies to non-Jones Act maritime law claimants, the Plaintiffs do not satisfy the requirements of that theory as a matter of law, because they were not in or within any zone of danger.

CAUSATION

10.     The Plaintiffs complain of harm not caused or contributed to in any manner by Transocean, their alleged servants, employees, agents, or anyone for whom Transocean is responsible. The incident and resulting harm that are the subject of the Complaint were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom Transocean is not legally responsible.

11.     The injuries and resulting damages alleged to have been sustained by the Plaintiffs resulted from a superseding or intervening cause for which Transocean is not responsible.

12.     The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not proximately caused by any acts and/or omissions of Transocean.

13.     The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not foreseeable as a matter of law.

### DAMAGES

14.     The Plaintiffs may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

15.     The Plaintiffs have not reasonably mitigated their damages.

16.     Transocean is entitled to set off, should any damages be awarded against them, in the amount recovered by Plaintiffs with respect to the same alleged injuries. Transocean asserts payment and release to the extent that any Plaintiffs' alleged injuries have been or will be fully redressed under the Oil Pollution Act or other applicable statute or rule. Transocean is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

17.     Punitive damages are not recoverable against Transocean as a matter of law.

18.     Transocean denies that it has been guilty of any conduct that would support an award of punitive damages.

19.     Any award of punitive damages against Transocean would be in violation of the constitutional safeguards provided to Transocean under the Constitution of the United States and the Louisiana Constitution. The imposition of punitive damages would violate Transocean's rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States and the Louisiana Constitution and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution and the Louisiana Constitution in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues

16

of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

### EQUITABLE RELIEF

20.     Plaintiffs' claims for equitable relief are barred because of improper claim splitting, and/or because equitable relief is not available under any of the alleged causes of action, Plaintiffs have an adequate remedy at law, the hardship that would be imposed on Transocean by the relief is greatly disproportionate to any hardship that the Plaintiffs might suffer in its absence, because the Court lacks any sufficiently certain, non-speculative basis for fashioning such relief and/or because the alleged conduct of Transocean was undertaken in good faith for a valid business purpose.

### ADOPTION OF AFFIRMATIVE DEFENSES AND RESERVATION TO AMEND ANSWER

21.     Any affirmative defenses pleaded by the other Defendants and not pleaded by Transocean is incorporated herein to the extent such defenses do not conflict with Transocean's affirmative defenses.

22.     Transocean reserves the right to amend their Answer, Rule 12(b) defenses and other defenses and to assert cross-claims and third-party claims, as appropriate.

WHEREFORE, Transocean respectfully requests that the Court dismiss Plaintiffs' claims against Transocean with prejudice.

DATED:  February 26, 2013

Respectfully submitted,

By: /s/ Brad D. Brian
Brad D. Brian
Michael R. Doyen
Lisa Demsky
Daniel B. Levin
Susan E. Nash
MUNGER TOLLES & OLSON LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel:  (213) 683-9100
Fax:  (213) 683-5180
Email: brad.brian@mto.com
        michael.doyen@mto.com
        lisa.demsky@mto.com
        daniel.levin@mto.com
        susan.nash@mto.com


By:  /s/ Edwin G. Preis
Edwin G. Preis, Jr.
PREIS & ROY PLC
Versailles Blvd., Suite 400
Lafayette, LA 70501
(337) 237-6062
        *and*
601 Poydras Street, Suite 1700
New Orleans, LA 70130
(504) 581-6062

By: /s/ Steven L. Roberts
Steven L. Roberts
Rachel Giesber Clingman
Sean Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel:  (713) 470-6100
Fax:  (713) 354-1301
Email:  steven.roberts@sutherland.com
        rachel.clingman@sutherland.com
        sean.jordan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
110 Poydras St., Suite 3700
New Orleans, LA 70163
Tel:  (504) 599-8194
Fax:  (504) 599-8154
Email: kmiller@frilot.com

John M. Elsley
ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 224-8380

*Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February 2013, I electronically filed the foregoing with the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

 /s/ Kerry J. Miller
Kerry J. Miller