UNITED STATES DISTRICT OF COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § § § | MDL No. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |
| Applies to:<br><br>ALL cases and<br>2:10-cv-2771 | | |

### DEFENDANT HALLIBURTON ENERGY SERVICES INC.'S
### *EX PARTE* CONSENT MOTION FOR LEAVE TO FILE ITS
### OMNIBUS SUPPLEMENTAL ANSWER
### ASSERTING AFFIRMATIVE DEFENSE OF SUPERSEDING CAUSE

Defendant Halliburton Energy Services, Inc. ("HESI") files this *Ex Parte* Consent Motion For Leave to File its Omnibus Supplemental Answer Asserting Affirmative Defense of Superseding Cause, and respectfully shows as follows:

1.  On or about November 15, 2012, BP and the United States entered into a plea agreement, pursuant to which BP agreed to plead guilty to, *inter alia*, a charge of Obstruction of Congress, in violation of 18 U.S.C. § 1505.

2.  Attached as Exhibit "A" to the guilty plea agreement is an allocution in which BP admitted that, if the criminal case against it were to proceed to trial, the United States could prove certain facts beyond a reasonable doubt. BP admitted that on or about May 24, 2010, BP obstructed an inquiry and investigation being held by a Committee of the United States House of Representatives into the amount of oil flowing from the Macondo well. In the allocution, BP further admitted that it withheld documents prepared by BP engineers that showed hydrocarbon flow rates for the Macondo well far higher than 5,000 BPD, including as high as 96,000 BPD.

3. Accordingly, for purposes of the proposed guilty plea agreement, BP admitted that it mislead Congress about the actual flow rate from the Macondo well. Had BP not mislead the United States, and other parties, about the actual flow, alternative means of capping or otherwise containing the hydrocarbon flow from the Macondo well could have been employed sooner. Consequently, all or a significant portion of the hydrocarbons that were released from the Macondo well would never have been released into the environment, and the damages sought against HESI would be eliminated or substantially reduced. It was unforeseeable to HESI that BP would engage in the criminal act of obstructing a Congressional investigation concerning the Macondo flow rates and otherwise promulgate false and misleading flow rate estimates. The actions of BP were of independent origin, and substantially contributed to the injury of plaintiffs or claimants. HESI is not legally responsible for the actions of BP, and had no control over BP. BP's conduct constitutes a superseding cause that eliminates or substantially reduces HESI's potential liability (if any) for damages based on the release of hydrocarbons into the environment.

5. On January 30, 2012, Judge Sarah S. Vance accepted BP's guilty plea agreement. The acceptance of BP's guilty plea, and the facts BP admitted in the attached allocution, constitute "a transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). In order to assert the affirmative defense of superseding cause based on BP's false and misleading flow rate estimates, HESI seeks leave to file an Omnibus Supplemental Answer to supplement its answers to all live pleading directed against it in these matters.

6. At the Working Group Conference held February 22, 2013, the Court set a March 1, 2013 deadline to amend answers to bundled complaints in light of Judge Vance's ruling in the

BP guilty plea agreement case.  *See* Working Group Conference Order at p. 9 [Dkt. No. 8697].  Thus, in accordance with the Court's prior Order, HESI seeks leave to file the attached Omnibus Supplemental Answer Asserting Affirmative Defense of Superseding Cause.  (*See* Exhibit A)

## CONCLUSION

For these reasons, Defendant Halliburton Energy Services, Inc. respectfully requests that the Court grant it leave to file its Omnibus Supplemental Answer Asserting Affirmative Defense of Superseding Cause, and for such other and further relief the Court may deem it justly entitled.

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com

1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Defendant Halliburton Energy Services, Inc.'s *Ex Parte* Consent Motion for Leave To File Its Omnibus Supplemental Answer Asserting Affirmative Defense of Superseding Cause has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 1st day of March, 2013.

                                        /s/ Donald E. Godwin
                                        Donald E. Godwin