UNITED STATES DISTRICT OF COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER MAG. JUDGE SHUSHAN |
| Applies to: ALL cases and 2:10-cv-2771 | | |

HALLIBURTON ENERGY SERVICES, INC.'S
OMNIBUS SUPPLEMENTAL ANSWER
<u>ASSERTING AFFIRMATIVE DEFENSE OF SUPERSEDING CAUSE</u>

Defendant Halliburton Energy Services, Inc. ("HESI") files this Omnibus Supplemental Answer to supplement each and every answer it has filed in response to a live pleading directed against it in these matters. This Omnibus Supplemental Answer adds an affirmative defense to each such answer, but otherwise retains and preserves every allegation, cause of action, answer, cross-claim, affirmative defense, and other matters previously set forth in HESI's pleadings.[1] More specifically, HESI hereby supplements the following answers to add the affirmative defense of superseding cause:

- Halliburton Energy Services, Inc.'s Answer to Transocean's Rule 13 Cross-Claims/Counterclaims, filed May 20. 2011 [Dkt. No. 2469];

- Halliburton Energy Services, Inc.'s Answer to M-I, L.L.C.'s First Amended Cross-Claims, filed June 20, 2011 [Dkt. No. 2920];

- Halliburton Energy Services, Inc.'s Answer To Transocean's Rule 13 Cross-Claims/Counterclaims and Rule 14 Third Party Complaint, filed June 20, 2011 [Dkt. No. 2932];

---

[1] Both BP and the PSC have agreed to the procedure HESI is using to amend and/or supplement HESI's Answers (later defined), *i.e.* HESI is filing only the supplemental information necessary for its amendment rather than refiling the entirety of its previously filed answers with the supplemental information.

- 1 -

- Halliburton Energy Services, Inc.'s Answer to Cameron International Corporation's Counterclaims and Cross-Claims, filed June 20, 2011 [Dkt. No. 2933];

- Halliburton Energy Services, Inc.'s Original Answer to BP's Cross-Complaint and Third-Party Complaint, filed June 20, 2011 [Dkt. 2947][2];

- Halliburton Energy Services, Inc.'s Answer To BP's Cross-Complaint and Third-Party Complaint, filed June 20, 2011 [Dkt. 2953];

- Halliburton Energy Services, Inc.'s Answer to Nalco Company's Counterclaim, filed July 15, 2011 [Dkt. No. 3337];

- Halliburton Energy Services, Inc.'s Answer to O'Brien's Response Management Inc.'s Counterclaim, filed July 15, 2011 [Dkt. 3339];

- Halliburton Energy Services, Inc.'s Answer to National Response Corporation's Counterclaim, filed July 15, 2011 [Dkt. 3340];

- Halliburton Energy Services, Inc.'s Answer to Class Action Petition for Damages and Crossclaims, filed August 19, 2011 [Dkt. 3784];

- Halliburton Energy Services, Inc.'s Answer to the State of Louisiana's First Amended Complaint, filed December 14, 2011 [Dkt. 4900];

- Halliburton Energy Services, Inc.'s Answer to the State of Alabama's First Amended Complaint, filed December 14, 2011 [Dkt. 4910];

- Halliburton Energy Services, Inc.'s Answer to the State of Veracruz's First Amended Complaint, filed January 1, 2012 [Dkt. 5329];

- Halliburton Energy Services, Inc.'s Answer to the State of Quintana Roo's First Amended Complaint, filed January 23, 2012 [Dkt. No. 5330];

- Halliburton Energy Services, Inc.'s Answer to the State of Tamaulipas' First Amended Complaint, filed January 23, 2012 [Dkt. No. 5331];

- Halliburton Energy Services, Inc.'s Answer to the Local Government Entity Master Voluntary Claim in Limitation (No. 10-2771) (Rule 9(h)) and Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint in Admiralty ("Bundle C Master Complaint") In Accordance With PTO No. 33 [CMO No. 33] Section III (C) ["Pleading Bundle "C""], filed January 23, 2012 [Dkt. 5333];

---

[2] HESI notes that the Docket Report available on PACER erroneously lists Docket No. 2947 as "ANSWER with Jury Demand by Defendant Halliburton Energy Services, Inc. to Cameron International Corporation's Counterclaims and Crossclaims (Reference: ALL)(Godwin, Donald) Modified text on 6/24/2011 (sek,). (Entered: 06/20/2011)."  In fact, Docket No. 2947 is HESI's Original Answer to BP's Cross-Complaint and Third-Party Complaint, filed June 20, 2011.

- Halliburton Energy Services, Inc.'s First Amended Answer to the First Amended Master Claim in Limitation ("First Amended Master Claim") and the First Amended Master Complaint, Cross-Claim, And Third-Party Complaint For Private Economic Losses In Accordance With PTO No. 11 [CMO No. 1] Section III (B1) ["B1 Bundle"], filed September 26, 2011 [Dkt. No. 7722];

- Halliburton Energy Services, Inc.'s First Amended Answer To BP's Cross Complaint and Third Party Complaint, filed October 17, 2012 [Dkt. 7723];

- Halliburton Energy Services, Inc.'s First Amended Answer to BP's Third Party Complaint, filed October 17, 2012 [Dkt. No. 7724]; and

- Halliburton Energy Services, Inc.'s Answer to the First Amended Master Complaint in Accordance with PTO No. 11 [Case Management Order No. 1] Section III.B(3) ["B3 Bundle"], filed November 26, 2011 [Dkt. No. 7931].

