UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER MAG. JUDGE SHUSHAN |
| Relates to:  *All Cases* | | |

**HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ADD EXHIBITS FOR GOOD CAUSE**

Defendant Halliburton Energy Services, Inc. ("HESI") files this Memorandum in Support of its Motion For Leave to Add Exhibits for Good Cause and in support thereof, respectfully shows as follows:

**BACKGROUND**

As the Court is aware, following the April 20, 2010 Incident, the BP parties tapped Mark Bly to lead its investigation into the alleged causes of the *Deepwater Horizon* blowout. During the course of that investigation, requests were made of HESI to produce certain documents, data, and materials. *See* TREX 47549, TREX 47541 (collectively referred to herein as "the admitted Bly Exhibits"), attached hereto as Exhibits A and B respectively.

On Wednesday, February 27, 2013, during trial in this matter, Bly was questioned regarding the admitted Bly Exhibits. *See* Trial Transcript—Day 3, Afternoon Session 923:24-928:15. Bly was questioned:

> Q: Do you have any reason to disagree with the premise that you should use the rig blend with the rig water and the rig additives in the exact way that it was mixed and the exact concentrations it was mixed if you are trying to do post-accident forensic testing to figure out whether this cement slurry should work?
>
> A: That makes sense to me.

- 1 -

> Q: Yet we are three months out, and you don't even have either a lab report on what the final lab test showed or any of the samples so you could conduct your own independent testing, correct?
>
> A: Correct.

*Id.* at 927:15-25, 928:1. PSC Counsel continued:

> Q: As you sit here today, almost two years after the –over two years after the investigation, are you aware of BP ever having received any representative samples of the slurry pumped at Macondo.
>
> A: No to my awareness, no.

*Id.* at 928:11-15. The implication of Bly's testimony—that HESI failed to cooperate in BP's investigation of the *Deepwater Horizon* incident and that HESI somehow had something to hide—is simply unfounded.

As BP and Bly acknowledged in the Deepwater Horizon Accident Investigation Report ("Bly" Report) (CURED), TREX 1, "the [Bly] investigation team was unable to acquire and test these actual cement samples" due to "a court-ordered injunction on Halliburton to preserve this material." *See* TREX 1, App. J at 57. Based upon BP's acknowledgement that HESI was legally prohibited from producing rig cement samples for testing, Bly's trial testimony not only came as a surprise, but factually misrepresents HESI's cooperation during the Bly investigation.

HESI seeks leave to admit TREX 63217 and TREX 63218 to provide additional context for the admitted Bly exhibits, but also to rebut Bly's surprise testimony and corresponding implications that HESI failed to cooperate during the investigation or that it had something to hide.

## ARGUMENT AND AUTHORITIES

TREX 63217 and TREX 63218 not only rebut Bly's testimony, but also directly address the implications raised by, and give necessary context for, the admitted Bly exhibits. TREX

63217 is correspondence dated July 15, 2010 from Stephanie Bragg, then Chief Litigation Counsel for HESI, to James L. Lucari, Managing Attorney for BP Legal.  *See* TREX 63217, attached hereto as Exhibit C.  In this correspondence, Bragg refutes any implication that HESI failed to respond to BP requests for documents and test results, as she had no knowledge of such requests and Bragg reminds Lucari that Jesse Gagliano provided all laboratory test results to Brian Morel and other BP personnel—refuting the implication that BP lacked lab testing data on the Macondo cement.

Bragg further reminds Lucari of "two separate federal Courts" who "entered orders requiring the preservation of all evidence associated with the Horizon Deepwater incident" thus "prohibiting the alteration or destruction of such evidence."  *See* TREX 63217 p.1.  Bragg continues:  "in addition, the US DOJ and the Attorneys General of 18 states have sent formal requests for the preservation of such evidence."  *Id*.

In TREX 63218, correspondence dated August 18, 2010, again from Stephanie Bragg to James L. Lucari, Bragg again responds to BP's complaint that HESI had purportedly failed to cooperate in BP's investigation.  *See* TREX 63218, attached hereto as Exhibit D.  In response to Lucari's questioning the preservation of "Macondo well cement program samples," Bragg again details the various court orders and requests from state and federal governmental agencies requiring the preservation of evidence.  *Id*.

TREX 63217 and TREX 63218 rebut the implication that HESI failed to cooperate in BP's investigation and provide context for the admitted Bly exhibits.  Moreover, these exhibits directly impeach Bly's testimony.

The admission of rebuttal evidence is within the discretion of the district court. *Troutman v. So. Railway Co*., 441 F.2d 586, 590 (5th Cir. 1971).  In *Troutman*, a key issue in

trial concerned the nature of legal services Troutman provided to Southern Railway Company ("Southern"). *Id*. at 587. Troutman, a lawyer, sought recovery of $200,000 as compensation for legal services rendered. *Id*. at 587-88. Southern contended that Troutman's services were not "legal services" and in any event, were provided gratuitously. *See id*. at 590. During trial, interrogatories were admitted "to rebut Southern's argument that Troutman's activities on its behalf were not legal services and were rendered gratuitously." *Id*. The interrogatories were also "useful in impeaching the testimony of the witness Wilbanks, who had answered evasively concerning Southern's relationship with Vandiver." *Id*. While Southern contended this was error, the Fifth Circuit found otherwise, reasoning that "[i]n these circumstances we cannot say that the district court abused its discretion by admitting the interrogatories into evidence." *Id*.

Similarly, good cause exists for adding TREX 63217 and TREX 63218 to HESI's exhibit list for rebuttal and impeachment purposes. BP has been aware of the existence of TREX 63217 and TREX 63218 since the summer of 2010 when Bragg and Lucari corresponded. BP has acknowledged that HESI was legally prohibited from providing rig cement samples for Bly's cement testing. Yet, in trial, BP's lead investigator, Mark Bly, failed to tell the complete story, leaving the Court with the implication that HESI failed to fully cooperate in BP's investigation. TREX 63217 and TREX 63218 serve dual purposes to rebut and impeach Mark Bly's testimony as well as to provide complete context for the admitted Bly exhibits.

## CONCLUSION

For these reasons, Defendant Halliburton Energy Services, Inc., respectfully requests the Court to grant it leave to add Exhibits TREX 63217 and TREX 63218 to its exhibit list for good cause shown, and for such other and further relief as the Court may deem it justly entitled.

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com

1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

- 6 -

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of its Motion for Leave to Add Exhibits for Good Cause has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 3rd day of March, 2013.

/s/ Donald E. Godwin
Donald E. Godwin