UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010, | * * * * * * * | MDL NO. 2179 |
| This Document Relates To: | * * | JUDGE BARBIER |
| Michael C. Keegan vs. The State of Louisiana, et al. 13-cv-0189 | * * * * * | MAG. JUDGE SHUSHAN |

MEMORANDUM IN SUPPORT OF THE
STATE OF LOUISIANA'S MOTION FOR REMAND

NOW INTO COURT, comes the State of Louisiana, by and through its Attorney General, James D. "Buddy" Caldwell, who respectfully submits this memorandum in support of its Motion For Remand seeking an order severing and remanding the claims against the State in the above-captioned proceeding to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, Louisiana, where this action was filed on December 21, 2012.

I.  BACKGROUND

On December 21, 2012, Plaintiff Michael C. Keegan filed a lawsuit against multiple Defendants, including BP Exploration & Production, Inc., BP Products North America, Inc., BP p.l.c., and BP America, Inc. (collectively "BP), and the State of Louisiana seeking damages associated with the blowout, fire, and explosion of the *Deepwater Horizon*, and the resulting oil spill and activities associated therewith. Specifically, the Plaintiff alleges to own property,

including a private island, elevated house, and dock, in Bay Ronquille, Plaquemines Parish, Louisiana.  *See* Plaintiff's Petition for Damages, ¶ 11. The Plaintiff alleges that oil and other pollutants from the *Deepwater Horizon* Oil Spill entered Bay Ronquille and covered his property.  *Id*. at ¶ 12.  The Plaintiff further alleges that the State undertook efforts to stop the spread of the oil and that these efforts included entering into an agreement with the Plaintiff to use his property for the State's response efforts.  *Id*. at ¶ 13. The Plaintiff alleges that the State used the Plaintiff's dock to moor boats, that crew members and boat captains used the house, and that the State's alleged use of the Plaintiff's property resulted in oil on the dock, house, and porch.  *Id*. at ¶ 15. The Plaintiff further alleges that he cleaned his house of oil and pollutants at his cost, but that the dock and porches still contain oil and other pollutants and that the removal of the oil and other pollutants from the island will cost approximately $641,326.00.  *Id*. at ¶ 19. Under the alleged agreement between the State and the Plaintiff, the Plaintiff alleges that the State was obligated to repair and replace any damage to the property that occurred while the State was allegedly using his property for response and removal activities.  *Id.* at ¶ 28.  The Plaintiff alleges that the State did not repair the property; that oil and other pollutants were not removed by the State; and the State's alleged failure to repair the property and remove the oil resulted in the breach of the agreement between the Plaintiff and the State.  *Id*. at ¶ 32. The Plaintiff alleges additional causes of action against BP, including negligence, gross negligence, willful misconduct, reckless disregard, statutory violations, nuisance, trespass, and fraudulent concealment; the Plaintiff also seeks punitive damages.

On February 1, 2013, BP filed a Notice of Removal, removing the case to the United States District Court for the Eastern District of Louisiana.  BP alleges that this Court has jurisdiction over the claims pursuant to the Outer Continental Shelf Lands Act ("OCLSA"), 43

U.S.C. § 1331 *et seq.*, because the claims against BP arise in connection with mineral development activities conducted on the Outer Continental Shelf and from the ensuing cleanup activities. BP also alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claims arise under federal law, specifically OCSLA. Finally, BP argues that removal is proper under 28 U.S.C. § 1441(c) because the Plaintiff's claims arise under federal law for purposes of removal, and that the consent of the State was not necessary to perfect removal because the claim against the State is not "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title." 28 U.S.C. §§ 1441(c)(1)(A) and 1441(c)(2); *see* BP's Notice of Removal, p. 7.

