UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding Working Group Conference on Friday, March 1, 2013]**

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

## MICHOUD

Captain Englebert is working on the list of items for storage in the freezer.

On February 28, the U.S. took measurements with BP and Halliburton in attendance. BP produced the data on the July 2012 mold impressions. BP will arrange for inspection of the mold impressions by the experts for the U.S.

BP reported that on or about Wednesday, March 6, it will return to Michoud for additional measurements. Any party who wants to be present shall communicate with Captain Englebert.

## OFF-RIG RISER SYSTEM

Transocean reported that, pursuant to a hold order on materials associated with the Deepwater Horizon, the off-rig riser system ("secondary riser") is in its Amelia yard. BP wants to examine it to determine whether the riser can be raised from the floor of the Gulf without it breaking

apart and creating a risk of more leakage. BP seeks only to inspect the secondary riser in the yard. This does not require Coast Guard approval. If the project goes any further, the Coast Guard will have to become involved. The parties were required to notify the Court before the close of business on Friday, March 1, if there was an objection to the yard inspection. No objections were received. After the conference, Transocean submitted its agreed motion to authorize riser examination.

## PHASE ONE ISSUES

**1.     Exhibits and Demonstratives**.

     A.     Referring to Exhibits and Demonstratives in Trial.

A party shall refer to an exhibit as "Exhibit" or "E" followed by its number, and a demonstrative as either "Demonstrative" or "D" followed by its number. This will keep the record clear as to whether the document is a trial exhibit or a demonstrative.

     B.     Submission of Lists of Exhibits and Demonstratives for Each Witness.

Judge Barbier requests that after a party concludes the examination of a witness, the party provide Stephanie Kall with a list of the exhibits and demonstratives used with the witness which are to be offered into evidence. These lists can be submitted on the day after the examination of the witness in order to assure they are accurate. They may not be submitted for the first time at Marshaling Conferences.

The parties shall edit the lists prior to submitting them to Stephanie Kall. Only the exhibits and demonstratives used with the witness to be offered into evidence shall appear on the edited lists. All parties and inData shall be provided with copies of the edited lists.

If an exhibit or demonstrative is used during the examination of a witness and it does not appear on the edited list, it will not be admitted into evidence.

If no objection is made to an exhibit or demonstrative at the time of use during trial, the exhibit or demonstrative on the edited list will be admitted into evidence. An objection made to an exhibit prior the start of the Phase One trial will not preserve the objection.

Stephanie Kall will be asked to remind a party who has not submitted an edited list for the examination of a witness. The ultimate responsibility, however, for submitting edited lists remains with each party.

C. Foundation Objections.

The parties have made and will make objections to certain exhibits and demonstratives based on a lack of foundation. These exhibits and demonstratives will be recorded on the edited lists and lists for the Marshaling Conferences as subject to objection.

The parties shall agree on a uniform notation to reflect the status of these exhibits and demonstratives. It is understood that a party may argue after several witnesses have testified that the foundation objection for an exhibit or demonstrative has been resolved. Any ruling by Judge Barbier at that time will be reflected on the Marshaling Conference lists.

D. InData.

InData shall be included in all communications among the parties concerning exhibits and demonstratives and the preparation of the lists for the Marshaling Conference. InData requests that the parties use the following email address for communications to inData:

**mdl2179@indatacorp.com**

E. <u>Nightly Exhibit Conferences</u>.

Each evening after the trial, representatives from inData, PSC, BP and others shall review the lists of exhibits and demonstratives for the day, including the edited lists presented to Stephanie Kall. It is essential that each party review the edited lists and reach agreement on the status of exhibits and demonstratives prior to the Marshaling Conferences.

F. <u>Marshaling Conference Lists</u>.

The list for the February 28 Marshaling Conference shall contain the exhibits and demonstratives for February 26 (Dr. Bea and Lamar McKay) and February 27 (Lamar McKay [conclusion], and Alan Huffman). It will not include Mark Bly, who began testifying on February 27, but whose examination was not completed on that day. The parties shall complete this list and submit it to the Court by **Tuesday, March 5**.

The list for the March 7 Marshaling Conference shall contain the exhibits and demonstratives for February 27 (Mark Bly), February 28, March 4 and through the last witness <u>completed</u> on Tuesday, March 5.

InData shall prepare lists by witness in chronological order and a numerical list of all demonstratives and exhibits to be covered. At the end of the list for each witness, inData shall list the exhibits which were offered into evidence but were excluded after an objection. The inData lists shall not include exhibits and demonstratives used during an examination of a witness but which are not on a party's edited list for that witness. The parties and inData shall work together to agree on a format for the inData list.

G. <u>Admission of Demonstratives into Evidence</u>.

The Court will review the comments from the parties with Judge Barbier.

