# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

March 1, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

>   Re:   MDL 2179 – BP's Request for Production of Dr. Leifer Voice Notes Responsive to June 2012 Document Subpoena of UCSB

Dear Judge Shushan:

We appreciate the Court's willingness to step in and assist in resolving the issue mentioned this morning regarding the recent deposition of Dr. Ira Leifer as a Rule 30(b)(6) representative for the University of California, Santa Barbara ("UCSB").

The development mentioned is just this — Dr. Liefer contemporaneously created, and has since maintained both in his own possession and in the possession of the University, extensive "voice notes" describing his work with the Flow Rate Technical Group ("FRTG"). As further described below, Dr. Leifer's testimony makes clear these voice notes are directly responsive to the document subpoena BP served on UCSB on June 29, 2012. Although the voice notes should have been produced before the deposition, BP did not learn of their existence until shortly before the deposition.

The voice notes were recorded by Dr. Leifer throughout his work with the FRTG Plume Calculation Team and Mass Balance Team relating to the *Deepwater Horizon* incident, and they concern work he did on the FRTG's behalf. (*See* Attachment A, Leifer Dep. Transcript at 34:5-19; 35:23 - 37:5) When the responsive nature of these notes became clear at the deposition, BP made a request on the record for their production. (*See* Attachment A at 390:8-12.) BP renewed its request in a follow-up letter to UCSB counsel. (*See* Attachment B.) In response, UCSB informed BP that, although it maintains that the voice notes are not responsive to the June 2012 subpoena, it has retained outside counsel to assist in determining how to best to proceed from this point.

Chicago      Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Shanghai

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 1, 2013
Page 2

Based on correspondence to date, UCSB does not appear to dispute that Dr. Leifer's voice notes pertain to his work for the FRTG. UCSB instead maintains that these voice notes were created for a "personal purpose," separate and apart from Dr. Leifer's role as a UCSB employee — a claim we believe is untenable. (*See* Attachment A at 398:7-22.)

Specifically, UCSB's assertion is that "the notes are such that, in our view, they were not kept in the course of the university work he was doing and, therefore, they are not university records." But this assertion is directly contradicted by Dr. Leifer's own testimony that he was engaged in the FRTG work and maintained the voice notes "as part of [his] duties as a University of California, Santa Barbara, employee." (*See* Attachment A at 391:17-24; 395:22 - 396:17.) Dr. Leifer has further confirmed that he has maintained two copies of his voice notes — one copy that resides on his personal computer and another that "resides with UC." (*See* Attachment A at 34:20-23.)

UCSB's alternative claim that Dr. Leifer's voice notes are not responsive to the subpoena because he created those notes for a "personal purpose" is also without merit. The purpose for which Dr. Leifer maintains his voice notes is not relevant. The sole question is whether those notes are responsive to the deposition subpoena BP served on the UCSB.

That June 2012 subpoena requires the production of documents, data, and communications related to Dr. Leifer's work concerning the flow of hydrocarbons resulting from the *Deepwater Horizon* incident. (*See* Attachment C, June 29, 2012 Subpoena to UCSB.) Expressly included within the definition of "document" is "any tangible item or thing of written, readable, graphic, *audible*, or visual material." (*See* Attachment C (emphasis added).) It is worthy of note that UCSB has appropriately produced other documents with an arguably "personal purpose" relating to Dr. Leifer's work on the *Deepwater Horizon* incident. Indeed, other deponents, including Marcia McNutt, have likewise appropriately produced documents related to the *Deepwater Horizon* incident with an arguably "personal purpose." (*See, e.g.*, Attachment D, M. McNutt book proposal.)

As the Court well knows, more than eight months have passed since the UCSB subpoena was served. As you also know, BP has turned to the Court many times for help in securing productions of UCSB documents. We greatly appreciate all this assistance. We hope this truly will be the very last time we need to seek help with UCSB from Your Honor.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 1, 2013
Page 3

      As requested at today's conference, we have followed up with outside counsel for the UCSB, Matthew Schenck of Paul, Plevin, Sullivan & Connaughton, and have scheduled a call with the Court for Monday morning at 11:00 AM Central.

                                                  Respectfully submitted,

                                                  Robert R. Gasaway

Attachments

cc (by electronic mail):

Michael O'Keefe
Matthew Schenck
Nancy Hamill
Michael Goldstein
United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel