UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| This Document Relates To: | * | JUDGE BARBIER |
| 10-3896 and 11-826 | * | |
| | * | MAGISTRATE SHUSHAN |

## ORDER AND REASONS

Before the Court is DuWayne Mason's ("Mason") **Motion to Sever Claim from "Deepwater Horizon MDL" and to Set Scheduling Conference** (Rec. Doc. 6909).[1] Seacor Holdings, Inc., Seacor Offshore LLC, and Seacor Marine LLC (collectively "Seacor") filed an opposition (Rec. Doc. 7281), to which Mason has replied (Rec. Doc. 7365). Mason asserts that there is "no longer any justification for this matter being associated with . . . [Multidistrict Litigation ("MDL") 2179]," and requests that his case be placed on the Court's trial calendar. The motion provides the following background:

> DuWayne Mason served as chief engineer aboard the M/V SEACOR VANGUARD, one of the first responder vessels which came upon the scene of the Deepwater Horizon explosion and rig fire. Positioned downwind from the massive fire on the rig, the M/V SEACOR VANGUARD pumped water on the burning rig for almost forty-eight hours before the rig collapsed and sank into the ocean. During the vast majority of the time that the M/V SEACOR VANGUARD was assisting in efforts to extinguish the fire, DuWayne Mason was in the relatively confined space of the engine room on the vessel and was exposed to massive amounts of noxious chemicals and fumes from the rig fire.
>
> As a result of the foregoing, DuWayne Mason has suffered severe and irreparable lung damage. DuWayne Mason nonetheless continued working until approximately [June 16, 2012] . . . when he was ordered by his treating pulmonologist to permanently cease working as an engineer or in any other capacity on vessels.

---

[1] Unless otherwise noted, all citations to record documents are to Case No. 10-md-2179.

(Rec. Doc. 6909-1 at 1-2). Nowhere does the motion mention that Mason performed oil spill remediation work, such as skimming oil from the Gulf of Mexico, nor does the motion state that Mason was injured by exposed to oil and/or chemical dispersant while performing these actions. The significance of these omissions is addressed below.

Mason is a party to two proceedings before this Court. The first is No. 10-3896,[2] *In the Matter of Seacor Holdings, Inc., et al.*, a limitation action filed by Seacor as the owners of the M/V SEACOR VANGUARD (hereinafter, "the Limitation Action"). Mason filed an answer and claim in that proceeding on April 13, 2011. (Rec. Doc. 1941). That same day, Mason also filed a separate action against one of the Seacor entities. *See* No. 11-826, *Mason v. Seacor Marine, LLC*. Both of these proceedings have been consolidated with MDL 2179.

Both Mason's claim in the Limitation Action and his complaint in *Mason v. Seacor Marine, LLC* allege claims similar to the one quoted above. (*See* Rec. Doc. 1941 ¶ IV; No. 11-826, Rec. Doc. 1 ¶ 4). However, Mason's complaint in *Mason v. Seacor Marine, LLC* also states that, after the DEEPWATER HORIZON sank, Mason performed oil spill clean up work during which he was exposed to and injured by oil, dispersant, and other chemicals:

> During the three to four months after the rig fire was extinguished, the M/V SEACOR VANGUARD and its crew, including plaintiff, were sent to assist in the process of skimming oil and dispersant from the waters of the Gulf of Mexico.
>
> While engaged in collecting the oil and dispersant, plaintiff was exposed to crude oil, chemical components of the crude oil, chemical dispersant and other noxious by-products of the rig fire and oil spill, resulting in severe and permanent damage to his lungs and other parts of his body.

(No. 11-826, Rec. Doc. 1 ¶¶ 5-6).

---

[2] Mason's motion incorrectly identifies this case as 10-389*5*.

On January 11, 2013, the Court granted final approval to the Medical Benefits Class Action Settlement ("Medical Settlement"). (Rec. Doc. 8218). The Medical Settlement defines the Class as, among others, "all NATURAL PERSONS who resided in the United States as of April 16, 2012, and who . . . [w]orked as **CLEAN-UP WORKERS** at any time between April 20, 2010 and April 16, 2012." (Medical Settlement § I.A.1, Rec. Doc. 6427-1) (emphasis added). Consequently, it appears that DuWayne Mason is a member of the Medical Benefits Class. It also does not appear that Mason opted out of the class.[3]

Furthermore, Section XVI of the Medical Settlement describes the claims released by the Medical Settlement. Under that provision, Medical Benefits Class Members

> shall release and forever discharge the RELEASED PARTIES from any liability for all claims of any nature whatsoever . . . that have been or could have been brought in connection with . . . [p]ersonal injury or bodily injury [among other claims] . . . that first manifested by April 16, 2012, where such injury . . . in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT . . . ."

(Medical Settlement, § XVI, Rec. Doc. 6427-1). Seacor Holdings, Inc., Seacor Offshore LLC, Seacor Marine LLC, and the M/V SEACOR VANGUARD are all listed as "RELEASED PARTIES." (Medical Settlement, Ex. 6, Rec. Doc. 6427-8). Accordingly, it appears that ***all*** of Mason's claims in the Limitation Action and in *Mason v. Seacor Marine, LLC* are released under the Medical Settlement.

For these reasons, the Court finds that Mason's motion should be denied. Furthermore, the Court finds that the arguments advanced in Seacor's opposition are also persuasive; therefore, even if the Court's interpretation of the Medical Settlement or its understanding of Mason's status as a

---

[3] On November 21, 2012, the Claims Administrator filed a list of opt-outs it had received by the (extended) deadline of November 1, 2012. (Rec. Doc. 7989). DuWayne Mason's name does not appear among this list.

Class Member is in error,[4] it would deny Seacor's motion for the reasons presented by Seacor.

Finally, the Court notes that Mason's counsel failed to mention Mason's claims regarding exposure to oil, dispersant, and other chemicals while engaged in oil spill clean up work, and, in fact, stated, "DuWayne Mason hereby certifies that he has filed no claim in connection with the BP oil spill . . . ." (Rec. Doc. 6909-1 at 3).  Contrary to this certification, "[A]ll claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010" are within the B3 pleading bundle.  (PTO 25 ¶ 1, Rec. Doc. 983).  Even after Seacor specifically pointed out that Mason's motion failed to mention the oil/dispersant exposure claims, Mason's counsel failed to acknowledge the omission in its reply.

Accordingly,

**IT IS ORDERED** that DuWayne Mason's Motion to Sever Claim from "Deepwater Horizon MDL" and to Set Scheduling Conference (Rec. Doc. 6909) is **DENIED.**

New Orleans, Louisiana, this 5th day of March, 2013.

_____
United States District Judge

---

[4] The Court notes that it has analyzed the issue of whether Mason is a member of the Medical Benefits Class without the benefit of counsel's briefing.