E-SERVICE
49368531
Feb 07 2013
04:10PM
File & ServeXpress

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION J |
| | * | JUDGE BARBIER |
| **APPLIES TO: No. 12-311** | * * | MAG. JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LIBERTY'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON**

Liberty Insurance Underwriters, Inc. ("Liberty") requests that defendant Cameron International Corporation ("Cameron") respond to the following Requests for Admissions, Interrogatories, and Requests for Production of Documents within the delays provided in the Federal Rules of Civil Procedure and deliver such responses to Judy Y. Barrasso at the law offices of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C., 909 Poydras Street, 24th Floor, New Orleans, Louisiana 70112.

**INSTRUCTIONS**

A. With respect to any request for admission, interrogatory, or request for production to which you object under a claim of privilege or other doctrine, you must comply with the requirements of Pre Trial Order No. 14 and Federal Rule of Civil Procedure 26(b)(5):

(1) The nature of the privilege asserted;

(2) Whether the allegedly privileged communication was oral or written;

(3) If in writing, then

(a) Identify the author of the document;

1

Exhibit A

    (b)  Identify all addresses and recipients of the document or copies thereof;

    (c)  Indicate the date the document bears, or, if undated, the date that it was written or created;

    (d)  Identify the type of document as, for instance, letter, memorandum, etc.;

    (e)  Describe the subject matter of the document;

    (f)  Indicate the nature of the privilege;

    (g)  Identify any persons who have had access to the document or its contents, or any part thereof;

    (h)  State the facts giving rise to the claimed privilege.

  (4)  If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

  B.  If you cannot answer a request for admission, interrogatory, or request for production in full, after exercising due diligence to secure the full information or knowledge you have concerning the interrogatory or request for production, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

  C.  In answering these requests for admissions, interrogatories, and requests for production, furnish all information, including hearsay, however obtained which you have in your possession or which is known by your agents, employees, or attorneys, or which appears in any records or other information in your possession, custody, or control.

  D.  In your answers to these requests for admissions, interrogatories, and requests for production, please repeat each request set forth herein and then set forth your answer thereto separately and fully immediately thereafter.

E.      If you have any questions regarding the scope, meaning or intent of these requests for admissions, interrogatories, or requests for production, please promptly contact undersigned counsel.

## DEFINITIONS

A.      "BP" shall mean BP Exploration & Production, Inc. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

B.      "BP Settlement" shall mean the agreement reached in principle between Cameron and BP on or about December 12, 2011, as well as the Confidential Settlement Agreement, Mutual Releases and Agreement to indemnify between Cameron and BP executed on or about December 15, 2011.

C.      "Cameron Insurers" shall mean all insurers providing liability insurance coverage to Cameron in connection with the Deepwater Horizon Incident, including without limitation all insurers who funded the BP Settlement.

D.      "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

E.      "Deepwater Horizon Incident" shall mean the April 20, 2010 explosion of Transocean's Deepwater Horizon Mobile Offshore Drilling Unit and consequent release of oil into the Gulf of Mexico.

833722

F.  "Document" shall be broadly construed as provided by the Federal Rules of Civil Procedure and shall mean and include, without limitation, every writing or record of any type and description that is in your possession, custody, or control, including any and all records kept by electronic, magnetic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained. Any document or copy of any document which contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a nonidentical copy of another document shall be treated as a separate document subject to production.

G.  "Identify" when used with respect to a natural person shall mean to indicate the person's:

(1) Name;
(2) Current address, if known, or last known address;
(3) Current telephone number, if known, or last known telephone number;
(4) Current employer, if known, or if unknown, then last known employer;
(5) Current work address, if known, or last known work address; and
(6) Current work telephone number, if known, or last known work telephone number.

H.  "Identify" when used with respect to a company, business, or other legal entity shall mean to indicate the following:

(1) Its name;
(2) Its address or the address of its principal place of business;
(3) Its telephone number; and
(4) Its state of incorporation, if known.

833722

I.	"Liberty" shall mean Liberty Insurance Underwriters, Inc. and any of its officers, directors, partners, employees, representatives, and agents.

J.	"The Liberty Policies" shall mean the following excess liability insurance policies issued by Liberty to Cameron, individually and collectively:

*	No. LQ1B71198583046, in effect from July 1, 2009 to July 1, 2010;

*	No. LQ1B71198583036, in effect from July 1, 2008 to July 1, 2009;

*	No. LQ1B71198583026, in effect from July 1, 2007 to July 1, 2008; and

*	No. LQ1B71198783016, in effect from July 1, 2006 to July 1, 2007.

K.	"Marsh" shall mean Marsh USA, Inc. d/b/a Marsh USA Risk Services, as well as its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

L.	"MSA" shall mean the Master Service Agreement between Transocean and Cameron dated September 28, 2000.  *See* Rec. Doc. No. 4524-9.

M.	"Person" shall mean natural persons, corporation, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

N.	"Relate to" or "refer to," including any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss, describe, to contain a notation of, reference to, or statement about, or to be in any way logically or factually connected with the matter.

833722

O.  "T&C" shall mean the written Terms and Conditions for the sale of the Deepwater Horizon's blow-out preventer equipment from Cameron to Transocean. *See* Rec. Doc. No. 4524-8.

