# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * | MDL No. 2179 |
| | * | Section: J |
| This filing relates to: *All Cases* | * | District Judge Carl J. Barbier |
| (Including Civil Action No. 12-970) | * | Magistrate Judge Sally Shushan |

## ORDER

**[Approving the First Amended Procedure for the Processing by the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement of Third Party Claims Against Claimant Recoveries]**

**CONSIDERING** the request by Patrick A. Juneau, the Claims Administrator of the Economic and Property Damages Settlement (the "Claims Administrator") for entry of an Order in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages Settlement Agreement as amended on May 2, 2012 (the "Settlement Agreement") and the December 21, 2012 Order Granting Final Approval of the Settlement Agreement (Document No. 8139), and being fully apprised, **IT IS HEREBY ORDERED** as follows:

1. The amendments to the Procedure submitted by the Claims Administrator are approved as First Amended Court Approved Procedure No. 1, to govern the process by which the Claims Administrator will receive, process and pay the claims and/or liens asserted by attorneys, creditors, governmental agencies, or other third parties against the payments to be made by the Claims Administrator to eligible Claimants under the Settlement Agreement.

2. This Court retains continuing and exclusive jurisdiction over the interpretation, implementation and enforcement of this Order and of the First Amended Court Approved Procedure No. 1.

New Orleans, Louisiana, this 11th day of March, 2013.

_____
CARL J. BARBIER
United States District Judge

| DEEPWATER HORIZON ECONOMIC AND PROPERTY DAMAGES SETTLEMENT COURT APPROVED PROCEDURE ||||
|---|---|---|---|
| **First Amended Court Approved Procedure Number** | 1 | **Effective Date** | **March \_\_\_\_, 2013** |
| **Subject** | Third Party Claims and/or Liens Against Claimant Settlement Payments |||

      **1.**    *Defined Terms.*  All undefined terms used in this Procedure shall have the same meanings given to such terms in the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012 and approved on December 21, 2012) ("Settlement Agreement").

      **2.**    *The Purpose of this Procedure.*  This Procedure defines the process by which the Claims Administrator will receive, process and pay the claims and/or liens asserted by attorneys, creditors, governmental agencies, or other third parties ("Third Party Claimants") against the payments to be made by the Claims Administrator to eligible Claimants under the Settlement Agreement ("Third Party Claims").

      **3.**    *Service of Third Party Claims.*  The Third Party Claimant shall serve Third Party Claims on the Claims Administrator, and the Claims Administrator shall accept service of process of such Third Party Claims, by email to thirdpartyclaims@dhecc.com or by mail to Patrick A. Juneau, Claims Administrator, Deepwater Horizon Economic Claims Center, P.O. Box 1439, Hammond, LA 70404-1439, ATTN: Third Party Claim Documents.  This method of accepted service is in addition to any other legal form of service under applicable law.

      **4.**    *Tracking and Inventory of Third Party Claims.*  The Claims Administrator will record in its database application for the Settlement Program each Third Party Claim received by the Claims Administrator and will maintain in such database information on the events relating to each such Third Party Claim.

      **5.**    *Form of Third Party Claims.*  The Third Party Claimant shall be responsible for serving the Claims Administrator with the documents requested by the Claims Administrator to enforce a valid Third Party Claim against an affected Claimant's Settlement Payment before the Claims Administrator initiates the process to pay the Settlement Program Claim to the Claimant.

      **6.**    *Notices to Third Party Claimants and Affected Claimants.*  After receiving a Third Party Claim, the Claims Administrator will issue an acknowledgment and a request for more complete third party claim information, if necessary, to the Third Party Claimant.  The Claims Administrator will not provide the Third Party Claimant with any information on the claim status of the affected Claimant's Settlement Program Claim unless authorized to do so in accordance with the June 29, 2012 Order Regarding Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement.  If the Third Party Claimant fails to respond to the request for more complete information or fails to provide the requested enforcement documents within 20 days, the Claims

Administrator will disallow the attempted Third Party Claim and will not withhold funds or take any other action relating to it.  The Claims Administrator will provide notice to the Claimant of any valid Third Party Claim(s) asserted against his/her/its Settlement Payment and allow the Claimant 20 days from the date of the notice to object to the Third Party Claim.

       7.     *Payment of Third Party Claims.*

       (a)     If there is no dispute as to the Third Party Claim, the Claims Administrator will deduct the Third Party Claim amount from any Settlement Payment otherwise due to the affected Claimant under the Settlement Agreement and, to the extent that there are sufficient funds in the Claimant's Settlement Payment, transmit such amount to the Third Party Claimant in accordance with the payment instructions and/or applicable state and federal law.  The Claims Administrator will pay the balance of the Settlement Payment to the affected Claimant according to the provisions of the Settlement Agreement and Court Orders regarding settlement implementation.

       (b)     If there is a dispute as to any Third Party Claim, other than one asserted by a state or federal agency, the Claims Administrator will withhold the disputed Third Party Claim amount until it receives either: (1) written confirmation from the Claimant and/or the Claimant's attorney and the Third Party Claimant that the dispute is resolved, or (2) a final decision, in accordance with a Third Party Claim dispute resolution process to be adopted by the Claims Administrator and approved by the Court, determining the amount, if any, to be paid to the Third Party Claimant, in which case the Claims Administrator will make further payments as required by such decision and to the extent that there are Settlement Payment funds available.  The Claims Administrator will pay the balance of the Settlement Payment to the affected Claimant according to the provisions of the Settlement Agreement and Court Orders regarding settlement implementation.

       (c)     If there is a dispute as to a Third Party Claim asserted by a state or federal agency, the Claims Administrator will withhold the disputed Third Party Claim amount until it receives either: (1) written confirmation from the Claimant and/or the Claimant's attorney and the Third Party Claimant that the dispute is resolved, or (2) a copy of a final decision from that state or federal agency determining the amount, if any, to be paid to the Third Party Claimant, in which case the Claims Administrator will make further payments as required by such decision and to the extent that there are Settlement Payment funds available.  The Claims Administrator will pay the balance of the Settlement Payment to the affected Claimant according to the provisions of the Settlement Agreement and Court Orders regarding settlement implementation.

       8.     *Implementation of this Procedure.*  The Claims Administrator has the discretion to administer any steps necessary to implement this process.

       9.     *Amendments to this Procedure.*  Any amendments to this procedure shall be subject to Court approval.