IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179 |
| | * | Section: J |
| This filing relates to: *All Cases* | * * | |
| | * | Judge Carl J. Barbier |
| (Including Civil Action No. 12-970) | * * | |
| | * * | Magistrate Judge Sally Shushan |

## ORDER

**[Regarding Materials of the Gulf Coast Claims Facility]**

CONSIDERING the request by Patrick A. Juneau, the Claims Administrator of the Economic and Property Damages Settlement (the "Claims Administrator") for entry of an Order in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages Settlement Agreement and Paragraph 37 of the May 2, 2012 Preliminary Approval Order (Document No. 6418), and being fully apprised:

**IT IS HEREBY ORDERED:**

   1.   *Defined Terms.*   All undefined terms used in this Order shall have the same meanings given to such terms in the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012) ("Settlement Agreement").

   2.   *The Purpose of this Order.*   This Order shall govern the obligations of the Claims Administrator regarding the materials received by the Claims Administrator from the Gulf Coast Claims Facility and any of its representatives, contractors, subcontractors or vendors (collectively referred to in this Order as the "GCCF").

   3.   *Materials Subject to this Order.*   This Order applies to: (a) all documents or electronically stored information placed in the custody or control of the Claims Administrator from the GCCF, including writings, notes, calendars, logs, forms, drawings, diagrams, graphs,

schedules, charts, worksheets, computations, photographs, videos, sound recordings, images, email or text messages to or from GCCF associated accounts or GCCF recipients, databases, and other data or data compilations stored in any medium from which information can be obtained; and (b) all computer servers, desktops, laptops, mobile devices, or other computer hardware housing any of the foregoing or otherwise used by the GCCF and placed in the custody or control of the Claims Administrator [with (a) and (b) collectively referred to in this Order as "GCCF Materials"].

**4.** *Previous Orders Relating to GCCF Materials.* This Order shall apply to the Claims Administrator's handling of GCCF Materials in lieu of any provisions of any prior Orders of this Court pertaining to or potentially affecting GCCF Materials in the custody or control of the Claims Administrator, including: (1) Pretrial Order No. 1 (Rec. doc. 2); (2) Pretrial Order No. 11 (Case Management Order No. 1; Rec. doc. 569); (3) Order regarding letter from GCCF Claims Administrator (Rec. doc. 587); (4) Pretrial Order No. 16 (Rec. doc. 686); (5) Order Creating Transition Process (Rec. doc. 5988); (6) First Amended Order Creating Transition Process (Rec. doc. 5995); and (7) Order Regarding Settlement Implementation (Rec. doc. 6573).

**5.** *Disposition of GCCF Materials.* The Claims Administrator shall have the discretion to determine which of the GCCF Materials are to be retained by the Claims Administrator as pertinent to and/or aiding in the administration of the Settlement Agreement. For any GCCF Materials that the Claims Administrator determines are not to be retained for such purpose (the "Unnecessary GCCF Materials"): (a) the Claims Administrator shall identify the Unnecessary GCCF Materials to Class Counsel and BP with sufficient specificity to permit them to determine their general nature and shall tender transfer of the Unnecessary GCCF Materials to both Class Counsel and BP; and (b) the Claims Administrator shall shred or otherwise destroy any Unnecessary GCCF Materials not removed by Class Counsel and/or BP from the Claims Administrator's custody or care within 30 days after the Claims Administrator has complied with Paragraph 5(a), with the costs of such destruction to be considered administrative costs of the Claims Administrator under the Settlement Agreement.

**6.** *Preservation Duty for Retained Materials.* The Claims Administrator shall preserve all GCCF Materials that the Claims Administrator determines to retain under Paragraph 5 pursuant to any Orders of this Court and Claims Administrator procedures applicable to the confidentiality and retention of documents received or generated by the Claims Administrator in the administration of the Settlement Agreement.

**7.** *Complete Set of GCCF Claim Files.* Notwithstanding any of the foregoing, the Claims Administrator shall preserve and retain during the administration of the Settlement Agreement a complete set of the electronic images of all claims and supporting materials submitted to the GCCF and of the data compiled by the GCCF in the administration of such claims. Unless directed otherwise by the Court, the Claims Administrator shall preserve or arrange for the preservation of such images and data for three years after the date of the final disposition of the last claim resolved by the DHECC. At the end of that period, such images and data shall be transferred or disposed of as directed by the Court.

**8.** *Implementation of this Order*. The Claims Administrator shall have the discretion to develop and maintain internal policies and Orders that he deems are necessary to implement this Order.

New Orleans, Louisiana, this   11th   day of March, 2013.

*[signature]*
**Carl J. Barbier**
**United States District Judge**