IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179 |
| | | Section: J |
| This filing relates to: *All Cases* | * * | District Judge Carl J. Barbier |
| (Including Civil Action No. 12-970) | * * * | Magistrate Judge Shushan |

-------------------------------------------------------------------

**ORDER**

**[Regarding Document Retention by the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement]**

CONSIDERING the request by Patrick A. Juneau, the Claims Administrator of the Economic and Property Damages Settlement (the "Claims Administrator") for entry of an Order in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages Settlement Agreement and Paragraph 37 of the May 2, 2012 Preliminary Approval Order (Document No. 6418), and being fully apprised, **IT IS HEREBY ORDERED** as follows:

1. The Procedure submitted by the Claims Administrator is approved as Court-Approved Procedure No. 3.

2. This Court retains continuing and exclusive jurisdiction over the interpretation, implementation and enforcement of this Order and of Court Approved Procedure No. 5.

New Orleans, Louisiana, this 11th day of March, 2013.

_____
Carl J. Barbier
United States District Judge

| **DEEPWATER HORIZON ECONOMIC AND PROPERTY DAMAGES SETTLEMENT COURT APPROVED PROCEDURE** | | | |
|---|---|---|---|
| Court Approved Procedure Number | 3 | Effective Date | Date of Approval Order |
| Subject | Document Retention Policy | | |

1.  ***Defined Terms.***  All undefined terms used in this Procedure shall have the same meanings given to such terms in the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012) ("Settlement Agreement").

2.  ***The Purpose of this Procedure.***  This Procedure shall govern the obligations of the Claims Administrator of the Settlement Agreement regarding the retention of documents, claims information and materials in any physical or electronic form received or generated in the administration of the Settlement Agreement.

3.  ***Personnel Subject to this Procedure.***  This Procedure applies to the Claims Administrator, the Claims Administrator's office and staff, and all contractors, subcontractors and vendors engaged by the Claims Administrator in the administration of the Deepwater Horizon Economic Claims Center (collectively referred to in this Procedure as "DHECC").

4.  ***Materials Subject to this Procedure.***  This Procedure applies to all documents or electronically stored information relating to the DHECC and received or generated by the DHECC, including writings, notes, calendars, logs, forms, drawings, diagrams, graphs, schedules, charts, worksheets, computations, photographs, videos, sound recordings (excluding voicemails), images, emails to or from DHECC associated accounts or recipients, databases and other data or data compilations stored in any medium from which information can be obtained (collectively referred to in this Procedure as "Documents").

5.  ***Preservation Duty.***  The DHECC shall preserve and retain all Documents in accessible form during the administration of the Settlement Agreement and shall preserve or arrange for the preservation of such Documents for three years after the date of the final disposition of the last claim resolved by the DHECC, except as otherwise provided in this Procedure or by Order of the Court.  At the end of that period, such Documents shall be transferred or disposed of as directed by the Court.

6.  ***Hard Copies.***  Hard copy paper Documents are subject to the preservation duty in Paragraph 5 only if they:  (a) are the original of a document for which a "wet ink" signature is required by the Settlement Agreement or otherwise; or (b) are not stored or cannot be reproduced in their original form in electronic images or data.

7.  ***Unnecessary Materials***.  Documents are not subject to the preservation duty in Paragraph 5 if the Claims Administrator determines that they:  (a) were not required to be submitted in connection with a claim and should be returned to the submitting party or

destroyed; or (b) are not pertinent to or useful in the administration of the Settlement Agreement.

8.  ***Complete Set of Claim Files.*** Notwithstanding any of the foregoing, the Claims Administrator shall preserve and retain during the administration of the Settlement Agreement a complete set of the electronic images of all claims and supporting materials submitted to the DHECC and of the data compiled by the DHECC in the administration of such claims. Unless directed otherwise by the Court, the Claims Administrator shall preserve or arrange for the preservation of such images and data for three years after the date of the final disposition of the last claim resolved by the DHECC. At the end of that period, such images and data shall be transferred or disposed of as directed by the Court.

9.  ***Implementation of this Procedure.*** The Claims Administrator shall have the discretion to develop and maintain internal policies and procedures that the Claims Administrator deems necessary to implement this Procedure.