```
 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF LOUISIANA
 2

 3  ****************************************************************

 4  IN RE:  OIL SPILL BY THE
    OIL RIG DEEPWATER HORIZON
 5  IN THE GULF OF MEXICO ON
    APRIL 20, 2010
 6                                       CIVIL ACTION #10-MD-2179 "J"
                                         NEW ORLEANS, LOUISIANA
 7                                       FRIDAY, DECEMBER 17, 2010, 9:30 A.M.

 8  THIS DOCUMENT RELATES TO:

 9  ALL ACTIONS

10  ****************************************************************

11
              TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
12          HEARD BEFORE THE HONORABLE CARL J. BARBIER
                    UNITED STATES DISTRICT JUDGE
13

14  APPEARANCES:

15
    FOR THE PLAINTIFFS:
16                                       DOMENGEAUX WRIGHT ROY & EDWARDS
                                         BY:  JAMES P. ROY, ESQUIRE
17                                       P. O. BOX 3668
                                         556 JEFFERSON STREET
18                                       LAFAYETTE, LA  70502

19
                                         HERMAN HERMAN KATZ & COTLAR
20                                       BY:  STEPHEN J. HERMAN, ESQUIRE
                                              SOREN E. GISLESON, ESQUIRE
21                                       820 O'KEEFE AVENUE
                                         NEW ORLEANS, LA  70113
22

23                                       BREIT DRESCHER IMPREVENTO & WALKER
                                         BY:  JEFFREY A. BREIT, ESQUIRE
24                                       1000 DOMINION TOWER,
                                         999 WATERSIDE DRIVE
25                                       NORFOLK, VA  23510
```

```
10:00AM   1   attention, and we can try to accommodate you as soon as we are
10:00AM   2   able to.
10:00AM   3             MR. UNDERHILL:  I appreciate that, Your Honor.
10:00AM   4             THE COURT:  Does anybody else want to weigh in on the
10:00AM   5   BOP issue?
10:00AM   6             I think you've covered --
10:00AM   7             MR. UNDERHILL:  Cement testing status.
10:00AM   8             THE COURT:  Do you want to talk about that?
10:00AM   9             Mr. Godwin may want to --
10:00AM  10             MR. UNDERHILL:  I want some buy-in on this, so I want
10:00AM  11   him on the record here.
10:00AM  12             As Your Honor knows, that the JIT subpoenaed the
10:00AM  13   cement samples that Halliburton had held.  They were turned over
10:00AM  14   to us pursuant to a motion that Mr. Godwin cooperated in, and his
10:00AM  15   office.  Where it stands now is we -- we, I should say the JIT,
10:00AM  16   the Marine Board, has requested testing protocols from all the
10:01AM  17   interested parties, as well as they've gone, outreached to even
10:01AM  18   the Presidential Commission and others.  They've received
10:01AM  19   comments from some people, not others.
10:01AM  20             One that we have been waiting for, my friend
10:01AM  21   Mr. Godwin's client, Halliburton, and he's promised us that his
10:01AM  22   client will get back to us after the New Year either with
10:01AM  23   protocols, suggested protocols, or telling us that they choose
10:01AM  24   not to, one way or the other.  So we're waiting on that.
10:01AM  25             Once we get those, the intent is to try to see if
```

```
10:01AM  1  we can get an agreed set of protocols, then -- that's what we're
10:01AM  2  working for at least -- and then to submit those to the Court for
10:01AM  3  an order allowing destructive testing to be done -- if, in fact,
10:01AM  4  it's destructive testing -- in accordance with Your Honor's
10:01AM  5  evidence preservation order.
10:01AM  6           THE COURT:  That is under the auspices of the EPA?
10:01AM  7           MR. WITTMANN:  No.
10:01AM  8           MR. UNDERHILL:  No, this would be under the JIT, under
10:01AM  9  the Joint Board --
10:02AM 10           THE COURT:  I thought I saw something that it was in the
10:02AM 11  custody of the EPA.
10:02AM 12           MR. UNDERHILL:  The EPA picked it up.  I think that was
10:02AM 13  their evidence recovery team, but the JIT is holding it.  And the
10:02AM 14  testing would be done under their auspices, that is, the Joint
10:02AM 15  Marine Board.
10:02AM 16           MR. GODWIN:  This is correct.
10:02AM 17              Don Godwin for Halliburton.
10:02AM 18              All samples and additives in the possession of
10:02AM 19  Halliburton were turned over on November 16th, and we have
10:02AM 20  assured the JIT representatives that right after the first of the
10:02AM 21  year, we'll get back to them with Halliburton's position
10:02AM 22  regarding the protocols, if it decides either to participate in
10:02AM 23  or not, but we will tell them our position shortly after the
10:02AM 24  first of the year, and they have said that's acceptable.
10:02AM 25           THE COURT:  Okay.  I think at some point, though,
```

```
10:02AM   1   Mr. Underhill, they need to set a deadline for people to either
10:02AM   2   offer a suggested protocol or not so that they can then move on.
10:02AM   3             MR. UNDERHILL:  I was sort of issuing a polite way to
10:02AM   4   Mr. Godwin's client to say that.  Although we didn't use the word
10:02AM   5   *deadline,* right after the first of the year is a deadline.
10:03AM   6             THE COURT:  I'm not suggesting it needs to be next week,
10:03AM   7   but some reasonable deadline.  If you don't have a deadline, then
10:03AM   8   there is no incentive for people to necessarily weigh in.
10:03AM   9             MR. UNDERHILL:  I think that we're delivering the
10:03AM  10   message to Halliburton.  They've got the idea that we're looking
10:03AM  11   for it after the first of the year.
10:03AM  12             THE COURT:  All right.  Very well.
10:03AM  13             MR. GODWIN:  Thank you, Your Honor.
10:03AM  14             MR. UNDERHILL:  Thank you, Your Honor.
10:03AM  15             THE COURT:  I want to take up the matter of the
10:03AM  16   administrative subpoena, but briefly, before I get to that, let
10:03AM  17   me take up Number 16, just to mention it briefly.
10:03AM  18             There are issues relating to some cases, different
10:03AM  19   types of cases that are related more indirectly, I guess, to the
10:03AM  20   DEEPWATER HORIZON casualty, and this is one.  This does not
10:04AM  21   necessarily have to be on the agenda for this in-court status
10:04AM  22   conference, but this case is a motion by someone who was on a
10:04AM  23   vessel that was working in the response or cleanup, and the
10:04AM  24   plaintiff, as I recall, alleges that he was injured by exposure
10:04AM  25   to the chemicals in the oil that was dispersed or in the water,
```