# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Brian P. Kavanaugh
To Call Writer Directly:
(312) 862-2015
bkavanaugh@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

March 10, 2013

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
U.S.D.C. for the Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

      **RE:    MDL 2179 -** *In re: Deepwater Horizon*

Dear Judge Shushan:

      On March 6, 2013, the PSC indicated that it intends to play a video clip of the deposition of Walter Guillot.  Mr. Guillot was a member of BP's Internal Investigation Team.  BP objects to a portion of the deposition that the PSC has designated.

      The first half the clip the PSC intends to play involves lines of questioning that relate to some of the activities undertaken by Mr. Guillot during the course of BP's investigation.  BP does not object to that portion of the clip being played at trial, though it notes for the record that none of the PSC's proposed clip (including the first half) meets the criteria originally articulated for playing video clips live when the testimony has already been offered by way of deposition designation.[1]

      However, the second half of the PSC's proposed clip consists of nothing more than counsel for the PSC reading aloud an email that the witness had never seen, concerning events that the witness played no part in, and asking the witness either merely to confirm that counsel read the document correctly or to speculate about the content of the communications in the

---

[1] As summarized by the PSC's Mr. Herman:  "and I believe the Court agreed, that it would be appropriate for the parties to request that select portions of deposition designations be reviewed by the Court on video, in specific instances where the parties believe that ***the witness' demeanor is particularly instructive in terms of assessing credibility***"  (Exhibit A: S. Herman 10-9-11 Email to M. J. Shushan) (emphasis added)  Mr. Guillot had no involvement in the events leading up to the *Deepwater Horizon* incident and a cursory review of the PSC's selection readily reveals that Mr. Guillot's credibility is not in question. Indeed, Mr. Guillot wasn't asked to do much more than confirm that counsel for the PSC had, in fact, read aloud portions of emails the witness had not authored, received or seen.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 10, 2013
Page 2

email. Almost the entire line of questioning from Page 91 through 103 is objectionable. BP sets forth below a list of its specific objections to the designated testimony: [2]

| Deposition (Page:Line) | BP Objection |
|---|---|
| 91:4 – 91:11 | Best Evidence (FRE 1001); Relevance |
| 91:15 – 91:21 | Lacks Foundation/Calls for Speculation (FRE 602) |
| 91:22 – 91:25 | Best Evidence (FRE 1001); Relevance |
| 92:1 – 92:6 | Relevance; Lacks Foundation/Calls for Speculation (FRE 602) |
| 92:7 – 93:8 | Relevance |
| 93:9 – 93:16 | Relevance; Lacks Foundation/Calls for Speculation (FRE 602) |
| 93:20 – 94:2 | Lacks Foundation/Calls for Speculation (FRE 602) |
| 94:11 – 94:23 | Relevance |
| 96:7 – 96:13 | Lacks Foundation/Calls for Speculation (FRE 602) |
| 99:10 – 99:20 | Lacks Foundation/Calls for Speculation (FRE 602); Improper Opinion Testimony (FRE 701) |
| 99:23 – 100:4 | Lacks Foundation/Calls for Speculation (FRE 602) |
| 100:5 – 100:14 | Lacks Foundation/Calls for Speculation (FRE 602) |
| 101:4 – 101:8 | Lacks Foundation/Calls for Speculation (FRE 602); Improper Opinion Testimony (FRE 701) |

---

[2] For the Court's convenience, attached hereto as Exhibit B is a highlighted excerpt of Mr. Guillot's deposition showing the PSC's designations (yellow), the portions of the PSC's designations that BP objected to during the designation process (red) and the portions of Mr. Guillot's deposition that BP counter-designated in the event BP's objections are overruled (green). To the extent that BP's objections are sustained, BP of course withdraws the counter-designations in the attached excerpt.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 10, 2013
Page 3

| Deposition (Page:Line) | BP Objection |
|---|---|
| 101:11 – 101:19 | Relevance |
| 101:20 – 102:5 | Relevance; Lacks Foundation/Calls for Speculation (FRE 602); Argumentative |
| 102:6 – 102:10 | Relevance; Improper Opinion Testimony (FRE 701) |
| 103:2 – 103:11 | Relevance |
| 103: 14 – 103:22 | Lacks Foundation/Calls for Speculation (FRE 602); Improper Opinion Testimony (FRE 701) |

      Moreover, the Court has already ruled that the kind of examination reflected in pages 91-103 of Mr. Guillot's deposition will not be permitted at trial. (*See* January 31, 2012 Order Regarding BP's Motion in Limine Non-Factual Witness Testimony (Rec. Doc. 5492)). Addressing one of BP's motions *in limine*, to provide guidance to the parties, the Court ruled on the admissibility of portions of Mr. Ezell's deposition. For example, the court excluded the following exchange in which Mr. Ezell was questioned about an email that he had no personal knowledge of:

> Q. And you see Guide in the last paragraph is asking Sims, because of the, basically the reorganization and the separation of engineering and engineering, John Guide did not know what his authority was. Do you see that?
>
> A. Yes, sir.
>
> Q. And that is not conducive to the safe and best practice where decisions are being made by John Guide on that rig; was it?
>
> MR. GODFREY: Objection as to form.
>
> THE WITNESS: I wouldn't think so.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 10, 2013
Page 4

(*Id*. at 2, ruling on Ezell Dep. 187:2-15)  Notwithstanding the Court's clear instructions, by way of example, the PSC intends to play a similar exchange from Mr. Guillot's deposition in which he too was asked to speculate about the same email that, like Mr Ezell, he had no personal knowledge of:

> Q. Then he says, What is my authority? With the separation of engineering and operations, I do not know what I can and can't do. And then the final sentence, The operation is not going to succeed if we continue in this manner. Were you aware that three days before the blowout that John Guide, the wells team leader, told his boss that the operation was not going to succeed if it continued in that manner?
>
> A. I wasn't aware of it, no.
>
> Q. And it didn't succeed, did it?
>
> MR. COLLIER: Objection to form.
>
> Q. We all know that, don't we?
>
> A. The end result.
>
> Q. So he predicted it three days before and told his boss, didn't he?
>
> MR. COLLIER: Objection to form.
>
> A. I don't know if he's predicting the type of failure like we had, but there were some issues going on, it sound likes.

(Ex. B, Guillot Dep. at 95:14 – 96:13)

      While the parties were not required to revise deposition designations to conform to the Court's ruling and guidance, the Court was clear that parties would not be permitted to repeat the improper lines of questioning at trial.  That the PSC is playing video rather than examining a live witness is of no moment—it is required to comply with the Court's Orders with respect to all testimony used during the live trial.  Accordingly, to the extent that the PSC is permitted to play portions of the Guillot deposition, they should be ordered to exclude the segments to which BP has objected as set forth above.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 10, 2013
Page 5

      BP respectfully requests that the Court rule now on BP's objections so that the PSC may revise its video clip to comply with any sustained objections prior to the clip being played at trial.

      As always, BP appreciates the Court's consideration.

.

Respectfully,

*[signature: Brian Kavanaugh]*

Brian P. Kavanaugh

cc:    Liaison Counsel
       States' Coordinating Counsel
       Mike Underhill, Esq.