UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 <br><br> Relates to: *All Cases* | § § § § § § § § § | MDL No. 2179 <br><br> SECTION:  J <br><br> JUDGE BARBIER <br><br> MAG. JUDGE SHUSHAN |

### HALLIBURTON ENERGY SERVICES, INC.'S
### TIMELINE REGARDING MACONDO WELL CEMENT

On March 7, 2013, the Court sought clarification regarding the transfer of the Macondo well cement samples from Halliburton Energy Services, Inc. ("HESI") to the United States' Joint Investigation Team (the "JIT").  Accordingly, HESI provides the Court with the timeline of events related to the turnover of rig cement samples and limits its submission to four-pages in compliance with Judge Shushan's March 8, 2013 request.  HESI properly preserved all rig samples, fully complied with all preservation orders, and expeditiously turned over all Macondo samples for testing to the JIT.[1]

On May 3, 2010, the United States commanded HESI to "take all steps necessary to identify, retain, and preserve 'potentially relevant information' relating to the fire and explosion at the Deepwater Horizon[.]"[2]  On August 10, 2010, the Court issued Pretrial Order No. 1 reminding the parties and their counsel of their duty "to preserve evidence that may be relevant to this action."  *See* Exhibit 10.

---

[1] On March 14, 2013, HESI informed the Court and all parties that it is currently investigating a recent discovery of certain materials associated with the Kodiak well that have been preserved and are currently being stored at HESI's laboratory in Broussard, LA.

[2] *See* Exhibit 3.  Additional preservation orders/requests are attached hereto as Exhibits 2, 4-6, and  10.

-1-

On July 2, 2010, the JIT served a subpoena upon HESI requesting (1) a list of additives HESI used in the cement for the Macondo well and (2) a 50 gram representative sample of the cement used in the Macondo well.  *See* Exhibit 7.  On July 15, 2010, HESI informed the JIT that the subpoena sought the "alteration" or "destruction" of evidence.  *See* Exhibit 8.

Notwithstanding the preservation orders, and in order to comply with the subpoena, HESI communicated at length and continuously with the United States regarding the turnover of the materials.  *See* Exhibits 8-31.  On August 12, 2010, the JIT issued another subpoena for specific "materials/samples" used in the cementing process, specifically those listed in a subpoena issued by the United States Chemical Safety & Hazard Investigation Board and those listed in HESI's DWH Post Job Reports.[3]  *See* Exhibit 12.  On August 30, 2010, the Department of Interior, Office of Inspector General (DOI-OIG) issued another subpoena to HESI requesting "all cement or cement samples or fragments from the Block 252 Lease or the Deepwater Horizon, including that referenced during the testimony of Jesse Gagliano before the Marine Board [JIT] the week of August 23, 2010, as well as all analysis, testing data, and results related to such cement."  *See* Exhibit 14.

In order to fully comply with all of the preservation orders, during the month of September 2010, the United States and HESI worked together to draft a Motion for Relief from Preservation of Evidence Obligations to allow HESI to release cement samples to the JIT without violating HESI's preservation obligations. *See* Exhibits 15-19.  On October 7, 2010, HESI filed an unopposed Motion for Relief from Preservation of Evidence Obligations of Pretrial Order No. 1 (the "Motion").  *See* Exhibit 20.  On October 29, 2010, the Court issued an order modifying PTO #1, Paragraph 14, releasing HESI from its preservation requirements in order to fulfill the

---

[3] In the August 12, 2010 subpoena, the JIT acknowledges HESI's concern with the preservation orders.  On September 14, 2010, the United States explains that the subpoena's purpose is to give the JIT custody of the total quantity (not just quantities specified in the subpoena) of all of the materials requested in its subpoena.

subpoena requests. Exhibit 28.[4] Captain Englebert, the custodian of the samples at Michoud, received the samples on November 16, 2010. See Exhibit 31.

Although HESI promptly made the cement samples available to the United States, any alleged "delay" was due to the preservation orders in place and the United States' internal and regulatory requirements associated with taking possession of the cement samples, both of which were beyond HESI's control.[5]

HESI provides the following chronology:

