# EXHIBIT 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : MDL NO. 2179 : : : : SECTION: J : : : JUDGE BARBIER : MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES TO ALL CASES**

<u>PRETRIAL ORDER #1</u>
Setting Initial Conference

It appearing that civil actions listed on Schedule A, attached hereto, which were transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its order of August 10, 2010, merit special attention as complex litigation, it is, therefore, **ORDERED** that:

1. **INTRODUCTION** – It is not yet known how many attorneys will eventually join this litigation, but we can assume it will be a large number. As attorneys involved in a multi-district case, you will probably be laboring together for some time in the future with work progressively becoming more complicated and exacting. Some of you know each other and some are complete

>   newly filed or transferred case a copy of this Order;
>
> d.  Upon the first appearance of any new defendant, forward to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

12.  **APPEARANCES IN LITIGATION** — Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83.2.6E and 83.2.7 are waived. Association of local counsel is not required.

13.  **REMAND STIPULATIONS** — In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

14.  **PRESERVATION OF EVIDENCE** — All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data,

and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.  Preservation includes the obligation not to alter any such  thing as to its form, content or manner of filing.  Until the parties reach an agreement on a preservation plan or the Court orders otherwise,

each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.

Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

15. **FILING OF DISCOVERY REQUESTS** — In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.