# EXHIBIT 16

## Bragg, Terri

| | |
|---|---|
| From: | Smith, Sharon D. (USALAE) <Sharon.D.Smith@usdoj.gov> |
| Sent: | Wednesday, September 22, 2010 3:47 PM |
| To: | Bowman Jr., Bruce |
| Cc: | Murphy, Silvia; Underhill, Mike (CIV) |
| Subject: | Subpoenas to Halliburton for cementing job samples |
| Attachments: | Halliburton_Motion_re_Subpoena_for_Cement_Components-Draft_9-22-10.DOC; Order_re_Halliburton_Subpoena-Draft_9-22-10.docx |

Bruce,

I have modified your initial draft of a motion to the court to suggest changes that are consistent with our recent discussions. I have also taken the liberty of drafting a proposed order. Both are attached. After your review, please call me to discuss the next step.

Also, in response to your question regarding where to send copies of cement test reports I'm getting a name and address as to where to send those.

Sharon Smith

Telephone: 504-680-3004

<<Halliburton_Motion_re_Subpoena_for_Cement_Components-Draft_9-22-10.DOC>>
<<Order_re_Halliburton_Subpoena-Draft_9-22-10.docx>>

1

UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES

## MOTION OF DEFENDANT, HALLIBURTON ENERGY SERVICES, INC., REQUESTING RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS PURSUANT TO PRETRIAL ORDER NO. 1

Defendant, Halliburton Energy Services, Inc. ("Halliburton"), files this Motion Requesting Relief from Preservation of Evidence Obligations Pursuant to Pretrial Order No. 1, and respectfully represents to the Court as follows:

1. On August 12, 2010, Mr. David Dykes, a Co-Chairman of the Joint Investigation,[1] charged with conducting an investigation into the Mobile Offshore Drilling Unit (MODU) *Deepwater Horizon* incident,[2] issued a subpoena pursuant to its authority under 43 U.S.C. § 1348(f) and 46 U.S.C. § 6304, to Halliburton by delivery to its counsel of record. A true and correct copy

---

[1] The Joint Investigation is conducted by the United States Coast Guard (USCG) and the Bureau of Ocean Energy Management, Regulation and Enforcement (BOEMRE). For ease of reference, the Joint Investigation will be referred to herein as the JIT (Joint Investigation Team).

[2] As the Court is aware, the JIT sits as an independent investigatory body authorized by Congress pursuant to enabling statutes and regulations. *See*, 46 U.S.C. §§ 6301, *et seq.*; 43 U.S.C. § 1348; 14 U.S.C. § 141; 33 C.F.R. § 140, Subpart C; and 30 C.F.R. §§ 250.186-191.

of the subpoena is attached hereto as Exhibit 1. The subpoena commands Halliburton to produce and permit inspection, testing, and/or sampling of various "materials/samples" used by Halliburton in the cementing process, specifically those listed in Halliburton's response to a subpoena issued by the United States Chemical Safety & Hazard Investigation Board and those listed in Halliburton's Deepwater Horizon Post Job Reports. *See* Exhibit 1, pp. 1-2. The subpoena also commands "any available solidified cement materials used in the well or tests reported in the Halliburton Post Job Reports," "representative samples of any additional materials that may have been added to the cements listed in Halliburton's Post Job Reports," and "representative samples of any other cement or cement components that were used" in the well. *Id.*

2. Section 1348 is part of OCSLA[3] that sets forth provisions regarding the enforcement of safety and environmental regulations. 43 U.S.C. §1348. Section 1348 requires the enforcement of safety and environmental regulations by the Secretary of the Interior and the Secretary of the Department of Homeland Security, the department under which the USCG operates. *Id.* Section 1348(d)(2) requires the BOEMRE and the USCG to investigate and to produce a public report on each major fire, each major oil spillage, and any death or serious injury occurring as a result of operations conducted pursuant to OCSLA. 43 U.S.C. § 1348(d)(1)-(2). Additionally, OCSLA gives the BOEMRE and the USCG the power to issue subpoenas that summon witnesses and require production of evidence while conducting its investigation. 43 U.S.C. § 1348(f). The USCG and BOEMRE also rely on 46 U.S.C. § 6301, *et seq.*, which grants authority to the USCG to investigate a "marine casualty or accident." *See* 46 U.S.C. § 6301, *et seq.* This statute mandates the investigation of "marine casualties" to decide, as closely as possible:

---

[3] *See generally*, 43 U.S.C. §§ 1331-1356(a).

