# EXHIBIT 20

UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES

## HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS OF PRETRIAL ORDER NO. 1

Defendant Halliburton Energy Services, Inc. ("HESI") files this Motion For Relief from Preservation of Evidence Obligations of Pretrial Order No. 1, and respectfully represents to the Court as follows:

1.      For the reasons more fully set forth in HESI's memorandum filed in support of this motion, HESI moves the Court to enter an order permitting it to release the Cementing Components, as defined by the supporting memorandum, to the Joint Investigation Team, and to otherwise relieve HESI from any contrary obligations as may be set forth in the Court's Pretrial Order No. 1, as amended.

2.      Counsel for BP has indicated that while BP does not necessarily agree with the factual recitations and legal conclusions set forth in this Motion and supporting memorandum, it does not oppose the relief requested. All other liaison counsel for plaintiffs and defendants have indicated that they do not oppose the relief requested in this Motion and supporting memorandum.

3.      THEREFORE, HESI moves the Court to enter an order as described in paragraph

1, a proposed form of which is filed contemporaneously herewith.

Dated October 7, 2010.

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

By:  /s/  Donald E. Godwin

Donald E. Godwin
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for BP has indicated that while BP does not necessarily agree with the factual recitations and legal conclusions set forth in this Motion, it does not oppose the relief requested. All other liaison counsel for plaintiffs and defendants have indicated that they do not oppose the relief requested in this Motion.

/s/ Donald E. Godwin

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2010 a copy of the foregoing Halliburton Energy Services, Inc.'s Motion for Relief from Preservation of Evidence Obligations of Pretrial Order No. 1 was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin

UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL<br>RIG "DEEPWATER HORIZON"<br>IN THE GULF OF MEXICO,<br>ON APRIL 20, 2010 | §<br>§<br>§<br>§<br>§<br>§ | **MDL No. 2179**<br><br>**SECTION: J**<br><br>**JUDGE BARBIER**<br>**MAG. JUDGE SHUSHAN** |

**THIS DOCUMENT RELATES TO ALL CASES**

### HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS OF PRETRIAL ORDER NO. 1

Defendant Halliburton Energy Services, Inc. ("HESI") files this Memorandum in Support

of Motion For Relief from Preservation of Evidence Obligations of Pretrial Order No. 1,[1] and

respectfully represents to the Court as follows:

---

[1] In addition to Paragraph 14 of this Court's Pretrial Order No. 1, HESI is also subject to evidence preservation orders/requests as follow: Preservation Order in *Cooper et al. v. BP et al.*, In the Eastern District of Louisiana, Cause No. 10-1229 (transferred to this Court on August 21, 2010); Preservation Order in *National Vietnamese American Fishermen Emergency Association et al. v. BP et al.*, Cause No. 10-1607, In the Southern District of Texas (transferred to this Court on August 12, 2010); Preservation Order in *Stone, et al. v. Transocean Offshore Deepwater Drilling, Inc., et al.*, Cause No. 10-1851, In the Southern District of Texas (transferred to this Court on September 22, 2010); Preservation Request Letters from the Department of Justice and from the State Attorneys General for the States of Louisiana, Texas, Mississippi, Alabama, Florida, Virginia, North Carolina, New Jersey, Delaware, Rhode Island, Maryland, Maine, Massachusetts, South Carolina, Georgia, Connecticut, New Hampshire, and New York. HESI requests that proper steps be taken to insure that any turnover of the material referenced herein does not violate any of these orders/requests.

**HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS**
**OF PRETRIAL ORDER NO. 1**

1.      On August 12, 2010, the Joint Investigation,[2] charged with conducting an investigation into the Mobile Offshore Drilling Unit (MODU) *Deepwater Horizon* incident,[3] served HESI with a subpoena pursuant to its authority under 43 U.S.C. § 1348(f) and 46 U.S.C. § 6304. A true and correct copy of the subpoena is attached hereto as Exhibit 1. The subpoena commands HESI to produce and permit inspection, testing, and/or sampling of various "materials/samples" used by HESI in the cementing process, specifically those listed in HESI's response to a subpoena issued by the United States Chemical Safety & Hazard Investigation Board, and those listed in HESI's Deepwater Horizon Post Job Reports. *See* Exhibit 1, pp. 1-2. The subpoena also commands the production of:

> any available solidified cement materials used in the well or tests reported in the Halliburton Post Job Reports, . . . representative samples of any additional materials that may have been added to the cements listed in Halliburton's Post Job Reports, . . and representative samples of any other cement or cement components that were used [in the well].

*Id.*

2.      Section 1348 of OCSLA[4] sets forth provisions regarding the enforcement of safety and environmental regulations. 43 U.S.C. § 1348. Section 1348 requires the enforcement of safety and environmental regulations by the Secretary of the Interior and the Secretary of the Department of Homeland Security, the department under which the USCG operates. *Id.* Section 1348(d)(2) requires the BOEMRE and the USCG to investigate and to produce a public report on each major fire, each major oil spillage, and any death or serious injury occurring as a result of

---

[2] The Joint Investigation is conducted by the United States Coast Guard (USCG) and the Bureau of Ocean Energy Management, Regulation and Enforcement (BOEMRE). For ease of reference, the Joint Investigation will be referred to herein as the JIT (Joint Investigation Team).

[3] As the Court is aware, the JIT sits as an independent investigatory body authorized by Congress pursuant to enabling statutes and regulations. *See*, 46 U.S.C. §§ 6301, *et seq.*; 43 U.S.C. § 1348; 14 U.S.C. § 141; 33 C.F.R. § 140, Subpart C; and 30 C.F.R. §§ 250.186-.191.

[4] *See generally*, 43 U.S.C. §§ 1331-1356(a).

**HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS OF PRETRIAL ORDER NO. 1**

operations conducted pursuant to OCSLA. 43 U.S.C. § 1348(d)(1)-(2). Additionally, OCSLA gives the BOEMRE and the USCG the power to issue subpoenas that summon witnesses and require production of evidence while conducting its investigation. 43 U.S.C. § 1348(f).

3.     The JIT has also commanded production pursuant to 46 U.S.C. § 6301, *et seq.*, which grants the USCG authority to investigate a "marine casualty or accident." *See* 46 U.S.C. § 6301, *et seq.* This statute mandates the investigation of "marine casualties" to determine, as closely as possible:

(1)    the cause of the casualty, including the cause of any death;

(2)    whether an act of misconduct, incompetence, negligence, unskillfulness, or willful violation of law committed by any individual licensed, certificated, or documented under. . . 46 USCS §§ 7101 *et seq.* has contributed to the cause of the casualty, or to a death involved in the casualty, so that appropriate remedial action under. . . 46 USCS §§ 7701 *et seq.* may be taken;

(3)    whether an act of misconduct, incompetence, negligence, unskillfulness, or willful violation of law committed by any person, including an officer, employee, or member of the Coast Guard, contributed to the cause of the casualty, or to a death involved in the casualty;

(4)    whether there is evidence that an act subjecting the offender to a civil penalty under the laws of the United States has been committed, so that appropriate action may be undertaken to collect the penalty;

(5)    whether there is evidence that a criminal act under the laws of the United States has been committed, so that the matter may be referred to appropriate authorities for prosecution; and

(6)    whether there is need for new laws or regulations, or amendment or repeal of existing laws or regulations, to prevent the recurrence of the casualty.

*See* 46 U.S.C. § 6301 (1)–(6). In investigating marine casualties, 46 U.S.C. § 6304 grants the USCG authority to issue subpoenas that command the attendance and testimony of witnesses, including parties-in-interest, and the production of any evidence. 46 U.S.C. § 6304(a). The subpoena authority granted by § 6304 is coextensive with the civil jurisdiction of a district court of the United States for the district in which the investigation is conducted. *Id.*

**HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF
MOTION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS
OF PRETRIAL ORDER NO. 1**

Page 3

4.      HESI has also been served with a subpoena *duces tecum* issued by the Department of the Interior, Office of Inspector General (DOI-OIG). A true and correct copy of the DOI-OIG subpoena *duces tecum* is attached hereto as Exhibit 2. The DOI-OIG subpoena commands HESI to produce "all cement or cement samples or fragments from the Block 252 Lease or the Deepwater Horizon, including that referenced during the testimony of Jesse Gagliano before the Marine Board the week of August 23, 2010, as well as all analysis, testing data, and results related to such cement." *Id.*

5.      The Inspector General Act of 1978 (IG Act) established Inspectors General in various federal agencies, including the Department of the Interior. 5 U.S.C. App. 3. Inspectors General have broad authority to, *inter alia*, "provide policy direction for and to conduct, supervise, and coordinate audits and investigations relating to the programs and operations of such establishment." 5 U.S.C. App. 3, § 4. In carrying out the provisions of the IG Act, Inspectors General are authorized to:

> [r]equire by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium (including electronically stored information, as well as any tangible thing) and documentary evidence necessary in the performance of the functions assigned by this Act, which subpoena, in the case of contumacy or refusal to obey, shall be enforceable by order of any appropriate United States district court
> . . .

5 U.S.C. App. 3 § 6(a)(4).

6.      HESI has possession, custody, and/or control of the following components of the material used by HESI in the Deepwater Horizon cementing jobs (collectively, the "Cementing Components") and is willing to produce them to the United States: 1) the physical components from the Deepwater Horizon job listed on the document titled "Attachment "C" to Halliburton's Energy Service, Inc.'s Response to U. S. Chemical Safety & Hazard Investigation Board's

Subpoena Hal-1SUBDOC8," which was attached to the JIT's subpoena (Exhibit 1 hereto) as Attachment A; 2) 1 quart of ZoneSeal – 2000 from the same lot used on the Deepwater Horizon project on April 19, 2010; and 3) 2 gallons and one quart of the SCR-100 from the same lot used on the Deepwater Horizon on April 19, 2010. HESI can also make available each of the liquid and dry additives of the type used on the Deepwater Horizon, but does not have possession of any quantity of those additives from the same batch or lot as was used on the Deepwater Horizon project, except as listed in 1), 2) and 3) above. HESI has agreed to make these additional materials available to the JIT in an amount and at a time to be later determined by HESI and the JIT.

7.      HESI is agreeable to turning over all of the Cementing Components in response to the JIT's subpoena (Exhibit 1) and the JIT is willing to take custody of the Cementing Components.      The JIT intends to solicit input from all interested parties regarding the development of a protocol for testing the Cementing Components.

8.      Upon information and belief, the Cementing Components deteriorate over time. Accordingly, the JIT has represented it would like to take possession of the Cementing Components as soon as reasonably practicable.

9.      The JIT will maintain chain of custody in accordance with its physical evidence collection protocol, a true and correct copy of which is attached hereto as Exhibit 3. This is the same protocol that was provided to the Court and Plaintiffs' and Defendants' Interim Liaison Counsel in connection with the recovery of the BOP.

10.      The DOI-OIG has represented that HESI's compliance with the subpoena issued by the JIT (Exhibit 1), will satisfy the subpoena issued by DOI-OIG (Exhibit 2).

THEREFORE, HESI moves the Court to enter an order permitting it to release the Cementing Components to the JIT and otherwise relieving HESI from any contrary obligations as may be set forth in the Court's Pretrial Order No. 1, as amended. A proposed order is attached.

Dated October 7, 2010

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

By: /s/ Donald E. Godwin

Donald E. Godwin
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2010 a copy of the foregoing Halliburton Energy Services, Inc.'s Memorandum in Support of Motion for Relief from Preservation of Evidence Obligations of Pretrial Order No. 1 was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin

**HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF
MOTION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS
OF PRETRIAL ORDER NO. 1**
D  1585900 v1-24010/0002 PLEADINGS

**Page 7**

UNITED STATES OF AMERICA
DEPARTMENT OF HOMELAND SECURITY
DEPARTMENT OF THE INTERIOR
JOINT INVESTIGATION CONDUCTED BY
UNITED STATES COAST GUARD
BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

(Authority 43 U.S. Code 1348; 46 U.S. Code 6304)

# In the Matter of the Fire & Explosion on the Deepwater Horizon

TO: Halliburton Energy Services, Inc.
c/o Bruce W. Bowman
Godwin Ronquillo
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041

Halliburton is hereby COMMANDED to produce, at the time, date, and place set forth below, the following materials, and to permit inspection, testing, and/or sampling of the materials:

o   The following quantities of the listed materials/samples below, which materials/samples from Halliburton's *Deepwater Horizon* job(s) were identified in Attachment "C" to Halliburton Energy Services, Inc.'s Response to U.S. Chemical Safety & Hazard Investigation Board's Subpoena Hal-1SUBDOC8 (attached to this subpoena as Attachment A):

| Material | Sample ID | Quantity Requested |
|---|---|---|
| Field (Fresh) Water | Lab sample ID # 67315 | 1 quart |
| Cement Blend | Lab Sample ID#67314 | 1 quart |
| Cement Blend | Lab Sample ID # 63813 | 1 quart |
| Synthetic base mud (14.4 ppg) | Sample ID # 67313 | 0.5 quart |
| Cement Blend | Sample ID # 66189 | 1 quart |
| Cement Blend (from Bulkplant) | Sample ID # 64660 | 1 quart |
| GASSTOP EXP | Lab Sample ID # 65007 | 1 quart |
| Job Mix Water for 216' squeeze | Lab Sample ID # 66191 | 1 quart |

1



EXHIBIT

1

o   The following quantities of the materials listed below, which were listed in the Halliburton Post Job Reports (attached to this subpoena as Attachment B). The following requested materials are not samples taken from Halliburton's *Deepwater Horizon* job(s), but are types of materials listed in the said Halliburton Post Job Reports:

| Material | Quantity Requested |
|---|---|
| Lafarge Class H | 50 lbs. |
| EZ-FLO | 1000 grams |
| D-air 3000 | 1000 grams |
| KCl (Potassium Chloride) Salt | 20 lbs. |
| SSA-1 (Silica Flour) – PB | 20 lbs. |
| SSA-2 (100 Mesh) – PB | 20 lbs. |
| SA-541 | 1 liter if liquid, 1000 grams if powder or dry |
| ZoneSealant 2000 | 1 liter if liquid, 1000 grams if powder or dry |
| SCR-100L | 1 liter if liquid, 1000 grams if powder or dry |
| HALAD-344EXP | 1000 grams |
| HR-6L | 1 liter |
| CaC12 (Calcium Chloride) Liquid | 1000 ml |

o   Any available solidified cement materials used in the well or tests reported in the Halliburton Post Job Reports (Attachment B).

o   Representative samples of any additional materials that may have been added to the cements listed in the Halliburton Post Job Reports (Attachment B), including samples of any lost circulation material.

o   Representative samples of any other cement or cementing components that were used in the Macondo well that are not identified on Attachments A and B hereto.

