**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** | **MDL NO. 2179** |
| **"Deepwater Horizon" in the Gulf** | |
| **Of Mexico, on April 20, 2010** | **SECTION J** |
| **Applies to:** *All Cases* | **JUDGE BARBIER** |
| | **MAGISTRATE JUDGE SHUSHAN** |

**ORDER**

**[Regarding Phase Two Expert Document Production]**

The purpose of this Order is to (1) establish procedures for identification of certain documents that are associated with the reports and testimony of the parties' expert witnesses and that the parties may offer at Phase Two of the trial of this case; and (2) establish deadlines for the production of such documents. This Order applies only to Phase Two of this case.  This Court's October 17, 2011 Order Regarding Non-Discoverability of Certain Expert-Related Documents (Rec. doc. 4301) shall remain in effect.

A.    Definitions

The terms used in this order are defined as follows:

1.    The term "Deposition Exhibits" refers to those documents used as exhibits in any expert witness deposition and maintained on the running index of exhibits used in depositions.

2.    The term "Consideration Materials" refers to any facts or data that are considered by an expert in forming the expert's opinion and required to be identified in the report of that expert in accordance with Fed. R. Civ. P. 26(a) (2) (B). [1]

---

[1] "Consideration Materials" shall not be deemed to include any draft of any expert report, or portion thereof; any communication between experts and attorneys; any communication between attorneys relating to an expert's work, including any communication amongst attorneys for different

Consideration Materials shall be identified in the expert reports as required by Fed. R. Civ. P. 26(a)(2)(B).  Consideration materials shall include communications between a testifying expert and a second expert that are relied on by the testifying expert in a report, deposition testimony, or at trial, but the disclosure of such communications shall not subject to discovery any other analysis by the second expert not imparted during the consultation with the testifying expert.  Nor shall Consideration Materials include communications between a testifying expert and other experts that are not relied upon in the expert's report to support the opinions of the testifying expert; such communications not disclosed in the expert's report may not be cited or referenced in the expert's trial testimony as support for the expert's opinions.

3.      The term "Reliance Exhibits" refers to any materials that have been identified in the report of an expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) as Consideration Materials, and that the parties list to be offered into evidence or otherwise to be presented at trial as of the deadlines set forth below.

4.      The term "Relied-Upon Modeling Runs" refers to the native version of any computer files containing the input to and/or output from computer model runs that are relied upon to support the conclusions set forth in the expert repot.

5.      The term "Other Exhibits" refers to any exhibit other than a Deposition or Reliance Exhibit which is identified on a party's final exhibit list.

---

parties sharing a common interest on the issue(s) of the expert's analysis and/or testimony; or memoranda, correspondence, or notes reflecting, consisting of or regarding communications among experts and/or attorneys that might reflect the mental impressions or conclusions or litigation strategy of attorneys. The parties are not required to produce or exchange Privilege Logs regarding any such expert or attorney work product.

B.    Background

Pursuant to the Order of November 14, 2012 (Rec. doc. 7888) and the Phase Two Trial

Preparation Timeline (Rec. doc. 8123), the parties exchanged the first installment of their Phase

Two good faith trial exhibit lists on December 19, 2012, exchanged their objections on January

14, 2013, met and conferred in order to resolve as many objections as possible, and are in the

process of submitting optional letter briefs on certain remaining exemplar objections for the

Court's resolution.

C.    Production of Consideration Materials and Identification of Reliance Exhibits.

All Relied-Upon Modeling Runs shall be produced as part of the expert report. The expert

reports will specifically identify all Consideration Materials, including bates or deposition

exhibit numbers or other identifying information for other material, in an Excel spreadsheet in a

manner sufficient to enable a party to locate all such materials online or otherwise.  The parties

shall serve their expert reports and produce any non-public and previously unproduced

Consideration Materials as follows:

| | |
|---|---|
| March 22, 2013 | Service of Plaintiffs' expert reports (except Dr. Bea) |
| April 1, 2013 | Service of Consideration Materials associated with Plaintiffs' expert reports (except Dr. Bea's) |
| April 5, 2013 | Service of Dr. Bea's report |
| April 15, 2013 | Service of Consideration Materials associated with Dr. Bea's report |
| May 1, 2013 | Service of Defendants' expert reports (except regarding Dr. Bea's report) |
| May 11, 2013 | Service of Consideration Materials associated with Defendants' expert reports |
| May 15, 2013 | Service of Defendants' expert reports regarding issues addressed in Dr. Bea's report |

| | |
|---|---|
| May 25, 2013 | Service of Consideration Materials associated with Defendants' reports regarding issues addressed in Dr. Bea's report |
| June 10, 2013 | Service of Plaintiffs' reply expert reports |
| June 15, 2013 | Service of Consideration Materials associated with Plaintiffs' reply reports (except Dr. Bea's report) |
| June 24, 2013 | Service of Dr. Bea's reply report |
| June 29, 2013 | Service of Consideration Materials associated with Dr. Bea's reply report |

The parties shall prepare and serve their Reliance Exhibit lists on July 19, 2013.[2]

D.      Final Identification and Designation of All Phase Two Trial Exhibits

As provided in the Phase Two Trial Preparation Timeline, the parties are required to file and serve their final "good faith" Phase Two exhibit lists on August 9, 2013.  For good cause shown, the parties may be permitted to add exhibits after this date. The August 9, 2013 exhibit list shall include all exhibits a party may offer at the trial, including Deposition Exhibits, Reliance Exhibits and Other Exhibits.  The parties shall not simply designate or include the running index from the depositions, as the exhibit list is intended to reflect the good faith, final list of the exhibits that the parties may offer during Phase Two of the trial.

In numbering their final exhibit lists, the parties shall:

-- for Deposition Exhibits, use the exhibit numbers assigned to those exhibits at the
   deposition, as reflected in the running index from the depositions;

-- for exhibits that were designated as a Phase One Trial Exhibit by any party (including
   deposition exhibits, reliance exhibits, and all other Phase One Trial Exhibits), use the

_____

[2]      The Reliance Exhibit lists will specifically identify all Reliance Exhibits, including bates or deposition exhibit numbers or other identifying information for other material, and the name(s) of the corresponding expert(s), in an Excel spreadsheet in a manner sufficient to enable a party to locate all such materials online or otherwise.

5

same exhibit number as assigned during Phase One of the case.

-- for all other Reliance Exhibits and other exhibits, use the following numeric ranges:

| | |
|---|---|
| PSC | 120,000 |
| U.S. | 130,000 |
| BP | 140,000 |
| Transocean | 150,000 |
| Halliburton | 160,000 |
| States | 170,000 |
| Cameron | 175,000 |
| Anadarko | 180,000 |
| M-I Swaco | 189,000 |

New Orleans, Louisiana, this 15th day of March, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

5