**From:** Mary Beth Mantiply
**To:** Steve Herman; Jim Roy
**Subject:** XXXXXXX appeal, Claim # XXXXXX
**Date:** Saturday, February 16, 2013 9:28:55 AM
**Attachments:** XXXXXXXXXXX_brief_supplement.pdf

Dear Mr. Herman and Mr. Roy,

This email is from Mary Beth Mantiply and I am counsel of record on the above-numbered BEL claim. XXXXXXXXXXXXX is a Zone A claimant in Gulf Shores that contracts with XXXXXXXX to assist in the running, policies and oversight of a waterpark.

On Dec. 14, the claims facility entered a total award of $XXXXXX. This included a base award of $XXXXXXXXX, RTP of 1.50 and accounting fees. We had requested the tourism RTP of 2.50, but this was denied.

On Dec. 10, 2012, as you are well aware, BP reaffirmed that the only actions required of the claims facility in BEL claims would be to determine causation (here zone A) and then apply the specific formula set out in the Settlement Agreement.

On Dec. 24, 2012. less than two weeks later, BP appealed the present award, alleging that claims facility erred in calculating this award because it did not take into consideration "timing issues" in the revenue sequence, "as required by the Settlement Agreement." The appeal further alleged that the Settlement Agreement required the facility to take into consideration the "specific idiosyncracies" of claimant's business. These two assertions appear to me to be as far from applying "the specific formula" as you can get. Neither of these terms are even found in the BEL portion of the Agreement.

In summary, BP was caused to reaffirm to the Court the BEL calculation methodology contained in its Settlement Agreement on Dec. 10, 2012 . I can only suppose this was made necessary by a proliferance of appeals just like the one in my case. After reaffirming this methodology, less than two weeks later BP raises these same spurious issues, but to a new forum, the specific appeals person in XXXXXXXXX's case.

This flagrant disregard for the terms of its own Settlement Agreement and its subsequesnt reaffirmations to the Court, as evidenced by its immediate 180 degree reversal to a new and different forum cannot be tolerated. I think this is an appropriate appeal for you, as Lead Class Counsel, to bring to the attention of the Court as evidence of BP's continued bad faith and contempt of the Court approved Agreements.

I would also point out that since the Settlement Agreement was approved by the Court, the approval rate by the Claims Facility has ground to a screeching halt. I have not had a single BEL claim approved since December 14, 2012, which was the above appealed claim. Coincidence? I think not.

Your assistance in this matter would be greatly appreciated and I welcome the opportunity to discuss these issues with you.

Mary Beth Mantiply
Attorney at Law
P.O. Box 862
Mobile, AL 36559
251.625.4040

---------------------------------------------------------
From: XXXXXXXXX
To: AppealsCoordinator@dhecc.com
CC: David Duval
Sent: 2/11/2013 3:54:10 P.M. Central Standard Time
Subj: XXXXXXXXX appeal, Claim # XXXXX

Dear Mr. Duval,

Please accept the attached supplemental statement in support of XXXXXXX's Motion to Dismiss, based on BP's reaffirmance and the Court's posting of a Policy Decision that only the express terms of the Settlement Agreement and the formuale contained therein are to be utilized in determing a BEL Claim.

Thank you,
Mary Beth Mantiply
Attorney at Law
P.O. Box 862
Mobile, AL 36559
251.625.4040