# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION:  J |
| on APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| Applies to:  No. 10-2771, | § | |
| and All Cases | § | MAG. JUDGE SHUSHAN |
| | § | |
| | § | |

## HALLIBURTON ENERGY SERVICES, INC.'S
## MOTION FOR JUDGMENT ON PARTIAL FINDINGS

NOW INTO COURT, comes Halliburton Energy Services, Inc. ("HESI") and files this Motion for Judgment on Partial Findings, pursuant to Fed. R. Civ. P. 52(c), and respectfully shows the Court as follows:

## I.
## BASIS FOR MOTION

Plaintiffs originally asserted claims against BP,[1] HESI, and other defendants for compensatory and punitive damages arising from the April 20, 2010 blowout of the Macondo well and resulting oil spill into the Gulf of Mexico.  *See* First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III (B1) (Dkt. No. 1128) ("B1 Master Complaint");[2] First Amended Master Complaint in Accordance with PTO No. 11 [CMO No. 1] Section III.B(3) ["B3 Bundle"]

---

[1] "BP" refers to BPXP, BP America Production Co., and BP p.l.c.

[2] The B1 Master Complaint sought damages for private economic losses, and also asserted claims against Transocean Ltd., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GmbH (collectively, "Transocean"), M-I, LLC, Cameron International Corporation, Weatherford U.S. L.P., Anadarko Petroleum Corp., Anadarko E&P Co. LP, MOEX Offshore 2007 LLC, MOEX USA Corp., and Mitsui Oil Exploration Co., Ltd.

("B3 Master Complaint") (Dkt. No. 1812).[3]  In addition, the States of Alabama and Louisiana and various local governments likewise asserted against HESI claims for compensatory and punitive damages.  *See* Dkt. Nos. 1510, 1887, and 2031.

As more fully set forth in HESI's Memorandum in Support of its Motion for Judgment on Partial Findings, incorporated herein by reference, HESI is entitled to judgment on partial findings, pursuant to Fed. R. Civ. P. 52(c), as to any and all claims of gross negligence and willful misconduct and all claims for punitive damages asserted against it by Plaintiffs,[4] the States of Alabama and Louisiana, and the various local governments for the following reasons:

1.     Rule 52(c) of the Federal Rules of Civil Procedure, titled "Judgment on Partial Findings," provides as follows:

> If a <u>party has been fully heard</u> on an issue during a nonjury trial and the <u>court finds against the party on that issue</u>, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.  The court may, however, decline to render any judgment until the close of the evidence.   A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

FED. R. CIV. P. 52(c) (underline added); *see Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) ("Rule 52(c) provides that '[i]f during a trial without a jury a party has been fully heard on

---

[3] The B3 Master Complaint sought damages for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010.  By way of the B3 Master Complaint, Plaintiffs asserted claims against Transocean Ltd., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GmbH, Anadarko Petroleum Corp., Anadarko E&P Co. LP, MOEX Offshore 2007 LLC, MOEX USA Corp., and Mitsui Oil Exploration Co., Ltd., along with various defendants who participated in post-incident remediation and response efforts or who manufactured chemicals used in post-incident remediation and response efforts.  HESI was tendered to Plaintiffs by Transocean pursuant to Fed. R. Civ. P. 14(c).  *See* (Dkt. No. 1320).  The B3 Plaintiffs and the B1 Plaintiffs are collectively referred to herein as "Plaintiffs."

[4] All state law claims have been dismissed by prior orders of this Court.

an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party.'").

2.      Plaintiffs, the States of Alabama and Louisiana, and the local governments have been fully heard on all issues, and have rested and closed their case in chief prior to the filing and presenting of this Motion for Judgment on Partial Findings.  FED. R. CIV. P. 52(c).  At this time, the Court can appropriately make a dispositive finding of fact on the evidence.  FED. R. CIV. P. 52(c) advisory committee's note ¶1 (1991).

3.      HESI is entitled to judgment on partial findings, pursuant to Fed. R. Civ. P. 52(c), as to any and all claims of gross negligence and willful misconduct, and any and all claims for punitive damages asserted against it by Plaintiffs, the States of Alabama and Louisiana, and the local governments, as there is no evidence or no legally sufficient evidence to support the required elements of the claims of gross negligence and willful misconduct and thus no evidence to support the claims for punitive damages asserted against HESI.

4.      There is no evidence or no legally sufficient evidence to support the required elements of the claims of gross negligence or willful misconduct asserted against HESI, namely (1) harm willfully inflicted or caused by gross or wanton negligence (*Coastal Iron Works, Inc. v. Petty Ray Geophysical*, 783 F.2d 577, 582 (5th Cir. 1986)), or (2) reckless or wanton misconduct or harm willfully inflicted or caused by wanton and reckless disregard for the safety of others (*Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Services, LLC*, No. 12-1979, 2012 U.S. Dist. LEXIS 179419, at *9 (E.D. La. Dec. 19, 2012)).

5.      Likewise, there is no evidence or no legally sufficient evidence to support any basis for the claims by Plaintiffs, the States of Alabama and Louisiana, and the local governments for punitive damages asserted against HESI, namely gross negligence or willful,

wanton, or reckless misconduct. *Miles v. Melrose*, 882 F.2d 976, 989 (5th Cir. 1989), *aff'd*, 498 U.S. 19 (1990); *McBride v. Estis Well Service, LLC*, 872 F.Supp.2d 511, 521 (W.D. La. 2012).

## II.
## RELIEF REQUESTED

For the foregoing reasons, HESI requests that the Court grant its Motion for Judgment on Partial Findings, and grant it judgment as to any and all claims asserted by Plaintiffs, the States of Alabama and Louisiana, and the local governments for gross negligence, willful misconduct, and punitive damages. HESI also requests all such further and other relief to which it may be justly entitled at law and in equity.

Dated:          March 20, 2013

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com

1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Motion for Judgment on Partial Findings has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 20th day of March, 2013.

/s/ Donald E. Godwin
Donald E. Godwin