UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| Applies to:  No. 10-2771, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S
MOTION FOR JUDGMENT ON PARTIAL FINDINGS**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................. ii

I. BACKGROUND AND PROCEDURAL HISTORY ............................................................. 1

II. SUMMARY OF THE ARGUMENT ................................................................................ 2

III. JUDGMENT ON PARTIAL FINDINGS AND STANDARD OF REVIEW ..................... 2

    A. Motion for Judgment on Partial Findings Under Rule 52(c) of the Federal Rules of Civil Procedure. ............................................................................ 2

    B. Notes of Advisory Committee and "Parallel" to Judgment as a Matter of Law. ............................................................................................................... 3

    C. Timing of Motion for Judgment on Partial Findings. ............................................. 3

    D. Scope of Review of the Evidence. .......................................................................... 4

    E. Clear Error Standard of Review for Findings of Fact. ............................................ 4

IV. ARGUMENT AND AUTHORITIES ................................................................................ 5

    A. There is No Evidence or No Legally Sufficient Evidence Exists of Gross Negligence and/or Willful Misconduct. ................................................................. 5

        1. There is No Evidence or No Legally Sufficient Evidence of Gross Negligence or Harm Willfully Inflicted or Caused by Gross or Wanton Negligence. ........................................................................... 5

        2. There is No Evidence or No Legally Sufficient Evidence of Reckless or Wanton Misconduct or Harm Willfully Inflicted or Caused by Wanton and Reckless Disregard for the Safety of Others. .......................... 6

    B. There is No Evidence or No Legally Sufficient Evidence to Support Punitive Damages. .................................................................................................. 6

V. CONCLUSION AND PRAYER FOR RELIEF ................................................................ 7

# INDEX OF AUTHORITIES

**CASES**

*Bodin v. Vagshenian*,
    462 F.3d 481 (5th Cir. 2006) .................................................................................... 3-4

*Coastal Iron Works, Inc. v. Petty Ray Geophysical*,
    783 F.2d 577 (5th Cir. 1986) ..................................................................................... 2, 5

*EOG Resources, Inc. v. Chesapeake Energy Corp.*,
    605 F.3d 260 (5th Cir. 2010) ....................................................................................... 4

*Grilletta v. Lexington Ins. Co.*,
    558 F.3d 359 (5th Cir. 2009) ....................................................................................... 4

*McBride v. Estis Well Service, LLC*,
    872 F.Supp.2d 511 (W.D. La. 2012) ........................................................................ 2, 7

*Miles v. Melrose*,
    882 F.2d 976 (5th Cir. 1989), *aff'd*, 498 U.S. 19 (1990) ...................................... 2, 6-7

*Nexen Petroleum U.S.A., Inc. v. Sea Mar Div. of Pool Well Servs. Co.*,
    No. 06-3043, 2007 U.S. Dist. LEXIS 71045 (E.D. La. Sept. 25, 2007) ..................... 5

*Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Services, LLC*,
    No. 12-1979, 2012 U.S. Dist. LEXIS 179419 (E.D. La. Dec. 19, 2012) ................ 2, 6

*Southern Travel Club, Inc. v. Carnival Air Lines, Inc.*,
    986 F.2d 125 (5th Cir. 1993) ....................................................................................... 3

**RULES AND STATUTES**

Fed. R. Civ. P. 52(c) ..............................................................................................*Passim*

**OTHER AUTHORITIES**

Gregory C. Sisk, *The Essentials of the Equal Access to Justice Act: Court Awards
    of Attorney's Fees for Unreasonable Government Conduct (Part Two)*,
    56 LA. L. REV. 1, 52 (1995) ....................................................................................... 4

**NOW INTO COURT**, comes Halliburton Energy Services, Inc. ("HESI") and respectfully files this Memorandum in Support of its Motion for Judgment on Partial Findings, pursuant to Fed. R. Civ. P. 52(c), and respectfully shows the Court as follows:

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs originally asserted claims against BP,[1] HESI, and other defendants for compensatory and punitive damages arising from the April 20, 2010 blowout of the Macondo well and resulting oil spill into the Gulf of Mexico.  *See* First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III (B1) (Dkt. No. 1128) ("B1 Master Complaint");[2] First Amended Master Complaint in Accordance with PTO No. 11 [CMO No. 1] Section III.B(3) ["B3 Bundle"] ("B3 Master Complaint") (Dkt. No. 1812).[3]  In addition, the States of Alabama and Louisiana and various local governments likewise asserted against HESI claims for compensatory and punitive damages.  *See* (Dkt. Nos. 1510, 1887, 2031).

