# Exhibit 19M

| | |
|---|---|
| From: | Michael Juneau |
| To: | mark.holstein@bp.com; keith.moskowitz@snrdenton.com; jimr@wrightroy.com; Steve Herman |
| Cc: | Christine Reitano; Patrick Juneau |
| Subject: | RE: Request for Parties" Positions - NO LATER THAN 12:00 NOON, SEPTEMBER 28, 2012 |
| Date: | Tuesday, September 25, 2012 2:11:27 PM |
| Attachments: | image001.png |
| Importance: | High |

Counselors:

Please provide the Claims Administrator's office (copies to all of the above) with your respective interpretations of the Settlement Agreement, providing citations to any *specific* language in the Settlement Agreement that you contend addresses the following issue:

**As to BEL claims, once a claimant's financial records satisfy the causation standards set out in Exhibit 4B, does the Settlement Agreement mandate and/or allow the Claims Administrator to separate out losses attributable to the oil spill vs. those that are not?  Stated another way, once a claimant passes the causation threshold, is the claimant entitled to recovery of *all* losses as per the formula set out in Exhibit 4C, or is some consideration to be given so as to exclude those losses clearly unrelated to the spill?**

I will give a hypothetical situations to try to illustrate the question we are asking:

*Hypo:*   A small accounting corporation / firm is located in Zone B.  They meet the "V-shaped curve" causation test.  The explanation for the drop in revenue is that one of the three partners went out on medical leave right around the time of the spill.  Their work output, and corresponding income, thus went down by about a third.  The income went back up 6 months later when the missing partner returned from medical leave.  Applying the compensation formula under Exhibit 4C of the Settlement Agreement, the accounting firm can calculate a fairly substantial loss.  Is that full loss recoverable?

Please submit any position paper you wish to present on this issue no later than **12:00 noon, central time, Friday, September 28, 2012**.  Given the ongoing efforts to process the program's claims as expeditiously as possible in light of certain impending court deadlines, we are not in a position to consider any position statements submitted after that deadline.  Thank you.

Michael J. Juneau
*Special Counsel*

DEEPWATER HORIZON
CLAIMS CENTER
ECONOMIC & PROPERTY DAMAGE CLAIMS
504-934-4999

**935 Gravier Street, Ste. 1905
New Orleans, LA  70112
mjuneau@dheclaims.com**

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.