# Exhibit 19Z

# WRIGHT, MOORE, DeHART, DUPUIS & HUTCHINSON, L.L.C.

Certified Public Accountants
100 Petroleum Drive, 70508
P.O. Box 80569 ● Lafayette, Louisiana 70598-0569
(337) 232-3637 ● Fax (337) 235-8557
*www.wmddh.com*

JOHN W. WRIGHT, CPA *

JAMES H. DUPUIS, CPA, CFP *

JAN H. COWEN, CPA *

LANCE E. CRAPPELL, CPA, CGMA *

MICAH R. VIDRINE, CPA *

TRAVIS M. BRINSKO, CPA *

RICK L. STUTES, CPA, CVA/ABV, APA *

CHRISTINE R. DUNN, CPA**

DAMIAN H. SPIESS, CPA, CFP **

JOAN MARTIN, CPA, CVA, CFF, DABFA**

BRIDGET B. TILLEY, CPA, MT**

* A PROFESSIONAL CORPORATION
** A LIMITED LIABILITY COMPANY

M. TROY MOORE, CPA * +
MICHAEL G. DEHART, CPA, CVA, MBA * +
JOE D. HUTCHINSON, CPA * +

+RETIRED



STEPHANIE A. BLANK, CPA

ROBERT T. DUCHARME, II, CPA

MARY PATRICIA KEELEY, CPA

ROBIN T. LeBLANC, CPA

TANYA L. MIGUES, CPA

WENDY ORTEGO, CPA, CVA

ROBIN G. STOCKTON, CPA

TINA B. VIATOR, CPA

January 17, 2013

## DECLARATION OF RICK STUTES CPA, CVA/ABV, APA

By way of introduction my name is Rick Stutes Certified Public Accountant (CPA) providing business consulting and specialized business services to clients. I am versed in all aspects of accounting services including business consulting, management advisory, controllership services and related tax planning. I have over 35 years of experience servicing a variety of businesses in various industries including oil & gas exploration and related services, professional services firms, retail and wholesale distribution, construction, banking, real estate and non-profit organizations.

In addition to a CPA, I am also a Certified Valuation Analyst (CVA) and Accredited in Business Valuation (ABV), performing business valuations and utilizing these valuations skills to assist existing business clients with their growth and planning strategies. My experience includes merger and acquisition engagements including assisting clients with selling their business or due diligence reviews of potential business purchases. In addition, I am also involved in litigation support services and court appointed positions concerning financial matters. I have also achieved an Accredited Petroleum Accountant (APA) professional designation specific to the oil & gas industry and am a member of COPAS (Council of Petroleum Accountants Societies).

This declaration is in response to your request for information related to the issue described below.

**Issue:** BP's January 8, 2013 Response To Class Counsel's December 16, 2012 Request for Policy Determination and BP's supplemental submission on January 11, 2013.

In conjunction with the issue above, and before me, the undersigned authority, personally came and appeared Rick Stutes who after being duly sworn did depose and state:

1. That my introduction stated above is accurate.

2. That my most recent Curriculum Vitae is attached hereto.

CIRCULAR 230 DISCLOSURE – To ensure compliance with the recently issued U.S. Treasury Circular 230 Notice, unless otherwise expressly indicated, any tax advice contained in this communication, or attachments thereto, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending any tax-related matter addressed herein.

3. That I have rendered professional accounting services, business and litigation consulting services to numerous businesses in various fields including, but not limited to, construction companies, agricultural entities, professional services firms (law firms and physicians, for example) retail operations, wholesale operations and tourism related entities over the past 35 years.

4. That I have extensively analyzed the *Deepwater Horizon* Economic and Property Damages Settlement Agreement ("Agreement") and have discussed its terms in great detail and at length with attorneys and claimants, Program Vendors and other CPAs.

5. That I have been retained by claimants and numerous attorneys to calculate the amount due to the claimants under the terms of the Agreement and to assist with the submission of the claims to the Court-Supervised Settlement Program.

6. That BP's accounting methodology proposed in their Response is inconsistent with the cash basis of accounting, the accrual basis of accounting using General Accepted Accounting Principles or any other accounting model and suggest the use of threshold test using allocation methods inconsistent with the Settlement Agreement.

