UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL No. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | : | |
| OF MEXICO, ON APRIL 20, 2010 | : | SECTION J |
| | : | |
| This Document Relates To: | : | JUDGE BARBIER |
| | : | |
| ALL CASES | : | MAGISTRATE JUDGE SHUSHAN |
| | : | |

.......................................................................................................................................

**UNITED STATES' AND TRANSOCEAN'S JOINT OBJECTION TO BP'S SUBMISSION
OF PRIVILEGE LOGS AND *IN CAMERA* DOCUMENTS IN RESPONSE TO
UNITED STATES' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO THE CRIME-FRAUD EXCEPTION**

The Parties have fully briefed the United States' motion to compel production of documents pursuant to the crime-fraud exception. Doc. # 8417. In its Opposition, BP stated that it planned to submit privilege logs and documents to the Court for *in camera* review. Doc. # 8715 at 1, 24. By letter, the United States and Transocean immediately stated their objection to any *in camera* submission, including the submission described by BP in its Opposition. *See* Ex. 1, March 5, 2013 R. Gasaway Letter to Judge Shushan ("March 5 Letter") at Attachment A and Attachment B. Despite those objections, on March 5, 2013, BP unilaterally decided to proceed and submitted the logs and documents to the Court – without providing copies of any of the submitted materials to any Party. *See* Ex. 1. According to the March 5 Letter, BP provided the Court five different privilege logs and certain documents for review that it contended were relevant to the United States' motion. BP's letter stated that it was willing to share *some* – but not all – of those privilege logs with the Parties, but it has not yet done so, despite a request by the United States and Transocean at the end of last week.

- 1 -

Because the Court had not requested the materials submitted by BP and the Parties had no opportunity to brief their opposition, the Court granted the United States and Transocean leave to provide written responses to BP's March 5 Submission.  We note that we are relying on BP's March 5, 2013 letter to the Court for our understanding of what materials were actually provided, since BP has not shared those materials with the Parties.  Critically, we take BP at its word that it has *not* provided any *in camera* written submission, March 5 Letter at 5, but *only* privilege logs and documents BP determined were within the scope of the United States' motion. If BP has in fact provided additional information, contrary to its letter to the Parties, the United States and Transocean would have additional objections, and would want to be heard.

In this objection, we highlight five points about the March 5 submission, and recommend the best way to proceed with deciding the United States' motion.

## I.    Objections To BP's March 5, 2013 *In Camera* Submission

***First*,** the United States and Transocean object to BP's unilateral decision to provide certain materials to the Court.  We believe that the proper way to proceed is for the Court to review the motion papers and then, to the extent the Court wants privilege logs or documents for *in camera* review, direct BP to provide those materials the Court finds necessary.  As described below, what BP *chose* to provide the Court may well be different than what the Court would have *elected* to review.  This is particularly true here since, as described below, no *in camera* review of any documents is required.

***Second*,** the Court need not conduct any review of the documents at issue in the United States' motion.  *In camera* review under the crime-fraud doctrine is appropriate when the party asserting crime-fraud cannot make its showing without reference to the documents themselves. *See* U.S. Initial Brief (Doc. # 8417-23) at III(C).  By contrast, in this situation, the United States and Transocean have established that crime-fraud applies based on *non*-privileged documents

such as BP's own guilty plea, its public statements to Congress and the SEC, and the company's contrary, internal flow rate estimates.  Nor is *in camera* review necessary to determine which documents should be produced, because BP has stated that *all* of the documents it selected are "relate[d] to preparing for the May 4, 2010 hearing or drafting the" communications at issue in the United States' motion.  Ex. 1 at Attachment C, p. 1.  In other words, if the Court finds that the crime-fraud doctrine applies to documents related to the preparation of a particular misleading communication, *all* documents provided by BP related to that communication should be produced because they all are "reasonably related to the furtherance of the ongoing crime or future crime or fraud at issue" – the misleading communication.  *See* U.S. Reply Brief (Doc. # 8868) at 7 (quoting *In re Grand Jury Subpoena,* 419 F.3d 329, 347 (5th Cir. 2005)).  There is no purpose remaining to be served by *in camera* review.

