**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL No. 2179** **SECTION: J** |
| **This Pleading applies to:  ALL CASES** | **JUDGE BARBIER** **MAGISTRATE SHUSHAN** |

**THE STATES' SUBMISSION**
**REGARDING HALLIBURTON'S SPOLIATION ISSUES**

The States of Alabama and Louisiana (referred to herein as "the States") do not file a motion for sanctions against Halliburton, as it would be unnecessarily duplicative.  The States agree with BP that Halliburton has exhibited a pattern of willful and reckless behavior regarding its cement and cement testing.  *See* Doc. 8977-1 at 6-18.  The States also agree that Halliburton's conduct warrants some form of sanctions or a finding of contempt.  *Id.* at 18-22.

The States do, however, have some concerns with imposing a binding factual finding, mid-trial, via a sanctions motion under Rule 37 of the Federal Rules of Civil Procedure.  Part I addresses one such concern: the precise language of BP's first requested finding.  Part II contains the findings that would support the Court's chosen reprimand, whatever it may be.

**I.      If the Court Grants BP's Motion, It Should Change BP's Requested Language.**

The States do not agree with the wording of BP's first requested finding.  Regardless of how wanton Halliburton's conduct was, and it was wanton, we do not agree that "Halliburton's final cement design . . . *caused* hydrocarbons to enter the wellbore"—at least, not by itself.

Causation is a critical issue/finding in this case, and thus, the word "cause" carries significant legal ramifications for all Parties.  It should not be bandied around lightly.  Should the

Court grant BP's request for a mid-trial factual finding, the States request that the Court substitute "allowed" or "failed to prevent" for "caused", as either is more appropriate at this juncture (*i.e.* mid-trial):

| CHANGE FROM (BP's Request) | CHANGE TO (More Appropriate) |
|---|---|
| Halliburton's final cement design was unstable and caused hydrocarbons to enter the wellbore. | Halliburton's final cement design was unstable and allowed hydrocarbons to enter the wellbore.<br><br>*-or-*<br><br>Halliburton's final cement design was unstable and failed to prevent hydrocarbons from entering the wellbore. |

Of course, this not to say that Halliburton's faulty cement design was not *a* cause of the blowout. It was.  Our point is that it was *one* of *multiple* causes that are attributable to more parties than just Halliburton.

## II.    Certain Findings Are Appropriate and Protective of the Court's Decision.

BP ably recounts Halliburton's chain of reckless and wanton behavior with regard to preserving and disclosing its cement and its cement testing, a chain that stretches from before the April 2010 incident into the 2013 Phase One trial.  The States do not duplicate BP's effort here.

Instead, if the Court decides to impose a sanction or find contempt, we ask the Court to make the follow findings (at least), because each will help sustain the Court's ultimate decision:

- Halliburton had a duty to preserve all samples of cement that were on the Deepwater Horizon, and that duty extended to all employees likely to have access to, or information regarding, such samples. The same duty applied to follow the Court's discovery order(s).[1]

---

[1] *Tango Transp., LLC v. Transp. Intern. Pool, Inc.*, 2009 WL 3254882, at *3 (W.D. La Oct. 8, 2009) (discussing the scope of the "duty to preserve").

- The Court gave Halliburton sufficient warning in PTO 1 of the ramifications of failing to preserve relevant evidence and failing to comply with the Court's discovery orders.[2]

- Halliburton repeatedly assured this Court and the Parties that it had complied with the Court's discovery order and federal subpoenas.  However, the disclosure of Rig Sample #63981 in March 2013 proved that assurance to be untrue.[3]

- Halliburton has demonstrated a pattern of willful or reckless disregard to the preservation and disclosure of its cement and its testing on that cement.  This pattern of willful or reckless disregard originated before the blowout and has continued through the beginning of trial.[4]  This pattern amounts to "bad faith," as it demonstrates a desire to suppress the truth.[5]

- Halliburton made rig-sample cement a critical issue at trial when it claimed during opening statements that "only foam, stability, and other tests conducted on actual rig cement have any relevance here."[6]  That Halliburton failed to turn over all rig-sample cement before trial heightens the severity of its misconduct.

- (*If Rule 37 sanctions are imposed*):  The Court's sanction and/or finding of contempt is just, and it specifically relates to the particular claim or defense at issue in order to provide discovery.[7]

- The Court's sanction and/or finding of contempt does not amount to a default judgment, the dismissal of any of Halliburton's claims, or the disposal of any claims against Halliburton.[8]

Of course, there are many more findings that can (and probably should) be made against Halliburton here.   The States suggest these particular findings because, based on our review of the relevant caselaw and supplemental legal authorities, they best ensure the sustainability of the Court's ultimate sanction and/or finding of contempt.

---

[2] PTO 1, p.11; *see* 7 *Moore's Federal Practice*, §37.50[2][d] (3d. ed).  While a "sufficient warning" finding typically applies to default sanctions, it is equally appropriate and protective here.

[3] *See Chilcutt v. United States*, 4 F.3d 1313, 1321 (5th Cir. 1993) (discussing "empty promises" as a factor).

[4] *See Chilcutt*, 4 F.3d at 1323-24 (discussing "previous sanctions" as a factor).

[5] *Tango Transp., LLC*, 2009 WL 3254882, at *3-4 (discussing "bad faith" as one of the "factors in determining the appropriate sanctions for wrongful destruction of evidence").

[6] Tr. Trans. at 183 (opening statement of Donald E. Godwin).

[7] *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

[8] This finding is important because it renders a 'lack of willfulness or bad faith' defense irrelevant.  *See* 7 *Moore's Federal Practice*, §37.50[2][b] (3d. ed); *Chilcutt,* 4 F.3d at 1320.

## CONCLUSION

Halliburton has engaged in a pattern of recklessness with regard to its cement and related testing, a pattern that began before the incident and has stretched through the third week of trial. We leave it to the Court's sound discretion as to whether Halliburton should be sanctioned and/or found in contempt.

Dated this 23rd day of March, 2013.

Respectfully submitted,,

| | |
|---|---|
| James D. "Buddy" Caldwell<br>*Attorney General, State of Louisiana* | Luther Strange<br>*Attorney General, State of Alabama* |
| **/s/ Allan Kanner** | **/s/ Corey L. Maze** |
| Allan Kanner | Corey L. Maze |
| Elizabeth B. Petersen | *Special Deputy Attorney General* |
| *Special Counsel for Plaintiff* | |
| *Attorney General, State of Louisiana* | Winfield J. Sinclair<br>*Assistant Attorney General* |
| Kanner & Whiteley, LLC<br>701 Camp Street<br>New Orleans, LA 70130 | Office of the Attorney General<br>501 Washington Avenue<br>Montgomery, AL 36130 |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Submission Regarding Halliburton's Spoliation Issues* has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of March, 2013.

**/s/ Elizabeth B. Petersen**
*Special Counsel for Plaintiff*
*Attorney General, State of Louisiana*