UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * * | MDL NO. 2179<br><br>SECTION J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**THIS DOCUMENT RELATES TO:**
*Civil Action Number 13-0492 "J"*

## MEMORANDUM IN SUPPORT OF INTERVENOR'S *EX PARTE* MOTION FOR EXCEPTION TO PRE-TRIAL ORDER NUMBER 15

**MAY IT PLEASE THE COURT:**

DWH Claimant and putative Intervenor, Gulfcoast Ultrasound Institute, Inc. ("Gulfcoast"), hereby submits this Memorandum in Support ("Memorandum") of its Motion For Exception to Pre-Trial Order Number 15 ("Motion"), and respectfully submits that its Motion should be granted, for the reasons set forth below.

**I.     INTRODUCTION**

In response to this lawsuit, (EDLA Docket No. 13-0492), which was improvidently filed[1] by the BP defendants in the main action, (EDLA Docket No. 10-md-2179), Gulfcoast has moved this Court for leave to intervene[2]. At issue in 13-cv-0492, procedural impropriety aside, is whether the BP defendants (plaintiffs in 13-cv-0492) can circumvent their obligations under the Settlement Agreement, and avoid complying with

---

[1]    In 13-cv-0492, the BP defendants seek to do what they are not permitted by law or court Order to do; namely, appeal horizontally.

[2]    In addition to Gulfcoast, a number of other Claimants have filed for leave to intervene; perplexingly, the BP defendants objected to Gulfcoast's putative intervention, **but did not object** to the intervention sought by these additional parties.

1

the Court's March 5, 2013 Order. *See PACER, 2:10-md-2179-CJB-SS, Document Number 8812.* This procedurally-defective lawsuit (13-cv-0492) seeks, among other things, to enjoin the Settlement Program and its Claims Administrator, Mr. Patrick Juneau, from implementing Mr. Juneau's reasonable and Court-approved interpretation of the Settlement Agreement regarding calculations of Variable Profit in connection with Business Economic Loss ("BEL") claims asserted within the DWH Settlement process.

Again, as more-fully set forth in Gulfcoast's "intervention" pleadings, the BP defendants have asked for expedited hearing on their claims for injunctive relief, and this Court has set hearing on that request, as well as BP's additional attempt to obtain injunctive relief on the same issue, filed in *Bon Secour Fisheries, Inc. v. BP Exploration & Production, Inc.,* No. 12-970 (E.D. La.). *See Order dated March 19, 2013, Document Number 9 in 2:13-cv-00492, setting hearing for April 5, 2013.*

## II.   FACTS

1. On or about November 1, 2012, Gulfcoast Ultrasound Institute, Inc. (sometimes herein after "the Claimant") which is located at 4615 Gulf Boulevard, Suite 205, St. Pete Beach, Florida, filed a business economic loss claim in the Deepwater Horizon Economic and Property Claims Facility;

2. The Claimant is a Zone A Claimant within the meaning of the First Amended Settlement Agreement in MDL # 2179, In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010;

3. On February 13, 2013 the Claims Facility issued an Eligibility Notice, determining that the Claimant had satisfied the requirements of the Settlement Agreement, and awarded the Claimant a Compensation Amount of $435.181.51;

4. On February 26, 2013, prior to the Claimant entering a response to the above Eligibility Notice, the undersigned counsel received a "Notice of BP Appeal," indicating that BP did not agree with the Settlement Program's Eligibility Determination. Pursuant to the Notice, the sole reason asserted for the Appeal is an alleged "Calculation Error(s)", which is (presumably) more fully explained in the second paragraph of the Notice, labeled "BP Comment," which states as follows:

> As the basis for the appeal, BP states that it appears that there are significant inconsistencies and anomalies in the financial data provided by the claimant. BP requests that the inconsistencies be resolved and the claim reevaluated. In addition, there are a number of questions and issues regarding trends and financial data that impact the calculation and require resolution. Finally, BP submits that the Compensation Amount was incorrectly calculated. The determination misclassified certain variable expenses and payroll expenses as fixed expenses. The determination should be revised to correct these errors. (*Notice of Appeal, page 1).*

5. Meanwhile, on January 15, 2013, Mr. Juneau, in his official capacity as Claims Administrator, issued a policy decision interpreting certain portions of the Economic Settlement Agreement, which correctly interpreted the terms of the Economic and Property Damage Settlement Agreement as it applies to the calculation of "Variable Profit" for Business Loss Claims. *See Claims Administrator's ANNOUNCEMENT OF POLICY DECISIONS (Jan. 15, 2013);*

6. BP then moved the Court to review and reverse that decision on February 3, 2013.*See Draft In Camera Motion For Reconsideration and Exhibits submitted to Magistrate Judge Shushan and Class Counsel  (Feb. 3, 2013);*

7. On March 5, 2013 Judge Barbier denied that motion[3]. *See PACER, 2:10-md-2179-CJB-SS, Document Number 8812*; and

8. The issues addressed in the Policy Decision, and the issues addressed in the Claimant's Appeal are identical.

---

[3]   The BP Defendants have also moved for Reconsideration, which Class Counsel has opposed. Those pleadings await resolution by the Court.

