UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| Applies to: *All Cases* | * | MAGISTRATE SHUSHAN |

## MEMORANDUM IN SUPPORT OF TRANSOCEAN'S MOTION TO ADMIT ADDITIONAL VIDEO EXCERPT OF DAVID MCKAY DEPOSITION TESTIMONY

The Transocean Defendants ("Transocean") set out in Exhibit A excerpts of the deposition of DNV Inspector David McKay rebutting testimony of plaintiffs' expert Geoff Webster which was outside the four corners of his report. Pursuant to the Court's request, Transocean has cut down the proffered testimony of Mr. McKay to a total of eleven minutes; of those eleven minutes, approximately five minutes of testimony was not contained in the deposition bundle previously lodged with the Court. The non-bundled excerpts (128:18-129:20; 58:13-58:16; 242:13-244:06; 246:7-17; 247:2-4) are highlighted in Exhibit A.

Plaintiffs' expert Mr. Webster repeatedly testified that surveyors must rely on the information Transocean provides, that the DNV inspectors did not review maintenance records, that they "obviously" did not go into the files to review the actual condition of the rig, and that Transocean failed to provide the auditors the records they needed. For example:

- "A surveyor, when they go on board, cannot look into every nook and cranny on the vessel and has to rely on the information they are given." (3/13/13 PM Transcript at 3752:18-20.)

- "Why DNV didn't review those maintenance records, I have no idea, … but they should have done it."  (3/13/13 PM Transcript at 4029:15-18.)

- Auditor who "determined that Transocean's safety management system complied with the ISM Code . . . obviously didn't go into the files on the Deepwater Horizon to see what terrible condition it was in."  (3/13/13 PM Transcript at 4031:5-11.)

- "But obviously, these people [the DNV auditors] were not given the BP reports, the BP audits, the ModuSpec audits, which all contradict exactly what that says." (3/13/13 PM Transcript at 4059:16-18.)

This testimony went well beyond the "four corners" of his expert report.  Nowhere in his 17-page expert report or his one-day deposition did Mr. Webster state that inspectors failed to review records or that the records were unavailable to, or somehow withheld from, inspectors.  There is no evidence supporting these contentions -- other than Mr. Webster's allegations.  Transocean therefore requests leave to offer five minutes of additional designations of Mr. McKay's testimony responding to allegations not set forth in Mr. Webster's expert report.

Mr. McKay is the DNV Regional Chief Surveyor.  In the excerpts in question, Mr. McKay testified that he reviewed maintenance records to see what had been done and what had not been done; when the maintenance records reflected undone items, he requested and received records to determine whether the crew was aware of the item, whether the crew had a plan for addressing the item, whether parts had been ordered, and determined whether the undone item raised a safety issue.  He testified that his decision whether to issue a non-conformity turned on the review of such records.  Mr. McKay testified that, based on his review of the rigs and their maintenance records, he was satisfied that the rig's maintenance system was working and that

2

the extent of overdue maintenance was consistent with the industry norm.

As noted above, the attached Exhibit A shows the focused and limited deposition testimony from Mr. McKay, highlighting the excerpts beyond the bundle. This testimony is responsive to Mr. Webster's new testimony and provides evidence of the validity of inspections and the conditions of the *Deepwater Horizon* rig.

PSC's argument that Transocean should be barred from responding to Mr. Webster's new testimony because some of it came in through his cross-examination is misguided. The issue raised by Mr. Webster may be, as Transocean contends, factually frivolous, but it is not collateral; and any such testimony, whether on direct or cross, is properly subject to competent rebuttal. Mr. McKay is not an employee of any party, resides overseas and does not subject to subpoena.

Transocean appreciates the Court's concern with opening the door to other the unbundling of other witnesses. Transocean submits that the exception here is both narrow and essential in the search for the truth. In effect, Mr. Webster has accused McKay and all other inspectors -- for the first time and after submission of his expert report -- of being either incompetent or dupes. Mr. Webster is perfectly placed to respond to that accusation. The additional excerpts are focused and extremely limited -- five minutes of testimony in a trial of this magnitude, offered solely to respond to an expert who testified outside the four corners of his report.

Transocean respects the Court's ruling that the witness was entitled to explain his answers. (Transcript 4095:22-25). Transocean respectfully submits that when an expert uses that opportunity to go beyond the four corners of his report, the adverse party should not be prejudiced by the fact that it made its deposition excerpts over a year ago in reliance on the

3

experts' reports.

Transocean respectfully submits that allowing additional designations here will not open the floodgates. Transocean's proposed additional designations respond directly to new allegations stated by an expert outside the four corners of his report and not stated in his deposition. For all other witnesses, Transocean has only submitted testimony contained in the bundles and intends to do so going forward.

DATED:  March 25, 2013

Respectfully submitted,

By: /s/ Brad D. Brian
Brad D. Brian
Michael R. Doyen
Daniel B. Levin
Susan E. Nash
MUNGER TOLLES & OLSON LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel:  (213) 683-9100
Fax:  (213) 683-5180
Email:  brad.brian@mto.com
          michael.doyen@mto.com
          daniel.levin@mto.com
          susan.nash@mto.com

By: /s/ Steven L. Roberts
Steven L. Roberts
Rachel Giesber Clingman
Sean Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel:  (713) 470-6100
Fax:  (713) 354-1301
Email:  steven.roberts@sutherland.com
rachel.clingman@sutherland.com
sean.jordan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
110 Poydras St., Suite 3700
New Orleans, LA 70163
Tel:  (504) 599-8194
Fax:  (504) 599-8154
Email:  kmiller@frilot.com

By: /s/ Edwin G. Preis
Edwin G. Preis, Jr.
PREIS & ROY PLC
Versailles Blvd., Suite 400
Lafayette, LA 70501
(337) 237-6062
           *and*
601 Poydras Street, Suite 1700
New Orleans, LA 70130
(504) 581-6062

John M. Elsley
ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 224-8380

*Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March 2013, I electronically filed the foregoing with the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

      /s/ Kerry J. Miller
      Kerry J. Miller