UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:  *All Cases*<br><br>(Including No. 10-2771) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**PLAINTIFFS' OPPOSITION TO TRANSOCEAN'S MOTION
TO ADMIT ADDITIONAL VIDEO EXCERPTS OF
<u>DAVID MCKAY DEPOSITION TESTIMONY</u>**

**MAY IT PLEASE THE COURT:**

Transocean's proposed additional deposition designations for David McKay should be disallowed as they would: 1) frustrate and/or circumvent this Court's pre-trial orders and directives, 2) give Transocean an unfair opportunity to "re-cross" Mr. Webster using inapplicable testimony, and 3) allow incomplete and/or misleading testimony into the evidence.

**I.  Transocean's Late Addition to the McKay Designations Frustrates and/or Circumvents the Court's Pre-trial Orders and is a Slippery Slope.**

The schedule for deposition designations and counter-designations was negotiated among the parties and ultimately determined/approved by the Court. The deadlines for designations and counter-designations passed more than a year ago.[1] Since that time,

---

[1] *See* e.g., 9/14/11 WGC Order [Doc. 4690] at p. 3, ¶8; and 2/16/12 WGC Order [Doc. 5719] at p. 3, ¶8.

1

Judge Shushan has repeatedly ordered and/or advised the parties that the deposition bundles shall not be amended.[2]

If Transocean is allowed, in the middle of trial, to amend the David McKay deposition bundle, it will frustrate the aforementioned directives and orders of the Court. Allowing such a late addition would also create a slippery slope for introduction of evidence that is otherwise untimely pursuant to multiple pre-trial orders. Moreover, for three distinct reasons, the slippery slope dilemma is particularly problematic in the context of deposition bundles.

First, the parties can easily find previously un-designated testimony (among the 200+ Phase I depositions) which arguably supports or contradicts certain evidence already introduced at trial. Once late deposition designations are allowed for one party, any future party seeking the same will believe it has a legitimate basis for so doing.

Second, these deposition bundles were previously thought to have been finalized and "in the can" more than a year ago. If the parties were not allowed to amend their deposition bundles over the last year, they should not be allowed to do so now.

Third, a process was followed in composing the deposition bundles whereby the parties had a back and forth of designations and counter-designations. If Transocean is allowed to add designations now, the other parties should be afforded a counter-designation opportunity - further magnifying the problem. Accordingly, Plaintiffs respectfully suggest that the problem should be stopped before it is started, and no additional designations should be allowed.

---

[2] *See* e.g., 9/9/11 Transcript of Working Group Conference at 70:18-22; 2/10/12 Order [Doc. 5719] at p. 5, ¶14; 2/17/12 Transcript of Working Group Conference at 25:5-12.

### II. Transocean's Late Addition to the McKay Designations Is a "Re-cross" of Mr. Webster Using Inapplicable Testimony.

The David McKay deposition designations offered by Transocean do not rebut Mr. Webster's testimony that American Bureau of Shipping ("ABS"), DNV and United States Coast Guard ("USCG") auditors/inspectors "…were not given the BP reports, the BP audits, [and/or] the ModuSpec audits…"[3] First, Mr. McKay only worked for DNV and his testimony could not possibly address ABS or USCG auditors/inspectors. Second, Mr. McKay never testified that he was given BP or ModuSpec audits or reports. Third, Mr. McKay merely testified that he "…would look into the – the rig's plan maintenance system and look and see what had been done or hadn't been done."[4] Mr. McKay viewing the rig's plan maintenance system is an "apple" being compared to the "orange" of Transocean giving inspectors the BP and ModuSpec audits and reports.

### III. Transocean's Late Addition to the McKay Designations Would Allow Misleading and/or Incomplete Testimony Into Evidence.

Separate and apart from the other problems with Transocean's request, the PSC objects to the presentation form of the additional David McKay video clip designations. According to the designations set-forth by Transocean, Mr. McKay's deposition will be presented in the following non-sequential order: a) 13:23-25, b) 33:3-9, c) 14:24 - 15:2, d) 21:17-20, e) 17:8-11, f) 39:15 – 40:2, g) 87:6 – 89:15, h) 128:18 – 129:20, i) 58:13-16, j) pages 242:13 – 244:6, k) 246:7 – 247:4, and l) 315:21 – 317:13.[5] The PSC objects to such an out-of-order splicing of the video.

---

[3] See Exhibit "A" attached hereto - 3/14/2013 PM Trial Transcript at 4059:16-18.
[4] See Exhibit "B" attached hereto - David McKay 5/11/11 deposition at p. 129:7-20.
[5] See Exhibit "A" to Transocean's Motion to Admit Additional Video Excerpts of David McKay Deposition Testimony.

Finally, Transocean's designations are incomplete to the point of misleading the reader/viewer. Transocean claims to be designating this additional testimony of David McKay in order to show that he has seen the Deepwater Horizon's maintenance records. However, Transocean eliminates surrounding testimony which shows that Mr. McKay has not seen or could not recall various maintenance records.[6] As such, the narrowed deposition testimony designated by Transocean is incomplete and/or misleading.

## CONCLUSION

For the reasons stated, Plaintiffs, through Co-Liaison Counsel and the Plaintiffs Steering Committee, respectfully submit that this Court should deny Transocean's Motion to Admit Additional Video Excerpts of David McKay Deposition Testimony.

This 26th day of March, 2013.


Respectfully submitted,


| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

---

[6] *See* Exhibit "B" attached hereto - David McKay 5/11/11 deposition at pp. 129:20 – 133:5.

4

**PLAINTIFFS' STEERING COMMITTEE**

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT, DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130

Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com


Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

**CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of March, 2013.

                              s/ James Parkerson Roy and Stephen J. Herman