UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 13-492<br><br>(Also relates to: No. 12-970) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |
| *BP EXPLORATION & PRODUCTION INC.* and *BP AMERICA PRODUCTION COMPANY,*<br>                                           *Plaintiffs*<br><br>v.<br><br>*DEEPWATER HORIZON COURT SUPERVISED SETTLEMENT PROGRAM* and *PATRICK A. JUNEAU,*<br>                                          *Defendants* | CASE NO. 13-CV-492<br><br>SECTION: J<br><br>JUDGE CARL J. BARBIER<br><br>MAGISTRATE SHUSHAN |

**INTERVENOR**
**ECONOMIC & PROPERTY DAMAGES SETTLEMENT CLASS**
**ANSWER TO COMPLAINT**

      **NOW INTO COURT,** through appointed Class Counsel, comes the Economic & Property Damages Settlement Class, Intervenor herein, and respectfully submits the following Answer and Affirmative Defenses to BP Exploration & Production, Inc. and BP America Production Company's Complaint. Intervenor is a certified and approved class of persons and businesses identified geographically and by claim, pursuant to Order of this Court and as defined in the Settlement Agreement, §1, at 3-7. Intervenor respectfully submits this Answer as a Defendant-in-Intervention, and avers as follows:

1

**First Defense**

This Court lacks subject matter jurisdiction separately and independently from *Bon Secour Fisheries, Inc. v. BP Exploration & Production, Inc.,* No. 12-970 (E.D. La.).

**Second Defense**

Defendant *Deepwater Horizon* Court Supervised Settlement Program is not a juridical entity with the procedural capacity to be named as a defendant.

**Third Defense**

The Complaint fails to state a claim against Defendant Patrick Juneau because Defendant is required by Sections 4.3.1 and 4.3.4 of the Settlement Agreement (and/or by Order of the Court) to interpret and apply the Economic & Property Damages Class Settlement Agreement for the benefit of the Class, and, in the event of any dispute, as resolved by the Court.  In this particular case, the Court interpreted the Settlement Agreement on March 5, 2013, in accordance with Section 4.3.4 of the Settlement Agreement. Accordingly, Defendant, in his capacity as Claims Administrator and Trustee, is bound under the Settlement Agreement and the Trust Agreement, (and/or by Order of the Court), to implement and administer the Court Supervised Settlement Program in accordance with the March 5, 2013 REVIEW OF ISSUE FROM PANEL (Matching of Revenue and Expenses) [Doc. 8812].

**Fourth Defense**

The Complaint fails to state a claim because all legal theories and prayers purport to be in furtherance of the Settlement Agreement, which provides for the sole and exclusive remedy of such disputes to be raised by motion and filed in *Bon Secour*.

### Fifth Defense

The Complaint fails to state a claim against Defendants because it seeks to challenge an interpretive decision purportedly made by Mr. Juneau as the Claims Administrator which was, in fact, made by the Court.

### Sixth Defense

The Complaint fails to state a claim because neither Mr. Juneau as the Claims Administrator nor the Court Supervised Settlement Program has the authority to change, alter, overrule, or defy the Court's March 5, 2013 resolution and interpretation.

### Seventh Defense

The Complaint fails to state a claim because neither Mr. Juneau as Claims Administrator nor the Court Supervised Settlement Program has the ability to provide Plaintiffs with the requested relief.

### Eighth Defense

The Complaint fails to state a claim, as the relief requested would be *ultra vires* and in contravention of the Settlement Agreement and the Trust Agreement.

### Ninth Defense

AND NOW, responding to the specific allegations contained within the Complaint, Defendant-in-Reconvention respectfully avers as follows:

1. Intervenor generally denies the conclusory allegations in the Introduction Section of the Complaint, Paragraphs 1-13.

2. Intervenor generally admits the statement of Plaintiffs and Defendants in the Parties Section of the Complaint, Paragraphs 14-18, except to deny any allegations that purport to represent that the Settlement Program is a juridical entity capable of being sued.

Intervenor fully incorporates all defenses and affirmative defenses stated *supra* and/or *infra* concerning the capacity of the Settlement Program.

3. Intervenor generally denies that jurisdiction of the Complaint exists separately from *Bon Secour Fisheries, Inc. v. BP Exploration & Production, Inc.,* No. 12-970 (E.D. La.), and in that respect generally denies the Jurisdiction Section, Paragraphs 19-27.

