UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in | : | |
| the GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| | : | |
| | : | |
| | : | |

. .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .

**THIS DOCUMENT RELATES TO ALL CASES, including No. 10-2771**

## [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF JUDGMENT ON PARTIAL FINDINGS THAT CAMERON INTERNATIONAL CORPORATION IS NOT LIABLE

In accordance with FED. R. CIV. P. 52(a) and (c), and based on the evidence presented during the affirmative case presented by Plaintiffs and Claimants in this limitations trial, the Court finds the following facts and states its conclusions of law in support of its judgment on partial findings that Cameron is not liable to any Plaintiff or Claimant. If any finding is in truth a conclusion of law or if any conclusion stated is in truth a finding of fact, it should be deemed so.

### FINDINGS OF FACT

1.   This case involves a blowout of the Macondo oil well being drilled by the *Deepwater Horizon* mobile offshore drilling unit in the Gulf of Mexico.  Defendant

Cameron International Corporation ("Cameron") sold equipment for the vessel commonly known as a blowout preventer ("BOP").

2. The BOP sold by Cameron for use on the *Deepwater Horizon* was a specialized product, designed and built with significant input from a sophisticated buyer.

3. At the time that Cameron sold the BOP for use on the *Deepwater Horizon*, there was no technologically feasible and practical BOP ram or BOP control system design that would have reduced or prevented the blowout or spill.

4. The evidence presented by Plaintiffs and Claimants is not sufficient to support an independent assessment of the advantages and disadvantages of any alternative BOP ram or BOP control system design at the time that Cameron sold the BOP for use on the *Deepwater Horizon*.

5. No conduct of Cameron was a substantial factor in causing the blowout or spill.

## CONCLUSIONS OF LAW

1. "If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." FED. R. CIV. P. 52(c). Having rested, Plaintiffs and Claimants have been "fully heard" on the issue of Cameron's liability, which is a claim that Plaintiffs and Claimants can maintain only with a favorable finding in their favor.

2.	Based on this Court's findings, Cameron is not liable for negligence. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 211 (5th Cir. 2010).

3.	Based on this Court's findings, Cameron is not liable for product liability. RESTATEMENT (THIRD) OF PRODUCTS LIABILITY § 2; *see Krummel v. Bombardier Corp.*, 206 F.3d 548, 552 (5th Cir. 2000). The decisions of Transocean and BP as sophisticated purchasers of the BOP are not relevant to establish Cameron's liability as a product manufacturer. *Nicor Supply Ship Assocs., Inc. v. General Motors Corp.*, No. 85-1399, 1993 WL 262712 (E.D. La. July 7, 1993).

4.	Based on this Court's finding on causation, Cameron is not liable under any tort theory. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d at 213-14.


New Orleans, Louisiana, this ____ day of _____, 2013.


　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　CARL J. BARBIER
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE