UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * * * * | MDL No. 2179  SECTION J |
| This Document Relates to: No. 13-492 | * * * * | HONORABLE CARL J. BARBIER  MAGISTRATE JUDGE SHUSHAN |

___

| | | |
|---|---|---|
| BP EXPLORATION & PRODUCTION, INC. and BP AMERICA PRODUCTION COMPANY, *Plaintiffs* | * * * * | CIVIL ACTION NO. 13-0492  SECTION J |
| versus | * * | HONORALBE CARL J. BARBIER |
| DEEPWATER HORIZON COURT SUPERVISED SETTLEMENT PROGRAM; and PATRICK A. JUNEAU, in his official capacity as Claims Administrator of the *Deepwater Horizon* Economic and Property Damages Settlement Agreement, and in his official capacity as Trustee of the *Deepwater Horizon* Economic and Property Damages Settlement Trust, *Defendants* | * * * * * * * * * * * | MAGISTRATE JUDGE SHUSHAN |

___

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendants Deepwater Horizon Court Supervised Settlement Program ("Settlement Program") and Patrick A. Juneau, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program administering the Deepwater Horizon Economic and Property Damages Settlement Agreement, and in his official capacity as Trustee of the Deepwater Horizon Economic and Property Damages Settlement Trust ("Mr. Juneau"), through undersigned counsel, move the Court to dismiss the Complaint filed by BP Exploration

1

& Production, Inc. and BP America Production Company (collectively, "BP") pursuant to Fed. R. Civ. Proc. 12(b)(6).

As more fully explained in the Defendants' supporting memorandum, BP has failed to allege facts that support its entitlement to (1) specific performance of the Settlement Agreement pursuant to its interpretation of the Business Economic Loss ("BEL") Framework and (2) injunctive relief to stop the Defendants from continuing to administer the Settlement Agreement and pay BEL claims consistently with the Court's March 5, 2013 ruling regarding the analysis and calculation of "Variable Profit" under the agreement. Specifically, the Complaint should be dismissed because:

- Mr. Juneau is entitled to judicial immunity from suit in his official capacity as Claims Administrator and Settlement Trustee; and

- The Defendants have not breached their responsibilities by administering and implementing the BEL Framework consistently with the Settlement Agreement's terms and provisions as interpreted and approved by the Court.

Because Mr. Juneau is immune from this suit and the Defendants have done nothing other than perform their functions consistent with the Court's orders and directives, and BP's Complaint does not allege otherwise, this action should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Jennifer L. Thornton*
Richard C. Stanley, 8487
Jennifer L. Thornton, 27019
Gina M. Palermo, 33307
Patrick H. Fourroux, 34550
    Of
STANLEY, REUTER, ROSS,
 THORNTON & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone:   (504) 523-1580
Facsimile:   (504) 524-0069

*Attorneys for Deepwater Horizon Court Supervised Settlement Program and Patrick A. Juneau, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program administering the Deepwater Horizon Economic and Property Damages Settlement Agreement, and in his official capacity as Trustee of the Deepwater Horizon Economic and Property Damages Settlement Trust*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of April, 2013, I electronically filed the foregoing Motion with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

    */s/ Jennifer L. Thornton*