UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig<br>           "Deepwater Horizon" in the Gulf<br>           Of Mexico, on April 20, 2010<br><br>This Document Relates to:<br>           No. 13-492 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | MDL No. 2179<br><br>SECTION J<br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

___

| | | |
|---|---|---|
| BP EXPLORATION & PRODUCTION, INC.<br>and BP AMERICA PRODUCTION COMPANY,<br>                    *Plaintiffs*<br><br>versus<br><br>DEEPWATER HORIZON COURT<br>SUPERVISED SETTLEMENT PROGRAM;<br>and PATRICK A. JUNEAU, in his official<br>capacity as Claims Administrator of the<br>*Deepwater Horizon* Economic and Property<br>Damages Settlement Agreement, and in his<br>official capacity as Trustee of the *Deepwater<br>Horizon* Economic and Property Damages<br>Settlement Trust,<br>                    *Defendants* | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO. 13-0492<br><br>SECTION J<br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

___

## **DEFENDANTS' RESPONSE TO BP'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants Deepwater Horizon Court Supervised Settlement Program and Patrick A. Juneau, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program administering the Deepwater Horizon Economic and Property Damages Settlement Agreement, and in his official capacity as Trustee of the Deepwater Horizon Economic and Property Damages Settlement Trust, through undersigned counsel, respectfully submit this response to the "Emergency Motion for Preliminary Injunction Against

1

the Claims Administrator and Settlement Program to Enjoin Payments and Awards for Business Economic Loss Claims Based on Fictitious "Losses," filed by BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP").

BP's request for injunctive relief should be denied, as BP's Complaint in this matter fails to state a claim upon which relief can be granted. *See* Defendants' Motion to Dismiss with Memorandum in Support, Rec. Doc. 9066 (attached hereto as Exhibit A).[1] Specifically, Mr. Juneau is absolutely immune from suit in his official capacity as Claims Administrator and Settlement Trustee.[2] And, apart from Mr. Juneau's immunity from suit, the Defendants' complained-of conduct – analyzing claims for loss of business income pursuant to the Court's March 5, 2013 instruction and interpretation of the BEL Framework and authorizing payments out of the Settlement Trust in accordance with those calculations – cannot as a matter of law give rise to a breach of contract claim. The Defendants do not have the authority or discretion to adopt BP's alternative framework for calculating a claimant's "Variable Profit," regardless of the equities or inequities involved, as the Court made a determination as to the proper interpretation of the BEL Framework, and the Defendants are bound by that ruling.

---

[1] The motion to dismiss is being submitted on the Court's next regular motion day – April 24, 2013.

[2] *See Nystedt v. Nigro*, 700 F.3d 25 (1st Cir. 2012) (affirming trial court's granting of special master defendant's motion to dismiss, as he was entitled to absolute quasi-judicial immunity); *Wilson v. Bush*, 196 Fed. Appx. 796 (11th Cir. 2006) (holding that special master entitled to judicial immunity for the orders he entered in a state quiet-title action as he was performing a judicial function); *Atkinson-Baker & Associates, Inc. v. Kolts,* 7 F.3d 1452 (9th Cir. 1993) (holding that the court-appointed special master was immune from civil liability with respect to his exercise of discretionary judgment in attempting to resolve parties' dispute); *In re Fema Trailer Formaldehyde Products Liability Litigation*, 2011 WL 5038849 (E.D.La., Oct. 24, 2011) (explaining that special master was entitled to absolute quasi-judicial immunity when acting in the capacity as special master); *In re Silicone Gel Breast Implant Products Liability Litigation*, 1994 WL 114580 (N.D.Ala., Apr. 1, 1994) (appointing claims administrator in class action and explicitly providing that the actions of the claims administrator would be protected by the doctrine of judicial immunity); *Church of Scientology Int'l v. Kolts,* 846 F. Supp. 873 (C.D. Cal. 1994) (finding that the special master was entitled to absolute quasi-judicial immunity).

Accordingly, BP is not entitled to injunctive relief to prevent the Defendants from continuing to implement and administer the Settlement Agreement pursuant to its terms and provisions as interpreted by the Court or specific performance of its alternative method of calculating "Variable Profit." BP's request should be denied.

Respectfully submitted,

*/s/ Jennifer L. Thornton*
Richard C. Stanley, 8487
Jennifer L. Thornton, 27019
Gina M. Palermo, 33307
Patrick H. Fourroux, 34550
    Of
STANLEY, REUTER, ROSS,
  THORNTON & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone:   (504) 523-1580
Facsimile:   (504) 524-0069

*Attorneys for Deepwater Horizon Court Supervised Settlement Program and Patrick A. Juneau, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program administering the Deepwater Horizon Economic and Property Damages Settlement Agreement, and in his official capacity as Trustee of the Deepwater Horizon Economic and Property Damages Settlement Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2012, I electronically filed the foregoing Response with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                    */s/ Jennifer L. Thornton*