UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ) ) ) ) | MDL No. 2179  Section J; Mag. 1 |
| This Document Relates to: In re: 10-8888 and 10-9999 Short Form Joinders | ) ) ) | Judge Barbier  Mag. Judge Shushan |

**MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE**

**MAY IT PLEASE THE COURT:**

Now come various claimants, through undersigned counsel, who file this Memorandum in Support of the accompanying Motion for Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011 Deadline. Attached to this Memorandum are exhibits identified as Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, and Exhibit G, which outline a list of all claimants who filed late short forms and are joint movants for the purposes of this motion ("Claimants"). These Claimants seek this Honorable Court's permission to accept Claimants' late-filed claims in the limitation proceeding for the following reasons:

1. All Claimants contacted counsel after the Court-established deadline seeking assistance in filing claims for injuries and damages incurred as a result of the Deepwater Horizon explosion and resulting oil spill.

2. Because Claimants were unaware of the Court-established deadline, or had not yet fully realized their damages, they did not

        timely file in the Transocean limitation proceeding.

3. No prejudice will result from the acceptance of the late filings. Such filings are being filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS and/or 10-9999. No action has been taken in the limitation proceeding that could cause prejudice to any other party to the proceeding.

4. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late-filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulphur Co. v. Blue Stock Towing Co.*, 313 F.3d 359,362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims,"); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (*citing Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349,351 (5th Cir. 1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, Claimants respectfully request that the Court accept their late-filed short forms and grant the accompanying Motion for Acceptance of

Limitation Short Form Joinders Beyond the September 16, 2011 Deadline.

      Respectfully submitted

      THE PENTON LAW FIRM
      209 HOPPEN PLACE
      BOGALUSA, LOUISIANA  70427
      PHONE : (985) 732-5651
      FAX : (985) 735-5579
      E-MAIL : fedcourtmail@rgplaw.com


      s/Ronnie G. Penton
      Ronnie G. Penton (#10462)
      Trial Counsel for Claimants