SUPPLEMENTAL DECLARATION OF W. ALLEN CARROLL, Jr.

My name is Allen Carroll and I make this supplemental declaration after reviewing BP's motion for preliminary injunction. I have outlined my professional experience in earlier declarations. I have personal knowledge of the facts stated here and would testify as follows.

The declarations of Fishkind, Henley, Richardson, Oustalniol and Sharp discuss the differences in cash accounting and accrual accounting. Each of these declarations is premised on the assumption that cash basis profit and loss statements are unreliable for purposes of implementing the Deepwater Horizon settlement. These statements ignore several facts.

First, the settlement agreement is premised on the claimant's ability to use preexisting profit and loss statements to perform the analysis to calculate settlement compensation. Nowhere does the agreement even imply that cash basis profit and loss statements would not qualify. As I have previously stated, a great number of small businesses only have cash basis financial statements.

Second, cash basis profit and loss statements are different from accrual basis profit and loss statements but are not unreliable.

Third, the declarations referenced above are incorrect when they suggest the cash basis statements can be easily converted to accrual statements or otherwise adjusted to match revenues and expenses. The problem is not the qualification or the ability of the accountant. The problem is the lack of data available to make the conversion. Converting sixty months of cash basis statements to accrual basis statements, for most small businesses, would either be impossible or would require many hours of work. Examples of information needed, among others, for this mammoth undertaking would include invoices, monthly accounts receivable schedules, inventory listings, and monthly accounts payable schedules. Many small businesses do not maintain these types of records and even those that do would be challenged to produce the records going back that far in time.

Fourth, as I understand BP's proposals, requiring accrual basis statements would not satisfy BP. BP has appealed claims prepared by my firm based on CPA prepared accrual basis statements advancing the same matching argument made before the Court. BP has confirmed that its newly proposed formulas would be applied to claims prepared based on accrual basis profit and loss statements.

Instead of requiring accrual basis statements, BP has proposed new formulas that arbitrarily move both revenues and expenses to periods unrelated to the when they were earned or

incurred. The BP proposal must rely on these arbitrary formulas because accurate data does not exist to easily allow the sort of matching BP now claims is required under the agreement. In fact, BP proposes that plaintiff law firms may need to employ valuation experts in order to document their claims.

BP's proposal would result in either reallocations of revenues and expenses based on arbitrary formulas or subjective determinations by the Settlement Administrator as to which months were comparable and which revenues should be matched to which expenses. There are no existing accounting rules to guide the Settlement Administrator Vendors in making these decisions.

Any attempt to implement BP's proposals would require documents not called for under Exhibit 4A of the Settlement Agreement. For example, the Oustalniol declaration acknowledges that many claimants would have to submit 2012 statements, and perhaps even 2013 statements. He does not explain how a business that filed its claim in June of 2012 could accomplish such a requirement. If only new claimants were forced to submit these documents they would be treated differently from those filing in 2012. Oustalniol assumes, without any apparent basis, that Claimants will have earned all revenue from expenditures made during the benchmark period and compensation period. My experience with certain of the "target' businesses identified by BP is that revenues may lag many years, and his assumption is unfounded.

BP and its experts maintain the Claims Administrator has rewritten the Settlement Agreement to only measure changes in net cash flow. I disagree with BP's characterization. The Claims Administrator is simply following the Settlement Agreement formula which uses a business's contemporaneous profit and loss statements to determine "Variable Profits," whether they are maintained using the cash or accrual basis of accounting.

I declare under penalty of perjury that the foregoing is true and correct.

_W. Allen Carney_