# AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

**BEFORE ME**, a Notary Public, duly commissioned and qualified in and for the above county and state, personally appeared:

### SCOTT E. SILBERT

a person of the full age of majority, who, after first being duly sworn did depose that:

1. I am counsel of record for DuWayne Mason, plaintiff in case number 11-cv-826 consolidated with MDL No. 2179;

2. That reference in the Complaint I filed on behalf of DuWayne Mason to the effect that the M/V SEACOR VANGUARD was engaged in recovering oil and dispersant after the blowout on the Deepwater Horizon Rig was intended only to provide a geographical reference to where the M/V SEACOR VANGUARD was located when DuWayne Mason was exposed to toxic substances and was never intended to convey that DuWayne Mason was himself involved in Recovery Activities;

3. That DuWayne Mason's lawsuit is the only personal injury action in which he is participating which is part of the Deepwater Horizon MDL;

4. I do not receive electronically filed documents from the MDL;

5. I was not sent a copy of the Class Action Settlement Notification at any time by anyone until after March 5, 2013;

EXHIBIT "2"

6. That, having no clients making claims against B.P., Trans-Ocean or Halliburton for personal injuries from the Deepwater Horizon disaster, I never paid attention to and did not read any published notifications relating to the Medical Benefits Class Action;

7. That, until March 5, 2013, I never discussed the potential need to "opt-out" of the Medical Benefits Class Action with any attorney or anyone else;

8. That I have been in communication with counsel for Seacor since the inception of the litigation;

9. At not time did counsel for Seacor advise that plaintiff would be required to opt-out of the Medical Benefits Class in order to maintain his right to pursue his Jones Act claims;

10. That, prior to filing DuWayne Mason's motion to sever in July of 2012, the undersigned spoke to both Jim Roy and Steven Herman and secured the consent of the PSC to represent to the Court that the PSC agreed that DuWayne Mason's claims had no further linkage to the MDL with the dismissal of the "Robin" claims and, therefore, the PSC would not oppose the complete separation of DuWayne Mason;'s claims from the MDL; at no point in either discussion was it suggested that DuWayne Mason might be included in the Medical Benefits Class or that opting out was an issue;

11. That undersigned counsel contacted Garretson Resolution Group and spoke with "Nicholas" (504-662-1360) on March 21, 2013, who

advised the undersigned that there was no record of notice of the class action having been mailed to DuWayne Mason; and,

12. That the above and foregoing eleven statements are true.

_____
SCOTT E. SILBERT

Sworn to and Subscribed Before Me, this 29th Day of March, 2013

_____
Notary Public

Printed Name: William G. Merritt

[Bar No.: 18340]

My Commission Expires with Life