# PHELPS DUNBAR LLP

Louisiana | Mississippi | Texas | Florida | Alabama | North Carolina | London

GARY A. HEMPHILL
Partner
(504) 584-9222
gary.hemphill@phelps.com

Our Reference No.
05904-0014

March 26, 2013

Scott E. Silbert
Silbert & Garon, L.L.P.
909 Poydras Street, Suite 2130
New Orleans, LA 70112

Re:   *In the Matter of Seacor Holdings, Inc., et al.*
      USDC-EDLA No. 10-3895; and,
      *DuWayne Mason v. Seacor Marine, LLC*
      USDC-EDLA No. 11-826(N)(4)

Dear Scott:

Seacor has considered your request on behalf of DuWayne Mason that Seacor authorize and agree to pay for plication surgery to address symptoms which Mr. Mason alleges are the result of events arising out of his service on the SEACOR VANGUARD in the aftermath of the DEEPWATER HORIZON incident.

For the reasons expressed by Judge Barbier in his March 5, 2013 Order and Reasons denying Mr. Mason's motion to sever, it is apparent that all of Mr. Mason's claims against Seacor, including claims for maintenance and cure, have been released as part of the Medical Benefits Class Action Settlement (the "Medical Settlement"). As Judge Barbier noted, the Seacor entities involved in this litigation were included as Released Parties in the Medical Settlement which applies to all claims for personal injury or bodily injury related directly or indirectly to the DEEPWATER HORIZON Incident (as defined in the Medical Settlement), including but not limited to all claims arising under admiralty or maritime law. Since an employer's obligation to pay maintenance and cure arises under maritime law, the Medical Settlement release extends to those claims as well.

For these reasons, Seacor declines to authorize and will not pay for the proposed surgery or for further cure expenses incurred by Mr. Mason which he claims are related to the DEEPWATER HORIZON Incident. For the same reasons, maintenance payments will also be discontinued effective the end of this month. .

As you know, pursuant to the December 26, 2012 Stipulation executed by Mr. Mason, Seacor has voluntarily paid health insurance premiums on Mr. Mason's behalf so that he could maintain his health insurance coverage. Seacor's payment of these premiums will discontinue thirty days from the date of this letter. Mr. Mason may elect to continue this coverage by paying the premiums himself pursuant to and subject to the limits of COBRA and the relevant rules of the health insurance plan administrator. Please let me know if he elects to do so.

Seacor specifically reserves all its rights, none of which is waived.

Scott E. Silbert
March 26, 2013
Page 2

Very truly yours,

PHELPS DUNBAR LLP

*[signature]*

Gary A. Hemphill

GAH/at

Scott E. Silbert

PD.8457854.1