UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   APR 1 2013
LORETTA G. WHYTE
CLERK

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010
Michael Abney, et al. v. Plant Performance Services LLC, et al.,
N.D. Florida, C.A. No. 3-13-00024 )   MDL No. 2179

TRANSFER ORDER

13-582
SECT. J MAG. 1

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, the 669 plaintiffs in this action (*Abney*) move to vacate our order conditionally transferring the action to MDL No. 2179. Responding defendants BP p.l.c., BP America Production Company, and BP Exploration & Production Inc., along with O'Brien's Response Management, L.L.C., Plant Performance Services, LLC (P2S), and Fluor Enterprises, Inc. (Fluor), oppose the motion.

In their motion to vacate, the *Abney* plaintiffs argue, *inter alia*, that (1) they bring only state law claims; (2) two defendants in the action (P2S and Fluor) have not yet appeared in the MDL; (3) they can obtain greater relief outside the MDL; and (4) they intend to move for remand to state court,[1] as the action was improperly removed. We find these arguments unpersuasive. First, the fact that plaintiffs raise only state law claims is not an impediment to transfer, as 28 U.S.C. § 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. *See, e.g., In re: Denture Cream Prods. Liab. Litig.*, 624 F.Supp.2d 1379, 1381 (J.P.M.L. 2009). Second, although not all defendants in *Abney* may yet be parties in the MDL, that does not warrant vacatur, as transfer pursuant to Section 1407 also does not require a complete identity of parties. *E.g., In re Navistar 6.0L Diesel Engine Prods. Liab. Litig.*, 777 F. Supp. 2d 1347, 1348 (J.P.M.L. 2011). Third, the possibility that one side or the other in an action subject to transfer may obtain greater relief outside the MDL does not constitute a valid basis for avoiding transfer. *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on Apr. 20, 2010*, 764 F. Supp. 2d 1352, 1353 n.1 (J.P.M.L. 2011) (stating that Section 1407 does not empower the Panel to decide questions concerning the merits of a case). Fourth, as we frequently have held, jurisdictional objections may be presented to the transferee court. *See, e.g., In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

After considering all argument of counsel, we find that *Abney* involves common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the action to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] The action is presently stayed.

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

- 2 -

convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The action unquestionably shares factual issues with those already in the MDL. *See Abney* Second Am. Compl. ¶ 5 ("The damages asserted in this action flow from the wrongful conduct of the defendants following the explosion of the Deepwater Horizon. . . . .").

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Paul G. Barbadoro
Marjorie O. Rendell             Charles R. Breyer
Lewis A. Kaplan