# Exhibit 01

## SETTLEMENT DISCUSSION CONFIDENTIALITY AGREEMENT

WHEREAS the BP Defendants ("BP"),[1] by and through its authorized counsel, and the MDL 2179 Plaintiffs' Steering Committee ("PSC")[2] (collectively, "Parties") wish to proceed with confidential settlement discussions governed by Federal Rule of Evidence 408 and similar state law rules for the purpose of attempting to compromise or settle claims, including any and all counterclaims, cross-claims, and third party claims (collectively, "Claims");

WHEREAS Stephen J. Herman, James P. Roy, Calvin C. Fayard, Jr., and Joseph F. Rice[3] represent and warrant that they represent and are authorized to act on behalf of the PSC;

WHEREAS the Parties and their authorized counsel wish to communicate freely and efficiently, and thereby enhance their ability to reach appropriate and mutually acceptable compromises and settlements of the Claims;

NOW, therefore, BP and the PSC, through their authorized counsel, hereby enter into this Settlement Discussion Confidentiality Agreement ("Agreement") as of June 21, 2011, and agree to the following terms:

1. All settlement discussions, communications, and exchanges of information, documents, data, proposals, and drafts — occurring before or after the date of this Agreement — shall be treated in accordance with the provisions of Federal Rule of Evidence 408 and any similar state rules or statutes ("Confidential Information"). Confidential Information received or held under this Agreement shall be used solely for the purpose of participation in settlement discussions between BP, by and through its counsel, and the PSC and for no other purpose.

2. The substance of settlement discussions, communications, and exchanges of information,

---

[1] BP Exploration & Production Inc. ("BPXP"), BP America Production Company, and BP p.l.c.

[2] The term "MDL 2179 Plaintiffs' Steering Committee" as used herein is defined in Pretrial Order No. 8 entered *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La. Oct. 8, 2010).

[3] Stephen J. Herman (Herman Herman Katz & Cotlar LLP), James P. Roy (Domengeaux Wright Roy & Edwards LLC), Calvin C. Fayard, Jr. (Fayard & Honeycutt, APC), and Joseph F. Rice (Motley Rice LLC).

documents, data, proposals, and drafts — occurring before or after the date of this Agreement — shall be treated strictly as Confidential Information, and will not be shared with any persons or entities other than: (a) BP; (b) counsel for BP; (c) the support staff of counsel for BP; (d) experts retained by BP or counsel for BP for the purpose of assisting with settlement discussions; (e) Stephen J. Herman, James P. Roy, Calvin C. Fayard, Jr. and Joseph F. Rice, as authorized counsel for the PSC; (f) the support staff of Stephen J. Herman, James P. Roy, Calvin C. Fayard, Jr., and Joseph F. Rice; (g) experts retained by the PSC or by Stephen J. Herman, James P. Roy, Calvin C. Fayard, Jr., and Joseph F. Rice for the purpose of assisting with settlement discussions; (h) Plaintiffs' Co-Liaison Counsel[4] and members of the PSC with a legitimate need to examine Confidential Information in connection with settlement discussions; and (i) MDL 2179 Special Master Francis McGovern subject to the consent of BP, PROVIDED THAT (1) experts retained for the purpose of assisting with settlement discussions shall execute the attached Addendum A before any Confidential Information is shared with or provided to them; and (2) Plaintiffs' Co-Liaison Counsel or members of the PSC with a legitimate need to examine Confidential Information in connection with settlement discussions execute the attached Addendum A and an executed copy is provided to Stephen J. Herman, James P. Roy, Calvin C. Fayard, Jr., Joseph F. Rice, and counsel for BP before any Confidential Information is shared with or provided to them.

Nothing contained in this Section shall prevent BP or the PSC from responding to compulsory process or otherwise making disclosures necessary to comply with applicable law, PROVIDED THAT, unless otherwise agreed to by the Parties, any person or entity legally compelled or required to disclose information regarding discussions, communications, exchanges, or documents held under this Agreement shall (a) object to that disclosure on the grounds of the existence of this Agreement; (b) give reasonable notice to the opposing party prior to the date that any such disclosure is made; and (c) use commercially reasonable efforts to cooperate with the opposing party in its efforts to obtain assurance that confidential treatment will be afforded to any disclosed information.

BP and the PSC, through authorized counsel, agree that Confidential Information exchanged or jointly produced during settlement discussions held under this Agreement shall be inadmissible and protected from disclosure, discovery, and use in any litigation or proceeding regarding claims that were or could have been brought or coordinated in MDL 2179 and/or the Limitation Action, PROVIDED THAT any Confidential Information obtained outside settlement discussions, communications, and exchanges of information, documents, data, proposals, and drafts — *e.g.*, through discovery, investigation, or other means authorized by the Federal Rules of Civil Procedure — will

---

[4] *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010*, MDL No. 2179 (E.D. La. Aug. 27, 2010) (Pretrial Order No. 6).

not be considered protected by this Agreement or inadmissible under Federal Rule of Evidence 408, even if such Confidential Information is also provided in connection with the settlement discussions contemplated herein. Nothing in this Section shall preclude a party and its authorized counsel from using its own materials in any manner they deem fit.

4. At the discretion of a party to this Agreement or upon the entry of a final judgment pursuant to a settlement finalized and completed through the discussions contemplated herein, a party may request the return of Confidential Information it provided. Within ten business days of such request, all persons or entities having received that Confidential Information shall return it and all copies thereof to counsel for the providing party and certify to that fact. The parties may agree in the future to a different disposition of Confidential Information, including any summaries and excerpts.

5. Violating the terms of this Agreement may subject the violator to such sanctions or other relief as deemed proper by an appropriate court.

6. The terms of this Agreement may be modified or waived only by a separate writing expressly modifying or waiving this Agreement and executed by BP, acting through authorized counsel, and the PSC.

_____
Stephen J. Herman
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
Date: June 21, 2011

_____
James P. Roy
DOMENGEAUX WRIGHT ROY & EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
Date: 6/21/2011

**Plaintiffs' Co-Liaison Counsel**
*MDL 2179*

_____
Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT, APC
519 Florida Avenue, SW
Denham Springs, Louisiana 70726
Office: (225) 664-4193
Telefax: (225) 664-6925
Date: June 21, 2011

_____
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9159
Telefax: (843) 216-9450
Date: 6/21/11

**Attorneys for MDL 2179** ~~Plaintiffs~~

PSC

_____
Richard C. Godfrey, P.C.
Wendy L. Bloom
Andrew B. Bloomer, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Date: _____ 6/21/11 _____

*Attorneys for BP p.l.c.,*
*BP America Production Company and*
*BP Exploration & Production Inc.*

## ADDENDUM A

The undersigned, _____, hereby acknowledges that he/she has been provided with a copy of the executed Settlement Discussion Confidentiality Agreement, has reviewed the executed Agreement, and agrees to abide by the terms and conditions of the executed Agreement. By signing this Addendum A, the undersigned consents to the jurisdiction of the United States District Court for the Eastern District of Louisiana in MDL 2179 (the "Court"). Furthermore, the undersigned understands that violating the terms of the executed Agreement may be subject the violator to such sanctions or other relief as deemed proper the Court.

Dated: _____

_____
(Signature)

_____
(Typed or Printed)