IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| This document relates to all actions. | * * * * * * | HONORABLE CARL J. BARBIER MAGISTRATE JUDGE SHUSHAN |
| Bon Secour Fisheries, Inc., *et al.,* individually and on behalf of themselves and all others similarly situated,   Plaintiffs, v. BP Exploration & Production Inc.; BP America Production Company; BP p.l.c.,   Defendants. | * * * * * * * * * * * | Civil Action No. 12-970 SECTION J HONORABLE CARL J. BARBIER MAGISTRATE JUDGE SHUSHAN |

**CLAIMS ADMINISTRATOR PATRICK JUNEAU AND THE
SETTLEMENT PROGRAM'S RESPONSE TO BP'S OBJECTION TO
<u>MOTION TO STRIKE REFERENCES TO SETTLEMENT COMMUNICATIONS</u>**

Patrick A. Juneau, Claims Administrator of the *Deepwater Horizon* Economic and Property Damages Settlement Agreement ("Claims Administrator"), and the *Deepwater Horizon* Court Supervised Settlement Program ("Settlement Program"), through their undersigned counsel, respectfully submit their response to BP's Motion to Strike References to Settlement Communications.

BP moves in part to strike the Claims Administrator and the Program's references to an April 4, 2012 memorandum drafted by PricewaterhouseCoopers LLP ("PwC"), and

1

Postlethwaite & Netterville, APAC, Settlement Program accountants.  In the April 4, 2012 memorandum, the Settlement Program Accountants provided Business Economic Loss Framework observations and recommendations to counsel for the Plaintiff's Steering Committee and counsel for BP.  The Claims Administrator and the Settlement Program referenced the April 4, 2012 memorandum in their Response to BP's Motion for Preliminary Injunction, and attached it as an exhibit, because they believe it is directly relevant to the issues that have been raised before this Court regarding the appropriate means of calculating Variable Profit under the BEL Framework in Section 4C of the Settlement Agreement.  Specifically, the April 4, 2012 memorandum demonstrates that, before the Settlement Agreement was preliminarily approved, the accountants who would be implementing the Agreement believed that the resulting calculations under the proposed BEL Framework would be impacted by "non-representative variable expenses," and that the resulting calculation could lead to a potentially inaccurate "matching" of revenue with expenses. *See* Ex. B(1) and C(1) to the Claims Administrator's Response, Rec. Doc. 9089.

BP argues that the April 4, 2012 memorandum and any reference thereto should be stricken from the record for a number of reasons.  First, BP asserts that any reference to that document violates the Settlement Discussion Confidentiality Agreement, which agreement requires the "Parties" to maintain the confidence of settlement discussions and exchanges of information.  Likewise, BP argues that reference to the memorandum violates Federal Rule of Evidence 408, which prohibits the use of "statement[s] made during compromise negotiations." But the Claims Administrator and the Settlement Program were not involved in the settlement

negotiations between the Parties, nor were they Parties to the Settlement Discussion Confidentiality Agreement and, therefore, cannot be deemed to be constrained by it.[1]

BP further asserts that reference to the April 4, 2012 memorandum is a violation of the Settlement Agreement's Merger and Integration clause, and that use of "settlement communications" violates the parol evidence rule. The law is clear that if the language of a written agreement is ambiguous, the court can consider parol evidence and all of the surrounding circumstances in an effort to determine the true intent of the parties. *Baudoin v. Mid-Louisiana Anesthesia Consultants, Inc.*, 306 F. App'x 188, 194 (5th Cir. 2009). BP correctly asserts that the Claims Administrator and the Settlement Program have never claimed that the Settlement Agreement's language in Exhibit 4C is ambiguous. In fact, the Settlement Program accountants, the Claims Administrator, and the Court are all in agreement as to the plain interpretation of the language at issue in Exhibit 4C. BP's argument, however, that the language of Exhibit 4C is unambiguous is curious, considering its own conflicting interpretation of the BEL Framework.[2] Indeed, the conflict between BP's January 8, 2013 position and Class Counsel's position on

---

[1] At the time they filed the April 4, 2012 memorandum as an exhibit, the Claims Administrator and the Settlement Program did not have a copy of the Settlement Discussion Confidentiality Agreement. The Claims Administrator and the Settlement Program filed the April 4, 2012 memorandum under seal in an abundance of caution so as not to disclose inadvertently any confidential information that the Court may deem protected. BP has now attached the confidentiality agreement as Exhibit 01 to its Objection and Motion to Strike. The Claims Administrator and the Settlement Program note, however, that the last sentence of paragraph 3 of that agreement states that "[n]othing in this Section shall preclude a party and its authorized counsel from using its own materials in any manner they deem fit." Since the April 4, 2012 memorandum is material generated by the Settlement Program accountants, it would appear that its use is entirely proper under the plain terms of that agreement.

[2] For instance, BP argues in its Objection and Motion to Strike that the terms of the Agreement are "unambiguous," so as to exclude "settlement communications" from the Court's purview; yet, in its motion for preliminary injunction, BP has submitted a 35-page memorandum and a significant amount of materials beyond the four corners of the Agreement to explain and interpret that "unambiguous" language. *See* BP's motion for preliminary injunction and exhibits thereto, Rec. Doc. 8964.

Exhibit 4C is what led to the Claims Administrator's January 15, 2013 Policy Announcement, which is a key issue in BP's motion. Accordingly, the Claims Administrator and the Settlement Program submit that the Court should have all relevant information before it when deciding this motion, including the April 4, 2012 memorandum that shows an awareness of these issues before the Settlement Agreement was approved.

The Claims Administrator and the Settlement Program assert that BP's Motion to Strike should be denied because the April 4, 2012 memorandum is admissible evidence that should form a part of the factual record to be considered by the Court.

Respectfully submitted,

*/s/ Gina M. Palermo*
Richard C. Stanley, 8487
Jennifer L. Thornton, 27019
Gina M. Palermo, 33307
Patrick H. Fourroux, 34550
    Of
STANLEY, REUTER, ROSS,
 THORNTON & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone:   (504) 523-1580
Facsimile:   (504) 524-0069

*Attorneys for Deepwater Horizon Court Supervised Settlement Program and Patrick A. Juneau, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program administering the Deepwater Horizon Economic and Property Damages Settlement Agreement, and in his official capacity as Trustee of the Deepwater Horizon Economic and Property Damages Settlement Trust*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 4th day of April, 2012, I electronically filed the foregoing Response with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                                        */s/ _Gina M. Palermo_*