IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 <br><br> SECTION J |
| This document relates to No. 12-970. | * * * * * * * * | HONORABLE CARL J. BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF MOTION PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 8(a)(1) FOR A STAY AND INJUNCTION PENDING APPEAL FROM THIS COURT'S MARCH 5, 2013 ORDER ON <u>REVIEW OF ISSUE FROM PANEL, REC. DOC. 8812</u>**

*COUNSEL FOR MOVING PARTIES ARE LISTED AT END OF MEMORANDUM*

Pursuant to Federal Rule of Appellate Procedure 8(a)(1), BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") hereby file this Memorandum in Support of their Motion for a Stay and Injunction Pending Appeal from this Court's March 5, 2013 Order on Review of Issue from Panel, Rec. Doc. 8812 ("March 5 Order"). Rule 8 requires BP to "move first in the district court" for a stay of the March 5 Order pending appeal, Fed. R. App. P. 8(a)(1)(A), and for an injunction against any payments from the Court Supervised Settlement Program which rely upon the Claims Administrator's erroneous interpretation of the business economic loss ("BEL") framework, *id.* 8(a)(1)(C).

The party seeking a stay or injunction pending appeal must show: "(1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay." *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986); *see also Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). A movant can satisfy the first of these criteria even where it has failed to persuade the district court that it should win the case. On this point, the Fifth Circuit has explained that "[w]hile each part must be met, the appellant need not always show a 'probability' of success on the merits; instead, the movant need only present a ***substantial case on the merits*** when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001) (quotation omitted; emphasis added); *see also Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011) ("All courts agree that plaintiff must present a prima facie case but need not show that he is certain to win.") (quoting WRIGHT & MILLER, 11A FEDERAL PRACTICE & PROCEDURE § 2948.3 (2d ed. 1995)). It is fully consistent with this standard for a district court to enter a stay or grant injunctive relief even after

---

ruling against the moving party on the merits. Obviously, if that were not the case, it would make no sense for Rule 8 to impose a requirement on appellants to first seek a stay or injunction pending appeal from the district court, since such motions would invariably have to be denied and the request for such district court relief would thus be rendered an empty formalism.

The current action satisfies all four of the factors for the grant of a stay and injunctive relief pending appeal. BP has explained in detail how its interpretation of the Economic & Property Damages Settlement Agreement at the very least presents "a substantial case on the merits" and involves "a serious legal question." BP's Memorandum in Support of Emergency Motion for a Preliminary Injunction, Rec. Doc. 8964-1 (filed Mar. 15, 2013, docketed Mar. 20, 2013) ("PI Memorandum"). BP incorporates by reference herein the arguments contained in the PI Memorandum and all supporting factual materials including declarations submitted in support of the requested preliminary injunction relief.

As amply demonstrated in those materials submitted to the Court, BP has made more than a *prima facie* case that it is entitled to injunctive relief from the Claims Administrator's exceptionally important misinterpretation of the Settlement Agreement, which leads to absurd results and conflicts with the plain meaning of the Agreement's text. *Id.* at 10-29. BP will also suffer irreparable injury because of the impracticability of recouping funds paid in error under the Claims Administrator's interpretation. *Id.* at 30-32. Granting a stay pending appeal will inflict little or no harm on claimants, as they are not harmed by forgoing undeserved payments, *id.* at 32-34, and because BP is filing a motion to expedite its appeal with the Fifth Circuit. Finally, the public interest is best served by ensuring a correct interpretation of the Settlement Agreement and preserving funds for claimants who have suffered compensable losses.

For the foregoing reasons, this Court should grant BP's request for an injunction and stay

pending appeal that prohibits further payments in reliance on the Claims Administrator's January 15, 2013 policy decision regarding BEL calculations and stays the effectiveness of this Court's March 5 Order. A proposed form of order is included with this filing. It includes an alternative form of relief that the Court could opt to grant.

April 4, 2013                                      Respectfully submitted,

                                                  */s/ Richard C. Godfrey, P.C.*

| | |
|---|---|
| James J. Neath | Richard C. Godfrey, P.C. |
| Mark Holstein | J. Andrew Langan, P.C. |
| BP AMERICA INC. | Wendy L. Bloom |
| 501 Westlake Park Boulevard | Andrew B. Bloomer, P.C. |
| Houston, TX  77079 | R. Chris Heck |
| Telephone:  (281) 366-2000 | KIRKLAND & ELLIS LLP |
| Telefax:  (312) 862-2200 | 300 North LaSalle Street |
| | Chicago, IL 60654 |
| Theodore B. Olson | Telephone:  (312) 862-2000 |
| Miguel A. Estrada | Telefax:  (312) 862-2200 |
| Thomas G. Hungar | |
| GIBSON, DUNN & CRUTCHER LLP | Jeffrey Bossert Clark |
| 1050 Connecticut Avenue, N.W. | Steven A. Myers |
| Washington, DC  20036 | KIRKLAND & ELLIS LLP |
| Telephone:  (202) 955-8500 | 655 Fifteenth Street, N.W. |
| Telefax: (202) 467-0539 | Washington, D.C. 20005 |
| | Telephone:  (202) 879-5000 |
| Daniel A. Cantor | Telefax:  (202) 879-5200 |
| Andrew T. Karron | |
| ARNOLD & PORTER LLP | */s/ S. Gene Fendler* |
| 555 Twelfth Street, NW | S. Gene Fendler (Bar #05510) |
| Washington, DC 20004 | Don K. Haycraft (Bar #14361) |
| Telephone:  (202) 942-5000 | R. Keith Jarrett (Bar #16984) |
| Telefax:  (202) 942-5999 | LISKOW & LEWIS |
| | 701 Poydras Street, Suite 5000 |
| Jeffrey Lennard | New Orleans, Louisiana 70139 |
| Keith Moskowitz | Telephone:  (504) 581-7979 |
| SNR DENTON | Telefax:  (504) 556-4108 |
| 233 South Wacker Drive | |
| Suite 7800 | Robert C. "Mike" Brock |
| Chicago, IL  60606 | COVINGTON & BURLING LLP |
| Telephone:  (312) 876-8000 | 1201 Pennsylvania Avenue, NW |
| Telefax:  (312) 876-7934 | Washington, DC 20004 |
| | Telephone:  (202) 662-5985 |
| *OF COUNSEL* | Telefax:  (202) 662-6291 |

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION COMPANY, AND BP P.L.C.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of April, 2013.

                                                  /s/ S. Gene Fendler
                                                  S. Gene Fendler