UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG            CIVIL ACTION
"DEEPWATER HORIZON" in the GULF
OF MEXICO ON April 20, 2010               NO.  10-MD-2179

                                          JUDGE BARBIER

*(As It Pertains to John D. Naples v. BP*    MAGISTRATE JUDGE SHUSHAN
*Exploration Inc., et al*
*Civil Action #12-cv-2564))*

## ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant, Nature's Way

Marine, LLC (hereinafter "Nature's Way"), who, on information and belief and in answer to

the Complaint of John D. Naples, avers as follows:

## FIRST DEFENSE

The Complaint fails to state a claim or cause of action against Nature's Way upon

which relief can be granted.

## SECOND DEFENSE

The Complaint makes no allegations of fault against Nature's Way.

## THIRD DEFENSE

Now answering the particular allegations of the Complaint, Nature's Way avers as

follows:

For lack of sufficient information to justify a belief therein, the allegations of Articles

1, 3, 4, 5, 6, 7, 8, 9, 18, 21, 22, 23, 24, 25, 26, 27, 28, 28, 30, 31, 34, 35, 36, 37, 38, 39,

42, 43, 44, 45, 47, 48, 49, 53, 54 and 78 are denied;

Nature's Way denies the allegations of Articles 2, 20, 41, 46, 55, 59 and 73;

In response to Article 10, Nature's Way admits that it is an Alabama limited liability company with its primary business address at Theodore, Alabama;

Nature's Way denies the allegations of Articles 40, 52, 57, 58 and 68 to the extent such allegations pertain to Nature's Way;

The allegations of Articles 11, 12, 13, 154 and 19 contain legal conclusions for which no answer is required; however, if an answer is required, Nature's Way denies such allegations;

The allegations of Articles 15, 16, 17, 32, 33, 50, 61, 62, 63, 64, 65, 66, 67, 70, 71, 72, 75, 76, 77 and 79 contain legal conclusions which are not directed to this defendant; thus, no response is required from Nature's Way.

## FOURTH DEFENSE

Nature's Way denies that plaintiff is a seaman as to Nature's Way.  Nature's Way denies that it owed any duty to plaintiff in any capacity.

## FIFTH DEFENSE

Nature's Way denies that it owned, operated and/or controlled any of the vessels to which plaintiff was assigned; thus, Nature's Way did not owe a warranty of seaworthiness for any other responsibility to plaintiff with regard to such vessels.

## SIXTH DEFENSE

Nature's Way specifically denies that the injuries alleged by plaintiff were the result of any negligence or fault on the part of Nature's Way or the breach of any legal duty owed by Nature's Way.

## SEVENTH DEFENSE

Any injuries and/or damages sustained by plaintiff were not the result of any actions or inactions on the part of Nature's Way; rather, such injuries and damages, if any, were the result of the actions and/or inactions or parties for whom Nature's Way is not responsible.

## EIGHTH DEFENSE

As an absolute defense to the claims of plaintiff, Nature's Way pleads the benefits of all immunities available under state law, federal law and the general maritime law.

## NINTH DEFENSE

Nature's Way specifically pleads, without limitation, all immunities, limitations of liability and other defenses available under the Oil Pollution Act (33 USC §2701. *et seq.*) and the Federal Water Pollution Control Act (33 USC §1311 *et seq.*)

## TENTH DEFENSE

Nature's Way specifically pleads, without limitation, all immunities, limitations of liability and other defenses available under the Louisiana Oil Spill Prevention and Response Act (La.  R. S. 30:2451 *et seq.*).

## ELEVENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## TWELFTH DEFENSE

Plaintiff's medical condition, impairment or damages, if any, are the result of his prior physical condition and/or injuries and are unrelated to any events or exposures he may have sustained during the brief period the motor vessel of the M/V JAKE RYAN performed services on behalf of Nature's Way.

## THIRTEENTH DEFENSE

In the alternative, plaintiff's medical condition, impairment and damages, if any, are the result of subsequent events and/or exposures unrelated to any events or exposures he may have sustained during the brief period the motor vessel of the M/V JAKE RYAN performed services on behalf of Nature's Way.

## FOURTEENTH DEFENSE

In the alternative, Nature's Way avers that it is entitled to limit its liability to the amount or value of its interest in the M/V JAKE RYAN at the time of the alleged incident/exposure.

## FIFTEENTH DEFENSE

Having designated this matter as an admiralty claim within the meaning of Rule 9(h) for the Federal Rules of Civil Procedure, plaintiff is not entitled to a trial by jury.

Respectfully submitted:

**s/André J. Mouledoux**
ANDRÉ J. MOULEDOUX (Bar #9778)
DANIEL J. HOERNER (Bar #21706)
ADAM P. SANDERSON (Bar #31312)
Mouledoux, Bland, Legrand & Brackett, LLC
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: 504-595-3000
Facsimile:  504-522-2121
E-Mail: amouledoux@mblb.com
Attorney for Defendant, Nature's Way Marine, LLC
Answer.wpd

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None

**<u>s/André J. Mouledoux</u>**