UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | JUDGE BARBIER |
| This Document applies to:<br>*Docket No. 2:10-cv-08888 and*<br>*Docket No. 2:10-cv-02771* | MAGISTRATE SHUSHAN |

**TRANSOCEAN'S RESPONSE IN OPPOSITION TO
CLAIMANT N&N CONSTRUCTION, LLC'S
MOTION FOR LEAVE TO FILE CLAIM IN LIMITATION
BEYOND THE MONITION DATE**
_____

COME NOW Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively "Transocean"), by and through undersigned counsel, and respectfully submits this Response in Opposition to Claimant N&N Construction, LLC's ("N&N") Motion for Leave to File Claim in Limitation Beyond the Monition Date.  In support of its Response in Opposition, Transocean would respectfully show as follows:

**BACKGROUND**

The Transocean entities are Petitioners in Limitation in the above referenced action.  On May 13, 2010, May 26, 2010, and June 14, 2010, Judge Ellison issued his Order, Amended Order, and Second Amended Order, respectively, directing Claimants to file and make proof of claims requiring all persons claiming damages arising out of the *Deepwater Horizon* incident to file their claims with the Court by November 15, 2010.  This deadline was subsequently

extended by this Court, following the transfer of the Limitation Action to the Eastern District of Louisiana, to April 20, 2011.  **Rec. Doc. 569**.

On April 28, 2011, Transocean filed its Exparte Motion for Order Noting Defaults.  **Rec. Doc. 2182**.  Initially, a ruling on Transocean's Motion for Order Noting Defaults was deferred by the Court.  Subsequently, this Court extended the filing date for Short Form Joinder forms to September 16, 2011, over 15 months after the filing of this limitation action.  The minute entry from the Court's Status Conference of September 16, 2011 reflects as follows:

> The Court reported on Transocean's pending Motion for Order Noting Entry of Default (**Rec. Doc. 2182**).  Following comment and clarification from counsel, the Court stated it would GRANT effective after this date (September 16, 2011).  The Court will allow claims filed on this date or earlier, regardless of whether leave of Court was sought to file after the April 20, 2011 monition date.  The Court will issue an Order to this effect.

**Rec. Doc. 4041 at 2.**  And finally, on September 19, 2011, the Court issued its Order Noting Defaults Relative to Civil Action No. 10-2771.  **Rec. Doc. 4061**.  This Order provides as follows:

> IT IS FURTHER ORDERED THAT THE DEFAULT of all
> persons or corporations claiming damages against Petitioners
> Transocean Offshore Deepwater Drilling Inc., Transocean
> Holdings LLC, Transocean Deepwater Inc. and Triton Asset
> Leasing GmbH and their underwriters, for any and all loss,
> damage, injury, or death caused by or resulting from the Incident
> of April 20, 2010, and not having filed a claim in the aforesaid
> proceedings on or before September 16, 2011 are HEREBY
> NOTED.

**Rec. Doc. 4061 at 2**. Trial on the liability phase of the limitation case commenced on February 25, 2013.

N&N filed its Motion for Leave to File Claim in Limitation Beyond the Monition Date on March 26, 2013, eighteen months after the extended filing date for Short Form Joinder forms. In its Motion, N&N admits that it retained counsel in August, 2012, and that it was also advised by counsel that it should become a party to the Transocean limitation proceedings.  N&N did not

promptly file its claim at that time, but waited a full seven months later to file its Motion and Short Form claim. Transocean respectfully submits that N&N's Motion should be denied because N&N has failed to meet the requisite "good cause" showing for the filing of its late claim. Accordingly, its Short Form Joinder should be stricken from Docket 2:10-cv-08888.

### RULE F(4) STANDARD

Supplemental Admiralty Rule F gives a district court discretion to allow a party to file a claim in limitation proceedings after the claims bar date has passed. Specifically, Rule F(4) of the Supplemental Rules provides, in part, that "for cause shown, the court may enlarge the time in which claims may be filed." FED. R. CIV. P. Supp. F(4). The decision to deny Claimants the opportunity to file and serve untimely claims and answers in a limitation action is reviewed for an abuse of discretion. *Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 371 (5th Cir. 1990). "The instances in which we can declare that the action is so lacking in reason as to constitute an abuse of discretion will be, as they have been, rare indeed." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1963).

### ARGUMENT

In *Golnay Barge Co. v. M/V SHINOUSSA*, 980 F.2d 349 (5th Cir. 1993) (*per curium*) and *Texas Gulf Sulphur Co., supra,* the Fifth Circuit established guide-posts to assist district courts in exercising their discretion to allow or refuse late claims under Rule F. A district court ruling on a motion to file a late claim in a limitation proceeding should consider (1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of the parties; and (3) the claimant's reasons for filing late. *Golnay*, 980 F.2d at 351. "Relief from the tardy claim is not a matter of right – it depends on an equitable showing." *Id.* (*quoting Texas Gulf Sulphur*, 313 F.2d at 363).

