# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179 <br> Section: J |
| This filing relates to: *All Cases* | * * | District Judge Carl J. Barbier |
| (Including Civil Action No. 12-970) | * | Magistrate Judge Shushan |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ORDER

**[Regarding Appointment of Adjudicator for Resolution of Attorney Fee Lien Disputes]**

**CONSIDERING** the request by Patrick A. Juneau, the Claims Administrator of the Economic and Property Damages Settlement (the "Claims Administrator"), for entry of an Order in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012 and approved on December 21, 2012) (the "Settlement Agreement"), and being fully apprised, **IT IS HEREBY ORDERED** as follows:

    1.    *Appointment of Attorney Liens Adjudicator.*

    (a)    The Court appoints Judge Jerry A. Brown of the United State Bankruptcy Court for the Eastern District of Louisiana as the Attorney Liens Adjudicator ("Adjudicator") over disputes regarding attorney fee liens filed against payments to be made by the Claims Administrator to eligible claimants under the Settlement Agreement. This Appointment is made pursuant to the terms of the Settlement Agreement and the inherent authority of the Court.

    (b)    If the appointed Adjudicator should need to be replaced due to incapacitation by death or illness (including mental health illness) or dereliction of responsibility, or he or she is unable to perform the role of Adjudicator in accordance with the terms of this Order, and upon a showing of cause to the Court, the Claims Administrator shall recommend candidate(s) to the Court for a replacement and the Court shall make any necessary appointment. In the event that the Adjudicator recuses himself from a case, the Court will appoint a substitute Adjudicator for that dispute.

**2.** *Third Party Claims Dispute Resolution Process as to Attorney Fee Liens.* The Adjudicator shall resolve disputes over attorney fee liens as part of the Claims Administrator's Third Party Claims Process in an orderly, transparent, and timely manner.

**3.** *Duties of the Adjudicator.*

(a) The Adjudicator shall resolve disputes over attorney fee liens and shall issue a final written decision resolving the dispute. The Adjudicator's decision resolving the dispute shall be final and binding on the Third Party Claimant, the Claimant and the Claims Administrator.

(b) The Adjudicator shall send a copy of the final decision to the Claims Administrator. The Claims Administrator will make payments to the Third Party Claimant and/or the Claimant according to the provisions of the Settlement Agreement and Court Orders regarding settlement implementation, including the First Amended Court Approved Procedure Order No. 1 regarding Third Party Claims and the June 15, 2012 Order setting limits on individual attorneys' fees.

(c) The Adjudicator shall, upon request of the Court, report regarding matters relating to the operation of the Third Party Claims Dispute Resolution Process as to Attorney Fee Liens.

(d) The Adjudicator shall have the authority to take all appropriate measures to perform the assigned duties.

**4.** *Immunity.* The Adjudicator shall have the same immunity as judges for his actions as the Adjudicator.

**5.** *Jurisdiction.* This Court retains exclusive jurisdiction over the Third Party Claims Dispute Resolution Process described in this Order to supervise its operation and to enforce all decisions and awards made by the Adjudicator, as necessary.

New Orleans, Louisiana this 8th day of April, 2013.

_____
CARL J. BARBIER
U.S. District Judge