UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig
"Deepwater Horizon" in the
Gulf of Mexico, on
April 20, 2010

This document relates to: No.:2:13-cv-00456-CJB-SS

MDL No. 2179

Section: J

Judge Barbier
Mag. Judge Shushan

## ANSWER AND AFFIRMATIVE DEFENSES

Comes now, Knight's Marine & Industrial Services, Inc., by and through their counsel of record, Franke & Salloum, LLC, and files this their Answer and Affirmative Defenses to the Plaintiff's Complaint and as grounds therefore would show unto the Court the following, to wit:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed for lack of personal jurisdiction over this Defendant.

### THIRD DEFENSE

The Complaint should be dismissed on the grounds of improper venue.

### FOURTH DEFENSE

The Complaint should be dismissed because of insufficiency of process.

### FIFTH DEFENSE

The Complaint should be dismissed because of insufficiency of service of process.

### SIXTH DEFENSE

The Complaint should be dismissed for failure to join all necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## SEVENTH DEFENSE

The Complaint should be dismissed under the doctrine of election of remedies.

## EIGHTH DEFENSE

The Defendant affirmatively asserts the doctrine of *forum non conveniens* on the basis that there is a more convenient venue for this litigation. The Defendant further disputes that this matter should be included in the Multi-District Litigation currently pending in the Eastern District of Louisiana.

## NINTH DEFENSE

And now, in answer to the Complaint, paragraph by paragraph, the Defendant would state as follows, to-wit:

1. The Defendant admits the allegations of Paragraph 1 of the Complaint.

2. The Defendant denies the allegations of Paragraph 2 of the Complaint.

3. The Defendant admits the allegations of Paragraph 3 of the Complaint.

4. The Defendant denies the allegations of Paragraph 4 of the Complaint.

5. The Defendant denies the allegations of Paragraph 5 of the Complaint.

6. The Defendant denies the allegations of Paragraph 6 of the Complaint.

7. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint. Accordingly, such allegations are denied.

8. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint. Accordingly, such allegations are denied.

9. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

10. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

11. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

12. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

13. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

14. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

15. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

16. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

17. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

18. The Defendant denies the allegations of Paragraph 18 of the Complaint.

19. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

20. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

21. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint other than the information available to the general public. Accordingly, this Defendant denies those specific allegations.

22. The Defendant denies the allegations of Paragraph 22 of the Complaint.

23. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint. The Defendant denies any allegations of Paragraph 23 by which the Plaintiff may seek to impose liability upon it.

24. Except to admit that the Plaintiff was briefly employed by this Defendant to assist in the oil spill cleanup response, the Defendant denies the allegations of Paragraph 24 of the Complaint.

25. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations of Paragraph 25 of the Complaint. Accordingly, such allegations are denied.

26. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations of Paragraph 26 of the Complaint. Accordingly, such allegations are denied.

27. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations of Paragraph 27 of the Complaint. Accordingly, such allegations are denied.

28. The Defendant denies the allegations of Paragraph 28 of the Complaint.

29. The Defendant denies the allegations of Paragraph 29 of the Complaint.

30. The Defendant denies the allegations of Paragraph 30 of the Complaint.

31. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations of Paragraph 31 of the Complaint. The Defendant denies any allegations of Paragraph 31 by which the Plaintiff may seek to impose liability upon it.

32. The Defendant denies the allegations and abstract legal conclusions of Paragraph 32 and all subparagraphs thereunder.

33. The Defendant denies the allegations and abstract legal conclusions of Paragraph 33 of the Complaint.

34. In response to Paragraph 34, the Defendant adopts all of its admissions, denials and affirmative defenses set forth above.

35. The Defendant denies the allegations and abstract legal conclusions of Paragraph 35 of the Complaint.

36. The Defendant denies the allegations and abstract legal conclusions of Paragraph 36 of the Complaint.

37. The Defendant denies the allegations and abstract legal conclusions of Paragraph 37 of the Complaint.

38. The Defendant denies the allegations and abstract legal conclusions of Paragraph 38 of the Complaint. It is specifically denied that the Plaintiff is entitled to any damages or relief from this Defendant whatsoever.

39. In response to Paragraph 39, the Defendant adopts all of its admissions, denials and affirmative defenses set forth above.

