U. S. DISTRICT COURT
Eastern District of Louisiana

FILED   APR 9 - 2013

LORETTA G. WHYTE
Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL NO. 2179 |
| | * | SECTION J |
| This document relates to all actions | * * | HONORABLE CARL J. BARBIER |
| | * * | |
| | * * * | MAGISTRATE JUDGE SHUSHAN |

| | | |
|---|---|---|
| Bon Secour Fisheries, Inc., et al., on behalf of themselves and all others similarly situated, | * * * * | Civil Action No. 12-970 |
| | * | SECTION J |
| Plaintiffs, | * * | |
| v. | * | HONORABLE CARL J. BARBIER |
| | * | * |
| BP Exploration & Production.: BP America Production Company; BP p.l.c., | * * * | MAGISTRATE JUDGE SHUSHAN |
| Defendants. | * | |

RESPONSE BY CLAIMANT, H. FREDDIE BOOTHE,JR. TO
RESPONSE OF CLAIMS ADMINISTRATOR

**THE CLAIMANT** H. Freddie Boothe, Jr. files this response to the Response by The

Claims Administrator to Motion By Claimant H. Freddie Boothe, Jr.

PROCEDURAL POSTURE

Claimant filed motions of review and clarification on January 29, 2013 concerning issues

manifesting from the review efforts of the DeepWater Horizon Claims Center in regards to Claim

ID 100011039, and, subsequent thereto, February 13, 2013 at 9:00AM was set for Hearing

without oral argument by a Notice of Submission to all parties concerned. The Claimant to date is

unaware of any conclusion(s) of merits involved in the action before the Court and files this

document in response to the information and data included in the Response filed by the Claims

Administrator.

___ Fee___
___ Process___
_X_ Dktd___
_X_ CtRmDep___
___ Doc. No.___

# SUMMARY OF ARGUMENT

A.      Claim's Processing : The Claims Administrator acknowledges on Page 1, Article A the claim filed by the claimant exist under, "the Canceled Contract Framework.  See Settlement Agreement ("S.A.") Ex.4E.", and attest to, "Mr. Boothe has asserted this kind of claim."  In the opening paragraph the Claims Administrator states, "... has processed Mr. Boothe's claim correctly".  The claimant attaches hereto as Exhibit R1 a copy of the accountants Review Queue dated March 13, 2013 which clearly indicates the claim is  being processed as a "Multi-Facility" claim.  This fact also attest to the fact the claim(s) have not been properly evaluated under the Settlement Agreement, Exhibit 4E wherein there is a procedure for evaluating claims with contracts which are "cost explicit", and further, is a strong indication the claims have not been and are not being processed correctly.  The Claims Administrator further attest "If it is [complete] the claim undergoes causation analysis and then evaluation for damages. See S.A. Ex.4A, 4B,4C".  This may be true for "all" BEL claims if it were not for the Addendum delineated in S.A. Ex.4E which establishes "exclusive compensation methodology" for claims in Ex.4E.  As evidence of Exhibit R1 attached hereto the claims reviewer continues to ask for documentation pertinent to a claim being processed under "Multi-Facility" in lieu of Ex.4E.

B.      The Claims Administrator's Response on page 4 and 5 alleges the claimant had not submitted Federal Tax Returns for the year 2011 which is contradicted by the Deepwater Horizon Economic Settlement Web Portal item ID 7805184 and ID 7805195, dated 1/17/2013.  Each Tax Return included a profit and loss statement Form 1040, Schedule C.  Each Schedule C document indicates clearly the items which attribute to "Cost" which the claimant can incur outside of the requirements contained in the contracts which form a basis for this claim.  The Contracts speak for themselves and clearly delineate the claimant can incur no cost as all cost is born by the obligatory who executed the contract.  Therefore, any astute accountant can quickly surmise the "loss" or "cost attributable" to the revenue derived by the contract is zero "0".  Further, the claimant made a complete response to the Incomplete Notice which addressed all the issues

2

concerning the business and business structure for review, on several occasions as evidenced by Exhibit R3 attached hereto.

