# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

April 11, 2013

**Via E-mail**

The Honorable Carl Barbier
United States District Judge
U.S.D.C. for the Eastern District of Louisiana
500 Poydras Street, Room C256
New Orleans, Louisiana 70130

    **RE:**  **MDL 2179 -** *In re: Deepwater Horizon*

Dear Judge Barbier:

  BP wishes to address one issue raised in the United States' letter relating to the video clip disclosures for Mr. Gardner and Mr. Garrison.  The United States relies primarily on the Court's prior order on the admissibility of government reports (Rec. Doc. 5810), which the United States contends enforces a statutory prohibition on the admissibility of Mr. Garrison's testimony (46 U.S.C. § 6308(a)).

  As an initial matter, the United States' reliance on Section 6308 relates only to the testimony of Mr. Garrison.  Section 6308 is not arguably applicable to Mr. Gardner's testing in connection with the National Commission, and the United States does not contend that it is.  With respect to Mr. Garrison's testimony, the United States' reliance on Order 5810 and Section 6308 is misplaced.

  *First,* the Court's ruling in Order 5810 on the testimony of Mr. Gardner and Mr. Garrison was not based on Section 6308.  Order 5810 clarified Order 5618, which taken together held that Mr. Garrison's OTC test results and fact testimony were admissible, but that Mr. Garrison's opinion testimony was not admissible because "he was not designated as an expert in this case." (Rec. Doc. 5618.)  Neither Order cites Section 6308.

  *Second,* the Court's prior orders recognize that Section 6308 "does not prevent the admission of evidence existing independently of the Joint Investigation or that likely would have been created absent the investigation." (Rec. Doc. 5448 at 2.)  The Court specifically addressed this issue with respect to the OTC test results and data, finding that "As pointed out by HESI, the custody, protocol and testing were under the supervision of this Court. The OTC test results are admissible as evidence at the trial of Phase One." (Rec. Doc. 5618.)  Because the test results and

KIRKLAND & ELLIS LLP

April 11, 2013
Page 2

report are not excluded by Section 6308, the statute cannot preclude the testimony of the person who conducted the tests.

**Third,** the United States' argument is contrary to its conduct during trial.  For example, the United States moved Mr. Garrison's OTC report into evidence, and the report has been admitted.  And the United States did not object—on the basis of Section 6308 or otherwise—to the video clips that Halliburton played during its case from the deposition of Mr. Garrison, which included the opinion testimony cited in BP's opening letter.

Respectfully submitted,

*/s/ J. Andrew Langan, P.C.*

JAL/jls