UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL No. 2179 SECTION J |
| THIS DOCUMENT RELATES: | * * * | JUDGE BARBIER MAG. JUDGE SHUSHAN |
| Case No. 2:10-cv-08888-CJB-SS | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE**

NOW INTO COURT, through undersigned counsel, come various claimants who file this Memorandum in Support of the accompanying Motion for Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011 Deadline. Attached to this Memorandum is a list of all claimants who filed late short forms and are joint movants for the purposes of this motion (Attached as "Exhibit A"). These claimants seek this Honorable Court's permission to accept claimants' late-filed claims in the limitation proceeding for the following reasons:

1. All claimants contacted counsel after the Court-established deadline seeking assistance in filing claims for injuries and damages incurred as a result of the *Deepwater Horizon* explosion and resulting oil spill.

2. Because claimants were unaware of the Court-established deadline, or had not yet fully realized their damages, they did not timely file in the Transocean limitation proceeding.

3. No prejudice will result from the acceptance of the late filings. Such filings have been filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS. No action

has been taken in the limitation proceeding that could cause prejudice to any other party to the proceeding.

4. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (*citing Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, claimants respectfully request that the Court accept their late-filed short forms and grant the accompanying Motion for Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011 Deadline.

Respectfully submitted,

/s/ Paul M. Sterbcow
PAUL M. STERBCOW (#17817)
JESSICA L. IBERT (#33196)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, LA 70130
(504) 588-1500
(504) 588-1514        Facsimile
sterbcow@lksalaw.com
jibert@lksalaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 12, 2013, I electronically filed the foregoing document with the Clerk of Court for the United States District Court of the Eastern District of Louisiana via the CM/ECF System, and provided notice by and through LexisNexis to all counsel of record.

                                            /s/ Paul M. Sterbcow