**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL by the OIL | MDL NO. 2179 |
| RIG "DEEPWATER HORIZON" in the | |
| GULF OF MEXICO, on April 20, 2010 | |
| PATRICIA L. ALLEN | SECTION J |
| | |
| THIS DOCUMENT RELATES TO: | JUDGE BARBIER |
| | |
| IN RE: TRITON ASSET | MAGISTRATE JUDGE |
| LEASING, GmbH | SHUSHAN |
| Case No. 2:10cv-2771-CJB-SS | |

**MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR LEAVE TO FILE**
**SHORT FORM JOINDER BEYOND SEPTEMBER 16, 2011 MONITION DATE**

**NOW INTO COURT,** through undersigned counsel, comes S. Trout, Inc., which

files this Memorandum in Support of the accompanying Motion for Acceptance of

Limitation Short Form Joinder Filed Beyond the September 16, 2011 Monition Date. S.

Trout, Inc. seeks this Honorable Court's permission to accept its late-filed claim for

injuries in the limitation proceeding for the following reasons:

1. S. Trout, Inc. contacted counsel after the Court-established deadline seeking

assistance in filing claims for injuries and damages incurred as a result of the

Deepwater Horizon explosion and resulting oil spill.

2. Because S. Trout, Inc. was unaware of the Court-established deadline, or had

not yet fully realized its damage, they did not time file in the Transocean limitation

proceeding.

3. No prejudice will result from the acceptance of the late filings.  Such filings

have been filed in the Court-established filing system under the action 2:10cv-08888-

CJB-SS.  No action has been taken in the limitations proceeding that could cause

prejudice to any other party to the proceeding.

4. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the lat o

filing of claims in a limitation proceeding.  Where no prejudice could be suffered by

plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown.  *Texas Sulphur Co. V. Blue Stack Towing, Co., 313 F.3d 359, 362* )(5th Cir.1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D.La. June 7, 1999) (citing *Golnoy Barge Co. V. M/t Shinoussa,* 980 F.2D 349, 351 (5th.1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely.  Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, S. Trout, Inc. respectfully requests that the Court accept its late-filed short forms and grant the accompanying Motion for Acceptance of Limitation Short Form Joinder Filed Beyond the September 16, 2011 date.

**DATED,** this the 12th day of April, 2013.

Respectfully submitted,

/s/MATTHEW G. MESTAYER

## **C E R T I F I C A T E**

I, hereby certify that on April 12, 2013, I electronically file the foregoing document with the Clerk of Court for the United States District Court for the Eastern District of Louisiana via CM/ECF System, and provided notice by and through LexisNexis to all counsel of record.

This the 12th day of April, 2013.

/s/MATTHEW G. MESTAYER

MATTHEW G. MESTAYER
REEVES & MESTAYER, PLLC
160 MAIN STREET
PO DRAWER 1388
BILOXI, MS 39533
mgm@attorneys4people.com