**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010** | * * * * | **MDL No. 2179** <br> **Section: J** |
| **This filing relates to: *All Cases*** | * * | **District Judge Carl J. Barbier** |
| (Including Civil Action No. 12-970) | * | **Magistrate Judge Shushan** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER**

**[Approving the Rules Governing the Third Party Claims Dispute Resolution Process as to Attorney Fee Liens]**

**CONSIDERING** the request by Patrick A. Juneau, the Claims Administrator of the Economic and Property Damages Settlement (the "Claims Administrator"), for entry of an Order in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012 and approved on December 21, 2012) (the "Settlement Agreement"), and being fully apprised, **IT IS HEREBY ORDERED** as follows:

1. The Rules Governing the Third Party Claims Dispute Resolution Process as to Attorney Liens are approved, in accordance with Paragraph 7(b) of the First Amended Court Approved Procedure Order No. 1 (entered on March 11, 2013), to govern the process by which the Attorney Liens Adjudicator will resolve disputes regarding attorney fee liens filed against payments to be made by the Claims Administrator to eligible claimants under the Settlement Agreement.

2. This Court retains exclusive jurisdiction over the interpretation, implementation and enforcement of the Rules described in this Order and of the Third Party Claims Dispute Resolution Process.

New Orleans, Louisiana this 15th day of April, 2013.

CARL J. BARBIER
United States District Judge

# RULES GOVERNING THE THIRD PARTY CLAIMS DISPUTE RESOLUTION PROCESS AS TO ATTORNEY FEE LIENS

**Effective April 15, 2013**

DEEPWATER HORIZON
CLAIMS CENTER
ECONOMIC & PROPERTY DAMAGE CLAIMS

# Table of Contents

Page

**TITLE I: GENERAL** ... 1

**Rule 1.** *Purpose of These Rules* ... 1

**Rule 2.** *Definitions* ... 1

**Rule 3.** *Amendments to These Rules* ... 1

**Rule 4.** *Attorney Liens Adjudicator* ... 1

**Rule 5.** *Service of Papers* ... 1

**Rule 6.** *Computation of Time and Dates of Submission* ... 1

**TITLE II: PARTIES, DISPUTES AND SUBMISSIONS OF DISPUTE** ... 2

**Rule 7.** *Parties* ... 2

**Rule 8.** *Type of Dispute Presented to Adjudicator* ... 2

**Rule 9.** *Attempts to Reach an Agreement as a Prerequisite for Adjudicator Resolution.* 2

**Rule 10.** *Submission of Dispute to the Claims Administrator* ... 2

**TITLE III: THE RECORD** ... 3

**Rule 11.** *Record of Dispute* ... 3

**Rule 12.** *Issues in Dispute* ... 3

**TITLE IV: DISPUTE RESOLUTION PROCESS** ... 3

**Rule 13.** *Dispute Process* ... 3

**Rule 14.** *Withdrawal of Dispute* ... 4

**Rule 15.** *Hearing Procedure* ... 5

**Rule 16.** *Certification as to Truth of Information Submitted* ... 5

**Rule 17.** *Adjudicator Decision* ... 5



**Rule 18.** *Inherent Jurisdiction of the Court* ........ 6

**Rule 19.** *Miscellaneous* ........ 6

## Exhibits

**Exhibit A** *Request for Third Party Claim Dispute Resolution as to an Attorney Fee Lien*

**Exhibit B** *Telephonic Hearing Schedule as to an Attorney Fee Lien*

**Exhibit C** *Withdrawal of Dispute as to an Attorney Fee Lien*

**Exhibit D** *Final Decision Template as to an Attorney Fee Lien*



## TITLE I: GENERAL

**Rule 1. Purpose of these Rules.** These Rules govern the Process for resolving disputes as to the amount of an attorney fee lien under the First Amended Court Approved Procedure Order No. 1 regarding Third Party Claims and/or Liens Against Claimant Settlement Payments ("CAP") and the Order Appointing Adjudicator for Resolution of Attorney Fee Lien Disputes.

