IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No.  2179<br><br>Section J |
| This document relates to<br>2:10-cv-08888-CJB-SS | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF SHORT FORM JOINDER FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE**

Now comes Claimant, Jack's G&M Auto-Electric, Inc., who files this Memorandum in Support of the accompanying Motion for Acceptance of Short Form Joinder Beyond the September 16, 2011 Deadline.  This Claimant seeks this Honorable Court's permission to accept Claimant's late filed claims in the limitation proceeding for the following reasons:

1. Claimant contacted counsel after the Court-established deadline of September 16, 2011, seeking assistance for injuries and damages incurred as a result of the Deepwater Horizon explosion and resulting oil spill.

2. Because Claimant was unaware of the court-established deadlines, or had not yet fully realized its damages, it did not timely file in the Transocean limitation proceeding.

3. No prejudice will result form the acceptance of the late filing. Such filings have been filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS. No action has been taken in the limitation proceeding which could cause prejudice to any other party to the proceeding.

4. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulfur Co. v. Blue Stack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) 9" [S]o long as rights of the parties are not adversely affected, the Court will freely grant permission to file late claims"); In re Gladiator Marine, Inc., No. 98-2037, 1999 WL 378121 (ED. La. June 7, 1999) 9citing *Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir, 1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late filed claims are deemed timely.

5. Limitation has not been determined; and there is no prejudice to the limiting parties or other defendants.

For these reasons, Claimant respectfully requests that the Court accept its late filed short forms and grant the accompanying Motion for Acceptance of Short Form Joinders Beyond the September 16, 2011 Deadline.

                                                            Respectfully submitted,

                                                            */s/ John R. Santa Cruz*
                                                            John R. Santa Cruz, Attorney
                                                           Jack's G&M Auto-Electric, Inc.

## **CERTIFICATE OF SERVICE**

I, John R. Santa Cruz, attorney for Claimant, Jack's G&M Auto-Electric, Inc., do hereby certify that I electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

THIS the 8th day of April, 2013.

                                           */s/ John R. Santa Cruz*
                                           JOHN R. SANTA CRUZ

John R. Santa Cruz
Santa Cruz Law Firm
718 Dunbar, Suite 1A
Bay St. Louis, MS  39520
Telephone:  (228) 467-8484
Facsimile:   (228) 467-8485
Randy@SantaCruzLawFirm.net