UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| THIS DOCUMENT RELATES TO: | JUDGE BARBIER |
| 2:10-CV-09999-CJB-SS | MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF EX PARTE
MOTION FOR LEAVE TO FILE SHORT FORM
JOINDER BEYOND SEPTEMBER 16, 2011 DEADLINE**

**NOW INTO COURT,** through undersigned counsel, comes various Claimants, specifically set forth on Exhibit "A", who file this its Memorandum in Support of the accompanying Ex Parte Motion for Leave to File Short Form Joinders Beyond September 16, 2011 Deadline. Attached to this Memorandum is a list of all Claimants who filed late short forms and are joint movants for the purpose of this Motion (attached as Exhibit "A"). These Claimants seek this Honorable Court's permission to accept Claimant's late filed claims in the limitation proceeding for the following reasons:

1. All Claimants contacted counsel after the Court-established deadline of September 16, 2011, seeking assistance for injuries and damages incurred as a result of the Deepwater Horizon explosion and resulting oil spill.

2. Because Claimants were unaware of the Court-established deadlines, or had not yet fully realized their damages, they did not timely file in the Transocean limitation proceeding.

3. No prejudice will result from the acceptance of the late filings. Such filings have been filed in the Court-established filing system under the action 2:10-cv-09999-CJB-SS. No action has been taken in the limitation proceeding which could cause prejudice to any other party to the proceeding.

4. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Sulphur Co. V. Blue Stack Towing, Co., 313 F.3d 359, 362* )(5th Cir.1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D.La. June 7, 1999) (citing *Golnoy Barge Co. V. M/t Shinoussa,* 980 F.2D 349, 351 (5th.1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, Claimants respectfully request that the Court accept their late filed short forms and grant the accompanying Ex Parte Motion for Leave to File Short Form Joinders filed Beyond the September 16, 2011 Deadline.

**DATED,** this the 18th day of April, 2013.

>Respectfully submitted,
>
>/s/MATTHEW G. MESTAYER

## C E R T I F I C A T E

I, hereby certify that on April 17, 2013, I electronically file the foregoing document with the Clerk of Court for the United States District Court for the Eastern District of Louisiana via CM/ECF System, and provided notice by and through LexisNexis to all counsel of record.

This the 17th day of April, 2013.

/s/MATTHEW G. MESTAYER

MATTHEW G. MESTAYER
REEVES & MESTAYER, PLLC
160 MAIN STREET
PO DRAWER 1388
BILOXI, MS 39533
mgm@attorneys4people.com