MASTER DOCKET:
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil rig                         MDL NO. 10-2179
"Deepwater Horizon," in the Gulf
Of Mexico, on April 20, 2010                        SECTION J

Applies to *All Cases in B1 and B3*                 JUDGE BARBIER
    *PleadingBundles*                             MAGISTRATE SHUSHAN
*****************************************************************************

INDIVIDUAL CLAIM:
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COREY PITRE**                                    **CAUSE NO.: 2:11-CV-00865**
**(Plaintiff)**

**VERSUS**

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
**(Defendants)**
*****************************************************************************

### AMENDING AND SUPPLEMENTAL COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Corey James Pitre, who filed an original Complaint in Admiralty on April 15, 2011, as well as a Short Form Joinder on July 10, 2011, who now shows that no Answer has been filed nor reply made, and he wishes to amend and supplement his original Complaint as of right, as follows:

1.

On or about April 20, 2010, the Deepwater Horizon drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and

resulting in the worst maritime environmental disaster in United States history, all as set out in the original Complaint.

2.

Plaintiff, Corey James Pitre, has suffered economic injury, damage and/or losses as a result of the oil spill.

3.

Plaintiff brings this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff, Corey James Pitre, is a resident/citizen of Gray, Louisiana, and claims damages as set forth below.

5.

In filing this Complaint, Plaintiff hereby asserts by adoption and reference a claim in the Complaint and Petition of Triton Asset Leasing GmbH, et al., No. 10-2771; adopts and incorporates the Master Answer [Rec. Doc. 244] to the Complaint and Petition of Triton Asset Leasing GmbH, et al., in No. 10-2771; and intervenes into, joins and otherwise adopts the Master Complaint [Rec. Doc 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179), including any subsequent supplemental or amending complaints thereto, and further reavers and realleges each and every of the allegations of his original Complaint in these proceedings.

6.

Plaintiff brings this case against the following defendants:

a)  BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois.  This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

b)  BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

c)  BP p.l.c., a British public limited company with its corporate headquarters in London, England.  This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. are referenced herein collectively as "BP".

7.

Jurisdiction and venue exist before this Court.  Specific allegations of jurisdiction and venue as set forth in the Master Complaint, and plaintiff's original Complaint, including any subsequent supplemental or amending complaints thereto, are adopted and pled herein.

8.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances as set out in the original Complaint, particularly Articles 9 and 10, asserting a claim in a sum certain; Plaintiff had also electronically served the BP claim form documentation to BP.com on January 18, 2013.

9.

Plaintiff contends that Plaintiff's previous transmissions, communications, and/or claims made by Plaintiff to BP and/or BP's agents/representatives/administrators were sufficient to protect all of Plaintiff's rights in this matter, including the full satisfaction of the "Presentment" requirement under the Oil Pollution Act (OPA) to BP as the "Responsible Party" under OPA.

The time period for BP to respond to Plaintiff's Presentment claim has expired, and BP failed to accept or sufficiently respond to Plaintiff's demand. Accordingly, Plaintiff is entitled to file the instant Amending and Supplemental Complaint.

10.

In addition to Plaintiff's other transmissions, communications and/or claims, Plaintiff, out of a claim Presentment in accord with 33 USC §§ 2702(b) and 2713 by submitting a description of the claim with a "sum certain" demand and with supporting documentation to BP as the "Responsible Party" under OPA by service of a "short form" via U.S. certified mail and/or electronic transmission, on or about July 1, 2011. BP failed to accept or respond within 90 days of Presentment. Plaintiff has thus satisfied the mandatory condition precedent to file the original civil action under OPA.

11.

Plaintiff's claims for relief against each of the Defendants are adopted anew from the Master Complaint referenced above, including any subsequent supplemental or amending complaints thereto, and are incorporated and re-alleged herein. Said claims include, but are not limited to, all applicable claims under the general maritime law and the Oil Pollution Act, as well as State Law Claims for Relief, Punitive Damages and Declaratory Relief.

12.

As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future. Said damages sustained by Plaintiff and recoverable from the named Defendants include, but are not limited to, the following:

      a)    economic, income, property and compensatory damages;

      b)    punitive and/or exemplary damages;

      c)    pre-judgment and post-judgment interest at the maximum rate allowable by law;

      d)    attorneys' fees, claims preparation expenses, and costs of litigation;

      e)    declaratory and injunctive relief; and

      f)    such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

13.

Plaintiff has opted out of the Deepwater Economic and Property Damage Settlement by certified mail dated October 31, 2012.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

Respectfully submitted,

*/s/ A. Remy Fransen, Jr.*

**A. Remy Fransen, Jr., Bar #5827**
**FRANSEN & HARDIN**
814 Howard Avenue
New Orleans, LA 70113
Telephone: (504) 522-1188

*"Service will be attempted by Waiver."*