UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG          MDL NO. 2179
"DEEPWATER HORIZON" in the
GULF OF MEXICO, on April 20, 2010        SECTION:   J

                                         JUDGE BARBIER

                                         MAGISTRATE JUDGE SHUSHAN

THIS DOCUMENT RELATES TO:
No. 2:10-cv-08888- CJB-SS

# MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE

NOW INTO COURT, through undersigned counsel, comes Tyrone Banker who moves this Court for acceptance of his late-filed Short Form Joinder in the limitation proceeding brought by Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., As Owner, Managing Owners, Owners Pro Hac Vice, and/or Operators of the MODU Deepwater Horizon, and as grounds therefore show the Com1as follows:

1. Baker contacted counsel long after the Court-established deadline about filing a claim.

2. He was unaware of the deadline.

3. No prejudice will result from the acceptance of the late filings. Such filings have been filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS.

4. No action has been taken in the limitation proceeding that could cause prejudice to any other party to the proceeding.

5. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas GulfSulphur Co. v. Blue Stack Towing Co.,* 313 FJd 359,362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.,* No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (citing *Golnoy Barge Co. v. MIT Shinoussa,* 980 F.2d 349, 351 (5th Cir. 1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, Claimant respectfully requests that the Court accept his late-filed short form and grant the accompanying Motion for Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011 Deadline.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

*R. Todd Elias*

R. Todd Elias
Federal:            21551
Texas Bar No.:      00787427
Steve Gordon
Texas Bar No. :     08207980
Jeff Seely
Texas Bar No.:      24033172
1811 Bering Drive, Suite 300
Houston, Texas  77057
Telephone:          713-668-9999
Facsimile:          713-668-1980

## CERTIFICATE OF SERVICE

I certify that the above and foregoing Memorandum in Support of Motion for Acceptance of Limitation short Form Joinders Filed Beyond the September 16, 2011 Deadline will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of April, 2013.

*R. Todd Elias*

R. Todd Elias