# UNITED STATES DISTRICT COURT
## EASTERN DISCTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig                         MDL No. 2179; CA 10-2771;
"Deepwater Horizon" in the Gulf                              and CA-10-8888
Of Mexico, on April 20, 2010

                                                        SECTION J

CHALMERS, COLLINS,                                      JUDGE BARBIER
& ALLWELL, Inc.
      **Plaintiff**                                     MAGISTRATE SHUSHAN


      **Versus**

BP EXPLOARTION & PRODUCTION, INC.
BP AMERICA PRODUCTION COMPANY
BP P.L.C.
      **Defendants**


## COMPLAINT FOR DAMAGES

## RULE 9(h)

1.

On or about April 20, 2010, the Deepwater Horizon drilling platform exploded and sank,

causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and

resulting in the worst maritime environmental disaster in United States history.

2.

Plaintiff has suffered economic injury, damage and/or losses as a result of the oil spill.

3.

Plaintiff, CHALMERS, COLLINS, & ALLWELL, Inc. brings this civil action as a

related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER

HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff, CHALMERS, COLLINS, & ALLWELL, Inc., a Louisiana business corporation, is a citizen of Lafayette, Louisiana, and claims damages as set forth below.

5.

In filing this Complaint, Plaintiff hereby asserts by adoption and reference a claim in the Complaint and Petition of Triton Asset Leasing GmbH, et al., No. 10-2771; adopts and incorporates the Master Answer [Rec. Doc. 244] to the Complaint and Petition of Triton Asset Leasing GmbH, et al., in No. 10-2771; intervenes into, joins and otherwise adopts the Master Complaint [Rec. Doc 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179), including any subsequent supplemental or amending complaints thereto; and adopts and incorporates the allegations in the Direct Filing Short Form 1.  Plaintiff's claims herein are made without prejudice to the claims of Plaintiff made within the Direct Filing Short Form referenced above.  Plaintiff re-alleges and maintains all claims made against BP and all other defendants in said Direct Filing Short Form.

6.

Plaintiff brings this case against the following defendants:

a)    BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois.  This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

b)    BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

c)    BP p.l.c., a British public limited company with its corporate headquarters in London, England.  This court has general jurisdiction over BP p.l.c pursuant to

Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. are referenced herein collectively as "BP."

7.

Jurisdiction and venue exist before this Court.  Specific allegations of jurisdiction and venue as set forth in the Master Complaint, including any subsequent supplemental or amending complaints thereto, are adopted and plead herein.

8.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances: Plaintiff provided consulting services to various customers engaged in operations in the Gulf of Mexico. The operations of those customers either ceased or were substantially curtailed as a direct result of the oil spill, resulting in the loss of profits to the plaintiff.  The present value of those lost profits exceeds $1,200,000.

9.

Pursuant to the Court's prior Orders, Plaintiff filed a Direct Filing Short Form 1, in this matter wherein it asserted various claims against the Defendants named herein.   Plaintiff contends that the transmissions, claims, and/or filings, including but not limited to the Direct Filing Short Form, made by Plaintiff to BP and/or BP's agents/representatives/administrators were sufficient to protect all of Plaintiff's rights in this matter, including the full satisfaction of the "Presentment" requirement under the Oil Pollution Act (OPA) to BP as the "Responsible Party" under OPA.  BP has acknowledged Plaintiff's peresentment, but failed to accept or

sufficiently respond to Plaintiff's presentment.   Accordingly, Plaintiff is entitled to file the instant Complaint.

10.

In addition to Plaintiff's other transmissions, claims and filings, Plaintiff, out of an abundance of caution, made and/or re-made claim Presentment in accord with 33 USC §§ 2702(b) and 2713 by submitting a description of the claim with a "sum certain" demand and with supporting documentation to BP as the "Responsible Party" under OPA via mail and electronic transmission, on or about March 26, 2013. Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

11.

Plaintiff's claims for relief against each of the Defendants is adopted from the Master Complaint referenced above, including any subsequent supplemental or amending complaints thereto, and are incorporated and re-alleged herein.  Said claims include, but are not limited to, all applicable claims under the general maritime law and the Oil Pollution Act, as well as state law claims for relief, punitive damages and declaratory relief, all as alleged with particularity and found within the Master Complaint, including any subsequent supplemental or amending complaints thereto.

12.

As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future.  Said damages sustained by Plaintiff and recoverable from the named Defendants include, but are not limited to, the following:

a)      economic, income, property and compensatory damages;

b)      punitive and/or exemplary damages;

c)      pre-judgment and post-judgment interest at the maximum rate allowable by law;

d)      attorneys' fees, claims preparation defenses, and costs of litigation;

e)      declaratory and injunctive relief; and

f)      such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

Respectfully submitted,

MURRAY LAW FIRM

/s/ John Alden Meade 29975
jameade@murray-lawfirm.com
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
504-525-8100
504-584-5249 (fax)

YOUNG & COTTER, LLC

/s/ Adam G. Young, 30124
adam@adamyounglaw.com
315 South College Road, Suite 163
Lafayette, Louisiana 70503
337-261-8800
337-234-3133 (fax)