# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: No. 10-2771; No. 10-9999 | | * * * | MAG. JUDGE SHUSHAN |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE TO FILE ANSWER AND CLAIM IN LIMITATION ACTION

**MAY IT PLEASE THE COURT:**

Claimant, Hospital Service District No. 1 of Iberia Parish, commonly known as Iberia Medical Center (hereinafter "Iberia"), respectfully submits this memorandum in support of its Motion for Leave to File Answer and Claim in Limitation Action, and avers as follows:

(1) The deadline for filing an answer and claim in the Limitation Action (Civil Action No. 10-2771) was April 20, 2011. Answers and claims were ultimately allowed by the Court through September 16, 2011 and have been allowed since that time by leave of Court.

(2) Iberia was unaware of the Court-established deadline and had not fully realized its damages from the Deepwater Horizon explosion and the resulting oil spill at the time of the deadline.

(3) After the deadline passed, Iberia contacted undersigned counsel to assist it in pursuing recovery on its damages.

(4) On April 18, 2013, Iberia filed its Local Government Entity Short Form in Civil Action No. 10-9999 (Exhibit A to Iberia's Motion), as per the procedure approved

by the Court. The Court's procedure was designed to facilitate intervention into the Local Government Entity Master Complaint (Rec. Doc. 1510 in Civil Action No. 10-md-2179) and the simultaneous filing of an answer and claim in the Limitation Action.

(5) No prejudice will result from the Court's allowance of Iberia's answer and claim in the Limitation Action, as the action is still pending and not determined and the statute of limitations on Iberia's claims has not run. Therefore, no party's rights will be adversely affected.

(6) Under Supplemental Admiralty Rule F(4), a court has discretion to permit the late filing of a claim in limitation. *See Golnay Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993).

(7) The Court has granted similar motions during the pendency of the Limitation Action under similar circumstances.

**WHEREFORE**, Iberia prays that this Honorable Court grant its present Motion and order that Iberia's answer and claim in the Limitation Action, via its Local Government Entity Short Form, be deemed timely and allowed.

[SPACE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

/s/ *Normand F. Pizza*
Normand F. Pizza (#8692) (T.A.)
Thomas S. Schneidau (#33359)
MILLING BENSON WOODWARD L.L.P.
827 West 22nd Avenue
Covington, Louisiana 70433
Telephone: 985-871-3924
Facsimile: 985-871-6957
npizza@millinglaw.com
tschneidau@millinglaw.com
*Attorneys for Hospital Service District No. 1 of Iberia Parish*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of April, 2013.

/s/ *Normand F. Pizza*
Normand F. Pizza

417287/87626