UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * | CIVIL ACTION NO. 2:10-MDL-02179 SECTION "J" |
| THIS DOCUMENT RELATES TO: CASE NO: 2:10-cv-08888; 2:10-cv-02771 | * * * * | JUDGE BARBIER MAGISTRATE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE

Claimants as set forth and identified in Exhibit "A" ("Claimants") file this Memorandum in Support of the accompanying Motion for Acceptance of Short Form Joinders Beyond the September 16, 2011 Deadline and show the Court as follows:

**I.**

**The Court Should Grant Claimants' Motion for Leave**

1. Claimants have each filed short forms complaints and are joint movants for the purpose of this motion.

2. Claimants requests leave and acceptance of Claimants' filed claims in the limitation proceeding.

3. Claimants have (1) at all times prior to their respective short form filings attempted to resolve their respective claims exclusively by and through submissions made to the Gulf Coast Claims Facility and/or Court Supervised Settlement Program have therefore abstained from seeking relief through the Court or (2) contacted counsel after September 16, 2011, seeking assistance in filing claims for injuries and damages occurred as a result of the Deepwater Horizon explosion and resulting oil spill and were unaware of the Court-

established deadlines, or had not yet fully realized their damages, and did not originally file in the Transocean limitation proceeding.

4. No prejudice will result from the acceptance of these proposed filings.

5. The applicable limitations period for Claimants' claims have not yet run.

6. Claimants have not previously sought relief from this Court;

7. Further, such filings have been filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS.

8. No action has been taken in the limitation proceeding which could cause prejudice to any other party to the proceeding.

9. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by petitioners in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulfur Co. v. Blue Stack Towing Co.,* 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the Court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.,* No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (citing *Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir, 1993)).

10. Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these claims are deemed timely.

11. Limitation has not been determined; and there is no prejudice to the petitioners or other defendants.

## II.

## Conclusion

Claimants respectfully request that the Court accept their short forms complaints and grant the accompanying Motion for Acceptance of Short Form Joinders Beyond the September 16, 2011 Deadline.

**DATED: April 19, 2013**

                        Respectfully Submitted,

/s/ *Noah M. Wexler*
Noah M. Wexler
Texas Bar No: 24060816
Arnold & Itkin LLP
1401 McKinney, Suite 2550
Houston, Texas 77010
713.222.3800 Phone
713.222.3850 Fax

**ATTORNEY FOR CLAIMANTS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on April 19, 2013.

/s/ *Noah M. Wexler*
Noah M. Wexler