UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL-SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179  SECTION J: MAG. 1 |
| This Document Relates To: | JUDGE BARBIER |
| In Re: 10-9999 Short-Form Joinder | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION FOR LEAVE TO FILE SHORT FORM JOINDER BEYOND SEPTEMBER 16, 2011 MONITION DATE**

**NOW INTO COURT,** through undersigned counsel, comes CAMERON PARISH SCHOOL BOARD, individually, which has filed its Short Form Joinder in Civil Action No. 10-9999 (the "Claimant"). Undersigned counsel respectfully requests leave to file Claimant's Short Form Joinder in the limitation proceeding brought by Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., as Owner; Managing Owners, Owners Pro Hac Vice, and/or Operators of the *MODU Deepwater Horizon*, Civil Action No. 10-2771 (the "Transocean Limitation Proceeding").[1]

In support of its motion, the Claimant declares as follows:

1. The Honorable Court established a deadline for the filing of claims in the Transocean limitation proceeding, which was extended to September 16, 2011.

---

[1] To the extent that Claimant will settle its claims against BP and related entities, its Short Form Joinder shall be construed to relate only to those defendants and/or claims *not* released under its settlement agreement.

2. Upon review of Deepwater Horizon Settlement documentation, Claimants have viable claims against the defendants.

3. No prejudice will result from the acceptance of the Short Form Joinder filed after September 16, 2011. Moreover, no action has been taken in the Transocean Limitation Proceeding which could have prejudiced any other party to the proceeding.

4. The Transocean Limitation Proceeding is pending and undetermined.

5. Some seventy-two (72) local government entities have filed Short Form Joinders since the monition deadline, sixty (60) of which were filed in 2013 alone.

6. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of the late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (*citing Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, the Claimant respectfully moves this Honorable Court for an Order granting this Motion for Leave to File Short Form Joinder and that this Court deem that said Short Form Joinder is timely filed in the Transocean Limitation Proceeding.

Respectfully submitted,

**HOFFOSS DEVALL, LLC**

s/ J. Lee Hoffoss, Jr.
**J. LEE HOFFOSS, JR. (#29254)**
**CLAUDE P. DEVALL (#29148)**
3205 Ryan Street
Lake Charles, LA 70601
337-433-2053
337-433-2055 fax
jlhoffoss@hdinjurylaw.com
tclaudedevall@yahoo.com

Of counsel, Cameron Parish School Board

## CERTIFICATE OF SERVICE

I hereby certify that, on April 19, 2013, I filed and served the foregoing pleading via this Court's CM/ECF Filing System with the clerk of Court of the United States District Courthouse for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, thereby effecting service on all counsel of record.

/s/ J. Lee Hoffoss, Jr.
J. LEE HOFFOSS, JR.