UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DELACROIX CORPORATION | * | CIVIL ACTION NO. 2:11cv01317 |
| VERSUS | * | c/w MDL 2179 |
| BP PRODUCTS NORTH AMERICA, INC., BP AMERICAN, INC., THE GOVERNOR'S OFFICE OF COASTAL ACTIVITIES OF THE STATE OF LOUISIANA, THE OFFICE OF COASTAL PROTECTION AND RESTORATION OF THE STATE OF LOUISIANA, THE DEPARTMENT OF NATURAL RESOURCES OF THE STATE OF LOUISIANA, AND THE PARISH OF PLAQUEMINES | * * * * * | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Delacroix Corporation ("Delacroix") who submits its First Supplemental and Amended Complaint in the above captioned matter to respectfully aver as follows:

1.

Delacroix filed its original Petition for Damages in state court, case number 58-680 in the 25th Judicial District for the Parish of Plaquemines seeking damages as a result of the Deepwater Horizon oil spill.

2.

Among the defendants named in the original Petition for Damages were BP Products North American, INC and BP America, Inc. (the BP entities).

3.

The BP entities removed the case to the U.S. District Court for the Eastern District of Louisiana.

4.

The case was then consolidated with the MDL Deepwater Horizon litigation.

5.

Much of the MDL litigation was resolved through the Deepwater Horizon Economic & Property Damages Settlement.

6.

The Settlement did not resolve those property claims that did not fall within the parameters of the property covered and defined under the Settlement.

7.

The Settlement includes property damage claims for those properties that the Settlement identified as Coastal Real Property Damage, Wetlands Real Property Damage or Real Property Sales Loss.

8.

To the extent the property damages sustained by Delacroix as alleged in the Original Petition and herein do not fall within any of the specific Property Damage categories identified by the Settlement or are not otherwise recoverable under the Settlement, then alternatively recovery for such damage is sought here.

9.

In addition to the claims originally asserted by Delacroix in its original Petition for Damages, which are re-averred and reasserted herein against all defendants in its entirety, Delacroix Supplements its claim to assert a claim under the Oil Pollution Act.

10.

**OIL POLLUTION ACT**

The Oil Pollution Act ("OPA") imposes liability upon a "responsible party for a... facility from which oil is discharged ... into or upon navigable waters or adjoining shorelines" for the "damages that result from such incident." 33 U.S.C. § 2702.

11.

Under the OPA the responsible party is strictly liable to pay for removal costs and damages that result from an actual or threatened discharge of oil.

12.

As a result of the oil spill, Delacroix suffered the type of property damages that may be recovered under the OPA and they demand compensation therefore from BP in amounts to be determined by the trier of fact.

13.

Delacroix has satisfied the presentment of its claim under the OPA by providing BP with a specific list of damages sustained and a sum certain damage amount to the Delacroix property that would not have occurred but for the Deepwater Horizon oil spill for which BP is the responsible party.

14.

Delacroix further asserts oil contamination on its property due to and resulting from the oil

spill.

15.

BP has and has had evidence of the presence of oil on the Delacroix property based on GPS devices BP and its agents provided VOO boat captains to record the presence of oil during the clean up.

16.

To the extent punitive damages are available, Plaintiff asserts a claim based on BP's bad faith and intentional disregard for the evidence of oil contamination on the Delacroix property of which it had knowledge.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Delacroix demands judgment against Defendants, jointly, severally and *in solido,* as follows:

a. property damages in amounts to be determined at trial;

b. Punitive damages;

c. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d. Attorneys' fees and costs of litigation;

e. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate; and

f. A trial by jury as to all Defendants.

Respectfully submitted:

/s/ Melinda Benge Brown
MELINDA BENGE BROWN (#26220)
DONNA M. BORRELLO (#16817)
LAURIN M. JACOBSEN (#32164)

        206 Decatur Street
        New Orleans, Louisiana 70130
        Telephone: (504) 595-6191
        Facsimile: (504) 595-6192
        Email: mbbrown@delacorixcorp.com

        AND

        /s/ Robert E. Couhig, Jr.
        Robert E. Couhig, Jr. (#4439)
        Lisa L. Maher (#21326)
        Jonathan P. Lemann (# 26830)

        Couhig Partners, L.L.C.
        3250 Energy Centre • 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone: (504) 588-1288
        Facsimile: (504) 588-9750
        Email: couhigre@couhigpartners.com

## CERTIFICATE OF SERVICE

     I certify that a copy of the foregoing pleading has been served on all counsel of record through this Court's electronic case filing system and through Lexis Nexis File and Serve on this 19th day of April 2013.

        /s/ Robert E. Couhig, Jr.
        Robert E. Couhig, Jr.