UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER |
| Applies to:   All Cases 2:10-cv-02771 | § § § | MAG. JUDGE SHUSHAN |

### HESI'S 4/19/2013 CUMULATIVE OBJECTIONS
### TO PHASE TWO EXHIBITS DESIGNATED BY OTHER PARTIES

Halliburton Energy Services, Inc. ("HESI") respectfully submits its cumulative Objections to Phase Two Exhibits Designated By Other Parties as follows:

Attached as Exhibit A is HESI's spreadsheet of objections to other parties' Phase Two trial exhibits.

**Objections to Phase Two Exhibits:**   Exhibit A includes HESI's objections to trial exhibits designated by other parties in their Phase Two Exhibit Lists, First and Second Installments.  HESI reserves its right to object to any Phase Two exhibits designated by other parties after March 29, 2013, the deadline to file Second Installment Phase Two Exhibit Lists. (*See* Rec. Doc. 7888 and 8877).  Because Phase Two discovery is not yet complete, HESI also reserves the right to add to or otherwise modify this list of objections.

One of the ultimate issues to be determined in the Phase Two trial is the total amount of hydrocarbons released from the Macondo well, and the related issue of the daily flow rate of such hydrocarbons.  Any calculation of released hydrocarbons must be supported by the analysis and testimony of competent expert witnesses.  Accordingly, HESI objects to all exhibits which are, in essence, premature "expert" reports and/or those exhibits that offer "expert" opinions at

this stage in the litigation regarding the ultimate issue of total hydrocarbon discharge or daily hydrocarbon flow rate.  To the extent that any exhibit fails to satisfy the restrictions of Federal Rule of Civil Procedure 26, Federal Rule of Evidence 702 and the requirements of *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), HESI reserves the right to object to such exhibits.

**Objections to Witness Interview Notes:**  The parties designated exhibits that are purportedly typewritten or handwritten notes of witness interviews.  Pursuant to Federal Rule of Evidence 802, these exhibits constitute inadmissible hearsay, but may be admissible against the declarant as a party admission.  To the extent any statement contained in the notes purports to be an expert opinion, it is objectionable under Rule 702.

**Objections to Prior Testimony:**  Exhibits that constitute prior testimony or prior recorded statements are inadmissible hearsay.  *See* FED. R. EVID. 802.  If prior testimony or a recorded statement is related to the United States Coast Guard investigation, it is inadmissible pursuant to 46 U.S.C. § 6308.  However, if a particular witness invokes his or her Fifth Amendment right at trial, or is otherwise unavailable, all or portions of that witness' testimony may be admissible.  (*See* Rec. Doc. 4522).

**Party Admissions:**  Although HESI objects to numerous documents and prior testimony as hearsay, such exhibits may constitute admissions by a party opponent.  HESI's hearsay objections shall not constitute a waiver of its right to use such exhibits in cross-examination against an opposing party.  *See* FED. R. EVID. 804(b)(3).  If HESI uses any exhibit in cross-examination pursuant to Rule 804(b)(3), HESI does not waive its right to object to the exhibit's use against HESI.

**Authentication Objections:**  During Phase One, the parties agreed to cure any exhibits with improper highlighting and handwriting.  HESI will continue to confer with other parties

regarding these issues, but reserves the right to object to any exhibit that is not cured before the Phase Two trial.

**Objections to Unknown or Unavailable Exhibits:** Some of the other parties' exhibits are not identified by Bates numbers or are otherwise unavailable or unviewable to HESI. HESI has made and will continue to make good faith efforts to locate such exhibits and will continue to confer with the other parties regarding this issue. HESI reserves its right to object to any exhibits that are not Bates numbered and those that are not otherwise available or viewable to HESI.

**Objections to Deposition Testimony and Exhibits Identified in Deposition Cuts:** Because the Court established separate processes for objections to deposition designations, Exhibit A does not include objections to any deposition testimony. HESI reserves the right to object to any deposition exhibits designated on or after March 29, 2013.

**Objections Apply to Duplicate Exhibits:** HESI's objection to one exhibit applies to all duplicates and/or versions of that exhibit.

Dated: April 19, 2013.

regarding these issues, but reserves the right to object to any exhibit that is not cured before the Phase Two trial.

**Objections to Unknown or Unavailable Exhibits:** Some of the other parties' exhibits are not identified by Bates numbers or are otherwise unavailable or unviewable to HESI. HESI has made and will continue to make good faith efforts to locate such exhibits and will continue to confer with the other parties regarding this issue. HESI reserves its right to object to any exhibits that are not Bates numbered and those that are not otherwise available or viewable to HESI.

**Objections to Deposition Testimony and Exhibits Identified in Deposition Cuts:** Because the Court established separate processes for objections to deposition designations, Exhibit A does not include objections to any deposition testimony. HESI reserves the right to object to any deposition exhibits designated on or after March 29, 2013.

**Objections Apply to Duplicate Exhibits:** HESI's objection to one exhibit applies to all duplicates and/or versions of that exhibit.

Dated: April 19, 2013.

Respectfully submitted,

**GODWIN LEWIS PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing HESI'S 4/19/2013 Cumulative Objections To Phase Two Exhibits Designated by Other Parties, has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 19th day of April, 2013.

                        /s/ Donald E. Godwin
                        Donald E. Godwin