UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In re: | Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION: J |
| Applies to: *All Cases*. | | * * | JUDGE BARBIER MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### OBJECTIONS OF DEFENDANTS ANADARKO PETROLEUM CORPORATION AND ANADARKO E&P COMPANY TO SECOND INSTALLMENTS OF PHASE TWO GOOD-FAITH TRIAL EXHIBIT LISTS

Pursuant to the Court's Phase Two Trial Preparation Timeline (Document 8123, December 21, 2013), Defendants Anadarko Petroleum Corporation and Anadarko E&P Company (collectively "Anadarko") respectfully submit herewith (as Exhibit A) their objections to certain exhibits on other parties' Second Installments of Phase Two Good-Faith Exhibit Lists.

Anadarko respectfully reserves the right to add, remove, or modify its objections. Any objection on this list to any particular exhibit acts as an objection to all other exhibits that are duplicative or substantially similar but have different trial exhibit numbers. If a party divides or subdivides an exhibit into subsections, Anadarko makes the same objections to those subsections as it did to the original exhibit. To the extent that Anadarko objects to a specific exhibit for reasons other than incompleteness, Anadarko also objects to all "cured" versions of that exhibit.

Anadarko further reserves the right: (1) to add and/or remove objections based on objections by other parties; (2) to add and/or remove objections based on any party's motions in limine or rulings by the Court; (3) to add objections as to foundation depending on what foundation is proffered at trial (including but not limited to assertions of foundation on the basis of the business records exception to the hearsay rule); (4) to add, remove and/or modify

A/75492728.3

objections in light of other parties' pre-trial filings, exhibit lists, physical exhibits, photographs, and demonstratives, as well as the evidence and arguments presented by other parties at trial; (5) to add, remove and/or modify objections in light of ensuing deposition designations; (6) to add, remove and/or modify objections based on documents produced by other parties subsequent to this date, or documents otherwise identified in connection with the completion of Phase II discovery; (7) to add, remove and/or modify objections based on the Phase II expert discovery process; (8) to add, remove and/or modify objections in light of the parties' listing of witnesses on their witness lists; (9) to object to any exhibit related only to non-Phase II issues; (10) to object to any exhibit whose admission is barred by statute or regulation, such as exhibits relating to the Marine Board or U.S. Chemical Safety Board investigations; (11) to object to documents addressed in Anadarko's motions in limine subsequent to this date or that violate the Court's ruling on Anadarko's motion in limine issued prior to this date; (12) to object to exhibits that consist of deposition testimony, deposition designations, or deposition summaries; (13) to object to any exhibit that any party has insufficiently or incorrectly identified on its exhibit list, or that it has not yet produced; (14) to introduce at trial any exhibit to which Anadarko has objected (*e.g.*, a document may be offered as an admission against another party but may be hearsay with regard to Anadarko); (15) to object at trial to all photographic, demonstrative and/or physical exhibits; (16) to object to the introduction and/or use of all third-party investigation reports and all testimony, attachments, figures, pictures, and documents related thereto; (17) to object to the introduction and/or use of all exhibits that set forth full or partial expert reports, including all attachments, figures, pictures, graphs, and related documents attached thereto or included therein; and (18) to supplement this list with objections to future deposition exhibits.

By objection to certain exhibits, Anadarko does not waive the right to introduce such exhibits at trial.

Dated: April 19, 2013

Respectfully submitted,

\_\_\_/s/ Ky E. Kirby_____

Ky E. Kirby
Ky.Kirby@bingham.com
Warren Anthony Fitch
Tony.Fitch@bingham.com
Michael B. Wigmore
Michael.Wigmore@bingham.com
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
Jim.Dragna@bingham.com
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Deborah D. Kuchler (La. Bar No. 17013)
Janika Polk (La. Bar No. 27608)
Robert Guidry (La. Bar No. 28064)
KUCHLER POLK SCHELL
WEINER & RICHESON, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA 70112

**ATTORNEYS FOR ANADARKO PETROLEUM CORPORATION AND ANADARKO E&P COMPANY LP**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing Objections of Defendants Anadarko Petroleum Corporation and Anadarko E&P Company to Second Installments of Phase Two Good-Faith Trial Exhibit Lists to be served on all counsel via the Lexis Nexis File & Serve system (and by email with the exhibit list in native format), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on April 19, 2013.

          /s/  Ky E. Kirby