**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| NEW BASTION DEVELOPMENT, INC., | ) | |
| | ) | |
| | ) | Civil Action No.: _________ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| BP p.l.c., BP EXPLORATION AND PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, TRANSOCEAN, LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC, TRITON ASSET LEASING GMBH, M-I, LLC, CAMERON INTERNATIONAL CORPORATION F/K/A COOPER-CAMERON CORPORATION, ANADARKO PETROLEUM CORPORATION CO., ANADARKO E&P COMPANY LP, MOEX OFFSHORE 2007 LLC, MOEX USA CORPORATION, MITSUI OIL EXPLORATION CO., LTD., AND HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

New Bastion Development, Inc. ("New Bastion" or "Plaintiff") files this complaint and jury demand against BP p.l.c., BP Exploration and Production, Inc., BP American Production Company, BP America, Inc., Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GMBH, M-I, LLC, Cameron International Corporation F/K/A Cooper-Cameron Corporation, Anadarko Petroleum Corporation Co., Anadarko E&P Company LP, MOEX Offshore 2007, LLC, MOEX USA Corp., Mitsui Oil

Exploration Co., Ltd., and Halliburton Energy Services, Inc. (collectively referred to as "Defendants") for cause of action that will show unto the court as follows:

## PRESENTMENT

1. Plaintiff has finalized presentment of its claims pursuant to 33 U.S.C. § 2713 under the Oil Pollution Act, which states "all claims for removal costs or damages shall be presented first to the responsible party." Ninety (90) days have expired from Plaintiff's presentment of claims and the claims have not been settled by any person by payment. 33 U.S.C. § 2713(c)(2). Plaintiff has satisfied the mandatory condition precedent to file this suit.

## NATURE OF ACTION

2. On April 20, 2010, a blowout, explosion, and multiple fires occurred aboard the mobile offshore drilling rig *Deepwater Horizon*, resulting in the sinking of the *Deepwater Horizon* and an oil spill in the Gulf of Mexico ("the Spill") that has caused, is causing, and will continue to cause, damage to the Plaintiff. This is an action for damages, penalties, and other relief by the Plaintiff against the parties known to be responsible for the Spill. The Defendants named in this lawsuit collectively and individually engaged in grossly negligent, wanton, and reckless conduct in the drilling and operation of the Macondo well, the operation of the *Deepwater Horizon*, and the containment of the Spill.

3. Defendants' actions resulted in the blowout of the Macondo well, caused the explosion, burning, and sinking of the *Deepwater Horizon* rig, and directly resulted in the release of crude oil and other pollutants into the waters of the Gulf of Mexico and of the Plaintiff. These pollutants have damaged, are damaging, and will continue to damage Plaintiff's coastal environment, communities, property, and economic livelihood.

4. Plaintiff, by and through its attorneys, brings this enforcement action for a declaratory judgment, to recover the economic damages, as well as for compensatory, punitive, and other damages, to the fullest extent allowed by federal law.

## PARTIES

### A. Plaintiff

5. New Bastion is incorporated in Florida and has its principal office at 11985 Southern Blvd., Royal Palm Beach, Florida 33411. Unless otherwise specified New Bastion, as used herein, refers to New Bastion Development, Inc., and unless the context otherwise indicates, its wholly-owned subsidiaries.

### B. Defendants

6. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois. BP Exploration was a lease holder and the designated operator in the lease granted by the former Minerals Management Service1 ("MMS") allowing it to perform oil exploration, drilling, and production-related operations in Mississippi Canyon Block 252, the location known as "Macondo" where the Spill originated. BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. § 2714. This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

7. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas. BP America was the party to the Drilling Contract with Transocean Ltd.

for the drilling of the Macondo well by the Deepwater Horizon vessel. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

8. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation BP p.l.c is a British public limited company with its corporate headquarters in London, England. BP p.l.c. is the global parent company of the worldwide business operating under the "BP" logo. BP p.l.c. is one of the world's largest energy companies with over 80,000 employees and $239 billion in revenues in 2009. BP p.l.c. operates its various business divisions, such as the "Exploration and Production" division in which BP Exploration and BP America fall, through vertical business arrangements aligned by product or service groups. BP p.l.c.'s operations are worldwide, including in the United States. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and are sufficiently controlled by BP p.l.c. so as to be BP p.l.c.'s agents in Louisiana and the U.S. more generally.

9. BP Exploration, BP America, and BP p.l.c. are generally referred to herein collectively as "BP." As lease operator of the Macondo prospect site, BP was responsible for assessing the geology of the prospect site, engineering the well design, obtaining regulatory approvals for well operations, and retaining and overseeing the contractors working on the various aspects of the well and the drilling operations.

10. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Transocean Ltd. ("Transocean Ltd.") is a Swiss corporation that maintains substantial U. S. offices in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Ltd. was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

11. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Transocean Offshore Deepwater Drilling, Inc. ("Transocean Offshore") is a Delaware corporation

with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Offshore is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

12. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Transocean Deepwater, Inc. ("Transocean Deepwater"), is a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Deepwater is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

13. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Transocean Holdings, LLC ("Transocean Holdings") is a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Holdings is affiliated with Transocean Ltd. and is a wholly-owned subsidiary of Transocean Offshore. Transocean Holdings is an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

14. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Triton Asset Leasing GmbH ("Triton") is a Swiss limited liability company with its principal place of business in Zug, Switzerland. Triton is affiliated with Transocean Ltd. and is an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

15. Defendants, Cross-Claim Defendants in Limitation, and/or Third-Party Defendants in Limitation Transocean Ltd., Transocean Deepwater, Transocean Offshore, Transocean Holdings, and Triton are hereinafter referred to collectively as "Transocean."

16. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Halliburton is registered to do and does business in the State of Louisiana.

Halliburton division Sperry Drilling Services (formerly Sperry Sun Drilling Services) was responsible for mudlogging personnel and equipment on the Deepwater Horizon, including downhole drilling tools. Sperry mudlogging personnel were partially responsible for monitoring the well, including mud pit fluid levels, mud flow in and out of the well, mud gas levels, and pressure fluctuations. Throughout this Complaint, Cross-Claim, and Third- Party Complaint, "Halliburton" shall refer to both Halliburton Energy Services, Inc. and its Sperry division.

17. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation M-I, LLC ("M-I") is a Delaware limited liability company with its principal place of business in Wilmington, Delaware, and that at all relevant times was registered to do, and was doing, business in Louisiana and within this district.

18. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron") is a Delaware corporation with its principal place of business in Houston, Texas. Cameron is registered to do and does business in the State of Louisiana.

19. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Anadarko Petroleum Corporation Co. ("Anadarko") is a Delaware corporation with its principal place of business in The Woodlands, Texas. Anadarko is registered to do and does business in the State of Louisiana.

20. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Anadarko E&P Company LP ("Anadarko E&P") is a Delaware limited partnership with its principal place of business in The Woodlands, Texas. Anadarko E&P is registered to do and does business in the State of Louisiana.

21. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation MOEX Offshore 2007 LLC ("MOEX Offshore") is a Delaware corporation with its principal place

of business in Houston, Texas. MOEX Offshore does business in the State of Louisiana and/or in state and/or federal waters off the coast of Louisiana.

22. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation MOEX USA Corporation ("MOEX USA") is incorporated in Delaware and has its principal place of business in Houston, Texas. MOEX USA is the parent company of MOEX Offshore.

23. Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Mitsui Oil Exploration Co., Ltd. ("MOECO") is incorporated in Japan and has its principal place of business in Tokyo, Japan.

24. Defendants MOEX Offshore, MOEX USA, and MOECO are referred to collectively herein as "MOEX."

25. While BP was the sole lease operator of the *Deepwater Horizon*, Anadarko, Anadarko E&P, and MOEX were considered non-operational leaseholders. On October 1, 2009, BP Exploration, as operator, and MOEX Offshore, as non-operator, entered into the Macondo Prospect Offshore Deepwater Operating Agreement. On December 17, 2009, BP Exploration, MOEX Offshore, Andarko E&P, and Andarko executed a "Joinder" of the Operating Agreement. Subsequently, the parties to the Operating Agreement held the following ownership percentages in the Macondo Prospect: BP Exploration, 65%; MOEX Offshore, 10%; Anadarko E&P, 22.5%; and, Anadarko, 2.5%. According to the MMS's website, effective April 1, 2010, record title interest in the Macondo prospect was held as follows: BP Exploration, 65%; MOEX Offshore, 10%; and, Anadarko, 25%. As joint holders of a leasehold interest in an oil or gas lease on land beneath navigable waters, Defendants Anadarko, Anadarko E&P, and MOEX are jointly, severally, and solidarily liable with their codefendants BP pursuant to the Oil Pollution Act. Anadarko, Anadarko E&P, and MOEX also had access to Halliburton/Sperry Sun INSITE real-time data that was transmitted from the *Deepwater Horizon* on April 20, 2010, and therefore knew or should have known of the red flags indicating a leak in the well in sufficient time to avert the disaster.

26. Drilling Defendants, Cameron, Anadarko, Anadarko E&P, and MOEX are jointly, severally, and solidarily liable under various principles of federal, maritime, and/or applicable State law, and under the Oil Pollution Act.

## JURISDICTION

27. The claims presented in this Complaint are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction exists pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction." Jurisdiction also exists pursuant to the Admiralty Extension Act, 46 U.S.C. § 30101, which extends the admiralty and maritime jurisdiction of the United States to cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land.

