UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| M & M Shipping Corporation )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BP Exploration & Production, Inc.; BP America )<br>Production Company; BP p.l.c.; Halliburton )<br>Energy Services, Inc.; and Sperry Drilling )<br>Services, a division of Halliburton Energy )<br>Services, Inc. )<br>)<br>Defendants. )<br>)<br>) | MDL No. 2179<br><br>SECTION J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

## COMPLAINT FOR DAMAGES

**NOW COMES PLAINTIFF,** M & M Shipping Corporation, through undersigned counsel, who does allege, aver and represent as follows:

### Nature of the Action

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiff has suffered economic injury, damage and/or losses as a result of the oil spill.

## THE PARTIES, JURISDICTION AND VENUE

3. Plaintiff, M & M Shipping Corporation, is a Louisiana corporation with its principle place of business at 324 Brewster Rd., Madisonville, LA 70447.

4. Plaintiff brings these claims pursuant to Federal General Maritime Law including/and/or the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.*

5. Jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction.

6. Jurisdiction also exists before this Court pursuant to the Oil Pollution Act, 33 U.S.C. § 2717(b) (the "OPA").

7. Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois.  BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714.  This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

8. Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

9. Defendant BP p.l.c. is a British public limited company with its corporate headquarters in London, England.  BP p.l.c. is the global parent company of the worldwide business operating under the "BP" logo.  BP p.l.c. operates its various business divisions, such as

the "Exploration and Production" division within BP Exploration and BP America, through vertical business arrangements aligned by product or service groups. BP p.l.c.'s operations are worldwide, including in the United States. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and are sufficiently controlled by BP p.l.c. so as to be BP p.l.c.'s agents in Louisiana and the U.S. more generally. Plaintiffs further adopt and incorporate by reference all jurisdictional allegations against BP p.l.c. set forth in Paragraphs 212-218 of the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.*

10. BP Exploration, BP America, and BP p.l.c. are generally referred to herein collectively as the "BP Defendants" or "BP."

11. Defendant, Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Halliburton is registered to do and does business in the State of Louisiana. Halliburton provided engineering services, materials, testing, mixing, and pumping for cementing operations on board the Deepwater Horizon, as well as onshore engineering support for those operations.

12. Halliburton division Sperry Drilling Services (formerly Sperry Sun Drilling Services) was responsible for mudlogging personnel and equipment on the Deepwater Horizon, including downhole drilling tools. Sperry mudlogging personnel were partially responsible for monitoring the well, including mud pit fluid levels, mud flow in and out of the well, mud gas levels, and pressure fluctuations. "Halliburton" shall refer to both Halliburton Energy Services, Inc. and its Sperry division.

13. Venue is proper in this jurisdiction because the defendants' actions, inactions, and

failures directly and proximately caused the damage and harm to the Plaintiff in this jurisdiction.

**Factual Background**

14. Plaintiff adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

15. Plaintiff further adopts and incorporates as if restated herein all factual allegations information contained in the Direct Filing Short Form/Short Form Joinder, Rec. Doc. No. 131466, filed by Plaintiff into No. 10-8888.

16. Plaintiff further adopts and incorporated as if fully restated herein Plaintiffs' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, 2011; Amended Response to Phase One Request for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012.

17. Plaintiff is a shipping and delivery business involved in transporting various materials and supplies. Plaintiff's income and/or wages were affected by the direct and indirect consequences of the Gulf Oil Spill. Plaintiff's business depended heavily on the onshore oil industry, as many of the materials and supplies that plaintiff shipped for customers included pipes and other materials for oil fields. After the oil spill, many of Plaintiff's customers were unable to continue operating, and Plaintiff was forced to cease its operations.

18. Plaintiff has satisfied all presentment requirements pursuant to the Oil Pollution Act of

1990 by submitting to Defendants all applicable BP Claim Forms with supporting documentation; and by presenting Defendants with a "sum certain" amount claimed as damages. Ninety (90) days have expired without the responsible party responding to the claim. Thus, Plaintiff has satisfied the mandatory condition precedent to file the suit set forth below.

19. BP either denied the claims or otherwise failed to satisfy within 90 days of presentment.

## Claims for Relief

20. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints and the Short Form Joinder No. 131466, against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiffs for removal costs and damages arising out of the following:

    a. Loss of Natural Resources;

    b. Loss or Damage to Real or Personal Property;

    c. Subsistence Use;

    d. Loss of Revenues;

    e. Loss of Profits and/or Earning Capacity; and

    f. Loss of Public Services.

21. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints and the Short Form Joinder No. 131466, against all defendants identifying General Maritime Law causes of action and claims for relief relating to the following:

    a. Negligence; and

b. Gross Negligence and Willful Misconduct.

22. Plaintiff adopts and incorporates as if restates herein, all claims for relief raised in the MDL Complaints and the Short Form Joinder No. 131466, against all defendants for Punitive Damages arising out of willful and wanton misconduct and/or gross negligence as alleged and described in the MDL Complaints.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, and *in solido,* as follows:

a. Economic and compensatory damages in amounts to be determined at trial;

b. Punitive Damages;

c. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d. Reasonable claims preparation expenses;

e. Attorneys' fees;

f. Costs of litigation; and

g. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

## REQUEST FOR TRIAL BY JURY

Plaintiff[s] request that the above and foregoing be heard at trial by a jury of peers.

Respectfully submitted:

**/s/**Robert Diliberto
**Robert J. Diliberto** (LSBA# 24783)
Diliberto@attorneys-louisiana.com
**Damon A. Kirin** (LSBA# 24729)
kirin@attorneys-louisiana.com
Diliberto & Kirin, L.L.C.
3636 S. I-10 Service Rd. West, Suite 210
Metairie, LA 70001
Telephone: (504) 828-1600
Facsimile: (504) 828-1555