UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * | MDL NO.: 2179; 10-2771; 10-8888 |
| | * | SECTION: J |
| This Document Relates to Case 10:8888 and Document Number 134216 | * * * | |
| | * * | JUDGE BARBIER MAGISTRATE SUSHAN |

* * ** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDERS BEYOND THE SEPTEMBER 16, 2011 DEADLINE

NOW INTO COURT, through undersigned counsel, comes T. Duffy Builders, LLC (also known as T.A. Duffy Builders, LLC and formerly known as Benchmark Development, LLC) ("Claimant") who files this Memorandum in Support of Motion for Acceptance of Short Form Joinder Filed Beyond the September 16, 2011 Deadline. Claimant seeks to have this Honorable Court accept the Short Form Joinder in the Transocean limitation proceeding for the following reasons:

Claimant contacted counsel after the Court's deadline seeking assistance in filing claims for injuries and damages each incurred as a result of the Deepwater Horizon explosion and resulting oil spill, and/or: Claimant was unaware of the Court's deadline and did not timely file a Short Form Joinder in the Transocean limitation action.

No prejudice will result from the acceptance of the late filed Short Form Joinder. No action has been taken in the limitation action which could cause prejudice to any other party to the proceedings.

Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); In re Gladiator Marine. Inc., No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999); citing Golnoy Barge Co. v. M/T Shinoussa, 980 F.2d 349, 351 (5th Cir. 1993). There is no indication that any plaintiff in the limitation of liability action would be adversely affected or suffer any prejudice if the Short Form Joinder is accepted as filed and deemed timely.

Limitation has not been determined and there is no prejudice to the Limiting Parties or other Defendants.

For the above reasons, Claimant requests that the Court grant the Motion for Acceptance of Short Form Joinder beyond the September 16, 2011 Deadline and accept the filed Short Form Joinder as timely filed.

    Respectfully submitted,

    */ s / Peirce A. Hammond II*
    Peirce A. Hammond, II (#18076)
    Hammond Law Firm, LLC
    650 Poydras Street, Suite 1400
    New Orleans, LA  70130

>Telephone: (504) 299-3458
>Facsimile: (504) 299-3491
>Email: phammond@hammond-law.com
>Attorney for T. Duffy Builders, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading by CM/ECF. I also certify that the foregoing has been delivered to all counsel of record, either by electronic notice by CM/ECF, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 18th day of April, 2013.

> / s / Peirce A. Hammond II
> Peirce A. Hammond, II

N:\Files\BP - Duffy Builders-40250\Pleadings\Memo in Support of Motion for Acceptance of Short Form Joinder.doc