UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010** | MDL No. 2179; CA 10-2771; and CA-10-8888 |
| | SECTION J |
| | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |

## COMPLAINT

1.

On or about April 20, 2010, the Deepwater Horizon drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2.

Plaintiff claims economic injury, damage and/or losses as a result of the oil spill.

3.

Plaintiff, Corporate Counsel Services, LLC, brings this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff, Corporate Counsel Services, LLC, is a Louisiana limited liability company and claims damages as set forth below.

5.

In filing this Complaint, Plaintiff hereby asserts by adoption and reference a claim in the Complaint and Petition of Triton Asset Leasing GmbH, et al., No. 10-2771; adopts and incorporates the Master Answer [Rec. Doc. 244] to the Complaint and Petition of Triton Asset Leasing GmbH, et al., in No. 10-2771; and intervenes into, joins and otherwise adopts the Master Complaint [Rec. Doc 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179), including any subsequent supplemental or amending complaints thereto.

6.

Plaintiff brings this case against the following defendants:

a)  BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois. This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

b)  BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

c)  BP p.l.c., a British public limited company with its corporate headquarters in London, England. This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. are referenced herein collectively as "BP".

7.

Jurisdiction and venue exist before this Court. Specific allegations of jurisdiction and venue as set forth in the Master Complaint, including any subsequent supplemental or amending complaints thereto, are adopted and plead herein.

8.

Upon current information and belief, Plaintiff claims injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

Plaintiff is a legal services business providing attorney counsel, on a monthly basis since 2002, to a single client, Daybrook Fisheries, Inc. ("the client"), physically located in Plaquemines Parish, Louisiana. The client is in the business of commercial harvest and processing of Gulf Menhaden, a fishery damaged by the BP Oil Spill and which faces potential collapse. In the event that the Gulf Menhaden fishery is diminished or rendered non-viable to the extent that the client's business is substantially diminished or ceased, Plaintiff will suffer economic damages and likely cease to exist.

9.

Plaintiff contends that Plaintiff's previous transmissions, communications, and/or claims made by Plaintiff to BP and/or BP's agents/representatives/administrators were sufficient to protect all of Plaintiff's rights in this matter, including the full satisfaction of the "Presentment" requirement under the Oil Pollution Act (OPA) to BP as the "Responsible Party" under OPA. The time period for BP to respond to Plaintiff's Presentment claim has expired, and BP either denied Plaintiff's claim or otherwise failed to accept or sufficiently respond to Plaintiff's demand. Accordingly, Plaintiff is entitled to file the instant Complaint.

10.

In addition to Plaintiff's other transmissions, communications and/or claims, Plaintiff, out of an abundance of caution, made and/or re-made claim Presentment in accord with 33 USC §§ 2702(b) and 2713 by submitting a description of the claim with a "sum certain" demand and with supporting documentation to BP as the "Responsible Party" under OPA via

3

[U.S./certified/registered/overnight] mail and/or electronic transmission, on or about January 22, 2013. BP either denied Plaintiff's claims or otherwise failed to accept or respond within 90 days of Presentment. Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

11.

Plaintiff's claims for relief against each of the Defendants are adopted anew from the Master Complaint referenced above, including any subsequent supplemental or amending complaints thereto, and are incorporated and re-alleged herein. Said claims include, but are not limited to, all applicable claims under the general maritime law and the Oil Pollution Act, as well as State Law Claims for Relief, Punitive Damages and Declaratory Relief.

12.

Plaintiff's claims result from the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes. Damages recoverable by Plaintiff from the named Defendants include, but are not limited to, the following:

- a) economic, income, and compensatory damages;
- b) punitive and/or exemplary damages;
- c) pre-judgment and post-judgment interest at the maximum rate allowable by law;
- d) attorneys' fees, claims preparation expenses, and costs of litigation;
- e) declaratory and injunctive relief; and
- f) such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

Respectfully submitted,

*Charles B. Wallace*

Charles B. Wallace (LA #27131)
Corporate Counsel Services, LLC
1860 Carpenter Road Alexandria, VA
(504) 451-9918