UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: | JUDGE BARBIER |
| Case No. 2:10-cv-08888-CJB-SS | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPOT OF MOTION FOR ACCEPTANCE OF SHORT FORM JOINDERS FILED BEYOND SEPTEMBER 16, 2011 DEADLINE**

NOW INTO COURT, through undersigned counsel, come Claimants as set forth in Exhibit A, who file this memorandum in support of their Motion for Acceptance of Short Form Joinders Beyond September 19, 2011 Deadline. Attached to this memorandum is a list of all Claimants who filed late short form joinders and are joint movants for the purpose of this motion. See Exhibit A. The Claimants seek this Honorable Court's permission to accept Claimants' late-filed claim in the limitation proceeding for the following reasons:

1. All Claimants contacted counsel after the Court-established deadline of September 16, 2011, seeking assistance for injuries and damages incurred as a result of the Deepwater Horizon explosion and resulting oil spill.

2. Because Claimants were unaware of the Court-established deadlines, or had not yet fully realized their damages, they did not timely file in the Transocean limitation proceeding.

3. No prejudice will result from the acceptance of the late filings. Such filings have been filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS. No action has been taken in the limitation proceeding which could cause prejudice to any other party in the proceeding.

4. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late-filed claims should be allowed where equitable reasons are shown. *Tx. Gulf Sulfur Co. v. Blue Stack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (citing *Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely.

5. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, Claimants respectfully request that the Court accept and deem timely their late-filed Short Forms and that the Court grant their Motion for Acceptance of Short Form Joinders Filed Beyond September 16, 2011 Deadline.

                Respectfully submitted,

                **DIDRIKSEN LAW FIRM**

                */s/ Caleb H. Didriksen*
                **CALEB H. DIDRIKSEN**, La. Bar No. 1334
                **DIANE R. COSENZA**, La. Bar No. 4419
                **MICHAEL D. LANE**, La. Bar No. 30364
                3114 Canal Street
                New Orleans, LA 70119
                Telephone:  (504) 586-1600
                Facsimile:   (504) 822-3119
                Email: caleb@didriksenlaw.com
                        diane@didriksenlaw.com
                        mike@didriksenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel of record by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 22nd day of April, 2013.

                                                                     */s/ Caleb H. Didriksen*