# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: | JUDGE BARBIER |
| Case No. 2:10-cv-02771, 2:11-cv-00925 | MAG. JUDGE SHUSHAN |

_____

GARY and DEBORAH SELLNO, KERRY and SANDRA
LAURICELLA, WILLIAM and GEORGIA GIBSON,
DALE and DENISE LEBRUN, LARRY and KELLY
TAPP, E.P. and M.B. GEBHARDT, MICHAEL L. and
DAWN DAWSON, NED and GINGER NAQUIN, GORDON
R. GORDES, JAMES AGENT, CLARK BARRIOS, ROSE
BOUDOIN, REX and BEVERLY RAMBO, VINCENT and
MARLENE LOBUE, MARK and CAROL DAWSON, MARK
DAWSON CONSTRUCTION, HENRY J. BECNEL, JR.,
ANTHONY CARAMONTA, PAUL LEONE, BRIAN
REUTHER, PETER and KAREN CASBARIAN, GERARD
COMEAUX, KEITH and BOKSOON FABRE, KEVIN and
KELLY POTEET, QUALITY METAL WORKS, INC., KIRK
FABRE,SEAN and DENISE MIGLIORE, CASBARIAN
ENGINEERING ASSOCIATES, L.L.C., JODY and TAMMY
SELLNO, CAROLYN CAMPO, ROBIN CAMPO and
RICHARD A. CAMPO III,  BUDDY and LUANNA CAMBAS,
BUDDY and DAVID CAMBAS, CAMBAS ELECTRIC, INC.,
DOUG and MARY MOORE, JURO BEZMALINOVIC, BEZ
FABRICATION, INC., CALEB H. DIDRIKSEN and SONDRA
BROWN, GREG and ANNA CHAISSON, JOHN and PEGGY
FORESTER, BRIAN and MELANIE BENNETT, PARISH TRUCK
SALES, INC., MIKE and LORI BREAUX, JIM JUNEAU,
SCOTT LEVANDOSKE, and TSL SHEET METAL, LLC

VERSUS

BP EXPLORATION & PRODUCTION, INC., BP AMERICA
PRODUCTION COMPANY, BP p.l.c., TRANSOCEAN LTD.,
TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.,
TRANSOCEAN DEEPWATER, INC., TRANSOCEAN
HOLDINGS, L.L.C., TRITON ASSET LEASING GmbH,
HALLIBURTON ENERGY SERVICES, INC., M-I, L.L.C.,

C.A.  NO.  11-925

SECTION J

JUDGE BARBIER

MAG. SHUSHAN

**CAMERON INTERNATIONAL CORPORATION,
WEATHERFORD, U.S., L.P., ANADARKO PETROLEUM
CORPORATION CO., ANADARKO E&P COMPANY L.P.,
MOEX OFFSHORE 2007, L.L.C., MOEX USA CORPORATION,
MITSUI OIL EXPLORATION CO., LTD.**

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Gary and Deborah

Sellno, Kerry and Sandra Lauricella, William and Georgia Gibson, Dale and Denise LeBrun,

Larry and Kelly Tapp, E.P. and M.B. Gebhardt, Michael L. and Dawn Dawson, Michael L.

Dawson Construction, Ned and Ginger Naquin, Gordon R. Cordes, James Agent, Clark Barrios,

Rose Boudoin, Rex and Beverly Rambo, Vincent and Marlene Lobue, Mark and Carol Dawson,

Mark Dawn Construction, Henry J. Becnel, Jr., Anthony Caramonta, Paul Leone, David and

Dodie Brown, Brian Reuther, Peter and Karen Casbarian, Gerard Cormeaux, Keith and Boksoon

Fabre, Kevin and Kelly Poteet, Quality Metal Works, Inc., Kirk Fabre, Denise and Sean

Migliore, Casbarian Engineering Associates, L.L.C., Jody and Tammy Sellno, Carolyn Campo,

Robin Campo and Richard A. Campo III, Buddy and Luanna Cambas, Buddy and David

Cambas, Cambas Electric, Inc., Doug and Mary Moore, Juro Bezmalinovic, Bez Fabrication,

Inc., Caleb H. Didriksen and Sondra Brown, Greg and Anna Chaisson, John and Peggy Forester,

Brian and Melanie Bennett, Parish Truck Sales, Inc., Mike and Lori Breaux, Jim Juneau, Scott

Levandoske, and TSL Sheet Metal, LLC, hereinafter collectively "Plaintiffs," who file this First

Amended and Supplemental Complaint and allege as follows:

1.

