UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG * | | NO. 10-MD-2179 |
|     "DEEPWATER HORIZON" in the * | | |
|     GULF OF MEXICO on * | | SECTION "J"(1) |
|     April 20, 2010 * | | |
| * | | JUDGE BARBIER |
| This Document Pertains to 12-2564 * | | |
| * | | MAG. SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER OF LARRY GRIFFIN TOWING CO., INC.**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Larry Griffin Towing Co., Inc. ("Larry Griffin Towing"), and in response to the Complaint, filed on behalf of Plaintiff, John D. Naples, respectfully avers as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Resolve upon which relief can be granted.

**SECOND DEFENSE**

In response to the separately numbered paragraphs of the Complaint, Resolve avers as follows:

I.

The allegations contained in Paragraphs 1, 3, 4, 5, 6, 7, 9, 10, 21, 22, 24, 25, 26, 27, 42, 43, 44, 47, 48, 49, 50, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 75, 76, 77, 78 and 79 of the Complaint pertain to another party and require no answer from Larry Griffin Towing, but to the extent that such allegations are deemed to require answer and

unless admitted or qualified elsewhere in this Answer, they are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the allegations of fact made therein.

II.

The allegations contained in Paragraphs 2, 20, 23, 28, 29, 30, 31, 34, 35, 36, 37, 38, 39, 45, and 46 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the allegations of fact made therein.

III.

The allegations contained in Paragraph 8 of the Complaint are admitted.

IV.

The allegations contained in Paragraphs 11, 12, 13, 15, 16, 17, 19, 32, and 33 of the Complaint state conclusions of law which require no answer, but to the extent that such allegations are deemed to require answer and unless admitted or qualified elsewhere in this Answer, they are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the allegations of fact made therein.

V.

The allegations contained in Paragraph 14 of the Complaint state conclusions of law which require no answer, but to the extent that such allegations are deemed to require answer and pertain to Larry Griffin Towing, they are admitted.  All other allegations contained in such paragraph, unless admitted or qualified elsewhere in this Answer, are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the allegations of fact made therein.

VI.

The allegations contained in Paragraphs 40 and 41 of the Complaint are denied, except to admit that Plaintiff was employed by Larry Griffin Towing at some time during the period stated, that Plaintiff was captain of M/V JAKE RYAN and moved a barge to Theodore, AL, and that M/V JAKE RYAN is owned by Larry Griffin Towing.

VII.

In response to the allegations contained n Paragraphs 51, 56, 60, 69, and 74, Larry Griffin Towing realleges all responses set for the in the preceding paragraphs as though fully restated.

VIII.

To the extent that the allegations contained in Paragraphs 52, 53, 54, 55, 57, 58, and 59 of the Complaint pertain to Larry Griffin Towing, they are denied, except to admit Plaintiff's seaman status and that M/V JAKE RYAN is a vessel that operates on navigable waters of the United States.  To the extent that such allegations pertain to another party, they are are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the allegations of fact made therein.

IX.

The allegations contained in all unnumbered paragraphs, articles, prayers, and preambles of the Complaint not specifically addressed above are denied.

**THIRD DEFENSE**

As a separate and complete defense, Larry Griffin Towing avers that Plaintiff's injuries or damages, if any, were not caused by any actions or omissions on the part of

Larry Griffin Towing, its employees, agents, or other persons for whom it is responsible, but instead were caused or contributed to by the fault, negligence, and inattention of Plaintiff, which includes, but is not limited to, failing to exercise reasonable caution for his own safety, failure to use appropriate equipment and procedures, voluntarily exposing himself to alleged dangerous and toxic substances through recreational boating, and other acts of negligence that will be shown at the trial of this matter, which negligence, fault, and inattention are pleaded in bar or in diminution of any recovery herein.

## FOURTH DEFENSE

As a separate and complete defense, Larry Griffin Towing avers that Plaintiff's injuries or damages, if any, were not caused by any actions or omissions on the part of Larry Griffin Towing, its employees, agents, or other persons for whom it is responsible, but if Plaintiff was damaged as a result of any negligence or fault other than that of Plaintiff, then such negligence and fault is attributable to third parties for whom Larry Griffin Towing is not responsible, including various codefendants named in Plaintiff's Complaint.

## FIFTH DEFENSE

As a separate and complete defense, Larry Griffin Towing avers that Plaintiff's injuries or damages, if any, were not caused by any actions or omissions on the part of Larry Griffin Towing, its employees, agents, or other persons for whom it is responsible, but instead were caused by the result of risks which were knowingly and voluntarily undertaken by Plaintiff.

## SIXTH DEFENSE

As a separate and complete defense, Larry Griffin Towing avers that Plaintiff's injuries or damages, if any, were not caused by any actions or omissions on the part of Larry Griffin Towing, its employees, agents, or other persons for whom it is responsible, but instead were caused by an intervening and/or superseding cause.

## SEVENTH DEFENSE

As a separate and complete defense, Larry Griffin Towing avers that Plaintiff's injuries or damages, if any, were not caused by any actions or omissions on the part of Larry Griffin Towing, its employees, agents, or other persons for whom it is responsible, but instead were caused by an unavoidable accident.

## EIGHTH DEFENSE

As a separate and complete defense, Larry Griffin Towing avers that Plaintiff's injuries or damages, if any, were not caused by any actions or omissions on the part of Larry Griffin Towing, its employees, agents, or other persons for whom it is responsible, but instead are the result of conditions that existed before the incident(s) that forms the basis of this litigation.

## NINTH DEFENSE

As a separate and complete defense, Larry Griffin Towing denies that it breached any legal duty to Plaintiff.

## TENTH DEFENSE

As a separate defense, Larry Griffin Towing avers that any fault attributable it, which fault is specifically denied, occurred without its privity and knowledge, and Larry

Griffin Towing pleads its right to limitation of liability pursuant to 46 U.S.C. § 30501 *et seq*.

## ELEVENTH DEFENSE

As a separate defense, Plaintiff has failed to mitigate his damages as required by law and are thereby precluded from making any claims for damages in excess of those which could have been prevented in the exercise of ordinary care and prudence in mitigating one's losses.

**WHEREFORE**, Defendant, Larry Griffin Towing Co., Inc., prays that this Answer be deemed good and sufficient and that, after due proceedings had, there be judgment in its favor and against Plaintiff, dismissing with prejudice Plaintiff's Complaint, as it may be amended, at Plaintiff's cost, and for all additional relief as this Honorable Court may deem just in the premises and be competent to grant.

Respectfully submitted:

**LARZELERE PICOU WELLS
 SIMPSON LONERO, LLC**
Two Lakeway Center - Suite 1100
3850 N. Causeway Blvd.
Metairie, Louisiana  70002
Telephone: (504)834-6500

BY:      */s/T. Justin Simpson*             __
**T. JUSTIN SIMPSON, T.A. (#18347)**
jsimpson@lpwsl.com
**CORY T. STUART (#33394)**
cstuart@lpwsl.com
**ATTORNEYS FOR DEFENDANT,
LARRY GRIFFIN TOWING CO., INC.**

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on this 23d day of April 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

                */s/ T. Justin Simpson*