**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" | § | |
| in the GULF OF MEXICO | § | |
| on APRIL 20, 2010 | § | Section: J |
| | § | |
| This Document relates to: | § | |
| | § | Judge Barbier |
| Civil Action No. 2:10-cv-2795 - | § | Magistrate Judge Shushan |
| *Corliss Gallo, et al. v. BP PLC, et al.* | § | |

<u>**AMENDED COMPLAINT FOR DAMAGES**</u>

**NOW COMES PLAINTIFF,** Retreat Investments, Inc., through undersigned counsel, who does allege, aver and represent as follows:

<u>**Nature of the Action**</u>

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiff has suffered economic injury, damage and/or losses as a result of the oil spill.

<u>**THE PARTIES, JURISDICTION AND VENUE**</u>

3. Plaintiff, Retreat Investments, Inc. (hereinafter "Plaintiff"), is an Alabama corporation with its principal place of business/operations in Mobile County, Alabama.

4. Plaintiff brings these claims pursuant to Federal General Maritime Law including/and/or the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.*

5. Jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction.

6.  Jurisdiction also exists before this Court pursuant to the Oil Pollution Act, 33 U.S.C. § 2717(b) (the "OPA").

7.  Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois.  BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714.  This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

8.  Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

9.  BP Exploration and BP America are generally referred to herein collectively as the "BP Defendants" or "BP."

10. Defendant, Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas.  Halliburton is registered to do and does business in the State of Louisiana.  Halliburton provided engineering services, materials, testing, mixing, and pumping for cementing operations on board the Deepwater Horizon, as well as onshore engineering support for those operations.

11. Halliburton division Sperry Drilling Services (formerly Sperry Sun Drilling Services) was responsible for mudlogging personnel and equipment on the Deepwater Horizon, including downhole drilling tools.   Sperry mudlogging personnel were partially responsible for monitoring the well, including mud pit fluid levels, mud flow in and out

2

of the well, mud gas levels, and pressure fluctuations.  "Halliburton" shall refer to both Halliburton Energy Services, Inc. and its Sperry division.

12. Venue is proper in this jurisdiction because the defendants' actions, inactions, and failures directly and proximately caused the damage and harm to the Plaintiff in this jurisdiction.

**<u>Factual Background</u>**

13. Plaintiff adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

14. Plaintiff further adopts and incorporates as if restated herein all factual allegations and information contained in its prior Complaint and Direct Filing Short Form/Short Form Joinder, Rec. Doc. No. 40377 filed by Plaintiff into No. 10-8888.

15. Plaintiff further adopts and incorporates as if fully restated herein Plaintiff's' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, 2011; Amended Response to Phase One Request for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012.

16. Plaintiff is a real estate developer and owned beachfront property in Perdido Key, Florida near the Alabama/Florida state lines.  Plaintiff planned to build a 16 unit, 4 bedroom condominium project on the property.

17. Plaintiff's property has been physically contaminated by oil from the *Deepwater Horizon* oil spill and dispersant chemicals from the oil spill clean-up operations and is currently

unsuitable for development. The property has depreciated significantly in value, and Plaintiff has lost profits and experienced an impairment of earning capacity from its inability to develop or sell its real property due the oil spill.

18. Plaintiff, out of an abundance of caution, made and/or re-made "presentment" of a Claim in accord with 33 USC §§ 2702(b) and 2713, by submitting a description of the claim with a "sum certain" and supporting documentation to BP as the "responsible party" under OPA via email to BPClaimsProgram@bp.com, on or about January 21, 2013.

19. Because Plaintiff previously asserted a claim against the responsible party through its prior Complaint and Short Form Joinder, Rec. Doc. No. 40377, the presentment on or about January 21, 2013 was made (and/or re-made) out of an abundance of caution.

20. BP either denied the claim or otherwise failed to satisfy the claim within 90 days of presentment.

21. Defendants are strictly liable to Plaintiff for damages under the Florida Pollutant Discharge Prevention and Control Act, Fla. Stat. § 376.011 *et seq.*

## Claims for Relief

22. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints and its Short Form Joinder, Rec. Doc. No. 40377 against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiff for removal costs and damages arising out of the following:

   a. Loss of Natural Resources;

   b. Loss or Damage to Real or Personal Property;

   c. Subsistence Use;

4

    d.  Loss of Revenues;

    e.  Loss of Profits and/or Earning Capacity; and

    f.  Loss of Public Services.

23. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints and its Short Form Joinder, Rec. Doc. No. 40377 against all defendants identifying General Maritime Law causes of action and claims for relief relating to the following:

    a.  Negligence; and

    b.  Gross Negligence and Willful Misconduct.

24. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints and its Short Form Joinder, Rec. Doc. No. 40377 against all defendants for Punitive Damages arising out of willful and wanton misconduct and/or gross negligence as alleged and described in the MDL Complaints.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Retreat Investments, Inc., demands judgment against Defendants, jointly, severally, and *in solido,* as follows:

a.  Economic and compensatory damages in amounts to be determined at trial;

b.  Punitive Damages;

c.  Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d.  Reasonable claims preparation expenses;

e.  Attorneys' fees;

f.  Costs of litigation; and

g.  Such other and further relief available under all applicable state and federal laws and

any relief the Court deems just and appropriate.


Date: <u>April 22, 2013</u>

<u>/s/  Allison E. White</u>
**Allison E. White,** La. Bar No. 32957
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: aew@cunninghambounds.com

Of Counsel:
**Robert T. Cunningham**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: rtc@cunninghambounds.com

**Steven L. Nicholas**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sln@cunninghambounds.com


**Stephen C. Olen**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sco@cunninghambounds.com