# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | ) | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | ) | |
| GULF OF MEXICO, on APRIL 20, 2010 | ) | Section J; Mag. 1 |
| | ) | |
| This Document Relates to: | ) | Judge Barbier |
| In re: 10-8888 Short Form Joinders | ) | Mag. Judge Shushan |

### MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE

**MAY IT PLEASE THE COURT:**

Now come various claimants, through undersigned counsel, who file this Memorandum in Support of the accompanying Motion for Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011 Deadline. Attached to this Memorandum are exhibits identified as Exhibit A which outline a list of all claimants who filed late short forms and are joint movants for the purposes of this motion ("Claimants").  These Claimants seek this Honorable Court's permission to accept Claimants' late-filed claims in the limitation proceeding for the following reasons:

1. All Claimants  contacted counsel  after the Court-established deadline seeking assistance in filing claims for injuries and damages incurred as a result of the Deepwater Horizon explosion and resulting oil spill.

2.      Because Claimants were unaware of the Court-established deadline, or had not yet fully realized their damages, they did not timely file in the Transocean limitation proceeding.

3.      No prejudice will result from the acceptance of the late filings. Such filings are being filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS and/or 10-9999.  No action has been taken in the limitation proceeding that could cause prejudice to any other party to the proceeding.

4.      Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding.  Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late-filed claims should be allowed where equitable reasons are shown.  *Texas Gulf Sulphur Co. v. Blue Stock Towing Co.*, 313 F.3d 359,362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims,"); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (*citing Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349,351 (5th Cir. 1993)).   Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed  timely.  Limitation has not  been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, Claimants respectfully request that the Court accept their late-filed short forms and grant the accompanying Motion for Acceptance of Limitation Short Form Joinders Beyond the September 16, 2011 Deadline.

Respectfully submitted

s/Frederick T. Kuykendall, III
**Frederick T. Kuykendall, III**
AL Bar No. ASB4462A59F
Federal Bar No.: KUYKF4462
KUYKENDALL & ASSOCIATES, LLC
23937 US Hwy 98, Suite 3
Fairhope, AL 36532
Phone: (251) 928-4008
Fax: (251) 928-2151
Plaintiffs' Counsel