UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | * | Civil Action No. 10-2771 MDL No. 2179 |
| THIS DOCUMENT RELATES TO: IN RE: TRITON ASSET LEASING GmbH Case No. 2:10-cv-02771-CJB-SS | * * | Section: J |

**ANSWER AND CLAIM OF NORMAN WALTON, DUSTY WALTON, MCINNIS BAY PROPERTIES, LLC, JUB HUGHES, KAREN HUGHES, TIMOTHY JAMES, ANGELA JAMES, C. SHELDON WHITTELSEY, IV, ANNE WHITTELSEY, JOSEPH DZWONKOWSKI, III, TAYLOR DZWONKOWSKI, CLIFTON MORRISSETTE, JR., HIRAM MORRISSETTE, III, LYNN MORRISSETTE, SELINE MORRISSETTE BY AND THROUGH HER NEXT FRIEND CLIFTON MORRISSETTE, THOMAS MORRISSETTE, AND WILLIAM MORRISSETTE**
<u>ANSWER</u>

Come now CLAIMANTS and, pursuant to Supplemental Rule F(5), Supplemental Rule A(2), and Rules 7(a)(2), 8 and 12(a)(1)(A) of the Federal Rules of Civil Procedure, in answer to the Complaint in Limitation of the four Transocean entities (collectively "Transocean" herein) which have complained in this case for exoneration from or limitation of liability from the DEEPWATER HORIZON oil spill, and says as follows:

1. Admit that the Complaint in Limitation of Liability is within the admiralty and maritime jurisdiction of the United States, but respectfully assert that certain of the claims of these plaintiffs may be governed by the substantive law of one or more states, and may not in their entirety be within the admiralty and maritime jurisdiction of this Court.

2-5. Admitted.

6. Denied. Under the Limitation of Liability Act only an "Owner" or a "Charterer" (which case law clearly defines as a demise or bareboat charterer) may properly petition for

limitation of liability. An "operator" which is neither an owner nor a demise or bareboat charterer may not petition for nor obtain limitation of liability. Claimants deny that *all four* of these Transocean entities fit into these *two* statutory categories, "owner" or (demise or bareboat) "charterer."

7. Denied.

8. Admitted.

9. The allegation the DEEPWATER HORIZON was at the time and place of the event "conducting normal drilling operations," is denied, but the other allegations of paragraph 9 are admitted.

10. Denied.

11. Denied.

12. Denied.

13-16. Admit that the Transocean entities have been sued in many suits in many courts in many states. The remainder of paragraphs 13-16 are denied for lack of sufficient information upon which to form a belief.

17. Admitted.

18. Denied for lack of sufficient information upon which to form a belief.

19. Admitted.

20. Denied. In particular, without waiving any other grounds, Paragraph 20 of the complaint purports to claim exoneration from or limitation of liability for claims under the Oil Pollution Act of 1990. Although plaintiffs later informed the Court that they no longer sought a stay of any claims made in other cases under that Act, and although the Court modified the injunction in that respect, the claim for exoneration from or limitation of liability for claims

under the Oil Pollution Act of 1990 remains in paragraph 20 of the Complaint. Claimants deny that plaintiffs may properly seek exoneration from or limitation of liability for claims under the Oil Pollution Act of 1990, as is made clear by decisional law in the United States Court of Appeals for the Fifth Circuit.

21-22. Denied. Certain claimants, notably the Vietnamese Fishermen, have pleaded that the various stages of these events constitute "distinct occasions" within the meaning of a 1935 amendment to the Limitation Act, necessitating multiple limitation funds, perhaps of different sizes. Pending further factual development in the lawsuit, on this issue the allegations in paragraphs 21-20 or elsewhere in the complaint, to the extent if at all that they may suggest that these events were a single "occasion" within the meaning of the Limitation Act, are denied for lack for sufficient information upon which to form a belief.

23.    Admit that the complaint was timely filed; denied for lack of sufficient information upon which to form a belief the other allegations of paragraph 23.

24.    Admit that the Complaint in Limitation of Liability is within the admiralty and maritime jurisdiction of the United States, but respectfully asserts that certain of the claims of these plaintiffs may be governed by the substantive law of one or more states, and may not in their entirety be within the admiralty and maritime jurisdiction of this Court.

## FIRST DEFENSE

The claim by "operators" for limitation or exoneration fails to state a claim upon which relief may be granted. In particular, without limiting the generality of the foregoing, the claim by Plaintiffs as "operators" fails to state a claim. Under the Limitation of Liability Act only an "Owner" or a "Charterer" (which case law clearly defines as a demise or bareboat charterer) may

properly petition for limitation of liability. An "operator" which is neither an owner nor a demise or bareboat charterer may not petition for nor obtain limitation of liability.

## SECOND DEFENSE

The events made the basis of this proceeding occurred within the privity or knowledge of plaintiffs.

## THIRD DEFENSE

The DEEPWATER HORIZON was not seaworthy at the material times.

## FOURTH DEFENSE

Plaintiffs did not use due diligence to make the DEEPWATER HORIZON seaworthy.

