UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
|    "Deepwater Horizon" in the Gulf | * | |
|    of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| This Document Relates To: | * | JUDGE BARBIER |
| 10-2771, 10-4536 | * | |
| | * | MAGISTRATE SHUSHAN |

ORDER
[Regarding Phase One Post-Trial Briefing]

At the conclusion of the Phase One trial on April 17, 2013, the Court announced that it would issue an Order regarding post-trial briefing. Accordingly, **IT IS ORDERED** that:

The parties shall file their post-trial briefs not later than June 21, 2013, with the following page limitations:

    PSC — 60 pages

    USA — 40 pages

    ALA — 20 pages

    LA  — 20 pages

    BP  — 60 pages

    TO  — 50 pages

    HESI— 40 pages

Counsel for Alabama and Louisiana shall coordinate their briefing with the PSC so as to avoid duplication, and shall use their briefs <u>solely</u> for the purpose of briefing any issues that are unique to the States' claims.

Response briefs shall be filed not later than July 12, 2013, and shall not exceed 25 pages,

except for Alabama and Louisiana, whose response briefs shall not exceed 5 pages.

In addition to their post-trial briefs, the parties shall submit proposed Findings of Fact and Conclusions of Law, which shall be filed together with the opening briefs, not later than June 21, 2013. The proposed Findings of Fact and Conclusions of Law for the PSC, Alabama, and Louisiana shall be joint. Proposed findings of fact should pinpoint cite to the trial transcript and/or exhibits that support the point being made. Proposed conclusions of law should cite the case law or other legal authority relied upon.

With respect to the post-trial briefs, the Court believes it would be helpful if the Parties addressed the issues set forth below. These topics are offered merely to provide some guidance to the Parties. Accordingly, the Parties should brief any additional topics or issues they feel are appropriate. The Parties are also free to combine two or more topics into one, omit a topic, rearrange topics, etc.

1. What is the standard for finding "gross negligence" or "willful misconduct" under the Clean Water Act ("CWA"), 33 U.S.C. § 1321(b)(7)(D), and the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C § 2704(c)(A)?

2. What is the standard for a finding of punitive damages under general maritime law? Is this a different standard than under the CWA or OPA, and if so, how?

3. In order to find that a party acted with gross negligence,[1] is it necessary to find that there be at least one <u>single</u> act or omission that equates to gross negligence, or can such a finding be based upon an accumulation or a series of negligent acts or omissions?

4. Can an act or omission that is not itself causal of the accident nevertheless be considered in determining whether a party engaged in conduct constituting gross negligence?

5. In order to find gross negligence, is it sufficient if only employees on the rig are guilty of such conduct, or is it necessary to find that this level of conduct was attributable to shore-based or management-level employees?

---

[1] Hereinafter, the Court will use "gross negligence" to refer to any and all forms of misconduct exceeding ordinary negligence, whether deemed gross negligence, willful or wanton misconduct, reckless disregard, etc.

6. Does compliance with MMS (or other applicable) regulations preclude a finding of gross negligence regardless of whether a defendant knew or should have known that its conduct or equipment was unsafe, or violated accepted engineering standards?

7. Does the fact that a party acted in accordance with "industry standards" preclude a finding of gross negligence?

Signed in New Orleans, Louisiana, this 24th day of April, 2013.

_____
United States District Judge

3