UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding Working Group Conference on Friday, April 19, 2013]

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

### EQUIPMENT AT MICHOUD AND OTHER LOCATIONS

BP provided notice of intention to dispose of samples. The deadline to object is **Wednesday, May 8, 2013.** The parties shall review the notice and advise BP if they have or do not have an objection.

### PHASE ONE ISSUES

1. **Final Marshaling Conference.**

A Final Marshaling Conference ("FMC") is tentatively set for Friday, May 10, 2013. It will cover the final days of the trial, including all days not covered through the Marshaling Conference on April 11. By **Thursday, April 25, 2013**, the parties shall report all others matter that should be on the agenda for the FMC. A Working Group Conference will follow the FMC. The parties may participate by telephone in both conferences.

2. **<u>Master Lists</u>.**

There shall be two master lists. They shall include exhibits, demonstratives, call-outs, video clips and deposition bundles. One master list shall be sorted by number. The second master list shall be sorted by order of presentation and witness. The lists shall be circulated and agreed to prior to the FMC.

The Court recommended that the parties review the deposition designations and exhibits before the master lists are completed and the hard drives (see below) are prepared.

There was agreement that it was too late to include a brief description of each exhibit. The parties shall do this for Phase Two.

All parties will circulate lists of all exhibits they want admitted in connection with the witnesses during the last week of trial by **5:00 p.m. CDT on Friday, April 26.** Any objection to the lists must be raised with all counsel by **5:00 p.m. CDT on Monday, April 29.**

3. **<u>Hard Drives</u>**.

After there is agreement on the master lists, inData shall put all of the exhibits, demonstratives, call-outs, video clips and deposition bundles on two hard drives. One hard drive will be given to Stephanie and will be part of the record in the MDL. The second duplicate hard drive will be given to Judge Barbier.

The PSC and BP will deliver hard drives to all parties for review by **May 4.** All corrections shall be raised with the PSC and BP by **noon on May 8.** Before the FMC, the parties shall verify that the hard drives: (a) contain all of the exhibits, demonstratives, call-outs, video clips and deposition bundles identified on the master lists; (b) contain what was introduced into evidence

(other than live testimony); and (c) do not contain anything that was not introduced into evidence. The parties will sign a certification to that effect.

**4.      73 Exhibits**.

Prior to the April 12 conference, the U.S. identified 73 exhibits to be admitted into evidence. It was to review them to determine the ones it is truly interested in moving into the record. This shall be done before the FMC.

Before the FMC, the parties shall review the 73 exhibits to determine those that were actually referenced and used with a witness in designated portions of the deposition testimony.

The U.S. may include the remainder of the 73 documents on its list of documents that may be added as exhibits (see below).

**5.      Exhibits Admitted in Their Entirety.**

The PSC determined that there were only 2 or 3 exhibits that it sought to be admitted in their entirety (as opposed to excerpts). These shall be listed on the PSC's list of documents that may be added as exhibits (see below).

**6.      Documents that May be Added as Exhibits**.

Each party will be permitted to submit a list of documents that may be added as exhibits. The party shall provide a one sentence explanation of why each document should come in. Judge Barbier will review the lists and determine the documents to be admitted. If Judge Barbier reports that the exhibits are admitted, they will be on the two master lists and the hard drives. The deadline

for the lists documents to be added as exhibits is **Tuesday, April 30 at noon.**[1]  The Court will assemble the lists and give them to Judge Barbier at one time.

The <u>suggested</u> limit to be requested is 10 documents per party.  In addition to these 10, the U.S. may add those remaining from its list of 73 which were not resolved as described above.  The PSC may add the 2 or 3 that it contends should be admitted in their entirety.  The parties will submit their lists with the understanding that it is Judge Barbier's opinion that if an exhibit was not used during the trial, it probably should not be admitted.

**7.    Certification of Record.**

The Court will circulate in pdf format a certification of the contents of the hard drive as being the complete record.  The form will be signed by counsel for each party and returned to Marie Firmin (marie_firmin@laed.uscourts.gov) by **5:00 p.m. CDT on May 9.**

**8.    Exhibits to be Eliminated**.

Judge Barbier reported that the parties should attempt to eliminate exhibits or documents that might have been used in examining witnesses, but which do not need to be in evidence.  As an example, he cited the situation where a witness is asked to look at someone else's testimony, or is shown his own deposition testimony (where witness admits the testimony is accurate).  Generally, the lawyers were introducing every document or exhibit that was in any way shown to or discussed during each witness' testimony.  He asked that these be eliminated.

