UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SERGIO VALDIVIESO,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SOUTHERN CAT, INC., et al.,**<br><br>**Defendants.** | **2:10-md-02179-CJB-SS**<br>**2:12-cv-02004-CJB-SS**<br>**4:12-cv-01018** |

**DEFENDANT SOUTHERN CAT, INC. ANSWER
TO PLAINTIFF'S ORIGINAL PETITION**

Defendant, Southern Cat, Inc. (hereinafter "Defendant") files this answer to the original petition filed by Plaintiff, Sergio Valdivieso (hereinafter "Plaintiff").

    1.     The statements in paragraph 1 are legal references to state law procedures to which no response is required.

    2.     The statements in paragraph 2 are legal references to state law procedures to which no response is required.

    3.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

    4.     With respect to paragraph 4, Defendant admits that it has accepted service. To the extent any other statements in paragraph 4 must be admitted or denied, Defendant denies same.

    5.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5. To the extent such statements must be admitted or denied, Defendant denies same.

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.  To the extent such statements must be admitted or denied, Defendant denies same.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.  To the extent such statements must be admitted or denied, Defendant denies same.

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.  To the extent such statements must be admitted or denied, Defendant denies same.

9.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.  To the extent such statements must be admitted or denied, Defendant denies same.

10.     All allegations of paragraph 10 are denied.

11.     All allegations of paragraph 11 are denied.

12.     All statements in paragraph 12 are either statements of which Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements or are legal conclusions.  To the extent such statements must be admitted or denied, Defendant denies same.

13.     All allegations of paragraph 13 are denied.

14.     All allegations of paragraph 14 are denied.

15.     All allegations of paragraph 15 are denied.

16.     All statements in paragraph 16 are either statements of which Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements or are legal conclusions.  To the extent such statements must be admitted or denied, Defendant denies same.

17.     All statements in paragraph 17 are either statements of which Defendant lacks

knowledge or information sufficient to form a belief about the truth of the statements or are legal conclusions. To the extent such statements must be admitted or denied, Defendant denies same.

18.     The statements in paragraph 18 are legal conclusions to which no response is required. To the extent such statements must be admitted or denied, Defendant denies same.

19.     With respect to paragraph 19, Defendant denies that it has a principal office in Harris County, Texas. The other allegations in paragraph 19 are either legal conclusions or statements about other defendants of which Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements. To the extent such statements must be admitted or denied, Defendant denies same.

20.     All statements in paragraph 20 are either statements of which Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements or are legal conclusions. To the extent such statements must be admitted or denied, Defendant denies same.

21.     All statements in paragraph 21 are either statements of which Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements or are legal conclusions. To the extent such statements must be admitted or denied, Defendant denies same.

22.     All statements in paragraph 22 are either statements of which Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements or are legal conclusions. To the extent such statements must be admitted or denied, Defendant denies same.

23.     All statements in paragraph 23 are either statements of which Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements or are legal conclusions. To the extent such statements must be admitted or denied, Defendant denies same.

24.     All statements in paragraph 24 are either statements of which Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements or are legal conclusions. To the extent such statements must be admitted or denied, Defendant denies same.

25. All statements in paragraph 25 are either statements of which Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements or are legal conclusions. To the extent such statements must be admitted or denied, Defendant denies same.

26. The statement in paragraph 26 is a legal conclusions to which no response is required. To the extent such statement must be admitted or denied, Defendant denies same.

27. The statements in paragraph 27 are legal conclusions to which no response is required. To the extent such statements must be admitted or denied, Defendant denies same.

28. The statement in paragraph 28 is a legal conclusions to which no response is required. To the extent such statement must be admitted or denied, Defendant denies same.

29. The introductory paragraph and final paragraph are legal conclusions to which no response is required. Defendant denies that it owes damages to Plaintiff for which Plaintiff seeks recovery.

## AFFIRMATIVE DEFENSES

30. On information and belief, Plaintiff's injuries, if any, were caused by a third party for whom Defendant is not responsible, and the third party's negligence and/or fault is a complete bar to Plaintiff's actions and, alternatively, in mitigation of damages thereof under the general maritime law and under the Louisiana Civil Code Article 2324, if applicable.

31. Defendant specifically denies that it owes any maritime or other obligation to Plaintiff or that it breached any maritime or other obligation to Plaintiff. Alternatively, in the event that Defendant is found to owe obligations to Plaintiff that were breached, which Defendant at all times expressly denies, Defendant asserts that plaintiff's own negligence contributed to his injury and is a complete bar to his actions, or alternatively, mitigates or reduces his damages.

32. The damages alleged by Plaintiff, which are specifically denied, were caused or

4

contributed to by the fault, negligence, want of due care, breach of contract, express or implied, of other persons or corporations for whom Defendant is not responsible.

