MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON†
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
CHARLES D. SIEGAL
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
ROBERT B. KNAUSS
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
LAWRENCE C. BARTH
KATHLEEN M. M<sup>c</sup>DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
RONALD C. HAUSMANN
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
BART H. WILLIAMS
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN LINSLEY MYLES
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS

ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
KEVIN S. MASUDA
HOJOON HWANG
DAVID C. DINIELLI
PETER A. DETRE
CARL H. MOOR
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA
SEAN ESKOVITZ
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
MARIA SEFERIAN
MANUEL F. CACHÁN
ROSEMARIE T. RING
JOSEPH J. YBARRA
KATHERINE K. HUANG
MICHELLE T. FRIEDLAND
TODD J. ROSEN
TRUC T. DO
MELINDA EADES LeMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
JOHN B. OWENS
SUSAN R. SZABO

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

LIKA C. MIYAKE
HAILYN J. CHEN
BRAD SCHNEIDER
MIRIAM KIM
MISTY M. SANFORD
KATHERINE KU
KIMBERLY A. CHI
DEREK J. KAUFMAN
BETHANY W. KRISTOVICH
BENJAMIN W. HOWELL
JACOB S. KREILKAMP
ERIC P. TUTTLE
HEATHER E. TAKAHASHI
KEITH R.D. HAMILTON, II
SORAYA C. KELLY
PATRICK ANDERSON
JEFFREY Y. WU
M. LANCE JASPER
ALISSA BRANHAM
ADAM R. LAWTON
AVI BRAZ
PUNEET K. SANDHU
DAVID C. LACHMAN
JENNY H. HONG
AARON SEIJI LOWENSTEIN
LAURA D. SMOLOWE
LEO GOLDBARD
MATTHEW A. MACDONALD
MARGARET G. ZIEGLER
ESTHER H. SUNG
BENJAMIN J. MARO
RENEE DELPHIN-RODRIGUEZ
MICHAEL J. MONGAN
KATHRYN A. EIDMANN
JOEL M. PURLES
KYLE A. CASAZZA
AARON GREENE LEIDERMAN
ERIN J. COX
CLAIRE YAN
DAVID H. PENNINGTON
BRAM ALDEN
MARK R. SAYSON
JOHN M. RAPPAPORT

DAVID C. THOMPSON
ANNE HENRY LEE
MATTHEW M. STEINBERG
CHRISTIAN K. WREDE
PETER E. GRATZINGER
ANJAN CHOUDHURY
JEREMY A. LAWRENCE
BENJAMIN E. FRIEDMAN
CHRISTOPHER M. LYNCH
RAY S. SEILIE
NICHOLAS C. SOLTMAN
ADAM I KAPLAN
AMELIA L.B. SARGENT
KENNETH M. JAMISON
BRYAN H. HECKENLIVELY
LAURA WIRTH
JASMINE M. ROBERTS
JENNIFER A. JONES
LAURA K. SULLIVAN
KYLE W. MACH
JEFFREY M. OSOFSKY
ENRIQUE R. SCHAERER
GREGORY M. SERGI
ACHYUT J. PHADKE

OF COUNSEL
RICHARD D. ESBENSHADE†
ROBERT K. JOHNSON†
ALAN V. FRIEDMAN†
RICHARD S. VOLPERT
RONALD K. MEYER
RICHARD E. DROOYAN
ALLISON B. STEIN
ALLEN M. KATZ
WILLIANA CHANG
DANIEL B. LEVIN

E. LEROY TOLLES
(1922-2008)

†A PROFESSIONAL CORPORATION

April 10, 2013

WRITER'S DIRECT LINE
(213) 683-9225
(213) 593-2925 FAX
Grant.Davis-Denny@mto.com

Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

      Re:    MDL No. 2179 - Preliminary Schedule for Phase Two Experts for Weeks One through Six

Dear Judge Shushan:

      I write regarding Your Honor's April 9, 2013 Preliminary Schedule for Phase Two Experts for Weeks One through Six ("Preliminary Schedule").

