# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:                     (202) 879-5000                        Facsimile:
(202) 879-5175                                                              (202) 879-5200
robert.gasaway@kirkland.com                     www.kirkland.com

April 11, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:    MDL No. 2179 — Preliminary Schedule for Phase Two Expert
Depositions for Weeks One through Six

Dear Judge Shushan:

We write to provide some initial thoughts regarding the Court's April 9, 2013
Preliminary Schedule for Phase Two Expert Depositions for Weeks One through Six.

The preliminary schedule identifies deposition dates for eight United States and PSC
experts — Nathan Bushnell, Ron Dykhuizen, Stewart Griffiths, Mohan Kelkar, Mehran Pooladi-
Darvish, Rajagopal Raghavan, Gregg Perkin, and Robert Bea, and notes that the deposition of
Aaron Zick has to be rescheduled.

The schedule does not provide deposition dates, however, for Paul Hsieh and Tom
Hunter, two individuals the United States identifies "as potentially providing expert testimony at
the Phase Two trial." United States' Phase Two Expert Witness Disclosure, dated March 22,
2013, at 1 (US Disclosure).

**Dr. Paul Hsieh.**

According to the United States, "Hsieh may also present evidence, including opinion
testimony, consistent with the facts and opinions set forth in the report he authored entitled
*Computer Simulation of Reservoir Depletion and Oil Flow from the Macondo Well Following
the Deepwater Horizon Blow*, Open-File Report 2010-1266, U.S. published by the Department of
the Interior, U.S. Geological Survey." US Disclosure at 2. BP is willing to allow this report,
authored by Dr. Hsieh, to serve as his written expert report under Rule 26(a)(2)(C).

Chicago      Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Shanghai

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
April 11, 2013
Page 2

The United States asserts "[b]ecause the Parties have already had the opportunity to depose Dr. Hsieh" regarding his "work and opinions, no additional deposition is appropriate." *Id.* at 1, n.1.  BP does not contest this position so long as it applies equally to all parties.  We note the position is consistent with the Phase 1 precedent established with respect to three BP in-house experts who were members of BP's Internal Investigation Team (Kent Corser, James Cowie, and Steve Robinson) and were expected to present evidence, including opinion testimony, consistent with the facts and opinions set forth in BP's Internal Investigation Report.

**Dr. Tom Hunter.**

The US Disclosure similarly asserts "[b]ecause the Parties have already had the opportunity to depose … Dr. Hunter regarding his work and opinions, no additional deposition is appropriate." *Id.* at 1, n.1.  As to Dr. Hunter, we disagree.

According to the United States, "Dr. Hunter may testify regarding flow rate calculations performed during the response.  Dr. Hunter has testified about these topics as a Rule 30(b)(6) witness on behalf of the United States on October 30-31, 2012."  US Disclosure at 3.  The United States provides no further information concerning the subject matter or facts and opinions of his testimony, nor does it reference an existing report.

In Phase 1, BP disclosed Graham ("Pinky") Vinson as a BP employee who may be called to provide expert testimony but who was not required to provide a report.  *See* BP's Disclosure of Non-Retained Rebuttal Expert Witness Not Required to Provide Written Report, dated November 7, 2011.  (Since then, BP has decided that Mr. Vinson would not testify at the Phase 1 trial.)  BP did not tie Mr. Graham's expected testimony to a pre-existing report on which he had been previously deposed, and BP therefore reproduced him for a second deposition, even though he had already been deposed in this case.  The United States should now do the same with Dr. Hunter.

Specifically, we would ask that the United States promptly provide two deposition days for Dr. Hunter that do not overlap with the depositions of the other United States' hydraulics experts, assuming that the United States would like to retain the possibility of calling Dr. Hunter to testify at trial.

**Time Allocations.**

BP proposes that the time allocations for the depositions of the quantification expert witnesses identified in the preliminary schedule (plus Dr. Hunter if the United States chooses to

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
April 11, 2013
Page 3

pursue the possibility of having him testify at trial) track the time allocations used for a two-day Rule 30(b)(6) deposition of "U.S. Witness and Affiliate" Quantification witnesses.

As to the seven United States expert witnesses (or eight if the United States wants to retain the option of having Dr. Hunter testify at trial) the logic of the allocation is straightforward.  These depositions are two-day quantification depositions of United States witnesses.  The only wrinkle is that since the Rule 30(b)(6) time allocations were prepared, Transocean has settled with the United States and Cameron has been held not liable during the Phase 1 trial.  We accordingly suggest that the Transocean and Cameron time allocations for these witnesses be given instead to Anadarko, the only party other than BP that the United States is presently pursuing for Clean Water Act penalties.  We further propose maintaining the established examination order as well as the allocation of time for the United States, as the sponsoring party for these witnesses.

Dr. Bea, one of the PSC Source Control experts, like the United States quantification experts, has submitted opinions that are adverse to BP alone.  Accordingly, the same time allocations should apply to Dr. Bea as apply to the United States quantification witnesses, except the PSC should be substituted for the United States, the United States should be substituted for the PSC, Cameron's time should be given to BP, and all but the 15 minutes of time Anadarko requested yesterday should be given to BP.

Dr. Perkin, the PSC's other Source Control expert, has submitted opinions that are adverse to both BP and Transocean, but primarily to BP.  The allocations should therefore recognize a time allocation for Transocean.  Given that Transocean is expected to submit its own expert reports on Source Control on May 1, BP suggests that BP and Transocean meet and confer promptly after May 1 to determine appropriate time allocations for this witness.

For the Court's convenience we have summarized the proposed time allocations for the United States Quantification witnesses and for Dr. Bea in the attachment to this letter.

**Request for Examination.**  As set forth in BP's April 10 letter, BP requests to examine each of the expert witnesses identified in the preliminary schedule, as well as Dr. Hunter if the United States wishes to retain the option of having him testify.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
April 11, 2013
Page 4


BP looks forward to discussing this proposal at the next Working Group Conference.

Sincerely,

Robert R. Gasaway

Attachment

cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross
Allison B. Rumsey

# ATTACHMENT

### U.S. Quantification Experts

| Party | Allocation (min.) |
|---|---|
| BP | 600 |
| TO | 30 |
| Anadarko | 120 |
| HESI | 30 |
| Cameron | 0 |
| PSC/States | 30 |
| U.S. | 90 |
| **Total** | **900** |

### Bea Deposition

| Party | Allocation (min.) |
|---|---|
| BP | 710 |
| TO | 30 |
| Anadarko | 10 |
| HESI | 30 |
| Cameron | 0 |
| PSC/States | 90 |
| U.S. | 30 |
| **Total** | **900** |