# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

April 25, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA  70130

      Re:    MDL No. 2179 — Preliminary Schedule for Phase Two Expert Depositions for Weeks One through Six

Dear Judge Shushan:

We write to provide further comment regarding the Court's April 9, 2013 Preliminary Schedule for Phase Two Expert Depositions and to respond to the United States' letter dated April 18, 2013 concerning BP's request to depose Dr. Tom Hunter.

As stated previously, Dr. Hunter should appear for a two-day expert deposition because his FRCP 26(a)(2)(C) disclosure is inadequate, thus making it impossible for BP to determine the "four corners" of the subject matter his expert testimony is expected to cover.

The United States' disclosure says broadly — and obscurely — that "Dr. Hunter may testify regarding flow rate calculations performed during the response. Dr. Hunter has testified about these topics as a Rule 30(b)(6) witness on behalf of the United States on October 30-31, 2012." US Disclosure at 3.  Other than these cursory twelve words, the "disclosure" provides no information about the expert opinions Dr. Hunter is expected to offer, nor does it reference an existing expert report that could be used to understand and limit the scope of any testimony he might give as an expert.  We worry that, if such a disclosure were deemed adequate, the United States would consider itself at liberty to elicit from Dr. Hunter "cherry-picked" trial testimony about wide-ranging aspects of the United States quantification case, without any adequate opportunity for BP to prepare and respond.

Under this Court's orders, Dr. Hunter, as an in-house expert, "needed to express" his opinions in his disclosure.  (Working Group Conference Order (Rec. doc. 4389) dated 10/24/11 at 6).  *See also* FRCP 26(a)(2)(C).  Dr. Hunter's disclosure is therefore inadequate, and BP

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
April 25, 2013
Page 2


should be allowed opportunity to depose him during Phase 2 expert discovery — unless the United States chooses to withdraw his designation as an expert witness.

The United States' April 18 letter to the court asserts that a two-day expert deposition of Dr. Hunter "is duplicative and unnecessary because Dr. Hunter already was deposed for two full days (October 30-31, 2012) on the same flow rate calculations — calculations performed during the response and shared with BP — that are the subject of his anticipated expert testimony at trial." (*Id.* at 1). The letter further argues that, because BP was able to examine Dr. Hunter on at least four quantification-related topics and "on the flow rate work he performed and reviewed during the response," this should suffice as a replacement for an expert deposition. (*Id.* at 2).

The problem with these assertions is that Rule 30(b)(6) deposition testimony is a poor platform from which to apply the "four corners" requirement that has become Judge Barbier's strictly enforced *sine qua non* for admitting expert testimony at trial. Although Dr. Hunter did indeed provide Rule 30(b)(6) deposition testimony on behalf of the United States, BP and the other parties had no opportunity (or, indeed, reason) at his Rule 30(b)(6) deposition to discern, let alone explore, the "four corners" of Dr. Hunter's knowledge of and views about the analyses and opinions of other experts whose opinions Dr. Hunter might potentially seek to defend at trial, or to inquire into whether Dr. Hunter might have his own opinions that he might wish to proffer at trial.

Moreover, Dr. Hunter was the designated Rule 30(b)(6) witness for all or part of nearly 30 topics: "8, 9 (partial), 10 (partial), 11 (partial), 12 (partial), 13 (partial), 14 (partial), 18 (partial), 19 (partial), 20 (partial), 21 (partial), 22 (partial), 23 (partial), 24 (partial), 26 (partial), 28, 37, 39 (partial), 40, 41, 42, 52, 53, 54, 55, 56, 57, 58, 59." (A. Chakeres email dated Sept. 18, 2012 6:16 PM). BP was allotted 430 minutes to question Dr. Hunter at his previous deposition — insufficient time to cover all of these topics, let alone probe Dr. Hunter's own opinions based on his own expertise.

Simply put, there is no reason to depart from the Court's prior practice in this case of requiring in-house experts who have not previously provided written expert analyses to appear at deposition.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
April 25, 2013
Page 3


      BP looks forward to discussing its request for a two-day deposition of Dr. Hunter at the next Working Group Conference. Even in advance of such a discussion, I am authorized to tell you that Anadarko joins in this submission.

                                            Sincerely,

                                            Robert R. Gasaway


cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross
Allison B. Rumsey