**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179  SECTION: J |
| This Document Relates to:  *Case No. 2:10-cv-08888-CJB-SS* | JUDGE BARBIER  MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE**

NOW INTO COURT, through undersigned counsel, come various claimants who file this Memorandum in support of the accompanying Motion for Acceptance of Short Form Joinders Filed Beyond the September 16, 2011 Deadline. Attached to this Memorandum is a list of all claimants who filed late short form joinders and are joint movants for the purpose of this motion (Attached as "Exhibit A"). These Claimants seek this Honorable Court's permission to accept Claimants late-filed claims in the limitation proceeding for the following reasons:

1. All Claimants contacted counsel after the Court-established deadline seeking assistance in filing claims for injuries and damages incurred as a result of the Deepwater Horizon explosion and resulting oil spill.

2. Because Claimants were unaware of the Court-established deadline, or had not yet fully realized their damages, they did not timely file in the Transocean limitation proceeding.

3. No prejudice will result from the acceptance of the late filings. Such filings have been filed in the Court-established filing system under the Civil Action No. 2:10-

cv-08888-CJB-SS.  No action has been taken in the limitation proceeding which could cause prejudice to any other party to the proceedings.

4. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of the late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulphur Co. V. Blue Stack Towing Co.*, 313 F. 3d 359, 362 (5th Cir. 1963) ("[S]o long as rights for the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL378121 (E.D. La. June 7, 1999) (citing *Golony Barge Co. V. M/T Shinoussa*, 980 F2d 349, 351 (5th Cir. 1993)).  Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, claimants respectfully request that the Court accept their late-filed Short Forms and grant the accompanying Motion for Acceptance of Short Form Joinders Filed Beyond the September 16, 2011 Deadline.

Respectfully submitted,

*/s/ David B. Franco*
David B. Franco, Esq. (TXBSA 24072097)
Chad P. Primeaux, Esq. (LBSA #30024)
THE DUGAN LAW FIRM, APLC
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181

**Attorney for Plaintiffs**

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that the above and foregoing Motion for Acceptance of Short Form Joinders filed after the September 16, 2011 Deadline has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 12 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 30th day of April, 2013

                                                */s/ David B. Franco*
                                                David B. Franco, Esq.