# Exhibit B

# Gary Hemphill (1222)

**From:** Scott Silbert <scott@sgpflaw.com>
**Sent:** Monday, March 18, 2013 4:05 PM
**To:** Gary Hemphill (1222)
**Cc:** pokeefe@monbar.com; jtynan@monbar.com; Kathy Becnel
**Subject:** RE: Mason

I just saw judge barbier's ruling when opening the attachments to your note. I will be taking steps to challenge all phases of his ruling. I do not agree that the medical settlement includes my client nor do I agree that it addresses the employer's obligation to timely provide necessary cure, which is nowhere addressed by the medical benefits settlement. cure is time-sensitive and I am sure seacor is aware of that. above and beyond that is the fact that seacor failed to provide respiratory protection to my client and, even when they ultimately did, there were no meaningful guidelines as to use of same. Seacor has not only a legal but a moral obligation to take care of mr. mason. We remain willing to assign such rights as seacor may require to recoup its costs of same from BP or anyone else by whom seacor feels aggrieved.

**From:** Gary Hemphill (1222) [mailto:hemphilg@phelps.com]
**Sent:** Monday, March 18, 2013 3:14 PM
**To:** Scott Silbert
**Cc:** pokeefe@monbar.com; Joseph Tynan (Jtynan@monbar.com); Barbara Arras (1246); Jeremy Grabill (1396)
**Subject:** Mason

Scott-

This is just to follow up on my message of last night in which I forwarded the report of Dr. Lasky.

First, please note that Pat O'Keefe and Joe Tynan of Montgomery, Barnett (reading in copy) will be filing a motion to join as defense counsel for Seacor. Please include them on future correspondence.

Second, we are considering Mr. Mason's request that Seacor approve and agree to fund the surgery that has apparently been recommended. For the reasons set out in Judge Barbier's March 5 ruling on Mr. Mason's motion to sever (which I'm sure you have seen but an additional copy of which I attach), it would appear that Mr. Mason is subject to the class action settlement and that the release which forms part of the settlement (a) includes Seacor as a Released Party and (b) releases all claims arising under the general maritime law. This would include claims for maintenance and cure.

Seacor has of course seen Judge Barbier's ruling. Before we discuss the surgery issue with them, please let me have your thoughts on why Seacor should not consider Mr. Mason's claims, including his claim for maintenance and cure, to have been settled as part of the class action settlement for the reasons articulated by Judge Barbier.

Thanks.

Gary A. Hemphill
PHELPS DUNBAR LLP
Canal Place
365 Canal St., Suite 2000
New Orleans, La. 70130-6534
Direct Dial: 504-584-9222
Mobile: 985-264-6399
Fax: 504-568-9130

1