## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In RE: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br><br>Section: J |
| THIS DOCUMENT RELATES TO:<br>*2:10- cv-08888-CJB-SS* | *<br>*<br>* | JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

*************************************************************************

### MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011 AND APRIL20, 2013, DEADLINE

MAY IT PLEASE THE COURT:

Claimants Triton Industries, LLC ("Triton") and Lyons Specialty Company, LLC ("Lyons") file this Memorandum in Support of the accompanying Motion for Acceptance of Limitations Short Form Joinders Beyond the September 16, 2011 and April 20, 2013, Deadlines. Attached to this Memorandum, as Exhibits A and B, are the Short Form Joinders for Triton and Lyons, which claimants seek to file after the April 20, 2011, September 16, 2011, and April 20, 2013 deadlines.  These Claimants seek this Honorable Court's permission to accept Claimants' post-deadline claims in the limitation proceeding for the following reasons:

1.  As all Claimants were unaware of the Court-established September 16, 2011 deadline, or had not yet fully realized their damages, they did not timely file in the Transocean limitation proceeding.

2.  No prejudice will result from the acceptance of the late filings. No action has been taken in the limitation proceeding with could cause prejudice to any other part of the proceeding.

3. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in the limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulfur CO. v. Blue Stack Towing Co.,* 313 F.3d 359,362 (5th Cir. 1963) ("[S]o long as the rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.,* No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (*citing Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349,351 (5th Cir., 1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these post-deadline claims are deemed timely.

4. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

**PRESENTMENT**

To the extent required by law, and/or by consent and/or stipulation by BP, Plaintiffs have satisfied, all of the administrative requirements of 33 U.S.C. §§ 2713(a) and (b), by the submission of their claims to the BP OPA Claims Program, the Deepwater Horizon Court-Supervised Settlement Program and/or the Gulf Coast Claims Facility ("GCCF"), as BP's agents and/or designees.

In particular Plaintiffs have each submitted a Claim, including a "sum certain" and a brief description of the claim as well as some supporting documentation to the BP OPA Claims Program in Houston, TX.

Ninety (90) days have elapsed since Plaintiffs' claims were submitted or "presented" to BP OPA Claims Program, the Deepwater Horizon Court-Supervised Settlement Program and/or GCCF, as BP's agents and/or designees.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and *in solido*, as follows:

(a) Economic and compensatory damages for loss of income and/or loss of income opportunities and/or earning capacity in amounts to be determined at trial;

(b) Punitive damages;

(c) Pre-judgment and post-judgment interest at the maximum rate allowable by law;

(d) Reasonable claims preparations expenses;

(e) Attorney's fees;

(f) The cost of litigation; and

(g) Such other and further relief as the Court deems just and appropriate.

For these reasons, Claimants respectfully request that the Court accept their post-deadline filed short forms and grant the accompanying Motion for Acceptance of Limitation Short Form Joinders Beyond the September 16, 2011 and April 20, 2013 Deadlines.

Respectfully Submitted,

**KEOGH, COX & WILSON, LTD.**

By:     s/Christopher K. Jones
CHRISTOPHER K. JONES, Bar #28101, T.A.
BRENT J. COBB
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana  70821
Telephone:  (225) 383-3796
Facsimile: (225) 343-9612
cjones@kcwlaw.com
bcobb@kcwlaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Memorandum in Support of Motion for Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011 and April 20, 2013, Deadline has been served on All Counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed to the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this _____ day of _____, 2013.

**KEOGH, COX & WILSON, LTD.**

By:  s/Christopher K. Jones
CHRISTOPHER K. JONES, Bar #28101, T.A.
BRENT J. COBB
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana  70821
Telephone:  (225) 383-3796
Facsimile: (225) 343-9612
cjones@kcwlaw.com
bcobb@kcwlaw.com
**Attorneys for Plaintiff**