## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>Section: J |
| THIS DOCUMENT RELATES: | |
| 2:10-cv-08888-CJB-SS | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| _____ / | |

### MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011, DEADLINE

NOW INTO COURT, through undersigned counsel, come various Claimants who file this Memorandum in Support of the accompanying Motion for Acceptance of Limitations Short Form Joinders Beyond the September 16, 2011, Deadline.  Attached to this Memorandum is a list of all Claimants who filed short forms related to the limitation proceeding filed after the April 20, 2011, and September 16, 2011, deadline and are joint movants for the purpose of this motion (Attached as "Exhibit A").  These Claimants seek this Honorable Court's permission to accept Claimants' post-deadline claims in the limitation proceeding for the following reasons:

1.  As all Claimants were unaware of the Court-established September 16, 2011 deadline, or had not yet fully realized their damages, they did not timely file in the Transocean limitation proceeding.

2.  No prejudice will result from the acceptance of the late filings.  Such filings have been filed in the Court-established filing system under the action 2:10-cv-0888-CJB-SS.  No action has been taken in the limitation proceeding which could cause prejudice to any other party to the proceeding.

3. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulfur Co. v. Blue Stack Towing Co.,* 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (*citing Golnoy Barge Co. v. M/T Shinoussa,* 980 F.2d 349, 351 (5th Cir, 1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these post-deadline claims are deemed timely.

4. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, Claimants respectfully request that the Court accept their post-deadline filed short forms and grant the accompanying Motion for Acceptance of Limitation Short Form Joinders Beyond the September 16, 2011, Deadline.

Respectfully submitted:

  /s/   Philip F. Cossich, Jr.
Philip F. Cossich, Jr. (La. Bar Number 1788)
Cossich, Sumich, Parsiola & Taylor, LLC
8397 Highway 23, Suite 100
Belle Chasse, Louisiana 70037
Telephone:  504-394-9000
Facsimile:  504-394-9110
pcossich@cossichlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion for the Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011, Deadline has been served on All Counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the forgoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of May, 2013.

        /s/   Philip F. Cossich, Jr.
        Philip F. Cossich, Jr.