UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | *  MDL NO. 2179<br>*<br>*  SECTION J<br>*<br>*  JUDGE BARBIER |
| APPLIES TO: No. 12-311 | *  MAG. JUDGE SHUSHAN<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF CAMERON INTERNATIONAL CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.**

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Cameron International Corporation ("Cameron") hereby requests that Defendant Liberty Insurance Underwriters, Inc. ("Liberty") produce the following documents in accordance with the Definitions and Instructions below, on or before January 16, 2013.

**DEFINITIONS**

All terms not otherwise defined shall have their ordinary and common meanings. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "BP" shall mean BP Exploration & Production, Inc. and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents.

EXHIBIT A

2.  "BP Settlement" shall mean the Confidential Settlement Agreement, Mutual Releases and Agreement to Indemnify entered into between Cameron and BP on December 15, 2011, including any drafts thereof and negotiations related thereto.

3.  "Cameron" shall mean Cameron International Corporation and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents.

4.  "Cameron Policies" shall mean any and all insurance policies issued to Cameron by Liberty from January 2006 through the present.

5.  "Deepwater Horizon Incident" shall mean the April 20, 2010 explosion of Transocean Ltd.'s Deepwater Horizon Mobile Offshore Drilling Unit and consequent release of oil into the Gulf of Mexico.

6.  "Liberty," "You," or "Your" shall mean defendant Liberty Insurance Underwriters, Inc. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

7.  "Transocean" shall mean Transcoean Ltd. and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents.

8.  "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9.  "Document" shall be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" further includes, but is not limited to, any and all forms of recorded

information, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, including all originals, revisions, and markups of drafts, and all files, documents, databases, e-mails, and other data maintained in computer-readable form. The term "document" specifically includes, but is not limited to: working papers, communications, including intracompany communications, minutes and records of meetings, letters, facsimile transmissions, telegrams, records, books, summaries or records of personal conversations or interviews, legal pleadings, affidavits, deposition transcripts, trial transcripts, forecasts, statistical statements, agreements, contracts, telephone messages, slips and logs, diary entries, electronic mail and messages of every kind, text messages, calendars, reports, evaluations, assessments, analyses, correspondence, memoranda, notes, video recordings of every kind, audio recordings of every kind, electronic recordings of every kind, drawings, graphics, graphs, maps, diagrams, charts, photographs, tables, indices, recordings, tapes, microfilms, reports of investigations, opinions or reports of consultants, data processing and computer printouts, tapes, disks, and data and information stored in computers or data processing equipment, together with programs and program documentation necessary to utilize or retrieve such data or information, all other mechanical or electronic means of storing or recording data or information, and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form.

    10.    "Including" or "includes" means "including but not limited to" or "including without limitation."

    11.    "Relating to" is to be interpreted in the broadest sense and shall mean and include the words concerning, referring to, describing, evidencing, or constituting.

1112656v1

12. The words "and" and "or" shall be construed conjunctively or disjunctively necessary to make the request inclusive rather than exclusive.

13. The use of the plural shall also imply the singular and vice versa.

## INSTRUCTIONS

1. You are requested to produce all responsive documents in your possession, custody, or control, wherever located, including, without limitation, those in the custody of your representatives, affiliates and agents (including but not limited to Clyde & Co.).

2. All documents are to be produced in accordance with MDL No. 2179 Pre-Trial Order Nos. 14 and 16, dated November 3, 2010 and November 8, 2010, respectively.

3. If you are withholding a document under a claim of privilege, including pursuant to the work product doctrine, please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and other such information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable Cameron to assess the applicability of the privilege or protection claimed by You.

4. If there is any objection to any Request, or if not all documents responsive to a Request are produced, state with specificity all grounds for each such objection or failure to produce all responsive documents. All documents called for by those portions of the Request to which there is no objection shall be produced.

5. All documents produced in response to these Requests shall be provided in their entirety, notwithstanding the fact that portions thereof may contain information not requested.

All interim as well as final versions of the document shall be produced and all versions or copies that are not identical to the original, whether due to handwritten notations, revisions, enclosures, attachments, underlining, highlighting, or otherwise shall be produced.

6. These Requests are continuing. If at any time after production of documents hereto, and prior to the time of trial of this action, you obtain or become aware of additional documents or information that is responsive to any of these requests, the disclosure of which may be required pursuant to Fed. R. Civ. P. 26(e), you shall produce in a timely manner such additional documents or information.

7. Unless otherwise indicated, the relevant time period for each request below shall be the period between January 1, 2006 through the present.

## DOCUMENT REQUESTS

1. All documents and communications relating to the Cameron Policies.

2. All documents and communications relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

3. All documents and communications between or among Liberty or Clyde & Co. on the one hand, and any of Cameron's other insurers or their counsel, on the other hand, relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident

4. All documents and communications between Liberty and Clyde & Co. in connection with the Cameron Policies, Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, or this action.

5. All documents in the files of Clyde & Co. relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

1112656v1

6. To the extent that Liberty intends to rely on the advice of counsel for any purpose in this action, all documents and communications between Liberty and Martin, Disiere, Jefferson & Wisdom, L.L.P. in connection with the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

7. A copy of all policies, agreements, and/or contracts relating to Liberty's reinsurance coverage in connection with the Cameron Policies and any communications with Liberty's reinsurer(s) relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

8. All documents and communications relating to the BP Settlement, including but not limited to communications between Liberty (or its counsel) and BP and/or Transocean (or their respective counsel).

9. All documents relating to the Deepwater Horizon Incident that in any way relate to Cameron, including but not limited to all documents and communications relating to BP's or Transocean's obligations to indemnify Cameron for losses relating to the Deepwater Horizon Incident.

10. All documents created at any time relating to the drafting, negotiation and interpretation of Liberty's "Other Insurance" provision in Liberty policy form 0100-XS(03 00).

11. All documents created at any time relating to any instance in which Liberty took the position that "Other Insurance," as defined in policy form 0100-XS(03 00), existed where the source of such "Other Insurance" denied payment to Liberty's insured.

12. All documents created at any time relating to any claim under Liberty policy form 0100-XS(03 00) that Liberty paid despite the existence of an "indemnification" as specified in its "Other Insurance" provision.

13. Documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting.

14. Documents sufficient to show all of Liberty's policies and/or procedures that relate to any "Other Insurance" provisions contained in insurance policies issued by Liberty.

15. Documents sufficient to show all of Liberty's policies and/or procedures that relate to the handling of coverage disputes.

16. All documents and communications relating to any conflicts of interest of Paul R. Koepff and the law firm of Clyde & Co., including but not limited to those relating to Liberty's decision to move for an order withdrawing Mr. Koepff and Clyde & Co. as counsel for Liberty in this action.

17. All personnel files of individuals involved in Liberty's decision to deny payment to or on behalf of Cameron relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

18. A copy of Liberty insurance policy number LQ1B71198783046, referenced in Liberty's Rule 26(a) Disclosures, dated September 14, 2012.

Dated: December 17, 2012  /s/ Phillip A. Wittmann
Phillip A. Wittmann, 13625
    pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
    cbertaut@stonepigman.com
Jared Davidson, 32419
    jdavidson@stonepigman.com

STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
504-581-3200
504-581-3361 (fax)

*Attorneys for Cameron International Corporation*

Of Counsel:

WILLKIE FARR & GALLAGHER LLP
Mitchell J. Auslander
Jeffrey B. Korn
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
mauslander@willkie.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiff Cameron International Corporation's First Set of Requests for Production of Documents to Defendant Liberty Insurance Underwriters, Inc. has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 17th day of December 2012.

/s/    Phillip A. Wittmann