UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J<br><br>JUDGE BARBIER |
| APPLIES TO: No. 12-311 | * * | MAG. JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**LIBERTY INSURANCE UNDERWRITERS, INC.'S OBJECTIONS
AND RESPONSES TO PLAINTIFF CAMERON INTERNATIONAL
CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Liberty Insurance Underwriters, Inc. ("Liberty") serves the following objections and responses to Plaintiff Cameron International Corporation's First Set of Requests for Production.

**GENERAL OBJECTIONS**

1. Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or protection recognized by law. Any inadvertent production of information subject to privilege or protection does not constitute a waiver by Liberty of that privilege or protection.

2. Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information that is confidential, proprietary, and/or that constitutes trade secrets. Any inadvertent production of information subject to privilege or protection does not constitute a waiver by Liberty of that privilege or protection.

**EXHIBIT B**

1

3.     Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information or documents not within Liberty's possession, custody, or control.

4.     Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information neither relevant to the issues posed by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Liberty objects to plaintiff's First Set of Requests for Production, including without limitation the Definitions and Instructions, to the extent they seek to impose obligations and/or discover information beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

6.     Liberty objects to the definition of "You", "Your", and "Liberty" contained in Cameron's First Set of Requests for Production. The stated definitions are overbroad and exceed the scope of discovery permitted by the Federal Rules of Civil Procedure. Moreover, the definitions improperly may include attorneys representing Liberty who are not Liberty and not within Liberty's control. Finally, the definition improperly includes persons and entities other than the named defendant, Liberty Insurance Underwriters, Inc., including without limitation Liberty's "parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, and agents."

7.     Liberty objects to the definition of "Cameron Policies" contained in Cameron's First Set of Requests for Production. The stated definition is overbroad and exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure. "Cameron Policies" properly should include only policies issued to Cameron by Liberty Insurance Underwriters, Inc. from January 2010 through the present.

8. Liberty objects to the extent that Cameron's First Set of Requests for Production defines the relevant time period as 2006 to present. This time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The relevant time period properly should be limited to January 1, 2010 to the date this suit was filed.

9. Any representation made by Liberty that it will provide or make available responsive information is not meant to imply that such requested information or documents actually exist, but merely that the requested information or documents will be produced to the extent known or available.

10. Liberty reserves the right to supplement, amend, or alter its responses at any time.

11. Liberty reserves the right to challenge the admissibility of the documents herein produced at trial or at any hearing in this matter or any other matter.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All documents and communications relating to the Cameron Policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Liberty objects to this request as overly-broad in scope, lacking reasonable specificity of the nature and category of documents which Plaintiff seeks, and seeking documents not reasonably calculated to lead to the discovery of admissible evidence and/or protected by the attorney-client privilege and work product doctrine. Subject to this objection and without waiving the same, see attached documents identified as LIU 00001-00615, 00616-00657, 00839-00842, 00874-00913, 00915-00918, 00919-01512, and 01520-01539. In addition, please see all

documents filed and to be filed with the Court in this litigation, including communications between counsel in this litigation.

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Liberty objects to this request as overly-broad in scope and potentially calling for the production of documents which are protected by the attorney-client privilege or work product doctrine. Subject to this objection and without waiving the same, see attached documents identified as LIU 00001-00615, 00616-00657, 00839-00842, 00874-00913, 00915-00918, and 01502-01519.

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications between or among Liberty or Clyde & Co. on the one hand, and any of Cameron's other insurers or their counsel, on the other hand, relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Liberty objects that the request seeks documents subject to the attorney-client privilege and/or the work product doctrine. Subject to all objections, see documents attached hereto and identified as LIU 00637-00644, 00645-00650, 00651-00657, 00839-00842, 00915-00918, and 01502-01519.

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications between Liberty and Clyde & Co. in connection with the Cameron Policies, Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, or this action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Liberty objects to this request as seeking documents which are protected by the attorney-client privilege and/or the work product doctrine. Liberty has not affirmatively pled the defense

of reliance on the advice of counsel and therefore, there is no basis for seeking communications between Liberty and its counsel.

**REQUEST FOR PRODUCTION NO. 5:** All documents in the files of Clyde & Co. relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

See Response to Request for Production No. 4. In addition, Liberty objects to this request to the extent that this request seeks documents from a third party which is not a party to this lawsuit, Clyde & Co., and which entity is not subject to Liberty's control. Liberty further objects to this request as potentially calling for documents which are privileged and protected from production under the attorney-client privilege and/or the work product doctrine. Subject to these objections and without waiving the same, see documents attached hereto and identified as LIU 00636, 00637-00644, 00645-00650, 00645-00650, 00651-00657, 00839-00842, and 00915-00918.

**REQUEST FOR PRODUCTION NO. 6:** To the extent that Liberty intends to rely on the advice of counsel for any purpose in this action, all documents and communications between Liberty and Martin, Disiere, Jefferson & Wisdom, L.L.P. in connection with the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Liberty has not affirmatively pled the defense of reliance on the advice of counsel and as such, no documents are responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:** A copy of all policies, agreements, and/or contracts relating to Liberty's reinsurance coverage in connection with the Cameron Policies and any communications with Liberty's reinsurer(s) relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Liberty objects to this request as lacking relevance to any claim or defense asserted in this action and not reasonably calculated to lead to the discovery of admissible evidence. Liberty further objects to this request as seeking confidential business proprietary documents which have no bearing on any claim or defense asserted in this lawsuit. Subject to this objection and without waiving the same, see attached documents identified as LIU00001-00615.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications relating to the BP Settlement, including but not limited to communications between Liberty (or its counsel) and BP and/or Transocean (or their respective counsel).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Liberty objects that this request seeks information subject to the attorney-product and/or work product privileges. Subject to all objections, see documents attached hereto and identified as LIU 00616-00635, 00636, 00637-00644, 00645-00650, 00645-00650, 00651-00657, 00658-00708, 00709-00838, 00839-00842, 00843-00873, 00874-00913, and 00915-00918.

