UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179<br>Applies to case<br>NO. 13-737<br><br>SECTION: J<br>MAG. JUDGE SHUSHAN |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**MAY IT PLEASE THE COURT:**

**I.       THE PURPOSE OF CLASS CERTIFICATION :**

Class actions are designed to conserve the resources of both the courts and the parties by allowing issues potentially affecting every class member to be litigated in an economical fashion, General Telephone Company of Southwest v. Falcon, 102 S.Ct. 2364 (1982).  To ensure that the purposes of class actions are fulfilled, Rule 23 requires that class actions certified under Rule 23(b)(3) meet the requirements of both Rule 23(a), which include numerosity, commonality, typicality, and adequacy of representation, and Rule 23(b)(3), which include predominance and superiority.  Jenkins v. Raymark Industries, Inc,, 782F.2d 468, 471 (5th Cir. 1986).  The Fifth Circuit has noted that district courts have wide discretion in deciding whether to certify a class in a particular case.  Jenkins at 472.  In Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974), the U.S. Supreme Court held that courts must avoid inquiring into the merits of plaintiffs' claims when ruling on class certification.

1

## II. THE NUMEROSITY REQUIREMENT IS SATISFIED.

Rule 23(a)(1) requires class size to be so numerous that joinder of all members is impracticable. There is no magic number that has been recognized, and courts have found the numerosity requirement satisfied in cases involving as few as 17 class members. Arkansas Educ. Assoc. V. Board of Educ. of Portland Arkansas School Dist., 446 F.2d 763 (8th Cir. 1971), many cases have been certified in the federal courts with less that 150 class members. *See, e.g.,* Duran v. Credit Bureau of Yuma, 93F.R.D. 607 (D. Ariz. 1982) (105 members); Martin v. Housing Auth. of Atlanta, 86 F.R.D. 329 (N.D. Ga. 1980) (100 members). Here, more than several thousand plaintiffs have had their land/and/or residences exposed to BP oil, petroleum products or contaminate. Therefore, in the instant case involving thousands of individuals, there can be no doubt that the numerosity requirements of Rule 23 are well-met.

## III. THERE ARE QUESTIONS OF LAW OR FACT COMMON TO THE CLASS.

The second requirement for maintaining a class action is that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). The "commonality" requirement is satisfied when there is "at least one issue whose resolution will affect all or a significant number of the putative class members." Stewart v. Winter, 669 .2d 328, 335 (5th Cir. 1982). Because only one common issue is required, "[t]he threshold of commonality is not high." Jenkins, 782 F.2d at 472.S

In the instant case, the issues relating to Defendants' conduct and liability are common to all members of the putative class Thus, several common issues exist, and the "commonality" requirement is satisfied.

## IV. THE CLAIMS OF THE REPRESENTATIVE PARTIES ARE TYPICAL OF THE

**CLAIMS OF THE CLASS.**

The third requirement for a class action is that "the claims or the defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). The "typicality" requirement is designed to ensure that the representatives' claims are similar enough to those of the class so that the representatives will adequately represent the class. General Telephone Co., 457 U.S. at 157. Professor Newberg notes that:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.

1 Newberg on Class Actions § 3.13 at 3-77. The test for "typicality" is not demanding, Shipes v. Trinity Industries, 987 F.2d 311, 316 (5th Cir. 1993), and it focuses on the general similarity of the legal and remedial theories of the class representatives' and class members' claims. Jenkins, 782 F.2d at 472. Here, the only real difference between Plaintiffs is the cost of the Phase I and Phase II Environmental Assessments.

In the instant case, the proposed class representatives' claims are typical of those of the class as a whole because there is uniformity between the legal claims and relief that the representatives seek and the claims and relief sought by the class members. All of these claims arise from the same or single course of conduct, and the representative plaintiffs seek damages for the same kind and degree of injuries alleged by the remaining plaintiffs.

V.   **THE REPRESENTATIVE PARTIES WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS.**

The fourth requirement of Rule 23 is that "the representative parties will fairly and

adequately protect the interests of the class." Fed.R.CivP. 23(a)(4).  Like the "typicality" requirement, this prerequisite requires that the interests of the named Plaintiffs be aligned with the unnamed class members to ensure that the class representative has an incentive to pursue and protect the claims of the absent class members.   Here the interests of all named Plaintiffs are identical.

