UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 "J"(1) |
| | | JUDGE BARBIER |
| | | MAGISTRATE SHUSHAN |
| THIS DOCUMENT APPLIES TO: Case No. 12-311 | * * * | JURY TRIAL DEMANDED |

**LIBERTY INSURANCE UNDERWRITERS' OPPOSITION TO CAMERON'S
MOTION TO COMPEL PRODUCTION OF POLICY/PROCEDURE MANUALS**

Liberty Insurance Underwriters ("Liberty") submits this Opposition to Cameron's Motion to Compel Production of Policy / Procedure Manuals.

After a diligent search, Liberty has not identified any generally applicable written policies or procedures in effect between April 2010 and the filing of this suit on January 30, 2012 pertaining to Liberty Insurance Underwriters' adjustment of claims involving coverage disputes.[1] Out of an abundance of caution, Liberty has attached for the Court's *in camera* review three sets of documents that it contends are not responsive or relevant.  The first set includes documents that do not pertain to adjustment of insurance claims; instead, they pertain solely to other matters such as litigation management or internal reporting.  *See* Exh. 1.  The second set includes letters

---

[1] Cameron's discovery requests broadly defined "You", "Your", and "Liberty" in a manner that included divisions besides the named defendant, Liberty Insurance Underwriters, which is a division of Liberty Mutual Group.  Liberty objected to the scope of Cameron's definitions and limited its responses to Liberty Insurance Underwriters, Inc.  This Memorandum similarly addresses only materials applicable to Liberty Insurance Underwriters, and no other division.

1

giving *specific named individuals* authority to handle, reserve, or settle certain claims. *See* Exh. 2. The third set includes documents that were not in effect until *after* Cameron filed suit in January 2012, and thus they have no bearing on Liberty's handling of Cameron's claim. *See* Exh. 3. Because Liberty has not identified any generally applicable written policies/procedures during the relevant time period pertaining to adjustment of insurance claims involving coverage disputes, Liberty requests that the Court deny Cameron's motion to compel.

              Respectfully submitted,

              */s/ Judy Y. Barrasso*
              Judy Y. Barrasso, 2814
              Celeste Coco-Ewing, 25002
              BARRASSO USDIN KUPPERMAN
               FREEMAN & SARVER, L.L.C.
              909 Poydras Street, 24th Floor
              New Orleans, Louisiana 70112
              504.589.9700 (Telephone)
              504.589.9701 (Facsimile)

<u>OF COUNSEL</u>:

Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of May, 2013.

*/s/ Judy Y. Barrasso*

*862441*