UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | Section:  J |
| This Documents Relates to: 2:12-cv-02004-CJB-SS | Judge Barbier<br>Mag. Judge Shushan |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO RECONSIDER AND FOR STATUS CONFERENCE**

Plaintiff, SERGIO VALDIVIESO, submits this Memorandum in support of his Motion to Reconsider and for Status Conference.

On or about June 9, 2010, Mr. Valdivieso was working aboard a commercial vessel as a Jones Act seaman during the clean-up of the oil spill caused by the DEEPWATER HORIZON casualty, when he was injured in Barataria Bay, an inlet of the Gulf of Mexico located in southeastern Louisiana.  At the time the vessel was believed to be within 100 yards of the Louisiana shore.  On March 1, 2012, Mr. Valdivieso filed his Petition in the 164th Judicial District Court of Harris County, Texas, alleging Jones Act and General Law Maritime claims against various defendants.   On April 3, 2012, Defendants BP Products North America Inc. and BP America Inc. (collectively, the "BP Defendants") removed this action from Texas state court, arguing that this Court has jurisdiction over Mr. Valdivieso's claims pursuant to the Outer Continental Shelf Lands Act of 1953 ("OCSLA"), 43 U.S.C. § 1331, *et seq*. On April 5, 2012, the BP Defendants filed a motion to stay the current proceedings, pending transfer of the case by the Judicial Panel on Multidistrict Litigation.

On August 7, 2012, this matter was transferred in from the Southern District of Texas (Houston), was assigned case number 2:12-cv-02004 CJB-SS. It now is part of the Multi District Litigation (MDL) 2:10-md-02179.

Mr. Valdivieso's claims are governed by the General Maritime Law. The test for deciding whether General Maritime Law governs a tort claim is whether the incident involves both (1) a "maritime situs;" and (2) a "connection to traditional maritime activity." *See Hufnagel v Omega Serv. Indus,* 182 F.3d 340 (5th Cir. 1999) at 351. The maritime situs test is easily met here. A maritime situs exists where the tort occurred on navigable waters. *Id.*[1] To determine where the tort occurred, the place of injury controls, not the place where the negligent act occurred. *See Bonnette v. Shell Offshore,* 838 F. Supp. 1175 (S.D. Tex 1993) at 1182. Here, it is undisputed that Mr. Valdivieso's injuries occurred on the Vessel, over navigable waters, far from the OCS.[2]

Mr. Valdivieso's maritime claims, filed in state court, are not magically transformed into federal question claims just because they arguably could have been brought within OCSLA's jurisdictional grant. *See Bonnette,* 838 F. Supp. at 1180-81. It is well settled that "maritime claims do not 'arise under' federal law for purposes of

---

[1] This is true even when the tort occurs on navigable water on the OCS. *See Patlan v. Apache Corp.,* Civ. A. No. 1:09-CV-926, 2010 WL 2293272, at *4 (E.D. Tex. May 11, 2010) (maritime law applies to torts occurring "on navigable water on the Outer Continental Shelf (OCS), as opposed to, for example, a stationary platform. . ."). In this case, not only is Mr. Valdivieso asserting a typical maritime claim involving a maritime vessel, said vessel was *nowhere near* the OCS.

[2] Moreover, the BP Defendants' negligent acts also occurred on the Vessel, over navigable waters, far from the OCS. Significantly, <u>Mr. Valdivieso has not sued the BP Defendants for their actions leading to the BP oil spill</u>. Rather, his claims are based on the BP Defendants' negligent failure to supervise the cleanup operations aboard the shallow-water Vessel to which Mr. Valdivieso was assigned as part of the cleanup effort, which occurred months after the spill began.

federal removal jurisdiction." *Hufnagel,* 182 F.3d at 350. Consequently, maritime claims brought in state court under the Saving to Suitors clause are not removable as federal question claims.

In the alternative, Plaintiff, who has not received the maintenance and cure benefits to which he is entitled from the Jones Act employer defendant, asks that his claims against all defendants <u>except BP</u> be severed and remanded, so that his maritime claims against the non-BP parties may proceed.

Plaintiff has filed the motion for reconsideration and for status conference which this memorandum supports for the purpose of the Court setting dates in regard to ruling upon the reconsideration, motion for severance, and his motion to remand, so that this litigation may proceed to a resolution regarding Plaintiff's claims.

Respectfully submitted,

THE LANIER LAW FIRM, P.C.

By:_____
W. MARK LANIER
State Bar No. 11934600
KEVIN P. PARKER
State Bar No. 15494040
CHARLES F. HERD, JR.
State Bar No. 09504480
M. MICHELLE CARRERAS
State Bar No. 24040647
P.O. Box 691448
6810 FM 1960 West (77069)
Houston, Texas 77269-1448
Telephone: (713) 659-5200
Fax: (713) 659-2204
Direct Fax: (281) 866-6963
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the _____ day of May, 2013, a true and correct copy of the above and foregoing document has been sent to the following counsel of records:

Brittani W. Rollen
George C. Haratsis
MCDONALD SANDERS
777 Main Street, Suite 1300
Fort Worth, TX 76102
**Attorneys for Defendant Eastern Research Group, Inc.**

Thomas W. Taylor
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, TX 77002
**Attorney for BP Defendants**

Richard C. Godfrey, P.C.
J. Andrew Langan
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
**Attorney for BP Defendants**

Jeffrey Bossert Clark
KIRKLAND & ELLIS, LLP
655 Fifteenth Street Northwest
Washington, D C 20005
**Attorneys for Defendants, BP Products North America and BP America Inc.**

Alexander C. Chae
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002
**Attorneys for Defendant, Southern Cat, Inc.**

_____
Charles F. Herd, Jr.