UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *12-311* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### SUPPLEMENTAL ORDER[1]

CAMERON'S MOTION TO COMPEL (Rec. doc. 9618)

**DENIED IN PART AND GRANTED IN PART**

On April 30, 2012, Cameron submitted a letter requesting an order requiring Liberty Insurance Underwriters, Inc. ("Liberty") to produce the "Roberts Documents" and documents sufficient to show Liberty's policies and procedures regarding claims adjusting and the handling of coverage disputes.

Liberty was ordered to produce the "Roberts Documents" on May 3, 2013, for *in camera* review. Liberty produced documents identified as LIU 01602-01603 and LIU 01544-01548. Liberty produced redacted copies of those documents to Cameron. Rec. doc. 9618 (Exhibits D and E). The Court reviewed the documents.

1.  LIU 01602.

Five paragraphs were redacted. The first paragraph is protected as work-product. The remaining four paragraphs are not protected as work-product.

---

[1] On May 7, 2013, the Court issued an order regarding Cameron's Motion to Compel (Rec. doc. 9618). The motion was dismissed in part as moot, denied in part and granted in part. The order was in error in stating that Liberty did not submit the "Roberts Documents" for *in camera* review. The order also erred in stating that Cameron did not submit a reply. A reply was filed. Rec. doc. 9731.

2.   LIU 01603.

The page refers to an attachment in a "zip" format. The attachment is LIU 01544-48. These pages are discussed below. The remaining portion of the redacted material on the LIU 01603 is not protected by work-product.

3.   LIU 01544-48.

This is a five page document. The document is work-product. It was prepared in anticipation of litigation. The substantial equivalent can be obtained by Cameron without undue hardship.

The motion is granted in part and denied in part as to the "Roberts Documents." By **5:00 p.m. on Monday, May 13, 2013**, Liberty shall produce LIU 01602 (with the first paragraph redacted) and LIU 01603. It is not required to produce any portion of LIU 01544-48.

The second part of the motion to compel concerns Cameron's request for production ("RFP") nos. 13 and 15. They are:

13.   Documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting.

15.   Documents sufficient to show all of Liberty's policies and/or procedures that relate to the handling of coverage disputes.

Rec. doc. 9618 (Exhibit A at 7).

Liberty states that, after a diligent search, it did not identify "any generally applicable written policies or procedures in effect between April 2010 and the filing of the suit on January 30, 2012 pertaining to Liberty Insurance Underwriters' adjustment of claims involving coverage disputes." Rec. doc. 9714 at 1. It produced three sets of documents for *in camera* review that it contends are neither responsive nor relevant. Id.

The Court reviewed the documents submitted *in camera*. Cameron sought policies and procedures that relate to: (1) claims adjusting (RFP no. 13); and (2) the handling of coverage disputes (RFP no. 15). Rec. doc. 9618 (Exhibit A). Liberty appears to have interpreted these two requests as seeking policies and procedures "pertaining to adjustment of insurance claims involving coverage disputes. . . ." Rec. doc. 9714 at 2. The documents submitted for *in camera* review are not responsive to RFP nos. 13 and 15.

The remaining issue is whether Liberty's diligent search included the documents sought in RFP nos. 13 and 15. By **noon on 5:00 p.m. on Monday, May 13, 2010**, Liberty shall certify that it has no documents responsive to those requests or produce them to Cameron. If Liberty contends that documents are responsive to the two requests but are protected from disclosure, it shall produce them for *in camera* review. The Court will not review documents to confirm whether they are responsive to Cameron's RFP nos. 13 and 15.

IT IS ORDERED that:

1. The order of May 7, 2013 (Rec. doc. 9766) is VACATED.
2. Cameron's motion to compel (Rec. doc. 9618) is GRANTED in PART and DENIED in PART as provided herein.
3. **The deadline for an appeal of this order is 5:00 p.m. on Monday, May 13, 2013.** In the absence of an order from the District Judge, the order will not be stayed during the pendency of an appeal.

New Orleans, Louisiana, this 8th day of May, 2013.

                                **SALLY SHUSHAN**
                                **United States Magistrate Judge**