UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Kendrick M. Verrett** | ) | CIVIL ACTION NO.: |
| | ) | 2:13-cv-01446 |
| | ) | |
| *Plaintiff*, | ) | SECTION J |
| | ) | |
| vs. | ) | DISTRICT JUDGE |
| | ) | CARL BARBIER |
| | ) | |
| BP Exploration & Production, Inc., BP America | ) | MAGISTRATE JUDGE |
| Production Company, BP p.l.c., | ) | SALLY SHUSHAN |
| Transocean Offshore Deepwater | ) | |
| Drilling, Inc., Transocean Deepwater, Inc., | ) | |
| Transocean Holdings, LLC, | ) | |
| Halliburton Energy Services, Inc., and | ) | |
| Sperry Drilling Services, a division of | ) | |
| Halliburton Energy Services, Inc. | ) | |
| | ) | |
| *Defendants* | ) | |
| | ) | |
| _____ | ) | |

## FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW COMES PLAINTIFF**, Kendrick M. Verrett, through undersigned counsel, who does allege, aver and represent as follows:

1.

Plaintiff filed the above captioned action in this Court on April 19, 2013. Service of summons has not yet been effected as to any defendant.

2.

Plaintiff seeks to amend its Complaint as a matter of course pursuant to F.R.C.P. 15(a)(1).

1

3.

Plaintiff incorporates by reference each and every allegation, claim, cause of action, and prayer for relief described in its original Complaint.

4.

Plaintiff desires to amend its original Complaint to add **"Triton Asset Leasing GmbH"** to the caption as a party defendant.

5.

Plaintiff further desires to amend its original Complaint to include the following additional defendant:

> **12a.   Defendant, Triton Asset Leasing GmbH ("Triton"), is a Swiss limited liability company with its principal place of business in Zug, Switzerland.  Triton is affiliated with Transocean Ltd. and is an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.**

6.

Plaintiff further desires to amend its original Complaint as follows:

> 13.   Defendants Transocean Deepwater, Transocean Offshore, Transocean Holdings, **and Triton** are hereinafter referred to collectively as "Transocean."  At the Macondo site, Transocean provided the Deepwater Horizon vessel and personnel to operate it.  At all times relevant to the Oil Spill, Transocean, subject to BP's inspection and approval, was responsible for maintaining well control equipment, such as the blowout preventer and its control systems.  Transocean also provided operational

support for drilling-related activities on board the Deepwater Horizon, as well as onshore supervision and support for those drilling activities at all times relevant to the Oil Spill.

WHEREFORE, Plaintiff, Kendrick M. Verrett, demands judgment against Defendants, jointly, severally, and in solido, as follows:

(a) Economic and compensatory damages in amounts to be determined at trial;

(b) Punitive Damages;

(c) Pre-judgment and post-judgment interest at the maximum rate allowable by law;

(d) Reasonable claims preparation expenses;

(e) Attorneys' fees;

(f) Costs of litigation; and

(g) Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

Respectfully Submitted,

LUNDY, LUNDY, SOILEAU & SOUTH LLP

   /s/   Hunter W. Lundy
HUNTER W. LUNDY, La. Bar Roll No. 8938
MATTHEW E. LUNDY, La. Bar Roll No. 18988
T. HOUSTON MIDDLETON IV, La. Bar Roll No. 33281
501 Broad Street
Post Office Box 3010
Lake Charles, Louisiana 70601
(337) 439-0707 – Telephone
(337) 439-1029 – Facsimile

*Attorneys for Plaintiff,*
     *Kendrick Verrett*

## WAIVER OF SERVICE

Plaintiff will request that defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).