UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig ) | MDL No. 2179 |
|     "Deepwater Horizon" in the Gulf ) | |
|     of Mexico, on April 20, 2010 ) | SECTION "J," DIVISION 1 |
| ) | |
| Applies to: ) | JUDGE BARBIER |
| ) | |
| No. 13-1800, *Louisiana Oilfield Divers,* ) | MAGISTRATE SHUSHAN |
| *LLC v. BP Exploration & Prod. Inc., et al.* ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR RECONSIDERATION

Plaintiff Louisiana Oilfield Divers, LLC, by and through its attorneys, submits this Memorandum in Support of its Motion for Reconsideration of this Court's May 2, 2013, Order denying Plaintiff's Motion for a Conference Pursuant to Rule 16(a) (R. Doc. 4) and consolidating the above-referenced matter with Multidistrict Litigation 2179. Reconsideration is required due to the presentation of previously unavailable information and in order to prevent manifest injustice to Plaintiff herein and all others similarly situated, namely individuals and businesses that have been excluded from recovery of so-called "Moratoria Losses" under Paragraphs 3.3 and 5.10.3 of the Deepwater Horizon Economic and Property Damages Agreement (hereinafter collectively "Moratoria Plaintiffs"[1]).

I.  **BACKGROUND**

Plaintiff's Motion for a Conference Pursuant to Rule 16(a) set forth the salient facts supporting its need for a scheduling order and limited discovery protocol applicable to all cases filed against BP by Moratoria Plaintiffs. The facts establish that Plaintiff's losses came as a

---

[1] Other Moratoria Plaintiffs represented by undersigned counsel who join in this request for a Rule 16(a) conference include Benton Completion Services, Inc., USDC, EDLA, Civ. Act. No. 13-1942; Deltide Fishing & Rental Tools, USDC, EDLA, Civ. Act. No. 13-01469; PLC, Inc, f/k/a Premier Industries, Inc., USDC, EDLA, Civ. Act. No. 13-01810; and Premier Offshore, LLC, USDC, EDLA, Civ. Act. No. 13-1795.

result of its provision of services, goods, and supplies to businesses in the offshore oil and gas industry in the Gulf of Mexico, which was shut down because of the Oil Spill. Notably, the Deepwater Horizon Economic and Property Damages Agreement *excludes* all such "moratoria" losses under Paragraphs 3.3 and 5.10.3. As such, thousands of individual and business Moratoria Plaintiffs are without a mechanism to receive compensation for the losses they sustained as a result of the Oil Spill.

One of the common purposes behind both multidistrict litigation and the Oil Pollution Act is the desire for expediency. Multidistrict litigation is expressly intended to facilitate coordination of pre-trial proceedings for the convenience of parties and witnesses and to promote the just and efficient conduct of such actions.[2] Similarly, the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*, is intended to streamline federal law and "provide quick and efficient cleanup of oil spills, compensate victims of such spills, and internalize the costs of spills with the petroleum industry."[3]

When confronted with the question of when "OPA Causation Test Cases" would be before the Court, a representative of the Plaintiffs' Steering Committee ("PSC") advised that its "guess is early 2014" because "the Court has to proceed to a full Phase Two and then a Phase Three penalty stage before he starts trying OPA Causation Test Cases."[4] Because the "test case" timeline guess set forth by the PSC representative does not comport with the express purpose of the Oil Pollution Act to provide for a quick and efficient mechanism to compensate LOD for its crippling financial damages, LOD has requested that its attorneys endeavor to secure a quick and

---

[2] 28 U.S.C. § 1407.
[3] *In re Petition of Settoon Towing LLC,* 722 F. Supp. 2d 710, 713 (E.D. La. 2010).
[4] Email string between undersigned counsel and Steve Herman of the Plaintiffs' Steering Committee (Exh. A hereto).

efficient mechanism, either in the MDL or as a separate lawsuit, to obtain compensation for its financial damages.[5]

The Moratoria Plaintiffs share one common legal issue – whether the federal regulatory action or inaction directed at offshore oil industry activity was a foreseeable and intervening cause of damages suffered by Moratoria Plaintiffs that could absolve BP of OPA liability – that can be addressed by this Court in order to expedite and streamline these lawsuits. Given this discrete legal issue, the Moratoria Plaintiffs constitute a unique subset of plaintiffs that cannot adequately be categorized within the current structure of Multidistrict Litigation 2179, and their consolidation therein subjects them to unnecessary and potentially lengthy delays that are not in the interest of justice. In fact, a scheduling order and limited discovery protocol applicable to all cases filed against BP by Moratoria Plaintiffs would greatly benefit judicial economy and prevent manifest injustice as to the Moratoria Plaintiffs.

## II. LAW AND ARGUMENT

In light of the previously unavailable information regarding the schedule for "OPA Causation Test Cases" as described above, Plaintiff requests that this Court reconsider its May 2, 2013, Order so as to avoid the manifest injustice that would occur if Plaintiff's discrete legal issues are not adjudicated in an expeditious manner. Although the Fifth Circuit has noted that the Federal Rules do not recognize a motion for reconsideration *in haec verba*,[6] the Fifth Circuit has routinely recognized that such a motion may challenge an order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[7] Given that Rules 59 and 60 apply only to final judgments, Rule 54 applies when a party seeks to revise an order that adjudicates fewer than all the claims

---

[5] Affidavit of Valerie LeJeune Poole, para. 21 (Exh. B hereto).
[6] *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990).
[7] *Id.*; *Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship Builders, LLC*, 282 F.R.D 146, 151 (E.D. La. 2012).

