UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG<br>        "DEEPWATER HORIZON"<br>        in the GULF OF MEXICO,<br>        on APRIL 20, 2010 | §<br>§<br>§<br>§<br>§<br>§ | MDL No. 2179<br><br><br>SECTION: J |
| This Document Relates To:<br>*All Cases*<br>*2:10-cv-02771 and 2:10-md-02179* | §<br>§<br>§<br>§<br>§<br>§ | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

## M-I L.L.C.'S MOTION FOR ENTRY OF FINAL JUDGMENT ON PARTIAL FINDINGS

M-I L.L.C. ("M-I") respectfully moves for the entry of a Final Judgment in accordance with Federal Rules of Civil Procedure 52(c) and Rule 54(b).

This Court already has granted judgment in favor of M-I under Rule 52(c). On March 20, 2013, this Court made findings on the record that M-I is not liable to any party. Specifically, this Court found that there is no basis on which to find that any act or omission of M-I caused or contributed to the April 20, 2010 explosion on the *Deepwater Horizon* semi-submersible Mobile Offshore Drilling Unit, the blowout of the Macondo Well, or the subsequent oil spill in the Gulf of Mexico. (*See* Minute Entry, ECF No. 8969.) Because there is no just reason for delay, M-I respectfully requests entry of final judgment in its favor consistent with the Court's order granting M-I's Motion for Judgment on Partial Findings. *See* FED. R. CIV. P. 54(b).

Rule 54(b) authorizes the Court to "direct entry of a final judgment" for M-I if it "expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b); *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1219–22 (5th Cir. 1990) (en banc). This is a discretionary decision. "It is left to the sound judicial discretion of the district court to determine

the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The Court is to "take into account judicial administrative interests as well as the equities involved." *Id.*

The Court should enter a final judgment in favor of M-I expeditiously for four specific reasons. First, sound judicial administration supports an immediate final judgment for M-I because it will simplify this complex case and eliminate the need for M-I to participate further in the litigation to protect its legal interests. Second, there are no equitable reasons to deny immediate finality. On the contrary, entry of final judgment will serve the interests of all parties by simplifying the litigation. Third, M-I is still a party in *In re: Deepwater Horizon (Louisiana Parishes v. B.P. et al.)*, No. 12-30012 (5th Cir. December 22, 2012), and it is actively litigating this appeal in the Fifth Circuit. A final judgment dismissing all claims against M-I in this litigation will eliminate the need for M-I to continue spending time and resources litigating this appeal. *See Terry v. Leblanc*, 475 Fed. Appx. 514, 514 (5th Cir. 2012) (holding that appellate court lacked jurisdiction to consider issues raised in interlocutory appeal after trial court entered final judgment); *Oliver v. Scott*, 235 F.3d 1341, 1341 (5th Cir. 2000) (per curium) ("Because a final judgment has been entered in the instant case and the interlocutory order which is the subject of this appeal is no longer in effect, the instant appeal does not present a live controversy and is DISMISSED as moot."). Finally, on March 20, 2013, after the plaintiffs rested in the limitation of liability trial, the Court granted M-I's Motion for Judgment on Partial Findings and dismissed ***all*** remaining claims against M-I, including third-party claims and cross-claims. (*See* Minute Entry, ECF No. 8969.) On April 24, 2013, the Court confirmed this order by dismissing as moot M-I's motions to dismiss various cases in Bundle A, M-I's motions to dismiss various cross-claims, counter-claims, and third-party claims by Transocean, M-I's motion to dismiss

cross-claims by Halliburton, M-I's motion for summary judgment on punitive damages, gross negligence, and willful misconduct claims, M-I's motion to join in and adopt certain arguments by Weatherford, and M-I's motion for judgment on the pleadings.  (*See* Order, ECF No. 9539.) Because the Court has definitively dismissed all claims against M-I in this litigation, maintaining M-I as a party in this case will not serve any purpose.  Accordingly, the Court should enter a final judgment in favor of M-I.

WHEREFORE, M-I respectfully prays for entry of Final Judgment in its favor in this proceeding in accordance with Rule 54(b).

Dated:  May 15, 2013   Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

**OF COUNSEL:**

MORGAN, LEWIS & BOCKIUS LLP
Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
T.  713.890.5000
F.  713.890.5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

By: /s/ *Hugh E. Tanner*
Hugh E. Tanner
htanner@morganlewis.com
Texas Bar No. 19637400
1000 Louisiana, Suite 4000
Houston, Texas  77002
T.  713.890.5000
F.  713.890.5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Entry of Final Judgment on Partial Findings has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 15th day of May, 2013.

    /s/ *Hugh E. Tanner*
    Hugh E. Tanner