UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| **THIS PLEADING APPLIES TO:** | * | MAGISTRATE JUDGE SHUSHAN |
| No. 12-311 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CAMERON'S MOTION TO COMPEL LIBERTY TO COMPLY WITH THIS COURT'S SUPPLEMENTAL ORDER DATED MAY 9, 2013 AND INCORPORATED MEMORANDUM IN SUPPORT

Defendant Cameron International Corporation ("Cameron") respectfully submits this Motion to Compel Liberty Insurance Underwriters Inc. ("Liberty") To Comply With This Court's Supplemental Order, dated May 9, 2013. Unfortunately, as discussed below, Cameron must seek the Court's intervention for a second time because Liberty did not comply with the Court's Supplemental Order by either producing documents in response to Cameron's Requests for Production ("RFP") Nos. 13 and 15 or certifying that it has none.

1.        On April 30, 2013, Cameron submitted a letter requesting an order requiring Liberty to produce documents sufficient to show Liberty's policies and procedures regarding claims adjusting and the handling of coverage disputes. Those documents are the subject of Cameron's RFP Nos. 13 and 15, which state:

> Request No. 13.  Documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting.

> Request No. 15.  Documents sufficient to show all of Liberty's policies and/or procedures that relate to the handling of coverage disputes.

(*See* Rec. doc. 9618 (Ex. A at 7).)

2.      On May 9, 2013, the Court issued a Supplemental Order granting Cameron's motion to compel in part.  Specifically, Liberty was ordered to "certify that it has no documents responsive to [RFP Nos. 13 and 15] or produce them to Cameron" by 5:00 p.m. on Monday, May 13, 2013.  (Supplemental Order at 3 (Rec. doc. 9845).)

3.      Liberty did not comply with the Court's Supplemental Order.  Instead, on May 9, 2013, Liberty filed a "Certification" stating:  "Liberty certifies that, other than the documents already produced to the Court and subject to the search parameters described herein, it has no *formal claims manuals or formal procedural manuals* responsive to request Nos. 13 and 14 [sic] that were in effect during the relevant time period (April 2010 to December 2011)."  (Rec. doc. 9847 at 2 (emphasis added).)[1]

4.      Request Nos. 13 and 15 were not limited to what Liberty unilaterally deems a "formal" document or labels a "manual" for internal purposes.  Cameron requested documents sufficient to show all of Liberty's "policies and/or procedures" relating to (1) claims adjusting (RFP No. 13) and (2) the handling of coverage disputes (RFP No. 15).  Those are straightforward requests.  Contrary to the Court's Supplemental Order, Liberty has neither produced responsive documents nor certified that it has none.

5.      Knowing full well that its Certification does not satisfy the Court's Supplemental Order, Liberty tries to shift the blame to Cameron.  Liberty claims, remarkably, that Cameron narrowed RFP Nos. 13 and 15 to "applicable policy manuals."  (Certification ¶ 1.) Cameron did nothing of the sort and Liberty's suggestion that it did is disingenuous.

---

[1] This "Certification" is strikingly similar to the representation Liberty made in its opposition to Cameron's first Motion to Compel, in which Liberty stated that it has no "generally applicable written policies or procedures in effect between April 2010 and the filing of the suit on January 30, 2012 pertaining to Liberty Insurance Underwriters' adjustment of claims involving coverage disputes."  (Rec. doc. 9714 at 1.)  The Court rejected that representation as inadequate to satisfy Cameron's requests and the minor tweaks Liberty has made since should not change that result

1126453v1

6.     The best Liberty can muster to support its assertion that it need not comply with the Court's Supplemental Order is a letter from Cameron dated April 9, 2013, in which Cameron followed up on *Liberty's offer* to provide an index of responsive policy manuals that *Liberty told Cameron existed* as part of the meet and confer process.  Consistent with Liberty's representation that it had responsive policy manuals, Cameron wrote:  "[I]t has been five weeks since *you* offered to provide *at least* an index of Liberty's policy manuals so that we could determine which portions of those manuals we might need.  Please provide one to us by the end of this week.  Otherwise, we must assume that all of Liberty's policy manuals have relevant information and no basis exists for you to continue to withhold them."  (Rec. doc. 9847, Ex. A.)

