**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | ) ) ) ) ) ) | MDL No. 2179 <br> SECTION: J <br><br> JUDGE BARBIER |
| (REF: C.A. 13-1383, *Triton Diving Services, LLC v. BP Exploration & Prod. Inc., et al.*) | ) ) ) | MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR RECONSIDERATION**

**MAY IT PLEASE THE COURT:**

Plaintiff Triton Diving Services, LLC ("Triton"), by and through its attorneys, submits this Memorandum in Support of its Motion for Reconsideration of this Court's May 2, 2013, Order denying Triton's Motion for a Conference Pursuant to Rule 16(a) (Rec. Doc. 5 in C.A. 13-1383) and consolidating the above-referenced matter with Multidistrict Litigation 2179. Reconsideration is required in light of newly discovered evidence from the Plaintiffs Steering Committee stating that trials of cases such as Triton's and other similarly situated parties would not take place until early 2014 and in order to prevent manifest injustice to Triton and other similarly situated plaintiffs, both individuals and businesses, engaged in offshore oil and gas industry as defined in Paragraph 5.10.2 of the Deepwater Horizon Economic and Property Damages Agreement approved by this Court on December 21, 2012 ("Economic Class Settlement") and excluded from said Economic Class Settlement under Paragraph 2.2.4.5, or engaged in support services to the oil and gas industry as defined in Paragraph 5.10.3 of the Economic Class Settlement and excluded from recovery of so-called "Moratoria Losses" under Paragraphs 3.3 and 5.10.3 of the Economic Class Settlement.

## I.  BACKGROUND

Triton Motion for a Conference Pursuant to Rule 16(a) set forth the salient facts supporting its need for a scheduling order and limited discovery protocol applicable to all cases filed against BP by Moratoria Plaintiffs.  In further support of Triton's motion for a status conference, Triton submits the attached affidavit of its President and Chief Executive Officer, Mark Jeansonne.[1]  As noted therein, Triton is one of the largest Triton was one of the largest shallow water commercial diving companies operating in the Gulf of Mexico.[2]  Triton offered inspection, maintenance, repair, decommissioning services to "brown water" offshore operators.[3]

Before April 20, 2010, Triton was poised to enjoy significant future growth as a company, but demand for its services was impeded as a result of the explosion and sinking of the DEEPWATER HORIZON and the subsequent oil spill.[4]  As a result of the oil spill, utilization of Triton's fleet and Triton's future growth trajectory and expansion trajectory declined.[5]  As a result of the declining utilization and projected future growth and expansion, demand for services was impeded, and Triton sustained a loss of past and future profits and impairment to its earning capacity that continues.[6]

As Triton's losses resulted from its provision of services, goods, and supplies to businesses in the offshore oil & gas industry in the Gulf of Mexico, which were shut down because of the oil spill, Triton's claims were likely excluded from the Economic Class Settlement.[7]  Triton timely opted out of the settlement class.[8]  On January 18, 2013, Triton made presentment to BP as required by the Oil Pollution Act (33 U.S.C. § 2713) and filed the above

---

1 *See* Exhibit 1.
2 *Id.* at ¶ 4.
3 *Id.* at ¶ 5.
4 *Id.* at ¶ 6.
5 *Id.* at ¶ 7.
6 *Id.* at ¶¶ 8 and 9.
7 *Id.* at ¶ 10.
8 *Id.* at ¶ 11.

captioned lawsuit on April 19, 2013.[9] By letter dated April 19, 2013, the BP Claims Program informed Triton that its claims had been denied on the basis that Triton "has not demonstrated that the claimed losses resulted from the Deepwater Horizon Incident."[10]

Triton's counsel has attempted to contact counsel for the Plaintiffs Steering Committee ("PSC") regarding the scheduling of OPA presentment claims, as Triton's claim is one of thousands of new lawsuits recently filed in this Court.[11] The PSC advised Triton's counsel that the PSC is working on setting OPA "test cases" for trial but that such trials may not take place until early 2014, nearly four years after the explosion of the Macondo well and subsequent oil spill. The PSC is taking the position that any "test cases" cannot be tried until the claims of the United States against BP are resolved and the remaining Phase Two and Phase Three trials occur.

