AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

**RETURN**

HOSE SPECIALTY & SUPPLY CO.
OF LAFAYETTE, LLC

*Plaintiff(s)*

v.   Civil Action No. 2:13-cv-01533-CJB-SS

BP EXPLORATION & PRODUCTION, INC.;
BP AMERICA PRODUCTION COMPANY;
BP p.l.c.

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  BP EXPLORATION & PRODUCTION, INC.
THROUGH ITS REGISTERED AGENT
C T CORPORATE SYSTEM
5615 CORPORATE BLVD., STE. 400B
BATON ROUGE, LA 70808

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Gregory S. Marsiglia
Lowe, Stein, Hoffma, Allweiss & Hauver, LP
701 Poydras Street, Suite 3600
New Orleans, Louisiana 70139

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

William W. Blevins
Name of clerk of court

Date: May 10 2013        _____
Deputy clerk's signature

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:13-cv-01533-CJB-SS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* BP EXPLORATION & PRODUCTION, INC.
was received by me on *(date)* 5-16-13 .

☐ I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there, on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Trevor Garoutte , who is designated by law to accept service of process on behalf of *(name of organization)* CT Corp on *(date)* 5-16-13 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 5-16-13

Richard M Hopkins
*Server's signature*

RICHARD M HOPKINS, messenger
*Printed name and title*

4067 Toulouse St NOLA 70119
*Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HOSE SPECIALTY & SUPPLY CO. OF LAFAYETTE, LLC | * | CIVIL ACTION NO. |
| | * | SECTION "__" |
| *versus* | * | MAGISTRATE |
| BP EXPLORATION & PRODUCTION, INC.; BP AMERICA PRODUCTION COMPANY; BP p.l.c. | * | |

\* \* \* \* \* \* \* \*

## ORIGINAL COMPLAINT

Hose Specialty & Supply of Lafayette, LLC, hereby complains about defendants, BP Exploration & Production, Inc., BP America Production Company, and BP, p.l.c. respectfully averring as follows:

## PARTIES

1. Plaintiff, Hose Specialty & Supply of Lafayette, LLC ("Hose Specialty"), is a Louisiana limited liability company with its registered office in Jefferson Parish, Louisiana.

2. Defendant, BP Exploration & Production, Inc. ("BP Exploration"), is a corporation incorporated under the laws of the State of Delaware. Upon information and belief, BP Exploration (a) maintains its principal place of business in the City of Houston, located in Harris County, Texas; (b) at all times pertinent hereto was authorized to do and doing business in the State of Louisiana; (c) may be served with process through a registered agent in Louisiana, namely, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808; and (d) at all times pertinent hereto, was a leaseholder and the designated operator under a lease granted by an

agency of the US Government, formerly known as the Minerals Management Service and now known as the Bureau of Ocean Energy Management, Regulation and Enforcement, under which BP Exploration was permitted to perform oil exploration, drilling, and production-related operations in Mississippi Canyon Block 252 and to drill the "Macondo Well" (as hereinafter defined in paragraph 9 of this *Complaint*).

3. Defendant BP America Production Company ("BP America") is a corporation incorporated under the laws of the State of Delaware. Upon information and belief, BP America (a) maintains its principal place of business in the City of Houston, located in Harris County, Texas; (b) at all times pertinent hereto was authorized to do and doing business in the State of Louisiana; (c) may be served with process through a registered agent in Louisiana, namely, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808; and (d) was a party to one or more contracts (individually and collectively, the "Drilling Contract") with Transocean Ltd. concerning the drilling of the "Macondo Well" by Transocean's Mobile Offshore Drilling Vessel, *Deepwater Horizon*.

4. Defendant BP p.l.c. is a British public limited company with its corporate headquarters in London, England. BP p.l.c. is the global parent company of the worldwide business operating under the "BP" marks. As such, BP p.l.c. at all times pertinent hereto was doing business in the State of Louisiana and throughout the world.

5. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and constitute a single business enterprise under Louisiana law. As such, the name "BP"

hereinafter means, individually and collectively and interchangeably, as the context requires, BP Exploration, BP America, and BP p.l.c.

