

# RULES GOVERNING DISCRETIONARY COURT REVIEW OF APPEAL DETERMINATIONS

### EFFECTIVE MAY 20, 2013



# TITLE I:  GENERAL

**Rule 1.**    **Purpose of these Rules.**  These rules govern the process for Court review of appeal determinations under Section 6.6 and Exhibit 25 of the Economic and Property Damages Settlement Agreement ("Settlement Agreement") and Rule 22 of the Rules Governing the Appeals Process.

**Rule 2.**    **Court.**  "Court" shall refer to the United States District Court for the Eastern District of Louisiana.

**Rule 3.**    **Definitions.**  Unless otherwise defined in these rules, all capitalized terms shall have the meanings given to them in the Settlement Agreement. Unless otherwise noted, "Appeal Panel" shall be used throughout these rules to refer to a single-member Appeal Panel and/or a three-member Appeal Panel.

**Rule 4.**    **Authority to Establish Procedures.**  Pursuant to Section 6.3 of the Settlement Agreement, "[t]he Settlement Program may establish additional procedures for the Appeal Process not inconsistent with Exhibit 25."

**Rule 5.**    **Authority to Permit Discretionary Court Review.**  Pursuant to Section 6.6 of the Settlement Agreement "[t]he Court maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the [Settlement] Agreement. Upon reviewing such a determination, the Court shall treat the Appeal determination as if it were a recommendation by a Magistrate Judge."

**Rule 6.**    **Appeals Coordinator.** The Claims Administrator has appointed David Duval as the Appeals Coordinator to oversee the Appeals Process.  For purposes of Rules 7,  8, and 9 Mr. Duval's email address is:  AppealsCoordinator@dhecc.com

**Rule 7.**    **Submission of Documents or Information**.  Unless otherwise provided in these rules, when BP, Class Counsel, or a claimant who is represented by counsel ("Represented Claimant") submits documents or information to the Appeals Coordinator under these rules, submission means posting the documents to the DWH Portal.  If at the time BP, Class Counsel, or a Represented Claimant attempts to submit the documents or information, the DWH Portal is nonfunctional, it may submit such documents or information to the Appeals Coordinator by electronic mail, US Mail or delivery to the office of the Appeals Coordinator.  When a claimant who is unrepresented by counsel ("Pro Se Claimant") submits documents or information to the Appeals Coordinator under these rules, submission means posting the documents or information to the DWH Portal or by submission of such documents or information to the Appeals Coordinator by electronic mail, US Mail or delivery to the office of the Appeals Coordinator.

**Rule 8.**    **Notice and Service**.  When these rules require the Appeals Coordinator to give notice or serve any documents and/or information, notice and service shall mean posting the relevant documents and information on the DWH Portal and/or sending the documents and information by US Mail.  The Appeals Coordinator shall send such documents and information by US Mail to any Pro Se Claimant.  When these rules refer to service of any document or any

1

party being served with a document, the date of service shall be the date such document was posted on the DWH Portal or, if mailed, the postmark date, whichever is later.

**Rule 9.    Computation of Time and Dates of Submission.**

(a) Any time period prescribed by these rules shall be computed in accordance with Rule 6 of the Federal Rules of Civil Procedure subject to any further clarifications from the Office of the Claims Administrator. If a deadline under these rules falls on a Saturday, Sunday or a holiday, the deadline is extended to the next business day. Holidays are: New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day designated by the Office of the Claims Administrator.

(b) Determining the Date of Submission. Any document submitted on the DWH Portal or by email shall be considered submitted on the date uploaded or emailed at the local time of the submitting party. Documents submitted by mail shall be considered submitted on the postmark date. Documents submitted by overnight delivery shall be considered submitted on the date delivered to the carrier. Documents submitted by personal delivery shall be considered submitted on the date of receipt.

**Rule 10.    Prerequisite for Request for Court Review.**  No party may request review by the Court unless that party has first exhausted the appeal procedures set forth in the Settlement Agreement and the Rules Governing the Appeals Process.

**Rule 11.    Appeals Coordinator's Discretion to Stay Reviews.**  The Appeals Coordinator has the discretion to stay any Court review or request for Court review that presents a policy question or any issue that could give rise to inconsistent treatment among claimants until the issue is resolved by the Court or by agreement of the parties. The Appeals Coordinator shall notify the affected Appellant, Appellee and Class Counsel of any such stay.

### TITLE II:  DISCRETIONARY NATURE OF COURT REVIEW

**Rule 12.    Court Review is Discretionary.**  The Settlement Agreement provides no right of automatic appeal to the Court. Whether the determination of an Appeal Panel will be reviewed by the Court lies solely within the Court's discretion. Review of an Appeal Panel determination will be granted only in exceptional circumstances.

