UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | MDL No. 2179 |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | SECTION: J |
| | * | |
| | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |
| **Applies to:** *All Cases:* | * | |
| | * | |
| * * * * * * * * * * * * * | | |

**ORDER**

**[Regarding the Production and Use of Certain TGSN Seismic Data and Derivative Materials]**

The purpose of this Order is to compel BP America Inc. ("BP") to produce certain 3-D seismic data owned by TGSN - NOPEC Geophysical Company ("TGSN"), a third-party to this litigation. The 3-D seismic data in question were used by BP to map the Macondo reservoir, and the data constitute expert "consideration materials" subject to United States Magistrate Judge Shushan's March 15, 2013 Order Regarding Phase Two Expert Document Production. (Rec. Doc. 8907.) In support of this Order, BP has made the following representations:

BP holds rights under a June 12, 2001 license agreement (the "License") with TGSN to use the 3-D seismic data for limited purposes. However, BP is obligated under the terms of the License to keep the seismic data strictly confidential and to refrain from showing or delivering the data to any third-party unauthorized by TGSN. To date, BP has been unable to secure authorization from TGSN to produce the seismic data to the Parties in the Phase 2 trial subject to the confidentiality protections of Pre-Trial Order No. 13 Protecting Confidentiality. BP has therefore requested the Court to enter this Order compelling such a production and specifying various protections to address TGSN's confidentiality concerns.

Accordingly, in order to secure, govern, and facilitate the production and use by the Parties of the 3-D seismic data in question, **IT IS ORDERED** as follows:

1. BP shall produce 3-D seismic data licensed from TGSN and used by BP to map the Macondo M56 reservoir (the "Seismic Data"), together with any processing, reprocessing, re-display, or re-interpretation of the Seismic Data (the "Derivative Materials") that qualify as expert "consideration materials" under Magistrate Judge Shushan's March 15, 2013 Order Regarding Phase Two Expert Document Production, (Rec. Doc. 8907), to each of the Parties in the Phase Two litigation, consisting of: the Plaintiffs' Steering Committee, the United States, the State of Louisiana, the State of Alabama, Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, Triton Asset Leasing GmbH, Halliburton Energy Services, Inc., and Anadarko Petroleum Corporation. The Seismic Data and Derivative Materials to be produced comprise all the information from TGSN or derived from TGSN information that qualify as expert "consideration materials" under Magistrate Judge Shushan's March 15, 2013 Order Regarding Phase Two Expert Document Production, (Rec. Doc. 8907).

2. The Seismic Data to be produced by BP shall be limited to seismic data corresponding to the area delineated in red in the image on the following page, which area is defined by the polygon shown on the next page having the following x and y coordinates: $x=1,179,979$ and $y=10,470,252$; $x=1,179,979$ and $y=10,406,768$; $x=1,235,590$ and $y=10,470,252$; and $x=1,235,590$ and $y=10,406,768$.



3.  BP shall designate the Seismic Data as "Highly Confidential" under the terms of Pre-Trial Order No. 13, and the Seismic Data shall be subject to all of the protections and safeguards afforded to "Highly Confidential" information under the terms of Pre-Trial Order No. 13.

4.  BP shall affix the following notice to each hard drive containing the Seismic Data to be produced in the Phase 2 litigation:

> "These data are owned by TGSN or its principal (in either case the 'Data Owner') and are represented by TGSN to be trade secrets."

5.  Each Party to receive the Seismic Data shall promptly provide to TGSN the name and contact information of each law firm and expert witness to be given access to, or permitted use of, the Seismic Data by that Party. Such notice shall be provided by e-mail correspondence addressed to:

>Bryan R. Dempsey
>Vice President - General Counsel of TGS
>bryan.dempsey@tgs.com

6. TGSN shall not share the information required to be provided under this paragraph with any Party, absent a subsequent order from the Court. Any Party that receives the names and/or contact information of another Party shall promptly: (i) inform the Party whose information it received and (ii) destroy the information. Any disclosure required by this paragraph shall not waive any applicable privileges for the information disclosed. Consistent with paragraph 10 of Pre-Trial Order No. 13 (and without altering any of the obligations of the Parties thereunder), within ninety (90) days of the termination of any Party from all proceedings in this MDL proceeding or in Related Litigation, that Party, its employees, attorneys, consultants and experts must destroy or return to BP all copies of the Seismic Data, together with all copies of any Derivative Materials.

7. At the written request of either BP or TGSN ninety (90) days or more after the termination of any Party from all proceedings in this MDL proceeding or in Related Litigation, any person or entity having custody or control of the Seismic Data or of any Derivative Materials shall deliver to BP and TGSN an affidavit certifying that reasonable efforts have been made to assure that all Seismic Data and Derivative Materials have been destroyed or delivered to BP in accordance with the terms of this Order. Reasonable efforts to destroy data shall not require a party to erase data from disaster recovery tapes in advance of regularly scheduled overwriting of the data.

8. This order survives the termination of this MDL proceeding.

New Orleans, Louisiana, this 20th day of May, 2013.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**