### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION J |
| This document relates to all actions | * * * * | HONORABLE CARL J. BARBIER |
| | * * | MAGISTRATE JUDGE SHUSHAN |
| | * | |
| Bon Secour Fisheries, Inc., et al., on behalf of themselves and all others similarly situated, | * * * * | Civil Action No. 12-970 |
| | | SECTION J |
| Plaintiffs, | * * | |
| v. | * | HONORABLE CARL J. BARBIER * |
| BP Exploration & Production.: BP America Production Company; BP p.l.c., | * * * | MAGISTRATE JUDGE SHUSHAN |
| Defendants. | * | |

### MOTION TO AMEND
### the
### MOTION OF REVIEW
### AND
### MOTIONS OF CLARIFICATION

**PURSUANT** to Federal Rule of Civil Procedure 15(a), Rule 59(e), and Rule 60(b), as the motion is filed out of time resulting from new evidence released by the Claims Administrator not previously available. This document does not purport to alter or change the merit of the original Motions as written and the original Motions are contained herein as if written herein. This is not an attempt to rehash evidence, legal theories, or arguments, but, merely brings forth to the Court new material which supports the Motions previously filed by Claimant. Claimant, H. Freddie Boothe, Jr., Architect, hereby respectfully submits this Motion to Amend the Motion of Review and Motion Of Clarification as follows, to wit:

### PROCEDURAL POSTURE

1

On May 7, 2013 the Claims Administrator released for public view an additional two hundred sixty two policy rules which establish, enhance and/or define the procedure by which the claims process will be implemented. Some of these rules have been issued by the Claims Administrator at the request of the Court while others have been penned and released by the Claims Administrator and does not indicate Court approval of the policy described in the release, (see Exhibit A1 attached hereto) while others appear to be a joint effort by the legal entities involved collaborating with the Claims Administrator. Most of the policy rules concern the simple implementation of the procedure for processing claims, however, some, as Policy No. 323 changes, alters, amends, and/or deviates from the ruling of the Court as established in Court Document 6430 without following proper procedure and lacking the legal foundation to make such changes to the Court Doctrine.

## SUMMARY OF ARGUMENT

Policy Rule No. 323 is noted to have been penned on January 15, 2013[1], maintained in secrecy and/or was concealed from the public eye until release on May 7, 2013. This policy rule has the effect of making considerable changes to Court Document 6430 and in particular Exhibit 4E, an amendment to the original Court Ruling which establishes an "exclusive compensation methodology" for claims which meet the criteria completely delineated in Exhibit 4E. The claimant accepts the methodology established in Exhibit 4E, a fact which is evidenced by the filing of the affected claims on or before June 8, 2013. Under the criteria established in Exhibit 4E a claimant had to establish a valid contract in accordance with the terms and conditions set forth therein, give evidence of a cancellation manifesting directly from the Deepwater Horizon Spill and establishing causation within the context of Exhibit 4E. Once these elements were established the claimant's "loss" is described in Exhibit 4E[2] as being the difference between the contract gross amount and

---

[1] This date conforms with the date range of 12/27/2013 and the date of filing (01/29/2013) the original motion and therefore the claimant suspects this Policy 323 was implemented as a result of claimant's insistence of being processed under 6430-4E in accordance with the Court Doctrine.

[2] 4E, C, (1)(a) "Lost Contract Revenue" shall be the amount that a claimant would have been paid by a customer between April 21, 2010 and December 31, 2010 in connection with a Canceled Contract, had that contract not been canceled as a result of the DWH Spill.   Lost Contract Revenue shall be

2

the amount paid on the contract, regardless of source of payment.

[Court Doc.6430, Ex. 4E, 2(a) : For Canceled Contracts and/or Canceled Reservations with explicit cost information, lost Contract Profit and Lost Reservation Profit shall be determined as follows:

i.  Identify the variable expenses[3] that would have been incurred (but were not actually incurred) by the claimant in carrying out the Canceled Contract or Canceled Reservation according to either (I) the information set forth in the Canceled Contract or Canceled Reservation documentation, or (ii) documentation provided by the claimant regarding variable expenses incurred in connection with prior events which were comparable in terms of type, size and revenue and took place after January 1, 2007. The total variable expenses shall also include any commissions or bonuses that would have been paid to sales or other staff had the Canceled Contract or Canceled Reservation not been canceled.

ii.  Sum (a) total variable expenses associated with the Canceled Contract or Canceled Reservation and (b) any cancellation fees, non-refundable deposits or other amounts received by the claimant in connection with the canceled Contract or Canceled Reservation and © the liquidation or salvage value of any product which remains unsold as of the claim filing date.

iii.  Subtract the sum of (ii) from the Lost Contract Revenue or Lost Reservation Revenue as applicable.]

In the instant Claim(s) the claimant has furnished a written contract with explicit cost provisions which bar the claimant from incurring any cost whether variable or definitive.

