UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * | MDL NO. 2179 "J"(1) <br> JUDGE BARBIER <br> MAGISTRATE SHUSHAN |
| THIS DOCUMENT APPLIES TO: <br> Case No. 12-311 | * * * | JURY TRIAL DEMANDED |

### LIBERTY INSURANCE UNDERWRITERS, INC.'S OPPOSITION TO CAMERON'S MOTION TO COMPEL LIBERTY TO COMPLY WITH THE COURT'S SUPPLEMENTAL ORDER DATED MAY 9, 2013

Liberty Insurance Underwriters, Inc. ("LIU") submits this Opposition to Cameron's Motion to Compel Liberty to Comply with the Court's Supplemental Order dated May 9, 2013. LIU already has conducted a diligent search for responsive policy/procedure manuals in effect during the relevant time period and has certified to the Court that it had none. Despite the parties' previous agreement to limit Cameron's broadly worded Requests 13 and 15 to such manuals, as reflected in its April 30 letter to the Court and other communications, Cameron now seeks to broaden its request to the Court by complaining that LIU's search was inadequate. Cameron is wrong. LIU conducted a search within the parameters of the parties' discussions and Cameron's 4/30/13 letter to the Court requesting an order to produce "all such policy manuals." Cameron now attempts to expand its request without explaining what other documents it wishes LIU to search for or how such a search even could be performed. Nor has Cameron explained how documents, including the policy/procedure manuals searched for, possibly could be relevant to the unique Texas-law bad faith claims Cameron has asserted in this

1

matter. For these reasons, the Court should find that LIU has fully complied with the Court's supplemental order and has no further obligation with respect to Cameron's Requests 13 and 15.

## I. ARGUMENT

### A. LIU Has Complied with the Court's Order and its Agreement with Cameron.

LIU consistently has objected that Cameron's Requests 13 and 15 are overbroad and unduly burdensome. *See* Liberty's Responses, attached as Exh. A. Among other issues, the requests are not limited to a particular time period or a particular type of claim, and purport to request any document referencing claims handling of any type of claims at any time, an impossible search to satisfy. Despite its objections to the broad Requests, LIU repeatedly conferred with Cameron in a good-faith effort to resolve this dispute. The parties agreed that LIU would search for formal claims/procedure manuals used by LIU during the relevant time period. If it identified any such manuals, it would produce an index or table of contents, so that the parties could determine whether any portions possibly were relevant to the issues raised in this suit. *See, e.g.*, March 22 e-mail from J. Barrasso, attached as Exh. B (stating that "[t]he other open issues are . . . checking on existence of an index of claims manual[.]"). Significantly, nowhere in any correspondence submitted to the Court did Cameron suggest that LIU should search for any document other than claim/procedure manuals. Indeed, in its April 30 letter to the Court, Cameron solely sought "an order compelling Liberty to produce *all such policy manuals.*" Rec. Doc. No. 9618, at p. 5 (emphasis added). Similarly, in the April 9, 2013 letter previously submitted to the Court, Cameron recounted LIU's agreement to provide an index of policy

867973_1

manuals "so that we could determine which portions of those *manuals* we might need." Rec. Doc. 9847, at Exh. A (emphasis added).

Consistent with its agreement with Cameron, LIU now has certified to the Court that after diligently searching for "all such policy manuals" as sought by Cameron in its April 30th letter to the Court, it found that it had no formal claim or procedure manuals in effect from April 2010 to December 2011 other than the materials produced to the Court, which the Court agreed were not responsive. LIU understood the Court's May 9 order to require no more than this.

Nevertheless, despite LIU's objections to the Requests as being overbroad in time and scope, harassing, and seeking documents not reasonably calculated to lead to the discovery of admissible evidence, and Cameron's previous agreement to limit Requests 13 and 15, Cameron now insists that LIU certify that it has no documents "sufficient to show" its policies/procedures, without any limitation based on time, type of claim, or type of document. Cameron is effectively trying to expand its prior request to the Court solely seeking an Order compelling LIU to produce "all such policy manuals" to now request any document "sufficient to show" its policies and procedures, without limitation whatsoever. LIU properly objected to such broad Requests as being overly broad, harassing, and not reasonably calculated to lead to admissible evidence. LIU's objections should be sustained. The requests clearly are overbroad and harassing.

