UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | *<br>*<br>*<br>*<br>* | MDL NO. 2179<br><br>SECTION J<br><br>JUDGE BARBIER |
| APPLIES TO: No. 12-311 | *<br>* | MAG. JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### LIBERTY INSURANCE UNDERWRITERS, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF CAMERON INTERNATIONAL CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Liberty Insurance Underwriters, Inc. ("Liberty") serves the following supplemental objections and responses to Plaintiff Cameron International Corporation's First Set of Requests for Production.

### GENERAL OBJECTIONS

1. Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or protection recognized by law. Any inadvertent production of information subject to privilege or protection does not constitute a waiver by Liberty of that privilege or protection.

2. Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information that is confidential, proprietary, and/or that constitutes trade secrets. Any



EXHIBIT A

inadvertent production of information subject to privilege or protection does not constitute a waiver by Liberty of that privilege or protection.

3. Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information or documents not within Liberty's possession, custody, or control.

4. Liberty objects to plaintiff's First Set of Requests for Production to the extent they seek information neither relevant to the issues posed by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence.

5. Liberty objects to plaintiff's First Set of Requests for Production, including without limitation the Definitions and Instructions, to the extent they seek to impose obligations and/or discover information beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

6. Liberty objects to the definition of "You", "Your", and "Liberty" contained in Cameron's First Set of Requests for Production. The stated definitions are overbroad and exceed the scope of discovery permitted by the Federal Rules of Civil Procedure. Moreover, the definitions improperly may include attorneys representing Liberty who are not Liberty and not within Liberty's control. Finally, the definition improperly includes persons and entities other than the named defendant, Liberty Insurance Underwriters, Inc., including without limitation Liberty's "parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, and agents."

7. Liberty objects to the definition of "Cameron Policies" contained in Cameron's First Set of Requests for Production. The stated definition is overbroad and exceeds the scope of

discovery permitted by the Federal Rules of Civil Procedure. "Cameron Policies" properly should include only policies issued to Cameron by Liberty Insurance Underwriters, Inc. from January 2010 through the present.

8. Liberty objects to the extent that Cameron's First Set of Requests for Production defines the relevant time period as 2006 to present. This time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The relevant time period properly should be limited to January 1, 2010 to the date this suit was filed.

9. Any representation made by Liberty that it will provide or make available responsive information is not meant to imply that such requested information or documents actually exist, but merely that the requested information or documents will be produced to the extent known or available.

10. Liberty reserves the right to supplement, amend, or alter its responses at any time.

11. Liberty reserves the right to challenge the admissibility of the documents herein produced at trial or at any hearing in this matter or any other matter.

## RESPONSES TO
## PLAINTIFF'S REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All documents and communications relating to the Cameron Policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Liberty objects to this request as overly-broad in scope, lacking reasonable specificity of the nature and category of documents which Plaintiff seeks, and seeking documents not reasonably calculated to lead to the discovery of admissible evidence and/or protected by the attorney-client privilege and work product doctrine. Subject to this objection and without

waiving the same, see attached documents identified as LIU 00001-00615, 00616-00657, 00839-00842, 00874-00913, 00915-00918, 00919-01512, and 01520-01539. Additionally, see the documents identified as LIU 01540-01626. In addition, please see all documents filed and to be filed with the Court in this litigation, including communications between counsel in this litigation. Liberty will produce documents pertaining to the Excess CGL Policy issued in 2007 and 2008. In addition, Liberty is undertaking a search for additional electronically stored information in the computer databases of claims personnel James Engel, Jessica Rogin, and Jeffrey Roberts, and underwriting personnel Denise Morris and Alan Mandel.

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Liberty objects to this request as overly-broad in scope and potentially calling for the production of documents which are protected by the attorney-client privilege or work product doctrine. Subject to this objection and without waiving the same, see attached documents identified as LIU 00001-00615, 00616-00657, 00839-00842, 00874-00913, 00915-00918, 01502-01519, and 01540-01626. Liberty will produce underwriting documents pertaining to the Excess CGL Policy issued in 2007 and 2008. In addition, Liberty is undertaking a search for additional electronically stored information in the computer databases of claims personnel James Engel, Jessica Rogin, and Jeffrey Roberts, and underwriting personnel Denise Morris and Alan Mandel.

