UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>* | MDL No. 2179<br><br>SECTION "J" |
| This Document Applies To:<br>No. 12-970 | *<br>*<br>*<br>*<br>* | JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

## ORDER

Before the Court are *pro se* Claimant H. Freddie Boothe, Jr.'s "Motion of Review and Motion of Clarification" (Rec. Doc. 8392) and "Motion for Leave to File Amendments to Motion of Review and Motions of Clarification." (Rec. Doc. 10222). The Claims Administrator filed a response to the former motion (Rec. Doc. 9150),[1] to which Mr. Boothe replied (Rec. Doc. 9256).

By way of background, Mr. Boothe filed a claim with the *Deepwater Horizon* Court Supervised Settlement Program ("Settlement Program"), which processes claims under the *Deepwater Horizon* Economic and Property Damages Settlement Agreement ("Settlement Agreement," Rec. Doc. 6430). Mr. Boothe asserts in his motions that the Settlement Program (1) erroneously determined that there was insufficient documentation to support his claim and (2) erroneously determined that a Risk Transfer Premium ("RTP") of 0.25 applies to his claim, assuming such claim is eligible for payment, as opposed to an RTP of 5.25.

The Court treats the instant motions as a request for discretionary Court review pursuant to the Section 6.6 of the Settlement Agreement and the recently-approved Rules Governing Discretionary Court Review of Appeal Determinations ("Rules," Rec. Doc. 10185). Section 6.6 of

---

[1] The Clerk of Court issued a deficiency notice to the Claims Administrator's Response. However, the Court has decided to accept this filing.

the Settlement Agreement provides:

> Court Inherent Jurisdiction. The Court maintains the discretionary right to review any *Appeal determination* to consider whether the determination was in compliance with the Agreement. Upon reviewing such a determination, the Court shall treat the Appeal determationa as if it were a recommendation by a Magistrate Judge.

(Settlement Agreement § 6.6 (emphasis added)). Likewise, the Rules provide, in pertinent part:

> **Rule 10. Prerequisite for Request for Court Review.** No party may request review by the Court unless that party has first exhausted the appeal procedures set forth in the Settlement Agreement and the Rules Governing the Appeals Process.

(Rec. Doc. 10185).

From the briefing submitted to the Court, it appears undisputed that Mr. Boothe had not exhausted the appeal procedures set forth in the Settlement Agreement and the Rules before he filed the instant motions.

Accordingly,

**IT IS ORDERED** that H. Freddie Boothe, Jr.'s "Motion of Review and Motion of Clarification" (Rec. Doc. 8392) and "Motion for Leave to File Amendments to Motion of Review and Motions of Clarification" (Rec. Doc. 10222) are **DENIED WITHOUT PREJUDICE**.

Signed in New Orleans, Louisiana, this 23rd day of May, 2013.

_____
United States District Judge

**Clerk to Notify:**
David Duval, Appeals Coordinator
AppealsCoordinator@dhecc.com