UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
|     "DEEPWATER HORIZON" in the | * | |
|     GULF OF MEXICO, on | * | SECTION J |
|     APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| **THIS PLEADING APPLIES TO:** | * | MAGISTRATE JUDGE SHUSHAN |
| **No. 12-311** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CAMERON'S REPLY IN FURTHER SUPPORT OF ITS
### MOTION TO COMPEL LIBERTY TO COMPLY WITH
### THIS COURT'S SUPPLEMENTAL ORDER DATED MAY 9, 2013

Defendant Cameron International Corporation ("Cameron") respectfully submits this reply memorandum in support of its Motion To Compel Liberty Insurance Underwriters Inc.'s ("Liberty") To Comply With This Court's Supplemental Order, dated May 9, 2013.

### ARGUMENT

On May 9, 2013, this Court ordered Liberty to "certify that it has no documents responsive to [RFP Nos. 13 and 15] or produce them to Cameron." (Supplemental Order at 3 (Rec. doc. 9845).) That Order was crystal clear. Liberty was required to produce documents sufficient to show Liberty's policies and procedures relating to claims adjusting (RFP No. 13) and the handling of coverage disputes (RFP No. 15), or certify that it has none. Liberty did not do that. Instead, Liberty served up a statement that it did not have any "formal claims manuals or formal procedural manuals." (Rec. doc. 9847 at 2 (emphasis added).) That is pure sophistry.

Cameron's requests and the Court's Supplemental Order were straightforward. Cameron is entitled to know whether Liberty has policies or procedures relating to adjusting claims (RFP No. 13) or handling coverage disputes (RFP No. 15). Liberty may not evade its

obligation with a reformulation of those requests by latching on to the word "formal."  Either they have policies or procedures for adjusting claims and handling coverage disputes, in which case they must produce documents sufficient to show them, or they do not.  It is just that simple.

Liberty makes several arguments to avoid the substance of the Court's Supplemental Order.  They all fail.

*First*, Liberty asserts the "parties agreed that LIU would search for formal claims/procedure manuals used by LIU during the relevant time period."  (Opp. at 2 (Rec. doc. 10227).)  Cameron did nothing of the sort.  (*See* Motion ¶¶ 5-9 (Rec. doc. 9959).)  Not surprisingly, Liberty did not produce a single document that memorializes—or even refers to—any agreement by Cameron to narrow RFP Nos. 13 and 15.  It simply did not happen.  To the extent that Cameron referred to policy manuals at all in its correspondence with Liberty, it is because during the meet and confer process *Liberty* represented to Cameron that responsive policy manuals existed—a fact that it now denies.  (Rec. doc. 9847, Ex. A; Rec. doc. 10227, Ex. B.)  Had Liberty told Cameron the truth, Cameron would not have wasted its time waiting for Liberty to provide indices of non-existent manuals.  Tellingly, Liberty does not even try to dispute anywhere in its opposition that it made these representations to Cameron.

*Second*, Liberty says Cameron's original motion to compel was limited to policy manuals and that "Cameron is effectively trying to expand its prior request to the Court."  (Opp. at 3 (Rec. doc. 10227); *see also id.* at 6.)  That is wrong.  On April 30, 2013, when Cameron applied to the Court for relief, Cameron made clear in its introduction it was "seek[ing] the Court's intervention to order Liberty Insurance Underwriters, Inc. ('Liberty') to . . . (ii) produce documents sufficient to show Liberty's policies and/or procedures that relate to claims adjusting and the handling of coverage disputes."  (Rec. doc. 9618 at 1-2; *see also id.* at 5 (bold and

- 2 -

underlined heading stating same).)  Cameron also made this clear in its reply in support of the original motion to compel.  (*See* Rec. doc. 9731 at 4 (seeking an order that Liberty comply with RFP Nos. 13 and 15).)  Liberty's assertions to the contrary are just a red herring.

*Third*, Liberty urges the Court to "sustain" a series of objections it made on relevance and burden grounds to Cameron's RFP Nos. 13 and 15.  (Opp. at 3-5 (Rec. doc. 10227).)  But Liberty did not raise any of these objections in its opposition to Cameron's original motion to compel  (*see* Rec. doc. 9714), and the Court already ordered Liberty to comply with RFP Nos. 13 and 15.  Liberty's belated objections essentially ask the Court to reconsider its prior Order—an "extraordinary remedy that should be used only sparingly and not to re-litigate old matters [or] raise new arguments."  *David v. Signal Int'l, L.L.C.*, 2010 WL 4667972, at *3 (E.D. La. Nov. 5, 2010).

