UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig          MDL NO. 2179
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010            SECTION J

Applies to: *All Cases*                  JUDGE BARBIER
                                         MAGISTRATE JUDGE SHUSHAN

## ORDER

[Regarding Non-Disclosure Agreement Governing ENHANS Software]

BP and the United States have been negotiating a stipulation and agreement governing the inspection, review, production and use of ENHANS software and related data and documents. The parties have successfully negotiated all terms of the stipulation and the non-disclosure agreement except for paragraph 5 of the non-disclosure agreement governing the confidentiality of the ENHANS software and use of all "Protected Materials" to which the experts for the U.S. will be allowed access. The competing interest of the U.S. in gaining prompt access to the Protected Materials for review by its experts and the interest of BP in maintaining the proprietary nature of the Protected Materials mandate that a provision protecting both interests be entered.

After much discussion and competing drafts, the undersigned directs that the following provisions be inserted as paragraph 5 of the non-disclosure agreement:[1]

---

[1] Exhibit A to the stipulation and agreement.

5. Upon signing this agreement, I specifically agree not to use any information gained from my review and access to the Protected Materials in any of my work or in any consulting services of any kind. Such information cannot be used in engaging in, by example, the following activities:

   a. Simulating gradual breakdown of reservoir rock for purposes of conducting a numerical analysis of sanding, including values used to represent cohesive behavior at different stages of breakdown based on boundary conditions;

   b. Using drawdown and depletion history of a well to simulate changes in reservoir conditions and corresponding changes in sand production;

   c. Implementing criteria discussed in the user guide that trigger sand production and represent hydro-mechanical properties of regions in the reservoir from where sand was removed;

   d. Reducing wireline log-based unconfined compressive strength ("UCS") data to blocks of rock units at varying UCS values for purposes of conducting a sanding analysis, including the process used to account for net length of each rock unit; and

   e. Conducting separate analyses on selected rock units to determine overall sand produced by the reservoir.

Any appeal of this order must be filed by the close of business on Monday, June 3, 2013.[2]

The effect of this order will not be stayed pending an appeal unless ordered by Judge Barbier.

New Orleans, Louisiana, this 30th day of May, 2013.

_____
SALLY SHUSHAN
**United States Magistrate Judge**

---

[2] As discussed in the telephone conference on May 29, 2013, the brief prepared by the U.S. may be deemed its appeal brief in the event that it decides to appeal this ruling.