QUINCY ADAMS, SR

VERSUS DOCKET NO. 120452

M V "MISTER RANDY,"
M V "MACY EMILY,"
BP AMERICA PRODUCTION
COMPANY, ET AL

17th JUDICIAL DISTRICT COURT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

---

## PETITION FOR DAMAGES

DIVISION A

The Petition of plaintiff, **QUINCY ADAMS, SR.**, of the full age of majority and resident of and domiciled in the Parish of Terrebonne, State of Louisiana respectfully represents that:

I.

The Defendant(s),

1.    A motor vessel known as the **"MISTER RANDY"**, (or some variation of the spelling, Mr. Randy, Mister Randi, Mr. Randi, etc.).

2.    A motor vessel known as the **"MACY EMILY"**, an approximately 70 foot long USA flagged commercial fishing vessel whose VIN is D912431, with an alternate VIN of CG288740912431, vessel call sign: WCX8272, believed to be owned by James George, Jr.

3.    **JAMES GEORGE, Jr.** a person of the full age of majority and a Louisiana resident believed to be the owner of the fishing vessel the "MACY EMILY".

4.    **JOHN DOE #1,** Captain of the "MISTER RANDY" an individual whose name is not known at present.

5.    **JOHN DOE #2,** Captain of the "MACY EMILY" (VIN: D912431), an individual whose name is not known at present.

6.    **T.M.M. SERVICES, L.L.C. aka TECHNICAL MARINE MAINTENANCE SERVICES, L.L.C.,** is a Louisiana Limited Liability Company dully authorized and doing business in this state, believed to be serving in the contract labor industry, with its agent for service of process being Hope M. Adams, 6031 West Main Street, Houma, Louisiana 70364;

7.    **LAWSON ENVIROMENTAL SERVICE L.L.C.,** is a Louisiana Limited Liability Company dully authorized and doing business in this state with its agent for service of process being Cecil B. Lawson, 2108 Denley Road, Houma, Louisiana, 70363;

8.    **BP, PLC ("BP"),** foreign corporation authorized to do and doing business within the State of Louisiana.

9.    **BP Products North American, Inc. ("BP Products")** a foreign corporation authorized to do and doing business in the State of Louisiana.

10. **BP America, Inc. ("BP America")**, a foreign corporation authorized to do and doing business in the State of Louisiana.

11. **BP America Production Company** a foreign corporation authorized to do and doing business in the State of Louisiana having as it's agent of process doing business in the State of Louisiana.

II.

The accident which forms the basis of this lawsuit occurred on June 10, 2010, when plaintiff, QUINCY ADAMS, SR., was under the employ of T.M.M. Services, L.L.C. and/or BP, PLC, BP Products North America, Inc, and/or BP America, Inc., and/or BP America Production Company (herein after referred to as "BP") directly or as an agent of Parent Employer and/or Principal Employer, working in the recovery efforts of the B.P. Oil spill. Plaintiff, QUINCY ADAMS, SR., was aboard a vessel believed to be named, "The Mister Randy".

"The Mister Randy" believed to be chartered by "BP" was taking Mr. Adams to his assigned vessel believed to be named, "The Big Tattoo". "The Mister Randy" had approximately 20 passengers aboard. Mr. Adams estimated the speed at about 15 mph when "The Mister Randy" collided with another vessel named the "Macy Emily". Mr. Adams was seated on "The Mister Randy" vessel and he was jarred forward. Mr. Adams was an unrestrained passenger. Mr. Adams boarded the vessel, "The Big Tattoo" and informed the captain of the vessel that "The Mister Randy" struck another vessel believed to be named the "Macy Emily", causing him to be in pain. Mr. Adams was transported by another vessel to an offshore medical staging barge where he was examined by medical personnel. From there he was transported by a smaller vessel to shore where he awaited transport to Plaquemines Parish Medical Center and was met by the "BP" safetyman. Mr. Adams has incurred expenses for maintenance and cure as the result of the accident. Mr. Adams was assigned to the M V "Mister Randy" for the purposes of transport which was the function of the vessel the "Mister Randy". Mr. Adams was assigned as part of the crew to the M V Big Tattoo where he performed a significant part of his work in the Gulf of Mexico picking up and setting out oil boom. The Big Tattoo was acting under the direction and substantial control of "BP" who is believed to be the charterer of all three vessels... Mr. Adams was a Jones Act Seamen.

