UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| This document applies to:<br>*All Cases* | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF TRANSOCEAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO BP "DIRECT DAMAGES" CLAIMS PURPORTEDLY ASSIGNED TO THE ECONOMIC CLASS**

Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC and Triton Asset Leasing GmbH (collectively "Transocean") hereby submits this statement of undisputed material facts in support of Transocean's Motion for Partial Summary Judgment as to BP's "Direct Damages" Claims Purportedly Assigned to the Economic Class pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 (February 2011).

1.   At the time of the accident, the *Deepwater Horizon* was engaged in exploratory drilling activities at the Macondo Well (Mississippi Canyon Block 252), pursuant to the Drilling Contract between Transocean and BP.  *See* Exhibit A (Excerpt of TREX 4271 (Drilling Contract)).[1]

2.   The Drilling Contract was executed on December 9, 1998, between Vastar Resources, Inc. and R&B Falcon Drilling Co.  *Id.* at 2.  As recognized in amendments to the Drilling Contract, BP America Production Co. and Transocean Holdings LLC are successors to Vastar and R & B Falcon, respectively.

---

[1] An excerpt of TREX 4271 (pages 1–40), attached as Exhibit A, constitutes the original contract between Vastar Resources, Inc. and R&B Falcon Drilling Co.

1

3.      In BP Exploration & Production Inc. and BP America Production Company's (collectively "BP") Counter-Complaint, Cross-Complaint and Third Party Complaint Against Transocean and Claim in Limitation, BP asserted a number of damages claims against Transocean, including claims for breach of the Drilling Contract between BP and Transocean, unseaworthiness, and negligence. *See* Rec. Doc. 2074 at 20-26.  BP also asserted claims for contribution and subrogation.  *Id.* at 26-28.

4.      As part of the Economic and Property Damages Settlement Agreement ("Settlement Agreement") with the PSC, BP assigned to the Economic and Property Damages Settlement Class ("Economic Class"), "as a juridical entity," certain claims it has asserted against Transocean.  Rec. Doc. 6430-39, ¶ 1.1.3.  The Settlement Agreement sets forth the following categories of assigned claims:

   (a)    "All damages related to the repair, replacement, and/or re-drilling of the MC-252 Well" (*id.*, ¶ 1.1.3.1);

   (b)    "All economic damages for the loss of the MC-252 Well, including lost profits, lost hydrocarbons, and diminution in value of the leasehold" (*id.* ¶ 1.1.3.2);

   (c)    "All costs that BP incurred to control the MC-252 Well and/or to respond to, contain, and/or clean up the DWH Spill" (*id.* ¶ 1.1.3.3);

   (d)    "All rights to indemnity, contribution, or subrogation for claims paid by BP and/or the GCCF on or before the entry of the Preliminary Approval Order . . ." (*id.* ¶ 1.1.3.4);

   (e)    "All claims or causes of action to pursue reimbursement of Settlement Payment(s) under theories of indemnification, contribution, subrogation, or any other theory of recovery" (*id.* ¶ 1.1.3.5);

(f) "All punitive, exemplary, multiple, or non-compensatory damages" (*id.* ¶ 1.1.3.6);

(g) "All claims and causes of action to recover the damages, losses, costs, fees, and amounts set forth in Sections 1.1.3.1-1.1.3.6 including BP's claims for breach of contract, unseaworthiness, negligence, gross negligence, willful misconduct, fraud, fraudulent concealment, and intentional torts and including BP's claims in the *BP Parties' Counter- Complaint, Cross- Complaint And Third Party Complaint Against Transocean And Claim In Limitation…*" [Rec. Doc. 2074] (*id.* ¶ 1.1.3.7).

5. The Settlement Agreement provides that the Economic Class may only "execute on, attempt to collect, or otherwise seek recovery of Damages [including from Assigned Claims] if and when a court or tribunal of competent jurisdiction has finally determined that Other Parties cannot recover such Damages, whether through indemnity, contribution, subrogation, assignment or any other theory of recovery, by contract, pursuant to applicable law or regulation, or otherwise, directly or indirectly, from any Released Party." Rec. Doc. 6430-39, ¶ 1.1.2.4. The Settlement Agreement also provides that the "invalidity, illegality, or unenforceability of the assignment of any or all Assigned Claims shall not operate to invalidate the Agreement . . . and shall not affect the validity or enforceability of any other provision" in the Agreement. *Id.*, ¶ 1.1.4.6.

