UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER |
| Applies to:  No. 10-2771, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

**REPLY IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE MOTION FOR SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES**

**NOW INTO COURT**, comes Halliburton Energy Services, Inc. ("HESI") and files this Reply in Support of its Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages, and respectfully shows the Court as follows:[1]

**I.      SUMMARY OF ARGUMENT**

As explained in HESI's Motion and Memorandum, the punitive damage claims of all plaintiffs asserting economic damages fail because punitive damages are not permitted under OPA. HESI's Mem. at 8-18. But even if OPA did not foreclose their ability to obtain punitive damages against HESI, settling plaintiffs have no right to punitive damages because they have relinquished their compensatory damage claims against HESI and, accordingly, their associated

---

[1] HESI responds herein to BP Defendants' Combined Opposition to Transocean's Motion for Partial Judgment on the Pleadings as to Punitive Damages and Halliburton Energy Services, Inc.'s Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages ("BP's Opposition" or "BP Opp.") (Dkt. No. 10210); the State of Alabama's Opposition to the Transocean and Halliburton Motions for Judgment on Punitive Damages Claims ("Alabama's Opposition" or "Ala. Opp.") (Dkt. No. 10205); and those portions of Plaintiffs' Opposition to Halliburton's Motions for Partial Judgment on the Pleadings ("Plaintiff's Opposition" or "Plaintiffs' Opp.") (Dkt. No. 10187) that address issues raised in HESI's Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages ("HESI's Motion") and Memorandum in Support ("HESI's Mem.").

1

punitive damage claims must fail. Finally, because HESI demonstrates that Plaintiffs are not entitled to seek punitive damages as a matter of law, HESI's Motion is ripe for determination.

## II.     ARGUMENT AND AUTHORITIES

### A.     Plaintiffs failed to address HESI's Argument that OPA displaces maritime law and does not permit the recovery of punitive damages.

HESI argued that the punitive damages claims of Plaintiffs asserting economic damages—including plaintiffs who are not members of the Economic and Property Damages Settlement Class (the "BP Class")[2]—fail because OPA displaces maritime law and does not permit the recovery of punitive damages. HESI's Mem. at 8-18. BP agrees with HESI on this point. *See* BP's Opp. at 13 ("BP agrees with HESI that, as a matter of law, claims for alleged economic losses cannot be augmented by punitive damage awards since. . . OPA provides only for compensatory damages and OPA displaces maritime law.").[3] Since Plaintiffs did not address this issue, HESI will not reiterate those arguments here.[4]

### B.     Plaintiffs' claim for punitive damages without a claim for compensatory damages is improper.

Even if OPA did not prevent Plaintiffs from recovering punitive damages from HESI, those Plaintiffs who are members of the BP Class have forfeited their right to do so. Since such plaintiffs no longer have claims against HESI for compensatory damages, they no longer have a basis for any claim for punitive damages. According to the Fifth Circuit, "generally, we only

---

[2] Plaintiffs assert that the settlement does not affect claims of non-settling economic damage plaintiffs. Plaintiffs' Opp. at 11. However, these claims are affected by HESI's OPA argument. Plaintiffs also point out that the settlement does not affect personal injury plaintiffs. HESI's Motion does not address such plaintiffs, unless they are members of the Medical Benefits class, in which case, HESI's argument, *infra* at Section II.B, does apply.

[3] BP's rhetorical statement that it "accepts HESI's concession that HESI is liable in contribution for its causal role in creating the *Deepwater Horizon* incident" is nonsensical. BP Opp. at 13, n. 5. HESI made no such concession, but merely pointed out that recovery, <u>if any</u>, from non-Responsible Parties under OPA must be made by way of an action for contribution by the responsible party or parties. HESI's Mem. at 11.

[4] Plaintiffs also failed to address HESI's argument that they are not entitled, as assignees, to recover contribution for any amount paid by BP to settle claims for punitive damages.

2

allow independent awards of punitive damages upon a finding of a constitutional violation by a defendant." *Abner v. Kan. City S. R.R. Co.*, 513 F.3d 154, 158 (5th Cir. 2008) (citing *La. ACORN Fair Hous. v. LeBlanc*, 211 F.3d 298, 303 (5th Cir. 2000)).

