**UNITED STATES DISTRICT OF COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010** | § | **MDL No. 2179** |
| | § | **SECTION: J** |
| | § | **JUDGE BARBIER** |
| | § | **MAG. JUDGE SHUSHAN** |
| **Applies to: No. 10-2771, and All Cases** | § | |

**REPLY MEMORANDUM TO BP'S AND THE PLAINTIFFS' RESPONSES TO HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVE MOTION FOR SUMMARY JUDGMENT REGARDING BP'S ASSIGNMENT OF CLAIMS**

Defendant Halliburton Energy Services, Inc. ("HESI") files this Reply Memorandum to BP's and the Plaintiffs' Responses to HESI's Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding BP's Assignment of Claims (Dkt. No. 8268) ("HESI's Mot.").[1] In reply to both Responses, HESI would show the following:

## I. SUMMARY OF ARGUMENT

BP's assignment of claims to the Plaintiffs' Economic Class against HESI in their Economic Agreement is invalid -- whether the assignment is for alleged first-party damages, payment of alleged third-party claims, or for punitive damages. None of BP's nor the Plaintiffs' justifications for upholding such an assignment changes this result for the following reasons:

- Having purportedly assigned its alleged claims to the Economic Class, BP no longer has standing to support the validity of the assigned claims;
- BP's own attempts to abrogate the settlement terms of the Economic Agreement support HESI's arguments that it is not responsible in contribution for settlement payments that are not reasonable;

[1] BP and the Plaintiffs each filed opposition briefs (Dkt. No. 10203) ("BP's Opp.") and (Dkt. No. 10187) ("Plaintiffs' Opp.").

- BP, as the OPA Responsible Party, and the Plaintiffs Economic Class cannot sidestep binding precedent by misinterpreting the clear intent of OPA's contribution scheme and Supreme Court precedent concerning the "settlement bar rule";
- BP has made voluntary settlement payments without HESI's consent or approval, including damages outside of HESI's scope of liability. These payments do not entitle Plaintiffs to contribution claims against HESI;
- Recovery by the Economic Class under BP's assignment would result in an impermissible double recovery;
- BP's assignment creates an improper class action suit against HESI without protection of HESI's procedural and substantive rights;
- Finally, BP's OPA arguments ignore the Court's Order regarding the indemnity provisions of the BP/HESI Contract as well as the Contract's anti-assignment provisions.

For these reasons, HESI's Motion should be granted.

## II. ARGUMENT AND AUTHORITIES

### A. BP's response to HESI's Motion is unwarranted because BP has purportedly assigned the alleged claims to the Economic Class and no longer has standing to support the validity of the claims.

In the Class Settlement, BP assigned claims and causes of action against HESI to the Economic Class. (Dkt. No. 6430 at Ex. 21, §§ 1.1.3-1.1.8). BP expressly disclaimed any warranties or representations concerning the validity, value, veracity, enforceability, or assignability of the claims purportedly assigned. *Id*. at §1.1.4.6. Further, BP agreed that it would not seek to pursue any such assigned claims in the event the assignments were found to be invalid. *Id*. Consequently, BP lacks standing to file a response to HESI's Motion. *Megaparts v. Highcom Security, Inc*., No. 09-4052, 2010 U.S. Dist. LEXIS 63497, at *11-13 (D.N.J. June 25, 2010) (no standing to file opposition brief after assignment of claim to another party). BP should not be heard on these issues, and the Court should strike its response.

### B. BP's attempts to abrogate the Settlement Agreement support HESI's claims that it is not liable in contribution for settlement payments that are not reasonable.

BP is currently arguing before the Fifth Circuit that the Settlement Agreement should not be enforced as written. *See* Brief for Appellants at 6, *In re: Deepwater Horizon*, No. 13-30315

(5th Cir. May 3, 2013). BP has pointedly and repeatedly challenged this Court and the Claims Administrator for authorizing payments BP supposedly did not anticipate, expect or authorize.

BP's protests to the Fifth Circuit validate HESI's argument: to the extent BP agreed to make voluntary, unreasonable settlement payments, including "fictitious or inflated" claims, such payments cannot support a valid contribution claim against HESI. *See* HESI's Mot. at 12-15. Nor can such payments be used as a baseline for determination of punitive damages.

