IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179 <br><br> Section: J |
| This filing relates to: *All Cases* | * * | District Judge Carl J. Barbier |
| (Including Civil Action No. 12-970) | * * * | Magistrate Judge Shushan |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### RESPONSE BY THE CLAIMS ADMINISTRATOR TO MOTION BY CLAIMANT DANA H. FOX

The Claims Administrator for the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Claims Administrator") files this response to Claimant Dana H. Fox's Motion to Instruct Deepwater Horizon Claims Center to Handle Fox Pro-Se's Claim in a Different Manner (Rec. Doc. 10276) (the "Motion").  Mr. Fox requests "the requirement for a different handling of his claim:[Outvoted in Regards to Gulf Drilling; Fox is opposed to this day; and additional compensation for the creation of BP]."  It is unclear what specific relief Fox is requesting in his Motion. The Claims Administrator has processed Mr. Fox's claim correctly. Regardless, his Motion should be denied on the ground that he has failed to exhaust the procedural steps available to him under the Settlement Agreement to raise his arguments relating to his claim before seeking judicial review of the outcome on his claim.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

**A.  The Settlement Agreement's Procedures for Processing a Claim.**

Claimant Dana Fox filed a Failed Business Economic Loss ("BEL") claim.  The Settlement Agreement defines a Failed Business as a business entity that commenced operations

prior to November 1, 2010, and that subsequent to May 1, 2011, but prior to December 31, 2011, either: (1) ceased operations and wound down; or (2) entered bankruptcy; or (3) otherwise initiated or completed liquidation of substantially all of its assets.  S.A. § 38.68.  Exhibit 6 of the Settlement Agreement provides a framework that governs claims of Failed Businesses.  S.A. § 5.3.4.  Claimants must submit certain documents to support their Failed Business Economic Loss ("BEL") Claim.  *See* S.A. Ex. 6.  The Settlement Agreement requires the Claims Administrator to review each claim to determine whether it is complete.  If it is, the claim undergoes causation analysis and then evaluation for damages.  *See* S.A. Ex. 6.

        B.        <u>**Administrative Remedies Available to Claimants**</u>.

After the Claims Administrator reviews a claim, if the claimant is eligible the Claims Administrator issues the claimant an Eligibility Notice explaining the outcome of the review. The Claims Administrator and the Settlement Agreement provide four procedural steps for claimants who are dissatisfied with the Claims Administrator's determination on their claim to seek re-review and ultimately judicial review.

First, the Claims Administrator implemented a Re-Review process beginning on January 18, 2013, that provides claimants with the opportunity to request review of their claim within 30 days after an Eligibility Notice or a Denial Notice if they have additional documents to support their claim.  This Re-review leads to a new Eligibility Notice on the claim.

Second, Section 6.1.2.1 of the Settlement Agreement grants claimants the right to Reconsideration of their claim by the Claims Administrator if requested within 30 days after an Eligibility Notice.  Reconsideration is always available to claimants even if they do not have additional documents to submit for a Re-Review if they think that the Settlement Program:  (1) made a Calculation Error; (2) failed to take into account relevant information or data; (3) failed

to follow the standards in the Settlement Agreement; (4) made incorrect deductions from prior BP/GCCF payments; or (5) incorrectly calculated Claimant Accounting Support Reimbursement.

Third, Section 6.1.2.3 of the Settlement Agreement provides claimants who remain unhappy after the Reconsideration an appeal to the Appeal Panel. Claimants may appeal their Reconsideration outcome within 30 days after the Claims Administrator's final determination on the claim.

Fourth, under Section 6.6 of the Settlement Agreement, "the Court maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the Agreement."

Rule 10 of the Rules Governing the Appeals Process provides: " Prerequisite for Request for Court Review. No party may request review by the Court unless that party has first exhausted the appeal procedures set forth in the Settlement Agreement and the Rules Governing the Appeals Process." Mr. Fox has not taken advantage of or followed any of the four procedures available to him that are a prerequisite to seeking Court review as set forth in Rule 10.

**C.  The Processing of Mr. Fox's Claims.**

Mr. Fox filed his Failed Business Economic Loss Claim Form on October 15, 2012. Mr. Fox listed the business name as "British Petroleum Invented to Keep British Airways Going" on the Registration Form and identified the authorized representative of the business as Dana Fox, with an address in Cambridge, MA. The claimant provided multiple copies of the same letter that asks the Claims Administrator to contact the "crown of England" for documents related to the claim. The claimant did not provide any financial documentation and listed the business name on the Failed BEL Claim Form as "British Petroleum."

