**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | * * * | Civil Action No. 10-2771 MDL No. 2179 |
| THIS DOCUMENT RELATES TO: IN RE: TRITON ASSET LEASING GmbH Case No. 2:10-cv-02771-CJB-SS | * * | Section: J |

_____

**ANSWER AND CLAIM OF DOUGLAS ACTON *ET AL*.**

**ANSWER**

Come now CLAIMANTS Douglas Acton and all other Claimants listed in Exhibit A, and, pursuant to Supplemental Rule F(5), Supplemental Rule A(2), and Rules 7(a)(2), 8 and 12(a)(1)(A) of the Federal Rules of Civil Procedure, in answer to the Complaint in Limitation of the four Transocean entities (collectively "Transocean" herein) which have complained in this case for exoneration from or limitation of liability from the DEEPWATER HORIZON oil spill, and says as follows:

1.      Admit that the Complaint in Limitation of Liability is within the admiralty and maritime jurisdiction of the United States, but respectfully assert that certain of the claims of these plaintiffs may be governed by the substantive law of one or more states, and may not in their entirety be within the admiralty and maritime jurisdiction of this Court.

2-5.    Admitted.

6.      Denied.  Under the Limitation of Liability Act only an "Owner" or a "Charterer" (which case law clearly defines as a demise or bareboat charterer) may properly petition for limitation of liability.   An "operator" which is neither an owner nor a demise or bareboat charterer may not petition for nor obtain limitation of liability. Claimants deny that *all four* of these Transocean entities fit into these *two* statutory categories, "owner" or (demise or bareboat) "charterer."

7.      Denied.

8.      Admitted.

9.      The allegation the DEEPWATER HORIZON was at the time and place of the event "conducting normal drilling operations," is denied, but the other allegations of paragraph 9 are admitted.

10.     Denied.

11.     Denied.

12.     Denied.

13-16.  Admit that the Transocean entities have been sued in many suits in many courts in many states.  The remainder of paragraphs 13-16 are denied for lack of sufficient information upon which to form a belief.

17.     Admitted.

18.     Denied for lack of sufficient information upon which to form a belief.

19.     Admitted.

20.     Denied.  In particular, without waiving any other grounds, Paragraph 20 of the complaint purports to claim exoneration from or limitation of liability for claims under the Oil Pollution Act of 1990.  Although plaintiffs later informed the Court that they no longer sought a stay of any claims made in other cases under that Act, and although the Court modified the injunction in that respect, the claim for exoneration from or limitation of liability for claims under the Oil Pollution Act of 1990 remains in paragraph 20 of the Complaint. Claimants deny that plaintiffs may properly seek exoneration from or limitation of liability for claims under the Oil Pollution Act of 1990, as is made clear by decisional law in the United States Court of Appeals for the Fifth Circuit.

21-22. Denied.  Certain claimants, notably the Vietnamese Fishermen, have pleaded that the various stages of these events constitute "distinct occasions" within the meaning of a 1935 amendment to the Limitation Act, necessitating multiple limitation funds, perhaps of different sizes. Pending further factual development in the lawsuit, on this issue the allegations in paragraphs 21-20 or elsewhere in the complaint, to the extent if at all that they may suggest that these events were a single "occasion" within the meaning of the Limitation Act, are denied for lack for sufficient information upon which to form a belief.

23.     Admit that the complaint was timely filed; denied for lack of sufficient information upon which to form a belief the other allegations of paragraph 23.

24.     Admit that the Complaint in Limitation of Liability is within the admiralty and maritime jurisdiction of the United States, but respectfully asserts that certain of the claims of

these plaintiffs may be governed by the substantive law of one or more states, and may not in their entirety be within the admiralty and maritime jurisdiction of this Court.

## FIRST DEFENSE

The claim by "operators" for limitation or exoneration fails to state a claim upon which relief may be granted.  In particular, without limiting the generality of the foregoing, the claim by Plaintiffs as "operators" fails to state a claim.  Under the Limitation of Liability Act only an "Owner" or a "Charterer" (which case law clearly defines as a demise or bareboat charterer) may properly petition for limitation of liability.  An "operator" which is neither an owner nor a demise or bareboat charterer may not petition for nor obtain limitation of liability.

