UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * | MDL NO. 2179 "J"(1) <br><br> JUDGE BARBIER <br><br> MAGISTRATE SHUSHAN |
| THIS DOCUMENT APPLIES TO: Case No. 12-311 | * * * | **JURY TRIAL DEMANDED** |

### LIBERTY INTERNATIONAL UNDERWRITERS, INC.'S SUPPLEMENTAL OPPOSITION TO CAMERON'S MOTION TO COMPEL LIBERTY TO COMPLY WITH THE COURT'S SUPPLEMENTAL ORDER DATED MAY 9, 2013

Liberty International Underwriters, Inc. ("LIU") submits this Supplemental Opposition to Cameron's Motion to Compel Liberty to Comply with the Court's Supplemental Order dated May 9, 2013. LIU's supplemental opposition addresses the deposition testimony of three key LIU employees, given last week, which further confirms that LIU had no written policy/procedure manuals during the relevant time period (April 2010 to December 2011) pertaining to adjustment of claims like Cameron's. Far from "playing hide the ball," as Cameron has suggested, this testimony shows that LIU's certification to the Court concerning the nonexistence of these materials was completely accurate. Based on this testimony and the materials previously submitted, the Court should deny Cameron's motion and find that LIU fully complied with the Court's order.

## ARGUMENT

Consistent with LIU's certification and other representations to the Court, three key LIU employees were deposed last week and testified as follows concerning the nonexistence of written policies/procedure manuals responsive to Cameron's Requests 13 and 15:

- James Engel, Liberty's Chief Claims Officer since September 2010, clearly testified that before approximately April-May 2012, Liberty did not have written best practices pertaining to claim-handling for its casualty line (the line of business in which the LIU policy falls). *See* J. Engel Depo., attached as Exh. A, at 39:20 to 41:7; 44:17-21. Rather, Liberty relied on the experience and judgment of its employees charged with handling claims, all of whom were "extremely experienced and well qualified." *Id.* at 40:24 to 41:7; 44:22 to 45:4.

- Jeffrey Roberts, LIU's Assistant Vice President of claims, and Jessica Rogin, LIU's Vice President of Casualty Claims, likewise testified that before spring of 2012 LIU did not have written policies/procedures pertaining to the adjustment of claims like Cameron's. *See* J. Roberts Depo., attached as Exh. B, at 18:20 to 20:8; 24:6-12; J. Rogin Depo., attached as Exh. C, at 57:4-18; 67:1-25.

Contrary to Cameron's baseless accusations, this testimony definitively shows that LIU is not "playing hide the ball" or "evad[ing] its obligation." Rec. Doc. No. 10252. Rather, precisely as LIU has maintained all along, it simply did not have any written policy/procedure manuals during the relevant time period concerning adjustment of claims like the one Cameron has made.

In their depositions, the employees referred to various documents including (1) authority letters; (2) best practices for litigation management; (3) casualty claim handling best practices adopted in 2012; and (4) consolidated reserving and claims reporting protocol. LIU already has submitted these documents to the Court *in camera*.[1] The Court agreed with LIU that these documents were not required to be produced for one of three reasons: (1) they did not pertain to adjustment of claims but rather to other matters such as litigation management or internal reporting; (2) they concerned specific individuals' authority and were not generally applicable policies/procedures; and/or (3) they were not in effect until after Cameron filed suit in January 2012 and thus had no bearing on Liberty's adjustment of Cameron's claim. Rec. Doc. Nos. 9714, 9845 ("The documents submitted for *in camera* review are not responsive to RFP Nos. 13 and 15."). Accordingly, the Court should find that LIU has fully complied with its obligations and should deny Cameron's motion.

## CONCLUSION

LIU has undertaken a diligent search for responsive claim/procedure manuals in effect during the relevant time period and has certified that it has none. The deposition testimony of LIU's key employees confirms this. Asking LIU to do any more than this would require nothing short of a file-by-file review of thousands of unrelated claim files, a highly burdensome undertaking, and would be unlikely to yield relevant or admissible evidence. For the reasons stated here and in LIU's prior submissions, the Court should find that LIU fully has complied with its obligations with respect to Cameron's Requests 13 and 15.

---

[1] With respect to (4), the consolidated reserving and claims reporting protocol, LIU submitted the index only. Complete copies of the other documents were submitted.

3

872337_1

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

and

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Gary L. Pate, PRO HAC VICE
Federal I.D. 29713
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Attorneys for Liberty International
  Underwriters, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of June, 2013.

*/s/ Judy Y. Barrasso*