

**U.S. Department of Justice**
Environment and Natural Resource Division

*P.O. Box 761*
*Washington, DC 20044*
*erica.pencak@usdoj.gov*
*202-514-1543*

May 28, 2013

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
United States Courthouse
Hale Boggs Federal Building
500 Poydras Street
New Orleans, LA 70130

  **Re:  MDL No. 2179 – United States' Response to BP's Letter Brief Regarding the Admissibility of TREX-009088**

Dear Magistrate Judge Shushan:

  BP seeks to introduce a BP-internal email summarizing a meeting BP had with MMS in 2009, over a year before the events at issue in this case occurred.  As set forth below, the email has no relevance to the issues to be tried in Phase II, and the United States therefore stands on its relevance objection to this exhibit and asks that it be excluded.

  Evidence is only relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  F.R.E. 401.  The information contained in TREX-009088 does not tend to make any fact of consequence to Phase Two of this litigation more or less probable.

  Phase Two of this litigation addresses issues relating to Source Control – "issues pertaining to the conduct of various third parties, and non-parties, regarding stopping the release of hydrocarbons stemming from the Incident from April 22, 2010 through approximately September 19, 2010" – and issues relating to Quantification of Discharge.  Dkt. 4083.  BP appears to argue that TREX-009088, an email from January 2009, is relevant to Source Control, but even accepting the argument that Source Control issues include pre-blowout preparedness for stopping the release of hydrocarbons in the event of a blow-out, TREX-009088 does not meet the standard set forth in FRE 401.

  BP mischaracterizes the document, claiming that it is "a January 2009 email chain among senior Minerals Management Service ("MMS") officials discussing a meeting that occurred in December 2008."  May 15, 2013 Letter Brief at 1.  TREX-009088 is in fact an email chain among *BP employees*, discussing the December 2008 meeting.  No U.S. government employees

are senders or recipients of either email in the chain, and the document was produced by BP. There is no indication that MMS ever reviewed the content of the email or agreed with its accuracy.

BP points to a single bullet point from TREX-009088 to argue for its relevance, a statement attributed by BP to Mike Conner[1]: "Warned HPHT locations may require proof of intervention capabilities as conditions of approval." *Id.* In its letter brief, BP characterizes this bullet point as "a statement from MMS official Mike Connor [*sic*] noting that the MMS should consider requiring well operators to prepare additional containment measures before engaging in such drilling." *Id.* But the statement attributed to Mr. Conner says nothing about what containment measures were required by MMS in 2008, whether MMS was considering changing those requirements, or whether Mr. Conner believed MMS should consider such changes. It does not address what steps MMS did or did not take after the meeting. Moreover, the statement says nothing about whether or not BP was in compliance with any such requirements at the time of the meeting or in 2010.

BP further claims that TREX-009088 "provides confirmation that the MMS understood the risks of deepwater drilling before the Macondo well was spudded but chose to maintain the status quo, and did not require enhanced intervention capabilities, *i.e.*, capabilities beyond remote or indirect BOP activation and the drilling of relief wells, for deepwater wells until after the Macondo blow-out." Letter Brief at 1. This claim is simply not supported by TREX-009088. The document does not indicate what types of intervention capabilities were required by MMS at the time of the meeting, or at the time of the Macondo spudding or blowout, or whether those requirements changed.

TREX-009088 will not assist the Court in deciding issues related to Source Control or Quantification of Discharge of oil from the Macondo well; it should therefore be excluded as irrelevant.

                 Respectfully submitted,

                 /s/ Erica H. Pencak

cc: Liaison & Coordinating Counsel

---

[1] The statement that BP attributes to Mr. Conner is classic hearsay within hearsay or "inner hearsay." While it is possible that TREX-009088 could be established as a business record exception to the hearsay rule, "the 'inner hearsay' of information provided by an outsider to the business preparing the record must likewise fall under a hearsay exception—the business records exception or some other exception—to be admissible." Dkt. 5143 at 9. The statement BP attributes to Mr. Conner does not fall under a hearsay exception; no deposition testimony establishes the accuracy of BP's recording of Mr. Conner's statement, or whether Mr. Conner made the statement at all. Now that the United States is aware of the purpose for which BP seeks to admit TREX-009088, the United States will object to this statement as hearsay within hearsay when it serves its Third Installment objections. Dkt. 8611 at 9; United States' Objections to Good Faith Phase Two Trial Exhibit List – Second Installment (E-Service No. 51884150) at 2.