# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Mark J. Nomellini
To Call Writer Directly:
(312) 862-2410
mark.nomellini@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

June 4, 2013

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re: MDL 2179 – BP's Reply Letter Brief Regarding the Admissibility of TREX-009088

Dear Magistrate Judge Shushan:

Pursuant to this Court's November 14, 2012 Order Regarding Phase Two Exhibit Lists and Evidentiary Objections (Rec. Doc. 7888), BP replies to the United States' May 28, 2013 letter brief objecting to TREX-009088.  The United States had initially objected to the exhibit as irrelevant, and in its letter brief added a new hearsay within hearsay objection.

The United States correctly states in its brief that the email is between BP employees. The United States also concedes that it "could be established as a business record" under FRE 803(6).  Equally important, the United States concedes that the individual whose statements BP employee James Grant is transcribing — MMS employee Mike Conner — is a federal official.

The United States' letter brief contends that Mr. Conner's "statement ... says nothing about … whether MMS was considering changing" its requirements for exploration activities in the Gulf of Mexico.  In fact, the exhibit states that at MMS's meeting with BP, MMS:

> "Warned HPHT locations may require proof of intervention capabilities as conditions of approval."

Notwithstanding MMS's "warn[ing]" in early 2009, MMS did not require such proof of intervention capabilities from operators in the Gulf prior to the Macondo incident for "HPHT" — high-pressure, high-temperature — wells.  The fact that MMS "warned" BP of a possible change

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
June 4, 2013
Page 2

in its requirements, but did not make such a change before the Macondo incident, is highly relevant to the issue of preparedness that other parties have injected into Phase 2 of this trial. *See* Gregg S. Perkin Expert Report (offered by PSC), at 25-29 (asserting that BP and Transocean failed to adequately prepare for responding to a deepwater blowout). The statement in the email therefore satisfies the standards of FRE 401, which require no more than that a record make ***any*** fact of consequence more or less probable. *See U.S. v. Perez-Solis*; 709 F.3d 453, 464 (2013)

The United States has raised a new objection that the exhibit contains hearsay within hearsay; this new objection is similarly meritless and should be rejected. As the United States concedes, the email itself could be established as a BP business record. (*See* Brief at 2 fn.1) So the first level of hearsay is taken care of by the business record exception.

The second level of hearsay is addressed by the admission-by-a-party opponent rule. As an admission by a party opponent, the statement made by Mr. Conner, which the Government incorrectly characterizes as "inner hearsay," is categorically excluded from the definition of hearsay under FRE 801(d)(2)(D)). Mr. Conner is a government official tasked with drilling and well safety, and his comments made at a meeting of MMS officials are admissible as admissions by the United States Government. *See* FRE 801(d)(2)(D); *see also United States v. D.K.G. Appaloosas, Inc.*, 630 F. Supp. 1540, 1564-65 (E.D. Tex. 1986) *aff'd sub nom. United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532 (5th Cir. 1987) (statements made within the scope of government attorney's authority are admissible under 801(d)(2)(D)); *Hurd v. United States*, 134 F. Supp. 2d 745, 749-50 (D.S.C. 2001) *aff'd*, 34 F. Appx 77 (4th Cir. 2002) (testimony by agents of the United States Coast Guard admissible under 801(d)(2)(D)); *Bell v. E.P.A.* 232 F.3d 546, 552 (7th Cir. 2000) (EPA memorandum admissible under 801(d)(2)(D)); *United States v. Archer-Daniels-Midland Co.*, 695 F. Supp. 1000, 1003 (S.D. Iowa 1987) *rev'd on other grounds* 866 F.2d 242 (8th Cir. 1988) (publications and deposition testimony from various federal agencies admissible under 801(d)(2)(D)); *Globe Sav. Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 97 (Fed. Cl. 2004) (deposition testimony of federal employees admissible under 801(d)(2)(D)); *United States v. American Tel. & Tel. Co.*, 498 F. Supp. 353, 358 (D.D.C. 1980) (statements made by various executive branch agencies admissible under 801(d)(2)).

The United States suggests that "no deposition testimony establishes the accuracy of BP's recording of Mr. Conner's statement, or whether Mr. Conner made the statement at all." But the

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 4, 2013
Page 3


United States has already conceded that BP employee Mr. Grant's email-which essentially consists of meeting minutes--"could be established as a business record" under FRE 803(6). (*See* Brief at 2 fn.1)  The admissibility of the second level of hearsay--Mr. Conner's statement--does not turn on the reliability of Mr. Conner's statements.  Under FRE 801, admissions by an adverse party are admissible not because they bear "indicia of reliability," but because of the inherently adverse nature of litigation proceedings.  *Bourjaily v. U.S.*, 483 U.S. 171, 190 (1987) ("with all admissions, an adversary system, rather than a reliability, rationale [is] used to account for the exemption to the ban on hearsay…"); *Jordan v. Binns*, 712 F.3d 1123 (2013)  ("the exclusion of party admissions from the definition of hearsay is based on the nature of our adversarial system, rather than any indicia of reliability")  If the United States has concerns that Mr. Conner's statement was not transcribed accurately, it is free to raise these concerns at trial; however, any such misgivings do not act to transform a party admission into objectionable hearsay.  *Id*.

     For the foregoing reasons, the United States' relevance objection should be overruled. Moreover, if the Court takes up the United States' recently asserted hearsay-within-hearsay objection at this time, it should also be overruled.


        Respectfully submitted,

        /s/ Mark Nomellini
        Mark Nomellini


cc (via electronic mail):

Michael O'Keefe
United States' MDL Counsel
Plaintiffs' Liaison Counsel

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 4, 2013
Page 4

Defense Liaison Counsel
Joel M. Gross