UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *12-311* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

CAMERON'S MOTION TO COMPEL (Rec. doc. 9959)

**GRANTED IN PART AND DENIED IN PART**

At issue is Cameron's motion to compel Liberty to comply with the May 9, 2012 order requiring Liberty to certify that it has no documents responsive to the following requests for production:

13. Documents sufficient to show all of Liberty's policies and/or procedures that relate to claims adjusting.

15. Documents sufficient to show all of Liberty's policies and/or procedures that relate to the handling of coverage disputes.

Rec. doc. 9845. Liberty certified that it did not. Rec doc. 9847. Cameron contends that Liberty did not comply with May 9 order. Rec. doc. 9959. After depositions of representatives of Liberty, the parties filed supplemental memoranda. Rec. docs. 10303 and 10305.

Portions of the deposition of Jessica Rogan are found at Exhibit A to Rec. doc. 10305. Ms. Rogan testified that: (1) when she arrived at Liberty in August 2011, she was not aware of any written guidelines (Rogan Depo. at 57); (2) the training materials she received when she arrived at Liberty did not offer any guidance as to Liberty's procedures for the adjustment of claims (Id. at 60); (3) from the fall of 2011 through the winter of 2012, she worked on a written best practice manual

for adjusting claims at Liberty (Id. at 56); (4) the objective was to put together uniform standards for claim handling for Liberty's adjusters (Id. at 57); (5) she sought to memorialize the best practices of Liberty for claim handling as she saw them (Id. at 63); (7) she drafted two manuals: (a) best practices for litigation management; and (b) best practices for claim handling (Id. at 63); (8) the claim handling document is five to ten pages long (Id. at 63); and (9) her draft was edited by Mr. Engel (Id. at 64).

Liberty certified that it had no formal claims manual in effect from April 2010 to December 2011. While the claim manual described by Rogan was not in effect by December 2011, her testimony demonstrates its relevance.

**Within seven (7) calendar days of the entry of this order**, and subject to the terms of the protective order, Liberty shall produce the claim manual prepared by Ms. Rogan and Mr. Engel and any amendments or revisions of it through the date of this order.

Cameron's request for the drafts of the claim manual and the training materials pertaining to Liberty's "values" and "code of conduct" is denied.

It is ORDERED that: (1) Cameron's motion to compel Liberty to comply with the May 9 supplemental order (Rec. doc. 9959) is GRANTED in PART and DENIED in PART as provided herein; and (2) in the absence of an order from District Judge Barbier, this order shall not be stayed during any appeal from it.

New Orleans, Louisiana, this 7th day of June, 2013.

　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　**SALLY SHUSHAN**
　　　　　　　　　　　　　　**United States Magistrate Judge**