## MASTER SERVICE AGREEMENT

This Agreement, entered into as of the <u>28th</u> day of <u>September</u>, 200<u>0</u>, by and between TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., or one of its subsidiaries or any other entity in which it owns, either directly or indirectly, at least a fifty percent (50%) equity interest, with offices at P.O. Box 2765, Houston, Texas 77252-2765 ("Transocean") and <u>Cameron Division and Cameron Controls Division,</u> <u>Cooper Cameron Corporation, P. O. Box 1212, Houston, TX 77251-1212</u> _____ _____ ("Contractor"),

## W I T N E S S E T H:

WHEREAS, Transocean is engaged in the business of drilling, completing, and reworking oil and gas wells for the account of others; and

WHEREAS, Transocean in the course of its operations may desire to utilize the services, equipment and/or materials ("Work") of Contractor; and

WHEREAS, Contractor represents that it has materials and/or equipment which are sufficient in quantity and fit for the purpose intended; and

WHEREAS, Contractor represents that it has fully trained personnel capable of efficiently operating its equipment and/or performing services in a safe, diligent, and workmanlike manner;

6/22/97

Exhibit 5

CONFIDENTIAL
ACCESS
RESTRICTED

CAM_CIV_0017212

**EXHIBIT A**

NOW THEREFORE, in consideration of the mutual promises and obligations herein contained and the inclusion of Contractor on Transocean's approved list of subcontractors, the parties agree as follows:

1.  **SCOPE OF AGREEMENT**.

    If the Transocean contracting party is Transocean Offshore Deepwater Drilling Inc., this Agreement shall be signed by that company, but if the Transocean contracting party is one of the subsidiaries or other entities of Transocean Offshore Deepwater Drilling Inc., this Agreement shall be signed by that subsidiary or other entity.  Contractor agrees to any unilateral assignment of this Agreement by Transocean to any of its subsidiaries or affiliated companies that may be performed hereafter.  As between the parties hereto, this Agreement shall control and govern all Work and any applicable oral and/or written specifications, including purchase orders, ("Work Order") which are in any way connected with Transocean including, but not limited to, the performance of all Work by Contractor, its affiliates, and/or its and their subcontractors for or with Transocean, any of the Transocean subsidiaries or other entities, and/or any third party (including any third party for whom or with which Transocean is rendering services or under contract and regardless of whether or not a Work Order has been issued hereunder) where such Work is performed at the same drill site, well location, vessel, fixed platform, or other location (including on the way to or from such location) as Transocean is located, operating, and/or performing services ("Work Premises").

2.  **SUPPLIES AND SERVICES**.

    Contractor shall perform all Work in a good and workmanlike manner and in strict compliance with the requirements contained in this Agreement, including Exhibit "A" (Insurance Requirements), Exhibit "B" (EEOC Supplement), Exhibit

CONFIDENTIAL
ACCESS
RESTRICTED

CAM_CIV_0017213

"C" (Contraband Policy), and any applicable Work Order, each of which is hereby incorporated by reference.  Contractor warrants that the work will be the kind and quality described in the contract and will be free of defects in workmanship or material.  Should any failure to conform with this warranty appear within twelve (12) months from the date of delivery, Contractor shall, in complete fulfillment of its liabilities under this warranty, if given prompt written notice by Transocean Offshore Deepwater Drilling Inc. correct by repair or replacement, FOB Transocean Offshore Deepwater Drilling Inc.'s Factory any nonconformity which shall appear under proper storage, installation, maintenance and use of the goods.  Transocean Offshore Deepwater Drilling Inc. shall make the goods available for correction.  In no event will Contactor be responsible for providing access to the defective part or parts for the disassembly, removal, or reinstallation of the goods or components thereof.

For goods replaced or repaired under the warranty, the warranty period will commence again and be for a period not to exceed six (6) months after replacement or completion of the repair or replacement but not longer than a period of twelve (12) months calculated from the end of the warranty period referred to above.

The warranty contained in this section will terminate immediately if Transocean Offshore Deepwater Drilling Inc. or a third party undertakes inappropriate or improper modification or repairs or if Transocean Offshore Deepwater Drilling Inc. in case of a defect, does not immediately take all appropriate steps to mitigate damages and notify Contractor in writing of its obligations to remedy such defect.

CONFIDENTIAL
ACCESS
RESTRICTED

Correction of nonconformities in the manner and for the period of time provided above shall constitute fulfillment of all liabilities of Contractor to Transocean Offshore Deepwater Drilling Inc. whether based on contract, negligence or otherwise, with respect to such goods.

THIS WARRANTY IS EXCLUSIVE AND IS IN LIEU OF ALL OTHER WARRANTIES OF MECHANTABILITY, FITNESS FOR PURPOSE, OR OTHER WARRANTIES OF QUALITY, WHETHER EXPRESSED OR IMPLIED.

3.    <u>NO OBLIGATION</u>.

This Agreement does not obligate Transocean to order any Work from Contractor.

4.    <u>INDEPENDENT CONTRACTOR</u>.

Contractor shall be an independent contractor with respect to the performance of all Work for Transocean hereunder; and neither Contractor, its principals, agents, partners, or subcontractors nor its or their employees shall be servants, agents, or employees of Transocean.  Transocean shall have no direction or control of such parties, except for directing the results to be obtained and in Transocean's general right of inspection to ensure that the Work is being performed in accordance with this Agreement and any applicable Work Order.

5.    <u>COMPLIANCE WITH LAWS</u>.

Contractor shall comply and ensure that all of its subcontractors and its and their employees and agents comply with all applicable laws, rules, and regulations of any governmental authority which are now or may become applicable to operations arising out of or in any way incident to Contractor's Work; and

CONFIDENTIAL
ACCESS
RESTRICTED

CAM_CIV_0017215

Contractor shall defend, indemnify, and hold Transocean its parents, subsidiaries and affiliated companies and its and their officers, directors, employees and agents harmless from and against any claim or penalty incurred in connection with any failure of the Contractor to comply with said laws.

6.  **PAYMENT**.

Transocean shall pay Contractor for Work furnished to Transocean, subject to Transocean's verification that Contractor has complied with all terms and conditions of this Agreement and any applicable Work Order. Transocean shall pay invoices within thirty (30) days after receipt. In the event Transocean should dispute any invoice, undisputed portions thereof shall be paid; and upon resolution of all disputed items, a supplemental invoice will be submitted to Transocean for payment.

7.  **RECORDS RETENTION; AUDIT**.

Contractor shall support all invoices with any data and/or information reasonably requested by Transocean. Contractor agrees to retain all applicable documentation and records for a period of not less than two (2) years after completion of the Work. Transocean or any party with which Transocean is rendering services or under contract shall be entitled to audit and examine all documents and/or records necessary to verify the correctness of charges contained in any invoice. The payment of an invoice shall not preclude Transocean's right to audit any charge during said two-year period.

8.  **TAXES**.

Contractor shall pay all taxes, duties, licenses, and fees levied, assessed, and/or incurred by Contractor directly or indirectly with respect to this Agreement

CONFIDENTIAL
ACCESS
RESTRICTED

which are imposed by any governmental authority, and all taxes and fees assessed or levied against or on account of wages, old age benefits, social security, or other benefits paid to Contractor's employees or agents. Contractor agrees to promptly reimburse Transocean for all such amounts paid by Transocean. At its election, Transocean is authorized to deduct all sums paid by Transocean for such taxes and governmental charges from such amounts as may be or become due to Contractor hereunder.

9.    <u>INSURANCE</u>.

During the term of this Agreement, Contractor shall maintain at its sole expense the minimum insurance coverage specified in Exhibit "A" with underwriters acceptable to Transocean. Except as provided by law, the limits specified therein shall in no way limit liabilities or obligations of Contractor for claims arising from performance of this Agreement and any applicable Work Order. Transocean may require Contractor to obtain additional insurance as a condition of issuing a Work Order hereunder. The insolvency, liquidation, bankruptcy, or failure of any insurance company providing insurance for Contractor or its subcontractors, or failure of any such insurance company to pay claims accruing, shall not be considered a waiver of, nor shall it excuse Contractor from complying with, any of the provisions of this Agreement. If any of the insurance policies are not procured or maintained pursuant to this Agreement, Transocean, at its option, may notify Contractor that the failure to provide the insurance is a material omission whereupon it is agreed that Transocean, at its sole option and without prejudice to any of its rights hereunder, shall have the right either to (a) purchase similar coverage, the cost thereof to be charged to Contractor, or (b) terminate this Agreement notwithstanding other provisions contained herein, or

CONFIDENTIAL
ACCESS
RESTRICTED

(c) reduce the applicable rate paid to Contractor by ten (10) percent until such time as appropriate evidence is provided to Transocean that Contractor has fully satisfied the insurance requirements of this Agreement.

10.   <u>ACCIDENTS</u>.

Contractor shall report to Transocean as soon as practicable all accidents or occurrences resulting in injuries to or property damage of any third party, Transocean, Contractor, and/or their employees or agents arising out of or incident to Work furnished pursuant to this Agreement.   Upon request, Contractor shall furnish Transocean with copies of all reports submitted to Contractor's insurer.

11.   <u>SAFETY</u>.

Contractor shall comply, notify, and require its subcontractors and its and their employees, invitees, and agents to comply with Transocean's safety rules and procedures, including its Corporate Policy Directive (Exhibit "C") which prohibits possession of contraband items in work areas.

12.   <u>PATENTS</u>.

Contractor shall at all times and at its own expense indemnify, defend, and hold Transocean, its parents, subsidiaries and affiliated companies, and its and their officers, directors, employees and agents, harmless from and against any and all claims or actions of any kind arising out of alleged or actual infringement of any patents, trademarks, or copyrights (U.S. or foreign) in regard to all Work of Contractor and/or its subcontractors.

CONFIDENTIAL
ACCESS
RESTRICTED

CAM_CIV_0017218

13.   <u>FORCE MAJEURE</u>.

Each party hereto shall be excused from performance under this Agreement for so long as such performance is hindered or impeded by a force majeure event. As used in this Agreement, a "force majeure" event includes riots, strikes, wars, terrorist acts, civil disturbances, governmental authority (whether such authority be actual or assumed), fires, floods, storms, other acts of God, or such other causes which are reasonably beyond the control of the party so affected.

Any party to this Agreement which is unable, in whole or in part, to carry out its obligations under this Agreement due to force majeure shall promptly give written notice to that effect to the other party stating in reasonable detail the circumstances underlying such force majeure.

Any party to this Agreement claiming force majeure shall diligently use all reasonable efforts to remove the cause of such force majeure, shall promptly give written notice to the other party of the termination of such force majeure and shall resume performance of any suspended obligations as soon as reasonably possible after termination of such force majeure.

If any such force majeure delay extends beyond a period of ten (10) days, Transocean may, at its sole option, terminate this Agreement by notice thereof to Contractor.

14.   <u>TERMINATION</u>.

Either party may terminate this Agreement by providing thirty (30) days prior written notice to the other party.  Such cancellation shall not relieve either party

CONFIDENTIAL
ACCESS
RESTRICTED

of obligations accrued hereunder prior to the time such termination becomes effective; provided, however, that Transocean at any time without prior notice and at its sole discretion may terminate any Work or Work Orders issued hereunder.   In such a case Termination payments to Contractor shall be calculated on the basis on the percent of the work completed as of termination data, which shall include (a) the agreed unit prices for equipment (or components or units of components) delivered and work completed; (b) the costs and expenses incurred by Contractor directly connected with work in addition to that in (a) above under this contract prior to the date of cancellation; (c) six percent (6%) of the costs and expenses referred to in (b) above in lieu of profit; and (d) such other costs and expenses, including cancellation charges under subcontracts, as Contractor may incur in connection with such cancellation.

15.   <u>INDEMNITY</u>.

A.   Contractor shall defend, release, indemnify and hold harmless Transocean, its parents, subsidiaries, affiliates, officers, directors, agents, employees from and against all liens, claims, demands, causes of action, costs, expenses or losses (including but not limited to attorneys' fees) attributable to, for or on account of injury to, illness or death of employees, invitees and/or agents of Contractor, its affiliates and subcontractors, or loss or damage to property of Contractor, its affiliates and subcontractors which arise from, are incident to or result directly or indirectly from the performance of the Work, the presence of employees or invitees of Contractor at any job or worksite, or transportation to or from such locations, performance of this Agreement, or breach hereof.

CONFIDENTIAL
ACCESS
RESTRICTED

B.  Transocean shall defend, release, indemnify and hold harmless Contractor, its parents, subsidiaries, affiliates, officers, directors, employees and agents from and against all liens, claims, demands, causes of action, costs, expenses or losses (including but not limited to attorneys' fees) attributable to, for or on account of injury to, illness or death of employees, invitees and/or agents of Transocean, its affiliates and subcontractors (other than Contractor and Contractor's agents, affiliates and subcontractors), or loss or damage to property of Transocean, its affiliates and subcontractors (other than Contractor and Contractor's agents, affiliates and subcontractors) which arise from, are incident to or result directly or indirectly  from the performance of the Work, the presence of employees or invitees of Transocean at any job or worksite, or transportation to or from such locations, performance of this Agreement, or breach hereof.

C.  If it is judicially determined that with respect to injury, illness or death of employees of Contractor, 33 U.S.C. 905 (c) would be applicable to this Agreement or the parties hereto or referred to herein, then Transocean shall be deemed to indemnify Contractor, its parents, subsidiaries, affiliates, officers, directors, agents, and employees from and against all liens, claims, demands, causes of action, costs, expenses or losses attributable to, for or on account of injury to, illness or death of employees of the "vessel" as such term is used in said statute, which arise from, are incident to, connected with, or result directly or indirectly from the performance of the Work, the presence of employees or invitees of Contractor at any job or worksite, or transportation thereof to or from such locations, performance of this Agreement or breach hereof.

CONFIDENTIAL
ACCESS
RESTRICTED

D.  All indemnities under this Agreement (i) shall be supported by available liability (or other appropriate) insurance to be carried by the indemnifying party at its sole cost and expense; and (ii) shall survive and not be affected by termination of this Agreement or completion of the Work.  If it is judicially determined that the monetary limits of insurance required hereunder or the indemnities or releases assumed under this Agreement exceed the maximum monetary limits or scope permitted under applicable law, it is agreed that said insurance requirements or indemnities or releases shall automatically be amended to conform to the maximum monetary limits or scope permitted under such law.

E.  **ALL OF THE INDEMNITIES AND ALLOCATIONS OF RISK CONTAINED IN THIS PARAGRAPH 15 OR ELSEWHERE IN THIS AGREEMENT SHALL APPLY NOTWITHSTANDING THE SIMPLE, GROSS, SOLE, JOINT OR CONCURRENT NEGLIGENCE OF ANY PERSON OR PARTY (REGARDLESS OF WHETHER SUCH PERSON OR PARTY IS AN INDEMNITEE OR NOT), THE UNSEAWORTHINESS OR OTHER FAULT OF ANY VESSEL, "RUIN," OR STRICT LIABILITY, LIABILITY IMPOSED BY STATUTE, DEFECTS IN PREMISES, EQUIPMENT OR MATERIAL, OR ANY OTHER EVENT OR CONDITION WHETHER ANTICIPATED OR UNANTICIPATED AND REGARDLESS OF WHETHER PRE-EXISTING THIS AGREEMENT.  INDEMNITEES SHALL BE ENTITLED TO REASONABLE ATTORNEYS' FEES INCURRED IN ASSERTING OR ENFORCING THE INDEMNITIES GRANTED HEREIN.**

16.  <u>LIMITATION OF DAMAGES</u>.

IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES RESULTING FROM OR ARISING OUT OF THIS AGREEMENT, INCLUDING, WITHOUT LIMITATION, LOSS OF PROFIT OR BUSINESS INTERRUPTIONS, HOWEVER SAME MAY BE CAUSED. THE REMEDIES OF Transocean Offshore Deepwater Drilling Inc. SET FORTH HEREIN ARE EXCLUSIVE, AND CONTRACTOR'S LIABILITY WITH RESPECT TO ANY CONTRACT OR SALE OR ANYTHING DONE IN CONNECTION THEREWITH, WHETHER IN CONTRACT IN TORT, UNDER ANY WARRANTY, OR OTHERWISE, SHALL NOT, EXCEPT AS EXPRESSLY PROVIDED HEREIN EXCEED THE COST OF THE GOODS OR PART ON WHICH SUCH LIABILITY IS BASED.

17. <u>ASSIGNMENT</u>.

This Agreement shall be binding upon the parties, their successors, and assigns; provided, however, that Contractor shall not assign this Agreement or any part of any Work for Transocean without Transocean's prior written consent. The subcontracting of any portion of the Work to be provided by Contractor shall not relieve Contractor from any of its obligations to perform in accordance with this Agreement.

18. <u>GOVERNING LAW</u>.

THIS AGREEMENT SHALL BE GOVERNED BY AND INTERPRETED IN ACCORDANCE WITH THE GENERAL MARITIME LAWS OF THE UNITED STATES, EXCLUDING, HOWEVER, ANY CONFLICTS OF LAW RULES THAT WOULD APPLY THE LAWS OF ANY OTHER JURISDICTION. VENUE OF ANY LITIGATION SHALL BE HARRIS COUNTY, TEXAS. CONTRACTOR HEREBY SUBMITS TO THE NON-EXCLUSIVE JURISDICTION OF THE STATE

CONFIDENTIAL
ACCESS
RESTRICTED

AND FEDERAL COURTS SITTING IN HOUSTON, TEXAS. SERVICE ON THE SECRETARY OF STATE MAY BE MADE  BY ANY MEANS PERMITTED AS IF ANOTHER AGENT HAD BEEN APPOINTED IN TEXAS.

19.   <u>ENTIRE AGREEMENT</u>.

This Agreement contains the entire agreement between the parties relating to the subject matter hereof and supersedes all previous undertakings, considerations, writings, specifications, or commitments, whether oral or in writing.  No amendment, modification, or waiver of this Agreement shall be effective unless it is in writing and signed by an officer of Transocean and a duly authorized representative of Contractor.

20.   <u>FOREIGN CORRUPT PRACTICES ACT</u>.

**The parties to this Agreement each agree that they will at all times comply with the provisions of the Foreign Corrupt Practices Act of 1977, as amended, and it and its employees and agents will not pay, offer or promise to give, or authorize the giving of any services or anything else of value, either directly or through a third party, to any official or any employee of any government or of any governmental instrumentality, or to any political party or official thereof or to any candidate for political office for the purpose of (a) influencing any act or decision of that person in his official capacity or inducing such person to do any act in violation of the lawful duty of such person, or (b) inducing such person to use his influence with such government or instrumentality to affect or influence any act of decision thereof, in order to promote or assist in the performance of Contractor's or Subcontractor's obligations hereunder or to obtain or retain business.**

CONFIDENTIAL
ACCESS
RESTRICTED

21. <u>MODIFICATION</u>.

In the event any provision of this Agreement is inconsistent with or contrary to any applicable law, rule, or regulation, said provision shall be deemed to be modified to the extent required to comply with said law, rule, or regulation; and as so modified, said provision and this Agreement shall continue in full force and effect.

22. <u>NOTICES</u>.

All notices, invoices, and payments shall be sent to the addresses shown hereinabove.

23. <u>AUTHORITY</u>.

Transocean represents and warrants that it has full and complete authority to enter into and to perform this Agreement.  Contractor represents and warrants that it has full and complete authority to enter into and to perform this Agreement.  Each person who executes this Agreement on behalf of Transocean represents and warrants that he or she has full authority to do so and that Transocean will be bound thereby.  Each person who executes this Agreement on behalf of Contractor represents and warrants that he or she has full authority to do so and that Contractor will be bound thereby.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the day and year herein above first written.

CONFIDENTIAL
ACCESS
RESTRICTED

_Transocean Offshore Deepwater Drilling_

[Transocean Company]

By _Eric M Brown_

Name: _Eric Brown_

Title: _General Counsel_

Cameron And Cameron Controls Divisions,

[Contractor] Cooper Cameron Corporation

By _Charlinda D. Hebert_

Name: _Charlinda D. Hebert_

Title: _WH Contract Admin/Negotiator_

CONFIDENTIAL
ACCESS
RESTRICTED

CAM_CIV_0017226

## EXHIBIT "A"

### INSURANCE REQUIREMENTS

Throughout the term of this Agreement Contractor shall maintain the following insurance as is applicable to it and shall instruct its underwriters to forward a Certificate of Insurance to Transocean Offshore (Transocean Offshore Deepwater Drilling Inc., P. O. Box 2765, Houston, Texas, 77252-2765, Attn: Insurance Dept.) and to provide Transocean Offshore thirty (30) days advance notice of changes, nonrenewal, or cancellation of such insurance whether by Contractor or by underwriters. Contractor will ensure that all subcontractors engaged by it in the performance of this Agreement shall, if not covered by Contractor's Insurance, secure and maintain all applicable Insurance included herein. All insurance policies shall contain a waiver of subrogation in favor of Transocean Offshore, its affiliated companies, and any third parties to whom or for which Transocean Offshore is under contract or rendering services and/or its and their employees and agents. All insurance policies, except Worker's Compensation, shall name all such parties as additional assureds. All such policies shall be endorsed to provide that additional assureds shall not be liable for premiums and that such policies shall be primary as to additional assureds, regardless of any "excess" or "other insurance" clauses therein. Self-insured retention and deductibles in all Contractor policies shall be for the account of Contractor and shall be subject to approval by Transocean Offshore.

| COVERAGE | LIMITS OF LIABILITY |
|---|---|
| A)  Worker's Compensation[1] | Statutory Limits |
| B)  Employer's Liability[1] | |
| 1.  Onshore Operations | Bodily Injury<br>$1,000,000 each person<br>$1,000,000 each occurrence |
| 2.  Over Water Operations | Bodily Injury<br>$1,000,000 each person<br>$1,000,000 each occurrence |
| C)  Comprehensive General Liability | |
| 1.  Onshore Operations | Bodily Injury & Property Damage<br>$1,000,000 each occurrence<br>Combined Single Limit |
| 2.  Over Water Operations | Bodily Injury & Property Damage<br>$1,000,000 each occurrence<br>Combined Single Limit |
| D)  Automotive Liability<br>(includes coverage for<br>owned, nonowned and hired<br>vehicles) | Bodily Injury<br>$1,000,000 each person<br>$1,000,000 each occurrence |
| | Property Damage<br>$1,000,000 each occurrence |
| F)  Vessels<br>Full form Hull and<br>    Machinery3 | Declared value of vessel each<br>occurrence |
| Protection and Indemnity,<br>Towers and Collision Liability[3] | Declared value of vessel or<br>$5,000,000, whichever is greater,<br>each occurrence |

CONFIDENTIAL
ACCESS
RESTRICTED

G)  Excess Umbrella Liability

All underlying coverages required herein, except Workers Compensation and Hull and Machinery, to be scheduled under Excess policy

1.  Onshore Operations                    $1,000,000 Combined Single Limit

2.  Over Water Operations                 $5,000,000 Combined Single Limit

CONFIDENTIAL
ACCESS
RESTRICTED

---

[1] These policies (including occupational disease) shall have the following endorsements:  borrowed servant, voluntary compensation, and alternative employer.  If the Work is performed over water, the policies shall be endorsed to general maritime law claims, USL&H, including its extension by the Outer Continental Shelf Lands Act.

