UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to:  *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Regarding Selection Criteria Issue for Motions of the U.S. and Transocean to Compel Production of Previously-Withheld Documents Pursuant to the Crime-Fraud Exception to the Attorney-Client Privilege (Rec. docs. 8417 and 8457)]

On April 30, 2013, an order was issued granting in part and denying in part the motions of the U.S. and Transocean ("movers") to compel production of previously-withheld documents pursuant to the crime-fraud exception to the attorney-client privilege.  Rec. doc. 9592.  BP responded (Rec. doc. 10291) to "the selection criterial issue" raised in the U.S./Transocean joint memorandum (Rec. doc. 9355).  The U.S. and Transocean replied.  Rec. doc. 10255.

The U.S. and Transocean raise four issues.  Rec. doc. 9355 at 1-2.

**A.      Lawyers' custodial files**

Movers contend and BP acknowledges that it did not search attorney files for documents responsive to the crime-fraud motion to compel.  Because BP stated that the overall process of responding to the Congressional requests was a lawyer-directed effort, movers argue that BP is ignoring many of the custodians most likely to have responsive documents.  The movers urge that it is highly likely that there are additional communications and documents within the files of attorneys representing BP that are not included in the crime-fraud privilege logs prepared by BP.

BP responds that this is an improper request to re-open Phase Two written discovery.  It

urges that David Rainey's involvement is a central element to the proper application of the crime-fraud standard. BP argues that because the U.S. and Transocean have documents from Rainey's custodial file, there is no need for documents from the custodial files of BP's counsel. BP contends that because of the extensive privilege review required for production from the custodial files of its counsel, 8 weeks would be required to complete the production. It argues that, "the burden or expense of the proposed discovery outweighs its likely benefit. . ." Fed. R. Civ. P. 26(b)(2) (C)(iii).

Movers argue that the degree of Rainey's involvement is not a useful indicator of whether any particular document falls within the scope of the crime-fraud exception.

The U.S. and Transocean identified 58 individuals involved in the communications found on the BP privilege logs. Rec. doc. 9355 (Attachment A). BP reports that 20 of those individuals are MDL custodians, so there has been production from their custodial files. Of the remaining 38, 18 are attorneys and 20 are non-attorneys. Rec. doc. 10291 at 11. Movers propose that BP be required to search the custodial files of the 38 individuals who are not MDL custodians. The undersigned is not convinced that the benefit derived from such a search will outweigh the burden.

The parties shall proceed as follows:

1. BP shall search the custodial files of 3 of the individuals. The U.S. and Transocean will select the 3 individuals from the 38. **Within 72 hours of the entry of this order**, the U.S. and Transocean shall notify BP and the Court of their selection of the 3 individuals.

2. **Within 72 hours of the receipt of the selection**, BP shall notify the undersigned, the U.S. and Transocean of a proposed schedule for the custodial file production for the 3 individuals.

2

The process employed to resolve the documents produced on the first round of the crime-fraud motion to compel (Rec. doc. 9592) shall be employed for the production for the 3 individuals. After reviewing the production *in camera*, the undersigned will determine whether there will be production from any of the other 35 custodians.

**B.**     <u>May 5 to 13, 2010</u>

For the reasons stated by the U.S. and Transocean, the search shall be extended to the period from May 5 through May 13, 2010.  BP shall apply the larger time period to the 3 individuals selected by the U.S. and Transocean.

**Within 72 hours of the entry of this order**, BP shall submit a proposed schedule for searching for and producing documents related to the preparation of the communications at issue during the May 5 to 13 time period.

**C.**     <u>Identification of responsive documents</u>

The U.S. and Transocean contend that BP's identification of responsive documents is implausibly limited.  They argue that the paucity of documents identified by BP is inconsistent with the critical nature of the communications.  For the reasons stated by BP, the movers' argument is without merit.

**D.**     <u>General legal advice re: flow rate information</u>

Transocean and the U.S. contend that BP's brief (Rec. doc. 9254 at 6-9) suggests that it omitted documents containing general legal advice regarding disclosure of flow rate information that informed the crime-fraud communications.  BP's response is satisfactory.  The movers' request for further relief is denied.

IT IS ORDERED that:

1. The request of the U.S. and Transocean for relief regarding the scope of BP's identification of documents responsive to the crime-fraud motion to compel (Rec. doc. 9355) is GRANTED in PART and DENIED in PART as provided herein.

2. The deadline for an appeal is **Monday, June 17, 2013.** In the absence of an order from District Judge Barbier, this order is not stayed during an appeal.

New Orleans, Louisiana, this 10th day of June, 2013.

                                              SALLY SHUSHAN
                                              United States Magistrate Judge