# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

June 6, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:   MDL 2179 — Expert Deposition of Robert Turlak

Dear Judge Shushan:

BP writes in reply to Transocean's letter from Tuesday, June 4, 2013, regarding its disclosure of Transocean employee Robert Turlak as an expert witness.

BP appreciates the clarification Transocean provides in that letter regarding the scope of Mr. Turlak's potential fact and lay witness opinion testimony at the Phase 2 trial. Based on this clarification, we propose below a straightforward resolution of this issue.

As the Court will recall, Transocean disclosed Mr. Turlak as an expert witness in its May 1, 2013 Phase 2 expert witness disclosure. That filing stated that Mr. Turlak was being disclosed "out of an abundance of caution." (May 1, 2013 Transocean Expert Disclosure, at 2.) Transocean did not offer any further detail why it believed the disclosure was made with this "abundance of caution," and without more, we read the disclosure as signaling that Mr. Turlak would seek to offer expert opinions of the type offered in Transocean's expert reports.

Accordingly, BP's June 3, 2013 letter sought reconsideration of the Court's May 20, 2013 Order regarding Source Control expert depositions, (Rec. Doc. 10193), because the sound practice of this Court to require a deposition for in-house experts not providing written reports should be followed in all instances. Without such pre-trial depositions, parties might unavoidably expand their trial examinations to address matters not yet subject to appropriate discovery — an understandable protective measure in tension with the Court's express request that parties streamline their examinations at trial.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 6, 2013
Page 2

      Transocean has now usefully clarified that Mr. Turlak is not going to offer any expert opinions. In its June 4, 2013 letter, Transocean explains that the May 1 expert designation of Mr. Turlak was made "out of an abundance of caution" because Transocean believes that Mr. Turlak's proposed testimony "should qualify as fact witness testimony." (June 4, 2013 D. Baay Ltr., at 1.)

      The second and third pages of the June 4 letter set forth in greater detail than did the May 1 disclosure the fact witness testimony that Mr. Turlak expects to offer. BP disagrees with the assertions made on those pages (and in other contexts) and is prepared to demonstrate at trial the inaccuracy of these factual assertions. But BP does agree with Transocean that some substantial part of this potential testimony — read against the backdrop of Transocean's representation that it is factual in nature — can be offered in a form that does not require the qualification of Mr. Turlak as an expert witness.

      In sum, in light of Transocean's June 4 letter, BP respectfully requests the Court rule that Transocean has not disclosed expert testimony that Mr. Turlak might offer. Accordingly, Mr. Turlak is not a Phase 2 expert witness.

      With all of the understood and based on Transocean's June 4 representations to the Court, BP agrees no expert deposition of Mr. Turlak is needed at this time.

                                              Respectfully submitted,

                                              Robert R. Gasaway

cc (by electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross