# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

June 3, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA  70130

Re:   MDL No. 2179 — Expert Deposition of Robert Turlak

Dear Judge Shushan:

BP respectfully requests that the Court reconsider and amend the portion of the May 20, 2013 Order Regarding Allocation of Examination Time - Source Control Experts (Rec. doc. 10193) that concludes that Robert Turlak "will not be deposed as an expert during Phase Two." (*Id*. at 2, n.2).  In the alternative, BP respectfully requests that Mr. Turlak not be allowed to offer expert opinions at trial.

Transocean's Phase Two Expert Witness Disclosure, dated May 1, 2013, identifies Robert Turlak as a Rule 26(a)(2)(C) Expert Witness.  As to the substance of Mr. Turlak's expert testimony, Transocean states as follows:

> Mr. Turlak may testify regarding his and Transocean's role in planning, constructing, and deploying possible solutions to cap the Macondo well.  Mr. Turlak may also present evidence, including opinion testimony, regarding (1) when the *Discoverer Enterprise* BOP-on-BOP, *Development Driller II* BOP-on-BOP, 2-Ram Capping Stack, and 3-Ram Capping Stack could have been constructed and ready for deployment at the Macondo well and (2) whether the BOP-on-BOP options and 2-Ram Capping Stack could have been effectively deployed and could have shut in the Macondo well.  The scope of Mr. Turlak's expected testimony related to topics (1) and (2) will be squarely within the four corners of the testimony he has already provided to date. (*Id*. at 2).

Transocean's disclosure does not describe the expert opinions Mr. Turlak will seek to put forward at a Phase 2 trial, nor the basis for those opinions, nor does it reference an existing report that contains such opinions.

Chicago     Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
June 3, 2013
Page 2

      Against this backdrop, the question whether Mr. Turlak should be deposed as an expert witness is governed by the Court's decision that the United States' expert Tom Hunter should be deposed as an expert witness. As you know, the Court ruled on April 30 that "Dr. Hunter will be required to appear for an expert deposition." (April 30, 2013 Order Regarding Phase Two Expert Issues (Rec. doc. 9586) at 2).

      To be sure, Transocean seeks to avoid such a deposition by contending that Mr. Turlak's expected testimony "will be squarely within the four corners of [his prior] testimony." But this is the very same argument put forward by the United States — without success — in seeking to avoid a deposition for Mr. Hunter. (*See* S. Cernich letter dated April 18, 2013 (Rec. doc. 9577) at 3 ("If Dr. Hunter testifies at trial, it will be on the calculations he performed and reviewed during the response — the same calculations that were the subject of his prior deposition.")).

      Although Mr. Turlak has indeed provided deposition testimony in a personal capacity and as a Rule 30(b)(6) corporate representative, BP and the other parties had no opportunity (or, indeed, reason) at Mr. Turlak's previous depositions to discern, let alone explore, the "four corners" of Mr. Turlak's supposed "expert" opinions, the basis for those opinions, or his views about the analyses and opinions of other experts whose opinions Mr. Turlak might potentially seek to defend at trial.

      Like Dr. Hunter's prior testimony, Mr. Turlak's prior testimony was not given in the role of an expert. Like Dr. Hunter, Mr. Turlak has not disclosed the opinions about which he would seek to testify at trial. Hence, like Dr. Hunter's prior testimony, Mr. Turlak's prior deposition testimony provides an insufficient platform for applying the "four corners" requirement that has become Judge Barbier's strictly enforced sine qua non for admitting expert testimony at trial.

      Such jumping off point for application of the "four corners" rule is of critical importance here because, as the Court has repeatedly emphasized, "<u>The parties can anticipate that Judge Barbier will limit the number of expert witnesses and the examination time required for those experts who testify during Phase Two</u>." (April 30, 2013 Order at 2 (emphasis in original)). It is thus "essential" that Judge Barbier and the parties "have a clear understanding of the expert opinions to be offered at trial." *Id*. For Mr. Turlak, as for Dr. Hunter "this should be accomplished through an expert deposition." *Id*. To do otherwise would be to risk subjecting the Court to a meandering, deposition-like examination of Mr. Turlak at trial.

      Simply put, if there is a possibility Mr. Turlak may seek to offer expert testimony at trial, judicial efficiency demands a pre-trial expert deposition. Hence, there is no reason to depart from, and good reason to adhere to, the Court's prior practice of requiring in-house experts who have not provided written analysis to appear for deposition.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 3, 2013
Page 3


      BP looks forward to discussing its request for a single day deposition of Mr. Turlak (or in the alternative for the preclusion of his expert testimony) at the next Working Group Conference.

                          Sincerely,

                          Robert R. Gasaway


cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross