UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: All Cases | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

**[Regarding the Admissibility of TREX-009088 (Rec. doc. 10320)]**

Pursuant to the November 14, 2012 Order regarding Phase Two Exhibit Lists and Evidentiary Objections (Rec. Doc. 7888), the United State requests that TREX-009088[1] be excluded from evidence as irrelevant to the issues to be tried in Phase Two. Rec. doc. 10321. BP contends that the document is relevant to the claims by the PSC and others regarding source control as demonstrated by the report by Greg Perkin, a source control expert for the PSC. Rec. doc. 10321.

On December 8, 2008, there was a meeting between representatives of BP and MMS. On January 15, 2009, James Grant of BP emailed a report of the meeting to others within BP. The report describes comments made by MMS representatives, including Mike Conner, at the meeting. On January 15, 2009, Richard Keck, one of the recipients of Grant's email, forwarded it to other representatives of BP and asked that they note the comment on "sub-sea vs. surface BOP for HPHT." TREX 009088.

BP's account of the meeting indicates that Mike Conner of MMS provided the following feedback:

---

[1] Exhibit A to rec. doc. 10320.

> MMS will start requiring risk assessments in the Deepwater Operations Plan for operations where BP will be drilling from SPARs with surface BOPs. If the risk assessment shows concerns with high bottom hole pressures, the operator will be expected to use a subsea BOP, provide sufficient mitigations or use a mud line shearing device at seafloor. Exhibit A.

TREX 9088 at BP-HZN-2179MDL01008815.

BP contends the exhibit is relevant because of claims that "the industry's preparations for deep water blowouts were an issue, and more specifically whether BP's preparations for blowouts should create liability." The U.S. responds that TREX 009088 does not meet the standard in Fed. R. Evid. 401 which provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action". Id. TREX-009088 satisfies this standard. The objection of the U.S. to the relevancy of TREX 09088 is overruled.

The U.S. reports that it will object Mr. Conner's purported statement as hearsay within hearsay when it serves its Third Installment objections. Rec. doc. 10321 at n. 1. The U.S. did not brief the hearsay issue. BP's reply contains a full response on the hearsay issue. Rec. doc. 10321. Inasmuch as the U.S. has not fully briefed the hearsay issue, the Court declines to consider it until it is raised in the Third Installment objections.

It is ORDERED that the objection of the U.S. to the relevance of TREX 09088 (Rec. doc. 10320) is overruled.

New Orleans, Louisiana, this 11th day of June, 2013.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**