UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on April 20, 2010 | * * * * * | NO. 10-MD-2179 SECTION "J"(1) JUDGE BARBIER |
| This Document Pertains to 12-2174 | * * | MAG. SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION FOR
MORE DEFINITE STATEMENT ON BEHALF OF ES&H, INC.**

**MAY IT PLEASE THE COURT**:

Mark Bingham ("Bingham") filed a Complaint alleging he became tangled in an oily boom and slipped on a deck of a vessel on or about June 9, 2010. Bingham sued Ashland Services, LLC ("Ashland"), ES&H, Inc. ("ES&H"), BP Exploration and Production, Inc., BP America Production Company, and BP Corporation North America, Inc. Bingham alleges he was a seaman aboard the vessel owned and/or operated by all the above-listed defendants. ES&H has been diligently investigating this claim, and, based on information currently available, cannot locate the necessary information relating to Bingham's allegations. Mark Bingham's Complaint is so vague and ambiguous that it is extremely difficult for ES&H to formulate a response.

**Standard of Review**

A court will grant a motion for a more definite statement under Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[1]  The Supreme Court has noted that "if a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[2] A complaint, which contains a "bare bones" allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice.[3] The trial court is given considerable discretion in deciding whether to grant a Rule 12(e) motion.[4] Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."[5] Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order.[6]

**Plaintiff's Complaint is Too Vague for ES&H to File a Responsive Pleading**

---

[1] Fed.R.Civ.Proc. 12(e); See also *Havens Rlty. Corp. v. Coleman,* 102 S.Ct.1114, 1126 (1982).

[2] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[3] *Walker v. South Cent. Bell Tel. Co.,* 904 F.2d, 275, 277 (5th Cir.1990); *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (C.A.5 (La.),1999).

[4] *See Newcourt Leasing Corp. v. Regional Bio-Clinical Lab, Inc.,* No. 99-2626, 2000 WL 134700, at *1, quoting *Medrehab, Inc. v. Evangeline of Natchitoches, Inc.,* 1998 WL 671287, *1 (E.D.La.)(Clement, J.)( *quoting* 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1376, p. 585 (1990)).

[5] *Blum v. Roberts,* 2006 WL 2135457, at *2 (E.D.La.  2006).

[6] *Verret v. North Star Marine, LLC,* 2009 WL 3614502, 2 (E.D.La. 2009).

Bingham alleges that at all pertinent times he was employed by Ashland, ES&H, BP Exploration and Production, Inc., BP America Production Company, and BP Corporation North America, Inc. However, ES&H cannot locate any employment records for Mark Bingham.

Bingham also alleges that all defendants owned and/or operated the vessel but fails to identify the vessel. In order to locate information relative to Bingham's allegations, ES&H needs to know the vessel upon which plaintiff claims he was injured.

Further, Bingham only alleges he was employed as a seaman aboard a vessel in the navigable waters of the United States and within the jurisdiction of this Court. However, Bingham does not provide the location of the alleged incident.

Without knowing the vessel's identity which Bingham claims to be a crewman, the location of the vessel at the time of the alleged incident, and/or the type of work being performed by the crew of the vessel at the time of the incident, ES&H has not been given adequate facts to reasonably be required to frame a responsive pleading.

Moreover, Bingham alleges ES&H is indebted unto Bingham for maintenance and cure benefits. However, as stated above, ES&H does not have any employment records for Mark Bingham. We ask Bingham to provide a more definite statement as to the time he was employed by ES&H and each of the other listed defendants.

## Conclusion

The allegations in Bingham's Complaint do not include a description of the location where Bingham allegedly was injured, the vessel upon which Bingham allegedly was injured, the type of work being performed by the crew, or who employed Bingham at the time of the alleged incident. Without such information and after doing a diligent investigation, ES&H is not provided with

adequate information to frame the proper responsive pleadings.  Therefore, defendant, ES&H, moves this Honorable Court to grant its Motion for a More Definite Statement under Rule 12(e).

|  |  |
|---|---|
| CERTIFICATE OF SERVICE | Respectfully submitted, |
|  | **STAINES & EPPLING** |
| I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record via the service method indicated below: | */s/ Jeff D. Peuler* |
|  | **ANTHONY J. STAINES** (#12388) |
| [  ] U.S. Mail | **JEFF D. PEULER,**  (#30017) |
| [  ] Facsimile | 3500 North Causeway Boulevard |
| [ x] Electronic Filing | Suite 820 |
| [  ] Hand Delivery | Metairie, Louisiana 70002 |
|  | Telephone: (504) 838-0019 |
|  | Facsimile: (504) 838-0043 |
| This 12th day of June, 2013. | Counsel for ES&H, Inc. |

*/s/ Jeff D. Peuler*