Page 1

```
 1
 2   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF LOUISIANA
 3   ----------------------------------------X
     In Re:  OIL SPILL BY THE OIL RIG
 4   "DEEPWATER HORIZON" IN THE GULF OF
     MEXICO, ON APRIL 20, 2010,
 5
 6   Applies to:
 7   12-311, Cameron Int'l Corp. v. Liberty
     Ins. Underwriters, Inc., a/k/a Liberty
 8   Int'l Underwriters
 9
     ----------------------------------------X
10
11
12            VIDEO DEPOSITION OF JEFFREY ROBERTS
13                     New York, New York
14                   Thursday, May 30, 2013
15
16
17
18
19
20
21   Reported by:
22   Rebecca Schaumloffel, RPR, CLR
23   Job 61442
24
25
```

EXHIBIT B

1    J. ROBERTS
2        MS. BARRASSO:  Object to the
3    form.
4        A.    Well, you can't -- the best
5    practices issued in 2012, the claim happened
6    in 2010.  So I can't have adhered to
7    guidelines that weren't in place.  They were
8    similar.  They are similar -- similarities,
9    but there may be days I would have to look at
10   them and go through the file to see if the
11   timing frame may have not been achieved or
12   something.
13       Q.    Would it be helpful to have a
14   copy of the guidelines to go through them and
15   see to what extent you deviated or didn't
16   deviate from them when you adjusted Cameron's
17   claim?
18       A.    I don't know if I can do that
19   today.
20       Q.    But would it be helpful if you
21   had the guidelines in front of you to look at
22   them and see whether you acted consistently
23   with them?
24       A.    Sure.
25       Q.    In fact, that's the only way you

Page 26

1                    J. ROBERTS
2   would know if you had them in front of you to
3   look at them and see, you know, this is a
4   guideline that I complied with and this is a
5   guideline that I didn't, correct?
6       A.    Correct.
7       Q.    Do you plan to testify at trial
8   that you acted consistently with Liberty's
9   best practices?
10      A.    Yes.
11      Q.    Do you plan to testify at trial
12  that when you adjusted Cameron's claim, that
13  you acted consistently with Liberty's best
14  practices?
15            MS. BARRASSO:  Objection.
16      That's the same question.
17      A.    That's the same question that I
18  answered previously.  I can't -- at some
19  points in time, I did not -- there were not
20  best practices in place to adjust Cameron's
21  claim under it.  So they were -- the claim
22  was adjusted and handled under what you would
23  call industry guidelines or industry best
24  practices.
25      Q.    And how did you know what the