# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG<br>        "DEEPWATER HORIZON" IN THE GULF<br>        OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| IN RE THE COMPLAINT AND PETITION OF<br>TRITON ASSET LEASING GmbH, ET AL., IN A<br>CAUSE OF EXONERATION FROM OR<br>LIMITATION OF LIABILITY | JUDGE BARBIER |
| **This Document applies to:**<br>*Docket No. 2:10-cv-08888 and*<br>*Docket No. 2:10-cv-02771* | MAGISTRATE<br>SHUSHAN |

## TRANSOCEAN'S OMNIBUS RESPONSE IN OPPOSITION TO VARIOUS CLAIMANTS' MOTION FOR LEAVE TO FILE CLAIMS IN LIMITATION BEYOND THE MONITION DATE

_____

COME NOW Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively "Transocean"), by and through undersigned counsel, and respectfully submits this Response in Opposition to Various Claimants' Motion for Leave to File Claim in Limitation Beyond the Monition Date.[1]  In support of its Response in Opposition, Transocean would respectfully show as follows:

### BACKGROUND

The Transocean entities are Petitioners in Limitation in the above referenced action.  On May 13, 2010, May 26, 2010, and June 14, 2010, Judge Ellison issued his Order, Amended Order, and Second Amended Order, respectively, directing Claimants to file and make proof of claims requiring all persons claiming damages arising out of the *Deepwater Horizon* incident to

---

[1]   This Response in Opposition responds to "104" separately filed motions listed on the attached Exhibit "A", each of which alleged essentially the same facts and legal authority in support of their individual Motions for Leave to File Late Claims.

file their claims with the Court by November 15, 2010.   This deadline was subsequently
extended by this Court, following the transfer of the Limitation Action to the Eastern District of
Louisiana, to April 20, 2011.  **Rec. Doc. 569**.

On April 28, 2011, Transocean filed its Exparte Motion for Order Noting Defaults.  **Rec. Doc. 2182**.  Initially, a ruling on Transocean's Motion for Order Noting Defaults was deferred by
the Court.   Subsequently, this Court extended the filing date for Short Form Joinder forms to
September 16, 2011, over 15 months after the filing of this limitation action.   The minute entry
from the Court's Status Conference of September 16, 2011 reflects as follows:

> The Court reported on Transocean's pending Motion for Order
> Noting Entry of Default (**Rec. Doc. 2182**).   Following comment
> and clarification from counsel, the Court stated it would GRANT
> effective after this date (September 16, 2011).   The Court will
> allow claims filed on this date or earlier, regardless of whether
> leave of Court was sought to file after the April 20, 2011 monition
> date.   The Court will issue an Order to this effect.

**Rec. Doc. 4041 at 2.**  And finally, on September 19, 2011, the Court issued its Order Noting
Defaults Relative to Civil Action No. 10-2771.  **Rec. Doc. 4061**.  This Order provides as follows:

> IT IS FURTHER ORDERED THAT THE DEFAULT of all
> persons or corporations claiming damages against Petitioners
> Transocean Offshore Deepwater Drilling Inc., Transocean
> Holdings LLC, Transocean Deepwater Inc. and Triton Asset
> Leasing GmbH and their underwriters, for any and all loss,
> damage, injury, or death caused by or resulting from the Incident
> of April 20, 2010, and not having filed a claim in the aforesaid
> proceedings on or before September 16, 2011 are HEREBY
> NOTED.

**Rec. Doc. 4061 at 2**. Trial on the liability phase of the limitation case commenced on February
25, 2013 and concluded on April 17, 2013.

The various Claimants have each filed a Motion for Leave to File Claim(s) in Limitation
Beyond the Monition Date.  The first of these motions was filed on March 26, 2013 and motions

continue to be filed almost daily, seeking similar leave.  Thus, leave to file late claims is now being sought at least eighteen months after the extended filing date for Short Form Joinder forms.  Transocean respectfully submits that all of these motions should be denied because the respective Claimants have failed to meet the requisite "good cause" showing for the filing of their late claims.  Accordingly, their Short Form Joinder(s) and or claims should be stricken from Docket 2:10-cv-08888, and leave should be denied.

### RULE F(4) STANDARD

Supplemental Admiralty Rule F gives a district court discretion to allow a party to file a claim in limitation proceedings after the claims bar date has passed.  Specifically, Rule F(4) of the Supplemental Rules provides, in part, that "for cause shown, the court may enlarge the time in which claims may be filed."  FED. R. CIV. P. Supp. F(4).  The decision to deny Claimants the opportunity to file and serve untimely claims and answers in a limitation action is reviewed for an abuse of discretion.  *Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 371 (5th Cir. 1990).  "The instances in which we can declare that the action is so lacking in reason as to constitute an abuse of discretion will be, as they have been, rare indeed." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1963).

