UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: "DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * | MDL NO. 2179 SECTION: J |
| This Document Relates to: 13-456 | * * * | Judge Barbier Mag. Judge Sushan |

*************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO SEVER FOR EXPEDITED TRIAL TO DETERMINE PLAINTIFF'S RIGHT TO CURE BENEFITS**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Michael Vickers, who submits this Memorandum in Support of Motion to Sever for Expedited Trial to Determine Plaintiff's Right to Cure Benefits based upon the following:

**FACTS**

Plaintiff, Michael Vickers, was working for Knight's Marine & Industrial Services, Inc.'s (Knight's) as a deckhand aboard the vessels owned and/or controlled by Knight's between July 1, 2010 and August 6, 2010, Plaintiff was employed by Knight's as a foreman to assist in the Deepwater Horizon clean-up and response activities. Knight's was subcontracted by an entity hired by BP to assist in the clean-up and remedial efforts. In this capacity, Plaintiff was exposed to oil and dispersants. As a result of the exposure Mr. Vickers has become ill and is in need of

1

medical treatment.   (see attached reports of the treating physicians en global ex. 1). The plaintiff filed suit thereafter on March 8, 2013.

## LAW AND ARGUMENT

**I. Plaintiff is a Jones Act seaman and is entitled to maintenance and cure until he reaches maximum medical improvement**.

A seaman who becomes sick or injured while in service to a vessel has a common law right to maintenance payments to cover the cost of his food and lodging. *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962). The right to maintenance and cure is to be construed liberally and has consistently expanded its scope; doubts or ambiguities relating to the right must be resolved in favor of the seaman. *Vaughan*, 369 U.S. at 531-34. A seaman is entitled to maintenance - the reasonable cost of food and lodging in his locality, provided he individually has incurred the expense. *Incandela v. Am. Dredging Co.*, 659 F.2d 11, 14 (2d Cir.1981); see also *Hall v. Noble Drilling (U.S.) Inc*., 242 F.3d 582, 587-88 (5th Cir.2001). A seaman is entitled to cure - the costs of medical treatment. *Guevara v. Maintenance Overseas Corporation*, 59 F.3d 1496, 1499 (5thCir.1995). Seamen are entitled to maintenance and cure benefits until they reach the point of maximum medical improvement. *Lodrigue v. Delta Towing, L.L.C.*, 2003 WL 22999425 (E.D. La.) (Vance, J.), citing *Breese v. AWI Inc.*, 823 F.2d 100, 104 (5th Cir.1987).

In *Morales v. Garijak, Inc*., the 5th Circuit reiterated the Court's intolerance for defendants in choosing to avoid/delay their maintenance obligations:

> A recalcitrant shipowner may not unreasonably withhold maintenance and cure. There is an escalating scale of liability:
> a shipowner who is in fact liable for maintenance and cure, but who has been reasonable in denying liability, may be held liable only for the amount of maintenance and cure.
> If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for compensatory damages.
> If the owner lacks not only a reasonable defense but has exhibited callousness and indifference to the seaman's plight, he becomes liable for punitive damages and attorney's fees as well.

*Morales*, 829 F.2d 1355, 1358 (5th Cir.1987).

In the instant case, plaintiff, Michael Vickers, is a Jones Act seaman who became ill during his employment with Knight's. At the time of his exposure Between July 1, 2010 and August 6, 2010, Plaintiff was employed by Knight's as a foreman to assist in the Deepwater Horizon clean-up and response activities. Knight's was subcontracted by an entity hired by BP to assist in the clean-up and remedial efforts. In this capacity, Plaintiff was exposed to oil and dispersants. . Plaintiff's Jones Act status is disputed, and accordingly, if he is found to be a seaman he will be entitled to maintenance and cure benefits until he reached maximum medical improvement, as opined by a physician of his choice.

Plaintiff's treating physicians have issued reports that document that Mr. Vickers had been ill since a short time after he was exposed. A demand for cure was sent to Knight's on February 15, 2013 (see attached letter ex.2)  Despite Knight's absolute obligation to pay for Mr. Vicker's

3

treatment under its cure obligation, it has refused. Because of the plaintiff's dire need for the recommended treatment, he has been forced to file the instant motion in the hopes that this Court will intervene and compel the defendant to fulfill its cure obligations.

