# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br><br>*10-8888 and 10-2771* | * * * * | Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

## BP DEFENDANTS' MEMORANDUM IN OPPOSITION TO VARIOUS MOTIONS TO FILE SHORT FORM JOINDERS

More than 100 Motions for Leave to File Short Form Joinders (in effect, motions for leave to file claims past the monition period set by the Court) are pending. Many of these motions identify scores, if not hundreds, of claimants who have missed deadlines.[1] Now that the Phase 1 Limitation Act trial has occurred, the BP Defendants must oppose these tardy claims.

---

[1]  In Record Doc. No. 10279, the Court identified the following such motions: Record Doc. Nos. 8825, 8862, 8863, 8871, 8883, 8887, 8888, 8897, 8967, 8993, 8998, 9001, 9004, 9021, 9070, 9169, 9195, 9197, 9198, 9218, 9229, 9236, 9237, 9258, 9260, 9261, 9271, 9277, 9341, 9343, 9349, 9354, 9358-60, 9390-92, 9394-97, 9401, 9403-08, 9410, 9412-13, 9415-17, 9420, 9428, 9433, 9437, 9440-42, 9448, 9451-52, 9455-57, 9459, 9464-67, 9470-72, 9477-79, 9481, 9487, 9490-92, 9499, 9513, 9514-15, 9523, 9524, 9528, 9534, 9541, 9542, 9548, 9555, 9559, 9566, 9581, 9583-85, 9587, 9612, 9630, 9656, 9670, 9682, 9819, 9838, 10229, 10238-39, and 10259.  In addition, since entry of this Order, two additional such motions have been filed: Record Doc. Nos. 10317 and 10374.  The BP Defendants adopt the reasoning set forth in Transocean's Omnibus Response (Record Doc. No. 10399) opposing the various late claims in Limitation filed this date and submit this separate opposition as parties tendered to claimants under Rule 14(c).

The BP Defendants have been tendered to claimants by the plaintiffs-in-limitation under Rule 14(c) of the Federal Rules of Civil Procedure; thus, the BP Defendants have standing to oppose these motions. Prior Orders of the Court have extended the original monitions period from April 20, 2011, to September 16, 2011. And the Court entered its Order Noting Default of September 19, 2011. *See* Record Doc. No. 4041. Finally, the Limitation Act trial (Phase 1) took place from February 25 to April 17, 2013.

Notably, the movants have not cited any caselaw that supports the theory that Supplemental Admiralty Rule 4(f) allows late-filed claims in a limitation proceeding *after* the limitation trial has commenced. It follows, then, that at this late stage of the proceedings, a year and a half after the monitions period has closed, the movants should be required to show with a degree of particularity *why* they are so late. The Fifth Circuit in *River City Limitation Proceedings*, 2005 A.M.C. 2083, 2085 (5th Cir. 2005),[2] directs the district court to consider the reasons, supported by evidence, offered by the late filers for their tardiness. In each and every instance in the 100+ motions, movants simply recite boilerplate words such as "Claimants contacted counsel after the Court-established deadline seeking assistance in filing claims." *See, e.g.,* Record Doc. Nos. 9197, 10225, 10239, and 10259, Some motions do not even provide that degree of "evidence" (which in itself is already insufficient) to support their effort to file a late claim. *See. e.g.,* Record Doc. No. 8825.

In *River City*, the district court set a monition deadline of 60 days past the accident date. Late claimants attempted to join the limitation proceeding seven days late. The district court affirmed the magistrate judge's denial of the late claims; the Fifth Circuit affirmed that decision. Although the Fifth Circuit observed precedent that applies a three-part test to late claims

---

[2] *Citing Golnay Barge Co. v. M/V SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993).

(whether the action is pending and undetermined, whether the late claims will prejudice the adverse party, and the reasons given for the tardiness), the Court ruled based only on the late claimants' failure to provide specific reasons by way of affidavit to explain their lateness. *Id.* Indeed, the Court reasoned that actual *evidence* is required – by affidavit, and not simply recitations by counsel.

Like the late claimants in *River City*, movants here provide no evidence but rather rely on counsels' statements that somehow the claimants learned of the deadline after it had passed. No reasons are offered for the lack of awareness of this rather well-publicized legal proceeding, let alone unawareness of the specific Rule F notice that Transocean published; moreover, no reasons are offered why counsel waited until months later to file motions for leave to file late claims. Given the generous initial and extended monitions period here and the fact that the liability trial has already occurred, *River City* teaches that such efforts fall short.

Additionally, note that claimants who sit on the sidelines until after a trial or one phase thereof is completed are granted a potential advantage that it is inequitable to extend to them — the ability to see if they like how the trial or phase has unfolded, moving for leave to file past the monitions deadline if they do and attempting to pursue claims only against non-limitation defendants if they do not. Logically the monitions deadline is set prior to trial for a reason (embodied in the first *Golnay Barge* factor of whether the limitations action is pending and undetermined or not) and thus it is natural to preclude claimants from gaming the system and securing unfair advantages that claimants who played by the rules and met the monitions deadline did not possess.

Therefore, as in *River City*, the BP Defendants respectfully submit that the Court deny the pending motions for leave to file late claims.[3] Should the Court nonetheless allow these late claims to be filed, the BP Defendants request that it be done without prejudice to the BP Defendants rights to raise all appropriate defenses to the claims including (where applicable) lack of presentment under OPA, and all other defenses.

---

[3] The BP Defendants do not oppose the 13 motions for leave to amend pleadings identified in this Court's May 31 order (Record Doc. No. 10279, fn. 3).

Date:  June 17, 2013                                Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production Inc. and BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of June, 2013.

                                                                             /s/ Don K. Haycraft  
                                                                             Don K. Haycraft