UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | MDL No. 2179 |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | SECTION "J" |
| | * | |
| | * | JUDGE BARBIER |
| **This Document Relates To:** | * | MAG. JUDGE SHUSHAN |
| **12-970** | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF MOTION
TO AMEND MAY 20, 2013 ORDER AND RULES**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, BP Exploration & Production Inc. and BP America Production Company ("BP") respectfully request that the Court amend its May 20, 2013 Order Establishing Rules Governing Discretionary Court Review of Appeal Determinations ("Order") (Rec. Doc. 10185). BP respectfully submits that three clarifying amendments to the Rules Governing Discretionary Court Review of Appeal Determinations ("Rules") promulgated by the Order are necessary to protect the rights of claimants and BP under the Economic and Property Damage Settlement Agreement.[1]

First, BP respectfully requests that the Court amend the Rules to clarify that all requests for discretionary review, objections thereto, and Court orders regarding such requests will be docketed in the appropriate docket of the Court.[2] Ensuring that all filings and orders regarding requests for discretionary review are placed in the Court's docket is critical to maintaining further appellate rights of claimants and BP alike because, as a general matter, appellate courts

---

[1] On May 6, 2013, BP submitted comments on an initial draft of the Rules. *See* Exhibit 1 hereto. These comments are incorporated herein by reference. BP believes these comments already fully preserve its objections to the Order and thus BP does not waive any of its objections to those Rules contained in the Order. This Motion is focused exclusively on seeking amendments to the Order that would preserve ***predicate district court procedures*** necessary to fully protect BP's and claimants' rights of appeal to the Fifth Circuit concerning the Rules and their application.

[2] BP respectfully suggests that either the MDL 2179 or the *Bon Secour* docket would be suitable.

1

only review orders and materials that are in the District Court docket.[3]  Because the Settlement Agreement provides no limitation on BP's or claimants' appellate rights, BP and claimants are entitled to appeal from District Court orders entered under Section 6.6 of the Settlement Agreement to the same extent that they may appeal from any other order entered by the District Court.  *See, e.g.*, *Montez v. Hickenlooper*, 640 F.3d 1126, 1132 (10th Cir. 2011) ("Following the Second Circuit's reasoning in [*United States v.*] *International Brotherhood* [*of Teamsters*, 905 F.2d 610 (2d Cir. 1980)], we hold that we have the authority to review claims decided pursuant to a dispute-resolution mechanism established in a consent decree, so long as that decree does not contain a clear and unequivocal waiver of appellate rights.").  *Montez* was a case involving a class settlement.  There is nothing like a waiver of Fifth Circuit appeal rights of any kind present anywhere in the Settlement Agreement, let alone a "clear and unequivocal" waiver.  Nor is there anything inherent in the nature of discretionary judicial review that prevents appellate review by higher courts.  Indeed, just this term the Supreme Court granted *certiorari* and reviewed **on the merits** an Eighth Circuit decision that had declined to take up a discretionary appeal.  *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

     Second, BP respectfully requests that the Court amend the Rules to clarify that Rule 16 does not preclude a party from filing a request for discretionary review with regard to issues previously ruled on by the Court.  Rather, Rule 16 deems such requests for discretionary review denied by the Order.  Therefore, the Rules should be amended and clarified to state that parties may file a request for discretionary review on issues previously ruled on by the Court, that such requests must contain a clear notation that they are governed by Rule 16, that such requests will

---

[3] Appeals Coordinator David Duval initially advised that the Settlement Program would file "all Requests in the docket."  *See* Declaration of Daniel A. Cantor (attached hereto as Exhibit 2).  However, Mr. Duval subsequently advised that the Settlement Program would hold all filings in a "special folder" until further notice from the Court.  *Id.*

be filed in the appropriate Court docket, and that the clerk will promptly enter an order denying such requests. In the absence of the requested amendment, parties defending an appeal in the Fifth Circuit could wrongfully argue that an appeal from a specific discretionary review decision by this Court is limited to "new issues" and cannot involve consideration by the Fifth Circuit of issues resolved in prior requests for discretionary review resolved by this Court. Appealing parties are entitled to appeal to the Fifth Circuit the full range of issues arising out of any particular discretionary review decision rendered by this Court regardless of whether certain issues also previously arose in other discretionary review decisions involving different claimants.

Third, BP respectfully requests that the Court amend the Rules to clarify that parties may include exhibits appending record evidence with their requests for discretionary review and objections thereto. Inclusion of relevant record evidence is necessary to create the record in the Court's docket so as to permit further meaningful appellate review.[4]

Accordingly, BP respectfully requests that the Court amend the Rules as set forth above.

Dated: June 17, 2013                     Respectfully submitted,

                                              /s/ Richard C. Godfrey, P.C.

| | |
|---|---|
| James J. Neath | Richard C. Godfrey, P.C. |
| Mark Holstein | J. Andrew Langan, P.C. |
| BP AMERICA INC. | Wendy L. Bloom |
| 501 Westlake Park Boulevard | Andrew B. Bloomer, P.C. |
| Houston, TX 77079 | R. Christopher Heck |
| Telephone: (281) 366-2000 | KIRKLAND & ELLIS LLP |
| Telefax: (312) 862-2200 | 300 North LaSalle Street |
| | Chicago, IL 60654 |
| | Telephone: (312) 862-2000 |

---

[4] On May 31, 2013, David Duval advised that the Court would not accept Requests for Review that had any documents or exhibits attached. *See* Exhibit 2 hereto.

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone:  (202) 942-5000
Telefax:  (202) 942-5999

Jeffrey Lennard
Keith Moskowitz
DENTONS LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606
Telephone:  (312) 876-8000
Telefax:  (312) 876-7934

*OF COUNSEL*

Telefax:  (312) 862-2200

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Telefax:  (202) 879-5200

    */s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 662-5985
Telefax:  (202) 662-6291

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY*

4

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of June, 2013.

    /s/ Don K. Haycraft
    Don K. Haycraft