# Exhibit 1

**ARNOLD & PORTER** LLP

**Daniel A. Cantor**
Daniel_A_Cantor@aporter.com

202.942.5765
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

May 6, 2013

*VIA ELECTRONIC MAIL*

Michael J. Juneau, Esq.
Deepwater Horizon Claims Center
935 Gravier Street
New Orleans, Louisiana 70112

   Re: Draft Rules Governing Court Review of Appeal Panel Determinations

Dear Mr. Juneau:

  This letter responds to the draft rules concerning judicial review of appeal panel determinations under Section 6.6 of the *Deepwater Horizon* Economic and Property Damages Settlement Agreement that your office provided to the parties on April 29, 2013. Attached please find a redline containing proposed changes that track the legal analysis in this letter.

  Respectfully, BP has significant concerns with the draft rules that impact the rights of class members and BP. BP begins by focusing on the three most significant problems in the draft rules, and then follows with rule specific comments.

  *First*, the draft rules provide that once the District Court enters an order under Section 6.6, "[n]o party is afforded any right of further review under the terms of the Settlement Agreement." Draft Rule 28. BP respectfully submits that because the Settlement Agreement provides no limitation on BP's appellate rights, BP is entitled to appeal from District Court orders entered under Section 6.6 to the same extent that it may appeal from any other order entered by the District Court. *See, e.g.*, *Montez v. Hickenlooper*, 640 F.3d 1126, 1132 (10th Cir. 2011) ("Following the Second Circuit's reasoning in [*United States v.*] *International Brotherhood* [*of Teamsters*, 905 F.2d 610 (2d Cir. 1980)], we hold that we have the authority to review claims decided pursuant to a dispute-resolution mechanism established in a consent decree, so long as that decree does not contain a clear and unequivocal waiver of appellate rights."). *Montez* was a case involving a class settlement. There is nothing like a waiver of Fifth Circuit appeal rights of any kind present anywhere in the Settlement Agreement, let alone a "clear and unequivocal" waiver. Nor is there anything inherent in the nature of discretionary judicial review that prevents appellate review by higher courts. Indeed, just this term the

# ARNOLD & PORTER LLP

Michael J. Juneau, Esq.
May 6, 2013
Page 2

Supreme Court granted *certiorari* and reviewed **on the merits** an Eighth Circuit decision that had declined to take up a discretionary appeal. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

Most fundamentally, what is at issue in Section 6.6 is a process of *judicial* review. The Settlement Program has no authority as a matter of federal law or under the Settlement Agreement to place conditions upon how any party seeks to invoke judicial review in the supervising District Court.[1] Procedures in the District Court are governed first and foremost by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1. For that reason, the draft rules must be harmonized with the Federal Rules. BP has no objection to the suggestion that the Settlement Program will post documents in parallel to filings entered into the *Bon Secour* docket and the larger MDL 2179 docket for the convenience of unrepresented parties. But the draft rules as proposed go far beyond such steps and essentially seek to interpose the Settlement Program as a "middleman" between litigants seeking judicial review and their access to ordinary District Court processes. That is impermissible. Once the Settlement Program has issued a decision that goes unappealed or the Appeal Process has produced an Appeal Panel decision regarding a particular claim, the Settlement Program's role in the adjudicatory process is at an end. From that point forward, disappointed litigants may seek Article III review in accordance with the District Court's inherent jurisdiction, as acknowledged in Section 6.6, to "review any Appeal determination to consider whether the determination was in compliance with the Agreement." That process is not subject to modification by the Settlement Program or its vendors.

The Settlement Agreement confirms this understanding by limiting the Settlement Program's rulemaking authority to establishing procedural rules *for the Appeal Process* that is conducted by the Appeals Panel, not for the process of judicial review of Appeal Panel determinations. *See* Settlement Agreement § 6.3 ("The Settlement Program may establish additional procedures *for the Appeal Process* not inconsistent with Exhibit 25.") (emphasis added). Nothing in the Settlement Agreement even purports to grant the Settlement Program any authority over the process of judicial review. Given that the law requires that BP's appellate

---

[1] On their face, the draft rules purport to be rules of the Deepwater Horizon Claims Center pursuant to Section 6.3 of the Settlement Agreement. However, your electronic mail of April 29, 2013 states that the draft rules represent rules that "the Court is considering implementing." Several of the issues discussed herein, including the circumscribing of BP's appeal rights, are highly problematic regardless of what authority the draft rules are issued under. We respectfully note that while there might be certain scenarios where it would be permissible for the Court to seek the Settlement Program's administrative assistance with regard to the Section 6.6 review process, such a process would require a separate order by the Court establishing such a process, and would still require consistency with the terms of the Settlement Agreement, federal case law, and the Federal Rules of Civil Procedure. To the extent that the Court seeks to adopt these draft rules, the Court may also wish to put them out for public comment so that members of the class with pending or future claims may express their views on these rules.

**ARNOLD & PORTER** LLP

Michael J. Juneau, Esq.
May 6, 2013
Page 3

rights, including in the class settlement context as *Montez* holds, are preserved unless they were explicitly surrendered, the draft rules exceed the Settlement Program's mandate. Thus, even if the Settlement Agreement had purported to confer on the Settlement Program the authority to make procedural rules for the judicial review process (which it did not and could not do), the Settlement Program would have no authority to cut off BP's right to seek Fifth Circuit review of adverse District Court rulings on requests for judicial review. Just as the Rules Enabling Act's grant of procedural rulemaking authority does not permit the Federal Rules of Civil Procedure to modify the jurisdiction of federal district courts, *see* 28 U.S.C. § 2702(b) *and* Fed. R. Civ. P. 82, a grant of procedural rulemaking authority to the Settlement Program could not confer on the Settlement Program the power to override BP's jurisdictional rights of appeal to the Fifth Circuit.

