UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 "J"(1) <br> JUDGE BARBIER <br> MAGISTRATE SHUSHAN |
| **THIS DOCUMENT APPLIES TO:** <br> **Case No. 12-311** | * * * | **JURY TRIAL DEMANDED** |

### LIBERTY INTERNATIONAL UNDERWRITERS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 7, 2013 ORDER AND FOR A STAY PENDING RECONSIDERATION

Liberty International Underwriters, Inc. ("LIU") submits this Reply in Support of its Motion for Reconsideration of the Court's June 7, 2013 Order and for a stay of the Order pending reconsideration by this Court and review by the district court. Cameron's Opposition did not and cannot establish that allowing discovery of an insurer's claim manual not in effect at the time the claim at issue comports with the law and evidence.

### II.   ARGUMENT

LIU has shown that the Court's order compelling production of the 2012 Manual, which was not adopted until months after this suit was filed, is contrary to fact and law.[1] In its opposition, Cameron has cited only a single case, *United States Fire Insurance Co. v. Bunge*

---

[1] *See, e.g., Cummins, Inc. v. Ace Am. Ins. Co.*, No. 09-00738, 2011 WL 130158, at *6 (S.D. Ind. 2011) (limiting discovery to "claims manuals that were obtained, used, referred to, or relied upon in considering, handling, addressing, analyzing, [or] responding to" plaintiff's claims); *Marion v. State Farm Fire and Casualty Co.*, No. 1:06cv969, 2008 WL 723976, at *4 (S.D. Miss. 2008) (limiting discovery of claim manuals to manuals that "applied to or governed plaintiffs' claim").

1

*North America*, 244 F.R.D. 638 (D. Kan. 2007), to try to support its argument that it is "of no moment" that the 2012 Manual was not "technically 'in effect'" at the time LIU adjusted Cameron's claim. Rec. Doc. No. 10395, at p. 4. *Bunge*, however, does not stand for such a broad proposition. In *Bunge*, the court found that manuals not in effect were discoverable primarily because they "could reveal the Insurers' guidelines for interpreting policy language or demonstrate how the Insurers' positions in this litigation are inconsistent with previous coverage decisions." *Id.* at 646. Thus, the manuals were relevant "for reasons unrelated to the actual 2010-11 handling of [the insured's] claims[.]" *Id.* Here, in contrast, Cameron contends that the 2012 Manual is relevant *solely* for reasons related to LIU's handling of Cameron's claim. Cameron does not claim that the 2012 Manual discusses interpretation of the pertinent policy provisions at issue; it does not. Accordingly, *Bunge* certainly does *not* establish that manuals adopted *after* a claim is adjusted are relevant to whether the insurer properly adjusted the claim during prior years.

Cameron also argues that it is entitled to explore whether Roberts adhered to what LIU considers "industry best practices" in adjusting Cameron's claim. Rec. Doc. No. 10395, at p. 4. Because the 2012 Manual documents industry best practices, Cameron contends, it is relevant and discoverable. Cameron is wrong. There has been no showing whatsoever that the 2012 Manual documented industry best practices followed *during the relevant time period* (April 2010 to December 2011). To the contrary, the 2012 Manual documented industry best practices *at the time it was adopted*, nearly two years after Cameron's claim arose and months after this suit was filed. At most, Cameron has shown that Ms. Rogin may have started drafting the 2012

Manual in late 2011 (more than a year after Cameron submitted its claim to LIU). But Ms. Rogin *did not recall* when she circulated the initial draft; and Mr. Engel unquestionably revised and added to the initial draft before it was finalized. *See* Exh. D (Rogin Depo.), at 62:12 to 64:12. Absent any showing that the 2012 Manual reflected industry best practices during the time period at issue, the Court should find that the 2012 Manual simply is not relevant and not discoverable.[2]

## CONCLUSION

The Court previously found that the 2012 Manual is "not responsive" to Cameron's requests 13 and 15. LIU has shown that this decision was legally and factually correct. Accordingly, LIU asks the Court to grant its motion for reconsideration and vacate the portion of its June 7 Order requiring production of the 2012 Manual.

---

[2] Cameron contends that Liberty has taken an inconsistent position by seeking to compel production of documents related to the 2012 amendment of the Cameron/Transocean Master Services Agreement. Liberty's position is *not* inconsistent. The documents Liberty seeks bear directly on the interpretation of the key contract provisions at issue, as well as Cameron's position concerning the meaning of the MSA's indemnity provisions, and could constitute admissions, among other things. Here, in contrast, the 2012 Manual indisputably *does not address* the meaning of the key policy provisions at issue or the claims handling practices during the period at issue.

875995

Respectfully submitted,

/s/ Judy Y. Barrasso
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

and

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Gary L. Pate, PRO HAC VICE
Federal I.D. 29713
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Attorneys for Liberty International
 Underwriters, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of June, 2013.

/s/ Judy Y. Barrasso

875995