UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *12-311* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

LIBERTY'S MOTION TO RECONSIDER (Rec. doc. 10358)

**GRANTED IN PART AND DENIED IN PART**

The appendix reflects the history of this matter.

Liberty described the applicable period for its search for written policies and procedures as the period between April 2010 and the filing of the suit on January 30, 2012. It reported that it had no responsive manuals. "Out of an abundance of caution. . ." it produced three documents for *in camera* inspection that it contended were not responsive. Rec. doc. 9714 at 1. On May 9, 2013, the Court reviewed Liberty's *in camera* submission of its "Casualty Claim Handling Best Practices" manual published 3/29/12 and updated 12/4/12 ("March 29, 2012 Claim Manual"). It was determined to be not responsive to Cameron's request for production nos. 13 and 15 because it was dated outside the applicable period. Rec. doc. 9845.

Cameron raised issues with Liberty's certification of compliance with the May 9 order. Rec. doc. 9959. Liberty and Cameron filed supplemental memoranda with deposition testimony from James Engel, Jessica Rogin and Jeffrey Roberts. Rec. docs. 10303 and 10305.

Based on Rogin's description of the preparation of a manual for claim handling, the Court concluded that the manual described by Rogin was relevant. On June 7, Liberty was ordered to produce the manual described by Rogan subject to the protective order. Rec. doc. 10332. At that

time the Court was not aware that the manual described by Rogan was the March 29, 2012 Claim Manual.[1]

Liberty moved for reconsideration of the June 7 order. The Court re-examined the March 29, 2012 Claim Manual and reviewed the deposition testimony of Engel, Rogin and Roberts submitted by Liberty and Cameron. The March 29, 2012 Claim Manual contains information that is relevant to the claims and defenses of the parties. Fed R. Civ. P. 26 (b)(1).

IT IS ORDERED that:

1. The motion of Liberty International Underwriters, Inc. ("Liberty") for reconsideration (Rec. doc. 10358) is GRANTED in PART and DENIED in PART.

2. **Within fourteen (14) calendar days of the entry of this order**, it shall produce the March 29, 2012 Claim Manual subject to the terms of the protective order.

3. In the absence of an order from District Judge Barbier staying this order, an appeal of this order shall not operate as an automatic stay of the order.

4. Liberty is not required to produce any amendments or revisions to the March 29, 2012 Claim Manual beyond the December 4, 2012 update. To this limited extent, Cameron's motion to reconsider is granted.

New Orleans, Louisiana, this 19th day of June, 2013.

                                                          **SALLY SHUSHAN**
                                                          **United States Magistrate Judge**

---

[1] The prior briefing on this has been extensive, yet none of it pointed this out to the undersigned. This has caused a waste of time and resources which are in short supply at this time. Counsel needs to conduct discovery and prepare the case for trial in an efficient and professional manner with a minimum of Court intervention.