## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Jorey Danos, Frank Howell, Patrick Poirson, James Morgan, Ronald Shearon, Patricia Rye, Daniel Hatcher, and David Hackney, Plaintiffs, <br><br> v. <br><br> BP America Production Company, *et al.*, Defendants. | CASE NO. _____ <br><br> On removal form the 25th Judicial District Court for the Parish of Plaquemines: Case No. 60-449. |

## BP'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 43 U.S.C. § 1349, Defendants BP America Production Company and BP Exploration & Production Inc. (collectively "BP"), hereby give notice and remove this case to the United States District Court for the Eastern District of Louisiana.

BP represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background and Procedural Requirements**

1. BP is a defendant in the matter styled "*Jorey Danos, Frank Howell, Patrick Poirson, James Morgan, Ronald Shearon, Patricia Rye, Daniel Hatcher, and David Hackney v. BP America Production Company, et al.*," pending in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, and bearing Case No. 60-449 ("State Court Action").

2. Plaintiffs filed their Petition for Damages ("Petition") on April 17, 2013; BP was served with process on April 23, 2013.

3.      This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

4.      Pursuant to 28 U.S.C. § 1446(a), BP attaches as Exhibit A hereto a copy of all process, pleadings and orders served on BP in the State Court Action.

## Original Federal Jurisdiction Exists Over the Petition Pursuant to OCSLA, the Federal Question Statute, and OPA.

5.      The first two grounds for removing the State Court Action to this Court relate to the fact that this lawsuit arises in connection with cleanup activities, organized under a complex body of federal statutes, that result from an oil spill occurring on the Outer Continental Shelf ("OCS" or "the Shelf") and thus are directly connected to drilling activities on the Shelf. Two jurisdictional consequences follow as a result: *First*, the State Court Action falls within the jurisdictional grant of the federal Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.* *Second*, the OCS is a federal enclave, meaning that all cases arising from events on the Shelf arise under federal law, even if that law borrows its substance from a neighboring State.

6.      The Petition states that "[t]hese cases arise from the April 20, 2010, loss of control of the Macondo well that was being drilled by the Deepwater Horizon drilling vessel . . . which caused it to sink and resulted in the discharge of significant amounts of oil that spread throughout the Gulf of Mexico . . . ." Pet. 8, ¶ 1.[1] At the time of the blowout, " the Deepwater Horizon was being operated by BP for the purposes of drilling an exploratory

---

[1]    Because Plaintiffs restart their paragraph numbering with every section heading, this Notice of Removal cites the Petition page and paragraph number.

well at the Macondo prospect on Mississippi Canyon Block 252 on the Outer Continental Shelf." *Id.* These exploratory operations occurred pursuant to a lease granted by the federal Minerals Management Service. *Id.*

7. Plaintiffs allege a host of negligent conduct with respect to the *Deepwater Horizon*'s operations on the Outer Continental Shelf ("OCS" or "Shelf"). For example, they assert that BP was "negligent in the selection of a casing material," *id.* 9, ¶ 5, "negligent in operations to install the float collar," *id.* 9, ¶8, "negligent in preparing the wellbore for cementing operations," *id.* 9, ¶ 9, "negligent in electing to utilize an unsafe cement job design," *id.* 9, ¶10, and "negligent in failing to utilize a casing hanger lockdown sleeve," *id.* 10, ¶ 17. *See also id.* 28, ¶ 7 (alleging an array of misdeeds related to the drilling operations at Macondo). Plaintiffs assert that as a result of these and other alleged breaches of duties owed to Plaintiffs, they suffered "injury, loss and damages." *Id.* 30, ¶ 10.

8. Following the Macondo blowout, "BP hired clean-up and response contractors . . . to clean up beaches, marshes, wetlands and other onshore areas." *Id.* 17, ¶ 1. Plaintiffs Danos, Howell, Morgan, Shearon, Hatcher and Hackney worked aboard vessels as part of the clean-up effort. *Id.* 18, ¶ 2. Plaintiff Rye is the wife of Plaintiff Shearon, *id.* 26 ¶ 1, and Plaintiff Poirson aided in the clean-up effort through the Vessels of Opportunity ("VOO") program, *id.* 22, ¶ 1. All Plaintiffs allege that they were exposed to crude oil from the Macondo well and chemical dispersants employed in the response efforts. *Id.* 19 ¶ 4 (Danos); 21 ¶¶ 2, 3 (Howell); 23 ¶ 3 (Poirson); 24 ¶ 1 (Morgan); 25 ¶¶ 3, 4 (Hatcher); 26 ¶1 (Shearon and Rye); 27 ¶ 2 (Hackney).

9. Plaintiffs also assert that BP's selection and use of chemical dispersants to break up oil in the Gulf of Mexico "amplified the toxic effects on and damages of cleanup workers . . . including the Plaintiffs named herein." *Id.* 17, ¶ 46.

10. <u>OCSLA Jurisdiction</u>: This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*. OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies *arising out of, or in connection with* (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1) (emphasis added).

11. OCSLA defines "minerals" to include "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including . . . any drilling." 43 U.S.C. § 1331(k).

12. On April 20, 2010, the date the oil spill began, the *Deepwater Horizon* was in the Gulf of Mexico working at the Macondo well. The Fifth Circuit recently noted that the *Deepwater Horizon*'s purpose was to "drill the Macondo well, which is located on the sea floor at Mississippi Canyon Block 252." *Center for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 418 (5th Cir. 2013). These operations were part of BP's "exploration and drilling operations in the Gulf of Mexico." *Id.* The Northern District of Florida reached a similar conclusion: "[w]hen it exploded, the *Deepwater Horizon* was operating on the outer continental shelf. Its operations were part of the exploration for, and intended development and production of, continental-shelf oil." *Phillips v. BP p.l.c.*, 2010 WL 3257737, at *1 (N.D. Fla. Aug. 17, 2010). Likewise, the Southern District of

Texas recently held that even lawsuits concerning securities filings which allegedly contained misrepresentations in connection with Shelf drilling activities fall within OCSLA's broad grant of federal jurisdiction. *See* Memorandum & Order, *In re: BP p.l.c. Securities Litigation*, No. 4:10-md-2185, Rec. Doc. 441 (S.D. Tex. filed Oct. 1, 2012) ("MDL 2185").

13. The State Court Action thus "aris[es] out of" and "in connection with" a drilling operation on the outer Continental Shelf. Plaintiffs concede as much when they state that "[t]hese cases ***arise from*** the April 20, 2010, loss of control of the Macondo well that was being drilled by the Deepwater Horizon . . . ." Pet. 8, ¶ 1 (emphasis added). Beyond the near-verbatim language of OCSLA's jurisdiction provision, Plaintiffs (with the exception of Rye) state that their work was part of the response to the *Deepwater Horizon* oil spill. *Id.* 18, ¶ 2; 22, ¶1. Moreover, all Plaintiffs claim to have suffered injuries resulting from exposure to crude oil from the blowout and chemical dispersants used in the response. *See supra* ¶ 8. As discussed above, the *Deepwater Horizon* was engaged in oil exploration at the time of the blowout. Thus the response effort, including "subsea and aerial application of chemical dispersants," *id.* 15, ¶ 34, arose out of and in connection with operations covered by OCSLA. This conclusion accords with courts throughout the Fifth Circuit. *See* Memorandum & Order, *In re: BP p.l.c. Securities Litigation*, No. 4:10-md-2185, Rec. Doc. 441 (S.D. Tex. filed Oct. 1, 2012); Order & Reasons, *Cutler v. BP*, No. 12-2019 (E.D. La. entered Oct. 4, 2012) (Barbier, J., denying motion to remand); *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2012*, 747 F. Supp. 2d 704 (E.D. La. 2010) (finding federal jurisdiction under OCSLA). After all, the sole reason for undertaking the clean-up effort was to eliminate oil and gas

flowing from the blown-out well and to comply with related obligations of federal law. The *Deepwater Horizon*'s operations at the Macondo well were unquestionably related to oil exploration, and that vessel is now sunk and resting on the seabed of the Outer Continental Shelf. As a result, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

14.    <u>Federal Question Jurisdiction</u>: This Court also has subject matter jurisdiction under 28 U.S.C. § 1331. This is for two reasons. ***First***, the Petition, on its face, brings a federal cause of action against BP under the Oil Pollution Act of 1990 ("OPA"). *See* Petition at 38, Count V, ¶¶ 1-11. Thus, Plaintiffs' own well-pleaded complaint presents federal questions. ***Second***, because the claims asserted arise in connection with a federal statute, namely, OCSLA, 43 U.S.C. § 1331 *et seq.*, and because claims involving federal enclaves like the outer Continental Shelf by their nature arise under federal law. Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves *unavoidably* involve federal and not state law, regardless of whether a plaintiff invokes federal law on the face of the complaint. Moreover, even if this were not true and even if Plaintiffs had not pleaded OPA claims on the face of their Petition, OCSLA claims are not subject to the well-pleaded complaint rule, pursuant to Fifth Circuit precedent. *Amoco Production Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988) ("In determining federal court jurisdiction, we need not traverse the Serbonian Bog of the well pleaded complaint rule . . . because § 23 of OCSLA expressly invests jurisdiction in the United States District Courts.").

15.    OCSLA not only provides that federal courts have original jurisdiction over all cases arising out of Shelf operations, it also directly specifies that federal law governs as a

substantive matter.  *See* 43 U.S.C. § 1333(a)(1).  Hence, federal question jurisdiction under 28 U.S.C. § 1331 inherently and unavoidably exists over claims that arise out of Shelf conduct without regard to claims made by plaintiffs that a source of law other than federal law, such as state or maritime law, controls.

16.     Plaintiffs' claims "arise under" federal law for purposes of removal under 28 U.S.C. § 1441(c) because OCSLA establishes a federal enclave on the Shelf.  Claims arising out of conduct within federal enclaves necessarily arise under federal law.

17.     <u>OPA Jurisdiction</u>:  The Petition also directly invokes federal court jurisdiction by citing 33 U.S.C. § 2717, OPA's jurisdictional provision.  *See* Petition at 8, ¶ 1.  *See also* 33 U.S.C. § 2717(b) ("Except as provided in subsections (a) and (c) of this section, the United States district courts shall have exclusive original jurisdiction over all controversies arising under this Act, without regard to the citizenship of the parties or the amount in controversy ….").  Subsection (a) of Section 2717 is irrelevant here and subsection (c) provides for concurrent state court jurisdiction but does not preclude the exercise of federal court jurisdiction over OPA cases.

**Plaintiffs' Challenges to Operations Conducted Under the National Contingency Plan Arise Under Federal Law.**

18.     As amended by OPA, the Clean Water Act charges the federal government with regulating responses to oil spills.  Because of the magnitude of the Deepwater Horizon spill, the federal government possesses exclusive authority to control oil spill responses.  "The President shall direct all Federal, State, *and private actions* to remove" a substantial spill. 33 U.S.C. § 1321(c)(2)(A) (emphasis added).

19.     The Clean Water Act also requires that the President prepare a National Contingency Plan ("NCP").  33 U.S.C. § 1321(d).  "Pursuant to these plans, a Federal On-Scene

Coordinator ('FOSC') will direct and coordinate *all* efforts at the scene of the discharge."

*Center for Biological Diversity*, 704 F.3d at 418 (emphasis added). Among its elements,

the NCP must include:

> A schedule, prepared in cooperation with the States, identifying —
>
> > (i) *dispersants*, other chemicals, and other spill mitigating devices and substances, if any, that may be used in carrying out the Plan,
> >
> > (ii) the waters in which such *dispersants*, other chemicals, and other spill mitigating devices and substances may be used, and
> >
> > (iii) the quantities of such *dispersant*, other chemicals, or other spill mitigating device or substance which can be used safely in such waters . . .

33 U.S.C. § 1321(d)(2)(G) (emphasis added).  As Judge Barbier noted in dismissing a

lawsuit against Nalco, "Corexit EC9527A and Corexit EC9500A have been listed on the

NCP Product Schedule since 1978 and 1994, respectively, and continue to be listed to

this day."  *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on*

*April 20, 2012*, Order & Reasons, No. 2:10-md-2179, Doc. 8037, at 14 (E.D. La. entered

Nov. 28, 2012).

20.     Plaintiffs attack BP's use of the same EPA-approved dispersants and allege that BP failed

in various other ways to comply with the NCP.  *E.g.,* Pet. 28, ¶ 7(e) (alleging that BP

"fail[ed] to conform to the provisions of the National Contingency Plan relating to the use

of aerial dispersants"), 30, ¶ 7(ff) ("recklessly using dispersants"), 16, ¶ 39 (alleging that

"BP refused to comply" with an order from the Environmental Protection Agency to use

different dispersants).   Each of these allegations implicates the federal CWA and

numerous federal regulations under the NCP.

21.     In fact, Plaintiffs concede that the thicket of federal statutes, including OPA and the

Clean Water Act, controls claims related to the cleanup: "The U.S. Coast Guard is

responsible for implementing many aspects of the OPA, including designating responsible parties . . . and supervising and/or coordinating response actions." *Id.* 13, ¶ 19. Following the spill, the Coast Guard designated BP a "responsible party," *id.* 13, ¶ 20, a designation that BP did not contest. Precisely by accepting that it was a responsible party, BP also accepted responsibility to fund and to conduct in accord with federal orders the very cleanup operations of which Plaintiffs complain.

**Jones Act Claims Are No Obstacle To Removal.**

22.   All Plaintiffs except Patricia Rye allege that their claims arise under the Jones Act. Pet. 41, ¶ 2.

23.   While Plaintiffs name a variety of entities as their Jones Act employers, *id.*, they cannot invoke the Jones Act against BP. As explained in the accompanying declaration of Cynthia Reyes Garcia, who was BP's Human Resources Manager in the Gulf of Mexico at the time of the Macondo blowout, "[d]uring at least the past five years, none of the following has ever been an employee of a BP entity: Jorey Danos, Frank Howell, Patrick Poirson, James Morgan, Ronald Shearon, Daniel Hatcher and David Hackney." Ex. B ¶ 6. Plaintiffs attempt to sidestep this fact by asserting that they may proceed against BP as a "borrowing employer" under the Jones Act, despite the fact that "BP did not own or operate the vessel[s] upon which plaintiffs were employed." Pet. 42, ¶ 5. Under Fifth Circuit law defining a "borrowed seaman," however, Plaintiffs cannot use this alternative theory to inoculate claims against BP against removal. *See Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1244 (5th Cir. 1988). Consistent with the holding in *Melancon*, BP did not "assume control over the employees of contractors." Ex. B ¶ 4. Finally, Plaintiffs were not on BP's payroll, and BP did not have the ability to terminate their

employment. *Id.* ¶¶ 7, 9. Plaintiffs do not allege any facts to support a contrary conclusion.

24. None of the Plaintiffs was a BP employee or a "borrowed seaman." Moreover, the Fifth Circuit has long recognized that a fraudulently pleaded Jones Act claim presents no bar to removal to federal court. *See, e.g., Burchett v. Cargill*, 48 F.3d 173, 175 (5th Cir. 1995).

25. In the absence of any facts supporting Plaintiffs' claim to have been borrowed seamen of BP, the affidavit of Cynthia Reyes Garcia establishes that Plaintiffs' Jones Act claims are fraudulently pleaded and thus do not bar removal. *See Meinhart v. Halliburton Energy Servs. Inc.*, No. H-11-0073, 2011 WL 1463600 (S.D. Tex. Apr. 4, 2011) (granting a stay to allow a case involving a Transocean worker on board the Deepwater Horizon rig to be transferred to MDL 2179, where Judge Barbier of the Eastern District of Louisiana has repeatedly upheld the application of OCSLA jurisdiction to *Deepwater Horizon*-related cases); *see also* Order & Reasons, *Cutler v. BP*, No. 12-2019 (E.D. La. entered Oct. 4, 2012) (Barbier, J., denying motion to remand); *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2012*, 747 F. Supp. 2d 704 (E.D. La. 2010) (finding federal jurisdiction under OCSLA).

## Venue and Removal Under 28 U.S.C. §§ 1441(a)

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Eastern District of Louisiana is the District and Division in which the State Court Action was pending.

27. This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Eastern District of Louisiana has original subject matter jurisdiction under 43 U.S.C. § 1349 and 28 U.S.C. § 1331.

28.     Removal is timely, as this Notice is filed within 30 days of BP's receipt of the Petition. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

**Effectuation of Removal**

29.     BP hereby removes this action to the United States District Court for the Eastern District of Louisiana.

30.     By filing this Notice of Removal, BP expressly consents to the removal.

31.     The consents of all Defendants are attached as Exhibit C.  BP notes that, to the best of its knowledge, several of the named Defendants have not been served in the State Court Action.  As such, their consents are not necessary for removal, but are attached as a precaution.

32.     BP need not secure the consent of Superior Labor Services, Inc. because Plaintiffs voluntarily dismissed all claims against Superior Labor in the State Court Action.  *See* Order To Voluntarily Dismiss Superior Labor Services, Inc. (issued May 7, 2013) (attached as Exhibit D).

33.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers, including the Petition, on file in the record of the State Court Action which are within the possession, custody and control of BP are attached as Exhibit A.

34.     The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

35.     Undersigned counsel certifies that a copy of this Notice of Removal has been served upon counsel for the Plaintiffs, attached hereto as Exhibit E.

36.    Undersigned counsel certifies that a notice of filing removal, along with a copy of this

Notice of Removal, will be promptly filed with the 25th Judicial District Court for the

Parish of Plaquemines, State of Louisiana, attached hereto as Exhibit F.

WHEREFORE, BP hereby removes this action to the United States District Court for the Eastern

District of Louisiana.

Respectfully submitted on May 22, 2013.

/s/ Devin C. Reid_____

Don K. Haycraft (Bar #14361)
Of Counsel:                                    Mark D. Latham, T.A. (Bar #19673)
                                               Devin C. Reid (Bar #32645)
Richard C. Godfrey, P.C.                       LISKOW & LEWIS
J. Andrew Langan, P.C.                         701 Poydras Street, Suite 5000
KIRKLAND & ELLIS LLP                           New Orleans, LA 70139
300 North LaSalle                              Telephone: (504) 581-7979
Chicago, IL 60654                              Facsimile: (504) 556-4120
Telephone:  (312) 862-2000                     dkhaycraft@liskow.com
Facsimile:  (312) 862-2200
richard.godfrey@kirkland.com                   ATTORNEYS FOR DEFENDANTS BP
andrew.langan@kirkland.com                     AMERICA PRODUCTION COMPANY AND
                                               BP EXPLORATION & PRODUCTION, INC.
Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeffrey.clark@kirkland.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 22, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have served this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Devin C. Reid

# EXHIBIT A

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO. $60-449$            DIVISION $A$

JOREY DANOS, FRANK HOWELL, PATRICK POIRSON, JAMES MORGAN, RONALD SHEARON, PATRICIA RYE, DANIEL HATCHER, AND DAVID HACKNEY

Versus

BP AMERICA PRODUCTION COMPANY, BP EXPLORATION & PRODUCTION INC., BP, P.L.C., TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC, TRITON ASSET LEASING GMHB, HALLIBURTON ENERGY SERVICES, INC., M-I, LLC, CAMERON INTERNATIONAL CORPORATION, ANADARKO E&P COMPANY LP, ANAKARKO PETROLEUM CO., MOEX OFFSHORE 2007 LLC, MOEX USA CORPORATION, NALCO COMPANY, NALCO HOLDINGS, LLC, NALCO FINANCE HOLDNGS, LLC, NALCO HOLDING COMPANY, PARSONS CORPORATION, AIRBORNE SUPPORT, INC, AIRBORNE SUPPORT INTERNATIONAL, INC., HEPACO, INC., T&M BOAT RENTALS, L.L.C., DANOS AND CUROLE STAFFING, LLC, CAPT VIE, L.L.C., AQUANAUT TOWING & SALVAGE, INC., EASON DIVING AND MARINE CONTRACTORS, INC., O'BRIEN'S RESPONSE MANAGEMENT, L.L.C., NORTHSTAR MARINE CORPORATION, FALCK ALFORD, SHAMROCK MANAGEMENT, LLC, TEAM LABOR FORCE, LLC, ES&H, INC., SUPERIOR LABOR SERVICES, INC., ADRIATIC MARINE,LLC, JULES MELANCON, INC., USA LABOR, LLC, USA ENVIRONMENTAL SERVICES, INC., WAM INDUSTRIES, INC. AND CAMERON INTERNATIONAL CORPORATION

APR 17 2013

DEPUTY CLERK

FILED: _____

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, JOREY DANOS,

ET AL., with their Complaint for Damages respectfully avers as follows:

## PARTIES

**PLAINTIFFS:**

1.  Plaintiff, Jorey Danos, a person of full age and majority who is a resident of Lafourche Parish, Louisiana.

2.  Plaintiff, Frank Howell, a person of full age and majority who is a resident and domiciliary of Lake County, Florida.

3.  Patrick Poirson a person of full age and majority who is a resident of Jackson County, Mississippi.

4.  Plaintiff, James Morgan, a person of full age and majority who is a resident of Sabine Parish, Louisiana.

5.  Plaintiffs, Ronald Shearon and his wife, Patricia Maria Rye, persons of full age and majority and their minor children, who reside in Lafourche Parish, Louisiana.

6.  Plaintiff, Daniel Hatcher, a person of full age and majority who is a resident of Hinds County, Mississippi.

7.  Plaintiff, David Hackney, a person of full age and majority who resides in Marshall County, Tennessee.

**DEFENDANTS:**

1.  Defendant, BP EXPLORATION & PRODUCTION INC., a Delaware corporation at all pertinent times registered to do and doing business in the State of Louisiana, whose principal business establishment and registered business office in Louisiana is 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 and whose agent for service of process is C.T. Corporation, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808. BP EXPLORATION & PRODUCTION INC. was a leaseholder and designated operator of the Macondo well from which the oil spill originated upon which this complaint is based and was designated as a responsible party by the U.S. Coast Guard under the Oil Pollution Act of 1990, 33 U.S.C. § 2714.

2.  Defendant, BP AMERICA PRODUCTION COMPANY, a Delaware corporation at all pertinent times registered to do and doing business in the State of Louisiana, whose principal business establishment and registered business office in Louisiana is 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 and whose agent for service of process is C.T. Corporation, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808. BP AMERICA PRODUCTION COMPANY was party to the contract for the drilling of the Macondo well by the Deepwater Horizon vessel with Transocean, Ltd.

3.  Defendant, BP, P.L.C., a foreign corporation at all pertinent times doing business in the State of Louisiana and within this district through control of its wholly-owned subsidiaries BP Exploration & Production, Inc. and BP America Production Company (collectively "BP").

4.  Defendant, TRANSOCEAN LTD., a foreign corporation at all pertinent times doing business in the State of Louisiana and within this district.

5.  Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., a Delaware corporation at all pertinent times doing business in the State of Louisiana.

6.  Defendant, TRANSOCEAN DEEPWATER. INC., a Delaware corporation at all pertinent times doing business in the State of Louisiana.

7.  Defendant, TRANSOCEAN HOLDINGS, LLC, a Delaware Corporation at all pertinent times doing business in the State of Louisiana.

8.  Defendant, TRITON ASSET LEASING GMBH,.a foreign corporation at all pertinent times doing business in the State of Louisiana (collectively "Transocean" with Transocean Ltd, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., and Transocean Holdings, LLC).

9.  Defendant, HALLIBURTON ENERGY SERVICES, INC., a Delaware corporation at all pertinent times registered to do and doing business in the State of Louisiana whose principal business establishment in Louisiana is 1450 Poydras St., Suite 2070, New Orleans, LA 70112 and whose registered office in the state of Louisiana is 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 and whose registered agent in Louisiana is C.T. Corporation, 5615 Corporate Blvd., Suite 400B, Baton Rouge. LA 70808 (hereinafter "Halliburton").

10. Defendant, M-I, LLC, a Delaware limited liability company at all pertinent times registered to do and doing business in the State of Louisiana, whose principal business establishment and registered office in Louisiana is 8550 United Plaza Building II, Suite 305, Baton Rouge, LA 70809, and whose registered agent for service is Capitol Corporate Services, Inc., 8550 United Plaza Building II, Suite 305, Baton Rouge. LA 70809 (hereinafter "M-I").

11. Defendant, CAMERON INTERNATIONAL CORPORATION, a Delaware corporation at all pertinent times registered to do and doing business in the State of Louisiana, whose principal business establishment in Louisiana is #6 Holloway Blvd., Ville Platte. LA 70586 and whose registered office in Louisiana is 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 and whose registered agent in Louisiana is C.T. Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 (hereinafter "Cameron").

3

12. Defendant, ANADARKO E&P COMPANY LP, is a Delaware limited partnership at all pertinent times registered to do and doing business in the State of Louisiana, whose principal business establishment and registered office in Louisiana is 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 and whose registered agent in Louisiana is C.T. Corporation, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 (hereinafter "Anadarko").

13. Defendant, ANADARKO PETROLEUM CORPORATION CO., is a Delaware corporation at all pertinent times registered to do and doing business in the State of Louisiana, whose principal business establishment and registered office in Louisiana is 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 and whose registered agent in Louisiana is C.T. Corporation, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 (collectively "Anadarko" with Anadarko E&P Company LP).

14. Defendant, MOEX OFFSHORE 2007 LLC. is a Delaware corporation at all pertinent times doing business in the State of Louisiana (hereinafter "MOEX").

15. Defendant, MOEX USA CORPORATION, is a Delaware corporation at all pertinent times doing business in the State of Louisiana (hereinafter "MOEX").

16. Defendant, NALCO COMPANY, is a Delaware corporation at all pertinent times registered to do and doing business in the State of Louisiana, whose principal business establishment and registered office in Louisiana is 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 and whose registered agent in Louisiana is C.T. Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 (hereinafter "Nalco")

17. Defendant, NALCO HOLDINGS, LLC, is a Delaware limited liability company at all pertinent times doing business in the State of Louisiana through control of its wholly-owned subsidiary Nalco Company (collectively "Nalco").

18. Defendant, NALCO FINANCE HOLDINGS, LLC, is a Delaware limited liability company at all pertinent times doing business in the State of Louisiana through control of its wholly-owned subsidiary Nalco Holdings, LLC (collectively "Nalco").

19. Defendant, NALCO HOLDING COMPANY, is a Delaware corporation doing business in the State of Louisiana through control of its wholly-owned subsidiary, Nalco Finance Holdings, LLC (collectively "Nalco").

20. Defendant, PARSONS CORPORATION, is a Delaware Corporation with its principal place of business in California. The registered agent for service of process for PARSONS CORPORATION is The Trust Corporation, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

21. Defendant, AIRBORNE SUPPORT, INC., is a Florida Corporation doing business in the state of Louisiana, whose principal business office and registered office in Louisiana is 3626 Thunderbird Rd., Houma, LA 70363 and whose registered agent is Howard Barker, 3626 Thunderbird Rd., Houma, LA 70363 (hereinafter "ASI"). ASI participated in the post-explosion Oil Spill remediation and response efforts including involvement in the spraying or release of dispersant in Louisiana's Territorial Seas and Coastal Waters.

22. Defendant, AIRBORNE SUPPORT INTERNATIONAL, INC., is a Louisiana corporation, whose domicile address in Louisiana is 3626 Thunderbird Rd., Houma, LA 70363 and whose registered agent is Howard Barker, 3626 Thunderbird Rd., Houma, LA 70363 (hereinafter "ASI International"). ASI International participated in the post-explosion Oil Spill remediation and response efforts including involvement in the spraying or release of dispersant in Louisiana's Territorial Seas and Coastal Waters.

23. Defendant, HEPACO, INC. is a North Carolina corporation with its principal place of business in North Carolina with its domicile address of 2711 Burch Drive, Charlotte, North Carolina and its agent for service of process is The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana. HEPACO, INC. was at all pertinent times licensed and doing business in Louisiana with its principal business establishment in Louisiana address of 320 Somerulos Street, Baton Rouge, Louisiana. BP contracted with HEPACO to manage the handling and deployment of boom.

24. Defendant, T&M BOAT RENTALS, L.L.C., a Louisiana Limited Liability Company with a domicile address of 403 Woodburn Lane, berwick, Louisiana 70342. Its registered agent for service of process is Gerald J. Bourgeois, 1025 Victor II Boulevard, P.O. Box 1688, Morgan City, Louisiana 70381.

25. Defendant, DANOS AND CUROLE STAFFING, LLC, a Louisiana corporation with a domicile address of 13083 Hwy 308, Larose, Louisiana 70373. Its registered agent for service of process is Janell Ledet, 13083 Hwy 308, Larose, Louisiana 70373.

26. Defendant, CAPT VIE, L.L.C., a Louisiana Limited Liability Company with a domicile address of 166 West 139th Street, Cut off, LA 70345. Its registered agent for service of process is Levy J. Brunet, Jr., 166 West 139th Street, Cut off, LA 70345.

27. Defendant, AQUANAUT TOWING & SALVAGE, INC., d/b/a Sea Tow Destin, a Florida Corporation with its principal address of 11120 Lillian Hwy, Pensacola, FL 32506. Its registered agent for service of process is John Ward, Jr., 11120 Lillian Hwy, Pensacola, Florida 32506.

28. Defendant, EASON DIVING AND MARINE CONTRACTORS, INC., a South Carolina Corporation with its registered agent for service of process as Thomas D. Eason, 2668 Spruill Avenue, SC, 29405.

