

U.S. Department of Justice
Environmental Enforcement Section
Environment & Natural Resources Division

*P.O. Box 7611*
*601 D Street NW*
*Washington, DC 20044-7611*                                              *Telephone (202) 616-6537*

**VIA E-MAIL**

June 14, 2013

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

RE: <u>BP's Request for Postponement of Dr. Pooladi-Darvish's Deposition</u>

Dear Judge Shushan,

The United States strenuously objects to the allegations outlined in BP's letter of last night. It will respond in full by Monday in accordance with your earlier e-mail. One issue raised by BP, however, is sufficiently pressing that the United States would like to confer with the Court and parties today, if possible.

BP is seeking a postponement of Dr. Pooladi-Darvish's deposition that is scheduled to begin June 20. We would like to resolve this issue before the eve of the deposition.

BP's grounds for a postponement, apparently, are that Dr. Pooladi-Darvish wrote a rebuttal report that was 39 pages. This report responded to, by our count, 66 pages of critique of Dr. Pooladi-Darvish in the various defense expert reports, including 38 pages of critique in BP reports alone. The Pooladi-Darvish Rebuttal Report Table of Contents is attached as Attachment A, and it demonstrates that the report consists entirely of responses to arguments made by BP, HESI, and TO experts.

The volume of Dr. Pooladi-Darvish's modeling runs is misleading. Each modeling run can be approximately ~10 GB, and the number of actual modeling runs is far smaller than the number of modeling runs produced by most BP experts.

The "systemic error" software issue cited by BP is also a red herring. Dr. Pooladi-Darvish noticed an issue with some of his modeling runs in his original report, estimated what he thought the resulting error might be, and reported this information in that original report (See Attachment

1

B, footnote 10).  Subsequently, he was able to fix the problem, discovered his other modeling runs had the same issue, and was able to determine that it had an exceedingly minor impact on his results – on the order of 1% (See Attachment C, footnote 3).  In summary, there was nothing that "should have and could have" been disclosed in Dr. Pooladi-Darvish's opening report that was not – and in any event, the information BP contends was disclosed late has no impact on Dr. Pooladi-Darvish's conclusions.

BP's fundamental complaint is that it does not have enough time to prepare for Dr. Pooladi-Darvish's deposition.  But BP's timing problem is one of its own making, and its proposed "relief" would have wide-ranging effects that threaten to undo the expert deposition schedule.  This is because witness and attorney schedules are becoming more locked in as deposition dates approach.

It is important to remember that the current schedule is largely one that BP proposed.  While the United States proposed simultaneous expert reports and rebuttals, BP proposed (and the Court adopted) a sequential system where the United States would have its rebuttal reports served last.  Likewise, BP proposed that United States experts would be deposed *first* in the expert calendar (consistent with BP's view of the burden of proof), while BP experts would be deposed last.  The United States objected to this procedure, but it was adopted.  A short turnaround between United States rebuttal reports (which BP insisted be served last) and United States depositions (which BP insisted go first) is the *inevitable result* of this arrangement.  BP has been aware of this turnaround for weeks.  It could have, and should have, registered its objections far earlier, before witness and attorney schedules became set.

The United States has strived to meet the Court's expert discovery schedule, getting out rebuttal reports on a short turnaround despite numerous delays in BP's production of modeling runs (some of which, bewilderingly, have yet to be produced).  Everyone would prefer more time to prepare for expert witnesses.  But the Phase 1 Expert discovery schedule was even more compressed, and the parties managed to navigate it.  Making changes to give parties more time to prepare for depositions, at this late date, is simply unfeasible.  The current schedule, while not perfect, is sufficient to give the parties enough opportunity to fairly prepare for trial.  It should not be jettisoned.

Respectfully submitted,

*/s/ A. Nathaniel Chakeres*
A Nathaniel Chakeres
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
P.O. Box 7611
601 D Street NW
Washington, DC 20044
aristide.chakeres@usdoj.gov

2

CC: Liaison Counsel

Attachments:
- Attachment A: Table of Contents of Pooladi-Darvish Rebuttal Report
- Attachment B: Footnote 10 of Pooladi-Darvish Original Report
- Attachment C: Footnote 3 of Pooladi-Darvish Rebuttal Report