**MDL 2179**
_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
_____

**IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON
IN THE GULF OF MEXICO ON APRIL 20, 2010**
_____

This document relates to: All Actions
_____

**THE STATE OF ALABAMA'S POST-TRIAL BRIEF
REGARDING QUESTION #5,
VICARIOUS LIABILITY FOR PUNITIVE DAMAGES**
_____

LUTHER STRANGE
*Attorney General*

COREY L. MAZE
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL 36130
(334) 353-4336
cmaze@ago.state.al.us

Attorneys for the State of Alabama

**INTRODUCTION: THE CORPORATE PUNITIVE CHART**

The circuit courts have found the following circumstances warrant the imposition of punitive damages against a corporation under maritime law:

| | CA5, CA6 | CA1 | CA9 |
|---|:---:|:---:|:---:|
| The Corporation Itself Commits GN | ✓ | ✓ | ✓ |
| The Corporation Recklessly Employs an Unfit Agent who Commits the GN Act | ✓ | ✓ | ✓ |
| The Corporation Authorizes its Agent's GN Act before it is committed | ✓ | ✓ | ✓ |
| The Corporation Ratifies its Agent's GN Act after it is committed | ✓ | ✓ | ✓ |
| A Managerial Employee Commits the GN Act -*plus*- the Corporation has some level of culpability for the GN Act | | ✓ | ✓ |
| A Managerial Employee Commits the GN Act | | | ✓ |

The five shaded rows respond to Question #5—*i.e.* what is the standard for punitive liability when an employee (as opposed to the corporation itself) commits the reckless, willful, wanton, and/or grossly negligent act?  Within, we explain these standards and why the Court should make factual findings that fit within each one, not just those embraced by the Fifth Circuit in *P&E Boat Rentals*.

i

# TABLE OF CONTENTS

**Introduction:** *The Corporate Punitive Chart* ....................................................i

**Table of Contents** ................................................................................... ii

**Table of Authorities** ............................................................................... iii

**Scope and Uniqueness of the Brief** ..........................................................1

**Summary of the Argument** .....................................................................2

**Argument** ...............................................................................................4

**I.   All Circuits Allow Punitive Damages for the Authorization or Ratification of an Employee's Grossly Negligent Act or the Reckless Employment of an Unfit Employee, but the Circuits Are Split on Whether a Managerial Employee's Gross Negligence Warrants Corporate Punitives.** ...............................................................5

    A.   The Fifth and Sixth Circuits: *Strict Complicity* ....................................6

    B.   The Ninth Circuit: *Restatement* ..........................................................7

    C.   The First Circuit: *Restatement + 'Some Corporate Culpability'* .........9

    D.   The Eleventh Circuit: *Undecided, but D.Ct. using Restatement* ..........9

    E.   Supreme Court: *Split 4-4* ..................................................................10

    F.   Rig-Based Employees: *All Standards Apply* .......................................11

**II.  If the Court Deems A Particular Employee's Action Grossly Negligent, the Court Should Make Factual Findings that Fit Each Circuit's Standard for Vicarious Liability.** ..............................................12

    A.   The Supreme Court Could Decide the Appropriate Vicarious Liability Standard in this Case. ..........................................................13

    B.   Plaintiffs from Other Circuits Should Be Armed with Circuit-Appropriate Factual Findings. ............................................................14

    C.   Certain Factual Findings Could Be Stricken on Appeal. .......................14

**Conclusion**..................................................................................................17

**Certificate of Service**...............................................................................18

## Table of Authorities

### Cases

*CEH, Inc. v. F/V Seafarer*, 70 F.3d 694 (1st Cir. 1995) .............................................9

*Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) ........................................ *passim*

*J.G. v. Carnival Corp.*, 2013 WL 795145 (S.D. FL March 4, 2013) ......................10

*Jones v. Compagnie Generale Maritime*, 882 F.Supp. 1079 (S.D. GA 1995) ........10

*Kolstad v. American Dental Assoc.*, 527 U.S. 526 (1999)................................ 11, 12

*P&E Boat Rentals Inc. v. Fusselman*, 872 F.2d 642 (5th Cir. 1989) .............. *passim*

