

E-SERVICE
51679901
Apr 08 2013
05:04PM
File & ServeXpress

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG    *   MDL NO. 2179
    "DEEPWATER HORIZON" in the    *
    GULF OF MEXICO, on         *   SECTION J
    APRIL 20, 2010           *
                              *   JUDGE BARBIER

**APPLIES TO: No. 12-311**      *   MAG. JUDGE SHUSHAN
                              *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CAMERON INTERNATIONAL CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

         Pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 36, Plaintiff Cameron International Corporation ("Cameron") responds to Defendant's First Set of Requests for Admissions ("Requests for Admissions"), Interrogatories and Requests for Production of Documents ("Document Requests") (together, the "Discovery Requests") as follows:

### GENERAL OBJECTIONS

     1.      Cameron objects to the Discovery Requests to the extent they seek information or documents from Cameron beyond that which is permitted by, or otherwise purport to impose obligations on Cameron beyond those which are required by, the Federal Rules of Civil Procedure and any other applicable rules.

     2.      Cameron objects to the Discovery Requests to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or immunity from disclosure. Inadvertent disclosure of any privileged information by Cameron shall not constitute a waiver of any

Exhibit 4

applicable privilege nor shall it be construed as a waiver of any objection to the admissibility of such information.

3.    Cameron objects to the Discovery Requests to the extent they are vague, ambiguous, unduly burdensome, overly broad, and seek the disclosure of information or documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Cameron objects to the Discovery Requests to the extent they seek information or documents that are already within the possession of Defendant or equally accessible to Defendant from other sources.

5.    Cameron objects to the Discovery Requests to the extent they seek documents post-dating January 30, 2012 (the date Cameron filed its complaint in this action) or are otherwise not properly limited to the time period relevant to this action.

6.    Cameron objects to the Discovery Requests to the extent they assume the existence of certain documents or the occurrence of certain events. By objecting and responding to the Discovery Requests as set forth below, Cameron does not concede that any such documents exist or that any such events occurred.

7.    Cameron objects to the Document Requests to the extent that they call for documents other than those in Cameron's possession, custody or control.

8.    Cameron objects to the Document Requests to the extent that they require Cameron to search for responsive materials in places, locations, files or from email custodians other than those where responsive documents would be expected to be retained in the ordinary course of business on the grounds that such a search would be oppressive and/or cause unreasonable expense or burden. Cameron will search for and produce documents from the

1122687v1

places, locations, files and email custodians reasonably expected to have responsive documents and that will not involve unreasonable expense or burden.

9.    Cameron objects to the Interrogatories and Requests for Admissions to the extent that they call for or seek legal conclusions and not facts.

10.    Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in Liberty's Discovery Requests.

11.    Cameron expressly reserves the right to supplement, amend or alter its responses to the Discovery Requests at any time.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1.**    Admit that you demanded indemnity protection from Transocean in connection with the Deepwater Horizon Incident.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to the term "indemnity protection" on the grounds that it is vague and ambiguous.  Subject to and without waiving its objections, Cameron admits that it demanded indemnity in connection with the Deepwater Horizon Incident from Transocean pursuant to provisions contained in (1) the Master Service Agreement between Cameron and Transocean dated September 28, 2000 and (2) the written Terms and Conditions between Cameron and Transocean for the sale of the Deepwater Horizon blow-out preventer, which, with respect to Blowout Liability,[1] Transocean refused to provide.

**REQUEST FOR ADMISSION NO. 2.**    Admit that BP would not agree to settle with you unless you waived your contractual indemnification claims against Transocean under the T&C and the MSA.

---

[1]    Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in Cameron's First Set of Requests for Admission.

1122687v1

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this request on the grounds that it is vague and ambiguous because it fails to specify a relevant time period and because it seeks information exclusively within the possession and control of BP.   Subject to and without waiving its objections, Cameron denies this request.

**REQUEST FOR ADMISSION NO. 3.**   Admit that you reached a settlement agreement in principle with BP on December 12, 2011.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this request on the grounds that it is vague and ambiguous and calls for a legal conclusion.   Subject to and without waiving its objections, Cameron states that on December 12, 2011, Cameron and BP reached a tentative settlement agreement that was subject to the approval of Cameron's board, the consent of Cameron's insurers, and final agreement between the parties on all terms and conditions.

**REQUEST FOR ADMISSION NO. 4.**   Admit that you agreed to release your contractual indemnification claims against Transocean under the T&C and MSA on December 12, 2011.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron denies this request.

**REQUEST FOR ADMISSION NO. 5.**   Admit that before December 12, 2011, you were not legally obligated to pay any amount falling within the limits of Liberty's excess liability insurance policy number LQ1B71198583046.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron admits this request.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1.**   Identify all persons having knowledge concerning the negotiation of Paragraph 4.5 of the BP Settlement.

