UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION: J |
| This document applies to:<br>*All Cases* | JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

## [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF JUDGMENT ON PARTIAL FINDINGS THAT TRITON ASSET LEASING GMBH IS ENTITLED TO EXONERATION FROM LIABILITY

In accordance with Federal Rule of Civil Procedure 52(a) and (c), and based on the evidence presented at trial in this limitation of liability action, the Court finds the following facts and states its conclusions of law in support of its judgment on partial findings that Triton Asset Leasing GmbH is entitled to exoneration from liability.  If any finding is in truth a conclusion of law or if any conclusion stated is in truth a finding of fact, it should be deemed so.

## FINDINGS OF FACT

1. This case involves a blowout of the Macondo well being drilled by the *Deepwater Horizon* mobile offshore drilling unit in the Gulf of Mexico.

2. Petitioner Triton Asset Leasing GmbH was the registered owner of the *Deepwater Horizon*.

3. On August 17, 2001, the predecessor of Triton (Transocean Offshore International Ventures Limited) chartered the *Deepwater Horizon* to the predecessor of Transocean Holdings LLC (R&B Falcon Drilling Co.) through a demise or bareboat charter (the "Bareboat Charter").

4. At the time of the Bareboat Charter the *Deepwater Horizon* was practically a new rig, construction having finished in 2000 and the rig having arrived in the Gulf of Mexico in April 2001.

5. At the time of the Bareboat Charter, there had been no negligent conduct that was the cause in any way of the Macondo spill

6. At the time of the Bareboat Charter, the *Deepwater Horizon* was a seaworthy vessel. In particular, the rig was built in accordance with all relevant regulations, and was fit for service.

## CONCLUSIONS OF LAW

7. "If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 52(c). The Court may make a Rule 52(c) judgment on partial findings at the conclusion of the case. *Id.*

8. Triton (through its predecessor) demised the *Deepwater Horizon* to the predecessor of Transocean Holdings LLC on August 17, 2001. Because Triton no longer had the right to control the use of the vessel after that date, it "is no longer charged with the duties and liabilities that arise out of its ownership." *Huss v. The King Company, Inc.*, 338 F.3d 647, 652 (6th Cir. 2003); *Kerr-McGee Corp. v. Law*, 479 F.2d 61, 63 (4th Cir. 1973).

9. "Because a shipowner who has demised a vessel no longer controls it, such an owner is not liable for unseaworthiness or negligence that comes into existence while the charter is in effect." *Picou v. D&L Towing, Inc.*, 2010 U.S. Dist. LEXIS 65997, at *10 (E.D. La. July 2, 2010) (Vance, J.). Therefore, Triton is not liable for any negligence or alleged unseaworthiness that arose after August 17, 2001.

10. Although a vessel owner may be liable for unseaworthy conditions that exist before the date of the bareboat charter, *Torch, Inc. v. Alesich*, 148 F.3d 424, 427 (5th Cir. 1998), the *Deepwater Horizon* was a seaworthy vessel as of the date of the Bareboat Charter, August 17, 2001.

11. Accordingly, the Court grants judgment on partial findings that Triton Asset Leasing GmbH is entitled to exoneration from liability in this limitation of liability action.

New Orleans, Louisiana this _____ day of _____, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE