# EXHIBIT 4



34934567

Dec 17 2010
6:27PM

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### RESPONSES ON BEHALF OF TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. AND TRANSOCEAN DEEPWATER INC. TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. and TRANSOCEAN DEEPWATER INC. (collectively, "Respondents") object and respond to Plaintiffs' Interrogatories and Requests for Production to Respondents ("Plaintiffs' Interrogatories and Requests") as follows:

### GENERAL OBJECTIONS

These General Objections are hereby incorporated into each specific response below.

1.      Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they attempt to impose upon Respondents any obligations in excess of those imposed by the Federal Rules of Civil Procedure.

2.      Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent they seek documents or information outside the scope of Pretrial Order No. 11, which provides "In addition to the Initial Omnibus Requests, Plaintiffs may serve initial written discovery requests related to the Casualty, Spill and Limitations issues on or before November 1, 2010."  Casualty, Spill and Limitations issues are

described in Pretrial Order No. 11 as discovery "focused on the activities and events leading up to and including April 20, 2010 Macondo Well incident and resulting explosion, fire and loss of the rig. Discovery will also include discovery of issues relating to the cause or causes and extent of the associated oil spill, and the cause or causes of damages alleged to have resulted therefrom."

3.      Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they request the identification of information or documents and seek disclosure of information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they are vague, ambiguous, overly broad or lack sufficient particularity.

5.      Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they purport to define words in a way not consistent with their generally understood meanings.

6.      Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity, or exception. The production of any document or information that is subject to such a privilege or immunity from discovery shall be inadvertent and shall not be deemed a waiver of the applicable privilege or protection. Respondents expressly reserve the right to demand, in the event of such an inadvertent production, that Plaintiffs return and/or destroy any document or information inadvertently produced, and all copies and derivative

works therefrom.  Respondents further expressly reserve the right to redact documents produced in response to Requests for Production.

7.      Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they seek the disclosure of information or documents that contain or constitute trade secrets, proprietary information, or other confidential business information without appropriate restrictions on disclosure and dissemination as may be embodied in a protective order entered by the Court.

8.      Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they seek the disclosure of information or documents that would violate the rights of privacy of third parties, or any similar judicially recognized protection or privilege, including, but not limited to, the protections of the Health Insurance Portability and Accountability Act ("HIPAA"), or that would result in disclosure of any confidential information or documents without appropriate restrictions on disclosure and dissemination as may be embodied in a protective order entered by the Court.

9.      Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they seek documents that do not pertain to Respondents or purport to require Respondents to provide information not within their possession, custody, or control, or are already in the possession, custody or control of the Plaintiffs.

10.     Respondents object to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent Plaintiffs seek to require Respondents to create documents not already in existence.

11.     Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they seek information that is publicly available, or information the discovery of which is cumulative, duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive.

12.     Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they seek information about which Respondents lack information or knowledge.

13.     Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent Plaintiffs seek to require Respondents to provide information beyond what is available to them after conducting a reasonable search of their own files and after making reasonable inquiries.

14.     Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they seek information that does not exist.

15.     Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they may purport to require Respondents to produce documents in formats different from those formats specified for various categories of documents in Pretrial Order 16.   Respondents will produce documents in .tiff format unless such documents are required by Pretrial Order 16 to be produced in a different format.

16.     Respondents' assertion that they will produce documents in response to a particular Request for Production is not to be construed as an admission that any document exists within any requested category or categories but solely as an assertion that Respondents will

produce (consistent with the objections raised herein or hereafter) any responsive documents or information within their possession, custody or control, should any such documents be found.

17.     Respondents object generally to Plaintiffs' Interrogatories and Requests, and to each individual Interrogatory and Request, to the extent that they seek documents that came into the possession, custody, or control of Respondents after April 20, 2010, the date of the explosion and fire on the *Deepwater Horizon*.  Respondents object to the Requests to the extent they purport to require Respondents to re-produce the document productions of other parties that have been made in these litigations either pre- or post-consolidation, or in connection with investigations such as that being conducted by the Deepwater Horizon Joint Investigation Team ("MBI").

18.     Respondents object to the Requests as a whole to the extent they seek information or documents related to wells other than the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Respondents will only provide information and/or documents relating to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.

19.     Respondents object to Plaintiffs' Interrogatories on the grounds that they exceed the limitation imposed upon discovery under the Federal Rules of Civil Procedure and the Court's Pretrial Order No. 11 dated October 19, 2010, which limits Plaintiffs to propounding 50 interrogatories to each defendant.  Plaintiffs have served Respondents with 29 separately enumerated requests, several of which contain more than one request.

20.     The following responses are given without prejudice to Respondents' right to produce evidence of any subsequently discovered fact or facts which Respondents may later

discover, recall or produce, and Respondents reserve the right to supplement or amend the responses herein.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify each legal claim (tort, contract or otherwise) possessed by you against any third party, whether actually pending in any court or not, arising out of the April 20, 2010 explosion aboard the DEEPWATER HORIZON.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Respondents further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine and to the extent that it asks Respondents to state legal conclusions. Respondents also object to this Interrogatory to the extent that it seeks information that is publicly available or premature.

### INTERROGATORY NO. 2:

As to those entities identified in the Letters of Undertaking produced herein, please state whether or not each entity is included on the U.S. Treasury Department's approved list of underwriters as an appropriate surety to provide a Letter of Undertaking in this cause.

### RESPONSE TO INTERROGATORY NO. 2:

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General

Objections, Respondents are not aware of any Letters of Undertaking relevant to this Interrogatory.

## INTERROGATORY NO. 3:

Please identify by name, employer and job title each and every architect, naval architect, rig designer, shipbuilder, contractor and subcontractor who participated in the original construction, design, fabrication, and/or equipping of the DEEPWATER HORIZON, and any changes, modifications and/or retrofittings thereafter, including each and every individual who possessed and acted upon their authority to make binding decisions on behalf of the shipowner with regard to such activities.

## RESPONSE TO INTERROGATORY NO. 3:

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the inquiry is not limited to a reasonable timeframe or scope. Additionally, by way of example, the terms "participated in," "equipping," "changes," "modifications," "retrofittings," "possessed," "acted upon," "authority," and "binding decisions" are vague and ambiguous. It is also unclear whether the employer and job title request relates to the time of design and construction or the present. Respondents further object on the grounds that this Interrogatory seeks information not within the control or possession of Respondents. Some individuals not employed or contracted by Transocean entities or predecessor entities, *e.g.* former Vastar employees, may have participated in the aforementioned activities. Requests for information regarding their identities, backgrounds, and the like are more properly directed to other entities. Further, Respondents'

response assumes that the Interrogatory does not seek disclosure of every entity that provided equipment and/or parts during the construction of the *Deepwater Horizon*.

Subject to and without waiving the foregoing specific and General Objections, the *Deepwater Horizon* is a Reading & Bates Falcon RBS8D design semi-submersible drilling unit built by Hyundai Heavy Industries in South Korea in 2001.   Persons that may have been involved in the aforementioned activities include:

- Steve Baldry: Supervisor - Electrical Discipline

- Ed Bourgeau: Supervisor - Electrical Discipline

- Mark Cleaver: Manager of Engineering

- Gene Downey: Project Manager for the *Deepwater Horizon* and Group Leader of New Build Support for the *Deepwater Horizon*

- Norman Howard: Structural Engineer

- Russ Krohn: Project Engineering Manager

- Gary Leach: Supervisor - Subsea Discipline

- Terry Loftis: Supervisor - Instrumentation and Controls Discipline

- Lee Malm: Naval Architect

- Darrell Pelley: Supervisor - Marine Engineering Discipline

- Ron Toufeeq: Senior Vice President and Project Sponsor for the *Deepwater Horizon*

- Jim VanWinkle: Supervisor - Drawings

- Chris Wolf: Naval Architect

- Charles Patrick: Senior Specialist Engineering (last known title)

- Richard Sweeting: Specialist III, Newbuild Projects

- Ron Swan: Director Maintenance and Technical Support

- Tom Harrower: Senior Engineering Specialist (last known title)

- Steve Donohue: Subsea Supervisor

Should additional entities and/or individuals be identified, Respondents will supplement this response.

## INTERROGATORY NO. 4:

Please identify by name and job title each and every one of your employees who had authority over the day-to-day drilling operations and downhole activity aboard the DEEPWATER HORIZON during the period January 1, 2010 through April 20, 2010 and state the date or dates they had such authority.

## RESPONSE TO INTERROGATORY NO. 4:

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. By way of example: the terms "day-to-day drilling operations" and "downhole activity" are undefined and their meaning is unclear. Subject to and without waiving the foregoing specific and General Objections, the Offshore Installation Manager ("OIM") is in charge of the rig during drilling operations. During the requested timeframe, the *Deepwater Horizon* OIMs were Jimmy Harrell and Rodney Ryan.

## INTERROGATORY NO. 5:

Please identify by name and job title each and every one of your employees who was authorized to hire or discharge your employees aboard the DEEPWATER HORIZON and/or had the discretion to require non-employees to leave the rig.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO 6:**

Please identify by name and job title each and every one of your employees who had the authority to negotiate and enter into contracts on your behalf generally, not limited to agreements and approvals for expenditures, which relate to any activities aboard the DEEPWATER HORIZON at the Macondo well site.  For any person who had said authority, please identify by name and date of execution any contracts that he/she negotiated, approved and/or signed for regarding any activity aboard the DEEPWATER HORIZON at the Macondo well site.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the terms/phrases "authority," "on your behalf generally," "not limited to agreements and approvals for expenditures," and "relate to any activities aboard the *Deepwater Horizon*" are vague and ambiguous.  Likewise, the concept and nature of "negotiat[ing] and enter[ing] into . . . approvals for expenditures" is unclear.  The scope of the inquiry is overly broad and not reasonably limited in time or relevant subject matter of the agreements, contracts, or expenditures. The request is also overly broad in that it seeks disclosure of individuals with authority to undertake certain activities, rather than those who actually performed such activities.  Respondents further object on the grounds that the Interrogatory is duplicative with respect to expenditure information, as

this information is also sought by Interrogatories Nos. 7 and 8.  Moreover, Respondents have already produced the drilling contract and all amendments thereto for the *Deepwater Horizon*. Respondents' response assumes that the Interrogatory is limited to persons actually negotiating and executing the drilling contract and amendments thereto with BP for the *Deepwater Horizon*.

