# EXHIBIT 6



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § | MDL NO. 2179 |
| | | SECTION: J |
| Applies to: *All Cases* | | JUDGE BARBIER |
| | | MAGISTRATE SHUSHAN |

**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S
FIRST AMENDED OBJECTIONS AND RESPONSES TO
CERTAIN BP FIRST AND SECOND REQUESTS FOR ADMISSION**

Now comes Halliburton Energy Services, Inc. ("HESI") and, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, serves upon BP Exploration & Production Inc. and BP America Production Company (together, "BP") the following First Amended Objections and Responses to Certain BP First and Second Requests for Admissions to HESI as follows:

The General Objections stated in HESI's Responses to the BP's First and Second Requests for Admissions are incorporated as if fully set forth herein.

### SPECIFIC AMENDED OBJECTIONS AND RESPONSES

**REQUEST FOR ADMISSION NO. 10:** Admit that Halliburton did not warn the rig crew of the increasing pipe pressure around 21:26 to 21:30 on April 20, 2010.

**AMENDED RESPONSE:** HESI objects to this request as vague and ambiguous because of the undefined phrases "pipe pressure" and "rig crew." For purposes of responding to this request, HESI will interpret these phrases to refer to standpipe 1 and the Transocean and BP employees on the Deepwater Horizon who were on duty between 21:26 and 21:30 on April 20, 2010. HESI further objects that this request assumes facts not in evidence, including, for example, the assumption that there was a need to "warn" or a duty to "warn." Subject to and without waiving the foregoing objections, HESI directs BP to the deposition testimony of Joseph E. Keith at 239:14-18, in which Mr. Keith testified that on April 20, 2010, he did not observe an increase in pressure on standpipe 1 after 9:16 or 9:17 p.m. Central Daylight Time. Accordingly, HESI admits that Mr. Keith did not have any conversation with BP or "the rig crew" about any such increase. Except as admitted herein, HESI denies this request.

**REQUEST FOR ADMISSION NO. 11:**  Admit that Halliburton did not warn the rig crew of the increasing pipe pressure around 21:31 on April 20, 2010.

**AMENDED RESPONSE:**   HESI objects to this request as vague and ambiguous because of the undefined phrases "pipe pressure" and "rig crew." For purposes of responding to this request, HESI will interpret these phrases to refer to standpipe 1 and the Transocean and BP employees on the Deepwater Horizon who were on duty at 21:31 on April 20, 2010.  HESI further objects that this request assumes facts not in evidence, including, for example, the assumption that there was a need to "warn" or a duty to "warn."  Subject to and without waiving the foregoing objections, HESI directs BP to the deposition testimony of Joseph E. Keith at 239:14-18, in which Mr. Keith testified that on April 20, 2010, he did not observe an increase in pressure on standpipe 1 after 9:16 or 9:17 p.m. Central Daylight Time.  Accordingly, HESI admits that Mr. Keith did not have any conversation with BP or "the rig crew" about any such increase. Except as admitted herein, HESI denies this request.

**REQUEST FOR ADMISSION NO. 34:**  Admit that the Halliburton mud loggers on the Deepwater Horizon on April 20, 2010 did not advise BP or Transocean personnel of any situation developing with safety implications.

**AMENDED RESPONSE:**   HESI objects to this request as vague and ambiguous to the extent that it fails to reference a specific timeframe and to the extent it assumes facts not in evidence, including the assumption that there was a situation developing with safety implications that was apparent to the HESI mud loggers on the Deepwater Horizon.  Subject to and without waiving the foregoing objections, HESI directs BP to the deposition testimony of Joseph E. Keith at 265:22-266:7 and 289:4-24 in which Mr. Keith testified that while on duty on April 20, 2010, he did not feel unsafe.  Accordingly, HESI admits that, other than conversations with the assistant driller regarding fluid transfers and staggering the mud pumps and conversations after leaving the mud logging shack upon hearing what sounded like rain and an explosion, Mr. Keith did not discuss a situation developing with safety implications with BP or Transocean personnel while on duty on April 20, 2010.  Except as admitted herein, HESI denies this request.

**REQUEST FOR ADMISSION NO. 80**:  Admit that at the morning meeting with BP on April 20, 2010, Halliburton did not state that a cement bond was needed.

