# EXHIBIT 7



**DALLAS** HOUSTON PLANO
Plano office by Appointment Only

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041

214.939.4400
800.662.8393
214.760.7332 Fax

www.GodwinLewis.com

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:    214.939.4412
DIRECT FAX:    214.939.4803
DON.GODWIN@GODWINLEWIS.COM

April 4, 2013

**VIA EMAIL**
The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

Re: BP's Letters Dated April 3, 3013 (the "First" and "Second" Letters), and the Court's Order Regarding the First Letter

Dear Judge Shushan:

Halliburton Energy Services, Inc. ("HESI") submits this letter in response to BP's April 3, 2013 letters and the Court's order regarding BP's First Letter. HESI understands the Court's order to mean that, by noon today, HESI must:

> produce or log . . . any as-yet unproduced documents pertaining to testing of any cement relevant to the Macondo well, including any cement carried over from the Kodiak well and any testing of rig samples or lab samples.

Although HESI believes that lab tests associated purely with the Kodiak well are outside the scope of prior discovery requests, immediately after receiving this Court's order, HESI began searching its lab testing documents to determine if any such documents involving the Kodiak well had not been produced. HESI will produce any such documents.

BP's Second Letter citing to Magistrate Judge Shushan's prior order (Dkt. No. 4128) mixes apples and oranges as an attempt to provide an alternative basis for HESI's obligation to produce testing results relating to the Kodiak well. Specifically, Judge Shushan's Order dealt with a very specific issue relating to a distinction between certain post-incident documents HESI claimed as privileged, and certain documents involving employees taking unauthorized post-

incident actions, which documents HESI agreed were not privileged and agreed to produce. Dkt. No. 4128. Judge Shushan's order, in its first sentence, notes that it relates to HESI's "post-incident investigative activities." *Id*. Nothing in this Order addresses any obligation by HESI to produce pre-incident testing results related to the Kodiak well. *Id*. HESI believes that it fully complied with Judge Shushan's September 27, 2011 Order, and its general outstanding discovery obligations, by producing all responsive non-privileged documents of which it was aware at that time.

This past week, when it was discovered that a portion of Tommy Roth's custodial file had not been processed for review and production in the MDL, HESI immediately processed the file and produced the resulting relevant documents, overlays for already produced documents, and a related privilege log. This production includes emails transmitting certain test results to Tommy Roth, which could be determined to relate to "post-incident investigation activities" and thus potentially subject to Judge Shushan's Order, and HESI thus immediately produced the relevant, non-privileged information.

However, BP's request for any "as-yet unproduced documents pertaining to testing of any cement relevant to the Macondo well, including any cement carried over from the Kodiak well and any testing of rig samples or lab samples" goes well beyond the scope of Judge Shushan's Order, and instead implicates HESI's general discovery obligations. HESI confirms that its previous productions included documents pertaining to testing of cement relevant to the Macondo well, including any cement "carried over" from the Kodiak well and cement testing relevant to the Macondo well conducted with rig samples or lab samples. It is further important to note that in reviewing the documents HESI has previously produced, the vast majority of testing results from the actual Kodiak well were produced long ago. There is no evidence that HESI was attempting to hide or conceal anything regarding these results. Nonetheless, to the extent any of these Kodiak test results were not previously produced, they are being included with the supplemental production HESI is providing to all parties.

To be clear, HESI's position is that these Kodiak materials are not required by the 9/27/10 Court Order or the discovery search parameters, although many of them had already been produced anyway.

Respectfully submitted,

*Donald E. Godwin*

Donald E. Godwin

cc
Judge Shushan
Ben Allums
Liaison Counsel