**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Barbier |
| *All cases* | * * | Magistrate Judge Shushan |

**LIAISON COUNSEL MEMORANDUM
PROVIDING STATUS REPORT FOR THE 6/27/13 STATUS CONFERENCE**

Liaison Counsel submit this report for the status conference on June 27, 2013.

1. **Pre-Trial Orders**:

Since the last status report was filed on December 14, 2012, the Court has entered the following orders:

- On December 21, 2012, the Court issued an Order and Reasons (Rec. Doc. 8138) and an Order and Judgment (Rec. Doc. 8139) certifying the Economic and Property Settlement Class and granting final approval of the Economic and Property Damages Settlement Agreement.

- On January 4, 2013, the Court issued Amended Pretrial Order No. 54 regarding procedures for Phase One Trial on February 25, 2013.  (Rec. Doc. 8173).

- On January 11, 2013, the Court issued an Order and Reasons (Rec. Doc. 8217) and an Order and Judgment certifying the Medical Benefits Settlement Class and granting final approval of the Medical Benefits Class Action Settlement.  (Rec. Doc. 8218).

- On January 15, 2013, the Court issued an Order directing the Notice Administrator to send letters reminding potential oyster leaseholder class members of the January 22, 2013 deadline for filing claims with the Seafood Compensation Program.  (Rec. Doc. 8248).  The same day, the Court issued an Order directing the Claims Administrator for the Economic and Property Damages Settlement to send letters regarding requests to revoke exclusion (opt-out) requests (Rec. Doc. 8249), and it issued a similar Order on the following day regarding the Medical Benefits Settlement Claims Administrator (Rec. Doc. 8256).

- On January 18, 2013, the Court issued an Order regarding press and public access to the Phase One trial.  (Rec. Doc. 8291).

- On January 24, 2013, the Court issued an Order denying a motion for extension of time to submit claims to the Seafood Compensation Program.  (Rec. Doc. 8326).

- On January 31, 2013, the Court issued an Order providing for a structured settlement option.  (Rec. Doc. 8425).  The Court also issued an Order appointing Daniel J. Balhoff as joint Court-Designated Neutral to preside with John W. Perry over the settlement of the Seafood Compensation Program.  (Rec. Doc. 8426).

- On February 19, 2013, the Court signed a Partial Consent Decree with Amendment between the United States and the Transocean entities.  (Rec. Doc. 8608).  The Court also signed a stipulation between BP and the United States mooting BP's motion for partial summary judgment respecting civil penalties for 800,000 barrels of oil.  (Rec. Doc. 8620).

- On March 11, 2013, the Court issued an Order approving the first amended procedure for

the processing of third-party claims against claimant recoveries under the Economic and Property Damages Settlement.  (Rec. Doc. 8859).

- On April 8, 2013, the Court issued an Order appointing Judge Jerry A. Brown as Attorney Liens Adjudicator under the Economic and Property Damages Settlement. (Rec. Doc. 9209).

- On April 9, 2013, the Court issued an Order instructing the Economic and Property Damages Settlement to follow certain rulings of the Court.  (Rec. Doc. 9232).

- On April 15, 2013, the Court issued an Order approving rules governing third-party claims dispute resolution process as to attorney fee liens.  (Rec. Doc. 9327).

- On April 24, 2013, the Court issued an Order regarding post-trial briefing for the Phase One Trial.  (Rec. Doc. 9536).  The Court also issued an Order regarding appeals of award determinations in the Economic and Property Damages Settlement.  (Rec. Doc. 9538).

- On May 20, 2013, the Court issued an Order regarding discretionary Court review of appeal determinations in the Economic and Property Damages Settlement Agreement. (Rec. Doc. 10185).

- On May 20, 2013, the Court also issued an Order suspending deadlines in new related cases pending their consolidation with MDL 2179.  (Rec. Doc. 10194).  The Court also issued an Order regarding filing requests for summons and summons returns.  (Rec. Doc. 10204).

- On May 23, 2013, the Court issued First Amended Pretrial Order No. 37 and First Amended Pretrial Order No. 39, both relating to testing of samples.  (Rec. Docs. 10230, 10231).

- On May 31, 2013, the Court scheduled a Status Conference for Thursday, June 27, 2013 at 2:00 p.m.  (Rec. Doc. 10279).

**2.  Status of the JPML Proceedings:**

Since the parties submitted the last status report on December 14, 2012, the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") issued sixteen new Conditional Transfer Orders ("CTOs") conditionally transferring 474 additional cases to this Court.  To date, a total of eighty-three CTOs have been issued.  Including the many cases originally filed in this District, there are currently more than 2,700 active related cases before the Court, an increase of more than two thousand cases since the end of 2012.   The vast majority of these new related cases were filed on or around the third anniversary of the April 20, 2010 casualty.  In addition, more than 132,000 short-form joinders have now been filed in MDL 2179.

