IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>*<br>* | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br><br>*All cases* | *<br>*<br>*<br>* | Judge Barbier<br><br>Magistrate Judge Shushan |

**BP'S AND ANADARKO'S MEMORANDUM FOR JUNE 27 STATUS CONFERENCE ON FUTURE CASE MANAGEMENT ISSUES**

Defendants, BP Exploration & Production Inc. ("BPXP") and BP America Production Company ("BPAP") (collectively, "BP"), joined by Anadarko Petroleum Company and Anadarko E&P Company LP (collectively, "Anadarko"), submit this memorandum regarding future case management in MDL 2179.  The Court's May 31 Order (Rec. Doc. 10279) setting the June 27 status conference identifies "Case Management Beyond Phase 2" as an agenda item.  BP and Anadarko believes it may assist the Court to have the parties' views in advance of the conference.

**Limitation and Liability Trial (Phases 1 and 2).**  As the Court is aware, the evidence in Phase 1 of the Limitation and Liability Trial is now complete and the remaining parties to the trial are in the midst of completing post Phase 1 briefing and submissions of proposed findings and conclusions, with briefing set to be concluded on July 12.  At the same time, the PSC, United States, the States of Louisiana and Alabama, and certain defendants (BP, Anadarko, Transocean, and Halliburton) are in the midst of expert discovery and other pretrial proceedings as those parties prepare for Phase 2 of the Limitation and Liability trial (regarding quantification of oil released prior to well capping and source control), which is scheduled for September 16, 2013.

The Phase 2 trial is expected to last at least one month and possibly longer, with post-trial briefing and additional proposed findings and conclusions expected to follow late into 2013.

**CWA Penalty Phase**. After Phase 2 of the trial and briefing is complete, BP and Anadarko understand that the Court intends to address as the next Phase in MDL 2179 the remaining issues raised by the United States' claims for civil penalties under the Clean Water Act versus BP and Anadarko. (The United States has settled such claims versus the Transocean parties and did not bring such claims versus Halliburton.) BP, Anadarko, and the Department of Justice are presently in discussions under the direction of Magistrate Judge Shushan as to how the Penalty Phase will be structured, including pretrial discovery, and we hope to be able to present both areas of agreement and areas where Court direction would be required in the coming weeks. There is broad agreement among these parties that the Penalty Phase will require a non-jury trial, which, given expected pretrial proceedings, likely will not be able to be set to begin before mid-2014. The Penalty Phase trial will address the eight penalty factors under the Clean Water Act, with discovery of both fact and expert witnesses to address these eight factors, plus (the parties hope) fact stipulations addressing the penalty factors and contributing to an efficient proceeding.

**OPA (Moratorium) Test Cases.** BP and the PSC are also in continuing discussions with Magistrate Judge Shushan about case selection, discovery, motion practice, and trial settings for a handful of cases addressing selected plaintiffs' claims under OPA relating to alleged losses arising from the federal drilling moratorium in 2010. This follows the Court's prior "weed pulling" process which led to a set of legal rulings on certain claims in October 2012 (Rec. Doc. 7526), while leaving open the issue of further test case discovery and dispositive motions on moratorium-based claims.

**New Economic Loss Claims — Potential Motion Practice.**  As the Court is aware, in the weeks and months before or shortly after the April 20, 2013 third anniversary of the Incident, a number of new private civil claims were filed against BP and other parties both in this District and other state and federal courts around the Gulf.  We estimate the number of new filings at about 2,200.  Most of these are individual cases and non-class actions, with a few exceptions.  As reported in the most recent Liaison Counsel report in detail (Rec. Doc. 10480), for cases filed outside the Eastern District of Louisiana, BP and others have been seeking consolidation of these new cases where appropriate within MDL 2179.  Most of the cases have been transferred here without objection and where there have been objections to transfer, those objections are being addressed by the JPML (which has its next hearing on July 25 in Portland, Maine).  Naturally, the types of claims brought in these new filings vary, but the substantial majority of them involve claims brought under OPA, state, and general maritime law seeking to recover for economic losses allegedly caused by the Incident and resulting spill.

BP and Anadarko believe that the influx of new cases provides an opportunity for the establishment of certain case management measures.  One possible step the Court may wish to consider is setting a schedule over a period of time for early motion practice.  Our review of the new filings suggests that a new "weed pulling" process involving motions practice may allow the Court to streamline the claims by adjudicating claims that ought to be dismissed and then setting a process for handling those that legitimately remain.  As a possible approach, BP and Anadarko suggest the following:

**Motions Group A.**  Here, BP, Anadarko and other defendants could file motions to secure and confirm application to new cases of the key rulings by this Court issued to date, such as the B1 and B3 MTD Orders (Rec. Docs. 3830, 4209).  For example:

1. <u>Inability to Meet *Robins Dry Dock*</u>: Consistent with the 2011 B1 Order, the maritime claims in all complaints must be dismissed if they cannot comport with *Robins Dry Dock*, which requires the showing of a physical injury to a proprietary interest.

2. <u>Declaratory Judgment Claims Concerning GCCF Payments or Releases, Especially Concerning Punitive Damages</u>: Consistent with the B1 Order, all declaratory judgment claims must be dismissed to the extent that "any settlement provisions [with Defendants] that purport, directly or indirectly, to release or to affect the calculation of punitive damages without a judicial determination of fairness, adequacy, and reasonableness are ineffective as contrary to law, equity, and public policy." B1 Order at 34; *see also id.* at 34-35.

