UNITED STATES DISTRICT COURT
EASTERN DISTRICT FOR THE STATE OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NUMBER 2719<br><br>SECTION J |
| THIS DOCUMENT RELATES TO:<br>   IN RE: TRITON ASSET LEASING, GmbH Case No. 2:10-CV-08888-CJB-SS | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM TO TRANSOCEAN'S OMNIBUS RESPONSE IN OPPOSITION TO VARIOUS CLAIMANTS' MOTION FOR LEAVE TO FILE CLAIMS BEYOND THE MONITION DATE**

**MAY IT PLEASE THE COURT:**

Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively "Transocean") have asked this Court to deny all Motions for Leave to File Claim in Limitation Beyond the Monition Date. BP Products North America, Inc. and BP America, Inc. (collectively "BP Defendants" ) joined Transocean's motion.

For the reasons set forth herein, Claimants listed in Exhibit A of Record Document 9258 (hereinafter "Claimants") respectfully represent that to grant Claimants' motion and Accepting Short Form Joinders beyond the monition date would serve the goals of justice and economy. Claimants incorporate by reference all reasons outlined in Record Document 9258. In addition, Claimants incorporate by reference Record Document Number 10494, Reply Brief Filed by PSC in Support of Motions to Accept Late-filed Short-Form Joinders and Other Claims-in-Limitation.

I.  **ACCEPTING LATE FILED SHORT FORMS WOULD ALLOW INJURED CLAIMANTS TO PURSUE THEIR CLAIMS AND WOULD NOT PREJUDICE TRANSOCEAN**

The *Deepwater Horizon* explosion, sinking and subsequent oil spill has been described as the worst environmental disaster in this country's history, and its impact on businesses operating in and around the Gulf of Mexico has been substantial. In the wake of this unprecedented catastrophe, Claimants were unaware of the Court established deadline and/or had not fully realized their damages as of the monition date.

The impact of the *Deepwater Horizon* explosion was not limited to the time period between April 20, 2010 and September 16, 2011. In many cases those injuries extended far beyond the monition date. The financial impact of the *Deepwater Horizon* tragedy suffered by each Claimant listed in Record Document 9258 was reviewed and calculated by a CPA with over 30 years of analytical and forensic experience. The following chart outlines the time frame for each Claimants economic injury:

| PLAINTIFF | *SHORT FORM JOINDER RECORD DOC NO* | *DEEPWATER HORIZON* INJURY PERIOD |
|---|---|---|
| ExPert E&P Consultants, LLC | 128394 | May 2010 - August 2012 |
| ExPert Riser Solutions, LLC | 128393 | May 2010 - December 2011 |
| Louisiana Minerals & Exploration, LLC | 128392 | May 2010 - November 2011 |
| Green Marine & Industrial Equipment Company, Inc. | 128391 | February 2011 - October 2012 |

| Gulf South Services, Inc. | 128390 | June 2010 - March 2011 |
|---|---|---|
| Martin Midstream Partners, LP | 128389 | May 2010 - October 2012 |
| Martin Resource Management Corporation[1] | 128388 | May 20101 - October 2012 |

The acceptance of late filed claims should be allowed where equitable reasons are shown and there would be no prejudice to limitation plaintiffs such as Transocean. *Texas Sulphur Co. v. Blue Stack Towing, Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (citing *Golnoy Barge Co. V. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993)). There are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely. The Transocean limitation proceeding is still pending and undetermined. However, denying businesses the opportunity to file a joinder despite the fact that the economic injury they were unaware of the Court's deadline and in many cases were forced to endure injuries that continued beyond the monition date would in fact prejudice those businesses.

In light of the substantial and long term economic damages caused by the *Deepwater Horizon* tragedy, Claimants respectfully submit that allowing late filed Short Form Joinders would be equitable and would serve the goals of justice and economy.

---

[1] Martin Resource Management Corporation filed a subsequent Amended Short Form Joinder on June 19, 2013, which was assigned Record Document Number 135231. This amended short form clarifies the identity of the limitation claimant.

## II. CONCLUSION

For these reasons, Claimants respectfully request that the Court grant Claimants' Motion for Leave to File Short Form Joinders and that this Court deem that said Short Form Joiners are timely filed in the Transocean Limitation Proceeding.

By attorneys:

*s/John W. deGravelles*
**JOHN W. deGRAVELLES** (#04808)
J. NEALE deGRAVELLES (#29143)
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, Louisiana 70801-1910
Telephone: 225/344-3735
Facsimile: 225/336-1146
jdegravelles@dphf-law.com
ndegravelles@dphf-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of June, 2013, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to and provided notice by and through LexisNexis to all counsel of record.

*s/John W. deGravelles*
**JOHN W. deGRAVELLES**