FILED: NEW YORK COUNTY CLERK 06/24/2013
NYSCEF DOC. NO. 377

INDEX NO. 400759/2011
RECEIVED NYSCEF: 06/24/2013

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **BARBARA JAFFE** J.S.C.
_____ Justice

PART 12

Index Number : 400759/2011
TC RAVENSWOOD, LLC.
vs
NATIONAL UNION FIRE INSURANCE
Sequence Number : 015
COMPEL DISCOVERY

INDEX NO. 400759/11
MOTION DATE _____
MOTION SEQ. NO. 015

The following papers, numbered 1 to ___, were read on this motion to/for _____

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits | No(s). 267-270, 273 |
| Answering Affidavits — Exhibits | No(s). 278-287 |
| Replying Affidavits | No(s). 290 |

Upon the foregoing papers, it is ordered that this motion is

**DECIDED IN ACCORDANCE WITH ACCOMPANYING DECISION / ORDER**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____
FOR THE FOLLOWING REASON(S):

Dated: 6/20/13                                                         _____, J.S.C.

1. CHECK ONE: ................................................ ☐ CASE DISPOSED        ☒ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ..............MOTION IS: ☐ GRANTED  ☐ DENIED  ☒ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE: ................................ ☐ SETTLE ORDER              ☐ SUBMIT ORDER
                                                           ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK : IAS PART 12
-----------------------------------------------------------------x
TC RAVENSWOOD, LLC,

                              Plaintiff,

-against-

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH PENNSYLVANIA
(a/k/a AIG, n/k/a Chartis), ASSOCIATED
ELECTRIC & GAS INSURANCE SERVICES
LIMITED, ACE INA INSURANCE, AND ARCH
INSURANCE COMPANY, and FACTORY
MUTUAL INSURANCE COMPANY,

                              Defendants.
-----------------------------------------------------------------x
BARBARA JAFFE, J.S.C.:

Index No. 400759/11

Subm: 6/18/13
Motion Seq. No.: 015

**DECISION AND ORDER**

| For TransCanada: | For insurance companies: | For FMIC: |
|---|---|---|
| John G. Nevius, Esq. | Charles J. Rocco, Esq. | Henry J. Catenacci, Esq. |
| John M. O'Connor, Esq. | Malcolm J. Reilly, Esq. | H. Richard Chattmen, Esq. |
| Kathleen Donovan, Esq. | Mara Hsiung, Esq. | Gregory D. Miller, Esq. |
| Anderson Kill & Olick, P.C | Foran Glennon, *et al.* | Podvey, Meanor, Catenacci, *et al.* |
| 1251 Avenue of the Americas | 120 Broadway, Ste. 1130 | 570 Lexington Ave., Ste. 1600 |
| New York, NY 10020 | New York, New York 10271 | New York, NY 10022 |
| 212-278-1000 | 212-257-7100 | 973-623-1000 |

By notice of motion dated December 28, 2012, Factory Mutual Insurance Company ("FMIC") moves for an order compelling the production of documents. Chartis, Ace INA Insurance, and Arch Insurance Company (collectively, with FMIC, the insurance companies) join. TransCanada Energy USA, Inc., TC Ravenswood Services Corp., and TC Ravenswood, LLC (collectively, TransCanada) oppose.

I. BACKGROUND

On September 12, 2008, Unit 30, a steam turbine power generator at Ravenswood in Queens, NY, shook violently, and was shut down. There was a crack in the generator's rotor.

Unit 30 remained out of service until May 11, 2009. TransCanada filed a claim for repair costs and business interruption losses under its insurance policies.

As the insurance policies at issue are complex, and TransCanada's in-house counsel lacked the experience necessary to file a claim, TransCanada hired its broker, Marsh, to assist with the explication of the policies. However, in order to obtain such assistance from Marsh, pursuant to the contract between Marsh and TransCanada, TransCanada was required to follow certain procedures. No evidence was offered that TransCanada followed the prescribed procedures.

After the insurance companies denied the claims, Marsh helped negotiate a settlement with insurer Aegis, and developed a litigation strategy for the instant action. Marsh communicated with both outside and in-house counsel at TransCanada, and was forwarded communications and work product from counsel.

On April 14, 2011, FMIC served a subpoena on Marsh, in response to which Marsh produced documents on May 23, 2011 and April 10, 2012. At TransCanada's request, Marsh withheld documents that TransCanada believed were protected attorney-client communications or attorney work product. TransCanada provided the insurance companies with a privilege log of 207 entries. After negotiations with the insurance companies, TransCanada produced additional documents and currently only claims that 47 Marsh documents are protected from disclosure.

## II. CONTENTIONS

The insurance companies contend that some of the remaining documents on the privilege log are not protected by attorney-client privilege or constitute work product, and that in any event, upon their disclosure to third-party Marsh, any protection from disclosure was waived.

