UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 |
| | | SECTION: J |
| | | JUDGE BARBIER |
| Applies to:  No. 10-2771, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

HALLIBURTON ENERGY SERVICES, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Halliburton Energy Services, Inc. ("HESI") files this Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56, and respectfully shows the Court as follows:

I.   **Basis for Motion**

As more fully set forth in its Memorandum in Support of Motion for Partial Summary Judgment and its Statement of Undisputed Material Facts, both incorporated herein by reference, HESI and BP Exploration & Production, Inc. ("BP") entered into a contract for services on April 15, 2009 (the "BP/HESI Contract").  The BP/HESI Contract contains a mutual allocation of the risks associated with the work to be performed under the Contract, pursuant to which BP agreed that it would "save, indemnify, release, defend and hold harmless" HESI for any and all claims related to a blowout or uncontrolled well condition and for any and all claims relating to pollution and/or contamination from the reservoir.  BP further assumed the risks of loss or damage to any well or hole, and the parties agreed that they would each assume the risk of their own consequential damages, including loss of product, loss of revenue, loss of profit, and punitive damages.

As part of its settlement with the Economic and Property Damages Settlement Class ("Economic Class"), BP assigned certain claims against HESI to the Economic Class (the "Assigned Claims"). Included in the Assigned Claims are BP's direct or "first party" damage claims (the "Direct Damages Claims") for the cost to re-drill the Macondo well, lost hydrocarbons, lost profits, and punitive damages, as well as control, response, containment, and clean-up costs, all of which, under the BP Contract, are risks that BP agreed to bear. *See* Economic and Property Damages Settlement Agreement (Dkt. No. 6430), at Exh. 21, §1.1.3.

This Court has held that gross negligence will not invalidate an indemnity agreement. *See* Order and Reasons [As to Transocean and BP's Cross-Motions for Partial Summary Judgment Regarding Indemnity] (Dkt. No. 5446); Order and Reasons [As to Halliburton's and BP's Cross-Motions for Partial Summary Judgment Regarding Indemnity] (Dkt. No. 5493). Plaintiffs and BP both argue that any gross negligence on HESI's part will invalidate a waiver, so that Plaintiffs, as BP's assignees, can assert BP's Direct Damages Claims. *See* Dkt. No. 10187 at 10; Dkt. No. 10458 at 20; Dkt. No. 10469 at 648-49. Because gross negligence will not invalidate the parties' negotiated risk allocation, HESI moves for partial summary judgment as to BP's Direct Damages Claims resulting from the blowout of the Macondo well. Additionally, because control, response, containment, and clean-up costs are third-party claims and not Direct Damages Claims, BP is required to indemnify HESI for these claims regardless of any alleged gross negligence on HESI's part.

## II.     Relief Requested

HESI asks that the Court grant its Motion for Partial Summary Judgment and rule, as a matter of law, that neither BP nor the Economic Class as BP's assignee is entitled to recover for

BP's Direct Damages Claims, and that control, response, containment, and clean-up costs are not Direct Damage Claims but, rather, third-party claims for which BP must indemnify HESI.

Dated: June 28, 2013.

Respectfully submitted,
**GODWIN LEWIS PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No.  00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone:  (214) 939-4400
Facsimile:   (214) 760-7332

and

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No.  20618150
Jerry.vonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No.  24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  (713) 595-8300
Facsimile:   (713) 425-7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Halliburton Energy Services Inc.'s Motion for Partial Summary Judgment has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 28th day of June 2013.

/s/ Donald E. Godwin
Donald E. Godwin