UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER |
| Applies to:  No. 10-2771, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
HALLIBURTON ENERGY SERVICES, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOW INTO COURT**, comes Halliburton Energy Services, Inc. ("HESI") and respectfully files this Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, and respectfully shows the Court as follows:

1. On April 15, 2009, BP Exploration & Production, Inc. ("BP") contracted with HESI to perform cementing operations and provide certain other related support services in the Gulf of Mexico in a Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services, BPM-09-00255 (the "BP/HESI Contract").

2. A true and correct copy of the BP/HESI Contract is attached as Exhibit A to HESI's Memorandum in Support of Its Motion for Summary Judgment Regarding Indemnity Issues. (Dkt. No. 4767).

3. At the time of the *Deepwater Horizon* Incident, HESI was providing services to BP pursuant to the BP/HESI Contract at the Macondo well.

4. Pursuant to the BP/HESI Contract, BP agreed to "be responsible for" and "save,

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HALLIBURTON
ENERGY SERVICES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
 2190649 v3-24010/0002 PLEADINGS

1

indemnify, release, defend and hold harmless" HESI for any personal injury claims by BP employees and any claims arising out of damage to BP's equipment.  BP/HESI Contract at §19.2.  BP further agreed, subject only to certain inapplicable exceptions, to "save, indemnify, release, defend and hold harmless" HESI for any losses or claims arising out of a blowout, fire, explosion, or uncontrolled well condition, any claims or losses arising from pollution or contamination from the reservoir, and any third party claims arising out of BP's negligence or breach of duty.  BP/HESI Contract at §§19.3(b), 19.4(a), 19.6.

     5.     Pursuant to the BP/HESI Contract, HESI agreed to "be responsible for" and "save, indemnify, release, defend and hold harmless" BP for any personal injury claims by HESI employees, any claims arising out of damage to HESI's equipment, and for losses arising from pollution occurring on HESI's premises or originating from HESI's property or equipment located above the surface of the land or water.  BP/HESI Contract at §§19.1, 19.4(b).  HESI further agreed to "save, indemnify, release, defend and hold harmless" BP for third party claims arising out of HESI's negligence or breach of duty, although this agreement is subject to BP's assumption of responsibility for damages caused by blowout, fire, explosion, uncontrolled well condition, or pollution or contamination from the reservoir.  BP/HESI Contract at §§19.3(a), 19.4(a), 19.6.

     6.     Specifically, pursuant to §19.6 of the BP/HESI Contract, BP agreed:

> Subject to Clauses 19.1 [HESI employees and equipment] and 19.4(b) [pollution occurring on HESI's premises or originating from HESI's property or equipment], but notwithstanding anything contained elsewhere in the CONTRACT to the contrary, COMPANY [BP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI and its subcontractors] against all claims, losses, damages, costs (including legal costs) expenses and liabilities resulting from:
>
> (a) loss or damage to any well or hole (including the cost to re-drill);

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HALLIBURTON
ENERGY SERVICES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
 2190649 v3-24010/0002 PLEADINGS

2

(b) blowout, fire, explosion, cratering, or any uncontrolled well condition (including the costs to control a wild well and the removal of debris);

(c) damage to any reservoir, aquifer, geological formation or underground strata or the loss of oil or gas therefrom . . . .

7. Pursuant to §19.4(a) of the BP/HESI Contract, BP agreed:

> Notwithstanding the provisions of Clause 19.3(a) [third party claims caused by HESI's negligence or breach of duty] and except as provided by Clause 19.1(a) [HESI equipment], Clause 19.1(b) [HESI employees] and Clause 19.4(b) [pollution occurring on HESI's premises or originating from HESI's property or equipment], COMPANY [BP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI and its subcontractors] from and against any claim of whatsoever nature arising from pollution and/or contamination including without limitation such pollution or contamination from the reservoir or from the property or equipment of COMPANY GROUP [BP and its affiliates] arising from or related to the performance of the CONTRACT.

