

**U.S. Department of Justice**
Environment and Natural Resource Division

---

*P.O. Box 7611*
*Washington, DC 20044*
*202-616-6537*
*Aristide.Chakeres@usdoj.gov*

June 25, 2013

**BY ELECTRONIC MAIL**
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

      Re:    MDL 2179 — Order Regarding Motion to Strike (Docket No. 10477) –
              Request for Partial Reconsideration

Dear Judge Shushan:

      The United States writes to request partial reconsideration of the Court's Order
Regarding BP and Anadarko's Motion to Strike Rebuttal Experts (Docket No. 10477).[1]  We are
not attempting to re-argue positions that were already briefed and ruled on.  However, one aspect
of the Court's ruling appears to be based on a mistaken premise or inadvertent oversight, and
thus the United States requests reconsideration on that issue.

      The Court struck a passage on page 28 of Dr. Pooladi-Darvish's rebuttal report on the
grounds that the opinions contained therein did not appear in Dr. Pooladi-Darvish's original
report and were not responsive to anything in the Zimmerman report.  However, these opinions
were not offered as rebuttal to Dr. Zimmerman – they were offered as rebuttal to Dr. Blunt.
Indeed, Dr. Pooladi-Darvish points out that his base case compressibility values do not differ
appreciably from those offered by Dr. Zimmerman, so Dr. Pooladi-Darvish does not need to
rebut Dr. Zimmerman.

      Instead, Dr. Pooladi-Darvish's compressibility discussion is contained in a portion of the
expert report titled "Key Weaknesses in the works of Defendants' experts – Dr. Blunt –
Compressibility."  (See the Table of Contents for Dr. Pooladi-Darvish's Rebuttal Report).  His
opinions are offered to critique Dr. Blunt's decision to assign a narrow uncertainty band for his
compressibility range.   The relevant takeaway from this passage in his report is summarized by
Dr. Pooladi-Darvish as follows: "Thus, I do not believe that Dr. Blunt can claim with confidence

---

[1] The United States continues to evaluate the Order and reserves the right to move for
reconsideration of or appeal other aspects of the Order not addressed in this letter.

that the range of compressibility is small, nor would such a claim alter my best estimate of cumulative oil released." (Pooladi-Darvish Rebuttal Report at 28). **BP did not request, and the Court did not order, this conclusion to be stricken from Dr. Pooladi-Darvish's report**. That is because this was an acceptable rebuttal opinion. The passage that *was* ordered to be stricken was nothing more than the predicate analysis for this conclusion.

As stated in our June 17, 2013 submission (Docket No. 10446 at 5-6), Dr. Blunt's only method of estimating the cumulative discharge is the "material balance" method. This methodology is extremely sensitive to compressibility as an input. Dr. Blunt's relatively narrow range of results (approximately 2.9 to 3.7 million barrels discharged) is premised upon the pore volume compressibility falling within a relatively narrow range of 4.3 to 8.6 microsips. Dr. Blunt relies principally on the Weatherford sidewall core data in offering this opinion. If the compressibility were 12 microsips, Dr. Blunt's cumulative discharge estimate would be over 4 million barrels. It is Dr. Blunt's failure to acknowledge the real uncertainty range surrounding his input parameters that Dr. Pooladi-Darvish is rebutting in this portion of his report.

The United States submits that the stricken passage on Page 28 of the Pooladi-Darvish rebuttal report is proper rebuttal of Dr. Blunt, and thus requests partial reconsideration of the Court's ruling on these grounds.

Respectfully submitted,

/s/ *A. Nathaniel Chakeres*


cc:      Liaison & Coordinating Counsel

2