UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | SECTION J |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE BARBIER |
| | * | |
| IN RE: 10-8888 SHORT FORM JOINDERS | * | MAG. JUDGE SHUSHAN |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDER FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE**

Now comes Deltide Fishing & Rental Tools ("Claimant"), through undersigned counsel, who files this Memorandum in Support of the accompanying Motion for Acceptance of Limitation Short Form Joinder Filed Beyond the September 16, 2011 Deadline. Claimant also expressly adopts and incorporates herein as if copied *in extenso* R. Doc. 10488-1, the Reply Brief Filed by PSC in Support of Motions to Accept Late-Filed Short-Form Joinders and Other Claims-In-Limitation.

As stated herein, Claimant hereby requests that this Honorable Court accept its late-filed short form, Document Number 135159, in the limitation proceeding for the following reasons:

1.  Claimant was unaware of the Court-established deadline and had not yet fully realized its damages, and therefore did not timely file in the Transocean limitation proceeding. Accordingly, Claimant contacted litigation counsel herein after the Court-established deadline, seeking assistance in filing its suit for damages incurred as a result of the Deepwater Horizon explosion and resulting oil spill. More specifically, undersigned counsel was not engaged until April 4, 2013.

2. No prejudice will result from the acceptance of Claimant's late submittal. Such submittals have been filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS. No action has been taken in the limitation proceeding that could cause prejudice to any other party to the proceeding. This litigation arises from an extraordinary maritime disaster, unprecedented in both scope and duration, which unfolded and expanded over a period of many months. The Phase One of the Limitation & Liability Trial only recently concluded, and there has been no disposition of contested matters of fact or law in connection therewith as no judgment has been rendered. Claimant's individual claims would not in any way affect the scope of the record or findings associated with the common Phase One Limitation and Liability issues. Moreover, Phase Two of the Trial has yet to commence.

3. No delay of trial phases or trial findings would result from the allowance of Claimant's Short Form Joinder. Unlike situations in which an enlargement of the monitions period would delay a trial for which all others had prepared, Claimant's Short Form Joinder would not disrupt the current trial schedule in any respect. Notably, other courts have allowed filings up to the date the trial began[1] and even beyond[2] where, as here, there would be no prejudice from doing so.

4. The timeliness of Claimant's Short Form Joinder, Document Number 135159, is an individualized question, and permitting Claimant an opportunity to demonstrate timeliness comports with the Federal Rules' liberal policy regarding joinder. Claimant's economic damages have occurred over an extremely lengthy period of time, causing the timeliness of its claim to be a fact-intensive, individualized analysis. For instance, as indicated *supra*, Claimant herein was unaware of the Court-established deadline and had not intended to file suit because it

---

[1] *See The O'Boyle No. 1*, 64 F. Supp. 3d (S.D.N.Y. 1945).
[2] *See Petition of Vermillion Towing Corp.*, 227 F.Supp. 933 (E.D. Va. 1964).

2

had been in ongoing settlement discussions with BP, and therefore did not timely file in the Transocean limitation proceeding. Subsequently, Claimant submitted its claim for damages directly to BP, the Responsible Party, in January 2013 and engaged in settlement discussions with BP, fully anticipating that its claim would be resolved without the necessity of filing suit. When that expectation proved false, Claimant quickly engaged litigation counsel herein on April 4, 2013. These facts, along with numerous others, therefore support the timeliness of Claimant's filing. Because the timeliness of Claimant's Short Form Joinder is an individualized question, and should Defendants assert a prescription or statute of limitations bar to the filing of the Short Form Joinder, Claimant should have the further opportunity to be heard and demonstrate the timeliness thereof. Such an opportunity would comport with the Federal Rules' liberal policy regarding joinders and would be fair to all parties.

5. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by defendants in the limitation proceeding, the acceptance of late-filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulphur Co. v. Blue Stock Towing Co.*, 313 F.3d 359,362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims,"); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (*citing Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349,351 (5th Cir. 1993)). Here, there are no indications that any limitation defendant would be adversely affected or suffer any prejudice if this late-filed claim is deemed timely. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, Claimant, Deltide Fishing & Rental Tools, respectfully requests that the Court accept its late-filed short form, Document Number 135159, and grant the

accompanying Motion for Acceptance of Limitation Short Form Joinder Beyond the September 16, 2011, Deadline.

Respectfully submitted

/s/ Lynn E. Swanson
GLADSTONE N. JONES, III (# 22221)
LYNN E. SWANSON (#22650)
H.S. BARTLETT III (# 26795)
EMMA ELIZABETH ANTIN DASCHBACH (#27358)
CATHERINE E. LASKY (#28652)
Jones, Swanson, Huddell & Garrison, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2013, I filed the foregoing pleading via Lexis/Nexis File & Serve and through this Court's CM/ECF Filing System with the Clerk of Court of the United States District Courthouse for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, thereby effecting service on all counsel of record.

/s/ Lynn E. Swanson
LYNN E. SWANSON