**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| This Document Relates to: | SECTION: J |
| 2:10-cv-08888-CJB-SS | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE**

NOW INTO COURT, through undersigned counsel, comes SCOPE LOGISTICAL SPECIALIST, INC., (hereinafter "Claimant") who files this Memorandum in Support of the accompanying Motion for Acceptance of its Short Form Joinder Filed Beyond the September 16, 2011 Deadline.  Claimant respectfully requests this Honorable Court to accept Claimant's late-filed claim in the limitation proceeding for the following reasons.

A.  Facts and Procedural Background.

Claimant is a logistical support service business located in Morgan City, Louisiana. In December 2012, Claimant sought the assistance of counsel to pursue a claim with the Deepwater Horizon Settlement Agreement (hereinafter "Settlement Agreement"). After a thorough review of Claimant's financial records, counsel prepared and submitted a business economic loss claim on behalf of claimant on March 5, 2013 for the losses it suffered as a result of the Deepwater

Horizon Oil Spill (hereinafter "Oil Spill").[1] Other than an Employment Identification Notice ("EIN") received on March 15, 2013, Claimant did not receive any additional notice from the Settlement Program, nor did Claimant have any communication with Settlement Program until May 31, 2013.[2] On this date, Claimant received a "Preliminary Notice Regarding Moratoria Loss Review." In pertinent part, the notice stated the following:

> "The Claims Administrator determined that [Claimant's] economic loss claim arises out of a business within the Support Services to Oil & Gas Industry, and therefore, requires Moratoria Loss Analysis to exclude Moratoria Losses, if any, from compensable non-Moratoria losses."

B.  The Preliminary Notice for Moratoria Review Prejudices Claimant.

The May 31, 2013 Notice casts Claimant into an alternative review for possible moratorium losses.[3] Such a review prejudices Claimant's interests. The Notice has the potential to force Claimant into pursuing unwanted litigation and/or risk losing some and/or all of its due and just compensation for the losses it suffered as a result of the Deepwater Horizon Oil Spill. The length in time it took the Claims Administrator to issue this Notice has placed the Claimant at a disadvantage in the recovery of any losses that the Claims Administrator may deem to result from the moratorium. Most importantly, the Notice defies the intended purpose of the Deepwater Horizon Settlement Agreement, to reach Settlement.[4]

The Claimant wanted to avoid the adversarial nature of litigation, eliminate the high costs associated with such litigation, and obtain an expeditious and equitable resolution to remedy

---

[1] Using the compensation methodology set forth in the Deepwater Horizon Economic Settlement Agreement, Bourgeois Bennett prepared an economic analysis of Claimant's losses resulting from the Deepwater Horizon Oil Spill.

[2] The EIN Notice was promptly responded to and resolved on March 15, 2013.

[3] Claimant disputes the Notice and denies the allegation that any portion of its losses resulted from the Moratorium.

[4] The first paragraph of the Settlement Agreement states in pertinent part:

> "The purpose of this Agreement is to settle all and only the Released Claims of the Economic Class, Plaintiffs, and Economic Class Members against all and only the Released Parties."

Claimant for the losses it sustained as a result of the Oil Spill. Likewise, the Court has an interest in parties reaching compromise and settlement. Recasting the Claimant into Moratorium Review prevents the Claimant and the Court from achieving this purpose.

      C.  <u>Law and Argument.</u>

While Claimant adamantly denies that any portion of its losses resulted from the Moratorium, Claimant must protect its interests in light of being placed in this alternative review. Accordingly, Claimant seeks the permission of this Honorable Court to accept its late-filed short form joinder to protect any losses the Claims Administrator attributes to the Moratorium.

No prejudice to the defendants will result from such filings, nor will they be surprised or inconvenienced.  This matter arises from an extraordinary maritime disaster, unprecedented in scope and duration:  it unfolded and expanded over a period of many months.  The Phase I trial, conducted to address the April 2010 fire, explosion, and sinking itself, has recently concluded. There has been no disposition of contested matters of fact or law in connection therewith:  no judgment has been entered.  Moreover, Phase II, addressing the spread of the spill over the Summer and Fall of 2010, has yet to commence.

Unlike situations in which an enlargement of the monitions period would delay a trial for which all others had prepared, and would thus create potential prejudices to claimants who had timely filed, as was the case in *American Commercial Liner, Inc. v. U.S.*, 746 F.2d 1351 (8th Cir. 1984), no delay of trial phases or trial findings would result from the allowance of short-form joinders herein.  Other courts have allowed very late filings not only up to the date trial began, *see The O'Boyle No. 1*, 64 F. Supp. 3d (S.D.N.Y. 1945), but even after the liability trial was complete, *see Petition of Vermillion Towing Corp.*, 227 F. Supp. 933 (E.D. Va. 1964), where, as here, there would be no prejudice from so doing.

The underlying timeliness of this claim is an issue. Claimant was not aware of the economic injury it suffered as a result of the oil spill until Claimant sought Counsel's assistance in late 2012.  The economic injury involved herein is an individualized question, and, should Defendants assert a prescription or statute of limitations bar to the filing of short-form joinders, claimant should have an opportunity to be heard and to demonstrate timeliness.  Such an opportunity would comport with the Federal Rules' liberal policy regarding joinders in general; would be fair to all parties; and would be manageable if conducted with reasonable dispatch, under a uniform briefing schedule, with hearings to be set at the Court's convenience.[5]

Claimant was hopeful of a clear recovery of its economic losses within the Settlement Program. The submission of this short-form joinder and acceptance by the Court is necessary to preserve Claimant's rights should the Claims Administrator determine that a portion of Claimant's losses resulted from the Moratorium.[6] Claimant should not be penalized for the review time and decisions of the Claims Administrator.[7] Because this Honorable Court has yet to render judgment, Claimant's Motion should be granted.

For these reasons, Movant / Claimant, Scope Logistical Specialist, Inc., respectfully requests that this Honorable Court grant its Motion for Acceptance of Short Form Joinder Filed Beyond the September 16, 2011 Deadline, and accept its late-filed short form accordingly. [8]

---

[5] Claimant maintains its position that Presentment and all additional requirements of 33 U.S.C. § 2713 have been satisfied in accordance with Section 7.3.2 of the Deepwater Horizon Settlement Agreement regardless of the outcome of the instant motion.

[6] Claimant denies that any portion of his losses is attributable to the Moratorium.

[7] From the time Claimant's Business Economic Loss Claim was submitted on March 5, 2013, it took the Claims Administrator almost two (2) months to issue this Notice.

[8] Claimant maintains its position that Presentment and all additional requirements of 33 U.S.C. § 2713 *et seq*. have been satisfied in accordance with Section 7.3.2 of the Deepwater Horizon Settlement Agreement regardless of the outcome of the instant motion.

Respectfully submitted,


WILLIAMS LAW GROUP LLC


*/s/ Conrad S.P. Williams, III*
Conrad S.P. Williams, III (#14499)
Meredith R. Durham (#33112)
J. Christopher Zainey, Jr. (#32022)
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Telephone: (504) 200-0000
Facsimile: (504) 200-0001
Duke@Williamslawgroup.org
Meredith@Williamslawgroup.org
Chris@Williamslawgroup.org

Attorneys for Movant/Claimant,
Scope Logistical Specialist, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2013, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Eastern District of Louisiana via the CM/ECF System, and provided notice by and through LexisNexis to all counsel of record.


*/s/ Conrad S.P. Williams, III*