UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | \* | **MDL 2179** |
|     **"Deepwater Horizon" in the** | \* | |
|     **Gulf of Mexico, on April 20, 2010** | \* | |
| | \* | **SECTION J** |
| | \* | |
| **This Document Applies to:** | \* | |
| | \* | **JUDGE BARBIER** |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | \* | |
| *al. v. BP Exploration & Production Inc., et* | \* | |
| *al.* | \* | **MAG. JUDGE SHUSHAN** |

**ORDER**

On June 25, 2013, the Court advised counsel for BP and the Plaintiffs' Steering Committee ("PSC") of its intent to appoint Louis Freeh of the Freeh Group International Solutions, LLC, as a Special Master in this proceeding under Federal Rule of Civil Procedure 53. No one objected to this appointment. By this Order, the Court formally appoints Mr. Freeh and the Freeh Group as Special Master. This appointment is made pursuant to Rule 53 and the inherent authority of the Court. The Court sets forth below the circumstances giving rise to the appointment, and the duties and terms of the Special Master's appointment.

**I. BACKGROUND**

*In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* 10-MD-2179 ("MDL-2179"), was assigned to this Court on August 10, 2010. In 2012, counsel for BP and the PSC reached an agreement to settle claims brought by non-governmental private claimants for economic damages arising from the Deepwater Horizon oil spill. The settlement agreement was given final approval by the Court. In accordance with the settlement agreement, the Court established the Deepwater Horizon Court Supervised Settlement Program

("CSSP"), which began operation on June 4, 2012.

Certain recent events have arisen that led to the resignation of a staff attorney at the CSSP. An internal investigation by the CSSP is underway. However, the Court has concluded that in order to ensure the integrity of the program for the benefit of the parties and the public, an independent, external investigation of this matter should be performed. This type of investigation cannot be effectively and timely addressed by an available district judge or magistrate judge of this district. Accordingly, the Court has decided to appoint Mr. Freeh as Special Master for this purpose. Mr. Freeh's resume and a brief description of the services provided by the Freeh Group are attached to this Order. Mr. Freeh has extensive experience which qualifies him for this appointment, including prior service as an FBI Special Agent, Assistant United States Attorney for the Southern District of New York, United States District Judge for the Southern District of New York, and Director of the FBI. His current firm, the Freeh Group, has extensive experience and expertise in conducting a wide range of both internal and external investigations and fact finding.

The duties of this appointment will not involve traditional special master roles involving mediation, discovery, fact finding, or substantive law. This appointment is limited to: a) performing the aforementioned independent external investigation; b) fact finding as to any other possible ethical violations or other misconduct within the CSSP; and c) examining and evaluating the internal compliance program and anti-corruption controls within the CSSP, and making any necessary recommendations to design and to implement additional such controls, policies, procedures, and practices to ensure the integrity of the CSSP.

**II.    COMMUNICATIONS WITH THE PARTIES AND THE COURT**

In accordance with Rule 53(b)(2)(B), the Court sets forth the circumstances in which the

Special Master may communicate *ex parte* with the court or a party as follows: The Special Master is instructed to perform his duties independently of BP, the PSC, and the CSSP. However, the Special Master is authorized to communicate *ex parte* with the Court and the parties, without notice, as he deems necessary and appropriate for the performance of his duties.

### III.   SPECIAL MASTER'S RECORDS

The Special Master shall maintain normal billing records of time spent on this matter with reasonably detailed descriptions of his activities. If the Court asks the Special Master to submit a formal report, the Special Master shall submit such report in writing for electronic filing on the case docket.

### IV.   COMPENSATION

The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue. Fees and expenses for the Special Master shall be submitted monthly to the Court for approval and shall be paid as costs of administration for the CSSP.

Signed in New Orleans, Louisiana, this 2nd day of July, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE



# Louis J. Freeh

Louis J. Freeh is Chairman of Freeh Group International Solutions, LLC and partner and chair of the Executive Committee of Pepper Hamilton LLP.

In 2007, Mr. Freeh founded Freeh Sporkin & Sullivan, LLP, a Washington, D.C. law firm, and the consulting firm Freeh Group International Solutions, LLC.

He graduated Phi Beta Kappa from Rutgers College in 1971, Rutgers School of Law in 1974 and New York University School of Law in 1984 (L.L.M). Mr. Freeh joined the Federal Bureau of Investigation (FBI) as a Special Agent in 1975, and was assigned to the New York City Field Division, and later at FBI Headquarters in Washington, D.C. Mr. Freeh served as a First Lieutenant in the United States Army Judge Advocate General Corps.



