UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Regarding Working Group Conference on Friday, June 28, 2013]

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

**NON-PHASE TWO MATTERS**

1. **Michoud lease**.

BP reported that it saw no need for the BOP to remain at Michoud past September 30, 2013, the end of the fiscal year. BP will work with Captain Englebert and NASA on a proposed order to require that some items, for example those stored in the freezers, to remain after September 30 and renew the lease for the storage of such items. If items are no longer required, BP will request an order providing that they can be removed from Michoud.

Captain Englebert requested that the riser be moved off site at the same time as the BOP and LMRP are removed. An inventory of the evidence at Michoud was included in Captain Englebert's report of July 2, 2013.

2. **Capping stack.**

Transocean's request for release of the capping stack with BP's ownership claim preserved was granted. Rec. doc. 10547. Captain Englebert was asked to prepare for the removal of the capping stack when the BOP and riser are removed.

3. **EHANS software.**

BP will confer with Captain Englebert on the return of the laptop containing the EHANS software. The motion of the U.S. to exclude expert testimony was dismissed as moot. Rec. doc. 10678.

4. **NOAA information.**

The U.S. is working with BP on a draft order.

5. **Communications between the U.S. and the States.**

The U.S. reported on the status of the proposed order relating to communications between the U.S. and all of the States.

6. **HHS data loss.**

On June 19, the U.S. reported a data loss at HHS. Neither the Court nor the U.S. received any comments on this issue.

The U.S. reported that certain documents had been shredded, but since they were duplicates, under PTO 22 that was permissible. The U.S. inadvertently invoiced BP for the shredding of the documents. Both issues were resolved with BP.

## PHASE TWO PREPARATION

1. **Deposition designations.**

The U.S. reported progress on the deposition designations.

2. **Exhibit list descriptions**.

The PSC reported on the procedure for descriptions of the exhibits on the marshaling list. BP confirmed that descriptions will be used on the marshaling list and the individual parties are not obligated to change descriptions on the exhibit lists that are being filed.

3. **Exhibit list deadline**.

The U.S. asked for clarification that the deadline for exchanging lists of reliance exhibits, including documents identified as consideration materials, was extended to August 9, the deadline for adding exhibits to the exhibit list. BP asked for an opportunity to consider the request.

4. **Crime-fraud.**

BP proposed the following schedule for production: (1) Morgheim - July 16; (2) Lynch - July 30; and (3) Harkavy - July 30. The Court accepted BP's schedule subject to the requirement that BP produce the documents on a rolling basis.

5. **Expert deposition schedule**.

The deposition of Zimmerman is a two day deposition. It will begin on both days at 7:30 a.m. to accommodate Zimmerman's travel arrangements.

Halliburton reported that Ravi is being presented in response to BP experts. He will be scheduled for a two day deposition pending resolution of BP's motion to strike Ravi's Phase Two rebuttal report. If it is a one day deposition, the U.S. requests that it begin on July 30. If it is a two day deposition, it will be on July 30 and 31.

The Dewers will be a one day deposition on August 2.

**6.     BP motion to strike.**

The Court ruled on BP's motion to strike (Rec. doc. 10477). The U.S. requests partial reconsideration. BP will submit a response by Monday, July 1.

Because of an appeal of the order will not be resolved before the scheduled date of depositions affected by the order, the defendants' shall ask any questions relating to the portion of the report struck by the order. If the order is altered on appeal, it will not be necessary to have a further deposition of the expert.

**7.     Submission of Motions in Limine and Dispositive Motions.**

On June 19, Judge Barbier set a **7/13/13** deadline for dispositive motions and a **8/12/13** deadline for motions in limine with briefing schedule and page limitations. Rec. doc. 10426.

**8.     Witness Lists.**

Witness lists were filed by the June 24, 2013 deadline.

**9.     Presentation of evidence and opening statements.**

Opening statements will be permitted. The order, length, whether the statements will be segmented between source control and quantification and whether the Court will require the 10 page briefs remain to be determined. The deadline for the parties to comment on these issues was Wednesday, July 5.

**10.    Expert Witnesses - Designation of Lead Experts.**

There was discussion on how the number of experts can be pared down for the trial. Until the depositions of experts are completed, the parties will not be able to determine which experts will not be required for the trial. Until the parties determine the experts to be called on direct, the other parties cannot determine what experts will be required for rebuttal.

The U.S. reported that it intended to move to exclude Transocean and Halliburton from the quantification part of the trial.

BP requested a procedure for determining the essential contentions that it will be responding to on the source control part of the trial. Transocean reported that it will meet with the PSC before the July 12 WGC to provide a report identifying their source control witnesses, the witnesses who are likely to be called to testify, and the order of presentation of the witnesses. The Court asked that Transocean and the PSC also include a brief description of the thrust of their testimony. Halliburton asked to be included in the discussions with Transocean and the PSC.

The parties were asked to begin discussions on the allocation of time during the trial.

BP suggested that the undersigned schedule a conference, possibly in the form of a pretrial conference, to discuss the structure, contentions and witnesses at the source control and quantification portions of Phase Two. The first such conference should focus on source control. It should be scheduled by the third week of July after a WGC. The Court will schedule the conference.

**11.     Review Phase Two Timeline**

The U.S. reported that its decision on the submission deposition bundles is dependent on what experts will be called. The undersigned agreed with the division of bundles into source control and quantification and that it may be necessary to set a deadline for submission of deposition bundles after the deadline for paring down experts.

Halliburton noted that the witness lists include live will call and those called by deposition. The Court asked the U.S. consider the witness lists and when the parties can begin submitting the deposition bundles for the Rule 30(b)(6) witnesses and fact witnesses.

**12.     Application of Phase One Rulings to Phase Two**.

The Court asked the U.S. to consider the submission from Anadarko and report at the next conference.

The Court asked BP to prepare a list of the orders that all parties agree are applicable to Phase Two.

## OTHER PHASES

BP reported progress in its meetings with the U.S. and Anadarko on the P**enalty Phase**. The Court reported that meetings were scheduled on the **OPA** test cases and there is a possibility of a **State** test case.

## CONFERENCE SCHEDULE

07/12/13     WGC meeting at 9:30 a.m.

07/19/13     **Telephone only WGC at 9:30 a.m.** (Dial-in information will be provided).[1]

07/26/13     WGC meeting at 9:30 a.m. (to be followed by "Pre-Trial Conference" on Source Control).

08/02/13     **Telephone only WGC at 9:30 a.m.**

08/09/13     WGC meeting at 9:30 a.m.

08/16/13     WGC meeting at 9:30 a.m. (to be followed by "Pre-Trial Conference" on Quantification).

08/23/13     **Telephone only WGC at 9:30 a.m.**

**Thursday, September 5, 2013, at 9:00 a.m.  Phase Two Final Pre-Trial Conference**

08/30/13     **Telephone only WGC at 9:30 a.m.**

---

[1] With the number of issues outstanding, a telephone conference on the "off" Fridays seems prudent.

09/06/13        WGC meeting at 9:30 a.m.

09/13/13        WGC meeting at 9:30 a.m.

**09/16/13        Commencement of Phase Two Trial**

       **All Saturdays are email free days.**

                                            **SALLY SHUSHAN**
                                         **United States Magistrate Judge**