UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

**[Regarding BP's Motion to Strike Report of Kris Ravi (Rec. doc. 10742)]**

Dr. Kris Ravi, an employee of Halliburton, was designated by it as a quantification expert for Phase Two. The parties on quantification are the United States versus BP and Anadarko. On Friday, July 12, 2013, Judge Barbier determined that Transocean and Halliburton will not be permitted to call quantification witnesses at Phase Two. Unless the expert witnesses are expressing opinions about source control, the depositions were canceled.

Halliburton acknowledges that Dr. Ravi was classified as a quantification witness, but contends that he replies to a number of specific cement opinions included in the report of Dr. Momber, a quantification expert for BP.

Prior to Judge Barbier's determination that Transocean and Halliburton will not be permitted to call quantification witnesses, BP filed a motion to strike Dr. Ravi's Phase Two rebuttal report. Rec. doc. 10742. BP reported that Dr. Momber offers opinions regarding the erosion that would have occurred to the cement in the wellbore over time on the basis of the cement-related evidence adduced at the Phase One trial. BP contends that Dr. Ravi uses his rebuttal report as a vehicle for providing opinion on Phase One cement issues. For example, BP cites Dr. Ravi's opinion that, to the extent there were any flow channels in the cement, they would have been caused by BP's

operational decisions.

On July 11, Halliburton responded to BP's motion to strike. Rec. doc. 10741. It contends that Dr. Momber's quantification report raises issues that must be rebutted by Dr. Ravi. The parties agree that the condition of the bottom-hole cement in the Macondo well is relevant to the determination of flow rates, just as a kink in the riser or a partially closed ram in the BOP may be relevant to the determination of flow rate. Halliburton provided a table which it contends demonstrates that the rebuttal opinions of Dr. Ravi respond directly to statements contained within Dr. Momber's report. Included in the table is a portion of Dr. Ravi's report in which he states that "[t]he cement designed by HESI was capable of stopping flow, it was adequately tested, and the cement job was executed as planned." Rec. doc. 10741 (Exhibit 9 - Ravi Rebuttal at 4).

BP's motion to strike Dr. Ravi's report will be granted. Although the parties and the Court frequently refer to the trial of Phase One and the trial of Phase Two as separate trials, they are part of a unitary trial. For purposes of case management, evidence on certain issues were presented in Phase One and evidence on other issues will be presented in Phase Two or later Phases. If Halliburton is permitted to present Dr. Ravi and his rebuttal report, Judge Barbier will be confronted in Phase Two with testimony on issues which were presented in Phase One. While the parties are permitted in Phase Two to rely on evidence adduced in Phase One, Phase Two cannot become a replay of Phase One.

IT IS ORDERED that BP's motion to strike the report of Dr. Kris Ravi (Rec. doc. 10742) is GRANTED.

IT IS FURTHER ORDERED that the deadline for an appeal of this order is **Friday, July 19, 2013 at noon**. Until there is a final decision on BP's motion to strike Dr. Ravi, the parties are required to proceed with his deposition.

New Orleans, Louisiana, this 15th day of June, 2013.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**