UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 "J"(1)  JUDGE BARBIER  MAGISTRATE SHUSHAN |
| **THIS DOCUMENT APPLIES TO:** Case No. 12-311 | * * * | **JURY TRIAL DEMANDED** |

**LIBERTY'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL CAMERON TO PRODUCE A COMPUTATION OF ITS DAMAGES AND ALL DOCUMENTS SUPPORTING ITS DAMAGES CLAIMS**

Defendant Liberty International Underwriters, Inc. ("LIU") submits this Memorandum in Support of its Motion to Compel Cameron to Produce a Computation of its Damages and all Documents Supporting its Damages Claims. Cameron recently has amended its Rule 26 disclosures to add a compensatory damage category comprised of attorney fees and other unidentified expenses but has not produced any documents pertaining to or supporting this claim. Nor did Cameron supplement its responses to LIU's discovery requests to itemize the damages sought and produce all documents in support. Rule 26 clearly requires Cameron to provide a computation of its damages and to produce all documents in support. It also requires Cameron to supplement initial disclosures and discovery responses that are incomplete or incorrect. This information is critically important to LIU's defense and also is responsive to LIU's interrogatories and requests for production to Cameron. Accordingly, the Court should order Cameron to provide a computation of its damages and to produce all documents supporting its damages claims, including attorney invoices for any attorney fees it seeks to recover.

1

882372_2

## BACKGROUND

This insurance coverage dispute arises out of Cameron's claim for coverage for its $250 million settlement with BP in December 2011 of claims arising out of the Deepwater Horizon incident. LIU, one of Cameron's excess insurers, has declined to fund the portion of the settlement allegedly reaching its layer of coverage for several reasons. Cameron sued LIU in January 2012 seeking coverage for LIU's $50 million share of the BP settlement and asserting bad faith claims under the Texas Insurance Code.

Cameron made its initial Rule 26 disclosures in September 2012, confirming that it was seeking the following damages:

- "Compensatory damages totaling $50 million in connection with Cameron's losses incurred in connection with its settlement of claims with BP in [Deepwater Horizon Litigation]";

- "Compensatory damages (in an amount to be determined) for post-settlement defense costs incurred on an ongoing basis in connection with the Oil Spill MDL and related proceedings";

- "Statutory damages equal to triple Cameron's actual compensatory damages under Texas Insurance Code § 541";

- "Statutory damaged equal 18 percent per year of Cameron's defense costs in connection with the Oil Spill MDL and related proceedings under Texas Insurance Code § 542"; and

- "Attorneys' fees and costs related to bringing this action."[1]

Following up on these disclosures, LIU propounded discovery to Cameron in February 2013. Among other information, LIU requested that Cameron "[i]temize all damages [Cameron] seek[s] to recover in this matter, including without limitation any damages for (1) Liberty's

---

[1] *See* Cameron's Initial Disclosures Pursuant to Rule 26(a)(1), attached as Exh. A.

alleged breach of its insurance policy, and (2) Liberty's alleged breach of Texas Insurance Code §§ 541 and/or 542."[2]  Liberty also requested that Cameron produce "[a]ll documents supporting the damages you seek to recover in this matter."[3]  In response, Cameron did not specifically object and merely confirmed its claims as described in the initial disclosures.  Cameron did not itemize the damages sought or produce any documents supporting its damages.

Just weeks before the former July 1 discovery deadline, Cameron amended its Rule 26 disclosures and added a new category of damages: "Compensatory damages . . . for costs and fees incurred in connection with Cameron's claim for insurance coverage from Liberty[.]"[4]  Significantly, Cameron has characterized this new claim for pre-suit attorney fees and costs as a *compensatory damage* claim, which presumably the jury will decide.[5]  Cameron also seeks to *treble* these compensatory damages under Texas law, another issue to be submitted to the jury.

---

[2] *See* Cameron International Corporation's Responses and Objections to Defendant's First Set of Requests for Admissions, Interrogatories and Requests for Production of Documents, attached as Exh. B, at Interrogatory No. 15.

[3] *Id.* at RFP No. 11.

[4] *See* Cameron's Amended Rule 26 Disclosures, attached as Exh. C.

