IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| This document relates to all actions. | * * * * * * * | HONORABLE CARL J. BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S MOTION FOR AN EMERGENCY PRELIMINARY INJUNCTION TO SUSPEND PAYMENTS FROM THE COURT SUPERVISED SETTLEMENT PROGRAM PENDING SPECIAL MASTER FREEH'S INVESTIGATION AND REPORT**

BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") move this Court for an emergency preliminary injunction to temporarily suspend all payments from the Court Supervised Settlement Program ("CSSP") while Special Master Louis Freeh investigates the extent of any fraud, corruption or other improprieties involving the CSSP. In support of the motion, BP respectfully states:

1.    Two of the CSSP's three senior legal counsel recently were terminated after apparently intervening in the processing of claims in which they appear to have had a financial stake. Because these individuals were in a position to influence nearly every CSSP policy or claim determination, there is a material risk that other aspects of the claims process have been compromised. In response to this risk, this Court appropriately concluded it was necessary— indeed essential—to appoint a special master of Judge Freeh's stature and provide him with a sweeping mandate to investigate.

2.    The same risks that led this Court to the extraordinary appointment of Special Master Freeh warrant a brief pause in payments from the CSSP, though not other CSSP

operations, until he completes his investigation and issues his report. On average, the CSSP is making more than $73 million in claims payments per week. It would be impractical if not impossible for BP to recover all tainted payments made by the CSSP during the investigation. Furthermore, Class Counsel also contend that once a payment is made, BP is categorically without recourse to recover those funds from claimants. A temporary suspension of payments by the CSSP is the only way to ensure that BP will not be further irreparably harmed by the continued payment of millions of dollars each day on claim awards that may be tainted by improprieties.

3.  This common-sense relief is also required under the law. A preliminary injunction should be granted where a movant establishes "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 568–69 (5th Cir. 2010) (citation omitted). All four factors strongly support entry of an injunction here.

4.  First, BP has a substantial likelihood of success on the merits. The limited facts uncovered to date demonstrate that CSSP and Settlement Trust personnel have breached their fiduciary duties to the CSSP, the Settlement Trust and BP by failing to exercise appropriate care in the management, oversight and operation of the CSSP and Trust. For example, the two recently terminated CSSP senior counsel, Lionel "Tiger" Sutton III and Christine Reitano, breached their fiduciary duties by apparently intervening in the processing of certain claims in which they appear to have had a financial stake. Claims Administrator and Settlement Trustee Patrick Juneau likewise breached his fiduciary duties by hiring unqualified and unethical employees such as Mr. Sutton and Ms. Reitano without conducting adequate background or

conflict checks, inadequately supervising and monitoring them once hired, and failing to institute any meaningful prophylactic measures to detect and combat fraud and corruption within the CSSP.

5. Second, BP will be irreparably harmed absent a preliminary injunction. Since BP and Mr. Juneau first learned of the allegations of potential fraud and misconduct in the facility, the CSSP has made more than $440 million in payments. Given that claims payments are made to thousands of people throughout the Gulf region, it will be impractical if not impossible for BP to recover all payments that might be based on policies or claims determinations that Special Master Freeh later concludes were tainted by fraud, corruption or other misconduct. Therefore, injunctive relief is necessary and appropriate to avoid the wrongful dissipation of funds and to address the breaches of fiduciary and trust duties. *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 561 (5th Cir. 1987).

6. Third, the balance of equities weighs heavily in BP's favor. A temporary pause in payments will have little impact on claimants, in contrast to the impact on BP. Even assuming that payment is delayed on some valid claims, such delay is not sufficient to show harm because the claimants had no right under the Settlement to receive payment at a specific time.[1] *See, e.g.*, *Centurion Reinsurance Co. v. Singer*, 810 F.2d 140, 144–45 (7th Cir. 1987); *In re Enron Corp. Sec. Litig.*, MDL-1446, 2004 WL 2889891, at *6 (S.D. Tex. Dec. 9, 2004). In any event, the requested delay in payment will be brief and will not impact other aspects of the CSSP, which will continue to receive, review and process claims and issue policy decisions.

---

[1] The Economic Settlement is unique in that it provides for payment to claimants **before** appeals regarding the District Court's approval of the class settlement have been decided. The **temporary** suspension of this extraordinary feature thus does not leave claimants worse off than they would have been in a traditional class action settlement.

7.	Finally, the limited, common-sense injunction requested by BP will not "disserve the public interest." *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012).  Instead, it will protect and advance it by preventing the payment of claims infected by fraud, corruption or other malfeasance.  There is no public interest in paying such claims.  Indeed, as this Court already has recognized, the public has a strong interest in "ensur[ing] the integrity of the program for the benefit of the parties and the public."  7/2/13 Order [Dkt No. 10564] at 2.  Moreover, the injunction also will serve the public interest by assuring future litigants of the safety and propriety of large, court supervised settlement programs.

WHEREFORE, for the reasons set forth above, and considering such other arguments and evidence as may properly come before the Court, BP respectfully requests that the Court enter a preliminary injunction temporarily suspending all payments from the CSSP until Special Master Freeh completes his investigation and issues his report.

July 16, 2013                                          Respectfully submitted,

James J. Neath                                          /s/ Richard C. Godfrey, P.C.
Mark Holstein                                          Richard C. Godfrey, P.C.
BP AMERICA INC.                                        J. Andrew Langan, P.C.
501 Westlake Park Boulevard                            David J. Zott, P.C.
Houston, TX  77079                                     Jeffrey J. Zeiger
Telephone:  (281) 366-2000                             Wendy L. Bloom
Telefax:  (312) 862-2200                               KIRKLAND & ELLIS LLP
                                                       300 North LaSalle Street
Daniel A. Cantor                                       Chicago, IL 60654
Andrew T. Karron                                       Telephone:  (312) 862-2000
ARNOLD & PORTER LLP                                    Telefax:  (312) 862-2200
555 Twelfth Street, NW
Washington, DC 20004                                   Jeffrey Bossert Clark
Telephone:  (202) 942-5000                             Steven A. Myers
Telefax:  (202) 942-5999                               KIRKLAND & ELLIS LLP
                                                       655 Fifteenth Street, N.W.
Jeffrey Lennard                                        Washington, D.C. 20005
Keith Moskowitz                                        Telephone:  (202) 879-5000
DENTONS US LLP                                         Telefax:  (202) 879-5200
233 South Wacker Drive
Suite 7800                                              /s/ Don K. Haycraft
Chicago, IL  60606                                     S. Gene Fendler (Bar #05510)
Telephone:  (312) 876-8000                             Don K. Haycraft (Bar #14361)
Telefax:  (312) 876-7934                               R. Keith Jarrett (Bar #16984)
                                                       LISKOW & LEWIS
*OF COUNSEL*                                           701 Poydras Street, Suite 5000
                                                       New Orleans, Louisiana 70139
                                                       Telephone:  (504) 581-7979
                                                       Telefax:  (504) 556-4108

                                                       Robert C. "Mike" Brock
                                                       COVINGTON & BURLING LLP
                                                       1201 Pennsylvania Avenue, NW
                                                       Washington, DC 20004
                                                       Telephone:  (202) 662-5985
                                                       Telefax:  (202) 662-6291

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of July, 2013.

/s/ Don K. Haycraft
Don K. Haycraft