# Exhibit 2



## INVESTIGATIVE REPORT

### JUNE 20, 2013

IN RE: Lionel H. Sutton III Matter

**SITUATION:** On May 28, 2013, David W. Welker was contacted by an individual who alleged they possessed information harmful to the Deepwater Horizon Court Supervised Settlement Program (CSSP), Administrator's Office. The individual indicated they would provide the information if strict confidentiality was promised and provided. David W. Welker provided those assurances to the confidential source (CS).

The CS advised that they had received information from a third party who also desired anonymity. The information provided indicated that Lionel H. "Tiger" Sutton III (Tiger Sutton) is referring claims to the ███ in exchange for "kickbacks" for those claims paid to the ███ That some of the claims may have been originally filed by Tiger Sutton or Christine Reitano and transferred to the ███. That Tiger Sutton recently opened a separate checking account to place the money received from the ███ and that Tiger Sutton has been in business with ███ and they had owned a business together, that Tiger Sutton is writing policies within the CSSP that ultimately may benefit his friends who are attorneys and himself and he has attempted to influence a claim filed by the ███. The CS alluded to the fact that others may know or will know and may be investigating the allegation, such as BP, the PSC, or the Court.

### INVESTIGATION:

David W. Welker immediately notified CEO David Odom and CFO Robert Levine the same day and Pat Juneau on May 30, 2013. Pat Juneau advised to aggressively use all the resources we have to investigate the matter thoroughly. Thereafter, David W. Welker conducted research in the DHECC database for: claims held by the ███; claims filed by Tiger Sutton; and claims transferred by Tiger Sutton to the ███. There is no way to conduct research on claims referred outside of the DHECC system, such as a client list for clients that did not file a claim through Tiger Sutton initially. The Louisiana Secretary of State database was queried for businesses owned by both ███ and Tiger Sutton. The New Orleans Division of the FBI was contacted by David W. Welker, regarding the potential for a federal crime and the possible distinction between a violation of federal law and unethical behavior. The response was that receiving kickbacks in this program could constitute a federal crime, depending upon the evidence and circumstances. The DHECC computer utilized by Tiger Sutton was examined for content on the computer. The content obtained was turned over to David W. Welker on June 19, 2013, reviewed and turned over to the Claims Administrator at 6:25 pm June 19, 2013. It should be noted, Tiger Sutton began his employment with the DHECC Settlement Trust on November 1, 2012.



DHECC Database Review: David W. Welker accessed the DHECC database and determined that the ███████████████████████, had 675 claimants, businesses or individuals that had at least completed a claims form and/or registration form within the DHECC database. David W. Welker reviewed 43 of those claims and located one claim wherein Tiger Sutton or the Sutton and Reitano Law Firm had represented a claimant during the Gulf Coast Claims Facility (GCCF) and the claimant was subsequently represented by the ███████████ in the DHECC Settlement Program. The claimant was identified as ███████████ ███████████ ███████████████████████). Briefly, ███████████ filed five (5) claims with the DHECC, Seafood Compensation Program ███████████); Seafood Compensation Program (███████); VoO Charter Payment; Subsistence; and Vessel Physical Damage. ███ ███ has received payment for the first three claims.

