# Exhibit 6

# bp

**Mark Holstein**
Managing Attorney
BP Legal – Litigation

BP America Inc.
P.O.Box 3092
Houston Texas 77253

501 WestLake Park Blvd.
Houston Texas 77079-2607
Mail Code 17.130

Direct: 281-366-8895
Fax:    281-366-3491
Mark.Holstein@bp.com

June 21, 2013

<u>Via E-Mail</u>

The Honorable Carl J. Barbier
United States District Judge
United States District Court, Eastern District of Louisiana
500 Poydras Street, Room C-256
New Orleans, LA  70130

> Re: *Deepwater Horizon Court Supervised Settlement Program -- Request for Independent Investigation*

Dear Judge Barbier:

We appreciate the opportunity to have appeared before you yesterday to discuss the allegations that have been made regarding unethical and potentially criminal behavior by individuals inside the Court Supervised Settlement Program ("CSSP") -- and the evidence that has been compiled to date in support of those allegations. We also applaud the fact that the CSSP ultimately performed some investigation, which revealed the misconduct of Lionel Sutton and acknowledge that the CSSP's statement that it had taken certain remedial actions (suspending the employment of Mr. Sutton and Christine Reitano) is a step in the right direction.

However, as we discussed yesterday, the circumstances that have led us to this point also make very clear that much more investigation must be conducted and further remedial action is warranted. As we conveyed to you yesterday and to the CSSP previously, BP has significant concerns about the integrity of the CSSP, including the processing and payment of claims and the development and promulgation of CSSP policies. For that reason, BP is requesting that an outside, independent investigator be appointed immediately to conduct a full investigation into fraud, unethical behavior, and other potentially criminal conduct inside the CSSP.

Simply put, had BP not pressed the Sutton matter with Mr. Juneau by requesting a meeting on Monday, June 17, 2013 and then following up with its June 18, 2013 letter requesting that certain investigative steps and remedial actions be taken, it is possible that no further investigation into the Sutton matter would have been undertaken. It is undisputed that the CSSP first became aware of the Sutton allegations at the end of May 2013, yet it appears that Mr. Sutton's emails were not locked down, searched and reviewed for almost three weeks -- until June 19, 2013 -- which was after the June 17 meeting and BP's June 18 letter. Some of these emails, which were apparently reviewed for the first time only two days ago, reveal startling communications between Mr. Sutton and individuals from the ▨▨▨▨▨▨ and/or

200597v1

The Honorable Carl J. Barbier
United States District Judge
June 21, 2013
Page 2 of 4

▇▇▇▇▇▇ ▇▇ that depict Mr. Sutton's expectation and receipt of fee payments from these law firms relating to CSSP awards to claimants at the same time that Sutton, as a fiduciary for the CSSP, was apparently involving himself in claims activity relating to those same firms. Thankfully, the ▇▇▇▇▇▇▇ own pending BEL claim for more than $7.5 million has been placed on hold.

While BP appreciates that the CSSP did, ultimately, conduct some investigation into the Sutton allegations, the Investigative Report and discussion at yesterday's in-chambers conference suggests that thus far, this investigation has been inadequate. As the Investigative Report acknowledges, and as Mr. Juneau, his counsel Mr. Leslie Schiff, the PSC, and this Court agreed yesterday, much more investigation needs to be done. For example, the review of Sutton's emails apparently involved the use of only two search terms -- "▇▇▇▇" and "▇▇▇▇" -- leaving out other obvious terms such as "▇▇▇▇." It appears that the focus of any investigation thus far has been almost entirely upon one claim, ▇▇▇▇. We are concerned about the extent of any other misconduct in connection with the more than 670 remaining claims involving the ▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇, let alone the thousands of other claims before the CSSP.[2] Mr. Schiff may have spoken to some senior staff in the CSSP over the course of a single morning, but we have not seen the results of those interviews and our experience strongly suggests that a much more detailed and thorough investigation must be done to ensure the integrity of the CSSP.[3] We can all agree that there is no place in the CSSP for employees who stand to gain financially from claimant awards by the CSSP, who have not disclosed those financial interests, or who may be improperly attempting to influence the outcome of claims or CSSP policies.

Given the Court's and the CSSP's lawyer's (Mr. Schiff's) recognition yesterday that any such investigation should be performed by someone other than themselves, BP respectfully requests that a separate, independent investigation be conducted to look into corruption, ethical violations, and other misconduct within the CSSP, as well as into any flaws in the CSSP's policies, procedures, and practices that permits any such misconduct to occur. To that end, BP recommends that the Court appoint a fair-minded, unbiased professional investigator to investigate this matter, and it intends to propose one or more names to the Court for that purpose. While the investigator should be instructed to work independent of BP, the PSC, and the CSSP, we understand that the cost of such an investigation will be borne by BP as part of the administrative costs associated with the settlement agreement.

