# Exhibit 9

IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards, LLC | Herman, Herman & Katz, LLC |
| 556 Jefferson St., Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| E-Mail: jmr@wrightroy.com | E-Mail: Sherman@hhklawfirm.com |
| Telephone: (337) 233-3033 | Telephone: (504) 581-4892 |
| Direct: (337) 593-4190 | Direct: (504) 680-0554 |
| Fax: (337) 233-2796 | Fax: (504) 561-6024 |

June 24, 2013

*Via* E-Mail

Daniel A. Cantor, Esq.
ARNOLD & PORTER
555 Twelfth Street, NW
Washington, DC 20004
E-Mail: Daniel.Cantor@aporter.com

Re:  Letter to Settlement Program Claimants (June 20, 2013)

Dear Dan:

Your proposed letter misstates the law and violates BP's obligations under the Settlement Agreement. The Settlement Agreement contains detailed procedures to seek review of individual awards. There is no procedure which allows the recovery of payments made by the Administrator after the appropriate appellate process. Section 6.2 of the Agreement clearly provides that the award as determined by an Appellate Panel is the Settlement Award. Accordingly, the Rules Governing the Appeals Process provide that the decision of the appeal panel shall be final, and the Settlement Administrator **will** apply the decision. *See* Rules 17(d)(5) and 17(e). No process exists to alter the amount of an award after it has been paid. BP acknowledged that when it represented to Judge Barbier, and the Fifth Circuit, that it would suffer "irreparable harm" if its Motion to Stay were not granted.

Indeed, if claimants and their counsel were to maintain the *status quo* by holding the funds in trust, as BP suggests, it would have the same effect as the injunction and stay which BP sought – but were **denied**.[1]

---

[1] We would also question whether your "advice" to claimants and their counsel is consistent with their potential obligations to the I.R.S.

1119473.2

Your letter also misstates the applicable law. All of the authority BP cites relates to the reversal of **judgments** and are inapposite to payments made under a carefully negotiated and structured Settlement Agreement. Notwithstanding that glaring distinction, the cases cited do not support BP's position. For example, your letter incorrectly claims the Supreme Court's decision in *Atl. Coast Line v. Florida,* 285 U.S. 301 (1935) provides that BP can recover the payments made to claimants in this case. In fact, the opinion provides that such a recovery is "not of mere right. It is *ex gratia*, resting in the exercise of a sound discretion; and the court will not order it where the justice of the case does not call for it. . . ." The Supreme Court in *Atl. Coast* denied the request to recover the "overpaid" amounts under the facts of that case. *See also, Davison Gulfport Fertilizer Co. v. Gulf & Ship Island R. Co.* 92 F2d 107, 111 (5th Cir. 1937)("plaintiff must show not merely breaches of formalities by defendant in obtaining the money it sues for, nor merely a failure to comply with some positive provision of law. It must show that in equity and good conscience the money defendant has is really plaintiff's, and defendant ought not to keep it"). We are confident that in the unlikely event BP prevails on its appeal, the Court will find that equity and good conscience will not require any reversionary payments to BP from Claimants.

Indeed, the interpretation, implementation and enforcement of the Settlement Agreement is vested exclusively in the District Court, as the Settlement Agreement expressly provides in Section 18.1, and as the Court's December 21, 2012 Amended Judgment confirms.

The Order and Judgment is entered to effectuate a negotiated, and Court-approved, class action settlement under Fed. R. Civ. P. 23(a)-(e), not a contested proceeding in which judgment was entered against BP over its objection. This context not only renders BP's authorities inapposite, but raises several questions regarding the propriety of any letters from BP to class members or their counsel that are not reviewed and approved for fairness and accuracy by the District Court prior to dissemination. *See, e.g.*, Fed. R. Civ. P. 23(d). As the *Manual for Complex Litigation, Fourth* (Federal Judicial Center 2004) makes clear, "[t]he judge has ultimate control over communications among the parties, third parties, or their agents and class members and the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the Class." *MCL 4th, § 21.33,* "Communication Among Parties, Counsel, and Class Members," citing, *inter alia*, Rule 23(d); *Gulf Oil v. Bernard*, 452 U.S. 89, 100 (1981); *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1201 (11th Cir. 1985). Thus, a settling defendant's opinion regarding an aspect of the Settlement may not be communicated directly to class members or their individual counsel without Court review and approval. The context and scope of BP's proposed letter is neither neutral, objective, nor specific. It involves a provision of the settlement that BP is actively challenging, and as to which, at this juncture in BP's opinion at least, it is adverse to certain class members.

The position taken in the proposed letter additionally appears to violate the long-established voluntary payment doctrine. For example, under Alabama law, "It has been the law in Alabama for over 150 years that where one party, with full knowledge of all the facts, voluntarily pays money to satisfy the colorable legal demand of another, no action will lie to recover such a voluntary payment, in the absence of fraud, duress, or extortion." *Mt. Airy Insurance Co. v. Doe Law Firm*, 668 So.2d 534, 537 (Ala. 1995). The Fifth Circuit has ruled that under Mississippi law, "The general principle is that, where the party with full knowledge, actual or imputed, of the facts, there being no duress, fraud or extortion, voluntarily pays money on a

1119473.2

demand, although not enforceable against him, he cannot recover it back." *Chris Albritton Construction Co. v. Pitney Bowes, Inc.*, 304 F.3d 52, 5317 (5th Cir. 2002). Under Louisiana law, "it is well established that 'money voluntarily paid with knowledge of the facts cannot be recovered back.'" *Patterson v. Dean Morris, LLP*, 2011 WL 1791235 at *10 (E.D. La. May 6, 2011) (citing *Ken Lawler Builders v. Delaney*, 892 So.2d 778, 780 (La. App. 2d Cir. 2005)). *See also Hamid v. Stock & Grimes, LLC*, 2012 WL 2135502 at *3 (E.D. Pa. June 12, 2012) (monies paid to by peace in settlement context are not subject to recovery).

      It is obvious that the timing and tone of your letter is an attempt to discourage claimants from pursuing claims under the Settlement Program. BP's efforts in this regard violate Section 17.1 of the Settlement Agreement and BP's overriding obligation to support the settlement. Therefore, we ask you to reconsider your position.

      Sincerely,

      JAMES PARKERSON ROY
      STEPHEN J. HERMAN
      *Co-Lead Class Counsel*

cc: The Honorable Sally Shushan
    Patrick A. Juneau, Esq.
    Mark Holstein, Esq.
    Richard Godfrey, Esq.

1119473.2