UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Regarding Working Group Conference on Friday, July 12, 2013]

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

**NON-PHASE TWO MATTERS**

1. **Removal of items at Michoud sought by Transocean.**

    Transocean was authorized to remove the items listed by Captain Englebert. Rec. doc. 10720. Transocean is responsible for transportation and condition of the items with no liability to the Court, Captain Englebert, BP, or any other party. BP and Transocean are preparing an order to that effect.

2. **Michoud lease.**

    BP reports that after the removal of the items by Transocean, there are three remaining categories of items at Michoud: (a) items to be released to BP for further preservation; (b) items with no need for further preservation; and (c) items to be retained at Michoud. BP is working on

a proposed order for the three categories. It has not made a decision regarding the extension of the lease, but will do so shortly.

3.  **EHANS software**.

BP reported that the laptop containing the EHANS software was returned. This will be removed from the agenda.

4.  **NOAA information**.

The U.S. is working with BP on a draft order.

## PHASE TWO PREPARATION

1.  **Deposition designations**.

The U.S. reported that, because of the limitations under consideration by Judge Barbier for Phase Two, the parties may need to reassess the need for the remaining 60 deposition designations.

2.  **Crime-fraud.**

BP reported that it will produce the documents for Morgheim for *in camera* review on July 16. The documents for Lynch and Harkavy for *in camera* review will come in before August 1.

3.  **Motions to strike experts**.

The U.S. reported that it will move to exclude the quantification experts for Transocean (Sundaresan and Pollard) and Halliburton (Strickland and Ravi). Transocean and Halliburton responded regarding the issue of their participation in quantification.

On Friday, July 12, 2013, Judge Barbier determined that Transocean and Halliburton will not be permitted to call quantification witnesses at Phase Two or present any portion of their reports. Unless the expert witnesses have expressed opinions about source control, the depositions were

canceled. The depositions of Strickland (HESI), Sundaresan (Transocean) and Pollard (Transocean) were canceled.

After Judge Barbier's determination, an issue arose concerning the cancellation of the deposition of Ravi (July 30 and 31), a quantification expert for Halliburton. An order was issued granting BP's motion to strike his report. Rec. doc. 10751. The deposition of Dr. Ravi is cancelled.

The U.S. reported that it had concerns about its absence from source control. It cited two source control experts, John Wilson (TO - July 22) and Adam Ballard (BP/A - July 29), who also opine on quantification related issues.

Stevick is a source control expert for Halliburton. There was an issue about whether the deposition is two days or one day. Halliburton contends that it is set for one day, July 25. BP indicated it was set for July 25 and 26. If the parties cannot agree on the length of the deposition, they shall notify the Court. BP seeks an order striking a portion of Stevick's rebuttal report.

**4.      Scheduling expert depositions**.

On Friday, July 12, 2013 at 2:46 p.m., the U.S. distributed a revised expert deposition schedule incorporating all changes as of that time. The Dewers (U.S. quantification) deposition is set for August 2.

Ballard, a source control expert for BP, was not included in the Court's orders for the allocation of examination time. The parties agreed on the following allocation:

    PSC           30 minutes

    States        10 minutes

    Transocean    300 minutes

    Halliburton   45 minutes

| | |
|---|---|
| U.S. | 10 minutes |
| Anadarko | 10 minutes |
| BP | <u>45 minutes</u> |
| Total | 450 minutes |

**5.  Dispositive Motions and Motions in Limine.**

The briefing schedule for dispositive motions was adjusted:

Monday, July 15 - deadline for filing - memorandum shall not exceed 20 pages.

Monday, July 29 - deadline for opposition - memorandum shall not exceed 20 pages.

Monday, August 5 - reply brief deadline - not to exceed 7 pages.

There was no adjustment for the briefing schedule for motions in limine. The page limitations for motions in limine are: 15 pages for the memorandum in support; 15 pages for the opposition; and 3 pages for reply briefs.

The page limitations for dispositive motions and motions in limine are found in the June 19, 2013 order (Rec. doc. 10426).

For dispositive motions, BP may suggest a hierarchy for ruling.

**6.  Exhibit list deadline.**

August 9 is the deadline for exchanging lists of reliance exhibits, including documents identified as consideration materials, and adding exhibits to the exhibit list.

**7.  Trial - allocation of time, other issues and pretrial timeline.**

On Thursday, July 11, the Court distributed an email to counsel regarding the conduct of Phase Two as approved by Judge Barbier and a further revised timeline.

Transocean reported on work with the PSC, the States and Halliburton on source control (the "aligned parties"). They were in agreement that: (a) the source control portion of the trial is limited to 4 trial days; (b) a chess clock approach will be employed with objections and colloquy charged to the party making them; and (c) the aligned parties will have 50% of the time and BP will have the remaining 50% of the time. The aligned parties divide source control into two parts: (a) preparedness by BP as presented by the experts for PSC and Halliburton; and (b) what happened after the blowout. Transocean stressed the importance of the source control issue to Halliburton and to it and commented on the position of the aligned parties on the duration of opening statements, the division of trial time between the aligned parties and BP, the division of time among the aligned parties, expert witnesses, video clips of depositions, and fact witness deposition designations.

