UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

ORDER

[Regarding BP's Motion to Strike Report of Glen Stevick (Rec. doc. 10742)]

Dr. Glen Stevick was designated by Halliburton as a source control expert.  His deposition is set for Thursday, July 25, 2013.  On July 5, BP filed a motion to strike the entirety of the rebuttal report for Dr. Kris Ravi, a Halliburton quantification expert, and a portion of Dr. Stevick's rebuttal report.  Rec. doc. 10742.  Halliburton submitted an opposition.  Rec. doc. 10741.  BP submitted a reply.  Rec. doc. 10764.  BP's motion to strike Dr. Ravi's rebuttal report was granted.  Rec. doc. 10751.

The portion of Dr. Stevick's June 10, 2013 rebuttal report at issue is found at pages 11-14 under subpart B concerning anomalies not acted on during drilling and well abandonment.  Dr. Stevick notes three anomalies, including casing breach.  Rec. doc. 10742 (Exhibit D - Part II(b)(i).

BP first argues that Part II(b)(i) of Dr. Stevick's report relates solely to quantification and should be excluded.  On July 12, 2013, Judge Barbier determined that Transocean and Halliburton will not be permitted to call quantification witnesses at Phase Two.  Unless the expert witnesses are expressing opinions about source control, the depositions were canceled.  The depositions of quantification experts for Transocean and Halliburton were cancelled.  BP requests that the Court broaden the application of this order to strike the quantification portion of the report.  The parties

have noted that there is overlap between source control and quantification in the testimony of Rule 30(b)(6) witnesses, fact witnesses and experts.  The Court declines to strike Part II(b)(i) of Dr. Stevick's report because it relates solely to quantification.  It may prompt requests for review of other source control reports to determine whether quantification material should be struck.

BP's second argument to strike Part II(b)(i) is the same as employed in support of its request to strike Dr. Ravi's rebuttal report.   BP reports that its quantification expert, Dr. Momber, offers opinions regarding cement erosion that would have occurred in the wellbore over time on the basis of the cement-related evidence adduced at the Phase One trial.  Referring to the entirety of Dr. Ravi's rebuttal report and Part II(b)(i) of Dr. Stevick's report, BP contends that both Stevick and Ravi use their reports as vehicles for providing opinions on Phase One cement issues.

Halliburton argues that Dr. Stevick responds directly to the report of Dr. Momber concerning the explanation for a sudden change in flow rate.  Dr. Stevick disagrees with Dr. Momber's theory and presents his own explanation for the sudden increase in flow rate.  Rec. doc. 10741 at 3. Halliburton acknowledges that while BP and the U.S. argue opposing positions on flow rate, Stevick and Ravi present a third option in which they argue that casing breach rather than cement fragmentation presents the best explanation.  Id. at 5.  Halliburton contends it should not be denied the opportunity to present rebuttal analysis regarding the role of cement in Phase Two.

The Court agrees with BP that in Part II(b)(i) Dr. Stevick presents a new Phase One opinion in Phase Two that should have been presented in Phase One.  Accordingly and for the reasons cited in the order granting BP's motion to strike Dr. Ravi's rebuttal report,

2

IT IS ORDERED that BP's motion to strike Part II(b)(i) of Dr. Stevick's rebuttal report (Rec.

doc. 10742) is GRANTED.

IT IS FURTHER ORDERED that the deadline for an appeal of this order is **Monday, July**

**22, 2013 at noon**.

New Orleans, Louisiana, this 17th day of July, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**