UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | § | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf of | § | |
| Mexico, on April 20, 2010 | § | SECTION: J |
| | § | |
| This Document Relates to: | § | Judge Barbier |
| | § | |
| All Cases | § | Mag. Judge Shushan |
| | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM IN OPPOSITION TO
BP'S MOTION FOR AN EMERGENCY PRELIMINARY
INJUNCTION TO SUSPEND PAYMENTS FROM THE COURT
SUPERVISED SETTLEMENT PROGRAM PENDING SPECIAL
MASTER FREEH'S INVESTIGATION AND REPORT.

**MAY IT PLEASE THE COURT,** Plaintiffs represented by undersigned counsel file this objection to BP's Motion and Memorandum for an Emergency Preliminary Injunction to Suspend Payments from the Court Supervised Settlement Program Pending Special Master Freeh's Investigation and Report, and pray that this Honorable Court will deny BP's motion for the reasons set forth herein.

BP alleges that it would suffer irreparable harm if an injunction is not issued by this Court. However, this is not the case. Without reciting all the facts in BP's Motion such as the allegations of wrongful conduct by Lionel Sutton, III, and Christine Reitano, the claims process was created with a system of checks and balances that prevent BP from suffering irreparable harm. In addition to the checks and balances implicit in the settlement

1

program, Mr. Juneau has already taken steps to protect BP's interests and the concerns raised in its motion.

The settlement program allows for each side to file an appeal if the parties disagree with the Eligibility Notice the claims administration generates. In the example cited by BP in its brief, the Business Economic Loss (BEL) of client X was reviewed by Postlethwaite & Netterville and had undergone a QA review by PriceWaterhouseCooper. BP appealed the award. A three member panel reviewed the claim and affirmed the award. The claim was placed on hold and not paid once the allegations against Mr. Sutton were brought to light. In addition, PriceWaterhouseCooper reviewed the claim again after the allegations against Mr. Sutton were brought to light and still found no adjustments were needed to the claim. Therefore no harm has befallen BP regarding this claim, much less harm of an irreparable type.

Even if all allegations against Mr. Sutton are accepted as true, if the award was not accurate and within the standards set forth in the settlement, one of the three review processes would have discovered the inaccuracy and modified the award accordingly. Two different accounting firms reviewed the documents and then a three (3) member appeal panel reviewed the award and found it to be accurate. Out of an abundance of caution, the claim is on hold and has not been paid.

Further, there are no allegations that Mr. Sutton and Mrs. Reitano corrupted or compromised the review process or the system of check and balances that are implicit in the settlement process.

Second, Mr. Juneau placed all claims of clients represented by the alleged law firm that was allegedly conspiring with Mr. Sutton on hold. This "hold action" protects BP's interest, as well, and therefore BP cannot suffer a harm if the claims are on hold. In addition to these immediate actions, the claims administrator instructed Brown Greer to review all policies, that BP objected to or deferred to the claims administration, and the history leading to the policies to ensure the policies of the DHECC are free of any improper influence.

If this preliminary injunction is granted, the people who will be harmed are the innocent parties trying to collect their settlement. Oysterman, fisherman, shrimpers, crabbers are some of the types of claimants still waiting to receive their settlement check and have no relationship with any of the alleged wrongdoers. Why should their money be withheld even longer? These claimants have been waiting for over 3 years to be made whole for the destruction caused by the Deepwater Horizon Oil Spill. Some of these claimants have signed and accepted their eligibility notice, BP did not appeal, and are only waiting on the check to be issued and delivered. However, if granted, this injunction would prevent them from receiving their funds.

Besides the seafood claimants still waiting for their award, there are hundreds of BEL claimants that are awaiting their eligibility notices and are relying on these funds being paid soon in order to reinvest them into their businesses.

To issue a preliminary injunction against all claims would be patently unfair and harmful to the innocents trying to proceed through the settlement process.

The factors the Court should consider in determining if a preliminary injunction should be granted do not fall in favor of granting BP's motion. As discussed above, the checks and balances set forth in the settlement procedure and the actions of Mr. Juneau prevent BP from suffering an irreparable harm; the public interest and the balance of equities should tip in the favor of the innocent claimants in this litigation that have suffered losses due to the actions of BP. It is fundamentally unfair to further punish these claimants due to the alleged actions of a man and a law firm that these claimants have no association. The public interest is most furthered by paying the claims of the innocent claimants so they can be made whole from the damages they suffered as a result of the explosion on the Deepwater Horizon and the subsequent oil spill.

If this Honorable Court does not believe that the checks and balances implicit in the settlement program and the hold placed on law firm Y's clients are not sufficient, then a search should be conducted and only claims with

which Mr. Sutton and Mrs. Reitano had an interest in prior to their employment with the claims administration should be suspended. This search should require a minimal amount of effort. At this point in time, no one knows how long Special Master Freeh's investigation and report will take to be published and an indefinite delay would cause a greater harm to the innocent plaintiffs than it would to BP if injunctive relief is not granted.

      Plaintiffs pray that this Honorable Court will deny BP's Motion for a Preliminary Injunction.

Date: July 18, 2013                    Respectfully submitted,

                                        /s/ Daniel E. Becnel, Jr.
                                        Daniel E. Becnel, Jr. (2926)
                                        Salvadore Christina, Jr. (27198)
                                        BECNEL LAW FIRM, LLC
                                        106 W. SEVENTH ST.
                                        P.O. DRAWER H
                                        RESERVE, LA 70084

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL2179, on this 18th day of July, 2013.

                                          /s/ Daniel E. Becnel, Jr.
                                          Daniel E. Becnel, Jr.