## UNDERTAKING OF CHRISTINE REITANO IN FURTHERANCE OF COURT'S ORDER APPOINTING CLAIMS ADMINISTRATOR

This Undertaking is entered into on April 18, 2012 by and between Christine Reitano ("Reitano") and BP Exploration & Production Inc. ("BP") in furtherance of the Court's March 8, 2012 First Amended Order Creating Transition Process appointing Mr. Patrick Juneau ("Juneau") as the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program (Doc. 5995) (the "Transition Order") by the Honorable Carl Barbier of the United States District Court of the Eastern District of Louisiana in *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 ("MDL 2179") (the "Court"). Interim Class Counsel has reviewed this Undertaking and has concluded that the retention of Reitano is in furtherance of the Transition Order and will assist Juneau in carrying out the responsibilities of the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program.

### RECITALS

A.  The Court in MDL 2179 issued the Transition Order which appoints Juneau as the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program;

B.  Reitano will assist Mr. Juneau in carrying out the responsibilities of the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program; and

C.  Pursuant to the Agreement-In-Principle Regarding *"Deepwater Horizon"* Economic Loss and Property Damages Settlement, BP shall be solely responsible for all costs of the claims administration including the fees of agreed upon staff retained by the Claims Administrator to assist the Claims Administrator in carrying out the Claims Administrator Services as defined in Paragraph 1 below.

D.  A settlement trust (the "Settlement Trust") shall be established for the purpose of, amongst other things, paying the costs of administering the proposed Court Supervised Claims Program. The Settlement Trust shall be established pursuant to the order of the Court. The Settlement Trust shall be structured and operated in a manner so that it qualifies as a "qualified settlement fund" under Section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation §1.468B-1.

### UNDERTAKING PURSUANT TO TRANSITION ORDER

NOW THEREFORE, in consideration of the recitals and undertakings contained herein, Reitano and BP agree as follows:

1.  **Claims Administrator Services.**

    a.  Reitano shall work at the direction of the Claims Administrator to assist with the Claims Administrator's responsibilities as set forth in: (a) the Transition Order (and any amendments or modifications thereof); (b) the Agreement-in-Principle Regarding *"Deepwater Horizon"* Economic Loss and Property Damages Settlement; (c) a final settlement agreement among the parties, should such agreement be finalized and filed and approved by the Court; and (d) as otherwise specified or ordered by the Court ("Claims Administrator Services"). Reitano

EXHIBIT C

shall perform such services in a professional manner and strictly in accordance with the foregoing Agreement-in-Principle, the final settlement agreement, should one be finalized and approved by the Court, and otherwise in accordance with the Court's orders. Reitano further agrees that she will comply with all legal and ethical obligations related to assisting Juneau in his Court-appointed role as the Claims Administrator. Reitano shall comply with the foregoing obligations and duties. Reitano shall devote substantially all of her time to the assistance of the Claims Administrator in connection with the Claims Administrator's responsibilities as set forth above.

    b.    Upon the establishment of the Settlement Trust, this Agreement shall be amended to reflect that Reitano is retained as an independent contractor by the Settlement Trust and that the Settlement Trust shall become responsible for the Compensation obligations set forth in Paragraph 2 below.

2.    Compensation.

    a.    Reitano shall be compensated in the amount of $20,833 per month to provide assistance to the Claims Administrator in carrying out of Claims Administrator Services (the "Compensation"). Such Compensation shall be paid on a month-to-month basis starting on April 1, 2012 through and including the date which is the earlier of: (i) the Court denies the parties' motion for preliminary approval; (ii) the Court denies the parties' motion for final approval; (iii) the reversal on appeal of a Court order granting final approval; (iv) the Court enters an Order closing the proposed Court Supervised Claims Program; (v) Juneau resigns, can no longer serve or is removed by the Court as the Claims Administrator; or (vi) Reitano is terminated by the Claims Administrator for Cause (collectively, "Termination Events"). As used herein, "Cause" shall mean any of the following: (1) the failure of Reitano to perform the services in accordance with the requirements of Paragraph 1, which failure is not cured within ten (10) days after written notice thereof, (2) the breach by Reitano of any other obligations under this Undertaking, which breach is not cured within ten (10) days of written notice thereof, (3) the commission of any act or any omission involving gross negligence, fraud, or other intentional or willful misconduct by Reitano, and (4) any other violation of a statute, regulation, order, decree or court requirement by Reitano.

