| DEPARTMENT OF TRANSPORTATION U.S. COAST GUARD CG-1340 (REV. 9-92) | BILL OF SALE | THIS SECTION FOR COAST GUARD USE ONLY |
|---|---|---|

| 1. VESSEL NAME COMMOTION | 2. OFFICIAL NUMBER OR HULL ID NUMBER 1188579 | |
|---|---|---|

3. NAME(S) AND ADDRESS(ES) OF SELLERS:

COMMOTION INVESTMENTS LLC
800 FORT PICKENS RD. #1501
PENSACOLA BEACH, FL 32561

RECORDED:
BOOK:         PAGE:
PORT (IF NOT FILING PORT)
DOCUMENTATION OFFICER

3A. TOTAL INTEREST OWNED (IF LESS THAN 100%) _____ %

4. NAME(S) AND ADDRESS(ES) OF BUYER(S) AND INTEREST TRANSFERRED TO EACH:

COMMOTION CHARTERS, LLC
1000 CHAPEL VIEW BLVD. SUITE 210
CRANSTON, RI 02920

4A. TOTAL INTEREST TRANSFERRED (100% UNLESS OTHERWISE SPECIFIED) _____ %

4B. MANNER OF OWNERSHIP. UNLESS OTHERWISE STATED HEREIN, THIS BILL OF SALE CREATES A TENANCY IN COMMON, WITH EACH TENANT OWNING AN EQUAL UNDIVIDED INTEREST. CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

☐ JOINT TENANCY WITH RIGHT OF SURVIVORSHIP     ☐ TENANCY BY THE ENTIRETIES     ☐ COMMUNITY PROPERTY
☐ OTHER (DESCRIBE)

5. CONSIDERATION RECEIVED:

(ONE DOLLAR AND OTHER VALUABLE CONSIDERATION UNLESS OTHERWISE STATED)

6. I (WE) DO HEREBY SELL TO THE BUYER(S) NAMED ABOVE, THE RIGHT, TITLE AND INTEREST IDENTIFIED IN BLOCK 4 OF THIS BILL OF SALE, IN THE PROPORTION SPECIFIED HEREIN.

VESSEL IS SOLD FREE AND CLEAR OF ALL LIENS, MORTGAGES, AND OTHER ENCUMBRANCES OF ANY KIND AND NATURE, EXCEPT AS STATED ON THE REVERSE HEREOF. VESSEL IS SOLD TOGETHER WITH AN EQUAL INTEREST IN THE MASTS, BOWSPRIT, SAILS, BOATS, ANCHORS, CABLES, TACKLE, FURNITURE, AND ALL OTHER NECESSARIES THERETO APPERTAINING AND BELONGING, EXCEPT AS STATED ON THE REVERSE HEREOF.

7. SIGNATURES OF SELLER(S) OR PERSON(S) SIGNING ON BEHALF OF SELLER(S).

*/s/ Joseph J. Campus, III, Mgr.*

8. DATE SIGNED

2/17/11

9. NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G., OWNER, AGENT, TRUSTEE, EXECUTOR)

JOSEPH J. CAMPUS III, MANAGER OF COMMOTION INVESTMENTS LLC, SOLE OWNER(S)

10. ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

ON FEBRUARY 17th, 2011 THE PERSON(S) NAMED IN SECTION 9
         (DATE)
ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT
IN THEIR STATED CAPACITY(IES) FOR THE PURPOSE THEREIN
CONTAINED.

