UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * * * | |
| **This document relates to the following Short form joinder numbers:** | * * | MDL NO. 2179 |
| 34821, 34852, 34900, 38336, 40093, | * | SECTION: "J" |
| 42536, 43679, 47718, 47947, 48283, | * | |
| 48285, 48290, 53345, 55342, 57525, | * | HONORABLE CARL J. BARBIER |
| 57549, 57554, 57570, 57572, 57574, | * | |
| 57586, 57588, 59595, 60509, 60630, | * | MAGISTRATE JUDGE SHUSHAN |
| 60687, 60740, 60745, 63199, 63214, | * | |
| 63626, 63631, 63909, 65525, 66172, | * | |
| 66334, 66335, 66441, 66453, 67030, | * | |
| 67581, 67990, 68144, 68412, 69553, | * | |
| 70336, 70635, 70660, 70668, 70685, | * | |
| 73372, 73844, 75772, 77311, 80390, | * | |
| 80615, 83228, 83375, 83615, 83654, | * | |
| 84365, 87613, 88304, 89475, 89995, | * | |
| 93235, 93398, 93660, 94735, 94743, | * | |
| 96823, 96841, 97342, 97436, 98612, | * | |
| 98696, 99746, 99752, 100693, 100697, | * | |
| 101063, 102344, 104015, 105711, 108908, | * | |
| 110072, 111426, 112291, 112529, 112536, | * | |
| 112590, 122242, 123732, 123953, 123963, | * | |
| 123982, 126220, 126402, 127307, 131707, | * | |
| 131789, 132662, 133032 | * | |

**MEMORANDUM IN SUPPORT OF FULL SCOPE SERVICES LLC'S
<u>MOTION FOR LEAVE TO FILE COMPLAINT IN INTERVENTION</u>**

**I.      INTRODUCTION**

This memorandum supports the Motion for Leave to Intervene of Full Scope Services, LLC ("Full Scope"), who seek to file a complaint in intervention as a third-party plaintiff in the above-referenced short-form joinder actions.  Full Scope seeks to intervene in order to enforce and protect its property interest and rights to fees under contract.  The claimants in this action

1

identified by their various short-form joinder numbers above are identified by name in the attached Exhibit "A".

## II. NATURE OF FULL SCOPE'S INTEREST IN THIS CASE

Full Scope is a provider of assessment and evaluation services related to damages incurred by claimants making claims in connection with the Deepwater Horizon Oil Spill. Full Scope obtains and reviews financial and other data from individuals and business entities and produces supporting documents required to buttress claims made against Defendants in this MDL under the Oil Pollution Act of 1990 (33 U.S.C. §§2713 and 2717(f)). Full Scope also provides similar services in connection with settlement claims to the Gulf Coast Claims Facility and the Deepwater Horizon Court Supervised Settlement Program. However, settlement claims are not the subject of this Intervention.[1]

Full Scope has entered into contracts with Individual Claimants and/or legal or consulting firms representing the claimants for the same purpose described above. Contracts with the individual claimants contain the following term:

> "Claimant and Full Scope acknowledge that the Oil Pollution Act ("OPA") authorizes Claimant to include the cost of assessing and valuing Claimant's losses as an additional cost resulting from the Incident. In recognition thereof, Full Scope agrees to defer payment for services provided until Claimant receives payment from BP, the Gulf Coast Claims Facility ("GCCF"), the Oil Spill Liability Trust Fund ("OSLTF") or other third party payor. Claimant agrees to pay Full Scope promptly upon receipt of said payment, or portion thereof. Claimant further agrees that Full Scope shall have the right to direct BP, the GCCF, the OSLTF or any other payor to whom a claim is submitted to pay Full Scope's costs of assessment directly to Full Scope, and Claimant specifically authorizes said direct payment."

Further, contracts legal or consulting firms acting as agents representing the claimants contain the following term:

---

[1] Third-party claims against settlement claims are evaluated by the Claims Administrator and controlled by Court-Approved Procedure No. 1.

