**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: "J" |
| This document relates to all actions. | * | Honorable Carl J. Barbier |
| | | Magistrate Judge Shushan |

\*   \*   \*

**\*UNDER SEAL\***

**THE ANDRY LAW FIRM'S OPPOSITION TO B.P.'S MOTION FOR AN EMERGENCY PRELIMINARY INJUNCTIONTO SUSPEND PAYMENTS FROM THE COURT SUPERVISED SETTLEMENT FUND**

**NOW INTO COURT**, through undersigned counsel, comes The Andry Law Firm, L.L.C., who files this Opposition to B.P. Exploration & Production, Inc. and B.P. America Production Company's (collectively, "B.P.") Motion for an Emergency Preliminary Injunction to Suspend Payments from the Court Supervised Settlement Program Pending Special Master Freeh's Investigation and Report, R. Doc. 10761.  The Andry Law Firm's economic damages claim with the Deepwater Horizon Court Supervised Settlement Program ("CSSP") has been placed on hold based on an allegation by a confidential source that former CSSP staff attorney Lionel Sutton attempted to influence The Andry Law Firm's claim.[1]  Now, B.P. has attempted to halt *all payments* under the CSSP based on the same unfounded allegations of fraud.  As stated

---

[1]     There is no competent evidence submitted by B.P. to support such a claim.

more fully below, B.P.'s allegations against The Andry Law Firm, L.L.C. are completely baseless and cannot be supported by any competent evidence. Moreover, B.P.'s Motion fails because B.P. has not alleged irreparable injury beyond the speculative level, and because B.P.'s request for "emergency" injunctive relief is procedurally improper. B.P.'s Motion for Emergency Preliminary Injunction should be denied.

## INTRODUCTION

B.P. has engaged in a multi-faceted legal and public relations campaign challenging the settlement agreement and this Court's interpretation of it. Having failed to convince the CSSP and the Court to follow B.P.'s proposal for "matching" and "smoothing" revenue and expenses, and having failed to convince the Fifth Circuit to enjoin payments, B.P. has started a direct advertising "Publicity Campaign" and direct letter campaign threatening attorneys and claimants. B.P.'s spurious attacks against The Andry Law Firm, L.L.C. are simply its latest attempt to avoid the deal it made.

However, B.P. simply has no proof to connect The Andry Law Firm to any allegations of wrongdoing. The only B.P. claim filed by The Andry Law Firm, L.L.C.—its own—was (twice) found to be accurate in the CSSP's review process and should be paid. Nothing in B.P.'s current Motion demonstrates otherwise.

## BACKGROUND

I.    **The Andry Law Firm's *Only* B.P. Claim Was Independently And Accurately Evaluated And Determined To Be Valid.**

The Andry Law Firm has two members, Gibby Andry and his brother Jonathan Andry, and was founded in 2000. *See* Exhibit "A," Affidavit of Gibby Andry. The Andry Law Firm, L.L.C. is a separate and distinct entity from the Andry Law Group, L.L.C. and Andry Lerner, L.L.C. *Id.* Andry Law Firm, L.L.C. is not in the business of representing any claimants

of the B.P. Oil Spill and neither Gibby Andry nor the Andry Law Firm, L.L.C. have or ever had a financial interest in Andry Law Group, L.L.C. or Andry Lerner, L.L.C.  *Id.*

The Andry Law Firm's only involvement in the CSSP claims process has been its own, *pro se* claim.  In the summer of 2012, David Kushner, The Andry Law Firm's CPA, suggested to Gibby Andry that The Andry Law Firm may have a claim based upon the parameters of the B.P. master settlement agreement.  *Id.*  Using The Andry Law Firm's financial documents, including monthly financial statements, annual tax returns and payroll documentation, Mr. Kushner independently calculated The Andry Law Firm's claim.  *Id.*  Mr. Kushner verified the firm's underlying financial data by reconciling it with the firm's tax returns that were filed with the IRS for each of the relevant years.  In August 2012, The Andry Law Firm then submitted the claim, *pro se*, to the CSSP settlement program.

As this Court is aware, the CSSP settlement program is a mathematical formula based on a pure revenue analysis. As stated by Mark Holstein, B.P.'s Counsel,

> One of the cornerstones of the Settlement Agreement is the use of transparent, objective, data-driven methodologies designed to apply clearly-defined standards to a claimant's contemporaneously-maintained financial data submitted in compliance with documentation requirements. These methodologies and requirements were carefully negotiated by the parties and are set forth in the Settlement Agreement as mandatory requirements. Among other reasons, these methodologies and requirements were negotiated in response to concerns voiced by some that the prior GCCF process was too dependent on accounting judgments that were not transparent.

