UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig          MDL NO. 2179
 "Deepwater Horizon" in the Gulf
 of Mexico, on April 20, 2010            SECTION J

Applies to: *12-311*                     JUDGE BARBIER
                                         MAGISTRATE JUDGE SHUSHAN

### ORDER

LIBERTY'S MOTION TO COMPEL - *IN CAMERA* REVIEW (Rec. doc. 10334)

**GRANTED IN PART AND DENIED IN PART**

Liberty International Underwriters, Inc. ("Liberty") moves to compel discovery from Cameron. Rec. doc. 10334. Cameron contended that there are 227 documents protected from disclosure because they are post-October 1, 2011 communications between its outside counsel, its in-house attorneys and Marsh relating to Cameron's litigation with BP and the dispute with Liberty. Rec. doc. 10452 at 1, n. 1 and Exhibit 2. Cameron argued, pursuant to Louisiana Code of Evidence Article 506(B), that: (1) Marsh was Cameron's representative (see December 31, 2008 contract [Rec. doc. 10452 - Exhibit 1]); (2) Marsh, as the representative of Cameron, acted for it in the BP settlement and negotiations with Liberty; and (3) the 227 documents reflect attorney-client communications and work-product.

Liberty responds that: (1) Cameron cannot establish that each of the 227 Marsh communications was for the purpose of facilitating the rendition of professional legal services for Cameron; (2) Cameron withheld many Marsh documents simply because a lawyer was copied; and (3) documents dated before November 7, 2011 are not protected by the work-product doctrine, as Cameron has stated it did not anticipate litigation until that date. Rec. doc. 10550.

Liberty identified 23 documents from the Cameron privilege log. They were reviewed *in camera* to determine whether Marsh acted as Cameron's representative to the extent that its

communications were made for the purpose of facilitating the rendition of professional legal services. See Navigators Management Company v. St. Paul Fire and Marine Insurance Company, 2009 WL 465584, *4 (E.D.Mo.) and other authorities cited in the July 1, 2013 order (Rec. doc. 10559).

Document no. 1 (450).

The document is not protected from disclosure. It was not made for the purpose of facilitating the rendition of professional legal services to the client or prepared in anticipation of litigation.

Document no. 2 (453).

Prior to the submission of the documents for *in camera* review, Cameron withdrew its claim of privilege for this document.

Document no. 3 (460).

The document is protected from disclosure.

Document no. 4 (466).

Prior to the submission of the documents for *in camera* review, Cameron withdrew its claim of privilege for this document.

Document no. 5 (477).

The document is protected from disclosure.

Document no. 6 (478).

The document is protected from disclosure.

Document no. 7 (542).

The document is protected from disclosure.

Document no. 8 (543).

The document is protected from disclosure.

Document no. 9 (548).

The document is protected from disclosure.

Document no. 10 (568).

The document is not protected from disclosure.  It was not made for the purpose of facilitating the rendition of professional legal services to the client or prepared in anticipation of litigation.

Document no. 11 (612).

The document is not protected from disclosure.  It was not made for the purpose of facilitating the rendition of professional legal services to the client or prepared in anticipation of litigation.

Document no. 12 (626).

The document is protected from disclosure.

Document no. 13 (638).

The document is protected from disclosure.

Document no. 14 (639).

The document is protected from disclosure.

Document no. 15 (791).

The document is protected from disclosure.

Document no. 16 (853).

The document is protected from disclosure.

Document no. 17 (956).

The document is not protected from disclosure. It was not made for the purpose of facilitating the rendition of professional legal services to the client or prepared in anticipation of litigation.

Document no. 18 (957).

The document is not protected from disclosure. It was not made for the purpose of facilitating the rendition of professional legal services to the client or prepared in anticipation of litigation.

Document no. 19 (1574).

The document is protected from disclosure.

Document no. 20 (CIC0009028-34).

Cameron redacted portions of the document before producing it. The redactions are protected from disclosure.

Document no. 21 (CIC0009042-50).

Cameron redacted portions of the document before producing it. The redactions are protected from disclosure.

Document no. 22 (CIC0020956-58).

Cameron redacted portions of the document before producing it. The redactions are protected from disclosure.

Document no. 23 (CIC0021033-38).

Cameron redacted portions of the document before producing it. The redactions are protected from disclosure.

The parties shall proceed as follows:

1. Cameron shall review the remaining 204 documents (227 minus 23) and determine whether any claim of privilege should be withdrawn as it did for Document nos. 2 (453) and 4 (466).

2. Cameron shall review the remaining documents and determine whether any of them should be produced in light of the Court's determination that some of them, for example document no. 1 (450), are not protected from disclosure.

3. **Within fourteen (14) calendar days of the entry of this order**, Cameron shall complete steps 1 and 2 and produce those documents: (a) where it determined that the claim of privilege should be withdrawn; (b) which the Court determined are not protected from disclosure; and (c) which Cameron determines should be produced in light of the Court's ruling.

4. After Cameron completes the extrapolation of this ruling to the remaining 204 documents, Liberty may select 5 documents which Cameron shall produce for *in camera* review for the Court to verify the extrapolation process.

5. The deadline for an appeal of this order is **Monday, July 26, 2013.** In the absence of an order from District Judge Barbier, it shall not be stayed.

IT IS ORDERED that Liberty's motion to compel (Rec. doc. 10334) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 22nd day of July, 2013.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**

5