## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig       MDL NO. 2179
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010       SECTION J

Applies to: *All Cases*       JUDGE BARBIER
      MAGISTRATE JUDGE SHUSHAN

## ORDER

**[Regarding Telephone Working Group Conference on Friday, July 19, 2013]**

**NOTE TO CELL PHONE PARTICIPANTS:**  Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else.  If you cannot participate for part of the conference, put your phone on mute.  Likewise for those who type during the conference.

## NON-PHASE TWO MATTERS

1. **Removal of items at Michoud sought by Transocean.**

    Transocean reported that it was waiting on confirmation regarding the removal of the items at Michoud.  It will notify the Court when the confirmation is received.

    Transocean will respond to BP on the request for a "mandrel release" type order for the items removed by Transocean.

2. **Michoud lease**.

    BP will prepare a proposed order for:  (a) items to be released to BP for further preservation; (b) items with no need for further preservation; and (c) items to be retained at Michoud.  It will make a decision regarding the extension of the lease.

3.      **NOAA information**.

There was no report from the U.S. or BP on the draft order.

## PHASE TWO PREPARATION

1.      **Deposition designations**.

The U.S. reported that the parties were completing Group 12 of the deposition designations. With the exception of the depositions of Lawler, Ganset, Graettinger and Shripnikova, the preparation of the remaining designations is suspended.

2.      **Crime-fraud.**

BP submitted the Morgheim documents *in camera*.  It is on track for the submission of the Lynch and Harkavy documents *in camera* as scheduled.

3.      **Motions to strike experts**.

BP submitted a motion to strike Stevick, an expert for Halliburton.  Halliburton will respond on Tuesday, July 23.  BP reported that it will meet-and-confer with Halliburton on the Stevick issues.

BP and the U.S. agreed that it was not necessary for the Court to rule on the U.S. motion to strike Zimmerman's "sur-rebuttal report."  The U.S. was instructed to preserve its "sur-rebuttal report" position with a brief objection during an expert deposition.

4.      **Order regarding confidentiality of communications among aligned parties**.

There was no opposition to the order.  It was entered (Rec. doc. 10798).

5.      **Dispositive motions.**

Three dispositive motions were filed (Rec. docs. 10752, 10753 and 10756).  The Court reported that Judge Barbier reviewed them and has determined they will not be resolved before the start of Phase Two.  The requirement to brief these motions is suspended pending further order from Judge Barbier.

6.      **Phase One rulings applicable to Phase Two**.

BP submitted proposals to the parties on Phase One rulings applicable to Phase Two.  It reports a consensus on the applicability of some Phase One orders to Phase Two.  It will enumerate those in a proposed order.  Where there is no consensus, it will meet-and-confer to work out what can be resolved.  For the ones that cannot be resolved, the parties shall recommend a procedure for Court resolution.  Transocean concurred in the response by Halliburton to BP's proposals.

7.      **Phase Two exhibit list**.

The U.S. suggested that there are four categories of exhibits for Phase Two:  (1) those exhibits which were previously admitted in Phase One; (2) the consolidated agreed list of admitted exhibits; (3) the exhibits used either in a submitted deposition bundle or with a live witness; and (4) the "orphans" - the exhibits that are not in the first three categories but the parties do not want to reveal them until a later date.  Subject to further clarification on the second category, BP agreed with the description of the four categories.

The U.S. reported that the parties are discussing a schedule for the selection of the "orphan" exhibits.

3

The U.S. and BP reported that the parties are discussing the preparation of a list of exhibits that all parties agree will come into evidence.

There was discussion about the identification of the exhibits in the first category.  The U.S. suggested that for the August 9 exhibit list, the parties add a column indicating whether an exhibit was admitted in Phase One.  The PSC reported that:  (1) its Phase Two exhibit list contains only new exhibits which were not admitted in Phase Two; and (2) it is not required to re-list exhibits which were admitted in Phase One to use them in Phase Two.

**8.     Conduct of Phase Two Trial and Revised Timeline**.

There was extended discussion of the parties' response to the Court's memorandum on the conduct of the Phase Two trial and the revised timeline.

## OTHER PHASES

There was no discussion on the penalty phase, OPA test case or the State test case.

## CONFERENCE SCHEDULE

| | |
|---|---|
| 07/26/13 | WGC meeting at 9:30 a.m. (to be followed by Planning Conference on Source Control). |
| 08/02/13 | **Telephone only WGC at 9:30 a.m.** |
| 08/09/13 | WGC meeting at 9:30 a.m. |
| 08/16/13 | WGC meeting at 9:30 a.m. (to be followed by Planning Conference on Quantification). |
| 08/23/13 | **Telephone only WGC at 9:30 a.m.** |
| 08/30/13 | **Telephone only WGC at 9:30 a.m.** |

4

| | |
|---|---|
| 09/05/13 | Phase Two Final Pre-Trial Conference at 2:00 p.m. |
| 09/06/13 | WGC meeting at 9:30 a.m. |
| 09/13/13 | WGC meeting at 9:30 a.m. |
| 09/30/13 | Commencement of Phase Two Trial - Source Control |
| 10/07/13 | Commencement of Phase Two Trial - Quantification |

**All Saturdays are email free days.**

New Orleans, Louisiana, this 22nd day of July, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**