# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT

 2                    EASTERN DISTRICT OF LOUISIANA

 3
    ****************************************************************
 4
    IN RE:  OIL SPILL BY THE
 5  OIL RIG DEEPWATER HORIZON
    IN THE GULF OF MEXICO ON
 6  APRIL 20, 2010

 7                              CIVIL ACTION NO. 10-MD-2179 "J"
                                NEW ORLEANS, LOUISIANA
 8                              FRIDAY, NOVEMBER 18, 2011, 9:00 A.M.

 9
    THIS DOCUMENT RELATES TO
10  ALL CASES

11  ****************************************************************

12
           TRANSCRIPT OF MONTHLY STATUS CONFERENCE PROCEEDINGS
13            HEARD BEFORE THE HONORABLE CARL J. BARBIER
                      UNITED STATES DISTRICT JUDGE
14

15
    APPEARANCES:
16

17
    FOR THE PLAINTIFFS'
18  LIAISON COUNSEL:        DOMENGEAUX WRIGHT ROY & EDWARDS
                            BY:  JAMES P. ROY, ESQUIRE
19                          P. O. BOX 3668
                            556 JEFFERSON STREET
20                          LAFAYETTE, LA  70502

21
                            HERMAN HERMAN KATZ & COTLAR
22                          BY:  STEPHEN J. HERMAN, ESQUIRE
                                 SOREN GISLESON, ESQUIRE
23                          820 O'KEEFE AVENUE
                            NEW ORLEANS, LA  70113
24

25
```

**P-R-O-C-E-E-D-I-N-G-S**

FRIDAY, NOVEMBER 18, 2011

M O R N I N G   S E S S I O N

(COURT CALLED TO ORDER)

THE DEPUTY CLERK: All rise.

THE COURT: All right. Good morning, everyone.

VOICES: Good morning, Your Honor.

THE COURT: Please be seated.

All right. Stephanie, please call this case.

THE DEPUTY CLERK: MDL Number 10-2179, *In re: Oil spill by the oil rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010.*

THE COURT: Counsel, if you could make your appearances, please, liaison and lead counsel.

MR. HERMAN: Good morning, Your Honor. Steve Herman for the plaintiffs.

MR. ROY: Good morning, Your Honor. Jim Roy for the plaintiffs.

THE COURT: Good morning.

MR. SUMMY: Good morning, Your Honor. Scott Summy for the PSC.

MR. BARR: Good morning, Your Honor. Brian Barr for the PSC.

10:23AM 1  that.

10:23AM 2              I think, here, we're talking about claims that
10:23AM 3  aren't even part of the limitation proceedings.  There is no
10:23AM 4  point in bringing them into Phase One.

10:23AM 5              The last point I would make is that on the
10:23AM 6  substance of their assertions under the Clean Water Act as to why
10:23AM 7  that evidence should come in, they are just flat wrong,
10:23AM 8  Your Honor.

10:23AM 9              They refuse to accept the fact that this Court has
10:23AM 10 held that we had no duty to third parties, that we are not at
10:24AM 11 fault, that we had no negligence.  For them to now say, for
10:24AM 12 example, that it's relevant to prove that we were a person in
10:24AM 13 charge just ignores this Court's holdings about operational
10:24AM 14 control.  There is no point in going over that again in the
10:24AM 15 Phase One trial.

10:24AM 16         THE COURT:  You could be held liable as owner, though,
10:24AM 17 right, if you were the owner?

10:24AM 18         MR. SALMONS:  That's correct.  Now, our knowledge and
10:24AM 19 what we had access to is completely irrelevant to that issue.

10:24AM 20             There is an issue that hasn't been addressed to the
10:24AM 21 Court yet, although the Court has language that does touch on it
10:24AM 22 in its B1 order, that has to do with where the oil came from and
10:24AM 23 what's the relevant facility.

10:24AM 24             We certainly have an argument that we will bring at
10:24AM 25 an appropriate time that says that we may be an owner, but we

