UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ) ) ) ) ) ) | MDL NO. 2719<br><br>SECTION J |
| THIS DOCUMENT RELATES TO: | ) ) | JUDGE BARBIER |
| IN RE: TRITON ASSET LEASING, GmbH<br>Case No. 2:10-CV-08888-CJB-SS | ) ) ) ) | MAGISTRATE JUDGE SHUSHAN |

---

**MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDER FILED BEYOND SEPTEMBER 16, 2011 MONITION DATE**

NOW INTO COURT, through undersigned counsel, comes Beacon Fisheries, Inc. who files this Memorandum in Support of the accompanying Motion for Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011 Date. Beacon Fisheries, Inc. seeks this Honorable Court's permission to accept its late-filed claim for injuries in the limitation proceeding for the following reasons:

1. Beacon Fisheries, Inc. contacted counsel after the Court-established deadline seeking assistance in filing claims for injuries and damages incurred as a result of the Deepwater Horizon explosion and resulting oil spill;

2. Beacon Fisheries, Inc. was unaware of the Court-established deadline, may not yet have fully realized its damage, and did not timely file in the Transocean limitation proceeding;

3. No prejudice will result from the acceptance of the late filing. Such filings have been filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS.

   No action has been taken in the limitation proceeding that could cause prejudice to any other party to the proceeding; and

4.  Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Sulphur Co. V. Blue Stack Towing, Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (citing *Golnoy Barge Co. V. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, Beacon Fisheries, Inc. respectfully requests that the Court accept its late-filed short form and grant the accompanying Motion for Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011 date.

       Respectfully submitted:

        *s/John W. deGravelles*
       **JOHN W. deGRAVELLES** (#04808)
       J. NEALE deGRAVELLES (#29143)
       deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
       618 Main Street
       Baton Rouge, Louisiana  70801-1910
       Telephone:  225/344-3735
       Facsimile:  225/336-1146
       jdegravelles@dphf-law.com
       ndegravelles@dphf-law.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of July, 2013, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to and provided notice by and through LexisNexis to all counsel of record.

                                  *s/John W. deGravelles*
                                **JOHN W. deGRAVELLES**