UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG <br> "DEEPWATER HORIZON" in <br> the GULF OF MEXICO, on <br> APRIL 20, 2010 | * <br> * <br> * <br> * <br> * <br> * | MDL NO. 2179 "J"(1) <br><br> JUDGE BARBIER <br><br> MAGISTRATE SHUSHAN |
| **THIS DOCUMENT APPLIES TO:** <br> Case No. 12-311 | * <br> * <br> * | **JURY TRIAL DEMANDED** |

**LIBERTY INSURANCE UNDERWRITERS' REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL CAMERON (Docket #10754)**

**1. Cameron Must Specify the Scope and Amount of its New Damage Claim and Produce All Supporting Documents.**

Cameron states there is "no mystery" to its new damage claim, yet for many months – and even now – has failed to provide a straight answer or amend its discovery responses and Rule 26 disclosures as required by the Federal Rules.[1] Opp. Br. at 1. Just a few weeks ago, in early July, Cameron advised that its newly minted claim for "compensatory damages . . . for costs and fees incurred in connection with Cameron's claim for insurance coverage" (R. Doc. 10754-4) included litigation expenses (which Cameron calls "Liberty

---

[1] LIU disputes that attorney fees for the bad faith suit can be considered damages under Texas bad faith laws. Or. Br. at 3 n.5; *see also Guidry v. Environmental Procedures, Inc.,* 388 S.W. 31845 (Tex. App. Ct. 2013) (plaintiff who does not recover actual damages cannot recover attorney fees under the Insurance Code); *AAF-McQuay, Inc. v. Northbrook Prop. and Cas. Inc. Co.,* No. 5:96CV158, 1999 WL 33447052, at *2 (E.D. Tex. Jan. 8, 1999) (Texas Insurance Code provides "attorneys' fees may be awarded on top of actual damages, but it does not contemplate that such fees may themselves constitute actual damages") (citing *American Nat. Ins. Co. v. Paul*, 927 S.W.2d 239, 246 (Tex. App. Ct. 1996) (damage and attorney fees as separate items of recovery; "to obtain an award of attorney's fees under [the Deceptive Trade Practices Act or Insurance Code], one must first recover actual damages")). The statute's terms compel this conclusion. V.T.C.A. Ins. Code § 541.152(a)(1) (plaintiff may obtain "the amount of actual damages, plus court costs and reasonable and necessary attorney fees. If attorney fees constitute "actual damages", the statute need not include attorney fees as a separate item to be recovered "on top of actual damages".

1

Litigation Expenses") dating back to November 2011. But Cameron still has refused to do so. Now in its brief, Cameron slyly attempts to shift gears, dropping a footnote now asserting it "seeks only to recover as damages the Liberty Litigation Expenses incurred *in this action* commencing in January 2012." Opp. Br. at 2 n.1 (emphasis in original). Cameron's shifting claims is reason enough to order it to immediately amend its discovery responses, including its Rule 26 Disclosures and discovery responses, to specify the damage claim, scope and amount. FED. R. CIV. P. 26(a)(1)(A)(iii).

Moreover, despite its Rule 26 obligations, Cameron has still not produced one single document relating to its new damage claim for Liberty Litigation expenses, much less the full and complete response to which Liberty is entitled in Rule 26 disclosures and discovery responses. Instead, although the fact discovery deadline is fast approaching, Cameron cavalierly states it will soon[2] produce some documents, including attorney fee invoices, though heavily redacted and without individual diary entries. Opp. Br. at 2. Cameron's promised response is too little, too late. Liberty is entitled to promptly get a full unredacted set of the supporting documents to its damage claim for Liberty Litigation Expenses. Cameron freely has chosen to try a unique approach to cast its attorney fee claim as compensatory damages decided by a jury and to have those "attorney fees – compensatory damages" trebled by the jury. *See* V.T.C.A., Ins. Code § 541.152(b) ("on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages"). Given this novel approach involving potential treble damages,

---

[2] LIU did not move prematurely as Cameron still neither has produced documents or amended its discovery, despite the impending discovery deadline.

LIU is entitled to an "exacting" review of any and all supporting documents. *Minnesota Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 775 (Tex. 2006) ("claims for extra-contractual damages should not be a routine addition to every breach-of-policy case").

