Cameron

Chartis is 25
ACE 25x25
XL Europe 50x50
LIU above that

Above ACE seems open to resolution.

150 – 175. All except fines and penalties.

Indemnity with TO. Trying to preserve so can recover v. TO. BP is balking.

These k's have been put as valid for decades. Should be upheld.

Def cost 50M, uninsured. Hard fought. But a good chance to get out.

ACE attorney is Koepf. All over the place. 'Let's do a deal' 'we're going to sue.'

Don't know what ACE is thinking.

Head of ACE NA underwriting was not aware.

Full confidentiality. CFO of Cameron gave consent this morning to involve Jerry Lawrence and SDF. Call ACE and see what can be done.

Call scheduled for 9:30 Monday morning. BP gave Cameron until Monday. Deadline may be soft.

Rusty Lee cell – 832 659 6099. He's supposed to talk to CFO on Sunday afternoon. He appreciates that we're not likely to reach anyone this late on Friday, and effort will be on Monday.

**EXHIBIT A**

CONFIDENTIAL

MARSH 006062

Cohen doc

Howe says we need to leave Cohen with something. Summarize how LIU's position would work at various levels of expected damage.

Reasonableness of LIU's position is dependent on circumstances.   Here unreasonable.

May be valid where indemnities common and honored

Not case here as to Cameron.  Indirect, 'best efforts.'

Most important where
- indemnity not clear
- indemnity not direct
- indemnity repudiated

In such a case, determination whether position on the indemnity is correct – whether it's valid or not – may require years of litigation, up to level of US Supreme Court.  LIU's position is that during that entire period, which may require years, it has no obligations at all.  As long as there's an argument that an indemnity exists then LIU has no obligation and the insured is on its own.

Indemnities are ubiquitous in modern commercial world.  Frequently both sides in a transaction or dispute can point to a purported indemnity.  Unreasonable for LIU to excuse itself every time a potential indemnity is identified.  Assert LIU's interests over the insured's own interests.

Within retention – no concerns

Risk of outside retention but well inside tower – only issue would be carrying costs.

Risk of Outside Tower.  Risk of severe damage to insured if LIU is incorrect

Severe risk of award well above coverage limits.  Insured is destroyed if LIU is incorrect.

Impact

CONFIDENTIAL

# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

CARMELITE M. BERTAUT
DIRECT DIAL: (504) 593-0898
DIRECT FAX: (504) 596-0898
E-Mail: cbertaut@stonepigman.com

OUR FILE NUMBER

46,408

July 10, 2013

**BY HAND**

The Honorable Sally Shushan
Magistrate Judge
United States District Court
for the Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, LA 70130

> Re:   *Cameron International Corporation v.*
> *Liberty Insurance Underwriters, Inc.*,
> Case No. 2:12-cv-00311

Dear Judge Shushan:

On behalf of Cameron International Corporation ("Cameron"), enclosed please find an Appendix containing Cameron's submission of documents for *in camera* review in accordance with this Court's July 1, 2013 order. We also have enclosed as Exhibit A the entries from Cameron's privilege log that correspond to the list of 23 documents provided by Liberty Insurance Underwriters, Inc. ("Liberty"). On further reflection, we have decided to produce documents 453 and 466, so they are no longer in issue.

For the Court's convenience, we have organized the Appendix containing the 21 documents identified by Liberty with a separate slip sheet specifying the number that corresponds to the particular privilege log entry or bates number (for redacted documents) on Cameron's privilege log. Where the document was produced in redacted form, we have highlighted the text that was redacted in yellow.

The 21 enclosed documents reflect many attorney-client communications. Often, just the first names of counsel (*e.g.*, Bill, Brad, Mitch) are mentioned in the documents. In several instances, their communications and litigation analysis and/or strategy appear earlier in an email chain, which then is forwarded and discussed later in the chain. And, in yet others, Marsh communicates with Cameron regarding the steps it took to carry out counsel's instructions regarding negotiations with Cameron's insurers, as explained in the Declaration of Brad Eastman, dated June 21, 2013, Dkt No. 10452-1.

**EXHIBIT B**

1131968v1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
    2

July 10, 2013

       To assist Your Honor's review, identified below are the attorneys representing Cameron whose names appear throughout the enclosed documents:

    Counsel:

    William Lemmer, Cameron's General Counsel
    Brad Eastman, Cameron's Associate General Counsel
    Mitchell Auslander, Willkie Farr & Gallagher LLP
    David Brown, Brown & Kornegay LLP
    David Beck, Beck Redden LLP
    David Jones, Beck Redden LLP

       For additional context, below is a list of the Cameron and Marsh personnel, and their positions, whose names appear in the documents.

    Cameron Personnel:

    Charles Sledge, Cameron's Chief Financial Officer
    Anthony Black, Cameron's Director of Risk Management

    Marsh Personnel:

    William "Rusty" Lee, Managing Director
    Timothy Kenny, Senior Vice President Claims and Compliance
    Stephen Fraser, Managing Director

       Should Your Honor have any questions about any particular document, please do not hesitate to contact us.  Thank you for your consideration.

       Respectfully,

       Carmelite M. Bertaut

CMB:bon
cc:    Mr. Mitchell Auslander (via email w/Exhibit A only)
       Mr. Jeffrey Korn (via email w/Exhibit A only)
       Ms. Judy Y. Barrasso (via email w/Exhibit A only)
       Mr. Christopher W. Martin (via email w/Exhibit A only)

| DOCUMENT NUMBER | DATE | FROM | TO | CC | DESCRIPTION | BASIS FOR WITHHOLDING | WITHHELD OR REDACTED |
|---|---|---|---|---|---|---|---|
| **CAMERON INTERNATIONAL CORPORATION'S EXCERPTED PRIVILEGE LOG** | | | | | | | |
| 450 | 11/2/2011 | Timothy Kenny | Anthony Black | | Email chain facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of Brad Eastman re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 453 | | | | | Assertion of privilege withdrawn | | |
| 460 | 11/4/2011 | Timothy Kenny | Charles Sledge | | Email chain facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of Brad Eastman re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 466 | | | | | Assertion of privilege withdrawn | | |
| 477 | 11/6/2011 | Timothy Kenny | Charles Sledge | | Email chain facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of Brad Eastman, William Lemmer re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 478 | 11/6/2011 | Rusty Lee | Charles Sledge | | Email chain facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of Brad Eastman, William Lemmer re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 542 | 11/9/2011 | Stephen Fraser | Charles Sledge | | Email chain facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of Brad Eastman, William Lemmer re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 543 | 11/9/2011 | Stephen Fraser | Charles Sledge | | Email chain facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of Brad Eastman, William Lemmer re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 548 | 11/10/2011 | Timothy Kenny | Charles Sledge | | Email chain facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of Brad Eastman, William Lemmer re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 568 | 11/11/2011 | Rusty Lee | Anthony Black | | Email chain facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of Brad Eastman re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 612 | 11/14/2011 | Stephen Fraser | Charles Sledge | | Email chain reflecting legal advice of, facilitating the rendition of professional legal services to Cameron, reflecting mental impressions and litigation strategy of Brad Eastman re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 626 | 11/15/2011 | Stephen Fraser | Charles Sledge | | Email chain facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of Brad Eastman, William Lemmer re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 638 | 11/17/2011 | William Lemmer | Brad Eastman; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown; Mitchell Auslander | David Beck; David Jones | Email chain providing information necessary to render legal advice of, facilitating the rendition of professional legal services to Cameron, reflecting mental impressions and litigation strategy of William Lemmer re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 639 | 11/17/2011 | Stephen Fraser | Charles Sledge | | Email chain facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of Brad Eastman, William Lemmer re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 791 | 12/12/2011 | Stephen Fraser | Charles Sledge | | Email chain facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of Mitchell Auslander re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |
| 853 | 12/14/2011 | Rusty Lee | Charles Sledge | | Email chain facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of Mitchell Auslander re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product | Withheld |

EXHIBIT A

| | | | | | | |
|---|---|---|---|---|---|---|
| 956 | 12/21/2011 | Stephen Fraser | Charles Sledge | | Email chain facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of Mitchell Auslander re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product | Withheld |
| 957 | 12/21/2011 | Charles Sledge | Stephen Fraser | | Email facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, requesting information necessary to render legal advice of Mitchell Auslander re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product | Withheld |
| 1574 | 11/9/2011 | Chuck Sledge | Stephen Fraser | | Confidential communication to a representative of Cameron reflecting mental impressions and litigation strategy of Brad Eastman and William Lemmer and made for the purpose of facilitating the rendition of professional legal services of William Lemmer and Brad Eastman re:  the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client Privilege / Attorney Work Product | Withheld |
| CIC0009028 - CIC0009034 | 11/17/2011 | Stephen Fraser | Charles Sledge | | Email chain facilitating the rendition of professional legal services of Mitchell Auslander re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client | Redacted |
| CIC0009042 - CIC0009050 | 11/17/2011 | Stephen Fraser | Charles Sledge | | Email chain facilitating the rendition of professional legal services of Mitchell Auslander re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client | Redacted |
| CIC0020956 - CIC0020958 | 10/31/2011 | Timothy Kenny | Anthony Black | | Email chain facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, discussing legal advice of Brad Eastman re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client Privilege / Attorney Work Product | Redacted |
| CIC0021033 - CIC0021038 | 12/16/2011 | Rusty Lee | Anthony Black | | Email chain facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, forwarding legal advice of Mitchell Auslander re: Cameron's settlement with its other insurers. | Attorney-Client Privilege / Attorney Work Product | Redacted |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 844 | 12/13/2011 | Mitchell Auslander | Charles Sledge; Timothy Kenny | | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and litigation strategy of Cameron, providing legal advice of | Mitchell Auslander | re: Cameron's settlement with BP. | Attorney-Client / Work Product |
| 10 | 853 | 12/14/2011 | Rusty Lee | Charles Sledge | | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and litigation strategy of Cameron, providing legal advice of | Mitchell Auslander | re: Cameron's settlement with BP, Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 11 | CIC0021021 - CIC0021023 | 12/13/2011 | Mitchell Auslander | Kenny, Timothy | Lee, Rusty; Stephen Fraser; Brad Eastman; Charles Sledge; David Beck; Brown, David; Redden, Joseph; Stephen Fraser; Black, Anthony; William Lemmer | Email chain | providing legal advice of, reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's settlement with BP. | Attorney-Client Privilege / Attorney Work Product |
| 12 | CIC0021024 - CIC0021026 | 12/13/2011 | Kenny, Timothy | Mitchell Auslander | Lee, Rusty; Stephen Fraser; Brad Eastman; Charles Sledge; David Beck; Brown, David; Redden, Joseph; Stephen Fraser; Black, Anthony; William Lemmer | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's settlement with BP. | Attorney-Client Privilege / Attorney Work Product |
| 13 | 000638 | 11/8/2011 | Tony Black | Rusty Lee | | | Confidential communication to a representative of Cameron forwarding attorney-client communication reflecting mental impressions and litigation strategy of Brad Eastman and made for the purpose of facilitating the rendition of professional legal services of William Lemmer and Brad Eastman re: the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | | | Attorney-Client Privilege / Attorney Work Product |
| 14 | 00657 | 11/8/2011 | Stephen Fraser | Brad Eastman | William Lemmer; Chuck Sledge; Tony Black; Rusty Lee | | Confidential communication from a representative of Cameron reflecting mental impressions and litigation strategy of Brad Eastman and made for the purpose of facilitating the rendition of professional legal services of William Lemmer and Brad Eastman re: the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | | | Attorney-Client Privilege / Attorney Work Product |
| 15 | 000662 | 11/8/2011 | Stephen Fraser | Chuck Sledge | Brad Eastman; William Lemmer; Tony Black; Rusty Lee | | Confidential communication from a representative of Cameron reflecting mental impressions and litigation strategy of Brad Eastman and made for the purpose of facilitating the rendition of professional legal services of William Lemmer and Brad Eastman re: the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | | | Attorney-Client Privilege / Attorney Work Product |
| 16 | 000665 | 11/8/2011 | William Lemmer | Stephen Fraser, Brad Eastman | Chuck Sledge; Tony Black; Rusty Lee | | Confidential communication to a representative of Cameron reflecting mental impressions and litigation strategy of William Lemmer and made for the purpose of facilitating the rendition of professional legal services of William Lemmer and Brad Eastman re: the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | | | Attorney-Client Privilege / Attorney Work Product |

