UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | *  MDL NO. 2179<br>*<br>*  SECTION J<br>*<br>* |
| **APPLIES TO: No. 12-311** | *  JUDGE BARBIER<br>*  MAG. JUDGE SHUSHAN<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>NOTICE OF NON-PARTY DISCOVERY</u>

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 45, Defendant Liberty Insurance Underwriters, Inc. ("Liberty") hereby gives notice of its intent to serve subpoenas *duces tecum* on each of the following:

    1. Marsh USA, Inc. D/B/A Marsh USA Risk Services

    2. BP Exploration & Production, Inc.

Copies of the subpoenas *duces tecum* are attached as Exhibits 1 and 2.

Respectfully submitted,

        */s/Judy Y. Barrasso*

Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

*Attorneys for Liberty Insurance*
*Underwriters, Inc.*

1

**EXHIBIT F**

OF COUNSEL:

Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by U.S. mail, postage prepaid, hand delivery, facsimile transmission or email on this 15th day of February, 2013.

/s/Judy Y. Barrasso

# EXHIBIT 1

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| Cameron International Corporation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL 2179 (2:12cv00311) |
| Liberty Insuance Underwriters, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   MARSH USA INC. D/B/A MARSH USA RISK SERVICES.  through its agent: C T CORPORATION SYSTEM,
5615 CORPORATE BLVD., STE. 400B, BATON ROUGE, LA 70808

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material:

> See Exhbiit A attached

| Place:  BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C., 909 Poydras Street, Suite 2400  New Orleans, Louisiana  70112 | Date and Time:  03/08/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:   02/15/2013

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Liberty Insurance
Underwriters, Inc.   , who issues or requests this subpoena, are:

Judy Y. Barrasso, 909 Poydras Street, Suiter 2400 , New Orleans, Louisiana  70112, jbarrasso@barrassousdin.com,
504.589.9700

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  MDL 2179 (2:12cv00311)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

   ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

   ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1.       These requests shall be deemed continuing in nature, and you are under a duty to supplement as provided by the Federal Rules of Civil Procedure.

2.       "Document" is used in the broadest possible sense, and refers to all written, printed, typed, recorded, photographic, video, digital, drawn, and other graphic matter of every kind and nature; all e-mails and attachments; all mechanical and electrical and sound recordings and any transcripts thereof; and all computer, electronic, digital or magnetic data files; in your possession, custody, and/or control or known by you to exist; this definition of "document" includes, without restriction, all preliminary drafts of documents, all copies of documents, all marginal and other notes on documents and copies thereof, all file folders and all labels, dividers, or markings indicating the manner in which any requested documents have be maintained.

3.       "You" and "your" shall mean "Marsh USA, Inc. d/b/a Marsh USA Risk Services" any parent company of such entity, any subsidiary company of such entity, any sister company of such entity, and all current and former owners, directors, officers, managers, employees and/or agents of such entity.

4.       If You object or refuse to respond, in whole or in part, to any request herein on the grounds that the information sought is protected by the attorney-client privilege or the work-product doctrine, or for any other reason, please provide the following information as to each objection/refusal:

a)       The nature of the privilege or doctrine You claim is applicable and the reason You invoke it; and,

b)     The nature of the document involved, the date of the document, the subject matter of the document, and the name, telephone number and last known address of each and every person known to You to have seen the document.

5.     If any document that would have provided information responsive to the requests below has been destroyed or is no longer in your possession, custody, or control, you must provide a written statement setting forth:

a)     The dates on which the document was prepared, transmitted, and received;

b)     The name and the job title of each author, addressee, and recipient of the document;

c)     The name and job title of each person who was furnished with a copy or other manifestation of the document, had possession of the document, and/or had been given access to the document;

d)     The person or persons in whose custody you believe said documents or any copy or other manifestation thereof can presently be found;

e)     The number of pages in the document (or equivalent measure of length, as appropriate);

f)     The nature and subject matter of the document;

g)     The date on which the document was destroyed, lost, transferred, or otherwise left your possession, custody, or control;

h)     The name and job title of the person responsible for, requesting, or performing the destruction, loss, transfer, or other occurrence by which the document left your possession, custody, or control;

i)     The conditions of and reasons for such loss, transfer, destruction, or other occurrence by which the document left your possession, custody, or control; and,

j)     The number of the request to which the information contained in the document would have been responsive.

6.     In answering these requests, please furnish all information, including hearsay, however obtained, which You have in Your possession or which is known by You or which appears in any records or other information in Your possession, custody, or control.

7.     If You object and refuse substantively to respond to less than the entire contents of any request, please respond fully to those portions of the request to which You do not object.

8.     "And" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of these requests information which might otherwise be considered to be beyond their scope.

9.     The singular form of a word shall be construed to include the plural, and the plural form of a word shall include the singular, so as to bring within the scope of these requests any information or documents which might otherwise be considered to be beyond their scope.

10.    If You have any questions regarding the scope, meaning, or intent of these requests, please promptly contact counsel for Liberty Insurance Underwriters, Inc.

11.    "Cameron" shall mean Cameron International Corporation and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

12.    "Liberty" shall mean Liberty Insurance Underwriters, Inc., and all current and former owners, directors, officers, managers, employees and/or agents of such entity.

