UNITED STATES DISTRICT COURT
[Eastern District of Louisiana]

| | | | |
|---|---|---|---|
| In Re:  Oil Spill by the Oil Rig | ) | MDL No. | 2179 |
| "Deepwater Horizon" in the | ) | | |
| Gulf of Mexico, on April 20, 2010 | ) | Section: J | |
| This document Relates to : 13-CV-2323 | | Judge Barbier | |
| | | Mag. Judge Shushan | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE INTERVENOR COMPLAINT**

The intervenor plaintiff **Anthony Wilks** is a mortgage broker who has the same interest in this Complaint CV13-CV-2323 as the original plaintiff the underlying Complaint.

The facts of this case relate to the April 20, 2010 deep horizon oil spill disaster which is set out in detail in the original complaint and the attached Intervention Complaints and a repetition of facts that are not necessary as a part of the memorandum as they are well understood by the Court and are set out adequately.

The facts surrounding the claims of the original plaintiff and intervener plaintiff are also identical or nearly identical as to the nature of the claims, the relief sought and the factual legal issues that need to be raised.

The intervener plaintiff as well as the original plaintiffs are all a part of the original action by virtue of filing short-form joinders as is set out in detail in the attached intervention complaints and have common representation.  Filing additional duplicate actions would only serve to complicate the case whereas an intervention would simplify the case by having parties with common claims and counsel in the same action.

The Federal court construes Rule 24 liberally in favor of movants for intervention.  See Arakaki v. Cayetano, 324 F. 3d 1078, 1083 (9th Cir. 2003).  "Courts are guided primarily by

practical and equitable considerations." Id.  The motion of the plaintiff interveners is timely.  In determining whether a motion for intervention is timely, the court generally considers the following factors:  "(1) The stage of the proceedings; (2) Whether the parties would be prejudiced; and (3) The reason for any delay in moving to intervene."  <u>Northwest Forest Resource Council,</u> 82 F. 3d at 836.  While the underlying case (10MDL2179) has been going on for some time the intervener complaint was filed on or about April 20, 2013.

Plaintiff interveners have a significant protectable interest in the subject matter of the action as this matter is a consolidated case against the defendants in the deep horizon oil spill case 10 MDL 2179 and they will be resolved as a result of common action in that case.

The plaintiffs' interest would be prejudiced by any settlement rendered in their absence although they are joined in the case by virtue of the short-form joinder and the plaintiff interveners' interest would not otherwise be protected if they were not allowed to intervene in this case or filed a separate lawsuit which would not be in the interest of the parties or the court given the common claims of the plaintiff seeking to intervene and the original plaintiffs in the underlying case.

The court should exercise in its discretion and permit intervention in this matter.  Under the Federal Rules of Civil Procedure 24(b), courts may grant leave for intervention where the movant "has a claim or defense that shares with the main action a common question of law and fact," and when the intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." FRCP 24(b).

In class cases there are often common funds to satisfy claimants and while these claimants are already joined in the case by virtue of the short form joinders, their representation and resolution are best carried forward joined with the similarly situated cases where all the

parties have common counsel.  In this case, the same plaintiffs' counsel represent the intervenor plaintiff and the original plaintiffs.

Permissive intervention is justified because the plaintiff interveners' participation will facilitate an equitable result, be given the ability to contribute to the full development of the underlying factual issues in this suit and to the just and equitable adjudication of the legal questions presented and the common interest of the plaintiff to the original complaint.

CONCLUSION

Plaintiff interveners have significant common legally protectable interests that relate to the subject of this action and that are common with the action of the other plaintiffs in the original complaint.  The disposition of this action without the plaintiff interveners' involvement may as a practical matter, impair or impede their ability to protect their interests.  The other plaintiff does not adequately represent the plaintiff interveners' interest in this case because they may have a claim to a common fund which is common in the settlement of multi-district litigation.

The intervention will not prejudice any party.  Therefore the intervenor plaintiff request that the court find they are entitled to intervene and the court should allow permissive intervention or intervention as a right under the Federal Rules of Civil Procedure.

/s/Gregory Friedlander_____
GREGORY M. FRIEDLANDER

01886 Bar Number
Attorney for (Plaintiff/Pro Se)
Gregory M. Friedlander & Associates, P.C.
11 S. Florida St.
Mobile, AL 36606-1934
(251)470-0303
(888)441-2123
E-Mail Address: Isee3@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE INTERVENOR COMPLAINT** has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 31st day of July 2013.

            /s/Gregory Friedlander_____
            GREGORY M. FRIEDLANDER