# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig        MDL NO. 2179
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010       SECTION J

Applies to: *All Cases*            JUDGE BARBIER
                             MAGISTRATE JUDGE SHUSHAN

## ORDER

**[Regarding Telephone Working Group Conference on Friday, July 26, 2013]**

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

## MICHOUD MATTERS

Transocean confirmed the removal of the Capping Stack and other items at Michoud. Captain Englebert is working on loading the BOP and LMRP in September.

BP was the only party to request that items at Michoud be produced at the trial by the July 29 deadline. It requests, if needed, the production of containers of cement/junk shot material that were found in drill pipe section 148.

On July 26, BP submitted a "Michoud Physical Evidence Summary." The parties were asked to examine the schedule for the disposition of the listed items. By **Thursday, August 1**, the parties shall provide any comments.

BP reports that it is determining its position regarding the need for further Michoud preservation. It did not report on an extension of the Michoud lease.

## PHASE TWO PREPARATION

**1.      Deposition designations**.

All of the depositions designations are complete except for:  (a) the advocacy summaries for Lawler, Gansert and Skripnikova due on July 26; and (b) the designations and summaries for Graettinger due by August 2.  The deadline to announce final deposition bundle lists is changed from August 7 to August 13.

**2.      Crime-fraud.**

The Court is working on the Morgheim documents.  BP submitted Lynch and Harkavy documents on July 25 and 30.  A further submission is due on August 1.

**3.      Experts**.

BP submitted a motion to strike Glen Stevick.  Halliburton responded on July 23.  BP will not submit a reply brief.  The motion is submitted.

BP pulled down Dr. Carlos Torres-Verdin, a quantification expert, and therefore his deposition was canceled.  The U.S. asked whether any BP experts will be relying on information from his report.  BP and the U.S. are working to resolve their issues concerning Torres-Verdin.

By **Wednesday, July 31**, the PSC will submit requested changes to the Court's version (July 22) of the Order regarding presentation of evidence on video clips and expert reliance.

BP submitted a list of fact and Rule 30(b)(6) witnesses where the person was deposed in Phase One (2011), but they have been through the Phase Two deposition designation process.  The list references the Phase Two deposition designation group for each of these witnesses.  BP contends that Aligned Parties may use a deposition designation bundle for one of these witnesses, but it counts

against that side's 15 depositions.  The PSC disagrees.  It contends that the deposition bundles for these witnesses are in the record and it can use them for its post-trial briefing.

The U.S. noted that Galina Skripnikova was deposed during Phase One.  She also had Phase Two information which was not included in her Phase One deposition bundle.  The U.S. designated Phase Two elements of her deposition that are not in evidence in Phase One.  For Skripnikova and other similar witnesses, the U.S. may offer designations from persons deposed in Phase One but the testimony was not admitted in Phase One.

The U.S. raised the expert reliance issue.  The Court posed the following hypothetical:  (1) Expert A for BP expresses an opinion based on a calculation made by Expert C; (2) the cross-examination of Expert C relative to his calculation is admitted into evidence; and (3) an expert for the U.S. believes that Expert C's calculation is deficient.  The U.S. may use one of its "holdback" experts, one of its eight experts, to testify that the calculation is deficient.  BP asked for an opportunity to consider this issue.

The PSC contended that the part of Expert C's deposition that comes into evidence should be exclusive of any examination by BP as it will permit BP to introduce a summary of the expert's opinion.  BP disagreed.  The Court agreed with BP's position.

The PSC contends that during its examination of an expert, it should be permitted to present in the form of a demonstrative any testimony relied upon by the expert whether or not the testimony comes from the deposition designations submitted into evidence.  The Court asked the PSC and BP to meet-and-confer to determine if they can agree on language to be used in the order.

The U.S. renewed its request for 10 experts.  The Court will consider it.

4. **Motions in limine**.

BP contends that there are three categories of motions in limine: (1) orders on Phase One motions that the parties agree should apply to Phase Two; (2) orders on Phase One motions where there is disagreement on their applicability to Phase Two; and (3) pure Phase Two motions in limine.

On July 25, BP submitted a proposed order for the category one motions in limine. It identified four orders regarding motions in limine that apply to Phase Two (Rec. docs. 5448, 5572, 5505 and 5560). If no party opposes entry of the motion by **Monday, July 29**, the order will be entered.

BP reports that the parties will meet-and-confer on the category two motions in limine.

The deadlines for the pure Phase Two motions in limine (category three) are changed to:

| | |
|---|---|
| 8/19/13 | Deadline for motions in limine (limited to 15 pages double spaced) |
| 9/03/13 | Deadline for oppositions to motions in limine (limited to 15 pages double spaced) |
| 9/10/13 | Deadline for replies to motions in limine (limited to 3 pages double spaced) |

The parties shall meet-and-confer on the pure Phase Two motions in limine after they are filed on August 19 in an effort to reduce the number requiring ruling by Judge Barbier.

There was discussion concerning the Anadarko motion in limine (Rec. doc. 10826). Anadarko requests a ruling on the motion. The U.S. responds that it is premature and does not relate to Phase Two. Anadarko disagrees. No further briefing on Anadarko's motion is required until the Court confers with Judge Barbier.

5. **Phase Two exhibit list**.

