# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 16, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Re:  MDL No. 2179 — Orders on Phase 1 Motions *In Limine* That Should Apply Directly to Phase 2

Dear Judge Shushan:

During last Friday's Working Group Conference, we offered to provide a list of the orders on Phase 1 motions *in limine* that the parties agree should apply directly to Phase 2.

As you know BP circulated a list of orders on Phase 1 motions *in limine* to the parties to see if there is any opposition to applying these Phase 1 rulings directly to Phase 2. (*See* Attachment.) The United States, HESI and the PSC agree, or do not object, to applying the following four orders to Phase 2:

- Order Re Inadmissibility of the JIT Report (See Rec. Doc. 5448)
- Order re Motions *in Limine* Regarding Evidence of Joint Investigation Report and Testimony (Rec. doc. 5572)
- Order Re BP's Motion *in Limine* to Preclude Expert Opinion Testimony Not Disclosed in the Expert's Rule 26(a) Written Report (*See* Rec. Doc. 5505)
- Order re Opinions of Experts Which Are Withdrawn (*See* Rec. Doc. 5560)

(*See* T. Benson email dated June 21, 2013 5:26 PM; B. Barr email dated June 27, 2013 5:12 PM; J. Martinez email dated July 1, 2013 4:44 PM).

Moreover, the United States and HESI also agree, or do not object, to applying the following order to Phase 2:

- Order re Motions *in Limine* to Exclude Instances of Prior Alleged Improper Conduct and Prior Adverse Criminal, Civil or Regulatory Proceedings (*See* Rec. Doc. 5634)

Chicago     Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai

<div style="text-align:center">**KIRKLAND & ELLIS LLP**</div>

The Honorable Sally Shushan
July 16, 2013
Page 2

(*See* T. Benson email dated June 21, 2013 5:26 PM; J. Martinez email dated July 1, 2013 4:44 PM).

Finally, the United States does not object to applying the following Phase 1 orders in Phase 2:

- Order Re BP's Motion *in Limine* to Bar Fact or Opinion Testimony on Issues of Law (See Rec. Doc. 5495)
- Order Re Motion *in Limine* Set 1, precluding the wholesale introduction of e-mail "strings" as "business records" (See Rec. Doc. 5143)
- Order Re BP's Motion *in Limine* to Exclude Non-Factual Fact Witness Testimony (See Rec. Doc. 5492).

(*See* T. Benson email dated June 21, 2013 5:26 PM).

Louisiana said it would provide its "thoughts" the week of June 24, but we have not received any further response from Louisiana.  (*See* D. Kraus email dated June 21, 2013 5:52 PM).

No other parties have responded to our June 19, 2013 email asking if any party objected to applying the identified Phase 1 orders to Phase 2.

As you know, BP maintains that all of the above orders on Phase 1 motions *in limine* should apply to Phase 2.  We will follow up with the Court and parties regarding next steps in light of the positions reported in this letter.

<div style="margin-left:50%">Respectfully submitted,

Robert R. Gasaway</div>

Attachment

cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel

# ATTACHMENT

## Eisert, Joseph A.

| | |
|---|---|
| **From:** | Eisert, Joseph A. |
| **Sent:** | Wednesday, June 19, 2013 12:16 PM |
| **To:** | 'Brian Barr'; Fitch, Warren Anthony; *sherman@hhkc.com; jimr@wrightroy.com; jimmy@jimmywilliamson.com; dsc2179@liskow.com; Abigail.Andre@usdoj.gov; Thomas.Benson@usdoj.gov; Scott.Cernich@usdoj.gov; Aristede.Chakeres@usdoj.gov; *deepwater.horizon@usdoj.gov; Bethany.Engel@usdoj.gov; Stephen.Flynn@usdoj.gov; *Sarah.Himmelhoch@usdoj.gov; Rachel.King@usdoj.gov; Steve.O'Rourke@usdoj.gov; Eica.Pencak@usdoj.gov; *Mike.Underhill@usdoj.gov; *CMaze@ago.state.al.us; luther.strange@ago.state.al.us; terrellm@ag.state.la.us; treyphillipsdwh@ag.state.la.us; d.pote@kanner-law.com; Robin.L.Hanger@usdoj.gov; WStradley@mithofflaw.com; TDemetriou@mithofflaw.com; grant.davis-denny@mto.com; Sarah Iiams; Robert Guidry |
| **Cc:** | Sally_Shushan@laed.uscourts.gov; mike_o'keefe@laed.uscourts.gov |
| **Subject:** | RE: Phase Two Trial Planning |

