## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| | * | |
| | * | HONORABLE CARL J. BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |
| | * | |
| | * | |
| | * | |

| | | |
|---|---|---|
| Plaisance, *et al.*, individually | * | NO. 12-CV-968 |
| and on behalf of the | * | |
| Medical Benefits Settlement Class, | * | SECTION: J |
| | * | |
| Plaintiffs, | * | |
| | * | HONORABLE CARL J. BARBIER |
| v. | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |
| BP Exploration & Production Inc., *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO REQUIRE PROFESSIONAL OBJECTOR JOSEPH DARRELL PALMER AND THE FOUR REMAINING APPELLANT-OBJECTORS TO POST AN APPEAL BOND TO SECURE PAYMENT OF COSTS ON APPEAL

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................................. ii

I.      INTRODUCTION ............................................................................................... 1

II.     BACKGROUND .................................................................................................. 2

      A.      The Appellant-Objectors Are Represented By Joseph Darrell Palmer,
            A Serial Objector ........................................................................................ 2

      B.      Three Of The Four Appellant-Objectors Appear To Lack Standing
            And May Not Be Class Members ............................................................... 5

III.    LEGAL ARGUMENT .......................................................................................... 6

      A.      A Bond Is Necessary To Ensure Adequate Security And There Is
            Significant Risk Appellants Would Not Pay Costs Should They
            Lose Their Appeal ...................................................................................... 7

      B.      There Is No Evidence That Appellant-Objectors Are Unlikely To
            Possess The Financial Means To Post A Bond .......................................... 9

      C.      The Amount Of The Requested Bond Will Not Effectively Preclude
            Pursuit Of The Appeal ............................................................................... 9

IV.     CONCLUSION ................................................................................................... 11

      CERTIFICATE OF SERVICE .......................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Adsani v. Miller*,
    139 F.3d 67 (2d Cir. 1998)...........................................................................................9

*Allapath Services, Inc. v. Exxon Corporation*,
    No. 91-0986, 2006 WL 1132371 (S.D. Fla. Apr. 7, 2006) ......................................10

*Arthur v. Sallie Mae, Inc.*,
    No. C10-198JLR, Transcript of Proceedings, Sept. 14, 2012 (W.D. Wash. Sept. 14, 2012) .....5

*Barnes v. FleetBoston Financial Corporation*,
    No. 01-10395, 2006 WL 6916834 .......................................................................8, 10

*Berger v. Property I.D. Corporation*,
    No. CV 05-5373, Order Granting Class Counsel's Motion for Award of Attorney's
    Fees and Reimbursement of Expenses (ECF No. 899, C.D. Cal. Jan. 28, 2009)......................3

*Berry v. Deutsche Bank Trust Co. Americas*,
    632 F. Supp. 2d 300 (S.D.N.Y. 2009)......................................................................

*Blessing v. Sirius XM Radio Inc.*,
    507 F. App'x 1 (2d Cir. Dec. 20, 2012) ...................................................................3

*Browning v. Yahoo! Inc.*,
    No. C04-01463, Order Granting Joint Motion for Final Approval of Amended
    Settlement and Dismissing Action with Prejudice (ECF No. 200, N.D. Cal. Nov. 16, 2007)....3

*City of Roseville Employees Retirement System v. Orloff Family Trust UAD 12/31/01*,
    F. App'x 138 (9th Cir. June 7, 2012) .......................................................................3

*Conroy v. 3M Corporation*,
    00-cv-2810, Order Granting Plaintiffs' Motion for Appellate Bond
    (ECF No. 265, N.D. Cal. Aug. 10, 2006)............................................................8, 10

*Dewey v. Volkswagen of America*,
    Nos. 07-2249, 07-2361, 2013 WL 3285105 (D.N.J. Mar. 18, 2013)....................8, 9

*Fleury v. Richemont North America, Inc.*,
   No. C-05-4525, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008)...............................................6, 9

*Hartless v. Clorox Co.*,
   473 F. App'x 716 (9th Cir. May 24, 2012) ...............................................................................3

*Herfert v. Crayola, LLC*,
   No. 2:11-cv-1301, Order Denying Application of Claimant's Counsel
   Darrell Joseph Palmer to Appear Pro Hac Vice (ECF No. 74, W.D. Wash. Aug. 17, 2012) .....4

*In re American Investors Life Insurance Co. Annuity Marketing & Sales Practice Litigation*,
   695 F. Supp. 2d 157 (E.D. Pa. 2010) ........................................................................................8

