UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|                                                 |   |                          |
|-------------------------------------------------|---|--------------------------|
| IN RE: OIL SPILL by the OIL RIG                 | * | MDL NO. 2179 "J"(1)      |
| "DEEPWATER HORIZON" in                          | * |                          |
| the GULF OF MEXICO, on                          | * | JUDGE BARBIER            |
| APRIL 20, 2010                                  | * |                          |
|                                                 | * | MAGISTRATE SHUSHAN       |
|                                                 | * |                          |
| **THIS DOCUMENT APPLIES TO:**                   | * | **JURY TRIAL DEMANDED**  |
| **Case No. 12-311**                             | * |                          |
|                                                 | * |                          |

**LIBERTY INTERNATIONAL UNDERWRITERS, INC.'S
SUPPLEMENTAL BRIEF TO ITS RULE 72 APPEAL OF
THE MAGISTRATE'S JULY 22, 2013 DISCOVERY ORDER**

Liberty International Underwriters, Inc. ("LIU") submits this Supplemental Brief
to its Rule 72 Appeal of the Magistrate's July 22, 2013 Discovery Order. The recent deposition
testimony of a Cameron International ("Cameron") employee and Cameron's own supplemental
productions further confirm Cameron had no basis to withhold most of its communications with
Marsh USA, Inc. ("Marsh"). Based on this evidence and the materials previously submitted, the
Court should reverse the Discovery Order in part, and require an *in camera* review of the
remaining Marsh documents withheld by Cameron.

## ARGUMENT

On July 30, 2013 and August 2, 2013, Cameron produced an additional 38 Marsh
communications that it now admits are not privileged.[1]  This production was similar to

---

[1] Cameron's supplemental production was made just hours and days before two long
scheduled depositions, one of Cameron's risk manager, Tony Black, and the other of
Cameron's vice-president and associate counsel, Brad Eastman. Such discovery tactics
should not be condoned.

1

Cameron's withdrawal of privilege on two documents it determined were actually not privileged *after* LIU filed its motion to compel. (R. Doc. 10888-2 at 3). Like the two documents produced by Cameron on July 10, the 38 documents produced on July 30 and August 2 had absolutely no basis for being withheld on grounds of privilege. Every one of the 38 produced documents is a routine business communication, including many between non-lawyers. Recent deposition testimony establishes as much. Just last week, Cameron's risk manager, Tony Black, testified that the services Marsh agreed to provide in the regular course of its business included assisting Cameron with settlement of claims by assisting in insurer negotiations, coordinating meetings with insurers and answering coverage questions, the very activities Marsh was doing here which Cameron now says creates a privilege. *See* Depo of Tony Black, 55-56. For example, CIC 25371, CIC 25373, and CIC 25336 are routine business communications between Marsh's Stephen Fraser and Cameron's CFO Chuck Sledge, both non-lawyers, pertaining to routine services Marsh agreed to provide. *See* Exh. A. Even certain emails that include Cameron's in house counsel Brad Eastman and coverage counsel Mitchell Auslander are routine business communications. *See* CIC 25331, CIC 25332, attached as Exh. B.

Moreover, as recent deposition testimony established, Cameron had no basis to withhold some documents in the first place and did not bother to check with its employees to confirm a basis to claim privilege on the Marsh documents. In his July 31, 2013 deposition, Tony Black, Cameron's risk manager and an integral player in the LIU-Cameron dispute, was asked about CIC 24731, one of the documents over which Cameron initially claimed privilege, but later withdrew the claim on July 10, 2013. (R. Doc. 10888-2 at 53). This document, a

2

November 3, 2013 email, was sent by Mr. Black to Rusty Lee of Marsh, both non-lawyers, on a date before Cameron contends it anticipated litigation. Mr. Black conceded that no one had asked him whether the document was privileged or whether the email involved facilitation of legal services, the basis Cameron has urged for withholding the Marsh documents. *See* Deposition of Tony Black 206:20-25, 207:11-18, attached as Exh. C. Mr. Black had not even *seen* the document since November 3, 2011. *Id.* at 208:11-13. Mr. Black's testimony shows Cameron had no good-faith basis to withhold this document and likely others. None of the belatedly produced documents should ever have been withheld. In order to ensure that Cameron has correctly claimed privilege, the Court should require an *in camera* review of all remaining documents on Cameron's privilege log. Such an order should not unnecessarily burden the Court since Cameron has now produced an additional 38 out of the remaining 204 documents.

## CONCLUSION

The Discovery Order, in part, is unsupported, contrary to law, and clearly erroneous. The Magistrate should conduct an *in camera* review of the remaining 166 documents for privilege. This Court should reverse in part.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

and

889399_1

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Gary L. Pate, PRO HAC VICE
Federal I.D. 29713
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Attorneys for Liberty International
   Underwriters, Inc.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of August, 2013.

/s/ Judy Y. Barrasso

889399_1