IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to all actions. | * * * * * * * | Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

**BP'S RENEWED MOTION FOR A PRELIMINARY INJUNCTION TO SUSPEND PAYMENTS FROM THE COURT SUPERVISED SETTLEMENT PROGRAM PENDING JUDGE FREEH'S INVESTIGATION AND REPORT**

Following the discovery of additional evidence of problems in the Court Supervised Settlement Program ("CSSP")—including allegations that CSSP employees have been able to cause the approval and payment of improper claims—BP respectfully renews its request for a temporary pause in payments from the CSSP until the Court-appointed Special Master Louis Freeh completes his investigation and issues his final report.  In support thereof, BP states as follows:

1. After discovering apparent wrongdoing by two senior attorneys for the CSSP, BP previously moved for preliminary injunctive relief on July 16, 2013.  The Court denied BP's motion, relying, in part, on the protections of the claims appeal process and the uncertainty that any claims actually had been improperly calculated and paid.  *See* July 19, 2013 H'rg Tr. at 9:9-10:17; 12:24–13:2; 50:1–3; 51:15–23.

2. Since the July 19 hearing, however, BP has learned of new evidence that addresses both of these issues and indicates a potentially systemic, widespread problem at the CSSP.  *First*, BP now has discovered apparent improprieties within the appeals process itself—

specifically, the law firms of two Appeal Panelists were representing claimants and submitting claims on the firms' own behalf while the Panelists were issuing rulings over disputed claims. ***Second***, BP also has learned of evidence that individual CSSP employees (who allegedly received "referral" fees similar to those at issue in BP's prior motion) may have caused the CSSP to approve and pay improper claims. Specifically, BP learned through its fraud hotline of allegations that an employee in the Mobile, Alabama Claims Center assisted claimants in submitting fraudulent subsistence claims in exchange for payment of a portion of settlement awards for those claims.

3. These new incidents demonstrate a fundamental lack of oversight or internal controls. When BP first asked for a preliminary injunction, it had compelling evidence of one scheme only. Now, the evidence shows the existence of "a systemic or widespread problem" with the CSSP. July 19, 2013 Hr'g Tr. at 58:20–25. Therefore, BP renews its request for a preliminary injunction seeking modest, temporary relief. Whatever deficiencies the Court perceived in BP's initial showing, the evidence now clearly supports the relief that BP seeks. *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 568−69 (5th Cir. 2010) (citation omitted) (stating requirements for preliminary injunctive relief). First, by not instituting simple prophylactic measures or controls, the CSSP, and the Claims Administrator, have failed to act with the "care, skill, prudence and diligence" of a "prudent person" and therefore breached their fiduciary duties to BP. DEL. CODE ANN. tit. 12, § 3302; *see Riggs Nat'l Bank v. Zimmer*, No. 3886, 1977 WL 5316, at *14–15 (Del. Ch. Nov. 30, 1977); *Brady v. Capital Grp., Inc.*, No. 91-3873, 1992 WL 46337, at *2 (E.D. La. Mar. 4, 1992). Second, BP will be irreparably harmed by any fraudulent payments made as a result of the lack of internal controls and processes at the CSSP. *See Janvey v. Alguire*, 647 F.3d 585, 599–60 (5th Cir. 2011)

(rejecting the argument that "difficulty securing economic damages is insufficient to demonstrate irreparable harm"). Third, the temporary pause serves the public interest because preventing even the *risk* of fraudulent payments is in the public's interest and sends a clear message to future litigants that misconduct in settlement programs will not be tolerated. Finally, any short delay in CSSP payments is outweighed by the potential harm to BP if fraudulent payments are made.

4. While BP has been informed by the CSSP that it was aware of the conflicts of interest of the two Appeal Panelists, and while the CSSP has apparently taken limited remedial steps in response, the CSSP failed to disclose these pertinent and troubling issues to BP until confronted by the newly discovered facts. While the conflicts and the alleged misconduct at Mobile are indicative of a lack of internal controls and oversight, the CSSP's failure to disclose these failings to BP is equally troubling.

5. In light of this additional evidence of apparent conflicts, likely improper payments, and lack of proper oversight, BP submits that the prudent course is to briefly pause CSSP payments until Judge Freeh completes his investigation and issues his final report.

WHEREFORE, for the reasons set forth above, and considering such other arguments and evidence as may properly come before the Court, BP respectfully requests that the Court enter a preliminary injunction temporarily suspending all payments from the CSSP until Judge Freeh completes his investigation and issues his final report.

| | |
|---|---|
| James J. Neath<br>Mark Holstein<br>BP AMERICA INC.<br>501 Westlake Park<br>Boulevard Houston, TX 77079<br>Telephone: (281) 366-2000<br>Telefax: (312) 862-2200<br><br>Daniel A. Cantor<br>Andrew T. Karron<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, NW<br>Washington, DC 20004<br>Telephone: (202) 942-5000<br>Telefax: (202) 942-5999<br><br>Jeffrey Lennard<br>Keith Moskowitz<br>DENTONS US LLP<br>233 South Wacker Drive<br>Suite 7800<br>Chicago, IL 60606<br>Telephone: (312) 876-8000<br>Telefax: (312) 876-7934<br><br>*OF COUNSEL* | Respectfully submitted,<br><br>  /s/ *Richard C. Godfrey, P.C.*<br>J. Andrew Langan, P.C.<br>David J. Zott, P.C.<br>Jeffrey J. Zeiger<br>Wendy L. Bloom<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br>Telefax: (312) 862-2200<br><br>Jeffrey Bossert Clark<br>Steven A. Myers<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Telefax: (202) 879-5200<br><br> */s/ Don K. Haycraft*<br>S. Gene Fendler (Bar #05510)<br>Don K. Haycraft (Bar #14361)<br>R. Keith Jarrett (Bar #16984)<br>LISKOW & LEWIS<br>701 Poydras Street, Suite 5000<br>New Orleans, Louisiana 70139<br>Telephone: (504) 581-7979<br>Telefax: (504) 556-4108<br><br>Robert C. "Mike" Brock<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: (202) 662-5985<br>Telefax: (202) 662-6291 |

**ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.<br>AND BP AMERICA PRODUCTION COMPANY**

4

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of August, 2013.

                                                                     /s/ Don K. Haycraft
                                                                     Don K. Haycraft