# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * * | **MDL NO. 2179** <br> **SECTION J** |
| **This document relates to all actions.** | * * * * * * * | **HONORABLE CARL J. BARBIER** <br> **MAGISTRATE JUDGE SHUSHAN** |

### Declaration of Keith Moskowitz

I, Keith Moskowitz, hereby declare and state as follows:

1. I am over the age of 21 years and a resident of the State of Illinois. Unless otherwise stated, I have personal knowledge of the facts set forth herein and, if called to do so, could testify truthfully thereto.

2. I am a Partner at the law firm of Dentons US LLP and am one of the attorneys representing BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") in connection with the Economic and Property Damages Settlement Agreement ("Settlement Agreement"). My responsibilities in connection with this representation include working with the Claims Administrator Patrick Juneau and the Court Supervised Settlement Program ("Settlement Program"), as well as other employees of the Settlement Program, on the implementation and administration of the Settlement Agreement.

3. Since the inception of the Settlement Program and continuing to date, I have had frequent and regular contact and interaction with the Claims Administrator, the Settlement Program and its employees, and Class Counsel on claims implementation and administration issues. I have had in person and/or telephonic meetings with the Claims Administrator and/or representatives of the Settlement Program since the CSSP's inception June 2012. Through these in-person and telephonic meetings, I have communicated and interacted with the Settlement Program on essentially every aspect of the implementation and administration of the Settlement Agreement.

4. I am familiar with the appeals process described in Section 6 of the Economic and Property Damages Settlement Agreement, whereby Appeal Panelists hear appeals from the CSSP claims determinations. The CSSP manages the operation of the appeals process, including conducting the panelist assignments, issuing rules on the operation of the appeals process, and handling all billing and compensation for panel members. The Claims Administrator also adopted a policy that provides that appeal panelists issue their opinions anonymously. Within the last week, I (and BP) learned that two Appeal Panelists who were partners at Louisiana law firms served as Appeal Panelists while their law firms represented claimants before the CSSP

and whose law firms also filed Business Economic Loss claims with the CSSP. I was informed of this information by a colleague at BP who reviewed invoices submitted by the Appeal Panelists' law firms and information in the CSSP's claims database.

5. After BP discovered the information described above regarding certain Appeal Panelists, on August 2, 2013, I and James Brown of Liskow & Lewis contacted Claims Administrator Patrick Juneau by telephone to discuss the matter.

6. During the August 2 phone conversation, Mr. Juneau confirmed the facts about the two Louisiana Appeal Panelists described in paragraph 4 above. He stated that he had previously learned that one of the Appeal Panelists was employed by a law firm that was representing claimants in the CSSP and that had submitted its own Business Economic Loss claim to the CSSP. According to Mr. Juneau, he reported the matter to the Magistrate Judge, the Magistrate Judge then raised the matter with this Appeal Panelist, and the Appeal Panelist resigned from his law firm and continued to serve as an Appeal Panelist.

7. Mr. Juneau also stated during the August 2 conversation that sometime after learning about the first Appeal Panelist's situation, he learned that the law firm of a second Appeal Panelist also represented claimants and had its own claim in the CSSP. Mr. Juneau indicated that he learned of this situation fairly recently, and stated that he had reported the matter to the Magistrate Judge, who, in turn, contacted the second Appeal Panelist. According to Mr. Juneau, he directed that the second Appeal Panelist be removed from the appeal panel rotation. Mr. Juneau advised Mr. Brown and me that he is waiting to hear back from the Magistrate Judge regarding this Appeal Panelist.

8. During the August 2 phone conversation, Mr. Juneau further stated that he had learned of a third Appeal Panelist whose wife had filed a claim in the CSSP. According to Mr. Juneau, he also reported this matter to the Magistrate Judge, following which the third Appeal Panelist withdrew from the panelist pool.

Dated: August 5, 2013

_____
Keith Moskowitz