UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
|     "DEEPWATER HORIZON" in | : | |
|     the GULF OF MEXICO, on | : | SECTION:  J |
|     APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| APPLIES TO:  No. 12-311 | : | |
| | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DAVID J. BECK'S OBJECTIONS TO SUBPOENA

Pursuant to Rules 26, and 45 of the Federal Rules of Civil Procedure, David J. Beck, one of the attorneys for Cameron International Corporation, serves the following objections Defendant Liberty Insurance Underwriters, Inc.'s Subpoena to Produce Documents, Information, Objections or to Permit Inspection of Premises in a Civil Action (the "Subpoena") directed to "David Beck."

                                                               Respectfully submitted,

                                                               */s/ David J. Beck*
                                                               David J. Beck
                                                                  *dbeck@brsfirm.com*
                                                               David W. Jones
                                                                  *djones@brsfirm.com*
                                                               BECK REDDEN LLP
                                                               1221 McKinney St., Suite 4500
                                                               Houston, TX 77010
                                                               Phone: (713) 951-3700
                                                               Fax: (713) 951-3720

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of August, 2013.

*/s/ David W. Jones*

David J. Beck ("Beck") objects and responds to the Subpoena and the document requests contained therein as follows:

## GENERAL OBJECTIONS

1. Beck objects to the Subpoena and the document requests contained therein on the grounds that it was served in an apparent attempt to circumvent Section I.C. of the June 19, 2013 Amended Case Management and Scheduling Order (Doc. 10427).

2. Beck objects to the Subpoena and the document requests contained therein on the grounds that Liberty Insurance Underwriters, Inc. failed to comply with its obligations under Fed. R. Civ. P. 45(c)(1) to avoid undue burden or expense.

3. Beck objects that some electronically stored information potentially responsive to the Subpoena and the document requests contained therein is not reasonably accessible because of undue burden or cost, pursuant to Fed. R. Civ. P. 45(d)(1)(D).

4. Beck objects to the definition of "You" and "your" to the extent that it includes other persons or entities.

5. Beck objects to Instruction No. 5 as imposing obligations not required under the Federal Rules of Civil Procedure.

6. Beck objects to Instruction No. 6 as imposing obligations not required under the Federal Rules of Civil Procedure.

**SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS**

1. **All documents reflecting communications between Cameron and its auditors, including but not limited to Ernst & Young LLP, regarding or concerning the Deepwater Horizon litigation through and including 2012.**

    Subject to the General Objections above which are incorporated by reference, Beck objects to this request on the grounds that it is overly broad and unduly burdensome. Beck also objects to this request on the grounds that it calls for the production of information protected by the attorney-client and work-product privileges. Beck further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

2. **All documents concerning or reflecting requests to amend, negotiations of, and amendment of any and all indemnification agreements between Cameron and Transocean.**

    Subject to the General Objections above which are incorporated by reference, Beck objects to this request on the grounds that it is overly broad and unduly burdensome. Beck also objects to this request on the grounds that it calls for the production of information protected by the attorney-client and work-product privileges. Beck further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

3. **All documents concerning Cameron's communications with any of its insurers regarding Cameron's negotiations to amend its indemnification agreements with Transocean.**

    Subject to the General Objections above which are incorporated by reference, Beck objects to this request on the grounds that it is overly broad and unduly burdensome. Beck also objects to this request on the grounds that it calls for the

production of information protected by the attorney-client and work-product privileges. Beck further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

4. **All documents and communications concerning Cameron's indemnity claim against Transocean in connection with the Deepwater Horizon Incident.**

Subject to the General Objections above which are incorporated by reference, Beck objects to this request on the grounds that it is overly broad and unduly burdensome. Beck also objects to this request on the grounds that it calls for the production of information protected by the attorney-client and work-product privileges. Beck further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

5. **All documents concerning Transocean's and BP's responses to Cameron's tender of defense and indemnity.**

Subject to the General Objections above which are incorporated by reference, Beck objects to this request on the grounds that it is overly broad and unduly burdensome. Beck also objects to this request on the grounds that it calls for the production of information protected by the attorney-client and work-product privileges. Beck further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

6. **All documents concerning Cameron's communications with Transocean's counsel regarding (a) Motion of Cameron International Corporation for Summary Judgment Denying All Claims Asserted by Transocean and Declaring Obligations of Transocean to Indemnify and Defend Cameron; (b) Transocean's response; and (c) BP's response.**

5

Subject to the General Objections above which are incorporated by reference, Beck objects to this request on the grounds that it is overly broad and unduly burdensome. Beck also objects to this request on the grounds that it calls for the production of information protected by the attorney-client and work-product privileges. Beck further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

7. **All documents concerning Cameron's communications with Transocean's counsel regarding Transocean's Motion for Partial Summary Judgment Against BP to Enforce BP's Contractual Obligations, Including BP's Obligation to Defend, Indemnify and Hold Transocean Harmless Against Pollution Claims.**

Subject to the General Objections above which are incorporated by reference, Beck objects to this request on the grounds that it is overly broad and unduly burdensome. Beck also objects to this request on the grounds that it calls for the production of information protected by the attorney-client and work-product privileges. Beck further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

8. **All documents concerning Cameron's exposure arising out of the Deepwater Horizon Incident.**

Subject to the General Objections above which are incorporated by reference, Beck objects to this request on the grounds that it is overly broad and unduly burdensome. Beck also objects to this request on the grounds that it calls for the production of information protected by the attorney-client and work-product privileges.

Beck further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**9.     All documents concerning Cameron's communications with its insurers concerning its claim for coverage for the Deepwater Horizon Incident.**

Subject to the General Objections above which are incorporated by reference, Beck objects to this request on the grounds that it is overly broad and unduly burdensome.  Beck also objects to this request on the grounds that it calls for the production of information protected by the attorney-client and work-product privileges. Beck further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.