# Exhibit A

# Martin, Disiere, Jefferson & Wisdom L.L.P.
## ATTORNEYS AT LAW

Niels Esperson Building • 808 Travis Street • 20th Floor • Houston, Texas 77002
Phone: 713-632-1700 • Fax: 713-222-0101 • www.mdjwlaw.com

Lana C. Reed
Paralegal
Direct: (713) 632-1784
Email: lanar@mdjwlaw.com

July 26, 2013

Steven L. Roberts                                               *Via Messenger*
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002-6760

Steve,

    Enclosed please find Defendant Liberty Insurance Underwriters, Inc.'s Deposition Subpoena and Notice of Intent to Take the Oral and Videotaped Deposition of One or More Corporate Representatives of Transocean Offshore Deepwater Drilling, Inc.

Very truly yours,

MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.

*Lana C. Reed*

Lana C. Reed
Paralegal to Gary L. Pate

Cc:    Mitchell Auslander via email mauslander@wilkie.com
        Jeffrey Korn via email jkorn@wilkie.com
        Hayley Tozeski via email jtozeski@wilkie.com
        James Caputo via email jcaputo@wilkie.com
        Willkie Farr & Gallagher LLP
        787 Seventh Avenue
        New York, N.Y. 10019-6099

        Carmelite Bertaut via email cbertaut@stonepigman.com
        Stone Pigman Walther Wittman LLC
        546 Carondelet Street
        New Orleans, Louisiana 70130

        Judy Barrasso via email jbarraso@barrassousdin.com

        Catherine F. Giarrusso via email cgiarrusso@barrassousdin.com

        Christopher W. Martin [Firm]

        Robert G. Dees [Firm]



## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * | MDL NO. 2179 SECTION J JUDGE BARBIER MAG. JUDGE SUSHAN |
| THIS DOCUMENT APPLIES TO: No. 12-00311 | * * | JURY TRIAL DEMANDED |

**DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S
DEPOSITION SUBPOENA AND NOTICE OF INTENT
TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION
OF ONE OR MORE CORPORATE REPRESENTATIVES
OF TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.**

**PLEASE TAKE NOTICE** that Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and in accordance with Pre-Trial Order Nos. 13 and 51 which are attached hereto, Defendant Liberty Insurance Underwriters, Inc. ("Liberty") through its attorneys will take the deposition of a Corporate Representative or Corporate Representatives of Non-Party Transocean Offshore Deepwater Drilling, Inc. ("Transocean"), concerning the topics set forth in Schedule A. The deposition will take place beginning at 10 a.m. on Tuesday, August 6, 2013, at:

> Sutherland Asbill & Brennan LLP
> 1001 Fannin Street, Suite 3700
> Houston, Texas 77002-6760

The deposition will continue from day to day until completed. The deposition will be conducted before a Notary Public, court reporter, or other qualified officer authorized by law to administer oaths and record testimony by both videotape and stenographic means. <u>The deposition will be videotaped.</u>

00993175 DOCX

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, a copy of the Rule is attached for your reference, Transocean shall designate one or more representatives, officers, directors, managing agents or other persons who consent to testify on its behalf to be examined on the matters set forth in Schedule A attached hereto and incorporated herein.

Respectfully submitted,

/s/ Judy Y. Barrasso
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

and

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Gary L. Pate, PRO HAC VICE
Federal I.D. 29713
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Attorneys for Liberty
International Underwriters, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of July, 2013.

/s/ *Judy Y. Barrasso*

## SCHEDULE A

### Deposition Topics

1. Transocean's history and experience with indemnification agreements in the oil and gas industry; and whether indemnification agreements between contracting parties in the oil and gas industry are used to shift significant risks of loss among the contracting parties.

2. Cameron International Corporation's ("Cameron") claim and demand for indemnification against Transocean in the New Orleans Oil Spill MDL No. 2179.

3. Transocean's response and position concerning Cameron's demand for indemnity under the Master Service Agreement between Cameron and R& B Falcon Drilling, the predecessor in interest to Transocean

4. Indemnification agreements contained in the Master Service Agreement dated September 28, 2000 between Cameron and R& B Falcon Drilling, the predecessor in interest to Transocean for the Blowout Preventer used on the *Deepwater Horizon*.

5. Indemnification agreements contained in Purchase Order Terms & Conditions between Cameron and Transocean for the Blowout Preventer used on the *Deepwater Horizon*.

6. Transocean's decision to revise any indemnification contained in the Master Service Agreement Form during the year 2011.

7. Negotiations between Cameron International Corp. and Transocean for changes in the indemnification language, limits of liability language of the Master Service Agreement between Cameron and R& B Falcon Drilling, the predecessor in interest to Transocean and/or future agreements.

8. Knowledge of Cameron's settlement with BP in the *Deepwater Horizon* Litigation, including any communications with Cameron or BP regarding the settlement or settlement negotiations.

9. Cameron's motion for summary judgment against Transocean on claims of indemnification, Transocean's response and Cameron's dismissal of its Motion.

