UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig           MDL NO. 2179
    "Deepwater Horizon" in the Gulf
    of Mexico, on April 20, 2010          SECTION J

Applies to: *All Cases*                   JUDGE BARBIER
                                          MAGISTRATE JUDGE SHUSHAN

**ORDER**

**[Regarding Rule to Show Cause Why the Claims Administrator's
Proposed Third Quarter 2013 Budget Should not be Funded]**

On June 18, 2013, I attended a meeting at the request of the Claims Administrator. The meeting involved representatives of BP, Class Counsel, and the major vendors for the Court Supervised Settlement Program ("CSSP"). The meeting lasted all day and BP was given the opportunity to question the Claims Administrator and the vendors regarding the administration of the CSSP and the expenses incurred in running the program for which BP provides the funding.

On June 21, 2013, BP, through its managing attorney, Mark Holstein, wrote to Judge Carl Barbier and requested an examination of the CSSP for four reasons, one of which is applicable here: "significantly higher than expected administrative costs and expenses." BP complained that the CSSP is operating with high costs and low productivity and that the Claims Administrator's Office does not appear to employ an expense management plan.

On July 1, 2013, Pat Juneau, the Claims Administrator, replied to Mr. Holstein's letter. As an initial matter, the Claims Administrator pointed out that BP had not followed the provisions of the Settlement Agreement, specifically Section 4.3.4 whereby a three person Claims Administration Panel is convened to address and attempt to resolve unanimously any issues or disagreements that arise regarding the Claims Administrator's oversight responsibilities, settlement administration, or any other issues involving the settlement program. Only then will a dispute be brought to the Court

for resolution. Mr. Juneau points out that BP had not requested that a three person Claims Administration Panel be convened regarding the issue raised. Mr. Juneau, in his July 1st letter goes on to point out that the CSSP has operated in an open and transparent manner both to BP and Class Counsel who have always had the opportunity to raise concerns about the Claims Administrator's operations as they arise.

Mr. Juneau further points out that, since inception of the Program, the Claims Administration Office has submitted its budget to BP and to Class Counsel on a quarterly basis. While BP has at times made inquiries about specific vendor costs, it has never challenged or disapproved of the Claims Administrator's proposed budget. The Claims Administrator then, in the July 1st response, responds to each of the issues raised by Mr. Holstein.

On July 17, 2013, Robert Levine, Chief Financial Officer of the Claims Center, sent to BP the third quarter budget required for the Claims Administrator's operation for the third quarter 2013 (July 13-September 13). Mr. Levine advised that $128,654,584 was required to fund the third quarter budget. He further advised that the Administrative Fund would be out of money within 10 days (around the end of July).

It was not until August 5, 2013, that BP responded to Mr. Levine through its Director of Claims, Maria Travis. In her response, Ms. Travis states that the Claims Administrator's budget is subject to BP's reasonable approval. She states that "we continue to have significant concerns about CSSP's poor productivity and excessive costs," and "we request that the CSSP re-submit its 3rd quarter 2013 budget with appropriate documentation, analysis, metrics and explanatory notes to support each item in the budget request." Ms. Travis goes on to state that BP is not approving the budget request.

Of course, Ms. Travis' communication was sent after the date that the CSSP projected it would be out of money.

As pointed out by Mr. Juneau in his August 6, 2013 response to Ms. Travis, "[f]rom the start of the CSSP through the last quarter, BP has routinely granted these requests without delay."

It is with this backdrop that yesterday I ordered BP to show cause why the Claims Administrator's proposed third quarter budget should not be funded.

While Section 5.1.2.1.4 of the Settlement Agreement provides that the administrative budget is subject to the "reasonable approval" of the BP parties; in this instance, given the course of conduct between the Claims Administrator and BP in operating on a quarterly budgetary basis as a matter of routine, I find that the refusal to fund the third quarter 2013 budget is unreasonable.

While there has been discussion regarding deficiencies that BP perceives in the administration of the CSSP, there have not been any specific budgetary discussions as to how BP wants the budget prepared and submitted going forward. Because I find that BP's approval has been unreasonably withheld under the circumstances, BP is ordered to fund the third quarter 2013 budget in its entirety, such funding to occur **no later than Monday, August 12, 2013.** Further, going forward, the Claims Administrator shall submit its proposed quarterly budgets to the parties sixty (60) days prior to the quarter.[1]

---

[1] There is not sufficient time to comply with this prior to the fourth quarter (beginning September 14, 2013), but for the first quarter 2014 the Administrator will comply with this order.

Because this matter is of grave importance, any appeal of this order shall be made to Judge Barbier **by 2:00 p.m. today.** Such an appeal may be made by notifying the Judge's chambers and Judge Barbier will notify the parties as to how he wants to proceed.

New Orleans, Louisiana, this 7th day of August, 2013.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**