UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * MDL NO. 2179 "J"(1) * * JUDGE BARBIER * * MAGISTRATE SHUSHAN |
| THIS DOCUMENT APPLIES TO: Case No. 12-311 | * JURY TRIAL DEMANDED * |

### LIBERTY INTERNATIONAL UNDERWRITERS, INC.'S BRIEF IN COMPLIANCE WITH THE MAGISTRATE'S JULY 22, 2013 DISCOVERY ORDER

Liberty International Underwriters, Inc. ("LIU") submits this Brief in Compliance with the Magistrate's July 22, 2013 Discovery Order. R. Doc. 10808. Cameron International ("Cameron") has completed its review of the remaining Marsh documents it withheld, and has provided a revised privilege and redaction log. Pursuant to the Discovery Order, LIU now selects 5 documents for *in camera* review – CIC 3341, 517, 515, 446, and 662.

| Doc. No. | Date | Author | Recipient | Nature of Privilege Claim |
|---|---|---|---|---|
| CIC 3341 | 10/31/2011 | Kenney | Black | Attorney-Client |
| CIC 517 | 11/08/2011 | Fraser | Sledge | Attorney-Client/Work Product |
| CIC 515 | 11/08/2011 | Sledge | Fraser | Attorney-Client/Work Product |
| CIC 446 | 11/01/2011 | Kenney | Black, Eastman | Attorney-Client/Work Product |
| CIC 662 | 11/08/2011 | Fraser | Sledge | Attorney-Client/Attorney Work Product |

These documents should be produced. Four of these documents are communications written by and addressed to non-lawyers (on which an attorney was merely copied), and two are dated before Cameron supposedly anticipated litigation on November 7,

1

2011. Moreover, as shown below, Cameron's communications with Marsh were made in the course of Marsh's provisions of its routine services, which include assisting with claims, coordinating with insurers, and answering coverage questions. Cameron has not established a basis for a privilege to apply. Further, LIU respectfully requests that the Magistrate order Cameron to produce an unredacted version of a document relating to a proposed settlement with another insurer which is to be deposed next week in Bermuda. *See* CIC25375, Exh. A.

More importantly, LIU continues to believe that the Magistrate should conduct an *in camera* review of *all* remaining Marsh documents that Cameron has withheld.[1] There currently are only 166 remaining documents – a manageable number for review – and LIU's blind selection of 5 documents cannot ensure that Cameron has made the correct decision on each remaining document. Given that Cameron got it wrong on 30% of the first documents reviewed *in camera* and since then produced another 38 documents which never should have been withheld, the Magistrate reasonably should not rely on Cameron as the sole arbiter of the applicability of privilege to the remaining 166 documents. Recent deposition testimony of a Cameron employee and its own supplemental productions further establish that Cameron had no basis to withhold most of the Marsh documents.

On July 30, 2013 and August 2, 2013, Cameron produced an additional 38 Marsh documents that it now admits are not privileged.[2] This production was similar to Cameron's

---

[1] The Court denied LIU's appeal (R. Doc. 10951), but given the evidence herein, a full *in camera* review is appropriate.

[2] Cameron's supplemental production was made just hours and days before two long scheduled depositions, one of Cameron's risk manager Tony Black, and the other of Cameron's vice-president and associate counsel Brad Eastman.

2

withdrawal of privilege on two documents it determined were actually not privileged *after* LIU filed its motion to compel. R. Doc. 10888-2 at 3. Like the two documents produced by Cameron on July 10, the 38 documents produced on July 30 and August 2 had absolutely no basis for being withheld on grounds of privilege. Every one of the 38 produced documents is a routine business communication, including many between non-lawyers. Recent deposition testimony establishes as much. Just last week, Cameron's risk manager, Tony Black, testified that the services Marsh agreed to provide in the regular course of its business included assisting Cameron with settlement of claims by assisting in insurer negotiations, coordinating meetings with insurers and answering coverage questions, the very activities Marsh was doing here which Cameron now says creates a privilege.[3] *See* Depo. of Black, Exh. B at 55-56.

Moreover, as recent deposition testimony established, Cameron had no basis to withhold some documents in the first place, and did not bother to check with its employees to confirm a basis to claim privilege on the Marsh documents. In his July 31, 2013 deposition, Tony Black, Cameron's risk manager and an integral player in the LIU-Cameron dispute, was asked about CIC 24731, one of the documents over which Cameron initially claimed privilege, but later withdrew the claim on July 10, 2013. R. Doc. 10888-2 at 53. This document, a November 3, 2013 email, was sent by Mr. Black to Rusty Lee of Marsh, both non-lawyers, on a date before Cameron contends it anticipated litigation. Mr. Black conceded that no one had

---

[3] For example, CIC 25371, CIC 25373, and CIC 25336 are routine business communications between Marsh's Stephen Fraser and Cameron's CFO Chuck Sledge, both non-lawyers, pertaining to routine services Marsh agreed to provide. *See* Exh. C (under seal). Even certain emails that include Cameron's in-house counsel Brad Eastman and coverage counsel Mitchell Auslander are routine business communications. *See* CIC 25331, CIC 25332, attached as Exh. D (under seal).

asked him whether the document was privileged or whether the email involved facilitation of legal services, the basis Cameron has urged for withholding the Marsh documents. *See* Dep. of Black, Ex. A, at 206:20-25, 207:11-18. Mr. Black had not even *seen* the document since November 3, 2011. *Id.* at 208:11-13. Mr. Black's testimony shows Cameron had no good-faith basis to withhold this document and likely others. None of the belatedly produced documents should ever have been withheld.

In order to ensure that Cameron has correctly claimed privilege, LIU respectfully requests that the Magistrate conduct an *in camera* review of all remaining documents on Cameron's privilege log.

                                              Respectfully submitted,

                                              */s/ Judy Y. Barrasso*
                                              Judy Y. Barrasso, 2814
                                              Celeste Coco-Ewing, 25002
                                              BARRASSO USDIN KUPPERMAN
                                                FREEMAN & SARVER, L.L.C.
                                              909 Poydras Street, 24th Floor
                                              New Orleans, Louisiana 70112
                                              504.589.9700 (Telephone)
                                              504.589.9701 (Facsimile)

                                              and

                                              Christopher W. Martin, PRO HAC VICE
                                              Federal I.D. 13515
                                              Gary L. Pate, PRO HAC VICE
                                              Federal I.D. 29713
                                              808 Travis, Suite 1800
                                              Houston, Texas 77002
                                              713-632-1700 (Telephone)
                                              713-222-0101 (Facsimile)

                                              Attorneys for Liberty International
                                                  Underwriters, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of August, 2013.

/s/ *Judy Y. Barrasso*