# EXHIBIT C

**Gary Pate**

| | |
|---|---|
| **From:** | Roberts, Steven <Steven.Roberts@sutherland.com> |
| **Sent:** | Thursday, July 25, 2013 2:24 PM |
| **To:** | Gary Pate |
| **Cc:** | Catherine F. Giarrusso (cgiarrusso@barrassousdin.com); cbertaut@stonepigman.com; jcaputo@wilkie.com; jkorn@wilkie.com; mauslander@wilkie.com; htozeski@wilkie.com; Robert Dees; Chris Martin; jbarrasso@barrassousdin.com; Olsen-LeGrand, Stephany; Williams, Carter; David J. Beck (dbeck@brsfirm.com); Brian, Brad; Kerry J. Miller (kmiller@frilot.com) |
| **Subject:** | RE: MDL 2179; In re: Oil Spill Litigation- Cameron vs. Liberty Insurance Underwriters, Inc. |
| **Attachments:** | 20130724170553_20130724_170835.pdf; Fifth Circuit Opinion in Insurance Appeal Declaratory Judgment Actions.pdf |

Gary

Enjoyed the call yesterday and appreciate the effort you've made to reduce/revise the deposition topic list. Unfortunately I can't agree to produced witnesses consistent with this draft (do you consider this the actual 30b6 notice?).

The dispute between Cameron and Liberty concerns the insurance policy issued by Liberty to Cameron. It is a contest over coverage and bad faith. It does not concern Transocean's contractual negotiations with Cameron or BP (unless Ive missed something in which case you, or any others copied, please let me know). As I discussed during our call, during my last 3.5yrs with Judges Barbier and Shushan it's become abundantly clear that they require parties to be laser focused on discovery……no rooting for acorns. I am hard pressed to understand how the history over the terms of any Cameron or BP contract with Transocean, or how the experiences of Transocean with indemnity in the oil and gas industry, are relevant to your insurance dispute. These objections cover request #'s 1,4, 5, 6, 7 and 11. Unless some party claims ambiguity in the master service agreements, the negotiations are irrelevant. Too, from Transocean's experience with its own underwriters in the declaratory judgment matter that is awaiting en banc consideration in the 5th Cir (a copy of the decision attached), it seems the circuit views the underlying master service agreement of less importance than the provisions of the insurance policy in a dispute between the insurer and insured. So unless further explanation is provided (and Im willing to hear all points of view), we'll not be producing a witness on these topics. In short, the contacts say what they say and unless what they say is ambiguous and ambiguity is a factual issue in your case, we have nothing further to add. And we do not believe the terms of the TO/Cameron agreements are ambiguous.

The other topics (#'s 2,3,8,9,10 and 12) arguably relate to the facts underlying your dispute. As I mentioned, I handled the indemnity issues with Cameron's counsel, Mr Beck (copied). There is no other "Transocean" representative with more knowledge. Unless Transocean objects, I will be the witness for those topics. But as we discussed, the nature of the deposition will be very limited as there is not much more to say than what's in the motions and email which you have. Certainly Mr Beck and I didn't conspire against Liberty. To my knowledge we never discussed Liberty or Cameron's insurance coverage. I found out about the Cameron/BP settlement just prior to the hearing of the MSJ on the Cameron / Transocean indemnity dispute.

Happy to discuss further with you or anyone else.

Best
s

**Steven Roberts** | *Partner* | 713.470.6192

**From:** Gary Pate [mailto:pate@mdjwlaw.com]
**Sent:** Wednesday, July 24, 2013 5:17 PM
**To:** Roberts, Steven; mauslander@wilkie.com; jkorn@wilkie.com; htozeski@wilkie.com; jcaputo@wilkie.com; cbertaut@stonepigman.com; jbarrasso@barrassousdin.com; Catherine F. Giarrusso (cgiarrusso@barrassousdin.com); Chris Martin; Robert Dees
**Cc:** Gary Pate
**Subject:** FW: MDL 2179; In re: Oil Spill Litigation- Cameron vs. Liberty Insurance Underwriters, Inc.

Counsel,

Please see attached letter regarding Liberty International Underwriters, Inc.'s request for the 30(b)(6) deposition of Transocean.

Thank you.

**Gary Pate | Partner**
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis, 20th Floor | Houston, Texas | 77002
Phone: (713) 632-1708 | Fax: (713) 222-0101
pate@mdjwlaw.com | www.mdjwlaw.com

DISCLAIMER: The information contained in this electronic message (including any and all attachments) is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. It is intended only for the use of the owner of the e-mail address listed as the recipient of this message if you are neither the intended recipient nor the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

CIRCULAR 230 DISCLOSURE: To comply with Treasury Department regulations, we inform you that, unless otherwise expressly indicated, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law, or (ii) promoting, marketing or recommending to another party any transaction, arrangement, or other matter.

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy, or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.