**EXHIBIT E**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * | MDL NO. 2179 SECTION J JUDGE BARBIER MAG. JUDGE SUSHAN |
| THIS DOCUMENT APPLIES TO: No. 12-00311 | * * | JURY TRIAL DEMANDED |

### DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S DEPOSITION SUBPOENA AND NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF ONE OR MORE CORPORATE REPRESENTATIVES OF TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.

**PLEASE TAKE NOTICE** that Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and in accordance with Pre-Trial Order Nos. 13 and 51 which are attached hereto, Defendant Liberty Insurance Underwriters, Inc. ("Liberty") through its attorneys will take the deposition of a Corporate Representative or Corporate Representatives of Non-Party **Transocean Offshore Deepwater Drilling, Inc.** ("Transocean"), concerning the topics set forth in Schedule A. The deposition will take place beginning at **10 a.m. on Tuesday, August 6, 2013**, at:

Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002-6760

The deposition will continue from day to day until completed. The deposition will be conducted before a Notary Public, court reporter, or other qualified officer authorized by law to administer oaths and record testimony by both videotape and stenographic means. <u>The deposition will be videotaped.</u>

1

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, a copy of the Rule is attached for your reference, Transocean shall designate one or more representatives, officers, directors, managing agents or other persons who consent to testify on its behalf to be examined on the matters set forth in Schedule A attached hereto and incorporated herein.

                Respectfully submitted,

                ___/s/ Judy Y. Barrasso_____
                Judy Y. Barrasso, 2814
                Celeste Coco-Ewing, 25002
                BARRASSO USDIN KUPPERMAN
                  FREEMAN & SARVER, L.L.C.
                909 Poydras Street, 24th Floor
                New Orleans, Louisiana 70112
                504.589.9700 (Telephone)
                504.589.9701 (Facsimile)

                and

                Christopher W. Martin, PRO HAC VICE
                Federal I.D. 13515
                Gary L. Pate, PRO HAC VICE
                Federal I.D. 29713
                808 Travis, Suite 1800
                Houston, Texas 77002
                713-632-1700 (Telephone)
                713-222-0101 (Facsimile)

                Attorneys for Liberty
                International   Underwriters, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of July, 2013.

/s/ JudyY. Barrasso

## SCHEDULE A

### Deposition Topics

1. Transocean's history and experience with indemnification agreements in the oil and gas industry; and whether indemnification agreements between contracting parties in the oil and gas industry are used to shift significant risks of loss among the contracting parties.

2. Cameron International Corporation's ("Cameron") claim and demand for indemnification against Transocean in the New Orleans Oil Spill MDL No. 2179.

3. Transocean's response and position concerning Cameron's demand for indemnity under the Master Service Agreement between Cameron and R& B Falcon Drilling, the predecessor in interest to Transocean

4. Indemnification agreements contained in the Master Service Agreement dated September 28, 2000 between Cameron and R& B Falcon Drilling, the predecessor in interest to Transocean for the Blowout Preventer used on the *Deepwater Horizon*.

5. Indemnification agreements contained in Purchase Order Terms & Conditions between Cameron and Transocean for the Blowout Preventer used on the *Deepwater Horizon*.

6. Transocean's decision to revise any indemnification contained in the Master Service Agreement Form during the year 2011.

7. Negotiations between Cameron International Corp. and Transocean for changes in the indemnification language, limits of liability language of the Master Service Agreement between Cameron and R& B Falcon Drilling, the predecessor in interest to Transocean and/or future agreements.

8. Knowledge of Cameron's settlement with BP in the *Deepwater Horizon* Litigation, including any communications with Cameron or BP regarding the settlement or settlement negotiations.

9. Cameron's motion for summary judgment against Transocean on claims of indemnification, Transocean's response and Cameron's dismissal of its Motion.

10. Discussions and/or negotiations between Cameron and Transocean regarding Cameron's dismissal of it motion for summary judgment against Transocean on claims of indemnification.

11. Transocean's claims and demand for indemnification from BP Exploration & Production, Inc. and BP America Production Company (collectively "BP") in the Oil Spill MDL.

12. Transocean's public reports for the time period 2010-2012 to the limited extent that such public reports addressed Cameron and/ or Transocean's indemnity agreements with respect to the Deepwater Horizon litigation.