

Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

**Kerry J. Miller**
Telephone: (504)599-8194
Facsimile: (504)599-8145
E-mail: kmiller@frilot.com

July 24, 2013

**VIA E-MAIL**
The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

      Re:    Phase Two Quantification Trial And Quantification Expert Depositions

Dear Judge Shushan:

      Transocean respectfully seeks clarification of the Court's July 12, 2013 order excluding it from examining or presenting witnesses in the Phase Two quantification trial and in quantification expert depositions. Rec. Doc. 10672, at 2. Transocean understands the basis of the Court's order to be that the quantification portion of the Phase Two trial will be limited to the United States' First Claim for Relief in Case No. 10-4536—i.e., the United States' claim against BP and Anadarko under the Clean Water Act (CWA), which provides for the imposition of civil penalties based on the quantity of oil released. As such, Transocean requests clarification that any findings of fact or conclusions of law based on the evidence presented during the Phase Two quantification trial will be applicable only to the United States' CWA civil penalty claim against BP and Anadarko and would not limit Transocean's rights in the limitation action or otherwise apply to any claim against Transocean for liability based on its ownership or operation of the Deepwater Horizon, including the Oil Pollution Act (OPA) claim asserted by the United States as its second claim for relief in Case No. 10-4536.

      As I explained at the July 12 conference, Transocean is particularly concerned that other parties might attempt to use against Transocean evidence relating to two areas of flow quantification that uniquely concern Transocean.

      *First*, Transocean is concerned that other parties may attempt to use evidence adduced during the Phase Two quantification trial to support arguments against Transocean's factual position that the Deepwater Horizon's BOP was fully functional on the evening of April 20, 2010, and that the flow from the well was sufficient to lift and buckle the drill pipe by 9:47 p.m. on April 20, 2010. *See* Rec. Doc. 10463, ¶ 501. In its Proposed Findings of Fact and Conclusions of Law for Phase One, Transocean asks the Court to conclude that when the rig

July 24, 2013
Page 2

crew closed the Variable Bore Rams on April 20, 2010, the flow rate had reached 60,000 stock tank barrels of oil per day. Rec. Doc. 10463, ¶ 503.

Although the parties' quantification experts offer a number of opinions regarding flow rates at various points during the spill response, none of them explicitly offer opinions regarding the flow rate on April 20, 2010, before the explosion and fire that led to the sinking of the Deepwater Horizon. Because Transocean can no longer participate in any quantification expert depositions going forward, it asks the Court to clarify that the parties' quantification experts may not offer opinions regarding the flow rate on April 20, 2010, that evidence offered during the quantification phase of the trial will not be used to make findings regarding operation of the BOP or the April 20, 2010 flow rate, and that any findings that arise from the Phase Two quantification trial will not prejudice Transocean's Phase One position regarding operation of the BOP or the April 20, 2010 flow rate. This clarification would be fully consistent with what this Court has recently stated: "[w]hile the parties are permitted in Phase Two to rely on evidence adduced in Phase One, Phase Two cannot become a replay of Phase One." Rec. Doc. 10751, at 2.

*Second*, Transocean is concerned that other parties may attempt to use Phase Two flow quantification trial testimony to assert that non-negligible quantities of oil were released on or above the surface of the Gulf of Mexico. In his expert report, Transocean expert Kerry Pollard opines that the final cumulative flow number must be reduced to take into account the fact that essentially all of the oil that flowed from the well between April 20 and 22 burned in the rig fire. *See* Expert Report of Kerry A. Pollard, at 16 (May 1, 2013). Mr. Pollard's opinion directly addresses Transocean's potential liability under OPA for on- or above-surface discharge. *See* Rec. Doc. 5809, at 5-15 & n.4 (finding Transocean to be an OPA responsible party liable for discharge on or above the surface of the water, but declining to address factual dispute regarding whether oil that traveled up the riser combusted in the fire). In light of the Court's decision to strike Mr. Pollard's report and exclude Transocean from participating in the Phase Two quantification trial and related discovery, Transocean requests that the Court clarify that, in the absence of consent or stipulation by Transocean, no factual findings or legal conclusions resulting from the Phase Two quantification trial or any of the evidence presented during that portion of the trial will be applicable in any adjudication of Transocean's rights or liabilities under OPA.

Finally, Transocean requests clarification that none of the Court's Phase Two factual findings or legal conclusions regarding the number of barrels of oil spilled will be binding on Transocean in other parts of this litigation, including the limitation of liability trial or claims asserted under the Oil Pollution Act.

If the Court clarifies its order in the manner set forth above, Transocean has no objection to the Phase Two flow quantification order excluding Transocean from participating in that portion of the Phase Two trial. On the other hand, if the Court does not believe that such clarification is appropriate, Transocean objects to its exclusion from questioning or presenting witnesses in Phase Two quantification expert discovery and the Phase Two quantification trial.

July 24, 2013
Page 3

      Attached to this letter is a version of the Court's Draft Order Regarding Presentation Of Evidence In Phase Two. This version begins with the Court's draft of July 22, 2013 and proposes language in redline that is consistent with the relief Transocean requests above. Please note that Transocean and the other Aligned Parties are continuing to review the Court's draft of July 22, 2013 and may have additional suggested revisions; the proposed revisions attached to this letter are only intended to address the issues raised in this letter. Transocean appreciates the Court's consideration of this request and looks forward to answering any questions that the Court may have.

                                          Respectfully submitted,

                                          Kerry J. Miller

KJM/sc

Attachments