UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig             MDL NO. 2179
  "Deepwater Horizon" in the Gulf
  of Mexico, on April 20, 2010              SECTION J

Applies to: *All Cases*                     JUDGE BARBIER
                                            MAGISTRATE JUDGE SHUSHAN

## ORDER

[Regarding the Motion of Full Scope Services, LLC
for Leave to File Complaint in Intervention (Rec. doc. 10882]

On October 9, 2012, Full Scope Services, LLC ("Full Scope") filed a motion for leave to intervene. Rec. doc. 7605. The motion was denied for the following reasons:

> Full Scope claims an interest in the settlements payable to certain claimants in the court supervised settlement programs, pursuant to contracts executed with individual claimants and law firms. These claims should be directed to the Claims Administrator who has adopted a procedure for third party claimants.

Thereafter, Full Scope filed a second motion for leave to intervene (Rec. doc. 8200) which was marked deficient by the Clerk because it did not contain the individual short-form claim number for each claimant that Full Scope intended to intervene upon.

On July 26, 2013, Full Scope filed its third motion for leave to file complaint in intervention. Rec. doc. 10882. In this latest filing, Full Scope alleges:

> The defendants-in-intervention are claimants who have opted out of the BP settlement, made OPA claims and/or non-settlement claims against BP Exploration & Production, Inc., BP America Production Company, and other entities in this multidistrict litigation. Full Scope intervenes for the purpose of protecting their rights and interests related to the above-described claims, as explained more fully in the attached memorandum in support, and hereby represents as follows:

Full Scope goes on to allege that:

> [I]t was retained under contract by Law Firms, Consulting Firms and Individual Claimants to provide assessment of damages and evaluation of claim services to claimants in connection with the Deepwater Horizon Oil Spill.

Paragraph II, Rec. doc. 10882.

The undersigned finds that this attempted intervention is deficient as well. The motion for leave to file the complaint in intervention does not allege that Full Scope has a direct contract with particularly identified claimants. Rather, it generally alleges contracts with law firms, consulting firms and individual claimants. A contract with a claimant's retained lawyer or with a consulting firm does not grant Full Scope a direct claim against an individual claimant. Unless Full Scope alleges a direct contracted relationship with a claimant whereby the claimant acknowledges his, her or its direct responsibility to Full Scope, the request to intervene must be denied.[1]  Accordingly;

IT IS ORDERED that Full Scope's motion for leave to intervene (Rec. doc. 10882) is DENIED WITHOUT PREJUDICE. In order to file a further motion for leave to file a complaint in intervention, Full Scope must assert claims against only those claimants with whom it has a direct contractual relationship and itemize the short-form joinder numbers as to those claimants.

New Orleans, Louisiana, this 8th day of August, 2013.

          **SALLY SHUSHAN**
          **United States Magistrate Judge**

---

[1] See Fed. R. Civ. Pro. 24 (a)(2).