UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | |
| "DEEPWATER HORIZON" in the | * | MDL NO. 02179 |
| GULF OF MEXICO, on APRIL 20, 2010 | * | |
| | * | |
| | * | SECTION: J |
| This Document Relates to: | * | |
| | * | |
| 2:12-cv-01045 | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiff and Defendant jointly move the Court for an Order amending the present Scheduling Order and re-setting deadlines following the Court's decision on conditional certification of this alleged collective action under the Fair Labor Standards Act. In support of this, the parties submit:

1.

This matter was filed on April 24, 2012. Thereafter, the matter was designated part of the Multi-District Litigation MDL-2179.

2.

A Scheduling Order issued on July 5, 2012. In that order, the Court set various deadlines. These included a discovery deadline of September 10, 2013, as well as various trial related deadlines with respect to witness and expert witness disclosures. Trial was set for November 4, 2013.

3.

The nature of the MDL litigation and FLSA collective action procedure necessitate amending the scheduling order in this matter. As discussed in *Mooney v. Aramco Services Co.,*

54 F.3d 1207 (5th Cir. 1995),[1] collective actions generally entail a two-step process into whether the putative class members are similarly situated. The first determination is made at the so-called conditional certification or "notice" stge. At this stage, the court makes a similarly situated decision often based on little or no discovery concerning whether notice of the action should be given to potential class members. *Id.* at 1213-14. If the Court determines that such conditional certification is proper, the parties undergo more traditional discovery on the plaintiffs' allegations. Following such discovery, if the defendant files a motion for decertification of the collective action, the trial court makes a final decision as to whether the matter should proceed as a collective action on a more complete discovery record. As noted in *Mooney,* "at this stage, the court has much more information on which to base its decision…on the similarly situated question." *Id.* at 1214.

4.

Under this two-step process, courts generally permit only limited discovery prior to the decision on conditional certification.

5.

On July 18, 2012, Plaintiff moved for conditional certification of this action. Then, pursuant to MDL Pre-Trial Order 15, the Court continued Plaintiff's motion for conditional certification pending action by the Court to set a hearing and/or briefing schedule. The Court recently set a date of August 22, 2013 for Defendant to file its response to Plaintiff's motion for

---

[1] Although *Mooney* is a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, the ADEA incorporates the collective action enforcement procedures set forth in § 16(b) of the FLSA, 29 U.S.C. § 216(b). Accordingly, this Court, as well as the vast majority of courts, has applied the principles set forth in *Mooney v. Aramco Services Co., supra,* to FLSA collective actions.

conditional certification, at which time the motion would be deemed submitted for decision without oral argument.

6.

To date, given the lack of any decision on conditional certification, the parties have undergone limited discovery in good faith.

7.

The lack of a decision on conditional certification, much less a decision at the second stage of the two-step process, renders this action unfit for the present scheduling order deadlines. If the case is conditionally certified the, parties intend to engage in further discovery, including written discovery and depositions, in preparation for, *inter alia*, briefings regarding any motion for decertification of the collective action, dispositive motions on the merits, and preparation for any potential trial. If the case is not conditionally certified, both parties intend to take additional discovery for, *inter alia*, any motions on the merits and trial preparation. Moreover, presently there is no means to determine, for instance, which witnesses each side would call to testify at trial. Also, in the event that a collective action goes forward, expert economic testimony may be necessary. Until the parameters of this action are set, however, there is no factual basis upon which to predicate any such expert economic opinion. Thus, once the Court makes a decision on conditional certification and the parties and Court have a better idea of the scope and nature of the case, the Parties believe it appropriate that most of the dates in the current scheduling order, including the discovery cut-off date, trial date and dates for exchange of expert reports and trial witnesses, should be extended and revised.

8.

In sum, because of the continuance per MDL procedures of Plaintiff's Conditional Certification Motion for more than a year, the deadlines in the current scheduling order are not consistent with the posture of the case as an FLSA collective action in which conditional certification has yet to be decided.

9.

Accordingly, the parties jointly request the following:

    a)    the present scheduling order and all dates and deadlines therein are continued;

    b)    the Parties shall submit a joint proposed scheduling order within 15 days after the conditional certification decision;

    c)    a new scheduling conference and order shall be issued following the decision on conditional certification.

10.

A proposed order is submitted herewith. In the event the Court does not desire a new conference, if the dates in the joint proposed scheduling order are acceptable to the Court, a new scheduling conference may not be necessary.

11.

These deadlines have not previously been extended.

Respectfully submitted this 9th day of August, 2013.

*/s/ David I. Moulton*
DAVID I. MOULTON
Texas Bar No. 24051093
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas  77046
Telephone:  (713) 877-8788
Facsimile:  (713) 877-8065
Email:  dmoulton@brucknerburch.com

DERRICK EARLES
Louisiana Bar No. 29570
BRIAN CAUBARREAUX & ASSOCIATES
144 West Tunica Drive
Marksville, Louisiana  71351
Telephone:  (318) 253-0900
Facsimile:  (318) 253-5666
Email:  digger@caubarreaux.com

**Attorneys for Plaintiffs**

*/s/Larry Sorohan*
KEITH M. PYBURN, JR.
Louisiana Bar No. 10914
LARRY SOROHAN
Louisiana Bar No. 26120
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: kpyburn@laborlawyers.com
           lsorohan@laborlawyers.com

JEFFREY S. KLEIN
JONATHAN SOKOTCH
ARYEH ZUBER
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: jeffrey.klein@weil.com
           jonathan.sokotch@weil.com
           aryeh.zuber@weil.com

**Attorneys for Defendant**
**O'Brien's Response**
**Management, L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Done this 9th day of August 2013.

*/s/Larry Sorohan*
LARRY SOROHAN