UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

ORDER

[Regarding U.S. Motion to Strike Dr. Momber's Report (Rec. doc. 10985)]

The U.S. contends that the report of Dr. Andreas Momber, a quantification expert for BP, should be struck because: (1) it presents new Phase One opinions regarding the failure of the Macondo cement; and (2) it does not actually respond to any U.S. experts. Rec. doc. 10985. The motion is briefed. Rec. docs. 10986 and 10987.

An expert for the U.S., Dr. Stewart Griffiths, states in his report that "[a]ssuming that the cement remained reasonably intact, the likely mechanism for progressive failure is erosion." Rec. doc. 10986 (Attachment A at 12, n. 11). Dr. Griffiths also states that in less than 9 hours "the cement barrier or other impediments would provide no significant restriction to flow from the reservoir into the casing." Id. (Attachment A at 11-12). Dr. Ronald Dykhuizen, a U.S. expert, states that "I do not believe that erosion had a significant effect on overall flow from the well past the second day of the blowout." Id. (Attachment B at 10).

BP contends that the issue of well cement erosion is central to Phase Two because barriers to flow existed that eroded over time causing the flow rate to increase, not decrease, over the course of the spill. Id. at 1. Dr. Momber contends that cement in the wellbore degraded over time, in part because of erosion, with the effect that increasing amounts of oil would have been permitted to flow

into well. The U.S., through its experts, takes the position that after the first two days and possibly after only 9 hours, the flow was unimpeded and then decreased during the spill period. BP disagrees and submits that Dr. Momber's opinion is in direct rebuttal to the two U.S. experts.

The U.S. contends that Dr. Momber's opinion on hydraulic fragmentation is a new Phase One theory on the cause of the blowout. For the reasons presented by BP, it is not. BP stresses that Dr. Momber assumes that the cement was set. Id. at 7.[1]

The motion of the U.S. to strike the report of Dr. Andreas Momber, a quantification expert for BP, (Rec. doc. 10985) is DENIED. The deadline for an appeal of this order is **the close of business on Wednesday, August 14, 2013.**

New Orleans, Louisiana, this 12th day of August, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[1] The undersigned does agree with the U.S. that Dr. Momber is precluded from offering opinions during Phase Two on whether the Macondo cement was in fact set. Rec. doc. 10987 at 3. He may testify only about his assumption as did Dr. Griffiths.