UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

**[Regarding BP Motion to Strike Dr. Stevick's Report (Rec. doc. 10978)]**

BP contends that opinions in the Phase Two opening and rebuttal reports of Dr. Glen Stevick, a Halliburton expert on the source control segment of Phase Two, must be struck because they should have been presented in Phase One. Rec. doc. 10978. The motion is briefed. Rec. docs. 10977 and 10979.

Dr. Stevick presented a report and testified during the Phase One portion of the trial and he submitted an opening report and rebuttal report for Phase Two. BP's motion to strike a portion of Dr. Stevick's rebuttal report concerning casing breach was granted because it presented a new Phase One opinion in Phase Two that should have been presented in Phase One. Rec. doc. 10767. Halliburton's appeal was denied. Rec. doc. 10822.

In this second motion relating to Dr. Stevick's Phase Two reports, BP contends that the opinions concerning the float collar conversion, the Deepwater Horizon's diverter system, the BOP and drill pipe buckling should have been presented in Phase One and should be struck from Dr. Stevick's Phase Two reports. Halliburton responds that Dr. Stevick's reports address Phase Two issues and do not make any reference to Phase One issues.

After the filing of the motion, BP and Halliburton attempted to resolve the issues.

Halliburton agreed to certain redactions in the original and rebuttal reports provided BP permitted a substitute sentence.[1] BP rejected the proposal. It contends that: (1) the redactions did not account for all of Dr. Stevick's opinions relating to the diverter and BOP that should be struck; (2) the substitute sentence continues to re-litigate Phase One opinions in Phase Two; and (3) the opinions regarding float collar conversion and drill pipe buckling were impermissible. Rec. doc. 10977 (Exhibit 4). BP contends that the Phase Two deposition of Dr. Stevick demonstrates that Halliburton is attempting re-litigate Phase One issues through Dr. Stevick's Phase Two reports. Rec. doc. 10979.

Halliburton urges that: (1) Dr. Stevick's pipe buckling analysis is not a re-litigation of a Phase One issue; and (2) anomalies encountered on the Macondo Well and equipment degradation are Phase Two issues. Rec. doc. 10977 at 2-4.

Halliburton shall make the redactions in red. They are sufficient to resolve the issue raised by BP concerning the diverter and BOP. Halliburton shall not add the substitute sentence. Halliburton is not required to make further redactions concerning the float collar conversion and drill pipe buckling.

BP's motion to strike portions of the report of Dr. Glen Stevick (Rec. doc. 10978) is GRANTED in PART and DENIED in PART as provided herein. The deadline for an appeal of this order is the **close of business on Wednesday, August 14, 2013.**

New Orleans, Louisiana, this 12th day of August, 2013.

                                          **SALLY SHUSHAN**
                                          **United States Magistrate Judge**

---

[1] These redactions appear in red on the two reports. Rec. doc. 10977 (Exhibits 1-3). The substitute sentence states: "[t]he proper use of the diverter system and the BOP, as presented in Phase One trial, effects Source Control." Rec. doc. 10977 at 2.