

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  AUG 9 2013
WILLIAM W. BLEVINS
CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                    MDL No. 2179

TRANSFER ORDER    SECT. J MAG. 1

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in 42 actions move to vacate our orders conditionally transferring the actions to MDL No. 2179. The 42 actions, which are listed on the attached Schedule A,[1] are pending in seven districts: the Southern District of Alabama (nine actions), the Middle District of Florida (thirteen actions), the Northern District of Florida (three actions), the Southern District of Florida (four actions), the Middle District of Louisiana (one action), the Southern District of Mississippi (ten actions), and the Eastern District of Texas (two actions). Responding defendants oppose the motions.[2]

Although plaintiffs raise multiple arguments against transfer, we ultimately find none of them persuasive. First, plaintiffs argue that transfer would not serve the purposes of 28 U.S.C. § 1407, because the subject actions involve claims brought by plaintiffs who opted out of, or are excluded from, the two partial settlements reached to date in the MDL, and thus by definition (according to plaintiffs) lack commonality with those of the settlement class members. Claims of many excluded and opt-out plaintiffs are already in the MDL, however, and the record indicates that the transferee court is working with the parties on a plan for addressing those claims following the conclusion of the Trial of Liability, Limitation, Exoneration, and Fault Allocation (Limitation Trial).

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] Three of these actions (Southern District of Alabama *Beaufort Engineering Services, Inc.*, Northern District of Florida *Winkeler*, and Middle District of Louisiana *City of Baton Rouge*) are also subject to motion for centralization in MDL No. 2457, In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (No. II). We address that motion in a separate order.

[2] Responding defendants, as to all 42 actions, are BP America Production Company, BP Exploration & Production Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc., and Halliburton Energy Services, Inc. Defendants Airborne Support, Inc., and Airborne Support International, Inc. (collectively Airborne) responded in opposition to the motions to vacate covering the four Southern District of Florida actions), and defendant M-I L.L.C. responded in opposition to the motion to vacate as to the Middle District of Florida *Sunshine Enterprises* and *Central Financial Holdings* actions.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

- 2 -

Second, plaintiffs contend that pretrial proceedings in the MDL are complete, as evidenced by the fact that the Limitation Trial is ongoing. This contention ignores the fact that the Panel recently has transferred hundreds of newly-filed actions to the MDL, as to which pretrial proceedings are decidedly incomplete. As responding defendants point out, these actions are likely to involve a number of pretrial determinations that are most appropriately made by the transferee judge, the Honorable Carl J. Barbier, including, for example, the applicability of his decision dismissing, as preempted, the MDL plaintiffs' state statutory and common law claims. *See In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F.Supp.2d 943 (E.D. La. 2011). In addition, plaintiffs fail to explain how their claims against any Transocean entity could proceed outside the MDL, as the Limitation of Liability Act mandates otherwise. *See* 46 U.S.C. § 30511(c) ("When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease."); *see also Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) ("When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court."). In all 42 actions here, one or more Transocean entities are named defendants. Moreover, given that the Limitation Trial involves all the principal defendants in the MDL and involves issues central to all actions arising out of the Deepwater Horizon incident, it is unclear how or whether the various putative transferor courts could advance these actions with that trial not yet concluded.

Third, plaintiffs assert that transfer would strip them of their counsel, leaving them without any legal representation. Specifically, plaintiffs argue that the MDL Plaintiffs' Steering Committee cannot adequately or ethically represent both them and plaintiffs who are not excluded from the partial settlements reached in the MDL. Such an argument, however, is properly directed to Judge Barbier and not to us. The same is true of plaintiffs' suggestion that in the event that we deny their motions to vacate, we should somehow direct the judge to adopt a new case management mechanism (or mechanisms) to address the claims of opt-out and excluded plaintiffs. We lack the authority to issue such a directive. *See In re Sundstrand Data Control, Inc. Patent Litig.*, 443 F. Supp. 1019, 1021 (J.P.M.L. 1978) ("[T]he Panel has neither the power nor the inclination to dictate in any way the manner in which the coordinated or consolidated pretrial proceedings are to be conducted by the transferee judge."); *see also In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 126 (J.P.M.L. 1977) (Panel lacks statutory authority to review decisions of transferee courts).

Finally, the various arguments advanced by plaintiffs in the four Southern District of Florida actions are highly similar to those raised in the motion to vacate – involving three actions from that same district in which plaintiffs were represented by the same counsel as here – that we considered, and denied, at our May 2012 hearing session. *See* Transfer Order (J.P.M.L. June 18, 2012) (ECF No. 1077). Plaintiffs' argument that transfer is unwarranted because their primary cause of action is for recovery under the Oil Pollution Act or "OPA" (an argument also made by the Northern District of Florida *Royster* plaintiffs) was rejected in our initial order of centralization. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010) ("[W]e do not find any strong reasons for separate treatment of claims brought

- 3 -

under the OPA. In our judgment, carving out the OPA claims would only complicate matters . . . ."). Plaintiffs' apparent contention that Airborne is not a party in the MDL is wrong.[3] And plaintiffs' argument that transfer would deprive them of their constitutional rights to due process and equal protection is unsupported by any authority. (Plaintiffs cite the Supreme Court's *Lexecon* decision, but acknowledge that the Court did not reach any constitutional issues in that case.) Indeed, in our view, plaintiffs' constitutional argument amounts to little more than a makeweight. Since assuming stewardship of this exceptionally large and exceptionally complex MDL in August 2010, Judge Barbier has overseen extensive discovery involving the production of over nineteen million documents and the taking of approximately 400 depositions, made key rulings on numerous motions, including motions to dismiss and motions for summary judgment, reviewed and approved two major, if partial, settlements, and prepared for and presided over the 29 day-long first phase of the Limitation Trial. What has happened and what remains to happen in this MDL will inure to the substantial benefit of litigants in later-filed actions such as these. Permitting plaintiffs, at this juncture, to go their own way and litigate outside the MDL would severely disrupt the ongoing proceedings, as well as threaten to undo much of the substantial progress achieved to date.

