U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  AUG 9 2013

WILLIAM W. BLEVINS
CLERK

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010 (NO. II)

MDL No. 2457

## ORDER DENYING TRANSFER

*[handwritten: MDL 2179 - see member cases on schedule 'A']*

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs in an action (*Winkeler*) pending in the Northern District of Florida and an action (*Robin*) pending in the Eastern District of Louisiana move to centralize this litigation in the Southern District of Mississippi. The litigation encompasses the eighteen actions listed on Schedule A.[1] Plaintiffs in the Eastern District of Louisiana *Jensen Beach Marketing* action support the motion, but argue for selection of the Northern District of Florida as transferee district. All other responding parties oppose the motion,[2] and argue that these actions belong in MDL No. 2179, which we centralized in August 2010 in the Eastern District of Louisiana. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L. 2010).

Movants ask us to carve out from MDL No. 2179 a new MDL, which would comprise a discrete subset of claims – namely, the claims of those individuals, businesses, and governmental

---

[1] Schedule A groups the actions by the districts in which they were commenced. Since the filing of the Section 1407 motion, however, eight of the eleven actions commenced outside the Eastern District of Louisiana have been transferred, via unopposed conditional transfer orders, to that district for inclusion in MDL No. 2179, In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010. The three actions still pending in other districts are the *Winkeler* action, the Southern District of Alabama *Beaufort Engineering Services, Inc.*, action, and the Middle District of Louisiana *City of Baton Rouge* action. Plaintiffs in those actions oppose transfer to MDL No. 2179, and we address those oppositions in a separate order.

[2] Responding defendants are: BP America Production Company; BP Exploration & Production Inc.; Anadarko E&P Company L.P.; Anadarko Petroleum Corporation; MOEX USA Corporation; MOEX Offshore 2007 LLC; Transocean Deepwater, Inc.; Transocean Holdings, LLC; Transocean Offshore Deepwater Drilling, Inc.; Cameron International Corporation; and Halliburton Energy Services, Inc. Responding plaintiffs are: Heritage First Bancshares, Inc.; Heritage First Bank; and Fire Protection Service, Inc. A brief in opposition was also submitted by Stephen J. Herman of the law firm of Herman Herman & Katz LLC, in his capacity as co-liaison counsel for plaintiffs in MDL No. 2179, co-lead class counsel for the economic and property damages settlement class in that MDL, co-lead class counsel for the medical benefits settlement class in that MDL, and counsel for numerous opt-outs, government entities and other plaintiffs in that MDL.

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

- 2 -

entities that either were excluded from, or opted out of, two settlements that have been reached with BP in the MDL. This is an extraordinary request, and we can find little to recommend it.

It is beyond dispute that these eighteen actions share multiple factual and legal issues with those in MDL No. 2179 – issues concerning the April 20, 2010, loss of well control, one or more explosions and fires that occurred on the Deepwater Horizon, the ensuing massive oil spill, and the response thereto. Indeed, almost all of the eighteen complaints adopt or incorporate by reference all or substantial portions of one or more of the master complaints filed in the MDL.[3] Given this extensive overlap, we find it quite impossible to see how a new Deepwater Horizon MDL would not result in duplicative discovery and pretrial motion practice, as well as other redundant pretrial proceedings.[4] Rather than serve Section 1407's purposes, the proposed new MDL would subvert them. To this extent, the Panel endorses the view ably expressed at oral argument by counsel Elizabeth J. Cabraser, speaking on behalf of the MDL No. 2179 Plaintiffs' Steering Committee.

Movants argue that those who opted out or are excluded from the settlements are in litigation limbo pending the outcome of the multi-phase "Trial of Liability, Limitation, Exoneration, and Fault Allocation." We disagree. That trial, after all, involves issues central to all related actions, including the eighteen subject to the instant motion.[5] Moreover, we do not see how plaintiffs' claims against the Transocean defendants could proceed outside MDL No. 2179, as the Limitation of Liability Act mandates otherwise.[6] See 46 U.S.C. § 30511(c) ("When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease."); see also Magnolia Marine Transport Co., Inc. v.

