Joseph Darrell Palmer
Law Offices of Darrell Palmer PC
603 N. Highway 101, Suite A
Solana Beach, CA 92075
Phone: (858) 792-5600
Fax: (866) 583-8115
darrell.palmer@palmerlegalteam.com

*Attorney for Objectors Mike and Patricia Sturdivant,
Susan Forsyth, and James H. Kirby IV*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 <br><br> Section J <br><br> Honorable Carl J. Barbier <br><br> Magistrate Judge Shushan |
| Plaisance, *et al.*, individually and on behalf of the Medical Benefits Settlement Class, <br><br> *Plaintiffs*, <br> v. <br><br> BP Exploration & Production Inc., *et al.*, <br><br> *Defendants*. | NO. 12-CV-968 <br><br> Section J <br><br> Honorable Carl J. Barbier <br><br> Magistrate Judge Shushan |

OBJECTORS' OPPOSITION TO PLAINTIFFS' MOTION TO REQUIRE
ATTORNEY PALMER AND OBJECTORS TO POST AN APPEAL BOND

1
OBJECTORS' OPPOSITION TO PLS.' MOTION FOR APPEAL BOND          MDL No. 2179

## Introduction

Class counsel seeks an appeal bond of $50,000. As an initial matter, and as explained in further detail below, only $1,000 of the $50,000 is bondable under relevant case law and other relevant authority. Additionally, delay costs are not includible in a Rule 7 appeal bond. There is no legal or factual basis for granting the full $50,000 of the requested bond. Objectors Mike and Patricia Sturdivant, Susan Forsyth, and James H. Kirby IV ("Objectors" or "Sturdivant") respectfully request that the Court deny the requested relief.

## Plaintiffs' Motion for Posting of an Appeal Bond
## Procedural Background

Following the April 20, 2010 explosion on board the oil vessel *Deepwater Horizon*, a multitude of lawsuits were filed for redress of injuries suffered by those persons and businesses affected by that disaster. On August 10, 2010, the United States Judicial Panel on Multidistrict Litigation transferred 77 of those cases to this court.

On August 31, 2012, Objectors filed their objections to the medical benefits portion of the proposed class action settlement. Dkt. 7233. On December 21, 2012, after conducting a fairness hearing, the court granted approval of the economic and property damages settlement. Dkts. 8138, 8139. On January 11, 2013, granted final approval of the medical damages settlement. Dkts. 8217, 8218. On January 17, 2013, Objectors filed their notice of appeal objecting to final approval. Dkt. 8271.

Plaintiffs responded to Objectors' appeal with a motion clearly designed to deter them from moving forward with that appeal. On August 2, 2013, Plaintiffs filed a motion requesting a $50,000 appeal bond from Objectors and their counsel of record. Dkt. 10924—1. Objectors hereby oppose that motion.[1]

I. The Court's Discretion in Awarding an Appeal Bond Is Limited.

Appeals possessing merit are a matter of right. *In re American President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) (*citing Coppedge v. United States,* 369 U.S. 438, 441-442 (1962)). "Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." *Id.* (*citing North Carolina v. Pearce,* 395 U.S. 711, 724 (1969) ("[a] court is without right to ... put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered" (internal quotation and citation omitted)). *Accord Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"). And the Fifth Circuit held that a district court basing the amount of an appeal bond on its determination of the probable denial of an appeal by the appeals court was an abuse of discretion. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007).

---

[1] In response to the standing arguments raised in Plaintiffs' bond motion, those arguments will be addressed in Objectors' opposition to the motion to dismiss to be filed in the Fifth Circuit. In any event, standing does not affect this court's authority to issue a bond in excess in excess of $1K and class counsel concedes that at least one objector has standing.

A district court does *not* have any "inherent or rule-based power" to impose an appeal bond beyond "security for payment of costs on appeal." *American President Lines* at 716, 718-19; *accord Hirschensohn v. Lawyers Title Ins. Corp.,* No. 96-7312, 1997 WL 307777 (3d Cir. June 10, 1997). Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39." *American President Lines* at 716; *accord Hirschensohn* (Rule 7 does not grant authority to receive a bond for attorneys' fees) (only Rule 39 costs are included in appeal bond).

