IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to: *All Cases*<br><br>(Including Civil Action No. 12-970) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

## MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR ENTRY OF ORDER PROVIDING FOR AMENDMENT TO STRUCTURED SETTLEMENT OPTION AND RELEASE

Class Counsel respectfully request that the Court amend its January 30, 2013 Order (Rec. Doc. 8425) (the "Structured Settlement Order"), pursuant to which each Claimant in the Economic Class was offered the option to elect to receive all or a portion of such Claimant's allowed claim under the Economic and Property Damages Settlement Agreement (the "Settlement Agreement") in the form of a structured settlement, and the Individual Release was amended for all Claimants, including a further amendment in the form of Attachment C to the Individual Release for each Claimant who elects to receive all or a portion of such Claimant's allowed claim in the form of a structured settlement.

Pursuant to the Structured Settlement Order, the sole insurance company (the "Issuer") eligible to offer annuities or funding agreements to fund periodic payments (the "Periodic Payments") to Claimants under structured settlements was Allstate Life Insurance Company, due to the requirement that only "A+ XV and above" established insurance companies be permitted to offer annuities or funding agreements to Claimants. Since the Structured Settlement Order

was entered, Allstate Life Insurance Company has exited the structured settlement business, and, since no Issuers currently meet the "A+ XV and above" rating requirement, Claimants are no longer able to elect to receive structured settlements. Class Counsel respectfully request that the Structured Settlement Order and Attachment C to the Individual Release be amended as described herein to permit additional Issuers to offer structured settlements to Claimants.

## ARGUMENT.

Class Counsel consulted with Patrick Juneau, the Claims Administrator for the Economic and Property Damages Settlement Class and the Trustee of the Settlement Trust, and with counsel for BP about the proposed amendments to the Structured Settlement Order and Attachment C to the Individual Release necessary to provide Claimants with the continued opportunity to elect to receive all or a portion of allowed claims under the Settlement Agreement in the form of a structured settlement. Both Mr. Juneau, as Claims Administrator and Trustee, and counsel for BP have indicated that they do not oppose the proposed amendments described herein.

As described above, the terms of the Structured Settlement Order permit only "A+ XV and above" Issuers to offer annuities or funding agreements to Claimants and the only Issuer who meets the qualification has exited the structured settlement market. Class Counsel propose that Court-approved structured settlement brokers be authorized to offer structured settlements to Claimants pursuant to which Periodic Payments are funded by annuities or funding agreements (each a "Funding Asset") purchased from Issuers that carry a minimum rating of "A XI" or "Double A", or the equivalent thereof, according to standard rating practices in the insurance industry. Class Counsel also propose that Court-approved structured settlement brokers be authorized to offer structured settlements to Claimants pursuant to which Periodic Payments are

funded by United States government obligations (a "Funding Asset") that carry a minimum rating of "A XI" or "Double A", or the equivalent thereof, according to standard rating practices in the insurance industry, provided that the Issuer serving as custodian of such United States government obligations has sufficient financial strength and that such Issuer enter into an appropriate keep well agreement or other guarantee with respect to such United States government obligations.  Not only are the amended financial ratings requirements necessary to ensure that Claimants are still able to elect to receive structured settlements, but Class Counsel also believe that the ratings requirements will still serve to protect the financial interests of Claimants electing structured settlements, while providing the Claimants with greater choice of structured settlement providers. Liberty Life Assurance Company of Boston (an "Issuer") currently meets these ratings requirements, and The Midwest Trust Company (an "Issuer") will be the custodian for United States government obligations which currently meet these ratings requirements and is both of sufficient financial strength and will enter into keep well agreements with respect to such United States government obligations.[1]   Class Counsel proposes that the Court approve these Issuers to offer structured settlements to Claimants in accordance with the terms described herein.

