# NON-QUALIFIED ASSIGNMENT AND RELEASE
# OF PERIODIC PAYMENT OBLIGATION

"Claimant": _____

"Assignor": *Deepwater Horizon* Economic and Property Damages Settlement Trust

"Assignee" : BARCO Assignments, Ltd.

"Issuer": Liberty Life Assurance Company of Boston

"Effective Date": Date of the transfer by wire or other electronic transfer of funds (pursuant to instructions provided by Assignee) of the Structured Settlement Amount (listed on Attachment C to the Individual Release) by Assignor to Assignee

This Non-Qualified Assignment and Release Agreement (the "Agreement") is made and entered into as of the Effective Date by and among the undersigned parties with reference to the following:

1. Claimant has executed an Individual Release (including the election of the Structured Settlement Option pursuant to Attachment C thereto), dated_____ (the "Release") under which, in accordance with and subject to the terms of such Release:

    a. Assignor is obligated to make certain periodic payments listed on Addendum No. 1 hereto (the "Periodic Payments") to Claimant in accordance with the terms of the Release,

    b. Claimant is entitled to receive such Periodic Payments;

2. The parties desire to effect an assumption of the Assignor's Periodic Payment liability by the Assignee and a full and complete discharge of Assignor with respect to such Periodic Payment liability.

THEREFORE, the parties agree as follows:

1. Assignee hereby agrees to pay Claimant the Periodic Payments.

    a. The liability to pay the Periodic Payments shall be a liability of the Assignee alone, and specifically not of the Assignor.

    b. The Assignee shall fund its liability to make Periodic Payments by purchasing a funding agreement or annuity contract issued by the Issuer. All rights of ownership and control of such funding agreement shall be and remain vested in the Assignee exclusively.

    c. The Assignee may have the Issuer send payment under any funding agreement or annuity contract purchased hereunder directly to the payee(s) specified in Addendum No. 1. Such direction of payments shall be solely for the Assignee's convenience and shall not provide the

      Claimant or any payee with any rights of ownership or control over the funding agreement or annuity contract, or against the Issuer.

   d. Claimant has no rights against the Assignee greater than those of a general creditor. Assignee is not required to and will not set aside specific assets to secure the Periodic Payments.

   e. None of the Periodic Payments may be accelerated, deferred, increased or decreased and may not be anticipated, sold, assigned or encumbered. Any attempts to do so will be void.

2. Assignor is hereby completely and irrevocably released and discharged from any liability to Claimant with respect to the Periodic Payments. Claimant shall look only to the Assignee for the Periodic Payments and shall have no claim against Assignor with respect to the Periodic Payments, regardless of any insolvency or bankruptcy of the Assignee or the Issuer or otherwise.  The sole liability of the Assignor with respect to the Periodic Payments shall be a liability to make the Payment to the Assignee as described in Section 4 of this Agreement, so that the Assignee is hereby the sole person to whom liability is owed with respect to the Periodic Payments. Claimant and Assignor acknowledge that this requirement falls within the meaning of U.S Treasury Regulation § 1.461-4(g)(1)(ii).

3. Assignor hereby assigns the liability to make the Periodic Payments to the Assignee and the Assignee hereby assumes the Assignor's liability to make the Periodic Payments on condition that:

   a. The Assignee's liability to make the Periodic Payments is no greater than that of the Assignor immediately preceding this Agreement.

   b. Assignee is not required to and will not set aside specific assets to secure the Periodic Payments.

4. Assignor hereby agrees to pay the Assignee such good and valuable consideration as is described on Attachment C to the Release as the Structured Settlement Amount ("Payment"). By virtue of the Payment and the Assignee's assumption of the liability to make the Periodic Payments, the Assignor is released and discharged from any further liability to the Assignee or the Claimant with respect to the Periodic Payments.

5. In the event that the Release is declared terminated by a court of law with proper jurisdiction, this Agreement shall terminate; upon termination of this Agreement, (a) the Assignee, the Assignor, the Trustee and Directed Trustee of the *Deepwater Horizon* Economic and Property Damages Settlement Trust, and BP (which, for purposes of this Agreement, shall have the same meaning as under the Release) shall have no liability to make the Periodic Payments to the Claimant, and (b) Claimant irrevocably gives up any right, under any circumstances, to seek the Periodic Payments from the Assignee, the Assignor, the Trustee and Directed Trustee of the *Deepwater Horizon* Economic and Property Damages Settlement Trust, or BP.  The Assignee shall then assign ownership of any funding agreement or annuity contract purchased hereunder to the Assignor or, if the Assignor has been terminated, to BP Exploration & Production Inc. and the Assignees' liability for the periodic payments shall terminate.

6. This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the Claimant, the Assignor, and the Assignee and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

**Assignor: _Deepwater Horizon Economic and Property Damages Settlement Trust_**

By: _____

Title:  Trustee

**Assignee: BARCO Assignments Ltd.**

By: _____

Title:

**Claimant:**

By: _____

Title:

# Addendum No. 1
# Description of Periodic Payments

Payee: *(Claimant)*

*(Insert benefit schedule)*

**Initials**

Assignor: _____

Assignee: _____

Claimant: _____