UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER |
| ……………………………………………………... | : | MAGISTRATE JUDGE SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE*
TO EXCLUDE "OTHER PHASES" EVIDENCE**

This Court has entered a detailed order defining the issues to be tried in Phase Two:

Phase Two ["Source Control" and "Quantification" Phase] of the Trial will address Source Control and Quantification of Discharge issues. "Source Control" issues shall consist of issues pertaining to the conduct or omissions of BP, Transocean, or other relevant parties through approximately September 19, 2010 (including the alleged failure by BP and Transocean to prepare for a blow-out and spill prior to April 20, 2010). "Quantification of Discharge" issues shall consist of issues pertaining to the amount of oil actually released into the Gulf of Mexico as a result of the Incident from the time when these releases began until the Macondo Well was capped on approximately July 15, 2010 and then permanently cemented shut on approximately September 19, 2010.

Rec. Doc. 6592 at 2-3. The Court has also entered an order striking certain portions of Dr. Glen Stevick's expert reports that bear exclusively on Phase One issues, introducing new evidence or opinions as to those issues for the first time in Phase Two. *See* Rec. Doc. 10991. In light of the Court's clear delineation of the issues to be tried in Phase Two, BP respectfully requests that the Court enter an order precluding the parties from introducing for the first time in Phase Two new evidence or expert opinions relating to other phases, including Phase One and any future phases. Although certain of the testimony and presentation of evidence in the Phase Two trial will necessarily incorporate evidence previously adduced in the course of the Phase One trial, the order sought here would clarify that reliance on such previously established evidence for relevant

1

Phase Two purposes is appropriate, but that attempts to introduce new evidence bearing solely upon Phase One or future phases will be precluded.

As the Court previously explained in granting BP's motion *in limine* to exclude Phase Two evidence from Phase One, "evidence is not admissible in Phase One simply because it is offered to prove gross negligence or willful misconduct." Rec. Doc. 5407 at 1. While the same logic suggests that evidence may not be admitted in Phase Two absent factual relevance to the actual issues to be tried in that phase, certain parties have designated portions of depositions that have no relevance to Phase Two whatsoever. Some of the designated testimony concerns issues that were relevant exclusively to the Phase One trial. *See, e.g.,* Campbell Dep. 42:7-43:6 (inquiring about the response to the March 8 kick); *id.* 58:6-60:11 (discussing the comparative advantages of using long string versus a liner and tieback); Tooms Dep. 123:22-124:14 (similar); Frazelle Dep. 167:25-168:23 (discussing well control training for on-the-rig wellsite leaders); LeBlanc Dep. 163:8-12 (inquiring as to who was the operator of the Macondo well); Levitan Dep. 434:23-440:20 (inquiring about the M57B sands); Skripnova Dep. 70:16-71:5 (similar). Other designated testimony concerns the trial phases that have not yet been scheduled. *See, e.g.*, Allen Dep. Tr. 160:23-161:7 (inquiring about what led to the moratorium); Herbst Dep. 352:2-18 (similar). None of the testimony, however, relates to the issues to be tried in Phase Two.

For those reasons, BP respectfully requests that its motion *in limine* be granted.

Dated: August 15, 2013

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of August, 2013.

                                                                                     /s/  Don K. Haycraft__