UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER |
| …………………………………………………... | : | MAGISTRATE JUDGE SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT AND PRIOR ADVERSE CRIMINAL, CIVIL, OR REGULATORY PROCEEDINGS**

On February 9, 2012, the Court issued an order barring the parties from introducing evidence regarding prior alleged improper conduct and prior adverse criminal, civil, or regulatory proceedings unrelated to the Macondo well. *See* Rec. Doc. 5634. As the Court noted in its order, the contested exhibits that were at issue all shared one of two common characteristics: (1) they pertained to a prior incident or accident in which BP was involved, and/or (2) they pertained to a prior civil, criminal, or regulatory proceeding in which BP was involved. *Id*. at 1. The contested exhibits included, for example, those relating to the Texas City refinery incident and the 2000 incident at BP's Grangemouth, Scotland complex. *Id*. at 2.

As the Court explained with respect to the alleged prior conduct:

> Evidence of prior conduct should be excluded under FRE 404(b) because the alleged prior conduct is not sufficiently similar to the Deepwater Horizon incident, particularly with respect to the issues that will be tried in Phase I. The evidence should also be excluded under FRE 403, which states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

1

*Id.* at 4.  "As to evidence of prior adverse criminal, civil, and regulatory proceedings," the Court explained, "the arguments and analysis are similar."  *Id.* at 6.  "This evidence fails under FRE 404(b) for lack of similarity; FRE 401 for lack of relevance; and FRE 403 for reasons of undue delay and waste of time during the trial of Phase I.  None of the proffered evidence would make it more or less likely that BP is responsible for loss of control of the Macondo well."  *Id.*

Just as the proffered evidence would not make it more or less likely that BP was responsible for the loss of control of the Macondo well, the proffered evidence has no bearing on either:  (i) "issues pertaining to the conduct or omissions of BP, Transocean, or other relevant parties regarding stopping the release of hydrocarbons stemming from the Incident from April 22, 2010 through approximately September 19, 2010," Rec. Doc. 6592 at 2-3; or (ii) "issues pertaining to the amount of oil actually released into the Gulf of Mexico as a result of the Incident," *id.* at 3.

For these reasons, BP submits that the Court's ruling with respect to the Phase One trial should apply with equal force to the Phase Two trial.  The issues to be tried in Phase Two are narrow and specific, and the Court has indicated that the trial will last only four weeks.  But if "the Court permits the parties to introduce evidence of prior accidents or prior instances of alleged misconduct, BP will have to be afforded an opportunity to present evidence concerning these prior events in order to both (1) defend its conduct regarding those instances and (2) prove those instances' dissimilarity to the facts of this case."  Rec. Doc. 5634 at 5.  There would thus be a "real danger of creating a 'trial within a trial.'"  *Id.* (quoting *In re Chicago Flood Litig.*, No. 93-1214, 1995 WL 437501, at *6 (N.D. Ill. July 21, 1995)).

Both Halliburton and the United States have indicated that they do not oppose applying the Court's ruling to Phase Two.  *See* T. Benson email dated June 21, 2013 5:26 PM; J. Martinez

email dated July 1, 2013 4:44 PM.  The PSC, in contrast, has contended that "BP opened the door to testimony and evidence such as referenced in this Order, and the Court allowed limited testimony on prior alleged improper conduct during Phase 1 after overruling BP's objection."  It accordingly contends that the Court's prior ruling should not apply to Phase Two.  *See* B. Barr. e-mail dated June 27, 2013 5:12 PM.  The PSC apparently refers to the Court's permitting one substantive question on redirect of Professor Robert Bea concerning BP's commitment to process safety in the wake of the Texas City incident.  *See* Tr. 502.  But the Court did not allow evidence of prior alleged improper conduct; it simply allowed the PSC to elicit testimony concerning whether BP's commitment to process safety had improved.  *See id.*  The Court's ruling was not inconsistent with the order that BP is asking the Court to apply to Phase Two, which specifically indicated that it "does not preclude other evidence of whether or not BP had in place an adequate process safety system on the Deepwater Horizon at the time of the Macondo blowout in April, 2010."  Rec. Doc. 5634 at 4-5.  There is simply no evidence that in allowing the PSC to ask one substantive question about BP's commitment to process safety ***after*** the Texas City incident, the Court meant to open the floodgates to irrelevant evidence concerning conduct unrelated to the Macondo well in violation of its ruling on BP's motion in *limine*.

Dated: August 15th, 2013                                  Respectfully submitted,


/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of August, 2013.

                                                                             /s/  Don K. Haycraft\_\_