UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| ……………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO BAR FACT OR OPINION TESTIMONY ON ISSUES OF LAW FROM PHASE II**

As part of the Phase I proceedings, BP moved to exclude all testimony constituting legal conclusions. Rec. Doc. 5108, 5351. The Court granted BP's motion in part, holding that legal conclusions are not a proper subject for testimony, and providing guidance on several specific examples. Rec. Doc. 5495 (the "Order").

BP asked the other parties to have the Court's Order apply to Phase II, so as to establish the basic and undisputed principle that witnesses cannot testify to legal conclusions along with the Court's direction on how this principle applies in practice. The PSC (joined by HESI) would not consent to having the Court's Order apply to Phase II, claiming that the "Order is highly fact specific and without a specific citation to evidence a party believes should be excluded the PSC is unable to agree that this Order is applicable to Phase 2." Letter from B. Barr to J. Eisert, et al. (June 27, 2013 17:12).

BP files this Motion to confirm that the fundamental rule that witnesses cannot testify to legal conclusions applies to Phase II. This Memorandum provides examples of witnesses testifying to legal conclusions in Phase II and requests that the Court bar such testimony.

As explained in BP's original briefing, that a witness cannot testify to a legal conclusion is a bedrock evidentiary rule. *See, e.g., Schafter v. Kodiak Manufacturing, Inc.*, Civil Action No.

11-619, 2011 WL 1656081, at *4 (E.D. La. May 2, 2011); *Imperial Trading Co. v. Travelers Property Casualty Co. of America*, 654 F. Supp. 2d 518, 522 (E.D. La. 2009); *BG Real Estate Services, Inc. v. Monticello Insurance Co.*, No. Civ.A. 04-3408, 2006 WL 461706, at *3 (E.D. La. Feb. 27, 2006); *see generally* Rec. Doc. 5108, 5351.  That principle applies to both lay and expert witnesses.  An expert may testify to the "general background information of federal regulations" to provide the context of her opinion, but may not testify to ultimate legal conclusions.  Rec. Doc. 5108 at 3 (quoting, e.g., *Betts v. General Motors Corp.*, No. 3:04cv169-M-A, 2008 WL 2789524, at *9 (S.D. Miss. July 16, 2008); Rec. Doc. 5351 at 4; *see also Mola Development Corp. v. United States*, 516 F.3d 1370, 1379 n.6 (Fed. Cir. 2008) ("Because the proper interpretation of these regulations is an issue of law, expert testimony relating to this question, such as the affidavit of a former government official, should not be received, much less considered.") (internal quotation marks omitted); *FAA v. Landy*, 705 F.2d 624, 632 (2d Cir. 1983) (holding that exclusion of expert testimony was proper where "questions soliciting the former FAA employee's understanding of the meaning and applicability of Part 91 and Part 121 FARs [Federal Aviation Regulations] would invade the province of the court to determine the applicable law and to instruct the jury as to that law."); *U.S. Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd.*, 582 F.3d 1131, 1150-51 (10th Cir. 2009) (holding that the "testimony given by Edwards [an expert witness] regarding the meaning of 14 C.F.R. § 23.903(e)(3) violated Fed. R. Evid. 702").

The Court granted BP's motion in part.  The Court's Order begins by noting that the "opposing parties do not disputes BP's position that legal conclusions are not a proper subject for testimony," but that the parties instead argued that the motion should have been denied for other reasons.  Rec. Doc. 5495 at 1.  The Court proceeded to consider the various examples listed by

BP, and held that questions regarding whether actions were "willful or intentional misconduct," "negligent," or "reckless disregard" were legal conclusions. *Id.* at 1-2. The Court also considered the use of the word "reckless," and found that where the context of the word demonstrated that it was employed in its legal meaning, then testimony that conduct was "reckless" was barred. *Id.* at 3.

Notably, the Court granted BP's motion as to both these specific examples as well as "similar examples of questioning by attorneys" or "other similar examples." *Id.* Thus, the Court was not simply making rulings on a handful of specific examples but instead provided broad guidance to the parties on what constituted improper legal conclusions.[1]

There should be nothing controversial about having the Court's Order apply to Phase II. Well-established case law prohibits testimony consisting of legal conclusions. As before, BP does not object to experts providing "general background information of federal regulations" where necessary to put their opinions in context, but such experts should be precluded from testifying to ultimate legal conclusions.

Despite the Court's Order, witnesses from other parties continue to testify to legal conclusions. For example, the PSC's purported expert Dr. Bea offers two opinions, one of which is that BP's alleged source control failures "resulted from a reckless disregard" of risks. Bea Rep. at 1. He repeatedly claims that BP acted with "reckless disregard," Bea. Rep. at 25, 34, "gross disregard," *id.* at 32, or "gross oversight," Bea Rebuttal Rep. at 8. This Court previously held that the "phrase 'reckless disregard' has legal significance" and granted BP's motion *in*

---

[1] The Court also considered BP's request to bar the opinions of Dr. Huffman on whether BP violated MMS regulations. The United States had argued that Dr. Huffman "was merely advancing his own interpretations" of the regulations and "do not purport to dictate to the trier of fact whether BP obeyed the law." Rec. Doc. 5231 at 4. The Court denied BP's motion to the extent it sought to bar Dr. Huffman's statements. Rec. Doc. 5495 at 2.

