IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * | MDL NO. 2179<br><br>SECTION: J<br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| Plaisance, *et al.*, individually and on behalf of the Medical Benefits Settlement Class,<br><br>Plaintiffs,<br><br>v.<br><br>BP Exploration & Production Inc., *et al.*,<br><br>Defendants. | * * * * * * * * * | NO. 12-CV-968<br><br>SECTION: J<br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE
PROFESSIONAL OBJECTOR JOSEPH DARRELL PALMER
AND THE FOUR REMAINING APPELLANT-OBJECTORS
<u>TO POST AN APPEAL BOND</u>**

Darrell Palmer's late-filed opposition [Doc 11007] simply confirms that the Court should require him to post an appeal bond for all of the reasons Plaintiffs set forth in their original motion [Doc 10924] and memorandum.

First, Palmer's platitudes and general statements concerning the general right to appeal fall flat. That the requested bond will not burden any purported right to appeal is demonstrated by Palmer's failure to contest the fact he can afford the $50,000 requested. In this regard, Palmer misplaces reliance on *Vaughn v. American Honda Motor Co.*, where the $150,000 bond

1126996.1                                               1

represented, in that case, "a vehicle to erect a barrier" to an appeal and encompassed attorney fees that the district court predicted might be shifted to the appellants.[1]  The Fifth Circuit, contrary to Palmer's suggestion, did *not* hold that an appeal bond should never be more than $1,000, nor that the court should never take into consideration the legitimate interest in dissuading an appeal that is taken by an objector "as a means of leveraging compensation for themselves or their counsel."[2]  Class Counsel fully support the notion that a district court should not use the imposition of a bond as a barrier to a meritorious appeal.  But the court should strike a balance between these competing interests, under the facts and circumstances presented, and the Fifth Circuit in *Vaughn* specifically stated that it was *not* ruling on the "extent of a district court's authority to address these considerations."[3]  Mr. Palmer has not made a showing that the $50,000 bond request constitutes an "unreasonable burden" nor a "barrier" to a meritorious appeal under the facts and circumstances presented.

Second, Palmer mischaracterizes Plaintiffs' request as tantamount to a request for a supersedeas bond.  As Plaintiffs have already made clear, the requested Fed. Rule App. Pro. 7 bond will ensure that Plaintiffs are not prejudiced should Palmer drop his appeal before Plaintiffs can seek reimbursement of their appeal costs under Fed. Rule App. Pro. 39.  The bond also will ensure the settlement fund is not depleted by the administrative costs resulting from the delay

---

[1] 507 F.3d 295, 299 (5th Cir. 2007).  The bond in *Vaughn* thus ran afoul of the rule that, "[e]ven if a district court concludes that attorney fees are likely to be awarded on the ground that an appeal is frivolous, the district court may not include such fees in an appellate bond." *In re MagSafe Apple Power Adapter Litig.*, 2012 U.S. Dist. LEXIS 88549, at *7 (N.D. Cal. May 29, 2012).

[2] 507 F.3d at 300.

[3] 507 F.3d at 300.

occasioned by Palmer's appeal.  This does not convert the bond into one that supersedes the judgment, but is entirely appropriate and consistent with the law.[4]

Third, instead of disputing his repeated bad faith and vexatious conduct, (including herein), Palmer contends without support that his "motives is [sic] completely legally irrelevant."[5]  But this is not a game.  The essence of every class settlement approval process is fairness to the Class, and the motives of objectors do matter.  Thus, as many courts have held, the factors justifying an appeal bond in the class settlement context may include a finding that the appellant is acting in bad faith.[6]  In addition to the panoply of cases cited in Plaintiffs' opening brief in which Palmer was sanctioned, held in contempt, and/or required to post a bond, a federal court in Philadelphia just recently imposed an appeal bond upon Palmer after he objected to and threatened to appeal the approval of a nationwide antitrust settlement.[7]

Further thumbing his nose at this Court, Palmer makes no effort to cure the standing deficiencies Plaintiffs noted in their motion.  Nor does he respond to Plaintiffs' point that they

