UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL No. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | : | |
| OF MEXICO, ON APRIL 20, 2010 | : | SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | : | |
| ALL CASES | : | MAGISTRATE JUDGE SHUSHAN |
| | : | |

........................................................................................................................................

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION *IN LIMINE* TO EXCLUDE ADMITTEDLY INCORRECT
OPINION TESTIMONY OF ADRIAN JOHNSON**

BP/Anadarko testifying expert witness Adrian Johnson admitted in deposition that some of the calculations in his expert report were incorrect. The United States seeks a ruling *in limine* excluding that portion of Dr. Johnson's opinions. Because they are admittedly incorrect, they cannot aid the Court in determining any issue in this case. The incorrect portion of Dr. Johnson's expert report should be redacted from the version of the report offered into evidence should Dr. Johnson testify at trial.

**BACKGROUND**

Dr. Johnson is an oil and gas industry consultant hired by BP to respond to the testimony of United States testifying experts Ronald Dykhuizen and Stewart Griffiths. Dr. Dykhuizen is a principal member of the Sandia National Laboratory technical staff who participated in the "Tri-Labs" team set up by the United States during the response to help BP with scientific issues related to stopping the flow of oil. In this litigation, Dr. Dykhuizen built on the work he did during the response to develop, *inter alia*, several flow rate estimates specific to different time periods of the response.

The flow rate estimate at issue here is based on the flow during the time the collection device known as Top Hat 4 was installed.  Top Hat 4 was in place from June 3, 2010 to July 11, 2010.  Attachment 1 (Excerpts of Dykhuizen Expert Report) at 16.  During the time the Top Hat was in place, there were three avenues of flow: a portion was collected by a surface vessel, a portion flowed out of three vents at the top of the Top Hat, and a portion flowed out the bottom of the Top Hat (known as the skirt).  *Id*.  For part of the Top Hat period, the collected amounts were measured at about 15,000 barrels of oil per day ("BOPD") and Dr. Dykhuizen calculated the vent flow as approximately 23,000 BOPD.  *Id*.  With a conservative estimate for the skirt flow, Dr. Dykhuizen developed a total estimate of 60,000 BOPD for the period.  *Id*. at 15-16.

Dr. Johnson challenged this calculation.  However, at deposition, Dr. Johnson conceded that he had not opined on the accuracy of the collected oil amount or Dr. Dykhuizen's vent flow calculations.  Attachment 2 (Excerpts of Johnson Deposition) at 366:9-367:14; 369:7-13.  Dr. Johnson did criticize Dr. Dykhuizen's skirt flow calculations, saying they could be off by an "order of magnitude."  Attachment 3 (Excerpts of Johnson Expert Report) at 42.  So where Dr. Dykhuizen calculated a five digit flow from the skirt of the Top Hat, Dr. Johnson opined that the flow rate could be as low as 1,800 BOPD.  *Id*. at 41.

However, Dr. Johnson performed the calculations incorrectly, as Dr. Dykhuizen pointed out in his expert rebuttal report.  Dr. Johnson admitted the mistake in his deposition.  Attachment 2 at 373:11-374:18.  When Dr. Johnson did the calculations correctly, he calculated a range of values for the skirt flow from 27,751 to 34,852 BOPD.  *Id*. at 374:19-376:9.  Notably, the values calculated by Dr. Johnson for skirt flow are more than sufficient to support Dr. Dykhuizen's overall flow rate estimate of 60,000 BOPD for the Top Hat period.  Despite the error in calculations, Dr. Johnson contended that the point in his expert report – that the skirt flow calculation was uncertain – remained accurate.  *Id.* at 11:20-12:8.

The United States asked counsel for BP/Anadarko to redact the portion of Dr. Johnson's expert report that contained the admittedly incorrect analysis.  BP/Anadarko declined to do so. Attachment 4 (Email Correspondence among Counsel).

