UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf Of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This document applies to: ALL CASES | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |

## MEMORANDUM OF POINTS AND AUTHORITIES

In its July 12, 2013 Working Group Conference Order, the Court excluded Transocean from participating in the Quantification Segment of the Phase Two trial, required Transocean to withdraw the expert reports of Kerry Pollard and Dr. Sankaran Sundaresan, and prohibited Transocean from participating in the depositions of other parties' quantification experts. *See* Rec. Doc. 10762, at 2-3. On July 24, 2013, Transocean requested clarification that, as a result of its exclusion from quantification-related discovery and trial proceedings, the Phase Two Quantification Segment would not be binding upon Transocean and would not prejudice Transocean's rights. Rec. Doc. 10961. On August 9, 2013, Magistrate Judge Shushan denied in part and dismissed as moot in part Transocean's request for clarification. Rec. Doc. 10982 (the "August 9 Order"). Transocean now appeals that part of the August 9 Order that denied Transocean's request for clarification.[1]

---

[1] In its request for clarification, Transocean discussed the risk that Quantification Segment testimony could be used in determining whether any oil discharged on or above the surface of the Gulf of Mexico and therefore affect claims against Transocean under the Oil Pollution Act (OPA). The August 9, 2013 Order dismissed this portion of Transocean's request for clarification as moot because Transocean has agreed with the government that the "surface oil and burnoff" issue can be resolved on cross-motions for summary judgment after the Phase Two trial. To the extent that the Court's ruling recognizes that that the issue falls outside the scope of

Fundamental due process principles protect a party from being bound by the adverse results of litigation in which it did not participate, whether or not that party would take the same litigating position as another party on the same issues. *See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 329-30 (1971) ("Some litigants—those who never appeared in a prior action—may not be collaterally estopped without litigating the issue. They have never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position."). Absent a "full and fair opportunity to litigate the issue" in a proceeding, a party cannot be estopped in future proceedings from litigating that same issue. *Rachal v. Hill*, 435 F.2d 59, 62 (5th Cir. 1970); *see also Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 395 (5th Cir. 2001) ("Traditional rules of preclusion as adopted in federal case law—whether under the doctrine of collateral estoppel or res judicata—require that the party to be estopped from re-litigating a claim have had a full and fair opportunity to litigate the issue."). In particular, parties have a due process right to confront and cross-examine adverse expert witnesses. *See Goldberg v. Kelly*, 397 U.S. 254, 269 (1970); Fed. R. Evid. 705.

In light of these due process principles, the Court should clarify that any findings of fact or conclusions of law based on the evidence presented during the Phase Two Quantification Segment will be applicable only to the United States' CWA civil penalty claim against BP and Anadarko and will not limit Transocean's rights in the limitation action or otherwise apply to any claim against Transocean for liability based on its ownership or operation of the Deepwater Horizon, including the Oil Pollution Act (OPA) claim asserted by the United States as its second claim for relief in Case No. 10-4536.

---

the Phase Two Quantification Segment, Transocean does not object to the Court's dismissal of this particular request as moot.

While Transocean seeks clarification that *any* findings based on evidence introduced during the Quantification Segment will not limit Transocean's rights in *any* respect, Transocean's request for clarification highlighted an issue of particular concern: in light of Transocean's exclusion from the Quantification Segment, evidence introduced during that segment should not be used to make findings regarding the Phase One issues of operation of the BOP on April 20 or the April 20, 2010 flow rate. In Phase One, Transocean submitted evidence that the Deepwater Horizon's BOP was fully functional on the evening of April 20, 2010, and that the flow from the well was sufficient to lift and buckle the drill pipe by 9:47 p.m. on April 20, 2010. *See* Rec. Doc. 10961, at 2 (citing Rec. Doc. 10463, ¶ 503). Allowing the parties to the Quantification Segment to re-litigate these issues in Transocean's absence would violate due process and fundamental principles of fairness.

For the reasons set forth above, Transocean respectfully requests that the Court grant its appeal from that portion of the August 9, 2013 Order that denied Transocean's request for clarification.

Dated: August 19, 2013

By:   s/ Brad D. Brian
Brad D. Brian
Michael R. Doyen
Daniel B. Levin
MUNGER TOLLES & OLSON LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel:  (213) 683-9100
Fax:  (213) 683-5180
Email:  brad.brian@mto.com
            michael.doyen@mto.com
            daniel.levin@mto.com

John M. Elsley
ROYSTON, RAYZOR, VICKERY & WILLIAMS

Respectfully submitted,

By:   s/ Steven L. Roberts
Steven L. Roberts
Rachel Giesber Clingman
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel:  (713) 470-6100
Fax:  (713) 354-1301
Email:  steven.roberts@sutherland.com,
            rachel.clingman@sutherland.com

By:   s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC

3

| | |
|---|---|
| LLP | 110 Poydras St., Suite 3700 |
| 711 Louisiana Street, Suite 500 | New Orleans, LA 70163 |
| Houston, TX 77002 | Tel:  (504) 599-8194 |
| (713) 224-8380 | Fax:  (504) 599-8154 |
| | Email: kmiller@frilot.com |

*Counsel for Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC,* and *Triton Asset Leasing GmbH.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2013, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

<u>/s/ Kerry J. Miller</u>