UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig "Deepwater  :  MDL No. 2179
Horizon" in the Gulf of Mexico, on  :
April 20, 2010  :  SECTION: J
 :
This Document Relates To: All Actions  :  JUDGE BARBIER
 :  MAGISTRATE JUDGE
……………………………………………...  :  SHUSHAN

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE
CERTAIN OPINIONS AND TESTIMONY OF EDWARD R. ZIEGLER, P.E.**

Edward R. Ziegler, P.E., proffered by the Aligned Parties as a Phase 2 source control expert, is a professional witness who has claimed expertise in subject matters ranging from lightning strikes to flow rate modeling.  In other cases in which he has been presented as an expert, Mr. Ziegler's testimony has been excluded, in whole or in part, by at least six courts.[1]

In the *Deepwater Horizon* litigation, Mr. Ziegler has offered two wide-ranging and at times incomprehensible expert reports that include (1) unsupported and unreliable opinions concerning BP's state of mind during the Macondo Response; (2) legal opinions of the type that the Fifth Circuit has long held to be improper subjects for expert testimony; and (3) impermissible "Phase 1" opinions regarding operation of the diverter system, BOP configuration, and casing design.  As explained below, Mr. Ziegler should be prohibited from testifying at trial with respect to any of these subjects.

---

[1] *See, e.g.*, *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 982-83 (8th Cir. 2010); *Rushing v. Pride Int'l, Inc.*, No. 4:11-cv-294, 2011 WL 3021043, at *6 n.17 (S.D. Tex. July 22, 2011); *Young v. Brand Scaffold Servs., LLC*, No. 1:07-cv-917, 2009 WL 4674050, at *1-5 (E.D. Tex. Feb. 24, 2009); *Cramer v. Powder River Coal, LLC*, 204 P.3d 974 (Wyo. 2009); *Moore v. Mem'l Hermann Hosp. Sys.*, 140 S.W.3d 870, 876-77 (Tex. App.–Houston 2004); *Hilton v. Hillman Distrib. Co.*, 12 S.W.3d 846 (Tex. App.–Texarkana 2000).

## ARGUMENT

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, as interpreted in *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579 (1993). Expert opinions must be both relevant and reliable to be admissible. *Id.* at 591-92. To be relevant, the opinions must "assist the trier of fact to understand or determine a fact in issue." *Id.* To be reliable, the reasoning or methodology underlying the expert's testimony must be scientifically valid. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (quoting *Daubert*, 509 U.S. at 592-93). Mr. Zeigler's opinions lack reliability and should not be offered at trial.

### I.   Mr. Ziegler's Opinions About BP's State of Mind Should Be Excluded Because They Are Not Based on a Reliable Methodology.

To be reliable, the reasoning or methodology underlying an expert's testimony must be scientifically valid. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d at 352 (quoting *Daubert*, 509 U.S. at 592-93); *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010). "[I]t is axiomatic that an expert . . . is not permitted to speculate." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003).

At his deposition and throughout his reports, Mr. Ziegler speculates about topics for which he conducted no rigorous analysis of any kind. Mr. Ziegler's initial report states, for example, that "BP may have intentionally progressed with various Source Control procedures, possibly hoping that the well would bridge on its own in the meantime, without having optimal data collection capability for anyone to use to calculate actual flow rates." Initial Report at 37, ¶ 8. When asked about this unfounded assertion, Mr. Ziegler conceded that he did not "know what was in [BP's] minds," but he went on to testify that BP hoped that the well would bridge over. Ziegler Dep. at 274:4-276:7.

Mr. Ziegler's opinions about what BP's intent and motivations during the Response may have been are precisely the kind of impermissible speculation that is incapable of "objective, independent validation of the expert's methodology." *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).  Numerous federal courts have excluded opinions, like Mr Ziegler's, that purport to opine on a corporation or its employees' state of mind.[2]  The Court should follow this salutary practice and exclude Mr. Ziegler's speculative attempts to decipher and offer testimony regarding BP's corporate state of mind.

## II.   Mr. Ziegler's Opinions Interpreting Federal Regulations Should Be Excluded as Irrelevant Because They Are Impermissible Legal Conclusions.

Under *Daubert*, opinions on issues of law are irrelevant to the trier of fact, and an expert "may never render conclusions of law."  *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009).

