UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL NO. 2179 SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| ALL CASES | : : : | MAGISTRATE JUDGE SHUSHAN |

**MEMORDANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO PRECLUDE OPINION TESTIMONY OF BP/ANADARKO WITNESS CURTIS WHITSON AS TO PURE QUESTION OF LAW**

The United States seeks a ruling precluding opinion testimony offered by BP/Anadarko expert witness Dr. Curtis Whitson regarding a pure question of law. In his expert report dated May 1, 2013, Dr. Whitson contends that oil discharged from the Macondo well that dissolved in the Gulf of Mexico before reaching the surface should be ignored for purposes of calculating the total volume of oil discharged, which is the basis for determining the statutory maximum penalty under the Clean Water Act, 33 U.S.C. § 1321(b)(7). At his deposition on July 23, 2013, Dr. Whitson testified that whether dissolved oil should be counted toward the maximum penalty under the Clean Water Act is a legal question. Therefore, any trial testimony on the issue will not be helpful to this Court as the trier of fact and should be precluded. For the reasons discussed below, and in the United States' Memorandum in Support of its Motion for Partial Summary Judgment as to the Inclusion of Dissolved Oil in the Calculation of the Statutory Maximum Penalty (Attachment 1), the United States respectfully requests that the Court preclude Dr. Whitson's opinions and testimony regarding dissolved oil.

**BACKGROUND**

On May 1, 2013, Dr. Curtis Whitson submitted an expert report on behalf of BP and Anadarko, providing a model that purports to describe how the Macondo reservoir fluid behaves under different pressure, volume and temperature conditions. Dr. Whitson's report includes a discussion of how to convert a given amount of Macondo reservoir fluid to stock tank barrels (STB), the unit by which civil penalties are assessed under the Clean Water Act. *See* Attachment 2 (Excerpts of Whitson Expert Report) at 8. That discussion includes a conclusion by Dr. Whitson that approximately 10% (+/- 3%) of the oil spilled from the Macondo well into the Gulf of Mexico should be ignored because, he posits, that oil dissolves in the water before reaching the surface of the Gulf.[1] *Id.* at 30-32.

At his deposition, however, Dr. Whitson conceded that whether dissolved oil should be counted toward the civil penalties in this case is a legal issue:

> Q. Okay. Dr. Whitson, do you agree that the question of whether dissolved oil should be counted toward the maximum penalty under the Clean Water Act, in this case, is a legal question?
>
> A. Yes.

Attachment 3 (Excerpts of Whitson Deposition) at 421:22-422:3. BP has also characterized the inclusion or exclusion of dissolved (solubilized) oil as a legal issue. In the deposition of United States' reservoir fluids expert Dr. Zick, taken on June 28, 2013, BP asked the following questions:

> Q. (By Mr. Beffa) In -- in your Expert Report, you describe that you don't think the solubility calculation should be taken into account for purposes of calculating stock tank volumes, correct?

---

[1] The United States does not concede that Dr. Whitson accurately describes the process by which hydrocarbons dissolve into seawater or accurately estimates the amount of oil that dissolved into the Gulf. In fact, Dr. Whitson's deposition testimony indicates that he does not have a thorough understanding of the third party work that he claims underlies his dissolution analysis. *See* Attachment 3 at 256-260. However, the accuracy of his description and estimates are irrelevant to the issues raised in this motion to exclude opinion testimony on a pure question of law.

      A.  Correct.

      \*\*\*

      Q. You agree that that's a legal question, whether the solubility effects should be taken into account?

      \*\*\*

      Q.  But, ultimately, a legal question whether [the solubility effects] should be included or not?

Attachment 4 (Excerpts of Zick Deposition) at 263:10-263:15; 264:3-5; 265:22-23.

On July 15, 2013, the United States filed a Motion for Partial Summary Judgment as to the Inclusion of Dissolved Oil in the Calculation of the Statutory Maximum Penalty.  Attachment 1.  In its July 22, 2013 Working Group Conference Order, the Court indicated that the motion would not be resolved before the start of the Phase Two trial.  *See* Order at 3 (Rec. Doc. 10810).

