## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL No. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | : | |
| OF MEXICO, ON APRIL 20, 2010 | : | SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | : | |
| ALL CASES | : | MAGISTRATE JUDGE SHUSHAN |
| | : | |

..............................................................................................................................................

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO PRECLUDE
SURREBUTTAL EXPERT OPINION TESTIMONY NOT DISCLOSED IN RULE 26(a)
WRITTEN REPORTS OF CERTAIN BP/ANADARKO WITNESSES**

At their expert depositions, certain BP/Anadarko expert witnesses offered new surrebuttal opinions that were not included in their expert reports. Consistent with the prior rulings of this Court, any testimony offered by BP/Anadarko expert witnesses at trial should be limited to the four corners of their written expert reports. As a result, BP/Anadarko should be precluded from offering, and the witnesses in question should be precluded from testifying, regarding any new opinions or analyses disclosed for the first time at deposition.

## I.      FACTS

In accordance with the Court's Order Regarding Phase Two Expert Document Production (Rec. Doc. 8907), on May 1, 2013, BP/Anadarko served a number of expert reports, including those of Dr. Robert Zimmerman and Dr. Curtis Whitson.

### A.      Zimmerman

In the executive summary to his report, Dr. Zimmerman listed seven opinions that he has formed related to the Phase Two litigation. On July 2 and 3, 2013, the United States took the deposition of Dr. Zimmerman. Toward the beginning of his deposition on July 2, Dr. Zimmerman was asked whether the opinions listed in the executive summary of his report are the extent of the opinions that he expects to testify to at the Phase Two trial. He responded "no" and

stated that "[a]fter reading the rebuttal documents that were presented by Drs. Huffman and Roegiers, I have subsequently reached additional opinions that I intend to possibly testify to in – at the trial."[1]  Dr. Zimmerman then produced a document entitled "Dr. Robert Zimmerman's List of Opinion Topics Responding to United States Rebuttal Experts."[2]

Dr. Zimmerman testified that Exhibit 11500 lists 10 new topics for which he has new opinions: (1) Poisson ratio; (2) Drilling/coring damage; (3) Sample representativeness; (4) Calibration; (5) Fluid type; (6) Temperature effect; (7) Rate of sample loading; (8) Depletion rate; (9) Return to initial pressure; and (10) Creep.[3]  In some cases, these additional opinions appear to be based on new calculations (that have never been disclosed to the United States) and new considered materials.  Dr. Zimmerman further testified that he may "elaborate" on these opinions at trial.[4]

On July 9, 2013, the United States asked BP/Anadarko to withdraw its attempt to offer surrebuttal opinions by Dr. Robert Zimmerman at his deposition conducted on July 2-3, 2013.[5]  On July 11, 2013, BP/Anadarko responded to the United States, declining to withdraw any testimony presented by Dr. Zimmerman during his deposition.[6]

On July 11, 2013, the United States filed a Motion to Strike the Surrebuttal Opinions of Dr. Zimmerman with Magistrate Judge Shushan.[7]  On July 17, the United States asked that

---

[1] *See* Attachment 1 (Excerpts of Zimmerman Deposition) at 39-40.

[2] *See* Attachment 2 (Deposition Exhibit 11500).

[3] *See* Attachment 1 at 421-422; 430-431; 437-440.

[4] *See id.* at 473.

[5] *See* Attachment 3 (Letter from Richard Gladstein to Robert Gasaway and Tony Fitch, July 9, 2013).

[6] *See* Attachment 4 (Letter from Robert R. Gasaway to Richard Gladstein, July 11, 2013).

[7] *See* Attachment 5 (Letter from Steve O'Rourke to Honorable Sally Shushan, July 11, 2013).

BP/Anadarko be given a deadline for responding to the United States' motion.  After the Court proposed the close of business July 18 for a response, BP/Anadarko replied that they would accept the United States' proposal that BP/Anadarko need not respond to the United States' motion to strike immediately, "so long as BP agrees that its experts will not pass out at upcoming depositions 'additional written lists of new opinions.'"  In reply, the United States clarified that "[o]f course, oral new opinions are also inappropriate.  We take you to be agreeing that BP's witnesses will not offer new opinions, including any new opinions responding to the rebuttal reports of the U.S.  If you do agree, we agree that the resolution of the Zimmerman motion can be moved to the motion *in limine* phase."[8]  The United States received no response from BP.

