# Attachment 3



**U.S. Department of Justice**

Environment and Natural Resource Division

*P.O. Box 7611*
*Washington, DC 20044*
*202-514-1711*
*Richard.Gladstein@usdoj.gov*

July 9, 2013

**BY ELECTRONIC MAIL**

Robert R. Gasaway, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20009

Warren Anthony Fitch
Bingham McCutchen LLP
2020 K Street
Washington D.C. 20006-1806

   Re:  MDL 2179: Possible United States' Motion to Strike Surrebuttal Opinions of Dr.
       Zimmerman

Dear Rob and Tony:

   Please confirm by close of business Thursday July 11 that BP/Anadarko withdraws its
attempted offer of surrebuttal opinions by Dr. Robert Zimmerman, and that BP/Anadarko will
not make any further attempts of this kind.  Magistrate Judge Shushan has considered this kind
of action previously and ruled it out of bounds.

   In accordance with the Court's Order Regarding Phase Two Expert Document Production
(Rec. Doc. 8907), on May 1, 2013, BP/Anadarko served the Expert Report of Zimmerman.  In
the executive summary to his report, Dr. Zimmerman listed seven opinions that he has formed
related to the Phase Two litigation.

   On July 2 and 3, 2013, the United States took the deposition of Dr. Zimmerman.  Toward
the beginning of his deposition, Dr. Zimmerman was asked whether the opinions listed in the
executive summary of his report are the extent of the opinions that he expects to testify to at the
Phase Two trial.  He responded "no" and stated that "[a]fter reading the rebuttal documents that
were presented by Drs. Huffman and Roegiers, I have subsequently reached additional opinions
that I intend to possibly testify to in – at the trial."  *See* attached Excerpt from Transcript of
Zimmerman Deposition at 39-40.  Dr. Zimmerman then produced a document entitled "Dr.
Robert Zimmerman's List of Opinion Topics Responding to United States Rebuttal Experts."
*See* Exhibit 11500.  Dr. Zimmerman testified that Exhibit 11500 lists 10 new topics for which he

1

has new opinions: (1) Poisson ratio; (2) Drilling/coring damage; (3) Sample representativeness; (4) Calibration; (5) Fluid type; (6) Temperature effect; (7) Rate of sample loading; (8) Depletion rate; (9) Return to initial pressure; and (10) Creep. *See* Zimmerman Transcript, at 40-41, 418-440. In some cases, these additional opinions appear to be based on new calculations (that have not yet been disclosed to the United States) and new considered materials. See, e.g., Zimmerman Transcript at 421-422; 430-431; 437-440. Dr. Zimmerman further testified that he may "elaborate" on these opinions at trial. Zimmerman Transcript at 473.

Dr. Zimmerman is precluded from testifying as to any of these new opinions because they admittedly were not included in his expert report served on May 1, 2013. Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B).

Judge Barbier and Magistrate Judge Shushan have strictly enforced this "four corners" rule in this litigation. *See* Order at 2, MDL No. 2179 (Jan. 25, 2013) (Rec. Doc. 8347) (expert witness "Calvert's opinion testimony will be restricted to the four corners of his written report"); Order at 2, MDL No. 2179 (Jan. 31, 2012) (Rec. Doc. 5505) ("The Court reaffirms its prior orders restricting expert opinion to the four corners of the expert's written report); Order at 5, MDL No. 2179 (Nov. 7, 2011) (Rec. Doc. 4486) ("Retained expert opinions are restricted to the four corners of the original report and any rebuttal report . . . ."); and Order at 5, MDL No. 2179 (Nov. 22, 2011) (Rec. Doc. 4690) ("The Four Corners of Reports of Experts[:] . . . . An expert should not be allowed to express an opinion if it is not in their report.").

As Magistrate Judge Shushan indicated in her Order Regarding BP/Anadarko's Motion to Strike Rebuttal Experts for the U.S. (Rec. doc. 10477) at 2 n. 1,

> The U.S. and BP/Anadarko disagreed on the sequence of the reports of experts. The U.S. proposed one date for the parties to exchange reports for their cases-in-chief and a further date on which all rebuttal reports would be exchanged. The defendants urged that the U.S. has the burden of proving the amount of oil discharged, and therefore the reports of the U.S. experts should be presented first. The Court agreed with the defendants.

As a result, the Court set a schedule that required the plaintiffs to serve their expert reports by March 22, 2013, the defendants to serve their expert reports (except regarding Dr. Bea's report) by May 1, 2013, and the plaintiffs to serve their reply reports by June 10, 2013. Following the defendants' request, there is no provision in the Scheduling Order for the defendants to serve surrebuttal reports. Rec. Doc. 8907.

At the December 18, 2012, Discovery Status Conference held by Magistrate Judge Shushan, the Court made clear that surrebuttal reports and opinions would not be permitted, after Steve O'Rourke indicated that the United States did not oppose the expert discovery schedule structure proposed by the defendants, provided that the defendants' experts would not be allowed to express new opinions after their reports were served:

> Mr. O'Rourke: This is Steve O'Rourke for the United States. We don't oppose an extension or the schedule. The only thing we're concerned about is, if we do our reports,

BP does theirs, we rebut, then comes a later phase where -- we want it to be strictly construed that they can't be surrebutting our rebuttal experts. It has to be very clear.

**The Court: No surrebuttals. Let me be real clear.  Surrebuttal report, not going to happen. So that's easy.**[1]

Having agreed, and in fact requested, that it not be permitted to submit surrebuttal reports, expert witnesses for the defendants, such as Dr. Zimmerman, should not be allowed to express new opinions at their expert depositions that the defendant may seek to introduce and have admitted at trial.  Unless BP/Anadarko are willing to withdraw the opinions listed on Exhibit 11500 by Dr. Zimmerman as described at his deposition, and the related portions of his deposition transcript, the United States will have no reasonable alternative but to move to strike such opinions.

Sincerely,

/s/ *Richard M. Gladstein*
Richard M. Gladstein

Attachments:

Excerpts from Deposition of Robert Zimmerman, July 2-3, 2013
Exhibit #11500
Excerpts from Discovery Status Conference, December 18, 2012

---

[1] *See* Excerpt from Transcript of Discovery Status Conference, December 18, 2013, at 35 (emphasis added).