# Attachment 5



**U.S. Department of Justice**
Environment and Natural Resource Division

*P.O. Box 7611*
*Washington, DC 20044*
*202-514-1711*
*Steve.O'Rourke@usdoj.gov*

July 11, 2013

**BY ELECTRONIC MAIL**
The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

      Re:    MDL 2179 — United States' Motion to Strike Surrebuttal Opinions of Dr. Zimmerman

Dear Judge Shushan:

On July 9, 2013, the United States asked BP/Anadarko to withdraw its attempt to offer surrebuttal opinions by Dr. Robert Zimmerman at his deposition conducted on July 2-3, 2013.[1] On July 11, 2013, BP/Anadarko responded to the United States, declining to withdraw any testimony presented by Dr. Zimmerman during his deposition.[2]

In accordance with the Court's Order Regarding Phase Two Expert Document Production (Rec. Doc. 8907), on May 1, 2013, BP/Anadarko served the Expert Report of Zimmerman. In the executive summary to his report, Dr. Zimmerman listed seven opinions that he has formed related to the Phase Two litigation.

Toward the beginning of his deposition on July 2, Dr. Zimmerman was asked whether the opinions listed in the executive summary of his report are the extent of the opinions that he expects to testify to at the Phase Two trial. He responded "no" and stated that "[a]fter reading the rebuttal documents that were presented by Drs. Huffman and Roegiers, I have subsequently reached additional opinions that I intend to possibly testify to in – at the trial."[3] Dr. Zimmerman then produced a document entitled "Dr. Robert Zimmerman's List of Opinion Topics Responding to United States Rebuttal Experts."[4] Dr. Zimmerman then testified that this

---

[1] *See* attached Letter from Richard Gladstein to Robert Gasaway and Tony Fitch, July 9, 2013, and attached exhibits.

[2] *See* attached Letter from Robert R. Gasaway to Richard Gladstein, July 11, 2013.

[3] *See* attached Letter from Richard Gladstein, Excerpt from Transcript of Zimmerman Deposition at 39-40.

[4] *See* attached Letter from Richard Gladstein, Exhibit 11500.

document, Exhibit 11500, lists 10 new topics for which he has new opinions. *See* Zimmerman Transcript, at 40-41, 418-440.

Dr. Zimmerman is precluded from testifying as to any of these new opinions because they admittedly were not included in his expert report served on May 1, 2013. Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B).

This Court has strictly enforced this "four corners" rule in this litigation. *See* Rec. Doc. 8347 at 2 (expert witness "Calvert's opinion testimony will be restricted to the four corners of his written report"); Rec. Doc. 5505 at 2 ("The Court reaffirms its prior orders restricting expert opinion to the four corners of the expert's written report"); Rec. Doc. 4486 at 5 ("Retained expert opinions are restricted to the four corners of the original report and any rebuttal report . . . ."); and Rec. Doc. 4690 at 5 ("The Four Corners of Reports of Experts[:] . . . . An expert should not be allowed to express an opinion if it is not in their report.").

As the Court indicated in its Order Regarding BP/Anadarko's Motion to Strike Rebuttal Experts for the U.S. (Rec. doc. 10477) at 2 n. 1,

> The U.S. and BP/Anadarko disagreed on the sequence of the reports of experts. The U.S. proposed one date for the parties to exchange reports for their cases-in-chief and a further date on which all rebuttal reports would be exchanged. The defendants urged that the U.S. has the burden of proving the amount of oil discharged, and therefore the reports of the U.S. experts should be presented first. The Court agreed with the defendants.

As a result, the Court set a schedule that required the plaintiffs to serve their expert reports by March 22, 2013, the defendants to serve their expert reports (except regarding Dr. Bea's report) by May 1, 2013, and the plaintiffs to serve their reply reports by June 10, 2013. Following the defendants' request, there is no provision in the Scheduling Order for the defendants to serve surrebuttal reports. Rec. Doc. 8907.

At the December 18, 2012, Discovery Status Conference, this Court made clear that surrebuttal reports and opinions would not be permitted, after counsel for the United States indicated that the United States did not oppose the expert discovery schedule structure proposed by the defendants, provided that the defendants' experts would not be allowed to express new opinions after their reports were served:

> Mr. O'Rourke: This is Steve O'Rourke for the United States. We don't oppose an extension or the schedule. The only thing we're concerned about is, if we do our reports, BP does theirs, we rebut, then comes a later phase where -- we want it to be strictly construed that they can't be surrebutting our rebuttal experts. It has to be very clear.

2

**The Court: No surrebuttals. Let me be real clear. Surrebuttal report, not going to happen. So that's easy.**

BP/Anadarko argued for and obtained an expert document production schedule that excluded surrebuttal reports.  As a result, expert witnesses for the defendants, such as Dr. Zimmerman, should not be allowed to express new opinions at their expert depositions that the defendant may seek to introduce and have admitted at trial.  Since BP/Anadarko have declined to withdraw the opinions listed on Exhibit 11500 by Dr. Zimmerman as described at his deposition, the United States respectfully asks the Court to strike the surrebuttal opinions proffered by Dr. Zimmerman at his deposition and to preclude BP/Anadarko from seeking to offer such new opinions at trial.

       Sincerely,

       /s/ *Steve O'Rourke*
       Steve O'Rourke