From:    "Benson, Thomas (ENRD)" <Thomas.Benson@usdoj.gov>
To:      Sally Shushan <Sally_Shushan@laed.uscourts.gov>, "Michael O'Keefe" <Mike_OKeefe@laed.uscourts.gov>
Cc:      "'Stahl, Catherine E.'" <catherine.stahl@kirkland.com>, "'phase2BP@liskow.com'" <phase2BP@liskow.com>, "Nakayama, Granta Y." <granta.nakayama@kirkland.com>, "Fitch, Warren Anthony" <Tony.Fitch@bingham.com>, "duke.mccall@bingham.com" <duke.mccall@bingham.com>, "Himmelhoch, Sarah (ENRD)" <Sarah.Himmelhoch@usdoj.gov>, "Cernich, Scott (ENRD)" <Scott.Cernich@usdoj.gov>, "O'Rourke, Steve (ENRD)" <Steve.O'Rourke@usdoj.gov>, "Chakeres, Aristide (ENRD)" <Aristide.Chakeres@usdoj.gov>, "Engel, Bethany (ENRD)" <Bethany.Engel@usdoj.gov>
Date:    08/18/2013 07:43 PM
Subject: MDL 2179: Redaction of Dr. Johnson Report

Dear Judge Shushan,

The United States and BP/Anadarko have a dispute about the proper scope of redaction for a BP/Anadarko expert report. We write to see if this can be resolved with your assistance, or whether we should file as a motion *in limine*.

In a nutshell, BP/Anadarko expert Adrian Johnson included in his report a calculation of flow from a portion of the Top Hat. He did so as part of a critique of the report of US expert Ronald Dykhuizen. In Dr. Dykhuizen's rebuttal report, he pointed out that Dr. Johnson's analysis was incorrect. At his deposition, Dr. Johnson acknowledged that he made a mistake. Att. A, Johnson Dep. at 373:11-374:18. Dr. Johnson's *report* estimates that the flow from the Top Hat skirt (a portion of the total flow) was about 2,000 barrels per day and that Dr. Dykhuizen's estimate was off by an order of magnitude. Att. B, Johnson Report at 41-42. After correcting his analysis, Dr. Johnson calculated a Top Hat skirt flow rate of about 30,000 barrels per day. Att. A, Johnson Dep. at 374:19-376:9. In the end, it was Dr. Johnson's report that was off by an order of magnitude.

The issue is that the incorrect calculation is still within Dr. Johnson's expert report. If Dr. Johnson testifies live at trial, and BP/Anadarko has stated that he will, his expert report will come in with the admittedly incorrect analysis. This causes two problems. First, it would force the United States to use its limited trial examination time to rebut a calculation that Dr. Johnson has already admitted was incorrect. Second, even after we establish (again) through live testimony that the portion of his expert report is incorrect, it will still enter the record as substantive evidence. Moreover, this type of mistake is different in kind than other errors that experts have made because it directly results in reporting a flow rate estimate that is very significantly incorrect.

We had hoped to resolve this short of a motion *in limine*, and believed that the expert report redaction process was the appropriate means to redact the incorrect portion of Dr. Johnson's report. BP/Anadarko has declined to redact that portion of his report. *See* Att. C, Email Correspondence between Counsel.

We respectfully request that you direct BP/Anadarko to redact the incorrect portion of Dr. Johnson's report. We have attached the relevant section of Dr. Johnson's report (Att. B) with the excerpt that we believe should be redacted highlighted in yellow. If you believe this is a matter better addressed as a motion *in limine*, we will do so.

Thank you for your consideration of this matter.

Respectfully submitted,

Tom

Thomas A. Benson
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
202-514-5261

U.S. Mail Address: P.O. Box 7611, Washington, D.C. 20044-7611
Overnight Mail Address: 601 D Street, N.W., Washington, D.C. 20004

Johnson Email Att A.pdf    Johnson Email Att B.pdf    Johnson Email Att C.pdf