# ATTACHMENT C

**Benson, Thomas (ENRD)**

| | |
|---|---|
| **From:** | Stahl, Catherine E. [catherine.stahl@kirkland.com] |
| **Sent:** | Saturday, August 17, 2013 12:43 AM |
| **To:** | Benson, Thomas (ENRD); 'phase2BP@liskow.com'; Nakayama, Granta Y.; Fitch, Warren Anthony; duke.mccall@bingham.com |
| **Cc:** | Himmelhoch, Sarah (ENRD); Cernich, Scott (ENRD); O'Rourke, Steve (ENRD); Chakeres, Aristide (ENRD); Engel, Bethany (ENRD) |
| **Subject:** | RE: MDL 2179: Johnson Expert Report |

Tom: Please see the below message from my colleague, Grant Nakayama.

Dear Tom,

We have received and evaluated the United States' request seeking certain redactions related to a calculation error in the report of Dr. Adrian Johnson. Contrary to your suggestion, it is neither necessary nor appropriate to redact the requested portion of Dr. Johnson's expert report, so BP and Anadarko decline to do so. As you know, the parties have used redactions on expert reports for two specific purposes: (1) to remove opinions and analyses stricken by the Court; and (2) to remove opinions and analyses that respond to or rely on expert witnesses who have been withdrawn. Neither situation applies here.

Indeed, throughout Phase 2, experts have routinely issued corrections for errors identified in their original reports. The parties have made such corrections available in advance of or during an expert's deposition to allow an opportunity for cross examination. For example, expert witnesses retained by the United States, including Dr. Nathan Bushnell, Dr. John Martinez, and Dr. Mehran Pooladi-Darvish, issued corrections for errors identified in their original reports. See Exhibit 11707 (correcting Dr. Bushnell's droplet breakup modeling), Exhibit 11910 (correcting velocity and pipe diameters cited in Dr. Martinez's report), and Exhibit 11654 (correcting Dr. Pooladi-Darvish's cases to reflect changes in vertical lift performance ("VLP")). The United States did not "redact" the original reports because of these admitted errors.

Dr. Ron Dykhuizen's rebuttal report identified a calculation error that he believed Dr. Johnson made. In response, Dr. Johnson performed a calculation to correct this error. Consistent with prior practice in this litigation, Dr. Johnson's error correction was provided to the parties, including the United States, and Dr. Johnson was questioned at the deposition about this correction. See Exhibit 11566; Johnson Dep. Tr. at 371:8-381:2. Notably, Dr. Johnson's original analysis and conclusions did not change based on his revised calculation. See Johnson Dep. Tr. at 12:6-8 (the revised calculation "didn't change my general conclusion for that skirt calculation") 378:17-379:2 ("And that's still true of the revised calculation that I presented after the Rebuttal Report").

In sum, it would not be consistent with prior practice to redact Dr. Johnson's expert report because of a calculation error. Moreover, redaction is not necessary because, as Dr. Johnson testified at his deposition, the correction did not change the opinion set forth in Section 5.1.1 of his report—namely, that Dr. Dkyhuizen's top hat skirt flow estimate is highly inaccurate.

Regards,

Grant

**From:** Benson, Thomas (ENRD) [mailto:Thomas.Benson@usdoj.gov]
**Sent:** Friday, August 16, 2013 1:29 PM
**To:** 'phase2BP@liskow.com'; Nakayama, Granta Y.; Fitch, Warren Anthony; Stahl, Catherine E.; duke.mccall@bingham.com
**Cc:** *Sarah.Himmelhoch@usdoj.gov; Cernich, Scott (ENRD); O'Rourke, Steve (ENRD); Chakeres, Aristide (ENRD); Engel,

Bethany (ENRD)
**Subject:** MDL 2179: Johnson Expert Report

Dear Counsel,

In his deposition, Dr. Johnson stated that his analysis of Dr. Dykhuizen's Top Hat 4 calculation was incorrect. Specifically, Dr. Johnson stated he used the wrong velocity for the K value he used in performing a flow rate calculation based on loss coefficients. *See* Deposition at 11-12; 371-373; Ex. 11566.

Given Dr. Johnson's admission, we ask that BP/Anadarko redact the portion of Dr. Johnson's expert report containing the incorrect analysis. Specifically, we request that BP/Anadarko redact the portion of Dr. Johnson's report beginning at number 3 on p. 41 and continuing through until the heading 5.1.2 on p. 42.

Please advise whether BP and Anadarko agree to make this redaction to Dr. Johnson's report. Should BP/Anadarko not agree, we would anticipate filing a motion on this issue Monday. For that reason, please provide your response by **COB today**.

Thank you for your attention to this issue.

Best,

Tom

Thomas A. Benson
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
202-514-5261

U.S. Mail Address: P.O. Box 7611, Washington, D.C. 20044-7611
Overnight Mail Address: 601 D Street, N.W., Washington, D.C. 20004

*************************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
*************************************************************