UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON: IN THE GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 |
| THIS DOCUMENT RELATES TO: | * * | JUDGE BARBIER |
| *ALL CASES* | * * | MAG. JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

**[Regarding Presentation of Evidence in Phase Two Trial]**

The Court previously entered Second Amended Pretrial Order No. 41 [Rec. Doc. 6592] addressing the scope and order of Phase One and Phase Two of the Trial of Liability, Limitation, Exoneration, and Fault ("Trial"). Phase One of the Trial has since concluded. The record has been held open pending the conclusion of Phase Two and any subsequent phases. All evidence admitted during Phase One is also part of the record of Phase Two and need not be re-introduced.

After extensive consultation with the parties, the Court adopts this order. Given the separate interests of each of the parties involved and to assist the Court in hearing the evidence in an efficient, orderly and coordinated manner, the Court hereby orders that Phase Two of the Trial will occur in two parts. The first segment of the Phase Two Trial will be comprised of the presentation of evidence and consideration of legal questions pertaining to issues specific to Source Control. The second segment of the Phase Two Trial will be comprised of the presentation of evidence and consideration of legal questions pertaining to issues specific to Quantification.

While the Court understands that some evidence may overlap these two issues and will not limit the ability of the parties to adduce such factual or expert evidence to avoid the need to re-call live witnesses, the Court expects the parties to focus their presentation of evidence on the relevant issues.  "Source Control" issues shall consist of issues pertaining to efforts to collect, control or halt the flow of hydrocarbons using subsea systems and technologies between April 20, 2010 and September 19, 2010.  "Source Control" shall not include efforts to disperse hydrocarbons (whether subsea or on the surface), and shall not include efforts to collect or contain hydrocarbons on the surface of the Gulf of Mexico using technologies such as in situ burning, skimming, or placement of booms.  "Quantification" issues shall consist of issues pertaining to the amount of oil actually released into the Gulf of Mexico as a result of the Incident from the time when these releases began until the Macondo Well was capped on approximately July 15, 2010 and then permanently cemented shut on approximately September 19, 2010.

As part of the Second Amended Pretrial Order No. 41, the Court ordered that the order of the Phase Two trial would be as follows:

> *First*, the Claimants, through the PSC, United States through its Coordinating Counsel and its representatives, and the States, through their Coordinating Counsel and their representatives, shall adduce factual and expert evidence in support of those parties' Source Control and/or Quantification claims against BP, Transocean, or other relevant parties to the extent such Quantification and/or Source Control claims have not been dismissed or resolved by settlement, summary judgment, or stipulation.
>
> *Second*, the relevant defendants shall present their factual and expert evidence in support of their defenses to plaintiffs' Quantification and/or Source Control claims.  The Court encourages the defendants to confer and reach agreement as to the sequence of presentation, failing which, the Court will enter an order regarding the same.

***Third***, the Claimants, United States and the States shall present their rebuttal evidence.

Given the lessons learned in Phase One of the Trial and consistent with its decision to hear Source Control evidence before Quantification evidence during Phase Two of the Trial, the Court modifies the order of the Phase Two Trial and further prescribes the conduct of the Phase Two trial as set forth below:

1. **Trial Date.**

The Phase Two Trial will begin September 30, 2013 at 8:00 a.m., with the Source Control trial segment. The Source Control segment will be tried to the Court on 4 trial days until completed. Trial of the Quantification segment will begin on October 7, 2013 at 8:00 a.m. and continue for 12 trial days.

The current Phase Two Trial Preparation Timeline, which is subject to change by the Court, is attached as Exhibit 1 hereto.

2. **Parties.**

The Court expects the parties to align themselves and coordinate on each side of the Source Control segment and each side of the Quantification segment based on common interests among the parties. The parties' alignment and coordination is expected to extend to all aspects of trial preparation and presentation, including, for example, expert witness identification, deposition designations, presentation of opening statements, and calling and examining live witnesses.

a. <u>Source Control Segment</u>.

