IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179 Section: J |
| This filing relates to: *All Cases* | * * | District Judge Carl J. Barbier |
| (Including Civil Action No. 12-970) | * | Magistrate Judge Shushan |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER**

**[Appointing Documentation Reviewer Under the Economic and Property Damages Settlement Agreement]**

**CONSIDERING** the request by Patrick A. Juneau, the Claims Administrator of the Economic and Property Damages Settlement (the "Claims Administrator") for entry of an Order in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012 and approved on December 21, 2012) (the "Settlement Agreement"), and with the consent of Class Counsel and BP, and being fully apprised, **IT IS HEREBY ORDERED** as follows:

1. *Appointment of Documentation Reviewer.* The Court appoints P. Raymond Lamonica, Professor of Law at the LSU Law Center, to serve as the Documentation Reviewer under Section 6.1.1.1 of the Settlement Agreement. This Appointment is made pursuant to the terms of the Settlement Agreement and the inherent authority of the Court. If the appointed Documentation Reviewer should need to be replaced due to incapacitation by death or illness (including mental health illness) or dereliction of responsibility, or he is unable to perform the

role of Documentation Reviewer in accordance with the terms of this Order, and upon a showing of cause to the Court, the Claims Administrator shall recommend a candidate to the Court for a replacement.

2. *Duties of the Documentation Reviewer*. The Documentation Reviewer shall perform the duties required under Section 6.1.1.1 of the Settlement Agreement where the claimant timely seeks review by the Documentation Reviewer of a claim denied by the Claims Administrator for insufficient documentation. The Documentation Reviewer shall have the authority to take all appropriate measures to perform the assigned duties. As specified in Section 6.1.1.1, the Documentation Reviewer shall review the claim to determine whether there was error in the denial for insufficient documentation. If the Documentation Reviewer finds error in the denial, he shall refer the claim back to the Settlement Program for further processing.

3. *Compensation of the Documentation Reviewer.* The Documentation Reviewer shall be compensated by the Settlement Trust for his services in the same manner and in the same method as for his services as the Guardian Ad Litem under Section 31 of the Settlement Agreement.

4. *Immunity and Indemnification.* The Documentation Reviewer shall have the same immunity as judges for his actions as the Documentation Reviewer and shall be indemnified by the Settlement Trust from and against all claims or demands against him arising out of services as the Documentation Reviewer, except for action or inactions finally adjudicated to constitute intentional wrongdoing or gross negligence.

5. *Finality of Decisions.* The decision of the Documentation Reviewer on a claim shall be final and binding on the claimant, the Claims Administrator and the Parties on that claim, and shall not be subject to a direct appeal or discretionary review by this Court. Pursuant

to Section 6.1.1.1. of the Settlement Agreement, decisions of the Document Reviewer shall be without prejudice to the Claimant's right at any time prior to termination of the Settlement Agreement to resubmit the Claim.

    New Orleans, Louisiana this 22nd day of August, 2013.

_____
CARL J. BARBIER
United States District Judge
