# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

| Robert R. Gasaway | | |
|---|---|---|
| To Call Writer Directly: | (202) 879-5000 | Facsimile: |
| (202) 879-5175 | | (202) 879-5200 |
| robert.gasaway@kirkland.com | www.kirkland.com | |

August 15, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

      Re:    MDL 2179 — United States Rebuttal Proposal and Reservation of Deposition Designations for Non-Testifying but Relied-On Experts

Dear Judge Shushan:

      We write to address two issues regarding the Phase 2 presentation of evidence. The first, the United States' proposal for an unexpected order of evidence, is scheduled for resolution at this Friday's Working Group Conference. (Rec. Doc. 10990, at 4.) The second is the United States' assertion that it may reserve disclosing its relied upon but non-testifying experts.

      **The United States' Proposal for Presentation of the Evidence**

      At last Friday's Working Group Conference, the United States requested that it be permitted — contrary to Phase 1 precedent — to re-call in its rebuttal case the same experts who will testify in its case-in-chief.

      As we explained then, this request appears contrary to Judge Barbier's desire for streamlined trial presentations. During Phase 1, the practice was for testifying experts to provide all of their testimony when called, rather than to withhold testimony and wait and provide it only when re-called to testify a second time in a rebuttal case.

      The Phase 1 practice of eliciting an expert's entire testimony when he or she is first called should be adhered to in Phase 2. BP has told the United States which eight expert witnesses it expects to call in the Quantification segment of Phase 2. The opinions of these eight experts are set forth within the four corners of their experts reports. The affirmative testimony likely to be presented during BP's case-in-chief during the Quantification trial segment is thus well bounded and well known to the United States. With both parties' on a restricted time clock, it will be

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 15, 2013
Page 2

much more efficient for the United States experts simply to address the expected testimony of BP's experts at the time they are first called to the stand.

Further, reversing the Phase 1 practice risks prejudicing BP and Anadarko as well as compromising the efficiency of the trial. As the Court recalls, the United States sought improperly to withhold as "rebuttal" large blocks of expert opinion that should have been provided in its initial expert reports. (Rec. Docs. 10477, 10566.) BP pointed out at the time that the withholding of these opinions prejudiced BP and was indicative of the United States' lack of confidence in the scientific validity of its expert case. (R. Gasaway Ltr to Court, at 7-8 (June 13, 2013).) Now on the eve of trial the United States seeks once again to gain tactical advantages by saving the presentation of highly technical testimony to a trial juncture when it can be presented without an opportunity to be answered by opposing testimony.

In short, by following Phase 1's precedent, the Court will streamline trial, force the United States finally to put its Quantification cards on the table, and avoid protracted disputes during trial about what does and does not constitute proper United States rebuttal testimony.

**Disclosure of Relied-Upon but Non-Testifying Experts**

As the Court knows, yesterday was the deadline for disclosing lists of depositions for submission into the Phase 2 trial record. As the Court also knows, these lists were to include the depositions of any non-testifying experts on whom a testifying expert intends to rely.

Accordingly, BP and Anadarko listed within their total of 30 depositions for submission into the Phase 2 trial record the depositions of three non-testifying experts — Nigel Richardson, Martin Trusler, and Hans Vaziri. The United States should have similarly disclosed the non-tesifying but relied-upon experts (if any) on which its testifying experts will rely, together with its list of other depositions for submission into the trial record.

As we know, the United States refused to do so. The United States objects that disclosing its relied-upon but non-testifying experts at this time would unfairly disclose their trial strategy, but this assertion contradicts the clear purpose of the Court's pre-trial procedures and directives. Parties have now disclosed the limited number of experts to be called at trial, the fact witnesses parties will and may call, and the limited number of deposition bundles they may offer into evidence. The purpose of these disclosure rules is clearly to organize and streamline the presentation of evidence for Judge Barbier. The further disclosure of relied-upon but non-testifying experts is thus consistent with the Court's preference for more, not less, disclosure in advance of trial.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 15, 2013
Page 3

Further, as the Court and parties know, the Order on presentation of evidence states that the deposition transcripts of these relied-upon but non-testifying experts will be submitted. (Draft Order, at 6-7 ¶ 3(i).)  Accordingly, these transcripts need to be reviewed and approved for submission to Judge Barbier.  Under the Court's current schedule deposition bundles need to be submitted on August 21, 2013.  The United States' attempt to withhold the identity of these witnesses frustrates this deadline.

Additionally, *Daubert* motions are due that same day (August 21) for the experts that the Aligned Parties and the United States disclosed today.  (Aug. 12, 2013 WGO, Rec. Doc. 10990, at 2.)  As there is no further *Daubert* motion deadline scheduled, this August 21 deadline was to have also applied to the relied-upon, but non-testifying experts (if any) that should have been disclosed yesterday.  The United States' claim that it should be allowed to withhold these names — presumably until trial so as not to disclose its trial strategy — suggests that it wishes to insulate these experts from any *Daubert* challenges to the testimony reflected in their depositions.

The United States must disclose its non-testifying but relied upon experts now to allow sufficient time to, potentially, redact their reports, discuss the redactions, resolve disputes as necessary, and provide the redacted reports to Judge Barbier by the September 5 deadline.  As the parties know, the Court has ruled that should a live witness be used to rebut a non-testifying, but relied-upon expert, the relevant sections of the non-testifying expert's report will come into evidence.  (Aug. 12, 2013 WGO, Rec. Doc. 10990, at 4.)

In sum, the United States should no longer be permitted to improperly withhold the names of its non-testifying, relied-upon experts, if any.

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
August 15, 2013
Page 4

*   *   *

      BP looks forward to discussing the United States' presentation of evidence proposal issues with the Court at Friday's Working Group Conference and is available at the Court's convenience to discuss the United States' failure to disclose its relied-upon but non-testifying experts.

      Respectfully submitted,

      Robert R. Gasaway

cc (by electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
State and Local Counsel Liaison Counsel
Defense Liaison Counsel