UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "DEEPWATER HORIZON" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| Applies to: No. 12-970 | JUDGE BARBIER |
| | MAGISTRATE SUSHAN |

**OPPOSITION TO BP'S SECOND MOTION FOR PRELMIINARY INJUNCTION TO SUSPEND PAYMENTS FROM THE COURT SUPERVISED SETTLEMENT PROGRAM**

The Economic & Property Damages Settlement Class, by and through the Class Representatives and appointed Class Counsel, respectfully submits the following memorandum in opposition to BP's Second Motion for an Injunction to Suspend Payments [Doc. 10937]:

**MAY IT PLEASE THE COURT:**

BP's motion, memorandum and supporting exhibits evidence a prudent and conscientious Claims Administrator responding swiftly and appropriately to issues as they arise. As with BP's previous motion,[1] BP has failed to present any evidence that any claim was improperly calculated or paid. Similarly, BP has again failed to present a proper petition upon which an injunction could be granted under Rule 65.[2] For these reasons, and for the reasons further outlined below, BP's second motion for injunction should be denied.

---

[1] *See* TRANSCRIPT (July 19, 2013), at pp.8-11.

[2] *See* OPPOSITION TO BP'S MOTION FOR INJUNCTION [Doc 10772], pp.8-9.

1

BP's evidence establishes that, on July 18, 2013 – in response to a BP media campaign offering the public a possible reward for information regarding alleged "fraud" in the Settlement Program[3] – BP provided the Claim's Administrator's independent fraud investigator, (a former Special Agent in Charge of the New Orleans Office of the FBI), with hearsay regarding alleged potential "fraud" associated with subsistence claims processed in the Mobile office.[4] *The very next day,* the Settlement Program had already conducted a preliminary investigation, and, out of an abundance of caution, had suspended the employee at issue, stopped payment on a check (which may or may not have been improperly calculated), and placed a hold on all potentially affected claims – with additional investigation ongoing.[5]  This is, Class Counsel respectfully submit, the exact type of swift and prudent reaction that one would want from a conscientious administrator.

A Declaration from BP's economist, Mr. Sider, references the existence of several subsistence determinations emanating from the Mobile Office, but does *not* identify a single claim that was (even allegedly) improperly influenced, manipulated or paid.[6]  And, indeed, follow-up by the Claims Administrator's Office has identified no evidence of fraud.[7]  Yet, even accepting *arguedo* BP's hearsay and innuendo, the Court faces an isolated and limited situation involving subsistence claims in the Mobile Office – which the Claims Administrator has already

---

[3] Class Counsel leave for another day the fact that these communications clearly violate Sections 9.1, 16.1 and 17.1 of the Settlement Agreement, and raise serious questions under Federal Rule of Civil Procedure 23, as well as, potentially, Rules of Professional Conduct 4.2, 4.3, 8.2(a) and/or 8.4(d).

[4] *See generally,* MOSKOWITZ LETTER (July 18, 2013) [Doc 10937-6] [BP Exhibit 5].

[5] *See generally,* WELKER LETTER (July 19, 2013) [Doc 10937-2] [BP Exhibit 1].

[6] *See generally,* SIDER DECLARATION (Aug. 5, 2013) [Doc 10937-3] [BP Exhibit 2].

[7] *See* LETTER FROM DAVID WELKER TO KEITH MOSKOWITZ (Aug. 22, 2013) (attached hereto as Exhibit "A").

placed on hold and is investigating. There is not even an argument, much less an evidentiary showing, to support the injunction of the entire Settlement Program.[8]

With respect to the allegations regarding the Appellate Panelists, it is initially important to note that the Appellate Panelists are *not* subject to the overview of the Claims Administrator. Rather, they are appointed by, and serve under the supervision and at the direction of, the Court.[9] It was therefore completely appropriate for the Claims Administrator to contact Judge Shushan regarding the allegations regarding the Appeals Panelists, and it was completely appropriate for Judge Shushan to contact those Appeal Panelists to ensure that any potential conflicts were resolved.[10]

The notion that the Claims Administrator had an obligation or failed to "police"[11] the Appeals Panelists is absurd, and, more importantly, neither the Moskowitz Declaration nor any evidence submitted by BP even purports to suggest that an Appeals Panelist was involved in any decision affecting his or her own claim, nor that any claim was improperly reviewed or decided.

---

[8] The latest Status Report submitted by the Claims Administrator shows that over 209,000 claims have been submitted to the Settlement Program. Of those, only 7,395 total claims have been submitted thru the Mobile Office and only 13% of the total claims are Subsistence Claims. *See* PUBLIC STATISTICS [Doc. 11008-1] (Aug. 14, 2013). BP does not present innuendo, much less evidence, that would justify the suspension of *all* claims.

[9] *See* SETTLEMENT PROGRAM, Sections 6.1.2.2.4 - 6.1.2.2.5 and 6.6. While the Appeals Coordinator is part of the Claims Administrator's staff, it is clear that the Appeals Coordinator performs only administrative functions, and has no substantive authority or oversight regarding the disposition of the claims. *See generally*, SETTLEMENT PROGRAM, Exhibit 25; *see also, e.g.,* APPEAL PANEL TRAINING (Aug. 20, 2012) [Doc 10937-5] [Under Seal] [BP Exhibit 4] p.133.

[10] *See* MOSKOWITZ DECLARATION (Aug. 5, 2013) [Doc 10937-4] [BP Exhibit 3], ¶¶ 6-8.

[11] *See* BP MEMORANDUM [Doc 10937-1] p.11.

**Conclusion**

For the above and foregoing reasons, and for the reasons previously provided,[12] Class Counsel respectfully request that BP's second motion to enjoin the Settlement Program be denied.

This 25th day of August, 2013.


Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Class  Counsel* | *Co-Lead Class Counsel* |


**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Opposition has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 25th day of August, 2013.

                s/  James Parkerson Roy and Stephen J. Herman

---

[12] *See generally,* OPPOSITION TO BP'S MOTION FOR INJUNCTION [Doc 10772].