

**Patrick A. Juneau**
*Claims Administrator*

August 22, 2013

Keith Moskowitz
SNR Denton, LLP
233 South Wacker Drive, Ste. 7800
Chicago, IL 60606-6306

Dear Keith:

This letter provides a response to your request for an update in the investigation regarding allegations of misconduct by an employee of a Claimant Assistance Center ("CAC") in Mobile, Alabama.

As noted in my letter to you dated July 19, 2013, HUB Enterprises was tasked with investigating those allegations. Since my last letter, the following investigative steps were taken:

The complainant ("Informant") was re-interviewed;

Interviews were conducted of all employees in the Mobile CAC;

The computers of Employee A and Employee B were sequestered and examined;

The e-mails of Employee A and Employee B were secured and examined;

Bank records supplied by Employee A were reviewed;

Various database searches were conducted;

The following was determined as a result of the aforementioned investigative steps:

We have determined there were discrepancies in the information provided by the Informant. The original complaint form received from BP indicates that the Informant is not a claimant. In fact, the Informant filed a subsistence claim with the CSSP before he/she called the BP fraud hotline. Additionally, the complaint form indicates that the Informant contacted a law enforcement agency regarding the allegations in his/her complaint. In a follow-up interview, the Informant stated that he/she had not contacted a law enforcement agency, but had contacted the Office of the Attorney General of Alabama, and upon being forwarded to a recording, he/she terminated the call. We have learned from the Office of the Attorney General of Alabama that he/she in fact spoke to their office on two separate occasions prior to contacting the BP hotline.

We have since learned that Employee A has helped 124 claimants who came into the claims assistance center to file claims, all of which were placed on hold pending the outcome of the investigation. We have found no evidence to support the allegation of fraud pertaining to any of these claims. In fact, we have learned that Employee A referred 32 of these claimants for fraud review by the CSSP, leading to the detection of a significant multi-claimant scheme.

We identified a claim filed by Employee A's mother, Claimant 1. Claimant 1 was interviewed and denied any wrongdoing. Claimant 1 has withdrawn her claim.

The examination of the e-mails of Employee A and Employee B revealed no evidence of fraud. In fact an e-mail was discovered wherein Employee A warns a fellow employee of a claimant attempting to read their computer screen. Further, the employees appeared actively to seek to identify fraud in their interaction with claimants.

The examination of the computers of Employee A and Employee B revealed no evidence of fraud. In fact, the USB ports on each computer in the CAC are disabled and CAC employees are unable to access personal e-mail.

An examination of bank records supplied by Employee A show no unusual or suspicious deposits or activity.

We have found no evidence of any contact between Employee A or Employee B and Lionel H. Sutton III and Christine Reitano.

Three employees (Employee A, Employee B, Employee C) may have violated certain internal operational computer policies regarding sharing use of computer stations, yet those same three employees had collectively referred 68 claims for fraud review and the policies involved did not affect the outcome on any claims in any manner.

Based upon the foregoing, the investigation has not identified any evidence of fraud.

Sincerely,

*David W. Welker*

David Welker

DW/ts