UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding Working Group Conference on Friday, August 23, 2013]**

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound (or music) for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

### NON-PHASE TWO MATTERS

1. **Michoud Matters**.

   BP reported progress on the six month lease extension at Michoud and with the discussions with the U.S. on the disposition of the remaining items at Michoud.

2. **NOAA Information.**

   The U.S. reported that the NOAA hard drive was not delivered. It has been resent. Copies will be made and distributed to each party who ordered a copy.

3. **Notice of Metadata Loss in EPA Region 6**

   The parties were satisfied with the report submitted by the U.S. on August 19.

## PHASE TWO PREPARATION

**1.      Exhibits - Categories Two and Four**.

The parties identified four categories of Phase Two exhibits: (1) those exhibits which were previously admitted in Phase One; (2) the consolidated agreed list of admitted exhibits; (3) exhibits used either in a submitted deposition bundle or with a live witness; and (4) "Orphan" exhibits - those that are not in the first three categories but which the parties do not want to reveal them until a later date.[1]

There is fundamental disagreement between the U.S. and the Aligned Parties ("plaintiffs") and BP and Anadarko ("defendants") on Category Two.

The plaintiffs contend that Category Two will contain unobjected-to documents which will be admitted into evidence at the final marshaling conference without the need for agreement by the defendants.

The defendants contend that unobjected-to documents are included in Category Two only by agreement of the plaintiffs and defendants subject to Judge Barbier's decision as to whether a party is unreasonably withholding agreement. They contend that it is not appropriate to deem Category Two documents admitted because some of them require context.

There are documents with objections which the plaintiffs and defendants want to include in Category Two. The parties shall work through the objections to determine if any of the objections can be resolved. If an objection cannot be resolved, the document will become a Category Four and a procedure will be implemented for resolving the objections.

---

[1] The time to identify documents is now. This category will be defined as documents parties want to introduce into evidence to which other parties object.

By **Monday, August 26, at 10:00 a.m.**, the defendants, the U.S. and PSC shall exchange preliminary Category Two lists.  The PSC list will be subject to revision after consultation with the other Aligned parties.  The Aligned parties' preliminary Category Two list will be circulated by **Monday, August 26, at 5:00 p.m.**  The preliminary list shall include unobjected-to documents and documents subject to objection where the parties are working to resolve the objections.

The parties were asked by the undersigned to consider resolving the issues by a court imposed limit on the number of documents the plaintiffs and defendants may include in Category Two which will be admitted at the final marshaling conference without the need for agreement from all parties as to their inclusion in Category Two but subject to a limited number of "context" objections.  Where there is a "context" objection, the party making the objection may request that a few pages be admitted from a fact deposition bundle which is not a submitted deposition bundle.

Although discussion of the Category Four or Orphan exhibits was deferred, the Court noted that:  (1) there should be a limited number of Orphan exhibits; and (2) they should be restricted to documents with unresolved objections.

**2.      Reliance exhibit lists.**

The U.S. and Aligned parties believe that identification of reliance exhibits on the final exhibit list is unnecessary.  BP requested additional time to resolve this issue.

**3.      Rulings on motions in limine**.

BP reported that it filed motions in limine and some of them may be resolved by agreement.  The Aligned parties and the U.S. reported a willingness to confer on the motions, but they were preparing responses.  The Court requested that the responses report if a party has no opposition to

the motion, but is concerned that an issue may arise during the trial. For such motions, Judge Barbier may choose to withhold ruling on the motion in advance of the trial.

**4.     Order on Presentation of Evidence.**

The order regarding presentation of evidence in Phase Two Trial was entered on August 22, 2013 (Rec. doc. 11087). The U.S. and the Aligned parties, including Halliburton, preserved their objections for the record.

An order will be issued confirming that Judge Barbier is not willing to permit the U.S. to have its experts testify in its case-in-chief and return to the stand when the U.S. presents its rebuttal.

**5.     Seating Charts.**

There were no objections to the August 21 final revised seating chart.

**6.     Timeline**.

On August 22 and in response to questions from the Court, Joe Eisert circulated a further version of the timeline. The U.S. raised an issue with the deadline for the identification of witnesses for the first week of the quantification segment of the trial. BP and the U.S. will meet-and-confer and report. No other party raised an issue with the August 22 revision of the timeline.

There was agreement that the final meet-and-confer on exhibits will occur in New Orleans at the offices of the PSC on **Thursday, September 5, at 9:00 a.m.**

**7.     BP's Motion to Strike Dr. Bushnell's Designation**.

On August 23, BP submitted a motion to strike the designation by the U.S. of Dr. Nathan Bushnell from the Phase 2 Deposition Bundle List. The U.S. urged that the motion is not timely. The Court reviewed the motion. The U.S. objection on timeliness is overruled. It shall submit a response on the merits. BP and the U.S. shall confer on a schedule for briefing the motion.

4

**8.     Stipulations**.

BP reported that it will send source control stipulations to the Aligned Parties on August 29. It suggested that a meet-and-confer process be employed to determine if agreement can be reached on these so they can be added to the existing stipulations.

## CONFERENCE SCHEDULE

| | |
|---|---|
| 08/30/13 | **Telephone only WGC at 9:30 a.m.** |
| 09/06/13 | **Telephone only WGC at 9:30 a.m.** |
| 09/11/13 | Phase Two Final Pre-Trial Conference at 2:00 p.m. |
| 09/13/13 | **Telephone only WGC at 9:30 a.m.** |
| 09/20/13 | **Telephone only WGC at 9:30 a.m.** |
| 09/30/13 | Commencement of Phase Two Trial - Source Control (Rec. doc. 10795) |
| 10/07/13 | Commencement of Phase Two Trial - Quantification |
| To be announced. | Final Marshaling Conference for Phase Two |

**All Saturdays are email free days.**

New Orleans, Louisiana, this 26th day of August, 2013.

　　　　　　　　　　　　　　　　　　　　　　　**SALLY SHUSHAN**
　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**