UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

**[Regarding Motions of the U.S. and Transocean to Compel Production of Previously-Withheld Documents Pursuant to the Crime-Fraud Exception to the Attorney-Client Privilege (Rec. docs. 8417 and 8457)]**

On April 30, 2013, an order was issued on the motion of the U.S. and Transocean to compel production of previously-withheld documents pursuant to the crime-fraud exception to the attorney-client privilege. Rec. doc. 9592. BP was ordered to produce all documents which were determined to be subject to the crime-fraud exception and it was ordered to respond to the joint memorandum of the U.S. and Transocean on the selection criteria issue. Rec. doc. 9846. The U.S. and Transocean appealed. Rec. doc. 10002. BP filed a cross-appeal. Rec. doc. 10180. The appeals were denied. Rec. doc. 10736.

The search was extended to the period from May 5 through 13, 2010. Rec. doc. 10336. On July 8, 2013, an order was issued regarding the withheld documents, dated May 5 to 13, 2010. Rec. doc. 10648.

On June 10, 2013, an order was issued regarding the selection criteria issue. Rec. doc. 10336. The U.S. and Transocean were ordered to select 3 of the 38 individuals identified by the movers as custodians whose files they contended should have been reviewed by BP. The movers selected Jeff Morgheim, Jack Lynch and Anne Harkavy. BP was required to produce *in camera* the

documents for these three individuals.

BP produced seven binders of documents for Morgheim, Lynch and Harkavy. <u>Each</u> of the documents in these binders was carefully reviewed.

From the Morgheim binder, BP shall produce Document nos. 68.0, 72.0, 88.0, 89.0, 91.0 and 95.0. They are subject to the crime-fraud exception.

BP agreed to produce some documents in the Morgheim binder, for example Document Nos. 23.0, 24.00, 26.0, 26.1 and 27.0. If a document in the binder is a duplicate of a document which BP produced previously as a Category A document or in response to the April 30, 2013 order, it is not required to produce the document a second time. BP shall follow this procedure for the Lynch and Harkavy binders.

BP is not required to produce any documents from the Lynch binders which it did not agree to produce.

BP is not required to produce any documents from the Harkavy Custodial File - Part 1 of 2 - July 25 binder which it did not agree to produce.

From the Harkavy Custodial File - Part 2 of 2 - Volume 1 (Specific Communications), BP shall produce Document no. 61.2. It is subject to the crime-fraud exception.

From the Harkavy Custodial File - Part 2 of 2 - Volume 2 (Specific Communications), BP shall produce Document no. 115. It is subject to the crime-fraud exception.

BP is not required to produce any documents from the Harkavy Custodial File - Part 2 of 2 - Volume 1 (Other Flow Rate Documents) which it did not agree to produce.

BP is not required to produce any documents from the Harkavy Custodial File - Part 2 of 2 - Volume 2 (Other Flow Rate Documents) which it did not agree to produce.

Considering the factors identified in Fed. R. Civ. P. 26(b)(2)(C)(iii), the burden and expense of discovery from the remaining 35 individuals outweighs its likely benefit.

IT IS ORDERED that:

1. **Within fourteen (14) calendar days of the entry of this order**, BP shall produce the documents from the Morgheim and Harkavy binders identified above.

2. BP is not required to produce documents from any of the remaining 35 individuals.

3. **The deadline for an appeal is seven (7) calendar days from the entry of this order**. The order will not be stayed except by order of the District Judge.

New Orleans, Louisiana, this 26th day of August, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

3