UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J |
| Relates to: No. 12-970 | § § § | JUDGE BARBIER MAG. JUDGE SHUSHAN |

## *EX PARTE* MOTION
## TO AUTHORIZE CLAIMS ADMINISTRATOR TO IMPLEMENT THE SETTLEMENT AGREEMENT WITH RESPECT TO OIL & GAS SUPPORT SERVICES INDUSTRY CLAIMS

NOW INTO COURT come the Economic & Property Damages Settlement Class, through Lead Class Counsel, and respectfully pray for an Order authorizing the Claims Administrator to interpret and implement the Settlement Agreement with respect to Oil & Gas Support Services Claimants, for the reasons that follow:

I.

Pursuant to Section 5.10.3 of the Economic & Property Damages Settlement Agreement, Support Services to the Oil & Gas Industry are subject to a Review for Potential "Moratoria Losses" where such claimants or their employers are offshore service and support companies that: (i) fall within the NAICS Codes marked with an "x" in Exhibit 19 Section I, or (ii) fall within the NAICS Codes marked with an "x" in Exhibit 19 Section II and respond that, in 2009, they provided significant services, goods or supplies to the offshore oil & gas industry in the Gulf of Mexico.

II.

Exhibit 16 of the Settlement Agreement contemplated that BP and Class Counsel were to develop agreed upon guidance for the Claims Administrator to apply in making compensation determinations that fairly and properly exclude "Moratoria Losses" (as defined in the Settlement Agreement) from the compensation.

III.

Since the execution of the Settlement Agreement, Class Counsel and BP have separately provided proposed guidance to the Claims Administrator, have met and conferred with one another, and have met jointly with the Claims Administrator on several occasions. Nevertheless, Class Counsel and BP have been unable to agree on a proposed set of guidance or protocols.

IV.

Class Counsel have therefore asked the Claims Administrator to formulate and implement an independent set of protocols consistent with the nature, spirit and terms of the Settlement Agreement.

V.

BP, however, has objected, taking the position that the Claims Administrator is without authority to implement any guidance or protocols to which the Parties have not expressly agreed.

VI.

Section 4.3.1 of the Settlement Agreement provides that: "The Claims Administrator shall … serve as directed by the Court, and faithfully implement and administer the Settlement, according to its terms and procedures, for the benefit of the Economic Class, consistent with this Agreement, and/or as agreed to by the Parties and/or as approved by the Court."

VII.

Section 4.3.4 of the Settlement Agreement provides that: "A three-person Claims Administration Panel shall be established consisting of the Claims Administrator, one representative designated by Lead Class Counsel and one representative designated by BP. Upon the request of any member of the Claims Administration Panel, it shall address and attempt to resolve unanimously any issues or disagreements that arise regarding the Claims Administrator's oversight responsibilities, Settlement administration, or any other issue involving the Settlement Program. Issues or disagreements that cannot be unanimously resolved by the Claims Administration Panel will be referred to the Court for resolution."

VIII.

Section 18.1 of the Settlement Agreement provides that:  "[T]he Court shall retain continuing and exclusive jurisdiction over the Parties and their Counsel for the purpose of enforcing, implementing and interpreting this Agreement….  Any disputes or controversies arising out of or related to the interpretation, enforcement or implementation of the Agreement and the Release shall be made by motion to the Court."

IX.

Pursuant to Section 18.2 of the Settlement Agreement, Class Counsel certify that they have met, conferred and otherwise consulted with Counsel for BP in an ongoing attempt to reach an agreement with respect to the guidance or protocols to be employed by the Claims Administrator, and have been unable to reach agreement on the issue.

**WHEREFORE** Class Counsel respectfully pray for an order authorizing and directing the Claims Administrator to interpret and implement the Settlement Agreement with respect to Oil & Gas Support Services Claims.

This 27th day of August, 2013.

Respectfully submitted,

| | |
|---|---|
| */s/ Stephen J. Herman* | */s/ James Parkerson Roy* |
| Stephen J. Herman, LA Bar No. 23129 | James Parkerson Roy, LA Bar No. 1511 |
| Herman Herman Katz & Cotlar LLP | Domengeaux Wright Roy & Edwards LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, LA 70113 | Lafayette, LA 70501 |
| Tel: (504) 581-4892 | Tel: (337) 233-3033 |
| Fax: (504) 569-6024 | Fax: (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Class Counsel* | *Co-Lead Class Counsel* |

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Motion and Proposed Order will be filed into the record electronically *via* the Court's ECF system and served on All Counsel *via* the Lexis-Nexis File & Serve system in accordance with Pre-Trial Order No. 12, this 27th day of August, 2013.

/s/ Stephen J. Herman and James Parkerson Roy