# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| | * | |
| *12-970* | * | MAGISTRATE SHUSHAN |
| | * | |

## <u>ORDER</u>

Before the Court is BP's renewed motion for a preliminary injunction (Rec. Doc. 10937), which seeks to suspend all payments by the Court Supervised Settlement Program ("CSSP") pending receipt of a report by Special Master Louis Freeh.[1]  For the reasons below, the Court denies BP's motion.

On August 5, 2013, BP filed its renewed motion for preliminary injunction, alleging that it had recently discovered evidence that (1) one or more CSSP employees working at the Mobile, Alabama Claims Assistance Center were assisting claimants in filing fraudulent "Subsistence" claims;[2] and (2) the law firms of two appeal panelists had either filed claims on the firms' behalf or represented other claimants in the settlement program.  After receiving BP's motion, the Court ordered the Claims Administrator, Patrick Juneau, to file a response not later than August 26.

The allegations involving the Mobile Claims Assistance Center came from an individual who called BP's "fraud hotline" on July 15, 2013.  On July 18, BP referred the matter to the CSSP, and

---

[1]Mr. Freeh was appointed to investigate alleged misconduct by a former CSSP staff attorney.

[2]Subsistence claims are available for Gulf Coast residents who fish or hunt for their own personal consumption, and who used the geographic region where fishing or hunting was diminished or restricted as a result of the Deepwater Horizon incident.  See: Settlement Agreement, section 1.3.1.3

the CSSP suspended the suspected employee(s) pending an investigation.  In addition, certain claims were placed on hold.  An investigation was undertaken by David Welker, who is a retired FBI agent and directs the anti-fraud unit at the CSSP.  Mr. Welker also called in HUB Enterprises, a third-party vendor retained by the CSSP to investigate allegations of fraud.

On August 26, the Claims Administrator filed his formal response, together with a copy of the results of the investigation performed by Mr. Welker and HUB Enterprises.  (Rec. Doc. 11138)  In summary, the investigation has not found any credible evidence to support the allegations of fraud involving the employees at the Mobile Claims Assistance Center.

With respect to the allegations of a conflict involving the appeal panelists, these appeal panelists were appointed by the Court and are supervised by the Court, not by the Claims Administrator. (Rec. Doc. 6796)  Accordingly, this is an issue for the Court, not for Mr. Juneau.

Moreover, these issues were previously brought to the attention of Magistrate Judge Sally Shushan.  Around April 2013, one of the appeal panelists appointed by the Court contacted Judge Shushan and advised that he had recently learned that his law firm had filed a claim with the CSSP. This panelist withdrew from the law firm and, with Judge Shushan's approval, continues to serve as an appeal panelist.  He was never assigned an appeal in which his former law firm was involved. Around June 2013, it was reported to Judge Shushan that another panelist's law firm, without his knowledge, had also filed its own  claim.  After investigating the circumstances, Judge Shushan determined that this panelist might elect to withdraw from any financial interest in his law firm, and still serve as an appeal panelist. Meanwhile, all appeal assignments to this panelist have been suspended while the matter is being resolved by Judge Shushan.  The panelist has never been assigned an appeal involving his law firm or any claimant represented by the law firm.  Finally, a

third appeal panelist advised Judge Shushan that he had just learned that his wife's law firm had filed a claim.  As a result, this panelist resigned as an appeal panelist.

Notably, none of the claims represented by the firms of two of the panelists have been approved, paid, or appealed.  With respect to the third panelist, only a handful of its claims have been paid and none were appealed.  (Rec. Doc. 11138-1, at p.3)

The Court agrees with Judge Shushan's handling of the alleged conflicts involving the three court-appointed appeal panelists, and does not find this to be a basis upon which to suspend the entire claims payment program.

For these reasons, BP's renewed motion for preliminary injunction (Rec. Doc. 10937) is DENIED.

New Orleans, Louisiana, this 28th day of August, 2013.

_____
United States District Judge

3