# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179<br><br>Section: J |
| | This filing relates to: *All Cases* | * * | District Judge Carl J. Barbier |
| | (Including Civil Action No. 12-970) | * * * | Magistrate Judge Shushan |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## THE CLAIMS ADMINISTRATOR'S RESPONSE TO CLAIMANT SQUARE 4 OIL REMEDIATION LLC'S REQUEST FOR A WRIT OF MANDAMUS AND REQUEST FOR HEARING

The Claims Administrator for the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Claims Administrator") files this response to the Request for a Writ of Mandamus ("Request for Writ") filed by claimant Square 4 Oil Remediation LLC ("Square 4") (not docketed) and Request for a Hearing on the Request for a Writ of Mandamus ("Request for Hearing") (Rec. Doc. 10758).   In its Request for Writ, Square 4 asks that the Court compel the respondents ("BrownGreer, representing BP[1]; the Deep Water Horizon Economic Claim Center; the Garden City Group; Mr. Patrick Juneau, Lead Counsel and the Claims Administrator for the Fund; and Stephen Herman, of Herman Herman Katz & Cotlar, and James Roy, of Domengeaux, Wright, Roy & Edwards, Co-Lead Counsel on the Plaintiff's Steering Committee") "to abide by their fiduciary responsibilities, the Rules of the Settlement Agreement and their own rules and regulations concerning the hearing and review of claims made pursuant to the Settlement Agreement."   After repeated notices, the Claims Administrator denied Square

---

[1] The claimant misstates that BrownGreer represents BP.  BrownGreer does not represent BP.  Instead, it is a vendor to Mr. Juneau, the Claims Administrator of the Deep Water Horizon Economic and Property Damages Settlement.

4's claim for insufficient documentation.  The claimant has appealed that denial to the

Documentation Reviewer under the Settlement Agreement.  That appeal is pending with the

Documentation Reviewer under the Settlement Agreement.  Square 4's Requests should be

denied on the ground that it has failed to exhaust the procedural steps available to it under the

Settlement Agreement.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Settlement Agreement's Procedures for Processing a Claim.

Claimant Square 4 filed a Failed Business Economic Loss ("BEL") claim.  The

Settlement Agreement defines a Failed Business as a business entity that commenced operations

prior to November 1, 2010, and that subsequent to May 1, 2011, but prior to December 31, 2011,

either: (1) ceased operations and wound down; or (2) entered bankruptcy; or (3) otherwise

initiated or completed liquidation of substantially all of its assets.  S.A. § 38.68.  Exhibit 6 of the

Settlement Agreement provides the framework that governs claims by Failed Businesses.  S.A.

§ 5.3.4.  Claimants must submit certain documents mandated by the Settlement Agreement to

support a Failed BEL claim.  *See* S.A. Ex. 6.  The Settlement Agreement requires the Claims

Administrator to review each claim to determine whether it is complete.  If the claim is complete,

it undergoes causation analysis and then, if it passes causation, an evaluation for damages.  *See*

S.A. Ex. 6.

### B.    Administrative Remedies Available for Incomplete Claims.

The Settlement Agreement requires claimants to submit their supporting records with

their Claim Form.  If a claimant does not submit the documents required by the Settlement

Agreement to support a claim, the Claims Administrator must deny the claim for insufficient

documentation.  The Claims Administrator announced its policy for processing incomplete

claims ("Incomplete Claim Processing Policy") and posted it on the DWH website at

http://www.deepwaterhorizoneconomicsettlement.com/docs/Announcement_of_Policy_for_Proc
essing_Incomplete_Claims.pdf on March 26, 2013.  This process provides claimants with at least

two written Notices informing the claimant of the documents required to complete the claim

submission, before the Claims Administrator denies the claim for insufficient documentation.

*See id.*  Then when the Claims Administrator denies a claim, the Incompleteness Denial Notice

sent to the claimant alerts the claimant to the opportunity to request Reconsideration within 30

days of the Notice. *See id.*  If the claimant asks for Reconsideration, the Claims Administrator

reviews the claim again and any additional documents submitted to determine whether the

claimant has cured the document deficiencies. *See id.*  If the Claims Administrator determines

that the claim's documents are still incomplete, the Claims Administrator issues a Post-

Reconsideration Incompleteness Denial Notice that provides the claimant with the opportunity to

request review of the decision by a Documentation Reviewer. *See id.*  By this time, the claimant

has had at least four chances to submit the required information, spanning a period of about 120

days.

Settlement Agreement Section 6.1.1 governs appeals from denials for insufficient

documentation.  It allows a claimant to seek review by the Documentation Reviewer after the

Claims Administrator has issued a final denial of a claim as incomplete.  The Settlement

Agreement does not provide the claimant with the right of judicial review of the Documentation

Reviewer's decision.  Instead, it specifies that the Documentation Reviewer's decision on the

documentation issue is without prejudice to the claimant's right at any time prior to termination

of the Settlement Agreement to resubmit the claim.  *See* S.A. § 6.1.1.1.

