UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

ORDER[1]

[Regarding Working Group Conference on Wednesday, August 28, 2013]

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound (or music) for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

NON-PHASE TWO MATTERS

1. **Michoud Matters**.

The lease extension was not on the agenda.

2. **NOAA Information.**

The U.S. reported that the NOAA fisheries data has been sent to the parties.

PHASE TWO PREPARATION

1. **Exhibits - Categories Two and Four**.

The Category Two exhibits will be limited to a total of 75 documents divided as follows: the U.S. will have up to 25; the Aligned Parties will have up to 25; and BP/Anadarko will have up

---

[1] The conference was not transcribed by a Court Reporter. This order will be the only record of the conference.

to 25.  To be eligible for inclusion as a Category Two exhibit, a document must be unobjected-to.  Each side is solely responsible for determining the 25 unobjected-to documents it includes.  In selecting documents for Category Two, the sides are not limited to the documents identified on August 26, 2013.

If the parties cannot agree on the removal of an objection to a document, the document may be moved to Category Four.  Where the parties cannot agree to the removal of an objection to a proposed Category Two exhibit, the designating parties may back-fill so that side's Category Two exhibits are maintained at 25 unobjected-to documents.

The Category Two exhibits will be subject to 9 context objections divided as follows:  the U.S. will have up to 3; the Aligned Parties will have up to 3; and BP/Anadarko will have up to 3.  Where there is a "context" objection, the party making the objection may request that a _few_ pages be admitted from a fact deposition bundle which is not a submitted deposition bundle.  If the only objection to a side's Category Two document is a context objection, the designating side is not required to move the document to Category Four.

The schedule for listing Category Two documents is:

| | |
|---|---|
| 09/09/13 | The Aligned Parties and the U.S. will list their proposed Category Two documents. |
| 09/11/13 | BP and Anadarko shall list their proposed Category Two documents and make their context objections to documents listed on 09/09/13 by the Aligned Parties and the U.S. |
| 09/13/13 | The Aligned Parties and the U.S. shall make their context objections to documents listed on September 9 and 11. |

The Category Two exhibits will be admitted at the final marshaling conference.

The Category Four exhibits will be limited to a total of 30 documents. These will be "clean-up" exhibits. After the conclusion of the trial a side may decide that there is a document that was not admitted during the trial which that side requires. The U.S. will have up to 10; the Aligned Parties will have up to 10; and BP/Anadarko will have up to 10. A document does not have to be subject to an objection for inclusion as a Category Four exhibit. Each side is solely responsible for determining the 10 documents for inclusion in Category Four.

For the Category Four exhibits, the sponsoring parties will present a one line summary of why the document should be admitted. The parties shall meet-and-confer on the procedure for Category Four exhibits so that it is approximately the same as the procedure employed for Phase One.

This order regarding Category Two and Four exhibits is subject to the objections of the U.S. and Aligned Parties, including their objections to the limitation on the number of exhibits in Categories Two and Four.

Halliburton reported that it will withdraw its objection to the documents appearing the parties' August 26, 2013 lists.

**2.   Reliance exhibit lists.**

On August 23, BP agreed that the parties do not need to identify specifically the reliance exhibits on their Phase Two exhibit lists. This issue will be removed from the agenda.

**3.   Rulings on motions in limine**.

Motions in limine were not on the agenda.

4.    **<u>Order on Presentation of Evidence</u>.**

On August 26, 2013, Judge Barbier entered the order denying the U.S. proposal on experts testifying in its case-in-chief and in its rebuttal. Rec. doc. 11129.

5.    **<u>Crime-Fraud Order</u>**.

On August 26, 2013, the Court issued a further order regarding the motions of the U.S. and Transocean to compel production of previously-withheld documents pursuant to the crime-fraud exception and the attorney-client privilege with a deadline for an appeal (Rec. doc. 11128). BP proposed and the U.S. agreed to a modification of the appeal deadlines.

The August 26, 2013 order (Rec. doc. 11128) is modified as follows:

a.    The deadline for an appeal of the August 26, 2013 order is **Tuesday, September 3, 2013.**

b.    If a party appeals on September 3, 2013, the deadline for a cross-appeal is **Wednesday, September 4, 2013.**

6.    **<u>Timeline</u>**.

BP will distribute a further revision to the timeline. The Court will resolve the issue of the advance notice of witnesses to testify during each week of the quantification segment of the trial. The U.S. requests that it not be required to provide advance notice of its witnesses (both names and intended order of presentation) until the Wednesday preceding the week in which the witnesses will be called.

7.    **<u>BP's Motion to Strike Dr. Bushnell's Designation</u>**.

In its August 23 motion (letter from Rob Gasaway), BP objects to the August 16 designation by the U.S. of Dr. Nathan Bushnell as a relied upon expert because no U.S. expert relies upon Dr.

Bushnell in a manner that corresponds to proper uses of Phase Two relied-on non-testifiers. This motion will be resolved by the undersigned.

In its August 23 motion in limine, BP seeks to exclude Dr. Bushnell's opinion under Daubert. Rec. doc. 1114. This motion will be resolved by Judge Barbier.

The U.S. shall submit responses to the motions by **Tuesday, September 3**, with BP's replies due on **Tuesday, September 10.**

**8.     Stipulations**.

This was not on the agenda for the conference on August 28. At the conference on August 23, BP reported that it would send source control stipulations to the Aligned Parties on August 29.

## CONFERENCE SCHEDULE

| | |
|---|---|
| 08/30/13 | **Cancelled** |
| 09/06/13 | **Telephone only WGC at 9:30 a.m.** |
| 09/11/13 | Phase Two Final Pre-Trial Conference at 2:00 p.m. |
| 09/13/13 | **Telephone only WGC at 9:30 a.m.** |
| 09/20/13 | **Telephone only WGC at 9:30 a.m.** |
| 09/30/13 | Commencement of Phase Two Trial - Source Control (Rec. doc. 10795) |
| 10/07/13 | Commencement of Phase Two Trial - Quantification |
| 11/07/13 | Final Marshaling Conference for Phase Two |

**All Saturdays are email free days.**

New Orleans, Louisiana, this 29th day of August, 2013.

                                                         **SALLY SHUSHAN**
                                                         **United States Magistrate Judge**