# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **In re:** | **Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| | **"*Deepwater Horizon*" in the Gulf of** | * | |
| | **Mexico, on April 20, 2010** | * | **SECTION:  J** |
| | | * | |
| **Applies to:** | ***All Cases.*** | * | **JUDGE BARBIER** |
| | | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \*

### OBJECTIONS OF DEFENDANTS ANADARKO PETROLEUM CORPORATION AND ANADARKO E&P COMPANY TO THIRD INSTALLMENTS OF PHASE TWO GOOD-FAITH TRIAL EXHIBIT LISTS

Pursuant to the Court's Revised Timeline for the Phase Two Trial  (Rec. Docs. 11180 and 11180-1, August 29, 2013), Defendants Anadarko Petroleum Corporation and Anadarko E&P Company (collectively "Anadarko") respectfully submit herewith (as Exhibit A) their objections to certain exhibits on other parties' Third Installments of Phase Two Good-Faith Exhibit Lists.

Anadarko respectfully reserves the right to add, remove, or modify its objections.  Any objection on this list to any particular exhibit acts as an objection to all other exhibits that are duplicative or substantially similar but have different trial exhibit numbers.  If a party divides or subdivides an exhibit into subsections, Anadarko makes the same objections to those subsections as it did to the original exhibit.  To the extent that Anadarko objects to a specific exhibit for reasons other than incompleteness, Anadarko also objects to all "cured" versions of that exhibit.

Anadarko objects to, as improper and in violation of the Court's August 22, 2013 Order limiting the number of depositions from which each party may submit designations for the Phase Two trial [Rec. Doc. 11087], any deposition or deposition excerpt that is identified as an exhibit by any party but that is not within those identified by that party as within the limited number of designations it is permitted per the Court's Order.  Anadarko notes that additional objections

relating to deposition designations appear in the designations themselves and Anadarko incorporates in each of its objections to a deposition or deposition excerpt each and every general and specific objection it raised within the designations for that deposition.

Anadarko further objects to documents or portions of documents that have been identified as exhibits but that already have been stricken by the Court (*e.g.*, the Strickland and Sundaresan expert reports and certain portion of the US experts' reports that were ordered stricken) or that represent expert reports and/or depositions by persons who have been withdrawn as experts, or who have not properly been identified by a party as among the limited number of live experts or relied-on experts that the Court has permitted that party to identify.  Anadarko also incorporates herein its objections to certain expert reports as stated in the *Daubert* motions, or Motion *in Limine*, in which it has joined to preclude their testimony and also objects to any document that is included on a party's Third Installment but that is or becomes admissible as a result of a ruling by the Court on any of the pending Motions *in Limine*.

Anadarko further reserves the right: (1) to add and/or remove objections based on objections by other parties; (2) to add and/or remove objections based on any party's motions *in limine* or rulings by the Court; (3) to add objections as to foundation depending on what foundation is proffered at trial (including but not limited to assertions of foundation on the basis of the business records exception to the hearsay rule); (4) to add, remove and/or modify objections in light of other parties' pre-trial filings, exhibit lists, physical exhibits, photographs, and demonstratives, as well as the evidence and arguments presented by other parties at trial; (5) to add, remove and/or modify objections based on documents produced by other parties subsequent to this date; (6)   to add, remove and/or modify objections in light of the parties' listing of witnesses on their witness lists; (7) to object to any exhibit related only to non-Phase II

issues; (8) to object to any exhibit whose admission is barred by statute or regulation, such as exhibits relating to the Marine Board or U.S. Chemical Safety Board investigations; (9) to object to any exhibit that any party has insufficiently or incorrectly identified on its exhibit list, or that it has not yet produced; (10) to introduce at trial any exhibit to which Anadarko has objected (*e.g.*, a document may be offered as an admission against another party but may be hearsay with regard to Anadarko); (11) to object at trial to all photographic, demonstrative and/or physical exhibits; (12) to object to the introduction and/or use of all third-party investigation reports and all testimony, attachments, figures, pictures, and documents related thereto; and (13) to object to the introduction and/or use of all exhibits that set forth full or partial expert reports, including all attachments, figures, pictures, graphs, and related documents attached thereto or included therein..

By objection to certain exhibits, Anadarko does not waive the right to introduce such exhibits at trial.

Dated:  August 30, 2013                              Respectfully submitted,


            ___/s/ Ky E. Kirby_____

            Ky E. Kirby
            Ky.Kirby@bingham.com
            Warren Anthony Fitch
            Tony.Fitch@bingham.com
            Michael B. Wigmore
            Michael.Wigmore@bingham.com
            BINGHAM MCCUTCHEN LLP
            2020 K Street, NW
            Washington, DC 20006-1806
            Telephone (202) 373-6000
            Facsimile (202) 373-6001

James J. Dragna
Jim.Dragna@bingham.com
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Deborah D. Kuchler (La. Bar No. 17013)
Janika Polk (La. Bar No. 27608)
Robert Guidry (La. Bar No. 28064)
KUCHLER POLK SCHELL
WEINER & RICHESON, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA  70112

**ATTORNEYS FOR ANADARKO
PETROLEUM CORPORATION AND
ANADARKO E&P COMPANY LP**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing Objections of Defendants Anadarko Petroleum Corporation and Anadarko E&P Company to Third Installments of Phase Two Good-Faith Trial Exhibit Lists to be served on all counsel via the Lexis Nexis File & Serve system (and by email with the exhibit list in native format), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 30th day of August, 2013.

_____/s/  Ky E. Kirby_____