UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG § | | MDL-2179 |
| "DEEPWATER HORIZON" § | | |
| in the GULF OF MEXICO, on § | | |
| APRIL 20, 2010 § | | SECTION "J" |
| § | | |
| THIS DOCUMENT RELATES TO: § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* § | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATE OF LOUISIANA'S MEMORANDUM IN SUPPORT OF
OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S
[Regarding OPA Test Cases] [Rec. Doc. 11031]**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the State of Louisiana through James D. "Buddy" Caldwell, Louisiana Attorney General ("Louisiana" or "State"), who respectfully requests that this Court amend or modify an order entered by Magistrate Judge Sally Shushan in this matter that prioritizes and advances certain cases arising under the Oil Pollution Act ("OPA") for trial before the OPA economic loss claims of the State. 8/16/13 Order [Regarding OPA Test Cases] [Rec Doc. 11031] (Exhibit A).

The Order at issue was entered by Magistrate Shushan on August 16, 2013, after what the Magistrate describes as "a lengthy nominating process." 8/16/13 Order, at 1. The Order goes on to state that the Magistrate "has selected the following cases as the 'OPA test cases' which will be prepared for trial by the PSC and BP." *Id.* Louisiana was not invited to participate in the OPA test case nomination process despite the fact that the State also has OPA claims pending before the Court that would serve as a useful test case. Further, the State has made multiple requests to this Court for discovery and a trial date for its OPA economic loss claims. At the very least, Louisiana should have been included in the process for selection of OPA test cases to be tried, given its repeated requests for relief, its significant interest in the disposition of the

State's claims and because the State's OPA claims for economic losses are substantial. Excluding the State from this process was clearly erroneous. Accordingly, the State appeals the Order of the Magistrate and again requests that the Court try the State's economic loss claims as an OPA test case.

## I. Appeal of Magistrate Judge's Order

Magistrate judges are authorized to hear and determine non-dispositive pretrial motions. 28 U.S.C. §636(b)(1)(A) (2011). Parties may appeal the findings of a magistrate judge to the district court, which may reconsider the orders "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2. "[W]hen a magistrate judge has obviously misapprehended a party's position, the facts, or the applicable law[,]" a district court may reverse a magistrate's order. *Gaffney v. U.S. Dep't of Energy*, No. 98-3772, 2000 WL 1036221, at *2 (E.D.La. July 25, 2000) (Exhibit B).

## II. The State's Requests for Discovery and a Trial Date

Since this MDL was formed, the State of Louisiana, which continues to suffer significant environmental and economic loss as a result of the *Deepwater Horizon* oil spill, has repeatedly requested that this Court allow the State to advance its claims. Initially, the State requested that the Court develop a separate government track to facilitate the timely advancement of the unique array of claims of those government entities in this MDL. [Rec. Doc. 248]. The request was denied,[1] and the Court developed a case management plan that prioritized Transocean's Limitation proceedings that, in effect, stayed all other parties' claims, including OPA claims.[2]

---

[1] The Court denied the request without permitting a hearing on the issue. [Rec. Doc. 1076].
[2] This plan was developed despite BP's stipulation of liability, [Rec. Doc. 922], which eliminated the need to litigate issues of liability as to claims arising under OPA given that OPA prioritizes the quick payment of claims and allows

Despite the prejudice the State suffered as a result of this case management plan, the State has cooperated with and followed the Court's schedule. During that time, the State was subjected to extensive and costly discovery from Defendants without the ability to issue discovery of its own. In addition, the State has been severely limited in its ability to question witnesses, many of which will be focal to the proof in the State's ultimate claims.[3] At present, the State is currently suffering from BP's refusal to pay interim claims as required under OPA.

The State again urged that OPA claims be permitted to proceed after the Phase One trial was stayed to accommodate BP's and the PSC's administration of the private party settlements. On April 25, 2012, the State pointed out that this break in the proceedings would be an ideal time to move forward with other claims in the MDL, specifically claims for economic losses under OPA.[4] The Court ignored the State's request, thereby again delaying resolution of the State's claims. By that time, BP had discontinued reimbursement of certain of the State's presented claims in contravention of OPA's requirement to pay interim claims, resulting in increased economic strain in addition to the losses suffered as a result of the oil spill. Thereafter, the State made a number of additional requests to the Court for discovery and a trial date for its OPA 2010 economic loss claims.[5] Attorney General Caldwell made an oral request to the Court for discovery and a trial date in Chambers at the April 2012 Liaison Status Conference and a specific request for targeted discovery at the July Liaison Status Conference. Attorney General Caldwell

---

potential responsible parties to litigate allocation of fault in subsequent contribution actions. *See* 33 U.S.C. §2713 and §2709, respectively.

[3] For example, the State was only allowed to depose Lamar McKay regarding Phase One and Two issues, and now, may not be allowed to depose him a second time, even though McKay was directly involved with response issues, which were not the subject of previous depositions.

[4] Louisiana's *in Camera* Trial Plan Submission (Apr. 25, 2012).

[5] The State presented its claims for 2010 economic losses to BP on February 27, 2012. BP failed to act on the claims within ninety days. Thus, pursuant to OPA, the State's claims are ripe for litigation. 33 U.S.C. §2713.

repeated his requests at the September Liaison Conference, at which time the Court orally denied the requests. [Rec. Doc. 7426, at 10].

