UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill bt the Oil Rig  "Deepwater Horizon in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to: No. 13-5234, *Russell Hayden v. Mitchell Liftboats, LLC, et al* | * | MAGISTRATE SHUSHAN |

\*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

The defendants, BP Exploration & Production, Inc., BP America Production Company, and BP Corporation North America, Inc. (hereinafter "BP") have removed this matter from the 25th Judicial District for the Parish of Plaquemines, State of Louisiana; the defendants, DRC Emergency Services, LLC and Mitchell Liftboats, LLC, have consented to the removal. As grounds for removal, the defendants alleges that this matter – although joined with a Jones Act claim – is removable because (1) this court has federal question jurisdiction pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §1331, et seq., and (2) because the claims are maritime claims over which the Court has original jurisdiction, and such claims are allegedly now removable due to recent amendments to the removal statutes. The plaintiff respectfully asserts that this Court does not have jurisdiction under OCSLA, and the amendments to the removal statutes do not only apply to maritime claims brought pursuant to 28 U.S.C. §1333, but only to claims "arising under the Constitution, laws, or treaties of the United States (**within the meaning of section 1331**…)." 28 U.S.C. §1441(c)(A) [emphasis added]. As such, this matter

1

has been improvidently removed and should be remanded. In addition, attorney's fees and costs associated with the removal should be assessed against the defendants.

Federal removal jurisdiction is to be narrowly construed, with all ambiguities resolved *against* the existence of federal jurisdiction and *in favor* of remand. *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The defendants bear the burden of demonstrating that removal was proper.

**1.    THERE IS NO JURISDICTION UNDER OCSLA.**

In their removal pleadings, the defendants assert that this matter is removable under the amended removal statutes because the claims against the removing defendants (at least, the BP defendants) are not Jones Act claims and, as such, are removable because this Court has jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. 1331, *et seq.*, because the plaintiff's accident arose out of BP's operations on the shelf at the time of the Deepwater Horizon explosion and, but for the oil spill which resulted from the explosion, the plaintiff would not have been cleaning up oil in the months after the accident and his accident never would have occurred. The defendants then allege that, even if the plaintiff has Jones Act claims against some other defendants, those nonremovable claims should be severed and remanded, and this Court should retain jurisdiction over any removable claims.

In support of this argument, the defendants cite a number of district court cases and one Fifth Circuit case which are distinguishable from this case as to why the matters were governed by OCSLCA and its "but for" test – a test which the defendants would take to the extreme. (It appears under the defendants' theory, a personal injury attorney visiting BP's headquarters to engage in settlement discussions regarding the explosion, and who then trips and falls at the headquarters and is injured, would have even his claims governed by OCSLA.)

For example, the defendants cite this Court's decision of October 6, 2010 – *In re: Oil Spill By the Oil Rig Deepwater Horizon in the Gulf of Mexico , on April 20, 2010*, 747 F.Supp.2d 704 (E.D. La. 2010) – in which the Court found that OCSLA jurisdiction existed over the State of Louisiana's claims for injuries to wildlife resulting from the oil spill.  The "but-for" test in that case was far easier to establish because, as the Court held:

> Plaintiff's theory of liability is based on Defendants' alleged **negligent actions during the drilling and exploration operation**. These facts clearly satisfy the "but-for" test because the oil and other contaminants would not have entered into the State of Louisiana's territorial waters "but for" Defendants' drilling and exploration operation.

*Id.* at 708. [Emphasis added].  In this case, the plaintiff does not allege that the defendants' negligent action took place "during the drilling and exploration operation."  The negligent actions occurred months later, in state waters, during cleanup operations long after any "drilling and exploration operation" had ceased.

For the same reasons stated in the foregoing case, this Court in *Cutler v. BP,* No. 12-1209, found OCSLA governed a claim by Mr. Cutler for BP's failure to use during the cleanup a process he had invented; however, in the same order, the Court also dismissed Mr. Cutler's claim for failure to state a claim.

The only Fifth Circuit case cited by the defendants – *Center for Biological Diversity, Inc. v. BP America Production Co.*, 704 F.3d 413 (5th Cir. 2013) – had nothing to do with the application of OCSLA; the question in that case was whether individual and organizational plaintiffs had standing to bring various claims for violations of federal law regarding the discharge of pollutants and other hazardous substances into the seas.

