UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to: *All Cases*<br><br>(Including No. 10-2771) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO BP'S MOTIONS *IN LIMINE* TO PRECLUDE EVIDENCE OF CRIMINAL AND REGULATORY VIOLATIONS AND OTHER PRIOR BAD ACTS OF BP DURING PHASE II OF THE LIMITATION AND LIABILITY TRIAL

Plaintiffs respectfully submit the following memorandum in opposition to BP's Motions *in Limine* to exclude: **(i)** references to improper conduct and adverse criminal, civil or regulatory proceedings [Doc 11027], **(ii)** evidence relating to the SEC settlement and the EPA suspension of business [Doc 11046]; and **(ii)** evidence relating to criminal proceedings [Doc 11043]:

**MAY IT PLEASE THE COURT:**

Plaintiffs do not have any intention of delving into the specifics of Texas City, Grangemouth or Prudhoe Bay during the Phase Two Trial. Having said that, Plaintiffs respectfully oppose the above-referenced motions in part, to high-light the following:

- There is one unitary trial record.[1] Hence, to the extent evidence sought to be "excluded" has already been admitted in Phase One – either without objection, over BP's objection, or because BP opened the door – such evidence remains part of the record in Phase Two, for any and all purposes which the Court might deem relevant.

- As BP itself concedes, the Court's prior order specifically allowed Plaintiffs to introduce "evidence of whether or not BP had in place an adequate process safety

---

[1] *See* ORDER [Doc 11087] (Aug. 22, 2013), p.1.

system on the *Deepwater Horizon* at the time of the Macondo blowout in April, 2010."[2]

- The entire BP Guilty Plea Agreement, including not only Factual Allocution and Plea but also the associated Orders and Penalties, was admitted in Phase One and is already part of the trial record.[3]

- The Court specifically recognized that the SEC Settlement "pertain[s] to Phase Two."[4] And,

- To the extent that some of this evidence may not be relevant to Phase One or Phase Two, such evidence may nevertheless be relevant to an assessment of punitive damages, or some other portion or phase of the Limitation & Liability or an individual claimant-in-limitation's *quantum* trial.[5]

During Phase One, Dr. Bea was cross-examined with a document offered by BP, TREX-6015, a speech given by Mr. Hayward at the 2008 Annual Meeting, during which Mr. Hayward stated that BP was "making good progress on the recommendations of the Baker Panel" (*i.e.* the panel that conducted the investigation into the 2005 Texas City disaster).[6] Therefore, the Court overruled BP's objection to Dr. Bea's testimony regarding the three key findings of the Baker Panel regarding the Texas City disaster, (together with Dr. Bea's opinion regarding the lack of progress in these three areas by BP).[7] While Plaintiffs have no intention of re-visiting this evidence in the courtroom during the Phase Two Trial, this evidence is already in the trial record,

---

[2] BP'S MEMORANDUM [Doc 11027] p.3; *quoting,* ORDER AND REASONS [Doc 5634] pp.5-6.

[3] *See* TRIAL TRANSCRIPT, pp.1281-1282 (confirming the admission of TREX- 52673).

[4] ORDER AND REASONS [Doc 8650] p.3.

[5] *See, e.g.,* ORDER AND REASONS [Doc 8650] pp.1-2; ORDER AND REASONS [Doc 5634] p.5.

[6] *See* TRIAL TRANSCRIPT, pp.375-376, 500-501.

[7] *See* TRIAL TRANSCRIPT, pp.500-502.

and may be relied upon for whatever the Court deems relevant to the process safety or other Source Control questions at issue in Phase Two.[8]

Similarly, the trial record already includes evidence that BP did not implement adequate process safety systems on the *Deepwater Horizon* in the wake of prior incidents, including the Texas City disaster.[9] While the specifics surrounding these incidents may not be relevant to the Phase One or Phase Two issues, the Court, for example, overruled BP's objection when Dr. O'Bryan was asked whether, due to prior incidents, BP realized that the "Beyond the Best" system that BP claimed was in place at Macondo was deficient, and needed to be updated with OMS.[10] *See also, generally,* PLAINTIFFS' PROPOSED FINDINGS AND CONCLUSIONS [Doc 10459], pp.40-47. Such evidence is already in the trial record, and, indeed, BP admits that further (non-cumulative) evidence regarding "whether or not BP had in place an adequate process safety system" regarding Source Control issues will be relevant and admissible in Phase Two.[11]

As further noted, while BP complained in its original Phase One Motion *in Limine* that only the Factual Allocution and Guilty Plea should be admitted into evidence, TREX-52673 – which also includes the two Orders memorializing the agreement to have a Process Safety Monitor and other associated penalties – was admitted in Phase One,[12] and is already part of the trial record.

