UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL NO. 2179 SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : | JUDGE BARBIER |
| 2:10-CV-02771 | : | MAGISTRATE JUDGE SHUSHAN |

UNITED STATES' OPPOSITION TO
BP'S MOTION *IN LIMINE* TO EXCLUDE OTHER GOVERNMENT REPORTS AND PRIVILEGED COMMUNICATIONS RELATING TO THE SCOPE OF BP'S INTERNAL INVESTIGATION FROM BOTH SEGMENTS OF THE PHASE TWO TRIAL

The United States opposes BP's efforts to exclude from evidence the Working Paper prepared by the staff of the National Commission on the BP/Deepwater Horizon Oil Spill titled "The Amount and Fate of the Oil."  Having been convicted of obstruction of Congress relating to its own flow rate estimates,[1] BP now seeks to hide from this Court the finding of an independent Federal Advisory Committee that:

> The emerging consensus is that roughly five million barrels of oil were released by the Macondo well, with roughly 4.2 million barrels pouring into the waters of the Gulf of Mexico. Using different methods, the government teams and independent scientists arrived at the same approximate figure.

TREX-010762 at 16 (Att. 2).  For the reasons set forth below, this government report, redacted to remove any concerns regarding internal hearsay, should be admitted as relevant evidence in this trial regarding the cumulative amount of oil discharged from BP/Anadarko's well in the Gulf of Mexico.

---

[1] S*ee* TREX-010347 (Att. 1).

1

**FACTUAL BACKGROUND**

The National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling was established by President Obama in Executive Order 13543. The Commission was directed to:

> (a)  examine the relevant facts and circumstances concerning the root causes of the Deepwater Horizon oil disaster;
>
> (b)  develop options for guarding against, and mitigating the impact of, oil spills associated with offshore drilling, taking into consideration the environmental, public health, and economic effects of such options, including options involving:
>
>> (1)  improvements to Federal laws, regulations, and industry practices applicable to offshore drilling that would ensure effective oversight, monitoring, and response capabilities; protect public health and safety, occupational health and safety, and the environment and natural resources; and address affected communities; and
>>
>> (2)  organizational or other reforms of Federal agencies or processes necessary to ensure such improvements are implemented and maintained.
>
> (c)  submit a final public report to the President with its findings and options for consideration within 6 months of the date of the Commission's first meeting.

Executive Order 13543 § 3 (Att. 3).

The Staff Working Group Paper titled "The Amount and Fate of the Oil" was prepared by the staff of the National Commission as part of the Commission's fact-finding duties and published for comment and review. *See* TREX-010762 at 1 (Att. 1).

Prior to the Phase 1 Trial in this matter, BP moved to exclude the Commission's full report regarding the disaster, arguing that the report was not a public record under Federal Rule of Evidence 803(8). Rec. Doc. 4515-1 at 2. This Court overruled BP's argument, finding that "the National Commission prepared its report pursuant to federal law . . . and the National Commission Report is therefore 'public'." Rec. Doc. 5635 at 2. The Court, however, excluded the full report due to its concern regarding "undue delay resulting from the need to conduct in-

depth examinations to sift out the 'inner hearsay' within otherwise admissible public records." *Id.*

## ARGUMENT

Despite having listed several of the papers on its own exhibit list, including the Staff Working Paper titled "The Amount and Fate of the Oil,"[2] BP has moved to exclude these papers. In support of its motion BP simply incorporates by reference its earlier motion to exclude the National Commission's full report. *See* Rec. Doc. 11044. Because the United States here seeks the admission of the Staff Working Paper for purposes of a single factual finding made by the staff of the National Commission – that the "emerging consensus" of government and independent scientists was that the total amount of oil spilled from BP/Anadarko's well was approximately 4.9 million barrels, the Court's concern regarding inner hearsay can be easily assuaged and the paper should be admitted in redacted form as a public record. *See* TREX-010762 Redacted (Att. 4).

In its Motion *in Limine* BP recognizes that the Staff Working Papers, like the National Commission's final report, are public records by stating that these papers "are similarly situated as the final report." *See* Rec. Doc. 11044 at 1. Accordingly, there is no dispute that the Staff Working Paper is a public record for the same reasons that the Commission's report is a public record – it was prepared by employees of the commission as part of the fact-finding obligations imposed by Executive Order 13543. *See* Order and Reasons at 2 (Rec. Doc. 5365) ("the National Commission was authorized by and had a duty to report to the President.").

---

[2] *See* BP's Exhibit List at 4 (TREX-002291); 15 (TREX-006192); 66 (TREX-010588); 70 (TREX-010762); 76 (TREX-011279); 160 (TREX-141820, TREX-141825); 196 (TREX-142793) (Att. 5).

Accordingly, the only question is whether the burden of potential disputes over internal hearsay would unduly delay or complicate trial. Given that the United States seeks admission of a single paragraph from a single page of a single Staff Working Paper, any such concern has been completely allayed.

Here, the United States seeks the admission of the Staff's conclusion after investigating the various flow rate estimates developed during the response. "Opinions and conclusions, as well as facts, are covered by Rule 803(8)(C)." *Moss v. Ole South Real Estate, Inc.*, 933 F.3d 1300, 1305 (5th Cir. 1991) (citing *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 169 (1988)). As this Court has stated, a "government reports' reliance on hearsay evidence does not mandate exclusion," and concerns about internal hearsay can be addressed by admission only of selected portions of the report. *See* Order and Reasons at 3 (Rec. Doc. 5635) (citing *Moss,* 933 F.3d at 1309-10). As such, the Staff Working Paper as redacted and attached to this Motion should be admitted as a public record and BP's motion *in limine* should be denied.

## CONCLUSION

The United States seeks limited admission of a factual finding made by the Commission Staff during a legally mandated investigation. This evidence will assist in demonstrating that BP's current assertions regarding flow rate are inconsistent not only with its own internal flow rate estimates but also with the estimates of the United States and other independent scientists studying the question during the response. For the reasons set forth above, it is both proper and appropriate to admit the Staff Working Paper titled "The Amount and Fate of the Oil" as redacted into evidence pursuant to Federal Rule of Evidence 803(8).

Respectfully submitted,

| | |
|---|---|
| BRIAN HAUCK | ROBERT G. DREHER |
| Deputy Assistant Attorney General | Acting Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |

PETER FROST
Directory, Torts Branch, Civil Division
Admiralty and Aviation
STEPHEN G. FLYNN
Assistant Director
MICHELLE DELEMARRE
SHARON SHUTLER
JESSICA SULLIVAN
JESSICA MCCLELLAN
MALINDA LAWRENCE
Trial Attorneys

SARAH HIMMELHOCH
Senior Litigation Counsel
NANCY FLICKINGER
SCOTT CERNICH
RICHARD GLADSTEIN
THOMAS BENSON
Senior Attorneys
A. NATHANIEL CHAKERES
ANNA CROSS
BETHANY ENGEL
JUDY HARVEY
RACHEL KING
ERICA PENCAK
Trial Attorneys

/s/ Sarah Himmelhoch
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: 202-514-2779
Facsimile: 202-514-2583
E-mail: steve.o'rourke@usdoj.gov

R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
Telephone: 415-436-6648
Facsimile: 415-436-6632
E-mail: mike.underhill@usdoj.gov

DANA J. BOENTE
United States Attorney
Eastern District of Louisiana

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3000
Facsimile: (504) 680-3184
E-mail: sharon.d.smith@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12.

Dated:  September 3, 2013

*/s/ Sarah Himmelhoch*