UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § § | MDL No. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |
| Applies to:  All Cases | | |

## HESI'S RESPONSE TO BP'S MOTION *IN LIMINE* TO EXCLUDE "OTHER PHASES" EVIDENCE

Halliburton Energy Services, Inc. ("HESI") files this Response to BP's Motion *in Limine* to Exclude "Other Phases" Evidence (the "Motion") (Rec. doc. 11026) and supporting Memorandum[1] (the "Memorandum") (Rec. doc. 11026-1), and respectfully shows the Court as follows:

PTO 41 (Rec. doc. 4033) established a division between the issues to be addressed between Phase One and Phase Two.  The Court's intentions regarding PTO 41 are reflected in its January 25, 2012 Order granting BP's Motion to Exclude Phase Two evidence from the Phase One Trial.  (Rec. doc. 5407).  As the Court noted therein, "there may be instances where evidence is relevant to both Phases and in the interest of efficiency should be admitted," but the Court nonetheless stressed that the introduction of non-Phase Two evidence should be limited in the Phase Two – Quantification and Source Control trials.  *Id*.

**Evidence Relating to Condition or Placement of Bottom-Hole Cement Should Be Excluded**

A ruling excluding "other phases" evidence should also exclude evidence or testimony relating to the condition or placement of the bottom-hole cement.  As more fully set forth in

---

[1] HESI disagrees with the characterization of Dr. Glen Stevick's Report as bearing "exclusively on Phase One issues, introducing new evidence or opinions as to those issues for the first time in Phase Two," *see* Memorandum at 1, and incorporates by reference its prior pleadings on this issue.  Rec. doc. 10977 & Rec. doc. 11010.

**HESI'S RESPONSE TO BP'S MOTION *IN LIMINE*
TO EXCLUDE "OTHER PHASES" EVIDENCE**                                                                                       1

HESI's Motion to Strike Expert Opinions Regarding the Condition and Placement of Bottom-Hole Cement ("HESI's Motion to Strike") (Rec. doc. 10741), several witnesses slated to testify at the Phase Two – Quantification trial, including Andreas Momber, Stewart Griffiths, and Ronald Dykhuizen, offer opinions about the condition and placement of bottom-hole cement. Indeed, Andreas Momber offers opinions concerning cement failure and attempts to resurrect BP's nitrogen-breakout theory, which BP failed to support through a single expert witness at the Phase One trial. *See* Rec. doc. 10985 and Rec. doc. 10741. Given HESI's (1) exclusion from the Phase Two – Quantification Trial, (2) exclusion from Phase Two – Quantification discovery, and (3) prohibition from offering the expert opinions of Dr. Kris Ravi and Dr. Glen Stevick on the condition and placement of the bottom-hole cement, and in light of the Court's denial of HESI's Motion to Strike, the exclusion of evidence or testimony on the condition or placement of the bottom-hole cement is necessary. Otherwise, BP and other parties would have an opportunity to comment on HESI's cement without HESI being afforded an opportunity to respond or rebut their assertions.[2]

**M57B is Relevant to Phase Two**

BP's characterization of the M57B sands issue as only a Phase One topic is incorrect. BP ignores the relevance of the M57B sands to BP's source control response efforts and contribution to actual flow from the Macondo well. At the Phase One trial, BP resisted HESI's characterization of the M57B sands as hydrocarbon bearing, but its own engineers modeled this zone in evaluating their source control response. For example, Michael Levitan testified that BP analyzed the M57B zone, which he assumed was a gas bearing hydrocarbon zone, for the purpose of determining the ultimate shut-in wellhead pressure. *See* Exhibit 1, Levitan Dep. at

---

[2] HESI hereby incorporates by reference prior briefing related to this topic. *See* Rec. doc. 10741, Rec. doc. 10831, Rec. doc. 10985, and Rec. doc. 11041.

**HESI'S RESPONSE TO BP'S MOTION *IN LIMINE*
TO EXCLUDE "OTHER PHASES" EVIDENCE** 2

430:9 - 438:2.  Further, BP assumed cross-flow between M57B and M56A in evaluating its source control response.  *Id.; see also* Exhibit 2, TREX 3529.  Moreover, if M57B was open and flowing, then it would have contributed to flow from the Macondo well, meaning that this zone is relevant to the Phase Two – Quantification trial.  *See id.* (noting that M57B was "Expected to flow").  Accordingly, the M57B sands issue is properly within the scope of Phase Two, and the Court should deny BP's request to exclude it from the Phase Two Source Control and Quantification trials.

## CONCLUSION

Based on the foregoing, HESI respectfully requests that the Court enter an order excluding evidence or expert opinions relating to the placement or condition of bottom-hole cement at the Phase Two – Source Control and Quantification trials.  HESI further requests that BP's Motion be denied with respect to M57B issues.

Respectfully Submitted,

**GODWIN LEWIS PC**

By: /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**HESI'S RESPONSE TO BP'S MOTION** *IN LIMINE*
**TO EXCLUDE "OTHER PHASES" EVIDENCE** 4

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 3rd day of September, 2013.

                /s/ Donald E. Godwin
                Donald E. Godwin