IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to: *All Actions*<br><br>(Including No. 10-2771) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**ALIGNED PARTIES' OPPOSITION TO BP'S MOTION *IN LIMINE* TO BAR FACT OR OPINION TESTIMONY ON ISSUES OF LAW FROM PHASE II**

Plaintiffs, Transocean, Halliburton and States (hereinafter the "Aligned Parties") respectfully respond to BP's Motion *in Limine* to Bar Fact or Opinion Testimony on Issues of Law from Phase II [Doc. 11039][1]:

**MAY IT PLEASE THE COURT:**

In advance of the Phase I trial, BP filed a motion to bar fact or opinion testimony on issues of law. [Doc. 5495 at 1.]  The Court granted the motion in part but refrained from issuing categorical exclusions void of context. [*See* Doc. 5495.]  And context here is key.  Indeed, a motion *in limine* that seeks to exclude broad categories of testimony—such as BP's proposed prohibition of "testimony on issues of law"—is rarely granted. *See Gonzalez v. City of Three*

---

[1] BP filed separate additional motions to strike the opinions of Dr. Bea [Doc. 11054] and Edward Ziegler [Doc. 11055], and BP's arguments in these motions substantially overlap with the arguments made in the present motion.  Accordingly, the Aligned Parties incorporate by reference the arguments made in their responses to BP's separate motions to strike.

*Rivers*, No. C-12-045, 2013 WL 489179, at *1 (S.D. Tex. Feb. 8, 2013); *Fair v. Allen*, No. 09-2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011); *Looney Ricks Kiss Architects, Inc. v. Bryan*, No. 07-572, 2010 WL 5393864, at *1 (W.D. La. Dec. 22, 2010).  The rationale is simple enough:  testimony may be used in a variety of circumstances.  *Fair*, No. 09-2018, 2011 WL 830291, at *1; *Rivera v. Salazar*, No. C-04-552, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008); *Brown v. Carr*, No. Civ. A. C-04-471, 2008 WL 167313, at *1 (S.D. Tex. Jan. 16, 2008).  Evidence should not be excluded *in limine* unless it is inadmissible on all potential grounds and in all contexts.  *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)).

In its Phase I Order, the Court held that certain specific references by certain Phase I lay and expert witnesses were inadmissible legal conclusions.  To reach this conclusion, however, the Court analyzed the testimony's context, denying BP's effort to suppress testimony merely because particular legal "buzzwords" were uttered.  For example, the Court excluded the assertion of an expert that BP acted with "reckless disregard of safety systems" where that assertion, in context, was an evaluation of BP's legal liability.  [*See* Doc. 5495 at 2.]  In contrast, the Court denied BP's attempt to exclude the statement of expert Gregg Perkin that a particular BP drilling practice was "reckless."  [*Id.* at 2-3.]  According to the Court, Mr. Perkin's testimony, in context, was a factual observation and not a prohibited legal conclusion.  [*Id.*]  Similarly, the Court also rejected BP's effort to preclude a government expert from evaluating whether BP's conduct complied—as a matter of fact—with applicable regulations and, if not, therefore "violated the law."  [*Id.*]  The Court ruled that the statement, in context, was not an improper legal conclusion.

BP identifies the testimony of two witnesses that it contends is problematic: Dr. Robert Bea and Edward Ziegler. BP argues that Dr. Bea's observation that it "had no plan designed to meet the regulatory requirement in 30 C.F.R. § 254.5" is an "ultimate legal conclusion." [Doc. 11039-1 at 4.] But Dr. Bea's statement is simply an observation of fact; the CFR specifically sets forth several response plan requirements and an operator either complies as a matter of fact or it does not. *See* 30 C.F.R. § 254.5. Experts are permitted to summarize and analyze facts that indicate a party has complied (or not) with applicable regulations so long as the testimony does not "directly embrace the ultimate question" of whether the defendant violated the law. *United States v. Dotson*, 817 F.2d 1127, 1132, *aff'd in pertinent part on reh'g*, 821 F.2d 1034 (5th Cir. 1987) (permitting IRS agent to analyze facts indicating defendant violated tax regulations); *Betts v. Gen. Motors Corp.*, No. 3:04CV169-M-A, 2008 WL 2789524, at *9 (S.D. Miss. July 16, 2008) (permitting expert to provide opinions regarding defendant's compliance with vehicle design regulations). Indeed, in its Phase I order on this issue, the Court explained that a properly qualified expert "may opine whether a person's conduct is or is not in accord with the regulations." [Doc. 5495 at 2.] Accordingly, Dr. Bea's testimony is permissible and will assist the Court to determine the questions presented in Phase II.

