UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | * * * * | MDL No. 2179 |
| | * | SECTION "J" |
| | * | JUDGE BARBIER |
| This Document Relates to: Nos. 10-2179; 10-4536; 10-2771 | * * | |
| | * | MAGISTRATE NO. 1 |
| | * | MAGISTRATE SHUSHAN |
| *  *  *  *  *  *  *  *  *  *  *  * | | |

### ANADARKO'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO THE UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE THE EXPERT TESTIMONY OF DR. MICHAEL ZALDIVAR

Anadarko joins in BP's Opposition to the United States' Motion To Exclude the Expert Testimony of Dr. Michael Zaldivar ("BP's Opposition"), and submits this Supplemental Memorandum to propound one additional argument which applies only to Anadarko in opposition to that same motion.

The Government has moved to exclude the testimony of Dr. Michael Zaldivar, a Phase II quantification expert relied on by both Anadarko and BP. Dr. Zaldivar submitted an expert report in which he calculates the daily flow rate from the riser of the *Deepwater Horizon* for the period May 13 to May 20, 2010, based on data and ROV video footage of the buoyant loop and slug flow at the end of the riser during that time. The Government argues that Dr. Zaldivar's testimony should be excluded because it is purportedly inconsistent with BP's prior out-of-court statements that it was not possible to reliably calculate flow rates in May 2010, and because it is purportedly inconsistent with testimony by BP's Phase II source control expert Dr. Adam Ballard. The Government's arguments are without merit, and the motion should be denied.

1

The premise of the Government's motion appears to be that BP and Anadarko should be judicially estopped from relying on Dr. Zaldivar's opinions because of BP's previous statements. Judicial estoppel prevents litigants from "playing fast and loose" with the court system; however, it only prohibits a party from making a factual assertion that is clearly inconsistent with an earlier assertion accepted or adopted by the court. *See In re Coastal Plains, Inc.*, 179 F.3d 197, 205-06 & n.2 (5th Cir. 1999). Any statements previously made by BP were opinions, which cannot serve to support the application of judicial estoppel. *See HEI Resources, Inc. v. S. Lavon Evans, Jr. Operating Co.*, Civ. A. No., 5:09-CV-124, 2011 WL 1230338, at *4 (S.D. Tex., Mar. 29, 2011) (citing *Royal Ins. Co. v. Quinn–L Capital Corp.*, 3 F.3d 877, 885 n.6 (5th Cir. 1993)). Moreover, the Government has not shown (and cannot show) that BP has made any inconsistent assertions in this litigation—let alone that the Court has accepted any such assertions.

Further, even if the Government's estoppel argument were valid as against BP, it would not preclude Anadarko from relying on Dr. Zaldivar's testimony, because estoppel requires that "the party taking the inconsistent positions must be the same. . . ." *American Special Risk Ins. Co. v. City of Centerline*, No. 97–CV–728974–DT, 2002 WL 1480821, at *7 (E.D. Mich., June 24, 2002) ("The doctrine requires that the two statements be made by the same party."); *McMeans v. Brigano*, 228 F.3d 674, 686 (6th Cir. 2000) ("The doctrine of judicial estoppel forbids a party from taking a position inconsistent with the one successfully and unequivocally asserted by that same party in an earlier proceeding."). Here, the alleged statements made by BP or its employees do not bind Anadarko as a matter of law. *See Am. Cas. Co. of Reading, Pa. v. Windham*, 107 F.2d 88, 90-91 (5th Cir. 1939) (defendant's testimony does not bind a co-defendant). As a result, the facts here preclude estoppel, and the Government's motion to exclude Dr. Zaldivar's testimony should be denied as to Anadarko in all events.

Respectfully submitted,

DATED: September 3, 2013	BINGHAM McCUTCHEN LLP

/s/ *Ky E. Kirby*_____
Ky E. Kirby
ky.kirby@bingham.com
David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
Kuchler Polk Schell Weiner & Richeson, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

　　　　　　　　　　　　　　　　　　　　/s/ *Ky E. Kirby*
　　　　　　　　　　　　　　　　　　　　Ky E. Kirby