UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER |
| Applies to:  All Cases | § § § § | MAG. JUDGE SHUSHAN |

**HESI'S RESPONSE TO BP'S MOTION *IN LIMINE* REGARDING (1) PRIOR ALLEGED IMPROPER CONDUCT AND (2) EVIDENCE REGARDING ADVERSE CRIMINAL, CIVIL, OR REGULATORY PROCEEDINGS**

Halliburton Energy Services, Inc. ("HESI") respectfully files this Opposition to BP's Motion *in Limine* to Exclude Instances of Prior Alleged Improper Conduct and Prior Adverse Criminal, Civil, or Regulatory Proceedings (Rec. doc. 11027) (the "Motion").

BP seeks to exclude evidence, including testimony, documents, and expert opinions "regarding prior alleged improper conduct and prior adverse criminal, civil, or regulatory proceedings unrelated to the Macondo well." Rec. doc. 11027 at 1. More specifically, BP seeks to apply the Court's previous Order, which excludes such evidence in Phase I, to Phase II. *See* Rec. doc. 5634 (the "Order"). The Order permits "evidence pertaining to BP's alleged lack of an adequate process safety system for the Macondo operation" and, citing Federal Rule of Evidence 703, suggests that "evidence of prior incidents would be the precise sort of information that process safety experts would rely upon, even in forming opinions about what happened at

HESI'S RESPONSE TO BP'S MOTION *IN LIMINE* TO EXCLUDE INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT AND PRIOR ADVERSE CRIMINAL, CIVIL, OR REGULATORY PROCEEDINGS

Page 1

Macondo," could be permitted. *Id* at 4, 6. In this regard, HESI agrees that the Order should apply to Phase II.[1]

HESI objects to the Motion to the extent that it seeks to exclude evidence regarding improper conduct relating to the 1979 Ixtoc I blowout and spill. The Ixtoc I was operated by Sedco, which is now Transocean,[2] and the sequence of events following its blowout are highly probative of BP's knowledge of the risk of a deepwater blowout and the source control solutions required. Federal Rule of Evidence 404 is not applicable to this evidence. However, if the Court finds otherwise, the evidence should still be admitted as proof of causation, knowledge, or absence of mistake or accident.

One of the central issues in Phase II of this trial is BP's negligence in its source control response. In order to evaluate BP's negligence, the Court should consider prior incidents, especially those which are highly probative of BP's knowledge of the risk of a deepwater blowout and the source control solutions required. The PSC and HESI have each submitted expert reports and rebuttal expert reports that focus extensively on BP's failure to prepare for source control, despite the foreseeable consequences.[3] For example, the Ixtoc I blowout and spill in 1979 put BP on notice of the foreseeable high consequences of failing to have appropriate mitigation source control measures. *See* Exhibit 1, Expert Report of Gregg S. Perkin ("Perkin

---

[1] HESI hereby incorporates its Response to BP's Phase I Motions *in Limine* Regarding (1) Prior Alleged Improper Conduct and (2) Evidence Regarding Adverse Criminal, Civil, or Regulatory Proceedings. Rec. doc. 4770.

[2] The Order's discussion is limited to BP exhibits, "[t]he contested exhibits at issue all share one of two common characteristics: (1) they pertain to a prior incident of some sort of disaster or accident in which BP was involved, and/or (2) they pertain to a prior civil, criminal, or regulatory proceeding in which BP was involved." However, the holding does not expressly limit the Order to BP exhibits, stating, "[f]or these reasons, the Court will grant the motion *in limine* to exclude evidence of prior accidents or alleged misconduct in Phase I of the trial."

[3] The PSC's experts discussing BP's failure to prepare are Dr. Robert G. Bea and Gregg Perkin. HESI's expert discussing BP's failure to prepare is Edward Ziegler.

**HESI'S RESPONSE TO BP'S MOTION *IN LIMINE* TO EXCLUDE INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT AND PRIOR ADVERSE CRIMINAL, CIVIL, OR REGULATORY PROCEEDINGS**

Report") at 25 (citing TREX120003 William Campbell, *Blowouts Not Such Rare Events*, The Maritime Advocate Online, Issue 444, 7/12/2010).

