

U.S. Department of Justice

Environment and Natural Resource Division

*P.O. Box 7611*
*Washington, DC 20044*
*202-514-5261*
*Thomas.Benson@usdoj.gov*

August 30, 2013

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
    Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

    Re:    MDL 2179: Request for Additional Redactions in BP/Anadarko Expert Reports

Dear Judge Shushan:

    The United States writes seeking an order from the Court that BP/Anadarko make additional redactions to two of their expert reports.

    ***First***, BP and Anadarko have insufficiently redacted the expert report of Alain Gringarten. Dr. Gringarten relies on the expert report of BP/Anadarko expert Simon Lo in parts of his report. BP/Anadarko has already stated that it will not bring Dr. Lo to trial, and that it will not be using him as a reliance expert. Indeed, BP/Anadarko has requested that the United States redact from our reports any references to Dr. Lo. *See* Attachment 1, August 27, 2013 Letter, R. Gasaway to S. Himmelhoch at 1-2. The United States has agreed to do so. BP and Anadarko have refused to make the same types of redactions in Dr. Gringarten's report, however.

    As reflected in the attached excerpt of Dr. Gringarten's report (Attachment 2), there are two references to Dr. Lo that should be redacted:

- On page 36 of his report, Dr. Gringarten writes: "I selected these two rate histories because there is evidence that the flow rate was between 38,829 stb/d and 48,201 stb/d before shut-in started. . ." He relies on Dr. Lo for the flow rates, and cites to Dr. Lo in the associated footnote. Rather than redact the flow rates, however, BP/Anadarko redacts *only* the footnote citation to Dr. Lo. This partial redaction makes the sentence misleading. With Dr. Lo out of the case, *there is no evidence* of the flow rates that Dr.

Gringarten references. The quoted portion of the sentence should be redacted because its only basis is the work of Dr. Lo.

- Similarly, on page 49, Dr. Gringarten writes: "The results also include rates scaled to the mean permeability and the permeability corresponding to a flow rate just before shut-in of approximately 45,000 stb/d in accordance with Dr. Lo's determination of the likely rate at that time." BP/Anadarko redacted only the portion in the yellow highlight. Again, BP's redaction is misleading because it suggests there is evidence in the case to support the flow rate used by Dr. Gringarten when, with Dr. Lo now out of the case, there is in fact *no evidence.*

The selective redactions described above would allow Dr. Gringarten to testify about flow rates that no longer have any evidentiary basis, now that BP/Anadarko has decided not to present Dr. Lo. In fact, BP's partial redactions are affirmatively misleading because they remove merely the reference to Dr. Lo while leaving Dr. Lo's substantive contribution in Dr. Gringarten's report. Read as BP redacted them, these sentences suggest that there is record evidence to support Dr. Gringarten's assumed flow rates when the opposite is true.

Dr. Gringarten confirmed that, "Dr. Lo . . . provided the range[], and [he is] the exper[t]" and that Dr. Gringarten did not confirm the accuracy of Dr. Lo's estimates. Attachment 3, Gringarten Deposition at 163-64. Dr. Lo was the sole source for the flow rate sentences described above. To redact just his name and leave the substance misleads the Court because, absent Dr. Lo's opinions, the above-referenced flow rates Dr. Gringarten relies on in his report are without any scientific or evidentiary basis.

The United States seeks a ruling requiring BP/Anadarko to redact from Dr. Gringarten's report:

- The portion of the sentence on page 36 quoted above (i.e., redact: "I selected these two rate histories because there is evidence that the flow rate was between 38,829 stb/d and 48,201 stb/d before shut-in started.")
- The portion of the sentence on page 49 quoted above beginning with "in accordance." (i.e., redact: "in accordance with Dr. Lo's determination of the likely rate at that time.").

***Second***, as described in the United States' motion *in limine* (Doc. 11052), BP/Anadarko should redact the portion of Dr. Johnson's report that he has admitted is incorrect. The United States incorporates our motion *in limine* rather than restate the arguments there.

As a final note, BP/Anadarko has not served a redacted version of the expert report for Srdjan Nesic. Dr. Nesic originally included expert reports by Hans Vaziri and Nigel Richardson as appendices to his report. We understand that, in keeping with the related upon expert rule, those reports from non-testifying, reliance experts will be removed from the version of the Nesic expert report presented at trial. Should BP/Anadarko refuse to do so, we will raise the issue with the Court at that time.

*** 

We respectfully request an order requiring BP/Anadarko to redact the reports of Drs. Gringarten and Johnson as described above.

Respectfully submitted,

/s/ *Thomas A. Benson*
Thomas A. Benson