UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions<br><br>…………………………………………………... | : : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF BP'S OBJECTIONS TO AND CROSS-APPEAL FROM MAGISTRATE JUDGE'S ORDER REGARDING MOTIONS OF THE U.S. AND TRANSOCEAN TO COMPEL PRODUCTION OF PREVIOUSLY-WITHHELD DOCUMENTS PURSUANT TO THE CRIME-FRAUD EXCEPTION TO THE ATTORNEY-CLIENT PRIVILEGE [REC. DOC.11128]**

On the basis of all the briefing BP has previously submitted regarding the United States' January 30, 2013 motion to compel, BP submits this cross-appeal to the Court's August 26, 2013 Order (Rec. Doc. 11128).

**Background**

On January 30, 2013, the United States submitted a motion to compel the production of otherwise privileged documents from BP related to the preparation of specific communications on the basis of the crime-fraud exception to privilege (Rec. Doc. 8417), which Transocean later joined (Rec. Doc. 8457). In its Opposition to that motion, BP described certain documents at issue as belonging to one of five categories, described as Categories A-E. (Rec. Doc. 8715, at 2). BP clearly stated at that time, and has maintained since, that it "continues to assert privilege over all five categories of documents." *Id.*

Of importance, here, Category A documents were described as those "[d]ocuments in which Mr. [David] Rainey is an active participant and that relate to the matters in BP's guilty plea allocution." *Id.* About these Category A documents, BP stated in its Opposition:

> Nonetheless, without waiver of BP's position that such documents are privileged, BP understands that it may be debatable how to apply the crime-fraud exception to certain of these documents following BP's guilty plea and factual allocution. BP therefore would fully understand, and has prepared itself promptly to implement, a court order requiring the production of documents listed under Category A ….

*Id.* On April 4, 2013, the Court issued just such an Order stating that "BP shall produce all documents identified as within Category A" identified by that point. (Rec. Doc. 9115.) Per that Order, BP produced those Category A documents on April 9, 2013.

After additional briefing (Rec. Docs. 8974, 9254, 9355, 10291, 10255), and additional Orders (Rec. Docs. 9592, 9846, 10336, 10648), BP submitted to the Court on July 16, 2013, for *in camera* review documents responsive to the motion to compel from the custodial file of Jeffrey Morgheim. *See* Exhibit 1, Ltr. from R. Gasaway to Court (July 16, 2013). At that time, BP acknowledged, under the Court's April 4 Order, that it was compelled to produce documents falling within Category A. *Id.* BP thus produced documents meeting the description of Category A from Jeffrey Morgheim's custodial files based on BP's understanding that, even though BP continued to assert privilege over these Category A documents, the Court's April 4 Order compelled their production. *See id.*

BP subsequently on July 25, July 30, and August 1, 2013 submitted for *in camera* review documents from the custodial files of Jack Lynch and/or Anne Harkavy, but none of these documents met the description of Category A. *See* Exhibits 2-4.

After reviewing these July 16, July 25, July 30, and August 1 *in camera* submissions, the Court issued its August 26, 2013 Order (Rec. Doc. 11128) directing BP to produce eight documents out of the set that was then under *in camera* submission. Of these eight documents, four have already been produced as Category A documents as an application of the Court's April 4, 2013 Order (Morgheim Doc. Nos. 68.0, 88.0, 89.0, and 91.0). One additional document

2

(Harkavy Doc. No. 61.02) is not subject to production as it is a textual duplicate of previously produced documents.  *See* Rec. Doc. 11128, at 2 (holding that previously produced and duplicate documents need not be produced again).

Accordingly, the ruling in Rec. Doc. 11128 requires BP to produce three documents (Morgheim Doc. Nos. 72.0 and 95.0 and Harkavy Doc. No. 115.0) that would not otherwise be subject to production, based on the complex procedural history and orders recounted above.  BP now appeals Magistrate Judge Shushan's ruling as to these three documents.

## Discussion

On the basis of all of its prior submissions (including specifically Rec. Docs. 8715, 9254, 9469, 10180, 10291), BP appeals Magistrate Judge Shushan's August 26, 2013 Order (Rec. Doc. 11128) directing BP to produce three documents — Harkavy Doc. No. 115.0, Morgheim Doc. No. 72.0, and Morgheim Doc. No. 95.0 — as identified in that Order.  BP clarifies that BP has consistently "continue[d] to assert privilege" over "all" of the documents it has produced as a result of the United States' January 30, 2013 motion, Transocean's joinder in the motion, and the submissions and rulings following thereafter.  All document productions made by BP in the wake of the motion have been as the result of Court Orders.

## Conclusion

For the foregoing reasons, the Court's August 26, 2013 Order (Rec. Doc. 11128) should be reversed and this objection sustained.

Dated: September 4, 2013

Respectfully submitted,

By: /s/ Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Robert R. Gasaway
(robert.gasaway@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production Inc.*
*& BP America Production Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of September, 2013.

/s/ Don K. Haycraft