# Exhibit 1

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 16, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:   MDL 2179 — Production *in Camera* of Documents from Jeffrey Morgheim's Custodial File Responsive to the United States' Motion to Compel and Related Confidential Privilege Log

Dear Judge Shushan:

As directed by the Court's June 10, 2013 Order regarding "selection criteria," (Rec. Doc. 10336, at 2), and Your Honor's subsequent July 9, 2013 Working Group Order, (Rec. Doc. 10684, at 3), BP is providing today to the Court for *in camera* review documents from Jeffrey Morgheim's custodial file that are responsive to the United States' January 30, 2013 motion to compel, (Rec. Doc. 8417).

With this letter BP also provides a Confidential log of these documents for the Court, the United States, and Transocean. As with the prior logs, per the Court's April 1, 2013 Order, (Rec. Doc. 9064, at ¶ 4), this log has been designated Confidential.

BP will also be producing certain documents today, as further described below.

**BP's Review**

As the Court and parties know, Mr. Morgheim was not selected by any MDL party to be a document discovery custodian. To locate the documents being provided with today's submission, BP applied agreed MDL search terms — as we stated we planned to do in our June 12, 2013 email to the Court and parties. These agreed MDL search terms were applied in the same manner as for other custodians whose documents have been identified for production in this MDL. BP also included in its review Mr. Morgheim's hardcopy documents.

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
July 16, 2013
Page 2

In addition, BP applied the date ranges applicable to the United States' motion — April 24 to May 24, 2010, and June 20 to 25, 2010, per the Court's June 10 Order, (Rec. Doc. 10366). BP did not review documents outside these established date ranges.

This set of documents resulting from applying the agreed-upon search terms and date ranges was reviewed to identify "documents related to preparation of specified communications by BP." (*See* United States' Motion to Compel (Rec. Doc. 8419).)

Although the United States and Transocean have previously claimed "[m]ovants are not arguing that all documents related to disclosing or withholding flow information are responsive to the motion," (US-TO Apr. 17, 2013 Submission, Rec. Doc. 9355, at 11), they nonetheless have sought to expand their request to encompass documents beyond the bounds of their original request for documents related to the preparation of five specific communications. For example, the movants have sought documents related to the drafting of a May 10, 2010 letter to Admiral Landry, documents this Court has ruled do not demonstrate a *prima facie* case of crime or fraud. (*See* Rec. Doc. 10648.)

To avoid further disputes about "selection criteria" and without waiver of any of its rights, BP has not limited the review leading to this production to documents related to the preparation of the five specific communications. BP instead reviewed the set of documents responsive to the search terms and within the date ranges to identify documents that appear to relate to flow rate.

Again, BP does not agree that such documents are responsive to the United States' motion to compel. But as an accommodation and in effort to move this process toward finality, BP has nevertheless included this broad category of documents in this review (and production) document set.

**Confidential Log**

The confidential log of responsive documents being provided today largely tracks past practice. It contains Categorization A-E of each of the documents, as BP described in its Opposition, (Rec. Doc. 8715, at 1-2), and supplied with its March 5, 2013 *in camera* submission, (Mar. 5, 2013 R. Gasaway Ltr to Court).

The log also contains a column indicating whether the document is custodial to David Rainey or David Rainey is an email sender or recipient (TO, FROM, CC, or BCC), as BP did for

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 16, 2013
Page 3

its April 3, 2013 submission of documents related to preparation of the May 4 briefing and certain SEC filings. (Apr. 3, 2013 R. Gasaway Ltr to Court.)

BP has attempted to avoid submitting for review duplicate documents, but certain of the documents being submitted today for review *in camera* are similar to documents on which the Court previously ruled. Accordingly, the log contains a column titled "Prior Ruling on Similar Document." The purpose of this column is to aid the Court's review by describing any prior rulings that may be relevant to determining the privileged status of the documents currently at issue.

**Production of Certain Documents**

BP is producing today, or soon will produce, three categories of documents that have been identified as a result of this round of document review.

First, this expansive and accommodative round of review located approximately 100 documents generally related to flow rate that are not privileged. BP maintains that it is not required to produce these non-privileged documents under the Court's applicable orders, which were prompted by a motion to compel the production of otherwise-privileged documents. BP nevertheless is producing these non-privileged documents today — once again in an effort to be forthcoming and avoid future disputes.

Second, the Court has ruled that certain communications related to locating documents concerning pre-incident estimates of potential flow for the purpose of responding to Congressman Markey's May 14, 2010 letter should be produced. (Rec. Doc. 9592, at 27-29.) Judge Barbier has now denied BP's cross-appeal of this ruling, and the United States' and Transocean's appeal of other aspects of this ruling. (Rec. Doc. 10736.) Accordingly, BP will produce documents identified in this round of review that are similar to documents about pre-incident production estimates that the Court previously ruled are subject to production.

Third, per the requirements of the Court's April 4 order, (Rec. Doc. 9115, at ¶ 2), BP will also produce today the documents designated in the attached log as Category A.

\*   \*   \*

BP appreciates the Court's hard work to review these and other documents *in camera*. As the parties work with the Court to narrow the issues for the Phase 2 trial, BP respectfully suggests the Court continue to consider whether these documents have any tendency to make a

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 16, 2013
Page 4

fact in issue in either the Source Control or Quantification segments of the Phase 2 trial more or less likely.

Responsive documents from the custodial files of Jack Lynch and Anne Harkavy will follow. BP anticipates two *in camera* productions of these documents, with the final *in camera* production on or before July 30.

Respectfully submitted,

Robert R. Gasaway

Attachment

cc (by electronic mail):
United States MDL Counsel
Transocean MDL Counsel