**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **Russel Dardar, Eric Dufrene, Efram Naquin, Trung Tuan Hoang, and Thoa Dinh Nguyen,** | **CIVIL ACTION NO:  2:13-cv-02029** |
| **Plaintiffs,** | **JUDGE CARL BARBIER** |
| **VERSUS** | |
| **BP Exploration & Production, Inc., BP America Production Company, BP p.l.c., Transocean Ltd., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GmBH, Halliburton Energy Services Inc., and Sperry Drilling Services** | **MAGISTRATE SALLY SHUSHAN** |
| | *RELATES TO: BP MDL No. 2179* |
| **Defendants.** | |

**FIRST AMENDED CLASS ACTION COMPLAINT OF EXCLUDED COMMERCIAL
FISHERMEN FOR RELIEF AND DAMAGES UNDER THE OIL POLLUTION ACT
AND GENERAL MARITIME LAW**

NOW INTO COURT come Russel Dardar, Eric Dufrene, Efram Naquin, Trung Tuan Hoang, and Thoa Dinh Nguyen, commercial fishermen who amend their complaint as follows:

1.      Paragraph 30 is amended to include the factual allegations found in Plaintiffs' Proposed Findings of Fact, 2:10-2179, Rec. Docs. 10459 and 10460.

2.      Paragraph 100 is amended to read: "Plaintiffs herein and all class members have "presented" their evidence and made demand to BP directly, through BP's agent GCCF and by filing "Short Form" joinders in docket 10-8888."

3.      Paragraph 101 is amended to read: "In addition to a judgment awarding damages, Released Plaintiffs herein seek a judgment that invalidates the GCCF releases signed which facially purport to favor BP and hundreds of other named and unnamed parties."

4.      Paragraph 102 is amended to read: "Commercial fishermen are seamen and wards of the court under principles of General Maritime Law.  Maritime releases are carefully reviewed, strictly construed and invalidated where inadequate consideration was given, claims were released without payment, where the releases were not properly explained, where false representations were made to induce the signing of the release, including that the seaman did not need his or her own lawyer.  Further, any ambiguities are strictly construed against the drafter and in favor of the seaman. "

5.      Paragraph 103 is amended to read: "The GCCF Releases are entirely or partially invalid under the principles of General Maritime Law and the Oil Pollution Act.  Alternatively, the Releases may be valid in regards to claims actually paid, but the Releases do not exonerate defendants from liability for claims purportedly released without any or inadequate consideration given.  Further, the Released Plaintiffs seek a declaration that the covenant not to sue contained in the releases is invalid and cannot be enforced against the Released Plaintiffs."

6.      Paragraph 107 is amended to read: "Common questions of law and fact exist as to all members of the Class and/or Subclass members. These facts include, but are not limited to, the past and future injuries to commercial species and to the seafood market, the past and future injuries to the various participants in the commercial fishing industry, the availability of punitive damages, and the validity and effect of GCCF releases and covenants not to sue under federal maritime law, the Oil Pollution Act, and the Clean Water Act, should those claims or defenses be raised by defendants."

7.     Paragraph 119 is amended to read: "Certification of the Class with respect to common factual and legal issues concerning the injuries and damages sustained by class members and the anticipated defenses surrounding the GCCF Release is appropriate under Rule 23(c)(4)."

8.     The Prayer for Relief is amended to read:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that after appropriate proceedings this Honorable Court certify a class and appropriate subclasses as necessary, find that Class Members are maritime seamen and wards of the Court, find that the GCCF Release is either entirely invalid or partially invalid as to particular claims or damages, find that the GCCF Release has no effect on OPA and General Maritime claims for which no consideration was given, declare that the covenant not to sue in the GCCF release is invalid, and sign a judgment in favor of Plaintiffs awarding plaintiffs all compensatory and punitive damages available under law, including "true up" payments necessary, as well as any and all other appropriate relief as determined by this Court, and expenses and fees common to the class, plus interest and costs from the date of the spill, all in accordance with law.

Respectfully submitted,

WALTZER WIYGUL & GARSIDE, L.L.C.

/s/ Joel Waltzer
Joel Waltzer (LA #19268)
3715 Westbank Expwy, Ste.13
Harvey, LA 70058
Tel: (504) 340-6300
Fax: (504) 340-6330
joel@waltzerlaw.com

/s/ Robert Wiygul
Robert Wiygul (LA #17411)
1011 Iberville Drive
Ocean Springs, MS 39564
Tel: (228) 872-1125
Fax: (228) 872-1128
robert@waltzerlaw.com

/s/ Clay Garside
Clay Garside (LA # 29873)
14399 Chef Menteur Hwy, D
New Orleans, LA 70129
Tel: (504) 254-4400
Fax: (504) 254-1112
clay@waltzerlaw.com

*Attorneys for Plaintiffs*