UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**[Regarding U.S. Motion to Redact Report of Dr. Johnson (Rec. docs. 11052 and 11228)]**

On August 19, 2013, the U.S. filed a motion in limine to exclude what it alleges is admittedly incorrect opinion testimony by Dr. Adrian Johnson, an expert for BP and Anadarko. Rec. doc. 11052. On August 30, 2013, the U.S. submitted a request for additional redactions, including redactions of Dr. Johnson's report. Rec. doc. 11228.[1] BP submitted oppositions to the motion and the August 30 letter. Rec. docs. 11200 and 11230.

The U.S. expert, Dr. Dykhuizen, submitted a report with a Top Hat skirt flow estimate. When he was asked about his estimates of the flow from the Top Hat, he replied:

> [N]ominally there was 20,000 barrels of oil per day out the three vents, 20,000 being collected on the ship, and a wide range of flow that you might estimate coming out of the skirt. This led to a very large error bar in our total because we could not estimate accurately what was coming out of the skirt.[2]

\* \* \*

Q.  You would agree that any estimate that you have that includes a calculation of flow out of the skirt is a very inaccurate method?

---

[1] The August 30 letter incorporated by reference the U.S. motion in limine regarding Dr. Johnson. The August 30 letter also sought additional redactions to Dr. Gringarten's report. The issues concerning Dr. Gringarten's report are addressed in a separate order.

[2] Rec. doc. 11230 (Exhibit 8 at 417). Exhibit 8 is an excerpt from Volume 2 of the deposition transcript of Dr. Ronald Dyknhuizen taken on January 31, 2013.

A.     Yes.[3]

On May 1, 2013, Dr. Johnson submitted an expert report where he contends that Dr. Dykhuizen's Top Hat skirt flow estimate is highly inaccurate.  Dr. Johnson states that while Dr. Dykhuizen did not attempt to quantify the uncertainty of the skirt flow calculation, "it is subject to large error for" three reasons:  (1) the geometry of the Top Hat skirt was very complex; (2) the Top Hat flow calculation is dependent on very small pressure differences between the pressure within the Top Hat and ambient sea pressure; and (3) the open area of the skirt would not only affect the area available for flow, but also the pressure loss coefficient (i.e., K value) assumed when calculating the flow rate.[4]  The third reason (hereinafter referred to as the "K Value") is at issue here.[5]

BP contends that Dr. Johnson learned from Dr. Dykhuizen's rebuttal report that "Dr. Dykhuizen had performed that calculation in a non-industry-standard manner that Dr. Johnson had not understood based solely on Dr. Dykhuizen's initial report."  Rec. doc. 11230 at 4.  Dr. Johnson issued a corrective set of calculations.[6]  He testified that:

---

[3] Rec. doc. 11230 (Exhibit 1 at 458).  Exhibit 1 is an excerpt from Volume 2 of the deposition transcript of Dr. Ronald Dyknhuizen taken on June 20, 2013.

[4] Rec. doc. 11052 (Attachment 3 at 41-42).  Attachment 3 is a portion of the May 1, 2013 Expert Report by Dr. Adrian Johnson.

[5] BP and Anadarko describe the U.S. as seeking to redact all three reasons.  Rec. doc. 11230 at 4. The U.S. motion requests that BP be ordered to redact the portion of Dr. Johnson's expert report highlighted in yellow on Attachment 3 to Rec. doc. 11052.  Only the K Value reason is highlighted.  The geometry and pressure difference reasons are not highlighted.  See also Rec. doc. 11052 (Memorandum at 3), where the U.S. states that, "[a]t the very least, the Court should order BP/Anadarko to redact the portion of Dr. Johnson's expert report setting forth the incorrect analysis:  the text beginning at number 3 on p. 41 and continuing through until heading 5.1.2 on p. 42."

[6] Rec. doc. 11230 (Exhibit 4).  Exhibit 4 are four pages of calculations.

2

> I used a velocity in the Top Hat skirt calculation which was the wrong velocity for the – the K value. it wasn't consistent with the K value that I was using. I have, however, submitted a – a revised calculation there, and – and – and that – that didn't change my – general conclusion for that calcu – for that skirt calculation.[7]

The U.S. urges that Dr. Johnson's K Value reason in the May 1, 2013 report should be excluded because: (1) it is incorrect; (2) an incorrect analysis is not helpful to the Court; and (3) it creates confusion. The U.S. also contends Dr. Johnson should be precluded from testifying about Dr. Dykhuizen's skirt flow calculations because his opinion was based on the incorrect analysis. The U.S. argues that while Dr. Johnson provided three reasons to support his opinion on Dr. Dykhuizen's Top Hat skirt flow estimate, the K Value reason was foundational. Because of its foundational nature, the entire reason on the Top Hat skirt flow estimate should be excluded.

BP and Anadarko respond that: (1) redactions are not used for the correction of errors; (2) experts, including experts for the U.S. issued corrections in advance of their depositions, where they were questioned on them; (3) this procedure was followed with Dr. Johnson's correction; and (4) Dr. Johnson testified that the correction did not change his opinion at Section 5.1.1 of his report.

The request by the U.S. that Dr. Johnson be precluded from testifying at trial on his statement at Section 5.1.l of the report is denied. The statement is based on three reasons. The issue of the incorrect analysis is only concerned with the K Value. More importantly and as noted at the outset, Dr. Dykhuizen conceded that there is a "very large error bar in our total because we could not estimate accurately what was coming out of the skirt. . . ," and that any estimate with a calculation of flow out of the skirt is a very inaccurate method.

---

[7] Rec. doc. 11230 (Exhibit 5 - Volume 1 [July 19 at 12]) Exhibit 5 contains excerpts from Volumes 1 and 2 of the Deposition Transcript of Dr. Adrian Johnson taken July 19 and 20.

Dr. Johnson provided the correction to the K-Value before his deposition and was questioned on the correction at his deposition.[8]

The U.S. submitted a revised report for Dr. Bushnell on July 1, 2013 to account for a minor correction to droplet breakup modeling and corrections for minor errors in a sentence in the report of John Martinez.[9]  For Dr. Johnson's correction to the K Value calculation, the orderly procedure would have been for the parties to agree on a substitute for part 3 of page 41 and possibly page 42 of Dr. Johnson's report.  This procedure would avoid the U.S.'s concern with confusion while preserving its right to explore in cross-examination the magnitude of the correction and the basis for it. The request for redaction of the portion of Dr. Johnson's report concerning the K Value is denied.

IT IS ORDERED that:  (1) the motions of the U.S. to redact report of Dr. Johnson and preclude testimony on Section 5.1.1 of the report (Rec. docs. 11052 and 11228) are DENIED; (2) **within two (2) calendar days of the entry of this order**, BP and Anadarko shall submit the redacted report of Dr. Johnson in conformity with this order; and (3) the deadline for an appeal of this order is **Tuesday, September 10, 2013.**

New Orleans, Louisiana this 6th day of September, 2013.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[8] Rec. doc. 11230 (Exhibits 4 and 5).  Exhibit 4 contains the calculations.  Exhibit 5 contains excerpts from the July 19-20 deposition of Dr. Johnson.

[9] Rec. doc. 11230 (Exhibits 6 and 7).  Exhibit 6 is a July 1, 2013 letter from the U.S. to BP with correction pages for the rebuttal report from Dr. Bushnell.  Exhibit 7 is a July 25, 2013 letter from the U.S. to BP.