UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**[Regarding U.S. Motion to Redact Report of Dr. Gringarten (Rec. doc. 11228)]**

On August 30, 2013, the U.S. requested that two portions of the report of Dr. Alain Gringartern, an expert for BP and Anadarko, be redacted. Rec. doc. 11228.[1] BP submitted an opposition. Rec. doc. 11230.

BP and Anadarko submitted a report from Dr. Simon Lo. They notified the U.S. that Dr. Lo will not testify live nor did he appear for his deposition. Because of this change, BP requested that the U.S. redact portions of the report of one of its experts, Dr. Dykhuizen, in which Dr. Lo's report was discussed.[2]

The U.S. contends that the redactions by BP and Anadarko to the report of Dr. Gringarten are insufficient because Dr. Gringarten relies on Dr. Lo's report. As BP and Anadarko requested that the U.S. redact portions of Dr. Dykhuizen's report referring to Dr. Lo's report, the U.S. urges that BP and Anadarko should make further redactions in Dr. Gringarten's report.

Dr. Gringarten employed "deconvolution" to estimate the flow rate history under two

---

[1] The U.S. also requests that a portion of the report of Dr. Adrian Johnson, an expert for BP and Anadarko, be redacted. Rec. doc. 11228 at 2. The U.S. refers to and incorporates by reference its Phase Two, Quantification Segment, Motion in Limine to Exclude Admittedly Incorrect Opinion Testimony of Adrian Johnson. Rec. doc. 11052. BP filed an opposition to this motion. Rec. doc. 11200. It also opposed the motion in its September 3, 2013 letter. Rec. doc. 11230. The issues concerning Dr. Johnson's report are addressed in a separate order.

[2] Rec. doc. 11228 (Attachment 1 - Letter of August 27, 2013 from BP to U.S.

options.[3] Under Option 1, he assumed that the well flowed at a constant rate of 45,000 stb/d for the entire incident. For Option 2, he used a starting rate of assumption of 30,000 stb/d for April 20 to May 31 and 45,000 stb/d for June 1 until shut-in. The report states that "I selected these two rate histories because there is evidence that the flow rate was between 38,829 stb/d and 48,201 stb/d before shut-in started. . ." This statement is followed by footnote number 24 which refers to the report of Dr. Lo.[4] In his deposition, counsel for the U.S. asked if he obtained the flow rate estimates from Dr. Lo. He responded that Dr. Lo and Dr. Zaldivar provided ranges, he considers them experts, and he did not confirm their accuracy.[5]

BP and Anadarko redacted footnote 24 referring to Dr. Lo's report. The U.S. contends that the sentence on page 36 of the report referring to evidence of flow rate should be redacted. Similarly, the U.S. contends that the following should be redacted from page 49 of Dr. Gringarten's report: "in accordance with Dr. Lo's determination of the likely rate at that time."[6] The U.S. contends that without the redactions sought by it, Dr. Gringarten's report is misleading. It also urges that without Dr. Lo's report, the 45,000 stb/d flow rate used by Dr. Gringarten is without any evidentiary support. The phase quoted in this paragraph will be redacted.

BP and Anadarko respond that Dr. Gringarten's report is not misleading because his deconvolution analysis began by assuming a flow rate history of 45,000 stb/d for the entire spill

---

[3] BP and Anadarko describe "deconvolution" as a mathematical process pioneered by Dr. Gringarten to calculate the cumulative flow. Rec. doc. 11230 at 1.

[4] Rec. doc. 11228 (Attachment 2 - Excerpts of Dr. Gringarten's May 1, 2013 report - p. 36).

[5] Rec. doc. 11228 (Attachment 3 - July 22, 2013 Deposition of Dr. Gringarten, Vol. 1 at 162-63).

[6] Rec. doc. 11228 (Attachment 2 - Excerpts of Dr. Gringarten's May 1, 2013 report - p. 49). BP and Anadarko redacted only the reference to Dr. Lo, so the phrase as redacted by them provides, "in accordance with . . . the likely rate at that time."

period (Option 1).  It contends that the flow rate is supported by the evidentiary record.  Dr. Lo's final day flow rate cited by Dr. Gringarten was between 38,829 stb/d and 48,201 stb/d.  Dr. Dykhuizen's estimate was 53,000 stb/d with an error of plus or minus 20 percent.  Rec. doc. 11230 at 3.  For the reasons presented by BP and Anadarko, Dr. Dykhuizen's report provides an evidentiary basis for Dr. Gringarten's final day flow rate which can be tested on cross-examination.

IT IS ORDERED that:  (1) the motion of the U.S. to redact report of Dr. Gringarten (Rec. doc. 11228) is GRANTED IN PART and DENIED IN PART; (2) **within two (2) calendar days of the entry of this order**, BP and Anadarko shall submit the redacted report of Dr. Gringarten in conformity with this order; and (3) the deadline for an appeal of this order is **Tuesday, September 10, 2013.**

New Orleans, Louisiana this 6TH day of September, 2013.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**