**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

September 6, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:    MDL 2179 — Motion to Strike Aligned Parties' Trial Brief

Dear Judge Shushan:

Last night the Aligned Parties startled BP by filing a single 40-page trial brief for the Source Control segment.

The filing was startling because it was made without Court permission and in direct violation of the Court's Order regarding trial briefs.

The Court's Order states as follows:

> Trial Briefs. The *principal parties* participating in the Source Control segment may, if they so choose, submit to the Court a written trial brief no longer than 10 pages double spaced summarizing anything the party wishes to highlight for the Source Control segment of the Phase Two trial. For purposes of submitting Source Control trial briefs, the *principal parties* are the PSC, the States, Transocean, Halliburton, and BP. (Order Regarding Presentation of Evidence in Phase Two Trial (Rec. Doc. 11087), filed 8/22/13, at 4-5 (emphasis added).)

Nowhere does the Order permit the four named "principal parties" to combine their allotted ten-page briefs into a single mega-brief. Nor could the Aligned Parties reasonably assume that they were permitted to combine their individual briefs into one without asking the Court's permission to do so.

The August 22 Order's parallel provision for the Quantification segment provides — in contrast to the Source Control provision — that "*[e]ach side* of the Quantification segment

Chicago    Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 6, 2013
Page 2

[may] submit to the Court a single written trial brief no longer than 10 pages double spaced...." *Id*. at 7-8 (emphasis added).

The Court thus clearly directed that trial brief filings in the Source Control and Quantification segments would be handled differently. Specifically, the Court directed that in the Source Control segment trial briefs would be submitted according to "party," while in the Quantification segment trial briefs would be submitted according to "side."

The reason for this differing treatment was made clear on the record in Working Group Conference discussions. The Court stated on the record that it was willing to provide the opportunity for individual parties to submit Source Control briefs so that "each [party] got an opportunity to tell Judge Barbier what [its] particular point of interest and view in that segment was," (7/12/2013 Tr. 43:22-24), especially in light of the Aligned Parties' pleas that each had important but different stakes in the Source Control trial.

During the July 12, 2013 Working Group Conference, Transocean explained that "the way we are divvying up source control is Subpart A and Subpart B. Subpart A is preparedness by BP, and that primarily falls to the PSC experts and to the Halliburton experts. ... Subpart B is what happened after ...." (Tr. 41:20 - 42:3.) Moreover, according to Transocean,

> there is more at stake against Transocean and Halliburton in the billions of dollars on source control and how that allocation sways and how that relates to the equitable contribution and indemnity issues than is at stake given the bounds on quantification. ... So it is very important to Transocean and very important to Halliburton to be able to have their say in opening statement and have adequate time to present their cases. (Tr. 43:5-14.)

In response to such pleas, the Court allowed each of the four specifically identified "principal parties" — the PSC, the States, Transocean, and HESI — to "if they so choose, submit to the Court a written trial brief no longer than 10 pages double spaced summarizing anything *the party* wishes to highlight for the ... trial." (Order at 4 (emphasis added).)

As the Court explained to Transocean,

> Kerry, let me comment on that. I did think about that. The reason that I was going to allow each of the aligned parties 10 pages each to talk about really their source control side of Phase Two was so that you all each got an opportunity to tell Judge Barbier what your particular point of interest and view in that segment was, and so I thought I was covering it. (Tr. 43:19-25).

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
September 6, 2013
Page 3

In short, the Court plainly did not intend to allow the four principal Source Control plaintiff parties to submit one joint brief. If that had been the Court's intention, the Court surely would have (i) allowed Anadarko to join in BP's ten-page filing (as was the case in the Quantification segment) and (ii) established equal lengths for plaintiffs' side Source Control trial brief and the defendants' side Source Control trial brief (as also was the case in the Quantification segment). The Court never would have allowed one side to file a trial brief four times as long as the other side's brief.

BP is prejudiced by the Aligned Parties' brief in two respects.

*First*, the Aligned Parties' overly long brief unfairly affords them extra space to present their version of the case and rebut BP's version of the case. As we all know, these 10-page briefs evolved from Judge Barbier's original plan of having written opening statements. No one would seriously suggest that the Aligned Parties would get an opening statement four times as long as BP's in the Source Control segment. The fact that "[e]ach side may take up to 60 minutes for its Source Control opening statement" proves this point. (Order at 5.)

*Second*, even in the event the Court strikes the Aligned Parties' brief and permits them to file a new, compliant ten-page brief, the Aligned Parties will still enjoy the benefit of having studied BP's brief before paring back their 40-page brief and deciding what to retain and discard in a new ten-page filing. In effect, there will no longer be simultaneous briefing. Instead, there will be a BP opening brief and an Aligned Parties response brief but with no BP opportunity for rebuttal.

In light of the Aligned Parties' non-compliant filing, and the resulting prejudice to BP, the Court should take remedial steps as follows:

(1) Strike the Aligned Parties' 40-page brief;

(2) Permit the Aligned Parties, if they so choose, to file a single, combined ten-page trial brief by no later than 5:00 PM Monday, September 9; and

(3) Grant the BP/Anadarko side additional "trial clock" time during the Source Control segment of one extra hour for each ten pages of overage of the Aligned Parties' initial non-compliant trial brief filing. (The BP/Anadarko side would accordingly have 18 "trial clock" hours to present its Source Control case, including an opening statement, and the Aligned Parties' side would have 15 hours.)

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 6, 2013
Page 4

                                                  Respectfully submitted,

                                                  Robert R. Gasaway

cc (by electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross