UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

[**Regarding BP/Anadarko Motion to Redact Report of Dr. Kelkar (Rec. doc. 11227)**]

On August 30, 2013, BP and Anadarko moved for redactions of additional portions of the initial and rebuttal reports of Dr. Mohan Kelkar, an expert for the U.S. Rec. doc. 11227.[1] Movers argue that:

1. The U.S. failed to comply with the June 24, 2013 order regarding BP/Anadarko's motion to strike rebuttal experts for the U.S. (Rec. doc. 10450) with regard to pages 15 and 16 and Appendix C of the rebuttal report.

2. The U.S. failed to redact material found on page 28 in the initial report and page 23 of the rebuttal report, in which the only foundation for the material is attributable to Dr. Raghavan, a withdrawn expert.

3. The U.S. failed to redact material found on page 15 in the rebuttal report responding to Dr. Torres-Verdin, a BP/Anadarko expert who was withdrawn.

The U.S. submitted an opposition. Rec. doc. 11229.

---

[1] BP also sought additional redactions for the rebuttal report of Dr. Alan Huffman. The issues concerning the report of Dr. Huffman are the subject of a separate order.

A.     Compliance with the June 24, 2013 order - UPVC of 12.

The June 24, 2013 order provides, in part:

> BP/Anadarko seek to strike portions of this joint expert report as an improper rebuttal regarding PVC. BP/Anadarko argue that Kelkar and Raghavan rely on Roegiers' and Huffman's improper "rebuttal" analysis of PVC. To the extent that the Roegiers and Huffman reports have been stricken, the corresponding portions of the Kelkar and Raghavan report likewise must be struck. Therefore, the sixth bullet point on p. 5, and the fourth paragraph on p. 15 carried over through p. 16 will be struck.

Rec. doc. 10477 at 6. The U.S. did not strike the entirety of the fourth paragraph on pages 15 and 16. Instead it only struck the penultimate sentence. It responds that striking the entire paragraph goes beyond the intent of the order. The order was clear and no request for hearing was filed. The order is final and the designated text will be redacted.

B.     Compliance with the June 24, 2013 order - Aquifer.

The issue of the existence of an aquifer near the reservoir and potentially connected to it was discussed in the June 24, 2013 order. Rec. doc. 10450 at 8-9. BP/Anadarko contended that in the rebuttal report, Dr. Kelkar raised for the first time whether the well flow was affected by the existence of such an aquifer. Appendix C to Dr. Kelkar's rebuttal report is an analysis of the "Impact of Aquifer on Total Volume Released," in which he makes assumptions regarding the shape, location and size of an aquifer and then performs various calculations based on those assumptions. The June 24, 2013 order quoted the following sentence from Appendix C, paragraph 1:

> Although both Dr. Blunt and Dr. Gringarten claim that an aquifer is absent based on their pressure derivative analysis, as we have discussed in the previous section, the derivative analysis is extremely sensitive to the rate profile assumed prior to shut in.

Rec. doc. 10477 at 9. The order then states, "[a]ssumptions and analysis regarding the existence of an aquifer is not proper rebuttal opinion when no expert on behalf of BP/Anadarko has opined regarding the affirmative existence of an aquifer." Rec. doc. 10477.

2

The U.S. did not redact the first paragraph of Appendix C, including the sentence quoted in the June 24, 2013 order. The U.S. contends that while it redacted the bulk of Appendix C, the first paragraph simply describes what BP/Anadarko did during the spill, what Drs. Blunt and Gringarten did concerning the aquifer, and the type of aquifer analysis typically done in the GOM. The U.S. urges that the first paragraph of Appendix C is outside the scope of the June 24, 2013 order.

The first sentence of the first paragraph of Appendix C is an assumption regarding the existence of the aquifer. It shall be redacted.

As a result of the redactions to the remainder of Appendix C, there is no Table 9. The sentence beginning "Table 9 below shows. . ." shall be redacted.

The final sentence of the paragraph[2] shall be redacted. Within the context of the paragraph, the final sentence is making an analysis or assumption that an aquifer is present.

C.      Material Attributable to Dr. Raghavan.

The reports were prepared by Dr. Kelkar and Dr. Raghavan. The U.S. de-designated Dr. Raghavan as an expert with Dr. Kelkar sponsoring the initial and rebuttal reports. The U.S. agreed to redact those portions of the reports which are without foundation as a result of the de-designation of Dr. Raghavan.[3]

Drs. Raghavan and Kelkar used four methods to calculate average reservoir pressure. Dr. Raghavan did the work on three of the methods. Dr. Kelkar did the work independently for the Mead method.[4]

---

[2]  "Therefore, any conclusions drawn based on derivative analysis are unreliable."

[3]  Rec. doc. 11227 (Exhibit 2). Exhibit 2 is a June 21, 2013 email from the U.S. to the Court.

[4]  Rec. doc. 11227 (Exhibit 3 at 169-172). Exhibit 3 contains excerpts of the July 17-18, 2013 deposition of Dr. Kelkar.

BP contends that two sentences and a portion of Table 10 on page 28 of the initial report must be redacted because they refer to the other three methods. The U.S. responds that it will make the requested redaction on page 28. Rec. doc. 11229 at 8.

BP also contends that a sentence[5] on page 24 of the rebuttal report must be redacted. The U.S. offers to change the wording from "four methods" to "one method." This is an acceptable resolution. The U.S. shall change the wording. It is not required to redact the entire sentence.

D.      Material Responding to Dr. Torres-Verdin.

BP withdrew Dr. Torres-Verdin as an expert. The paragraph preceding page Table 4 on page 15 of the rebuttal report contained a reference to Dr. Torres-Verdin. The reference was removed from a sentence. The sentence now reads, "[i]n fact, as stated by Dr. Huffman in his expert report, BP's own seismic interpretation and the associated areal coverage of the reservoir is much more reasonable. . . ."

BP contends that because the sentence is directly responsive to Dr. Torres-Verdin's seismic analysis, the entirety of the sentence should be redacted. The U.S. responds that the reference to Dr. Huffman's conclusion that "BP's pre-drill analysis was reasonable is proper rebuttal. . . ." Rec. doc. 11229 at 8.

The U.S. shall redact "much more" from the sentence. It is not required to redact the remainder of the sentence.

---

[5] "We found four methods that do not depend on a rate schedule and these were considered in our initial report." Dr. Kelkar's June 10, 2013 Rebuttal Report at 23.

IT IS ORDERED that:

1. The motion of BP/Anadarko to redact report of Dr. Kelkar (Rec. doc. 11227) is GRANTED in PART and DENIED in PART as provided herein.

2. **Within two (2) calendar days of the entry of this order**, the U.S. shall submit the redacted report of Dr. Kelkar in conformity with this order; and

3. The deadline for an appeal of this order is **Wednesday, September 11, 2013.**

New Orleans, Louisiana this 9th day of September, 2013.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**

5