MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

September 5, 2013

WRITER'S DIRECT LINE
(213) 683-9232
(213) 683-4032 FAX
tamerlin.godley@mto.com

By Electronic Mail

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:  MDL 2179 – The Aligned Parties' Response to BP's Letter re Insufficiency of Aligned Parties' Redactions of Source Control Expert Reports

Dear Judge Shushan:

I am writing on behalf of the Aligned Parties in response to BP's letter requesting further redaction of the Aligned Parties' expert reports. For the reasons set forth below, the request should be denied.

As the Court is aware, the expert segment of Phase 2 discovery began with the identification of 15 source control experts, all of whom submitted reports and were deposed. As the case developed, it became clear to PSC and Transocean that they generally held similar positions in this Phase and these parties began discussions on how to coordinate their presentation of evidence. Out of those discussions, PSC, Transocean, Halliburton and the States (the "Aligned Parties") were ordered by the Court to coordinate their efforts and present an aligned case at trial. As part of that process, certain measures were implemented to further streamline the presentation of evidence. Ultimately the Court ordered, subject to the Aligned Parties' reserved objections, that each side—the Aligned Parties on the one hand and BP on the

21605530.1

MUNGER, TOLLES & OLSON LLP

September 5, 2013
Page 2

other—would have 15 hours each for openings, direct examinations and cross examinations and the opportunity to present just four experts.

For the convenience of the Court, the parties also said that they would redact their expert reports to cull out testimony no longer to be offered at trial and to avoid duplication, as memorialized in part of the Court's August 22, 2013 Order (Rec. Doc. 11087). Consistent with this, both sides have served redacted reports. BP, for its part, has largely redacted only the opinions in its reports that responded to Aligned Party experts that will not be called at trial. *See* Exhibits A-D hereto (the yellow highlighted text is the text redacted by BP). The Aligned Parties also redacted this type of content from their expert reports and went beyond that to excise testimony that they had determined with certainty would not be offered by the expert at trial. *See, e.g.,* Ziegler Report (redacting process safety opinions and reserving those for Bea). Nevertheless, BP wants to constrict the Aligned Parties' presentation of evidence even further through the redaction process. Given the "four corners" rule in this case, requiring further redactions is the equivalent of barring that testimony at trial without properly filing a motion *in limine*, which deadline has passed.

There is no basis for requiring further redactions by the Aligned Parties at this juncture. As a general matter, it is up to the parties themselves to decide strategically how they will present their case, including which experts present which opinions and in what order. As the Third Circuit has explained: "'it is the task of counsel, not the Court, to make the selection of materials most appropriate for introduction into evidence.'" *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3rd. Cir. 1995) (quoting *SCM Corp. v. Xerox Corp.*, 77 F.R.D. 10, 12-13 (D. Conn. 1997)); *see also Tabas v. Tabas*, 166 F.R.D. 10 (E.D. Pa. 1996) (same). Thus, while courts have the authority to impose reasonable time limitations, "they ordinarily should allow a party to fill its allotment with whatever evidence that party deems appropriate. . ." subject to the rules of evidence. *Duquesne*, 66 F.3d at 610. *See also Tabas*, 166 F.R.D. at 12-13 (court would not limit witness testimony or otherwise interfere with parties' trial strategy absent meritorious evidentiary objection; parties could apportion their allotted time as they saw fit). BP's requests for additional redaction/withdrawal of the testimony each expert can present at trial interferes with the Aligned Parties' ability to control their own side of the case.

The cases cited by BP also do not support their call for further redactions. *Leefe v. Air Logistics, Inc.*, 876 F. 2d 409 (5th Cir. 1989), involves the straightforward situation in which a single plaintiff sought to present multiple expert witnesses on the same issues invoking Rule 403 of the Federal Rules of Evidence. The trial court looked at the specific testimony that had been offered by the first expert witness *at trial* and then determined what testimony proffered by the second witness was cumulative and could not be offered. This case does not support preemptive redaction of reports prior to trial because they may touch upon similar subject matter in the hypothetical event that the testimony at trial could be duplicative. Instead, *Leefe* supports the Court's discretion to exclude cumulative testimony as the testimony proceeds at trial. Judge Barbier is perfectly capable of doing this as the trial proceeds as he has so acknowledged in at least one other case. *Harmeyer v. Dohm*, No.: 06-4220, 2007 U.S. Dist. LEXIS 92396, at *8-10 (E.D. La. Mar. 7, 2007) (Barbier, J.); *see also Adams v. Ameritech*

21605530.1

MUNGER, TOLLES & OLSON LLP

September 5, 2013
Page 3

*Servs., Inc.*, 231 F.3d 414, 428 (7th Cir. 2000) (the balancing process contemplated by Rule 403[1] "is best undertaken at the trial itself").

