UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | : | MDL NO.  2179 |
| "Deepwater Horizon" in the Gulf | : | |
| of Mexico, on April 20, 2010 | : | SECTION:  J |
| | : | |
| This Document Relates to: | : | JUDGE BARBIER |
| | : | |
| *Civ. No.* 10-4536 | : | MAG. JUDGE SHUSHAN |

. .  . .  . .   . .  . .  . .   . .  . .  . .   . .  . .  . .   . .  . .  . .   . .  . .  . .   . .  . .  . . . . . .

**REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO PRECLUDE
SURREBUTTAL EXPERT OPINION**

Fully aware of the "four corners" rule, BP argued for and won the established order of expert exchanges in this phase of litigation:  the United States made its initial disclosure, BP responded, and the United States rebutted.  BP also argued for and won severe limitations on the rebuttal testimony that the United States could proffer.  Apparently unsatisfied with its own victories, BP now seeks to offer surrebuttal expert opinions that admittedly were not disclosed in its expert reports.  In the interests of fairness and consistency with this Court's prior rulings, BP's attempt to have its cake and eat it too must be denied.

**ARGUMENT**

BP's arguments in support of its right to submit surrebuttal opinions boil down to arguments that the United States' rebuttal reports were not proper rebuttal.  Of course, BP has already filed its motions arguing that the testimony of Drs. Zick and Huffman are improper rebuttal and the Court has made its ruling.  *See* Rec. Doc. 10477 at 4-5, 9-10.  BP prevailed in part, but what remains of Drs. Zick's and Huffman's testimony has already been adjudged proper rebuttal.  The United States' proper rebuttal opinions are not an excuse for BP to violate the Court's express prohibition on surrebuttal reports.  *See* Rec. Doc. 11060-12 at 4.

1

BP also suggests that the testimony that the United States seeks to exclude does not constitute new opinions but is rather "explanation" of opinions presented in BP's original expert reports. BP's claim is belied by the testimony of the experts. Dr. Zimmerman was asked directly whether his report summarized all of his *opinions* and he said "no." He went on to state that he had developed "new opinions" that he might testify to at trial. *See* Rec. Doc. 11060-3 at 3-4 of 13. Similarly, Dr. Whitson acknowledged that he had performed additional calculations and analyses that he intended to proffer at trial. *See* Rec. Doc. 11060-11. Therefore, what BP seeks to admit are new *opinions*, not simply explanations of previously disclosed opinions.

It would be both prejudicial and unfair to hold the United States strictly to the rules of rebuttal and yet allow BP's experts to develop new opinions after the deadline for disclosure. It is that very unfairness that this Court's long-standing and consistently enforced "four-corners" rule is meant to preclude.

BP's argument that it would be unfair to hold otherwise is premised entirely on its allegation that the United States has "wholesale with[eld] scientific opinions on a central issue . . . ." Rec. Doc. 11224 at 13. To the contrary, this Court has already held that the testimony that the United States will present at trial was proper rebuttal. That which the Court (rightly or wrongly) struck as improper rebuttal cannot be used as an excuse for BP to proffer *new* and *undisclosed* opinions in violation of the four corners rule.

BP also argues that this Court's ruling that the United States' case-in-chief experts must offer their rebuttal opinions at the same time they offer their initial opinions allows it to proffer surrebuttal opinions. This procedural ruling, however, does not alter the four corners rule nor does it alter the Court's express prohibition on surrebuttal. Indeed this ruling makes the instant motion by the United States all the more relevant and critical.

2

BP's final argument – that to exclude these new opinions would undermine the truth-seeking function of this Court – is again a recasting of its claim that the United States has exceeded the limits of proper rebuttal. The rebuttal testimony of Drs. Zick and Huffman has already been determined to be proper rebuttal. Properly offered rebuttal testimony does not violate the truth-seeking function of the Court. Rather, such rebuttal testimony enhances that function by providing a clear response to BP's disclosures and completing the record.[1]

BP's citation to *Simon v. Epps*, 463 Fed. App'x 339, 347 (5th Cir. 12012), is unavailing. In that case, the defendant was appealing a *habeus corpus* proceeding in which the court "allowed the State to present expert evaluations while Simon was prevented from presenting countervailing expert evaluations." The defendant was prevented from offering *any* expert opinion or argument upon the State's expert testimony. By contrast, BP here had the opportunity to review the United States' expert reports and provide its countervailing expert testimony. Requiring BP to live with its choices regarding expert disclosure will not undermine the Court's truth-seeking function. Rather, such a requirement is the only fair ruling on this issue.

## CONCLUSION

BP has already fought and won what it could of its claim that the United States' experts Drs. Zick and Huffman are offering improper rebuttal opinion. It cannot now argue that the remaining testimony is an excuse for it to be allowed to offer what no other party has been allowed to offer – expert testimony beyond the four corners of the experts' reports. For that reason, the United States' motion should be granted.

---

[1] Notably, in Phase One BP itself served rebuttal reports that included new calculations and analyses. For instance, Dr. Bourgoyne performed new calculations, while Mr. Colson did a new log analysis of the M56A and M57B sands. No party argued that these new calculations or analysis in rebuttal opened the door to surrebuttal – such an argument would have violated the four corners rule just as much as BP's argument here does.

                                                                                Respectfully submitted,

| | |
|---|---|
| BRIAN HAUCK<br>Deputy Assistant Attorney General<br>Civil Division | ROBERT G. DREHER<br>Acting Assistant Attorney General<br>Environment & Natural Resources Division |
| PETER FROST<br>Directory, Torts Branch, Civil Division<br>Admiralty and Aviation<br>STEPHEN G. FLYNN<br>Assistant Director<br>MICHELLE DELEMARRE<br>SHARON SHUTLER<br>JESSICA SULLIVAN<br>JESSICA MCCLELLAN<br>MALINDA LAWRENCE<br>Trial Attorneys | SARAH HIMMELHOCH<br>Senior Litigation Counsel<br>NANCY FLICKINGER<br>SCOTT CERNICH<br>RICHARD GLADSTEIN<br>THOMAS BENSON<br>Senior Attorneys<br>A. NATHANIEL CHAKERES<br>ANNA CROSS<br>BETHANY ENGEL<br>JUDY HARVEY<br>RACHEL KING<br>ERICA PENCAK<br>Trial Attorneys |
| | /s/ Sarah Himmelhoch |
| R. MICHAEL UNDERHILL, T.A.<br>Attorney in Charge, West Coast Office<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>7-5395 Federal Bldg., Box 36028<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3463<br>Telephone: 415-436-6648<br>Facsimile: 415-436-6632<br>E-mail: mike.underhill@usdoj.gov | STEVEN O'ROURKE<br>Senior Attorney<br>Environmental Enforcement Section<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044<br>Telephone: 202-514-2779<br>Facsimile: 202-514-2583<br>E-mail: steve.o'rourke@usdoj.gov<br><br>DANA J. BOENTE<br>United States Attorney<br>Eastern District of Louisiana<br><br>SHARON D. SMITH<br>Assistant United States Attorney<br>Eastern District of Louisiana<br>650 Poydras Street, Suite 1600<br>New Orleans, LA 70130<br>Telephone: (504) 680-3000<br>Facsimile: (504) 680-3184<br>E-mail: sharon.d.smith@usdoj.gov |

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12.

    Dated:  September 10, 2013

    */s/ Sarah Himmelhoch*