UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deep Water Horizon" in the Gulf of Mexico, on April 20, 2010 | * | CIVIL CASE NO: 2179 |
| | * | SECTION: "J" (1) |
| This Document Applies to: | | |
| No 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production, Inc., et al. | * | JUDGE CARL BARBIER |
| | * | MAG. JUDGE SALLY SUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION TO LIFT HOLD ON CLAIMS BY CLAIMANTS REPRESENTED BY ANDRY LERNER AND FOR THE APPOINTMENT OF A LIMITED RECEIVERSHIP AND MOTION FOR EXPEDITED HEARING**

On July 18, 2013, Andry Lerner, LLC, moved this Court for an Order lifting the Stay on the Andry Lerner Clients' Claims Processing. [Rec. Doc. 10778]. A redacted version of that motion was filed shortly thereafter. [Rec. Doc. 10887]. In that motion, Andry Lerner asked this Court to lift the stay on the clients' claims processing because they had not been afforded the Constitutional due process protections of notice and opportunity to be heard prior to the time their claims were stayed. The record indicates that this Court denied this Motion on July 29, 2013. [Rec. Doc. 10886].

Andry Lerner subsequently filed its Second Motion to lift the stay of Andry Lerner's Client Claims Processing and for an Expedited Hearing [Rec. Doc. 11022]. In that motion, Andry Lerner again asked this Court to lift the hold that it had placed on the claims of claimants represented by Andry Lerner with the exception of Client A. In the Memorandum in Support, Andry Lerner noted that there was still no due process protections afforded and/or provided to the Andry Lerner clients and there were no facts alleged that any claim was improperly

augmented. Andry Lerner asked that the Court expedite the claims that had been held, in whole or in part, so that the clients' interests and claims would be promptly addressed. Andry Lerner specifically noted that there were pending eligibility notices claims for clients represented by Andry Lerner totaling approximately $3,000,000.00. These claims were due and payable pursuant to the rubric of the settlement and the clients were entitled to immediate payment. This Motion was never set for hearing and never ruled upon by this Court.

On September 6, 2013, the Special Master appointed by this Court issued his Report and Recommendations wherein he concluded that, inter alia, Jonathan Andry, Glen Lerner, and/or Andry Lerner purportedly corrupted the settlement process in an effort to expedite the claims of their clients. While Andry Lerner strenuously denies the Special Master's findings in all regards, it is concerned that its clients are being unnecessarily and improperly affected by the Courts continued hold on all of its claims. The interest of Andry Lerner's clients is, and has always has been of paramount importance to Andry Lerner and staff employees. Andry Lerner's clients have been deprived of their property since June 18, 2013, without even the semblance of due process. This is in violation of established case law as briefed in both Motions to Lift Stay and such as, an expedited hearing should be grated. Similarly, Andry Lerner has been deprived of fees and recoupment of costs without substantive or procedural due process, also as briefed in the two previously filed Motions. Notwithstanding this deprivation, Andry Lerner suggests and agrees to have its fees and costs escrowed until such matter is resolved. However, deserving and innocent clients should not be forced to continue to wait for monies that are due and owing.

At this juncture this Court has set out a briefing schedule that provides for interested parties to file objections within 14 days of this Court's Order [Rec. Doc. 11288] and provides for the Special Master to respond within 7 days thereafter. Andry Lerner requests that this Court

move the Andry Lerner claims into a special receivership for a disbursement of the claims. To the extent that there is an issue raised by the Special Master's report concerning the payment of fees to Andry Lerner, Andry Lerner suggests that this Court could put the fees into an escrow account, pending a later determination by this Court.

Respectfully submitted,

By: /s/ James A. Cobb
James A. Cobb, Jr. (La. Bar No. 4213)
**Attorney & Counselor-at-Law**
900 Emerald Street
New Orleans, Louisiana   70124
Telephone:   (504) 289-7830
Telefax:   (504) 582-2310
E-mail:   *jimcobb@jimcobblaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on **September 10, 2013,** I served the foregoing *Motion* and supporting pleadings via e-mail to all counsel of record.

/s/ James A Cobb
James A. Cobb, Jr.