UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : | MDL No. 2179 SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | |
| | : | MAGISTRATE JUDGE |
| ………………………………………………….. | : | SHUSHAN |

**BP'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE GREGG PERKIN FROM OFFERING NEW AND UNTIMELY OPINIONS**

On August 19, 2013, BP filed a motion *in limine* to preclude Mr. Perkin from offering new, untimely disclosed opinions at trial. *See* Rec. Doc. 11062. Specifically, BP sought to preclude Mr. Perkin from offering opinions about: (1) the adequacy of the procedures in place to manage certain well integrity risks associated with elements of the Junk Shot procedure; (2) the adequacy of procedures in place to manage well integrity issues during ROV intervention efforts; and (3) his flow rate calculations and related opinions.

The Aligned Parties acknowledge that two of the three opinions — those relating to ROV intervention and Mr. Perkin's flow rate calculations — fall outside the "four corners" of Mr. Perkin's reports, a fatal admission. With regard to the third opinion — concerning the adequacy of risk mitigation during the Junk Shot procedure — the Aligned Parties cannot deny Mr. Perkin's own express admission that this opinion is not contained in either of his reports.

Highlighting its weak position, the Aligned Parties' primary argument is that a ruling on the admissibility of Mr. Perkin's new opinions should be deferred until trial. That argument falls flat. Addressing this issue now, especially where Mr. Perkin has expressed intent to offer them

at trial, best serves trial efficiency and avoids prejudice to BP by having to prepare for Mr. Perkin's untimely and improper opinions.

**I.   The Aligned Parties Concede that Two of the Three Opinions at Issue Fall Outside the "Four Corners" of His Reports.**

The Aligned Parties admit that Mr. Perkin's late-disclosed opinions concerning ROV intervention efforts and his flow rate calculations are outside the "four corners" of his reports, and they agree not to offer them at trial. *See* A.P. Opp. at 4, 6 (Rec. Doc. 11202). In light of these concessions, there is no dispute that Mr. Perkin should be precluded from offering these opinions at trial. *See* 4/2/13 Trial Tr. at 6887 (precluding an expert from offering at trial opinions outside of his reports).

The only point of contention between BP and the Aligned Parties relates to the timing of BP's objections. The Aligned Parties wrongly assert that BP's motion *in limine* is premature and that the proper procedure is for BP to timely object during trial if the Aligned Parties attempt to elicit these previously undisclosed opinions. *See* A.P. Opp. at 4, 6. This contention disregards the very purpose of motions *in limine*: they streamline the presentation of evidence at trial by adjudicating foreseeable evidentiary disputes in advance. *Martin v. Lee*, 378 Fed. Appx. 393, 395 (5th Cir. 2010) (per curiam) (upholding broad discretion for trial courts in establishing pretrial procedures as viable mechanisms of court efficiency) (citing *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)); *U.S. v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (holding that "[m]otions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.") Here, where Mr. Perkin testified that he ***intends*** to offer opinions concerning ROV intervention and well integrity and reserved the right to offer his flow

2

rate calculations at trial, BP's motion is ripe for adjudication.  *See* Perkin Dep. at 11:10-12:2, 14:23-17:2 (attached as Exhibit A).[1]

Further, given the Aligned Parties' agreement not to elicit the opinions, there is no prejudice in granting BP's motion.

## II.     Mr. Perkin's Opinion Concerning Well Integrity and the Junk Shot Procedure Was Not Previously Disclosed And Is Properly Subject to Exclusion.

In its motion *in limine*, BP moved to preclude Mr. Perkin from opining that there were not adequate procedures in place to manage certain well integrity risks associated with elements of the Junk Shot procedure.  *See* A.P. Opp. at 2.  There is a compelling basis to grant this request: Mr. Perkin conceded that this opinion falls outside the "four corners" of both his opening and rebuttal reports.  *See* Perkin Dep. at 14:23-18:11 (disclosing this new opinion when asked whether "there [are] any opinions that you intend to offer relating to Phase 2 that are not included in Exhibits 11464 and 11465 [Perkin's opening and rebuttal reports]" and explaining why his opinion was "not included in [his] Expert Reports").

Despite Mr. Perkin's admissions, the Aligned Parties contend that his reports do, in fact, disclose the opinion at issue.  In support, the Aligned Parties point to inconclusive deposition testimony (*i.e.*, testifying that his reports mention the burst disks) and Mr. Perkin's general discussion of Top Kill in his opening report.  *See* A.P. Opp. at 3.  These arguments are unavailing.  The fact remains that Mr. Perkin's expert reports do not disclose the opinion at issue, namely that BP allegedly did not have a procedure in place to mitigate a pressure spike in the event that Junk Shot plugged or sealed off the well.  *See* Perkin Dep. at 14:23-16:16.  For this reason, BP respectfully requests that the Court grant BP's motion.

---

[1]     Indeed, the Court granted a motion under nearly identical circumstances during Phase 1.  Order at 3, MDL No. 2179 (Feb. 22, 2012) (Rec. Doc. 5808) (granting Cameron's motion *in limine* to preclude Mr. Perkin from offering previously undisclosed opinions at the Phase 1 trial).

Dated: September 10, 2013 /s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production Inc.
& BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

                                                      /s/  Don K. Haycraft__