UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| ……………………………………………... | : | SHUSHAN |

**BP'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE NON-FACTUAL FACT WITNESS TESTIMONY FROM PHASE 1**

The Aligned Parties' response does not meaningfully oppose part of the relief BP seeks. As for the remainder of the requested relief, the Aligned Parties rely on inapplicable exceptions to the general rule that asking hypothetical questions of a fact witness is improper.

The focus of BP's motion is to have the Court's Phase 1 order regarding non-factual fact witness testimony apply in Phase 2. Rec. Doc. 5492 (the "Phase 1 Order"). In the Phase 1 Order, the Court reviewed deposition testimony from Randy Ezell and for "purposes of guidance at the trial as to the scope of examination for the witnesses to be presented live," held that numerous questions and answers in the deposition were improper. *Id.* at 2. The Aligned Parties do not provide any reason why the Court's guidance should not apply to Phase 2. Accordingly, BP's respectfully requests that the Phase 1 Order's guidance on the scope of proper questioning apply to Phase 2 just as it applied in Phase 1.

The Aligned Parties do take issue with the particular examples BP cites of improper Phase 2 testimony. Specifically, the Aligned Parties claim that hypothetical questioning is permissible under the present circumstances. As explained below, these arguments lack merit.

The general rule is that asking fact witnesses hypothetical questions is improper. *See United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) ("[T]he ability to answer

hypothetical questions is the essential difference between expert and lay witnesses."); *White v. Walker*, 950 F.2d 972, 979 (5th Cir. 1991) (holding that district court properly excluded deposition testimony consisting of "a series of hypothetical questions, not one of which called for an answer 'rationally based on the perception of the witness'").[1] Indeed, the Aligned Parties attempt to gloss how the Phase 1 Order applied to and excluded hypothetical questions. Specifically, in Phase 1 the PSC asked Mr. Ezell *if* BP had run a cement bond log and *if* BP had found channeling, then in Mr. Ezell's experience could BP have remediated that channeling. Rec. Doc. 5110-1 at 8. The Court held that this hypothetical questioning was improper. Order at 2 (stating that the questions and answers on page 185 at lines 11-19 of Mr. Ezell's deposition were improper); Rec. Doc. 5110-1 at 8.

The Aligned Parties attempt to fit the examples of their improper Phase 2 hypothetical questioning into a narrow exception to the general rule, but this attempt fails. Lay witnesses can answer hypothetical questions based on their personal experience in conducting routine and repeated tasks that do not require specialized knowledge. This is the reasoning behind allowing

---

[1] *See also Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993) ("Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses—i.e., testimony not based upon the witness's perception—is generally considered inadmissible."); *United States v. Minor*, 459 F.2d 103, 106 (5th Cir. 1972) ("This does not mean that hypothetical questions may be postulated to a lay witness as is the case with an expert. The court did not err in refusing to permit defense counsel to address such questions … ."); *Certain Underwriters at Lloyds, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (explaining that "Unlike a lay witness under Rule 701, an expert can answer hypothetical questions and offer opinions not based on first-hand knowledge because his opinions presumably 'will have a reliable basis in the knowledge and experience of his discipline'" and reversing district court ruling "where much of [a lay witness's] testimony was in the form of responses to hypothetical or like questions that required specialized knowledge to answer"); *Wilburn v. Maritrans GP Inc.*, 139 F.3d 350, 356 (3d Cir. 1998) ("The essential difference between Rule 701 and 702 testimony is that a qualified expert may answer hypothetical questions.") (internal modifications omitted); *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1202 n. 16 (3d Cir. 1995) ("[T]he opinion of a lay witness must be based on his or her personal firsthand perception, while an expert may opine in response to hypothetical questions."); *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 404 (3d Cir. 1980) ("Testifying as a layman, Zeitz would be more restricted than if he were proffering opinion evidence as an expert. The essential difference, however, is that a qualified expert may answer hypothetical questions.").

a CFO to testify about his business's lost profits based on financial statements that he regularly prepares, allowing experienced loan officers to answer questions about how they would process ordinary loan applications, and so forth. Rec. Doc. 11206 at 7-8. Indeed, testimony based on experience gained from such routine personal experiences is not properly considered hypothetical. *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 404 (3d Cir. 1980).

But such circumstances are far removed from the facts of the *Deepwater Horizon* oil spill. Analyzing how to stop a one-of-a-kind oil spill is a far cry from processing routine transactions. No one involved could say the effort to halt the *Deepwater Horizon* spill was some kind of everyday task that the witness had personal knowledge of repeatedly conducting. Because the oil spill was a unique, extraordinary event, fact witnesses by definition can have no personal knowledge regarding how they would "typically" react to such spills.

In addition, the Aligned Parties assert that BP's objections can be handled on a case-by-case basis. To be sure, BP will object as needed at trial and the Court can decide then whether witness testimony is improper. That said, this Court — as is typical before any trial — issued a number of rulings prior to Phase 1 to prohibit inappropriate testimony and give the parties guidance on proper questioning. There is no valid reason why the Court should not do the same prior to Phase 2.

BP respectfully requests that its motion *in limine* be granted and that the Court exclude all non-factual testimony by fact witnesses during the Phase 2 trial.

Dated:  September 10, 2013

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

                                                                                   /s/  Don K. Haycraft