UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions …………………………………………... | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO
BAR FACT OR OPINION TESTIMONY ON ISSUES OF LAW FROM PHASE II**

The Aligned Parties' response dodges the general point of BP's motion and advances meritless arguments regarding the specific examples of legal conclusion testimony cited by BP.

As an initial matter, BP seeks to have the Court's order holding that legal conclusions are not a proper subject for testimony, and providing guidance on several specific examples, apply to Phase 2 just as it applied to Phase 1. Rec. Doc. 5495 (the "Phase 1 Order"). The Aligned Parties do not provide any reason why the Order should not apply to Phase 2. They do not argue that legal conclusions are a proper subject for testimony or that the Court erred in providing guidance by excluding several examples of legal conclusion testimony in the Order. Therefore, BP's request that the Order apply to Phase 2 is not meaningfully opposed.

Unable to refute the general point of BP's motion, the Aligned Parties resort to questioning BP's specific examples. The Aligned Parties' arguments are doomed by their own admissions and the actual language of their experts' reports and testimony. In its initial Memorandum, BP cited several cases holding that an expert may testify to the "general background information of federal regulations" to provide the context of her opinion, but may not testify to ultimate legal conclusions. Rec. Doc. 11039-1 at 2. The Aligned Parties themselves admit that "[e]xperts are permitted to summarize and analyze facts that indicate a

party has complied (or not) with applicable regulations *so long as the testimony does not 'directly embrace the ultimate question' of whether the defendant violated the law."* Rec. Doc. 11205 at 3 (emphasis added).

The problem for the Aligned Defendants is that the testimony of Dr. Bea and Mr. Ziegler cited by BP embraces the ultimate legal question of whether BP violated the law. The Aligned Parties attempt to avoid exclusion of the cited testimony by claiming that the witnesses are testifying to "facts," but this claim cannot withstand scrutiny. What spill plans BP had in place or whether BP had designed a capping stack are questions of fact. Claiming that "BP had no plan designed to meet the regulatory requirement in 30 C.F.R. §254.5," as Dr. Bea does, or "BP failed to comply with various standards and regulations related to Source Control" and "BP was not a prudent and good and workmanlike oil and gas operator," as Mr. Ziegler does, is testifying to questions of law. Specifically, in such circumstances Dr. Bea and Mr. Ziegler are opining that BP's conduct does not meet an applicable legal standard.[1] Such legal conclusion testimony invades the province of the Court and should be excluded under the Phase 1 Order and applicable law.

Finally, the Aligned Parties' bare assertions that Dr. Bea's legal conclusions alleging that BP acted "willfully," "intentionally," and with "reckless disregard" are "generally" used for their lay meanings cannot make Dr. Bea's testimony admissible. Rec. Doc. 11205 at 4. As the Court previously held, phrases such as "reckless disregard" have "legal significance," Phase 1 Order at 2, and the same is true for words such as "willful" and "intentional." Indeed, the Court already

---

[1] The Aligned Parties attempt to distinguish Mr. Ziegler's legal conclusion that "BP was not a prudent and good and workmanlike oil and gas operator," Rec. Doc. 11205 at 4-5, but this is a legal conclusion just as much as claims that BP violated regulations or statutes. Although an expert may opine on facts regarding the standard of care, he cannot opine on the ultimate legal issue such as whether an operator met the legal standard of being prudent, good, and workmanlike. Rec. Doc. 11039-1 at 4-5.

has held that phrases such as "willful or intentional misconduct" and "reckless disregard" are legal conclusions and thus granted BP's Phase 1 motion *in limine* to exclude such testimony. Phase 1 Order at 1-2.

The Aligned Parties' claim that the Court should analyze the context of each conclusion only reinforces that the cited testimony consists of legal conclusions that should be excluded. The Aligned Party plaintiffs are bringing claims against BP where they allege that additional damages might be available if BP's conduct reaches the legal standards of "willful misconduct" or "gross negligence." Dr. Bea's conclusions use either the same language as those standards or language frequently used to characterize those standards, further confirming that he is offering legal opinions. Moreover, Dr. Bea's report contains legal opinions about whether BP satisfied federal regulations, again confirming that he is asserting legal conclusions against BP. In short, the context of the Dr. Bea's testimony is the same as in Phase 1, and as in Phase 1 the Court should exclude his legal conclusion testimony.

For these reasons and those explained in BP's initial Motion and Memorandum, BP respectfully requests that its motion *in limine* be granted and that the Court bar both fact and expert witnesses from offering testimony, either oral or written, constituting legal conclusions during the Phase 2 trial, and order that any such statements or testimony be redacted from any expert reports, depositions, or other documents.

Dated:  September 10, 2013

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

                                                              /s/ Don K. Haycraft