UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | Section J |
| | Honorable Carl J. Barbier |
| Relates to NO. 12-CV-968 | Magistrate Judge Shushan |

_____

### OBJECTORS' MOTION FOR RECONSIDERATION AND AMENDMENT OF ORDER SETTING APPEAL BOND AMOUNT

This motion presents important new evidence and information not available when objectors responded to the bond motion is presented below.

Federal Rule of Civil Procedure 54(b) provides that an order adjudicating fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Under Rule 54, a district court has "the inherent procedural power to reconsider, rescind, or modify an [interlocutory] order for cause seen by it to be sufficient." See Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. Unit A 1981).

This request is also similar to a FRCP Rule 59(e) motion, The Fifth Circuit has also recognized four grounds upon which a Rule 59(e) motion

may be granted: (1) to correct manifest errors of law or fact upon which a judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." (citations omitted) *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167 (5th Cir. 1990)

Class counsel and BP have now filed their responsive briefs and excerpts of record in the appeal of the medical settlement. (Fifth Cir Case no. 13-30221, Doc. 00512361229, 00512361425 and 00512361784)

The Fifth Circuit provides a form on their website for prevailing parties to calculate and submit to recover costs. The form even does the math calculations; that form is attached as Exhibit A. Page two contains Fifth Circuit Rule 39:

> 39.1 Taxable Rates. The cost of reproducing necessary copies of the brief, appendices, or record excerpts shall be taxed at a rate not higher than $0.15 per page, including cover, index, and internal pages, for any reproduction costs. The cost of the binding required by 5 CIR. R. 32.2.3that mandates that briefs must lie reasonably flat when open shall be a taxable cost but not limited to the foregoing rate. This rate is intended to approximate the current cost of the most economical acceptable method of reproduction generally available; and the clerk shall, at reasonable intervals, examine and review it to reflect current rates. Taxable costs will be authorized for up to 15 copies for a brief and 10 copies of an appendix or record excerpts, unless the clerk gives advance approval for additional copies.

2
MOTION FOR RECONSIDERATION                              MDL No. 2179

      39.2 Nonrecovery of Mailing and Commercial Delivery Service Costs. Mailing and commercial delivery fees incurred in transmitting briefs are not recoverable as taxable costs.

According to plaintiffs' certificate of service on page 68 all parties were served electronically; the same is true for BP at page 43. Fifth Cir Rule 31.1 requires submission of seven copies of briefs and 30.1.2 requires four copies of the appendix.

Plaintiffs' responsive brief is 69 pages. (Doc. 00512361229) BP's responsive brief is 45 pages. (Doc. 00512361425) The combined total brief pages are 114; seven copies would equal 798 pages.

Plaintiff's appendix is 148 pages. (Doc. 00512361784) Four copies would equal 592 pages.

Added together the total number of printed copies is 1390 pages and Rule 39 limits recover to $0.15 per page or $208.50. Add to that $5.00 a copy for binding the 18 volumes ($90.00) and an additional $0.10 per cover page ($1.80) the total combined Rule 39 recoveries for both plaintiffs and BP is **$300.30.**

A copy of ***Comparative Study of the Taxation of Costs in the Circuit Courts of Appeals Under Rule 39 of the Federal Rules of Appellate Procedure*** (April 2011) is attached as Exhibit B. A chart on p. 18 shows the

3
MOTION FOR RECONSIDERATION                                    MDL No. 2179

average recoverable costs in the Fifth Cir during the 2009-2010 study period to average less than $500 per case.

Attached as Exhibit C is a copy of *In Re: Navistar Diesel Engine Products Liability Litigation,* Case No. 11 C 2496, MDL No. 2223 (Northern District of Illinois, August 12, 2013). This opinion from another MDL case sets forth in succinct detail why excessive bond requests should be modified to reflect today's realities of electronic filing and service. Objectors urge the court to consider the reasoning of Judge Matthew Kennelly:

> Plaintiffs also ask the Court to impose a bond to cover taxable costs. Rule 7 unquestionably permits this. Plaintiffs ask the Court to set a bond in the amount of $25,000. They offer no support, however, for the proposition that taxable costs could amount to $25,000 or anything close to it. There is no reasonable possibility that the expense of preparing transcripts (likely just the preliminary approval and final approval hearings regarding the settlement), the expense of duplicating the record, the expense of duplicating the briefs, and the appellate filing fee will approach this amount. Rule 7 is not intended to authorize a court to impose a bond in order to deter or prevent an appeal. The Court will require plaintiffs to post a bond in the amount of $5,000, which is a much more reasonable estimate of the likely costs on appeal. *Id.* at 12.

Using actual evidence, objectors have shown that the potential recoverable costs are less than $500. Plaintiffs waited six and a half months

to request a bond, and presented no evidence to substantiate the $50,000 request.

Plaintiffs respectfully request reconsideration and modification of the bond amount to no more than $5,000.

Date:  September 10, 2013          Respectfully submitted,

By:   */s/ Joseph Darrell Palmer*
      Joseph Darrell Palmer
      Law Offices of Darrell Palmer PC
      603 N. Highway 101, Suite A
      Solana Beach, CA 92075
      Phone: (858) 792-5600
      Fax: (866) 583-8115
      darrell.palmer@palmerlegalteam.com
   *Attorney for Objectors Mike and Patricia*
   *Sturdivant, Susan Forsyth, and James H. Kirby IV*

## PROOF OF SERVICE

I certify that on the 10th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court using the court's ECF filing system effectuating service of such filing all registered attorneys .  And I also gave notice through the LexisNexis system.

<em>/s/ Joseph Darrell Palmer</em>