# EXHIBIT B

# Comparative Study of the Taxation of Costs
# in the Circuit Courts of Appeals
# Under Rule 39 of the Federal Rules of Appellate Procedure

Report to the Advisory Committee on Appellate Rules
of the Judicial Conference of the United States

Marie Leary

Federal Judicial Center

April 2011

This report was undertaken at the request of the Judicial Conference's Advisory Committee on Appellate Rules and is in furtherance of the Center's statutory mission to conduct and stimulate research and development for the improvement of judicial administration. The views expressed are those of the author and not necessarily those of the Federal Judicial Center.

## Table of Contents

I.      Introduction and Overview of the Report ..................................................................1

II.     Summary and Highlights of Findings ........................................................................2

III.    Implementation of Appellate Rule 39 in the Courts of Appeals............................6
        A.  Maximum Rates ..............................................................................................7
        B.  Maximum Number of Copies..........................................................................9
        C.  Reimbursable Costs .......................................................................................12
        D.  Additional Procedural Requirements for the Recovery of Costs ..................14

IV.     Results of the CM/ECF Search for Fed. R. App. P. 39 Costs and Identification of
        Average Costs Awards in the Circuit Courts of Appeals.......................................15
        A.   Description and Limitations of the CM/ECF Search.....................................15
        B.   Methods Used to Analyze Fed. R. App. P. 39 Costs Awards and Definition of
             "Outlier" Costs Awards.................................................................................16
        C.   Comparison of Costs Awarded in the Circuit Courts of Appeals ................17
        D.   Analysis of Outlier Costs Awards in the Courts of Appeals ........................23

V.      Procedural and Concluding Observations...............................................................27
        A.  Procedural Observations................................................................................27
        B.  Concluding Observations ..............................................................................30


Appendix ...............................................................................................................................31
    First Circuit Court of Appeals..............................................................................32
    Second Circuit Court of Appeals..........................................................................36
    Third Circuit Court of Appeals.............................................................................39
    Fourth Circuit Court of Appeals ..........................................................................45
    Fifth Circuit Court of Appeals..............................................................................50
    Sixth Circuit Court of Appeals .............................................................................55
    Seventh Circuit Court of Appeals .........................................................................60
    Eighth Circuit Court of Appeals ...........................................................................64
    Ninth Circuit Court of Appeals.............................................................................68
    Tenth Circuit Court of Appeals.............................................................................74
    Eleventh Circuit Court of Appeals........................................................................77
    District of Columbia Circuit Court of Appeals.....................................................82
    Federal Circuit Court of Appeals..........................................................................90

# I.     Introduction and Overview of the Report

At its Fall 2010 meeting, the Advisory Committee on Appellate Rules placed the practice of awarding costs under Rule 39 of the Federal Rule of Appellate Procedure [Fed. R. App. P. 39] on its study agenda in response to H.R. 5069, the "Fair Payment of Court Fees Act of 2010." Introduced in April 2010, H.R. 5069 proposed to amend Fed. R. App. P. 39 to require a waiver of court fees if the court determines that the interest of justice justifies such a waiver. In order to make this determination, H.R. 5069 proposes that the interest of justice includes "the establishment of constitutional or other important precedent."[1] H.R. 5069 was introduced by Representative Henry C. Johnson, Jr., following the Fourth Circuit's decision to tax costs totaling $16,510 against Albert Snyder after reversing the judgment in his favor against the Westboro Baptist Church for protesting near the funeral of Snyder's son, who died in Iraq.[2] H.R. 5069 was referred to the House Committee on the Judiciary, then referred to the Subcommittee on Courts and Competition Policy in June, 2010, but because no further action was taken before the 111th Session of Congress ended in December 2010, H.R. 5069 has expired subject to being reintroduced in the 112th Congress. The likelihood that Congress will take up this issue again may have increased in light of the Supreme Court's recent decision in *Snyder v. Phelps*, upholding the Fourth Circuit's judgment against Mr. Snyder and therefore reinstating the order requiring Mr. Snyder to pay the appellants $16, 510 in costs.[3]

Concerns raised about the taxation of costs by the Fourth Circuit following *Snyder v. Phelps*, the subsequent congressional proposal to amend Appellate Rule 39, and inquiries raised by Committee members as to whether the costs awards vary between the circuits led to the Committee's request that the Federal Judicial Center provide data in response to these inquiries. In order to identify inter-circuit differences in appellate costs awards under Fed. R. App. P. 39, the Center identified the unique framework of local rules and procedures implemented by each circuit for establishing costs awards, and identified in the courts of appeals' CM/ECF databases cases in which final costs appeared to have been awarded by the court.

Part II of this report presents a brief summary of the findings from our research, including the variations among the rules and procedures adopted by the circuits for taxing costs under Fed. R. App. P. 39 and highlights from the analyses of the costs awards identified by the CM/ECF search. Part III presents a comparison as to how the circuits have implemented Fed. R. App. P. 39. Part IV presents a comparative analysis of costs awards identified through our CM/ECF search. Part V offers some procedural and conclusory observations from our research. The Appendix contains individual profiles of each of the circuit courts of appeals, each of which consists of a summary reproduction of all of the rules, procedures, and forms adopted for taxing costs under Fed. R. App. P. 39, and a detailed analysis of the final costs awards identified in our docket search for that individual circuit. Because the maximum rates, maximum number of copies, filing

---

[1] H.R. 5069, 111th Cong. (2d Sess. 2010). H.R. 5069 also proposed to amend Civil Rule 68(d) regarding payment of costs after an offer is not accepted.

[2] *See Snyder v. Phelps*, 580 F.3d 206 (4th Cir. 2009), *cert. granted*, 130 S. Ct. 1737 (Mar. 8, 2010) (No. 09-751).

[3] *Snyder v. Phelps*, 2011 WL 709517 (U.S. March 2, 2011), *aff'g* 580 F.3d 206 (4th Cir. 2009) (ruling that noxious, highly offensive protests conducted outside solemn military funerals are protected by the First Amendment when the protests take place in public and address matters of public concern).

procedures, and methods for calculating costs are so varied among the circuits, an accurate inter-
pretation of these costs awards requires that they be analyzed within the unique parameters estab-
lished by each circuit.

## II.    Summary and Highlights of Findings

This section presents a brief summary of the findings, all of which are discussed more fully in
Parts III and IV of this report.

**Implementation of Appellate Rule 39[4]**

- Several variables affect the final dollar amount awarded for costs under Fed. R. App. P.
  39, including the costs of specific documents and fees that are recoverable, the rate per
  page, the number of copies of each document, and the calculation method used to arrive
  at the total amount requested. Because each circuit has adopted a unique combination of
  these variables, the average costs awarded under each of the four subprovisions of Fed.
  R. App. P. 39(a) differ across the circuits.

- Each circuit has adopted a maximum rate per page that a party can be reimbursed for
  copying the briefs, appendix, or record excerpts, ranging from a low of $0.08 per page to
  a high of $4.00 per page. The majority of the circuits (8) set their maximum rates at $0.10
  per page or $0.15 per page. In addition, several circuits will reimburse at higher rates per
  page for document covers, binding fees, color copies, or for using a particular method of
  reproduction. Sales tax, tabs, and fasteners are reimbursed at actual cost in some circuits.

- Each circuit has adopted a maximum number of copies of briefs and appendices for
  which a party is allowed to request reimbursement. Most circuits start with a set number
  of copies of briefs for which costs are recoverable, ranging from 7 to 16 copies, allowing
  for additional copies for each separately represented party or party served in the case.
  Other circuits establish a fixed number of briefs and their allowable copies range from a
  low of 6 to a high of 15 copies. Similarly, for appendices or record excerpts, some cir-
  cuits (3) have a fixed number recoverable ranging from 3 to 10 copies. The majority of
  circuits establish a maximum set number of copies of an appendix for which duplication
  costs are recoverable, ranging from a low of 2 to a high of 16 copies, which can be in-
  creased by the number of separately represented parties served in the case.

- The majority of appellate courts (10) will reimburse the $450 docketing fee when
  claimed as Fed. R. App. P. 39 costs. The Ninth, Eleventh, and Federal Circuits interpret

---

[4] Fed. R. App. P. 39(a) states that unless the law provides or the court orders otherwise: (1) if an appeal is dismissed,
costs are taxed against the appellant, unless the parties agree otherwise; (2) if a judgment is affirmed, costs are taxed
against the appellant; (3) if a judgment is reversed, costs are taxed against the appellee; (4) if a judgment is affirmed
in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

Fed. R. App. P. 39(e)(4) as requiring the eligible party to seek reimbursement of the docketing fee from the district court.

- Nine circuits have a standard form for requesting Fed. R. App. P. 39 costs, and seven of the circuits will reject a bill of costs for filing unless it is submitted on this standard form. Although variations exist in level of specificity, these forms require the filer to show that the costs they are requesting adhere to the circuit's standards for maximum rate per page and maximum copies reimbursable. Except in the Seventh and Eighth Circuits, parties must seek reimbursement for their actual printing costs incurred if these are less than what would be permissible under the maximum rate per page in that circuit.

## Results of Docket Search for Fed. R. App. P. 39 Costs Awards

- Except for the Federal Circuit, a CM/ECF search identified costs awards issued during calendar years 2009 and 2010 (extended to include appeals with costs awards through February 2011) in the circuit courts of appeals. The final numbers of costs awards identified in the Second and Eleventh Circuits were small because both circuits have only been live with CM/ECF since January 4, 2010, and their databases only include cases filed after their live date. The costs awarded in the Fifth Circuit during this period are underrepresented because only those costs awards in which the final dollar amount awarded was verifiable through the docket (30% of total costs awards issued) are included in our analysis of costs awards. Due to the large number of costs awards identified in the Ninth Circuit, only 26% of that circuit's awards during 2009-2010 are included in our analysis. In the Seventh Circuit, costs awarded in cases filed prior to its March 31, 2008, CM/ECF live date were not searchable and thus not included in the Seventh Circuit's final database of costs awards.

- Within these parameters, analysis of the costs awards identified in our docket search show that among the circuits included, the majority (65%) of all costs awards went to appellees under Fed. R. App. P. 39(a)(2) upon affirmance of the lower court's judgment. Awards upon dismissal under 39(a)(1) were the smallest group (2%), and costs awarded to the appellant upon reversal under 39(a)(3) (17%) were just slightly more frequent than court-ordered costs under 39(a)(4) when the final judgment was mixed, modified or vacated (16%).

- Although costs were awarded twice as frequently to appellees under Fed. R. App. P. 39(a)(1) and (a)(2), across all circuits average dollar amounts for costs awarded to appellants under Fed. R. App. P. 39(a)(3) and (a)(4) are higher than the average costs awarded to appellees. In fact, appellants received 82% of the costs awarded across the circuits pursuant to Fed. R. App. P. 39(a)(4). Leaving out the larger awards that were identified as outliers in several circuits, the data show that across all circuits average costs awarded to appellees under subsection 39(a)(1) ranged from $84.15 to $198.08 ($153.68 median av-

Case 2:10-md-02179-CJB-DPC   Document 11317-3   Filed 09/10/13   Page 7 of 95

*Federal Judicial Center*      *Comparative Study of FRAP 39 Costs for the Advisory Committee on Appellate Rules*      *April 2011*

erage award); under subsection 39(a)(2) average costs awarded to appellees ranged from $18.20 to $345.04 ($219.06 median average costs); under subsection (a)(3) average costs awarded to appellants ranged from $322.17 to $1,584.17 (median average costs $690.89); under subsection 39(a)(4) average costs awards to appellants ranged from $454.17 to $1,900.03 (median average costs award $807.50).

## Analysis of Outlier Awards

- The $16,510 in costs awarded to appellants by the Fourth Circuit in *Snyder* is one of the costs awards identified from our search as an "outlier" costs award, or a costs award greater than the range established by the majority of awards issued in a particular circuit under one of the subprovisions of Fed. R. App. P. 39(a)(1)-(4). We identified 32 awards as outliers from the 1,380 total costs awards included in our analysis. Eighty-eight percent of these larger than normal outlier awards (26 out of 32) were issued to the appellant under Fed. R. App. P. 39(a)(3) and 39(a)(4). Reimbursements for the costs of copying a large appendix or record excerpt made up the largest percentage of the total costs award—between over 80% and 96% of the total amount awarded for the majority of these outlier awards.

- The average page length of the appendix in these outlier awards was 3,605 pages and the average number of copies of the appendix reimbursed was 11. Outlier awards resulting from large appendix costs were found in circuits with high ($4.00) and low ($0.10) maximum rates per page and with low (2 plus copies) and high (11 plus copies) numbers of appendices reimbursable.

## The *Snyder* case and Taxation of Costs in the Fourth Circuit Court of Appeals

- The $16,510 fee for the appellants costs taxed against Mr. Snyder is an outlier in terms of dollar amount as well as the frequency with which such awards occurred. However, this dollar amount is much larger than the other outlier awards, which, with the exception of the Fourth Circuit, typically fall within the range of $2,000 and $6,000. Outlier awards in the Fourth Circuit ranged between $6,562 and $13,893. Excluding the outliers, average costs awards issued under Fed. R. App. P. 39(a)(3) ($1584.17) and 39(a)(4) ($1625.01) in the Fourth Circuit are significantly higher than average costs awarded in the other circuits. The $4.00 per page cap on recoverable costs is much higher than those maximum rates per page adopted by the other circuits, which range from $.08 to $.50 for normal copies.

- Under the Fourth Circuit's $4.00 per page cap, appellants in *Snyder* were permitted to recover their actual printing costs at $0.50 per page for 8 copies of their 3,840 page appendix plus costs of covers and binding totaling $15, 710.80 (95% of the total award). Under this $4.00 per page cap, prevailing parties in the Fourth Circuit could be reimbursed for

actual printing charges up to $3.99 per page which could result in very large awards against appellees in cases such as *Snyder* where appellants have filed a very large appendix.

- Viewed within this context the award in the *Snyder* case was a foreseeable result of and consistent with the implementation of Fed. R. App. P. 39 by the Fourth Circuit.

## Taxation of Costs in the Sixth Circuit Court of Appeals

- In 2009, the Sixth Circuit revised its rule for awarding costs to take into account the reduced number of copies of briefs and appendices required to be filed under their new rules governing electronic filing. Under the new rule, which applies to cases filed on or after June 1, 2008, a represented party in a non-death penalty case or in a case that does not involve complaints of attorney misconduct, who filed their brief and appendix electronically as required, is not entitled to recover costs for any copies of briefs and appendices unless the court ordered paper filing or the documents were filed under seal. Upon reversal or if awarded costs under Fed. R. App. P. 39(a)(4), appellants are limited to claiming reimbursement for their filing fee. Under former Sixth Circuit Rule 39(b), the parties were allowed to recover costs for seven copies of each brief plus two for each party served and six copies of the joint appendix plus one copy for each party served.

- Because of this rule change, we analyzed costs data from cases filed before June 1, 2008, separately from costs data obtained from those cases filed afterwards. Our analysis shows that for cases filed before June 1, 2008, there was a wide range of costs awarded by the Sixth Circuit under Fed. R. App. P. 39(a)(2), (a)(3) and (a)(4). Although there were only 11 costs awards issued in cases filed in that circuit after June 1, 2008, signaling in part a decrease in awards issued overall, there appears to also be a downward shift in the dollar amount of costs awarded (awards ranged from $18.20 to $470 under Fed. R. App. P. 39(a)(3) and 39(a)(4) on or after June 1, 2008, compared to $166.38 to $890.28 before that date). Except for one award of $18.20 to an appellee under 39(a)(2) for copying the response brief, the remaining 10 awards were to appellants under either 39(a)(3) or (a)(4). Four of the ten appellants were pro se prisoners (who probably lacked the capacity to file electronically). Apart from the $450 filing fee, amounts awarded for copying costs in these 10 cases were very small, ranging from $4.75 to $56.42.

## III.   Implementation of Appellate Rule 39 in the Courts of Appeals

Several variables affect the final dollar amount awarded for costs pursuant to Fed. R. App. P. 39, and each appellate court has adopted a unique combination of these variables. The result is that a typical or average costs award in any one circuit results from a different "formula" than is applied in any of the other circuits.

Appellate Rule 39[5] establishes that "unless the court orders otherwise," when an appeal is dismissed, or a judgment is affirmed or reversed, costs will normally be taxed in favor of the prevailing party. If the judgment is mixed (affirmed in part, reversed in part), modified, or vacated, the court will determine whether and to whom costs will be awarded. Appellate Rule 39 requires each court of appeals to establish by local rule a maximum rate for taxing the costs of reproducing copies of briefs, appendices, or records.[6] Appellate Rule 39 requires a party seeking reimbursement for costs to file an itemized and verified bill of costs with the clerk within 14 days after judgment has been entered.[7] The clerk is required to prepare and certify an itemized statement of costs that should be inserted in the mandate at the same time the mandate is issued or added to the mandate at a later time.[8] Appellate Rule 39 also makes clear that certain costs of the appeal are not reimbursable to a party otherwise entitled to costs under Rule 39, and a separate request must be made in order to recover these costs in the district court.[9]

The variables that affect the final dollar amount awarded in a particular circuit, when the prevailing party asks to be reimbursed for their costs on appeal, include the specific documents and fees that are recoverable, the rate permitted for copying each page, the number of copies of each document allowed to be claimed, and the calculation method the requesting party must use to arrive at the final amount requested. Every circuit court has adopted local rules to further implement Appellate Rule 39, and some have gone further to address the issue in internal operating procedures and/or by providing a standard bill of costs form to parties eligible to claim costs. The individual circuit profiles in the Appendix summarily reproduce the specific local rules, procedures and forms (if any) for implementing Rule 39 in each individual circuit. The presentation of these sources identifies their relationship to the establishment of maximum rates, maximum numbers of copies, and procedural requirements for claiming costs. These local rules, procedures, and forms define the individual variables in each circuit's unique formula for awarding costs under Fed. R. App. P. 39. A summary comparison of the various approaches currently adopted by the circuits to define each of these variables in the Fed. R. App. P. 39 costs equation is presented below.

---

[5] Fed. R. App. P. 39(a)(1)-(4).

[6] Fed. R. App. P. 39(c).

[7] Fed. R. App. P. 39(d).

[8] *Id.*

[9] Fed. R. App. P. 39(e). Items not taxable as costs under FRAP 39 include the preparation and transmission of the record, the reporter's transcript, premiums paid for a supersedes bond or other bond to preserve rights pending appeal, and the $5 fee for filling notice of appeal in the district court.

## A.     Maximum Rates

As required by Fed. R. App. P. 39(c), every circuit has adopted maximum rates chargeable per page for making copies of briefs, appendices, and record excerpts where applicable. Fed. R. App. P. 39(c) cautions that the "rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying." Except for the Seventh and Eighth Circuits, which allow for recovery at the maximum rates established per page regardless of actual costs, the other circuit rules tax the costs of reproducing copies at actual costs or at the maximum rates established, whichever is less. As shown in Table 1 below, maximum rates per page range from a low of $0.08 per page to a high of $4.00 per page, with the majority of circuits (8 circuits) setting their maximum rates at $0.10 per page or $0.15 per page. Two circuits have adopted different rates depending upon the manner of reproduction. The Eleventh Circuit allows $0.15 per copy for "in-house" copying and up to $0.25 per copy for commercial reproduction supported by receipts. The Third Circuit will reimburse up to $4 per page if reproduction is by offset or typography. Several circuits allow taxation at different rates for the costs of copying distinct parts of the brief, appendix, or record excerpt. As shown below in Table 1, seven circuits allow parties to recover the costs of copying the covers of briefs, appendices, or record excerpts at a higher rate, ranging from $0.20 per copy to $2.00 per copy. In addition, the District of Columbia allows a higher fee for color copies, and the Federal Circuit will allow a maximum of $6.00 per page for the table of page numbers of designated materials, the originals of briefs, and the table of contents for the appendix. Several circuits permit recovery for the costs of binding briefs, appendices, and record excerpts and establish maximum rates per copy ranging from $1.50 per copy to $4. Miscellaneous items such as fasteners are reimbursed up to a maximum rate and tabs at actual cost. Finally, sales tax, if charged for commercial printing, is explicitly recoverable at actual cost in three circuits.

### Table 1

| Circuit | Maximum Rates Established in the Courts of Appeals for Taxation of Costs under Federal Rule of Appellate Procedure 39 | | | | |
|---|---|---|---|---|---|
| | For copies of briefs, appendices, or record excerpts | For copies of covers of briefs, appendices, or record excerpts | For costs of binding for briefs, appendices, or record excerpts | Sales Tax Charged (if commercially copied) | Other Rates for Miscellaneous Items |
| **First** | $0.10 per page | $0.20 for front and back cover per copy | $3.50 per copy | Not Recoverable | N/A |
| **Second** | $0.20 per page | Not Recoverable | Not Recoverable | Not Recoverable | N/A |
| **Third** | $0.10 per page for photocopying (in house or commercial)<br><br>$4.00 per page for 20 copies or less for reproduction (by offset or typography) | $40 for 20 copies or less for photocopying (in house or commercial)<br><br>$50 for 20 copies or less for reproduction (by offset or typography) | $4.00 per copy for photocopying (in house or commercial)<br><br>$4.00 per copy for reproduction (by offset or typography) | Applicable Rate for both reproduction (by offset or typography)or photocopying (in house or commercial)<br><br>*Sales tax must be actually paid to a commercial photocopying service. | N/A |

| Circuit | Maximum Rates Established in the Courts of Appeals for Taxation of Costs under Federal Rule of Appellate Procedure 39 | | | | |
| --- | --- | --- | --- | --- | --- |
| | For copies of briefs, appendices, or record excerpts | For copies of covers of briefs, appendices, or record excerpts | For costs of binding for briefs, appendices, or record excerpts | Sales Tax Charged (if commercially copied) | Other Rates for Miscellaneous Items |
| **Fourth** | $4.00 per page of photographic reproduction of typed material | Not Recoverable[10] | Not Recoverable | Not Recoverable | N/A |
| **Fifth** | $0.15 per page | $0.25 per page | $1.50 per required spiral binding | Applicable rate if commercially printed | *Actual costs of required tabs to separate portions of record excerpts |
| **Sixth** (rates apply to cases filed before and after 6/1/08) | $0.25 per page including covers, index and table of authorities | Not Recoverable | Not Recoverable | Not Recoverable | N/A |
| **Seventh** | $0.10 per page  *includes costs of reproducing separate exhibits to appendices pursuant to FRAP 30(e) | $2.00 per copy | $2.00 per copy | Not Recoverable | N/A |
| **Eighth** | $0.15 per page  *Includes costs of copying a separate addenda to brief under 8th Cir. R. 28A(b)(2) | $2.00 per copy | $2.00 per copy | At applicable rate | N/A |
| **Ninth** | $0.10 per page | Not Recoverable | Not Recoverable | Not Recoverable | N/A |
| **Tenth** | $0.50 per page | Not Recoverable[11] | Not Recoverable | Not Recoverable | N/A |
| **Eleventh** | $0.15 per page for in-house reproduction  $0.25 per page for commercial reproduction  *includes costs for reproduction of statutes, rules, and regulations when set out in separate addenda to brief under FRAP 28(f) | Not Recoverable | Not Recoverable | Not Recoverable | N/A |
| **District of Columbia** (rates effective 5/13/02 to 11/1/10) | $0.07 per page for text, index and tabular matter  $1.02 per page for color matter | $0.20 per front cover  $0.11 per back cover | Not Recoverable | Not Recoverable | $2.28 for fasteners (per volume) |

[10] Although recovery of separate costs for covers, binding and sales tax is not permitted under Fourth Circuit policy, these costs were awarded as part of the requesting parties actual printing costs in several cases included in our analysis.

[11] Although separate recovery for costs of covers, binding and sales tax is not permitted according to the Tenth Circuit policy, and explicitly rejected in several cases, these costs were awarded as part of the requesting parties' actual printing costs in several cases included in our analysis.

| Circuit | Maximum Rates Established in the Courts of Appeals for Taxation of Costs under Federal Rule of Appellate Procedure 39 | | | | |
|---|---|---|---|---|---|
| | For copies of briefs, appendices, or record excerpts | For copies of covers of briefs, appendices, or record excerpts | For costs of binding for briefs, appendices, or record excerpts | Sales Tax Charged (if commercially copied) | Other Rates for Miscellaneous Items |
| **District of Columbia** (rates effective 11/1/10) | $0.10 per page for text, index and tabular matter<br><br>$0.51 per page for color matter | $0.57 per front cover<br><br>$0.49 per back cover | Not Recoverable | Not Recoverable | $2.28 for fasteners (per volume) |
| **Federal** | $0.08 per page for copying and collating<br><br>$6.00 per page for the table of page numbers of designated materials, the originals of briefs, and the table of contents for the appendix | $2.00 per copy | $2.00 per copy | Not Recoverable | N/A |

## B.      Maximum Number of Copies

Although Appellate Rule 39 only limits the number of copies taxable to those that are "necessary," most circuits have set a maximum number of briefs, appendices, and record excerpts for which the party can seek reimbursement by explicitly providing numerical limits in their local rule. Others have adopted an approach similar to Fed. R. App. P. 39 by providing that the court will only reimburse for a "necessary,"[12] "required,"[13] or "reasonable"[14] number of copies. In those circuits using the latter approach, the local rules establish that the number of briefs, appendices, or record excerpts the parties are required to file with the court serves as the de facto limit for the maximum number of copies taxable as costs. If the required number of copies for filing for briefs and appendices is not addressed in the circuits' rules or if these rules have not adopted different requirements for pro se filers, the default numerical requirements established in Federal Rules of Appellate Procedure 30(a)[15] and 31(b)[16] apply.

