# EXHIBIT C



6 of 19 DOCUMENTS

IN RE: NAVISTAR DIESEL ENGINE PRODUCTS LIABILITY LITIGATION

Case No. 11 C 2496,MDL No. 2223

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*2013 U.S. Dist. LEXIS 113111*

**August 12, 2013, Decided**
**August 12, 2013, Filed**

**COUNSEL:** [*1] For Navistar 6.0 L Diesel Engine Products Liability Litigation, In Re: Michael A. Caddell, Caddell & Chapman, Houston, TX.

For Carrol Duhon, Plaintiff: Richard J Arsenault, Neblett Beard & Arsenault, Alexandria, LA; Robert Kinney Shelquist, Lockridge Grundal Nauen & Holstein PLLP, Minneapolis, MN.

For Daniel Sheeder, Plaintiff: Charles J. LaDuca, Cuneo, Gilbert & LaDuca, Washington, DC; Charles E. Schaffer, Levin, Fishbaein, Sedran & Berman, Philadelphia, PA; Victoria Romanenko, Cuneo Gilbert & Laduca, LLP, Washington, DC.

For County of Holmes, Plaintiff: Richard Runft Barrett, Law Office Of Richard R. Barrett, Pllc, Oxford, MS.

For Eduardo Colon-Rivera, Ulises Matta-Laureano, Jaime Noel Sanchez-Rodriguez, Travel Services, Jose Torres-Rodriguez, Luis A. Soler-Cruz, Nstor Rodrguez-Medina, Plaintiffs: John F. Nevares, John F. Nevares & Associates, Santurce, PR.

For Betty Ann Gould, Plaintiff: Erik A. Christiansen, Parsons Behle & Latimer, Salt Lake City, UT; Roy A Katriel, The Katriel Law Firm PLLC, San Diego, CA.

For Kem Anderson, Plaintiff: Christopher L. Coffin, Nicholas R. Rockforte, Patrick Wayne Pendley, Stan Baudin, Pendley, Baudin & Coffin, L.L.P., Plaquemine, LA; Shawn M Raiter, Larson [*2] & King, LLP, St. Paul, MN.

For Mark E Lewis, On behalf of himself and all others similarly situated, Rhonda Lewis, Plaintiffs: Joseph J Rego, Law Office of Joseph Rego, APC, Inc., San Diego, CA.

For Russell Mayfield, Plaintiff: Bruce C. Betzer, PRO HAC VICE, The Law Office Of Bruce C. Betzer, Metairie, LA.

For Charles Idelman, Plaintiff: Thomas P. Thrash, Thrash Law Firm, Little Rock, AR.

For Deborah Charles, Wayne Weatherford, Brandon Burns, Joe Waggoner, Dennis Tacker, Johnny Quiroz, Forrest Pace, Plaintiffs: Roy A Katriel, The Katriel Law Firm PLLC, San Diego, CA.

For Jonathan Aldrich, On behalf of himself and all others similarly situated, Plaintiff: Alexander Wells Peet, Dewitt M. Lovelace, LEAD ATTORNEYS, Lovelace Law Firm PA - Miramar FL, Miramar Beach, FL.

For Custom Underground, Inc., Plaintiff: Michael A. Caddell, Caddell & Chapman, Houston, TX.

For Ford Motor Company, Defendant: Brian C.

Case 2:10-md-02179-CJB-DPC   Document 11317-4   Filed 09/10/13   Page 3 of 5

Page 2
2013 U.S. Dist. LEXIS 113111, *2

Anderson, LEAD ATTORNEY, O'Melveny & Myers, LLP, Washington, DC; Cynthia Ann Merrill, PRO HAC VICE, O'Melveny & Myers LLP, Los Angeles, CA; Dmitry Shifrin, Polsinelli Shughart P.C., Chicago, IL; Edwin L. Lowther, Jr., PRO HAC VICE, Gary D. Marts, Jr., PRO HAC VICE, Wright, Lindsey & Jennings LLP, [*3] Little Rock, AR; Janet L. Conigliaro, Dykema Gossett, Ann Arbor, MI; John M. Thomas, PRO HAC VICE, Dykema Gossett Pllc, Ann Arbor, MI; Jonathan H Singer, PRO HAC VICE, O'Melveny & Myers Llp, Washington, DC; Richard P. Cassetta, Bryan Cave Llp, St. Louis, MO; Robert F Walker, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC - Jackson, Jackson, MS; Thomas J. Palazzolo, Bryan Cave Llp, St. Louis, MO.

For Brent Jones, Jeff Chandonait, also known as Jeff Chandonait, Phillip P. Morrison, Carla W. Morrison, Movants: Patrick E Knie, PRO HAC VICE, Patrick E. Knie, P.a., Spartanburg, SC; William E Hopkins, Jr, Hopkins Law Firm, LLC, Pawleys Island, SC.

For Debbie Pawlaczyk, Bill Pawlaczyk, Alexander Evans, Movants: Jeffrey A. Long, Bray & long, PLLC, Charlotte, NC; Patrick E Knie, PRO HAC VICE, Patrick E. Knie, P.a., Spartanburg, SC; William E Hopkins, Jr, Hopkins Law Firm, LLC, Pawleys Island, SC.

For Mark Morris, Movant: Frank E Piscitelli, Jr, Piscitelli Law Firm, Highland Heights, OH; John R. Climaco, Climaco Lefkowitz Peca Wilcox & Garofoli Col, LPA, Cleveland, OH; John a. Peca, PRO HAC VICE, Climaco, Wilcox, Peca, Tarantino & Garofoli Co., Lpa, Cleveland, OH; Patrick G. Warner, Climaco [*4] Wilcox, Peca, Tarantino & Garofoli Co., Cleveland, OH.

For Mr. Mario Polanco Patron, Movant: Timothy P. Mitchell, Themis Law Group, Los Angeles, CA.

For Michael Mahoney, Nancy and Jadie Sullivan, Scott Tinturin, Steven Fisher, Teresa & Randy Baker, Arden Beavers, Cindy and David Parker, Lawrence Reed, Alana and Dan Santos, Gene & Sissy Bennett, Jared & Miranda Walden, Anthony Anderson, Dave & Gari Stinebaugh, Movants: Lauren A Ungs, Steve B Mikhov, LEAD ATTORNEYS, PRO HAC VICE, O'Connor & Mikhov LLP, Los Angeles, CA; Michael R. Karnuth, Krislov & Associates, Ltd., Chicago, IL.

For Martin Slanina, Movant: Lauren A Ungs, LEAD ATTORNEY, PRO HAC VICE, O'Connor & Mikhov LLP, Los Angeles, CA; Michael R. Karnuth, Krislov & Associates, Ltd., Chicago, IL.

For California Consumers, Movant: Lauren A Ungs, Steve B Mikhov, LEAD ATTORNEYS, PRO HAC VICE, O'Connor & Mikhov LLP, Los Angeles, CA.

**JUDGES:** MATTHEW F. KENNELLY, United States District Judge.

**OPINION BY:** MATTHEW F. KENNELLY

**OPINION**

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Certain objectors to the court-approved settlement in this class action have filed notices of appeal. Under the terms of the settlement agreement between the plaintiff class and defendant [*5] Ford Motor Company, the pendency of an appeal operates as a stay on carrying out the settlement terms, including payment of claims by class members. Plaintiffs argue that the appeals are frivolous, and they contend that the delay caused by the appeals will increase the costs of administration by a significant amount.

Plaintiffs have asked the Court to require the objectors to post a bond. Specifically, they ask the Court to require the objectors "to each post an appeal bond pursuant to *Rule 7 of the Federal Rules of Appellate Procedure (FRAP)* as security to ensure against the additional taxable appellate costs and administrative costs that these frivolous appeals will inflict." Pl.'s Mem. in Support of Mot. to Require Objectors to Post Appeal Bonds (dkt. no. 336) at 1. Plaintiffs argue that the appropriate amount of the bond is $77,000, $25,000 of this representing what plaintiffs argue will be "the direct taxable costs of the appeal" and $52,000 representing "the administrative costs of the delay caused by the appeal." *Id.* The Court will deal with the "delay costs" issue first and then will address the taxable costs issue.

*Federal Rule of Appellate Procedure 7*, entitled "Bond for Costs [*6] on Appeal in a Civil Case," says that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on

appeal." *Fed. R. App. P. 7*. The costs available on appeal are defined in *Federal Rule of Appellate Procedure 39*. *Rule 39(c)* provides for "the cost of producing necessary copies of a brief or appendix, or copies of records authorized by *Rule 30(f)*." *Fed. R. App. P. 39(c)*. *Rule 39(e)* provides that certain costs on appeal are taxable in the district court: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." *Fed. R. App. P. 39(e)*. The extra expenses of administration that plaintiffs will incur do not fall within any of these categories.

A number of Circuits have held that "costs on appeal" in *Rule 7* also "includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." *Azizian v. Federated Dept. Stores, Inc., 499 F.3d 950, 958 (9th Cir. 2007)* [*7] (collecting cases); *cf. Marek v. Chesny, 473 U.S. 1, 9, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985)* ("costs" as used in *Federal Rule of Civil Procedure 68* includes attorney's fees awardable under *42 U.S.C. § 1988*). Plaintiffs do not contend, however, that the extra administrative expenses in question fall within this category either.

Another possible source of authority is *Federal Rule of Appellate Procedure 38*. *Rule 38* says that "i[f] a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." *Fed. R. App. P. 38*. Plaintiffs suggest that the requested bond is justified as a means of securing payment of amounts the Seventh Circuit might ultimately impose under *Rule 38*. The Court disagrees. The extra administrative expenses that comprise the basis for plaintiffs' requested bond might constitute "just damages" that could be awarded in the event of a frivolousness finding, but they vastly exceed "single or double costs." *Rule 7*, quoted earlier, limits a bond to an amount necessary to secure payment of "*costs* on appeal." *Fed. R. App. P. 7* (emphasis added). The [*8] Rule, by its terms, does not include "damages" potentially recoverable under *Rule 38*.

In *Sckolnick v. Harlow, 820 F.2d 13 (1st Cir. 1987)* (per curiam), which plaintiffs cite in their reply brief, the First Circuit affirmed a district court's order under *Rule 7* requiring an appellant to post a $5,000 bond "as security for appellate costs." *Id. at 14*. Neither the basis for the district court's ruling nor the reason for the particular bond amount that it required was particularly clear. On appeal, the First Circuit stated that a bond for costs of $5,000 "is by no means unprecedented"; it also noted that the record established that a $5,000 bond would impose no hardship on the appellant and that there was evidence that the appellant was "a litigious *pro se* who has filed numerous lawsuits," *id. at 15*, factors that have not been shown to exist in the present case. The court went on to state that "although the district court did not expressly make a finding that the appeal ... was frivolous, we note that defendants' motion below requesting a bond sought 'security for the costs, including attorneys' fees, which may be awarded by the United States Court of Appeals for the First Circuit.'" *Id.* [*9] It affirmed the bond order on the basis that the district court had not abused its discretion in concluding that the appellate court might find the appeal frivolous and impose costs under *Rule 38*. *Id.*

The Court respectfully disagrees with *Sckolnick*. If the appeals in the present case are frivolous -- a subject on which the Court expresses no view -- then plaintiffs' remedy is to seek "just damages" from the Seventh Circuit under *Rule 38*, if and when they prevail on appeal. *See, e.g., In re Diet Drugs Products Liab. Litig., No. MDL 1203, Civ. A. 99-20593, 2000 U.S. Dist. LEXIS 16085, 2000 WL 1665134, at *6 (E.D. Pa. Nov. 6, 2000)*. The Court agrees with those courts that have determined that *Rule 7* does not permit a district court to include in a bond damages that the court of appeals might later award under *Rule 38*. *See Azizian, 499 F.3d at 960-61*. As the D.C. Circuit has stated, "it is for the court of appeals and not the district court to decide whether *Rule 38* costs and damages should be allowed in any given case." *In re American President Lines, Inc., 779 F.2d 714, 717, 250 U.S. App. D.C. 324 (D.C. Cir. 1985)*. The Court also agrees with the Ninth Circuit's admonition in *Azizian* that

> [a]llowing district courts to impose high *Rule 7* bonds [*10] . . . where the appeals *might* be found frivolous risks impermissibly encumbering appellants' right to appeal and effectively preempting [the appellate] court's prerogative to make its own frivolousness determination.

*Azizian, 499 F.3d at 961* (internal quotation marks, citations, and bracketing omitted).

Plaintiffs also cite decisions by a number of district courts that have concluded, in situations like the present one, that *Rule 7* allows a court to require an appellant to post a bond in an amount sufficient to cover extra administrative costs that a party otherwise would not have incurred. *See, e.g., Heekin v. Anthem, Inc., No. 1:05-cv-01908-TWP, 2013 U.S. Dist. LEXIS 26700, 2013 WL 752637, at *1-2 (S.D. Ind. Feb. 27, 2013)* (collecting cases); *In re Uponor, Inc. F1807 Plumbing Fittings Products Liab. Litig., No. 11-MD-2247 ADM/JJK, 2012 U.S. Dist. LEXIS 130140, 2012 WL 3984542, at *2 (D. Minn. Sept. 11, 2012)*. This Court, respectfully, does not find these decisions persuasive. None of them explains how a rule that expressly allows requiring a bond only to secure payment of recoverable costs (which, under some statutes, includes recoverable attorney's fees) can be read to authorize posting a bond to secure payment of expenses that are not recoverable [*11] costs.

The Court also notes that *Federal Rule of Civil Procedure 62*, which concerns supersedeas bonds, does not authorize the relief that plaintiffs request. *Rule 62(d)* says that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ." *Fed. R. Civ. P. 62(d)*. By its terms, this rule applies only when the appellant asks the court to impose a stay. *See, e.g., In re Diet Drugs Products Liab. Litig., 2000 U.S. Dist. LEXIS 16085, 2000 WL 1665134, at *2-3*. The objectors have not sought a stay. Rather, the execution of the settlement is on hold pursuant to a term in the parties' settlement agreement. [1] Thus *Rule 62* does not authorize imposition of a bond to secure payment of plaintiffs' extra costs of settlement administration.

> 1 There was nothing to prevent the parties from entering into a settlement that would have not required a stay in the event of an appeal. This would have left it to any appellant to ask for a stay if it wanted one, which in turn would have triggered the requirement for a supersedeas bond under *Rule 62(d)*. The [*12] Court also notes that plaintiffs could have negotiated for a fee and expense award that expressly covered any additional administrative costs resulting from an appeal.

Plaintiffs also ask the Court to impose a bond to cover taxable costs. *Rule 7* unquestionably permits this. Plaintiffs ask the Court to set a bond in the amount of $25,000. They offer no support, however, for the proposition that taxable costs could amount to $25,000 or anything close to it. There is no reasonable possibility that the expense of preparing transcripts (likely just the preliminary approval and final approval hearings regarding the settlement), the expense of duplicating the record, the expense of duplicating the briefs, and the appellate filing fee will approach this amount. *Rule 7* is not intended to authorize a court to impose a bond in order to deter or prevent an appeal. The Court will require plaintiffs to post a bond in the amount of $5,000, which is a much more reasonable estimate of the likely costs on appeal.

**Conclusion**

For the reasons stated above, the Court grants plaintiffs' motions for bond in part and denies them in part [dkt. nos. 336 & 345]. Each appellant in this case is directed to post, by [*13] no later than August 19, 2013, a bond in the amount of $5,000 to cover taxable costs on appeal. The Court otherwise denies plaintiffs' motions.

/s/ Matthew F. Kennelly

MATTHEW F. KENNELLY

United States District Judge

Date: August 12, 2013