UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater     Horizon" in the Gulf of Mexico, on     April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER |
| …………………………………………………... | : | MAGISTRATE JUDGE SHUSHAN |

**BP'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*
TO EXCLUDE "OTHER PHASES" EVIDENCE**

On August 15, 2013, BP filed a motion *in limine* seeking to restrict the evidence offered in Phase Two to that which is actually relevant to the issues to be tried in Phase Two. *See* Rec. Doc. 11026. As BP explained, Pretrial Order No. 41 specifically delineates the issues to be tried in Phase Two, and there is no reason to burden a brief trial dealing with highly complex issues with irrelevant or duplicative evidence. *See id.*

The Plaintiffs Steering Committee largely agrees with BP's position, recognizing that "evidence either solely related to Phase One or to potential future phases, or otherwise not relevant to Phase Two, should not be introduced, for the first time, in Phase Two." Rec. Doc. 11204 at 1. While the PSC suggests "that the appropriate time for the Court to make such a decision (if any) is during the Phase Two Trial," it apparently does not oppose the underlying relief that is actually requested by BP. BP and the PSC accordingly agree that during the course of the Phase Two trial, the Court should sustain objections to any evidence that is not relevant to Phase Two and offered for the first time during Phase Two.[1]

---

[1] Transocean filed a formal non-opposition to BP's motion, *see* Rec. Doc. 11217, and the United States has not made any filing in response to BP's motion.

1

Halliburton, however, has made a more problematic filing. While agreeing with BP that Pretrial Order No. 41 "established a division between the issues to be addressed between Phase One and Phase Two," Rec. Doc. 11203 at 1, Halliburton contends that (1) the Court *should* also preclude evidence relating to the placement or condition of bottom-hole cement, and (2) the Court *should not* preclude evidence relating to whether or not M57B was a hydrocarbon-bearing zone. Neither contention warrants serious scrutiny.

I.      **The Court Should Not Entertain Halliburton's New Bottom-Hole Cement Motion.**

According to Halliburton, "several witnesses slated to testify at the Phase Two – Quantification trial, including Andreas Momber, Stewart Griffiths, and Ronald Dykhuizen, offer opinions about the condition and placement of bottom-hole cement." Rec. Doc. 11203 at 2. This is improper, Halliburton says, because Halliburton has been excluded from the Quantification trial and its experts will not be permitted to offer contrary opinions on the condition and placement of the bottom-hole cement. *Id.*

Halliburton's arguments fail for at least three reasons. ***First***, Halliburton is not a participant in the Quantification trial, and it thus has no basis for making filings addressing testimony at a trial at which it is not a participant. ***Second***, to the extent that Halliburton is requesting relief beyond that requested in BP's motion — such as, for example, limitations on testimony by a BP expert — it should have filed its own motion *in limine* within the framework selected by the Court, rather than belatedly raising new arguments in an opposition to another party's motion. Third, with respect to the sole BP expert targeted by Halliburton — *i.e.*, Dr. Momber — the Court has already ruled that his opinions are admissible in Phase Two. *See* Rec. Doc. 10989 at 2 ("The U.S. contends that Dr. Momber's opinion on hydraulic fragmentation is a new Phase One theory on the cause of the blowout. For the reasons presented by BP, it is not."). Halliburton's arguments represent little more than a belated reconsideration motion.

**II.     The Court Should Not Permit New Evidence Concerning M57B's Status As A Hydrocarbon-Bearing Zone.**

In its motion, BP highlighted certain testimony concerning M57B's status as a hydrocarbon-bearing zone as examples of evidence that is solely relevant to Phase One, and ought not be rehashed in Phase Two. Halliburton contends in response that this issue is relevant to both the Quantification and Source Control trials. Halliburton is wrong.

*Quantification*:  The Court should disregard all of Halliburton's arguments concerning the Quantification trial; as noted above, Halliburton is not a party to that trial. Accordingly, its opinions about what evidence should and should not be admitted during the course of that trial are not relevant.

*Source Control*:  With respect to Source Control — where Halliburton is a party — Halliburton contends that M57B is relevant because BP assumed cross-flow between M57B and M56A in evaluating the source control options. Rec. Doc. 11203 at 3. But regardless of what was and was not assumed during the course of the response, that is a different issue from the actual status of M57B itself, *i.e.*, whether it contained gas, whether it was capable of flow, and what its pressure was. All of those issues were exhaustively addressed in Phase One, and no new evidence should be taken on them in Phase Two. At the same time, because M57B was indeed modeled during some of the source control work, the parties should be free to adduce evidence concerning the efforts undertaken and the different scenarios that were modeled. The Court should allow such evidence while barring the parties from revisiting the purely Phase One question of the petrophysical characteristics of M57B during the Source Control trial.

Dated: September 10, 2013

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

/s/  Don K. Haycraft