UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | |
| ……………………………………………... | : | MAGISTRATE JUDGE SHUSHAN |

**BP'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT AND PRIOR ADVERSE CRIMINAL, CIVIL, OR REGULATORY PROCEEDINGS**

On August 15, 2013, BP filed a motion *in limine* to exclude evidence regarding prior alleged improper conduct and prior adverse criminal, civil, or regulatory proceedings unrelated to the Macondo well. *See* Rec. Doc. 11027. As BP explained, the motion simply sought the application of Phase One's ground rules to Phase Two.

The Plaintiffs Steering Committee and Halliburton have each filed briefs designated as oppositions, though neither party asks the Court not to grant the relief requested by BP.[1] *See* Rec. Docs. 11193, 11219. Instead, the PSC seeks to relitigate certain issues pertaining to the Phase One record, and Halliburton seeks permission to introduce materials that do not fall within the scope of BP's motion. The Court should accordingly grant the relief requested by BP and disregard the collateral filings of the PSC and Halliburton.

**I.    The PSC Addresses Irrelevant Phase One Evidentiary Disputes.**

The PSC disclaims "any intention of delving into the specifics of Texas City, Grangemouth or Prudhoe Bay during the Phase Two Trial." Rec. Doc. 11193 at 1. That alone

---

[1] Transocean filed a formal non-opposition to BP's motion. *See* Rec. Doc. 11210. The United States previously indicated that it does not oppose the motion, and it made no responsive filing. *See* T. Benson email dated June 21, 2013 5:26 PM.

1

should end the matter.  The PSC nonetheless seeks to relitigate issues pertaining to the Phase One trial record.  Starting from the premise that evidence admitted in Phase One "remains part of the record in Phase Two," Rec. Doc. 11193 at 1, the PSC is apparently concerned that BP is seeking to reopen evidentiary rulings made during the course of the Phase One trial through its Phase Two motion *in limine*.  That is not so, as BP's Phase Two motion focuses exclusively on the introduction of evidence during the Phase Two trial.  Because BP is not seeking to revisit Phase One evidentiary rulings, none of the arguments presented by the PSC requires judicial attention at this time.  Out of an abundance of caution, however, BP will respond to certain mischaracterizations of the record by the PSC.

*First*, the PSC contends that during the Phase One trial, "the Court overruled BP's objection to Dr. Bea's testimony regarding the three key findings of the Baker Panel regarding the Texas City disaster," such that "this evidence is already in the trial record."  Rec. Doc. 11193 at 2.  The testimony to which the PSC refers consists only of the PSC's asking Dr. Bea to read the three findings of the Baker Panel before asking its substantive question:  whether BP's commitment to process safety improved *after*, and as a result of, the Baker Panel Report.  Tr. at 502.  The Court's ruling allowing this limited testimony during the Phase One trial does not suggest that the substance of the Baker Panel Report itself — *i.e.*, what happened at Texas City and why — is relevant to either Phase One or Phase Two.

*Second*, the PSC contends that at the Phase One trial, "[Patrick] O'Bryan was asked whether, due to prior incidents, BP realized that the 'Beyond the Best' system that BP claimed was in place at Macondo was deficient, and needed to be updated with OMS.  Such evidence is already in the trial record."  Rec. Doc. 11193 at 3 (citation omitted).  While the Court did permit the PSC to *ask* O'Bryan whether "there were some incidents that made BP management realize

2

that Beyond the Best wasn't really that great," Tr. at 9306, the witness's *answer* was that he had no recollection of viewing Beyond the Best as inadequate, whether as a result of prior incidents of for any other reason, *id.* at 9307.  And, in any event, the PSC acknowledged during this examination that "we're not going to get into the specifics [of the prior incidents] for purposes of this trial," *id.*

Ultimately, the Court can address what is and is not part of the record at such time as it enters its post-trial ruling, and the PSC has offered no reason that it would be inappropriate to grant BP's motion *in limine*.

## II. Halliburton Agrees That BP's Motion Should Be Granted, Its "Opposition" Notwithstanding.

Halliburton's opposition to BP's motion is puzzling.  The Phase One order that BP seeks to apply to Phase Two focused on evidence and exhibits that "pertain to a prior incident of some sort of disaster or accident in which BP was involved."  Rec. Doc. 5634 at 1.  Prior to BP's filing its Phase Two motion, Halliburton indicated its agreement that this ruling should apply to Phase Two.  *See* J. Martinez email dated July 1, 2013 4:44 PM ("***HESI agrees with BP (this order should apply to Phase 2).***") (emphasis added).  Halliburton's prior agreement with BP — in correspondence copied to the Court — is reason enough to disregard Halliburton's response.

Nonetheless, Halliburton now contends that even if BP's motion is granted, the Court should not exclude "evidence regarding improper conduct relating to the 1979 Ixtoc I blowout and spill."  Rec. Doc. 11219 at 2.  As Halliburton recognizes, "[t]he Ixtoc I was operated by Sedco, which is now Transocean."  *Id.*  Indeed, there is no relationship whatsoever between BP and the Ixtoc I spill.  Thus, putting aside the merits of Halliburton's position, Halliburton's argument is not relevant to whether BP's motion *in limine* should be granted.

Dated: September 10, 2013                    Respectfully submitted,


/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

/s/  Don K. Haycraft