UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions …………………………………………………... | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE OTHER GOVERNMENT REPORTS AND PRIVILEGED COMMUNICATIONS RELATING TO THE SCOPE OF BP'S INTERNAL INVESTIGATION FROM BOTH SEGMENTS OF THE PHASE TWO TRIAL**

This Court will be the ultimate arbiter of the size of the spill for purposes of this multidistrict litigation. Sixteen experts are scheduled to testify in the Quantification segment of the Phase 2 trial, and as the Court evaluates this testimony, its focus will be on the actual science of quantifying the spill, not the history of this science. The United States nonetheless requests that the Court admit into evidence a single conclusory and self-serving paragraph from the initial draft of Staff Working Paper No. 3 — a 29-page document issued by the National Spill Commission on October 6, 2010, discussing contemporaneous views on the size of the spill.

In its Opposition to BP's motion to exclude Working Paper No. 3 (Rec. Doc. 11197), the United States stands alone. No other party objects to the exclusion of Staff Working Papers No. 2 or No. 6 or to any of the other materials listed in BP's motion, (Rec. Doc. 11044). Moreover, the United States does not object to the exclusion of nearly all of the materials in Working Paper No. 3 at issue in the motion. The United States seeks to preserve the admissibility of just a single paragraph that purports to summarize an alleged "emerging consensus" about the size of the spill arising from rushed spill estimation work undertaken by the United States during and immediately after the hectic spill response period. This estimation

work rested on incomplete information and methodologies that were completely inappropriate for quantifying the overall size of the 86-day spill (as opposed to the more modest task of estimating the rate of flow from the Deepwater Horizon in the days immediately prior to shut-in).

The paragraph in question does, to be sure, fit nicely within the United States' theme that its rushed 2010 estimates are likely more accurate than those produced by BP and Anadarko after painstaking study of the best data available by the world's leading experts in the relevant fields of inquiry. But the self-serving paragraph remains inadmissible — one part is entirely cumulative; the other is entirely without foundation; and the whole of the paragraph is irrelevant to the Court's adjudicatory task.

As an initial matter, the version of the paragraph the United States seeks to admit is unjustifiably incomplete and preliminary. The United States presents the Court with the paragraph as it appeared in the first draft of the working paper issued October 6, 2010. In the final version, issued January 11, 2011, the paragraph in question is immediately followed by a recitation of BP's perspectives on the relevant questions, as set forth in Exhibit 1. If the Court were to admit any version of this out-of-court scientific discussion into evidence, the Court should, at a minimum, admit only this final, most comprehensive version.

More fundamentally, however, there is no reason to admit the paragraph into evidence at all. *First*, the paragraph cites as a basis for the supposed "emerging consensus" the work of "government … scientists" as reflected most comprehensively in the Flow Rate Technical Group (FRTG) report that is already in evidence (TREX 8804). This one conclusory paragraph is thus largely or perhaps entirely cumulative of more substantial documents that (assuming this evidence is probative and helpful to the Court at all) provide a much more complete basis for evaluating the assertions made in the paragraph the United States now seeks to admit.

*Second*, the "independent scientists" referenced here are not specified. The paragraph presumably refers above all to the non-government scientists who participated in the FRTG's technical work, like Dr. Mohan Kelkar of the University of Tulsa, who acted as a consultant to the FRTG and is now a testifying expert for the United States. But regarding the proceedings of the FRTG, Dr. Ira Leifer — the only non-government member of the FRTG whom BP was permitted to depose — stated that he and members of his team were "pressured" by Dr. Marcia McNutt to arrive at flow rate estimates within a certain range, Ex. 2, Leifer Dep. 79:7-81:15; 163:3–166:25; 174:21–177:23, 277: 2-6; that the FRTG leadership was attempting to "bias" the work, *id.* at 167:14–168:19; that his flow estimates were not based on "ordinary science," *id.* at 98:14-101:24; and that the FRTG should have correctly reported an uncertainty figure of "+/- 40%," rather than the +/- 10% reported in the March 2011 Final FRTG report (TREX 8804), *id.* at 244:3-246:6. Accordingly, the record shows that while scientists like Drs. Kelkar and Leifer may enjoy organizational affiliations that are "independent" of the federal government, they by no means acted "independently."

*Finally*, and most important, the paragraph simply is not helpful to the Court in performing its adjudicatory task. The United States and BP are scheduled to present to the Court the testimony of 16 different Quantification experts. The Court expects to evaluate this testimony and reach its decision based on the evidence before it, not based on the United States' pre-litigation attempts to bolster its (inaccurate) technical analysis with a historically rushed and ultimately inaccurate pronouncement that this analysis somehow embodies an "emerging" scientific consensus. The Court should exclude from evidence the conclusory paragraph that seeks to usurp the decision making function of the Court or, at a minimum, admit only the final and more comprehensive version of that statement set forth in Exhibit 1.

Dated: September 10, 2013                                  Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production*
*Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing motion has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

                                                      /s/  Don K. Haycraft