UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | : | |
| OF MEXICO, ON APRIL 20, 2010 | : | SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | : | |
| ALL CASES | : | MAGISTRATE JUDGE SHUSHAN |

REPLY MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO PRECLUDE OPINION TESTIMONY OF CURTIS WHITSON

It is telling that BP/Anadarko's "opposition" to the United States' motion to exclude testimony of Curtis Whitson regarding dissolution of Macondo hydrocarbons in the Gulf fails to respond to the United States' legal arguments. The United States' central point is that Dr. Whitson wrongly opines on a purely legal issue: whether hydrocarbons that dissolve in the Gulf can be ignored for purposes of calculating the total number of stock tank barrels discharged from the Macondo Well. BP/Anadarko try to skirt this issue by saying Dr. Whitson does not opine "on the meaning of a 'barrel' of oil for purposes of the Clean Water Act." BP Mem. at 1. BP/Anadarko ignore the point. Whether Dr. Whitson actually references the statute is irrelevant to whether he substantively treads purely legal ground. Rather than responding to the United States' valid arguments, BP/Anadarko improperly use their brief to further develop – and shift – their arguments with regard to the calculation of stock tank barrels, and to attack the United States' expert Dr. Zick.[1]

ARGUMENT

A.   Dr. Whitson's Opinions Regarding a Pure Question of Law are Improper

The crux of the United States' motion is that the Court does not need to hear scientific

---

[1] To the extent BP/Anadarko suggest that certain opinions of Dr. Zick should be excluded, they could have – but chose not to – file such a motion at the appropriate time. They cannot now be heard on issues they failed to raise sooner.

testimony on the question of dissolution of hydrocarbons because that testimony would go to a pure question of law. *See, e.g., Snap–Drape, Inc. v. Comm'r of Internal Revenue*, 98 F.3d 194, 198 (5th Cir. 1996). Dr. Whitson's opinion that dissolved hydrocarbons should not count toward the total volume of stock tank oil spilled in the Gulf of Mexico is a legal question. Defendants claim that Dr. Whitson does not purport to calculate or offer an opinion on the appropriate conversion to stock tank barrels, yet Dr. Whitson testified that this is precisely what he was asked to do: "I mean, the stock tank oil was what [I] was told we're supposed to calculate. That's what I tried to calculate." Attachment 1 (Whitson Deposition Excerpt) at 252:11-13.

In citing portions of Dr. Zick's report and testimony, BP/Anadarko miss an important distinction. The Court may not have the technical expertise to independently analyze methods for converting reservoir barrels to stock tank barrels and may choose to rely on expert testimony. The Court is, however, expert on the legal question of whether hydrocarbons dissolved in the Gulf after discharge from the Macondo Well can be disregarded for purposes of calculating the final number of stock tank barrels discharged. Dr. Whitson's conclusions regarding dissolved oil are superfluous and not helpful to this Court.

**B.     Defendants' Arguments Regarding the Appropriate Separation Process are Nonresponsive and Untimely**

BP/Anadarko choose to ignore the United States' legal argument, instead setting forth a series of nonresponsive technical arguments that may be appropriate for trial, but which are inappropriate here. The United States is therefore compelled to respond briefly to a number of these tangential issues raised by BP/Anadarko:[2]

- BP/Anadarko for the first time seek to jettison any sort of multistage separation process. However, BP relied on a multistage process to maximize the number of stock tank barrels

---

[2] Due to space constraints, we do not respond to each tangential issue raised by BP/Anadarko here. The United States reserves the right to respond at the appropriate time.

collected at the surface, which this Court has excluded from the total barrels discharged into the Gulf. Rec. Doc. 8620. BP cannot get the benefit of multistage separation when it supports its cause (i.e., maximizing barrels collected) and reject it now that BP's agenda has changed.

- Neither Dr. Whitson nor Dr. Zick advocate single-stage separation as "industry standard." In fact, both reject the premise that gas and liquid oil stay in contact with one another as they move through a mile of ocean from sea floor to surface, as hypothesized by BP/Anadarko's "principal testifying expert" Dr. Blunt. Attachment 2 (Blunt Deposition Excerpt) at 478:23-479:7. Dr. Blunt himself explains that "[w]hen oil companies *normally produce oil*, they separate the oil and exsolved gas through a deliberately-engineered series of separators. . . ." Blunt Report at 27 (emphasis added).

- "[T]he ultimate number of stock tank barrels [] depends on the specific 'separation process,'" BP Mem. at 3, because different separation processes stabilize different amounts of "gaseous" components in stock tank oil. In other words, each of the separation processes discussed by BP/Anadarko and United States experts – including single stage separation – ends up with certain "gaseous" hydrocarbons (e.g., methane, benzene) entrained in the separated stock tank oil. The premise that all of these hydrocarbons should be ignored, *even when they are contained in stock tank oil*, is preposterous.

- Dr. Zick did not abandon the industry-standard four-stage separation model discussed in his initial report. His rebuttal report represents two appropriate alternatives – a corrected version of Dr. Whitson's oceanic separation model that appropriately accounts for *all* of the hydrocarbons and Dr. Zick's original four-stage separation model.

## CONCLUSION

Dr. Whitson's opinions regarding dissolved hydrocarbons go to a pure question of law, and should be precluded.

Respectfully submitted,

| | |
|---|---|
| BRIAN HAUCK | ROBERT G. DREHER |
| Deputy Assistant Attorney General | Acting Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| | |
| PETER FROST | SARAH HIMMELHOCH |
| Director, Torts Branch, Civil Division | Senior Litigation Counsel |
| Admiralty and Aviation | NANCY FLICKINGER |
| STEPHEN G. FLYNN | SCOTT CERNICH |
| Assistant Director | RICHARD GLADSTEIN |
| MICHELLE DELEMARRE | THOMAS BENSON |
| SHARON SHUTLER | Senior Attorneys |
| JESSICA SULLIVAN | A. NATHANIEL CHAKERES |
| JESSICA MCCLELLAN | ANNA CROSS |
| MALINDA LAWRENCE | BETHANY ENGEL |
| Trial Attorneys | JUDY HARVEY |
| | RACHEL KING |
| | ERICA PENCAK |
| /s/ R. Michael Underhill | Trial Attorneys |
| R. MICHAEL UNDERHILL | |
| Attorney in Charge, West Coast Office | |
| Torts Branch, Civil Division | /s/ Steven O'Rourke |
| U.S. Department of Justice | STEVEN O'ROURKE |
| 7-5395 Federal Bldg., Box 36028 | Senior Attorney |
| 450 Golden Gate Avenue | Environmental Enforcement Section |
| San Francisco, CA 94102-3463 | U.S. Department of Justice |
| Telephone: 415-436-6648 | P.O. Box 7611 |
| Facsimile: 415-436-6632 | Washington, D.C. 20044 |
| E-mail: mike.underhill@usdoj.gov | Telephone: 202-514-2779 |
| | Facsimile: 202-514-2583 |
| | E-mail: steve.o'rourke@usdoj.gov |
| | |
| | DANA J. BOENTE |
| | United States Attorney |
| | Eastern District of Louisiana |
| | SHARON D. SMITH |
| | Assistant United States Attorney |
| | Eastern District of Louisiana |
| | 650 Poydras Street, Suite 1600 |
| | New Orleans, LA 70130 |
| | Telephone: (504) 680-3000 |
| | Facsimile: (504) 680-3184 |
| | E-mail: sharon.d.smith@usdoj.gov |

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date:  September 10, 2013.                                  /s/  Steven O'Rourke  
                                                                    U.S. Department of Justice