UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions ……………………………………………….. | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

## BP AND ANADARKO'S REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF DR. NATHAN BUSHNELL

The United States has failed to carry its burden under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). The pervasive flaws and critical errors in Dr. Bushnell's CFD analysis — many of which he admitted during his deposition — make it clear that the opinions of Dr. Bushnell on which the United States claims its experts depend lack the basic hallmarks of reliability.[1]

As a preliminary matter, the fact that the United States offers Dr. Bushnell solely as a "relied-upon" non-testifying expert does not moot this *Daubert* Motion. The United States — citing no case law — does not, and cannot, explain why Dr. Bushnell's purportedly relied-upon opinions should not be subjected to the same *Daubert* standards of reliability as the opinions of its testifying experts.[2] Further, the United States' attempt to neutralize this issue — by asserting

---

[1] In our initial motion, BP avoided reference to Dr. Lo, its world-renowned CFD expert, because Dr. Lo is not currently slated to offer expert testimony in this litigation. The United States, however, liberally and misleadingly cited Dr. Lo's report and deposition transcript. BP is thus compelled, in this filing, to correct the most inaccurate of those references to Dr. Lo's report and deposition testimony.

[2] On August 23, 2013, BP filed a separate motion to strike Dr. Bushnell's designation from the United States' Phase 2 Deposition Bundle List (BP's "Motion to Strike"), due to the fact that no testifying United States expert "relies" upon Dr. Bushnell's analysis in the sense required by the Court's August 22, 2013 Order Regarding Presentation of Evidence in Phase Two Trial (Rec. Doc. 11087). On September 3, 2013, the United States responded. Letter from S. Himmelhoch to Judge Shushan, Re: MDL 2179 - Opposition to BP's Motion to Strike Designation of Dr. Nathan Bushnell from the Phase 2 Deposition Bundle List, dated September 3, 2013 ("US Letter").

that only those "portions" of Dr. Bushnell's deposition will come into evidence — is baseless, as the United States has yet to reveal those "portions." *See* U.S. Opp. at 1-2.

Moreover, the specific opinions of Dr. Bushnell on which the United States claims its experts rely depend entirely on those areas of Dr. Bushnell's analysis in which he made — and admitted to making — his most egregious errors due to his inexperience and lack of expertise.[3] *See* U.S. Letter at 3 (stating that Drs. Dykhuizen, Griffith, and Pooladi-Darvish "rely" on Dr. Bushnell to support their respective assumptions about the flow regime and multiphase flow effects). Dr. Bushnell's analysis of the Capping Stack flow regime is so replete with flaws (using, for example, an inapplicable flow regime plot arbitrarily selected from a research paper he never read, and an incorrectly transcribed equation) that none of the conclusions he reached based on his flow regime assumptions can be relied upon. *See* BP/A Mem. at 9-11. Indeed, Dr. Bushnell's lack of multiphase CFD expertise prevented him from running even one simulation of multiphase heterogeneous flow in which two critical features, (i) the different velocities of the gas and oil phases, i.e. "slip," and (ii) the process of dissolved gas coming out of solution, i.e. "gas evolution," were modeled at the same time. *See* BP/A Mem. at 8-9. Contrary to the United States' claims, a multiphase model that does not model the interrelated effects of slip and gas evolution is not a reliable basis for any conclusions related to the multiphase flow physics. *See* U.S. Letter at 3.

Finally, the United States' Opposition incorrectly states that Dr. Lo's work validates Dr. Bushnell's view that there is essentially no difference between the homogeneous and multiphase models. Even apart from the fact Dr. Lo has not been named as a testifying expert, it remains the

---

[3] Indeed, Dr. Bushnell's professional career — at a mere 6 years — is in its infancy as compared to Dr. Lo, who has over 30 years of multiphase CFD experience. *See* Ex. 1, Bushnell Dep. at 34:13-35:1; Ex. 2, Lo. Dep. at 28:21-29:3. More importantly, Dr. Bushnell has virtually no experience modeling oil and gas flows using multiphase CFD. *See* Ex. 1, Bushnell Dep. at 51:12 - 53:6.

2

fact that Dr. Lo concluded that it was inaccurate to model the fluid as a homogenous mixture because the underlying flow physics of homogenous and multiphase flow are different. *See, e.g.*, Bushnell Dep. at 239:19-240:4; 28:2-11; 191:8-21; *see also* Ex. 3, Lo Report at 16-17 (discussing the "important difference" between the two models); Lo Dep. at 236:14-237:4. Further, Dr. Lo concluded that gas evolution (also referred to as "mass transfer") must be included in the multiphase heterogeneous model in order to render accurate results, and prepared such a model (with the same data and information that Dr. Bushnell had access to). *See* Lo Report at 15-16; Lo Dep. at 170:7-171:12. Dr. Bushnell's inability to include gas evolution in his multiphase heterogeneous model further demonstrates his inexperience with multiphase CFD and errantly led him to conclude that the homogenous assumption was more valid than the multiphase model.

Dr. Lo, unlike Dr. Bushnell, principally utilized the volume fraction of gas to determine the appropriate flow regime (i.e., "droplet" flow). *See* Lo Report at 12; Lo Dep. at 115:2-116:1. This is a standard method of determining the flow regime. Lo Report at 12; Lo Dep. at 176:24-181:18. Dr. Bushnell admitted that he did not apply this standard method to determine the flow regime in this case. *See* Bushnell Dep. at 123:12-18. If he had, he would have been compelled to conclude that the flow regime was a droplet flow and not a bubbly flow. *See* Lo Report at 12; Lo Dep. at 177:22-180:24. The simplifying assumptions that Dr. Bushnell made do not render his model "elegant;" they render the model unreliable. *See* U.S. Opp. at 4.

## **CONCLUSION**

For the foregoing reasons, BP and Anadarko respectfully request that the Court exclude Dr. Bushnell's expert reports and his deposition testimony from use during the Phase 2 trial or in post-trial briefing.

September 10, 2013                                  Respectfully submitted,

                                                         By: /s/ Don K. Haycraft

| | |
|---|---|
| Warren Anthony Fitch | Don K. Haycraft (Bar #14361) |
| (tony.fitch@bingham.com) | R. Keith Jarrett (Bar #16984) |
| Ky E. Kirby | LISKOW & LEWIS |
| (ky.kirby@bingham.com | One Shell Square |
| BINGHAM MCCUTCHEN LLP | 701 Poydras Street, Suite 5000 |
| 2020 K Street NW | New Orleans, Louisiana 70139-5099 |
| Washington, DC 20006 | Telephone: (504) 581-7979 |
| Telephone: (202) 373-6000 | Facsimile:  (504) 556-4108 |
| | |
| James J. Dragna | Richard C. Godfrey, P.C. |
| (jim.dragna@bingham.com) | (richard.godfrey@kirkland.com) |
| BINGHAM MCCUTCHEN LLP | J. Andrew Langan, P.C. |
| 355 S. Grand Avenue, Suite 4400 | (andrew.langan@kirkland.com) |
| Los Angeles, California 90071 | Timothy A. Duffy, P.C. |
| Telephone: (213) 680-6400 | (tim.duffy@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 300 North LaSalle Street |
| | Chicago, Illinois  60654 |
| | Telephone: (312) 862-2000 |
| | |
| Deborah D. Kuchler, T.A. (Bar #17013) | Robert C. "Mike" Brock |
| KUCHLER POLK SCHELL | (mbrock@cov.com) |
| WEINER & RICHESON, LLC | COVINGTON & BURLING LLP |
| 1615 Poydras Street, Suite 1300 | 1201 Pennsylvania Avenue, NW |
| New Orleans, Louisiana 70112 | Washington, DC 20004-2401 |
| Telephone: (504) 592-0691 | Telephone: (202) 662-5985 |
| | |
| *Attorneys for Anadarko Petroleum Corporation* | *Attorneys for BP Exploration & Production Inc. & BP America Production Company* |

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

                                                      /s/  Don K. Haycraft