# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| ……………………………………………... | : | SHUSHAN |

## BP AND ANADARKO'S REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF DRS. DYKHUIZEN AND GRIFFITHS

The United States responds to the motion to exclude the testimony of Drs. Dykhuizen and Griffiths by focusing on the original purpose for which these experts' analytical methods were developed. The United States maintains that "the opinions now offered by Dr. Dykhuizen and Dr. Griffiths grew 'naturally and directly' out of their pre-litigation work to estimate the flow rate as part of the Tri-Lab Team." U.S. Opp. at 8.

While it is true that Drs. Dykhuizen and Griffiths technically performed their first calculations and developed their analytical approaches prior to the expert disclosure and discovery period in this matter, it is equally true that the current litigation was fully anticipated at that time. In fact, documents produced by the Government about this very work demonstrate unequivocally that the same number that Dr. Dykhuizen now advances in litigation was generated over a single weekend for the use as the Government's "negotiation number" with BP, as opposed to reflecting the most accurate and reliable science possible for use by this Court now. *See, e.g.*, Ex. 1 (TREX 8628), at 58 ("for US Gov neg[otiations] with BP this is good enough."). Against this backdrop, generating estimates for the United States for purposes of conducting negotiations over future legal claims is hardly the kind of "pre-litigation" circumstance that serves to justify or substantiate a custom methodology in the face of non-

litigation-related industry-standard and scientifically recognized methods for addressing such problems.

As to the United States' extensive discussion of Drs. Dykhuizen's and Griffiths's credentials, no one disputes that each has an impressive background in the field of nuclear weapons safety, but the issue is the suitability of their methods given their admitted lack of any experience by either in the petroleum engineering field or the oil and gas industry.  Tellingly, the limitations of Drs. Dykhuizen's and Griffiths's current methods are openly discussed in the Government's own documents from the summer of 2010, when the analyses were originally generated.  These 2010 documents make clear that the fundamental assumption underpinning these analyses — namely, that no significant geometry changes took place in the outflow paths over the prior 85 days — is simply a "fictional state" (in Dr. Dykhuizen's own words).  *See* Ex. 2 (TREX 9376), at 2.  Precisely because of Drs. Dykhuizen's and Griffiths's lack of experience in petroleum engineering, they were forced, as newcomers to this space, to make a gross and fundamentally incorrect simplifying assumption — namely, that all flow-path erosion took place within hours or, at most, two days of the blowout.  Moreover, since this assumption was first made back in 2010, neither Dr. Dykhuizen nor Dr. Griffiths has analyzed the evidence that bears on and undercuts that crucial assumption (for example, the physical evidence recovered from the BOP showing significant erosion patterns and the body of professional literature demonstrating the range of cement erosion rates that would be physically possible under these circumstances), Nor have they taken any other steps to address its implausibility.

Drs. Dykhuizen's and Griffiths's efforts to validate their methods through the use of "alternative methods" are also insufficient to overcome the flaws inherent in the methods themselves. First, even with all manner of alternative approaches and supposed supplemental

2

support, Dr. Dykhuizen conceded at deposition that his cumulative estimate is subject to a plus or minus 30 percent error, a level of error that Dr. Dykhuizen himself described as "significant." Ex. 3, Dykhuizen June 19-20, 2013 Dep. at 511:14-21; *see* BP/A Mem. at 4-5. Dr. Dykhuizen's admissions about this error band were made in the context of and with the benefit of his alternate methods.[1] But he nonetheless puts his error at a level he describes as typically outside of "academic interest," and at which he himself would not have tried to publish. Ex. 3, Dykhuizen June 19-20, 2013 Dep. at 625:20-628:19. Tellingly, the United States' response fails to address Dr. Dykhuizen's 30 percent error bar, notwithstanding its significance as an objective (and admitted) measure of the reliability of Dr. Dykhuizen's work. Similarly, Dr. Griffiths's two purportedly alternative method calculations rely upon the same fundamentally mistaken assumption as to the rate of erosion that he utilizes in his so-called "best estimate" analysis. Accordingly, Dr. Griffiths's "alternative approach" results continue to coincide with his original 5.0 MMstb cumulative estimate, because they are derived from the same key parameters and same no-erosion premise as his best estimate calculation. Griffiths June 26, 2013 Dep. at 100 ("Q: Okay. And in any of your alternate models, are the model parameters, K factors, PI, allowed to change versus time? A: Well, the -- the way I used those parameters, I -- I do not change them over time.").

## CONCLUSION

For reasons described above and in the Motion, the testimony and opinions of Drs. Dykhuizen and Griffiths should be excluded from trial.

---

[1] In apparent recognition of the lack of sufficient validation for his Dr. Dykhuizen's work, the United States' relies improperly in its Opposition Brief on the work of Dr. Nathan Bushnell, whom the United States did not list as a testifying expert in this litigation and who, because no United States expert relies upon his work, was not properly included among the "non-testifying experts" depositions available as part of the record at trial. *See See* Letter from R. Gasaway to Judge Shushan, MDL 2179 — BP's Motion to Strike Designation of Dr. Nathan Bushnell from the Phase 2 Deposition Bundle List, (August 23, 2013).

| | |
|---|---|
| September 10, 2013 | Respectfully submitted, |
| | By: /s/ Don K. Haycraft |
| Warren Anthony Fitch<br>(tony.fitch@bingham.com)<br>Ky E. Kirby<br>(ky.kirby@bingham.com<br>BINGHAM MCCUTCHEN LLP<br>2020 K Street NW<br>Washington, DC 20006<br>Telephone: (202) 373-6000 | Don K. Haycraft (Bar #14361)<br>R. Keith Jarrett (Bar #16984)<br>LISKOW & LEWIS<br>One Shell Square<br>701 Poydras Street, Suite 5000<br>New Orleans, Louisiana 70139-5099<br>Telephone: (504) 581-7979<br>Facsimile:  (504) 556-4108 |
| James J. Dragna<br>(jim.dragna@bingham.com)<br>BINGHAM MCCUTCHEN LLP<br>355 S. Grand Avenue, Suite 4400<br>Los Angeles, California 90071<br>Telephone: (213) 680-6400 | Richard C. Godfrey, P.C.<br>(richard.godfrey@kirkland.com)<br>J. Andrew Langan, P.C.<br>(andrew.langan@kirkland.com)<br>Timothy A. Duffy, P.C.<br>(tim.duffy@kirkland.com<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, Illinois  60654<br>Telephone: (312) 862-2000 |
| Deborah D. Kuchler, T.A. (Bar #17013)<br>KUCHLER POLK SCHELL<br>WEINER & RICHESON, LLC<br>1615 Poydras Street, Suite 1300<br>New Orleans, Louisiana 70112<br>Telephone: (504) 592-0691 | Robert C. "Mike" Brock<br>(mbrock@cov.com)<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401<br>Telephone: (202) 662-5985 |
| *Attorneys for Anadarko Petroleum Corporation* | *Attorneys for BP Exploration & Production Inc. & BP America Production Company* |

4

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

                                                                            /s/  Don K. Haycraft