## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE |
| ………………………………………………... | : | SHUSHAN |

## BP'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN OPINIONS OF DR. JOHN L. WILSON

BP's opening brief moved to exclude two of Dr. Wilson's opinions — (1) what BP did or did not communicate to federal responders and (2) what BP knew or should have known[1] about flow rate. Neither is the proper subject of expert testimony.[2] The Aligned Parties' opposition brief fails to address why these two opinions are the proper subjects of expert testimony and should consume scarce trial time. Instead they misconstrue BP's arguments.

*First*, Dr. Wilson does not offer any expertise to assist the Court in understanding the factual record regarding the modeling information BP shared with federal responders. The Court can review that material and draw its own conclusions. No special expertise is required to review selected documents and determine whether or not they were communicated to federal responders. Even if the factual question of whether information was shared were a proper subject for expert testimony — which it is not — the Aligned Parties nevertheless claim Dr. Wilson's "fail[ure] to review all relevant evidence" should not preclude him from testifying about what information BP did or did not share with federal responders. A.P. Opp. at 10. But the critical defect in Dr. Wilson's analysis is that Dr. Wilson admitted that he did not analyze BP's interactions with federal responders though he opined about what modeling information was shared. Dr. Wilson clearly testified that he "did not review how BP and the federal folks at the incident command post communicated." BP Mem. at 5 (citing Wilson Dep. at 128:21-129:7 (attached again here as Exhibit 1)). Nor did he "perform any evaluation of information exchanged by BP and the National Labs." *Id.* (citing Wilson Dep. at 110:14:25). Nor did he

---

[1] The Aligned Parties incorrectly assert that BP "omits" the "critical" phrase — "should have known." AP. Op.. at 12. Far from it. BP's eight and one-half page brief contains five uses of the phrase "knew or *should have known*."

[2] The Aligned Parties claim that because BP filed a rebuttal report from Dr. Adam Ballard that Dr. Wilson's initial report must contain relevant opinions. A.P. Opp. at 6-7. Of course, BP's choice to defend itself against certain irrelevant and unreliable opinions cannot logically be an admission that those opinions are relevant and reliable.

know whether the very flow rate modeling that is the focus of his report was shared with the Incident Command. *Id.* at 6 (citing Wilson Dep. at 133:12-18).

***Second***, the Aligned Parties do not contest (because they cannot) that Dr. Wilson is prohibited from opining on what BP or its employees knew about the flow rate. A.P. Opp. at 11-12; *see* BP Mem. at 8 (citing cases). This is especially true here as Dr. Wilson testified unequivocally that BP never modeled the actual flow rate. BP Mem. at 7 (citing Dep. at 173:24-25 ("*[a]t no time did BP attempt to model the actual flow rate from the well*") (emphasis added)); *see also* BP Mem. at 7 (citing 54:6-18, 57:8-18, 253:13-14).

Nor is Dr. Wilson permitted to opine on what BP "should have known" about the flow rate, A.P. Opp. at 11-12, because, as BP explained in its initial brief, Dr. Wilson has no basis for supporting this conclusion, BP Mem. at 11. Dr. Wilson did not perform any modeling to assess the flow rate from the Macondo Well. Wilson Dep. at 53:8-14. Further, Dr. Wilson's opinion that "5,000 BOPD did not represent a reasonable estimate of flow," Wilson Rpt. at 26, is another instance of his unreliable speculation. Dr. Wilson failed to consider the scientific basis for Unified Command's estimate of 5,000 bopd. Wilson Dep. at 159:8-12, 160:3-10. Dr. Wilson made no attempt to analyze the reasonableness of the work of NOAA scientists who used aircraft and satellite images to arrive at an estimate of 5,000 bopd. Ex. 2, Henry Dep. at 31:16-33:1; Ex. 3, Lehr. Dep. at 274:22-275:7.

Cutting to the essential core, only Dr. Wilson's opinions on Top Kill attempt to show a connection between BP's modeling and any Source Control effort.[3] On those opinions, Dr.

---

[3] Dr. Wilson's opinion that BP should have known flow rates were above the Unified Command's estimate of 5,000bopd are never made relevant to any fact in issue. He does not opine how the Source Control effort was impacted in any way. Wilson Dep. at 41:12-24 (objections omitted) (Q: "You do not intend to offer any opinions on what the United States Government would have done differently had BP provided the government with the modeling you contend should have been provided, from a source control perspective, correct? A: I have no knowledge of what the government may have done differently had they had a different set of information in front of them.")

2

Wilson has performed no analysis to conclude what BP "should have known" about the flow rate — no independent modeling and no assessment of the accuracy of BP's calculations. Wilson Dep. at 314:1-315:11. Nor did Dr. Wilson perform his own analysis of why the Top Kill procedure failed. Wilson Dep. at 355:1-9. All Dr. Wilson has done is review and summarize in a timeline the outputs or stated numbers on the limited documents counsel provided him. He has not done any independent analysis to determine whether the modeling accurately predicts flow rate or what impact flow rate had on the Top Kill operation.

*Third*, the Aligned Parties rely heavily on the standard for granting *Daubert* motions in bench trials. A.P. Opp. at 3-4. However, standards for relevance and reliability for scientific evidence still apply.[4] The Plaintiffs propose to consume scarce trial time providing opinions Dr. Wilson is legally incapable of providing or that he has admitted he did no analysis to support. This improper detour is not merely the Aligned Parties' choice of how to employ its own time. BP should not be required to use its time to establish that Dr. Wilson's opinions lack scientific rigor. That is precisely the role of the gatekeeper as recognized in *Daubert*.

*Finally*, the Aligned Parties' misconstrue at length the opinions BP has moved to strike — (1) BP's communications and (2) BP's flow rate knowledge. A.P. Opp. at 7-8. Extended assertions by the Aligned Parties that Dr. Wilson is eligible under Rule 702 to explain technical documents to the Court are beside the point. Whatever Dr. Wilson's qualifications, he has not performed any analysis applying his expertise. He has merely reviewed certain pre-selected BP documents and opined on whether the modeling was shared. The factual question of whether modeling was shared with federal responders is not an appropriate subject for expert testimony.

---

[4] *Boltar LLC v. Commissioner*, 136 T.C. 326, 340-41 (U.S. Tax Ct. 2011) (finding *Daubert* applies to bench trials and rejecting unreliable expert opinions); *Atty. Gen. of Okla v. Tyson Foods, Inc*., 565 F.3d 769, 779 (10th Cir. 2009) (no abuse of discretion from excluding unreliable expert testimony in bench trial); *Seaboard Lumber Co. v. U.S.*, 308 F.3d 1283, 1302 (Fed. Cir. 2002) (same).

Dated: September 10, 2013                         Respectfully submitted,


                                                  /s / Don K. Haycraft

                                                  Don K. Haycraft (Bar #14361)
                                                  R. Keith Jarrett (Bar #16984)
                                                  LISKOW & LEWIS
                                                  One Shell Square
                                                  701 Poydras Street, Suite 5000
                                                  New Orleans, Louisiana 70139-5099
                                                  Telephone: (504) 581-7979
                                                  Facsimile: (504) 556-4108

                                                  Richard C. Godfrey, P.C.
                                                  (richard.godfrey@kirkland.com)
                                                  J. Andrew Langan, P.C.
                                                  (andrew.langan@kirkland.com)
                                                  Timothy A. Duffy, P.C.
                                                  (tim.duffy@kirkland.com)
                                                  KIRKLAND & ELLIS LLP
                                                  300 North LaSalle Street
                                                  Chicago, IL 60654
                                                  Telephone: (312) 862-2000
                                                  Facsimile: (312) 862-2200

                                                  Robert C. "Mike" Brock
                                                  (mbrock@cov.com)
                                                  COVINGTON & BURLING LLP
                                                  1201 Pennsylvania Avenue, NW
                                                  Washington, DC 20004-2401
                                                  Telephone: (202) 662-5985

                                                  *Attorneys for BP Exploration & Production*
                                                  *Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

                /s/  Don K. Haycraft__