UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| ……………………………………………... | : | |

### BP'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN OPINION AND TESTIMONY OF EDWARD R. ZIEGLER, P.E.

BP moved to exclude certain opinions of Mr. Ziegler as: (1) unsupported and unreliable opinions concerning BP's state of mind during the Macondo Response; (2) legal opinions improper under Fifth Circuit law; and (3) impermissible "Phase 1" opinions regarding casing design and BOP design, maintenance, and operation. The Aligned Parties' response mounts no convincing opposition to these arguments.

*First*, Mr. Ziegler's opinions about BP's state of mind are unreliable. The Aligned Parties' vague reference to experience does not cure this deficiency, as they are unable to identify any specific methodology or analytical framework that Mr. Ziegler used to assess BP's state of mind that might meet the requirements under *Daubert*. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (requiring methodology capable of "objective, independent validation").

In fact, instead of suggesting that Mr. Ziegler used a reliable methodology, the Aligned Parties argue that experts are sometimes permitted to opine about hypothetical explanations of a party's state of mind. A.P. Opp. at 6 (citing *Goldberg v. 401 N. Wabash Venture, LLC*, 2013 WL 1624989 (N.D. Ill. April 15, 2013)). But the Aligned Parties can find no shelter for Mr. Ziegler under the *Goldberg* umbrella. Unlike the expert in *Goldberg*, Mr. Ziegler did not purport to

offer expert testimony on "common industry practice."  *Goldberg*, 2013 WL 1624989, at *3. Instead, Mr. Ziegler's opinions about BP's intent are precisely the kind of "baseless opinion[s] about a person's state of mind" and "speculat[ion] regarding the thoughts . . . held at any time," that the court in *Goldberg* refused to admit.  *Id.*  Mr. Ziegler's testimony about BP's state of mind should be excluded as both unreliable and unhelpful to the trier of fact.  *See, e.g.*, *DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998) (error to allow an expert to speculate as to corporate motive).

*Second*, Mr. Ziegler's legal conclusions should be excluded as irrelevant under this Court's order, Rec. Doc. 5495, and under well-established evidentiary rules.  *See, e.g.*, *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) (holding that an expert "may never render conclusions of law").  The Aligned Parties' suggestion that Mr. Ziegler should be permitted to opine on legal conclusions because Mr. Richard Carden, BP's expert, purportedly opines on the same issues, misstates the record.  Unlike Mr. Ziegler, Mr. Carden did not independently interpret the regulations in his reports to reach a conclusion on the ultimate issue.  *See* Ex. 1, Carden Rebuttal Report at 14 ("BP's OSRP and Initial Exploration plan were approved by MMS as meeting applicable regulations for, among other things, spill preparedness").  The cited portions of Mr. Carden's report do not indicate otherwise.

The Aligned Parties attempt to sidestep this Court's order by improperly recasting Mr. Ziegler as an expert in applicable regulations who is therefore qualified to testify about whether BP's conduct is in accordance with the law should not be permitted.  A.P. Opp. at 3 (quoting Rec. Doc. 5495 at 2).  Mr. Ziegler conceded that he was not retained as an expert in applicable regulations to offer legal opinions.  *See, e.g.*, Ex. 2, Ziegler Dep. at 177:19-25.  Therefore, his

repeated attempts to offer ultimate legal conclusions about federal regulations, *see, e.g.*, Ziegler Initial Report at 43-45, 47; Ziegler Rebuttal Report at 4, 14, 17-18, should be excluded.

*Third*, Mr. Ziegler's improper Phase 1 testimony should be excluded. Contrary to the Aligned Parties' assertions, Mr. Ziegler offers improper opinions on BOP design, maintenance, and operation. Specifically, Mr. Ziegler states that "BP both was operating with a partially-disabled BOP system (lower rams converted to a test ram about year 2004)" and that "other BOP components [were] compromised or not working." Initial Report at 31-32. These blatant references to the design, maintenance, and operation of the BOP—issues hashed out during the Phase 1 trial—should be excluded as improper Phase 1 testimony. *See* Rec. Doc. 10991 (striking improper Phase 1 opinions from Dr. Stevick's Phase 2 report).

Similarly, Mr. Ziegler's testimony about BP's decision to include rupture disks in the casing design should be excluded. Again, contrary to the Aligned Parties' assertions, Mr. Ziegler repeatedly expressed improper Phase 1 opinions about BP's casing design at the Macondo well:

> BP created what it called well integrity issues by placing burst discs in its Macondo casing string. BP used burst discs to try to cure a problem it had experienced at another well with pressure between casing strings. BP should have considered Source Control as a higher priority on the Macondo exploratory well as opposed to seeking solutions for the producing life and integrity of the well. BP should consider Source Control when it plans a well with burst discs -- a counter-intuitive and intentional weakening of the well system. BP could have engineered and found other solutions for the casing pressure problems such as stronger casing, a designed wellhead monitoring and pressure relief or by-pass system, *etc*. . . .

Initial Report at 45; *see also id*. at 32, 42; Rebuttal Report at 6, 21; Ex. 2, Ziegler Dep. at 287:8-288:1. In contrast to Mr. Dan Gibson's report, which simply describes the well's design and then engages in a discussion of well integrity concerns post-incident, *see* Ex. 3, Gibson Report at 5-10, Mr. Ziegler's opinions go to the core of BP's decisions in designing the Macondo well pre-incident, and are thus improper Phase 1 testimony.

September 10, 2013                                    Respectfully submitted,

By: /s/ Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

Robert C. "Mike" Brock
(mbrock@cov.com)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

                                                                     /s/ Don K. Haycraft