## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE |
| …………………………………………….. | : | SHUSHAN |

### BP'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DR. ROBERT BEA

The Aligned Parties' Response fails to present anything to alter the conclusion that Dr. Bea's opinions should be excluded.  The Aligned Parties characterize BP's motion as contending that "Bea is not qualified to testify on process safety source control failures," *see* A.P. Opp. at 1, but BP's motion does not challenge Dr. Bea's underlying qualifications.  Instead, BP contends that Dr. Bea's testimony fails to satisfy the *Daubert* standard because he fails to employ a reliable methodology.

The Aligned Parties fail to respond to BP's arguments regarding Dr. Bea's methodology. For example, their Response ignores Dr. Bea's deposition testimony where he concedes that he did not perform the analysis necessary to support his opinions.  *See* Bea Dep. at 59:16:20.  Dr. Bea's unreliable methods are grounds for excluding his testimony; it is not a matter sufficiently left to cross examination, as the Aligned Parties contend.  *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 279 n.10 (5th Cir. 1998) (Under *Daubert*, "any step that renders the analysis unreliable . . . *renders the expert's testimony inadmissible*." (emphasis modified from original)).

### I.    Dr. Bea's Methods Are Unreliable, Rendering His Testimony Inadmissible.

In his Report, Dr. Bea identified conducting a cost-benefit analysis as one way to evaluate whether BP's source control preparations made the risk As Low As Reasonably

Practicable, or ALARP.  Initial Report at 9.  In their Opposition, the Aligned Parties describe (for the first time) *two* ways to conduct a cost-benefit analysis.  The Aligned Parties contend (without any supporting citation) that "Dr. Bea employed the generic cost benefit method."  A.P. Opp. at 4-5.  While the Aligned Parties cite to pages of Dr. Bea's Report, nowhere in those pages does Dr. Bea identify or describe a "generic" form of cost-benefit analysis.  *See* Initial Report at 10-12, 17-22.  The Aligned Parties' invention of "two types of cost-benefit analysis" is a thinly veiled post hoc effort to repair Dr. Bea's deposition testimony.

Regardless of whether there are multiple ways to conduct a cost-benefit analysis, the Aligned Parties' assertion that Dr. Bea conducted a cost-benefit analysis is directly contradicted by his testimony:

Q: And you didn't undertake a cost/benefit analysis, correct? [Objection]

A: That's correct."

Bea Dep. at 59:16:20.  Dr. Bea acknowledged that he was unable to conduct a cost benefit analysis because he has not identified the equipment necessary for the "cost" side of the equation.  *Id.* at 59:3-15.  Nor did Dr. Bea explain anywhere how he analyzed the "benefit" part of the equation.  The Aligned Parties' only response is to contend that Dr. Bea's testimony is taken out of context, but they fail to explain what they contend is the proper context.  Simply put, Dr. Bea confirmed that he did not undertake a cost benefit analysis of any type.

Additionally, the Aligned Parties' explanation as to how Dr. Bea conducted a "generic" type of cost benefit analysis is contradicted by Dr. Bea's own testimony:  Dr. Bea testified that "if you're doing an ALARP analysis, industry standards form part of that analysis."  Bea Dep. at 123:1-5.  However, Dr. Bea did not consider the industry standards—he focused only on BP. *See, e.g.*, *Id.* at 123:4-10; 125:16-24; 149:2-15 ("…I focused solely on BP Macondo.").

## II.    Dr. Bea's Opinions That Overlap with Phase 1 Should Be Excluded.

The Aligned Parties contend that there is "no duplication of opinions" between Dr. Bea's Phase 1 and 2 Report.  A.P. Opp. at 5.  This ignores the parts of Dr. Bea's Phase 2 report which repeat Phase 1 opinions.  For example, Dr. Bea's Phase 2 report offers opinions about BP "before the well was drilled" (Report at 21) and discusses actions of "BP Macondo management and drilling team…." (Report at 20). Dr. Bea also purports to "incorporate by reference" any Phase 1 opinions he believes are "material" to Phase 2.  Report at 6.  The Aligned Parties fail to provide any reason why the Court should hear testimony during the Phase 2 trial on issues already presented in Phase 1.

## III.   Dr. Bea's Legal Conclusions Are Inadmissible.

Regardless of how the Aligned Parties attempt to explain certain terms used by Dr. Bea, terms such as "reckless" and "willful" address ultimate issues to be decided by the Court and should be excluded.  The issues relating to the legal conclusions in Dr. Bea's report are addressed in greater detail in BP's Motion *in Limine* to Bar Fact or Opinion Testimony on Issues of Law From Phase 2 (Rec. Doc. 11039) and in BP's Reply in support of that motion, which BP incorporates by reference here in order to avoid duplication.

## <u>CONCLUSION</u>

BP respectfully requests that the Court exclude Dr. Bea from offering at trial (1) any opinion that BP needed additional plans or materials to address source control prior to April 20, 2010; (2) any legal conclusions; and (3) any Phase 1 opinions.

Dated: September 10, 2013

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production
Inc. & BP America Production Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of September, 2013.

/s/  Don K. Haycraft