UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| …………………………………………………... | : | SHUSHAN |

**BP'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO THE SEC SETTLEMENT AND EPA SUSPENSION FROM BOTH SEGMENTS OF THE PHASE TWO TRIAL**

BP's Motion *in Limine* to Exclude Evidence Related to the SEC Settlement and EPA Suspension and Disqualification ("Motion"), Rec. Doc. 11046, is opposed only to a limited extent. As of September 3, 2013, the due-date for oppositions, Transocean had filed a notice of non-opposition, Rec. Doc. 11210, and the United States, Halliburton, Alabama, and Louisiana had made no responsive filings at all. Accordingly, only the PSC, as reflected in their combined Memorandum in Opposition, Rec. Doc. 11193, oppose this motion. Significantly, the PSC's comment does not address BP's request to exclude evidence related to the EPA suspension or statutory disqualification; hence, BP's Motion is entirely unopposed in this respect.

The Plaintiffs commentary does address the SEC's complaint against BP and BP's consent agreement with the SEC. But as to the former it is clear that complaints, including this SEC complaint, contain only allegations not proven facts; they therefore constitute inadmissible hearsay. *Steed v. EverHome Mortgage Co.*, 308 F. App'x 364, 369 n.2 (11th Cir. 2009); *Century '21' Shows v. Owens*, 400 F.2d 603, 610 (8th Cir. 1968) (holding statements in a pleading may be used to impeach the pleader, but not the non-pleader). The Court previously recognized this bedrock principle when, in Phase 1, it excluded criminal indictments from the Phase 1 record. Order, at 3 & n.6 (Rec. Doc. 8651). The Plaintiffs are thus mistaken in suggesting that the SEC's Complaint against BP might be used or admitted for any reason.

As for BP's consent agreement with the SEC, the Plaintiffs' statements about their intended use of this documents (if any) remains unclear. Rec. Doc. 11193, at 4. The Plaintiffs appear to acknowledge that this agreement is inadmissible as substantive evidence. PSC Opp. at 4. Nonetheless, to remove any doubt, BP reasserts here its arguments from the similar Phase 1 motion and requests that the Court rule that BP's consent agreement with the SEC may not be used as substantive evidence in Phase 2. *See* BP Mem. at 2 (Rec. Doc. 8295-1).

The Plaintiffs' main argument regarding the consent agreement appears to be that it should be "admissible" "at the very least" for purposes of impeachment to "call into question the credibility of BP and its witnesses" or if witnesses "deny factual issues". PSC Opp. at 4 (citing the consent agreement at ¶ 13). As for the first of these projected uses — impeaching the credibility of BP witnesses — the Federal Rules make clear that a witness's credibility may be impeached only with the witnesses *own* prior acts. Fed. Rule. Evid. 608(b). Accordingly, the credibility of BP's employees testifying in the Phase 2 trial may not properly be impeached with the *company's* prior acts. *See Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 523-24 (3d Cir. 1997) (applying Rule 609); *see also United States v. Austin*, 786 F.2d 986, 992 (10th Cir. 1986) (same and holding, "We have found no case, and the Government has not cited one, in which a conviction other than that of the witness himself was properly admitted on the issue of his credibility.") Moreover, prior conduct used for purposes of impeachment generally "may not be proved by extrinsic evidence" like the SEC consent agreement. Fed. R. Evid 608(b); *J. United States v. Farias-Farias*, 925 F.2d 805, 809 (5th Cir. 1991) ("Generally, extrinsic evidence is not admissible to prove specific conduct of a witness in order to attack his credibility."); *Yanan & Associates, Inc. v. Integrity Ins. Co.*, 771 F.2d 1025, 1031 (7th Cir. 1985) (citing Rule 608(b)).

More fundamentally, any permissible impeachment or other use of the consent agreement would have to be relevant to a fact in issue and would be limited simply to confirming with a BP witness that the agreement "says what is says." *See* Fed. R. Evid. 613. The consent agreement itself remains inadmissible, however, if the witness acknowledges the document's contents. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1476 (11th Cir. 1992) (citing *United States v. Greer*, 806 F. 2d 616, 622 (5th Cir. 1986) (holding taped statement in direct conflict with trial testimony excludable where on cross-examination witness admitted

making statement); *United States v. Sisto*, 534 F.2d 616, 622 (5th Cir. 1976) (holding that extrinsic evidence of a prior inconsistent statement is admissible only if the witness on cross examination denies making the statement)).

Importantly, the consent agreement itself does not contain admissions relevant to the issues that will be tried in Phase 2. The agreement is, rather, "a contract to end a lawsuit in which the parties agree to the relief to be provided." *S.E.C. v. Gellas*, 1 F. Supp. 2d 333, 336 (S.D.N.Y. 1998). As such, the document states that BP "agrees … not to take any action or to make or permit to be made any public statement denying, directly or indirectly the [SEC's] complaint or creating the impression that the complaint is without factual basis." Ex. A, SEC Consent Agreement at ¶ 13. But the very same paragraph states, "Nothing in this paragraph affects Defendant's … right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party." *Id.* By its plain terms, then, the SEC consent agreement admits no wrongdoing — and provides no barrier to BP's raising all of its factual defenses in this multi-district litigation "in which the Commission is not a party."

The document therefore cannot properly be used as an admission — for impeachment or otherwise. Moreover, even if the Court were to permit Plaintiffs to use the consent agreement for impeachment, it would remain inadmissible, except in the narrow and extremely unlikely circumstances where testimony by a BP witness about the consent agreement itself were somehow to become relevant to a fact in issue and the BP witness were to deny that the agreement "says what is says." *See* Fed. R. Evid. 613.

## CONCLUSION

BP respectfully requests the Court grant BP's Motion in full.

3

Dated: September 10, 2013                                  Respectfully submitted,


/s / Don K. Haycraft


Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing motion has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of August, 2013.

/s/  Don K. Haycraft