# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 23, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re: MDL 2179 — Motion to Strike Designation of Dr. Nathan Bushnell from the Phase 2 Deposition Bundle List

Dear Judge Shushan:

As you know, the Court ruled last Friday that the United States was obliged to disclose, by 3:00 pm that same day, the names of the expert witness it intended to use as relied-on non-testifiers at the Phase 2 trial. In response, the United States disclosed its intention to submit the deposition of Dr. Nathan Bushnell as a Phase 2 "relied upon expert." *See* Ex. 1.

We write today to object to the United States' attempt to use Dr. Bushnell's deposition testimony in this fashion. No United States expert relies upon Dr. Bushnell in a manner that corresponds to proper uses of Phase 2 relied-on non-testifiers. If Dr. Bushnell's deposition is allowed to remain on the deposition bundle list, the United States will effectively have made an end-run around the Court's limit of eight Quantification expert witnesses per side. BP respectfully requests that the Court strike Dr. Bushnell's deposition from the list of depositions that will be accepted into the Phase 2 trial record.

## Background

Experts may of course base their opinion on the opinion of other non-testifying experts if "experts in the field *would reasonably rely on* those kinds of facts or data in forming an opinion on the subject." Fed. R. Evid. 703 (emphasis added); *Id.* Advisory Committee Notes (explaining that testifying doctors may rely on the opinions of non-testifying nurses).

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 23, 2013
Page 2

The court tried to strike a balance between limiting the number of testifying experts and permitting experts to rely on other experts, as permitted by the Federal Rules.  The Court's order on presentation of the evidence thus provides: "Either side may allow its testifying experts to rely on the calculations or analysis of another of its experts (as set forth in the testifying expert's report) without calling the relied-upon expert to testify at trial." Order Regarding Presentation of Evidence in Phase 2 Trial, at ¶ 3(i) (Rec. Doc. 11087, at 7).

Importantly, the Order contemplates the testifying expert will be actually relying on the calculations of another, non-testifying expert and that this reliance will have been set forth in the testifying expert's report.  For example, BP's three relied-upon, but non-testifying experts are all providing inputs for a testifying expert's analysis.  Dr. Trusler provides pressure measurement adjustments as an input to both Dr. Blunt's and Dr. Gingarten's analyses; Dr. Richardson provides a computational fluid dynamics analysis as input to Dr. Nesic's erosion analysis; and Dr. Vaziri provides sand production analysis as an input to Dr. Nesic's erosion analysis.

What the Order does not contemplate is "reliance" that is merely corroboration of independent work.  While Rule 703 permits reliance, it does not permit the introduction of non-testifying expert testimony simply because the opinion serves in some fashion to ***confirm*** an independent conclusion that the testifying expert has reached.  Instead, the testifying expert must "rely on the [material] in *forming* his opinion." *Huffman v. Turner Industries Group, L.L.C.*, No. 12-1061, 2013 WL 2297206, at *4 (E.D. La. May 24, 2013) (emphasis added).

Accordingly, mere corroboration of an already-formed opinion is an insufficient basis for admitting non-testifying expert opinion.  *See, e.g.*, *United States v. Grey Bear,* 883 F.2d 1382, 1392–93 (8th Cir. 1989) ("We are persuaded that Fed. R. Evid. 703 does not permit an expert witness to circumvent the rules of hearsay by testifying that other experts, not present in the courtroom, corroborate his views."); *Merck Eprova AG v. Gnosis S.P.A.*, No. 07-5898, 2011 WL 10818492, at *2 (S.D.N.Y. June 8, 2011) (rejecting testimony where expert "only contacted his colleagues '[a]fter formulating his opinion,'" as "other courts have routinely refused to allow experts to testify as to the agreement of colleagues with their opinions under Rule 703" (internal quotation marks omitted)).

### Discussion

Dr. Bushnell is not a relied-upon expert in any sense.  Instead, the United States has offered Dr. Bushnell's work merely as corroboration of independent work.  Dr. Bushnell's deposition therefore should not be submitted as a "relied-upon" expert.

A non-testifying, but relied upon expert for purposes of this litigation and inclusion in the deposition bundles is an expert whose opinions or conclusions underlie — that is, form the basis of — an opinion or conclusion of a testifying expert.  The opinion of a non-testifying expert that

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 23, 2013
Page 3

serves merely to corroborate or validate a testifying expert's independently formed opinion, is not the type of non-testifying expert testimony contemplated by the parties for inclusion on the Phase 2 deposition bundle list. Because no United States expert actually relies upon Dr. Bushnell's opinions or analysis in reaching their own opinions, he is improperly included in the Phase 2 deposition designation bundles by the United States.

Not a single United States initial or rebuttal expert report that mentions Dr. Bushnell discussed any reliance on Dr. Bushnell's work. (The relevant annotated pages of the expert reports discussing Dr. Bushnell are attached as Exhibit 2.) Rather, the United States experts merely reference Dr. Bushnell's reports as corroboration of their independently formed opinions. *See*, *e.g.*, Dykhuizen Report at 6 ("Another expert in this case, Bushnell ... also found that ..."); *id.* at 7 ("Bushnell's results ... provides additional confidence that our approach was correct."); *id.* at 9 ("a number of studies have become available that support the conclusion for the total flow on the final day. These include ... reports of ... Bushnell ...."); Griffiths Report at 9 (stating that he "checked his flow rates" against Bushnell's); *see also id.* (Griffiths comparing his results to those of Bushnell's); Kelkar Rebuttal Report at 4 (Bushnell's analysis "confirmed" results); *see also id.* at 7 (Bushnell's results "further validated" Kelkar's results).

Moreover, none of the United States experts testified at their depositions that they relied on Dr. Bushnell's opinions. Indeed, the deposition testimony by United States experts discussing Dr. Bushnell did so in the context of his work having served as corroboration of those experts' independently formed opinions. *See*, *e.g.*, Dykhuizen Dep. at 48:25-49:2 ("greater confidence in my results by using some of [Bushnell's] work."); *id.* at 303:4-5 ("[Bushnell and others] get similar numbers"); *id.* at 304:8-11 (agreeing that Dr. Bushnell's work gave Dykhuizen "confidence" about an assumption he made); Griffiths Dep. at 209:3-7 (discussing comparison he made to Bushnell's results). In fact, Dr. Griffiths confirmed that he relied on no other expert in forming his opinions. *See id.* at 32:10-12 (stating that he went "out of [his] way to avoid using any other numbers, any estimates from other people"); *see also id.* at 30:6-12, 209-17:24, 133:2-6.

Finally — and tellingly — counsel for the United States instructed Dr. Dykhuizen at his deposition not to answer questions regarding communications he had with Dr. Bushnell. *See, e.g.*, Dykhuizen Dep. at 49:3-11 (following counsel's instruction not to answer questions about work involving Bushnell); *see also id.* at 49:12-19 (same). Of course, if a United States expert had relied upon Dr. Bushnell's opinions, it would have been improper to instruct its testifying experts not to disclose a relied-upon communication. *See* Order Regarding Phase Two Expert Document Production, at 2 ("Phase 2 Expert Discovery Order"), March 15, 2013 (Rec. Doc. 8907) ("Consideration materials shall include communications between a testifying expert and a second expert that are relied on by that testifying expert in a report, deposition testimony, or at trial ...."); *see also* Fed. R. Civ. P. 26(a)(2)(B)(ii) (requiring an expert report to disclose "any facts or data considered by the witness in forming" his opinions).

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 23, 2013
Page 4

      Dr. Bushnell's opinions do not serve as an underpinning for any United States expert, nor does any testifying United States expert use Dr. Bushnell's work or opinions in forming or reaching opinions regarding the quantification of released oil.  He therefore does not qualify, under the Court's order, as a reliance expert for whom a testifying expert "rel[ies] on the calculations or analysis" in the testifying expert's report.  Order, Order Regarding Presentation of Evidence in Phase 2 Trial, at ¶ 3(i) (Rec. Doc. 11087, at 7.)  Admitting Dr. Bushnell's testimony would prejudice BP and Anadarko and permit an end-run around the eight-expert limit the Court established in its sound discretion for the Quantification segment of the Phase 2 trial.

*   *   *

      For the foregoing reasons, BP requests that the Court strike Dr. Bushnell from the United States' Phase 2 deposition bundle list.  BP also respectfully requests an order from the Court precluding any United States experts from referencing Dr. Bushnell's reports and deposition testimony in connection with their testimony at trial.

                                                                                               Respectfully Submitted,

                                                                                              Robert R. Gasaway

Attachments

cc (via electronic mail):

United States' MDL Counsel
State and Local Governments MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel