**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

September 10, 2013

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:   MDL 2179 — Motion to Strike References to Un-Designated Depositions

Dear Judge Shushan:

As you know, BP moved promptly to strike the Aligned Parties' trial brief Friday morning (shortly after its filing) on grounds of failure to comply with Court Orders. The Court responded by granting relief Friday afternoon.

Since Friday's motion and the Court's subsequent ruling, we have had an opportunity to examine the brief in more detail. Our review indicates this filing violates the Court's Orders in an additional respect. Specifically, the brief includes references to three depositions that fall outside the scope of the Phase 2 trial record.

BP accordingly requests that the Court strike all references to the depositions of Richard Morrison, William Stringfellow, and Richard Harland from the Aligned Parties' trial brief (Rec. Doc. 11267-2).

## BACKGROUND

The Court's Trial Structuring Order states as follows:

> "Deposition Designations. Each side in the Source Control case will submit to the Court simultaneously and *in camera* a list of up to 20 depositions that they intend to submit into evidence for the Phase Two trial. *Whatever the total number is (including overlap) will be the total number of depositions that will be admitted during the source control segment.*"

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 10, 2013
Page 2

\* \* \*

"<u>Deposition Designations</u>.  Each side in the Quantification case will submit to the Court simultaneously and *in camera* a list of up to 20 depositions that they intend to submit into evidence for the Phase Two trial.  *Whatever the total number is (including overlap) will be the total number of depositions that will be admitted during the Quantification segment*."

(Order Regarding Presentation of Evidence in Phase Two Trial (Rec. Doc. 11087), filed 8/22/13, at 5-6, 8-9 (emphasis added).)

Footnotes in the Court's Order further explain that, in regard to these lists of 20 depositions, "The number consists of 15 for trial use and 5 to cite in proposed findings of fact and conclusions of law." *Id*. at 6, 9.

The Court's Order thus permits parties to cite in *post*-trial briefs (and by implication in *pre*-trial briefs) only those Phase 2 depositions taken during the Phase 1 deposition period that are listed either (i) on some party's list of 15 "all purpose" deposition submissions or else (ii) on some party's list of 5 "restricted" deposition submissions.

Likewise, the Order permits parties to cite — either in pre- or post-trial briefs — only the depositions taken during the Phase 2 deposition period that are listed on some party's list of 15 "all purpose" submissions.

The depositions of Richard Morrison and William Stringfellow were both taken during the Phase 1 deposition period.  These two depositions were identified on the listing of Phase 1 depositions that were redesignated for Phase 2 purposes.  (The court will recall that this list was distributed to the Court at the July 26 Working Group Conference and later attached to BP's letter of August 8, 2013 regarding Objected-to Phase 2 Testimony in Phase 1 Deposition Bundles That Was Not Re-Designated in Phase 2.)

The Richard Morrison and William Stringfellow depositions were not, however, listed by any party — either on a list of 15 "all purpose" deposition submissions or on a list of 5 "restricted" deposition submissions.  (*See* S. Himmelhoch Aug. 14, 2013 (3:45 PM) Email to the Court (attaching consolidated list of the parties' Phase 2 deposition designations).)  Further, the Aligned Parties cite testimony from Richard Morrison's deposition that was not designated by any party during the Phase 2 deposition designation process.  (*See* Aligned Parties' Pre-Trial Statement, nos. 96, 119)

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 10, 2013
Page 3

The deposition of Richard Harland was taken during the Phase 2 deposition period. This deposition was not, however, listed by any party on its list of 15 "all purpose" Phase 2 deposition submissions. (*Id*.)

## ANALYSIS

Only those depositions that have been properly listed in a Phase 2 deposition designation submission will become part of the Phase 2 trial record. Accordingly, those depositions and only those depositions are available to be cited in the parties' pre-trial (and post-trial) briefs. As explained above, the depositions of Richard Morrison, William Stringfellow, and Richard Harland were not listed in any Phase 2 deposition submission. These depositions, therefore, are not part of the Phase 2 record, and they should not have been cited in the Aligned Parties' pre-trial brief.

\*   \*   \*

For reasons set forth above, BP respectfully requests that all references to the depositions of Richard Morrison, William Stringfellow, and Richard Harland be stricken from the Aligned Parties' pre-trial brief (Rec. Doc. 11267-2).

Respectfully Submitted,

Robert R. Gasaway

cc (via electronic mail):

United States' MDL Counsel
State and Local Government Liaison Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel