UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Regarding Motion to Strike Dr. Nathan Bushnell (Rec. doc. 11336)]

On August 23, 2013, BP/Anadarko moved to strike the designation by the U.S. of Dr. Nathan Bushnell as a relied-upon non-testifying expert.[1]  Rec. doc. 11336.  The U.S. filed an opposition. Rec. doc. 11337.  BP/Anadarko submitted a reply.  Rec. doc. 11338.

The order for the presentation of evidence in the Quantification Segment permitted each side (BP/Anadarko one side and the U.S. on the other) to designate up to 8 experts to testify live at the trial.  Rec. doc. 11087 at 8.  The order provides:

> Experts Relying on Other Experts.  Either side may allow its testifying experts to rely on the calculations or analysis of another of its experts (as set forth in the testifying expert's report) without calling the relied-upon expert to testify at trial. In doing so, however, the presenting party must designate the relied-upon experts' deposition as one of its 20 allotted deposition bundle submissions.

Id. at 10.  The U.S. designated Dr. Bushnell as one of its 20 allotted deposition bundle submissions.

BP contends that the U.S. experts do not rely on the calculations or analysis of Dr. Bushnell. Instead, the U.S. experts[2] merely use Dr. Bushnell's work as corroboration.  Dr. Bushnell's opinions

---

[1]  BP also filed a motion in limine to exclude Dr. Bushnell's opinion under Daubert.  Rec. doc. 1114. That motion is pending before Judge Barbier.  Rec. doc. 11175 at 4-5.

[2]  Dr. Ronald C. Dykhuizen (reports dated March 22, 2013 and June 10, 2013), Stewart Griffiths (report dated June 10, 2013), Dr. Mohan Kelkar (report dated June 10, 2013), and Dr. Mehran Pooladi-Darvish (report - undated).  See Rec. doc. 11336 (Exhibit 2) for annotated excerpts from these reports where

and conclusions do not underlie or underpin any of the work of the other U.S. experts. The U.S. responds that its experts relied on Dr. Bushnell and BP is attempting to impose a new limitation in that the non-testifying expert (Dr. Bushnell) must provide input into the reports of the other U.S. experts. Rec. doc. 11337 at 6.

Pursuant to Fed. R. Evid. 703:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Id. The Advisory Committee Notes refer to facts or data upon which expert opinions are based as derived from three possible sources:

> The third source contemplated by the rule consists of presentation of data to the expert outside of court and other than by his own perception. In this respect the rule is designed to broaden the basis for expert opinions beyond that current in many jurisdictions and to bring the judicial practice into line with the practice of experts themselves when not in court. Thus a physician in his own practice bases his diagnoses on information from numerous sources . . ., including statements by . . . other doctors . . . .

Fed. R. Evid. 703 Advisory Committee's Notes, 1972 Proposed Rules.

The U.S. cites U.S. Gypsum Co. v. Lafarge North America Inc., 670 F.Supp.2d 748 (N.D. Ill. 2009). At issue was whether Lafarge's production process for wallboard manufacture violated the U.S. Gypsum patent and technical testimony was required on fluid mechanics. The court limited the parties to one expert witness each. "The inevitable result of . . . [the] order is that the testifying experts will have relatively greater expertise in particular technical areas as opposed to others." Id. at 758. Lafarge contended that the expert (Morton) for U.S. Gypsum was not qualified to opine on

---

there are references to Dr. Bushnell. The June 10, 2013 report from Dr. Kelkar is a joint report with Dr. Rajagopal Raghavan, but it is now sponsored only by Dr. Kelkar.

anything having to do with slurry or foam agitation.

> The court further concludes that Morton has sufficient expertise in the mixing that occurs during wallboard manufacture. . . . That Morton considers information from others in forming his own conclusions does not necessitate the exclusion of his testimony. It is common in technical fields for an expert to base an opinion in part on what a different expert believes on the basis of expert knowledge not possessed by the first expert; and it is apparent from the wording of Rule 703 that there is no general requirement that the other expert testify as well. Such testimony need only be excluded when an expert is just parroting the opinion of another expert. Otherwise, an expert may rely on information provided by non-testifying experts, so long as he does not merely serve as a spokesman for the absent expert, vouching for the truth of his statements.

Id. at 758 (Citations, quotation marks and brackets omitted). After reviewing Morton's qualifications, the court stated:

> A review of Morton's report makes it clear that Morton is not merely parroting the views of others. Morton conducted independent analysis to arrive at his conclusions on agitation. <u>He then independently analyzed the computational fluid dynamics models constructed and used by the parties' non-testifying experts to corroborate his own conclusions on mixing and agitation.</u> As he has conducted a fully independent analysis of the matter, the court concludes Morton is entitled to offer opinions resulting from that analysis, including shortcomings he recognizes in Defendants' expert analysis.

Id. at 759 (Citation omitted and emphasis added). Morton performed at least two steps. First, he conducted his own independent analysis to arrive at his conclusions. Second, he independently analyzed computational fluid dynamics models constructed and used by the parties' non-testifying experts to corroborate his own conclusions on mixing and agitation. BP objects to Dr. Bushnell as a relied upon expert because the U.S. experts are using him only as corroboration.[3] This will not defeat the designation of Dr. Bushnell as a relied upon expert, <u>if the other U.S. experts relied on the analysis performed by Bushnell in formulating their opinions</u>.

---

[3] Under U.S. Gypsum, in order to use Bushnell's analysis to corroborate other U.S. experts' opinions, the experts would have had to independently analyze Bushnell's computations.

3

Exhibit 2 to BP's motion to strike Dr. Bushnell contains annotated excerpts from the reports of certain U.S. experts. Dr. Bushnell employed computational fluid dynamics modeling. The report of one of the U.S. experts, Dr. Dykhuizen, states

> Computational fluid dynamics (CFD) modeling conducted by Bushnell (2013) explored this by simulating the multidimensional flow through the various elements. In this way they did not have to rely upon tabulated flow resistance (K factors) for the individual elements. Bushnell's results were very similar to the results found in the DOE NNSA Flow Analysis Report, which indicates that the components can indeed be treated independently. This provides additional confidence that our approach was correct.

Rec. doc. 11336 (Exhibit 2 - Dr. Dykhuizen at 7). The report by Dr. Dykhuizen does not demonstrate any independent analysis of the computational fluid dynamics models constructed and used by Dr. Bushnell nor does he rely on Dr. Bushnell's analysis in formulating his opinions. He cannot rely on Dr. Bushnell's report. The reports of the other U.S. experts suffer from the same deficiency.

IT IS ORDERED that: (1) BP's motion to strike designation of Dr. Nathan Bushnell from the Phase 2 Deposition Bundle List (Rec. doc. 11336) is GRANTED; and (2) the deadline for an appeal of this order is **Monday, September 16, 2013.**

New Orleans, Louisiana, this 12th day of September, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

4