UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
|    "DEEPWATER HORIZON" IN THE | : | |
|    GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v.* | : | Magistrate Judge Shushan |
| *BP Exploration & Production Inc., et al.* | : | |

OPPOSITION OF THE SPECIAL MASTER
TO BROWNGREER'S MOTION TO RESTRICT
USE OF THE SPECIAL MASTER'S REPORT OF SEPTEMBER 6, 2013

COMES NOW Special Master Louis J. Freeh, in opposition to the motion by BrownGreer PLC to restrict use of the Special Master's Report of September 6, 2013 ("Report"). While the Special Master welcomes BrownGreer's statement that it looks forward to working on the reviews contemplated in the Court's July 2, 2013 and September 6, 2013 Orders, the arguments raised by BrownGreer in its motion reflect a substantial misunderstanding of the open issues within the Court Supervised Settlement Program ("CSSP"). For the following reasons, BrownGreer's motion should be denied:

    1. The Special Master's Report addressed the facts and circumstances that led to the resignation of a former staff attorney employed by the CSSP, and fact-finding concerning other possible ethical violations or misconduct within the CSSP.

    2. On September 9, 2013, BrownGreer filed a motion seeking to enjoin reference to certain portions of the Report, alleging that the presence of certain "inaccurate" statements in the Report "threatens irreparable harm" to the CSSP and to BrownGreer. BrownGreer provided no details of the alleged harm it may suffer.

3. BrownGreer further stated that it later will file a response with supporting evidence asking the Court to reject the Special Master's conclusions on four matters, but the firm also summarized its complaints in its motion. While none of the alleged errors cited in BrownGreer's moving papers provide any ground for relief, the objection process under Rule 53(f)(1) is the only appropriate forum for BrownGreer to seek any redress.

4. BrownGreer has not shown a likelihood of success on the merits of its complaints, and indeed appears to agree with many facts cited in the Report. One example serves to demonstrate this point. BrownGreer complains about the Report's discussion of how principals at the firm worked to defeat certain reform initiatives at the CSSP. BrownGreer does not contest that it opposed the initiatives, or that it enlisted two former CSSP employees to advance its view. Indeed, the documentary evidence cited in the Report makes BrownGreer's actions clear. Rather, BrownGreer complains that the reforms were allegedly "wasteful" and "counterproductive;" and that the law firm's motives were solely for the good of the CSSP, not the firm itself. Yet Brown Greer provides no explanation of why it raised its objections to the reforms in such indirect ways, or why the firm chose to enlist the two former employees as surrogates to fight its battles at the CSSP. The objection lacks substance and provides no basis for relief, much less extraordinary interim relief.

5. BrownGreer will have its opportunity to file objections pursuant to the Court's September 6, 2013 Order and Rule 53(f). Until the objections are resolved, BrownGreer certainly may respond to allegations about its conduct by explaining the disagreement that the firm has with the facts, as the firm has done in at least one recent newspaper report. *See "Freeh criticizes Richmond law firm in BP Gulf oil spill settlement"* Richmond Times Dispatch (Sept. 11, 2013) ("'We strongly disagree with the opinions in the Freeh report relating to BrownGreer,'

BrownGreer partner Lynn Greer said. 'They are incorrect and not supported by the evidence. We look forward to working with the court and Mr. Freeh to clear up these misunderstandings,' she said.").

      6.  As BrownGreer presently has failed to establish that the Report "threatens irreparable harm" to BrownGreer or CSSP, and as the firm has not demonstrated a likelihood of success on the merits of its complaints, no relief is presently appropriate for BrownGreer.

      For these reasons, the Special Master respectfully requests that the Court deny the motion of BrownGreer to restrict usage of the Report.

                                Respectfully submitted,

                                    /s/ Louis J. Freeh
                                Louis J. Freeh
                                Special Master

Dated:   September 12, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of September, 2013.

                  /s/ Louis J. Freeh