IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| | * | |
| This document relates to all actions. | * | HONORABLE CARL J. BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |
| | * | |
| | * | |
| | * | |

**BP'S OPPOSITION TO MOTION BY BROWNGREER PLC
TO RESTRICT USE OF SPECIAL MASTER REPORT
PENDING FINAL REVIEW AND DECISION BY THE COURT**

BrownGreer PLC asks this Court to enter an order prohibiting BP, Class Counsel and the Claims Administrator from "referring to or otherwise using in any court filing of any kind" the findings or other statements in Special Master Louis J. Freeh's Report that were critical of BrownGreer.[1] The unprecedented order BrownGreer seeks, however, is inconsistent with this Court's decision to file the Special Master's Report publicly and is not supported by any legal authority.  BrownGreer also fails to explain why this Court, which is familiar with the Court Supervised Settlement Program ("CSSP"), the Special Master's Report and the relevant legal standards, will not assign appropriate weight to the Special Master's findings or why a party's reference to those findings in a brief would foreclose its due process.  Nor does it demonstrate why it—alone among the numerous actors whose conduct is criticized in Freeh Report—is entitled to such novel relief.  There is simply no basis in law or fact for the relief requested. Indeed, the request itself raises additional concerns about BrownGreer.  Instead of acknowledging its shortcomings and pledging immediate corrective action, BrownGreer is

---

[1] The proposed order would not prohibit references to the Special Master's Report in the Rule 53(f) briefing requested by the Court.

doubling down and apparently intends to respond to the criticism by vigorously challenging the Special Master's findings. In short, the Court should summarily deny BrownGreer's motion for at least the following reasons.

*First*, the requested relief conflicts with the Court's decision to publicly file the Special Master's Report. The Supreme Court has long-recognized that "[w]hat transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947). Consistent with this principle, this Court already has concluded that Special Master Freeh's Report should be public. *See* 9/6/13 Order (Rec. Doc. 11288) at 1 ("The report has been filed into the public record of this case."). Restricting citation to the Report in court filings makes little sense when the Report itself is public and accessible to all. Not surprisingly, BrownGreer has not identified a single case where a court prohibited parties from referencing findings or other statements from a publicly-filed special master report in court filings.[2] To the contrary, once court proceedings become public, "[t]hose who see and hear what transpired can report it with impunity." *Craig*, 331 U.S. at 374.

*Second*, BrownGreer fails to identify any legitimate concern that justifies the extraordinary relief requested. The Court is already familiar with the CSSP and the Special Master's Report. It is inconceivable that a reference to the Special Master's criticism of BrownGreer in a pleading would "effectively deprive the Court of a meaningful opportunity under Rule 53(f)(1) to consider whether to accept these aspects of the Report" or "*permanently deny BrownGreer its fundamental due process rights*…." Br. at 4 (emphasis added). To the extent BrownGreer believes it has any basis to dispute the Report's findings, it has been given an

---

[2] The only case that BrownGreer cites on the merits is inapposite. *See L-3 Commc'ns Corp. v. Jaxon*, No. 10-cv-02868-MSK-KMT (D. Colo. Apr. 18, 2013). In *Jaxon*, the court stayed an order based on a special master's report to allow the parties an opportunity to object or otherwise respond to the report under FRCP 53(f). *Id.* at 1. No party in that case asked the court to impose restraints on the use of the content of a publicly-filed special master report in future pleadings.

opportunity to present its position to the Court.  *See* 9/6/13 Order (Rec. Doc. 11288) at 3–4.  That is all that due process requires.

Nor does BrownGreer explain how references to portions of the Special Master's Report in future pleadings could "threaten[] irreparable harm to the Program by causing the Class and the public to doubt unnecessarily the integrity of the Program" or "threaten irreparable harm to BrownGreer and its unblemished reputation."  Br. at 4.  Apart from missing the irony in its filing given the findings in the Special Master's Report, BrownGreer's own filing belies its argument.  In the very same brief that warns of the supposed dangers that will occur "each time the erroneous findings are repeated in any court filing," BrownGreer liberally summarizes the very findings and criticisms that it asks the Court to censor here.  Br. at 2–3.  And whatever the impact of the Special Master's findings and statements regarding BrownGreer, that bell has rung—several times.[3]  *See, e.g., Freeh Criticizes Richmond law firm in BP Gulf oil spill settlement administration*, Sept. 11, 2013, Richmond Times-Dispatch (reporting that "BrownGreer failed to detect fraudulent characteristics of claims in the case and also resisted the efforts to control costs and create efficiencies" according to Freeh).

If anything, BrownGreer's filing raises even more concerns about its motives.  Certainly, BrownGreer has given no indication that it is seriously committed to working with the Special Master to address the serious problems he identified in the CSSP.  BrownGreer already apparently once "complained to the CAO about the Special Master's investigation."  9/6/13 Report of Special Master Louis J. Freeh (Rec. Doc. 11287) at 12.  Now that the Special Master has issued his report and questioned the firm's conduct, BrownGreer has dug in further and

---

[3]   Even Class Counsel do not appear to share BrownGreer's concerns.  Just days after the Special Master's Report was publicly filed, Class Counsel brought the Report to the attention of the U.S. Court of Appeals for the Fifth Circuit.  *See* 9/10/13 Ltr. to the Court, *In re Deepwater Horizon*, Economic and Property Damages Settlement, U.S. Fifth Cir. No. 13-30315 (consolidated with No. 13-30329) (Dkt. No. 00512368074).

indicated it intends to vigorously challenge the Special Master's findings.  *See* Br. at 2–4.  The Special Master's Report and BrownGreer's response raise serious questions as to whether BrownGreer should continue to be a CSSP vendor.

*Finally,* BrownGreer's motion seeks to curtail the parties' "fundamental constitutional right" to access the courts, which "entails . . . freedom to file pleadings" and to assert legal claims effectively.  *Ruiz v. Estelle*, 679 F.2d 1115, 1153 (5th Cir. 1982) (citation omitted), *partially vacated on other grounds*, 688 F.2d 266, 267 (5th Cir. 1982).  As the Supreme Court has explained, "[t]here is no special perquisite of the judiciary which enables it . . . to suppress, edit, or censor events which transpire in proceedings before it."  *Craig*, 331 U.S. at 374.  The parties are entitled to advance their positions by marshaling whatever evidence they choose, including the Special Master's Report.

In sum, BrownGreer has failed to show why the Court should take the extraordinary measure of restricting references to the publicly-filed Special Master's Report in future pleadings.  Therefore, BrownGreer's motion should be denied.

September 12, 2013

James J. Neath
Mark Holstein
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX  77079
Telephone:  (281) 366-2000
Telefax:  (312) 862-2200

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone:  (202) 942-5000
Telefax:  (202) 942-5999

Jeffrey Lennard
Keith Moskowitz
DENTONS US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606
Telephone:  (312) 876-8000
Telefax:  (312) 876-7934

*OF COUNSEL*

Respectfully submitted,

  */s/ Richard C. Godfrey, P.C.*
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
David J. Zott, P.C.
Jeffrey J. Zeiger
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2000
Telefax:  (312) 862-2200

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Telefax:  (202) 879-5200

  */s/ Don K. Haycraft*
S. Gene Fendler (Bar #05510)

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 662-5985
Telefax:  (202) 662-6291

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY*

5

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of September, 2013.

/s/ Don K. Haycraft
Don K. Haycraft