

SUTHERLAND ASBILL & BRENNAN LLP

1001 Fannin, Suite 3700

Houston, Texas 77002

713.470.6100  Fax 713.654.1301

www.sutherland.com

**CARTER L. WILLIAMS**
DIRECT LINE: 713.470.6126
E-mail: carter.williams@sutherland.com

September 13, 2013

Magistrate Judge Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

      Re:    MDL No. 2179 – Transocean's Letter Brief Regarding the Admissibility of TREX-11583

Dear Judge Shushan:

      We write in response to BP's September 9, 2013 letter brief regarding the admissibility of TREX-11583 and pursuant to this Court's August 29, 2013 Order Adopting a Revised Timeline for the Phase Two Trial.  TREX 11583 is a PowerPoint presentation detailing the results of an investigation into an August 20, 2004 well control event that occurred off the coast of Egypt while the Transocean rig *Jim Cunningham* was working for Rashpecto.  The 26-page Management Incident Review is broken into sections, including Summary of Incident, Log of Key Events, Supporting Facts, Causation Analysis, and Action Items.  A review of the entire document clearly shows that Transocean's review of the *Jim Cunningham* event focused on the kick detection and well control measures taken by the crew from the rig floor.  Subsequent source control efforts were not within the scope of Transocean's review—the Log of Key Events concludes three hours after the blowout with the crew abandoning the rig; the Supporting Facts end within 10 minutes of the initial well control event; and the Causation Analysis discusses training, alarms, kick detection, and the crew's activation of the BOP.  None of these sections have any tendency to make it more or less probable that BP was prepared for the Macondo blowout or has anything to do with BP's misrepresentations that unnecessarily delayed the capping of the Macondo well until July 15, 2010.  Likewise, this Court and Judge Barbier have repeatedly ruled that prior unrelated incidents are not relevant here, including the Court's rulings at the recent September 11, 2013 Pretrial Conference in which Judge Barbier granted BP's motion *in limine* to exclude evidence relating to events like Texas City (*see* Rec. Doc. 11027).

      BP's argument that TREX-11583 provides evidence that the blowout was controlled by means other than a BOP-on-BOP is also factually incorrect.  At least at deposition, BP appeared to key in on two sentences – taken out of context from the entire 26-page document – to suggest

The Honorable Sally Shushan
September 13, 2013
Page 2

a cap and kill operation was aborted.  *See* Ziegler Dep. Tr. 133:3-135:13 (Exhibit A).[1]  However, when those two sentences are viewed in context, it is clear TREX-11583 is referring to an operation to cut and cap drill pipe from the rig floor, not a BOP-on-BOP operation.  The relevant portions of TREX-11583 state:

- Wild Well Control (WWC) was mobilized by Rashpetco (RP).  WWC mobilized equipment from US with the **plan to cut and cap the 5" [drill pipe] above the rig floor**, and bullhead to kill.  Logistical problems delayed the arrival of all the required equipment until Sept. 6 (17 days after blowout).

- Significant formation sediment flow from well started Sept. 2 and increased through Sept. 7.  Window of opportunity to cap and kill the well ended at this point (**unsafe to continue well control operations on rig floor**).

- Winched rig off location on Sept. 9.

- ROV reconnaissance after pipe shear shows minimal gas bubbling exiting from connector mandrel above shear rams.

TREX-11583 at 5-6 (emphasis added).  As indicated above and in BP's letter brief, TREX-11583 is limited to conduct from the rig floor that occurred through September 9, 2004.  It does not discuss the source control efforts undertaken after the rig was moved off location.  BP does not dispute this fact.  Indeed, TREX-11583 does not discuss the *Jim Cunningham* BOP cap because it was subsequently installed in October 2005 to control the gas leaking from the connector mandrel above the shear rams.  *See* Turlak Dep. Tr. 195:5-1; TRN-MDL-05195643 at 1 (Exhibit B).  Because the presentation is limited to well control efforts taken from the rig floor, it does not, as BP urges, provide evidence that the blowout was controlled by means other than a BOP-on-BOP.

---

[1] Not surprisingly, BP excerpted this line of questioning from the Ziegler testimony attached to its Sept. 9, 2013 letter brief.

The Honorable Sally Shushan
September 13, 2013
Page 3

      TREX-11583 simply does not satisfy the standards of FRE 401 for Phase 2 of this trial. It is focused on the original loss of well control, which was the subject of Phase 1. It is about an unrelated event, when similar type evidence has been excluded from trial. And, it has nothing to do with whether *BP* was prepared for a blowout or whether its lies delayed the capping of the Macondo well.

                                      Respectfully submitted,

                                      ____/s_____
                                      Carter L. Williams