# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | **MDL No. 2179** |
| | **SECTION J** |
| **This Document Relates to:** | **JUDGE BARBIER** |
| **2:13-cv-5385 (***Humble Lodging LLC; OM Sri Ganeshaya Namah LLC, et al., v. BP Exploration & Production, Inc.; BP America Production Company; et al.***)** | **MAGISTRATE SHUSHAN** |

## SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, who each in their own right bring this Second Amended Complaint, and respectfully avers as follows:

Each of these Plaintiffs has suffered economic damage and injuries, damage to economic livelihood, lost profits and / or impairment in earning capacity, as a result of the oil spill that began on April 20, 2010 following the explosion and sinking of the Deepwater oil rig, and as result of the Defendants' misrepresentations and negligence thereafter.  Plaintiffs are Texas businesses whose revenue stream was adversely affected and in some cases destroyed as a result of the Spill and its detrimental impact on tourism.

Each Plaintiff bringing claims under the Oil Pollution Act of 1990 against BP has satisfied its obligations there-under by informing the responsible party in writing of the nature and extent of their damages, providing supporting documentation, and requesting a specified amount of compensation for its injuries pursuant to 33 U.S.C. §§ 2713(a) and (b).  For each of these Plaintiffs, ninety (90) days have passed since their presentment, without any Plaintiff

receiving a payment or offer of settlement in response to its claim pursuant to 33 U.S.C. §2713(c)(2).[1] Each such Plaintiff has satisfied all conditions precedent to filing this suit.

Each Plaintiff is entitled to bring this action because a) it has opted-out, and thus is not a member of the class as defined in the Economic and Property Damages Settlement Agreement (hereafter "the Settlement"), or b) it is by definition of the class excluded from and therefore not a member of said class based upon its geographic location, the nature of its business, or both. *See* In re: *Oil Spill by the Oil Rig "Deepwater horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179*.

Each Plaintiff avers as follows:

## NATURE OF ACTION

1.      On April 20, 2010, a blowout, explosion, and multiple fires occurred aboard the mobile offshore drilling rig *Deepwater Horizon,* resulting in the sinking of the *Deepwater Horizon* and an oil spill in the Gulf of Mexico (sometimes hereinafter "the Spill") that has caused, is causing, and will continue to cause, damage to the Plaintiff. This is an action for damages, penalties, and other relief by the Plaintiffs against the parties known to be responsible for the Spill. The Defendants named in this lawsuit collectively and individually engaged in grossly negligent, wanton, and reckless conduct in the drilling and operation of the Macondo well, the operation of the *Deepwater Horizon,* and the containment of the Spill.

2.      Defendants' actions resulted in the blowout of the Macondo well, caused the explosion, burning, and sinking of the *Deepwater Horizon* rig, and directly resulted in

---

[1]      Plaintiffs expressly adopt and incorporates as if fully re-stated herein the factual allegations, causes of action and prayer for relief, raised in the Amended B 1 Master Complaint, Doc. No. 1128 filed in the MDL No. 2179, In re Oil Spill by the Oil Rig, "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (the "MDL Complaint").

the release of crude oil and other pollutants into the waters of the Gulf of Mexico. These pollutants and the foreseeable consequences of their release, have damaged, are damaging, and will continue to damage e a c h Plaintiff's economic livelihood.

3.      The discharge of oil into the Gulf resulted in a widespread array of negative consequences that severely damaged each of the Plaintiff's businesses. The Spill directly limited the availability and accessibility of the natural resources of the Gulf, and thereby caused injury to Plaintiff's businesses dependent on those resources.

4.      For example, the closure of Gulf waters to commercial fishing, shrimping, and oystering due to oil in the water, caused seafood prices to increase by as much as four hundred percent (400%).

5.      The Spill caused tremendous losses to Plaintiffs in the real estate industry who buy, sell, or rent land, buildings or housing along the Gulf Coast. The health and vitality of the Gulf of Mexico waters is critical to the image and attractiveness of these entities. The Spill caused a diminution in the value of real estate and an accompanying decline in the number of sales, leases, rentals, loan applications, loan approvals, and of course a corresponding decline in associated fees for real estate companies and their employees. Indeed, the real estate industry is directly related to the tourism industry, as the actual and perceived contamination of the Gulf, along with its long-term risks to health, caused fewer real estate transactions for lower prices than had the Spill not occurred.

6.      The Spill also carried acute, severe, and far reaching damage to Texas' tourism industry, with incumbent damage to the plethora of Plaintiff's businesses that earned revenue from those tourists. At or about the time of the spill domestic and international media followed the tragedy closely, broadcasting round the clock stories and

breaking news alerts of the unsuccessful efforts to stop the Spill.  A world audience was treated to a daily and sometimes hourly barrage of the omnipresent images of the Macondo Well pouring crude oil beneath the waters.  The media detailed the devastation of marine life from areas where the oil had actually made contact with the coastline.  But the media also carried stories and experts rampant with speculation as to whether the well would ever be capped, the unknown and possible long-term health consequences of the Spill on areas neighboring but as of yet untouched directly by oil, and even the potentially threatening contents of the chemicals being used in the clean up.  Beginning April 20, and extending many months after the well was finally capped in September 2010, the media engaged in a feeding frenzy that fueled legitimate concerns while also planting and nurturing new fears and concerns.

7.     Whether or not oil was literally on the beaches of tourist and vacation destinations throughout the Gulf, and regardless of whether certain sea-food and marine life was or was not actually contaminated, tourists, would-be-vacationers, and other travelers, reasonably perceived destinations throughout the Gulf Coast states to be an unwise choice -- a risk.  Actual and would-be-travelers and tourists acted accordingly; people who had travel and vacation plans cancelled them or elected to go elsewhere.

8.     Gas retailers and distributors suffered substantial economic damages as a direct result of the oil spill.  Plaintiffs in this industry derive a significant portion of their revenue from the sale of gasoline to domestic and international tourists, as well as boaters. The Spill reduced the volume of gasoline purchasers and thereby caused businesses to suffer economic loss.  BP branded gas stations fared even worse suffering a backlash in the form of protests and boycotts by would be purchasers who refused to purchase gas from stores flying the BP brand.

9.      Media reports regarding the potential health risks associated with the consumption of seafood from the Gulf of Mexico caused a decline in the customer base the volume of sales to drop drastically.  This drop in the demand of seafood for consumption left fishermen with little to no work because consumers did not trust seafood from the Gulf. Furthermore, the closure of Gulf waters to commercial fishing, shrimping, and oystering due to oil in the water put the fishermen out of work for an extended period of time. There was a clear decrease in commercial fishing due to the decrease in demand for seafood from the Gulf of Mexico due directly to the oil spill. There was general consumer distrust of seafood from the Gulf which decreased the demand. Fishermen were also finding sick fish that were exhibiting skin lesions and missing eyes that they could not market for consumption. Also, due to the damage the oil spill had on the environment, fishermen were experiencing a drastic decrease in catches.

10.     The Hospitality Industry, which is directly tied to tourism, suffered a dramatic loss of revenue as a result of both leisure and business travelers cancelling reservations and simply declining to travel to areas they otherwise would have had it not been for the Spill. The oil spill caused tremendous detriment to the Gulf of Mexico's tourism and hospitality industry; industries which the region's overall economic vitality is dependent upon. Hotels that previously housed rig workers in areas such as Texas lost big contracts when the moratorium was instituted and all workers were transferred out of the area. Business travelers that typically traveled to the Gulf Coast for major business conferences did not come because of a change in conference venue due to the oil spill. Hotels also lost other travelers such as those visiting the Gulf for weddings, sporting tournaments such as golf tournaments; snowbirds that typically come down for the summer from the northern states,

etc. that would normally drive the hotels' revenue in addition to the tourists that travel to the area.

11.     Similarly, eating establishments of all sorts in areas throughout the Gulf suffered a decline in revenue due to the Spill.  As noted, seafood restaurants were affected the greatest after the oil spill, as both local customers and tourists did not believe that seafood was safe to eat.  However, the Gulf wide decline in travelers and tourists directly lowered the volume of business restaurants of all stripe did along the Gulf Coast.  Business travelers and domestic and international vacationers who would have purchased food during their stay, were absent and thus did not buy breakfast at their hotel, lunch at a fast-food restaurant, or dinner at a higher end restaurant.

12.     The Plaintiffs suffered substantial economic damages as a result of the oil spill.  The tremendous impact of the Oil Spill caused a tremendous ripple effect, on not just the seafood and tourism industry, but the entire Gulf Coast's economy as a whole.  As business owners struggled to maintain their businesses, banks and financial services were forced to deny a multitude of loan applications for new businesses, while foreclosing on old businesses in order to recuperate their losses and break even.

13.     The oil spill caused tremendous detriment to the Gulf of Mexico's tourism and hospitality industry; industries which the region's overall economic vitality is dependent upon. Decreased tourism in the area heavily impacted local businesses and residents who, experiencing a significant decrease in profits and income, were unwilling and unable spend their money on discretionary products. The retail industry's revenue is based exclusively upon the selling of products to these residents and tourists. The oil spill prevented the

residents of the areas affected by the spill from accessing purchasing the goods sold by retailers which, in turn, directly decreased their revenue share.

14.     Each of the Plaintiffs owned and operated businesses or business ventures located in the state of Texas at the time the *Deepwater Horizon* oil rig exploded and sank. Businesses and industries of each type operated by Plaintiffs in this suit were adversely affected by the Spill and lost revenue as a result of the Spill.  The image and attractiveness of each Plaintiff's business has suffered, is suffering, and will continue to suffer because of the unknown impact of the Spill on the Gulf of Mexico, and its natural resources.  Each of the owners worked diligently to keep their enterprises profitable and afloat, but each suffered substantial losses directly attributable to the Spill.  Some Plaintiffs lost their business as a result of the Spill through bankruptcy or foreclosure.

15.     The Texas Plaintiffs, by and through its attorneys, bring this action for a declaratory judgment, to recover fines and penalties to which each Plaintiff is entitled, as well as for compensatory, punitive, and other damages, to the fullest extent allowed by federal and state law.

16.     Investigation of other potential claims, assessment of damage amounts, and additional removal and remediation actions continue.  Therefore, the Plaintiffs reserve their rights in full to amend this Complaint by, among other things, adding new allegations, new claims, and new defendants.

## **PARTIES**

17.     Plaintiff, Humble Lodging, LLC, is a Texas Limited Liability Corporation doing business as Country Inn & Suites with its principal place of business in Humble, Texas.

18.     Plaintiff, Om Sri Ganeshaya Namah LLC, is a Texas Limited Liability Corporation doing business as Econolodge with its principal place of business in Jasper, Texas.

19.     Plaintiff, Fire Stone Business Corporation, is a Texas Corporation doing business as Shell Food Mart with its principal place of business in Houston, Texas.

20.     Plaintiff, Stanley Cleaner's, Inc, is a Texas Corporation doing business as Stanley Cleaner with its principal place of business in Houston, Texas.

21.     Plaintiff, Omega Retail, Inc., is a Texas Corporation doing business as Little Buddy #04 with its principal place of business in Houston, Texas.

22.     Plaintiff, Superior Retail Corporation, is a Texas Corporation doing business as Sunrise #11 with its principal place of business in Houston, Texas.

23.     Plaintiff, Asim Business Inc., is a Texas Corporation doing business as Amigo Mart with its principal place of business in Houston, Texas.

24.     Plaintiff, SNDN Corporation, is a Texas Corporation doing business as South Park Inn with its principal place of business in Houston, Texas.

25.     Plaintiff, Sai krupa, Inc., is a Texas Corporation doing business as Executive Inn with its principal place of business in Mercedes, Texas.

26.     Plaintiff, 290 Northwest, Inc., is a Texas Corporation doing business as Best Western Inn & Suites with its principal place of business in Houston, Texas.

27.     Plaintiff, Edinburg Inn & Suites, Ltd., is a Texas Limited Corporation doing business as Best Western with its principal place of business in Edinburg, Texas.

28.     Plaintiff, HTD Corporation, is a Texas Corporation doing business as Camelot Inn & Suites with its principal place of business in Houston, Texas.

29.     Plaintiff, Karishma Investments, L.L.C., is a Texas Limited Liability Corporation doing business as Deluxe Inn & Suites with its principal place of business in Weslaco, Texas.

30.     Plaintiff, UKP Inc., is a Texas Corporation doing business as Heart of Texas Motel with its principal place of business in Austin, Texas.

31.     Plaintiff, Shree Gayatri Inc., is a Texas Corporation doing business as Homewood Suites with its principal place of business in Beaumont, Texas.

32.     Plaintiff, J P Ventures Inc., is a Texas Corporation doing business as Corner Stop Valero with its principal place of business in Houston, Texas.

33.     Plaintiff, Skat Corporation, is a Texas Corporation doing business as Southloop Inn with its principal place of business in Houston, Texas.

34.     Plaintiff, Sainath, LLC, is a Texas Limited Liability Corporation doing business as Palace Inn with its principal place of business in Houston, Texas.

35.     Plaintiff, Pasadena Motor Inn, LLC, is a Texas Limited Liability Corporation doing business as Motel 6 with its principal place of business in Pasadena, Texas.

36.     Plaintiff, MJB Property, Inc. is a Texas Corporation doing business as Days Inn with its principal place of business in Falfurrias, Texas.

37.     Plaintiff, Om Shiv Shiv, LLC, is a Texas Limited Liability Corporation doing business as Best Western with its principal place of business in Montgomery, Texas.

38.     Plaintiff, Kanchan Lodging, L.L.C., is a Texas Limited Liability Corporation doing business as Best Western with its principal place of business in Sinton, Texas.

39.     Plaintiff, Louie's Backyard Restaurant, Inc., is a Texas Corporation doing business as Louie's Backyard with its principal place of business in South Padre Island, Texas.

40.     Plaintiff, D&M Pizza, Inc., is a Texas Corporation doing business as Papa Johns with its principal place of business in Portland, Texas.

41.     Plaintiff, Sun Securities Inc., is a Texas Corporation doing business as Rodeway Inn & Suites with its principal place of business in Alvin, Texas.

42.     Plaintiff, OHM Shiv Parvati Inc., is a Texas Corporation doing business as La Quinta Inn & Suites with its principal place of business in Port Arthur, Texas.

43.     Plaintiff, WANIS Enterprise, Ltd., is a Texas Limited Company doing business as Country Inn & Suites with its principal place of business in Pharr, Texas.

44.     Plaintiff, Shyam Enterprises, Inc., is a Texas Corporation doing business as Holiday Inn Express Alamo with its principal place of business in San Antonio, Texas.

45.     Plaintiff, Northgreen Hospitality, L.P., is a Texas Limited Partnership doing business as Wingate Inn with its principal place of business in Houston, Texas.

46.     Plaintiff, Ambaji Corporation, is a Texas Corporation doing business as American Best Value Inn with its principal place of business in Bay City, Texas.

47.     Plaintiff, West Chase Eight, L.P., is a Texas Limited Partnership doing business as Quality Inn & Suites with its principal place of business in Houston, Texas.

48.     Plaintiff, Bright Textile, Inc., is a Texas Corporation doing business as Bright Textile with its principal place of business in Houston, Texas.

49.     Plaintiff, Swastik Enterprises LLC, is a Texas Limited Liability Corporation doing business as Sylvan Beach Grocery with its principal place of business in Laporte, Texas.

50.     Plaintiff, Beltway Stores Inc., is a Texas Corporation doing business as Beltway Stop Food Mart with its principal place of business in Houston, Texas.

51.     Plaintiff, Rice Place, Inc., is a Texas Corporation doing business as Bellaire Citgo with its principal place of business in Bellaire, Texas.

52.     Plaintiff, Ideal Business, Inc., is a Texas Corporation doing business as Quick Mart with its principal place of business in Houston, Texas.

53.     Plaintiff, Hiram Main Clarke Enterprises Inc., is a Texas Corporation doing business as Eagle Mart #3 with its principal place of business in Houston, Texas.

54.     Plaintiff, All Tristar, Inc., is a Texas Corporation doing business as Chevron Food Mart with its principal place of business in Brookshire, Texas.

55.     Plaintiff, Raakeen, Inc., is a Texas Corporation doing business as Oaks Cleaner with its principal place of business in Houston, Texas.

56.     Plaintiff, Sai Real Estate Development LLC, is a Texas Limited Liability Corporation doing business as Phillips 66 with its principal place of business in LaMarque, Texas.

57.     Plaintiff, DP & SP LLC, is a Texas Limited Liability Corporation doing business as Exxon with its principal place of business in Richwood, Texas.

58.     Plaintiff, Campbell Business, Inc., is a Texas Corporation doing business as Campbell Food Mart with its principal place of business in Houston, Texas.

59.     Plaintiff, Manvel Business, Inc., is a Texas Corporation doing business as Manvel Food Store with its principal place of business in Pearland, Texas.

60.     Plaintiff, PSP Business, Inc., is a Texas Corporation doing business as Hempstead Texaco with its principal place of business in Houston, Texas.

61.     Plaintiff, Kausar, Inc., is a Texas Corporation doing business as Handl Plus #29 with its principal place of business in Houston, Texas.

62.     Plaintiff, Anwar & Sons Corporation, is a Texas Corporation doing business as Clayton Food Mart with its principal place of business in Humble, Texas.

63.     Plaintiff, Yash Hospitality, Inc., is a Texas Corporation doing business as Express Food Mart with its principal place of business in Harlingen, Texas.

64.     Plaintiff, Maruti Lodging, LLC, is a Texas Limited Liability Corporation doing business as Motel 6 with its principal place of business in Port Lavaca, Texas.

65.     Plaintiff, MMK Hospitality LLC, is a Texas Limited Liability Corporation doing business as Boca Chica Inn & Suites with its principal place of business in Brownsville, Texas.

66.     Plaintiff, CBBK Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Best Western with its principal place of business in Houston, Texas.

67.     Plaintiff, Jai Bajrang, Inc., is a Texas Corporation doing business as Deluxe Inn & Suites with its principal place of business in Channelview, Texas.

68.     Plaintiff, Mayuri Enterprise, LLC, is a Texas Limited Liability Corporation doing business as Kings Bay Inn with its principal place of business in La Porte, Texas.

69.     Plaintiff, Sundeck Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Sundeck Motel with its principal place of business in Pharr, Texas.

70.     Plaintiff, Rozy Hospitality, Inc., is a Texas Corporation doing business as Spring Lodge Motel with its principal place of business in Spring, Texas.

71.     Plaintiff, Parvati Hospitality Inc., is a Texas Corporation doing business as Merry Inn with its principal place of business in Houston, Texas.

72.     Plaintiff, RBTT, Inc., is a Texas Corporation doing business as Rose Garden Inn with its principal place of business in Houston, Texas.

73.     Plaintiff, Jai Sri Ganesha Inc., is a Pramukhswami Investment Corp America's Best Value Inn with its principal place of business in Hempstead, Texas.

74.     Plaintiff, La Joya Hotel, Ltd., is a Texas Limited Liability Corporation doing business as La Vista Hotel with its principal place of business in La Joya, Texas.

75.     Plaintiff, Natraj Hospitality Inc., is a Texas Corporation doing business as America's Best Value Inn Waller with its principal place of business in Waller, Texas.

76.     Plaintiff, Laxmi Progressive, LP, is a Texas Limited Partnership doing business as Best Western Willis with its principal place of business in Willis, Texas.

77.     Plaintiff, Kingwood Lodging Group, Ltd., is a Texas Limited Company doing business as La Quinta Inn & Suites with its principal place of business in Kingwood, Texas.

78.     Plaintiff, La Vista Hotel, Ltd., is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in McAllen, Texas.

79.     Plaintiff, Sonorous One L.L.C., is a Texas Limited Liability Corporation doing business as Hilton Garden Inn with its principal place of business in Webster, Texas.

80.     Plaintiff, TX Baycity Hospitality, Inc., is a Texas Corporation doing business as Studio 6 Extended Stay with its principal place of business in Bay City, Texas.

81.     Plaintiff, Varniraj, LLC, is a Texas Limited Liability Corporation doing business as Comfort Suites with its principal place of business in Brenham, Texas.

82.     Plaintiff, Pramukhswami Investment Corp., is a Texas Corporation doing business as Super 8 with its principal place of business in Cleveland, Texas.

83.     Plaintiff, Radhe Radhe, L.L.C., is a Texas Limited Liability Corporation doing business as Camden Plaza Hotel with its principal place of business in Pasadena, Texas.

84.     Plaintiff, Shri Narayan, LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Tomball, Texas.

85.     Plaintiff, Global Atlas, Inc., is a Texas Corporation doing business as Comfort Suites with its principal place of business in Houston, Texas.

86.     Plaintiff, Blinks Investment, Inc., is a Texas Corporation doing business as Comfort Inn East Houston with its principal place of business in Houston, Texas.

87.     Plaintiff, Bay City Accommodations, Ltd., is a Texas Limited Company doing business as La Quinta Inn & Suites with its principal place of business in Bay City, Texas.

88.     Plaintiff, McAllen Holiday L.P., is a Texas Limited Partnership doing business as La Copa Hotel with its principal place of business in McAllen, Texas.

89.     Plaintiff, LPB LLC, is a Texas Limited Liability Corporation doing business as Sleep Inn & Suites with its principal place of business in Pearland, Texas.

90.     Plaintiff, M/V Breakaway Inc., is a Texas Corporation with its principal place of business in South Padre Island, Texas.

91.     Plaintiff, Crown Plaza Inc., is a Texas Corporation doing business as Crown Plaza Inn with its principal place of business in Houston, Texas.

92.     Plaintiff, Mahadev Investment, Inc., is a Texas Corporation doing business as Crystal Inn and Suites with its principal place of business in Houston, Texas.

93.     Plaintiff, Valley Hospitality, Inc., is a Texas Corporation doing business as Ramada Limited with its principal place of business in Harlingen, Texas.

94.     Plaintiff, Travel Inn Lodging Group, Inc., is a Texas Corporation doing business as Best Budget Inn with its principal place of business in Houston, Texas.

95.     Plaintiff, Serene Hotels, Inc., is a Texas Corporation doing business as Best Western Alamo with its principal place of business in San Antonio, Texas.

96.     Plaintiff, Nasa Gulf, Inc., is a Texas Corporation doing business as Express Mart #12 with its principal place of business in Webster, Texas.

97.     Plaintiff, DDM Sai Corporation, is a Texas Corporation doing business as Dell Dale Motel with its principal place of business in Channelview, Texas.

98.     Plaintiff, Robstown Enterprises, Inc., is a Texas Corporation doing business as Best Western Tropic Inn with its principal place of business in Robstown, Texas.

99.     Plaintiff, VMHV Corporations, is a Texas Corporation doing business as Camelot Inn & Suites with its principal place of business in Houston, Texas.

100.    Plaintiff, K P Lodging, LLC, is a Texas Limited Liability Corporation doing business as Palace Inn North with its principal place of business in Houston, Texas.

101.    Plaintiff, Hemal R. Patel, LLC, is a Texas Limited Liability Corporation doing business as Palace Inn with its principal place of business in Brownsville, Texas.

102.    Plaintiff, Kanchan Hospitality, L.L.C., is a Texas Limited Liability Corporation doing business as Brush Country Inn with its principal place of business in Freer, Texas.

103.    Plaintiff, Ganeshji Enterprise, LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Montgomery, Texas.

104.    Plaintiff, Sharina Shay, Inc., is a Texas Corporation doing business as Luxury Inn with its principal place of business in Houston, Texas.

105.    Plaintiff, Sai Inc., is a Texas Corporation doing business as Days Inn & Suites with its principal place of business in Houston, Texas.

106.    Plaintiff, Parmeshvar GP, L.L.C., is a Texas Limited Liability Corporation doing business as Rodeway Inn with its principal place of business in Harlingen, Texas.

107.    Plaintiff, Laxmi Ganesha, LLC, is a Texas Limited Liability Corporation doing business as Best Western La Porte Inn with its principal place of business in La Porte, Texas.

108.    Plaintiff, Nirjha, L.L.C., is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in San Benito, Texas.

109.    Plaintiff, Lambyn Enterprise, Inc., is a Texas Corporation doing business as Country Hearth Inn with its principal place of business in Columbus, Texas.

110.    Plaintiff, Jaykri, Inc., is a Texas Corporation doing business as Rodeway Inn & Suites with its principal place of business in Houston, Texas.

111.    Plaintiff, Jackson Avenue Hospitality, Inc., is a Texas Corporation doing business as Super 8 Motel with its principal place of business in McAllen, Texas.

112.    Plaintiff, Asharam Om, LLC, is a Texas Limited Liability Corporation doing business as Americas Best Value Inn & Suites with its principal place of business in San Benito, Texas.

113.    Plaintiff, Jairam Enterprises LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Jasper, Texas.

114.    Plaintiff, Suite Stay Inc., is a Texas Corporation doing business as Staybridge Suites with its principal place of business in Corpus Christi, Texas.

115.    Plaintiff, Greenspoint Airport, L.P., is a Texas Limited Partnership doing business as Homewood Suites with its principal place of business in Houston, Texas.

116.    Plaintiff, PAVR, Ltd., is a Texas Limited Company doing business as Holiday Inn Express & Suites with its principal place of business in Brenham, Texas.

117.    Plaintiff, Westchase Hospitality, Inc., is a Texas Corporation doing business as Candlewood Suites with its principal place of business in Pearland, Texas.

118.    Plaintiff, Sonorous Two, L.L.C., is a Texas Limited Liability Corporation doing business as Hampton Inn & Suites with its principal place of business in Pasadena, Texas.

119.    Plaintiff, Venus Spices, L.L.C., is a Texas Limited Liability Corporation doing business as Spice 6 with its principal place of business in Beaumont, Texas.

120.    Plaintiff, Cortez Enterprises II, Inc., is a Texas Corporation doing business as NASA Lube Express with its principal place of business in Seabrook, Texas.

121.    Plaintiff, Uvalde, Inc., is a Texas Corporation doing business as Super Duper Mart with its principal place of business in Houston, Texas.

122.    Plaintiff, FNA Convenience Stores, LLC, is a Texas Limited Liability Corporation doing business as Tidwell Citgo with its principal place of business in Houston, Texas.

123.    Plaintiff, Sani Business Inc., is a Texas Corporation doing business as Amigo Mart with its principal place of business in Houston, Texas.

124.    Plaintiff, Wayside Lodging Group, L.L.C., is a Texas Limited Liability Corporation doing business as Palace Inn with its principal place of business in Houston, Texas.

125.    Plaintiff, Sonorous League City, L.L.C., is a Texas Limited Liability Corporation doing business as Candlewood Suites with its principal place of business in League City, Texas.

126.    Plaintiff, Pride Management Inc., is a Texas Corporation doing business as Pride Management with its principal place of business in Beaumont, Texas.

127.    Plaintiff, Luxury Hospitality, Inc., is a Texas Corporation doing business as La Quinta Inn & Suites with its principal place of business in Lumberton, Texas.

128.    Plaintiff, Elite Hospitality Inc., is a Texas Corporation doing business as Ramada Inn with its principal place of business in Conroe, Texas.

129.    Plaintiff, Brookfield Lodgings Inc., is a Texas Corporation doing business as La Quinta Inn & Suites with its principal place of business in Columbus, Texas.

130.    Plaintiff, Green Express Stores Inc., is a Texas Corporation doing business as U.S Express with its principal place of business in Houston, Texas.

131.    Plaintiff, Sai Lala, Inc., is a Texas Corporation doing business as Holiday Inn Express with its principal place of business in Waller, Texas.

132.    Plaintiff, Golden Jewel Enterprises, Inc., is a Texas Corporation doing business as Sunrise # 15 with its principal place of business in Houston, Texas.

133.    Plaintiff, J&K Work Clothing, is a Sole Proprietorship doing business as J&K Work Clothing with its principal place of business in Pasadena, Texas.

134.    Plaintiff, Hockley Investments, LP, is a Limited Partnership with its principal place of business in Hockley, Texas.

135.    Plaintiff, HSPI Holdings, Ltd., is a Texas Limited Partnership with its principal place of business in South Padre Island, Texas.

136.    Plaintiff, Tejal & S N P, L.L.C., is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Kemah, Texas.

137.    Plaintiff, Manvel Lodging Group LLC, is a Texas Limited Liability Corporation doing business as Best Western Inn & Suites with its principal place of business in Kemah, Texas.

138.    Plaintiff, Moj Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Comfort Suites with its principal place of business in Webster, Texas.

139.    Plaintiff, Quantum I-10 Partners, Ltd., is a Texas Limited Partnership doing business as Holiday Inn Express with its principal place of business in Houston, Texas.

140.    Plaintiff, Wallisville Hospitality, L.L.C., is a Texas Limited Liability Corporation doing business as La Quinta Inn & Suites with its principal place of business in McAllen, Texas.

141.    Plaintiff, Aum Sai Ram, Inc, is a Texas Corporation doing business as Motel 6 with its principal place of business in Houston, Texas.

142.    Plaintiff, Jay Ganu Bapa, Inc., is a Texas Corporation doing business as Texas County RV with its principal place of business in Hankamer, Texas.

143.    Plaintiff, Fort Knox Protection, Inc., is a Texas Corporation doing business as Fort Knox Protection with its principal place of business in DeSoto, Texas.

144.    Plaintiff, Wilcrest Associate, Inc., is a Texas Corporation doing business as Sunrise Super Stop # 7 with its principal place of business in Houston, Texas.

145.    Plaintiff, Heshe, Inc., is a Texas Corporation doing business as The New Bull Room with its principal place of business in Kingsville, Texas.

146.    Plaintiff, MK Marketing, Inc, is a Texas Corporation with its principal place of business in Hockley, Texas.

147.    Plaintiff, Jean & Jo Corporation, is a Texas Corporation doing business as Cornwell Tools with its principal place of business in Pasadena, Texas.

148.    Plaintiff, Shree Ambika, Inc., is a Texas Corporation doing business as Comfort Inn with its principal place of business in Alvin, Texas.

149.    Plaintiff, Ohm Shanti, Inc., is a Texas Corporation doing business as Holiday Inn Express with its principal place of business in Houston, Texas.

150.   Plaintiff, Wadhwa & Associates, Inc., is a Texas Corporation with its principal place of business in Houston, Texas.

151.   Plaintiff, ILYAS, Inc., is a Texas Corporation doing business as Chevron Food Mart with its principal place of business in Katy, Texas.

152.   Plaintiff, Trilok Enterprises, Inc., is a Texas Corporation doing business as Express Lane with its principal place of business in Webster, Texas.

153.   Plaintiff, Fine Country Inc., is a Texas Corporation doing business as Executive Inn with its principal place of business in Brookshire, Texas.

154.   Plaintiff, Wichita ANC, Ltd., as owner of CNA Investment, LLC, is a Texas Limited Corporation doing business as Best Western with its principal place of business in Houston, Texas.

155.   Plaintiff, Vipoo Hospitality, Inc., is a Texas Corporation doing business as Travelodge & Super 8 with its principal place of business in Corpus Christi, Texas.

156.   Plaintiff, PDRAP, Inc, is a Texas Corporation doing business as Studio 6 with its principal place of business in Ingleside, Texas.

157.   Plaintiff, CTIG, LLC, is a Texas Limited Liability Corporation doing Business as Quality Inn with its principal place of business in Clute, Texas.

158.   Plaintiff, Omni Property Group, LLC, is a Texas Limited Liability Corporation with its principal place of business in Sugarland, Texas.

159.   Plaintiff, Centra Properties, LLC, is a Texas Limited Liability Corporation doing business as Shopping Center with its principal place of business in Spring, Texas.

160.   Plaintiff, Amita LLC, is a Texas Limited Liability Corporation doing business as Ramada Inn with its principal place of business in Port Arthur, Texas.

161.    Plaintiff, Oakhurst Manor Personal Care Home, Inc,. is a Texas Corporation with its principal place of business in Elgin, Texas.

162.    Plaintiff, Origin Investments Group, Inc., is a Texas Corporation with its principal place of business in Pearland, Texas.

163.    Plaintiff, R. Master & Sons, Inc., is a Texas Corporation doing business as Get & Go Food Mart with its principal place of business in Port Lavaca, Texas.

164.    Plaintiff, York Lodging Group, Corp., is a Texas Corporation doing business as Best Value Inn, with its principal place of business in Houston, Texas.

165.    Plaintiff, Denish Corporation, is a Texas Corporation doing business as Super 8 Motel with its principal place of business in Katy, Texas.

166.    Plaintiff, Nirmal, L.C., is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Houston, Texas.

167.    Plaintiff, Gayatri International L.L.C., is a Texas Limited Liability Company doing business as La Quinta Inn and Suites with its principal place of business in Rosenberg, Texas.

168.    Plaintiff, Ranchor, Inc., is a Texas Corporation doing business as Casa Rosa Motel with its principal place of business in Port Isabel, Texas

169.    Plaintiff, RMB Hospitality, Ltd., is a Texas Limited Company doing business as Days Inn with its principal place of business in Robstown, Texas.

170.    Plaintiff, SRRP Inc., is a Texas Corporation doing business as Deluxe Motel with its principal place of business in Houston, Texas.

171.    Plaintiff, Vikash Ltd. Co., is a Texas Limited Liability Corporation doing business as Regency Inn & Suites with its principal place of business in Humble, Texas.

172.    Plaintiff, Franke II, LLC, is a Texas Limited Liability Corporation doing business as Franke Realtors with its principal place of business in South Padre Island, Texas.

173.    Plaintiff, RGV Hotels L.L.C., is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Edingburg, Texas.

174.

175.    Plaintiff, Hriday L.L.C., is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Edinburg, Texas.

176.    Plaintiff, Medallion Investments, Inc., is a Texas Incorporated doing business as a Comfort Suites with its principal place of business in Houston, Texas.

177.    Plaintiff, Medallion Investments II Inc, is a Texas Incorporated doing business as Country Inn and Suites with its principal place of business in Houston, Texas.

178.    Plaintiff, Medallion Investments III Inc, is a Texas Incorporated doing business as Country Inn and Suites with its principal place of business in Houston, Texas

179.    Plaintiff, Medallion Investments IV Inc, is a Texas Incorporated doing business as La Quinta Inn and Suites with its principal place of business in Houston, Texas.

180.    Plaintiff, Medallion Investments V, Inc., is a Texas Corporation doing business as Holiday Inn Express & Suites with its principal place of business in Houston, Texas.

181.    Plaintiff, Omkar Group Pearland, L.P., is a Texas Limited Partnership doing business as Springhill Suites- Pearland with its principal place of business in Pearland, Texas.

182.    Plaintiff, Sant Krupa, LLC, is a Texas Limited Liability Corporation doing business as Windwater Hotel with its principal place of business in South Padre Island, Texas.

183.    Plaintiff, Rangoli, Inc., is a Texas Incorporated doing business as Quiznos with its principal place of business in Houston, Texas.

184.    Plaintiff, Richmond Sage Restaurant, Inc, is a Texas Corporation doing business as Dimassi's Mediterranean Buffet with its principal place of business in Houston, Texas.

185.    Plaintiff, Bright Hospitality, Inc., is a Texas Corporation doing business as Best Western Plus Katy Inn and Suites with its principal place of business in Houston, Texas.

186.    Plaintiff, Marble Falls Lodging, LLC, is a Texas Limited Liability Corporation doing business as Motel 6 with its principal place of business in Marble Falls, Texas.

187.    Plaintiff, Rakeso, LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Kingsville, Texas.

188.    Plaintiff, Kanchan9 Hospitality, L.L.C., is a Texas Limited Liability Corporation doing business as Best Western with its principal place of business in Kingsville, Texas.

189.    Plaintiff, Kanchan Hotel, LLC, is a Texas Limited Liability Corporation doing business as Comfort Inn with its principal place of business in Kingsville, Texas.

190.    Plaintiff, Kanchan9 Lodging, L.L.C., is a Texas Limited Liability Corporation doing business as Rodeway Inn with its principal place of business in Corpus Christi, Texas.

191.    Plaintiff, Shiva Lodging Group, Inc., is a Texas Corporation doing business as Eagle Inn with its principal place of business in Houston, Texas.

192.    Plaintiff, Kundan, L.L.C., is Texas Limited Liability Company doing business as Palace Inn with its principal place of business in Houston, Texas.

193.    Plaintiff, Sanraj Ltd. Co., is a Texas Corporation doing business as Astro City Motel with its principal place of business in Houston, Texas.

194.    Plaintiff, Choice Lodging Group Inc., is Texas Corporation doing business as Choice Inn with its principal place of business in Houston, Texas.

195.    Plaintiff, Ganpati, L.L.C., is a Texas Limited Liability Company doing business as Tidwell Inn with its principal place of business in Houston, Texas.

196.    Plaintiff, JSM Inc., is a Texas Corporation doing business as Passport Inn & Suites with its principal place of business in Houston, Texas.

197.    Plaintiff, Mercury Lodging Group, L.L.C., is a Texas Limited Liability Company doing business as Premier Inn with its principal place of business in Houston, Texas.

198.    Plaintiff, Bayou City Lodging Group, L.L.C., is a Texas Limited Liability Company doing business as Downtown Inn & Suites with its principal place of business in Houston, Texas.

199.    Plaintiff, Par Realty Group, Inc., is a Texas Corporation doing business as Comfort Suites with its principal place of business in Houston, Texas.

200.    Plaintiff, Laxminarayan Inc., is a Texas Corporation doing business as Comfort Suites with its principal place of business in Baytown, Texas.

201.    Plaintiff, Ramz Enterprises, Inc., is a Texas Corporation doing business as Drexel's Food Mart with its principal place of business in Katy, Texas.

202.    Plaintiff, Namz Enterprises, Inc., is a Texas Corporation doing business as Short Stop Market with its principal place of business in Katy, Texas.

203.    Plaintiff, HDSP Inc., is a Texas Corporation doing business as Camelot Inn with its principal place of business in Houston, Texas.

204.    Plaintiff, Best Alamo Hospitality, Inc., is Texas Corporation doing business as Super 8 Motel with its principal place of business in Alamo, Texas.

205.    Plaintiff, Sadguru, Inc., is a Texas Corporation doing business as Travelers Inn & Suites with its principal place of business in Wharton, Texas.

206.     Plaintiff, Parso, LLC, is a Texas Limited Liability Company doing business as Hollywood Inn with its principal place of business in Houston, Texas.

207.     Plaintiff, Surya Investments, Inc., is a Texas Corporation doing business as Southwind Motel with its principal place of business in Houston, Texas.

208.     Plaintiff, Jamini, L.L.C., is a Texas Limited Liability Company doing business as Scottish Inn with its principal place of business in Houston, Texas.

209.     Plaintiff, A-Dada Corporation, is a Texas Corporation doing business as La Mirage Motel with its principal place of business in Houston Texas.

210.     Plaintiff, OHM Sirdhi Ganesh L.L.C., is a Texas Limited Liability Company doing business as Scott Inn & Suites with its principal place of business in Houston, Texas.

211.     Plaintiff, Kamu Investments, L.P., is a Texas Limited Partnership doing business as Quality Inn & Suites with its principal place of business in Houston, Texas.

212.     Plaintiff, A P H Hospitality, Inc., is a Texas Corporation doing business as La Quinta Inn & Suites with its principal place of business in Angleton, Texas.

213.     Plaintiff, POI Investment, LLC, is a Texas Limited Liability Company doing business as Post Oak Inn with its principal place of business in Houston, Texas.

214.     Plaintiff, S.K. Lodging Group, Inc., is a Texas Corporation doing business as America's Best Value Inn with its principal place of business in Houston, Texas.

215.     Plaintiff, Nimitz Corporation, is a Texas Corporation doing business as Scottish Inn with its principal place of business in Houston, Texas.

216.     Plaintiff, R N S Business, Inc., is a Texas Corporation doing business as Lumberton Food Mart with its principal place of business in Lumberton, Texas.

217.    Plaintiff, Murphy Road Investments, Inc., is a Texas Corporation doing business as Citgo Food Mart with its principal place of business in Houston, Texas.

218.    Plaintiff, SIJS Investments Inc., is a Texas Corporation doing business as Royal Motel with its principal place of business in Houston, Texas.

219.    Plaintiff, Bapa Krupa, LLC, is a Texas Limited Liability Company doing business as Shady Glen Motel with its principal place of business in Channelview, Texas.

220.    Plaintiff, Sneha, L.L.C., is a Texas Limited Liability Company doing business as Palace Inn with its principal place of business in Houston, Texas.

221.    Plaintiff, DM Hospitality, Ltd., is a Texas Limited Partnership doing business as Super 8 Hotel with its principal place of business in Brownsville, Texas.

222.    Plaintiff, Pooja Investments, Inc., is a Mississippi Corporation doing business as Best Western Inn with its principal place of business in Baytown, Texas.

223.    Plaintiff, Wichita Enterprises, Inc., is a Texas Corporation doing business as Chevron Food Mart with its principal place of business in Houston, Texas.

224.    Plaintiff, Fondren Enterprises, Inc., is a Texas Corporation doing business as Chevron Food Mart with its principal place of business in Houston, Texas.

225.    Plaintiff, AMVS, Inc., is a Texas Corporation doing business as Super 8 Hotel with its principal place of business in Harlingen, Texas.

226.    Plaintiff, Angleton Hospitality Inc, is a Texas Corporation doing business as Best Value Inn with its principal place of business in Angleton, Texas.

227.    Plaintiff, J. S. Hospitality Corporation, is a Texas Corporation doing business as Days Inn & Suites with its principal place of business in Webster, Texas.

228.    Plaintiff, Om Shree Ganeshai Namah, Inc., is a Texas Corporation doing business as Regency Inn & Suites with its principal place of business in Houston, Texas.

229.    Plaintiff, Main Street Business, Inc., is a Texas Corporation doing business as Sunrise Food Mart with its principal place of business in Houston, Texas.

230.    Plaintiff, Gessner Tanner Texaco, Inc., is a Texas Corporation doing business as Shell Food Mart with its principal place of business in Houston, Texas.

231.    Plaintiff, Shiraz Beverage, Inc., is a Texas Corporation doing business as Fast Lane 49 with its principal place of business in Clute, Texas.

232.    Plaintiff, Umatiya, Inc., is a Texas Corporation doing business as Smith Drive Inn Grocery with its principal place of business in Angleton, Texas.

233.    Plaintiff, H G W Enterprises, Inc., is a Texas Corporation doing business as Super #25 with its principal place of business in Baytown, Texas.

234.    Plaintiff, Zam, Inc., is a Texas Corporation doing business as Circle A Grocery Store with its principal place of business in Angleton, Texas.

235.    Plaintiff, Western Inn, Inc., is a Texas Corporation doing business as Western Inn with its principal place of business in West Columbia, Texas.

236.    Plaintiff, KGRB Properties, LLC, is a Texas Limited Liability Company doing business as Best Western with its principal place of business in Corpus Christi, Texas.

237.    Plaintiff, Mintex Capital Corporation, is a Texas Corporation doing business as Super 8 with its principal place of business in Houston, Texas.

238.    Plaintiff, SPI Springlodge, L.P., is a Texas Limited Partnership doing business as Travelodge with its principal place of business in South Padre Island, Texas.

239.    Plaintiff, United Partnership, Inc., is a Texas Corporation doing business as Shell Food Mart with its principal place of business in Houston, Texas.

240.    Plaintiff, Liberal Lodging Group, L.L.C., is a Texas Limited Liability Company doing business as Palace Inn with its principal place of business in Pasadena, Texas.

241.    Plaintiff, Alvin Lodging Group, Inc., is a Texas Corporation doing business as Best Western Inn with its principal place of business in Alvin, Texas.

242.    Plaintiff, Studemont Enterprises, Inc., is a Texas Corporation doing business as Handi Plus with its principal place of business in Houston, Texas.

243.    Plaintiff, Samka Enterprises, Inc., is a Texas Corporation doing business as Sunrise Mini Mart with its principal place of business in Houston, Texas.

244.    Plaintiff, Safrin Inc., is a Texas Corporation doing business as Sunrise Super Stop with its principal place of business in Channelview, Texas.

245.    Plaintiff, Maruti Limited Partnership, is a Texas Limited Partnership doing business as Alvin Drive Inn with its principal place of business in Alvin, Texas.

246.    Plaintiff, Ram-Rahim, LLC, is a Texas Limited Liability Company doing business as Stop N' Save with its principal place of business in Clute, Texas.

247.    Plaintiff, Rest Well Corporation, is a Texas Corporation doing business as Quality Inn with its principal place of business in Kingsville, Texas.

248.    Plaintiff, SPI Management Co., is a Texas Corporation doing business as Isla Grand Beach Resort with its principal place of business in South Padre, Texas.

249.    Plaintiff, Laxmikrupa Hospitality, Inc., is a Texas Corporation doing business as La Quinta Inn & Suites with its principal place of business in Houston, Texas.

250.    Plaintiff, Mahalaxmi Hospitality, Inc., is a Texas Corporation doing business as Candlewood Suites with its principal place of business in La Porte, Texas.

251.    Plaintiff, R R & S, LLC, is a Texas Limited Liability Company doing business as Economy Lodge with its principal place of business in Texas City, Texas.

252.    Plaintiff, Janak, Inc., is a Texas Corporation doing business as Chevron Food Mart with its principal place of business in Houston, Texas.

253.    Plaintiff, Washington Sawyer, Inc., is a Texas Corporation doing business as Sunrise Super Stop with its principal place of business in Houston, Texas.

254.    Plaintiff, VNPS, Inc., is a Texas Corporation doing business as Timber Inn with its principal place of business in Houston, Texas.

255.    Plaintiff, Radhaswami Sahai Corporation, is a Texas Corporation doing business as Econolodge with its principal place of business in Houston, Texas.

256.    Plaintiff, Selma's Dream Ltd., is a Texas Limited Partnership doing business as La Quinta Inn & Suites with its principal place of business in Pharr, Texas.

257.    Plaintiff, A-Shan, Inc., is a Texas Corporation doing business as Gloria Jeans with its principal place of business in Friendswood, Texas.

258.    Plaintiff, Sejal Corporation, is a Texas Corporation doing business as MS Food Store with its principal place of business in Pasadena, Texas.

259.    Plaintiff, Muskan Enterprises, Inc., is a Texas Corporation doing business as Sarah's Convenience Store with its principal place of business in Clute, Texas.

260.    Plaintiff, Canal Creek, Inc., is a Texas Corporation doing business as Flamingo Supermarket with its principal place of business in Houston, Texas.

261.    Plaintiff, Om Shivay PPD Enterprises, LLC, is a Texas Limited Liability Company doing business as Regency Inn & Suites with its principal place of business in Bay City, Texas.

262.    Plaintiff, DEV Investments, LLC, is a Texas Limited Liability Company doing business as La Quinta Inn & Suites with its principal place of business in Katy, Texas.

263.    Plaintiff, Bapu I, LP, is a Texas Limited Partnership doing business as Holiday Inn Express & Suites with its principal place of business in Clute, Texas.

264.    Plaintiff, Kilpan I, LP, is a Texas Limited Partnership doing business as Hampton Inn & Suites with its principal place of business in Clute, Texas.

265.    Plaintiff, SDI Silverlake, LP, is a Texas Limited Partnership doing business as Sonics with its principal place of business in Houston, Texas.

266.    Plaintiff, Sunami Investments, LLC, is a Texas Limited Liability Company doing business as Marble Slab Creamery with its principal place of business in Harlingen, Texas.

267.    Plaintiff, 11511 South Highway 6 Foods, L.P., is a Texas Limited Partnership doing business as Sonics with its principal place of business in Houston, Texas.

268.    Plaintiff, Courtesy Hospitality, Inc., is a Texas Corporation doing business as Super 8 with its principal place of business in Houston, Texas.

269.    Plaintiff, Jai Ashapurima Corporation, is a Texas Corporation doing business as Beverage Mart with its principal place of business in Pasadena, Texas.

270.    Plaintiff, Mahavir Corporation, is a Texas Corporation doing business as TX Liquor with its principal place of business in Houston, Texas.

271.    Plaintiff, MDRM, Inc., is a Texas Corporation doing business as Travelodge with its principal place of business in Port Aransas, Texas.

272.     Plaintiff, MSE Enterprises, Inc., is a Texas Corporation doing business as Holiday Inn Express & Suites with its principal place of business in Port Aransas, Texas.

273.     Plaintiff, Lidhar Brothers, L.L.C., is a Texas Limited Liability Company doing business as Airport Inn with its principal place of business in Corpus Christi, Texas.

274.     Plaintiff, DSM Properties, Inc., is a Texas Corporation doing business as Best Western Garden Inn & Suites with its principal place of business in San Benito, Texas.

275.     Plaintiff, Coastal Affluence Group, Ltd., is a Texas Limited Partnership doing business as Knights Inn with its principal place of business in Corpus Christi, Texas.

276.     Plaintiff, Shiva Hospitality Inc., is a Texas Corporation doing business as Budget Host Inn with its principal place of business in Humble, Texas.

277.     Plaintiff, Islander Investment, Inc., is a Texas Corporation doing business as Hawthorn Suites with its principal place of business in Corpus Christi, Texas.

278.     Plaintiff, Humble Hospitality, L.L.C., is a Texas Limited Liability Company doing business as Super 8 with its principal place of business in Humble, Texas.

279.     Plaintiff, Bhuneswari, L.L.C., is a Texas Limited Liability Company doing business as Lisa Motel with its principal place of business in Houston, Texas.

280.     Plaintiff, Park Hospitality, Ltd., is a Texas Limited Partnership doing business as Bays Inn & Suites with its principal place of business in Baytown, Texas.

281.     Plaintiff, SSPIBR, Ltd., is a Texas Limited Partnership doing business as Pearl South Padre with its principal place of business in South Padre Island, Texas.

282.     Plaintiff, Sandy Shores Hospitality, Ltd., is a Texas Limited Partnership doing business as Quality Inn & Suites with its principal place of business in Corpus Christi, Texas.

283.    Plaintiff, Windward Hospitality, Ltd., is a Texas Limited Partnership doing business as Hawthorn Suites with its principal place of business in Corpus Christi, Texas.

284.    Plaintiff, South Texas Hospitality, Ltd., is a Texas Limited Partnership doing business as Radisson Hotel with its principal place of business in Corpus Christi, Texas.

285.    Plaintiff, Golden Ganeshji, L.L.C., is a Texas Limited Liability Company doing business as Quality Inn & Suites with its principal place of business in Seabrook, Texas.

286.    Plaintiff, Affiliated Hospitality, LLC, is a Texas Limited Liability Company doing business as Hilton Garden Inn with its principal place of business in South Padre Island, Texas.

287.    Plaintiff, First National Bank of South Padre Island, is a Texas Corporation with its principal place of business in South Padre Island, Texas.

288.    Plaintiff, Elegant, Inc., is a Texas Corporation doing business as Sunny's Food Store with its principal place of business in Houston, Texas.

289.    Plaintiff, BMRN, Inc., is a Texas Corporation doing business as Fast Food Mart with its principal place of business in Houston, Texas.

290.    Plaintiff, Aadesh, Inc., is a Texas Corporation doing business as Economy Inn with its principal place of business in Sour Lake, Texas.

291.    Plaintiff, Prema Lodging Group, L.L.C, is a Texas Limited Liability Corporation doing business as Palace Inn with its principal place of business in Houston, Texas.

292.    Plaintiff, PCS Properties, L.P., is a Texas Limited Partnership doing business as Palace Inn with its principal place of business in Houston, Texas.

293.    Plaintiff, Maruti Hospitality Corporation, is a Texas Corporation doing business as Americas Best Value Inn with its principal place of business in Houston, Texas.

294.     Plaintiff, Surya, Ltd., is a Texas Limited Partnership doing business as Texas Inn with its principal place of business in Weslaco, Texas.

295.     Plaintiff, Golden Gate Enterprise, Inc., is a Texas Corporation doing business as Flemingo Supermarket #2 with its principal place of business in Stafford, Texas.

296.     Plaintiff, First Class Enterprises Inc., is a Texas Corporation doing business as Crystal Food Mart with its principal place of business in Houston, Texas.

297.     Plaintiff, Avenue H Enterprises Inc., is a Texas Corporation doing business as Eagle Mart #1 with its principal place of business in Rosenberg, Texas.

298.     Plaintiff, Stoctonfall, Inc., is a Texas Corporation doing business as Settlers Mart with its principal place of business in Katy, Texas.

299.     Plaintiff, Aisha, Inc., is a Texas Corporation doing business as Minute Market with its principal place of business in Freeport, Texas.

300.     Plaintiff, Marutinanda, Inc., is a Texas Corporation doing business as Minute Market with its principal place of business in Freeport, Texas.

301.     Plaintiff, Blackhawk Business, Inc., is a Texas Corporation doing business as Blackhawk Shell with its principal place of business in Houston, Texas.

302.     Plaintiff, North Aldine, Inc., is a Texas Corporation doing business as Budget Food Store with its principal place of business in Houston, Texas.

303.     Plaintiff, Sai Darshan Corporation, is a Texas Corporation doing business as Star Inn & Suites with its principal place of business in Houston, Texas.

304.     Plaintiff, Creative Lodging Group LLC, is a Texas Limited Liability Corporation doing business as Americas Best Value Inn with its principal place of business in McAllen, Texas.

305.    Plaintiff, Badal Investments, Inc., is a Texas Corporation doing business as Baron Inn with its principal place of business in Houston, Texas.

306.    Plaintiff, Tulsi Lodging LLC, is a Texas Limited Liability Corporation doing business as Knights Inn with its principal place of business in Humble, Texas.

307.    Plaintiff, Karishma Hospitality, L.L.C., is a Texas Limited Liability Corporation doing business as Dacoma Inn with its principal place of business in Houston, Texas.

308.    Plaintiff, Kima Investments, Inc., is a Texas Corporation doing business as Winchester Inn and Suites with its principal place of business in Humble, Texas.

309.    Plaintiff, Babasai, Inc, is a Texas Corporation doing business as Hotel Courts Inn with its principal place of business in Houston, Texas.

310.    Plaintiff, Pharr Inn & Suites, LLC, is a Texas Limited Liability Corporation doing business as America's Best Value Inn & Suites with its principal place of business in Pharr, Texas.

311.    Plaintiff, Ramanandi Inc., is a Texas Corporation doing business as Legacy Inn with its principal place of business in Houston, Texas.

312.    Plaintiff, Sani, L.L.C., is a Texas Limited Liability Corporation doing business as Palace Inn with its principal place of business in Houston, Texas.

313.    Plaintiff, B & S Interests, Inc., is a Texas Corporation doing business as Jackson Inn with its principal place of business in Edna, Texas.

314.    Plaintiff, Virani & Manav, L.L.C., is a Texas Limited Liability Corporation doing business as Knights Inn with its principal place of business in Houston, Texas.

315.    Plaintiff, Jay Amrit Development, Ltd., is a Texas Limited Partnership doing business as Motel 6 with its principal place of business in Edinburg, Texas.

316.    Plaintiff, Scott Lodging Group, L.P., is a Texas Limited Partnership doing business as Luxury Inn with its principal place of business in Houston, Texas.

317.    Plaintiff, Jalaram Lodging, LLC, is a Texas Limited Liability Corporation doing business as Paradise Inn & Suites with its principal place of business in Humble, Texas.

318.    Plaintiff, Heritage Hospitality, Ltd., is a Texas Limited Partnership doing business as Lonestar Inn & Suites with its principal place of business in Victoria, Texas.

319.    Plaintiff, PAAAR, L.L.C., is a Texas Limited Liability Corporation doing business as La Quinta Inn Suites with its principal place of business in Webster, Texas.

320.    Plaintiff, Sarvamangal Lodging, L.L.C., is a Limited Liability Corporation doing business as Cambridge Inn & Suites with its principal place of business in Freeport, Texas.

321.    Plaintiff, N & J LLC, is a Limited Liability Corporation doing business as Comfort Suites North with its principal place of business in Houston, Texas.

322.    Plaintiff, B&A Food Service, L.L.C., is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Deer Park, Texas.

323.    Plaintiff, Laxmikrupa, Inc., is a Texas Corporation doing business as Days Inn with its principal place of business in Conroe, Texas.

324.    Plaintiff, Jai Jai Hanuman, LLC., is a Texas Limited Liability Corporation doing business as Days Inn & Suites with its principal place of business in Channelview, Texas.

325.    Plaintiff, Asim Enterprises, L.P., is a Texas Limited Partnership doing business as La Quinta Inn & Suites with its principal place of business in Houston, Texas.

326.    Plaintiff, Siyaram, LP., is a Texas Limited Partnership doing business as Best Western Greens Point Inn and Suites with its principal place of business in Houston, Texas.

327.     Plaintiff, HIWC Inc., is a Texas Corporation doing business as Super 8 with its principal place of business in Humble, Texas.

328.     Plaintiff, Reena Hospitality Corporation, is a Texas Corporation doing business as Super 8 Motel with its principal place of business in Brookshire, Texas.

329.     Plaintiff, Devashree Lakshmi Incorporated., is a Texas Corporation doing business as Comfort Suites with its principal place of business in Houston, Texas.

330.     Plaintiff, Vighneshwer, LLC, is a Texas Limited Liability Corporation doing business as Candlewood Suites with its principal place of business in Lake Jackson, Texas.

331.     Plaintiff, Nouveau Investments, LLC, is a Texas Limited Liability Corporation doing business as Holiday Inn Express with its principal place of business in Sugar Land, Texas.

332.     Plaintiff, Golden Merit Hospitality, Inc., is a Texas Corporation doing business as Candlewood Suites Baytown with its principal place of business in Baytown, Texas.

333.     Plaintiff, Pasupatinath LLC., is a Texas Limited Liability Corporation doing business as Comfort Suites with its principal place of business in Bay City, Texas.

334.     Plaintiff, Separk Enterprises LLC., is a Texas Limited Liability Corporation doing business as Quality Inn with its principal place of business in Baytown, Texas.

335.     Plaintiff, Sienna SDI, LLC., is a Texas Limited Liability Corporation doing business as Sonics with its principal place of business in Missouri City, Texas.

336.     Plaintiff, Rama Food LLC, is a Texas Limited Liability Corporation doing business as Schlotzkys with its principal place of business in Houston, Texas.

337.     Plaintiff, FUN 'N SHADE, INC, is a Texas Corporation doing business as Fun and Shade with its principal place of business in South Padre Island, Texas.

338.    Plaintiff, Bishop Hotelier, Inc., is a Texas Corporation doing business as Bishop Hotelier, Inc. with its principal place of business in Bishop, Texas.

339.    Plaintiff, Gold Star Motel Chain LLC, is a Texas Limited Liability Corporation doing business as Super 8 Motel with its principal place of business in Weslaco, Texas.

340.    Plaintiff, Maplewood Stores Inc., is a Texas Corporation doing business as Chelly Harbor Chevron with its principal place of business in Sugarland, Texas.

341.    Plaintiff, Angels of Mt. Belvieu, Inc., is a Texas Corporation doing business as Angel Gas & Grocery #5 with its principal place of business in Baytown, Texas.

342.    Plaintiff, Houston Hotelier, Inc., is a Texas Corporation doing business as Garden Inn with its principal place of business in Corpus Christi, Texas.

343.    Plaintiff, Rosenberg Hospitality, Inc., is a Texas Corporation doing business as Woodland Inn & Suites with its principal place of business in Rosenberg, Texas.

344.    Plaintiff, Lidhar Hospitality, L.L.C., is a Texas Limited Liability Corporation doing business as Las Palmas Inn with its principal place of business in Mission, Texas.

345.    Plaintiff, Bhramjyot LLC, is a Texas Limited Liability Corporation doing business as Best Western with its principal place of business in Brenham, Texas.

346.    Plaintiff, Jay Dhruv LLC., is a Texas Limited Liability Corporation doing business as Palace Inn with its principal place of business in Houston, Texas.

347.    Plaintiff, Capital Inn, L.L.C., is a Texas Limited Liability Corporation doing business as Capital Inn with its principal place of business in Houston, Texas.

348.    Plaintiff, Prabhu Corporation, is a Texas Corporation doing business as Howard Johnson Express Inn with its principal place of business in Houston, Texas.

349.    Plaintiff, HMS-US Management, Systems L.L.C., is a Texas Limited Liability Corporation doing business as La Quinta Inn & Suites with its principal place of business in Alamo, Texas.

350.    Plaintiff, Alisha Lodging Group, L.L.C., is a Texas Limited Liability Corporation doing business as Palace Inn with its principal place of business in Houston, Texas.

351.    Plaintiff, Shiva Worldwide, Inc., is a Texas Corporation doing business as Guest Motel with its principal place of business in Houston, Texas.

352.    Plaintiff, DVD Enterprises, Ltd., is a Texas Limited Partnership doing business as Holiday Inn Express with its principal place of business in Wharton, Texas.

353.    Plaintiff, Jai Jalian, LLC, is a Texas Limited Corporation doing business as Executive Inn Pasadena with its principal place of business in Pasadena, Texas.

354.    Plaintiff, Baytown Lodging, L.P., is a Texas Limited Partnership doing business as Americas Best Value Inn with its principal place of business in Baytown, Texas.

355.    Plaintiff, Sotex Corporation, is a Texas Corporation with its principal place of business in Corpus Christi, Texas.

356.    Plaintiff, HJP, Ltd., is a Texas Limited Partnership doing business as El Campo Inn with its principal place of business in El Campo, Texas

357.    Plaintiff, Greenway Plaza Hospitality, Inc., is a Texas Corporation doing business as Holiday Inn Express Hotel & Suites with its principal place of business in South Padre Island, Texas.

358.    Plaintiff, Moonstone Hospitality, Inc., is a Texas Corporation doing business as Holiday Inn Express with its principal place of business in Houston, Texas.

359.    Plaintiff, Om Krupa MAA LLC, is a Texas Limited Liability Corporation doing business as Days Inn with its principal place of business in Jacinto City, Texas.

360.    Plaintiff, Radha, L.L.C., is a Texas Limited Liability Corporation with its principal place of business in Kemah, Texas.

361.    Plaintiff, Jay Shree Kapi Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Holiday Inn Express with its principal place of business in Houston, Texas.

362.    Plaintiff, Shiva Manglam Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Aransas Pass, Texas.

363.    Plaintiff, RKMI, Inc., is a Texas Corporation doing business as Howard Johnson with its principal place of business in Houston, Texas.

364.    Plaintiff, Cortex Investment, Inc., is a Texas Corporation doing business as Corpus Christi Inn with its principal place of business in Corpus Christi, Texas.

365.    Plaintiff, Sayona Ventures, L.P., is a Texas Limited Partnership doing business as Comfort Inn with its principal place of business in Deer Park, Texas.

366.    Plaintiff, O'Connor Hospitality Corporation, is a Texas Corporation doing business as Tarpon Inn with its principal place of business in Port O'Connor, Texas.

367.    Plaintiff, Navroz Enterprises, Inc., is a Texas Corporation doing business as Esteem Dry Cleaners with its principal place of business in Houston, Texas.

368.    Plaintiff, Lakewind Enterprises, Inc., is a Texas Corporation doing business as Tidwell Conoco with its principal place of business in Houston, Texas.

369.     Plaintiff, Satya Nam, Inc., is a Texas Corporation doing business as Classic Inn with its principal place of business in Houston, Texas.

370.     Plaintiff, Rankin Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Scottish Inn & Suites with its principal place of business in Houston, Texas.

371.     Plaintiff, Jai Hospitality, Inc., is a Texas Corporation doing business as Economy Inn & Suites with its principal place of business in Houston, Texas.

372.     Plaintiff, Sun Enterprises, Inc., is a Texas Corporation doing business as Town Inn with its principal place of business in Houston, Texas.

373.     Plaintiff, Galaxy Hospitality, Inc., is a Texas Corporation doing business as Budget Inn with its principal place of business in Pasadena, Texas.

374.     Plaintiff, Pearland Lodging Group, L.P., is a Texas Limited Partnership doing business as Best Western Pearland Inn with its principal place of business in Pearland, Texas.

375.     Plaintiff., S.N. & H.A Inc., is a Texas Corporation doing business as Shoney's Inn & Suites with its principal place of business in El Campo, Texas.

376.     Plaintiff, K&K Hotel Group LLC., is a Texas Limited Liability Corporation doing business as Shell with its principal place of business in Houston, Texas.

377.     Plaintiff, Vinny Plaza, LLC, is a Texas Limited Liability Corporation doing business as Knights Inn with its principal place of business in Channelview, Texas.

378.     Plaintiff, New Caney Hospitality, L.L.C., is a Texas Limited Liability Corporation doing business as Best Western with its principal place of business in New Caney, Texas.

379.     Plaintiff, Palmview Panjabi, LLC, is a Texas Limited Liability Corporation with its principal place of business in Palmview, Texas.

380.    Plaintiff, Great Wood Hospitality, Inc., is a Texas Corporation doing business as USA RV Park with its principal place of business in Sugarland, Texas.

381.    Plaintiff, Heart's Investments, Inc., is a Texas Corporation doing business as Heart's Liquor with its principal place of business in Houston, Texas.

382.    Plaintiff, M.O.J. Hospitality, LLC., is a Texas Limited Liability Corporation doing business as Comfort Suites with its principal place of business in Webster, Texas.

383.    Plaintiff, Al Karim Inc., is a Texas Corporation doing business as Alvin Pantry (Citgo) with its principal place of business in Alvin, Texas.

384.    Plaintiff, M K Marketing, Inc., is a Texas Corporation with its principal place of business in Hockley, Texas.

385.    Plaintiff, Nadia, Inc., is a Texas Corporation doing business as Katyland Shopping Center with its principal place of business in Katy, Texas.

386.    Plaintiff, Accu Financial Services, Inc., is a Texas Corporation doing business as Accufinancials with its principal place of business in Pearland, Texas.

387.    Plaintiff, Blue Store Corporation, is a Texas Corporation doing business as Best Food Markets 3 with its principal place of business in Houston Texas.

388.    Plaintiff, Balaji Hotels, Inc., is a Texas Corporation doing business as Symphony Inn with its principal place of business in Houston, Texas.

389.    Plaintiff, Omkar Enterprises Pearland, LP, is a Texas Limited Partnership doing business as Hampton Inn-Pearland with its principal place of business in Pearland, Texas.

390.    Plaintiff, Horizon Hospitality LLC, is a Texas Limited Liability Corporation doing business as Comfort Inn with its principal place of business in Houston, Texas.

391.    Plaintiff, Aatma LLC., is a Texas Limited Liability Corporation doing business as Comfort Suites with its principal place of business in Jewett, Texas.

392.    Plaintiff, Killeen S & K, L.L.C., is a Texas Limited Liability Corporation doing business as Holiday Inn Express with its principal place of business in Austin, Texas.

393.    Plaintiff, Jay Ho Ambe Mata, Inc., is a Texas Corporation doing business as Super 8 with its principal place of business in Huntsville, Texas.

394.    Plaintiff, Shree Raj Hospitality, Inc., is a Texas Corporation doing business as Rodeway Inn with its principal place of business in Brenham, Texas.

395.    Plaintiff, Sheldon Business, Inc., is a Texas Corporation doing business as Star Food Mart with its principal place of business in Channelview, Texas.

396.    Plaintiff, Aldine Bender, Inc., is a Texas Corporation doing business as Aldine Food Mart with its principal place of business in Houston, Texas.

397.    Plaintiff, New Star Investments, Inc., is a Texas Corporation doing business as HK Food Store with its principal place of business in Houston, Texas.

398.    Plaintiff, Genesis Merchant Solutions LLC, is a Texas Limited Liability Corporation doing business as Genesis Merchant Solutions with its principal place of business in Houston, Texas.

399.    Plaintiff, Pam Business, Inc., is a Texas Corporation doing business as Pam Food Store with its principal place of business in Houston, Texas.

400.    Plaintiff, Good United Investment Inc., is a Texas Corporation doing business as Walters Food Mart with its principal place of business in Houston, Texas.

401.    Plaintiff, PPAC Corporation, is a Texas Corporation doing business as Comfort Inn with its principal place of business in Conroe, Texas.

402.     Plaintiff, Divya Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Budget Host with its principal place of business in Houston, Texas.

403.     Plaintiff, BW Laporte Hotel Inc, is a Texas Corporation doing business as Best Western with its principal place of business in La Porte, Texas.

404.     Plaintiff, JKMC, LLC, is a Texas Limited Liability Corporation doing business as Woodland Inn & Suites with its principal place of business in Houston, Texas.

405.     Plaintiff, Indus Hospitality LLC, is a Texas Limited Liability Corporation doing business as Sleep Inn with its principal place of business in Baytown, Texas.

406.     Plaintiff, Kalidas, LLC, is a Texas Limited Liability Corporation doing business as Executive Inn & Suites with its principal place of business in Mission, Texas.

407.     Plaintiff, Sita Hospitality, Inc., is a Texas Corporation doing business as Holiday Inn Express Downtown with its principal place of business in San Antonio, Texas.

408.     Plaintiff, Laredo Executive Inn, Ltd., is a Texas Limited Partnership doing business as Super 8 Laredo with its principal place of business in Laredo, Texas.

409.     Plaintiff, KRNS, L.C., is a Texas Limited Corporation doing business as Hampton Inn with its principal place of business in Killeen, Texas.

410.     Plaintiff, Shri Razkrupa, L.L.C., is a Texas Limited Liability Corporation doing business as Best Classic Inn & Suite with its principal place of business in Houston, Texas.

411.     Plaintiff, Sat West Enterprises, Inc., is a Texas Corporation doing business as Springhill Suites Medical with its principal place of business in San Antonio Texas.

412.     Plaintiff, Mina Hospitality, Inc., is a Texas Corporation doing business as Quality Inn & Suites with its principal place of business in Stafford, Texas.

43

413.    Plaintiff, Lone Star Entertainment, Inc., is a Texas Corporation doing business as Tequila Sunset with its principal place of business in South Padre Island, Texas.

414.    Plaintiff, Yash, Inc., is a Texas Corporation doing business as Midtown Hardware with its principal place of business in Houston, Texas.

415.    Plaintiff, Anju Enterprises, Inc., is a Texas Corporation doing business as Parkway Chevron with its principal place of business in Houston, Texas.

416.    Plaintiff, New Kelsey Hotels, L.L.C., is a Texas Limited Liability Corporation doing business as Days Inn Aransas Pass with its principal place of business in Aransas Pass, Texas.

417.    Plaintiff, Sridhi Investments, Inc. is a Texas Corporation doing business as Grand Palace Inn with its principal place of business in Houston, Texas.

418.    Plaintiff, ZT Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Blue Bay Inn & Suites with its principal place of business in South Padre Island, Texas.

419.    Plaintiff, New Zealand, LLC, is a Texas Limited Liability Corporation doing business as Scottish Inn and Suites with its principal place of business in Liberty, Texas.

420.    Plaintiff, Raju Bhagat, Inc., is a Texas Corporation doing business as Best Western Garden Inn with its principal place of business in Corpus Christi, Texas.

421.    Plaintiff, Mira Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Houston, Texas.

422.    Plaintiff, Seabrook Hospitality, LP, is a Texas Limited Partnership doing business as Hampton Inn with its principal place of business in Seabrook, Texas.

423.    Plaintiff, Devashree Inc, is a Texas Corporation doing business as Best Western Heritage Inn with its principal place of business in Houston, Texas.

424.    Plaintiff, Noorani Enterprises, Inc., is a Texas Corporation doing business as Quizno's with its principal place of business in Pearland, Texas.

425.    Plaintiff, Cardinal Street, Inc., is a Texas Corporation doing business as Gator's with its principal place of business in Beaumont, Texas.

426.    Plaintiff, Baytown Ventures, Inc., is a Texas Corporation doing business as Angel Gas & Grocery #8 with its principal place of business in Baytown, Texas.

427.    Plaintiff, Federal Inc, is a Texas Corporation doing business as Sunrise Super Stop #7 with its principal place of business in Houston, Texas.

428.    Plaintiff, Maya Store Enterprise Inc., is a Texas Corporation doing business as Sunrise Super Stop with its principal place of business in Houston, Texas.

429.    Plaintiff, Saheb, LLC, is a Texas Limited Liability Corporation doing business as Executive Inn with its principal place of business in Robstown, Texas.

430.    Plaintiff, Hari Oam, L.L.C., is a Texas Limited Liability Corporation doing business as Americas Best Value Inn with its principal place of business in Weslaco, Texas.

431.    Plaintiff, Narayan Oam, L.L.C., is a Texas Limited Liability Corporation doing business as Americas Best Value Inn & Suites with its principal place of business in Raymondville, Texas.

432.    Plaintiff, Sai Palace, Inc., is a Texas Corporation doing business as Super 8 with its principal place of business in Houston, Texas.

433.    Plaintiff, Calla Hospitality, L.L.C., is a Texas Limited Liability Corporation doing business as Hampton Inn & Suites with its principal place of business in Webster, Texas.

434.    Plaintiff, Jai Ambama Inc., is a Texas Corporation doing business as Deluxe Inn with its principal place of business in Beaumont, Texas.

435.    Plaintiff, Harshida BP Hospitality, Inc., is a Texas Corporation doing business as Candlewood Suites with its principal place of business in Texas City, Texas.

436.    Plaintiff, Angleton Lodging Group, L.L.C., is a Texas Limited Liability Corporation doing business as Best Western Angleton Inn with its principal place of business in Angleton, Texas.

437.    Plaintiff, SPI Oleander, Ltd., is a Texas Limited Partnership doing business as La Quinta Inn & Suites with its principal place of business in South Padre Island, Texas.

438.    Plaintiff, Lake Jackson Lodging Group, L.P., is a Texas Limited Partnership doing business as Comfort Suites with its principal place of business in Lake Jackson, Texas.

439.    Plaintiff, S.P.I. Seascape, Inc., is a Texas Corporation doing business as Breakaway Cruises with its principal place of business in South Padre Island, Texas.

440.    Plaintiff, SRK Enterprises, Inc., is a Texas Corporation doing business as Best Western Naval Station with its principal place of business in Ingleside, Texas.

441.    Plaintiff, Balwinder Singh, is a Texas sole proprietor doing business as Pam Motel with its principal place of business in Clute, Texas.

442.    Plaintiff, Gopaul Investment, Inc., is a Texas Corporation doing business as Microtel Inn & Suites Aransas with its principal place of business in Aransas Pass, Texas.

443.    Plaintiff, Valley Hotelier Inc., is a Texas Corporation doing business as Motel 6 with its principal place of business in Harlingen, Texas.

444.    Plaintiff, Suryanarayan Corporation, is a Texas Corporation doing business as Motel 6 with its principal place of business in Clute, Texas.

445.     Plaintiff, Laguna Lodging, Inc., is a Texas Corporation doing business as Island Inn with its principal place of business in South Padre Island, Texas.

446.     Plaintiff, Capri Enterprises Inc., is a Texas Corporation doing business as Quick Mart with its principal place of business in Houston, Texas.

447.     Plaintiff, Advanced Flow Products Inc., is a Texas Corporation with its principal place of business in Houston, Texas.

448.     Plaintiff, Nueces Hospitality GP, LLC, is a Texas Limited Liability Corporation doing business as Comfort Suites with its principal place of business in Corpus Christi, Texas.

449.     Plaintiff, Electrocircuits International, LLC, is a Texas Limited Liability Corporation doing business as Electro Circuits with its principal place of business in Houston, Texas.

450.     Plaintiff, NAJD Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Pasadena, Texas.

451.     Plaintiff, Vikasa, Inc., is a Texas Corporation doing business as Super 8 with its principal place of business in Kingsville, Texas.

452.     Plaintiff, S.K. Associates, Inc., is a Texas Corporation with its principal place of business in Houston, Texas.

453.     Plaintiff, Price & Co., is a Texas Corporation doing business as Price & Company with its principal place of business in Beaumont, Texas.

454.     Plaintiff, NNDS, LLC, is a Texas Limited Liability Corporation doing business as Spencer Car Wash with its principal place of business in Pasadena, Texas.

455.     Plaintiff, Marquez Lodging, LLC, is a Texas Limited Liability Corporation doing business as Days Inn with its principal place of business in Marquez, Texas.

456.   Plaintiff, Harwin Enterprises Inc., is a Texas Corporation doing business as Stop N Joy with its principal place of business in Houston, Texas.

457.   Plaintiff, Friends International, Inc., is a Texas Corporation doing business as Super Deli & Grocery with its principal place of business in Laporte, Texas.

458.   Plaintiff, OPA Hospitality, Inc., is a Texas Corporation doing business as Guest House Inn & Suites with its principal place of business in Houston, Texas.

459.   Plaintiff, Automotive Database Systems, Inc., is a Texas Corporation doing business as American Diving with its principal place of business in South Padre Island, Texas.

460.   Plaintiff, Stuart Hospitality, Inc., is a Texas Corporation doing business as Harlingen Hotel and Event Center with its principal place of business in Harlingen, Texas.

461.   Plaintiff, Conroe Hospitality, LLC, is a Texas Limited Liability Corporation doing business as La Quinta Inn & Suites with its principal place of business in Deer Park, Texas.

462.   Plaintiff, Padre Island Hospitality, L.P., is a Texas Limited Partnership doing business as Comfort Suites with its principal place of business in Corpus Christi, Texas.

463.   Plaintiff, Omega Inc., is a Texas Corporation doing business as Little Buddy #04 with its principal place of business in Houston, Texas.

464.   Plaintiff, Bay City Hotel, Ltd., is a Texas Limited Partnership doing business as Best Western with its principal place of business in Bay City, Texas.

465.   Plaintiff, Toast Enterprises, Inc., is a Texas Corporation doing business as Quiznos with its principal place of business in Cypress, Texas.

466.   Plaintiff, VMV, L.L.C., is a Texas Limited Liability Corporation doing business as Hampton Inn Baytown with its principal place of business in Baytown, Texas.

467.     Plaintiff, Devi Amba Corp, is a Texas Corporation doing business as Liquor Bargain with its principal place of business in Sugarland, Texas.

468.     Plaintiff, A & N Momin Enterprises, Inc., is a Texas Corporation doing business as Chevron Food Mart with is principal place of business in Houston, Texas.

469.     Plaintiff, Corwell Hotel, LP, is a Texas Limited Partnership doing business as Holiday Inn Airport with its principal place of business in Corpus Christi, Texas .

470.     Plaintiff, Best Austin Hospitality Inc., is a Texas Corporation doing business as Great American Grill with its principal place of business in South Padre Island, Texas

471.     Plaintiff, Sri Jalaram Bapa Inc., is a Texas Corporation doing business as Moonlight Inn with its principal place of business in Houston, Texas.

472.     Plaintiff, Jai Jai Sita Ram LLC, is a Texas Limited Liability Corporation doing business as Scottish Inns & Suites with its principal place of business in Houston, Texas.

473.     Plaintiff, Sea Ranch Enterprises LLP, is a Limited Liability Partnership doing business as Sea Ranch Restaurant with its principal place of business in Port Isabel, Texas.

474.     Plaintiff, Ambaji Hospitality Inc., is a Texas Corporation doing business as Island Suites with its principal place of business in Houston, Texas.

475.     Plaintiff, Lokseva, Inc., is a Texas Corporation doing business as Holiday Inn Express with its principal place of business in Rockport, Texas.

476.     Plaintiff, GURU SAI, LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Wharton, Texas.

477.     Plaintiff, Narayan Muni Ltd., is a Limited Partnership doing business as Comfort Suites with its principal place of business in Houston, Texas.

478.   Plaintiff, S&A Food Service, L.L.C., is a Texas Limited Liability Corporation doing business as Church's Chicken with its principal place of business in Houston, Texas.

479.   Plaintiff, Mercury Travel & Tours Inc., is a Texas Corporation doing business as Bombay Gardens Restaurant with its principal place of business in Houston, Texas.

480.   Plaintiff, Jubilee International, Inc., is a Texas Corporation doing business as Comfort Suites with its principal place of business in Spring, Texas.

481.   Plaintiff, Kenswick Hotel LLC, is a Texas Limited Liability Corporation doing business as La Quinta Inn & Suites with its principal place of business in Humble, Texas.

482.   Plaintiff, Turnberry Group, Ltd., is a Texas Limited Corporation doing business as La Quinta Inn with its principal place of business in Houston, Texas.

483.   Plaintiff, Nasy Lodgeing Group, Inc., is a Texas Corporation doing business as Super 8 Motel with its principal place of business in Houston, Texas.

484.   Plaintiff, Hera Krishna, Ltd., is a Texas Limited Corporation doing business as Comfort Suites with its principal place of business in Houston, Texas.

485.   Plaintiff, Rutik, LLC, is a Texas Limited Liability Corporation doing business as Palace Inn with its principal place of business in Humble, Texas.

486.   Plaintiff, KLAR Lodging Corporation, is a Texas Corporation doing business as Comfort Inn with its principal place of business in Rosenberg, Texas.

487.   Plaintiff, AIN Business, Inc., is a Texas Corporation doing business as Speedy Mart with its principal place of business in Houston, Texas.

488.   Plaintiff, Reliance Lodging, L.L.C., is a Texas Limited Liability Corporation doing business as Palace Inn South Houston with its principal place of business in Houston, Texas.

489.    Plaintiff, Naran Corporation, is a Texas Corporation doing business as Brown's Motel with its principal place of business in Houston, Texas.

490.    Plaintiff, Vanjali Inc., is a Texas Corporation doing business as Antler's Inn with its principal place of business in Falfurrias, Texas.

491.    Plaintiff, Antonio Bay LLC, is a Texas Limited Liability Corporation doing business as Pier 19 Restaurant with its principal place of business in South Padre Island, Texas.

492.    Plaintiff, 6779 Development, LLC, is a Texas Limited Liability Corporation doing business as Harlingen Hotel and Event Center with its principal place of business in Harlingen, Texas.

493.    Plaintiff, Resco Lodging, LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Houston, Texas.

494.    Plaintiff, SK Lodging Group, Inc., is a Texas Corporation doing business as America's Best Value Inn with its principal place of business in Houston, Texas.

495.    Plaintiff, Six on Ten, LLC, is a Texas Limited Liability Corporation doing business as Studio 6/Home Sweets with its principal place of business in Winnie, Texas.

496.    Plaintiff, Golf Port Investments, Inc., is a Texas Corporation doing business as Northshore Country Club with its principal place of business in Portland, Texas.

497.    Plaintiff, Wharton Inn LLC, is a Texas Limited Liability Corporation doing business as Starland Motel with its principal place of business in Bay City, Texas.

498.    Plaintiff, 10515 Fountain Gate, L.L.C., is a Texas Limited Liability Corporation doing business as Executive Inn with its principal place of business in Stafford, Texas.

499.    Plaintiff, Xeonic Investment Group, Inc., is a Texas Corporation doing business as Hampton Inn & Suites Rockport with its principal place of business in Rockport, Texas.

500.     Plaintiff, Everest Hospitality Inc., is a Texas Corporation doing business as Motel 6 with its principal place of business in Humble, Texas.

501.     Plaintiff, VIPP International, Inc., is a Texas Corporation doing business as Tacolodge Grill & Bar with its principal place of business in Corpus Christi, Texas.

502.     Plaintiff, Sage SDI, LLC, is a Texas Limited Liability Corporation doing business as Sonics with its principal place of business in Houston, Texas.

503.     Plaintiff, SPI Condoshares, L.P., is a Texas Limited Corporation doing business as Padre South Hotel with its principal place of business in South Padre Island, Texas.

504.     Plaintiff, Siva Corporation, is a Texas Corporation doing business as Budget Inn and K Food Mart, with its principal place of business in San Augustine, Texas.

505.     Plaintiff, Goodmark Hospitality, Inc., is a Texas Corporation doing business as Comfort Inn & Suites and Holiday Inn Express with its principal place of business in Spring, Texas.

506.     Plaintiff, Manila Corporation, is a Texas Corporation doing business as two (2) Best Food Markets with its principal place of business in Houston, Texas.

507.     Plaintiff, Marina Village, Inc., is a Texas Corporation doing business as Pirate's Fishing Pier and Blackjack's Snack Bar with its principal place of business in Port Isabel, Texas.

508.     Plaintiff, S & R Liquor, Inc., is a Texas Corporation doing business as four (4) S&R Liquor(s) with its principal place of business in Houston, Texas.

509.     Plaintiff, Jai Mataji Corporation, is a Texas Corporation doing business as Executive Inn with its principal place of business in Bay City, Texas.

510.     Plaintiff, Singal Source, Inc., is a Texas Corporation doing business as three (3) Quiznos locations with its principal place of business in Houston, Texas.

511.    Plaintiff, VJ & Sons, Inc., is a Texas Corporation doing business as Shop N' Go and Magic Mart #2 with its principal place of business in Houston, Texas.

512.    Plaintiff, ANP, Inc., is a Texas Corporation doing business as Lee's One Hour Cleaners, Weslyan Cleaners, and Tip-Top Cleaners with its principal place of business in Houston, Texas.

513.    Plaintiff, Finefair, Inc., is a Texas Corporation doing business as Plaza Hotel and Port Auto Truck Stop with its principal place of business in La Porte, Texas.

514.    Plaintiff, Rass & Associates, Inc., is a Texas Corporation doing business as Heaven Creek Food Mart and In N' Out Conoco with its principal place of business in Houston, Texas.

515.    Plaintiff, Tuff Enterprise, Inc., is a Texas Corporation doing business as Kirkwood Market and Pheasant Creek Food Mart with its principal place of business in Sugar Land, Texas.

516.    Plaintiff, Chopra Hospitality, LLC, is a Texas Limited Liability Company doing business as Palmview Inn Motel and Excalibur Bar & Grill with its principal place of business in Palmview, Texas.

517.    Plaintiff, Lakshmi, Ltd., is a Texas Limited Partnership doing business as Rodeway Inn and Highway 77 Once Stop with its principal place of business in Kingsville, Texas.

518.    Plaintiff, Sarina Group, Ltd., is a Texas Limited Partnership doing business as La Quinta Inn & Suites and Motel 6 with its principal place of business in Mercedes, Texas.

519.    Plaintiff, Super Gold Star Corporation, is a Texas Corporation doing business as Holiday Inn Express with its principal place of business in Tyler, Texas.

520.    Plaintiff, Milestone Hotels, LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Houston, Texas.

521.    Plaintiff, Jai Mouni Krupa, LLC, is a Texas Limited Liability Corporation doing business as Holiday Inn Express with its principal place of business in Houston, Texas.

522.    Plaintiff, Shree Maha Laxmi, L.L.C., is a Texas Limited Liability Corporation doing business as Candlewood Suites with its principal place of business in Houston, Texas.

523.    Plaintiff, Advanced Indicators & Manufacturing Inc., is a Texas Corporation with its principal place of business in Houston, Texas.

524.    Plaintiff, Oakhurst Hospitality Inc., is a Texas Corporation doing business as Holiday Inn Express & Suites with its principal place of business in Corpus Christi, Texas.

525.    Plaintiff, Di-Ta, LLC, is a Texas Limited Liability Corporation doing business as Smoke House with its principal place of business in Hallettsville, Texas.

526.    Plaintiff, Sai Baytown Palace Inn, LLC, is a Texas Limited Liability Corporation doing business as Palace Inn with its principal place of business in Baytown, Texas.

527.    Plaintiff, HD 1960 Corp, is a Texas Corporation doing business as Camelot Inn & Suites with its principal place of business in Houston, Texas.

528.    Plaintiff, Pinnacle Hospitality, LLC., is a Texas Limited Liability Corporation doing business as LA Quinta Inn & Suites with its principal place of business in Corsicana, Texas.

529.    Plaintiff, Pinemont HD, LLC., is a Texas Limited Liability Corporation doing business as Sleep Inn & Suites with its principal place of business in Houston, Texas.

530.    Plaintiff, MBBK, LLC, is a Texas Limited Liability Corporation doing business as Holiday Inn with its principal place of business in Kemah, Texas.

531.    Plaintiff, York Plaza Corporation, is a Texas Corporation doing business as Camelot Inn and Suites with its principal place of business in Houston, Texas.

532.    Plaintiff, Huntsville Lodging, LLC, is a Texas Limited Liability doing business as Best Western with its principal place of business in Huntsville, Texas.

533.    Plaintiff, Satesh Limited, is a Texas Limited Partnership with its principal place of business in Pharr, Texas.

534.    Plaintiff, Princess Sabreena Ltd., is a Texas Sole Proprietorship doing business as Motel 6 with its principal place of business in Pharr, Texas.

535.    Plaintiff, ANCB, LLC, is a Texas Limited Liability Corporation doing business as Sporting News & Grill with its principal place of business in Kemah, Texas.

536.    Plaintiff, Elite Dry Cleaners, Inc., is a Texas Corporation doing business as Elite Dry Cleaners with its principal place of business in Houston, Texas.

537.    Plaintiff, Guru Corporation, is a Texas Corporation doing business as Country Side Inn with its principal place of business in Malakoff, Texas.

538.    Plaintiff, Yogikrupa LLC, is a Texas Limited liability Corporation doing business as Chaparral Motel with its principal place of business in Malakoff, Texas.

539.    Plaintiff, Excel Enterprise, Inc., is a Texas Corporation with its principal place of business in Beaumont, Texas.

540.    Plaintiff, MJRB Properties, Inc., is a Texas Corporation doing business as Best Western Garden Inn with its principal place of business in Falfurrias, Texas.

541.    Plaintiff, Kashinath, L.L.C., is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Fairfield, Texas.

542.    Plaintiff, San Benito Hospitality Inc., is a Texas Corporation doing business as La Copa Inn with its principal place of business in Mercedes, Texas.

543.    Plaintiff, Denera, Inc., is a Texas Corporation doing business as La Quinta Inn & Suites with its principal place of business in Cleveland, Texas.

544.    Plaintiff, Roberts Hotels Dallas, LLC, is a Michigan Limited Liability Corporation doing business as The Roberts Marriott Courtyard Dallas at Love Field with its principal place of business in Dallas, Texas.

545.    Plaintiff, Roberts Hotels Houston, LLC., is a Missouri Limited Liability Corporation doing business as  The Roberts Holiday Inn Houston with its principal place of business in Houston, Texas.

546.    Plaintiff, Bellfort Insurance Agency, Inc., is a Texas doing business as Premier Auto Insurance with its principal place of business in Houston, Texas.

547.    Plaintiff, Mayuri Products, LLC., is a Texas Limited Liability Corporation doing business as Sairam Caterers with its principal place of business in La Porte, Texas.

548.    Plaintiff, Claresta Builders, Inc., is a Texas Corporation with its principal place of business in Pearland, Texas.

549.    Plaintiff, Bishop Food Mart, LLC, is a Texas Limited Liability Corporation doing business as Bishop Food Mart with its principal place of business in Bishop, Texas.

550.    Plaintiff, Wilcrest Business Inc., is a Texas Corporation doing business as The Stop with its principal place of business in Houston, Texas.

551.    Plaintiff, Rahim & Shazad Enterprises LLC, is a Texas Limited Liability Corporation doing business as Crosby Cleaner with its principal place of business in Crosby, Texas.

552.    Plaintiff, Sezaa, Inc., is a Texas Corporation doing business as Korner Food Mart with its principal place of business in Richmond, Texas.

553.    Plaintiff, Meta Ventures, Inc., is a Texas Corporation doing business as Fuel Depot #8 with its principal place of business in Houston, Texas.

554.    Plaintiff, Inwood Stores, Inc., is a Texas Corporation doing business as Inwood Food Mart with its principal place of business in Houston, Texas.

555.    Plaintiff, Royal Kirkwood Investment, Inc., is a Texas Corporation doing business as Kirkwood Food Mart with its principal place of business in Stafford, Texas.

556.    Plaintiff, T M Business, Inc., is a Texas Corporation doing business as Shell Churches Briar Forest with its principal place of business in Houston, Texas.

557.    Plaintiff, Beltway Food Store, Inc., is a Texas Corporation doing business as Beltway Food Store with its principal place of business in Houston, Texas.

558.    Plaintiff, Ashland Hospitality Inc, is a Texas Corporation doing business as holiday Inn with its principal place of business in Channelview, Texas.

559.    Plaintiff, HH Yogiji Maharaj, LLC, is a Texas Limited Liability Corporation doing business as Sea Side Motel with its principal place of business in Mt. Belview, Texas.

560.    Plaintiff, OM Investment, LLC, is a Texas Limited Liability Corporation doing business as Baytown Inn with its principal place of business in Baytown Texas.

561.    Plaintiff, CN Saroliya Inc., is a Texas Corporation doing business as Tweetys Motel with its principal place of business in Houston, Texas.

562.    Plaintiff, Dhruv Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Motel King and Apartments with its principal place of business in Houston, Texas.

563.    Plaintiff, Jala Lodging Group, Inc., is a Texas Corporation doing business as Rose Garden Suites with its principal place of business in Houston, Texas.

564.    Plaintiff, Golden Bright Light Inc., is a Texas Corporation doing business as Budget Host Inn & Suites with its principal place of business in Humble, Texas.

565.    Plaintiff, Ohm Saroliya Inc., is a Texas Corporation doing business as Econolodge-Hobby with its principal place of business in Houston, Texas.

566.    Plaintiff, Fourstate Investment Corporation, is a Texas Corporation doing business as Scottish Inns with its principal place of business in Houston, Texas.

567.    Plaintiff, Khush L.P., is a Texas Limited Partnership doing business as Edinburg Executive Inn with its principal place of business in Edinburg, Texas.

568.    Plaintiff, Sawan Investment Corporation, is a Texas Corporation doing business as Sleep Inn with its principal place of business in Houston, Texas.

569.    Plaintiff, Frontier Hotel, Inc., is a Texas Corporation doing business as Comfort Inn Southwest with its principal place of business in Houston, Texas.

570.    Plaintiff, Shri Radhe Kishan LP, is a Texas Limited Partnership doing business as Scottish Inn & Suites with its principal place of business in Houston, Texas.

571.    Plaintiff, Shadowbriar Hospitality, LLC, is a Texas Limited liability Corporation doing business as La Quinta Inn & Suites with its principal place of business in Houston, Texas.

572.    Plaintiff, Osp Hospitality LLC, is a Texas Limited liability Corporation doing business as Motel 6 with its principal place of business in Houston, Texas.

573.    Plaintiff, Radha Enterprise, Inc., is a Texas Corporation doing business as Days Inn with its principal place of business in Centerville, Texas.

574.     Plaintiff, Sunblik, Inc., is a Texas Corporation doing business as Holiday Inn Express Inn & Suites with its principal place of business in Houston, Texas.

575.     Plaintiff, JR Hospitality GP, Inc., is a Texas Corporation doing business as America's Best Value Inn with its principal place of business in Brownsville, Texas.

576.     Plaintiff, Natural Faith, LLC, is a Texas Limited Liability Corporation doing business as Courtyard Marriott with its principal place of business in Lufkin, Texas.

577.     Plaintiff, International Lodging, LLC, is a Texas Limited Liability Corporation doing business as La Quinta Inn and Suites with its principal place of business in Brookshire, Texas.

578.     Plaintiff, Paraga, Ltd, is a Texas Limited Partnership doing business as Holiday Inn Express & Suites with its principal place of business in Sealy, Texas.

579.     Plaintiff, International Polymers, LLC, is a Texas Limited Liability Corporation doing business as International Polymers with its principal place of business in Houston, Texas.

580.     Plaintiff, Om Namoh Namah, Inc., is a Texas Corporation doing business as Lumberton Inn with its place of business in Lumberton, Texas.

581.     Plaintiff, Mega BW Operations, LLC, is a Texas Limited Liability Corporation doing business as Comfort Inn & Suites with its principal place of business in Columbus, Texas.

582.     Plaintiff, Keval Hotel, L.P., is a Texas Limited Partnership doing business as Hampton Inn with its principal place of business in Alice, Texas.

583.     Plaintiff, Ramdev Grocery Store LLC, is a Texas Limited Liability Corporation doing business as In & Out Food Mart with its principal place of business in Santa Fe, Texas.

584.     Plaintiff, Lone Star Investment Group, Inc., is a Texas Corporation doing business as Shop-N-Go Foodstore with its principal place of business in Houston, Texas.

585.     Plaintiff, Jogi Jalaram Inc., is a Texas Corporation doing business as Crystal Inn and Suites with its principal place of business in Houston, Texas.

586.     Plaintiff, PNB Inc., is a Texas Corporation doing business as Econo Lodge with its principal place of business in Houston, Texas.

587.     Plaintiff, YTD Brothers, Inc., is a Texas Corporation doing business as Executive Inn & Suites with its principal place of business in Falfurrias, Texas.

588.     Plaintiff, Sonic Drive- In- Houston#1 Ltd, is a Texas Limited Partnership doing business as Sonics with its principal place of business in Sugar Land, Texas.

589.     Plaintiff, Sonic Drive-In of Sugarland, LLC, is a Texas Limited Liability Corporation doing business as Sonics with its principal place of business in Houston, Texas.

590.     Plaintiff, MAA Business, Inc. is a Texas Corporation doing business as Food Mart with its principal place of business in Houston, Texas.

591.     Plaintiff, Allyshah, Inc., is a Texas Corporation doing business as Mesa Food Store with its principal place of business in Sugar Land, Texas.

592.     Plaintiff, Vinod, Inc., is a Texas Corporation doing business as Econo Lodge with its principal place of business in Huntsville, Texas.

593.     Plaintiff, Manasia Corporation, is a Texas Corporation doing business as Food Spot with its principal place of business in Richmond, Texas.

594.     Plaintiff, Milan Enterprises, Inc., is a Texas Corporation doing business as Handi Stop #24 with its principal place of business in Houston, Texas.

595.     Plaintiff, Nacogdoches Hotel Management, Ltd., is a Texas Corporation business as Best Western with its principal place of business in Nacogdoches, Texas.

596.     Plaintiff, Wagon Point, L.L.C., is a Texas Limited Liability Corporation doing business as Hampton Inn & Suites with its principal place of business in Houston, Texas.

597.     Plaintiff, Kavash International, Inc., is a Texas Incorporated doing business as Quiznos with its principal place of business in Houston, Texas.

598.     Plaintiff, Friendship Hospitality, Inc., is a Texas Corporation doing business as Cedar Sanwith its principal place of business in Surfside Beach, Texas.

599.     Plaintiff, Isan, Inc., is a Texas Corporation doing business as Food Mart with its principal place of business in Houston, Texas.

600.     Plaintiff, Sohum Corporation, is a Texas Corporation doing business as Americas Best Value Inn with its principal place of business in Tyler, Texas.

601.     Plaintiff, Beltway Express, Inc., is a Texas Corporation doing business as Beltway Express Food Mart with its principal place of business in Houston, Texas.

602.     Plaintiff, God Bless, Inc., is a Texas Corporation doing business as T&M Grocery and C&C Drive In with its principal place of business in Angleton, Texas.

603.     Plaintiff, Ben's Liquor, Ltd., is a Texas Limited Partnership doing business as Ben's Liquor with its principal place of business in South Padre Island, Texas.

604.     Plaintiff, J&A Food Service, LLC, is a Texas Limited Liability Company doing business as Church's Chicken with its principal place of business in Houston, Texas.

605.     Plaintiff, Kashmir Road Lines LLC, is a Texas Limited Liability Company doing business as Chevron, Texaco, and Subway with its principal place of business in Houston, Texas.

606.     Plaintiff, AAD Food Service, LLC, is a Texas Limited Liability Company doing business as Church's Chicken with its principal place of business in Houston, Texas.

607.    Plaintiff, Universal Lodging, LLC., is a Texas Limited Liability Corporation Hampton Inn with its principal place of business in Buda, Texas.

608.    Plaintiff, Ravi Enterprise, Inc., is a Texas Corporation business as Marriot Courtyard with its principal place of business in San Antonio, Texas.

609.    Plaintiff, L&B Enterprises, LLC, is a Texas Limited Liability Corporation doing business as L&B Enterprises, LLC with its principal place of business in Houston, Texas.

610.    Plaintiff, Rajendra Patel, is a Texas Sole Proprietorship doing business as Lamplight Terrace with its principal place of business in Houston, Texas.

611.    Plaintiff, S&B Food Service, L.L.C., is a Texas Limited Liability Corporation doing business as Church's Chicken with its principal place of business in Brenham, Texas.

612.    Plaintiff, S*J Food Service, L.L.C., is a Texas Limited Liability Corporation doing business as Church's Chicken with its principal place of business in Houston, Texas.

613.    Plaintiff, Shiv Shambhu, Inc., is a Texas Corporation doing business as Economy Inn with its principal place of business in Livingston, Texas.

614.    Plaintiff, Bharat Patel, is a Texas Sole Proprietorship doing business as Magnolia Motel with its principal place of business in Channelview, Texas.

615.    Plaintiff, DJ & MZ Inc, is a Texas Corporation doing business as American Inn with its principal place of business in Cleveland, Texas.

616.    Plaintiff, Alvin Hospitality Inc., is a Texas Corporation doing business as Holiday Inn Express & Suites with its principal place of business in Alvin, Texas.

617.    Plaintiff, SGM Corporation, is a Texas Corporation doing business as V.J. Electronics Assemblies with its principal place of business in Stafford, Texas.

618.    Plaintiff, Southern States Services Inc., is a Texas Corporation with its principal place of business in McAllen, Texas.

619.    Plaintiff, B & K Business Inc., is a Texas Corporation doing business as Murphy Chevron with its principal place of business in Stafford, Texas.

620.    Plaintiff, Koko Business, Inc., is a Texas Corporation doing business as Kirkwood Food Mart with its principal place of business in Stafford, Texas.

621.    Plaintiff, JNML Enterprises, L.P., is a Texas Limited Partnership doing business as Thirst with its principal place of business in Humble, Texas.

622.    Plaintiff, Palms Hotel LLC, is a Texas Limited Liability Corporation doing business as Candlewood Suites Houston East with its principal place of business in Houston, Texas.

623.    Plaintiff, Medwin Family Medicine and Rehabilitation PLLC, is a Texas Professional Corporation doing business as Active Life Rehab Center with its principal place of business in Brownsville, Texas.

624.    Plaintiff, Southern School, LLC., is a Texas Limited Liability Corporation doing business as The Goddard School with its principal place of business in Friendswood, Texas.

625.    Plaintiff, B&N Business Inc., is a Texas Corporation doing business as Amino Check Cash with its principal place of business in Houston, Texas.

626.    Plaintiff, NB1 Enterprises, Inc., is a Texas Corporation doing business as Fairfield Inn & Suites with its principal place of business in New Braunfels, Texas.

627.    Plaintiff, Landmark Hotels, Ltd., is a Texas Limited Partnership doing business as Holiday Inn Express with its principal place of business in Huntsville, Texas.

628.     Plaintiff, Buda Lodging, LLC., is a Texas Limited Liability Corporation doing business as Comfort Suites with its principal place of business in Buda, Texas.

629.     Plaintiff, Palestine Lodging LLC, is a Texas Limited Liability Corporation doing business as Hampton Inn & Suites with its principal place of business in Palestine, Texas.

630.     Plaintiff, Paragon Stores Inc., is a Texas Corporation doing business as Ahsan's Food Mart with its principal place of business in Houston, Texas.

631.     Plaintiff, H. A. H. Enterprises Inc., is a Texas Corporation doing business as El Festival Supermercado with its principal place of business in Houston, Texas.

632.     Plaintiff, Gajanand Hospitality Inc., is a Texas Corporation doing business as Maxim III Motel with its principal place of business in Houston, Texas.

633.     Plaintiff, Timber Creek Lodging Group LLC, is a Texas Limited Liability Corporation doing business as Scottish Inn & Suites with its principal place of business in Houston, Texas.

634.     Plaintiff, Paach Chicken Inc., is a Texas Corporation doing business as KFC with its principal place of business in Baytown, Texas.

635.     Plaintiff, Reliable Travel and Tours Inc., is a Texas Corporation doing business as Reliable Travel and Tours with its principal place of business in Houston, Texas.

636.     Plaintiff, Magic First Inc., is a Texas Corporation doing business as Magic Food Mart with its principal place of business in Channelview, Texas.

637.     Plaintiff, Motel Inn LLC, is a Texas Limited Liability Corporation doing business as Motel Inn with its principal place of business in Houston, Texas.

638.     Plaintiff, Nailkanth LLC, is a Texas Limited Liability Corporation doing business as Neeta's Indian Cuisine with its principal place of business in Houston, Texas.

639.    Plaintiff, Timespace Management LLC, is a Texas Limited Liability Corporation doing business as Neptune Motel with its principal place of business in Aransas Pass, Texas.

640.    Plaintiff, Earth Grocery #11 Inc., is a Texas Corporation doing business as Texas Travel Plaza with its principal place of business in Humble, Texas.

641.    Plaintiff, CTS Group #1 LLC, is a Texas Limited Liability Corporation doing business as Buffalo Creek Grocery with its principal place of business in Lake Jackson, Texas.

642.    Plaintiff, Kemchho Inc., is a Texas Corporation doing business as Motel 6 with its principal place of business in Port Arthur, Texas.

643.    Plaintiff, D.K. Hospitality LP, is a Texas Limited Partnership doing business as Oxford Inn & Suites with its principal place of business in Webster, Texas.

644.    Plaintiff, SPI Springeight GP LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in South Padre Island, Texas.

645.    Plaintiff, Z 2006 Enterprise LLC, is a Texas Limited Liability Corporation doing business as Gran Mansion Hotel with its principal place of business in Brownsville, Texas.

646.    Plaintiff, Lila Hospitality Inc., is a Texas Corporation doing business as Los Fresnos Inn & Suites with its principal place of business in Los Fresnos, Texas

647.    Plaintiff, Ishwer, L.L.C., is a Texas Limited Liability Corporation doing business as Seven Seas Grocery with its principal place of business in Houston, Texas.

648.    Plaintiff, One Eleven Hospitality, Inc., is a Texas Corporation doing business as Executive Inn with its principal place of business in Corpus Christi, Texas.

649.    Plaintiff, JMAQ, L.L.C., is a Texas Limited Liability Corporation doing business as Regency Inn & Suites with its principal place of business in Houston, Texas

650.    Plaintiff, IPP Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Executive Inn with its principal place of business in Rosenberg, Texas.

651.    Plaintiff, Suhani Lodging, L.P., is a Texas Limited Partnership doing business as Scottish Inn & Suites with its principal place of business in Pasadena, Texas.

652.    Plaintiff, Othavaji & Sons, LLC, is a Texas Limited Liability Corporation doing business as Quality Inn & Suites with its principal place of business in Houston, Texas.

653.    Plaintiff, Texas 646 Hospitality GP, LLC, is a Texas Limited Liability Corporation doing business as Hampton Inn & Suites with its principal place of business in League City, Texas.

654.    Plaintiff, Mega Builders, Inc., is a Texas Corporation doing business as Mega & Associates with its principal place of business in Sugarland, Texas.

655.    Plaintiff, Yogaishwari LLC., is a Texas Limited Liability Corporation doing business as Best Western Park Heights Inn & Suites with its principal place of business in Cuero, Texas.

656.    Plaintiff, Watch Zone, L.L.C., is a Texas Limited Liability Corporation with its principal place of business in McAllen, Texas.

657.    Plaintiff, Dada Niru LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Groves, Texas.

658.    Plaintiff, Sai Energy, LLC, is a Texas Limited Liability Corporation doing business as Sai Development with its principal place of business in Channelview, Texas.

659.    Plaintiff, Southridge Hospitality, Inc., is a Texas Corporation doing business as Residence Inn Seaworld with its principal place of business in San Antonio, Texas

660.    Plaintiff, Versatile Hotels, LLC, is a Texas Limited Liability Corporation doing business as Holiday Inn Westchase with its principal place of business in Houston, Texas.

661.    Plaintiff, Tejal & Payal, L.L.C., is a Texas Limited Liability Corporation doing business as Holiday Inn Express Hotel & Suites Houston Space Ctr - Clear Lake with its principal place of business in Webster, Texas.

662.    Plaintiff, South Padre Redevelopment Company, is a Texas Corporation with its principal place of business in McAllen, Texas.

663.    Plaintiff, BW Hotels, Inc., is a Texas Corporation doing business as Best Western Ingram with its principal place of business in San Antonio, Texas.

664.    Plaintiff, Radiant Properties LLC, is a Texas Limited Liability Corporation doing business as Days Inn Austin Crosswords with its principal place of business in Austin, Texas.

665.    Plaintiff, Ambema Corporation, is a Texas Corporation doing business as Brazos Inn with its principal place of business in Bryan, Texas.

666.    Plaintiff, Sat Richland Hills LLC, is a Texas Limited Liability Corporation doing business as Springhill Suites Seaworld with its principal place of business in San Antonio, Texas.

667.    Plaintiff, Aum Sathya Sai, Inc., is a Missouri Corporation doing business as Howard Johnson Inn with its principal place of business in New Braunfels, Texas.

668.    Plaintiff, Sat Parkdale, Inc., is a Texas Corporation doing business as Springhill Suites Airport with its principal place of business in San Antonio, Texas.

669.    Plaintiff, Sat Airport, Inc., is a Texas Corporation doing business as Hampton Inn & Suites with its principal place of business in San Antonio, Texas.

670.    Plaintiff, S. and S. Food Service, Ltd., Co. is a Texas Limited Corporation doing business as Church's Chicken with its principal place of business in Houston, Texas.

671.    Plaintiff, Westoak Investment, Inc., is a Texas Corporation doing business as West Oak Food Store with its principal place of business in Houston, Texas.

672.    Plaintiff, Reliance Store, LLC., is a Texas Limited Liability Corporation doing business as Five Star Food Store with its principal place of business in Houston, Texas.

673.    Plaintiff, Eldridge, Inc., is a Texas Corporation doing business as Eldridge Shell with its principal place of business in Sugar Land, Texas.

674.    Plaintiff, K&A Business Inc., is a Texas Corporation doing business as Murphy Chevron with its principal place of business in Stafford, Texas.

675.    Plaintiff, Best Lake, Ltd., is a Texas Limited Corporation doing business as Best Western Inn by the Lake with its principal place of business in Zapata, Texas.

676.    Plaintiff, Golden Country LLC., is a Texas Limited Corporation doing business as Sleep Inn & Suites with its principal place of business in Humble, Texas.

677.    Plaintiff, Yogijikrupa LLC, is a Texas Limited Liability Corporation doing business as Best Western Executive Inn with its principal place of business in Hallettsville, Texas.

678.    Plaintiff, Quad Hotels LLC, is a Texas Limited Liability Corporation doing business as Springhill Suites Baytown with its principal place of business in Baytown, Texas.

679.    Plaintiff, Jai Krish, Inc., is a Texas Corporation doing business as Mailboxes of Braeswood with its principal place of business in Houston, Texas.

680.    Plaintiff, Sonia Enterprises, Inc., is a Texas Corporation doing business as Holiday Inn Express Seaworld with its principal place of business in San Antonio, Texas.

681.    Plaintiff, Starco Impex, Inc., is a Texas Corporation doing business as Wholesale Outlet with its principal place of business in Beaumont, Texas.

682.     Plaintiff, KDP1 Investments, Ltd., is a Texas Limited Corporation doing business as Rodeway Inn with its principal place of business in Waco, Texas.

683.     Plaintiff, Bhakta & Bhakta/ Natvar M Bhakta & Naresh M Bhakta, is a Texas Partnership doing business as Knoxwood II Motel with its principal place of business in Houston, Texas.

684.     Plaintiff, Pearl Hospitality Inc., is a Texas Corporation doing business as Holiday Inn Express with its principal place of business in Pearland, Houston.

685.     Plaintiff, Ranjendra Patel, is a Sole Proprietor doing business as Lamplight Inn with its principal place of business in Houston, Texas.

686.     Plaintiff, Eldridge Hospitality, LP., is a Texas Limited Partnership doing business as Holiday Inn with its principal place of business in Houston, Texas.

687.     Plaintiff, Sairam Hospitality Inc., is a Texas Corporation doing business as Candlewood Suites with its principal place of business in Houston, Texas.

688.     Plaintiff, Yogiji Hospitality, Inc., is a Texas Corporation doing business as La Quinta Inn & Suites with its principal place of business in Houston, Texas.

689.     Plaintiff, San Raj, Ltd., is a Texas Limited Company doing business as Astro City Motel with its principal place of business in Houston, Texas.

690.     Plaintiff, Gulf Coast Hospitality, Inc., is a Texas Corporation doing business as Holiday Inn with its principal place of business in Corpus Christi, Texas.

691.     Plaintiff, RNP Investments, Inc., is a Texas Corporation with its principal place of business in Pearland. Texas.

692.     Plaintiff, Sruti Hospitality, Inc., is a Texas Corporation doing business as Comfort Inn with its principal place of business in Houston, Texas.

693.    Plaintiff, KCMP, Ltd., is a Texas Limited Partnership doing business as Best Western Arena Inn & Suites with its principal place of business in Hidalgo, Texas.

694.    Plaintiff, Sheldon Lodging Group, LLC, is a Texas Limited Liability Company doing business as Scottish Inn with its principal place of business in Channelview, Texas.

695.    Plaintiff, Laredo La Quinta Hotel Management Co., L.C., is a Texas Limited Corporation doing business as La Quinta Inn & Suites with its principal place of business in Laredo, Texas.

696.    Plaintiff, Babette E Patterson, is a Texas sole proprietor doing business as Bobby's BeachShack and Welcome Aboard with its principal place of business in South Padre Island, Texas.

697.    Plaintiff, Shiv Investments, Inc., is a Texas Corporation doing business as Ollie Motel with its principal place of business in Houston, Texas.

698.    Plaintiff, Jai Laxmimaa, Inc., is a Texas Corporation doing business as Baymont Inn with its principal place of business in Baytown, Texas.

699.    Plaintiff, Y & J Corporation, is a Texas Corporation doing business as Crosstimbers Inn with its principal place of business in Houston, Texas.

700.    Plaintiff, Kanti Bhakta, Inc., is a Texas Corporation doing business as Best Western Paradise Inn with its principal place of business in Corpus Christi, Texas.

701.    Plaintiff, Deer Park Hotel, LP, is a Texas Limited Partnership doing business as Candlewood Suites with its principal place of business in Deer Park, Texas.

702.    Plaintiff, Sona Ventures, Inc., is a Texas Corporation doing business as Fuel Depot #6, with its principal place of business in Houston, Texas.

703.    Plaintiff, Niranjan Patel, is a Sole Proprietorship in Texas doing business as Ace Cash Express with its principal place of business in Houston, Texas.

704.    Plaintiff, Aburaj Incorporated, is a Texas Corporation doing business as Quizno's with its principal place of business in Friendswood, Texas.

705.    Plaintiff, Kanwal Puri, is a Sole Proprietorship doing business as KR Washateria and Louetta Washateria with its principal place of business in Spring, Texas.

706.    Plaintiff, Navigation Hotelier, Inc., is a Texas Corporation doing business as Hampton Inn & Suites with its principal place of business in Corpus Christi, Texas.

707.    Plaintiff, Bhakti Dham, LLC, is a Texas Limited Liability Company doing business as Texan Inn & Suites with its principal place of business in Houston, Texas.

708.    Plaintiff, DPR LLP., is a Texas Limited Liability Partnership doing business as Fantasy Inn Motel with its principal place of business in Houston, Texas.

709.    Plaintiff, Colonial Court Motel L.L.C., is a Texas Partnership doing business as Ramada Limited with its principal place of business in South Padre Island, Texas.

710.    Plaintiff, VIP International Inc, is a Texas Corporation doing business as Tacolodge Grill & Bar with its principal place of business in Corpus Christi, Texas.

711.    Plaintiff, D & B Patels, LP., is a Texas Limited Partnership doing business as Best Western Deer Park Inn with its principal place of business in Deer Park, Texas.

712.    Plaintiff, Kamlesh Bhakta, is a Texas Sole Proprietorship doing business as Almeda Inn with its principal place of business in Houston, Texas.

713.    Plaintiff, Sunil Patel, is a Texas Sole Proprietorship doing business as Discovery Inn with its principal place of business in Victoria, Texas.

714.     Plaintiff, Ramesh D. Bhakta, is a Texas Sole Proprietorship doing business as Executive Inn with its principal place of business in San Benito, Texas.

715.     Plaintiff, Preet Singh, is a Texas Sole Proprietorship doing business as Valley Food Store #7 with its principal place of business in Edinburg, Texas.

716.     Plaintiff, Priti Amin, is a Texas Sole Proprietorship doing business as City Limit with its principal place of business in Houston, Texas.

717.     Plaintiff, Upesh Bhakta, is a Texas Sole Proprietorship doing business as Sunrise Motel with its principal place of business in Houston, Texas.

718.     Plaintiff, Ranjitbhai Patel, is a Texas sole proprietor doing business as Landon Inn Motel with its principal place of business in Houston, Texas.

719.     Plaintiff, Suresh Patel, is a Texas Sole Proprietorship doing business as Budget Inn with its principal place of business in Jasper, Texas.

720.     Plaintiff, Naresh Bhakta, is a Texas sole proprietor doing business as Lone Palm Motel with its principal place of business in Port Aransas, Texas.

721.     Plaintiff, Baldev Patel, is a Texas Sole Proprietorship doing business as Wharton Inn with its principal place of business in Wharton, Texas.

722.     Plaintiff, Pravin I Bhakta, is a Texas Sole Proprietorship doing business as Holiday Inn Motel with its principal place of business in Aransas Pass, Texas.

723.     Plaintiff, Ashok Bhakta, is a Texas Sole Proprietorship doing business as Valley Motel with its principal place of business in Corpus Christi, Texas.

724.     Plaintiff, William Doan, is a Texas Sole Proprietorship doing business as B&S Kites with its principal place of business in South Padre Island, Texas.

725.     Plaintiff, Cricket Investments, Ltd., is a Texas Limited Partnership doing business as Comfort Suites, La Quinta Inn, Best Western Inn, Hampton Inn and owning property in Mission, Texas with its principal place of business in McAllen, Texas.

726.     Plaintiff, Vinod D. Patel, is a Sole Proprietorship doing business as Comfort Inn, Victorian Inn, Six Flags Motel, Regency Inn, Scottish Inn & Suites, and Quality Inn with its principal place of business in Houston, Texas.

727.     Plaintiff, Raj Kumar, is a Texas Sole Proprietorship doing business as Liquor Inn with its principal place of business in Houston, Texas.

728.     Plaintiff, R K Lodging, Inc., is a Texas Corporation doing business as Motel 6 with its principal place of business in Beeville, Texas.

729.     Plaintiff, Pankaj T. Patel, is a Texas Sole Proprietorship doing business as Rock Cottages with its principal place of business in Port Aransas, Texas.

730.     Plaintiff, Nareshbai T. Bhakta, is a Sole Proprietorship doing business as Lone Palm Motel with its principal place of business in Port Aransas, Texas.

731.     Plaintiff, Peartex Hotels, LLC, is a Texas Limited Liability Corporation owning land as Holiday Inn with its principal place of business in Katy, Texas.

732.     Plaintiff, Yabash, L.L.C., is a Texas Limited Liability Corporation with its principal place of business in Port Arthur, Texas.

733.     Plaintiff, Shalu Corporation, is a Texas Corporation with its principal place of business in Houston, Texas.

734.     Plaintiff, Fulton Investment, Inc., is a Texas Corporation with its principal place of business in Corpus Christi, Texas.

735.    Plaintiff, DT Hospitality, LLC, is Texas Limited Liability Company doing business as Weslaco Inn with its principal place of business in South Padre Island, Texas.

736.    Plaintiff, I K S Inc., is a Texas Corporation doing business as Sleep Inn with its principal place of business in Houston, Texas.

737.    Plaintiff, Buffalo Assets, LLC is a Texas Limited Liability Corporation doing business as Comfort Suites with its principal place of business in Sugar Land, Texas.

738.    Plaintiff, Dhananjay J Mody, is a Sole Proprietorship who owns land in Sugar Land, Texas.

739.    Plaintiff, BearCreek Business, Inc., is a Texas Corporation owning land in Stafford, Texas.

740.    Plaintiff, Haas Limited Partnership, is a Texas Limited Partnership owning land as Americas Best Value Inn in Freeport, Texas.

741.    Plaintiff, Unity Lodging, LLC, is a Texas Limited Liability Corporation owning land as Courtyard by Mariott in Houston, Texas.

742.    Plaintiff, Chirag, LLC, is a Texas Limited Liability Corporation owning land in Port Arthur, Texas.

743.    Plaintiff, Sanjay Patel, is a Sole Proprietorship who owns land in Pasadena, Texas.

744.    Plaintiff, Davilyn Hospitality, Inc., is a Texas Corporation owning land in Groves, Texas.

745.    Plaintiff, Garth Lodging Corporation, is a Texas Corporation owning land in Houston, Texas.

746.    Plaintiff, Pramukh Investments LLC, is a Texas Limited Liability Corporation owning land in Houston, Texas.

747.    Plaintiff, Fry Business, Inc., is a Texas Corporation owning land in Houston and Katy, Texas.

748.    Plaintiff, Sugar Creek Hospitality, Inc., is a Texas Corporation owning land in Stafford, Texas.

749.    Plaintiff, Oxford Hospitality Inc., is a Texas Corporation owning land in Orange, Texas.

750.    Plaintiff, Rameshwar L.L.C., is a Texas Limited Liability Corporation owning land in Angleton, Texas.

751.    Plaintiff, Riya Development, LLP., is a Texas Limited Liability Partnership owning land in Houston, Texas.

752.    Plaintiff, B& P Food Service, LLC, is a Texas Limited Liability Corporation doing business as Church's Chicken with its principal place of business in Pasadena, Texas.

753.    Plaintiff, Jiten Bhakta, is a Sole Proprietorship doing business as Flamingo Motel with its principal place of business in Brownsville, Texas.

754.    Plaintiff, Dipak Patel, is a Sole Proprietorship doing business as Travelers Inn with its principal place of business in Angleton, Texas.

755.    Plaintiff, Bharat Bhakta, is a Sole Proprietorship doing business as Village Inn with its principal place of business in Rockport, Texas.

756.    Plaintiff, Shanker, Incorporated is a Texas Corporation doing business as Econolodge with its principal place of business in Pasadena, Texas.

757.     Plaintiff, Uppal Hospitality, LLC, is a Texas Limited Liability Corporation doing business as Palace Inn Motel with its principal place of business in Brownsville, Texas.

758.     Plaintiff, Bharat Patel, is a Sole Proprietorship who owns land in Sugar Land, Texas.

759.     Plaintiff, Sailila Hospitality, Inc., is a Texas Corporation owning land in Katy, Texas.

760.     Plaintiff, Shri Sharda Bhakti, Inc., is a Texas Corporation owning land in Humble, Texas.

761.     Plaintiff, Scion Investments, LLC., is a Texas Limited Liability Corporation owning land in Beaumont, Texas.

762.     Plaintiff, Rasv Hospitality, Inc., is a Texas Corporation owning land in Houston, Texas.

763.     Plaintiff, Nilkanth Investments LLC., is a Texas Limited Liability Corporation owning land in Baytown, Texas.

764.     Plaintiff, Galleria Crown Hospitality, Inc., is a Texas Corporation owning land in Houston, Texas.

765.     Plaintiff, Clinton Investments, Inc, is a Texas Corporation owning land in Houston, Texas.

766.     Plaintiff, Tirupati Hotels, Inc., is a Texas Corporation owning land in Conroe, Texas.

767.     Plaintiff, Maganbhai G Patel, is a Texas Sole Proprietorship doing business as Emerald Inn & Suites with its principal place of business in Houston, Texas.

768.    Plaintiff, Umesh Bhakta, is a Texas Sole Proprietorship doing business as Budget Inn with its principal place of business in Corpus Christi, Texas.

769.    Plaintiff, Executive Inn & Suites Partnership, is a Texas Limited Partnership doing business as Executive Inn & Suites with its principal place of business in Aransas Pass, Texas.

770.    Plaintiff, Texas City Lodging Group, L.L.C., is a Texas Limited Liability Corporation doing business as Comfort Suites with its principal place of business in Houston, Texas.

771.    Plaintiff, Groesbeck Lodging, LLC, is a Texas Limited Liability Corporation doing business as Days Inn with its principal place of business in Groesbeck, Texas.

772.    Plaintiff, Sweet Faith, LLC, is a Texas Limited Liability Corporation doing business as Courtyard by Marriott with its principal place of business in Tyler, Texas.

773.    Plaintiff, A I M Venture, Inc., is a Texas Corporation doing business as Manvel Exxon with its principal place of business in Manvel, Texas.

774.    Plaintiff, Origin Hospitality LLC., is a Texas Limited Liability Corporation doing business as Sunshine Quest Acres with its principal place of business in Pearland, Texas.

775.    Plaintiff, SRN Consulting, Inc., is a Texas Corporation with its principal place of business in Pearland, Texas.

776.    Plaintiff, Tri-star Hospitality, Inc., is a Texas Corporation doing business as Americas Best Value Inn with its principal place of business in Huntsville, Texas.

777.    Plaintiff, Dreamland Motel, is a Texas Partnership doing business as Dreamland Motel with its principal place of business in Houston, Texas.

778.    Plaintiff, Ranjit R. Patel, is a Texas Sole Proprietorship doing business as Landor Inn Motel with its principal place of business in Houston, Texas.

779.    Plaintiff, Satishbhai Patel, is a Texas Sole Proprietorship doing business as Economy Inn & Suites with its principal place of business in Channelview, Texas.

780.    Plaintiff, Nisar Corporation Inc., is a Texas Corporation doing business as Shell Food Mart with its principal place of business in Cypress, Texas.

781.    Plaintiff, Shadowcreek SDI, LP, is a Texas Limited Partnership doing business as Sonics with its principal place of business in Pearland, Texas.

782.    Plaintiff, Franke Investments, Ltd., is a Texas Limited Company with its principal place of business in South Padre Island, Texas.

783.    Plaintiff, Yogendra Bhakta, is a Texas Sole Proprietorship doing business as Royal Inn with its principal place of business in Houston, Texas.

784.    Plaintiff, HB Hospitality LLP, is a Texas Limited Liability Partnership owning land as Staybridge Suites in Corpus Christi, Texas.

785.    Plaintiff, Saratoga Airline, L.L.C., is a Texas Limited Liability Corporation owning land in Port Aransas, Texas.

786.    Plaintiff, Dhansuk Patel, is a Texas Sole Proprietor owning land in South Padre Island, Port Isabel, Los Fresnos and Donna, Texas.

787.    Plaintiff, Harlingen Investors, LTD., is a Texas Limited Partnership owning land in South Padre Island, Port Isabel, Los Fresnos and Donna, Texas.

788.    Plaintiff, Pratiba Kasan, is a Texas Sole Proprietor doing business as Harlingen Investments owning land in Floresville, Calllan and Zapata, Texas.

789.   Plaintiff, Radhe Shayam LLC., is a Texas Limited Liability Company doing business as Econolodge with its principal place of business in Baytown, Texas.

790.   Plaintiff, Cullen Inn, L.L.P., is a Texas Limited Liability Partnership doing business as Cullen Inn with its principal place of business in Houston, Texas.

791.   Plaintiff, 16303 Food Store Associates, Inc., is a Texas Corporation doing business as Sunrise Super Stop #15 with its principal place of business in Houston, Texas.

792.   Plaintiff, Shores Development Inc., is a Texas Corporation with its principal place of business in South Padre Island, Texas.

793.   Plaintiff, Shree Rama LLC, is a Texas Limited Liability Corporation doing business as La Copa Inn with its principal place of business in Harlingen, Texas.

794.   Plaintiff, Texindia, LP, is a Texas Limited Partnership doing business as La Quinta Inn with its principal place of business in Olmito, Texas.

795.   Plaintiff, Alina, L.P., is a Texas Limited Partnership doing business as La Quinta Inn & Suites with its principal place of business in Brownsville, Texas.

796.   Plaintiff, West Columbia Lodging Group, L.L.C., is a Texas Limited Liability Corporation doing business as Best Western Brazos Inn with its principal place of business in West Columbia, Texas.

797.   Plaintiff, South Padre Great Walls, L.L.C., is a Texas Limited Liability Corporation doing business as Surf Motel with its principal place of business in South Padre Island, Texas.

798.   Plaintiff, La Copa Cabana Bar & Grill, Inc., is a Texas Corporation doing business as La Copa Cabana Bar & Grill with its principal place of business in South Padre Island, Texas.

799.    Plaintiff, A3H Foods II, LP, is a Texas Limited Partnership doing business as Jack in the Box with its principal place of business in Houston, Texas.

800.    Plaintiff, Mills-Holly Enterprises, LTD., is a Texas Limited Partnership doing business as Candlewood Suites with its principal place of business in Houston, Texas.

801.    Plaintiff, Sapphire Operations, LLC., is a Texas Limited Liability Corporation doing business as Sapphire Spa with its principal place of business in South Padre Island, Texas

802.    Plaintiff, Narendra Patel, is a Texas Sole Proprietorship doing business as Resident Suites with its principal place of business in Liberty, Texas.

803.    Plaintiff, Alpine Hospitality, LLC., is a Texas Limited Liability Corporation doing business as Sleep Inn & Suites with its principal place of business in Stafford, Texas.

804.    Plaintiff, ZT, Inc, is a Texas Corporation doing business as two (2) Mirage Resort Wear(s) with its principal place of business in South Padre Island, Texas.

805.    Plaintiff, Ocean View Builders, Inc., is a Texas Corporation with its principal place of business in Corpus Christi, Texas .

806.    Plaintiff, SNZ Ent., Inc., is a Texas Corporation doing business as Conoco Food Mart with its principal place of business in Houston, Texas.

807.    Plaintiff, Tejal P.K., L.L.C., is a Texas Limited Liability Corporation doing business as Candlewood Suites Med Center with its principal place of business in Houston, Texas.

808.    Plaintiff, CB n CB, LLC, is a Texas Limited Liability Corporation doing business as Super 8 with its principal place of business in Rosenberg, Texas.

809.    Plaintiff, B.G.S. Naraindas, Inc., is a Texas Corporation doing business as with its principal place of business in Brownsville, Texas.

810.     Plaintiff, Hansa, Inc., is a Texas Corporation doing business as Hilton Garden Inn with its principal place of business in Killeen, Texas.

811.     Plaintiff, Boomerang Billys of Texas, L.L.C., is a Texas Limited Liability Corporation doing business as Boomerang Billy's with its principal place of business in South Padre, Texas.

812.     Plaintiff, Freer Investment Group, LTD., is a Texas Limited Company doing business as Sunbridge Inn & Suites and Holiday Inn Express Jourdanton , with its principal place of business in Jourdanton, Texas.

813.     Plaintiff, Resaca Investments, LTD., is a Texas Limited Partnership doing business as Comfort Suites, with its principal place of business in Brownsville, Texas.

814.     Plaintiff, Kelly-Pharr Investors, LTD., is a Texas Limited Liability Corporation that owns lands located in Kingsville, Texas.

815.     Plaintiff, Raman Patel, is a Texas Sole Proprietorship doing business as Star Motel, with its principal place of business in Houston, Texas.

816.     Plaintiff, Bossvash, Inc., is a Texas Corporation doing business as Drop it off with its principal place of business in Richmond, Texas.

817.     Plaintiff, Chintamani Hospitality LLC, is a Texas Partnership doing business as Rodeway Inn with its principal place of business in Houston, Texas.

818.     Plaintiff, Jay Dalwadi, is a sole proprietor doing business as (two) Summit Inn(s) with its principal place of business in Bellaire, Texas.

819.     Plaintiff, Piyush Patel, is a sole proprietor who owns land in Houston, Texas.

820.     Plaintiff, Pratiba Kasan, is a sole proprietor who owns land in Mercedes, Texas with its principal place of business in McAllen, Texas.

821.    Plaintiff, Jay Prabhu Kantu, Inc, is a Texas Corporation which owns land in Conroe, Texas with its principal place of business in The Woodlands, Texas.

822.    All parties in this complaint share common issues of law and fact.  Each was damaged and injured as a result of the Spill and negligence and misrepresentations of Defendants during and with respect to the remediation of the Spill.

823.    Defendant, BP EXPLORATION & PRODUCTION, INC. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois, and at all pertinent times was doing business in the State of Texas.  BP Exploration was a lease holder and the designated operator in the lease granted by the former Minerals Management Service[2] ("MMS") allowing it to perform oil exploration, drilling, and production-related operations in Mississippi Canyon Block 252, the location known as "Macondo" where the Spill originated. BP Exploration is designated as the "Responsible Party" by the U.S. Coast Guard under the Oil Pollution Act of 1990, 33 U.S.C. § 2714.  BP Exploration may be served with process through its registered agent for service: 350 N. St. Paul Street, Suite 2900 Dallas, Tx 75201.

824.    Defendant, BP AMERICA PRODUCTION COMPANY ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas.  BP America was the party to the Drilling Contract with Transocean Ltd. for the drilling of the Macondo well by the *Deepwater Horizon* vessel.  BP America may be served with process through its registered agent for service: CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas Texas, 75201-4234. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Texas, does business in Texas, and has a registered agent in Texas.

---

[2] The MMS, a federal entity that divides the Gulf of Mexico's seafloor into rectangular "blocks," and then auctions the rights to drill for oil and gas beneath those blocks of seafloor, was reorganized as the Bureau of Ocean Energy Management, Regulation, and Enforcement (BOEMRE) on June 18, 2010.  It shall, however, be referred to as the MMS throughout this Complaint.

825.    Defendant, BP P.L.C. is a British public limited company with its corporate headquarters in London, England.  BP p.l.c. is the global parent company of the worldwide business operating under the "BP" logo.  BP p.l.c. operates its various business divisions, such as the "Exploration and Production" division in which BP Exploration and BP America fall, through vertical business arrangements aligned by product or service groups.  Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c.  Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and are sufficiently controlled by BP p.l.c. so as to be BP p.l.c.'s agents in Texas and the U.S. more generally.  BP p.l.c. has acknowledged that it is subject to jurisdiction in the United States.  BP p.l.c. does business in Texas and BP p.l.c. may be served with process at 28100 Torch Parkway, Warrenville, Illinois 60555 and through BP North America Inc. c/o C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

826.    Alternatively, if BP p.l.c. contests that it is subject to jurisdiction under Texas's long-arm jurisdiction statute (Tex. Civ. Prac. & Rem. Code § 17.042), then this Court may exercise personal jurisdiction over BP p.l.c. pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, the federal long-arm jurisdiction provision, because claims in this action arise under federal law, the exercise of jurisdiction over BP p.l.c. is consistent with the United States Constitution and laws," and BP p.l.c. is being served with a summons in individual complaints that are the subject of this Complaint. Service of process on BP p.l.c. is proper through the means authorized by the Hague Convention On the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

827.    BP p.l.c.'s direct, joint and/or assumed responsibility and/or liability for safety and well control, both before and/or after the explosions and blowout on April 20,

2010, is further evidenced by the announcement of the Macondo Project on the BP website hosted and copyrighted by BP p.l.c., the publication of information concerning the casualty and spill on the BP website hosted and copyrighted by BP, the express and/or implied acceptance of responsibility for the safety of BP operations in North America and the Gulf of Mexico in statements by officers of BP p.l.c., the presence (upon information and belief) of a BP p.l.c. officer or employee on the Deepwater Horizon for the celebration that occurred shortly before the explosions and fire, the direct participation of BP p.l.c. employees in the post-casualty investigation, the direct participation of BP p.l.c. officers and employees in the Governmental post-casualty investigations, the direct participation of BP p.l.c. officers and employees in the post-casualty well-control efforts, and the direct participation of BP p.l.c. in the establishment and/or funding of the Escrow Fund and/or Gulf Coast Claims Facility.

828.    BP EXPLORATION, BP AMERICA, and BP P.L.C. generally are referred to herein collectively as "BP."  As lease operator of the Macondo prospect site, BP was responsible for assessing the geology of the prospect site, engineering the well design, obtaining regulatory approvals for well operations, and retaining and overseeing the contractors working on the various aspects of the well and the drilling operations.

829.    Defendant, TRANSOCEAN LTD., ("Transocean Ltd.") is a Swiss corporation that maintains substantial U.S. offices in Houston, Texas, and at all pertinent times was doing business in the State of Texas and within this district.  Transocean Ltd. was an owner, managing owner, owner *pro hac vice*, and/or operator of the *Deepwater Horizon*.

830.    Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. ("Transocean Offshore"), is a Delaware corporation with its principal place of business in

Houston, Texas, and at all pertinent times was doing business in the State of Texas.  Transocean Offshore is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the *Deepwater Horizon*.  Transocean Offshore has been designated as a Responsible Party.

831.    Defendant, TRANSOCEAN DEEPWATER, INC. ("Transocean Deepwater"), is a Delaware corporation with its principal place of business in Houston, Texas, and at all pertinent times was doing business in the State of Texas.  Transocean Deepwater is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the *Deepwater Horizon.*  Transocean Deepwater has been designated as a Responsible Party.

832.    Defendant, TRANSOCEAN HOLDINGS, LLC ("Transocean Holdings"), is a Delaware corporation with its principal place of business in Houston, Texas, and at all pertinent times was doing business in the State of Texas.  Transocean Holdings is affiliated with Transocean Ltd. and is a wholly-owned subsidiary of Transocean Offshore.  Transocean Holdings is an owner, managing owner, owner *pro hac vice*, and/or operator of the *Deepwater Horizon* and participated in the *Deepwater Horizon's* offshore oil drilling operations at the Macondo prospect, where the Spill originated.  Transocean Holdings is party to the contract with BP regarding the lease of the *Deepwater Horizon* for drilling operations in the Gulf of Mexico. On April 28, 2010, the U.S. Coast Guard named Transocean Holdings as a "Responsible Party" under the Oil Pollution Act for the surface oil spill resulting from the blowout by the *Deepwater Horizon.*

833.    Defendant, TRITON ASSET LEASING GMBH ("Triton"), is a Swiss limited liability company with its principal place of business in Zug, Switzerland.  Triton is affiliated with Transocean Ltd. and is an owner, managing owner, owner *pro hac vice*, and/or operator of

the *Deepwater Horizon*.  The Coast Guard has designated Triton as a "Responsible Party" under the Oil Pollution Act.

834.    Defendants,    TRANSOCEAN    LTD.,    TRANSOCEAN    DEEPWATER, TRANSOCEAN OFFSHORE, TRANSOCEAN HOLDINGS, and TRITON, are sometimes hereinafter referred to collectively as "Transocean."  At the Macondo site, Transocean provided the *Deepwater Horizon* vessel and personnel to operate it.  At all times relevant to the Spill, Transocean, subject to BP's inspection and approval, was responsible for maintaining well control equipment, such as the blowout preventer and its control systems.  Transocean also provided operational support for drilling-related activities on board the *Deepwater Horizon*, as well as onshore supervision and support for those drilling activities at all times relevant to the Spill.

835.    Defendant HALLIBURTON ENERGY SERVICES, INC. is a Delaware corporation with its principal place of business in Houston, Texas.  Halliburton provided engineering services, materials, testing, mixing, and pumping for cementing operations on board the *Deepwater Horizon*, as well as onshore engineering support for those operations.  Halliburton was responsible for the provision of technical advice about the design, modeling, placement, and testing of the cement that was used in the Macondo well.  At and before the time of the blowout, Halliburton was engaged in cementing operations to isolate the hydrocarbon reservoirs and seal the bottom of the well against the influx of hydrocarbons like gas and oil.  HESI may be served with process through its registered agent for service, CT Corporation System, 350 N. St. Paul St., Ste 2900, Dallas, Texas 75201-4234.

836.    Halliburton division Sperry Drilling Services (formerly Sperry Sun Drilling Services) was responsible for mudlogging personnel and equipment on the *Deepwater Horizon*,

including downhole drilling tools.  Sperry mudlogging personnel were partially responsible for monitoring the well, including mud pit fluid levels, mud flow in and out of the well, mud gas levels, and pressure fluctuations.  Throughout this Complaint, "Halliburton" shall sometimes herein after refer to both Halliburton Energy Services, Inc. and its Sperry division.  HESI may be served with process through its registered agent for service, CT Corporation System, 350 N. St. Paul St., Ste 2900, Dallas, Texas 75201-4234.

837.    BP, Transocean, and Halliburton are sometimes collectively referred to hereinafter as the "Drilling Defendants," as they were all involved in the drilling, cementing, and/or other temporary well abandonment activities of the *Deepwater Horizon*, and thus their actions caused and/or contributed to the Spill.  BP, Transocean, and Halliburton, are jointly, severally, and solidarily liable under various principles of federal, maritime, and/or other applicable law, and/or under the Oil Pollution Act.

## JURISDICTION

838.    Plaintiffs incorporate by reference, verbatim, the allegations contained in paragraphs 1 through 957.

839.    The claims presented in sub-Section I of this Complaint are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction exists pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."  Jurisdiction also exists pursuant to the Admiralty Extension Act, 46 U.S.C. § 30101, which extends the admiralty and maritime jurisdiction of the United States to cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land.

840.    The claims presented in sub-Section II invoke the Court's jurisdiction under the Oil Pollution Act, 33 U.S.C. § 2717 (b) (the "OPA").  *See* 28 U.S.C. § 1331.

841.    The claims presented in sub-Section III invoke the Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367.

842.    This Court also has jurisdiction under 28 U.S.C. § 1332, in that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the matter in controversy is between citizens of different states

## VENUE

843.    Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b).

844.    Venue is also proper pursuant to the OPA, 33 U.S.C. 2717 (b), as the discharge occurred in this district.

845.    The Plaintiff reserves its right to seek a transfer of any and all issues and claims not resolved in the proceedings before the MDL Court back to the Eastern District of Texas for a jury trial, as discussed in more detail *infra at* **¶¶959-962.**

## GENERAL ALLEGATIONS

### *The Macondo Lease, and BP's Exploration Plan and Drilling Permit*

846.    On June 1, 2008, BP acquired a ten-year lease from the MMS to search for and exploit hydrocarbon reservoirs at the Macondo prospect site in Mississippi Canyon Block 252, a location on the Outer Continental Shelf forty eight (48) miles off the coast of Louisiana.

847.    In the process of obtaining its lease, BP represented that it had planned and prepared to conduct its proposed activities in a manner that was safe, conformed to applicable regulations and sound conservation practices, and would not cause undue or serious harm or damage to human or marine health, or the coastal environment.

848.    BP represented that it was unlikely that an accidental surface or subsurface oil spill would occur from the proposed activities.  In the event that a spill did occur, BP predicted a worst case discharge scenario of 162,000 gallons of oil per day, an amount to which it assured the MMS that it was prepared to respond.  BP also claimed the well's distance from the nearest shoreline would preclude any significant adverse impacts from a spill.

849.    Based on these assurances, the MMS approved BP's Initial Exploration Plan ("EP") for the Macondo prospect on April 6, 2009, including the approval of a "categorical exclusion" from the full environmental analysis normally required under the National Environmental Policy Act.

850.    After its EP was approved, BP sought a permit from the MMS authorizing it to drill up to a total depth of 19,650 feet at the Macondo site.

### The Deepwater Horizon's Poor Safety and Maintenance Record

851.    The Deepwater Horizon was a dynamically-positioned, semi-submersible deepwater drilling vessel built for Transocean and put into service in February 2001.

852.    At all times relevant herein, the *Deepwater Horizon* was owned by Transocean and leased to BP for drilling exploratory wells at the Macondo prospect site, pursuant to the December 9, 1998, Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co. for RBS-8D *Deepwater Horizon* ("Drilling Contract"), and later amendments to that agreement.

853.    Prior to the Spill, Drilling Defendants had actual and/or constructive knowledge that their safety performance during offshore drilling operations was poor.  Drilling Defendants also had actual and/or constructive knowledge of significant problems related to the *Deepwater Horizon*'s equipment and maintenance, including problems with the vessel's BOP, electronic alarm systems, ballast systems used to stabilize the vessel in the water, and other significant deficiencies that could lead to loss of life, serious injury, or environmental damage as a result of inadequate use and/or failure of equipment.

### The Macondo Well

854.    The Macondo prospect site is in the Northern Gulf of Mexico, an area known in the industry for high temperature, high pressure, highly gaseous hydrocarbon reservoirs trapped in weak, brittle rock formations.  At the Macondo site, the *Deepwater Horizon* was conducting drilling operations in excess of 18,000 feet deep.  Drilling Defendants knew or should have known that the threat of blowouts increases as drilling depths increase, especially in an area with such troublesome geology as the Northern Gulf of Mexico.

855.    Drilling Defendants struggled with the Macondo well before the events of April 20, 2010.  The problems included varying pressures, varying strengths of formation layers, brittle rock formations, and kicks of natural gas bursting into the well.

856.    As the drilling schedule fell farther behind due to these and other problems, Drilling Defendants—BP in particular—increased the pressure on the Deepwater Horizon's crew to speed up the drilling effort at Macondo in an effort to reduce costs.  Drilling Defendants repeatedly chose to violate industry guidelines and government regulations and ignore warnings from their own employees and contractors on the Deepwater Horizon to reduce costs and save time on the behind-schedule and over-budget Macondo well.

90

### *Conduct Leading up to the Explosion*

857.    By April 9, 2010, Drilling Defendants had finished drilling the last part of the well bore, after which only casing and cementing the final open-hole section remained.  In their rush to complete the well, Drilling Defendants made reckless decisions about well design, cementing, and well integrity testing that prioritized speed and cost-savings over safety and industry best practices.

858.    Drilling Defendants chose a "long string" design for the Macondo well with fewer barriers against the risk of hydrocarbon blowouts because the safer "liner/tieback" option  (which had been part of their original well design and was recommended by their contractors) would have taken longer to complete and would have added several million dollars in cost.

859.    Drilling Defendants used inferior metal well casings for the casing pipe material itself, in violation of BP's own safety policies and design standards.

860.    Drilling Defendants knowingly used too few centralizers on one or more pieces of casing pipe, with the knowledge or acquiescence of other Defendants.

861.    Drilling Defendants failed to fully circulate the drilling mud through the entire length of the well before beginning the cementing job, thus failing to properly clean the well bore and prepare the annular space for cementing, and thus failing to take action that could have revealed other problems that contributed to the weaknesses of the Macondo well.

862.    Defendants knew the cementing work the *Deepwater Horizon* was performing was especially risky.  BP's mid-April plan review predicted cement failure, stating "[c]ement simulations indicated it is unlikely to be a successful cement job due to formation breakdown." Yet, Defendants made minimal efforts to contain the added risk.  To save time and money, Defendants chose not to run a 9 to 12-hour procedure called a cement bond log to assess the

integrity of the cement seal.  Defendants also failed to secure the wellhead with a lockdown sleeve, a critical apparatus that locks the wellhead and the casing in the seal assembly at the seafloor, before allowing pressure on the seal from below.

863.    Based on testing performed before the final cement job at the Macondo well, Halliburton knew that its cement slurry design was unstable.  In addition, Halliburton and BP had results in March 2010 showing that a very similar foam slurry design to the one actually pumped at the Macondo well would be unstable, but neither acted upon that data.

864.    In addition to increasing the risk of blowouts, deep-sea drilling also increases the failure risk of the chief blowout safety mechanisms, the BOPs.  Defendants were aware of the risk of BOPs failing at greater depths, yet did not install a backup BOP activation system or backup BOPs.  BP and Transocean were also aware that the industry and government had major concerns about the reliability of BOPs like the one installed on the *Deepwater Horizon*.

865.    Defendants BP and Transocean failed to ensure that the BOP present on the Deepwater Horizon possessed reasonably safe, adequate, functional technology to prevent blowouts.

866.    Defendants BP and Transocean failed to ensure that the *Deepwater Horizon's* BOP had sufficient, functional, built in redundancy to eliminate single-point failure modes.

867.    Defendants BP and Transocean failed to ensure that all foreseeable repairs (if any) and foreseeable modifications (if any) to the Deepwater Horizon's BOP were performed, completed, and tested with the drilling vessel's operations shut down and the well secured.

868.    Defendants BP and Transocean failed to ensure that the testing of the *Deepwater Horizon's* BOP was comprehensive, reviewed, and verified, and further failed to check and verify the BOP's entire operating and control system, including but not limited to, checking for

leaks at ROV (remotely operated vehicle) connection points, and verifying the functionality of the automated mode function and/or autoshear.

869.   Defendants BP and Transocean could have ensured that a BOP and/or back-up BOP with sufficient strength and reliability for deepwater drilling was present and available on the *Deepwater Horizon*, but did not do so.

870.   Defendants BP and Transocean could have installed a back-up acoustic trigger to activate the *Deepwater Horizon's* BOP in the event that the main trigger failed to activate.

871.   While some testing has been completed, the investigation of the BOP retrieved from the seafloor, and other matters related to the disaster at the Macondo well, is still ongoing. Thus, the Plaintiffs reserve the right to amend this Complaint once further information from that and any other future investigations becomes available.

872.   Transocean, the vessel's owner, had a history of postponing and ignoring needed maintenance on the *Deepwater Horizon*.   In the weeks before the blowout, the *Deepwater Horizon* suffered power outages, computer glitches, and a balky propulsion system.   In some cases, Transocean officials purposely overrode or disabled vital safety mechanisms and alarms. These events contributed to the cause of the disaster, or made it worse.

873.   The other Drilling Defendants were all aware of Transocean's poor maintenance of the *Deepwater Horizon* and its practice of disabling or bypassing vital safety systems and alarms, but they continued to operate the vessel and did not report the inadequacies.

874.   Upon information and belief, in addition to the examples set forth above, other non-exclusive examples of Defendants' misconduct, negligence and/or wantonness include:

   a.   Utilizing a defective well casing that was prone to fail when under heavy pressure;

b.      Failing to observe dangerous and recurring problems with highly flammable gaseous compounds, and instituting risky cementing and drilling procedures hours before the *Deepwater Horizo*n explosion;

c.      Failing to institute common industry protective measures necessary to detect the buildup of highly flammable gaseous compounds before and during the cementing process;

d.      Accelerating drilling operations in an effort to save money and pressuring employees hours before the *Deepwater Horizon* explosion to drill and penetrate the continental shelf faster while ignoring risks associated with dangerous gaseous compounds in the shelf s crust;

e.      Using an improperly designed cement mixture ("slurry"), and failing to properly conduct and/or review the results of laboratory testing of the slurry;

f.      Failing to deploy a casing hanger lockdown sleeve;

g.      Displacing mud in the well with less-dense seawater before cementing had fully set;

h.      Using non-standard spacer fluid mixture and volume;

i.      Continuing to operate the Macondo Well after the well failed pressure tests;

j.      Continuing to operate the Macondo Well without repairing the blowout preventer's annular after chunks of the annular had broken off and floated to the surface, thereby significantly decreasing the blowout preventers' protective measures against a blowout;

k.      Failing to disclose or correct the fact that the battery on the blowout preventer was weak and one of its control pods was broken;

l.      Consciously electing not to install an acoustically activated remote-control shutoff valve;

m.      Ordering drillers to extract drilling mud from the well before all of the concrete plugs were put into place in order to speed up the drilling process thereby creating high pressure instability in the well;

n.      Failing to install a deepwater valve to be placed nearly 200 feet under the sea floor;

o.      Failing to recognize that pressure and flow data from the well were warning signs of a blowout;

p.    Failing to develop sufficient well control procedures for vessel workers to handle larger influxes into the well – for a hydrocarbon influx as large as occurred, flow should have been diverted overboard, not to the mud-gas separator;

q.    Failing to properly design, install, or maintain power supply to the blow-out preventer ("BOP"), including without limitation the use of only one blind shear ram, faulty maintenance, faulty post-market modifications, and other issues;

r.    Failing to properly design, install, or maintain connections from the blow-out preventer's control panel to the blow-out preventer;

s.    Failing to maintain properly and repair the BOP: Drilling Defendant officials were aware of the faulty solenoid valve, poor battery maintenance, hydraulic fluid leaks, and aftermarket modifications on the Deepwater Horizon's BOP long before the April 20, 2010, but no action was ever taken to address the problems.  In addition to posing a significant safety risk, Drilling Defendants' choice to continue drilling with a faulty hydraulic system violated federal regulations, which require companies to disclose problems to the MMS and to stop drilling if either of a BOP's two control systems is not working properly; and,

t.    Failing to equip the vessel with sufficient safety equipment, including operational gas sensors and a gas alarm system.

875.    The Drilling Defendants all knew, or should have known, of the acts and omissions outlined above, and were negligent, wanton, and reckless in continuing to drill in the face of these acts and omissions.

876.    In sum, Defendants knew of the dangers associated with deep water drilling, and they knew of unique problems and shortcomings in the Macondo Well and *Deepwater Horizon* vessel.  Yet, Defendants failed to take appropriate measures to prevent damage to the Plaintiff, its natural resources, and thousands of its citizens who are dependent upon the Gulf of Mexico and Plaintiff's coast to make a living.

### *Post-Explosion Conduct*

877.    Defendants' conduct after the explosion was insufficient to minimize damage, and was in some cases just as negligent, wanton, and reckless as the conduct that led to the explosion.

878.    Defendants failed to institute proper oil disaster response plans to contain the catastrophic oil release resulting from the *Deepwater Horizon* explosion, and they misrepresented their capability to conduct offshore drilling operations safely and contain oil releases that might occur in connection with such operations.

879.    Defendants attempted to downplay and conceal the severity of the oil spill after the explosion.  Defendants' leak estimate of 5,000 barrels per day was found by government investigators to be a fraction of the current official leak estimate of 60,000 barrels of oil per day.  In addition, the worst case scenario estimate of 100,000 barrels of oil per day is over 100 times BP's initial estimate of 1,000 barrels per day.

880.    Defendants were also slow and incomplete in their announcements and warnings to residents and businesspeople such as the Plaintiff about the severity, forecast, and trajectory of the Spill.

881.    Furthermore, the chemical dispersants used by Defendants to accelerate the dispersal of the oil has significant side-effects as well.  Corexit EC9500A and Corexit EC9527A were the principal dispersants used.  These dispersants are composed of several chemicals, including 2-Butoxy Ethanol, which was identified as a causal agent in the health problems experienced by cleanup workers after the 1989 *Exxon Valdez* oil spill.  In addition, the Hazardous Substance Fact Sheet for 2-Butoxy Ethanol warns that it may be a carcinogen in humans and that "[t]here may be no safe level of exposure to a carcinogen, so all contact should be reduced to the lowest possible level."  Further, the OSHA-required Material Safety Data Sheets ("MSDS") for both versions of Corexit used indicate they may have a potential to bio-accumulate in the tissues of fish or other organisms.  Additionally, the MSDSs state that if the

product becomes a waste, "it could meet the criteria of a hazardous waste as defined by the Resource Conservation and Recovery Act (RCRA) 40 CFR 261."

882.    Corexit EC9500A and Corexit EC9527A are more toxic and less effective than at least twelve other EPA-approved dispersants and are banned from use on oil spills in the United Kingdom.  Defendants stated that they chose to use Corexit because it was available the week of the rig explosion.

883.    More than 1.84 million gallons of chemical dispersants were used by July 30, 2010, and additional dispersant use was reported by fishermen in mid-August.  Dispersant use continued well after the Spill at the wellhead was stopped.  The dispersants were employed both on the surface and at the wellhead 5,000 feet below the surface.  Mixing the dispersants with the oil at the wellhead added toxicity to the spill and kept much of the oil below the surface, exposing organisms to widespread concentrations of oil.

884.    Oil, dispersants, and other pollutants released by Defendants remain in Gulf waters, the Gulf floor, Texas waters, and land owned and/or within the state of Texas, and continue to cause damage.  Oil, dispersants, and other pollutants have settled into the sediment on the Gulf floor and the bed underlying waters of Texas, where it has killed, is killing, and will continue to kill marine life and will continually discharge into, and cause damage to, the water, land, property, and resources.

885.    The Spill has caused or contributed to, and will continue to cause or contribute to, injuries and damages to the Plaintiffs.

886.    The oil released during the Spill contains benzene, toluene, polyaromatic hydrocarbons, and other compounds (collectively referred to as Total Petroleum Hydrocarbons, or "TPH"), all of which are known carcinogens. Discharge of the toxic pollutants, as identified in

40 C.F.R. § 401.15, likely includes, but is not limited to, benzene, toluene, naphthalene, polynuclear aromatic hydrocarbons (including, but not limited to, phenanthrene, benzanthracenes, benzophyrenes, benzofloranthene, chrysenes, dibenzanthracenes, and idenopyrenes), fluoranthene, arsenic, cadmium, cooper, mercy, and nickel, all of which are hazardous to the health of humans and marine life.

887.   Moreover, the chemical dispersants used by BP during the Spill response is harmful to the health of humans and marine life.

888.   As a direct result of the Spill, coastal and non-coastal counties in Texas have suffered past, present, and future harm to, and contamination of, their waters, property estuaries, seabeds, animals, plaintiffs, beaches, shorelines, coastlines, islands, marshlands, and other natural and economic resources, which in turn causes economic damages to Plaintiffs.

889.   The Spill caused the National Oceanographic and Atmospheric Administration ("NOAA") to restrict commercial and recreational fishing across large areas of the Gulf of Mexico, causing damage to the livelihoods of many Texas businesses and individuals, which in turn causes economic damages to Plaintiffs.

890.   There are a wide variety of commercially valuable fish species in the Gulf of Mexico that have been and will continue to be harmed by the Spill, including, but not limited to, shrimp, crabs, oysters, menhaden, tuna, and pelagic fish. As sunken and dispersed oil resurfaces, additional harm to marine ecosystems will occur and continue, which in turn will cause economic damages to Plaintiffs.

### *Economic Damages*

891.   The Spill and resulting contamination of the Gulf of Mexico and bays have caused, are causing, and will continue to cause economic damages to each of the Plaintiffs.

892.    Moreover, the counties in Texas within which each Plaintiff operates has seen and is continuing to see, a dramatic drop in Gulf-related travel and tourism as a result of the Spill. This decrease in tourism has, is, and will continue to result in a loss of profits and/or impairment of earning capacity for each Plaintiff.

893.    Plaintiffs seek both compensatory and punitive damages in this action. As discussed generally above, Plaintiffs' compensatory damages as a result of Defendants' acts and omissions include, but are not limited to the following:

    a.    Past, present, and future economic losses resulting from the Spill; and,

    b.    Past, present, and future loss and impairment of income, profits, and earning capacity.

    c.    All other damages or relief to which the Plaintiff is entitled when additional information regarding the full extent of the Plaintiff's damages becomes available.

894.    This list is by no means exhaustive. There are many other forms of harm or damage from the spill that may be unknown, and the Plaintiffs reserve the right to amend this Complaint as additional information becomes available.

## CAUSES OF ACTION

## I.    CLAIMS UNDER GENERAL MARITIME LAW

### (Asserted by All Plaintiffs)

**A.**    *Negligence*

895.    Plaintiffs re-allege each and every allegation set forth in all preceding paragraphs as if fully restated here.

896.    At all times material hereto, Drilling Defendants were participating in drilling operations onboard the *Deepwater Horizon* in the Gulf of Mexico.

897.   At all times material hereto, Drilling Defendants owed and breached duties of ordinary and reasonable care to the Plaintiff in connection with the drilling operations of the *Deepwater Horizon* and the maintenance of the vessel, its appurtenances and equipment, and additionally owed and breached duties to the Plaintiffs to guard against and/or prevent the risk of an oil spill.

898.   The existence and breach of these legal duties are established under the general maritime law and state law as deemed applicable herein.

899.   The blowout and explosions on the *Deepwater Horizon*, its sinking, and the resulting Spill were caused by the joint and concurrent negligence of Defendants which renders them jointly, severally, and solidarily liable to the Plaintiffs.

900.   Defendants knew of the dangers associated with deepwater drilling and failed to take appropriate measures to prevent damage to the Plaintiff.

901.   Defendants were under a duty to exercise reasonable care while participating in drilling operations on the *Deepwater Horizon* to ensure that a blowout and subsequent oil spill did not occur as a result of such operations.

902.   Defendants were under a duty to exercise reasonable care to ensure that if crude oil discharged in the event of a blowout, that it would be contained, captured, and/or stopped within the immediate vicinity of the *Deepwater Horizon* in an expeditious manner.

903.   Defendants knew or should have known that the acts and omissions described herein could result in damage to the Plaintiffs.

904.   Defendants, respectively and collectively, failed to exercise reasonable care to ensure that adequate safeguards, protocols, procedures and resources would be readily available

to prevent and/or mitigate the effects of an uncontrolled oil spill into the waters of the Gulf of Mexico, and thereby breached duties they owed to the Plaintiffs.

905.    The conduct of Defendants with regard to the manufacture, maintenance and/or operation of drilling operations and oil rigs such as the *Deepwater Horizon* and its appurtenances and equipment is governed by numerous state and federal laws and permits issued under the authority of these laws.  These laws and permits create statutory standards that are intended to protect and benefit the Plaintiffs.  One or more of the Drilling Defendants violated these statutory standards.  The violations of these statutory standards constitute negligence per se under the law of Texas and the general maritime law, including (but not limited to) the Clean Water Act, 33 U.S.C. § 1311.

906.    At all times material hereto, the *Deepwater Horizon* was owned, navigated, manned, possessed, and managed by Transocean.

907.    As the owner and manager of the *Deepwater Horizon*, Transocean owed duties of care to the Plaintiffs to, *inter alia*, man, possess, manage, control, navigate, maintain and operate the *Deepwater Horizon* with reasonable and ordinary care.

908.    Transocean breached its duties to the Plaintiffs by, *inter alia*, failing to manage, control, maintain and operate the *Deepwater Horizon* and its safety equipment properly, including, but not limited to, the gas sensors, air intake valves, emergency shut down systems, and BOP, and in disabling vital alarm systems on the *Deepwater Horizon* before the blowout.

909.    Transocean also breached its duties to the Plaintiffs by making and/or acquiescing to a series of reckless decisions concerning, *inter alia*, well design, the use of centralizers, mudding operations, cementing, integrity testing, deployment of the casing hanger lockdown sleeve, spacer material, and simultaneous operations causing worker confusion and loss of focus.

910.    Defendants also violated the International Safety and Management Code ("ISM"), as adopted by the International Convention for the Safety at Life at Sea ("SOLAS"), which provides rules and standards to ensure that ships are constructed, equipped, and manned to safeguard life at sea, by failing to properly maintain the vessel, train personnel, and perform appropriate risk assessment analyses.  *See* 46 USC §§ 3201-3205 and 33 CFR §§ 96.230 and 96.250.

911.    At all times material hereto, the *Deepwater Horizon* was leased and operated pursuant to a contract between Transocean and BP.  Together, Transocean and BP and other Drilling Defendants were responsible for well design and control.

912.    BP owed duties to the Plaintiffs to, *inter alia*, exercise reasonable care to design, create, manage and control the well and the flow of hydrocarbons therefrom in a safe and prudent manner and to conduct its drilling operations with reasonable and ordinary care.

913.    BP breached its duties to the Plaintiffs by, *inter alia*:

   a.  choosing and implementing a less expensive and less time-consuming long string well design, which had few barriers against a gas blowout, instead of a safer liner/tieback design which would have provided additional barriers to gas blowout, despite its knowledge that the liner/tieback design was a safer option;

   b.  using pipe material that it knew, and which it recognized before the blowout, might collapse under high pressure;

   c.  using too few centralizers to ensure that the casing was centered into the wellbore;

   d.  failing to implement a full "bottoms up" circulation of mud between the running of the casing and the beginning of the cement job in violation of industry standards;

   e.  failing to require comprehensive lab testing to ensure the density of the cement, and failing to heed the ominous results of negative pressure testing which indicated that the cement job was defective;

    f.   cancelling the cement bond log test that would have determined the integrity of the cement job;

    g.   failing to deploy the casing hanger lockdown sleeve to prevent the wellhead seal from being blown out by pressure from below;

    h.   using an abnormally large quantity of mixed and untested spacer fluid;

    i.   failing to train drilling vessel workers and/or onshore employees and to hire personnel qualified in risk assessment and management of complex systems like that found on the Deepwater Horizon; and,

    j.   requiring simultaneous operations in an effort to expedite the project, making it difficult for workers to track fluid volumes in the wellbore.

914.   All of the foregoing acts and/or omissions by BP proximately caused and/or contributed to the Plaintiffs' injuries and damages.

915.   At all times material hereto, Halliburton was responsible for cementing the well that was the subject of the Spill, and further was engaged in testing, analysis, and monitoring of the aforementioned well.

916.   At all times material hereto, Halliburton owed duties to the Plaintiffs to, *inter alia*, exercise reasonable care in conducting its cementing, testing, analysis and monitoring of the *Deepwater Horizon's* well.

917.   Halliburton breached its duties to the Plaintiffs by, *inter alia*, failing to exercise reasonable care in conducting its cementing, testing, analysis, and monitoring of the *Deepwater Horizon's* well.  In addition, Halliburton was negligent by, *inter alia*:

    a.   failing to use a full "bottoms up" circulation of mud between the running of the casing and the beginning of the cement job in violation of industry standards;

    b.   failing to require comprehensive lab testing to ensure the density of the cement, and failing to heed the ominous results of negative pressure testing which indicated that the cement job was defective;

    c.   cancelling, or acquiescing in the cancellation of, the cement bond log test that would have determined the integrity of the cement job; and,

d.    failing to deploy, or acquiescing in the decision not to deploy, the casing hanger lockdown sleeve to prevent the wellhead seal from being blown out by pressure from below, all of which proximately caused and/or contributed to the Plaintiffs' damages.

918.    Engineers knowledgeable about blowout responses told BP how to kill the well as early as June 2010, but BP chose to ignore the engineers' well-kill procedure because BP did not want to damage the well or its chance to make a profit on Macondo.  Because BP hoped to retap the Macondo Well and the large, valuable reservoirs beneath it, they ignored expert well-kill information that could have stopped the Spill many weeks earlier.

919.    In addition to the negligent actions described herein, and in the alternative thereto, the injuries and damages suffered by the Plaintiffs were caused by the acts and/or omissions of Defendants that are beyond proof by the Plaintiffs, but which were within the knowledge and control of the Defendants, there being no other possible conclusion than that the blowout, explosions, fire, sinking, and Spill resulted from the negligence of Defendants.  The blowout, explosions, fire, sinking, and the resulting Spill would not have occurred had the Defendants satisfied the duty of care imposed on them, and the Plaintiffs, therefore, pleads the doctrine of *res ipsa loquitur*.

920.    In addition to the foregoing acts of negligence, the Plaintiffs aver that the blowout, explosions, fire, and resulting Spill were caused by the joint, several, and solidary negligence and fault of Defendants in the following non-exclusive particulars:

a.    Failing to properly operate the *Deepwater Horizon*;

b.    Operating the Deepwater Horizon in such a manner that a fire and explosions occurred onboard, causing it to sink and resulting in the Spill;

c.    Failing to properly inspect the *Deepwater Horizon* to assure that its equipment and personnel were fit for their intended purpose;

d.   Acting in a careless and negligent manner without due regard for the safety of others;

e.   Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the *Deepwater Horizon* which, if they had been so promulgated, implemented and enforced, would have averted the blowout, explosions, fire, sinking, and Spill;

f.   Operating the *Deepwater Horizon* with untrained and unlicensed personnel;

g.   Negligently hiring, retaining and/or training personnel;

h.   Accelerating drilling operations in an effort to save money and pressuring employees to work with undue haste in the hours before the blowout, while ignoring or failing to acknowledge the warning signs of the impending disaster;

i.   Failing to take appropriate action to avoid or mitigate the accident;

j.   Negligently implementing or failing to implement policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

k.   Failing to observe dangerous and recurring problems with hydrocarbons in the well, and instituting risky cementing and drilling procedures hours before the blowout;

l.   Failing to disclose or correct the fact that the battery on the BOP was weak and one of its control pods was broken;

m.   Consciously electing not to install an acoustically activated remote-control shut-off valve;

n.   Failing to institute common industry protective measures necessary to detect the buildup of hydrocarbons in the well before and during the cementing process;

o.   Using a defective well casing that was prone to failure under heavy pressure;

p.   Failing to ascertain that the *Deepwater Horizon* and its equipment were free from defects and/or in proper working order;

q.   Failing to warn in a timely manner;

r.   Failing to timely bring the oil release under control;

s.   Failing to provide appropriate accident prevention equipment;

t.   Failing to observe and read gauges that would have indicated excessive pressures in the well;

u.   Failing to react to danger signs; and,

v.   Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of the general maritime law.

921.   The Plaintiffs are entitled to a judgment finding Defendants liable, jointly, severally, and solidarily to the Plaintiffs for damages suffered as a result of Defendants' negligence and awarding the Plaintiffs adequate compensation in amounts determined by the trier of fact.

922.   The injuries to the Plaintiffs were also caused by and/or aggravated by the fact that Defendants failed to take necessary actions to mitigate the danger associated with their operations.

923.   As a direct and proximate result of Defendants' acts and/or omissions, the Plaintiffs have incurred damages, including, but not limited to, the following:

a.   Past, present, and future economic losses resulting from oil spill;

b.   Past, present, and future loss and impairment of income, profits, and earning capacity; and,

c.   All other damages or relief to which the Plaintiffs are entitled when additional information regarding the full extent of the Plaintiffs' damages becomes available.

**B.   *Gross Negligence and Willful Misconduct***

924.   The Plaintiffs re-allege each and every allegation set forth in all preceding paragraphs as if fully restated here.

925.   Drilling Defendants owed and breached duties of ordinary and reasonable care to the Plaintiffs in connection with the maintenance of, and drilling operation on, the Deepwater Horizon, and additionally owed and breached duties to the Plaintiffs to guard against and/or

prevent the risk of the Spill.  The existence and breach of these legal duties are established under the general maritime law and state law as deemed applicable herein.

926.    Drilling Defendants breached their legal duty to the Plaintiffs and failed to exercise reasonable care and acted with reckless, willful, and wanton disregard in the negligent manufacture, maintenance, and/or operation of the *Deepwater Horizon*.

927.    Drilling Defendants or should have known that their wanton, willful, and reckless misconduct would result in a disastrous blowout and oil spill, causing damage to those affected by the Spill.

928.    Transocean acted with gross negligence, willful misconduct, and reckless disregard for human life and the safety and health of the environment and the Plaintiffs by, *inter alia*, disabling the gas alarm system aboard the *Deepwater Horizon*.

929.    BP and Transocean acted with gross negligence, willful misconduct, and reckless disregard for human life and the safety and health of the environment and the Plaintiffs by, *inter alia*, failing to use a sufficient number of "centralizers" to prevent channeling during the cement process; failing to run a bottoms up circulation of the drilling mud prior to beginning the cement job; disregarding proper drilling, casing, mudding, and cementing procedures; failing to ensure that that adequate safeguards, protocols, procedures and resources would be readily available to prevent and/or mitigate the effects an uncontrolled oil spill into the waters of the Gulf of Mexico.

930.    BP, Transocean, and Halliburton acted with gross negligence, willful misconduct, and reckless disregard for human life and the safety and health of the environment by, *inter alia*, using an inappropriate cement mixture for the well; failing to appropriately test that cement mixture prior to using it in the well; failing to run a cement bond log to evaluate the integrity of

the cement job; and failing to deploy the casing hanger lockdown sleeve prior to commencing the mud displacement process in the well.

931.    BP and Transocean acted with gross negligence, willful misconduct, and reckless disregard for human life and the safety and health of the environment by, *inter alia*, using an untested, abnormally large volume of mixed spacer solutions to avoid having to properly dispose of the two separate spacer substances as hazardous wastes.

932.    BP and Transocean acted with gross negligence, willful misconduct, and reckless disregard for human life and the safety and health of the environment and the Plaintiffs by, *inter alia*, recklessly maintaining and altering, and/or wantonly operating and/or using the BOP appurtenant to the *Deepwater Horizon*.

933.    Engineers knowledgeable about blowout responses told BP how to kill the well as early as June 2010, but BP chose to ignore the engineers' well-kill procedure because BP did not want to damage the well or its chance to make a profit on Macondo.  Because BP hoped to retap the Macondo Well and the large, valuable reservoirs beneath it, they ignored expert well-kill information that could have stopped the Spill many weeks earlier.  This reckless disregard of the experts' opinions amounts to gross negligence.

934.    The foregoing acts of gross negligence, willful misconduct, and reckless disregard for human life and the safety and health of the environment on the part of the Drilling Defendants directly and proximately caused damage to the Plaintiffs, including, but not limited to, economic losses resulting from damages to the coastal waters surrounding Plaintiffs' business, Loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, or personal property, for all of which the Plaintiffs are entitled to compensatory and punitive damages.

## II.    THE OIL POLLUTION ACT

### BP and Transocean

### (Plaintiffs at ¶¶ 17-820)

935.    The Plaintiffs re-allege each and every allegation set forth in all preceding paragraphs as if fully restated here.

936.    Under the Oil Pollution Act, 33 U.S.C. §2701, *et seq* ("OPA"), "each responsible party for a vessel or facility…from which oil is discharged…is liable for removal costs and damages", including "the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant."  33 U.S.C. §2702.

937.    The Coast Guard has named BP as the responsible party for the downhole release of oil and Transocean as the responsible party for the release of diesel on the surface.

938.    BP and Transocean are responsible parties under the OPA, and they are strictly liable pursuant to Section 2702 of the OPA for all the damages resulting from the Spill.

939.    Defendants BP and Transocean are not entitled to limit their liability under Section 2704(a) of the OPA because the Spill was proximately caused by their gross negligence, willful misconduct, or violation of applicable safety, construction or operating regulations. 33 U.S.C. § 2704(c).

940.    In its "Statement Of BP Exploration & Production Inc. Re Applicability Of Limitation Of Liability Under Oil Pollution Act of 1990" filed on October 19, 2010, BP waived the statutory limitation on liability under the OPA.

941.    As a result of the Spill and the resulting damages to the natural resources in the Gulf of Mexico, the surrounding bodies of water, and adjoining shorelines, Plaintiffs have

sustained and will continue to sustain a loss of profits and/or impairment of earning capacity, as alleged above.

942.    As a result of the oil spill and the result of the oil spill and the resulting damage to the marine environment in the Gulf of Mexico, surrounding bodies of water, and adjoining shorelines, Plaintiffs are entitled to damages pursuant to OPA, §2702(b)(2)(E), which allows for "[D]amages equal to loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant."

943.    It was foreseeable that a massive oil spill in the Gulf of Mexico would cause economic harm to Plaintiffs

944.    The Plaintiffs have satisfied the presentment requirements of 33 U.S.C. §§ 2713(a) and (b) with respect to BP.  Ninety (90) days have passed, from the presentment, without the Plaintiffs receiving any payment on its claim pursuant to 33 U.S.C. § 2713(c)(2) from BP.

945.    Plaintiffs have satisfied their presentment requirements against Transocean through their filing of Short Form Joinders.  If necessary, Plaintiffs will file additional presentments against Transocean.

946.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the OPA, 33 U.S.C. § 2717(f)(2), the Plaintiffs seek a declaratory judgment that is binding in this action and any subsequent action or actions against Defendants, jointly and severally and without limitation, that said Defendants are liable for removal costs and damages in this action and in any subsequent action or actions.

947.    The Plaintiffs further seek all damages available to it pursuant to the OPA.

### III.    STATE LAW CLAIMS FOR RELIEF

### (All Plaintiffs)

**A.    *Public Nuisance (Drilling Defendants)***

948.    Plaintiffs re-allege each and every allegation set forth in all preceding paragraphs as if fully restated here.

949.    The negligence of Drilling Defendants caused and/or contributed to the blowout and subsequent Spill that invaded and polluted the public waters of the Plaintiffs, damaging all persons who came within the sphere of its operation, resulting in a devastating economic and ecological disaster that has interfered, is interfering, and will continue to interfere with the Plaintiffs' interests and the use and enjoyment of waters, property, estuaries, seabeds, animals, plants, beaches, shorelines, coastlines, islands, marshlands, and other natural and economic resources of , which constitutes a public nuisance pursuant to Texas law.  This public nuisance has caused special damages to Plaintiffs.

950.    Drilling Defendants acted in an unreasonable manner in creating the nuisance described herein.

951.    As a direct and proximate result of the creation and continuing creation of a public nuisance, the Plaintiffs have suffered past, present, and future damages, including, but not limited to, inconvenience, loss of income, loss of enjoyment and use of natural resources.

952.    Drilling Defendants were under a duty to take positive action to prevent or abate the interference, including determining the nature and extent of the past, present, and future harm to human, animal, and plant life, and other natural resources caused by the Spill, and appropriate measures needed to abate such harm and threat of harm to the Plaintiffs, but failed to do so.

953.     As a direct and proximate result of the creation of a public nuisance by Drilling Defendants and their failure to perform their duties and obligations, the Plaintiffs have suffered and will continue to suffer losses, for which the Plaintiffs are entitled to be compensated.

954.     Drilling Defendants are liable to the Plaintiffs, jointly and severally, to take all appropriate actions to remedy and abate the harm to the environment and public health caused by the public nuisance they created, and any other relief the Court deems just and appropriate.

**B.     *Private Nuisance (Drilling Defendants)***

955.     Plaintiffs re-allege each and every allegation set forth in all preceding paragraphs as if fully restated here.

956.     The negligence of Drilling Defendants caused and/or contributed to the blowout and subsequent Spill which directly and proximately caused an invasion that has interfered with the use and enjoyment of the waters, property, estuaries, seabeds, animals, plants, beaches, shorelines, coastlines, islands, marshlands, and other natural and economic resources, and have materially diminished and continue to diminish the value thereof, constituting a private nuisance pursuant Texas law.

957.     Drilling Defendants were under a duty to take positive action to prevent or abate the interference, but failed to do so.

958.     The creation of the private nuisance by Drilling Defendants proximately caused past, present, and future damages to the Plaintiffs by allowing oil, chemical dispersants, and other materials and substances to contaminate the  environment.

959.     As a direct and proximate result of the creation of the private nuisance, the Plaintiffs have suffered past, present, and future damages, including, but not limited to,

inconvenience, loss of income, loss of beneficial use,  and enjoyment, for which the Plaintiffs are entitled to compensation.

960.    Drilling Defendants are liable to the Plaintiffs for actual and compensatory damages sustained as the direct and proximate result of the private nuisance alleged herein.

**C.**    ***Fraudulent Concealment & Negligent Misrepresentation of Material Facts (BP, Halliburton, and Transocean) in Violation of Texas Law***

961.    Plaintiffs re-allege each and every allegation set forth in all preceding paragraphs as if fully reinstated here.

962.    The Plaintiffs are entitled to recovery against Defendants BP, Halliburton and Transocean for their fraudulent concealment or suppression of material facts concerning the Spill, their safety procedures and capacity to manage an oil spill, the safety and condition of their respective materials and equipment, and the severity of the Spill and their capacity to address the Spill for months following the Deepwater Horizon explosion, under Texas law or general maritime law, and/or equity.

963.    After the Spill, Defendant BP attempted to downplay and conceal the severity of the Spill.  BP's initial leak estimate of 1,000 barrels per day was found by government investigators to be a fraction of the actual leakage amount of 50,000 barrels of oil per day.

964.    Moreover, in the aftermath of the explosions, BP did not provide complete and timely announcements and warnings about the severity, forecast and trajectory of the Spill.

965.    In addition, BP misrepresented its capabilities to respond to the Spill.  BP overstated its ability to a handle a blowout in its Exploration Plan, wherein it claimed that in the event of a blowout resulting in an oil spill, it was "unlikely to have an impact based on the industry wide standards for using proven equipment and technology for such responses."

966.    In fact, BP did not have proven equipment and technology to respond to the Spill; instead, as stated in the letter to Attorney General Eric Holder by Members of Congress on May 17, 2010, it did not "in any way appear that there was 'proven equipment and technology' to respond to the spill, which could have tragic consequences for local economies and the natural resources of the Gulf of Mexico."  As noted further in that letter, "much of the response and implementation of spill control technologies appear[ed] to be taking place on an ad hoc basis."

967.    BP admitted on May 10, 2010 that "[a]ll of the techniques being attempted or evaluated to contain the flow of oil on the seabed involve significant uncertainties because they have not been tested in these conditions before."

968.    Despite its inability to respond and to control the Spill, BP resisted requests from scientists to use sophisticated instruments at the ocean floor that would have provided a more accurate picture of the amount of oil that was gushing from the well.

969.    The severity, forecast, and trajectory of the Spill, and BP's ability to respond to the Spill, were material facts that BP had a duty to communicate because of the dire circumstances of this case and the risks attendant with the failure to disclose.

970.    In addition, Defendant Halliburton misrepresented and concealed the stability of the cement used at the Macondo well, despite having performed three tests before the blowout, all of which demonstrated that the foam cement used at Macondo was unstable.

971.    The instability of the cement used at the Macondo well and the results of the testing performed before the blowout were material facts that Halliburton had a duty to disclose because of the dire consequences of these facts and the risks attendant with the failure to disclose.

972.     Moreover, BP was aware, before the blowout, that Halliburton's testing had revealed that the concrete foam was unstable, yet it concealed this material fact.

973.     For its part, Transocean misrepresented, concealed, and suppressed the condition of the *Deepwater Horizon* and the known hazards associated with the disabling of, and/or failure to maintain, its safety features and appurtenances, including, *inter alia,* its BOP. Transocean misrepresented, suppressed, and concealed the condition of the BOP rams and failsafe valves, which had not been fully inspected for ten years before the blowout, and at least thirty six (36) components and systems on the vessel that were in "bad" or "poor" condition, and which it was aware might lead to loss of life, serious injury, or environmental damage.

974.     Transocean also misrepresented and concealed the safety record of the vessel, which was based on false data supplied by its personnel.

975.     The foregoing known hazards, poor condition, and maintenance and safety issues associated with the *Deepwater Horizon* and its appurtenances and equipment were material facts that Transocean had a duty to communicate because of the dire circumstances of this case and the risks attendant with the failure to disclose.

976.     Defendants Halliburton, BP, and Transocean failed to disclose, suppressed and/or concealed the foregoing material facts, and their failure to do so induced the Plaintiffs to act or to refrain from acting to protect Plaintiffs livelihood and economic wellbeing.

977.     As a direct and proximate result of the fraudulent concealment of the foregoing material facts by Halliburton, BP, and Transocean, the Plaintiffs have and will continue to incur damage, including, but not limited to, loss of income, loss of profits and/or impairment of earning capacity, all other damages or relief to which the Plaintiff is entitled when additional information regarding the full extent of the Plaintiff's damages becomes available.

978.     Moreover, the conscious or deliberate acts of misrepresentation, suppression, and concealment of the foregoing material facts by Halliburton, BP, and Transocean were willful, wanton, and/or in callous disregard for the safety of others and, accordingly, the Plaintiff is entitled to an award of compensatory and punitive damages.

**D.     *Negligence***

979.     Plaintiffs incorporate and re-allege each and every allegation set forth above herein by reference.

980.     The fire, explosion and resulting oil spill was caused by the concurrent negligence (including gross negligence and/or willful misconduct) of the Defendants.

981.     Defendants owed a duty to the Plaintiffs to exercise reasonable care with respect to the construction, operation, inspection, training of personnel, repair, and maintenance of the *Deepwater Horizon* and Macondo Well; with respect to the disaster's containment and prevention planning prior to the disaster; and with respect to the containment and prevention efforts following the initial oil disaster.

982.     Defendants had a heightened duty of care to the Plaintiffs because of the great danger and environmental concerns associated with deepwater drilling for oil in the Gulf.

983.     Defendants, directly or through agents, breached their legal duties to the Plaintiffs by failing to exercise reasonable care and were negligent in their construction, operation, inspection, training of personnel, repair, and maintenance of the *Deepwater Horizon* and the Macondo Well, and in planning and implementing oil containment and prevention activities before and after the oil disaster.

984.    Upon information and belief, the Plaintiffs aver that the fire, explosion, resulting oil disaster, and damages were caused by the Defendants' negligence in the following non-exclusive particulars:

a.    Failing to properly operate the *Deepwater Horizon,* the apparatuses associated therewith, and Macondo Well;

b.    Failing to install a remote control acoustic switch to prevent the discharge of crude oil into the Gulf of Mexico;

c.    Failing to properly inspect the *Deepwater Horizon* and Macondo Well to assure that its equipment and personnel were fit for their intended purposes;

d.    Acting in a careless and negligent manner without due regard for the safety of others;

e.    Failing to promulgate, implement, follow, and enforce procedures, rules, and regulations pertaining to the safe operations of the *Deepwater Horizon* and Macondo Well which, if they had been so promulgated, implemented, followed, and enforced, would have averted the fire, explosion, sinking and oil disaster;

f.    Operating the *Deepwater Horizon* and Macondo Well with untrained and/or unlicensed personnel;

g.    Inadequately and negligently training and/or hiring personnel;

h.    Failing to take appropriate action to avoid and/or mitigate the accident;

i.    Negligently implementing policies and/or procedures to safely conduct offshore operations in the Gulf of Mexico;

j.    Failing to ascertain that the *Deepwater Horizon* and Macondo Well and associated equipment were free from defects and/or in proper working order;

k.    Failing to take reasonable precautions to prevent and timely warn of the failure of the Macondo Well or drilling rig;

1.    Failing to timely bring the oil release under control;

m.    Failing to provide appropriate accident prevention equipment;

n.    Failing to undertake required tests and measurements of the Macondo Well and to observe or respond to measuring devices that indicated excessive pressures in the Macondo Well;

o.   Failing to react to danger signs of catastrophic Macondo Well or drilling rig failure;

p.   Using defective BOPs that were improperly installed, maintained, and/or operated;

q.   Conducting well and well cap cementing operations improperly;

r.   Failing to assure that, once well control initially was lost, well control was regained by proper and adequate well control response;

s.   Failing to assure that, once well control initially was lost, well control was regained by proper and adequate surface containment and overboard discharge and diversion of hydrocarbons;

t.   Failing to prepare an adequate oil disaster response plan;

u.   Failing to marshal sufficient resources to adequately respond to the oil disaster and protect the waters, property, estuaries, seabed, animals, plants, beaches, shorelines, coastlines, islands, marshlands, and other natural and economic resources of the Plaintiffs;

v.   Failing to use BOPs appropriate for this drilling operation, and failure to test the BOPs that were used;

w.   Failing to follow plans and specifications applicable to the design and construction of the Macondo Well and its components;

x.   Failing to use safety devices adequate to arrest the flow of oil in the event of catastrophic failure of the Macondo Well or drilling rig;

y.   Failing to properly design the *Deepwater Horizon* and Macondo Well;

z.   Concealing or misrepresenting the nature, size and extent of the oil disaster;

aa.   Using dangerous chemical dispersants of an incorrect nature, type, and amount;

bb.   Acting in a manner that justifies imposition of punitive damages;

cc.   The knowing use of dangerous dispersants; and,

dd.   Such other acts of negligence, gross negligence, and omissions as will be shown at the trial of this matter.

985.   The Defendants were also negligent in their attempts and omissions in trying to plug the Macondo Well, contain the oil, and clean-up the oil disaster on Plaintiffs' waters and shores.

986.   In addition, and in the alternative, the fire, explosion, and sinking of the Deepwater Horizon and resulting oil spill were caused or aggravated by defective equipment, including the BOP, which were in the care, custody, and control of Defendants, and over which the Defendants had garde.  Defendants knew or should have known of these defects and Defendants are, therefore, liable for them.

987.   Defendants knew or should have known that their negligent conduct would result in the oil disaster, causing past, present, and future damages to the waters, property, estuaries, seabed, animals, plants, beaches, shorelines, coastlines, islands, marshlands, and other natural and economic resources of the Plaintiffs.

988.   The past, present, and future injuries to the Plaintiffs were also caused by or aggravated by the fact that Defendants failed to take necessary actions to mitigate the danger associated with their operations.

989.   In addition, the circumstances surrounding the fire, explosion, and sinking of the *Deepwater Horizon*, and the resulting Spill are such that, according to common knowledge and the experience of mankind, the accident could not have occurred had the Defendants exercised the high degree of care imposed on them.  Moreover, the Defendants had full management and control of the instrumentalities that caused the oil spill.  The Plaintiffs, therefore, plead the doctrine of *res ipsa loquitur*.

990.   As a direct and proximate result of the combining and concurring negligence of all Defendants, the Plaintiffs have and will continue to be damaged, including but not limited to, loss of income, loss of profits and/or earning capacity, and all other damages or relief to which the Plaintiffs are entitled when additional information regarding the full extent of the Plaintiffs' damages becomes available.

991.    The Plaintiffs demand judgment against all Defendants, jointly and severally, for compensatory damages in an amount to be determined by a jury.

**E.    *Wantonness***

992.    Plaintiffs incorporate and re-allege each and every allegation set forth above herein by reference.

993.    Defendants, directly or through agents, breached their legal duties to the Plaintiffs by failing to exercise reasonable care and acted with reckless, willful, and wanton disregard for the Plaintiffs in the construction, operation, inspection, training of personnel, repair, and maintenance of the *Deepwater Horizon* and the Macondo Well, and in planning and implementing oil containment and prevention activities before and after the oil disaster.

994.    Upon information and belief, the Plaintiffs aver that the fire explosion and sinking of the *Deepwater Horizon*, resulting Spill, and damages were caused by the Defendants' reckless, willful, and wanton conduct as more fully set forth above.

995.    Defendants knew or should have known that their willful, wanton, and/or reckless conduct would result in the oil disaster, causing past, present, and future damages to the waters, estuaries, seabed, animals, plants, beaches, shorelines, coastlines, islands, marshlands, and other natural and economic resources.

996.    As a direct and proximate result of the combining and concurring wantonness of all Defendants, the Plaintiffs have and will continue to be damaged, including but not limited to, loss of income, loss of profits and/or earning capacity, and all other damages or relief to which the Plaintiff is entitled when additional information regarding the full extent of the Plaintiffs' damages becomes available..

997.    The Defendants consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiffs.

998.    The Plaintiffs demand judgment against all Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury.

### IV.    PUNITIVE DAMAGES

999.    Plaintiffs incorporate and re-allege each and every allegation set forth above herein by reference.

1000.   Defendants BP, Transocean, and Halliburton engaged in conduct so reckless, willful, wanton, and in such utter and flagrant disregard for the safety and health of the public and the environment in their activities leading up to and/or during the blowout, explosions, fire, and Spill, as alleged herein, that an award of punitive damages against them at the highest possible level is warranted and necessary to impose effective and optimal punishment and deterrence.  The Plaintiffs, society as a whole, and the environment cannot afford and should never be exposed to the risks of another disaster of the magnitude caused by Defendants' misconduct herein.

1001.   BP and Transocean focused primarily on profit while disregarding public and environmental health and safety while undertaking their ultra-hazardous activities on the *Deepwater Horizon* by performing a critical well pressure test with untrained and unqualified personnel and by callously ignoring and/or misinterpreting abnormal "red flag" pressure test results.

1002.   BP's corporate culture caused and allowed it to disregard the lessons it should have learned and applied from previous incidents at its facilities that resulted in extensive

damage and loss of life; instead, it continued to place others at risk in the interests of cost-cutting, time-saving, and financial gain.

1003.  Transocean callously and with reckless disregard for human life disabled the flammable gas alarm system aboard the *Deepwater Horizon* and prevented said system from operating properly and preventing or containing the explosions, fire, and loss of life.

1004.  BP and Transocean focused primarily on profit while disregarding public and environmental health and safety while undertaking their ultra-hazardous activities on the *Deepwater Horizon* by using a long string well design with too few barriers to gas flow.

1005.  BP and Transocean focused primarily on profit while disregarding public and environmental health and safety while undertaking their ultra-hazardous activities on the *Deepwater Horizon* by failing to use a sufficient number of "centralizers" to prevent channeling during the cement process.

1006.  BP, Transocean, and Halliburton focused primarily on profit while disregarding public and environmental health and safety while undertaking their ultra-hazardous activities on the *Deepwater Horizon* by failing to run a bottoms up circulation of the drilling mud prior to beginning the cement job.

1007.  BP, Transocean, and Halliburton focused primarily on profit while disregarding public and environmental health and safety while undertaking their highly dangerous activities on the *Deepwater Horizon* by using an inappropriate cement mixture for the type of rock formation surrounding the well, and by failing to appropriately test that cement mixture prior to using it in the well.

1008.  BP, Transocean, and Halliburton focused primarily on profit while disregarding public and environmental health and safety while undertaking their highly dangerous activities

on the *Deepwater Horizon* by failing to run a cement bond log test to evaluate the integrity of the cement job.

1009. BP, Transocean, and Halliburton focused primarily on profit while disregarding public and environmental health and safety while undertaking their highly dangerous activities on the *Deepwater Horizon* by failing to deploy the casing hanger lockdown sleeve prior to commencing the mud displacement process in the well.

1010. BP and Transocean focused primarily on profit while disregarding public and environmental health and safety while undertaking their highly dangerous activities on the *Deepwater Horizon* by using an untested, abnormally large volume of mixed spacer solutions to avoid having to properly dispose of the two separate spacer substances as hazardous wastes.

1011. BP, Transocean, and Halliburton focused primarily on profit while disregarding public and environmental health and safety while undertaking their highly dangerous activities on the *Deepwater Horizon* by ignoring and/or misinterpreting abnormal, "red flag" pressure test results.

1012. BP and Transocean recklessly, willfully and/or wantonly caused or contributed to the catastrophic Spill by their grossly inadequate maintenance, and reckless and improper operation and use of the BOP appurtenant to the *Deepwater Horizon*.

1013. BP and Transocean recklessly, willfully and/or wantonly failed to ensure that oil would expeditiously and adequately be contained within the immediate vicinity of the *Deepwater Horizon* in the event of a blowout.

1014. BP and Transocean recklessly, willfully and/or wantonly caused or contributed to the catastrophic Spill through their collective and respective disregard for proper drilling, casing, mudding, and cementing procedures.

1015. BP and Transocean willfully and/or wantonly failed to ensure that adequate safeguards, protocols, procedures and resources would be readily available to prevent and/or mitigate the effects an uncontrolled oil spill into the waters of the Gulf of Mexico.

1016. BP recklessly, willfully and/or wantonly failed to utilize reasonably safe dispersant chemicals in its haphazard attempts to respond to the Spill, and thereby exacerbated and worsened the pollution of the Gulf of Mexico, and thus the economic wellbeing of the Plaintiffs.

1017. In addition, after the blowout and before the well was finally sealed, BP was aware of procedures that would immediately block the flow of oil into the Gulf, yet it delayed the implementation of any such procedures, and limited its efforts to plug the well to options that would salvage the well for future use, instead of selecting procedures that would stop the flow of oil as soon as possible regardless of the well's continued functionality.  As such, BP increased the magnitude of, and damage caused by, the Spill by willfully and/or wantonly and recklessly choosing its profits over the lives of the workers on the vessel, the safety of the environment, and the health, welfare, and value of the people, businesses, and wellbeing of the Plaintiffs.

1018. The conduct of BP, Transocean, and Halliburton was oppressive, wanton, malicious, reckless, or grossly negligent because they:

   a.    failed to maintain and/or operate the *Deepwater Horizon* properly;

   b.    operated the *Deepwater Horizon* in such a manner that the safety and integrity of the vessel and the well were disregarded to save time and money;

   c.    ignored warnings that the integrity of the well, the cementing job, and the vessel were in jeopardy;

   d.    failed to promulgate, implement, and enforce proper rules and regulations to ensure the safe operations of the *Deepwater Horizon*;

   e.    violated MMS regulations for the safe design and operation of oil wells and drilling rigs in the Gulf of Mexico;

f.      failed to take appropriate action to avoid or mitigate the accident;

g.      failed to implement policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

h.      failed to ensure that the *Deepwater Horizon* and its equipment were free from defects, properly maintained and/or in proper working order;

i.      failed to provide appropriate disaster prevention equipment; and,

j.      failed to have an appropriate emergency spill response plan or readily available spill response equipment.

1019. The conduct of BP, Transocean, and Halliburton, as described more fully hereinabove, is at the highest level of reprehensibility, warranting and necessitating the imposition of punitive damages at the highest level, because their conduct was motivated by financial gain; because it injured and endangered human and environmental health and safety; because it caused devastating damage and loss to the livelihoods, businesses, and economic wellbeing of the plaintiff; because it was not isolated or accidental, but part of a culture and ongoing pattern of conduct that consistently and repeatedly ignored risks to others in favor of their financial gain; and because it has accordingly caused societal harm, moral outrage and condemnation, and the need to punish them and deter further repetition by them or others.

1020. The Defendants consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiffs and its citizens.

1021. Accordingly, the Plaintiffs are entitled to an award of punitive damages in an amount to be determined at trial.

### The BP Exploration and Transocean Deepwater Plea Agreements

1022. Defendant, BP Exploration, has entered into a Guilty Plea Agreement with the U.S. Department of Justice in connection with the Oil Spill. In an exhibit to this Plea Agreement, BP Exploration admitted that if its case were to proceed to trial, the federal

government could prove, beyond a reasonable doubt, that BP Exploration's negligence proximately caused the deaths of eleven men on board the *Deepwater Horizon* on April 20, 2010, and also proximately caused the discharge of large and harmful quantities of oil into the Gulf of Mexico, as well as a number of related facts overlapping with those alleged in and/or relevant to the allegations of this Complaint. *See* Exhibit A to Guilty Plea Agreement, Record Document 2-1 in Case Number 2:12-cr-00292 (E.D.La. Nov. 15, 2012). The Court has accepted this Guilty Plea Agreement. *See* Reasons for Accepting Plea Agreement, Record Document 65 in Case No. 2:12-cr-00292 (E.D.La. Jan. 30, 2013).

1023. Defendant, Transocean Deepwater has entered into a Plea Agreement with the U.S. Department of Justice in connection with the Oil Spill. In an exhibit to this Plea Agreement, Transocean Deepwater admitted that if its case were to proceed to trial, the federal government could prove that Transocean Deepwater, together with others, negligently discharged, or caused to be discharged, oil into the Gulf of Mexico, as well as a number of related facts overlapping with those alleged in and/or relevant to the allegations of this Complaint. *See* Exhibit A to Cooperation Guilty Plea Agreement, Record Document 3-2 in Case Number 2:13-cr-00001 (E.D.La. Jan. 3, 2013). The Court has entered a judgment based on this Plea Agreement. *See* Judgment, Record Document 31 in Case No. 2:13-cr-00001 (E.D.La. Feb. 14, 2013).

## RESERVATION OF RIGHTS

### *Right to a Trial by Jury*

1024. The Plaintiffs demand a jury trial for any and all claims pleaded herein in which a jury trial is available by law.

1025.   The Plaintiffs recognize that, as part of its duty to efficiently manage the thousands of claims arising from the *Deepwater Horizon* explosion and resulting Spill, the MDL Court has set a trial to decide common issues of limitation and liability.

1026.   Neither the Plaintiffs' pleading of general maritime claims, nor its participation in any bench trial(s) on limitation and liability issues common to the MDL amounts to a waiver of the Plaintiff's right to a jury trial.  The Plaintiffs cannot be forced into a Hobson's Choice.  Once the MDL Court determines the common factual and legal issues regarding limitation and liability, the Plaintiffs reserve their right to seek a remand of all remaining issues and claims that uniquely apply to the Plaintiff including, but not limited to, the quantification of the Plaintiffs' damages - to the Eastern District of Texas, for a trial by jury.

### *Right to File Amendments*

1027.   The full extent of the Plaintiffs' damages are yet unknown. The Plaintiffs reserves the right to amend this complaint and/or file additional complaints to supplement the Plaintiffs' present claims or assert additional claims against the Defendants named herein and/or against any additional parties.  The Plaintiffs also reserve the right to make or alter an election to proceed in admiralty under Rule 9(h).  *See* FRCP 15(a)(2).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendants, jointly, severally, and solidarily, as follows:

1.      declaratory and injunctive relief;

2.      economic and compensatory damages in amounts to be determined at trial;

3.      punitive damages;

4.      pre-judgment and post-judgment interest at the maximum rate allowable by law;

5.      attorneys' fees and costs of litigation; and,

6.      such other and further relief available under all applicable state and federal laws
        and any relief the Court deems just and appropriate.

Date: August 26, 2013

/s/ Audrie Lawton

FARRELL & PATEL, ATTORNEYS AT LAW

Wesley J. Farrell, Esq.
Fl. Bar No. 71783
WesFarrell@floridaattorney.com

Terry A. C. Gray, Esq.
Fl. Bar No. 100732
terrygray@floridaattorney.com

113 Almeria Ave.
Coral Gables, Fl.
Tel: 424-OIL-SPILL
Fax:  800-946-6711

Audrie Lawton, Esq.
Texas Bar No. 24036953
alawton@farrellpatel.com

Arena Tower Two
7324 Southwest Freeway, Suite 601
Houston, TX 77074
Office:  832-408-6270
Fax:800-946-6711

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 26, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Sarah E.  Spigener, Esq.