# EXHIBIT A

| | |
|---|---|
| **From:** | Gasaway, Robert R. |
| **To:** | O"Rourke, Steve (ENRD); "tony.fitch@bingham.com"; Fields, Barry E.; Karis, Hariklia; Eisert, Joseph A. |
| **Cc:** | Cernich, Scott (ENRD); Himmelhoch, Sarah (ENRD) |
| **Subject:** | RE: Phase Two Motion, pre-filing consultation. |
| **Date:** | Wednesday, July 17, 2013 3:53:50 PM |

Dear Steve,

In answer to your two emailed questions from last night, please see the red text below.

Also, after consulting with our client we would propose on today's Court call that each side of the Quantification case be limited to **8** experts at trial and **15** deposition submissions.

Best regards,
/ROB

---

**From:** O'Rourke, Steve (ENRD) [mailto:Steve.O'Rourke@usdoj.gov]
**Sent:** Tuesday, July 16, 2013 6:00 PM
**To:** Gasaway, Robert R.; 'tony.fitch@bingham.com'; Fields, Barry E.; Karis, Hariklia; Eisert, Joseph A.
**Cc:** Cernich, Scott (ENRD); *Sarah.Himmelhoch@usdoj.gov
**Subject:** RE: Phase Two Motion, pre-filing consultation.

I apologize but I neglected to discuss one more issue. When we discussed who is an "expert" for purposes of whether a limit on the number of experts would apply, I should have asked two more questions:

1. Do you agree that if an expert does not come, the report is not admissible as a substitute? E.g., if we drop Expert X, then we cannot simply move in Expert X's report in lieu of testimony? (Exception, based on Phase 1, might be if he died).

    We agree.

2. Do you agree that Vaziri and Richardson must come to trial and testify subject to objections and cross examination in order for their reports (attachments to Nesic's report) to come into evidence?

    We tend to disagree. As just discussed with the Court, what we'd propose is something along these lines: Where Expert A testifies and Expert A's report relies on non-testifying Expert B's report, Expert B need not come to trial so long as the offering side limits non-testifying Expert B's report solely to what Expert A says in his report he is relying on, and the offering side commits to spending one deposition-submission pick on putting Expert B's deposition (in its entirety) into the trial record.

Thank you for considering these questions. We are still thinking about the number of experts and will contact you, although it may not be until tomorrow.

Steve

---

**From:** Himmelhoch, Sarah (ENRD)
**Sent:** Monday, July 15, 2013 6:44 PM
**To:** Gasaway, Robert R.; O'Rourke, Steve (ENRD); 'tony.fitch@bingham.com'; Fields, Barry E.
**Cc:** Gladstein, Richard (ENRD); Benson, Thomas (ENRD); Cernich, Scott (ENRD); *mbrock@cov.com; Karis, Hariklia
**Subject:** RE: Phase Two Motion, pre-filing consultation.

Great, let's use 866-410-9426 passcode 2025140180

---

**From:** Gasaway, Robert R. [mailto:rgasaway@kirkland.com]
**Sent:** Monday, July 15, 2013 5:44 PM
**To:** Himmelhoch, Sarah (ENRD); O'Rourke, Steve (ENRD); 'tony.fitch@bingham.com'; Fields, Barry E.
**Cc:** Gladstein, Richard (ENRD); Benson, Thomas (ENRD); Cernich, Scott (ENRD); *mbrock@cov.com; Karis, Hariklia
**Subject:** Re: Phase Two Motion, pre-filing consultation.

Yes

---

**From**: Himmelhoch, Sarah (ENRD) [mailto:Sarah.Himmelhoch@usdoj.gov]
**Sent**: Monday, July 15, 2013 06:17 PM
**To**: Gasaway, Robert R.; O'Rourke, Steve (ENRD) <Steve.O'Rourke@usdoj.gov>; 'Tony.Fitch@bingham.com' <Tony.Fitch@bingham.com>; Fields, Barry E.
**Cc**: Gladstein, Richard (ENRD) <Richard.Gladstein@usdoj.gov>; Benson, Thomas (ENRD) <Thomas.Benson@usdoj.gov>; Cernich, Scott (ENRD) <Scott.Cernich@usdoj.gov>; *mbrock@cov.com; Karis, Hariklia
**Subject**: RE: Phase Two Motion, pre-filing consultation.

Now that the Zaldivar deposition has concluded, can we agree on 4 Eastern?

---

**From:** Gasaway, Robert R. [mailto:rgasaway@kirkland.com]
**Sent:** Monday, July 15, 2013 4:13 PM
**To:** O'Rourke, Steve (ENRD); Himmelhoch, Sarah (ENRD); 'Tony.Fitch@bingham.com'; Fields, Barry E.
**Cc:** Gladstein, Richard (ENRD); Benson, Thomas (ENRD); Cernich, Scott (ENRD); *mbrock@cov.com; Karis, Hariklia
**Subject:** RE: Phase Two Motion, pre-filing consultation.

We did not, Steve, and one reason is Barry Fields is in Dr. Zaldiver's deposition, and we were hoping he could join our discussion after it's over.  Could we keep the start a little open-ended based on when the deposition concludes?

---

**From:** O'Rourke, Steve (ENRD) [mailto:Steve.O'Rourke@usdoj.gov]
**Sent:** Monday, July 15, 2013 4:58 PM
**To:** *Sarah.Himmelhoch@usdoj.gov; Gasaway, Robert R.; 'Tony.Fitch@bingham.com'
**Cc:** Gladstein, Richard (ENRD); Benson, Thomas (ENRD); Cernich, Scott (ENRD)
**Subject:** RE: Phase Two Motion, pre-filing consultation.

Tony & Rob:  Did we ever pick a time to talk on Tuesday?  How about 4 Eastern?

---

**From:** Himmelhoch, Sarah (ENRD)
**Sent:** Friday, July 12, 2013 6:36 PM
**To:** Gasaway, Robert R.; O'Rourke, Steve (ENRD); 'Tony.Fitch@bingham.com'
**Cc:** Gladstein, Richard (ENRD); Benson, Thomas (ENRD); Cernich, Scott (ENRD)
**Subject:** RE: Phase Two Motion, pre-filing consultation.

Dear Rob and Tony –

Now that Sundaresan has been canceled, we have a flexible schedule and could talk anytime on Tuesday regarding the Phase 3 issues.

The motion discussed below is a dispositive motion and, therefore, given the deadline of Monday for filing those motions, we will be filing.  We'd be happy to continue discussing the issue after filing, but can't let the deadline pass unattended.

Sarah Himmelhoch

---

**From:** Gasaway, Robert R. [mailto:rgasaway@kirkland.com]
**Sent:** Friday, July 12, 2013 1:54 PM
**To:** O'Rourke, Steve (ENRD); 'Tony.Fitch@bingham.com'
**Cc:** Gladstein, Richard (ENRD); Benson, Thomas (ENRD); Cernich, Scott (ENRD); Himmelhoch, Sarah (ENRD)
**Subject:** RE: Phase Two Motion, pre-filing consultation.

Dear Steve and Tony,

We propose rolling a discussion of this proposal into the meet-and-confer discussion that the Court asked us to complete early next week (that is, before the telephone conference with the Court that the Court just scheduled for Wednesday afternoon).

We talked to Sarah after Court today about schedules.  Sarah suggested perhaps a call during an evening might work best.

How about Tuesday evening?

Needless to say, we assume the motion Steve describes below would not be filed on Monday.  But please let us know if we are mistaken in this assumption.

Best regards,
/Rob Gasaway

**From:** O'Rourke, Steve (ENRD) [mailto:Steve.O'Rourke@usdoj.gov]
**Sent:** Tuesday, July 09, 2013 10:17 AM
**To:** Gasaway, Robert R.; 'Tony.Fitch@bingham.com'
**Cc:** Gladstein, Richard (ENRD); Benson, Thomas (ENRD); Cernich, Scott (ENRD)
**Subject:** DWH: Phase Two Motion, pre-filing consultation.

Rob & Tony:

We intend to file a motion seeking a pre-trial judgment or finding of fact as to the following two facts:

1. At least 42,070 barrels were released from the well on July 15, 2010.
2. At least 2.4 million barrels were released from the well between April 20 and July 15, 2010.

These numbers are the low end of the ranges of your experts' with the lowest estimates (Lo's low-end of range for the one-day amount, and Gringarten's low-end of the range for the entire period). Those expert reports would be the evidence supporting our motion. We think that this motion may be necessary because under PTO 54 (as applied to Phase Two), if BP and APC decline to bring Gringarten or Lo, then these low-end minimums will disappear.

Are you willing to stipulate that these are the minimum numbers for purposes of trial? If so, perhaps we can obviate a motion. The stipulation could read:

"BP, APC, and the US hereby stipulate as follows. At least 42,070 barrels of oil were released from the Macondo well on July 15, 2010. At least 2.4 million barrels of oil were released from the Macondo well between April 20 and July 15, 2010. This stipulation does not limit the right of the United States to seek to prove higher numbers at trial. For the total release number, 810,000 barrels shall be deducted as the Collected Oil."

Please consider whether this is acceptable. We intend to file prior to the motion deadline if we do not hear back from you.
Thank you,
Steve


Steven O'Rourke
Environmental Enforcement Section
U.S. Department of Justice
Mail: P.O. Box 7611 Washington, D.C. 20044-7611
Overnight: ENRD Mail Room, 601 D Street, N.W. Washington D.C. 20004
Telephone: (202) 514-2779
Facsimile: (202) 514-2583
E-mail:  steve.o'rourke@usdoj.gov

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to

another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*