IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * | MDL NO. 2179<br><br>SECTION: J<br><br>Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

**CHRISTINE REITANO'S INITIAL OBJECTION TO FREEH REPORT WITH INCORPORATED MEMORANDUM AND REQUEST FOR (1) PRODUCTION OF DOCUMENTS; (2) EXTENSION OF TIME TO FILE FINAL OBJECTIONS; (3) EVIDENDIARY HEARING ON ALL ISSUES; AND (4) A STATUS CONFERENCE WITH ALL "SHOW CAUSE" PARTIES**

NOW INTO COURT, through undersigned counsel, and reserving each and every right to object to the jurisdiction of this court and to object to the complete lack of substantive and procedural due process as it relates to Christine Reitano, comes Christine Reitano who responds as follows to the Order entered by this court on September 6, 2013 (Document No. 11288).

1.

Christine Reitano is a resident of full age and majority of the Parish of Orleans. She is not a party to these proceedings. Undersigned counsel is not enrolled in the case for her or any other party to the proceedings. Ms. Reitano is neither a claimant nor the attorney for any claimant in the captioned case.

2.

Undersigned counsel for Christine Reitano obtained a copy of the "Freeh Report," (Document No. 11287) from a reporter at the Wall Street Journal. Undersigned counsel received a copy of the Order of this court (Document No. 11288) by accessing the electronic filing system in the Eastern

District. Neither the report nor the court order have been properly served on Christine Reitano and, in fact, it does not appear that there has been any effort of procedural due process to serve Ms. Reitano with the report and the order except by the Wall Street Journal. The Order states that Ms. Reitano has "fourteen days" to file a response to the Report. Fourteen days from the Order is Friday, September 20, 2013.

3.

In spite of the lack of jurisdiction of this court and the complete lack of procedural due process in notifying Ms. Reitano of the court order, not to mention the total lack of substantive due process in the trial, conviction and sentence recommendation for Ms. Reitano reached by Special Master Freeh (SM Freeh),[1] the court order specifically provides that Ms. Reitano is to "show cause" why this court should not adopt two findings made by SM Freeh, specifically, (a) a finding to disallow the Andry Law Firm's claim in the case; and (b) a finding disqualifying Ms. Reitano and others from representing claimants in the case–the recommended sentence and deprivation of property rights. First, Ms. Reitano has no interest in, no stake in, and no standing to even discuss or comment upon the Andry Law Firm's claim. Second, prior to Ms. Reitano's employment with the Claims Administrator's Office (CAO) on April 1, 2012, she terminated, in writing, her representation of the claimants she previously represented and she has not represented any claimant in these proceedings since her employment in the CAO on April 1, 2012 and she has not collected

---

[1] The Guide to Judiciary Policy, Vol. 2, Part B entitled Published Advisory Opinions includes Published Opinion No. 72 entitled Use of the title "Judge" by Former Judges. This Published Opinion is applicable in this matter. In spite of this Opinion, BP has persisted, in its public relations blitz, in referring to SM Freeh as "Judge Freeh" in an obvious effort to imply that the findings of SM Freeh should be given the status of findings by this court. According to the Opinion, SM Freeh should have already taken steps to advise BP of this issue.

any fees from any former clients who may have been claimants before or after that date. Furthermore, she has no expectation to receive any such "referral" fees or any other fees from the payment of any current claims in the case. However, the sentence suggested for Ms. Reitano as a result of the Freeh Report is that she be prohibited from representing any claimants in the future, a clear deprivation of property rights.[2] This sentence recommendation was made without any semblance of due process and without any opportunity for Ms. Reitano to contest or challenge the findings of SM Freeh, which are based solely on the evidence selected by him and interpreted by him.

4.

The order of the court continues that, pursuant to Rule 53(f), "these parties"[3] may file a response or an objection or a motion with supporting memoranda no later than 14 days from September 6, 2013. SM Freeh notes in Footnote 11 on page 13 of the "Independent Investigation" that SM Freeh has collected all of the numerous documents referenced in the report (in no less than 559 footnotes) and that he will provide them to certain law enforcement agencies but he will not permit access to the underlying documents, interviews and other evidence at this time to anyone else, "unless otherwise ordered by the court." There is no due process standard in the United States of America which provides that this court can accept, adopt, incorporate, or approve of SM Freeh's report until the persons singled out in the report for punishment or discrimination have had an opportunity to effectively respond and be heard and have a meaningful opportunity to challenge the

---

[2] And this is not to mention the international defamation she has endured, the loss of her job, the unwarranted ruination of her reputation and the breach of her employment contract.

[3] This is obviously not a reference to the legal notion of "parties," since Ms. Reitano is not a "party" to the case.

selective evidence which was relied on by SM Freeh in deriving his over-and far-reaching conclusions, verdict and sentencing recommendations. Therefore, it is an impossible task to respond to the report in any meaningful way unless and until this court orders SM Freeh to produce to the "show cause parties" all of the documents, notes, interviews, transcripts, information, etc. in his possession which he collected and/or used to reach the myriad of conclusions and opinions in the report.

5.

The court system in the United States of America is obviously an adversarial system. Ms. Reitano has been ordered to show cause before this court and Ms. Reitano respectfully requests that this court enter an order advising her who her adversary is in these proceedings. Is it the Court? Is it SM Freeh? Is it British Petroleum? Is it Mr. Juneau? Is it the Claims Administration Office? Is it the Plaintiffs' Steering Committee? Is it all of these parties?

The worst alleged misconduct described for Ms. Reitano in all of the 89 pages of the Report seems to be that (1) she suggested to Garden City Group that they consider hiring her husband for a job and they did not hire him;[4] or, (2) perhaps it is the allegation that she is so clever she did NOT sign a referral fee agreement in the Thonn case in order to obtain a referral fee![5] Ms. Reitano was terminated from her position at the Claims Administration Office apparently because of this alleged misconduct which is in stark contrast to the treatment of other high level executives of the Claims

---

[4] See page 67-69 of the Report.

[5] There is not a scintilla of evidence referenced in the Freeh Report that Ms. Reitano even received the alleged letter of May 8, 2012 that allegedly contained the referral fee agreement she was supposed to sign and which was never signed.

Office who remain employed in spite of the significant conflicts recognized by SM Freeh in his report.

WHEREFORE, Christine Reitano prays that this Initial Objection be received[6] and, reserving all rights to object to the jurisdiction of this court and the lack of procedural and substantive due process, that the Court order:

(1) the production of all of the evidence gathered by SM Freeh;

(2) an extension of time for Christine Reitano to file her final objections and response until 30 days after the production of the evidence by SM Freeh;

(3) an evidentiary hearing be held no less than 30 days after all final objections and responses are filed by the "show cause" parties; and

(4) a status conference with the court and all "show cause" parties in order that this matter may proceed in an orderly fashion.

Respectfully Submitted:

/s/ Mary Olive Pierson
Mary Olive Pierson, La. Bar No. 11004
8702 Jefferson Highway, Suite B (70809)
Post Office Box 14647
Baton Rouge, LA 70898
(225) 927-6765 - Telephone
(225) 927-6775 - Facsimile
mop@mopslaw.com - Email

*Counsel for Christine Reitano*

---

[6] Undersigned counsel was required to get special instructions on how to file this Initial Objection because counsel is not an attorney of record and is not a "Registered Oil spill MDL Litigation Firm" as required by Pretrial Order No. 12 which was also provided to counsel by a friend (not the New York Times) who was aware of the order.

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Christine Reitano's Initial Objection and Request for (1) Production of Documents; (2) Extension of Time to File Final Objections; (3) Evidentiary Hearing on All Issues; and (4) Status Conference was filed electronically via the CM/ECF system on this 18th day of September, 2013. Notice of this filing will be sent (hopefully) to all known counsel of record via the CM/ECF system.

            /s/ Mary Olive Pierson
            Mary Olive Pierson