**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *  * | MDL NO. 2179  SECTION: "J" |
| This document relates to No. 12-970 Bon Secour Fisheries, Inc. et al. v. BP Exploration & Production Inc. et al. | *  * | Honorable Carl J. Barbier  Magistrate Judge Shushan |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRODUCTION OF
DOCUMENTS AND TO EXTEND TIME
TO RESPOND TO ORDER TO SHOW CAUSE**

**NOW INTO COURT**, through undersigned counsel, comes Lionel H. Sutton, III who files this *Memorandum in Support of his Motion for Production of Documents and to Extend Time to Respond to the Court's Order to Show Cause*.

Due process and fundamental fairness require that Lionel H. Sutton, III be allowed to examine and refute the Special Master's alleged factual support for his suggestion that Lionel H. Sutton, III acted in any way that was in violation of the terms and conditions of his part-time employment contract with The Claims Administrator of the Court Supervised Claims Program in the above referenced case or that he was in violation of the *Deepwater Horizon Economic Loss and Property Damages Settlement Agreement (Settlement Agreement)*.  Specifically, considering section 4.3.7, wherein Mr. Sutton was mandated to use his best efforts to provide economic class members with assistance, information, opportunities and notice so that an economic class member has the best opportunity to be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the agreement. Accordingly, Lionel H. Sutton III requests that the Court grant him access to the evidence

referred to in Special Master Freeh's Report, and that the Court allow Lionel H. Sutton, III to have 21 days from the date of production to make any objections.

## BACKGROUND

Lionel H. Sutton was employed on a part-time basis by Patrick Juneau in his capacity as Claims Administrator of the Court Supervised Claims Program in the above captioned manner. Mr. Sutton was hired as a part-time independent contractor by Mr. Juneau to "assist in carrying out the responsibilities of the Claims Administrator of the Court Supervised Program".

On July 2, 2013, the Court appointed Louis J. Freeh as Special Master pursuant to Federal Rule of Civil Procedure 53. *See* Rec. Doc. 10564. The Order appointing Mr. Freeh limited his mandate to: (a) performing an independent external investigation into the resignation of Lionel Sutton from the CSSP; (b) fact finding as to any other misconduct within the CSSP; and (c) examining and evaluating the internal compliance program and anti-corruption controls within the CSSP, and making any necessary recommendation to design and to implement additional such controls, policies, procedures, and practices to ensure the integrity of the CSSP. *Id.*

After a sixty-six day investigation, Special Master Freeh issued his *Report of Special Master Louis J. Freeh* ("*Freeh Report*") on September 6, 2013. *See* Rec. Doc. 11287. The *Freeh Report* is ninety-six pages long and contains five hundred and fifty-nine footnotes. According to the Special Master, during the course of his investigation, his office conducted over 80 interviews (many of which were transcribed), performed computer forensics, reviewed extensive emails and phone records, searched laptops and mobile device hardware, issued subpoenas, and examined numerous other documents. This evidence is referenced selectively throughout the *Freeh Report*, but is not a part of the record, and has not been provided to Lionel

2

H. Sutton, III.  Indeed, at footnote 11, the Special Master states that he will not provide the documents underlying his report, absent Court intervention:

> All references herein to bank documents, phone logs, email communications, DHECC claims documents, and witness statements, transcribed or summarized, are part of the Special Master's investigative record and will be preserved by the Special Master to be provided to the United States Attorney's Office for the Eastern District of Louisiana if directed by the Court. Given the possibility of a criminal investigation, the Special Master is not permitting access to such underlying documents at this time, unless otherwise ordered by the Court.

*Id*. at 13, n.11.  Nor is there any adverse party from which Sutton could request these documents from.

In his Report, Special Master Freeh concedes that he "did not find any evidence that either Mr. Sutton or Ms. Reitano directly manipulated the valuation of claims by accessing the DHECC database" and that he "did not find any evidence of such manipulation by other CAO officials" either.  Rec. Doc. 11287 at 4.

In response to the *Freeh Report*, the Court ordered Lionel Sutton, Christine Reitano, Jon Andry, Glen Lerner, and any associated law firms to show cause why the Court should not adopt the Special Master's findings and recommendations "[d]isqualifying Attorney Lionel Sutton from CSSP claimants (or collecting fees from such claimants) under the Unclean Hands Doctrine."  Rec. Doc. 11288.  The Court's Order gives Sutton only fourteen days from September 6, 2013 to file any response, objection, or motion.  *Id.*

Sutton cannot even begin to prepare a meaningful response without access to the documents underlying the *Freeh Report*.  Accordingly, Sutton requests an opportunity to examine the evidence purportedly relied upon by the Master in making his recommendations, and additional time to file objections, motions and a response.  Such an opportunity will allow

3

Sutton to establish that he acted in accordance with Section 4.3.7 of the Settlement Agreement as stated above.

## LAW AND ARGUMENT

**I. DUE PROCESS AND FUNDAMENTAL FAIRNESS REQUIRES THAT THE COURT ORDER SPECIAL MASTER FREEH TO PRODUCE THE EVIDENCE RELIED UPON IN HIS REPORT.**

Due process requires that Lionel H. Sutton, III be given a meaningful opportunity to respond to this Honorable Court's order that he respond to alleged factual underpinnings of the Special Master's report. Traditional notions of due process apply to proceedings that take place before a Special Master. *Ruiz v. Estelle*, 679 F.2d 1115, 1162-63 *amended in part*, *vacated in part*, 688 F.2d 266 (5th Cir. 1982). Federal Rule of Civil Procedure 53(f), governing Masters, states this directly by requiring that the Court give the parties "notice and an opportunity to be heard" before acting on a Master's report or recommendation. FED. R. CIV. P. 53(f)(1). Accordingly, the Rules allow the parties to file objections to the Master's report within "21 days after a copy is served, unless the court sets a different time." FED. R. CIV. P. 53(f)(2). When reviewing the parties' objections, "[t]he court must decide de novo all objections to findings of fact made or recommended by a master," unless the parties stipulate otherwise. FED. R. CIV. P. 53(f)(3).

Implicit in these rules is the requirement that a party affected by a Master's report be given an opportunity to examine the evidence relied upon by the Master in making his recommendations. A party cannot meaningfully "file objections to—or a motion to adopt or modify—the Master's order, report, or recommendations," without being able to examine the underlying factual support for the Master's conclusions. Nor would this Court's "de novo" review of the Master's recommendations be as effective, or comprehensive, without subjecting

4

the Master's report to full, adversarial scrutiny, which necessarily includes being able to examine and rebut the evidence collected in the Master's investigation.

To date, Sutton has not been afforded the due process that would allow full, adversarial scrutiny of the *Freeh Report*. As explained below, the documents and testimony gathered by the Special Master have not been produced to Sutton, despite a request by Sutton's counsel at the initial taking of his statement for a copy of the transcript of his statement. The "proceedings" conducted by the Special Master were not conducted under the Federal Rules of Civil Procedure, or even the Federal Rules of Criminal Procedure. Sutton is not a party to this lawsuit nor does he represent any claimants, therefore, he has not been allowed to gather evidence, either by interrogatory, request for production of documents, subpoena, or examining or cross-examining witnesses during depositions. Sutton has not been provided any exculpatory evidence and in fact Mr. Freeh willfully excluded exculpatory evidence from his report. For example, in his report, Mr. Freeh included an email from Glen Lerner asking what he could do to get his BP claims in some sort of priority. However, Mr. Freeh failed to include Sutton's response advising that this could not be done. Additionally, Sutton has not been provided a copy of his statement given to Mr. Freeh despite a request for it by undersigned counsel, instead Mr. Freeh advised undersigned counsel that he would have to address the court to obtain a copy of Sutton's statement. Sutton has not been afforded a hearing of any sort and herein requests that, following the normal discovery process, there be a hearing held in this matter to allow Sutton to examine witnesses.

Without access to the information gathered by the Special Master, without the ability to conduct discovery, and without a hearing, Sutton, has been deprived of the "notice and opportunity to be heard" guaranteed it by Rule 53 and the Due Process Clause of the United States Constitution, see *Ruiz v. Estelle,* 679 F.2d 1115, 1162-63 *amended in part, vacated in*

*part*, 688 F.2d 266 (5th Cir. 1982).  There, the Court reviewed a District Court's order appointing a Special Master under Rule 53 to oversee the implementation of remedial measures at a state prison.  The Fifth Circuit held that "the order of reference" appointing the Special Master was "too sweeping" because it allowed "the special master to submit to the district court 'reports based upon his own observations and investigations in the absence of a formal hearing before him.'"  *Id.* at 1162.  According to the Fifth Circuit, allowing the Special Master to issue reports based on his own investigation, without providing the parties with a hearing, "not only transcends the powers traditionally given masters by courts of equity, **but denies the parties due process**."  *Id.* at 1163 (emphasis added).  The Court therefore held that it was error to afford the Special Master's report any deference.  *Id.*

Because the essential evidence has not been disclosed and because the Special Master has selectively quoted only the evidence that is favorable to his dubious conclusions, Sutton cannot properly respond to this Honorable Court's order that he file a response to the Special Master's report because he has not been able to examine that evidence in context, point out any inconsistencies, or identify any favorable or exculpatory evidence.  Such documents include not only exculpatory evidence but also evidence that will directly support Sutton's contention that most, if not all, the actions cited against him by the Freeh report were not only condoned but encouraged by the CAO administrator.  Additionally, Lionel H. Sutton, III cannot meaningfully object to the Special Master's report, and is deprived of notice and an opportunity to be heard, without being allowed to access, review, analyze and evaluate the evidence cited by *the Freeh Report.*

## II. THE EVIDENCE UNDERYLING SPECIAL MASTER FREEH'S REPORT IS NOT PRIVILEGED AND SHOULD BE PRODUCED.

In his report, the Special Master concedes that he filed a motion to compel the production of notes taken by attorneys for the Andry Law Firm from their interview with Lionel Sutton. Rec. Doc. 11287 at 43, n.239.  Mr. Sutton does not have access to these notes and desires that these notes be produced.

Having taken these positions in its *Motion to Compel*, the Special Master cannot selectively quote from more than 80 interviews without providing them to Sutton.

Fundamental fairness requires that Sutton also be granted access to all evidence underlying the Special Master's investigation in order to respond to the substantial allegations against it.

### III.  LIONEL H. SUTTON, III  REQUESTS ADDITIONAL TIME TO RESPOND TO SPECIAL MASTER FREEH'S REPORT.

Sutton respectfully requests more time to respond to the substantial allegations contained in the *Freeh Report* since The Court has only allowed fourteen days to object to Special Master Freeh's ninety six page, heavily footnoted report and recommendation.  That is seven days less than the response time suggested by Federal Rule of Civil Procedure 53.  Moreover, the twenty-one (21) day response time suggested in Rule 53 assumes that the respondent *already* has access to the documents and other evidence purportedly underlying a Special Master's report.  Indeed, in most circumstances the evidence relied upon by the Special Master is provided to the Master by the parties through the adversarial process.  Considering that the Special Master and his staff has had sixty-six days to complete his investigation and prepare his lengthy and extensive report, Sutton requests an additional twenty-one (21) days from the date that he receives access to all of the evidence gathered by the Special Master in order to file motions, assert objections and respond.

## **CONCLUSION**

The Special Master has made serious allegations against Lionel H. Sutton, III. The Special Master and his staff have had over two months to conduct their investigation and prepare the ninety-six page report that lays out its allegations and insinuations. In that report, the Special Master selectively refers to documents and evidence that Lionel H. Sutton, III has not had access to—documents and evidence that he needs in order to properly respond to this Honorable Court's order.

Lionel H. Sutton, III requests that the Court order the Special Master to turn over all evidence gathered during the course of his investigation, and that the Court grant Lionel H. Sutton, III twenty-one (21) days from the date of production to review the evidence gathered during the Special Master's investigation and assert objections, file motions and otherwise respond accordingly.

    Respectfully submitted,

*/s/ Michael S. Walsh*
Michael S. Walsh, 8500
Lee & Walsh, Attorneys at Law
257 Maximilian Street
Baton Rouge, LA  70802
Telephone:  (225) 344-0474
Fax:  (225) 344-9124
michael@leeandwalsh.com
Attorney for Lionel H. Sutton, III

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 19th day of September, 2013.

                */s/ Michael S. Walsh*
                Michael S. Walsh