UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>This Document Relates to: 13-cv-2323 | MDL No. 2179<br><br>SECTION J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE COMPLAINT IN INTERVENTION**

The Intervenor Plaintiffs, identified in the attached Complaint In Intervention, respectfully move this Honorable Court for leave to file a Complaint In Intervention in the above captioned action pursuant to Federal Rules of Civil Procedure 24(b)(1)(B).

According to Federal Rules of Civil Procedure 24(b)(1)(B), upon a timely motion, the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." The courts are given broad discretion in granting motions to intervene under this rule. *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). Permissive intervention is appropriate when "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* at n. 2.

To determine whether a motion to intervene is timely, the Court may consider four factors: "1) the length of time during which the would-be intervenor actually knew or reasonably

should have known of its interest in the case before it petitioned for leave to intervene; 2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; 3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and 4) the existence of unusual circumstances militating either for or against a determination that the application is timely." *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001).

The motion of the Plaintiff Intervenors is timely and the filing of the Complaint in Intervention will not unduly delay or prejudice the rights of the original parties. The original complaint was filed on or about April 20, 2013, only four months prior to this motion. The Intervenor Plaintiffs bring this Complaint in Intervention ninety days after presentment of their sum certain, pursuant to the requirements of the Oil Pollution Act. Thus, there has been no unreasonable or untimely delay.

There clearly is no prejudice to any party in light of the ongoing stay of these matters. This Court ordered "all responsive pleading deadlines, motion practice, discovery proceedings, and other deadlines" in actions filed into the *Deepwater Horizon* Litigation since April and May 2013 suspended until further order. *See* Order Regarding New Related Cases Pending Consolidation, 5/20/13. [D.E. 10194].

Lastly, since these Plaintiffs pursue compensation under the Oil Pollution Act and various state laws for losses suffered as a result of the Deepwater Horizon Oil Spill, their claims will turn upon the same facts and legal issues as are in dispute in the original action. The facts surrounding the claims of the original Plaintiffs and Intervenor Plaintiffs are identical or nearly

identical as to the nature of the claims, the relief sought and the factual legal issues that need to be raised. Thus, the Intervenor Plaintiffs share common questions of law or fact.

## CONCLUSION

For the above mentioned reasons, the Intervenor Plaintiffs respectfully request that this Motion for Leave to File a Complaint in Intervention be granted.

## CERTIFICATION

The undersigned counsel's office inquired of each Defendant's counsel whether they opposed this motion but as of the time of filing, had not received a response.

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFF**

FARRELL & PATEL, ATTORNEYS AT LAW

/s/ Wesley J. Farrell, Esq.

Wesley J. Farrell, Esq., FLBN 71785
Terry A. C. Gray, Esq, FLBN 100732
113 Almeria Ave
Coral Gables, FL 33134
Tel: 305-798-4177
Fax: 800-946-6711

Sarah E. Spigener, Esq., LSBN 31975
1515 Poydras St., Suite 1400
New Orleans, LA 70112
Tel: 504-233-8585
Fax: 504-264-5953

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of September, 2013.

/s/ Sarah E. Spigener, Esq.