UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179<br><br>SECTION "J" (1) |
| THIS DOCUMENT APPLIES TO:<br>*ALL CASES* | JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

## THE ALIGNED PARTIES' PHASE TWO DEMONSTRATIVE OBJECTIONS

**NOW INTO COURT** come the Plaintiffs Steering Committee, the State of Alabama, the State of Louisiana, Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, Triton Asset Leasing GmbH, and Halliburton Energy Services, Inc. (the "Aligned Parties") and, in accord with the Court's August 29, 2013 Order and Phase Two Timeline (Rec. Doc. 11180), respectfully submit the following Phase Two Demonstrative Objections for the Phase Two demonstratives exchanged on September 20, 2013.

### D23233 and D23234

The Aligned Parties' object to D23233 and D23234 (attached as Exhibits A and B, respectively) because they are misleading and lack proper support. Both D23233 and D23234 are BP demonstratives and Top Kill timelines that suggest BP informed the Government on May 19, 2010 that the Macondo flow rate was 40,000 barrels of oil per day (BOPD). The only document cited by BP that references a 40,000 BOPD figure is TREX-9619 (attached as Exhibit C). That exhibit is a May 19, 2010 email from BP's Doug Suttles to Admiral Mary Landry that falsely claimed to "attach[] below … our most recent work on flow rate estimation." The

document Suttles attached was the fraudulent Rainey memo that is the focus of BP's Guilty Plea. That memo represents that BP had "best guess" flow rates of approximately 5,000 to 6,000 BOPD in late April 2010. (Exhibit C at 10). The memo also represented that BP had generated "an updated range of possible flow rates as follows: 2,000 – 6,000 – 13,000 barrels per day." The demonstratives make no reference to these flow rate representations. Instead, the demonstratives cherry pick a 40,000 BOPD figure that appears in a slide attached to the Rainey Memo, under the heading "Items that reduce worst case theoretical flow." TREX-9619, far from supporting D23233 or D23234's message that BP purportedly disclosed a flow rate of 40,000 BOPD on May 19, in fact shows just the opposite: that BP continued to mislead the Government to believe that BP's best estimate of the flow rate was approximately 5,000 to 6,000 BOPD. Therefore, D23233 and D23234 are inadmissible because both are misleading and lack proper support.

**D23769 and D23773**

The Aligned Parties' object to D23769 and D23773 (attached as Exhibits D and E, respectively) because both lack proper support. D23769 and D23773 are BP demonstratives and animations that suggest that during the LMRP removal operation, ROVs would not have been able to cut drill pipe if it had been found between the *Deepwater Horizon* LMRP and its lower BOP. None of BP's cited exhibits support the notion that an ROV would be unable to cut the drill pipe. TREX-140700 (attached as Exhibit F) is a draft capping procedure that does not appear to address LMRP removal at all, let alone the drill pipe issue, or the question of whether such drill pipe could have been cut. TREX-141123 (attached as Exhibit G) is an LMRP removal procedure, but it does not suggest that ROVs would have any issues cutting drill pipe found in the riser. Similarly, the cited testimony from the deposition of Richard Lynch (attached as

Exhibit H) does not indicate that ROVs would have difficulties cutting the drill pipe. Finally, BP's reference to "expected testimony" cannot support the demonstrative animation because all demonstratives must contain references to the exhibits they are based on. (Rec. Doc. 8373; Rec. Doc. 11180, n. 2).

**D23772**

The Aligned Parties object to D23772 (attached as Exhibit I) because it lacks proper support. D23772 is a BP demonstrative and an animation that suggests a subsea blowout could occur as a result of the BOP-on-BOP. BP's only support for D23772 is TREX-11613 which is Dan Gibson's expert report. During Phase I, it was proposed to the Court "that the parties be permitted to refer to a portion of an expert's report as the source of an animation and the report of the expert would indicate the materials relied upon by the expert." (Rec. Doc. 8373). Judge Barbier found "this proposal unacceptable." *Id*. Although demonstratives could refer to an expert report, all demonstratives were required to contain references to the exhibits they were based on. *Id*. This rule is also applicable to Phase Two demonstratives. (Rec. Doc. 11180, n. 2) ("All demonstratives based on an exhibit shall clearly identify their source by reference to the exhibit number and be identified in accord with Phase One procedure."). Therefore, D23772 is inadmissible because it lacks proper support.

**D23771**

The Aligned Parties' object to D23771 (attached as Exhibit J) because it lacks proper support. D23771 is a BP demonstrative and an animation that suggests erosion would occur in the BOP choke and kill lines following the execution of the BOP-on-BOP. BP cites to TREX-140770 (attached as Exhibit K), which appears to be a DVD containing ROV footage of the oil plume on May 1, 2010. BP also cites to Expert Iain Adams' original and rebuttal reports. First,

ROV plume footage from May 1, 2010 could not provide support for BP's suggestion that erosion would occur in the choke and kill lines if a BOP-on-BOP had been executed. Next, Adams does not raise any concerns in his original report or his rebuttal report regarding erosion that may occur due to flow in the BOP choke and kill lines. Regardless, for the reasons expressed above, BP's reliance on Adams' reports alone is insufficient to support D23771. (Rec. Doc. 8373; Rec. Doc. 11180, n. 2). Therefore, D23771 is inadmissible for the reasons set forth above.

**D-23205**

The Aligned Parties' object to D-23205 because the demonstrative is factually incorrect, misleading, and lacks proper support as there is no TREX source on the demonstrative. FED. R. EVID. 403, 702, 703.

**D-23206, D-23207, D-23243, D-23244, D-23245, D-23246, D-23247, D-23255, D-23257, D-23258, D-23259, D-23260, D-23261, D-23262, D-23267, D-23268, and D-23269**

HESI[1] objects to D-23206, D-23207, D-23243, D-23244, D-23245, D-23246, D-23247, D-23255, D-23257, D-23258, D-23259, D-23260, D-23261, D-23262, D-23267, D-23268, and D-23269 because the demonstratives depict alleged hydrocarbon bearing zones, but do not include all the possible zones (e.g. M57B). FED. R. EVID. 403.

**D-23827 and D-23828**

The Aligned Parties' object to D-23827 and D-23828 because the demonstratives rely solely upon the Adams Report and he does not discuss subsea broach. These demonstrative exhibits lack appropriate support, are outside the scope of Adams' Report, and are misleading. FED. R. EVID. 402, 403, 702, 703.

---

[1] The objections in this section are being lodged only by HESI, and not by the other Aligned Parties.

| | |
|---|---|
| DATED:  September 23, 2013 | Respectfully submitted, |
| Stephen J. Herman, La. Bar No. 23129<br>HERMAN HERMAN & KATZ LLC<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113<br>Telephone: (504) 581-4892<br>Fax. No. (504) 569-6024<br>Email: sherman@hhklawfirm.com | James Parkerson Roy, La. Bar No.11511<br>DOMENGEAUX WRIGHT ROY<br>& EDWARDS, LLC<br>556 Jefferson Street, Suite 500<br>Lafayette, Louisiana 70501<br>Telephone: (337) 233-3033<br>Fax No. (337) 233-2796<br>E-Mail:  iimr@wrightroy.com |

**Plaintiffs Liaison Counsel**

LUTHER J. STRANGE
*Attorney General*
COREY L. MAZE
*Special Deputy Attorney General*
WINFIELD J. SINCLAIR
*Assistant Attorney General*
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone:  (334) 242-7300
Fax:  (334) 242-4891
Email: lstrange@ago.state.al.us
cmaze@ago.state.al.us
wsinclair@ago.state.al.us

**Attorneys for the State of Alabama**

| | |
|---|---|
| James D. "Buddy" Caldwell<br>*Louisiana Attorney General*<br>James Trey Phillips<br>*First Assistant Attorney General*<br>Megan K. Terrell<br>*Assistant Attorney General*<br>1885 N. Third Street<br>Baton Rouge, LA 70802<br>Telephone: (225) 326-6079 | Allan Kanner<br>Douglas R. Kraus<br>Elizabeth B. Petersen<br>Kanner & Whiteley, L.L.C.<br>701 Camp Street<br>New Orleans, LA 70130<br>Telephone: (504) 524-5777<br>Facsimile: (504) 524-5763<br>E-Mail: a.kanner@kanner-law.com |

**Attorneys for the State of Louisiana**

By: /s/ Brad D. Brian
Brad D. Brian
Michael R. Doyen
Daniel B. Levin
Susan E. Nash
MUNGER TOLLES & OLSEN, LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 683-5180
Email: brad.brian@mto.com
michael.doyen@mto.com
daniel.levin@mto.com
susan.nash@mto.com

John M. Elsley
ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
Tel: (713) 224-8380

By: /s/ Steven L. Roberts
Steven L. Roberts
Rachel Giesber Clingman
Sean Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002
Tel: (713) 4710-6100
Fax: (713) 354-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
sean.jordan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
1100 Poydras Street, Suite 3800
New Orleans, LA 70163
Tel: (504) 599-8194
Fax: (504) 599-8154
Email: kmiller@frilot.com

**Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.**

Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

| | |
|---|---|
| Gavin E. Hill<br>State Bar No. 00796756<br>Gavin.Hill@GodwinLewis.com<br>Renaissance Tower<br>1201 Elm, Suite 1700<br>Dallas, Texas 75270-2041<br>Telephone: (214) 939-4400<br>Facsimile: (214) 760-7332 | R. Alan York<br>State Bar No. 22167500<br>Alan.York@GodwinLewis.com<br>1331 Lamar, Suite 1665<br>Houston, Texas 77010<br>Telephone: 713.595.8300<br>Facsimile: 713.425.7594 |
| Jerry C. von Sternberg<br>State Bar No. 20618150<br>Jerry.VonSternberg@GodwinLewis.com<br>1331 Lamar, Suite 1665<br>Houston, Texas 77010<br>Telephone: 713.595.8300<br>Facsimile: 713.425.7594 | Misty Hataway-Cone<br>State Bar No. 24032277<br>Misty.Cone@GodwinLewis.com<br>1331 Lamar, Suite 1665<br>Houston, Texas 77010<br>Telephone: 713.595.8300<br>Facsimile: 713.425.7594 |

**Attorneys for Defendant Halliburton Energy Services, Inc.**

## CERTIFICATE OF SERVICE

  I hereby certify that on September 23, 2013, I electronically filed a PDF version of this document with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

                  /s/ Kerry J. Miller_____
                  Kerry J. Miller