## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: Johnson v. BP p.l.c., | : | JUDGE BARBIER |
| et al.; Case No. 2:13-cv-05804-CJB-SS | : | MAGISTRATE SHUSHAN |
| …………………………………………………... | : | |

### BP PRODUCTS NORTH AMERICA INC. AND BP AMERICA INC.'S ANSWER TO INTERVENOR  ELTON JOHNSON'S ORIGINAL PETITION IN INTERVENTION

Defendants BP Products North America Inc., and BP America Inc. (collectively, the "BP Parties"), by its undersigned counsel, and, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answers Intervenor Elton Johnson's Original Petition in Intervention, as follows:

### Jurisdiction

1.      This claim is maintained under the common law of Texas. Intervenor and Tidewater are citizens of the same state so diversity jurisdiction does not exist. Further, BP is a Texas citizen and cannot remove cases to federal court on the basis of diversity jurisdiction when it is sued in Texas state court. Moreover, this is a breach of contract, misrepresentation, and tortious interference case so no federal question is present.

### ANSWER:

The BP Parties deny the allegations of this paragraph.

### Venue

2.      Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section 15.002. Defendant has its principal office in Harris County, much of the negotiation concerning the settlement agreement occurred in Harris County, a substantial portion of the underlying facts of the settlement agreement occurred in Harris County, and much of the investigation which led to Defendants' breaches occurred in Harris County.

**ANSWER:**

The BP Parties deny the allegations of this paragraph and note that post-removal to

federal court, it is now also legally irrelevant.

**Discovery Level**

3.    Discovery in this matter may be conducted under Level 2 of the Texas Rules of
Civil Procedure.

**ANSWER:**

The BP Parties deny the allegations of this paragraph and note that post-removal to

federal court, it is now also legally irrelevant.

**Parties**

4.    Intervenor is a citizen of Louisiana.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about

the truth of the allegations of this paragraph, and therefore denies them.

5.    Defendant BP Exploration & Production Inc. is a Delaware corporation with its
principal place of business in Harris County, Texas. It is a Texas citizen. Defendant BP
Production & Exploration, Inc, has already appeared
**ANSWER:**

The BP Parties admit that BP Exploration & Production, Inc. is a Delaware corporation

with its principal place of business in Harris County, Texas. The BP Parties deny the remaining

allegations in this paragraph.

6.    Defendant Tidewater Marine, L.L.C. is a Louisiana corporation who does a
substantial amount of business in Texas. It is a Louisiana citizen. Defendant Tidewater Marine,
L.L.C. may be served through its registered agent, CT Corporation System, 350 N. St. Paul
Street, Suite 2900, Dallas, Texas 75201.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about

the truth of the allegations of this paragraph, and therefore deny them.

**Nature of the Action**

7.      Intervenor was seriously injured in the April 20, 2010 *Deepwater Horizon*
explosion due to Defendants' negligence and gross negligence. As a result, he filed a personal
injury action against Defendants pursuant to the Jones Act and general maritime law.

**ANSWER:**

The BP Parties admit that plaintiff filed a personal injury action against Defendants

pursuant to the Jones Act and general maritime law.  The BP Parties note that this personal injury

action is currently also a part of MDL 2179.  The BP Parties lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations of this paragraph, and

therefore deny them.

8.      On September 23, 2011, after several months of negotiation, BP made a written
offer to pay Intervenor $2,698,095.00 to settle his personal injury lawsuit. Ex. A. This offer was
based largely on extensive documents gathered concerning Mr. Johnson and his treating
physicians' records documenting his substantial injuries. Defendants had these records since at
least January 2011 and had ample opportunity to investigate the facts concerning Mr. Johnson's
claim before making its written settlement offer.

**ANSWER:**

The BP Parties deny that the GCCF offered to pay Intervenor $2,698,095.00 to settle his

personal injury lawsuit.  The BP Parties also note that the GCCF is a separate entity from BP and

that the GCCF did not operate as BP's agent.  The BP Parties lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations of this paragraph, and

therefore deny them.

9.      Intervenor accepted the offer according to BP's terms on September 24, 2011. Ex.
B. Payment of the funds were due, at the latest, 14 days later. Ex. A. The written offer and

written acceptance of the offer constituted a valid contract. However, BP breached its contract by (among other things) failing to timely pay $2,698,095 as promised.

**ANSWER:**

The BP Parties deny the allegations in this paragraph.

### Negligent Misrepresentation

10.     BP is also liable for negligent misrepresentation. BP represented to Intervenor that it would pay him $2,698,095.00 to settle a personal injury lawsuit. This representation was false. BP failed to exercise ordinary care in communicating this false information and Intervenor justifiably relied oil BP's misrepresentations to his detriment. BP's conduct proximately caused Intervenor's injuries.

**ANSWER:**

The BP Parties deny the allegations in this paragraph.

### Tortious Interference

11.     BP breached the contract largely because of Tidewater's interference. Tidewater knew Intervenor and BP had entered into a contract and was aware of the contract's terms. Yet, Tidewater intentionally induced BP to not perform its end of the bargain. Tidewater's intentional interference was a proximate cause of BP's breach.

**ANSWER:**

The BP Parties deny the allegations in this paragraph to the extent they are directed at the BP Parties.  The BP Parties also note that Tidewater was dismissed, without prejudice, from this litigation by the United States District Court for the Southern District of Texas prior to its transfer to this Court.  *See* Stipulation of Dismissal, *Young v. BP Exploration & Production Inc.*, No 4:12-cv-989, Rec. Doc. 31 (S.D. Tex. entered May 31, 2012).  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

12.     Tidewater maliciously and fraudulently told BP that Intervenor's underlying case was exaggerated and/or fraudulent. Of course, the case had been pending for nearly eighteen months and Tidewater had never previously raised such concerns. Further, Tidewater made these representations despite the fact that Tidewater is Intervenor's employer and Tidewater has been paying "maintenance and cure" to Intervenor for well over a year. "A claim for maintenance and

cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship." *Atlantic Sounding Co. Inc. v. Townsend*, 129 S.Ct. 2561, 2565 (2009). However, no maintenance and cure is owed to a worker if the Intervenor was not injured. The fact that Tidewater has been paying maintenance and cure to Intervenor for well over a year is an obvious acknowledgment that he sustained serious injuries. Further, Tidewater has attempted to enter into settlement discussions with Intervenor in an attempt to settle the personal injury case. Despite knowing that Intervenor's underlying claim was meritorious, Tidewater libelously claimed to BP that the case was exaggerated and/or fraudulent. Tidewater did this in an attempt to avoid reimbursing BP for a portion of the $2,698,095 owed to Intervenor.

**ANSWER:**

The BP Parties deny the allegations in this paragraph to the extent they are directed at the

BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations of this paragraph, and therefore deny them.

13.     As a result of Defendant's conduct, Intervenor has not received the $2,698,095 he is entitled to under the contract and has been forced to retain a legal counsel. As such, Intervenor is entitled to recover his reasonable attorneys' fees for BP's breach of contract. He is also entitled to exemplary damages for Tidewater's intentional interference with the contract. All conditions precedent to Intervenor's claim for relief have been performed or have occurred. Intervenor has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

**ANSWER:**

The BP Parties deny the allegations in this paragraph to the extent they are directed at the

BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations of this paragraph, and therefore deny them.

**Jury Trial**
14.     Intervenor hereby requests a trial by jury on all claims.

**ANSWER:**

The BP Parties deny the allegations in this paragraph as legal conclusions for which no answer need be made.

**Prayer**

15.    Intervenor prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Intervenor has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.

**ANSWER:**

The BP Parties respectfully request that the court dismiss Plaintiff's claims against the BP Parties with prejudice.  The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

To the extent the court finds a contract was formed between Plaintiff and the BP Parties, Plaintiff's claims are barred by the defense of fraudulent inducement.  Plaintiff fabricated the existence of and/or degree of injury allegedly sustained aboard the *Damon Bankston*.  He has made a number of competing representations as to what happened the day of the DWH incident and eyewitnesses have testified in sworn statements that they were with him when the alleged injuries were sustained and they did not see him sustain any injury.  Plaintiff was interviewed and had the opportunity to contest the finding of the GCCF that his claims were "fabricated" and

6

yet nothing he testified to or argued to the GCCF convinced the GCCF to grant his claim application or form a binding settlement contract with the Plaintiff.

## SECOND DEFENSE

Plaintiff has sued the wrong party.  The GCCF – not the BP Parties -- denied Plaintiff's claim.  The gravamen of Plaintiff's claim is that the GCCF formed a binding contract with him.  The GCCF was not named as a defendant to this action.  The GCCF is not an agent of BP.

## THIRD DEFENSE

Even if the GCCF were a party to this action or the GCCF's actions were attributable to the BP Parties because the GCCF were deemed to be BP's agent or on some other legal basis, the GCCF's actions were designated under the Oil Pollution Act of 1990 not to be judicially reviewable.  This action violates that principle.

## FOURTH DEFENSE

Plaintiff is engaged in claims splitting (motivated by forum shopping).  Despite the pendency of his underlying tort claims in this Court in MDL 2179, Plaintiff contrived to intervene into an unrelated state court case in Texas bearing the caption *Young v. BP Exploration & Production Inc.*, No. 2010-73622 (234th Judicial Dist. Ct., Harris County, Tex.), on the theory that he had purportedly settled such claims with the GCCF.  The Fifth Circuit in a recent appeal, *see BP Exploration & Production, Inc. v. Johnson*, 2013 WL 4018614 (5th Cir. Aug. 8, 2013), held that this course of action was improper and that at all times this Court retained inherent authority over the settlement of this case.

## FIFTH DEFENSE

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct,

negligence and/or want of due care of Plaintiff, other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

## SIXTH DEFENSE

Plaintiff's damages or injuries, if any, were the result of an unforeseeable occurrence and/or accident for which the BP Parties cannot be held legally responsible.

## SEVENTH DEFENSE

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

## EIGHTH DEFENSE

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

## NINTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of Plaintiff, other individuals, entities, or vessels.

## TENTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

## ELEVENTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to indemnity from other parties or entities.

## TWELFTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

## THIRTEENTH DEFENSE

To the extent that the BP Parties are found liable to plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiff to an award of punitive damages.

## SIXTEENTH DEFENSE

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

## SEVENTEENTH DEFENSE

The BP Parties deny that they are liable to any extent as alleged in the Petition, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiff as a result of the allegations contained in the Petition and for any other damages or claims which exist or may arise, but have not been specifically pled.

## EIGHTEENTH DEFENSE

Plaintiff's right to recover is barred by the doctrine of unclean hands given the totality of circumstances involving the inception and prior prosecution of this action.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning its defenses become known to it.

Dated:  September 25, 2013

By:  /s/ **Don K. Haycraft**
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Christopher Esbrook
(chrisopher.esbrook@kirkland.com)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

Jeffrey B. Clark
(Jeffrey.clark@kirkland.com)
Dominic Draye
(Dominic.draye@kirkland.com)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 879-5000

*Attorneys for BP Exploration and Production Inc.;*
*BP p.l.c.; BP Products North America Inc.; and BP*
*Corporation North America Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 25th day of September, 2013.

    /s/ Don K. Haycraft    
Don K. Haycraft
