UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill By The Oil Rig "Deepwater Horizon" In the Gulf of Mexico on April 20, 2010 | * * * * | MDL NO. 2179 SECTION:  J |
| Applies to: No. 10-2771, and All Cases | * * | JUDGE BARBIER MAG JUDGE SHUSHAN |

**************************************************************************

### JOINT OBJECTIONS OF HESI, TRANSOCEAN AND THE STATES TO BP'S PHASE TWO TRIAL DEMONSTRATIVES

**NOW INTO COURT** come Halliburton Energy Services, Inc. ("HESI"), Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH (collectively, "Transocean"), and the States of Alabama and Louisiana (collectively, the "States"), and, in accord with the Court's August 29, 2013 Order and Phase Two Timeline (Rec. Doc. 11180), respectfully submit the following Joint Objections to BP's Phase Two Trial Demonstratives ("Joint Objections") exchanged on September 26, 2013. Transocean and the States have authorized HESI to file these Joint Objections jointly and on their behalf.

**D-23207A and D-23205B**

HESI[1] objects to D-23207A and D-23205B (attached as Exhibits 1 and 2, respectively) because they do not accurately depict the known hydrocarbon-bearing sands in the Macondo well production interval, in particular the M57B gas sand. With respect to D-23205B, in the meet-and-confer to discuss this very issue as it pertained to the initial round of exchanged

---

[1] Transocean and the States do not join in HESI's objection to D-23207A and D-23205B.

**JOINT OBJECTIONS OF HESI, TRANSOCEAN AND THE STATES
TO BP'S PHASE TWO TRIAL DEMONSTRATIVES** Page 1

demonstratives, BP responded that it intended to depict only that there were some hydrocarbon-bearing sands in a "general fashion" and that it did not intend to use the demonstratives to establish the location or composition of any or all such zones in the Macondo well. Based on that representation, HESI withdrew its objection. To the extent BP represents the same with respect to D-23205B, HESI would similarly withdraw its objection.

With respect to D-23207A, HESI incorporates fully its objection to D-23205B above. HESI further objects to D-23207A as inaccurate, misleading and unsupported to the extent it purports to identify the four yellow zones as constituting 88 feet of "Reservoir." The upper, thin sand is the M56A gas zone, and there is no evidence that BP ever considered it to be part of the "reservoir" or oil sands. HESI further objects to this demonstrative identifying all four depicted zones as 88 feet of reservoir sands as inconsistent and contrary to BP's prior representation that its Phase II demonstratives are intended to show hydrocarbon-bearing zones in a "general fashion" and are not intended to show the location or composition of such zones.

**D-23254**

HESI, Transocean and the States object to D-23254 (attached as Exhibit 3) as it misrepresents and/or mischaracterizes the role of the "Industry Companies" and the "100+ Service Providers" involved in Source Control efforts. These industry entities were not members of the UAC Incident Command, and the lines between these entities directly to UAC Incident Command, which bypass the BP Source Control Teams, misrepresent and mischaracterize the nature of the authority and control that BP and BP's Source Control Teams exercised over them. Further, none of the cited source authority supports the depiction of this organizational structure.

**D-23313**

HESI and the States object to D-23313 (attached as Exhibit 4) to the extent it includes "Halliburton" among the group of oil and gas industry entities that purportedly had no pre-built deepwater capping stack at the time of the Macondo incident. The inclusion of Halliburton is misleading and unduly prejudicial as Halliburton is a cementing service company and is not in the business of well control or fighting blowouts. The inclusion of Halliburton on this demonstrative suggests that Halliburton—which is not an operator, drilling contractor or well control contractor—should have had a pre-built capping stack on hand when the device is unrelated to the services that Halliburton then provided and now provides. Moreover, D-23313 is inconsistent with D-23052A which does not include "Halliburton" among the industry entities that did not have a pre-built deepwater capping stack.

**D-23919**

HESI, Transocean and the States object to D-23919 (attached as Exhibit 5) on the grounds that it is inaccurate and misrepresents the underlying source exhibits. In particular, the June 1st quote attributed to Sheldon Tieszen says "Several *possible* scenarios analyzed" when the underlying source document says "Several *plausible* scenarios analyzed." (emphasis added). In addition, the depicted report appears to be a "U.S. Government" report and not associated with Thomas Selbekk. Further, the June 12th quote that "None of the cases get killed" is incorrectly attributed to Sheldon Tieszen when the underlying source exhibit attributes the quote to Thomas Selbekk.

**D-23793**

HESI, Transocean and the States object to D-23793 (attached as Exhibit 6) because it lacks proper support.  D-23793 is a BP demonstrative entitled "Top Kill Risks and Mitigations."  BP's only support for D-23793 is TREX-11737 which is Iain Adams' expert report.  During Phase One, it was proposed to the Court "that the parties be permitted to refer to a portion of an expert's report as the source of an animation and the report of the expert would indicate the materials relied upon by the expert."  (Rec. Doc. 8373).  Judge Barbier found "this proposal unacceptable."  *Id*.  Although demonstratives could refer to an expert report, all demonstratives were required to contain references to the exhibits they were based on.  *Id*.  This rule is also applicable to Phase Two demonstratives.  (Rec. Doc. 11180, n. 2)  ("All demonstratives based on an exhibit shall clearly identify their source by reference to the exhibit number and be identified in accord with Phase One procedure.").  Therefore, D-23793 is inadmissible because it lacks proper support.

DATED:  September 27, 2013

Respectfully submitted,

**GODWIN LEWIS PC**

**By:**   /s/  *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No.  00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone:  (214) 939-4400
Facsimile:   (214) 760-7332

and

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No.  20618150
Jerry.vonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No.  24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  (713) 595-8300
Facsimile:   (713) 425-7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Objections To BP's Phase Two Trial Demonstratives has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 27th day of September, 2013.

/s/ Donald E. Godwin<br>
Donald E. Godwin