# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by | * | **MDL NO. 2179** |
| the Oil Rig "Deepwater Horizon" | * | |
| in the Gulf of Mexico, on April 20, 2010 | * | |
| | * | **SECTION J** |
| | * | |
| This document relates to all actions. | * | |
| | * | |
| | * | **Honorable CARL J. BARBIER** |
| | * | |
| | * | **Magistrate Judge SHUSHAN** |

| | | |
|---|---|---|
| **Bon Secour Fisheries, Inc.,** *et al.,* | * | **Civil Action No. 12-970** |
| **individually and on behalf of themselves** | * | |
| **and all others similarly situated,** | * | |
| | * | **SECTION J** |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| **BP Exploration & Production Inc.;** | * | |
| **BP America Production Company;** | * | **Honorable CARL J. BARBIER** |
| **BP p.l.c.,** | * | |
| | * | |
| Defendants. | * | **Magistrate Judge SHUSHAN** |

## MOTION FOR LEAVE AND INCORPORATED MEMORANDUM IN SUPPORT TO FILE A SUR-REPLY IN OPPOSITION TO CLASS COUNSEL'S MOTION TO AUTHORIZE THE CLAIMS ADMINISTRATOR TO IMPLEMENT THE SETTLEMENT AGREEMENT WITH RESPECT TO OIL & GAS SUPPORT SERVICES INDUSTRY CLAIMS

1. BP respectfully requests leave to file a sur-reply and associated declaration in opposition to Class Counsel's Motion to Authorize the Claims Administrator to Implement the Settlement Agreement with Respect to Oil & Gas Support Services Industry Claims (Rec. Doc. 11156) [hereinafter "Original Motion"].  BP has conferred with Class Counsel and Class Counsel does not oppose this motion.

2. BP is aware that a request for a sur-reply is unusual, the Court normally would not entertain such request, and indeed even reply briefs are normally allowed in this Court only by

permission.  BP respectfully suggests that the circumstances here are unusual given Class Counsel's original filing and justify the rare submission of a sur-reply brief.  In addition, Class Counsel's Reply Brief in Support of Motion to Authorize the Claims Administrator to Implement the Settlement Agreement with Respect to Oil & Gas Support Services Industry Claims (Rec. Doc. 11470) [hereinafter "Reply"], raises for the first time facts and arguments Class Counsel did not include in its Original Motion.

3.     Class Counsel styled its Original Motion *ex parte*, despite Class Counsel's admission that it knew BP opposed Class Counsel's requested relief.  Rec. Doc. 11156 ¶ V.

4.     Class Counsel failed to file a memorandum in support of its Original Motion as required by Local Rule 7.4, which states that "[a]ll contested motions must be accompanied by a separate memorandum . . . of reasons supporting the motion and citations of authorities."

5.     Prior to filing its Original Motion, Class Counsel failed to comply with Settlement Agreement Section 4.3.4, which requires a Claims Administration Panel to be convened before "any issues or disagreements that arise regarding the Claims Administrator's oversight responsibilities, Settlement administration, or any other issues involving the Settlement Program" can be referred to the Court.

6.     Class Counsel did not cite a single case or rule outside of the Settlement Agreement in support of its Original Motion.  (*See* Rec. Doc. 11156.)  Because the express language of the Settlement Agreement precludes Class Counsel's requested relief, Class Counsel now endeavors to expand its Original Motion to include facts, reasoning, and authority Class Counsel was required to have filed with its Original Motion.

7.     For example, Class Counsel now assert in Reply that (a) the Settlement Agreement contains enough piecemeal "guidance" from Exhibit 16 and Class Counsel-selected

2

portions of partial draft proposals for the Claims Administrator to create a set of his own guidelines that obviate the need for the additional, agreed upon guidance the Settlement Agreement expressly calls for from both Parties, (Rec. Doc. 11470 at 3, 5); (b) the Settlement Agreement's Panel Meeting process and related provisions — which Class Counsel disregarded in filing its Original Motion — give to the Court the power to read terms out of the Settlement Agreement and to construct new terms to impose on BP, (*id.* at 7); (c) BP somehow authorized the Claims Administrator to disregard the Settlement Agreement by writing that the Claims Administrator should implement the Settlement Agreement consistent with its terms, (*id.* at 3, 9); and (d) Class Counsel's request for an order directing the Claims Administrator to disregard the terms of the Settlement Agreement is "an administrative formality," (*id.* at 11).

8.      Class Counsel's Reply contains new assertions of fact unsupported by the Original Motion or the record and, in some cases, incomplete or contradicted by the record.

9.      For example, Class Counsel assert (a) that Class Counsel is not aware of any current draft proposal by the Claims Administrator, (*id.* at 10); (b) that BP delayed or otherwise acted in bad faith with regard to developing agreed upon guidelines for the Claims Administrator, (*id.* at 1-2); (c) that BP has agreed to certain agreed upon guidance based on cherry-picked portions of different draft proposals that were never finalized, (*id.* at 6); (d) that BP asked the Claims Administrator to implement his draft policy, despite BP's 14-page, written objection to the policy, (*id.*, at 9); and (e) that the authority of the Claims Administrator to dispense with the Settlement Agreement's requirement that he use agreed upon guidance from the Parties was subject to one or more Panel Meetings, (*id.* at 10).

10.     Class Counsel's conduct leading up to and including the filing of its Original Motion violated the local rules of this Court and the terms of the Settlement Agreement. As

such, BP has not had an adequate or a fair opportunity to respond to the facts and arguments Class Counsel believes entitle it to relief (an order abrogating the express terms of the Settlement Agreement) and which Class Counsel reveal for the first time in Reply.

11.     For the foregoing reasons, BP respectfully requests that the Court grant BP leave to file the proposed sur-reply and associated declaration.

Dated:  September 27, 2013

James J. Neath
Mark Holstein
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX  77079
Telephone:  (281) 366-2000
Telefax:  (312) 862-2200

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone:  (202) 942-5000
Telefax:  (202) 942-5999

Jeffrey Lennard
Keith Moskowitz
SNR DENTON US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL  60606
Telephone:  (312) 876-8000
Telefax:  (312) 876-7934

***OF COUNSEL***

Respectfully submitted,

*/s/ Richard C. Godfrey*
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone:  (312) 862-2000
Telefax:  (312) 862-2200

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 879-5000
Telefax:  (202) 879-5200

*/s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA  70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  (202) 662-5985
Telefax:  (202) 662-6291

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.***
***AND BP AMERICA PRODUCTION COMPANY***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of September 2013.

Dated:  September 27, 2013                                    Respectfully submitted,


*/s/ Don K. Haycraft*
Don K. Haycraft