UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED OCT 2 2013
WILLIAM W. BLEVINS
CLERK

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                MDL No. 2179

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in the six actions listed on Schedule A move to vacate our orders conditionally transferring the actions to MDL No. 2179. Responding defendants oppose the motions.[1]

Plaintiffs raise various arguments in support of vacatur. After careful review, however, we find none of them persuasive. First, certain plaintiffs contend that pretrial proceedings in the MDL are essentially complete. This contention ignores the fact that the Panel recently has transferred hundreds of newly-filed actions to the MDL, as to which pretrial proceedings are decidedly incomplete. These new actions are likely to involve a number of pretrial determinations that are most appropriately made by the transferee judge, the Honorable Carl J. Barbier, including, for example, the applicability of his decision dismissing, as preempted, the MDL plaintiffs' state statutory and common law claims. *See In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F. Supp. 2d 943 (E.D. La. 2011). In addition, plaintiffs fail to explain how their claims against any Transocean entity could proceed outside the MDL, as the Limitation of Liability Act mandates otherwise. *See* 46 U.S.C. § 30511(c) ("When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease."); *see also Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) ("When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court."). In three of these six actions (Eastern District of Texas *JBS Packing Co.* and Southern District of Texas *Tran* and *Stone*), several Transocean entities are named defendants. That no Transocean entity is sued in the other three actions is of no moment. Every principal defendant in the MDL is participating in the

---

[*]  Judge Sarah S. Vance took no part in the decision of this matter.

[1]  Responding defendants are BP Exploration & Production Inc., BP America Production Company, and Halliburton Energy Services, Inc., as to the Middle District of Florida *Bama Sea Products* action; those same three entities, as well as BP Corporation North America and four Transocean entities (Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings, LLC, and Triton Asset Leasing GmbH) as to the Eastern District of Texas *JBS Packing Co.* action and the Southern District of Texas *Tran* and *Stone* actions; and BP America Production Company as to the Southern District of Texas *Curtis* and *Kemp* actions.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

- 2 -

Limitation Trial, and that trial involves issues central to all actions arising out of the Deepwater Horizon incident.

Second, certain plaintiffs argue that transfer would be inconsistent with the Oil Pollution Act (OPA), which is intended to "provide quick and efficient cleanup of oil spills, compensate victims of such spills, and internalize the costs of spills within the petroleum industry." *See Rice v. Harken Exploration Co.*, 250 F.3d 264, 266 (5th Cir. 2001). In creating this MDL, however, we expressly declined to exclude OPA claims from the centralized proceedings. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010) ( "[W]e do not find any strong reasons for separate treatment of claims brought under the OPA. In our judgment, carving out the OPA claims would only complicate matters . . . ."). Plaintiffs' arguments do not cause us to question the soundness of that decision.

Third, plaintiffs in all but the Middle District of Florida *Bama Sea Products* action argue that their actions were improperly removed from state court, and that they have pending motions for remand. As we frequently have held, however, the pendency of a remand motion is not, as a general matter, a sufficient reason to delay or deny transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.

After considering all argument of counsel, we find that these eight actions involve common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the actions to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. It is beyond dispute that these actions, like those already in the MDL, arise out of the explosion and fire that destroyed the Deepwater Horizon rig, or the oil spill resulting therefrom. *See* 731 F. Supp. 2d at 1353-55. The complaint in *Bama Sea Products* adopts and incorporates the factual allegations, causes of action, and prayer for relief raised in the Amended B1 Master Complaint filed in the MDL, *see Bama Sea Prods.* Compl. ¶ 16; and those in the Eastern District of Texas *JBS Packing Co.* and Southern District of Texas *Tran* actions describe the plaintiffs therein as "individuals or businesses that have been impacted by the Oil Spill," and contain a litany of allegations concerning the incident, *see JBS Packing Co.* Orig. Pet. ¶¶ 2, 28-57; *Tran* Orig. Pet. ¶¶ 2, 28-57. The Southern District of Texas *Stone*, *Curtis*, and *Kemp* actions are essentially duplicative of actions previously transferred to, and pending in, the MDL.[2]

---

[2] *Kleppinger, et al. v. Transocean Offshore Deepwater Drilling, Inc., et al.*, E.D. Louisiana, C.A. No. 2:10-03168; *Curtis, et al. v. BP Exploration & Prod., Inc., et al.*, E.D. Louisiana, C.A. No. 2:11-02526; and *Kemp v. BP Exploration & Prod., Inc., et al.*, E.D. Louisiana, C.A. No. 2:12-01895.

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010          MDL No. 2179

## SCHEDULE A

### Middle District of Florida

13-6008   Bama Sea Products, Inc. v. BP Exploration & Production, Inc., et al., C.A. No. 8:13-01464

### Eastern District of Texas

13-6009   JBS Packing Co., et al. v. BP Exploration & Production Inc., et al., C.A. No. 1:13-00435

### Southern District of Texas

13-6010   Linda Trang Tran, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 4:13-01785
13-6011   Stephen Stone, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 4:13-01671
13-6012   Nyoka Curtis, et al. v. BP America Production Company, C.A. No. 4:13-01533
13-6013   Peggy Kemp, Individually and in her Capacity as the Surviving Natural Mother of Roy Wyatt Kemp, Deceased, etc. v. BP America Production Company, C.A. No. 4:13-01535