U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  OCT  2 2013

WILLIAM W. BLEVINS
CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010
    Andrew J. Ditch v. Kenneth R. Feinberg, et al.,
        M.D. Florida, C.A. No. 2:13-00531       )   MDL No. 2179
    Naussera N. Zadeh v. Kenneth R. Feinberg,
        M.D. Florida, A.P. No. 8:12-00771

13-6014
13-6015

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs in these two actions (*Ditch* and *Zadeh*) separately move to vacate our orders conditionally transferring the actions to MDL No. 2179.[1] Responding defendants oppose the motions.[2]

In opposing transfer, the *Ditch* plaintiff argues that his action is "highly idiosyncratic" in nature,[3] in that he is alleging that defendants acted with reckless, willful, and wanton disregard for his business and livelihood in their administration of the Gulf Coast Claims Facility (GCCF), the entity through which individuals and businesses initially submitted claims for damages allegedly incurred as a result of the Deepwater Horizon oil spill.[4] We respectfully disagree. First, plaintiff's complaint

---

[*]   Judge Sarah S. Vance took no part in the decision of this matter.

[1]   Plaintiff in *Zadeh*, which is a bankruptcy adversary proceeding, is litigating *pro se*. We note we previously have transferred multiple adversary proceedings under Section 1407. *See In re Phar-Mor, Inc., Sec. Litig.*, MDL No. 959, 1994 WL 41830, at *1 n.2 (J.P.M.L. Jan 31, 1994) ("Because federal bankruptcy jurisdiction is vested in district courts, the Panel has never found any jurisdictional impediment to transfer of adversary proceedings as tag-along actions in multidistrict dockets").

[2]   Responding defendants as to *Ditch* are Kenneth R. Feinberg (Feinberg), Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility (GCCF), and William G. Green, Jr. Responding defendants as to *Zadeh* are Feinberg and the GCCF.

[3]   Plaintiff expressly acknowledges, however, that his action is "closely related" to two other Middle District of Florida actions previously transferred to, and still pending in, the MDL. *See* Transfer Order (J.P.M.L. Oct. 6, 2011) (ECF No. 820); Transfer Order (J.P.M.L. Aug. 9, 201) (ECF No. 738). We note that plaintiffs in all three actions are represented by the same counsel.

[4]   In August 2010, BP transferred responsibility for receiving certain claims arising out of the Deepwater Horizon incident to the GCCF. In March 2012, after the Economic and Property

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

- 2 -

contains multiple references to defendants' purported noncompliance with the Oil Pollution Act (OPA), and we expressly declined to carve out OPA claims in our initial centralization order. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010). Second, it appears that adjudicating plaintiff's claims will necessarily require an inquiry into whether, and in what amount, plaintiff was actually damaged by the oil spill. Indeed, a review of plaintiff's complaint confirms as much. *See, e.g., Ditch* Compl. ¶ 25 ("In sum, Plaintiff Ditch alleges that BP is responsible for the oil spill incident. . . . ."); ¶ 92 ("The damages suffered by Plaintiff Ditch and other victims of this oil spill will be enormous and on-going.").

Like the *Ditch* plaintiff, plaintiff in *Zadeh* challenges the manner in which the GCCF operated. And, as with *Ditch*, it is wholly unclear how plaintiff can recover for the alleged mishandling of his claim by the GCCF unless he can first establish that he is entitled to damages as a result of the spill. Also, as defendants persuasively argue, the *Zadeh* plaintiff's asserted violations of his "rights" to "a fair review and determination" of the claim he submitted to the GCCF, to "timely claim decisions," and to "timely payments" appear squarely to implicate the OPA's claim process, drawing into question the requirements, if any, that the OPA imposes on the responsible party when presented with a claim. *See Zadeh* Second Am. Compl. at 4. As mentioned above, the Panel expressly opted to include OPA claims in this MDL from the outset. *See* 731 F. Supp. 2d at 135. Plaintiff's arguments that his action is not a class action, and that it involves claims under Florida law are unpersuasive. Most actions in the MDL are individual actions, and dozens of them contain Florida law claims.

After considering all argument of counsel, we find that the *Ditch* and *Zadeh* actions involve common questions of fact with actions in this litigation previously transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010). As explained above, these actions both have their genesis in alleged economic injury to plaintiffs resulting from the oil spill.

---

Damages Settlement was reached in principle, the GCCF ceased accepting, processing, or paying such claims. The record indicates that all claims-related information, files, and data previously submitted to the GCCF have been transferred to the settlement program.

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | |