The only parties opposing Plaintiffs motion are the Transocean entities, whose counsel (perhaps because he did not bother to read Plaintiffs motion) expressed opposition on the basis that Plaintiffs motion ...effectively seeks an extension of the deadline to file claims in the limitation action.  Plaintiffs motion seeks no such relief.  Transocean s interpretation of Plaintiffs motion is obviously based on the premise that time periods specified in pretrial orders are jurisdictional and impose a quasi-statute of limitations on Plaintiffs claims.  Such an interpretation of PTO 25 is not supported by statutory or case law and would not survive appellate scrutiny.

    The sanctions available for failure to comply with a pretrial order are addressed in Rule 16(f), Fed. R. Civ. P.  Although the diligence of the non-compliant party is a factor, the scope of sanctions available to address non-compliance with a pretrial order depends primarily on the impact of the sanction on the non-compliant party, the prejudice of the non-compliance to the opposing party, and the availability of means to cure such prejudice.  See *Betzel v. State Farm Lloyds*, 480 Fd. 3d 704 (5th Circuit 2007).

    The appropriateness of sanctions imposed for non-compliance with a pretrial order is reviewable under an abuse-of-discretion standard.  See *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *1488, Inc., v. Philsec Inv. Corp.*, 939 F. 2d 1281 (5th Circuit 1991); *Barrett v. Atlantic Richfield Co.*, 95 F. 3d 375 (5th Circuit 1996).

    Under the circumstances, counsel for Plaintiffs have been reasonably diligent in complying with PTO No. 25 and have timely sought an extension of time to fully comply with PTO No. 25.  At all relevant times, Plaintiffs cases have been inactive, and they are expected to remain inactive for several months in the future.  To deny Plaintiffs the ability to serve PPFs, resulting in a dismissal of their actions, would be an inconceivable draconian sanction in an