UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION:  J |
| These Pleadings apply to:<br>    Claims in "B1" Bundle | JUDGE BARBIER |
| These Pleadings apply to:<br>    No. 2:13-cv-1439 | MAGISTRATE SHUSHAN |

CIVIL ACTION 2:13-cv-1439
SECTION: J
JUDGE BARBIER
MAGISTRATE SHUSHAN

JENSEN BEACH MARKETING, INC.,
A FLORIDA CORPORATION, ET AL.,
         Plaintiffs,

v.

BP EXPLORATION & PRODUCTION
INC.; BP AMERICA PRODUCTION
COMPANY; BP p.l.c.; TRANSOCEAN
OFFSHORE DEEPWATER DRILLING, INC.;
TRANSOCEAN HOLDINGS, LLC; and
HALLIBURTON ENERGY SERVICES, INC.,
         Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS  MOTION FOR EXTENSION OF TIME TO SERVE PLAINTIFF PROFILE FORMS**

   Plaintiffs, Jensen Beach Marketing, Inc., et al., pursuant to LR 7.4, submit their memorandum in support of motion for extension of time to serve plaintiff profile forms (PPFs), as follows:

   Plaintiffs action was filed in the Eastern District of Louisiana in behalf of 1,030 named

individuals and business entities asserting non-governmental economic loss and property damage claims as a result of the Macondo oil spill that either opted-out or were excluded from the Amended Settlement Agreement in MDL No. 2179. The case was assigned to Judge Barbier and transferred to MDL No. 2179 on April 24, 2013.

Plaintiffs joined in a motion before the JPML in MDL No. 2457 to form a separate MDL for claims that are opted-out of or excluded from the Amended Settlement Agreement in MDL No. 2179. Had this motion been granted by the JPML, it would have been unnecessary for Plaintiffs attorneys to go through the exercise of preparing and sering 1,030 PPFs in MDL No. 2179 in accordance with PTO No. 25 (Rec. Doc. 983). The subject motion was denied by the Order Denying Transfer (Rec. Doc. 74 in MDL No. 2457) entered by the JPML on August 9, 2013. If the sixty-day period for serving PPFs in MDL No. 2179 is calculated from August 9, 3013, the sixty-day deadline for filing PPFs in accordance with PTO No. 25 would expire October 8, 2013.

Plaintiffs attorneys have filed over 1,000 claims in the DHECC, and administration of these claims, compounded by BP s frequent appeal of DHECC s claim awards, has strained the resources of the undersigned.

Proceedings are not active in Plaintiffs cases, and no prejudice to any Defendant would result from an extension of time to serve PPFs. The undersigned have consulted with the Plaintiffs Steering Committee and counsel for each of the Defendants regarding this motion. Liaison counsel for the PSC and counsel for the BP entities and HESI have each advised Plaintiffs counsel they do not oppose the motion. BP and HESI, understandably, conditioned their non-opposition upon reservation of all limitations and prescription defenses to any claims.

2

The only parties opposing Plaintiffs motion are the Transocean entities, whose counsel (perhaps because he did not bother to read Plaintiffs motion) expressed opposition on the basis that Plaintiffs motion ...effectively seeks an extension of the deadline to file claims in the limitation action. Plaintiffs motion seeks no such relief. Transocean s interpretation of Plaintiffs motion is obviously based on the premise that time periods specified in pretrial orders are jurisdictional and impose a quasi-statute of limitations on Plaintiffs claims. Such an interpretation of PTO 25 is not supported by statutory or case law and would not survive appellate scrutiny.

      The sanctions available for failure to comply with a pretrial order are addressed in Rule 16(f), Fed. R. Civ. P. Although the diligence of the non-compliant party is a factor, the scope of sanctions available to address non-compliance with a pretrial order depends primarily on the impact of the sanction on the non-compliant party, the prejudice of the non-compliance to the opposing party, and the availability of means to cure such prejudice. See *Betzel v. State Farm Lloyds*, 480 Fd. 3d 704 (5th Circuit 2007).

      The appropriateness of sanctions imposed for non-compliance with a pretrial order is reviewable under an abuse-of-discretion standard. See *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *1488, Inc., v. Philsec Inv. Corp.*, 939 F. 2d 1281 (5th Circuit 1991); *Barrett v. Atlantic Richfield Co.*, 95 F. 3d 375 (5th Circuit 1996).

      Under the circumstances, counsel for Plaintiffs have been reasonably diligent in complying with PTO No. 25 and have timely sought an extension of time to fully comply with PTO No. 25. At all relevant times, Plaintiffs cases have been inactive, and they are expected to remain inactive for several months in the future. To deny Plaintiffs the ability to serve PPFs, resulting in a dismissal of their actions, would be an inconceivable draconian sanction in an

3

instance where Plaintiffs cases are inactive and the Defendants have suffered no prejudice or expense as a result of any delay in serving PPFs.

The court should grant Plaintiffs motion consistent with the proposed order submitted with the motion and this memorandum.

**RESPECTFULLY SUBMITTED**,

/s/Professor P. Tim Howard
Professor P. Tim Howard
Howard & Associates, Attorneys at Law, P.A.
8511 Bull Headley Road, Suite 405
Tallahassee, Florida 32312
(850) 298-4455 - telephone
(850) 216-2537 - facsimile
Florida Bar No. 655325
tim@howardjustice.com

/s/ Douglas S. Lyons
Douglas S. Lyons
Lyons and Farrar, P.A.
325 North Calhoun Street
Tallahassee, Florida 32301
(850) 222-8811 - telephone
(850) 222-5583 - facsimile
Florida Bar No. 128277
doug.lyons@lyonsandfarrar.com

/s/Samuel T. Adams
Samuel T. Adams
460 Grace Avenue
Post Office Box 191
Panama City, Florida 32402-0191
(850) 785-3469 - telephone
(850) 640-1562 - facsimile
Florida Bar No. 160184
tom@samueltadams.com

**Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Plaintiffs Motion for Extension of Time to Serve Plaintiff Profile Forms has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 4th day of October, 2013.

                                                                /S/Samuel T. Adams
                                                                Samuel T. Adams