# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

October 7, 2013

**VIA EMAIL**

The Honorable Carl J. Barbier
United States District Court
500 Poydras Street
New Orleans, LA 70130

In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Barbier:

The Court's amended August 29, 2013 *Order and Phase Two Timeline* required that by September 27th "the parties shall exchange all demonstratives that they can reasonably anticipate using in the Quantification openings and during the Quantification segment of the trial."  Rec. Doc. 11180 ("8/29/13 Order").  Pursuant to that requirement, the BP Parties ("BP") exchanged 287 demonstratives by the deadline.  The United States ("U.S.") exchanged only 34.  Yet this past Friday night, October 4th, the U.S. disclosed 20 new demonstratives.  On Saturday night the U.S. disclosed 100 additional demonstratives.  BP objects to these demonstratives as untimely and seeks relief for the prejudice caused by the late disclosure.

In response to BP's request to meet and confer about this objection, the U.S. claimed that the "timeline allows service of demonstratives up to 48 hours before they are used with a witness."  Exhibit A (10/6/13 Email Correspondence between R. Gasaway and S. Himmelhoch).  What the U.S. is referring to is a <u>footnote</u> to the demonstrative exchange deadlines in the *8/29/13 Order* that states: "The parties shall exchange any **additional** demonstratives to be utilized for the direct examination of a prospective witness 48 hours before the day the demonstrative aides are to be used for the first time."  Rec. Doc. 11180 (emphasis added).  Read plainly as a footnote to the deadlines, this permission to exchange *additional* demonstratives is contingent on the parties first following the Court's deadline and exchanging *all* demonstratives *reasonably anticipate[d]*.  The U.S. clearly failed to do so.

U.S. counsel confirmed that the 120 demonstratives disclosed since Friday night "are intended to be used with our direct witnesses."  *See* Exhibit A.  Rather than satisfying BP's

# KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
October 7, 2013
Page 2

concern, this fact reveals that all or most of these demonstratives were reasonably anticipated by the September 27th deadline.  The U.S. has been planning to present its case in this trial for months, and it has known which witnesses it would call for at least several weeks.  It may not suggest now that it was not able to reasonably anticipate using demonstratives during the direct examinations of its own key witnesses on the first days of trial, especially demonstratives as sophisticated as those exchanged on Saturday night.  *See* Exhibit B (Examples of U.S. demonstratives exchanged on October 5th).

By not following the Court's Order and by waiting to disclose all or most of its direct examination demonstratives only 48 hours before the start of trial, the U.S. took unfair advantage of BP's compliance with the deadline.  The U.S. had 10 days to review the 287 demonstratives exchanged by BP and to prepare responses, adjust its cross-examinations accordingly, prepare its witnesses in light of BP's disclosures, and had a full three days to file objections.  In contrast, BP was denied those opportunities.  BP also was forced--in the final two days of preparing for trial--to divert a substantial amount of time and resources to reviewing and understanding 120 newly-disclosed U.S. demonstratives, and to prepare objections within close to 24 hours in order to preserve BP's rights.  BP has been prejudiced as a result.

BP does not believe that the Court contemplated the parties would play by different rules.  The Court set deadlines for the exchange of demonstratives in a collaborative process that included counsel for the U.S.[1]  Accordingly, BP respectfully requests a ruling on its objection to the 120 demonstratives exchanged by the U.S. on October 4th and 5th.  Relief is necessary to prevent an unfair advantage to the U.S. and undue prejudice to BP.

As always, we appreciate the Court's time and consideration in this matter.

Sincerely,

/s/ Andrew Langan, P.C.

cc:   The Honorable Sally Shushan
      Steve O'Rourke
      Ben Allums
      Mike O'Keefe

---

[1] For example, the United States requested and received from Judge Shushan an extension of the deadline to September 27th from September 23rd.  *See* Exhibit C (9/18/13 Email from S. O'Rourke to Magistrate Judge S. Shushan)