UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179 SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| ALL CASES | : : | MAGISTRATE JUDGE SHUSHAN |

..................................................................................................................................

**RESPONSE OF THE UNITED STATES TO BP'S MOTION [REC. DOC. 11559] FOR JUDGMENT ON PARTIAL FINDINGS PURSUANT TO RULE 52(C) <u>WITH RESPECT TO THE SOURCE CONTROL SEGMENT</u>**

The United States takes no position on the merits (*vel non*) of BP's motion -- nor the Aligned Parties' opposition to that motion. However, BP appears to seek both (1) legal conclusions that may relate to Phase One, and (2) over-reaching Findings of Fact potentially related to the Penalty Phase. Because the Court's ruling on the motion could conceivably impact the claims of the United States in the matter of *United States v. BP* (Civil No. 10-4536), we file this short statement.

The First Claim for Relief in *United States v. BP* seeks civil penalties under section 311(b)(7) of the Clean Water Act ("CWA"), U.S.C. § 1321(b)(7). BP's Motion could implicate the claim of the United States in two ways.

First, in Phase One the parties extensively briefed the legal standards for "gross negligence and willful misconduct." BP's new brief appears to re-argue the meaning of these standards, including discussion of a purported "conscious indifference" standard, and also cites

- 1 -

to a CWA case, *United States v. Citgo*.  BP Brief [Doc. 11559-1] at 6.  To the extent that BP's Phase Two "source control" motion seeks (inadvertently or otherwise) to affect the United States' CWA claims, we respectfully ask the Court to refrain from making any legal rulings or mixed rulings of law and fact that are not necessary to the disposition of BP's motion.  Phase Two rulings should not decide the questions that were to be presented in Phase One.

The United States has filed Phase One proposed Findings of Fact establishing that BP acted with gross negligence and willful conduct.[1]  Further, the United States' post-trial briefing regarding the CWA standards explained that Texas law (or other state law) does not apply to the CWA, and that "conscious indifference" is not required.  *See, e.g.*, *Safeco v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007) (discussed and quoted at length in the United States' post-trial response brief), which limits the *mens rea* concepts that BP relies on to *criminal* liability – *not* civil liability -- involving willful misconduct.[2]

Second, the Court has yet to schedule the "Penalty Phase" trial to take evidence on the penalty factors set out at 33 U.S.C. § 1321(b)(8).  *See*, Phase Two trial transcript, Sept 30, 2010 at 9.  However, one of those penalty factors specifically relates to BP's "efforts to minimize or mitigate the discharge" of oil.  Thus, the evidence in the Source Control Phase might also relate to the Court's evaluation of the penalty factors during the Penalty Phase.  For example, if the Court finds that BP did not adequately prepare for Source Control, such evidence may relate to the penalty assessment, even if such evidence does not prove GML standards of "willful"

---

[1] *See*, United States' proposed Findings of Fact [Rec.Doc. 10460-1] and specific findings concerning BP's "reckless" conduct at FoF Nos. 21-45, 190-191, 197, 220, 237, and 266.  With respect to BP's separate acts of "willful misconduct," *see* FoF Nos. 192-243, 244-257; and FoF No. 5, fn. 2, discussing the relationship of the *interlinked series* of causal events to the legal standard of willful misconduct, as explained in *In re Tug OCEAN PRINCE*, 584 F.2d 1151 (2d Cir.1978), and *Water Quality Insurance Syndicate v. United States ("WQIS 2007")*, 522 F.Supp.2d 220 (D.D.C. 2007).  To the extent necessary to respond to BP's Motion insofar as it seeks to impact the claims of the United States, we incorporate by reference its proposed Findings of Fact and post-trial briefs [Rec. Doc. 10461 and 10733].

[2] *See*, United States' post-trial Phase One Response Brief [Rec.Doc. 10733] at pp. 2-7.

misconduct or fraud. BP's motion seeks judgment as to certain general maritime law ("GML") claims that, according to BP, invoke specific legal standards. *See,* BP Motion at 3 (enumerating standards for "willful" or "fraudulent" acts). But BP overreaches, seeking the Court's findings that there were not any "negligent" acts, Motion at 2-3, which is a legal standard lower than those legal standards implicated in the claims actually at issue in the Source Control track, and a standard that the Court need not address in ruling on BP's motion.

Therefore, due to the potential overlap between Phase Two's Source Control segment and the elements of the CWA claim already tried in Phase One and those still to be tried in Phase Three, the United States requests that the Court refrain from making any legal rulings applicable to the CWA, and refrain from making any findings as to simple negligence, or any other standard – legal or equitable -- beyond those standards specifically required under the GML as necessary to grant or deny BP's motion.[3]

Dated: October 7, 2013.                                   Respectfully submitted,

| | |
|---|---|
| BRIAN HAUCK | ROBERT G. DREHER |
| Deputy Assistant Attorney General | Acting Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| | |
| PETER FROST | SARAH HIMELHOCH |
| Directory, Torts Branch, Civil Division | Senior Counsel |
| Admiralty and Aviation | NANCY FLICKINGER |
| STEPHEN G. FLYNN | SCOTT CERNICH |
| Assistant Director | RICHARD GLADSTEIN |
| MICHELLE DELEMARRE | THOMAS BENSON |
| SHARON SHUTLER | Senior Attorneys |
| JESSICA SULLIVAN | A. NATHANIEL CHAKERES |
| JESSICA MCCLELLAN | ANNA CROSS |
| MALINDA LAWRENCE | JUDY HARVEY |
| Trial Attorneys | BETHANY ENGEL |
| | RACHEL KING |
| | ERICA PENCAK |
| | Trial Attorneys |

---

[3] This is especially so as the United States was not participating in the Source Control track.

-4-

/s/ R. Michael Underhill
R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
Telephone:  415-436-6648
Facsimile:  415-436-6632
E-mail:  mike.underhill@usdoj.gov

/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone:  202-514-2779
Facsimile:  202-514-2583
E-mail:  steve.o'rourke@usdoj.gov

DANA J. BOENTE
United States Attorney
Eastern District of Louisiana
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA  70130
Telephone:  (504) 680-3000
Facsimile:  (504) 680-3184
E-mail:  sharon.d.smith@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date:  October 7,  2013.                                    /s/ R. Michael Underhill
                                                            U.S. Department of Justice