The answers supplemented by HESI's Omnibus Supplemental Answer will be referred to herein collectively as "HESI's Answers."

## **SUPPLEMENTAL ANSWER**

## **FACTS**

(1) HESI adopts by reference each and every allegation, cause of action, answer, cross-claim, affirmative defense, and all other matters previously set forth in HESI's Answers.

(2) On or about November 15, 2012, BP and the United States entered into a plea agreement, pursuant to which BP plead guilty to, *inter alia,* the charge of Obstruction of Congress [18 U.S.C. § 1505]. Attached as Exhibit "A" to the guilty plea was an allocution.

(3) In the allocution, BP admitted that, were the criminal case against it to proceed to trial, the United States could establish, beyond a reasonable doubt, the following facts:

(a) On or about May 24, 2010, in the Eastern District of Louisiana and elsewhere, BP did corruptly, that is, with an improper purpose, endeavor to influence, obstruct, and impede the due and proper exercise of the power of inquiry under which an inquiry and investigation was being had by a Committee of the United States House of Representatives into the amount of oil flowing from the Macondo Well ("flow rate")

through the certain omissions and false and misleading statements in its May 24, 2010 response ("Markey Response") to the Committee on Energy and Commerce.

(b) BP, through a former vice president, withheld information and documents relating to multiple flow-rate estimates prepared by BP engineers that showed flow rates far higher than 5,000 BOPD, including as high as 96,000 BOPD.

(c) BP, through a former vice president, withheld information and documents relating to internal flow-rate estimates he prepared using the Bonn Agreement analysis, that showed flow rates far higher than 5,000 BOPD, and that went as high as 92,000 BOPD.

(d) BP, through a former vice president, falsely represented that the flow-rate estimates included in the Response were the product of the generally-accepted ASTM methodology.  At the time that this false representation was made, BP's former vice president knew that those estimates were the product of a methodology he devised after, among other things, a review of a Wikipedia entry about oil spill estimation.

(e) BP, through a former vice president, falsely represented that the flow-rate estimates included in the Markey Response had played "an important part" in the Unified Command's decision on April 28, 2010, to raise its own flow-rate estimate to 5,000 BOPD.  At the time this false representation was made, BP's former vice president knew that those flow-rate estimates had not played "an important part" in Unified Command's decision to raise its flow-rate estimate and had not even been distributed outside of BP prior to that decision.

(f) BP falsely suggested, in its May 24, 2010 letter, that the Unified Command's flow rate estimate of 5,000 BOPD was the "most scientifically informed

judgment" and that subsequent flow rate estimates had "yielded consistent results." In fact, BP had multiple internal documents with flow rate estimates that were scientifically greater than 5,000 BOPD that it did not share with the Unified Command.

  (g) On or about June 25, 2010, in a BP letter to Congressman Markey, BP's former vice president inserted language that falsely stated that BP's worst case discharge estimate was raised from 60,000 BOPD to 100,000 BOPD after subsequent "pressure data was obtained from the BOP stack." At the time this false representation was made, BP's former vice president knew that the 100,000 BOPD figure was not first derived after subsequent pressure data had been obtained, but instead, he had been aware of a 100,000 BOPD worst case discharge since as early as on or about April 21, 2010. BP's former vice president's knowledge and actions were attributable to BP.

 (4) On January 30, 2013, District Judge Sarah S. Vance accepted BP's guilty plea.

 (5) BP's guilty plea, the associated allocution, and the acceptance of BP's guilty plea by Judge Vance constitutes a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d).

 (6) Had BP not mislead the United States, the Unified Command, and other involved parties, then alternative means of capping, collecting, or otherwise containing the flow from the Macondo well could have been employed earlier. Instead, critical time was wasted employing techniques, such as the cofferdam and the Top Kill, that were doomed to fail if the flow rates were significantly higher than was represented by BP. Consequently, had BP not promulgated false and misleading flow rate estimates, all or a significant portion of the hydrocarbons would not have been released into the environment, and the damages sought against HESI would be eliminated or substantially reduced.

- 6 -

(7)     It was unforeseeable to HESI that BP would engage in the criminal act of obstructing a Congressional investigation concerning flow rates from the Macondo well, and otherwise promulgate false and misleading estimates of flow rates.

## AFFIRMATIVE DEFENSE

(8)     In accordance with Fed. R. Civ. P. 15(d), HESI hereby supplements each and all of its Original Answers in order to set forth an additional and supplemental affirmative defense which accrued after the filing of HESI's Original Answers.

(9)     The actions of BP were of independent origin, were not foreseeable, and substantially contributed to the injury of plaintiffs or claimants. HESI is not legally responsible for the actions of BP, and had no control over BP. BP's actions constitute superseding, supervening, and/or intervening causes of any plaintiff's or claimant's alleged damages, and, therefore, no such plaintiff or claimant may recover from HESI as a matter of law, and all such claims are barred in whole or in part by superseding and intervening causation.

Dated:  March 1, 2013

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com

1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

- 8 -

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing HESI's Omnibus Supplemental Answer Asserting Affirmative Defense of Superseding Cause, has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 1st day of March, 2013.

                                       /s/ Donald E. Godwin
                                       Donald E. Godwin