Notwithstanding the basis of removal jurisdiction relied upon by BP, Eleventh Amendment sovereign immunity divests this Court of subject matter jurisdiction over claims asserted against the State in federal court.[1] As such, and for reasons more fully stated below, the State of Louisiana respectfully requests that all claims asserted in this matter against the State be remanded.[2]

## II.    LAW AND ARGUMENT

Federal law requires a district court to remand a removed case from state court if, "at any time before final judgment," it appears to lack subject matter jurisdiction. 28 U.S.C. § 1447(c). Federal removal statutes are strictly construed against the party seeking removal.[3] Any doubts about the propriety of removal should be construed in favor of remand.[4] In this case, the

---

[1] BP, recognizing the State's Eleventh Amendment sovereign immunity, stated in their Notice of Removal that it will "acquiesce in a motion to sever and remand the claims against the State of Louisiana." *See* BP's Notice of Removal, ¶ 29.

[2] The State submits this motion to remand in order to invoke its sovereign immunity; however, the State expressly reserves its right to assert all available claims and defenses available to it pursuant to federal and state law.

[3] *Orill, Cordell & Beary, LLC*, 2011 WL 2224906 (E.D. La. 2011) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).

[4] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

3

removal of the claims against the State must be remanded because this Court lacks subject matter jurisdiction over the claims against it pursuant to Eleventh Amendment sovereign immunity.

### A. Eleventh Amendment Sovereign Immunity Bars Federal Court Jurisdiction Over Claims Against the State of Louisiana.

Pursuant to sovereign immunity principles provided by the Eleventh Amendment of the United States Constitution, this Honorable Court lacks jurisdiction over the claims alleged in this lawsuit against the State of Louisiana.[5] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend in any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. Courts have held that the Eleventh Amendment "bars suits in federal court by citizens of a state against their own state or a state agency or department."[6] The principles underlying state sovereign immunity have been explained, thus:

> Private suits against nonconsenting States may threaten their financial integrity and the surrender of immunity carries with it substantial costs to the autonomy, decisionmaking ability, and sovereign capacity of the States. A general federal power to authorize private suits for money damages would also strain States' ability to govern in accordance with their citizens' will, for judgment in creditors compete with other important needs and worthwhile ends for access to the public fisc, necessitating difficult decisions involving the most sensitive and political of judgments.[7]

The presupposition or concept of state sovereign immunity has two parts: "first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of

---

[5] *See In re Manson Const. Co.*, 883 F.Supp.2d 659 (E.D. La. 2012) (dismissing third-party complaint against the State "because the Eleventh Amendment 'deprives federal courts of any jurisdiction to entertain' claims entitled to immunity."(citations omitted)).
[6] *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1997) (quoting *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-186 (5th Cir. 1986); *see also Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1984).
[7] *Alden v. Maine,* 527 U.S. 706, 709 (1999).

4

sovereignty not to be amenable to the suit of an individual without its consent."[8]  While a state's immunity is not absolute, the Supreme Court has recognized only two circumstances whereby an individual can sue a state in federal court.[9]  First, Congress may abrogate states' immunity by authorizing such a suit legislatively for purposes of enforcing the provisions of the Fourteenth Amendment.[10]  Alternatively, a state's sovereign immunity is "a personal privilege which it may waive at its pleasure" by consenting to the suit.[11]

In the Notice of Removal, BP cites OCSLA, 43 U.S.C. § 1441, as authorization for this Court's jurisdiction over the current matter. However, nothing in OCSLA indicates any congressional intent to abrogate the states' sovereign immunity.  The Supreme Court has created a two-part test for determining whether Congress has properly abrogated the states' Eleventh Amendment immunity.[12]  The first step requires a determination of whether Congress "unequivocally expresse[d] its intent to abrogate the immunity."[13]  If the intent to abrogate is expressed "in unmistakable language in the statute itself," the court must then determine whether Congress acted "pursuant to a valid exercise of power."[14]

In this instance, the Court does not even need to reach step two of the inquiry because it is clear that OCSLA does not contain any language indicating that Congress intended to abrogate the states' sovereign immunity from being sued for money damages in federal court.  Indeed, OCSLA contains express language to the contrary, stating:

---

[8] *Meyers v. Texas*, 410 F.3d 236, 240 (citing *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank,* 527 U.S. 627, 634 (1999), quoting *Hans v. Louisiana*, 134 U.S. 1 (1890)).
[9] *Id.* at 241.
[10] *Id*. (citing *Fitzpatrick v. Bitzer,* 427 U.S. 445 (1976)).
[11] *Id.*
[12] *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *see also Ussery v. State of Louisiana*, 150 F.3d 431 (5th Cir. 1998).
[13] *Id*. at 55.
[14] *Ussery*, *supra* at 434 (citations omitted).

5

> Except as provided in this section, any person having a valid legal interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this subchapter against any person, including the United States, and any other government instrumentality or agency (*to the extent permitted by the eleventh amendment to the Constitution*)…[15]

Because it is clear that there are no laws asserted in this suit or in the Notice of Removal indicating a clear expression that Congress has abrogated state sovereign immunity, the only remaining question for this Court is whether Louisiana has consented to be sued in federal court. Based on the analysis below, it is clear that it has not. The decision to waive sovereign immunity must be voluntary on the part of the sovereignty.[16] A court can find a waiver either if (1) the state voluntarily invokes federal court jurisdiction; or, (2) the state makes a "clear declaration" that it intends to submit itself to federal court jurisdiction.[17] The test for determining whether a State has waived is Eleventh Amendment immunity is a stringent one.[18]

Here, the State has not voluntarily invoked federal court jurisdiction, but rather is a named Defendant in a case removed by another Defendant. Also, as a general matter, the State of Louisiana has not waived its sovereign immunity for suits brought in federal court.[19] The Louisiana Legislature clearly expressed that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[20] Therefore, in each unsanctioned instance of suit filed in, or removed to, federal court, the State, its agencies or officers in their official capacities must affirmatively waive its sovereign immunity in order for the court to have jurisdiction over the claims against the State. The State

---

[15] 43 U.S.C. § 1349(a)(1) [emphasis added].
[16] *Meyers*, *supra* at 241.
[17] *Id.*
[18] *In re Manson Const. Co.*, *supra* at 664 (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999).
[19] *See Citrano v. Allen Correctional Center,* 891 F.Supp. 312 (W.D.La. 1995); *Building Engineering Services Co., Inc. v. State of La.,* 459 F.Supp. 180 (E.D.La. 1978).
[20] La. R.S. 13:5106(A).

of Louisiana does not consent to this suit and herein respectfully declines to waive its sovereign immunity. Considering the foregoing, this Honorable Court lacks jurisdiction over all claims against the State of Louisiana and this matter should be remanded to the Twenty-Fifth Judicial District Court for any further proceedings.

### B. The Claims Against the State Can Be Severed Without Destroying Removal Jurisdiction Over the Remaining Claims.

In *Wisconsin Dept. of Corrections v. Schacht*,[21] the Supreme Court was faced with the issue of whether defendants can remove a case involving claims arising under federal law to federal court, where some claims, made against a State, are subject to an Eleventh Amendment bar. The Court held that the defendants can remove the case to a federal court, but that the court only had jurisdiction over claims not barred by the sovereign immunity.[22]

*Schacht* involved claims by a former prison guard that had been fired by the Wisconsin Department of Corrections alleging that the Department had violated his due process and civil rights under the Fourteenth Amendment and 42 U.S.C. § 1983.  The defendants' asserted Eleventh Amendment immunity as a defense to bar any claims against the State.[23]  After the District Court granted the defendants' motion to dismiss, the plaintiff appealed the dismissal of claims against the individual defendants in their personal capacities.  The Court of Appeals, rather than addressing the merits of the issue presented, concluded that removal had been improper because the federal court lacked jurisdiction over the claims against the State and remanded the entire case to state court.[24] The Supreme Court granted certiorari to review a conflict among the Circuits regarding whether, if one or more claims are subject to an Eleventh

---

[21] 524 U.S. 381 (1998).
[22] *Id.* at 383.
[23] *Id.* at 385.
[24] *Id.*

Amendment bar, the jurisdictional bar requires a remand of the entire case, or only those claims barred by sovereign immunity.[25]

In ruling that the presence of a claim that the Eleventh Amendment may bar "does not destroy removal jurisdiction that would otherwise exist," the Court reasoned that "the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so."[26] The Court further stated that, after removal, "[t]he State's later invocation of the Eleventh Amendment placed the particular *claim* beyond the power of the federal courts to decide, but it did not destroy removal jurisdiction over the entire case."[27]

Additionally, the Plaintiff's breach of contract claim against the State is strictly a State law claim that does not arise under federal law.[28] The removal statute, 28 U.S.C. § 1441, sets forth the procedure for remanding State law claims that are joined with federal law claims. Specifically, section 1441(c)(2) provides that any claims not within the Court's original or supplemental jurisdiction or that have otherwise been made nonremovable by statute shall be severed and remanded to the State court from which the action was removed. Here, not only are the claims against the State of Louisiana nonremovable under the Eleventh Amendment, but the claims do not arise under federal law.[29] Pursuant to the Supreme Court's ruling in *Schacht* and

---

[25] *Id*

[26] *Id*. at 389.

[27] *Id*. at 391 [emphasis in original]; s*ee also Covarrubias v. County of Mono*, 2009 WL 2590729 (E.D.Cal. 2009) (holding that the Court lacked subject matter jurisdiction over the claims against the state and remanded those claims, while retaining jurisdiction over the claims against the County).

[28] *See Monforte Exploration L.L.C. v. ANR Pipeline Co.*, 2010 WL 143712 (S.D. Tex. 2010) (finding that breach of contract claim was a state law claim that did not arise under federal law); *Adelt v. Richmond School Dist.*, 439 F.2d 718 (9th Cir. 1971) (claim that school district refused to perform certain obligations imposed on it under a teaching contract is a breach of contract claim that presents no federal question); *Village West Associates v. Rhode Island Housing and Mortg. Finance Corp*, 618 F.Supp.2d 134 (D.R.I. 2009).

[29] If this Court finds that the claims against the State are claims described in section 1441(c)(1)(A) and that the State is not entitled to Eleventh Amendment immunity, then removal was improper under 28 U.S.C. § 1446(a) because the State did not consent to removal.

28 U.S.C. § 1441(c)(2), the claims against the State must be severed and remanded to State court.

## III.   CONCLUSION

The State of Louisiana is entitled to, and does hereby, invoke its Eleventh Amendment sovereign immunity for all claims asserted against it by the Plaintiff.  As such, regardless of whether this case was properly removed to federal court, 28 U.S.C. § 1447(c) and binding Fifth Circuit jurisprudence interpreting the jurisdictional nature of sovereign immunity bar this Court from acquiring subject matter jurisdiction over the claims against the State.  Furthermore, the claims against the State are strictly governed by State law and do not arise under federal law.  Accordingly, the State of Louisiana respectfully requests that this Court sever the claims against the State from the above-captioned case and remand those claims to State court.

Dated this 4th day of March, 2013

Respectfully Submitted,

**JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL**

BY:    /s/ Megan K. Terrell
      Megan K. Terrell (La.  #28991)
      Steven B. "Beaux" Jones (La. # 33915)
      Assistant Attorneys General
      Louisiana Department of Justice
      Civil Division
      Post Office Box 94005
      Baton Rouge, Louisiana 70804-9005
      TEL: (225) 326-6085
      FAX: (225) 326-6099

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Memorandum In Support of the State of Louisiana's Motion to Remand has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of March, 2013.

    /s/ Megan K. Terrell
    Megan K. Terrell (#29443)

    terrellm@ag.state.la.us