      H.      <u>Good Faith Mistakes</u>.

The purpose of the rules is to aid in the orderly progress of the trial and reduce the burden on Judge Barbier, the undersigned and staff. In a case of this magnitude mistakes will be made. It is a bench trial, so mistakes can be corrected more easily than in a jury trial. Where the parties demonstrate good faith, Judge Barbier and the undersigned will seek to relieve the parties of the burden of any mistakes.

**2.**      **<u>Call Outs</u>.**

BP presented an example of a "call-out" from Halliburton labeled as a demonstrative (example attached). Because call-outs are not disclosed in advance, BP is concerned about the lack of context. It urges that the entire exhibit referred to in the call-out example be admitted rather than the call-out. In the alternative, call-outs should be disclosed in advance. The PSC responds that BP is only trying to require it to disclose cross-examination in advance.

The Court asked whether the "call-out" is being used an exhibit or a demonstrative. Based on Robert Cunningham's statements at the February 28 Marshaling Conference, the example was an exhibit. Page 1 (the recommended practice for well control operations) and the page from the manual which was used with witness would come into evidence.

The Court will review the call-out issue with Judge Barbier.

**3.**      **<u>Unlisted Deposition Bundle Exhibits</u>**.

Transocean reported that, after the elimination of duplicates, there were between 10 and 20 exhibits in the deposition bundles which were not listed by any party on a Phase One exhibit list. They were added to the PSC's exhibit list. BP will review them and report back.

5

4.  **Cured Exhibits**.

   Halliburton reported that the project is complete.

5.  **FTP Site.**

   The Court reported that the FTP site [www.mdl2179trialdocs.com] was fine.

6.  **Trial Transcripts**.

   The court reporters are labeling their trial transcripts as <u>official</u> trial transcripts or <u>unofficial realtime</u> transcripts. As trial transcripts are labeled "official" they will be transferred to the FTP site.

7.  **Video Excerpts**.

   When a video of a deposition is played in lieu of live testimony, the court reporter is not transcribing what is said during the video. The video (or portions played at trial) must be presented to Stephanie Kall on a CD, thumb drive or other device, which is labeled with the deposition(s) and the date on which the video was played during the trial.

8.  **Source Material for Demonstratives**.

   The issues concerning the identification of source materials on demonstratives were resolved prior the WGC conference.

9.  **Gregory Meche**.

   After the WGC conference, inData reported that the Meche deposition bundle will be completed and distributed to Judge Barbier and all parties by Tuesday, March 5.

10. **Richard Coronado**.

   **Friday, March 8**, is the deadline for all parties (except Cameron which was the presenting party) to provide counter/cross designations, and **Friday, March 15**, is the deadline for all parties to provide objections, highlighted exhibits and two-page summaries.

The issue of whether the Coronado deposition bundle will be used is set for the WGC on Friday, March 15.  By **Friday, March 8**, those favoring its use shall submit a short statement on why it should be used.  By **Tuesday, March 12**, any party objecting to its use shall respond.

**11.   Donald Vidrine**.

BP's opposition to the motions for adverse inference is due on **Friday, March 8**.  Replies shall be filed by **Friday, March 15.**

**12.   Overflow Courtrooms**.

The overflow courtrooms for the week of March 4 are: (1) Judge Sear (C311); (2) Judge Moore (B407); (3) Judge Shushan (B309); and (4) Judge Duval (C352).  Judge Duval's courtroom is **reserved for the press and public.**

Beginning March 11 there will be two overflow courtrooms for the lawyers and one for the press.  By **Friday, March 8**, BP shall submit a proposal for the use of two courtrooms for the attorneys.

## PHASE TWO PREPARATION

**1.   Good Faith Phase Two Trial Exhibit List (Rec. doc. 7888)**.

   A.   First Installment.

The motion of the U.S. regarding the admissibility of nine Phase Two deposition exhibits (sample exhibits) is under submission.  Rec. docs. 8587, 8712 and 8733.

   B.   Second Installment.

The deadline for service of the Good Faith Phase Two Trial Exhibit List - Second Installment is **Friday, March 29**.

2. **Designees for the BP 30(b)(6) depositions**.

Louis Romo, the BP Bottom Kill designee, will be deposed on March 6 at 8:30 a.m. in Houston for 2 hours. BP will have 18 minutes for redirect and the U.S. may reserve up to 12 minutes of the remainder of the 2 hours for rebuttal. If any other party wants to ask questions, it must obtain time from the U.S.

3. **Oceaneering**.

The document production, including privilege logs, is complete. The Oceaneering designees, Anthony Harwin and Kinton Lawler, will be deposed on **Thursday, March 7,** and **Friday, March 8,** in New Orleans.

4. **Revision of Phase Two Timeline**.

BP suggested the following dates for the prioritization of depositions and dates for designations. It also suggested that the preparation of deposition designations be grouped by topic.

3/8   Plaintiffs provide prioritized list

3/15   Defendants provide prioritized list

3/22   Parties provide a combined list

3/29   Any issues on combined prioritized list will be resolved at WGC on 3/29[1]

4/5   Begin deposition designation process

First Week   Designations from non-presenting party

Second Week   Counter-designations

Third Week   Cross-designations

Fourth Week   Objections

---

[1] There is no Working Group Conference set for March 29.

The U.S. will consider the proposal and respond.  The U.S. and PSC want to complete the depositions and the second installment on the exhibit list before starting the deposition designations.

5.      **Two Page Summaries.**

The Court reviewed Judge Barbier's concerns with the 2 pages summaries for the Phase One depositions.  The U.S. suggested that the parties agree on generic information for each witness (e.g. name, age, employer, track [quantification or source control], job title, etc.).  The Court said that it could prepare a "plain vanilla" summary to be added to the generic information from submissions by the parties.  Anadarko is concerned that the technical issues in the quantification depositions will be difficult to summarize.  Halliburton recommended that, after the generic information, each party be limited to three to five key points.  The PSC reported that the Plaintiffs (PSC, U.S. and the States) can provide a single summary for each deposition.  BP concurred in the generic introduction.  It recommended submissions from three groups: (1) PSC, U.S. and the States; (2) BP/Anadarko; and (3) Halliburton/Transocean.  It believed that with the Court as a buffer between the submissions by the parties and Judge Barbier, the overly-argumentative parts will be eliminated.  BP sees the remaining problem as the highly technical depositions.  It suggested that the Court and the parties confer further on the technical information.

6.      **Order Regarding Expert Witness Evidence Issues**.

Anadarko reported that there was only one area of disagreement.  The U.S. contends that it requires 10 days between the issuance of the reports and the provision of consideration materials.  This only leaves 18 days between the receipt of the consideration materials and the deadline for the defendants' reports.  BP and Anadarko contend that this is insufficient.  The U.S. proposed extending the deadline for the defendants' reports by 10 days, so there would be 28 days between

the receipt of the consideration materials and the submission of reports from defendants' experts. The additional 10 days is acceptable to the defendants. In the alternative, they request that the U.S. be required to provide consideration materials within 3 to 5 days of the submission of the reports of experts for the U.S. The Court will consider the issue.

**7.      Professor Leifer Deposition**.

BP reported that an issue arose during his deposition. UCSB has retained outside counsel, Matthew Schenck. BP requests a telephone conference. The U.S. asked to listen-in on the conference call with counsel for BP, Mr. Schenck and the Court. The call is set for Monday, March 4, at 11:00 a.m. C.S.T.

## MATTERS NOT RELATED TO PHASE ONE OR PHASE TWO

**1.      U.S. Proposed Order on Confidential Communications**.

The U.S. reported on its proposed order clarifying that communications between the U.S. and the States, particularly the non-party States, are confidential.

**2.      Answers to Pleading Bundle A.**

BP contends that the record is not clear as to when answers are due to Pleading Bundle A complaints. It suggests that either a new date be set for answers or an order issuing providing that parties do not have to answer until further order of the Court. Halliburton contends that unless and until a subsequently filed case is officially designated as Pleading Bundle A case, an answer is not due and the case is subject to the general stay.

**3.      Sample Extracts Order**.

The U.S. and BP are working on a joint consent motion concerning sample extracts.

## **CONFERENCE SCHEDULE**

| | |
|---|---|
| 03/08/13 | WGC meeting at 9:30 a.m. |
| 03/15/13 | WGC meeting at 9:30 a.m. |
| 03/22/13 | No WGC Conference |
| 03/29/13 | No WGC Conference |
| 04/05/13 | No WGC Conference |
| 04/12/13 | WGC meeting at 9:30 a.m. |
| 04/19/13 | WGC meeting at 9:30 a.m. |
| 04/26/13 | WGC meeting at 9:30 a.m. |
| 05/03/13 | WGC meeting at 9:30 a.m. |
| 05/10/13 | WGC meeting at 9:30 a.m. |
| 05/17/13 | WGC meeting at 9:30 a.m. |
| 05/24/13 | WGC meeting at 9:30 a.m. |
| 05/31/13 | WGC meeting at 9:30 a.m. |
| 06/07/13 | WGC meeting at 9:30 a.m. |
| 06/14/13 | WGC meeting at 9:30 a.m. |
| 06/21/13 | WGC meeting at 9:30 a.m. |
| 06/28/13 | WGC meeting at 9:30 a.m. |
| 07/05/13 | No Conference |
| 07/12/13 | WGC meeting at 9:30 a.m. |
| 07/19/13 | WGC meeting at 9:30 a.m. |
| 07/26/13 | WGC meeting at 9:30 a.m. |

08/02/13	No Conference

08/09/13	WGC meeting at 9:30 a.m.

08/16/13	WGC meeting at 9:30 a.m.

08/23/13	WGC meeting at 9:30 a.m.

08/29/13	Phase Two Final Pre-Trial Conference

09/06/13	WGC meeting at 9:30 a.m.

09/13/13	WGC meeting at 9:30 a.m.

09/16/13	Commencement of Phase Two Trial

**All Saturdays are email free days.**

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**