P.  "Transocean" shall mean Transocean Ltd. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

Q.  "You" and "your" shall mean Cameron International Corporation and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

R.  The terms "and" and "or," as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

S.  The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

833722

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1

Admit that you demanded indemnity protection from Transocean in connection with the Deepwater Horizon Incident.

### REQUEST FOR ADMISSION NO. 2

Admit that BP would not agree to settle with you unless you waived your contractual indemnification claims against Transocean under the T&C and the MSA.

### REQUEST FOR ADMISSION NO. 3

Admit that you reached a settlement agreement in principle with BP on December 12, 2011.

### REQUEST FOR ADMISSION NO. 4

Admit that you agreed to release your contractual indemnification claims against Transocean under the T&C and MSA on December 12, 2011.

### REQUEST FOR ADMISSION NO. 5

Admit that before December 12, 2011, you were not legally obligated to pay any amount falling within the limits of Liberty's excess liability insurance policy number LQ1B71198583046.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons having knowledge concerning the negotiation of Paragraph 4.5 of the BP Settlement.

**INTERROGATORY NO. 2**

Identify all facts and documents supporting and all persons with knowledge of your allegation that "BP also made clear that it would not settle with Cameron unless . . . Cameron agreed to a complete waiver of any contractual indemnification claims Cameron might have against Transocean that might flow to BP[.]" Am. Compl., at ¶ 42.

**INTERROGATORY NO. 5**

Identify all facts and documents supporting, and all persons with knowledge of, your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**INTERROGATORY NO. 6**

Identify all persons involved in the drafting of your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**INTERROGATORY NO. 7**

Identify the persons who authored the T&C and the MSA.

**INTERROGATORY NO. 8**

Identify the persons knowledgeable concerning the meaning of the indemnity provisions contained in the T&C and the MSA, including persons involved in negotiations with Transocean about the terms of the T&C and the MSA.

**INTERROGATORY NO. 9**

State whether there have been any modifications to the indemnity provisions contained in the T&C and the MSA since January 1, 2010.

**INTERROGATORY NO. 10**

Identify all claims you have made to Transocean for indemnity protection under the T&C and the MSA since January 1, 2000.

**INTERROGATORY NO. 11**

Identify all documents and communications related to any work Cameron has performed for Transocean under the MSA and the T&C since January 1, 2000.

**INTERROGATORY NO. 12**

State whether you have made a demand to Marsh and/or its errors and omissions insurer(s) in connection with Liberty's decision not to contribute to the BP Settlement, and if so, state when the demand was made and identify all persons with knowledge of the demand.

**INTERROGATORY NO. 13**

Identify all facts and documents supporting and all persons with knowledge of your allegation that "'[o]ther insurance' clauses define methods of contribution among insurers and are irrelevant to a policy's attachment point[.]"

**INTERROGATORY NO. 14**

Identify all facts and documents supporting and all persons with knowledge of your allegation that "[b]ecause Liberty has not remitted to Cameron the insurance proceeds it owes, Liberty has breached the Policy – and has done so in bad faith."

**INTERROGATORY NO. 15**

Itemize all damages you seek to recover in this matter, including without limitation any damages for (1) Liberty's alleged breach of its insurance policy, and (2) Liberty's alleged breach of Texas Insurance Code §§ 541 and/or 542.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

All documents and communications between you and BP covering the BP Settlement.

### REQUEST FOR PRODUCTION NO. 2

All documents and communications between you and any of your insurers relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon incident, an insurer's payment on Cameron's claim, or this lawsuit.

### REQUEST FOR PRODUCTION NO. 3

All documents and communications between you and Marsh concerning Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, the BP Settlement, this lawsuit, a demand against Marsh, or notice of a potential claim against Marsh.

### REQUEST FOR PRODUCTION NO. 4

All documents and communications between you and Marsh concerning procurement of the Liberty Policies.

### REQUEST FOR PRODUCTION NO. 5

All documents and communications between you and Liberty concerning the Liberty Policies.

### REQUEST FOR PRODUCTION NO. 6

All documents and communications between you and Liberty concerning the BP Settlement.

**REQUEST FOR PRODUCTION NO. 7**

All documents and communications related to any demand by you for indemnity protection to Transocean under the T&C or the MSA since January 1, 2000.

**REQUEST FOR PRODUCTION NO. 8**

All documents and communications related to any modification of, or request to modify the indemnity provisions contained in the T&C or the MSA since January 1, 2010.

**REQUEST FOR PRODUCTION NO. 9**

All documents and communications concerning the terms of the BP Settlement, including drafts of the executed settlement agreement.

**REQUEST FOR PRODUCTION NO. 10**

All documents in the files of Stone Pigman Walther Wittmann L.L.C. or Wilkie Farr & Gallagher L.L.P. relating to the BP Settlement, Cameron's claims for indemnity against Transocean, the Liberty Policies, or Cameron's claims for coverage for liabilities arising out of the Deepwater Horizon incident.

**REQUEST FOR PRODUCTION NO. 11**

All documents supporting the damages you seek to recover in this matter.

**REQUEST FOR PRODUCTION NO. 12**

All documents supporting your answers to any of the Interrogatories.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

OF COUNSEL:
Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Liberty's First Set of Requests for Admissions, Interrogatories and Requests for Production of Documents to Cameron has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 7th day of February, 2013.

*/s/ Judy Y. Barrasso*

833722