| Date | Event |
| --- | --- |
| April/May 2010 | HESI immediately isolated and preserved all rig cement materials. See Exhibit 1, Deposition of Richard Dubois at 201:9-202:20. |
| 04/30/2010 | Preservation Order in *Stone, et al. v. Transocean Offshore Deepwater Drilling, Inc., et al.*, Cause No. 10-1851, in the Southern District of Texas (transferred to this Court on September 22, 2010). Exhibit 2. |
| 05/03/2010 | The United States letter to HESI regarding "Preservation of Potentially Relevant Information." Exhibit 3. |
| 05/05/2010 | Preservation Order in *Cooper et al. v. BP et al.*, in the Eastern District of Louisiana, Cause No. 10-1229 (transferred to this Court on August 21, 2010). Exhibit 4. |
| 05/2010 | Preservation order letter from Attorneys General for the states of Alabama, Louisiana, Florida, Mississippi, and Texas. Exhibit 5. |
| 06/18/2010 | Preservation Order in *National Vietnamese American Fishermen Emergency Association et al. v. BP et al.*, Cause No. 10-1607, in the Southern District of Texas (transferred to this Court on August 12, 2010). Exhibit 6. |
| 07/02/2010 | The JIT subpoenas cement samples from the Macondo well. Exhibit 7. |
| 07/15/2010 | HESI responded to the July 2, 2010 subpoena noting the court orders and directives that prohibit HESI from providing cement samples. Exhibit 8. |
| 07/15/2010 | HESI informs BP of its preservation obligations regarding the samples. Exhibit 9. |
| 08/10/2010 | PTO #1 – Preservation order filed requiring HESI to "preserve evidence" including "tangible things". Exhibit 10. |
| 08/12/2010 | HESI informs the JIT that due to this Court's preservation order, it "cannot actually turn over the cement" at this time. Exhibit 11. |

---

[4] From the date the Motion was filed, HESI constantly followed up with the JIT informing it of the status of the order so that they could proceed with picking up the cement samples. *See* Exhibits 21-27.

[5] Exhibit 30 - When HESI followed up to confirm pick up of the cement samples on November 3, 2010, the JIT noted that "the government has decided to send a different team than originally planned, and we need to reschedule. Would it be possible to retrieve the cement this Friday, Nov. 5? Again, my sincere apologies; you and I have been working on this for quite a while, and I hate to delay."

| | |
|---|---|
| 08/12/2010 | JIT issued a subpoena commanding HESI to produce "materials" from the DWH.  In the subpoena, the JIT noted HESI's "expressed willingness" to have the DWH samples tested, subject to satisfying HESI's concern about the preservation orders.  Exhibit 12. |
| 08/18/2010 | HESI reiterates to BP that HESI is under an obligation to preserve evidence under court orders.  Independent from BP's demand, HESI has taken steps to maintain the security and integrity of the "Macondo cement samples."  Exhibit 13. |
| 08/30/2010 | Subpoena *duces tecum* issued to HESI by the Department of Interior (IG) ordering the production of "all documents in the possession, custody or control" of the company.  Exhibit 14. |
| 09/14/2010 | The United States explains that the purpose of the August 12, 2010, subpoena is so that the JIT be given custody of the total quantity of all of the "materials/items" requested therein.  Exhibit 15. |
| 09/15/2010 | The United States confirms that HESI's turnover of the samples will satisfy both the JIT's and the IG's subpoenas.  Exhibit 15. |
| 09/17/2010 | HESI informs the United States that it will turn over all of the material that is left over and that both the United States and HESI should file a joint motion before the Court.  Exhibit 15. |
| 09/22/2010 | The United States modified HESI's draft Motion and provided a proposed order. Exhibit 16. |
| 10/01/2010 | The United States approves of the new changes to the draft Motion noting that after the order is granted, the JIT can arrange custody of the materials.  Exhibit 17. |
| 10/04/2010 | HESI forwards the final draft of the Motion and the order, which is approved by the United States.  Exhibit 18. |
| 10/06/2010 | The JIT informs HESI that the Motion will be unopposed.  Exhibit 19. |
| 10/07/2010 | HESI's Motion for Relief from Preservation of Evidence Obligations of PTO #1 filed.  Exhibit 20. |
| 10/12/2010 | HESI informs the United States that the Motion was filed on October 7, 2010.  Exhibit 21. |
| 10/13/2010 | HESI asks the JIT to ensure an orderly transfer and forwards the API recommended practices regarding storage of samples.  Exhibit 22. |
| 10/18/2010 | HESI informs the United States that Judge Barbier granted the Motion, but HESI has not yet seen a signed order.  Exhibit 23. |
| 10/21/2010 | HESI confirms the location of the samples.  Exhibit 24. |
| 10/25/2010 | The JIT responds: "I am sorry it is taking so long to sort this out.  I think we've decided that there is place for it at Michoud, so I just need to arrange for someone to get it."  Exhibit 25. |
| 10/25/2010 | JIT and HESI make arrangements for the sample retrieval.  Exhibit 26. |
| 10/26/2010 | JIT informs HESI that it would like to pick up the samples on November 3, 2010.  Exhibit 27. |
| 10/29/2010 | Order granting HESI's Motion for Relief from Preservation of Evidence Obligations of PTO #1.  Exhibit 28. |

| | |
|---|---|
| 10/29/2010 | HESI informs the United States of the entry of the order and confirms the sample turnover date of November 3, 2010.  Exhibit 29. |
| 11/02/2010 | Although the JIT first arranged the pick up the cement samples on November 3, 2010, the JIT decided to reschedule to November 5, 2010.  Exhibit 30. |
| 11/16/2010 | Chain of Custody Record (from Captain Englebert). Exhibit 31. |

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com

1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

-7-

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Energy Services Inc.'s Timeline regarding Macondo Well Cement has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 14th day of March, 2013.

/s/  *Donald E. Godwin*
Donald E. Godwin