1) the cause of the casualty, including the cause of any death;

2) whether an act of misconduct, incompetence, negligence, unskillfulness, or willful violation of law committed by any individual licensed, certificated, or documented under. . . 46 USCS §§ 7101 *et seq.* has contributed to the cause of the casualty, or to a death involved in the casualty, so that appropriate remedial action under. . . 46 USCS §§ 7701 *et seq.* may be taken;

3) whether an act of misconduct, incompetence, negligence, unskillfulness, or willful violation of law committed by any person, including an officer, employee, or member of the Coast Guard, contributed to the cause of the casualty, or to a death involved in the casualty;

4) whether there is evidence that an act subjecting the offender to a civil penalty under the laws of the United States has been committed, so that appropriate action may be undertaken to collect the penalty;

5) whether there is evidence that a criminal act under the laws of the United States has been committed, so that the matter may be referred to appropriate authorities for prosecution; and

6) whether there is need for new laws or regulations, or amendment or repeal of existing laws or regulations, to prevent the recurrence of the casualty.

*See* 46 U.S.C. § 6301 (1)–(6).

In investigating marine casualties, 46 U.S.C. § 6304 grants the USCG authority to issue subpoenas that command the attendance and testimony of witnesses, including parties-in-interest, and the production of any evidence. 46 U.S.C. § 6304(a). The subpoena authority granted by section 6304 is coextensive with the civil jurisdiction of a district court of the United States for the district in which the investigation is conducted. *Id.*

3. Halliburton has also been served with a subpoena *duces* tecum issued by the Department of the Interior, Office of Inspector General (DOI-OIG). A true and correct copy of the DOI-OIG subpoena *duces tecum* is attached hereto as Exhibit 2. The DOI-OIG subpoena requests Halliburton to produce "all cement or cement samples or fragments from the Block 252 Lease or the Deepwater Horizon, including that referenced during the testimony of Jesse

Gagliano before the Marine Board the week of August 23, 2010, as well as all analysis, testing data, and results related to such cement." *Id.*

4. The Inspector General Act of 1978 (IG Act) established Inspectors General in various federal agencies, including the Department of the Interior. 5 U.S.C. App. 3. Inspectors General have broad authority to, *inter alia*, "provide policy direction for and to conduct, supervise, and coordinate audits and investigations relating to the programs and operations of such establishment." 5 U.S.C. App. 3, § 4.

5. In carrying out the provisions of the IG Act, Inspectors General are authorized "to require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium (including electronically stored information, as well as any tangible thing) and documentary evidence necessary in the performance of the functions assigned by this Act, which subpoena, in the case of contumacy or refusal to obey, shall be enforceable by order of any appropriate United States district court: . . . ." 5 U.S.C. App. 3 § 6(a)(4).

6. Halliburton has possession, custody, and/or control of the following samples of the material used by Halliburton in the Deepwater Horizon cementing projects (collectively called Cementing Samples) and is willing to produce them to the United States: 1) the physical samples from the Deepwater Horizon project listed on the document titled "Attachment "C" to Halliburton's Energy Service, Inc.'s Response to U. S. Chemical Safety & Hazard Investigation Board's Subpoena Hal-1SUBDOC8," which was attached to the JIT's subpoena (Exhibit 1 hereto) as Attachment A; 2) 1 quart of ZoneSeal – 2000 from the same lot used in the cementing job performed on the Deepwater Horizon project on _____; and 3) 2 gallons and one quart of the SCR-100 from the same lot used in the

cementing job performed on the Deepwater Horizon project on _____. **[Bruce, the foregoing is based on your emails. If there are additional responsive materials, e.g. samples from other cementing jobs on the Deepwater Horizon project, then please add this information.]** Halliburton can also make available samples of each of the liquid and dry additives of the type used in the cementing jobs performed on the Deepwater Horizon project but does not have possession of any quantity of those additives from the same batch or lot as was used in the cementing jobs performed on the Deepwater Horizon project, except as listed in 1) and 2) above.

7. Halliburton is agreeable to turning over all of the Cementing Samples in response to the JIT's subpoena (Exhibit 1) and the JIT has indicated it is willing to take custody of the Cementing Samples. The JIT has further indicated that it intends to solicit input from all interested parties regarding development of a protocol for testing the Cementing Samples.

8. Upon information and belief, the Cementing Samples are deteriorating over time and, therefore, it is in the interest of all parties that testing of the Cementing Samples should be undertaken as soon as reasonably practicable.

9. The JIT has represented that it will maintain chain of custody in accordance with JIT's physical evidence collection protocol, which protocol is attached hereto as Exhibit 3 and has been previously provided to the Court and Plaintiffs' and Defendants' Interim Liaison Counsel in connection with the recovery of the BOP.

10. The DOI-OIG has represented that Halliburton's compliance with the subpoena issued by the JIT (Exhibit 1), will satisfy the subpoena issued by DOI-OIG (Exhibit 2).

THEREFORE, Halliburton moves the Court for an order permitting it to release the Cementing Samples to the JIT and otherwise relieving Halliburton from any contrary obligations

as may be set forth in the Court's Pretrial Order No. 1, as amended. A proposed order is attached.

Respectfully Submitted,

GODWIN RONQUILLO PC

By: /s/ Donald E. Godwin
Donald E. Godwin
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANTS
HALLIBURTON ENERGY SERVICES, INC.
AND HALLIBURTON COMPANY**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG ᴀDEEPWATER HORIZON@ in the GULF OF MEXICO, on APRIL 20, 2010. ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN<br><br>THIS DOCUMENT RELATES TO ALL CASES |

### ORDER

WHEREFORE, the Court having been advised that certain materials/samples used by Halliburton Energy Services, Inc. (AHalliburton@) in the cementing jobs performed on the Deepwater Horizon project have been subpoenaed by the Joint Investigation (JIT) and the Office of Inspector General for the United States Department of the Interior;

WHEREFORE, the Court having been further advised by Halliburton that it has in its possession, custody or control the following items responsive to the subpoenas (collectively called Cementing Samples):

1) the physical samples from the Deepwater Horizon project listed on the document titled "Attachment "C" to Halliburton's Energy Service, Inc.'s Response to U. S. Chemical Safety & Hazard Investigation Board's Subpoena Hal-1SUBDOC8," which was attached to the JIT's subpoena (Exhibit 1 hereto) as Attachment A,

2) 1 quart of ZoneSeal – 2000 from the same lot used in the cementing job performed on the Deepwater Horizon project on _____, and

~1~

3) 2 gallons and one quart of the SCR-100 from the same lot used in the cementing job performed on the Deepwater Horizon project on _____; **[Bruce, obviously this list will have to be modified if you add items to the motion.]**

WHEREFORE, the Court having been further advised that Halliburton is willing to deliver to the JIT the Cementing Samples and the JIT is willing to take custody of the Cementing Samples and that chain of custody will be maintained in accordance with the JIT's Physical Evidence Collection protocol;

WHEREFORE, the Court having been further advised by Halliburton that the Cementing Samples may be deteriorating over time and, therefore, it is in the interest of all parties for testing of the Cementing Samples to be undertaken as soon as reasonably practicable;

IT IS ORDERED that to the extent necessary to amend and modify Paragraph 14 of the Court=s Pretrial Order No. 1 to permit Halliburton to provide the Cementing Samples to the JIT, Paragraph 14 of the Court=s Pretrial Order No. 1 shall be, and the same is, so amended and modified.

IT IS FURTHER ORDERED that no destructive testing on the Cementing Samples will be conducted without further order of the Court.

IT IS SO ORDERED this _____ day of September, 2010, at New Orleans, Louisiana.

_____
**THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE**

~2~