Place:  124 Ida Road             Date: August 19, 2010.
          Broussard, Louisiana

The names, telephone numbers, and e-mail addresses of the attorneys representing the Joint
Investigation, which issues this subpoena, are Lieutenant Commander Jeff Bray, (202) 309-9559,
jeff.r.bray@uscg.mil; and Silvia Murphy, (202) 604-3466, silvia.murphy@sol.doi.gov.

Dated at New Orleans, Louisiana on this 12th day of August 2010.

Mr. David Dykes
Co-Chairman, Joint Investigation
1201 Elmwood Park Boulevard
New Orleans, Louisiana 70123-2394

3

**ATTACHMENT "C" TO**
**Halliburton Energy Services, Inc.'s Response to**
**U.S. Chemical Safety & Hazard Investigation Board's Subpoena**
**Hal-1SUBDOC8**

HESI has secured the following physical samples from the Deepwater Horizon project:

Materials currently in lab for BP, Transocean Horizon Rig

**Information below is from sample containers

Location: M.C. 252, OCSG 32306 Well #1 – Macondo
Material: Field (Fresh) Water
Barcode Sample Date: April 5th, 2010
Lab Sample ID # 67315
Container Type: 5 gallon Bucket
Quantity: Approximately 4 gallons

Location: M.C. 252 OCSG 32306 Well #1 - Macondo
Material: Cement Blend
Ingredients: Lafarge Class H + .25% D-Air-3000 + .07% EZ-FLO + 1.88 lbs/sk KCL + .20% SA-541 + 20% SSA-1 + 15% SSA-2
Note: Sample came from Tank #8
Barcode Sample Date: April 5th, 2010
Lab Sample ID# 67314
Container Type: 5-gallon Bucket
Quantity: Approximately 1.5 gallons

Location: M.C. 252 OSCG 32306 Well #1 – Macondo
Material: Cement Blend
Ingredients: Lafarge Class H + .25% D-Air-3000 + .07% EZ-FLO + 1.88 lbs/sk KCL
Barcode Sample Date: February 22nd, 2010
Lab Sample ID # 63813
Container Type: 5-gallon Bucket
Quantity: Approximately 5 gallons

Location: M.C. 252 OCSG 32306 Well #1 - Macondo
Material: Synthetic Base Mud (14.4 ppg)
Barcode Sample Date: April 5th, 2010
Sample ID # 67313
Container Type: 1-gallon Bucket
Quantity: Approximately ½ gallon

1

HAL-CSB000007

Location: M.C. 252 Well #1
Material: Cement Blend
Ingredients: Lafarge Class H + .25% D-Air-3000 + .07% EZ-FLO + 1.88 lbs/sk KCL
Barcode Sample Date: March 23rd, 2010
Sample ID # 66189
Container Type: Plastic Bag
Quantity: Approximately 1 gallon

Location: M.C. 252 OSCG 32306 Well #1
Material: Cement Blend (from Bulkplant)
Ingredients: Lafarge Class H + .07% EZ-FLO
Barcode Sample Date: March 4th, 2010
Sample ID # 64660
Container Type: 5-gallon Bucket
Quantity: Approximately 3/4 gallon

Location: M.C. 252 OSCG 32306 Well #1
Material: GASSTOP EXP
Barcode Sample Date: March 9th, 2010
Lab Sample ID# 65007
Container Type: 1 gallon bucket
Quantity: Approximately 1 gallon

Location: M.C. 252 OCSG 32306 Well #1 – Macondo
Material: Job Mix Water for 16' squeeze
Ingredients: Field Fresh Water + .08 gals/sk Halad-344EXP + .06 gals/sk HR-6L
Barcode Sample Date: March 5th, 2010
Lab Sample ID # 66191
Container Type: 1 gallon bucket
Quantity: Approximately ¾ gallon

HAL-CSB000008

MC 252_Macondo BoD_28 in Casing_Post Job Report.pdf (Attachment 8 of 8)



### *Bp America Prod Co-sorac/gom Ebiz*
### *PO Box 22024 - Do Not Mail*
### *Tulsa, Oklahoma 74121-2024*

Macondo Prospect 1

United States of America

# 28" Casing Post Job Report

Prepared for: Mark Hafle, Brian Morel, & Trent Fleece

Version: 1
October 21, 2009

Submitted by:
Jesse Gagliano
Halliburton
10200 Bellaire Blvd
Houston, Texas 77072-5299

**HALLIBURTON**

EXHIBIT

Proprietary and Confidential - Do Not Copy

Page 105 of

MC 252_Macondo BoD_28 in Casing_Post Job Report.pdf (Attachment 8 of 8)

# HALLIBURTON

## Lab Results: 28" Tail Cement

# HALLIBURTON
### Cementing Gulf of Mexico, Broussard

**LAB RESULTS - Tail**

### Job Information

| Request/Slurry | 49394/2 | Rig Name | TRANSOCEAN MARIANAS | Date | October 5th 2009 |
|---|---|---|---|---|---|
| Submitted By | Jesse Gagliano | Job Type | 28" Conductor Casing | Bulk Plant | Fourchon-C-Port 1, La, USA |
| Customer | BP | Location | Mississippi Cny | Well | Mississippi Canyon 252 OCS-G-32306 Macondo #1 |

### Well Information

| Casing/Liner Size | 28" | Depth MD | 6275 ft | BHST | 65 F |
|---|---|---|---|---|---|
| Hole Size | 32 1/2" | Depth TVD | 6275 ft | BHCT | 60 F |

### Drilling Fluid Information

| Mud Company | Baroid | Type | WBM | Density | 12.5 PPG | PV/YP | |
|---|---|---|---|---|---|---|---|

### Cement Information - Tail Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | |
|---|---|---|---|---|---|---|---|
| | | | | | | Slurry Density | 16.741 PPG |
| 100.00 | % BWOC | Lafarge Class H | Bulk | Sep 29, 2009 | BULK BLEND | Slurry Yield | 1.06 FT3 |
| 0.07 | % BWOC | EZ-FLO | Bulk | Sep 29, 2009 | | Water Requirement | 4.02 GPS |
| 1.88 | lb/sk | KCl (Potassium Chloride) Salt | Bulk | Sep 29, 2009 | | Total Mix Fluid | 4.28 GPS |
| 0.07 | gps | ZoneSealant 2000 | Lab | Mar 15, 2009 | | Foam Density | 14.496 PPG |
| 0.26 | gps | CaCl2 (Calcium Chloride) Liquid | Lab | Feb 16, 2009 | | Foam Quality | 13.05 % |
| 4.02 | gps | Sea Water | Lab | Jan 02, 2009 | Pilot | Water Source | Sea Water |
| | | | | | | Water Chloride | 21500 ppm |

### Operation Test Results Request ID 49394/2

#### Thickening Time Request Test ID 561487

| Temp (°F) | Pressure (psi) | Reached in (min) | 70 Bc (hh:mm) |
|---|---|---|---|
| 60 | 3,068 | 34 | 04:03 |

#### Mixability (0 - 5) - 0 is not mixable. Request Test ID 561486

Mixability rating (0 – 5)

5

#### Crush Compressive Strength. Request Test ID 561487

| Curing Temp (°F) | Time 1 (hrs) | Strength 1 | Time 2 (hrs) | Strength 2 |
|---|---|---|---|---|
| 65 | 12 | 500 | 24 | 1,290 |
| Foamed to 14.5 ppg | | | | |

#### UCA Comp. Strength Request Test ID 561486

| End Temp (°F) | Pressure (psi) | 50 psi (hh:mm) | 500 psi (hh:mm) | 12 hr CS (psi) | 24 hr CS (psi) |
|---|---|---|---|---|---|
| 65 | 5,000 | 05:13 | 21:51 | 246 | 549 |

Proprietary and Confidential - Do Not Copy

MC 252_Macondo BoD_28 in Casing_Post Job Report.pdf (Attachment 8 of 8)

# HALLIBURTON

## *Lab Results: 28" Lead Cement*

# HALLIBURTON
## Cementing Gulf of Mexico, Broussard

**LAB RESULTS - Lead**

### Job Information

| Request/Slurry | 49393/1 | Rig Name | TRANSOCEAN MARIANAS | Date | | October 5th 2009 |
|---|---|---|---|---|---|---|
| Submitted By | Jesse Gagliano | Job Type | 28" Conductor Casing | Bulk Plant | | Fourchon-C-Port I, La, USA |
| Customer | BP | Location | Mississippi Cny | Well | | Mississippi Canyon 252 OCS-G-32306 Macondo #1 |

### Well Information

| Casing/Liner Size | 28" | Depth MD | 6275 ft | | BHST | 65 F |
|---|---|---|---|---|---|---|
| Hole Size | 32 1/2" | Depth TVD | 6275 ft | | BHCT | 60 F |

### Drilling Fluid Information

| Mud Company | Baroid | Type | WBM | Density | 12.5 PPG | PV/YP |
|---|---|---|---|---|---|---|

### Cement Information - Lead Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | |
|---|---|---|---|---|---|---|---|
| 100.00 | % BWOC | Lafarge Class H | Bulk | Sep 29, 2009 | BULK BLEND | Slurry Density | 16.741 PPG |
| 0.07 | % BWOC | EZ-FLO | Bulk | Sep 29, 2009 | | Slurry Yield | 1.06 FT3 |
| 1.88 | lb/sk | KCl (Potassium Chloride) Salt | Bulk | Sep 29, 2009 | | Water Requirement | 4.02 GPS |
| 0.07 | gps | ZoneSealant 2000 | Lab | Mar 15, 2009 | | Total Mix Fluid | 4.28 GPS |
| 0.26 | gps | CaCl2 (Calcium Chloride) Liquid | Lab | Aug 25, 2009 | | Foam Density | 13.503 PPG |
| 4.02 | gps | Sea Water | Lab | Jan 02, 2009 | Pilot | Foam Quality | 19.01 % |
| | | | | | | Water Source | Sea Water |
| | | | | | | Water Chloride | 21500 ppm |

### Operation Test Results Request ID 49393/1

**Thickening Time Request Test ID 55875**

| Temp (°F) | Pressure (psi) | Reached in (min) | Start BC | 30 Bc (hh:mm) | 40 Bc (hh:mm) | 50 Bc (hh:mm) | 70 Bc (hh:mm) |
|---|---|---|---|---|---|---|---|
| 60 | 3,068 | 34 | 17 | 01:39 | 02:04 | 02:34 | 04:03 |

**Mixability (0 - 5) - Is not mixable Request Test ID 55826**

Mixability rating (0 - 5)

5

**Crush Compressive Strength Request Test ID 55274**

| Curing Temp (°F) | Time 1 (hrs) | Strength 1 | Time 2 (hrs) | Strength 2 |
|---|---|---|---|---|
| 65 | 12 | 390 | 24 | 780 |
| Foamed to 13.5 ppg | | | | |

**Static Gel Strength (SGS) Request Test ID 56054**

| Temp (°F) | Pressure (psi) | Time to 100 lb/100ft2 (hh:mm) | Time to 500 lb/100ft2 (hh:mm) | Test speed [deg/min] | Stirring time (min) | Transition time (hh:mm) |
|---|---|---|---|---|---|---|
| 60 | 3,068 | 00:01 | 01:28 | 0 | 174 | 01:27 |

6 / 10

Proprietary and Confidential - Do Not Copy

MC 252_Macondo BoD_22 in Casing_Post Job Report.pdf (Attachment 7 of 8)



### *Bp America Prod Co-sorac/gom Ebiz*
### *PO Box 22024 - Do Not Mail*
### *Tulsa, Oklahoma 74121-2024*

Macondo Prospect 1

United States of America

# 22" Casing Post Job Report

Prepared for: Mark Hafle, Brian Morel, & Trent Fleece

Version:
October 29, 2009

Submitted by:
Jesse Gagliano
Halliburton
10200 Bellaire Blvd
Houston, Texas 77072-5299

## HALLIBURTON

Proprietary and Confidential - Do Not Copy

MC 252_Macondo BoD_22 In Casing_Post Job Report.pdf (Attachment 7 of 8)

# HALLIBURTON

## Lab Results: 22" Lead 1 Cement

# HALLIBURTON
### Cementing Gulf of Mexico, Broussard

**LAB RESULTS – Lead 1**

### Job Information

| Request/Slurry | 49408/3 | Rig Name | TRANSOCEAN MARIANAS | Date | October 5th 2009 |
|---|---|---|---|---|---|
| Submitted By | Jesse Gagliano | Job Type | 22" Surface Casing | Bulk Plant | Fourchon-C-Port I, La, USA |
| Customer | BP | Location | Mississippi Cay | Well | Mississippi Canyon 252 OCS-G-32306 Macondo #1 |

### Well Information

| Casing/Liner Size | 22" | Depth MD | 8000 ft | BHST | 89 F |
|---|---|---|---|---|---|
| Hole Size | 26" | Depth TVD | 8000 ft | BHCT | 77 F |

### Drilling Fluid Information

| Mud Company | Barold | Type | WBM | Density | 12.5 PPG | PV/YP |
|---|---|---|---|---|---|---|

### Cement Information - Lead Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | | |
|---|---|---|---|---|---|---|---|---|
| 100.00 | % BWOC | Lafarge Class H | Bulk | Sep 29, 2009 | BULK BLEND | Slurry Density | 16.741 | PPG |
| | | | | | | Slurry Yield | 1.05 | FT3 |
| 0.07 | % BWOC | EZ-FLO | Bulk | Sep 29, 2009 | | Water Requirement | 4.2 | GPS |
| 1.88 | lb/sk | KCl (Potassium Chloride) Salt | Bulk | Sep 29, 2009 | | Foam Density | 13.503 | PPG |
| 0.07 | gps | ZoneSealant 2000 | Lab | Oct 23, 2008 | | Foam Quality | 19.01 | % |
| 4.20 | gps | Sea Water | Rig | Oct 07, 2009 | | Water Source | Sea Water | |
| | | | | | | Water Chloride | N/A | ppm |

### Operation Test Results Request ID 49408/3

#### Thickening Time Request Test ID 565172

| Temp (°F) | Pressure (psi) | Reached in (min) | Start BC | 30 Bc (hh:mm) | 40 Bc (hh:mm) | 50 Bc (hh:mm) | 70 Bc (hh:mm) |
|---|---|---|---|---|---|---|---|
| 77 | 4,215 | 41 | 21 | 02:13 | 02:32 | 04:04 | 05:22 |

#### Mixability (0 – 5): 0 is not mixable Request Test ID 565173

Mixability rating (0 – 5)
5

#### Crush Compressive Strength Request Test ID 565172

| Curing Temp (°F) | Time 1 (hrs) | Strength 1 | Time 2 (hrs) | Strength 2 | Foam quality |
|---|---|---|---|---|---|
| 89 | 12 | 278 | 24 | 800 | 0 |
| Foamed to 13.5 ppg | | | | | |

#### Static Gel Strength (SGS) Request Test ID 565174

| Temp (°F) | Pressure (psi) | Time to 100 lb/100ft2 (hh:mm) | Time to 500 lb/100ft2 (hh:mm) | Test speed [deg/min] | Stirring time (min) | Transition time (hh:mm) |
|---|---|---|---|---|---|---|
| 77 | 4,215 | 00:01 | 00:08 | 0 | 206 | 00:07 |
| Good Test. | | | | | | |

6 / 27

MC 252_Macondo BoD_22 in Casing_Post Job Report.pdf (Attachment 7 of 8)

# HALLIBURTON

## *Lab Results: 22" Lead 2 Cement*

# HALLIBURTON
### Cementing Gulf of Mexico, Broussard

**LAB RESULTS – Lead 2**

### Job Information

| Request/Slurry | 49411/1 · | Rig Name | TRANSOCEAN MARIANAS | Date | October 5th 2009 |
|---|---|---|---|---|---|
| Submitted By | Jesse Gagliano | Job Type | 22" Surface Casing | Bulk Plant | Fourchon-C-Port I, La, USA |
| Customer | BP | Location | Mississippi Cny | Well | Mississippi Canyon 252 OCS-G-32306 Macondo #1 |

### Well Information

| Casing/Liner Size | 22" | Depth MD | 8000 ft | BHST | 89 F |
|---|---|---|---|---|---|
| Hole Size | 26" | Depth TVD | 8000 ft | BHCT | 77 F |

### Drilling Fluid Information

| Mud Company | Baroid | Type | WBM | Density | 12.5 PPG | PV/YP | |
|---|---|---|---|---|---|---|---|

### Cement Information - Lead Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Slurry Density | 16.741 | PPG |
| 100.00 | % BWOC | Lafarge Class H | | | | Slurry Yield | 1.06 | FT3 |
| 0.07 | % BWOC | EZ-FLO | | | | Water Requirement | 4.11 | GPS |
| | | | | | | Total Mix Fluid | 4.24 | GPS |
| 1.88 | lb/sk | KCl (Potassium Chloride) Salt | | | | Foam Density | 13.503 | PPG |
| 0.07 | gps | ZoneSealant 2000 | | | | Foam Quality | 19.01 | % |
| 0.13 | gps | CaCl2 (Calcium Chloride) Liquid | | | | Water Source | Sea Water | |
| 4.11 | gps | Sea Water | | | | Water Chloride | N/A | ppm |

### Operation Test Results Request ID 49411/1

**Thickening Time: Request Test ID 558309**

| Temp (°F) | Pressure (psi) | Reached in (min) | 70 Bc (hh:mm) |
|---|---|---|---|
| 77 | 4,215 | 41 | 04:02 |

**Mixability (0 - 5): Is the mixture mixable Request Test ID 558309**

| Mixability rating (0 – 5) |
|---|
| 4 |

**Crush Compressive Strength: Request Test ID 558307**

| Curing Temp (°F) | Time 1 (hrs) | Strength 1 | Time 2 (hrs) | Strength 2 | Foam quality |
|---|---|---|---|---|---|
| 89 | 12 | 495 | 24 | 520 | 0 |
| Foamed to 13.5 ppg | | | | | |

**Static Gel Strength: CGS Request Test ID 558308**

| Temp (°F) | Pressure (psi) | Time to 100 lb/100ft2 (hh:mm) | Time to 500 lb/100ft2 (hh:mm) | Test speed [deg/min] | Stirring time (min) | Transition time (hh:mm) |
|---|---|---|---|---|---|---|
| 77 | 4,215 | 00:03 | 00:10 | 0 | 151 | 00:07 |
| JPT = 2:31 | | | | | | |

8 / 27

Proprietary and Confidential - Do Not Copy

MC 252_Macondo BoD_22 in Casing_Post Job Report.pdf (Attachment 7 of 8)

# HALLIBURTON

## *Lab Results: 22" Tail Cement*

# HALLIBURTON
### Cementing Gulf of Mexico, Broussard

**LAB RESULTS – Tail**

### Job Information

| Request/Slurry | 49414/1 | Rig Name | TRANSOCEAN MARIANAS | Date | October 5th 2009 |
| Submitted By | Jesse Gagliano | Job Type | 22" Surface Casing | Bulk Plant | Fourchon-C-Post I, La, USA |
| Customer | BP | Location | Mississippi Cny | Well | Mississippi Canyon 252 OCS-G-32306 Macondo #1 |

### Well Information

| Casing/Liner Size | 22" | Depth MD | 8000 ft | BHST | 89 F |
| Hole Size | 26" | Depth TVD | 8000 ft | BHCT | 77 F |

### Drilling Fluid Information

| Mud Company | Baroid | Type | WBM | Density | 12.5 PPG | PV/YP |

### Cement Information - Tail Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | | |
|------|-----|-----------------|-------------|-------------|---------|----------|----|----|
| | | | | | | Slurry Density | 16.741 | PPG |
| 100.00 | % BWOC | Lafarge Class H | | | | Slurry Yield | 1.06 | FT3 |
| 0.07 | % BWOC | EZ-FLO | | | | Water Requirement | 4.11 | GPS |
| 1.88 | lb/sk | KCI (Potassium Chloride) Salt | | | | Total Mix Fluid | 4.24 | GPS |
| 0.07 | gps | ZoneSealant 2000 | | | | Foam Density | 14.496 | PPG |
| 0.13 | gps | CaCl2 (Calcium Chloride) Liquid | | | | Foam Quality | 13.05 | % |
| 4.11 | gps | Sea Water | | | | Water Source | Sea Water | |
| | | | | | | Water Chloride | N/A | ppm |

### Operation Test Results Request ID 49414/1

#### Thickening Time: Request Test ID 558406

| Temp (°F) | Pressure (psi) | Reached In (min) | 70 Bc (hh:mm) |
|-----------|----------------|------------------|---------------|
| 77 | 4,215 | 41 | 04:02 |

#### Mixability (0 - 5): 0 is not mixable: Request Test ID 558409

| Mixability rating (0 - 5) |
|---------------------------|
| 4 |

#### Crush Compressive Strength: Request Test ID 558411

| Curing Temp (°F) | Time 1 (hrs) | Strength 1 | Time 2 (hrs) | Strength 2 | Foam quality |
|------------------|--------------|------------|--------------|------------|--------------|
| 89 | 12 | 435 | 24 | 1,270 | 0 |
| Foamed to 14.5 ppg | | | | | |

#### UCA Comp. Strength: Request Test ID 558413

| End Temp (°F) | Pressure (psi) | 50 psi (hh:mm) | 500 psi (hh:mm) | 12 hr CS (psi) | 24 hr CS (psi) |
|---------------|----------------|----------------|-----------------|----------------|----------------|
| 89 | 5,000 | 04:16 | 07:39 | 1,114 | 2,232 |

#### Static Gel Strength (SGS): Request Test ID 558408

| Temp (°F) | Pressure (psi) | Time to 100 lb/100ft2 (hh:mm) | Time to 500 lb/100ft2 (hh:mm) | Transition time (hh:mm) |
|-----------|----------------|-------------------------------|-------------------------------|-------------------------|
| 77 | 4,215 | 00:16 | 00:29 | 00:13 |

10 / 27

Proprietary and Confidential - Do Not Copy

MC 252_Macondo BoD_22 In Casing_Post Job Report.pdf (Attachment 7 of 8)

# HALLIBURTON
## *Lab Results: 22" Squeeze*

# HALLIBURTON
### Cementing Gulf of Mexico, Broussard

**LAB RESULTS – 22" Squeeze**

### Job Information

| | | | | |
|---|---|---|---|---|
| **Request/Slurry** | 50385/3 | **Rig Name** | TRANSOCEAN MARIANAS | **Date** | October 13th 2009 |
| **Submitted By** | Jesse Gagliano | **Job Type** | 22" Shoe Squeeze | **Bulk Plant** | Fourchon-C-Port I, La, USA |
| **Customer** | BP | **Location** | Mississippi Cny | **Well** | Mississippi Canyon 252 OCS-G-32306 Macondo #1 |

### Well Information

| | | | | | |
|---|---|---|---|---|---|
| **Casing/Liner Size** | 22" | | | | |
| **Hole Size** | 26" | **Depth MD** | 7947 ft | **BHST** | 89 F |
| | | **Depth TVD** | 7947 ft | **BHCT** | 79 F |

### Drilling Fluid Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Mud Company** | Baroid | **Type** | SOBM | **Density** | 10.5 PPG | **PV/YP** | |

### Cement Information - Squeeze Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | |
|---|---|---|---|---|---|---|---|
| 100.00 | % BWOC | Lafarge Class H | Bulk | Sep 29, 2009 | BULK BLEND | Slurry Density | 16.399 | PPG |
| 0.07 | % BWOC | EZ-FLO | Bulk | Sep 29, 2009 | | Slurry Yield | 1.08 | FT3 |
| 1.88 | lb/sk | KCl (Potassium Chloride) Salt | Bulk | Sep 29, 2009 | | Water Requirement | 4.33 | GPS |
| 0.06 | gps | HALAD-344EXP | Lab | Jul 27, 2009 | | Total Mix Fluid | 4.43 | GPS |
| 0.04 | gps | HR-6L | Lab | Sep 18, 2009 | 162 | Water Source | | Fresh Water |
| 4.33 | gps | Fresh Water | Lab | Sep 22, 2009 | | Water Chloride | N/A | ppm |

### Operation Test Results Request ID 50385/3

**Thickening Time Request Test ID 574230**

| Temp (°F) | Pressure (psi) | Reached in (min) Start BC | 30 Bc (hh:mm) | 40 Bc (hh:mm) | 50 Bc (hh:mm) | 70 Bc (hh:mm) |
|---|---|---|---|---|---|---|
| 79 | 6,835 | 19      19 | 03:25 | 03:43 | 03:59 | 04:20 |

**Mixability (0 - 5) - 0 is not mixable Request Test ID 574230**

Mixability rating (0 - 5)

5

**Mud Balance Density Request Test ID 574230**

Density (ppg)

16.4

**UCA Comp Strength Request Test ID 574230**

| End Temp (°F) | Pressure (psi) | 50 psi (hh:mm) | 500 psi (hh:mm) | 12 hr CS (psi) | 24 hr CS (psi) |
|---|---|---|---|---|---|
| 89 | 6,835 | 06:18 | 09:24 | 1,151 | 2,116 |

· 25 / 27

Proprietary and Confidential - Do Not Copy

Macondo_MC 252 #1_11 875 in Liner_Post Job Report.pdf (Attachment 3 of 8)

# **HALLIBURTON**

## *Bp America Prod Co-sorac/gom Ebiz*
## *PO Box 22024 - Do Not Mail*
## *Tulsa, Oklahoma 74121-2024*

Macondo #1
MISSISSIPPI CANYON Blk: 252

United States of America

# 11 7/8" Liner Post Job Report

Prepared for:  Brian Morel

April 25, 2010
Version: 1

Submitted by:
Jesse Gagliano
Halliburton
10200 Bellaire Blvd
Houston, Texas 77072-5299

**HALLIBURTON**

1 / 8

Proprietary and Confidential - Do Not Copy

Macondo_MC 252 #1_11 875 in Liner_Post Job Report.pdf (Attachment 3 of 8)

# HALLIBURTON
## Lab Results: 11 7/8" Liner

# HALLIBURTON
**Cementing Gulf of Mexico, Broussard**

**LAB RESULTS - Lead**

### Job Information

| | | | | | |
|---|---|---|---|---|---|
| **Request/Slurry** | 70793/2 | **Rig Name** | TRANSOCEAN HORIZON | **Date** | March 22nd 2010 |
| **Submitted By** | Jesse Gagliano | **Job Type** | 11 7/8" Drilling Liner | **Bulk Plant** | Fourchon-C-Port I, La, USA |
| **Customer** | BP | **Location** | Mississippi Cny | **Well** | Mississippi Canyon 252 OCS-G-32306 Macondo #1 |

### Well Information

| | | | | | |
|---|---|---|---|---|---|
| **Casing/Liner Size** | 11 7/8" | **Depth MD** | 15300 ft | **BHST** | 133 F |
| **Hole Size** | 14 1/2" | **Depth TVD** | 15300 ft | **BHCT** | 93 F |

### Drilling Fluid Information

| **Mud Company** | MI | **Type** | SOBM | **Density** | 13.8 PPG | **PV/YP** | |
|---|---|---|---|---|---|---|---|

### Cement Information - Lead Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | |
|---|---|---|---|---|---|---|---|
| | | | | | | Slurry Density | 16.399 | PPG |
| 100.00 | % BWOC | Lafarge Class H | Rig | Mar 08, 2010 | Blend | Slurry Yield | 1.06 | FT3 |
| 0.07 | % BWOC | EZ-FLO | Rig | Mar 08, 2010 | Blended | Water Requirement | 4.24 | GPS |
| 0.08 | gps | HALAD-344EXP | Lab | Feb 14, 2010 | | Total Mix Fluid | 4.37 | GPS |
| 0.05 | gps | HR-6L | Lab | Nov 04, 2009 | 165 | | | |
| 4.24 | gps | Field (Fresh) Water | Rig | Mar 04, 2010 | LOCATION | | | |
| | | | | | | Water Source | Field (Fresh) Water | |
| | | | | | | Water Chloride | 0 | ppm |

### Operation Test Results Request ID 70793/2

**Thickening Time**

| Temp (°F) | Pressure (psi) | Batch Mix (min) | Reached in (min) | Start BC | 30 Bc (hh:mm) | 40 Bc (hh:mm) | 50 Bc (hh:mm) | 70 Bc (hh:mm) |
|---|---|---|---|---|---|---|---|---|
| 93 | 12,116 | 0 | 53 | 14 | 03:27 | 03:31 | 03:34 | 03:36 |

**Mud Balance Density**

**Density (ppg)**
16.4

**Mixability (0 - 5): 0 is not mixable**

**Mixability rating (0 - 5)**
5

**UCA Comp Strength**

| End Temp (°F) | Pressure (psi) | 50 psi (hh:mm) | 500 psi (hh:mm) | 12 hr CS (psi) | 24 hr CS (psi) |
|---|---|---|---|---|---|
| 133 | 12,116 | 02:56 | 03:55 | 1,892 | 2,176 |

5 / 8

Proprietary and Confidential - Do Not Copy

MC 252_Macondo BoD_16 in Liner_Post Job Report.pdf (Attachment 5 of 8)



### *Bp America Prod Co-sorac/gom Ebiz*
### *PO Box 22024 - Do Not Mail*
### *Tulsa, Oklahoma 74121-2024*

Macondo Prospect 1

United States of America

# 16" Liner Post Job Report

Prepared for: Brian Morel

March 27, 2010
Version: 1

Submitted by:
Jesse Gagliano
Halliburton
10200 Bellaire Blvd
Houston, Texas 77072-5299

**HALLIBURTON**

Proprietary and Confidential - Do Not Copy

MC 252_Macondo BoD_16 in Liner_Post Job Report.pdf (Attachment 5 of 8)

# HALLIBURTON

## *Lab Results: 16" Liner Lead Slurry*

# HALLIBURTON
**Cementing Gulf of Mexico, Broussard**

**LAB RESULTS - Primary**

### Job Information

| | | | | | | |
|---|---|---|---|---|---|---|
| **Request/Slurry** | 66259/3 | **Rig Name** | TRANSOCEAN HORIZON | **Date** | February 18th 2010 | |
| **Submitted By** | Jesse Gagliano | **Job Type** | 16" Intermediate Liner | **Bulk Plant** | Fourchon-C-Port I, La, USA | |
| **Customer** | BP | **Location** | Mississippi Cny | **Well** | Mississippi Canyon 252 OCS-G-32306 Macondo #1 | |

### Well Information

| | | | | | |
|---|---|---|---|---|---|
| **Casing/Liner Size** | 16" | **Depth MD** | 12250 ft | **BHST** | 135 F |
| **Hole Size** | 20" | **Depth TVD** | 12250 ft | **BHCT** | 84 F |

### Drilling Fluid Information

| | | | | | | |
|---|---|---|---|---|---|---|
| **Mud Company** | MI | **Type** | SOBM | **Density** | 11.8 PPG | **PV/YP** |

### Cement Information - Primary Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | |
|---|---|---|---|---|---|---|---|
| | | | | | | Slurry Density | 16.399 PPG |
| 100.00 | % BWOC | Lafarge Class H | Rig | Feb 05, 2010 | LOCATION | Slurry Yield | 1.09 FT3 |
| | | | | | | Water Requirement | 4.29 GPS |
| 0.07 | % BWOC | EZ-FLO | Rig | Feb 05, 2010 | LOCATION | Total Mix Fluid | 4.43 GPS |
| 0.25 | % BWOC | D-Air 3000 | Rig | Feb 05, 2010 | LOCATION | | |
| 1.88 | lb/sk | KCI (Potassium Chloride) Salt | Rig | Feb 05, 2010 | LOCATION | | |
| 0.08 | gps | HALAD-344EXP | Lab | Feb 14, 2010 | | Water Source | Field (Fresh) Water |
| 0.06 | gps | HR-6L | Lab | Nov 04, 2009 | 165 | Water Chloride | 999 ppm |
| 4.29 | gps | Field (Fresh) Water | Rig | Feb 11, 2010 | | | |

### Operation Test Results Request ID 66259/3

**Thickening Time Request Test ID 73362**

| Temp (°F) | Pressure (psi) | Reached in (min) | Start BC | 30 Bc (hh:mm) | 40 Bc (hh:mm) | 50 Bc (hh:mm) | 70 Bc (hh:mm) |
|---|---|---|---|---|---|---|---|
| 84 | 8,428 | 44 | 9 | 04:06 | 04:50 | 05:00 | 05:16 |

**Mud Balance Density Request Test ID 73362**

Density (ppg)

16.4

**Mixability (0 - 5) is not mixable. Request Test ID 73363**

Mixability rating (0 - 5)

5

4 / 16

Proprietary and Confidential - Do Not Copy

MC 252_Macondo_18 Liner_Post Job Report ver 2.pdf (Attachment 6 of 8)



*Bp America Prod Co-sorac/gom Ebiz*
*PO Box 22024 - Do Not Mail*
*Tulsa, Oklahoma 74121-2024*

Macondo Prospect 1

United States of America

# 18" Liner Post Job Report

Prepared for: Brian Morel

Version: 2
March 22, 2010

Submitted by:
Jesse Gagliano
Halliburton
10200 Bellaire Blvd
Houston, Texas 77072-5299

**HALLIBURTON**

· 1 / 20

Proprietary and Confidential - Do Not Copy

MC 252_Macondo_18 Liner_Post Job Report ver 2.pdf (Attachment 6 of 8)

# HALLIBURTON
## *Lab Results: 18" Liner*

# HALLIBURTON
### Cementing Gulf of Mexico, Broussard

**LAB RESULTS - Tail**

### Job Information

| | | | | | |
|---|---|---|---|---|---|
| **Request/Slurry** | 51879/1 | **Rig Name** | TRANSOCEAN MARIANAS **Date** | | October 26th 2009 |
| **Submitted By** | Jesse Gagliano | **Job Type** | 18" Drilling Liner | **Bulk Plant** | Fourchon-C-Port I, La, USA |
| **Customer** | BP | **Location** | Mississippi Cny | **Well** | Mississippi Canyon 252 OCS-G-32306 Macondo #1 |

### Well Information

| | | | | | |
|---|---|---|---|---|---|
| **Casing/Liner Size** | 18" | **Depth MD** | 8970 ft | **BHST** | 105 F |
| **Hole Size** | 22" | **Depth TVD** | 8970 ft | **BHCT** | 93 F |

### Drilling Fluid Information

| | | | | | | |
|---|---|---|---|---|---|---|
| **Mud Company** | Baroid | **Type** | SOBM | **Density** | 9.8 PPG | **PV/YP** |

### Cement Information - Tail Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | |
|---|---|---|---|---|---|---|---|
| | | | | | | Slurry Density | 16.399 PPG |
| 100.00 | % BWOC | Lafarge Class H | Bulk | Oct 16, 2009 | | Slurry Yield | 1.08 FT3 |
| 0.07 | % BWOC | EZ-FLO | Bulk | Oct 16, 2009 | | Water Requirement | 4.33 GPS |
| 0.25 | % BWOC | D-Air 3000 | Bulk | Oct 16, 2009 | | Total Mix Fluid | 4.42 GPS |
| 1.88 | lb/sk | KCl (Potassium Chloride) Salt | Bulk | Oct 16, 2009 | | | |
| 0.08 | gps | HALAD-344EXP | Lab | Jul 27, 2009 | | Water Source | Fresh Water |
| 0.01 | gps | HR-6L | Lab | Sep 18, 2009 | 162 | | |
| 4.33 | gps | Fresh Water | Lab | Sep 22, 2009 | | Water Chloride | N/A ppm |

### Operation Test Results Request ID 51879/1

**Thickening Time Request Test ID:583975**

| Temp (°F) | Pressure (psi) | Batch Mix (min) | Reached in (min) | Start BC | 30 Bc (hh:mm) | 40 Bc (hh:mm) | 50 Bc (hh:mm) | 70 Bc (hh:mm) |
|---|---|---|---|---|---|---|---|---|
| 93 | 5,289 | 0 | 35 | 11 | 03:14 | 03:34 | 03:41 | 03:50 |

**Mixability (0 - 5) - 0 is not mixable Request Test ID:583975**

Mixability rating (0 - 5)

5

**Mud Balance Density Request Test ID:583994**

Density (ppg)

16.4

**UCA Comp. Strength Request Test ID:583974**

| End Temp (°F) | Pressure (psi) | 50 psi (hh:mm) | 500 psi (hh:mm) | 12 hr CS (psi) | 24 hr CS (psi) |
|---|---|---|---|---|---|
| 105 | 5,289 | 04:31 | 06:32 | 1,723 | 2,571 |

5 / 20

Proprietary and Confidential - Do Not Copy

MC 252_Macondo_18 Liner_Post Job Report ver 2.pdf (Attachment 6 of 8)

# HALLIBURTON
## *Lab Results: 18" Squeeze*

# HALLIBURTON
### Cementing Gulf of Mexico, Broussard

**LAB RESULTS - Squeeze**

### Job Information

| | | | | | | |
|---|---|---|---|---|---|---|
| **Request/Slurry** | 65503/1 | **Rig Name** | TRANSOCEAN HORIZON | **Date** | February 13th 2010 | |
| **Submitted By** | Jesse Gagliano | **Job Type** | 18" Shoe Squeeze | **Bulk Plant** | Fourchon-C-Port I, La, USA | |
| **Customer** | BP | **Location** | Mississippi Cny | **Well** | Mississippi Canyon 252 OCS-G-32306 Macondo #1 | |

### Well Information

| | | | | | | |
|---|---|---|---|---|---|---|
| **Casing/Liner Size** | 18" | **Depth MD** | 9085 ft | **BHST** | 130 F | |
| **Hole Size** | 22" | **Depth TVD** | 9085 ft | **BHCT** | 100 F | |

### Drilling Fluid Information

| | | | | | | |
|---|---|---|---|---|---|---|
| **Mud Company** | MI | **Type** | SOBM | **Density** | 10,6 PPG | **FV/YP** |

### Cement Information - Squeeze Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | | |
|---|---|---|---|---|---|---|---|---|
| 100.00 | % BWOC | Lafarge Class H | Rig | Feb 05, 2010 | LOCATION | Slurry Density | 16.399 | PPG |
| 0.07 | % BWOC | EZ-FLO | Rig | Feb 05, 2010 | LOCATION | Slurry Yield | 1.09 | FT3 |
| 0.25 | % BWOC | D-Air 3000 | Rig | Feb 05, 2010 | LOCATION | Water Requirement | 4.3 | GPS |
| 1.88 | lb/sk | KCI (Potassium Chloride) Salt | Rig | Feb 05, 2010 | LOCATION | Total Mix Fluid | 4,43 | GPS |
| 0.08 | gps | HALAD-344EXP | Lab | Dec 29, 2009 | | Water Source | Field (Fresh) Water | |
| 0.05 | gps | HR-6L | Lab | Oct 14, 2008 | 153 | Water Chloride | 999 | ppm |
| 4.30 | gps | Field (Fresh) Water | Rig | Feb 11, 2010 | | | | |

### Operation Test Results Request ID 65503/1

**Thickening Time: Request Test ID 23507**

| Temp (°F) | Pressure (psi) | Reached in (min) | Start BC | 30 Bc (hh:mm) | 40 Bc (hh:mm) | 50 Bc (hh:mm) | 70 Bc (hh:mm) |
|---|---|---|---|---|---|---|---|
| 100 | 7,503 | 22 | 13 | 04:15 | 04:20 | 04:23 | 04:28 |

**Mud Balance Density: Request Test ID 23506**

Density (ppg)
16.2

**Mixability (0-5) : 0 is not mixable: Request Test ID 23506**

Mixability rating (0 - 5)
4

**UCA Comp. Strength: Request Test ID 23505**

| End Temp (°F) | Pressure (psi) | 50 psi (hh:mm) | 500 psi (hh:mm) | 12 hr CS (psi) | 24 hr CS (psi) |
|---|---|---|---|---|---|
| 130 | 7,503 | 05:43 | 06:31 | 2,659 | 3,220 |

Circulate before pouring C.S. for 1 Hrs

18 / 20

Macondo_MC 252_13,625 in Liner_Post Job Report.pdf (Attachment 4 of 8)

# HALLIBURTON

### *Bp America Prod Co-sorac/gom Ebiz*
### *PO Box 22024 - Do Not Mail*
### *Tulsa, Oklahoma 74121-2024*

Macondo 1
MISSISSIPPI CANYON Blk: 252

United States of America

# 13 5/8" Liner Post Job Report

Prepared for: Brian Morel

April 25, 2010
Version: 1

Submitted by:
Jesse Gagliano
Halliburton
10200 Bellaire Blvd
Houston, Texas 77072-5299

**HALLIBURTON**

1/8

Proprietary and Confidential - Do Not Copy

Page 34 of

Macondo_MC 252_13.625 in Liner_Post Job Report.pdf (Attachment 4 of 8)

## HALLIBURTON

### *Lab Results: 13 5/8" Liner*

## HALLIBURTON
**Cementing Gulf of Mexico, Broussard**

**LAB RESULTS – Lead**

### Job Information

| | | | | | | |
|---|---|---|---|---|---|---|
| **Request/Slurry** | 70309/2 | **Rig Name** | TRANSOCEAN HORIZON | **Date** | March 19th 2010 | |
| **Submitted By** | Jesse Gagliano | **Job Type** | 13 5/8" Drilling Liner | **Bulk Plant** | Fourchon-C-Port I, La, USA | |
| **Customer** | BP | **Location** | Mississippi Cny | **Well** | Mississippi Canyon 252 OCS-G-32306 Macondo #1 | |

### Well Information

| | | | | | |
|---|---|---|---|---|---|
| **Casing/Liner Size** | 13 5/8" | **Depth MD** | 13150 ft | **BHST** | 145 F |
| **Hole Size** | 16 1/2" | **Depth TVD** | 13150 ft | **BHCT** | 121 F |

### Drilling Fluid Information

| **Mud Company** | MI | **Type** | SOBM | **Density** | 12.4 PPG | **PV/YP** |
|---|---|---|---|---|---|---|

### Cement Information - Lead Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | |
|---|---|---|---|---|---|---|---|
| | | | | | | Slurry Density | 16.399 PPG |
| 100.00 | % BWOC | Lafarge Class H | Rig | Mar 08, 2010 | Blend | Slurry Yield | 1.06 FT3 |
| 0.07 | % BWOC | EZ-FLO | Rig | Mar 08, 2010 | Blended | Water Requirement | 4.23 GPS |
| 0.08 | gps | HALAD-344EXP | Lab | Feb 14, 2010 | | Total Mix Fluid | 4.37 GPS |
| 0.06 | gps | HR-6L | Lab | Nov 04, 2009 | 165 | | |
| 4.23 | gps | Field (Fresh) Water | Rig | Mar 04, 2010 | 64833 | | |
| | | | | | | Water Source | Field (Fresh) Water |
| | | | | | | Water Chloride | 504 ppm |

### Operation Test Results Request ID 70309/2

**Thickening Time Request Test ID 774313**

| Temp (°F) | Pressure (psi) | Batch Mix (min) | Reached in (min) | Start BC | 30 Bc (hh:mm) | 40 Bc (hh:mm) | 50 Bc (hh:mm) | 70 Bc (hh:mm) |
|---|---|---|---|---|---|---|---|---|
| 121 | 9,457 | 0 | 46 | 18 | 02:47 | 02:52 | 02:53 | 02:55 |

Need 3 - 4 Hrs., HR-6L Lot #165 Ok'd by Jesse

**Mud Balance Density Request Test ID 774313**

**Density (ppg)**

16.4

**Mixability (0 - 5) Up to non mixable Request Test ID 774313**

**Mixability rating (0 - 5)**

5

**UCA Comp Strength Request Test ID 774313**

| End Temp (°F) | Pressure (psi) | 50 psi (hh:mm) | 500 psi (hh:mm) | 12 hr CS (psi) | 24 hr CS (psi) |
|---|---|---|---|---|---|
| 145 | 9,457 | 05:04 | 06:40 | 1,232 | 1,610 |

Proprietary and Confidential - Do Not Copy

Macondo_MC 252 #1_9 58 Liner_Post Job Report.pdf (Attachment 2 of 8)

# HALLIBURTON

### Bp America Prod Co-sorac/gom Ebiz
### PO Box 22024 - Do Not Mail
### Tulsa, Oklahoma 74121-2024

Macondo 1
MISSISSIPPI CANYON Blk: 252

United States of America

# 9 7/8" Liner Post Job Report

Prepared for: Brian Morel

April 25, 2010
Version: 1

Submitted by:
Jesse Gagliano
Halliburton
10200 Bellaire Blvd
Houston, Texas 77072-5299

**HALLIBURTON**

1 / 10

Proprietary and Confidential - Do Not Copy

Macondo_MC 252 #1_9 58 Liner_Post Job Report.pdf (Attachment 2 of 8)

# HALLIBURTON

## _Lab Test: 9 7/8" Liner Cement_

# HALLIBURTON
### Cementing Gulf of Mexico, Broussard

**LAB RESULTS - Lead**

### Job Information

| Request/Slurry | 71774/1 | Rig Name | TRANSOCEAN HORIZON | Date | March 29th 2010 |
|---|---|---|---|---|---|
| Submitted By | Jesse Gagliano | Job Type | 9 7/8" Drilling Liner | Bulk Plant | Fourchon-C-Port I, La, USA |
| Customer | BP | Location | Mississippi Cny | Well | Mississippi Canyon 252 OCS-G-32306 Macondo #1 |

### Well Information

| Casing/Liner Size | 9 7/8" | Depth MD | 17200 ft | BHST | 134 F |
|---|---|---|---|---|---|
| Hole Size | 12 1/2" | Depth TVD | 17200 ft | BHCT | 106 F |

### Drilling Fluid Information

| Mud Company | MI | Type | SOBM | Density | 14,1 PPG | PV/YP | |
|---|---|---|---|---|---|---|---|

### Cement Information - Lead Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Slurry Density | 16.399 | PPG |
| 100.00 | % BWOC | Lafarge Class H | Bulk | | | Slurry Yield | 1.06 | FT3 |
| 0.07 | % BWOC | EZ-FLO | Bulk | Mar 04, 2010 | | Water Requirement | 4.23 | GPS |
| 0.08 | gps | HALAD-344EXP | Lab | Mar 04, 2010 | | Total Mix Fluid | 4.37 | GPS |
| 0.06 | gps | HR-6L | Lab | Feb 14, 2010 | | | | |
| 4.23 | gps | Field (Fresh) Water | Rig | Nov 04, 2009 | 165 | | | |
| | | | | Mar 04, 2010 | LOCATION | Water Source | Field (Fresh) Water | |
| | | | | | | Water Chloride | 0 | ppm |

### Operation Test Results Request ID 71774/1

#### Thickening Time Request Test ID 78668

| Temp (°F) | Pressure (psi) | Batch Mix (min) | Reached In (min) | Start BC | 30 Bc (hh:mm) | 40 Bc (hh:mm) | 50 Bc (hh:mm) | 70 Bc (hh:mm) |
|---|---|---|---|---|---|---|---|---|
| 106 | 13,859 | 0 | 59 | 18 | 03:07 | 03:31 | 03:34 | 03:37 |
| Need 3 - 4 Hrs | | | | | | | | |

#### Mud Balance Density Request Test ID 78669

Density (ppg)

16.4

Composited from 68819

#### Mixability (0 – 5) 0-2 not mixable Request Test ID 78664

Mixability rating (0 – 5)

5

#### UCA Comp. Strength Request Test ID 26865

| End Temp (°F) | Pressure (psi) | 50 psi (hh:mm) | 500 psi (hh:mm) | 12 hr CS (psi) | 24 hr CS (psi) |
|---|---|---|---|---|---|
| 134 | 13,859 | 07:26 | 08:15 | 1,782 | 2,523 |
| Circulate before pouring C.S. for 1 1/2 Hrs | | | | | |

5 / 10

Proprietary and Confidential - Do Not Copy

BP_M.C. 252_Macondo #1 - 9.875 x 7 in Foamed Casing Post Job Summary ver 2.pdf (Attachment 1 of 8)

# HALLIBURTON

**BP America**
**PO Box 22024**
**Tulsa, Oklahoma 74121-2024**

**OCS-G-32306 , Macondo #1**
**Mississippi Canyon Block 252**
Offshore Gulf of Mexico
United States of America

Rig Name: Transocean Horizon

# 9.875" x 7" Foamed Production Casing Post Job Report

Prepared for: Jesse Gagliano

April 20, 2010

Submitted by:
Nathaniel Chaisson
Technical Professional
100 Capital Dr Ste 200
Lafayette, LA 70508

Proprietary and Confidential - Do Not Copy

# HALLIBURTON
## Cementing Gulf of Mexico, Broussard

**LAB RESULTS - Primary**

## Job Information

| Request/Slurry | 73909/2 | Rig Name | TRANSOCEAN HORIZON | Date | April 12th 2010 |
|---|---|---|---|---|---|
| Submitted By | Jesse Gagliano | Job Type | 9 7/8" X 7" Prod Casing | Bulk Plant | Fourchon-C-Port I, La, USA |
| Customer | BP | Location | Mississippi Cny | Well | Mississippi Canyon 252 OCS-G-32306 Macondo #1 |

## Well Information

| Casing/Liner Size | 7" | Depth MD | 18360 ft | BHST | 210 F |
|---|---|---|---|---|---|
| Hole Size | 9 7/8" | Depth TVD | 18360 ft | BHCT | 135 F |

## Drilling Fluid Information

| Mud Company | MI | Type | SOBM | Density | 14.1 PPG | PV/YP | |
|---|---|---|---|---|---|---|---|

## Cement Information - Primary Design

| Conc | UOM | Cement/Additive | Sample Type | Sample Date | Lot No. | Cement Properties | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Slurry Density | 16.741 | PPG |
| 100.00 | % BWOC | Lafarge Class H | Rig | Apr 05, 2010 | Tank # 8 | Slurry Yield | 1.37 | FT3 |
| 0.07 | % BWOC | EZ-FLO | Rig | Apr 05, 2010 | | Water Requirement | 4.93 | GPS |
| 0.25 | % BWOC | D-Air 3000 | Rig | Apr 05, 2010 | | Total Mix Fluid | 5.02 | GPS |
| 1.88 | lb/sk | KCI (Potassium Chloride) Salt | Rig | Apr 05, 2010 | | Foam Density | 14.496 | PPG |
| | | | | | | Foam Quality | 12.98 | % |
| 20.00 | % BWOC | SSA-1 (Silica Flour) - PB | Rig | Apr 05, 2010 | | Water Source | Fresh Water | |
| 15.00 | % BWOC | SSA-2 (100 Mesh) - PB | Rig | Apr 05, 2010 | | Water Chloride | N/A | ppm |
| 0.20 | % BWOC | SA-541 | Rig | Apr 05, 2010 | | | | |
| 0.11 | gps | ZoneSealant 2000 | Lab | Mar 15, 2009 | | | | |
| 0.09 | gps | SCR-100L | Lab | Oct 22, 2009 | 6264 | | | |
| 4.93 | gps | Fresh Water | Lab | Apr 12, 2010 | FRESH WATER | | | |

## Operation Test Results Request ID 73909/2

### Thickening Time, Request Test ID 814538

| Temp (°F) | Pressure (psi) | Reached In (min) | Start BC | 30 Bc (hh:mm) | 40 Bc (hh:mm) | 50 Bc (hh:mm) | 70 Bc (hh:mm) |
|---|---|---|---|---|---|---|---|
| 135 | 14,458 | 83 | 14 | 07:26 | 07:34 | 07:36 | 07:37 |

### Mud Balance Density, Request Test ID 814520

Density (ppg)

16.7

from part 1

### Mixability (0 - 5): 0 is not mixable, Request Test ID 811524

Mixability rating (0 - 5)

4

This report is the property of Halliburton Energy Services and neither it nor any part thereof, nor a copy thereof, is to be published or disclosed without first securing the expressed written approval of Halliburton. It may however be used in the course of regular business operations by any person or concern receiving such report from Halliburton. This report is for information purposes only and the content is limited to the sample described. Halliburton makes no warranties, expressed or implied, as to the accuracy of the contents or results. Any user of this report agrees Halliburton shall not be liable for any loss or damage regardless of cause, including any act or omission of Halliburton, resulting from the use hereof.

08/30/2010 18:01 FAX 202 457 6315 PATTON BOGGS ☑002/010
AUG-30-2010 16:39 USDOJ/ENRD/DHCI T/NOLA P.002



## OFFICE OF
# INSPECTOR GENERAL
## U.S.DEPARTMENT OF THE INTERIOR

Halliburton Company
c/o Bert Cornelison
General Counsel
3000 North Sam Houston Parkway East
Houston, TX 77032

**AUG 2 7 2010**

Dear Custodian of Records:

Pursuant to Section 6(a)(4) of the Inspector General Act of 1978, as amended
(5 U.S.C.A. App. 3), the enclosed subpoena duces tecum has been issued to Halliburton
Company. The materials identified should be produced by the date, time and place indicated on
the subpoena.

Failure to produce the specified materials at the time and place set forth in the subpoena
will be construed as a failure to comply with the subpoena. The Government may then seek a
court order to compel compliance.

Instructions for responding to the subpoena are enclosed. If you have any questions
regarding the subpoena, you may contact Associate General Counsel Kevin Laden at (202) 208-
6466 or kevin_laden@doioig.gov.

Sincerely,

OR DAVID LITTLE
(504) 593-1848

John Dupuy
Assistant Inspector General
for Investigations

Enclosures

Office of Investigations | Washington, DC

08/30/2010 MON 17:34 [TX/RX NO 5153] ☑002

Case 2:10-md-02179-CJB-DPC  Document 8903-20  Filed 03/14/13  Page 40 of 69

08/30/2010 18:02 FAX  202 457 6315    PATTON BOGGS       Case 2:10-md-02179-CJB-SS  Document 494-3  Filed 10/07/10  Page 2 of 9
AUG-30-2010  16:39          USDOJ/ENRD/DHCIT/NOLA                                                          ☑003/010
                                                                                                          P.003

**001441**

# United States of America
## U.S. Department of the Interior
### Office of Inspector General

### SUBPOENA DUCES TECUM

TO:   Halliburton Company, 3000 North Sam Houston Parkway East, Houston, TX 77032

Pursuant to the provisions of Section 6(a)(4) of the Inspector General Act of 1978, as amended (5 U.S.C.A. App. 3), you are hereby commanded to produce before Special Agent David Williams, an official of the Office of Inspector General, at 400 Poydras Street, 10th Floor, New Orleans, LA 70130, telephone number (505) 828-3500, on the __21st__ day of __September__, 2010, at 3:00 o'clock p.m. of that day, the following information: See attachment as incorporated herein. (Production of documents in person to Special Agent Williams or by registered mail via the U.S. Postal Service, or prepaid commercial delivery service at the above address will be considered satisfactory production.)

IN TESTIMONY WHEREOF, the Inspector General of the U.S. Department of the Interior has hereunto set her hand at Washington, DC, this 27th day of August 2010.

Acting Inspector General

Note: Failure to comply with this subpoena could result in a legal proceeding against you in which a court order compelling compliance will be sought. See Privacy Act Notice on other side.

<u>PRIVACY ACT NOTICE.</u> Pursuant to the Privacy Act of 1974; 5 U.S.C. 552a, you are advised of the following:

1. <u>Authority for Solicitation of Information.</u> The Inspector General Act of 1978, as amended (5 U.S.C.A. App. 3) authorizes the Department of the Interior (DOI) Inspector General to issue subpoenas necessary in the performance of audits and investigations of the programs and operations of DOI. Disclosure of the information specified in this subpoena is mandatory, subject to the valid assertion of a legal right or privilege.

2. <u>Principal Purpose for Solicitation of Information.</u> The Inspector General's principal purpose in soliciting the information is to promote economy, efficiency, and effectiveness in the administration of the programs and operations of DOI and to prevent and detect fraud, abuse, or mismanagement in such programs and operations.

3. <u>Routine Uses of the Solicited Information.</u> The routine uses of the solicited information are published at Volume 48 of the Federal Register, page 37536, August 18, 1983.

4. <u>Effect of Noncompliance.</u> Failure to comply with this subpoena may result in the Inspector General requesting a court order for compliance. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court.

<b>CERTIFICATE OF SERVICE</b>

I HEREBY CERTIFY that on ___*Aug 30*___, 2010, at ___*1630 (CST)*___ I
~~FAXED~~
~~personally~~ served this subpoena upon ___*Patton Boggs*___ by ~~handing to~~ *Faxing* and ___

~~leaving with~~ ___*Jeff Turner*___ a true and correct copy thereof.

_____

(Signature)

*Director, Special Investigations*      *8/30*, 2010
(Title)                                  (Date)

<b>ADMISSION OF SERVICE</b>

I HEREBY ADMIT SERVICE of this subpoena on behalf of _____
and acknowledge receipt of a true and correct copy thereof on this date.

_____

(Signature)

_____      _____, 2010
(Title)                (Date)

08/30/2010 18:02 FAX   202 457 6315        PATTON BOGGS                    ☎005/010
   AUG-30-2010  16:39            USDOJ/ENRD/DHC1T/NOLA                          P.005

OIG Subpoena Number 001441

**Instructions:**

1. This subpoena requires your company, Halliburton (as further defined in the "Definitions" section below), to produce all documents described in the "Materials to be Produced" section of this subpoena.

2. Unless otherwise noted, the time period covered by this subpoena is from **January 1, 2008, to the present.**

3. Documents to be produced include all documents in the possession, custody or control of your company, wherever located, including documents in the possession, custody or control of your company's directors, officers, employees, contractors, subcontractors, representatives or agents. "Possession, custody, or control" includes, but is not limited to, documents which you have the legal right, authority, or ability to obtain in original or copy from another person or entity.

4. All requests for documents include the original final version of the document (or a copy, certified as accurate, if the original is not available) and all drafts, and also the original and all copies which are not identical, whether by reason of handwritten notes or otherwise.

5. All documents that respond, in whole or in part, to any part or clause of any paragraph of this subpoena shall be produced in their entirety, including all attachments and enclosures. All documents that are attached to documents called for by this subpoena shall be produced, even if they are not otherwise responsive to this subpoena. Documents shall be produced in the order and in the file in which they appear in your files and shall not be shuffled or otherwise rearranged. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in that form.

6. In the event that any item or items requested do not exist, state so in your written response.

7. If any document requested has existed, but has been lost, or is no longer within your possession, custody, or control, identify and describe the document, its author, the recipient or addressee, the subject matter and contents thereof, and by whom the document is now possessed, held in custody, or controlled. If any document has been destroyed, provide the same information including the date and circumstances surrounding and reasons for its destruction, the identity of the person who authorized destruction, and the identity of the last known custodian of such document.

8. If you consider any document within the production to be privileged, then, with regard to each such document, please:

   a.  state the date the document was created;
   b.  describe the subject matter of the document generally, as well as the number of pages and format;

Page 1

08/30/2010 18:02 FAX   202 457 6315        PATTON BOGGS                              ☒006/010
AUG-30-2010  16:40 |         USDOJ/ENRD/DHC|T/NOLA                                    P.006

### OIG Subpoena Number 001441

    c.  explain fully the basis for the claimed privilege;
    d.  identify the author(s) and all signatories of the document by name and title;
    e.  identify all addressees and other persons or entities copied on the document; and
    f.  identify the custodian of the original and all copies of the document.

9.  The subpoenaed documents shall be consecutively numbered in the lower right corner of the page preceding each number with the initials or name of the company, and be accompanied by an index identifying each document, its document number, the person and office from which it was obtained, and the item or items of the subpoena to which it relates.  If no documents exist that are responsive to a specification, a written statement to that effect shall be provided at the time of production.

10.  Every document responsive to this subpoena must be produced in the form in which it is or has been maintained in the ordinary course of business.

11.  Your obligations under this subpoena are continuing obligations, and you are required to immediately advise the issuing agency and produce to it any responsive document that comes into your possession, custody or control in the future.

12.  References to the singular shall include the plural, and references to the plural shall include the singular.  All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well, and vice versa.  The words "or" and "and" are inclusive, referring to any one or more of the disjoined words or phrases, and "any" and "all" also include "each and every."  The word "any," when used in reference to a particular set of individuals or entities, refers, inclusively, to any one of such individuals or entities, any subset of such individuals or entities, or all such individuals or entities.

13.  For electronically stored information, including but not limited to computer files or disks, produced in response to this subpoena:

    a.  Provide detailed instructions sufficient to enable the federal government to access and retrieve the data contained in each such file or disk.
    b.  Deliver emails in their native format, preferably from the database (folder) itself and not as individual emails. Microsoft Outlook emails should be delivered for each custodian in PST format; Lotus Notes emails should be delivered in NSF format. Other emails should be produced in comparable formats.
    c.  If your company maintains responsive information in a commercially available software format for spreadsheets, word processing documents, presentations, photographs, etc. (e.g., Microsoft Excel, Corel WordPerfect)
        i.  Files should be delivered in their native format.
        ii.  Native files should be collected using a method that preserves all of the files' metadata, folder location and generates a "hash" value for verification that an exact copy of the file was collected.
        iii.  Files should be organized on the media in folders by component and custodian

08/30/2010 18:03 FAX   202 457 6315        PATTON BOGGS                    ☒007/010
AUG-30-2010  16:40                USDOJ/ENRD/DECIT/NOLA                       P.007

## OIG Subpoena Number 001441

        iv.  AutoCAD Files, GIS Data, and other compound files should be produced in native format on its own media. A native file viewer should also be included in order to view the data.

    d.  If your company maintains responsive information in an enterprise database or archiving system, the system must be made available to the government for inspection including any manuals, field lists, data dictionaries, indices, etc. for the government to use to formulate methods for identifying and extracting responsive information into a usable form. Information identified as responsive within the system must be extracted in a forensically sound manner and provided with documentation of the procedures used to identify and extract the responsive information from the system.

    e.  Your company shall not de-duplicate its production without consultation with and approval of this agency.

    f.  Label all media with the name of your company, the source of the information, and a tracking number.

    g.  Ensure that all submissions of electronic data are free of computer viruses and that all passwords protecting files or media are removed or provided with the media.

14. If you have any questions regarding the scope, meaning or intent of these instructions, contact:

        Kevin Laden
        Associate General Counsel
        Office of Inspector General
        United States Department of the Interior
        1849 C Street, NW, MS 4428
        Washington, DC 20240
        (202) 208-6466
        kevin_laden@doioig.gov

08/30/2010 18:03 FAX   202 457 6315      PATTON BOGGS                                    ☑008/010
AUG-30-2010  16:40|                   USDOJ/ENRD/DHCIT/NOLA                               P.008

OIG Subpoena Number 001441

**Definitions:**

1. "Halliburton" means any and all of the following: Halliburton Company; Halliburton Energy Services; any entity names and any variations thereof of that entity; any and all predecessors, successors, parent organizations, subsidiaries, affiliates, branches, divisions, committees, partnerships, joint ventures, units or offices of any such entity; and its past and present officers, directors, trustees, employees, agents, consultants, independent contractors or subcontractors, attorneys, representatives, and other persons acting on its behalf, excluding any entity that provides a remote computing service to the public under 18 U.S.C. § 2711(2).

2. "Document" is broadly defined to mean any written, recorded, or graphic material in any form, whether prepared by you or by any other person or process, including but not limited to: printed material of any kind, letters, memoranda, telegrams, communications, interviews, transcripts, books, files, records, analyses, journals, diaries, ledgers, manuals, calendars of any kind, schedules, drawings, graphs, charts, diagrams, illustrations, maps, plans, blueprints, schematics, Photostats, testing data, facsimiles, correspondence, notes, notebooks, logs, logbooks, visitor books or logs, business cards, minutes of meetings, meeting agendas, surveys, lists, tabulations, compilations, reports, outlines, drafts, schedules, pamphlets, newsletters, flyers, contracts, agreements, bills, invoices, receipts, purchase orders, work requests, work orders, photographs, photocopies, microfilm, microfiche, computer printouts, movies, audio and video recordings, electronic files and data compilations, database records, electronic communications, magnetic tapes, computer discs (including CDs, CD-Rs, DVDs, DVD-Rs, floppy discs, hard discs and hard drives), flash drives, pen drives, thumb drives, programming instructions, record layouts, and other material necessary for the retrieval of all electronic or word processing material, and printouts of data or information stored or maintained by electronic means. As indicated in the "Instructions" section, documents include preliminary drafts or revisions, any attachments or enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations or notations. This subpoena does not request the contents of any unretrieved or other communications that are in electronic storage as defined at 18 U.S.C. § 2510(17).

3. "Concerning," "relating to," "related to," "pertaining to," or "referring to" includes analyzing, discussing, describing, evidencing, constituting, reporting on, commenting on, inquiring about, explaining, considering, mentioning, regarding, and alluding to, in whole or in part, the matter requested.

4. The "Block 252 Lease" refers to the United States Department of the Interior Minerals Management Service ("Minerals Management Service") Oil and Gas Lease of Submerged Lands under the Outer Continental Shelf Lands Act, Lease OCS-G 32306, pertaining to Block 252, Mississippi Canyon, OCS Official Protraction Diagram, NH 16-10.

5. The "Deepwater Horizon" refers to the mobile offshore drilling unit (MODU) of that name, or any component thereof, as well as any vessel, vehicle, aircraft or other

Page 4

08/30/2010 18:03 FAX  202 457 6315     PATTON BOGGS                        ☎009/010
AUG-30-2010  16:41 !  |     USDOJ/ENRD/DHCIT/NOLA                           P.009

OIG Subpoena Number 001441

equipment used in connection with the process of drilling, developing, exploring for and/or producing oil and gas resources pursuant to the Block 252 Lease.

6. The "Transocean Marianas" refers to the mobile offshore drilling unit (MODU) of that name, or any component thereof, as well as any vessel, vehicle, aircraft or other equipment used in connection with the process of drilling, developing, and/or producing oil and gas resources pursuant to the Block 252 Lease.

7. The "April 20, 2010 event" refers to all events on that date at or in connection with the Block 252 Lease and the Deepwater Horizon, including the explosion and fire aboard the Deepwater Horizon and the surrounding circumstances.

8. The "Department of Interior" and "DOI" refer to the United States Department of the Interior and all its subdivisions including, but not limited to, the Minerals Management Service, the Bureau of Ocean Energy Management, the Bureau of Safety and Environmental Enforcement, the Office of Natural Resources Revenue, and the Bureau of Ocean Energy Management, Regulation, and Enforcement.

######

OIG Subpoena Number 001441

## Materials to be Produced:

1. All cement or cement samples or fragments from the Block 252 Lease or the Deepwater Horizon, including that referenced during the testimony of Jesse Gagliano before the Marine Board the week of August 23, 2010, as well as all analysis, testing data, and results related to such cement.

Page 6




DEEPWATER HORIZON JOINT INVESTIGATION TEAM

From: Co-Chairs, BOEMRE-USCG Joint Investigation Team
To: Distribution

Subj: PHYSICAL EVIDENCE COLLECTION

Ref: (a) Marine Safety Manual, Volume V, COMDTINST M16000.10A
(b) 46 U.S.C. § 6304
(c) 43 U.S.C. § 1348
(d) Coast Guard Investigations Manual, COMDTINST M5527.1B
(e) Counter Drug and Alien Migrant Interdiction Operations Manual. COMDTINST
M16247.4 (series)
(f) Minerals Management Service Manual 640.3.1, Incident Investigation and
Information Management, 20 May 2003

1. PURPOSE: This directive amplifies guidance found in references (a)-(f) and provides policy
and procedures for physical evidence collection, identification, chain of custody,
transportation, and preservation during the Investigation of the MODU DEEPWATER
HORIZON..

2. ACTION: All persons discovering, collecting, or transporting evidence associated with the
explosion, fire, and sinking of the MODU DEEPWATER HORIZON shall observe and
execute these procedures. In situations where strict adherence is not practicable, consultation
with the Joint Investigation Team (JIT) is required.

3. DISCUSSION: Adhering to the established protocol for evidence collection, identification,
chain of custody, transportation, and preservation is critical to maintaining reliable and
credible evidence. This directive supplements but does not supersede references (a), (d), (e),
and (f).

4. DIRECTIVES AFFECTED: NONE

Aug 16, 2010 (COORD JIT/USCG/DWCIT/DOI)



EXHIBIT
3

 

DEEPWATER HORIZON JOINT INVESTIGATION TEAM

A. **POLICY:** Consistent with the goals of references (b) and (c), the collector must carefully recover, identify, document, transport, and store the evidence to preserve its integrity. Evidence that is physically recoverable must be collected. Evidence collection shall be conducted in accordance with the protocols outlined in this directive.

B. **PROCEDURES:** When physical evidence is recovered it should be identified, tagged, documented and stored in an area to safeguard against tampering, pilfering, and/or damage.

    1) <u>Recovering Evidence:</u>

        a. Prior to recovering, the person finding the possible evidence should immediately contact the JIT and provide details regarding the nature and size of the possible evidence and, if available, photographs. JIT contacts are Lieutenant Commander Jeff Bray at 202-309-9559 or Jeff.R.Bray@uscg.mil, or Lieutenant Robert Butts at Robert.S.Butts@uscg.mil.

        b. Upon notification, the JIT will coordinate and approve evidence recovery. When necessary, the person responsible for the recovery should provide recommendations and/or a potential plan for appropriate methods of recovery, security measures, transportation methods and logistical equipment needed to ensure a safe and secure delivery of evidence. If crane services are required during recovery or transportation of the evidence, the plan must include a detailed lift plan.

        c. When collecting evidence, safety is paramount. If there are safety concerns throughout the evidence collection process, notify the JIT as soon as practicable.

    2) <u>Identifying Evidence:</u>

        a. Upon recovery, the JIT will assign each piece of evidence an Evidence Control Number (ECN). JIT will provide the ECN to the designated evidence collector.

        b. The ECN is a sequence of letters and numbers, beginning with a two-letter code that denotes the identity of the collector and followed by a sequentially assigned number. See reference (a), part B.3.F.4.c.

        c. Upon receipt, the JIT is responsible for cataloguing all evidence.

    3) <u>Tagging Evidence:</u>

  

DEEPWATER HORIZON JOINT INVESTIGATION TEAM

a) The evidence collector shall create an evidence tag that identifies that evidence and then affixed the tag to the evidence if possible. The tag must, at a minimum, identify the ECN, a description of the evidence, the name of the collector, and the date, time and location of the collection. See enclosure (2) for a sample evidence seizure tag that is used by U.S. Coast Guard personnel and will be used in this investigation.

b) Evidence to which the collector cannot affix an evidence tag should be placed in an appropriately sized container. The container shall be sealed with evidence tape and an evidence tag that fully meets the requirements of paragraph 3.a. shall be affixed to the container.

4) Evidence Custody Form:

a) After recovering, identifying, and tagging the evidence, an Evidence Custody Form, must be completed by the collector designated by the JIT. Enclosure (1) is the form used and recommended by the U.S. Coast Guard and will be used in this investigation.

b) The collector shall maintain a strict chain of custody including secure physical custody of the evidence until released to the JIT. The chain of custody, when completed correctly, documents the custodial history of the evidence from the time it was initially recovered.

c) Chain of custody is maintained through actual secure physical custody and a paper trail detailing each change of custody, including the name and title of the receiving agent and date of transfer. It is the responsibility of the collector of the evidence to prepare the Evidence Custody Form. The form should be completely filled out to include all relevant information. The description listed on the evidence tag should be copied verbatim to the Evidence Custody Form. Annotations to these descriptions can be added within parentheses. Hand-written forms are acceptable but it is important that they are written legibly. If errors are made on the form, a single line should be made through the information and initials of the person making the notation should be near the correction.

d) When the collector relinquishes custody of the evidence to another person, both individuals are required to verify the evidence and sign the Evidence Custody Form. All original documents should accompany the evidence. It is good practice to keep the transfer of evidence to a minimum. Any deviation

 

DEEPWATER HORIZON JOINT INVESTIGATION TEAM

between the evidence label information and the custody and control form information can cause confusion as to the identity of the evidence.

   e) See references (d) and (e) for additional guidance.

5) Delivery and Storage:

   a. The evidence collector designated by the JIT will deliver the evidence to the JIT's secure physical evidence storage facility at the USCG Base Support Unit (BSU) New Orleans unless otherwise directed.

   b. Upon delivery, either by road or waterway, a JIT member will meet the custodian of the evidence at the collection site and verify the item, review the evidence tag, the Evidence Custody Form, and accept delivery.

   c. Delivery shall be coordinated through the JIT. JIT contacts are Lieutenant Commander Jeff Bray at 202-309-9559 or Jeff.R.Bray@uscg.mil, or Lieutenant Robert Butts at Robert.S.Butts@uscg.mil.

6) Interagency Coordination

   a. As provided for in Enclosure (5), and due to the high level of interest in the physical evidence that is collected by the JIT, it is imperative that access protocols ensure the highest level of security which safeguards the U.S. government's ability to use this evidence not only in the JIT's investigation, but also in possible future administrative, civil and criminal proceedings. In order to achieve this end, requests for access to the physical evidence storage facility shall be coordinated with personnel from the Deepwater Horizon Criminal Investigation Team.

SIGNATURE

Encl: (1) Evidence Custody Form




DEEPWATER HORIZON JOINT INVESTIGATION TEAM

(2) Sample Evidence Seizure Tag
(3) Blowout Preventer Specific Procedures
(4) Schematic of Evidence Yard dtd July 23, 2010
(5) Coast Guard Base New Orleans Standard Operating Procedures for the Evidence Yard

| U.S. Department of Homeland Security U.S. Coast Guard CGIED00(8-04) | COAST GUARD INVESTIGATIVE SERVICE EVIDENCE CUSTODY FORM | | |
|---|---|---|---|
| **1. Receiving Office** | **2. Case Control Number (CCN)** | | **3. Evidence Log Type and Number** |
| **4. Case Title/Subject** | | | |

| 5. Name/ Grade / Title of Person From Whom Seized/Received  Owner ☐  Other ☐ | 6. Address (include ZIP) | |
|---|---|---|
| | 7. Work Phone | 8. Home Phone |

**9. Location Where Property Seized/Received**

| 10. Reason Obtained  ☐ Found  ☐ Impounded  ☐ Other _____  ☐ Evidence | 11. Time/Date Seized/Received | 12. Seized/Received By (Printed Name) |
|---|---|---|

| 13. Item | 14. Quantity | 15. Disposal Action | 16. Description of Article/Make, Model, Serial Number, Identifying Marks, Condition, Value, Weight, and Evidence Tag Number |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| 17. Name and Signature of Witness | 18. Name and Signature of Evidence Custodian |
|---|---|

**19. CHAIN OF CUSTODY**

| Items | Date/Time | Released By | | Received By | | Purpose |
|---|---|---|---|---|---|---|
| | | Name | | Name | | |
| | | Organization | | Organization | | |
| | | Signature | | Signature | | |
| | | Name | | Name | | |
| | | Organization | | Organization | | |
| | | Signature | | Signature | | |

Page 1 of 2 Pages

Reset

**Enclosure (1)**

## 19. CHAIN OF CUSTODY (CONT'D)

| Items | Date/Time | Released By | Received By | Purpose |
|-------|-----------|-------------|-------------|---------|
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |

## 20. FINAL DISPOSITION

Final Disposition Authority

| Name (Printed) | Grade/Rank | Organization |
|----------------|------------|--------------|
| Persons Witnessing Destruction (Print) | Organization | Signature and Date |
| 1. | | |
| 2. | | |

NOTE: You MUST indicate in Disposal Action Column (on front) by two number or letter code, persons receiving or witnessing action and the type of action
CODES: (R) Person receiving    (W) Witness to Action    (A) Turned over to another Agency
    (1) Returned to Individual Owner    (C) Returned to Command    (S) Turned into Supply
    (D) Destroyed    (M) Another method (explain in Remarks section)
EXAMPLE: Code R1 = person receiving the item was the owner;
    WD = person witnessed the destruction of the item;
    RC = person receiving item returned it to the command

## 21. REMARKS

Reset

Enclosure (1)

SEIZURE TAG

DATE SEIZED: 01 AUG 99   SEIZED PROPERTY NO.: 052090
SEIZED FROM: P/C SHIRA
PLACE SEIZED: Position 37-00N, 75-05W
ARTICLE(S) SEIZED: 1 Bale (approx 40 lbs) of marijuana

VIOLATION: U.S. drug law (46USC1903)

AUTHORIZED OFFICER SIGNATURE:
DEPT OF TRANSP., USCG, CG5117 (902 RR 1)
U.S. GPO: 1993-710-090

SEIZED PROPERTY RECEIPT

NO.: 052090
DATE: 01 AUG 99
ARTICLE(S) SEIZED: 1 Bale (approx 40 lbs) of marijuana

AUTHORIZED OFFICER SIGNATURE
NOAA FORM 88 (13-78)
U.S. GPO: 1993-710-090

**Enclosure (2)**

BLOWOUT PREVENTER (BOP) SPECIFIC PROCEDURES:

1. Removal and Raising of the BOP

   - The BOP will be removed from the well head on or about August 19, 2010 and raised to the surface.
   - There will be members of the Joint Investigation Team (JIT) and the Department of Justice Criminal Investigation Evidence Recovery Team (DOJ Criminal Team) onboard the Q-4000 (the lifting vessel) throughout the entire process.
   - The JIT will take custody of the BOP from the time it is removed from the well head and will maintain that custody throughout the lifting process.
   - There will be live ROV video feed of the process available to the JIT and DOJ Criminal Team on scene as well as to other Federal Government personnel on the shore. JIT will ensure the video feed is recorded. One or more ROVs will maintain visibility of the BOP at all times during its disconnection from the wellhead and its ascent.
   - The ROV feed and the presence of JIT and Criminal Team members will ensure proper chain of custody is maintained from the moment work begins on the BOP.
   - A chain of custody form on the Q-4000 will be finalized which will transfer custody of the BOP from BP/TransOcean to the JIT as soon as work begins on the BOP.

2. Lifting of the BOP onto the Q-4000

   - The Q-4000 will lift the BOP onboard, where it will stay for a short time until it is transferred to an Offshore Supply Vessel (OSV) or other vessel that will bring it into shore.
   - The JIT will maintain chain of custody and will ensure positive control of the BOP throughout the time on the Q-4000.
   - This process will be videotaped and photographed.

3. Transfer of the BOP to an OSV

   - The Q-400 will transfer the BOP to an OSV, which will then transport it into the Coast Guard Base on the NASA Michoud Facility located ADDRESS HERE
   - The JIT and DOJ Criminal Team members will travel on the OSV with the BOP to the Coast Guard Base. The JIT will maintain custody and control through this process.
   - The transfer process will be videotaped and photographed.
   - The Coast Guard will provide a vessel escort for the OSV as it transits to shore, and once the OSV reaches the Sector New Orleans Captain of the Port Zone a moving safety zone will be placed around the OSV until the BOP is onshore.

**Enclosure (3)**

4. Transfer of the BOP to the Coast Guard Base

- Once the OSV arrives at the Coast Guard Base with the BOP, a Coast Guard contracted crane company will be standing by to remove the BOP using a lift plan that has been pre-approved by the JIT, the DOJ Criminal Team, and NASA.
- The BOP will be placed on a transport vehicle and taken to the secure evidence yard that has been established for DEEPWATER HORIZON evidence.
- This process will be videotaped and photographed.
- The evidence yard is on the Coast Guard portion of the secure NASA facility, the yard is locked and access is restricted. See Enclosure (5).
- The Coast Guard Base Officer of the Day (OOD) will only grant access to the yard under the Standard Operating Procedures (SOP) established by the JIT, any entry to the evidence yard must be approved by the JIT and logged, and the evidence yard has two closed circuit cameras around the perimeter.
- The BOP will remain in the evidence yard until the testing contract and protocols are finalized.
- In the alternative to the above, if timely arrangements may be made, the JIT"s preference is to have the BOP transferred and housed on its testing stump in a secure, restricted access hanger onboard the NASA Michoud Facility where testing of the BOP will be conducted.
- Alternatively, if the BOP must be stored outside, it shall be covered to minimize exposure to, and corrosion from, the environment.

5. Testing of the BOP

- The JIT will contract with an independent third party expert to provide testing procedures and protocols for the BOP.
- The testing will take place at the NASA Michoud Facility under the control and guidance of the JIT, with input from DOJ and other Federal entities.
- The JIT will also allow Parties-in-Interest in the investigation to provide input into the testing procedures, but the JIT will make the final decision on this matter.
- All testing procedures will be conducted and recorded pursuant to the contractual arrangements between the testing parties and DOI.

6. Long Term Storage of the BOP

- The BOP will be stored in a secure area of the NASA Michoud Facility; the exact location is to be determined.
- The Coast Guard will contract with NASA to lease the necessary space and will work with DOJ on the longer term needs of the U.S. government.

**Enclosure (3)**



**Enclosure (4)**

## BSU New Orleans OOD
## Standard Operating Procedures
## for the DEEPWATER HORIZON Evidence Yard

Background: The Coast Guard and Bureau of Ocean Energy Management, Regulation and Enforcement (BOEM) Joint Investigation Team (JIT) is conducting an investigation into the explosion and sinking of the Mobile Offshore Drilling Unit DEEPWATER HORIZON. Any/all physical evidence that is collected by the JIT will be brought to Base Support Unit (BSU) New Orleans for secure storage in the "evidence yard". The procedures in this document will ensure that the investigation maintains proper chain of custody and control of this evidence.

Due to the high level of interest in the physical evidence that is collected by the JIT, it is imperative that access protocols ensure the highest level of security which safeguards the U.S. government's ability to use this evidence not only in the JIT's investigation, but also in possible future administrative, civil and criminal proceedings. In order to achieve this end, access requests shall be coordinated with personnel from the Deepwater Horizon Criminal Investigation Team.

General procedures:

1. The gate to the evidence yard shall be closed and locked, unless a JIT member has granted access to and is on the premises.
2. Access to the evidence yard must be approved by a member the Joint Investigation Team.
   a. Primary POC: CAPT Suzanne Englebert
   b. Secondary POC: LCDR Jeff Bray
3. Visitors to the evidence yard must always be accompanied by a Joint Investigation Team member, or the BSU CO or XO.
4. Each time access is granted, the BSU OOD must log the date and time the area is unlocked, who entered the area, the name of the JIT escort, and what time the area was re-locked.
5. The BSU OOD shall conduct periodic inspections of the area to ensure the area remains secure. The BSU OOD shall ensure that there is continuous video monitoring of the evidence yard. This video monitoring shall be recorded and provided to the DHCIT on a schedule mutually agreed to by the BSU, the JIT and the DHCIT.
6. In the case of an emergency which requires access to the evidence yard (i.e. fire, flooding, intrusion, etc.), the BSU OOD is authorized to unlock and open the gate without JIT permission to allow for base personnel to respond appropriately.
7. The JIT also has a key to the evidence yard and must notify the BSU OOD of any visits to ensure it is logged appropriately.

List of JIT Members:

CAPT Hung M. Nguyen, Co-Chairman
Mr. Gerald "Ross" Wheatley, Member
LT Robert Butts, Recorder
CDR Malcolm McLellan, Special Assistant to the JIT
LCDR Jeff Bray, Counsel to the JIT

<u>Contacts:</u> Questions about this procedure and any other evidence related questions should be directed to CAPT Suzanne Englebert at 202-604-1230 or <u>Suzanne.E.Englebert@uscg.mil</u> or LCDR Jeff Bray at 202-309-9559 or <u>Jeff.R.Bray@uscg.mil</u> .

**Enclosure (5)**

**UNITED STATES OF AMERICA**
**DEPARTMENT OF HOMELAND SECURITY**
**DEPARTMENT OF THE INTERIOR**
**JOINT INVESTIGATION CONDUCTED BY**
**UNITED STATES COAST GUARD**
**BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT**

SUBJECT: DEEPWATER HORIZON PHYSICAL EVIDENCE PROTOCOLS

Forwarded for your approval and signature are the Joint Investigation Team procedures for physical evidence collection, identification, chain of custody, transportation, and preservation during the Investigation of the MODU DEEPWATER HORIZON.

These procedures were drafted by the Joint Investigation Team with input from the USCG, BOEM, DHS, DOI, DOJ Criminal and DOJ Civil. This approval page will confirm that each Agency approves the Joint Investigation Team procedures for physical evidence control.

_____
Ms. Ignacia Moreno, Assistant Attorney General
Environment and Natural Resources Division, DOJ

8/19/10
Date

_____
Mr. Tony West, Assistant Attorney General
Civil Division, DOJ

_____
Date

_____
Ms. Leezie Kim, Deputy General Counsel, DHS

_____
Date

_____
Ms. Rachel Jacobsen, Principal Deputy Solicitor, DOI

_____
Date

**UNITED STATES OF AMERICA**
**DEPARTMENT OF HOMELAND SECURITY**
**DEPARTMENT OF THE INTERIOR**
**JOINT INVESTIGATION CONDUCTED BY**
**UNITED STATES COAST GUARD**
**BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT**

SUBJECT: DEEPWATER HORIZON PHYSICAL EVIDENCE PROTOCOLS

Forwarded for your approval and signature are the Joint Investigation Team procedures for physical evidence collection, identification, chain of custody, transportation, and preservation during the Investigation of the MODU DEEPWATER HORIZON.

These procedures were drafted by the Joint Investigation Team with input from the USCG, BOEM, DHS, DOI, DOJ Criminal and DOJ Civil. This approval page will confirm that each Agency approves the Joint Investigation Team procedures for physical evidence control.

_____
Ms. Ignacia Moreno, Assistant Attorney General
Environment and Natural Resources Division, DOJ

_____
Date

_____
Mr. Tony West, Assistant Attorney General
Civil Division, DOJ

**8·19·10**
Date

_____
Ms. Leezie Kim, Deputy General Counsel, DHS

_____
Date

_____
Ms. Rachel Jacobsen, Principal Deputy Solicitor, DOI

_____
Date

**UNITED STATES OF AMERICA**
**DEPARTMENT OF HOMELAND SECURITY**
**DEPARTMENT OF THE INTERIOR**
**JOINT INVESTIGATION CONDUCTED BY**
**UNITED STATES COAST GUARD**
**BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT**

SUBJECT: DEEPWATER HORIZON PHYSICAL EVIDENCE PROTOCOLS

Forwarded for your approval and signature are the Joint Investigation Team procedures for physical evidence collection, identification, chain of custody, transportation, and preservation during the Investigation of the MODU DEEPWATER HORIZON.

These procedures were drafted by the Joint Investigation Team with input from the USCG, BOEM, DHS, DOI, DOJ Criminal and DOJ Civil. This approval page will confirm that each Agency approves the Joint Investigation Team procedures for physical evidence control.

Ms. Ignacia Moreno, Assistant Attorney General
Environment and Natural Resources Division, DOJ

Date

Mr. Tony West, Assistant Attorney General
Civil Division, DOJ

Date

Ms. Leezie Kim, Deputy General Counsel, DHS

8·19·10
Date

Ms. Rachel Jacobsen, Principal Deputy Solicitor, DOI

Date

**UNITED STATES OF AMERICA**
**DEPARTMENT OF HOMELAND SECURITY**
**DEPARTMENT OF THE INTERIOR**
**JOINT INVESTIGATION CONDUCTED BY**
**UNITED STATES COAST GUARD**
**BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT**

SUBJECT: DEEPWATER HORIZON PHYSICAL EVIDENCE PROTOCOLS

Forwarded for your approval and signature are the Joint Investigation Team procedures for physical evidence collection, identification, chain of custody, transportation, and preservation during the Investigation of the MODU DEEPWATER HORIZON.

These procedures were drafted by the Joint Investigation Team with input from the USCG, BOEM, DHS, DOI, DOJ Criminal and DOJ Civil. This approval page will confirm that each Agency approves the Joint Investigation Team procedures for physical evidence control.

_____          _____
Ms. Ignacia Moreno, Assistant Attorney General          Date
Environment and Natural Resources Division, DOJ

_____          _____
Mr. Tony West, Assistant Attorney General          Date
Civil Division, DOJ

_____          _____
Ms. Leezie Kim, Deputy General Counsel, DHS          Date

_____          08/19/10
Ms. Hilary C. Tompkins, Solicitor, DOI          Date

UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § | **MDL No. 2179**<br><br>**SECTION: J**<br><br>**JUDGE BARBIER**<br>**MAG. JUDGE SHUSHAN** |

THIS DOCUMENT RELATES TO ALL CASES

## ORDER

WHEREFORE, the Court having been advised that certain materials/components used by Halliburton Energy Services, Inc. (HESI) in the cementing jobs performed on the Deepwater Horizon project have been subpoenaed by the Joint Investigation (JIT) and the Office of Inspector General for the United States Department of the Interior;

WHEREFORE, the Court having been further advised by HESI that it has in its possession, custody or control the following items responsive to the subpoenas (collectively called Cementing Components):

1)  the physical samples from the Deepwater Horizon project listed on the document titled "Attachment "C" to Halliburton's Energy Service, Inc.'s Response to U. S. Chemical Safety & Hazard Investigation Board's Subpoena Hal-1SUBDOC8," which was attached to the JIT's subpoena as Attachment A,

2) 1 quart of ZoneSeal – 2000 from the same lot used in the cementing job completed on the Deepwater Horizon project on April 19, 2010, and

1

3) 2 gallons and one quart of the SCR-100 from the same lot used in the cementing job completed on the Deepwater Horizon project on April 19, 2010;

WHEREFORE, the Court having been further advised that HESI is willing to deliver to the JIT the Cementing Components and the JIT is willing to take custody of the Cementing Components and that chain of custody will be maintained in accordance with the JIT's Physical Evidence Collection protocol;

WHEREFORE, the Court having been further advised by HESI that the Cementing Components may be deteriorating over time and, therefore, the Court finds that it is in the interest of all parties for testing of the Cementing Components to be undertaken as soon as reasonably practicable;

IT IS ORDERED that to the extent necessary to amend and modify Paragraph 14 of the Court's Pretrial Order No. 1 to permit HESI to provide the Cementing Components to the JIT, Paragraph 14 of the Court's Pretrial Order No. 1 shall be, and the same is, so amended and modified;

IT IS FURTHER ORDERED that no destructive testing on the Cementing Components will be conducted without further order of the Court.

IT IS SO ORDERED this _____ day of October, 2010, at New Orleans, Louisiana.

_____
THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | § | **MDL No. 2179** |
| RIG "DEEPWATER HORIZON" | § | |
| IN THE GULF OF MEXICO, | § | **SECTION:  J** |
| ON APRIL 20, 2010 | § | |
| | § | **JUDGE BARBIER** |
| | § | **MAG. JUDGE SHUSHAN** |

## THIS DOCUMENT RELATES TO ALL CASES

### NOTICE OF HEARING OF HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS OF PRETRIAL ORDER NO. 1

PLEASE TAKE NOTICE that Halliburton Energy Services, Inc., shall bring its Motion

for Relief From Preservation of Evidence Obligations of Pretrial Order No. 1 for hearing on

October 27, 2010, at 9:30 a.m. before the Honorable Carl J. Barbier at the United States District

Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, or as

soon thereafter as this matter can be heard.

Dated October 7, 2010.

**Respectfully Submitted,**

## GODWIN RONQUILLO PC

**By:** /s/ Donald E. Godwin
Donald E. Godwin
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

NOTICE OF HEARING OF HALLIBURTON ENERGY SERVICES, INC.'S MOTION
FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS
OF PRETRIAL ORDER NO. 1

Page 2

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2010 a copy of the foregoing Notice of Hearing was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin

NOTICE OF HEARING OF HALLIBURTON ENERGY SERVICES, INC.'S MOTION
FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS
OF PRETRIAL ORDER NO. 1

Page 3

D 1585996 v1-24010/0002 PLEADINGS