---

[1] "BP" refers to BPXP, BP America Production Co., and BP p.l.c.

[2] The B1 Master Complaint sought damages for private economic losses, and also asserted claims against Transocean Ltd., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GmbH (collectively, "Transocean"), M-I, LLC, Cameron International Corporation, Weatherford U.S. L.P., Anadarko Petroleum Corp., Anadarko E&P Co. LP, MOEX Offshore 2007 LLC, MOEX USA Corp., and Mitsui Oil Exploration Co., Ltd.

[3] The B3 Master Complaint sought damages for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010.  By way of the B3 Master Complaint, Plaintiffs asserted claims against Transocean Ltd., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GmbH, Anadarko Petroleum Corp., Anadarko E&P Co. LP, MOEX Offshore 2007 LLC, MOEX USA Corp., and Mitsui Oil Exploration Co., Ltd., along with various defendants participating in post-incident remediation and response efforts or manufacturing chemicals used in post-incident remediation and response efforts.  HESI was tendered to Plaintiffs by Transocean pursuant to Fed. R. Civ. P. 14(c).  *See* (Dkt. No. 1320).  The B3 Plaintiffs and the B1 Plaintiffs are collectively referred to herein as "Plaintiffs."

## II. SUMMARY OF THE ARGUMENT

HESI is entitled to judgment on partial findings, pursuant to Fed. R. Civ. P. 52(c), as to any and all claims of gross negligence and willful misconduct claims for punitive damages asserted against it by Plaintiffs, the States of Alabama and Louisiana, and the local governments, as there is no evidence or no legally sufficient evidence to support the required elements of these claims.

There is no evidence or no legally sufficient evidence to support the required elements of the claims of gross negligence and/or willful misconduct asserted against HESI, namely (1) harm willfully inflicted or caused by gross or wanton negligence (*Coastal Iron Works, Inc. v. Petty Ray Geophysical*, 783 F.2d 577, 582 (5th Cir. 1986)), or (2) reckless or wanton misconduct or harm willfully inflicted or caused by wanton and reckless disregard for the safety of others (*Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Services, LLC*, No. 12-1979, 2012 U.S. Dist. LEXIS 179419, at *9 (E.D. La. Dec. 19, 2012)).

Likewise, there is no evidence or no legally sufficient evidence to support any basis for the claim for punitive damages asserted against HESI, namely gross negligence and/or willful, wanton, or reckless misconduct. *Miles v. Melrose*, 882 F.2d 976, 989 (5th Cir. 1989), *aff'd*, 498 U.S. 19 (1990); *McBride v. Estis Well Service, LLC*, 872 F.Supp.2d 511, 521 (W.D. La. 2012).

## III. JUDGMENT ON PARTIAL FINDINGS AND STANDARD OF REVIEW

### A. Motion for Judgment on Partial Findings Under Rule 52(c) of the Federal Rules of Civil Procedure.

Rule 52(c) of the Federal Rules of Civil Procedure, titled "Judgment on Partial Findings," provides as follows:

> If a <u>party has been fully heard</u> on an issue during a nonjury trial and the <u>court finds against the party on that issue</u>, the court may enter judgment against the party on a claim or defense that, under

> the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

FED. R. CIV. P. 52(c) (underline added); *see Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) ("Rule 52(c) provides that '[i]f during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party.'").

### B. Notes of Advisory Committee and "Parallel" to Judgment as a Matter of Law.

The 2007 Notes of Advisory Committee indicate that "[f]ormer Rule 52(c) provided for judgment on partial findings, and referred to it as 'judgment as a matter of law.'" FED. R. CIV. P. 52(c) advisory committee's note ¶3 (2007). "Amended Rule 52(c) refers only to 'judgment,' to avoid any confusion with a Rule 50 judgment as a matter of law in a jury case." *Id.* The 1991 Advisory Committee Notes indicate that Rule 52(c) "parallels the revised Rule 50(a) [judgment as a matter of law in jury trials], but is applicable to non-jury trials." FED. R. CIV. P. 52(c) advisory committee's note ¶1 (1991).

### C. Timing of Motion for Judgment on Partial Findings.

Rule 52(c) provides that a judgment on partial findings may be entered after "a party has been fully heard on an issue . . . ." FED. R. CIV. P. 52(c); *see* FED. R. CIV. P. 52(c) advisory committee's note ¶4 (1991) ("A judgment on partial findings is made after the court has heard all the evidence bearing on the crucial issue of fact, . . . ."); *see also Southern Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 128 (5th Cir. 1993) (same). Rule 52(c) "authorizes the court to enter judgment at any time that it can appropriately make a dispositive finding of fact on the evidence." FED. R. CIV. P. 52(c) advisory committee's note ¶1 (1991).

In *Grilletta v. Lexington Ins. Co.*, 558 F.3d 359, 366 (5th Cir. 2009), "[a]t the close of the Plaintiffs' case-in-chief, Lexington moved for judgment on partial findings under Federal Rule of Civil Procedure 52(c)." Likewise, in *EOG Resources, Inc. v. Chesapeake Energy Corp.*, 605 F.3d 260, 264 (5th Cir. 2010), "[a]t the close of [plaintiff] EOG's case, Chesapeake moved for and was granted a Judgment on Partial Findings pursuant to Rule 52(c)."

### D.   Scope of Review of the Evidence.

"Under Rule 52(c), the judge as the trier of fact is not required to consider all evidence in the light most favorable to the party against whom the motion is directed, but may decide a contested factual matter against the party who has been fully heard and then enter a finding of fact." Gregory C. Sisk, *The Essentials of the Equal Access to Justice Act: Court Awards of Attorney's Fees for Unreasonable Government Conduct (Part Two)*, 56 LA. L. REV. 1, 52 (1995) (citing 1991 Advisory Committee Notes). "[A] judge entering judgment on partial findings of fact under Rule 52(c) will have heard the evidence presented by the party against whom judgment is rendered and, as trier of fact, will have weighed and balanced that evidence to reach the disposition." *Id.*

### E.   Clear Error Standard of Review for Findings of Fact.

The Fifth Circuit Court of Appeals "review[s] findings of fact made pursuant to Rule 52(c) for clear error and conclusions of law *de novo*." *Bodin*, 462 F.3d at 484 (citing *Bursztajn v. United States*, 367 F.3d 484, 488-89 (5th Cir. 2004)); *see* FED. R. CIV. P. 52(c) advisory committee's note ¶4 (1991) ("A judgment on partial findings is made after the court has heard all the evidence bearing on the crucial issue of fact, and the finding is reversible only if the appellate court finds it to be 'clearly erroneous.'").

## IV.  ARGUMENT AND AUTHORITIES

HESI is entitled to judgment on partial findings, pursuant to Fed. R. Civ. P. 52(c), as to all claims of gross negligence and/or willful misconduct and all claims for punitive damages asserted against it by Plaintiffs, the States of Alabama and Louisiana, and the local governments, as there is no evidence or no legally sufficient evidence to support the required elements of the claims of gross negligence and/or willful misconduct or the claims for punitive damages asserted against HESI.[4]

Plaintiffs, the States of Alabama and Louisiana, and the local governments have been fully heard on all issues, and have rested and closed their case in chief prior to the filing and presenting of this Motion for Judgment on Partial Findings. FED. R. CIV. P. 52(c). At this time, the Court can appropriately make a dispositive finding of fact on the evidence. FED. R. CIV. P. 52(c) advisory committee's note ¶1 (1991).

### A.  There is No Evidence or No Legally Sufficient Evidence Exists of Gross Negligence and/or Willful Misconduct.

#### *1.  There is No Evidence or No Legally Sufficient Evidence of Gross Negligence or Harm Willfully Inflicted or Caused by Gross or Wanton Negligence.*

According to the Fifth Circuit Court of Appeals, in an admiralty case, "[g]ross negligence is defined as harm willfully inflicted or caused by gross or wanton negligence." *Coastal Iron Works, Inc. v. Petty Ray Geophysical*, 783 F.2d 577, 582 (5th Cir. 1986) (citing *Todd Shipyards Corp. v. Turbine Serv., Inc.*, 674 F.2d 401, 411 (5th Cir.), *cert. denied*, 459 U.S. 1036 (1982)); *see Nexen Petroleum U.S.A., Inc. v. Sea Mar Div. of Pool Well Servs. Co.*, No. 06-3043, 2007 U.S. Dist. LEXIS 71045, at *18 (E.D. La. Sept. 25, 2007) (quoting *Coastal Iron* in stating "[i]n

---

[4] All state law claims have been dismissed by prior orders of this Court.

maritime cases, the Fifth Circuit recognizes gross negligence as 'harm willfully inflicted or caused by gross or wanton negligence.'").

There is no evidence or no legally sufficient evidence to support the required elements of the claim of gross negligence asserted against HESI, namely harm willfully inflicted or caused by gross or wanton negligence. Accordingly, HESI's motion for judgment on partial findings should be granted as to gross negligence.

> **2.** *There is No Evidence or No Legally Sufficient Evidence of Reckless or Wanton Misconduct or Harm Willfully Inflicted or Caused by Wanton and Reckless Disregard for the Safety of Others.*

In *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Services, LLC*, No. 12-1979, 2012 U.S. Dist. LEXIS 179419, at *9 (E.D. La. Dec. 19, 2012), the federal district court for the Eastern District of Louisiana recently stated that "[g]ross negligence is defined as reckless and wanton misconduct." "Significantly, gross negligence is distinguished from ordinary negligence in that it 'encompasses harm that is willfully inflicted or is caused by the wanton and reckless disregard for the safety of others.'" *Id.* (citations omitted).

There is no evidence or no legally sufficient evidence to support the required elements of the claim of willful misconduct asserted against HESI, namely reckless or wanton misconduct or harm willfully inflicted or caused by wanton and reckless disregard for the safety of others. Accordingly, HESI's motion for judgment on partial findings should be granted as to willful misconduct.

> **B.** **There is No Evidence or No Legally Sufficient Evidence to Support Punitive Damages.**

"Punitive damages are recoverable under the general maritime law 'upon a showing of willful and wanton misconduct' . . . ." *Miles v. Melrose*, 882 F.2d 976, 989 (5th Cir. 1989), *aff'd*, 498 U.S. 19 (1990) (quoting *In re Merry Shipping Inc.*, 650 F.2d 622, 626 (5th Cir. 1981)).

"Because punitive damages are designed to punish the wrongdoer, more than simple negligence is required." *Id.* "The defendant must have been guilty of 'gross negligence, or actual malice or criminal indifference which is the equivalent of reckless and wanton misconduct.'" *Id.* (quoting *In re Merry Shipping Inc*., 650 F.2d at 624-25). In *McBride v. Estis Well Service, LLC*, 872 F.Supp.2d 511, 521 (W.D. La. 2012), the federal district court for the Western District of Louisiana likewise quoted the above portions of the Fifth Circuit Court of Appeals' opinion in *Miles*.

There is no evidence or no legally sufficient evidence to support any basis for the claim for punitive damages asserted against HESI, namely gross negligence and/or willful, wanton, or reckless misconduct. Accordingly, HESI's motion for judgment on partial findings should be granted as to punitive damages.

## V. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, HESI requests that the Court grant its Motion for Judgment on Partial Findings, and grant it judgment as to any and all claims of gross negligence, willful misconduct, and punitive damages asserted against it by Plaintiffs, the States of Alabama and Louisiana, and the local governments. HESI also requests all such further and other relief to which it may be justly entitled at law and in equity.

Dated:     March 20, 2013

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com

1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Halliburton Energy Services, Inc.'s Motion for Judgment on Partial Findings has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 20th day of March, 2013.

                                                  /s/ Donald E. Godwin
                                                  Donald E. Godwin