7. That BP's accounting methodology proposed in their Response is not objective but requires both the Claimants and the Program Vendors to make **subjective** determinations or guesses relying, in many cases, on nonexistent or fictional support. There is no acceptable income revenue recognition methodology for allocating revenue to a particular month when the ultimate revenue is unknown. That methodology would require Program Vendors and Claimants to use subjective determinations to estimate the amount of contingency revenue for example; an attorney who began work on a case during pre-spill periods that has not and will not settle that case before 2014. What is the **expected** revenue? What additional costs are **expected** in the future? In reality, at the time of claim submission, the Program Vendors and Claimants are required to not only project and agree upon the amount of contingency fee to be ultimately earned in 2014, but also to project the amount of work to be performed by the attorney claimant. This process would invite substantial effort for the Program Vendors and Claimants to achieve a definitive conclusion and even more effort when a conclusion is not achievable. Will a third party be required to mediate that conclusion and at whose costs? That particular process as proposed by BP is nonsensical.

8. That BP's accounting methodology proposed in their Response is impractical, unworkable and inconsistent with the terms of the Agreement.

9. That I have prepared claims under the Settlement Agreement for other Claimants using the cash basis of accounting as contemporaneously prepared by the Claimants in this matter which the Settlement Program recognized and determined to be appropriate and which BP has accepted (i.e., not appealed or dropped their appeal) and allowed to be paid.

10. That BP's accounting methodology proposed in their Response creates two separate evaluation models for claims under the exact same Settlement Agreement Economic Loss Frameworks:

    a. Claims processed using objective criteria that have adequate documentary support such as income tax returns and contemporaneously prepared financial statements using widely accepted accounting methodology such as the cash basis or GAAP or

    b. Claims processed using the methodology currently proposed by BP for which adequate support does not exist, uses an arbitrary and contrived accounting methodology based upon

CIRCULAR 230 DISCLOSURE – To ensure compliance with the recently issued U.S. Treasury Circular 230 Notice, unless otherwise expressly indicated, any tax advice contained in this communication, or attachments thereto, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending any tax-related matter addressed herein.

hypothetical formulas, subjective allocations and futuristic projections of revenues and expenses.

11. That the BP suggested method would require all claimants to submit claims using a methodology for which support may not be available and for which there is no contemporaneously prepared information.

12. That the BP suggested method would also discriminate against Claimants who have already been paid by BP and signed final releases. The use of the BP suggested method may also have resulted in greater amounts owed those Claimants which those Claimants are unable to receive as final releases have been executed. In order to fairly implement the BP suggested method, BP would properly reopen the claim process to those Claimants who have executed final releases using objective accounting methodologies and contemporaneously prepared and supported documentation and tax returns who wish to use the subjective methodology proposed by BP currently.

13. That the threshold tests proposed by BP in its January 11, 2013 supplemental submission are arbitrary and not reflected in the Agreement.

14. Based on the Response and supplemental submission I have reviewed (as well as several Appeal Notices submitted to the Program by BP), it is my opinion that BP wants to effectively rewrite the Agreement with a subjective and inherently unworkable methodology.

_____
Rick Stutes, CPA, CVA/ABV, APA                    January 17, 2013

Sworn to and subscribed before me this ____17th____ day of January, 2013.

_____
Notary Public

Bridget Tilley
Notary Public #60663

CIRCULAR 230 DISCLOSURE – To ensure compliance with the recently issued U.S. Treasury Circular 230 Notice, unless otherwise expressly indicated, any tax advice contained in this communication, or attachments thereto, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending any tax-related matter addressed herein.

**EXHIBIT C**

## CURRICULUM VITAE

### RICK STUTES CPA, CVA/ABV, APA, CFF

Wright, Moore, DeHart, Dupuis & Hutchinson, LLC
100 Petroleum Drive
Lafayette, LA  70508
(337) 232-3637

## EXPERIENCE

WRIGHT, MOORE, DEHART, DUPUIS & HUTCHINSON, LLC (WMDDH) (Feb. 2002-Present)

PARTNER:  Merged prior accounting practice with WMDDH.  Specializing in the energy industry, business valuations along with tax and accounting services. Rick Stutes CPA, CVA/ABV, APA, CFF has over 30 years experience.

March, 2009, Rick received the CFF designation which is Certified in Financial Forensics awarded by the American Institute of Certified Public Accountants. The CFF credential is granted exclusively to CPA's who demonstrate expertise in specialized forensic accounting skills including bankruptcy and insolvency; computer forensics; economic damages and fraud investigations.

February 2007, Rick received the ABV designation which is Accredited in Business Valuations awarded by the American Institute of Certified Public Accountants. The ABV credential is granted exclusively to CPA's who elect to demonstrate their business expertise and experience in the business valuation area.

October 2006, Rick received the APA designation which is an Accredited Petroleum Accountant. This designation is sponsored by COPAS and is achieved by successfully completing eight accounting modules relating to the energy industry.  Rick also received the *Jon Gear Meritorious Achievement Award* from COPAS, earning the award by recording the highest scores nationwide on APA exams for anyone completing the certification process in 2006.

December 1995, he received the CVA designation which is a Certified Valuation Analysis awarded by the National Association of Certified Valuation Analysts. Since receiving the accreditation, Rick has assisted clients in merger, acquisition and sales of businesses with the majority of transactions associated with the oil & gas and pipeline businesses.

During the period October 1978 to December 1987, he was employed with Celeron Corporation and reported to the Senior Vice President of Finance and was the Director of Economic Evaluation, Planning & Budgets. Responsibilities included preparation of budgets and economic valuations of Celeron Oil and Gas Company and Celeron Pipeline which were associated with oil & gas exploration, gas pipelines, gas transportation and local distribution companies. Prior to the Director position, he worked in all areas of the oil & gas business from joint interest billing to revenue distribution to taxation and operations audits.

RICK STUTES, CPA, LTD. (January 1988 – January 2002)
(A Professional Accounting Corporation)

PRESIDENT:  Accounting, tax, consulting, software design and valuation services for a wide range of clientele.  Specializing in mergers, acquisitions, valuations and related due diligence projects.  December 1995 received the CVA designation and actively providing valuation services to clients in merger, acquisition and sales of businesses.  Since 1988 have been associated with transactions exceeding $135 million.  The majority of transactions are associated with the oil and gas and pipeline businesses, but others include the professional services industry, the medical industry and telecommunications.

CELERON CORPORATION (October 1978 – December 1987)
Lafayette, Louisiana

DIRECTOR OF ECONOMIC EVALUATION, PLANNING & BUDGETS:

Report to the Senior Vice President of Finance.  Responsibilities included preparation of budgets and economic evaluation of Celeron Oil and Gas Company and Celeron Pipeline, which are associated with gas pipelines, gas transportation, and local distribution companies.  Extensive work in acquisitions and divestitures of oil and gas properties exceeding $500 million.  Prior to the Director position worked in all areas of the oil and gas business from joint interest billing to revenue distribution to taxation and operations audits.

## EDUCATION & CERTIFICATIONS

Certified in Financial Forensics (CFF), March 2009
Accredited in Business Valuation (ABV), February 2007
Accredited Petroleum Accountant (APA), October 2006
Certified Valuation Analyst (CVA), December 1995
Certified Public Accountant (CPA), January 1981
Notary Public in Lafayette Parish, December 1978
B.S. in Business Administration, Major – Accounting

University of Southwestern Louisiana, December 1977,

## PROFESSIONAL AFFILIATIONS & ORGANIZATIONS

Member of ACFE (Association of Certified Fraud Examiners)
President of COPAS of Acadiana 2005-2006
Member of COPAS (Council of Petroleum Accountants Society) of Acadiana
Member of the AICPA (American Institute of Certified Public Accountants)
Member of the Louisiana State Society of Certified Public Accountants
Member of the NACVA (National Association of Certified Valuation Analysts)

## VALUATION SERVICES ALONG WITH DEPOSITION AND TESTIMONY

Lynn Mary Loveless John vs Raymond Mark John; Sixteenth Judicial District Court, St Mary  Parish, Louisiana, Docket No. 106875 C. Valuation of closely held corporation along with deposition, settled out of Court.

Valuation and due diligence related to acquisition of approximately $100 million in oil & gas producing properties. Deposition related to legal proceedings, settled out of court.

Valuation related to determining gas underpayments for a period of 8 years, represented the producer in an action against a major pipeline company. Deposition related to legal proceedings, settled out of court.

Valuation, mediation and deposition related to the Dissolution of the Marriage of Holly Ellen Berry and Lee Forrest Berry in the Chancery Court of the First Judicial District of Hinds County, Mississippi Civil Action no G2003-1052 0/3, settled at mediation.

Court Appointed – Randy J. Simon vs. Kim M. Simon; Fifteenth Judicial District Court Docket No. 20091068, Parish of Lafayette, Louisiana. Valuation of closely held corporation for community property purposes. Testify at trial.

Marcus Broussard, Jr., et al vs. Martin Operating Partnership, LP, et al; Fifteenth Judicial District Court Docket No. 83406; "F", Parish of Vermilion, Louisiana.  Valuation of Chevron U.S.A., Inc; M-I, LLC; and Stallion Oilfield Services, Inc.

Court Appointed – Dr. Farid Zayed vs. Cardiology Center of Acadiana, et al; United States District Court Western District of Louisiana Docket No. 6:08-cv-0692, Lafayette, Louisiana. Approved by Magistrate Judge Patrick Hanna to mediate such matter, successful mediation, case settled

## VALUATION & FORENSIC SERVICES

Melissa Kay Turner vs Robert Troy Bryan, Sr.; Sixteenth Judicial District Docket No. 98945-D, Parish of Iberia, Louisiana. Valuation of closely held business for community property purposes, settled.

David Kent Reed vs Peggy Renee Majure; Sixteenth Judicial District Docket No. 98930-E, Parish of Iberia, Louisiana. Valuation of closely held corporation for community property purposes, settled.

Valuation of closely held corporation related to the retail pharmacy industry for estate tax purposes with value exceeding $600,000.

Stephen Broussard and Roxanne Broussard vs Hilcorp Energy Company; Fifteenth Judicial District Court, Parish of Vermilion Parish, Louisiana. Forensic accounting concerning cattle operations.

Joyce Louise Mendelson vs Robert Reed Mendelson; Fourteenth Judicial District Docket No. 2002-003458, Parish of Calcasieu, Louisiana. Valuation of community property along with forensic accounting related to support issues.

William Henry Moody, III vs Jeanmarie Clark Moody; Fifteenth Judicial District Court Docket No. 20012217 Div M2, Parish of Lafayette, Louisiana. Valuation of closely held corporation for community property purposes, settled.

Marylyn Janet Jones Miller vs Gregory Keith Miller; Fifteenth Judicial District Court, Acadia Parish, Louisiana, Docket No. 60050.  Valuation of closely held corporation for community property purposes, settled.

Valuation of closely held corporation related to the private flying industry for estate tax purposes with value exceeding $5 Million.

Valuation of closely held corporation in the commercial banking industry with assets exceeding $30 million for purposes of Sub Chapter S election.

Valuation of closely held oilfield service company for purposes of sale of business, completed successfully with valuation exceeding $10 million.

Valuation of closely held Ford dealership for purposes of gifting and estate planning purposes.

Valuation of closely held Toyota dealership for internal purposes.

Valuation of closely held real estate corporation for estate purposes.

Valuation of closely held telecommunication corporation for merger purposes.

Valuation of closely held medical services corporation for successful merger with public corporation with assets exceeding $100 million. Value to client exceeded $3 million

Valuation services provided to closely held pipeline company which purchased gathering and gas transportation entities, value exceeding $35 million.

Johnny Albert Jr. vs Bridget Gondron Albert; Judicial District Court Docket No. 107,881-E.  Valuation of closely held corporation for community property purposes.

Mona Bergeron vs. Dwayne Bergeron; Fifteenth Judicial District Court Docket No. C-20065565M3, Parish of Lafayette, Louisiana.   Valuation of closely held corporation for community property purposes.

Court Appointed – J.P. Edgar vs. EP Resources, Inc. and Herbert "Buddy" Payne, Jr.; Sixteenth Judicial District Court Docket No. 108716-H, Parish of Iberia, Louisiana. Valuation of books and records for mediation.

Court Appointed – Randy J. Simon vs. Kim M. Simon; Fifteenth Judicial District Court Docket No. 20091068, Parish of Lafayette, Louisiana. Valuation of closely held corporation for community property purposes.

Court Appointed – Rosalyn Ann Vallo Herpin vs. Thomas Herpin; Fifteenth Judicial District Court Docket No. 89732-A, Parish of Vermilion, Louisiana. Valuation of closely held corporation for community property purposes.

Court Appointed – David A. Shorey vs. Cheryl L. Schaedal Shorey; Fifteenth Judicial District Court Docket No. 06.5643, Parish of Lafayette, Louisiana. Valuation of closely held corporation for community property purposes.

Marcus Broussard, Jr., et al vs. Martin Operating Partnership, LP, et al; Fifteenth Judicial District Court Docket No. 83406; "F", Parish of Vermilion, Louisiana.  Valuation of Chevron U.S.A., Inc; M-I, LLC; and Stallion Oilfield Services, Inc.

Court Appointed – Dr. Farid Zayed vs. Cardiology Center of Acadiana, et al; United States District Court Western District of Louisiana Docket No. 6:08-cv-0692, Lafayette, Louisiana. Approved by Magistrate Judge Patrick Hanna to mediate such matter, successful mediation, case settled

Fairfield Energy Corporation versus Anadarko Petroleum Corporation, et al; United States District Court Western District of Louisiana Monroe Division, Civil Action No. 3:08cv757, case settled

Asa Broussard and Paul Ed Broussard versus ConocoPhillips Co., Chevron U.S.A., Inc., and Columbia Gulf Transmission Company; United States District Court Western District of Louisiana, Lafayette Division Docket No. cv06:0841, case settled

## PUBLICATIONS

No published articles to date.

## BILLING RATE

$225.00 per hour