> ***Third*, even** if the court were to find that *in camera* review is appropriate, BP's limiting of the documents provided and its organization of those documents hinders, rather than helps, the Court's analysis.  While BP's March 5 Submission includes privilege logs regarding all documents responsive to the United States' motion, BP *only* provides for *in camera* review the documents relating to preparation of the May 24 and June 25 letters to Congress and the May 19 email to Admiral Landry.  March 5 Letter at 3-4.  BP did not submit for *in camera* review documents related to preparation for the May 4 briefing of Congress and the SEC filings in April and May 2010.  BP's stated rationale for this limitation is its determination that "the United States has [not] even begun to make a *prima facie* showing regarding" the omitted document sets.  March 5 Letter at 2.  BP's assumption, however, is incorrect.  For the reasons articulated in the United States' opening brief and the United States' and Transocean's reply briefs, the requisite *prima facie* showing for all misleading communications listed in the motion has been made.  *See, e.g.,* U.S. Reply Brief at 9-14.  Moreover, as described above, *in camera* review is

only necessary where there is a dispute over whether the exception applies.  Yet BP has essentially conceded that crime-fraud does apply to the May 19, May 24, and June 25 communications.  *See* BP Opposition at 8.  By providing only the documents related to those communications, BP has given the Court only the documents which BP's own brief suggests need not be reviewed.

Furthermore, BP's categorization of the documents according to designations by letters A through E (March 5 Letter at 4) is entirely irrelevant and potentially misleading.  As described in the United States' and Transocean's Reply, BP's proposal to categorize the documents based on the nature of Mr. Rainey's involvement is misguided for at least two reasons.  First, BP, not Mr. Rainey, pled guilty to obstruction of justice and otherwise misled Congress and the public in what BP has conceded was a process directed by lawyers.  *See* U.S. Reply Brief § I.  Second, for reasons we have previously explained, Mr. Rainey's involvement or lack thereof is not a useful basis for determining if a communication meets the crime-fraud standard – *i.e.*, whether the communication is "reasonably related to the furtherance" of BP's crime or fraud.  *See, e.g.,* Transocean Reply Brief § III.A.2.

**Fourth,** there is no basis for serving privilege logs *in camera*.  Privilege logs are not privileged: their *raison d'etre* is to allow the other parties to evaluate a party's privilege claims.  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii) (party claiming a privilege "**must**" provide information about the material withheld "in a manner that . . . will enable the other parties to assess the claim.") (emphasis added); *Haensel v. Chrysler Corp.*, No. Civ. A. 96-1103, 1997 WL 537687 (E.D. La. Aug. 22, 1997) (Vance, J.) ("These requirements are entirely reasonable because the log's purpose is to provide information to the court **and to opposing counsel** to determine whether the privilege asserted applies to the requested document.") (emphasis added).  The logs BP has served on the Court should be served on all counsel.

BP contends that the documents related to the May 4 presentation and SEC statements "are not yet at issue, and there is no need for further distribution of the logs."  March 5 Letter at 6.  Of course, regardless of whether BP subjectively believes that the *prima facie* showing has been made for those documents, they plainly *are* at issue; they are the subject of the United States' motion.  More importantly, BP felt the documents were important enough to warrant providing the Court privilege logs describing the documents.  Having made that choice, BP cannot claim that they are too inconsequential to provide those same logs to the Parties.

Notably, BP has not even lived up to its own promise to share a subset of the logs with the Parties.  In its March 5 Letter, BP distinguished between privilege logs related to the May 19 Email to Admiral Landry and the May 24 and June 25 letters to Congress, on one hand, and the May 4 presentation to Congress and the SEC filings, on the other.  BP stated that it was willing to share the privilege logs related to the first set of communications with the parties once they agreed to afford the privilege logs confidential treatment, but not those related to the second set of communications.  Despite a formal request by the United States and Transocean that included a statement that we would treat the logs as confidential pursuant to PTO 13, BP has provided none of the logs it told the Parties and the Court it would.

***Finally,*** BP's criteria for selecting documents for its privilege logs and *in camera* review documents is too narrow.  For instance, BP excludes entirely documents dated between May 4 and May 14, a period that could well include documents reasonably related to the furtherance of BP's fraudulent statements in the following days, *i.e.*, the May 19 email to Admiral Landry and the May 24 letter to Congressman Markey.  *See* March 5 Letter, Attachment C at 1.  Similarly, BP instructed its reviewing attorneys to identify relevant documents based on "whether they relate to preparing for the May 4, 2010 hearing or drafting" the May 19, May 24, June 25, or the SEC documents.  We are concerned that BP's instruction is at best ambiguous regarding whether

attorney-client communications that do not expressly reference a specific communication, but that nonetheless would be in furtherance of BP's flow rate misrepresentations and omissions, would be included on the *in camera* logs and among the *in camera* documents.  For example, under BP's instruction it is unclear how a reviewer should categorize a communication from outside counsel on May 15, 2010 that provided BP with advice on what flow rate information it needed to share but that did not explicitly reference one of the listed flow rate communications.

## II.    Recommendation For Next Steps In Deciding The Motion To Compel

The United States has explained in its motion papers why the Court need not conduct any *in camera* review.  If the Court decides to do so, however, the United States and Transocean recommend that the Court only review documents where the Court determines that review of those documents is necessary to determine whether the crime-fraud doctrine applies.  This may mean ignoring some of the documents BP has decided to provide and/or asking for additional *in camera* documents.  The United States and Transocean also recommend that the Court entirely ignore BP's irrelevant organization of documents into Categories A through E based on the nature of Mr. Rainey's involvement.

Finally, the United States and Transocean ask that the Court direct BP to serve upon all Parties the privilege logs served on the Court as part of the March 5, 2013 submission.

We appreciate the Court's attention to the United States' motion, and the opportunity to respond to at least the portion of BP's March 5, 2013 submission that BP chose to share with the other Parties.

Respectfully submitted,

BRIAN HAUCK
Deputy Assistant Attorney General
Civil Division

PETER FROST
Directory, Torts Branch, Civil Division
Admiralty and Aviation
STEPHEN G. FLYNN
Assistant Director
MICHELLE DELEMARRE
SHARON SHUTLER
JESSICA SULLIVAN
JESSICA MCCLELLAN
MALINDA LAWRENCE
Trial Attorneys

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

SARAH HIMMELHOCH
Senior Litigation Counsel
NANCY FLICKINGER
SCOTT CERNICH
THOMAS BENSON
Senior Attorneys
DEANNA CHANG
A. NATHANIEL CHAKERES
JUDY HARVEY
ABIGAIL ANDRE
RACHEL HANKEY
BETHANY ENGEL
Trial Attorneys

/s/ R. Michael Underhill
R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
Telephone:  415-436-6648
Facsimile:  415-436-6632
E-mail:  mike.underhill@usdoj.gov

/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone:  202-514-2779
Facsimile:  202-514-2583
E-mail:  steve.o'rourke@usdoj.gov

DANA J. BOENTE
United States Attorney
Eastern District of Louisiana
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA  70130
Telephone:  (504) 680-3000
Facsimile: (504) 680-3184
E-mail:  sharon.d.smith@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA

By:   s/ Brad D. Brian
Brad D. Brian
Michael R. Doyen
Grant A. Davis-Denny
David A. Taylor
MUNGER TOLLES & OLSON LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel:  (213) 683-9100
Fax:  (213) 683-5180
Email:  brad.brian@mto.com
          michael.doyen@mto.com
          grant.davis-denny@mto.com
          david.taylor@mto.com

By:   s/ Steven L. Roberts
Steven L. Roberts
Rachel Giesber Clingman
Sean D. Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel:  (713) 470-6100
Fax:  (713) 354-1301
Email:  steven.roberts@sutherland.com,
          rachel.clingman@sutherland.com
          sean.jordan@sutherland.com

By:   s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
110 Poydras St., Suite 3700
New Orleans, LA 70163
Tel:  (504) 599-8194
Fax:  (504) 599-8154
Email: kmiller@frilot.com

John M. Elsley
ROYSTON, RAYZOR, VICKERY & WILLIAMS
LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 224-8380

Attorneys for Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date:  March 21, 2013.                                    /s/  Steve O'Rourke
                                                         U.S. Department of Justice