**III.   ARGUMENT**

As mentioned above, the BP defendants have requested expedited hearing on their requests for injunctive relief, and that hearing has been set for April 5, 2013 (Record Document 9). As such, Gulfcoast respectfully asserts that it should be afforded an exception to Pre-Trial Order 15 on its Motion to Intervene, so as to have an adequate opportunity to apprise the Court of the reasons why the BP defendants' improper attempt to circumvent Mr. Juneau's Policy Decision and this Court's affirmance of that decision should not be countenanced. Gulfcoast also respectfully requests a meaningful opportunity to assert the reasons why Gulfcoast is suffering, and will continue to suffer, substantial injury, and why its ability to protect its rights will be jeopardized, due to the BP defendants' unlawful and untenable refusal to adhere to Mr. Juneau's Policy Decision and this Court's Order upholding that Decision.

As more-fully set forth in Gulfcoast's motion to intervene and supporting memorandum, Gulfcoast has satisfied all conditions necessary to qualify to intervene, either as a matter of right, or permissively. There cannot be any legitimate dispute that the motion to intervene is timely, as BP's offending Complaint against the Settlement Program and Mr. Juneau (13-cv-0492) was first filed a little less than a week ago, on March 15, 2013. Also, there is no dispute that Gulfcoast's motion to intervene will not prejudice BP, as Gulfcoast has not delayed in filing its motion to intervene; to the contrary, Gulfcoast's motion has been filed promptly.

Further, crucial to the Court's analysis is the undeniable fact that Gulfcoast's interests are not adequately represented by the parties to 13-cv-0492; namely, the BP defendants on one hand, and Mr. Juneau and the Settlement Program on the other hand.

4

Given that the Settlement Program and Mr. Juneau are neutral parties, Gulfcoast cannot, and should not be required to, rely solely on the Settlement Program and Mr. Juneau to protect its interests, and BP certainly is adverse. Moreover, there are no unusual circumstances at issue that would, or should, preclude intervention and an expedited hearing.

Again, Gulfcoast clearly has a substantial interest in how and when its BEL claim is processed, approved and paid. Gulfcoast also has a right to timely object to a claims-processing methodology that is contrary to Mr. Juneau's reasoned interpretation, this Court's prior ruling, and Gulfcoast's interests, given that this lawsuit is primarily focused on the propriety of the Settlement Program and Mr. Juneau's claims handling process, and given that Gulfcoast has a claim pending within the Class Settlement that will be directly affected by whatever methodology the Settlement Program and Mr. Juneau utilize.

Likewise, Gulfcoast's interests "*may* as a practical matter [be] impair[ed] or impede[d]" if it is not allowed to intervene. Intervening in the instant lawsuit will enable Gulfcoast to coordinate this litigation (including the arguments of other Claimants whose intervention has not been objected to by BP) with the other various fronts of litigation, and thus ensure that conflicting or inconsistent results are not reached in the litigation. Because of the adverse interests between Gulfcoast and BP, and the neutral position of the Settlement Program and Mr. Juneau, Gulfcoast's interests would be impaired by this litigation, should the novel, non-negotiated, and judicially-denounced award calculation methodology espoused by BP be imposed, *post hoc*. *See Sanguine, Ltd. v. United States Department of Interior,* 736 F.2d 1416, 1419 (10th Cir.1984) (an applicant may meet the

5

burden of showing inadequate representation by showing that the representative has an interest adverse to the applicant); 7C Wright & Miller § 1909 (3rd ed.) ("if all existing parties are adverse to the absentee, then there is no adequate representation").

## IV.    CONCLUSION

For the reasons set forth above, Gulfcoast respectfully submits that it has established sufficient grounds for an exception to Pre-Trial Order 15 on its Motion to Intervene so as to have a meaningful opportunity to be heard and object to BP's latest *leger-de-main*, in sufficient time prior to the April 5, 2013 hearing date.

    Respectfully submitted,

    THE PENTON LAW FIRM
    209 HOPPEN PLACE
    BOGALUSA, LOUISIANA  70427
    PHONE       :     (985) 732-5651
    FAX         :     (985) 735-5579
    E-MAIL      :     fedcourtmail@rgplaw.com

    KUYKENDALL & ASSOCIATES, LLC
    23937 U.S. HIGHWAY 98, SUITE 3
    FAIRHOPE, ALABAMA  36532
    PHONE       :     (251) 928-4008
    FAX         :     (205) 453-0042
    E-MAIL      :     rkuykendall@att.blackberry.net

    s/Ronnie G. Penton
    Ronnie G. Penton (#10462)
    Trial Counsel for Intervenor

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve, in accordance with Pretrial Order No. 12, and the foregoing was also electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 25th day of March, 2013.

                                              s/Ronnie G. Penton
                                              Ronnie G. Penton