4. Intervenor admits that venue is proper before this Court as stated in the Venue Section, Paragraph 28, but only in so far as venue is proper in and for the *Bon Secour* action.

5. Intervenor generally admits the statements in the Procedural Background Section, paragraphs 29-38, except to specifically deny Plaintiffs' statement of remedy at the end of Paragraph 38.

6. Intervenor generally admits the introductory statements in the BEL Framework Section, Paragraphs 39-44, except to specifically deny Plaintiffs' conclusory allegation at the end of Paragraph 44.

7. Intervenor generally denies the allegations and conclusory remarks in Paragraphs 45-57. Intervenor adopts and incorporates by reference all statements, arguments, and conclusions expressed in Class Counsel's February 18, 2013 Memorandum in response to BP's Motion to Reconsider (and all attached Exhibits) (contained within Rec. Doc. 8963) and this Court's March 5, 2013 decision (Rec. Doc. 8812).

8. Intervenor generally admits to the standard for preliminary injunction stated in Paragraph 58 but generally denies the allegations concerning preliminary injunction in Paragraphs 59-63.

9. Intervenor generally denies the allegations, arguments, and purported support for the five different causes of action identified in Paragraphs 64-99. Intervenor adopts and

incorporates by reference all statements, arguments, and conclusions expressed in Class Counsel's February 18, 2013 Memorandum in response to BP's Motion to Reconsider (and all attached Exhibits) (contained within Rec. Doc. 8963) and this Court's March 5, 2013 decision (Rec. Doc. 8812).

10. Intervenor generally denies that Plaintiffs are entitled to the requested relief in its Prayer for Relief on pages 29-31. Intervenor adopts and incorporates by reference all statements, arguments, and conclusions expressed in Class Counsel's February 18, 2013 Memorandum in response to BP's Motion to Reconsider (and all attached Exhibits) (contained within Rec. Doc. 8963) and this Court's March 5, 2013 decision (Rec. Doc. 8812).

### Tenth Defense

Any and all defenses, affirmative defenses, and grounds for dismissal contained in the Settlement Agreement are adopted and incorporated into Intervenor's Answer as if specifically plead. Intervenor herein adopts and incorporates *in extensio* all terms, conditions, and provisions of the Settlement Agreement as if stated herein.

### Eleventh Defense

Any and all defenses, affirmative defenses, and grounds for dismissal contained in Class Counsel's February 18, 2013 Memorandum in Response to BP's Motion to Reconsider (and all attached Exhibits) (contained within Rec. Doc. 8963) are adopted and incorporated into Intervenor's Answer as if specifically plead. Intervenor herein adopts and incorporates *in extensio* all statements, arguments, and provisions of the Class Counsel's February 18, 2013 Memorandum in Response to BP's Motion to Reconsider (and all attached Exhibits) as if stated herein.

**Twelfth Defense**

Any and all defenses, affirmative defenses, and grounds for dismissal contained in the Court's March 5, 2013 REVIEW OF ISSUE FROM PANEL (Matching of Revenue and Expenses) [Doc. 8812] are adopted and incorporated into Intervenor's Answer as if specifically plead.  Intervenor herein adopts and incorporates *in extensio* all statements, arguments, and provisions of the Court's March 5, 2013 REVIEW OF ISSUE FROM PANEL (Matching of Revenue and Expenses) [Doc. 8812] as if stated herein.

**Thirteenth Defense**

Intervenor respectfully pleads the defenses of issue preclusion, *res judicata* and/or collateral estoppel.

**Fourteenth Defense**

Intervenor respectfully pleads the defenses of waiver, laches and/or unclean hands.

**Fifteenth Defense**

The Complaint fails to state any claim for which the BP Plaintiffs would be entitled to relief, either on the merits or procedurally, in that the filing of and allegations made in the Complaint are at odds with the obligations undertaken by the parties in the Economic Settlement Agreement, and contrary to its procedural provisions for settlement implementation and enforcement.

**WHEREFORE** the Economic & Property Damages Settlement Class respectfully prays that this Answer be deemed sufficient, and that the Complaint be dismissed for the reasons and defenses stated herein, with prejudice, at Plaintiffs' cost.

This <u>21</u><sup>st</sup> day of <u>March</u>, <u>2013</u>.

Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Class Counsel* | *Co-Lead Class Counsel* |

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Answer has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this <u>21st</u> day of <u>March</u> , <u>2013</u>.

s/  James Parkerson Roy and Stephen J. Herman