In this instance, it is not necessary for the Court to consider the first two *Golnay/Gulf Sulphur* factors because N&N has failed to submit competent evidence reciting its reasons for its late claim. Specifically, it has submitted no affidavit in support of the allegations set forth in its Motion and accompanying Memorandum. In addition, even if N&N's papers are deemed competent evidence, they reflect on their face a failure to show good cause. N&N's Motion states that "it retained counsel in August, 2012, after the extended Short Form filing deadline, that on advice of counsel Claimant should become party to the Transocean Limitation Proceeding. . . ." Motion at 1. In its Memorandum, N&N similarly alleges that "Claimant did not retain counsel and was unaware of its rights in the Transocean limitation proceeding until almost one year after the passage of the September 16, 2011 extended deadline for filing a Short Form Joinder." Memorandum at 1-2. Taken together, its filing papers confirm that, even after it retained counsel in August, 2012, and was advised of the Court's deadlines and its rights, N&N still waited another seven months before it filed its Motion and Short Form Joinder form. Thus, N&N's Motion reflects on its face that N&N has been dilatory in filing its claim, and thus lacks good cause as a matter of law.

In *River City Towing Services, Inc.*, 2005 A.M.C. 2083 (5th Cir. 2005), the Court of Appeals for the Fifth Circuit addressed the third *Gulf Sulphur* factor in affirming a denial of leave to file a late claim, noting as follows:

> This Court has held that "a district court ruling on a motion to file a late claim, should consider . . . the claimant's reasons for filing late." *Golnay Barge Co. v. M/T SHINOUSSA*, 1993 A.M.C. 2678, 2680, 980 F.2d 349, 351 (5th Cir. 1993). The treatise relied upon in *Gulf Sulphur* states: "So long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the Court will freely grant permission to file late claims, upon ***an affidavit reciting the reasons*** for the failure to file within the time limit." 3-VIII *Benedict On Admiralty* § 83 (7th ed. 2002) (emphasis added). While permission to file late is subject to an equitable analysis of these factors, this Court's

4

> precedent clearly requires that late filers demonstrate their reasons
> with evidence. *Lloyd's Leasing*, 902 F.2d at 371.

*Id.* at 2085 (emphasis in original).

N&N has failed to submit a competent affidavit reciting the reasons for its failure within the time limit and thus N&N's Motion should be denied. Furthermore, even if taken at face value as competent evidence under *River City Towing*, the papers which N&N has filed constitute admissions that, even after being advised of its rights and obligations when it retained counsel in August, 2012, N&N still failed to promptly act and file its Motion and claim at that time, instead choosing to wait seven months later to file its claim, after trial of this action had already commenced. This cannot be good cause sufficient to allow a late claim. *Trace Marine Inc. Limitation Proceedings*, 2005 A.M.C. 601, 606 [LTD] (5th Cir. 2004) ("Notwithstanding the claimants' failure to meet the original deadline, Koine waited an additional three and one-half months after the interdiction of Poche before she filed the motion for leave on September 26, 2003, and provided no further explanation for her additional three and one-half month's tardiness.")

## CONCLUSION

Transocean respectfully submits that N&N's Motion for Leave to File Claim in Limitation Beyond the Monition Date be in all things DENIED, and that its Short Form Joinder form be stricken from No. 10-8888.

Respectfully submitted,

                                                                    */s/* Kerry J. Miller

| | |
|---|---|
| Steven L. Roberts | Kerry J. Miller |
| Rachel Giesber Clingman | Frilot, L.L.C. |
| Sean D. Jordan | 1100 Poydras Street, Suite 3700 |
| Sutherland Asbill & Brennan LLP | New Orleans, Louisiana 70163 |
| 1001 Fannin Street, Suite 3700 | Telephone: (504) 599-8169 |
| Houston, Texas 77002 | Facsimile: (504) 599-8154 |

Telephone: (713) 470-6100
Facsimile:  (713) 354-1301
steven.roberts@sutherland.com,
rachel.clingman@sutherland.com
sean.jordan@sutherland.com

Brad D. Brian
Michael R. Doyen
Lisa Demsky
Daniel B. Levin
Susan E. Nash
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
brad.brian@mto.com,
michael.doyen@mto.com
lisa.demsky@mto.com
daniel.levin@mto.com
susan.nash@mto.com

John M. Elsley
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
john.elsley@roystonlaw.com

kmiller@frilot.com


Edwin G. Preis, Jr.
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
egp@preisroy.com

*Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of April, 2013, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Kerry J. Miller