40. The Defendant denies the allegations and abstract legal conclusions of Paragraph 40 of the Complaint.

41. The Defendant denies the allegations and abstract legal conclusions of Paragraph 41 and all subparagraphs thereunder.

42. The Defendant denies the allegations and abstract legal conclusions of Paragraph 42 of the Complaint. It is specifically denied that the Plaintiff is entitled to any damages or relief from this Defendant whatsoever.

43. In response to Paragraph 43, the Defendant adopts all of its admissions, denials and affirmative defenses set forth above.

44. The Defendant denies the allegations and abstract legal conclusions of Paragraph 44 of the Complaint.

45. The Defendant denies the allegations and abstract legal conclusions of Paragraph 45 of the Complaint.

46. The Defendant denies the allegations and abstract legal conclusions of Paragraph 46 of the Complaint.

47. The Defendant denies the allegations and abstract legal conclusions of Paragraph 47 of the Complaint.

48. The Defendant denies the allegations and abstract legal conclusions of Paragraph 48 and all subparagraphs thereunder.

49. The Defendant denies the allegations and abstract legal conclusions of Paragraph 49 and all subparagraphs thereunder.

50. The Defendant denies the allegations and abstract legal conclusions of Paragraph 50 of the Complaint.

51. The Defendant denies the allegations and abstract legal conclusions of Paragraph 51 of the Complaint. It is specifically denied that the Plaintiff is entitled to any damages or relief from this Defendant whatsoever.

52. In response to Paragraph 52, the Defendant adopts all of its admissions, denials and affirmative defenses set forth above.

53. The Defendant denies the allegations and abstract legal conclusions of Paragraph 53 of the Complaint.

54. The Defendant denies the allegations and abstract legal conclusions of Paragraph 54 of the Complaint.

55. The Defendant denies the allegations and abstract legal conclusions of Paragraph 55 of the Complaint. It is specifically denied that the Plaintiff is entitled to any damages, either compensatory or punitive, from this Defendant whatsoever.

56. The Defendant denies the allegations and abstract legal conclusions of Paragraph 56 of the Complaint. It is specifically denied that the Plaintiff is entitled to any damages or other relief from this Defendant whatsoever.

57.     The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint. The Defendant denies any allegations of Paragraph 57 by which the Plaintiff may seek to impose liability upon it.

58.     The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint. The Defendant denies any allegations of Paragraph 58 by which the Plaintiff may seek to impose liability upon it.

59.     The Defendant denies the allegations and abstract legal conclusions of Paragraph 59 of the Complaint. It is specifically denied that the Plaintiff is entitled to any damages or other relief from this Defendant whatsoever.

60.     The Defendant denies the allegations and abstract legal conclusions of Paragraph 60 of the Complaint. It is specifically denied that the Plaintiff is entitled to any damages, either compensatory or punitive, from this Defendant whatsoever.

61.     The allegations and demand for relief set forth in the unnumbered Paragraph which begins "Wherefore, Plaintiff demands…" and all subparagraphs thereunder are denied. It is specifically denied that the Plaintiff is entitled to any damages or other relief from this Defendant whatsoever.

And now, having fully answered the allegations of the Complaint, paragraph by paragraph, the Defendant further states as follows:

### TENTH DEFENSE

The Defendant affirmatively asserts that the Plaintiff's claims are barred by the exclusive remedy provision of 33 U.S.C. § 905(a).

### ELEVENTH DEFENSE

Alternatively, the Defendant affirmatively asserts that the Plaintiff's claims are barred by the exclusive remedy provision of Miss. Code Ann. § 71-3-9 (1972).

### TWELFTH DEFENSE

Any damages sustained by the Plaintiff on the occasions sued upon were caused in whole or in part by the negligence or fault or want of care on the part of the Plaintiff, and/or others and not by any negligence, fault, or want of care on the part of the Defendant or anyone for whom this Defendant is responsible.

### THIRTEENTH DEFENSE

The Defendant affirmatively asserts that the damages alleged in the Plaintiff's Complaint were not reasonably foreseeable.

### FOURTEENTH DEFENSE

The Defendant affirmatively asserts that the Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTEENTH DEFENSE

The Defendant affirmatively asserts that the Plaintiff's claims are barred by res judicata and collateral estoppel.

### SIXTEENTH DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

### SEVENTEENTH DEFENSE

The Defendant affirmatively asserts that no alleged act or omission committed by it proximately caused or contributed to the Plaintiff's damages as alleged in the Complaint.

### EIGHTEENTH DEFENSE

The Defendant affirmatively asserts that the Plaintiff's injuries and/or physical conditions are the result of pre-existing conditions, injuries, lesions, or illnesses.

### NINETEENTH DEFENSE

The Defendant affirmatively asserts that the Plaintiff failed to mitigate his damages.

### TWENTIETH DEFENSE

The Defendant affirmatively asserts the defenses of set-off, recoupment, payment and release, and further asserts that it is entitled a credit for any and all monies paid to the Plaintiff by another defendant, any other responsible party or from any other source as compensation for alleged damages.

### TWENTY-FIRST DEFENSE

The Defendant affirmatively asserts that it committed no negligence or wrongful acts or omissions whatsoever which proximately caused or contributed to the Plaintiff sustaining any damages whatsoever, and that, at all times, the Defendant acted in a good faith and reasonable manner.

### TWENTY-SECOND DEFENSE

That the sole proximate cause of the Plaintiff's damages, if any, was the negligence of the Plaintiff.

### TWENTY-THIRD DEFENSE

That, in the alternative, if the negligence of the Plaintiff was not the sole proximate cause of his damages, if any, said negligence was a contributing cause of his damages, if any.

### TWENTY-FOURTH DEFENSE

That the sole proximate cause of the Plaintiff's damages, if any, was the negligence of third parties for whom this Defendant is not vicariously liable.

### TWENTY-FIFTH DEFENSE

That, in the alternative, the negligence of others for whom this Defendant is not vicariously liable was a proximate contributing cause of the Plaintiff's damages, if any.

### TWENTY-SIXTH DEFENSE

That the sole proximate cause of the Plaintiff's damages, if any, was a pre-existing disease, condition or lesion.

### TWENTY-SEVENTH DEFENSE

This Defendant affirmatively pleads that it is entitled to an apportionment between all parties, nonparties, settling parties, or any other entities or individuals whose negligence may have contributed in any way to cause the Plaintiff's injuries, if any.

### TWENTY-EIGHTH DEFENSE

The Defendant alleges that it might be entitled to contractual indemnity, defense, and/or contribution from one or more parties.

### TWENTY-NINTH DEFENSE

The Defendant alleges that it has no knowledge whatsoever of the subject incident and injuries, nor did it receive any notice whatsoever of the Plaintiff's alleged injuries at the time they allegedly occurred.

### THIRTIETH DEFENSE

The Defendant affirmatively asserts that actions for which this Defendant is not legally responsible and over which this Defendant had no control are the superseding and/or intervening causes of the Plaintiff's alleged damages, and, therefore, Plaintiff may not recover from this Defendant as a matter of law.

### THIRY-FIRST DEFENSE

The injuries of the Plaintiff, if any, were caused by or contributed to by his own negligence, particularly inattention to duty and other faults all of which will be proven during the trial of this matter, which fault should act as a complete bar or in the alternative, as a mitigating factor, to any recovery by the Plaintiff of damages herein.

### THIRTY-SECOND DEFENSE

Further answering, the Plaintiff's alleged injuries, if any, which are specifically and expressly denied, were neither caused by nor contributed to by this Defendant, nor anyone for whom it could or may have been responsible for herein. Rather, said injuries, which again are specifically and expressly denied, were caused by the negligence and fault of other parties and concerns.

### THIRTY-THIRD DEFENSE

Any alleged injuries or alleged damages which may have been sustained by the Plaintiff are due to risk incidental to his duty or employment, or were voluntarily assumed by the Plaintiff and do not involve circumstances for which the defendant could be held liable.

### THIRTY-FOURTH DEFENSE

The Plaintiff's injuries, if any, which are specifically and expressly denied, were caused by his own failure to perform a duty imposed on him by his employment, which he created and

consciously assumed as a term of his employment and knowingly violated, which failure should act as a complete bar or in the alternative, as a mitigating factor to any recovery by the Plaintiff for damages herein. The Defendant specifically alleges that the Walker-Reinhart Doctrine (primary duty doctrine) should apply to the alleged claims for injuries of the Plaintiff.

### THIRTY-FIFTH DEFENSE

If the Plaintiff sustained any injury or disability, which is again specifically and expressly denied, such injury or disability occurred as a result of a condition or conditions of his body pre-existing his employment or occurring subsequent thereto, in whole or in part, for which the Defendant is not responsible.

### THIRTY-SIXTH DEFENSE

At all pertinent times the Defendant conducted its affairs in a safe and lawful manner, adhering to State and Federal guidelines, laws and regulations, industry standards, rules and regulations and accepted practices of the industry, both locally and nationally, and was free from fault, negligence, gross negligence, strict liability or any other culpable conduct.

### THIRTY-SEVENTH DEFENSE

The Defendant specifically denies the claim for punitive and exemplary damages because it has not been callous, wanton and in bad faith, nor has the Defendant wrongfully withheld maintenance and cure payments.

### THIRTY-EIGHTH DEFENSE

The Defendant specifically denies the claim for punitive and exemplary damages because such an award violates the Fifth and Eighth Amendments and due process requirements of the Constitution of the United States and the State of Mississippi in that the proceeding is, in part,

criminal in nature and the Defendant, through its employees, may be required to testify in violation of its constitutional privileges. Furthermore, any claim for punitive damages should be denied as violative of the Equal Protection Clause of the Constitution of the United States and the State of Mississippi in that the award of disproportionate judgments against defendants committing similar offenses (which such offenses are specifically denied herein) and resulting in similar injury, but which defendants differ only in material wealth, constitutes an arbitrary and invidious discrimination prohibited by the foregoing clauses. Such claim for punitive damages should be denied because an award violates the prohibition against excessive fines as contained in the Eighth Amendment of the United States Constitution. Finally, aside from due process and other constitutional basis, under Federal Maritime Law, a 1:1 ratio of punitive to compensatory damages is the upper limit in a maritime case, to which the Plaintiff is not entitled.

### THIRTY-NINTH DEFENSE

The Defendant avers all defenses available to it under the Federal Rules of Civil Procedure and applicable Federal and State Law.

### FORTIETH DEFENSE

To the extent the damages sought are too speculative and/or remote, the Plaintiff may not recover on his claims.

### FORTY-FIRST DEFENSE

The Defendant affirmatively asserts that it is entitled to exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 *et seq.*

### FORTY-SECOND DEFENSE

The Defendant gives notice of and reserves the right to assert any and all defenses and limitations which now exist or hereafter become known in discovery.

Wherefore, premises considered, the Defendant Knight's Marine & Industrial Services, Inc. respectfully submits that the Plaintiff's Complaint should be dismissed, with all costs and expenses assigned to the Plaintiff.

Respectfully submitted, this the 8th day of April, 2013.

        KNIGHT'S MARINE & INDUSTRIAL SERVICES, INC., DEFENDANT

BY:    FRANKE & SALLOUM, LLC

BY:    s/Fredrick B. Feeney, II
        FREDRICK B. FEENEY, II
        MS STATE BAR NO. 5168

        s/Nathan L. Burrow
        NATHAN L. BURROW
        MS STATE BAR NO. 102865

FRANKE & SALLOUM, PLLC
Attorneys at Law
Post Office Drawer 460
Gulfport, MS 39502
Telephone: 228/868-7070
Facsimile: 228/868-7090
EMAIL: fbf@frslaw.com
       nlb@frslaw.com

## CERTIFICATE OF SERVICE

I, Fredrick B. Feeney, II, of the law firm of Franke & Salloum, PLLC, do hereby certify that I have this day electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Tim Falcon
>5044 Lapalco Blvd.
>Marrero, LA 70072
>
>Allen W Lindsay , Jr
>Lindsay & Andrews, PA
>5218 Willing Street
>Milton, FL 32570

THIS, the 8th day of April, 2013.

>s/Fredrick B. Feeney, II
>FREDRICK B. FEENEY, II
>MS STATE BAR NO. 5168

FRANKE & SALLOUM, PLLC
Attorneys at Law
Post Office Drawer 460
Gulfport, MS 39502
Telephone: 228/868-7070
Facsimile: 228/868-7090
EMAIL: fbf@frslaw.com