C.      The Claims Administrator asserts, "but Mr. Boothe did not waiver from his position that the Claims Administrator was not reviewing his claim in accordance with his reading of the Settlement Agreement". This fact Mr. Boothe still adheres to, as Exhibit R1 attached hereto, clearly indicates the claims reviewer is not reviewing the claimants' claim in accordance S.A., Ex. 4E as the Claims Administrator agrees it should be.   What makes this pertinent?   First and foremost, Court Doc. 6430, Ex.4E is an "addendum[1]" to the original document. This amendment is very detailed and explicit in every detail regarding claims which are processed under the terms and conditions as set forth in 4E.  Second, the first sentence of the Addendum clearly establishes the claims in   S.A. Ex.4E are processed under an "exclusive compensation methodology for business claimants" which in itself fore goes the use of alien criteria not specifically contained and/or referenced in S.A. Ex.4E.   As of the date appearing on this writing I can find no reference to profit and loss statements and their use in determining the loss sustained by a claimant processed under 4E.  Further, the mere use of the word "addendum" in the title to 4E sets this Chapter of the Court document apart from the contents of the remaining document unless specifically addressed within the context of Ex.4E, and, after reading of the whole the claimant can find no reference to include Ex.4A specific to the merits of the instant claim as it exist in Ex.4E in the reading of Ex.4E.   The only reference to information outside of Ex.4E is in the opening paragraph which eludes to Ex.4B for causation requirements.

D.      On pages 6 and 7 the Response of the Claims Administrator alleges the claimant is asking to "enjoy" more than his deserved piece of the pie. This is certainly not the case. The claimant simply ask for what the Court has offered, and the claimant believes the issue of

---

1      Legal definition of the word, *Addendum = n. a supplement added to a complete legal document, thereby explaining or introducing a change in the original document.*   These are used primarily for the purpose of documenting the ongoing negotiations.  However, in the instant case, Court Doc. 6430 the addendum identified as Exhibit 4E changes the criteria under which claims which fall into Exhibit 4E are processed.  4E completely explains the compensation procedure for analyzing claims which have a contract in place at the time of the Spill, DWH incident, resulting from spill-related cancellations.

"consistent with the claimant's industry" is completely delineated in the Motion filed by claimant on January 29, 2013, which is a factor multiplier of 2.92 for claimant's industry.

E.      The Claims Administrator indicates  on pages 2 and 3 the claimant has several avenues available to him/her at various stages of the claims review process.  The claimant attempted to use one of these avenues and filed doc ID 7497057 entitled "Appeal for Insufficient Documentation" only to be told he could not file an appeal at this time. (refer to Exhibit R2 attached).   The claimant has, in fact, bent over backwards to work within the context of the Settlement Agreement only to have his questions and inquiries go completely unanswered and totally ignored by the claims review process. These facts can easily be verified by a review of the documents filed through and existing on the Web Portal.

F.      The Claims Administrator's Response indicates on page 4 the claimant committed an error in the filing of "three" claims. The claimant merely presented himself at the Claims Intake Center on Chef Hwy where the claims attendant processed the claims and established the criteria under which claims would be filed, not the claimant.  I did not make the decision to file three separate claims.  I personally didn't care how the information was transferred into the system to establish a claim.  However, after studying the context of Exhibit 4E, it is my simple opinion each contract should stand alone in the review process inside of Ex.4E however, I am not concerned with the independence and/or the consolidation of the claims when reviewed properly in Ex.4E.

G.      The claimant agrees to having a discussion with the claims reviewer via telephone on several occasions during the review of this claim.  In one such call the claimant asked the reviewer how she would make the determination to use "claimant's industry" as opposed to "zone" as found in Ex.4E and her response was, "they are one and the same".  Well, a review of the sentence structure clearly indicates this is not the case.  The issue of claimants industry versus zone is clearly established and delineated in the Motion filed by claimant on January 29, 2013 wherein the claimant has no issue with the zone designation of "D", the claimant merely takes issue with the lack of understanding of Exhibit 4E and what is implied by the phrase "....

consistent with the claimant's industry and/or zone" and as to what specific documents are required under S.A. Ex.4E.

H.      The Claims Administrator's Response indicates on page 6 a meeting between the claimant, the CAC manager and a BEL team member familiar with the claim was held. This is not the case as the BEL team member did not show up and we had to call her to establish a conference call. The call was recorded, I presume, and a copy of the recording could possibly be obtained by the Court.   A review of the context of our conversation will indicate the response to my questions left a lot to be desired, to say the least. And I was not at all impressed with her attitude and/or response.

## CONCLUSION

The claimant has not asked the Court to make pertinent determinations peculiar to this particular claim, but, has asked the Court to clarify the sentence "*An RTP shall apply to claimant's Spill-Related Cancellation Compensation consistent with the claimant's industry and/or zone*", *and to make pertinent determinations under which claims being processed in 4E are reviewed.* Claimant has included pertinent facts surrounding the processing of his/her claim in order to demonstrate to the Court the inadquacies of the review process as it is being applied to certain claims.   The claimant has not asked the Court to apply an RTP that is not permitted by the Settlement Agreement, but, instead has asked the Court to clarify the claimants industry for damage assessment(s) which would be consistent with the "claimant's industry" contained in the sentence first stated in this paragraph and contained in S.A. Ex.4E. Actually, the claimant is not asking for anything the Claims Administrator has alluded to in his Argument on page 8 of the Claims Administrator's Response.   The Claims Administrator's Response indicates the action taken by the claimant evidenced by the Motion filed on January 29, 2013 is without merit and will disrupt the claims review process. Claimant only filed the instant Motion as a last resort due to the complete lack of iniative from the review process, as a complete review of the documents filed and which exist on the Web Portal will clearly indicate the claimants desire to communicate and

participate in the review of the instant claim to seek a just and conclusive end which is warranted under the Settlement Agreement.   It is not Mr. Boothe who needs direction, but, as all the evidence illuminates, it is the review process which warrants direction.


DATE: April 9, 2013                    Respectfully Submitted,

                                       /s/ H. Freddie Boothe, Jr., Architect
                                       In proper person
                                       14248 Highway 1077
                                       Folsom, Louisiana   70437
                                       504-473-9502


                           Certificate of Service
I, hereby certify that I have served a copy of this document on all counsel of record either in person, or by electronic transfer, or by mailing it postage prepaid on this _9_ day of _April_ 20_13_.

                           H. Freddie Boothe, Jr., pro se.

6

Please Serve:

Stephen J. Herman, La. Bar No. 23129
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
Lead Economic and Property Damages
Class Counsel

James Parkerson Roy, La. Bar No. 11511
DOMENGEAUX WRIGHT ROY &
EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
Lead Economic and Property Damages Class
Counsel

## *ECONOMIC AND PROPERTY DAMAGES CLASS COUNSEL*

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Telefax: (843) 216-9290

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA 70360
Office: (985) 876-7595
Telefax: (985) 876-7594

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510

Office: (757) 670-3888
Telefax: (757) 670-3895

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGÉ
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514

Alphonso Michael "Mike" Espy

MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444

James J. Neath
Mark Holstein
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX 77079
Telephone: (281) 366-2000
Telefax: (312) 862-2200

Daniel A. Cantor
Andrew T. Karron
Ellen K. Reisman
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Telefax: (202) 942-5999

Jeffrey Lennard
Keith Moskowitz
SNR DENTON
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: (312) 876-8000

Telefax: (312) 876-7934

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Wendy L. Bloom
R. Chris Heck
Christopher J. Esbrook
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Telefax: (312) 862-2200

Jeffrey Bossert Clark
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Telefax: (202) 879-5200

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-5985
Telefax: (202) 662-6291