**Rule 2. Definitions.** Unless otherwise defined in these Rules, all undefined terms used in these Rules shall have the same meanings given to such terms in the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012 and approved on December 21, 2012) ("Settlement Agreement") and the CAP.

**Rule 3. Amendments to These Rules.** Any amendments to these Rules shall be subject to Court approval.

**Rule 4. Attorney Liens Adjudicator.** Pursuant to the Court's continuing and exclusive jurisdiction under Section 18.1 of the Settlement Agreement and the December 21, 2012 Order Granting Final Approval of the Settlement Agreement, the Court has appointed the Attorney Liens Adjudicator ("Adjudicator") for Attorney Fee Lien Disputes.

**Rule 5. Service of Papers.** A party shall serve all papers, notices or process associated with the Dispute on the Claims Administrator and the opposing party by any of the following methods:

(a) By posting to a Deepwater Horizon Economic Claims Center Portal, by a Claimant that is a Portal user, to serve the Claims Administrator;

(b) By electronic mail transmission to the Claims Administrator at thirdpartyclaims@dhecc.com and/or to the opposing party at the email address provided in the Request for Third Party Claim Dispute Resolution;

(c) By regular U.S. mail or overnight courier to the Claims Administrator at P.O. Box 1439, Hammond, LA 70404-1439, ATTN: Third Party Claim Documents and/or to the opposing party at the address provided in the Request for Third Party Claim Dispute Resolution;

(d) By facsimile transmission to the Claims Administrator at (888) 524-1583 and/or to the opposing party at the fax number, if any, provided in the Request for Third Party Claim Dispute Resolution; or

(e) By any other legal form of service under applicable law.

**Rule 6. Computation of Time and Dates of Submission.**

(a) Any time period prescribed by these Rules shall be computed as follows: In counting the days prescribed, a) exclude the day of the event that triggers the period; b) count every day, including intermediate Saturdays, Sundays, and legal holidays, and c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal

(b) holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Legal holidays are:  New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day designated by the Office of the Claims Administrator.  This statement is subject to any further clarifications from the Office of the Claims Administrator.

(c) Determining the Date of Submission:  Any document submitted by posting to the Portal or by email shall be considered submitted on the date uploaded or emailed at the local time of the submitting party.  Documents submitted by mail shall be considered submitted on the postmark date.  Documents submitted by overnight delivery shall be considered submitted on the date delivered to the carrier.  Documents submitted by facsimile shall be considered submitted on the transmission date at the local time of the submitting party.  Documents submitted by personal delivery shall be considered submitted on the date of receipt.

## TITLE II:  PARTIES, DISPUTES AND SUBMISSION OF DISPUTE

**Rule 7.   Parties.**  The affected Settlement Program Claimant ("Claimant") and the attorney/law firm asserting the attorney fee lien ("Third Party Claimant") shall be the parties.  The Claims Administrator shall not be considered a party to the Dispute.

**Rule 8.   Type of Dispute Presented to Adjudicator.**  Any disagreement between a Claimant and a Third Party Claimant as to whether a Third Party Claimant is entitled to be paid out of the affected Claimant's Settlement Payment and/or the amount of any such payment shall be considered to be a "Dispute" covered by this Procedure.

**Rule 9.   Attempts to Reach an Agreement as a Prerequisite for Adjudicator Resolution.**  Neither party may submit a Dispute to the Adjudicator unless the parties have made reasonable efforts to resolve the Dispute by agreement.

**Rule 10.   Submission of Dispute to the Claims Administrator.**

(a) Request for Third Party Claim Dispute Resolution:  One of the parties shall complete and submit a Request for Third Party Claim Dispute Resolution ("Request Form") (Exhibit A) to the Claims Administrator.

(b) Time for Submission:  The requesting party shall submit a Request Form to the Claims Administrator within 60 days after notifying the Claims Administrator that there is a Dispute.

(c) Submission Method:  The requesting party shall serve the completed Request Form on the Claims Administrator and on the opposing party by one of the methods prescribed in Rule 5.



## TITLE III: THE RECORD

**Rule 11. Record of Dispute.**

(a) The Record to be considered by the Adjudicator shall consist of:

(1) The CAP;

(2) The June 15, 2012 Order setting limits on individual attorneys' fees ("Order limiting fees");

(3) The Notice of Valid Third Party Claim and all enforcement documents, as sent to the parties by the Claims Administrator during the third party claims process;

(4) The Request for Third Party Claim Dispute Resolution (Exhibit A);

(5) The parties' Statements of Dispute and any exhibits, pursuant to Rule 13(a)(2);

(6) The parties' Responses to Statements of Dispute, pursuant to Rule 13(a)(3);

(7) Any additional evidence produced by either party in response to a direct request by the Adjudicator; and

(8) Any motions for extensions or modifications of deadlines.

(b) The Claims Administrator shall provide items (1)-(3) of the Record. The parties shall serve each other and the Claims Administrator with items (4)-(8) of the Record pursuant to Rule 13.

(c) The Claims Administrator shall assemble the complete Record and provide it to the Adjudicator, along with a statement of the amount of the Settlement Payment(s) withheld pending resolution of the Dispute, pursuant to Rule 13(a)(3).

**Rule 12. Issues in Dispute**. The issues in dispute shall be limited to those originally raised by the parties in the Statements of Dispute.

## TITLE IV: DISPUTE RESOLUTION PROCESS

**Rule 13. Dispute Process.** The Adjudicator shall decide the Dispute based on the Record and on arguments made during the telephonic hearing, if any.

(a) Document Exchanges and Submissions:

(1) Within 20 days after the date of the Request Form, each party shall serve the Claims Administrator and the opposing party with a Statement of Dispute Memorandum ("Statement of Dispute") that includes a statement of all issues, the relief sought and copies of any exhibits.

(2) Within 10 days after the date of the opposing party's Statement of Dispute, each party shall serve the Claims Administrator and the opposing party with a Memorandum in Response to the opposing party's Statement of Dispute ("Response").  Any request for a telephonic hearing must be made in the Response.

(3) Within 7 days after the date of the last Response, the Claims Administrator shall provide the complete Record to the Adjudicator, along with a statement of the amount of the Settlement Payment withheld pending resolution of the Dispute.

(4) Any documents received after the Claims Administrator provides the Record to the Adjudicator shall be excluded from the Record, unless directed otherwise by the Adjudicator.

(b) Telephonic Hearing:

(1) A party may request a telephonic hearing with the Adjudicator in its Response.

(2) A telephonic hearing is allowed at the discretion of the Adjudicator if it would aid the Adjudicator in the resolution of the Dispute.

(3) If the Adjudicator allows a telephonic hearing, the Adjudicator shall issue a Telephonic Hearing Schedule ("Schedule") (Exhibit B) within 7 days of receiving the Record from the Claims Administrator.

(4) The Claims Administrator shall serve the Schedule on the parties.

(5) The telephonic hearing shall be scheduled no sooner than 20 days and no later than 45 days after the date of the Schedule.

(c) Costs:  There are no costs associated with this Process.  If a party needs an interpreter for the hearing, the party shall make the necessary arrangements and pay for the interpreter's services independent of this Process.

(d) Continuances:  No extensions or modifications of submission deadlines shall be granted unless the Adjudicator determines that there has been a showing of good cause.  Motions to modify the Schedule must be served on the Claims Administrator within 14 days of the date of the Schedule.

**Rule 14.  Withdrawal of Dispute.**  If at any time before the Final Decision the parties reach an agreement and each party serves a signed Withdrawal of Third Party Claim Dispute ("Withdrawal") (Exhibit C) on each other and the Claims Administrator, the Process shall end.  The Claims Administrator will pay the withheld portion of the Settlement Payment to the Third Party Claimant and to the Claimant as agreed to and stated in the Withdrawal and according to the provisions of the Settlement Agreement and Court Orders regarding implementation, including the CAP and the Order limiting fees.





**Rule 15. Hearing Procedure.** If the Adjudicator exercises discretion and allows a hearing, the following procedure shall apply.

(a) Testimony Under Oath or Affirmation: Hearing testimony shall be submitted under oath or affirmation administered by the Adjudicator or by any duly qualified person.

(b) Length of Hearing: Telephonic hearings shall last no longer than one hour. The hearing may be extended by up to one hour if the Adjudicator determines that additional time will aid the Adjudicator in the resolution of the Dispute.

(c) Conduct of Hearing: At the opening of the hearing, the Adjudicator shall make a written record of the time, place, and date of the hearing, and note the participants. There will be no court reporter or other recording of the hearing. Each party may present an opening statement. The Claimant will then present the Claimant's case and may reference any documents or statements that are part of the Record. The Third Party Claimant may then present the Third Party Claimant's case and may reference any documents or statements that are part of the Record. The Claimant may then present rebuttal evidence. Each party may conclude with a closing argument. The Adjudicator may exercise discretion to vary this procedure.

(d) Evidence: The evidence that the Adjudicator may consider is limited to the Record and oral arguments and testimony presented during the hearing.

(e) Participation: All parties and their counsel, if any, must participate in the hearing. Failure to participate without prior approval from the Adjudicator will result in the Adjudicator issuing a Final Decision based on the Record and the participating party's argument and testimony presented during the hearing.

(f) Representation by Counsel: The parties have the right to be represented by advocates, who need not (but may) be attorneys.

(g) Conclusion of Hearing: After the presentation of oral argument and closing statements, the Adjudicator shall declare the hearing closed. The Adjudicator shall make a written record of the time the hearing is closed.

**Rule 16. Certification as to Truth of Information Submitted.** Each party certifies and declares under penalty of perjury pursuant to 28 U.S.C. Section 1746 that all of the information, oral and written, submitted in this Process is true and accurate to the best of that party's knowledge and understands that false statements or claims made in connection with this Process may result in fines and/or any other remedy available by law to the Federal Government.

**Rule 17. Adjudicator Decision**.

(a) Issuance: The Adjudicator shall issue a Final Decision within 30 days after receipt of the Record from the Claims Administrator. If a hearing is conducted, the Adjudicator shall issue a Final Decision within 30 days after the hearing date. The Adjudicator may extend the deadline for issuance of a Final Decision if, in the Adjudicator's discretion, an extension is necessary.

(b) Content: The Final Decision (Exhibit D) shall be in writing and signed by the Adjudicator. The Final Decision shall include the amount of the withheld portion of the Settlement Payment, the amount to be paid to the Third Party Claimant, and the amount to be paid to the Claimant. The Claims Administrator shall pay the Third Party Claimant and/or Claimant according to the provisions of the Settlement Agreement and Court Orders regarding implementation, including the CAP and the Order limiting fees.

(c) Service: The Adjudicator shall serve the written Final Decision on the Claims Administrator. At the same time, the Adjudicator shall transfer the file and Record to the Claims Administrator. The Claims Administrator shall serve the written Final Decision on each party.

(d) Enforcement.

(1) Final and Binding Decision: The Adjudicator's Final Decision shall be final, binding and non-appealable.

(2) Modifying or Correcting the Final Decision: Within 7 days after the date of the Final Decision, the Adjudicator may exercise discretion to modify or correct the Final Decision if there was a mathematical error or an obvious material mistake in computing the amount to be paid to the Third Party Claimant or to the Claimant.

**Rule 18. Inherent Jurisdiction of the Court.** The Court maintains the discretionary right to receive reports from the Adjudicator or the Claims Administrator about this Process and to consider whether this Process complies with the Settlement Agreement and Court Orders regarding settlement implementation, including the CAP and the Order limiting fees.

The Court also maintains the discretionary right to handle Disputes on its own, independently of the Adjudicator, and render a Final Decision regarding such disputes.

**Rule 19. Miscellaneous.**

(a) No Ex Parte Communication: There shall be no direct communication between a party and the Adjudicator except at the hearing, if any.

(b) Telephone Access for Hearing: The Claims Administrator shall make the necessary arrangements for telephone access if it is requested by a party in its Response and if the Adjudicator allows a telephonic hearing.

(c) Interpreter: If a party needs an interpreter for this Process, the party shall make the necessary arrangements and pay for the interpreter's services independent of this Process.



(d) Extensions of Time:  Extensions of deadlines are discouraged.  Upon written motion of a party and a showing of good cause, the Adjudicator may exercise discretion to extend or modify any deadline established by these Rules.  The Adjudicator shall issue a notice of any extension or modification.  The Claims Administrator shall serve the notice on the parties.

(e) Change of Address:  If either party at any time during this Process changes its address or phone number, the burden shall be on that party to notify the Claims Administrator and the opposing party immediately.  The Claims Administrator will keep all addresses on file, and the parties may rely on these addresses until the Claims Administrator notifies them of a change.

(f) Choice of Law:  The Adjudicator shall apply the substantive laws of the state of Louisiana to the resolution of all Disputes.

(g) Adjudicator Immunity:  The Adjudicator shall have the same immunity as judges for all official acts.



<table>
<tr><th colspan="4">REQUEST FOR THIRD PARTY CLAIM DISPUTE RESOLUTION<br>AS TO AN ATTORNEY FEE LIEN</th></tr>
<tr><th colspan="4">I. SETTLEMENT PROGRAM CLAIMANT INFORMATION</th></tr>
<tr><td>Settlement Program Claimant</td><td colspan="3">Name or Full Name of Business</td></tr>
<tr><td rowspan="3">Address</td><td colspan="3">c/o Attorney (If Represented)</td></tr>
<tr><td colspan="3">Street</td></tr>
<tr><td>City</td><td>State</td><td>Zip</td></tr>
<tr><td>Telephone Number</td><td colspan="3">(_____)_____-__________</td></tr>
<tr><td>Facsimile Number, if any</td><td colspan="3">(_____)_____-__________</td></tr>
<tr><td>Email Address</td><td colspan="3">________________________________@_________________.____</td></tr>
<tr><th colspan="4">II. THIRD PARTY CLAIMANT INFORMATION</th></tr>
<tr><td>Third Party Claimant</td><td colspan="3">Name or Full Name of Business</td></tr>
<tr><td rowspan="3">Address</td><td colspan="3">c/o Attorney (If Represented)</td></tr>
<tr><td colspan="3">Street</td></tr>
<tr><td>City</td><td>State</td><td>Zip</td></tr>
<tr><td>Telephone Number</td><td colspan="3">(_____)_____-__________</td></tr>
<tr><td>Facsimile Number, if any</td><td colspan="3">(_____)_____-__________</td></tr>
<tr><td>Email Address</td><td colspan="3">________________________________@_________________.____</td></tr>
<tr><th colspan="4">III. SUMMARY OF DISPUTE</th></tr>
<tr><td rowspan="3">Summary of Dispute</td><td colspan="3">Brief Summary of Issues in Dispute</td></tr>
<tr><td colspan="3"></td></tr>
<tr><td colspan="3"></td></tr>
</table>

**EXHIBIT A**



| | |
|---|---|
| | |
| | |
| | |
| | |

## IV. How to Contact Us with Questions or For Help

If you have any questions about the Third Party Claims Dispute Resolution Process, send an email to **thirdpartyclaims@dhecc.com**.

You may also visit **http://www.deepwaterhorizoneconomicsettlement.com** to review Frequently Asked Questions and the Rules Governing the Third Party Claims Dispute Resolution Process As To Attorney Fee Liens.

## V. How to Serve This Request on the Claims Administrator

Submit this Request in any of the following ways:

| | |
|---|---|
| **By Portal** | If you have access to the DHCC Portal, you may upload this Request there. |
| **By Mail** | Deepwater Horizon Economic Claims Center<br>PO Box 1439<br>Hammond, LA 70404-1439<br>ATTN: Third Party Claim Documents |
| **By Overnight, Certified or Registered Mail** | Deepwater Horizon Economic Claims Center<br>Claims Administrator<br>42548 Happy Woods Road<br>Hammond, LA 70403<br>ATTN: Third Party Claim Documents |
| **By Facsimile** | (888) 524-1583 |
| **By Email** | thirdpartyclaims@dhecc.com |
| **Visit a Claimant Assistance Center** | You may take the required information or documents to a Claimant Assistance Center. |


## VI. HOW TO SERVE THIS REQUEST ON THE OPPOSING PARTY

Serve a copy of this Request on the opposing party by email, mail, facsimile, or any other legal form of service under applicable law per Rule 5 of the Rules Governing the Third Party Claims Dispute Resolution Process As To Attorney Fee Liens.

## VII. SIGNATURE

I certify and declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the information provided in this Request Form is true and accurate to the best of my knowledge, and I understand that false statements or claims made in connection to this Request Form may result in fines, imprisonment, and/or any other remedy available by law to the Federal Government.

I certify that the parties have made a good faith effort to resolve the Dispute, and that I have/will serve this Request on the opposing party.

| **Signature** | | | **Date** | |
|---|---|---|---|---|
| **Printed Name** | First | Middle | Last | |
| **Title, if a Business:** | | | | |



# THIRD PARTY CLAIMS DISPUTE RESOLUTION PROCESS AS TO ATTORNEY FEE LIENS

## TELEPHONIC HEARING SCHEDULE

DISPUTE:
CASE NO:

Based on the hearing request in the Response(s) to the Statements of the Dispute, on this ___ day of ____________, 2013, it is ORDERED:

1. This dispute will be decided after a telephonic hearing on _______________, 2013, at ________ AM/PM.

2. This hearing shall be conducted by telephone conference at the following number: _________________, confirmation code: ______________.

3. This telephonic hearing shall last no longer than one hour. The Adjudicator may exercise discretion to extend the hearing by up to one hour if additional time would aid the Adjudicator in the resolution of the Dispute.

4. All parties and their counsel, if any, must participate in the hearing. Failure to participate without prior approval from the Adjudicator will result in the Adjudicator issuing a Final Decision based on the Record and the participating party's argument and testimony during the hearing.

5. The Adjudicator will issue a written Final Decision within 30 days after the hearing date, or by ___________, 2013, unless the Adjudicator extends this deadline.

6. The Claims Administrator will serve the written Final Decision on each party and pay the Third Party Claimant and/or the Claimant according to the provisions of the Final Decision, the Settlement Agreement and Court orders regarding settlement implementation, including the CAP and the June 15, 2012 Order limiting attorneys' fees.

7. No provision of this Schedule shall be modified except upon written motion for modification within 14 days of the date of this Schedule. Thereafter, this Schedule may be modified only upon a showing of good cause that the deadline cannot reasonably be met despite the diligence of the party seeking modification.

Name,

Attorney Liens Adjudicator

Issue Date: ___________

**EXHIBIT B**



# WITHDRAWAL OF THIRD PARTY CLAIM DISPUTE AS TO AN ATTORNEY FEE LIEN

## I. SETTLEMENT PROGRAM CLAIMANT INFORMATION

| | | | |
|---|---|---|---|
| **Settlement Program Claimant Name** | Name or Full Name of Business | | |
| **Address** | Street | | |
| | City | State | Zip |

## II. THIRD PARTY CLAIMANT INFORMATION

| | | | |
|---|---|---|---|
| **Third Party Claimant Name** | Name or Full Name of Business | | |
| **Address** | Street | | |
| | City | State | Zip |

## III. SUMMARY OF DISPUTE RESOLUTION

| | |
|---|---|
| **Agreed Amount to be Paid to Third Party Claimant** | |
| **Agreed Amount to be Paid to Claimant** | |

Note: It is understood that the Claims Administrator will pay the parties these amounts according to the provisions of the Settlement Agreement and Court Orders regarding settlement interpretation, including the First Amended Court Approved Procedure Order No. 1 regarding Third Party Claims and the June 15, 2012 Order limiting attorneys' fees.

## IV. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you have any questions about withdrawing your Dispute, send an email to **thirdpartyclaims@dhecc.com**.

**EXHIBIT C**



## V. HOW TO SERVE THIS WITHDRAWAL ON THE CLAIMS ADMINISTRATOR

Submit this Form in any of the following ways:

| | |
|---|---|
| **By Mail** | Deepwater Horizon Economic Claims Center<br>PO Box 1439<br>Hammond, LA 70404-1439<br>ATTN: Third Party Claim Documents |
| **By Overnight, Certified or Registered Mail** | Deepwater Horizon Economic Claims Center<br>Claims Administrator<br>42548 Happy Woods Road<br>Hammond, LA 70403<br>ATTN: Third Party Claim Documents |
| **By Facsimile** | (888) 524-1583 |
| **By Email** | thirdpartyclaims@dhecc.com |
| **Visit a Claimant Assistance Center** | You may take the required information or documents to a Claimant Assistance Center. |

## VI. HOW TO SERVE THIS WITHDRAWAL ON THE OPPOSING PARTY

Serve a copy of this Withdrawal on the opposing party by email, mail, facsimile, or any other legal form of service under applicable law per Rule 5 of the Rules Governing the Third Party Claims Dispute Resolution Process As To Attorney Fee Liens.

## VII. SIGNATURE

Both the Settlement Program Claimant and Third Party Claimant must submit a signed copy of this Withdrawal to the Claims Administrator and to the opposing party. By signing this Withdrawal, each party certifies the following:

I certify and declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the information provided in this Withdrawal is true and accurate to the best of my knowledge, and I understand that false statements or claims made in connection with this Withdrawal may result in fines, imprisonment, and/or any other remedy available by law to the Federal Government.

I certify that I have/will serve a copy of this signed Withdrawal on the opposing party.

By submitting this Withdrawal, I consent to the payment of Settlement Payment Funds according to the terms in Section III.

| | | | |
|---|---|---|---|
| **Signature** | | **Date** | |
| **Printed Name** | First | Middle | Last |
| **Title, if a Business:** | | | |



# THIRD PARTY CLAIMS DISPUTE RESOLUTION PROCESS AS TO ATTORNEY FEE LIENS

## FINAL DECISION

DISPUTE:
CASE NO:

By the authority granted to the Third Party Claims Adjudicator by the Court, on this ___ day of _____________, 2013, it is ORDERED:

1. The Settlement Program Claimant owes the Third Party Claimant ____ % of the withheld Settlement Payment funds, plus reasonable costs, in satisfaction of the Third Party Claim and a portion of any future Settlement Payment funds as follows:

    ____ % of Claimant's Vessels of Opportunity Claim(s)

    ____ % of Claimant's Seafood Claim(s)

    ____ % of Claimant's Other Claim(s), specifically: _____________________, and

    $__________ for reasonable costs incurred by the Third Party Claimant.

2. The Claims Administrator shall issue payment to the Third Party Claimant and the Claimant as follows:

**Total Amount of Withheld Funds** $______________________________

**Pay to Third Party Claimant** $______________________________

**Pay Balance to Claimant** $______________________________

Name,

Attorney Liens Adjudicator

Issue Date: ___________

**EXHIBIT D**