28. The claims presented invoke the Court's jurisdiction under the Oil Pollution Act, 33 U.S.C. § 2717 (b) (the "OPA"). *See* 28 U.S.C. § 1331.

29. The claims presented invoke the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

## VENUE

30. Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §1391(b) and the MDL Transfer Order.

## ALLEGATIONS

31. New Bastion is principally engaged in the development and sale of Florida golf courses, country club memberships, and real estate. New Bastion offers large single-family building sites for

sale in communities designed by New Bastion and surrounding golf courses and other country club style amenities developed by New Bastion.

32. New Bastion's developments are located, *inter alia*, in Jackson County, in northwest Florida. The community is located approximately 35 miles north of Panama City. The Jackson County development contains approximately 757 acres that are subdivided into approximately 272 one-acre building sites around a championship, private membership only 18-hole golf course.

33. On April 20, 2010, the largest and most devastating oil spill in United States history occurred. In a matter of months a vibrant and growing Gulf Coast residential real estate economy had the life sapped out of it. As a direct result of the unprecedented amount of released oil, New Bastion's real estate and club membership sales plummeted to zero by mid summer of 2010. The continued complete absence of sales continued and by the end of 2010 New Bastion was forced to cease marketing and selling its club memberships and building sites.

34. New Bastion is an innocent victim of the Defendants' reckless pursuit of profits in disregard of the safety, environmental integrity, and the economic health of an entire region. New Bastion has suffered direct, physical damages as a result of oil discharged by the Deepwater Horizon incident.

35. The value of New Bastion's assets, book or enterprise value, earning power, and worth of its significant land holdings, are all inextricably tied to the continued environmental vitality of the Gulf Coast.

36. New Bastion's assets and its enterprise or going concern value include its revenues from operation of country club amenities, as well as its inventory of properties within its Florida Panhandle projects and developments. New Bastion's value as an enterprise has been significantly diminished following the spill, by the amount of $30,000,000.00, as nearly as may be estimated at this time. The unprecedented release of approximately 210,000,000 gallons of oil and the resulting

damage to natural resources impacted the Northwestern Florida business and the real estate economy and had a sustained and lasting effect on New Bastion's value.

37. New Bastion's developments and memberships had been marketed to a vacation and retirement demographic. The purchase of a property or memberships that one would use for his or her vacation or retirement is typically a one-time decision. The Macondo 252 spill was a significant contributing factor to the rapid decline in New Bastion's sale of memberships and building sites. Prospective purchasers were looking elsewhere for the one-time purchase of a vacation or retirement home, such as beach communities in the Carolinas or the East Coast of Florida that were unaffected by the spill.

38. Defendants' gross misconduct on the Deep Water Horizon directly and proximately caused New Bastion to sustain significant financial losses. New Bastion files this suit seeking to recover damages for the harm caused by defendants and for punitive damages to punish Defendants for their callous indifference for the rights and safety of others.

39. Plaintiff hereby incorporates by reference all of the allegations pertaining to the liability of the Defendants referenced in Document 6412 as if set forth herein: ***Amended Class Action Complaint for Private Economic Losses and Property Damages in Civil Action 12-970, MDL 2179.***

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that the court enter judgment in Plaintiff's favor and against Defendants, as follows:

a. awarding Plaintiff actual damages, including compensatory and consequential damages, in an amount to be determined at trial;

b. awarding Plaintiff exemplary or punitive damages;

c. awarding Plaintiff pre-judgment and post-judgment interest at the highest lawful rates;

d. awarding Plaintiff such costs and disbursement as are incurred in prosecuting this action, including reasonable attorneys' and experts' fees; and

e. granting Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for any and all claims pleaded herein in which a jury trial is available by law.

Respectfully submitted,

**THE SYDOW FIRM, LLP**

/s/ Michael D. Sydow

Michael D. Sydow
State Bar No. 19592000
1980 Post Oak Boulevard, Suite 2100
Houston, Texas 77056
(713) 622-9700 [Telephone]
(713) 552-1949 [Facsimile]
E-mail: michael.sydow@thesydowfirm.com

**REICH & BINSTOCK, LLP**

/s/ Dennis C. Reich

Dennis C. Reich, Esq.
State Bar No. 16739600
4265 San Felipe, Suite 1000
Houston, Texas 77027
(713) 622-7271 [Telephone]
(713) 623-8724 [Facsimile]
E-mail: dreich@reichandbinstock.com

***ATTORNEYS FOR PLAINTIFF NEW BASTION DEVELOPMENT, INC.***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of April, 2013.

/s/ Michael D. Sydow
Michael D. Sydow

/s/ Dennis C. Reich
Dennis Reich, Esq.