Plaintiffs are natural and juridical persons who have suffered property loss, economic

damages, other costs, and general damages such as emotional distress and mental anguish, as a

result of the Spill.

2.

Gary and Deborah Sellno, husband and wife, are domiciled and own residential and unimproved real property in Orleans.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

3.

Kerry and Sandra Lauricella, husband and wife, are domiciled and own residential and unimproved real property and two large boats in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence, plus loss of value and use of their unimproved lots.

4.

William and Georgia Gibson, husband and wife, are domiciled and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

5.

Dale and Denise Lebrun, husband and wife, are domiciled and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they

have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

6.

Larry and Kelly Tapp, husband and wife, are domiciled and own residential real property and unimproved real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence, plus loss of value and use of their unimproved lots.

7.

E.P. and M.B. Gebhardt, husband and wife, are domiciled in Orleans Parish and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

8.

Michael L. and Dawn Dawson, husband and wife, are domiciled in St. Charles Parish and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

9.

Michael L. Dawson, d/b/a Michael L. Dawson Construction, is a sole proprietorship domiciled in St. Charles Parish and doing business in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their business. It also sustained damages consisting of loss project contracts and income.

10.

Ned and Ginger Naquin, husband and wife, are domiciled in and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

11.

Gordon R. Cordes is domiciled in and owns residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

12.

James Agent is domiciled in and owns residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly

negligent acts and omissions of the Defendants, he has sustained damages consisting of diminution of value, loss of use, loss of rents, and emotional damages for injury to his properties.

13.

Clark Barrios and Rosalie Boudoin are domiciled in and own residential real property and unimproved real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence, plus loss of value and use of their unimproved lots.

14.

Buddy and Luanna Cambas, husband and wife, are domiciled in Jefferson Parish and own residential and unimproved real property in Hancock County, Mississippi.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence, plus loss of value and use of their unimproved lots.

15.

Rex and Beverly Rambo, husband and wife, are domiciled in and own residential real property and a large boat in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of loss of use, diminution of value, loss of rents, loss of income and earning capacity, property damage to their boat, and emotional damage claims.

16.

Vincent and Marlene Lobue, husband and wife, are domiciled in and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of loss of use, diminution of value, property damage to their boat, and emotional damage claims.

17.

Mark and Carol Dawson, husband and wife, are domiciled in and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of loss of use, diminution of value, loss of rents, and emotional damage claims.

18.

Mark Dawson Construction is a sole proprietorship domiciled in Jefferson Parish and doing business in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their business. It also sustained damages consisting of loss project contracts and income.  Further, as a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, Mark Dawson Construction has sustained damages consisting of lost profits and loss of business opportunities.

19.

Henry J. Becnel, Jr. is domiciled in and owns residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, he has sustained damages consisting of diminution of value, loss of use and emotional damages for injury to his residence.

20.

Anthony Caramonta, Jr. is domiciled in and owns residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, he has sustained damages consisting of diminution of value, loss of use and emotional damages for injury to his residence.

21.

Paul Leone is domiciled in and owns residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, he has sustained damages consisting of diminution of value, loss of use and emotional damages for injury to his residence.

22.

Buddy Cambas, d/b/a Cambas Electric, Inc., is a corporation domiciled and doing business in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their business. It also sustained damages consisting of loss project contracts and income.

23.

Brian Reuther is domiciled in and owns residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, he has sustained damages consisting of diminution of value, loss of use and emotional damages for injury to his residence, plus loss of value and use of his unimproved lots.

24.

Peter and Karen Casbarian, husband and wife, are domiciled and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of loss of use, diminution of value, loss of rents, emotional damage claims and loss of income for his job.  Casberian Engineering, Inc. is a business located in Orleans Parish that provided and does provide professional engineering services to offshore companies, individuals, oil companies and contractors and had suffered a significant loss in business volume.

25.

Gerard Comeaux is domiciled and owns residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, he has sustained damages consisting of diminution of value, loss of use and emotional damages for injury to his residence.

26.

Jody and Tammy Sellno, husband and wife, are domiciled in and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful,

wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of loss of use, diminution of value, loss of rents, and emotional damage claims.

27.

Keith and Boksoon Fabre, husband and wife, are domiciled and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

28.

Kevin and Kelly Poteet, husband and wife, are domiciled and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

29.

Quality Metal Works, Inc. is a Louisiana domestic corporation whose domicile address is in Jefferson Parish, Louisiana.  Quality Metal Works, Inc. provided equipment for the outfitting of offshore platforms and other offshore facilities.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, Quality Metal Works, Inc. has sustained damages consisting of lost profits and loss of business opportunities.

30.

Carolyn Campo, Robin Campo and Richard A. Campo, III, are domiciled in and own residential real property in St. Tammany Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of loss of use, diminution of value, loss of rents, and emotional damage claims.

31.

Juro Bezmalinovic is domiciled and owns residential real property in Myrtle Grove, Louisiana in Plaquemines Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, he has sustained damages consisting of diminution of value, loss of use and emotional damages for injury to his residence.

32.

Bez Fabrication, Inc. is a Louisiana domestic corporation whose domicile address is in Plaquemines Parish, Louisiana. Bez Fabrication, Inc. provided equipment for the outfitting of offshore platforms and other offshore facilities.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, Bez Fabrication, Inc.  has sustained damages consisting of lost profits and loss of business opportunities.

33.

Doug and Mary Moore husband and wife, whose domicile address is in Orleans Parish and own residential real property St. Tammany Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

34.

Kirk Fabre is domiciled and owns residential real property in Jefferson Parish. As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

35.

Denise and Sean Migliore, husband and wife, are domiciles in Jefferson Parish. Mr. Migliore made his living fishing in the Gulf of Mexico and associated waters. As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, Mr. and Mrs. Migliore have sustained damages consisting of loss of earning capacity and loss of business opportunities.

36.

Casbarian Engineering Associates, L.L.C., is a Louisiana limited liability company, whose domicile address is in Orleans Parish. Casbarian Engineering Associates, L.L.C. provided engineering services in the design of offshore platforms and other offshore facilities. As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, Casbarian Engineering Associates, L.L.C. has sustained damages consisting of lost profits and loss of business opportunities.

37.

Buddy and David Cambas, siblings, are domiciled in Jefferson Parish, Louisiana, and own residential real property in St. Tammany Parish. As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they

have sustained damages consisting of loss of use, diminution of value, and emotional damage claims.

38.

Caleb H. Didriksen and Sondra Brown, husband and wife, are domiciled in Jefferson Parish, Louisiana, and own residential real property in Lake Catherine, Louisiana in Orleans Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of loss of use, diminution of value, and emotional damage claims.

39.

Greg and Anna Chaisson, husband and wife, are domiciled and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

40.

John and Peggy Forester, husband and wife, are domiciled and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

41.

Brian and Melanie Bennett, husband and wife, are domiciled and own residential real property in New Orleans, Louisiana and in St. Tammany Parish.  As a result of the intentional,

willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

42.

Parish Truck Sales, Inc. is a Louisiana company, whose domicile address is in St. Charles Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants Parish Truck Sales, Inc. has sustained damages consisting of lost profits and loss of business opportunities.

43.

Mike and Lori Breaux, husband and wife, are domiciled and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, they have sustained damages consisting of diminution of value, loss of use and emotional damages for injury to their residence.

44.

Jim Juneau is domiciled and own residential real property in Barataria, Louisiana in Jefferson Parish.  As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, he has sustained damages consisting of diminution of value, loss of use and emotional damages for injury to his residence.

45.

Scott Levandoske is domiciled and own residential real property in New Orleans, Louisiana in Orleans Parish.  As a result of the intentional, willful, wanton, reckless, negligent

and grossly negligent acts and omissions of the Defendants, he has sustained damages consisting of diminution of value, loss of use and emotional damages for injury to his residence.

46.

TSL Sheet Metal, LLC is a Louisiana limited liability company, whose domicile address is in Orleans Parish.   As a result of the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions of the Defendants, TSL Sheet Metal, LLC has sustained damages consisting of lost profits and loss of business opportunities.

47.

Made defendants herein are:

A.      BP Exploration & Production, Inc. (BP Exploration), a Delaware corporation with its principal place of business in Warrenville, Illinois, and

B.      BP America Production Company (BP America), a Delaware corporation with its principal place of business in Houston, Texas, and

C.      BP p.l.c., a British public limited company with its corporate headquarters in London, England,

All three of which are referred to collectively hereinafter as "BP."

D.      Transocean Ltd., a Swiss corporation with offices in Houston, Texas.

E.      Transocean Offshore Deepwater Drilling, Inc., a Delaware corporation with its principal place of business in Houston, Texas.

F.      Transocean Deepwater, Inc., a Delaware corporation with its principal place of business in Houston, Texas.

G.      Transocean Holdings, L.L.C., a Delaware corporation with its principal place of business in Houston, Texas.

H.      Triton Asset Leasing, GmbH, a Swiss limited liability company with its principal place of business in Zug, Switzerland,

All five of which are referred to collectively hereinafter as "Transocean."

I.      Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas and operated through its Sperry Drilling Services division.

J.      M-I L.L.C. also known as M-I SWACO is a Delaware limited liability company with its principal place of business in Wilmington, Delaware.

All ten of the preceding defendants are hereinafter collectively referred to as the "Drilling Defendants."

K.      Cameron International Corporation f/k/a Cooper-Cameron Corporation is a Delaware corporation with its principal place of business in Houston, Texas.

L.      Anadarko Petroleum Corporation Co. is a Delaware corporation with its principal place of business in The Woodlands, Texas.

M.      Anadarko E&P Company L.P. is a Delaware limited partnership with its principal place of business in The Woodlands, Texas.

N.      MOEX Offshore 2007 L.L.C. is a Delaware corporation with its principal place of business in Houston, Texas.

O.      MOEX USA Corporation is a Delaware corporation and has its principal place of business in Houston, Texas.

P.      Mitsui Oil Exploration Co., Ltd. is a Japanese corporation with its principal place of business in Tokyo, Japan.

48.

This Court has subject matter jurisdiction pursuant to:

- 16 -

A.      The Oil Pollution Act, 33 U.S.C. Section 2717(b) (the "OPA").

B.      In addition, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. 1367.

C.      Article III, Section 2 of the United States Constitution empowers the federal judiciary to hear all cases of admiralty and maritime jurisdiction.

49.

Venue is proper in this Court under 28 U.S.C. 1391 because the acts and omissions giving rise to the claims asserted herein occurred in this District.  Venue is otherwise appropriate in this district consistent with 28 U.S.C. Section 1407 and the 2010 Transfer Order of the Judicial Panel on Multidistrict Litigation.  Venue is also proper pursuant to the OPA, 33 U.S.C. 2717(b) as the discharge occurred in this District.  In addition, venue is proper pursuant to this Court's Pretrial Order No. 20, which allows Plaintiffs to directly file their complaints arising out of the Spill in this District.

50.

As more fully set forth below, all of the defendants are liable to the Plaintiffs jointly, severally, and solidarily under the OPA and various principles of State and Federal law.

51.

On or about April 20, 2010, the MODU Deepwater Horizon was located 50 miles southeast of Venice, Louisiana, adjacent to the Louisiana shore when, while performing drilling operations for crude oil, it caught fire and exploded, eventually sinking to the floor of the Gulf of Mexico.

52.

The accident was caused by no fault of the Plaintiffs and was caused solely by the intentional, willful, wanton, reckless, negligent, and grossly negligent acts and omissions of the Defendants herein all of whom, acting through their officers, employees, servants, and agents participated in MODU Deepwater Horizon's offshore oil drilling operations in Mississippi Canyon Block 252, the location known as "Macondo," in the Gulf of Mexico and/or supplied equipment and/or appurtenances that due to defects therein failed to prevent the accident or mitigate the damage that resulted from it.

53.

Defendants' intentional, willful, wanton, reckless, negligent, and grossly negligent acts and omissions include but are not limited to:

a.     Failing to supervise their employees;

b.     Failing to properly train and supervise employees and subcontractors working on the vessel;

c.     Failing to properly inspect the MODU Deepwater Horizon to assure that its equipment and personnel were fit for their intended purposes;

d.     Failing to provide sufficient personnel to perform operations on the Deepwater Horizon;

e.     Failing to properly assess the risk of failure of key safety and emergency equipment;

f.     Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

g.     Failing to take appropriate steps to mitigate the damages caused by the fire and explosion and the release of oil;

h.     Failing to bring the oil release under control in a timely fashion;

i.     Failing to heed warnings and warning signs that, if heeded, would have prevented the fire, explosion and release of oil or minimized the damages resulting from them;

j.     Other intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions as set out below and to be shown at the trial of this matter.

54.

The Drilling Defendants owed and breached duties of ordinary and reasonable care to Plaintiffs in connection with the drilling operations of the MODU Deepwater Horizon and its maintenance and repair as well as that of its appurtenances and equipment, and additionally owed and breached duties to Plaintiffs to guard against and/or prevent the risk of an oil spill.

55.

Transocean Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc.,   and Transocean Holdings, L.L.C. ,   and Triton Asset Leasing, GmbH (hereinafter collectively Transocean) owned, navigated, manned, possessed, managed and controlled the MODU Deepwater Horizon at all times material hereto.

56.

In those capacities, Transocean owed Plaintiffs duties of care to man, possess, manage, control, navigate, maintain and operate the MODU Deepwater Horizon with reasonable and ordinary care.

57.

Transocean breached its duties to Plaintiffs by:

A.     Failing to properly man, manage, control, maintain and operate the MODU Deepwater Horizon and its safety equipment before the blow out;

B.      Making or acquiescing to a series of reckless decisions concerning well design, the use of centralizers, mudding operations, cementing, integrity testing, deployment of the casing hanger lockdown sleeve, spacer material, and simultaneous operations causing worker confusion and loss of focus;

C.      Failing to properly maintain the MODU Deepwater Horizon, train personnel, and perform appropriate risk assessment analyses.

58.

BP leased and operated the MODU Deepwater Horizon.  Together, Transocean and BP were responsible for design and well control.

59.

BP owed duties to Plaintiffs to exercise reasonable care to design, create, manage, and control the well and the flow of hydrocarbons therefrom in a safe and prudent manner and to conduct its drilling operations with reasonable and ordinary care.

60.

BP breached its duties to Plaintiffs by:

A.      Choosing and implementing a less expensive and less time-consuming long string well design, which had few barriers against a gas blow-out, instead of a safer liner/tieback design which would have provided additional barriers to gas blowout, despite its knowledge that the liner-tieback design was a safer option;

B.      Using pipe material that it knew and recognized before the blowout might collapse under high pressure;

C.      Using too few centralizers to ensure that the casing was centered into the wellbore;

D.    Failing to implement a full bottoms up circulation of mud between the running of the casing and the beginning of the cement job in violation of industry standards;

E.    Failing to require comprehensive lab testing to ensure the density of the cement and failing to heed the ominous results of negative pressure testing which indicated that the cement job was defective;

F.    Cancelling the cement bond log test that would have determined the integrity of the cement job;

G.    Failing to deploy the casing hanger lockdown sleeve to prevent the wellhead seal from being blown out by pressure from below;

H.    Using an abnormally large quantity of mixed and untested spacer fluid;

I.    Failing to train drilling workers and/or onshore employees, and to hire personnel qualified in risk assessment and management of complex systems like that found on the MODU Deepwater Horizon; and

J.    Requiring simultaneous operations in an effort to expedite the project making it difficult for workers to track fluid volumes in the wellbore.

61.

All of the foregoing acts and omissions by BP proximately caused and/or contributed to Plaintiffs' injuries and damages.

62.

Plaintiffs have complied with all requirements under the OPA, including, but not limited to, presentment of claims to responsible parties in accordance with the statute.

63.

At all times material hereto, Halliburton was responsible for cementing the well that was the subject of the spill, and further was engaged in testing, analysis and monitoring of the Deepwater Horizon's well.

64.

At all times material hereto, Halliburton owed duties to Plaintiffs to exercise reasonable care in conducting the cementing, testing, analysis and monitoring of the well.

65.

Halliburton breached its duties by Plaintiffs by:

A.   Failing to exercise reasonable care in conducting its cementing, testing, analysis and monitoring of the Deepwater Horizon's well;

B.   Failing to use a full bottoms up circulation of mud between the running of the casing and the and the beginning of the cement job in violation of industry standards; failing to require comprehensive lab testing to ensure the density of the cement, and failing to heed the ominous results of negative pressure testing, which indicated that the cement job was defective;

C.   Cancelling or acquiescing in the cancellation of the cement bond log test that would have determined the integrity of the cement job;

D.   Failing to deploy, or acquiescing in the decision not to deploy, the casing hanger lockdown sleeve to prevent the wellhead seal from being blown out by pressure from below.

E.   Other acts of negligence to be shown at the trial of this matter.

66.

All of the foregoing acts and omissions by Halliburton proximately caused and/or contributed to Plaintiffs' injuries and damages.

67.

At all times material hereto, M-I was providing the drilling fluids or "mud" for the drilling operations on the MODU Deepwater Horizon and was responsible for mud drilling, composition and monitoring, and for the provision of "spacer" solution.

68.

At all times material hereto, M-I owed duties of care to Plaintiffs to exercise reasonable care in providing, controlling and monitoring the mud and spacer solutions used on the MODU Deepwater Horizon.

69.

M-I breached its duties to Plaintiffs by:

A.      Failing to provide, control, and monitor the mud and spacer solutions used on the MODU Deepwater Horizon in a reasonably safe manner.

B.      Other acts of negligence to be shown at the trial of this matter.

70.

All of the foregoing acts and omissions by M-I proximately caused and/or contributed to Plaintiffs' injuries and damages.

71.

At all relevant times hereto, Cameron designed, manufactured and supplied the BOP that was, at all relevant times, appurtenant to and a part of the MODU Deepwater Horizon's equipment.

72.

At all times relevant hereto, Cameron owed duties to Plaintiffs to exercise reasonable and ordinary care in the design and manufacture and supply of the BOP for the MODU Deepwater Horizon.

73.

Cameron breached its duties to Plaintiffs by:

A.    Failing to exercise reasonable care in the design, manufacture, and supply of the BOP such that it failed to operate to prevent the blowout;

B.    Failing to ensure and verify that the BOP it designed and manufactured was suitable for the types of drill pipe and casing assembly design which would foreseeably be used during the MODU Deepwater Horizon's drilling and exploration activities;

C.    Designing the BOP such that it was vulnerable to a single point failure;

D.    Failing to install a backup activation system for the BOP; and

E.    Failing to provide adequate warnings, instructions and guidelines on the permissible uses, modifications, and applications of the BOP.

F.    Other acts of negligence to be shown at the trial of this matter.

74.

All of the foregoing acts and omissions by Cameron proximately caused and/or contributed to Plaintiffs' injuries and damages.

75.

Anadarko Petroleum Corporation Co., Anadarko E&P Company L.P., and MOEX Offshore 2007, L.L.C. had access to Halliburton/Sperry Sun INSITE real time data that was transmitted from the MODU Deepwater Horizon on April 20, 2010.  They had the right to

conduct HSE inspections and call HSE meetings and had assumed certain duties with respect to health and safety when they acquired these rights.  They knew or should have known of the presence of the impending disaster and should have warned the drilling vessel crew so that it could have taken steps to prevent it.  Anadarko Petroleum Corporation Co., Anadarko E&P Company L.P., and MOEX Offshore 2007, L.L.C. breached their duties to Plaintiffs by failing to warn the drilling crew of the imminent blowout so that they could take evasive action.

76.

Mitsui Oil Exploration Co., Ltd. (MOECO) controlled the business, operations, policies, and actions of its subsidiaries MOEX Offshore 2007, L.L.C. and MOEX USA Corporation to such an extent that they were agents and/or alter egos of MOECO.  All activities of MOEX Offshore 2007, L.L.C. and MOEX USA Corporation should be imputed to MOECO, rendering MOECO liable to Plaintiffs for the intentional, willful, grossly negligent and negligent acts and omissions of MOEX Offshore 2007, L.L.C. and MOEX USA Corporation.

77.

The existence and breach of these legal duties are established under the general maritime and state law as deemed applicable herein.

78.

In addition to the intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions described herein, and in the alternative thereto, the damages suffered by Plaintiffs were caused by acts or omissions of the Defendants that are beyond proof by the Plaintiffs but were within the knowledge and control of the Defendants, there being no other possible conclusion that the blowout, explosions, fire, sinking, and spill resulted from the negligence of Defendants.  The blowout, explosions, fire, sinking, and the resulting spill would

not have occurred had the Defendants satisfied the duty of care imposed on them.  Plaintiffs therefore plead the doctrine of *res ipsa loquitor*.

79.

As a result of this explosion, oil, chemical dispersants, and petroleum fumes soiled the coast of Louisiana damaging and threatening to damage natural resources including air, land, water, and marine life and personal and real property.

80.

Defendants' intentional, willful, wanton, reckless, negligent and grossly negligent acts and omissions caused Plaintiffs' damages which consist of the oiling and contamination of their real and personal property, devaluation of their property, stigma resulting from the taint of their property caused by the spill, lost business opportunities, loss of goodwill, lost profits, lost rents, loss of earning capacity, loss of use, inconvenience, mental anguish, and emotional distress.

81.

Plaintiffs seek exemplary damages including attorney's fees, litigation expenses, court costs, and expert witness fees.

82.

Plaintiffs seek punitive damages due to the willful, wanton, reckless, and grossly negligent acts and omissions of the Plaintiffs.

83.

Due to the intentional, willful, wanton, reckless, and grossly negligent character of the acts and omissions that caused Plaintiffs' damages, Defendants are liable to Plaintiffs for all their claimed damages, whether reasonably foreseeable or not.

84.

Plaintiffs seek prejudgment interest.

WHEREFORE, Plaintiffs Gary and Deborah Sellno, Kerry and Sandra Lauricella, William and Georgia Gibson, Dale and Denise LeBrun, Larry and Kelly Tapp, E.P. and M.B. Geghardt, Michael L. and Dawn Dawson, Michael L. Dawson Construction, Ned and Ginger Naquin, Gordon R. Cordes, James Agent, Clark Barrios, Rose Boudoin, Joseph Barrios, Rex and Beverly Rambo, Vincent and Marlene Lobue, Mark and Carol Dawson, Mark Dawson Construction, Henry J. Becnel, Jr., Anthony Caramonta, Paul Leone, Brian Reuther, Peter and Karen Casbarian, Gerard Comeaux, Keith and Boksoon Fabre, Kevin and Kelly Poteet, Quality Metal Works, Inc., Kirk Fabre, Denise and Sean Migliore, Casbarian Engineering Associates, L.L.C., Jody and Tammy Sellno, Carolyn Campo, Robin Campo and Richard A. Campo III, Buddy and Luanna Cambas, Buddy and David Cambas, Cambas Electric, Inc., Doug and Mary Moore, Juro Bezmalinovic, Bez Fabrication, Inc., Caleb H. Didriksen and Sondra Brown, Greg and Anna Chaisson, John and Peggy Forester, Brian and Melanie Bennett, Parish Truck Sales, Inc., Mike and Lori Breaux, Jim Juneau, Scott Levandoske, and TSL Sheet Metal, LLC demand judgment against Defendants jointly, severally, and solidarily, for:

(a)   Economic and compensatory damages, including general damages, in amounts to be determined at trial;

(b)   Exemplary and punitive damages;

(c)   Attorneys' fees, expert witness fees, and all costs of litigation;

(d)   Pre-judgment and post-judgment interest at the maximum rate allowable by law;

(e)   Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

Respectfully submitted,

**DIDRIKSEN LAW FIRM**

*/s/ Caleb H. Didriksen*
**CALEB H. DIDRIKSEN**, La. Bar No. 1334
**DIANE R. COSENZA**, La. Bar No. 4419
**MICHAEL D. LANE**, La. Bar No. 30364
3114 Canal Street
New Orleans, LA 70119
Telephone:  (504) 586-1600
Facsimile:  (504) 822-3119
Email: caleb@didriksenlaw.com
            diane@didriksenlaw.com
            mike@didriksenlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel of record by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 22nd day of April, 2013.


*/s/ Caleb H. Didriksen*