## CLAIM FOR DAMAGES

1. This is an action to recover damages suffered by these Claimants as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of, the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April 20, 2010, at or about 10:00 p.m. on the outer Continental Shelf.

2. Claimants bring this action for damages against Plaintiffs.

## THESE CLAIMANTS

3. Claimants, each have suffered property damage by the contamination of their property with oil, dispersants or other contaminants, and/or have suffered loss of value of their real property, all as a result of the events described above and below. Each has suffered damages that are more fully described below.

## TRANSOCEAN ENTITIES

4. Plaintiffs have represented to the Court in the Complaint which they filed to begin this case, that they were the owners, charterers and/or operators of the DEEPWATER

HORIZON at the date and place of the events made the basis of the Limitation Proceeding. As such they are responsible parties, liable for these claims, jointly and severally with other entities which are not parties to this proceeding at this time. The Transocean entities which filed this proceeding have not yet differentiated among themselves for any reason, and for that reason we will refer to them collectively as "Transocean."

## FACTUAL ALLEGATIONS

5. Some or (they allege) all of the various Transocean entities who are Plaintiffs herein allege in this case that they are the owners, charterers and/or operators of the DEEPWATER HORIZON, a semi-submersible mobile drilling rig, which was performing completion operations for BP, BP Exploration, BP America, and BP Products on the outer Continental Shelf, at the site from which the oil spill originated.

6. At all times material hereto, the DEEPWATER HORIZON was owned, manned, possessed, managed, controlled, chartered and/or operated by one or more of the Transocean entities which are Plaintiffs herein, and/or one or more BP entities.

7. Transocean, or its predecessors, is the designer of the DEEPWATER HORIZON.

8. The fire and explosion on the DEEPWATER HORIZON, its sinking and the resulting oil spill were caused by the combined and concurring negligence of Plaintiffs for Limitation herein, and of other parties, which renders Transocean liable, jointly and severally, to these Claimants for all their damages.

9. Plaintiffs for Limitation herein knew of the dangers associated with deep water drilling and failed to take appropriate measures to prevent damage to Claimants, the Gulf of Mexico's marine and coastal environments, where Claimants work and earn a living.

10. The spilled oil has caused, and will continue in the future to cause, a dangerous environmental contamination of the Gulf of Mexico, its shorelines, and associated recreational areas.

11. There are many other potential effects from the oil spill that have not yet become known, and these Claimants reserve the right to amend this Claim once additional information becomes available.

## FIRST CAUSE OF ACTION
### (Negligence)

12. These Claimants incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

13. The fire, explosion, and resulting oil spill were caused by the combined and concurrent negligence of Plaintiffs for Limitation herein and others.

14. Upon information and belief, these Claimants aver that the fire, explosion, and resulting oil spill were caused by the joint negligence and fault of Plaintiffs for Limitation herein and others not yet parties, in the following non-exclusive particulars:

    a. Failing to properly operate the DEEPWATER HORIZON;

    b. Operating the DEEPWATER HORIZON in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

    c. Failing to properly inspect the DEEPWATER HORIZON to assure that its equipment and personnel were fit for their intended purpose;

    d. Acting in a careless and negligent manner without due regard for the safety of others;

    e. Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the DEEPWATER HORIZON which,

     if they had been so promulgated, implemented, and enforced, would have averted the fire, explosion, sinking, and oil spill;

  f. Operating the DEEPWATER HORIZON with untrained and/or unlicensed personnel;

  g. Failing to take appropriate action to avoid or mitigate the accident;

  h. Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

  i. Failing to ascertain that the DEEPWATER HORIZON and its equipment were free from defects and/or in proper working order;

  j. Failure to timely bring the oil release under control;

  k. Failure to provide appropriate accident prevention equipment;

  l. Failure to react to danger signs;

  m. Providing BOP's that did not work properly;

  n. Conducting well and well cap cementing operations improperly;

  o. Failure to properly design the DEEPWATER HORIZON;

  p. Failure to install and/or deploy an acoustic switch to stop the flow of oil in the event of a failure; and

  q. Such other acts of negligence and omissions as will be shown at the trial of this matter.

15. The injuries to these Claimants were also caused or aggravated by the fact that Plaintiffs for Limitation herein negligently failed to take necessary actions to mitigate the danger associated with their operations.

16. These Claimants have been damaged by their inability to use and enjoy their property, and have suffered property damages, as a direct result of the oil spill.

17. These Claimants are entitled to a judgment finding Plaintiffs for Limitation herein liable to these Claimants for damages suffered as a result of Plaintiffs for Limitation herein's negligence and awarding these Claimants adequate compensation therefor in amounts determined by the trier of fact.

## SECOND CAUSE OF ACTION
### (Wantonness)

18. These Claimants incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

19. The fire, explosion, and resulting oil spill were caused by the concurrent wantonness of Plaintiffs for Limitation herein.

20. Upon information and belief, Plaintiffs aver that the fire, explosion, and resulting oil spill were caused by the joint wantonness and fault of Plaintiffs for Limitation herein in the following non-exclusive particulars:

   a. Failing to properly operate the DEEPWATER HORIZON;

   b. Operating the DEEPWATER HORIZON in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

   c. Failing to properly inspect the DEEPWATER HORIZON to assure that its equipment and personnel were fit for their intended purpose;

   d. Acting in a wanton manner without due regard for the safety of others;

   e. Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the DEEPWATER HORIZON which,

      if they had been so promulgated, implemented, and enforced, would have averted the fire, explosion, sinking, and oil spill;

  f. Operating the DEEPWATER HORIZON with untrained and/or unlicensed personnel;

  g. Failing to take appropriate action to avoid or mitigate the accident;

  h. Wanton implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

  i. Failing to ascertain that the DEEPWATER HORIZON and its equipment were free from defects and/or in proper working order;

  j. Failure to timely bring the oil release under control;

  k. Failure to provide appropriate accident prevention equipment;

  l. Failure to react to danger signs;

  m. Providing BOP's that did not work properly;

  n. Conducting well and well cap cementing operations improperly;

  o. Failure to properly design the DEEPWATER HORIZON;

  p. Failure to install and/or deploy an acoustic switch to stop the flow of oil in the event of a failure;

  q. Such other acts of wantonness and omissions as will be shown at the trial of this matter; and

  r. Acting in a manner that justifies imposition of punitive damages.

21. The injuries to these Claimants were also caused or aggravated by the fact that Plaintiffs for Limitation herein wantonly failed to take necessary actions to mitigate the danger associated with their operations.

22.     These Claimants have been damaged by their inability to use and enjoy their property, and have suffered property damages, as a direct result of the oil spill.

23.     These Claimants are entitled to a judgment finding Plaintiffs for Limitation herein liable to these Claimants for damages suffered as a result of Plaintiffs for Limitation herein's wantonness and awarding these Claimants adequate compensation and punitive damages therefor in amounts determined by the trier of fact.

### THIRD CAUSE OF ACTION
### (Nuisance)

24.     These Claimants incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

25.     The actions of Plaintiffs for Limitation herein, as described above, resulted in an invasion by a substance -- oil and other pollutants -- that interfered and continues to interfere with these Claimants' rights to enjoy their property and caused hurt, inconvenience, and/or damage to these Claimants.

26.     The nuisance created by Plaintiffs for Limitation herein caused special damages to these Claimants in which the public does not participate.

27.     The above described injuries and damages to these Claimants were proximately and/or legally caused by said nuisance.

28.     These Claimants are entitled to a judgment finding Plaintiffs for Limitation herein liable to Claimants for damages suffered as a result of Plaintiffs for Limitation herein's nuisance and awarding these Claimants adequate compensation therefor in amounts determined by the trier of fact.

## FOURTH CAUSE OF ACTION
### (Strict Liability)

29. These Claimants incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

30. The actions and activities of Plaintiffs for Limitation herein, as described above, including, but not limited to, drilling and transporting oil and other pollutants in the Gulf of Mexico, constitutes an abnormally dangerous and/or ultrahazardous activity that carries with it a high degree of risk of harm to individuals, land or chattels of others.

31. The injuries and damages suffered by these Claimants were the kind of harm, the possibility of which makes the Plaintiffs for Limitation's activities abnormally dangerous and/or ultrahazardous.

32. The above described injuries and damages to the these Claimants were proximately caused by said abnormally dangerous and/or ultrahazardous activity.

33. These Claimants are entitled to a judgment finding Plaintiffs for Limitation herein liable to these Claimants for damages suffered as a result of Plaintiffs for Limitation herein's abnormally dangerous and/or ultrahazardous activity and awarding these Claimants adequate compensation therefor in amounts determined by the trier of fact.

## PRAYER FOR RELIEF

WHEREFORE, these Claimants demand judgment against Petitioners in Limitation, jointly and severally, as follows:

    a. Economic and compensatory damages in amounts to be determined at trial;

    b. Punitive damages;

    c. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

  d. Such other and further relief available and any relief the Court deems just and appropriate.

Date: 4/24/2013

    **/s/  Steven L. Nicholas**
    **Steven L. Nicholas**
    CUNNINGHAM BOUNDS, LLC
    1601 Dauphin Street, P.O. Box 66705
    Mobile, Alabama  36660
    Phone:  251-471-6191
    Fax:  251-479-1031
    E-mail: sln@cunninghambounds.com

    Of Counsel:
    **Robert T. Cunningham**
    CUNNINGHAM BOUNDS, LLC
    1601 Dauphin Street, P.O. Box 66705
    Mobile, Alabama  36660
    Phone:  251-471-6191
    Fax:  251-479-1031
    E-mail: rtc@cunninghambounds.com

    **Stephen C. Olen**
    CUNNINGHAM BOUNDS, LLC
    1601 Dauphin Street, P.O. Box 66705
    Mobile, Alabama  36660
    Phone:  251-471-6191
    Fax:  251-479-1031
    E-mail: sco@cunninghambounds.com

    **Allison E. White,** La. Bar No. 32957
    CUNNINGHAM BOUNDS, LLC
    1601 Dauphin Street, P.O. Box 66705
    Mobile, Alabama  36660
    Phone:  251-471-6191
    Fax:  251-479-1031
    E-mail: aew@cunninghambounds.com