---

[1] **The deadline was previously May 6, but it needs to be moved forward to accomplish everything in time to circulate the hard drive.**

**9.     PSC Proffer**.

The PSC raised the issue of a proffer concerning a Halliburton witness. Halliburton objected. The parties were asked to confer. On April 22, the PSC reported that it conferred with Halliburton, and it proposed that the deposition testimony be proffered for appellate purposes. It will not be offered into evidence for Phase One. Subject to the right to make a "counter-proffer," Halliburton does not object. The PSC will submit the proffer to Halliburton sufficiently in advance of the FMC to permit the proffered deposition testimony to be included on the hard drives.

**10.    Deposition Bundles**.

Judge Barbier asked that the parties to reconsider the number of deposition bundles that were submitted to the court to determine whether they can agree to withdraw some of the bundles in light of the trial evidence. Many of the depositions contained largely duplicative or cumulative testimony to what he heard during the trial.

The PSC reported that the parties were having difficulty agreeing on what is Rule 30(b)(6) testimony for at least two witnesses - Ambrose and O'Bryan. By **May 2 at noon CDT,** the parties shall submit the depositions with agreed to fact testimony redacted. The remainder of the depositions will be submitted with objections noted on a separate sheet.

**11.    Findings of Fact and Post Trial Briefing**

The parties and the Court discussed proposals for findings of fact and post trial briefing. The Court will communicate the parties' comments to Judge Barbier, who has issued an order.

5

## PHASE TWO PREPARATION

1. **Experts**.

The U.S. reported that Dr. Aaron Zick will be available for his deposition on June 28 and 29. The following expert issues remain for resolution: (a) the objection by the U.S. to two day depositions for the experts; (b) is an expert deposition required for Tom Hunter (the U.S. contends that it is not because he was deposed as fact witnesses); and (c) allocation of examination time.

2. **Deposition Designations**.

The U.S. reported that there was no objection to the agreement that non-designated deposition testimony can be used in response to objections to exhibits. It will withdraw its last bundles.

The parties agreed to a more narrow description for the objective summaries. Where an individual has a formal title, the description will be limited to the title. Other descriptions will be reduced to 50 words or less.

There was agreement by the parties that where a party wants a document in the deposition bundle, there must be testimony associated with the document. The parties agreed to identify anything that is trial confidential; for example personal information.

The U.S. reported that the parties will discuss the question of a list of objections to exhibits being incorporated into the bundles.

3. **Phase Two Exhibit Lists and Evidentiary Objections**.

The U.S. clarified that there are three installments to the exhibit list process with the third due after expert depositions. In the third installment the parties were to raise hearsay within hearsay objections. The U.S. questioned whether all such objections can be raised at that time. It inquired

about ground rules for objections that don't become apparent until the party actually attempts to use the document and it is clear that: (1) the party is offering the document for the truth of the matter asserted; (2) the party is using it against a party other than the party that produced the record; and (3) the party is arguing relevance in a way that another party disagrees with.  BP reported that it will meet-and-confer with the U.S. on these issues.

**4.     Dr. Leifer's Audio Journal**.

The Court will sample the UCSB log and redactions to determine whether they are proper. On April 22, 2013, UCSB was asked to provide additional information for some of the redactions by **Friday, April 26.**

**5.     Crime-Fraud.**

The Court is working on the crime-fraud motions.  If additional briefing is required, it shall notify the parties.

**6.     Oceaneering Request for Expenses**.

Oceaneering's April 10, 2013 request for reimbursement of its expenses in responding to the subpoena for its deposition is pending.

**7.     Intertek**.

The U.S. reported that it will withdraw its request for the Intertek lab data if BP agrees that it will not request the data from Intertek or rely on it in any way.  BP agreed with the understanding that: (a) Intertek produced a summary report to the BP legal team and counsel for all parties; (b) as a BP contractor, Intertek has data which was sought by the U.S.; (c) this data is not in the possession of the BP legal team, including BP's experts other than Intertek; and (d) if this changes, the data will be produced to the parties.

7

**8.** **Exhibits**

For Phase Two, the parties shall display all TREX numbers in the upper left corner of the slide. Judge Barbier and Ben Allums found this helpful. They shall also avoid duplicate numbering.

**9.** **Expert Deposition Schedule.**

Wednesday - June 19

| | | |
|---|---|---|
| U.S. - Ron Dykhuizen | Quantification, Track 1 - Hydraulic Modeling. | New Orleans |

Thursday - June 20

| | | |
|---|---|---|
| U.S. - Ron Dykhuizen | Quantification, Track 1 - Hydraulic Modeling. | New Orleans |

Monday - June 24

| | | |
|---|---|---|
| PSC - Gregg Perkin | Source Control - Available June 24 - 29 | New Orleans |

Tuesday - June 25

| | | |
|---|---|---|
| PSC - Gregg Perkin | Source Control - Available June 24 - 29 | New Orleans |

Wednesday - June 26

| | | |
|---|---|---|
| U.S. - Stewart Griffiths | Quantification, Track 1 - Hydraulic Modeling. | N.O. |

Thursday - June 27

| | | |
|---|---|---|
| U.S. - Stewart Griffiths | Quantification, Track 1 - Hydraulic Modeling. | N.O. |
| U.S. - Mehran Pooladi-Darvish | Quantification, Track 2 - Reservoir Modeling. | N.O. |
| U.S - Aaron Zick (N.O.) | Quantification, Track 4 - Fluids/Production Engineering | |

Friday - June 28

| | | |
|---|---|---|
| U.S. - Mehran Pooladi-Darvish | Quantification, Track 2 - Reservoir Modeling. | N.O. |
| U.S - Dr. Aaron Zick (N.O.) | Quantification, Track 4 - Fluids/Production Engineering | |

<u>Monday - July 8</u>

| U.S. - Rajagopal Raghavan | Quantification, Track 2 - Reservoir Modeling. | N.O. |

<u>Tuesday - July 9</u>

| U.S. - Rajagopal Raghavan | Quantification, Track 2 - Reservoir Modeling. | N.O. |

<u>Wednesday - July 17</u>

| U.S. - Mohan Kelkar | Quantification, Track 2 - Reservoir Modeling. | New Orleans |

<u>Thursday - July 18</u>

| U.S. - Mohan Kelkar | Quantification, Track 2 - Reservoir Modeling. | New Orleans |

<u>Monday - July 22</u>

| PSC - Dr. Bea | Source Control - Available July 22-August 3 | New Orleans |

<u>Tuesday - July 23</u>

| PSC - Dr. Bea | Source Control - Available July 22-August 3 | New Orleans |

<u>Thursday - July 25</u>

| U.S. - Nathan Bushnell | Quantification, Track 3 - Computational Fluid Dynamics | N.O. |

<u>Friday - July 26</u>

| U.S. - Nathan Bushnell | Quantification, Track 3 - Computational Fluid Dynamics | N.O. |

**MATTERS NOT RELATED TO PHASE ONE OR PHASE TWO**

**1.    U.S. Proposed Order on Confidential Communications**.

At last report the U.S. was working on an order clarifying that communications between the U.S. and the States, particularly the non-party States, are confidential. The U.S. shall notify the Court if this needs to be on the agenda for May 3.

**2.     Sample Extracts Order.**

The parties are working on a consent joint motion concerning sample extracts. The U.S. shall notify the Court if this needs to be on the agenda for May 3.

**3.     Motions to Withdraw as Counsel of Record.**

The Court reported on the volume of motions to withdraw as counsel of record. The PSC was asked to investigate a uniform and simple procedure for motions to withdraw. The PSC shall report on the status of this at the May 3 conference.

## PHASE THREE

BP, Anadarko and the U.S. were asked to discuss the issues to be raised in the penalty phase if the Court decides to proceed with that phase. The parties shall report on the status of their discussions at the May 3 conference.

## CONFERENCE SCHEDULE

| | |
|---|---|
| 04/26/13 | No conference - Jazz Fest Break! |
| 05/03/13 | WGC meeting at 9:30 a.m. |
| 05/10/13 | WGC meeting at 9:30 a.m. (Tentative date for Final Marshaling Conference). |
| 05/17/13 | WGC meeting at 9:30 a.m. |
| 05/24/13 | WGC meeting at 9:30 a.m. |
| 05/31/13 | WGC meeting at 9:30 a.m. |
| 06/07/13 | WGC meeting at 9:30 a.m. |
| 06/14/13 | WGC meeting at 9:30 a.m. |
| 06/21/13 | WGC meeting at 9:30 a.m. |
| 06/28/13 | WGC meeting at 9:30 a.m. |
| 07/05/13 | No Conference |

07/12/13        WGC meeting at 9:30 a.m.

07/19/13        WGC meeting at 9:30 a.m.

07/26/13        WGC meeting at 9:30 a.m.

08/02/13        No Conference

08/09/13        WGC meeting at 9:30 a.m.

08/16/13        WGC meeting at 9:30 a.m.

08/23/13        WGC meeting at 9:30 a.m.

08/29/13        No Conference

**Thursday, September 5, 2013, at 9:00 a.m.  Phase Two Final Pre-Trial Conference**

09/06/13        WGC meeting at 9:30 a.m.

09/13/13        WGC meeting at 9:30 a.m.

**09/16/13        Commencement of Phase Two Trial**

**All Saturdays are email free days.**

New Orleans, Louisiana, this 26th day of April, 2013.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**