33.    Subject to and without waiving any other defenses, Plaintiff's injuries and damages are the result of pre-existing or subsequently occurring bodily condition or conditions, which are unrelated to the incident and occurrence sued upon herein, and the nature and extent of which are not the responsibility of Defendant. Defendant further assert that the injuries and damages sustained by Plaintiff are the result of natural bodily processes, diseases and conditions, which are unrelated to the alleged acts, omissions and/or practices of Defendant that Plaintiff claims proximately caused his condition. In the alternative, should the Court find Defendant liable, Defendant is entitled to a credit or offset for all damages attributable to such pre-existing injuries.

34.    Defendant alleges that the injuries or damages complained of by Plaintiff, which injuries or damages are specifically denied, were proximately caused by some other incident or incidents, or some other tortfeasor or tortfeasors or new, independent or intervening causes.

35.    Defendant is not the Plaintiff's employer under the Jones Act.

36.    Defendant was not the bareboat  or demise charterer of the vessel and at no time had full possession or control of the vessel.

37.    Defendant pleads that Plaintiff's sole and exclusive remedy lies in workers' compensation and that any and all claims in tort should be dismissed.

38.    Plaintiff recovery is barred and/or reduced in proportion to the degrees or percentages of fault attributable to Plaintiff, and/or any co-defendant or third-party defendant and/or any other person or entity to whom percentage of fault is attributed.

39.    Plaintiff's claims have been prescribed or should be barred by the Doctrine of Laches and the applicable statute of limitations.

40.     Plaintiffs' demands are barred by Plaintiff's failure to mitigate, minimize, or abate his damages.

41.     At all relevant times, Defendant complied with all applicable laws, regulations, and standards.

42.     Defendant asserts that no unseaworthy condition existed aboard the vessel(s) allegedly involved in the occurrence that caused or contributed to Plaintiff's alleged injury.

43.     To the extent that Defendant is found liable to Plaintiff for damages, Defendant may be entitled to contractual indemnity or contribution from other parties and/or entities.

44.     Plaintiff's damages, if any, were caused by a voluntary assumption of a known risk by Plaintiff.

45.     Defendant reserves its right to raise all affirmative defenses that may be revealed as a result of discovery and further reserves the right to adopt the affirmative defenses raised by all other defendants.

46.     Defendant pleads that Plaintiff has failed to state a claim for which relief can be granted.

## REQUEST FOR RELIEF

THEREFORE, Defendant requests that the Court:

(1)    Deny the relief requested by Plaintiff;

(2)    Award Defendant any additional relief, legal and equitable, general or special, to which it may be justly or equitably entitled.

Respectfully submitted,

/s/ *Alexander C. Chae*
Alexander C. Chae
Federal ID No. 13433
Texas Bar No. 04056090
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, TX  77002-5011
Ph: 713-276-5539 - Fax:  713-276-6539
Email: achae@gardere.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT, SOUTHERN CAT, INC.**

OF COUNSEL:

Jordan J. La Raia
Texas Federal ID No: 1138489
Texas State Bar No. 24069970
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, TX  77002-5011
Ph: 713-276-5965 - Fax:  713-276-6965
Email: jlaraia@gardere.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to the following counsel using the court's electronic filing system or U.S. mail on this 26th day of April, 2013.

W. Mark Lanier
Charles F. Herd, Jr.
Lawrence P. Wilson
THE LANIER LAW FIRM P.C.
6810 F.M. 1960 West
Houston, Texas 77069
Phone: 713-659-5200 - Fax: 713-659-2204
*Attorneys For Plaintiff, Sergio Valdivieso*

Brittani W. Rollen
E-mail:  brollen@mcdonaldlaw.com
George C. Haratsis
E-mail: gharatsis@mcdonaldlaw.com
McDONALD SANDERS, P.C.
777 Main Street, Suite 1300
Fort Worth, Texas 76102
Phone: 817.336.8651 – Fax:  817.334.0271
*Attorneys For Defendant, Eastern Research Group, Inc.*

Thomas W. Taylor
ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, Texas 77002
Phone: 713-220-4200 – Fax: 713-220-4285
E-mail: ttaylor@andreskurth.com

Richard C. Godfrey, P.C.
E-mail: richard.godfrey@kirkland.com
J. Andrew Langan, P.C.
E-mail: andrew.langan@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Phone: 312-862-2000 – Fax: 312-862-2200

8

Jeffrey Bossert Clark
KIRKLAND & ELLIS LLP
655 Fifteenth Street Northwest
Washington, DC 20005
Phone: 202-879-5000 – Fax: 202-879-5200
E-mail: jeffrey.clark@kirkland.com
***Attorneys For Defendants,***
***BP Products North America Inc. and BP America Inc.***


/s/ *Alexander C. Chae*
ALEXANDER C. CHAE