### I.    Time Allocations

      Transocean respectfully requests that it be allocated five hours for a two-day deposition of Gregg Perkin and two hours and thirty minutes for two-day depositions of the remaining Plaintiff Phase II expert witnesses. Transocean seeks additional time with Mr. Perkin because his expert report on source control issues specifically targets Transocean, as well as BP. *See, e.g.*, Perkin Report at 10, 25-29.

## II.     Sequencing of Expert Depositions

While the Preliminary Schedule does not yet contain dates for the depositions of the Defendants' experts, the fact that a number of Plaintiffs' experts have been slated for late in the Phase II expert schedule – such as Aaron Zick, Nathan Bushnell, and Dr. Bea – suggests that defense experts addressing similar topics may have to testify in advance of their Plaintiff counterparts.

Transocean respectfully requests that the schedule be adjusted, if necessary, to permit Plaintiffs' experts to be deposed in advance of Defendants' experts.  This was the approach that the Court adopted during Phase One.  *See, e.g.*, Revised Order Regarding Phase One Experts, Doc. No. 3729 at 2 (Aug. 15, 2011) ("The Court and the Parties shall attempt to schedule the depositions as follows . . . Week One . . . Experts for the Plaintiffs, excluding the United States . . . Weeks One and Two Experts for the United States . . . Week Three . . . Transocean Experts . . . Weeks Four-Six . . . Experts for the remaining parties.").  This sequencing of expert depositions was appropriate during Phase One and should continue during Phase Two because Defendants' experts are largely responding to Plaintiffs' experts.

We also would propose that Mr. Zick's deposition be scheduled during the initial weeks of the process, rather than at the end.  Mr. Zick is the United States' expert on equations of state.  And the equation of state model that he puts forward is relied upon by numerous United States' flow rate experts.  It would be appropriate, therefore, to have Mr. Zick's deposition precede the depositions of the United States' other flow rate experts.

## III.    Duplicative Nature of Flow Rate Experts

Transocean also wanted to discuss with the Court its concern about the United States' designation of nine flow rate experts, seven for whom expert reports have been filed and two for whom the government asserts that no expert report is required.  Leaving aside Mr. Zick who is the only United States expert addressing the equation of state model that defines the properties of the oil and gas that flowed from the Macondo well, all of the remaining eight United States witnesses address precisely the same topic:  the United States' estimate of the amount of oil that flowed through the Macondo well during the 86 days before the well was shut-in.

In fact, five of the six expert reports (the Bushnell, Dykhuizen, Griffiths, Kelkar/Ragahavan, and Pooladi-Darvish reports) contain opinions about what the flow rate was when the Macondo well was shut-in on July 15, 2010.  Although different methods of calculating that flow rate are offered, the Dykhuizen and Kelkar/Raghavan reports use essentially the same method and the Griffiths and Pooladi-Darvish reports use essentially the same method (but a method that is different from the Dykhuizen and Kelkar/Raghavan method).  And yet, all five of the reports (including the Bushnell report) reach the same conclusion that the flow rate on July 15 was approximately 53,000 barrels of oil per day

Munger, Tolles & Olson LLP

Honorable Sally Shushan
April 10, 2013
Page 3

Moreover, four of the six flow rate expert reports (the Dykhuizen, Griffiths, Kelkar/Raghavan, and Pooladi-darvish) use the estimated flow rate from July 15, 2010, as the starting point for calculating the estimated total amount of oil released during the 86 days before the well was shut-in. Again, while different flow calculation methods are used in the four reports, there are substantial similarities in those methods and all reach the same conclusion that the total amount of oil released during the 86 day period was approximately 5 million barrels of oil.

If the Court in the coming weeks would be willing to entertain a motion to limit the number of duplicative flow rate experts, Transocean believes that an order prohibiting duplicative reports could substantially reduce the complexity and cost of Phase II expert discovery. If not, Transocean anticipates potentially filing a motion in limine at the appropriate time. Assuming, however, that motions in limine will not be fully briefed until July or August, a motion in limine probably would not resolve this issue before expert depositions are completed.

***

Thank you for considering this submission and we look forward to discussing these issues with the Court and the parties.

Sincerely,

/s/ Grant A. Davis-Denny