**REQUEST FOR PRODUCTION NO. 9:** All documents relating to the Deepwater Horizon Incident that in any way relate to Cameron, including but not limited to all documents and communications relating to BP's or Transocean's obligations to indemnify Cameron for losses relating to the Deepwater Horizon Incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Liberty objects that the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Liberty further objects that the request seeks information subject to the attorney client privilege and/or the work product doctrine. Subject to all objections, see attached documents identified as LIU00658-00708 and 00709-00838. In addition, please refer to the pleadings and motions filed in MDL NO. 2179 by Cameron, BP, and Transocean.

**REQUEST FOR PRODUCTION NO. 10:** All documents created at any time relating to the drafting, negotiation and interpretation of Liberty's "Other Insurance" provision in Liberty policy form 0100-XS(03 00).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Liberty objects to the request as unduly burdensome and seeking confidential information as the request requires a file by file review of claim files of insureds not a party to this lawsuit. Liberty further objects to the request as seeking documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, regarding interpretations, see attached documents identified as LIU 00001-00615. Liberty is unaware of any other responsive documents.

**REQUEST FOR PRODUCTION NO. 11:** All documents created at any time relating to any instance in which Liberty took the position that "Other Insurance," as defined in policy form 0100-XS(03 00), existed where the source of such "Other Insurance" denied payment to Liberty's insured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Liberty objects to this request as vague, ambiguous and obscure as drafted. Liberty further objects to the Request as unduly burdensome and seeking confidential information as the Request requires a file by file review of claim files of insureds not a party to this lawsuit. Liberty further objects to this request as assuming facts not in evidence here and subject to these objections and without waiving the same, assuming that "Liberty's insured" as used in this request means Cameron International Corporation, responsive documents would already be in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 12:** All documents created at any time relating to any claim under Liberty policy form 0100-XS(03 00) that Liberty paid despite the existence of an "indemnification" as specified in its "Other Insurance" provision.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

See Response to Request for Production No. 11. Subject to that objection, Liberty is aware of none.

**REQUEST FOR PRODUCTION NO. 13:** Documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Liberty objects to this request as unduly burdensome, overly-broad in time and scope as the request, as worded, possibly could include thousands of claims which are not even tangentially related to Cameron's claim. Liberty further objects to this request as seeking information constituting the confidential proprietary business information and trade secrets of Liberty and confidential information pertaining to insureds not a party to this lawsuit. Liberty further objects to this request as lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to show all of Liberty's policies and/or procedures that relate to any "Other Insurance" provisions contained in insurance policies issued by Liberty.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

See Response to Request for Production No. 13. Liberty further objects to this request as overly-broad in time and scope as the request, as worded, would include claims which are not even tangentially related to Cameron's claim. Liberty further objects to this request as seeking information constituting the confidential proprietary business information and trade secrets of Liberty. Liberty further objects to this request as lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 15:** Documents sufficient to show all of Liberty's policies and/or procedures that relate to the handling of coverage disputes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

See Response to Request for Production No. 13. Liberty further objects to this request as overly-broad in time and scope as the request, as worded, would include coverage disputes on

claims which are entirely unrelated to Cameron's claim. Liberty further objects to this request as seeking information constituting the confidential proprietary business information and trade secrets of Liberty. Liberty further objects to this request as harassing and lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications relating to any conflicts of interest of Paul R. Koepff and the law firm of Clyde & Co., including but not limited to those relating to Liberty's decision to move for an order withdrawing Mr. Koepff and Clyde & Co. as counsel for Liberty in this action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Liberty objects to this request as lacking relevance and seeking documents not reasonably calculated to lead to the discovery of admissible evidence. The request also is harassing, frivolous, and assuming facts not in evidence as it was not Liberty's initial decision to seek the withdrawal Mr. Koepff and Clyde & Co., but rather a concession Liberty made at the insistence of Cameron. Liberty further objects to this request as seeking documents which are protected by the attorney-client privilege and work product doctrine. Subject to this objection and without waiving the same, Cameron possesses all non-privileged documents and communications relating to the order withdrawing Mr. Koepff and Clyde & Co. as counsel for Liberty in this action. In addition, see attached document identified as LIU 00914.

**REQUEST FOR PRODUCTION NO. 17:** All personnel files of individuals involved in Liberty's decision to deny payment to or on behalf of Cameron relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Liberty objects to this request as it violates constitutional law, common law and privacy rights of the individual made the subject of the request. *See U.S. Dept. of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 497-98, 501 (1994); *Beasley v. First Am. Real Estate Info. Servs., Inc.*, 2005 WL 1017818, *4 (N.D. Tex. 2005); *Industrial Found. v. Texas Indus. Accident*

*Bd.*, 540 S.W.2d 668, 685 (Tex. 1976); *Kessell v. Bridewell*, 872 S.W.2d 837, 841 (Tex. App. – Waco 1994, no writ); *Fox v. Anonymous*, 869 S.W.2d 499, 504 (Tex. App. – San Antonio 1993, writ den'd.). Liberty further objects to this request as seeking documents that lack any relevance to any claim or defense asserted in this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:** A copy of Liberty insurance policy number LQ1B71198783046, referenced in Liberty's Rule 26(a) Disclosures, dated September 14, 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

See attached Policy identified as LIU 00874-00913.

Respectfully submitted,

/s/ Judy Y. Barrasso

Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

OF COUNSEL:

Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by U.S. mail, postage prepaid, hand delivery, facsimile transmission or email on this 30th day of January, 2013.

_____