In the instant case both the proposed class representatives and their counsel will adequately represent the class.  The proposed class representatives and class members are seeking the same types of relief on the same theories as the result of a single, discrete event, and there are no conflicts of interest between the representatives and class members.  The proposed representatives, as a group, have claims for the types of damages that have been claimed by their co-plaintiffs.  Further, the proposed representatives have a strong interest in prosecuting this action, and they will diligently prosecute this action on behalf of themselves and the absent class members.

Counsel for Plaintiffs are experienced and have, and will, aggressively pursue the interests of all plaintiffs.  These counsel regularly engage in complex litigation similar in size, scope, and complexity to the present case.

## VI.     THE CLASS SATISFIES THE REQUIREMENTS OF RULE 23(b)(3).

In addition to the four requirements discussed above, a class certified under Rule 23(b)(3) must satisfy two additional requirements: (1) questions of law or fact common to members of the class predominate over any questions affecting only individual members, and (2) the class action procedure must be superior to other available methods for the fair and efficient adjudication of the controversy.  Fed.R.Civ.P. 23(b)(3).  Factors to be considered in the analysis

include the interest of the class members in individually controlling the prosecution of the action, the extent and nature of any litigation concerning the controversy already commenced by or against members of the class, the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and the difficulties likely to be encountered in the management of a class action.  Id.

Federal courts recognize that a class action is the appropriate vehicle for handling the claims of large numbers of individuals harmed as the result of a single catastrophic event.  *See, e.g.,* Black v. Rhone-Poulenc, 173 F.R.D. 156 (S.D. Va. 1996) (certifying a class of thousands of individuals asserting claims for chemical exposure, evacuation, fear and fright, and property damage).  In Louisiana, where chemical emissions are, unfortunately, commonplace, courts have routinely recognized the efficacy of class actions.  *See, e.g.,* Livingston Parish Police Jury v. Illinois Central Gulf Railroad, 432 so.2d 1027 (La. App. 1st Cir. 1983); Adams v. CSX Railroad, 615 So.2d 476 (La. App. 4th Cir. 1993); Lailhengue v. Mobil Oil Co., 657 So.2d 542 (La. App. 4th Cir.1995); McCastle v. Rollins Environmental Services of La., 456 so.2d 612 (La. 1984).   As in those cases, class treatment here better promotes fairness to the parties and conservation of the resources of this Court than does traditional piecemeal litigation.

## VII.    PROPOSED CLASS DEFINITION.

Plaintiffs' proposed class definition includes:

> All persons in the states of Texas, Louisiana, Mississippi, Alabama and
> Florida who owned property in those states on or about April 20, 2010
> and whose property was exposed to oil, petroleum products or contaminants
> as a result of the failure and the oil spill of the Deepwater Horizon and who
> desire a Phase I and/or Phase II Environmental Site Assessment to determine
> if any environmental concerns exist on their property.

## VI.    CONCLUSION:

Plaintiffs show that the class should be certified for the prosecution of this litigation. The litigation arises out of a single, common event that effected a large number of persons, in a similar fashion.

>Thus, the class should be defined as

>All persons in the states of Texas, Louisiana, Mississippi, Alabama and Florida who owned property in those states on or about April 20, 2010 and whose property was exposed to oil, petroleum products or contaminants as a result of the failure and the oil spill of the Deepwater Horizon and who desire a Phase I and/or Phase II Environmental Site Assessment to determine if any environmental concerns exist on their property.

The area will be specifically described using street names and addresses during oral argument.

This class should therefore be certified.

Respectfully submitted,

*S.Darleen M. Jacobs*
DARLEEN M. JACOBS (#7208)
(NY Bar No. 2145704)
*A Professional Law Corporation*
823 St. Louis Street
New Orleans, Louisiana 70112
(504) 522-0155 and (504) 522-3287
Counsel for Plaintiffs

*S/Kenneth Charbonnet*
KENNETH CHARBONNET (#4061)
(TX Bar No. 00785576)
3750 South Claiborne Ave.
New Orleans, LA 70125
(504) 897-3700
Attorney for Plaintiffs

*S.Richard M. Martin, Jr.*
RICHARD M. MARTIN, JR. (#08998)
(MS Bar No. 99627)
(TX Bar No. 24026021)
(District of Columbia Bar No. 466940)
20 Versailles Boulevard
New Orleans, LA 70125
(504) 861-8476
Attorney for Plaintiffs

*S/Steve Gordon*
STEVE GORDON
Gordon, Elias & Seely, L.L.P.
(TX Bar No. 08207980)
(LA Bar No. 24109)
(WA Bar No. 412407)
1811 Bering Drive, Suite 300
Houston, TX 77057
(713) 668-9999
Attorney for Plaintiffs