amongst the parties.[8]  Under Rule 54, this Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[9]  The general practice in the Eastern District of Louisiana has been to evaluate Rule 54 motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions.[10]  In so doing, Courts in the Eastern District of Louisiana have considered four factors in deciding a motion to reconsider under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
>
> (2) the movant presents newly discovered or previously unavailable evidence;
>
> (3) the motion is necessary in order to prevent manifest injustice; or
>
> (4) the motion is justified by an intervening change in controlling law.[11]

As stated above, reconsideration of this Court's May 2, 2013, Order is necessary because of the previously unavailable information with regard to a schedule for "OPA Causation Test Cases" provided to counsel for the Plaintiff by a PLC representative and because reconsideration will prevent manifest injustice to all Moratoria Plaintiffs, including the parties herein.

The purposes behind both multidistrict litigation and the Oil Pollution Act unequivocally support a finding that all Moratoria Plaintiffs will suffer manifest injustice absent this Court's reconsideration of its May 2, 2013, Order.  Multidistrict litigation is expressly intended to facilitate coordination of pre-trial proceedings for the convenience of parties and witnesses and to promote the just and efficient conduct of such actions.[12]  Similarly, the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*, is intended to streamline federal law and "provide quick and efficient

---

[8] Fed.R.Civ.P. 54(b). *See also Gulf Fleet Tiger Acquisition*, 282 F.R.D. at 152.
[9] Fed.R.Civ.P. 54(b).
[10] *Gulf Fleet Tiger Acquisition*, 282 F.R.D. at 152.
[11] *Id*.
[12] 28 U.S.C. § 1407.

cleanup of oil spills, compensate victims of such spills, and internalize the costs of spills with the petroleum industry."[13]  Currently, plaintiffs are unable to avail themselves of these legal tenets.  Nevertheless, the Court could streamline the prosecution of the many lawsuits filed by the Moratoria Plaintiffs by expeditiously resolving the one distinct legal issue common to all.  In so doing, the judicial underpinnings of 28 U.S.C. § 1407 and the Oil Pollution Act could be properly effectuated.

At this juncture of the litigation, the Moratoria Plaintiffs are pariahs.  They are expressly excluded from the Deepwater Horizon Economic and Property Damages Agreement approved by this Court on December 21, 2012; they are without a mechanism by which to receive compensation for their losses; and they are being consolidated into litigation wherein they are a unique subset with a discrete legal issue separate and apart from the consolidated parties.  It is this discrete legal issue – whether the federal regulatory action or inaction directed at offshore oil industry activity was a foreseeable and intervening cause of damages suffered by Moratoria Plaintiffs that could absolve BP of OPA liability – that provides the basis for reconsideration herein.

By establishing a scheduling order and limited discovery protocol, this Court would not only expedite disposition of the Moratoria Plaintiffs' claims, but it would allow the Court to establish consistent control over all Moratoria Plaintiffs.  Absent such control, thousands of Moratoria Plaintiffs will be haphazardly scattered throughout Multidistrict Litigation 2179 without any mechanism to litigate their one discrete issue until the resolution of the currently pending common matters.  Even then, despite their common legal issue, the Moratoria Plaintiffs would not be adequately categorized within Multidistrict Litigation 2179 to prohibit immensely duplicative motion practice by individual plaintiffs regarding the same moratoria issue.  As such,

---

[13] *In re Petition of Settoon Towing LLC,* 722 F. Supp. 2d 710, 713 (E.D. La. 2010).

manifest injustice can be prevented, and judicial economy can be served, by establishing a scheduling order at the outset for these Moratoria Plaintiffs so that they can expeditiously litigate the core issue common to all their cases.  Plaintiff therefore requests that this Court reconsider its May 2, 2013, Order and set an *in camera* conference in order to establish a scheduling order and limited discovery protocol to decide whether the federal regulatory action or inaction directed at offshore oil industry activity was a foreseeable and intervening cause of damages suffered by Moratoria plaintiffs.

By deciding this issue, the Plaintiff herein, as well as all similarly situated Moratoria Plaintiffs, will be allowed access to swift and fair justice by averting lengthy delays and legal fees while awaiting a resolution to their one common legal issue.  In so doing, the judicial underpinnings of 28 U.S.C. § 1407 and the Oil Pollution Act could be properly effectuated.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff Louisiana Oilfield Divers, LLC requests that this Court reconsider its May 2, 2013, Order, denying Plaintiff's Motion for a Conference Pursuant to Rule 16(a) and set an *in camera* conference in order to establish a scheduling order and limited discovery protocol.  Based upon previously unavailable information regarding the schedule for "OPA Causation Test Cases," such reconsideration would prevent manifest injustice that will occur to all Moratoria Plaintiffs if adjudication of their discrete legal issue is delayed indefinitely.

Respectfully submitted,

/s/ Lynn E. Swanson
**GLADSTONE N. JONES, III (#22221)**
**LYNN E. SWANSON (#22650)**
**CATHERINE E. LASKY (#28652)**
**H.S. BARTLETT III (#26795)**
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
Pan-American Life Center
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

and

**JAMES R. SWANSON (#18455)**
**LARA K. RICHARDS (#34054)**
FISHMAN HAYGOOD PHELPS
WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

and

**JAMES M. GARNER (#19589)**
**MARTHA Y. CURTIS (#20446)**
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion for Reconsideration has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of May, 2013.

/s/ Lynn E. Swanson
LYNN E. SWANSON (#22650)