7.     At no point during the meet and confer process did Cameron even suggest, let alone agree, that RFP Nos. 13 and 15 would be narrowed to "formal claims manuals" and "formal procedural manuals."  Instead, Cameron made crystal clear that, if a written manual did not exist, Liberty must search for and produce other documents sufficient to show what policies and/or procedures are followed at Liberty for adjusting claims or handling coverage disputes — such as training materials, guidelines, directives from management, forms used by Liberty personnel, or other similar documents.  Not surprisingly, Liberty has not — because it cannot — show the Court a single letter or email memorializing any agreement from Cameron to narrow in any way RFP Nos. 13 and 15 — which have now been pending since December 2012.  (A copy of all correspondence between Cameron and Liberty on this issue is attached hereto as Exhibit A.)

8.     Indeed, if Liberty truly believed that Cameron had agreed to narrow RFP Nos. 13 and 15, one would have thought it would have mentioned that fact in its Opposition (Rec. doc. 9714) — where it also tried to make a similar, narrow representation about the scope

1126453v1

of its document search — before the Court's Supplemental Order was issued.  Liberty's failure to do so is particularly telling.

9.      In short, Cameron seeks, and has always sought, "documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting" and "documents sufficient to show all of Liberty's policies and/or procedures that relate to the handling of coverage disputes."  (*See* Rec. doc. 9618 (Ex. A at 7).)  If formal manuals do not exist, despite Liberty's prior representations, then Cameron is entitled to other documents that are sufficient to show Liberty's policies and procedures.  Liberty cannot get away with telling Cameron that it has responsive manuals that would have satisfied Cameron's "sufficient to show" requests, offer to provide an index of them so that Cameron may decide whether to narrow its requests, fail to respond to all follow-up inquiries for six weeks, and then suggest (wrongly) that Cameron agreed to limit its request to "formal manuals" that Liberty knew all along did not exist.  More to the point, Liberty should not be permitted to try this *after* Cameron has moved to compel and *after* the Court has ordered Liberty to comply with RFP Nos. 13 and 15.

10.      Accordingly, Cameron respectfully requests that the Court compel Liberty to comply with its May 9, 2013 Supplemental Order (Rec. doc. 9845), and either produce "documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting" and "documents sufficient to show all of Liberty's policies and/or procedures that

1126453v1

relate to the handling of coverage disputes," or certify that Liberty has none.  Cameron also respectfully requests such other and further relief that the Court deems just and proper.


Dated:      May 15, 2013                                    Respectfully submitted,

                                                            /s/ Phillip A. Wittmann                           _____
                                                           Phillip A. Wittmann, 13625
                                                                pwittmann@stonepigman.com
                                                           Carmelite M. Bertaut, 3054
                                                                cbertaut@stonepigman.com
                                                           STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                           546 Carondelet Street
                                                           New Orleans, Louisiana  70130
                                                           504-581-3200
                                                           504-581-3361 (fax)


                                                           WILLKIE FARR & GALLAGHER LLP
                                                           Mitchell J. Auslander
                                                           Jeffrey B. Korn
                                                           787 Seventh Avenue
                                                           New York, New York  10019
                                                            (212) 728-8000
                                                           mauslander@willkie.com

                                                           *Attorneys for Cameron International Corporation*

1126453v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Cameron International Corporation's Motion to Compel Liberty Insurance Underwriters Inc. To Comply With This Court's Supplemental Order, dated May 9, 2013 has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of May, 2013.

    _/s/ Phillip A. Wittmann_____

1126453v1