It is clear to Triton that the "test case" timeline set forth by the PSC providing for resolution nearly four years after the oil spill does not comport with the purpose of the Oil Pollution Act, as it does not provide a "quick and efficient" mechanism to ensure compensation for Triton's financial damages.[12] Triton has, therefore, requested that its attorneys endeavor to secure a quick and efficient mechanism, whether in this MDL or in a separate lawsuit, to obtain compensation for its financial damages.[13]

Claimants such as Triton share one common legal issue – whether the federal regulatory action or inaction directed at offshore oil industry activity was a foreseeable and intervening cause of damages suffered by Triton and similarly situated parties that could absolve BP of OPA liability – that can be addressed by this Court in order to expedite and streamline these lawsuits. Given this discrete legal issue, Triton and similarly situated parties constitute a unique subset of

---

9 *Id.* at ¶¶ 12 and 13.
10 *Id.* at ¶ 14.
11 A copy of this e-mail exchange is attached hereto as Exhibit 2.
12 Jeansonne Affidavit at ¶ 17.
13 *Id.* at ¶ 18.

plaintiffs that cannot adequately be categorized within the current structure of Multidistrict Litigation 2179, and their consolidation therein subjects them to unnecessary and potentially lengthy delays that are not in the interest of justice. In fact, a scheduling order and limited discovery protocol applicable to all cases filed against BP by Triton and similarly situated parties would greatly benefit judicial economy and prevent manifest injustice.

## II. LAW AND ARGUMENT

In light of the foregoing, Triton requests that this Court reconsider its May 2, 2013, Order so as to avoid the manifest injustice that would occur if Triton's discrete legal issues are not adjudicated in an expeditious manner. Although the Fifth Circuit has noted that the Federal Rules do not recognize a motion for reconsideration *in haec verba*,[14] the Fifth Circuit has routinely recognized that such a motion may challenge an order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[15] Given that Rules 59 and 60 apply only to final judgments, Rule 54 applies when a party seeks to revise an order that adjudicates fewer than all the claims amongst the parties.[16] Under Rule 54, this Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[17] The general practice in the Eastern District of Louisiana has been to evaluate Rule 54 motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions.[18] In so doing, Courts in the Eastern District of Louisiana have considered four factors in deciding a motion to reconsider under the Rule 59(e) standard:

---

[14] *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990).

[15] *Id.* (Rules 59 and 60); *Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship Builders, LLC*, 282 F.R.D 146, 151 (E.D. La. 2012).
[16] Fed.R.Civ.P. 54(b). *See also Gulf Fleet Tiger Acquisition*, 282 F.R.D. at 152.
[17] Fed.R.Civ.P. 54(b).
[18] *Gulf Fleet Tiger Acquisition*, 282 F.R.D. at 152.

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[19]

As stated above, reconsideration of this Court's May 2, 2013, Order would prevent manifest injustice to all Triton and similarly situated parties. The purposes behind both multidistrict litigation and the Oil Pollution Act unequivocally support a finding that all Moratoria Plaintiffs will suffer manifest injustice absent this Court's reconsideration of its May 2, 2013, Order. Multidistrict litigation is expressly intended to facilitate coordination of pre-trial proceedings for the convenience of parties and witnesses and to promote the just and efficient conduct of such actions.[20] Similarly, the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*, is intended to streamline federal law and "provide quick and efficient cleanup of oil spills, compensate victims of such spills, and internalize the costs of spills with the petroleum industry."[21] Currently, Triton and similarly situated parties are unable to avail themselves of these legal tenets.

Further, trial of proposed OPA "test cases" in 2014 – nearly four years after the oil spill – runs counter to this stated goal of the legislation. The Court could streamline the prosecution of the many lawsuits filed by Triton and similarly situated parties by expeditiously resolving the one distinct legal issue common to all. In so doing, the judicial underpinnings of 28 U.S.C. § 1407 and the Oil Pollution Act could be properly effectuated.

---

[19] *Id.*
[20] 28 U.S.C. § 1407.
[21] *In re Petition of Settoon Towing LLC,* 722 F. Supp. 2d 710, 713 (E.D. La. 2010).

5

Further, the e-mail from the PSC attached as Exhibit 2 constitutes newly discovered evidence sufficient to support the granting of this motion for reconsideration. The PSC's position is that such claims cannot be tried until at least 2014. There is no indication on any kind of plan for scheduling discovery or resolving the outstanding legal issue facing Triton and similarly situated parties -- whether the federal regulatory action or inaction directed at offshore oil industry activity was a foreseeable and intervening cause of damages suffered by Triton and similarly situated parties that could absolve BP of OPA liability. Triton submits that delaying such resolution of its claims until nearly four years after the oil spill constitutes a manifest injustice and is inconsistent with the intent of OPA. Thus, Triton has satisfied two of the four prongs of the standard for reconsideration.

At this juncture of the litigation, Triton and similar parties are without a port to call home. Triton was likely excluded from the Deepwater Horizon Economic and Property Damages Agreement approved by this Court on December 21, 2012; it is without a mechanism by which to receive compensation for their losses; and it has been consolidated into litigation wherein it is part of a unique subset with a discrete legal issue separate and apart from the consolidated parties. It is this discrete legal issue – whether the federal regulatory action or inaction directed at offshore oil industry activity was a foreseeable and intervening cause of damages suffered by Moratoria Plaintiffs that could absolve BP of OPA liability – that provides the basis for reconsideration herein.

By establishing a scheduling order and limited discovery protocol, this Court would not only expedite disposition of the claims of Triton and similarly situated parties, but it would allow the Court to establish consistent control over all such parties. Absent such control of such claims, thousands of similarly situated parties will be haphazardly scattered throughout

Multidistrict Litigation 2179 without any mechanism to litigate their one discrete issue until the resolution of the currently pending common matters. Even then, despite their common legal issue, the claims of Triton and other similarly situated parties cannot be adequately categorized within Multidistrict Litigation 2179 to prohibit immensely duplicative motion practice by individual plaintiffs regarding the same moratoria issue. As such, manifest injustice can be prevented, and judicial economy can be served, by establishing a scheduling order at the outset for Triton so it can expeditiously litigate the core issue common to its cases.

Given the newly discovered evidence in the form of the e-mail from the PSC and the express intent of OPA to provide for a prompt and efficient resolution of claims, Triton requests that this Court reconsider its May 2, 2013, Order and set an *in camera* conference in order to establish a scheduling order and limited discovery protocol to decide whether the federal regulatory action or inaction directed at offshore oil industry activity was a foreseeable and intervening cause of damages suffered by Triton and similarly situated parties. By deciding this issue, Triton, as well as all similarly situated parties, will be allowed access to swift and fair justice by averting lengthy delays and legal fees while awaiting a resolution to their one common legal issue. In so doing, the judicial underpinnings of 28 U.S.C. § 1407 and the Oil Pollution Act could be properly effectuated.

### III. CONCLUSION

For the foregoing reasons, Triton requests that this Court reconsider its May 2, 2013, Order, denying Triton's Motion for a Conference Pursuant to Rule 16(a) and set an *in camera* conference in order to establish a scheduling order and limited discovery protocol. Such reconsideration would prevent manifest injustice that will occur to Triton and similarly situated parties if adjudication of its discrete legal issue is delayed indefinitely.

7

## CERTIFICATE OF NON-SUPPORT

In accord with Pretrial Order No. 11, undersigned counsel certifies that other similarly situated parties contacted the Plaintiffs Steering Committee and advised of their intent to file a motion for reconsideration of the Court's order. PSC indicated that it would not support the filing of this motion for reconsideration. *See* Exhibit 2.

RESPECTFULLY SUBMITTED,

  /s/ James M. Garner
JAMES M. GARNER (# 19589)
PETER L. HILBERT, JR. (#06875)
MARTHA Y. CURTIS (# 20446)
KEVIN M. McGLONE (# 28145)
**SHER GARNER CAHILL RICHTER KLEIN
    & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2302

**ATTORNEYS FOR PLAINTIFF
TRITON DIVING SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 15th day of May, 2013, the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed through this Court's electronic filing and notification system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*.

  /s/ James M. Garner
JAMES M. GARNER