6. Upon information and belief, BP, as lease operator of the site of the Macondo Well described in paragraph 9, *infra*, undertook or was otherwise responsible for assessing the geology of the site, engineering the design of the Macondo Well, obtaining regulatory approvals for well operations, and retaining and overseeing the contractors working on the various aspects of the Macondo Well and the drilling and other operations conducted there.

## JURISDICTION AND VENUE

7. The claims presented in this Complaint arise under the Oil Pollution Act of 1990, 33 U.S.C.A. §§ 2701, *et seq*. The claims herein are admiralty or maritime claims, pursuant to Fed. R. Civ. P. 9(h). This Court has jurisdiction over the subject matter of this action under 33 U.S.C.A. § 2717(b) and 28 U.S.C.A. §§ 1331 and 1333.

8. Venue is proper in this district under 33 U.S.C.A. § 2717(b), because the discharge of hydrocarbons at issue in this suit occurred within this district. Venue is also proper in this district under 28 U.S.C. § 1391, because a substantial portion of the events or omissions giving rise to the claims asserted in this proceeding occurred in this district.

## FACTS

9. On April 20, 2010, the *Deepwater Horizon* Mobile Offshore Drilling Unit (MODU) was engaged in drilling a deepwater oil and gas well (the "Macondo Well") in Mississippi Canyon Block 252, within the United States' exclusive economic zone in the Gulf of Mexico. On this date, BP was leasing the *Deepwater Horizon* from Transocean Ltd., for

the purpose of drilling the Macondo Well. Also on this date, an uncontrolled loss of hydrocarbon containment occurred at the Macondo Well, resulting in an explosion and fire aboard the *Deepwater Horizon*, the sinking of the *Deepwater Horizon* and resultant tragic loss of life, and an uncontrolled discharge of oil into and upon the navigable waters of the Gulf of Mexico, within the United States's exclusive economic zone in the Gulf of Mexico, and upon the shores of the United States along the Gulf of Mexico, including shorelines situated within this District, (hereinafter, the "Macondo Spill").

10. As the lessee of and/or permit holder for the Macondo Well, Defendant BP Exploration & Production, Inc., is the "responsible party" for the Macondo Spill, within the meaning of 33 U.S.C.A. §§ 2701, *et. seq.*

11. The Macondo Spill was a direct and proximate result of gross negligence, willful misconduct, or both of BP, and/or violation of applicable federal safety, construction, or operating regulations by BP.

12. BP further failed or refused to report the Macondo Spill as required by law, and/or provide all reasonable cooperation and assistance required or requested by responsible government officials in connection with the mitigation of the Macondo Spill by, for example, intentionally misrepresenting post-spill rate of flow of escaping hydrocarbons from the Macondo Well.

13. While the above paragraphs contain a summary set of allegations regarding the Macondo Spill, Hose Specialty also adopts and re-alleges the detailed allegations contained in paragraphs 198-543 and 569-770 of the *First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses* as set forth in

accordance with PTO No. 11 [CMO No.1] Section III (B1) ["B1 Bundle"]; Document number 1128 in the record of the proceeding docketed under no. MDL-2179.

14. In the time since the Macondo Spill, Hose Specialty has suffered real and actual economic damages. The economic damages continue to occur, and this is expected to persist into the foreseeable future.

15. As a result of the Macondo Spill, and due to the injury, destruction, or loss of property or natural resources entailed in and emanating from the Spill and its after affects, including, but not limited to changes in regional economic activity, the prevailing demand for Hose Specialty's products and services diminished, and/or the rate at which such demand would otherwise have increased was reduced, and/or Hose Specialty's costs of doing business increased, and/or did not decrease to the extent that otherwise would have obtained, such that Hose Specialty's profitability was adversely affected. Many of Hose Specialty's customers live and work in the affected Gulf region. Hose Specialty's customers' and potential customers' purchasing decisions and general economic activity were adversely affected by the widespread damage caused by the Macondo Spill, and such adverse affect therefore was visited upon Hose Specialty directly and indirectly.

16. On January 18, 2013, Hose Specialty presented its claim to BP, and so complied with the presentation requirements of 33 U.S.C.A. § 2713, by electronically submitting a copy of its claim for damages to the BP Claims Program (the "Presentment"). A copy of Hose Specialty's Presentment, including all attachments thereto, has been attached to this *Original Complaint* as Appendix A, and is incorporated by reference for all purposes.

17. More than 90 days has elapsed since the Presentment, without Hose Specialty receiving any payment on its claim pursuant to 33 U.S.C.A. § 2713(c)(2). Because the full extent of Hose Specialty's damage is still unknown, and Hose Specialty is presently assessing the breadth of its damages, Hose Specialty may make additional presentments to BP.

18. Under the circumstances, and pursuant to the Oil Pollution Act of 1990, BP Exploration & Production Inc., as the responsible party for the Macondo Spill, is liable and strictly liable to Hose Specialty, without limitation, for all of the referenced damages, including costs and pre-judgment and post-judgment interest and attorneys' fees.

19. Plaintiff's claims against the BP are subject to the Economic and Property Damages Settlement Agreement approved in the United States District Court for the Eastern District of Louisiana, by Honorable Judge Carl Barbier, in an *Order and Reasons* entered on December 21, 2012, in Case No. MDL 2179, entitled "In Re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010" (the "BP Economic Class Action Settlement").

20. Plaintiff has or will file its claim with the Claims Administrator of the Court Supervised Settlement Program established pursuant to the BP Economic Class Action Settlement (the "BP Claims Administrator") on December 7, 2012, in accordance with the procedures of that program. However, as of this filing, the BP Claims Administrator has not made any determination either accepting or denying Plaintiff's eligibility.

21. Accordingly, and alternatively, and only in the event that there is a final determination pursuant to the BP Economic Class Action Settlement process that all or part of Plaintiff's claims against the named BP entities in this action are excluded from the BP

Economic Class Action Settlement, Plaintiff alleges and brings these causes of action set forth herein against BP.

WHEREFORE, Hose Specialty prays for judgment and relief against Defendants BP Exploration & Production Inc., BP America Production Company; and BP p.l.c.., in solido, including an award of damages against them Defendants BPs Exploration & Production Inc., BP America Production Company; and BP p.l.c.. for all damages sustained by Hose Specialty resulting from the Macondo Spill, in an amount to be proven at trial, together with pre-judgment and post-judgment interest, Hose Specialty's costs and expenses in this litigation, attorneys' fees, and all such further relief, legal or equitable, to which Hose Specialty may show itself justly entitled.

Respectfully submitted:

LOWE, STEIN, HOFFMAN,
 ALLWEISS & HAUVER, LLP
/s/ Gregory S. Marsiglia
GREGORY S. MARSIGLIA (#25158)
MELVIN D. ALBRITTON (#27936)
JEFFREY M. HOFFMAN (#29253)
MITCHELL J. HOFFMAN (#6869)
MICHAEL R. ALLWEISS (#2425)
701 Poydras Street, Suite 3600
New Orleans, Louisiana 70139-7735
Telephone:   (504) 581-2450
Telecopier:   (504) 581-2461
GMarsiglia@lowestein.com
MAlbritton@LoweStein.com
JHoffman@LoweStein.com

*Attorneys for Hose Specialty & Supply of Lafayette, LLC*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Hose Specialty & Supply Co. of Lafayette, LLC

**DEFENDANTS**
BP Exploration & Production, Inc.

**(b)** County of Residence of First Listed Plaintiff   Vermillion Parish
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lowe Stein Hoffman Allweiss & Hauver
701 Poydras Street, Suite 3600
New Orleans, Louisiana 70139

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
33 USC 2701
Brief description of cause:
Oil Pollution Act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE Carl Barbier
DOCKET NUMBER MDL 2179

DATE
04/19/2013
SIGNATURE OF ATTORNEY OF RECORD
/s/ Gregory S. Marsiglia

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.