### TITLE III:  REQUESTING DISCRETIONARY COURT REVIEW AND OBJECTING TO SUCH REQUESTS

**Rule 13.    Request for Review.**  To request discretionary review by the Court, BP, Class Counsel or Claimant ("Appellant") must submit a Request for Discretionary Review by the Court ("Request") to the Appeals Coordinator, which shall contain the following information and shall not exceed three (3) double-spaced typewritten pages:

      (a) A clear statement of how the determination by the Appeal Panel failed to comply with the Settlement Agreement and why the extraordinary relief of review by the Court should be granted in this instance; and

      (b) The relief sought.

**Rule 14.   Submitting Request.** Appellant must submit its Request within fourteen (14) days of being served with a Notice of Appeal Panel Decision. The Appeals Coordinator shall serve the Request on the opposing party and Lead Class Counsel.

**Rule 15.   Submitting Objection to Request.** Appellee may submit an Objection to Appellant's Request ("Objection") to the Appeals Coordinator within twenty-five (25) days of being served with a Notice of Appeal Panel Decision. The Objection shall not exceed three (3) double-spaced typewritten pages. The Appeals Coordinator shall serve the Objection on the opposing party and Lead Class Counsel.

**Rule 16.   Issues Designated in April 24, 2013 Order.** If the case has been identified as: (a) "Contributions/Grant Revenue for Non-Profits issue," (b) "Alternative Causation issue," or (c) Matching of Revenue and Expenses issue as set forth in the Court's order of April 24, 2013 (rec. doc. 9538), no Request or Objection may be submitted and the processing of claims will not be suspended in such cases unless there is a further order of the Court.

**Rule 17.   Suspension of Claim Process.** The submission of a Request to the Appeals Coordinator shall suspend the requirements for finalization of the claim process set forth in Rules 17(e) and 18(f) of the Rules Governing the Appeals Process until such time as the Request is denied or Court review has been completed.

**Rule 18.   No Request Submitted.** If no Request has been submitted to the Appeals Coordinator on or before the 15th day following service of the Notice of Appeal Panel Decision, the Claims Administrator shall proceed with payment of the claim in accordance with the Appeal Panel decision, or if the Appeal Panel denied the claim, the Claims Administrator shall close the claim.

**Rule 19.   Submission of Request and Objection to the Court.** The Appeals Coordinator shall forward the Appellant's Request and the Appellee's Objection to the Court. If the case has been identified as: (a) "Contributions/Grant Revenue for Non-Profits issue," (b) "Alternative Causation issue," or (c) Matching of Revenue and Expenses issue as set forth in the Court's order of April 24, 2013 (rec. doc. 9538), any Request or Objection will not be submitted to the Court and the processing of claims will not be suspended in such cases unless there is a further order of the Court.

**Rule 20.   Requests and Objections Submitted Before Effective Date of These Rules:** Any party that has already submitted a request for review by the District Court shall submit a Request that is in compliance with these Rules. Notwithstanding the time limits in Rules 14 and 15, such parties shall be permitted to submit their Requests within five (5) days of the Effective Date of these Rules. Opposing parties may submit an Objection within ten (10) days of the Effective Date of these Rules.

## TITLE IV:  DENIAL OF REQUEST

**Rule 21.    Denial of Request.**  If the Court, in its discretion, elects not to conduct a review, the Court shall notify the Appeals Coordinator.  Upon such notice from the Court, the Appeals Coordinator shall give notice to the parties.  The Claims Administrator shall then promptly complete the requirements for finalization of the claim process as set forth in Rules 17(e) and 18(f) of the Rules Governing the Appeals Process

## TITLE V:  REVIEW BY THE COURT

**Rule 22.    Granting of Request.**  If the Court, in its discretion, elects to conduct a discretionary review, the Court shall notify the Appeals Coordinator.  Upon such notice from the Court, the Appeals Coordinator shall give notice to the parties by serving a Notice of Granting of Request for Discretionary Review by the Court.

**Rule 23.    Record on Court Review.**  The Record on Court Review shall consist of:

    (a)  The Claims Administrator's Summary of Review, if one was prepared;

    (b)  The decision of the Appeal Panel and its written opinion, if one was prepared;

    (c)  The Initial and Final Proposals and supporting memoranda, as well as any *amicus* filings by Class Counsel submitted under the Rules Governing the Appeals Process; and

    (d)  Any additional portions of the claim file specifically requested by the Court for review.

**Rule 24.    Record on Court Review Made Available to Court.**  The Appeals Coordinator shall make the Record on Court Review available for review by the Court.

**Rule 25.    Issues for Review by Court.**  The issues for review by the Court shall be limited to those issues that were properly raised before the Appeal Panel.

**Rule 26.    Standard of Review.**  The decision of the Appeal Panel is subject to de novo review by the Court.

**Rule 27.    Decision of the Court**.  Upon receipt of a decision by the Court, the Appeals Coordinator shall post such decision on the DWH Portal and provide notice to Appellant, Appellee, and Lead Class Counsel.  The Claims Administrator shall then promptly complete the processing of the claim consistent with the Court's decision.  The Claims Administrator shall also post the Court's decision in redacted form (redacted to remove personally identifying information) on the Settlement Program's public website.