The issuance of Policy Rule No. 323 eliminates the procedure described above and therefore constitutes an unjust infringement on the merits established by the Court Doctrine and in particular Exhibit 4E, and, furthermore, in fact, becomes an amendment to the Court Ruling without the benefit of "due process". The claimant cannot find any evidence the Court error-ed in establishing the criteria for compensation and evaluation of claims which exist under 6430, 4E, and, subsequently, there is no need for any corrective measures which alter, change and/or amend the final Court Ruling. The issuance of Policy Rules which run contrary to the Court Doctrine only

---

determined based on information set forth in the Canceled Contract, and, if necessary, other contemporaneous documentation provided by the claimant, such as purchase orders or shipping schedules. Lost Contract Revenue may include any food, beverage, or other ancillary revenue that the claimant can demonstrate would hae been expected on connection with the Canceled Contract.

3  In "cost explicit" contracts the "variable" expenses is readily identifiable.

serve to undermine the integrity of the Court Doctrine, and, place an undue and unjustifiable hardship and time delay on the claimant's affected, as in the instant claim which forms the foundation of this document. The claimant, after careful study, cannot find any Federal Rule, a Law, whether judicial or legislative, a Court Ruling, and/or any other devise which allows a person, group of people, an entity, a group of entities which is not a properly seated Federal Judge, a Federal Appeal Panel, and/or a Federal Appeal Court which has authority to arbitrary alter, change and/or amend a viable Court Ruling and/or Doctrine.

The claimant believes, after careful review of the documents which establish a basis for and lead to the issuance of Court Document 6430, the Claims Administrator and other parties which collaborated on the establishment of a "handbook for claims processing" created a series of policy rules immediately after the issuance of Court Document 6418 which allowed for payment of claims prior to the issuance of a final Court Ruling and subsequent thereto failed to make changes and/or adjustments in the procedure for processing particular claims which manifested in the amendment to Court Document 6430. The criteria established in Exhibit 4E for the processing of certain claims is explicit and complete in it's meaning and in essence becomes a Court ruling alien to all others contained within the context of Court Doc. 6430. The Claimant, after considering all the peripheral elements decided to "Opt In" the member class and has experienced nothing more than total ciaos and confusion on the part of the review staff ever since. In hindsight, "Opt Out" looks to have been a better avenue since the Claimant would have dealt only with the Court Doctrine and not numerous policy rules and changes which attempt to change the Court Doctrine.

In it's original Motions and Exhibits, the Plaintiff described in detail the scenario surrounding the review of the claim submitted by the claimant/plaintiff to DWH Claims Center for processing and evaluation. Claimant further furnishes evidence in the original Motion(s) and Exhibits, claimant continuously informed the Processing Entity responsible for processing claims of suspected deficiencies in the claims review process regarding the claim submitted by the claimant to no avail. It is the duty of the claims administrator to apply the court doctrine not to interpret the

4

court doctrine, particularly when the court doctrine is clear and unambiguous and the intent is plain. When the claims administrator or any other party brings forth a policy rule which the claims administrator releases to the review parties without the knowledge of the claimant which are inconsistent with the court doctrine the claimant's original position could become adverse to the claimant and therefore affects the adverse party and the integrity of the judicial process. In essence to allow policy rules which alter, change, and/or amend the original court doctrine constitutes a manifestation of "supplemental jurisdiction".

## CONCLUSION

Court Document 6430 does not need or warrants a "spokesperson". The Document speaks for it's self and establishes an intellect which is clearly comprehensible. Therefore, the claimant first identified herein, ask the Court to consider the facts contained and delineated herein during the review of material evidence submitted and brought forth in the original Motions in support of the issues presented by the Claimant in the original Motions.

DATE: May 15, 2013

Respectfully Submitted,

/s/ H. Freddie Boothe, Jr., Architect
In proper person
14248 Highway 1077
Folsom, Louisiana   70437
504-473-9502

Certificate of Service

I, hereby certify that I have served a copy of this document on all counsel of record either in person, or by electronic transfer, or by mailing it postage prepaid on this ___ day of _May_ 20_13_.

H. Freddie Boothe, Jr., Pro Se.

5

Please Serve:

Stephen J. Herman, La. Bar No. 23129
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
Lead Economic and Property Damages
Class Counsel

James Parkerson Roy, La. Bar No. 11511
DOMENGEAUX WRIGHT ROY &
EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
Lead Economic and Property Damages Class
Counsel

***ECONOMIC AND PROPERTY DAMAGES CLASS COUNSEL***

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Telefax: (843) 216-9290

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA 70360
Office: (985) 876-7595
Telefax: (985) 876-7594

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office: (757) 670-3888
Telefax: (757) 670-3895

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGÉ
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444

James J. Neath
Mark Holstein
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX 77079
Telephone: (281) 366-2000
Telefax: (312) 862-2200

Daniel A. Cantor
Andrew T. Karron
Ellen K. Reisman
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Telefax: (202) 942-5999

Jeffrey Lennard
Keith Moskowitz
SNR DENTON
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: (312) 876-8000
Telefax: (312) 876-7934

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Wendy L. Bloom
R. Chris Heck
Christopher J. Esbrook
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Telefax: (312) 862-2200

Jeffrey Bossert Clark
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Telefax: (202) 879-5200

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-5985
Telefax: (202) 662-6291