Indeed, aside from searching for claim manuals, which LIU already has done, it is not clear what other types of documents Cameron wishes LIU to search for or how any such

search could be conducted without expending substantial time and expense. Construed in its broadest sense, documents "sufficient to show" policies/procedures potentially could include documents such as e-mails and/or claim notes contained in thousands of claim files, none of which relates to Cameron's claim. Searching for such documents would require, among other things, a file-by-file or document-by-document review to find any mention of claims handling. Cameron has offered no explanation to justify such a broad request and this court has denied relief in similar circumstances. *See, e.g., Fountain v. L & M Botruck Rental, Inc.*, No. 93-0379, 1995 WL 664782, at *2 (E.D. La. Sept. 28, 1995) (Vance, J.) (holding that neurosurgeon not required to search seven to ten years of patient records, consisting of 10,000 files, and produce list of all patients treated for transverse myelitis); *Int'l Primate Protection League v. Adm'rs of Tulane Educ. Fund*, No. 91-2966, 1992 WL 193564, at *2 (E.D. La. Aug. 4, 1992) (Wynne, Mag. J.) (finding that requests requiring plaintiffs to search through eleven years of records were "burdensome and unduly expensive"). Accordingly, the Court should reject Cameron's attempt to expand its prior request for an order compelling production of "all such policy manuals" and find that LIU's certification satisfies both the Court's order and the parties' agreement with respect to Cameron's Requests 13 and 15.

### B.  The Documents Cameron Seeks Are Not Relevant to the Issues in Dispute.

Even if LIU somehow reasonably could search for hypothetical documents - other than manuals - that are "sufficient to show" its policies/procedures, Cameron has not demonstrated that any such documents would be remotely relevant to the limited bad faith claims it has asserted in this suit. In addition to its objections based on the overbreadth and unduly

burdensome nature of Cameron's requests, LIU also objected that the requests were "lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence." *See* Exh. A. The sole case Cameron has cited, *Dudenheffer v. State Farm Fire & Casualty Co.*, No. 06-4380, 2007 WL 1521018, at *2 (E.D. La. 2007), does not support Cameron's contention that such documents are relevant and discoverable. In *Dudenheffer*, the plaintiffs alleged that State Farm violated the Louisiana bad faith statutes by failing to timely pay their insurance claim for losses caused by Hurricane Katrina under their homeowners policy. The court ordered State Farm to produce policies / procedures, but limited plaintiffs' overbroad request to "plaintiffs' Katrina-related claim on their homeowner's policy[.]" *Id.*

Cameron's bad faith claims, unlike the plaintiffs' claims in *Dudenheffer*, are based solely on Texas law and do not strictly relate to LIU's investigation, adjustment, or timely payment of its claim.[1] Rather, Cameron's bad faith claim relates primarily to LIU's purported "misrepresentation" concerning the LIU policy's attachment point and/or its failure to contribute to Cameron's settlement with BP. Rec. Doc. No. 6287, at pp. 21-22. Cameron has cited no authority demonstrating that documents requested by Requests 13 and 15, including the manuals LIU already has searched for, possibly could lead to the discovery of admissible evidence pertaining to the limited bad faith claims it has asserted here.

## II. CONCLUSION

LIU has undertaken a diligent search for responsive claim/procedure manuals in effect during the relevant time period and has certified that it has none. Considering that

---

[1] Judge Barbier previously granted in part Liberty's motion for judgment on the pleadings, dismissing Cameron's bad faith claims under Louisiana law. *See* Rec. Doc. No. 9845.

5

Cameron's letter "motion" sought only such manuals, LIU understood the Court's May 9 Order to require no more than this. Cameron should not be allowed to expand its prior request to now include objectionable requests for unidentified documents only retrievable after file-by-file or document-by-document search. Indeed, Cameron still has failed to identify what additional documents LIU should search for, how such a search could be conducted, or how such documents would remotely be relevant to its limited bad faith claims. For these reasons, the Court should find that LIU fully has complied with its obligations with respect to Cameron's Requests 13 and 15.

Respectfully submitted,

/s/ Judy Y. Barrasso
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

and

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Gary L. Pate, PRO HAC VICE
Federal I.D. 29713
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Attorneys for Liberty Insurance
 Underwriters, Inc.

867973_1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of May, 2013.

*867973*

/s/ *Judy Y. Barrasso*