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications between or among Liberty or Clyde & Co. on the one hand, and any of Cameron's other insurers or their counsel, on the other hand, relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Liberty objects that the request seeks documents subject to the attorney-client privilege and/or the work product doctrine. Subject to all objections, see documents attached hereto and identified as LIU 00637-00644, 00645-00650, 00651-00657, 00839-00842, 00915-00918, and 01502-01519. See additionally, the documents identified as LIU 01549-01557, LIU 01562-01601.

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications between Liberty and Clyde & Co. in connection with the Cameron Policies, Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, or this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Liberty objects to this request as seeking documents which are protected by the attorney-client privilege and/or the work product doctrine. Liberty has not affirmatively pled the defense of reliance on the advice of counsel and therefore, there is no basis for seeking communications between Liberty and its counsel. Liberty will produce all non-privileged communications with its counsel, Mr. Koepff.

**REQUEST FOR PRODUCTION NO. 5:** All documents in the files of Clyde & Co. relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See Response to Request for Production No. 4. In addition, Liberty objects to this request to the extent that this request seeks documents from a third party which is not a party to this lawsuit, Clyde & Co., and which entity is not subject to Liberty's control. Liberty further objects to this request as potentially calling for documents which are privileged and protected from production under the attorney-client privilege and/or the work product doctrine. Subject to these objections and without waiving the same, see documents attached hereto and identified as

LIU 00636, 00637-00644, 00645-00650, 00645-00650, 00651-00657, 00839-00842, 00915-00918, LIU 01549-01557, LIU 01562-01601. Liberty will produce all non-privileged communications with its counsel, Mr. Koepff.

**REQUEST FOR PRODUCTION NO. 6:** To the extent that Liberty intends to rely on the advice of counsel for any purpose in this action, all documents and communications between Liberty and Martin, Disiere, Jefferson & Wisdom, L.L.P. in connection with the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Liberty has not affirmatively pled the defense of reliance on the advice of counsel and as such, no documents are responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:** A copy of all policies, agreements, and/or contracts relating to Liberty's reinsurance coverage in connection with the Cameron Policies and any communications with Liberty's reinsurer(s) relating to the Cameron Policies or Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Liberty objects to this request as lacking relevance to any claim or defense asserted in this action and not reasonably calculated to lead to the discovery of admissible evidence. Liberty further objects to this request as seeking confidential business proprietary documents which have no bearing on any claim or defense asserted in this lawsuit. Subject to this objection and without waiving the same, see attached documents identified as LIU00001-00615. Additionally, Liberty has produced documents identified as LIU 1540-1548, which reflect non-privileged communications with its reinsurers.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications relating to the BP Settlement, including but not limited to communications between Liberty (or its counsel) and BP and/or Transocean (or their respective counsel).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Liberty objects that this request seeks information subject to the attorney-product and/or work product privileges. Subject to all objections, see documents attached hereto and identified as LIU 00616-00635, 00636, 00637-00644, 00645-00650, 00645-00650, 00651-00657, 00658-00708, 00709-00838, 00839-00842, 00843-00873, 00874-00913, 00915-00918, LIU 01540-01626.

**REQUEST FOR PRODUCTION NO. 9:** All documents relating to the Deepwater Horizon Incident that in any way relate to Cameron, including but not limited to all documents and communications relating to BP's or Transocean's obligations to indemnify Cameron for losses relating to the Deepwater Horizon Incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Liberty objects that the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Liberty further objects that the request seeks information subject to the attorney client privilege and/or the work product doctrine. Subject to all objections, see attached documents identified as LIU00658-00708 and 00709-00838. In addition, please refer to the pleadings and motions filed in MDL NO. 2179 by Cameron, BP, and Transocean.

**REQUEST FOR PRODUCTION NO. 10:** All documents created at any time relating to the drafting, negotiation and interpretation of Liberty's "Other Insurance" provision in Liberty policy form 0100-XS(03 00).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Liberty objects to the request as unduly burdensome and seeking confidential information as the request requires a file by file review of claim files of insureds not a party to this lawsuit. Liberty further objects to the request as seeking documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, regarding interpretations, see

attached documents identified as LIU 00001-00615. Liberty is undertaking an additional search for responsive documents but as of this date is unaware of any other responsive documents.

**REQUEST FOR PRODUCTION NO. 11:** All documents created at any time relating to any instance in which Liberty took the position that "Other Insurance," as defined in policy form 0100-XS(03 00), existed where the source of such "Other Insurance" denied payment to Liberty's insured.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

*See* Response to Request for Production No. 10. Liberty objects to this request as vague, ambiguous and obscure as drafted. Liberty further objects to the Request as unduly burdensome and seeking confidential information as the Request requires a file by file review of claim files of insureds not a party to this lawsuit. Liberty further objects to this request as assuming facts not in evidence here and subject to these objections and without waiving the same, assuming that "Liberty's insured" as used in this request means Cameron International Corporation, responsive documents would already be in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 12:** All documents created at any time relating to any claim under Liberty policy form 0100-XS(03 00) that Liberty paid despite the existence of an "indemnification" as specified in its "Other Insurance" provision.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

See Response to Request for Production No. 11. Subject to that objection, Liberty is aware of none.

**REQUEST FOR PRODUCTION NO. 13:** Documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Liberty objects to this request as unduly burdensome, overly-broad in time and scope as the request, as worded, possibly could include thousands of claims which are not even tangentially related to Cameron's claim. Liberty further objects to this request as seeking

information constituting the confidential proprietary business information and trade secrets of Liberty and confidential information pertaining to insureds not a party to this lawsuit. Liberty further objects to this request as lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to show all of Liberty's policies and/or procedures that relate to any "Other Insurance" provisions contained in insurance policies issued by Liberty.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

See Response to Request for Production No. 13. Liberty further objects to this request as overly-broad in time and scope as the request, as worded, would include claims which are not even tangentially related to Cameron's claim. Liberty further objects to this request as seeking information constituting the confidential proprietary business information and trade secrets of Liberty. Liberty further objects to this request as lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 15:** Documents sufficient to show all of Liberty's policies and/or procedures that relate to the handling of coverage disputes.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

See Response to Request for Production No. 13. Liberty further objects to this request as overly-broad in time and scope as the request, as worded, would include coverage disputes on claims which are entirely unrelated to Cameron's claim. Liberty further objects to this request as seeking information constituting the confidential proprietary business information and trade secrets of Liberty. Liberty further objects to this request as harassing and lacking in relevance and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications relating to any conflicts of interest of Paul R. Koepff and the law firm of Clyde & Co., including but not limited

to those relating to Liberty's decision to move for an order withdrawing Mr. Koepff and Clyde & Co. as counsel for Liberty in this action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Liberty objects to this request as lacking relevance and seeking documents not reasonably calculated to lead to the discovery of admissible evidence. The request also is harassing, frivolous, and assuming facts not in evidence as it was not Liberty's initial decision to seek the withdrawal Mr. Koepff and Clyde & Co., but rather a concession Liberty made at the insistence of Cameron. Liberty further objects to this request as seeking documents which are protected by the attorney-client privilege and work product doctrine. Subject to this objection and without waiving the same, Cameron possesses all non-privileged documents and communications relating to the order withdrawing Mr. Koepff and Clyde & Co. as counsel for Liberty in this action. In addition, see attached document identified as LIU 00914.

**REQUEST FOR PRODUCTION NO. 17:** All personnel files of individuals involved in Liberty's decision to deny payment to or on behalf of Cameron relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Liberty objects to this request as it violates constitutional law, common law and privacy rights of the individual made the subject of the request. *See U.S. Dept. of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 497-98, 501 (1994); *Beasley v. First Am. Real Estate Info. Servs., Inc.*, 2005 WL 1017818, *4 (N. D. Tex. 2005); *Industrial Found. v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976); *Kessell v. Bridewell*, 872 S.W.2d 837, 841 (Tex. App. – Waco 1994, no writ); *Fox v. Anonymous*, 869 S.W.2d 499, 504 (Tex. App. – San Antonio 1993, writ den'd.). Liberty further objects to this request as seeking documents that lack any relevance to any claim or defense asserted in this lawsuit. These files contain no documents pertaining to

bad faith or improper claims handling, which is the only remotely possible relevancy of Cameron's request.

**REQUEST FOR PRODUCTION NO. 18:** A copy of Liberty insurance policy number LQ1B71198783046, referenced in Liberty's Rule 26(a) Disclosures, dated September 14, 2012.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

See attached Policy identified as LIU 00874-00913.

Respectfully submitted,

*Catherine Giarrusso*

Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

OF COUNSEL:

Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by U.S. mail, postage prepaid, hand delivery, facsimile transmission or email on this 25th day of February, 2013.

*Catherine Giarrusso*

**From:** Bertaut, Carmelite [CBertaut@stonepigman.com]
**Sent:** Friday, March 22, 2013 11:17 AM
**To:** Judy Barrasso; Korn, Jeffrey
**Cc:** martin@mdjwlaw.com; Catherine F. Giarrusso; pwittmann@stonepigman.com; DMishkin@willkie.com; Siegert, Renee M.; Judy Barrasso
**Subject:** RE: cameron

Judy, We appreciate your courtesies.
Carmelite

---

**From:** Judy Barrasso [mailto:jbarrasso@barrassousdin.com]
**Sent:** Friday, March 22, 2013 11:15 AM
**To:** Bertaut, Carmelite; Korn, Jeffrey
**Cc:** martin@mdjwlaw.com; Catherine F. Giarrusso; Wittmann, Phillip A.; DMishkin@willkie.com; Siegert, Renee M.; Barrasso, Judy
**Subject:** RE: cameron

We have no objection to camreon having an extension. We hope to produce the other documents next week.

---

**From:** Bertaut, Carmelite [mailto:CBertaut@stonepigman.com]
**Sent:** Friday, March 22, 2013 11:12 AM
**To:** Judy Barrasso; Korn, Jeffrey
**Cc:** martin@mdjwlaw.com; Catherine F. Giarrusso; Judy Barrasso; pwittmann@stonepigman.com; Mishkin, Douglas (DMishkin@willkie.com); Siegert, Renee M.
**Subject:** RE: cameron

Thanks, Judy.
   Please let us know what you all have determined as to when you will produce the missing documents not produced and the other items listed below, as well as Liberty's responses on the matters that you note below as open.
   On another subject, Cameron's responses to Liberty's discovery are due on Monday. However, we ask for a two week extension of that deadline because one of our lawyers has a family emergency and will be unable to address the discovery responses.
   We trust that this short delay will not inconvenience Liberty but please advise if you all have any objection to the extension.
Carmelite

---

**From:** Judy Barrasso [mailto:jbarrasso@barrassousdin.com]
**Sent:** Friday, March 22, 2013 10:32 AM
**To:** Bertaut, Carmelite; Korn, Jeffrey
**Cc:** martin@mdjwlaw.com; Catherine F. Giarrusso; Barrasso, Judy
**Subject:** cameron

Carmelite and jeff
I left Carmelite a voice mail this morning explaining that late yesterday afternoon we determined that the ESI search erroneously employed an end date of 12/10 rather than 12/11. We have requested that an additional search be done promptly using the 12/11 end date. We hope to supplement our production next week with the additional documents. we apologize for the error.

1

EXHIBIT
B

With regard to the proposed scheduling order, we are fine with that. please submit to the court at your earliest convenience.

The other open issues are scheduling of depositions, checking on existence of an index of claims manual , and the question of production of cameron's settlement agreements with other insurers.

Chris is checking on those and will get with you .

judy.

This communication is from a law firm and may be privileged and confidential. It is intended to be reviewed only by the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, any review, copying, or dissemination of this email and its attachments, in whole or in part, is prohibited. This email is for informational purposes only. The sender's name is not an electronic signature. If you have received the email in error, please notify the sender by reply email immediately and delete the email from your system. Thank you.

Disclaimer added by **CodeTwo Exchange Rules**
www.codetwo.com