Putting that aside, Liberty's objections have no merit.  As Cameron previously demonstrated (*see* Rec. doc. 9731 at 1-2), documents relating to Liberty's policies and procedures are directly relevant to Cameron's claim that Liberty acted in bad faith.  An insurer's policies and procedures are highly relevant in a bad faith action because they may show that the insurer *deliberately* trained personnel to minimize claims and elevate the insurer's financial interests above the interests of the insured—exactly what happened to Cameron here.  For that reason, courts across the country routinely compel discovery of such documents over an insurer's objections.  *See Dudenhefer v. State Farm Fire & Cas. Co.*, No. 06-4380, 2007 WL 1521018, at *2 (E.D. La. May 23, 2007) (holding that policies, rules and procedures for evaluating, adjusting, and denying plaintiff's claim in Katrina litigation were relevant and ordering production); *see also Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474, 486-87 (D.S.D. 2012) (ordering production of claims guides and training materials in bad faith case); *Ohio Cas. Ins.*

- 3 -

*Co. v. Fireman's Ins. Co.*, 2008 WL 413849, at *1 (E.D.N.C. Feb. 13, 2008) (holding that claims manuals are discoverable and relevant in cases involving bad faith); *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 645-46 (D. Kan. 2007) (same); *Brown v. Great N. Ins. Co.*, 2006 WL 2246408, at *1 (M.D. Pa. Aug. 4, 2006) (same).  Notably, Liberty does not cite a single case to the contrary.[1]

  In addition, Cameron has located several cases in which affiliates of Liberty itself were ordered to or agreed to produce claims-handling manuals and related documents.  *See, e.g.*, *Atlas Resources, Inc. v. Liberty Mutual Ins. Co.*, 2013 WL 1277878, at *3 (D.N.M. Mar. 28, 2013) (Liberty produced a 500-page claim handling manual); *Republic Servs., Inc. v. Liberty Mutual Ins. Co.*, 2006 WL 1635655 (E.D. Ky. June 9, 2006) (Liberty produced claims handling manuals, reference guides, training and other materials related to workers' compensation claims); *Atiyeh v. Liberty Mutual Ins. Co.*, 2000 WL 1796420, at *2-3 (E.D. Pa. Nov. 15, 2000) (Liberty agreed to produce claims' handling manuals pertaining to automobile policies).

  Finally, Liberty should not be heard to complain at this late stage—Cameron's requests were served over five months ago—that Cameron's requests are unduly burdensome. Cameron is simply seeking documents "sufficient to show" Liberty's policies and procedures relating to claims adjusting and the handling of coverage disputes.  If there are no "formal" policy or procedure documents, then Liberty should at least provide "informal" documents sufficient to show its policies and procedures.  Liberty cannot credibly argue that it does not

---

[1] Liberty does not attempt to distinguish any of Cameron's previously identified authorities other than *Dudenhefer*, erroneously suggesting that it is the "sole case Cameron has cited."  Liberty's attempts to distinguish *Dudenhefer* are also misplaced.  While Liberty concedes that the court ordered the production of policies and procedures in that case, Liberty suggests that this case is somehow different based on a mischaracterization of Cameron's bad faith claims against Liberty.  As Cameron made clear in its Amended Complaint, Liberty acted in bad faith, *inter alia*, by placing its interests above Cameron's when it tried to hold the BP Settlement hostage, failing to pay Cameron's claim when its liability was reasonably clear, and knowingly misrepresenting its attachment point.  (Rec. doc. 6287 ¶¶ 86-87.)  If Liberty had a policy of elevating its interests above its insured's, for example, that is clear evidence of insurer bad faith. Liberty's policies and procedures are therefore squarely at issue in this case.

- 4 -

know its own policies and procedures, and Cameron is entitled to know what they are.  Contrary to Liberty's straw-man argument, Cameron is not seeking "any document referencing claims handling of any type of claims at any time."  (Opp. at 2 (Rec. Doc. 10227).)[2]

## CONCLUSION

It is time for Liberty to stop playing hide the ball.  Liberty's policies and procedures for claims adjusting and handling coverage disputes, formal or not, are plainly relevant and Liberty's evasiveness only heightens the need for their production in this case.  The Court has already ordered Liberty to produce these documents or certify that it has none.  Accordingly, Cameron respectfully requests that the Court compel Liberty to comply with its May 9, 2013 Supplemental Order and order such other and further relief that the Court deems just and proper.

Dated:       May 24, 2013                              Respectfully submitted,

 _/s/ Phillip A. Wittmann_____
Phillip A. Wittmann, 13625
       pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
       cbertaut@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

---

[2]    The two cases on which Liberty relies—*Fountain v. L&M Botruck Rental, Inc.*, 1995 WL 664782 (E.D. La. Sept. 28, 1995), and *Int'l Primate Protection League v. Adm'rs of Tulane Educ. Fund*, 1992 WL (E.D. La. Aug. 4, 1992)—are completely inapposite.  Neither case had anything to do with requests for documents sufficient to show a company's policies and procedures and serve only to prove the point that Cameron's requests are not the kind that courts consider to be unduly burdensome.

1127450v1

WILLKIE FARR & GALLAGHER LLP
Mitchell J. Auslander
Jeffrey B. Korn
787 Seventh Avenue
New York, New York  10019
 (212) 728-8000
mauslander@willkie.com

*Attorneys for Cameron International Corporation*


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Cameron International Corporation's Motion to Compel Liberty Insurance Underwriters Inc. To Comply With This Court's Supplemental Order, dated May 9, 2013 has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of May, 2013.

*/s/ Phillip A. Wittmann*

1127450v1