III.

Plaintiff, QUINCY ADAMS, SR., has sustained injuries to his entire body, joints, bones, ligaments, and muscles, and all of said injuries have been a source of physical pain and

mental anguish and have resulted in residual dysfunction, limitation of motion and physical impairment of function, and will continue to do so for an indefinite time in the future. All of the foregoing injuries sustained by plaintiff(s), QUINCY ADAMS, SR., are the result of the sole, combined and/or soldiery fault, vicarious liability, strict liability and/or negligence of defendant(s) and/or joint tortfeasors(s) and/or his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(s), lessor(s), lessee(s), insured(s) and/or insurer(s).

## IV.

The hereinabove described injuries were caused, in whole or in part, by the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of defendant(s) and/or joint tortfeasor(s) and/or his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(s), lessor(s), lessee(s), insured(s) and/or insurer(s) in:

1. The Mister Randy and the Macy Emily breached its and/or their duty to provide a safe environment for ingress and egress of both vessels;

2. The Mister Randy breached its duty to the plaintiff by approaching the Macy Emily at an unsafe speed;

3. The Macy Emily and/or Mister Randy breached its duty(s) to the plaintiff failing to take necessary safety precautions in preparing for the transfer of workers, including the plaintiff;

   3.(a) The MV Macy Emily and/or MV Mister Randy and/or one or both captains respectively failed to exercise reasonable care when transferring seamen and/or workers and/or employees.

4. The owner(s) of the MACY EMILY and/or MISTER RANDY failed to provide adequate training to its/and/or/their crew.

5. Due to the breach(s) of duty(s), Mr. Adams sustained serious and debilitating injuries, and has incurred damages which were proximately caused by the negligent operation of both vessels;

6.   In addition, Mr. Adams's employer(s)/contract employer(s) and/or principals inclusive of but not limited to "BP", and/or Technical Marine Maintenance, and/ or Lawson Environmental Services L.L.C. breached their duty(s) to provide a safe and seaworthy vessel for its and/or their employees and/or agents, including Mr. Adams;

7.   Also, Mr. Adams employer(s) and/or contract employer(s) and/or principals inclusive of but not limited to "BP", and/or Technical Marine Maintenance, and/ or Lawson Environmental Services L.L.C. breached it's and/or their obligation to provide maintenance and cure;

8.   Also, Mr. Adams employer(s) and/or contract employer(s) and/or principals inclusive of but not limited to "BP", and/or Technical Marine Maintenance, and/ or Lawson Environmental Services L.L.C. breached its and/or their obligation to provide adequate training to their workers.

9.   Defendant(s) not maintaining a proper control over their vessel(s);

10.  Defendant(s) failing to proceed with caution;

11.  Failing to take evasive action so as to avoid the impact and alison;

12.  Not seeing the things defendant(s) should have seen and not doing the things defendant'(s) acts and/or omissions should have done as warranted by conditions prevalent at the time, thus failing to act prudently and by defendant' (s) negligence, causing damage and injury;

13.  In violating the various applicable statutes of the State of Louisiana, as well as violating the various applicable laws of the United States of America, all of which were a proximate cause of the aforementioned events and injuries, defendant (s) thus breaching the duty owed to the public at large, and by such breach, risking damage and injury to others;

V.

These causes of action are given rise to pursuant to Act 33, U.S.C.A. § 901 et seq., specifically, but not limited to 905(b) action, 46 U.S.C. § 688, the "Savings to Suitors" Clause, and the general maritime law doctrine of unseaworthiness and for maintenance and cure.

VI.

Upon information and belief, "BP" was charterer of the motor vessel "Mister Randy".

VII.

Upon information and belief the MACY EMILY was owned by James George, Jr. "BP" was the charterer of the MV Macy Emily.

VIII.

Upon information and belief, T.M.M. Services, LLC, was subcontracted by Lawson Environmental Services LLC.  Upon information and belief Lawson Environmental Services LLC were in an employment relationship with "BP" .

IX.

Upon information and belief, the Macy Emily was under the employ of BP, and/or PLC ("BP") and/or BP Products North American, Inc. ("BP Products"), And/or BP America, Inc. ("BP America") and/or BP America Production Company.

IX(a):Upon information and belief "BP" was the insurer of the Macy Emily.

IX(b):Upon information and belief "BP" was the insurer of the Mister Randy.

X.

Upon information and belief, defendant, T.M.M. Services, L.L.C., was the employer and/or contract employer of the plaintiff, Quincy Adams, Sr. at the time and on the date of the accident which forms the basis of this lawsuit.

XI.

Upon information and belief "BP" is believed to be the insurer of the Vessel MACY EMILY (VIN: D912431) and that said coverage or were in full force and effect at the time of the accident and on the date of the accident cited herein.

XII.

Upon information and belief "BP" is believed to be the insurer for the Vessel MISTER RANDY and that said policy or policies was or were in full force and effect at the time of the accident and on the date of the accident cited herein.

XIII

Upon information and belief, defendant(s), T.M.M. SERVICES, L.L.C. was insured by XYZ insurance company and was the insurance provider of the defendant(s), the coverage under the insurance policy or policies extends to the involved company(s), vessel(s) and that said policy or policies was or were in full force and effect at the time and on the date of the accident cited herein.

IVX

Plaintiffs' claims against defendant(s) herein will exceed Fifty Thousand and No/100 ($50,000.00) Dollars, exclusive of interest and costs, and therefore, plaintiffs are entitled to a Jury Trial.

WHEREFORE, Plaintiffs pray that the defendants(s) named herein be served with a copy of this Petition and cited to appear and answer, and that after due proceedings had, there be judgment in favor of plaintiff(s) and against defendant(s) and/or joint tortfeasors and/or his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(ies), lessor(s), lessee(s), insured(s) and/or insurer(s), in solido, for such damages as are reasonable and just in the premises.

Plaintiff(s), further prays for maintenance and cure.

Plaintiff(s), further prays for all legal interest from date of judicial demand until paid, all costs of these proceedings, all expert witness fees and costs of medical reports, court reporter fees, and all other just and equitable relief to which plaintiff(s) are entitled.

Respectfully Submitted,

**D. BRENNAN STOCKSTILL**
Attorney for Plaintiff(s)
340 Weeks Street
New Iberia, Louisiana  70560
Telephone: (337) 365-2772
Facsimile: (337) 606-0003

*Attorney for Quincy Adams*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and forgoing has been sent to all known counsel of record, by:

- o   United States mail, properly addressed and postage prepaid.
- o   Registered United States mail, return receipt requested, properly addressed and postage prepaid.
- ☑   Facsimile transmission.
- ☑   Hand delivery.
- o   E-mail transmission.

New Iberia, Louisiana, this 3rd day of June, 2012.

D. BRENNAN STOCKSTILL

**PLEASE SERVE:**

(1):   Motor Vessel "MISTER RANDY"
       Owner not known

(1):   Motor Vessel MACY EMILY
(2):   JAMES GEORGE, JR.
       240 East 25th Street
       Larose, LA  70373

(1):   JAMES GEORGE, JR.
       240 East 25th Street
       Larose, LA  70373

(1):   T.M.M. SERVICES, L.L.C. aka TECHNICAL MARINE MAINTENCE
       SERVICES, L.L.C.
       Through their attorney of record:
       Lara N. DiChristina
       FRILOT, LLC
       1100 Poydras Street, Suite 3700
       New Orleans, Louisiana 70163

(1):    **LAWSON ENVIROMENTAL SERVICE L.L.C.**
        Through their attorney of record:
        Kathryn W. Richard
        **DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS**
        101 Wilson Avenue
        P.O. Box 3017
        Houma, Louisiana 70361


(1):    **BP, PLC ("BP")**
(2):    **BP PRODUCTS NORTH AMERICA, INC. ("BP Products")**
(3):    **BP AMERICA, INC. ("BP America")**
        Through their attorney of record:
        Stuart T. Welch
        **LISKOW & LEWIS**
        822 Harding Street
        Lafayette, Louisiana 70503

(1):    **BP AMERICA PRODUCTION COMPANY**
        Through it's agent of record:
        CT Corporation System
        5615 Corporate Blvd., Suite 400B
        Baton Rouge, Louisiana 70808

FILED

JUN -7 2012

CLERK OF COURT