6. Articles 21 through 24 of the Drilling Contract allocate risks between Transocean ("CONTRACTOR") and BP ("COMPANY").

7. With respect to personal injury claims, Article 21.1 provides, with respect to Transocean:

> **CONTRACTOR SHALL *PROTECT, RELEASE, DEFEND, INDEMNIFY AND HOLD HARMLESS* COMPANY FROM**

3

> **AND AGAINST ALL CLAIMS, DEMANDS AND CAUSES OF ACTION ASSERTED BY CONTRACTOR, CONTRACTOR'S SUBSIDIARIES AND AFFILIATED COMPANIES, CONTRACTORS OF ANY SUCH PARTIES, AND THEIR RESPECTIVE OFFICERS, DIRECTORS, AGENTS, IN VITEES, EMPLOYEES AND ANY OF THEIR RELATIVES FOR PERSONAL INJURY (INCLUDING BODILY INJURY), ILLNESS, OR DEATH, THAT ARISE OUT OF OR ARE RELATED TO WORK PERFORMED HEREUNDER.**

Exhibit A (TREX 4271) at 26 (emphasis added; full capitalization and boldfacing in original).

8.     As for BP, Article 21.2 provides, in regard to personal injury claims:

> **COMPANY SHALL *PROTECT, RELEASE, DEFEND, INDEMNIFY AND HOLD HARMLESS* CONTRACTOR FROM AND AGAINST ALL CLAIMS, DEMANDS AND CAUSES OF ACTION ASSERTED BY COMPANY, COMPANY'S SUBSIDIARIES, CO-OWNERS AND JOINT VENTURERS (IF ANY), CONTRACTORS OF ANY SUCH PARTIES (EXCEPT CONTRACTOR, AS SET FORTH IN ARTICLE 21.1 HEREOF), AND THEIR RESPECTIVE OFFICERS, DIRECTORS, AGENTS, INVITEES, EMPLOYEES AND ANY OF THEIR RELATIVES FOR PERSONAL INJURY (INCLUDING BODILY INJURY), ILLNESS, OR DEATH, THAT ARISE OUT OF OR ARE RELATED TO WORK PERFORMED HEREUNDER.**

*Id.* at 26 (emphasis added; full capitalization and boldfacing in original).

9.     Article 22.1 provides that Transocean "**SHALL ASSUME ALL RISK OF LOSS OF OR DAMAGE TO AND *SHALL PROTECT, RELEASE, DEFEND, INDEMNIFY AND HOLD HARMLESS* COMPANY FROM AND AGAINST ANY AND ALL CLAIMS FOR LOSS OF OR DAMAGE TO . . . ITS DRILLING UNIT AND EQUIPMENT.**" *Id.* at 26-27 (emphasis added; full capitalization and boldfacing in original).

10.    As for BP, Article 22.3 provides in part, with regard to Transocean's in-hole equipment:

4

> **COMPANY SHALL ASSUME ALL RISK OF LOSS OF OR DAMAGE TO CONTRACTOR'S IN-HOLE, SUBSEA AND MOORING EQUIPMENT WHEN THE EQUIPMENT IS IN THE HOLE OR IN USE BELOW THE SURFACE OF THE WATER TO THE EXTENT CONTRACTOR'S INSURANCE DOES NOT COMPENSATE CONTRACTOR, REGARDLESS OF WHEN OR HOW THE DESTRUCTION OR DAMAGE OCCURS, UNLESS SAID LOSS OF OR DAMAGE IS A RESULT OF CONTRACTOR'S SOLE NEGLIGENCE, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT, IN WHICH CASE CONTRACTOR IS SOLELY RESPONSIBLE FOR ALL LOSS OF OR DAMAGE.**
>
> . . .
>
> **COMPANY SHALL ASSUME THE RISK OF LOSS FOR AND _PROTECT, RELEASE, DEFEND, INDEMNIFY AND HOLD HARMLESS_ CONTRACTOR FOR DAMAGE TO OR DESTRUCTION OF CONTRACTOR'S CHOKE MANIFOLDS, BLOWOUT PREVENTORS, AND DRILL STRING CAUSED BY EXPOSURE TO UNUSUALLY CORROSIVE OR OTHERWISE DESTRUCTIVE ELEMENTS NOT NORMALLY ENCOUNTERED WHICH ARE INTRODUCED INTO THE DRILLING FLUID FROM SUBSURFACE FORMATIONS OR THE USE OF CORROSIVE ADDITIVES IN THE FLUID, UNLESS SAID LOSS OF OR DAMAGE IS A RESULT OF CONTRACTOR'S NEGLIGENCE, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT IN WHICH CASE CONTRACTOR IS SOLELY RESPONSIBLE FOR ALL LOSS OR DAMAGE.**

*Id.* at 27 (emphasis added; full capitalization and boldfacing in original).

11.     Article 22.4 provides in part that BP "**SHALL ASSUME THE RISK OF LOSS FOR AND _PROTECT, RELEASE, DEFEND, INDEMNIFY, AND HOLD HARMLESS_ CONTRACTOR FROM AND AGAINST ANY AND ALL CLAIMS FOR LOSS OF OR DAMAGE TO COMPANY'S EQUIPMENT AND PROPERTY.**" *Id.* at 28 (emphasis added; full capitalization and boldfacing in original).

12.     With respect to loss of hole or reservoir, Article 23.1 provides:

5

> **SHOULD THE HOLE BE LOST OR DAMAGED, THE LOSS OR DAMAGE WILL BE BORNE BY COMPANY AND COMPANY SHALL *PROTECT, RELEASE, DEFEND, INDEMNIFY, AND HOLD HARMLESS* CONTRACTOR FROM AND AGAINST ALL CLAIMS FOR LOSS OF OR DAMAGE TO THE HOLE. NOTWITHSTANDING THE PREVIOUS SENTENCE, *IF THE HOLE IS LOST OR DAMAGED DUE TO CONTRACTOR'S NEGLIGENCE, GROSS NEGLIGENCE, WILLFUL MISCONDUCT* OR ITS AGENTS', OR SUBCONTRACTORS OR THEIR FAILURE TO COMPLY WITH COMPANY'S INSTRUCTIONS, THEN *AS CONTRACTOR'S SOLE LIABILITY, CONTRACTOR SHALL BE OBLIGATED AT COMPANY'S ELECTION TO REDRILL THE HOLE* TO THE POINT AT WHICH THE HOLE WAS LOST AT EIGHTY PERCENT (80%) OF THE OPERATING RATE BUT OTHERWISE SUBJECT TO THIS DRILLING CONTRACT.**

*Id.* at 28 (emphasis added; full capitalization and boldfacing in original).

13. In the event of a blowout, Article 23.2 provides:

> **IN THE EVENT ANY WELL BEING DRILLED HEREUNDER SHALL BLOWOUT, CRATER OR CONTROL BE LOST FROM ANY CAUSE, COMPANY SHALL BEAR THE ENTIRE COST AND EXPENSE OF KILLING THE WELL OR OF OTHERWISE BRINGING THE WELL UNDER CONTROL AND SHALL *PROTECT, RELEASE, DEFEND, INDEMNIFY, AND HOLD HARMLESS* CONTRACTOR FROM AND AGAINST ALL CLAIMS, SUITS, DEMANDS, AND CAUSES OF ACTION FOR COSTS ACTUALLY INCURRED IN CONTROLLING THE WELL.**

*Id.* at 28-29 (emphasis added; full capitalization and boldfacing in original).

14. With respect to underground damage, Article 23.3 provides:

> **COMPANY SHALL *PROTECT, RELEASE, DEFEND, INDEMNIFY, AND HOLD HARMLESS* CONTRACTOR FOR ANY AND ALL CLAIMS ON ACCOUNT OF (I) INJURY TO, DESTRUCTION OF, LOSS, OR IMPAIRMENT OF ANY PROPERTY RIGHT IN OR TO OIL, GAS, OR OTHER MINERAL SUBSTANCES OR WATER, IF AT THE TIME OF THE ACT OR OMISSION CAUSING THE INJURY, DESTRUCTION, LOSS, OR IMPAIRMENT, THE**

> **SUBSTANCE HAD NOT BEEN REDUCED TO PHYSICAL POSSESSION ABOVE THE SURFACE OF THE EARTH, OR (II) ANY LOSS OR DAMAGE TO ANY FORMATION, STRATA, OR RESERVOIR BENEATH THE SURFACE OF THE EARTH.**

*Id.* at 29 (emphasis added; full capitalization and boldfacing in original).

15. Insofar as pollution-related liabilities are concerned, the Article 24.1 provides, in part, with respect to Transocean:

> **CONTRACTOR SHALL ASSUME FULL RESPONSIBILITY FOR AND SHALL *PROTECT, RELEASE, DEFEND, INDEMNIFY, AND HOLD COMPANY AND ITS JOINT OWNERS HARMLESS* FROM AND AGAINST ANY LOSS, DAMAGE, EXPENSE, CLAIM, FINE, PENALTY, DEMAND, OR LIABILITY FOR POLLUTION OR CONTAMINATION, INCLUDING CONTROL AND REMOVAL THEREOF, *ORIGINATING ON OR ABOVE THE SURFACE OF THE LAND OR WATER*, FROM SPILLS, LEAKS, OR DISCHARGES OF FUELS, LUBRICANTS, MOTOR OILS, PIPE DOPE, PAINTS, SOLVENTS, BALLAST, AIR EMISSIONS, BILGE SLUDGE, GARBAGE, OR ANY OTHER LIQUID OR SOLID WHATSOEVER IN POSSESSION AND CONTROL OF CONTRACTOR AND WITHOUT REGARD TO NEGLIGENCE OF ANY PARTY OR PARTIES AND SPECIFICALLY WITHOUT REGARD TO WHETHER THE SPILL, LEAK, OR DISCHARGE IS CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE OR OTHER FAULT OF COMPANY.**

*Id.* at 29 (emphasis added; full capitalization and boldfacing in original).

16. As for BP, the Article 24.2 provides in regard to pollution-related liabilities:

> **COMPANY SHALL ASSUME FULL RESPONSIBILITY FOR AND SHALL *PROTECT, RELEASE, DEFEND, INDEMNIFY, AND HOLD CONTRACTOR HARMLESS* FROM AND AGAINST ANY LOSS, DAMAGE, EXPENSE, CLAIM, FINE, PENALTY, DEMAND, OR LIABILITY FOR POLLUTION OR CONTAMINATION, INCLUDING CONTROL AND REMOVAL THEREOF, ARISING OUT OF OR CONNECTED WITH OPERATIONS UNDER THIS CONTRACT HEREUNDER AND *NOT ASSUMED BY***

7

>    ***CONTRACTOR IN ARTICLE 24.1 ABOVE*****, WITHOUT REGARD FOR NEGLIGENCE OF ANY PARTY OR PARTIES AND SPECIFICALLY WITHOUT REGARD FOR WHETHER THE POLLUTION OR CONTAMINATION IS CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE OR FAULT OF CONTRACTOR.**

*Id.* at 29-30 (emphasis added; full capitalization and boldfacing in original).

17.    Article 25.1 defines the release and indemnity agreement as follows:

>    **EXCEPT TO THE EXTENT ANY SUCH OBLIGATION IS SPECIFICALLY LIMITED TO CERTAIN CAUSES ELSEWHERE IN THIS CONTRACT, THE PARTIES INTEND AND AGREE THAT THE PHRASE "*SHALL PROTECT, RELEASE, DEFEND, INDEMNIFY AND HOLD HARMLESS*" MEANS THAT THE INDEMNIFYING PARTY SHALL PROTECT, RELEASE, DEFEND, INDEMNIFY, AND HOLD HARMLESS THE INDEMNIFIED PARTY OR PARTIES FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, CAUSES OF ACTION, DAMAGES, COSTS, EXPENSES (INCLUDING REASONABLE ATTORNEYS FEES), JUDGMENTS AND AWARDS OF ANY KIND OR CHARACTER, WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF, INCLUDING PREEXISTING CONDITIONS, WHETHER SUCH CONDITIONS BE PATENT OR LATENT, THE UNSEAWORTHINESS OF ANY VESSEL OR VESSELS (INCLUDING THE DRILLING UNIT), BREACH OF REPRESENTATION OR WARRRANTY, EXPRESSED OR IMPLIED, BREACH OF CONTRACT, STRICT LIABILITY, TORT, OR THE NEGLIGENCE OF ANY PERSON OR PERSONS, INCLUDING THAT OF THE INDEMNIFIED PARTY, WHETHER SUCH NEGLIGENCE BE SOLE, JOINT OR CONCURRENT, ACTIVE, PASSIVE OR GROSS OR ANY OTHER THEORY OF LEGAL LIABILITY AND WITHOUT REGARD TO WHETHER THE CLAIM AGAINST THE INDEMNITEE IS THE RESULT OF AN INDEMNIFICATION AGREEMENT WITH A THIRD PARTY.**

*Id.* at 30 (emphasis added; full capitalization and boldfacing in original).

18.    With respect to consequential damages, Article 34.1 provides as follows:

>    NEITHER PARTY SHALL BE LIABLE TO THE OTHER FOR INCIDENTAL SPECIAL, INDIRECT, STATUTORY, EXEMPLARY, PUNITIVE, OR

> CONSEQUENTIAL DAMAGES SUFFERED BY SUCH PARTY RESULTING FROM OR ARISING OUT OF THIS CONTRACT, INCLUDING WITHOUT LIMITATION, LOSS OF PROFITS, OR BUSINESS INTERRUPTIONS HOWEVER THEY MAY BE CAUSED.

*Id.* at 39 (full capitalization added).

19. The Court addressed the scope of the Drilling Contract's indemnity agreement in its January 26, 2012, Order and Reasons as to Transocean and BP's Cross-Motions for Partial Summary Judgment Regarding Indemnity ("Indemnity Order"). Rec. Doc. 5446.

20. In the Indemnity Order, the Court held that "*if* Transocean committed gross negligence that caused pollution originating below the surface of the water, public policy would not bar its claim for contractual indemnity from BP." Rec. Doc. 5446 at 18 (emphasis in original).

21. In so ruling, the Court discussed the distinction between "'indemnity,'" which "determines which party to a contract will ultimately bear the risk of injury to a *third* party," and a "'release,'" which is "a contract whereby one party agrees in advance to release the other contracting party from liability in the event the former party is damaged." *Id.* at 11 (emphasis in original). The Court observed that while the relevant provisions of the Drilling Contract "operate both as a release and an indemnity, what is at issue [here] is indemnity." *Id.*

DATED: May 31, 2013                    Respectfully submitted,

By: /s/ Brad D. Brian                  By: /s/ Steven L. Roberts
Brad D. Brian                          Steven L. Roberts
Michael R. Doyen                       Rachel Giesber Clingman
Lisa Demsky                            Sean Jordan
Daniel B. Levin                        SUTHERLAND ASBILL & BRENNAN LLP
Susan E. Nash                          1001 Fannin Street, Suite 3700
MUNGER TOLLES & OLSON LLP              Houston, Texas 77002
355 So. Grand Avenue, 35th Floor       Tel: (713) 470-6100
Los Angeles, CA 90071                  Fax: (713) 354-1301
Tel: (213) 683-9100                    Email: steven.roberts@sutherland.com
Fax: (213) 683-5180                           rachel.clingman@sutherland.com

9

Email: brad.brian@mto.com
michael.doyen@mto.com
lisa.demsky@mto.com
daniel.levin@mto.com
susan.nash@mto.com


By:  /s/ Edwin G. Preis
Edwin G. Preis, Jr.
PREIS & ROY PLC
Versailles Blvd., Suite 400
Lafayette, LA 70501
(337) 237-6062
     *and*
601 Poydras Street, Suite 1700
New Orleans, LA 70130
(504) 581-6062

sean.jordan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
110 Poydras St., Suite 3700
New Orleans, LA 70163
Tel:  (504) 599-8194
Fax:  (504) 599-8154
Email: kmiller@frilot.com

John M. Elsley
ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 224-8380

*Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.*

10