Plaintiffs and Alabama note that, according to *LeBlanc*, "there is no established federal common law rule that precludes the award of punitive damages in the absence of an award of compensatory damages." Plaintiffs' Opp. at 13; Alabama Opp. at 2. But neither acknowledge that *LeBlanc* goes on to say that the Fifth Circuit "find[s] most instructive our own circuit's case law limiting punitive damages awards absent an actual damages award, to cases were [*sic*] a violation of a constitutional right has occurred." 211 F.3d at 303. In *Abner*, the Fifth Circuit recognized another exception for cases involving statutes with caps on punitive damages, such as Title VII cases. 513 F.3d at 158. The *Horizon* litigation involves neither situation. Accordingly, because Plaintiffs are no longer in a position to "be awarded" compensatory damages, their claims for punitive damages fail.

Plaintiffs attempt to distinguish the cases cited by HESI by arguing that they actually sustained damages. Plaintiffs' Opp. at 13-14. But the cases cited by HESI on this issue are directly on point. For example, in *Amwest Savings Ass'n v. Statewide Capital, Inc.,* 144 F.3d 885 (5th Cir. 1998), the Fifth Circuit addressed a nearly identical situation to the one created by BP's full compensation of Plaintiffs' compensatory damage claims. Plaintiffs attempt to distinguish *Amwest* on the ground that "plaintiffs were found not to have suffered damages as a result of the tortfeasor's conduct," but neglect to mention that the reason the plaintiff did not suffer damages is that a third party (the FDIC) compensated plaintiff for its damages. Plaintiffs' Opp. at 15; 144 F.3d at 888-890. In *Amwest*, the plaintiff <u>had</u> been damaged by the defendant and proved up $22

3

million in compensatory damages at trial.  *Id.* at 888.  But because another party compensated the plaintiff for its damages prior to trial, Amwest could not recover punitive damages.

Plaintiffs likewise dismiss the import of *Virgilio v. City of New York*, 407 F.3d 105 (2nd Cir. 2005), stating that, in *Virgilio*, the Second Circuit "ruled that plaintiffs who accepted money from the [Victim Compensation] fund could not thereafter seek punitive damages on the basis of a 'statutorily imposed waiver,' a matter totally irrelevant to the present case."  Plaintiffs' Opp. at 15 (citations omitted).  The "statutorily-imposed waiver" in *Virgilio* applied only to "damages sustained."  407 F.3d at 116.  The *Virgilio* plaintiffs argued that this meant compensatory damages only, and that they could still pursue punitive damages.  *Id*.  While noting that this argument held "some appeal," the Second Circuit noted that it overlooked the essential nature of punitive damages under New York law, which is to punish, rather than to make the victim whole, and noted that punitive damages cannot be awarded <u>without some compensatory injury</u>.  *Id*. at 116-17.  Thus, in *Virgilio*, because the compensatory claim was satisfied, the parasitic claim for punitive damages was also extinguished.  *Id*.  Similarly, the general maritime law and Fifth Circuit cases cited in HESI's Motion stand for the proposition that punitive damages cannot be recovered unless compensatory damages are also recovered.  *See* HESI's Mem. at 3-5.[5]  And, as in *Virgilio*, because Plaintiffs' compensatory claims have been satisfied, their punitive damages claims have been extinguished.

---

[5] HESI cited *Neal v. Barisich*, 707 F. Supp. 862 (E.D. La. 1989), *aff'd*, 889 F.2d 273 (5th Cir. 1989) and *Parr v. Nolty J. Theriot, Inc.*, No. 89-3295, 1990 U.S. Dist. LEXIS 5952, (E.D. La. May 17, 1990).  HESI's Motion at 3. Plaintiffs dismiss these cases as dealing with the characterization of punitive damages as non-pecuniary.  However, both cases address the limitation of punitive damages to cases in which compensatory damages are also recovered. *See Neal*, 707 F. Supp. at 873 ("Further it is generally held that punitive damages are not recoverable unless the plaintiff recovers for actual damages as well."); *Parr*, 1990 U.S. Dist. LEXIS 5952, at *2 (A plaintiff may not recover punitive damages absent a recovery for compensatory damages).

4

*Thrall Car Mfg. Co. v. Lindquist*, 495 N.E.2d 1132, 1136 (Ill. Ct. App. 1986), is also on point.  There, because settlement with one defendant fully compensated the plaintiff for its actual damages, its claims against the remaining defendants for punitive damages could not stand.  *Id*.  Plaintiffs' attempted distinction of *Thrall*—that there, the plaintiff had no cause of action under Illinois law against the remaining defendant and, therefore, punitive damages could not be recovered—ignores the fact that the *Thrall* court specifically held that the remaining counts were properly dismissed because actual damage could not be shown where a co-defendant satisfied them: "Plaintiff was fully compensated for its actual damages and no others are alleged; the claims against Smith and Bainbridge are thus only for punitive damages and cannot stand."  495 N.E.2d at 1136.[6]  In *Amwest*, *Virgilio*, and *Thrall*, plaintiffs sustained actual damages, just as plaintiffs argue they did here.  Yet in each case, the court disallowed the plaintiff's claim for punitive damages once compensatory damages had been satisfied by another party.

Plaintiffs cite a handful of decisions recognizing that, under certain circumstances, punitive damages might be recovered despite zero or nominal compensatory damage awards.  *See* Plaintiffs' Opp. at 14, n. 27.  But the validity of these decisions is suspect given the Supreme Court's imposition of a 1:1 ratio of compensatory to punitive damages (implicitly recognizing the need for compensatory damages) for general maritime law cases such as this one.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 513 (2008).

---

[6] Plaintiffs cite Wisconsin and Florida decisions in support of their position that punitive damages can be reserved despite satisfaction of compensatory damages.  However, in both *Wussow v. Commercial Mechanisms, Inc.*, 293 N.W. 897 (Wis. 1980) and *Stephenson v. Collins*, 216 So.2d 433 (Fla. 1968), the parties agreed to settle the compensatory damage claims with the punitive damage claims against the settling defendants reserved.  *See Stephenson*, 216 So.2d at 433; *Wussow*, 293 N.W.2d at 905.  Thus, the settling defendants in these non-precedential cases were merely held to their agreements.  Here, HESI is not a party to the settlement agreements and did not agree to reservation of punitive damages claims against it.

The same is true of *Sea Hawk Seafoods, Inc. v. Exxon Corp.*, No. 99-35878, 2000 U.S. App. LEXIS 33810 (9th Cir. Nov. 9, 2000),[7] cited by Plaintiffs for the proposition that "nothing in the caselaw. . . prohibits the reservation of a claim for punitive damages where the claim for compensatory damages has been settled." Plaintiffs' Opp. at 12 (emphasis omitted). In *Sea Hawk*, the Ninth Circuit permitted a seafood processor who did not file an independent lawsuit against Exxon to share in a class action punitive damages award on the same basis as other seafood processors based upon the invasion of a purported "federally protected right." 2000 U.S. App. LEXIS 33810, at *6-7.

In support of its holding, the Ninth Circuit cited three civil rights cases. *Id.* (citing *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493 (9th Cir. 2000) (Title VII); *Bise v. Int'l Bhd. Of Elec. Workers*, 618 F.2d 1299 (9th Cir. 1979) (Labor Management Reporting and Disclosure Act); and *Gill v. Manuel*, 488 F.2d 799 (9th Cir. 1973) (§1983)). The Ninth Circuit failed to define any "federally protected right" at issue in *Sea Hawk*; indeed, the district court was puzzled by the Ninth Circuit's ruling. *See In re the Exxon Valdez*, 236 F. Supp. 2d 1043, 1058 n.36 (D. Alaska 2002) ("The court of appeals has not made it clear what federally protected right entitled Great Western Alaska Fisheries to participate in the punitive damage award."). In any event, *Sea Hawk* is inconsistent with Fifth Circuit law. Moreover, *Baker*'s 1:1 ratio for punitive to compensatory damages necessarily requires a plaintiff seeking punitive damages under general maritime law to demonstrate an entitlement to compensatory damages. *Abner*, 513 F.3d at 158; *Baker*, 554 U.S. at 515.

Citing no authority, Plaintiffs propose that they be allowed to prove their compensatory damages, presumably in order to support their punitive damages claim, even though they are not

---

[7] *Sea Hawk* is unpublished and, therefore, has no precedential value. *See* 9th Cir. R. 36-3 (a). In fact, the Ninth's Circuit's rules prevent this opinion from being cited to the courts of the Ninth Circuit entirely. 9th Cir. R. 36-3(c).

entitled to recover such damages. Notwithstanding the waste of judicial time and resources involved in permitting thousands of Plaintiffs to offer proof of damages they have no right to pursue or recover, this procedure does not change the fact that Plaintiffs would still be improperly seeking to recover punitive damages unsupported by any remaining claim for compensatory damages, contrary to the cases cited by HESI, *supra*.

Nor could such a procedure satisfy *Baker*. Plaintiffs appear to argue that damages <u>BP</u> agreed to pay should be used to measure whether a punitive damages award against <u>HESI</u> complies with *Baker*. Plaintiffs argue (again without authority) that "the critical question" is the harm for which the tortfeasor is legally responsible, and that HESI is jointly and severally liable for all compensatory damages to the plaintiff regardless of its fault percentage. But that argument is inapplicable here, where Plaintiffs and BP settled their claims and any limitations on Plaintiffs' recovery result from that settlement rather than from forces outside their control:

> Joint and several liability applies when there has been a judgment against multiple defendants. It can result in one defendant's paying more than its apportioned share of liability when the plaintiff's recovery from other defendants is limited by factors beyond the plaintiff's control, such as a defendant's insolvency. When the limitations on the plaintiff's recovery arise from outside forces, joint and several liability makes the other defendants, rather than an innocent plaintiff, responsible for the shortfall. . . [T]he proportionate share rule announced in this opinion applies <u>when there has been a settlement</u>. In such cases, <u>the plaintiff's recovery against the settling defendant has been limited not by outside forces, but by its own agreement to settle</u>. There is no reason to allocate any shortfall to the other defendants, who were not parties to the settlement.

*McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220-221 (1994) (citations omitted) (emphasis added). In fact, any argument that BP's settlement payments can be used as a basis for imposing punitive damages on HESI runs afoul of *McDermott*'s proportionate share rule, because, under *McDermott*, BP is presumed to have paid only its proportionate share of damages attributable to its own conduct. *See Ondimar Transportes Maritimos v. Beatty St. Props., Inc.*, 555 F.3d 184,

7

187 (5th Cir. 2009) ("Under *McDermott*, a settling tortfeasor is essentially presumed to pay only for his proportionate liability, and the nonsettling defendants get no credit for the amount paid by a settling tortfeasor, even though the plaintiff ultimately may be overcompensated or undercompensated."); *Combo Mar., Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 603 (5th Cir. 2010) ("[T]he amount a settling defendant, who obtains only a release for himself, pays represents only his share of the judgment, regardless of the actual dollar amount.").[8]

Moreover, this Court has held that the settlements "will in no way affect any [of HESI's] procedural or substantive rights." Order [regarding Halliburton's and Louisiana's requests for settlement discovery] at 2 (Dkt. No. 7038). Using amounts another party paid to settle claims as a basis for assessing punitive damages against HESI would affect HESI's "procedural or substantive rights." This is particularly true here, where HESI was not permitted to take discovery on a settlement that, as BP now alleges, has resulted in the payment of "absurd" and "fictitious" awards, including substantial amounts to plaintiffs <u>who have not suffered any damage at all</u>. *See* Brief for Appellants at 57, *In re: Deepwater Horizon*, No. 13-30315 (5th Cir. May 3, 2013).

Finally, Alabama's public policy concerns are unfounded. First, the circumstances of this case—and the terms of the BP settlement—are "unique" and "extraordinary,"[9] and do not carry

---

[8] Plaintiffs argue that in *Baker*, 554 U.S. 471 (2008), the Supreme Court "included in the compensatory damage base amount (to which the 1:1 ratio found to be applicable in that case was applied) settlements that had been paid both to members of the class and to parties that were not before the Court" and included payments made by defendants other than Exxon. Plaintiffs' Opp. at 18. While that may be true, in *Baker*, the Supreme Court took "for granted the District Court's calculation of the total relevant compensatory damages." The Supreme Court <u>in no way</u> passed on the propriety of that calculation or addressed its inconsistency with *McDermott*.

[9] *See* Dkt. No. 6266-1 at 13 ("The Agreement includes four overarching features that are uniquely designed to guarantee the fairness and adequacy of the proposed settlement: First, Section 4.4.10.3 of the Agreement provides for the satisfaction of all economic and property loss claims by class members arising out of the oil spill, even for losses caused by the actions or omissions of Transocean or Halliburton. In other words, BP has taken the extraordinary step of agreeing to pay off of those compensatory damages itself even though the spill was a multi-party, multi-causal event.").

8

public policy implications beyond this litigation. It is unlikely that defendants will, as Alabama predicts, refuse to settle cases in the misguided hope that their co-defendants will settle all compensatory damages without obtaining the total release of all potential joint tortfeasors necessary to preserve their contribution claims against other defendants. *See Combo Mar.*, 615 F.3d at 604. Moreover, it is untrue that non-settling Plaintiffs would be prevented from settling with BP in the future because they would be required to do so at the expense of their punitive damages claims against HESI. Non-settling Plaintiffs, including Alabama, are free to settle with BP on any terms they negotiate. They will only lose their punitive damage claims against HESI if they structure a settlement requiring that result.

**C.     HESI's Motion is ripe.**

Finally, HESI is entitled to seek dismissal of claims that have no legal basis, just as BP did when it sought dismissal of the punitive damages claims against it. *See* Dkt. No. 1440, 1440-1. In arguing otherwise, BP attempts to rely on a misapplication of the ripeness doctrine. The majority of the cases BP relies on address ripeness in its proper context—that is, as a component of a court's subject matter jurisdiction. *See* BP Opp. at 8-11. Since BP is not arguing that the Court lacks subject matter jurisdiction over the claims in this case, these cases are inapplicable.

Nor do cases addressing ripeness for appellate review have any application here. *See Auster Oil & Gas, Inc. v. Stream*, 891 F.2d 570, 581 (5th Cir. 1990);[10] *Hanna v. Maxwell*, 415 Fed. Appx. 533, 535 n.3 (5th Cir. 2011). HESI is not seeking appellate review of an issue on which a district court must still rule, as was the case in *Auster* and *Hanna*. BP is, in reality,

---

[10] BP misleadingly quotes the Fifth Circuit in *Auster* as stating "[u]nless and until punitive damages are awarded, [the issue of the policies' coverage of punitive damages] is not ripe for consideration. . . ". BP Opp. at 11. In *Auster*, the Fifth Circuit found it unnecessary to reach the issue of insurance coverage for punitive damages, stating "[o]n prior appeal, we remanded this case for further proceedings on the issue of damages. Unless and until punitive damages are awarded, that issue is not ripe for consideration upon appeal." 891 F.2d at 581 (emphasis added).

9

asking the Court to deny HESI's Motion as premature. *See* BP Opp. at 11. But HESI is well within its rights to seek dismissal of claims that have no legal basis. *See* Fed. Rule Civ. P. 12(c); Fed. R. Civ. P. 56(a).

HESI demonstrates in its Motion and herein the reasons Plaintiffs are not entitled to recover punitive damages against HESI. Given HESI's position, Plaintiffs should not be permitted to continue to assert claims for damages to which they are not entitled. HESI is entitled to judgment as a matter of law, or, in the alternative, summary judgment.

### III.   CONCLUSION

For the foregoing reasons, HESI asks that the Court grant it judgment on the pleadings or, alternatively, summary judgment as to Plaintiffs' claims for punitive damages against HESI and any contribution claim for punitive damages, whether asserted by BP or by the Economic Class as BP's assignee.

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:**  /s/  *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No.  00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No.  20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No.  24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Reply in Support of Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 31st day of May 2013.

/s/ Donald E. Godwin
Donald E. Godwin