**C. BP, as the OPA Responsible Party, and the Plaintiffs' Economic Class cannot sidestep binding precedent by misinterpreting the clear intent of OPA's contribution scheme and Supreme Court precedent concerning the "settlement bar rule."**

As noted in HESI's Motion, the Supreme Court has held that a general maritime law claim in contribution cannot exist for a settling tortfeasor against a non-settling tortfeasor unless the settling party obtains a full and final release of the non-settling tortfeasor, and this principle has been followed by the Fifth and Eleventh Circuits. *See* HESI Mot. at 8-11 (citing *McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994); *Boca Grande Club, Inc. v. Fla. Power & Light Co*., 511 U.S. 222 (1994); *Combo Maritime, Inc. v. United Bulk Terminal, LLC,* 615 F.3d 599, 604 (5th Cir. 2010); *Lexington Ins. Co. v. S.H.R.M. Catering Servs. Inc.*, 567 F.3d 182, 186 (5th Cir. 2009); *Ondimar Transportes Martimos v. Beatty St. Props., Inc.*, 555 F.3d. 184, 187 (5th Cir. 2009); *Murphy v. Florida Keys Elec. Co-op Ass'n, Inc.*, 329 F.3d 1311, 1314-15 (11th Cir. 2003)). Under the settlement bar rule, a settling tortfeasor has no right to seek contribution against a non-settling tortfeasor, because the settling tortfeasor is presumed to have paid only its proportionate share of liability. *Ondimar*, 555 F.3d at 187; *Murphy*, 329 F.3d at 1314-15. Binding authority from the Fifth Circuit has gone farther to hold that any assignment of claims that serves as an "end run" to this rule is invalid. *Ondimar*, 555 F.3d at 188. Another federal district court further held that even if the direct claims are barred, completely funded or otherwise non-recoverable, such facts do not abrogate the settlement bar rule – a full, binding

**release** must be obtained in order for a settling party to have a right of contribution.[2] *Taurus Marine, Inc. v. Marin County*, 2012 AMC 317, No. C 08-3195 PJH, 2012 U.S. Dist. LEXIS 16285, at *13 (N.D. Cal. Feb. 9, 2012). Tellingly, both BP and the PSC simply ignore *Taurus Marine* and its rejection of arguments that a supposed "functional equivalent" of a release can somehow substitute for an actual release for purposes of the settlement bar rule. The reason for ignoring *Taurus Marine* is obvious: HESI was not fully and finally released as part of the settlement and the settlement agreement is a calculated attempt by BP and Plaintiffs to "end-run" the settlement bar rule.

BP further attempts to muddy the waters through its assertions that BP's alleged statutory contribution and subrogation rights under OPA trump the valid and binding authority cited above. Neither Plaintiffs nor BP point to a single case supporting their position that the settlement bar rule is inapplicable simply because BP supposedly has a free-standing, un-restricted right of contribution under OPA. *See* BP Opp. at 17.

More importantly, BP's reading of OPA and its contribution and subrogation provisions contravenes Fifth Circuit precedent. One district court in the Eastern District of Louisiana held that a third-party cannot be held liable for contribution under OPA if that party cannot be characterized as a sole-cause "Responsible Party" pursuant to § 2703(a)(3) of OPA. *Gabarick v. Laurin Mar. (Am.) Inc.*, 2010 U.S. Dist. LEXIS 2210 (E.D. La. Jan. 6, 2010) (Lemelle, J.). Finding that the pleadings, together with related testimony, established as a matter of law that the third-party could not qualify as a Responsible Party under § 2703(a)(3), the district court dismissed the OPA contribution claims, but noted that the claiming party was "not precluded

[2] Moreover, BP and the Plaintiffs fail to acknowledge that the Settlement contains releases that ***expressly exclude*** HESI and Transocean. (Dkt. No. 6427 at §§11.MMMM, IIZZZ, XVI.G) (Dkt. No. 6430 at §10.3).

from seeking contribution under any law other than OPA." *Id*. at *20. On appeal, the Fifth Circuit expressly recognized and implicitly agreed with the district court's logic, but reversed the grant of summary judgment and remanded for more discovery concerning these "material issues of fact." *Gabarick v. Laurin Mar. (Am.) Inc.*, 406 Fed. Appx. 883, 888-89 (5th Cir. 2010).[3] BP and Plaintiffs fail to acknowledge that HESI has not and cannot be designated as a "Responsible Party" under OPA. Thus HESI is not liable under OPA for contribution, and the only potential contribution claims against it arise under general maritime law, with all its attendant limitations and requirements. OPA cannot be used as a shield against the settlement bar rule, and HESI cannot be held liable in contribution for damages outside the scope of its potential liability.[4]

**D. BP's voluntary settlement payments, and settlement payments outside HESI's potential liability, do not entitle Plaintiffs to contribution claims against HESI.**

BP and the Plaintiffs ignore the fact that HESI is not liable in contribution for voluntary BP settlement payments. BP chose to make payments for "Risk Transfer Premiums," and also voluntarily waived the OPA liability cap. HESI cannot be liable in contribution for payments that BP voluntarily made. Plaintiffs ignore *Durgin v. Crescent Towing & Salvage, Inc.*, No. Civ. A 00-1601, 2002 U.S. Dist. LEXIS 20126, *11 (E.D. La. Oct. 18, 2002). Similarly, OPA payments for which BP and Plaintiffs seek contribution include damages for which HESI is not liable under the applicable law. Specifically, HESI is not liable for economic losses of Plaintiffs who are not commercial fishermen or who have not suffered physical injury to a proprietary

[3] Although the *Gabarick* decisions reference § 2703 of OPA, there is no viable reason to believe that the provisions cited by BP as to HESI being "liable under the Act" can mean "liable if not a Responsible Party."

[4] Plaintiffs argue at length that HESI's cases are inapposite because plaintiffs "reserved" the right to pursue punitive damage claims against HESI. But the inherent fallacy of this argument is that any such "reservation" was made in the context of a contract between BP and plaintiffs, to which HESI was not a party, and thus cannot operate to the prejudice of HESI. To the extent plaintiffs' argument is relevant to the assignment issue, HESI adopts by reference the arguments made in its Reply In Support of Halliburton Energy Services, Inc.'s Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages.

interest. *See* B1 Order (Dkt. No. 3830 at 24-25). As a matter of law, BP's voluntary settlement payments, and payments beyond the scope of HESI's potential liability, that form the basis of at least part of the purportedly assigned claims do not entitle Plaintiffs to contribution claims.

**E. Any recovery by the Economic Class under BP's assignment would result in an impermissible double recovery.**

Plaintiffs and BP acknowledge the fact that the Economic Agreement purports to fully satisfy the Economic Class's claims for compensatory damages. Therefore, any recovery by the Economic Class as assignee of BP's claims *for contribution* against HESI would result in an impermissible double recovery. (Dkt. No. 6430 at Ex. 21, § 1.1.1). Such a double recovery is impermissible and Plaintiffs are not entitled to pursue BP's contribution claims. Plaintiffs ignore *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 423 n. 10 (2009), and *In re Complaint of Weeks Marine, Inc.*, Civ. No. 04-0494, 2006 U.S. Dist. Lexis 52838, *26-33 (D.N.J. Aug. 1, 2006).

Further, BP's new position, as expressed to the Fifth Circuit, is that some of the damages it is paying in accordance with the Economic Settlement are "frivolous," and "capricious awards to uninjured claimants." This concession highlights the "double recovery" issue. If BP's position is correct, plaintiffs seek double recovery of monies that BP itself contends is "money to businesses with no losses at all" or "windfall compensation to thousands of businesses that could never have hoped to recover a penny in litigation." While HESI continues to rely on this Court's statement that nothing in the Settlement Agreement will impact HESI's procedural or substantive rights, the current dispute between BP and the Plaintiffs heightens the concerns that HESI has previously raised regarding payments made under the Settlement Agreement. In defending against potentially spurious contribution claims, every claim will require investigation and discovery. Allowing the assignment of these alleged contribution claims in the face of clear

precedent showing the assignment to be invalid would have the unfortunate effect of increasing and delaying this massive litigation.

**F. BP's assignment creates an improper class action suit against HESI in violation of HESI's substantive and procedural rights.**

BP assigned claims and causes of action against HESI to the Economic Class "only as a juridical entity, and not to Economic Class Members individually." (Dkt. No. 6430 at Exh. 21, §§ 1.1.3 - 1.1.3.8). Plaintiffs' assertion that this is merely an assignee standing in the shoes of an assignor is overly simplistic and incorrect. Plaintiffs' Opp. at 2-3, 6-13.[5] As HESI has previously stated, BP and the Plaintiffs sought class certification <u>for settlement purposes only</u>. *See* HESI's Mot. at 4.[6] No class, however, has ever been certified as to HESI. BP's attempted assignment can only lead to an inconsistent result defying the very rationale and purpose of class actions under Rule 23. *See generally Amchem Prods, Inc. v. Windsor*, 521 U.S. 591 617 (1997). BP and the Plaintiffs cannot circumvent these procedures by merely assigning BP's claims

---

[5] Plaintiffs cite *In re PNC* with the parenthetical explanation: "approving settlement that included assignment of contribution rights over the objection of a non-settling defendant." Plaintiffs' Opp. at 19. While the holding in *In re PNC* does approve a settlement that included an assignment of all claims against the non-settling defendant over the non-settling party's objection, it should be noted that contribution claims were not specifically addressed as being included in the assignment. *In re PNC Fin. Servs. Group, Inc., Sec. Litig*., 440 F.Supp.2d 421, 426 (W.D. Pa. 2006). It is misleading to say that the judge agreed to assignment of contribution claims over the non-settling defendant's objection when the issue was not raised. Plaintiffs also rely upon the following cases to support their argument that the Court properly approved the Settlement Agreement including the assignment of claims: *In re Combustion, Inc*., 968 F.Supp. 1116, (W.D. La. 1997), and *McMillon v. Hawaii*, 2011 U.S. Dist. LEXIS 17859 (D. Haw. Feb. 22, 2011). *See* Plaintiffs' Opp. at 19. However, in the cited cases the non-settling defendant(s) never objected to the proposed settlements. Finally, the Plaintiffs rely upon *Combo Maritime v. U.S. United Bulk Terminal*, 615 F.3d 599 (5th Cir. 2010) and *LRA v. Socialist People's Libyan Arab Jamahiriya*, 533 F.3d 837, 840 (D.C. Cir. 2008) to support their claim that the Economic Class's assignment from BP is valid. Yet, unlike the present case, neither *Combo Maritime* nor *LRA* were class action lawsuits. Thus, the PSC's reliance upon these authorities is misplaced.

[6] This Court also recognized in its Order and Reasons [Granting Final Approval of the Economic and Property Damages Settlement Agreement] ("Economic Approval Order") that "the Economic and Property Damages Class . . . may be certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), for purposes of settlement only." (Dkt. No. 8138 at 24).

against HESI to the Economic Class because a class action may not proceed without proper certification.

BP and Plaintiffs do not deny that the case law is clear: before a class is certified, a district court must conduct a rigorous analysis to determine that certain prerequisites are met. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 573 (5th Cir. 1995). That was not the case here. Moreover, HESI was denied its requested opportunity to take discovery or make objections to the settlement or proposed classes; yet, the Economic Class now seeks to assert assigned claims against HESI.

Additionally, Plaintiffs and BP do not refute the fact that class action proceedings are forbidden in limitation proceedings. *Lloyd's Leasing, Ltd. v. Bates,* 902 F.2d 368, 370 (5th Cir. 1990); *see also Gabarick v. Laurin Mar. (Am.) Inc.*, Civil Action No. 08-4007, 2009 U.S. Dist. LEXIS 27180, *27-28 (E.D. La. Jan. 12, 2009). The Phase One, February 2013, trial was a trial within a limitation proceeding. *See* Second Amended Pretrial Order No. 41 [Case Management Order No. 4] (Dkt. No. 6592); Pretrial Order No. 54 (Dkt. No. 8173). Therefore, BP's assignment of direct first-party claims against HESI, to the Economic Class results in an improper and invalid class action suit against HESI.

Moreover, as discussed above, BP's clear acknowledgement (as expressed in its Fifth Circuit appeal) that the damages it is paying in accordance with the Economic Settlement are "frivolous," and "capricious awards to uninjured claimants" also highlights the incredible prejudice HESI has incurred due to the Assignment, Economic Agreement, and the formation of the Economic Class. HESI was never given the opportunity to investigate the class, review alleged supporting damage documentation, nor review the claims process, and now finds itself in the ironic position of having BP agree with its suspicion that many such claims are

unsupportable as a matter of law. Now, if the Assignment is upheld, Plaintiffs, as a class never certified against HESI, will attempt to utilize these alleged payments "of money to businesses with no losses at all" or of "windfall compensation to thousands of businesses that could never have hoped to recover a penny in litigation" to support additional damages against HESI. Such an inequitable result should not be countenanced, especially when HESI has never been allowed to contest the formation of any class to pursue these claims.

**G. Plaintiffs and BP ignore the Court's Order regarding the indemnity provisions of the BP/HESI Contract as well as the Contract's anti-assignment provisions.**

BP, and the Plaintiffs purporting to stand in BP's shoes, ignore the contractual provisions in the BP/HESI Contract that entitle HESI to indemnification if Plaintiffs sue HESI directly for certain damage claims. *See* Contract at § 19.7(b). Significantly, this Court ruled that BP is required to indemnify HESI for third-party compensatory claims that arise from pollution or contamination. (Dkt. No. 5493 at 3). BP also fails to address that under the Contract, BP affirmatively agreed to indemnify, release, defend and hold HESI harmless for any consequential losses BP may incur as a result of the Incident. *See* Contract § 21. The Contract also provides indemnities and releases for HESI relating to damages resulting from loss or damage to the well, claims for blowout or uncontrolled well condition, and damage to any reservoir. *See* HESI's Mot. at 18.[7]

The terms of the BP/HESI Contract are clear and direct, and each provision must be enforced. *See Reliant Energy Services, Inc. v. Enron Can. Corp.*, 349 F. 3d 816, 822 (5th Cir. 2003). BP cannot simply evade its indemnity obligations under the Contract under the pretense of a contribution claim, whether withheld or assigned. Rather, BP must indemnify HESI for the

[7] In this Reply, HESI does not address the potential effect of a gross negligence finding on the validity of the release and indemnity, or the assignability of claims, but reserves the right to file a motion on these issues at the appropriate time.

claims covered by the Contract. An assignment does not change that result, as BP cannot assign a claim that it does not possess in the first place. A valid and unqualified assignment operates to transfer to the assignee no greater right or interest than was possessed by the assignor. *See Florida Bahamas Lines, Ltd. v. Steel Barge "Star 800,"* 433 F.2d 1243, 1246 (5th Cir. 1970). Since BP is required to indemnify HESI for both third party and first party claims arising from the *Deepwater Horizon* incident, it has no contribution claims to validly assign to the Plaintiffs.

Plaintiffs also incorrectly allege that HESI has mistakenly confused BP's claim for contribution with BP's claim for its "own first-party direct damages incurred by BP." Plaintiff's Opp. at 2-3, 6-13. Plaintiffs further allege that there is nothing preventing BP from assigning extra-contractual claims, arising in tort, in equity, or under the provisions of OPA or other statutes. Plaintiff's Opp. at 11-13. The Plaintiffs' position is incorrect. BP's purported assignment of direct claims against HESI to Plaintiffs violates the Anti-Assignment provision, § 8.1, of the BP/HESI Contract. Rather than confront this provision, Plaintiffs and BP utterly ignore HESI's arguments and the case law cited in support. *See* HESI Mot. at 20-22.

Finally, even if one assumes that general maritime law permits the assignment of property damage claims, and even if the Anti-Assignment provision of the BP/HESI Contract is ignored, general maritime law would not permit the assignment of claims for punitive damages. *See* HESI Mot. at 23-24. Plaintiffs simply ignore HESI's argument and the case law cited in support.

## III. CONCLUSION

For the foregoing reasons, HESI asks that the Court grant it judgment on the pleadings or, alternatively, summary judgment as to claims assigned by BP to the Economic Class and all other relief to which it is entitled.

Respectfully submitted,

**GODWIN LEWIS PC**

**By:** /s/ *Donald E. Godwin*

Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply Memorandum to BP's and the Plaintiffs' Responses to Halliburton Energy Services, Inc.'s Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding BP's Assignment of Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 31st day of May, 2013.

/s/ Donald E. Godwin
Donald E. Godwin