The Claims Administrator assigned Claim ID 91899 to the claim and first reviewed the

3

claim on January 23, 2013.  Because the claimant did not provide any documentation, we cannot determine the nature of the business or the basis of the claim.  After a quality assurance review, the Claims Administrator issued an Incompleteness Notice to Mr. Fox on February 28, 2013.  The Incompleteness Notice requested complete 2010 Tax Returns, documents showing the location and type of business at the time of the Spill, a signed SWS-18, any and all projections that project the performance of the business after April 20, 2010, and documents confirming the date the business ceased operations, all of which is required by the Settlement Agreement before the Claims Administrator may issue an outcome on the merits of the claim.  The claimant responded to the Incompleteness Notice on March 25, 2013, with a letter that did not include any of the documentation requested in the Notice.  The claimant also provided a copy of the original Incompleteness Notice with "Founder of BP" written next to most of the Incompleteness reasons.  After an Incompleteness Response review, the Claims Administrator issued a Follow-Up Incompleteness Notice on April 22, 2013, that again requested all documentation on the first Notice and documentation that confirms the date the business began operation.

The claimant responded to the Follow-Up Incompleteness Notice on May 21, 2013, with multiple letters, including the present Motion, but none of the materials contain any of the information requested in the Follow-Up Incompleteness Notice that is needed to review the claim.

## II. ARGUMENT

Mr. Fox's claim (Claim ID 91899) is incomplete.  The Claims Administrator will have no choice but to issue a notice denying the claim as fatally incomplete.  Instead of following the Settlement Agreement by requesting Re-Review or Reconsideration, or appealing his claim to the Appeal Panel, as provided by the Claims Administrator and the Settlement Agreement, Mr.

Fox has filed the present Motion.  It is not clear what Mr. Fox requests in his Motion other than "a different handling of his claim."  No such procedure is provided under the Settlement Agreement and none should be imposed upon it.

The provisions of the Settlement Agreement on the steps for processing and reviewing claims were extensively negotiated by the parties and carefully crafted to afford claimants multiple opportunities to present materials to the Claims Administrator to ensure the accuracy of Claims Administrator determinations on claims, while also achieving an efficient process for the processing of the thousands of claims that the Claims Administrator would receive.  BP and counsel for all the Class Members agreed this process.  This Court has approved the process in the Settlement Agreement as well. The official Court Notice informed the Class Members that the Settlement provides a process to resolve disagreements if they are not satisfied with their payments.

The Court recently denied a motion by another claimant requesting Court review of his claim prior to exhausting the appeal procedures set forth in the Settlement Agreement and the Rules Governing the Appeal Process.  5/23/13 Boothe Order (Rec. Doc. 10235).  Section 6.6 of the Settlement Agreement provides:

> Court Inherent Jurisdiction. The Court maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the Agreement. Upon reviewing such a determination, the Court shall treat the Appeal determination as if it were a recommendation by a Magistrate Judge.

Settlement Agreement § 6.6.  Rule 10 of the Rules Governing the Appeal Process provides:

> Prerequisite for Request for Court Review. No party may request review by the Court unless that party has first exhausted the appeal procedures set forth in the Settlement Agreement and the Rules Governing the Appeals Process.

(Rec. Doc. 10185).  The Court relied on these provisions in denying the motion.

Mr. Fox did not opt out of the Settlement and therefore remains a potential member of the

5

Economic Class, bound by the terms of the Settlement Agreement. He thus agreed to follow the procedures provided by the Settlement Agreement for the processing of his claim and to pursue no further remedies. He cannot now repudiate and ignore that portion of the Settlement Agreement that requires him to seek review of his claim through the steps called for and by the Settlement Agreement.

Claimants cannot by-pass the Court-approved processes in the Settlement Agreement and seek remedies not provided in the Settlement Agreement. Allowing claimants to do so would disrupt the processing of claims under the Settlement Agreement and impair the Claims Administrator from achieving its objective of processing all claims expeditiously and fairly, applying the same rules and procedures to all claimants equally. Following the agreed-upon remedies prescribed by the Settlement Agreement is the most expeditious method to resolve the claimant's objection to the Claims Administrator's processing of his claim.

### III.  CONCLUSION

For the foregoing reasons, the Claims Administrator submits that the claimant's Motion should be denied. Mr. Fox should be directed to follow the procedures of the Settlement Agreement for the processing and final determination of his claim.

/s/ Patrick A. Juneau
PATRICK A. JUNEAU
CLAIMS ADMINISTRATOR

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June 2013, the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and has been mailed by first class mail, postage prepaid to the claimant, Dana H. Fox, at 955 Mass. Ave #155, Cambridge, MA 02139.

/s/ Patrick A. Juneau
PATRICK A. JUNEAU
CLAIMS ADMINISTRATOR