## SECOND DEFENSE

The events made the basis of this proceeding occurred within the privity or knowledge of plaintiffs.

## THIRD DEFENSE

The DEEPWATER HORIZON was not seaworthy at the material times.

## FOURTH DEFENSE

Plaintiffs did not use due diligence to make the DEEPWATER HORIZON seaworthy.

## CLAIM FOR DAMAGES

1.      This is an action to recover damages suffered by these Claimants as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of, the oil rig

Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April 20, 2010, at or about 10:00 p.m. on the outer Continental Shelf.

2.      Claimants bring this action for damages against Plaintiffs.

## THESE CLAIMANTS

3.      Claimants, each have suffered property damage by the contamination of their property with oil, dispersants or other contaminants, and/or have suffered loss of value of their real property, all as a result of the events described above and below.  Each has suffered damages that are more fully described below.

## TRANSOCEAN ENTITIES

4.      Plaintiffs have represented to the Court in the Complaint which they filed to begin this case, that they were the owners, charterers and/or operators of the DEEPWATER HORIZON at the date and place of the events made the basis of the Limitation Proceeding.  As such they are responsible parties, liable for these claims, jointly and severally with other entities which are not parties to this proceeding at this time.  The Transocean entities which filed this proceeding have not yet differentiated among themselves for any reason, and for that reason we will refer to them collectively as "Transocean."

## FACTUAL ALLEGATIONS

5.      Some or (they allege) all of the various Transocean entities who are Plaintiffs herein allege in this case that they are the owners, charterers and/or operators of the DEEPWATER HORIZON, a semi-submersible mobile drilling rig, which was performing

completion operations for BP, BP Exploration, BP America, and BP Products on the outer

Continental Shelf, at the site from which the oil spill originated.

      6.      At all times material hereto, the DEEPWATER HORIZON was owned, manned,

possessed, managed, controlled, chartered and/or operated by one or more of the Transocean

entities which are Plaintiffs herein, and/or one or more BP entities.

      7.      Transocean, or its predecessors, is the designer of the DEEPWATER HORIZON.

      8.      The fire and explosion on the DEEPWATER HORIZON, its sinking and the

resulting oil spill were caused by the combined and concurring negligence of Plaintiffs for

Limitation herein, and of other parties, which renders Transocean liable, jointly and severally, to

these Claimants for all their damages.

      9.      Plaintiffs for Limitation herein knew of the dangers associated with deep water

drilling and failed to take appropriate measures to prevent damage to Claimants, the Gulf of

Mexico's marine and coastal environments, where Claimants work and earn a living.

      10.      The spilled oil has caused, and will continue in the future to cause, a dangerous

environmental contamination of the Gulf of Mexico, its shorelines, and associated recreational

areas.

      11.      There are many other potential effects from the oil spill that have not yet become

known, and these Claimants reserve the right to amend this Claim once additional information

becomes available.

## CAUSE OF ACTION
### (Gross Negligence and Willful Misconduct)

18.     These Claimants incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

19.     The fire, explosion, and resulting oil spill were caused by the concurrent gross negligence and willful misconduct of Plaintiffs for Limitation herein.

20.     Upon information and belief, Claimants aver that the fire, explosion, and resulting oil spill were caused by the joint gross negligence and willful misconduct and fault of Plaintiffs for Limitation herein in the following non-exclusive particulars:

a.      Failing to properly operate the DEEPWATER HORIZON;

b.      Operating the DEEPWATER HORIZON in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

c.      Failing to properly inspect the DEEPWATER HORIZON to assure that its equipment and personnel were fit for their intended purpose;

d.      Acting in a grossly negligent manner without due regard for the safety of others;

e.      Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the DEEPWATER HORIZON which, if they had been so promulgated, implemented, and enforced, would have averted the fire, explosion, sinking, and oil spill;

f.      Operating the DEEPWATER HORIZON with untrained and/or unlicensed personnel;

g.      Failing to take appropriate action to avoid or mitigate the accident;

h.      Grossly negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

i.      Failing to ascertain that the DEEPWATER HORIZON and its equipment were free from defects and/or in proper working order;

j.      Failure to timely bring the oil release under control;

k.      Failure to provide appropriate accident prevention equipment;

l.      Failure to react to danger signs;

m.      Providing BOP's that did not work properly;

n.      Conducting well and well cap cementing operations improperly;

o.      Failure to properly design the DEEPWATER HORIZON;

p.      Failure to install and/or deploy an acoustic switch to stop the flow of oil in the event of a failure;

q.      Such other acts of gross negligence and omissions as will be shown at the trial of this matter; and

r.      Acting in a manner that justifies imposition of punitive damages.

21.      The injuries to these Claimants were also caused or aggravated by the fact that Plaintiffs for Limitation herein were grossly negligent in failing to take necessary actions to mitigate the danger associated with their operations.

22.      These Claimants have been damaged by their inability to use and enjoy their property, and have suffered property damages, as a direct result of the oil spill.

23.      These Claimants are entitled to a judgment finding Plaintiffs for Limitation herein liable to these Claimants for damages suffered as a result of Plaintiffs for Limitation herein's

gross negligence and willful misconduct and awarding these Claimants adequate compensation and punitive damages therefor in amounts determined by the trier of fact.

## **PRAYER FOR RELIEF**

WHEREFORE, these Claimants demand judgment against Petitioners in Limitation, jointly and severally, as follows:

b.      Punitive damages;

c.      Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d.      Such other and further relief available and any relief the Court deems just and appropriate.

Date: 06/03/2013

_/s/ Steven L. Nicholas_____
**Steven L. Nicholas**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sln@cunninghambounds.com

Of Counsel:
**Robert T. Cunningham**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: rtc@cunninghambounds.com

**Stephen C. Olen**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191

Fax:  251-479-1031
E-mail: sco@cunninghambounds.com

**Allison E. White,** La. Bar No. 32957
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: aew@cunninghambounds.com

# EXHIBIT A

AKRIDGE, ROBERT

ARD, LILLIE

ARRINGTON, DONNA

BAKER, III, JOHN

BALDWIN, WAYNE

BARNETT, PAUL S, AS TRUSTEE FOR THE CHARLES E BARNETT RESIDUAL SHARE TRUST

BARNETT, PAUL S., AS TRUSTEE FOR THE WANDA C. BARNETT LIVING TRUST

BENTLEY, CHERI BARTHES

BAXLEY, WILLIAM

BEARD, JR., WILLIAM

BECKER, DEBRA

BECKER, HUGH

BEECH, JUDD

BELCHER, STEPHEN A.

BELCHER, STEVEN M.

BELLEW, LYNNE

BENTON, VICTORIA

BICKERSTAFF, RACHEL

BLUE ISLAND INVESTMENTS, LLC

BORROMEO, FRANCES

BORROMEO, ROBERT

BRADLEY, RICHARD

BRANDT, JR., JOHN

BRAZELTON, DEWEY

BRAZELTON, CHERYL

BREWER, CHRISTOPHER

BRUNER, PHILLIP

BURGESS, JOEL KEVIN

BURKHARDT, ROBERT

BURKHOLDER, III, PAUL

BURKHOLDER, PAUL

BUSTER, BETTY

BUSTER, BONNIE

BUSTER, WILLIAM

BUTLER, ALLEY

BUTLER, KATHRYN

BYRD, GERALD

BYRD, JR., NEWELL

CADDELL CONSTRUCTION CO., INC.

CADE, FRANCES

CAIN, JAMES

CAMPBELL, JIM

CARPENTER, JR., LAWRENCE

CARRIGAN, CYNTHIA

CARROLL, WAYNE

CATRANIS, NICK

CHAMBLISS, CHARLES

CHILDERS, III, HARRY

CLARKE HILLS PLANTATION, LLC

COALE JR., HARWELL E.

COASTAL LAND COMPANY, LLC

COCHRAN, WANDA

COLEMAN, DONALD

COLLINS, JR., HAROLD

CONNOR, SHANNON

CONWELL, MICHAEL

COOK, DEEDRA

COOPER, WILLIAM

COOPER, JACQUELINE

CORONADO CONDOMINIUM, LLC

COTTON, HELEN AS TRUSTEE FOR THE COTTON LIVING TRUST

COTTON, HENRY

COTTON, RICK

COUNTS, ANTOINETTE MARY

COUNTS, III, BRAXTON C.

COWART, KIM

COX PROPERTIES AL, LLC

COX PROPERTIES FL, LLC

COX, WILLIAM J

CUMMINGS, LEWIS

CUMMINGS, TOMMIE

CUNNINGHAM, THOMAS

DANIEL, JR., RANDY T.

DANIEL, KIM

DARNELL, NANCY

DAUPHIN ISLAND, LLC

DAVIS PROPERTIES, LTD.

DEMPSEY, KATE

DEMPSEY, KENNETH

DESHAZO, J. MICHAEL

DESKIN, JULIE

DESOTO DEVELOPMENT CO., LLC

DESTIN SUN COAST PROPERTY, LLC

DIPLACIDO, ANN

DISMUKES, ED

DOWNING, RICHARD ROYER

DOWNS, GARY

DRUHAN, JOHN

DUFF, TERI

DUFF, DONALD

EDGE, WILLIAM

ELBRECHT, GEORGE

ELLIS, ROBERT STEPHEN

ELLSWORTH, LANDA

ESTATE OF ANNIE COSTANZO

ESTATE OF LEROY A. TOLIVER

ESTATE OF MYRNA ELY

ESTATE OF NORBORNE C. STONE

ESTATE OF WILLIAM ALLEN KRUSE

ESTATE OF WILLIAM D. SHEPPARD

EYSSEN, JAMES

FAULKNER, JR., JAMES

FINCH FAMILY LIMITED PARTNERSHIP

FISHER, MARY JANE

FISHER, DONALD

FOSTER, WILLIAM

FOWLER, GREGORY

FRANCK, II, JOHN

FRANKLIN, JOHN

FROST, CHARLES

GAINER, WILLIAM G.

GAINES, FRANCES

GANNON, TOYE

GANNON, HERBERT

GATOR WOOD PROPERTIES, LLC

GAUDET, KATHERINE

GODWIN, CHARLES

GOODLOE, JOHN

GOTTLIEB, JR., CARL

GOTTLIEB, MARY

GOTTLIEB, RICHARD

GRAVLEE, MACON

GRAY, CHARLES

GRAY, JOHN

GREER, JR., JACK

GREER, THERESE

GRIMES, JAMES

GRIMES, DEBORAH

GRIMMETT, ELWIN

GUROSKY, SUZANNE

HAAS, JAMES

HAHN, SR., P. F.

HAHN, HELEN H.

HALE, TOMMY

HANCERI, MARIANNA

HANNAH, GEORGE

HARDIN, CHARLES

HARDIN, JAMES

HARDWICK, ROBERT

HARKNESS, DAVID

HARKNESS, JR., WILLIAM

HARRINGTON, CHERYL

HARTLEY, ALESIA

HAVEN, LULA

HAYES, JAMES

HAZELRIG, LYNN

HENDERSON, JR., FRED

HENDERSON, JR., WILEY

HENRY BRICK COMPANY, INC.

HERON, LLC

HI COTTON, LLC

HILL, WILLIAM H

HINTON LUMBER PRODUCTS, INC.

HINTON, SIDNEY

HOFFMAN, DENISE

HOFFMAN, HENRY MICHAEL

HOLLON, NANCY

HONMA, KIYO

HONODEL, LESLIE

HOOD, JAMES

HORIZONS II, LLC

HORIZONS III, LLC

HOUSE OF THREADS, INC.

HOWARD, JR., EARL

HOWELL, LARRY

HUNTER, MOLLY

HURT, ASHLEY RICH

HURT, MADELYN

HURT, RYAN

HYDE, JIMMY

JA PROPERTIES, LLC

JACOBS, CAROL

JACOBS, JINNETTE

JOHNSON, BILLY

JOHNSTON, ANNE

JONES, DEBRAH, AS TRUSTEE OF THE DEBRAH R. JONES REVOCABLE TRUST

JONES, HELEN, AS TRUSTEE OF THE JACK A. SHEPARD NON-MARITAL TRUST

JONES, K.W.

JONES, LAWRENCE

JONES, RODNEY

JONES, LAURIE

JUNKINS, MICHAEL

KATEON, DONNA

KEAHL, ALFRED

KELLEY, DAVID

KEY SHELL, INC.

KIDD, DONALD

KILPATRICK INVESTMENTS, LLC

KILPATRICK, ANN

KIMBROUGH, CYNDE

KING, WILLIAM

KOCH, PAMELA

KOENEMANN, LYNN

KUBISZYN, JACK

KUBISZYN, JOHN

KULMAN, SAMUEL

L & B, INC.

LA GULF COAST PROPERTIES, LLC

LADAS, STAVROS

LAKEVIEW CAPITAL HOLDINGS, LLC

LAMB, JAMES

LAMB, SANDY

LEE DEVELOPMENT, LLC

LEE, CHARLOTTE

LEE, MARILYN

LESTER, MARTIN

LINN, KELBY

LINTON, WOODFIN

LLM PROPERTY, LLC

LOCKETT, GERTRUDE W.

LOVETT, MICHAEL

LUCE PROPERTIES, LLC

LUCE, ANNA M.

LUCE, G. MARSTON

LUCE, JEX R., JR.

LUCE, JR., DWAIN GREGORY

LUCE, LOUISE MCCLELLAND

LUCE, MARGARET

LUCE, ROBIN H.

LYON, JR., GAYLORD

MAISON SOLEIL, LLC

MANN, SUSAN

MANY, CYNTHIA

MARTIN, VIRGINIA

MAZZOLINI, EDWARD

MAZZOLINI, URSULA

MCCARRON, KEVIN

MCDONALD, BESS

MCGINLEY, KELLY

MCKNIGHT, CHARLES

MEACHAM, JOHN

MELECH, PATRICIA

MENDES, PATRICIA

MIKHCHI, MEDHI

MILLER, ANN AS TRUSTEE FOR MSD FAMILY TRUST

MILLS, ALABAMA W.

MOLGAARD, HEIDI

MOLYNEUX, LEA

MOODY, EMILY

MOORE, MARJORIE

MORRIS, JOHN

MORRIS, ROBERT K

MR. JAY'S, INC.

MURPHY, LAWSON

MYERS, BRENNAN

NEAL, HELEN, AS TRUSTEE FOR THE HELEN C. NEAL REVOCABLE TRUST

OGDEN INVESTMENTS, LLC

OWEN, CAROLE

OWENS, PHILLIP

PAAR, JAMES

PAINTING CONTRACTORS, INC

PANAYIOTOU, HERCULES

 PANAYIOTOU, PATRICIA

PANHANDLE PROPERTIES, LLC

PARK, RUTH

PASS CHATEAU DEVELOPMENT, LLC

PATE, ALLEN

PATE, BRYAN

PATE, RUSSELL

PAULUS, SHIRLEY

PEAK PROPERTIES, LLC

PENDERGRAST, SHERRILL

PENDERGRAST, HAROLD EARNEST

PERRIEN, MIMSY

PFSR TIMBER HOLDINGS, LLP

PHILLIPS, HALLIE

PHILLIPS, III, CHARLES

PINNACLE, LLC

PLACID INVESTMENT COMPANY, LLC

POWELL, III, EVERETT

PRESTON, BETTY

PRICE, DEBORAH

PRICE, PAMELA

PRICE, THOMAS L.

PRICE, THOMAS BENNETT

PRIDDY, ROBERT GLENN

PRIDDY, MARY BETH

R W & G II, LLC

R W & G III, LLC

R W & G, LLC

RABREN, MICHAEL

RADCLIFF, JR., BEN

RADCLIFF, WEBB

RAYFORD BEACH PROPERTY, LLC

RAYFORD, NEWTON

RAYFORD, THOMAS

REED, JR., MAX

REESE, ALICE

REEVES, WILLIAM

RESIDUAL TRUST U/W/O LAVERAL DONAGHEY SANDERS

RESORT PROPERTIES, LLC

RLM PROPERTIES, LLC

ROBERSON, CLEVE

ROBINSON, MARTHA

RONEY, JR., WALTER

ROUNSAVILLE, FRED

RUSSELL FAMILY LLC

SALMON, MICHAEL

SAND CASTLES AT THE BEACH II, LLC

SAND CASTLES AT THE BEACH, LLC

SANDERS, CHRISTINE

SANG, LLC

SAPPINGTON, MICHAEL

SBH FAMILY LLLP

SCOTT, CHARLES

SCOTT, ISAAC

SEA OATS, LLC

SEACHASE 602 WEST, LLC

SEYMOUR, JR., CARL A.

SHADE, LESLIE

SHEDD, JR., WILLOUGHBY

SHELL, PENELOPE

SHEPARD, JOSPEH M., AS TRUSTEE OF THE JACK A. SHEPARD NON-MARITAL TRUST

SHEPHERD PROPERTIES, LLC

SHEPHERD, J.C.

SHEPHERD, MARY RUTH

SHEPHERD, JR., JAMES J.

SIEBERT, HAROLD

SILVERSTEIN, JERRY

SILVERSTEIN, TONIA

SINGHAL, ASHOK

SINGHAL, SANGEETA

SKALNEK, KAREN

SLAH, LLC

SMITH, DARVIN

SPAFFORD, BEN

SPAFFORD, JR, GORDON

SPEAKS, MIKELL

SPEAR, MARK, AS CO-TRUSTEE OF THE REVOCABLE LIVING TRUST OF CAY R. SPEAR

SPEAR, CAY, AS CO-TRUSTEE OF THE REVOCABLE LIVING TRUST OF CAY R. SPEAR

SPEIR, LENA

SPEIR, WILLIAM

SPELL, WILLIAM

SPIRES, JR., JAMES

STAFFORD, PEARL

STAPLETON, DAVID

STEBER, JOHN

STEELE, STEVE

STEELE, MARIAM

STIMPSON, JEAN

STINSON, SR., JOHN

STINSON, WINFRED

STITT PROPERTIES, LLC

STONE ASSET MANAGEMENT

STONE, PATRICIA B.

STRICKLAND, SHELLY

STRICKLAND, SARAH ELEANOR

SULLIVAN, ASHLEY LUCE

SULLIVAN, JR., EDWARD ALLEN

SUMBLIN, ANNE & MARTIN A

SUNRISE BEACH ASSOCIATES, LLC

SYKES, CHARLES

SYKES, VICKIE

TEW, MICHAEL

THAMES, SALLY

THE FISH CAMPS AT DAUPHIN ISLAND OWNERS ASSOCIATION

THE INN AT DAUPHIN ISLAND PROPERTY OWNERS ASSOCIATION

THOMPSON, JACK

THOMPSON, JANE

VAN VICKLE, KATHY

VEASEY, SUSAN

VIC REAL ESTATE, LLC

W&M INVESTMENTS, AN ALABAMA GENERAL PARTNERSHIP

WALDROP, MARY

WALKER, MARY

WARREN, JIMMY

WATFORD-MCCLAIN CONDO, LLC

WEDELL, FREDERICK

WEINSTEIN, LUCY

WELCH, BEN

WELDEN, JR., CHARLES

WEST, JAMES

WEST, GEORGIA

WHITE, BETSY

WHITE, JR., CHARLES

WIIK, DAVID

WIIK, WILLIAM

WILKINS, III, TAYLOR

WILKS, CRAIG individually and as trustee for the BILL R. WILKS AND SARA E. WILKS
IRREVOCABLE GRANDCHILDREN'S TRUST

WILKS, SHANE individually and as trustee for the BILL R. WILKS AND SARA E. WILKS
IRREVOCABLE GRANDCHILDREN'S TRUST

WILKS, SUSAN

WILLETTE, JAMES

WILLETTE, WILLIAM

WILLETTE, LUCILLE

WILLIAMS, DONNA HARDY

WILLIAMS, ELLIOTT J., III

WILSFORD PROPERTIES, INC

WINSTANLEY, PATRICIA

WINTERS, SCOTT

WINTERS, MAE

WOHLMAN, MARLA

WORD, III, ROBERT

WRIGHT, DAVID D.

WIRGHT, ROBIN

WYNN, JOANN

YANCE, JANE

YEAGER, RAMONA

YOUNG, LYNDA

ZARZOUR, ROBERT