[2] When Contractor is to furnish transportation by air, Contractor shall procure Aircraft Liability Insurance with coverage for the following liabilities:  public, passengers, property damage, and airport.  Coverage shall be on all owned and non-owned helicopters and other aircraft and shall include full form Hull insurance with limits equal to the full value of applicable helicopter or other aircraft.

[3] When Contractor is to furnish transportation by water, Contractor shall procure full form Hull and Machinery Insurance on American Institute Time (Hulls) clauses or equivalent, including Collision Liability, with the sistership clause unamended and endorsed to provide that additional assureds may, but shall not be obligated to, sue in labor.  If the vessels are engaged in towing operations, such insurance shall include full Tower's Liability with the sistership clause unamended.  Contractor shall also procure for such vessels full form Protection and Indemnity Insurance on SP-23 clauses or equivalent and insurance for voluntary removal of wreck and/or debris, diving operations, and liability for seepage, pollution, containment, and cleanup.  All such policies shall insure additional assureds in all of their capacities under this Agreement, and underwriters' limitations of liability rights as respects additional assureds shall be deleted by endorsement from the primary and excess Protection and Indemnity policies.

CONFIDENTIAL
ACCESS
RESTRICTED

**EXHIBIT "B"**

EQUAL EMPLOYMENT OPPORTUNITY SUPPLEMENT TO MASTER SERVICE AGREEMENT

Contractor shall abide by the following equal employment opportunity programs where applicable and to the extent required of it by law:

1. <u>Employment of the Handicapped</u> [applicable to contracts amounting to $2,500 or more, 41 C.F.R. 60-741.4].

2. <u>Equal Opportunity Clause</u> [applicable to contracts exceeding $10,000, 41 C.F.R. 60-1.4].

3. <u>Employment of Disabled Veterans and Veterans of the Vietnam Era</u> [applicable to contracts amounting to $10,000 or more, 41 C.F.R. 60-250.4].

4. <u>Utilization of Minority Business Enterprises</u> [applicable to contracts which may exceed $10,000, 41 C.F.R.1-1.1310-2(a)].

5. <u>Utilization of Women Owned Business Concerns</u> [applicable to contracts expected to exceed $10,000, 35 F.R. 31033].

6. <u>Utilization of Small Business Concerns and Small Business Concerns Owned and Controlled by Socially and Economically Disadvantaged Individuals</u> [applicable to contracts exceeding $10,000, 45 F.R. 31028].

7. <u>Utilization of Labor Surplus Area Concerns</u> [applicable to contracts which may exceed $10,000, 41 C.F.R. 1-1.805-3].

8. <u>Certification of Non-Segregated Facilities</u> [applicable to contracts exceeding $10,000, 41 C.F.R. 60-1.8].

9. <u>Equal Employment Opportunity Reporting Requirements</u> [applicable to contracts amounting to $50,000 or more if Contractor has 50 employees or more, 41 C.F.R. 60-1.7].

10. <u>Affirmative Action Compliance Program</u> [applicable to contracts amounting to $50,000 or more if Contractor has 50 or more employees, 41 C.F.R. 60-1.40].

11. <u>Affirmative Action Program for Handicapped Workers</u> [applicable to contracts amounting to $50,000   or   more if Contractor has 50 or more employees, 41 C.F.R. 60-741.5].

12. <u>Minority Business Enterprises Subcontracting Program</u> [applicable to contracts which may exceed $500,000 which contain the clause required by 41 C.F.R. 1-1.1310-2(a) and which, in the opinion of the procuring activity, offer substantial subcontracting possibilities, 41 C.F.R. 1-1.1310-2(b)].

13. <u>Women Owned Concerns Subcontracting Program</u> [applicable to contracts expected to exceed $500,000 which contain the clause required by paragraph 5 above, 45 F.R. 31034].

14. <u>Small Business and Small Disadvantaged Business Subcontracting Plan</u> [applicable to contracts expected to exceed $500,000 which are required to include a clause entitled Utilization of Small Business Concerns and Small Business Concerns Owned and Controlled by Socially and Economically Disadvantaged individuals, 45 F.R. 31029].

15. <u>Labor Surplus Area Subcontracting Program</u> [applicable to contracts which may exceed $500,000 which are required to include the labor surplus area utilization clause and offer substantial subcontracting possibilities, 41 C.F.R. 1-1.805-3(b)].

16. <u>Small Business Subcontracting Program</u> [applicable to contracts which may exceed $500,000, which contain the clause required by 41 C.F.R. 1-1.710-3(a) and which, in the opinion of the procuring activity, offer substantial subcontracting possibilities.

CONFIDENTIAL
ACCESS
RESTRICTED

**EXHIBIT "C"**

CORPORATE POLICY DIRECTIVE
POSSESSION OF CONTRABAND ITEMS

It is the policy of Transocean Offshore Deepwater Drilling Inc. and its subsidiary and affiliated companies ("Transocean Offshore") to maintain a safe work environment for its employees. To this end, the possession of any illegal drug, drug paraphernalia, alcoholic beverage, explosive, weapon or any other similar item or substance which could cause or contribute to injury to Transocean Offshore personnel or damage to its property ("contraband") is strictly prohibited at work locations or other business premises ("work areas") of Transocean Offshore. This policy may be implemented by such reasonable means as may from time to time be determined appropriate, including searches of the person and personal effects of any person.

Compliance with this policy is a condition of employment of Transocean Offshore and employees who decline to be searched or who are otherwise found in violation of this policy will be subject to immediate termination. Non-employees who decline to be searched or are otherwise found in violation of this policy or Transocean Offshore's Substance Abuse Policy will be excluded from Transocean Offshore work areas. Attached is a Notice outlining Transocean Offshore's Substance Abuse Policy.

CONFIDENTIAL
ACCESS
RESTRICTED

## NOTICE

### DRUGS, ALCOHOL, FIREARMS, SEARCHES

Transocean Offshore Deepwater Drilling Inc. is concerned about the effects of the use of illegal drugs and the abuse of alcohol on the health and safety of its employees.  We recognize that alcoholism and the illegal use of drugs leads to increased accidents and medical claims, and can lead to the destruction of an employee's health, and adversely affect his or her personal life.  Employees who abuse drugs and alcohol are a danger not only to themselves, but also to their fellow employees.  In addition, the medical costs incurred by employees with drug or alcohol problems are much higher than those of other employees, and the decreased productivity of these individuals can adversely affect a company's ability to operate competitively.  To help prevent substance abuse among our employees, Transocean Offshore has a policy and practice of testing applicants, employees, and others who may regularly work in or on Transocean Offshore premises.  Applicants for employment will be required to undergo a drug screening test as part of consideration for employment.  Employees and others will be required, under certain circumstances, to cooperate with drug testing procedures and drug searches.

Accordingly, the unauthorized possession or use of illegal, drugs, narcotics, alcohol and firearms is not permitted on any Company property or job site that is not Company property, and the use of, possession of, and/or distribution of such items by any person on any Company installations, property, or facilities poses a serious threat to the safety of our employees, other personnel and operations.

### SEARCHES, INSPECTIONS, AND ANALYSES

We reserve the right, at all times, to have authorized personnel conduct reasonable searches or inspections on Company property of personal effects, lockers, baggage, vehicles, and quarters of employees and other personnel for the purpose of determining if any such persons are in possession of any illegal or unauthorized items.  These searches will be conducted in cases where the Company receives reliable information indicating that reasonable cause exists to conduct a search.

Any Company employee who refuses to submit to a search, urinalysis, blood test, or who is found in possession of any such illegal or unauthorized items without an explanation satisfactory to us will be subject to disciplinary action up to and including immediate discharge.

When appropriate, such items discovered through these Company searches may be taken into custody and may be turned over to the proper law enforcement authorities.

CONFIDENTIAL
ACCESS
RESTRICTED

## AMENDMENT NO. 1 TO
## TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.
## MASTER SERVICE AGREEMENT

**This Amendment to the Master Service Agreement,** made and entered into as of the 19th day of September, 2000, by and between **Transocean Offshore Deepwater Drilling, Inc.** (hereinafter referred to as "Transocean") and **Cameron Division of Cooper Cameron Corporation,** (hereinafter referred to as "Contractor") hereby modifies the said Agreement.

**This Agreement is limited to the Cameron Division and does not include other divisions or business units of Cooper Cameron Corporation.**

Page 1: Under **"WITNESSETH:"**, Third paragraph:
Deleted:
"and fit for the purpose intended;"

2.   SUPPLIES AND SERVICES

Changed to read:

"All products of Contractor's manufacture are warranted against defects of material and workmanship for a period of twelve (12) months from the date of installation or eighteen (18) months from date of shipment, whichever period first expires, when such products are used in the service and within the pressure range for which they were manufactured. In the case of products or parts not wholly of Contractor's manufacture, Contractor's liability shall be limited to the extent of its recovery from the manufacturer of such products or parts under its liability to Contractor.

Any repair work performed by Contractor is warranted for one year from completion of such repairs and applies only to work performed.

If, within these specified periods, the Contractor receives notice from Transocean of any alleged defect in or nonconformance of any product or repair and if in the Contractor's sole judgment the product or repair does not conform or is found to be defective in material or workmanship, then, Transocean shall, at Contractor's request, return the part or product F.O.B. Contractor's designated plant or service location.  Contractor, at its option and expense, shall repair or replace the defective part or product, or repay to Transocean the full price paid by Transocean for such defective part, repair or product.  Any repayment of purchase price shall be without interest.

Contractor's warranty liability, including defects caused by Contractor's negligence, shall be limited to such repair, replacement or refund, and shall not include claims for labor costs of Transocean or any third party, expenses of Transocean resulting from such defects, recovery under general tort law or strict liability or for damages resulting from delays, loss of use, or other direct, indirect, incidental or consequential damages of any kind.  Contractor will not be responsible for failures of products which have been in any way tampered with or altered by anyone other than an authorized representative of Contractor, failures due to lack of compliance with recommended maintenance procedures, or products which have been repaired or altered in such a way (in Contractor's judgment) as to affect the products

1

CONFIDENTIAL
ACCESS
RESTRICTED

adversely. THIS WARRANTY IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, INCLUDING THE WARRANTY OF MERCHANTABILITY AND WARRANTY OF FITNESS FOR PARTICULAR PURPOSE WHICH EXCEED THE FOREGOING WARRANTY."

10.   ACCIDENTS

Changed: (in next to last line of paragraph):
"shall furnish Transocean with copies of all reports ..."

To read:
"shall furnish Transocean with copies or extracts or summaries of all reports ..."

Added to end of Article:
"In no event shall Contractor be required to produce any statements, reports, documentation or other information privileged under the attorney-client or work product privilege."

15.   INDEMNITY

Added to end of B:
"Transocean agrees that if Transocean is entitled to indemnity under any contract with its customers or suppliers with respect to pollution, loss of hydrocarbons, damage to reservoirs, loss of hole or other damages associated with blowout or loss of well control, Transocean will provide Contractor with the benefit of such indemnity to the fullest extent possible."

## EXHIBIT "A"
## INSURANCE REQUIREMENTS

Added to end of first paragraph:
"Any requirement for additional insured, waiver of rights of subrogation or recognition of Contractor's insurance as primary shall apply only to the extent of the legally-binding indemnities agreed-to by Contractor in this Contract."

F) Deleted; not applicable to Contractor.

CAMERON DIVISION,
COOPER CAMERON CORPORATION

BY: _Charlinda D. Hebert_
    **Charlinda D. Hebert**

TITLE: **Western Hemis. Contract**
       **Admin/Negotiator**

DATE: **September 27, 2000**

TRANSOCEAN ~~SEDCOFOREX~~ OFFSHORE DEEPWATER DRILLING INC.

BY: _____

TITLE: Senior Vice President + general Council

DATE: 7/27/00

2

CONFIDENTIAL
ACCESS
RESTRICTED

CAM_CIV_0017234

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| **APPLIES TO: No. 12-311** | * | MAG. JUDGE SHUSHAN |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**LIBERTY'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON**

Liberty Insurance Underwriters, Inc. ("Liberty") requests that defendant Cameron

International Corporation ("Cameron") respond to the following Requests for Admissions,

Interrogatories, and Requests for Production of Documents within the delays provided in the

Federal Rules of Civil Procedure and deliver such responses to Judy Y. Barrasso at the law

offices of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C., 909 Poydras Street, 24th Floor,

New Orleans, Louisiana 70112.

## INSTRUCTIONS

A.      With respect to any request for admission, interrogatory, or request for production

to which you object under a claim of privilege or other doctrine, you must comply with the

requirements of Pre Trial Order No. 14 and Federal Rule of Civil Procedure 26(b)(5):

    (1)      The nature of the privilege asserted;

    (2)      Whether the allegedly privileged communication was oral or
        written;

    (3)      If in writing, then

        (a)      Identify the author of the document;

1

**EXHIBIT B**

(b)     Identify all addresses and recipients of the document or copies thereof;

(c)     Indicate the date the document bears, or, if undated, the date that it was written or created;

(d)     Identify the type of document as, for instance, letter, memorandum, etc.;

(e)     Describe the subject matter of the document;

(f)      Indicate the nature of the privilege;

(g)     Identify any persons who have had access to the document or its contents, or any part thereof;

(h)     State the facts giving rise to the claimed privilege.

(4)     If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

B.      If you cannot answer a request for admission, interrogatory, or request for production in full, after exercising due diligence to secure the full information or knowledge you have concerning the interrogatory or request for production, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

C.      In answering these requests for admissions, interrogatories, and requests for production, furnish all information, including hearsay, however obtained which you have in your possession or which is known by your agents, employees, or attorneys, or which appears in any records or other information in your possession, custody, or control.

D.      In your answers to these requests for admissions, interrogatories, and requests for production, please repeat each request set forth herein and then set forth your answer thereto separately and fully immediately thereafter.

E.      If you have any questions regarding the scope, meaning or intent of these requests for admissions, interrogatories, or requests for production, please promptly contact undersigned counsel.

## DEFINITIONS

A.      "BP" shall mean BP Exploration & Production, Inc. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

B.      "BP Settlement" shall mean the agreement reached in principle between Cameron and BP on or about December 12, 2011, as well as the Confidential Settlement Agreement, Mutual Releases and Agreement to indemnify between Cameron and BP executed on or about December 15, 2011.

C.      "Cameron Insurers" shall mean all insurers providing liability insurance coverage to Cameron in connection with the Deepwater Horizon Incident, including without limitation all insurers who funded the BP Settlement.

D.      "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

E.      "Deepwater Horizon Incident" shall mean the April 20, 2010 explosion of Transocean's Deepwater Horizon Mobile Offshore Drilling Unit and consequent release of oil into the Gulf of Mexico.

833722

F.      "Document" shall be broadly construed as provided by the Federal Rules of Civil Procedure and shall mean and include, without limitation, every writing or record of any type and description that is in your possession, custody, or control, including any and all records kept by electronic, magnetic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained. Any document or copy of any document which contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a nonidentical copy of another document shall be treated as a separate document subject to production.

G.      "Identify" when used with respect to a natural person shall mean to indicate the person's:

    (1)      Name;

    (2)      Current address, if known, or last known address;

    (3)      Current telephone number, if known, or last known telephone number;

    (4)      Current employer, if known, or if unknown, then last known employer;

    (5)      Current work address, if known, or last known work address; and

    (6)      Current work telephone number, if known, or last known work telephone number.

H.      "Identify" when used with respect to a company, business, or other legal entity shall mean to indicate the following:

    (1)      Its name;

    (2)      Its address or the address of its principal place of business;

    (3)      Its telephone number; and

    (4)      Its state of incorporation, if known.

833722

I.      "Liberty" shall mean Liberty Insurance Underwriters, Inc. and any of its officers, directors, partners, employees, representatives, and agents.

J.      "The Liberty Policies" shall mean the following excess liability insurance policies issued by Liberty to Cameron, individually and collectively:

*      No. LQ1B71198583046, in effect from July 1, 2009 to July 1, 2010;

*      No. LQ1B71198583036, in effect from July 1, 2008 to July 1, 2009;

*      No. LQ1B71198583026, in effect from July 1, 2007 to July 1, 2008; and

*      No. LQ1B71198783016, in effect from July 1, 2006 to July 1, 2007.

K.      "Marsh" shall mean Marsh USA, Inc. d/b/a Marsh USA Risk Services, as well as its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

L.      "MSA" shall mean the Master Service Agreement between Transocean and Cameron dated September 28, 2000.  *See* Rec. Doc. No. 4524-9.

M.      "Person" shall mean natural persons, corporation, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

N.      "Relate to" or "refer to," including any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss, describe, to contain a notation of, reference to, or statement about, or to be in any way logically or factually connected with the matter.

833722

O.      "T&C" shall mean the written Terms and Conditions for the sale of the Deepwater Horizon's blow-out preventer equipment from Cameron to Transocean.  *See* Rec. Doc. No. 4524-8.

P.      "Transocean" shall mean Transocean Ltd. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

Q.      "You" and "your" shall mean Cameron International Corporation and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

R.      The terms "and" and "or," as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

S.      The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

833722

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1

Admit that you demanded indemnity protection from Transocean in connection with the Deepwater Horizon Incident.

### REQUEST FOR ADMISSION NO. 2

Admit that BP would not agree to settle with you unless you waived your contractual indemnification claims against Transocean under the T&C and the MSA.

### REQUEST FOR ADMISSION NO. 3

Admit that you reached a settlement agreement in principle with BP on December 12, 2011.

### REQUEST FOR ADMISSION NO. 4

Admit that you agreed to release your contractual indemnification claims against Transocean under the T&C and MSA on December 12, 2011.

### REQUEST FOR ADMISSION NO. 5

Admit that before December 12, 2011, you were not legally obligated to pay any amount falling within the limits of Liberty's excess liability insurance policy number LQ1B71198583046.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons having knowledge concerning the negotiation of Paragraph 4.5 of the BP Settlement.

833722

**INTERROGATORY NO. 2**

Identify all facts and documents supporting and all persons with knowledge of your allegation that "BP also made clear that it would not settle with Cameron unless . . . Cameron agreed to a complete waiver of any contractual indemnification claims Cameron might have against Transocean that might flow to BP[.]" Am. Compl., at ¶ 42.

**INTERROGATORY NO. 5**

Identify all facts and documents supporting, and all persons with knowledge of, your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**INTERROGATORY NO. 6**

Identify all persons involved in the drafting of your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**INTERROGATORY NO. 7**

Identify the persons who authored the T&C and the MSA.

**INTERROGATORY NO. 8**

Identify the persons knowledgeable concerning the meaning of the indemnity provisions contained in the T&C and the MSA, including persons involved in negotiations with Transocean about the terms of the T&C and the MSA.

**INTERROGATORY NO. 9**

State whether there have been any modifications to the indemnity provisions contained in the T&C and the MSA since January 1, 2010.

833722

**INTERROGATORY NO. 10**

Identify all claims you have made to Transocean for indemnity protection under the T&C and the MSA since January 1, 2000.

**INTERROGATORY NO. 11**

Identify all documents and communications related to any work Cameron has performed for Transocean under the MSA and the T&C since January 1, 2000.

**INTERROGATORY NO. 12**

State whether you have made a demand to Marsh and/or its errors and omissions insurer(s) in connection with Liberty's decision not to contribute to the BP Settlement, and if so, state when the demand was made and identify all persons with knowledge of the demand.

**INTERROGATORY NO. 13**

Identify all facts and documents supporting and all persons with knowledge of your allegation that "'[o]ther insurance' clauses define methods of contribution among insurers and are irrelevant to a policy's attachment point[.]"

**INTERROGATORY NO. 14**

Identify all facts and documents supporting and all persons with knowledge of your allegation that "[b]ecause Liberty has not remitted to Cameron the insurance proceeds it owes, Liberty has breached the Policy – and has done so in bad faith."

**INTERROGATORY NO. 15**

Itemize all damages you seek to recover in this matter, including without limitation any damages for (1) Liberty's alleged breach of its insurance policy, and (2) Liberty's alleged breach of Texas Insurance Code §§ 541 and/or 542.

833722

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1

All documents and communications between you and BP covering the BP Settlement.

## REQUEST FOR PRODUCTION NO. 2

All documents and communications between you and any of your insurers relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon incident, an insurer's payment on Cameron's claim, or this lawsuit.

## REQUEST FOR PRODUCTION NO. 3

All documents and communications between you and Marsh concerning Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, the BP Settlement, this lawsuit, a demand against Marsh, or notice of a potential claim against Marsh.

## REQUEST FOR PRODUCTION NO. 4

All documents and communications between you and Marsh concerning procurement of the Liberty Policies.

## REQUEST FOR PRODUCTION NO. 5

All documents and communications between you and Liberty concerning the Liberty Policies.

## REQUEST FOR PRODUCTION NO. 6

All documents and communications between you and Liberty concerning the BP Settlement.

833722

**REQUEST FOR PRODUCTION NO. 7**

All documents and communications related to any demand by you for indemnity protection to Transocean under the T&C or the MSA since January 1, 2000.

**REQUEST FOR PRODUCTION NO. 8**

All documents and communications related to any modification of, or request to modify the indemnity provisions contained in the T&C or the MSA since January 1, 2010.

**REQUEST FOR PRODUCTION NO. 9**

All documents and communications concerning the terms of the BP Settlement, including drafts of the executed settlement agreement.

**REQUEST FOR PRODUCTION NO. 10**

All documents in the files of Stone Pigman Walther Wittmann L.L.C. or Wilkie Farr & Gallagher L.L.P. relating to the BP Settlement, Cameron's claims for indemnity against Transocean, the Liberty Policies, or Cameron's claims for coverage for liabilities arising out of the Deepwater Horizon incident.

**REQUEST FOR PRODUCTION NO. 11**

All documents supporting the damages you seek to recover in this matter.

**REQUEST FOR PRODUCTION NO. 12**

All documents supporting your answers to any of the Interrogatories.

833722

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

OF COUNSEL:
Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Liberty's First Set of Requests for Admissions, Interrogatories and Requests for Production of Documents to Cameron has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 7th day of February, 2013.

*/s/ Judy Y. Barrasso*

12

833722



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| **APPLIES TO: No. 12-311** | * | MAG. JUDGE SHUSHAN |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CAMERON INTERNATIONAL CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 36, Plaintiff Cameron International Corporation ("Cameron") responds to Defendant's First Set of Requests for Admissions ("Requests for Admissions"), Interrogatories and Requests for Production of Documents ("Document Requests") (together, the "Discovery Requests") as follows:

### GENERAL OBJECTIONS

1.    Cameron objects to the Discovery Requests to the extent they seek information or documents from Cameron beyond that which is permitted by, or otherwise purport to impose obligations on Cameron beyond those which are required by, the Federal Rules of Civil Procedure and any other applicable rules.

2.    Cameron objects to the Discovery Requests to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or immunity from disclosure. Inadvertent disclosure of any privileged information by Cameron shall not constitute a waiver of any

**EXHIBIT C**

applicable privilege nor shall it be construed as a waiver of any objection to the admissibility of such information.

3.   Cameron objects to the Discovery Requests to the extent they are vague, ambiguous, unduly burdensome, overly broad, and seek the disclosure of information or documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.   Cameron objects to the Discovery Requests to the extent they seek information or documents that are already within the possession of Defendant or equally accessible to Defendant from other sources.

5.   Cameron objects to the Discovery Requests to the extent they seek documents post-dating January 30, 2012 (the date Cameron filed its complaint in this action) or are otherwise not properly limited to the time period relevant to this action.

6.   Cameron objects to the Discovery Requests to the extent they assume the existence of certain documents or the occurrence of certain events.  By objecting and responding to the Discovery Requests as set forth below, Cameron does not concede that any such documents exist or that any such events occurred.

7.   Cameron objects to the Document Requests to the extent that they call for documents other than those in Cameron's possession, custody or control.

8.   Cameron objects to the Document Requests to the extent that they require Cameron to search for responsive materials in places, locations, files or from email custodians other than those where responsive documents would be expected to be retained in the ordinary course of business on the grounds that such a search would be oppressive and/or cause unreasonable expense or burden.  Cameron will search for and produce documents from the

2

places, locations, files and email custodians reasonably expected to have responsive documents and that will not involve unreasonable expense or burden.

9.     Cameron objects to the Interrogatories and Requests for Admissions to the extent that they call for or seek legal conclusions and not facts.

10.    Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in Liberty's Discovery Requests.

11.    Cameron expressly reserves the right to supplement, amend or alter its responses to the Discovery Requests at any time.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1.**     Admit that you demanded indemnity protection from Transocean in connection with the Deepwater Horizon Incident.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to the term "indemnity protection" on the grounds that it is vague and ambiguous.  Subject to and without waiving its objections, Cameron admits that it demanded indemnity in connection with the Deepwater Horizon Incident from Transocean pursuant to provisions contained in (1) the Master Service Agreement between Cameron and Transocean dated September 28, 2000 and (2) the written Terms and Conditions between Cameron and Transocean for the sale of the Deepwater Horizon blow-out preventer, which, with respect to Blowout Liability,[1] Transocean refused to provide.

**REQUEST FOR ADMISSION NO. 2.**     Admit that BP would not agree to settle with you unless you waived your contractual indemnification claims against Transocean under the T&C and the MSA.

---

[1]     Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in Cameron's First Set of Requests for Admission.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this request on the grounds that it is vague and ambiguous because it fails to specify a relevant time period and because it seeks information exclusively within the possession and control of BP.  Subject to and without waiving its objections, Cameron denies this request.

**REQUEST FOR ADMISSION NO. 3.**   Admit that you reached a settlement agreement in principle with BP on December 12, 2011.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this request on the grounds that it is vague and ambiguous and calls for a legal conclusion.  Subject to and without waiving its objections, Cameron states that on December 12, 2011, Cameron and BP reached a tentative settlement agreement that was subject to the approval of Cameron's board, the consent of Cameron's insurers, and final agreement between the parties on all terms and conditions.

**REQUEST FOR ADMISSION NO. 4.**   Admit that you agreed to release your contractual indemnification claims against Transocean under the T&C and MSA on December 12, 2011.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron denies this request.

**REQUEST FOR ADMISSION NO. 5.**   Admit that before December 12, 2011, you were not legally obligated to pay any amount falling within the limits of Liberty's excess liability insurance policy number LQ1B71198583046.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron admits this request.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1.**   Identify all persons having knowledge concerning the negotiation of Paragraph 4.5 of the BP Settlement.

4

1122687v1

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron states that to its knowledge, the following individuals from Cameron and BP were principally and directly involved in the negotiation of Paragraph 4.5 of the BP Settlement:

Brad Eastman
Vice President, Deputy General Counsel
Cameron International Corporation
4646 W. Sam Houston Pkwy. North
Houston, Texas 77041
(713) 939-2239

James J. Neath
Associate General Counsel
BP America Inc.
501 Westlake Park Boulevard
Houston, TX 77079
(281) 366-2000

William Lemmer
Cameron International Corporation
1333 West Loop South, Suite 1700
Houston, Texas 77027
(713) 513-3360

**INTERROGATORY NO. 2.**   Identify all facts and documents supporting and all persons with knowledge of your allegation that "BP also made clear that it would not settle with Cameron unless . . . Cameron agreed to a complete waiver of any contractual indemnification claims Cameron might have against Transocean that might flow to BP[.]" Am. Compl., at ¶ 42.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory to the extent it is overly broad and unduly burdensome. Subject to and without waiving its objections, Cameron states that the facts supporting the allegation selectively quoted in Interrogatory No. 2 are based on statements made by representatives of BP, including the individuals identified in the response to Interrogatory No. 1. As set forth in paragraph 42 of the Amended Complaint, during negotiations, BP took the position that it would not agree to settle with Cameron unless (i) Cameron agreed to a complete waiver of any contractual indemnification claims Cameron might have against Transocean that might flow to BP, and (ii) Cameron's insurers agreed to waive their subrogation rights to prevent any liability from flowing back to BP. On December 12, 2011, as Cameron reported in an email

5

to its insurers including Liberty, Cameron and BP reached a tentative settlement agreement that was subject to the approval of Cameron's board, the consent of Cameron's insurers, and final agreement on all terms and conditions. Knowing full well that it was BP's stated position as of December 12, 2011 that it would not settle with Cameron unless Cameron and its insurers waived their rights against Transocean, which in turn could have sought to recover from BP, Liberty refused to consent unless Cameron agreed to accept a steep discount off Liberty's $50 million obligation to Cameron. As a result, Liberty held the entire settlement – and Cameron's future – as hostage for a ransom in the form of a big discount off its $50 million limit. Despite Liberty's bad faith, Cameron was able to move forward with the BP settlement based on all its other insurers' agreement to fund the deal and waive their subrogation rights. After further negotiations, which are within the knowledge of the individuals identified in the response to Interrogatory No. 1 and are reflected in emails and voicemails that will be produced in this action, BP agreed to proceed with a settlement, as set forth in the Confidential Settlement Agreement, Mutual Releases and Agreement to Indemnify dated December 15, 2011.

**INTERROGATORY NO. 5.**   Identify all facts and documents supporting, and all persons with knowledge of, your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to the Interrogatory to the extent it is overly broad and unduly burdensome. Subject to and without waiving its objections, Cameron identifies the T&C, MSA, Cameron's Answer, Claims, Counter-Claims and Cross-Claims filed in this MDL (Doc. No. 412) and all attachments thereto, Cameron's motion for summary judgment filed in this MDL (Doc. No. 4524) and all attachments thereto, and Cameron's reply brief filed in this MDL (Doc. No. 4865). Cameron further states that to its knowledge, the following individuals were principally

6

and directly involved in Cameron's demand for indemnity protection from Transocean under the

T&C and the MSA in connection with the Deepwater Horizon Incident:

Brad Eastman
Vice President, Deputy General Counsel
Cameron International Corporation
4646 W. Sam Houston Pkwy. North
Houston, Texas 77041
(713) 939-2239

Steven L. Roberts
David A. Baay
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002
(713) 470-6100

David J. Beck
David W. Jones
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 Mckinney, Suite 4500
Houston, TX 77010
(713) 951-3700

**INTERROGATORY NO. 6.**   Identify all persons involved in the drafting of your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to the Interrogatory to the extent it is overly broad and unduly burdensome.  Subject to and without waiving its objections, Cameron refers to its response to Interrogatory No. 5.

**INTERROGATORY NO. 7.**   Identify the persons who authored the T&C and the MSA.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this request on the grounds that it seeks information exclusively within the possession and control of Transocean.  Subject to and without waiving its objections, Cameron states that the T&C and the MSA were originally authored by employees of Transocean or Transocean's predecessor, R&B Falcon Drilling Co., and revised during negotiations principally with Al Shepard (now deceased) and Bruce Himmelreich from Cameron.

1122687v1

**INTERROGATORY NO. 8.**   Identify the persons knowledgeable concerning the meaning of the indemnity provisions contained in the T&C and the MSA, including persons involved in negotiations with Transocean about the terms of the T&C and the MSA.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron states that David J. Beck is knowledgeable concerning the meaning of the indemnity provisions contained in the T&C and the MSA, and Cameron's former Transocean account representative, Al Shepard (now deceased), and Bruce Himmelreich were principally and directly involved in the negotiation of the T&C and MSA.

**INTERROGATORY NO. 9.**   State whether there have been any modifications to the indemnity provisions contained in the T&C and the MSA since January 1, 2010.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron states that in 2012, Cameron entered into a revised MSA with Transocean.

**INTERROGATORY NO. 10.**   Identify all claims you have made to Transocean for indemnity protection under the T&C and the MSA since January 1, 2000.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory on the grounds that Cameron's claims for indemnity from Transocean prior to the Deepwater Horizon Incident are neither relevant to the subject matter involved in this case, nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving its objections, Cameron states that it made a demand that TO provide indemnity for Blowout Liability in connection with the Deepwater Horizon Incident, but that TO rejected that demand and filed a claim for a declaration that TO owed no such indemnity to Cameron.

8

**INTERROGATORY NO. 11.** Identify all documents and communications related to any work Cameron has performed for Transocean under the MSA and the T&C since January 1, 2000.

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant to the subject matter involved in this case, nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12.** State whether you have made a demand to Marsh and/or its errors and omissions insurer(s) in connection with Liberty's decision not to contribute to the BP Settlement, and if so, state when the demand was made and identify all persons with knowledge of the demand.

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory on the grounds that it is neither relevant to the subject matter involved in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Cameron responds that it has not made a demand to Marsh and/or its errors and omissions insurer(s) in connection with Liberty's breach of its obligations to Cameron.

**INTERROGATORY NO. 13.** Identify all facts and documents supporting and all persons with knowledge of your allegation that "'[o]ther insurance' clauses define methods of contribution among insurers and are irrelevant to a policy's attachment point[.]"

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Cameron further objects to this Interrogatory to the extent it is premature as discovery is still ongoing. Subject to and without waiving its objections, Cameron states that the literature in the insurance industry supporting the referenced allegation is publicly available and too voluminous to identify here. As an example, see *Couch on Insurance* § 219:1 (observing that

9

"'[o]ther insurance' clauses govern the relationship between insurers, they do not affect the right of the insured to recover under each concurrent policy").

**INTERROGATORY NO. 14.** Identify all facts and documents supporting and all persons with knowledge of your allegation that "[b]ecause Liberty has not remitted to Cameron the insurance proceeds it owes, Liberty has breached the Policy – and has done so in bad faith."

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory to the extent it is premature as discovery is still ongoing. Subject to and without waiving its objections, Cameron refers Defendant to Cameron's Amended Complaint, which describes the facts supporting this allegation in detail, including but not limited to:

- Cameron's cooperation with Liberty in its investigation of Cameron's claim for coverage and in connection with liabilities arising from the Deepwater Horizon Incident;

- Liberty's failure to mention that its "Other Insurance" provision could be a basis to refuse payment until over a year and a half after Cameron notified Liberty of its claim;

- Liberty's failure to consent to Cameron's settlement with BP, putting the entire settlement in jeopardy and potentially exposing Cameron to billions of dollars of liability;

- Liberty's demand that Cameron accept a steep discount as a condition to providing coverage; and

- Liberty's insistence that its "Other Insurance" provision means that before Liberty's policy attaches, Cameron must risk bankrupting itself pursuing an uncertain indemnity to final judgment.

10

Cameron further refers Defendant to Cameron's Rule 26 disclosures in this action, which identify

the persons and categories of documents supporting those facts, including, but not limited to:

- Anthony Black, Cameron's risk manager;

- Brad Eastman, Cameron's Vice President, Deputy General Counsel;

- Charles Sledge, Cameron's Chief Financial Officer;

- James Engel, Liberty's Chief Claims Officer;

- Jeffrey Roberts, Liberty's AVP Excess Casualty Claims;

- Alan Mandel, Liberty's Vice President, Excess Casualty Division;

- Communications between Liberty and Cameron, including letters written by Paul
  Koepff on Liberty's behalf refusing to contribute to Cameron's settlement with
  BP; and

- Communications between Liberty and Cameron's other insurers, including those
  in which Cameron's other insurers objected to Liberty's conduct and reserved all
  rights to sue Liberty.

**INTERROGATORY NO. 15.** Itemize all damages you seek to recover in this matter, including without limitation any damages for (1) Liberty's alleged breach of its insurance policy, and (2) Liberty's alleged breach of Texas Insurance Code §§ 541 and/or 542.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above.

Cameron further objects to this Interrogatory to the extent it is premature as discovery is still

ongoing.  Subject to and without waiving its objections, Cameron states that it is seeking $50

million in compensatory damages plus interest as provided under Texas law, compensatory

damages for post-settlement defense costs being incurred on an ongoing basis in connection with

the MDL and related proceedings, statutory damages under Texas Insurance Code § 541 equal to

triple Cameron's actual compensatory damages, statutory damages under Texas Insurance Code

11

§ 542 equal to 18% per annum of Cameron's defense costs in connection with this MDL and related proceedings, and attorneys' fees and costs related to bringing this action.

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1**   All documents and communications between you and BP covering the BP Settlement.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 2**   All documents and communications between you and any of your insurers relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon incident, an insurer's payment on Cameron's claim, or this lawsuit.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 3**   All documents and communications between you and Marsh concerning Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, the BP Settlement, this lawsuit, a demand against Marsh, or notice of a potential claim against Marsh.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 4**   All documents and communications between you and Marsh concerning procurement of the Liberty Policies.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 5**   All documents and communications between you and Liberty concerning the Liberty Policies.

12

1122687v1

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 6**   All documents and communications between you and Liberty concerning the BP Settlement.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 7**   All documents and communications related to any demand by you for indemnity protection to Transocean under the T&C or the MSA since January 1, 2000.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Document Request on the grounds that it is unduly burdensome, overly broad and seeks documents that are neither relevant to the issues in this case, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents that were previously produced in the MDL and that are located through a reasonable search.

**DOCUMENT REQUEST NO. 8**   All documents and communications related to any modification of, or request to modify the indemnity provisions contained in the T&C or the MSA since January 1, 2010.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Document Request on the grounds that it is unduly burdensome, overly broad and seeks documents that are neither relevant to the issues in this case, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents that

1122687v1

were previously produced in the MDL and that are located through a reasonable search, as well as a copy of the revised MSA between Cameron and Transocean.

**DOCUMENT REQUEST NO. 9**    All documents and communications concerning the terms of the BP Settlement, including drafts of the executed settlement agreement.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 10**  All documents in the files of Stone Pigman Walther Wittmann L.L.C. or Willkie Farr & Gallagher L.L.P. relating to the BP Settlement, Cameron's claims for indemnity against Transocean, the Liberty Policies, or Cameron's claims for coverage for liabilities arising out of the Deepwater Horizon incident.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Document Request on the grounds that any responsive, non-privileged documents in trial counsel's files exist in Cameron's files and, as such, will already be included in Cameron's production.  Cameron further objects to this request on the grounds that it is harassing.

**DOCUMENT REQUEST NO. 11**  All documents supporting the damages you seek to recover in this matter.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 12**  All documents supporting your answers to any of the Interrogatories.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

1122687v1

Dated:     April 8, 2013                      /s/ Phillip A. Wittmann
                                              Phillip A. Wittmann, 13625
                                                    pwittmann@stonepigman.com
                                              Carmelite M. Bertaut, 3054
                                                    cbertaut@stonepigman.com

                                              STONE PIGMAN WALTHER WITTMANN L.L.C.
                                              546 Carondelet Street
                                              New Orleans, Louisiana  70130
                                              504-581-3200
                                              504-581-3361 (fax)

                                              *Attorneys for Cameron International
                                              Corporation*

                                                 Of Counsel:

                                                 WILLKIE FARR & GALLAGHER LLP
                                                 Mitchell J. Auslander
                                                 Jeffrey B. Korn
                                                 787 Seventh Avenue
                                                 New York, NY  10019
                                                 (212) 728-8000
                                                 mauslander@willkie.com


## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing document was served on all counsel

of record by U.S. mail, postage prepaid, hand delivery, facsimile transmission or email on this

8th day of April, 2013.

                                              /s/ Phillip A. Wittmann


                                   15

1122687v1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| **APPLIES TO:** No. 12-311 | * | MAG. JUDGE SHUSHAN |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## VERIFICATION OF BRAD EASTMAN

I, Brad Eastman, declare under penalty of perjury, as follows:

I am employed by Cameron International Corporation as Vice President, Deputy General

Counsel. In that capacity, I declare that the foregoing responses to Liberty Insurance

Underwriters, Inc.'s First Set of Requests for Admissions, Interrogatories and Requests for

Production of Documents are true and correct to the best of my knowledge.

Executed this 8 day of April, 2013.

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| BATES RANGE | ATTACHMENT? | DATE | FROM | TO | CC | | DESCRIPTION | | |
|---|---|---|---|---|---|---|---|---|---|
| CIC0000121 - CIC0000122 | | 4/22/2010 | Anthony Black | Charles Sledge | | Email | discussing legal advice of | William Lemmer | re: Cameron's |
| CIC0000172 - CIC0000172 | yes | 4/30/2010 | Anthony Black | William Lemmer | Charles Sledge | Email | requesting legal advice of | William Lemmer | re: Cameron's |
| CIC0000227 - CIC0000227 | yes | 4/30/2010 | Angela Temple | Anthony Black | | Email chain | providing information necessary to render legal advice of | William Lemmer | |
| CIC0000262 - CIC0000262 | yes | 4/30/2010 | Anthony Black | Glenn Chiasson | William Lemmer; Brad Eastman; Charles Sledge | Email | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | |
| CIC0000310 - CIC0000310 | yes | 4/29/2010 | Anthony Black | Rusty Lee | | Email | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's |
| CIC0000924 - CIC0000925 | yes | 6/18/2010 | Brad Eastman | Anthony Black | | Email chain | requesting information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC0000985 - CIC0000987 | yes | 7/12/2010 | Brad Eastman | David Beck; Joseph Redden, Jr.; David Jones; Geoff Gannaway | William Lemmer; Anthony Black | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0000988 - CIC0000999 | yes | 7/12/2010 | Brad Eastman | David Beck; Joseph Redden, Jr.; David Jones; Geoff Gannaway | William Lemmer; Anthony Black | Draft agreement | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0001092 - CIC0001094 | yes | 7/8/2010 | Anthony Black | David Beck; Brad Eastman; William Lemmer | | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0001266 - CIC0001267 | | 9/7/2010 | Timothy Kenny | Anthony Black; Brad Eastman | Krista Doran | Email | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's |
| CIC0001563 - CIC0001564 | yes | 11/11/2010 | Anthony Black | Geoff Gannaway | | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0001626 - CIC0001627 | yes | 11/15/2010 | Anthony Black | Brad Eastman | | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0001671 - CIC0001674 | | 11/24/2010 | Brad Eastman | Anthony Black | | Email chain | providing legal advice of | Brad Eastman | re: Cameron's |
| CIC0001705 - CIC0001707 | yes | 12/3/2010 | Anthony Black | Brad Eastman | | Email | providing information necessary to render legal advice of | Brad Eastman | re: Cameron's |
| CIC0001727 - CIC0001730 | | 12/3/2010 | Brad Eastman | Anthony Black | | Email chain | providing legal advice of | Brad Eastman | re: Cameron's |
| CIC0001777 - CIC0001779 | yes | 11/24/2010 | Anthony Black | Brad Eastman | | Email | requesting legal advice of | Brad Eastman | re: Cameron's |
| CIC0002014 - CIC0002015 | | 1/4/2011 | Brad Eastman | Anthony Black | | Email chain | providing legal advice of | Brad Eastman | re: Cameron's |
| CIC0002219 - CIC0002220 | yes | 2/8/2011 | Brad Eastman | David Jones | Anthony Black | Email chain | requesting legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0002367 - CIC0002368 | yes | 4/20/2011 | Timothy Kenny | Brad Eastman; David Jones | Anthony Black | Email | facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's |
| CIC0002533 - CIC0002534 | yes | 4/26/2011 | Anthony Black | Geoff Gannaway | Brad Eastman; Patrice B. Childress | Email chain | requesting legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0002540 - CIC0002542 | yes | 4/21/2011 | David Jones | Brad Eastman | Anthony Black; William Lemmer | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0002543 - CIC0002554 | yes | 4/21/2011 | David Jones | Brad Eastman | Anthony Black; William Lemmer | Court opinion | attached to email providing legal advice of | Beck Redden LLP | re: Cameron's |

**EXHIBIT D**

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Bates | Priv | Date | From | To | CC | Type | Description | Firm | re |
|---|---|---|---|---|---|---|---|---|---|
| CIC002557 - CIC002558 | yes | 4/21/2011 | Brad Eastman | David Jones | Anthony Black; William Lemmer | Email | requesting legal advice of | Beck Redden LLP | re: Cameron's |
| CIC002625 - CIC002626 | yes | 4/26/2011 | Anthony Black | Michael H. Ginsberg | | Email chain | providing information necessary to render legal advice of | Jones Day | re: Cameron's |
| CIC002739 - CIC002740 | yes | 6/28/2011 | Timothy Kenny | Brad Eastman | Anthony Black; Jerry Lawrence | Email | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's |
| CIC002816 - CIC002818 | yes | 6/21/2011 | Timothy Kenny | Brad Eastman | Anthony Black; Jerry Lawrence | Email | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's |
| CIC002826 - CIC002827 | yes | 6/13/2011 | Timothy Kenny | Brad Eastman | Anthony Black | Email | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's |
| CIC002870 - CIC002871 | yes | 8/18/2011 | Brad Eastman | Anthony Black | | Email chain | providing legal advice of | Brad Eastman | re: Cameron's |
| CIC002874 - CIC002877 | | 8/19/2011 | Brad Eastman | Anthony Black | | Email chain | providing legal advice of | Brad Eastman | re: Cameron's |
| CIC002886 - CIC002887 | yes | 9/29/2011 | Brad Eastman | Anthony Black | | Email chain | providing legal advice of | Brad Eastman | re: Cameron's |
| CIC002888 - CIC002890 | yes | 9/29/2011 | David Jones | Brad Eastman | Anthony Black; William Lemmer | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC002891 - CIC002902 | yes | 9/29/2011 | Brad Eastman | Anthony Black | | Court Opinion | attached to email providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC003172 - CIC003173 | yes | 11/6/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Beck; David Jones; David Brown; Nancy Kornegay | | Email | providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's |
| CIC003191 - CIC003194 | yes | 10/31/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black | David Jones; David Beck; David Brown | Email | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC003263 - CIC003264 | yes | 10/31/2011 | Brad Eastman | David Beck; David Jones; David Brown | William Lemmer; Charles Sledge; Anthony Black | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC003268 - CIC003274 | | 10/31/2011 | Brad Eastman | David Brown; David Beck; David Jones | William Lemmer; Charles Sledge; Anthony Black | Email | providing information necessary to render legal advice of | Beck Redden LLP | |
| CIC003275 - CIC003278 | | 10/28/2011 | Brad Eastman | William Lemmer; Charles Sledge; David Jones; David Brown; David Beck; Anthony Black | | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC003287 - CIC003292 | | 10/28/2011 | Brad Eastman | William Lemmer | Charles Sledge; Anthony Black; David Jones; David Beck | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC003295 - CIC003299 | | 10/28/2011 | Brad Eastman | David Jones; David Brown; David Beck | Charles Sledge; William Lemmer; Anthony Black | Email | requesting legal advice of | Beck Redden LLP | re: Cameron's |
| CIC003330 - CIC003331 | | 10/25/2011 | Brad Eastman | David Jones; David Brown; Anthony Black | Charles Sledge | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC003341 - CIC003342 | yes | 10/31/2011 | Timothy Kenny | Anthony Black | Brad Eastman | Email | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's |
| CIC003358 - CIC003361 | | 10/29/2011 | William Lemmer | Brad Eastman; Charles Sledge; David Beck; David Jones; David Brown; Anthony Black | Jack Moore | Email | reflecting mental impressions and litigation strategy of William Lemmer and providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC003366 - CIC003370 | | 10/28/2011 | William Lemmer | Brad Eastman | Charles Sledge; Anthony Black; David Jones; David Beck | Email | requesting legal advice of | Brad Eastman | re: Cameron's |
| CIC003375 - CIC003375 | | 11/7/2011 | Charles Sledge | Anthony Black | | Email chain | providing information necessary to render legal advice of | William Lemmer | re: Cameron's |
| CIC003376 - CIC003377 | | 10/31/2011 | Charles Sledge | Brad Eastman | David Beck; David Jones; David Brown; William Lemmer; Anthony Black | Email chain | requesting legal advice of | Beck Redden LLP | re: Cameron's |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Bates | | Priv | Date | Author | To | CC | Type | Description | Law Firm | Re |
|---|---|---|---|---|---|---|---|---|---|---|
| CIC003397 | - CIC003398 | | 11/12/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Stephen Fraser; David Brown | | Email | requesting legal advice of/facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's |
| CIC003471 | - CIC003472 | yes | 11/17/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown; Mitchell Auslander | David Beck; David Jones | Email | providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC003500 | - CIC003501 | yes | 11/23/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; David Brown; Mitchell Auslander; Stephen Fraser; Timothy Kenny | | Email | providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC003503 | - CIC003504 | yes | 11/23/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; David Brown; Mitchell Auslander; Stephen Fraser; Timothy Kenny | | Email | providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC003529 | - CIC003535 | | 12/13/2011 | Charles Sledge | Mitchell Auslander | Brad Eastman; William Lemmer; Anthony Black | Email chain | providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's |
| CIC003546 | - CIC003547 | | 12/14/2011 | Timothy Kenny | Mitchell Auslander | Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; Stephen Fraser; Anthony Black; William Lemmer | Email | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC003548 | - CIC003549 | | 12/14/2011 | Mitchell Auslander | Anthony Black | | Email chain | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC003588 | - CIC003591 | | 12/19/2011 | Mitchell Auslander | William Lemmer; Brad Eastman | Charles Sledge; Anthony Black; Jeffrey Williams | Email | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC003621 | - CIC003622 | yes | 12/28/2011 | Timothy Kenny | Mitchell Auslander | Jerry Lawrence; Stephen Fraser; Rusty Lee; Anthony Black | Email chain | facilitating the rendition of professional legal services of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re |
| CIC003624 | - CIC003625 | | 12/14/2011 | Anthony Black | Brad Eastman | | Email | requesting legal advice of | Brad Eastman | re: Cameron's |
| CIC003626 | - CIC003635 | | 12/13/2011 | Anthony Black | Brad Eastman | | Email | providing information necessary to render legal advice of | Brad Eastman | re: Cameron's |
| CIC003636 | - CIC003641 | | 12/13/2011 | Anthony Black | Brad Eastman | | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | |
| CIC003642 | - CIC003644 | yes | 1/24/2012 | Brad Eastman | William Lemmer; Mitchell Auslander; Anthony Black | Jeffrey Korn; Jeffrey Williams; Charles Sledge | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re |
| CIC003654 | - CIC003657 | yes | 1/24/2012 | Anthony Black | Mitchell Auslander; Brad Eastman; William Lemmer | Jeffrey Korn; Jeffrey Williams; Charles Sledge | Email chain | requesting legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re |
| CIC005180 | - CIC005182 | | 12/29/2011 | Mitchell Auslander | Charles Sledge | Brad Eastman; William Lemmer; Jeffrey Korn; Douglas Mishkin | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC005233 | - CIC005235 | | 12/9/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; Anthony Black; William Lemmer | | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC005236 | - CIC005236 | | 12/13/2011 | Mitchell Auslander | Brad Eastman | | Email | requesting information necessary to render legal advice of | Mitchell Auslander | |
| CIC005237 | - CIC005239 | | 12/14/2011 | Mitchell Auslander | Charles Sledge | William Lemmer; Brad Eastman | Email | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC005240 | - CIC005246 | | 12/13/2011 | Mitchell Auslander | William Lemmer; Charles Sledge; Anthony Black | Brad Eastman | Email | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC005252 | - CIC005254 | | 12/8/2011 | Mitchell Auslander | William Lemmer; Brad Eastman; David Beck | Jeffrey Williams | Email | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC005255 | - CIC005256 | yes | 12/14/2011 | Mitchell Auslander | Charles Sledge; William Lemmer; Brad Eastman | | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC005259 | - CIC005260 | | 12/15/2011 | Mitchell Auslander | Brad Eastman | | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| BegDoc | EndDoc | Priv | Date | Author | To | CC | Type | Description | Org | Subject |
|---|---|---|---|---|---|---|---|---|---|---|
| CIC005261 | - CIC005262 | yes | 12/14/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge; Anthony Black; William Lemmer; David Beck; David Brown; Joseph Redden; Stephen Fraser; Timothy Kenny | Dean Klisura; Jonathan Zaffino; Robert Howe | Email | providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC005282 | - CIC005284 | yes | 12/7/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; Anthony Black; William Lemmer | Jeffrey Williams | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC005301 | - CIC005302 | yes | 12/13/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black | Timothy Kenny; Stephen Fraser | Email chain | providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC005324 | - CIC005326 | | 12/15/2011 | Mitchell Auslander | David Beck | William Lemmer; Brad Eastman | Email | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC005327 | - CIC005329 | | 12/23/2011 | Mitchell Auslander | Brad Eastman | Jeffrey Williams | Email | requesting information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC005330 | - CIC005332 | | 12/16/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge | | Email | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC005335 | - CIC005336 | | 12/14/2011 | Anthony Black | Brad Eastman | | Email | requesting legal advice of | Brad Eastman | re: Cameron's |
| CIC005491 | - CIC005493 | | 11/23/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | Jeffrey Williams | Email | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC005494 | - CIC005494 | | 9/29/2011 | Anthony Black | Brad Eastman | | Email | requesting legal advice of | Brad Eastman | re: Cameron's |
| CIC005495 | - CIC005499 | | 12/14/2011 | Mitchell Auslander | William Lemmer; Charles Sledge; Brad Eastman | | Email | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC005526 | - CIC005528 | | 12/1/2011 | Mitchell Auslander | William Lemmer; Brad Eastman | Jeffrey Williams | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC005529 | - CIC005534 | | 12/13/2011 | Mitchell Auslander | Brad Eastman | Anthony Black | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC005536 | - CIC005538 | | 12/15/2011 | David Brown | Mitchell Auslander; Brad Eastman; William Lemmer | | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC005632 | - CIC005633 | yes | 1/20/2012 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge | Jeffrey Korn; Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re |
| CIC005648 | - CIC005650 | | 11/17/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown | David Beck; David Jones | Email chain | providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC005651 | - CIC005653 | | 11/23/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; David Brown; Stephen Fraser; Timothy Kenny | | Email chain | providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC005654 | - CIC005655 | | 11/23/2011 | Anthony Black | Brad Eastman | | Email | requesting legal advice of | Brad Eastman | re: Cameron's |
| CIC005656 | - CIC005660 | | 11/17/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown | David Beck; David Jones | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC005664 | - CIC005666 | | 12/13/2011 | Anthony Black | Timothy Kenny; Mitchell Auslander | Rusty Lee; Stephen Fraser; Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; William Lemmer | Email chain | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC005667 | - CIC005669 | | 12/13/2011 | Mitchell Auslander | Timothy Kenny | Rusty Lee; Stephen Fraser; Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; Stephen Fraser; Anthony Black; William Lemmer | Email chain | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC005670 | - CIC005673 | | 12/7/2011 | Mitchell Auslander | William Lemmer; David Beck; Brad Eastman | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC005682 | - CIC005691 | | 12/13/2011 | Mitchell Auslander | Brad Eastman | | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CIC0005692 - CIC0005699 | | 12/13/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge | William Lemmer; Anthony Black | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0005700 - CIC0005709 | | 12/13/2011 | Anthony Black | Brad Eastman | | Email | providing information necessary to render legal advice of | Brad Eastman | re: Cameron's |
| CIC0005765 - CIC0005775 | | 12/13/2011 | Mitchell Auslander | Brad Eastman | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0005776 - CIC0005780 | | 12/8/2011 | David Beck | Brad Eastman; William Lemmer; David Brown | Mitchell Auslander | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC0005786 - CIC0005788 | | 12/14/2011 | Mitchell Auslander | Charles Sledge; William Lemmer; Brad Eastman | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0005789 - CIC0005791 | | 12/14/2011 | Mitchell Auslander | Charles Sledge; William Lemmer; Brad Eastman | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0005797 - CIC0005800 | | 12/13/2011 | Mitchell Auslander | Timothy Kenny | Brad Eastman; Stephen Fraser | Email chain | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0005801 - CIC0005805 | | 12/13/2011 | Mitchell Auslander | Brad Eastman | | Email chain | reflecting legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0005812 - CIC0005814 | | 10/31/2011 | David Beck | William Lemmer; Brad Eastman; David Jones; David Brown | Charles Sledge; Anthony Black | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC0005815 - CIC0005816 | | 10/11/2011 | David Beck | David Jones | Brad Eastman | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC0005817 - CIC0005822 | | 8/1/2011 | David Beck | Brad Eastman; David Jones | | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0005827 - CIC0005828 | | 12/15/2011 | David Beck | Mitchell Auslander; Brad Eastman; Charles Sledge; Anthony Black; William Lemmer; David Brown; Joseph Redden, Jr.; Stephen Fraser; Timothy Kenny | Dean Klisura; Jonathan Zaffino; Robert Howe | Email chain | requesting information necessary to render legal advice of/facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's |
| CIC0005829 - CIC0005832 | | 12/7/2011 | Mitchell Auslander | William Lemmer; Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; Anthony Black | Jeffrey Williams; Charles Sledge; Jack Moore | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0005833 - CIC0005836 | | 12/7/2011 | Mitchell Auslander | David Brown; Brad Eastman; Charles Sledge; Anthony Black; William Lemmer | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0005837 - CIC0005839 | | 12/3/2011 | Mitchell Auslander | Timothy Kenny; Brad Eastman; Anthony Black | Stephen Fraser | Email | providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0005850 - CIC0005853 | | 12/16/2011 | Mitchell Auslander | Brad Eastman | William Lemmer; Charles Sledge | Email chain | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0005854 - CIC0005859 | yes | 12/23/2011 | Anthony Black | Mitchell Auslander; William Lemmer; Charles Sledge | Brad Eastman; Jeffrey Korn | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re |
| CIC0005952 - CIC0005956 | yes | 12/23/2011 | Anthony Black | Mitchell Auslander; William Lemmer; Charles Sledge | Brad Eastman; Jeffrey Korn | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re |
| CIC0005977 - CIC0005980 | yes | 12/22/2011 | Anthony Black | Mitchell Auslander; Charles Sledge; William Lemmer | Brad Eastman; Jeffrey Korn | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re |
| CIC0006037 - CIC0006040 | | 12/12/2011 | B.D. Daniel | Brad Eastman; David Beck; David Jones | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC0006041 - CIC0006054 | | 12/14/2011 | Mitchell Auslander | Brad Eastman; David Beck; William Lemmer; Charles Sledge | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC0006055 - CIC0006057 | yes | 8/22/2011 | Anthony Black | Brad Eastman | David Jones | Email chain | providing information necessary to render legal advice of | Brad Eastman | re: Cameron's |

| Bates | | Date | Author | To | CC | Type | Description | Firm | Subject |
|---|---|---|---|---|---|---|---|---|---|
| CIC006234 - CIC006236 | | 10/5/2011 | B.D. Daniel | Brad Eastman | David Jones | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC006264 - CIC006266 | | 11/3/2011 | David Beck | Brad Eastman; Jack Moore; Charles Sledge; David Jones; David Brown; Timothy Kenny | | Email | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's |
| CIC006291 - CIC006303 | | 11/22/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC006304 - CIC006314 | | 11/22/2011 | Mitchell Auslander | William Lemmer; Stephen Fraser; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC006315 - CIC006328 | | 11/22/2011 | Mitchell Auslander | David Brown; Brad Eastman; William Lemmer; Charles Sledge | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC006329 - CIC006340 | | 11/22/2011 | Mitchell Auslander | Charles Sledge | Brad Eastman; Stephen Fraser; William Lemmer; David Brown; Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC006341 - CIC006351 | | 11/22/2011 | Mitchell Auslander | Brad Eastman; Stephen Fraser; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC006352 - CIC006362 | | 11/22/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC006363 - CIC006372 | | 11/22/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC006373 - CIC006378 | | 11/21/2011 | Mitchell Auslander | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC006379 - CIC006383 | | 11/21/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC006384 - CIC006391 | | 11/23/2011 | Mitchell Auslander | Brad Eastman | William Lemmer; Charles Sledge; David Brown; Stephen Fraser; Jeffrey Williams | Email | providing legal advice of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC006392 - CIC006397 | | 11/21/2011 | Mitchell Auslander | William Lemmer; Brad Eastman; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC006398 - CIC006401 | | 11/23/2011 | David Beck | William Lemmer; Mitchell Auslander; Brad Eastman; Charles Sledge; David Brown; Jack Moore; David Jones | John Vardaman | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander, William Lemmer | re: Cameron's |
| CIC006402 - CIC006404 | yes | 1/24/2012 | Anthony Black | Brad Eastman; William Lemmer; Mitchell Auslander | Jeffrey Korn; Jeffrey Williams; Charles Sledge | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re |
| CIC006407 - CIC006409 | | 10/28/2011 | David Beck | William Lemmer | Brad Eastman; David Jones; David Brown; Charles Sledge; Anthony Black | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC006447 - CIC006447 | yes | 1/30/2012 | David Brown | Carmelite Bertaut | William Lemmer; Brad Eastman; Mitchell Auslander | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re |
| CIC006448 - CIC006469 | yes | 1/30/2012 | David Brown | Carmelite Bertaut | William Lemmer; Brad Eastman; Mitchell Auslander | Notes | reflecting mental impressions and mental impressions and litigation strategy of and attached to email providing legal advice of | Brown & Kornegay LLP | re: Cameron's |
| CIC006470 - CIC006485 | yes | 1/27/2012 | David Brown | Charles Sledge; Carmelite Bertaut | Jeffrey Korn; William Lemmer; Brad Eastman; Nancy Kornegay; David Beck; Joseph Redden; Anthony Black; Phillip Wittmann; Tozeski, Hayley; Mitchell Auslander | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re |
| CIC006489 - CIC006493 | | 10/28/2011 | David Beck | Brad Eastman | David Jones; David Brown; Charles Sledge; William Lemmer; Anthony Black | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC006511 - CIC006513 | | 10/26/2011 | B.D. Daniel | Brad Eastman | David Jones; David Beck | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC006516 - CIC006521 | | 12/13/2011 | Anthony Black | Brad Eastman | | Email chain | providing information necessary to render legal advice of | Brad Eastman | re: Cameron's |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Bates | | Date | From | To | CC | Type | Description | | |
|---|---|---|---|---|---|---|---|---|---|
| CIC0006525 - CIC0006528 | | 12/12/2011 | David Beck | Brad Eastman | | Email | requesting information necessary to render legal advice of | Beck Redden LLP | |
| CIC0007360 - CIC0007366 | | 12/15/2011 | Brad Eastman | William Lemmer; Mitchell Auslander; David Beck; Charles Sledge | | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | |
| CIC0007367 - CIC0007368 | | 12/15/2011 | Brad Eastman | Mitchell Auslander | | Email | requesting legal advice of | Mitchell Auslander | |
| CIC0007369 - CIC0007374 | | 12/15/2011 | Brad Eastman | William Lemmer; Mitchell Auslander; David Beck; Charles Sledge | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | |
| CIC0007375 - CIC0007379 | | 12/15/2011 | Brad Eastman | Mitchell Auslander; William Lemmer; David Beck; Charles Sledge | | Email chain | requesting legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC0007380 - CIC0007384 | | 12/15/2011 | Brad Eastman | William Lemmer; Mitchell Auslander; David Beck; Charles Sledge | | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | |
| CIC0007385 - CIC0007388 | | 12/15/2011 | Brad Eastman | William Lemmer; Mitchell Auslander; David Beck; Charles Sledge | | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | |
| CIC0007390 - CIC0007393 | | 12/15/2011 | Brad Eastman | Mitchell Auslander; William Lemmer | Charles Sledge | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC0007425 - CIC0007427 | | 12/14/2011 | Brad Eastman | Mitchell Auslander | | Email | providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0007428 - CIC0007431 | | 12/14/2011 | Brad Eastman | Charles Sledge; Mitchell Auslander; William Lemmer | | Email chain | providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0007432 - CIC0007434 | | 12/13/2011 | Brad Eastman | Mitchell Auslander | | Email | requesting legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0007440 - CIC0007445 | | 12/13/2011 | Brad Eastman | Anthony Black | | Email | requesting information necessary to render legal advice of | Mitchell Auslander | |
| CIC0007452 - CIC0007457 | | 12/8/2011 | Brad Eastman | William Lemmer | | Email chain | reflecting legal advice of and mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC0007458 - CIC0007463 | | 12/8/2011 | Brad Eastman | Mitchell Auslander | William Lemmer | Email | requesting legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0007464 - CIC0007468 | | 12/8/2011 | Brad Eastman | William Lemmer; David Beck; David Brown | | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC0007469 - CIC0007473 | | 12/8/2011 | Brad Eastman | David Beck; William Lemmer; David Brown | Mitchell Auslander | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC0007474 - CIC0007477 | | 12/8/2011 | Brad Eastman | Mitchell Auslander; William Lemmer; David Beck | Jeffrey Williams; B.D. Daniel | Email chain | providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0008843 - CIC0008847 | | 12/15/2011 | William Lemmer | Brad Eastman; Mitchell Auslander; David Beck; Charles Sledge | | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC0008848 - CIC0008853 | | 12/15/2011 | William Lemmer | Brad Eastman; Mitchell Auslander; David Beck; Charles Sledge | | Email chain | requesting legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC0008854 - CIC0008857 | | 12/15/2011 | William Lemmer | Mitchell Auslander; Brad Eastman; David Beck; Charles Sledge | | Email chain | requesting legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC0008858 - CIC0008861 | | 12/15/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; David Beck; Charles Sledge | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC0008862 - CIC0008865 | | 12/15/2011 | William Lemmer | Brad Eastman; Mitchell Auslander; David Beck; Charles Sledge | | Email chain | requesting legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC0008866 - CIC0008868 | | 12/15/2011 | William Lemmer | Mitchell Auslander; Brad Eastman; David Beck; Charles Sledge | | Email chain | reflecting mental impressions and litigation strategy of William Lemmer and requesting legal advice of | Mitchell Auslander | |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Bates | | Priv | Date | Author | To | CC | Type | Description | Name | Subject |
|---|---|---|---|---|---|---|---|---|---|---|
| CIC008869 | CIC008871 | | 12/15/2011 | Mitchell Auslander | Charles Sledge | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC008872 | CIC008874 | | 12/15/2011 | Mitchell Auslander | William Lemmer; Brad Eastman; David Beck; Charles Sledge | | Email chain | providing legal advice of | Mitchell Auslander | |
| CIC008875 | CIC008878 | | 12/15/2011 | Mitchell Auslander | Brad Eastman; William Lemmer | Charles Sledge | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC008879 | CIC008880 | | 12/15/2011 | David Beck | Mitchell Auslander; Brad Eastman; Charles Sledge; Anthony Black; William Lemmer; David Brown; Joseph Redden, Jr.; Stephen Fraser; Timothy Kenny | Dean Klisura; Jonathan Zaffino; Robert Howe | Email chain | discussing legal advice of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC008890 | CIC008891 | yes | 12/14/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge; Anthony Black; William Lemmer; David Beck; David Brown; Joseph Redden; Stephen Fraser; Timothy Kenny | Dean Klisura; Jonathan Zaffino; Robert Howe | Email | providing legal advice of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC008895 | CIC008899 | | 12/14/2011 | Mitchell Auslander | William Lemmer; Charles Sledge; Brad Eastman | | Email | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC008903 | CIC008905 | | 12/14/2011 | Mitchell Auslander | Charles Sledge | William Lemmer; Brad Eastman | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC008906 | CIC008908 | | 12/14/2011 | Mitchell Auslander | Charles Sledge; William Lemmer; Brad Eastman | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC008909 | CIC008910 | yes | 12/14/2011 | Mitchell Auslander | Charles Sledge; William Lemmer; Brad Eastman | | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC008927 | CIC008930 | | 12/7/2011 | Mitchell Auslander | David Brown; Brad Eastman; Charles Sledge; Anthony Black; William Lemmer | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC008931 | CIC008934 | | 12/7/2011 | Mitchell Auslander | William Lemmer; Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; Anthony Black | Jeffrey Williams; Charles Sledge; Jack Moore | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC008935 | CIC008937 | | 12/7/2011 | David Brown | Mitchell Auslander; Brad Eastman; Charles Sledge; Anthony Black; William Lemmer | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC008938 | CIC008940 | | 12/7/2011 | William Lemmer | Mitchell Auslander; Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; Anthony Black | Jeffrey Williams; Charles Sledge; Jack Moore | Email chain | requesting legal advice of | Mitchell Auslander | re: Cameron's |
| CIC008951 | CIC008953 | yes | 12/7/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; Anthony Black; William Lemmer | Jeffrey Williams | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC008957 | CIC008966 | | 11/25/2011 | William Lemmer | Charles Sledge | | Email chain | discussing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC008967 | CIC008976 | | 11/26/2011 | Charles Sledge | William Lemmer | | Email chain | discussing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC008977 | CIC008984 | | 11/25/2011 | William Lemmer | Charles Sledge | | Email chain | providing legal advice of | William Lemmer | re: Cameron's |
| CIC008985 | CIC008989 | | 11/23/2011 | David Brown | Charles Sledge; William Lemmer | Mitchell Auslander; Brad Eastman; Jack Moore; David Beck; David Jones | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC008990 | CIC008996 | | 11/24/2011 | Mitchell Auslander | Charles Sledge | William Lemmer; Jack Moore | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC008997 | CIC009002 | | 11/23/2011 | Jack Moore | William Lemmer | Brad Eastman; Charles Sledge | Email chain | requesting legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | re: Cameron's |
| CIC009003 | CIC009006 | | 11/23/2011 | William Lemmer | Mitchell Auslander; Brad Eastman; Charles Sledge; David Brown; Jack Moore; David Beck; David Jones | John Vardaman | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC009007 | CIC009009 | | 11/23/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | Jeffrey Williams | Email | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Bates Begin | Bates End | | Date | Author | To | CC | Type | Description | | Subject |
|---|---|---|---|---|---|---|---|---|---|---|
| CIC0009010 | - | CIC0009011 | yes | 11/23/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; David Brown; Mitchell Auslander; Stephen Fraser; Timothy Kenny | | Email | providing legal advice of and facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's... |
| CIC0009013 | - | CIC0009015 | | 11/18/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; David Brown; David Beck; David Jones; Mitchell Auslander | | Email | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's... |
| CIC0009016 | - | CIC0009027 | | 11/22/2011 | David Brown | William Lemmer; Mitchell Auslander; Brad Eastman; Charles Sledge | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's... |
| CIC0009028 | - | CIC0009034 | | 11/17/2011 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's... |
| CIC0009035 | - | CIC0009041 | | 11/17/2011 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's... |
| CIC0009042 | - | CIC0009050 | | 11/17/2011 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's... |
| CIC0009051 | - | CIC0009056 | | 11/17/2011 | William Lemmer | Brad Eastman; Mitchell Auslander; Stephen Fraser; Charles Sledge; Anthony Black; Timothy Kenny; David Brown | David Beck; David Jones | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's... |
| CIC0009057 | - | CIC0009062 | | 11/17/2011 | Brad Eastman | Mitchell Auslander; Stephen Fraser; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown | David Beck; David Jones | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's... |
| CIC0009063 | - | CIC0009067 | | 11/17/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown | David Beck; David Jones | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing legal advice and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's... |
| CIC0009068 | - | CIC0009071 | | 11/17/2011 | Stephen Fraser | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown; Mitchell Auslander | David Beck; David Jones | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's... |
| CIC0009072 | - | CIC0009074 | | 11/17/2011 | Stephen Fraser | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown; Mitchell Auslander | David Beck; David Jones | Email chain | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's... |
| CIC0009075 | - | CIC0009078 | | 11/17/2011 | Brad Eastman | Stephen Fraser; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown; Mitchell Auslander | David Beck; David Jones | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's... |
| CIC0009079 | - | CIC0009081 | yes | 11/17/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown; Mitchell Auslander | | Email | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's... |
| CIC0009092 | - | CIC0009096 | | 10/29/2011 | David Brown | William Lemmer; Brad Eastman; Charles Sledge; David Beck; David Jones; Anthony Black | Jack Moore | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | |
| CIC0009097 | - | CIC0009100 | | 10/29/2011 | Brad Eastman | William Lemmer; Charles Sledge; David Beck; David Jones; David Brown; Anthony Black | | Email | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Beck Redden LLP | |
| CIC0009101 | - | CIC0009104 | | 10/28/2011 | Brad Eastman | Charles Sledge; William Lemmer | David Beck; David Jones; David Brown; Anthony Black | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | |
| CIC0009118 | - | CIC0009120 | | 12/1/2011 | Brad Eastman | William Lemmer; Charles Sledge; David Beck; David Jones; David Brown; Mitchell Auslander | | Email | requesting legal advice of | Mitchell Auslander | re: Cameron's... |
| CIC0009169 | - | CIC0009182 | yes | 12/14/2011 | Brad Eastman | Mitchell Auslander; David Beck; William Lemmer; Charles Sledge | | Email | reflecting mental impressions and litigation strategy of Brad Eastman and requesting legal advice of | Beck Redden LLP | |
| CIC0009236 | - | CIC0009237 | yes | 12/14/2011 | Brad Eastman | Mitchell Auslander | | Email | requesting legal advice of | Mitchell Auslander | re: Cameron's... |
| CIC0009351 | - | CIC0009362 | | 12/13/2011 | Brad Eastman | Mitchell Auslander | | Email | reflecting mental impressions and litigation strategy of Brad Eastman and requesting legal advice of | Mitchell Auslander | re: Cameron's... |
| CIC0009363 | - | CIC0009372 | | 12/13/2011 | Brad Eastman | Mitchell Auslander | | Email chain | providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's... |
| CIC0009373 | - | CIC0009374 | | 12/13/2011 | Brad Eastman | Mitchell Auslander | | Email | providing information necessary to render legal advice of | Mitchell Auslander | |
| CIC0009375 | - | CIC0009386 | | 12/13/2011 | Brad Eastman | Charles Sledge | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's... |

| Bates | | Date | From | To | CC | Type | Description | Name | Re |
|---|---|---|---|---|---|---|---|---|---|
| CIC0009387 - CIC0009395 | | 12/13/2011 | Brad Eastman | Charles Sledge | | Email chain | providing legal advice of | Brad Eastman | re: Cameron's |
| CIC0009396 - CIC0009403 | | 12/13/2011 | Brad Eastman | Charles Sledge; Mitchell Auslander | William Lemmer; Anthony Black | Email chain | providing legal advice of | Brad Eastman | re: Cameron's |
| CIC0009410 - CIC0009416 | | 12/13/2011 | Brad Eastman | Mitchell Auslander | William Lemmer | Email | reflecting mental impressions and litigation strategy of Brad Eastman and requesting legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0009417 - CIC0009422 | | 12/13/2011 | Brad Eastman | Mitchell Auslander | Charles Sledge; William Lemmer; Anthony Black | Email | requesting legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0009423 - CIC0009425 | yes | 12/11/2011 | Brad Eastman | David Beck; David Jones; B.D. Daniel | | Email chain | forwarding legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0009539 - CIC0009540 | | 12/8/2011 | Brad Eastman | Charles Sledge | William Lemmer | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | |
| CIC0009541 - CIC0009542 | yes | 12/8/2011 | Brad Eastman | Mitchell Auslander | | Email | requesting legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0009715 - CIC0009720 | | 12/16/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge | | Email | providing legal advice of | Mitchell Auslander | |
| CIC0009721 - CIC0009726 | | 12/16/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge | | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC0009733 - CIC0009739 | | 12/16/2011 | William Lemmer | Mitchell Auslander; Brad Eastman; Charles Sledge | | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC0009748 - CIC0009750 | | 12/15/2011 | Timothy Kenny | Mitchell Auslander; Brad Eastman | William Lemmer; Charles Sledge | Email | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0009757 - CIC0009763 | | 12/13/2011 | Mitchell Auslander | William Lemmer; Charles Sledge; Anthony Black | Brad Eastman | Email | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0009764 - CIC0009770 | | 12/13/2011 | William Lemmer | Charles Sledge; Mitchell Auslander | Brad Eastman; Anthony Black | Email chain | providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0009771 - CIC0009778 | | 12/13/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge | William Lemmer; Anthony Black | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0009779 - CIC0009785 | | 12/13/2011 | Mitchell Auslander | Brad Eastman | Charles Sledge; William Lemmer; Anthony Black | Email chain | providing legal advice of | Mitchell Auslander | re: Cameron's |
| CIC0009786 - CIC0009788 | | 12/8/2011 | William Lemmer | Charles Sledge; Brad Eastman | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | |
| CIC0009789 - CIC0009791 | | 12/6/2011 | William Lemmer | David Beck | Brad Eastman; Jack Moore; Joseph Redden, Jr.; Mitchell Auslander; Charles Sledge; John Vardaman | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC0009792 - CIC0009794 | | 12/6/2011 | David Beck | William Lemmer | Brad Eastman; Jack Moore; Joseph Redden, Jr.; Mitchell Auslander; Charles Sledge; John Vardaman | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC0009795 - CIC0009798 | | 12/1/2011 | David Brown | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge; David Beck; David Jones | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC0009799 - CIC0009801 | | 12/1/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; David Beck; David Jones; David Brown | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0009802 - CIC0009817 | | 11/23/2011 | Stephen Fraser | William Lemmer; Mitchell Auslander; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | facilitating the rendition of professional legal services of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0009818 - CIC0009825 | | 11/23/2011 | Mitchell Auslander | Brad Eastman | William Lemmer; Charles Sledge; David Brown; Stephen Fraser; Jeffrey Williams | Email chain | providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0009826 - CIC0009840 | | 11/22/2011 | William Lemmer | Stephen Fraser; Mitchell Auslander; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | requesting information necessary to render legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |

Case 2:10-md-02179-CJB-DPC Document 10334-2 Filed 06/07/13 Page 62 of 120

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| CIC0009841 - CIC0009854 | | 11/22/2011 | Brad Eastman | Charles Sledge | Mitchell Auslander; William Lemmer | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's |
|---|---|---|---|---|---|---|---|---|---|
| CIC0009855 - CIC0009869 | | 11/22/2011 | David Brown | William Lemmer; Mitchell Auslander; Brad Eastman; Charles Sledge | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC0009870 - CIC0009881 | | 11/22/2011 | David Brown | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC0009882 - CIC0009891 | | 11/22/2011 | William Lemmer | Mitchell Auslander; Stephen Fraser; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | discussing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0009892 - CIC0009902 | | 11/22/2011 | Stephen Fraser | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | facilitating the rendition of professional legal services of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0009903 - CIC0009916 | | 11/22/2011 | Mitchell Auslander | David Brown; Brad Eastman; William Lemmer; Charles Sledge | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0009917 - CIC0009929 | | 11/22/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0009930 - CIC0009943 | | 11/22/2011 | Stephen Fraser | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0009944 - CIC0009957 | | 11/22/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0009958 - CIC0009968 | | 11/22/2011 | Mitchell Auslander | William Lemmer; Stephen Fraser; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0009969 - CIC0009982 | | 11/22/2011 | David Brown | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge | Jeffrey Williams | Email chain | discussing legal advice and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0009983 - CIC0009993 | | 11/22/2011 | William Lemmer | Mitchell Auslander; Stephen Fraser; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | discussing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0009994 - CIC0010005 | | 11/22/2011 | Mitchell Auslander | Charles Sledge | Brad Eastman; Stephen Fraser; William Lemmer; David Brown; Jeffrey Williams | Email chain | discussing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0010006 - CIC0010018 | | 11/22/2011 | David Brown | Brad Eastman; Mitchell Auslander; William Lemmer; Charles Sledge | Jeffrey Williams | Email chain | providing legal advice and reflecting mental impressions and litigation strategy | Brown & Kornegay LLP | re: Cameron's |
| CIC0010019 - CIC0010030 | | 11/22/2011 | William Lemmer | Mitchell Auslander; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0010031 - CIC0010042 | | 11/22/2011 | Brad Eastman | Mitchell Auslander; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0010043 - CIC0010053 | | 11/22/2011 | Mitchell Auslander | Brad Eastman; Stephen Fraser; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0010054 - CIC0010064 | | 11/22/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0010065 - CIC0010075 | yes | 11/22/2011 | Brad Eastman | Mitchell Auslander; Stephen Fraser; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing information necessary to render legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0010081 - CIC0010090 | | 11/22/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC0010091 - CIC0010098 | | 11/22/2011 | Brad Eastman | Charles Sledge; William Lemmer | | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC0010099 - CIC0010107 | | 11/21/2011 | William Lemmer | Charles Sledge | | Email chain | reflecting mental impressions and litigation strategy of Mitchell Auslander and providing legal advice of | William Lemmer | re: Cameron's |
| CIC0010108 - CIC0010115 | | 11/21/2011 | William Lemmer | Charles Sledge | | Email chain | reflecting mental impressions and litigation strategy of Mitchell Auslander and providing legal advice of | William Lemmer | re: Cameron's |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CIC010116 - CIC010121 | | 11/21/2011 | Stephen Fraser | William Lemmer; Brad Eastman; Charles Sledge; David Brown; Mitchell Auslander | | Email chain | reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | William Lemmer | re: Cameron's |
| CIC010122 - CIC010127 | | 11/21/2011 | William Lemmer | Charles Sledge; Mitchell Auslander | Brad Eastman | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC010128 - CIC010135 | | 11/21/2011 | Stephen Fraser | Brad Eastman; Mitchell Auslander; William Lemmer; Charles Sledge; David Brown | | Email chain | facilitating the rendition of professional legal services of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC010136 - CIC010142 | | 11/21/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC010143 - CIC010149 | | 11/21/2011 | David Brown | Brad Eastman | Mitchell Auslander; William Lemmer; Charles Sledge | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC010150 - CIC010156 | | 11/21/2011 | William Lemmer | Brad Eastman; Mitchell Auslander; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | William Lemmer | re: Cameron's |
| CIC010157 - CIC010163 | | 11/21/2011 | Brad Eastman | William Lemmer; Charles Sledge; Mitchell Auslander | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's |
| CIC010164 - CIC010169 | | 11/21/2011 | Brad Eastman | Mitchell Auslander; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | requesting legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC010170 - CIC010176 | | 11/21/2011 | David Brown | William Lemmer; Mitchell Auslander; Brad Eastman; Charles Sledge; David Beck; David Jones; John Vardaman | Jack Moore | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC010177 - CIC010182 | | 11/21/2011 | William Lemmer | Mitchell Auslander; Brad Eastman; Charles Sledge; David Brown; David Beck; David Jones; John Vardaman | Jack Moore | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | re: Cameron's |
| CIC010183 - CIC010188 | | 11/21/2011 | Mitchell Auslander | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC010189 - CIC010194 | | 11/21/2011 | Mitchell Auslander | William Lemmer; Brad Eastman; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC010195 - CIC010200 | | 11/21/2011 | Stephen Fraser | William Lemmer; Brad Eastman; Charles Sledge; David Brown; Mitchell Auslander | | Email chain | facilitating the rendition of professional legal services of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC010201 - CIC010205 | | 11/21/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC010206 - CIC010210 | | 11/21/2011 | William Lemmer | Brad Eastman; Charles Sledge; Stephen Fraser; David Brown; Mitchell Auslander | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | William Lemmer | re: Cameron's |
| CIC010211 - CIC010214 | | 11/21/2011 | William Lemmer | Brad Eastman | Charles Sledge | Email | providing legal advice of | William Lemmer | re: Cameron's |
| CIC010215 - CIC010219 | | 11/21/2011 | Brad Eastman | William Lemmer; Charles Sledge; Stephen Fraser; David Brown; Mitchell Auslander | | Email | requesting legal advice of and facilitating the rendition of professional legal services of | Mitchell Auslander, Brown & Kornegay LLP | re: Cameron's |
| CIC010220 - CIC010223 | yes | 11/17/2011 | Brad Eastman | David Beck; David Jones; David Brown; Mitchell Auslander | William Lemmer; Charles Sledge; Anthony Black | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and requesting legal advice of | Beck Redden LLP, Brown & Kornegay LLP, Mitchell Auslander | |
| CIC010294 - CIC010297 | | 11/17/2011 | William Lemmer | Brad Eastman; David Beck; David Jones; David Brown; Mitchell Auslander | Charles Sledge; Anthony Black | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | |
| CIC010298 - CIC010301 | | 11/17/2011 | William Lemmer | Brad Eastman; David Beck; David Jones; David Brown; Mitchell Auslander | Charles Sledge; Anthony Black | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing legal advice of | William Lemmer | |
| CIC010307 - CIC010309 | | 10/31/2011 | David Brown | Brad Eastman; David Beck; David Jones | William Lemmer; Charles Sledge; Nancy Kornegay | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC010310 - CIC010311 | yes | 10/31/2011 | Brad Eastman | David Beck; David Jones; David Brown; William Lemmer; Charles Sledge; Anthony Black | | Email | providing legal advice of | Brad Eastman | re: Cameron's |
| CIC010314 - CIC010316 | yes | 10/31/2011 | David Brown | Charles Sledge | William Lemmer; Brad Eastman; Nancy Kornegay | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CIC010317 - CIC010318 | yes | 10/31/2011 | David Brown | Charles Sledge | William Lemmer; Brad Eastman; Nancy Kornegay | Notes | attached to email providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC010319 - CIC010321 | yes | 10/31/2011 | Brad Eastman | William Lemmer; Charles Sledge | | Email | requesting legal advice of | William Lemmer | |
| CIC010482 - CIC010484 | | 12/23/2011 | Charles Sledge | Brad Eastman | William Lemmer | Email | requesting legal advice of | Brad Eastman | re: Cameron's |
| CIC010499 - CIC010500 | yes | 12/19/2011 | Charles Sledge | Stephen Fraser; Mitchell Auslander | William Lemmer; Brad Eastman; Anthony Black | Email | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's |
| CIC010523 - CIC010524 | | 12/16/2011 | Anthony Black | Mitchell Auslander | | Email | requesting legal advice of | Mitchell Auslander | re: Cameron's |
| CIC010545 - CIC010545 | yes | 1/23/2012 | William Lemmer | Charles Sledge | | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | re |
| CIC010561 - CIC010563 | | 12/29/2011 | Mitchell Auslander | Charles Sledge | Brad Eastman; William Lemmer; Jeffrey Korn; Douglas Mishkin | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC010627 - CIC010627 | yes | 12/14/2011 | William Lemmer | Jack Moore; Charles Sledge | Brad Eastman; Mitchell Auslander | Email | requesting information necessary to render legal advice of | William Lemmer | |
| CIC010629 - CIC010630 | | 12/14/2011 | David Jones | Brad Eastman; William Lemmer | Brad Eastman; David Beck; Charles Sledge; Emmet Flood; William Doffermyre; Donald Carr | Email chain | providing legal advice of | Beck Redden LLP | |
| CIC010631 - CIC010633 | | 12/14/2011 | Flood, Emmet | Brad Eastman; William Lemmer | David Beck; David Jones; Charles Sledge; William Doffermyre; Donald Carr; Vardaman, John | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Williams & Connolly LLP | |
| CIC010636 - CIC010637 | | 12/14/2011 | Brad Eastman | William Lemmer | Brad Eastman; David Beck; David Jones; Charles Sledge; Emmet Flood; William Doffermyre; Donald Carr | Email chain | requesting legal advice of | Beck Redden LLP | |
| CIC010638 - CIC010639 | | 12/14/2011 | William Lemmer | Brad Eastman; David Beck; David Jones | Charles Sledge | Email | requesting legal advice of | Beck Redden LLP | |
| CIC010642 - CIC010643 | | 12/14/2011 | William Lemmer | Charles Sledge | | Email chain | providing legal advice of | William Lemmer | |
| CIC010645 - CIC010646 | | 12/12/2011 | William Lemmer | Charles Sledge | Jack Moore | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | |
| CIC010688 - CIC010688 | | 12/7/2011 | William Lemmer | Charles Sledge | Charles Sledge | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC010689 - CIC010689 | | 12/6/2011 | William Lemmer | Jack Moore; Brad Eastman; David Beck; Joseph Redden, Jr.; John Vardaman; Mitchell Auslander | Charles Sledge | Email | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC010690 - CIC010692 | | 12/6/2011 | William Lemmer | Jack Moore; Charles Sledge; Brad Eastman; David Beck; Joseph Redden; John Vardaman; Mitchell Auslander | | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP, Mitchell Auslander | |
| CIC010693 - CIC010695 | | 12/6/2011 | Brad Eastman | Mitchell Auslander | William Lemmer; Jack Moore; David Beck; Joseph Redden; Charles Sledge | Email chain | requesting information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC010696 - CIC010698 | | 12/6/2011 | David Beck | Mitchell Auslander | Brad Eastman; William Lemmer; Jack Moore; Joseph Redden, Jr.; Charles Sledge | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC010699 - CIC010701 | | 12/6/2011 | Joseph Redden, Jr. | Mitchell Auslander; Brad Eastman; William Lemmer | Jack Moore; David Beck; Charles Sledge | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC010702 - CIC010704 | | 12/6/2011 | Mitchell Auslander | Brad Eastman; William Lemmer | Jack Moore; David Beck; Joseph Redden; Charles Sledge | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | |
| CIC010705 - CIC010706 | | 12/6/2011 | Brad Eastman | William Lemmer | Jack Moore; Brad Eastman; David Beck; Joseph Redden; Mitchell Auslander; Charles Sledge | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Bates | | | Date | Author | Recipients | CC | Type | Description | Firm | |
|---|---|---|---|---|---|---|---|---|---|---|
| CIC010707 | - | CIC010708 | | 12/6/2011 | William Lemmer | Charles Sledge | Jack Moore; Brad Eastman | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | |
| CIC010719 | - | CIC010721 | | 11/29/2011 | David Brown | Brad Eastman; Mitchell Auslander | William Lemmer; Charles Sledge; Anthony Black | Email chain | providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's |
| CIC010722 | - | CIC010724 | | 11/29/2011 | Mitchell Auslander | Brad Eastman; David Brown | William Lemmer; Charles Sledge; Anthony Black | Email chain | providing legal advice of | Mitchell Auslander | |
| CIC010725 | - | CIC010726 | | 11/29/2011 | Brad Eastman | Mitchell Auslander; David Brown | William Lemmer; Charles Sledge; Anthony Black | Email chain | providing information necessary to render legal advice of | Beck Redden LLP; Mitchell Auslander | re: Cameron's |
| CIC010727 | - | CIC010731 | | 11/26/2011 | William Lemmer | John Vardaman | Brad Eastman; Charles Sledge; Jack Moore | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | |
| CIC010732 | - | CIC010736 | | 11/23/2011 | William Lemmer | David Brown; Brad Eastman; Mitchell Auslander; Charles Sledge | | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC010739 | - | CIC010740 | | 11/18/2011 | William Lemmer | Brad Eastman; Charles Sledge; Mitchell Auslander | | Email chain | requesting legal advice of | Mitchell Auslander | re: Cameron's |
| CIC010741 | - | CIC010742 | | 11/18/2011 | William Lemmer | Brad Eastman | Charles Sledge | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | William Lemmer | re: Cameron's |
| CIC010743 | - | CIC010744 | yes | 11/18/2011 | Brad Eastman | William Lemmer; Charles Sledge | | Email | requesting legal advice of | William Lemmer | re: Cameron's |
| CIC010761 | - | CIC010763 | | 11/9/2011 | Charles Sledge | David Jones; Brad Eastman; William Lemmer; David Brown; David Beck | | Email chain | providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC010764 | - | CIC010765 | yes | 11/9/2011 | David Jones | Brad Eastman; William Lemmer; David Brown; David Beck; Charles Sledge | | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC010770 | - | CIC010772 | yes | 11/9/2011 | Brad Eastman | William Lemmer; Charles Sledge | | Email | providing legal advice of | Brad Eastman | re: Cameron's |
| CIC010777 | - | CIC010778 | yes | 11/8/2011 | Veronica Sheives | David Brown | Brad Eastman; William Lemmer; Charles Sledge | Email | providing information necessary to render legal advice of | Brown & Kornegay LLP | re: Cameron's |
| CIC010785 | - | CIC010786 | | 11/8/2011 | William Lemmer | Charles Sledge; David Brown | Brad Eastman | Email chain | providing information necessary to render legal advice of | Brown & Kornegay LLP | re: Cameron's |
| CIC010787 | - | CIC010788 | yes | 11/8/2011 | Veronica Sheives | Charles Sledge; David Brown | Brad Eastman; William Lemmer | Email | providing information necessary to render legal advice of | Brown & Kornegay LLP | re: Cameron's |
| CIC010797 | - | CIC010799 | | 11/7/2011 | David Beck | Brad Eastman | William Lemmer; Charles Sledge; David Jones; David Brown | Email | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC010803 | - | CIC010804 | | 11/6/2011 | William Lemmer | Brad Eastman; Charles Sledge; David Brown; Timothy Kenny | | Email | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | William Lemmer | re: Cameron's |
| CIC010805 | - | CIC010807 | | 11/6/2011 | David Brown | Brad Eastman; Charles Sledge; William Lemmer | Nancy Kornegay | Email | providing legal advice of and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC010810 | - | CIC010811 | | 11/5/2011 | Brad Eastman | William Lemmer; Charles Sledge | | Email | requesting legal advice of | William Lemmer | re: Cameron's |
| CIC010812 | - | CIC010814 | | 11/3/2011 | David Beck | Brad Eastman; Jack Moore; Charles Sledge; David Jones; David Brown; Timothy Kenny | | Email | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's |
| CIC010906 | - | CIC010907 | yes | 7/26/2010 | Brad Eastman | Charles Sledge | | Email chain | providing legal advice of | Brad Eastman | |
| CIC010959 | - | CIC010960 | | 12/8/2011 | William Lemmer | Jack Moore; Charles Sledge | Brad Eastman | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC010961 | - | CIC010961 | yes | 6/3/2010 | Brad Eastman | Charles Sledge | David Jones | Email chain | discussing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | |

Case 2:10-md-02179-CJB-DPC  Document 10334-2  Filed 06/07/13  Page 66 of 120

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Bates Begin - End | Priv | Date | From | To | CC | Type | Description | Firm | Re |
|---|---|---|---|---|---|---|---|---|---|
| CIC011260 - CIC011279 | | 10/28/2011 | Charles Sledge | | | Notes of Charles Sledge | reflecting legal advice and mental impressions and litigation strategy of | William Lemmer | re: Cameron's |
| CIC011288 - CIC011289 | yes | 12/16/2011 | Brad Eastman | Chuca Meyer; David Beck; David Jones; Donald Carr; Emmet Flood; Geoff Gannaway; Joseph Redden, Jr.; John Vardaman; Larry York; Rob Ross; Stephen Urbanczyk; William Doffermyre | William Lemmer; Mitchell Auslander | Email | providing information necessary to render legal advice of | Beck Redden LLP, Pillsbury Winthrop Shaw Pittman LLP, Williams & Connolly LLP | re: Cameron's |
| CIC011290 - CIC011290 | yes | 12/16/2011 | Brad Eastman | Chuca Meyer; David Beck; David Jones; Donald Carr; Emmet Flood; Geoff Gannaway; Joseph Redden, Jr.; John Vardaman; Larry York; Rob Ross; Stephen Urbanczyk; William Doffermyre | William Lemmer; Mitchell Auslander | Email | providing information necessary to render legal advice of | William Lemmer | |
| CIC011535 - CIC011537 | yes | 1/27/2011 | David Jones | Robyn Timmermeyer; Angela Martinez | David Beck; Geoff Gannaway | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC011544 - CIC011546 | | 1/14/2011 | David Jones | Brad Eastman | | Email | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC011571 - CIC011575 | | 10/16/2012 | David Jones | Brad Eastman | William Lemmer; Anthony Black | Email chain | providing legal advice and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC011576 - CIC011576 | yes | 1/26/2012 | Carmelite Bertaut | David Beck; B.D. Daniel; David Jones | Philipp Wittmann; Keith Hall; Jared Davidson; Lauren Godshall; Renee Siegert; Maggie Broussard | Email | providing legal advice of | Stone Pigman LLC | |
| CIC011611 - CIC011612 | yes | 12/12/2011 | David Jones | Joseph Redden, Jr.; David Beck | | Email chain | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC011623 - CIC011626 | | 12/11/2011 | B.D. Daniel | Brad Eastman; David Beck; David Jones | Russell Post | Email chain | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC011658 - CIC011658 | yes | 12/9/2011 | David Jones | Brad Eastman | | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | re: the BP/TO liabilities a |
| CIC011722 - CIC011724 | yes | 12/1/2011 | David Jones | Brad Eastman; Mitchell Auslander | Jeffrey Williams | Email chain | reflecting mental impressions and litigation strategy of Mitchell Auslander regarding Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident and providing legal advice of | Beck Redden LLP | |
| CIC011725 - CIC011727 | yes | 12/1/2011 | Renee Siegert | Carmelite Bertaut; Paul Savoy; David Beck; David Jones | | Email chain | reflecting the mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Beck Redden LLP, William Lemmer | |
| CIC011794 - CIC011797 | | 12/1/2011 | David Brown | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge; David Beck; David Jones | | Email chain | providing legal advice of Brown & Kornegay LLP and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's |
| CIC012001 - CIC012004 | yes | 11/17/2011 | Brad Eastman | David Beck; David Jones; David Brown; Mitchell Auslander | William Lemmer; Charles Sledge; Anthony Black | Email | reflecting the mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Beck Redden LLP, Mitchell Auslander | |
| CIC012081 - CIC012082 | yes | 11/17/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown; Mitchell Auslander | David Beck; David Jones | Email | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander, Brown & Kornegay LLP | re: Cameron's |
| CIC012109 - CIC012110 | yes | 11/9/2011 | David Jones | Brad Eastman; William Lemmer; David Brown; David Beck; Charles Sledge | | Email | providing legal advice and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC012142 - CIC012144 | | 11/7/2011 | David Beck | Brad Eastman | William C. Lemmer; Charles Sledge; David Jones; David Brown | Email | providing legal advice and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC012145 - CIC012146 | | 11/6/2011 | Brad Eastman | David Beck; William Lemmer | Joseph Redden, Jr.; David Jones | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | |
| CIC012149 - CIC012150 | yes | 11/6/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Beck; David Jones; David Brown; Nancy Kornegay | | Email | providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Brown & Kornegay LLP, Beck Redden LLP | re: Cameron's |
| CIC012157 - CIC012158 | | 11/6/2011 | David Beck | Brad Eastman; William Lemmer | Joseph Redden, Jr.; David Jones | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC012159 - CIC012159 | yes | 11/4/2011 | David Jones | Brad Eastman; David Brown | | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC012162 - CIC012164 | yes | 11/3/2011 | David Jones | David Beck; B.D. Daniel; Brad Eastman; William Lemmer | | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |

Case 2:10-md-02179-CJB-DPC Document 10334-2 Filed 06/07/13 Page 67 of 120

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Beg | End | | Date | Author | To | CC | Type | Description | Firm | Subject |
|---|---|---|---|---|---|---|---|---|---|---|
| CIC0012167 | CIC0012169 | | 11/3/2011 | David Beck | Brad Eastman; Jack Moore; Charles Sledge; David Jones; David Brown; Timothy Kenny | | Email | reflecting mental impressions and litigation strategy of/providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's |
| CIC0012178 | CIC0012179 | yes | 11/1/2011 | David Brown | B.D. Daniel | Brad Eastman; David Jones | Email | requesting information necessary to render legal advice of | Brown & Kornegay LLP | re: Cameron's |
| CIC0012203 | CIC0012203 | yes | 11/1/2011 | David Brown | Brad Eastman; David Jones | | Email | providing legal advice and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC0012311 | CIC0012313 | | 10/31/2011 | David Brown | Brad Eastman; David Beck; David Jones | William Lemmer; Charles Sledge; Nancy Kornegay | Email chain | providing legal advice and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC0012314 | CIC0012317 | | 10/31/2011 | David Jones | Brad Eastman; William Lemmer; David Beck; David Brown | Charles Sledge; Anthony Black | Email chain | providing legal advice and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC0012335 | CIC0012337 | yes | 10/31/2011 | Brad Eastman | David Beck; David Jones; David Brown | William Lemmer; Charles Sledge; Anthony Black | Email chain | providing information necessary to render legal advice of | Beck Redden LLP, Brown & Kornegay LLP | re: Cameron's |
| CIC0012348 | CIC0012352 | | 10/31/2011 | William Lemmer | Brad Eastman; David Jones; Anthony Black; Charles Sledge; David Beck | Jack Moore | Email | reflecting mental impressions and litigation strategy of William Lemmer and providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0012364 | CIC0012368 | | 10/29/2011 | David Brown | William Lemmer; Brad Eastman; Charles Sledge; David Beck; David Jones; Anthony Black | Jack Moore | Email chain | providing legal advice and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC0012373 | CIC0012378 | | 10/28/2011 | William Lemmer | Brad Eastman; Charles Sledge; David Jones; David Brown; David Beck; Anthony Black | | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and William Lemmer and providing information necessary to render legal advice of | Beck Redden LLP, Brown & Kornegay LLP | re: Cameron's |
| CIC0012390 | CIC0012395 | | 10/28/2011 | Brad Eastman | William Lemmer | Charles Sledge; Anthony Black; David Jones; David Beck | Email chain | providing legal advice and reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's |
| CIC0012397 | CIC0012401 | | 10/28/2011 | William Lemmer | Charles Sledge; Brad Eastman | David Beck; David Jones; David Brown; Anthony Black | Email chain | providing legal advice and reflecting mental impressions and litigation strategy of | William Lemmer | re: Cameron's |
| CIC0012402 | CIC0012406 | | 10/28/2011 | David Beck | Brad Eastman | David Jones; David Brown; Charles Sledge; William Lemmer; Anthony Black | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0012407 | CIC0012412 | | 10/28/2011 | William Lemmer | David Brown; Brad Eastman | Charles Sledge; David Beck; David Jones; Anthony Black; Nancy Kornegay | Email chain | discussing legal advice and reflecting mental impressions and litigation strategy of | William Lemmer, Brown & Kornegay LLP, Brad Eastman | re: Cameron's |
| CIC0012416 | CIC0012420 | | 10/28/2011 | Charles Sledge | William Lemmer | Brad Eastman; David Jones | Email chain | reflecting mental impressions and litigation strategy of and discussing legal advice of | William Lemmer | re: Cameron's |
| CIC0012421 | CIC0012424 | | 10/28/2011 | William Lemmer | Brad Eastman | David Jones; Charles Sledge | Email | providing legal advice and reflecting mental impressions and litigation strategy of | William Lemmer | re: Cameron's |
| CIC0012463 | CIC0012463 | yes | 10/28/2011 | B.D. Daniel | David Jones | | Email | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0012477 | CIC0012478 | yes | 10/28/2011 | David Jones | David Beck | | Email | providing legal advice and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC0012494 | CIC0012496 | | 10/27/2011 | Brad Eastman | David Brown | William Lemmer; David Jones | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and discussing legal advice of | Brown & Kornegay LLP | re: Cameron's |
| CIC0012497 | CIC0012499 | yes | 10/27/2011 | David Brown | Brad Eastman | William Lemmer; David Jones | Email chain | providing legal advice and reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's |
| CIC0012502 | CIC0012503 | | 10/27/2011 | Brad Eastman | David Brown | William Lemmer; David Jones | Email chain | providing information necessary to render legal advice of | Brown & Kornegay LLP | re: Cameron's |
| CIC0012505 | CIC0012508 | | 10/27/2011 | David Beck | David Jones; B.D. Daniel; Brad Eastman | | Email chain | reflecting mental impressions and litigation strategy of and discussing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC0012521 | CIC0012523 | | 10/25/2011 | Anthony Black | David Jones; Brad Eastman; David Brown | Charles Sledge | Email chain | reflecting mental impressions and litigation strategy of and discussing legal advice of | Beck Redden LLP | re: Cameron's |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Bates | | Date | Author | Recipient(s) | CC | Type | Description | Firm | Subject |
|---|---|---|---|---|---|---|---|---|---|
| CIC012524 - CIC012526 | | 10/25/2011 | David Jones | Brad Eastman; David Brown; Anthony Black | Charles Sledge | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC012827 - CIC012828 | yes | 10/21/2011 | Brad Eastman | David Jones; David Brown | | Email | reflecting mental impressions and litigation strategy of Brad Eastman regarding Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident and providing information necessary to render legal advice of | Beck Redden LLP, Brown & Kornegay LLP | |
| CIC012833 - CIC012835 | yes | 10/20/2011 | Brad Eastman | David Beck; David Jones; David Brown | | Email | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Brown & Kornegay LLP, Beck Redden LLP | re: Cameron's |
| CIC012869 - CIC012871 | | 10/18/2011 | David Brown | Brad Eastman; David Jones | | Email chain | reflecting legal advice of Brad Eastman and providing legal advice of | Brown & Kornegay LLP | re: Cameron's |
| CIC012877 - CIC012879 | yes | 10/13/2011 | Brad Eastman | David Jones; David Beck; David Brown | | Email chain | providing information necessary to render legal advice of | Beck Redden LLP, Brown & Kornegay LLP | re: Cameron's |
| CIC012881 - CIC012882 | | 10/11/2011 | David Beck | David Jones | Brad Eastman | Email chain | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC012883 - CIC012884 | | 10/10/2011 | Brad Eastman | David Jones | Brad Eastman | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC012895 - CIC012896 | | 10/5/2011 | B.D. Daniel | Brad Eastman | David Jones | Email chain | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC012907 - CIC012912 | | 9/29/2011 | David Jones | Brad Eastman; David Beck | | Email chain | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC012913 - CIC012915 | | 9/27/2011 | Brad Eastman | David Jones | | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC012918 - CIC012921 | yes | 9/23/2011 | Brad Eastman | David Jones; David Beck | | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC012925 - CIC012928 | | 9/22/2011 | Paul Savoy | Brad Eastman | David Jones; Zach Pope; Michael T. Barry | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's |
| CIC012929 - CIC012931 | yes | 9/22/2011 | Brad Eastman | David Beck; Joseph Redden, Jr.; David Jones | | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC012955 - CIC012956 | | 8/30/2011 | Brad Eastman | Geoff Gannaway | David Jones | Email chain | discussing legal advice of | Brad Eastman | re: Cameron's |
| CIC012960 - CIC012962 | | 8/29/2011 | David Jones | Brad Eastman | | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC012963 - CIC012967 | | 8/29/2011 | David Jones | Brad Eastman | | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC012968 - CIC012970 | yes | 8/22/2011 | Anthony Black | Brad Eastman | David Jones | Email | providing information necessary to render legal advice of | Brad Eastman, Beck Redden LLP | re: Cameron's |
| CIC013135 - CIC013137 | | 8/18/2011 | Brad Eastman | Anthony Black | David Jones | Email | requesting information necessary to render legal advice of | Brad Eastman, Beck Redden LLP | re: Cameron's |
| CIC013141 - CIC013145 | yes | 8/1/2011 | Brad Eastman | David Beck; David Jones | | Email chain | discussing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013154 - CIC013156 | yes | 8/1/2011 | Brad Eastman | David Beck; David Jones | | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013192 - CIC013196 | | 6/28/2011 | Brad Eastman | Paul Savoy; David Jones | Zach Pope | Email chain | discussing legal advice of | Brad Eastman | re: Cameron's |
| CIC013197 - CIC013200 | | 6/28/2011 | Paul Savoy | Brad Eastman; David Jones | | Email chain | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's |
| CIC013209 - CIC013211 | | 6/28/2011 | Brad Eastman | David Jones | Paul Savoy | Email chain | requesting information necessary to render legal advice of | Brad Eastman | re: Cameron's |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Begin - End | Priv | Date | Author | To | CC | Type | Description | Firm | Re |
|---|---|---|---|---|---|---|---|---|---|
| CIC013222 - CIC013224 | yes | 6/20/2011 | Brad Eastman | David Beck; David Jones | | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013232 - CIC013233 | | 6/20/2011 | Brad Eastman | Veronica Sheives | David Beck; David Jones | Email chain | discussing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013234 - CIC013235 | | 6/18/2011 | David Beck | Brad Eastman; Veronica Sheives; David Jones | | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013239 - CIC013241 | yes | 6/13/2011 | Brad Eastman | David Beck; David Jones | | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013247 - CIC013250 | | 6/8/2011 | Brad Eastman | B.D. Daniel; David Beck; David Jones | William Lemmer | Email chain | discussing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013253 - CIC013254 | | 6/7/2011 | David Jones | B.D. Daniel | | Email chain | discussing legal advice, mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC013255 - CIC013256 | | 6/7/2011 | David Jones | David Beck | | Email chain | discussing legal advice, mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC013282 - CIC013282 | | 6/7/2011 | David Jones | B.D. Daniel | | Email | discussing legal advice, mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC013322 - CIC013324 | | 6/1/2011 | David Jones | Paul Savoy | | Email | facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's |
| CIC013392 - CIC013394 | | 5/27/2011 | Brad Eastman | David Jones | | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013407 - CIC013410 | | 5/10/2011 | David Jones | Brad Eastman | | Email chain | discussing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013411 - CIC013412 | yes | 5/10/2011 | Brad Eastman | David Beck; David Jones; John Vardaman; Emmet Flood; Donald Carr | | Email | providing information necessary to render legal advice of | Beck Redden LLP, Pillsbury Winthrop Shaw Pittman LLP, Williams & Connolly LLP | re: Cameron's |
| CIC013418 - CIC013420 | | 5/2/2011 | Brad Eastman | David Jones | | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013421 - CIC013423 | | 5/2/2011 | Brad Eastman | David Jones | | Email | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Beck Redden LLP | |
| CIC013443 - CIC013446 | | 4/29/2011 | David Jones | Brad Eastman | | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013449 - CIC013450 | yes | 4/26/2011 | Brad Eastman | Zach Pope | David Jones; Anthony Black | Email | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's |
| CIC013553 - CIC013556 | | 4/22/2011 | David Jones | Anthony Black; William Lemmer; Brad Eastman | | Email chain | reflecting litigaiton strategy regarding the Gulf Oil Spill MDL and providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013560 - CIC013563 | yes | 4/21/2011 | Brad Eastman | David Jones | Anthony Black; William Lemmer | Email chain | discussing legal advice of | Beck Redden LLP, Brad Eastman | re: Cameron's |
| CIC013941 - CIC013943 | yes | 4/20/2011 | Brad Eastman | David Beck; David Jones | | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013962 - CIC013965 | | 4/19/2011 | David Jones | Brad Eastman; David Beck | | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC013966 - CIC013968 | yes | 4/19/2011 | Brad Eastman | David Beck | David Jones | Email chain | discussing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC014444 - CIC014445 | yes | 4/9/2011 | David Jones | Brad Eastman | | Email chain | reflecting mental impressions and litigation strategy regarding the Gulf Oil Spill MDL and providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC014889 - CIC014890 | | 3/24/2011 | David Jones | Brad Eastman | | Email | providing legal advice of | Beck Redden LLP | re: Cameron's |

| Bates | | | Date | Author | To | CC | Type | Description | Firm | Subject |
|---|---|---|---|---|---|---|---|---|---|---|
| CIC014896 | - | CIC014897 | | 3/23/2011 | Brad Eastman | David Jones; David McWhorter | | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC014903 | - | CIC014907 | | 3/4/2011 | Carmelite Bertaut | Geoff Gannaway | David Jones; Phillip Wittmann; David Beck; Renee Siegert | Email chain | providing information necessary to render legal advice, mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's |
| CIC014908 | - | CIC014911 | | 3/4/2011 | Geoff Gannaway | Carmelite Bertaut | David Jones | Email | providing information necessary to render legal advice, mental impressions and litigation strategy of | Stone Pigman LLC | re: Cameron's |
| CIC014923 | - | CIC014925 | | 2/14/2011 | David Jones | Brad Eastman | | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC014934 | - | CIC014935 | | 2/14/2011 | William Lemmer | David Beck; Brad Eastman; Joseph Redden, Jr.; David Jones; Geoff Gannaway; B.D. Daniel | | Email chain | reflecting mental impressions and litigation strategy of William Lemmer and providing information necessary to render legal advice of | Beck Redden LLP | |
| CIC014936 | - | CIC014936 | yes | 2/14/2011 | David Beck | Brad Eastman; William Lemmer; Joseph Redden, Jr.; David Jones; Geoff Gannaway; B.D. Daniel | | Email | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC014959 | - | CIC014960 | | 2/10/2011 | Brad Eastman | David Jones | | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC014961 | - | CIC014962 | yes | 2/8/2011 | Brad Eastman | David Jones | Anthony Black | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC014966 | - | CIC014971 | yes | 2/7/2011 | Veronica Sheives | David Jones | Brad Eastman | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015018 | - | CIC015024 | | 2/3/2011 | David Jones | Brad Eastman | Anthony Black | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015042 | - | CIC015042 | yes | 1/31/2011 | David Beck | Brad Eastman; William Lemmer; David Jones; Geoff Gannaway | B.D. Daniel | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC015076 | - | CIC015078 | | 1/28/2011 | Brad Eastman | David Beck; William Lemmer; David Jones | | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015090 | - | CIC015091 | yes | 1/27/2011 | Brad Eastman | David Beck; David Jones; Geoff Gannaway | | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015116 | - | CIC015119 | | 1/25/2011 | David Jones | Brad Eastman | | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015120 | - | CIC015122 | | 1/24/2011 | David Jones | David Beck | | Email chain | discussing legal advice and mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC015123 | - | CIC015125 | | 1/24/2011 | William Lemmer | David Jones; David Beck; Brad Eastman | | Email chain | discussing legal advice and mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC015126 | - | CIC015128 | | 1/24/2011 | David Jones | B.D. Daniel | | Email chain | discussing legal advice and mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC015129 | - | CIC015130 | | 1/24/2011 | William Lemmer | David Beck; Brad Eastman; David Jones | | Email | reflecting mental impressions and litigation strategy of William Lemmer and providing information necessary to render legal advice of | Beck Redden LLP | |
| CIC015131 | - | CIC015132 | yes | 1/24/2011 | David Jones | B.D. Daniel | | Email | discussing legal advice, mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC015139 | - | CIC015141 | | 1/21/2011 | Anthony Black | David Jones | Brad Eastman | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015142 | - | CIC015145 | | 1/19/2011 | Brad Eastman | David Jones | | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015146 | - | CIC015150 | | 1/17/2011 | Anthony Black | Brad Eastman; David Jones | | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015154 | - | CIC015155 | yes | 1/12/2011 | Brad Eastman | David Beck; William Lemmer; David Jones; Geoff Gannaway; John Vardaman | B.D. Daniel | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Beck Redden LLP | |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| Bates | Priv | Date | Author | To | CC | Type | Description | Law Firm | Subject |
|---|---|---|---|---|---|---|---|---|---|
| CIC015159 - CIC015159 | yes | 1/12/2011 | David Beck | Brad Eastman; William Lemmer; David Jones; Geoff Gannaway; John Vardaman | B.D. Daniel | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC015161 - CIC015163 | | 1/12/2011 | Brad Eastman | David Jones | | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015164 - CIC015165 | yes | 1/12/2011 | Brad Eastman | David Jones | | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015202 - CIC015202 | yes | 1/12/2011 | David Beck | Brad Eastman; William Lemmer; Joseph Redden, Jr.; David Jones; Geoff Gannaway | B.D. Daniel; John Vardaman | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC015207 - CIC015209 | yes | 1/5/2011 | Brad Eastman | David Jones | | Email chain | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015242 - CIC015244 | yes | 1/4/2011 | Brad Eastman | David Beck; David Jones; Geoff Gannaway | William Lemmer | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015628 - CIC015630 | | 12/6/2010 | David Jones | Brad Eastman | | Email chain | reflecting mental impressions and litigation strategy regarding the Gulf Oil Spil MDL and providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015871 - CIC015873 | | 10/25/2010 | David Jones | Brad Eastman | | Email chain | providing legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015874 - CIC015876 | yes | 10/25/2010 | Brad Eastman | David Jones | | Email | providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's |
| CIC015913 - CIC015913 | yes | 8/20/2010 | David Beck | Brad Eastman; William Lemmer; Joseph Redden, Jr.; David Jones; B.D. Daniel; John Vardaman; Donald Carr | | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC015917 - CIC015919 | | 8/12/2010 | William Lemmer | B.D. Daniel; David Beck; Brad Eastman; Joseph Redden, Jr.; David Jones; John Vardaman | | Email chain | discussing legal advice and mental impressions and litigation strategy of | Beck Redden LLP | |
| CIC015920 - CIC015921 | | 8/12/2010 | David Beck | William Lemmer; Brad Eastman; Joseph Redden, Jr.; David Jones; John Vardaman; B.D. Daniel | | Email chain | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC015922 - CIC015923 | | 8/12/2010 | B.D. Daniel | David Beck; Brad Eastman; William Lemmer; Joseph Redden, Jr.; David Jones; John Vardaman | | Email chain | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC015924 - CIC015924 | | 8/12/2010 | David Beck | Brad Eastman; William Lemmer; Joseph Redden, Jr.; David Jones; John Vardaman; B.D. Daniel | | Email | providing legal advice of | Beck Redden LLP | |
| CIC015925 - CIC015926 | | 8/6/2010 | David Beck | William Lemmer; Brad Eastman | Joseph Redden, Jr.; David Jones; B.D. Daniel | Email chain | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC015927 - CIC015944 | yes | 8/5/2010 | William Doffermyre | David Jones; Brad Eastman | Emmet Flood | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Williams & Connolly LLP | |
| CIC015959 - CIC015959 | yes | 7/28/2010 | B.D. Daniel | William Lemmer; Brad Eastman; David Beck | Joseph Redden, Jr.; David Jones; Geoff Gannaway; Alexander Roberts | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC015965 - CIC015965 | yes | 7/16/2010 | B.D. Daniel | Brad Eastman | Cameron-Beck-Williams-Pillsbury | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC015987 - CIC016048 | | 7/14/2010 | Brad Eastman | Charles Sledge; David Jones | Emmet Flood; John Vardaman; William Lemmer; Jack Moore | Email chain | reflecting mental impressions and litigation strategy of and providing information necessary to render legal advice of | Beck Redden LLP | |
| CIC016049 - CIC016049 | yes | 6/18/2010 | David Beck | Brad Eastman; Joseph Redden, Jr.; David Jones; John Vardaman | | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP | |
| CIC016052 - CIC016053 | yes | 6/10/2010 | Brad Eastman | David Jones; William Doffermyre | | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of | Beck Redden LLP | |
| CIC016254 - CIC016254 | yes | 6/8/2010 | David Beck | William Lemmer; Brad Eastman; Joseph Redden, Jr.; David Jones; Tom Ganucheau; Geoff Gannaway | | Email | providing legal advice of | Beck Redden LLP | |

CAMERON LOG REFLECTING DOCUMENTS PRODUCED WITH REDACTION DUE TO ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PROTECTION

| CIC016295 - CIC016296 | yes | 6/3/2010 | Brad Eastman | Charles Sledge | David Jones | Email chain | reflecting mental impressions and litigation strategy of and requesting information necessary to render legal advice of | Beck Redden LLP |
|---|---|---|---|---|---|---|---|---|
| CIC016303 - CIC016303 | | 5/11/2010 | David Beck | William Lemmer; John Vardaman; Joseph Redden, Jr.; David Jones; Brad Eastman | | Email | reflecting mental impressions and litigation strategy of and providing legal advice of | Beck Redden LLP |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 "J"(1) |
| "DEEPWATER HORIZON" in | * | |
| the GULF OF MEXICO, on | * | JUDGE BARBIER |
| APRIL 20, 2010 | * | |
| | * | MAGISTRATE SHUSHAN |
| | * | |
| THIS DOCUMENT APPLIES TO: | * | JURY TRIAL DEMANDED |
| Case No. 12-311 | * | |
| | * | |

<u>NOTICE OF MANUAL ATTACHMENT</u>

<u>EXHIBIT E</u>

(Amended Master Services Agreement between Cameron and Transocean)

**TO BE FILED UNDER SEAL**

**LIBERTY INTERNATIONAL UNDERWRITERS, INC.'S
MOTION TO COMPEL CAMERON TO RESPOND TO REQUESTS FOR
PRODUCTION OF DOCUMENTS AND PRODUCE A PRIVILEGE LOG**

# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361

## FAX COVER PAGE

**DATE:** May 17, 2013
**FROM:** Carmelite M. Bertaut          **PHONE:**     Direct Dial: (504) 593-0898

**RE:** *Cameron International Corporation v. Liberty
Insurance Underwriters, Inc. MDL #2179*
**PAGES:** 8          **FILE NO.:**     46,408

### PLEASE DELIVER TO:

| RECIPIENT | COMPANY | FAX NO. | CONFIRMATION NO. |
|---|---|---|---|
| 1. Catherine Giarrusso | Barrasso Usdin | 589-9701 | 589-9700 |
| 2. Judy Barrasso | Barrasso Usdin | 589-9701 | 589-9700 |
| 3. Christopher Martin | Martin, Disiere | (713) 222-0101 | (713) 632-1700 |

## MESSAGE

Please see attached.

This fax transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

**IF YOU DO NOT RECEIVE ALL PAGES, CALL  (504) 581-3200 AS SOON AS POSSIBLE.**

Return To:  Betty O'Neil

61126760v.1

## EXHIBIT F

# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

CARMELITE M. BERTAUT
DIRECT DIAL: (504) 593-0898
DIRECT FAX: (504) 596-0898
E-Mail: cbertaut@stonepigman.com

OUR FILE NUMBER

46,408

May 17, 2013

## VIA FAX

Ms. Catherine Giarrusso
Barrasso Usdin Kupperman Freeman
 & Sarver, L.L.C.
909 Poydras Street
24th Floor
New Orleans, Louisiana 70112

> Re:  *Cameron International Corporation v. Liberty Insurance Underwriters,
> Inc.*, MDL No. 2179, U.S. District Court, Eastern District of Louisiana

Dear Catherine:

We write in response to your letter dated May 14, 2013 concerning several purported deficiencies in Cameron's production. We address each point in turn.

First, regarding "communications and settlements with any other insurers," on March 21, 2013, Paul Koepff sent Cameron a letter stating that he "took the liberty of contacting Chris Martin, who said that Liberty International was not seeking discovery of the settlement agreements in these particular discovery requests." (See Exhibit A annexed hereto.) We asked Judy to confirm this representation during a meet and confer later that day, and Judy explained she would need to check with Chris.

Having not heard back for over two weeks, Cameron followed up with a letter on April 9, 2013, which stated as follows:

> [A]s we discussed, Mr. Koepff reported to us that he understood that Liberty is not seeking the production of copies of Cameron's settlement agreements with its other insurers. Could you please confirm that this is accurate? In the meantime, we have removed all copies of those agreements and documents reflecting the negotiations about them from Cameron's document production.

1126747v.1

(*See* Exhibit B.) In response, Judy called counsel for Cameron to explain she would need to check with Chris. Over five weeks later, without any reference to our prior communications about these documents, you now appear to be requesting them. As a result, we will now follow up with Mr. Koepff – and Cameron's other insurers – regarding the confidentiality provisions in these settlement agreements, and will need to square away any outstanding issues before we produce them or any communications reflecting their terms.

In the interim, we ask that you independently advise Mr. Koepff that Liberty has now decided to request production. When we last spoke with Mr. Koepff, he was of the belief that you all were not requiring the production of these documents and he should be made aware of our need to produce the documents to you all.

Second, in response to Liberty's Request for Production No. 8 seeking documents and communications related to "any modification of or request to modify the indemnification provisions contained in the T&C or the MSA since January 1, 2010," Cameron objected on relevance grounds. As a compromise, we agreed to produce a copy of the revised MSA. Cameron continues to object to this Request on grounds of relevance. Please explain how such documents and communications would be relevant to this dispute, and we are happy to consider Liberty's position.

Third, as to Cameron's search terms, below please find the non-case sensitive search terms that Cameron used:

Search 1 (applied to TO, FROM, CC and BCC fields):

    jeffrey.roberts **OR** james.engel **OR** alan.mandel **OR** @libertyiu.com **OR** paul.koepff **OR** shannon.boettjer **OR** @clydeco.us

Search 2 (applied to all areas of all documents):

    NYCAS000150488 **OR** LQ1-B71-198583-046 **OR** LQ1B71198583046 **OR** 0100-XS **OR** 0100XS **OR** 0101-XS **OR** 0101XS **OR** Liberty **OR** LIU

Search 3 (applied to all areas of all documents):

    (Deepwater **OR** "Deep Water" **OR** Horizon **OR** DwH **OR** "Oil Spill") **AND** (carrier\* **OR** Chartis **OR** AIG **OR** INIC **OR** Liberty **OR** LIU **OR** LM **OR** libertyiu **OR** Chubb **OR** Iron-Starr **OR** Ironstarr **OR** ISEA **OR** Argo\* **OR** BP) **AND** (subrog\* **OR** indemn\* **OR** settl\* **OR** negot\* **OR** consent\* **OR** waiv\* **OR** mediat\*).

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE

3

May 17, 2013

In addition, with respect to certain requests, Cameron conducted specific searches for the requested documents (e.g., documents relating to Transocean and BP agreements that were produced in the MDL litigation) without applying search terms.

Fourth, as to communications with Marsh employees, Cameron withheld or redacted such communications on the basis of the attorney-client privilege, as articulated by Louisiana Code of Evidence Article 506. Specifically, Marsh qualifies as a "representative of the client" because it is an entity "having authority to obtain professional legal services, or to act on advice so obtained, on behalf of" Cameron, and because it is an entity that made and received "confidential communication[s] for the purpose of effectuating legal representation for" Cameron. See LSA-C.E. Art. 506.A.(2). See also Exxon Corp. v. St. Paul Fire & Marine Ins., 903 F. Supp. 1007, 1010 (E.D. La. 1995) (upholding application of attorney-client privilege to communications with insurance broker).

In addition, many of these communications were withheld or redacted on attorney work product grounds because they reflect the legal advice and strategy of Cameron's litigation counsel, Willkie Farr & Gallagher LLP. As you know, the attorney work product doctrine is not waived even where the protected content is shared with third parties. See, e.g., In re Grand Jury Subpoena, 220 F.3d 406, 409 (5th Cir. 2000) ("because the work product privilege looks to the vitality of the adversary system rather than simply seeking to preserve confidentiality, it is not automatically waived by the disclosure to a third party").

Fifth, as to Cameron's work production assertions generally, Cameron is not claiming that it was anticipating litigation with Liberty in January 2011. Cameron was anticipating litigation (indeed, litigation had already commenced) with BP in January 2011, which is the basis for those work product assertions. Cameron did not anticipate litigation with Liberty until November 7, 2011, when Mr. Koepff asserted Liberty's position with respect to its "Other Insurance" clause for the first time.

Sixth, as to PTO 14, Cameron will provide Liberty a list identifying all attorneys appearing on its privilege logs, provided that Liberty does the same for Cameron.

We are available for a meet and confer to discuss these and other outstanding issues on Monday, May 20. Please let us know what time would be convenient for you, and we will set up a call.

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
4

May 17, 2013

With kind regards, I remain,

Sincerely,

Carmelite M. Bertaut

CMB:bon
Enclosure
cc:   Ms. Judy Y. Barrasso (via fax)
      Mr. Christopher Martin (via fax)
      Mr. Mitchell Auslander (via email)
      Mr. Jeffrey Korn (via email)
      Mr. Douglas Mishkin (via email)
      Mr. Phillip A. Wittmann (via email)



The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212 710 3900
Facsimile: 212 710 3950
www.clydeco.us
Paul.Koepff@clydeco.us

March 21, 2013

VIA E-MAIL

Douglas Mishkin
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, N.Y. 10019-6099

      Re:   Cameron International Corporation v. Liberty Insurance Underwriters, Inc.

Dear Mr. Mishkin:

      I am responding to your March 19, 2013 letter with enclosures.

      I am pretty sure you are incorrect in assuming Liberty International is seeking discovery of these settlement agreements. Certainly the discovery requests do not specifically ask for these settlement agreements. Second, I took the liberty of contacting Chris Martin, who said that Liberty International was not seeking discovery of the settlement agreements in these particular discovery requests.

      Thus, for the time being, I think there is nothing for me to do, unless you all disagree. By the way, under each settlement agreement, Cameron was obligated to give notice of a discovery request seeking discovery of the settlement agreements within 7 days of receiving the request. Here, it appears you waited over a month. So, I would point out if anyone ever seeks discovery of these settlement agreements, you and Cameron must comply with the 7 day requirement.

      Also, obviously I was only counsel for these insurers which settled with Cameron, so I must pass on whatever you or Cameron send me to each insurer and find out their position. I am sure Cameron and you would agree.

      Thank you for your attention.

                      Sincerely yours,

                      Paul R. Koepff

cc:   Jeffrey B. Korn (via email)
      Mitchell Auslander (via email)

Clyde & Co US LLP is a Delaware limited liability partnership with offices in New Jersey, New York and San Francisco.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

968241v2

# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

**546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com**

**OUR FILE NUMBER**

CARMELITE M. BERTAUT
DIRECT DIAL: (504) 593-0898
DIRECT FAX: (504) 596-0898
E-Mail: cbertaut@stonepigman.com

46,408

April 9, 2013

## VIA FAX

Ms. Judy Y. Barrasso
Barrasso Usdin Kupperman
 Freeman & Sarver, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112

Mr. Christopher W. Martin
Martin, Disiere, Jefferson & Wisdom, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002

Re:  *Cameron International Corporation v. Liberty Insurance Underwriters,
     Inc., MDL No. 2179, U.S. District Court, Eastern District of Louisiana*

Dear Judy and Chris:

We are following up on a few items.

First, we understood that you expected to produce by April 3 those documents that you all had inadvertently left out of your last production. As we have still not received these documents, please let us know when you will be in a position to produce them.

Second, we would like to proceed with scheduling those Liberty employees whom we discussed. When we last spoke, you indicated that the last week in April and first week in May might be available for the depositions of Liberty's witnesses: Jeffrey Roberts, James Engel, Alan Mandel, Jessica Rogin and Denise Morris. We have not heard anything since.

Provided that Liberty makes its full production this week, we would like to schedule at least some of these depositions for the first week in May. Please let us know if that week is available and if so, for which witnesses. For those witnesses who are not available the first week in May, will you please check their availability the following week, May 6th. To facilitate the depositions, we repeat our offer to travel to New York.

We would appreciate your getting back to us with confirmation of availability and location for these depositions when you produce the documents discussed in the first paragraph.

1122849v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE

2

April 9, 2013

Third, AIG's counsel has offered May 9 for a deposition of Maureen Martin. Please confirm your availability for her deposition in New York on that date.

We will also require discovery from several Bermuda insurers, including Iron Starr and Argo Re. Accordingly, we will be moving the court for letters rogatory. We trust you have no objection, but would appreciate your confirmation. We plan to file our motion by the end of this week and ask that you let us know one way or the other before then.

Fourth, we have not received a response to the letter we sent you last Monday regarding certain of Liberty's attorney work product assertions. Please let us know your position on this issue by the end of this week so that we may determine whether we have a dispute for which Court intervention is required.

Fifth, as we discussed, Mr. Koepff reported to us that he understood that Liberty is not seeking the production of copies of Cameron's settlement agreements with its other insurers. Could you please confirm that this is accurate? In the meantime, we have removed all copies of those agreements and documents reflecting the negotiations about them from Cameron's document production.

Sixth, we previously discussed whether we might be able to reach an agreement about what privileged communications between the parties and their counsel need not be logged. We are discussing this matter and should have a response to you next week.

Finally, it has been five weeks since you offered to provide at least an index of Liberty's policy manuals so that we could determine which portions of those manuals we might need. Please provide one to us by the end of this week. Otherwise, we must assume that all of Liberty's policy manuals have relevant information and no basis exists for you to continue to withhold them.

With kind regards, I remain,

Sincerely,

Carmelite

Carmelite M. Bertaut

CMB:bon
Enclosure
cc:    Mr. Mitchell Auslander (via email)
       Mr. Jeffrey Korn (via email)
       Mr. Douglas Mishkin (via email)
       Mr. Phillip A. Wittmann (via email)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * | MDL NO. 2179 "J"(1) JUDGE BARBIER MAGISTRATE SHUSHAN |
| **THIS DOCUMENT APPLIES TO:** **Case No. 12-311** | * * * * | **JURY TRIAL DEMANDED** |

<u>**NOTICE OF MANUAL ATTACHMENT**</u>

<u>**EXHIBIT G**</u>

(E-mail from counsel representing Chartis Insurance to Cameron's in-house counsel)

**TO BE FILED UNDER SEAL**

**LIBERTY INTERNATIONAL UNDERWRITERS, INC.'S**
**MOTION TO COMPEL CAMERON TO RESPOND TO REQUESTS FOR**
**PRODUCTION OF DOCUMENTS AND PRODUCE A PRIVILEGE LOG**

874877_1

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 5, 2013

**VIA EMAIL**

Richard Bryan
Jackson & Campbell, P.C.
1120 20th St., NW
South Tower
Washington, DC  20036-3437

Re:   Cameron International Corporation v. Liberty Insurance Underwriters, Inc., 2:12-cv-00311
       (E.D. La.)

Dear Mr. Bryan:

This letter serves to memorialize our agreement that Maureen Martin will appear for her deposition at the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, at 9:30 AM (EST) on Tuesday, June 25, 2013.  Ms. Martin's deposition will be recorded by audio, stenographic and videographic means.

Per our agreement, no amended subpoena will be issued.

Sincerely,

Douglas W. Mishkin

cc:   Judy Barrasso
      Chris Martin
      Catherine Giarrusso
      Carmelite Bertaut

NEW YORK   WASHINGTON   PARIS   LONDON   MILAN   ROME   FRANKFURT   BRUSSELS
in alliance with Dickson Minto W.S., London and Edinburgh

**Exhibit H**

E-SERVICE
51818645
Apr 16 2013
05:23PM
File & ServeXpress

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * | MDL NO. 2179 |
| | * | |
| | * | SECTION J |
| | * | |
| THIS NOTICE APPLIES TO: | * | JUDGE BARBIER |
| No. 12-311 | * | MAG. JUDGE SHUSHAN |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF NON-PARTY DISCOVERY

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Cameron International Corporation, by and through its attorneys, Willkie Farr & Gallagher LLP, is causing to be served a subpoena *duces tecum* upon Chartis Claims, Inc. and a subpoena for testimony upon Maureen Martin, copies of which are attached hereto as Exhibits 1 and 2, respectively.

**EXHIBIT I**

Dated:      April 16, 2013

Mitchell J. Auslander
(mauslander@willkie.com)
Jeffrey B. Korn
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

and

STONE PIGMAN WALTHER WITTMANN L.L.C.
Phillip A. Wittmann, 13625
        pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
        cbertaut@stonepigman.com
Jared Davidson, 32419
        jdavidson@stonepigman.com

546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

*Attorneys for Cameron International
Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served the above and foregoing on All

Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with

Pretrial Order No. 12, which will send a notice in accordance with the procedures established in

MDL 2179, on this 16th day of April, 2013.



# EXHIBIT 1

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | |
|---|---|
| Cameron International Corporation | ) |
| *Plaintiff* | ) |
| v. | ) |
| Liberty Insurance Underwriters, Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   MDL 2179 (2:12cv00311)

(If the action is pending in another district, state where:

Eastern District of Louisiana                     )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Chartis Claims, Inc.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place:  Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY  10019 | Date and Time:<br><br>04/30/2013 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: April 15, 2013

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Cameron International Corporation _____ , who issues or requests this subpoena, are:

Mitchell J. Auslander, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY  10019
(212) 728-8000
mauslander@willkie.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   MDL 2179 (2:12cv00311)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit A**

<u>**DEFINITIONS**</u>

All terms not otherwise defined shall have their ordinary and common meaning. Notwithstanding any definition below, each word, term, or phrase contained in this notice is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "You" shall mean Chartis Claims, Inc., Illinois National Insurance Company and AIG Excess Liability Insurance International Limited and any of their representatives, employees, officers, directors, partners, attorneys and agents.

2.      "Cameron" shall mean Cameron International Corporation and all of its parents, subsidiaries, affiliates, predecessors and successors in interests, and any of its officers, directors, partners, employees, representatives, and agents.

3.      "Cameron's Other Insurers" shall mean Liberty Insurance Underwriters Inc., ACE American Insurance Company, XL Insurance Company Limited, Chubb Atlantic Indemnity Limited, XL Insurance (Bermuda) Ltd., Argo Re Ltd., Iron-Starr Excess Agency Ltd. and ACE Bermuda Insurance Ltd., and all of their parents, subsidiaries, affiliates, predecessors and successors in interest, and any of their officers, directors, partners, employees, representatives, attorneys and agents.

4.      "Deepwater Horizon Incident" shall mean the April 20, 2010 explosion of Transocean Ltd.'s Deepwater Horizon Mobile Offshore Drilling Unit and consequent release of oil into the Gulf of Mexico.

5.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.      "Document" shall be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data

compilations.  A draft or non-identical copy is a separate document within the meaning of this term.  The term "document" further includes, but is not limited to, any and all forms of recorded information, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, including all originals, revisions, and markups of drafts, and all files, documents, databases, e-mails, and other data maintained in computer-readable form.  The term "document" specifically includes, but is not limited to: working papers, communications, including intracompany communications, minutes and records of meetings, letters, facsimile transmissions, telegrams, records, books, summaries or records of personal conversations or interviews, legal pleadings, affidavits, deposition transcripts, trial transcripts, forecasts, statistical statements, agreements, contracts, telephone messages, slips and logs, diary entries, electronic mail and messages of every kind, text messages, calendars, reports, evaluations, assessments, analyses, correspondence, memoranda, notes, video recordings of every kind, audio recordings of every kind, electronic recordings of every kind, drawings, graphics, graphs, maps, diagrams, charts, photographs, tables, indices, recordings, tapes, microfilms, reports of investigations, opinions or reports of consultants, data processing and computer printouts, tapes, disks, and data and information stored in computers or data processing equipment, together with programs and program documentation necessary to utilize or retrieve such data or information, all other mechanical or electronic means of storing or recording data or information, and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form.

7.      "Relating to" is to be interpreted in the broadest sense and shall mean and include the words concerning, referring to, describing, evidencing, or constituting.

8.      The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## <u>INSTRUCTIONS</u>

1.      You are requested to produce all responsive documents in your possession, custody, or control, wherever located, including, without limitation, those in the custody of your representatives, affiliates and agents.

2.      If there is any objection to any Request, or if not all documents responsive to a Request are produced, state with specificity all grounds for each such objection or failure to produce all responsive documents.  All documents called for by those portions of the Request to which there is no objection shall be produced.

3.      All documents produced in response to these Requests shall be provided in their entirety, notwithstanding the fact that portions thereof may contain information not requested. All interim as well as final versions of the document shall be produced and all versions or copies that are not identical to the original, whether due to handwritten notations, revisions, enclosures, attachments, underlining, highlighting, or otherwise shall be produced.

4.      These Requests are continuing.  If at any time after production of documents hereto, and prior to the time of trial of this action, you obtain or become aware of additional documents or information that is responsive to any of these requests, the disclosure of which may be required pursuant to Fed. R. Civ. P. 26(e), you shall produce in a timely manner such additional documents or information.

5.      Unless otherwise indicated, the relevant time period for the request below shall be the period between April 20, 2010 through the present.

## DOCUMENT REQUEST

1.      All documents and communications between You and any of Cameron's Other Insurers relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

*9360586*



45732312
Aug 06 2012
10:58AM

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG    :    **MDL NO. 2179**
    "DEEPWATER HORIZON" in the    :
    GULF OF MEXICO, on    :    **SECTION J**
    APRIL 20, 2010    :
    :
    :    **JUDGE BARBIER**
This document relates to: ALL ACTIONS    :    **MAG. JUDGE SHUSHAN**

### PRE-TRIAL ORDER NO. 51

### [Governing Subpoenas to Third Parties]

PTO #13 establishes a clear procedure for third parties to designate documents and other objects (including deposition testimony) as confidential. However, the Court and the parties agree that supplemental guidelines are necessary in order to outline the specific logistics by which third parties communicate confidential designations and by which parties challenge those confidential designations. The purpose of this Pre-Trial Order is to establish the logistical guidelines for same.

IT IS HEREBY ORDERED that to keep the Court and all parties informed as to the status of documents or other objects (including deposition testimony) where the producing third party has decided to designate such as confidential, the following procedures will govern:

(1)    The rules and procedures outlined in PTO #13 shall remain in full force and effect. PTO #13 also governs the production of documents from third parties as well as the treatment of third party deposition testimony. This order merely supplements PTO #13, and

nothing in this order shall be construed to change or otherwise supersede the rules or procedures outlined in PTO #13.

(2)    A party who subpoenas or requests documents from a third party, or who notices a third party deposition, shall serve upon such third party a copy of PTO #13 and a copy of this order.

(3)    Third parties that wish to designate as confidential any documents or other objects (including deposition testimony) are hereby instructed to follow the rules and procedures outlined in PTO #13.  If third parties do not adhere to the rules and procedures outlined in PTO #13, their documents or other objects (including deposition testimony) will not be treated as confidential.

(4)    If a third party designates any document as confidential, said third party shall, within ten (10) days of making such designations or within five (5) days of receipt of this order (whichever is later), designate a "contact attorney" (and provide, via the e-mail addresses outlined in Paragraph 5 below, all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality challenges or otherwise address confidentiality-related issues involving said third party document(s) designated as confidential.

(5)    If a third party designates any deposition testimony as confidential, said third party shall serve such designations upon all parties to this litigation by e-mailing said confidentiality designations to the following e-mail addresses:  dsc2179@liskow.com and designations@mdl2179psc.com.  At the time of serving any deposition-related confidentiality designation(s), third parties shall also designate a "contact attorney" (and provide all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality

2

challenges or otherwise address confidentiality-related issues involving said third party depositions.

New Orleans, Louisiana, this 6th day of August, 2012.

CARL J. BARBIER
United States District Judge

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | | |

## PRE-TRIAL ORDER NO. 13

## ORDER PROTECTING CONFIDENTIALITY

1.   *Purpose.* To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Rule 26(c) of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rule.

2.   *Information.* Information includes the contents of documents, data associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data derived from objects other than documents, produced or disclosed in these proceedings by any party to these proceedings or by any third party (the "Producing Party") to any other party or parties (the "Receiving Party").

3.   *Condition.* This order covers information that the Producing Party designates "Confidential" or "Highly Confidential". Information may be designated as Confidential when the Producing Party reasonably believes the information disclosed constitutes, reflects, discloses or contains information subject to protection under Federal Rule of

Civil Procedure 26(c). Information may be designated as Highly Confidential when the Producing Party reasonably believes that the disclosure of Confidential Information to third party competitors will result in commercial harm.   The parties shall make Confidential and Highly Confidential designations in good faith to insure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

4.      *Procedure.*

A.      *Designation.* To designate information as Confidential or Highly Confidential, a Producing Party must mark it or identify it on the record as such. Either designation may be withdrawn.

B.      *Marking.* All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated.   With respect to tangible items or electronically stored information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item or media is Confidential or Highly Confidential or contains such information.

C.      *Timing.* Documents and other objects must be designated before disclosure.   In the event that a Producing Party designates some or all of a witness' deposition testimony Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to all Liaison Counsel within fourteen (14) days of receipt of the transcript, provided, however, that Liaison Counsel will consider reasonable requests for an extension of the deadline.    Deposition testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation.

D.      *Errors.* Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto.   In the event that Confidential or Highly Confidential Information is inadvertently disclosed, the Producing Party may thereafter reasonably assert a claim or designation of confidentiality, and promptly provide replacement media consistent with PTO XX.   Thereafter, the Receiving Party must immediately

return the original information and all copies of the same to the Producing Party
and make no use of such information.

5.      *Who*. Confidential Information may be used only by:

      A.      Parties;

      B.      The Court;

      C.      Court reporters (including audio and video);

      D.      Special masters;

      E.      Mediators;

      F.      Parties' counsel, including any counsel representing a Party in any
government investigation relating to the April 20, 2010, Deepwater Horizon
explosion, fire and/or resulting spill;

      G.      The direct staff of these people;

      H.      Witnesses, except for lay witnesses who previously have not seen or had
access to the Confidential Information and who have no reasonable need to see
the Confidential Information in order to provide testimony;

      I.      Any expert or consultant, and his, her or its staff, hired by a party for
litigation purposes who agrees to be bound by this Order and signs the certificate
attached as Appendix A;

      J.      Any other person to whom the Producing Party, in writing, authorizes
disclosure; and

      K.      Counsel (and their staff) for parties in other litigation asserting claims
against Defendants that arise out of the April 20, 2010 Deepwater Horizon
explosion, fire and/or resulting spill ("Related Litigation"), provided that (i) the
proposed recipient agrees to be bound by this Order and signs the certificate
attached as Appendix A;  (ii) Liaison Counsel for the party that supplies the
Confidential Information to such recipient maintains copies of the certificates and
a log identifying each such recipient and (iii) Liaison Counsel for the party that
supplies the Confidential Information to such recipient shall make that log
available to Liaison Counsel for the other parties at their request.  Upon a
showing by Defendants that Confidential Information has been used in violation
of this Order, Liaison Counsel shall provide copies of the log and certificates to
the Magistrate Judge for in camera review.

6.      *Highly Confidential.*

The Highly Confidential designation is intended to prevent competitive injury between and among persons or entities who might be commercially adverse to one another in the marketplace. Hence, the use of information designated Highly Confidential is restricted to the following persons:

A.      The Court and its staff;

B.      Special masters or discovery referees appointed by the Court and their staff;

C.      Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A.

D.      Mediators and their staff, provided such persons execute a certification attached hereto as Appendix A;

E.      Parties' external counsel and internal counsel whose primary responsibilities include overseeing this litigation, and their direct staff;

F.      Persons who prepared, received, or reviewed the Highly Confidential information prior to its production in the matters comprising MDL No. 2179 and who execute a certification attached hereto as Appendix A;

G.      A witness during a hearing, a deposition or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have specific knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL," provided such witness executes a certification in the form attached hereto as Appendix A;

H.      Outside experts or consultants retained by a party for litigation purposes, provided such expert executes a certification in the form attached as Appendix A.

I.      Any other person to whom the Producing Party, in writing, authorizes disclosure; and

J.      Counsel for parties in Related Litigation as defined in paragraph 5(K), provided that: (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A; (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains a log identifying each such recipient and makes that log available for inspection and copying to Liaison Counsel for the other parties at their request; and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request.  Upon a

showing by Defendants that Highly Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

7.     *Where.* Confidential Information and Highly Confidential Information must be used only in this MDL Proceeding, in Related Litigation as defined in paragraph 5(K) or in any government investigation into the Deepwater Horizon incident or resulting oil spill so long as such use is permitted herein.

8.     *How.*

   A.     *Acknowledgment.*  Subject to the restrictions contained in paragraph 6, the persons identified in paragraphs 5 and 6 may receive or review Confidential or Highly Confidential Information upon execution of the certificate attached as Appendix A or by affirming on the record that he or she will not disclose Confidential or Highly Confidential Information revealed during the deposition and will keep the transcript confidential.

   B.     *Filings.* No pleading will be sealed. If Confidential Information must be filed, it will be filed under seal as an appendix to the instrument that refers to it. As little of the source document as possible should be sealed.  References in the instrument must be sufficiently abstract not to disclose the information.

   C.     *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need.  The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

   D.     *Subpoenas.* If Confidential Information is subpoenaed from the Receiving Party, the Receiving Party must notify the Producing Party in writing within five (5) days of its receipt that the subpoena covers Confidential or Highly Confidential Information.

9.     *Challenges.* Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Producing

Party's counsel.  The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either:  (i) agreeing to remove the designation; or (ii) stating the reasons for such designation.  If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the **Objecting Party** may move the Court for an order **withdrawing the designation** as to the specific designations on which the Parties could not agree.  Counsel may agree to reasonable extensions of the twenty (20) day period, if necessary.  On such a motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law.  In the event a motion is filed by the Objecting Party, the information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise.  A Receiving Party does not waive its right to challenge a Confidential or Highly Confidential Information designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

10.   *Return.*  Within ninety days of the termination of any party from all proceedings in this MDL proceeding or in Related Litigation, that party, its employees, attorneys, consultants and experts must destroy or return all originals and/or copies of documents with Confidential Information or Highly Confidential Information, provided however, that the obligation to destroy or return such documents that is imposed on counsel, consultants and experts representing multiple parties shall not occur until the last of their represented parties has been terminated from the foregoing referenced proceedings.  At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Protective Order.  This order survives the termination of this MDL proceeding.

New Orleans, Louisiana, this 2nd day of November, 2010.

**THE HONORABLE CARL J. BARBIER**
**UNITED STATES DISTRICT COURT JUDGE**

APPENDIX A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

*   *   *   *   *   *   *   *   *   *   *   *

## CERTIFICATION

I hereby certify that I have read the Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date:

(Signature)

Name:

(Typed or Printed)



# EXHIBIT 2

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| Cameron International Corporation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL 2179 (2:12cv00311) |
| Liberty Insurance Underwriters, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Louisiana              ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Maureen Martin

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019 | Date and Time:<br><br>05/09/2013 10:30 am |
|---|---|

The deposition will be recorded by this method:   Stenography and video

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: April 15, 2013

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
 Cameron International Corporation _____ , who issues or requests this subpoena, are:
Mitchell J. Auslander, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019
(212) 728-8163
mauslander@willkie.com

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL 2179 (2:12cv00311)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                          *Server's signature*

                                 _____
                                          *Printed name and title*

                                 _____
                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | **MDL NO. 2179** |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | **SECTION J** |
| APRIL 20, 2010 | : | |
| | : | |
| | : | **JUDGE BARBIER** |
| This document relates to: ALL ACTIONS | : | **MAG. JUDGE SHUSHAN** |

## PRE-TRIAL ORDER NO. 51

### [Governing Subpoenas to Third Parties]

PTO #13 establishes a clear procedure for third parties to designate documents and other objects (including deposition testimony) as confidential. However, the Court and the parties agree that supplemental guidelines are necessary in order to outline the specific logistics by which third parties communicate confidential designations and by which parties challenge those confidential designations. The purpose of this Pre-Trial Order is to establish the logistical guidelines for same.

IT IS HEREBY ORDERED that to keep the Court and all parties informed as to the status of documents or other objects (including deposition testimony) where the producing third party has decided to designate such as confidential, the following procedures will govern:

(1)     The rules and procedures outlined in PTO #13 shall remain in full force and effect. PTO #13 also governs the production of documents from third parties as well as the treatment of third party deposition testimony. This order merely supplements PTO #13, and

nothing in this order shall be construed to change or otherwise supersede the rules or procedures outlined in PTO #13.

(2)     A party who subpoenas or requests documents from a third party, or who notices a third party deposition, shall serve upon such third party a copy of PTO #13 and a copy of this order.

(3)     Third parties that wish to designate as confidential any documents or other objects (including deposition testimony) are hereby instructed to follow the rules and procedures outlined in PTO #13.  If third parties do not adhere to the rules and procedures outlined in PTO #13, their documents or other objects (including deposition testimony) will not be treated as confidential.

(4)     If a third party designates any document as confidential, said third party shall, within ten (10) days of making such designations or within five (5) days of receipt of this order (whichever is later), designate a "contact attorney" (and provide, via the e-mail addresses outlined in Paragraph 5 below, all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality challenges or otherwise address confidentiality-related issues involving said third party document(s) designated as confidential.

(5)     If a third party designates any deposition testimony as confidential, said third party shall serve such designations upon all parties to this litigation by e-mailing said confidentiality designations to the following e-mail addresses:   dsc2179@liskow.com and designations@mdl2179psc.com.  At the time of serving any deposition-related confidentiality designation(s), third parties shall also designate a "contact attorney" (and provide all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality

2

challenges or otherwise address confidentiality-related issues involving said third party depositions.

New Orleans, Louisiana, this 6th day of August, 2012.

CARL J. BARBIER
United States District Judge

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \*

PRE-TRIAL ORDER NO. 13

ORDER PROTECTING CONFIDENTIALITY

1.  *Purpose.* To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Rule 26(c) of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rule.

2.  *Information.* Information includes the contents of documents, data associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data derived from objects other than documents, produced or disclosed in these proceedings by any party to these proceedings or by any third party (the "Producing Party") to any other party or parties (the "Receiving Party").

3.  *Condition.* This order covers information that the Producing Party designates "Confidential" or "Highly Confidential". Information may be designated as Confidential when the Producing Party reasonably believes the information disclosed constitutes, reflects, discloses or contains information subject to protection under Federal Rule of

Civil Procedure 26(c). Information may be designated as Highly Confidential when the Producing Party reasonably believes that the disclosure of Confidential Information to third party competitors will result in commercial harm. The parties shall make Confidential and Highly Confidential designations in good faith to insure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

4.     *Procedure.*

      A.     *Designation.* To designate information as Confidential or Highly Confidential, a Producing Party must mark it or identify it on the record as such. Either designation may be withdrawn.

      B.     *Marking.* All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated. With respect to tangible items or electronically stored information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item or media is Confidential or Highly Confidential or contains such information.

      C.     *Timing.* Documents and other objects must be designated before disclosure. In the event that a Producing Party designates some or all of a witness' deposition testimony Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to all Liaison Counsel within fourteen (14) days of receipt of the transcript, provided, however, that Liaison Counsel will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation.

      D.     *Errors.* Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto. In the event that Confidential or Highly Confidential Information is inadvertently disclosed, the Producing Party may thereafter reasonably assert a claim or designation of confidentiality, and promptly provide replacement media consistent with PTO XX. Thereafter, the Receiving Party must immediately

return the original information and all copies of the same to the Producing Party and make no use of such information.

5.      *Who*. Confidential Information may be used only by:

A.      Parties;

B.      The Court;

C.      Court reporters (including audio and video);

D.      Special masters;

E.      Mediators;

F.      Parties' counsel, including any counsel representing a Party in any government investigation relating to the April 20, 2010, Deepwater Horizon explosion, fire and/or resulting spill;

G.      The direct staff of these people;

H.      Witnesses, except for lay witnesses who previously have not seen or had access to the Confidential Information and who have no reasonable need to see the Confidential Information in order to provide testimony;

I.      Any expert or consultant, and his, her or its staff, hired by a party for litigation purposes who agrees to be bound by this Order and signs the certificate attached as Appendix A;

J.      Any other person to whom the Producing Party, in writing, authorizes disclosure; and

K.      Counsel (and their staff) for parties in other litigation asserting claims against Defendants that arise out of the April 20, 2010 Deepwater Horizon explosion, fire and/or resulting spill ("Related Litigation"), provided that (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A;  (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains copies of the certificates and a log identifying each such recipient and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request.  Upon a showing by Defendants that Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

6.     *Highly Confidential.*

The Highly Confidential designation is intended to prevent competitive injury between and among persons or entities who might be commercially adverse to one another in the marketplace. Hence, the use of information designated Highly Confidential is restricted to the following persons:

A.     The Court and its staff;

B.     Special masters or discovery referees appointed by the Court and their staff;

C.     Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A.

D.     Mediators and their staff, provided such persons execute a certification attached hereto as Appendix A;

E.     Parties' external counsel and internal counsel whose primary responsibilities include overseeing this litigation, and their direct staff;

F.     Persons who prepared, received, or reviewed the Highly Confidential information prior to its production in the matters comprising MDL No. 2179 and who execute a certification attached hereto as Appendix A;

G.     A witness during a hearing, a deposition or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have specific knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL," provided such witness executes a certification in the form attached hereto as Appendix A;

       H.     Outside experts or consultants retained by a party for litigation purposes, provided such expert executes a certification in the form attached as Appendix A.

I.     Any other person to whom the Producing Party, in writing, authorizes disclosure; and

J.     Counsel for parties in Related Litigation as defined in paragraph 5(K), provided that: (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A; (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains a log identifying each such recipient and makes that log available for inspection and copying to Liaison Counsel for the other parties at their request; and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request.  Upon a

showing by Defendants that Highly Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

7. *Where.* Confidential Information and Highly Confidential Information must be used only in this MDL Proceeding, in Related Litigation as defined in paragraph 5(K) or in any government investigation into the Deepwater Horizon incident or resulting oil spill so long as such use is permitted herein.

8. *How.*

    A.   *Acknowledgment.* Subject to the restrictions contained in paragraph 6, the persons identified in paragraphs 5 and 6 may receive or review Confidential or Highly Confidential Information upon execution of the certificate attached as Appendix A or by affirming on the record that he or she will not disclose Confidential or Highly Confidential Information revealed during the deposition and will keep the transcript confidential.

    B.   *Filings.* No pleading will be sealed. If Confidential Information must be filed, it will be filed under seal as an appendix to the instrument that refers to it. As little of the source document as possible should be sealed. References in the instrument must be sufficiently abstract not to disclose the information.

    C.   *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

    D.   *Subpoenas.* If Confidential Information is subpoenaed from the Receiving Party, the Receiving Party must notify the Producing Party in writing within five (5) days of its receipt that the subpoena covers Confidential or Highly Confidential Information.

9. *Challenges.* Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Producing

Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the **Objecting Party** may move the Court for an order **withdrawing the designation** as to the specific designations on which the Parties could not agree. Counsel may agree to reasonable extensions of the twenty (20) day period, if necessary. On such a motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law. In the event a motion is filed by the Objecting Party, the information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Confidential or Highly Confidential Information designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

10.   *Return.* Within ninety days of the termination of any party from all proceedings in this MDL proceeding or in Related Litigation, that party, its employees, attorneys, consultants and experts must destroy or return all originals and/or copies of documents with Confidential Information or Highly Confidential Information, provided however, that the obligation to destroy or return such documents that is imposed on counsel, consultants and experts representing multiple parties shall not occur until the last of their represented parties has been terminated from the foregoing referenced proceedings. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Protective Order. This order survives the termination of this MDL proceeding.

New Orleans, Louisiana, this 2nd day of November, 2010.

THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT COURT JUDGE

**APPENDIX A**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **Applies to:** *All Cases.* | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATION**

I hereby certify that I have read the Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date:

(Signature)

Name:

(Typed or Printed)

**Charlotte L. Phillips**

| | |
|---|---|
| **From:** | Judy Barrasso |
| **Sent:** | Friday, May 17, 2013 2:29 PM |
| **To:** | Bertaut, Carmelite; Korn, Jeffrey; Mishkin, Douglas |
| **Cc:** | martin@mdjwlaw.com; Catherine F. Giarrusso; Judy Barrasso |
| **Subject:** | FW: Follow up on May 6th meet and confer: Response requested by Friday, May 17 |

Carmelite,

Concerning the privilege log parameters, we propose that both parties log all documents withheld or redacted based on privilege that are dated between October 1 and December 31, 2011.  Any withheld/redacted documents outside of this time period would not be logged.  With respect to the form of the privilege log, the parties will comply with PTO 14.  We think this approach is simpler and will allow the parties to focus on the documents that are most relevant to the issues raised in this dispute.

Concerning the technical document issues, we are still following up with the vendor and will get you a response as soon as we can.

Finally, we have not received a response to our May 14 letter concerning deficiencies in Cameron's document production.  Please respond at your earliest convenience.

---

**From:** Bertaut, Carmelite [mailto:CBertaut@stonepigman.com]
**Sent:** Wednesday, May 15, 2013 1:39 PM
**To:** Judy Barrasso; martin@mdjwlaw.com; Catherine F. Giarrusso
**Cc:** 'Korn, Jeffrey'; Mishkin, Douglas (DMishkin@willkie.com); Farris, Abigayle C.; Siegert, Renee M.
**Subject:** Follow up on May 6th meet and confer: Response requested by Friday, May 17

Judy and Chris,
    We are following up on our May 6, 2013 meet and confer, during which we discussed certain deficiencies in Liberty's production.

    First, concerning those Liberty's documents that appear to be missing attachments (e.g., LIU19631 and LIU19876),   we understood that these omissions were a "production glitch," and that you would speak to your vendor to resolve the issue and amend your production as necessary.

    Second,  as to the Liberty documents that say "Unable to Print" followed by "Hash Code and "Filename" information, you agreed that you would also discuss these documents with your vendor, and that you would amend your production as necessary to the extent any of them are responsive.

    Last, we are also still waiting on your response to the privilege log parameters that we discussed in our May 6th call and sent you in writing on the 8th.

    Please advise as to the status of the production issues by close of business on Friday, May 17, 2013.
    And, by that same time, if we have not heard back from you regarding the privilege log, we will assume that you have no objection to our proposal and will proceed accordingly.

**EXHIBIT J**

Carmelite M. Bertaut
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-593-0898
Fax:  504-596-0898
Email:  cbertaut@stonepigman.com
Website:  www.stonepigman.com

IRS Circular 230 Notice:  To ensure compliance with requirements imposed by the IRS, please be informed that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.  For more information about this notice, please visit http://www.stonepigman.com/news/showNews.html?id=73.
_____

This communication is from a law firm and may be privileged and confidential. If you are not the intended recipient, please notify the sender by reply e-mail and destroy all copies of this communication.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * | MDL NO. 2179 "J"(1) JUDGE BARBIER MAGISTRATE SHUSHAN |
| THIS DOCUMENT APPLIES TO: Case No. 12-311 | * * * * | **JURY TRIAL DEMANDED** |

<u>NOTICE OF MANUAL ATTACHMENT</u>

<u>EXHIBIT K</u>

(E-mail from an LIU representative to various representatives
of Marsh concerning the Cameron/BP settlement)

**TO BE FILED UNDER SEAL**

**LIBERTY INTERNATIONAL UNDERWRITERS, INC.'S
MOTION TO COMPEL CAMERON TO RESPOND TO REQUESTS FOR
PRODUCTION OF DOCUMENTS AND PRODUCE A PRIVILEGE LOG**

874875_1