### ARGUMENT

In *Golnay Barge Co. v. M/V SHINOUSSA*, 980 F.2d 349 (5th Cir. 1993) (*per curium*) and *Texas Gulf Sulphur Co., supra,* the Fifth Circuit established guide-posts to assist district courts in exercising their discretion to allow or refuse late claims under Rule F.  A district court ruling on a motion to file a late claim in a limitation proceeding should consider (1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of the parties; and (3) the claimant's reasons for filing late.  *Golnay*, 980 F.2d at 351.

3

"Relief from the tardy claim is not a matter of right – it depends on an equitable showing." *Id.* (*quoting Texas Gulf Sulphur*, 313 F.2d at 363).

There are two reasons why leave should be denied.  First, in virtually all of the cases, the moving Claimant has failed to include with the motion a sworn affidavit setting forth facts in support of good cause for filing late.  In *River City Towing Services, Inc.*, 2005 A.M.C. 2083 (5th Cir. 2005), the Court of Appeals for the Fifth Circuit addressed the third *Gulf Sulphur* factor in affirming a denial of leave to file a late claim, noting as follows:

> This Court has held that "a district court ruling on a motion to file a late claim, should consider . . . the claimant's reasons for filing late." *Golnay Barge Co. v. M/T SHINOUSSA*, 1993 A.M.C. 2678, 2680, 980 F.2d 349, 351 (5th Cir. 1993).  The treatise relied upon in *Gulf Sulphur* states:  "So long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the Court will freely grant permission to file late claims, upon ***an affidavit reciting the reasons*** for the failure to file within the time limit." 3-VIII *Benedict On Admiralty* § 83 (7th ed. 2002) (emphasis added).  While permission to file late is subject to an equitable analysis of these factors, this Court's precedent clearly requires that late filers demonstrate their reasons with evidence. *Lloyd's Leasing*, 902 F.2d at 371.

*Id.* at 2085 (emphasis in original).  Each of the Claimants has failed to submit a competent affidavit reciting the reasons for the failure to file within the time limit established by the Court and thus leave should be denied.

Second, although this limitation action is still pending and unresolved, the first phase of the trial has been completed.  The Monition Notices were properly published by Petitioners and the publicity surrounding the *Deepwater Horizon* spill, including publication of the claim-bar dates, has been extensive.  None of the Claimants contends that they do not speak the language in which the Notices were published or were otherwise absent from the geographical areas where the Notices were published.  In similar circumstances, the Court of Appeals for the Fifth Circuit

affirmed a district court's denial of leave to file late claims where leave was sought before trial commenced but many months after the monition deadline.  The Fifth Circuit ruled:

> The reason normally given for not timely filing a claim is lack of actual notice. . . .The appellants argue that the Vietnamese claimants, most of whom do not speak English and who live in a fairly isolated community, did not receive actual notice.  The group of individuals associated with the commercial fishing industry, on the other hand, have no such excuse for not timely filing their claims.  They speak English and live in the area where the notice was published.  Thus, no error was committed in denying them permission to late file claims.

*In the Complaint and Petition of Lloyd's Leasing Ltd.,* 902 F.2d 368, 371 (5th Cir. 1990).

Similarly, here, the Claimants have waited eighteen months or more since the expiration of the claims deadline to file their claims.  If these Claimants are granted leave, many more similar motions can be expected to be filed.  Accordingly, leave should be denied.

## CONCLUSION

Transocean respectfully submits that all Motions for Leave to File Claim in Limitation Beyond the Monition Date should in all things be DENIED.

DATED:  June 17, 2013

Respectfully submitted,

By: /s/ Brad D. Brian
Brad D. Brian
Michael R. Doyen
Lisa Demsky
Daniel B. Levin
Susan E. Nash
MUNGER TOLLES & OLSON LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel:  (213) 683-9100
Fax:  (213) 683-5180
Email: brad.brian@mto.com
        michael.doyen@mto.com

By: /s/ Steven L. Roberts
Steven L. Roberts
Rachel Giesber Clingman
Sean Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel:  (713) 470-6100
Fax:  (713) 354-1301
Email: steven.roberts@sutherland.com
        rachel.clingman@sutherland.com
        sean.jordan@sutherland.com

lisa.demsky@mto.com
daniel.levin@mto.com
susan.nash@mto.com

By:  /s/ Edwin G. Preis
Edwin G. Preis, Jr.
PREIS & ROY PLC
Versailles Blvd., Suite 400
Lafayette, LA 70501
(337) 237-6062
        *and*
601 Poydras Street, Suite 1700
New Orleans, LA 70130
(504) 581-6062

By: /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
110 Poydras St., Suite 3700
New Orleans, LA 70163
Tel:  (504) 599-8194
Fax:  (504) 599-8154
Email: kmiller@frilot.com

John M. Elsley
ROYSTON, RAYZOR, VICKERY & WILLIAMS
LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 224-8380

**Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2013, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

 /s/ Kerry J. Miller
Kerry J. Miller