**II. The factors to determine whether the plaintiff should be entitled to a severed, expedited trial to determine cure benefits weigh heavily in favor of the plaintiff.**

Courts have liberally granted plaintiffs' motions for severed, expedited trials to determine entitlement to maintenance and cure. *Lodrigue v. Delta Towing, L.L.C.*, 2003 WL 22999425 (E.D. La.) (Vance, J.), *Morrison v. Barry Graham Oil Service*, 2001 WL 1543493 (E.D. La.) (Barbier, J.), *Martinez v. Edison Chouest Offshore, Inc.*, 2001 WL 6726 (E.D. La.) (Vance, J.), *Ponce v. Conoco Shipping Co.*, 1998 WL 560344 (E.D. La.) (Duval, J.), *In the Matter of the Complaint of Guidry & Gisclair, Inc*., 1996 WL 3913 (E.D. La.) (Livaudais, J.), *Matherne v. Cheramie Boat Rentals, Inc*., 550 F.Supp 1124 (E.D. La. 1982) (Cassibry, J.), *Campbell v. Teledyne Movible Offshore. Inc*., 714 F.2d 429 (5th Cir.1983) (affirming the severed, expedited maintenance and cure trial).

While a Jones Act seaman has a right to join his maintenance and cure claims with other general maritime law claims, he may separately sue for maintenance and cure, or, having already filed one suit, may request "severance of the maintenance (and cure) claim and an expedited trial of it by the court." *Martinez*, 2001 WL 6726 (E.D. La.) (Vance, J.), citing *Tate v. American Tugs, Inc*., 634 F.2d 869 (5th Cir.1981), *Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1959), *Fitzgerald v. United States Lines*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 270 (1963),

*Pelotto v. L & N Towing Co.*, 604 F.2d 396 (5th Cir.1979), *Caulfield v. AC & D Marine. Inc.*, 633 F.2d 1129 at 1133 (5th Cir.1981).

"In deciding whether to sever a maintenance and cure claim, courts consider the plaintiff's interest in an expediting trial of these issues, the proximity of the scheduled trial date, whether plaintiff has requested a jury trial, and whether the nonmoving party opposes the motion." *Marine Drilling Management Co. v. Scott,* 2003 WL 133218 (E.D. La.) (Engelhardt, J.) citing *Hampton v. Daybrook Fisheries, Inc.*, 2002 WL 1974107 (E.D. La.) (Vance, J.).

In the present case, the factors in determining whether the plaintiff is entitled to a severed, expedited trial on cure weigh heavily in favor of the plaintiff. First, plaintiff has a compelling interest in an expedited trial to determine his entitlement to cure benefits. Despite the fact that Knight's has received reports from the plaintiff's treating physicians Knight's refuses to pay for the plaintiff's recommended treatment. Plaintiff has filed the instant motion in an attempt to compel the defendant to honor its cure obligations to him. Thus, the plaintiff has a compelling interest in an expedited trial to determine his entitlement to cure benefits.

Second, plaintiff has not requested a jury trial. Plaintiff filed his Complaint specifically designating this case as a 9(h) judge trial. Thus, plaintiff has not requested a jury trial, and has specifically requested a bench trial under Federal Rule of Civil Procedure 9(h). No trial date has been set for any aspect of this case.

Third, Knight's has filed a controversion of workmen's compensation benefits in Mississippi. (See attached ex.3).According to this filing the defendant has no intention to honor its

maintenance and cure obligation to Mr. Vickers. The plaintiff has properly alleged that he is a seaman and therefore, the other factors strongly favor the plaintiff in granting the instant motion for a severed, expedited trial to determine his entitlement to cure. Thus, for these reasons and under the binding authority of the 5th Circuit in Tate v. American Tugs, this Court should grant the instant motion as plaintiff has a compelling right to sever his cure claims for trial on an expedited basis.

## CONCLUSION

Plaintiff is a Jones Act seaman and has an absolute right to maintenance and cure benefits in this case. The relevant factors weigh heavily in the plaintiff's favor and support granting a severed, expedited trial to determine his entitlement to cure. For these reasons and the reasons fully expressed above, plaintiff respectfully requests that this Honorable Court grant his motion for a severed, expedited trial to determine his entitlement to cure benefits.

Respectfully submitted,

 /s/ Timothy J. Falcon
Timothy J. Falcon, #16909
FALCON LAW FIRM
5044 Lapalco Boulevard
Marrero, LA 70072
Telephone: 504.341.1234
Facsimile: 504.341.8115
Email: tim@falconlaw.com
and

Allen W. Lindsay, Jr., Esq.,
Florida Bar Roll No. 104956
LINDSAY & ANDREWS
5218 Willing Street
Milton, FL 32570

Telephone: 850.623.3200<br>
Facsimile: 850.623.0104<br>
Email: awl@lal-law.com

*Attorneys for Plaintiff,*
*Michael Brandon Vickers*

## CERTIFICATE OF SERVICE

     I hereby certify that on June 17, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

                                      /s/ Timothy J. Falcon
                                      Timothy J. Falcon