Indeed, since the Settlement Program does not wield Article III power, the points above ring even more clearly and any contrary action by the Settlement Program would raise serious constitutional issues. When discretionary review is granted, Section 6.6 requires *de novo* District Court review. BP negotiated for that provision for a reason. *See generally United States v. Raddatz*, 447 U.S. 667, 673 (1980) (explaining why the Federal Magistrates Act, with its carefully drawn limits, is consistent with Article III and the Due Process Clause). No authority the Settlement Program has been granted allows the program the power to cut off appellate rights conferred under congressional statute under any guise including under a claimed power to craft new "procedures."

***Second***, perhaps because the draft rules erroneously assume that no Fifth Circuit appeals can be taken from determinations entered under Section 6.6, they fail to ensure that relevant filings and orders are entered on the civil docket so that such Fifth Circuit appeals might be taken where BP or class members deem that appropriate. *See generally* Draft Rules 7, 13, 19, 20, 27. Just as the Settlement Program (and the District Court) cannot cut off BP's Fifth Circuit appellate rights directly, as Draft Rule 28 proposes to do, the Settlement Program may not seek to reach the same result indirectly.[2] Because federal appellate precedent confirms BP's right to further review of the District Court's orders under Section 6.6 and thus of underlying Settlement Program decisions in cases where the District Court has declined discretionary review, all relevant documents — including, most importantly, orders entered by the District Court — must be entered on the civil docket of the *Bon Secour* action, No. 12-970 (E.D. La.), part of MDL 2179. In this regard, it bears noting that even if it were ultimately determined that BP is

---

[2]   *Cf. Hill v. Humphrey*, 662 F.3d 1335, 1367-68 (11th Cir. 2011) (States cannot "[p]rocedurally [e]viscerate" substantive rights because "[w]hat the state may not do directly it may not do indirectly.") (internal quotation marks omitted); *see also CAB v. Delta Air Lines, Inc.*, 367 U.S. 316, 328 (1961) (a federal agency cannot "do indirectly what it cannot do directly"); *Sibbach v. Wilson & Co.*, 312 U.S. 1, 10 (courts cannot use the Rules of Civil Procedure to "abridge, enlarge, []or modify … substantive rights, in the guise of regulating procedure") (internal quotation marks omitted).

**ARNOLD & PORTER LLP**

Michael J. Juneau, Esq.
May 6, 2013
Page 4

incorrect about the scope of its appellate rights, the Court of Appeals would still need access to the underlying court decisions and materials submitted to the Settlement Program in order to make that determination.  BP's request that all relevant materials be entered on the docket is also consistent with and indeed compelled here by the Federal Rules of Civil Procedure, which provide that the Clerk must enter all court orders on the docket, *see* Fed. R. Civ. P. 79(a)(2)(C), and must keep a copy of every appealable order, *see id.* Rule 79(b).

*Third*, these purported limitations on the parties' appellate rights notably prejudice not only BP, but also those of the Class.  Class member/claimant rights to take Fifth Circuit appeals should also not be cut off directly or indirectly.  Additionally, for the purpose of pursuing individual claims in the Settlement Program, many claimants are individually represented.  Thus, they should be afforded the right to file public comment on these rules before they are finalized.  *Cf.* Fed. R. Civ. P. 83 (permitting the issuance of local rules only after public notice and comment as long as such local rules are consistent with the Federal Rules of Civil Procedure).  It is also possible that such comments would bring out that there are different groupings of claimants that could take differing positions on the nature and scope of these draft rules — issues that would be obscured if public comment were not taken.  For the benefit of both BP and the Class, the draft rules should be opened to public comment and should be framed not to obstruct Fifth Circuit review of claims determinations.

*Rule-by-Rule Comments.*  Next, BP respectfully provides comments on several of the draft rules, on a rule-by-rule basis.  Generally, and especially where particular draft rules are not commented upon, the three general objections set forth above should be deemed incorporated by reference:

**Draft Rule 2.**  This rule defines the "Court" as the United States District Court for the Eastern District of Louisiana, i.e., this Court.  BP does not dispute that the Eastern District of Louisiana is the district court that performs the district court discretionary review of Appeals Panel decisions.  For avoidance of any doubt, BP notes that this fact in no way limits BP's right under the Settlement Agreement and federal statute to appeal to the Fifth Circuit.  In other words, the use of the term "Court" in Section 6.6 of the Settlement Agreement does not limit BP's further right of appeals, and the first sentence of this comment in no way subscribes to such an argument. [3]

---

[3]   At the BEL oral argument held on April 5, Class Counsel attempted to argue to the contrary from the definition of "Court" contained in the Settlement Agreement.  *See* Class Counsel's Slide Show for the preliminary injunction hearing held April 5, 2013, Slides 2-3 (citing Settlement Agreement Sections 4.3.4 & 38.40); *see also* Transcript at 40:8-18 (Apr. 5, 2013) (Mr. Herman arguing, if somewhat obliquely, that any planned BP attempt to go up to the Fifth Circuit on the BEL issue is "*ultra vires*" because the Settlement Agreement defines the court in which disputes about the agreement are to be resolved as the Eastern District of Louisiana).  This argument is unavailing.  Nothing in Sections 4.3.4 or Section 38.40 can be read to have the effect of waiving

# ARNOLD & PORTER LLP

Michael J. Juneau, Esq.
May 6, 2013
Page 5

*Draft Rule 4.* This draft rule accurately quotes Section 6.3 of the Settlement Agreement. However, we note that Section 6.3 does not empower the Settlement Program to create rules regarding judicial review, and certainly not to limit judicial review, to create new jurisdictional limitations, or to defeat existing rights expressly set down in the Settlement Agreement. As Section 6.3 of the Settlement Agreement provides (emphasis added), "[t]he Settlement Program may establish additional procedures for the Appeal Process *not inconsistent with Exhibit 25*." Exhibit 25 includes a recitation of Section 6.6, which recognizes the District Court's "[i]nherent [j]urisdiction" to review Settlement Program decisions. In other words, such jurisdiction would exist whether or not Section 6.6 had been explicitly adopted or not. And for the same reason, appellate jurisdiction over decisions of the District Court entered pursuant to its inherent authority similarly need not be restated explicitly in the Settlement Agreement in order to be operative. Fifth Circuit review is a background principle of federal statutory law that BP would need to surrender in clear and unmistakable terms in order for it to be rendered inapplicable. It is clear that BP did not do so in the Settlement Agreement.

*Draft Rule 5.* This draft rule accurately quotes Settlement Agreement Section 6.6. For purposes of clarity, BP notes that this provision in no way limits Fifth Circuit review.

*Draft Rule 7.* As discussed in the second general objection above, it is necessary that filings in connection with discretionary review, as well as all rulings thereon, be filed on the District Court docket. This draft rule appears to be contrary to this requirement.

*Draft Rule 8.* BP respectfully submits that the Federal Rules of Civil Procedure govern the process for discretionary judicial review, and that Rule 8 is inconsistent with the Federal Rules. *See* Fed. R. Civ. P. 1 ("***These rules govern the procedure in all civil actions and proceedings in the United States district courts***, except as stated in Rule 81.") (no Rule 81 exceptions apply here). Both BP and any claimants, since they are members of the *Bon Secour* class, are parties to MDL 2179. Filings any parties make to invoke or oppose Section 6.6 discretionary review thus must be made, both in terms of notice and service, in accord with the Federal Rules of Civil Procedure and existing MDL 2179 procedures that are not inconsistent with those rules.[4]

---

BP's rights of appeal to the Fifth Circuit and those provisions certainly do not constitute an unequivocal statement to that effect, as the Tenth and Second Circuits have required.

[4] *See, e.g., In re the St. Joe Co.*, No. 11-30410, Fifth Circuit Doc. # 00511565206 at 1 (5th Cir. Aug. 8, 2011) (unpublished per curiam order) (granting a writ of mandamus against the District Court's establishment of an MDL 2179 procedure in violation of Federal Rule of Civil Procedure 41(a) and rejecting the argument that

# ARNOLD & PORTER LLP

Michael J. Juneau, Esq.
May 6, 2013
Page 6

***Draft Rule 9.***  Similarly, the Federal Rules of Civil Procedure govern the computation of the times and dates of submissions.  *See* Fed. R. Civ. P. 6.

BP also notes that Draft Rule 9 attempts to establish that judicial review filings are to be judged timely filed based on the local time "of the submitting party."  This contravenes Rule 3 of the ECF procedures in this District, and also is inconsistent with Section 18.1 of the Settlement Agreement concerning settlement dispute resolution by motion, which entitles BP to make motions and related filings concerning discretionary judicial review up until midnight Central time.  *See* Eastern District of Louisiana, Administrative Procedures for Electronic Case Filing (Oct. 2012) ("Filing must be completed before midnight local time ***where the court is located*** in order to be considered timely filed that day.") (emphasis added); *see also* Fed. R. Civ. P. 77(a) ("When Court Is Open.  Every district court is considered always open for filing any paper, issuing and returning process, making a motion, or entering an order.").

***Draft Rule 10.***  BP agrees that to invoke judicial review pursuant to Section 6.6 of the Settlement Agreement, it is first necessary for a party to complete the underlying appeal panel process.  We note, however, that the Settlement Agreement provides for other, separate avenues of judicial review -- including without limitation pursuant to Section 4.3.4 and 18.1-.2 -- and Section 6.6 does not limit these other avenues. [5]

---

MDL's are somehow unique and require relaxation of Rule 41(a)); *see also* Fed. R. Civ. P. 83 (permitting the issuance of local rules only after public notice and comment as long as such local rules are consistent with the Federal Rules of Civil Procedure).

[5]  For this reason, the Settlement Program cannot adopt a rule that includes either the language or the concept of "exhaustion," since that would imply that Section 6.6 discretionary judicial review processes are the exclusive way in which disputes can be brought to the District Court for judicial review.  The Settlement Agreement does not create such an exhaustion requirement.  *See* Fed. R. Civ. P. 83(b) ("A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules.  No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.") (nothing in Sections 2072 or 2075 bear on this issue).  Additionally, attempting to establish an exclusive exhaustion requirement would be substantive and not procedural in nature and for that reason alone would violate the boundaries of Section 6.3 of the Settlement Agreement.  *See, e.g., Cox v. Harris*, 60 Fed. App'x 685, 686 (9th Cir. 2003) (per curiam) ("We review de novo the district court's application of the substantive law governing exhaustion of administrative remedies …."); *Ray v. Kertes*, 285 F.3d 287, 292 (3d Cir. 2002) ("The principal question here is not the substantive one of whether exhaustion is required but the procedural issue of which party has the burden of pleading exhaustion or its absence."); *Mortell v. Mortell Co.*, 887 F.2d 1322, 1327 (7th Cir. 1989) (referring to "a substantive rule requiring exhaustion"); *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1482 (9th Cir. 1986) ("The trial court made no findings of fact or law on the 'failure to allege' issue, but ruled instead on the substantive exhaustion issue.").  Finally, even if an exhaustion requirement in those terms could be imposed by the Settlement Program it would need to include an exception for futility.  *See, e.g., Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 179 (2d Cir. 2013) (exhaustion doctrine carries with it a futility exception).

# ARNOLD & PORTER LLP

Michael J. Juneau, Esq.
May 6, 2013
Page 7

***Draft Rule 11.***  Draft Rule 11 claims the remarkable power to "stay any Court review or request for Court review" in certain circumstances.  The Settlement Agreement expressly provides for the right to request judicial review after completion of the appeals panel process.  Respectfully, the Appeals Coordinator has no power to limit or stay a party's exercise of this right.

***Draft Rule 12.***  This draft rule attempts to establish that judicial review "will be granted only in exceptional circumstances."  No such narrowing concept is present in the text of Section 6.6 and thus such a limitation cannot be imposed on BP, class members, or the Court.

***Draft Rule 13.***  As an initial matter, to the extent it represents a proposed rule of the Settlement Program, Draft Rule 13 imposes requirements on BP to undertake additional filings with the Settlement Program, inconsistent with the terms of the Settlement Agreement, before it can pursue judicial review.  To the extent this draft rule represents a desire by the Court for the Settlement Program to assist with the administration of filings pursuant to Rule 6.6 of the Settlement Agreement, BP respectfully notes that it would be necessary to establish such a role pursuant to separate order so that there is a clear demarcation of Court action versus Settlement Program action.  Moreover, regardless of whether Rule 13 represents independent Settlement Program action or Court action, the draft rule also improperly refers to judicial review as subject to some kind of "extraordinary" standard.  No such language is present in Section 6.6. Additionally, even if Draft Rule 13 were otherwise proper, the procedures for initiating judicial review must permit the filing of the record with the District Court so that a proper and complete record properly transfers from the Settlement Program.

***Draft Rule 16.***  BP believes that the effect of this draft rule is that it would suspend payment of any monies pending District Court action on a request for judicial review.  Such a draft rule should clearly state such an intent, however, to avoid any ambiguity.

***Draft Rule 18.***  Instead of the Settlement Program "forward[ing]" claims to the District Court, BP or a claimant should be able, as the Settlement Agreement's reference to inherent District Court authority necessarily contemplates, to file directly in the District Court.  *See also* Settlement Agreement, Section 18.1 (disputes to be presented to the District Court by motion).

***Draft Rule 19.***  BP incorporates its two general objections above.  Because BP has a right to appeal to the Fifth Circuit, all filings and orders in connection with the District Court's discretionary review must be filed on the District Court docket.  It is improper to confine all paperwork filed in connection with Section 6.6 judicial review to the Settlement Program's websites and other files.

# ARNOLD & PORTER LLP

Michael J. Juneau, Esq.
May 6, 2013
Page 8

**Draft Rule 20.**  If judicial review is granted, notice should occur via the entry of an order entered on the 12-970 and MDL 2179 dockets in the ordinary course.  *See* Fed. R. Civ. P. 79(a)(2)(C) & 79(b).  Note as well that numerous other Federal Rules of Civil Procedure are based on the entry of a District Court judgment.  *See, e.g.,* Fed. R. Civ. P. 62(a) & (d).  BP cannot be deprived of the rights in such rules because the entry of judgment on the District Court docket is somehow blocked or averted.

**Draft Rules 21 and 22.**  Briefs on the merits when judicial review has been granted should be filed directly into the 12-970 and thus MDL 2179 dockets in the ordinary course and standard page limits for contested motions should apply.  *See* Local Rule 7.7 (page limit of 25 pages for opening briefs and 10 pages for reply briefs).  Many claims involve multi-million dollar awards, and the District Court often adjudicates cases involving lesser alleged damages under Rule 7.7 procedures.  Additionally, the parties should be able to request oral argument in accord with Local Rules 7.2 and 78.1, with such argument to be discretionary as those rules provide.

**Draft Rule 23.**  This draft rule is inconsistent with the terms of the Settlement Agreement.  Section 6.2 of the Settlement Agreement defines the record for purposes of the appeals process to include, among other things, "the complete record of the Claimant in the Settlement Program."  Yet, this rule appears to significantly limit what constitutes the record, which is impermissible.  *Cf. Foundation on Economic Trends v. Heckler*, 756 F.2d 143, 157 n.9 (D.C. Cir. 1985) (Skelly Wright, J.).

**Draft Rule 25.**  We respectfully incorporate our comments to Draft Rule 10.

**Draft Rule 26.**  The Draft Rule correctly states the applicable standard of review.  BP respectfully suggests that this standard should be enunciated by way of a separate court order rather than through the Settlement Program's draft rules.

**Draft Rule 27.**  As discussed above, it is essential that the District Court's orders, decisions, and other documents in connection with review pursuant to Section 6.6 be filed on the docket.  However, BP does not object, as it has noted above, to the duplicative filing of any judicial review documents onto the DWH Portal for the benefit of unrepresented claimants or the posting to the Settlement Program's website of redacted documents that protect claimant privacy concerns consistent with Federal Rule of Civil Procedure 5.2.

**Draft Rule 28.**  BP incorporates its first general objection above that Rule 28 is *ultra vires*.  The Settlement Program has no power to assert that the rulings of the District Court are final and beyond review.  The Settlement Program cannot control the legal effect of any body that sits above it, including the District Court and especially including the Fifth Circuit.  The

# ARNOLD & PORTER LLP

Michael J. Juneau, Esq.
May 6, 2013
Page 9

Fifth Circuit's jurisdiction was conferred by federal statutes, and, respectfully, neither the Settlement Program nor the District Court has any authority to override those congressional enactments.

\* \* \*

Although BP is properly concerned with fully protecting its rights (as well as those of claimants) to appeal to the Fifth Circuit, it respectfully acknowledges once again that the District Court's March 5 Order concerning the interpretation of the Business Economic Loss framework is binding on the parties and the Settlement Program unless and until reversed by the Fifth Circuit. *See* Rec. Doc. 9232; Apr. 5 Tr. at 56:14-15; *see also* Fifth Circuit Nos. 13-30315 & 13-30329 (pending consolidated appeals from the District Court's March 5 Order and other related orders). Accordingly, BP fully understands that the District Court may summarily deny many requests for judicial review filed by BP with no more than a simple citation to its March 5 and related orders. Nevertheless, because BP believes that it has a right to seek review beyond the District Court, BP respectfully sets out its legal position here that the draft rules concerning judicial review under Section 6.6 should not be written in a manner that improperly attempts to foreclose such review. BP also reserves all of its rights to seek alternative or concurrent review via Sections 4.3.4 and 18.1-18.2 of the Settlement Agreement.

Sincerely,

\s\

Daniel A. Cantor
Counsel for BP


CC:   Hon. Sally Shushan
      Class Counsel



# RULES GOVERNING COURT REVIEW OF APPEAL DETERMINATIONS

EFFECTIVE _____



# TITLE I:  GENERAL

**Rule 1.    Purpose of these Rules.**  These rules govern the process for Court review of appeal determinations under Section 6.6 and Exhibit 25 of the Economic and Property Damages Settlement Agreement ("Settlement Agreement") and Rule 22 of the Rules Governing the Appeals Process.  Section 18.1 also contemplates that disputes concerning the Settlement Agreement will come to the Court via motion.  Hence, these rules will apply to motions filed in the Court concerning judicial review under Section 6.6.  Local Rule 7 (and its sub-rules) will be applied as adapted to judicial review under Section 6.6.

**Rule 2.    Court.**  "Court" shall refer to the United States District Court for the Eastern District of Louisiana.  This definition is without prejudice to BP's right to take appeals to the Fifth Circuit concerning Section 6.6-related judgments or decrees by this Court.

**Rule 3.    Definitions.**  Unless otherwise defined in these rules, all capitalized terms shall have the meanings given to them in the Settlement Agreement. Unless otherwise noted, "Appeal Panel" shall be used throughout these rules to refer to a single-member Appeal Panel and/or a three-member Appeal Panel.

**Rule 4.    Authority to Establish Procedures.**  ~~Pursuant~~The Court has issued these rules pursuant to its inherent authority to review any determination of the Appeals Process as acknowledged in Section 6.~~3~~6 of the Settlement Agreement~~, "[t]he Settlement Program may establish additional procedures for the Appeal Process not inconsistent with Exhibit 25."~~

**Rule 5.    Authority to Permit Discretionary Court Review.**  Pursuant to Section 6.6 of the Settlement Agreement "[t]he Court maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the [Settlement] Agreement. Upon reviewing such a determination, the Court shall treat the Appeal determination as if it were a recommendation by a Magistrate Judge."  Section 18.1 also contemplates that "[a]ny disputes or controversies arising out of or related to the interpretation, enforcement or implementation of the Agreement and the Release shall be made by motion to the Court."

**Rule 6.    Appeals Coordinator.**  The Claims Administrator has appointed David Duval as the Appeals Coordinator to oversee the Appeals Process.  Mr. Duval's email address is: dduval@dheclaims.com.

**Rule 7.    Submission of Documents or Information**.

    (a) Unless otherwise provided in these rules, when BP, Class Counsel, or a claimant who is represented by counsel ("Represented Claimant") submits documents or information ~~to the Appeals Coordinator under these rules, submission means~~under these rules, submission means (a) filing the documents or information in the special Settlement Appeals Docket, No. ____, established as part of *Bon Secour Fisheries, Inc. v. BP Exploration & Production Inc.*, No. 12-970 (E.D. La.), which in turn is part of MDL 2179; and (b) posting the documents to the DWH Portal.  If at the time BP, Class Counsel, or a Represented Claimant attempts to submit the documents or information, the DWH Portal is nonfunctional, ~~it may~~

1

~~submit~~ such documents or information may be submitted to the Appeals Coordinator by electronic mail, US Mail or delivery to the office of the Appeals Coordinator.

~~Rule 8.~~(b)  When a claimant who is unrepresented by counsel ("Pro Se Claimant") submits documents or information to the Appeals Coordinator under these rules, submission means posting the documents or information to the DWH Portal or by submission of such documents or information to the Appeals Coordinator by electronic mail, US Mail or delivery to the office of the Appeals Coordinator. The Appeals Coordinator shall thereafter file the submitted documents or information in the special Settlement Appeals Docket.

(c)  The Settlement Appeals Docket shall be maintained by the Clerk of Court so as to establish sub-dockets for each claim for which judicial review is sought, with all submitted documents or information relevant to such claim filed in the relevant sub-docket.

~~Rule 9.~~Rule 8.   **Notice and Service**. When these rules require the Appeals Coordinator to give notice or serve any documents and/or information, notice and service shall mean (i) posting the relevant documents and information on the DWH Portal and/or sending the documents and information by US Mail~~. The~~; and (ii) filing the relevant documents and information in the appropriate *Bon Secour* sub-docket, *provided*, that the Appeals Coordinator shall also send such documents and information by US Mail to any Pro Se Claimant.  When these rules refer to service of any document or any party being served with a document, the date of service shall be the date such document was posted on the DWH Portal, filed in the *Bon Secour* sub-docket or, if mailed, the postmark date, whichever is ~~later~~latest.  When BP, Class Counsel, or a Represented Claimant make filings via ECF on the appropriate *Bon Secour* sub-docket, they shall comply with the applicable Federal Rules of Civil Procedure.

~~Rule 10.~~Rule 9.   **Computation of Time and Dates of Submission.**

(a) Any time period prescribed by these rules shall be computed in accordance with Rule 6 of the Federal Rules of Civil Procedure ~~subject to any further clarifications from~~.  In addition, if the Office of the Claims Administrator~~.  If~~ is closed on a deadline ~~under these rules falls on a Saturday, Sunday or a holiday, the~~ date, that deadline ~~is~~ shall be automatically extended ~~to~~until the ~~next~~end of the first business day~~.  Holidays are: New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day designated by~~ thereafter on which the Office of the Claims Administrator is open for business.

(b) Determining the Date of Submission.  Any document submitted ~~on~~to ECF, to the DWH Portal, or by email shall be considered submitted on the date uploaded or emailed at the local time of the ~~submitting party.~~ United States District Court for the Eastern District of Louisiana.  *See* Eastern District of Louisiana, Administrative Procedures for Electronic Case Filing (Oct. 2012), Rule 3 ("Filing must be completed before midnight local time where the court is located in order to be considered timely filed that day.") Documents submitted by mail shall be considered submitted on the

4

postmark date.  Documents submitted by overnight delivery shall be considered submitted on the date delivered to the carrier.  Documents submitted by personal delivery shall be considered submitted on the date of receipt.

~~Rule 11.~~Rule 10.   ~~Prerequisite for~~ Request for Court Review.  ~~No party may request~~ Requests for judicial review ~~by the Court unless that party has first exhausted~~will follow after the appeal procedures set forth in the Settlement Agreement and the Rules Governing the Appeals Process~~.~~ have terminated.

> **Formatted:** Font: Not Bold, No underline

~~Rule 12.~~Rule 11.   ~~Appeals Coordinator's~~ Discretion to Stay ~~Reviews.  The Appeals Coordinator has the discretion~~Pending Judicial Review of an Appeal Determination.  This Court has inherent authority to stay proceedings on any ~~Court~~ claim as to which judicial review ~~or request for Court review that presents a policy question or any issue that could give rise to inconsistent treatment among claimants until~~ has been sought.  In the event of any such stay, the ~~issue is resolved by the Court or by agreement of the parties.  The Appeals Coordinator~~Claim Process shall ~~notify the affected Appellant, Appellee~~be suspended in accordance with Rule 17, and ~~Class Counsel~~shall not resume, and no such Claim may be paid, until 14 (fourteen) days after the lifting or dissolution of any such stay.

### TITLE II:  DISCRETIONARY NATURE OF COURT REVIEW

~~Rule 13.~~Rule 12.   **Court Review is Discretionary.** The Settlement Agreement provides no right of automatic appeal to the Court.  Whether the determination of an Appeal Panel will be reviewed by ~~the~~this Court lies ~~solely~~ within the Court's discretion~~.  Review of an Appeal Panel determination will be granted only in exceptional circumstances~~.

### TITLE III:  ~~REQUESTING~~MOVING FOR DISCRETIONARY COURT REVIEW AND OBJECTING TO SUCH REQUESTS

**Rule 13.   ~~Request~~Motion for Review.**  To request discretionary review by the Court, BP, Class Counsel or Claimant ("~~Appellant~~Movant") must file in a *Bon Secour* sub-docket, submit ~~a Request~~to the Appeals Coordinator and, if not a pro se Claimant, serve on the opposing party ("Respondent") the following:

> ~~Rule 14.~~(a)   A Motion for Discretionary Review by the Court ("~~Request") to the Appeals Coordinator,~~Motion"), which shall ~~contain the following information and shall~~ not exceed three (3) double-spaced typewritten pages and shall contain the following information:

> **Formatted**

>> ~~(a)~~i.   A clear statement of how the determination by the Appeal Panel failed to comply with the Settlement Agreement and why the ~~extraordinary~~ relief of review by the Court should be granted in this instance; and

> **Formatted**

>> ii.   The relief sought; and

> (b) The Record on Motion for Review, which shall consist of the following:

>> i.   Movant's Brief to Appeal Panel in Support of Appeal;

4

      ii.  Respondent's Brief to Appeal Panel in Opposition to Appeal;

      iii.  The Claims Administrator's Summary of Review, if one was prepared;

      iv.  The decision of the Appeal Panel and its written opinion, if one was prepared;

      v.  The Initial and Final Proposals and supporting memoranda, as well as any *amicus* filings by Class Counsel submitted under the Rules Governing the Appeals Process; and

~~(b)~~   In the case of a pro se claimant who is not represented by counsel, the Appeals Coordinator shall promptly serve on the opposing party the items set forth in Rule 12 above.

**~~Rule 15.~~Rule 14.   Submitting ~~Request.~~** ~~Appellant must submit its Request~~**Motion.** Movant must file its Motion in the appropriate *Bon Secour* sub-docket and in the MDL 2179 docket and submit its Motion to the Appeals Coordinator within fourteen (14) days of being served with a Notice of Appeal Panel Decision in the Baseball Appeals process or a Post-Appeal Denial Notice in the Non-Baseball Appeals process.  The Appeals Coordinator shall serve the ~~Request on the opposing party.~~Motion on the opposing party when it is unrepresented; otherwise, the Movant shall make service by LexisNexis File and Serve pursuant to MDL 2179 procedures.

**~~Rule 16.~~Rule 15.   Submitting Objection to Request.**  ~~Appellee may submit an Objection to Appellant's Request ("Objection")~~**Submitting Opposition to Motion.**   If represented, Respondent may file its Opposition to the Motion ("Opposition) in the appropriate *Bon-Secour* sub-docket and in the MDL 2179 docket and submit its Opposition to the Appeals Coordinator within thirty (30) days of being served with a Notice of Appeal Panel Decision or a Post-Appeal Denial Notice.  The ~~Objection~~Opposition shall not exceed three (3) double-spaced typewritten pages.  ~~The~~ In the case of a pro se claimant who is not represented by counsel, the Appeals Coordinator shall promptly serve the ~~Objection~~Opposition on the ~~opposing party.~~Movant.

**Rule 16.   Submitting a Reply on a Motion**.  Movant may file and submit to the Court and, if not a pro se claimant, serve on the opposing party a Reply on Movant's Motion ("Reply") within five (5) days of being served with the Opposition.  The Reply shall not exceed two (2) double-spaced typewritten pages.  In the case of a pro se claimant not represented by counsel, the Appeals Coordinator shall promptly serve the Reply on the opposing party.

**Rule 17.   Suspension of Claim Process.** ~~The~~ The filing of a Motion in the *Bon Secour* sub-docket and in the MDL 2179 docket and the submission ~~of a Request~~ to the Appeals Coordinator of a Motion shall suspend the requirements for finalization of the claim process set forth in Rules 17(e) and 18(f) of the Rules Governing the Appeals Process as to the Claim that is the subject of the Motion, and no payment may be made in respect of such Claim, until fourteen (14) days after such time as the ~~Request~~Motion is denied ~~or Court review has been completed~~.

**Rule 18.   No ~~Request~~Motion Submitted.** If no ~~Request~~Motion has been filed and submitted into MDL 2179 and its appropriate *Bon Secour* sub-docket and to the Appeals Coordinator on or before the 15th day following service of the Notice of Appeal Panel Decision or a Post-Appeal Denial Notice, the Claims Administrator shall proceed with payment of the

4

claim in accordance with the Appeal Panel decision, or if the Appeal Panel denied the claim, the Claims Administrator shall close the claim.

**Rule 19.   Submission of Request and Objection to the Court.** The Appeals Coordinator shall forward the Appellant's Request and the Appellee's Objection to the Court.

### TITLE IV: DENIAL OF REQUEST

~~Rule 20.~~Rule 19.   **Denial of ~~Request~~Motion.** If the Court, in its discretion, elects not to conduct a review and denies the Motion, the Court shall ~~notify the Appeals Coordinator.  Upon such notice from~~enter that decision on the ~~Court,~~MDL 2179 docket and in the *Bon Secour* sub-docket as a final judgment in the case of the claimant at issue.  The Appeals Coordinator shall promptly give notice to the parties. The Claims Administrator shall then complete the requirements for finalization of the claim process as set forth in Rules 17(e) and 18(f) of the Rules Governing the Appeals Process.  Without prejudice to the inherent stay power referenced in Rule 11, the Movant may seek to invoke Federal Rule of Civil Procedure 62 to a resulting final judgment.

### TITLE V:  REVIEW BY THE COURT

~~Rule 21.~~Rule 20.   **Granting of Request.** If the Court, in its discretion, elects to conduct a discretionary review, the Court shall ~~notify~~ enter an order to that effect into the ~~Appeals Coordinator.  Upon such notice from~~appropriate *Bon Secour* sub-docket and the ~~Court, the~~MDL 2179 docket.  The Appeals Coordinator shall ~~give notice to the~~notify unrepresented parties ~~by serving a Notice~~ of any such orders.  Orders entered pursuant to this rule shall be captioned "Order Granting ~~of Request~~Motion for Discretionary Review by the Court~~.~~."

~~Rule 22.~~Rule 21.   **~~Appellant's~~Movant's Brief in Support of ~~Appeal~~De Novo Review.** Within twenty (20) days after being served with ~~a Notice of~~an Order Granting ~~of Request~~Motion for Discretionary Review by the Court, the ~~Appellant~~Movant must file in the relevant *Bon Secour* sub-docket and in the docket of MDL 2179, submit ~~a Brief in Support of Appeal~~ to the Appeals Coordinator~~.~~, and, unless they are a pro se Movant not represented by counsel, serve on Respondent a Brief in Support of De Novo Review.  Except with prior leave of court, ~~Appellant's~~Movant's Brief in Support of ~~Appeal~~De Novo Review may not exceed ~~ten (10~~twenty-five (25) double-spaced typewritten pages~~. The~~ consistent with the ordinary briefing limitations applicable in Local Rule 7.7.  If the Movant is proceeding pro se, not represented by counsel, the Appeals Coordinator shall promptly serve ~~Appellant's~~Movant's brief on ~~Appellee~~Respondent.

**Rule 22.   ~~Appellee's~~Respondent's Brief in Opposition to ~~Appeal.   Appellee~~De Novo Review.**  Respondent may submit a Brief in Opposition to ~~Appeal~~De Novo Review. Such brief must be filed in the relevant *Bon Secour* sub-docket and in the docket of MDL 2179, submitted to the Appeals Coordinator and, unless the Respondent is proceeding without an attorney, served on Movant within forty (40) days after being served with ~~a Notice of~~an Order Granting ~~of Request~~Motion for Discretionary Review by the Court.  Except with prior leave of court, ~~Appellee's~~Movant's Brief in Opposition to ~~Appeal~~ De Novo Review must not exceed twenty-five (~~5~~25) double-spaced typewritten pages~~. The~~ consistent with the ordinary briefing limitations

~~4~~

applicable in Local Rule 7.7. If the Respondent is proceeding pro se, without an attorney, the Appeals Coordinator shall serve ~~Appellee's~~Respondent's brief on ~~Appellant~~Movant.

**Rule 23.   Movant's Reply Brief in Support of De Novo Review.**  Within fifty (50) days after being served with a Order Granting Motion for Discretionary Review by the Court, the Movant must file in the relevant *Bon Secour* sub-docket and in the docket of MDL 2179, submit to the Appeals Coordinator, and, unless they are a pro se Movant not represented by counsel, serve on Respondent a Reply Brief in Support of De Novo Review.  Except with prior leave of court, Movant's Brief in Support of De Novo Review may not exceed ten (10) double-spaced typewritten pages consistent with the ordinary briefing limitations applicable in Local Rule 7.7. If the Movant is proceeding pro se, the Appeals Coordinator shall promptly serve Movant's Reply brief on Respondent.

~~Rule 23.~~Rule 24.  **Oral Argument**.  Oral argument shall be at the Court's option and can be requested in accord with Local Rule 78.1.  Requests for oral argument must be filed in the appropriate *Bon Secour* sub-docket and in the docket of MDL 2179.  The Appeals Coordinator shall notify unrepresented parties of an oral argument request by the opposing party.  Parties requesting oral argument shall serve represented parties via LexisNexis File and Serve in accord with MDL 2179 procedures.

~~Rule 24.~~Rule 25.  **Record on Court Review.**  The Record on Court Review shall consist of~~:~~ the items set forth in Rule 13(b) and, consistent with Settlement Agreement Section 6.2's reference to "the complete record of the Claimant in the Settlement Program," any other documents contained in the entire claims file for the relevant claimant, which shall be filed under seal in the appropriate Bon Secour sub-docket and in MDL 2179 by the Appeals Coordinator and in a public version consistent with Federal Rule of Civil Procedure 5.2.

> (a) ~~Appellant's Brief in Support of Appeal;~~
>
> (b) ~~Appellee's Brief in Opposition to Appeal;~~
>
> > (c) ~~The Claims Administrator's Summary of Review, if one was prepared;~~
>
> (d) ~~The decision of the Appeal Panel and its written opinion, if one was prepared; and~~
>
> (e) ~~The Initial and Final Proposals and supporting memoranda, as well as any *amicus* filings by Class Counsel submitted under the Rules Governing the Appeals Process.~~
>
> (f) ~~Any additional portions of the claims file specifically requested by the Court for review.~~

~~**Rule 25.   Record on Court Review Made Available to Court.** The Appeals Coordinator shall make the Record on Court Review available for review by the Court.~~

~~**Rule 26.   Issues for Review by Court.**  The issues for review by the Court shall be limited to those issues that were properly raised before the Appeal Panel.~~

4

~~Rule 27.~~**Rule 26.**  **Standard of Review.**  The decision of the Appeal Panel is subject to de novo review by the Court.

~~Rule 28.~~**Rule 27.**  **Decision of the Court**.  ~~Upon receipt of a~~The Court shall file its decision ~~by~~publicly (or with redactions as necessary, along with an under-seal version) in the ~~Court,~~relevant *Bon Secour* sub-docket and in the MDL 2179 docket.  The Appeals Coordinator shall also post such decision on the DWH Portal and provide notice to ~~Appellant, Appellee, and Lead Class Counsel~~unrepresented claimants.  The Claims Administrator shall then complete the processing of the claim consistent with the Court's decision.  The Claims Administrator shall also post the Court's decision in redacted form (redacted to remove personally identifying information~~)~~), if necessary, on the settlement program's public website.  The Court shall enter final judgment on the Claim unless the decision remands for further review and proceedings to be conducted by the Claims Administrator.

~~**Rule 29.**    **No Further Review**.  Decisions of the Court acting pursuant to these rules, whether the decision is one electing not to conduct a discretionary review, or one deciding the merits of an appeal, shall be final.  No party is afforded any right of further review under the terms of the Settlement Agreement.~~

4