29. Defendant, O'BRIEN'S RESPONSE MANAGEMENT, L.L.C., a Louisiana Limited Liability Company with a domicile address of 1011 N. Causeway Blvd., Suite 3, Mandeville, LA 70471.

30. NORTHSTAR MARINE CORPORATION, a Delaware corporation. Its registered agent for service of process is National (USE 9083905), Keith Building City Plaza & State Street, Dover, DE 19901.

31. Defendant, FALCK ALFORD a Louisiana corporation with a domicile address of 209 Clendenning Road, Suite 2200, Houma, LA 70363 and its registered agent for service of process as Karl J. Zimmerman, 1100 Poydras Street, Suite 3600, New Orleans, Louisiana 70163.

32. Defendant, SHAMROCK MANAGEMENT, L.L.C., a Louisiana Limited Liability Company with a domicile address of 4800 Hwy. 311, Houma, Louisiana, 70360 and its registered agent for service of process as Jeffrey L. Trahan, 4800 Hwy. 311, Houma, Louisiana, 70360.

33. Defendant, TEAM LABOR FORCE L.L.C., a Louisiana Limited Liability Company with a domicile address of 1730 Coteau Road, Houma, Louisiana 70364. Its registered agent for service of process is Eddie N. Pullaro, 1054 West Tunnel Blvd., Houma, Louisiana, 70360.

34. Defendant, ES& H, INC., a Louisiana Corporation with a domicile address of 1730 Coteau Road, Houma, Louisiana 70364. Its registered agents for service of process are

Eddie N. Pullaro, 1054 West Tunnel Blvd., Houma, Louisiana, 70360 and Lawrence X. Boucvalt, III, 1730 Coteau Road, Houma, LA 70364.

35. Defendant, SUPERIOR LABOR SERVICES, INC., a Louisiana corporation with a domicile address of 8702 Park Avenue, Houma, LA 70364. Its registered agent for service of process is Dan Joseph Falgout, 8702 Park Avenue, Houma, LA 70363.

36. Defendant, ADRIATIC MARINE, LLC, a Louisiana Limited Liability Company with a domicile address of 3916 Highway 308, Raceland, Louisiana 70394. Its registered agent for service of process is Charles Faucheux, 3916 Highway 308, Raceland, Louisiana 70394.

37. Defendant, JULES MELANCON, INC., a Louisiana corporation with a domicile address of 170 Neptune Lane, Grand Isle, Louisiana 70358. Its registered agent for service of process is Jules Melancon, 170 Neptune Lane, Grand Isle, Louisiana 70358.

38. Defendant, USA LABOR, LLC, a Louisiana limited Liability Company with a domicile address of 2910 Hwy 1, Raceland, Louisiana 70394. Its registered agent for service of process is Pershing J. St. Pierre, Jr., 2910 Hwy 1, Raceland, Louisiana 70394.

39. Defendant, USA ENVIRONMENTAL SERVICES, INC., a Louisiana corporation with a domicile address of 2910 Hwy 1, Raceland, Louisiana 70394. Its registered agent for service of process is Pershing J. St. Pierre, Jr., 2910 Hwy 1, Raceland, Louisiana 70394.

40. Defendant, WAM INDUSTRIES, INC., is a Georgia corporation with its principal office address of 902 Mill Pond Dr., SE, Smyrna, Georgia. Its registered agent for service of process is Mark A Woods with an address of 2341 Hill St. NW, Atlanta, GA 30318.

41. Defendant, CAMERON INTERNATIONAL CORPORATION ("Cameron") is a Delaware corporation with its principal place of business in Houston, Texas. Cameron is registered to do and does business in the State of Florida. Cameron manufactured, designed, supplied, and/or installed the Deepwater Horizon's sub-sea emergency well-closure device known as a blowout-preventer ("BOP"), which is, and was at all material times, an appurtenance of the vessel and a part of the vessel's equipment. The Cameron-made BOP that was installed at the Macondo wellhead failed to operate as intended at the time of the blowout on April 20, 2010, was improperly designed, was inappropriate for the intended environment or use, and/or possessed product defects.

## JURISDICTION AND VENUE

1.    This Honorable Court has jurisdiction over state law claims and also has subject matter jurisdiction pursuant to the saving to Suitors Clauses of 28 U.S.C. § 1333 and 33 U.S.C § 2717.

2.    Proper venue lies in Plaquemines Parish pursuant to LA. Code of Civ. Proc. Art. 76.1 because this action relates to contracts that were executed in Plaquemines Parish and work related to the contract was performed in Plaquemines Parish. Specifically, Plaintiffs were employed aboard vessels operating out of Venice, Louisiana.

## FACTUAL ALLEGATIONS

1.    These cases arise from the April 20, 2010, loss of control of the Macondo well that was being drilled by the Deepwater Horizon drilling vessel and the related explosions on that vessel which caused it to sink and resulted in the discharge of significant amounts of oil that spread throughout the Gulf of Mexico over a period of more than three months. They also arise due to subsequent additional negligent acts and failure of reasonable care which occurred in Florida territorial waters.

   a)    At all times relevant to this action, the Deepwater Horizon, an ultra-deep water semi-submersible drilling rig, was leased to BP. At the time of its explosion on April 20, 2010, the Deepwater Horizon was being operated by BP for the purposes of drilling an exploratory well at the Macondo prospect on Mississippi Canyon Block 252 on the Outer Continental Shelf, south, west and north of Florida shores and waters.

   b)    The Macondo prospect was being explored pursuant to a ten-year lease, OCS-G32306, granted by the Minerals Management Services on June 1, 2008, and owned at the time of the explosion by BP. The lease allowed BP to drill for hydrocarbons and perform oil production-related operations in the Mississippi Canyon Block 252 area which includes the Macondo prospect. BP was designated the lease operator.

### The Blowout

1.    At approximately 10 p.m. on April 20, 2010, following cementing operations aboard the vessel Deepwater Horizon, workers were finishing drilling operations for the Macondo

well and displacing the drilling mud in the marine riser at the direction of BP in preparation for completion pursuant to BP's design, when they encountered an uncontrolled influx of highly pressurized hydrocarbons into the wellbore leading to a "blowout" or loss of control of the well.

2.  The combustible gas flowing uncontrolled into the wellbore traveled quickly up to the rig floor where it was ignited leading to a fiery explosion on the Deepwater Horizon.

3.  Defendant, BP was unable to regain control of the well and the fiery explosions onboard the Deepwater Horizon caused the vessel to be destroyed and sink to the bottom of the Gulf of Mexico.

4.  BP did not follow safe procedures, in order to save money, by electing to utilize a risky well design that provided for fewer barriers against hydrocarbon influx into the wellbore relative to well designs typically used in an unknown and troublesome formation like the Macondo prospect.

5.  Due to the depth of the Macondo well, BP was also negligent in the selection of a casing material that was vulnerable to collapse under high pressure. BP's negligence in well design and casing selection allowed for an increase risk of a blowout. BP knew or should have known of those risks but chose risk over increased costs.

6.  In addition to the casing-related problems, the float collar installed on the final section of casing likely failed to seal properly, which may have allowed hydrocarbons to leak into the casing, contributing to the April 20, 2010 blowout.

7.  A float collar is a component installed near the bottom of the casing string on which cement plugs land during the cementing job.

8.  Upon information and belief BP was negligent in operations to install the float collar and/or in neglecting warning signs of a potentially improper installation of the float collar.

9.  BP was negligent in preparing the wellbore for cementing operations which led to an increased likelihood that the cement job would fail and a blowout would occur.

10. BP was negligent in electing to utilize an unsafe cement job design that was unlikely to create a secure barrier against hydrocarbon influxes into the Macondo wellbore.

11. BP was negligent in the selection of an improper cement mixture that was susceptible to failure under the high pressures and temperatures typical in the Macondo well.

12.　Negligent cementing operations failed to isolate the well bore from hydrocarbon zones and seal the bottom of the well against an influx of gas. BP was negligent in failing to identify this bad cement job ignoring numerous warning signs in the process.

13.　Upon information and belief, the defective cement job allowed a pathway for highly pressured gas to enter the Macondo wellbore and travel rapidly from there to the rig floor.

14.　BP was negligent in the monitoring and design of the drilling mud program which failed to prevent hydrocarbons from flowing into the wellbore and up to the Deepwater Horizon.

15.　BP was negligent in the decision and design to displace the drilling mud from the marine riser before allowing time for the cement to fully set.

16.　BP was also negligent in conducting and monitoring the displacement operations, failing to recognize the many signs of trouble.

17.　BP was negligent in failing to utilize a casing hanger lockdown sleeve that would have stopped the hydrocarbons from escaping past the wellhead and reaching the rig floor.

18.　BP was negligent in failing to timely identify that hydrocarbons were entering the wellbore during displacement operations and in failing to initiate well control measures.

19.　After hydrocarbons reached the rig floor, the Blowout Preventers (BOP's) for the Deepwater Horizon, failed to activate as designed to prevent the continued uncontrolled flow of gas from the formation.

20.　The BOP utilized by BP was defective and unreasonably dangerous in their manufacture, design, and/or composition, and/or failed to contain adequate warnings and instructions.

21.　BP failed to ensure that the BOP design used on Deepwater Horizon was sufficient for the drilling conditions and program expected at the Macondo site.

22.　BP was negligent in failing to properly maintain the BOP's for the Deepwater Horizon in accordance with safe practices and federal regulations.

23.　BP failed to ensure that the BOP's possessed the necessary technology to properly function including adequate safeguards and redundant systems to prevent blowouts.

24.　BP failed to ensure that the BOP's and all related systems were properly tested to operational conditions and confirmed to be in good working order.

25.　BP was negligent in failing to properly utilize and maintain emergency systems and equipment on board the Deepwater Horizon or to supervise and/or inspect to assure same.

26.     Defendants' negligent actions and/or omissions caused the blowout of the Macondo well leading to the destruction and sinking of the Deepwater Horizon and subsequent uncontrolled discharge of oil into the Gulf of Mexico.

### Uncontrolled Discharge of Oil into the Gulf and Environmental Implications

After the sinking of the Deepwater Horizon, the well began to release, leak, and/or discharge oil directly into the Gulf of Mexico due to the failure of the well's cement and/or casing and the concurrent failure of the blow-out preventors.

1.     Defendant, BP, recklessly, willfully and/or wantonly failed to ensure that oil would be quickly and fully contained within the immediate vicinity of the Macondo well in the event of a blowout.

2.     The well discharged an estimated 50,000 to 100,000 barrels of oil into the Gulf of Mexico on a daily basis for at least 87 days.

3.     The United States government has estimated that approximately 5,000,000 barrels (210,000,000 gallons) of oil gushed into the Gulf of Mexico during the months that the well was uncontained with others estimating that the well discharged upwards of 7,000,000 barrels.

4.     Defendant, BP, willfully and/or wantonly failed to ensure that adequate safeguards, protocols, procedures and resources would be readily available to prevent and/or mitigate the effects of an uncontrolled discharge from the Macondo well into the Gulf of Mexico and to prevent injuring Plaintiffs.

5.     This massive release of oil contaminated thousands of square miles of waters in the Gulf as the well flowed uncontained for three months resulting in the ban of recreational and commercial fishing by the government in many areas during that time period.

6.     The oil discharged into the Gulf of Mexico from the Macondo well contained hydrocarbon molecules, carcinogens and other toxic pollutants including heavy metals which are extremely hazardous to the marine ecosystem in the Gulf of Mexico including into the environment where Plaintiffs work, live and enjoy the recreational activities of swimming, fishing and boating.

7.     After the explosions, BP attempted to downplay and conceal the severity of the Oil Spill. Government investigators have found BP's initial leak estimate of 1,000 barrels a per day

to be a fraction of its measured leakage amount, which in fact exceeded 50,000 barrels per day. Additionally, an internal BP document from around the time of the spill shows that the company's own analysis had actually estimated that the rate of oil spillage could reach 100,000 barrels, or 4,200,000 gallons, per day.

8.   Each day during the course of the Oil Spill, tens of thousands of barrels of crude oil gushed from the wellhead and broken riser, bubbling up to the surface and flattening out inot a widening slick of oil, as well as spreading out in vast subsurface plumes. On the surface, the shifting mass was large enough to be visible from outer spaces, at times covering tens of thousands of square miles, spreading with the wind and currents towards the Gulf States' coastlines.

9.   Beginning on or about April 30, 2010, oil made landfall along the Gulf Coast on white sand beaches, leased and privately owned subsurface areas, and in ecologically sensitive marshes and estuaries. Underwater, immense plumes of oil and dispersant chemicals swirled through the entire water column, damaging ecosystems throughout the Gulf of Mexico.

10.  The oil spewed from the well of twelve weeks until BP finally capped the well on July 15, 2010. Ultimately, almost five million barrels (210 million gallons) of crude oil spilled in the Gulf of Mexico.

11.  The crude oil carried with it significant public health risks. Crude oil has many highly toxic chemical ingredients that can damage every system in the body.

12.  Crude oil contains benzene and other volatile organic compounds ("VOCs") such as ethylbenzene, toluene, xylene and napththalene, polycyclic aromatic hydrocarbons ("PAHs"), diesel fumes and heavy metals such as aluminum, cadmium, nickel, lead and zonc, all of which can harm human health.

13.  Chemicals such as benzene, PAHs and many other chemicals in crude oil are toxic and volatile, moving from the oil to the air. Once airborne, they can blow over the ocean for miles, reaching communities far from the spill. They may be noticed as petroleum odors.

14.  Dermal exposure to certain VOCs in crude oil can cause, *inter alia*, redness, swelling, irritation, rashes and blisters on the skin and mucous membranes. Inhalation exposure to certain VOCs in crude oil can cause, *inter alia*, coughing, throat irritation, congestion, shortness of breath and wheezing. Inhalation exposure to other OVCs in crude oil can

also affect, *inter alia*, the nervous system causing, among other things, nausea, vomiting, dizziness, irritability, confusion, and weakness of extremities. Ingestion of food or water containing VOCs from crude oil can cause, *inter alia*, nausea, vomiting and diarrhea.

15. According to the Agency for Toxic Substances and Disease Registry ("ASTDR"), which is part of the U.S. Department of Health and Human Services, benzene is a known mutagen and carcinogen. Benzene in crude oil can cause a variety of health complications, including ventricular fibrillation, congestive gastritis, toxic gastritis, pyloric stenosis, myalgia, kidney damage, skin irritation and burns, swelling and edema, vascular congestion in the brain and lethal central nervous system depression.

16. A 2007 Centers for Disease Control review of benzene toxicity concluded that there is substantial evidence that benzene causes leukemia, aplastic anemia ( precursor of leukemia), chromosomal abnormalities in lymphocyctes and bone marrow cells, damage to the immune system, and abnormal development of blood cells. Long-term low-level oral and inhalation exposures to benzene have also caused peripheral nervous system abnormalities, distal neuropathy, difficulty sleeping and memory loss.

17. As noted by Dr. Lisa Kaplowitz of the U.S. Department of Health and Human Services in her June 15, 2010 testimony before Congress: "Oil can remain toxic in the environment for years."

18. THE OPA imposes liability upon a "responsible party for a ...facility from which oil is discharged ...into or upon navigable waters or adjoining shorelines" for the damages that result from such incident as well as removal costs. 33 U.S.C. §2702.

19. The U.S. Coast Guard is responsible for implementing many aspects of the OPA, including designating responsible parties, as well as responding to oil spills and supervising and/or coordinating response actions.

20. After the Oil Spill, the Coast Guard formally and/or informally designated, *inter alia*, Defendants BP Exploration and Transocean Holdings as "responsible parties" under the OPA.

21. In the wake of the disaster, and pursuant to its duties as a responsible party under the OPA, BP began implementing a program to attempt to prevent the gushing oil from reaching the shores of the Gulf States. This disaster response plan had three primary components: offshore containment; shoreline protection; and subsea response.

22. As part of its offshore containment response program. BP directed the use of vessels to. *inter alia*, recover coming to the surface of the Gulf of Mexico; skim oil from the surface of the water; and conduct *in-situ* burning of oil that reached the surface of the water. BP also employed vessels to tow and deploy booms – floating barriers intended to contain. deflect, or hold back oil floating in the water's surface.

23. In addition, BP's response plan included the use of chemical dispersants that were intended to break down the oil into finely dispersed droplets.

24. Dispersants generally contain a solvent, a surfactant and other additives that break up the surface tension of an oil slick or sheen to make the oil more soluble in water.

25. Among other dispersants, BP applied a highly toxic form of chemical dispersant called Corexit. BP used both Corexit®9500 and Corexit®EC9527A.

26. The Material Safety Data Sheet ("Data Sheet") – a form that sets forth the properties of a particular substance, including its toxicity and health effects – for Corexit®9500 indicates that it contains hazardous substances, that it is harmful to human health, and that dermal exposure, inhalation and ingestion should be avoided. The Data Sheet further states that Corexit® 9500 is an eye and skin irritant and may irritate the respiratory tract if inhaled. If ingested, it may cause chemical pneumonia.

27. The Data Sheet for Corexit ® EC9527A also indicates that it contains hazardous substances, it is harmful to human health, and that dermal exposure . inhalation and ingestion should be avoided. The Data Sheet further states that Corexit® EC9527A is an eye and skin irritant and, if inhaled, may irritate the respiratory tract. If ingested, it may cause liver and kidney effects and/or damage, or irritate the gastrointestinal tract. Acute exposure may cause adverse central nervous system effects. nausea, vomiting, anesthetic or narcotic effects.

28. In addition, Corexit ® EC9527A contains 2-butoxyethanol, also known as EGBE. Repeated or excessive exposure to EGBE may cause injury to red blood cells. the kidneys, and the liver. EGBE may be carcinogenic to humans. It is an eye, nose, and throat irritant. It can cause nausea, vomiting, diarrhea, and abdominal pain. Exposure to EGBE can also cause headaches. dizziness, lightheadedness and unconsciousness. Exposure to EGBE can damage a developing fetus, and chronic exposure may result in damage to male and female reproductive systems in animals.

29. Both of these Corexit® products also contain non-specified organic sulfonic acid salt, which is "moderately toxic," as well as propylene glycol, a chemical with solvent properties. Propylene glycol is an irritant and exposure to high levels of propylene glycol and mists containing this chemical can cause eye, nose, throat and lung irritation. Some individuals are allergic to propylene glycol and those with eczema may be at higher risk. Exposure may cause erythema, edema, induration, and other skin problems.

30. Upon information and belief, BP also authorized the application of other chemical dispersants, including PES51™ and OMI-500®, to near-shore and on-shore areas, as well as to contaminated vessels and containment equipment, to disperse the oil and clean vessels and equipment.

31. The Data Sheet for PES51™ indicates that it should be handled with gloves, that it is an irritant, and that dermal exposure and ingestion should be avoided.

32. The Data Sheet for OMI-500® indicates that it is harmful to human health and that dermal exposure, inhalation, and ingestion should be avoided. Among other effects, OMI-500® can be irritating to skin and eyes and may cause irritation of the respiratory tract, typically experienced as nasal discomfort and discharge, possibly with chest pain and coughing. Headache, nausea, vomiting, dizziness, and drowsiness may occur. Exposure may also cause mild to severe irritation experienced as discomfort or pain, excess blinking and tear production, possibly with marked redness and swelling of the conjunctiva.

33. In summary, the dispersants used by BP are known to cause, *inter alia*, headaches; nausea; vomiting; diarrhea; abdominal pains; dizziness; chest pains and tightness; irritation of the skin, eyes, nose, throat and lung; breathing difficulties and respiratory system damage; asthma attacks; hypertension; damage to the liver and kidneys; central nervous system depression; neurotoxic effects; damage to red blood cells; genetic damage and mutations; reproductive and developmental damage; immune system damage; cardiac arrhythmia; cardiovascular damage; and increased severity of chronic obstructive pulmonary disease.

34. Upon information and belief, immediately after the Deepwater Horizon disaster, on or about April 23, 2010, BP began subsea and aerial application of chemical dispersants to the resulting oil slick and sheens on the surface of the Gulf. Chemical dispersants have

been sprayed onto the ocean surface from aircraft that fly over spills and dispense the chemicals from cargo holds, sprayed onto the ocean surface from fountain-type jets on the docks of boats, sprayed from smaller vessels onto the surface of the water, injected immediately below the surface of the water from vessels, injected deep below the surface of the ocean, and sprayed by hand.

35. BP coordinated and directed aircraft owned and/or operated by others to fly out over the Gulf to spot oil slicks and to spray chemical dispersants on the surface of the Gulf.

36. According to the Aerial Dispersants Operations -- Houma Status Report, as of June 26, 2010, BP made use of at least 10 spray aircraft and 8 spotter aircraft. At least four spray planes left from Houma, Louisiana. At least six spray planes left from Stennis International Airport in Mississippi. Upon information and belief, aerial dispersant sorties also would leave from airfields in Florida and were conducted and orchestrated by BP.

37. On or about May 19, 2010, the U.S. Environmental Protection Agency ("EPA") Administrator directed BP to identify and begin using chemical dispersants less toxic than Corexit®.

38. In addition to the oil that was released by BP's Macondo well, BP directed over two million gallons of chemical dispersants to be sprayed, injected or otherwise released into Gulf waters. BP had injected at least 770,000 gallons of chemical dispersants directly into the damaged wellhead and otherwise directed its contractors to apply considerable amounts of chemical dispersants directly into the Gulf of Mexico.

39. On or about May 19, 2010, the U.S. Environmental Protection Agency (EPA) Administrator directed BP within 24 hours of issuance to identify and to change to chemical dispersants that are less toxic than those dispersants that BP had been using, including Corexit®. BP refused to comply and continued using dispersants of its choice.

40. On May 20, 2010, BP objected to this order and notified the EPA that it would continue using Corexit®.

41. BP's use of chemical dispersants then skyrocketed: on May 22, 2010, BP used 45,000 gallons of dispersant and on May 23, 2010, it used 70,000 gallons of dispersant.

42. Upon information and belief, BP stopped using Nalco's Corexit® 9527 on May 23, 2010, when supplies allegedly ran out. It relied on Corexit® 9500 thereafter.

43.     On May 26, 2010, the EPA directed BP to reduce the overall use of Corexit® by 75% and to stop using chemical dispersants on the water's surface except in rare cases where an exemption was sought in writing from and approved by the On Site Coordinator.

44.     BP thereafter sought more than 40 exemption requests to use chemical dispersants on the surface of the Gulf of Mexico. According to the Aerial Dispersants Operations -- Houma Status Report, by June 26, 2010, BP had applied 933,023 gallons of dispersant by aerial application. As of the same date, BP had ordered application of dispersant by 386 flights, or sorties, and had covered approximately 291 square miles of the Gulf with dispersant.

45.     To date, BP and its contractors have used more than 1.8 million gallons of chemical dispersants in the Gulf of Mexico.

46.     Defendant BP recklessly, willfully and/or wantonly failed to use ordinary care by electing to use chemical dispersants that are more toxic than others in the response efforts and thereby amplified the toxic effects on and damages of cleanup workers, tourists, and residents including the Plaintiffs named herein.

### Factual Allegations of Clean-Up and Response Workers: Jorey Danos, Frank Howell, Patrick Poirson, James Morgan, Ronald Shearon, David Hackney, Daniel Hatcher

1.     BP hired clean-up and response contractors, including defendants, HEPACO, INC., T&M BOAT RENTALS, L.L.C., DANOS AND CUROLE STAFFING, LLC, PARSONS CORPORATION, CAPT VIE, L.L.C., AQUANAUT TOWING & SALVAGE, INC., EASON DIVING AND MARINE CONTRACTORS, INC., O'BRIEN'S RESPONSE MANAGEMENT, L.L.C., NORTHSTAR MARINE CORPORATION, BOOM TECHNOLOGY, INC. AND MORAN ENVIRONMENTAL to clean up beaches, marshes, wetlands and other onshore areas. Clean-up workers' primary tasks were to, *inter alia*, lay and haul oil containment boom, install other barriers, collect tar balls, remove polluted sand contaminated with oil and/or dispersants, assist with *in-situ* burning, spray and clean vessels that came into contact with oil, dispersants, and other harmful chemicals resulting from the Oil Spill, decontaminate oiled wildlife, and transport contaminated boom and other clean-up equipment and other Clean-up Workers. Response workers were also hired as part of the Vessels of Opportunity Program and other offshore cleanup and response efforts. While offshore response workers worked and often lived aboard vessels engaged in oil-skimming and boom retrieval, containment and deployment activities, oil burning activities, and location of oil slicks.

17

2.      Plaintiffs Mr. Danos, Mr. Howell, Mr. Hatcher, Mr. Morgan, Mr. Shearon and Mr. Hackney were assigned to vessels that operated out of ports in Venice, Louisiana in Plaquemines Parish, LA.

3.      As part of these efforts, clean-up workers and response workers, including Plaintiffs, came into contact with crude oil, chemical dispersants and oil/chemical mixtures. Even more disturbing, BP's aerial spray planes negligently and/or intentionally sprayed chemical dispersants on the water despite the presence of boats and crew in the vicinity of the spraying.

4.      Upon information and belief, Plaintiffs were not outfitted with respirators or equivalent safety devices. Some attempted to use respirators while working, but BP and other Defendants prevented them from doing so and threatened them with loss of their clean-up jobs if they did not abide by the instruction.

5.      Plaintiffs working as clean-up and offshore response workers were exposed to oil and dispersants by, *inter alia*, inhalation, ingestion, dermal exposure, and through contact with the eyes from spray mist. Many of the chemicals in crude oil and the dispersants to which Plaintiffs were exposed target the organs in the human body, and this increases the risk and may also increase the severity of harm. The dispersants that were used also can increase the uptake or dose of crude oil chemicals and movement of chemicals into critical organs. Moreover, the odors emanating from the oil and/or the dispersants are foul, and the fumes are harmful.

6.      The negative health effects caused by exposure to oil, dispersants, and/or some mixture of the two are varied and can cause a wide range of diseases and conditions. Some of these diseases, conditions, and symptoms may be evident immediately or within several days, and others can appear months or years later.

### Factual Allegations Jorey Danos

1.      Jorey Danos was hired as a cleanup worker for the Deepwater Horizon oil spill disaster response and was employed in this work from on or about May 23, 2010 until on or about August 26, 2010. He was paid for his work by Defendants, Danos and Curole Staffing, L.L.C. and Captain Vie L.L.C. While providing oil spill disaster response work, Mr. Danos worked aboard a vessel owned and operated by Defendant, Captain Vie, L.L.C. The vessel to which Mr. Danos was assigned operated out of ports in Venice and Grand Isle, Louisiana.

2.      The vessel upon which Mr. Danos worked was charged with locating oil slicks, retrieval of oiled boom and crude oil and transportation of oiled boom and crude oil back to shore. While

employed as a cleanup worker, Mr. Danos removed absorbent boom that was saturated and contaminated with crude oil and dispersants. Mr. Danos also used buckets to scoop and remove crude oil and dispersants from the Gulf of Mexico. The absorbent boom, crude oil and dispersants that Mr. Danos and other crew members removed from the Gulf of Mexico were stored aboard the vessel. Mr. Danos lived aboard the vessel for the duration of his employment.

3. Based upon information and belief, Defendants Captain Vie, L.L.C., Danos and Curole Staffing, L.L.C. and the BP defendants failed to provide Mr. Danos with a respirator, mask or other protective equipment and failed to warn him of the toxic, harmful and deleterious health effects of exposure to crude oil and chemical dispersants via inhalation and dermal contact.

4. Based upon information and belief, Mr. Danos suffered toxic exposure to crude oil and chemical dispersants via inhalation, dermal contact and by contact with the eyes through dispersant spray mist. Based upon information and belief, Mr. Danos developed short-term and long-term negative health effects due to his occupational exposure as a cleanup worker for the Deepwater Horizon oil spill disaster. Mr. Danos' suffered from diarrhea, vomiting, nausea, severe stomach aches and abdominal pain, severe headaches, loss of appetite, a forty pound weight loss, skin rashes, fatigue, inability to sleep. Mr. Danos continues to suffer with seizures, sleep apnea, cognitive problems, memory problems, headaches, and fatigue.

5. Mr. Danos has been unable to work since on or about June 19, 2011. He lost his job after significant absences due to his health condition. He applied for and was awarded disability benefits. As part of his evaluation for disability benefits a licensed psychologist determined that Mr. Danos suffered from a cognitive disorder, neurological condition and visual impairments, low WAIS-IV scores due to neurocognitive changes.

6. Mr. Danos previously filed a claim for lost earnings and for medical expenses related to his illness with the Gulf Coast Claims Facility, but did not receive compensation. Mr. Danos issued a demand with supporting documentation pursuant to the Oil Pollution Act's presentment requirements for payment of present and estimated future medical expenses on or about January 18, 2012 to Defendants BP and Transocean Holdings, Inc. Mr. Danos satisfied all administrative requirements of 33 U.S.C. §§2713(a) & (b) by the submission of his claims to the Gulf Coast Claims Facility and to the BP defendants and Transocean Holdings, Inc. directly.

7. Mr. Danos opted out of the Deepwater Horizon Medical Benefits Settlement. Mr. Danos asserts the following claims: (1) negligence under general maritime law; (2) gross negligence

under general maritime law; (3) negligence per se under general maritime law, state and federal law; (4) claims under Louisiana nuisance law; (5) Jones Act or in the alternative under the Longshore and Harbor Workers' Compensation Act; (6) negligence, gross negligence and/or failure to warn under Louisiana, Mississippi Law; (7) Unseaworthiness under general maritime law; (8) Battery; (9) strict liability under general maritime law for design defect against defendant NALCO; (10) claims for economic losses under The Oil Pollution Act and (11) punitive damages

## Factual Allegations Frank Howell

1.      Plaintiff, Frank Howell, was employed as a cleanup worker as part of the Deepwater Horizon oil spill disaster response. On or about May 1, 2010 until May 28, 2010, Mr. Howell was employed by Defendant, Aquanaut Towing d/b/a Sea Tow Destin (hereinafter "Sea Tow Destin")and stationed in Destin, Florida. From May 1, 2010 until on or about May 28, 2010, Mr. Howell responded to marine assistance calls and organized Sea Tow franchises to respond to the oil spill with boats and crews. On or about May 28, 2010 until on or about June 9, 2010, Mr. Howell was employed by Sea Tow Destin and stationed in Mobile Bay, Alabama. While working for Sea Tow Destin in Mobile Bay, Mr. Howell operated vessels under the direction of Captain Robbie Cardin. Based upon information and belief, Mr. Howell's employer was contracted to Northstar Marine, Inc. and Northstar Marine, Inc.'s operations in Mobile Bay were managed by Captain Mike Jarvis. Sea Tow Destin's onsite operations, task assignments and safety meetings were managed by Captain Robbie Cardin. Based upon information and belief, Defendant Northstar Marine Inc.'s was contracted by Defendant O'Brien and the BP Defendants. While working for Sea Tow Destin in Mobile Bay, Alabama, Mr. Howell was assigned to a vessel that was tasked with locating oil slicks and reporting the location of slicks. Shortly after he began work in Mobile Bay, Mr. Howell developed respiratory problems, including trouble breathing and headaches. He reported these problems to Captain Robbie Cardin. Mr. Howell requested a respirator from his employer. At a safety meeting for all captains employed by Sea Tow, Destin, a HEPACO representative, Mr. Don Clark, told the captains that they would be fired if wore respirators or requested respirators. During his employment with Sea Tow, Mr. Howell was not provided with a respirator or mask. Based upon information and belief, he was not provided with adequate protection, safety training or warnings regarding the negative health

effects of exposure to crude oil and dispersants via inhalation and dermal contact by defendants BP, Sea Tow, HEPACO, O'Brien, and North Star Marine, Inc.

2.      From on or about September 6, 2010 until on or about October 4, 2010, Mr. Howell was employed by Defendant Eason Diving to operate Munson landing craft as part of the oil spill cleanup efforts on Dauphin Island, Alabama. Based upon information and belief, Eason Diving was contracted by the BP Defendants and defendant O'Brien. Mr. Howell was also required to haul tractors filled with oil and oil mixed with dispersant while working for Eason Diving. Based upon information and belief, Mr. Howell was toxically exposed to crude oil and dispersants via inhalation and dermal contact while employed by Eason Diving. During his employment with Eason Diving, Mr. Howell was not provided with a respirator or mask and he worked approximately 92.5 hours a week. Based upon information and belief, he was not provided with adequate protection, safety training or warnings regarding the negative health effects of exposure to crude oil and dispersants via inhalation and dermal contact by defendants BP, Eason Diving, and O'Brien.

3.      From on or about October 7, 2010 until on or about October 27, 2010, Mr. Howell was employed by T&M Boat Rentals as a relief caption in and around Grand Isle, Louisiana and Venice, Louisiana. Based upon information and belief, while working for T&M Boat Rentals, Mr. Howell was toxically exposed to crude oil and dispersants via inhalation and dermal contact. During his employment with T&M Rentals, Mr. Howell was not provided with a respirator or mask and he worked approximately 12-hour days the first two weeks of employment and was stationed 24/hours a day aboard a tugboat during his third week of employment. Based upon information and belief, he was not provided with adequate protection, safety training or warnings regarding the negative health effects of exposure to crude oil and dispersants via inhalation and dermal contact by defendants T&M RENTALS and BP. On or about October 13, 2010, Mr. Howell was treated by an onsite medic for severe headaches and severe, uncontrollable coughing. On October 21, 2010, Mr. Howell left the job site and returned to his temporary residence in Theodore, Alabama. On or about October 26, 2010, Mr. Howell was asked to relieve Captain Danny aboard the Tugboat Jennifer W for a week. When Mr. Howell arrived in Grand Isle to report for duty, he became ill. He was unable to complete his scheduled work and departed the job site on October 28, 2010.

4.    Based upon information and belief, Mr. Howell developed short-term and long-term negative health effects due to his occupational exposure as a cleanup worker for the Deepwater Horizon oil spill disaster as an employee of Sea Tow Destin, Eason Diving and T&M Boat Rentals. Mr. Howell suffered from severe headaches, severe uncontrolled coughing, weight loss, vomiting, diarrhea, vision loss, memory loss, forgetfulness and fatigue. On or about March 23, 2011, Dr. Rodney Soto diagnosed Mr. Howell with chemical poisoning.

5.    Mr. Howell previously filed a claim and supporting documentation with the Gulf Coast Claims Facility, but did not receive compensation. Mr. Howell issued a demand with supporting documentation pursuant to the Oil Pollution Act's presentment requirements for present and estimated future medical expenses on or about January 18, 2012 to Defendants BP and Transocean Holdings, Inc. Mr. Howell satisfied all administrative requirements of 33 U.S.C. §§2713(a) & (b) by the submission of his claims to the BP defendants and Transocean Holdings, Inc. directly.

6.    Mr. Howell opted out of the Deepwater Horizon Medical Benefits Settlement. He asserts the following claims: (1) negligence under general maritime law; (2) gross negligence under general maritime law; (3) negligence per se under general maritime law, state and federal law; (4) claims under Louisiana nuisance law; (5) Jones Act or in the alternative under the Longshore and Harbor Workers' Compensation Act; (6) negligence, gross negligence and/or failure to warn under Louisiana, Mississippi and Florida Law. (7) Unseaworthiness under general maritime law; (8) Battery; (9) strict liability under general maritime law for design defect against defendant NALCO; (9) claims for economic losses under The Oil Pollution Act; and (10) punitive damages.

**Factual Allegations Patrick Poirson**

1.    Plaintiff, Patrick Poirson, participated in the Vessels of Opportunity ("VOO") program from on or about June 21, 2010 until on or about July 21, 2010. Mr. Poirson was contracted by the BP defendants to participate in the VOO program. As a participant in the VOO program, Mr. Poirson was required to retrieve absorbent boom contaminated with crude oil and dispersants from the Gulf of Mexico. Mr. Poirson was assigned to the Ship Island and Horn Island areas. Mr. Poirson requested a respirator from personnel for defendant Parsons because there were strong fumes and vapors in the area. He was informed by Parson's personnel, who were

managing and operating the VOO program for the BP defendants. that a respirator was unnecessary and would not be provided. Based upon information and belief, Mr. Poirson

2.      Based upon information and belief, Defendant Parsons Corporation and the BP defendants failed to provide Mr. Poirson with a respirator, mask or other protective equipment and failed to warn him of the toxic, harmful and deleterious health effects of exposure to crude oil and chemical dispersants via inhalation and dermal contact. Further based upon information and belief, Mr. Poirson was exposed to toxic levels of crude oil and chemical dispersants from the Deepwater Horizon oil spill when he decontaminated his vessel following participation in the VOO program.

3.      Based upon information and belief, Mr. Poirson suffered toxic exposure to crude oil and chemical dispersants via inhalation, dermal contact and by contact with the eyes through dispersant spray mist. Based upon information and belief, Mr. Poirson developed short-term and long-term negative health effects due to his occupational exposure as VOO program participant in the Deepwater Horizon oil spill disaster response. Based upon information and belief, Mr. Poirson developed ulcers in his throat and stomach, which necessitated a painful scope procedure, as a result of his occupational exposure to toxic and harmful crude oil and chemical dispersants from the Deepwater Horizon oil spill disaster. Further based upon information and belief, Mr. Poirson's throat became swollen, which necessitated a medical procedure to stretch his esophagus, due to his occupational exposure to the crude oil and chemical dispersants from the Deepwater Horizon oil spill disaster.

4.      Mr. Poirson issued a demand with supporting documentation pursuant to the Oil Pollution Act's presentment requirements for present and estimated future medical expenses on or about January 18, 2012 to Defendants BP and Transocean Holdings, Inc. Mr. Poirson satisfied all administrative requirements of 33 U.S.C. §§2713(a) & (b) by the submission of his claims to the the BP defendants and Transocean Holdings, Inc. directly.

5.      Mr. Poirson opted out of the Deepwater Horizon Medical Benefits Settlement. He asserts the following claims: (1) negligence under general maritime law; (2) gross negligence under general maritime law; (3) negligence per se under general maritime law, state and federal law; (4) claims under Louisiana nuisance law; (5) Jones Act or in the alternative under the Longshore and Harbor Workers' Compensation Act; (6) negligence, gross negligence and/or failure to warn under Louisiana, Mississippi and Florida Law. (7) Unseaworthiness under general maritime law;

(8) Battery; (9) strict liability under general maritime law for design defect against defendant NALCO; (10) claims for economic losses under The Oil Pollution Act and (11) punitive damages.

### Factual Allegations of James Morgan:

1.  Plaintiff, James Morgan, was employed as an engineer by Defendant, ADRIATIC MARINE, LLC, aboard a vessel named the "Adriatic" which, based upon information and belief, was owned and operated by defendant ADRIATIC MARINE, LLC. While employed aboard the Adriatic, Plaintiff Morgan participated in Deepwater Horizon Oil Spill Response activities from on or about May, 2010 until the Macondo Well was allegedly capped. While employed aboard the vessel Adriatic, Plaintiff Morgan was, based upon information and belief, sprayed with dispersant that was being deployed from aircraft above him on three separate occasions and suffered toxic dermal contact and inhalation of said dispersant. Additionally, Plaintiff Morgan suffered toxic exposure to fumes from crude oil and dispersants because Defendant ADRIATIC MARINE,LLC and the BP defendants failed to provide Plaintiff Morgan with a respirator for the first two weeks of his employment aboard the vessel Adriatic. As a result of his toxic exposure to crude oil and dispersants from the Deepwater Horizon Oil Spill, Plaintiff Morgan developed several injuries, including but not limited to, respiratory and lung injuries, fluid in his lungs, chronic cough and shortness of breath, cardiac injuries including a dropped valve in his heart, dermal injuries such as recurring rashes and sores, nausea, vomiting, diarrhea, and chronic fatigue.

2.  Mr. Morgan opted out of the Deepwater Horizon Medical Benefits Settlement. He asserts the following claims: (1) negligence under general maritime law; (2) gross negligence under general maritime law; (3) negligence per se under general maritime law, state and federal law; (4) claims under Louisiana nuisance law; (5) negligence, gross negligence and/or failure to warn under Louisiana, Mississippi and Florida Law (6) Battery; (7) strict liability under general maritime law for design defect against defendant NALCO; (8) claims for economic losses under The Oil Pollution Act and (9) punitive damages.

### Factual Allegations of Dan Hatcher:

1.  Mr. Hatcher was an employed by Falck Alford, Shamrock Management and other BP contractors as a deck hand from on or about June 2010 until on or about October 2010. During

his employment as a deck hand. Mr. Hatcher placed boom and removed oiled boom from the gulf waters and marshland, vacuumed oil from the gulf waters and marshland. Mr. Hatcher also walked through oiled marshlands and beaches in the Venice, Port Fourchon and Grand Isle area and removed oil and oil mixed with dispersants from those areas.

2.      Mr. Hatcher was employed aboard vessels, including but not limited to, the Lil B and the Michael Scott. Defendants failed to provide Mr. Hatcher with a respirator and failed to warn him of the danger and risk of toxic exposure while performing oil spill disaster response cleanup activities.

3.      Supervisors from HEPACO told Mr. Hatcher and other workers that respirators were prohibited on the job, workers would be fired if they wore respirators and that workers requesting respirators would be fired. While employed as a deck hand in oil spill disaster response efforts, based upon information and belief, Mr. Hatcher was toxically exposed to fumes from the crude oil, crude oil mixed with dispersants and from the burning activities that BP and other defendants performed in response to the oil spill disaster.

4.      Based upon information and belief, Mr. Hatcher inhaled fumes, suffered dermal contact and potentially ingested dispersants utilized by Defendants in the Deepwater Horizon Oil Spill Disaster as these toxic and hazardous chemicals were dispensed from aircraft in Mr. Hatcher's vicinity. Mr. Hatcher inhaled fumes and suffered dermal contact with crude oil and crude oil mixed with dispersants when he removed and placed boom in the gulf waters and marshland and when he walked through beach and marshland areas as part of the cleanup work he was hired to perform. Further based upon information and belief, as a result of his toxic exposure to crude oil and dispersants from the Deepwater Horizon Oil Spill Disaster, Mr. Hatcher developed and was treated for a respiratory infection and cough that continued for approximately five months. He also suffered and continues to suffer from fatigue and memory loss.

5.      Mr. Hatcher opted out of the Deepwater Horizon Medical Benefits Settlement. He asserts the following claims: (1) negligence under general maritime law; (2) gross negligence under general maritime law; (3) negligence per se under general maritime law, state and federal law; (4) claims under Louisiana nuisance law; (5) negligence, gross negligence and/or failure to warn under Louisiana, Mississippi and Florida Law (6) Battery; (7) strict liability under general maritime law for design defect against defendant NALCO; (8) claims for economic losses under The Oil Pollution Act and (9) punitive damages.

Factual Allegations of Ronald Shearon, Jr. and Patricia Maria Rye:

1.     Plaintiff Ronald Shearon was employed by Defendants TEAM LABOR FORCE, USA ENVIRONMENTAL SERVICES, INC., USA LABOR, LLC, DANOS AND CUROLE STAFFING, LLC, SHAMROCK MANAGEMENT, JULES MELANCON, INC. and ES&H in Deepwater Horizon Oil Spill Disaster response work from on or about May 10, 2010 until on or about June 22, 2012. Plaintiff Ronald Shearon was employed aboard vessels and in coastal areas and removed crude oil and oil mixed with dispersants from the Gulf of Mexico waters, beach areas and marshlands. His employers and the BP Defendants failed to provide Plaintiff Ronald Shearon with a respirator or other protective equipment. Plaintiff Ronald Shearon suffered toxic exposure to crude oil and dispersants via inhalation of the fumes from said substances and dermal contact. As a result of his occupational exposure to crude oil and dispersants, Plaintiff Shearon has developed numerous injuries, including, but not limited to, nausea, vomiting blood, blood in stools, abdominal pain, severe headaches, frequent nose bleeds, chronic coughing, peribronchial thickening and respiratory distress, dizziness and ringing in the ears, mood swings and nervousness, recurring rashes and chemical burns. Plaintiff Ronald Shearon's injuries have necessitated several hospitalizations. Plaintiff Patricia Maria Rye, wife of Plaintiff Ronald Shearon, was toxically exposed to crude oil and dispersants from contact with her husband's clothing that was frequently covered with crude oil and dispersants, from consumption of Gulf seafood and through inhalation of fumes from crude oil and chemical dispersants as her residence and community is in close proximity to disaster response efforts (including the spraying of dispersants). Based upon information and belief, as a result of her toxic exposure, Plaintiff Patricia Maria Rye has suffered several hospitalizations and has been diagnosed with pancreatitis. Based upon information and belief, plaintiffs' minor children were also toxically exposed to the chemical dispersants in their environment through contact with their father's clothes when he returned from work in the evenings and through inhalation of fumes from crude oil and chemical dispersants as her residence and community is in close proximity to disaster response efforts (including the spraying of dispersants).

2.     Mr. Shearon and Mrs. Rye opted out of the Deepwater Horizon Medical Benefits Settlement. They assert the following claims: (1) negligence under general maritime law; (2) gross negligence under general maritime law; (3) negligence per se under general maritime law,

state and federal law; (4) claims under Louisiana nuisance law; (5) negligence, gross negligence and/or failure to warn under Louisiana, Mississippi and Florida Law (6) Battery; (7) strict liability under general maritime law for design defect against defendant NALCO; (8) claims for economic losses under The Oil Pollution Act and (9) punitive damages.

### Factual Allegations of David Hackney:

1.     Plaintiff David Hackney was employed by Defendants WAM INDUSTRIES, INC. and PARSONS CORPORATION in Deepwater Horizon Oil Spill Disaster response work from on or about May 10, 2010 until on or about September 2010. Plaintiff David Hackney was employed aboard vessels operating out of ports in the Destin, Florida area. The vessels upon which Plaintiff David Hackney worked were charged with locating oil slicks, retrieval of oiled boom and transportation of oiled boom back to shore. His employers and the BP Defendants failed to provide Plaintiff David Hackney with a respirator or other protective equipment and failed to warn him of the deleterious health effects of exposure to crude oil and chemical dispersants via inhalation, ingestion and dermal contact.

2.     Based upon information and belief, Plaintiff David Hackney suffered toxic exposure to crude oil and dispersants via inhalation, dermal contact and ingestion and through contact with the eyes from spray mist. Based upon information and belief, a result of his occupational exposure to crude oil and dispersants, Plaintiff Hackney has developed chronic digestive problems, including, but not limited to chronic severe diarrhea. Plaintiff Hackney's injuries have caused him to be hospitalized and have prevented him from maintaining employment.

3.     Mr. Hackney opted out of the Deepwater Horizon Medical Benefits Settlement. He asserts the following claims: (1) negligence under general maritime law; (2) gross negligence under general maritime law; (3) negligence per se under general maritime law, state and federal law; (4) claims under Louisiana nuisance law; (5) negligence, gross negligence and/or failure to warn under Louisiana, Mississippi and Florida Law (6) Battery; (7) strict liability under general maritime law for design defect against defendant NALCO; (8) claims for economic losses under The Oil Pollution Act and (9) punitive damages.

Factual Allegations for

### CLAIMS FOR RELIEF

### COUNT 1

### Negligence Under General Maritime Law

1. Plaintiffs re-allege each and every allegation set forth in all preceding paragraphs as if fully restated here.

2. The existence and breach of Defendants' legal duties are established under general maritime law.

3. At all times material hereto, Defendants owed duties of ordinary and reasonable care to Plaintiffs in connection with the drilling operations and maintenance of the Deepwater Horizon, including its appurtenances and equipment. BO additionally owed duties to guard against and/or prevent the risk of an oil spill and to mitigate the harm if an oil spill did occur.

4. Further, BP owed a duty to Plaintiffs to exercise due care in the operation, maintenance, handling, design, implementation and execution of the relief and recovery measures.

5. BP had a heightened duty of care to Plaintiffs because of the great danger associated with exposure to oil, dispersants, and/or other hazardous chemicals.

6. At all times relevant to this litigation, BP and the other defendants knew or should have known that: (a) crude oil contains chemicals hazardous to human health; (b) chemical dispersants contain chemicals hazardous to human health; (c) Plaintiffs were entitled to adequate and timely warning of the harmful effects of exposure to crude oil and chemical dispersants and the hazardous substances that crude oil and dispersants contain; and (d) Plaintiff should have been provided proper protective clothing and respirators when engaged in Oil Spill clean-up and response activities; and (d) failure to exercise reasonable care in the operation, maintenance, handling, design, implementation and execution of the relief and recovery measures would result in harm to Plaintiffs.

7. BP breached its duty of care to the Plaintiffs in the following non-exclusive respects:

   a) failing to prevent the explosion on board the Deepwater Horizon;

   b) failing to cap the Macondo well in a timely manner;

   c) failing to warn Plaintiffs, public officials, and government agencies of the harmful effects of crude oil, chemical dispersants and any mixture thereof, and the hazardous chemicals they contain;

   d) failing to properly train and equip cleanup and response workers to avoid exposure to hazardous substances encountered in connection with relief efforts;

   e) failing to conform to the provisions of the National Contingency Plan relating to the use of aerial chemical dispersants in the proximity of vessels and shallow waters;

28

f) failing to coordinate and conduct aerial spraying sorties in a manner so as to eliminate the risk of vessels and crewmembers being exposed to aerial chemical dispersants; and

g) failing to otherwise exercise reasonable care in the operation, maintenance, handling, design, implementation and execution of the relief and recovery measures;

h) failing to operate the Deepwater Horizon in a safe manner;

i) operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

j) failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

k) failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon, which, if they had been promulgated, implemented, and enforced, would have averted the fire, explosion, sinking, and oil pill;

l) failing to adhere to applicable safety, construction, and/or operating regulations, including, but not limited to, regulations designed to prevent the fire, explosion, and discharge of oil;

m) failing to properly design and/or engineer the well, drilling program, cementing program, mud program and completion program;

n) failing to take appropriate action to avoid or mitigate the accident;

o) negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

p) failing to properly train their employees;

q) failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

r) failing to timely warn; Failing to provide respiratory and dormal protective gear to Plaintiffs;

s) failing to provide all reasonable cooperation and assistance requested by the responsible officials in connection with the clean-up and removal activities;

t) failing to ensure that adequate plans, equipment, safeguards, resources and technology were readily available to prevent and/or mitigate the effects of the loss of control of a well and unfettered discharge of oil into the Gulf of Mexico;

u) failing to timely bring the oil release under control, to prevent the spill from migrating throughout the Gulf of Mexico;

v) failing to provide appropriate accident prevention equipment; Failing to ensure that the casing and float collar were properly designed and installed;

w) providing BOP's that failed to properly function;

x) failing to ensure that BOP's would work as intended;

y) failing to test the BOP's to ensure that they would operate properly;

z) recklessly altering the BOP's and failing to use them in a safe manner;

aa) failing to conduct well cementing operations properly;

bb) failing to employ alternative cementing operations in light of known problems with the actual cementing operations employed;

cc) failing to have a reasonably adequate well control plan and necessary equipment in case of a loss of the well;

dd) failing to exercise reasonable care in the design and implementation of both well control efforts and response and recovery efforts;

ee)failing to insure that adequate plans, equipment, safeguards resources, and technology were available to prevent or mitigate the quantity of hazardous chemicals that would enter into and effect the Gulf of MExico.

ff) recklessly using dispersants so as to cause the greatest migration and widest potential for environmental toxic exposures and effects throughout the Gulf.

8.  The blowout and explosions on the Deepwater Horizon, its sinking and the resulting spill were caused by the joint and concurrent negligence of the BP Defendants and the Transocean and/or Halliburton Defendants named herein.

9.  Defendants' breach of their duties posed an unreasonable risk of harm to Plaintiffs.

10. Plaintiffs suffered injury, loss and damages as a direct and proximate result of Defendants' breach of their aforementioned duties.

## COUNT II

### Gross Negligence Under General Maritime Law

1.  Plaintiffs re-allege each and every allegation set forth in all preceding paragraphs as if fully restated herein.

2.  Defendants had a heightened duty of care to Plaintiffs because of the great danger associated with exposure to oil, dispersants, and/or other hazardous chemicals.

3.  Defendants breached their legal duty to Plaintiffs and failed to exercise reasonable care and acted with reckless, willful, and wanton disregard in the negligent failure to prevent and contain the oil spill.

4.  Defendants knew or should have known that their willful, wanton, and reckless conduct would cause injury to Plaintiffs.

5.  Defendants' willful, wanton, reckless, and/or grossly negligent conduct is the factual and legal cause of Plaintiffs' injuries and damages.

6.  Defendants were aware at all times relevant hereto that their operations and the acts and/or omissions described above created an unreasonable risk of harm the plaintiffs and knew that catastrophic environmental destruction and economic loss would occur if the well being serviced by the DEEPWATER HORIZON were to blow out.

7.  Defendants were indifferent to this risk of harm. Defendants intentionally failed to perform the duties owed to Plaintiffs in reckless disregard of the consequences their actions and/or omissions would have on Plaintiffs.

8.  Moreover, Defendants acted intentionally with knowledge that their acts would probably result in injury or in such a way as to allow an inference of a reckless disregard of the probable consequences of their acts. Therefore, Defendants are also liable to Plaintiffs for gross negligence and/or willful misconduct.

9.  The oil spill and subsequent response and recovery efforts that have caused damage and continue to cause damage to Plaintiffs was proximately caused by Defendants' negligence, gross negligence and/or willful misconduct.

10.  Further, upon information and belief, the oil spill was proximately caused by the Defendants' violation of applicable federal safety, construction, or operating regulations and/or by violations of such regulations by an agent or employee of the Defendants and/or a person acting pursuant to a contractual relationship with Defendants.

11.  Defendants had a duty to conform their conduct in such a manner as to assure that a blowout would not occur, that the Deepwater Horizon would not be destroyed and sink, that an uncontrolled oil spill would not result and that adequate well control and response measures

would exist in case of emergency pursuant to federal and Louisiana. Mississippi. Alabama and Florida law.

12. Defendants failed to conform their conduct to the appropriate legal standard, thereby breaching their duty to assure that a blowout would not occur, that the Deepwater Horizon would not be destroyed and sink, that an uncontrolled oil spill would not result and that adequate well control and response measures would exist and be properly implemented in case of emergency pursuant to federal and Louisiana, Mississippi, Alabama and Florida law.

13. Defendants' substandard conduct in failing to prevent the blowout. the ensuing destruction and sinking of the Deepwater Horizon, and the uncontrolled discharge of oil from the Macondo well into the Gulf of Mexico pursuant to federal and state laws was the cause-in-fact of the injuries, harm, and damages suffered by the Plaintiffs.

14. Defendants' substandard conduct in failing to prevent and/or contain the blowout that resulted in the sinking of the Deepwater Horizon and the subsequent oil spill from the Macondo well was the legal cause of the Plaintiffs' injuries, harm. and damage.

15. In addition, and/or in the alternative, the blowout. fire. explosion, destruction of the Deepwater Horizon and ensuing oil spill were caused by defective equipment and would have been prevented by non-defective equipment, including the BOP and float collar, which were in the care, custody, and control of the Defendants and over which the Defendants had *garde*. Defendants knew or should have known of these defects and Defendants are therefore liable for the defects.

16. BP has taken responsibility for the oil spill and cleaning up the oil spill, as former BP Chief Executive, Tony Hayward, had issued a statement on the BP website that BP is "... taking full responsibility for the spill and we will clean it up." BP has therefore admitted its liability for the oil spill.

17. BP's duties are non-delegable.

18. It was foreseeable that the Defendants' actions and/or omissions, resulting in the blowout of the Macondo well, the sinking and destruction of the Deepwater horizon, and the ensuing uncontrolled oil spill from the Macondo well, would proximately cause the damage, injury, and harm that Plaintiffs did suffer and will continue to suffer, as alleged herein.

19.     The injuries to the Plaintiffs were also caused by or aggravated by the fact that Defendants failed to take reasonably necessary actions to mitigate the dangers associated with their operations.

20.     As a direct and proximate result of the Defendants' negligence and gross negligence, Plaintiffs have each suffered and will continue to suffer significant physical, economic and other damages in excess of $75,000.00

21.     As a direct and proximate result of the negligence of the Defendants, the Plaintiffs suffered bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition. These losses are either permanent or continuing in nature and Plaintiff will continue to suffer these losses in the future. Plaintiffs' physical injuries required medical care in the past and will likely require on going care in the future. The Defendants are liable jointly and severally for Plaintiffs' damages resulting from Defendants negligence and gross negligence. As a result of Defendants' gross negligence, Plaintiffs are also entitled to punitive damages.

COUNT III

Negligence Per Se Under General Maritime Law, State and Federal Law

1.     Plaintiffs re-allege each and every allegation set forth in all preceding paragraphs as if fully restated herein.

2.     Defendants' conduct with regard to the manufacture, maintenance and/or operation of oil-drilling vessels such as the Deepwater Horizon, the release of hazardous and toxic chemicals into the environment, and the application of dispersants and other hazardous chemicals is governed by federal laws and permits issued under the authority of these laws. These laws and permits create statutory and regulatory standards that are intended to protect and benefit Plaintiffs, including, but not limited to, those that govern the National Oil and Hazardous Substances Contingency Plan, see, e.g. 40 C.F.R.§300.150. BP failed to adhere to the requirements for response actions established by the National Contingency Plan, 29 C.F.R. §1910.120. Additionally, BP failed to adhere to regulations set forth in Section 311 of the Clean Water Act, 40 C.F.R. §300 App. E, 30 C.F.R. Part 254 and the Oil Pollution Act, 33 U.S.C. §2717(b) (the

"OPA"). One or more of Defendants violated these statutory and/or regulatory standards and therefore breached their responsibilities under these regulatory provisions.

3.    In addition, the federal Bureau of Safety and Environmental Enforcement ("BSEE") found that BP violated the following federal regulations:

a.    BP failed to protect health, safety, property, and the environment by failing to perform all operations in a safe and workmanlike manner, in violation of 30 C.F.R. §250.107(a)(1);

b.    BP did not take measures to prevent unauthorized discharge of pollutants into offshore waters, in violation of 30 C.F.R. §250.300.;

c.    BP failed to take necessary precautions to keep the well under control at all times, in violation of 30 C.F.R. §250.401(a);

d.    BP did not cement the well in a manner that would properly control formation pressures and fluids and prevent the direct or indirect release of fluids from any stratum through the wellbore into offshore waters, in violation of 30 C.F.R. §250.420(a)(1) and (2);

e.    BP failed to conduct an accurate pressure integrity test, in violation of 30 C.F.R. §250.427;

f.    BP failed to maintain the Deepwater Horizon's BOP system in accordance with the American Petroleum Institute's Recommended Procedure 53 §18.10.3, in violation of 30 C.F.R. §250.446(a);

g.    BP failed to obtain approval of the Temporary Abandonment procedures it actually used at the Macondo well, in violation of 30 C.F.R. §250.1721(a);

h.    BP failed to conduct an accurate pressure integrity test at the 13-5/8" liner shoe, in violation of 30 C.F.R. §250.427; and

i.    BP failed to suspend drilling operations at the Macondo well when the safe drilling margin identified in the approval application for the permit to drill was not maintained, in four separate violations of 30 C.F.R. §250.427 (b).

4.    Defendants' violations of these statutory and/or regulatory standards constitute negligence per se under federal law, as well as general maritime law.

5. Defendants' violations of these statutory and/or regulatory standards constitute negligence *per se* under Louisiana, Texas, Mississippi, Alabama and Florida Law.

6. Defendants had actual and/or constructive knowledge of the facts and circumstances leading to and causing the incidents described herein, which in turn caused Plaintiffs' injuries, and their actions and inactions were grossly negligent, reckless, willful and/or wanton.

7. As a direct and proximate cause of Defendants' violation of statutory and/or regulatory standards, the Plaintiffs have suffered injuries and are entitled to damages.

## COUNT IV

## STRICT LIABILITY FOR MANUFACTURING AND/OR DESIGN DEFECT

### (All Plaintiffs v. Cameron)

1. Plaintiffs reallege each and every allegation set forth in all preceding paragraphs as if fully restated here.

2. Plaintiffs are entitled to recover from Cameron for its defective design and/or manufacture of the BOP that was appurtenant to and a part of the equipment of the Deepwater Horizon, pursuant to Section 402A of the Restatement (Second) of Torts as adopted by maritime law.

3. At all times relevant hereto, Cameron was in the business of designing, manufacturing, marketing, selling, and/or distributing the BOP used in connection with the drilling operations onboard the Deepwater Horizon.

4. If operating as intended on the night of the disaster, the BOP could have been manually or automatically activated immediately after the explosion, cutting off the flow of oil at the wellhead, and limiting the Spill to a minute fraction of its ultimate severity and thereby sparing Plaintiffs millions of dollars in losses and damage.

5. Cameron sold and delivered the BOP at the Deepwater Horizon to Defendant Transocean in 2001.

6. Cameron's BOP failed to operate properly or at all, at the time of or following the blowout and this failure caused and/or contributed to the Spill.

7. Cameron failed to effectively design the BOP with a backup activation system, or provide adequate warnings, instructions, and/or guidelines on the permissible uses, modifications and applications of the BOP.

35

8. The BOP was defectively designed because its emergency modes of system operation did not provide a fully-independent means of closing the BOP, which rendered the BOP abnormally dangerous. For instance, all of the emergency methods for closing the BOP provide different ways of closing a single blind shear ram, which must seal to isolate the wellbore. As such, if the blind shear ram fails to operate for any reason, there is nothing the BOP can do to seal the well. In addition, all emergency methods of operating the BOP, other than the autoshear and ROV hot stab, rely on an operational control pod which, if not functioning, renders those methods useless.

9. In addition, the two emergency methods of closing the BOP that can be activated from the vessel by personnel (the high pressure closure of the blind shear ram and the EDS) require the same communication, electrical and hydraulic components, meaning that if those components are destroyed or damaged, there is no method by which drilling vessel personnel can communicate with the BOP.

10. Moreover, Cameron's BOP was defectively designed and/or manufactured because its blind shear rams were vulnerable to the failure of a single shuttle valve carrying hydraulic fluid to the ram blades. If the shuttle valve fails, the blind shear ram will be unable to seal the well.

11. Cameron's BOP was defectively designed and/or manufactured because it failed to operate as intended, if at all, and thus proximately caused and contributed to the blowout and subsequent Spill.

12. Cameron's BOP was defectively designed and/or manufactured such that it did not operate as intended to prevent or minimize blowouts, which caused and/or contributed to the Spill.

13. Cameron's BOP was in a defective condition and unreasonably dangerous to Plaintiffs when it left Cameron's control.

14. At all times, Cameron's BOP was used in the manner intended, or in a manner reasonable foreseeable and/or actually disclosed to Cameron prior to April 20, 2010.

15. At the time the BOP left Cameron's control, it was in a defective condition unreasonably dangerous to Plaintiffs in that they were designed and manufactured with over 260 known defects and failure modes, including but not limited to:

        a.)     Inadequate, faulty, nonfunctioning and defective battery systems;

        b.)     Inadequate, faulty, nonfunctioning and defective dead man switches and related wiring;

c.) The absence of acoustic triggers;

d.) Inadequate, faulty, nonfunctioning and defective emergency disconnect systems (EDS);

e.) Improperly sealed, leaky hydraulic systems;

f.) Improperly designed, manufactured, and installed annular seals;

g.) Insufficiently robust blind shear rams;

h.) Insufficient warnings, instructions, and guidelines on permissible, foreseeable uses and modifications to the BOP and its component parts;

i.) Insufficient testing and design verification of the BOP and its component parts to ensure the shearing capability of the ram and other functioning of the BOP during reasonably foreseeable uses; and

j.) In such other particulars as the evidence may show.

16. At the time the BOP appurtenant to the Deepwater Horizon left Cameron's control, Cameron knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the aforementioned unreasonably dangerous conditions.

17. At the time the BOP appurtenant to the Deepwater Horizon left Cameron's control, feasible design alternatives existed which would have to a reasonable probability prevented the harm suffered by Plaintiffs without impairing the utility, usefulness, practicality or desirability of the BOP.

18. At all relevant times, the BOP appurtenant to the Deepwater Horizon was used in an intended and/or reasonably foreseeable manner.

19. Plaintiffs were foreseeable bystanders and victims of the manifestation of the defects in the Deepwater Horizon's BOP.

20. Cameron had actual and/or constructive knowledge of the facts and circumstances relative to the BOP which caused or contributed to this incident, which in turn caused Plaintiffs' injuries, and its actions and/or inactions were grossly negligent, reckless, willful, and/or wanton.

21. As a result of the defective design and/or manufacture of the BOP, Plaintiffs have suffered bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition. These losses are either permanent or continuing in nature and Plaintiffs

will continue to suffer these losses in the future. Plaintiffs' physical injuries required medical care in the past and will likely require ongoing care in the future.

22.     As a result of the defect(s) in Defendant Cameron's product, Plaintiffs are entitled to a judgment finding Defendant Cameron liable to Plaintiffs for damages suffered in an amount to be determined by the trier of fact, including but not

limited to punitive damages.


### Claims Under The Oil Pollution Act As to BP Defendants

#### (Economic Loss)

#### (All Plaintiffs Against Bp and Transocean)

#### *COUNT V*

1.     Plaintiffs reallege and reaver each and every allegation set forth in all preceding paragraphs as fully set forth herein and further state:

2.     Under the Oil Pollution Act, 33 U.S.C. §2701, *et seq* ("OPA"). "each responsible party for a vessel or facility...from which oil is discharged...is liable for removal costs and damages", including "the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant." 33 U.S.C. §2702.

3.     A responsible party in the case of a vessel is any person owning, operating, or demise chartering the vessel. 33 U.S.C. §2701(32)(A). A responsible party for an offshore facility is the lessee or permittee of the area in which the facility is located. 33 U.S.C. 33 U.S.C. §2701(32)(C). A lessee is any "person holding a leasehold interest in an oil or gas lease on lands beneath navigable waters (as that term is defined in section 1301(a) of Title 43) or on submerged lands of the Outer Continental Shelf, granted or maintained under applicable State law or the Outer Continental Shelf Lands Act (43 U.S.C. 1331 et seq.)." 33 U.S.C. §2701(16).

4.     For purposes of determining the responsible parties for a mobile offshore drilling unit, it is first deemed to be a tank vessel and then treated as an offshore facility for excess liability. 33 U.S.C. §2704(b) (1)&(2).

5.     At all pertinent times herein, BP leased the Deepwater Horizon. BP was also a lessee in the Mississippi Canyon, Block 252 lease granted by the United States Mineral Management

Services (hereinafter "MMS") under which the Macondo well was drilled by the Deepwater Horizon. BP was the designated operator for said lease.

6.      The United States Coast Guard identified BP as responsible party pursuant to OPA. Thus, BP's strictly liable under OPA for economic damages that resulted from the oil spill.

7.      Defendant, BP is not entitled to limit its liability under § 2704(a) of OPA because the oil spill disaster was proximately caused by its gross negligence, willful misconduct, or violation of applicable safety, construction or operating regulations as alleged above. Additionally, BP explicitly waived the right to raise the statutory limitation on liability under OPA.

8.      As a result of the oil spill and the resulting damages to the natural resources in the Gulf of Mexico, Plaintiffs have incurred and will continue to incur medical expenses for treatment of their injuries. Plaintiffs have also suffered and will continue the economic damages for lost earnings, lost profits and loss of business opportunity due to their injuries from the Oil Spill disaster. On or about January 18, 2012, Plaintiffs submitted written demands in compliance with the presentment requirements of OPA to the BP defendants and defendant Transocean Holdings.

9.      To the extent required by law, and/or by consent or stipulation by BP, Plaintiffs have satisfied, or will have satisfied, all of the administrative requirements of 33 U.S.C. §§ 2713(a) and (b), as to each and all defendants, by the submission of their claims to the Gulf Coast Claims Facility (the "GCCF") and/or BP and/or its agents or designs.

10.      As a result of the oil spill and the resulting damage to the marine environment in the Gulf of Mexico, Plaintiffs are entitled to damages pursuant to OPA, § 2702(b)(2)(E), which allows for "[D]amages equal to loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant."

11.      It was foreseeable that a massive oil spill in the Gulf of Mexico would cause economic harm to Plaintiffs.

## COUNT VI

### Claims under Louisiana Nuisance Law

1.      Plaintiffs reallege each and every allegation set forth in all preceding paragraphs as if fully restated here.

2. BP's oil disaster has significantly interfered with Plaintiffs' right to use and enjoy the Gulf of Mexico without oil slicks, chemical dispersants, tar balls, and other associated pollution.

3. Prior to the *Deepwater Horizon* disaster, Plaintiffs enjoyed the use of the Gulf of Mexico for fishing, boating, and other economic and recreational pursuits, including residing on the Gulf of Mexico.

4. Since the disaster, Plaintiffs have been unable to fish or boat, and many have lost their livelihoods.

5. As a direct and proximate cause of the oil disaster, and during their work to assist in the relief effort, Plaintiffs, Dan Hatcher, James Morgan, Ronald Shearon, Frank Howell, Jorey Danos, David Hackney, and Patrick Poirson, were exposed to harmful chemicals in the crude oil and in the chemical dispersants at levels, amounts, and under conditions different from the general public.

6. As a result of the oil disaster, Plaintiffs, as residents living in close proximity of the Gulf of Mexico, are constantly exposed to harmful chemicals in the air from oil, dispersants, and/or other harmful chemicals resulting from the Oil Spill at levels, amounts, and under conditions different from the general public.

7. Moreover, all Plaintiffs are subjected to foul and harmful odors emanating from the crude oil soaked booms and/or the chemical dispersants. Tarballs, oil and dispersants mixed with crude oil continue to contaminate the Gulf of Mexico and the Plaintiffs' environment.

8. Plaintiffs have a substantial likelihood of success based on the allegations, and Plaintiffs' allegations are likely to be proven and are not merely speculative.

## COUNT VII

### Loss of Consortium Claims

1. Plaintiff realleges and reavers each and every allegation as if fully set forth herein and further states:

2. At all times material hereto, the Plaintiffs were and are the lawful spouses of the Plaintiff cleanup workers respectively.

3. As a direct and proximate result of the negligence of the Defendants, Plaintiffs' spouses have suffered and will continue to suffer the loss of their spouses' services, support, consortium

and the care and comfort of their society. Therefore, these plaintiffs assert a cause of action for loss of consortium or any other cause of action under law.

## COUNT VIII

### Jones Act Claims

1.     Plaintiffs reallege and reaver each and every allegation set forth in all preceding paragraphs as fully set forth herein and further state:

2.     Plaintiffs, Frank Howell, Patrick Poirson, Jorey Danos, Dan Hatcher, James Morgan, David Hackney, and Ronald Shearon assert claims pursuant to the Jones Act under 46 U.S.C. § 688. Plaintiff, DAN HATCHER asserts this claim against his employers, ES& H, HEPACO, INC. T&M, TEAM LABOR FORCE, L.L.C., FALCK ALFORD, and SHAMROCK MANAGEMENT, L.L.C. Plaintiff, FRANK HOWELL, asserts this claim against defendants T&M BOAT RENTALS, HEPACO, INC., EASON DIVING, O'BRIEN'S RESPONSE MANAGEMENT L.L.C., NORTHERN STAR MARINE, INC., AQUANULT TOWING D/B/A SEATOW DESTIN, and against the BP defendants. Plaintiff, JOREY DANOS asserts this claim against defendants CAPTAIN VIE LLC, DANOS AND CUROLE STAFFING LLC, LEVI BRUNET, and against the BP defendants. Plaintiff, DAVID HACKNEY asserts this claim against defendants WAM INDUSTRIES, INC., PARSONS CORPORATIONS, and against the BP defendants. Plaintiff, PATRICK POIRSON asserts this claim against the BP defendants. Plaintiff, JAMES MORGAN asserts this claim against defendant ADRIATIC MARINE LLC and against the BP defendants. Plaintiff, RONALD SHEARON, asserts this claim against defendants TEAM LABOR FORCE, USA ENVIRONMENTAL SERVICE, INC, USA LABOR LLC, DANOS AND CUROLE STAFFING LLC, SHAMROCK MANAGEMENT, JULES MELANCON, INC, and ES&H INC.

3.     Plaintiffs, Frank Howell, Patrick Poirson, Dan Hatcher, Jorey Danos, Ronald Shearon, James Morgan, and David Hackney were injured while employed on vessels engaged in commerce and navigation on navigable waters, performing service work entailing inspection and maintenance of vessel appurtenances, and their injuries bear a significant relationship to maritime activity, thus invoking general maritime law and the Jones Act under 46 U.S.C. § 688.

4. During this time, Plaintiffs were Jones Act seamen because (1) their duties contributed to the function of the vessel and to the accomplishment of its mission, and (2) their connection to the navigational vessels was substantial in duration and nature. *See Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995). Alternatively, these plaintiffs were maritime workers entitled to compensation under the Longshore and Harbor Workers' Compensation Act (LHWCA) codified at 33 U.S.C. §§ 901-950 (2003). *Id.* at 356.

5. A third person who borrows a worker may become the Jones Act employer if the borrowing employer assumed sufficient control over the worker. Factors indicating control include payment, direction and supervision of the employees, and the power to hire and fire. *See Volykis v. M-V Isabelle*, 668 F.2d 863 (5th Cir. 1982). See also *Ruiz v. Shell Oil Co.*, 413 F.2d 310 (5th Cir. 1986). The defendants were the employers as these defendants directed the work performed by Plaintiffs, controlled payment and exercised the power to hire and fire Plaintiffs. An employer may be liable under the Jones Act although he is not the owner or operator of the vessel as to which his employee is a seaman. *Id.* Therefore, Plaintiffs may prosecute their Jones Act claims against the BP defendants, although BP did not own or operate the vessel upon which plaintiffs were employed

## COUNT IX

### Unseaworthiness Claims

1. Plaintiffs reallege and reaver each and every allegation set forth in all preceding paragraphs as fully set forth herein and further state:

2. Plaintiff, Jorey Danos, states a cause of action for unseaworthiness against defendants CAPTIAN VIE, L.L.C. and defendant, LEVI BRUNET. Plaintiff, Frank Howell, states a cause of action for unseaworthiness against defendants SEA TOW DESTIN, EASON DIVING, and T&M BOAT RENTALS, LLC. Plaintiff, DAN HATCHER asserts this claim against his employers, ES& H, HEPACO, INC. T&M, TEAM LABOR FORCE, L.L.C., FALCK ALFORD, and SHAMROCK MANAGEMENT, L.L.C. Plaintiff, JAMES MORGAN asserts this claim against defendant ADRIATIC MARINE LLC. Plaintiff, RONALD SHEARON, asserts this claim against defendants TEAM LABOR FORCE, USA ENVIRONMENTAL SERVICE, INC. USA LABOR LLC, DANOS AND CUROLE STAFFING LLC, SHAMROCK MANAGEMENT, JULES MELANCON, INC, and ES&H INC. Plaintiff, DAVID HACKNEY

asserts this claim against defendants WAM INDUSTRIES. INC., and PARSONS CORPORATION. Under the general maritime law, the ship owner or operator of a vessel is held to an implied warranty that the vessel is reasonably fit for its intended purpose. *The Osceola*, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903); *Morales v. Galveston*, 370 U.S. 165, 82 S.Ct. 1226, 8 L.Ed.2d 412 (1962), rehearing denied 371 U.S. 853, 83 S.Ct. 16, 9 L.Ed.2d 93 (1962); *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 80 S.Ct. 926. 4 L.Ed.2d 941 (1960); *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), rehearing denied 328 U.S. 878, 66 S.Ct. 1116, 90 L.Ed. 1646 (1946). The duty to furnish a seaworthy vessel is absolute and non-delegable, and its breach gives rise to liability for unseaworthiness, which is a species of liability without regard to negligence. *McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958); *Hobart v. Sohio Petroleum Co.*, 445 F.2d 435 (5th Cir. 1971); *Ballwanz v. Isthmian Lines, Inc.*, 319 F.2d 457 (4th Cir. 1963). The warranty of seaworthiness exists in favor of seamen. *Gosnell v. Sea-Land Service, Inc.*, 782 F.2d 464 (4th Cir. 1986); *Brophy v. Lavigne*, 801 F.2d 521, 1987 AMC 900 (1st Cir. 1986).

3.      Defendants violated the implied duty that the vessels on which Plaintiffs, Jorey Danos, Frank Howell, Dan Hatcher, David Hackney, James Morgan, and Ronald Shearon were employed aboard, were reasonably fit for their intended purpose. Based upon information and belief. Defendant's vessels were not reasonably fit to participate in the DeepWater Horizon Oil Spill Disaster response operations. Based upon information and belief, the vessels upon which Mr. Howell and Mr. Danos were employed failed to provide them with safety equipment, such as a respirator, which would prevent their toxic exposure to crude oil and dispersants from the Deepwater Oil Spill Disaster. Based upon information and belief, the vessels upon which Plaintiffs' were employed failed to provide adequate ventilation. This failure resulted Plaintiffs' toxic exposure to crude oil and dispersants and rendered the vessels unfit for their intended purpose.

## COUNT X

## MAINTENANCE AND CURE

1.      Plaintiffs re-allege and re-aver each and every allegation set forth in all preceding paragraphs as fully set forth herein and further state:

2.    Plaintiffs, Frank Howell, Jorey Danos, Daniel Hatcher, Ronald Shearon, James Morgan, Patrick Poirson, James Morgan, and David Hackney  assert a cause of action for maintenance and cure benefits.

3.    Plaintiff, Frank Howell asserts this cause of action against the BP defendants, T&M BOAT RENTALS, EASON DIVING, AQUANAUT TOWING D/B/A SEATOW DESTIN, HEPACO, INC., NORTHSTAR MARINE, INC. AND O'BRIEN'S RESPNSE MANAGEMENT, L.L.C.

4.    Plaintiff, Jorey Danos, asserts this cause of action against CAPTAIN VIE, LLC, LEVI BRUNET, DANOS & CUROLE STAFFING AND THE BP DEFENDANTS.

5.    Plaintiff, Daniel Hatcher, asserts this cause of action against ES&H, Hepaco, Inc., T&M Boat Rental, Team Labor Force, LLC, Falck Alford, Shamrock Management and the BP defendants.

6.    Plaintiff, Ronald Shearon, asserts this cause of action against TEAM LABOR FORCE, LLC, SHAMROCK MANAGEMENT, JULES MELANCON, INC., ES&H, USA ENVIRONMENTAL SERVICES, INC., USA LABOR, LLC, AND DANOS & CUROLE STAFFING, LLC, AND THE BP DEFENDANTS.

7.    Plaintiff, James Morgan asserts this cause of action against the BP DEFENDANTS AND ADRIATIC MARINE, LLC.

8.    Plaintiff, Patrick Poirson, asserts this cause of action against the BP DEFENDANTS AND PARSONS CORPORATION.

9.    Plaintiff, David Hackney, asserts this cause of action against the BP DEFENDANTS, WAM INDUSTRIES, INC., AND PARSONS CORPORATION.

10.    To be eligible to receive maintenance and cure benefits, Plaintiffs need not prove that defendants were negligent – only that their injuries occurred in the workplace. A seaman who suffers injury or illness while "in the service of a ship" is entitled to recover maintenance and cure from his employer. *Warren v. United States*, 340 U.S. 523 (1951).

11.     Maintenance and cure is awarded to compensate the seaman for his or her medical expenses and living expenses until the seaman reaches what the law deems maximum medical cure. *Vella v. Ford Motor Co.*, 421 U.S. 1 (1975).

12.     Maintenance and cure, like worker's compensation, is a "no fault" remedy arising from the seaman's contract with his or her employer. *The Osceola*, 189 U.S. 158 (1903). Based upon information and belief, Plaintiffs were injured as a result of his toxic exposure to crude oil, Corexit® 9500 and EC9527A during their employment  related to the BP oil spill disaster response efforts.

13.     Corexit® 9500 contains petroleum distillates, propylene glycol, and organic sulfonic acid salt. Corexit® EC9527A contains 2-butoxyethanol (EGBE), organic sulfonic acid salt and propylene glycol. These dispersants are known to cause headaches, nausea, vomiting, diarrhea, abdominal pains, dizziness, chest pains and tightness, irritation of the eyes, nose, throat, and lung, decreased lung function, breathing difficulties, respiratory system damage, rapid breathing, asthma attacks, allergic reactions, skin irritation, damage, and sensitization, hypertension, damage to liver and kidneys, central nervous system depression, neurotoxic effects, damage to red blood cells, genetic damage and mutations, reproductive and developmental damage, immune system damage, cardiac arrhythmia, cardiovascular damage and increased severity of chronic obstructive pulmonary disease.

14.     Crude oil contains benzene and other volatile organic compounds (VOCs) such as ethylbenzene, toluene, xylene and naphthalene, polycyclic aromatic hydrocarbons (PAHs), diesel fumes and heavy metals such as aluminum, cadmium, nickel, lead and zinc. Dermal exposure to certain VOCs in crude oil is known to cause swelling, redness, irritation and rash and blisters on the skin and mucous membranes. Exposure by inhalation to some VOCs is known to cause ocular soreness, redness, watering and itching, cause respiratory problems such as coughing, throat irritation, shortness of breath and wheezing, and cause nervous system problems such as nausea, vomiting, dizziness, irritability, confusion, and weakness of extremities. Benzene is a known mutagen and carcinogen, and according to the CDC can cause ventricular fibrillation, congestive gastritis, toxic gastritis, pyloric stenosis, myalgia, kidney damage, vascular congestion in the brain, lethal nervous system depression and leukemia.

45

15. Based upon information and belief. Plaintiffs were toxically exposed to crude oil and the dispersants Corexit® 9500 and EC9527A during their employment related to the BP oil spill disaster response efforts and this entitles them to maintenance and cure benefits from the date of exposure until the present.

16. Medical expenses may include visits to the clinic or hospital, costs of surgery, tests such as MRISs or CT scans, medicine, physical therapy, psychological therapy, vocational retraining, emergency room services, emergency transportation, nursing care and more. Injured seamen do not have to pay any deductibles for their medical care. It is the total responsibility of the employer and its insurance company. Plaintiffs may select the physician of their choice, and transportation to receive the medical care is covered.

17. Additionally, Plaintiffs still had to pay rent, utility bills and food expenses since his injury. A fixed per diem rate of $40 per day for maintenance has been recognized by the US Eastern District Court of Louisiana as reasonable and appropriate. *Owens v. Abdon Callais Offshore, LLC*, CIV.A. 10-3296, 2011 WL 2443687 (E.D. La. June 14, 2001).

18. Defendants' obligation to pay plaintiffs' maintenance benefits continues until they are able to return to work.

19. The defendants' obligation to pay cure benefits continues until Plaintiffs reach "maximum medical improvement." Additionally, willful and callous failure to pay maintenance and cure will subject the defendants to liability for attorney's fees and may also subject defendants to liability for punitive damages.

## COUNT XI

### Negligence, Gross Negligence and/or Failure to Warn Under
### Louisiana, Mississippi and Florida Law

1. Plaintiffs reallege and reaver each and every allegation set forth in all preceding paragraphs as fully set forth herein and further state:

2. All Plaintiffs' assert that defendants are jointly and severally liable for damages under Louisiana law against all defendants for grossly negligent and/or intentional failure to conduct

reasonable inspection and to do what they should have done and for grossly negligent and/or intentional failure to warn.

3.     Plaintiff, Patrick Poirson, asserts a cause of action for negligence pursuant to Mississippi law against all defendants. In order to prevail on a negligence claim, a plaintiff must prove by a preponderance of the evidence each element of negligence: duty, breach of duty, proximate causation, and injury. *Lovett v. Bradford,* 676 So.2d 893, 896 (Miss 1996) *(citing Palmer v. Anderson Infirmary Benev. Ass'n.,* 656 So.2d 790,794 (Miss. 1995)).

4.     Plaintiff, Frank Howell, asserts a cause of action for negligence under Florida Law

5.     Defendants owed and breached duties of reasonable care to ensure the safety of their operations and to guard against and prevent injury to the Gulf Coast region residents and tourists and disaster response workers such as Plaintiffs who were located in the environments where Defendants chemical spraying activities occurred.

6.     Defendants owed a duty and failed in their duty to know what products they were spraying or applying onto the waters of the Gulf of Mexico and into the environment where Plaintiffs were located and to know the likely impact that their activities would have upon the environment and the health and welfare of Gulf Coast Region residents and tourists and disaster response workers such as Plaintiffs. Defendants applied the chemicals and dispersants without regard to the likely short and long term impacts upon human health likely to be caused by the quantity and geographic broad scope of their chemical applications onto hydrocarbons.

7.     Defendants owed a duty and breached the duty to spray chemicals onto the waters of the Gulf of Mexico and into Plaintiffs' environment in a way which was consistent with their product labels.

8.     Defendants owed a duty, and breached the duty, to warn of the effects of their spraying activities to Plaintiffs and all those who would be potentially injured or damaged by their activities in a time frame which would have allowed Plaintiffs to attempt to stop or reduce the quantity or location of the spraying activities, or alternatively to devise plans to mitigate or prevent damage to the Plaintiffs' health and environment.

9.     Defendants owed a duty to reject spraying huge quantities of dispersants onto the Gulf and into Plaintiffs' environment in order to protect the environment where Plaintiffs were located and the safety, health and welfare of Gulf Coast residents and tourists and disaster response workers. Defendants knew or should have known that they would be spraying quantities of

chemicals over volumes of water in ways which had never been tested for affect. Defendants breached that duty of reasonable care.

10.    Defendants owed a duty and failed in its duty of exercising reasonable care in the use of dispersants repetitiously in the same and contiguous areas, and in the type of the dispersants used.

11.    Defendants owed a duty and failed in that duty to mitigate the damages caused by the negligent activities in order to prevent its harm or to reduce the quantity of hazardous chemicals that would enter into and effect the Gulf of Mexico and the health, safety and welfare of Plaintiffs.

12.    Defendants owed a duty and failed in that duty to warn Plaintiffs of the deleterious health effects of crude oil and dispersants.

13.    Defendants owed a duty and failed in that duty to provide Plaintiffs who were providing disaster response services with proper protective equipment, including, but not limited to respirators.

14.    Defendant knew or should have known that burning crude oil would negatively impact the health, safety and welfare of Plaintiffs and did not bother to warn Plaintiffs of the dangers associated with exposure to fumes from burning crude oil.

15.    Defendants owed a duty and failed in that duty to conduct air monitoring and sampling aboard the vessels and in areas where Plaintiffs were employed.

16.    Defendants owed a duty and failed in that duty to provide adequate safety equipment, including respirators, to Plaintiffs.

17.    Defendants owed a duty and failed in that duty to provide adequate safety training and warning to Plaintiffs.

18.    As a direct and proximate result of the negligence of the Defendants, the Plaintiffs were physically exposed to the subject chemicals on their bodies and via inhalation. Each was injured as a result of said exposure, suffered bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition. These losses are either permanent or continuing in nature and Plaintiff will continue to suffer these losses in the future. As a result of

Defendants' gross negligence, Plaintiffs are also entitled to punitive damages. Defendants are liable jointly and severally for Plaintiffs' damages resulting from Defendants' negligence.

## COUNT XII

## BATTERY

1.     Plaintiffs realleged each and every allegation set forth in all preceding paragraphs as if fully restated here.

2.     Defendants placed Plaintiffs on vessels of opportunity Programs without adequate training, warning of risks, or safety equipment.

3.     Defendants intentionally sprayed, and/or directed spraying, chemical dispersants in the immediate vicinity of Plaintiffs.

4.     Defendants' spraying of chemical dispersants in the immediate vicinity of Plaintiffs without warning or safety equipment has caused some Plaintiffs to be exposed to harmful chemicals and resulted in headaches, rashes, chemical burns, nausea, and vomiting.

5.     Defendants spraying of chemical dispersants in the immediate vicinity of Plaintiffs without warning has caused some Plaintiffs to be exposed to harmful chemicals and resulted in headaches, rashes, chemical burns, nausea, and vomiting.

6.     Plaintiffs are entitled to judgment finding Defendants liable to Plaintiffs for damages suffered as a result of subjecting Plaintiffs to unwanted, offensive conduct and enjoining Defendants' tortious conduct toward Plaintiffs.

## COUNT XIII

## STRICT LIABILITY UNDER GENERAL MARITIME LAW FOR DESIGN DEFECT

## AGAINST NALCO

1.     Plaintiffs reallege and reaver each and every allegation set forth in all preceding paragraphs as fully set forth herein and futher state:

2.     Plaintiffs are entitled to recover from Nalco for its defective design of Corexit®.

3.     At all times relevant hereto, Nalco was in the business of designing, manufacturing, marketing, selling and/or distributing the dispersants used in response to oil spills.

4. Nalco sold and delivered the Corexit® to BP and the Dispersant Defendants immediately after the Oil Spill and placed the chemical dispersants in the stream of commerce.

5. Nalco knew that the Corexit® would be used without inspection for defects by consumers.

6. Nalco's dispersants were unreasonably dangerous to Plaintiffs for its intended purpose when it left Nalco's control.

7. When BP and Dispersant Defendants used Corexit®, it was in substantially the same condition when it was sold.

8. At all times, Nalco's dispersants were used in a manner consistent with the uses intended by or known to Defendant and in accordance with Defendant's directions and instructions.

9. At all relevant times, the dispersant was used in an intended, or in a manner reasonable foreseeable and/or actually disclosed to BP prior to sale of the dispersants.

10. At the time the dispersants left Nalco's control, Nalco knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the aforementioned unreasonably dangerous conditions that dispersants would present to Plaintiffs who were not properly equipped with protective gear.

11. At the time the dispersants used in response to the *Deepwater Horizon* disaster left Nalco's control, feasible design alternatives existed which would have, to a reasonable probability, prevented the harm suffered by Plaintiffs without impairing the utility, usefulness, practicality or desirability of the dispersant.

12. At all relevant times, the dispersant was used in an intended and/or reasonably foreseeable manner.

13. Plaintiffs were foreseeable bystanders and victims of the manifestation of the defects in the dispersants.

14. The design defect in the Corexit® is its toxicity to humans and its ability to cause physical injury, health hazards, and damage to property because of its toxicity. The Corexit® was also defectively inspected, tested, marketed and sold.

15. Defendant's product was not misused or altered by any third parties, Plaintiffs or class members.

16.     Nalco had actual and/or constructive knowledge of the facts and circumstances relative to the dispersants that caused or contributed Plaintiffs' injuries, and its actions and inactions were grossly negligent, reckless, willful and/or wanton.

17.     As a direct and proximate result of the design defect, Plaintiffs have suffered physical injury damages, damage to or diminution of the value of their real and/or personal property, loss of income, loss of consortium and/or emotional distress, for which they are entitled to actual, compensatory and punitive damages.

18.     In the alternative, Plaintiffs seek relief pursuant to the Louisiana Products Liability Act (La. Rev. St. Ann. § 9:2800.51, *et seq.*); the Texas Products Liability Act of 1993 (Tex. Civ. Prac. & Rem. Code Ann. § 82.002, *et seq.*); the Mississippi Products Liability Act (Miss. Code Ann. § 11-1-63); the Alabama Extended Manufacturer's Liability Doctrine; and Florida common law.

## COUNT XIV

### PUNITIVE DAMAGES

1.      Defendants focused primarily on profit while disregarding public and environmental health and safety while undertaking their ultra-hazardous activities on the *Deepwater Horizon.*

2.      Defendants BP, Transocean, and Halliburton engaged in conduct so reckless, willful, wanton and in such utter and flagrant disregard for the safety and health of the public and the environment in their activities leading up to and/or during the blowout, explosions, fire, and Spill, as alleged herein, that an award of punitive damages against them at the highest possible level is warranted and necessary to impose effective and optimal punishment and deterrence. Plaintiffs, society and the environment cannot afford and should never be exposed to the risks of another disaster of the magnitude caused by Defendants' misconduct herein..

3.      BP and Transocean focused primarily on profit while disregarding public and environmental health and safety while undertaking their ultra-hazardous activities on the Deepwater Horizon by performing a critical well pressure test with untrained and unqualified personnel and by callously ignoring and/or misinterpreting abnormal "red flag" pressure test results.

4.      BP's corporate culture caused and allowed it to disregard the lessons it should have learned and applied from previous incidents at its facilities that resulted in extensive damage and

loss of live; instead, it continued to place others at risk in the interests of cost-cutting and financial gain.

5. Transocean callously and with reckless disregard for human life disabled the flammable gas alarm system aboard the Deepwater Horizon and prevented said system from operating properly and preventing or containing the explosions, fire and loss of life.

6. BP and Transocean focused primarily on profit while disregarding public and environmental health and safety while undertaking their ultra-hazardous activities on the Deepwater Horizon by using a well design with too few barriers to gas flow.

7. BP and Transocean focused primarily on profit while disregarding public and environmental health and safety while undertaking their ultra-hazardous activities on the Deepwater Horizon by failing to use a sufficient number of "centralizers" to prevent channeling during the cement process.

8. BP, Transocean, and Halliburton focused primarily on profit while disregarding public and environmental health and safety while undertaking their ultra-hazardous activities on the Deepwater Horizon by failing to run a bottoms up circulation of the drilling mud prior to beginning the cement job.

9. BP, Transocean, and Halliburton focused primarily on profit while disregarding public and environmental health and safety while undertaking their highly dangerous activities on the Deepwater Horizon by using an inappropriate cement mixture for the type of rock formation surrounding the well, and by failing to appropriately test that cement mixture prior to using it in the well.

10. BP, Transocean, and Halliburton focused primarily on profit while disregarding public and environmental health and safety while undertaking their highly dangerous activities on the Deepwater Horizon by failing to run a cement bond log to evaluate the integrity of the cement job.

11. BP, Transocean, and Halliburton focused primarily on profit while disregarding public and environmental health and safety while undertaking their highly dangerous activities on the Deepwater Horizon by failing to deploy the casing hanger lockdown sleeve prior to commencing the mud displacement process in the well.

12. BP and Transocean focused primarily on profit while disregarding public and environmental health and safety while undertaking their highly dangerous activities on the

52

Deepwater Horizon by using an untested, abnormally large volume of mixed spacer solutions to avoid having to properly dispose of the two separate spacer substances as hazardous wastes.

13. BP, Transocean, and Halliburton focused primarily on profit while disregarding public and environmental health and safety while undertaking their highly dangerous activities on the Deepwater Horizon by ignoring and/or misinterpreting abnormal, "red flag" pressure test results.

14. BP and Transocean recklessly, willfully and/or wantonly caused or contributed to the catastrophic Spill by their grossly inadequate maintenance, and reckless and improper operation and use of the BOPs appurtenant to the Deepwater Horizon.

15. BP and Transocean recklessly, willfully and/or wantonly failed to ensure that oil would expeditiously and adequately be contained within the immediate vicinity of the Deepwater Horizon in the event of a blowout.

16. BP and Transocean recklessly, willfully and/or wantonly caused or contributed to the catastrophic Spill through their collective and respective disregard for proper drilling, casing, mudding, and cementing procedures.

17. BP and Transocean willfully and/or wantonly failed to ensure that that adequate safeguards, protocols, procedures and resources would be readily available to prevent and/or mitigate the effects an uncontrolled oil spill into the waters of the Gulf of Mexico.

18. BP recklessly, willfully and/or wantonly failed to utilize reasonably safe dispersant chemicals in its haphazard attempts to respond to the Spill, and thereby exacerbated and worsened the pollution of the Gulf of Mexico.

19. In addition, after the blowout and before the well was finally sealed, BP was aware of procedures that would immediately block the flow of oil into the Gulf, yet it delayed the implementation of any such procedures, and limited its efforts to plug the well to options that would salvage the well for future use, instead of selecting procedures that would stop the flow of oil as soon as possible regardless of the well's continued functionality. As such, BP increased the magnitude of, and damage caused by, the Spill by willfully and/or wantonly and recklessly choosing its profits over the lives of the workers on the vessel, the safety of the environment, and the health, welfare, and value of the people, businesses, and property of the Gulf states.

20. Defendants' conduct was oppressive, wanton, malicious, reckless, or grossly negligent each time they:

      (a)    failed to properly maintain and/or operate the Deepwater Horizon;

(b) operated the Deepwater Horizon in such a manner the safety and integrity of the vessel and the well were disregarded to save time and money;

(c) ignored warnings that the integrity of the well, the cementing job, and the vessel were in jeopardy;

(d) failed to promulgate, implement, and enforce proper rules and regulations to ensure the safe operations of the Deepwater Horizon;

(e) violated MMS regulations for the safe design and operation of oil wells and drilling rigs in the Gulf of Mexico;

(f) failed to take appropriate action to avoid or mitigate the accident;

(g) failed to implement policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

(h) failed to ensure that the Deepwater Horizon and its equipment were free from defects, properly maintained and/or in proper working order;

(i) failed to provide appropriate disaster prevention equipment;

(j) failed to have an appropriate emergency spill response plan or readily available spill response equipment.

21. BP and Dispersant Defendants recklessly, willfully and/or wantonly caused or contributed to Plaintiffs' injuries by their tortious design, and reckless and wanton operation and use of chemical dispersants.

22. BP and Dispersant Defendants recklessly, willfully and/or wantonly failed to ensure that Plaintiffs would be adequately protected from exposure to harmful chemicals in oil, chemical dispersants, and other harmful chemicals resulting from the Oil Spill.

23. Defendants willfully and/or wantonly failed to ensure that that adequate safeguards, protocols, procedures and resources would be readily available to prevent and/or mitigate the effects of an uncontrolled oil spill into the waters of the Gulf of Mexico and the corresponding clean up response measures involving the use of chemical dispersants.

24. BP and Nalco recklessly, willfully and/or wantonly failed to utilize reasonably safe dispersant chemicals in its haphazard attempts to respond to the Oil Spill, and thereby exacerbated and worsened the pollution of the Gulf of Mexico.

25. Defendants' conduct, as described more fully hereinabove, is at the highest level of reprehensibility, warranting and necessitating the imposition of punitive damages at the highest

level, because Defendants' conduct was motivated by financial gain; because it injured and endangered human and environmental health and safety; because it caused devastating damage and loss to the livelihoods, businesses, and properties of Plaintiffs; because it was not isolated or accidental, but part of a culture and ongoing pattern of conduct that consistently and repeatedly ignored risks to others in favor of financial advantage to Defendants; and because it has accordingly caused societal harm, moral outrage and condemnation, and the need to punish Defendants and deter further repetition by Defendants or others.

26. Accordingly, Plaintiffs are entitled to an award of punitive damages in an amount to be determined at trial.

## DAMAGES

1. Defendants are jointly, severally and solidarily liable for the past, present and future damages suffered by plaintiffs in the following non-exclusive particulars:

    a.    loss of enjoyment of life;

    b.    physical disability, pain and suffering;

    c.    past and future mental pain and suffering;

    d.    past and future loss of income and benefits;

    e.    past and future medical expenses;

    f.    loss of family relationships, love and affection;

    g.    loss of consortium;

    h.    punitive damages to be set by a jury; and

    i.    Any other damages available under state or federal law that may be proven at trial.

WHEREFORE, Plaintiffs, demand judgment against Defendants in an amount which will adequately compensate them for actual damages herein. In addition, Plaintiffs seek punitive damages against Defendants, the amount of said punitive damages to be set by a jury. Plaintiffs also seek pre-judgment and post-judgment interest, costs, attorney's fees, along with any other damages available, and demands trial by jury of all issues triable as of right by jury.

Respectfully submitted,

CATHERINE B. CUMMINS (29558)
Email: ccummins@smithstag.com
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601

STUART H. SMITH (17805)
Email: ssmith@stag.com
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601

Attorney for Plaintiffs

Co-Counsel for Plaintiffs

ROBERT J. McKEE (# 0972614)
Email: RMcKee@krupnicklaw.com
The Law Offices of Krupnick,
Campbell, et al
12 Southeast 7th Street - #801
Fort Lauderdale, Florida 33301
Phone: (954) 763-8181 #8619
Facsimile: (954) 763-8292

PLEASE SERVE ALL DEFENDANTS AS FOLLOWS:

BP EXPLORATION & PRODUCTION, INC.
through its agent for service of process:
C.T. Corporation
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

BP AMERICA PRODUCTION COMPANY
through its agent for service of process:
C.T. Corporation
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

BP, P.L.C.
1 St. James's Square
London, SW1Y 4PD
United Kingdom

TRANSOCEAN LTD
Corporation Service Company
2711 Centerville Rd Ste 400
Wilmington, DE 19808

TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.
Capitol Services, INC
1675 S State St Ste B
Dover, DE 19901

TRANSOCEAN DEEPWATER INC.
Captiol Services, Inc
1675 S State St Ste B
Dover, DE 19901

TRANSOCEAN HOLDINGS LLC
Capitol Services, INC
1675 S State St Ste B
Dover, DE 19901

TRITON ASSET LEASING, GMBH
c/o Transocean Deepwater Drilling Inc
4 Greenway Plaza
Houston, TX 77046

HALLIBURTON ENERGY SERVICES, INC
C.T. Corporation System
5615 Corporate Blvd
Suite 400B
Baton Rouge, LA 70808

M-I, LLC
Capitol Corporate Services, Inc.
8550 United Plaza Building II Suite 305
Baton Rouge, LA 70809

CAMERON INTERNATIONAL CORPORATION
One Houston Center
1221 McKinney Ste 4500
Houston, TX 77010-2010

ANADARKO E&P COMPANY LP ·
C.T. Corporation System
5615 Corporate Blvd
Suite 400B
Baton Rouge, LA 70808

ANADARKO PETROLEUM CORPORATION CO. ·
C.T. Corporation System
5615 Corporate Blvd
Suite 400B
Baton Rouge, LA 70808

MOEX OFFSHORE 2007, LLC ·
The Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

MOEX USA CORPORATION ·
The Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

NALCO COMPANY ·
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

NALCO HOLDINGS, LLC ·
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

NALCO FINANCE HOLDINGS, LLC ·
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

NALCO HOLDING COMPANY ·
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

PARSONS CORPORATION.
The Trust Corporation
1209 Orange Street
Wilmington, DE 19601

AIRBORNE SUPPORT, INC ·
Howard Barker
3626 Thunderbird Rd
Houma, LA 70363

AIRBORNE SUPPORT INTERNATIONAL, INC ·
Howard Barker
3626 Thunderbird Rd
Houma, LA 70363

HEPACO, INC ·
The Prentice-Hall Corporation System, Inc
320 Somerulos Street
Baton Rouge, LA 70802

T&M BOAT RENTALS. L.L.C ·
Gerald J. Bourgeois
1025 Victor II Blvd
P.O. Box 1688
Morgan City, LA 70381

DANOS AND CUROLE STAFFING, LLC ·
Janell Ledet
13083 Hwy 308
LaRose, LA 70373

CAPT VIE, L.L.C ·
Levy J. Brunet, Jr.
166 West 139th Street,
Cut off, LA 70345.

AQUANAUT TOWING & SALVAGE, INC., d/b/a Sea Tow Destin, .
John Ward, Jr.
11120 Lillian Hwy
Pensacola, Florida 32506.

EASON DIVING AND MARINE CONTRACTORS, INC.,
Thomas D. Eason
2668 Spruill Avenue
SC, 29405.

O'BRIEN'S RESPONSE MANAGEMENT, L.L.C.. .
1011 N. Causeway Blvd., Suite 3
Mandeville. LA 70471.

NORTHSTAR MARINE CORPORATION
Keith Building City Plaza & State Street
Dover, DE 19901.

FLACK ALFORD ·
Karl J. Zimmerman
1100 Poydras Street
Suite 3600
New Orleans, LA 70163

SHAMROCK MANAGEMENT, LLC ·
JeffreyL. Trahan
4800 Hwy 311
Houma, LA 70360

TEAM LABOR FORCE, L.L.C. ·
Eddie N. Pullaro
1054 West Tunnel Blvd
Houma, LA 70360

ES & H INC ·
Eddie N. Pullaro
1054 West Tunnel Blvd
Houma, LA 70360

ES & H INC ·
Lawrence X Boucvalt, III
1730 Coteau RD
Houma, LA 70364

SUPERIOR LABOR SERVICES. INC
Dan Joseph Falgot
8702 Park Ave
Houma, LA 70363

ADRIATIC MARINE. LLC
Charles Faucheux
3916 Hwy 308
Raceland, LA 70394

JULES MELANCON, INC
Jules Melancon
170 Neptune Lane
Grand Isle, LA 70358

USA LABOR LLC
Pershing J. St. Pierre, Jr.
2910 Hwy 1
Raceland, Louisiana 70394

USA ENVIRONMENTAL SERVICES. INC
Pershing J. St. Pierre, Jr.
2910 Hwy 1
Raceland, Louisiana 70394

WAM INDUSTRIES INC
Mark A Woods
2341 Hill St NW
Atlanta, GA 30318

CAMERON INTERNATIONAL CORPORATION
One Houston Center
1221 McKinney Ste 4500
Houston, TX 77010-2010

JOREY DANOS ET AL

Versus

BP AMERICA PRODUCTION COMPANY
ET AL



Case: *00060449*
Division: *A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To: JULES MELANCON, INC
    JULES MELANCON
    170 NEPTUNE LANE
    GRAND ISLE, LA 70358

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

*Deputy Clerk of Court for*
*Dorothy M. Lundin, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

---

### Service Information

*Received on the* __23__ *day of* __april__ __, 20 13 *and on the* __23__ *day of* __april__ , 20__13__ *served the above named party as follows:*

**Personal Service** *on the party herein named* __juler melancon, Jur.__
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____, *a person apparently of the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

Returned:
Parish of __Jefferson__                                    *this* __23__ *day of* __april__ , 20__13__.

Service        $_____

Mileage        $_____              *By:* __Ernes La fnA__
                                          *Deputy Sheriff / Jefferson*

Total          $_____

FILED
MAY 10 2013

[ FILED COPY ]



*JOREY DANOS ET AL*

*Versus*

*BP AMERICA PRODUCTION COMPANY
ET AL*

Case: 00060449
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: *T&M BOAT RENTALS LLC*
    *GERALD J. BOURGEOIS*
    *1025 VICTOR II ROAD*
    *MORGAN CITY, LA 70361*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

## Service Information

Received on the **2 4** day of **April**, 20 **1 3** and on the **2 4** day of **April**, 20 **1 3** served the above named party as follows:

*Personal Service on the party herein named* **Gerald J. Bourgeois**
*Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

Returned:
Parish of **St Mary** this **2 4** day of **April**, 20 **13**.

Service $ **2000**

Mileage $ **2550**

Total $ **4550**

By: _____
    Deputy Sheriff

FILED
MAY 10 2013
DY. CLERK

RECEIVED
APR 2 2 2013
ST. MARY PARISH
SHERIFF

[ FILED COPY ]

**FOR RETURN**

JOREY DANOS ET AL

Versus

BP AMERICA PRODUCTION COMPANY
ET AL



Case: 00060449
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: M-I L.L.C.
NATIONAL REGISTERED AGENTS INC
5615 CORPORATE BLVD. STE 400B
BATON ROUGE. LA 70808

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines. State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE. at Belle Chasse, Louisiana, on this Tuesday, April 30, 2013.

Req. By:
CATHERINE B CUMMINGS
ATTY FOR PLTF
504.593.9600

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

### Service Information

Received on the __5__ day of __May__, 20_13_ and on the __6__ day of __May__, 20_13_ served the above named party as follows:

**Personal Service** on the party herein named __Travis Carrothers__

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service. I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of __EBR__ this __6__ day of __May__, 20_13_

Service $_____

Mileage $_____

Total $_____

By: __Jeb K.__ #586
Deputy Sheriff

FILED
MAY 14 2013

[ RETURN COPY ]



CITATION

**JOREY DANOS ET AL**

Versus

**BP AMERICA PRODUCTION COMPANY ET AL**

Case: 00060449
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: USA LABOR LLC
PERSHING J. ST. PIERRE, JR
2910 HWY 1
RACELAND, LA 70394

RETURN

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service       $_____
                                          By: _____
Mileage      $_____                      Deputy Sheriff

Total          $_____

(38)60449-3--CI/CV
PERS
PERSHING J ST PIERRE JR at
2910 HWY 1, RACELAND
Service Date & Time: 4/22/2013 9:02 AM

STEPHANIE ST. PIERRE

FILED
MAY 0 8 2013

DY. CLERK

122   Williams, Lashunta, Lafourche Parish Deputy

[ FILED COPY ]

JOREY DANOS ET AL

*Versus*

BP AMERICA PRODUCTION COMPANY
ET AL



Case: 00060449
Division: A
25ᵗʰ Judicial District Court
Parish of Plaquemines
State of Louisiana

To: USA ENVIRONMENTAL SERVICES INC
PERSHING J. ST. PIERRE JR
2910 HWY 1
RACELAND, LA 70394

RETURN

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25ᵗʰ Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service     $_____

Mileage     $_____          By: _____
                                        *Deputy Sheriff*

Total       $_____

(38)60449-1--CI/CV          Int:
PERS
PERSHING ST PIERRE JR at
2910 HWY 1, RACELAND
Service Date & Time: 4/22/2013 9:02 AM

MAY 08 2013
DY. CLERK

STEPHANIE ST. PIERRE

182  Williams, Lashunda, Lafourche Parish Deputy

[ FILED COPY ]



*CITATION*

*JOREY DANOS ET AL*

*Versus*

**BP AMERICA PRODUCTION COMPANY
ET AL**

Case: 00060449
*Division: A*
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

*To: ADRIATIC MARINE LLC
CHARLES FAUCHEUX
3916 HWY 308
RACELAND, LA 70394*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

*Req. By:*
CATHRINE B CUMMINGS
*ATTORNEY FOR PLAINTIFFS*
504-593-9600

*Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037*

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of
_____, 20____ served the above named party as follows:

***Personal Service*** on the party herein named _____.
***Domiciliary Service*** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

*Returned:*
Parish of _____ this _____ day of _____, 20_____.

Service   $_____

Mileage   $_____          By: _____
                                   *Deputy Sheriff*

Total     $_____

(38)60449-2--CI/CV
PERS
CHARLES FAUCHEUX at
3916 HWY 308, RACELAND
Service Date & Time: 4/22/2013 12:38 PM

ANDREA DUHE

Williams, Lashunda, Lafourche Parish Deputy

FILED
MAY 0 8 2013
DE. CLERK

[ FILED COPY ]

*JOREY DANOS ET AL*

*Versus*

*BP AMERICA PRODUCTION COMPANY
ET AL*



*Case: 00060449
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana*

*To:  CAPT VIE LLC
     LEVY J BRUNET JR
     166 WEST 139TH STREET
     CUT OFF, LA 70345*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

*Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600*

*Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA  70037*

---

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*Returned:
Parish of _____ this _____ day of _____, 20_____.*

*Service    $_____*

                                    *By: _____*
*Mileage    $_____*                    *Deputy Sheriff*

*Total      $_____*

[ FILED COPY ]

*JOREY DANOS ET AL*

*Versus* •

*BP AMERICA PRODUCTION COMPANY ET AL*



Case: 00060449
Division: A
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To: DANOS & CUROLE STAFFING, LLC
JANELL LEDET
13083 HWY 308
LAROSE, LA 70373

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

*Deputy Clerk of Court for*
*Dorothy M. Lundin, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

---

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $_____

Mileage     $_____                    By: _____
                                              *Deputy Sheriff*

Total        $_____

Int: _____

(38)60449-4--CI/CV
PERS
JANELL LEDET at
13083 HIGHWAY 308, LAROSE
Service Date & Time: 4/24/2013 12:40 PM

FILED
MAY 08 2013
DY. CLERK

275 - Chiasson, Curtis, Lafourche Parish Deputy

*JOREY DANOS ET AL*

*Versus*

**BP AMERICA PRODUCTION COMPANY ET AL**



Case: *00060449*
Division: *A*
25ᵗʰ *Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To: *O'BRIEN'S RESPONSE MANAGEMENT, LLC*
*1011 N. CAUSEWAY BLVD., SUITE 3*
*MANDEVILLE, LA 70471*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25ᵗʰ Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

*Req. By:*
CATHRINE B CUMMINGS
*ATTORNEY FOR PLAINTIFFS*
*504-593-9600*

*Deputy Clerk of Court for*
*Dorothy M. Lundin, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

---

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*Returned:*
*Parish of _____ this _____ day of _____, 20____.*

| Service | $_____ | | |
| Mileage | $_____ | By: _____ |
| | | *Deputy Sheriff* |
| Total | $_____ | | |

[ FILED COPY ]



# SMITH STAG, LLC

One Canal Place | 365 Canal Street | Suite 2850 | New Orleans, Louisiana 70130
Phone 504 593 9600 | Fax 504 593 9601 | www.smithstag.com | mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy=
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
= Also Admitted in New Jersey
° Also Admitted in Mississippi

May 14, 2013

**FILED**
MAY 14 2013

**VIA OPUS LEGALIS**
Plaquemines Parish
Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

Re:    Jorey Danos, et al v. BP America Production Company, et al
          25th Judicial District Court No. 60-449, Division, "A"
          Our File No.: 204938

Dear Sir/Madam:

Please re-issue a citation to the following Louisiana defendant. The previous address was incorrect.

O'Brien's Response Management, L.L.C.
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

Please issue citations under the provisions of La. R.S. 13:3201, et seq, to the following; our court runner service will retrieve today for service. Thank you.

Northstar Marine Corporation
William Hughes
106 Haddrell St
MT Please, SC 29464

Sincerely,

SMITH STAG, LLC

Ileene Dawsey

Legal Assistant to
Catherine Cummins

/ind

25th JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO.60-449                                                    DIVISION "A"

JOREY DANOS ET AL

VERSUS

BP AMERICA PRODUCTION COMPANY ET AL

FILED: _____

DEPUTY CLERK

FILED
MAY 1 0 2013

## MOTION TO ENROLL COUNSEL OF RECORD

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Jorey Danos et al.,

who moves this court for an order enrolling attorney Ms. Bonnie A. Kendrick, as counsel for plaintiff

in this matter, and in support thereof, shows as follows:

1.   Ms. Bonnie A. Kendrick is a member in good standing of the Louisiana State Bar

     Louisiana Bar No. 31806.

2.   Ms. Bonnie A. Kendrick requests permission to enroll as counsel in this matter on

     behalf of Plaintiff, and her appearance will not hinder or delay the litigation of this

     case.

WHEREFORE, Plaintiff respectfully requests that Ms. Bonnie A. Kendrick can be admitted

to enroll as counsel and participate fully as counsel in this action.

Respectfully submitted,

BONNIE A. KENDRICK (31806)
Email: bkendrick@smithstag.com
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601

25th JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO. 60-449                                        DIVISION " A"

JOREY DANOS ET AL

VERSUS

BP AMERICA PRODUCTION COMPANY ET AL

**FILED**

MAY 1 4 2013

FILED:_____              _____
                                    DEPUTY CLERK _____
                                                   DY, CLERK

ORDER ON MOTION TO ENROLL AS COUNSEL OF RECORD

CONSIDERING THE FOREGOING Motion to Enroll Ms. Bonnie A. Kendrick:

THIS MATTER having come before the Court on the Motion to Enroll as Counsel of Record.

and the Court, having considered the matter, is of the opinion that the motion is well taken and

should be granted.

~~New Orleans~~ Belle Chasse, Louisiana, this 14th day of May, 2013.

_____
Judge

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO. 60-449

DIVISION "A"

JOREY DANOS, ET AL

**FILED**

MAY 0 8 2013

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL

DY. CLERK

FILED:_____

DEPUTY CLERK

## MOTION FOR EXTENSION OF TIME TO PLEAD

NOW INTO COURT, through undersigned counsel, come BP Exploration and Production Inc. and BP America Production Company (hereafter "Defendants") to move this Court for an additional thirty (30) days within which to respond to the Petition for Damages. In support of this motion, Defendants respectfully represent as follows:

1.

Defendants were served with this Petition for Damages on April 23, 2013.

2.

Undersigned counsel has been retained to represent Defendants in this matter.

3.

Undersigned counsel is seeking an additional thirty (30) days within which to respond to the Petition for Damages or through and including June 7, 2013.

4.

Catherine Cummins, Counsel for Plaintiffs, has been contacted by telephone and facsimile but has not provided consent to Defendants' request for an extension.

5.

Granting this motion will not unduly retard or delay this matter.

WHEREFORE, Defendants request an additional thirty (30) days within which to respond to the Petition for Damages in this matter.

Respectfully submitted.

Don K. Haycraft (Bar #14361)
Mark D. Latham, T.A. (Bar # 19673)
Devin C. Reid (Bar #32645)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

*Attorneys for BP Exploration & Production Inc. and BP America Production Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all known counsel of record by facsimile or by placing a copy of same in the United States mail, properly addressed and postage prepaid. this 8th day of May, 2013.

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO. 60-449

DIVISION "A"

**FILED**

MAY 1 0 2013

JOREY DANOS, ET AL

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____

_____
DEPUTY CLERK

**ORDER**

Considering the foregoing Motion for Extension of Time.

IT IS HEREBY ORDERED that BP Exploration and Production Inc. and BP America Production Company, defendants in this matter, be GRANTED an additional thirty (30) days, or through and including June 7, 2013, within in which to respond to the Petition for Damages.

Thus done and signed, this 10th day of _____May_____, 2013, at Belle Chasse, Louisiana.

_____
DISTRICT JUDGE

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO. 60-449

FILED

MAY 0 7 2013

DIVISION A

JOREY DANOS, FRANK HOWELL, PATRICK POIRSON, JAMES MORGAN, RONALD SHEARON, PATRICIA RYE, DANIEL HATCHER, AND DAVID HACKNEY

versus

BP AMERICA PRODUCTION COMPANY, BP EXPLORATION & PRODUCTION INC., BP, P.L.C., TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC, TRITON ASSET LEASING GMHB, HALLIBURTON ENERGY SERVICES, INC., M-I, LLC, CAMERON INTERNATIONAL CORPORATION, ANADARKO E&P COMPANY LP, ANAKARKO PETROLEUM CO., MOEX OFFSHORE 2007 LLC, MOEX USA CORPORATION, NALCO COMPANY, NALCO HOLDINGS, LLC, NALCO FINANCE HOLDINGS, LLC, NALCO HOLDING COMPANY, PARSONS CORPORATION, AIRBORNE SUPPORT, INC, AIRBORNE SUPPORT INTERNATIONAL, INC., HEPACO, INC., T&M BOAT RENTALS, L.L.C., DANS AND CUROLE STAFFING, LLC, CAPT VIE, L.L.C., AQUANAUT TOWING & SALVAGE, INC., EASON DIVING AND MARINE CONTRACTORS, INC., O'BRIEN'S RESPONSE MANAGEMENT, L.L.C., NORTHSTAR MARINE CORPORATION, FALCK ALFORD, SHAMROCK MANAGEMENT, LLC, TEAM LABOR FORCE, LLC, ES&H, INC., SUPERIOR LABOR SERVICES, INC., ADRIATIC MARINE, LLC, JULES MELANCON, INC., USA LABOR, LLC, USA ENVIRONMENTAL SERVICES, INC., WAM INDUSTRIES, INC., AND CAMERON INTERNATIONAL CORPORATION

FILED: _____     _____

                                              DEPUTY CLERK

## MOTION AND ORDER TO VOLUNTARILY DISMISS SUPERIOR LABOR SERVICES, INC.

On motion of Plaintiffs, JOREY DANOS, FRANK HOWELL, PATRICK POIRSON, JAMES MORGAN, RONALD SHEARON, PATRICIA RYE, DANIEL HATCHER, and DAVID HACKNEY, through undersigned counsel, and on suggesting to the Court that they desire to dismiss all claims against Defendant, SUPERIOR LABOR SERVICES, INC., without prejudice;

IT IS ORDERED, ADJUDGED AND DECREED that all of Plaintiffs' claims against Defendant, SUPERIOR LABOR SERVICES, INC., be and are hereby dismissed, without prejudice, with Plaintiffs to bear their own costs.

SIGNED on this 7th day of May, 2013, at Belle Chasse, Louisiana.

_____
DISTRICT COURT JUDGE

Respectfully submitted,

**CATHERINE B. CUMMINS (29558)**
Email: ccummins@smithstag.com
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601

**STUART H. SMITH (17805)**
Email: ssmith@stag.com
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601

Attorney for Plaintiffs

Co-Counsel for Plaintiffs

**ROBERT J. McKEE (# 0972614)**
Email: RMcKee@krupnicklaw.com
The Law Offices of Krupnick,
Campbell, et al
12 Southeast 7th Street - #801
Fort Lauderdale, Florida 33301
Phone: (954) 763-8181 #8619
Facsimile: (954) 763-8292

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been this day forwarded to all counsel of record via one or more of the following:

( ) Hand Delivery        ( ) Overnight Delivery

( ) Facsimile        (✓) U.S. Mail, postage prepaid

( ) Electronic Mail        ( ) Certified Mail/Return Receipt

SIGNED at New Orleans, Louisiana, this 7th day of May, 2013.

*JOREY DANOS ET AL*

*Versus*

**BP AMERICA PRODUCTION COMPANY
ET AL**



*Case: 00060449
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana*

To: HEPACO INC
    THE PRENTICE-HALL CORPORATION SYSTEM, INC
    320 SOMERULOS ST
    BATON ROUGE, LA 70802

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

*Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037*

---

### Service Information

*Received on the* 23 *day of* Apr *, 20 13 and on the* 23 *day of* Apr *, 20 13 served the above named party as follows:*

**Personal Service** on the party herein named ___Prentice Hall Corp___
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ *this* ___ *day of* _____, 20 ___.

Service     $ _____
                          By: _____
Mileage     $ _____          *Deputy Sheriff*

Total       $ _____

APR 3 0 2013

E.B.R. SHERIFF'S OFFICE

APR 2 2 2013

RECEIVED

*JOREY DANOS ET AL*

*Versus*

*BP AMERICA PRODUCTION COMPANY ET AL*



*Case: 00060449*
*Division: A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To: M-I LLC
    CAPITOL CORPORATE SERVICES, INC
    8550 UNITED PLAZA BUILDING II, SUITE 305
    BATON ROUGE, LA 70809

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of
_____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $_____
                                    By: _____
Mileage     $_____              Deputy Sheriff

Total        $_____

APR 23 2013

RECEIVED
APR 22 2013

E.B.R. SHERIFF'S OFFICE

I made service on the named party
by tendering a copy of this document to
_____
B James 0283
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

FILED
APR 3 0 2013

[ FILED COPY ]

*JOREY DANOS ET AL*

*Versus*

*BP AMERICA PRODUCTION COMPANY ET AL*



Case: *00060449*
Division: *A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To: *ANADARKO E&P COMPANY LP*
*CT CORPORATION*
*5615 CORPORATE BLVD., SUITE 400B*
*BATON ROUGE, LA 70808*

YOU ARE HEREBY SUMMONED *to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, *at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

*Req. By:*
*CATHRINE B CUMMINGS*
*ATTORNEY FOR PLAINTIFFS*
*504-593-9600*

*Deputy Clerk of Court for*
*Dorothy M. Lundin, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

---

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

Service      $_____
                                          *By:* _____
Mileage     $_____                    *Deputy Sheriff*

Total        $_____
                    APR 2 3 2013

I made service on the named party through the

CT Corporation

by tendering a copy of this document to
☐ LISA LITTECH          ☐ LYNETTE BASS
        ☐ RODRICK THOMAS        ☐ JULIE CHISM
                    Tester Garandra

DY. L. KLING  0586
Deputy She...

E.D.R. SHERIFF'S OFFICE
APR 2 2 2013
RECEIVED

[ FILED COPY ]

APR 3 0
DY. CLERK.

*JOREY DANOS ET AL*

*Versus*

**BP AMERICA PRODUCTION COMPANY
ET AL**



Case: *00060449*
Division: *A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

---

To: *BP EXPLORATION & PRODUCTION, INC
THROUGH ITS AGENT FOR SERVICE OF PROCESS
CT CORPORATION
5615 CORPORATE BLVD., SUITE 400B
BATON ROUGE, LA 70808*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

*Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600*

*Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037*

---

### *Service Information*

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20____ served the above named party as follows:*

*Personal Service on the party herein named _____
Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*Returned:
Parish of _____ this _____ day of _____, 20_____.*

Service     $_____

Mileage     $_____                         By: _____
                                                      *Deputy Sheriff*

Total       $_____         APR 2 3 2013

I made service on the named party through the
CT Corporation

by tendering a copy of this document to
☐ LISA UITECH      ☐ LYNETTE BASS
        ☐ ROSELINDA THOMAS     ☐ JULIE CHISM

BY. L. KLING, 0586

APR 3 2013

E.B.R. SHERIFF'S OFFICE     APR 2 2 2013     RECEIVED

[ FILED COPY ]

*JOREY DANOS ET AL*

*Versus*

*BP AMERICA PRODUCTION COMPANY
ET AL*



*Case: 00060449
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana*

To: BP AMERICA PRODUCTION COMPANY
THROUGH ITS AGENT FOR SERVICE OF PROCESS
CT CORPORATION
5615 CORPORATE BLVD., SUITE 400B
BATON ROUGE, LA 70808

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

Deputy Clerk of Court for _____
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service    $_____
                                    By: _____
Mileage   $_____                    Deputy Sheriff

Total      $_____        APR 2 3 2013

.  made service on the named party through the

CT Corporation

by tendering a copy of this document to
☐ LISA UTTECH          ☐ LYNETTE DASS
     ☐ RODRICK THOMAS        ☐ JULIE CHISM

BY L KLING 0586

E.B.R. SHERIFF'S OFFICE
APR 2 2 2013
RECEIVED

FILED
APR 3 0 2013

[ FILED COPY ]

*JOREY DANOS ET AL*

*Versus*

*BP AMERICA PRODUCTION COMPANY*
*ET AL*



*Case: 00060449*
*Division: A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To: ANADARKO PETROLEUM CORPORATION CO
CT CORPORATION SYSTEM
5615 CORPORATE BLVD., SUITE 400B
BATON ROUGE, LA 70808

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $_____
                              By: _____
Mileage     $_____            Deputy Sheriff

Total        $_____

APR 2 3 2013

RECEIVED
APR 2 2 2013
E.B.R. SHERIFF'S OFFICE

FILED
APR 3 0 2013
DY. CLERK

I made service on the named party through the
CT Corporation
by tendering a copy of this document to
☐ LISA UTTECH      ☐ LYNETTE BASS
    ☐ RODERICK THOMAS    ☐ JULIE CHISM
                    Trasar Fernandez
DY. L. KLING 0586
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

[ FILED COPY ]

JOREY DANOS ET AL

Versus

BP AMERICA PRODUCTION COMPANY
ET AL



Case. 00060449
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To:  HALLIBURTON ENERGY SERVICES INC
     CT CORPORATION SYSTEM
     5615 CORPORATE BLVD., SUITE 400B
     BATON ROUGE, LA 70808

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and
correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a
pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of
Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday,
April 17, 2013.

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA  70037

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of
_____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the
hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from his/her residence at the time of
said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service     $_____

Mileage     $_____          By: _____
                                        Deputy Sheriff

Total       $_____

APR 2 3 2013

I made service on the named party through the RECEIVED

CT Corporation

by tendering a copy of this document to                    APR 2 2 2013

☐ LISA UTTECH      ☐ LYNETTE BASS        E.B.R. SHERIFF'S OFFICE
        ☐ RODERICK THOMAS      ☐ JULIE GHISI

DY. L. KLING 0586
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

APR 2013

[ FILED COPY ]



# SMITH STAG, LLC

One Canal Place I 365 Canal Street I Suite 2850 I New Orleans, Louisiana 70130
Phone 504 593 9600 I Fax 504 593 9601 I www.smithstag.com I mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy±
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.±

† Limited Liability Company
‡ Also Admitted in Texas
± Also Admitted in New Jersey
° Also Admitted in Mississippi

April 30, 2013

FILED
APR 3 0 2013

**VIA OPUS LEGALIS**
Plaquemines Parish
Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

Re:     **Jorey Danos, et al v. BP America Production Company, et al**
        **25th Judicial District Court No. 60-449, Division, "A"**
        **Our File No.: 204938**

Dear Sir/Madam:

        Please re-issue a citation to the following Louisiana defendant. The previous address was
incorrect. Please serve citation as soon as possible. Thank you.

                M-I L.L.C.
                National Registered Agents, Inc.
                5615 Corporate Blvd. Ste. 400B
                Baton Rouge, LA 70808

                        Sincerely,

                        SMITH STAG, LLC

                        Ileene Dawsey
                        Legal Assistant to
                        Catherine Cummins

/ind

**JOREY DANOS ET AL**

*Versus*

**BP AMERICA PRODUCTION COMPANY ET AL**



Case: *00060449*
Division: *A*
25th *Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To: FLACK ALFORD
    KARL J. ZIMMERMAN
    1100 POYDRAS ST., SUITE 3600
    NEW ORLEANS, LA 70163

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

SERIAL NO. 9105 31 DEPUTY PARISH

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

### Service Information

Received on the *23* day of *April*, 20 *13* and on the *23* day of *April*, 20 *13* served the above named party as follows:

**Personal Service** on the party herein named *TRACEY ROPER*.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of *Orleans* this *23* day of *April*, 20 *13*.

Service    $_____

Mileage    $_____          By: *L. Scott 423*
                                  Deputy Sheriff

Total      $_____

FILED
APR 25 2013

*JOREY DANOS ET AL*

*Versus*

*BP AMERICA PRODUCTION COMPANY ET AL*



*Case: 00060449*
*Division: A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To: AIRBORNE SUPPORT INTERNATIONAL INC
    HOWARD BARKER
    3626 THUNDERBIRD ROAD
    HOUMA, LA 70363

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service    $_____

Mileage    $_____          By: _____

Total      $_____          *Deputy Sheriff*
                                **PERSONAL THRU**

                                4/22/13 @ 2:16 P.M.
                                EVELYN BARKER

*JOREY DANOS ET AL*

*Versus*

*BP AMERICA PRODUCTION COMPANY ET AL*



Case: 00060449
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: AIRBORNE SUPPORT INC
    HOWARD BARKER
    3626 THUNDERBIRD RD.
    HOUMA, LA 70363

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of
_____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service     $_____

Mileage     $_____            By: _____

Total       $_____                 *Deputy Sheriff*
                                       **PERSONAL THRU**

                                       4/23/13 @ 8:16AM
                                       EVELYN BARKER
                                       WIFE

APR 26 2013

[ FILED COPY ]

*JOREY DANOS ET AL*

*Versus*

**BP AMERICA PRODUCTION COMPANY ET AL**



*Case: 00060449*
*Division: A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To: *SUPERIOR LABOR SERVICES, INC*
    *DAN JOSEPH FALGOT*
    *8702 PARK AVE.*
    *HOUMA LA 70363*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

*Req. By:*
*CATHRINE B CUMMINGS*
*ATTORNEY FOR PLAINTIFFS*
*504-593-9600*

*Deputy Clerk of Court for*
*Dorothy M. Lundin, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service    $_____

Mileage    $_____          By: _____
                                      *Deputy Sheriff*

Total      $_____          **PERSONAL THRU**
                               4/22/13 @ 2:36 P.m.
                               Cindy Lestewist
                               Secretary

FILED
APR 2 6 2013

[ FILED COPY ]

*JOREY DANOS ET AL*

*Versus*

*BP AMERICA PRODUCTION COMPANY*
*ET AL*



Case: *00060449*
Division: *A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To:  ES & H INC
     LAWRENCE X BOUCVALT III
     1730 COTEAU RD
     HOUMA, LA 70364

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

PERSONAL THRU
ROBIN DEROCHE
042013    1318
Dr John Crouch

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

FILED
APR 26 2013

*Deputy Clerk of Court for*
*Dorothy M. Lundin, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

___

## Service Information

*Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:*

**Personal Service** *on the party herein named _____*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*Returned:*
*Parish of _____ this _____ day of _____, 20____.*

Service     $_____

Mileage     $_____

Total       $_____

By: _____
         *Deputy Sheriff*

[ FILED COPY ]

*JOREY DANOS ET AL*

*Versus*

**BP AMERICA PRODUCTION COMPANY ET AL**



Case: 00060449
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

**FILED**

*APR 26 2013*

To: ES & H INC
    EDDIE N. PULLARO
    1054 WEST TUNNEL BLVD.
    HOUMA, LA 70360

**PERSONAL**
4-23-13   9:34am
*By R Pelligra*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

*Req. By:*
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

*Deputy Clerk of Court for*
*Dorothy M. Lundin, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

---

## Service Information

*Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*Returned:*
*Parish of _____ this _____ day of _____, 20____.*

Service    $_____

Mileage    $_____          *By: _____*
                                      *Deputy Sheriff*

Total      $_____

[ FILED COPY ]

*JOREY DANOS ET AL*

*Versus*

**BP AMERICA PRODUCTION COMPANY ET AL**



*Case: 00060449*
*Division: A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

To: *TEAM LABOR FORCE, LLC*
*EDDIE N. PULLARO*
*1054 WEST TUNNEL BLVD.*
*HOUMA, LA 70360*

PERSONAL
4-23-13 9:34 am
by R. Pulley

APR 26 2013

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

*Req. By:*
*CATHRINE B CUMMINGS*
*ATTORNEY FOR PLAINTIFFS*
*504-593-9600*

*Deputy Clerk of Court for*
*Dorothy M. Lundin, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of
_____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service    $_____

                              By: _____

Mileage    $_____          *Deputy Sheriff*

Total      $_____

[ FILED COPY ]

*JOREY DANOS ET AL*

*Versus*

**BP AMERICA PRODUCTION COMPANY ET AL**

Case: 00060449
Division: A
25ᵗʰ Judicial District Court
Parish of Plaquemines
State of Louisiana

To: SHAMROCK MANAGEMENT, LLC
     JEFFREY L. TRAHAN
     4800 HWY 311
     HOUMA, LA 70360

*PERSONAL*
4-23-13  9:55am

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25ᵗʰ Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Wednesday, April 17, 2013.*

Req. By:
CATHRINE B CUMMINGS
ATTORNEY FOR PLAINTIFFS
504-593-9600

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of
_____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service     $_____

Mileage    $_____          By: _____
                                              Deputy Sheriff
Total       $_____

[ FILED COPY ]



U.S. Department of Justice
United States Marshals Service

## REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative 'a la signification et 'a la notification 'a l'etranger des actes judiciaires ou extrajudiciaires en matiere civile*
*ou commerciale, signage 'a La Haye, le 15 Novembre 1965.*

| Identity and address of the applicant<br>*Identite et adresse du requerant*<br>CLERK OF COURT<br>DOROTHY M LUNDIN<br>P O BOX 40<br>BELLE CHASSE LA 70037 | Address of receiving authority<br>*Adresse de l'autorite destinataire*<br>BP PLC<br>1 ST JAMES'S SQUARE<br>LONDON SW1Y 4PD<br>UNITED KINGDOM |
|---|---|

The undersigned applicant has the honour to transmit-in duplicate-the documents listed below and, in
conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof
on the addressee, i.e.,
   (identity and address)

*Le requerant soussigne a l'honneur de faire parvenir-en double exemplaire-a l'autorite destinataire les documents ci-dessous enumeres,*
*en la priant conformement a l'article 5 de la Convention precitee, d'en faire remettre sans remettre un exemplaire au destinataire, savoir:*
*(identite et adresse)*

☐ (a) in accordance with the provisions or sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
   *a) selon les formes legales (article 5 alinea premier, lettre a).*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
   *b) selon la forme particuliere suivante (article 5, aline'a premier, lettre b) :*

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
   *c) le cas echeant, par remise simple (article 5, alinea 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents-and of the
annexes—with a certificate* a provided on the reverse side.
*Celle autorite est priee de renvoyer ou de faire renvoyer au requerant un exemplaire de l'acte-et de ses annexes -avec l'attestation figurant au verso*

List of documents
*Enumeration der pieces*
   Citation
   Petition for Damages

Done at __Belle Chasse__ , the __19th day of__
*Fait 'a* , *le*          __April 2013__

(Signature and/or stamp)
*Signature et/ou cachet*

USM Form 94
Est. 11/77, Automated 11/00
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO.  60-449                                        DIVISION  "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____        _____
                                        DEPUTY CLERK

AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

PERSONALLY CAME AND APPEARED:

CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was
filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana,
in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*,
No. 60-449, Division "A" that to the best of affiant's knowledge, Moex USA
Corporation, Inc. is a foreign corporation located in Wilmington, Delaware, whose
principal place of business in Houston, Texas; that a citation and true copy of the Petition
for Damages filed in this matter was sent certified mail, No. 7012 1010 0003 6685 0378,
to Moex USA Corporation's registered agent Corporation Trust Center, located at 1209
Orange Street, Wilmington, DE 19801, to satisfy the service of process requirements
pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201 et seq. that by the attached
Certificate of Mailing marked Exhibit "A" said certified letter was received on or around
April 22, 2013.

CATHERINE B CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS  13  OF  May , 2013.

_____
NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34845)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7012 1010 0003 6685 0446

Sent To: AQUANAUT TOWING & SALVAGE, INC.,
d/b/a Sea Tow Destin,
John Ward, Jr.
Street, Apt. No.; or PO Box No. 11120 Lillian Hwy
City, State, ZIP+4 Pensacola, Florida 32506

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AQUANAUT TOWING & SALVAGE, INC.,
d/b/a Sea Tow Destin,
John Ward, Jr.
11120 Lillian Hwy
Pensacola, Florida 32506

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Whitley Cr ☐ Agent ☒ Addressee

B. Received by ( Printed Name )  C. Date of Delivery
X Whitney Crosby  4-26-13

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7012 1010 0003 6685 0446

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO.   60-449                                        DIVISION "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____            _____
                                                   DEPUTY CLERK

AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

PERSONALLY CAME AND APPEARED:

CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was
filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana,
in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*,
No. 60-449, Division "A" that to the best of affiant's knowledge, Aquanaut Towing &
Salvage, Inc., d/b/a Sea Tow Destin is a foreign corporation located in Pensacola, Florida,
whose principal address is 11120 Lillian Hwy, Pensacola, FL 32506; that a citation and
true copy of the Petition for Damages filed in this matter was sent certified mail, No.
7012 1010 0003 6685 0446, Aquanaut Towing & Salvage, Inc., d/b/a Sea Tow Destin's
registered agent John Ward, Jr., located at 11120 Lillian Hwy, Pensacola, FL 32506, to
satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La.
R.S. 13:3201 et seq. that by the attached Certificate of Mailing marked Exhibit "A" said
certified letter was received on or around April 22, 2013.

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

_____
CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _13_ OF _May_____, 2013.

_____
NOTARY PUBLIC

1



# S | S M I T H   S T A G ,   L L C

One Canal Place I 365 Canal Street I Suite 2850 I New Orleans, Louisiana 70130
Phone 504 593 9600 I Fax 504 593 9601 I www.smithstag.com I mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy‡
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
± Also Admitted in New Jersey
° Also Admitted in Mississippi

April 22, 2013

**CERTIFIED MAIL - #7012 1010 0003 6685 0446**

Aquanaut Towing & Salvage, Inc. d/b/a/ Sea Tow Destin,
John Ward, Jr.
11120 Lillian Hwy
Pensacola, FL 32506

Re:    Jorey Danos, et al v. BP America Production Company, et al
       25th Judicial District Court No. 60-449, Division, "A"
       Our File No.: 204938

Dear Mr. Ward:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure





EXHIBIT
A

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

7011 0470 0002 5914 5927

Sent To

Moex USA Corporation
The Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

PS Form 3800

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MOEX USA CORPORATION
The Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )        C. Date of Delivery
APR 26 2013

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7012 1010 0003 6685 0378

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO.   60-449                                    DIVISION "A"

                                               **FILED**
JOREY DANOS, ET AL                             MAY 2 1 2013

Versus

BP AMERICA PRODUCTION COMPANY, ET AL                                       DV. CLERK

FILED: _____    _____
                                  DEPUTY CLERK

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

PERSONALLY CAME AND APPEARED:

CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was

filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana,

in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*,

No. 60-449, Division "A" that to the best of affiant's knowledge, WAM Industries, Inc. is

a foreign corporation located in Georgia; that a citation and true copy of the Petition for

Damages filed in this matter was sent certified mail, No. 7012 1010 0003 6685 0477,

WAM Industries, Inc.'s registered agent Mark A Woods with an address of 2341 Hill St.

NW, Atlanta, GA 30318 to satisfy the service of process requirements pursuant to

Louisiana Long Arm Statute, La. R.S. 13:3201 et seq. that by the attached Certificate of

Mailing marked Exhibit "A" said certified letter was received on or around April 22,

2013.

                                   _____
                                   CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS  13  OF  May , 2013.

_____
NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# SMITH STAG, LLC

One Canal Place | 365 Canal Street | Suite 2850 | New Orleans, Louisiana 70130
Phone 504 593 9600 | Fax 504 593 9601 | www.smithstag.com | mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy^±
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
± Also Admitted in New Jersey
° Also Admitted in Mississippi

April 22, 2013

CERTIFIED MAIL - #7012 1010 0003 6685 0477

WAM Industries
Mark A Woods
2341 Hill St NW
Atlanta, GA 30318

Re:   Jorey Danos, et al v. BP America Production Company, et al
      25th Judicial District Court No. 60-449, Division, "A"
      Our File No.: 204938

Dear Mr. Woods:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure





EXHIBIT
A

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark Here

7012 1010 0003 6685 0477

Sent To
WAM Industries INC
Mark A Woods
Street, Apt. No.
or PO Box No.
2341 Hill St NW
City, State, ZIP
Atlanta, GA 30318

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WAM Industries INC
Mark A Woods
2341 Hill St NW
Atlanta, GA 30318

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Robert Woods    25 Apr 13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7012 1010 0003 6685 0477

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

25ᵗʰ JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO.   60-449                                        DIVISION "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____        _____
                                             DEPUTY CLERK

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

PERSONALLY CAME AND APPEARED:

CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was

filed in the 25ᵗʰ Judicial District Court for the Parish of Plaquemines, State of Louisiana,

in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*,

No. 60-449, Division "A" that to the best of affiant's knowledge, Eason Diving and

Marine Contractors, Inc. is a foreign corporation located in South Carolina: that a citation

and true copy of the Petition for Damages filed in this matter was sent certified mail, No.

7012 1010 0003 6685 0453, Eason Diving and Marine Contractors, Inc.'s registered

agent Thomas D. Eason, 2668 Spruill Avenue, Charleston, SC 29405 to satisfy the

service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201

et seq. that by the attached Certificate of Mailing marked Exhibit "A" said certified letter

was received on or around April 22, 2013.

CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS   13   OF   May, 2013.

_____
NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# SMITH STAG, LLC

One Canal Place | 365 Canal Street | Suite 2850 | New Orleans, Louisiana 70130
Phone 504 593 9600 | Fax 504 593 9601 | www.smithstag.com | mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy‡
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Lluzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
‡ Also Admitted in New Jersey
° Also Admitted in Mississippi

April 22, 2013

**CERTIFIED MAIL - #7012 1010 0003 6685 0453**

Eason Diving and Marine Contractors, Inc.
Thomas D. Eason
2668 Spruill Ave
Charleston, SC 29405

Re:   **Jorey Danos, et al v. BP America Production Company, et al**
      **25ᵗʰ Judicial District Court No. 60-449, Division, "A"**
      **Our File No.: 204938**

Dear Mr. Eason:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25ᵗʰ Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure



MAY 2 2013

EXHIBIT
A

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark Here

7012 1010 0003 6685 0453

Sent To
EASON DIVING AND MARINE
CONTRACTORS. INC..
Thomas D. Eason
2668 Spruill Avenue
SC. 29405.

Street, Apt. No.
or PO Box No.
City, State, ZIP

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EASON DIVING AND MARINE
CONTRACTORS. INC..
Thomas D. Eason
2668 Spruill Avenue
SC. 29405.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☒ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
T. Hutchinson   4/20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7012 1010 0003 6685 0453

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO.   60-449                                          DIVISION "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____          _____
                                                    DEPUTY CLERK

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

PERSONALLY CAME AND APPEARED:

CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*, No. 60-449, Division "A" that to the best of affiant's knowledge, Parsons Corporation is a foreign corporation located in Delaware, whose principal place of business is in California; that a citation and true copy of the Petition for Damages filed in this matter was sent certified mail, No. 7012 1010 0003 6685 0439, Parsons Corporation's registered agent The Corporation Trust Company., located at 1209 Orange St, Wilmington, DE 19801, to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201 et seq. that by the attached Certificate of Mailing marked Exhibit "A" said certified letter was received on or around April 22, 2013.

CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS  _13_  OF  _May_ , 2013.

_____
NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# SMITH STAG, LLC

One Canal Place | 365 Canal Street | Suite 2850 | New Orleans, Louisiana 70130
Phone 504 593 9600 | Fax 504 593 9601 | www.smithstag.com | mail@smithstag.com

Stuart H. Smith[†]
Michael G. Stag[†]

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy[≡]
John L. Fontenot
Merritt E. Cunningham[◦]
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.[‡]

[†] Limited Liability Company
[‡] Also Admitted in Texas
[≡] Also Admitted in New Jersey
[◦] Also Admitted in Mississippi

April 22, 2013

**CERTIFIED MAIL - #7012 1010 0003 6685 0439**

Parsons Corporation
The Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

Re:     **Jorey Danos, et al v. BP America Production Company, et al**
        **25th Judicial District Court No. 60-449, Division, "A"**
        **Our File No.:  204938**

Dear Sir/Madam:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure





EXHIBIT
**A**

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark Here

Sent To
PARSONS CORPORATION
The Trust Corporation
Street, Apt. No.; or PO Box No.
1209 Orange Street
City, State, ZIP+4
Wilmington, DE 19601

7012 1010 0003 6685 0439

PS Form 3800

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PARSONS CORPORATION
The Trust Corporation
1209 Orange Street
Wilmington, DE 19601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
APR 2 6 2013

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7012 1010 0003 6685 0439

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO.   60-449                                     DIVISION "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____

_____
DEPUTY CLERK

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

PERSONALLY CAME AND APPEARED:

### CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*, No. 60-449, Division "A" that to the best of affiant's knowledge, Nalco Company is a foreign corporation located in Delaware, whose limited liability company at all pertinent times does business in the State of Louisiana; that a citation and true copy of the Petition for Damages filed in this matter was sent certified mail, No. 7012 1010 0003 6685 0392, Nalco Company's registered agent The Corporation Trust Company., located at 1209 Orange St, Wilmington, DE 19801, to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201 et seq. that by the attached Certificate of Mailing marked Exhibit "A" said certified letter was received on or around April 22, 2013.

CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS ___13___ OF ___May___, 2013.

_____
NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1

 **SMITH STAG, LLC**

One Canal Place | 365 Canal Street | Suite 2850 | New Orleans, Louisiana 70130
Phone 504 593 9600 | Fax 504 593 9601 | www.smithstag.com | mail@smithstag.com

Stuart H. Smith[†]
Michael G. Stag[†]

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy[±]
John L. Fontenot
Merritt E. Cunningham[e]
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.[±]

† Limited Liability Company
± Also Admitted in Texas
± Also Admitted in New Jersey
e Also Admitted in Mississippi

April 22, 2013

CERTIFIED MAIL - #7012 1010 0003 6685 0392

Nalco Company
The Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

   Re: **Jorey Danos, et al v. BP American Production Company, et al**
     **25th Judicial District Court No. 60-449, Division, "A"**
     **Our File No.: 204938**

Dear Sir/Madam:

   Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

   Please note that suit has been filed against you in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

   Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

   Please take the necessary procedures to assure that your interests in this matter are satisfied.

        Sincerely,
        SMITH STAG, LLC

        Ileene Dawsey
        Legal Assistant to
        Catherine B. Cummins

/ind
Enclosure





EXHIBIT

A

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Postmark Here

Sent To    NALCO COMPANY
Street, Apt. No.; or PO Box No.    Corporation Trust Center
City, State, ZIP+4    1209 Orange Street
Wilmington, DE 19801

7012 1010 0003 6685 0392

PS Form 3800, August 2006    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NALCO COMPANY
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                  APR 2 6 2013

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7012 1010 0003 6685 0392

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO.   60-449                                              DIVISION "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____          _____
                                                  DEPUTY CLERK

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

PERSONALLY CAME AND APPEARED:

### CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*, No. 60-449, Division "A" that to the best of affiant's knowledge, Moex Offshore 2007, LLC is a foreign corporation located in Delaware, whose limited liability company at all pertinent times does business in the State of Louisiana; that a citation and true copy of the Petition for Damages filed in this matter was sent certified mail, No. 7012 1010 0003 6685 0385, Moex Offshore 2007, LLC's registered agent The Corporation Trust Center., located at 1209 Orange St, Wilmington, DE 19801, to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201 et seq. that by the attached Certificate of Mailing marked Exhibit "A" said certified letter was received on or around April 22, 2013.

CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS   13   OF   May, 2013.

NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34845)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# SMITH STAG, LLC

One Canal Place I 365 Canal Street I Suite 2850 I New Orleans, Louisiana 70130
Phone 504 593 9600 I Fax 504 593 9601 I www.smithstag.com I mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy‡
John L. Fontenot
Merritt E. Cunningham⁰
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
± Also Admitted in New Jersey
⁰ Also Admitted in Mississippi

April 22, 2013

**CERTIFIED MAIL – #7012 1010 0003 6685 0385**

MOEX Offshore 2007, LLC
The Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

Re:   **Jorey Danos, et al v. BP America Production Company, et al**
      **25th Judicial District Court No. 60-449, Division, "A"**
      **Our File No.: 204938**

Dear Sir/Madam:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure





EXHIBIT

A

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark Here

7012 1010 0003 6685 0385

Sent To MOEX OFFSHORE 2007, LLC
Street, Apt. No.; or PO Box No. The Corporation Trust Center
1209 Orange St
City, State, ZIP+4 Wilmington, DE 19801

PS Form 3800, August 2006 See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MOEX OFFSHORE 2007, LLC
The Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Melanie M Glass_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
APR 26 2013

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 1010 0003 6685 0385

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO. 60-449

DIVISION "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____

_____
DEPUTY CLERK

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

### PERSONALLY CAME AND APPEARED:

### CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*, No. 60-449, Division "A" that to the best of affiant's knowledge, Nalco Holdings, LLC. is a foreign corporation located in Delaware, whose limited liability company at all pertinent times does business in the State of Louisiana; that a citation and true copy of the Petition for Damages filed in this matter was sent certified mail, No. 7012 1010 0003 6685 0408,Nalco Holdings, LLC's registered agent Corporation Trust Center, located at 1209 Orange Street, Wilmington, DE 19801, to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201 et seq. that by the attached Certificate of Mailing marked Exhibit "A" said certified letter was received on or around April 22, 2013.

_____
CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _13_ OF _May_ , 2013.

_____
NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# SMITH STAG, LLC

One Canal Place | 365 Canal Street | Suite 2850 | New Orleans, Louisiana 70130
Phone 504 593 9600 | Fax 504 593 9601 | www.smithstag.com | mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy‡
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
≟ Also Admitted in New Jersey
° Also Admitted in Mississippi

April 22, 2013

CERTIFIED MAIL.- #7012 1010 0003 6685 0408

Nalco Holdings, LLC
The Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

Re:     Jorey Danos, et al v. BP America Production Company, et al
        25th Judicial District Court No. 60-449, Division, "A"
        Our File No.: 204938

Dear Sir/Madam:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division. "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure





EXHIBIT

A

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & | |

7012 1010 0003 6685 0408

Sent To
NALCO HOLDINGS, LLC
Street, Apt. No.; or PO Box No.
Corporation Trust Center
City, State, ZIP+4
1209 Orange Street
Wilmington, DE 19801

PS Form 3800, August 2006

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NALCO HOLDINGS, LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Melanie M Graf_
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
APR 2 6 2013

D. Is delivery address different from item 17   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7012 1010 0003 6685 0408

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO. 60-449

DIVISION "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____    _____
                                  DEPUTY CLERK

AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

PERSONALLY CAME AND APPEARED:

CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*, No. 60-449, Division "A" that to the best of affiant's knowledge, Transocean Holdings, LLC. is a foreign corporation located in Delaware, whose limited liability company at all pertinent times does business in the State of Louisiana; that a citation and true copy of the Petition for Damages filed in this matter was sent certified mail, No. 7012 1010 0003 6685 0347, Transocean Holdings, LLC's registered agent Corporation Trust Center, located at 1209 Orange Street, Wilmington, DE 19801, to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201 et seq. that by the attached Certificate of Mailing marked Exhibit "A" said certified letter was received on or around April 22, 2013.

CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 13 OF May , 2013.

NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# SMITH STAG, LLC

One Canal Place | 365 Canal Street | Suite 2850 | New Orleans, Louisiana 70130
Phone 504 593 9600 | Fax 504 593 9601 | www.smithstag.com | mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy‡
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
# Also Admitted in New Jersey
° Also Admitted in Mississippi

April 22, 2013

**CERTIFIED MAIL - #7012 1010 0003 6685 0347**

Transocean Holdings LLC
Capitol Services, Inc
1675 S State St, Suite B
Dover, DE 19901

Re:   **Jorey Danos, et al v. BP America Production Company, et al**
      **25ᵗʰ Judicial District Court No. 60-449, Division, "A"**
      **Our File No.: 204938**

Dear Sir/Madam:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25ᵗʰ Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure

MAY 21 2013
BY CLERK

**EXHIBIT**
**A**

ME THIS _13_ OF _May_, 2013.

NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LBBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# SMITH STAG, LLC

One Canal Place I 365 Canal Street I Suite 2850 I New Orleans, Louisiana 70130
Phone 504 593 9600 I Fax 504 593 9601 I www.smithstag.com I mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy‡
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
‡ Also Admitted in New Jersey
° Also Admitted in Mississippi

April 22, 2013

**CERTIFIED MAIL – #7012 1010 0003 6685 0422**

Nalco Holding Company
The Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

Re:  **Jorey Danos, et al v. BP America Production Company, et al**
**25ᵗʰ Judicial District Court No. 60-449, Division, "A"**
**Our File No.: 204938**

Dear Sir/Madam:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25ᵗʰ Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure

FILED
MAY 21 2013

DY. CLERK

**EXHIBIT
A**

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _13_ OF _May_ , 2013.

NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# S M I T H  S T A G ,  LLC

One Canal Place I 365 Canal Street I Suite 2850 I New Orleans, Louisiana 70130
Phone 504 593 9600 I Fax 504 593 9601 I www.smithstag.com I mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy‡
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
‡ Also Admitted in New Jersey
° Also Admitted in Mississippi

April 22, 2013

CERTIFIED MAIL - #7012 1010 0003 6685 0415

Nalco Finance Holdings, LLC
The Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Re:    Jorey Danos, et al v. BP America Production Company, et al
       25th Judicial District Court No. 60-449, Division, "A"
       Our File No.: 204938

Dear Sir/Madam:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure

MAY 2 1 2013

**EXHIBIT**
**A**

NOTARY PUBLIC

and Attorney at Law (LSBA No.34845)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# SMITH STAG, LLC

One Canal Place I 365 Canal Street I Suite 2850 I New Orleans, Louisiana 70130
Phone 504 593 9600 I Fax 504 593 9601 I www.smithstag.com I mail@smithstag.com

Stuart H. Smith[†]
Michael G. Stag[†]

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy[‡]
John L. Fontenot
Merritt E. Cunningham[◊]
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.[‡]

[†] Limited Liability Company
[‡] Also Admitted in Texas
[‡] Also Admitted in New Jersey
[◊] Also Admitted in Mississippi

April 22, 2013

**CERTIFIED MAIL - #7012 1010 0003 6685 0354**

Triton Asset Leasing, GMBH
c/o Transocean Deepwater Drilling Inc
4 Greenway Plaza
Houston, TX 77046

Re:   **Jorey Danos, et al v. BP America Production Company, et al
25th Judicial District Court No. 60-449, Division, "A"
Our File No.: 204938**

Dear Sir/Madam:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure





EXHIBIT
A



## U.S. Postal Service
### CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Sent To
TRITON ASSET LEASING, GMBH
c/o Transocean Deepwater Drilling Inc
Street, Apt. No.; or PO Box No.
4 Greenway Plaza
City, State, ZIP+4
Houston, TX 77046

7012 1010 0003 6685 0354

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRITON ASSET LEASING, GMBH
c/o Transocean Deepwater Drilling Inc
4 Greenway Plaza
Houston, TX 77046

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Todd Cabera

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7012 1010 0003 6685 0354

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO.  60-449                                                    DIVISION "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____    _____
                                           DEPUTY CLERK

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

PERSONALLY CAME AND APPEARED:

CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*, No. 60-449, Division "A" that to the best of affiant's knowledge, Transocean Offshore Deepwater Drilling Inc. is a foreign corporation located in Delaware, whose limited liability company at all pertinent times does business in the State of Louisiana; that a citation and true copy of the Petition for Damages filed in this matter was sent certified mail, No. 7012 1010 0003 6685 0323, Transocean Offshore Deepwater Drilling Inc.'s registered agent Capitol Services, Inc., located at 1675 S State St Ste B, Dover, DE 19901, to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201 et seq. that by the attached Certificate of Mailing marked Exhibit "A" said certified letter was received on or around April 22, 2013.

CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 13 OF May, 2013.

_____
NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
385 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# SMITH STAG, LLC

One Canal Place | 365 Canal Street | Suite 2850 | New Orleans, Louisiana 70130
Phone 504 593 9600 | Fax 504 593 9601 | www.smithstag.com | mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy▵
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.▵

† Limited Liability Company
‡ Also Admitted in Texas
▵ Also Admitted in New Jersey
° Also Admitted in Mississippi

April 22, 2013

CERTIFIED MAIL - #7012 1010 0003 6685 0323

Transocean Offshore Deepwater Drilling Inc
Capitol Services, Inc
1675 S State St, Suite B
Dover, DE 19901

Re:     Jorey Danos, et al v. BP America Production Company, et al
        25th Judicial District Court No. 60-449, Division, "A"
        Our File No.: 204938

Dear Sir/Madam:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure



EXHIBIT
A

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Postmark Here

7012 1010 0003 6685 0323

Sent To: TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.
Capitol Services, INC
Street, Apt. No.; or PO Box No. 1675 S State St Ste B
City, State, ZIP+4 Dover, DE 19901

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.
Capitol Services, INC
1675 S State St Ste B
Dover, DE 19901

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Mary E Fink_     ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
MARY E. FiNK          4/25/13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered      ☑ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
7012 1010 0003 6685 0323

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO.   60-449                                          DIVISION "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____        _____
                                        DEPUTY CLERK

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

PERSONALLY CAME AND APPEARED:

### CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*, No. 60-449, Division "A" that to the best of affiant's knowledge, Cameron International Corporation is a foreign corporation located in Delaware, whose principal business establishment is in Louisiana is #6 Holloway Blvd., Ville Platte, LA 70586; that a citation and true copy of the Petition for Damages filed in this matter was sent certified mail, No. 7012 1010 0003 6685 0361, Cameron International Corporation's registered agent C.T. Corporation System, located at 1221 McKinney Ste 4500, Houston, TX 77010-2010, to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201 et seq. that by the attached Certificate of Mailing marked Exhibit "A" said certified letter was received on or around April 22, 2013.

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _13_ OF _____May_____, 2013.

_____
NOTARY PUBLIC

1



# SMITH STAG, LLC

One Canal Place | 365 Canal Street | Suite 2850 | New Orleans, Louisiana 70130
Phone 504 593 9600 | Fax 504 593 9601 | www.smithstag.com | mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy°
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
° Also Admitted in New Jersey
° Also Admitted in Mississippi

April 22, 2013

CERTIFIED MAIL - #7012 1010 0003 6685 0361

Cameron International Corporation
One Houston Center
1221 McKinney Ste 4500
Houston, TX 77010-2010

Re: Jorey Danos, et al v. BP America Production Company, et al
25ᵗʰ Judicial District Court No. 60-449, Division, "A"
Our File No.: 204938

Dear Sir/Madam:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25ᵗʰ Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201, et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure



FILED
MAY 2 1 2013

EXHIBIT
A

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark
Here

Sent To  CAMERON INTERNATIONAL CORPORATION
One Houston Center
Street, Apt.  1221 McKinney Ste 4500
or PO Box N
City, State, Z  Houston, TX 77010-2010

7012 1010 0003 6685 0361

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CAMERON INTERNATIONAL CORPORATION
One Houston Center
1221 McKinney Ste 4500
Houston, TX 77010-2010

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Jacob Morales_  ☐ Agent  ☐ Addressee
B. Received by ( Printed Name )  C. Date of Delivery
Jacob Morales  APR 24 2013
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  7012 1010 0003 6685 0361

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

25th JUDICIAL DISTRICT COURT, PLAQUEMINES PARISH
STATE OF LOUISIANA

NO. 60-449

DIVISION "A"

JOREY DANOS, ET AL

Versus

BP AMERICA PRODUCTION COMPANY, ET AL

FILED: _____

_____
DEPUTY CLERK

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

BEFORE ME, the undersigned authority,

### PERSONALLY CAME AND APPEARED:

### CATHERINE B. CUMMINS

who being by me first duly sworn did depose and say that a Petition for Damages was filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings entitled *Jorey Danos, et al. v. BP America Production Company, et al.*, No. 60-449, Division "A" that to the best of affiant's knowledge, Transocean Deepwater, Inc. is a foreign corporation located in Delaware, whose limited liability company at all pertinent times does business in the State of Louisiana; that a citation and true copy of the Petition for Damages filed in this matter was sent certified mail, No. 7012 1010 0003 6685 0330, Transocean Deepwater, Inc.'s registered agent Capitol Services Inc., located at 1675 S State St Ste B, Dover, DE 19901, to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201 et seq. that by the attached Certificate of Mailing marked Exhibit "A" said certified letter was received on or around April 22, 2013.

_____
CATHERINE B. CUMMINS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _13_ OF _May_, 2013.

_____
NOTARY PUBLIC

Ashley M. Liuzza, Notary Public
and Attorney at Law (LSBA No.34645)
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Parish of Orleans, State of Louisiana
My Commission is for Life.

1



# SMITH STAG, LLC

One Canal Place I 365 Canal Street I Suite 2850 I New Orleans, Louisiana 70130
Phone 504 593 9600 I Fax 504 593 9601 I www.smithstag.com I mail@smithstag.com

Stuart H. Smith†
Michael G. Stag†

Catherine B. Cummins
Robert D. McMillin
Sean S. Cassidy*
John L. Fontenot
Merritt E. Cunningham°
Ashley M. Liuzza

Of Counsel:
Barry J. Cooper, Jr.‡

† Limited Liability Company
‡ Also Admitted in Texas
‡ Also Admitted in New Jersey
° Also Admitted in Mississippi

April 22, 2013

CERTIFIED MAIL - #7012 1010 0003 6685 0330

Transocean Deepwater Inc
Capitol Services, Inc
1675 S State St, Suite B
Dover, DE 19901

> Re:   Jorey Danos, et al v. BP America Production Company, et al
>        25th Judicial District Court No. 60-449, Division, "A"
>        Our File No.: 204938

Dear Sir/Madam:

Please be advised that this office has the pleasure of representing Jorey Danos et al in the above referenced litigation.

Please note that suit has been filed against you in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in proceedings No. 60-449, Division, "A".

Enclosed herewith please find a certified copy of the Citation and Petition for Damages and for Injunctive Relief in this suit which is being sent to you certified mail to satisfy the service of process requirements pursuant to Louisiana Long Arm Statute, La. R.S. 13:3201. et seq.

Please take the necessary procedures to assure that your interests in this matter are satisfied.

Sincerely,
SMITH STAG, LLC

Ileene Dawsey
Legal Assistant to
Catherine B. Cummins

/ind
Enclosure





EXHIBIT
A

**U.S. Postal Service**
**CERTIFIED MAIL — RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

Postmark Here

Total Postage

Sent To    TRANSOCEAN DEEPWATER INC.
Captiol Services, Inc
Street, Apt. No.; or PO Box No.    1675 S State St Ste B
City, State, ZIP+4    Dover, DE 19901

7012 1010 0003 6685 0330

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRANSOCEAN DEEPWATER INC.
Captiol Services, Inc
1675 S State St Ste B
Dover, DE 19901

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Mary E Fink    ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
MARY E FINK    4/25/13

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7012 1010 0003 6685 0330

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT B

## DECLARATION OF CYNTHIA REYES GARCIA

STATE OF TEXAS                    §
                                 §
COUNTY OF HARRIS                 §

BEFORE ME, the undersigned authority, on this day personally appeared Cynthia Reyes Garcia, known to me to be a credible person of lawful age, and being by me first duly sworn, upon her oath deposed and stated that she has personal knowledge of the facts stated in this Declaration as follows:

1.      My name is Cynthia Reyes Garcia. I am authorized and competent to make this Affidavit, and I am over the age of 21 years and have never been convicted of a crime involving moral turpitude. I swear and affirm that the statements contained in this Declaration are true and correct. The matters attested herein are within my personal knowledge.

2.      I am currently the Vice President of Human Resources for the Reservoir Development Function. On April 20, 2010 I was the Human Resources Manager in the Gulf of Mexico.

3.      I am authorized to give this Declaration on behalf of BP Products North America Inc., BP Exploration & Production Inc., and BP Corporation North America Inc. (collectively "BP").

4.      As a general practice, and consistent with BP's internal policies, BP does not assume control over the employees of contractors.

5.      I am not aware of any facts that would indicate that BP's general practice was not followed with respect to Jorey Danos, Frank Howell, Patrick Poirson, James Morgan, Ronald Shearon, Daniel Hatcher or David Hackney.

6.      During at least the past five years, none of the following has ever been an employee of a BP entity: Jorey Danos, Frank Howell, Patrick Poirson, James Morgan, Ronald Shearon, Daniel Hatcher and David Hackney.

7.      Hence, none of the following was on BP's payroll or receiving fringe benefits from BP: Jorey Danos, Frank Howell, Patrick Poirson, James Morgan, Ronald Shearon, Daniel Hatcher and David Hackney.

8.      BP is not aware that Jorey Danos, Frank Howell, Patrick Poirson, James Morgan, Ronald Shearon, Daniel Hatcher or David Hackney applied to become a BP employee during at least the past five years.

9.    For at least the past five years, BP has had no right to discharge Jorey Danos, Frank Howell, Patrick Poirson, James Morgan, Ronald Shearon, Daniel Hatcher or David Hackney as an employee of his actual employer(s).

Further Affiant sayeth not.

*Cynthia Reyes Garcia*

Cynthia Reyes Garcia

SUBSCRIBED AND SWORN to before me on this the 22 day of May 2013 to certify which witness my hand and seal of office.

*Nicole C. Sherrod*

Notary Public, State of Texas

NICOLE C. SHERROD
Notary Public, State of Texas
My Commission Expires
August 31, 2013

# EXHIBIT C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOREY DANOS, ET AL                       CIVIL ACTION NO.

VERSUS                                   JUDGE

BP, P.L.C., ET AL                        MAGISTRATE JUDGE

### DEFENDANT ADRIATIC MARINE, LLC'S
### CONSENT TO NOTICE OF REMOVAL

Defendant, Adriatic Marine, LLC, pursuant to 28 U.S.C. § 1446, without waiving, and

specifically reserving, all rights, defenses, objections, and exceptions, hereby gives notice that it

consents to the Notice of Removal filed by Defendants, BP Exploration & Production Inc. and

BP America Production Company.

Dated:  May 3, 2013

                                Respectfully submitted:


                                /s/ Lance M. Sannino
                                _____
                                JEFFERSON R. TILLERY (17831)
                                LANCE M. SANNINO (29409)
                                WILLIAM C. BALDWIN (31613)
                                Jones Walker LLP
                                201 St. Charles Avenue, Suite 4800
                                New Orleans, Louisiana  70170-5100
                                Telephone:     (504) 582-8828
                                Facsimile:     (504) 589-8828
                                Attorneys for Defendant, Adriatic Marine, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been forwarded to all counsel of record by electronic filing, email and/or depositing a copy of same in the U. S. mail, postage prepaid and properly addressed this 3rd day of May, 2013.

/s/ Lance M. Sannino
LANCE M. SANNINO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

---

## CONSENT TO REMOVAL BY AIRBORNE SUPPORT, INC. AND AIRBORNE SUPPORT INTERNATIONAL, INC.

Defendants, Airborne Support, Inc. and Airborne Support International, Inc., pursuant to 28 U.S.C. § 1446, hereby gives notice of their consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquenimes, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production, Inc. The foregoing consent is subject to, without waiving and specifically reserving all rights, objections, and/or exceptions.

Dated: 5-20-2013

Respectfully submitted,

LABORDE & NEUNER

By:    */s/ Jed M. Mestayer* _____
FRANK X. NEUNER, JR. - #7674 ("TC")
(FNeuner@ln-law.com)
BEN L. MAYEAUX - #19042
(BMayeaux@ln-law.com)
JED M. MESTAYER - #29345
(JMestayer@ln-law.com)
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Phone: (337) 237-7000
Facsimile: (337) 233-9450

***Attorneys for Defendants, Airborne Support, Inc. and Airborne Support International, Inc.***

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOREY DANOS, ET AL** | § | CIVIL ACTION NO. _____ |
| | § | |
| **VERSUS** | § | JUDGE _____ |
| | § | |
| **BP, P.L.C., ET AL** | § | MAGISTRATE _____ |

## DEFENDANTS ANADARKO PETROLEUM COPORATION'S AND ANADARKO E&P COMPANY, LP'S CONSENT TO AND JOINDER IN NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants, Anadarko Petroleum Corporation and Anadarko E&P Company, LP ("Anadarko"), hereby consent to and join in the Notice of Removal filed by Defendants, BP American Products Company and BP Exploration & Production, Inc. ("BP"),. Specifically, Anadarko states as follows:

1.     Anadarko consents to and joins in the removal of this action to the United States District Court for the Eastern District of Louisiana, upon the grounds set forth in BP's Notice of Removal.

2.     Undersigned counsel are appearing for Anadarko for the limited purpose of this removal and Anadarko does not waive any rights, defenses, or objections, including, but not limited to, those related to sufficiency of process, service of process, whether service of process was actually perfected, or any jurisdictional defenses that may be available to Anadarko.

1

Respectfully submitted,

s/ Robert E. Guidry
Deborah D. Kuchler (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika D. Polk, La Bar (La. No. 27608)
jpolk@kuchlerpolk.com
Robert E. Guidry (La Bar No. 28064)
rguidry@kuchlerpolk.com
**KUCHLER POLK SCHELL WEINER &
RICHESON, LLC**
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone: (504) 592-0691
Facsimile: (504) 592-0696

AND

James J. Dragna
Jim.Dragna@bingham.com
**BINGHAM MCCUTCHEN LLP**
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071
Telephone: (213) 680-6436
Facsimile: (213) 680-8636

Ky E. Kirby
Ky.Kirby@bingham.com
Warren Anthony Fitch
Michael B. Wigmore
Michael.Wigmore@bingham.com
**BINGHAM MCCUTCHEN LLP**
2020 K Street, NW
Washington, DC 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

*Attorneys for Anadarko Petroleum Corporation
and Anadarko E&P Company, LP*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

## CONSENT TO REMOVAL BY AQUANAUT TOWING & SALVAGE, INC.

Defendants, Aquanaut Towing & Salvage, Inc., pursuant to 28 U.S.C. § 1446, hereby gives notice of their consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production, Inc. The foregoing consent is subject to, without waiving and specifically reserving all rights, objections, and/or exceptions.

Dated: _03MAY2013_

Respectfully submitted,

Aquanaut Towing & Salvage, Inc

By: _____

John Ward, President
Aquanaut Towing & Salvage, Inc
850-492-5070
11120 Lillian Hwy
Pensacola, Fl 32506

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May ____, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system. I also certify that I have served this filing by United States Postal Service to any non-CM/ECF participants.

-2-

_____
COUNSEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOREY DANOS, ET AL.          *     CIVIL ACTION NO. _____

VERSUS                      *     JUDGE _____

BP AMERICA PRODUCTION       *
COMPANY, ET AL.                    MAGISTRATE JUDGE _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## <u>CONSENT TO, AND JOINDER IN, REMOVAL</u>

Defendant, BP, PLC, pursuant to 28 U.S.C. § 1446, hereby gives notice of its consent to and joinder in the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, Case No. 60-461, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production Inc..  The foregoing consent is subject to, without waiving and specifically reserving all rights, objections, and exceptions.

Respectfully submitted,

/s/ Devin C. Reid
Don K. Haycraft (Bar #14361)
Mark D. Latham (Bar #19673)
Devin C. Reid (Bar #32645)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: 504-581-7979
Facsimile: 504-556-4108

*Attorneys for BP, PLC*

Of Counsel:

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
richard.godfrey@kirkland.com
andrew.langan@kirkland.com

-and-

Jeffrey Bossert Clark
Dominic Draye
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeffrey.clark@kirkland.com
dominic.draye@kirkland.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 22, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have served this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Devin C. Reid

1211569_1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

### DEFENDANT CAMERON INTERNATIONAL CORPORATION'S
### CONSENT TO NOTICE OF REMOVAL

Defendant Cameron International Corporation, pursuant to 28 U.S.C. § 1446, without waiving, and specifically reserving, all rights, defenses, objections, and exceptions, hereby gives notice that it consents to the Notice of Removal filed by Defendants BP Exploration & Production Inc. and BP America Production Company.

Dated: May 1, 2013

1

Respectfully submitted,

*/s/ David J. Beck*
David J. Beck, T.A.                          Phillip A. Wittmann, 13625
*dbeck@brsfirm.com*                          *pwittmann@stonepigman.com*
Joe W. Redden, Jr.                           Carmelite S. Bertaut, 3054
*jredden@brsfirm.com*                        *cbertaut@stonepigman.com*
David W. Jones                               Keith B. Hall, 24444
*djones@brsfirm.com*                         *khall@stonepigman.com*
Geoffrey Gannaway                            Jared Davidson, 32419
*ggannaway@brsfirm.com*                       *jdavidson@stonepigman.com*
BECK REDDEN LLP                              STONE PIGMAN WALTHER
One Houston Center                           WITTMANN L.L.C.
1221 McKinney St., Suite 4500                456 Carondelet Street
Houston, TX 77010                            New Orleans, Louisiana 70130
Phone: (713) 951-3700                        Phone: (504) 581-3200
Fax: (713) 951-3720                          Fax: (504) 581-3361

***Attorneys for Cameron International Corporation***

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

## CONSENT TO REMOVAL BY CAPTAIN VIE, LLC

Defendant, Captain Vie, LLC., pursuant to 28 U.S.C. § 1446, hereby gives notice of their

consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish of

Plaquemines, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern

District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration

& Production, Inc. The foregoing consent is subject to, without waiving and specifically

reserving all rights, defenses, objections, and/or exceptions.

Dated May 1, 2013.

        Respectfully submitted:

        LAW OFFICE OF JOEL HANBERRY
        A Professional Corporation
        P. O. Box 646
        Cut Off, Louisiana 70345
        Telephone:    (985) 632-2880
        Fax:        (985) 632-2940

        BY: _____
        JOEL HANBERRY (BRN 6491)
        joelh@cajunnet.com

        **Attorney for Captain Vie, LLC**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOREY DANOS,** *ET AL.* | * | **CIVIL ACTION NO.** |
| | * | |
| **versus** | * | **JUDGE** |
| | * | |
| **BP, PLC,** *ET AL.* | * | **SECTION** |
| | * | |
| | * | **MAGISTRATE** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>DEFENDANT DANOS & CUROLE STAFFING, LLC'S CONSENT TO REMOVAL</u>

Defendant, Danos & Curole Staffing, LLC, pursuant to 28 U.S.C. § 1446, without waiving and specifically reserving all rights, defenses, objections, and exceptions, hereby gives notice that it consents to the removal of the above-captioned matter from the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, Case No. 60-449.

Respectfully submitted,

By:    /s/ Sean P. Brady
Harold J. Flanagan (Bar No. 24091)
Sean P. Brady (Bar No. 30410)
Brandon C. Briscoe (Bar No. 29542)
Andy Dupre (Bar No. 32437)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 2405
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251
hflanagan@flanaganpartners.com
sbrady@flanaganpartners.com
bbriscoe@flanaganpartners.com
adupre@flanaganpartners.com

AND

Morgan J. Wells, Jr. (Bar No. 18499)
Lee M. Peacocke (Bar No. 18374)
**LARZELERE PICOU WELLS SIMPSON LONERO,
LLC**
Two Lakeway Center – Suite 1100
3850 North Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565

*Attorneys for Danos and Curole Staffing, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

**CONSENT TO REMOVAL BY**
**EASON DIVING & MARINE CONTRACTORS, INC.**

Defendant, Eason Diving & Marine Contractors, Inc., pursuant to 28 U.S.C. § 1446, hereby gives notice of its consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production, Inc. The foregoing consent is subject to, without waiving and specifically reserving all rights, objections, and/or exceptions, including but not limited to insufficiency of service of process and/or lack of personal jurisdiction over this defendant and improper venue for the claims asserted against Eason Diving and Marine Contractors, Inc.

1

Respectfully submitted,

MOULEDOUX, BLAND, LEGRAND &
BRACKETT LLC

**_s/André J. Mouledoux_**
ANDRE J. MOULEDOUX (Bar #9778)
DANIEL J. HOERNER (Bar #21706)
ADAM P. SANDERSON (Bar #31312)
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: 504-595-3000
Facsimile: 504-522-2121
E-mail: amouledoux@mblb.com
Attorneys for defendant, Eason Diving and Marine
Contractors, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL. | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL. | § | MAGISTRATE JUDGE _____ |

---

## CONSENT TO REMOVAL BY ES&H, INC. AND TEAM LABOR FORCE, LLC

Defendants, ES&H, Inc. and Team Labor Force, LLC, pursuant to 28 U.S.C. § 1446, hereby gives notice of their consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production, Inc.  The foregoing consent is subject to, without waiving and specifically reserving all rights, objections, and/or exceptions.

Dated:  April 30, 2013

Respectfully submitted,

ADAMS AND REESE LLP

/s/ A. Kirk Gasperecz
James T. Rogers III (La. Bar #21845)
A. Kirk Gasperecz, T.A. (La. Bar #17583)
4500 One Shell Square
New Orleans, LA 70139
(504) 581-3234

Attorneys for Defendants,
ES&H, Inc. and TEAM LABOR FORCE, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May _____, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

*/s/ A. Kirk Gasperecz*_____
A. KIRK GASPERECZ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP AMERICA PRODUCTION | § | MAGISTRATE JUDGE _____ |
| COMPANY, ET AL | | |

_____

### FALCK ALFORD HOLDING INC.'S CONSENT TO AND JOINDER IN
### BP'S NOTICE OF REMOVAL

Defendant, Falck Alford Holdings, Inc. (incorrectly named in the Petition as "Falck Alford"), pursuant to 28 U.S.C. § 1446, hereby gives notice of its consent to and joinder in the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production, Inc.

Falck Alford adopts by reference the reasons for removal set forth in BP's Notice of Removal as if copied herein *verbatim* and *in extenso*. Moreover, Falck Alford respectfully submits that plaintiff, Daniel Hatcher, has fraudulently pled his Jones Act claim against Falck Alford. Mr. Hatcher did not have the requisite connection to a vessel or fleet of vessels that was substantial in terms of both duration and nature such that he may assert a viable Jones Act claim.

The foregoing consent and joinder is subject to, without waiving and specifically reserving all rights, objections, and/or exceptions.

Dated: May 22, 2013

Respectfully submitted,

**FRILOT L.L.C.**

_____
                **/s/ R. Patrick Ray**
**PATRICK J. MCSHANE T.A. (#19055)**
**DANICA C. BENBOW (#27376)**
**R. PATRICK RAY (#33325)**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-mail: pray@frilot.com
**Attorneys for Falck Alford Holdings, Inc.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

**DEFENDANT HALLIBURTON ENERGY SERVICES INC.'S
CONSENT TO NOTICE OF REMOVAL**

Defendant Halliburton Energy Services, Inc., pursuant to 28 U.S.C. § 1446, without waiving, and specifically reserving, all rights, defenses, objections, and exceptions, hereby gives notice that it consents to the Notice of Removal filed by Defendants BP Exploration & Production Inc. and BP America Production Company.

Dated: May 1, 2013

1

Respectfully submitted,

**GODWIN LEWIS PC**

**By:** _/s/ Donald E. Godwin_
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

**DEFENDANT HEPACO, INC.'S**
**CONSENT TO NOTICE OF REMOVAL**

Defendant, HEPACO, Inc., pursuant to 28 U.S.C. § 1446, without waiving, and specifically reserving, all rights, defenses, objections, and exceptions, hereby gives notice that it consents to the Notice of Removal filed by Defendants BP Exploration & Production Inc. and BP America Production Company.

Dated: May 1, 2013

Respectfully submitted,

JUGE, NAPOLITANO, GUILBEAU, RULI & FRIEMAN

BY:  /s/ Jeffrey I. Mandel
JEFFREY I. MANDEL (20935)
E-mail: jmandel@wcdefense.com
ELIZABETH LYNN FINCH (34542)
E-mail: lfinch@wcdefense.com
3320 West Esplanade Avenue North
Metairie, Louisiana 70002
Telephone:  (504) 831-7270
Facsimile:  (504) 831-7284

**ATTORNEYS FOR DEFENDANT**
**HEPACO, INC.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | § | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

## CONSENT TO REMOVAL BY JULES MELANCON, INC.

The Defendant, Jules Melancon, Inc., appearing herein through undersigned counsel, and pursuant to 28 U.S.C. § 1446, hereby gives notice of its consent to the Notice of Removal of the above-styled action from the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production, Inc. In conjunction with this consent, the Defendant, Jules Melancon, Inc., does not waive, but reserves, all of the rights, objections, and/or exceptions, to which it may be entitled, or which may hereafter be plead on its behalf in this cause of action.

Dated: May 1, 2013

Respectfully submitted

THE HAND LAW FIRM, APLC

BY:/s/ G. Patrick Hand, Jr.
    G. PATRICK HAND, JR.
    BAR NO.  6499
    G. PATRICK HAND, III
    Bar No. 20847
    TIMOTHY F. HAND
    BAR. NO. 24446
    901 DERBIGNY STREET
    GRETNA, LA  70053
    TELEPHONE (504) 362-5893
    FACSIMILE (504) 367-4620
    ATTORNEYS FOR JULES
    MELANCON, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOREY DANOS, ET AL       §     CIVIL ACTION NO. _____

                             §

VERSUS                        §     JUDGE _____

                             §

BP, P.L.C., ET AL        §     MAGISTRATE JUDGE _____

### DEFENDANT M-I L.L.C.'s
### CONSENT TO NOTICE OF REMOVAL

Defendant M-I L.L.C., pursuant to 28 U.S.C. § 1446, without waiving, and specifically reserving, all rights, defenses, objections, and exceptions, hereby gives notice of their consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana to the United States District Court, Eastern District of Louisiana, filed by Defendants BP Exploration & Production Inc. and BP America Production Company.

Dated: May 10, 2013

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

**OF COUNSEL:**

MORGAN, LEWIS & BOCKIUS LLP
Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:     (713) 890-5000
Facsimile:     (713) 890-5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

By: /s/ *Hugh E. Tanner*
        Hugh E. Tanner
        htanner@morganlewis.com
        Texas Bar No. 19637400
        1000 Louisiana, Suite 4000
        Houston, Texas  77002
        Telephone:     (713) 890-5000
        Facsimile:     (713) 890-5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

DB1/ 74095686.1

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

## CONSENT TO REMOVAL BY MOEX OFFSHORE 2007 LLC AND MOEX USA CORPORATION

Defendants MOEX Offshore 2007 LLC and MOEX USA Corporation, pursuant to 28 U.S.C. § 1446, hereby give notice of their consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production, Inc. The foregoing consent is subject to, without waiving and specifically reserving all rights, objections, and/or exceptions.

Dated: May 1, 2013

Respectfully submitted,

PILLSBURY WINTHROP SHAW
PITTMAN LLP

By: ___/s/ Edward Flanders_____
Edward Flanders
edward.flanders@pillsburylaw.com
John F. Pritchard
john.pritchard@pillsburylaw.com
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

*Attorneys for Defendants MOEX Offshore*
*2007 LLC and MOEX USA Corporation*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

---

## DEFENDANTS NALCO COMPANY, NALCO HOLDINGS, LLC, NALCO FINANCE HOLDINGS, LLC AND NALCO HOLDING COMPANY'S CONSENT TO NOTICE OF REMOVAL

Defendants Nalco Company, Nalco Holdings, LLC, Nalco Finance Holdings, LLC and Nalco Holding Company, pursuant to 28 U.S.C. § 1446, hereby gives notice of their consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquenimes, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production, Inc. The foregoing consent is subject to, without waiving and specifically reserving all rights, objections, and/or exceptions.

Dated: May 1, 2013

Respectfully submitted,

By: /s/ Thomas J. Heiden
Thomas J. Heiden (IL # 6281563)
(thomas.heiden@lw.com)
Mary Rose Alexander (IL # 6205313)
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr.

Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Nalco Company, Nalco Holdings
LLC, Nalco Finance Holdings LLC and Nalco
Holding Company*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | § | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

_____

## CONSENT TO REMOVAL BY NORTHSTAR

Defendant Northstar Marine, Inc. ("Northstar"), without waiving, and specifically reserving, all rights, defenses, objections, and exceptions, hereby gives notice pursuant to 28 U.S.C. § 1446 that it consents to the Notice of Removal filed by Defendants BP America Production Company and BP Exploration & Production, Inc. To date, Northstar has not been served in this matter. Therefore this notice does not operate as a general appearance and/or waiver of the Fed. R. Civ. P. 4 service requirements.

Dated: May 21, 2013

Respectfully submitted,

By: _____

Mary Elisa Reeves, Esquire
(PA Bar #44194)
Brian McEwing, Esquire
(PA Bar #298691)
719 E. Passyunk Avenue
Philadelphia, PA 19147
Telephone: (267)324-3773
Facsimile: (267) 519-9463
Attorney for Northstar Marine, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

_____

**CONSENT TO REMOVAL BY O'BRIEN'S RESPONSE MANAGEMENT, L.L.C.**

Defendant O'Brien's Response Management, L.L.C., without waiving, and specifically reserving, all rights, defenses, objections, and exceptions, hereby gives notice pursuant to 28 U.S.C. § 1446 that it consents to the Notice of Removal filed by Defendants BP America Production Company and BP Exploration & Production, Inc.

Dated: May 22, 2013

Respectfully submitted,

By:    /s/ Michael J. Lyle
       Michael J. Lyle (DC Bar #475078, IL Bar
       #6199227)
       Eric C. Lyttle (DC Bar #482856)
       **QUINN EMANUEL URQUHART &
       SULLIVAN, LLP**
       1299 Pennsylvania Ave. NW, Suite 825
       Washington, D.C. 20004
       Telephone: (202) 538-8166
       Facsimile: (202) 538-8100

       Theodore E. Tsekerides (NY Bar #2609642)
       Sylvia E. Simson (NY Bar #4803342)
       **WEIL, GOTSHAL &MANGES LLP**
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8218

Facsimile: (212) 310-8007

Patrick E. O'Keefe (LA Bar #10186)
**MONTGOMERY BARNETT, L.L.P.**
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3300
Telephone: (504) 585-3200
Facsimile: (504) 585-7688

*Attorneys for O'Brien's Response
Management, L.L.C.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | § | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

## DEFENDANT PARSONS CORPORATION'S
## CONSENT TO NOTICE OF REMOVAL

Defendant Parsons Corporation., pursuant to 28 U.S.C. § 1446, without waiving, and specifically reserving, all rights, defenses, objections, and exceptions, hereby gives notice that it consents to the Notice of Removal filed by Defendants BP Exploration & Production Inc. and BP America Production Company.

Dated: May 17, 2013

Respectfully submitted,

_Jennifer Wall_
Jennifer Wall
E. Britton Monroe
R. Burns Logan
*Attorneys for Parsons Corp.*

**OF COUNSEL:**
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
jwall@lgwmlaw.com
bmonroe@lgwmlaw.com
blogan@lgwmlaw.com

Consent to Notice of Removal 380 15

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOREY DANOS, ET AL** | § | **CIVIL ACTION NO.** |
| | § | _____ |
| **VERSUS** | § | |
| | § | **JUDGE** |
| **BP, P.L.C., ET AL** | § | _____ |
| | | |
| | | **MAGISTRATE JUDGE** |
| | | _____ |

## DEFENDANT SHAMROCK MANAGEMENT, LLC'S
## CONSENT TO NOTICE OF REMOVAL

Defendant Shamrock Management, LLC, pursuant to 28 U.S.C. § 1446, without waiving, and specifically reserving, all rights, defenses, objections, and exceptions, hereby gives notice that it consents to the Notice of Removal filed by Defendants BP Exploration & Production Inc. and BP America Production Company.

Dated: May 1, 2013

Respectfully submitted,

LeBAS LAW OFFICES
(A Professional Law Corporation)

_/s/Henry H. LeBas_____
HENRY H. LeBAS – Bar Roll No. 23185
201 Rue Iberville, Suite 600
Lafayette, Louisiana 70508
Telephone:    337-236-5500
Telefax:        337-236-5590
Attorney for Shamrock Management, LLC

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

---

**CONSENT TO REMOVAL**
**BY T&M BOAT RENTALS, LLC**

Defendant, T&M Boat Rentals, L.L.C., pursuant to 28 U.S.C. § 1446, hereby gives notice

of its consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish

of Plaquemines, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern

District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration

& Production, Inc. The foregoing consent is subject to, without waiving and specifically

reserving all rights, objections, and/or exceptions.

Dated: May 1, 2013

Respectfully submitted:

_/s/ Joseph A. Devall, Jr._____
JOSEPH A. DEVALL, JR (29149)
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
jdevall@kingkrebs.com

and

{N0692813 -}

/s/ Susan A. Daigle
SUSAN A. DAIGLE (4459)
DAIGLE RAYBURN LLC
303 W. Vermilion, Suite 210
P. O. Box 3667
Lafayette, LA 70502-3667
Phone: 337-234-7000
Fax:    337-237-0344

*Attorneys for T&M Boat Rentals, L.L.C.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOREY DANOS, ET AL** | § | **CIVIL ACTION NO.** |
| | § | _____ |
| **VERSUS** | § | |
| | § | **JUDGE** _____ |
| **BP, P.L.C., ET AL** | § | |
| | § | **MAGISTRATE JUDGE** |
| | | _____ |

---

## TRANSOCEAN'S CONSENT TO REMOVAL

Defendants, Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Triton Asset Leasing GmbH (collectively, "Transocean"), pursuant to 28 U.S.C. § 1446, hereby gives notice that they consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquenimes, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production, Inc. The foregoing consent is subject to, without waiving and specifically reserving all rights, objections, and/or exceptions.

DATED: May 1, 2013                           Respectfully submitted,

By: /s/ Brad D. Brian _____          By: /s/ Steven L. Roberts _____
Brad D. Brian                                Steven L. Roberts
Michael R. Doyen                             Rachel Giesber Clingman
Lisa Demsky                                  Sean Jordan
Daniel B. Levin                              SUTHERLAND ASBILL & BRENNAN LLP
Susan E. Nash                                1001 Fannin Street, Suite 3700
MUNGER TOLLES & OLSON LLP                    Houston, Texas 77002
355 So. Grand Avenue, 35th Floor             Tel: (713) 470-6100
Los Angeles, CA 90071                        Fax: (713) 354-1301
Tel: (213) 683-9100                          Email: steven.roberts@sutherland.com

Fax: (213) 683-5180
Email: brad.brian@mto.com
     michael.doyen@mto.com
     lisa.demsky@mto.com
     daniel.levin@mto.com
     susan.nash@mto.com

By: /s/ Edwin G. Preis
Edwin G. Preis, Jr.
PREIS & ROY PLC
Versailles Blvd., Suite 400
Lafayette, LA 70501
(337) 237-6062
    *and*
601 Poydras Street, Suite 1700
New Orleans, LA 70130
(504) 581-6062

rachel.clingman@sutherland.com
sean.jordan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
110 Poydras St., Suite 3700
New Orleans, LA 70163
Tel: (504) 599-8194
Fax: (504) 599-8154
Email: kmiller@frilot.com

John M. Elsley
ROYSTON, RAYZOR, VICKERY & WILLIAMS
LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 224-8380

*Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, Transocean Ltd., and Triton Asset Leasing GmbH.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOREY DANOS, ET AL                    CIVIL ACTION NO.

                                      JUDGE

VERSUS

                                      MAGISTRATE JUDGE

BP, P.L.C., ET AL

## CONSENT TO REMOVAL BY USA LABOR, LLC
## AND USA ENVIRONMENTAL SERVICES, INC.

Defendants, USA Labor, LLC and USA Environmental Services, Inc., pursuant to

28 U.S.C. § 1446, hereby give notice of their consent to the Notice of Removal of this

action from the 25th Judicial District Court, Parish of Plaquenimes, State of Louisiana,

Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed

by Defendants, BP America Production Company and BP Exploration & Production, Inc.

The foregoing consent is subject to, without waiving and specifically reserving all rights,

objections, and/or exceptions.

Dated:  May 9, 2013                 Respectfully submitted,

                                    */s/ Alan G. Brackett*
                                    ALAN G. BRACKETT        (14094)
                                    WILTON E. BLAND, IV     (33015)
                                    Mouledoux, Bland, Legrand & Brackett, LLC
                                    701 Poydras Street, Suite 4250
                                    New Orleans, LA  70139
                                    Telephone:   504.595.3000
                                    Facsimile:    504.522.2121
                                    Attorneys for Defendants, USA Labor, LLC and
                                    USA Environmental Services, Inc.
                                    H:\1022\13241 Shearon\Pleadings\Consent to Removal

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May ____, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system. I also certify that I have served this filing by United States Postal Service to any non-CM/ECF participants.

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOREY DANOS, ET AL §  CIVIL ACTION NO. _____

§

VERSUS §  JUDGE _____

§

BP, P.L.C., ET AL §  MAGISTRATE JUDGE _____

---

## CONSENT TO REMOVAL BY WAM INDUSTRIES, INC.

Defendant, WAM Industries, Inc., pursuant to 28 U.S.C. § 1446, hereby gives notice of their consent to the Notice of Removal of this action from the 25th Judicial District Court, Parish of Plaquenimes, State of Louisiana, Case No. 60-449, to the United States District Court, Eastern District of Louisiana, filed by Defendants, BP America Production Company and BP Exploration & Production, Inc. The foregoing consent is subject to, without waiving and specifically reserving all rights, objections, and/or exceptions.

Dated: _____

Respectfully submitted,

WAM Industries, Inc.

By: _____
Mark Woods,
President and Duly Authorized Representative
770-841-7700
2700 Cumberland Pkwy, Ste. 525
Atlanta, GA 30339

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOREY DANOS, ET AL | § | CIVIL ACTION NO. _____ |
| | § | |
| VERSUS | | JUDGE _____ |
| | § | |
| BP, P.L.C., ET AL | § | MAGISTRATE JUDGE _____ |

**DEFENDANT WAM INDUSTRIES, INC.'S**
**CONSENT TO NOTICE OF REMOVAL**

Defendant WAM Industries, Inc., pursuant to 28 U.S.C. § 1446, without waiving, and specifically reserving, all rights, defenses, objections, and exceptions, hereby gives notice that it consents to the Notice of Removal filed by Defendants BP Exploration & Production Inc. and BP America Production Company.

Dated: May 1, 2013

Respectfully submitted,

**WAM INDUSTRIES, INC.**

By: _____
MARK WOODS,
President and Duly Authorized Representative
770-841-7700
2700 Cumberland Pkwy, Ste. 525
Atlanta, GA 30339

1

# EXHIBIT D

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

**FILED**

MAY 07 2013

NO. 60-449

DIVISION A

JOREY DANOS, FRANK HOWELL, PATRICK POIRSON, JAMES MORGAN,
RONALD SHEARON, PATRICIA RYE, DANIEL HATCHER, AND DAVID HACKNEY

versus

BP AMERICA PRODUCTION COMPANY, BP EXPLORATION & PRODUCTION
INC., BP, P.L.C., TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC,
TRITON ASSET LEASING GMBH, HALLIBURTON ENERGY SERVICES, INC., M-I,
LLC, CAMERON INTERNATIONAL CORPORATION, ANADARKO E&P COMPANY
LP, ANAKARKO PETROLEUM CO., MOEX OFFSHORE 2007 LLC, MOEX USA
CORPORATION, NALCO COMPANY, NALCO HOLDINGS, LLC, NALCO FINANCE
HOLDINGS, LLC, NALCO HOLDING COMPANY, PARSONS CORPORATION,
AIRBORNE SUPPORT, INC, AIRBORNE SUPPORT INTERNATIONAL, INC.,
HEPACO, INC., T&M BOAT RENTALS, L.L.C., DANS AND CUROLE STAFFING,
LLC, CAPT VIE, L.L.C., AQUANAUT TOWING & SALVAGE, INC., EASON DIVING
AND MARINE CONTRACTORS, INC., O'BRIEN'S RESPONSE MANAGEMENT,
L.L.C., NORTHSTAR MARINE CORPORATION, FALCK ALFORD, SHAMROCK
MANAGEMENT, LLC, TEAM LABOR FORCE, LLC, ES&H, INC., SUPERIOR
LABOR SERVICES, INC., ADRIATIC MARINE, LLC, JULES MELANCON, INC., USA
LABOR, LLC, USA ENVIRONMENTAL SERVICES, INC., WAM INDUSTRIES, INC.,
AND CAMERON INTERNATIONAL CORPORATION

FILED: _____    _____

DEPUTY CLERK

## MOTION AND ORDER TO VOLUNTARILY DISMISS
## SUPERIOR LABOR SERVICES, INC.

On motion of Plaintiffs, JOREY DANOS, FRANK HOWELL, PATRICK POIRSON,

JAMES MORGAN, RONALD SHEARON, PATRICIA RYE, DANIEL HATCHER, and

DAVID HACKNEY, through undersigned counsel, and on suggesting to the Court that they

desire to dismiss all claims against Defendant, SUPERIOR LABOR SERVICES, INC., without

prejudice;

IT IS ORDERED, ADJUDGED AND DECREED that all of Plaintiffs' claims against

Defendant, SUPERIOR LABOR SERVICES, INC., be and are hereby dismissed, without

prejudice, with Plaintiffs to bear their own costs.

SIGNED on this _7th_ day of _May_ , 2013, at Belle Chasse, Louisiana.

_____
DISTRICT COURT JUDGE

Respectfully submitted,

**CATHERINE B. CUMMINS** (29558)
Email: ccummins@smithstag.com
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601

**STUART H. SMITH** (17805)
Email: ssmith@stag.com
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601

Attorney for Plaintiffs

Co-Counsel for Plaintiffs

**ROBERT J. McKEE** (# 0972614)
Email: RMcKee@krupnicklaw.com
The Law Offices of Krupnick,
Campbell, et al
12 Southeast 7th Street - #801
Fort Lauderdale, Florida 33301
Phone: (954) 763-8181 #8619
Facsimile: (954) 763-8292

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been this day forwarded to all

counsel of record via one or more of the following:

( ) Hand Delivery                    ( ) Overnight Delivery

( ) Facsimile                        (✓) U.S. Mail, postage prepaid

( ) Electronic Mail                  ( ) Certified Mail/Return Receipt

SIGNED at New Orleans, Louisiana, this 7th day of May, 2013.

# EXHIBIT E

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOREY DANOS, ET AL.                    *       CIVIL ACTION NO. _____


VERSUS                                 *       JUDGE _____


BP AMERICA PRODUCTION                  *
COMPANY, ET AL.                                MAGISTRATE JUDGE _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## <u>NOTICE TO PARTIES OF REMOVAL</u>

To:     Jorey Danos, Frank Howell, Patrick Poirson,
        James Morgan, Ronald Shearon, Patricia Rye,
        Daniel Hatcher, and David Hackney
        **through their counsel of record:**
        Catherine B. Cummins                   Robert J. McKee
        Stuart H. Smith                        Law Offices of Krupnick, Campbell, et al.
        Smith Stag                             12 Souteast 7th Street, #801
        365 Canal Street, Suite 2850           Fort Lauderdale, FL 33301
        New Orleans, LA 70130


Re:     Jorey Danos v. BP America Production Company, et al., 25th Judicial District Court for
        the Parish of Plaquemines, State of Louisiana, Case No. 60-449


        Please take notice that on the 22nd day of May, 2013 BP American Production Company

and BP Exploration & Production Inc. filed a Notice of Removal as required by law for removal

of the above-captioned case from the 25th Judicial District Court for the Parish of Plaquemines,

State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/ Devin C. Reid
Don K. Haycraft (Bar #14361)
Mark D. Latham, T.A. (Bar #19673)
Devin C. Reid (Bar #32645)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone:  504-581-7979
Facsimile:  504-556-4108

*Attorneys for BP American Production Company
and BP Exploration & Production Inc.*

Of Counsel:

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
richard.godfrey@kirkland.com
andrew.langan@kirkland.com

-and-

Jeffrey Bossert Clark
Dominic Draye
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeffrey.clark@kirkland.com
dominic.draye@kirkland.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 22, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have served this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Devin C. Reid

1211505_1

# EXHIBIT F

25th JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO. 60-449                                                    DIVISION "A"

JOREY DANOS, FRANK HOWELL, PATRICK POIRSON, JAMES MORGAN, RONALD
SHEARON, PATRICIA RYE, DANIEL HATCHER, AND DAVID HACKNEY

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**<u>NOTICE OF FILING NOTICE OF REMOVAL</u>**
**<u>TO CLERK OF COURT FOR STATE ACTION</u>**

To:    Honorable Dorothy M. Lundin
       Clerk of Court
       25th Judicial District Court
       Plaquemines Parish, State of Louisiana
       301 Main Street, Suite 108
       Belle Chasse, Louisiana 70037

Re:    Jorey Danos, et al. v. BP America Production Company, et al.
       25th Judicial District Court for the Parish of Plaquemines
       State of Louisiana
       Docket No. 60-449

      **YOU ARE HEREBY NOTIFIED** that on the 22nd day of May, 2013, a Notice of

Removal in the above-entitled cause, copies of which are annexed hereto, was filed in the United

States District Court for the Eastern District of Louisiana, and that on the 22nd day of May 2013,

opposing counsel was sent a copy of the Notice of Removal attached hereto.

Respectfully submitted,

Don K. Haycraft (Bar #14361)
Mark D. Latham (Bar # 19673)
Devin C. Reid (Bar #32645)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: 504-581-7979
Facsimile: 504-556-4108

*Attorneys for BP America Production Company*
*and BP Exploration & Production Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2013, a copy of the foregoing pleading has been served upon all counsel of record by hand delivery, facsimile, electronic transmission or United States Postal Service, properly addressed and postage prepaid.

1211509_1

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jorey Danos, Frank Howell Patrick Poirson, James Morgan, Ronald Shearon, Patricia Rye, Daniel Hatcher, and David Hackney

**(b)** County of Residence of First Listed Plaintiff   Lafourche Parish
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Catherine Cummins and Stuart H. Smith
Smith Stag
365 Canal St., Suite 2850, New Orleans, LA 70130

## DEFENDANTS
BP America Production Company and BP Exploration & Production Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Don K. Haycraft, Mark D. Latham, and Devin C. Reid
Liskow & Lewis
701 Poydras St., Suite 5000, New Orleans, LA 70139

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☒ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Outer Continental Shelf Lands Act (43 U.S.C. 1349)
Brief description of cause:
Deepwater Horizon Oil Spill

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE   Carl J. Barbier

DOCKET NUMBER   10-MDL-2179

DATE   5/22/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.