*Protectus Alpha Nav. Co., Ltd. v. N. Pacific Grain Growers, Inc.*,
    767 F.2d 1379 (9th Cir. 1985) .................................................................. 7, 15

*U.S. Steel Corp. v. Fuhrman*,
    407 F.2d 1143 (6th Cir. 1969) .....................................................................6, 7

### Other Authorities

Restatement (Second) of Torts, §909 (1977).................................................... *passim*

## SCOPE AND UNIQUENESS OF THE BRIEF

1. *Vicarious Liability Only:*  This brief is limited solely to Question #5—*i.e.* is a corporation liable for punitive damages when one (or more) of its employees commits punitive-level gross negligence?  Punitive liability also exists where the *corporation itself* commits punitive-level misconduct, and as demonstrated in the PSC brief and the Plaintiff's Proposed Findings of Fact and Conclusions of Law, such corporate-level recklessness abounds in this case.  The vicarious liability standards detailed within are irrelevant to those corporate-level findings.

2. *Punitive Standard*:  This brief does not answer Question #2—*i.e.* what is the requisite level of misconduct to impose punitive damages (gross negligence, recklessness, etc.)?  The PSC brief addresses that issue.  Like this Court, the State uses the term "gross negligence" as short-hand "to refer to any and all forms of misconduct exceeding ordinary negligence, whether deemed gross negligence, willful or wanton misconduct, reckless disregard, etc."  *See* Doc. 9536 fn.1.

3. *Uniqueness to the State's Claims*:  Alabama intends to try its damages case within the Eleventh Circuit.  As discussed within, the standard for vicarious punitive liability appears to be different in the Eleventh Circuit than it is in the Fifth Circuit; hence our request for factual findings beyond *P&E Boat Rentals*.[1]

---

[1] The State reserves the argument that any and all standards of vicarious liability applies to its claims, including *respondeat superior* and Restatement (Second) of Torts §909.

## SUMMARY OF THE ARGUMENT

1.   The gross negligence of rig employees *can* result in punitive damages against the corporation.  The Circuit Courts of Appeals have identified five actions that warrant vicarious liability for punitive damages under maritime law:

(a)   The Corporation recklessly employs an unfit employee who commits a grossly negligent act;

(b)   An employee commits a grossly negligent act, and the corporation authorized the act before it was committed;

(c)   An employee commits a grossly negligent act, and the corporation ratified the act after it was committed;

(d)   A managerial employee commits a grossly negligent act, and the corporation has some level of culpability for the act; and,

(e)   A managerial employee commits a grossly negligent act, regardless of the corporation's culpability for the act.

The Fifth Circuit embraced standards (a), (b), and (c) in *P&E Boat Rentals*. Standards (d) and (e) have been embraced by the First and Ninth Circuits respectively.  The Supreme Court split 4-4 on the viability of the latter standards in *Exxon*, so it's an open question.

2.   If the Court determines that an employee's act was grossly negligent, the Court should make *each* of the following findings, if supported, to affirm the punitive liability of the Defendant Corporation:

• The employee was a "managerial" agent of the Defendant.

• The Defendant recklessly hired or continued to employ the agent.

2

- The Defendant authorized the grossly negligent act before it occurred.

- The Defendant ratified the grossly negligent act after it occurred.

The latter three findings come from the Fifth Circuit's *P&E Boat Rentals* opinion, and are thus plainly warranted. Alabama asks the Court to *additionally* find that the grossly negligent employee served in a managerial capacity, where the facts support it, for three reasons.

First, the Supreme Court could adopt the First/Ninth Circuit standard for vicarious liability, instead of the Fifth Circuit *P&E Boat Rentals* standard, in this case. Prudence warrants making factual findings under each standard now, not later.

Second, the Court's findings will bind plaintiffs whose individual damage cases will be remanded, tried, and appealed in circuits that have adopted (or may adopt) the managerial agent theory of vicarious liability. Those plaintiffs should be armed with the appropriate favorable findings for their circuit.

Third, an appellate court could reject a necessary factual predicate to punitive liability under the *P&E Boat Rentals* strict culpability standard—*e.g.* post-incident ratification—but affirm a factual finding that warrants punitive liability under the other Circuits' managerial agent standard—*e.g.* the grossly negligent agent was a managerial employee of the corporation.

3

**ARGUMENT**

Question #5 asks, "In order to find gross negligence, is it sufficient if only employees on the rig are guilty of such conduct, or is it necessary to find that this level of conduct was attributable to shore-based or management-level employees?"

The answer is, "Yes, the gross negligence of an employee on the rig can warrant punitive damages against his corporate employer.  But certain findings are required, and they vary depending on the circuit."  This chart demonstrates the ways various circuits have held that a corporation can be liable for punitive damages under maritime law, with the vicarious liability standards shaded in grey:

|  | CA5, CA6 | CA1 | CA9, CA11(?) |
|---|---|---|---|
| The Corporation Itself Commits Gross Neg. | ✓ | ✓ | ✓ |
| The Corporation Recklessly Employed an Unfit Agent, Who Committed the GN Act | ✓ | ✓ | ✓ |
| The Corporation Authorized the GN Act before it was committed | ✓ | ✓ | ✓ |
| The Corporation Ratified the GN Act after it was committed | ✓ | ✓ | ✓ |
| A Managerial Employee Committed the GN Act *-plus-* the Corporation has some level of culpability for the GN Act |  | ✓ | ✓ |
| A Managerial Employee Committed the GN Act |  |  | ✓ |

4

In Part 1, we detail where these standards came from and what they mean. In Part 2, we explain why it is prudent for the Court to presently make factual findings that fit *each* standard, not just those embraced by the Fifth Circuit.

I.   **All Circuits Allow Punitive Damages for the Authorization or Ratification of an Employee's Grossly Negligent Act or the Reckless Employment of an Unfit Employee, but the Circuits Are Split on Whether a Managerial Employee's Gross Negligence Warrants Corporate Punitives.**

Section 909 of the Restatement (Second) of Torts (1977) states:

Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if,

(a) the principal or a managerial agent authorized the doing and the manner of the act, or

(b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, or

(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or

(d) the principal or a managerial agent of the principal ratified or approved the act.

Below, we demonstrate the various ways circuit courts have treated the Restatement's standard for vicarious liability in maritime cases.  In a nutshell, each circuit, including the Fifth Circuit in *P&E Boat Rentals*, has embraced punitive liability for acts that fall under §909(a), (b), and (d)—*i.e.* instances where the corporation authorized or ratified the employee's grossly negligent act or the

5

corporation recklessly employed the grossly negligent actor.  The circuits split, however, on §909(c)—*i.e.* the gross negligence of a "managerial" employee who was acting within the scope of his employment.

### A. The Fifth and Sixth Circuits: *Strict Complicity*

"Strict complicity" circuits do not embrace vicarious liability for the gross negligence of an employee unless the Defendant corporation authorized or ratified the grossly negligent act or the corporation knew the grossly negligent individual was unfit for his position.

The Sixth Circuit adopted this standard in *U.S. Steel Corp. v. Fuhrman*, 407 F.2d 1143 (6th Cir. 1969), when it held that the decision of U.S. Steel's on-shore fleet manager not to override the navigational decision of a ship's captain could not form the basis of punitive damages against U.S. Steel.  Relevant here, the Sixth Circuit limited the availability of maritime punitive damages to instances where either (a) "the owner authorized or ratified the acts of the master either before or after the accident" or (b) "the acts complained of were those of an unfit master and the owner was reckless in employing him."  *Id.* at 1148.

The Fifth Circuit adopted the Sixth Circuit standard in *P&E Boat Rentals Inc. v. Fusselman*, 872 F.2d 642 (5th Cir. 1989).  In that case, Chevron time-chartered a crewboat, which collided with another boat in heavy fog on the Mississippi River.  *Id.* at 644-46.  The district court awarded punitive damages

against Chevron because Chevron construction foremen had pressured the crewboat captain to run in the fog.  *Id.* at 646, 653.

The circuit court reversed.  Relevant here, the court quoted the Sixth Circuit *Fuhrman* rule, *id.* at 651-52, then stated that it "agree[d] with the position adopted by the Sixth Circuit in *U.S. Steel v. Fuhrman* which is more restrictive than the views on this question expressed by the Ninth Circuit in *Protectus Alpha Navigation Co.*," discussed immediately below.  *Id.* at 652.  The court went on to state that "punitive damages may not be imposed against a corporation when one or more of its employees decides on his own to engage in malicious or outrageous conduct.  In such a case, the corporation itself cannot be considered the wrongdoer."  *Id.*  Because the evidence did not "support an inference that Chevron policymaking officials were aware of [the] practice" of the foremen ordering vessels to run in the fog, the Court held that Chevron could not be held liable for punitive damages.

### B. The Ninth Circuit: *Restatement*

The Ninth Circuit adopted the entire Restatement standard, including §909(c)'s vicarious liability for the actions of managerial agents, in *Protectus Alpha Nav. Co., Ltd. v. N. Pacific Grain Growers, Inc.*, 767 F.2d 1379, 1386-87 (9th Cir. 1985).  The Ninth Circuit acknowledged that adopting the full

Restatement was broadened the Sixth Circuit (and now Fifth Circuit) strict complicity rule, and justified the expansion thusly:

> The Restatement goes a step farther than *Prentice* and *Fielding*, however, and also allows for such damages where the wrongful actor was in a "managerial capacity" performing within the "scope of his employment," thereby placing a reasonable burden on the employer to know its management personnel and choose them wisely.
>
> We believe the standard of the Restatement better reflects the reality of modern corporate America. We agree that a corporation can act only through its agents and employees, and that no reasonable distinction can be made between the guilt of the employee in a managerial capacity acting within the scope of his employment and the guilt of the corporation.

*Id.* at 1386.

Applying this rule, the Ninth Circuit imposed punitive damages when a dock foreman recklessly ordered a vessel cast off of his company's dock, even though the vessel was on fire and firefighters were overcoming the blaze. *Id.* at 1387. The court found insufficient evidence that the Defendant company had ratified or authorized the foreman's actions, *id.*, but sufficient evidence that the dock foreman (a) served the company in a managerial capacity—*i.e.* he "manag[ed] several employees" and "exercised a considerable amount of authority and discretion in running the operations of the dock"—and (b) was acting within the scope of his employment when he ordered the vessel cast off. *Id.*

8

### C. The First Circuit: *Restatement + 'Some Corporate Culpability'*

In *CEH, Inc. v. F/V Seafarer*, the First Circuit adopted Restatement §909(c)'s managerial agent theory, as long as there is "some level of [corporate] culpability for the misconduct." 70 F.3d 694, 705 (1st Cir. 1995).

The court applied this theory to impose punitive damages on the owner of a commercial fishing boat whose captain had maliciously destroyed competitors' lobster traps. After determining that the captain was a managerial employee, the circuit court found the requisite level of corporate culpability because (a) the owner knew of the tension with lobster harvesters, (b) the owner did not issue any policy directives on how to deal with the lobster harvesters, and (c) the owner vested the captain with "complete managerial discretion." *Id.*

### D. The Eleventh Circuit: *Undecided, but D.Ct. using Restatement*

The State of Alabama was transferred from the Eleventh Circuit; as were thousands of citizens and businesses who filed in district courts across Alabama and Florida. We have been unable to find any circuit court opinion on this issue in a maritime case since the Restatement (1977) and *P&E Boat Rentals* (1989) standards were announced.

The most recent district court opinion we found (March 2013) applied the *entire* Restatement standard, including the managerial agents doctrine, in the same manner as the Ninth Circuit. *See J.G. v. Carnival Corp.*, 2013 WL 795145, at *3-6

(S.D. FL March 4, 2013).  To reject Defendant Carnival's motion for summary judgment against punitive damages under maritime law, the district court looked at each of the punitive theories we outlined in our chart:

- "Managerial Capacity" of an Agent;

- "Authorization" of an Agent's Act;

- "Approval or Ratification" of an Agent's Act; and,

- "Defendant's Own Punitive Liability."

*Id.* at \*3-8.  Thus, it appears that the applicable standard for plaintiffs within the Eleventh Circuit is likely the full Restatement standard, not the more restrictive Fifth Circuit *P&E Boat Rentals* standard.  In fact, the only case we could find within the Eleventh Circuit that followed *P&E Boat Rentals* was a 1995 Georgia District Court case, and that court recognized that "[t]he majority of courts actually do not follow it."  *Jones v. Compagnie Generale Maritime*, 882 F.Supp. 1079, 1086 n.6 (S.D. GA 1995).

### E. Supreme Court:  Split 4-4

In *Exxon Shipping Co. v. Baker*, the Supreme Court was confronted with the split after the Ninth Circuit upheld a Restatement-based jury instruction that a corporation "is responsible for the reckless acts of ... employees ... in a managerial capacity while acting in the scope of their employment."  554 U.S. 471, 483-84 (2008).  The Court split 4-4 on the issue; thereby leaving the Ninth Circuit's

application of the full Restatement standard undisturbed. *Id.* at 484.   Accordingly, it is an open question whether the gross negligence of a managerial employee warrants the imposition of punitive damages on a Defendant corporation without proof of authorization or ratification of the negligent act—and numerous plaintiffs in the MDL come from circuits that embrace (or could adopt) this punitive theory.

### F. Rig-Based Employees:  All Standards Apply

Finally, in response to Question #5, none of the vicarious liability standards differentiate between rig-based employees, shore-based employees, or corporate management.   If the answer is "yes" to any of these questions, then vicarious liability would apply, regardless of where the employee was stationed:

- Did the corporation authorize the employee's action before it occurred?

- Did the corporation ratify the employee's action after the fact?

- Did the corporation recklessly employ an unfit employee?

- Was the employee serving in a "managerial" role for the corporation, and was he acting within the scope of his employment?

Regarding the last question, an employee on the rig *can* be considered a "managerial" agent;   he "need not be the employer's 'top management, officers, or directors,' to be acting 'in a managerial capacity.'"   *Kolstad v. American Dental Assoc.*, 527 U.S. 526, 543 (1999) (citing 1 L. Schlueter & K. Redden, *Punitive Damages*, §4.4(B)(2)(a)).   In fact, punitive liability was established in *Exxon* because the ship's captain—a rig-based employee—was considered a managerial

employee of Exxon.  *Exxon*, 554 U.S. at 480.  While there is no single definition of a "managerial" employee, the Supreme Court has stated that "[i]n making this determination, the court should review the type of authority that the employer has given to the employee, the amount of discretion that the employee has in what is done and how it is accomplished."  *Kolstad*, 527 U.S. at 543.

## II.    If the Court Deems A Particular Employee's Action Grossly Negligent, the Court Should Make Factual Findings that Fit Each Circuit's Standard for Vicarious Liability.

Taking a step back, there are numerous instances outlined in the PSC brief and Plaintiffs' Proposed Findings of Fact and Conclusions of Law that detail how the Defendant Corporation itself committed a punitive-level act.  For example, the Plaintiffs detail Transocean's willful and wanton (a) failure to maintain the DWH and (b) manning of the DWH with unqualified, unlicensed, and under-trained personnel.  In these instances, where the punitive failure is attributable to the corporation as opposed to a particular individual, the Court need not worry about the vicarious liability standards/findings discussed in this brief.

But in the instances where the Court determines that a punitive failure is attributable to a particular employee (as suggested by Question #5), the State asks the Court to make *each and every* one of the following findings, if the facts warrant:

12

- The employee was a managerial agent of the Defendant;

- The employee was unfit for his duty, and the Defendant recklessly hired and/or continued to employ the employee;

- The Defendant authorized the employee's grossly negligent act before it occurred; and,

- The Defendant ratified the employee's grossly negligent act after it occurred.

The last three are consistent with *P&E Boat Rentals*, so they are naturally relevant here.  But we believe the Court should also include the Restatements' managerial agent finding, where it is factually supported, for three reasons.

### A.    The Supreme Court Could Decide the Appropriate Vicarious Liability Standard in this Case.

As detailed in Part I, there is a defined split among the circuits on the appropriate vicarious liability standard, and the Supreme Court split 4-4 on the issue in *Exxon*.  So, there is a heightened chance that some Plaintiff or Defendant will successfully seek certiorari review of the issue in this case.

Prudence dictates that this Court factually support a punitive finding under each standard, since it is impossible to predict which standard the Supreme Court would choose.  Specifically, where it is supported, the Court should find that a grossly negligent employee served some "managerial" function, in case the Supreme Court ultimately chooses to adopt the Restatement  standard—in addition

13

to the factual findings dictated by the Fifth Circuit *P&E Boat Rentals* standard (*i.e.* reckless employment, pre-act authorization, or post-act ratification).

### B. Plaintiffs from Other Circuits Should Be Armed with Circuit-Appropriate Factual Findings.

Assuming that the Supreme Court does *not* decide the appropriate vicarious liability standard in this case, the "managerial agent" finding is still important to Plaintiffs whose individual damages case will be remanded to a circuit that applies some form of the Restatement rule.  MDL 2179 is massive in scope; it includes plaintiffs transferred from circuits that already apply the Restatement rule in maritime cases (*i.e.* the First and Ninth) and/or circuits like the Eleventh, which includes Alabama and Florida, that may adopt the Restatement rule.

If these circuit courts are going to review the efficacy of punitive damage awards, fairness dictates transferred Plaintiffs be given the findings that satisfy the legal standards applied by these circuit courts.

### C. Certain Factual Findings Could Be Stricken on Appeal.

We expect and encourage the Court to apply the Fifth Circuit *P&E Boat Rentals* standards for vicarious liability because they are the standard of this Court's circuit.  But even if the Court finds vicarious liability under the strict *P&E* standard(s), the Court should still make findings under the Restatements' managerial agent standard in case an appellate court disagrees with one of the Court's factual findings that supports liability under *P&E Boat Rentals*.

14

The Ninth Circuit *Protectus Alpha* case demonstrates our point. The Plaintiff's vessel caught fire while moored on the Defendant's dock. *See Protectus Alpha*, 767 F.2d at 1381-82. Firefighters had nearly extinguished the flames when the Defendant's dock foreman shunned the firefighter's orders and cast the vessel off the dock. *Id.* The district court found punitive liability by finding that the dock foreman acted in accordance with company policy and the Defendant company approved his action—a finding that would satisfy the *P&E* standard. *Id.* at 1385.

The Ninth Circuit, however, determined that there was insufficient evidence to support a finding that the dock foreman followed company policy or that the Defendant company had authorized or ratified his actions. *Id.* at 1387. Yet, the Ninth Circuit affirmed the punitive award by alternatively finding that the dock foreman "occupied a managerial position" because he supervised several employees and "exercised considerable discretion in running the operations of the dock." *Id.*

In other words, the Ninth Circuit rejected the factual findings that supported liability under the Fifth Circuit's *P&E Boat Rentals* standard but accepted the factual findings that supported liability under the Restatement standard. We ask this Court to make factual findings that will support all standards because, as *Protectus Alpha* demonstrates, it is impossible to predict which factual findings and legal standard an appellate court will affirm.

15

\* \* \*

We agree with the Fifth Circuit that, essentially, punitive liability boils down to whether "the corporation itself [can] be considered the wrongdoer." *P&E Boat Rentals*, 872 F.2d at 652.  Thus, we agree that this Court's factual findings and conclusions of law should be directed at determining whether the Defendant Corporations can be "considered the wrongdoer" in some way.  *Id.*

Our points here are two:  (1) various circuits offer multiple ways to demonstrate corporate 'wrongdoing' when employees act recklessly, and (2) it is prudent to consider each way when writing the Court's order and reasons.

16

## CONCLUSION

The Court should consider whether the Defendant corporations are liable for punitive damages under each of the following, non-exclusive theories:

- The Corporation itself committed a grossly negligence act;

- The Corporation recklessly employed someone who committed a grossly negligent act;

- An agent committed a grossly act, which the corporation authorized before it was committed;

- An agent committed a grossly negligent act, which the corporation ratified after it was committed;

- A managerial employee of the corporation committed a grossly negligent act.

Respectfully submitted,

LUTHER STRANGE
*Attorney General*

 /s/ Corey L. Maze                                .
COREY L. MAZE
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL  36130
(334) 353-4336 (phone)
(334) 242-4891 (fax)
cmaze@ago.state.al.us

Attorneys for the State of Alabama

17

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on **June 21, 2013**.

  _/s/ Corey L. Maze                              .
COREY L. MAZE
*Special Deputy AG, State of Alabama*