4

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron states that to its knowledge, the following individuals from Cameron and BP were principally and directly involved in the negotiation of Paragraph 4.5 of the BP Settlement:

Brad Eastman
Vice President, Deputy General Counsel
Cameron International Corporation
4646 W. Sam Houston Pkwy. North
Houston, Texas 77041
(713) 939-2239

James J. Neath
Associate General Counsel
BP America Inc.
501 Westlake Park Boulevard
Houston, TX 77079
(281) 366-2000

William Lemmer
Cameron International Corporation
1333 West Loop South, Suite 1700
Houston, Texas 77027
(713) 513-3360

**INTERROGATORY NO. 2.**  Identify all facts and documents supporting and all persons with knowledge of your allegation that "BP also made clear that it would not settle with Cameron unless . . . Cameron agreed to a complete waiver of any contractual indemnification claims Cameron might have against Transocean that might flow to BP[.]" Am. Compl., at ¶ 42.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory to the extent it is overly broad and unduly burdensome.  Subject to and without waiving its objections, Cameron states that the facts supporting the allegation selectively quoted in Interrogatory No. 2 are based on statements made by representatives of BP, including the individuals identified in the response to Interrogatory No. 1.  As set forth in paragraph 42 of the Amended Complaint, during negotiations, BP took the position that it would not agree to settle with Cameron unless (i) Cameron agreed to a complete waiver of any contractual indemnification claims Cameron might have against Transocean that might flow to BP, and (ii) Cameron's insurers agreed to waive their subrogation rights to prevent any liability from flowing back to BP.  On December 12, 2011, as Cameron reported in an email

5

to its insurers including Liberty, Cameron and BP reached a tentative settlement agreement that was subject to the approval of Cameron's board, the consent of Cameron's insurers, and final agreement on all terms and conditions. Knowing full well that it was BP's stated position as of December 12, 2011 that it would not settle with Cameron unless Cameron and its insurers waived their rights against Transocean, which in turn could have sought to recover from BP, Liberty refused to consent unless Cameron agreed to accept a steep discount off Liberty's $50 million obligation to Cameron. As a result, Liberty held the entire settlement – and Cameron's future – as hostage for a ransom in the form of a big discount off its $50 million limit. Despite Liberty's bad faith, Cameron was able to move forward with the BP settlement based on all its other insurers' agreement to fund the deal and waive their subrogation rights. After further negotiations, which are within the knowledge of the individuals identified in the response to Interrogatory No. 1 and are reflected in emails and voicemails that will be produced in this action, BP agreed to proceed with a settlement, as set forth in the Confidential Settlement Agreement, Mutual Releases and Agreement to Indemnify dated December 15, 2011.

**INTERROGATORY NO. 5.**   Identify all facts and documents supporting, and all persons with knowledge of, your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to the Interrogatory to the extent it is overly broad and unduly burdensome. Subject to and without waiving its objections, Cameron identifies the T&C, MSA, Cameron's Answer, Claims, Counter-Claims and Cross-Claims filed in this MDL (Doc. No. 412) and all attachments thereto, Cameron's motion for summary judgment filed in this MDL (Doc. No. 4524) and all attachments thereto, and Cameron's reply brief filed in this MDL (Doc. No. 4865). Cameron further states that to its knowledge, the following individuals were principally

6

1122687v1

and directly involved in Cameron's demand for indemnity protection from Transocean under the

T&C and the MSA in connection with the Deepwater Horizon Incident:

Brad Eastman
Vice President, Deputy General Counsel
Cameron International Corporation
4646 W. Sam Houston Pkwy. North
Houston, Texas 77041
(713) 939-2239

Steven L. Roberts
David A. Baay
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002
(713) 470-6100

David J. Beck
David W. Jones
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 Mckinney, Suite 4500
Houston, TX 77010
(713) 951-3700

**INTERROGATORY NO. 6.**   Identify all persons involved in the drafting of your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to the Interrogatory to the extent it is overly broad and unduly burdensome.  Subject to and without waiving its objections, Cameron refers to its response to Interrogatory No. 5.

**INTERROGATORY NO. 7.**   Identify the persons who authored the T&C and the MSA.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this request on the grounds that it seeks information exclusively within the possession and control of Transocean.  Subject to and without waiving its objections, Cameron states that the T&C and the MSA were originally authored by employees of Transocean or Transocean's predecessor, R&B Falcon Drilling Co., and revised during negotiations principally with Al Shepard (now deceased) and Bruce Himmelreich from Cameron.

1122687v1

**INTERROGATORY NO. 8.**   Identify the persons knowledgeable concerning the meaning of the indemnity provisions contained in the T&C and the MSA, including persons involved in negotiations with Transocean about the terms of the T&C and the MSA.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron states that David J. Beck is knowledgeable concerning the meaning of the indemnity provisions contained in the T&C and the MSA, and Cameron's former Transocean account representative, Al Shepard (now deceased), and Bruce Himmelreich were principally and directly involved in the negotiation of the T&C and MSA.

**INTERROGATORY NO. 9.**   State whether there have been any modifications to the indemnity provisions contained in the T&C and the MSA since January 1, 2010.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron states that in 2012, Cameron entered into a revised MSA with Transocean.

**INTERROGATORY NO. 10.**   Identify all claims you have made to Transocean for indemnity protection under the T&C and the MSA since January 1, 2000.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory on the grounds that Cameron's claims for indemnity from Transocean prior to the Deepwater Horizon Incident are neither relevant to the subject matter involved in this case, nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving its objections, Cameron states that it made a demand that TO provide indemnity for Blowout Liability in connection with the Deepwater Horizon Incident, but that TO rejected that demand and filed a claim for a declaration that TO owed no such indemnity to Cameron.

1122687v1

**INTERROGATORY NO. 11.** Identify all documents and communications related to any work Cameron has performed for Transocean under the MSA and the T&C since January 1, 2000.

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant to the subject matter involved in this case, nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12.** State whether you have made a demand to Marsh and/or its errors and omissions insurer(s) in connection with Liberty's decision not to contribute to the BP Settlement, and if so, state when the demand was made and identify all persons with knowledge of the demand.

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory on the grounds that it is neither relevant to the subject matter involved in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Cameron responds that it has not made a demand to Marsh and/or its errors and omissions insurer(s) in connection with Liberty's breach of its obligations to Cameron.

**INTERROGATORY NO. 13.** Identify all facts and documents supporting and all persons with knowledge of your allegation that "'[o]ther insurance' clauses define methods of contribution among insurers and are irrelevant to a policy's attachment point[.]"

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Cameron further objects to this Interrogatory to the extent it is premature as discovery is still ongoing. Subject to and without waiving its objections, Cameron states that the literature in the insurance industry supporting the referenced allegation is publicly available and too voluminous to identify here. As an example, see *Couch on Insurance* § 219:1 (observing that

9

1122687v1

"'[o]ther insurance' clauses govern the relationship between insurers, they do not affect the right of the insured to recover under each concurrent policy").

**INTERROGATORY NO. 14.**  Identify all facts and documents supporting and all persons with knowledge of your allegation that "[b]ecause Liberty has not remitted to Cameron the insurance proceeds it owes, Liberty has breached the Policy – and has done so in bad faith."

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory to the extent it is premature as discovery is still ongoing.  Subject to and without waiving its objections, Cameron refers Defendant to Cameron's Amended Complaint, which describes the facts supporting this allegation in detail, including but not limited to:

- Cameron's cooperation with Liberty in its investigation of Cameron's claim for coverage and in connection with liabilities arising from the Deepwater Horizon Incident;

- Liberty's failure to mention that its "Other Insurance" provision could be a basis to refuse payment until over a year and a half after Cameron notified Liberty of its claim;

- Liberty's failure to consent to Cameron's settlement with BP, putting the entire settlement in jeopardy and potentially exposing Cameron to billions of dollars of liability;

- Liberty's demand that Cameron accept a steep discount as a condition to providing coverage; and

- Liberty's insistence that its "Other Insurance" provision means that before Liberty's policy attaches, Cameron must risk bankrupting itself pursuing an uncertain indemnity to final judgment.

Cameron further refers Defendant to Cameron's Rule 26 disclosures in this action, which identify

the persons and categories of documents supporting those facts, including, but not limited to:

- Anthony Black, Cameron's risk manager;

- Brad Eastman, Cameron's Vice President, Deputy General Counsel;

- Charles Sledge, Cameron's Chief Financial Officer;

- James Engel, Liberty's Chief Claims Officer;

- Jeffrey Roberts, Liberty's AVP Excess Casualty Claims;

- Alan Mandel, Liberty's Vice President, Excess Casualty Division;

- Communications between Liberty and Cameron, including letters written by Paul Koepff on Liberty's behalf refusing to contribute to Cameron's settlement with BP; and

- Communications between Liberty and Cameron's other insurers, including those in which Cameron's other insurers objected to Liberty's conduct and reserved all rights to sue Liberty.

**INTERROGATORY NO. 15.**  Itemize all damages you seek to recover in this matter, including without limitation any damages for (1) Liberty's alleged breach of its insurance policy, and (2) Liberty's alleged breach of Texas Insurance Code §§ 541 and/or 542.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above.

Cameron further objects to this Interrogatory to the extent it is premature as discovery is still

ongoing.  Subject to and without waiving its objections, Cameron states that it is seeking $50

million in compensatory damages plus interest as provided under Texas law, compensatory

damages for post-settlement defense costs being incurred on an ongoing basis in connection with

the MDL and related proceedings, statutory damages under Texas Insurance Code § 541 equal to

triple Cameron's actual compensatory damages, statutory damages under Texas Insurance Code

1122687v1

§ 542 equal to 18% per annum of Cameron's defense costs in connection with this MDL and related proceedings, and attorneys' fees and costs related to bringing this action.

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1**    All documents and communications between you and BP covering the BP Settlement.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 2**    All documents and communications between you and any of your insurers relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon incident, an insurer's payment on Cameron's claim, or this lawsuit.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 3**    All documents and communications between you and Marsh concerning Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, the BP Settlement, this lawsuit, a demand against Marsh, or notice of a potential claim against Marsh.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 4**    All documents and communications between you and Marsh concerning procurement of the Liberty Policies.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 5**    All documents and communications between you and Liberty concerning the Liberty Policies.

1122687v1

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 6**  All documents and communications between you and Liberty concerning the BP Settlement.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 7**  All documents and communications related to any demand by you for indemnity protection to Transocean under the T&C or the MSA since January 1, 2000.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Document Request on the grounds that it is unduly burdensome, overly broad and seeks documents that are neither relevant to the issues in this case, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents that were previously produced in the MDL and that are located through a reasonable search.

**DOCUMENT REQUEST NO. 8**  All documents and communications related to any modification of, or request to modify the indemnity provisions contained in the T&C or the MSA since January 1, 2010.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Document Request on the grounds that it is unduly burdensome, overly broad and seeks documents that are neither relevant to the issues in this case, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents that

1122687v1

were previously produced in the MDL and that are located through a reasonable search, as well as a copy of the revised MSA between Cameron and Transocean.

**DOCUMENT REQUEST NO. 9**   All documents and communications concerning the terms of the BP Settlement, including drafts of the executed settlement agreement.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 10**   All documents in the files of Stone Pigman Walther Wittmann L.L.C. or Willkie Farr & Gallagher L.L.P. relating to the BP Settlement, Cameron's claims for indemnity against Transocean, the Liberty Policies, or Cameron's claims for coverage for liabilities arising out of the Deepwater Horizon incident.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Document Request on the grounds that any responsive, non-privileged documents in trial counsel's files exist in Cameron's files and, as such, will already be included in Cameron's production.  Cameron further objects to this request on the grounds that it is harassing.

**DOCUMENT REQUEST NO. 11**   All documents supporting the damages you seek to recover in this matter.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 12**   All documents supporting your answers to any of the Interrogatories.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

1122687v1

Dated:     April 8, 2013               /s/ Phillip A. Wittmann
                                       Phillip A. Wittmann, 13625
                                             pwittmann@stonepigman.com
                                       Carmelite M. Bertaut, 3054
                                             cbertaut@stonepigman.com

                                       STONE PIGMAN WALTHER WITTMANN L.L.C.
                                       546 Carondelet Street
                                       New Orleans, Louisiana  70130
                                       504-581-3200
                                       504-581-3361 (fax)

                                       *Attorneys for Cameron International
                                       Corporation*

                                           Of Counsel:

                                       WILLKIE FARR & GALLAGHER LLP
                                       Mitchell J. Auslander
                                       Jeffrey B. Korn
                                       787 Seventh Avenue
                                       New York, NY  10019
                                       (212) 728-8000
                                       mauslander@willkie.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by U.S. mail, postage prepaid, hand delivery, facsimile transmission or email on this 8th day of April, 2013.

                                       /s/ Phillip A. Wittmann

1122687v1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * | MDL NO. 2179 |
| | * | |
| | * | SECTION J |
| | * | |
| | * | JUDGE BARBIER |
| APPLIES TO: No. 12-311 | * | MAG. JUDGE SHUSHAN |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### VERIFICATION OF BRAD EASTMAN

I, Brad Eastman, declare under penalty of perjury, as follows:

I am employed by Cameron International Corporation as Vice President, Deputy General

Counsel.  In that capacity, I declare that the foregoing responses to Liberty Insurance

Underwriters, Inc.'s First Set of Requests for Admissions, Interrogatories and Requests for

Production of Documents are true and correct to the best of my knowledge.

Executed this 8 day of April, 2013.