Subject to and without waiving the foregoing specific and General Objections, persons that may have had authority to negotiate and enter into contracts include:

Michael Acuff: Director of Corporate Planning - Geneva
- Amendment: September 18, 2007

Keelan Adamson: Managing Director - North America
- Amendment: September 28, 2009

Terry Bonno: Sr. Marketing Representative/Marketing Manager - North America; Marketing Director - Americas Business Unit
- Amendment: January 16, 2002
- Amendment: June 3, 2002
- Amendment: June 12, 2002
- Work Order: March 1, 2007
- Amendment: December 12, 2001
- Amendment: September 18, 2006

Eric B. Brown, Esq.: Vice President
- Assignment from R&B Falcon Drilling Co. to Transocean: October 14, 2002

Gregory Cauthen: Sr. Vice President, Chief Financial Officer & Treasurer
- Amendment: February 18, 2003

Anton Dibowitz: Sr. Marketing Representative
- Work Order: December 13, 2005
- Work Order: August 12, 2006
- Work Order: January 24, 2007
- Amendment: September 18, 2005

W. L. Ellis: Regional Operations Manager
- Establishment of Base Figures: April 13, 1999

W. Brad James: Marketing Manager - North America
- Work Order: June 17, 2005
- Change Order: October 10, 2005

John Keeton: Rig Manager
- Amendment: April 23, 2002

Paul B. Lloyd, Jr.: Chairman, R&B Falcon Corp.
- Drilling Contract: December 9, 1998

A.M. Polhamus: North America Division Manager
- Work Order: November 29, 2007

Jess Richards: Marketing Manager - North America
- Amendment: August 10, 2009
- Amendment: March 18, 2008

Mike Roth: Marketing Manager - NAR
- Amendment: July 24, 2001
- Amendment: August 1, 2001
- Amendment: November 5, 2001

Andrew Tietz: Marketing Manager
- Amendment: May 18, 2007

Christopher Young: Sr. Marketing Representative
- Amendment: August 26, 2002
- Amendment: September 18, 2002
- Amendment: November 1, 2002
- Amendment: January 6, 2003
- Amendment: January 7, 2003
- Amendment: March 3, 2003
- Amendment: March 20, 2003
- Amendment: November 12, 2003
- Amendment: April 19, 2004
- Amendment: June 25, 2004
- Amendment: October 11, 2004
- Amendment: February 20, 2005
- Amendment: April 20, 2005
- Work Order: June 7, 2005
- Work Order: June 7, 2005
- Work Order: June 7, 2005
- Amendment: February 28, 2003
- Amendment: February 28, 2004
- Amendment: March 31, 2005

Should additional individuals be identified, Respondents will supplement this response.

**INTERROGATORY NO. 7:**

Please identify by name and job title each and every one of your employees who had the authority to negotiate or agree upon prices charged by or to you for any costs or income payments associated with any activity aboard the DEEPWATER HORIZON at the Macondo well site.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, the Rig Manager - Performance has authority to negotiate prices for catering and certain QHSE supplies and the Rig Manager - Assets has authority to negotiate prices for other activities on the rig.  Depending upon cost, the approval of others, including the Operations Manager – Performance, Operations Manager – Asssets, or the General Manager, North American Division may be required.  For the time period during which the Macondo well was being drilled, the Rig Manager Performance was Paul Johnson and the Rig Manager Assets was James Kent, the Operations Manager - Performance was Daun Winslow and the Operations Manager - Assets was Buddy Trahan, and the General Manager, North American Division was Bill Sannan.

**INTERROGATORY NO. 8:**

Please identify by name and job title each and every one of your employees who had the authority to pay expenses incurred by Transocean associated with any activity aboard the DEEPWATER HORIZON at the Macondo well site.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, the Rig Manager - Performance has authority to pay expenses for catering and certain QHSE supplies and the Rig Manager - Assets has authority to pay expenses for other activities on the rig.  Depending upon cost, the approval of others, including the Operations Manager – Performance, Operations Manager – Asssets, or the General Manager, North American Division may be required.  For the time period during which the Macondo well was being drilled, the Rig Manager - Performance was Paul Johnson and the Rig Manager - Assets was James Kent, the Operations Manager - Performance was Daun Winslow and the Operations Manager - Assets was Buddy Trahan, and the General Manager, North American Division was Bill Sannan.

**INTERROGATORY NO. 9:**

Please describe in detail all data and information related to drilling and downhole operations transmitted in real time and/or on a daily, weekly or monthly basis from the DEEPWATER HORIZON, and identify to whom and where that information was sent, delivered or transmitted, from the date the DEEPWATER HORIZON was first at the Macondo well site until the time it sank.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving the foregoing specific and General Objections, Respondents did not transmit any "data and information" in "real time," as Respondents understand those terms, from the *Deepwater Horizon* to Respondents' employees onshore. Accordingly, much of the requested information is not within the possession of Respondents and, therefore, is more properly addressed to other defendants and/or third parties. Subject to and without waiving the foregoing specific and General Objections, Transocean morning reports and IADC daily drilling reports were transmitted on a daily basis from the *Deepwater Horizon* to Transocean shore-based personnel, including the Rig Manager - Performance. These reports have already been produced to Plaintiffs for the period during which the Macondo well was being drilled.

**INTERROGATORY NO. 10:**

For all data and information identified in response to Interrogatory No. 9, please identify by name and job title each and every one of your employees who monitored, reviewed, interpreted and/or evaluated said data and information.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General Objections, Paul Johnson, the Rig Manager - Performance, and the OIMs, Jimmy Harrell and Rodney Ryan, reviewed the morning reports and IADC reports for the *Deepwater Horizon*.

**INTERROGATORY NO. 11:**

Please describe in detail all of the data and information you regularly received from anyone involved in daily operations aboard the DEEPWATER HORIZON, including but not

limited to BP, Sperry Sun, Halliburton, Weatherford, Cameron, Schlumberger, and Kongsberg Simrad.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents further object to this Interrogatory on the ground that the terms "data and information" and "regularly received" are undefined and their meanings are unclear. Subject to and without waiving the foregoing specific and General Objections, information received on a regular basis includes morning reports and IADC reports for the *Deepwater Horizon* and BP planning documents including 5-day planners. Additionally, Paul Johnson, Rig Manager Performance, Jimmy Harrell, OIM, and Curt Kuchta, Captain, participated in daily morning meetings with BP and other BP contractors in which information regarding daily operations was received.

**INTERROGATORY NO. 12:**

For each and every Mobile Offshore Drilling Unit (MODU), including but not limited to the DEEPWATER HORIZON, owned and operated by you between 2006 and the present day which has a fire and gas alarm system, an emergency shutdown system, a general alarm and/or a Simrad system, please identify by name and job position each and every one of your employees who had the authority to set the status (i.e., automatic, inhibited, or bypassed) of any or all of these alarm systems.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, the OIM and Master generally have authority to set the alarm systems status on Transocean rigs.

**INTERROGATORY NO. 13:**

Please identify by name and job position each and every one of your employees who was responsible for ensuring that each system on the DEEPWATER HORIZON's BOP and marine riser, including but not limited to the battery packs, solenoid valves and coils, yellow and blue control pods, shear rams, bore rams, test rams, choke/kill lines and valves, and annular preventers, were fully functional on April 20, 2010.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, the Subsea Supervisor and Subsea Engineers are responsible for ensuring the functionality of the BOP and marine riser.  For the time period during which the Macondo well was being drilled, the *Deepwater Horizon* Senior Subsea Supervisors were Jim Owen McWhorter and Mark Hay, and the Subsea Supervisors were Christopher Pleasant and Jay Odenwald.

**INTERROGATORY NO. 14:**

With regard to any test designed to assess well integrity (including positive and negative tests) performed or contemplated aboard the DEEPWATER HORIZON on or about April 19, 2010 and April 20, 2010, please state the following:

a) Date and time of each and every discussion pertaining to such tests;

b) Name, employer and job title of each and every person who participated in each discussion;

c) Detailed description of the substance of each discussion; and

d) The position taken by each of your employees involved regarding (1) whether the negative test was required, and if so, (2) whether the results of each test were sufficient to continue well-related activities.

## RESPONSE TO INTERROGATORY NO. 14:

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents also object to subpart (d) in its entirety because it wrongly suggests that Respondents were responsible for deciding whether and when negative pressure testing was to be performed and for interpreting the results of negative pressure tests.  To the contrary, the Operator, here BP, designs, orders, oversees, and interprets negative pressure tests.  In addition, many of the individuals who may have had information related to any such discussions are deceased.  Finally, much of the requested information is not within the possession of Respondents and, therefore, is more properly addressed to other defendants and/or third parties.

Subject to and without waiving the foregoing specific and General Objections, Respondents are aware of the following facts related to subparts (a) through (c):

| Date/Time | Persons Involved | Substance of Conversation |
|---|---|---|
| April 16, 2010 - April 20, 2010 | Brian Morel (BP); Don Vidrine (BP Well Site Leader/Company Man); Bob Kaluza (BP Well Site Leader/Company Man); Lee Lambert (BP Well Site Leader of the Future); Mark Hafle (BP Drilling Engineer - Onshore); Brett Cocales (BP Drilling Operations Engineer); Greg Walz (BP Drilling Engineering Team Leader); Earl Lee (BP); John Guide (BP Wells Team Leader); various BP personnel | During various internal discussions leading up to April 20, 2010, BP changed its temporary abandonment procedures, including the order in which the displacement and negative test were to be performed. |
| April 17, 2010 (approx.) | Leo Lindner (M-I Swaco Drilling Fluids Specialist); John LeBleu (BP Mud Specialist); BP's Drilling Engineers; M-I Swaco Mud Engineers | BP and M-I Swaco discussed using an unusual type and quantity of spacer during displacement and negative testing. Specifically, they discussed using a large volume of loss circulation materials, which BP and M-I Swaco had never used as spacer prior to April 20, 2010. BP explained that they wanted to use the abnormal spacer to avoid having to dispose of it as hazardous waste. BP approved the use of the spacer. |
| April 19, 2010; 11:00 am (approx.) | Jimmy Harrell (Transocean OIM); Bob Kaluza (BP Well Site Leader/Company Man) | Jimmy Harrell and Bob Kaluza discussed the fact that BP's forward plan did not call for a negative test. Jimmy Harrell was adamant about performing a negative test. Bob Kaluza agreed because BP had simply left the negative test out of the forward plan. |
| April 20, 2010; 7:30 am (approx.) | John Guide (BP Wells Team Leader); Greg Walz (BP Drilling Engineering Team Leader); Don Vidrine (BP Well Site Leader/ Company Man); Bob Kaluza (BP Well Site Leader/Company Man); other BP personnel | To clarify confusion arising from BP's changes to the TA procedures, John Guide and Greg Walz directed the Company Men to run the negative test on the kill line per the MMS permit. |
| April 20, 2010; 10:43 am | Brian Morel (BP); Don Vidrine (BP Well Site Leader/Company Man); Bob Kaluza (BP Well Site Leader/Company Man); Lee Lambert (BP Well Site Leader of the Future); Mark Hafle (BP Drilling Engineer - Onshore); Brett Cocales (BP Drilling Operations Engineer); Greg Walz (BP Drilling Engineering Team | BP engineers dictated the operational procedures for the negative test in an email sent to the rig. BP did not copy anyone from Transocean on BP's April 20, 2010 email outlining the procedure for the negative test or on the series of prior planning emails. |

| | | |
|---|---|---|
| | Leader); Earl Lee (BP); John Guide (BP Wells Team Leader); various BP personnel | |
| April 20, 2010; 5:30 pm (approx.) | Mark Hay (Transocean Senior Subsea Engineer); Chris Pleasant (Transocean Subsea Supervisor) | Mark Hay explained to Chris Pleasant that the crew had just finished the negative test, and they felt that they lost about 60 barrels of the abnormal spacer through the annular.  He also explained that they increased the regulator pressure to 1900 psi to stop any more spacer from leaking through the annular. |
| April 20, 2010; 6:05 pm (approx.) | Don Vidrine (BP Well Site Leader/Company Man); Bob Kaluza (BP Well Site Leader/Company Man) | Bob Kaluza and Don Vidrine discussed what procedures to follow for the negative test.  The discussion lasted for about an hour, and Vidrine finally told Kaluza to call BP on-shore personnel in Houston to tell them they were going to do another test. |
| April 20, 2010; 7:00 pm (approx.) | Jason Anderson (Transocean Toolpusher); Don Vidrine (BP Well Site Leader/Company Man) | Don Vidrine and Jason Anderson discussed what procedure would be used to conduct the negative test.  Vidrine, as the Operator's Well Site Leader was ultimately responsible for the negative pressure test.  Vidrine insisted on using BP's procedures that had been vetted by the BP chain of command. |
| April 20, 2010; 7:00 pm (approx.) | Bob Kaluza (BP Well Site Leader/Company Man); Mark Hafle (BP Drilling Engineer - Onshore) | Bob Kaluza called Mark Hafle to discuss doing another negative test.  Mark Hafle told Bob Kaluza to stay up past his shift and monitor the negative test along with Don Vidrine because Hafle wanted both Well Site Leaders present for the negative test.  After the test, Don Vidrine spoke with Mark Hafle to report that they had a successful test and were going to continue to displace the well. |
| April 20, 2010 - "evening" | Don Vidrine (BP Well Site Leader/Company Man); Lee Lambert (BP Well Site Leader of the Future - Deepwater) | Don Vidrine told Lee Lambert that the negative test was good and they were going to continue with displacement. |

| April 20, 2010 - "evening" | Don Vidrine (BP Well Site Leader/Company Man); Jimmy Harrell (Transocean Offshore Installation Manager) | Don Vidrine told Jimmy Harrell that they had a successful negative test. |
|---|---|---|
| April 20, 2010 - 9:20 pm (approx.) | Miles "Randy" Ezell (Transocean Senior Toolpusher); Jason Anderson (Transocean Toolpusher) | Jason Anderson said the negative test "went good."  He said the crew "bled it off.  We watched it for 30 minutes and we had no flow." |

**INTERROGATORY NO. 15:**

Please describe in detail all facts entitling you to exoneration from liability as pled in paragraphs 7, 10, 11, and 20 of the complaint for exoneration from or limitation of liability in this cause.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object on the grounds that it asks for premature disclosure of fact or facts which Respondents may later discover, recall or produce, and calls for the disclosure of the mental impressions, conclusions, or legal theories of the attorneys for Respondents and/or other representatives of Respondents concerning this litigation.  Subject to and without waiving the foregoing specific and General Objections, Respondents state the following:  Prior to April 20, 2010, Respondents exercised due diligence to make and maintain the *Deepwater Horizon* in all respects seaworthy, and she was, in fact, tight, staunch, strong, properly and sufficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.  On April 20, 2010, the *Deepwater Horizon* was in the process of

21

temporarily abandoning the Macondo well, when there occurred a fire and explosion that severely damaged the *Deepwater Horizon*, which ultimately sank on April 22, 2010.  Any and all injury, loss, destruction and damage arising out of or related to the casualty event was not caused or contributed to by any fault, negligence or lack of due care on the part of Respondents or fault of the *Deepwater Horizon*, or any person in charge of her.

**INTERROGATORY NO. 16:**

Please identify by name, address and telephone number if known, employer and job title of each person who has discoverable information in support of the position that Transocean is entitled to exoneration from liability in this cause.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, the following persons may have discoverable information sought by Plaintiffs:

| INDIVIDUAL | EMPLOYER | TITLE |
|---|---|---|
| Shane Edward Albers | BP | Challenger Subsea Engineer |
| Joseph Anderson | Transocean | Roustabout |
| Michael Beirne | BP | Offshore Land Negotiator |
| Tyrone Benton | Oceaneering | ROV Technician |
| Stephen Ray Bertone | Transocean | Chief Engineer |
| Douglas Brown | Transocean | Chief Mechanic |
| Micah Burgess | Transocean | Driller |

| | | |
|---|---|---|
| Jerry Canducci | Transocean | QHSE Manager, NAM Division |
| Nathaniel James Chaisson | Halliburton | Technical Professional and Cementing PSL |
| Brett Cocales | BP | Drilling Operations Engineer |
| Neil Cramond | BP | Maintenance & Reliability Accountabilities for Oil & Gas Production Operations, GOM, and Marine Authority, GOM, Business Unit |
| Charles Credeur | Dril-Quip | Service Technician |
| Paul "Tommy" Daniels | Transocean | Electrical Supervisor |
| Paul Erickson | Tidewater Marine | Chief Mate, Dynamic Positioning Officer |
| Miles Randall Ezell | Transocean | Senior Toolpusher |
| Andrea Fleytas | Transocean | Dynamic Positioning Operator II |
| Kelly Francis | Transocean | Engineering Trainee |
| Jesse Gagliano | Halliburton | Technical Sales Advisor |
| Anthony Robert Gervasio | Tidewater Marine | Relief Chief - Damon Bankston |
| John Gisclair | Halliburton (Sperry Drilling) | Inside Support Service Coordinator |
| Anthony Graham | Transocean | Floorhand |
| John Guide | BP | Wells Team Leader |
| David Hackney | Transocean | Master |
| Mark Hafle | BP | Drilling Engineer |
| Christopher Haire | Halliburton | Service Supervisor/Cementer |
| Jimmy Harrell | Transocean | Offshore Installation Manager |
| Mark Hay | Transocean | Senior Subsea Supervisor |
| Lance Moore John | Weatherford | Rig System Specialist |
| Paul Johnson | Transocean | Rig Manager, Performance |

23

| Robert Kaluza | BP | Well Site Leader |
|---|---|---|
| Jonathon Keeton | Transocean | Former Rig Manager - Performance |
| Joseph Keith | Sperry Sun | Mud Logger |
| J. Merrick Kelley | BP | Subsea Wells Team Leader |
| James Kent | Transocean | Rig Manager - Asset |
| Yancy Keplinger | Transocean | Sr. DPO |
| Curt Kuchta | Transocean | Master |
| Lee Lambert | BP | Well Site Leader of the Future, Deepwater |
| Alwin Landry | Tidewater Marine | Master - Damon Bankston |
| John LeBleu | BP | Mud Specialist |
| Leo Lindner | M-I Swaco | Drilling Fluid Specialist |
| Ian Little | BP | GOM E&A Wells Manager |
| Doug Martin | SMIT Salvage Americas | President and GM |
| Bob McKechnie | Transocean | Director Upgrade Projects |
| Owen McWhorter | Transocean | Senior Subsea Supervisor |
| Jimmy Moore | Transocean | Director Projects |
| Gregory Meche | M-I Swaco | Compliance Specialist/Mud Engineer |
| Paul Meinhart | Transocean | Motor Operator |
| Brian Morel | BP | Drilling Engineer |
| Herber Morales | Transocean | Roustabout |
| Chad Murray | Transocean | Chief Electrician, Deepwater Horizon |
| Patrick O'Bryan | BP | Vice President of Drilling & Completions for GOM Deepwater |
| Jay Odenwald | Transocean | Subsea Supervisor |

| Daniel Oldfather | Weatherford | Service Operator |
| --- | --- | --- |
| James Parsons | Transocean | Abel Bodied Seaman |
| Christopher Pleasant | Transocean | Subsea Supervisor |
| Doris Reiter | BP | Unknown |
| Steve Robinson | BP | Unknown |
| Adrian Rose | Transocean | Vice President of QHSE |
| Micah Sandell | Transocean | Crane Operator |
| Allen Seraile | Transocean | Assistant Driller |
| Ronald Sepulvado | BP | Well Site Leader |
| David Sims | BP | Drilling and Completion Operations Manager for Exploration & Appraisal of Wells in Deepwater GOM |
| Ross Skidmore | Swift | Subsea Well Supervisor |
| John Sprague | BP | Drilling Engineer Manager |
| William Stoner | Transocean | Motor Operator |
| William Stringfellow | Transocean | Subsea Supervisor |
| Vincent Tabler | Halliburton | Service Cementer |
| William "Billy" Terrell | Transocean | Chief Electronics Technician |
| Harry Thierens | BP | Vice President, Drilling and Completions Operations |
| Richard Steven Tink | BP America, Houston | Health and Safety Team Leader for Drilling and Completion Operations, Gulf of Mexico |
| Buddy Trahan | Transocean | Operations Manager - Asset |
| Donald Vidrine | BP | Well Site Leader |
| Greg Ealz | BP | Drilling Engineer |

| James Kent Wells | BP | Senior Vice President for Exploration and Production, North America Onshore Gas Business |
|---|---|---|
| Wheeler, Wyman | Transocean | Toolpusher |
| Michael Keith Williams | Transocean | Chief Electronics Technician |
| Cathleenia Willis | Sperry Sun | Mudlogger |
| James Nicholas Wilson | BP (EPS) | Performance Coordinator |
| Daun Winslow | Transocean | Operations Manager - Performance |
| Mike Wright | Transocean | Division Manager Performance |
| David Young | Transocean | Chief Mate, Deepwater Horizon |

Additionally, Respondents reserve the right to supplement or modify this response based on the development of the discovery record in this case.

## INTERROGATORY NO. 17:

In the event that you are denied exoneration from liability, please identify by name, job title, and address and phone number if known, each of your employees who has discoverable information indicating that you lacked privity and knowledge of your negligent conduct and/or the unseaworthy condition of the DEEPWATER HORIZON so as to entitle you to limitation of liability in this cause and describe the information.

## RESPONSE TO INTERROGATORY NO. 17:

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents further object on the grounds that it asks for premature disclosure of fact or facts which Respondents may later discover, recall or produce. Subject to and without waiving the foregoing specific and

General Objections, Respondents refer Plaintiffs to the Transocean individuals listed in the Response to Interrogatory 16.

**INTERROGATORY NO. 18:**

For each of your employees that had any responsibility for well control aboard the DEEPWATER HORIZON, please describe in detail what they are trained to do upon recognition of a well "kick."

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Additionally, Respondents further object to this Interrogatory on the grounds that the term "kick" is undefined and its meaning is unclear.   Subject to and without waiving the foregoing specific and General Objections, the Transocean Well Control Handbook, which has already been produced to Plaintiffs, explains the actions that Transocean employees are trained to take in a well control situation.

**INTERROGATORY NO. 19:**

Please state whether the blowout preventer attached to and located on the seafloor beneath the DEEPWATER HORIZON on April 20, 2010 was part of the DEEPWATER HORIZON's necessary gear, controlled by the DEEPWATER HORIZON's crew and essential to the DEEPWATER HORIZON's operation or mission. If your answer is negative, please state in detail the factual basis for your answer.

**RESPONSE TO INTERROGATORY NO. 19:**

Subject to and without waiving the foregoing General Objections, the blowout preventer was part of the *Deepwater Horizon*'s necessary gear, controlled by her crew and essential to operations.  Upon information and belief, the blowout preventer functioned within its design specifications on April 20, 2010.

**INTERROGATORY NO. 20:**

Did you include the value of all vessels in your deepwater drilling fleet, the proceeds of any and all hull insurance claims made as a result of the April 20, 2010 casualty, the monetary value of "freight then pending" aboard the DEEPWATER HORIZON, the entire gross cost of chartering the DEEPWATER HORIZON from the beginning of the Macondo well job until its completion whether paid in full or not and the value of all tort claims held by you as a result of the April 20, 2010 explosion in computing the limitation fund? If your answer is in the negative, please explain which of these elements you did not include and describe in detail why each element was not included.

**RESPONSE TO INTERROGATORY NO. 20:**

Subject to and without waiving the foregoing General Objections, Respondents included the monetary value of freight then pending aboard the *Deepwater Horizon* and the entire gross cost of chartering the *Deepwater Horizon* less payments made by BP prior to the incident. Respondents did not include the value of all vessels in the deepwater drilling fleet because only the *Deepwater Horizon* was involved in the Macondo well at the time of the incident.  There were no other such vessels subject to common ownership with the *Deepwater Horizon*, engaged in a single enterprise with the *Deepwater Horizon*, or under common control with the *Deepwater*

*Horizon*.  Moreover, Respondents did not include insurance or tort claims because there is no legal basis to do so.

## INTERROGATORY NO. 21:

Whether aboard the DEEPWATER HORIZON or stationed at another location, please identify by name and job title each and every one of your employees responsible for the following aboard the DEEPWATER HORIZON from January 1, 2010 through April 20, 2010 and the date or dates they had this responsibility:

a) Evaluating and/or monitoring of downhole cementing activities;

b) Evaluating and/or monitoring of the blowout preventer;

c) Evaluating and/or monitoring of the fire and gas detection and alarm system, general alarm system, Simrad, the emergency disconnect system (EDS) and the emergency shutdown system (ESD).

## RESPONSE TO INTERROGATORY NO. 21:

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Transocean employees are not responsible for evaluating or monitoring downhole cementing activities.  The Senior Subsea Supervisors and Subsea Supervisors are responsible for evaluating and monitoring the blowout preventer.  For the time period during which the Macondo well was being drilled, the *Deepwater Horizon* Senior Subsea Supervisors were Jim Owen McWhorter and Mark Hay, and the Subsea Supervisors were Christopher Pleasant and Jay Odenwald.  The Senior Dynamic Positioning Officer ("Sr. DPO") and the Dynamic Positioning Officer ("DPO") are responsible for

evaluating and monitoring the alarm systems.  For the time period during which the Macondo well was being drilled, the *Deepwater Horizon* Sr. DPO was Yancy Keplinger and the DPO was Andrea Fleytas.

## INTERROGATORY NO. 22:

For each person who died or received any form of medical care in relation to the April 20, 2010 incident aboard the DEEPWATER HORIZON, please specify his or her last known location and job task and the basis for such knowledge.

## RESPONSE TO INTERROGATORY NO. 22:

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object to this Interrogatory to the extent that its seek the disclosure of information that would violate the rights of privacy of third parties or the protections of HIPAA.   Additionally, Respondents further object to this Interrogatory on the grounds that Plaintiffs' knowledge of the information sought in this Interrogatory is superior to that of Respondents and that other defendants' knowledge regarding their own employees is superior to that of Respondents. Subject to and without waiving the foregoing specific and General Objections, individuals' last known locations aboard the *Deepwater Horizon*, on information and belief, are as follows:

In the Driller's Shack or on the Drill Floor

- Jason Christopher Anderson (deceased)

- Stephen Ray Curtis (deceased)

- Dewey Allen Revette (deceased)

In or Near the Mud Pump Room

- Donald O'Neal Clark (deceased)

- Roy Wyatt Kemp (deceased)

- Shane Michael Roshto (deceased)

- Adam T. Weise (deceased)

In or Near the Shaker House

- Karl Dale Kleppinger Jr. (deceased)

- Keith Blair Manual (deceased)

In or Near the Mud Lab

- Gordon Lewis Jones (deceased)

In or Near the Starboard Crane

- Aaron Dale Burkeen (deceased)

On the Main Deck

- Dustin Johnson

In or Near the Engine Rooms

- James Mansfield

- Paul Meinhart

- William Stoner

- Michael Williams

<u>In the Mess Room</u>

- Robert Hearn

<u>In or Near the TP Office, Master Office, or Maintenance Office</u>

- Randy Ezell

- Jimmy Harrell

- Patrick Morgan

- Buddy Trahan

<u>Location Unknown</u>

- Frank Ireland

- Brad Jones

- Joshua Kritzer

- Carl Lavergne

- Coby Richard

- Ross Skidmore

- Robert Splawn

- Vincent Tabler

- Wyman Wheeler

**INTERROGATORY NO. 23:**

For each injury or death that occurs aboard any vessel owned by you, please describe in detail any and all investigations or fact-finding inquiries which are conducted in the regular course of your business.

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents direct Plaintiffs to Section 4, Subsection 6.3, of the Transocean Health and Safety Policies and Procedures Manual, bearing Bates numbers TRN-MDL-00046862 through TRN- MDL-00046882, which has already been produced to Plaintiffs and which describes in detail Respondents' policies with respect to reporting and investigation of injuries and deaths.

**INTERROGATORY NO. 24:**

Please identify by name, address and job title each person from whom a statement, be it oral, recorded or otherwise, was obtained by or on behalf of you through your attorneys, adjusters, employees or agents at any time after the April 20, 2010 explosion aboard the DEEPWATER HORIZON.

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, the following persons provided statements to Respondents.   Should these individuals be represented by counsel, contact information for counsel is provided to the extent known by Respondents at the time of the filing of this response.   Unless otherwise specified, these individuals should be contacted through Respondents' counsel of record:

Steve Roberts, Esq.
Rachel Giesber Clingman, Esq.
Carter L. Williams, Esq.
Stephany LeGrand, Esq.
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002-6760
Office: (713) 470-6100

- Joseph Anderson: Roustabout
  Matt Hennessey
  First City Tower
  1001 Fannin Street, Suite 1950
  Houston, Texas 77002
  Office: (713) 223-1950

- Stephen Bertone: Chief Engineer
  Steve London
  1100 Poydras St # 2950
  New Orleans, Louisiana 70163-1133
  Office: (504) 582-2427

  Kurt B. Arnold, Jason A. Itkin, Robert P. Wynne, Paul Skrabanek
  Arnold & Itkin, LLP
  1401 McKinney Street, Suite 2550
  Houston, Texas 77010
  Office: (713) 222-3800

- Craig Breland: Crane Operator

- Douglas Brown: Chief Mechanic
  Steve Gordon, R. Todd Elias, Jeff Seely
  Gordon, Elias & Seely, LLP
  5821 Southwest Freeway, Suite 422
  Houston, Texas 77057
  Office: (713) 668-9999

- Michael Wayne Burrell: Able Bodied Seaman
  Anthony G. Buzbee
  The Buzbee Law Firm
  JPMorgan Chase Tower
  600 Travis, Suite 7300
  Houston, Texas 77002
  Office: (713) 223-5393

- Stanley N. Carden: Electrical/Electronic Supervisor

- Christopher Choy: Roustabout
  Steve Gordon
  Gordon, Elias & Seely, LLP
  5821 Southwest Freeway, Suite 422
  Houston, Texas 77057
  Office: (713) 668-9999

- Kennedy Cola: Roustabout

- Thomas Christopher Cole: Roustabout

- Jason Eric Cooley: Chef Electrician

- Billy Ray Coon: Able Bodied Seaman
  Kurt B. Arnold, Jason A. Itkin, Cory Itkin, Robert P. Wynne, Paul Skrabanek
  Arnold & Itkin, LLP
  1401 McKinney Street, Suite 2550
  Houston, Texas 77010
  Office: (713) 222-3800

- Truitt D. Crawford: Roustabout
  Gerald E. Meumier, Irving J. Warshauer, Stevan C. Dittman, Michael J. Ecuyer,
  Justin I. Woods
  Gainsburgh Benjamin
  1100 Poydras Street, Suite 2800
  New Orleans, Louisiana 70163
  Office: (504) 522-2301

  Lawrence C. Gunn, Jr.
  607 Corinne St., Suite B-1
  P.O. Box 1588
  Hattiesburg, Mississippi 39401
  Office: (601) 544-6771

- Stephen T. Davis: Welder
  Anthony G. Buzbee
  The Buzbee Law Firm
  JPMorgan Chase Tower
  600 Travis, Suite 7300
  Houston, Texas 77002
  Office: (713) 223-5393

- Eric R. Estrada, Sr.: Sub-Sea Trainee

- Joseph B. Evans, III: Materials Coordinator

- Miles Ezell: Senior Toolpusher
  Tim Johnson
  Locke Lord Bissell & Liddell
  2800 JPMorgan Chase Tower
  600 Travis
  Houston, Texas 77002
  Office: (713) 226-1114

- Bill Francis: Medic
  Matthew D. Shaffer, Adam J. Rosenfeld
  Schechter, McElwee, Shaffer & Harris, LLP
  3200 Travis, 3rd Floor
  Houston, Texas 77006
  Office: (713) 524-3500

- Michael Glendenning: Mechanic

- Troy James Hadaway: Rig Safety & Training Coordinator II

- Mark Hay: Senior Subsea Supervisor
  David Adler
  6750 West Loop South, Suite 120
  Bellaire, Texas 77401
  Office: (713) 666-7576

- Matthew Hughes: Floorhand
  Liz Francis
  Turner & Associates, PA
  4705 Somers Ave., Suite 100
  North Little Rock, Arkansas 72116

- James G. Ingram: Senior Materials Coordinator
  Kurt B. Arnold, Jason A. Itkin, Cory D. Itkin, Robert P. Wayne, M. Paul Skrabanek
  Arnold & Itkin LLP
  1401 McKinney Street, Suite 2550
  Houston, Texas 77010
  Office: (713) 222-3800

- Matthews Seth Jacobs: Roustabout
  Steve Gordon
  Gordon, Elias & Seely, LLP
  5821 Southwest Freeway, Suite 422
  Houston, Texas 77057
  Office: (713) 668-9999

- William Harold Jernigan: Chief Mechanic

- Cole Jones: Roustabout

- Jonathan Daniel Kersey: Floorhand

- Curt Kuchta: Master
  Kyle Schonekas
  Schonekas, Evans, McGoey & McEachin LLC
  650 Poydras Street, Suite 2105
  New Orleans, Louisiana 70130
  Office: (504) 680-6052

- Dennis Dewayne Martinez: Deckpusher
  Anthony G. Buzbee
  The Buzbee Law Firm
  JPMorgan Chase Tower
  600 Travis, Suite 7300
  Houston, Texas 77002
  Office: (713) 223-5393

- Robert McKechnie: Director of Upgrade Repairs and Projects
  Matt Hennessy
  First City Tower
  1001 Fannin Street, Suite 1950
  Houston, Texas 77002
  Office: (713) 223-1950

- Paul Meinhart: Motor Operator
  Kurt B. Arnold, Jason A. Itkin, Cory D. Itkin, Robert P. Wayne, M. Paul Skrabanek
  Arnold & Itkin LLP
  1401 McKinney Street, Suite 2550
  Houston, Texas 77010
  Office: (713) 222-3800

- Heber Morales: Roustabout
  Johnny N. Garza, Jr.
  Abraham, Watkins, Nichols, Sorrels, Agosto & Friend
  800 Commerce Street
  Houston, Texas 77002-1776
  Office: (713) 222-7211

- Patrick Morgan: Assistant Driller
  Anthony G. Buzbee
  The Buzbee Law Firm
  JPMorgan Chase Tower

600 Travis, Suite 7300
Houston, Texas 77002
Office: (713) 223-5393

- Eugene DeWayne Moss: Crane Operator
  Anthony G. Buzbee
  The Buzbee Law Firm
  JPMorgan Chase Tower
  600 Travis, Suite 7300
  Houston, Texas 77002
  Office: (713) 223-5393

- Mark Nunley: Floorhand

- Jarod R. Oldham: Third Assistant Marine Engineer

- Alonzo Petty: Derrickhand

- Christopher Pleasant: Subsea Supervisor

- Karl Wesley Rhodes: Pumphand
  Richard R. Kennedy, Richard R. Kennedy III
  3900 Polk Street
  P.O. Box 3243
  Lafayette, LA 70502
  Office: (337) 232-1934

- Stenson R. Roark: Electronic Tech
  Kurt B. Arnold, Jason A. Itkin, Corey D. Itkin, Robert P. Wynne, Paul Skrabanek
  Arnold & Itkin, LLP
  1401 McKinney Street, Suite 2550
  Houston, Texas 77010
  Office: (713) 222-3800

  Jay M. Kilpatrick
  Young Williams, PA
  210 E. Capitol Street, Suite 2000
  Jackson, Mississippi 39021
  Office: (601) 948-6100

  Ryan Zehl, Bryant Fitts
  Fitts Zehl, LLP
  2700 Post Oak Blvd., Suite 1120
  Houston, Texas 77056
  Office: (713) 491-6064

- Darin S. Rupinski: Dynamic Positioning Operator II

- Terry Sellers: Motor Operator
  Steve Gordon
  Gordon, Elias & Seely, LLP
  5821 Southwest Freeway, Suite 422
  Houston, Texas 77057
  Office: (713) 668-9999

- Allen Seraile: Assistant Driller
  Kurt B. Arnold, Jason A. Itkin, Robert P. Wynne, Paul Skrabanek
  Arnold & Itkin, LLP
  1401 McKinney Street, Suite 2550
  Houston, Texas 77010
  Office: (713) 222-3800

  Kevin Kelley, Erin N. Anderson
  Kelley Witherspoon, LLP
  2614 Main Street
  Dallas, Texas 75201
  Office: (972) 850-0500

- Stephen L. Stone: Roustabout
  Brent W. Coon, Arthur J. Gonzalez, Gary M. Riebschlager
  Brent Coon & Associates
  300 Fannin, Suite 200
  Houston, Texas 77002
  Office: (713) 225-1682

- William Stoner: Motor Operator
  Steve Gordon, R. Todd Elias, Jeff Seely
  Gordon, Elias & Seely, LLP
  5821 Southwest Freeway, Suite 422
  Houston, Texas 77057
  Office: (713) 668-9999

- Carl Taylor: Radio Operator
  Kurt B. Arnold, Jason A. Itkin, Cory Itkin, Robert P. Wynne, Paul Skrabanek
  Arnold & Itkin, LLP
  1401 McKinney Street, Suite 2550
  Houston, Texas 77010
  Office: (713) 222-3800

- William Lewis Terrell, II: Chief Electronic Tech
  David Adler
  6750 West Loop South, Suite 120

Bellaire, Texas 77401
Office: (713) 666-7576

- Buddy Trahan: Rig Manager, Assets
  Chris Flood
  Flood & Flood
  914 Preston, Suite 800
  Houston, Texas 77002
  Office: (713) 223-8875

  Lance H. Lubel, Adam Q. Voyles
  McKenna Harper
  1300 Post Oak Blvd., Suite 2000
  Houston, Texas 77056
  Office: (713) 986-7263

- Nickalus Jaimarow Watson: Roustabout
  Kurt B. Arnold, Jason A. Itkin, Corey D. Itkin, Robert P. Wynne, Paul Skrabanek
  Arnold & Itkin, LLP
  1401 McKinney Street, Suite 2550
  Houston, Texas 77010
  Office: (713) 222-3800

  Jay M. Kilpatrick
  Young Williams, PA
  210 E. Capitol Street, Suite 2000
  Jackson, Mississippi 39021
  Office: (601) 948-6100

  Ryan Zehl, Bryant Fitts
  Fitts Zehl, LLP
  2700 Post Oak Blvd., Suite 1120
  Houston, Texas 77056
  Office: (713) 491-6064

- Michael Williams: Chief Electronic Tech
  Paul M. Sterbcow
  Lewis, Kullman, Sterbcow & Abramson
  Pan American Bldg
  601 Poydras Street, Suite 2615
  New Orleans, Lousiana 70130
  Office: (504) 588-1500

  Scott R. Bickford, Lawrence C. Centola III, Neil F. Nazareth
  Martzell & Bickford, APC
  338 Lafayette Street

New Orleans, Louisiana 70130
Office: (504) 581-9065

Ronnie G. Penton
209 Hopper Place
Bogalusa, Louisiana 70427
Office: (985) 732-5651

- Daun Winslow: Division Manager, Performance
  David Adler
  6750 West Loop South, Suite 120
  Bellaire, Texas 77401
  Office: (713) 666-7576

## INTERROGATORY NO. 25:

To the extent not previously identified herein, please identify by name and job position each of your shoreside employees who participated in the planning, execution, monitoring and troubleshooting of any rig, drilling and well control operations conducted from the DEEPWATER HORIZON from January 1, 2010 through April 20, 2010.

## RESPONSE TO INTERROGATORY NO. 25:

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents state the following: The shore-based employees who may have had some involvement in the *Deepwater Horizon*'s operations from January 1, 2010 through April 20, 2010, are Paul Johnson (Rig Manager-Performance); Daun Winslow (Division Manager-Performance); James Kent (Rig Manager-Assets); and Buddy Trahan (Division Manager-Assets).

**INTERROGATORY NO. 26:**

Do you agree or disagree with the following statements in the report released by BP on September 8, 2010, as to the causes of the explosion aboard the DEEPWATER HORIZON? As to each, please state the factual basis and identify each person with knowledge of said facts:

a) The analysis cement barrier did not isolate the hydrocarbons;

b) The shoe track barriers did not isolate the hydrocarbons;

c) The negative pressure test was accepted although well integrity had not been established;

d) Influx was not recognized until hydrocarbons were in the riser;

e) Well control response actions failed to regain control of the well;

f) Diversion to the mud gas separator resulted in gas venting onto the rig;

g) The fire and gas system did not prevent hydrocarbon ignition; and

h) The BOP emergency mode did not seal the well.

**RESPONSE TO INTERROGATORY NO. 26:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Interrogatory is also improper in form as it lodges several independent, yet compound, questions, containing at least eight explicitly enumerated subparts.   Additionally, it seeks attorney-client privileged and/or attorney work product information and asks for premature disclosure of experts and expert opinions.

In effect, this Interrogatory asks Respondents to opine on the entirety of the September 8, 2010 "*Deepwater Horizon* Accident Investigation Report" issued by BP (the "BP Report").  The BP Report contains eight "key" findings, which are the statements enumerated in subparts (a)

through (h) of this Interrogatory.  Respondents in no way adopt the BP Report as their own; nor do they adopt BP's methodology, analysis, reasoning; nor in every instance do they agree with BP's statements of "facts" and timeline contained in the report.  Because Respondents are conducting their own ongoing investigation into the incident, they have not yet determined whether they agree or disagree with the eight enumerated statements from the BP Report. Moreover, Respondents are not familiar with the meaning of the term "analysis cement" in subpart (a).

Overall, this Interrogatory improperly asks for a compilation of evidence that should become equally available to Plaintiffs during the discovery process.  As Respondents' investigation progresses, and subject to ongoing discovery, Respondents will supplement this response to the extent required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 27:

Please identify and describe in detail any and all well control events and your responses to such events which have occurred aboard any Mobile Offshore Drilling Unit (MODU), including but not limited to the DEEPWATER HORIZON, owned and operated by you between 2000 and the present day.

## RESPONSE TO INTERROGATORY NO. 27:

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Additionally, Respondents further object to this Request on the grounds that the term "well control event" is undefined and its meaning is unclear.  Subject to and without waiving the foregoing specific and

General Objections, Respondents will provide responsive information covering Gulf of Mexico "well control events" for the one-year period preceding the incident, once that term is defined.

**INTERROGATORY NO. 28:**

Please identify by dates of service, block number, well number and operator each drilling project involving the DEEPWATER HORIZON where she participated in the completion of a well.

**RESPONSE TO INTERROGATORY NO. 28:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  As Respondents understand the phrase "completion of a well," the requested information is not relevant to the issues involved in this case, as the *Deepwater Horizon* was not working on the completion of the Macondo well.  Respondents further object that this Interrogatory is better directed to operators who may believe the requested information is confidential.

**INTERROGATORY NO. 29:**

Please identify by name, last known address and employer each rebuttal witness and each impeachment witness who you may call to testify at trial of this case.

**RESPONSE TO INTERROGATORY NO. 29:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is premature.  Respondents will identify the witnesses they expect to call to testify at trial at the time and in the manner provided by the Court.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

To the extent not previously produced in your response to plaintiffs' Omnibus Request for Production No. 1, please produce any and all documents and/or ESI produced and/or provided to the Coast Guard, Mineral Management Service (MMS), Marine Board Investigation (MBI), and/or any Congressional Committee and/or Sub-Committee in connection or association with any investigation or inquiry regarding or relating to the DEEPWATER HORIZON and/or Macondo Well.

Please include copies of any and all subpoenas and/or requests to which you produced such documents and ESI.

Please also produce any and all pre-April 20, 2010 filings with the Coast Guard and/or MMS relating or in any way pertaining to the Macondo Prospect, the DEEPWATER HORIZON, or the Macondo Well.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not within the control or possession of Respondents insofar as it seeks Coast Guard and/or MMS filings associated with the Macondo prospect or well.  By way of example: the Request is comprised of three separate and distinct inquiries; the term "inquiry" as used in the first paragraph is unclear; the request for any and all pre-April 20, 2010 filings is not limited in time, nor does it identify relevant types of filings or issues to which the filings relate; the request in the second paragraph seeks documents that are not relevant nor reasonably calculated to lead to the discovery of

admissible evidence; the request in the third paragraph seeks information not within Respondents' possession, but more appropriately prepared and filed by the lease holders. Subject to and without waiving the foregoing specific and General Objections, Respondents have produced responsive, non-privileged documents.   In the event that additional non-privileged responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a copy of all documentation submitted by you or on your behalf to your vessel valuation appraiser for purposes of creation of a limitation fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the foregoing specific and General Objections, no such documentation was submitted to a vessel valuation appraiser.

**REQUEST FOR PRODUCTION NO . 3:**

Please produce a copy of each pre-casualty condition, class and valuation survey performed on the DEEPWATER HORIZON from the time of her construction through April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the

foregoing specific and General Objections, Respondents will produce the most recent valuation survey performed on the *Deepwater Horizon*.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of every document pertaining to the purchase and ownership of the DEEPWATER HORIZON, including but not limited to any document confirming the identity of the purchaser and the actual owner(s) of the DEEPWATER HORIZON, from the time she left the shipyard through April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce a copy of each and every contract of insurance and/or indemnity, including but not limited to every P&I, Hull, cargo and/or Umbrella or Excess insurance policy providing coverage for the DEEPWATER HORIZON as of April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged

responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of each and every contract pertaining to the DEEPWATER HORIZON and the work contracted to be performed thereon in force and effect on April 20, 2010, whether the signatories to any such contract were performing work aboard the vessel or not.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce a copy of all documentation of the proceeds from any and all insurance claims made by or on behalf of any Transocean entity as a result of the April 20, 2010 explosion and subsequent sinking of the DEEPWATER HORIZON, including a copy of any checks, wire transfer confirmations or other evidence of receipt of said proceeds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of all vessel documentation pertaining to any other vessels owned or chartered by any entity named as a Complainant in the Complaint for Limitation ("limitation complainant") filed in the Southern District of Texas bearing Civil Action No. 10-01721 and subsequently transferred to the Eastern District of Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce a copy of every document upon which you base your monetary value of "freight then pending" as part of creation of the limitation fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of any contract containing a hold harmless and/or indemnity obligation pertaining to the April 20, 2010 explosion and subsequent sinking of the DEEPWATER HORIZON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents, including the drilling contract with BP and the Art Catering contract.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce a copy of all documents stating the entire gross cost of chartering the MARIANAS and the DEEPWATER HORIZON from the beginning of the Macondo well job until its completion, whether said costs have been paid in full or not.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

## REQUEST FOR PRODUCTION NO. 12:

Please produce a copy of all invoices submitted by limitation complainants to BP for use of any vessels owned, operated and/or controlled by limitation complainants.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce invoices submitted by Respondent to BP with respect to the Macondo well drilling activities of the *Deepwater Horizon* and *Transocean Marianas*.

## REQUEST FOR PRODUCTION NO. 13:

Please produce a copy of all written and/or electronic documents, data and information, including e-mails, from the following entities to limitation complainants generated between October 1, 2009 and the date of your answer to these interrogatories, pertaining to the Macondo Well, the MARIANAS, the DEEPWATER HORIZON, and/or the April 20, 2010 incident and its aftermath:

a) BP

b) Cameron Intl.

c) Halliburton

d) Weatherford

e) Anadarko

f) Tidewater Marine

g) Sperry sun

h) MI Swaco

i) MOEX Offshore Drilling

j) Minerals Management Service

k) United States Coast Guard

l) Schlumberger

m) Kongsberg Maritime or its predecessors, including but not limited to Kongsberg Simrad

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object that the request is overly broad with respect to the *Marianas*, which left the Macondo well in November 2009, and with respect to the *Deepwater Horizon*, which arrived at the Macondo well in January 2010.  Additionally, Respondents further object to this Request on the grounds that the scope of the Request is not properly limited to relevant subject matter.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce a copy of all written and/or electronic documents, data and information provided by limitation complainants to the following entities between October 1, 2009 and the date of your answer to these interrogatories pertaining to the Macondo Well, the MARIANAS, the DEEPWATER HORIZON, and/or the April 20, 2010 incident and its aftermath:

a) BP

b) Cameron Intl.

c) Halliburton

d) Weatherford

e) Anadarko

f) Tidewater Marine

g) Sperry Sun

h) MI Swaco

i) MOEX Offshore Drilling

j) Minerals Management Service

k) United States Coast Guard

l) Schlumberger

m) Kongsberg Maritime or its predecessors, including but not limited to Kongsberg Simrad

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object that the request is overly broad with respect to the *Marianas*, which left the Macondo well in November 2009, and with respect to the *Deepwater Horizon*, which arrived at the Macondo well in January 2010.  Additionally, Respondents further object to this Request on the grounds that the scope of the Request is not properly limited to relevant subject matter.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce a complete copy of any transcribed or recorded statement taken from any person by or on behalf of limitation complainants following the April 20, 2010 explosion of the DEEPWATER HORIZON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents also object on the grounds that it seeks to obtain information protected by the attorney-client privilege, the work product doctrine and privileged information obtained in anticipation of litigation. Respondents further object to this Request as it calls for the disclosure of the mental impressions, conclusions, or legal theories of the attorneys for Respondents and/or other representatives of Respondents concerning this litigation.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce a copy of all documents and e-mails to and from limitation complainants and any other entity regarding contractual defense and indemnity in this cause.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents also object on the grounds that it seeks to obtain information protected by the attorney-client privilege, the work product doctrine and privileged information obtained in anticipation of litigation. Additionally,

Respondents further object to this Request on the grounds that the term "any other entity" is undefined and its meaning is unclear.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents. In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce a copy of all Letters of Undertaking from any underwriter obtained by any limitation complainant after April 20, 2010 to post required security pursuant to the Limitation of Liability Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents are not aware of Letters of Undertaking responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all documents and communications regarding, referencing, or relating to all participation, contribution, comment, input, planning and roles you played in the design of the Macondo well.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object on the grounds that this Request should be directed to other Defendants.  Additionally, Respondents

further object to this Request on the grounds that the terms "participation," "contribution," "comment," "input," "planning" and "roles" are undefined and their meanings are unclear. Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

With regard to the activities involving the DEEPWATER HORIZON and the Macondo Well, please produce all documents and communications regarding, referencing, or relating to all participation, contribution, comment, input, planning and roles you played in the following:

a) Design and utilization of the annulus cement, its application, casing and testing;

b) Design and utilization of the production casing string;

c) Design and utilization of the centralizer equipment;

d) Design and utilization of the float collar at the top of the shoe;

e) Design and utilization of the negative test procedure;

f) Design and utilization of well-integrity parameters;

g) Design and utilization of the mud gas separator during the well control event;

h) Design and utilization of core pressure parameters in the well design;

i) Design and utilization of all well equipment and operations, mud program and pressure testing protocols and procedures;

j) Design and utilization of the temporary abandonment procedure approved by the MMS on April 16, 2010;

k) Performance or non-performance of a Cement Bond Log (CBL);

l) Sufficiency of the results of any and all negative tests;

m) Use or non-use of the fifteen (15) centralizers delivered to the DEEPWATER HORIZON on April 18, 2010; and

n) Performance or non-performance of a bottoms up circulation prior to commencing the cementing of the annulus.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object on the grounds that this Request should be directed to other Defendants.  Additionally, Respondents further object to this Request on the grounds that the terms "participation," "contribution," "input," "planning" and "roles" are undefined and their meanings are unclear.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 20:

Please produce all documents and communications regarding, referencing, or relating to all Sperry Sun logging data in real time pertaining to the DEEPWATER HORIZON.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object on the grounds that this Request should be directed to other Defendants.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all data, documentation and real time data regarding, referencing, or relating to any and all activity aboard the DEEPWATER HORIZON produced or transmitted to you from any and all sources from April 14, 2010 through April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents further object on the grounds that this Request should be directed to other Defendants. Additionally, Respondents further object to this Request on the grounds that the scope of the Request ("any and all activity") is not properly limited to relevant subject matter. Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged documents responsive to this Request consisting of morning reports and IADC daily drilling reports. In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all data, documents and/or summary reports from Insight Systems proprietary software pertaining to the DEEPWATER HORIZON from February 1, 2010 through April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents further object on the

grounds that this Request should be directed to other Defendants.   Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all documents and communications regarding, referencing, or relating to your knowledge of the Halliburton Opti-Cem models and the results thereof performed by Jesse Gagliano from April 14, 2010 through April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Respondents further object on the grounds that this Request should be directed to other Defendants.   Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all documents and communications regarding, referencing, or relating to all Open Wells Reports, data or information from BP pertaining to the DEEPWATER HORIZON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Respondents further object on the grounds that this Request should be directed to other Defendants.   Subject to and without

waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce all documents and communications regarding, referencing, or relating to all BOP purchase, utilization, inspections, tests, maintenance, repairs, certification and/or modifications of the MODU DEEPWATER HORIZON BOP for the period 2001 through 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce all documents and communications regarding, referencing, or relating to the purchase, utilization, inspections, tests, maintenance, repairs, certification and/or modifications of the MODU MARIANAS BOP for the period 2001 through 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Respondents further object to this Request on the grounds that the *Marianas* BOP was not on the Macondo well at the time of the incident and therefore the scope of the Request is not properly limited to relevant

subject matter.   Respondents also object on the grounds that it requests the disclosure of documents that are not relevant.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all documents and communications regarding, referencing, or relating to all research, investigation and/or decision tree analysis performed in conjunction with the decision not to run a Cement Bond Log on the Macondo Well.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Respondents further object on the grounds that this Request should be directed to other Defendants.   Additionally, Respondents further object to this Request on the grounds that the terms "research," "investigation," and "decision tree analysis" are undefined and their meanings are unclear.   Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all documents and communications regarding, referencing, or relating to all cement testing results prior to pumping the cement at the Macondo well site.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Respondents further object on the grounds that this Request should be directed to other Defendants.   Subject to and without

waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce all documents and communications regarding, referencing, or relating to the mud displacement procedures on the DEEPWATER HORIZON between April 16, 2010 and April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents further object on the grounds that this Request should be directed to other Defendants. Additionally, Respondents further object to this Request on the grounds that the term "mud displacement procedures" is undefined and its meaning unclear. Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce all documents and communications regarding, referencing, or relating to the bypass of the Sperry Sun flow meter on the DEEPWATER HORIZON between April 16, 2010 and April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents further object on the

grounds that this Request should be directed to other Defendants.  Additionally, Respondents further object to this Request on the grounds that the term "bypass" is undefined and its meaning is unclear.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 31:

Please produce all documents and communications regarding, referencing, or relating to the displacement of mud with seawater, thereby reducing the hydrostatic pressure head, at the Macondo well site between April 16, 2010 and April 20, 2010.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, the requested information is not within the possession of Respondents and, therefore, is properly addressed to other defendants and/or third parties.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 32:

Please produce all documents and communications regarding, referencing, or relating to the shutting in of the Macondo well on April 20, 2010.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Respondents further object on the grounds that this Request should be directed to other Defendants.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce all documents and communications regarding, referencing, or relating to the education, certification, experience and training of the toolpushers, drillers, assistant drillers, subsea personnel and dynamic positioning officers aboard the DEEPWATER HORIZON on April 20, 2010 for the following operations:

a) Well integrity recognition;

b) Well control, response and monitoring;

c) Cement design, placement and testing;

d) Casing centralization;

e) Mud programs and logging;

f) Pressure integrity testing;

g) Hydrostatic balance;

h) BOP operations, inspection and testing;

i) Casing string design;

j) High flow control; and

k) Mud gas separator operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Additionally, Respondents further object to this Request on the grounds that the terms "well integrity recognition," "well control, response, and monitoring," and "pressure integrity testing" are undefined and their meanings are unclear.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents, including employee training certificates, licenses, and the Transocean Well Control Handbook.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

## REQUEST FOR PRODUCTION NO. 34:

Please produce all educational, training, and policy and procedure documents or materials produced to or received by any or all toolpushers, drillers, assistant drillers, subsea personnel and dynamic positioning officers employed by you regarding, referencing, or relating to the operations listed in Request For Production No. 33.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents, including employee training certificates, licenses, and the Transocean Well Control Handbook.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce all documents and communications regarding, referencing, or relating to the testing and measurement of drilling mud used aboard the DEEPWATER HORIZON from January 1, 2010 forward generally and the monitoring of the mud pits and the volumes of return on April 20, 2010 between the hours of 13:28 and 21:10 specifically.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object on the grounds that this Request should be directed to other Defendants.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce all documents and communications regarding, referencing, or relating to the fluid flow and drill pipe pressure at every station and position on the DEEPWATER HORIZON, including but not limited to the mudlogger console, driller console and all other locations during the period 20:52 to 21:41 on April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object on the grounds that this Request should be directed to other Defendants.  Subject to and without

waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce all documents regarding, referencing, or relating to the design, installation, operation, maintenance, repair and use of the mud gas separator (MGS) system on the DEEPWATER HORIZON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce all documents regarding, referencing, or relating to all as built drawings and specifications of the mud gas separator (MGS) system aboard the DEEPWATER HORIZON, including but not limited to the vents and flow lines and their diversion paths into the atmosphere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce all documents regarding, referencing, or relating to the fire and gas detection systems, all alarms, the emergency disconnect system (EDS), the emergency shutdown system (ESD), and the electrical and mechanical systems on the DEEPWATER HORIZON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce all documents regarding, referencing, or relating to all training for the operation, use, interpretation and response to the fire and gas detection system, the emergency disconnect system (EDS), the emergency shutdown system (ESD), and all alarms for all personnel aboard the DEEPWATER HORIZON on April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Respondents further object to this Request on the grounds that the terms "use," "interpretation," and "response" are undefined and their meanings are unclear.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive

documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce all documents and communications regarding, referencing, or relating to the analysis, research, investigation and decisions, including operational and financial, to adopt as the flag state the Republic of the Marshall Islands or any other international flag, as opposed to maintaining the MODU DEEPWATER HORIZON as a United States flag vessel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Respondents further object to this Request on the grounds that the terms "analysis," "research," "investigation," and "decisions" are undefined and their meanings are unclear.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents related to the Marshall Islands flagging of the *Deepwater Horizon*.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 42:**

For each and every time the DEEPWATER HORIZON has been documented, please produce all DEEPWATER HORIZON vessel registration and certification documentation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce all DEEPWATER HORIZON maintenance, repair and operations manuals and documents regarding, referencing, or relating to all mechanical and electrical systems, all fire and gas detection and alarm systems, and all equipment, gear and appurtenances of the DEEPWATER HORIZON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Respondents further object to this Request on the grounds that the terms "equipment," "gear," and "appurtenances" are undefined and their meanings are unclear.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce all Transocean and/or DEEPWATER HORIZON health, safety and environmental manuals and documents that applied to operations aboard the DEEPWATER HORIZON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents. In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce all DEEPWATER HORIZON documents, reports and data of every description sent to and from the rig from January 1, 2010 through April 21, 2010, including daily drilling reports, morning reports, purchase orders, repair and maintenance documents, inspection documents, audit reports, vessel and helicopter transportation manifests, mud logs, rig inventory and store records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents. In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce all licenses, permits, requests for permits or licenses, authorizations, releases and all other documents generated in connection with the right to conduct drilling and exploration operations at the subject well site.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents further object on the grounds that this Request should be directed to other Defendants. Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce all DEEPWATER HORIZON personnel on board (POB) documents for the period from January 1, 2010 through April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents. In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce all American Bureau of Shipping (ABS) audits and inspections of the DEEPWATER HORIZON for the period from its construction through April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce all United States Coast Guard audits, inspections, investigations and inquiries with respect to the DEEPWATER HORIZON for the period from its construction through April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce all documents regarding, referencing, or relating to all compensation and payments from BP to you for all products, services, contracts and agreements with respect to the subject well up until and through the date of your response to these requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged responsive documents related to payments from BP with respect to the Macondo well drilling activities of the *Deepwater Horizon* and *Transocean Marianas*.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce all personnel files of every person employed by you aboard the DEEPWATER HORIZON on April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents also object to this Request on the grounds that the requested information is private and confidential.

**REQUEST FOR PRODUCTION NO. 52:**

Please produce all notices of claim, associated documents and demands for damages to Transocean from all persons in connection with the casualty in suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents also object to this Request to the extent that it seeks information that is publicly available or of which Plaintiffs have equal knowledge as Respondents.  Additionally, Respondents further object to this Request on the grounds that the terms "notices of claim," "associated documents," and "demands for damages" are undefined and their meanings are unclear.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Please produce all purchase, maintenance, inspection, modification and repair documents on any Cameron blowout preventer and its components owned, operated or used by you from the date of its purchase until April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The only blowout preventer with any potential relevance to the April 20, 2010 incident is the Cameron blowout preventer on the *Deepwater Horizon*.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged documents related to the Cameron blowout preventer on the *Deepwater Horizon* that are responsive to this Request.  In

the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 54:**

Please produce all documents and manuals received from Kongsberg Maritime, its agents, predecessors (including but not limited to Kongsberg Simrad), and/or successors, with respect to all hardware, software and operating systems aboard the DEEPWATER HORIZON, including all maintenance, inspection, repair, replacement and modifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 55:**

Please produce all documents and manuals received from any third party other than Kongsberg Maritime, its agents, predecessors (including but not limited to Kongsberg Simrad), and/or successors, with respect to all hardware, software and operating systems aboard the DEEPWATER HORIZON, including all maintenance, inspection, repair, replacement and modifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents. In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 56:**

Please produce all documents regarding, referencing, or relating to all inspections, maintenance, repairs, modifications and/or replacements of the driller Cyber chairs and their hardware, software and operating systems in use during 2009 and 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

Please produce all documents regarding, referencing, or relating to the procedure, training, protocol, rules, guidelines and/or policies for well control procedures, including but not limited to conducting a positive and negative test during drilling operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents also object to this Request to the extent that it suggests that Respondents were responsible for deciding whether and

how negative pressure testing is to be performed.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents, including the Transocean Well Control Handbook and employee training certificates. In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 58:**

Please produce a copy of all contracts identified by you in response to Interrogatory No. 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce any document regarding, referencing, or relating to the maintenance or non-maintenance of a stand-by or rig abandon rescue vessel for the DEEPWATER HORIZON and/or for any MOBILE OFFSHORE DRILLING UNIT (MODU) owned and/or operated by you from 2000 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  In addition, the requested information is not within the possession of Respondents and, therefore, is properly addressed to other defendants and/or third parties.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Please produce all documents identified in your answer to Interrogatory No. 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents.  In the event that additional non-privileged and responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 61:**

Please produce all documents regarding, referencing, or relating to your entitlement to exoneration from liability or, in the alternative, your entitlement to limit its liability (i.e., lack of privity and knowledge of vessel-based negligent conduct or unseaworthiness) in this cause.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object on the grounds it seeks attorney-client privileged and/or attorney work product information and calls for

the disclosure of the mental impressions, conclusions, or legal theories of the attorneys for Respondents and/or other representatives of Respondents concerning this litigation. Respondents also object on the grounds it asks for premature disclosure of fact or facts which Respondents may later discover, recall or produce.

**REQUEST FOR PRODUCTION NO. 62:**

Please produce all documents regarding, referencing, or relating to the survey value of all vessels and their pending freight in your deepwater fleet as of April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

Please produce all documents regarding, referencing, or relating to the procedure, training, protocol, rules, guidelines and/or policies for testing any function of the blowout preventer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents have produced documents responsive to

this Request. In the event that additional non-privileged responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 64:**

Please produce all documents regarding, referencing, or relating to the procedure, training, protocol, rules, guidelines and/or policies for testing any function of the rig emergency disconnect system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object on the grounds that this Request should be directed to other Defendants.  Subject to and without waiving the foregoing specific and General Objections, Respondents have produced documents responsive to this Request.  In the event that additional non-privileged responsive documents are located, Respondents will supplement their response.

**REQUEST FOR PRODUCTION NO. 65:**

Please produce all documents referencing or describing any warning, finding or citation by a governmental or regulatory agency that you violated a safety law or regulation in connection with the DEEPWATER HORIZON and/or any other MOBILE OFFSHORE DRILLING UNIT (MODU) owned or operated by you in the Gulf of Mexico for the ten (10) years leading up to and including April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Respondents also object on the grounds that it requests the disclosure of documents that are not relevant.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in their possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 66:**

Please produce any and all original well plans, engineering designs, hazard assessments and peer review critical analysis pertaining or relating to the design and drilling of the Macondo well.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object on the grounds that this Request should be directed to other Defendants.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 67:**

Please produce any and all original plans, engineering designs, hazard assessments and peer review critical analysis pertaining or relating to the design and operation of the DEEPWATER HORIZON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents further object on the

grounds that this Request should be directed to other Defendants.   Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents in its possession, if any, that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 68:**

Please produce all documents and communications by and between you and any person or firm from whom you have solicited expert advice and/or opinions regarding operations aboard the DEEPWATER HORIZON from January 1, 2010 through the date of your answer to these interrogatories and/or the cause(s) of the explosions on April 20, 2010 and subsequent sinking of the DEEPWATER HORIZON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as this Request should be interpreted to require Respondents to provide the name, address, and occupation of any expert engaged in anticipation of litigation and in preparation for trial, but who is not expected to testify at the trial of this matter or to produce a report of any such expert or documents and communications by and between Respondents and any such expert, if any, as the requisite showing required to produce such information pursuant to Rule 26 of the Federal Rules of Civil Procedure has not been made.   Respondents further object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in the case at had, insofar as this request should be interpreted to require Respondents to provide the name, address, and occupation of any expert who was informally consulted in anticipation of trial, but not retained or specifically employed in

this case or to produce a report of any such expert or documents and communications by and between Respondents any such expert, if any. Respondents will identify or provide information of experts in keeping with the orders of the Court.

**REQUEST FOR PRODUCTION NO. 69:**

Please produce a copy of any document generated as a result of a formal or informal investigation of the events that took place aboard the DEEPWATER HORIZON on April 20, 2010, whether said investigation was performed by you, on your behalf or by a third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

In addition to the General Objections set forth above, Respondents object to this Request as it is unduly burdensome, vague, and overly broad and seeks to obtain information protected by the attorney–client privilege, the work product doctrine and privileged information obtained in anticipation of litigation. Respondents further object to this Request as it calls for the disclosure of the mental impressions, conclusions, or legal theories of the attorneys for Respondents and/or other representatives of Respondents concerning this litigation. Additionally, Respondents object to this Request to the extent that it calls for documentation or information which is protected by the self-critical analysis privilege. *Granger v. National Railroad Passenger Corp.*, 116 F.R.D. 507 (E.D. Penn. 1997).

**REQUEST FOR PRODUCTION NO. 70:**

Please produce all documentation evidencing the base salary and any bonuses of each of the following individuals and whether said salary or bonuses were fixed or contingent upon job and/or rig performance:

a) Paul Johnson

b) James Kent

c) Billy Stringfellow

d) Buddy Trahan

e) Daun Winslow

f) Jimmy Harrell

g) Curt Kuchta

h) Adrian Paul Rose

i) Mike Wright

j) Christopher Young

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents also object to this Request on the grounds that the requested information is private and confidential.

**REQUEST FOR PRODUCTION NO. 71:**

Please produce all documents regarding, referencing, or relating to the training, protocol, authority and/or procedure of any of your employees to set the status of any alarm system referenced in Interrogatory No. 12.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

Please produce all documents regarding, referencing, or relating to what your employees are trained to do upon recognition of a well "kick."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Respondents further object to this Request on the grounds that the term "kick" is undefined and its meaning is unclear.  Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced the Transocean Well Control Handbook, which explains the actions that Transocean employees are trained to take in a well control situation.

**REQUEST FOR PRODUCTION NO. 73:**

Please produce all documents regarding, referencing, or relating to any and all well control events which have occurred aboard any Mobile Offshore Drilling Unit (MODU), including but not limited to the DEEPWATER HORIZON, owned and/or operated by you during the period 2000 through the present day.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Respondents further object to this Request on the grounds that the term "well control event" is undefined and its meaning is unclear.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce responsive documents related to Gulf of Mexico

"well control events" in the one-year period preceding the incident, once Plaintiffs define that term.

**REQUEST FOR PRODUCTION NO. 74:**

Please produce all financial statements, SEC reporting forms, 10Q forms, 10K forms and other public information regarding your financial status for the years 2005 through 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents also object on the grounds that it requests the disclosure of documents that are not relevant and that are publicly available.

**REQUEST FOR PRODUCTION NO. 75:**

Please produce all vessel documentation regarding, referencing, or relating to each and every Mobile offshore Drilling Unit, owned and operated by you and registered under the flag of the Marshall Islands, including all documents and communications identifying the classification of each vessel by the Marshall Islands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondents also object on the grounds that it requests the disclosure of documents that are not relevant. Subject to and without waiving the foregoing specific and General Objections, the following Mobile Offshore Drilling Units owned by various Transocean entities, but not necessarily Respondents, are registered

under the flag of the Marshall Islands: *Actinia; C.E. Thornton; Deepwater Expedition; Deepwater Millennium; Deepwater Navigator; Dhirubhai Deepwater KG1; Dhirubhai Deepwater KG1; Discoverer Americas; Discoverer Clear Leader; Discoverer Deep Seas; Discoverer Enterprise; Discoverer India; Discoverer Inspiration; Discoverer Luanda; Discoverer Spirit; D.R. Stewart; Falcon 100; F.G. McClintock; George H. Galloway; Harvey H. Ward; J.W. McLean; Jim Cunningham; J.T. Angel; M.G. Hulme, Jr.; Polar Pioneer; Randolph Yost; Roger W. Mowell; Transocean Arctic; Transocean Leader; Transocean Marianas; Transocean Nordic; Transocean Prospect; Transocean Searcher;* and *Transocean Winner*.  The *Transocean Richardson* is currently registered under the flag of Panama, but is in the process of changing its flag to the Marshall Islands.  Finally, the *Petrobras 10000* is under a long-term lease to a Transocean entity and is flagged in the Marshall Islands.

## REQUEST FOR PRODUCTION NO. 76:

Please produce all documents relied upon by each rebuttal and/or impeachment witness identified in your answer to Interrogatory No. 29 in his/her testimony.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is premature.  Subject to and without waiving the foregoing specific and General Objections, Respondents will produce the requested documents according to the schedule provided by the Court for such disclosure.

WHEREFORE, all premises considered, Respondents pray that these Responses to Plaintiffs' Interrogatories and Requests be deemed good and sufficient.

Respectfully submitted:

Sutherland Asbill & Brennan LLP

/s/ Steven Roberts
Steven Roberts (Texas Bar #17019300)
Rachel Giesber Clingman (Texas Bar #00784125)
1001 Fannin Street, Suite 3700
Houston, TX 77002-6760
Telephone: (713) 470-6192
Facsimile: (713) 654-1301
E-mail: steven.roberts@sutherland.com
E-mail: rachel.clingman@sutherland.com

- and –

Kerry J. Miller (#24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
E-mail: kmiller@frilot.com

- and –

Edward F. Kohnke IV, T.A. (#07824)
Edwin G. Preis, Jr. (#10703)
Preis & Roy
(A Professional Law Corporation)
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129

- and –

George M. Gilly (#6234)
Evans Martin McLeod (#24846)
Phelps Dunbar, L.L.P.
Canal Place
365 Canal Place, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130

- and –

Daniel O. Goforth (Texas Bar No. 08064000)
Goforth Lewis
Federal Bar No. 8117
4900 Woodway, Ste. 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

**_Counsel for Transocean Holdings, LLC,_**
**_Transocean Offshore Deepwater Drilling Inc.,_**
**_Transocean Deepwater, Inc. and_**
**_Triton Asset Leasing GmbH_**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on December 17, 2010.

/s/ Kerry J. Miller
Kerry J. Miller

## **<u>VERIFICATION</u>**

On this 17th day of December, 2010, I, Adrian Rose, declare that I am the Vice President—Special Projects of Transocean Offshore Deepwater Drilling Inc. and am authorized on behalf of Respondents to make this verification on their behalf.  I have read the foregoing Responses to Plaintiffs' Interrogatories and Requests and declare, under penalty of perjury, that the interrogatory responses set forth above are true and correct, to the best of my knowledge, information, and belief.

_____
                    Adrian Rose