**AMENDED RESPONSE:**   HESI objects to this request to the extent it assumes that HESI attended the entire morning meeting with BP on April 20, 2010, and to the extent it assumes HESI can recall all unrecorded details of the discussion that took place in that meeting.  Subject to and without waiving the foregoing objections, HESI admits that Nathanial Chaisson did not state to BP, at the morning meeting on April 20, 2010, that a cement bond log was needed. However, after a reasonable inquiry, information known to or readily obtainable by HESI is insufficient to enable HESI to admit or deny whether such a discussion took place with other HESI employees, and, therefore, HESI denies this request.

**REQUEST FOR ADMISSION NO. 180:**  Admit that Halliburton did not perform the set foam stability test on the cement slurry for the production interval of the Macondo Well in accordance with API 10B-4.

**AMENDED RESPONSE:** HESI objects to this request to the extent that it implies that API-10B-4 constitutes a regulatory requirement or anything other than a recommended practice. Subject to and without waiving the foregoing objection, this request is denied.

> **REQUEST FOR ADMISSION NO. 181:** Admit that Halliburton did not cut and weigh three sections of the cured foamed cement for the Macondo Well in accordance with the set foam stability test in API 10B-4.

**AMENDED RESPONSE:** HESI objects to this request to the extent that it implies that API-10B-4 constitutes a regulatory requirement or anything other than a recommended practice. Subject to and without waiving the foregoing objection, this request is denied.

> **REQUEST FOR ADMISSION 183:** Admit that the lightweight cement blend that Halliburton designed for the cement job on the Macondo Well on April 19 and 20, 2010 did not have less than 2 percent settlement under the BP settlement test.

**AMENDED RESPONSE:** HESI objects to this request to the extent that it implies a requirement, per contract or otherwise, to conduct a BP settlement test on the cement slurry used on the production casing cement job pumped on April 19 and 20, 2010. Subject to and without waiving the foregoing objection, HESI did not conduct a BP settlement test on the cement slurry used on the production casing cement job and, therefore, can neither admit nor deny this request. With respect to this admission in all other respects, after a reasonable inquiry, HESI lacks information to respond to this request further because no such testing occurred. Therefore, HESI is unable to admit or deny the requested admission. However, HESI does admit that BP ordered the commencement of the cement job on the production casing at the Macondo Well without seeing or reviewing any results from a BP settlement test.

> **REQUEST FOR ADMISSION 184:** Admit that the lightweight cement blend Halliburton provided to BP for the cement job on the Macondo Well on April 19 and 20, 2010 did not have API Fluid Loss of less than 100 milliliters per 30 minutes.

**AMENDED RESPONSE:** HESI objects to this request to the extent that it implies a requirement, per contract or otherwise, to conduct an API Fluid Loss test on the cement slurry used on the production casing cement job pumped on April 19 and 20, 2010. Subject to and without waiving the foregoing objection, HESI did not conduct an API Fluid Loss test on the cement slurry used on the production casing cement job. With respect to this admission in all other respects, after a reasonable inquiry, HESI lacks information to respond to this request further. Therefore, HESI is unable to admit or deny the requested admission. However, HESI does admit that BP ordered the commencement of the cement job on the production casing at the Macondo Well without seeing or reviewing any results from an API Fluid Loss test.

> **REQUEST FOR ADMISSION 195:** Admit that Halliburton did not conduct cement/spacer compatibility testing on the cement slurry for the Macondo Well before pumping the cement on April 19 and 20, 2010.

**AMENDED RESPONSE:** HESI objects to this request to the extent it suggests, contrary to the terms of the parties' applicable contract, that cement/spacer compatibility testing was required on the production casing cement job at the Macondo Well. Subject to and without waiving the foregoing objection, HESI admits that it did not conduct cement/spacer compatibility testing on the cement slurry pumped on the production casing cement job at the Macondo Well before April 19 and 20, 2010. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without requesting, seeing, or reviewing any results from cement/spacer compatibility testing.

>   **REQUEST FOR ADMISSION 196:** Admit that Halliburton did not conduct cement/mud compatibility testing on the cement slurry for the Macondo Well before pumping the cement on April 19 and 20, 2010.

**AMENDED RESPONSE:** HESI objects to this request to the extent it suggests, contrary to the terms of the parties' applicable contract, that cement/mud compatibility testing was required on the production casing cement job at the Macondo Well. Subject to and without waiving the foregoing objection, HESI admits that it did not conduct cement/mud compatibility testing on the cement slurry pumped on the production casing cement job at the Macondo Well before April 19 and 20, 2010. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without requesting, seeing, or reviewing any results from cement/mud compatibility testing.

>   **REQUEST FOR ADMISSION 197:** Admit that Halliburton did not conduct cement/mud/spacer compatibility testing on the cement slurry for the Macondo Well before pumping the cement on April 19 and 20, 2010.

**AMENDED RESPONSE:** HESI objects to this request to the extent it suggests, contrary to the terms of the parties' applicable contract, that cement/mud/spacer compatibility testing was required on the production casing cement job at the Macondo Well. Subject to and without waiving the foregoing objection, HESI admits that it did not conduct cement/mud/spacer compatibility testing on the cement slurry pumped on the production casing cement job at the Macondo Well before April 19 and 20, 2010. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without requesting, seeing, or reviewing any results from cement/mud/spacer compatibility testing.

>   **REQUEST FOR ADMISSION 198:** Admit that Halliburton did not complete fluid loss testing on the cement slurry pumped on the production interval of the Macondo Well before April 19 and 20, 2010.

**AMENDED RESPONSE:** HESI objects to the erroneous implication of this request that HESI was required, per the contract or otherwise, to conduct fluid loss testing on the cement slurry used on the production casing cement job pumped on April 19 and 20, 2010. Subject to and without waiving the foregoing objection, HESI admits it did not conduct fluid loss testing on the cement slurry used on the production casing cement job as such testing is normally not conducted on foamed cement slurries. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without seeing or reviewing any results from fluid loss testing.

**REQUEST FOR ADMISSION 199:** Admit that Halliburton did not conduct free fluid testing on the cement slurry pumped on the production interval of the Macondo Well before April 19 and 20, 2010.

**AMENDED RESPONSE:** HESI objects to the implication of this request that HESI was required, per the contract or otherwise, to conduct fluid/free water testing on the primary foamed cement slurry used on the production casing cement job pumped on April 19 and 20, 2010. Subject to and without waiving the foregoing objection, HESI admits it did not conduct free fluid/water testing on the cement slurry used on the production casing cement job as such a test would be redundant of foam stability testing which would also identify free fluid/water, if any, in the sample slurry. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without seeing or reviewing any free fluid/water testing results.

**REQUEST FOR ADMISSION 200:** Admit that Halliburton did not perform BP's settlement test on the cement slurry used on the production interval of the Macondo Well.

**AMENDED RESPONSE:** HESI objects to the implication of this request that HESI was required, per the contract or otherwise, to conduct a BP settlement test on the cement slurry used on the production casing cement job pumped on April 19 and 20, 2010, and/or that BP's decision-making in close proximity to the cement job made it possible for HESI to comply with any potentially applicable contract term requiring that a BP settlement test be conducted. Subject to and without waiving the foregoing objection, HESI admits it did not conduct a BP settlement test on the cement slurry used on the production casing cement job. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without seeing or reviewing any results from a BP settlement test.

**REQUEST FOR ADMISSION 201:** Admit that Halliburton did not conduct static gel strength transition time testing on the cement slurry for the production interval of the Macondo Well before it pumped the cement on April 19 and 20, 2010.

**AMENDED RESPONSE:** HESI objects to the phrase "static gel strength transition time testing" as vague and ambiguous. A static gel strength test is run to determine zero gel time and transition time. HESI further objects to the implication of this request that HESI was required, per the contract or otherwise, to conduct a static gel strength test on the cement slurry used on the production casing cement job pumped on April 19 and 20, 2010, and/or that BP's decision-making in close proximity to the cement job made it possible for HESI to comply with any potentially applicable contract term requiring that a static gel strength test be conducted prior to the cement job. Subject to and without waiving the foregoing objections, HESI admits it did not conduct a static gel strength test on the cement slurry prior to the commencement of the production casing cement job. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without seeing or reviewing any results from a static gel strength test.

**REQUEST FOR ADMISSION 202:** Admit that Halliburton did not conduct zero gel time testing on the cement slurry for the production interval of the Macondo Well before it pumped the cement on April 19 and 20, 2010.

**AMENDED RESPONSE:** HESI objects to the phrase "zero gel time testing" as vague and ambiguous. A static gel strength test is run to determine zero gel time and transition time. HESI is not aware of a separate "zero gel time" test. HESI further objects to the implication of this request that HESI was required, per the contract or otherwise, to conduct a static gel strength test on the cement slurry used on the production casing cement job pumped on April 19 and 20, 2010, and/or that BP's decision-making in close proximity to the cement job made it possible for HESI to comply with any potentially applicable contract term requiring that a static gel strength test be conducted prior to the cement job. Subject to and without waiving the foregoing objections, HESI admits it did not conduct a static gel strength test on the cement slurry prior to the commencement of the production casing cement job. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without seeing or reviewing any results from a static gel strength test.

> **REQUEST FOR ADMISSION 203:** Admit that Halliburton did not conduct free water testing on the lead cement or tail cement slurry for the production interval of the Macondo Well before it pumped the cement on April 19 and 20, 2010.

**AMENDED RESPONSE:** HESI objects to the terms "lead cement or tail cement slurry" as vague, ambiguous and misleading, particularly insofar as the lead and tail cement slurry is the same slurry used for the primary foam cement, all of which constitute a single slurry for testing purposes and which combined constitute the cement stages of a single cement job on the production casing cement job. HESI objects to the implication of this request that HESI was required, per the contract or otherwise, to conduct free fluid/water testing on the primary foamed cement slurry used on the production casing cement job pumped on April 19 and 20, 2010. Subject to and without waiving the foregoing objections, HESI admits it did not separately conduct free fluid/water testing on the slurry used on the production casing cement job as such a test would be redundant of foam stability testing which would also identify free fluid/water, if any, in the sample slurry. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without seeing or reviewing any free fluid/water testing results.

> **REQUEST FOR ADMISSION 206:** Admit that Halliburton did not conduct static gel strength transition time testing on the cement slurry pumped on the production interval of the Macondo Well before April 19 and 20, 2010.

**AMENDED RESPONSE:** HESI objects to the phrase "static gel strength transition time testing" as vague and ambiguous. A static gel strength test is run to determine zero gel time and transition time. HESI further objects to this request as vague and ambiguous as to time. For purposes of this response, HESI will assume that the request seeks an admission regarding whether a static gel strength test was conducted before the cement slurry used to cement the production casing at the Macondo Well was pumped on April 19 and 20, 2010. HESI further objects to the erroneous implication of this request that it was required, per the contract or otherwise, to conduct a static gel strength test on the cement slurry used on the production casing cement job pumped on April 19 and 20, 2010, and/or that BP's decision- making in close proximity to the cement job made it possible for HESI to comply with any potentially applicable contract term specifying that such a test be conducted prior to the cement job. Subject to and without waiving the foregoing objections, HESI admits it did not conduct a static gel strength

test on the cement slurry prior to the commencement of the production casing cement job. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without seeing or reviewing any results from a static gel strength test.

> **REQUEST FOR ADMISSION 207:** Admit that Halliburton did not conduct expansion/shrinkage testing on the cement slurry pumped on the production interval of the Macondo Well before April 19 and 20, 2010.

**AMENDED RESPONSE:** HESI objects to the term "expansion/shrinkage testing" as vague and ambiguous. HESI further objects to the implication of this request that HESI was required, per the contract or otherwise, to conduct a so-called expansion/shrinkage test on the cement slurry used on the production casing cement job pumped on April 19 and 20, 2010. Subject to and without waiving the foregoing objection, HESI admits it did not conduct an expansion/shrinkage test on the cement slurry used on the production casing cement job. HESI further admits that BP ordered the commencement of the cement job on the production casing at the Macondo Well without seeing or reviewing any results from an expansion/shrinkage test.

> **REQUEST FOR ADMISSION 210:** Admit that on April 1, 2010, Jesse Gagliano stated to BP that "I already have a pilot test run, see attached."

**AMENDED RESPONSE:** HESI admits that, on April 1, 2010, Jesse Gagliano sent an email to BP recipients stating, among other things, "I already have a pilot test run, see attached," and attaching the same lab test results he had previously provided BP by email on or about March 8, 2010. HESI also admits that Jesse Gagliano's April 1, 2010 email references information previously provided to BP. HESI denies this request to the extent it implies HESI withheld the information referenced in Jesse Gagliano's April 1, 2010 email from BP or that the referenced information was not previously provided to BP.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No. 00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
State Bar No. 24032277
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing document, Defendant Halliburton Energy Services, Inc.'s First Amended Objections and Responses to Certain BP First and Second Requests for Admission, has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, on this 1st day of November, 2011.

                                                               /s/ Donald E. Godwin
                                                              Donald E. Godwin