Since the parties submitted the last status report, the Panel denied a motion to vacate CTO-69 and ordered the case on that CTO transferred to MDL 2179.   The following issues remain undecided:

- On April 23, 2013, plaintiffs in MDL 2179 member case *Robin, et al. v. BP Exploration & Production Inc.*, 2:13-cv-01648, along with the plaintiff in *BP Exploration & Production Inc.*, 3:13-cv-00249 (S.D. Miss.), filed a motion to transfer with the JPML. The motion seeks the creation of a new MDL in the United States District Court for the Southern District of Mississippi for cases brought by claimants "that were excluded from the [MDL 2179 class settlement agreements]" and "entities that properly opted out of the [MDL 2179 class settlement agreements]."  (Br. in Supp. of Motion at 1-2, MDL 2457 (Docket No. 1)). Various parties opposed this motion for a new MDL.   Briefing on the

motion is complete, and it has been set for oral argument at the Panel's July 25, 2013 hearing in Portland, Maine.

- Certain plaintiffs have filed objections regarding CTO-73 (3 cases); CTO-74 (19 cases), CTO-75 (14 cases), CTO-76 (5 cases), CTO-77 (1 case), CTO-80 (2 cases), CTO-82 (one case), and CTO-83 (one case). Briefing regarding most of these cases is now complete, but it is unlikely that any of the motions to vacate the conditional transfer of those forty-six cases will be decided prior to the Panel's July 25, 2013 hearing.[1]

### 3. Status of State-Filed Lawsuits:

At least fifty-four Deepwater Horizon-related lawsuits are now pending in various state courts, including Baldwin County, Alabama (three cases); Mobile County, Alabama (two cases); Jefferson Parish, Louisiana (three cases); Lafayette Parish, Louisiana (one case); Lafourche Parish, Louisiana (seven cases); Orleans Parish, Louisiana (two cases); Plaquemines Parish, Louisiana (six cases); Terrebonne Parish, Louisiana (three cases); St. Bernard Parish, Louisiana (two cases); Bay County, Florida (five cases); Leon County, Florida (two cases); Harrison County, Mississippi (two cases); Jackson County, Mississippi (one case); Lane County, Oregon (one case); Hardin County, Texas (one case); Harris County, Texas (eleven cases); and Orange County, Texas (two cases). These cases include:

- Twenty-three personal injury suits brought by oil spill response workers alleging injuries sustained in the course of the spill response efforts;
- Twenty lawsuits alleging loss of commercial revenues, personal income, and/or diminished real property value as a result of the oil spill;

---

[1]    Attached is a chart showing the status of the Conditional Transfer Orders.

- Seven suits alleging primarily the breach of sale, lease, or services agreements related to the spill response efforts;

- One suit filed in small claims court seeking compensation for a design plaintiff allegedly submitted for the containment dome used at the Macondo well; and

- Three suits alleging real property damage resulting from oil spill response staging operations conducted on or near plaintiffs' properties.

Motion practice, written discovery, document production, and fact witness depositions have been proceeding in some state court cases. BP has worked with Magistrate Judge Shushan to encourage coordination of any such state court discovery with discovery in MDL 2179 and will continue to do so as needed.

**4.  Status of MDL-2185:**

Securities Litigation. On February 6, 2013, Judge Ellison granted in part defendants' motion to dismiss the federal securities plaintiffs' second amended consolidated complaint in *In re BP p.l.c. Securities Litigation*, the consolidated securities class action. Judge Ellison rejected plaintiffs' claims based on ten of the seventeen statements at issue in the motion. On June 14, 2013, plaintiffs filed their class certification motion, and briefing on that motion is scheduled to continue through late September of this year. Under the schedule set by Judge Ellison, fact discovery will continue throughout 2013, concluding on December 20, and a trial date has been scheduled for August 25, 2014.

In addition to the consolidated class action, there are approximately a dozen later-filed, related securities actions brought by individual shareholders that have mostly been transferred or assigned to Judge Ellison as part of MDL 2185. Judge Ellison heard oral argument on May 10,

2013, on defendants' consolidated motion to dismiss three of the individual shareholder actions. A consolidated motion to dismiss eight of the other individual shareholder actions will be due fourteen days following Judge Ellison's ruling on the pending motion to dismiss the other three cases.

Derivative Litigation.  On January 16, 2013, the United States Court of Appeals for the Fifth Circuit affirmed the judgment dismissing the shareholder derivative cases on *forum non conveniens* grounds. The decision is now final and no longer subject to appeal.  The remaining state-court shareholder derivative actions have since been dismissed as well.

ERISA Litigation.  On June 21, 2013, appellants filed their reply brief in the Fifth Circuit in their appeal of Judge Ellison's September 4, 2012 final judgment dismissing the ERISA case with prejudice.

Dividend Class Action.  The dividend class action was brought by an individual plaintiff on behalf of holders of BP American Depositary Shares based on BP's decision not to pay a dividend in June 2010 in the aftermath of the Deepwater Horizon explosion and oil spill. Following oral argument on April 12, 2013, Judge Ellison granted BP's motion to dismiss plaintiff's amended class action complaint and issued a final judgment dismissing plaintiff's action.  Plaintiff has indicated that he does not intend to appeal Judge Ellison's ruling that BP is not subject to general personal jurisdiction in Oregon where the case was filed, but instead intends to re-file his case in the Southern District of Texas.

Discovery Coordination.   In the securities and ERISA cases now in MDL 2185, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179

document production pending resolution of whether any of the MDL 2185 claims will survive Rule 12 motion practice.  MDL 2185 plaintiffs have attended MDL 2179 Phase 1 depositions pursuant to this Court's PTOs 17 and 27 and have received copies of certain expert reports submitted in MDL 2179.  In some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.  Pursuant to this Court's Order of September 4, 2012 (Rec. Doc. 7277), MDL 2185 plaintiffs have been able to attend MDL 2179 Phase 2 depositions and will receive copies of certain Phase 2 expert reports on the same terms as specified in this Court's pre-trial orders for Phase 1 depositions and expert reports.

5. **Status of Discovery**:

Phase Two expert discovery is now well underway.  By June 27, all expert reports (including all rebuttal reports) will be completed and submitted to the Court and parties.  The parties have largely completed Phase Two document productions and, with the assistance of Magistrate Judge Shushan, are in the final phases of resolving outstanding privilege issues related to these productions.  In total, more than 20.5 million documents, totaling nearly 130 million pages, have been produced in MDL 2179 by all of the parties.  As of June 27, 2013, the MDL 2179 parties will have conducted more than 400 fact and expert depositions concerning Phase 1 and 2 issues.  With very few exceptions, Phase Two Rule 30(b)(6) fact depositions were completed in November 2012.  The parties then conducted limited Phase 2 individual fact depositions between mid-December 2012 and February 2013.  In total, the parties will complete approximately 40 Phase 2 expert depositions.

Between now and the commencement of the Phase 2 Trial on September 16, 2013, in

addition to completing Phase 2 depositions, the parties will be: (1) finalizing the Phase 2 deposition designation bundles; (2) working to resolve any outstanding issues regarding the Phase 2 trial exhibit list, including through an extensive meet-and-confer process and through motion practice; and (3) submitting *Daubert*, *in limine*, and any dispositive motions related to Phase 2.

The parties continue to meet with Magistrate Judge Shushan at Working Group Conferences on many Fridays to address these and other pending discovery issues. The next such conference is scheduled for June 28, 2013.

## 6. <u>Insurance Coverage Case Management</u>:

On March 1, 2012, this Court issued a Rule 54(b) Partial Final Judgment (Rec. Doc. 5938) in respect to its ruling on the scope of BP's pollution-related coverage rights under the policies at issue in the two insurance coverage declaratory judgment actions (Case Nos. 11-274 and 11-275). On March 1, 2013, the United States Court of Appeals for the Fifth Circuit reversed that judgment (Appeal No. 12-30230), and on March 15, 2013, Transocean, the Excess Insurers, and Ranger filed petitions for rehearing en banc, which remain pending.

In June 2011, the First Excess Layer Insurers filed two interpleader actions (Case Nos. 11-1439 and 11-1440) to seek guidance from the Court in regard to their obligations to cover claims made against BP, Transocean, Anadarko, and MOEX by or on behalf of rig workers (*i.e.*, Transocean employees and contractors who were aboard the Deepwater Horizon at the time of the Incident). On September 4, 2012, October 10, 2012, and May 10, 2013, on the joint motion of the First Excess Layer Insurers, BP, and Transocean, Magistrate Judge Shushan issued orders authorizing interim payments to be made to Transocean and BP. (Rec. Docs. 7262, 7621, and

9901).

On July 31, 2012, the Second Excess Layer Insurers filed an interpleader action in this Court (Case No. 12-1978), modeled closely on the First Excess Layer Insurers' interpleaders, to address their policies.  On March 4, 2013, the Court entered a stipulated case management order regarding the second excess layer interpleader action.  (Rec. Doc. 8765).

On February 14, 2013, the Third and Fourth Excess Layer Insurers filed two interpleader actions in this Court (Case Nos. 13-282 and 13-283), modeled closely on the First and Second Excess Layer Insurers' interpleaders, to address their respective policies.  On May 20, 2013, the Court entered a stipulated order extending the time for Transocean and BP to answer or otherwise respond to the Third and Fourth Excess Layer interpleader complaints until 14 days after the Fifth Circuit issues a ruling on the petitions for rehearing en banc pending in the insurance appeal.  (Rec. Doc. 10208.).

7.   **Motions Set for Oral Argument:**

The Court has stated that it plans to hear oral argument on the following motions at this status conference:  Cross Motions for Summary Judgment Regarding the Claims of the Mexican States (Rec. Docs. 8169, 8176, 8178, 8179).  (Rec. Doc. 10279).

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of June, 2013.


_____/s/ Don K. Haycraft_____
Don K. Haycraft

−12−