3. <u>Attorney's Fees</u>: Consistent with the B1 Order, any claim for attorney's fee claims made under maritime law must be dismissed. (And OPA does not provide for attorney's fees as a general matter.)

4. <u>Medical Monitoring Claims Without Injury</u>: Consistent with the B3 Order, any medical monitoring claims that are not accompanied by physical injury as required by *Hagerty v. L & L Marine Servs., Inc.*, 788 F.2d 315, 319 (5th Cir. 1986), must be dismissed. There are at least eight new complaints that raise medical monitoring issues.

5. <u>Personal Injury Claims for Negligence Per Se:</u> Consistent with the B3 Order, the Court should also dismiss personal injury claims for negligence per se that are not pleaded to establish that such claims are predicated on private federal rights of action or attempt to proceed in an area where the only applicable right of action has been committed to government enforcement actors.

6. <u>Punitive Damages for Personal Injuries by Seamen</u>: Consistent with the B3 Order's ruling that seamen with alleged personal injuries are not entitled to punitive damages under a longstanding body of Fifth Circuit precedent, such claims for punitive damages should be dismissed.

7. <u>Personal Injury Battery or Nuisance Claims</u>: Consistent with the B3 Order's ruling, personal injury battery or nuisance claims under maritime law are not viable. There are dozens of new cases that raise nuisance issues and at least four new cases that raise battery claims.

8. <u>Claims That Drilling Is Ultra-Hazardous</u>: Consistent with the B1 Order, which held that offshore drilling is not an ultra-hazardous activity, the Court should dismiss maritime-based claims averring that offshore drilling is ultra-hazardous.

9. <u>Claims Disposed of in the Weed-Pulling Order</u>: Consistent with the weed-pulling Order (Rec. Doc. 7526), new filings that raise the same three

4

categories of claims should be dismissed — those involving: (a) pure stigma to property; (b) recreation; and (c) BP dealers. There is at least one new case in each of the preceding categories.

**Motions Group B**. In a second tranche of motions, to be brought on after the Group A motions, BP, Anadarko and other defendants would bring on additional legal motions designed to streamline the docket. Such motions in Group B might include the following issues such as (a) OPA presentment, (b) the limits of OPA causation, (c) the proper construction of OPA Section 2702(b)(2)(E) (which permits the recovery of damages for lost profits and earning capacity, "due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant"), (d) challenges to GCCF claimants who signed releases, (e) duplicative complaints in the docket; (f) improper personal injury plaintiffs (e.g., those who do not have standing to sue); and other similar issues.

**Motions Group C.** BP and Anadarko also believe that other motions ("Group C") for docket management are viable, but some of those motions are best deferred until after the parties have clarity from the Fifth Circuit on issues such as the Court's prior rulings on preemption of state law claims. An appeal of the Court's December 9, 2011, preemption ruling brought by the Louisiana Parish District Attorneys is currently pending in the Fifth Circuit, with oral argument conducted last March.

**Government Claims.** New complaints have been filed by the States of Florida, Mississippi (2 separate actions, both now in MDL 2179), and Texas, as well as by the United Mexican States. Certain local government entities have also filed complaints. Many of these government complaints include claims purportedly brought under state law. BP and Anadarko submit that in the interests of judicial economy it is appropriate to defer motion practice on these complaints until after the Fifth Circuit ruling discussed above. In addition, the Court at some point will want to consider scheduling discovery and other pretrial proceedings for the claims

under OPA brought by Louisiana and Alabama, likely to be taken up after the CWA penalty phase.

## CONCLUSION

The BP Defendants and Anadarko appreciate the Court's consideration of these case management issues and are prepared to discuss these matters on June 27 or as the Court may direct.

June 25, 2013　　　　　　　　　　　　　　　　　Respectfully submitted,

| | |
|---|---|
| Richard C. Godfrey, P.C. |   */s/ Don K. Haycraft* |
| J. Andrew Langan, P.C. | Don K. Haycraft (Bar #14361) |
| Andrew B. Bloomer, P.C. | R. Keith Jarrett (Bar #16984) |
| R. Chris Heck | LISKOW & LEWIS |
| Beth Larsen | 701 Poydras Street, Suite 5000 |
| KIRKLAND & ELLIS LLP | New Orleans, Louisiana 70139 |
| 300 North LaSalle Street | Telephone:  (504) 581-7979 |
| Chicago, IL 60654 | Telefax:  (504) 556-4108 |
| Telephone:  (312) 862-2000 | |
| Telefax:  (312) 862-2200 | Robert C. "Mike" Brock |
| | COVINGTON & BURLING LLP |
| Jeffrey Bossert Clark | 1201 Pennsylvania Avenue, NW |
| KIRKLAND & ELLIS LLP | Washington, DC 20004 |
| 655 Fifteenth Street, N.W. | Telephone:  (202) 662-5985 |
| Washington, D.C. 20005 | Telefax:  (202) 662-6291 |
| Telephone:  (202) 879-5000 | |
| Telefax:  (202) 879-5200 | |

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.*
*AND BP AMERICA PRODUCTION COMPANY*

BINGHAM McCUTCHEN, LLP

/s/ *Ky E. Kirby*_____
Ky E. Kirby
ky.kirby@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

*ATTORNEYS FOR ANADARKO PETROLEUM CORPORATION*
*AND ANADARKO E&P COMPANY LP*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 25th day of June, 2013.

                                            /s/ Don K. Haycraft
                                            Don K. Haycraft