They deny that Marsh is TransCanada's agent, relying on TransCanada's failure to comply with the contractual requirement that certain procedures be followed in order to obtain assistance from Marsh. The insurance companies also contend that the Aegis settlement documents are not protected.

TransCanada argues that the documents on the privilege log are protected from disclosure because they constitute attorney-client communications or attorney work product, and that transmitting them to Marsh did not result in a waiver because Marsh was TransCanada's agent.

### III. ANALYSIS

#### a. Attorney-client privilege

"In order for the privilege to apply, the communication from attorney to client must be made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship [and t]he communication itself must be primarily or predominantly of a legal character." (*Spectrum Sys. Intl. Corp v Chemical Bank*, 78 NY2d 371, 377 [1991]). Typically, disclosing a communication to a third party waives this privilege. (*See e.g., In re von Bulow*, 828 F2d 94, 101 [2d Cir 1987] [von Bulow's support of memoir waived privilege]).

Privilege is not waived, however, if the third party is acting as an agent of the attorney or the client. (*See People v Osorio*, 75 NY2d 80, 84 [1989]; *Gama Aviation, Inc. v Sandton Capital Partners, L.P.*, 99 AD3d 423, 424 [1st Dept 2012]). Whether a third party is an agent "is not defined by the third parties' employment or function," but rather depends on whether the client had "a reasonable expectation of confidentiality under the circumstances." (*Osorio*, 75 NY2d 84; see also *Stroh v Gen. Motors Corp.*, 213 AD2d 267, 268 [1st Dept 1995]). When an agent is closely involved in a company's activities, "there is no reason to distinguish between a person on

3

the corporation's payroll and a consultant hired by the corporation if each acts for the corporation and possesses the information needed by attorneys in rendering legal advice." (*In re Copper Mkt. Antitrust Litig.*, 200 FRD 213, 219 [SD NY 2001]; *see also ECDC Envtl. v N.Y. Gen. Ins. Co.*, 1998 WL 614478 [SD NY, June 4, 1998, No. 96-CV-6033 (BSJ)(HBP) [finding broker was acting as agent in privilege analysis]).

Here, Marsh was specifically hired by TransCanada and its counsel to explain the complex insurance policies at issue for TransCanada and its counsel. Although TransCanada did not follow the prescribed procedure for obtaining litigation assistance from Marsh, Marsh actually performed the work requested and TransCanada had a reasonable expectation of privacy. Consequently, TransCanada's communications to Marsh do not constitute a waiver of the privilege.

The withheld attorney-client communications entered on TransCanada's privilege log fall into three categories: (1) communications between Marsh and TransCanada's counsel; (2) communications between TransCanada and its counsel that were forwarded to Marsh, or where Marsh was copied on the original communication; (3) discussions between non-attorney employees of Marsh and/or TransCanada discussing requests and advice from counsel. Each of these categories is privileged. (*See* CPLR 4503(a) [communications between attorney and client are privileged]; *Kraus v Brandstetter*, 185 AD2d 300, 301 [2d Dept 1992] [forwarding privileged document to non-lawyer company employee does not waive privilege if there is an expectation of confidentiality]; *Delta Fin. Corp. v Morrison*, 15 Misc 3d 308, 317 [Sup Ct, Nassau County

4

2007], *citing Bank Brussels Lambert v Credit Lyonnais*, 160 FRD 437 [SD NY 1995] [conversations between employees of corporation reflecting legal advice by counsel to corporation are privileged]). Absent any waiver, TransCanada has demonstrated that these communications are privileged.

### b. Work product

Work product protections are only waived when disclosed to a third-party "when there is a likelihood that the material will be revealed to an adversary, under conditions that are inconsistent with a desire to maintain confidentiality." (*People v. Kozlowski*, 11 NY3d 223, 246 [2008]). Marsh, acting as TransCanada's agent, was expected to maintain these communications in confidence and it withheld subpoenaed documents at TransCanada's request. To the extent that the documents on the log are work product, that protection was not waived.

### c. Settlement documents

Three entries on the log are for confidential settlement documents. Pursuant to the terms of the agreement, the settlement is confidential. TransCanada does not object to their production, but states that the settling insurer, Associated Electric & Gas Insurance Services Limited (AEGIS), may object to their production.

### IV. CONCLUSION

It is thus hereby,

ORDERED, that the insurance companies' motion for the production of privileged documents is denied; it is further

ORDERED, that TransCanada produce the settlement documents within 30 days of this order unless AEGIS submits an objection to the production within 30 days of this order by letter to the court and all attorneys in this matter.

ENTER:

_____
Barbara Jaffe, JSC

DATED:   June 20, 2013
         New York, New York

6