8. The BP/HESI Contract contains the following **"FAIR NOTICE DISCLOSURE STATEMENT"** at the very beginning of the Contract:

> BOTH PARTIES TO THIS CONTRACT ACKNOWLEDGE THAT THIS STATEMENT COMPLIES WITH ANY REQUIREMENT TO EXPRESSLY STATE LIABILITY FOR NEGLIGENCE OF THE INDEMNITEE (EXPRESS NEGLIGENCE RULE), IS CONSPICUOUS AND AFFORDS FAIR AND ADEQUATE NOTICE.

BP/HESI Contract at p. 3.

9. Section 19.10 of the BP/HESI Contract provides: "CONTRACTOR [HESI] and COMPANY [BP] expressly acknowledge that the indemnities and releases of liability contained in this CONTRACT require assumption of liability for the negligence of the other party."

10. Section 19.7 of the Contract provides:

> All exclusions, releases of liabilities and indemnities given under this Clause . . . . and Clause 21 [consequential losses] shall apply

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HALLIBURTON
ENERGY SERVICES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
2190649 v3-24010/0002 PLEADINGS

3

irrespective of cause and notwithstanding the negligence or breach of duty (whether statutory or otherwise) of the indemnified PARTY or any other entity or party and shall apply whether or not the claim, liability, damage, or expense in question is:

(a) predicated on sole, joint or concurrent fault, negligence (whether active, passive or gross), strict liability, statutory duty, contractual indemnity or otherwise at law, or

(b) sought directly or indirectly by way of recovery, indemnification, or contribution by any person or entity against COMPANY GROUP, SERVICE COMPANY GROUP, or CONTRACTOR GROUP as the case may be.

11. According to §21 of the BP/HESI Contract:

For the purposes of this Clause 21, the expression "Consequential Loss" shall mean consequential loss or damages under applicable law and/or any indirect, special, incidental, punitive, or consequential losses or damages, including without limitation loss of production, loss of product, loss of use, loss of business and business interruption and loss of revenue, profit or anticipated profit whether direct or indirect arising from or related to the performance of the CONTRACT and whether or not such losses were foreseeable at the time of entering into the CONTRACT except to the extent such consequential, indirect, and/or special damages, loss of profits, loss of production, or loss of use are part of a Third Party claim for which a party is seeking contribution or indemnification pursuant to this CONTRACT. For the purpose of this Clause, "Third Party" shall mean any party which is not a member of COMPANY GROUP or CONTRACTOR GROUP and "Third Party Claim" shall mean any claim raised by a Third Party not claiming, directly or indirectly, by or through any member of COMPANY GROUP or CONTRACTOR GROUP.

Notwithstanding any provisions to the contrary elsewhere in the CONTRACT and except to the extent of any agreed liquidated damages or any termination fees provided for in the CONTRACT, COMPANY shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP from COMPANY GROUP's own Consequential Loss and CONTRACTOR shall save, indemnify, release, defend and hold harmless COMPANY GROUP and SERVICE COMPANY GROUP from CONTRACTOR GROUP's own Consequential Loss. CONTRACTOR's obligation with respect to SERVICE

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
2190649 v3-24010/0002 PLEADINGS

4

       COMPANY GROUP shall be subject to the provisions of Clause 19.9.

12.   According to Section 19.9 of the BP/HESI Contract,

       It is the intent of the PARTIES hereto that the releases of liability and indemnities furnished by CONTRACTOR in this Clause and in Clause 21 and the releases of liability and indemnities given by SERVICE COMPANY in COMPANY contracts shall apply:

      (a)   save as provided below for the benefit of the SERVICE COMPANY GROUP in the case of the releases of liability and indemnities furnished by CONTRACTOR; and,

      (b)   for the benefit of CONTRACTOR GROUP in the case of the releases of liability and indemnities given by the SERVICE COMPANY in COMPANY contracts.

       The releases of liability, indemnities, defense, save and hold harmless provisions given by CONTRACTOR in Clauses 19 and 21 herein in favor of SERVICE COMPANY GROUP shall be provided by CONTRACTOR on the express understanding that they shall apply in favor only of such SERVICE COMPANY(IES) who have provided substantially similar reciprocal releases of liability, indemnities, defense, save and hold harmless provisions in favor of CONTRACTOR GROUP in their respective contracts with COMPANY. The releases of liability, indemnities, defense, save and hold harmless provisions provided by CONTRACTOR in Clauses 19 and 21 herein in favor of SERVICE COMPANY GROUP shall become effective from such time and for such duration as such SERVICE COMPANY(IES) become bound by substantially similar reciprocal releases of liability, indemnities, defense, save and hold harmless provisions in favor of CONTRACTOR GROUP in their respective contracts with COMPANY.

       In fulfillment of this objective, COMPANY shall use its reasonable endeavors to ensure that in its respective contracts with SERVICE COMPANY(IES), the releases of liability, indemnities, defense, save and hold harmless provisions contained in such contracts in favor of CONTRACTOR GROUP shall be substantially similar to the releases of liability, indemnities, defense, save and hold harmless provisions given by CONTRACTOR in Clauses 19 and 21 herein in favor of SERVICE COMPANY GROUP.

       In the event that COMPANY is unable to fully fulfill the foregoing

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
2190649 v3-24010/0002 PLEADINGS

5

> objective, COMPANY shall, without delay, notify CONTRACTOR in writing with details of the additional risk being assumed by CONTRACTOR, as soon as is reasonably practicable thereafter and the PARTIES further undertake to meet to discuss ways of minimizing the impact of such a notification within the overall requirements of the CONTRACT.  Failure by COMPANY to issue such written notification as required herein will constitute a material breach of the terms of the CONTRACT.
>
> In the event that COMPANY advises CONTRACTOR that one of more SERVICE COMPANY(IES) have declined to provide substantially similar releases of liability, indemnities, defense, save and hold harmless provisions in favor of CONTRACTOR GROUP in their respective contracts with COMPANY, the PARTIES shall meet to discuss and agree ways of minimizing the impact of such additional risks as may be identified by either PARTY which may include:   alternative working practices or arrangements to minimize the impact of such risks; a separate mutual hold harmless agreement applicable at the WORKSITE or additional compensation to enable CONTRACTOR to insure against such additional risks.
>
> Notwithstanding the foregoing, the failure of one of more SERVICE COMPANY(IES) to provide substantially similar releases of liability, indemnities, defense, save and hold harmless provisions in favor of CONTRACTOR GROUP in its respective contracts with COMPANY as envisaged herein shall cause such SERVICE COMPANY(IES) to be considered a Third Party for the purpose of Clause 19.3 herein.

13. The oil released in association with the *Deepwater Horizon* Incident was released below the surface of the water from the reservoir into which the Macondo well was being drilled.

14. No pollution relating to the *Deepwater Horizon* Incident occurred on HESI's premises.

15. No pollution relating to the *Deepwater Horizon* Incident originated from HESI equipment located above the surface of the land or water.

Dated:  June 28, 2013

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HALLIBURTON
ENERGY SERVICES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
 2190649 v3-24010/0002 PLEADINGS

6

Respectfully submitted,
**GODWIN LEWIS PC**

**By:**   /s/  *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No.  00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone:  (214) 939-4400
Facsimile:   (214) 760-7332

and

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No.  20618150
Jerry.vonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No.  24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  (713) 595-8300
Facsimile:   (713) 425-7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HALLIBURTON
ENERGY SERVICES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
 2190649 v3-24010/0002 PLEADINGS

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Statement of Undisputed Material Facts in Support of Halliburton Energy Services Inc.'s Motion for Partial Summary Judgment has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 28th day of June 2013.

                                               /s/ Donald E. Godwin
                                               Donald E. Godwin

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HALLIBURTON
ENERGY SERVICES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
2190649 v3-24010/0002 PLEADINGS

8