Freeh@Freehgroup.com
Office: 302.824.7139

In 1981, Mr. Freeh joined the United States Attorney's Office for the Southern District of New York as an Assistant United States Attorney, later serving as Associate and Deputy United States Attorney. In 1991, Mr. Freeh was appointed by President George H.W. Bush as a United States District Court Judge for the Southern District of New York.

In 1993, President William J. Clinton appointed Judge Freeh as the Fifth Director of the Federal Bureau of Investigation. In 2001, Mr. Freeh joined MBNA America Bank in Delaware as vice-chairman and general counsel.

Mr. Freeh is an advisor to Millennium Partners, L.P. and also a board member of the US Naval Academy Foundation and the Max Planck Florida Institute. From 2006 to 2013 Mr. Freeh was a member of the Bristol-Myers Squibb Company Board of Directors, where he chaired the Governance Committee.

Mr. Freeh and his wife, Marilyn, have six sons.



# FGIS BACKGROUND AND CORE SERVICES

## *Firm Background*

Freeh Group International Solutions, LLC ("FGIS") is a global risk management firm serving in the areas of business integrity and compliance, safety and security, and investigations and due diligence. FGIS was founded by Louis J. Freeh, former Director of the Federal Bureau of Investigation (FBI) and former federal judge for the United States District Court, Southern District of New York. In addition to Judge Freeh, the management team of FGIS includes former senior federal and state prosecutors, law enforcement officials, heads of corporate investigations and compliance, and general counsels.

FGIS serves a diverse range of organizations in a cross section of industries, working to reduce risks in today's increasingly dangerous and complicated global marketplace. The FGIS approach is to assemble the best team of experts based on the needs and industry of the client. Each team is managed by an FGIS Principal or Managing Director, who oversee every project, ensuring all clients receive the highest level of guidance and counsel. With access to a network of former domestic and international law enforcement and intelligence officials across the globe, as well as international subject matter experts, FGIS can quickly assess a situation and deliver solutions virtually anywhere in the world.

The FGIS team brings to each engagement superior service, decades of experience and a dedication to excellence. FGIS team members exhibit an uncompromising commitment to integrity through ethical behavior in all matters while providing independent counsel and guidance based on the assessment of facts without prejudice or external influence. Depending on the engagement, FGIS's teams are staffed by former prosecutors, investigators, forensic accountants, industry experts, computer forensic technicians, researchers and analysts.

FGIS provides numerous services, including but not limited to, financial and investigative due diligence, regulatory compliance assessments and audits, internal and external corporate investigations, investigative fact-finding, litigation support, background screening, ethics monitoring, competitive intelligence, computer forensics, and forensic accounting.



## *Regulatory/Compliance Services*

FGIS provides a wide range of regulatory and internal ethics compliance work on behalf of domestic and international institutions and companies. These services can be performed anywhere in the world and are staffed by a core group of fulltime compliance experts who are experienced in understanding the international regulatory landscape and enforcement practices, including Anti-Money Laundering requirements, as well as the investigative focuses and trends of the Department of Justice, the SEC, FINRA, FRB, OCC, BSA, and the United Kingdom's Serious Fraud Office. The group is made up of former federal and state prosecutors, federal law enforcement agents, corporate counsel, and compliance auditors with unmatched integrity for crafting and performing compliance fact finding, developing solutions, and implementing them consistent with company and regulatory expectations.

FGIS can provide, among other services, the following:
- Assess the adequacy and effectiveness of a company's internal compliance and ethics policies, protocols, internal controls, audit programs, compliance structure and reporting standards, and ongoing initiatives.
- Assess the adequacy and effectiveness of a company's external compliance and ethics policies applicable to third-parties (e.g., government officials, brokers, agents, consultants, vendors, and joint venture partners).
- Write new, or benchmark and supplement existing, policies, protocols, controls and initiatives to bring a company in-line with industry best-practices and regulatory expectations and mandates in order to enable the company to maximize its ability to make use of FCPA mitigation and UK Anti-Bribery affirmative defenses.
- Review and audit compliance with internal and external (e.g., third-party) ethics and regulatory compliance requirements.
- Create and provide compliance training programs.
- Monitor compliance on an ongoing basis.
- Conduct internal and/or external investigation into allegations of regulatory and/or ethics breaches.
- Serve as the independent ethics monitor or officer for a company that is being scrutinized by regulators or law enforcement, or as part of a court-approved judgment or settlement agreement.



## *Independent Monitoring*

In conjunction with our other services or as a stand-alone offering, FGIS acts as a government or court appointed, or self-imposed, independent monitor, ethics officer, or private sector Inspector General to organizations with federal and/or state ethics, regulatory, or compliance issues. Our independent monitoring can be provided anywhere in the world and has included such ethical and regulatory issues as Foreign Corrupt Practices Act violations, and private corruption issues similar to the activities prohibited under the United Kingdom's Anti-Bribery Act. We staff our monitoring engagements with former federal and state prosecutors, federal law enforcement agents, corporate counsel, and compliance auditors with unmatched integrity for providing independent ethics oversight and monitoring consistent with government and industry standards. Our services include, but are not limited to:

- Ongoing independent inspections, investigations, audits, and/or oversight and verification of existing governance, ethics, procurement, due diligence, compliance and anti-corruption programs.
- Periodic independent assessments and ongoing oversight of a new or modified governance, ethics, procurement, due diligence, compliance and anti-corruption programs.
- Acting as an independent internal ethics and regulatory advisor.
- Ongoing independent oversight of the investigation and reporting of misconduct or ethical violations.

## *Investigative Due Diligence*

FGIS conducts discreet due diligence investigations into the backgrounds of domestic and/or international companies and individuals. These background investigations can be performed anywhere in the world and are staffed by a core group of fulltime investigators, research analysts, and industry experts who are intimately familiar with the country, region, and/or local area where the background investigation will be conducted. They have the ability to discreetly obtain public information on an individual and/or corporation, and to reach confidential resources and contacts within the domestic and international law enforcement, intelligence, and business communities.



### *Internal and External Investigations/Fact Finding*

FGIS provides a wide range of investigatory and fact finding services. These services can include, but are not limited to:

- Internal and/or external fraud investigations.
- Internal and/or external investigations into breaches of a client's internal policies.
- Internal and/or external investigations into violations of domestic and/or international law (e.g., FCPA and/or UK Anti-Bribery Act violations).
- Competitive intelligence.
- Asset searches.

Our services have been and can be performed anywhere in the world, and are staffed with a core group of fulltime experts who have unmatched experience in conducting complex investigations and, because of their backgrounds, have a unique understanding of numerous industries, domestic and international law, domestic and international regulatory practices and trends, as well as civil and criminal practices and requirements. The group is made up of former federal and state prosecutors, federal law enforcement and intelligence officers, forensic accountants, computer forensic technicians, and investigative analysts.

### *Security Services*

FGIS provides a wide range of security services to domestic and international clients. These services include, but are not limited to:

- Executive protection abroad.
- Advance security and safety logistics.
- Site safety and security reviews (e.g., threat assessments, perimeter and access control, guard force reviews, the review of internal electronic monitoring and reporting protocol and systems, internal security policies assessments, training, testing, and monitoring).

Our services have been and can be performed anywhere in the world with a staff of fulltime security experts who have unmatched experience in conducting the tasks detailed above. The group is made up of former federal and international law enforcement and intelligence officers, security experts, and technicians.

AFFIFAVIT OF LOUIS J. FREEH
TENDERED PURSUANT TO FED. R. CIV. P. 53

State of Louisiana
Parish of Orleans

Louis J. Freeh, being duly sworn, deposes and states:

1. I make this Affidavit in connection with the matter captioned "Oil Spill by the Oil Rig 'Deepwater Horizon'" (MDL-2179) ("the Case").

2. I am the Chairman of Freeh Group International Solutions, LLC ("FGIS"), a consulting company. I am also the Chairman of the Executive Committee of Pepper Hamilton LLP ("Pepper"), a law firm. FGIS is an independently managed, but wholly owned subsidiary of Pepper.

3. At my request, a review of FGIS's records was conducted for the purpose of determining whether FGIS has any conflicts related to the parties and counsel in the Case. That review revealed the following:

    a. FGIS is working with attorneys in the New York City office of Kirkland & Ellis, LLP, on behalf of a client on matters which are wholly unrelated to the Case; and,

    b. A prospective search was run in June, 2013 in order to work on behalf of Stone Pigman and one of its clients in connection with a matter wholly unrelated to the Case. That search has not yet produced an engagement.

4. At my request, a review of Pepper's records was conducted for the purpose of determining whether Pepper has any conflicts related to the parties and counsel in the Case. For each of the corporate entities, we treated any entity that appeared to be affiliated or related to the general company as if it were the party itself. Pepper does not appear to be, or to have been, involved in the Case. However, the conflicts review did reveal the following about the parties and counsel, to the extent that opposing counsel are identified in the Pepper conflicts system:

    a. Pepper represents clients that are adverse to Anadarko in 4 engagements;

    b. Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. is listed as an adverse party in litigation against a Pepper client. Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. may, however, represent a litigant and was inadvertently listed in the conflicts system as a party;

1

c. Bingham McCutchen LLP is listed as an adverse party in one bankruptcy matter and potentially adverse in another;

d. Pepper is adverse to BP/British Petroleum in six matters, including three bankruptcy matters (including the MF Global case, in which I served as Chapter 11 Trustee until discharged by the United States Bankruptcy Court after confirmation of the Plan, and in which BP was a potentially adverse party), two corporate securities matters, and one counseling engagement. BP is a potential contract opponent in connection with Pepper's representation of another client, for whom Pepper provides counseling. BP is a co-defendant of a Pepper client in connection with three engagements, including litigation and counseling matters. There is one pending prospective search involving BP, involving a part-time Pepper attorney who has been proposed as a member of a team seeking to serve as the monitor in connection with BP's criminal plea. If this team is selected, it is anticipated that the Pepper attorney's role would involve ethics and compliance assessment, training and review;

e. Pepper represents Cameron International, Inc. in two open matters. Pepper is potentially adverse to Cameron in one bankruptcy matter and Cameron is the creditor of the debtor in another bankruptcy matter;

f. Davis Polk & Wardwell LLP is opposing counsel in litigation against a Pepper client;

g. Pepper is adverse to Halliburton in one bankruptcy matter and potentially adverse in another;

h. Pepper represents a Hyundai affiliate in two matters. Pepper is adverse to Hyundai in another matter;

i. Kirkland & Ellis LLP is co-counsel of a Pepper client in one engagement. Kirkland & Ellis LLP is the referring firm in several open matters. Kirkland & Ellis LLP also regularly asks Pepper to prepare Pennsylvania mortgage enforceability opinion letters for its clients in financing transactions, and many of the referral engagements are the result of this relationship. There was one prospective search for Kirkland & Ellis LLP in May 2013 in which Kirkland & Ellis LLP was run as an adverse party;

j. Latham & Watkins LLP is listed as an adverse party in one bankruptcy matter and potentially adverse in another;

k. Morgan Lewis is potentially adverse to Pepper clients in two bankruptcy matters. Morgan Lewis is opposing counsel in two matters. Morgan Lewis is the referring firm in two matters in which Pepper Hamilton was engaged;

2

l. Pepper represents clients who are adverse to Nalco Company in two matters, including one bankruptcy matter in which Pepper's client is potentially adverse;

m. O'Brien's Response Mgmt, Inc. is an adverse party in one bankruptcy matter;

n. Seacor Holdings, Inc. is a potentially adverse party in one bankruptcy matter;

o. Pepper represents Triton Asset Leasing in connection with a transaction. Triton is also a referring party in another matter and a co-client in a different open matter;

p. Pepper represents clients who are adverse to Weatherford in one bankruptcy and potentially adverse in another;

q. Weil Gotshal & Manges LLP is a potentially adverse party in one bankruptcy matter; and,

r. Weitz & Luxenberg, P.C. is listed as an adverse party in litigation involving a Pepper client. Weitz & Luxenberg, P.C. may, however, represent a litigant and was inadvertently listed in the conflicts system as a party.

5. One of my prior law partners was the Honorable Stanley Sporkin. Judge Sporkin was one of the founders, along with me and the Honorable Eugene Sullivan, in the law firm Freeh, Sporkin & Sullivan, LLP ("FSS"), whose attorneys joined Pepper on September 1, 2012. Judge Sporkin retired from FSS in October, 2008, but the firm kept his name. I am aware that Judge Sporkin has served as an Ombudsman for BP America, Inc. FSS, FGIS, and Pepper have not assisted Judge Sporkin with his services as an Ombudsman to BP America, Inc. Accordingly, FSS, FGIS, and Pepper have received no remuneration from BP America, Inc. I have not discussed with Judge Sporkin either his role on behalf of BP America, Inc. or my proposed role as a Special Master.

6. As a result of my knowledge of this case, I can attest and affirm that there are no grounds for disqualification under Title 28, United States Code, Section 455 that would prevent me from serving as a Special Master in this matter.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Louis J. Freeh

Dated:      July 2, 2013

Sworn to and subscribed before me this 2nd day of July, 2013, in the Parish of Orleans, State of Louisiana.

_____
Notary Public

Benjamin S. Allums
Printed Name

Notary or Bar Roll Number: 31012

Commission expires: upon death

BENJAMIN S. ALLUMS
NOTARY PUBLIC
PARISH OF ORLEANS, STATE OF LA.
MY COMMISSION IS ISSUED FOR LIFE.
BAR ROLL NO. 31012

4