[5] LIU disputes that Cameron's attorney fees qualify as "compensatory damages" under Texas law. *See In re Nalle Plastics Family Ltd P'ship*, No. 11-0903, 2013 WL 2150717, at *5 (Tex. 2013) ("While attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and have never been, damages.").  However, to the extent the Court allows Cameron to pursue this compensatory damages claim, it may be within the jury's province. *See, e.g., Rohrer Corp. v. Dane Elec. Corp. USA*, No. 11-3742, 482 Fed. Appx. 113 (6th Cir. 2012) (upholding jury's award of attorney fees as compensatory damages in connection with action for breach of settlement agreement); *Gits v. Norwest Bank Minneapolis*, 390 N.W.2d 835 (Minn. Ct. App. 1986) (upholding jury's award of attorney fees as compensatory damages based on finding that bank's conversion caused owner to incur attorney fees).

After receiving Cameron's Amended Rule 26 Disclosures, LIU contacted Cameron and requested that it produce documents supporting its new compensatory damage claim, including invoices from its attorneys, and supplement its discovery responses. Cameron has done neither. In discussions with counsel, Cameron did orally advise that the claim includes pre-suit fees dating back to November 2011, during which time *all insurers* (not only LIU) objected the non-financial terms of the proposed Cameron/BP settlement.[6] LIU is entitled now, before the discovery cut-off, to a computation of Cameron's damages and the documents sought, so that it can take depositions and conduct other discovery to defend against the claim.

## ARGUMENT

**A.    Cameron Must Provide a Computation of its Damages.**

Under Rule 26 of the Federal Rules of Civil Procedure, a party must, *without* awaiting a discovery request, provide "a computation of each category of damages claimed by the disclosing party[.]" FED. R. CIV. P. 26(a)(1)(A)(iii). Like the other disclosures Rule 26 requires, this computation is "basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." *Id.* at Advisory Committee Notes, 1993 Am. The federal courts routinely enforce this requirement, rejecting parties' claims that timing is premature. *See, e.g., Van Heerden v. Board of Supervisors of Louisiana State University & Agricultural & Mechanical College*, No. 10-155, 2011 WL 293758, at **7-9 (M.D. La. 2011) (requiring plaintiff to produce a computation of categories of damages claimed or, at minimum, the method or formula by which damages would be calculated and the applicable time period); *Palm Bay Int'l, Inc. v. Marchesi de Barolo, S.P.A.*, No. 09-601 2009 WL 3757054, at *5

---

[6]    *See e.g.*, P. Koepff letter, attached as Exh. D.

(E.D.N.Y. 2009) (requiring plaintiff to provide computation of categories of alleged damages); *Local 1529, United Food & Commercial Workers v. Harvest Foods, Inc.*, 153 F.R.D. 98, 99 (N.D. Miss. 1994) (ordering plaintiffs to provide a computation of damages and finding "unacceptable" plaintiffs' offer to produce a computation "at a mutually agreed upon time and place"). Rule 26(e)(1) also requires parties to "supplement or correct" initial disclosures and interrogatory responses that are materially incomplete or incorrect. FED. R. CIV. P. 26(e)(1).

Cameron completely has failed to comply with its Rule 26 obligations to provide a computation of its claimed damages and to supplement incomplete disclosures and interrogatory responses. Although Cameron must produce the required computation without waiting for a discovery request, this information also is responsive to LIU's Interrogatory No. 15, to which Cameron did not specifically object. LIU is entitled to a computation of Cameron's damages to prepare for trial and make an informed decision concerning settlement. Thus, the Court should order Cameron to provide the required damages computation and to supplement its response to LIU's Interrogatory No. 15.

**B.    Cameron Must Produce All Documents Supporting its Damages Claims, Including Attorney Invoices.**

In addition to a computation of its damages, Rule 26 requires Cameron to "make available for inspection or copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii). Courts including this one have enforced this requirement. In *Lundy Enterprises, LLC v. Wausau Underwriters Ins. Co.*, No. 06-3509, 2010 WL 323571, at **2-3 (E.D. La. 2010) (Shushan, J.), citing Rule 26 (including its requirement to supplement

5

incomplete disclosures or responses) this Court sanctioned the plaintiff for failing to produce documents supporting the damages it sought in connection with its bad faith claim, which were summarized in a spreadsheet. The Court observed, "Lundy has not produced the foundation evidence necessary for Wausau to cross-examine a Lundy financial officer on how the spreadsheet was prepared[,] to test the accuracy of the information on the spreadsheet, or the conclusions to be drawn from it." *Id.* at * 2; *see also Palm Bay Int'l, Inc.*, 2009 WL 3757054, at *5 (ordering plaintiff to "produce any underlying documentation it is using to support its claim for damages"). Thus, it is settled that documents supporting a party's damages claims are highly relevant and discoverable.

Here, the primary documents supporting Cameron's claims for attorney fees as "compensatory damages" likely are attorney invoices. Several courts have found that attorney invoices are discoverable and are not privileged. In *Taylor Energy Co. v. Underwriters at Lloyd's London*, No. 09-6383, 2010 WL 3952208, at *2 (E.D. La. 2010), this Court ordered production of documents described as "[e]mails regarding attorneys fees invoices with attached invoices" and "[e]mail forwarding attorneys fees invoices." The Court reasoned, "[I]nformation such as contingency fee contracts, hourly rates, hours spent by attorneys working on this litigation, attorney's fees charged and the costs incurred are not 'confidential communications' and are therefore not privileged." *Id.* Moreover, the Court noted, "'[t]he invoices themselves are merely a byproduct of the fact of the representation [and] are not protected by any of the asserted privileges or [the work product doctrine] . . .'" *Id.*; *see also United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. 1981) ("Financial transactions between the attorney and client, including the

compensation paid by or on behalf of the client . . . are not within the privilege except in special circumstances[.]"); *Stonehenge / FASA-Texas, JDC v. Miller*, No. 3:94-CV-0912, 1998 WL 826880, at *2 (N.D. Tex. 1998) (ordering production of invoices for legal fees and finding these documents not protected from discovery by the attorney-client privilege or the work product doctrine).

Based on these authorities, the Court should order Cameron to produce all documents supporting its damages claims, including attorney invoices for any attorney fees it seeks to recover as "compensatory damages." These materials must be produced under Rule 26 and also are clearly responsive to LIU's Request for Production No. 11. Rule 26(e)(1) likewise requires Cameron to supplement incorrect or incomplete responses to requests for production of documents. Cameron apparently contends it is not required to produce a single piece of paper supporting this newly-minted compensatory damage claim because the claim includes attorney fees, and thus all supporting documents are privileged. Cameron cannot hide behind the attorney-client privilege shield. By casting its fees as "compensatory damages," it has placed at issue not only the amount of fees but the reason the fees were incurred. *See, e.g., Great Am. Ins. Co. v. AFS / IBEX Fin. Servs., Inc.*, No. 3:07-CV-924-O, 2011 WL 3163605, at * (N.D. Tex. 2011) ("For the Court to find that GAIC's insurance code violations were a producing cause or bad faith was a proximate cause of AFS's attorney's fees, there must be evidence that without those violations, AFS would not have incurred the fees.") (quoting *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995)). To defend against Cameron's compensatory damage claim, LIU is entitled to review documents pertaining to the fees,

including the terms of engagement, reasons for the engagement, the reason(s) fees were incurred, and the reasonableness of fees.

## CONCLUSION

The Court cannot allow Cameron to pursue a claim for *treble* damages against LIU, which the jury likely will decide, but refuse to disclose the amount of damages sought or to produce a single document supporting its claims. LIU must have this critical information to prepare its defense. Accordingly, LIU requests that the Court order Cameron to (1) provide a computation of the damages it seeks; and (2) produce all documents supporting its damages claims, including invoices for any attorney fees it seeks to recover.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

and

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Gary L. Pate, PRO HAC VICE
Federal I.D. 29713
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Attorneys for Liberty International
  Underwriters, Inc.

8

882372_2

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of July, 2013.

                                                                                      */s/ Judy Y. Barrasso*