A review of ███████████ claim file reflects the following: Document File Id # ███████ is a copy of a GCCF "Client Authorization Form" reflecting Christine Reitano of Sutton and Reitano Law as ███████████ legal representation (Tab 1). Document File Id # ███████ is a copy of a series of e-mails between reitanoc@aol.com to the Attorney Team at GCCF indicating that attached to the e-mail is a new client authorization form for ███████████, GCCF claimant ID number ███████ and reflecting that she is co-counsel to ███████████ (Tab 2). Document File Id # ███████ is a copy of an e-mail from Christine Reitano CReitano@suttonreitanolaw.com to info@gccfclaims.com, dated January 12, 2012, indicating ███████████ is her client. The e-mail indicates that she had not received a letter dated November 4, 2011 and encloses a handwritten hardship letter from ███████████. (Tab 3). There are other documents in the ███████ claim file that clearly reflect representation of ███████████ by the SuttonReitano Law Firm as far back as mid-2011. Document File Id # ███████ is a letter dated March 30, 2012 and signed by Christine Reitano, indicating the firm will no longer be representing ███████████ (TAB 4). Document File Id # ███████ is a Power of Attorney Form for the DHECC completed and apparently signed by ███████████ authorizing the law firm of ███████████ ███████████, New Orleans, La. to represent him and his claim in the DHECC. The document is dated by hand June 8, 2012 (TAB 5). Document File Id # ███████ is a letter from the ███████████ firm enclosing an executed Attorney Fee Acknowledgement and Payment Election Form regarding the ███████ ███████ VoO Charter Payment claim (TAB 6). The aforementioned documents reflect that until March 2012, ███████████ was represented by the Sutton Reitano Law Firm and beginning in August 2012, ███████████ firm began representation of ███████████. To date, ███████ ███████ has received $477,225.13 in payments for a Seafood claim, and Seafood individual with a business claim, and a VoO claim. Document File Id # ███████ is a letter from the ███████ ███████ firm enclosing an Executed Release and Covenant Not to Sue for the VoO Charter Payment claim in the amount of $49,400 (TAB 7). There are two claims pending, a subsistence claim and a Vessel Physical Damage claim (TAB 8).

Additionally, there is a pending claim for the ███████████████████████, New Orleans, La., which is payable in the amount of $7,648,722.34.

Public Database Review: The Louisiana Secretary of State database was queried for information indicating a business relationship with ███████████ of the ███████████ firm. Records were obtained and reviewed and indicate that Tiger Sutton registered a corporation

with the State of Louisiana on ▮▮▮ in the name of ▮▮▮ Tiger Sutton was listed as the registered Agent and the corporation officers are listed as ▮▮▮ and ▮▮▮. The address listed for the corporation and each Registered Agent and Officer is ▮▮▮, New Orleans, Louisiana. The current status of the corporation is "inactive" based on Action Taken by the Secretary of State (TAB 9). Records further reflect that Tiger Sutton registered a corporation in Louisiana on ▮▮▮ in the name of ▮▮▮. Tiger Sutton at 935 Gravier Street, New Orleans, La. is listed as the Registered Agent and the following individuals are listed as officers: Lionel H. Sutton III, 935 Gravier Street, Ste. 600, New Orleans, La. 70112; ▮▮▮; ▮▮▮ (TAB 10). On 10 records from the Louisiana Secretary of State database, in which Tiger Sutton is listed as the Registered Agent of a corporation, he lists ▮▮▮, New Orleans, La. as his address (TAB 11). As noted above, ▮▮▮, New Orleans, La. is the listed address for the ▮▮▮ and ▮▮▮. (TAB 12).

On June 17, 2013, at 9:00 am, Patrick Juneau and David Welker met with Keith Moskowitz, Holstein, and representatives from Liskow and Lewis Law Firm. They indicated they had received information similar to that noted above, from at least two whistleblowers. They advised that one whistleblower indicated they had documents they wished to turn over to them. They told the whistleblower to report the matter up through the facility and turn the documents over to the facility (DHECC). They inquired of the DHECC policy regarding obtaining e-mails from DHECC computers and other investigative actions. They inquired about the DHECC Code of Conduct. They inquired about what information was provided to Welker and what the Trust's course of action would be. They were advised that we had not completed the internal investigation. Welker reported to them the investigative steps taken to date as well as a future course of action including a review of e-mails in the DHEC system and the DHECC computer used by Tiger Sutton. They asked if Mr. Juneau had considered suspending Tiger Sutton and Christine Reitano until the issue was resolved. Pat Juneau advised that he had discussed the allegations personally with Tiger Sutton. Sutton advised Juneau that he did not retain any interest in any claims or clients and the allegations were 100% incorrect. They inquired about the obligation to advise the court and the timing of that action. They indicated they were evaluating their options and were going to report the matter back to their client. Pat Juneau advised that he had considered advising the court but wanted additional information before doing so. He advised we would continue our investigation and he would place the ▮▮▮ claim on hold. Pat Juneau asked if we can continue the dialogue and it was agreed we would get back together when additional information was obtained.

DHECC E-Mail Review:   A search of the DHECC computer used by Tiger Sutton was conducted utilizing search parameters limited to keywords: ▮▮▮ and ▮▮▮. The e-mails are separated below into internal e-mails and external e-mails all from his DHECC laptop computer. Internal e-mails are those e-mails stored on the DHECC e-mail system and also locally on Tiger Sutton's DHECC computer. External e-mails are personal e-mails stored on the DHECC computer used by Tiger Sutton.

Internal: Completed and reported to Claims Administrator on June 19, 2013 at 6:25 p.m.

An e-mail dated September 17, 2012 reflects a discussion between Christine Reitano, Lynn Greer (Brown Greer) and Jennifer Keough (Garden City Group) regarding "No Claims Left Behind." There is a chart attached to the e-mail on which ▓▓▓▓▓▓ is the first claimant on the list. (TAB 13)

An e-mail chain dated January 31, 2013 between Tiger Sutton and David Duval reflects a discussion of the ▓▓▓▓▓▓ claim, wherein Duval tells Sutton, "I just found out with shrimp claims, the RTP is included in the compensation amount." Sutton responded, "doesn't say that on the form though. May need to change." (TAB 14)

An e-mail chain dated between March 6, 2013 and March 12, 2013 reflects a discussion between Tiger Sutton and Mark Staley of Postlewaite and Netterville, the subject of which is BEL ▓▓▓▓▓▓, Claimant ID ▓▓▓▓▓▓. On March 6, 2013 at 8:56 am, Tiger Sutton directs an e-mail to Mark Staley and states, "I have some questions about the above referenced claim. I believe it is being handled by Christopher Rinaldi with your firm. Please have Christopher contact me when he has a chance." Staley responded on March 7, 2013 at 12:13 pm and states, "This claim is in line to be processed. I have asked Chris to go ahead and pull the claim down and process. I can keep you posted on the status if that is your preference." Tiger Sutton responded on March 7, 2013 at 1:21 pm stating, "Thanks Mark. Just let me know if you have any problems with it and when notices go out." Staley responded on March 11, 2013 at 11:41 pm, "This claims has been prepared and pushed to accountant Q/C review as of today. If it comes back for any reason I will let you know." Tiger Sutton responded on March 12, 2013 at 8:22 am with, "Thanks Mark." (TAB 15)

External: Completed and reported to the Claims Administrator on June 19, 2013 at 6:25 p.m.

An e-mail chain dated between June 21, 2012 and August 24, 2012 between Tiger Sutton, ▓▓▓▓▓▓, and ▓▓ e at the ▓▓▓▓▓▓. On June 21, 2012 at 4:23 pm ▓▓▓▓ wrote, "Mr. Sutton, Attached please find a copy of the report package for ▓▓▓▓▓▓ for the Seafood Economic Program only. This does not include his VOO, subsistence or VOO boat damage claim at this time. This will be coming in the future. please let me know if you have any questions. My cell number is ▓▓▓▓▓▓. Please feel free to call tonight. I will be filing this claim tomorrow. The client has already accepted this amount." The e-mail reflects that there was an attachment to the e-mail, ▓▓▓▓▓▓_Final_report_Package_with_Invoice_001. On June 21, 2012 at 4:34 pm, Tiger Sutton responded, "I just wanted to see it. As long as client accepts, I'm fine." On August 24, 2012 at 2:31 pm, Tiger Sutton wrote ▓▓▓▓▓▓, "Can you send me the BP claim # for ▓▓▓▓▓▓?" On August 24, 2012 at 3:21 pm Tiger Sutton again wrote ▓▓▓▓▓▓, "Can you send me the BP claim # for ▓▓▓▓▓▓?" On August 24, 2012 at 9:04 pm, ▓▓▓▓▓▓ responded, "▓▓▓▓, please let me know if this is not the # you need." (TAB 16)

An e-mail chain dated between January 4, 2013 and January 7, 2013 between Tiger Sutton and ▓ in which Tiger Sutton asks, "did u check on my fee from ▓. ▓ sent it to ▓ mid December." On January 7, 2013 at 9:12 am, ▓ responded to ▓ at ▓ and Tiger Sutton, "▓, did we receive monies from ▓. If so, Tiger, how much is your fee? On January 7, 2013 at 9:25 am, Tiger Sutton responded, "They sent you the check for my fee. The total fee on ▓ was 10k (+ or -). They sent you 5 for me and kept the other 5." On January 7, 2013 at 10:49 am, ▓ responded to Tiger Sutton and ▓ of the ▓ with a copy to ▓ at ▓, "Make sure out of the $5k ▓ kept I get half since I'm sending full $5k to Tiger." (TAB 17)

An e-mail chain dated between January 4, 2013 and January 7, 2013 between Tiger Sutton, ▓, and ▓. On January 7, 2103 at 9:08 am, Tiger Sutton writes to ▓ "did u check on my fee from ▓. ▓ sent it to ▓ mid December." ▓ responds to ▓ and Tiger Sutton, "▓ did we receive monies from ▓. If so, Tiger, how much is your fee?" On January 7, 2013 at 8:23 am, ▓ responded, "We received $4,940 at the end of the year." On January 7, 2013 at 10:26 am, Tiger Sutton responded, "Yes. That is my share. Please deposit in the ▓ acct so I can get it." (TAB 18)

An e-mail chain dated on between October 26, 2012 and March 08, 2013, between Tiger Sutton, ▓ and ▓. On October 26, 2012 at 12:17 pm, Tiger Sutton wrote to ▓ at ▓, ▓, Hope all is well. ▓ told me he got his VOO money last week. Can you check on my fee?" On October 26, 2012 at 10:10 am, ▓ responded, "▓." On January 7, 2013, Tiger Sutton wrote to ▓, "Please confirm with ▓ and ▓ that you sent them my fee last month." On February 21, 2013 at 12:31 pm, ▓ wrote to Tiger Sutton, "The 07/19 payment should have been expense reimbursement. I'll double check and let you know." On March 7, 2013 at 10:23 am, Tiger Sutton wrote to ▓ "▓, Can you let me know when you are going to be able to send the balance owed to me. I expect we will sign the agreement next week. Also, I saw that ▓ was paid another 166,666 last month. Please let me know the status of that check." On March 8, 2013 at 6:36 pm, Tiger Sutton wrote to ▓, "Sure. ▓ got paid on the ▓ bp case last week so you can send me that." On March 8, 2013 at 8:58 pm, ▓ responded, "He controls the money man." (TAB 19)

An e-mail chain dated on March 15, 2013, between Tiger Sutton, ▓, and ▓ On March 15, 2013 at 10:26 am, Tiger Sutton wrote, "▓ and I signed the new OA. Please let me know when my salary will be paid up. Also, let me know about the ▓ money." ▓ responded on March 15, 2013 at 11:12 am, "▓. Did we receive ▓? ▓ may have but doesn't mean we did. Tiger, what was deal on that? Tiger Sutton responded on March 15, 2013 at 11:26 am, ▓ told me that he just disbursed so you won't get it for a few days." ▓ responded on March 15, 2013 at 12:25 pm, "ok, what do I owe you? What did he send me for you?" Tiger Sutton responded on March 15, 2013 at 12:53 pm, "16,665" (TAB 20)

An e-mail chain dated between March 20, 2013 and March 22, 2013 between Tiger Sutton, ▓ and ▓. On March 20, 2013 at 3:17 pm, Tiger Sutton wrote ▓, "▓,

Please confirm that you will deposit my past due salary by end of the month at the latest." On March 20, 2013 at 5:27 pm, ▮ responded, "I'm pedaling as fast as I can Tiger. And what was the dollar amount of the other payment? I thought it'd gone out awhile ago - to the old ▮ account. I can search easier if I have the dollar figure." Tiger Sutton responded, "The last payment was a fee not ▮ salary. You sent ▮ and I an email with the balance 2 months ago. Of course you will have to add February March and April now." On March 20, 2013 at 6:07 pm, ▮ responded, "Not that one. The one from ▮." On March 20, 2013 at 6:18 pm, Tiger Sutton responded, The one you sent from ▮ was 4900. He is sending or sent another 16600. I get that when you get it. ▮ made a deal to get me made up and on time by the end of the month. That was some of the consideration for giving up some shares. If he can't do it, we need to talk." On March 21, 2013 at 7:57 am, Tiger Sutton wrote, "▮ As of March 1, I was due $100,000 as ▮ direct payments. As per your February email to ▮ and I, I have been paid $36,000 leaving a balance of $64,000. On April 1 that amount will increase to $74,000. It is imperative that my account be current. I understand that money is tight and agreed to wait until the last 2 weeks of March at ▮'s request. I need your confirmation that it will be done. The above is in addition to the $16,666 ▮ fee which you should send as soon as you get it. All funds can be deposited directly into the old ▮ account." (TAB 21)

An e-mail chain dated on March 28, 2013 between Tiger Sutton, ▮ ▮ and ▮. On March 28, 2013 at 9:45 am, Tiger Sutton wrote to ▮ at the ▮, "▮, did you send the ▮ fee to ▮ yet?" ▮ responded, "Yes. Wed.3/20 to ▮'s attention in Vegas. ▮ $16665.21 (50% ▮ referral fee)." On March 28, 2013 at 12:52 pm, Tiger Sutton wrote to ▮ and ▮, "▮, Thanks for the 30k last week and the 20k this week. According to your calculations, you still owe me 14k to catch up. ▮ told me that I would have that by the end of this week. In exchange, I agreed to wait 1 week for my April payment of 10k. Additionally, see email from ▮ below. Please advise." ▮ responded on March 28, 2013 at 4:53 pm, "We got the ▮ money in yesterday. Will transfer to old ▮, LLC account – fund in the morning." (TAB 22)

An e-mail chain dated between May 14, 2013 and June 3, 2013 between Tiger Sutton, ▮ ▮ and ▮. On May 14, 2013 at 1:06 pm, Tiger Sutton wrote to ▮ ▮ "Did you send ▮ to ▮?" On May 14, 2013 at 6:23 pm, ▮ responded, "Just saw the check sitting on ▮s desk (▮'s CFO). It should be sent to Vegas tomorrow." On May 14, 2013 at 6:29 pm, Sutton responded, "Thanks." On May 22, 2013 at 10:10 am, Tiger Sutton wrote ▮, "▮, Let me know when I can expect my May salary, as well as the final ▮ $ previously sent to you by ▮." On June 3, 2013 at 2:39 pm, Tiger Sutton wrote ▮, "▮, you should have received the ▮ check some time ago. when can i expect it." (TAB 23)

ADDITIONAL ACTIONS PLANNED:

1) Continue e-mail and computer system search;
2) Interview all individuals that worked on the ▮▮▮ claim;
3) Review all claims files represented by the ▮▮▮▮▮▮▮ or ▮▮▮▮▮▮▮.;
4) Conduct a comprehensive review of all policies;
5) Conduct a review of DHECC employment policies;
6) Review Code of Conduct issues with DHECC personnel and vendors;
7) Independent/Outside counsel assistance with further investigation;
8) Referral to law enforcement agency;
9) To the extent not covered above, follow up on bullet points proposed in BP letter of June 18, 2013.