---

[1] According to the Investigative Report, the ▇▇▇▇▇▇▇ and/or ▇▇▇▇▇▇▇ represent parties in approximately 675 claims before the CSSP, and the ▇▇▇▇▇▇ is pursuing its own claim for more than $7.5 million.

[2] For example, emails and documents in claim files contain additional investigative leads regarding claims and individuals that presumably have not yet been explored. For example, in one email, Ms. Reitano indicates that she is co-counsel with another law firm (not ▇▇▇▇▇▇) for two additional claimants. Further, the Contingency Fee Agreement and Authority to Represent form signed by ▇▇▇▇▇▇ in March 2011 was witnessed by both Ms. Reitano and another individual who now works as the executive assistant to the CSSP administrator. While we do not know whether these claims involved any impropriety, it seems logical that email and document searches relating to these additional claims and names should also have been performed.

[3] BP also believes a full financial and process audit is now warranted and we will provide a separate letter on this topic.

The Honorable Carl J. Barbier
United States District Judge
June 21, 2013
Page 3 of 4

As previously noted in my letter to Mr. Juneau dated June 18, 2013, BP expects that any investigation would, at a minimum, take at least the following measures, most of which do not appear to have been undertaken by the CSSP's own inquiry thus far:

- collect, preserve, and review documents and data regarding the nature of the Sutton allegations, to include documents, emails and other electronic communications, related to all work specifically performed or influenced by Sutton and Reitano with the CSSP;

- collect, preserve, and review hard-copy and electronic documents from Sutton, Reitano, other individuals who communicated with or were likely to communicate with Sutton and Reitano regarding relevant claims and/or policies, or otherwise had knowledge of Sutton's and Reitano's involvement in these matters;

- collect, preserve, and review all claim files involving Sutton, Reitano, and the ██████████ and the ██████████;

- collect, preserve, and review all document collections, SharePoint sites, or other locations where communications or documents might exist relating to claims and/or policies in which Sutton or Reitano had involvement;

- collect, preserve, and review all documents related to ████████ and any other LLCs in which Sutton has an interest;

- collect, preserve, and review all documents related to policies and procedures of the CSSP, including, but not limited to the employee code of conduct, and any policies that relate to employee self-dealing and conflicts of interest;

- collect, preserve, and review any employment or "personnel file" documents for Sutton and Reitano, including, but not limited to employee applications, certifications, disclosure forms, and background checks;

- identify and interview individuals inside CSSP working with Sutton and Reitano on claims, including any people who supervised or reported to Sutton and Reitano;

- identify and interview individuals inside CSSP working on claims involving the ██████████ and/or ██████████ -- including Sutton and Reitano themselves; and

- identify and interview other individuals with knowledge of communications involving Sutton and/or Reitano relating to claims in which Sutton, Reitano, and the ██████████ and/or ██████████ have an interest.

The Honorable Carl J. Barbier
United States District Judge
June 21, 2013
Page 4 of 4

Perhaps most important given the evidence uncovered just this week, it is imperative that this independent investigation also examine some of the CSSP's current policies, practices, and procedures. The Sutton allegations and evidence suggest a lack of internal controls within the CSSP related to employee background checks, personal financial disclosures, and other possible conflicts of interest, which permits opportunities and perhaps creates an environment in which CSSP employees may be able to improperly influence CSSP claims processing and policies. The independent investigator should take a hard look at these policies, practices, and procedures, and offer suggestions to the CSSP about how it should revisit, alter, and/or develop measures to ensure CSSP decision-making and policy-making is free from personal or professional conflicts of interest.

Finally, BP persists in its request that remedial measures be taken to mitigate any ongoing harm to BP and any other victims. Recognizing that the CSSP has indicated it has suspended Mr. Sutton and Ms. Reitano, BP expects that the CSSP would take the following additional actions to prevent any further harm:

- place a hold on all claims filed by claimants represented by the ▇▇▇▇▇▇ and ▇▇▇▇▇▇ until it can be determined that Sutton and/or Reitano has not inappropriately influenced and/or intervened in the processing of such claims (Mr. Juneau did indicate that he has done this);

- place a hold on pending decisions and/or policies potentially influenced by Sutton and/or Reitano; and

- revisit any prior decisions and/or policies potentially influenced by Sutton and/or Reitano.

BP thanks the Court for its consideration and it looks forward to expeditiously enlisting the services of an independent investigator to investigate misconduct within the CSSP, along with the practices and procedures that have allowed such misconduct to exist.

Sincerely,

*[signature]*

Mark Holstein
Managing Attorney


cc:   Magistrate Judge Sally Shushan
      Patrick A. Juneau
      Michael J. Juneau
      Steve Herman
      James Roy