Transocean submitted a one page issue paper for Phase Two which it shared with BP. It requested a confidentiality order to preserve the ability of diverse parties to meet and talk about trial preparation. The confidentiality ordered will be modeled after the May 16, 2011 order amending PTO 1 and PTO 14 regarding communications between the U.S., the States and the PSC. Rec. doc. 2375.

BP reported its position on the Court's July 11 distribution and the response by the aligned parties. It stressed the importance of a limitation on the number of experts. It recommended that the parties meet-and-confer on the issues.

The U.S. and BP are not as far along in preparation for the quantification segment as the aligned parties and BP are in source control. The U.S. expressed concern about BP's proposed limit on deposition designations. The U.S. agreed with the aligned parties that a time limit was preferable to a limit on the number of depositions. The U.S. asked that the parties consult on the question of

witnesses whose testimony overlaps source control and quantification.

The U.S. reported that the parties agreed on Friday, August 16, 2013 as the deadline for exchange of TREX-stamped exhibits for non-deposition exhibits.  The U.S. noted that the parties will exchange an "objective summary" of the deposition witnesses.  Thereafter, "adversarial summaries" will be prepared and exchanged by groups of parties:  (a) PSC/U.S.; (b) BP/Anadarko; and (c) TO/HESI.  When the bundle is complete, inData will have the objective summary followed by the adversarial summaries.  Because of this procedure, the Court will delete the deadline for "deposition summaries" from the revised draft timeline.

There was discussion about whether the date for the exchange of demonstratives should be staggered to conform to starting dates for source control and quantification in the trial of Phase Two.

Halliburton suggested that the need for deposition designations could be reduced if there was a procedure for the use of deposition testimony to provide the foundation for the admissibility of exhibits referred to in depositions.  The U.S. and the PSC endorsed the suggestion.  BP reported that it will work on a process for using deposition testimony from excluded depositions as the foundation for the admissibility of exhibits.

The PSC suggested that the parties be permitted to use 5 and 10 minute "snippets" of deposition testimony which would count against their allotted time but which would be from depositions beyond the limit set by Judge Barbier.  BP was opposed to that proposal.

The aligned parties propose that, in the source control segment, the limit be 6 experts per side. The aligned parties see this as the best way to eliminate cumulative testimony.  BP believes that 6 per side is too many.

**Follow-up telephone planning conferences are set for Wednesday, July 17, 2013, at 1:30 p.m. for source control and at 3:30 p.m. for quantification**. The parties will meet-and-confer prior to these conferences.

8.   **Application of Phase One Rulings to Phase Two**.

BP reported that it will submit a report by Tuesday, July 15.

9.   **Trial Planning Meetings.**

    7-26-13    Source Control Planning Conference

    8-16-13    Quantification Planning Conference

10.   **Commencement of Trial.**

Judge Barbier is considering moving the start of the trial by 2-3 weeks.

Option One:  September 30 through October 25.[1]

Option Two:  October 7 through October 25.  Then break and continue November 4 through 7 or 8.

By **3:00 p.m. on Monday, July 14**, the parties were asked to report any significant problems and express their preferences.  The pretrial conference will remain unchanged to take place on **Thursday, September 5, but at 2:00 p.m. rather than 9:00 a.m.**

11.   **Additional Stipulations**.

On August 9, 2012, stipulated facts concerning source control events were filed.  Rec. doc. 7076.  Because of Judge Barbier's limitations on the trial of Phase Two, BP will work on additional stipulations for Phase Two.

---

[1] October 14 is Columbus Day.  Trial can go that day or make up that trial day on one Friday.

## OTHER PHASES

1. **Penalty Phase.**

    The U.S. reported on the meetings with BP and Anadarko. They are preparing drafts of Rule 26(f) conference report and a Rule 16 scheduling order. The parties will exchange proposed stipulations. They are not ready to begin intensive discovery. They will recommend that Penalty Phase discovery be delayed until after the conclusion of Phase Two discovery and possibly until after the trial of Phase Two.

2. **OPA test cases**.

    The Court is working with the PSC and BP on OPA test cases.

3. **State test case**.

    There is no update for the State test case.

## CONFERENCE SCHEDULE

| | |
|---|---|
| 07/19/13 | **Telephone only WGC at 9:30 a.m.** (Dial-in information will be provided). |
| 07/26/13 | WGC meeting at 9:30 a.m. (to be followed by Planning Conference on Source Control). |
| 08/02/13 | **Telephone only WGC at 9:30 a.m.** |
| 08/09/13 | WGC meeting at 9:30 a.m. |
| 08/16/13 | WGC meeting at 9:30 a.m. (to be followed by Planning Conference on Quantification). |
| 08/23/13 | **Telephone only WGC at 9:30 a.m.** |
| 08/30/13 | **Telephone only WGC at 9:30 a.m.** |
| 09/05/13 | **Phase Two Final Pre-Trial Conference at 2:00 p.m.** |

09/06/13   WGC meeting at 9:30 a.m.

09/13/13   WGC meeting at 9:30 a.m.

**09/16/13   Commencement of Phase Two Trial**

    **All Saturdays are email free days.**

New Orleans, Louisiana, this 17th day of July, 2013.

                                             **SALLY SHUSHAN**
                                             **United States Magistrate Judge**