    b.    The first twenty-four (24) months of Reitano's Compensation, effective as of April 1, 2012, is guaranteed by BP regardless of whether a Termination Event in Paragraphs 2(a)(i) through and 2(a)(v) occurs prior to the expiration of that twenty-four (24) month period. In the event that Reitano's service is terminated by virtue of one of the Termination Events in Paragraphs 2(a)(i) through 2(a)(v) prior to the first twenty-four (24) month period, Reitano shall be paid the balance of the guaranteed monthly payments within ninety (90) days of the termination date. However, in the event that a Termination Event in Paragraph 2(a)(vi) occurs, any unpaid Compensation under this Paragraph 2(b) shall not be paid to Reitano.

    c.    In addition to the Compensation, Reitano shall be reimbursed on a monthly basis the reasonable and necessary expenses incurred by Reitano in order to assist the Claims Administrator in carrying out the Claims Administrator Services (the "Expenses"). Such reimbursable Expenses shall include travel and travel-related expenses (mileage, lodging, parking, meals, etc.) when such expenses are incurred in the course of assisting the Claims Administrator in carrying out the Claims Administrator Services.

EXHIBIT C

3. <u>Funding Mechanism for Payment of Compensation and Expenses.</u>

   a. The Compensation and Expenses shall be paid to Reitano (Tax EIN 093548102) via wire transfer out of an account to be agreed upon by BP and Interim Class Counsel on a monthly basis on the 15th day of each month (the "Claims Administration Account").

   b. Reitano shall submit invoices and supporting documentation for all Expenses for payment from the Claims Administration Account at least fifteen (15) calendar days prior to the payment date described in Paragraph 3(a) above. Copies of all invoices and supporting documentation shall be provided to BP and Interim Class Counsel at the same time when such invoices and supporting documentation are submitted for payment from the Claims Administration Account.

   c. BP has the right to audit and challenge the payment of any Expenses on the grounds that such amounts are not reasonable and necessary for Reitano to assist the Claims Administrator in carrying out the Claims Administrator Services. If Reitano contests BP's rejection of any Expenses, Reitano may present the dispute to the Court for resolution.

4. <u>Indemnification.</u> BP shall indemnify, defend and hold Reitano harmless, to the full extent lawful, from and against any losses, liabilities, expenses, claims, suits, investigations or proceedings related to or arising out of Reitano's assistance to the Claims Administrator in carrying out of the Claims Administrator Services or any other services performed by Reitano under this Undertaking (collectively, "Losses"), including but not limited to Losses resulting from Reitano's negligence, except that Reitano will not be indemnified or held harmless with respect to any Losses that are finally judicially determined to have resulted solely from Reitano's gross negligence or intentional or willful misconduct, including fraud. BP further agrees that Reitano shall not have any liability to BP in connection with Reitano's appointment to assist the Claims Administrator or any services performed by Reitano under this Undertaking, except for Losses incurred that are finally judicially determined to have resulted solely from the gross negligence or intentional or willful misconduct of Reitano. If any claim, suit, investigation or proceeding is threatened or commenced as to which Reitano proposes to demand indemnification under this Paragraph 4, Reitano will notify BP with reasonable promptness, but failure to do so shall not relieve BP of any of its obligations under this Paragraph 4 unless BP can establish that the delay in receiving such notice actually prejudiced BP and then only to the extent of such prejudice.

5. <u>Term and Termination.</u>

This Undertaking shall be effective as of April 18, 2012 and shall terminate upon the happening of a Termination Event. The audit right of BP under Paragraph 3(c) shall survive any termination or expiration of this Undertaking.

6. <u>Notices.</u> All notices and correspondence required to be given by this Undertaking shall be delivered by hand or certified mail, return receipt requested and postage pre-paid, or by a nationally recognized courier service, or by facsimile transmission, and be addressed as follows:

If to Christine Reitano:

Christine Reitano
Sutton and Reitano
935 Gravier St., Ste 1910
New Orleans, LA 70112
Phone 504 592 3230
Fax 504 585 1789

54

EXHIBIT C

If to BP:

    Mark Holstein
    BP Legal
    501 Westlake Park Boulevard
    Houston, Texas 77079
    Tel.: 281-366-8895
    FAX: 281-366-5901

If to Interim Class Counsel:

    James P. Roy
    DOMENGEAUX WRIGHT ROY & EDWARDS LLC
    556 Jefferson Street, Suite 500
    Lafayette, Louisiana 70501
    Telephone: (337) 233-3033
    Fax No: (337) 233-2796

    and

    Stephen J. Herman
    HERMAN HERMAN KATZ & COLTAR LLP
    820 O'Keefe Avenue
    New Orleans, LA 70113
    Telephone: (504) 581-4892
    Fax No. (504) 569-6024

    7.    <u>Review and Consent of Interim Class Counsel.</u> Interim Class Counsel has reviewed this Undertaking and has concluded that the retention of Reitano is in furtherance of the Transition Order and will assist Juneau in carrying out the responsibilities of the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program. Reitano shall perform services hereunder under the direct supervision, direction and control of Juneau, and other than the foregoing conclusion of Interim Class Counsel, Interim Class Counsel shall have no role in the supervision, direction or control of Reitano whatsoever. Nothing in this Undertaking shall establish or be construed to establish a relationship between Reitano, on the one hand, and Interim Class Counsel, Class Counsel, Lead Class Counsel, Co-Liaison Counsel or PSC, on the other hand, of any nature, kind or type, including, but not limited to an employment or independent contractor relationship. None of Interim Class Counsel, Class Counsel, Lead Class Counsel, Co-Liaison Counsel and PSC shall have any financial responsibility for, or obligation to fulfill or satisfy the payment of, any compensation, wages, benefits or expenses hereunder.

    8.    <u>Independent Contractor.</u> The parties hereto intend that Reitano is and shall continue to be an independent contractor throughout the term of this Undertaking. Reitano is not to be considered an employee or agent of any party for any purpose in connection with her role assisting Juneau in carrying out the responsibilities of the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program, including, but not limited to, for purposes of the Federal Insurance Contribution Act, the Social Security Act, the Federal Unemployment Tax Act, income tax withholding (federal, state and local) and any and all state taxes. Reitano agrees to timely file any necessary federal and state income tax returns, whether quarterly, annual or otherwise.

EXHIBIT C

9. **Conflict of Interest and Recusal.** Reitano represents, warrants and covenants that she will assist Juneau in carrying out the responsibilities of the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program in a professional manner and that she will do so at all times during the term of this Undertaking free of any conflict of interest as an independent contractor not affiliated with any other person or entity other than the Claims Administrator. Reitano shall have no authority to hire any sub-contractor or other person or entity to perform any Claims Administration Services or other services related to the Transition Process and/or the proposed Court Supervised Claims Program. Reitano will take appropriate steps to avoid even the appearance of a conflict of interest or loss of impartiality with respect to the performance of her official duties as part of the Transition Process and the proposed Court Supervised Claims Program. Reitano shall not participate, without prior written approval from the Claims Administrator, in any activity that presents or would appear to present to a reasonable person who is knowledgeable of the relevant facts, a conflict of interest with the Transition Process or the proposed Court Supervised Claims Program. However, merely being acquainted with an individual who, or entity that, has made a claim with the Transition Process and/or the proposed Court Supervised Claims Program does not by itself require Reitano to be recused from official activities that relate to the Transition Process and/or the proposed Court Supervised Claims Program. Reitano is not allowed to perform any official duties in the Transition Process and/or the Court Supervised Claims Program that relate to any former employer of Reitano with respect to the Transition Process and/or the proposed Court Supervised Claims Program without prior written approval of the Claims Administrator.

10. **Miscellaneous.** The terms and conditions of this Undertaking constitute the entire agreement between Reitano and BP relating to the subject matter of this Undertaking and shall supersede all previous agreements and understandings between Reitano and BP with respect to the subject matter of this Undertaking. Each party represents and warrants to the other that the individual executing this Undertaking on behalf of each party has the power and authority to do so, and that this Undertaking constitutes a legal, valid and binding obligation of such party enforceable against such party in accordance with its terms. This Undertaking shall inure to the benefit of and be binding upon Reitano and BP and shall not be assigned by either party without the prior written consent of the other party. This Undertaking shall be governed by and construed in accordance with the laws of the State of Louisiana without giving effect to its principles of conflict of laws. The terms of this Undertaking may be amended only upon the written consent of Reitano and BP.

IN WITNESS WHEREOF, the parties have executed this Undertaking as of the date first set forth above.

**Christine Reitano**

*/s/ Christine Reitano*

**BP Exploration & Production Inc.**

*/s/ Dawn M. [illegible]*
Bob Talbott

EXHIBIT C

Interim Class Counsel

James P. Roy

Stephen J. Herman

- 6 -

EXHIBIT C