STATE: FLORIDA
COUNTY: SANTA ROSA

NOTARY PUBLIC /s/ Ellen S Schroth

MY COMMISSION EXPIRES

Notary Public State of Florida
Ellen S Schroth
My Commission DD062674
Expires 03/27/2011

PREVIOUS EDITION OBSOLETE     SN 7530-00-F01-1020     FILED UNDER: COMMOTION

**COMPOSITE EXHIBIT "B"**



1

2352 PGA Boulevard
Palm Beach Gardens, FL 33410
Office: 561-799-6511  Fax: 561-799-6211
Email: info@macgregoryachts.com
www.macgregoryachts.com

## PURCHASE & SALE AGREEMENT

Agreement made this 4th day of FEBRUARY 2011, between:

**CHRIS CAVALLARO** and or assigns          **COMMOTION INVESTMENTS LLC**
(Hereinafter referred to as Buyer)              (Hereinafter referred to as Seller)

1. The BUYER agrees to purchase and the SELLER agrees to sell all rights, title and interest to the yacht or vessel as described and subject to the terms and conditions contained herein:

   NAME: COMMOTION
   MAKE: HERITAGE BOATWORKS INC.
   YEAR: 2006     LENGTH: 50'     HULL NO: HER00002J606  OFFICIAL#: 1188579

2. The purchase price of the vessel is FIVE HUNDRED THOUSAND AND XX/100 DOLLARS ($500,000.00). Upon signature affixed below, receipt in the amount of FIFTY THOUSAND AND XX/100 DOLLARS ($50,000.00) is to be deposited to MacGregor Yachts, Inc. Escrow Account, within 24 business hours of acceptance of contract, as a deposit on account of the purchase price. The deposit and all payments in connection with this sale shall be made payable to the BROKER and shall be held in an escrow account of the BROKER subject to the terms and conditions contained herein.

3. This offer is to be considered withdrawn unless accepted by the SELLER by 5:00 p.m. on or before **FEBRUARY 7TH, 2011.**

4. (a) The sale of this vessel is subject to PERSONAL INSPECTION, SEA TRIAL, HULL AND MECHANICAL SURVEY(S), satisfactory to the BUYER, to be conducted as soon as practical after the execution of this agreement.

   (b) In the event that this sale is subject to survey, the BUYER may instruct his agent or his surveyors to examine the vessel to insure that the vessel meets the BUYER'S requirements. This survey shall be at the expense of the BUYER, including associated costs such as haul out, dry dock charges, etc. and the BUYER hereby acknowledges that the surveyor is selected by HIM, in HIS employ and responsible solely to HIM for any errors or omissions, notwithstanding the fact that the BROKER may have provided the BUYER with information as to the availability of the surveyor. The BROKER shall not be responsible for the cost of correction to any item found to be deficient in the survey. In the event that the sale of this vessel is subject to trial run, the SELLER agrees that any trial which he authorizes is made at HIS sole risk and expense.

5. Written, telex or telefax acceptance or rejection of the vessel must be made by the BUYER to the BROKER on or before **FEBRUARY 14TH, 2011.** If written notification of rejection of the vessel is not received by the BROKER on or before said date, the BUYER shall be deemed to have accepted the vessel.

INITIALS: BUYER(s) _____CC_____        SELLER(S) _____[signature]_____

2

6. In the event, after written, telex or deemed acceptance of the vessel, the BUYER fails to pay the balance of the purchase price and execute all papers necessary to be executed by the BUYER for the completion of this purchase on or before the closing date of FEBRUARY 18th, 2011 any and all funds paid as of this closing date shall be retained by the SELLER and BROKER as liquidated and agreed damages and the parties shall be relieved of all obligation under this agreement. The sum shall be divided equally between SELLER and BROKER, after all expenses incurred by the BUYER against the vessel have been paid from the sum retained.

7. Should the vessel be rejected by the BUYER or the purchase not be consummated by reason of contingencies set forth herein or by destruction of vessel for any reason including any act of GOD, the deposit shall be returned to the BUYER after all expenses incurred by the BUYER against the vessel have been deducted and paid, and this agreement shall become null and void. The BUYER and SELLER agree that, should there be a dispute as to the responsibility for the failure of this transaction to be consummated, the BROKER will act as escrow agent only and may, at his option, file an interpleader in a court of competent jurisdiction, and deposit said funds into the registry of the court. The BUYER and SELLER further agree that should the court determine that the BUYER wrongfully prevented the transaction from closing, resulting in a forfeiture of the deposit, that the court shall direct the payment to the BROKER of one-half of said forfeited amount as provided herein.

8. The said vessel is being sold and purchased free and clear of all debts, claims, liens and encumbrances of any kind whatsoever except as noted hereinafter and the SELLER warrants and will defend that he has good and marketable title thereto and will deliver to the BROKER all necessary documents for transfer of title to the BUYER on or before the dates set forth for final payment.

9. The vessel shall be delivered at PRESENT LOCATION on or before FEBRUARY 18th, 2011 together with all gear, machinery, equipment, furnishings and all other articles and appurtenances thereto belonging ("Inventory"). The Inventory shall include, but not be limited to those items listed in the selling brochure ("Exhibit A").

10. It is agreed by the parties that the risk of loss, injury or destruction of said vessel and equipment shall be borne by the SELLER until this transaction is closed.

11. Sales or use taxes imposed in this purchase are the responsibility of the BUYER, and will be paid to the BROKER at the time of closing. BUYER agrees to indemnify and hold BROKER harmless for all damages, taxes, penalties, expenses, costs and reasonable attorney's fees incurred by BROKER as a result of the State of Florida declaring the BUYER of the above described yacht to be taxable. Duties, taxes or fees on the vessel of any country, state, city regulatory or taxing authority incurred prior to the date of closing of this transaction shall be the responsibility of the SELLER. If permission of any authority is necessary to purchase this vessel, it shall be the responsibly of the SELLER to cooperate fully to obtain the same.

12. Information available on the vessel is believed to be correct and the BROKER offers such information in good faith, but does not and cannot guarantee the accuracy of this information. After the provisions contained herein have been complied with and this transaction has been consummated, it is understood and agreed by the BUYER that he has accepted the vessel "As Is" and no warranties either expressed or implied and/or representation as to the condition of the vessel have been made or is binding upon the broker.

INITIALS: BUYER(s) _____ SELLER(S) _____

3

13. The BUYER certifies that he is at least 18 years of age and is a citizen of the U.S.

14. This contract shall be binding on all parties herein, their heirs, personal representatives and/or assigns when this contract shall have been signed by all parties or their duty authorized agents. SELLER agrees not to sell the vessel or to enter into any contract for the sale of same while this agreement is in effect.

15. This document constitutes the entire agreement between the parties hereto and it is agreed and understood that there are not other duties, obligations, liabilities or warranties implied or otherwise except as referred to in addendum, if any, attached.

16. The parties and the BROKER shall submit to arbitration any dispute arising from this Agreement. Either party or the BROKER may initiate arbitration by sending written notice to the other(s) of election of the right of arbitration and specifying the dispute to be arbitrated. The arbitration shall be conducted under the auspices of the American Arbitration Association ("AAA") and in accordance with AAA's Commercial Arbitration Rules. The arbitration hearings shall be held at a place designated by the arbitrators in Palm Beach County, Florida. The arbitrators shall observe the Code of Ethics for Arbitrators in Commercial Disputes promulgated by AAA and the American Bar Association, or any successor code. The prevailing party in the arbitration shall be entitled to recover as part of the award its costs and reasonable attorney's fees.

17. It is agreed that the full commission is paid by the SELLER to the BROKER as per the commission agreement. If the SELLER defaults per the terms of this agreement and the sale is not consummated, the full commission shall be due and payable to the BROKER by the SELLER, and the expense of the BUYER's survey become the obligation of the SELLER. This does not preclude any other rights the BUYER might have. The SELLER and BUYER recognize MACGREGOR YACHTS, INC. as the authorized selling agency and TR WYNNE YACHTS as the listing agency.

18. Final payment made to the BROKER at the time of closing of this transaction must be in the form of cash or bank-to-bank wire transfer, in cleared and negotiable funds.

19. It is further agreed by the parties that: **VESSEL HAS NOT SUSTAINED DAMAGE FROM FIRE, FLOOD, SINKING OR GROUNDING.**

I, or WE, agree to purchase the above described vessel on the terms and conditions set forth in the contract, and do hereby approve, relay and confirm said contract in all respects.

DATE 2/4/11   BUYER(S) _____

SELLERS ACCEPTANCE

I, or WE, agree to sell the above vessel on the terms and conditions stated in the foregoing contract. The undersigned acknowledges the employment of MacGregor Yachts, Inc. as the BROKER of Record for this transaction and agrees to pay said BROKER a brokerage commission as set forth in the attached commission agreement. Said brokerage commission shall be paid at the time of closing of this transaction.

Any funds due to the BROKER for storage, insurance, repairs, or any other items accrued to the SELLER'S account shall be deducted from the SELLER'S net proceeds, prior to disbursement of funds to the SELLER.

DATE 2/4/11   SELLER(S) _____

Receipt of a deposit in the amount stated per paragraph 2 is hereby acknowledged, in the form of Check # _____ or Wire Transfer.

By: _____   Date: 2/1/2011
(Signature of Broker or Authorized Agent)



http://macgregoryachts.com

Brandon O'Connor  
2352 PGA Blvd

Palm Beach Gardens, FL 33410 USA

Toll-free 877-639-6007  
Tel 561-723-4737  
Tel 561-799-6511  
Fax 561-799-6211  
Email brandonoconnor1978@yahoo.com



COMMOTION

### 50' CUSTOM CAROLINA HERITAGE FLYBRIDGE CONVERTABLE

- Year: 2006
- Current Price: US$ 539,000 Tax Paid (01/11)
- Located in Gulf Breeze, FL
- Hull Material: Composite
- Engine/Fuel Type: Twin Diesel
- YW# 52509-2249488

"COMMOTION" left HERRITAGE BOAT WORKS in february 2007 at a cost of $1.2 million US dollars. Priced at nearly half of her build cost, powered by reliable and econonical CUMMINS power, superior high end finish work, heavily equipped; "COMMOTION" represents the best value of any late model sport fish on the market today. She has a hull design that allows her to maintain her cruise speed in almost any sea condition! "COMMOTION" is truly a rare find, a must see!

## Additional Specs, Equipment and Information:

**Builder/Designer**  
Builder: CUSTOM CAROLINA HERITAGE

**Dimensions**  
LOA: 50'       Beam: 16       Displacement: 50000

INITIALS: BUYER(S) _____       SELLER(S) _____

Draft: 4'6"

### Engines
Engine Brand: CUMMINS    Engine(s) HP: 660    Engine Model: QSM11
Engine Hours: ~~1050~~ 1128    Cruising Speed: 27 KTS    Maximum Speed: 32 KTS
Buyer: _____    Seller: _____

### Tankage
Fuel: 750 US GALLONS    Water: 100 US GALLONS    Holding: ~~50~~ Approx. 15 gals
Buyer: _____    Seller: _____

### Accommodations
"COMMOTION" boasts a big well layed out interior thats perfect for long range runs to distant marlin grounds around the world, with huge accomodations!

- FOUR BUNKS FORWARD
- OVERSIZED BUNKS STARBOARD
- ABUNDANT SEATING IN SALON
- LARGE DINETTE IN SALON
- HEAD WITH LARGE SHOWER
- TWO LARGE CLOSETS FORWARD
- LARGE AIRY COMPANION WAY ~~STATEROOM~~ w/ (2) Bunks

Buyer: _____    Seller: _____

### Galley
WELL LAYED OUT GALLEY, WITH PLENTY OF ROOM AND ENORMOUS AMOUNT OF REFRIGERATION

- GALLEY UP
- HUGE CHEST FREEZER
- SOLID SURFACE COUNTER TOPS
- DOUBLE UNDER COUNTER REFRIGERATOR DRAWERS
- MICROWAVE OVEN
- SINK
- ABUNDANT STORAGE

### Electronics
THIS CAROLINA GIRL IS LOADED WITH TOP SHELF ELECTRONICS!

- SEATEL SATELITE PHONE
- SIMRAD AUTOPILOT
- NORTHSTAR 6000I CHART PLOTTER
- 15" CHART PLOTTER SCREEN
- 1000 WATT COLOR DEPTH SOUNDER
- ACR SPOTLIGHT
- ACR REMOTE PAD IN TOWER
- ICOM 602 VHF'S
- SIMRAD AP 20
- AUTOPILOT IN TOWER
- VHF REMOTES
- DVD-VCR-PLASMA TV
- CLARION STEREO CD
- SIRIUS RADIO
- RITCHIE COMPASS
- SIRIUS SATELITE WEATHER
- NAVNET VX2 10.5" SCREEN
- 72 MILE RADAR
- CLARION STEREO
- CAMERAS
- MULTIBLE SPEAKERS
- FLIR INFRARED NIGHT VISION CAMERA
- NORTHSTAR 6000i REMOTE TOWER

INITIALS: BUYER(S) _____    SELLER(S) _____

- ONAN 17KW GENERATOR
- NINE GELL CELL BATTERIES
- CONSTAVOLT
- CATHELCO MARINE GROWTH INHIBITOR
- HOT WATER HEATER
- FRESH WATER
- DOCKSIDE WATER

### Deck

- CUSTOM BAUSCH AMERICAN TOWER
- ENCLOSURE(BARRETT GLASS-STRAGLASS)
- RELEASE HELM CHAIR
- SPREADER LIGHTS-AFT-FORWARD
- CUMMINS BACKUP CONTROLS
- ZF TRAMSMISSION 2-1 RATIO
- TROLLING VALVES
- HYDRAULIC STEERING
- CUSTOM OVERSIZED MUFFLERS
- UNDERWATER LIGHTS
- ANCHOR AND LINE
- EPIRB
- FRESH AND SALT WATER WASH
- 50 AMP SHORE POWER
- MOLDED IN NAV LIGHTS
- OIL CHANGE SYSTEM
- HALON AUTOMATIC FIRE SYSTEM
- GLENDINNIG ELECTRONIC CONTROLS
- ENGINE SYNCRONIZER
- AWLGRIP SNOW WHITE PAINT
- SEA CHEST WATER INTAKE

### FISHING EQUIPMENT
"COMMOTION" IS HEAVILY RIGGED FOR FISHING--SHE'S GOT IT ALL!!

- 180LB RELEASE FIGHTING CHAIR
- ROCKET LAUNCHER
- RUPP 41' TRIPLE SPREADER RIGGERS
- SET UP FOR TUNA TUBES
- BAIT FREEZER
- REMOVABLE BUGGY TOP-TOWER
- LARGE REFRIGERATED FISH BOX
- ROD HOLDERS OFF TOWER LEGS
- SEVEN ROD HOLDERS OFF FLYBRIDGE
- 50 GALLON LIVEWELL IN TACKLE STATION
- LARGE ICE BOX-COCKPIT
- ESKIMO 800 LB DAY ICE MAKER
- RELEASE TEASER REELS
- SIX SWIVEL BASE ROD HOLDERS-GUNNEL

### Disclaimer
The Company offers the details of this vessel in good faith but cannot guarantee or warrant the accuracy of this information nor warrant the condition of the vessel. A buyer should instruct his agents, or his surveyors, to investigate such details as the buyer desires validated. This vessel is offered subject to prior sale, price change, or withdrawal without notice.

*Last Revised: Jan 21, 2011*

INITIALS: BUYER(S) _____   SELLER(S) _____

AMENDMENT TO PURCHASE AND SALE AGREEMENT
BETWEEN CHRIS CAVALLARO AND/OR ASSIGNS AND
COMMOTION INVESTMENTS, LLC

This Amendment to Purchase and Sale Agreement (the "Agreement") is made as of February 3, 2011, by and between Chris Cavallaro and/or Assigns ("Buyer") and Commotion Investments, LLC ("Seller"). This Amendment is intended by the parties to amend the provisions contained in the Purchase and Sale Agreement between the parties bearing the date of February 3, 2011, to the following extent:

The last sentence in paragraph 7 is replaced as follows:

> The BUYER and SELLER further agree that should the court determine that the BUYER wrongfully prevented the transaction from closing, resulting in a forfeiture of the deposit, that the court shall direct the payment to the BROKER of one-half of said forfeited amount as provided herein and half to the seller after legal and other reasonable costs are paid, ½ to BROKERS and ½ to SELLER.

The last sentence in paragraph 9 is replaced as follows:

> The Inventory shall include only those items listed in the selling brochure ("Exhibit A").

Paragraph 14 is amended by adding the following sentence:

> SELLER may accept any back up offers and agrees to not enter into and/or sign any said back-up offers while this agreement is in effect.

Sentence 4 of paragraph 16 is replaced as follows:

> The arbitration hearings shall be held at a place designated by the arbitrators in Escambia County, Florida.

All other provisions and terms of the purchase and Sale Agreement shall remain in full force and effect.

BUYER: Chris Cavallaro

DATE: 2/4/11

SELLER: Commotion Investments, LLC

By: _____
Its Manager

DATE: 2/4/11



2352 PGA Boulevard
Palm Beach Gardens, FL 33410
Office: 561-799-6511  Fax: 561-799-6211
Email: sportfsh@bellsouth.net
www.macgregoryachts.com

Date: February 4, 2011

## NET TO SELLER AGREEMENT

Vessel:     "Commotion"              50' Heritage 2006
            USCG # 1188579           HIN: HER00002J606

Buyer:      Chris Cavallaro and / or assigns

Seller:     Commotion Investments, LLC

As evidenced by the signatures below, it is agreed that I/We, Commotion Investments, LLC accept $450,000.00 net proceeds, for the sale of the above referenced vessel, per the terms of the Yacht Brokerage Purchase & Sale Agreement dated February 3rd, 2011. I/We understand that the Buyer's offer shall be subject to a marine survey at his option and expense, as well as a sea trial of the vessel to be conducted at Seller's expense.

I certify that I posses the authority to contract the above mentioned vessel for sale and to execute all documents necessary to transfer ownership of said vessel. Commission paid on the sale of the above referenced vessel will be $50,000.00 paid at closing.

Selling Price      $ 500,000.00
Commission         (  50,000.00)
**Net to Seller**  $ 450,000.00

_____      2/4/11
Seller: Commotion Investments, LLC      Date
By: Joseph J Campus, III as Manager


_____      _____
MacGregor Yachts, Inc.                  Date
By: James F. MacGregor as President

# WARRANTY OF TITLE

THIS BOAT IS LOCATED ✓ _Gulf Breeze, FL._ (CITY AND STATE)
AT THE TIME OF THE SALE.

This Warranty of Title is in regards to the boat described below:
BOAT NAME: **COMMOTION**
OFFICIAL NUMBER: *1188579*

BEFORE ME, the undersigned authority, personally appeared, **COMMOTION INVESTMENTS LLC**, who being by me first duly sworn, on oath, and deposed and said:

1. That the undersigned is (joint) owner of the following described property, to wit:

2. That the above described property is free and clear of all liens, taxes, encumbrances, and claims of every which kind, nature and description whatsoever except the following, which is/are to be satisfied at closing:

3. That the above described property is not subject to any maritime claims or liens such as necessaries, repairs, supplies, wages, etc.

4. That there have been no improvements, alterations, or repairs to the above described property for which the cost thereof remains unpaid, and that there have been no claims for labor or material furnished for repairing or improving the same, which remain unpaid.

5. That there are no mechanic's, material men's, or laborer's liens against the above property.

6. That the personal property contained in the vessel and which, if any is sold to the purchaser free and clear of all liens, encumbrances, claims, and demands whatsoever.

7. That the Affiant knows of no violations of any laws, rules or regulations pertaining to the above described property.

8. That no judgment of decree has been entered in any court of any State or of the United States against Affiants, and which remains unsatisfied or would affect the above described property.

9. Further, Affiant warrants that should any claim or lien be asserted against the above described property which was incurred during the time above described property was owned by Affiant, it/he will defend and/or indemnity Gloria Rector Vessel Documentation, Inc., its officers, directors and employees and the purchaser of the above described property if there is an adverse decision, including reasonable attorneys fees and court costs.

10. Affiant further states that he is familiar with the nature of an oath; and with the penalties as provided by the Laws of the State aforesaid for falsely swearing to statements made in an instrument of this nature. Affiant further certifies that he has read, that full facts of this WARRANTY OF TITLE, and understands its content.

_____, MGR    ✓ 2/17/11
Commotion Investments LLC             DATE

## NOTARY ACKNOWLEDGEMENT

ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICAL AUTHORIZED BY LAW OF A STATE OF THE UNITED STATES TO TAKE OATHS.)

ON _February 17th_ THE PERSON(S) NAMED ABOVE       STATE: _FLORIDA_
       (DATE) 2011                                  COUNTY: _SANTA ROSA_
ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT
IN THEIR STATE CAPACITY (IES) FOR THE PURPOSE THEREIN CONTAINED.   Schroth

NOTARY PUBLIC _____
MY COMMISSION EXPIRES

Notary Public State of Florida
My Commission DD626766
Expires 03/27/2011

# LIMITED POWER OF ATTORNEY – SELLER
## (CORPORATE)

I, Joseph J. Campus, III, Manager
of **COMMOTION INVESTMENTS LLC** appoint Jane H. Beale or John E. Beale as and for my attorney-in-fact for the purpose of executing all documents necessary to effectuate the transfer of title to my vessel:

NAME OF VESSEL     **COMMOTION**
OFFICIAL NUMBER     1188579

To **COMMOTION CHARTERS, LLC**
including (but not by way of limitation) the power to execute a Coast Guard Bill of Sale.

_____
Signature

Joseph J. CAMPUS, III, MANAGER
Name, Title (Please print)


CORPORATE ACKNOWLEDGEMENT

State of _FLORIDA_     County of _SANTA ROSA_

BE IT KNOWN, that on this _17th_ day of _FEBRUARY_, 20_11_ before me personally appeared _JOSEPH J. CAMPUS III_, who being duly sworn, deposed and said that he/she is the Authorized Agent for COMMOTION INVESTMENTS LLC, the corporation which is described in and which executed the foregoing instrument, and by order of the board of directors for this corporation he/she signed his/her name hereunto, and acknowledged it to be the free act and deed of the said corporation.

IN WITNESS WHEREOF, I hereinto set my hand and seal.

_____, Notary Public
ELLEN S. SCHROTH

My commission expires _____

Notary Public State of Florida
Ellen S Schroth
My Commission DD626766
Expires 03/27/2011

**MacGREGOR YACHTS, Inc.**

2352 PGA Boulevard
Palm Beach Gardens, FL 33410
Office: 561-799-6511   Fax: 561-799-6211
Email: info@macgregoryachts.com
www.macgregoryachts.com

*Faxed 2/17/11*

*Closing Docs*

Date: February 17, 2011

*Chris Cov. C: 781-603-7233*

*2/18/11*

## SELLERS CLOSING STATEMENT

*FAX: 508-540-1334*

Vessel:    "Commotion"    50' Heritage 2006
           USCG # 1188579    HIN: HER00002J606
           Vessel Location at Closing: Gulf Breeze, FL

Buyer:     Commotion Charters, LLC
           1000 Chapel View Blvd. Suite 210
           Cranston, RI 02920

Seller:    Commotion Investments, LLC
           800 Fort Pickens Rd. #1501
           Pensacola Beach, FL 32561

| | |
|---|---|
| Purchase Price | $ 500,000.00 |
| Payoff to Allan L. McLeod | ( 450,000.00) |
| Commission | ( 50,000.00) |
| Proceeds Due to Seller | $        0.00 |

✓ _Joseph J. Campus III_    ✓ 2/17/11
Seller: Commotion Investments, LLC    Date
By: Joseph J. Campus, III as Manager


_____    _____

MacGregor Yachts, Inc.    Date