> "[Defendant Firm] and Full Scope acknowledge that the Oil Pollution Act ("OPA") authorizes Claimant to include the cost of assessing and valuing Claimant's losses as an additional cost resulting from the Incident. In recognition thereof, Full Scope agrees to defer payment for services provided until [Defendant Firm] or Claimant receives payment from BP, the Gulf Coast Claims Facility ("GCCF"), the Oil Spill Liability Trust Fund ("OSLTF") or other third party payor. [Defendant Firm] agrees to pay Full Scope promptly upon receipt of said payment, or portion thereof, by [Defendant Firm] or Claimant. Full Scope acknowledges that services rendered are provided on an hourly basis…"

The cited terms in Full Scope's contracts with the Claimants and/or their agents provide for a contractual right to fees already due, and conditionally owed fees for future settlement or judgment payments, enforceable against any settlement or judgment funds paid to Claimants according to the terms of the contract. The contract term also provides for Full Scope to seek direct payment from "any other payor." Full Scope seeks to intervene herein for the purpose of asserting its rights under contract to fees, and any third-party privilege or lien created by the contracts, upon settlement funds payable these Individual Claimants.

### III.   FULL SCOPE IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Full Scope is entitled to intervene in this case as a matter of right. In order to intervene as a matter of right pursuant to Rule 24(a)(2), a movant must meet the following requirements: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007) (citations omitted).

### A. Full Scope's Intervention is Timely

The determination of whether a motion to intervene is timely is a matter within the sound discretion of the trial court. *Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1115 (5th Cir. 1970). Courts have allowed intervention months or even years after the original filing of the suit "where the substantial litigation of the issues had not been commenced when the motion to intervene was filed." *Id.* (citations omitted). In this case, Full Scope intervenes in this matter approximately two months after the deadline to file short-form joinders in this action. Significantly, virtually all of the short-form joined claims in this matter are in the infant stages of litigation.

While Full Scope has been engaged in assessment and evaluation services for businesses and individuals in the settlement class since the early days of the GCCF, Full Scope has only recently become aware of the threat to its recovery under contract, and has attempted several avenues to protect its own rights. At the outset, Full Scope asserted third-party claims pursuant to Court Approved Procedure No. 1 in this matter through the Deepwater Horizon Claims Center. Upon identification of the specific parties who made claims outside the DHCC (via identification of short-form joinder numbers), Full Scope now institutes this action to intervene.

### B. Full Scope Has an Interest Relating to the Property or Transaction at Issue

In order for an interest to meet this second requirement, it must be "a direct, substantial, legally protectable interest in the proceedings." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc) (quotation marks and citation omitted). The Fifth Circuit has allowed attorneys to intervene in pending actions to assert claims for attorney fees against the plaintiff. See *Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986). In this case, Full Scope has demonstrated that they have a valid pecuniary interest in

the property which is the subject of the action. Specifically, Full Scope is entitled to payment from claimants referenced in Exhibit "A" upon their receipt of a settlement or judgment, which payment is contemplated to be paid directly out of said funds. This action analogous to the more-common intervention for attorneys fees approved in *Keith v. St. George Packing Co*, supra, whereby pursuant to a contract the intervenor provided services to claimants which were utilized in furtherance of a successful recovery. Therefore, Full Scope's interest is sufficient to satisfy this second requirement.

      **C.**    **Disposition of this Matter will Impair or Impede Full Scope's Interest**

Disposition of this matter will impair or impede Full Scope's ability to collect its proper share of the settlement funds owed under the contract. The United States Fourth Circuit Court of Appeals has held that this third prong is met where an intervenor "claim[s] an interest in both the transaction and the fund which are the subject of the main action, and if the entire amount were paid directly to [defendant-in-intervention] their ability to collect their proper share would as a practical matter be more difficult." *Hardy-Latham v. Wellons*, 415 F.2d 674, 676 (4th Cir. 1968). District Courts have found that an interest is impeded by the disposition of a matter where a judgment in a case in favor of intervenor would force the intervenor to bring further litigation to enforce their right to funds, and those funds may no longer exist. *Brooks v. Sussex County State Bank*, 167 F.R.D. 347, 351 (N.D.N.Y. 1996).

In this case, a settlement or judgment in favor of a claimant named in Exhibit "A" against any Defendant in this matter, and ultimate payment of that settlement or judgment, will impair Full Scope's ability to collect on funds owed under contracts and enforce any lien and privilege pursuant to those contracts. Furthermore, similar to the intervenor in *Brooks v. Sussex County State Bank*, Full Scope would be required to bring breach-of-contract actions against each of the

5

Individual Claimants and Defendant Firms if they are not able to collect.  Therefore, not only will Full Scope's interest in the property be impaired by their inability to collect their proper share of settlement funds owed by Defendant Firms and Claimants under contract, but Full Scope will also be forced to bring individual breach of contract suits to enforce each individual contract.  This unduly burdensome and overly litigious alternative to intervention, as a practical matter, will impair Full Scope's ability to protect their interest in the settlement or judgment funds.  As such, Full Scope satisfies this third requirement.

> D. **Full Scopes Interest is Not Adequately Protected by the Parties to the Suit**

Full Scope's interest in this case is not adequately protected by the parties to the suit because those parties have no method of monitoring what amount is owed and by whom.  In order to establish this prong, "[the proposed intervenor] would need to demonstrate that it has a legal interest that not only differs from the [the existing plaintiffs'] interest, but would permit [the proposed intervenor] to assert a justification…that could not be equally asserted by the [existing plaintiffs]." *Altier v. Worley Catastrophe Response, LLC*, 2012 WL 161824 (E.D. La. Jan. 18, 2012) (citing *Schwartz v. Town of Huntington,* 191 F.R.D. 357, 359 (E.D.N.Y.2000) (quoting *United States v. City of N.Y.,* 198 F.3d 360, 367 (2d Cir.1999)) (citing *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.,* 922 F.2d 92, 97 (2d Cir.1990)).

In this case, Full Scope's interest is solely to collect on the amounts owed pursuant to contracts entered into by the claimants.  Of the parties in this litigation, only Full Scope has the incentive and possesses the documentation required to prove their interest.  Plainly, no parties in this litigation are willing or able to represent Full Scope's privileges and liens.  Therefore, Full Scope's interests are not adequately protected by the parties to the suit.

Having satisfactorily demonstrated the four grounds required for an intervention by right, Full Scope should be permitted to so intervene.

## IV. FULL SCOPE SHOULD BE ALLOWED PERMISSIVE INTERVENTION

In the alternative to an intervention of right, Full Scope seeks to permissively intervene under Federal Rule of Civil Procedure 24(b). A court may allow permissive intervention if the movant can demonstrate that it "has a claim or defense that shares with the main action a common question of law or fact" and that it will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). "Permissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (citations omitted). Considering the bases described above, if Full Scope is not entitled to an intervention of right, than in the alternative it should be allowed to permissively intervene.

## V. CONCLUSION

For the foregoing reasons, this Court should grant the Full Scope intervention of right under Rule 24(a)(2) or, in the alternative, permissive intervention under Rule 24(b).

Respectfully submitted,

/s/ Joseph M. Bruno
Joseph M. Bruno (#3604)
Daniel A. Meyer (#33278)
BRUNO & BRUNO, LLP
855 Barone Street
New Orleans, LA 70115
Telephone: (504)-525-1335
Facsimile: (504)-561-6775
*jbruno@brunobrunolaw.com*
*dmeyer@ brunobrunolaw.com*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been served on all counsel of record via this Court's CM/ECF service, this July 19, 2013.

>/s/ Joseph M. Bruno
>JOSEPH M. BRUNO