The formula cannot be manipulated, is subject to several layers of review, and has been administered by the CSSP impartially and with the utmost integrity.  Once the financial data is reconciled with the filed tax returns, the claim cannot be viewed as and is not fictitious.

Under this program, the CSSP's investigation of The Andry Law Firm, L.L.C.'s claim was exhaustive—perhaps more strenuous than any other claim submitted to the CSSP. The

extensive, redundant, and independent review of The Andry Law Firm, L.L.C.'s claim is described by Patrick A. Juneau, Claims Administrator, in his July 2, 2013 letter to the Court, attached as Exhibit "5" to B.P.'s Memorandum in Support. *See* R. Doc. 10761-6. The Andry Law Firm, L.L.C.'s claim first underwent the standard review process that applies to all claims. The numbers prepared by Mr. Kushner were reviewed by the CSSP's independent accounting experts at Postlethwaite & Netterville and PriceWaterhouse Coopers. After that, the CSSP issued an Eligibility Notice, finding that The Andry Law Firm was entitled to an award. *Id.* at 3.[2] B.P. appealed that award, over The Andry Firm's objection. However, the CSSP Appeal Panel unanimously upheld the initial calculation on June 4, 2013. *Id.*

Following the denial of its appeal, B.P. had 14 days to request discretionary review. B.P. failed to do so, and the Andry Law Firm's claim became due and payable on June 18, 2013. Nonetheless, The Andry Law Firm's claim was placed on "hold," because of allegations of wrongdoing involving Lionel Sutton. *Id.*

The Andry Law Firm, L.L.C. has not received any referrals from Mr. Sutton, has not paid any fees to Mr. Sutton, and does not have a financial interest in any Sutton claim. As indicated in the attached affidavit, at no time did Gibby Andry, Jonathan Andry, The Andry Law Firm, L.L.C., or anyone acting on their behalf, ask Mr. Sutton to do anything improper, illicit, or illegal in processing the CSSP claim filed by The Andry Law Firm, L.L.C. *See* Exhibit "A," Affidavit of Gibby Andry. And, at no time did Mr. Sutton have any involvement in the processing or handling of The Andry Law Firm claim. *Id.*

Nonetheless, because of the allegations lodged against Mr. Sutton, The Andry Law Firm, L.L.C.'s claim was singled out for additional scrutiny. PriceWaterHouse Coopers

---

[2] Although the CSSP's amount was lower than the amount calculated by Mr. Kushner, The Andry Law Firm agreed to the CSSP's calculation.

4

performed a second review, and "[t]he Claims Administor's Quality Control Team ... conducted its own review." *See* R. Doc. 10761-6 at 4.  In Mr. Juneau's words, "[a] few 'non-material exceptions' were noted," as a result of this additional review, "but nothing that affected the final award calculation." *Id.*  Indeed, Mr. Juneau has conceded that The Andry Law Firm, L.L.C.'s "file is properly documented with bank statements, etc." that properly verify The Andry Law Firm, L.L.C.'s claim.  *Id.* No evidence of fraud or undue influence related to this claim has been uncovered or specifically alleged.

Procedurally, The Andry Law Firm, L.L.C.'s claim was subject to greater scrutiny than any other CSSP claim.  As mentioned above, B.P. was allowed to take an appeal over The Andry Law Firm, L.L.C.'s objection, and The Andry Law Firm, L.L.C.'s claim was put on "hold" while additional review was conducted.  Ulitmately, however, B.P. lost the appeal unanimously, and the CSSP has repeatedly affirmed the accuracy of The Andry Law Firm, L.L.C.'s claim.

## II.     Without Any Evidence, B.P. Has Made Numerous False Allegations Against The Andry Law Firm, L.L.C. That Cannot be Supported.

Despite the unimpeachable accuracy of The Andry Law Firm, L.L.C.'s sole B.P. claim, B.P. has repeatedly made false and unsupported allegations that The Andry Law Firm has colluded with Mr. Sutton to somehow influence B.P. claims pending before the CSSP.  On June 21, 2013, the Associated Press reported that The Andry Law Firm's claim had been placed on hold based on numerous unsubstantiated allegations, many of which have been levied by B.P. attorney Mark Holstein.  Exhibit "B," June 21, 2013 Associated Press Report, *Administrator Opens Probe of Spill Claims Lawyer*.  The Associated Press reported that The Andry Law Firm's claim has been placed on hold based on allegations by a confidential source that former DHECC staff attorney Lionel Sutton had a financial interest in The Andry Law Firm's claim.  According

5

to Mr. Holstein—the only attorney quoted in the article—The Andry Law Firm paid a referral fee to Mr. Sutton and "the Andry law firm and a related entity represent clients with roughly 675 claims." *Id.*

B.P. makes the same unsupported fraud allegations in the Memorandum in Support of its Motion for Emergency Preliminary Injunction. In its current motion, B.P.'s central allegation is that Sutton intervened in the CSSP claims process to make sure that claims filed by "Law Firm Y" were paid in exchange for kickbacks from "Law Firm Y." B.P.'s Mem. Supp, R. Doc. 10761-1 at 4. "Law Firm Y" is a pseudonym,[3] but it obviously refers to The Andry Law Firm, L.L.C. For example, B.P. alleges that "Law Firm Y" represents the same "675 claimants" that are attributed to The Andry Law Firm in the AP story. B.P.'s Mem. Supp, R. Doc. 10761-1 at 5–6 ("Law Firm Y represents 675 claimants that have completed either a claims form or a registration form to file a claim before the CSSP." B.P.'s Mem. Supp, R. Doc. 10761-1 at 5–6; *see also, e.g., id.* ("Similarly, as of late June, the CSSP only had reviewed 43 of the 675 claims filed by the Law Firm Y...."). B.P. also refers to the fact that "Law Firm Y," like the Andry Law Firm, "had a pending claim before the CSSP for over $7.6 million," *id.* at 4, and cites to Mr. Juneau's letter to this Court regarding The Andry Firm's claim status, *id.* (citing B.P.'s Exhibit "5," R. Doc. 10761-6). For reasons discussed more fully below, B.P.'s allegations against "Law Firm Y," a.k.a. The Andry Law Firm, are wholly unsupported and have no basis in fact. There is no factual support for the allegations against The Andry Law Firm, and no basis

---

[3]   B.P. claims that it has given psuedonyms to CSSP claimants, like "Law Firm Y" and "Claimant X," "[b]ecause of possible confidentiality issues," B.P.'s Mem. Supp., R. Doc. 10761-1 at 4 n.3. But B.P. has made no effort to actually protect the The Andry Firm's confidentiality. As discussed above, The Andry Firm's identity as "Law Firm Y" is obvious to anyone, and B.P.'s confidentiality concerns did not prevent it from disclosing the confidential amount of The Andry Law Firm's B.P. claim. *See id.* at 4 ("Law Firm Y itself had a pending claim before the CSSP for over $x.xxxx") (note: the amount has been redacted by undersigned counsel).

for continuing to withhold the funds unambiguously due The Andry Law Firm under the settlement.

## LAW AND ARGUMENT

**I.    B.P. Cannot Show A Likelihood Of Success On The Merits Because Its Allegations Against The Andry Law Firm Are Baseless.**

B.P.'s request to suspend payments under the CSSP program is based almost entirely on its unsupported and incompetent allegations that The Andry Law Firm, as "Law Firm Y," conspired with Mr. Sutton to influence pending B.P. claims.  As mentioned above, The Andry Law Firm and Gibby Andry do not represent any B.P. claimants and do not have a financial interest in any B.P. claim other than the *pro se* claim filed by The Andry Law Firm, L.L.C.  A simple check of B.P.'s own databases would confirm that The Andry Law Firm, L.L.C. has filed nothing other than its own, *pro se* B.P. claim.  The Andry Law Firm does not represent clients in B.P. claims and does not receive any profits from B.P. litigation conducted on behalf of clients by any other entity.  While the entities run by Jonathan Andry—Andry Law Group and Andry Lerner—have brought B.P. claims on behalf of clients, The Andry Law Firm, L.L.C. is a juridical person that is distinct form each of these entities, and operates completely separately from them.

Moreover, there is no allegation that Mr. Sutton somehow influenced the B.P. claim that The Andry Law Firm filed on its own behalf.  Indeed, Mr. Sutton had no involvement with The Andry Law Firm claim.  *See* Exhibit "A," Affidavit of Gibby Andry.  Nor is there any basis to believe that Mr. Sutton *could have* exerted influence over the calculation of The Andry Law Firm's claim, even he chose to (which is denied).  Filing a claim with the CSSP is an entirely mechanical process and, in The Andry Law Firm's case, depends entirely on profit and loss statements compiled and analyzed by CPAs.  The Andry Law Firm's claim was subjected to

extensive independent review, this review exceeded the scrutiny applied to other claims filed with the CSSP, and the calculation was repeatedly confirmed as accurate.

In short, The Andry Law Firm, L.L.C. received no favorable treatment. To the contrary, after being subjected to repeated analyses by the CSSP, the Andry Law Firm was awarded <u>less</u> than it requested. Simply put, there is no proof of any wrongdoing by The Andry Law Firm. To the extent that B.P.'s Motion relies on demonstrating The Andry Law Firm's fraud to establish its entitlement to relief, that request should denied.

## II.   B.P. Cannot Establish That It Will Suffer Irreparable Harm Based On The Threat Of Monetary Damages From A Speculative Number of Claimants.

As a prerequisite to injunctive relief, B.P. must make a clear showing of irreparable injury. *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). Irreparable injury is harm that "cannot be undone through monetary damages," that is, harm for which money damages are inadequate or for which money damages are "especially difficult" to compute. *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir.1981); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 810 fn. 1 (5th Cir. 1989). The "central inquiry in deciding whether there is a substantial threat of irreparable harm to the plaintiff is whether the plaintiff's injury could be compensated by money damages." *Allied Marketing Group, Inc.*, 878 F.2d at 810 fn. 1. Thus, there can be no irreparable injury where money damages would adequately compensate a plaintiff. *DFW Metro Line Services v. Southwestern Bell*, 901 F.2d 1267, 1269 (5th Cir. 1990) (citations omitted).

Here, there can be no doubt that B.P.'s damages (if any) can be measured in dollars. After all, B.P.'s contention is that settlement funds have been and will be improperly disbursed. This is monetary damages in the strictest sense and the amounts paid to claimants as

well as the claimants' identities are readily discernible. As a defense, B.P. argues that it "will be simply impractical to commence suit against each and every claimant." B.P.'s Mem. Supp., R. Doc. 10761-1 at 14. But B.P. certainly has not demonstrated that it will have to sue *all* claimants to recover any improperly disbursed funds. Indeed, B.P. has only been able to identify **two** specific claims that Mr. Sutton allegedly influenced. *See id.* at 3–4. And B.P. stops short of actually claiming that these claims were improperly paid (much less proving it). While B.P. worries that Sutton and Reitano *may* have influenced policy decisions to B.P.'s detriment, this injury is remote, hypothetical, and too speculative to warrant the extraordinary relief requested. *See United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) ("Speculative injury is not sufficient[.] ... [A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury."). Without more concrete evidence of injury, B.P.'s Motion must be denied.

**III.    B.P.'s Request For "Emergency Relief" Improperly Attempts To Get Preliminary Injunctive Relief With The Speed And Notice Of A TRO.**

B.P. has styled its pleading a "Motion for an *Emergency* Preliminary Injunction...." (emphasis added). Respectfully, the Federal Rules do not recognize "emergency" preliminary injunctive relief. Instead, if a party requires preliminary injunctive relief on an expedited or emergency basis, that party's recourse is to apply for a temporary restraining order under Rule 65(b). Whether this Court considers B.P.'s Motion to be an application for a TRO or a preliminary injunction has consequences for B.P.'s appellate rights, because a TRO cannot be directly appealed. *See Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999). Accordingly, the Court should either deny B.P.'s request for "emergency" injunctive relief as procedurally improper, or convert it to an application for a temporary restraining order, with the limited appellate rights that come with it.

9

## CONCLUSION

B.P.'s Motion for Emergency Preliminary Injunction is yet another attempt to unravel its previously agreed to settlement agreement it.  Unfortunately, this time, B.P. has resorted to speculative and unfounded allegations of fraud against The Andry Law Firm, L.L.C. to attempt to accomplish its goal.  In the media, and in this Court proceeding, B.P. has alleged that The Andry Law Firm was complicit in a conspiracy to influence claims before the CSSP. However, there is no evidence to substantiate those claims.  The only B.P. claim filed by The Andy Law Firm—its own—is unassailable and there is simply no basis to continue the "hold" placed on that valid and final claim.  For the reasons stated above, B.P.'s Motion should be DENIED.

Respectfully submitted,

Kyle Schonekas, 1187
Ian Atkinson, 31605
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
Poydras Center
909 Poydras Street, Suite 1600
New Orleans, Louisiana  70112
Telephone:  (504) 680-6050
Fax:  (504) 680-6051
kyle@semmlaw.com
ian@semmlaw.com

Attorneys for The Andry Law Firm, L.L.C.

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been served, by hand and by email, to counsel for B.P., the Claims Administrator, and the Plaintiffs' Steering Committee this 18th day of July, 2013.

_____
Ian Atkinson