```
10:24AM   1  weren't an owner or operator or person in charge of the vessel
10:24AM   2  where the oil was discharged from.  But that's a different issue.
10:24AM   3  But none of that turns on what we knew or what we had access to.
10:25AM   4            Similarly, they want to say that our knowledge and
10:25AM   5  access to information must come into the Phase One trial so that
10:25AM   6  they can prove that we were culpable under the factors for
10:25AM   7  penalties under the Clean Water Act.  But the EPA's own guidance
10:25AM   8  defines culpability in terms of a violation of a legal duty or
10:25AM   9  negligence; and, again, that's just a refusal to understand the
10:25AM  10  impacts of this Court's orders.
10:25AM  11            Thank you, Your Honor.
10:25AM  12         THE COURT:  Thank you.
10:25AM  13            Who is going to respond?
10:25AM  14         MR. O'ROURKE:  Good morning, Your Honor.  Steve O'Rourke
10:25AM  15  for the United States.
10:25AM  16            So all we really need to do is come up with one
10:25AM  17  reason why it's admissible --
10:25AM  18         THE COURT:  Speak up, Mr. O'Rourke.  You're kind of soft
10:25AM  19  spoken, and we'll get another complaint from across the hall.
10:25AM  20         MR. O'ROURKE:  -- so I'm going to talk about three
10:25AM  21  points.
10:25AM  22            First, the Clean Water Act claim of the
10:25AM  23  United States and the Oil Pollution Act claim of the
10:25AM  24  United States are in the trial we're having in February.
10:26AM  25            Second, that's no surprise to Anadarko or anybody.
```

10:29AM 1   about that.  How much penalty they pay is a bench trial.  I think
10:29AM 2   they agree with us on that, too.
10:29AM 3               Now, if we move for summary judgment on owner
10:29AM 4   theory, and if that's granted, the jury goes away.  We're
10:29AM 5   prepared to propose a briefing schedule, but we'll do it offline,
10:29AM 6   for summary judgment on whether they are the owner and whether
10:29AM 7   they are liable, and that would obviate the jury issue.
10:29AM 8               THE COURT:  Obviously, according to the Case Management
10:30AM 9   Order and the Trial Plan, it specifically says, obviously, we're
10:30AM 10  only going to try issues that are properly triable to the Court
10:30AM 11  and not to a jury, so that's going have to be resolved in advance
10:30AM 12  of trial.
10:30AM 13              MR. O'ROURKE:  That's true, Your Honor, if we asked you
10:30AM 14  for a ruling on their liability; but, if we could also bring in
10:30AM 15  evidence about these penalty factors, that's the ones he was
10:30AM 16  mentioning about culpability, knowledge and other equitable --
10:30AM 17              THE COURT:  Which would deal with the ultimate
10:30AM 18  assessment by the Court of penalties, amount of penalties.
10:30AM 19              MR. O'ROURKE:  By the Court, not by a jury.
10:30AM 20              THE COURT:  Well, why would we have to make that part of
10:30AM 21  Phase One?
10:30AM 22              MR. O'ROURKE:  Because, otherwise, you're going to hear
10:30AM 23  the same evidence twice, Judge.  We understood your order to be
10:30AM 24  you want to hear --
10:30AM 25              THE COURT:  Well, wait, wait.  They are trying to

```
10:30AM   1  exclude the evidence in Phase One.  If we exclude it from
10:30AM   2  Phase One, we wouldn't be hearing it twice.
10:30AM   3           MR. O'ROURKE:  Well, you're going to be hearing evidence
10:30AM   4  about -- to determine their role in the spill or their knowledge
10:30AM   5  about the spill, their culpability with respect to the spill,
10:31AM   6  you're going to have to be reminded in this subsequent phase of
10:31AM   7  all the evidence we've heard about what went wrong on the rig --
10:31AM   8           THE COURT:  Well, I think I can remember that.  I will
10:31AM   9  have sat through it.
10:31AM  10           I'm not trying to make light of it.  I'm just
10:31AM  11  trying to understand why that couldn't -- you know, I'm primarily
10:31AM  12  focused now on Phase One, what is going to come in in Phase One
10:31AM  13  and be relevant to Phase One of this trial.
10:31AM  14           MR. O'ROURKE:  Well, you're going to be hearing
10:31AM  15  witnesses who are employed by BP, for example.  We're going to
10:31AM  16  ask them at Phase One, what was their course of dealings with
10:31AM  17  Anadarko.
10:31AM  18           But we would have to call them again in this other
10:31AM  19  phase, have the same witnesses come back, have you reminded who
10:31AM  20  they were, what their roles were.  While they were on the stand
10:31AM  21  on Phase One, they might as well add the few questions about
10:31AM  22  Anadarko.
10:31AM  23           THE COURT:  I don't know.  You know, what concerns me is
10:31AM  24  how much time -- I think our trial plan states that there
10:31AM  25  certainly may be circumstances where it makes sense to take
```

```
11:22AM   1              If not, again, 64 days to trial.  Judge Shushan is
11:22AM   2   reminding me of that.  I think she's going to have a countdown
11:22AM   3   clock for all of us.
11:22AM   4              I want to thank everybody, the parties, counsel,
11:22AM   5   again, for your continued cooperation and professionalism, and
11:22AM   6   I'll send you off to Judge Shushan now.  Have a good day.
11:22AM   7              THE DEPUTY CLERK:  All rise.
          8              [REPORTER'S NOTE:  The next status conference is Friday,
          9   December 16, 2011, at 9:30 a.m. CST.]
         10              (WHEREUPON, at 11:22 a.m., the proceedings were
         11   concluded.)
         12                            *   *   *
         13
         14                       REPORTER'S CERTIFICATE
         15
                 I, Cathy Pepper, Certified Realtime Reporter, Registered
         16   Merit Reporter, Certified Court Reporter of the State of
              Louisiana, Official Court Reporter for the United States District
         17   Court, Eastern District of Louisiana, do hereby certify that the
              foregoing is a true and correct transcript, to the best of my
         18   ability and understanding, from the record of the proceedings in
              the above-entitled and numbered matter.
         19
         20                              s/Cathy Pepper
                                         Cathy Pepper, CRR, RMR, CCR
         21                              Certified Realtime Reporter
                                         Official Court Reporter
         22                              United States District Court
                                         Cathy_Pepper@laed.uscourts.gov
         23
         24
         25
```