A heavily redacted version is woefully insufficient and not permitted under the law. Both Texas and Louisiana federal courts have held that **unredacted** billing records must be produced when the insured or claimant asserts a claim for reimbursement of attorney fees.[3] *Hornbeck v. Offshore Servs. L.L.C. v. Salazar*, No. 10-1663, 2011 WL 2214765, at *20 (E.D. La. June 1, 2011) (noting that "the vast majority of fee statements are not privileged in the first instance," nor are fee arrangements protected as privileged); *Pillsbury Winthrop Shaw Pittman L.L.P. v. Brown Sims, O.C.*, No. 09-365, 2010 WL 56045, at *8 (S.D. Tex. Jan. 6, 2010) (citations omitted) (ordering plaintiff/insured to produce billing statements upon which it is requested reimbursement from insurer with respect to underlying litigation; "plaintiff may not redact, even partially, any entry for which reimbursement is being sought"). As Judge Knowles explained in *Hornbeck,* "as I and other judges in this court have repeatedly held, to the extent that the attorney-client privilege may protect some portions of the invoices, the privilege is waived by seeking reimbursement for attorney's fees." *Hornbeck*, 2011 WL 2214765, at *20. Judge Knowles found that "[b]ecause plaintiffs' request for attorney's fees necessarily requires them to place the reasonableness of the work at issue, they have waived their privilege as to the invoices." Here, the argument for production of unredacted documents is more compelling than in *Hornbeck.* By casting its fees as "compensatory damages," Cameron has placed at issue not

---

[3] *Id.* **None** of the cases cited by Cameron involves an action seeking to cast for reimbursement of attorney fees as compensatory damages as Cameron asserts here.

only the amount and reasonableness of fees as in *Hornbeck*,[4] but also causation or the reason the fees were incurred. Texas courts consistently hold that to recover "actual damages" for bad faith, the insured must show "injury independent of those that would have resulted from wrongful denial of policy benefits". *Powell Elec. Systems, Inc. v. Nat. Union Fire Ins. Co.,* 2011 WL 3813278 (S.D. Tex. 2011); *Harris v. American Prot. Ins. Co.*, 158 S.W.3d 614, 626 (Tex. App. Ct. 2005) (even if insurer commits bad faith, insured must still "prove any damages that are recoverable" were caused by bad faith); *Crawford & Co. v. Garcia*, 817 S.W.2d 98, 101 (Tex. App. Ct. 1991) (plaintiff must prove damages were factually caused by defendant's unfair or deceptive conduct). Applying that principle here, to recover attorney fees in this suit as compensatory damages, Cameron must prove the fees would not have been incurred with just a wrongful denial of benefits, a heavy burden but one LIU must rebut. *Great Am. Ins. Co. v. AFS / IBEX Fin. Servs., Inc.*, No. 3:07-CV-924-O, 2011 WL 3163605, at *7 (N.D. Tex. July 27, 2011) ("For the Court to find that GAIC's insurance code violations were a producing cause or bad faith was a proximate cause of AFS's attorney's fees (in another suit) there must be evidence that without those violations, AFS would not have incurred the fees.") (quoting *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995)). The unredacted invoices are especially necessary to rebut causation. Without them, LIU is unfairly prejudiced in its ability to show the suit to recover under the policy would have been brought no matter the reason LIU chose not to pay to fund the settlement as well as whether the fees were "reasonable and necessary".

---

[4] V.T.C.A., Insurance Code § 541.152(a)(1) (insured only entitled to recover attorney fees if "reasonable and necessary").

## 2. Cameron Must Produce All Documents Pertaining to its Claim for MDL Defense Costs.

Although Cameron long ago asserted a damage claim for recovery of MDL Defense Costs, it also has failed to produce adequate documents to support that claim either. Indeed, Cameron has not sent a set of invoices to support its MDL Defense Costs Claims, notwithstanding Cameron's dismissal from the litigation on April 2, 2013. Cameron's infrequent summaries are insufficient, merely providing the firm or vendor name, and an accompanying amount of fees apparently generated over months and years, without more. As in *Hornbeck,* Cameron should produce unredacted invoices to support its MDL Defense Cost claim.

Accordingly, Cameron should be ordered to promptly produce ***all*** documents supporting the new damage claim, including but not limited to unredacted attorney invoices for any attorney fees Cameron seeks to recover.

## CONCLUSION

The Court cannot allow Cameron to pursue a treble damage claim based on incurring attorney fees in this suit because of alleged bad faith, which the jury must decide, and not amend its Rule 26 disclosures and discovery to identify the scope and amount of the claims and without disclosing unredacted copies of all documents supporting such claim as well as its other damage claim. LIU is entitled under the law to this critical information to prepare its defense.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor

886559_1

>New Orleans, Louisiana  70112
>504.589.9700 (Telephone)
>504.589.9701 (Facsimile)
>
>and
>
>Christopher W. Martin, PRO HAC VICE
>Federal I.D. 13515
>Gary L. Pate, PRO HAC VICE
>Federal I.D. 29713
>808 Travis, Suite 1800
>Houston, Texas 77002
>713-632-1700 (Telephone)
>713-222-0101 (Facsimile)
>
>Attorneys for Liberty International
>  Underwriters, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 25th day of July, 2013.

>*/s/ Judy Y. Barrasso*

886559_1