Page 2 of 29

**EXHIBIT C**

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| 17 | 001510 | 11/8/2011 | Brad Eastman | Stephen Fraser | William Lemmer; Chuck Sledge; Tony Black | Confidential communication to a representative of Cameron reflecting mental impressions and litigation strategy of Brad Eastman and made for the purpose of facilitating the rendition of professional legal services of Brad Eastman re: the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client Privilege / Attorney Work Product |
| 18 | 001514 | 11/8/2011 | Stephen Fraser | Brad Eastman | | Confidential communication from a representative of Cameron reflecting mental impressions and litigation strategy of Brad Eastman and made for the purpose of facilitating the rendition of professional legal services of Brad Eastman re: the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client Privilege / Attorney Work Product |
| 19 | 001539 | 11/8/2011 | Stephen Fraser | Brad Eastman | William Lemmer; Chuck Sledge; Tony Black; Rusty Lee | Confidential communication from a representative of Cameron reflecting mental impressions and litigation strategy of Brad Eastman and made for the purpose of facilitating the rendition of professional legal services of William Lemmer and Brad Eastman re: the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client Privilege / Attorney Work Product |
| 20 | 001566 | 11/8/2011 | Stephen Fraser | William Lemmer; Brad Eastman | Chuck Sledge; Tony Black; Rusty Lee | Confidential communication from a representative of Cameron reflecting mental impressions and litigation strategy of Brad Eastman and William Lemmer and made for the purpose of facilitating the rendition of professional legal services of William Lemmer and Brad Eastman re: the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client Privilege / Attorney Work Product |
| 21 | 001569 | 11/9/2011 | William Lemmer | Stephen Fraser; Brad Eastman | Chuck Sledge; Tony Black; Rusty Lee | Confidential communication to a representative of Cameron reflecting mental impressions and litigation strategy of Brad Eastman and William Lemmer and made for the purpose of facilitating the rendition of professional legal services of William Lemmer and Brad Eastman re: the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client Privilege / Attorney Work Product |
| 22 | 001574 | 11/9/2011 | Chuck Sledge | Stephen Fraser | | Confidential communication to a representative of Cameron reflecting mental impressions and litigation strategy of Brad Eastman and William Lemmer and made for the purpose of facilitating the rendition of professional legal services of William Lemmer and Brad Eastman re: the BP Settlement and Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client Privilege / Attorney Work Product |
| 23 | 920 | 12/18/2011 | Mitchell Auslander | Charles Sledge; Stephen Fraser; William Lemmer; Anthony Black; Brad Eastman | | Email chain    reflecting mental impressions and litigation strategy of            Mitchell Auslander      re: Cameron's lawsuit against Liberty.   requesting information necessary to render legal advice of | Attorney-Client / Work Product |
| 24 | 921 | 12/18/2011 | Charles Sledge | Mitchell Auslander; Stephen Fraser; William Lemmer; Anthony Black; Brad Eastman | | Email    reflecting mental impression and litigation strategy of   Mitchell Auslander; William Cameron, requesting legal advice of   Lemmer, Brad Eastman      re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 25 | 936 | 12/19/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Stephen Fraser; Mitchell Auslander | | Email | facilitating the rendition of professional services to and reflecting the mental impressions and litigation strategy o Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 26 | 937 | 12/19/2011 | Brad Eastman | William Lemmer | Brad Eastman; Mitchell Auslander; Charles Sledge; Stephen Fraser; Anthony Black | Email chain | reflecting mental impressions and litigation strategy of, requesting legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty; Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 27 | 938 | 12/19/2011 | William Lemmer | Brad Eastman; Mitchell Auslander | Charles Sledge; Stephen Fraser; Anthony Black | Email chain | requesting legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Mitchell Auslander; Brad Eastman | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 28 | 950 | 12/21/2011 | Mitchell Auslander | Stephen Fraser; Timothy Kenny | Brad Eastman; Anthony Black; William Lemmer; Charles Sledge; Jeffrey Korn; Hayley Tozeski | Email | facilitating the rendition of professional legal services to Cameron, reflecting mental impressions and litigation strategy of, requesting information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 29 | 956 | 12/21/2011 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impression and litigation strategy of Cameron, requesting information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 30 | 957 | 12/21/2011 | Charles Sledge | Stephen Fraser | | Email | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, requesting information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 31 | 959 | 12/21/2011 | Charles Sledge | Stephen Fraser | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, discussing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 32 | 963 | 12/21/2011 | Mitchell Auslander | Stephen Fraser; Timothy Kenny | Brad Eastman; Anthony Black; William Lemmer; Charles Sledge; Jeffrey Korn; Hayley Tozeski | Email | facilitating the rendition of professional legal services to Cameron, providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 33 | 1077 | 12/29/2011 | Mitchell Auslander | Timothy Kenny | Lawrence, Jerry; Stephen Fraser; Rusty Lee, Anthony Black; Jeffiey Korn; Douglas Mishkin | Email chain | requesting information necessary to render legal advice of reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 34 | 1103 | 1/17/2012 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman, William Lemmer, Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 35 | 1104 | 1/17/2012 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman, William Lemmer, Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 36 | 1105 | 1/24/2012 | Stephen Fraser | Charles Sledge | | Email | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman, William Lemmer, Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 37 | 1111 | 1/25/2012 | Charles Sledge | Brad Eastman | William Lemmer; Stephen Fraser; Mitchell Auslander | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 38 | 1112 | 1/25/2012 | Brad Eastman | Charles Sledge | William Lemmer; Stephen Fraser; Mitchell Auslander | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 39 | 1113 | 1/25/2012 | Charles Sledge | William Lemmer; Brad Eastman; Stephen Fraser; Mitchell Auslander | | Email | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 40 | 1114 | 1/25/2012 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|
| 41 | 1115 | 1/25/2012 | Charles Sledge | Stephen Fraser | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, discussing information necessary to render legal advice of | Mitchell Auslander      re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 42 | 1116 | 1/25/2012 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander      re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 43 | 1121 | 1/26/2012 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander      re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 44 | 1122 | 1/26/2012 | Charles Sledge | Stephen Fraser | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, discussing information necessary to render legal advice of | Mitchell Auslander      re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 45 | 1123 | 1/26/2012 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander      re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 46 | 1124 | 1/26/2012 | Charles Sledge | Stephen Fraser | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, discussing information necessary to render legal advice of | Mitchell Auslander      re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 47 | 1125 | 1/26/2012 | Anthony Black | Rusty Lee | | Email | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, discussing information necessary to render legal advice of | Mitchell Auslander      re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 48 | 1126 | 1/26/2012 | Rusty Lee | Anthony Black | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander      re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 49 | 1127 | | | | | Agreement | reflecting mental impressions and litigation strategy of, providing information necessary to render legal advice of, facilitating the rendition of professional legal services to Cameron | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 50 | 1128 | 1/27/2012 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 51 | 1129 | 1/27/2012 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impression and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 52 | 1130 | 1/27/2012 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 53 | 1131 | 1/29/2012 | Stephen Fraser | Charles Sledge | | Email | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander, William Lemmer | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 54 | 1132 | 1/29/2012 | Charles Sledge | Stephen Fraser | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, requesting information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 55 | 1133 | 1/30/2012 | William Lemmer | Charles Sledge; Hayley Tezeski; Mitchell Auslander; Robert Hovar; Stephen Fraser | Jeffrey Kern; Brad Eastman | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |
| 56 | 1134 | 1/30/2012 | Charles Sledge | Stephen Fraser | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, discussing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's lawsuit against Liberty. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 57 | CIC0003621 | CIC0003622 | 12/28/2011 | Timothy Kenny | Mitchell Auslander | Jerry Lawrence; Stephen Fraser; Rusty Lee; Anthony Black | Email chain | facilitating the rendition of professional legal services of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's lawsuit against Liberty; | Attorney-Client / Attorney Work Product |
| 58 | CIC0005301 | CIC0005302 | 12/13/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black | Timothy Kenny; Stephen Fraser | Email chain | providing legal advice / facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident; | Attorney-Client |
| 59 | CIC0005491 | CIC0005493 | 11/23/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | Jeffrey Williams | Email | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident; | Attorney-Client / Attorney Work Product |
| 60 | CIC0009007 | CIC0009009 | 11/23/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | Jeffrey Williams | Email | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident; | Attorney-Client / Attorney Work Product |
| 61 | CIC0009010 | CIC0009011 | 11/23/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; David Brown; Mitchell Auslander; Stephen Fraser; Timothy Kenny | | Email | providing legal advice of and facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident; | Attorney-Client |
| 62 | CIC0010499 | CIC0010500 | 12/19/2011 | Charles Sledge | Stephen Fraser; Mitchell Auslander | William Lemmer; Brad Eastman; Anthony Black | Email | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident; | Attorney-Client |
| 63 | CIC0021350 | CIC0021350 | 1/30/2012 | Mitchell Auslander | Howe, Robert; Stephen Fraser | Jeffrey Korn; Charles Sledge; William Lemmer; Brad Eastman; Tausig, Hayley | Email | facilitating the rendition of professional services to Cameron, providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's lawsuit against Liberty; | Attorney-Client Privilege / Attorney Work Product |
| 64 | | 000062 | 12/19/2011 | Chuck Sledge | Stephen Fraser; Mitchell Auslander | William Lemmer; Brad Eastman; Tony Black | | Confidential communication to a representative of Cameron made for the purpose of facilitating the rendition of professional legal services of Mitchell Auslander, William Lemmer and Brad Eastman re: Cameron's lawsuit against Liberty; | | | Attorney-Client Privilege |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 65 | 000231 | 1/27/2012 | Chuck Sledge | Stephen Fraser | | | Confidential communication to a representative of Cameron forwarding attorney-client communications and made for the purpose of facilitating the rendition of professional legal services of Mitchell Auslander; David Brown, William Lemmer and Brad Eastman re: Cameron's lawsuit against Liberty. | | | Attorney-Client Privilege |
| 66 | Fraser 3 | n/a | Willkie Farr & Gallagher LLP | Stephen Fraser | | | Confidential communication to a representative of Cameron reflecting mental impressions and litigation strategy of Willkie Farr & Gallagher LLP re: Cameron's lawsuit against Liberty. | | | Attorney-Client Privilege / Attorney Work Product |
| 67 | 114 | 11/19/2011 | David Beck | Brad Eastman | William Lemmer, Charles Sledge; Mitchell Auslander; Stephen Fraser; David Jones | Email chain | facilitating the rendition of professional legal services to Cameron; providing legal advice of, reflecting mental impressions and litigation strategy of | Beck, Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, re: the BP/TO indemnities. | Attorney-Client / Work Product |
| 68 | 115 | 11/19/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge, William Lemmer; Stephen Fraser; David Beck; David Jones | Jeffrey Williams | Email chain | facilitating the rendition of professional legal services to Cameron; providing legal advice of, reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 69 | 116 | 11/19/2011 | Brad Eastman | Charles Sledge; William Lemmer; Mitchell Auslander; Stephen Fraser; David Beck; David Jones | | Email chain | facilitating the rendition of professional legal services to Cameron; providing information necessary to render legal advice of | Beck Redden LLP, Brown & Kornegay LLP, Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 70 | 120 | 11/17/2011 | William Lemmer | Brad Eastman; Mitchell Auslander; Stephen Fraser; Charles Sledge; Black, Tony; Timothy Kenny; David Brown | David Beck; David Jones | Email chain | facilitating the rendition of professional legal services to Cameron, seeking legal advice of | Beck Redden LLP, Brown & Kornegay LLP, Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 71 | 121 | 11/17/2011 | Stephen Fraser D | Brad Eastman; William Lemmer; Charles Sledge; Black, Tony; Timothy Kenny; David Brown; Mitchell Auslander | David Beck; David Jones | Email chain | facilitating the rendition of professional legal services to Cameron; providing information necessary to render legal advice of | Beck Redden LLP, Brown & Kornegay LLP, Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 72 | 122 | 11/17/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown | David Beck; David Jones | Email chain | facilitating the rendition of professional legal services to Cameron; providing legal advice of, | Mitchell Auslander, Beck Redden LLP, Brown & Kornegay LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|
| 73 | 135 | 11/9/2011 | William Lemmer | Charles Sledge; Brad Eastman | David Beck; David Brown; David Jones; Black, Tony; Timothy Kenny | Email chain | facilitating the rendition of professional legal services to Cameron; providing legal advice of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 74 | 136 | 11/9/2011 | Charles Sledge | Brad Eastman | David Beck; William Lemmer; David Brown; David Jones; Black, Tony; Timothy Kenny | Email chain | facilitating the rendition of professional legal services to Cameron; requesting legal advice of | Beck Redden LLP, Brown & Korsengig LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 75 | 137 | 11/9/2011 | David Beck | William Lemmer | Brad Eastman; David Brown; David Jones; Black, Tony; Charles Sledge; Timothy Kenny | Email chain | facilitating the rendition of professional legal services to Cameron; providing legal advice of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 76 | 138 | 11/9/2011 | Brad Eastman | William Lemmer; David Brown | David Beck; David Jones; Black, Tony; Charles Sledge; Timothy Kenny | Email chain | facilitating the rendition of professional legal services to Cameron; requesting legal advice of | Beck Redden LLP, Brown & Korsengig LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 77 | 143 | 11/8/2011 | Brad Eastman | Stephen Fraser | William Lemmer, Charles Sledge; Black, Tony | | facilitating the rendition of professional legal services to Cameron; reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 78 | 330 | 10/2/2011 | Timothy Kenny | Brad Eastman | David Beck; David Jones; Black, Tony | Email chain | facilitating the rendition of professional legal services to Cameron; providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 79 | 331 | 10/1/2011 | Timothy Kenny | Brad Eastman | David Beck; David Jones; Black, Tony | Email chain | facilitating the rendition of professional legal services to Cameron; providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 80 | 422 | 10/31/2011 | Anthony Black | Timothy Kenny | Brad Eastman | Email chain | facilitating the rendition of professional legal services to Cameron; requesting information necessary to render legal advice of, reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|
| 81 | 425 | 10/31/2011 | Timothy Kenny | Anthony Black | Brad Eastman | Email chain | facilitating the rendition of professional legal services to Cameron, providing information necessary to render legal advice of and reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 82 | 446 | 11/1/2011 | Timothy Kenny | Anthony Black; Brad Eastman | | Email | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 83 | 450 | 11/2/2011 | Timothy Kenny | Anthony Black | | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 84 | 451 | 11/2/2011 | Timothy Kenny | Anthony Black; Brad Eastman | | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 85 | 453 | 11/3/2011 | Anthony Black | Rusty Lee | | Email | facilitating the rendition of professional legal services to, requesting information necessary to render professional legal services to, reflecting mental impressions and litigation strategy of | Cameron | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 86 | 460 | 11/4/2011 | Timothy Kenny | Charles Sledge | | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 87 | 461 | 11/4/2011 | Timothy Kenny | Charles Sledge; Brad Eastman; William Lemmer; Anthony Black | | Email | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 88 | 462 | 11/4/2011 | Charles Sledge | Timothy Kenny | Brad Eastman; William Lemmer; Anthony Black | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, discussing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 89 | 465 | 11/4/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Beck; David Jones; David Brown; Nancy Komugy | | Email | reflecting mental impressions and legal strategy of Cameron; providing information necessary to render legal advice of | Brown & Komugy LLP, Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 90 | 466 | 11/4/2011 | Timothy Kenny | Charles Sledge | | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron; providing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 91 | 477 | 11/6/2011 | Timothy Kenny | Charles Sledge | | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron; providing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 92 | 478 | 11/6/2011 | Rusty Lee | Charles Sledge | | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron; providing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 93 | 495 | 11/7/2011 | Timothy Kenny | Anthony Black; Brad Eastman | | Email | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron; providing information necessary to render legal advice of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 94 | 508 | 11/8/2011 | William Lemmer | Stephen Fraser; Brad Eastman | Charles Sledge; Anthony Black; Rusty Lee | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, discussing legal advice of | William Lemmer, Brad Eastman | re: the BP/TO indemnifier, Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 95 | 512 | 11/8/2011 | Brad Eastman | Stephen Fraser | William Lemmer; Charles Sledge; Anthony Black | Email | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing and requesting information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 96 | 529 | 11/9/2011 | David Beck | William Lemmer | Brad Eastman; David Brown; David Jones; Anthony Black; Charles Sledge; Timothy Kenny | Email chain | facilitating the rendition of professional legal services to Cameron, providing legal advice of and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 97 | 531 | 11/9/2011 | Brad Eastman | David Beck; William Lemmer | David Brown; David Jones; Anthony Black; Charles Sledge; Timothy Kenny | Email chain | providing information necessary to render legal advice of, reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 98 | 532 | 11/9/2011 | Brad Eastman | William Lemmer; David Brown | David Beck; David Jones; Anthony Black; Charles Sledge; Timothy Kenny | Email chain | providing information necessary to render legal advice of, reflecting mental impressions and litigation strategy of | Brown & Kornegay LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 99 | 533 | 11/9/2011 | David Beck | William Lemmer | Brad Eastman; David Brown; David Jones; Anthony Black; Charles Sledge; Timothy Kenny | Email chain | providing legal advice of, reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 100 | 535 | 11/9/2011 | William Lemmer | Charles Sledge; Brad Eastman | David Beck; David Brown; David Jones; Anthony Black; Timothy Kenny | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brown & Kornegay LLP, Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 101 | 536 | 11/9/2011 | William Lemmer | Brad Eastman; David Brown | David Beck; David Jones; Anthony Black; Charles Sledge; Timothy Kenny | Email | facilitating the rendition of professional services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brown & Kornegay LLP, Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 102 | 537 | | | | | Notes | reflecting mental impressions and litigation strategy of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 103 | 542 | 11/9/2011 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 104 | 543 | 11/9/2011 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 105 | 544 | 11/9/2011 | Brad Eastman | David Beck; William Lemmer | David Brown; David Jones; Anthony Black; Charles Sledge; Timothy Kenny | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 106 | 545 | 11/9/2011 | David Beck | William Lemmer | Brad Eastman; David Brown; David Jones; Anthony Black; Charles Sledge; Timothy Kenny | Email chain | facilitating the rendition of professional services to Cameron, providing legal advice and reflecting mental impressions and litigation strategy of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 107 | 546 | 11/9/2011 | Brad Eastman | William Lemmer; David Brown | David Beck; David Jones; Anthony Black; Charles Sledge; Timothy Kenny | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brown & Kornegay LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 108 | 548 | 11/10/2011 | Timothy Kenny | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | William Lemmer, Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 109 | 549 | 11/10/2011 | Timothy Kenny | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | William Lemmer, Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 110 | 568 | 11/11/2011 | Rusty Lee | Anthony Black | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 111 | 573 | 11/11/2011 | Brad Eastman | Stephen Fraser | William Lemmer; Charles Sledge | Email | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, requesting information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 112 | 574 | | | | | D ra ft Letter | reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 113 | 575 | | | | | Draft Letter | reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 114 | 577 | 11/11/2011 | Brad Eastman | William Lemmer; Stephen Fraser | Charles Sledge | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, discussing information necessary to render legal advice of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 115 | 578 | 11/11/2011 | William Lemmer | Stephen Fraser; Brad Eastman | Charles Sledge | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing legal advice of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 116 | 579 | 11/11/2011 | Stephen Fraser | Brad Eastman | William Lemmer; Charles Sledge | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 117 | 580 | 11/11/2011 | Brad Eastman | Stephen Fraser | William Lemmer; Charles Sledge | Email | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, requesting information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 118 | 581 | | | | | Draft Letter | reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 119 | 582 | | | | | Draft Letter | reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 120 | 607 | 11/14/2011 | Stephen Fraser | William Lemmer; Charles Sledge; Brad Eastman | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|
| 321 | 608 | 11/14/2011 | Brad Eastman | Stephen Fraser | William Lemmer; Charles Sledge | Email chain | requesting information necessary to render legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 322 | 609 | | | | D rs ft | Letter | reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 323 | 610 | | | | D rs ft | Letter | reflecting mental impression and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 324 | 611 | 11/14/2011 | Brad Eastman | Stephen Fraser | William Lemmer; Charles Sledge | Email chain | providing legal advice of, facilitating the rendition of professional legal services to Cameron, reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 325 | 612 | 11/14/2011 | Stephen Fraser | Charles Sledge | | Email chain | reflecting legal advice of, facilitating the rendition of professional legal services to Cameron, reflecting mental impressions and litigation strategy of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 326 | 625 | 11/15/2011 | William Lemmer | Stephen Fraser; Charles Sledge | Brad Eastman | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, requesting information necessary to render legal advice of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 327 | 626 | 11/15/2011 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 328 | 627 | 11/15/2011 | Stephen Fraser | Brad Eastman | William Lemmer; Charles Sledge | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |

| Row | BATES / CONSOL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 129 | 628 | 11/15/2011 | Brad Eastman | Stephen Fraser | William Lemmer; Charles Sledge | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing/requesting information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 130 | 632 | 11/16/2011 | Stephen Fraser | William Lemmer; Charles Sledge | Brad Eastman | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of | William Lemmer, Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 131 | 637 | 11/17/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown | David Beck; David Jones | Email chain | providing legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 132 | 638 | 11/17/2011 | William Lemmer | Brad Eastman; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown; Mitchell Auslander | David Beck; David Jones | Email chain | providing information necessary to render legal advice of, facilitating the rendition of professional legal services to Cameron, reflecting mental impressions and litigation strategy of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 133 | 639 | 11/17/2011 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional services to and reflecting mental impressions and legal strategy of Cameron, providing information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 134 | 640 | 11/17/2011 | William Lemmer | Brad Eastman; Charles Sledge | Stephen Fraser | Email chain | providing legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 135 | 641 | 11/17/2011 | William Lemmer | Stephen Fraser; Brad Eastman; Charles Sledge | | Email chain | providing legal advice of, facilitating the rendition of professional legal services to Cameron, reflecting mental impressions and litigation strategy of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 136 | 642 | 11/17/2011 | Stephen Fraser | Brad Eastman; William Lemmer; Charles Sledge | | Email chain | providing information necessary to render legal advice of, facilitating the rendition of professional legal services to Cameron, reflecting mental impressions and litigation strategy of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |

| Item | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|
| 137 | 650 | 11/19/2011 | David Beck | Brad Eastman | William Lemmer; Charles Sledge; Mitchell Auslander; Stephen Fraser; David Jones | Email chain | providing legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 138 | 651 | 11/19/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge; William Lemmer; Stephen Fraser; David Beck; David Jones | Jeffrey Williams | Email chain | providing legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 139 | 652 | 11/19/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge; William Lemmer; Stephen Fraser; David Beck; David Jones | Jeffrey Williams | Email chain | providing legal advice of, reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 140 | 654 | 11/19/2011 | Brad Eastman | Charles Sledge; William Lemmer; Mitchell Auslander; Stephen Fraser; David Beck; David Jones | | Email chain | providing information necessary to render legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 141 | 655 | 11/19/2011 | Brad Eastman | William Lemmer; Charles Sledge; Mitchell Auslander; Stephen Fraser; David Beck; David Jones | | Email chain | providing information necessary to render legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 142 | 656 | 11/21/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 143 | 657 | 11/22/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 144 | 659 | 11/23/2011 | Brad Eastman | Mitchell Auslander; William Lemmer; Charles Sledge; Anthony Black; David Brown; Stephen Fraser; Timothy Kenny | | Email chain | providing information necessary to render legal advice of, reflecting mental impressions and litigation strategy of, facilitating the rendition of professional legal services to Cameron | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|
| 145 | 660 | 11/23/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; David Brown; Stephen Fraser; Timothy Kenny | | Email chain | providing legal advice of, reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, | Attorney-Client / Work Product |
| 146 | 791 | 12/12/2011 | Stephen Fraser | Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, | Attorney-Client / Work Product |
| 147 | CIC0020056   -   CIC0020058 | 10/31/2011 | Kenny, Timothy | Black, Anthony | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, discussing legal advice of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, | Attorney-Client Privilege / Attorney Work Product |
| 148 | CIC0021005   -   CIC0021007 | 11/12/2011 | Stephen Fraser | Brad Eastman; William Lemmer; Charles Sledge; Black, Anthony; Brown, David | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, providing information necessary to render legal advice of | Brown & Kornegay LLP, Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, | Attorney-Client Privilege / Attorney Work Product |
| 149 | CIC0021031   -   CIC002103X | 12/16/2011 | Lee, Rusty | Black, Anthony | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, forwarding legal advice of | Mitchell Auslander | re: Cameron's settlement with its other insurers | Attorney-Client Privilege / Attorney Work Product |
| 150 | CIC0021688   -   CIC0021688 | 11/8/2011 | Brad Eastman | Stephen Fraser; William Lemmer; Charles Sledge | | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, requesting information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, | Attorney-Client Privilege / Attorney Work Product |
| 151 | CIC0021689   -   CIC0021694 | 11/8/2011 | Brad Eastman | Stephen Fraser; Charles Sledge | William Lemmer | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, requesting information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, | Attorney-Client Privilege / Attorney Work Product |
| 152 | CIC0021695   -   CIC0021700 | 11/8/2011 | Brad Eastman | Stephen Fraser | William Lemmer; Charles Sledge | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, requesting information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, | Attorney-Client Privilege / Attorney Work Product |

| Row | BATES / CONSOL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 153 | CIC0021701 - CIC0021705 | 11/8/2011 | Brad Eastman | Stephen Fraser | William Lemmer; Charles Sledge | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, requesting information necessary to render legal advice of | William Lemmer, Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client Privilege / Attorney Work Product |
| 154 | CIC0021709 - CIC0021711 | 11/8/2011 | Brad Eastman | Stephen Fraser | William Lemmer; Charles Sledge | Email chain | facilitating the rendition of professional legal services to and reflecting mental impressions and litigation strategy of Cameron, requesting information necessary to render legal advice of | Brad Eastman, William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client Privilege / Attorney Work Product |
| 155 | CIC0021833 - CIC0021834 | 11/9/2011 | William Lemmer | Brad Eastman; David Brown | David Beck; David Jones; Black, Tony; Charles Sledge; Timothy Kenny | Email | facilitating the rendition of professional legal services to Cameron; providing information necessary to render legal advice of | Beck Redden LLP, Brown & Kensenguy LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 156 | CIC0021835 - CIC0021837 | 11/9/2011 | William Lemmer | Brad Eastman; David Brown | David Beck; David Jones; Black, Tony; Charles Sledge; Timothy Kenny | Letter | reflecting mental impressions and litigation strategy of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Work Product |
| 157 | CIC0003172 - CIC0003173 | 11/6/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Beck; David Jones; David Brown; Nancy Komengay | | Email | providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 158 | CIC0003341 - CIC0003342 | 10/31/2011 | Timothy Kenny | Anthony Black | Brad Eastman | Email | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 159 | CIC0003397 - CIC0003398 | 11/12/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Stephen Fraser; David Brown | | Email | requesting legal advice of/facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 160 | CIC0003471 - CIC0003472 | 11/27/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown; Mitchell Ausfauder | David Beck; David Jones | Email | providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Mitchell Ausfauder | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |

| Row | BATES / CONROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|
| 161 | CIC0003500 - CIC0003501 | 11/23/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; David Brown; Mitchell Auslander; Stephen Fraser; Timothy Kenny | | Email | providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 162 | CIC0003503 - CIC0003504 | 11/23/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; David Brown; Mitchell Auslander; Stephen Fraser; Timothy Kenny | | Email | providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 163 | CIC0003546 - CIC0003547 | 12/14/2011 | Timothy Kenny | Mitchell Auslander | Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; Stephen Fraser; Anthony Black; William Lemmer | Email | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 164 | CIC0005261 - CIC0005262 | 12/14/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge; Anthony Black; William Lemmer; David Beck; David Brown; Joseph Redden; Stephen Fraser; , Timothy Kenny | Dean Kitoura; Jonathan Zaffiro; Robert Rowe | Email | providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 165 | CIC0005648 - CIC0005650 | 11/17/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown | David Beck; David Jones | Email chain | providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 166 | CIC0005651 - CIC0005653 | 11/23/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; David Brown; Stephen Fraser; Timothy Kenny | | Email chain | providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 167 | CIC0005656 - CIC0005660 | 11/17/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown | David Beck; David Jones | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 168 | CIC0005664 - CIC0005666 | 12/15/2011 | Anthony Black | Timothy Kenny; Mitchell Auslander | Barry Lee; Stephen Fraser; Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; William Lemmer | Email chain | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |

| Row | BATES / CONTROL NUMBER | | DATE | FROM | TO | CC | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 169 | CIC0005667 | CIC0005669 | 12/13/2011 | Mitchell Auslander | Timothy Kenny | Rusty Lee; Stephen Frasor; Brad Eastman; Charles Sledge; David Beck; David Brown; Joseph Redden; Stephen Frasor; Anthony Black; William Lemmer | Email chain  facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 170 | CIC0005797 | CIC0005800 | 12/13/2011 | Mitchell Auslander | Timothy Kenny | Brad Eastman; Stephen Frasor | Email chain  facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 171 | CIC0005827 | CIC0005828 | 12/15/2011 | David Beck | Mitchell Auslander; Brad Eastman; Charles Sledge; Anthony Black; William Lemmer; David Brown; Joseph Redden, Jr.; Stephen Frasor; Timothy Kenny | Dana Klinura; Jonathan Zaffino; Robert Howe | Email chain  requesting information necessary to render legal advice of/facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 172 | CIC0005833 | CIC0005839 | 12/5/2011 | Mitchell Auslander | Timothy Kenny; Brad Eastman; Anthony Black; | Stephen Frasor | Email  providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 173 | CIC0006364 | CIC0006366 | 11/3/2011 | David Beck | Brad Eastman; Jack Moore; Charles Sledge; David Jones; David Brown; Timothy Kenny | | Email  providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 174 | CIC0006291 | CIC0006305 | 11/22/2011 | Mitchell Auslander | Stephen Frasor; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain  providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 175 | CIC0006304 | CIC0006314 | 11/22/2011 | Mitchell Auslander | William Lemmer; Stephen Frasor; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain  providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 176 | CIC0006328 | CIC0006340 | 11/22/2011 | Mitchell Auslander | Charles Sledge | Brad Eastman; Stephen Frasor; William Lemmer; David Brown; Jeffrey Williams | Email chain  providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|
| 177 | CIC0006341 - CIC0006351 | 11/22/2011 | Mitchell Auslander | Brad Eastman; Stephen Fraser; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 178 | CIC0006365 - CIC0006372 | 11/22/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 179 | CIC0006373 - CIC0006378 | 11/21/2011 | Mitchell Auslander | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 180 | CIC0006379 - CIC0006383 | 11/21/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 181 | CIC0006384 - CIC0006391 | 11/21/2011 | Mitchell Auslander | Brad Eastman | William Lemmer; Charles Sledge; David Brown; Stephen Fraser; Jeffrey Williams | Email | providing legal advice of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 182 | CIC0006392 - CIC0006397 | 11/21/2011 | Mitchell Auslander | William Lemmer; Brad Eastman; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 183 | CIC0008879 - CIC0008880 | 12/15/2011 | David Beck | Mitchell Auslander; Brad Eastman; Charles Sledge; Anthony Black; William Lemmer; David Brown; Joseph Reddox, Jr.; Stephen Fraser; Timothy Kenny | Dean Klitura; Jonathan Zaffiso; Robert Howe | Email chain | discussing legal advice of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 184 | CIC0008890 - CIC0008891 | 12/14/2011 | Mitchell Auslander | Brad Eastman; Charles Sledge; Anthony Black; William Lemmer; David Brown; David Beck; Joseph Reddox; Stephen Fraser; Timothy Kenny | Dean Klitura; Jonathan Zaffiso; Robert Howe | Email | providing legal advice of and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | DESCRIPTION | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 185 | CIC0009028 - CIC0009034 | 11/17/2011 | Stephen Fraser | Charles Sledge | | Email chain  facilitating the rendition of professional legal services of | Mitchell Auslander   re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 186 | CIC0009035 - CIC0009041 | 11/17/2011 | Stephen Fraser | Charles Sledge | | Email chain  facilitating the rendition of professional legal services of | Mitchell Auslander   re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 187 | CIC0009042 - CIC0009050 | 11/17/2011 | Stephen Fraser | Charles Sledge | | Email chain  facilitating the rendition of professional legal services of | Mitchell Auslander   re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 188 | CIC0009051 - CIC0009056 | 11/17/2011 | William Lemmer | Brad Eastman; Mitchell Auslander; Stephen Fraser; Charles Sledge; Anthony Black; Timothy Kenny; David Brown | David Beck; David Jones | Email chain  reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Mitchell Auslander   re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 189 | CIC0009057 - CIC0009062 | 11/17/2011 | Brad Eastman | Mitchell Auslander; Stephen Fraser; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown | David Beck; David Jones | Email chain  reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Mitchell Auslander   re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 190 | CIC0009063 - CIC0009067 | 11/17/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown | David Beck; David Jones | Email chain  reflecting mental impressions and litigation strategy of Brad Eastman and providing legal advice and facilitating the rendition of professional legal services of | Mitchell Auslander   re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 191 | CIC0009068 - CIC0009071 | 11/17/2011 | Stephen Fraser | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown; Mitchell Auslander | David Beck; David Jones | Email chain  reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Mitchell Auslander   re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 192 | CIC0009072 - CIC0009074 | 11/17/2011 | Stephen Fraser | Brad Eastman; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown; Mitchell Auslander | David Beck; David Jones | Email chain  facilitating the rendition of professional legal services of | Mitchell Auslander   re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | DESCRIPTION | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 193 | CIC0009075 - CIC0009078 | 11/17/2011 | Brad Eastman | Stephen Fraser; William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Brown; Mitchell Auslander | David Beck; David Jones | Email chain | reflecting mental impressions and litigation strategy of Brad Eastman and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 194 | CIC0009079 - CIC0009081 | 11/17/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown; Mitchell Auslander | | Email | facilitating the rendition of professional legal services of | Brad Eastman | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 195 | CIC0009748 - CIC0009750 | 12/15/2011 | Timothy Kenny | Mitchell Auslander; Brad Eastman | William Lemmer; Charles Sledge | Email | facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 196 | CIC0009802 - CIC0009817 | 11/23/2011 | Stephen Fraser | William Lemmer; Mitchell Auslander; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | facilitating the rendition of professional legal services of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 197 | CIC0009818 - CIC0009825 | 11/23/2011 | Mitchell Auslander | Brad Eastman | William Lemmer; Charles Sledge; David Brown; Stephen Fraser; Jeffrey Williams | Email chain | providing legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 198 | CIC0009826 - CIC0009840 | 11/22/2011 | William Lemmer | Stephen Fraser; Mitchell Auslander; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | requesting information necessary to render legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 199 | CIC0009882 - CIC0009891 | 11/22/2011 | William Lemmer | Mitchell Auslander; Stephen Fraser; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | discussing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 200 | CIC0009892 - CIC0009902 | 11/22/2011 | Stephen Fraser | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | facilitating the rendition of professional legal services of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |

| Row | BATES / CONROL NUMBER | | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 201 | CIC0009917 - CIC0009929 | | 11/22/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 202 | CIC0009930 - CIC0009943 | | 11/22/2011 | Stephen Fraser | Mitchell Auslander; Brad Eastman; William Lemmer; David Brown | Jeffrey Williams | Email chain | reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 203 | CIC0009944 - CIC0009957 | | 11/22/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 204 | CIC0009958 - CIC0009968 | | 11/22/2011 | Mitchell Auslander | William Lemmer; Stephen Fraser; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 205 | CIC0009969 - CIC0009982 | | 11/22/2011 | David Brown | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge | Jeffrey Williams | Email chain | discussing legal advice and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 206 | CIC0009983 - CIC0009993 | | 11/22/2011 | William Lemmer | Mitchell Auslander; Stephen Fraser; Brad Eastman; Charles Sledge; David Brown | Jeffrey Williams | Email chain | discussing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 207 | CIC0009994 - CIC0010055 | | 11/22/2011 | Mitchell Auslander | Charles Sledge | Brad Eastman; Stephen Fraser; William Lemmer; David Brown; Jeffrey Williams | Email chain | discussing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 208 | CIC0010043 - CIC0010053 | | 11/22/2011 | Mitchell Auslander | Brad Eastman; Stephen Fraser; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |

| Row | BATES / CONTROL NUMBER | DATE | FROM | TO | CC | | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 209 | CICO0010054 - CICO0010064 | 11/22/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 210 | CICO0010065 - CICO0010075 | 11/22/2011 | Brad Eastman | Mitchell Auslander; Stephen Fraser; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing information necessary to render legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 211 | CICO0010081 - CICO0010090 | 11/22/2011 | Mitchell Auslander | Stephen Fraser; Brad Eastman; William Lemmer; Charles Sledge; David Brown | Jeffrey Williams | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 212 | CICO0010116 - CICO0010121 | 11/21/2011 | Stephen Fraser | William Lemmer; Brad Eastman; Charles Sledge; David Brown; Mitchell Auslander | | Email chain | reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 213 | CICO0010128 - CICO0010135 | 11/21/2011 | Stephen Fraser | Brad Eastman; Mitchell Auslander; William Lemmer; Charles Sledge; David Brown | | Email chain | facilitating the rendition of professional legal services of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 214 | CICO0010136 - CICO0010142 | 11/21/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 215 | CICO0010150 - CICO0010156 | 11/21/2011 | William Lemmer | Brad Eastman; Mitchell Auslander; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 216 | CICO0010164 - CICO0010169 | 11/21/2011 | Brad Eastman | Mitchell Auslander; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | requesting legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |

| Row | BATES / CONTROL NUMBER | | DATE | FROM | TO | CC | DESCRIPTION | | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 217 | CIC0010183 | - | CIC0010188 | 11/21/2011 | Mitchell Auslander | Mitchell Auslander; Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 218 | CIC0010189 | - | CIC0010194 | 11/21/2011 | Mitchell Auslander | William Lemmer; Brad Eastman; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 219 | CIC0010195 | - | CIC0010200 | 11/21/2011 | Stephen Fraser | William Lemmer; Brad Eastman; David Brown; Mitchell Auslander | | Email chain | facilitating the rendition of professional legal services of and reflecting mental impressions and litigation strategy of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 220 | CIC0010201 | - | CIC0010205 | 11/21/2011 | Mitchell Auslander | Brad Eastman; William Lemmer; Charles Sledge; Stephen Fraser; David Brown | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Mitchell Auslander | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 221 | CIC0010206 | - | CIC0010210 | 11/21/2011 | William Lemmer | Brad Eastman; Charles Sledge; Stephen Fraser; David Brown; Mitchell Auslander | | Email chain | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 222 | CIC0010215 | - | CIC0010219 | 11/21/2011 | Brad Eastman | William Lemmer; Charles Sledge; Stephen Fraser; David Brown; Mitchell Auslander | | Email | requesting legal advice of and facilitating the rendition of Mitchell Auslander, Brown & Kornegay LLP professional legal services of | | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 223 | CIC0010803 | - | CIC0010804 | 11/6/2011 | William Lemmer | Brad Eastman; Charles Sledge; David Brown; Timothy Kenny | | Email | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | William Lemmer | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 224 | CIC0010812 | - | CIC0010814 | 11/3/2011 | David Beck | Brad Eastman; Jack Moore; Charles Sledge; David Jones; David Brown; Timothy Kenny | | Email | providing legal advice, reflecting mental impressions and litigation strategy and facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |

| Row | BATES / CONTROL NUMBER | | DATE | FROM | TO | CC | | DESCRIPTION | | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 225 | CIC0012081 | CIC0012082 | 11/17/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; Stephen Fraser; David Brown; Mitchell Auslander | David Beck; David Jones | Email | reflecting mental impressions and litigation strategy of Brad Eastman and providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Mitchell Auslander, Brown & Koznegay LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |
| 226 | CIC0012149 | CIC0012150 | 11/6/2011 | Brad Eastman | William Lemmer; Charles Sledge; Anthony Black; Timothy Kenny; David Beck; David Jones; David Brown; Nancy Koznegay | | Email | providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Brown & Koznegay LLP, Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client |
| 227 | CIC0012167 | CIC0012169 | 11/3/2011 | David Beck | Brad Eastman; Jack Moore; Charles Sledge; David Jones; David Brown; Timothy Kenny | | Email | reflecting mental impressions and litigation strategy of/providing information necessary to render legal advice of/facilitating the rendition of professional legal services of | Beck Redden LLP | re: Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident. | Attorney-Client / Attorney Work Product |

52964065
Jun 21 2013
04:56PM

Pag

1

2    UNITED STATES DISTRICT COURT

     EASTERN DISTRICT OF LOUISIANA

3    ----------------------------------------X

     In Re:   OIL SPILL BY THE OIL RIG

4    "DEEPWATER HORIZON" IN THE GULF OF

     MEXICO, ON APRIL 20, 2010,

5

6    Applies to:

7    12-311, Cameron Int'l Corp. v. Liberty

     Ins. Underwriters, Inc., a/k/a Liberty

8    Int'l Underwriters

9

     ----------------------------------------X

10

11

12         VIDEO DEPOSITION OF JAMES ENGEL

13              New York, New York

14                May 29, 2013

15

16

17

18

19

20

21   Reported by:

22   Rebecca Schaumloffel, RPR, CLR

23   Job No.   61441

24

25

Exhibit 3

Page 112

```
 1                      J. ENGEL
 2        A.    They did.
 3        Q.    If you can turn to the next page,
 4    please.
 5        A.    Is that page 104?
 6        Q.    It is.
 7              The second entry on the page is
 8    an E-mail that you sent to Mr. Fraser,
 9    Mr. Howe, and Mr. Cohen.  Do you see that?
10        A.    Yes.
11        Q.    It was withheld on work product
12    grounds.  Do you see that?
13        A.    I see it.
14        Q.    Are Marsh employees -- is Marsh
15    within the same family as Liberty?
16        A.    No.
17        Q.    As things go in this matter, is
18    Marsh like on the same side as Liberty or on
19    the same side as Cameron?
20        A.    Mr. Fraser, who is an attorney,
21    is Marsh's policyholder advocate for
22    third-party claims.  And though I don't have
23    the E-mail before me, I recall that this had
24    to do with Marsh getting involved in trying
25    to bring about a settlement.
```



52964065
Jun 21 2013
04:56PM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| **APPLIES TO: No. 12-311** | * | MAG. JUDGE SHUSHAN |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CAMERON INTERNATIONAL CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISIONS, <u>INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 36, Plaintiff Cameron International Corporation ("Cameron") responds to Defendant's First Set of Requests for Admissions ("Requests for Admissions"), Interrogatories and Requests for Production of Documents ("Document Requests") (together, the "Discovery Requests") as follows:

### <u>GENERAL OBJECTIONS</u>

1.      Cameron objects to the Discovery Requests to the extent they seek information or documents from Cameron beyond that which is permitted by, or otherwise purport to impose obligations on Cameron beyond those which are required by, the Federal Rules of Civil Procedure and any other applicable rules.

2.      Cameron objects to the Discovery Requests to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or immunity from disclosure. Inadvertent disclosure of any privileged information by Cameron shall not constitute a waiver of any

Exhibit 4

applicable privilege nor shall it be construed as a waiver of any objection to the admissibility of such information.

3.      Cameron objects to the Discovery Requests to the extent they are vague, ambiguous, unduly burdensome, overly broad, and seek the disclosure of information or documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Cameron objects to the Discovery Requests to the extent they seek information or documents that are already within the possession of Defendant or equally accessible to Defendant from other sources.

5.      Cameron objects to the Discovery Requests to the extent they seek documents post-dating January 30, 2012 (the date Cameron filed its complaint in this action) or are otherwise not properly limited to the time period relevant to this action.

6.      Cameron objects to the Discovery Requests to the extent they assume the existence of certain documents or the occurrence of certain events.  By objecting and responding to the Discovery Requests as set forth below, Cameron does not concede that any such documents exist or that any such events occurred.

7.      Cameron objects to the Document Requests to the extent that they call for documents other than those in Cameron's possession, custody or control.

8.      Cameron objects to the Document Requests to the extent that they require Cameron to search for responsive materials in places, locations, files or from email custodians other than those where responsive documents would be expected to be retained in the ordinary course of business on the grounds that such a search would be oppressive and/or cause unreasonable expense or burden.  Cameron will search for and produce documents from the

2

places, locations, files and email custodians reasonably expected to have responsive documents and that will not involve unreasonable expense or burden.

9.      Cameron objects to the Interrogatories and Requests for Admissions to the extent that they call for or seek legal conclusions and not facts.

10.     Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in Liberty's Discovery Requests.

11.     Cameron expressly reserves the right to supplement, amend or alter its responses to the Discovery Requests at any time.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1.**     Admit that you demanded indemnity protection from Transocean in connection with the Deepwater Horizon Incident.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to the term "indemnity protection" on the grounds that it is vague and ambiguous.  Subject to and without waiving its objections, Cameron admits that it demanded indemnity in connection with the Deepwater Horizon Incident from Transocean pursuant to provisions contained in (1) the Master Service Agreement between Cameron and Transocean dated September 28, 2000 and (2) the written Terms and Conditions between Cameron and Transocean for the sale of the Deepwater Horizon blow-out preventer, which, with respect to Blowout Liability,[1] Transocean refused to provide.

**REQUEST FOR ADMISSION NO. 2.**     Admit that BP would not agree to settle with you unless you waived your contractual indemnification claims against Transocean under the T&C and the MSA.

---

[1]      Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in Cameron's First Set of Requests for Admission.

1122687v1

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this request on the grounds that it is vague and ambiguous because it fails to specify a relevant time period and because it seeks information exclusively within the possession and control of BP.  Subject to and without waiving its objections, Cameron denies this request.

**REQUEST FOR ADMISSION NO. 3.**   Admit that you reached a settlement agreement in principle with BP on December 12, 2011.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this request on the grounds that it is vague and ambiguous and calls for a legal conclusion.  Subject to and without waiving its objections, Cameron states that on December 12, 2011, Cameron and BP reached a tentative settlement agreement that was subject to the approval of Cameron's board, the consent of Cameron's insurers, and final agreement between the parties on all terms and conditions.

**REQUEST FOR ADMISSION NO. 4.**   Admit that you agreed to release your contractual indemnification claims against Transocean under the T&C and MSA on December 12, 2011.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron denies this request.

**REQUEST FOR ADMISSION NO. 5.**   Admit that before December 12, 2011, you were not legally obligated to pay any amount falling within the limits of Liberty's excess liability insurance policy number LQ1B71198583046.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron admits this request.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1.**   Identify all persons having knowledge concerning the negotiation of Paragraph 4.5 of the BP Settlement.

4

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron states that to its knowledge, the following individuals from Cameron and BP were principally and directly involved in the negotiation of Paragraph 4.5 of the BP Settlement:

Brad Eastman
Vice President, Deputy General Counsel
Cameron International Corporation
4646 W. Sam Houston Pkwy. North
Houston, Texas 77041
(713) 939-2239

James J. Neath
Associate General Counsel
BP America Inc.
501 Westlake Park Boulevard
Houston, TX 77079
(281) 366-2000

William Lemmer
Cameron International Corporation
1333 West Loop South, Suite 1700
Houston, Texas 77027
(713) 513-3360

**INTERROGATORY NO. 2.**   Identify all facts and documents supporting and all persons with knowledge of your allegation that "BP also made clear that it would not settle with Cameron unless . . . Cameron agreed to a complete waiver of any contractual indemnification claims Cameron might have against Transocean that might flow to BP[.]" Am. Compl., at ¶ 42.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory to the extent it is overly broad and unduly burdensome.  Subject to and without waiving its objections, Cameron states that the facts supporting the allegation selectively quoted in Interrogatory No. 2 are based on statements made by representatives of BP, including the individuals identified in the response to Interrogatory No. 1.  As set forth in paragraph 42 of the Amended Complaint, during negotiations, BP took the position that it would not agree to settle with Cameron unless (i) Cameron agreed to a complete waiver of any contractual indemnification claims Cameron might have against Transocean that might flow to BP, and (ii) Cameron's insurers agreed to waive their subrogation rights to prevent any liability from flowing back to BP.  On December 12, 2011, as Cameron reported in an email

5

to its insurers including Liberty, Cameron and BP reached a tentative settlement agreement that was subject to the approval of Cameron's board, the consent of Cameron's insurers, and final agreement on all terms and conditions.  Knowing full well that it was BP's stated position as of December 12, 2011 that it would not settle with Cameron unless Cameron and its insurers waived their rights against Transocean, which in turn could have sought to recover from BP, Liberty refused to consent unless Cameron agreed to accept a steep discount off Liberty's $50 million obligation to Cameron.  As a result, Liberty held the entire settlement – and Cameron's future – as hostage for a ransom in the form of a big discount off its $50 million limit.  Despite Liberty's bad faith, Cameron was able to move forward with the BP settlement based on all its other insurers' agreement to fund the deal and waive their subrogation rights.  After further negotiations, which are within the knowledge of the individuals identified in the response to Interrogatory No. 1 and are reflected in emails and voicemails that will be produced in this action, BP agreed to proceed with a settlement, as set forth in the Confidential Settlement Agreement, Mutual Releases and Agreement to Indemnify dated December 15, 2011.

**INTERROGATORY NO. 5.**   Identify all facts and documents supporting, and all persons with knowledge of, your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to the Interrogatory to the extent it is overly broad and unduly burdensome.  Subject to and without waiving its objections, Cameron identifies the T&C, MSA, Cameron's Answer, Claims, Counter-Claims and Cross-Claims filed in this MDL (Doc. No. 412) and all attachments thereto, Cameron's motion for summary judgment filed in this MDL (Doc. No. 4524) and all attachments thereto, and Cameron's reply brief filed in this MDL (Doc. No. 4865).  Cameron further states that to its knowledge, the following individuals were principally

6

and directly involved in Cameron's demand for indemnity protection from Transocean under the

T&C and the MSA in connection with the Deepwater Horizon Incident:

Brad Eastman
Vice President, Deputy General Counsel
Cameron International Corporation
4646 W. Sam Houston Pkwy. North
Houston, Texas 77041
(713) 939-2239

Steven L. Roberts
David A. Baay
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002
(713) 470-6100

David J. Beck
David W. Jones
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 Mckinney, Suite 4500
Houston, TX 77010
(713) 951-3700

**INTERROGATORY NO. 6.**   Identify all persons involved in the drafting of your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to the Interrogatory to the extent it is overly broad and unduly burdensome.   Subject to and without waiving its objections, Cameron refers to its response to Interrogatory No. 5.

**INTERROGATORY NO. 7.**   Identify the persons who authored the T&C and the MSA.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this request on the grounds that it seeks information exclusively within the possession and control of Transocean.   Subject to and without waiving its objections, Cameron states that the T&C and the MSA were originally authored by employees of Transocean or Transocean's predecessor, R&B Falcon Drilling Co., and revised during negotiations principally with Al Shepard (now deceased) and Bruce Himmelreich from Cameron.

1122687v1

**INTERROGATORY NO. 8.** Identify the persons knowledgeable concerning the meaning of the indemnity provisions contained in the T&C and the MSA, including persons involved in negotiations with Transocean about the terms of the T&C and the MSA.

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron states that David J. Beck is knowledgeable concerning the meaning of the indemnity provisions contained in the T&C and the MSA, and Cameron's former Transocean account representative, Al Shepard (now deceased), and Bruce Himmelreich were principally and directly involved in the negotiation of the T&C and MSA.

**INTERROGATORY NO. 9.** State whether there have been any modifications to the indemnity provisions contained in the T&C and the MSA since January 1, 2010.

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron states that in 2012, Cameron entered into a revised MSA with Transocean.

**INTERROGATORY NO. 10.** Identify all claims you have made to Transocean for indemnity protection under the T&C and the MSA since January 1, 2000.

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory on the grounds that Cameron's claims for indemnity from Transocean prior to the Deepwater Horizon Incident are neither relevant to the subject matter involved in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Cameron states that it made a demand that TO provide indemnity for Blowout Liability in connection with the Deepwater Horizon Incident, but that TO rejected that demand and filed a claim for a declaration that TO owed no such indemnity to Cameron.

**INTERROGATORY NO. 11.** Identify all documents and communications related to any work Cameron has performed for Transocean under the MSA and the T&C since January 1, 2000.

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant to the subject matter involved in this case, nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12.** State whether you have made a demand to Marsh and/or its errors and omissions insurer(s) in connection with Liberty's decision not to contribute to the BP Settlement, and if so, state when the demand was made and identify all persons with knowledge of the demand.

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory on the grounds that it is neither relevant to the subject matter involved in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Cameron responds that it has not made a demand to Marsh and/or its errors and omissions insurer(s) in connection with Liberty's breach of its obligations to Cameron.

**INTERROGATORY NO. 13.** Identify all facts and documents supporting and all persons with knowledge of your allegation that "'[o]ther insurance' clauses define methods of contribution among insurers and are irrelevant to a policy's attachment point[.]"

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Cameron further objects to this Interrogatory to the extent it is premature as discovery is still ongoing. Subject to and without waiving its objections, Cameron states that the literature in the insurance industry supporting the referenced allegation is publicly available and too voluminous to identify here. As an example, see *Couch on Insurance* § 219:1 (observing that

9

"'[o]ther insurance' clauses govern the relationship between insurers, they do not affect the right of the insured to recover under each concurrent policy").

**INTERROGATORY NO. 14.** Identify all facts and documents supporting and all persons with knowledge of your allegation that "[b]ecause Liberty has not remitted to Cameron the insurance proceeds it owes, Liberty has breached the Policy – and has done so in bad faith."

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Interrogatory to the extent it is premature as discovery is still ongoing. Subject to and without waiving its objections, Cameron refers Defendant to Cameron's Amended Complaint, which describes the facts supporting this allegation in detail, including but not limited to:

- Cameron's cooperation with Liberty in its investigation of Cameron's claim for coverage and in connection with liabilities arising from the Deepwater Horizon Incident;

- Liberty's failure to mention that its "Other Insurance" provision could be a basis to refuse payment until over a year and a half after Cameron notified Liberty of its claim;

- Liberty's failure to consent to Cameron's settlement with BP, putting the entire settlement in jeopardy and potentially exposing Cameron to billions of dollars of liability;

- Liberty's demand that Cameron accept a steep discount as a condition to providing coverage; and

- Liberty's insistence that its "Other Insurance" provision means that before Liberty's policy attaches, Cameron must risk bankrupting itself pursuing an uncertain indemnity to final judgment.

10

1122687v1

Cameron further refers Defendant to Cameron's Rule 26 disclosures in this action, which identify

the persons and categories of documents supporting those facts, including, but not limited to:

- Anthony Black, Cameron's risk manager;

- Brad Eastman, Cameron's Vice President, Deputy General Counsel;

- Charles Sledge, Cameron's Chief Financial Officer;

- James Engel, Liberty's Chief Claims Officer;

- Jeffrey Roberts, Liberty's AVP Excess Casualty Claims;

- Alan Mandel, Liberty's Vice President, Excess Casualty Division;

- Communications between Liberty and Cameron, including letters written by Paul Koepff on Liberty's behalf refusing to contribute to Cameron's settlement with BP; and

- Communications between Liberty and Cameron's other insurers, including those in which Cameron's other insurers objected to Liberty's conduct and reserved all rights to sue Liberty.

**INTERROGATORY NO. 15.** Itemize all damages you seek to recover in this matter, including without limitation any damages for (1) Liberty's alleged breach of its insurance policy, and (2) Liberty's alleged breach of Texas Insurance Code §§ 541 and/or 542.

**RESPONSE:** Cameron incorporates the General Objections as fully set forth above.

Cameron further objects to this Interrogatory to the extent it is premature as discovery is still

ongoing. Subject to and without waiving its objections, Cameron states that it is seeking $50

million in compensatory damages plus interest as provided under Texas law, compensatory

damages for post-settlement defense costs being incurred on an ongoing basis in connection with

the MDL and related proceedings, statutory damages under Texas Insurance Code § 541 equal to

triple Cameron's actual compensatory damages, statutory damages under Texas Insurance Code

11

§ 542 equal to 18% per annum of Cameron's defense costs in connection with this MDL and related proceedings, and attorneys' fees and costs related to bringing this action.

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1**    All documents and communications between you and BP covering the BP Settlement.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 2**    All documents and communications between you and any of your insurers relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon incident, an insurer's payment on Cameron's claim, or this lawsuit.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 3**    All documents and communications between you and Marsh concerning Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, the BP Settlement, this lawsuit, a demand against Marsh, or notice of a potential claim against Marsh.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 4**    All documents and communications between you and Marsh concerning procurement of the Liberty Policies.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 5**    All documents and communications between you and Liberty concerning the Liberty Policies.

1122687v1

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 6**   All documents and communications between you and Liberty concerning the BP Settlement.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 7**   All documents and communications related to any demand by you for indemnity protection to Transocean under the T&C or the MSA since January 1, 2000.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Document Request on the grounds that it is unduly burdensome, overly broad and seeks documents that are neither relevant to the issues in this case, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents that were previously produced in the MDL and that are located through a reasonable search.

**DOCUMENT REQUEST NO. 8**   All documents and communications related to any modification of, or request to modify the indemnity provisions contained in the T&C or the MSA since January 1, 2010.

**RESPONSE:**  Cameron incorporates the General Objections as fully set forth above. Cameron further objects to this Document Request on the grounds that it is unduly burdensome, overly broad and seeks documents that are neither relevant to the issues in this case, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Cameron will produce any non-privileged, responsive documents that

13

were previously produced in the MDL and that are located through a reasonable search, as well

as a copy of the revised MSA between Cameron and Transocean.

**DOCUMENT REQUEST NO. 9**    All documents and communications concerning the terms of the BP Settlement, including drafts of the executed settlement agreement.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above.

Subject to and without waiving its objections, Cameron will produce any non-privileged,

responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 10**    All documents in the files of Stone Pigman Walther Wittmann L.L.C. or Willkie Farr & Gallagher L.L.P. relating to the BP Settlement, Cameron's claims for indemnity against Transocean, the Liberty Policies, or Cameron's claims for coverage for liabilities arising out of the Deepwater Horizon incident.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above.

Cameron further objects to this Document Request on the grounds that any responsive, non-

privileged documents in trial counsel's files exist in Cameron's files and, as such, will already be

included in Cameron's production.  Cameron further objects to this request on the grounds that it

is harassing.

**DOCUMENT REQUEST NO. 11**    All documents supporting the damages you seek to recover in this matter.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above.

Subject to and without waiving its objections, Cameron will produce any non-privileged,

responsive documents in its possession or control that are located through a reasonable search.

**DOCUMENT REQUEST NO. 12**    All documents supporting your answers to any of the Interrogatories.

**RESPONSE:**   Cameron incorporates the General Objections as fully set forth above.

Subject to and without waiving its objections, Cameron will produce any non-privileged,

responsive documents in its possession or control that are located through a reasonable search.

1122687v1

Dated:     April 8, 2013                     /s/ Phillip A. Wittmann
                                             Phillip A. Wittmann, 13625
                                                    pwittmann@stonepigman.com
                                             Carmelite M. Bertaut, 3054
                                                    cbertaut@stonepigman.com

                                             STONE PIGMAN WALTHER WITTMANN L.L.C.
                                             546 Carondelet Street
                                             New Orleans, Louisiana  70130
                                             504-581-3200
                                             504-581-3361 (fax)

                                             Attorneys for Cameron International
                                             Corporation

                                                  Of Counsel:

                                                  WILLKIE FARR & GALLAGHER LLP
                                                  Mitchell J. Auslander
                                                  Jeffrey B. Korn
                                                  787 Seventh Avenue
                                                  New York, NY  10019
                                                  (212) 728-8000
                                                  mauslander@willkie.com

### CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing document was served on all counsel

of record by U.S. mail, postage prepaid, hand delivery, facsimile transmission or email on this

8th day of April, 2013.

                                             /s/ Phillip A. Wittmann

15

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG      *    MDL NO. 2179
       "DEEPWATER HORIZON" in the    *
       GULF OF MEXICO, on           *    SECTION J
       APRIL 20, 2010              *
                                   *    JUDGE BARBIER
**APPLIES TO: No. 12-311**        *    MAG. JUDGE SHUSHAN
                                   *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### VERIFICATION OF BRAD EASTMAN

I, Brad Eastman, declare under penalty of perjury, as follows:

I am employed by Cameron International Corporation as Vice President, Deputy General

Counsel. In that capacity, I declare that the foregoing responses to Liberty Insurance

Underwriters, Inc.'s First Set of Requests for Admissions, Interrogatories and Requests for

Production of Documents are true and correct to the best of my knowledge.

Executed this _8_ day of April, 2013.

## Email Message

**From:** Black, Tony
**Sent:** Thursday, November 03, 2011 1:05 PM
**To:** Lee, Rusty
**Subject:**

Rusty—you may get a call from Chuck.  He asked me for the contact info for Marsh Houton.  I'm giving him Jim, Pat and you.   I will tell him I've given you a head's up on the general mature of the issue but none of the details.  I will also remind him that we all have a confidentiality agreement.  Tony

**Tony Black**
Director, Risk Management



Cameron
1333 West Loop South, Ste 1700
Houston, TX  77027
Tel   713.513.3374
Cel  713.702.6247
Fax  713.513.3370
Tony.Black@c-a-m.com

**EXHIBIT D**

## Email Message

**From:**      Kenny, Timothy J [Timothy.J.Kenny@marsh.com]
**Sent:**      Friday, November 04, 2011 11:08:10 AM
**To:**        Sledge, Chuck
**Subject:**   RE:

Miriam Mosseri.


Timothy J Kenny, CPCU, ARM, Senior Vice President Claims & Compliance
Bowring Marsh (Bermuda) Ltd.
Power House, 7 Par-la-Ville Road, Hamilton HM11, Bermuda
+441 299 8832 | Fax +441 292 5731 | Mobile +441 504 8832 | timothy.j.kenny@marsh.com
www.marsh.com


-----Original Message-----
From: Sledge, Chuck [mailto:Chuck.Sledge@c-a-m.com]
Sent: Friday, November 04, 2011 1:05 PM
To: Kenny, Timothy J
Subject:

Tim

Any idea why no one on the claim side from ACE USA joins our calls or meetings?

Chuck
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

This email message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information of Cameron and its Operating
Divisions.
Any unauthorized use or disclosure is prohibited.
If you are not the intended recipient, please contact the sender by reply email and delete and destroy all
copies of the original message inclusive of any attachments.


~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*************************************************************************
This e-mail transmission and any attachments that accompany it may
contain information that is privileged, confidential or otherwise
exempt from disclosure under applicable law and is intended solely for
the use of the individual(s) to whom it was intended to be addressed.
If you have received this e-mail by mistake, or you are not the
intended recipient, any disclosure, dissemination, distribution,
copying or other use or retention of this communication or its
substance is prohibited.   If you have received this communication in
error, please immediately reply to the author via e-mail that you
received this message by mistake and also permanently delete the
original and all copies of this e-mail and any attachments from your
computer. Thank you.
*************************************************************************

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| **APPLIES TO: No. 12-311** | * | MAG. JUDGE SHUSHAN |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### LIBERTY'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON

Liberty Insurance Underwriters, Inc. ("Liberty") requests that defendant Cameron International Corporation ("Cameron") respond to the following Requests for Admissions, Interrogatories, and Requests for Production of Documents within the delays provided in the Federal Rules of Civil Procedure and deliver such responses to Judy Y. Barrasso at the law offices of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C., 909 Poydras Street, 24th Floor, New Orleans, Louisiana 70112.

### INSTRUCTIONS

A.      With respect to any request for admission, interrogatory, or request for production to which you object under a claim of privilege or other doctrine, you must comply with the requirements of Pre Trial Order No. 14 and Federal Rule of Civil Procedure 26(b)(5):

(1)      The nature of the privilege asserted;

(2)      Whether the allegedly privileged communication was oral or written;

(3)      If in writing, then

(a)      Identify the author of the document;

1

833722

**EXHIBIT E**

    (b)    Identify all addresses and recipients of the document or copies thereof;

    (c)    Indicate the date the document bears, or, if undated, the date that it was written or created;

    (d)    Identify the type of document as, for instance, letter, memorandum, etc.;

    (e)    Describe the subject matter of the document;

    (f)    Indicate the nature of the privilege;

    (g)    Identify any persons who have had access to the document or its contents, or any part thereof;

    (h)    State the facts giving rise to the claimed privilege.

(4)    If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

B.    If you cannot answer a request for admission, interrogatory, or request for production in full, after exercising due diligence to secure the full information or knowledge you have concerning the interrogatory or request for production, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

C.    In answering these requests for admissions, interrogatories, and requests for production, furnish all information, including hearsay, however obtained which you have in your possession or which is known by your agents, employees, or attorneys, or which appears in any records or other information in your possession, custody, or control.

D.    In your answers to these requests for admissions, interrogatories, and requests for production, please repeat each request set forth herein and then set forth your answer thereto separately and fully immediately thereafter.

833722

E.      If you have any questions regarding the scope, meaning or intent of these requests for admissions, interrogatories, or requests for production, please promptly contact undersigned counsel.

## DEFINITIONS

A.      "BP" shall mean BP Exploration & Production, Inc. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

B.      "BP Settlement" shall mean the agreement reached in principle between Cameron and BP on or about December 12, 2011, as well as the Confidential Settlement Agreement, Mutual Releases and Agreement to indemnify between Cameron and BP executed on or about December 15, 2011.

C.      "Cameron Insurers" shall mean all insurers providing liability insurance coverage to Cameron in connection with the Deepwater Horizon Incident, including without limitation all insurers who funded the BP Settlement.

D.      "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

E.      "Deepwater Horizon Incident" shall mean the April 20, 2010 explosion of Transocean's Deepwater Horizon Mobile Offshore Drilling Unit and consequent release of oil into the Gulf of Mexico.

833722

F.      "Document" shall be broadly construed as provided by the Federal Rules of Civil Procedure and shall mean and include, without limitation, every writing or record of any type and description that is in your possession, custody, or control, including any and all records kept by electronic, magnetic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained. Any document or copy of any document which contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a nonidentical copy of another document shall be treated as a separate document subject to production.

G.      "Identify" when used with respect to a natural person shall mean to indicate the person's:

(1)     Name;

(2)     Current address, if known, or last known address;

(3)     Current telephone number, if known, or last known telephone number;

(4)     Current employer, if known, or if unknown, then last known employer;

(5)     Current work address, if known, or last known work address; and

(6)     Current work telephone number, if known, or last known work telephone number.

H.      "Identify" when used with respect to a company, business, or other legal entity shall mean to indicate the following:

(1)     Its name;

(2)     Its address or the address of its principal place of business;

(3)     Its telephone number; and

(4)     Its state of incorporation, if known.

833722

I.     "Liberty" shall mean Liberty Insurance Underwriters, Inc. and any of its officers, directors, partners, employees, representatives, and agents.

J.     "The Liberty Policies" shall mean the following excess liability insurance policies issued by Liberty to Cameron, individually and collectively:

    \*     No. LQ1B71198583046, in effect from July 1, 2009 to July 1, 2010;

    \*     No. LQ1B71198583036, in effect from July 1, 2008 to July 1, 2009;

    \*     No. LQ1B71198583026, in effect from July 1, 2007 to July 1, 2008; and

    \*     No. LQ1B71198783016, in effect from July 1, 2006 to July 1, 2007.

K.     "Marsh" shall mean Marsh USA, Inc. d/b/a Marsh USA Risk Services, as well as its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

L.     "MSA" shall mean the Master Service Agreement between Transocean and Cameron dated September 28, 2000.  *See* Rec. Doc. No. 4524-9.

M.     "Person" shall mean natural persons, corporation, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

N.     "Relate to" or "refer to," including any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss, describe, to contain a notation of, reference to, or statement about, or to be in any way logically or factually connected with the matter.

833722

O.      "T&C" shall mean the written Terms and Conditions for the sale of the Deepwater Horizon's blow-out preventer equipment from Cameron to Transocean.  *See* Rec. Doc. No. 4524-8.

P.      "Transocean" shall mean Transocean Ltd. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

Q.      "You" and "your" shall mean Cameron International Corporation and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

R.      The terms "and" and "or," as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

S.      The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1

Admit that you demanded indemnity protection from Transocean in connection with the Deepwater Horizon Incident.

### REQUEST FOR ADMISSION NO. 2

Admit that BP would not agree to settle with you unless you waived your contractual indemnification claims against Transocean under the T&C and the MSA.

### REQUEST FOR ADMISSION NO. 3

Admit that you reached a settlement agreement in principle with BP on December 12, 2011.

### REQUEST FOR ADMISSION NO. 4

Admit that you agreed to release your contractual indemnification claims against Transocean under the T&C and MSA on December 12, 2011.

### REQUEST FOR ADMISSION NO. 5

Admit that before December 12, 2011, you were not legally obligated to pay any amount falling within the limits of Liberty's excess liability insurance policy number LQ1B71198583046.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons having knowledge concerning the negotiation of Paragraph 4.5 of the BP Settlement.

833722

**INTERROGATORY NO. 2**

Identify all facts and documents supporting and all persons with knowledge of your allegation that "BP also made clear that it would not settle with Cameron unless . . . Cameron agreed to a complete waiver of any contractual indemnification claims Cameron might have against Transocean that might flow to BP[.]" Am. Compl., at ¶ 42.

**INTERROGATORY NO. 5**

Identify all facts and documents supporting, and all persons with knowledge of, your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**INTERROGATORY NO. 6**

Identify all persons involved in the drafting of your demand for indemnity protection from Transocean under the T&C and the MSA in connection with the Deepwater Horizon Incident, which was made on or about August 19, 2010.

**INTERROGATORY NO. 7**

Identify the persons who authored the T&C and the MSA.

**INTERROGATORY NO. 8**

Identify the persons knowledgeable concerning the meaning of the indemnity provisions contained in the T&C and the MSA, including persons involved in negotiations with Transocean about the terms of the T&C and the MSA.

**INTERROGATORY NO. 9**

State whether there have been any modifications to the indemnity provisions contained in the T&C and the MSA since January 1, 2010.

833722

**INTERROGATORY NO. 10**

Identify all claims you have made to Transocean for indemnity protection under the T&C and the MSA since January 1, 2000.

**INTERROGATORY NO. 11**

Identify all documents and communications related to any work Cameron has performed for Transocean under the MSA and the T&C since January 1, 2000.

**INTERROGATORY NO. 12**

State whether you have made a demand to Marsh and/or its errors and omissions insurer(s) in connection with Liberty's decision not to contribute to the BP Settlement, and if so, state when the demand was made and identify all persons with knowledge of the demand.

**INTERROGATORY NO. 13**

Identify all facts and documents supporting and all persons with knowledge of your allegation that "'[o]ther insurance' clauses define methods of contribution among insurers and are irrelevant to a policy's attachment point[.]"

**INTERROGATORY NO. 14**

Identify all facts and documents supporting and all persons with knowledge of your allegation that "[b]ecause Liberty has not remitted to Cameron the insurance proceeds it owes, Liberty has breached the Policy – and has done so in bad faith."

**INTERROGATORY NO. 15**

Itemize all damages you seek to recover in this matter, including without limitation any damages for (1) Liberty's alleged breach of its insurance policy, and (2) Liberty's alleged breach of Texas Insurance Code §§ 541 and/or 542.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1

All documents and communications between you and BP covering the BP Settlement.

## REQUEST FOR PRODUCTION NO. 2

All documents and communications between you and any of your insurers relating to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon incident, an insurer's payment on Cameron's claim, or this lawsuit.

## REQUEST FOR PRODUCTION NO. 3

All documents and communications between you and Marsh concerning Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident, the BP Settlement, this lawsuit, a demand against Marsh, or notice of a potential claim against Marsh.

## REQUEST FOR PRODUCTION NO. 4

All documents and communications between you and Marsh concerning procurement of the Liberty Policies.

## REQUEST FOR PRODUCTION NO. 5

All documents and communications between you and Liberty concerning the Liberty Policies.

## REQUEST FOR PRODUCTION NO. 6

All documents and communications between you and Liberty concerning the BP Settlement.

833722

**REQUEST FOR PRODUCTION NO. 7**

All documents and communications related to any demand by you for indemnity protection to Transocean under the T&C or the MSA since January 1, 2000.

**REQUEST FOR PRODUCTION NO. 8**

All documents and communications related to any modification of, or request to modify the indemnity provisions contained in the T&C or the MSA since January 1, 2010.

**REQUEST FOR PRODUCTION NO. 9**

All documents and communications concerning the terms of the BP Settlement, including drafts of the executed settlement agreement.

**REQUEST FOR PRODUCTION NO. 10**

All documents in the files of Stone Pigman Walther Wittmann L.L.C. or Wilkie Farr & Gallagher L.L.P. relating to the BP Settlement, Cameron's claims for indemnity against Transocean, the Liberty Policies, or Cameron's claims for coverage for liabilities arising out of the Deepwater Horizon incident.

**REQUEST FOR PRODUCTION NO. 11**

All documents supporting the damages you seek to recover in this matter.

**REQUEST FOR PRODUCTION NO. 12**

All documents supporting your answers to any of the Interrogatories.

833722

Respectfully submitted,

/s/ Judy Y. Barrasso
Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

OF COUNSEL:
Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Liberty's First Set of Requests for Admissions, Interrogatories and Requests for Production of Documents to Cameron has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 7th day of February, 2013.

/s/ Judy Y. Barrasso

833722