13.    "The Liberty Policies" shall mean the following excess liability insurance policies issued by Liberty to Cameron, individually and collectively:

     *    No. LQ1B71198583046, in effect from July 1, 2009 to July 1, 2010;

     *    No. LQ1B71198583036, in effect from July 1, 2008 to July 1, 2009;

     *    No. LQ1B71198583026, in effect from July 1, 2007 to July 1, 2008; and

     *    No. LQ1B71198783016, in effect from July 1, 2006 to July 1, 2007.

14.     "Prior Occurrence Endorsement" shall mean Form No. 0187 (03/00) attached as Exh. 1 to these requests.

15.     The "Deepwater Horizon Incident" shall mean the April 20, 2010 explosion of Transocean's Deepwater Horizon Mobile Offshore Drilling Unit and consequent release of oil into the Gulf of Mexico.

16.     "BP Settlement" shall mean the Confidential Settlement Agreement, Mutual Releases and Agreement to indemnify between Cameron and BP executed on or about December 15, 2011.

17.     "Transocean" shall mean Transocean Ltd. and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

## DOCUMENTS REQUESTED

1.     All documents related to Your procurement of the Liberty Policies.

2.     All documents analyzing, interpreting, or describing the Liberty Policies.

3.     All documents analyzing, interpreting, describing, or relating to the Prior Occurrence Endorsement, Form No. 0187 (03/00), from January 1, 2006 to present.

4.     All documents analyzing, interpreting, describing or relating to the "Other Insurance" condition in Form No. 0101-XS (Ed. 03 00).

5.    All documents concerning any "Other Insurance" clause including self-insurance and/or indemnification obligations as "Other Insurance".

6.    All documents and communications between Marsh and Cameron related to the Liberty Policies.

7.    All documents and communications with Cameron regarding its indemnification claims against Transocean.

8.    All documents from January 1, 2009 to present related to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident.

9.    All documents and communications related to the BP Settlement.

10.   All documents and communications from January 1, 2009 to present and any threatened or actual demand by or on behalf of Cameron, Marsh and/or its errors and omissions insurer(s) related to Cameron's claim for coverage for liabilities arising out of the Deepwater Horizon Incident

11.   All documents and communications from January 1, 2009 to present reflecting communications between You and Your errors and omissions insurer(s) concerning any claim by Cameron arising out of the Deepwater Horizon Incident.

12.   All documents and communications from January 1, 2006 to present discussing or analyzing Cameron's contractual right to indemnity from any person or entity, including without limitation, Transocean.

13.   All documents and communications reflecting discussion, analysis, or interpretation of the "Other Insurance" condition contained in the Liberty Policies.

14.    All documents and communications describing, analyzing, or interpreting the "Notice of Occurrence" condition contained in the Liberty Policies.

15.    All documents and communications from January 1, 2006 to present describing, analyzing, or interpreting the "Transfer of Rights of Recovery" condition contained in Illinois National Insurance Policy No. 27471353 issued to Cameron.

16.    All documents and communications relating to the possible effect of Cameron's release of its indemnity obligations against Transocean.



**Liberty**
Insurance
Underwriters Inc.™

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

<u>Prior Occurrence</u>

This endorsement modifies insurance provided under the following Excess Liability Policy:

A.   In consideration of the payment of premium by the Insured, it is understood and agreed that this policy will apply to "Claims" first made against the Insured during the period from 07/1/06 **to 07/1/07** resulting from occurrence(s) that took place during the period from **07/01/95 to 07/1/06** (12:01 AM Standard Time at the address stated in the Declarations) (hereinafter prior acts), subject otherwise to the terms, limitations, exclusions and conditions of this policy.

B.   Our liability for the Insured's prior acts will not exceed the amount stated on the Declarations page of this policy.  Regardless of the number of (1) Insureds under the policy, (2) persons or organizations that sustain damage or injury, (3) "Claims" made or suits brought, our liability for such prior acts will not be in addition to the limits of liability stated on the Declarations of this policy.

C.   Coverage for prior acts does not apply to:

   1.   "Claims" arising from any pending and/or prior litigation that commenced prior to the policy period, regardless of whether any Insured was named a party thereto when such litigation was commenced, nor any future "Claim" arising out of such litigation;
   2.   Any "Claims" first made against any Insured prior to the effective date of this policy;
   3.   Any "Claims" which are covered by any extended reporting period issued to the Insured pursuant to any claim-made policy;
   4.   Any "Claims" which are covered by any "Other Insurance" available to the Insured, whether collectible or not;
   5.   Any "Claims" which would be covered by any "Underlying Insurance" available to the Insured, but for the exhaustion of limits of insurance under such "Underlying Insurance," or because of a deductible or self-insured retention;
   6.   Any "Claims" for which any Insured had previously given notice to any other insurer, assurer or underwriters as of the effective date of this policy;

_____                    _____
Authorized Signature                                Date

0187 (03/00) · General Endorsement

LIU 00271

CONFIDENTIAL                                    **EXHIBIT 1**



7.   Any "Claims" resulting from any occurrence of which any Insured had actual or constructive notice prior to the effective date of this policy.

This endorsement may not be cancelled by either you or us and the premium for this endorsement shall be fully earned as of the effective date of this endorsement. This endorsement is void from inception if the Insured fails to pay the premium for this endorsement within thirty (30) days of the effective date of this endorsement.

As used in this endorsement:
"Claims" means any demand for monetary damages upon any Insured resulting from an occurrence;
"Other Insurance" means a policy of insurance affording coverage that this policy also affords,
"Other Insurance" includes any type of self-insurance or other mechanism by which any Insured arranges for funding of legal liabilities;
"Underlying Insurance" means the insurance coverage afforded under policies shown in the Schedule of Underlying Policies, or any additional policies agreed to by us in writing.

This endorsement does not change any other provision of the policy.

_____          _____
Authorized Signature                                               Date

0187 (03/00) - General Endorsement

LIU 00272

CONFIDENTIAL



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG          :     MDL NO. 2179
   "DEEPWATER HORIZON" in the        :
   GULF OF MEXICO, on                :     SECTION J
   APRIL 20, 2010                    :
                                     :
                                     :     JUDGE BARBIER
This document relates to: ALL ACTIONS    :     MAG. JUDGE SHUSHAN

PRE-TRIAL ORDER NO. 51

[Governing Subpoenas to Third Parties]

PTO #13 establishes a clear procedure for third parties to designate documents and other objects (including deposition testimony) as confidential.  However, the Court and the parties agree that supplemental guidelines are necessary in order to outline the specific logistics by which third parties communicate confidential designations and by which parties challenge those confidential designations.  The purpose of this Pre-Trial Order is to establish the logistical guidelines for same.

IT IS HEREBY ORDERED that to keep the Court and all parties informed as to the status of documents or other objects (including deposition testimony) where the producing third party has decided to designate such as confidential, the following procedures will govern:

(1)     The rules and procedures outlined in PTO #13 shall remain in full force and effect.  PTO #13 also governs the production of documents from third parties as well as the treatment of third party deposition testimony.  This order merely supplements PTO #13, and

nothing in this order shall be construed to change or otherwise supersede the rules or procedures outlined in PTO #13.

(2)     A party who subpoenas or requests documents from a third party, or who notices a third party deposition, shall serve upon such third party a copy of PTO #13 and a copy of this order.

(3)     Third parties that wish to designate as confidential any documents or other objects (including deposition testimony) are hereby instructed to follow the rules and procedures outlined in PTO #13.  If third parties do not adhere to the rules and procedures outlined in PTO #13, their documents or other objects (including deposition testimony) will not be treated as confidential.

(4)     If a third party designates any document as confidential, said third party shall, within ten (10) days of making such designations or within five (5) days of receipt of this order (whichever is later), designate a "contact attorney" (and provide, via the e-mail addresses outlined in Paragraph 5 below, all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality challenges or otherwise address confidentiality-related issues involving said third party document(s) designated as confidential.

(5)     If a third party designates any deposition testimony as confidential, said third party shall serve such designations upon all parties to this litigation by e-mailing said confidentiality designations to the following e-mail addresses:   dsc2179@liskow.com and designations@mdl2179psc.com.  At the time of serving any deposition-related confidentiality designation(s), third parties shall also designate a "contact attorney" (and provide all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality

2

challenges or otherwise address confidentiality-related issues involving said third party depositions.

New Orleans, Louisiana, this 6th day of August, 2012.

CARL J. BARBIER
United States District Judge

3

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 |
| | | SECTION: J |
| Applies to: *All Cases.* | * * | JUDGE BARBIER |
| | | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

## PRE-TRIAL ORDER NO. 13

### ORDER PROTECTING CONFIDENTIALITY

1. *Purpose.* To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Rule 26(c) of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rule.

2. *Information.* Information includes the contents of documents, data associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data derived from objects other than documents, produced or disclosed in these proceedings by any party to these proceedings or by any third party (the "Producing Party") to any other party or parties (the "Receiving Party").

3. *Condition.* This order covers information that the Producing Party designates "Confidential" or "Highly Confidential". Information may be designated as Confidential when the Producing Party reasonably believes the information disclosed constitutes, reflects, discloses or contains information subject to protection under Federal Rule of

Civil Procedure 26(c). Information may be designated as Highly Confidential when the Producing Party reasonably believes that the disclosure of Confidential Information to third party competitors will result in commercial harm. The parties shall make Confidential and Highly Confidential designations in good faith to insure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

4.    *Procedure.*

    A.    *Designation.* To designate information as Confidential or Highly Confidential, a Producing Party must mark it or identify it on the record as such. Either designation may be withdrawn.

    B.    *Marking.* All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated. With respect to tangible items or electronically stored information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item or media is Confidential or Highly Confidential or contains such information.

    C.    *Timing.* Documents and other objects must be designated before disclosure. In the event that a Producing Party designates some or all of a witness' deposition testimony Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to all Liaison Counsel within fourteen (14) days of receipt of the transcript, provided, however, that Liaison Counsel will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation.

    D.    *Errors.* Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto. In the event that Confidential or Highly Confidential Information is inadvertently disclosed, the Producing Party may thereafter reasonably assert a claim or designation of confidentiality, and promptly provide replacement media consistent with PTO XX. Thereafter, the Receiving Party must immediately

return the original information and all copies of the same to the Producing Party and make no use of such information.

5.    *Who.* Confidential Information may be used only by:

A.    Parties;

B.    The Court;

C.    Court reporters (including audio and video);

D.    Special masters;

E.    Mediators;

F.    Parties' counsel, including any counsel representing a Party in any government investigation relating to the April 20, 2010, Deepwater Horizon explosion, fire and/or resulting spill;

G.    The direct staff of these people;

H.    Witnesses, except for lay witnesses who previously have not seen or had access to the Confidential Information and who have no reasonable need to see the Confidential Information in order to provide testimony;

I.    Any expert or consultant, and his, her or its staff, hired by a party for litigation purposes who agrees to be bound by this Order and signs the certificate attached as Appendix A;

J.    Any other person to whom the Producing Party, in writing, authorizes disclosure; and

K.    Counsel (and their staff) for parties in other litigation asserting claims against Defendants that arise out of the April 20, 2010 Deepwater Horizon explosion, fire and/or resulting spill ("Related Litigation"), provided that (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A;  (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains copies of the certificates and a log identifying each such recipient and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request.   Upon a showing by Defendants that Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

6.    *Highly Confidential.*

The Highly Confidential designation is intended to prevent competitive injury between and among persons or entities who might be commercially adverse to one another in the marketplace. Hence, the use of information designated Highly Confidential is restricted to the following persons:

A.    The Court and its staff;

B.    Special masters or discovery referees appointed by the Court and their staff;

C.    Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A.

D.    Mediators and their staff, provided such persons execute a certification attached hereto as Appendix A;

E.    Parties' external counsel and internal counsel whose primary responsibilities include overseeing this litigation, and their direct staff;

F.    Persons who prepared, received, or reviewed the Highly Confidential information prior to its production in the matters comprising MDL No. 2179 and who execute a certification in the form attached hereto as Appendix A;

G.    A witness during a hearing, a deposition or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have specific knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL," provided such witness executes a certification in the form attached hereto as Appendix A;

H.    Outside experts or consultants retained by a party for litigation purposes, provided such expert executes a certification in the form attached as Appendix A.

I.    Any other person to whom the Producing Party, in writing, authorizes disclosure; and

J.    Counsel for parties in Related Litigation as defined in paragraph 5(K), provided that: (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A; (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains a log identifying each such recipient and makes that log available for inspection and copying to Liaison Counsel for the other parties at their request; and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request.  Upon a

showing by Defendants that Highly Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

7.   *Where.* Confidential Information and Highly Confidential Information must be used only in this MDL Proceeding, in Related Litigation as defined in paragraph 5(K) or in any government investigation into the Deepwater Horizon incident or resulting oil spill so long as such use is permitted herein.

8.   *How.*

A.   *Acknowledgment.* Subject to the restrictions contained in paragraph 6, the persons identified in paragraphs 5 and 6 may receive or review Confidential or Highly Confidential Information upon execution of the certificate attached as Appendix A or by affirming on the record that he or she will not disclose Confidential or Highly Confidential Information revealed during the deposition and will keep the transcript confidential.

B.   *Filings.* No pleading will be sealed. If Confidential Information must be filed, it will be filed under seal as an appendix to the instrument that refers to it. As little of the source document as possible should be sealed. References in the instrument must be sufficiently abstract not to disclose the information.

C.   *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

D.   *Subpoenas.* If Confidential Information is subpoenaed from the Receiving Party, the Receiving Party must notify the Producing Party in writing within five (5) days of its receipt that the subpoena covers Confidential or Highly Confidential Information.

9.   *Challenges.* Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Producing

Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the **Objecting Party** may move the Court for an order **withdrawing the designation** as to the specific designations on which the Parties could not agree. Counsel may agree to reasonable extensions of the twenty (20) day period, if necessary. On such a motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law. In the event a motion is filed by the Objecting Party, the information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Confidential or Highly Confidential Information designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

10.   *Return.* Within ninety days of the termination of any party from all proceedings in this MDL proceeding or in Related Litigation, that party, its employees, attorneys, consultants and experts must destroy or return all originals and/or copies of documents with Confidential Information or Highly Confidential Information, provided however, that the obligation to destroy or return such documents that is imposed on counsel, consultants and experts representing multiple parties shall not occur until the last of their represented parties has been terminated from the foregoing referenced proceedings. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Protective Order. This order survives the termination of this MDL proceeding.

New Orleans, Louisiana, this 2nd day of November, 2010.

**THE HONORABLE CARL J. BARBIER**
**UNITED STATES DISTRICT COURT JUDGE**

## APPENDIX A

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### CERTIFICATION

I hereby certify that I have read the Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date:

(Signature)

Name:

(Typed or Printed)

# EXHIBIT 2

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| | |
|---|---|
| Cameron International Corporation | ) |
| *Plaintiff* | ) |
| v. | ) |
| Liberty Insuance Underwriters, Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    MDL 2179 (2:12cv00311)

(If the action is pending in another district, state where:

)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   BP EXPLORATION & PRODUCTION, INC.  through its agent: C T CORPORATION SYSTEM, 5615
CORPORATE BLVD., STE. 400B, BATON ROUGE, LA 70808

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material:

See Exhbiit A attached

| Place:  BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C., 909 Poydras Street, Suite 2400  New Orleans, Louisiana  70112 | Date and Time: 03/08/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:   ___02/15/2013___

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   ___Liberty Insurance___
___Underwriters, Inc._____ , who issues or requests this subpoena, are:

Judy Y. Barrasso, 909 Poydras Street, Suiter 2400 , New Orleans, Louisiana  70112, jbarrasso@barrassousdin.com,
504.589.9700

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  MDL 2179 (2:12cv00311)

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                    *Server's signature*

                                             _____
                                                    *Printed name and title*

                                             _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.     These requests shall be deemed continuing in nature, and you are under a duty to supplement as provided by the Federal Rules of Civil Procedure.

2.     "Document" is used in the broadest possible sense, and refers to all written, printed, typed, recorded, photographic, video, digital, drawn, and other graphic matter of every kind and nature; all e-mails and attachments; all mechanical and electrical and sound recordings and any transcripts thereof; and all computer, electronic, digital or magnetic data files; in your possession, custody, and/or control or known by you to exist; this definition of "document" includes, without restriction, all preliminary drafts of documents, all copies of documents, all marginal and other notes on documents and copies thereof, all file folders and all labels, dividers, or markings indicating the manner in which any requested documents have be maintained.

3.     "You" and "your" shall mean "BP Exploration & Production, Inc." any parent company of such entity, any subsidiary company of such entity, any sister company of such entity, and all current and former owners, directors, officers, managers, employees and/or agents of such entity.

4.     If You object or refuse to respond, in whole or in part, to any request herein on the grounds that the information sought is protected by the attorney-client privilege or the work-product doctrine, or for any other reason, please provide the following information as to each objection/refusal:

a)     The nature of the privilege or doctrine You claim is applicable and the reason You invoke it; and,

b)     The nature of the document involved, the date of the document, the subject matter of the document, and the name, telephone number and last known address of each and every person known to You to have seen the document.

5.     If any document that would have provided information responsive to the requests below has been destroyed or is no longer in your possession, custody, or control, you must provide a written statement setting forth:

a)     The dates on which the document was prepared, transmitted, and received;

b)     The name and the job title of each author, addressee, and recipient of the document;

c)     The name and job title of each person who was furnished with a copy or other manifestation of the document, had possession of the document, and/or had been given access to the document;

d)     The person or persons in whose custody you believe said documents or any copy or other manifestation thereof can presently be found;

e)     The number of pages in the document (or equivalent measure of length, as appropriate);

f)     The nature and subject matter of the document;

g)     The date on which the document was destroyed, lost, transferred, or otherwise left your possession, custody, or control;

h)     The name and job title of the person responsible for, requesting, or performing the destruction, loss, transfer, or other occurrence by which the document left your possession, custody, or control;

i)     The conditions of and reasons for such loss, transfer, destruction, or other occurrence by which the document left your possession, custody, or control; and,

j)     The number of the request to which the information contained in the document would have been responsive.

6.     In answering these requests, please furnish all information, including hearsay, however obtained, which You have in Your possession or which is known by You or which appears in any records or other information in Your possession, custody, or control.

7.      If You object and refuse substantively to respond to less than the entire contents of any request, please respond fully to those portions of the request to which You do not object.

8.      "And" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of these requests information which might otherwise be considered to be beyond their scope.

9.      The singular form of a word shall be construed to include the plural, and the plural form of a word shall include the singular, so as to bring within the scope of these requests any information or documents which might otherwise be considered to be beyond their scope.

10.     If You have any questions regarding the scope, meaning, or intent of these requests, please promptly contact counsel for Liberty Insurance Underwriters, Inc.

11.     "Cameron" shall mean Cameron International Corporation and all of its parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, representatives, and agents.

12.     The "Deepwater Horizon Incident" shall mean the April 20, 2010 explosion of Transocean's Deepwater Horizon Mobile Offshore Drilling Unit and consequent release of oil into the Gulf of Mexico.

13.     "BP Settlement" shall mean the Confidential Settlement Agreement, Mutual Releases and Agreement to indemnify executed by Cameron and BP on December 15, 2011.

## DOCUMENTS REQUESTED

1.      All documents and communications between you and Cameron concerning the BP

Settlement.

2.      All documents and communications regarding the negotiation, drafting, and

execution of the BP Settlement.

3.      All documents and communications regarding Cameron's claim for coverage for

liabilities arising out of the Deepwater Horizon Incident.

4.      All documents and communications between you and Cameron concerning

Cameron's indemnity claims against Transocean.



45732312

Aug 06 2012
10:58AM

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG     :    **MDL NO. 2179**
"DEEPWATER HORIZON" in the     :
GULF OF MEXICO, on     :    **SECTION J**
APRIL 20, 2010     :
    :
    :    **JUDGE BARBIER**
This document relates to: ALL ACTIONS    :    **MAG. JUDGE SHUSHAN**

## PRE-TRIAL ORDER NO. 51

### [Governing Subpoenas to Third Parties]

PTO #13 establishes a clear procedure for third parties to designate documents and other objects (including deposition testimony) as confidential. However, the Court and the parties agree that supplemental guidelines are necessary in order to outline the specific logistics by which third parties communicate confidential designations and by which parties challenge those confidential designations. The purpose of this Pre-Trial Order is to establish the logistical guidelines for same.

IT IS HEREBY ORDERED that to keep the Court and all parties informed as to the status of documents or other objects (including deposition testimony) where the producing third party has decided to designate such as confidential, the following procedures will govern:

(1) The rules and procedures outlined in PTO #13 shall remain in full force and effect. PTO #13 also governs the production of documents from third parties as well as the treatment of third party deposition testimony. This order merely supplements PTO #13, and

nothing in this order shall be construed to change or otherwise supersede the rules or procedures outlined in PTO #13.

(2)    A party who subpoenas or requests documents from a third party, or who notices a third party deposition, shall serve upon such third party a copy of PTO #13 and a copy of this order.

(3)    Third parties that wish to designate as confidential any documents or other objects (including deposition testimony) are hereby instructed to follow the rules and procedures outlined in PTO #13. If third parties do not adhere to the rules and procedures outlined in PTO #13, their documents or other objects (including deposition testimony) will not be treated as confidential.

(4)    If a third party designates any document as confidential, said third party shall, within ten (10) days of making such designations or within five (5) days of receipt of this order (whichever is later), designate a "contact attorney" (and provide, via the e-mail addresses outlined in Paragraph 5 below, all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality challenges or otherwise address confidentiality-related issues involving said third party document(s) designated as confidential.

(5)    If a third party designates any deposition testimony as confidential, said third party shall serve such designations upon all parties to this litigation by e-mailing said confidentiality designations to the following e-mail addresses:   dsc2179@liskow.com and designations@mdl2179psc.com. At the time of serving any deposition-related confidentiality designation(s), third parties shall also designate a "contact attorney" (and provide all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality

2

challenges or otherwise address confidentiality-related issues involving said third party depositions.

New Orleans, Louisiana, this 6th day of August, 2012.

CARL J. BARBIER
United States District Judge

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases*. | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

## PRE-TRIAL ORDER NO. 13

### ORDER PROTECTING CONFIDENTIALITY

1.  *Purpose*. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Rule 26(c) of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rule.

2.  *Information*. Information includes the contents of documents, data associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data derived from objects other than documents, produced or disclosed in these proceedings by any party to these proceedings or by any third party (the "Producing Party") to any other party or parties (the "Receiving Party").

3.  *Condition*. This order covers information that the Producing Party designates "Confidential" or "Highly Confidential". Information may be designated as Confidential when the Producing Party reasonably believes the information disclosed constitutes, reflects, discloses or contains information subject to protection under Federal Rule of

Civil Procedure 26(c). Information may be designated as Highly Confidential when the Producing Party reasonably believes that the disclosure of Confidential Information to third party competitors will result in commercial harm.   The parties shall make Confidential and Highly Confidential designations in good faith to insure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

4.     *Procedure*.

     A.     *Designation*. To designate information as Confidential or Highly Confidential, a Producing Party must mark it or identify it on the record as such. Either designation may be withdrawn.

     B.     *Marking*. All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated.   With respect to tangible items or electronically stored information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item or media is Confidential or Highly Confidential or contains such information.

     C.     *Timing*. Documents and other objects must be designated before disclosure.   In the event that a Producing Party designates some or all of a witness' deposition testimony Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to all Liaison Counsel within fourteen (14) days of receipt of the transcript, provided, however, that Liaison Counsel will consider reasonable requests for an extension of the deadline.     Deposition testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation.

     D.     *Errors*. Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto.   In the event that Confidential or Highly Confidential Information is inadvertently disclosed, the Producing Party may thereafter reasonably assert a claim or designation of confidentiality, and promptly provide replacement media consistent with PTO XX.   Thereafter, the Receiving Party must immediately

return the original information and all copies of the same to the Producing Party and make no use of such information.

5.   *Who.* Confidential Information may be used only by:

A.   Parties;

B.   The Court;

C.   Court reporters (including audio and video);

D.   Special masters;

E.   Mediators;

F.   Parties' counsel, including any counsel representing a Party in any government investigation relating to the April 20, 2010, Deepwater Horizon explosion, fire and/or resulting spill;

G.   The direct staff of these people;

H.   Witnesses, except for lay witnesses who previously have not seen or had access to the Confidential Information and who have no reasonable need to see the Confidential Information in order to provide testimony;

I.   Any expert or consultant, and his, her or its staff, hired by a party for litigation purposes who agrees to be bound by this Order and signs the certificate attached as Appendix A;

J.   Any other person to whom the Producing Party, in writing, authorizes disclosure; and

K.   Counsel (and their staff) for parties in other litigation asserting claims against Defendants that arise out of the April 20, 2010 Deepwater Horizon explosion, fire and/or resulting spill ("Related Litigation"), provided that (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A;  (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains copies of the certificates and a log identifying each such recipient and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request.   Upon a showing by Defendants that Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

6.   *Highly Confidential.*

The Highly Confidential designation is intended to prevent competitive injury between and among persons or entities who might be commercially adverse to one another in the marketplace.  Hence, the use of information designated Highly Confidential is restricted to the following persons:

A.   The Court and its staff;

B.   Special masters or discovery referees appointed by the Court and their staff;

C.   Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A.

D.   Mediators and their staff, provided such persons execute a certification attached hereto as Appendix A;

E.   Parties' external counsel and internal counsel whose primary responsibilities include overseeing this litigation, and their direct staff;

F.   Persons who prepared, received, or reviewed the Highly Confidential information prior to its production in the matters comprising MDL No. 2179 and who execute a certification in the form attached hereto as Appendix A;

G.   A witness during a hearing, a deposition or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have specific knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL," provided such witness executes a certification in the form attached hereto as Appendix A;

H.   Outside experts or consultants retained by a party for litigation purposes, provided such expert executes a certification in the form attached as Appendix A.

I.   Any other person to whom the Producing Party, in writing, authorizes disclosure; and

J.   Counsel for parties in Related Litigation as defined in paragraph 5(K), provided that: (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A; (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains a log identifying each such recipient and makes that log available for inspection and copying to Liaison Counsel for the other parties at their request; and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request.  Upon a

showing by Defendants that Highly Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

7.   *Where.* Confidential Information and Highly Confidential Information must be used only in this MDL Proceeding, in Related Litigation as defined in paragraph 5(K) or in any government investigation into the Deepwater Horizon incident or resulting oil spill so long as such use is permitted herein.

8.   *How.*

    A.   *Acknowledgment.*   Subject to the restrictions contained in paragraph 6, the persons identified in paragraphs 5 and 6 may receive or review Confidential or Highly Confidential Information upon execution of the certificate attached as Appendix A or by affirming on the record that he or she will not disclose Confidential or Highly Confidential Information revealed during the deposition and will keep the transcript confidential.

    B.   *Filings.* No pleading will be sealed. If Confidential Information must be filed, it will be filed under seal as an appendix to the instrument that refers to it. As little of the source document as possible should be sealed.  References in the instrument must be sufficiently abstract not to disclose the information.

    C.   *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need.  The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

    D.   *Subpoenas.* If Confidential Information is subpoenaed from the Receiving Party, the Receiving Party must notify the Producing Party in writing within five (5) days of its receipt that the subpoena covers Confidential or Highly Confidential Information.

9.   *Challenges.* Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Producing

Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the **Objecting Party** may move the Court for an order **withdrawing the designation** as to the specific designations on which the Parties could not agree. Counsel may agree to reasonable extensions of the twenty (20) day period, if necessary. On such a motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law. In the event a motion is filed by the Objecting Party, the information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Confidential or Highly Confidential Information designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

10.   *Return.* Within ninety days of the termination of any party from all proceedings in this MDL proceeding or in Related Litigation, that party, its employees, attorneys, consultants and experts must destroy or return all originals and/or copies of documents with Confidential Information or Highly Confidential Information, provided however, that the obligation to destroy or return such documents that is imposed on counsel, consultants and experts representing multiple parties shall not occur until the last of their represented parties has been terminated from the foregoing referenced proceedings. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Protective Order. This order survives the termination of this MDL proceeding.

New Orleans, Louisiana, this 2nd day of November, 2010.

**THE HONORABLE CARL J. BARBIER**
**UNITED STATES DISTRICT COURT JUDGE**

## APPENDIX A

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATION

I hereby certify that I have read the Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date:

(Signature)

Name:

(Typed or Printed)

## Email Message

**From:** Williams, Jeffrey [JWilliams@willkie.com]
**Sent:** Thursday, December 15, 2011 5:12 PM
**To:** Williams, Jeffrey
**Subject:** FW: Cameron

**From:** Zaffino, Jonathan [mailto:Jonathan.Zaffino@marsh.com]
**Sent:** Thursday, December 15, 2011 5:05 PM
**To:** Auslander, Mitchell
**Subject:** FW: Cameron

Mitch,

See below.

Best,

JZ

**Jonathan M. Zaffino**, Managing Director / U.S. Casualty Leader
**Marsh** | 1166 Avenue of the Americas, 40th Floor, New York, NY 10036, USA
+1 212 345 2263 | Fax +1 212 345 1587 | Jonathan.Zaffino@marsh.com
www.marsh.com

**From:** Tuhy Paul [mailto:Paul.Tuhy@xlgroup.com]
**Sent:** Thursday, December 15, 2011 6:01 PM
**To:** Zaffino, Jonathan
**Subject:** Re: Cameron

Jon:

XL agrees as outlined.

Paul

Paul I. Tuhy
Executive Vice President
Global Head of Claims
XL Insurance
One World Financial Center
200 Liberty Street
New York, NY 10281

**EXHIBIT G**

CONFIDENTIAL

CIC0005298

212 915-6382 - Office
917 374-8317 - Cell

**From**: Zaffino, Jonathan [mailto:Jonathan.Zaffino@marsh.com]
**Sent**: Thursday, December 15, 2011 02:53 PM
**To**: Tuhy Paul
**Subject**: Cameron

Hi Paul,

This will confirm that XL has consented to the settlement of the Deep Water Horizon claim between BP and Cameron. XL has agreed to contribute 85% of its $100M of limits and waived its subrogation rights against third parties in connection with the claim. The parties will formally document their agreement as soon as possible.

Please confirm back for me as soon as possible.

Thanks Paul.

Regards,

Jon

**Jonathan M. Zaffino**, Managing Director / U.S. Casualty Leader
**Marsh** | 1166 Avenue of the Americas, 40th Floor, New York, NY 10036, USA
+1 212 345 2263 | Fax +1 212 345 1587 | Jonathan.Zaffino@marsh.com
www.marsh.com

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\* \* \* \* \* \*
This e-mail transmission and any attachments that accompany it may
contain information that is privileged, confidential or otherwise
exempt from disclosure under applicable law and is intended solely for
the use of the individual(s) to whom it was intended to be addressed.
If you have received this e-mail by mistake, or you are not the
intended recipient, any disclosure, dissemination, distribution,
copying or other use or retention of this communication or its
substance is prohibited.  If you have received this communication in
error, please immediately reply to the author via e-mail that you
received this message by mistake and also permanently delete the
original and all copies of this e-mail and any attachments from your
computer. Thank you.

CONFIDENTIAL

CIC0005299

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
* * * * * *
```

CONFIDENTIALITY: This communication, including attachments, is for the exclusive use of the
addressee(s) and may contain proprietary, confidential or privileged information. If you are not the
intended recipient, any use, copying, disclosure, or distribution or the taking of any action in reliance upon
this information is strictly prohibited. If you are not the intended recipient, please notify the sender
immediately and delete this communication and destroy all copies.

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
* * * * * *
```

This e-mail transmission and any attachments that accompany it
may
contain information that is privileged, confidential or
otherwise
exempt from disclosure under applicable law and is intended
solely for
the use of the individual(s) to whom it was intended to be
addressed.
If you have received this e-mail by mistake, or you are not the
intended recipient, any disclosure, dissemination, distribution,
copying or other use or retention of this communication or its
substance is prohibited.  If you have received this
communication in
error, please immediately reply to the author via e-mail that
you
received this message by mistake and also permanently delete the
original and all copies of this e-mail and any attachments from
your
computer. Thank you.

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
* * * * * *
```

## Email Message

| | |
|---|---|
| **From:** | Kenny, Timothy J [Timothy.J.Kenny@marsh.com] |
| **Sent:** | Monday, October 31, 2011 11:45:22 AM |
| **To:** | Black, Tony |
| **CC:** | Eastman, Brad |
| **Subject:** | RE: Letter from ACE |

**Attachments:** 20111028120247925.pdf



Timothy J Kenny, CPCU, ARM, Senior Vice President Claims & Compliance
Bowring Marsh (Bermuda) Ltd.
Power House, 7 Par-la-Ville Road, Hamilton HM11, Bermuda
+441 299 8832 | Fax +441 292 5731 | Mobile +441 504 8832 | timothy.j.kenny@marsh.com
www.marsh.com


-----Original Message-----
From: Black, Tony [mailto:Tony.Black@c-a-m.com]
Sent: Friday, October 28, 2011 1:56 PM
To: Kenny, Timothy J
Subject: FW: Letter from ACE

Tony

-----Original Message-----
From: Toshiba_16West@c-a-m.com [mailto:Toshiba_16West@c-a-m.com]
Sent: Friday, October 28, 2011 11:03 AM
To: Black, Tony
Subject:

This E-mail was sent from "RNPD72949" (e-STUDIO5500c).

Scan Date: 10.28.2011 12:02:47 (-0400)
Queries to: Toshiba_16West@c-a-m.com

**EXHIBIT H**

CONFIDENTIAL

CIC0003341

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

This email message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information of Cameron and its Operating
Divisions.
Any unauthorized use or disclosure is prohibited.
If you are not the intended recipient, please contact the sender by reply email and delete and destroy all
copies of the original message inclusive of any attachments.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**EXHIBIT H**

CIC0003342

**Email Message**

| | |
|---|---|
| **From:** | Black, Tony |
| **Sent:** | Thursday, April 29, 2010 10:35:09 AM |
| **To:** | Rusty.Lee@marsh.com |

REDACTED

Cameron
1333 West Loop South, Ste 1700
Houston, TX   77027
Tel   713.513.3374
Cel   713.702.6247
Fax   713.513.3370
Tony.Black@c-a-m.com


-----Original Message-----
From: Toshiba_16West@c-a-m.com [mailto:Toshiba_16West@c-a-m.com]
Sent: Thursday, April 29, 2010 9:34 AM
To: Black, Tony
Subject:

This E-mail was sent from "RNPD72949" (e-STUDIO5500c).

Scan Date: 04.29.2010 10:34:05 (-0400)
Queries to: Toshiba_16West@c-a-m.com

**EXHIBIT I**

CONFIDENTIAL

CIC0000310