At the July 19 WGC, the U.S. suggested four categories of Phase Two exhibits: (1) those

exhibits which were previously admitted in Phase One; (2) the consolidated agreed list of admitted exhibits; (3) exhibits used either in a submitted deposition bundle or with a live witness; and (4) "Orphan" exhibits - those that are not in the first three categories but the parties do not want to reveal them until a later date.

There was discussion regarding the exhibits. The parties will confer and report at the August 2 conference.

The U.S. raised the issue of whether BP should be required to identify those exhibits to be offered in the source control segment separate from those to be offered in the quantification segment. BP objected. The Court will consider the issue.

6.    **Aligned Parties**.

Alabama expressed concern about the provision in the Court's version (July 22) of the Order regarding presentation of evidence in Phase Two trial on the source control segment, where one side "shall consist of a coordinated trial presentation. . . ." and the identification of Texas, Florida and Mississippi as Aligned Parties. The Court understood Alabama's concern and the possible confusion over "presentation." Alabama will report to the three States.

On behalf of the Aligned Parties, the PSC reported that, while the presentation will be coordinated, they are not precluded from having one lawyer handle part of the cross-examination of a witness and a second lawyer complete the cross-examination of that witness.

The Court confirmed that the 30 minutes allocated to the U.S. for its possible use during the source control segment will not reduce the 15 hours allocated to the Aligned Parties.

7.    **Anadarko - Source Control**.

Anadarko reported that its objection to its exclusion from the source control segment is

prompted by the position of the U.S. that it may present evidence during the 30 minutes allocated for its possible use during the source control segment.  The U.S. responds that, while it should not present evidence in the source control segment that Anadarko will want to rebut, it has no objection to Anadarko's use of some of its quantification time to do so.

**8.**     **Quantification Segment**.

The Aligned Parties seek language in the Order regarding presentation of evidence that would prohibit the elicitation of source control evidence during the quantification segment.  The Court responded that it is not possible to draw the fine line sought by the Aligned Parties because the evidence in source control affects the opinions offered on quantification.

**9.**     **Application of Findings for Quantification Segment**.

Transocean, Halliburton, and the responder defendants, O'Brien's and NRC, contend that Judge Barbier's findings on the quantification segment should only be applicable to BP and Anadarko.  The Court will confer with Judge Barbier.  The responder defendants emphasized the significance of the Dillon case.

The Court will conduct an off-line discussion with Transocean, the U.S. and BP regarding its concern with flow rate evidence regarding the position of the drill pipe vis-a-vis the functioning of the BOP.  The Court will discuss the issue, including the suggestion by the U.S. for an order closing the Phase One record, with Judge Barbier.

There was discussion concerning "surface oil and burn-off."  The U.S. reported that, while this is a very small issue, it planned to prove that there was oil on the surface of the water while the DeepWater Horizon was still floating.   The Court will review the paragraph in the report of

Transocean's expert (Pollard) on this issue.  Transocean and the U.S. will attempt to reach agreement on the procedure for resolving the issue without creating another Phase.

10.   **Further Stipulations**.

The U.S. reported that there is no current work on further stipulations for quantification.  The PSC is working on further stipulations for source control.

11.   **Phase Two Logistics**.

a.     Technical walk through.

On **September 5, 2013 at 9:30**, the walk through for the parties' technical staff only (no attorneys) is scheduled.

b.     Technical equipment.

On **Thursday, August 29**, the parties shall bring their technical equipment brought into the Courthouse and Judge Barbier's courtroom for the trial.  If any party has an issue with this date, it shall notify the Court as promptly as possible.

c.     Overflow courtroom.

There will be only 1 overflow courtroom (Judge Sear's courtroom on the 3rd Floor Room C-311).

d.     Work rooms.

Work rooms are available for everyone except the PSC.  The Court is working on space for the PSC.

e.     Supplies for work rooms.

On **Friday, September 27, 2013**, the parties shall bring their supplies into the Courthouse.

      f.      <u>Seating chart</u>.

Andy Langam will prepare a proposed seating chart and secure agreement on it.

      g.      <u>Tags</u>.

The PSC shall arrange for preparation of the tags for trial participants and staff.

      h.      <u>Chess clock</u>.

BP will arrange for the Chess clock.

**12.**    **<u>Revised Timeline</u>**.

The quantification segment of Phase Two shall start on **Monday, October 7**.  A revised timeline is attached to this order.  It incorporates the changes made at the July 26 Working Group Conference.  The parties are asked to comment as promptly as possible.

<b><u>CONFERENCE SCHEDULE</u></b>

| | |
|---|---|
| 08/02/13 | **Telephone only WGC at 9:30 a.m.** |
| 08/09/13 | WGC meeting at 9:30 a.m. |
| 08/16/13 | WGC meeting at 9:30 a.m. (to be followed by Planning Conference on Quantification). |
| 08/23/13 | **Telephone only WGC at 9:30 a.m.** |
| 08/30/13 | **Telephone only WGC at 9:30 a.m.** |
| 09/05/13 | Phase Two Final Pre-Trial Conference at 2:00 p.m. |
| 09/06/13 | WGC meeting at 9:30 a.m. |
| 09/13/13 | WGC meeting at 9:30 a.m. |
| 09/20/13 | **Telephone only WGC at 9:30 a.m.** |
| 09/30/13 | Commencement of Phase Two Trial - Source Control (Rec. doc. 10795) |

10/07/13        Commencement of Phase Two Trial - Quantification

**All Saturdays are email free days.**

New Orleans, Louisiana, this 1st day of August, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**