Counsel--

Judge Shushan similarly directed us to confer with counsel and see if there is any opposition to applying certain Phase 1 rulings to Phase 2.

Let Rob Gasaway, Andy Langan, and me know if you oppose applying the following Phase 1 motions *in limine* and other precedent to Phase 2. Please respond to this inquiry no later than close of business this Friday, June 21.

**A.     Orders on Phase 1 Motions In Limine that Should Apply Directly to Phase 2.** The Court has issued several rulings to date that should apply to the Phase 2 trial. BP does not believe that further briefing is required regarding these orders.

1.     Order Re Inadmissibility of the JIT Report (See Rec. Doc. 5448).

2.     Order re Motions *in Limine* Regarding Evidence of Joint Investigation Report and Testimony (Rec. doc. 5572).

3.     Order Re BP's Motion *in Limine* to Bar Fact or Opinion Testimony on Issues of Law (See Rec. Doc. 5495).

4.     Order Re Motion *in Limine* Set 1, precluding the wholesale introduction of e-mail "strings" as "business records" (See Rec. Doc. 5143).

5.     Order Re BP's Motion *in Limine* to Exclude Non-Factual Fact Witness Testimony (See Rec. Doc. 5492).

6.     Order Re BP's Motion *in Limine* to Preclude Expert Opinion Testimony Not Disclosed in the Expert's Rule 26(a) Written Report (*See* Rec. Doc. 5505).

7.     Order re Motions *in Limine* to Exclude Instances of Prior Alleged Improper Conduct and Prior Adverse Criminal, Civil or Regulatory Proceeding**s** (*See* Rec. Doc. 5634).

8.     Order re Opinions of Experts Which Are Withdrawn (*See* Rec. Doc. 5560).

**B.     Phase 2 Motions *In Limine* Based on Phase 1 Rulings.** In addition to the Court's earlier rulings that can be extended directly to Phase 2 issues as the law of the case, other earlier rulings can serve as on-point precedents for Phase 2 motions pertaining to specific evidence that should be excluded from the Phase 2 trial:

1.     Motion to Exclude Phase 1 and "Other Phases" Evidence (*Cf*. Order re BP's Motion *in Limine* to Exclude Phase Two Evidence (Rec. Doc. 5407)).

1

2.      Motion to Exclude Privileged Communications and Testimony About Such Communications (*Cf*. Order re BP's Motion *in Limine* to Exclude Privileged Communications Relating to the Scope of BP's Internal Investigation (Rec. Doc. 5498)).

3.      Motion to Exclude Deposition Testimony Arising from Improper and Objectionable Questioning (*Cf*. Order Re BP's Motion *in Limine* to Preclude the Use of Deposition Testimony Arising from Improper and Objectionable Questioning (Rec. Doc. 5499)).

4.      Motion to Exclude Evidence Related to Size and Financial Status of BP (*Cf*. Order Re M-I's Motion *in Limine* to Exclude any Reference to its Related Entities or its Related Entities' Size or Financial Status (Rec. Doc. 5616)).

5.      Motion to Exclude Governmental Reports and Related Testimony/Documents (*Cf*. Order Re Motions *in Limine* to Exclude Other Government Reports and Congressional Testimony (Rec. Doc. 5635)).

Joseph A. Eisert | Kirkland & Ellis LLP
655 Fifteenth Street, N.W. Suite 1200 | WASHINGTON, DC 20005 | (202) 879-5136 DIRECT | (202) 879-5200 FAX  |
joseph.eisert@kirkland.com

---

**From:** Brian Barr [mailto:BBarr@levinlaw.com]
**Sent:** Monday, June 17, 2013 2:19 PM
**To:** Fitch, Warren Anthony; *sherman@hhkc.com; jimr@wrightroy.com; jimmy@jimmywilliamson.com; dsc2179@liskow.com; Abigail.Andre@usdoj.gov; Thomas.Benson@usdoj.gov; Scott.Cernich@usdoj.gov; Aristede.Chakeres@usdoj.gov; *deepwater.horizon@usdoj.gov; Bethany.Engel@usdoj.gov; Stephen.Flynn@usdoj.gov; *Sarah.Himmelhoch@usdoj.gov; Rachel.King@usdoj.gov; Steve.O'Rourke@usdoj.gov; Eica.Pencak@usdoj.gov; *Mike.Underhill@usdoj.gov; *CMaze@ago.state.al.us; luther.strange@ago.state.al.us; terrellm@ag.state.la.us; treyphillipsdwh@ag.state.la.us; d.pote@kanner-law.com; Robin.L.Hanger@usdoj.gov; WStradley@mithofflaw.com; TDemetriou@mithofflaw.com; grant.davis-denny@mto.com; Sarah Iiams; Robert Guidry
**Cc:** Sally_Shushan@laed.uscourts.gov; mike_o'keefe@laed.uscourts.gov
**Subject:** RE: Phase Two Trial Planning

Judge Shushan:

The PSC agrees that Judge Barbier's August 26, 2011 ruling that Anadarko, as a non-operating party, bears no fault for the incident (Rec. Doc. 3830 at 28) applies fully to all source control issues to be addressed in the Phase Two trial as it pertains to Anadarko.  The PSC defers to the United States as to quantification issues in Phase 2.

---

**From:** Fitch, Warren Anthony [mailto:Tony.Fitch@bingham.com]
**Sent:** Monday, June 17, 2013 11:45 AM
**To:** sherman@hhkc.com; jimr@wrightroy.com; Brian Barr; jimmy@jimmywilliamson.com; dsc2179@liskow.com; Abigail.Andre@usdoj.gov; Thomas.Benson@usdoj.gov; Scott.Cernich@usdoj.gov; Aristede.Chakeres@usdoj.gov; Deepwater.Horizon@usdoj.gov; Bethany.Engel@usdoj.gov; Stephen.Flynn@usdoj.gov; Sarah.Himmelhoch@usdoj.gov; Rachel.King@usdoj.gov; Steve.O'Rourke@usdoj.gov; Eica.Pencak@usdoj.gov; Mike.Underhill@usdoj.gov; cmaze@ago.state.al.us; luther.strange@ago.state.al.us; terrellm@ag.state.la.us; treyphillipsdwh@ag.state.la.us; d.pote@kanner-law.com; Robin.L.Hanger@usdoj.gov; WStradley@mithofflaw.com; TDemetriou@mithofflaw.com; grant.davis-denny@mto.com; Sarah Iiams; Robert Guidry
**Cc:** Sally_Shushan@laed.uscourts.gov; mike_o'keefe@laed.uscourts.gov
**Subject:** Phase Two Trial Planning

Counsel –

    As part of the Phase Two trial planning process, Judge Shushan has directed us (1) to inquire of each party in the case whether it agrees that, and will stipulate that, Judge Barbier's August 26, 2011 ruling that Anadarko, as a non-operating party, bears no fault for the incident (Rec. Doc. 3830 at 28) applies fully to every issue to be addressed in the Phase Two trial and (2) to submit to her a report on each party's response to this inquiry, including a summary of any party's reason for not agreeing to such a stipulation.  Please respond to this inquiry no later than close of business this Thursday 6/20 so that we may report back to the Court on Friday morning.  We will both be in New Orleans during the latter part of this week if anyone feels a need to discuss this.

Ky Kirby & Tony Fitch

**Warren Anthony Fitch**
*Partner*
T 202.373.6695
F 202.373.6001
tony.fitch@bingham.com

**B I N G H A M**
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006-1806

---

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.