*In re AOL Time Warner, Inc.*,
   MDL No. 1500, 02 CV 5575, 2007 WL 2741033 (S.D.N.Y. Sept. 20, 2007)...........................6

*In re Aurora Dairy Corporation Organic Milk Marketing & Sales Practice Litigation*,
   No. 13-1745 (8th Cir. 2013)......................................................................................................7

*In re Bayer Corporation Combination Aspirin Products Marketing & Sales Practices Litigation*,
   No. 09-md-2023, Plaintiff's Response to Objections
   (ECF No. 219, E.D.N.Y. Mar. 1, 2013) .....................................................................................4

*In re Broadcom Corporation Class Action Litigation*,
   No. 06-cv-5036, Order Denying Objection and Requiring Appeal Bond
   (ECF No. 356, C.D. Cal. Aug. 11, 2010) ...................................................................................3

*In re Cardizem CD Antitrust Litigation*,
   391 F.3d 812 (6th Cir. 2004)................................................................................................8, 10

*In re Countrywide Financial Corporation Customer Data Securities Breach Litigation*,
   MDL No. 1998, No. 3:08-MD-01998, Judgment Order
   (ECF No. 297-28, W.D. Ky. Aug. 23, 2010) ..............................................................................3

*In re Currency Conversion Fee Antitrust Litigation*,
   MDL 1409, Civ. No. M 21-95, 2010 WL 1253741 (S.D.N.Y. Mar. 5, 2010)...........................8

*In re Diet Drugs Products Liability Litigation*,
   MDL 1203, Civ. No. 99-20593, 2000 WL 1665134 (E.D. Pa. Nov. 6, 2000)..................7, 8, 10

*In re Heritage Bond Litigation*,
MDL No. 02-MD-1475 DT, 2005 WL 2401111 (C.D. Cal. Sept. 12, 2005) ............................8

*In re Initial Public Offering Securities Litigation*,
721 F. Supp. 2d 210 (S.D.N.Y. 2010) ................................................................................8, 9

*In re Initial Public Offering Securities Litigation*,
728 F. Supp. 2d 289 (S.D.N.Y. 2010) ................................................................................7, 8

*In re Insurance Brokerage Antitrust Litigation*,
Civ. No. 04-5184, 2007 WL 1963063 (D.N.J. July 2, 2007)..................................................10, 11

*In re Midland National Life Insurance Co.*,
No. 11-55432 (9th Cir. 2011)...................................................................................................7

*In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010*,
--- F.R.D. ---, 2013 WL 144042 (E.D. La. Jan. 11, 2013) ......................................................1, 2

*In re Online DVD Rental Antitrust Litigation*,
No. 12-15996 (9th Cir. 2012)...................................................................................................3

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
289 F.R.D. 548 (N.D. Cal. 2013) ............................................................................................5

*In re Tremont Securities Law, State Law and Insurance Litigation*,
No. 11-3899 (2d Cir. 2011)......................................................................................................3

*In re Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*,
No. 11-MD-2247, 2012 WL 3984542 (D. Minn. Sept. 11, 2012) ................................... passim

*In re Wal-Mart Wage & Hour Employment Practices Litigation*,
MDL 1735, No. 2:06-CV-00225, 2010 WL 786513 (D. Nev. Mar. 8, 2010) ....................7, 10

*Pedraza v. United Guaranty Corporation*,
313 F.3d 1323 (11th Cir. 2002)...............................................................................................6

*Pointdexter v. Cellco Partnership*,
No. 12-17778 (9th Cir. 2012)...................................................................................................3

*Rodriguez v. Schneider*,
    480 F. App'x 876 (9th Cir. Aug. 10, 2012) ...............................................................3

*Stern v. Gambello*,
    480 F. App'x 867 (9th Cir. May 17, 2012) ..............................................................3

*Strohlein v. AT&T Mobility, LLC*,
    No. 11-2522 (7th Cir. 2011)......................................................................................7

## Rules

Fed. R. App. P. 7......................................................................................................6

Fed. R. App. P. advisory committee notes................................................................6

Fed. R. App. P. 39(a)(1) ..........................................................................................8

## I.      Introduction

On January 11, 2013, after three years of litigation, over 300 witness depositions, the exchange of over 80 expert reports, and the production of 90 million pages of discovery, this Court certified the Medical Benefits Settlement Class and granted final approval to the Medical Benefits Class Action Settlement Agreement.[1]  The Medical Benefits Settlement Class, which consists of as many as 200,000 members, is made up of Clean-Up Workers who helped remediate the *Deepwater Horizon* Incident and coastal residents who lived in close proximity to Gulf waters.  The settlement provides benefits to class members based upon objective criteria— namely, participation in Response Activities and/or residence in well-defined geographic zones. Indeed, after thoroughly reviewing the settlement and its generous benefits, Dean Robert Klonoff described it as "one of the fairest and most impressive settlements I have seen in more than 20 years of practicing, teaching, and writing in the field of law."[2]

Less than one-tenth of one percent of the class members objected to the settlement at the fairness hearing.  As the Court recognized, "the vast majority of Class Members favor settlement."[3]  Nearly all of those who objected before this Court decided to forgo an appeal; out of 95 total objectors in the district court, the settlement was subject to only two separate appeals on behalf of fewer than ten individuals.  One of those appeals, however, was voluntarily dismissed on June 25, 2013.  The remaining, single appeal is pursued by a professional objector, Joseph Darrell Palmer, on behalf of three coastal Florida residents and one Clean-Up Worker

---

[1] Unless otherwise defined herein, terms with initial capital letters used in this Memorandum have the meanings ascribed to the fully capitalized renderings of such terms in the Medical Benefits Class Action Settlement Agreement.

[2] KLONOFF DECL. ¶ 90 [DOC. NO. 7116].

[3] *In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010*, --- F.R.D. ---, 2013 WL 144042, at *39 (E.D. La. Jan. 11, 2013).

from Florida.  Mr. Palmer's appeal is now all that stands in the way of this settlement becoming effective.

As this Court has already concluded, Mr. Palmer's attacks on the settlement are without merit.  Nonetheless, through his latest serial appeal, he has taken the settlement hostage; meanwhile, the rights of tens of thousands of class members are kept on hold awaiting resolution of this appeal.  Class members are denied monies to which they are entitled.  Class members are denied diagnostic benefits owed under the Periodic Medical Consultation Program.  And all the while, claims administration costs continue to accrue.

The withdrawal of the sole non-professional objectors' appeal gives need for this Motion: to require the four remaining appellant-objectors, counseled by an attorney whose practice relies on serial objection, to post a Rule 7 appeal bond.  Such bond will ensure appellees actually receive costs awarded in connection with this appeal.  Accordingly, for the reasons set forth below, the Medical Benefits Settlement Class representatives request that the Court require appellant-objectors Mike Sturdivant, Patricia Sturdivant, James H. Kirby IV, and Susan Forsyth to post an appeal bond in the amount of $50,000.

II.     **Background**

A.      **The Appellant-Objectors are Represented by Joseph Darrell Palmer, a Serial Objector.**

As this Court recognized in its order approving the settlement, "Mr. Palmer has been deemed a 'serial objector' by several courts."[4]  Over the past several years, Mr. Palmer has unsuccessfully objected to numerous class action settlements in jurisdictions from California to

---

[4] *Id*. at *48 n.40; *see also, e.g.*, *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-MD-2247, 2012 WL 3984542, at *3 (D. Minn. Sept. 11, 2012) (characterizing Mr. Palmer as a "serial objector to other class-action settlements").

New York;[5] he has raised objections to, *inter alia*, consumer class action settlements,[6] antitrust class action settlements,[7] and securities class action settlements alike.[8] Including his appeal of the Medical Benefits Settlement Class, Mr. Palmer currently has at least four class settlement appeals pending in three United States Courts of Appeal.[9]

What is more, Mr. Palmer wears his status as a serial objector as a badge of honor. In October 2011, he appeared as a panel member for an American Bar Association discussion entitled, "Melee in Manhattan! Class Action Objectors—Are They Protectors of Absent Class Members or Merely Gadflies?"[10] During his remarks, Mr. Palmer told attendees that "objecting

---

[5] *See, e.g., Blessing v. Sirius XM Radio Inc.*, 507 F. App'x 1 (2d Cir. Dec. 2012) (affirming district court approval of class settlement over, *inter alia*, the objection of Palmer's client); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, MDL No. 1998, No. 3:08-MD-01998, Judgment Order (ECF Nos. 297-98, W.D. Ky. Aug. 23, 2010) (granting final approval to class settlement and overruling all objections, including Palmer's); *In re Broadcom Corp. Class Action Litig.*, No. 06-cv-5036, Order Denying Objection and Requiring Appeal Bond (ECF No. 356, C.D. Cal. Aug. 11, 2010) (overruling Palmer's objections); *Berger v. Prop. I.D. Corp.*, No. CV 05-5373, Order Granting Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses (ECF No. 899, C.D. Cal. Jan. 28, 2009) (award of fees granted over Palmer objection); *Browning v. Yahoo! Inc.*, No. C04-01463, Order Granting Joint Motion for Final Approval of Amended Settlement and Dismissing Action with Prejudice (ECF No. 200, N.D. Cal. Nov. 16, 2007) (overruling Palmer's objections).

[6] *See, e.g., Rodriguez v. Schneider*, 480 F. App'x 876 (9th Cir. Aug. 10, 2012) (dismissing Palmer's appeal and affirming approval of class settlement); *Hartless v. Clorox Co.*, 473 F. App'x 716 (9th Cir. May 24, 2012) (same); *Stern v. Gambello*, 480 F. App'x 867 (9th Cir. May 17, 2012) (same).

[7] *See, e.g., In re Online DVD Rental Antitrust Litig.*, No. 12-15996 (9th Cir. 2012) (pending disposition); *Blessing*, 507 F. App'x 1.

[8] *See, e.g., City of Roseville Employees' Ret. Sys. v. Orloff Family Trust UAD 12/31/01*, F. App'x 138 (9th Cir. June 7, 2012).

[9] *Pointdexter v. Cellco P'ship*, No. 12-17778 (9th Cir. 2012); *In re Online DVD Rental Antitrust Litig.*, No. 12-15996 (9th Cir. 2012); *In re Tremont Sec. Law, State Law and Ins. Litig.*, No. 11-3899 (2d Cir. 2011).

[10] The 15th Annual National Institute on Class Actions, *available at* http://www.complexlitgroup.com/CEN1CAC_FinalBrochure.pdf (2011) (last visited July 31, 2013).

is a hobby for me[,]" and he admitted that he had accepted "a lot" of money over the past decade to forgo appeals of his objections.[11]

Mr. Palmer is so devoted to his "hobby" that he has ghostwritten seemingly pro se objections when courts have refused to admit him *pro hac vice*.[12]  Courts have refused to admit Mr. Palmer *pro hac vice*, in turn, because he has repeatedly engaged in vexatious litigation conduct in his single-minded pursuit of derailing class settlements.   As one district court explained when it denied Mr. Palmer *pro hac* status:

> Mr. Palmer is denied [admission] for failure to appear at a prior hearing and for material nondisclosures in his application.  Mr. Palmer falsely declared under penalty of perjury that he had not been disbarred or formally censured by a court of record or by a state bar association.   In fact, Mr. Palmer was temporarily suspended from the Colorado Bar Association, the State Bar of Arizona, and the State Bar of California as a result of a Colorado felony conviction.  Mr. Palmer submitted a letter to the Court attributing his failure to disclose these suspensions to an oversight on the part of his assistant.  Any professional should know better than to blame his assistant for such a serious misstatement in a document containing his own signature.  The Court relies on an attorney's signature as his personal attestation that the information submitted is true and complete.  It was Mr. Palmer's responsibility, and his alone, to ensure the accuracy of his application.[13]

---

[11] Notes from the 15th Annual National Institute on Class Actions, *available at* http://classactionblawg.com/2011/10/17/notes-from-the-15th-annual-national-institute-on-class-actions/ (Oct. 17, 2011) (last visited July 31, 2013).

[12] *See In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, No. 09-md-2023, Plaintiffs' Response to Objections, at 8-10 (ECF No. 219, E.D.N.Y. Mar. 1, 2013) (observing that the seemingly pro se objector used Palmer's business address as her mailing address, a tactic Palmer had used when ghostwriting objector briefs in the past); *In re Uponor*, 2012 WL 3984542 (finding that two seemingly pro se objectors were in fact represented by Palmer, who had declined to make an appearance in the case).

[13] *Herfert v. Crayola, LLC*, No. 2:11-cv-1301, Order Denying Application of Claimant's Counsel Darrell Palmer to Appear Pro Hac Vice (ECF No. 74, W.D. Wash. Aug. 17, 2012).

4

Mr. Palmer's bad faith conduct has also caused courts to revoke Mr. Palmer's privilege to represent objectors.  In *Arthur v. Sallie Mae*, Mr. Palmer became aware that his *pro hac vice* application omitted the disciplinary infractions described above.  Mr. Palmer, however, did nothing to correct these omissions, even after he was squarely notified of the issue.  The court reacted understandably:

> This does not demonstrate candor with the court or that he took seriously the fact that he made a false statement under oath. Additionally, Mr. Palmer has apparently submitted false pro hac vice applications in at least three other cases.  As a final note, the false statement in the pro hac vice application is not the only misrepresentation Mr. Palmer has made to the court. . . . As will be further discussed today, Mr. Palmer made several other misrepresentations in his motions for attorneys' fees.  These misrepresentations confirm my conclusion that the court sanction Mr. Palmer by revoking his admission in this case.[14]

These rebukes have done little to deter Mr. Palmer from his pattern of vexatious litigation behavior; a mere five months ago, Palmer was held in civil contempt and subjected to monetary sanctions of $9,254.11 for litigation misconduct.[15]

In light of this history, it should be presumed that Mr. Palmer's instant appeal is nothing more than an attempt to satiate his self-proclaimed objection "hobby."  Meanwhile, tens of thousands of class members await their lawful remedies under the settlement agreement and administration costs continue to rise.  It is abundantly clear that Mr. Palmer does not represent the interests of the class.

---

[14] *Arthur v. Sallie Mae, Inc.*, No. C10-198JLR, Transcript of Proceedings, Sept. 14, 2012, at 11 (W.D. Wash. Sept. 14, 2012).

[15] *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 289 F.R.D. 548 (N.D. Cal. 2013).

**B.    Three of the Four Appellant-Objectors Appear to Lack Standing and May Be Not Class Members.**

Three out of the four appellant-objectors—Mike Sturdivant, Patricia Sturdivant, and Susan Forsyth—are coastal Florida residents who live within Zone A.  Residence in Zone A, however, is necessary but not sufficient to establish class standing.  To qualify for class membership based upon one's residency, an individual must establish proof of residence and produce a declaration attesting to the physical conditions suffered within the applicable time frame set forth in the agreement.[16]  In addition, Zone A Residents must produce at least some additional corroborating information.[17]  Mike Sturdivant, Patricia Sturdivant, and Susan Forsyth have submitted proof of residency, but none of these individuals have produced the declaration required by the settlement or the corroborating proof.  Therefore, these appellant-objectors have not established that they are members of the class and, as such, lack standing to raise objections to the class settlement.

**III.    Legal Argument**

Rule 7 of the Federal Rules of Appellate Procedure provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  The Rule's purpose is to protect "an appellee against the risk of nonpayment by an unsuccessful appellant."[18]  A district court has discretion both to

---

[16] *See* MEDICAL BENEFITS SETTLEMENT AGREEMENT, Ex. 8 [DOC. 6427-10].

[17] *Id.*

[18] *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008); *In re AOL Time Warner, Inc.*, MDL No. 1500, 02 CV 5575, 2007 WL 2741033, at *2 (S.D.N.Y. Sept. 20, 2007); *see also In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-MD 2247, 2012 WL 3984542, at *2 (D. Minn. Sept. 11, 2012) (explaining that an appeal bond is intended to provide "some level of security to Lead Plaintiffs who have no assurances that Appellants have the ability to pay costs and fees associated with opposing their appeals" (internal quotations omitted)).

6

decide whether an appeal bond is necessary and in what amount.[19]  Further, an appeal bond is

"often required on appeals of class action settlements . . . because the appeal effectively stays the

entry of final judgment, the claims process, and payment to all class members."[20]  Several factors

guide the district court's exercise of its discretion to impose an appeal bond: (1) whether the

bond is "necessary to ensure adequate security";[21] (2) the risks that the appellant will not pay the

costs if it loses the appeal;[22] (3) the appellant's financial ability to post the bond;[23] and (4)

whether the amount of the bond will effectively preclude pursuit of the appeal.[24]  Some courts

also weigh whether an appellant has acted in bad faith or with vexatious conduct.[25]  In the instant

matter, each of these factors weighs in favor of the Medical Benefits Class' Motion.

> A.    **A Bond is Necessary to Ensure Adequate Security and There is a Significant Risk Appellants Would Not Pay Costs Should They Lose Their Appeal.**

A bond is necessary to ensure that the professional objector, Mr. Palmer, and his clients,

provide appellees with adequate security.  Mr. Palmer has a track record of pursuing an appeal of

a class settlement, only to abruptly dismiss the appeal prior to its resolution by the court of

appeals.[26]  Courts have recognized that collecting costs in such a scenario is exceedingly

---

[19] *See* FED. R. APP. P. 7 advisory committee's note; *see also Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002).

[20] *In re Uponor*, 2012 WL 3984542, at \*2 (citing *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998), and *Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986, 2006 WL 1132371, at \*18 (S.D. Fla. Apr. 7, 2006)).

[21] *In re Diet Drugs Prods. Liab. Litig.*, MDL 1203, Civ. No. 99-20593, 2000 WL 1665134, at \*5 (E.D. Pa. Nov. 6, 2000).

[22] *In re Initial Public Offering Sec. Litig.*, 728 F. Supp. 2d 289, 292 (S.D.N.Y. 2010).

[23] *Id.*; *see also In re Uponor*, 2012 WL 3984542, at \*2.

[24] *In re Diet Drugs*, 2000 WL 1665134, at \*5.

[25] *In re Uponor*, 2012 WL 3984542, at \*2; *Berry v. Deutsche Bank Trust Co. Americas*, 632 F. Supp. 2d 300, 307 (S.D.N.Y. 2009).

[26] *See, e.g., In re Aurora Dairy Corp. Organic Milk Mktg. & Sales Practice Litig.*, No. 13-1745 (8th Cir. 2013); *Strohlein v. AT&T Mobility, LLC*, No. 11-2522 (7th Cir. 2011); *In re Midland Nat'l Life Ins. Co.*, No. 11-55432 (9th Cir. 2011).

difficult, and warrants imposition of an appeal bond.[27]  Indeed, many courts have recognized that the hostage-taking behavior engaged in by professional objectors is reason enough to require a bond.[28]

Moreover, any costs award following an unsuccessful appeal will be assessed against appellant-objectors, not Mr. Palmer.[29]  Because the appellant-objectors have made no representation that they themselves will pay the costs if they are unsuccessful on appeal, a bond is necessary to provide appellees security.[30]  In addition, each of the appellant-objectors resides outside of this district.  If costs are awarded against them, Class Counsel will be forced to institute collections processes in Florida to recoup costs.  This is yet another reason to require bond security up front.[31]

Finally, it does not even appear that three of the four appellant-objectors have standing to appeal this Court's approval order.  Where non-class member objectors insist on appealing a district court order approving a class settlement, courts have considered such behavior to be

---

[27] *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, MDL 1735, No. 2:06-CV-00225, 2010 WL 786513, at *1 (D. Nev. Mar. 8, 2010).  Furthermore, as noted by another court, dismissal of a pending appeal by appellant objectors may also indicate that an appeal is driven by counsel, not the actual objector.  If this is the case, a bond is all the more required, for an objector's lack of personal interest in an appeal unsuccessfully proffered on his or her behalf presents a risk of non-payment.  *See Dewey v. Volkswagen of Am.*, Nos. 07-2249, 07-2361, 2013 WL 3285105, at *3 (D.N.J. Mar. 18, 2013).

[28] *See, e.g.*, *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004); *In re Initial Public Offering*, 728 F. Supp. 2d at 295; *In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practice Litig.*, 695 F. Supp. 2d 157, 167 (E.D. Pa. 2010); *Barnes v. FleetBoston Fin. Corp.*, No. 01-10395, 2006 WL 6916834, at *2 (D. Mass. Aug. 22, 2006); *Conroy v. 3M Corp.*, 00-cv-2810, Order Granting Plaintiffs' Motion for Appellate Bond (ECF No. 265, N.D. Cal. Aug. 10, 2006); *In re Heritage Bond Litig.*, MDL No. 02-MD-1475 DT, 2005 WL 2401111, at *7 (C.D. Cal. Sept. 12, 2005); *In re Diet Drugs*, 2000 WL 1665134, at *5.

[29] FED. R. APP. P. 39(a)(1).

[30] *Dewey v. Volkswagen of Am.*, 2013 WL 3285105, at *3; *In re Currency Conversion Fee Antitrust Litig.*, MDL 1409, Civ. No. M 21-95, 2010 WL 1253741, at *2 (S.D.N.Y. Mar. 5, 2010).

[31] *See Dewey*, 2013 WL 3285105, at *3; *In re Initial Public Offering Sec. Litig.*, 721 F. Supp. 2d 210, 213 (S.D.N.Y. 2010).

evidence of bad faith and vexatious conduct.[32]  This fact makes it all the more necessary to impose an appeal bond to cover Class Counsels' costs.

In short, the first two factors weigh in favor of requiring that the appellant-objectors post an appeal bond.

**B.      There is No Evidence that Appellant-Objectors are Unlikely to Possess the Financial Means to Post a Bond.**

Where there is "no indication that [a] plaintiff is financially unable to post bond . . . this factor weighs in favor of a bond."[33]  In other words, courts presume that appellant-objectors are financially capable of posting a bond unless they demonstrate otherwise.[34]  The record contains no indication that either the objectors or Mr. Palmer is unable to post a reasonable bond.  As one court has recently explained, "[s]ilence on this topic is sometimes construed as showing that the appellant is not arguing it lacks an ability to post a bond."[35]  Absent evidence of undue financial hardship, this factor favors imposition of an appeal bond.

**C.      The Amount of the Requested Bond Will Not Effectively Preclude Pursuit of the Appeal.**

When fixing the amount of an appeal bond, the court should require a sum that covers costs that are potentially recoverable.[36]  Recoverable costs are those that may be charged to the losing litigant under Rule 39.[37]  Such costs include those incurred to prepare and transmit the

---

[32] *See In re Uponor*, 2012 WL 3984542.

[33] *Fleury*, 2008 WL 4680033, at *7.

[34] *See Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) (explaining that "without any showing of [appellant's] financial hardship," the imposition of a bond is "not an impermissible barrier to appeal"); *In re Initial Public Offering*, 721 F. Supp. 2d at 213.

[35] *Dewey*, 2013 WL 3285105, at *3 (citing *In re AOL Time Warner Inc., SEC, and ERISA Litig.*, MDL 1500, Civ. No. 02-5575, 2007 WL 2741033, at *2 (S.D.N.Y. Sept. 20, 2007, and *Baker v. Urban Outfitters*, Civ. No. 01-5440, 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006)).

[36] *Id.* at *4

[37] *Id.* (citing cases).

record, costs to obtain necessary transcripts, printing costs, copying costs, and other administrative costs.[38]  District courts overseeing large class action settlements regularly impose bonds for appeal-related costs of $25,000.[39]  Many courts overseeing class action settlements have imposed bonds of far greater magnitude.[40]

The Medical Class requests that the appellant-objectors post an appeal bond of $50,000. Such an amount is reasonable given the circumstances of this case.  The Medical Benefits Settlement Class consists of as many as 200,000 members.  Many of these individuals were clean-up personnel injured during the spill remediation efforts.  With each day that passes, these individuals are denied remedies that would assist them as they make efforts to regain and maintain a full and healthy recovery.  After all, many of the benefits provided by the settlement, such as the Periodic Medical Consultation Program, are non-remunerative in nature, and aim at improving the health and wellness of those affected by the spill.  The Court should impose a bond that sufficiently reflects these compelling circumstances.

Not only is the sum requested reasonable, but it is also an accurate reflection of Class Counsels' estimated costs.  Class Counsel is composed of eighteen court-appointed law firms, and the record on appeal is massive.  Costs have already reached several thousand dollars, and they will only grow.  It is not unreasonable that thousands more in costs will accrue between the

---

[38] *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 196063, at *2.

[39] *In re Uponor*, 2012 WL 3984542, at 3; *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063, at *2-3; *In re Diet Drugs*, 2000 WL 1665134, at *4-5.

[40] *See, e.g.*, *In re Cardizem*, 391 F.3d at 816-17 (affirming district court's imposition of $50,000 bond on serial objector); *In re Uponor*, 2012 WL 3984542, at *6 (imposing bond of $170,000); *Barnes*, 2006 WL 6916834, at *3 (imposing bond of $645,111 on serial objectors); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 2010 WL 786513, at *2 (imposing aggregate bond of $1.5 million on serial objectors); *Conroy*, 00-cv-2810, Order Granting Plaintiffs' Motion for Appellate Bond (ECF No. 265, N.D. Cal. Aug. 10, 2006) (imposing bond of $431,167 on several serial objectors); *Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986, 2006 WL 1132371, at *18 (S.D. Fla. Apr. 7, 2006) (imposing bond of $13,500,000 on serial objectors).

filing of the instant Motion and termination of this litigation.  Further, appellant-objectors should be jointly and severally responsible for this bond payment.[41]  This will permit the four appellant-objectors to share the financial burden, which increases the ability of each individual to post an appropriate bond.[42]

In sum, the Medical Class submits that an appeal bond of $50,000 should be required.  If the Court finds that appellant-objectors are jointly and severally responsible for this sum, each would only be required to post the modest sum of $12,500.  Such sum is reasonable under the circumstances, and an appeal bond of this magnitude will protect the interests of the class by ensuring that the four appellant-objectors have the means to pay the costs and fees associated with their appeal.

## IV.    Conclusion

For the reasons set forth above, the Medical Benefits Settlement Class respectfully requests that Mike Sturdivant, Patricia Sturdivant, James H. Kirby IV, and Susan Forsyth be required to post a Rule 7 appeal bond of $50,000.

This 2nd day of August, 2013.

Respectfully Submitted,


_____/s/ Stephen J. Herman_____          _____/s/ James Parkerson Roy_____
Stephen J. Herman, La. Bar No. 23129      James Parkerson Roy, La. Bar No. 11511
HERMAN HERMAN KATZ LLC               DOMENGEAUX WRIGHT ROY &
820 O'Keefe Avenue                              EDWARDS LLC
New Orleans, Louisiana 70113                  556 Jefferson Street, Suite 500
Telephone: (504) 581-4892                      Lafayette, Louisiana 70501

---

[41] *See In re Uponor*, 2012 WL 3984542, at *2 (court has discretion to make objectors jointly and severally liable for bond payment); *In re Ins. Brokerage Antitrust Litig.*, Civ. No. 04-5184, 2007 WL 1963063, at *3 (D.N.J. July 2, 2007) (same).

[42] *See In re Uponor*, 2012 WL 3984542, at *2 (concluding that bond was appropriate where multiple objectors could share costs).

Fax No. (504) 569-6024                          Telephone: (337) 233-3033
E-Mail: sherman@hhkc.com                        Fax No. (337) 233-2796
                                                E-Mail: jimr@wrightroy.com
*Co-Lead Medical Benefits Class Counsel*        *Co-Lead Medical Benefits Class Counsel*

## MEDICAL BENEFITS CLASS COUNSEL

Joseph F. Rice                                  Conrad S.P. "Duke" Williams
MOTLEY RICE LLC                                 WILLIAMS LAW GROUP
28 Bridgeside Blvd.                             435 Corporate Drive, Suite 101
Mount Pleasant, SC 29464                        Maison Grand Caillou
Office:  (843) 216-9159                         Houma, LA 70360
Telefax: (843) 216-9290                         Office:  (985) 876-7595
E-Mail:  jrice@motleyrice.com                   Telefax: (985) 876-7594
                                                E-Mail:  duke@williamslawgroup.org


Brian H. Barr                                   Robin L. Greenwald
LEVIN, PAPANTONIO, THOMAS,                      WEITZ & LUXENBERG, PC
MITCHELL, ECHSNER & PROCTOR, PA                 700 Broadway
316 South Baylen St., Suite 600                 New York, NY  10003
Pensacola, FL 32502-5996                        Office:  (212) 558-5802
Office:  (850) 435-7045                         Telefax: (212) 344-5461
Telefax: (850) 436-6187                         E-Mail:  rgreenwald@weitzlux.com
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit                                Rhon E. Jones
BREIT DRESCHER IMPREVENTO &                     BEASLEY, ALLEN, CROW, METHVIN,
WALKER, P.C.                                    PORTIS & MILES, P. C.
999 Waterside Drive, Suite 1000                 218 Commerce St., P.O. Box 4160
Norfolk, VA 23510                               Montgomery, AL 36104
Office:  (757) 670-3888                         Office:  (334) 269-2343
Telefax: (757) 670-3895                         Telefax: (334) 954-7555
E-Mail: jbreit@bdbmail.com                      E-Mail:  rhon.jones@beasleyallen.com

Elizabeth J. Cabraser                           Matthew E. Lundy
LIEFF, CABRASER, HEIMANN &                      LUNDY, LUNDY, SOILEAU & SOUTH,
BERNSTEIN, LLP                                  LLP
275 Battery Street, 29th Floor                  501 Broad Street
San Francisco, CA  94111-3339                   Lake Charles, LA  70601
Office:  (415) 956-1000                         Office:  (337) 439-0707
Telefax: (415) 956-1008                         Telefax: (337) 439-1029
E-Mail:  ecabraser@lchb.com                     E-Mail:  mlundy@lundylawllp.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

**<u>CERTIFICATE OF SERVICE</u>**

We hereby certify that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this <u>2nd</u> day of <u>August,</u> <u>2013</u>.


_____ /s/ Stephen J. Herman and James Parkerson Roy

14