10. Discussions and/or negotiations between Cameron and Transocean regarding Cameron's dismissal of it motion for summary judgment against Transocean on claims of indemnification.

11. Transocean's claims and demand for indemnification from BP Exploration & Production, Inc. and BP America Production Company (collectively "BP") in the Oil Spill MDL.

12. Transocean's public reports for the time period 2010-2012 to the limited extent that such public reports addressed Cameron and/ or Transocean's indemnity agreements with respect to the Deepwater Horizon litigation.

# Exhibit B

## Olsen-LeGrand, Stephany

| | |
|---|---|
| **From:** | Roberts, Steven |
| **Sent:** | Thursday, July 25, 2013 2:24 PM |
| **To:** | Gary Pate |
| **Cc:** | Catherine F. Giarrusso (cgiarrusso@barrassousdin.com); cbertaut@stonepigman.com; jcaputo@wilkie.com; jkorn@wilkie.com; mauslander@wilkie.com; htozeski@wilkie.com; Robert Dees; Chris Martin; jbarrasso@barrassousdin.com; Olsen-LeGrand, Stephany; Williams, Carter; David J. Beck (dbeck@brsfirm.com); Brian, Brad; Kerry J. Miller (kmiller@frilot.com) |
| **Subject:** | RE: MDL 2179; In re: Oil Spill Litigation- Cameron vs. Liberty Insurance Underwriters, Inc. |
| **Attachments:** | 20130724170553_20130724_170835.pdf; Fifth Circuit Opinion in Insurance Appeal Declaratory Judgment Actions.pdf |

Gary

Enjoyed the call yesterday and appreciate the effort you've made to reduce/revise the deposition topic list. Unfortunately I can't agree to produced witnesses consistent with this draft (do you consider this the actual 30b6 notice?).

The dispute between Cameron and Liberty concerns the insurance policy issued by Liberty to Cameron. It is a contest over coverage and bad faith. It does not concern Transocean's contractual negotiations with Cameron or BP (unless Ive missed something in which case you, or any others copied, please let me know). As I discussed during our call, during my last 3.5yrs with Judges Barbier and Shushan it's become abundantly clear that they require parties to be laser focused on discovery......no rooting for acorns. I am hard pressed to understand how the history over the terms of any Cameron or BP contract with Transocean, or how the experiences of Transocean with indemnity in the oil and gas industry, are relevant to your insurance dispute. These objections cover request #'s 1,4, 5, 6, 7 and 11. Unless some party claims ambiguity in the master service agreements, the negotiations are irrelevant. Too, from Transocean's experience with its own underwriters in the declaratory judgment matter that is awaiting en banc consideration in the 5th Cir (a copy of the decision attached), it seems the circuit views the underlying master service agreement of less importance than the provisions of the insurance policy in a dispute between the insurer and insured. So unless further explanation is provided (and Im willing to hear all points of view), we'll not be producing a witness on these topics. In short, the contacts say what they say and unless what they say is ambiguous and ambiguity is a factual issue in your case, we have nothing further to add. And we do not believe the terms of the TO/Cameron agreements are ambiguous.

The other topics (#'s 2,3,8,9,10 and 12) arguably relate to the facts underlying your dispute. As I mentioned, I handled the indemnity issues with Cameron's counsel, Mr Beck (copied). There is no other "Transocean" representative with more knowledge. Unless Transocean objects, I will be the witness for those topics. But as we discussed, the nature of the deposition will be very limited as there is not much more to say than what's in the motions and email which you have. Certainly Mr Beck and I didn't conspire against Liberty. To my knowledge we never discussed Liberty or Cameron's insurance coverage. I found out about the Cameron/BP settlement just prior to the hearing of the MSJ on the Cameron / Transocean indemnity dispute.

Happy to discuss further with you or anyone else.

Best
s

Steven Roberts | *Partner* | 713.470.6192

---

**From:** Gary Pate [mailto:pate@mdjwlaw.com]
**Sent:** Wednesday, July 24, 2013 5:17 PM
**To:** Roberts, Steven; mauslander@wilkie.com; jkorn@wilkie.com; htozeski@wilkie.com; jcaputo@wilkie.com; cbertaut@stonepigman.com; jbarrasso@barrassousdin.com; Catherine F. Giarrusso (cgiarrusso@barrassousdin.com); Chris Martin; Robert Dees
**Cc:** Gary Pate
**Subject:** FW: MDL 2179; In re: Oil Spill Litigation- Cameron vs. Liberty Insurance Underwriters, Inc.

Counsel,

Please see attached letter regarding Liberty International Underwriters, Inc.'s request for the 30(b)(6) deposition of Transocean.

Thank you.

**Gary Pate | Partner**
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis, 20th Floor | Houston, Texas | 77002
Phone: (713) 632-1708 | Fax: (713) 222-0101
pate@mdjwlaw.com | www.mdjwlaw.com

DISCLAIMER: The Information contained in this electronic message (including any and all attachments) is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. It is intended only for the use of the owner of the e-mail address listed as the recipient of this message If you are neither the intended recipient nor the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.