After considering all argument of counsel, we find that these 42 actions involve common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the actions to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. It is beyond dispute that these actions, like those already in the MDL, arise out of the explosion and fire that destroyed the Deepwater Horizon rig, and the oil spill resulting therefrom. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1353-55 (J.P.M.L. 2010). Many of the 42 complaints, in fact, adopt or incorporate by reference all or substantial portions of one or more of the master complaints filed in the MDL.

---

[3] For example, Airborne is a named defendant in the First Amended Master Complaint in Accordance with PTO No. 11 [Case Management Order No. 1] Section III.B(3) ["B3 Bundle"], filed in the MDL in March 2011.

- 4 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

| | |
|---|---|
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |
| Sarah S. Vance | |

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010          MDL No. 2179

## SCHEDULE A

### Southern District of Alabama

| | |
|---|---|
| 13-5344 | King Seafood, Inc. v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00196 |
| 13-5345 | Bert P. Noojin v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00197 |
| 13-5346 | Beaufort Engineering Services, Inc., et al. v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00204 |
| 13-5347 | City of Foley Utilities Board v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00206 |
| 13-5348 | The Cooperative District of the City of Spanish Fort, Alabama v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00209 |
| 13-5349 | Mobile County Board of Health v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00210 |
| 13-5350 | The City of Spanish Fort, Alabama v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00220 |
| 13-5351 | MRI, LLC, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00230 |
| 13-5352 | Wolf Bay, LLC v. v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00231 |

### Middle District of Florida

| | |
|---|---|
| 13-5353 | TD Auditing, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01007 |
| 13-5354 | City of Treasure Island, Florida v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01008 |
| 13-5355 | City of St. Pete Beach, Florida v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01009 |
| 13-5356 | Tampa Bay Water v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01012 |
| 13-5357 | Tampa Sports Authority v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01013 |
| 13-5358 | City of St. Petersburg, Florida v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01014 |
| 13-5359 | City of St. Pete Beach, Florida v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01045 |
| 13-5360 | City of Treasure Island, Florida v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01046 |
| 13-5361 | City of St. Petersburg, Florida v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01049 |
| 13-5362 | Tampa Sports Authority v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01056 |

- A2 -

**MDL No. 2179 Schedule A (continued)**

### Middle District of Florida (continued)

13-5363 Tampa Bay Water v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01057
13-5365 Sunshine Enterprises of Jacksonville, Inc., et al. v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01070
13-5364 Central Financial Holdings, Inc. v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01071

### Northern District of Florida

13-5366 Heath Rushing, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 3:13-00243
13-5367 Royster Construction Company Inc., et al. v. BP Exploration & Production, Inc., et al., C.A. No. 3:13-00245
13-5368 Joseph Winkeler v. BP PLC, et al., C.A. No. 3:13-00249

### Southern District of Florida

13-5369 Robert V. Taylor, et al. v. v. BP Exploration & Production, Inc., et al., C.A. No. 4:13-10078
13-5370 Anderson Outdoor Advertising, Inc., et al. v. BP Exploration & Production, Inc., et al., C.A. No. 4:13-10087
13-5371 Robert Kitrick, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 4:13-10091
13-5372 Robert D. Fuller v. BP Exploration & Production, Inc., et al., C.A. No. 4:13-10094

### Middle District of Louisiana

13-5373 City of Baton Rouge v. BP America Production Company, et al., C.A. No. 3:13-00252

### Southern District of Mississippi

13-5374 Gautier Family Sports Resort and Marina, L.L.C. v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00149
13-5375 Mary Walker Real Property Co., L.L.C. v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00150
13-5376 CC's Bait Shop, L.L.C. v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00151
13-5377 Concept Properties, LLC v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00152
13-5379 City of Pascagoula, Mississippi v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00153

- A3 -

**MDL No. 2179 Schedule A (continued)**

<u>Southern District of Mississippi</u> (continued)

13-5380   Jackson County, Mississippi v. BP Exploration & Production, Inc., et al.,
C.A. No. 1:13-00154

13-5381   City of Ocean Springs, Mississippi v. BP Exploration & Production, Inc., et al.,
C.A. No. 1:13-00155

13-5382   City of Moss Point, Mississippi v. BP Exploration & Production, Inc., et al.,
C.A. No. 1:13-00156

13-5383   City of Gautier, Mississippi v. BP Exploration & Production, Inc., et al.,
C.A. No. 1:13-00157

13-5384   Diamondhead Casino Corporation, et al. v. BP Exploration & Production, Inc., et al.,
C.A. No. 1:13-00187

<u>Eastern District of Texas</u>

13-5385   Humble Lodging, LLC, et al. v. BP America Production Company, et al.,
C.A. No. 1:13-00248

13-5386   City of South Padre Island v. v. BP Exploration & Production, Inc., et al.,
C.A. No. 1:13-00249