---

[3] This commonality is also evidenced by, among other things, the fact that, as mentioned in footnote 1, plaintiffs in eight of the eleven actions commenced in districts other than the Eastern District of Louisiana acquiesced to transfer of their actions to MDL No. 2179.

[4] In addition, as responding defendants persuasively argue, a new MDL almost certainly would give rise to an administrative nightmare – with no corresponding benefit – for not only the Panel but also, and more importantly, the involved courts. It would likely require a claim-by-claim review of the filings of literally tens of thousands of plaintiffs in MDL No. 2179, a determination of which of those plaintiffs have opted out of one or both of the settlements, possible severance of the claims of those plaintiffs from complaints in multi-plaintiff actions (at least in those actions where some of those plaintiffs have not opted out), and even a division of the claims of some plaintiffs between two MDLs (where certain of their claims fall within a settlement but others do not). Such a result would be entirely at odds with Section 1407's mandate that centralization "promote the just and efficient conduct of [the involved] actions." 28 U.S.C. § 1407(a).

[5] As Ms. Cabraser put it at oral argument, that trial is "a predicate for any [Deepwater Horizon] claim that has not yet been resolved." Oral Arg. Tr. at 15.

[6] We note that the trial involves not just the Transocean defendants but also the other principal defendants in the MDL, including various BP entities and Halliburton Energy Services, Inc.

- 3 -

*Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) ("When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court."). Here, all eighteen actions, with the exception of the *Fire Protection Service* action (which was commenced in the Eastern District of Louisiana), involve claims against one or more Transocean entities.

Movants further argue that MDL No. 2179 is taxing the judicial resources of the Eastern District of Louisiana court to the breaking point. No doubt, this is an extremely large and highly complex MDL. However, in our considered opinion, creation of another Deepwater Horizon MDL is not a solution to whatever challenges the current litigation may present. The Panel does not aspire to the role of an appellate court for disaffected MDL litigants. We are neither authorized by statute nor inclined to act in such a role. Moreover, the difficult issues of managing this complex litigation are best determined after a full airing before the transferee judge. The Panel is quite confident that the transferee judge, the Honorable Carl J. Barbier, is providing all the litigants in MDL No. 2179 such an opportunity.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these eighteen actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010 (NO. II)    MDL No. 2457

## SCHEDULE A

### Southern District of Alabama

Heritage First Bancshares, Inc., et al. v. BP Exploration & Production, Inc., et al.,
   C.A. No. 1:13-00203
Beaufort Engineering Services, Inc., et al. v. BP Exploration & Production, Inc., et al.,
   C.A. No. 1:13-00204

### Northern District of Florida

Ozean, LLC v. BP PLC, et al., C.A. No. 3:13-00247
Ozean Marine LLC v. BP PLC, et al., C.A. No. 3:13-00248
Joseph Winkeler v. BP PLC, et al., C.A. No. 3:13-00249

### Eastern District of Louisiana

Jensen Beach Marketing, Inc., et al. v. BP Exploration & Production, Inc., et al.,
   C.A. No. 2:13-01439
Charles Robin, Sr., et al. v. BP Exploration & Production, Inc., et al.,
   C.A. No. 2:13-01648
Pineville Gardens, LLC, et al. v. BP Exploration & Production, Inc., et al.,
   C.A. No. 2:13-01665
Mickey Loomis, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 2:13-01687
The Stationer, Ltd., et al. v. BP Exploration & Production, Inc., et al.,
   C.A. No. 2:13-01727
St. Tammany Parish Library v. BP Exploration & Production, Inc., et al.,
   C.A. No. 2:13-01729
Fire Protection Service, Inc. v. BP PLC, et al., C.A. No. 2:13-01758

### Middle District of Louisiana

City of Baton Rouge v. BP America Production Company, et al., C.A. No. 3:13-00252

### Southern District of Mississippi

Bonnie Johnson v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00137
John Michaels v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00139
Cherish Passeno v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00141
Charles Sclafini, Jr. v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00142
John Sepe v. BP Exploration & Production, Inc., et al., C.A. No. 1:13-00143