## II.   Delay Costs Are Not Properly Includible in a Rule 7 Appeal Bond.

"Taxable costs" do not include costs of delay. Plaintiffs state as justification for a $50,000 bond their belief that "thousands more in costs will accrue between [now] and termination of this litigation." Plaintiffs' Memo ISO Motion for Appeal Bond ("Pls. Memo") at 10-11. Plaintiffs do not use the phrase "costs of delay," but essentially the costs they reference are those associated with the delay created by Objectors' filing of their meritorious appeal. And that is not an allowable basis for a Rule 7 appeal bond.

Plaintiffs here are unable to cite a single case that includes costs of delay. Simply put, costs of delay are not available under Fed. R. App. Proc. 7. They are only covered in a *supersedeas* bond, which is only available under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn* at 298-99.

Plaintiffs are actually seeking a Fed. R. App. Proc. 8 *supersedeas* bond for the costs of delay, although their motion is devoid of any reference to Rule

8. Plaintiffs state that the class will be harmed by the delay created by Objectors' appeal and, as such, state that the bond amount is "reasonable." Pls. Memo at 10. But the Fifth Circuit has clearly stated that requiring a bond to "secure the benefits that would inure to the class members under the settlement agreement" was "essentially using a bond for costs on appeal as a surrogate for a supersedeas bond," which is set under Rule 8 not Rule 7. *Vaughn* at 298-299.

An appeal bond is a precondition for appeal, while an appellant can choose to forgo paying a *supersedeas* bond, which is an important distinction. *American President Lines* at 717-18. Imposition of a Rule 8 *supersedeas* bond would require Objectors to have sought a stay of this Court's ruling, which they have not done yet. Rule 7 does not give a district court authority to require a bond for costs of delay as a precondition for appeal. *Id.* at 718-19.

Plaintiffs request that this court impose a bond that "sufficiently reflects" that the individuals injured by the Horizon disaster are being "denied remedies that would assist them … maintain a full and healthy recovery." Pls. Memo at 10. Similarly, when the district court in *Vaughn v. Am. Honda* approved a $150,000 bond, it too referenced a delay in class members receiving settlement remedies. The Fifth Circuit, in its decision reducing that $150,000 bond order to $1,000, stated that "the costs of delay are adequately captured by the settlement … and the settlement does not become effective, by its terms, until any appeals are concluded." *Vaughn* at

299. Regardless of the nature of the injury sustained due to BP's actions and inactions, the district court cannot deny an appeal in this litigation on the ground of a delay in receipt of settlement benefits.

### III. Plaintiffs' Ad Hominem Attacks on Objectors' Counsel Are Legally Irrelevant.

Class counsel devote nearly half of their bond motion to maligning Objectors' counsel as a "professional objector," but Objectors' counsel's motives is completely legally irrelevant. Motive and a party's litigation history do not abrogate the legal right to make a meritorious argument. *See Antoninetti v. Chipotle Mexican Grill*, 643 F.3d 1165 (9th Cir. 2010). That court stated that "it may indeed be necessary and desirable for committed individuals to bring serial litigation." *Id. Accord Molski v. MJ Cable,* 481 F.3d 724 (9th Cir. 2007); *see also Safeco Ins. Co. v. AIG, Inc.*, 710 F.3d 754 (7th Cir. 2013) (endorsing settlement of objection at appellate level).

*Antoninetti*'s reasoning is also true under Fed. R. Civ. Proc. 23(e)(5). For the same reason class action litigation is often superior to other forms of litigation, absent class members do not have the financial incentive to object. Absent class members cannot be protected unless experienced counsel for objectors can raise objections to the settlement. The improper *ad hominem* attacks against the objectors and their counsel should not influence the district court's willingness to approve an abusive fee request at the expense of the class. Nor should they preclude this Court's addressing seriously problematic errors of law on the merits.

Furthermore, "imposing too great a burden on an objector's right to appeal may discourage meritorious appeals or tend to insulate a district court's judgment in approving a class settlement from appellate review." *Vaughn v. Am. Honda* at 300; *see*

It is worth noting, however, that Objectors' counsel has prevailed in numerous cases, including the recent decision in *Dennis v. Kellogg,* where the Ninth Circuit reversed the district court's approval of the class action settlement and remanded for further review. 697 F.3d 858 (9th Cir. 2012).

## IV.   Amount of Appeal Bond is Unreasonable.

To grant an appeal bond in the amount of $50,000 would be reversible error. *See, e.g., Vaughn*, 507 F.3d at 300 (reducing bond from $150,000 to $1,000); *In re Enfamil LIPIL Marketing and Sales Practices Litigation MDL 2222*, 2012 WL 1189763, *5 (S.D. Fla., Apr. 9, 2012, 11-MD-02222) ($1,000 bond for costs); *Azizian v. Federated Dept. Stores, Inc.* 499 F.3d 950, 962 (9th Cir. 2007) (vacating $40,000 of $42,000 initial bond order). When the sum sought "simply does not correlate with the taxable costs under Rule 39(e) that are likely to accrue on appeal" the bond should be denied. *Pan Am Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 43 (D.P.R. 2000) (citing *Lundy v. Union Carbide Corp.*, 598 F. Supp. 451, 452 (D. Or. 1984)).

The costs of preparation and transmission of the record and transcript on appeal <u>are</u> taxable. But the preparation of and costs of the excerpts of record are the responsibility of the *appellant,* not the appellee, and the

plaintiffs will not incur any taxable costs regarding inclusion of necessary materials in the excerpts of record. Fed. R. App. P. 30(a)(1); Fed. R. App. P. 30(b)(2). And briefing costs in the Fifth Circuit are limited to fifteen cents per page and the Plaintiffs' only expense will be paper copies of a single 14,000-word appellees' brief. 5th Cir. R. 39.

Bonds for cost should be denied where there is "no particular showing of a 'need' for the bond beyond the fact that the appellee anticipates expending funds in relation to the defense of the appeal and would like a bond to be posted to assure those costs will be paid." *Nalder v. United Auto. Ins.*, 2011 WL 4905717 (D. Nev., Oct. 14, 2011, 2:09-CV-1348-ECR-GWF).

Plaintiffs state that that "sum requested [is] reasonable" and "an accurate reflection of Class Counsels' estimated costs." Pls. Memo at 10. They state that the record on appeal "is massive." Id. But the appendix to the brief need not include costly reproduction of the entire record on appeal, nor do the courts of appeal favor such reproduction.

The failure of the plaintiffs to produce any competent evidence about their actual recoverable taxable costs under Fed. R. App. P. 39 in this appeal precludes the Court from issuing an appeal bond. *American President Lines* at 717 (appeal bond can only be based on demonstrable actual taxable costs on appeal); *In re Enfamil* at *5 (even a $5,000 appeal bond could not be sustained without documentation).

And there is no risk that Sturdivant will not pay a legitimate bill of costs under Rule 39 for a response brief. Sturdivant's counsel, as part of his ethical duties as an attorney, agrees that he will pay any copying costs ordered by the Fifth Circuit in the unlikely event he loses his appeal, and the settling parties present no evidence to the contrary.

### V.   If the Court Grants the Motion, Appellants Request a Stay.

Any appeal bond over $1,000 and, additionally, any appeal bond order that includes a demand to post the bond or dismiss the appeal would violate Fifth Circuit law. If the Court grants such a motion, appellants will need to seek relief in the Fifth Circuit, which requires per appellate rules that appellants to first seek a stay in the district court. To expedite matters and minimize delay, appellant requests that, if plaintiffs' motion is granted, the issued order explicitly state that either the ruling is stayed while Fifth Circuit review is sought or that the motion for stay is denied so that appellants can immediately turn to the Fifth Circuit for review of what would be an *ultra vires* order.

### Conclusion

Plaintiffs request an appeal bond that improperly includes items outside the scope of Fed. R. App. Proc. 7. All arguments about "serial objectors" aside, the fact remains that allowable costs bondable under Rule 7 cannot be more than $1,000. The motion should be denied, and in no event should an appeal bond be issued in excess of $1,000.

Date:  August 13, 2013                    Respectfully submitted,

                                          By:   */s/ Joseph Darrell Palmer*
                                                  Joseph Darrell Palmer
                                                  Law Offices of Darrell Palmer PC
                                                  603 N. Highway 101, Suite A
                                                  Solana Beach, CA 92075
                                                  Phone: (858) 792-5600
                                                  Fax: (866) 583-8115
                                                  darrell.palmer@palmerlegalteam.com

                                                  *Attorney for Objectors*
                                                  *Mike and Patricia Sturdivant,*
                                                  *Susan Forsyth, and James H. Kirby IV*

### PROOF OF SERVICE

I hereby certify that on the 14th day of August 2013, I electronically filed the foregoing with the Clerk of the Court using the LexisNexis filing system system thus effectuating service of such filing all registered attorneys in this case.

                                                  */s/ Joseph Darrell Palmer*
                                                  Joseph Darrell Palmer