To accomplish the addition of the two Issuers described above, Class Counsel propose that Attachment C to the Individual Release be amended in the form attached hereto as Exhibit

---

[1] The Midwest Trust Company as Issuer for Treasury Funded Structured Settlement International does not carry the "A XI" or "Double A" financial ratings as these ratings are customarily used in the insurance industry.  Instead, The Midwest Trust Company will serve as custodian of the United States government obligations which do maintain the "Double A" or higher financial rating.  The Midwest Trust Company is a multi-billion dollar institutional trustee.  Information regarding its insurance coverage and regulation is attached hereto as Exhibit B.  The Midwest Trust Company will hold all United States government obligations used to fund periodic payment obligations for Claimants pursuant to a keep well agreement.  Such keep well agreements shall be substantially the same as the sample attached hereto as Exhibit C.

A, [2] to accommodate various differences in the Funding Assets offered by these Issuers, including the following:

- Permissible Funding Assets purchased by the Assignee to fund the Periodic Payments would include United States government securities, in addition to annuities and funding agreements.

- If the Claimant has selected a Structured Settlement Option funded by U.S. government obligations, then the U.S. government obligations carry a minimum rating of "A XI" or "Double A", or an equivalent thereof, by credit rating agencies, and the Issuer will serve as the custodian of the U.S. government obligations, and if the Claimant has not selected a Structured Settlement Option funded by U.S. government obligations, then the Issuer carries a minimum rating of "A XI" or "Double A", or an equivalent thereof, according to the standard rating practices in the insurance industry.

- If the Claimant has selected a Structured Settlement Option pursuant to which the Assignee will fund its obligation to make Periodic Payments to the Claimant through the purchase of United States government obligations, then the Court-approved structured settlement broker must certify that it has informed the Claimant of, and the Claimant must certify that it understands and agrees to, the following terms: (1) that the Periodic Payments listed in Part I of Attachment C are illustrative and based on the rates of the applicable United States government obligations as of the date of the quote obtained by the Court-approved structured settlement broker, and that the value of these United States government

---

[2] For the convenience of the Court, attached hereto as Exhibit D is a document comparing the Attachment C to the Individual Release that was approved by this Court as part of the Structured Settlement Order to the proposed revised Attachment C to the Individual Release.

obligations fluctuates on a daily basis; (2) that actual Periodic Payments to be paid to the Claimant pursuant to the Structured Settlement Option shall not be fixed until the United States government obligations are purchased by the Assignee to fund its obligation to make Periodic Payments to the Claimant; and (3) that the actual Periodic Payments pursuant to the Structured Settlement Option shall be adjusted either upward or downward based on the value of the United States government obligations purchased, so that the total cost to the Settlement Trustee for the Periodic Payments pursuant to the Structured Settlement Option is equal to the Structured Settlement Amount.  Where Claimant has elected such a Structured Settlement Option funded by United States government obligations, the Assignee shall notify the Settlement Trustee and the Claimant of the applicable schedule of Periodic Payments pursuant to this Structured Settlement Option no later than the next business day after the Assignee's purchase of the United States government obligations used to fund the Assignee's obligations to make Periodic Payments to the Claimant, and such schedule of Periodic Payments shall be deemed incorporated into this Attachment C to the Individual Release and the structured settlement assignment and release form attached hereto.

In addition, Class Counsel propose that the Court approve the assignment and release form to be used by BARCO Assignments, Ltd. (the Assignee affiliated with Liberty Life Assurance Company of Boston) for structured settlements with Claimants in the form attached hereto as Exhibit E, and additionally approve the assignment and release form to be used by Treasury Funded Structured Settlement International (the Assignee affiliated with The Midwest

Trust Company) for structured settlements with Claimants shall be in the form attached hereto as Exhibit F.

## CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that the Court enter the proposed Order submitted herewith.

This 14th day of August, 2013

Respectfully submitted,

| | |
|---|---|
| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN & KATZ LLC | DOMENGEAUX WRIGHT ROY EDWARDS |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Class Counsel* | *Co-Lead Class Counsel* |

## CERTIFICATE OF SERVICE

We hereby certify that the above and foregoing Memorandum (and Proposed Order and Exhibits) will be served on All Counsel *via* Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of August, 2013.

/s/ Stephen J. Herman and James Parkerson Roy