3

*limine* against another expert's "use of the phrase 'reckless disregard.'" Rec. Doc. 5495 at 2. Dr. Bea also repeatedly claims that BP acted "willfully" or that its actions were "willful," Bea Rep. at 3, 13, 28, 34, and that BP "intentionally" took or failed to take certain actions, *id.* at 20. As this Court previously held in granting BP's prior motion *in limine,* testimony about "whether actions were 'willful or intentional misconduct' … are legal conclusions." Rec. Doc. 5495 at 1. On various other occasions, Dr. Bea characterizes BP's conduct as "reckless" or acting "recklessly." Bea Rep. at 2, 13, 28; Bea Rebuttal Rep. at 2. The context of his report — particularly given his repeated use of other legal phrases — establishes that Dr. Bea is employing these terms in their legal meanings. The Court previously barred similar uses of the term "reckless." Rec. Doc. 5495 at 3. The prior conclusions of the Court's Order should apply here, and Dr. Bea should be precluded from offering any of these legal conclusions.

Moreover, Dr. Bea expressly testifies to ultimate legal conclusions. In particular, in his original report he claims that "BP had no plan designed to meet the regulatory requirement in 30 C.F.R. §254.5 … ." Bea Rep. at 27; *see also* Bea Rebuttal Rep. at 7. Such ultimate legal conclusions are improper and should be barred.

Halliburton's purported expected witness Eric Ziegler similarly testifies to a number of legal conclusions. For example, Ziegler claims that "BP was not a prudent and good and workmanlike oil and gas operator" regarding source control at Macondo. Ziegler Rep. at 5; *see also id.* at 16, 19, 20, 39, 46. Much like the phrase "reckless disregard," the terms "good and workmanlike manner" and "reasonably prudent operator" have legal significance — they are typically used to define the contractual obligation of an operator to the working interest owners of an oil or gas well. *See*, *e,g.*, *Norman v. Apache Corp.*, 19 F.3d 1017, 1029-30 (5th Cir. 1994) ("Texas courts have determined that in the context of a joint operating agreement, the

4

requirement that Apache conduct all operations—as permitted by, required by, and within the limits of the agreement—in 'a good and workmanlike manner' means that Apache has a duty to perform such operations 'as a reasonably prudent person engaged in drilling oil wells,' i.e., as a reasonably prudent operator."); *Reeder v. Wood County Energy, LLC*, 395 S.W.3d 789, 793 (Tex. 2012). Moreover, under the language of the joint operating agreements that govern the relationship between the operator and working interest owners, establishing a violation of the duty to operate in a good and workmanlike manner and as a reasonably prudent operator typically requires proving gross negligence or willful misconduct, *Norman*, 19 F.3d at 1029; *Reeder*, 395 S.W.3d at 795-96, reinforcing the legal significance of these terms. Thus, just as the Court barred Phase I experts from claiming that a party's conduct exhibited "reckless disregard," Rec. Doc. 5495 at 2, Ziegler (and other Phase II experts) should be precluded from claiming that BP did not operate in a "good and workmanlike manner" or act as a "reasonably prudent operator."

Furthermore, Ziegler improperly testifies to ultimate legal conclusions. For example, Ziegler claims that "BP also failed to follow government regulations (to be able to control the well at all times)" and that "BP failed to comply with various standards and regulations related to Source Control," citing a number of regulations. Ziegler Rep. at 43, 44; *see also id.* at 47 (claiming that BP failed "to follow regulations at 30 C.F.R. 250 for controlling the well at all times"). One can hardly imagine plainer examples of an expert testifying to ultimate legal conclusions. Furthermore, Ziegler claims that BP ignored U.S. regulatory requirements regarding source control, Ziegler Rebuttal Rep. at 4, claims that "without a cap preplanned, designed, dressed, and staged, BP violated BAST or BAST-type requirements or similar principles to use available technology" under OCSLA regulations, *id.* at 4, 14, and opines that "I

5

do not believe it is either permitted or appropriate under U.S. law, to risk determine the need for Source Control equipment such as a capping device … ," *id.* at 17-18.  All of these are likewise legal conclusions with are improper and should be excluded under governing law.

      For these reasons, BP respectfully requests that its motion *in limine* be granted and that the Court bar both fact and expert witnesses from offering testimony, either oral or written, constituting legal conclusions during the Phase II trial and order that any such testimony be redacted from any expert reports, depositions, or other documents.

Dated:  August 18, 2013

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of August, 2013.

                                                                       /s/  Don K. Haycraft__