---

[4] *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 279 (D. Mass. 2007) (requiring an appealing objector to post a $61,000 bond for estimated administrative costs the class would incur as a result of delay in distribution of settlement fund); *In re Wal-Mart Wage & Hour Empl. Practices Litig.*, 2010 U.S. Dist. LEXIS 21466, at *18 (D. Nev. Mar. 8, 2010) (requiring each of four appealing objectors to post a $500,000 bond in light of administrative costs and interest the class would lose as a result of the delay in compensation and injunctive relief provided under a settlement agreement); *Dennings v. Clearwire Corp.*, 2013 U.S. Dist. LEXIS 34274, at *6-7 (W.D. Wash. Mar. 11, 2013) (appeal bond included $39,150 for increased settlement administration costs).

[5] *See* OPPOSITION, at 6.

[6] *Fleury v. Richemont North Am., Inc.*, 2008 U.S. Dist. LEXIS 88166, at *19 (N.D. Cal. Oct. 21, 2008) ("[W]hether the appellant has shown bad faith or vexatious conduct" is pertinent); *Berry v. Deutsche Bank Trust Co. Ams.*, 632 F. Supp. 2d 300, 307 (S.D.N.Y. 2009) (same); *Dennings*, 2013 U.S. Dist. LEXIS 34274, at *4-5 (same); *In re Nutella Mktg. & Sales Practices*, 2012 U.S. Dist. LEXIS 172006, at *5 (D.N.J. Nov. 20, 2012) (imposing appeal bond based in part on "fact that the Objectors appear to be objectors who repeatedly raise objections in class actions around the country, further suggest[ing] that their appeal in this case is meritless.").

[7] *In re Flonase Antitrust Litig.*, No. 2:08-cv-03301-AB, Dkt. No. 607 (E.D. Pa. June 20, 2013).

may need to institute out-of-state collection proceedings to attempt to recover their appeal costs.[8] Palmer does not and cannot deny that he has been engaged in a pattern of what Judge Montgomery recently described in *In re Uponor, Inc.* (MDL 2247) as "dilatory tactics of questionable motivation."[9] Indeed, he is the lone obstacle to effectuation of a settlement that was overwhelmingly supported by the class and approved by the Court—which, as other courts have found in similar circumstances, strongly favors the requested bond.[10]

Mr. Palmer's track record of settlement disruption is well known to this Court, from the final approval briefs and hearing. True to form, Mr. Palmer is the sole obstacle to full implementation of the Medical Settlement and distribution of its benefits to the Class. But for the appeal he is pursuing, the Medical Benefits Settlement that the parties spent nearly a year negotiating and in which thousands of class members have filed claims, would be delivering relief today.

Mr. Palmer's clients appear to share no such real interest in the Medical Benefits Settlement. Contrary to the representations Mr. Palmer made to this court at the November 19, 2012 fairness hearing,[11] he has filed no medical settlement claims on behalf of these clients.[12] Based on the record, (including this Court's requirement of proof of class membership in

---

[8] *Dennings*, 2013 U.S. Dist. LEXIS 34274, at *4-5 (finding "there is a risk of non-payment of appeal costs given that both objectors live in Texas, and it may therefore be difficult to enforce a cost order imposed upon them.").

[9] *In re Uponor, Inc.*, 2012 WL 3984542, at *3 (D. Minn. Sept. 11, 2012).

[10] *See, e.g., In re Uponor, Inc.*, *supra*, 2012 WL 3984542, at *6 (bond of $125,000 "reflects that the appeal will result in a significant delay of the claims process and ultimate payment to class members. Courts have approved much higher Rule 7 bonds in the class settlement context."); *In re Checking Account Overdraft Litig.*, 2012 U.S. Dist. LEXIS 18384, at *46 (S.D. Fla. Feb. 14, 2012) (requiring serial objectors to post a bond of $616,338 in light of the "highly detrimental impact of an appeal as to the entire class"); *Barnes v. FleetBoston Fin. Corp.*, 2006 WL 6916834, 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) (requiring a "repeat objector" to post a bond in the amount of $645,111.60).

[11] *See* TRANSCRIPT (Nov. 19, 2012), at p.227.

[12] *See* DECLARATION OF MATT GARRETSON (Aug. 18, 2013).

association with the filing of any Objection[13]),  they "lack any interest" in the settlement their counsel holds hostage. *See, e.g., Silverman v. Motorola Solutions, Inc.*, 2013 U.S.App.LEXIS 16878, *2 (7th Cir. Aug. 14, 2013) (Easterbrook, J) (class member who did not file claim lacked any interest in challenging class attorneys' fee award).

A bond is further essential because, as Judge Easterbook's insights in *Silverman v. Motorola Solutions* demonstrate, even technical membership in the class, (were the Palmer clients belatedly able to demonstrate it), does not suffice for standing on appeal absent a real injury.  As held in *In re: First Capital Holdings Corp. Fin. Prods. Sec. Litigation*, 33 F.3d 29, 30 (9th Cir. 1994), "Simply being a member of a class is not enough to establish standing.  One must be an aggrieved class member.… The word 'aggrieved' is a necessary, not merely a descriptive, term." *Id.*, citing, inter alia, *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30, 32-33 (3rd Cir. 1971).  In *First Capital*, the appealing objector was technically a class member, whose claim was denied because she had lost no money in the underlying scheme.  Her appeal was thus dismissed for lack of standing.  33 F.3d at 30.  Here, Palmer represented to the Court that his clients had made claims in the settlement; as of that time, as of the time of their appeal, and to this day, they have not done so, likely because such claims would fail.

Justice delayed is justice denied to the class members with actual interest in the Medical Benefits Settlement.  The bond is at least a token reminder, to objectors and their counsel, of the real interests of others that are at stake in the settlement.  A $50,000 bond is in keeping with prevailing law and justified for the reasons stated herein and in the motion.  Palmer's unsupported and gratuitous request for a stay, which would force the class members to wait even

---

[13] *See* PRELIMINARY APPROVAL ORDER [Doc 6419], ¶25.  (In particular, based upon the residency records for the objectors / appellants that were provided, such persons would have also needed to establish either that they were Clean-Up Workers, a defined in the Settlement, or had suffered a Specified Physical Condition, as defined in the Settlement Agreement.)

longer for the valuable monetary and diagnostic settlement benefits, should be denied. Plaintiffs respectfully submit that the Court should require the Palmer objectors to post this bond forthwith.

## Conclusion

For these reasons, and for the reasons previously provided, the Class' Motion to Impose Appeal Bond should be granted.

This <u>19th</u> day of <u>August</u>, <u>2013</u>.

Respectfully Submitted,

| | |
|---|---|
| */s/ Stephen J. Herman* | */s/ James Parkerson Roy* |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN KATZ LLC | DOMENGEAUX WRIGHT ROY EDWARDS |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Medical Benefits Class Counsel* | *Co-Lead Medical Benefits Class Counsel* |

### MEDICAL BENEFITS CLASS COUNSEL

| | |
|---|---|
| Joseph F. Rice | Conrad S.P. "Duke" Williams |
| MOTLEY RICE LLC | WILLIAMS LAW GROUP |
| 28 Bridgeside Blvd. | 435 Corporate Drive, Suite 101 |
| Mount Pleasant, SC 29464 | Maison Grand Caillou |
| Office: (843) 216-9159 | Houma, LA 70360 |
| Telefax: (843) 216-9290 | Office: (985) 876-7595 |
| E-Mail: jrice@motleyrice.com | Telefax: (985) 876-7594 |
| | E-Mail: duke@williamslawgroup.org |

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail:  bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail:  jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW Denham Springs, LA 70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

## CERTIFICATE OF SERVICE

We hereby certify that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 19th day of August, 2013.

/s/ Stephen J. Herman and James Parkerson Roy