## ARGUMENT

Now that Dr. Johnson has conceded that his calculations were incorrect, they should be redacted from his expert report.  We assume that Dr. Johnson will not testify on the incorrect analysis at trial.  However, under the rules for this case, if Dr. Johnson testifies live at trial, his expert report will come in as substantive evidence.  That expert report contains analysis that Dr. Johnson now concedes is simply wrong.  Allowing an admittedly incorrect analysis into evidence can only run the risk of confusion and is not helpful to the Court.  Thus Dr. Johnson's admittedly incorrect analysis should be excluded. The Fifth Circuit has explained:

> Certainly nothing in Rule 703 requires a court to admit an opinion based on facts that are indisputably wrong. Even if Rule 703 will not require the exclusion of such an unfounded opinion, general principles of relevance will. In other words, an opinion based totally on incorrect facts will not speak to the case at hand and hence will be irrelevant. In any event such an opinion will not advance the express goal of "assisting the trier of fact" under rule 702.
>
> ***
>
> Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all. Both analyses result in pure speculation.

*Guillory v. Domtar Industries Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996) (internal citations omitted).

At the very least, the Court should order BP/Anadarko to redact the portion of Dr. Johnson's expert report setting forth the incorrect analysis: the text beginning at number 3 on p. 41 and continuing through until heading 5.1.2 on p. 42.  This text is highlighted in yellow in Attachment 3.  The Court should also preclude Dr. Johnson from testifying about Dr. Dykhuizen's skirt flow calculations at all, given that his opinion was "based on a fictitious set of

facts." *Guillory*, 95 F.3d at 1331.  While Dr. Johnson provided three points in his expert report to support his conclusion that the skirt flow calculation was unreliable, he devoted most of his discussion to the since-repudiated loss coefficient analysis.  That analysis was a foundational part of his opinion.  Now that it is admittedly incorrect, the broader opinion cannot stand.

## CONCLUSION

The United States respectfully requests that the Court preclude Dr. Johnson from providing opinion testimony based on work that he has since acknowledged was incorrect.  This means redacting the relevant portion of his expert report so that the incorrect analysis will not come into evidence in this case.  The United States also asks that Dr. Johnson be precluded from testifying about Dr. Dykhuizen's skirt flow calculation, since Dr. Johnson's analysis on that point was based in large part on an incorrect analysis.

Respectfully submitted,

| | |
|---|---|
| BRIAN HAUCK | ROBERT G. DREHER |
| Deputy Assistant Attorney General | Acting Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| | |
| PETER FROST | SARAH HIMMELHOCH |
| Directory, Torts Branch, Civil Division | Senior Litigation Counsel |
| Admiralty and Aviation | NANCY FLICKINGER |
| STEPHEN G. FLYNN | SCOTT CERNICH |
| Assistant Director | RICHARD GLADSTEIN |
| MICHELLE DELEMARRE | THOMAS BENSON |
| SHARON SHUTLER | Senior Attorneys |
| JESSICA SULLIVAN | A. NATHANIEL CHAKERES |
| JESSICA MCCLELLAN | ANNA CROSS |
| MALINDA LAWRENCE | BETHANY ENGEL |
| Trial Attorneys | JUDY HARVEY |
| | RACHEL KING |
| | ERICA PENCAK |
| | Trial Attorneys |

| | |
|---|---|
| /s/ R. Michael Underhill | /s/ Steven O'Rourke |
| R. MICHAEL UNDERHILL, T.A. | STEVEN O'ROURKE |
| Attorney in Charge, West Coast Office | Senior Attorney |

Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
Telephone:  415-436-6648
Facsimile:  415-436-6632
E-mail:  mike.underhill@usdoj.gov

Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone:  202-514-2779
Facsimile:  202-514-2583
E-mail:  steve.o'rourke@usdoj.gov

DANA J. BOENTE
United States Attorney
Eastern District of Louisiana
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA  70130
Telephone:  (504) 680-3000
Facsimile:  (504) 680-3184
E-mail:  sharon.d.smith@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date: August 19, 2013.                                  /s/ Steven O'Rourke
                                                         U.S. Department of Justice