But notwithstanding Mr. Ziegler's insistence that he was not retained to give legal opinions, Ziegler Dep. at 177:19-25, he repeatedly offers interpretations of federal regulations. For example, Mr. Ziegler's initial report includes a footnote that "summarized" in great detail (spanning two pages) federal standards and regulations that he claims should have applied to BP. Initial Report at 44-45, n.205.  At his deposition, Mr. Ziegler disagreed with the fact that Top Kill was authorized by the government, stating that the MMS and Coast Guard signatures on the

---

[2] *DePaepe v. Gen. Motors Corp.,* 141 F.3d 715, 720 (7th Cir. 1998) (error to allow an expert to speculate as to corporate motive); *Aerotech Res., Inc. v. Dodson Aviation, Inc.,* No. 00-2099-CM, 2001 WL 474296, at *2 (D. Kan. Apr. 4, 2001) (excluding expert from testifying on the expression of a witness's subjective intent when entering into a contract); *S.E.C. v. Lipson*, 46 F. Supp. 2d 758, 763 (N.D. Ill. 1998) ("Mr. Perks' opinions concerning what Mr. Lipson or others at Supercuts believed about the reliability of the internal financial reports falls far short of meeting the reliability and helpfulness criteria set forth in Rule 702."); *Taylor v. Evans,* No. 94 Civ. 8425 (CSH), 1997 WL 154010, at *2 (S.D.N.Y. Apr. 1, 1997) ("Moreover, [proposed expert's] musings as to defendants' motivations would not be admissible if given by any witness - lay or expert.").

3

Top Kill protocol did not represent authorization because BP was the responsible party under the Oil Pollution Act and corresponding regulations. Ziegler Dep. at 250:2-16.

Mr. Ziegler also opined that the federal regulatory concept of Best Available and Safest Technology ("BAST") was not fully implemented on the *Deepwater Horizon*, Initial Report at 20 & n.73, 39; Rebuttal Report at 4, 14-15, 17, and he confirmed in his deposition that he was applying BAST as used in federal regulations, Dep. at 100:23-102:10, 104:12-105:1. By his own admission, Mr. Ziegler was interpreting the federal regulations with respect to BAST and applying them. Mr. Ziegler's opinion as to whether federal law required BP to have had access to a deepwater capping stack capable of shutting in the Macondo Well before the incident is a pure issue of law that impermissibly infringes on the role of this Court. *See, e.g.*, *Flynn v. Tex-Air Helicopters, Inc.*, Civil Action No. 03-177, 2006 WL 5153149, at *1 (E.D. La. Feb. 22, 2006) (finding opinions interpreting FAA regulations inadmissible legal conclusions).

Mr. Ziegler's opinions interpreting federal regulations should be barred because they are impermissible legal opinions. Legal opinions from testifying experts are irrelevant because "they do not assist the trier of fact to understand the evidence," but instead merely "tell[] the trier of fact what result to reach." *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09-CV-226-SA-JAD, 2011 WL 2746301, at *1 (N.D. Miss. July 12, 2011). The Fifth Circuit has held that "an expert may never render conclusions of law," *Goodman*, 571 F.3d at 399, and has held that an interpretation of a regulation is a pure issue of law. *See Coca Cola Co. v. Atchinson, Topeka & Santa Fe Ry. Co.*, 608 F.2d 213, 222 (5th Cir. 1979); *see also Mola Dev. Corp. v. United States*, 516 F.3d 1370, 1379 n.6 (Fed. Cir. 2008).

Notably, this is not the first time that Mr. Ziegler has tried to offer legal opinions as expert testimony. In *Rushing v. Pride Int'l,* 2011 WL 3021043, at *6 n.17, and consistent with

the Fifth Circuit rule, the Southern District of Texas excluded Mr. Ziegler's testimony about whether an offshore asset was a "vessel" for regulatory purposes  status of as an inadmissible legal conclusion.  Here, Mr. Ziegler's legal opinions on federal regulations should also be excluded as encroaching territory reserved for the Court and proffering testimony in areas in which Mr. Ziegler is unqualified to testify as an expert.

### III. Mr. Ziegler's Reports and Testimony Include Phase 1 Opinion That Should Be Barred.

Mr. Ziegler's reports include discussion of his views on Phase 1 subjects such as the *Deepwater Horizon*'s BOP configuration and the Macondo casing design.  Mr. Ziegler's Phase 1 opinions fall into the following two broad categories:

- **Maintenance, Operation, and Configuration of the BOP**.  Mr. Ziegler states that the *Deepwater Horizon* BOP was allegedly degraded or modified before the Incident, which impacted the BOP's ability to act as an effective barrier to a blowout.  Further, he opines on alleged maintenance issues associated with the BOP.  *See, e.g.*, Initial Report at 31-32.

- **Casing Design**.  Mr. Ziegler states that BP should not have included rupture disks in the casing design.  *See, e.g.*, Initial Report at 32, 42, 45; Rebuttal Report at 6, 21; Ziegler Dep. at 287:8-288:1.

This Court recently struck opinions offered by Dr. Glen Stevick, a Halliburton expert, as impermissible Phase 1 testimony (Rec. Doc. 10991).  Mr. Ziegler's attempt to smuggle Phase 1 testimony into Phase 2 should also be barred for the same reasons.  *See* PTO 41 (Rec. Doc. 6592).

### CONCLUSION

For the foregoing reasons, BP respectfully requests that the Court exclude Mr. Ziegler's opinions and testimony regarding (1) BP's state of mind during the Response; (2) legal compliance with government regulations; and (3) Phase 1 issues.

Dated: August 19, 2013                    Respectfully submitted,

By: /s/ Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production Inc. & BP America Production Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of August, 2013.

/s/ Don K. Haycraft