## ARGUMENT

Federal Rule of Evidence 702 provides that expert testimony is proper if it will "help the trier of fact to understand the evidence or determine a fact in issue."  Fed. R. Evid. 702.  Pursuant to Federal Rule of Evidence 704, expert opinion is "not automatically objectionable" because it may embrace an ultimate issue to be decided by the trier of fact.  Fed. R. Evid. 704.  However, the Fifth Circuit has "repeatedly held that [Rule 704] does not allow an expert to render conclusions of law."  *Snap–Drape, Inc. v. Comm'r of Internal Revenue*, 98 F.3d 194, 198 (5th Cir. 1996) (citing *Alldread v. City of Grenada*, 988 F.2d 1425, 1436–37 (5th Cir. 1993); *Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).  "Therefore, expert testimony that offers a legal opinion is inadmissible."  *United States v. Clark*, No. 109-CR-114-ALLTH, 2010 WL 2710569, at \*2 (E.D.Tex. July 7, 2010) (citing *Estate of Sowell v. United States*, 198 F.3d 169 (5th Cir. 1999); *Askanage v. Fatjo*, 130 F.3d 657, 669 (5th Cir. 1997).  *See also Levin v. Dalva*

*Brothers, Inc.*, 459 F.3d 68, 79 (1st Cir. 2006) ("Generally, an expert may not offer an opinion concerning a legal question."); *Clark*, 2010 WL 2710569 at *2 ("it is well-established in the Fifth Circuit that Rule 704 does not permit an expert to render conclusions of law") (citations omitted).

As the Seventh Circuit aptly stated in *United States v. Caputo*, "[t]he only legal expert in a federal courtroom is the judge." 517 F.3d 935, 942 (7th Cir. 2008) (excluding testimony where the proposed "expert" would have testified about the meaning of the statute and regulations). Because the question of whether hydrocarbons dissolved in the Gulf count toward the appropriate civil penalty in this case is a legal question, Dr. Whitson should not be allowed to testify that it should not be included in STB, the measure of penalties. The Court, as the only legal expert in the courtroom, does not require Dr. Whitson's assistance to determine whether dissolved oil should be included in the calculation of the number of stock tank barrels discharged from the Macondo well to the Gulf of Mexico.

## CONCLUSION

The United States respectfully requests that the Court preclude Dr. Whitson from providing opinion testimony related to what Dr. Whitson admits is a legal question: whether the oil that dissolved in the Gulf of Mexico before reaching the surface should be ignored for purposes of calculating the total volume of oil discharged.

Respectfully submitted,

| | |
|---|---|
| BRIAN HAUCK | ROBERT G. DREHER |
| Deputy Assistant Attorney General | Acting Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| | |
| PETER FROST | SARAH HIMMELHOCH |
| Directory, Torts Branch, Civil Division | Senior Litigation Counsel |
| Admiralty and Aviation | NANCY FLICKINGER |

- 5 -

| | |
|---|---|
| STEPHEN G. FLYNN<br>Assistant Director<br>MICHELLE DELEMARRE<br>SHARON SHUTLER<br>JESSICA SULLIVAN<br>JESSICA MCCLELLAN<br>MALINDA LAWRENCE<br>Trial Attorneys | SCOTT CERNICH<br>RICHARD GLADSTEIN<br>THOMAS BENSON<br>Senior Attorneys<br>A. NATHANIEL CHAKERES<br>ANNA CROSS<br>BETHANY ENGEL<br>JUDY HARVEY<br>RACHEL KING<br>ERICA PENCAK<br>Trial Attorneys |
| /s/ R. Michael Underhill<br>R. MICHAEL UNDERHILL, T.A.<br>Attorney in Charge, West Coast Office<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>7-5395 Federal Bldg., Box 36028<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3463<br>Telephone:  415-436-6648<br>Facsimile:  415-436-6632<br>E-mail:  mike.underhill@usdoj.gov | /s/ Steven O'Rourke<br>STEVEN O'ROURKE<br>Senior Attorney<br>Environmental Enforcement Section<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044<br>Telephone:  202-514-2779<br>Facsimile:  202-514-2583<br>E-mail:  steve.o'rourke@usdoj.gov<br><br>DANA J. BOENTE<br>United States Attorney<br>Eastern District of Louisiana<br>SHARON D. SMITH<br>Assistant United States Attorney<br>Eastern District of Louisiana<br>650 Poydras Street, Suite 1600<br>New Orleans, LA  70130<br>Telephone:  (504) 680-3000<br>Facsimile:  (504) 680-3184<br>E-mail:  sharon.d.smith@usdoj.gov |

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date: August 19, 2013.                                                /s/ Steven O'Rourke
                                                                               U.S. Department of Justice