**B.      Whitson**

In his expert report, Dr. Whitson, among other things, presented a so-called oceanic separation analysis.[9]  In his rebuttal report dated June 10, 2013, the United States' reservoir fluids expert Dr. Aaron Zick presented his own oceanic separation analysis to rebut that of Dr. Whitson, including correcting certain shortcomings in Dr. Whitson's analysis.[10]

At his deposition on July 22-23, 2013, Dr. Whitson testified that, subsequent to submitting his report on May 1, he performed additional analysis and calculations in response to Dr. Zick's rebuttal report.[11]  Dr. Whitson conceded that these analyses and calculations were not

---

[8] *See* Attachment 6 (Email correspondence regarding United States' Motion to Strike Surrebuttal Opinions of Dr. Zimmerman, July 17-18, 2013).

[9] *See* Attachment 7 (Excerpt of Whitson Expert Report) at Appendix D.

[10] *See* Attachment 8 (Excerpt of Zick Expert Rebuttal Report) at 4-12.  BP and Anadarko moved to strike Dr. Zick's oceanic separation analysis as improper rebuttal.  Magistrate Judge Shushan denied that motion, finding that Dr. Zick could testify about both his oceanic separation analysis and the multistage separation process presented in his original expert report.

[11] *See, e.g.,* Attachment 9 (Excerpts of Whitson Deposition) at 16, 408-409, 417-419.

found within the four corners of his report.[12]  BP then elicited improper surrebuttal testimony from Dr. Whitson, its own witness, at his deposition.[13]

## II. ARGUMENT

All BP and Anadarko expert witnesses should be precluded from testifying at trial as to any new opinions or analysis offered for the first time at deposition because they admittedly were not included in the expert reports served on May 1, 2013.  Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B).

This Court has strictly enforced this "four corners" rule in this litigation.  *See* Order at 2 (Rec. Doc. 8347) (expert witness "Calvert's opinion testimony will be restricted to the four corners of his written report."); Order at 2 (Rec. Doc. 5505) ("The Court reaffirms its prior orders restricting expert opinion to the four corners of the expert's written report."); Order at 5 (Rec. Doc. 4486) ("Retained expert opinions are restricted to the four corners of the original report and any rebuttal report."); and Order at 5 (Rec. Doc. 4690) ("The Four Corners of Reports of Experts[:] . . . .  An expert should not be allowed to express an opinion if it is not in their report.").

In fact, on August 1, 2013, with the agreement of BP, the United States, HESI, the PSC, and Transocean, the Court entered an Order Regarding Phase One Motions *In Limine* That Apply Directly to Phase Two.  *See* Order at 1 (Rec. Doc. 10903).  That Order applies four Orders from Phase One directly to Phase Two, including the Court's Order Regarding BP's Motion *in Limine*

---

[12] *See, e.g., id.* at 419:13-24 ("Q.  None of the calculations or analysis that you just discussed under questioning by your Counsel that you performed in response to Dr. Zick's Rebuttal Report are contained in your Expert Report, correct?  A.  Yes.  That would have been physically impossible.  Q.  (By Ms. Engel) So that's a "No," they're not in your Expert Report.  A.  No.").

[13] *Id.* at 392-400.

to Preclude Expert Opinion Testimony Not Disclosed in the Expert's Rule 26(a) Written Report (Rec. Doc. 5505).

As Magistrate Judge Shushan indicated in her Order Regarding BP/Anadarko's Motion to Strike Rebuttal Experts for the U.S. (Rec. doc. 10477) at 2 n. 1:

> The U.S. and BP/Anadarko disagreed on the sequence of the reports of experts. The U.S. proposed one date for the parties to exchange reports for their cases-in-chief and a further date on which all rebuttal reports would be exchanged. The defendants urged that the U.S. has the burden of proving the amount of oil discharged, and therefore the reports of the U.S. experts should be presented first. The Court agreed with the defendants.

As a result, the Court set a schedule that required the plaintiffs to serve their expert reports by March 22, 2013, the defendants to serve their expert reports (except regarding Dr. Bea's report) by May 1, 2013, and the plaintiffs to serve their reply reports by June 10, 2013. Following the defendants' request, there is no provision in the Scheduling Order for the defendants to serve surrebuttal reports.  Rec. Doc. 8907.

At the December 18, 2012, Discovery Status Conference, this Court made clear that surrebuttal reports and opinions would not be permitted, after counsel for the United States indicated that the United States did not oppose the expert discovery schedule structure proposed by the defendants, provided that the defendants' experts would not be allowed to express new opinions after their reports were served:

> Mr. O'Rourke: This is Steve O'Rourke for the United States. We don't oppose an extension or [sic] the schedule. The only thing we're concerned about is, if we do our reports BP does theirs, we rebut, then comes a later phase where -- we want it to be strictly construed that they can't be surrebutting our rebuttal experts. It has to be very clear.

> **The Court: No surrebuttals. Let me be real clear. Surrebuttal report, not going to happen. So that's easy.**[14]

---

[14] *See* Attachment 10 (Excerpt from Discovery Conference, December 18, 2012) (emphasis added).

Having agreed, and in fact requested, that it not be permitted to submit surrebuttal reports, expert witnesses for the defendants, such as Dr. Zimmerman and Dr. Whitson, should not be allowed to express new opinions, and the defendants should be precluded from seeking to introduce and have admitted such new opinions at trial.

### III.  RELIEF REQUESTED

Since BP/Anadarko have declined to withdraw the opinions listed on Exhibit 11500 by Dr. Zimmerman as described at his deposition, and the related portions of his deposition transcript, the United States respectfully asks the Court to grant its motion *in limine* to exclude the surrebuttal opinions proffered by Dr. Zimmerman at his deposition and to preclude BP/Anadarko from seeking to offer such new opinions at trial.

The United States also respectfully requests that the Court exclude the surrebuttal opinions and analysis offered by Dr. Whitson at his deposition, and preclude Dr. Whitson from seeking to offer such opinions or analysis on behalf of BP/Anadarko at trial.

Finally, to the extent that any other BP/Anadarko witness offered at deposition, or seeks to offer at trial, opinions or analysis outside the "four corners" of his report, the United States respectfully requests that such testimony be precluded as improper surrebuttal testimony.

### IV. CONCLUSION

For the foregoing reasons, the United States' Motion to Preclude Surrebuttal Expert Opinion Testimony Not Disclosed in Rule 26(a) Written Reports of Certain BP/Anadarko Witnesses should be granted.

Respectfully submitted,

BRIAN HAUCK                                     ROBERT G. DREHER
Deputy Assistant Attorney General               Acting Assistant Attorney General

Civil Division

PETER FROST
Directory, Torts Branch, Civil Division
Admiralty and Aviation
STEPHEN G. FLYNN
Assistant Director
MICHELLE DELEMARRE
SHARON SHUTLER
JESSICA SULLIVAN
JESSICA MCCLELLAN
MALINDA LAWRENCE
Trial Attorneys

Environment & Natural Resources Division

SARAH HIMMELHOCH
Senior Litigation Counsel
NANCY FLICKINGER
SCOTT CERNICH
RICHARD GLADSTEIN
THOMAS BENSON
Senior Attorneys
A. NATHANIEL CHAKERES
ANNA CROSS
BETHANY ENGEL
JUDY HARVEY
RACHEL KING
ERICA PENCAK
Trial Attorneys

/s/ R. Michael Underhill

R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
Telephone:  415-436-6648
Facsimile: 415-436-6632
E-mail:  mike.underhill@usdoj.gov

/s/ Steven O'Rourke

STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone:  202-514-2779
Facsimile:  202-514-2583
E-mail:  steve.o'rourke@usdoj.gov

DANA J. BOENTE
United States Attorney
Eastern District of Louisiana
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA  70130
Telephone:  (504) 680-3000
Facsimile:  (504) 680-3184
E-mail:  sharon.d.smith@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date:  August 19, 2013.                                   /s/  Steven O'Rourke
                                                          U.S. Department of Justice