1) One side of the Source Control trial segment shall consist of a coordinated trial presentation by the Plaintiffs Steering Committee, State of Louisiana, State of Alabama, State of Texas, State of Mississippi, State of Florida, Transocean, and Halliburton (the "Aligned Parties")

2) The other side of the Source Control trial segment shall consist of a trial presentation by BP and Anadarko.

b. <u>Quantification Segment</u>

1) One side of the Quantification trial segment shall consist of a trial presentation by the United States.

2) The other side of the Quantification trial segment shall consist of a coordinated trial presentation by BP and Anadarko.

Only the parties identified above may participate in the respective Phase Two Trial segments. The parties on each side of the Source Control and Quantification segments are expected to work together and arrive at joint decisions regarding pre-trial submissions, opening statements, calling and examining witnesses during trial and the like. The Court will not allocate trial time to individual parties within the above alignments.

**3. Source Control Segment.**

a. <u>Trial Briefs</u>. The principal parties participating in the Source Control segment may, if they so choose, submit to the Court a written trial brief no longer than 10 pages double spaced summarizing anything the party wishes to highlight for the Source Control segment of the Phase Two trial. For purposes of submitting Source Control trial

briefs, the principal parties are the PSC, the States, Transocean, Halliburton, and BP.

      b.     <u>Time Allotted</u>.  Each side will have 15 "trial clock" hours to present its Source Control case, including its opening statement.  A "chess clock" will keep track of each side's time.

      c.     <u>Opening Statements</u>.  Each side may take up to 60 minutes for its Source Control opening statement. The opening statement will count against each side's trial clock hours.

      d.     <u>Presentation of Evidence</u>.  The order of presentation of evidence will be: Aligned Parties first, followed by BP, followed by rebuttal (if any) by the Aligned Parties.

      e.     <u>Experts</u>.  Each side may designate up to 4 experts to testify live at trial. Expert designations will be staggered as follows: the Aligned Parties will designate up to 3 experts, followed by BP designating up to 4 experts, followed by the Aligned Parties designating up to 1 more expert.  The Aligned Parties may choose not to "hold back" the fourth expert.

      f.     <u>Expert Report Redaction</u>.  After making their expert witness designations, the Aligned Parties will make redactions of their expert reports in order to eliminate duplicative opinions, opinions not being offered, and testimony stricken by the Court prior to this order.  BP will also review its expert reports to eliminate any unnecessary sections.

      g.     <u>Deposition Designations</u>.  Each side in the Source Control case will submit to the Court simultaneously and *in camera* a list of up to 20 depositions that they

intend to submit into evidence for the Phase Two trial.[1]  Whatever the total number is (including overlap) will be the total number of depositions that will be admitted during the source control segment.  There will be no hold back of deposition designations until the trial commences.

If a party decides not to call a previously disclosed "will call" witness, the other parties will have the right either to require the withdrawing party to bring the witness to trial or to submit into the record that witness's deposition bundle.  The submission of any bundles of withdrawn "will call" witnesses will not count toward the 20 deposition bundle limit.

Each side's designation of a 30(b)(6) or fact witness deposition will be deemed to introduce into the trial record all of the parties' respective designations of testimony, exhibits, and objections, with respect to that deponent without charging the other side one of its allotted designation count to enter its counter-designations for such witness into the record.

Once a deposition bundle has been submitted into evidence for the Phase Two trial it may be relied on in both the Source Control and Quantification segments.

    h.    <u>Use of Video Clips and Depositions</u>.  Any video clip or portion of a deposition may be used pursuant to the Federal Rules during cross-examination of witnesses.  Otherwise, any video clips played must be part of the designated deposition bundles.  All video clips to be played during direct examinations shall be exchanged pre-trial according to a schedule established by the Court.

---

[1] The number consists of 15 for trial use and 5 to cite in proposed findings of fact and conclusions of law.

i.  <u>Experts Relying on Other Experts</u>.  Either side may allow its testifying experts to rely on the calculations or analysis of another of its experts (as set forth in the testifying expert's report) without calling the relied-upon expert to testify at trial.  In doing so, however, the presenting party must designate the relied-upon experts' deposition as one of its 20 allotted deposition bundle submissions.  Only portions of the direct and cross-examination relating to the relied upon calculations or analysis will be submitted to the Court.

j.  <u>Exhibits</u>.  The parties are encouraged to continue working on issues regarding the admissibility of trial exhibits, especially regarding those that will not be referenced in the deposition bundles to be submitted during trial or through live witnesses.

l.  <u>Further Phase Two Stipulations</u>.  The parties are encouraged to continue working on additional Phase Two Source Control stipulations, particularly for use in lieu of deposition video clips.

m.  <u>United States Cross-Examinations</u>.  The United States may have up to ½ hour of examination time during the Source Control segment for use solely in cross-examining witnesses proffering testimony relevant to the Quantification trial segment.  Any time used by the United States in the Source Control segment will count against the United States' trial time in the Quantification segment.

**4.  Quantification Segment.**

a.  <u>Trial Briefs</u>.  Each side of the Quantification segment may, if they so choose, submit to the Court a single written trial brief no longer than 10 pages double

spaced summarizing anything the party wishes to highlight for the Quantification segment of the Phase Two trial.

      b.      Time Allotted.  Each side will have 45 "trial clock" hours to present its Quantification case, including its opening statement.  A "chess clock" will keep track of each side's time.

      c.      Opening Statements.  Each side may take up to 90 minutes for its Quantification opening statement.  The opening statement will count against each side's trial clock hours.

      d.      Presentation of Evidence.  The order of presentation of evidence will be: the United States first, followed by BP/Anadarko, followed by rebuttal (if any) by the United States.

      e.      Experts.  Each side may designate up to 8 experts to testify live at trial.  Expert designations will be staggered as follows: the United States will designate up to 5 experts, followed by BP designating up to 8 experts, followed by the United States designating up to 3 more experts.  The U.S. may choose not to hold back experts or hold back less than 3.

      f.      Expert Report Redaction.  After making their expert witness designations, each side will make redactions of their expert reports in order to eliminate duplicative opinions, opinions not being offered, and testimony stricken by the Court prior to this order.  BP will also review its expert reports to eliminate any unnecessary sections.

      g.      Deposition Designations.  Each side in the Quantification case will submit to the Court simultaneously and *in camera* a list of up to 20 depositions that they intend

to submit into evidence for the Phase Two trial.[2] Whatever the total number is (including overlap) will be the total number of depositions that will be admitted during the Quantification segment. There will be no hold back of deposition designations until the trial commences.

If a party decides not to call a previously disclosed "will call" witness, the other parties will have the right either to require the withdrawing party to bring the witness to trial or to submit into the record that witness's deposition bundle. The submission of any bundles of withdrawn "will call" witnesses will not count toward the 20 deposition bundle limit.

Each side's designation of a 30(b)(6) or fact witness deposition will be deemed to introduce into the trial record all of the parties' respective designations of testimony, exhibits, and objections, with respect to that deponent without charging the other side one of its allotted designation count to enter its counter-designations for such witness into the record.

Once a deposition bundle has been submitted into evidence for the Phase Two trial it may be relied on in both the Source Control and Quantification trial segments.

      h.    <u>Use of Video Clips and Depositions</u>. Any video clip or portion of a deposition may be used pursuant to the Federal Rules during cross-examination of witnesses. Otherwise, any video clips played must be part of the designated deposition bundles. All video clips to be played during direct examinations shall be exchanged pre-trial according to a schedule established by the Court.

---

[2] The number consists of 15 for trial use and 5 to cite in proposed findings of fact and conclusions of law.

   i. <u>Experts Relying on Other Experts</u>.  Either side may allow its testifying experts to rely on the calculations or analysis of another of its experts (as set forth in the testifying expert's report) without calling the relied-upon expert to testify at trial.  In doing so, however, the presenting party must designate the relied-upon experts' deposition as one of its 20 allotted deposition bundle submissions.  Only portions of the direct and cross-examination relating to the relied upon calculations or analysis will be submitted to the Court.

   j. <u>Exhibits</u>.  The parties are encouraged to continue working on issues regarding the admissibility of trial exhibits, especially regarding those that will not be referenced in the deposition bundles to be submitted during trial or through live witnesses.

 New Orleans, Louisiana, this 22nd day of August, 2013.

                _____
                CARL J. BARBIER
                United States District Judge