C.  **The Processing of Square 4's Claim.**

Jefferson Kenneth Jones-Oberle, as the representative for Square 4, filed a Failed Business Economic Loss Claim Form on October 29, 2012, at the Mobile DWH Claimant Assistance Center ("CAC").  The Claim Form stated that Mr. Jones-Oberle started Square 4 in June 2010 to provide cleanup services, personnel and equipment to British Petroleum.  In addition to the Claim Form, Mr. Jones-Oberle submitted certain documents, including a "Contractor Proposal to British Petroleum for the Employment of Square 4 Oil Remediation LLC," State of Alabama Articles of Organization for Square 4 Oil Remediation LLC, and a copy of Jefferson Kenneth Jones' Alabama Commercial Driver License.  Mr. Jones-Oberle returned to the CAC on October 30, 2012, and furnished additional materials for his claim:   a completed Failed Business Economic Loss Authorized Business Representative Sworn Written Statement (SWS-18), a completed Failed Business Sweat Equity Sworn Written Statement (SWS-19), and a completed Form W-9.  He also provided a letter addressed to the Mobile CAC explaining that he ceased operation of his business on December 25, 2011, because, in his perspective, BP never honored its promise to provide work for his Co-op, and that the LLC is still carried with the Secretary of State of Alabama until June 2015.

The Claims Administrator assigned Claim ID 98457 to the claim and completed the first review of it on January 23, 2013.  The claim was Incomplete because Mr. Jones-Oberle had not submitted the 2010 federal tax return for the business, monthly and annual profit and loss statements for May 2010 through the date the business ceased operations, and documents prepared before April 20, 2010, showing the business projections, all of which are clearly required by the Failed BEL Framework in Ex. 6 to the Settlement Agreement.  The Claims Administrator also determined that the claim was missing documents verifying the Tax ID,

physical location and NAICS Code of the business.  Exhibit 4A to the Settlement Agreement requires these documents in part to determine the proper Industry Designation and Zone for the claimant.  The Industry Designation and Zone are necessary for the Claims Administrator to determine what, if any, Causation Requirements the claimant must satisfy to be eligible for compensation, as well as the amount of compensation due.  The Claims Administrator issued an Incompleteness Notice on January 31, 2013, requesting that Mr. Jones-Oberle submit these documents, all of which are required by the Settlement Agreement before the Claims Administrator may issue an outcome on the merits of the claim.[2]

Mr. Jones-Oberle submitted materials in response to the Incompleteness Notice on February 14, 2013, but they consisted only of duplicates of documents that he had previously submitted.  He did not provide any of the documents that the January 31, 2013 Incompleteness Notice told him to submit.  The Claims Administrator re-reviewed the claim on February 27, 2013, and determined that the claim remained Incomplete for the same reasons stated on the original Incompleteness Notice.  The Claims Administrator issued a Follow-Up Incompleteness Notice[3] on March 13, 2013, requesting these same documents.

In March and April 2013, Mr. Jones-Oberle continued to visit the Mobile CAC office to submit documents in response to the Follow-Up Incompleteness Notice, including income projections, an affidavit concerning the 2010 federal tax returns for the business, and a verification of non-filing of federal tax returns under Mr. Jones-Oberle's personal Social Security Number.  Additionally, he submitted transcripts from the IRS verifying that the

---

[2] The Incompleteness Notice also stated that the claimant needed to provide a Failed Business Sweat Equity Sworn Written Statement (SWS-19), which Mr. Jones-Oberle had previously submitted.  The Claims Administrator was unable to confirm the information in the SWS because Mr. Jones-Oberle did not provide the documents required to confirm the location and nature of the business.

[3] The Follow-Up Incompleteness Notice also included requests for a Failed Business Economic Loss Authorized Business Representative Sworn Written Statement (SWS-18) and a Failed Business Sweat Equity Sworn Written Statement (SWS-19), which Mr. Jones-Oberle had previously submitted.

Authorized Business Representative identified in the SWS-18, Jefferson K. Oberle, did not file a Form 1040, 1040 EZ or 1040 A tax return in 2010.  For For-Profit Businesses, Verification of Non-Filing is not sufficient to satisfy the requirement for complete federal tax returns described in Exhibit 4A of the Settlement Agreement. Instead, such claimants must submit the required tax return to satisfy this requirement of the Settlement Agreement.

The Claims Administrator completed another review of the claim on April 17, 2013, and determined that the claim remained Incomplete for the missing 2010 federal tax returns, monthly and annual Profit and Loss Statements for May 2010 through the date the business ceased operations, documents prepared before April 20, 2010, showing the business projections, and documents showing the physical location and NAICS Code of the business.  In addition, the Claims Administrator determined the claim was incomplete for 2011 federal tax returns, which Exhibit 4A to the Settlement Agreement requires for Failed Businesses that operated in 2011. The Claims Administrator issued the Incompleteness Denial Notice[4] on April 23, 2013, requesting these documents.

On May 21, 2013, Mr. Jones-Oberle visited the Mobile CAC to request Reconsideration of the Incompleteness Denial Notice.  He then submitted additional documents on June 11, 2013, and June 17, 2013, including expense reports, income projections, a completed Form 4506-T request for federal tax return transcripts, and a copy of his Request for Writ.  The Claims Administrator completed the Reconsideration Review on June 25, 2013, and determined the claim was still incomplete because it was still missing federal tax returns for 2010 and 2011, documents verifying the physical location and NAICS Code of the business, and monthly and annual Profit and Loss Statements for May 2010 through the date the business ceased operations.

---

[4] The Incompleteness Denial Notice also stated that the claimant needed to provide a Failed Business Economic Loss Authorized Business Representative Sworn Written Statement (SWS-18), which Mr. Jones-Oberle had previously submitted.  The Claims Administrator was unable to confirm the information in the SWS.

The Claims Administrator issued a Post-Reconsideration Incompleteness Denial Notice[5] on July 9, 2013.

During his last visit to the Mobile CAC office on July 12, 2013, Mr. Jones-Oberle provided a copy of the Request for Hearing, updated copies of the completed Form 4506-T, an affidavit regarding the business' 2010 federal tax returns, other duplicative supporting documents, and a Request for Appeal Form requesting an Appeal of the denial for insufficient documentation.  His Incompleteness Appeal is currently awaiting review by the Documentation Reviewer.

On July 19, 2013, a DWH Claimant Communications Center ("CCC") representative contacted Mr. Jones-Oberle to explain again the document requirements for his claim.  The CCC representative reviewed that the Settlement Agreement requires tax return documents and proof of non-filing from the IRS is not sufficient.  The CCC representative made it clear that the claimant must file the tax returns to fulfill the tax return document requirement.  The CCC representative also explained the format required for Monthly Profit and Loss Statements.

## II. ARGUMENT

Square 4's claim is incomplete and the Claims Administrator has denied the claim.  His appeal of that denial will be reviewed by the Documentation Reviewer.  Instead of exhausting the administrative appeal procedure provided by the Settlement Agreement, Mr. Jones-Oberle has filed the present Requests with the Court on behalf of Square 4.

The provisions of the Settlement Agreement on the steps for processing and reviewing claims were extensively negotiated by the parties and carefully crafted to afford claimants multiple opportunities to present materials to the Claims Administrator to ensure the accuracy of

---

[5] The Post-Reconsideration Incompleteness Denial Notice also included a request for a Failed Business Economic Loss Authorized Business Representative Sworn Written Statement (SWS-18), which Mr. Jones-Oberle had previously submitted.

Claims Administrator determinations on claims, while also achieving an efficient process for the processing of the thousands of claims that the Claims Administrator would receive.  BP and counsel for all the Class Members agreed on this process.  This Court has approved the process in the Settlement Agreement as well.

The Court has denied a motion by another claimant requesting Court review of his claim prior to exhausting the appeal procedures set forth in the Settlement Agreement and the Rules Governing the Appeal Process.  *See* 5/23/13 Boothe Order (Rec. Doc. 10235).  That ruling concerned a final determination on the merits rather than a denial for insufficient documentation. Nonetheless, it is instructive in requiring all claimants to follow the Settlement Agreement provisions for adjudicating claims and to exhaust the administrative steps provided by the Settlement Agreement before coming to the Court.

Square 4 did not opt out of the Settlement and therefore remains a potential member of the Economic Class, bound by the terms of the Settlement Agreement.  It thus agreed to follow the procedures provided by the Settlement Agreement for the processing of its claim and to pursue no further remedies.  The claimant cannot now repudiate and ignore that portion of the Settlement Agreement that requires it to seek review of its claim through the steps called for by the Settlement Agreement.

Claimants cannot by-pass the Court-approved processes in the Settlement Agreement and seek remedies not provided in the Settlement Agreement.  Allowing claimants to do so would disrupt the processing of claims under the Settlement Agreement and impair the Claims Administrator from achieving its objective of processing all claims expeditiously and fairly, applying the same rules and procedures to all claimants equally.  Following the agreed-upon remedies prescribed by the Settlement Agreement is the most expeditious method to resolve the

claimant's objection to the Claims Administrator's processing of his claim.  Settlement Agreement Section 6.1.1.1 provides that Square 4 may seek review by a Documentation Reviewer after the Claims Administrator denies the claim for insufficient documentation and re-file its claim without prejudice if the Documentation Reviewer affirms the Claims Administrator's denial.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the Claims Administrator submits that the claimant's Requests should be denied.  Claimant Square 4 should be directed to follow the procedures of the Settlement Agreement for the processing and final determination of his claim.

/s/ Patrick A. Juneau<br>PATRICK A. JUNEAU<br>CLAIMS ADMINISTRATOR

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August 2013, the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and has been mailed by first class mail, postage prepaid to the Jefferson Kenneth Jones-Oberle as the representative for claimant, Square 4 Oil Remediation LLC, at 9180 Irvington-Bayou la Batre Highway, Irvington, Alabama 36544.

/s/ Patrick A. Juneau
PATRICK A. JUNEAU
CLAIMS ADMINISTRATOR