The State made a formal request for discovery and a trial date for its OPA economic loss claims on October 24, 2012. [Rec. Doc. 7744]. Magistrate Judge Shushan denied the request, stating that "it will be difficult for Judge Barbier and the undersigned to attempt to stretch limited judicial resources to supervise discovery concerning Louisiana's economic claims." [Rec. Doc. 7835, at 4]. On November 16, 2012, the State filed an appeal of the Magistrate's Order with the District Court. [Rec. Doc. 7933]. The Court has yet to rule on the State's Appeal and has not allowed further briefing on the issue.

### III.  Argument

Despite the State's pending requests for discovery and a trial setting on its economic claims, the Magistrate's recent Order again places the interests of BP and the PSC ahead of the State's without providing an explanation for excluding the State from the OPA test cases to be tried. The State was not included in the process for the selection of test cases and thus, has no record of the factors considered or other reasoning applied in selecting the cases included in the Magistrate's 8/16/13 Order. The State has patiently waited through the Court's Phase One and Phase Two proceedings, as well as the private party settlement proceedings, to get its day in court while other claims are permitted to advance. The Court's recent Order will prolong the State's wait even further by allowing other OPA test cases to proceed instead of the State of Louisiana's.

Trying the State's claim would promote judicial efficiency and would not cause an undue burden to this Court. As described in its October 24, 2012 Motion, the State's economic loss claims would serve as an ideal test case for OPA-related issues, including: whether OPA

claimants are entitled to a jury trial, what constitutes proper presentment under OPA, whether BP is entitled to an offset for any OPA claims, and the legitimacy of OPA claims related to the deepwater drilling suspension in the Gulf.  [Rec. Doc. 7744, at 5-9].  Further, because the State's supporting materials were provided to BP upon presentment of its claims in February 2012, extensive discovery is not required.[6]  Trying the State's OPA economic loss claims, likely the largest in this case, would resolve important issues common to other parties in this MDL in a swift and efficient manner while also providing relief to the State of Louisiana.

The exclusion of the State from the selection of OPA test cases not only violates fundamental fairness, it is inconsistent with the assurance from this Court that "[e]ach state that files a claim in this litigation has a right to its own representation and to advance its own claims." Hr'g Tr., 11:18-12:6 (1/28/11) [Rec. Doc. 1101].  The Fifth Circuit Court of Appeals relied on this assurance when it allowed the Court to proceed with its case management plan despite the State of Louisiana's concerns that its claims would be prejudiced.  *In re: State of Louisiana*, 5th Cir. No. 11-30178 (Apr. 11, 2011).  The State has patiently waited for the opportunity to advance its own claims, yet continues to arbitrarily be moved to the end of the line, despite the significant need for the State to swiftly resolve its economic loss claims and recover the funds that would have been available to the State absent the *Deepwater Horizon* oil spill.

### IV.   Conclusion

Under the circumstances described above, the selection of cases to be prioritized for trial under OPA in these proceedings is a clear error.  The State has a substantial interest in any OPA test case that is to be tried before this Court, and thus, should at the very least be included in any discussions regarding the nomination of test cases to be allowed the opportunity to argue that its

---

[6] Additionally, the majority of the State's supporting material is publicly available on the Louisiana Department of Revenue's website.

claims should be tried. As such, the State of Louisiana requests that this Court modify or amend the subject Order to allow the State of Louisiana to proceed with its claims as requested.

Dated this 30th day of August, 2013.

Respectfully submitted,

| | |
|---|---|
| JAMES D. "BUDDY" CALDWELL<br>LOUISIANA ATTORNEY GENERAL<br><br>James Trey Phillips<br>First Assistant Attorney General<br>Megan K. Terrell<br>Assistant Attorney General<br>Section Chief –Environmental<br>State of Louisiana<br>P.O. Box 94005<br>Baton Rouge, LA 70804-9005<br>Telephone: (225) 326-6708<br><br>HENRY DART,<br>ATTORNEYS AT LAW P.C.<br><br>/s/ Henry T. Dart<br>Henry T. Dart<br>Grady J. Flattmann<br>510 N. Jefferson St.<br>Covington, LA 70433<br>Telephone: (985) 809-8093<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** | KANNER & WHITELEY, LLC<br><br>/s/ Allan Kanner<br>Allan Kanner<br>Elizabeth B. Petersen<br>Douglas R. Kraus<br>701 Camp Street<br>New Orleans, LA 70130<br>Telephone: (504) 524-5777<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana**<br><br>USRY, WEEKS, &<br>MATTHEWS, APLC<br><br>/s/ T. Allen Usry<br>T. Allen Usry<br>1615 Poydras St.<br>Suite 12<br>New Orleans, LA 70112<br>Telephone: (504) 592-4641<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |

SHOWS, CALI, BERTHELOT &
WALSH, LLP

/s/ E. Wade Shows
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802
Telephone: (225) 346-1461
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

# CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing State of Louisiana's Objections to and Appeal from the Magistrate Judge's 8/16/13 Order [Regarding OPA Test Cases] [Rec Doc. 11031] has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 30th day of August, 2013.

        Kanner & Whiteley, L.L.C.

         /s/ Allan Kanner_____
        Allan Kanner
        a.kanner@kanner-law.com