The cases cited by the defendants have no bearing on the present dispute.  The only case which plaintiff's counsel could locate that is similar to *Boutte v. Yamaha Motor Corp., USA*, 2013 WL 3816585 (S.D. Tex., 7/22/13).  In that case, Mr. Boutte was injured, in state waters,

3

during the cleanup operations when the vessel he was operating collided with a barge. Yamaha was sued because the plaintiff alleged that a Yamaha motor on his vessel was defective.

Yamaha removed the litigation to federal court, alleging jurisdiction under OCSLA. Replying upon the Fifth Circuit decision in *Barker v. Hercules Osshore, Inc.*, 713 F.3d 208 (5th Cir. 2013), the district court found jurisdiction under OCSLA lacking and remanded the matter. In pertinent part, the Court held:

> In relevant part, OCSLA's jurisdictional grant, 43 U.S.C. § 1349(b)(1), gives this Court "jurisdiction of cases and controversies arising out of, or in connection with ... any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, or the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1). The Fifth Circuit recently stated that the test for whether a cause of action arises under OCSLA jurisdiction is "a but-for test, asking whether (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir.2013).
>
> Boutte alleges that he was injured when his vessel collided with a barge in state waters. He claims the collision occurred due to BP's negligent supervision of the response efforts and to Yamaha's defect, facts not occurring on the OCS. Accidents that occur on navigable waters, even those over the OCS itself, do not occur on an OCS situs. *See Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 218, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986) (holding that OCSLA did not extend to cover a helicopter crash on navigable waters over the OCS). And, unlike cases where a worker on a vessel in navigable waters is injured while working on an adjacent OCS rig, the connection to the Deepwater Horizon oil rig in this case is too attenuated for this Court to hold that the facts underlying the complaint occurred on the OCS *Cf. Wells v. Abe's Boat Rentals, Inc.,* No. H–13–1112, 2013F WL 3110322, at *4 (S.D.Tex. June 18, 2013) (finding OCSLA jurisdiction where the plaintiff was working on a vessel but injured while transferring materials to an OCS platform). Thus, the first element of *Barker's* jurisdictional test is not met, and jurisdiction is lacking.

*Boutte* at *2.

Yamaha then attempted the same "but-for the explosion" argument that the defendants made here:

> Yamaha concedes that the accident that caused Boutte's injury did not occur on the OCS, but it argues that this fact does not deprive the Court of jurisdiction. It contends that

4

>*Barker* imposes a causation requirement rather than a strict situs-of-injury requirement. In Yamaha's view, jurisdiction exists even though Boutte's injury occurred off the OCS because it would not have occurred "but for" the explosion on the Deepwater Horizon oil rig.

*Id.*

In support of its argument, the defendant relied upon *Pacific Operators Offshore, LLP v. Valladolid,* ––– U.S. ––––, 132 S.Ct. 680, 181 L.Ed.2d 675 (2012), which the district court noted

>addressed OCSLA's workers' compensation provision, 43 U.S.C. § 1333(b). That provision extends coverage under the Longshore and Harbor Workers' Compensation Act to employee injuries "occurring as the result of" mineral development operations on the OCS. 43 U.S.C. §1333(b). In *Valladolid,* the Supreme Court rejected the Fifth Circuit's rule limiting section 1333(b) coverage to injuries occurring on the OCS, instead ruling that the location of the injury is not controlling and the injury need only have "a significant causal link" to OCS operations.

*Id.*

The district court rejected Yamaha's argument, relying again upon the Fifth Circuit decision in *Barker*:

>The problem with this argument is that *Barker* is a post-*Valladolid* case, and it sets forth a jurisdictional test that unambiguously includes a situs requirement. In doing so, it impliedly reaffirmed the rationale of pre-*Valladolid* Fifth Circuit case law rejecting Yamaha's interpretation and holding that section 1349(b) jurisdiction only extends to accidents occurring on the OCS….
>
>*Barker...* is binding on this Court. Whatever the wisdom of a situs requirement, this Court must apply one. The Court thus holds that, because the facts underlying Boutte's complaint did not occur on the OCS, OCSLA does not grant this Court jurisdiction to hear this case.

*Id.* at *3.

The same holds true in this case. The plaintiff's accident occurred in state waters, not on an OCS site. As in *Boutte*, he claims that his accident "occurred due to BP's negligent supervision of the response efforts,…facts not occurring on the OCS." *Id.* at 2. Unlike the defendants in the cases cited by the defendants, plaintiff's theory of liability is **not** "based on Defendants' alleged negligent actions during the drilling and exploration operation." *In Re: Oil*

5

*Spill, supra.* The defendants allegations that this matter satisfies any "but-for" test for OCSLA jurisdiction are just too attenuated and too far removed from anything having to do with the Deepwater Horizon explosion such that OCSLA jurisdiction does not exist. This matter should be remanded.

For what it's worth on the point of OCSLA jurisdiction, this Court – *sua sponte* - has recently severed a claim that was in the MDL for a seaman injured during the Deepwater Horizon cleanup in *Bingham v. Ashland Services, LLC, et al*, Civil Action No. 12-2174 (Record, Doc. 4). BP is also a defendant in that case. Plaintiff's counsel is also aware of at least one other matter in which they were involved in which the court of the Eastern District was requested to transfer the claims of a seaman injured during the cleanup operations to the MDL; BP was also a defendant. Judge Africk declined to do so. *See, Caufield v. DRC Emergency Services, LLC, et al*, Civil Action No. 11-1891 (Record, Doc. 4). Insofar as there is an allegation that the claims of these types of seaman are somehow directly related to BP's operations of the Deepwater Horizon on the OCS and the resulting explosion, these cases – and perhaps many others – suggest otherwise.

**2.     Admiralty and maritime claims are governed by the "savings to suitors" clause and are not removable <u>absent some other basis of federal jurisdiction.</u>**

In an effort to further support this improvident removal, the defendants next allege in their removal pleadings the recent amendments to the removal statutes has somehow magically made admiralty and maritime claims removable. As recently as the *Barker* decision a few months ago, the Fifth Circuit reaffirmed that maritime claims are not removable in the absence of some basis of original federal jurisdiction ***other than admiralty:***

> [E]ven though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79,

>   79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Instead, such lawsuits are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, *see id.,* and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship. *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).

*Barker*, 713 F.3d at 219.

The defendants cannot demonstrate that there is complete diversity in this matter, so that does not provide a basis for the removal of any maritime claims. In addition, without OCSLA or some other federal statute in play, there are no claims which fall under this Court's federal question jurisdiction under 28 U.S.C. §1331. As such, the maritime claims are not removable, especially the Jones Act claim which is non-removable by statute.

In support of their allegations in support of removal, the defendants cite two recent district court decisions from the Southern District of Texas – *Wells v. Abe's Boat Rentals, Inc.*, No. H-13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013) and *Ryan v. Hercules Offshore, Inc.*, No. H-12-3510, 2013 WL 1967315 (S.D. Tex. May 13, 2013). Neither of those cases are applicable to the present fact situation.

In *Wells*, the plaintiff was injured while transferring cargo from a vessel to a fixed platform in the Gulf of Mexico. He brought Jones Act claims against his employer, Abe's Boat Rentals, and negligence claims against the platform owner and operator. The case was removed and the plaintiff moved for remand. The court, pursuant to amended version of 28 U.S.C. §1441(c), retained jurisdiction of the claims against the platform owner and operator, and remanded the Jones Act claims against the employer. Section 1441(c) now provides:

> **(c) Joinder of Federal law claims and State law claims.**
>
> **(1)** If a civil action includes--
>
>> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

>    **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
>    **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

In *Wells*, since the claims against the platform owner and operator were clearly governed by OCSLA – the accident directly involved the activities on a fixed platform operating on the OCS, at the time of the accident – the court applied Section 1441(c)(2) and severed the Jones Act claim described in 1441(c)(1)(B) and remanded those claims.

OCSLA claims fall within the ambit of "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)," as set forth in 1441(c)(1)(A). Maritime claims do not present federal questions under 28 U.S.C. §1331; instead, the Court's jurisdiction is provided by 28 U.S.C. §1333, to which Section 1441(c) does not apply.

The decision in *Ryan* is somewhat more difficult to parse and, in fact, may be in error, and the Court should read the opinion carefully. Initially and most importantly, it must be noted that *Ryan* did not involve any non-removable claims, such as the Jones Act claims in the present matter; without regard to who are the proper Jones Act defendants (an issue raised in the defendant's removal pleadings), Jones Act claims are supported by the plaintiff's petition.

In *Ryan*, the district court determined that the amendments to the removal statutes – particularly 1441(a) and (b) (regarding diversity removal) – did away with the proposition that maritime claims were not removable without some basis of federal jurisdiction other than

admiralty. The Court concluded that the language from *Barker* quoted above applied only to the old removal statutes. After a review of jurisprudence, the district court then came to the following dizzying conclusion in denying remand of the maritime claims:

> These cases make relatively clear that (1) federal courts have original jurisdiction over admiralty claims; (2) the saving to suitors clause does not preclude federal courts from exercising jurisdiction over admiralty claims originally brought in state court; (3) the old version of section 1441(b) was relied upon as the "Act of Congress" that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met; and (4) admiralty cases do not arise under the Constitution, treaties or laws of the United States, so admiralty cases were considered "any other such actions" under the prior version of section 1441(b) and were thus removable only if none of the parties in interest properly joined and served as defendants was a citizen of the State in which the action was brought. When Congress amended section 1441, it left the reference in section 1441(a) to cases in which courts have "original" jurisdiction being removable unless prohibited by an act of Congress. However, it deleted the text in section 1441(b) upon which courts in the Fifth Circuit relied as being an "Act of Congress" that precluded removal of cases that did not meet the other requirements of section 1441(b). The new version of section 1441(b) speaks solely to cases that are removed on the basis of diversity of citizenship. Plaintiffs have not suggested that some other act of Congress prohibits removal.

*Ryan* at *4.

Thus, in one fell swoop, the court of the Southern District of Texas would do away with the "savings to suitors" clause of 28 U.S.C. §1333. The court's statement above has one correct but incomplete statement: "(2) the saving to suitors clause does not preclude federal courts from exercising jurisdiction over admiralty claims originally brought in state court." That statement is correct enough, but in direct conflict with maritime law which holds that maritime actions brought in state court can be removed only where there is some independent basis of federal jurisdiction *other than* Section 1333 (i.e., Sections 1331 – federal question – and 1332 – diversity.) This was reaffirmed by the Fifth Circuit in *Barker* without any convoluted reference to the amendments to the removal statutes engaged in by the court in *Ryan*.

9

Under the court's rationale in *Ryan*, non-Jones Act cases involving maritime claims which are joined with non-removable claims like a Jones Act claim would be left high and dry from removal by the amendments to Section 1441(c). Section 1441(c) is the only section which pertains to cases which involve removable and non-removable claims, and the only removable claims mentioned in that section are cases involving federal questions under 28 U.S.C. §1331. (In fact, the Court the Court in *Ryan* does not even discuss Section 1441(c) because it was not dealing with any claims that were non-removable by statute.) If one follows the *Ryan* court's logic, maritime cases of which the federal courts have jurisdiction under 28 U.S.C. §1333 would not be removable if joined with a non-removable claim, because the amendments to the removal statutes have no provision for Section 1333 cases joined with non-removable claims as the amendments do for Section 1331 claims. The amendments to the removal statutes, insofar as they pertain to maritime claims, only address issues related to diversity and federal question jurisdiction – the independent bases of federal jurisdiction under which maritime claims may be removed. The decision in *Ryan*, if one can comprehend it, is an anomaly and not binding on this Court.

Absent some independent basis of original federal jurisdiction other than 28 U.S.C. §1333, this matter was improperly removed and should be remanded.

**3.   This matter must be remanded and costs and expenses, including attorney fees, should be assessed against the defendants.**

28 U.S.C. §1447(c) provides:

**(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

The plaintiff respectfully avers that this Motion to Remand has been made within 30 days of the filing to the notice of removal. Given that the matter was improvidently removed, the plaintiff also prays that all costs and expenses, including attorney fees, incurred by the plaintiff as a result of the removal, be assessed against the defendants.

RESPECTFULLY SUBMITTED:

__s/ David C. Whitmore_____
LAWRENCE BLAKE JONES        (7495)
DAVID C. WHITMORE             (17864)
JULIE SUMRALL              (21387)
SCHEUERMANN & JONES, LLC
701 Poydras Street, Suite 4100
New Orleans, Louisiana 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 30th day of August, 2013, a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record that have elected e-notification by operation of the court's electronic filing system. I further certify that, on the aforementioned date, I also served a copy of the foregoing pleading upon all counsel of record who are non-CM/ECF participants via facsimile transmission and/or via hand delivery and/or via the United States mail, postage prepaid and properly addressed.

_____s/ David C. Whitmore_____