---

[8] *See* ORDER [Doc 11087] (Aug. 22, 2013), p.1 ("The record has been held open pending the conclusion of Phase Two and any subsequent phases. All evidence admitted during Phase One is also part of the record of Phase Two and need not be re-introduced").

[9] *See* ORDER AND REASONS [Doc 5634] pp.5-6.

[10] *See* TRIAL TRANSCRIPT, pp.9306-9307; *see also, e.g.,* TRIAL TRANSCRIPT, pp.500-502.

[11] BP'S MEMORANDUM [Doc 11027] p.3; *quoting,* ORDER AND REASONS [Doc 5634] pp.5-6.

[12] *See* TRIAL TRANSCRIPT, pp.1281-1282 (confirming the admission of TREX- 52673).

The SEC Agreement, as noted in Plaintiffs' original Opposition,[13] contains an agreement not to deny the admission that "BP materially misrepresented and understated the estimated range of flow rate of oil leaking from the well" and that "BP knew or was severely reckless in not knowing that it was making these material misrepresentations and omissions to investors."[14] This conduct, as the Court noted, directly pertains to Phase Two.[15] At the very least, this agreement should be admissible for impeachment, to the extent that a BP corporate representative or other witness might attempt to deny the factual issues addressed in the Complaint and Consent, and to otherwise call into question the credibility of BP and its witnesses.[16]

Finally, as the Court has previously recognized, much of the evidence regarding prior bad acts and associated criminal or regulatory misconduct on the part of BP, while perhaps not directly relevant to the Phase One or Phase Two liability inquiries, will likely become relevant and admissible in the event of any assessment of an appropriate *quantum* or ratio of punitive damages.[17]

---

[13] *See* CONSOLIDATED OPPOSITION [Doc 8360] pp.1-4.

[14] *See* CONSENT OF DEFENDANT BP PLC [Doc 8360-1] ¶13 (acknowledging that, under 17 C.F.R. ¶202.5, BP cannot consent to a judgment "while denying the allegations in the complaint," and further agrees that the company shall not, make "any public statement denying, directly or indirectly, any allegation in the complaint"); COMPLAINT [Doc 8360-2] ¶5 ("At all relevant times, BP knew or was severely reckless in not knowing that it was making these material misrepresentations and omissions to investors").

[15] ORDER AND REASONS [Doc 8650] p.3.

[16] Plaintiffs further respectfully incorporate their previously filed CONSOLIDATED OPPOSITION [Doc 8360] (Jan. 25, 2013).

[17] *See, e.g.,* ORDER AND REASONS [Doc 8650] pp.1-2; ORDER AND REASONS [Doc 5634] p.5.

4

**Conclusion**

For the above and foregoing reasons, Plaintiffs respectfully request that the Court deny BP's Motions *in Limine* regarding prior bad acts and other criminal or regulatory issues.

Dated: September 3, 2013


Respectfully submitted,


   /s/   Stephen J. Herman                     /s/ James Parkerson Roy
**Stephen J. Herman**, La. Bar No. 23129     **James Parkerson Roy**, La. Bar No.11511
**HERMAN HERMAN & KATZ LLC**            **DOMENGEAUX WRIGHT ROY & EDWARDS LLC**
820 O'Keefe Avenue                                    556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113               Lafayette, Louisiana 70501
Telephone: (504) 581-4892                  Telephone: (337) 233-3033
Fax No. (504) 569-6024                        Fax No. (337) 233-2796
E-Mail: sherman@hhklawfirm.com         E-Mail: jimr@wrightroy.com
*Plaintiffs Liaison Counsel*                       *Plaintiffs Liaison Counsel*


**PLAINTIFFS' STEERING COMMITTEE**

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134

501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

6

Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 3rd day of September, 2013.

/s/ James Parkerson Roy and Stephen J. Herman