In similar fashion, BP argues that Edward Ziegler impermissibly testified that BP "failed to follow government regulations" because, *inter alia*, it failed to design a cap or to use best available technology. [Rec. Doc. 11039-1 at 5-6.] Again, the applicable regulations either required BP to design a cap or they did not, and BP's compliance with these regulations is an observation of fact. Mr. Ziegler can testify to these facts and analyze the applicable regulations and the Court can weigh the testimony accordingly.

BP also moves to strike several portions of Dr. Bea's report that characterize certain BP conduct as, *inter alia*, "reckless," "willful," or "intentional." [*See* Doc. 11039-1 at 3-4.]  But, these terms are generally used for their lay meanings.  As but one example, BP argues that Dr. Bea's report improperly states that "BP 'intentionally' took or failed to take certain actions." [Doc. 11039-1 at 4.]  This is not a legal conclusion, however; Dr. Bea describes BP's conduct and the awareness it had at the time, and offers his opinion that BP purposefully ignored known risks.  *See* Bea Rep. at 20. Further, where Dr. Bea uses a word such as "reckless," the Court should apply its dictionary definition: "utterly unconcerned about the consequences of some action."  Testimony such as this is admissible. Because this is a bench trial, there is no danger of undue prejudice here, *see In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010*, No. MDL 2179, 2012 WL 413860, at *2 (E.D. La. Feb. 9, 2012) (explaining that there is no danger of undue prejudice in a bench trial), and the Court is capable of applying non-legal definitions to the various terms and phrases cited by BP.  BP's contentions should go to the weight and not the admissibility of the evidence.

Finally, BP moves to preclude Mr. Ziegler's testimony that "BP was not a prudent and good and workmanlike oil and gas operator" regarding Macondo source control. [Doc. 11039-1 at 4.]  As BP acknowledges in its Motion, the "good and workmanlike" standard constitutes the standard of care in a joint operating agreement such as the one governing the parties that drilled Macondo.  [*Id.* at 4-5.]  Mr. Zeigler, in referencing this standard, is not offering ultimate legal conclusions, but rather opining whether certain conduct conformed to the industry standard of care.  Such testimony is typically admissible.  *See, e.g.*, *Delta Towing, L.L.C. v. Justrabo*, No. Civ. A. 08-3651, 2009 WL 3763868, at *3 (E.D. La. Nov. 9, 2009) (holding that an expert's report contained "admissible opinions as to whether the Delta crew acted prudently and as to the

safety of the vessel" because "[a]lthough these issues may embrace ultimate issues to be decided by the trier of fact, they are not outright legal conclusions"); *Arreola v. Epic Divers, Inc.*, No. Civ. A. 05-2788, 2006 WL 5153148, at *2 (E.D. La. Oct. 25, 2006) (finding that a diving safety expert's testimony was admissible to the extent that it "help[ed] the [finder of fact] to determine whether Defendants' conduct fell below the appropriate standard of care applicable in this industry."). Moreover, here the term used by Dr. Ziegler is not even a central legal issue in contention in the case. The Court is capable of accepting this evidence for its admissible purpose. BP's objection should be overruled.

## Conclusion

For the above and foregoing reasons, BP's Motion to *in Limine* to Bar Fact or Opinion Testimony on Issues of Law from Phase II should be denied.

Dated: September 3, 2013

Respectfully submitted,

|  |  |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

**ON BEHALF OF THE ALIGNED PARTIES.**

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 3rd day of September, 2013.

/s/ James Parkerson Roy and Stephen J. Herman