When it excluded certain evidence of prior conduct in the Order, this Court stated that the "alleged prior conduct is not sufficiently similar to the Deepwater Horizon incident," noting that the conduct was land-based oil refinery disasters and also that such evidence may become more relevant and admissible at a later phase. Rec. doc. 5634 at 4-5. Here, as with the Macondo well, the Ixtoc I deepwater oil spill caused extensive pollution and shoreline damage when the BOP failed to seal the well and prevent the disaster that caused nearly 140 million gallons of oil to be released over nearly ten months into the Gulf of Mexico. *See* Exhibit 2, Expert Report of Dr. Robert G. Bea ("Bea Report") at 23 (citing TREX 1300 West Engineering Services, Shear Ram Capabilities Study, TREX 9099 U.S. Dept of Homeland Security Final Action Memorandum – Incident Specific Preparedness Review (ISPR) Deepwater Horizon Oil Spill). In 1991, the Joint Industry Study ("DEA-63") offered a detailed review of the risks of a deepwater blowout and procedures that may be useful to stop such an event. Bea Report at 23 (citing TREX 11755 Joint Industry Program for Floating Vessel Blowout Control, DEA-63 (1991)). BP should have known of these risks and consequences of a deepwater oil spill. However, it still began drilling without an adequate source control plan. Therefore, evidence of the foreseeability of the risks and consequences, in the form of a review of Transocean's predecessor's blowout and spill at the Ixtoc I well, should not be excluded from the Phase II trial. Further, since the Ixtoc I incident is probative of BP's knowledge at the time it began drilling and not whether BP caused the Ixtoc I spill, there is no risk of a "trial within a trial." *See* the Order at 5 (citing *In re Chicago Flood Litig*., 1995 WL 437501, at *6 (N.D. Ill. July 21, 1995) ("[E]vidence regarding prior accidents

**HESI'S RESPONSE TO BP'S MOTION *IN LIMINE* TO EXCLUDE INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT AND PRIOR ADVERSE CRIMINAL, CIVIL, OR REGULATORY PROCEEDINGS**

Page 3

may lead to a 'trial-within-a trial' by requiring the defendant to bring in extensive evidence to establish that the prior incident lacks probative value").

In conclusion, evidence related to the Ixtoc I incident is highly probative of BP's failure to plan for the foreseeable high risk of a blowout and spill. Federal Rule of Evidence 404 does not apply. However, if the Court finds otherwise, HESI notes the exceptions. Rule 404 allows the Court to admit this evidence as proof of causation, knowledge, absence of mistake, or accident. Accordingly, the Court should deny BP's motions *in limine* to the extent it precludes evidence of Ixtoc I when determining knowledge and apportionment of liability.

**HESI'S RESPONSE TO BP'S MOTION *IN LIMINE* TO EXCLUDE INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT AND PRIOR ADVERSE CRIMINAL, CIVIL, OR REGULATORY PROCEEDINGS**

**Page 4**

Respectfully Submitted,

**GODWIN LEWIS PC**

By: /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**HESI'S RESPONSE TO BP'S MOTION *IN LIMINE* TO EXCLUDE INSTANCES OF PRIOR ALLEGED
IMPROPER CONDUCT AND PRIOR ADVERSE CRIMINAL, CIVIL, OR REGULATORY
PROCEEDINGS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Response to BP's Motion *in Limine* Regarding (1) Prior Alleged Improper Conduct and (2) Evidence Regarding Adverse Criminal, Civil, or Regulatory Proceedings has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 3rd day of September, 2013.

/s/ Donald E. Godwin
Donald E. Godwin

**HESI'S RESPONSE TO BP'S MOTION *IN LIMINE* TO EXCLUDE INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT AND PRIOR ADVERSE CRIMINAL, CIVIL, OR REGULATORY PROCEEDINGS**

Page 6

2246517 v1-24010/0002 PLEADINGS