BP additionally cites *Lachute v. Ochsner Clinic Foundation*, Civil Action No. 11-2783, 2012 WL 5818149 (E.D. La. Nov. 15, 2012). In this case, the defendant filed a motion *in limine* to bar two experts from addressing what it claimed were the same four questions. Again, the court looked at the particular questions to be addressed and the specialty of the experts and determined that some of the testimony would be cumulative and other testimony would not. Judge Vance acknowledged that although the two medical experts may have had similar opinions, to the extent that they discussed discrete issues from different perspectives they could testify based on their differing expertise. 2012 U.S. Dist. LEXIS 163462, at *2-3. Again, this is a call that Judge Barbier can make at trial and nothing in this case suggests the parties should have to redact their expert *reports* so that they do not contain references to any similar material. *See also Williams v. MD Cowan, Inc.*, 2011 WL 4527361 (E.D. Ark. Sept. 29, 2011) (denying motion as premature where the plaintiff attempted to exclude testimony as cumulative based solely on the content of the expert reports, reasoning that "[o]verlap in the experts' reports does not necessarily mean that their testimony will be cumulative and thus perhaps inadmissible" and instructing the parties not to be duplicative *at trial*).

Nor is there a real threat of cumulative evidence here given the current structure of the trial—with the chess clock ticking, there is simply no incentive for the Aligned Parties to waste time by eliciting cumulative evidence. Complaints about hypothetical "undue delay," "wasted time" or that the experts' opinions may "overlap" are largely beside the point because the Court has already imposed strict time constraints, limited the number of witnesses, and judicially aligned multiple parties. There are many issues for the Aligned Parties to present as to BP's many failures and, with only 15 hours, there is no time to waste.

Further redaction is also not necessary to avoid meaningful duplication in the reports. Because the Aligned Parties' experts are all *source control* experts, it is not surprising that they touch on similar subject matter in their reports. BP has cherry-picked various testimony to reinforce these similarities (citing ostensibly like references to preparation, Top Kill, capping devices, etc.). The Aligned Parties could do the same for BP's experts. *See, e.g.*, Adams at 16-23 (discussing capping stacks) and Carden at 17-21 (same); Adams at 15 (addressing concern about well integrity) and Gibson at 11-46 (same); Gibson at 47 (opining that BP was adequately prepared for a blowout) and Carden at 7-12 (same). Likewise, many of the statements BP complains of are foundational statements that support the remainder of the expert's opinions. Ultimately, however, each expert's opinion is based upon that expert's own areas of expertise,

---

[1] The cases BP cites rely solely upon Federal Rule of Evidence 403. Rule 403 states that the Court may exclude relevant evidence if the probative value is "substantially" outweighed by "needlessly presenting cumulative evidence." Fed R. Evid. 403. To the extent Rule 403 is concerned with "wasting time" this application of the rule has little application to a case presented under strict time limitations.

MUNGER, TOLLES & OLSON LLP

September 5, 2013
Page 4

and the critical opinions to be offered by each expert are not a mystery. BP does not need further redactions to understand the nature of the expert opinion testimony to be offered at trial.[2]

Finally, BP complains that it will be unfairly prejudiced if the reports are not further redacted because of the short time frame for the trial and its purported inability to adequately cross-examine the opinions in the report even if they are not offered at trial. BP Letter at 2. But, each side is subject to the same time constraints and will be limited by those time constraints in its topics for direct and cross-examinations. This is as true for the Aligned Parties' direct examinations of its expert witnesses as it is for BP's cross-examinations of those witnesses (and vice versa). The 15-hour chess clock will require all parties to choose their topics carefully and will mean some topics do not get explored. Moreover, even if BP does not cross-examine a particular witness on a particular topic, BP has analysis in its own expert reports intended to rebut all of the opinions that it claims it wants redacted, eliminating any prejudice from these reports coming before the Court. In fact, the real prejudice is to the Aligned Parties if further redactions are required. To the extent the Court's rulings from Phase 1 are applicable on this issue to Phase 2 (with the exception for Perkin's redactions prior to his deposition already decided by this Court), BP will be allowed to cross-examine the Aligned Parties' expert witnesses at trial on the full breadth of their reports, regardless of redactions. Requiring the Aligned Parties to unnecessarily restrict the evidence available to them to present at trial, while preserving BP's opportunity to discuss that same evidence through cross-examination, does not promote fundamental fairness in what is an already streamlined proceeding.

BP has consistently argued for less evidence before the court (*e.g.*, limitation on number of expert witnesses, limitation on deposition bundles, etc.). This is not surprising given the negative evidence to be presented against BP in this Phase and BP's inclination to suppress it. However, BP should not be able to use the redaction process to even further constrict the flow of evidence before the Court or to obtain a tactical advantage by forcing the Aligned Parties to unnecessarily limit the evidence available to them to present at trial. The tight time frames and the Court's ability to bar duplicative testimony during the trial are more than sufficient to address any cumulative evidence concerns.

---

[2] Requiring the Aligned Parties to make additional redactions is also improper at this juncture given the pending *Daubert* and Motions *In Limine* before the Court that could have an impact on the testimony to be provided by the various experts. It would be detrimental to the Aligned Parties to redact further when those motions remain undecided.

21605530.1

MUNGER, TOLLES & OLSON LLP

September 5, 2013
Page 5

Accordingly, the Aligned Parties respectfully request that BP's request for further redactions be denied.

Very truly yours,

*Tamerlin J. Godley*

Tamerlin J. Godley

TJG:clt

21605530.1