---

[12] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the following circuits: Second, Fourth and Tenth.

[13] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the following circuits: Ninth, Eleventh, and District of Columbia.

[14] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the Seventh Circuit.

[15] Fed. R. App. P. 30(a) (3) establishes that unless the court by local rule or by order in a particular case requires the filing or service of a different number, the appellant must file 10 copies of the appendix with the brief and must serve one copy on counsel for each party separately represented. An unrepresented party proceeding *in forma pauperis* must file 4 legible copies with the clerk, and one copy must be served on counsel for each separately represented party.

[16] Fed. R. App. P. 31(b) establishes that unless the court by local rule or by order in a particular case requires the filing or service of a different number, 25 copies of each brief must be filed with the clerk and 2 copies must be served on each unrepresented party and on counsel for each separately represented party. An unrepresented party proceeding *in forma pauperis* must file 4 legible copies with the clerk, and one copy must be served on each unrepresented party and on counsel for each separately represented party.

## Table 2

| Circuit | Maximum Copies of Briefs and Appendices Recoverable in the Courts of Appeals as Costs under Federal Rule of Appellate Procedure 39[17] | |
|---|---|---|
| | **Maximum Number of Briefs** | **Maximum Number of Appendices** |
| **First** | 9 copies of each brief <u>plus</u><br>• 1 for the filer <u>and</u><br>• 2 for each party required to be served with paper copies of the brief | 5 copies of each appendix <u>plus</u><br>• 1 for the filer <u>and</u><br>• 1 for each unrepresented party <u>and</u> each separately represented party |
| **Second** | 6 copies of each brief | 3 copies of each appendix |
| **Third** | 10 copies of each brief <u>plus</u><br>• 2 copies for each party separately represented<br><br>*20 copies maximum for reproduction (by offset or typography) | 4 copies of each appendix <u>plus</u><br>• 1 copy for each party separately represented<br><br>*20 copies maximum for reproduction (by offset or typography) |
| **Fourth** | 8 copies of the brief<br><br><br><br>*6 copies if filer was court appointed counsel*<br>*4 copies if filer was proceeding ifp and not represented by court-appointed counsel* | 6 copies of the appendix <u>plus</u><br>• 1 for each copy served on counsel for each party separately represented<br><br>*5 copies if filer was appointed counsel*<br>*4 copies if filer was proceeding ifp and not represented by court-appointed counsel* |
| **Fifth** | 15 copies of the brief | 10 copies of an appendix or record excerpts |
| **Sixth[18]**<br>(cases filed before 6/1/08) | 7 copies of each brief <u>plus</u><br>• 2 copies for each party required to be served | 6 copies of the joint appendix <u>plus</u><br>• 1 copy for each party required to be served |
| **Sixth[19]**<br>(cases filed on or after 6/1/08) | 0 copies <u>unless</u><br>the brief was filed by a party unrepresented by counsel, filed under seal or if the brief relates to complaints of attorney misconduct,<br>and then recovery permitted <u>only</u> for 2 copies of briefs for each party required to be served | 0 copies <u>unless</u><br>leave of court was granted to file a paper appendix or the case is a death penalty case,<br>and then recovery permitted for <u>only</u> 1 copy of appendix for each party required to be served |
| **Seventh[20]** | 15 copies of briefs, including if filed by appointed counsel | 10 copies of the appendix <u>plus</u><br>• 1 for each copy served on counsel for each party separately represented<br><br>*4 copies plus 1 for each copy served on counsel for each separately represented party if filer is an unrepresented party proceeding ifp* |
| **Eighth** | 10 copies of each brief or separate addenda <u>plus</u><br>• 1 copy for each party separately represented | 3 copies of each appendix <u>plus</u><br>• 1 copy for each party separately represented |
| **Ninth** | 9 copies <u>plus</u><br>• any copies required to be served | 5 copies of the excerpts of record <u>plus</u><br>• 1 copy for each party required to be served |

---

[17] The numbers in this table apply unless the court orders a greater number of briefs, appendices or record excerpts to be filed in a particular case. *See* Appendix, Summary of Materials Addressing FRAP 39 costs for each of the circuit courts.

[18] Former 6 CIR Rule 39 (b) is in effect only for cases filed before 6/1/08.

[19] Current 6 CIR. R. 39(b) establishes the number of briefs and appendices reimbursable only if the court allows a paper brief or paper appendix to be filed. The Sixth Circuit's filing requirements for briefs and appendices are found in 6 Cir. Rules 25 & 30 and apply unless the court orders otherwise. *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the Sixth Circuit.

[20] Brief numbers derived from the Seventh Circuit's filing requirements for briefs. Since Seventh Circuit Rule 30, which addresses requirements for appendices, makes no reference to the number of appendices required to be filed, the default rule for the required number of appendices established by Fed.R. App. P. 30(a)(3) is adopted.

| Circuit | Maximum Copies of Briefs and Appendices Recoverable in the Courts of Appeals as Costs under Federal Rule of Appellate Procedure 39[17] | |
|---|---|---|
| | **Maximum Number of Briefs** | **Maximum Number of Appendices** |
| **Tenth** | 7 copies of the brief | 2 copies of the appendix <u>plus</u><br>• 1 copy for each party to the appeal that was served |
| **Eleventh** | 7 copies of the brief <u>plus</u><br>• 2 copies for each party signing the brief <u>plus</u><br>• 1 copy for each copy served on counsel for each separately represented party<br><br>*4 copies of the brief if filer is pro se proceeding ifp* | 5 copies of record excerpts<br><br>*1 copy of record excerpts if filer is pro se proceeding ifp*<br>*0 copies of record excerpts if filer is incarcerated pro se party* |
| **District of Columbia** | 12 copies of briefs (includes 1 copy for original brief)<br><br>9 copies of initial briefs(8 if filed electronically) <u>and</u> 9 copies of final brief (includes 1 copy for original brief) if deferred appendix method is used<br><br>*1 copy of original brief if filer is unrepresented person proceeding ifp* | 11 (10 if filed electronically) copies of the appendix <u>plus</u><br>• 1 copy for each copy served on counsel for each separately represented party |
| **Federal Circuit** | 16 copies of briefs <u>plus</u><br>• 2 copies for each additional party <u>plus</u><br>• any copies required or allowed (e.g., confidential briefs) <u>plus</u><br>• 1copy for each copy of the table or physical compilation of the designated materials served on another party | 16 copies of appendices <u>plus</u><br>• 2 copies for each additional party <u>plus</u><br>• any copies required or allowed (e.g., confidential appendices) <u>plus</u><br>• any copy of the table or physical compilation of the designated materials served on another party |

## 1.    Maximum Number of Copies—Briefs

As Table 2 above shows, several circuits have definitive numerical limitations on briefs that apply to all appeals, with the maximum number of reimbursable copies of briefs ranging from a low of 6 to a high of 15.[21] Other circuits have adopted more flexible limitations on the number of copies recoverable such that the maximum number of reimbursable copies of briefs will vary with the particular circumstances of each appeal. In addition to reimbursing the costs of a set number of briefs, ranging from 7 to 16 copies, these more flexible rules also allow costs for copies for each party separately represented or required to be served, or for costs of additional copies that are required or allowed by the court in a particular case.[22]

## 2.    Maximum Number of Copies—Appendices

For appendices or record excerpts, only the Second Circuit (3 copies), the Fifth Circuit (10 copies), and the Eleventh Circuit (5 copies of record excerpts) have set a maximum number of copies for which costs can be recovered that applies to all appeals. The remaining circuits have a set number of appendices that can be claimed for reimbursement, ranging from a low of 2 to a high

---

[21] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the following circuits: Second (6 copies max), Tenth (7); Fourth (8) District of Columbia (12), Fifth (15), and Seventh (15).

[22] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the following circuits: First, Third, Eighth, Ninth, Eleventh, and the Federal Circuit.

of 16 copies,[23] but allow costs to be claimed for additional copies of appendices that are required or allowed by the court in particular cases.

### 3.      The Sixth Circuit's Revised Formula for Awarding Fed. R. App. P. 39 Costs

The Sixth Circuit's rule was intentionally not included in the previous comparison of circuit awards of recoverable costs because that circuit's rule has been revised to reflect changes in practices due to electronic filing. For cases filed after June 1, 2008, Sixth Circuit Rule 39(b)[24] allows an eligible party to seek reimbursement for briefs up to a maximum of two copies for each party that was required to be served, but *only* if the court allowed paper briefs to be filed in that particular appeal. Sixth Circuit Rule 25 requires that all documents submitted in cases filed on or after June 1, 2008, must be filed electronically, unless they fall within Rule 25(b)'s listing of 11 documents that must be filed in paper form. Exceptions are made for documents filed by *pro se* parties, documents filed under seal, and documents relating to complaints of attorney misconduct. Similarly, under Rule 39(b) an eligible party is allowed to recover costs for one copy of an appendix for each party that was required to be served, but *only* if the court allowed a paper appendix to be filed in that appeal. Sixth Circuit Rule 30 makes it clear that leave of court is required before a paper appendix can be filed, except for death penalty cases, which require five copies of a paper appendix to be filed. Thus, a represented party in a non-death penalty case or a case that does not involve complaints of attorney misconduct who filed the brief and appendix not under seal but electronically as required (unless the court ordered otherwise) is not entitled to recover costs for any copies of briefs and appendices.

Under former Sixth Circuit Rule 39(b), the parties were allowed to recover costs for 7 copies of each brief plus two copies for each party required to be served and 6 copies of the joint appendix plus one copy for each party required to be served. Because of this significant decrease in the number of briefs and appendices parties are permitted to recover as costs, costs data from cases filed before June 1, 2008 were analyzed separately from costs data collected from cases filed on or after June 1, 2008, to identify any differences in the size of costs awards and identity of the party requesting costs.[25]

## C.      Reimbursable Costs

Consistent with Fed. R. App. P. 39(c), all circuits recognize Fed. R. App. P. 39 costs to include costs for reproducing the textual pages of briefs, appendices, and record excerpts. However, there are differences among the circuits with respect to whether or not additional items or fees are recognized as reimbursable Fed. R. App. P. 39 costs. Several circuits permit eligible parties to claim reimbursement at higher rates per page for the binding of briefs, appendices, and record excerpts, and for reproducing the covers of these documents, copying material such as statutes and regulations and exhibits set out as a separate addenda to a brief or appendix, sales tax if

---

[23] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the following circuits: First, Third, Fourth, Seventh, Eighth, Ninth, Tenth, District of Columbia and the Federal Circuit.

[24] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the Sixth Circuit for relevant parts of Sixth Circuit Rules 39, 25 and 30.

[25] *See* Appendix, Analysis of Costs Awards for the Sixth Circuit showing separate analysis of costs awards in the Sixth Circuit.

commercially copied, and miscellaneous items such as fasteners and tabs. These items are considered by these circuits to be incidental to the costs of producing copies of briefs, appendices and record excerpts specifically permitted under Appellate Rule 39(c).

Appellate Rule 39(e) specifically states that certain costs incidental to an appeal must be settled at the district court level. However, in arriving at the final amount allowable for taxation from the original amount requested in a motion for costs, Clerks in all circuits have denied requests for, among other things, reimbursement for transcripts, postage, courier, UPS, and FedEx fees, attorney fees, travel expenses, online research fees, paralegal fees, bond costs, copying of documents/motions other than briefs, appendices or excerpts (e.g., costs for petitions for panel or en banc rehearings, or for initial en banc hearings), and the costs of research or preparing the record. Although the items mentioned above are clearly not permitted to be recovered as costs under Fed. R. App. P. 39 and were denied recovery in the majority of cases, the examination of numerous costs awards showed that these nonpermissable costs are sometimes mistakenly reimbursed as part of actual costs incurred when included in a long listing of charges on commercial printing receipts. For example, in one Fourth Circuit case, the $8,005.98 reimbursement of the appellant's actual printing costs under Fed. R. App. P. 39(a)(4) included $450 for consultation fees and $49.43 for FedEX/UPS fees. Other items mistakenly reimbursed in other cases include transcript fees and costs for copying miscellaneous documents or motions not part of briefs, appendices, or record excerpts.

Apart from costs associated with copying and printing, the only other item the majority of circuit courts will reimburse is the $450 docketing fee.[26] Although normally the docket fee is awarded to the appellant(s), the appellee(s) may recover a docket fee in their capacity of a cross-appellant(s). Ten appellate courts identify the docket fee as recoverable costs,[27] by either listing it as a recoverable item on their required Bill of Costs Form[28] and/or specifically including the courts of appeals' docket fee as a recoverable costs in their local rule or internal procedures,[29] or by informal policy.[30] Although weighted heavily in favor of awarding the docket fee as costs, there appears to be a split as to whether Appellate Rule 39(e) permits the docketing fee to be reimbursed in the courts of appeal. The Ninth, Eleventh and the Federal[31] Circuits have interpreted Appellate Rule 39(e)(4), which states that the "fee for filing the notice of appeal" must be recoverable from the district court, to include the $450 docketing fee as well as the $5 fee imposed by 28 U.S.C. §1917 for filing a notice of appeal in the district court. The majority of circuits interpret Appellate Rule 39(e)(4) as only requiring the eligible party to seek reimbursement for the $5

---

[26] The docket fee is imposed by the Judicial Conference of the United States under its delegated authority in 28 U.S.C. Section 1913. The fee is $450 for appeals filed after 4/9/06. If the notice of appeal or petition was filed before 4/9/06, the docketing fee is $250.

[27] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the following circuits: First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, District of Columbia.

[28] See Appendix, Bill of Cost Forms in the following circuits: First, Second, Third, Fourth, Fifth and District of Columbia.

[29] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the following circuits: Fourth, Fifth, Sixth, Seventh, Eighth, and District of Columbia.

[30] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the Tenth Circuit.

[31] See Appendix, Eleventh Circuit Form 23 Bill of Costs Instruction Sheet which states that: "[d]ocketing fees paid in a District Court . . . must be claimed in those courts."

Case 2:10-md-02179-CJB-DPC   Document 11317-3   Filed 09/10/13   Page 17 of 95

*Federal Judicial Center*        *Comparative Study of FRAP 39 Costs for the Advisory Committee on Appellate Rules*        *April 2011*

notice of appeal filing fee from the district court, and these courts frequently deny this $5 amount when requesting parties include it with their request for reimbursement of the $450 docketing fee.

## D.    Additional Procedural Requirements for the Recovery of Costs

The majority of the requirements for recovering costs included variously in the circuits' local rules, within internal operating procedures, practice guides or practitioner's handbooks, "frequently asked questions" provided by the clerk, or general orders are largely restatements of the procedural requirements provided under Appellate Rule 39(d) and (e). The most significant additional requirement imposed by the majority of circuits (7)[32] is that in order to be accepted for filing by the clerk, parties must submit their bill of costs on a standard form, usually made available on the court's website, in the Clerk's Office and/or provided to the eligible parties upon issuance of the final judgment. Two additional circuits[33] provide a bill of costs form but will accept a similar form as long as it is itemized and verified with attached receipts for actual printing charges incurred. These forms vary in the level of specificity required, ranging from the very basic listing of costs per item on the Second Circuit's Bill of Costs Form to the very detailed forms required by the District of Columbia and Federal Circuits. Although these forms vary in their appearance and format, most of the forms require the requesting party to perform a similar calculation to arrive at the total costs requested. In these instances the requesting party must calculate the total costs for each item (brief, reply brief, appendix, or record excerpt) by entering the actual number of copies made, pages per copy, actual costs per page incurred, and costs per binding and cover (if permitted and incurred). The rates and the number of copies claimed cannot exceed the maximums established by each circuit. The overall total costs requested is the sum of the totals calculated for the individual items in addition to the filing fee if applicable.

One notable variation is the calculation required by the Fourth Circuit in its Bill of Costs Form: first, counsel is required to list the amount of actual printing charges incurred and attach the itemized bills; second, counsel must calculate the Fourth Circuit Rule 39(a) cap on taxable printing costs by multiplying the number of pages for each formal brief and appendix (based on the page count in the docket entry) by $4.00 per page; and, finally, counsel must enter the lesser of these two amounts as the total printing charges claimed.[34] For example, in *Snyder v. Phelps*[35] the appellants submitted receipts showing $16,060.80 in actually incurred charges for printing copies of their brief, reply, and appendix. The appellants claimed reimbursement for 10 copies of their 32 page brief, 10 copies of their 31 page reply brief, and 8 copies of their 3,840 page appendix (total of 31, 350 pages). Under the Local Rule 39(a) cap at $4.00 per page, appellants had to claim the lesser of $125,400 or $16,060.80 as their printing costs.

The Federal Circuit has adopted a unique procedural practice that requires parties to calculate the bill of costs on the court-provided form, serve this form on each party, and file an original and

---

[32] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the following circuits: First, Second, Third, Ninth, Eleventh, District of Columbia, and Federal Circuit.
[33] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the following circuits: Fourth and Fifth.
[34] *See* Bill of Costs Form for the Fourth Circuit reproduced in the Appendix.
[35] *Snyder v. Phelps*, No. 08-1026 (4th Cir. Oct. 6, 2009).

three copies with the court.[36] However, the Federal Circuit's Bill of Costs Instruction Sheet appears to suggest that counsel should bypass the entire calculation process involved with submitting the required form and stipulate to costs between themselves. Specifically, the Instruction Sheet states that "[i]f costs have been agreed upon by the parties, insert "stipulated costs" and enter the total and grand total billed, and disregard all other items on the form."[37]

## IV.    Results of the CM/ECF Search for Fed. R. App. P. 39 Costs and Identification of Average Costs Awards in the Circuit Courts of Appeals

## A.    Description and Limitations of the CM/ECF Search

After comparing the substantive and procedural variations among the circuits as to how Fed. R. App. P. 39 costs are calculated and awarded, we conducted a search of the CM/ECF database of the 12 courts of appeals with live systems[38] to respond to the Committee's inquiry as to what were "typical" costs award amounts under each of the 4 provisions of Fed. R. App. P. 39(a). In order that our analysis of average costs award amounts represent the most recent practices in each circuit, our search of CM/ECF records was limited to appeals that reached final disposition either on the merits or through procedural terminations during calendar years 2009 and 2010, later updated to reflect awards issued through February 2011. We were also restricted by the fact that many of the circuits are new to CM/ECF, but a full two years' worth of records was searchable in all circuits,[39] except for the Second and Eleventh Circuits, both of which went live with CM/ECF on January 4, 2010. The search in the Second and Eleventh Circuits was further constricted by the fact that their databases only include cases filed after their live date; thus, cases filed earlier that January 4, 2010, were not included in the searchable cases. Therefore, the final numbers of costs awards for the Second and Eleventh Circuits were small[40] as we were only able to search cases that were filed after January 4, 2010, reached final disposition, and awarded costs up through February 2011.

We were unable to collect a complete data set of every dollar amount awarded as Fed. R. App. P. 39 costs in calendar years 2009 and 2010 in three other circuits, in addition to the Second and Eleventh Circuits. Only those costs awards in which the final amount awarded was verifiable through the docket are included in the database of awards from which our analyses were con-

---

[36] *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the Federal Circuit.

[37] *See* the Appendix for a copy of Form 23 Bill of Costs Instruction Sheet, Item (J) and Form 24. Bill of Costs Form for the Federal Circuit.

[38] As of March 2011, all circuits are live with their CM/ECF systems, except for the Federal Circuit. The Eighth Circuit went live in 2006; the Fourth, Sixth, and Tenth Circuits went live in 2007; the First, Third, Seventh, Ninth and DC Circuits went live in 2008; and the Fifth Circuit went live in 2009. Except for the Second, Seventh and Eleventh Circuits, all cases filed in a court after its "live date" along with any pending cases that had activity after the "live date" are included in its database. The Second, Seventh and Eleventh Circuit's databases include only cases filed after their "live date."

[39] Although the Fifth Circuit went live with CM/ECF on February 17, 2009, a full two years of records was searched because the search period was updated to extend through the end of February 2011.

[40] Six costs awards were identified in the Second Circuit, and 18 costs awards were identified in the Eleventh Circuit during our search period. *See* Appendix, Analysis of Costs Awards for the Second and Eleventh Circuits.

ducted. In the Fifth Circuit, seventy percent of the identified costs awards issued pursuant to each subsection of Fed. R. App. P. 39 were approved in the mandate without stating the amount of the award. The bill of costs is referenced as an attachment that was usually not accessible through the docket, therefore these approved costs awards (229 of 430 total awards) were not included in the Fifth Circuit's database of costs awards because the final amount awarded could not be verified.[41] The Ninth Circuit's database of costs awards is also not complete in that it does not include the dollar amount of every costs award issued under Fed. R. App. P. 39 in 2009 and 2010 because the large number of costs awards identified in the CM/ECF search in the Ninth Circuit prohibited inclusion of each award amount due to time constraints. Our search identified a total of 1,050 awards granted for calendar years 2009 and 2010, including final approvals issued in January and February of 2011. The Ninth Circuit's database of costs awards includes 26% of the total costs awards issued, or 272 of the 1,050 total awards.[42] Finally, since the Seventh Circuit does not convert their pending cases filed before their CM/ECF live date, our database of costs awards for the Seventh Circuit will not include awards issued in cases filed before March 31, 2008.

## B.    Methods Used to Analyze Fed. R. App. P. 39 Costs Awards and Definition of "Outlier" Costs Awards

A search of appeals in the CM/ECF database that reached final disposition during calendar years 2009 and 2010 (and updated through February 2011) produced a final database of costs awards for each circuit that consisted of verified dollar amounts approved by the court and included in the mandate. The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case. An example is the case of consolidated appeals in which the court may grant separate costs requests from two or more different prevailing parties. Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued. In each database, the costs awards were grouped according to the subdivision of Fed. R. App. P. 39(a) under which they were issued. Each subset of awards was analyzed separately. The full results of our analysis of costs awards for each circuit, for each of the four subsections of Appellate Rule 39(a), is presented in the individual circuit profiles in the Appendix. The analysis of costs awards issued pursuant to court order under Rule 39(a)(4) are presented in the aggregate, and then separately for costs awarded to the appellee(s) under Fed. R. App. P. 39(a)(4) and costs awarded to the appellant(s) under Fed. R. App. P. 39(a)(4).

For each subset of costs awards issued under Fed. R. App. P. 39(a)(1)-(4), we calculated the average and median costs awarded during the search period and identified the range of costs

---

[41] See Appendix, Analysis of Costs Awards for the Fifth Circuit which includes the number of awards issued under each section of FRAP 39(a) that were not included in the Fifth Circuit's final database of costs awards because the amount awarded could not be verified through the docket.

[42] *See* Appendix, Analysis of Costs Awards for the Ninth Circuit for a more detailed description of sampling method used to chose the costs awards included in our analysis of awards in the Ninth Circuit.

awards represented by the data.[43] For many of the circuits, we found it necessary to perform two calculations for the average and median and identify two ranges of costs awards: one including costs awards which we will call "outliers" and the other excluding these outliers. The term "outliers" is used in this context to describe an award that clearly fell outside the range established by the majority of the awards issued under one of the separately analyzed subsections of Fed. R. App. P. 39(a). However, identification of these "outlier" awards should not lead to the conclusion that these awards are not within the normal range for a particular circuit over a larger period of time than the short two-year period adopted for this study. For each circuit with one or more of these outlier awards, it was necessary to analyze the costs data in each subset of data without these outliers because these calculations much closer approximate the "typical" or average and median costs award and the range of costs established by the majority of awards within the time-frame of our study. These outlier awards are examined in greater detail later in this report.

## C.      Comparison of Costs Awarded in the Circuit Courts of Appeals

Table 3 below contains a between-circuit comparison of the distribution and average costs awarded (not including those costs awards identified as outliers) under each of the four subsections of Appellate Rule 39. Costs awards for the Second and Eleventh Circuits are not included in this table because of the small number of cases that reached final disposition in these circuits during our search period. Further, for reasons described previously, the numbers for the Fifth, Seventh, and Ninth Circuits do not represent all costs awards issued during 2009 and 2010 in these circuits.

Except for the Sixth Circuit's cases filed after June 1, 2008, which fall under their revised local rules, the majority (65%) of costs in all circuits were awarded to appellees under Appellate Rule 39(a)(2) upon affirmance of the lower courts' judgment. Awards upon dismissal under subsection (a)(1) were the smallest group (2%), and costs awarded to the appellant upon reversal under subsection (a)(3) (17%) were just slightly more frequent than court-ordered costs under subsection (a)(4) (16%) when the final judgment was mixed, modified, or vacated.

---

[43] *See* Appendix. The analysis of costs awards for each circuit court of appeals is presented in a table showing the average, median and range of awards under each of the four subsections of FRAP 39(a)(1)-(4).

**Table 3**

| Circuit | Costs Awarded Under FRAP 39 During 2009-2010 in the United States Courts of Appeals | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Distribution of Costs Awards[44] | | | | Average Costs Awards (without outliers) | | | |
| | FRAP 39(a)(1) | FRAP 39(a)(2) | FRAP 39(a)(3) | FRAP 39(a)(4) | FRAP 39(a)(1) | FRAP 39(a)(2) | FRAP 39(a)(3) | FRAP 39(a)(4) |
| **First** | 5 (7%) | 42 (60%) | 11 (16%) | 12 (17%) | $84.15 | $219.06 | $1,023.48 | $824.07 |
| **Second**[45] | — | — | — | — | — | — | — | — |
| **Third** | 5 (2%) | 252 (79%) | 29 (9%) | 31 (10%) | $179.75 | $222.65 | $870.13 | $1093.20 |
| **Fourth** | 1 (1%) | 67 (61%) | 16 (15%) | 25 (23%) | $180.00 | $345.04 | $1584.17 | $1625.01 |
| **Fifth**[46] | 3 (2%) | 96 (74%) | 16 (12%) | 16 (12%) | $185.30 | $104.51 | $690.89 | $498.94 |
| **Sixth**[47] (cases filed before 6/1/08) | 0 | 17 (48%) | 8 (23%) | 10 (29%) | N/A | $280.16 | $443.83 | $592.42 |
| **Sixth** (cases filed on or after 6/1/08) | 0 | 1 (9%) | 3 (27%) | 7 (64%) | N/A | $18.20 | $322.17 | $389.96 |
| **Seventh**[48] | 2 (1%) | 125 (63%) | 39 (20%) | 32 (16%) | $142.91 | $198.22 | $627.47 | $600.07 |
| **Eighth** | 1 (1%) | 72 (70%) | 18 (18%) | 11 (11%) | $141.60 | $269.32 | $813.36 | $874.88 |
| **Ninth**[49] | 4 (1%) | 188 (69%) | 57 (21%) | 23 (9%) | $153.68 | $241.49 | $380.84 | $460.49 |

[44] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

[45] The Second Circuit went live with CM/ECF on January 4, 2010 and did not convert their pending cases from their old system. Thus, the final database of awards was small (only 6 costs awards identified) because we were only able to search for costs awards from cases that were filed after January 4, 2010, reached final disposition and awarded costs up through February 2011. *See* Appendix, Analysis of Costs Awards for the Second Circuit.

[46] Only those costs awards in which the final amount awarded could be verified through the docket are included in the analysis of costs awarded. In the Fifth Circuit, seventy percent (229 of 430 total awards) of costs awards approved under each subsection of FRAP 39 and referenced in the mandate were not included because the final amount awarded was not accessible for verification.

[47] For cases filed after June 1, 2008, the Sixth Circuit has revised its rules regarding the number of briefs and appendices recoverable as costs to take into account the Sixth Circuit's rules pertaining to electronic filing of cases. Thus, awards issued during the search period in cases filed prior to June 1, 2008 are analyzed separately from costs awards issued in appeals filed on or after June 1, 2008.

[48] The Seventh Circuit went live with CM/ECF on March 31, 2008, and since they are not converting their pending cases from their old system to CM/ECF, our database of costs awards will not include final costs awarded in cases filed before March 31, 2008.

Case 2:10-md-02179-CJB-DPC   Document 11317-3   Filed 09/10/13   Page 22 of 95

*Federal Judicial Center*          *Comparative Study of FRAP 39 Costs for the Advisory Committee on Appellate Rules*          *April 2011*

| Circuit | Costs Awarded Under FRAP 39 During 2009-2010 in the United States Courts of Appeals | | | | | | | |
| | Distribution of Costs Awards[44] | | | | Average Costs Awards (without outliers) | | | |
| | FRAP 39(a)(1) | FRAP 39(a)(2) | FRAP 39(a)(3) | FRAP 39(a)(4) | FRAP 39(a)(1) | FRAP 39(a)(2) | FRAP 39(a)(3) | FRAP 39(a)(4) |
|---|---|---|---|---|---|---|---|---|
| **Tenth** | 4 (6%) | 40 (59%) | 12 (17.5%) | 12 (17.5%) | $96.06 | $203.27 | $537.91 | $899.78 |
| **Eleventh[50]** | — | — | — | — | — | — | — | — |
| **District of Columbia** | 4 (9%) | 20 (46%) | 5 (12%) | 14 (33%) | $198.08 | $172.64 | $800.70 | $1021.91 |
| **Federal[51]** | — | — | — | — | — | — | — | — |

In all circuits average costs awarded to appellants were higher than those awarded to appellees. Average costs awarded under subsection (a)(1) ranged from $84.15 to $198.08, with a median average costs of $153.68. Under subsection (a)(2), average costs ranged from $18.20 (Sixth Circuit post June 1, 2008, cases) to $345.04, with a median average costs of $219.06. Average costs awarded under subsection (a)(3) ranged from $322.17 to $1,584.17, with a median average costs award of $690.89. Court-ordered costs under subsection (a)(4) ranged from $454.17 to $1,625.01, with a median average costs award of $824.07. As shown in the individual circuit analyses in the Appendix, when costs awards under subsection (a)(4) are separated between costs awarded to appellees and those awarded to appellants, costs were taxed in favor of appellants in 82% of these awards and in the appellees' favor in the remaining 18%. Our findings show that since most costs awards issued under subsection (a)(4) were taxed in favor of appellants, average costs awarded to appellants under subsections (a)(3) and (a)(4) are consistently higher than those awarded to appellees under subsections (a)(1) and (a)(2) in all circuits. In a typical appeal, the appellant files an opening brief, appendix, and reply brief in addition to paying the $450 docketing fee, and therefore on average the appellant has incurred a larger dollar amount of costs recoverable under Fed. R. App. P. 39. Thus, the results of our CM/ECF search across the circuits showing appellants receiving higher costs awards are consistent with normal expectations.

---

[49] The large number of costs awards identified in the Ninth Circuit prohibited inclusion of each award amount in the final analysis due to time constraints. For the Ninth Circuit, the analysis of costs awards presented in this report includes approximately 25% of the 559 costs awards issued in 2009 and 25% of the 491 awards issued in 2010 (including approvals issued in January and February of 2011). Therefore, 272 of the 1,050 total costs awards issued during 2009 and 2010 were included. Note: Costs awarded in the Ninth Circuit do not include the $450 docket fee because it is not reimbursable as costs in the Ninth Circuit.

[50] The Eleventh Circuit went live with CM/ECF on January 4, 2010 and did not convert their pending cases from their old system. Thus, the final database of awards was small (only 18 costs awards were identified) because we were only able to search for costs awards from cases that were filed after January 4, 2010, reached final disposition and awarded costs up through February 2011. *See* Appendix, Analysis of Costs Awards for the Eleventh Circuit.

[51] Costs data was not obtained from the Federal Circuit because the Federal Circuit is not live with CM/ECF.

As explained in Part III, the rate per page, number of copies, fees, and other recoverable items directly affect a costs award issued under Fed. R. App. P. 39. Costs awarded in a particular circuit are a product of the rates and copy limitations adopted as well as fees or costs for additional items recoverable. Therefore, we would expect average costs should be higher in those circuits that have a higher maximum rate per page and/or allow a greater number of copies of briefs and appendices to be recoverable as costs. In Table 4, the circuits are ranked from highest to lowest according to maximum rates, maximum number of briefs and appendices, and average Fed. R. App. P. 39 costs awards identified in our CM/ECF search. For all circuits, Column 2 indicates whether or not the docket fee is reimbursable.

## Table 4

| Circuit | Implementation of FRAP 39 and Average Costs Awarded Under FRAP 39 in 2009 and 2010 in the United States Courts of Appeals | | | | | | | | | | | | | | | |
| | Maximum Rates, Copies and Fees Recoverable under FRAP 39[52] | | | | | | | Average Costs Awards Under FRAP 39 in 2009 and 2010[53] (without outliers) | | | | | | | |
| | Docket Fee? | Max Fee/Page | Rank | Max # Copies Brief | Rank | Max # Copies Appendix | Rank | FRAP 39(a)(1) | Rank | FRAP 39(a)(2) | Rank | FRAP 39(a)(3) | Rank | FRAP 39(a)(4) | Rank |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **First** | yes | $0.10 | 9 | 9 plus | 8 | 5 plus | 8 | $84.15 | 9 | $219.06 | 6 | $1,023.48 | 2 | $824.07 | 6 |
| **Second**[54] | yes | $0.20 | 4 | 6 | 13 | 3 | 12 | — | — | — | — | — | — | — | — |
| **Third** | yes | $0.10 $4.00[55] | 8 | 10 plus | 5 | 4 plus | 10 | $179.75 | 4 | $222.65 | 5 | $870.13 | 3 | $1093.20 | 2 |
| **Fourth** | yes | $4.00 | 1 | 8 | 9 | 6 plus | 5 | $180 | 3 | $345.04 | 1 | $1584.17 | 1 | $1625.01 | 1 |
| **Fifth**[56] | yes | $0.15 | 6 | 15 | 3 | 10 | 3 | $185.30 | 2 | $104.51 | 10 | $690.89 | 6 | $498.94 | 9 |

---

[52] The Circuits are ranked from highest to lowest (i.e., court with highest rate/page is ranked as 1) for the maximum rate per page, the maximum number of briefs and the maximum number of appendices established by that circuit for taxation of copying costs under FRAP 39. Two circuits with the same value for maximum rates or maximum number of briefs or appendices will be ranked consecutively according to circuit number (i.e., Third circuit will be ranked one higher than the Seventh if both have identical values for maximum rates or maximum briefs or appendices). A plus next to the maximum number of copies of briefs or appendices allowed indicates the circuit's rule permits additional copies depending upon circumstances of each case. *See* Tables 1 & 2 *infra* for a more detailed description of each circuit's rules with respect to maximum rates and maximum copies reimbursable as FRAP 39 costs. *See also* Appendix, Summary of Materials Addressing FRAP 39 Costs for each individual circuit court of appeals.

[53] Courts are ranked from highest to lowest according to average costs awards identified in our CM/ECF search (i.e., the court with the highest average costs is ranked as 1).

[54] The Second Circuit went live with CM/ECF on January 4, 2010 and did not convert their pending cases from their old system. Thus, the final database of awards was small (only 6 costs awards identified) because we were only able to search for costs awards from cases that were filed after January 4, 2010, reached final disposition and awarded costs up through February 2011. *See* Appendix, Analysis of Costs Awards for the Second Circuit.

[55] $4.00 per page for 20 copies or less for reproduction (by offset or typography). *See* Appendix, Summary of Materials Addressing FRAP 39 Costs for the Third Circuit.

*Federal Judicial Center*   *Comparative Study of FRAP 39 Costs for the Advisory Committee on Appellate Rules*   *April 2011*

| Circuit | Implementation of FRAP 39 and Average Costs Awarded Under FRAP 39 in 2009 and 2010 in the United States Courts of Appeals | | | | | | | | | | | | | | |
| | Maximum Rates, Copies and Fees Recoverable under FRAP 39[52] | | | | | | | Average Costs Awards Under FRAP 39 in 2009 and 2010[53] (without outliers) | | | | | | | |
| | Docket Fee? | Max Fee/Page | Rank | Max # Copies Brief | Rank | Max # Copies Appendix | Rank | FRAP 39(a)(1) | Rank | FRAP 39(a)(2) | Rank | FRAP 39(a)(3) | Rank | FRAP 39(a)(4) | Rank |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sixth[57] (cases filed before 6/1/08) | yes | $0.25 | 3 | 7 plus | 11 | 6 plus | 6 | 0 | N/A | $280.16 | 2 | $443.83 | 9 | $592.42 | 8 |
| Sixth (cases filed on or after 6/1/08) | yes | $0.25 | 3 | 0[58] | 14 | 0[59] | 14 | 0 | N/A | $18.20 | 11 | $322.17 | 11 | $389.96 | 11 |
| Seventh[60] | yes | $0.10 | 10 | 15 | 2 | 10 plus | 4 | $142.91 | 6 | $198.22 | 8 | $627.47 | 7 | $600.07 | 7 |
| Eighth | yes | $0.15 | 7 | 10 plus | 6 | 3 plus | 11 | $141.60 | 7 | $269.32 | 3 | $813.36 | 4 | $874.88 | 5 |
| Ninth[61] | no | $0.10 | 11 | 9 plus | 7 | 5 plus | 7 | $153.68 | 5 | $241.49 | 4 | $380.84 | 10 | $460.49 | 10 |
| Tenth | yes | $0.50 | 2 | 7 | 10 | 2 plus | 13 | $96.06 | 8 | $203.27 | 7 | $537.91 | 8 | $899.78 | 4 |
| Eleventh[62] | no | $0.15/ $0.25[63] | 13 | 7 plus | 12 | 5 | 9 | — | — | — | — | — | — | — | — |

[56] Only those costs awards in which the final amount awarded could be verified through the docket are included in the analysis of costs awarded. In the Fifth Circuit, seventy percent (229 of 430 total awards) of costs awards approved under each subsection of FRAP 39 and referenced in the mandate were not included because the final amount awarded was not accessible for verification.

[57] For cases filed after June 1, 2008, the Sixth Circuit has revised its rules regarding the number of briefs and appendices recoverable as costs to take into account the Sixth Circuit's rules pertaining to electronic filing of cases. Thus, awards issued during the search period in cases filed prior to June 1, 2008 are analyzed separately from costs awards issued in appeals filed on or after June 1, 2008.

[58] If the brief was filed by an unrepresented party, filed under seal or if the brief relates to complaints of attorney misconduct, then recovery is permitted for 2 copies of briefs for each party required to be served. *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the Sixth Circuit.

[59] If leave of court was granted to file a paper appendix or if the case is a death penalty case, then recovery is permitted for 1 copy of the appendix for each party required to be served. *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the Sixth Circuit.

[60] The Seventh Circuit went live with CM/ECF on March 31, 2008, and since they are not converting their pending cases from their old system to CM/ECF, our database of costs awards will not include final costs awarded in cases filed before March 31, 2008.

[61] The large number of costs awards identified in the Ninth Circuit prohibited inclusion of each award amount in the final analysis due to time constraints. For the Ninth Circuit, the analysis of costs awards presented in this report includes approximately 25% of the 559 costs awards issued in 2009 and 25% of the 491 awards issued in 2010 (including approvals issued in January and February of 2011). Therefore, 272 of the 1,050 total costs awards issued during 2009 and 2010 were included. Note: Costs awarded in the Ninth Circuit do not include the $450 docket fee because it is not reimbursable as costs in the Ninth Circuit.

[62] The Eleventh Circuit went live with CM/ECF on January 4, 2010 and did not convert their pending cases from their old system. Thus, the final database of awards was small (only 18 costs awards were identified) because we were only able to search for costs awards from cases that were filed after January 4, 2010, reached final disposition and awarded costs up through February 2011. *See* Appendix, Analysis of Costs Awards for the Eleventh Circuit.

[63] The maximum rate is $0.15 per page for copies produced in-house and $0.25 per page for commercial copies. *See* Appendix, Summary of Materials Addressing FRAP 39 Costs for the Eleventh Circuit.

| Circuit | Implementation of FRAP 39 and Average Costs Awarded Under FRAP 39 in 2009 and 2010 in the United States Courts of Appeals | | | | | | | | | | | | | | | |
| | Maximum Rates, Copies and Fees Recoverable under FRAP 39[52] | | | | | | | Average Costs Awards Under FRAP 39 in 2009 and 2010[53] (without outliers) | | | | | | | |
| | Docket Fee? | Max Fee/Page | Rank | Max # Copies Brief | Rank | Max # Copies Appendix | Rank | FRAP 39(a)(1) | Rank | FRAP 39(a)(2) | Rank | FRAP 39(a)(3) | Rank | FRAP 39(a)(4) | Rank |
| **District of Columbia** | yes | $0.07 text[64] $0.10 text (after 11/1/10) | 12 | 12 | 4 | 11 plus | 2 | $198.08 | 1 | $172.64 | 9 | $800.70 | 5 | $1021.91 | 3 |
| **Federal**[65] | no | $0.08 $6[66] | 13 | 16 plus | 1 | 16 plus | 1 | — | — | — | — | — | — | — | — |

Focusing on the maximum rate per page, Table 4 shows that the Fourth Circuit had the highest maximum rate per page ($4.00), which resulted in the highest average costs awards issued under all subdivisions of Fed. R. App. P. 39(a), except for 39(a)(1). When the maximum rate drops to $0.50 per page (Tenth Circuit), there is no longer such a direct correlation as evidenced by the Tenth Circuit's ranking among average costs awards: eighth largest out of 9 circuits under 39(a)(1); seventh largest out of 11 circuits under 39(a)(2); eighth largest out of 11 circuits under 39(a)(3); and fourth largest out of 11 circuits under 39(a)(4). Similarly, circuits with higher rates per page, such as the Sixth Circuit ($0.25) and the Fifth Circuit ($0.15), rank lower among average costs awards issued than circuits with lower maximum page rates for all subprovisions of Fed. R. App. P. 39(a) except for 39(a)(2).

Looking only at maximum number of briefs and appendices permitted, we see that the Sixth Circuit (for cases filed after June 1, 2008) had the lowest maximum number of briefs and appendices reimbursable as Fed. R. App. P. 39 costs (zero if the brief or appendix was electronically filed), which resulted in the lowest average costs awards issued under all subdivisions of Fed. R. App. P. 39(a). Again, there doesn't appear to be a direct correlation between maximum brief and appendix numbers and average costs awards in the remaining circuits. For example, the Third Circuit, which allows for at least 10 copies of briefs and 4 copies of the appendix to be reimbursed, has higher average costs awards under all subprovisions of Fed. R. App. P. 39(a) except for 39(a)(1) than the District of Columbia, which allows 10 briefs and at least 11 appendices.

Although we do not have costs data from the Federal Circuit and our Eleventh Circuit costs data is very limited, the decision not to reimburse appellants for their $450 docketing fee may help to explain the Ninth Circuit's low average costs awards compared to other circuits with similar maximum page rates and maximum numbers of briefs and appendices reimbursable. In addition,

---

[64] For cases filed before November 1, 2020, the maximum rate per page was $0.07 for test, and $1.02 for color. After November 1, 2010, the maximum rate per page is $0.10 for text and $0.51 for color. *See* Appendix, Summary of Materials Addressing FRAP 39 Costs for the District of Columbia Circuit.

[65] Costs data was not obtained from the Federal Circuit because the Federal Circuit is not live with CM/ECF.

[66] $6.00 Per page for the table of page numbers of designated materials, the originals of briefs, and the table of contents for the appendix. *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the Federal Circuit.

the absence of the ability of appellants to claim the docketing fee keeps the difference between average costs issued under the four subprovisions of Fed. R. App. P. 39(a) in the Ninth Circuit smaller than those seen among the other circuits.

## D.    Analysis of Outlier Costs Awards in the Courts of Appeals

### Table 5

| Costs Awarded under FRAP 39 during 2009-2010<br>Identified as Outliers<br>in the United States Courts of Appeals | | | | | |
|---|---|---|---|---|---|
| Circuit | | FRAP 39(a)(1) | FRAP 39(a)(2) | FRAP 39(a)(3) | FRAP 39(a)(4) |
| First | Number of Individual Costs Awards[67] | 5 | 42 | 11 | 12 |
| | Range of Costs Awards without outliers | $47.24 to $113.51 | $24.00 to $906.90 | $650.50 to $1929.20 | $435.30 to $1552.50 |
| | Outlier Costs Awards (6% of total awards) | $887.20 | $3994.50 | N/A | $3694.77 $4728.78 |
| Third | Number of Individual Costs Awards | 5 | 252 | 29 | 31 |
| | Range of Costs Awards without outliers | $98.94 to $427.60 | $20.40 to $1850.67 | $529.43 to $1407.20 | $204.80 to $2912.07 |
| | Outlier Costs Awards (4% of total awards) | N/A | N/A | $2477.56 $2560.20 | $4653.46 $10421.99 $10780.04 |
| Fourth | Number of Individual Costs Awards | N/A | 67 | 16 | 25 |
| | Range of Costs Awards without outliers | N/A | $37.50 to $2686.60 | $676.71 to $3511.00 | $172.00 to $4410.00 |
| | Outlier Costs Awards (5% of total awards) | N/A | N/A | $6562.00 $7086.30 $16510.80 | $8005.98 $13893.00 |
| Sixth[68] (before 6/1/08) | Number of Individual Costs Awards | 0 | 17 | 8 | 10 |
| | Range of Costs Awards without outliers | N/A | $16.50 to $896.45 | $166.38 to $660.00 | $296.10 to $890.28 |
| | Outlier Costs Awards (11% of total awards) | N/A | N/A | $1261.76 $1478.25 | $1933.00 $2263.12 |
| Seventh[69] | Number of Individual Costs Awards | 2 | 125 | 39 | 32 |

---

[67] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

[68] For cases filed after June 1, 2008, the Sixth Circuit has revised its rules regarding the number of briefs and appendices recoverable as costs to take into account the Sixth Circuit's rules pertaining to electronic filing of cases. Thus, awards issued during the search period in cases filed prior to June 1, 2008 are analyzed separately from costs awards issued in appeals filed on or after June 1, 2008.

[69] The Seventh Circuit went live with CM/ECF on March 31, 2008, and since they are not converting their pending cases from their old system to CM/ECF, our database of costs awards will not include final costs awarded in cases filed before March 31, 2008.

| Costs Awarded under FRAP 39 during 2009-2010 Identified as Outliers in the United States Courts of Appeals | | | | | |
|---|---|---|---|---|---|
| Circuit | | FRAP 39(a)(1) | FRAP 39(a)(2) | FRAP 39(a)(3) | FRAP 39(a)(4) |
| | Range of Costs Awards without outliers | $75.81 to $210.00 | $20.00 to $963.60 | $133.83 to $1604.60 | $95.42 to $1912.40 |
| | Outlier Costs Awards (1% of total awards) | N/A | N/A | $2536.00 | $3798.46 |
| Eighth | Number of Individual Costs Awards | 1 | 72 | 18 | 11 |
| | Range of Costs Awards without outliers | N/A | $50.40 to $1063.60 | $87.10 to $2335.70 | $332.81 to $1707.50 |
| | Outlier Costs Awards (1% of total awards) | N/A | N/A | N/A | $6076.44 |
| Ninth[70] | Number of Individual Costs Awards | 4 | 188 | 57 | 23 |
| | Range of Costs Awards without outliers | $48.00 to $259.50 | $15.00 to $1302.10 | $25.00 to $1668.35 | $81.95 to $1399.20 |
| | Outlier Costs Awards (2% of total awards) | N/A | $2171.25 | $2374.10 $2666.10 $3050.00 $3812.20 | $3239 |
| Tenth | Number of Individual Costs Awards | 4 | 40 | 12 | 12 |
| | Range of Costs Awards without outliers | $46.80 to $146.30 | $21.15 to $741.00 | $84.90 to $839.19 | $254.98 to $1678.24 |
| | Outlier Costs Awards (3% of total awards) | N/A | $2810.61 | $2383.60 | $3236.70 |
| District of Columbia | Number of Individual Costs Awards | 4 | 20 | 5 | 14 |
| | Range of Costs Awards without outliers | $46.80 to $146.30 | $21.15 to $741.00 | $84.90 to $839.19 | $254.98 to $1678.24 |
| | Outlier Costs Awards (8% of total awards) | N/A | N/A | N/A | $3314.48 $5342.30 |

As shown in Table 5, in nine[71] of the 12 circuits for which costs data were collected, we found awards issued under one or more of the separately analyzed subsections of Appellate Rule 39(a) that clearly fell outside of the range established by the majority of awards. For example, in the Fourth Circuit the range of costs awarded to 13 of 16 appellants pursuant to Fed. R. App. P. 39(a)(3) fell between a low of $676.71 to a high of $3,511; the three awards labeled "outliers" had awards of $6,562, $7,086.30, and $16,510.80. However, as cautioned previously, it should not be concluded that these awards are not within the normal range for a particular circuit over a period of time longer than the two-year period adopted for this study.

[70] The large number of costs awards identified in the Ninth Circuit prohibited inclusion of each award amount in the final analysis due to time constraints. For the Ninth Circuit, the analysis of costs awards presented in this report includes approximately 25% of the 559 costs awards issued in 2009 and 25% of the 491 awards issued in 2010 (including approvals issued in January and February of 2011). Therefore, 272 of the 1,050 total costs awards issued during 2009 and 2010 were included. Note: Costs awarded in the Ninth Circuit do not include the $450 docket fee because it is not reimbursable as costs in the Ninth Circuit.

[71] *See* Appendix, Analysis of Outliers for the following circuits: First, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and Distinct of Columbia.

Implicit in the identification of these large awards as outliers is the idea that they are rare and represent a small percentage of the total awards issued under Fed. R. App. P. 39 in each of the circuits. Despite their infrequent occurrence, these outliers deserve closer analysis to determine how they fit within the rules and practices of the various circuits. Further, these relatively rare larger dollar amounts may signal a growing trend. If the intent behind H.R. 5069 was to prevent Fed. R. App. P. 39 from becoming a barrier to litigants pursuing legitimate appeals for fear of excessive penalties, any proposed reform should consider the factor(s) resulting in large awards.

These outlier awards were examined more closely, by circuit, to determine whether there was an identifiable factor or factors contributing to these large awards. The results are presented in the Appendix in tabular form that includes the nature-of-suit code for the specific case; whether the appeal was consolidated, and if so, the number of cases consolidated in the appeal; the number of days to final disposition after initial filing; and to the extent possible, the specific items reimbursed (docket fees, briefs, appendices, etc.).

Overall, a total of 32 outliers were identified in nine of the twelve circuits. As shown in Table 5, the total number of outliers in any one circuit and the total number of outliers attributable to each of the four subdivisions of Fed. R. App. P. 39(a) is very small and distributed as follows: 1 (3%) was issued under Fed. R. App. P. 39(a)(1), 3 (9%) under Fed. R. App. P. 39(a)(2), 13 (41%) under Fed. R. App. P. (a)(3), and 15 (47%) under Fed. R. App. P. 39(a)(4). All but two of the costs awards under Fed. R. App. P. 39(a)(4) were awarded to appellants. Thus, 88% of these large outlier costs awards were issued when the appellant was the prevailing party in the appeal.

In terms of nature of suit, these larger outlier awards were awarded in a wide range of civil appeals. There was minimal clustering among cases identified as "other civil rights" or involving state constitutional issues (7 awards), appeals characterized as contract or insurance cases (5), other personal injury (4), "jobs" (2), and appeals in bankruptcy cases (2). Therefore, we cannot conclude that substantive issues were a significant factor contributing to the size of the costs award.

Fourteen (44%) of the 32 awards identified as "large" outliers were consolidated appeals: nine awards consisted of two consolidated appeals, two awards involved three consolidated appeals, two awards included four consolidated appeals, and one award consisted of five consolidated appeals. One of these fourteen outliers was awarded under 39(a)(2), five were awarded under Rule 39(a)(3) and eight under 39(a)(4). In four of the six circuits with outliers from both consolidated appeals and nonconsolidated cases,[72] the awards issued in the consolidated cases were not the largest awards among the outliers.

Examining length of time from filing to final disposition, four outlier appeals were terminated in less than one year, 23 were disposed of between one and two years after filing, three were disposed of between two and three years after filing, one before the fourth year, and one appeal lasted over six years.

---

[72] *See* Appendix, Analysis of Outliers for the following circuits: First, Third, Fourth, Sixth (pre-June 1, 2008), Ninth and Tenth.

Finally, where the detailed information was available in CM/ECF, we examined the individual components of the outlier costs awards to gain a sense of the distribution of costs and whether any one reimbursable item comprised a larger percentage of the total award than the others. Of the 25 outlier costs awards with sufficient information to determine exact amounts for reimbursable items, reimbursements for copying the appendix or record excerpts was the single largest costs in 23 of the awards. In these 25 awards, copying costs for the appendix or record excerpts were at least 50% of the award; in 8 of these 25 awards, the copying costs made up 90% or more of the total award. Copying costs for appendices or record excerpts can be much greater than costs for copies of briefs, because while briefs must adhere to strict page limitations,[73] there are no page limitations when filing an appendix. In addition to the total number of pages, the variables that have a direct impact on the final costs of the appendix are the costs per page and the number of copies. As discussed earlier, circuits have placed maximum limits on the allowable rate per page and the number of copies of the appendix that they will permit parties to be reimbursed for. However, other than warnings that costs will not be reimbursed for a "lengthy appendix"[74] or portions that are deemed purposefully "irrelevant,"[75] there are no limitations on the number of pages claimable for each appendix.

We were able to obtain the number of pages per brief and per appendix for 19 of the 25 cases. We found that briefs averaged 90 pages in length and appendices averaged 3,605 pages in length. In addition, the average number of copies of the appendix reimbursed was 11. In the Fourth Circuit, it is clearly the $4.00 per page maximum allowable rate that has resulted in the largest outlier awards identified in our search. In the *Snyder* case, 95% of the total amount awarded ($15,710 of $16,510) was attributable to the costs of the appendix. Each appendix was 3,840 pages and the appellant requested costs for 8 copies or 30,720 total pages. Under Fourth Circuit Local Rule 39(a), the appellant had to calculate the cap on taxable printing charges (30,720 pages x $4.00 per page = $122,880), compare it to the actual incurred printing charges for the appendix ($15,710), and claim the lesser amount. Thus, the Fourth Circuit's cap established by the $4.00 per page maximum allowed the appellants to recover 8 copies, at a rate of .50 per page. Note that, under the Fourth Circuit's Rule 39(a) cap, the appellants in *Snyder* would have been allowed to claim up to $122,879 for the actual costs of printing copies of their appendix.

While a very high costs per page will result in higher than average costs awards in cases with extremely large appendices, such as occurred in the Fourth Circuit, even low rates will produce very large awards in cases when appendices run into thousands of pages. This is evidenced by the findings that in four other circuits with outlier awards issued to appellants pursuant to Fed. R. App. P. (a)(3) and (a)(4), and with the next highest average costs awards, their costs per page were low on average—ranging from .07 to .15. In these circuits, the outlier awards resulted from

---

[73] Unless altered by local circuit rule, the default rule is that a principal brief cannot exceed 30 pages and a reply brief cannot exceed 15 pages. Fed. R. App. P. 32(a)(7)(A).

[74] Seventh Circuit Rule 30(e) & Seventh Circuit Practitioner's Handbook for Appeals (2003 Edition) § XIXIX. Costs.

[75] Ninth Circuit Local Rule 30-2(c).

costs attributable to an extremely large appendix, the recovery of a large number of copies of the appendix, or both.[76]

The Sixth Circuit provides an opportunity to examine whether dramatically lowering the number of copies of an appendix permitted for recovery as costs affects the total dollar amounts of costs awarded under Fed. R. App. P. 39. During 2009 and 2010, 46 final costs awards were issued in the Sixth Circuit; 35 of those awards were issued in cases filed before June 1, 2008. These 35 costs awards ranged from a low of $16.50 to a high of $2,263.12, and since recovery was governed by the older version of Circuit Rule 39(b),[77] reimbursement was awarded for the costs of copies of proof and final briefs, appendices, and binding costs. In the Appendix, the first table in the analysis section of the Sixth Circuit's costs awards shows that there was a wide range of costs awarded under subsections (a)(2), (a)(3) and (a)(4) of Fed. R. App. P. 39. Of the eleven costs awards that were issued for cases filed after June 1, 2008, there was a shift in the amount of costs awarded, the party filing for costs, and the items included in the costs award. Four of the 11 awards went to appellant pro se prisoners under either Fed. R. App. P. (a)(3) or (a)(4): $56.52 (costs of copying 55-page brief); $470 (filing fee and copying costs); $455 (filing fee); and $4.75 (costs of copying brief). Six of the 11 awards went to appellants under either Fed. R. App. P. (a)(3) or (a)(4) and all were amounts of $450 or $455 as reimbursements for the appellants' filing fees only. The final costs award of $18.20 went to an appellee under Fed. R. App. P. 39(a)(2) for the costs of copying the response brief.

# V.  Procedural and Concluding Observations

## A.  Procedural Observations[78]

Extracting information on costs requested and awarded for the cases identified in CM/ECF provided an opportunity to also collect information on the informal practices of the circuits for awarding costs. Except for the Third and the Fifth Circuits, costs are not addressed in the final disposition, unless there is a mixed judgment, the lower court ruling is vacated, or the court orders recovery of costs other than that established by the default rules of Fed. R. App. P. 39(a)(1)-(3). Only then will the majority of courts actually state in the final opinion, the judgment, and/or through a docket entry which party costs are awarded to or whether the parties will bear their own costs on appeal. In the Third and Fifth Circuits, the court usually indicates in the final judgment whether costs will or will not be taxed and, if so, against whom they are taxed.

Except in the First Circuit and the District of Columbia Circuit,[79] the original bill of costs was usually accessible through the docket. However, the practices for issuing the final award seemed

---

[76] *See* Appendix, Analysis of Outliers for following circuits: First, Third, Eighth, and District of Columbia.

[77] Former Sixth Circuit Rule 39(b) allowed parties to recover costs for 7 copies of each brief plus two copies for each party required to be served and for 6 copies of the joint appendix plus 1 copy for each party required to be served. *See* Appendix, Summary of Materials Addressing FRAP 39 costs for the Sixth Circuit.

[78] All observations noted in this section are intended as broad generalizations based upon my examination of the records in the data pool resulting from the targeted two-year search of the circuits' CM/ECF records. These observations have not been verified by circuit personnel.

to vary greatly among the circuits. In the First, Fourth, Eighth, Tenth, and District of Columbia[80] Circuits, the mandate makes no mention of costs at all. In these circuits, the clerk or the judge will issue a separate statement or order announcing whether and to whom costs have been awarded and the final amount awarded. Except in the First Circuit, this taxation of costs order just lists the final amount awarded without providing an itemized breakdown of the costs. Although the Second and the Seventh Circuits will issue a separate statement or order awarding costs, these circuits will also mention whether costs have been awarded and the final amount awarded in the mandate and/or will attach this separate order to the mandate. In the Third, Fifth, Sixth, Ninth, and Eleventh Circuits there is no separate order awarding costs. If costs are awarded, the mandate will indicate the party that is awarded costs and usually it will list the amount awarded with no itemization. The Third Circuit will provide an itemized breakout of the final award. The Fifth and Eleventh Circuits list the approved bill of costs on the mandate as an attachment without providing the final amount awarded. This was problematic in many cases where the attached bill of costs was not available through the docket. Therefore, we did not include in the analyses for these two circuits costs awarded that were listed on the mandate as approved, but where the final amount of the award could not be verified because the attached bill of costs was not accessible.

The final issue that deserves mention is the effort by the Clerk's Offices to address miscalculations on submitted bills of costs for items that were reimbursable (such as claiming an incorrect number of copies, page numbers, amount per page/cover/binding) and denying recovery for items not recoverable under Fed. R. App. P. 39 or the circuits' local rules. Some circuits make corrections directly on the original bill of costs, others issue an order directing the requesting party to file a corrected bill of costs, and one circuit issues a corrected statement of costs and gives the parties an opportunity to object. Often the court would indicate that costs were awarded in part and just list the revised amount awarded without any explanations. When there were discrepancies between the original amount requested and the final amount awarded, it was often not possible to determine which particular costs were rejected because, as indicated above, the final awarding of costs almost never included an itemization of the costs awarded. For the circuits for which it was possible to access both the original amount requested and final costs awarded, the discrepancies between the amount requested and the final amount awarded ranged from nominal amounts to much larger differences. Table 6 below describes the frequency with which discrepancies occurred in the circuits for which we were able to obtain this information.

---

[79] In the District of Columbia and the First Circuit Courts of Appeals, the original bill of costs was accessible through the docket in about half of the cases included in the database of awards for these circuits.

[80] The District of Columbia is included in this grouping although it was not possible to be certain that the mandate does not mention costs because the mandate was not accessible through the docket. In dockets examined in the District of Columbia, the clerk or the court issues a separate statement or order as to whether costs are granted and the amount awarded.

Case 2:10-md-02179-CJB-DPC   Document 11317-3   Filed 09/10/13   Page 32 of 95

*Federal Judicial Center*        *Comparative Study of FRAP 39 Costs for the Advisory Committee on Appellate Rules*        *April 2011*

**Table 6**

| Discrepancies Between Costs Requested and Costs Awarded under FRAP 39 During 2009-2010 in the United States Courts of Appeals[81] | | |
|---|---|---|
| Circuit | Total Number of Individual Costs Awarded Under FRAP 39 | Number of Costs Awards in which the Final Amount Awarded Was Less Than the Amount Requested in the Original Bill of Costs |
| First | 70 | 28 (40%) |
| Third | 317 | 55 (17%) |
| Fourth | 109 | 34 (31%) |
| Fifth[82] | 131 | 96 (73%) |
| Sixth[83] (cases filed before 6/1/08) | 35 | 6 (17%) |
| Sixth (cases filed after 6/1/08) | 11 | 3 (27%) |
| Seventh[84] | 198 | 111 (56%) |
| Eighth | 102 | 23 (23%) |
| Ninth[85] | 272 | 69 (25%) |
| Tenth | 68 | 26 (38%) |

These discrepancies between the amount requested and final amount awarded ranged from nominal amounts to much larger differences that were the result of miscalculations for reimbursable items (incorrect number of copies, page numbers, amount per page/cover/binding) or the inclusion of items in the bill of costs that were not recoverable under Fed. R. App. P. 39 or the circuit's local rules (transcripts, postage/courier/FedEx fees, attorney fees, travel expenses, fees for online research, documents/motions other than briefs, appendices or excerpts, costs of research or preparing the record, cds, etc.).

---

[81] The Second and Eleventh Circuits have been live on CM/ECF only since January 4, 2010 and these circuits are not converting their pending cases. Thus information on discrepancies between original costs requested and final costs awarded was not provided for these circuits in this table due to the small number of costs awards identified. The Federal Circuit is not included because it is not live on CM/ECF.

[82] Only those costs awards in which the final amount awarded could be verified through the docket are included in the analysis of costs awarded. In the Fifth Circuit, seventy percent (229 of 430 total awards) of costs awards approved under each subsection of FRAP 39 and referenced in the mandate were not included because the final amount awarded was not accessible for verification.

[83] For cases filed after June 1, 2008, the Sixth Circuit has revised its rules regarding the number of briefs and appendices recoverable as costs to take into account the Sixth Circuit's rules pertaining to electronic filing of cases. Thus, awards issued during the search period in cases filed prior to June 1, 2008, are analyzed separately from costs awards issued in appeals filed on or after June 1, 2008.

[84] The Seventh Circuit went live with CM/ECF on March 31, 2008, and since they are not converting their pending cases from their old system to CM/ECF, our database of costs awards will not include final costs awarded in cases filed before March 31, 2008.

[85] The large number of costs awards identified in the Ninth Circuit prohibited inclusion of each award amount in the final analysis due to time constraints. For the Ninth Circuit, the analysis of costs awards presented in this report includes approximately 25% of the 559 costs awards issued in 2009 and 25% of the 491 awards issued in 2010 (including approvals issued in January and February of 2011). Therefore, 272 of the 1,050 total costs awards issued during 2009 and 2010 were included. Note: Costs awarded in the Ninth Circuit do not include the $450 docket fee because it is not reimbursable as costs in the Ninth Circuit.

## B.    Concluding Observations

The Fourth and Sixth Circuits represent opposite positions in what has developed into a de facto circuit split in the interpretive application of Fed. R. App. P. 39. The Fourth Circuit's decision to adopt a $4.00 maximum rate per page permits parties to recover their actual printing costs at much higher rates per page than would be approved in all other circuits except for the Tenth. Thus, except for the Tenth Circuit, which has adopted a maximum rate per page of $0.50, the rate under which the appellants in *Snyder* were reimbursed for their actual printing costs, the costs award in the *Snyder* case could not have been claimed by the appellants in any other circuit. However, the *Snyder* award is not an outlier because it is an intended and foreseeable consequence of the approach to awarding Fed. R. App. P. 39 costs adopted by the Fourth Circuit. Case law establishes that the Fourth Circuit could have refused to award appellants in the *Snyder* case any costs or a reduced amount of costs if it was felt that the costs award was excessive under the circumstances. Although not common, the $16,510 costs award was consistent with the approach adopted by the Fourth Circuit. However, it is subject to interpretation as to whether the award and the $4 per page rate is consistent with Fed. R. App. P. 39's direction for choosing the maximum rate as one which encourages "economical methods of copying" and a rate which does "not exceed that generally charged for such work in the area where the clerk's office is located."

The Sixth Circuit's 2009 revision to its local rules governing costs significantly limited the prevailing party's ability to claim printing costs. In fact, in the majority of cases in which the party was required to file their briefs and appendix electronically, neither the appellee nor the appellant can claim any printing costs. Where applicable, the appellant is limited to claiming their $450 docket fee as allowable costs. Exceptions to this nonrecovery approach is permitted for pro se filers and filers of briefs containing allegations of attorney misconduct and filers in death penalty cases. Thus, it appears that the Sixth Circuit has decided that Fed. R. App. P. 39 costs should not be routinely awarded to the prevailing parties since they were normally not required to file a paper copy of their brief or appendix under the circuit's rules on electronic filing. Allowing exceptions for certain types of filers and certain types of cases and then only allowing recovery for a small number of briefs and appendices signals an intent that costs should be kept to a minimum and reimbursable when paper copies are the only option.

# Appendix

## Implementation of Fed. R. App. P. 39
## and
## Analysis of Costs Awarded Pursuant to Fed. R. App. P. 39
## in the Individual Circuit Courts of Appeals

First Circuit Court of Appeals..................................................................32

Second Circuit Court of Appeals............................................................36

Third Circuit Court of Appeals...............................................................39

Fourth Circuit Court of Appeals.............................................................45

Fifth Circuit Court of Appeals................................................................50

Sixth Circuit Court of Appeals...............................................................55

Seventh Circuit Court of Appeals ..........................................................60

Eighth Circuit Court of Appeals ............................................................64

Ninth Circuit Court of Appeals...............................................................68

Tenth Circuit Court of Appeals...............................................................74

Eleventh Circuit Court of Appeals..........................................................77

District of Columbia Circuit Court of Appeals........................................82

Federal Circuit Court of Appeals............................................................90

# United States Court of Appeals for the First Circuit

## Summary of Materials Addressing Fed. R. App. P. 39 Costs[86]

### Maximum Rates:

**First Circuit Local Rule 39.0. Taxation of Reproduction Costs**
Costs are taxed at the maximum rates set by the clerk (schedule posted on court's website or available in Clerk's Office) or at the actual cost—whichever is lower.

**Maximum Rates for Taxation of Costs** (effective 2/16/07) (posted on court's website or available in clerk's office)
- Reproduction per page, per copy                    $0.10
- Binding, per brief or appendix                        $3.50
- Front and back covers, two per brief or appendix    $0.20

### Maximum Number of Copies for Which Costs Are Recoverable:

**First Circuit Local Rule 39.0. Taxation of Reproduction Costs**
Costs may be recovered for reproducing the following number of copies, unless the court directs filing of a different number:
(1) **Briefs**: Nine copies of each brief plus one for the filer and two for each party required to be served with paper copies of the brief.
(2) **Appendices**: Five copies of each appendix plus one for the filer and one for each unrepresented party and each separately represented party.

### Requirements for Recovery of Costs:

**First Circuit Local Rule 39.0. Taxation of Reproduction Costs**
Requests for taxation of costs must be made on the Bill of Costs form available on the court's website at www.ca1.uscourts.gov and by request to the Clerk's Office, and must be accompanied by a vendor's itemized statement of charges, if applicable, or a statement by counsel if reproduction was performed in-house. Bills of Costs must be filed in the Clerk's Office within fourteen days after entry of judgment, even if a petition for rehearing or other post-judgment motion is filed. Payment of costs should be made directly to the prevailing party or counsel, not to the Clerk's Office.

**Bill of Costs Form.** This form is available on the court's website or from the Clerk's Office. In order to calculate the total cost for the brief, reply brief, or appendix, the requesting party must enter the number of copies requested, pages per copy, cost per page, cost per binding, and cost per cover.

---

[86]The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

# United States Court of Appeals
## For the First Circuit

# BILL OF COSTS FORM

Please see 1st Cir. R. 39.0 for instructions before completing this form.  A request for costs must be filed within 14 days of judgment.  Fed. R. App. P. 39(d)(1).  Any opposition must be filed within 14 days after service of the request.  Fed. R. App. P. 39(d)(2).  A schedule of Maximum Rates for Taxation of Costs is posted on the court's website at www.ca1.uscourts.gov and is available by request to the clerk's office.  See 1st Cir. R. 39.0.  A copy of a vendor's bill showing actual costs incurred must be attached, if applicable.  If the briefs were produced in-house, a statement from counsel must be attached specifying the actual cost for reproduction, binding and covers.  Costs are taxed at the maximum rates set by the clerk or at the actual cost, whichever is lower.  1st Cir. R. 39.0(a).  The maximum number of copies for which costs may be recovered is set forth in 1st Cir. R. 39.0(b).

Case No.: _____   Title: _____

Filed on behalf of: _____

The Clerk is requested to tax the following costs against: _____

IF SEEKING COSTS FOR OR AGAINST THE UNITED STATES, pursuant to Fed. R. App. P. 39(b), please specify statutory or other authority: _____

| COSTS TAXABLE UNDER FED. R. APP. P. 39 and 1st CIR. R. 39.0 | AMOUNT REQUESTED | | | | | | *For internal use only* |
|---|---|---|---|---|---|---|---|
| | NO. OF COPIES | PAGES PER COPY | COST PER PAGE | COST PER BINDING | COST PER COVER | TOTAL COST | |
| DOCKETING FEE $450.00* | | | | | | | |
| BRIEF | | | | | | 0.00 | |
| REPLY BRIEF | | | | | | 0.00 | |
| APPENDIX | | | | | | 0.00 | |
| TOTAL AMOUNT REQUESTED: | | | | | | **$0.00** | |

I, _____, do hereby declare under the penalty of perjury that the foregoing costs are true and correct and were necessarily and actually incurred in this action.  A certificate of service is attached pursuant to Fed. R. App. P. 25(d).

Signed: _____   Dated: _____

---

* If the notice of appeal or petition was filed before April 9, 2006, the docketing fee is $250.  If it was filed on or after that date, the docketing fee is $450.

## Analysis of Costs Awards[87]

| | Costs Awarded under FRAP 39 During 2009-2010 in the First Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|---|
| | **FRAP 39(a)(1) appeal dismissed** (costs in favor of appellee(s)) | **FRAP 39(a)(2) judgment affirmed** (costs in favor of appellee(s)) | **FRAP 39(a)(3) judgment reversed** (costs in favor of appellant(s)) | **FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated** (costs taxed only as court orders) | | |
| | | | | **overall** | **Costs to appellee(s)** | **Costs to appellant(s)** |
| **Total Number of Individual Costs Awards[88]** | 5 | 42 | 11 | 12 | 0 | 12 |
| **Average Costs Award:** without outlier(s) | $84.15 | $219.06 | $1,023.48 | $824.07 | 0 | $824.07 |
| **Average Costs Award:** with outlier(s) | $244.76 | $308.95 | N/A | $1388.69 | 0 | $1388.69 |
| **Median Costs Award:** without outlier(s) | $87.93 | $114.00 | $831.00 | $721.55 | 0 | $721.55 |
| **Median Costs Award:** with outlier(s) | $97.59 | $116.10 | N/A | $804.42 | 0 | $804.42 |
| **Range of Costs Awards:** without outlier(s) | $66.27 [$47.24 to $113.51] | $882.90 [$24 to $906.90] | $1278.70 [$650.50 to $1929.20] | $1117.20 [$435.30 to $1552.50] | 0 | $1117.20 [$435.30 to $1552.50] |
| **Range of Costs Awards:** with outlier(s) | $839.96 [$47.24 to $887.20] | $3970.50 [$24.00 to $3994.50] | N/A | $4293.48 [$435.30 to $4728.78] | 0 | $4293.48 [$435.30 to $4728.78] |
| **Outlier(s)** | $887.20 | $3994.50 | N/A | $3694.77 | 0 | $3694.77 |
| | | | | $4728.78 | 0 | $4728.78 |

---

[87] The First Circuit went live with CM/ECF on March 31, 2008, and their database includes all cases filed after that date as well as any pending cases that had activity after the live date.

[88] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

## Analysis of Outliers

| Analysis of Costs Awards Identified as Outliers in the First Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|
| Amount of Costs Award | FRAP 39(a) Provision Costs Awarded Under | Nature of Suit | Consolidated appeal (Total # cases) | Days from filing to final disposition | Itemization of Costs Awarded[89] |
| $887.20 | FRAP 39(a)(1) dismissed for lack of jurisdiction | 3950 Constitutionality of State Statutes | no | 71 days | *Brief (14 copies; 111 pgs./copy)($155.40) *Appendix (7 copies; 937 pgs./copy) ($655.90) [74% of total award] *Covers ($8.40) *Binding ($73.50) |
| $3994.50 | FRAP 39(a)(2) | 4110 Insurance | yes (2 cases) | 448 days | *Brief (21 copies, 66 pgs./copy) ($220.50—includes binding & covers) *Appendix ($3774) [94% of total award] |
| $3694.77 | FRAP 39(a)(4) vacated; costs awarded to appellant | 4360 Other Personal Injury | no | 572 days | *Docket Fee ($450) *Brief (33 copies; 69 pgs./copy) ($165.99—includes covers) *Reply (33 copies; 30 pgs./copy) ($75.90—includes covers) *Appendix (17 copies; 2,484 pgs./copy @ .07/pg.) ($3002.88—includes binding & covers) [81% of total award] |
| $4728.78 | FRAP39 (a)(4) vacated; costs awarded to appellants | 3360 Other Personal Injury | no | 617 days | *Docket Fee ($450) *Brief (21 copies; 62 pgs./copy) ($154.56—includes $50.40 binding & covers) *Reply brief (21 copies; 30 pgs./copy) ($94.50—includes $50.40 binding & covers) *Appendix (12 copies; 4,763 pgs./copy @ .07/pg.) ($4029.72--includes $28.80 binding & covers) [85% of total award] |

---

[89] Where the information was available through the docket, costs awards are broken out to identify the items reimbursed—i.e., docket fee, brief, reply brief, and/or appendix. Where available, the number of copies, pages per copy, cost per page, and total costs per document are provided for briefs and appendices.

# United States Court of Appeals for the Second Circuit

## Summary of Materials Addressing Fed. R. App. P. 39 Costs[90]

### Maximum Rates:

**Second Circuit Local Rule 39.1. Reproduction Costs**
The cost of reproducing necessary copies of briefs, appendices, or record excerpts is taxable at the lesser of the actual cost or $0.20 per page.

**Maximum Number of Copies for Which Costs Are Recoverable:** Local Rule 39.1 provides that the court will only reimburse for a "necessary" number of copies, requiring the party seeking costs to consult the circuit's requirements for filing briefs and appendices.

**Second Circuit Local Rule 31.1 Brief; Number of Paper Copies** requires that a party submit 6 paper copies of each brief.

**Second Circuit Local Rule 30.1 Appendix** requires a party to submit 3 paper copies of its appendix.

### Requirements for Recovery of Costs:

**Verified Itemized Bill of Costs Form.** This form is available on the court's website and it is also included with the summary order and judgment sent to the parties. The form requires the requesting party to identify the necessary number of copies and the total cost of printing the brief, reply brief, and/or appendix.

---

[90]The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, New York 10007**

**DENNIS JACOBS**
**CHIEF JUDGE**

**CATHERINE O'HAGAN WOLFE**
**CLERK OF COURT**

Date:                                                    DC Docket Number:
Docket Number:                                           DC:
Short Title:                                             DC Judge:

### VERIFIED ITEMIZED BILL OF COSTS

Counsel for

_____
respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to
prepare an itemized statement of costs taxed against the

_____
and in favor of

_____
for insertion in the mandate.

Docketing Fee                                           _____

Costs of printing appendix (necessary copies _____ )    _____

Costs of printing brief (necessary copies _____ ____)    _____

Costs of printing reply brief (necessary copies _____ )    _____


Verification here

                                                        _____
                                                        Signature

## Analysis of Costs Awards[91]

| | Costs Awarded under FRAP 39 During 2010 for Appeals filed after January 4, 2010 in the Second Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|---|
| | FRAP 39(a)(1) appeal dismissed (costs in favor of appellee(s)) | FRAP 39(a)(2) judgment affirmed (costs in favor of appellee(s)) | FRAP 39(a)(3) judgment reversed (costs in favor of appellant(s)) | FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated (costs taxed only as court orders) | | |
| | | | | overall | Costs to appellee(s) | Costs to appellant(s) |
| Total Number of Individual Costs Awards[92] | 1 | 5 | 0 | 0 | 0 | 0 |
| Average Costs Award | $93.40 | $120.69 | N/A | N/A | N/A | N/A |
| Median Costs Award | $93.40 | $114.00 | N/A | N/A | N/A | N/A |
| Range of Costs Awards | N/A | $137.80 [$74.60 to $212.40] | N/A | N/A | N/A | N/A |

---

[91] Because the Second Circuit has been live on CM/ECF only since January 4, 2010, and they are not converting their pending cases from their old system to CM/ECF, our targeted search for dispositions awarding costs during calendar years 2009-2010 did not yield many costs awards as it is rare for an appeal to be filed and reach final disposition with one year. Our search was limited to appeals that were filed after 1/4/10 and reached final disposition before 12/31/10, and we cannot report on costs awards granted for cases filed prior to 1/4/10 that reached final disposition during calendar year 2010.

[92] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

# United States Court of Appeals for the Third Circuit

**Summary of Materials Addressing Fed. R. App. P. 39 Costs**[93]

**Maximum Rates:**

**Third Circuit Local Rule 39.3. Taxation of Reproduction Costs**
**(c) Costs of Reproduction of Briefs and Appendices.** In taxing costs for printed or photo-copied briefs and appendices, the clerk will tax costs at the following rates, or at the actual cost, whichever is less, depending upon the manner of reproduction or photocopying:

|     |     |     |
| --- | --- | --- |
| (1) | Reproduction (whether by offset or typography): | |
|     | Reproduction per page (for 20 copies or less) | $ 4.00 |
|     | Covers (for 20 copies or less) | $50.00 |
|     | Binding per copy | $ 4.00 |
|     | Sales Tax | Applicable rate |
|     | | |
| (2) | Photocopying (whether in house or commercial): | |
|     | Reproduction per page per copy | $  .10 |
|     | Binding per copy | $ 4.00 |
|     | Covers (for 20 copies or less) | $40.00 |
|     | Sales Tax | Applicable rate |

(3) In the event a party subsequently corrects deficiencies in either a brief or appendix pursuant to 3d Cir. L.A.R. 107.3 and that party prevails on appeal, costs which were incurred in order to bring the brief or appendix into compliance may not be allowed.

(4) Other Costs. No other costs associated with briefs and appendices, including the costs of typing, word processing, and preparation of tables and footnotes, will be allowed for purposes of taxation of costs.

Committee Comments: Sales tax will be included in the costs only when actually paid to a commercial photocopying service.

**Maximum Number of Copies for Which Costs Are Recoverable:**

**Third Circuit LAR 39.3(a) Number of Briefs.** Costs will be allowed for ten (10) copies of each brief plus two (2) copies for each party separately represented, unless the court directs a greater number of briefs to be filed.

**LAR 39.3(b) Number of Appendices.** Costs will be allowed for four (4) copies of the appendix plus one (1) copy for each party separately represented, unless the court directs a greater number of appendices to be filed.

---

[93]The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

**Requirements for Recovery of Costs:**

**Third Circuit Local Appellate Rule 39.4 Filing Date; Support for Bill of Costs**
(a) The court will deny untimely bills of cost unless a motion showing good cause is filed with the bill.
(b) Parties must submit the itemized and verified bill of costs on a standard form to be provided by the clerk.
(c) An answer to objections to a bill of costs may be filed within 14 days of service of the objections

**Post-Decision Practice Information Sheet.**
**(3) BILLS OF COSTS**
**(B) Form:** A party who has been granted costs in the court's judgment must request the taxation of cost on the form provided by the clerk and must include either an itemized statement from a printer or an affidavit of counsel, as required by the clerk's bill of costs form. LAR 39.4 Proof of service of the bill must be attached.

**Bill of Costs Form and Instructions for Filing A Bill of Costs.** This form and accompanying one-page instructions sheet are available on the court's website. In order to calculate the total cost for the brief, reply brief, or appendix, the requesting party must enter the number of copies requested, pages per copy, cost per page, cost per binding, cost per cover, and any applicable sales tax.

<u>INSTRUCTIONS</u>
<u>FOR FILING A BILL OF COSTS</u>

A request for costs must be submitted on this form and received by the Clerk within 14 days of judgment. Fed. R. App. P. 39(d)(1) and 3rd Cir. LAR 39.4(b). A motion for leave to file out of time showing good cause must be submitted with any untimely bill of costs. Any opposition to the bill of cost must be filed within 10 days from the date of service of the bill of costs, unless the Court extends the time. The taxation of costs is governed by Fed. R. App. P. 39 and 3rd Cir. LAR 39; <u>See</u> also, 3rd Cir. LAR 28.1(a)(iii), 30.5 and Misc. 107.4. All rules are available on this Court's website <u>www.ca3.uscourts.gov.</u> Third Cir. LAR 39 sets forth the maximum number of copies and rates and are summarized below.

<u>Number of Copies</u>:

Briefs          Costs will be allowed for ten (10) copies of each brief plus two (2) copies for each party separately represented, unless the Court shall direct a greater number of briefs to be filed.

Appendices      Costs will be allowed for four (4) copies of the Appendix plus one (l) copy for each party separately represented, unless the Court shall direct a greater number of appendices to be filed.

<u>Costs</u>: In taxing costs for printed or photocopied briefs and appendices, the Clerk shall tax costs at the following rates, or at the actual cost, whichever is less, depending upon the manner of reproduction or photocopying:

> Reproduction (whether by offset or typography):
>
> | | |
> |---|---|
> | Reproduction per page (for 20 copies or less) | $ 4.00 |
> | Covers (for 20 copies or less) | $ 50.00 |
> | Binding per copy | $ 4.00 |
> | Sales tax | Applicable Rate |
>
> Photocopying (whether in house or commercial):
>
> | | |
> |---|---|
> | Reproduction per page | $ .10 |
> | Binding per copy | $ 4.00 |
> | Covers (for 20 copies or less) | $ 40.00 |
> | Sales Tax | Applicable Rate |

<u>Other Costs</u>. No other costs associated with briefs and appendices, including the costs of typing, word processing, and preparation of tables and footnotes, shall be allowed for purposes of taxation of costs.

In the event that a party corrects deficiencies pursuant to 3rd Cir. LAR Misc. 107.3, costs incurred in order to bring the document into compliance will not be allowed.

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

BILL OF COSTS

C.A. _____

Caption: _____

| Cost Taxable | AMOUNT REQUESTED | | | | | | | COST ALLOWED To be Completed by Clerk |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages per Copy | Cost Per Page | Cost Per Binding | Cost Per Cover | Sales Tax | Total Cost | |
| Docketing Fee $450.00 | | | | | | | | |
| Brief | | | | | | | | |
| Reply Brief | | | | | | | | |
| Appendix | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | TOTAL | $ | $ |

Brief Produced by Reproduction: ☐        Brief Produced by Photocopy: ☐
                                                      In House:                 ☐
                                                      Commercial:           ☐

**Unless document was produced by in house photocopy, receipts must be attached.**

I, _____, do hereby declare under the penalty of perjury that the foregoing costs are true and correct and were necessarily and actually incurred in this action.

_____          _____
Signature                                                            Date
Attorney for: _____

**A certificate of service must accompany this form.**

**For Court Use Only**

After review, it is ordered that costs will be taxed in the amount of $ _____.

Marcia M. Waldron, Clerk

By: _____          Date: _____
        Deputy Clerk

## Analysis of Costs Awards[94]

| | Costs Awarded under FRAP 39 During 2009-2010 in the Third Circuit Court of Appeals | | | | | |
| | FRAP 39(a)(1) appeal dismissed (costs in favor of appellee(s)) | FRAP 39(a)(2) judgment affirmed (costs in favor of appellee(s)) | FRAP 39(a)(3) judgment reversed (costs in favor of appellant(s))) | FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated (costs taxed only as court orders) | | |
| | | | | overall | Costs to appellee(s) | Costs to appellant(s) |
|---|---|---|---|---|---|---|
| **Total Number of Individual Costs Awards**[95] | 5 | 252 | 29 | 31 | 3 | 28 |
| **Average Costs Award:** without outlier(s) | $179.75 | $222.65 | $870.13 | $1093.20 | $611.20 | $1151.04 |
| **Average Costs Award:** with outlier(s) | N/A | N/A | $983.84 | $1821.45 | N/A | $1951.12 |
| **Median Costs Award:** without outlier(s) | $116.20 | $152.43 | $857.50 | $990.54 | $569.58 | $996.79 |
| **Median Costs Award:** with outlier(s) | N/A | N/A | $868.56 | $1059.21 | N/A | $1096.60 |
| **Range of Costs Awards:** without outlier(s) | $328.66 [$98.94 to $427.60] | $1830.27 [$20.40 to $1850.67] | $877.77 [$529.43 to $1407.20] | $2702.27 [$204.80 to $2912.07] | $854.41 [$204.80 to $1059.21] | $2640.67 [$271.40 to $2912.07] |
| **Range of Costs Awards:** with outlier(s) | N/A | N/A | $2030.77 [$529.43 to $2560.20] | $10575.24 [$204.80 to $10780.04] | N/A | $10508.64 [$271.40 to $10780.04] |
| **Outlier(s)** | N/A | N/A | $2477.56 | $4653.46 | N/A | $4653.46 |
| | | | $2560.20 | $10421.99 | | $10421.99 |
| | | | | $10780.04 | | $10780.04 |

---

[94] The Third Circuit went live with CM/ECF on February 4, 2008, and their database includes all cases filed after that date as well as any pending cases that had activity after the live date.

[95] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

## Analysis of Outliers

| Analysis of Costs Awards Identified as Outliers in the Third Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|
| Amount of Costs Award | FRAP 39(a) Provision Costs Awarded Under | Nature of Suit | Consolidated appeal (total # cases) | Days from filing to final disposition | Itemization of Costs Awarded[96] |
| $2477.56 | FRAP 39(a)(3) | 3350 Motor Vehicle | no | 685 days | *Docket Fee ($450)<br>*Brief (14 copies; 78 pgs./copy) ($400.84)<br>*Reply(14 copies; 32 pgs./copy) ($280.72)<br>*Appendix (5 copies; 568 pgs./copy @ .40/page-Reproduction indicated) ($1346)<br>[54% of total award] |
| $2560.20 | FRAP 39(a)(3) | 3850 Securities, Commodities Exchange | yes (4 cases) | 1102 days | *Docket Fee ($450)<br>*Brief (14 copies, 132 pgs./copy.) ($186.20)<br>*Reply (14 copies, 58 pgs./copy) ($82.60)<br>*Appendix (6 copies; 3065 pgs./copy @ .10/pg.) ($1841.40)<br>[72% of total award] |
| $4653.46 | FRAP 39(a)(4) affirmed part, reversed part; costs awarded to appellants | 3820 Copyright | yes (2 cases) | 424 days | *Docket Fee($450)<br>*Brief (14 copies; 82 pgs./copy) ($167.77)<br>*Reply (14 copies; 73 pgs./copy) ($146.80)<br>*Appendix (6 copies; 5110 pgs./copy @ .10/pg.) ($3319.14)<br>[71% of total award] |
| $10421.99 | FRAP 39(a)(4) vacated; costs awarded to appellants | 3410 Antitrust | yes (3 cases) | 213 days | *Docket Fee ($450)<br>*Brief (14 copies; 207 pgs./copy) ($385.80)<br>*Reply brief (14 copies; 38 pgs./copy) ($81.20)<br>*Joint Appendix (6 copies; 14,950 pgs./copy @ .10/pg.) ($9034.00 includes cost for covers/binding)<br>[87% of total award]<br>*Sales Tax ($470.99) |
| $10780.04 | FRAP 39(a)(4) vacated: costs awarded to appellants | 4380 Other Personal Property Damage | yes (2 cases) | 371days | *Docket Fee ($450)<br>*Brief (14 copies; 80 pgs./copy) ($120.40)<br>*Reply brief (14 copies; 55 pgs./copy) ($140)<br>*Appendix (6 copies; 22,364 pgs./copy @ .07/pg.)($9410.88 includes costs for covers/ binding)<br>[87% of total award]<br>*Sales Tax ($974.42) |

---

[96] Where the information was available through the docket, costs awards are broken out to identify the items reimbursed—i.e., docket fee, brief, reply brief, and/or appendix. Where available, the number of copies, pages per copy, costs per page, and total costs per document are provided for briefs and appendices.

# United States Court of Appeals for the Fourth Circuit

**Summary of Materials Addressing Fed. R. App. P. 39 Costs[97]**

**Maximum Rates:**

**Fourth Circuit Local Rule 39(a). Printing Costs**
The cost of printing or otherwise producing necessary copies of briefs and appendices shall be taxable as costs at a rate equal to actual cost, but not higher than $4.00 per page of photographic reproduction of typed material.

**Maximum Number of Copies for Which Costs Are Recoverable:** Local Rule 39(a) provides that the court will only reimburse for a "necessary" number of copies, requiring the party seeking costs to consult the circuit's requirements for filing briefs and appendices.

**Fourth Circuit Local Rule 31(d). Number of Copies** requires each party to file 8 copies of the brief. Appointed counsel must file 6 copies and any party proceeding in forma pauperis who is not represented by court-appointed counsel has to file 4 copies.

**Fourth Circuit Local Rule 30(b). Appendix Contents; Number of Copies** requires the appellant to file 6 copies of the appendix with the opening brief and serve 1 copy on counsel for each party separately represented. Appointed counsel must file 5 copies and any party proceeding in forma pauperis who is not represented by court-appointed counsel needs to file 4 copies.

**Requirements for Recovery of Costs:**

**Local Rule 39(b). Bill of Costs.** The verified bill of costs may be that of a party or counsel, and should be accompanied by the printer's itemized statement of charges. When costs are sought for or against the United States, counsel should cite the statutory authority relied upon. Taxation of costs will not be delayed by the filing of a petition for rehearing or other post-judgment motion. A late affidavit for costs must be accompanied by a motion for leave to file. The clerk rules on all bills of costs and objections in the first instance.

**Local Rule 39(c). Recovery of Costs in the District Court.**
The only costs generally taxable in the court of appeals are: (1) the docketing fee if the case is reversed; and (2) the cost of printing or reproducing briefs and appendices, including exhibits.

Although some costs are "taxable" in the court of appeals, all costs are recoverable in the district court after issuance of the mandate. If the matter of costs has not been settled before issuance of the mandate, the clerk will send a supplemental "bill of costs" to the district court for inclusion in the mandate at a later date.

---

[97]The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

Various costs incidental to an appeal must be settled at the district court level. Among such items are: (1) the cost of the reporter's transcript; (2) the fee for filing the notice of appeal; (3) the fee for preparing and transmitting the record; and (4) the premiums paid for any required appeal bond. Application for recovery of these expenses by the successful party on appeal must be made in the district court, and should be made only after issuance of the mandate by the court of appeals. These costs, if erroneously applied for in the court of appeals, will be disallowed without prejudice to the right to reapply for them in the district court.

**Bill of Costs Form:** The form is available on the court's website and states in the directions that counsel for a prevailing party seeking costs must file this (or a like form) within fourteen days after entry of judgment. The form requires counsel to list the amount of actual printing charges incurred with attached itemized bills; calculate the Local Rule 39(a) cap on taxable printing costs ($4.00 per original page of formal briefs and appendices, based on the page count in the docket entry); and then calculate and enter the lesser of these two as total printing charges claimed.

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

**Directions:** Counsel for a prevailing party seeking costs must file this (or like) form within fourteen days after entry of judgment, even if a petition for rehearing or other post-judgment motion is filed. A late bill of costs must be accompanied by a motion for leave to extend filing time. The docketing fee (if the appellant prevails) and the cost of reproducing formal briefs and appendices are the only costs taxable in the court of appeals. Other costs must be settled at the district court level, including the cost of the transcript, the fee for filing the notice of appeal, and the premiums for any required appeal bond. Any objections to costs must be filed within 14 days (plus three days for electronic service) of the bill of costs. Costs are paid directly to the prevailing party or counsel, not to the clerk's office.

**BILL OF COSTS FORM**

THE CLERK IS REQUESTED TO TAX COSTS IN FAVOR OF THE PREVAILING PARTY PURSUANT TO FRAP 39 AND LOCAL RULE 39(a) AND (b) AS FOLLOWS:

| | |
|---|---|
| **A. Case Number & Caption** | |
| **B. Prevailing Party Claiming Costs** | |
| **C. Docketing Fee Claimed** ($450 for appeals filed on or after April 9, 2006) | |
| **D. Actual Printing Charges Incurred by Counsel** (attach bills) | |
| **E. Local Rule 39(a) Cap on Taxable Printing Costs** ($4.00 per original page of formal briefs & appendices, based on page count in docket entry) | Total original brief/appendix pages:   [           ]<br> x $4.00 / pg<br><br>Total of Local Rule 39(a) Printing Cap  [           ] |
| **F. Lesser of Boxes D and E** | |
| **Total Costs Claimed** (total of boxes C & F) | |

1. Counsel must attach itemized bills if copying was done by a commercial printer. If copying was done in-house, counsel must attach a statement showing the total pages copied and the amount charged per page.

2. If costs are sought for or against the United States, or its agency or officer, counsel must cite statutory authority for the award of costs here:  [                                                              ].

3. Counsel must certify the accuracy of the bill of costs by signing below: I declare under penalty of perjury that the foregoing costs are true and correct and were necessarily incurred in this action.

**Signature:** _s/_____     **Date:** _____

**Certificate of Service**

I certify that on this date I served this document as follows:

**Signature:** _s/_____     **Date:** _____

## Analysis of Costs Awards[98]

| | Costs Awarded under FRAP 39 During 2009-2010 in the Fourth Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|---|
| | **FRAP 39(a)(1) appeal dismissed** (costs in favor of appellee(s)) | **FRAP 39(a)(2) judgment affirmed** (costs in favor of appellee(s)) | **FRAP 39(a)(3) judgment reversed** (costs in favor of appellant(s)) | **FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated** (costs taxed only as court orders) | | |
| | | | | **overall** | **Costs to appellee(s)** | **Costs to appellant(s)** |
| **Total Number of Individual Costs Awards**[99] | 1 | 67 | 16 | 25 | 5 | 20 |
| **Average Costs Award:** without outlier(s) | $180 | $345.04 | $1584.17 | $1625.01 | $634.92 | $1900.03 |
| **Average Costs Award:** with outlier(s) | N/A | N/A | $3172.08 | $2370.97 | N/A | $2804.98 |
| **Median Costs Award:** without outlier(s) | N/A | $224.00 | $1274.00 | $1334.00 | $662.00 | $1520.93 |
| **Median Costs Award:** with outlier(s) | N/A | N/A | $1409.05 | $1349.60 | N/A | $1662.13 |
| **Range of Costs Awards:** without outlier(s) | N/A | $2649.10 [$37.50 to $2686.60] | $2834.29 [$676.71 to $3511] | $4238.00 [$172.00 to $4410] | $1177.60 [$172.00 to $1349.60] | $4067.04 [$342.96 to $4410] |
| **Range of Costs Awards:** with outlier(s) | N/A | $3970.50 [$24.00 to $1850.67] | $15834.09 [$676.71 to $16510.80] | $13721 [$172.00 to $13893.00] | N/A | $13550.04 [$342.96 to $13893.00] |
| **Outlier(s)** | N/A | N/A | $6562.00 | $8005.98 | N/A | $8005.98 |
| | | | $7086.30 | $1389.00 | | $13893.00 |
| | | | $16510.80 | | | |

---

[98] The Fourth Circuit went live with CM/ECF on November 13, 2007, and their database includes all cases filed after that date as well as any pending cases that had activity after the live date.

[99] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

## Analysis of Outliers

| Analysis of Costs Awards Identified as Outliers in the Fourth Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|
| Amount of Costs Award | FRAP 39(a) Provision Costs Awarded Under | Nature of Suit | Consolidated appeal (total # cases) | Days from filing to final disposition | Itemization of Costs Awarded[100] |
| $6562.00 | FRAP 39(a)(3) | 3442 Jobs | no | 340 days | *Docket Fee ($450)<br>*Brief (10 copies) ($450)<br>*Reply (12 copies) ($330)<br>*Appendix (9 copies; 158 pgs./copy) ($5180.35--includes binding costs)<br>[79% of total award] |
| $7086.30 | FRAP 39(a)(3) | 3893 Environmental Matters | yes (5 cases) | 658 days | *Brief (17 copies, 98 pgs./copy) ($183.60)<br>*Reply (17 copies; 54 pgs./copy) ($108.80)<br>*Joint Appendix (13 copies; 4,831 pgs./copy @ .10/pg.; .50/pg. for color copies) ($6793.90—includes binding and cover costs)<br>[96% of total award] |
| $16510.80[101] | FRAP 39(a)(3) | 4360 Other Personal Injury | no | 623 days | *Docket Fee ($450)<br>*Brief (10 copies; 32 pgs./copy) ($177.50)<br>*Reply (10 copies; 31 pgs./copy) ($172.50)<br>*Appendix (8 copies; 3,840 pgs./copy @ .50/pg.) ($15710.80—included $180 for covers & $30 for binders)<br>[95% of total award]<br>**Note: Reimbursement of actual costs included $210 for covers, $35 for binders, $40 for 40 CDs with copies of trial exhibits; $100.80 for color copies |
| $8005.98 | FRAP 39(a)(4) vacated; costs awarded to appellants | 3422 Bankruptcy Appeals Rule 28 USC 158 | no | 651 days | *Docket Fee ($450)<br>*Brief (11 copies; 44 pgs./copy) ($169.40)<br>*Reply brief (11 copies; 23 pgs./copy) ($88.55)<br>* Joint Appendix (9 copies; 494 pgs./copy @ .30/pg.) ($1333.80)<br>*Supplemental Joint Appendices(6 copies; 2,944 pgs./copy @ .30/copy)(8 copies; 69 pgs./copy @ .30/copy) ($5464.80)<br>[85% of total award]<br>**Note: Reimbursement of actual costs included $450 for consultation fees & $49.43 FedEx/UPS fees. |
| $13893.00 | FRAP 39(a)(4) vacated; costs awarded to appellants | 3442 Jobs | no | 525 days | *Docket Fee ($450)<br>*Appellant's Bill of Cost statement consisted of: "67,215 required pages @ .20 page"<br><br>Docket indicates appellant filed following but # copies of each not available::<br>*Brief (76 pgs.)<br>*Reply (44 pgs.)<br>*Appendix (9345 pgs.) |

---

[100] Where the information was available through the docket, costs awards are broken out to identify the items reimbursed—i.e., docket fee, brief, reply brief, and/or appendix. Where available, the number of copies, pages per copy, costs per page, and total costs per document will be provided for briefs and appendices.
[101] *Snyder v. Phelps*, et al., No. 08-1026 (4th Cir. Oct. 6, 2009).

# United States Court of Appeals for the Fifth Circuit

## Summary of Materials Addressing Fed. R. App. P. 39 Costs[102]

**Maximum Rates:**

**Fifth Circuit Local Rule 39.1 Taxable Rates.** The cost of reproducing necessary copies of the briefs, appendices, or record excerpts shall be taxed at a rate of actual cost, or $.15 per page, whichever is less, including cover, index, and internal pages, for any form of reproduction costs.

The cost of the binding required by 5th CIR. R. 32.2.3 that mandates that briefs must lie reasonably flat when open shall be a taxable cost but not limited to the foregoing rate. This rate is intended to approximate the current cost of the most economical acceptable method of reproduction generally available; and the clerk will, at reasonable intervals, examine and review it to reflect current rates.

**Clerk's Office, Most Frequently Asked Questions (rev. 5/08) (available on the court's website). Bills Of Costs. What is recoverable under a "bill of costs?"** (p.10-11) In general, see 5th CIR. R. 39. If the court awards you costs, you may submit a bill of costs and recover:

   **a.** The $450 filing fee (if you are the appellant);

   **b.** Your costs for preparing up to 10 copies of the record excerpts at the lesser of actual cost or $0.15 per page; the cost of covers at up to $.25 per page; the cost of spiral binding up to $1.50 per binding; sales tax if the record excerpts are commercially printed and you attach a copy of the invoice;

   **c.** The actual costs of tabs used to separate portions of the record excerpts as required by 5th CIR R. 30.1.7(c);

   **d.** Your costs in preparing up to 15 copies of your brief at the lesser of actual cost or $0.15 per page and for covers, binding and sales tax as shown in b above.

**Maximum Number of Copies for Which Costs Are Recoverable:**

**Fifth Circuit Local Rule 39.1 Taxable Rates. (cont.):** . . . Taxable costs will be authorized for up to

     15 copies for a brief and

     10 copies of an appendix or record excerpts,

     unless the clerk gives advance approval for additional copies.

**Fifth Circuit Local Rule 39.2 Nonrecovery of Mailing and Commercial Delivery Service Costs.** Mailing and commercial delivery fees incurred in transmitting briefs are not recoverable as taxable costs.

---

[102]The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

**Clerk's Office, Most Frequently Asked Questions (rev. 5/08) (available on the court's website) Bills Of Costs. What costs are not recoverable?** (p.11) You may not be reimbursed, inter alia, for:

    a.   The costs of trial transcripts;
    b.   UPS or FedEx, etc., costs;
    c.   Costs for petitions for panel or en banc rehearings, or for initial en banc hearing;
    d.   Costs for a "Rule 28(j) letter";
    e.   The costs of typing fees or general office overhead;
    f.   Attorney's fees.

**Requirements for Recovery of Costs:**

**Fifth Circuit Local Rule 39.3 Time for Filing Bills of Costs.** The clerk must receive bills of costs and any objections within the times set forth in Fed. R. App. P. 39(d).

**Clerk's Office, Most Frequently Asked Questions (rev. 5/08) (available on the court's website).Bills Of Costs** (pp. 11-12):
**How many copies of a bill of costs do I have to submit**? You must submit one bill of costs with an original signature.
**Where do I send the bill of costs**? (address of Fifth Circuit Clerk's Office in New Orleans, LA)
**I have not received payment, what should I do?** Contact the district court in which the action was filed.

**<u>Bill of Costs Form</u>.** This form is not available on the court's website; it must be requested from the Clerk's Office. The form requires the requesting party to state the number of copies, pages per copy, and cost per page in calculating the total cost for the appendix or record excerpts, appellant's brief, appellee's brief, or the appellant's reply brief.

**BILL OF COSTS**

**NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion, See* FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.**

_____ v. _____ No. _____

The Clerk is requested to tax the following costs against: _____

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |
| | Total $ _____ | | | | Costs are taxed in the amount of $ _____ | | | |

Costs are hereby taxed in the amount of $ _____ this _____ day of _____, _____.

LYLE W. CAYCE, CLERK

State of
County of _____

By _____
**Deputy Clerk**

I _____, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This _____ day of _____, _____.

_____
**(Signature)**

**\*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS**

Attorney for _____

**39.1 Taxable Rates.** *The cost of reproducing necessary copies of the brief, appendices, or record excerpts shall be taxed at a rate not higher than $0.15 per page, including cover, index, and internal pages, for any for of reproduction costs. The cost of the binding required by 5ᵀᴴ Cɪʀ. R. 32.2.3that mandates that briefs must lie reasonably flat when open shall be a taxable cost but not limited to the foregoing rate. This rate is intended to approximate the current cost of the most economical acceptable method of reproduction generally available; and the clerk shall, at reasonable intervals, examine and review it to reflect current rates. Taxable costs will be authorized for up to 15 copies for a brief and 10 copies of an appendix or record excerpts, unless the clerk gives advance approval for additional copies.*

**39.2 Nonrecovery of Mailing and Commercial Delivery Service Costs.** *Mailing and commercial delivery fees incurred in transmitting briefs are not recoverable as taxable costs.*

**39.3 Time for Filing Bills of Costs.** *The clerk must receive bills of costs and any objections within the times set forth in* Fᴇᴅ. R. Aᴘᴘ. P. 39(ᴅ). *See 5ᵀᴴ Cɪʀ. R. 26.1.*

Fᴇᴅ. R. Aᴘᴘ. P. 39.      **COSTS**

**(a) Against Whom Assessed.** The following rules apply unless the law provides or the court orders otherwise;

(1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

(2) if a judgment is affirmed, costs are taxed against the appellant;

(3) if a judgment is reversed, costs are taxed against the appellee;

(4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

**(b) Costs For and Against the United States.** Costs for or against the United States, its agency or officer will be assessed under Rule 39(a) only if authorized by law.

**©) Costs of Copies** Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by rule 30(f). The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

**(d) Bill of costs: Objections; Insertion in Mandate.**

(1) A party who wants costs taxed must – within 14 days after entry of judgment – file with the circuit clerk, with proof of service, an itemized and verified bill of costs.

(2) Objections must be filed within 10 days after service of the bill of costs, unless the court extends the time.

(3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must – upon the circuit clerk's request – add the statement of costs, or any amendment of it, to the mandate.

**(e) Costs of Appeal Taxable in the District Court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule;

(1) the preparation and transmission of the record;

(2) the reporter's transcript, if needed to determine the appeal;

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal.

## Analysis of Costs Awards[103]

| | Costs Awarded under FRAP 39 During 2009-2010 in the Fifth Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|---|
| | **FRAP 39(a)(1) appeal dismissed** (costs in favor of appellee(s)) | **FRAP 39(a)(2) judgment affirmed** (costs in favor of appellee(s)) | **FRAP 39(a)(3) judgment reversed** (costs in favor of appellant(s)) | **FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated** (costs taxed only as court orders) | | |
| | | | | **overall** | **Costs to appellee(s)** | **Costs to appellant(s)** |
| **Total Number of Individual Costs Awards[104]** | 3[105] | 96[106] | 16[107] | 16[108] | 4 | 12 |
| **Average Costs Award** | $185.30 | $104.51 | $690.89 | $498.94 | $197.59 | $599.38 |
| **Median Costs Award** | $117.30 | $79.00 | $649.80 | $518.83 | $184.20 | $559.55 |
| **Range of Costs Awards** | $373.80 [$32.40 to $406.20] | $434.89 [$13.50 to $448.39] | $1010.30 [$408.20 to $1418.50] | $1018.65 [$27.60 to $1046.25] | $366.75 [$27.60 to $394.35] | $609.03 [$437.22 to $1046.25] |

---

[103] The Fifth Circuit went live with CM/ECF on February 17, 2009, and their database includes all cases filed after that date as well as any pending cases that had activity after the live date. As footnotes 105 through 108 attached to the total number of individual costs awards listed in the table under each FRAP(a) provision explains, in the Fifth Circuit there were a number of costs approved and awarded under each of the four FRAP(a) provisions where the final approved bill of cost was mentioned in and attached to the mandate, but not accessible through the docket. The data presented in this table for the Fifth Circuit are derived only from those costs awards in which the final approved bill of costs was accessible through the docket to allow verification of the final amount awarded (30% or 201 of the 430 total costs awards issued)..

[104] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

[105] There were 10 additional costs awards approved under FRAP 39(a)(1) and referenced in the mandate but the final amount awarded could not be verified.

[106] There were 225 additional costs awards approved under FRAP 39(a)(2) and referenced in the mandate but the final amount awarded could not be verified.

[107] There were 36 additional costs awards approved under FRAP 39(a)(3) and referenced in the mandate but the final amount awarded could not be verified.

[108] There were 38 additional costs awards approved under FRAP 39(a)(4) and referenced in the mandate but the final amount awarded could not be verified. Costs were awarded to the appellee in 14 of these awards, and costs were awarded to the appellant in the remaining 24 awards.

# United States Court of Appeals for the Sixth Circuit

**Summary of Materials Addressing Fed. R. App. P. 39 Costs**[109]

**Maximum Rates:**

**6th Circuit Local Rule 39 Costs—Costs Recoverable for Filing of Required Paper Briefs**
**(a) Reproduction Costs.** Costs shall be taxed at the lesser of the actual cost or a cost of .25 cents per page, including covers, index, and table of authorities, regardless of the reproduction process used.

Note: 6 CIR R. 39(a) is the same as former Rule 39(a), thus the same rate applies to cases filed before and after June 1, 2008.

**Maximum Number of Copies for Which Costs Are Recoverable:**

**Former 6 CIR R. 39(b)—applies to cases filed before June 1, 2008**
**(b) Number of Briefs and Appendices.** Costs shall be taxed for seven copies of each brief plus two copies for each party required to be served, and for six copies of the joint appendix plus one copy for each party required to be served, unless advance approval for additional copies is obtained from the clerk.

**Revised 6 CIR. R. 39(b)—applies to cases filed on or after June 1, 2008**
**(b) Number of Briefs and Appendices**. When the court allows paper briefs to be filed, costs may be taxed for two copies for each party required to be served. When the court allows a paper appendix, costs may be taxed for one copy for each party required to be served.

**Comment:** Rule 39(b) is revised to account for the reduced number of copies required when there are paper filings.

**6 Cir. R. 25 Filing, Proof of Filing, Service, and Proof of Service-Acknowledgment of Filing; Electronic Case Filing**
(a) Unless otherwise required by the Sixth Circuit Rules or by order of the court, all documents submitted in cases filed with the Sixth Circuit on or after June 1, 2008, shall be filed electronically, using the Electronic Case Filing (ECF) system. Electronic filings shall be governed by the Sixth Circuit Rules and by the Sixth Circuit Guide to Electronic Filing.
(b) **Exceptions to Electronic Filing.** The following documents shall not be filed electronically, but shall be filed in paper format:
    (1) Any document filed by a party that is unrepresented by counsel;
    (2) Petitions for permission to appeal under Fed. R. App. P. 5;
    (3) Petitions for review of an agency order under Fed. R. App. P. 15;
    (4) Petitions for a writ of mandamus or writ of prohibition under Fed. R. App. P. 21;
    (5) Applications for any other extraordinary writ under Fed. R. App. P. 21;

---

[109] The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

(6) Any other document initiating an original action in the court of appeals;

(7) Motions to authorize the filing in the district court of a second or successive petition for a writ of habeas corpus under 6 Cir. R. 22;

(8) Documents filed under seal;

(9) Documents relating to complaints of attorney misconduct;

(10) Vouchers or other documents relating to claims for compensation and reimbursement of expenses incurred with regard to representation afforded under the Criminal Justice Act; and

(11) Documents that exceed any limit that the court may set for the size of electronic filings.

**6 Cir. R. 30 Appendix to the Briefs** requires leave of court before a paper appendix may be filed, except for death penalty cases (5 copies of paper appendix must be filed).

**Requirements for Recovery of Costs:**

**6 CIR. R. 39 (c) How Recovered.** An itemized and verified bill of costs must be filed within 14 days of the entry of judgment (unless time is enlarged by motion granted). An affidavit of counsel with bills attached as exhibits will usually suffice to prove costs.

**6 Cir. Internal Operating Procedure 39 Costs-Bill of Costs-Motion to Extend Time**

(a) **Bills of Costs.** Costs in this court include the court of appeals docket fee (where applicable) and production of the briefs and appendix, as limited by 6 Cir.R.39. This court does not look favorably upon commercial printing or other expensive methods of producing the briefs and appendix. Therefore, 6 Cir.R. 39 limits the costs which are recoverable for the production or reproduction of those documents. Attorney fees are generally not considered costs of appeal.

(b) **Motion to Extend Time to File Bill of Costs**. Uncontested motions for extensions of time to file a bill of costs are decided by the clerk. Contested motions are decided by a single judge.

**Bill of Costs Form:** The Sixth Circuit does not have an official Bill of Costs Form but requires the filing of "an itemized and verified" document to request costs.

## Analysis of Costs Awards: Cases Filed Before June 1, 2008[110]

| | Costs Awarded under FRAP 39 During 2009-2010 in the Sixth Circuit Court of Appeals (for cases filed before June 1, 2008) | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | **FRAP 39(a)(1) appeal dismissed** (costs in favor of appellee(s)) | **FRAP 39(a)(2) judgment affirmed** (costs in favor of appellee(s)) | **FRAP 39(a)(3) judgment reversed** (costs in favor of appellant(s)) | **FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated** (costs taxed only as court orders) | | |
| | | | | **overall** | **Costs to appellee(s)** | **Costs to appellant(s)** |
| **Total Number of Individual Costs Awards**[111] | 0 | 17 | 8 | 10 | 5 | 5 |
| **Average Costs Award:** without outlier(s) | N/A | $280.16 | $443.83 | $592.42 | $652.85 | $532.00 |
| **Average Costs Award:** with outlier(s) | N/A | N/A | $675.37 | $893.55 | $908.88 | $878.22 |
| **Median Costs Award:** without outlier(s) | N/A | $203.50 | $455.00 | $568.99 | $712.50 | $497.49 |
| **Median Costs Award:** with outlier(s) | N/A | $N/A | $529.80 | $658.00 | $787.00 | $499.98 |
| **Range of Costs Awards:** without outlier(s) | N/A | $879.95 [$16.50 to $896.45] | $493.62 [$166.38 to $660.00] | $594.18 [$296.10 to $890.28] | $594.18 [$296.10 to $890.28] | $223.00 [$455.00 to $678.00] |
| **Range of Costs Awards:** with outlier(s) | N/A | N/A | $1311.87 [$166.38 to $1478.25] | $1967.02 [$296.10 to $2263.12] | $1636.90 [$296.10 to $1933.00] | $1808.12 [$455.00 to $2263.12] |
| **Outliers** | N/A | N/A | $1261.76 | $1933.00 | $1933.00 | N/A |
| | | | $1478.25 | $2263.12 | N/A | $2263.12 |

---

[110] The Sixth Circuit went live with CM/ECF on August 20, 2007, and their database includes all cases filed after that date as well as any pending cases that had activity after the live date. Because costs awarded for cases filed prior to June 1, 2008, were governed by former Sixth Cir Rule 39(b) that has since been revised to incorporate the reduced number of copies required due to electronic filing, costs awarded in cases filed prior to June 1, 2008, are analyzed separately from costs awarded in cases filed on or after June 1, 2008.

[111] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

## Analysis of Outliers: Cases Filed Before June 1, 2008

| Amount of Costs Award | FRAP 39(a) Provision Costs Awarded Under | Nature of Suit | Consolidated appeal (total # cases) | Days from filing to final disposition | Itemization of Costs Awarded[112] |
|---|---|---|---|---|---|
| \multicolumn | | | | | |

<table>
<tr><td colspan="6" align="center"><b>Analysis of Costs Awards Identified as Outliers<br>in the Sixth Circuit Court of Appeals<br>(for cases filed before June 1, 2008)</b></td></tr>
<tr><td><b>Amount of Costs Award</b></td><td><b>FRAP 39(a) Provision Costs Awarded Under</b></td><td><b>Nature of Suit</b></td><td><b>Consolidated appeal (total # cases)</b></td><td><b>Days from filing to final disposition</b></td><td><b>Itemization of Costs Awarded[112]</b></td></tr>
<tr><td>$1261.76</td><td>FRAP 39(a)(3)</td><td>3442 Civil Rights: Jobs</td><td>no</td><td>421 days</td><td>*Docket Fee ($455)<br>* Proof brief (418 total pages) ($50.16)<br>*Reply (798 total pages) ($138.60)<br>*Appendix (4,218 total pages) ($421.80)<br>[33% of total award]</td></tr>
<tr><td>$1478.25</td><td>FRAP 39(a)(3)</td><td>4110 Contract: Insurance</td><td>no</td><td>390 days</td><td>Bill of Cost not available: mandate indicated costs awarded as follows:<br>*Filing Fee ($450)<br>*Printing costs ($1028.25)</td></tr>
<tr><td>$1933.00</td><td>FRAP 39(a)(4) affirmed part, reversed part; costs awarded to appellee/ cross-appellant</td><td>3440 Civil Rights: Other</td><td>yes (2 cases)</td><td>419 days</td><td>*Bill of Cost not available: mandate indicated cost award of $1933.00 to be recovered by appellee</td></tr>
<tr><td>$2263.12</td><td>FRAP 39(a)(4) affirmed part, vacated part; costs awarded to appellants</td><td>4190 Contract: Other</td><td>no</td><td>517 days</td><td>*Proof Brief & Proof Reply ($135.40)<br>*Final Brief (7 copies; 55 pgs/copy) ($209)<br>*Final Reply brief (7 copies; 17 pgs/copy) ($64.60)<br>*Joint Appendix (5 copies; 744 pgs. per copy) ($1636.80)<br>[72% of total award]<br><br>*Note: Reimbursement of actual costs included $18.20 for copies of misc. letters to court; $85.75 postage for service of filings; $81.49 FedEx delivery fees.</td></tr>
</table>

---

[112] Where the information was available through the docket, costs awards are broken out to identify the items reimbursed—i.e., docket fee, brief, reply brief, and/or appendix. Where available, the number of copies, pages per copy, cost per page, and total costs per document are provided for briefs and appendices.

**Analysis of Costs Awards: Cases Filed After June 1, 2008**

| | Costs Awarded under FRAP 39 During 2009-2010 in the Sixth Circuit Court of Appeals (for cases filed on or after June 1, 2008) | | | | | |
|---|---|---|---|---|---|---|
| | **FRAP 39(a)(1) appeal dismissed** (costs in favor of appellee(s)) | **FRAP 39(a)(2) judgment affirmed** (costs in favor of appellee(s)) | **FRAP 39(a)(3) judgment reversed** (costs in favor of appellant(s)) | **FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated** (costs taxed only as court orders) | | |
| | | | | **overall** | **Costs to appellee(s)** | **Costs to appellant(s)** |
| **Total Number of Individual Costs Awards**[113] | 0 | 1 | 3 | 7 | 0 | 7 |
| **Average Costs Award:** | N/A | $18.20 | $322.17 | $389.96 | N/A | $389.96 |
| **Median Costs Award:** | N/A | N/A | $455.00 | $450.00 | N/A | $450.00 |
| **Range of Costs Awards:** | N/A | N/A | $398.48 [$56.52 to $455.00] | $465.25 [$4.75 to $470.00] | N/A | $465.25 [$4.75 to $470.00] |

---

[113] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

# United States Court of Appeals for the Seventh Circuit

## Summary of Materials Addressing Fed. R. App. P. 39 Costs[114]

### Maximum Rates:

#### Seventh Circuit Rule 39. Costs of Printing Briefs and Appendices

The cost of printing or otherwise producing copies of briefs and appendices shall not exceed the maximum rate per page as established by the clerk of the court of appeals. If a commercial printing process has been used, a copy of the bill must be attached to the itemized and verified bill of costs filed and served by the party.

The Seventh Circuit does not have a formal fee schedule in writing; there is an informal policy established by the chief judge which currently reimburses a party to whom costs are awarded under FRAP 39:

$ .10 cents per page to copy briefs
$2 per brief for bindings and covers

**Maximum Number of Copies for Which Costs Are Recoverable:** Seventh Circuit Local Rule 39 does not set mention number of copies reimbursable, but the Seventh Circuit *Practitioner's Handbook for Appeals* provides that the court will only reimburse for a "reasonable" number of copies requiring the party seeking costs to consult the circuit's requirements for filing briefs and appendices.

#### Seventh Circuit Rule 31. Filing of Briefs and Failure to Timely File Briefs

. . . (b) **Number of Briefs Required**. The clerk of this court is authorized to accept 15 copies of briefs as substantial compliance with Fed. R. App. P. 31(b). Appointed counsel shall also file 15 copies.

Since Seventh Circuit Rule 30, which establishes requirements for appendices, does not establish the number of copies of an appendix a party must file, Federal Rule of Appellate Procedure 30(a)(3)'s default requirements will be adopted as the Seventh Circuit's filing requirements for appendices and thus establish the maximum number of copies recoverable as costs.

#### Federal Rule of Appellate Procedure 30:Appendix to the Briefs

(a) **Appellant's Responsibility.** (3) *Time to File; Number of Copies*. Unless filing is deferred under Rule 30(c), the appellant must file 10 copies of the appendix with the brief and must serve one copy on counsel for each party separately represented. An unrepresented party proceeding in forma pauperis must file 4 legible copies with the clerk, and one copy must be served on counsel for each separately represented party. The court may by local rule or by order in a particular case require the filing or service of a different number.

---

[114]The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections which are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

**Requirements for Recovery of Costs:**

**Seventh Circuit Practitioner's Handbook for Appeals (2003 Edition)**
**XIXIX. Costs**

    A bill of costs must be filed within 14 days after entry of the judgment. If there is a reversal, the docket fee may be taxed against the losing party. The cost of printing or otherwise reproducing the briefs and appendix is also ordinarily recoverable by the successful party on appeal. Fed. R. App. P. 39(c); Cir. R. 39. So also is the cost of reproducing parts of the record pursuant to Fed. R. App. P. 30(f) and that of reproducing exhibits pursuant to Rule 30(e). However, costs for a lengthy appendix will not be awarded. Cir. R. 30(e).

    The bill of costs must contain an affidavit itemizing allowable costs. The affidavit may be made by a party, counsel, or the printer with proof of service upon opposing counsel. A bill of costs filed after the 14 days will rarely be allowed and it must be accompanied by an affidavit showing that extraordinary circumstances prevented the filing of the bill on time. No court action is necessary on a timely filed bill of costs unless it is objected to by opposing counsel. The reasonableness of the charges contained in the affidavit is about the only reason for objection. Fed.R. App. P. 39(c), Cir. R. 39. The court must determine whether the costs are reasonable. Usually, the matter of costs in the court of appeals is settled before issuance of the mandate; but, if not, the clerk may send a supplemental bill of costs to the district court for inclusion in the mandate at a later date. The clerk prepares an itemized statement of costs for insertion in the mandate. Fed. R. App. P. 39(d).

    Although taxable in the court of appeals, the costs are actually recoverable only in the district court after issuance of the mandate with its attached bill of costs. The money involved never physically changes hands at the court of appeals level.

    Various costs incidental to appeal must be settled at the district court level. Among such items are: (1) the cost of the reporter's transcript ; (2) the fee for filing the notice of appeal; and (3) the premiums paid for any required appeal bond. Fed. R. App. P. 39(e). Application for recovery of these expenses by the successful party on appeal must be made in the district court after the mandate issues.

**<u>Bill of Costs Form</u>:** The Seventh Circuit does not have an official Bill of Costs Form. However, an affidavit itemizing allowable costs must be filed by the party requesting costs.

Case 2:10-md-02179-CJB-DPC   Document 11317-3   Filed 09/10/13   Page 65 of 95

*Federal Judicial Center*      *Comparative Study of FRAP 39 Costs for the Advisory Committee on Appellate Rules*      *April 2011*

## Analysis of Costs Awards[115]

| | Costs Awarded under FRAP 39 During 2009-2010 in the Seventh Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|---|
| | **FRAP 39(a)(1) appeal dismissed**<br><br>(costs in favor of appellee(s)) | **FRAP 39(a)(2) judgment affirmed**<br><br>(costs in favor of appellee(s)) | **FRAP 39(a)(3) judgment reversed**<br><br>(costs in favor of appellant(s)) | **FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated**<br>(costs taxed only as court orders) | | |
| | | | | **overall** | **Costs to appellee(s)** | **Costs to appellant(s)** |
| **Total Number of Individual Costs Awards[116]** | 2 | 125 | 39 | 32 | 7 | 25 |
| **Average Costs Award:** without outlier(s) | $142.91 | $198.22 | $627.47 | $600.07 | $327.26 | $679.64 |
| **Average Costs Award:** with outlier(s) | N/A | N/A | $676.41 | $700.02 | N/A | $804.39 |
| **Median Costs Award:** without outlier(s) | $142.91 | $144.00 | $655.25 | $592.50 | $227.83 | $676.60 |
| **Median Costs Award:** with outlier(s) | N/A | N/A | $665.30 | $613.05 | N/A | $701 |
| **Range of Costs Awards:** without outlier(s) | $134.19<br><br>[$75.81 to $210.00] | $943.60<br><br>[$20.00 to $963.60] | $1470.77<br><br>[$133.83 to $1604.60] | $1816.98<br><br>[$95.42 to $1912.40] | $838.65<br><br>[$121.80 to $960.45] | $1816.98<br><br>[$95.42 to $1912.40] |
| **Range of Costs Awards:** with outlier(s) | N/A | N/A | $2402.17<br><br>[$133.83 to $2536.00] | $3703.04<br><br>[$95.42 to $3798.46] | N/A | $3703.04<br><br>[$95.42 to $3798.46] |
| **Outlier(s)** | N/A | N/A | $2536.00 | $3798.46 | N/A | $3798.46 |

---

[115] The Seventh Circuit went live with CM/ECF on March 31, 2008, and their database only includes cases filed after that date because the Seventh Circuit is one of the three circuits that are not converting their pending cases from their old system to CM/ECF. Thus, our database of costs awards will not include final costs awarded in cases filed before March 31, 2008.

[116] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

## Analysis of Outliers

| Analysis of Costs Awards Identified as Outliers in the Seventh Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|
| Amount of Costs Award | FRAP 39(a) Provision Costs Awarded Under | Nature of Suit | Consolidated appeal (total # cases) | Days from filing to final disposition | Itemization of Costs Awarded[117] |
| $2536.00 | FRAP 39(a)(3) | 4190 Other Contract Actions | yes (2 cases) | 412 days | *Docket Fee ($900--consolidated appeals) *Brief (40 copies; 3,280 pgs. total) ($656) *Appendix (30 copies; 280 pgs/copy) ($840) [33% of total award] *Covers ($140) |
| $3798.46 | FRAP 39(a)(4) affirmed part, reversed part; costs awarded to appellant /cross-appellee (Chapter 7 trustee) | Bankruptcy appeal | yes (2 cases) | 246 days | Itemized Bill of Cost not available; mandate issued listing total amount of award "for reproduction of briefs."  *Note: Docket shows appellant filed the following: *Brief (15 copies) *Appendix (10 copies; vols. 1-7) *Reply (15 copies) |

---

[117] Where the information was available through the docket, costs awards are broken out to identify the items reimbursed—i.e., docket fee, brief, reply brief, and/or appendix. Where available, the number of copies, pages per copy, cost per page, and total costs per document are provided for briefs and appendices.

## United States Court of Appeals for the Eighth Circuit

**Summary of Materials Addressing Fed. R. App. P. 39 Costs**[118]

**Maximum Rates:**

**Eighth Circuit Local Rule 39A: Taxation of Costs**
**(a) Taxation of Reproduction Costs.** The cost of printing or otherwise reproducing necessary copies of briefs, separate addenda, and appendices must be taxable as follows:
. . . .

(4) REPRODUCTION COSTS. The clerk will tax reproduction costs, regardless of reproduction method, at the following rate:

| | |
|---|---|
| Reproduction per page per copy . . . . | $ .15 |
| Binding per brief, separate addendum, or appendix | $2.00 |
| Cover per brief, separate addendum, or appendix | $2.00 |
| Sales tax (if any) | at applicable rate |

(5) OTHER COSTS. The clerk will not allow taxation of other costs associated with preparation of the brief or appendix. Parties cannot recover costs for overnight or special delivery.

**Maximum Number of Copies for Which Costs Are Recoverable:**

**Eighth Circuit Local Rule 39A: Taxation of Costs**
**(a) Taxation of Reproduction Costs.** The cost of printing or otherwise reproducing necessary copies of briefs, separate addenda, and appendices must be taxable as follows:

(1) Briefs. Unless the court has directed the parties to file a greater number of briefs, the clerk will allow taxation of costs for only 10 copies of each brief, plus 1 copy for each party separately represented.

(2) Separate Addenda. Unless the court has directed the parties to file a greater number of separate addenda, the clerk will allow taxation of costs for only 10 copies of each separate addendum prepared under 8th Cir. R. 28A(b)(2), plus 1 copy for each party separately represented.

(3) Appendices. Unless the court has directed the parties to file a greater number of appendices, the clerk will allow taxation of costs for only 3 copies of each appendix, plus 1 copy for each party separately represented.

---

[118] The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

**Requirements for Recovery of Costs:**

**Eighth Circuit Local Rule 39A: Taxation of Costs**

**(b) Filing Date.** The prevailing party may file a bill of costs within 14 days after the entry of judgment. Untimely bills will be denied unless a motion showing good cause is filed with the bill. The losing party must file any objections to the bill of costs with 7 days after being served. If a party files a motion showing good cause, the clerk may grant a 7-day extension for filing either the bill of costs or the objections.

**(c) Support for Bill of Costs.** The bill of costs must be itemized and verified. Any receipts must be attached as exhibits to the bill of costs.

**United States Court of Appeals for the Eighth Circuit, Internal Operating Procedures (rev 10/1/2010) E. COSTS**

Costs taxable in the court of appeals are limited to the expense of reproduction of the briefs and designated record, and the docket fee, if the appellant prevails. See FRAP 39(c). The prevailing party normally is entitled to recover these costs after complying with FRAP 39(d).

The verified bill of costs required by FRAP 39(d) may be that of a party or counsel, or a printer's verified bill of costs evidencing payment of the bill for a specified brief. When an objection is filed the court must determine whether the costs are reasonable for the area where the clerk's office is located. See FRAP 39(c). The court will rule on a timely bill of costs if the opposing party objects; absent an objection, the clerk will approve a timely-filed and properly-supported bill of costs. If costs have not been settled before issuance of the mandate, the clerk proceeds as specified in FRAP 39(d).

Some costs of an appeal must be taxed in the district court. See FRAP 39(e). After the district court receives the court of appeals mandate, a party must apply to the district court for recovery of these costs within the time the district court rules prescribe.

<u>**Bill of Costs Form:**</u> The Eighth Circuit does not have an official Bill of Costs Form but requires the filing of "an itemized and verified" document with receipts attached.

## Analysis of Costs Awards[119]

| | Costs Awarded under FRAP 39 During 2009-2010 in the Eighth Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|---|
| | **FRAP 39(a)(1) appeal dismissed** <br><br> (costs in favor of appellee(s)) | **FRAP 39(a)(2) judgment affirmed** <br><br> (costs in favor of appellee(s)) | **FRAP 39(a)(3) judgment reversed** <br><br> (costs in favor of appellant(s)) | **FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated** <br>(costs taxed only as court orders) | | |
| | | | | **overall** | **Costs to appellee(s)** | **Costs to appellant(s)** |
| **Total Number of Individual Costs Awards[120]** | 1 | 72 | 18 | 11 | 0 | 11 |
| **Average Costs Award:** without outlier(s) | $141.60 | $269.32 | $813.36 | $874.88 | N/A | $874.88 |
| **Average Costs Award:** with outlier(s) | N/A | N/A | N/A | $1347.75 | N/A | $1347.75 |
| **Median Costs Award:** without outlier(s) | N/A | $212.84 | $579.46 | $927.38 | N/A | $927.38 |
| **Median Costs Award:** with outlier(s) | N/A | N/A | N/A | $1015.76 | N/A | $1015.76 |
| **Range of Costs Awards:** without outlier(s) | N/A | $1013.20 <br><br> [$50.40 to $1063.60] | $2248.60 <br><br> [$87.10 to $2335.70] | $1374.69 <br><br> [$332.81 to $1707.50] | N/A | $1374.69 <br><br> [$332.81 to $1707.50] |
| **Range of Costs Awards:** with outlier(s) | N/A | N/A | N/A | $5743.63 <br><br> [$332.81 to $6076.44] | N/A | $5743.63 <br><br> [$332.81 to $6076.44] |
| **Outlier(s)** | N/A | N/A | N/A | $6076.44 | N/A | $6076.44 |

---

[119] The Eighth Circuit went live with CM/ECF on December 18, 2006, and their database includes all cases filed after that date as well as any pending cases that had activity after the live date.

[120] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

## Analysis of Outliers

| Analysis of Costs Awards Identified as Outliers in the Eighth Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|
| **Amount of Costs Award** | **FRAP 39(a) Provision Costs Awarded Under** | **Nature of Suit** | **Consolidated appeal (total # cases)** | **Days from filing to final disposition** | **Itemization of Costs Awarded[121]** |
| $6076.44 | FRAP 39(a)(4) affirmed part, reversed part; costs awarded to appellant | 3110 Insurance | no | 537 | *Brief (16 copies; 138 pgs./copy) ($395.20—includes $64 for covers and binding) *Reply (16 copies; 52 pgs./copy) ($188—includes $64 for covers and binding) *Appendix (9 copies; 3497 pgs./copy @ .15/pg.) ($5296.95--includes $64 for covers and binding for 16 volumes) [87% of total award] *Sales tax ($195.49) |

---

[121] Where the information was available through the docket, costs awards are broken out to identify the items reimbursed—i.e., docket fee, brief, reply brief, and/or appendix. Where available, the number of copies, pages per copy, cost per page, and total costs per document are provided for briefs and appendices.

# United States Court of Appeals for the Ninth Circuit

**Summary of Materials Addressing Fed. R. App. P. 39 Costs**[122]

**Maximum Rates:**

> **9th Circuit Local Rule 39-1. Costs and Attorneys Fees on Appeal**
> **39-1.3. Cost of Reproduction**
> In taxing costs for photocopying documents, the clerk shall tax costs at a rate not to exceed 10 cents per page, or at actual cost, whichever is less.

**Maximum Number of Copies for Which Costs Are Recoverable:**

> **9th Circuit Local Rule 39-1. Costs And Attorneys Fees On Appeal**
> **39-1.2. Number of Briefs and Excerpts**
> Costs will be allowed for the required number of paper copies of briefs and one additional copy. Costs will also be allowed for any paper copies of the briefs that the eligible party was required to serve.
>
> If excerpts of record were filed, costs will be allowed for 5 copies of the excerpts of record plus 1 copy for each party required to be served, unless the Court shall direct a greater number of excerpts to be filed than required under Circuit Rules 30-1.3 and 17-1.3.
>
> **Ninth Circuit Rule 31-1. Number of Briefs** requires filing of 1 original and 7 copies of each brief.
>
> **Ninth Circuit Local Rule 30-2. Sanctions For Failure To Comply With Circuit Rule 30-1**
> If materials required to be included in the excerpts under these rules are omitted, or irrelevant materials are included, the court may take one or more of the following actions:
> > **(a)** strike the excerpts and order that they be corrected and resubmitted;
> > **(b)** order that the excerpts be supplemented;
> > **(c)** if the court concludes that a party or attorney has vexatiously or unreasonably increased the cost of litigation by inclusion of irrelevant materials, deny that portion of the costs the court deems to be excessive; and/or
> > **(d)** impose monetary sanctions.

**Requirements for Recovery of Costs:**

> **Ninth Circuit Local Rule 39-1. Costs and Attorneys Fees on Appeal**
> **39-1.1. Bill of Costs**
> The itemized and verified bill of costs required by FRAP 39(d) shall be submitted on the standard form provided by this court. It shall include the following information:
> > **(1)** The number of copies of the briefs or excerpts of record reproduced; and

---

[122]The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

(**2**) The actual cost per page for each document.

**39-1.4. Untimely Filing**
Untimely cost bills will be denied unless a motion showing good cause is filed with the bill.

**Unites States Court of Appeals for the Ninth Circuit, General Orders (December 2010)**
**Chapter IV: Dispositions**
**e. Costs**

Every disposition in a civil case where there is a mixed judgment, the lower tribunal's judgment is vacated, or where the panel determines that costs shall be unequally divided among the losing parties shall indicate in its text or in a separate order which party or parties shall bear the costs. The Clerk's Office, before filing the disposition, shall determine whether the disposition makes that indication. If the disposition does not indicate which party or parties shall bear the costs, the Clerk's Office immediately shall request that information from the authoring judge, who will enter an appropriate order.

<u>Bill of Costs Form:</u> Ninth Circuit Form 10. Bill of Costs is available upon request from the clerk and on the court's website. A bill of cost must be submitted on the court provided form and must be accompanied by a motion showing good cause. The form has two parts, one for requested fees and the other for allowed fees. For each item seeking reimbursement (excerpt of record, opening brief, answering brief, reply brief or other), the submitting party must indicate the number of documents, pages per document, cost per page and the total costs. Form 10 makes it clear that attorneys' fees cannot be requested and that costs per page cannot exceed $ .10 or actual cost, whichever is less.

**Form 10. Bill of Costs** ...............................................................................................*(Rev. 12-1-09)*

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[                              ]  v.  [                              ]  9th Cir. No. [            ]

The Clerk is requested to tax the following costs against: [                              ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| Excerpt of Record | [  ] | [  ] | $[  ] | $[  ] | [  ] | [  ] | $[  ] | $[  ] |
| Opening Brief | [  ] | [  ] | $[  ] | $[  ] | [  ] | [  ] | $[  ] | $[  ] |
| Answering Brief | [  ] | [  ] | $[  ] | $[  ] | [  ] | [  ] | $[  ] | $[  ] |
| Reply Brief | [  ] | [  ] | $[  ] | $[  ] | [  ] | [  ] | $[  ] | $[  ] |
| Other** | [  ] | [  ] | $[  ] | $[  ] | [  ] | [  ] | $[  ] | $[  ] |
| | | | TOTAL: | $[  ] | | | TOTAL: | $[  ] |

\* Costs per page may not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* Other: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1.  Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page.*

**Form 10. Bill of Costs -** *Continued*

I, [                    ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [                    ]

("s/" plus attorney's name if submitted electronically)

Date [                    ]

Name of Counsel: [                    ]

Attorney for: [                    ]

(To Be Completed by the Clerk)

Date [                    ]          Costs are taxed in the amount of $ [                    ]

Clerk of Court

By: [                    ] , Deputy Clerk

## Analysis of Costs Awards[123]

| | Costs Awarded under FRAP 39 During 2009-2010 in the Ninth Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|---|
| | FRAP 39(a)(1) appeal dismissed (costs in favor of appellee(s)) | FRAP 39(a)(2) judgment affirmed (costs in favor of appellee(s)) | FRAP 39(a)(3) judgment reversed (costs in favor of appellant(s)) | FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated (costs taxed only as court orders) | | |
| | | | | overall | Costs to appellee(s) | Costs to appellant(s) |
| Total Number of Individual Costs Awards[124] | 4 | 188 | 57 | 23 | 6 | 17 |
| Average Costs Award: without outlier(s) | $153.68 | $241.49 | $380.84 | $460.49 | $363.23 | $496.96 |
| Average Costs Award: with outlier(s) | N/A | $251.76 | $562.93 | $581.29 | N/A | $658.26 |
| Median Costs Award: without outlier(s) | $153.60 | $149.50 | $300.70 | $280.97 | $278.35 | $316.27 |
| Median Costs Award: with outlier(s) | N/A | $149.75 | $307.90 | $288.80 | N/A | $359.40 |
| Range of Costs Awards: without outlier(s) | $211.50 [$48.00 to $259.50] | $1287.10 [$15.00 to $1302.10] | $1643.35 [$25.00 to $1668.35] | $1317.25 [$81.95 to $1399.20] | $598.70 [$116.40 to $715.10] | $1317.25 [$81.95 to $1399.20] |
| Range of Costs Awards: with outlier(s) | N/A | $2156.25 [$15.00 to $2171.25] | $3787.20 [$25.00 to $3812.20] | $3157.05 [$81.95 to $3239.00] | N/A | $3157.05 [$81.95 to $3239.00] |
| Outlier(s) | N/A | $2171.25 | $2374.10 | $3239.00 | N/A | $3239.00 |
| | | | $2666.10 | | | |
| | | | $3050.00 | | | |
| | | | $3812.20 | | | |

---

[123] The large number of costs awards identified in the Ninth Circuit prohibited inclusion of each award amount in the final analysis due to time constraints. For calendar year 2009, 559 costs awards were issued, and for calendar year 2010 (including approvals issued in January and February of 2011), 491 costs awards were issued. For the Ninth Circuit, the analysis of costs awards presented in this report includes approximately 25% of the awards issued in 2009 and 25% of the awards issued in 2010 through early 2011 (26% of total costs awards issued), or approximately every fourth award issued. Note: Costs awarded in the Ninth Circuit do not include the $450 docket fee because it is not reimbursable as costs in the Ninth Circuit.

[124] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

## Analysis of Outliers

| Analysis of Costs Awards Identified as Outliers in the Ninth Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|
| **Amount of Costs Award** | **FRAP 39(a) Provision Costs Awarded Under** | **Nature of Suit** | **Consolidated appeal (total # cases)** | **Days from filing to final disposition** | **Itemization of Costs Awarded[125]** |
| $2171.25 | FRAP 39(a)(2) | 3790 Other Labor Litigation | no | 559 days | *<u>Brief</u> (20 copies) ($405)<br>*<u>Record Excerpt</u> (7 copies) ($1766.25) [81% of total award] |
| $2374.10 | FRAP 39(a)(3) | 3240 Torts to Land | no | 797 days | *<u>Brief</u> (20 copies, 57 pgs./copy) ($114)<br>*<u>Reply</u> (20 copies; 37 pgs./copy) ($74)<br>*<u>Record Excerpt</u> (7 copies; 3,123 pgs./copy) ($2186.10) [92% of total award] |
| $2666.10 | FRAP 39(a)(3) | 3360 Other Personal Injury | yes (2 cases) | 616 days | *<u>Brief</u> (20 copies, 101 pgs./copy) ($202)<br>*<u>Redacted brief</u> (20 copies, 101 pgs./copy) ($202)<br>*<u>Reply</u> (20 copies; 74 pgs./copy) ($148)<br>*<u>Record Excerpt</u> (7 copies; 2,901 pgs./copy) ($2030.70) [76% of total award] |
| $3050.00 | FRAP 39(a)(3) | 3470 Civil (Rico) | yes (2 cases) | 728 days | *<u>Brief</u> (20 copies, 89 pgs./copy) ($178)<br>*<u>Reply</u> (21 copies; 30 pgs./copy) ($63)<br>*<u>Record Excerpt</u> (8 copies; 3,512 pgs./copy) ($2809) [92% of total award] |
| $3812.20 | FRAP 39(a)(3) | 3440 Other Civil Rights | no | 614 days | *<u>Brief</u> (11 copies, 104 pgs./copy) ($114.40)<br>*<u>Reply</u> (11 copies; 48 pgs. per copy) ($52.80)<br>*<u>Record Excerpt</u> (5 copies; 7,290 pgs./copy) ($3645) [96% of total award] |
| $3239.00 | FRAP 39(a)(4)— vacated; costs awarded to appellant | 3442 Jobs | no | 922 days | *<u>Brief</u> (20 copies, 63 pgs./copy) ($126)<br>*<u>Reply</u> (20copies; 28 pgs./copy) ($56)<br>*<u>Record Excerpt</u> (30 copies; 1,019 pgs./copy) ($3057) [94% of total award] |

---

[125] Where the information was available through the docket, costs awards are broken out to identify the items reimbursed—i.e., docket fee, brief, reply brief, and/or appendix. Where available, the number of copies, pages per copy, cost per page, and total costs per document are provided for briefs and appendices. Pursuant to 9th Circuit Rule 30-1.1(a), the excerpts requirement supersedes the requirement for appendices and thus costs of reproducing the excerpts are recoverable.

# United States Court of Appeals for the Tenth Circuit

## Summary of Materials Addressing Fed. R. App. P. 39 Costs[126]

**Maximum Rates:**

**Tenth Circuit Local Rule 39.1 Maximum rates.**
Costs of making necessary copies of briefs, appendices, or other records are taxable at the actual cost, but no more than 50 cents per page.

**Maximum Number of Copies for which Costs are Recoverable.** Local Rule 39.1 provides that the court will only reimburse for a "necessary" number of copies requiring the party seeking costs to consult the circuit's requirements for filing briefs and appendices.

**Tenth Circuit Local Appellate Rule 31.5 Opening brief for appellant/petitioner** requires parties to file 7 hard copies with the court of all briefs filed.

**Tenth Circuit Local Appellate Rule 30.1(D) Appellant's appendix** requires the appellant to file 2 separately bound hard copies of the appendix with opening brief with the court, and serve 1 copy of the appendix on every other party to the appeal.

**Requirements for Recovery of Costs:**

**United States Court of Appeals for the Tenth Circuit, Practitioners' Guide (7th revision Jan 2011) IX. DECISION—MANDATE—COSTS**
The items that may be recovered as costs by a prevailing party in an appeal are limited to those set out in Fed. R. App. P. 39 and 10th Cir. R. 39. An itemized and verified bill of costs, along with proof of service on opposing counsel, must be filed with the clerk within 14 days after entry of the judgment. The verification of the bill of costs may be by a party or by counsel, and it should be accompanied by an itemized statement of charges sufficient to determine whether the item is taxable and whether it is within the limit for copy fees. Objections must be filed within 14 days of service on the party against whom the costs are to be taxed, unless the time is extended by the court. Usually the only reasons for objecting would be that the cost bill includes unreasonable charges or improper items.

Although "taxable" in the court of appeals, the money identified as "costs" does not physically changes hands at the court of appeals level. The circuit clerk prepares an order or an itemized statement of costs for insertion in the mandate. The costs may then be recovered in the district court after issuance of the mandate with its statement of costs. In some instances, the clerk may send a supplemental statement of costs to the district court for inclusion in the mandate after the mandate has issued. No time limit is specified for the court of appeals to send the statement of costs, and district courts are not authorized to impose such a time limit.

**Bill of Costs Form:** The Tenth Circuit does not have an official Bill of Costs form. A prevailing party is required to file an itemized and verified bill of costs.

---

[126]The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

## Analysis of Costs Awards[127]

| | Costs Awarded under FRAP 39 During 2009-2010 in the Tenth Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|---|
| | **FRAP 39(a)(1) appeal dismissed** <br><br>(costs in favor of appellee(s)) | **FRAP 39(a)(2) judgment affirmed** <br><br>(costs in favor of appellee(s)) | **FRAP 39(a)(3) judgment reversed** <br><br>(costs in favor of appellant(s)) | **FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated** <br>(costs taxed only as court orders) | | |
| | | | | **overall** | **Costs to appellee(s)** | **Costs to appellant(s)** |
| **Total Number of Individual Costs Awards**[128] | 4 | 40 | 12 | 12 | 3 | 9 |
| **Average Costs Award:** without outlier(s) | $96.06 | $203.27 | $537.91 | $899.78 | $1315.05 | $807.50 |
| **Average Costs Award:** with outlier(s) | N/A | $268.45 | $691.72 | $1094.52 | $1955.60 | N/A |
| **Median Costs Award:** without outlier(s) | $95.58 | $148.65 | $581.52 | $796.45 | $1315.05 | $700.00 |
| **Median Costs Award:** with outlier(s) | N/A | $154.30 | $646.86 | $874.15 | 1678.24 | N/A |
| **Range of Costs Awards:** without outlier(s) | $99.50 <br><br>[$46.80 to $146.30] | $719.85 <br><br>[$21.15 to $741.00] | $754.29 <br><br>[$84.90 to $839.19] | $1423.26 <br><br>[$254.98 to $1678.24] | $726.39 <br><br>[$951.85 to $1678.24] | $1355.71 <br><br>[$254.98 to $1610.69] |
| **Range of Costs Awards:** with outlier(s) | N/A | $2789.46 <br><br>[$21.15 to $2810.61] | $2298.70 <br><br>[$84.90 to $2383.60] | $2981.72 <br><br>[$254.98 to $3236.70] | $2284.85 <br><br>[$951.85 to $3236.70] | N/A |
| **Outlier(s)** | N/A | $2810.61 | $2383.60 | $3236.70 | $3236.70 | N/A |

---

[127] The Tenth Circuit went live with CM/ECF on September 4, 2007, and their database includes all cases filed after that date as well as any pending cases that had activity after the live date

[128] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

## Analysis of Outliers

| Analysis of Costs Awards Identified as Outliers in the Tenth Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|
| Amount of Costs Award | FRAP 39(a) Provision Costs Awarded Under | Nature of Suit | Consolidated appeal (total # cases) | Days from filing to final disposition | Itemization of Costs Awarded[129] |
| $2810.61 | FRAP 39(a)(2) | 3370 Other Fraud | no | 786 days | *Court ordered brief (10 copies; 19 pgs./copy) ($47.50)<br>*Court ordered Appendix (10 copies; 290 pgs./copy)<br>*Brief (9 copies; 117 pgs./copy) ($205.45)<br>*Appendix (9 copies; 1,589 pgs./copy) ($2605.16) [93% of total award] |
| $2383.60 | FRAP 39(a)(3) | 3440 Other Civil Rights | no | 442 days | *Docket Fee ($450)<br>*Brief (20 copies) & Appendix (5 copies) (Total pages for both—13,160) ($1660.04 for both—included $100 for binding, $125 for covers & $119.04 sales tax)<br>*Reply (15 copies; 1590 pgs. total) ($183.56—included $75 for binding & $13.16 sales tax)<br>*Docketing statement (10 copies; 45 pgs./copy) ($90) |
| $3236.70 | FRAP 39(a)(4) affirmed part, reversed part; costs awarded to appellees/ cross-appellants | 1610 Agri-cultural Acts | yes (3 cases) | 553 days | Parties agreed that Appellant would pay following costs after court ordered parties to reach agreement over disputed costs:<br>*Brief & Reply brief (8,802 pages total) ($880.20)<br>*Appendix (18,465 pgs. total)($1846.50) [57% of total award]<br>*Color copies (1,020 copies @ .50 per page) ($510) |

---

[129] Where the information was available through the docket, costs awards are broken out to identify the items reimbursed—i.e., docket fee, brief, reply brief, and/or appendix. Where available, the number of copies, pages per copy, cost per page, and total costs per document are provided for briefs and appendices.

## United States Court of Appeals for the Eleventh Circuit

**Summary of Materials Addressing Fed. R. App. P. 39 Costs**[130]

### Maximum Rates

**Eleventh Circuit Local Rule 39-1 Costs.**
In taxing costs for printing or reproduction and binding pursuant to FRAP 39(c) the clerk shall tax such costs at rates not higher than those determined by the clerk from time to time by reference to the rates generally charged for the most economical methods of printing or reproduction and binding in the principal cities of the circuit, or at actual cost, whichever is less.

**Eleventh Circuit Bill of Costs Form (12/07) [not available on website]**
**Instructions:** In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ($.15 per copy for "In-House," up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

### Maximum Number of Copies for Which Costs Are Recoverable:

**Eleventh Circuit Local Appellate Rule 39-1 Costs.**
Unless advance approval for additional copies is secured from the clerk, costs will be taxed only for the number of copies of a brief and record excerpts or appendix required by the rules to be filed and served, plus two copies for each party signing the brief.

**Eleventh Circuit Rule 30-1 Record Excerpts-Appeals from District Court and Tax Court** provides that instead of the appendix prescribed by FRAP 30, appellant is required to file 5 copies of record excerpts. Pro se parties proceeding in forma pauperis need only file 1 copy of record excerpts and incarcerated pro se parties are not required to file record excerpts.

**Eleventh Circuit Rule 31-3 Briefs-Number of Copies** establishes that in all appeals 1 originally signed brief and 6 copies (total of 7) must be filed, except that pro se parties proceeding in forma pauperis need only file one originally signed brief and 3 copies (total of 4). In addition, 1 copy has to be served on counsel for each separately represented party.

### Requirements for Recovery of Costs:

**Eleventh Circuit Local Appellate Rule 39-1 Costs.**
All costs shall be paid and mailed directly to the party to whom costs have been awarded. Costs should not be mailed to the clerk of the court.

---

[130]The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

**Eleventh Circuit Internal Operating Procedure**

1. **Time-Extensions.** A bill of costs is timely if filed within 14 days of entry of judgment. Judgment is entered on the opinion filing date. The filing of a petition for rehearing or petition for rehearing en banc does not extend the time for filing a bill of costs. A motion to extend the time to file a bill of costs may be considered by the clerk.

2. **Costs for or Against the United States.** When costs are sought for or against the United States, the statutory or other authority relied upon for such an award must be set forth as an attachment to the Bill of Costs.

3. **Reproduction of Statutes, Rules, and Regulations.** Costs will be taxed for the reproduction of statutes, rules, and regulations in conformity with FRAP 28(f). Costs will not be taxed for the reproduction of papers not required or allowed to be filed pursuant to FRAP 28 and 30 and the corresponding circuit rules, even though the brief, appendix, or record excerpts within which said papers are included was accepted for filing by the clerk.

**Bill of Costs Form**: The Eleventh Circuit has a Bill of Costs form that is sent to the parties when judgment is entered and is available upon request from the clerk, but it is not available on the court's website. The form lists the appellant's brief, record excerpts, appellee's brief, and reply brief as reimbursable documents and requires the party requesting costs to indicate the reproduction method used, the number of original pages in each document, the total number of documents reproduced, the total number of copies, and the final amount of costs requested.

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

_____

Appellant

vs.                                                      Appeal No. _____

_____

Appellee

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs.  Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs taxable in this court and the time for filing the Bill of Costs.  A motion for leave to file out of time is required for a Bill of Costs not timely received.

## INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced.  Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| | In-House | Comm* | | | | | |
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | | | | | | | |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $ | $ |
| | | | | | | REQUESTED | ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: _____     Signature: _____

Attorney for: _____     Attorney Name: _____
             (Type or print name of client)                              (Type or print your name)

===============================================================================

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ _____ against _____

and are payable directly to _____

John Ley, Clerk of Court

Issued on: _____     By: _____
                                            Deputy Clerk

MISC-12
5/4/10

FRAP 39.  Costs

(a)    Against Whom Assessed.  The following rules apply unless the law provides or the court orders otherwise:

    (1)    if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

    (2)    if a judgment is affirmed, costs are taxed against the appellant;

    (3)    if a judgment is reversed, costs are taxed against the appellee;

    (4)    if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

(b)    Costs For and Against the United States.  Costs for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law.

(c)    Costs of Copies.  Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f).  The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

(d)    Bill of Costs: Objections; Insertion in Mandate.

    (1)    A party who wants costs taxed must — within 14 days after entry of judgment — file with the circuit clerk, with proof of service, an itemized and verified bill of costs.

    (2)    Objections must be filed within 14 days after service of the bill of costs, unless the court extends the time.

    (3)    The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs.  If the mandate issues before costs are finally determined, the district clerk must — upon the circuit clerk's request — add the statement of costs, or any amendment of it, to the mandate.

(e)    Costs on Appeal Taxable in the District Court.  The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

    (1)    the preparation and transmission of the record;
    (2)    the reporter's transcript, if needed to determine the appeal;
    (3)    premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
    (4)    the fee for filing the notice of appeal.

\* \* \* \*

11th Cir. R. 39-1 Costs.  In taxing costs for printing or reproduction and binding pursuant to FRAP 39(c) the clerk shall tax such costs at rates not higher than those determined by the clerk from time to time by reference to the rates generally charged for the most economical methods of printing or reproduction and binding in the principal cities of the circuit, or at actual cost, whichever is less.

    Unless advance approval for additional copies is secured from the clerk, costs will be taxed only for the number of copies of a brief and record excerpts or appendix required by the rules to be filed and served, plus two copies for each party signing the brief.

    All costs shall be paid and mailed directly to the party to whom costs have been awarded.  Costs should not be mailed to the clerk of the court.

\* \* \* \*

*I.O.P. -*

*1.  Time - Extensions.  A bill of costs is timely if filed within 14 days of entry of judgment.  Judgment is entered on the opinion filing date.  The filing of a petition for rehearing or petition for rehearing en banc does not extend the time for filing a bill of costs.  A motion to extend the time to file a bill of costs may be considered by the clerk.*

*2.  Costs for or Against the United States.  When costs are sought for or against the United States, the statutory or other authority relied upon for such an award must be set forth as an attachment to the Bill of Costs.*

*3.  Reproduction of Statutes, Rules, and Regulations.  Costs will be taxed for the reproduction of statutes, rules, and regulations in conformity with FRAP 28(f).  Costs will not be taxed for the reproduction of papers not required or allowed to be filed pursuant to FRAP 28 and 30 and the corresponding circuit rules, even though the brief, appendix, or record excerpts within which said papers are included was accepted for filing by the clerk.*

## Analysis of Costs Awards[131]

| | Costs Awarded under FRAP 39 During 2010 for Appeals filed after January 4, 2010 in the Eleventh Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|---|
| | FRAP 39(a)(1) appeal dismissed (costs in favor of appellee(s)) | FRAP 39(a)(2) judgment affirmed (costs in favor of appellee(s)) | FRAP 39(a)(3) judgment reversed (costs in favor of appellant(s)) | FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated (costs taxed only as court orders) | | |
| | | | | overall | Costs to appellee(s) | Costs to appellant(s) |
| **Total Number of Individual Costs Awards**[132] | 0 | 15 | 1 | 2 | 2 | 0 |
| **Average Costs Award** | N/A | $63.98 | $365.10 | $41.40 | $41.40 | N/A |
| **Median Costs Award** | N/A | $47.25 | N/A | $41.40 | $41.40 | N/A |
| **Range of Costs Awards** | N/A | $171.00 [$18.90 to $189.90] | N/A | $34.20 [$24.30 to $58.50] | $34.20 [$24.30 to $58.50] | N/A |

---

[131]Because the Eleventh Circuit has been live on CM/ECF only since January 4, 2010, and they are not converting their pending cases from their old system to CM/ECF, our targeted search for dispositions awarding costs during calendar years 2009-2010 did not yield many costs awards as it is rare for an appeal to be filed and reach final disposition with one year. Our search was limited to appeals that were filed after 1/4/10 and reached final disposition before 12/31/10, and we cannot report on costs awards granted for cases filed prior to 1/4/10 that reached final disposition during calendar year 2010.

[132] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

# United States Court of Appeals for the District of Columbia Circuit

**Summary of Materials Addressing Fed. R. App. P. 39 Costs**[133]

### Maximum Rates:

#### DC Circuit Local Rule 39 Costs

**(a) Allowable Items.** . . . The costs of reproducing the required copies of briefs and appendices will be taxed at actual cost or at a rate periodically set by the clerk to reflect the per page cost for the most economical means of reproduction available in the Washington metropolitan area, whichever is less. Charges incurred for covers and fasteners may also be claimed, at actual cost not to exceed a rate similarly determined by the clerk. The rates set by the clerk will be published by posting in the clerk's office and on the court's web site, and publication in The Daily Washington Law Reporter.

**(b) No Costs Taxed for Briefs for Amici or Intervenors.** No taxation of costs for briefs for intervenors or amici curiae or separate replies thereto will be assessed unless allowed by the court on motion.

**(c) Costs of Producing Separate Briefs and Appendices Where Record Is Sealed.** The costs under Circuit Rule 47.1 of preparing 2 sets of briefs, and/or 2 segments of appendices, may be assessed if such costs are otherwise allowable.

#### Photocopy Rates Set by Clerk effective from 5/13/02 to 11/1/10[134]

| | |
|---|---|
| Text, index and tabular matter per page | $  .07 |
| Color matter per page | $1.02 |
| Front Cover (briefs and appendices) | $  .20 |
| Back Cover (briefs and appendices) | $  .11 |
| Fasteners (per volume) | $2.28 |

#### Photocopy Rates Set by Clerk effective from 11/1/10[135]

| | |
|---|---|
| Text, index and tabular matter per page | $  .10 |
| Color matter per page | $  .51 |
| Front Cover (briefs and appendices) | $  .57 |
| Back Cover (briefs and appendices) | $ . 49 |
| Fasteners (per volume) | $2.28 |

The costs of reproducing the required copies of briefs and appendices will be taxed at actual costs or at the above rate, whichever is less. Bills of costs not presented on forms furnished by the Clerk's Office or reasonable facsimiles thereof, or in which costs are not itemized and documented as required by the clerk, will not be accepted for filing.

All bills of costs received in the Clerk's Office shall be submitted on USCA Form 48 (Revised August 2009) and use no more than the costs listed above. Copies of USCA

---

[133] The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

[134] Notice dated May 9, 2002, from Mark J. Langer, Clerk, DC Circuit Court of Appeals.

[135] Notice dated September 21, 2010, from Mark J. Langer, Clerk, DC Circuit Court of Appeals.

Form 48 may be obtained from the Clerk's Office, Room 5523, or from the Court's Internet Web site at: www.cads.uscourts.gov.

**Maximum Number of Copies for Which Costs Are Recoverable:**

**DC Circuit Local Rule 39 Costs**
**(a) Allowable Items.** Costs will be allowed for the docketing fee and for the cost of reproducing the number of copies of briefs and appendices to be filed with the court or served on parties, intervenors, and amici curiae, plus 3 copies for the prevailing party. . . .

**DC Circuit Rule 31 Serving and Filing Briefs** requires the original and 8 copies of every brief to be filed, except an unrepresented person proceeding in forma pauperis must file 1 original brief and the clerk will duplicate necessary copies. If the deferred appendix method is used, 6 copies of the initial briefs must be filed (or 5 paper copies in addition to the electronic version if filed electronically) followed by the original and 8 copies in final form.

**DC Circuit Rule 30 Appendix to the Briefs** requires the appellant to file 8 copies of the appendix with the court and serve 1 copy on counsel for each separately represented party. When an appendix is filed electronically, 7 paper copies must be filed in addition to the electronic version.

**Requirements for Recovery of Costs:**

**DC Circuit Local Appellate Rule 39 Costs**
**(b) Procedure for Requesting Taxation of Costs.** Forms furnished by the Clerk's Office, or facsimiles thereof, must be used in requesting taxation of costs. Parties submitting bills of costs that are not itemized as required by the clerk or not presented on Clerk's Office forms or reasonable facsimiles thereof will be directed to provide a conforming request.

**Handbook of Practice and Internal Procedures, United States Court of Appeals for the District of Columbia Circuit (as amended through May 10, 2010):**
**XIII. Post-Decision Procedures**
**A. Terminating The Case**
   **4. Costs**
   (See Fed. R. App. P. 39; D.C. Cir. Rule 39)
   Costs, when requested, are usually charged to the losing party or to an appellant who withdraws the appeal. When the government is party to a suit, costs are governed by statute. Costs are not taxed for briefs of amici curiae or intervenors or separate replies thereto except on motion granted by the court.
   The items allowed as costs are set for the in Circuit Rule 39(a). Reimbursable printing costs are limited to the cost of the most economical means of reproduction. In addition to the docketing fee, costs are allowed for reproducing the number of copies of briefs and appendices that must be filed with court and served on parties, intervenors, and amici curiae, plus 3 for the submitting party.
   Counsel has 14 days after entry of judgment to submit the bill of costs with service on opposing counsel. Printing and reproduction costs must be itemized and verified to show the charge per page. Opposing counsel may file objections. The Clerk's Office provides forms for itemizing bills of costs, and parties that submit bills not presented on

these forms (or reasonable facsimiles thereof) will be directed to provide a conforming request.

The clerk reviews the bill for compliance with the rules and then prepares a statement for inclusion in the mandate. Ordinarily, the directions as to costs are issued at the same time as the mandate. If the matter of costs has not been settled by that time, the Clerk's Office will at a later date send a supplemental statement to the district court or agency for insertion in the mandate.

Once a party is ordered to pay costs, there is usually no further action on the matter in this court. Any action to enforce an award of costs is brought in the district court. In addition, various expenses incidental to the appeal must be settled in the district court. Among these are the costs of the reporter's transcript, the filing fee for the notice of appeal, the clerk's fee for preparing and transmitting the record, and the premiums paid for any required appeal bond. The successful party on appeal must apply for recovery of these expenses in the district court after issuance of the mandate of this court.

**Bill of Costs Form:** Copies of USCA Form 48 may be obtained from the Clerk's Office, Room 5523, or from the Court's Internet Web site at www.cads.uscourts.gov. The 3-page form includes a separate calculation chart for the main brief, reply brief, and the appendix where the party requesting costs must indicate the total number of copies, pages per brief (text or color), covers (front and back) or fasteners per brief and the total requested amount for each type of brief.

# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

(Type caption of lead case only)                    Appeal No. _____

                                                     Consolidated Case Nos.

                                                     _____

                                                     _____

                                                     _____

-----------------------------------------------

The Clerk is directed to tax costs, pursuant to Fed. R. App. P. 39 and Local Rule 39, for the docketing fee (receivable only by appellant/petitioner), and for the cost of reproducing only the number of copies of briefs and appendices which have been required to be filed with the Court or served on parties, intervenors and amici curiae, plus three copies for the prevailing party.  Bills of costs must be filed within fourteen (14) days after entry of judgement.  The Court looks with disfavor upon motions to the file bills of costs out of time.

-----------------------------------------------

### BILL OF COSTS

Comes now _____ (appellant, peitioner, appellee, or respondant), (the) (a) prevailing party in Appeal Nos. _____, by counsel, and states that costs have been incurred in said case(s) which should be taxed (solely) (jointly and severally) against the following (party) (parties)

## NAME OF PARTY OR PARTIES                    APPEAL NO.

(1) _____          _____

(2) _____          _____

(3) _____          _____

(4) _____          _____

(5) _____          _____

USCA Form 48
August 2009 (REVISED)

(use per page, per cover or per volume charges where applicable.)

## MAIN BRIEF

| | Total #<br>copies<br>of briefs | | Pages, Covers or<br>fasteners<br>per brief | | Total #<br>of pages, covers or<br>fasteners | | Fee per page,<br>cover or<br>fastner | | Subtotal |
|---|---|---|---|---|---|---|---|---|---|
| TEXT: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| COLOR: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| FRONT COVERS: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| BACK COVERS: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| FASTENERS: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |

AMOUNT $ _____

## REPLY BRIEF (if applicable)

| | Total #<br>copies<br>of briefs | | Pages, Covers or<br>fasteners<br>per brief | | Total #<br>of pages, covers or<br>fasteners | | Fee per page,<br>cover or<br>fastner | | Subtotal |
|---|---|---|---|---|---|---|---|---|---|
| TEXT: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| COLOR: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| FRONT COVERS: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| BACK COVERS: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| FASTENERS: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |

AMOUNT $ _____

## APPENDIX

| | Total #<br>copies<br>of briefs | | Pages, Covers or<br>fasteners<br>per brief | | Total #<br>of pages, covers or<br>fasteners | | Fee per page,<br>cover or<br>fastner | | Subtotal |
|---|---|---|---|---|---|---|---|---|---|
| TEXT: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| COLOR: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| FRONT COVERS: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| BACK COVERS: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |
| FASTENERS: | _____ | X | _____ | = | _____ | X | _____ | = | _____ |

AMOUNT $ _____

AMOUNT OF SUBTOTALS $ _____

DOCKETING FEE (if applicable) $ _____

TOTAL COSTS TO BE TAXED $ _____

USCA Form 48
August 2009 (REVISED)

It is understood that the Clerk will tax costs only against those parties specifically named herein and in the amount which does not exceed either the specific sum claimed or the total allowable amount determined in accordance with Circuit Rule 39.

The costs claimed as actual costs are the actual costs incurred.  A copy of the printer's/duplicator's bill, or other sufficient documentation of actual costs incurred, is attached.

_____   _____

Typed Name of Counsel                    Signature of Counsel


_____

 Counsel's Address

_____

(\_\_\_\_) \_\_\_\_\_-\_\_\_\_\_
Counsel's Telephone Number

### VERIFICATION *

State of                                    )
                                           )   SS:
County of                                  )

COMES NOW _____, and being first duly sworn, does depose and state that (he) (she) signed the foregoing Bill of Costs, that the costs claimed therein were incurred in connection with the captioned appellate proceeding and, as set forth, are true and correct.


SUBSCRIBED AND SWORN TO before the undersigned, a Notary public, this \_\_\_\_ day of _____, 20 \_\_\_\_ .


                                           _____
                                                  Notary Public

(Notary seal or stamp)


### COUNSEL SHALL ATTACH A CERTIFICATE OF SERVICE

_____

*In lieu of this sworn verification, an unsworn declaration in conformity with 28 U.S.C. 1746 may be substituted.

## Analysis of Costs Awards[136]

| | Costs Awarded under FRAP 39 During 2009-2010 in the District of Columbia Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|---|
| | FRAP 39(a)(1) appeal dismissed (costs in favor of appellee(s)) | FRAP 39(a)(2) judgment affirmed (costs in favor of appellee(s)) | FRAP 39(a)(3) judgment reversed (costs in favor of appellant(s)) | FRAP 39(a)(4) judgment affirmed in part, reversed in part, modified, or vacated (costs taxed only as court orders) | | |
| | | | | overall | Costs to appellee(s) | Costs to appellant(s) |
| Total Number of Individual Costs Awards[137] | 4 | 20 | 5 | 14 | 2 | 12 |
| Average Costs Award: without outlier(s) | $198.08 | $172.64 | $800.70 | $1021.91 | $505.95 | $1125.10 |
| Average Costs Award: with outlier(s) | N/A | N/A | N/A | $1494.27 | $505.95 | $1658.99 |
| Median Costs Award: without outlier(s) | $135.14 | $106.41 | $857.12 | $1203.62 | N/A | $1308.84 |
| Median Costs Award: with outlier(s) | N/A | N/A | N/A | $1308.84 | $505.95 | $1398.44 |
| Range of Costs Awards: without outlier(s) | $320.03 [$101.01 to $421.04] | $737.01 [$52.80 to $789.81] | $457.87 [$595.61 to $1053.48] | $1713.64 [$13.86 to $1727.50] | N/A | $1713.64 [$13.86 to $1727.50] |
| Range of Costs Awards: with outlier(s) | N/A | N/A | N/A | $5328.44 [$13.86 to $5342.30] | $876.77 [$67.56 to $944.33] | $5328.44 [$13.86 to $5342.30] |
| Outlier(s) | N/A | N/A | N/A | $3314.48 | N/A | $3314.48 |
| | | | | $5342.30 | N/A | $5342.30 |

[136] The District of Columbia Circuit went live with CM/ECF on March 17, 2008, and their database includes all cases filed after that date as well as any pending cases that had activity after the live date.

[137] The unit of analysis is an individual costs award, not an individual case in which costs were awarded, because there could be more than one costs award issued in a single case (e.g., consolidated appeals). Including the award in the final database as an aggregate of total costs awarded in those appeals would result in a misleadingly higher costs award compared to cases with only one costs award issued.

## Analysis of Outliers

| Analysis of Costs Awards Identified as Outliers in the District of Columbia Circuit Court of Appeals | | | | | |
|---|---|---|---|---|---|
| Amount of Costs Award | FRAP 39(a) Provision Costs Awarded Under | Nature of Suit | Consoli-dated appeal (total # cases) | Days from filing to final disposition | Itemization of Costs Awarded[138] |
| $3314.48 | FRAP 39(a)(4) vacated; costs awarded to ap-pellants | Appeal from EPA | yes (4 cases) | 2428 days | *Petitioner's Bill of Costs not available *In a per curiam order filed after the man-date, court awarded costs to petitioner in amount of $3314.48. |
| $5342.30 | FRAP 39(a)(4) vacated; costs awarded to ap-pellants | 2440 Other Civil Rights | yes (2 cases) | 605 days | *Docket Fee ($450) *Briefs (69 copies, 5,113 pages total) ($536.62) *Statutory Addendum (69 copies; 8323 pgs. total) ($761.32) *Reply (68 copies; 2858 pgs. total) ($375.48) *Joint Appendices (98 copies; 42,358 pgs. Total @ .07/pg.) ($3218.88) [60% of total award] *Note: Appellant was permitted to recover costs for 25 extra copies of each of docu-ments above ordered by the court. **Note: Costs for briefs, addendum, reply & appendices include costs for front/back cov-ers & fasteners. |

---

[138] Where the information was available through the docket, costs awards are broken out to identify the items reimbursed—i.e., docket fee, brief, reply brief, and/or appendix. Where available, the number of copies, pages per copy, cost per page, and total costs per document are provided for briefs and appendices.

## United States Court of Appeals for the Federal Circuit[139]

### Summary of Materials Addressing Fed. R. App. P. 39 Costs[140]

#### Maximum Rates

**Federal Circuit Rule 39. Costs. Practice Notes.**
**Current Rates.** The following rates are the current maximum allowable costs:
$6.00 per page for the table of page numbers of designated materials, the originals of briefs, and the table of contents for the appendix (whether printed, typewritten, or word processed)
$0.08 per page for copying and collating; and
$2.00 per copy for covers and binding.

**Allowable Costs**. . . The total billed for any item must be limited to the lesser of actual or allowable costs. Actual cost of briefs and appendices prepared in-house includes word-processing, copying, and biding, at the amount normally billed to a client for these services. The United States may assume its actual costs are the allowable costs. The costs of correcting a nonconforming brief are not taxable. Counsel are urged to stipulate to costs.

#### Maximum Number of Copies for Which Costs Are Recoverable

**Federal Circuit Rule 39. Costs. Practice Notes.**
**Allowable Costs.** Costs may be billed for 16 copies of briefs and appendices, plus 2 copies for each additional party, plus any copies required or allowed, e.g., confidential briefs or appendices. The cost of service copies of the table or physical compilation of the designated materials may also be billed. Any other cost billed must be separately justified.

#### Requirements for Recovery of Costs

**Federal Circuit Rule 39. Costs.**
**(a) Notice of Entitlement to Costs.** When the clerk provides notice of judgment or order disposing of an appeal, the clerk must advise which party or parties are entitled to costs.
**(b) Bill of Costs; Copies; Objection.** A party must serve the bill of costs on the form prescribed by the court and must file an original and three copies with the court. An objection to a bill of costs must not exceed 5 pages and must be filed in an original and three copies and served on \the other parties.

**Bill of Costs Form 24** and **Bill of Costs Instruction Sheet Form 23** are available on the court's website and must be used to claim costs. Counsel is instructed to calculate and enter the total billed for each item (after entering the number of copies and number of pages and choosing the lesser of the actual or allowable costs) and the grand total billed.

---

[139] At this time, the Federal Circuit does not participate with CM/ECF thus we were unable to conduct our search in order to identify final costs awarded under FRAP 39 in calendar years 2009-2010 in the Federal Circuit.
[140] The description of the local rules and internal court procedures in this report may be a paraphrasing of the actual language contained in the rules and procedures or may omit portions or subsections that are not relevant or merely restate provisions contained in FRAP 39 itself, and thus should not be quoted or cited as legal authority. For the official and complete version of the rules and procedures cited herein, consult the published compilation of each circuit court of appeals' local rules and procedures, available on their websites.

**FORM 23.   Bill of Costs Instruction Sheet**

## INSTRUCTIONS

### Bill of Costs

Use this form to bill reimbursable costs for the table or compilation of designated materials (Fed. Cir. R. 30 (b)), briefs (Rule 28), appendices (Rule 30), and other items allowed or permitted.

Counsel should read Rule 39 before filing a bill of costs. Counsel are urged to agree upon the costs to be taxed. Costs must be claimed using this form. The total billed for each item must be limited to the lesser of actual or allowable costs. The additional costs of confidential briefs and appendices should be incorporated in the quantity billed, e.g., a 50-page brief that has 15 confidential pages will allow 65 original pages to be billed. Counsel must calculate and enter the total billed for each item and the grand total billed. Items on the form which do not apply should be marked N.A. The clerk will determine the total taxed for each item and the grand total taxed. Absent objection, costs will be taxed as billed.

The following items pertain to the letters appearing on the Bill of Costs form reprinted on the reverse side of these instructions:

(A)     Insert docket number or numbers.
(B)     Insert authorized abbreviated caption.
(C)     Insert party to be taxed, e.g., ABC Inc., Plaintiff-Appellant.
(D)     Docketing fees paid in a District Court, Court of International Trade or Court of Federal Claims must be claimed in those courts.
(E)     Insert number of pages of original material in the master version. Do not bill as an original any page that is itself a photocopy of another document not created for this appeal.
(F)     Attach copy of invoice or state in-house costs.
(G)     Insert number of copies billable. See Rule 39.
(H)     Insert number of photocopied pages in each copy.
(I)     Any item not enumerated on the form but which has been filed at the request or with the leave of the court may be billed.
(J)     If costs have been agreed upon by the parties, insert "Stipulated Costs" and enter the total  and grand total billed, and disregard all other items on the form.
(K)     Insert name of attorney verifying costs.
(L)     Insert name of party claiming costs, e.g., XYZ Co., Defendant-Appellant.

Form 24

## FORM 24.  Bill of Costs

BILL OF COSTS (File original and three copies with the Clerk within 14 days of judgment.)

Docket No(s): A:     Caption: B:

The Clerk is requested to tax the following costs against: C:

| ITEM | Number of copies | Number of pages | Actual cost | Allowable cost | Total billed | Total taxed |
|---|---|---|---|---|---|---|
| Docketing Fee (if paid in this court) | xxxxx | xxxxx | D: | | | |
| Table of Designated Materials (original) | xxxxx | E: | F: | 6.00 | | |
| Table of Compilation of Designated Materials (copying and collating) | G: | H: | | 0.08 | | |
| Brief (original) | xxxxx | E: | | 6.00 | | |
| Brief (cover and binding) | G: | xxxxx | | 2.00 | | |
| Brief (copying and collating) | G: | H: | | 0.08 | | |
| Appendix (original - table of contents) | xxxxx | E: | | 6.00 | | |
| Appendix (covers and binding) | G: | xxxxx | | 2.00 | | |
| Appendix (copying and collating) | G: | H: | | 0.08 | | |
| Reply Brief (original) | xxxxx | E: | | 6.00 | | |
| Reply Brief (covers and binding) | G: | xxxxx | | 2.00 | | |
| Reply Brief (copying and collating) | G: | H: | | 0.08 | | |
| Other (describe): | I: | J: | | | | |
| GRAND TOTALS | | | | | | |

City/County of _____ ) District/State of _____ ) SS

I, K:_____, swear under penalty of perjury that the services for which costs are taxed were necessarily performed.  Itemized statements of the costs incurred or invoices are attached.  Copies of this bill were served on all parties.  The certificate of service is attached.

Signature: _____     Date: _____     Attorney for:  L: