UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| | JUDGE BARBIER |
| This Document Relates To: | MAGISTRATE JUDGE SHUSHAN |
| Civil Action No. 2:13-cv-02753-CJB-SS *Mississippi Gulf Coast Regional Convention And Visitors Bureau*, f/k/a Harrison County Tourism Commission Vs. BP Exploration & Production, Inc.; BP America Production Company; BP p.l.c. | |

## FIRST AMENDED COMPLAINT FOR DAMAGES[1]

**NOW COMES PLAINTIFF,** Mississippi Gulf Coast Regional Convention and Visitors Bureau, formally known as, Harrison County Tourism Commission, through undersigned counsel, who does allege, aver and represent as follows:

### Nature of the Action

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiff has suffered economic injury, damage and/or losses as a result of the oil spill.

---

[1] Amended to add name change of Plaintiff, only. Harrison County Tourism Commission was renamed Mississippi Gulf Coast Regional Convention and Visitors Bureau, effective July 1, 2013, by State Legislation. No other changes were made to the Complaint.

1

## THE PARTIES, JURISDICTION AND VENUE

3. Plaintiff, Mississippi Gulf Coast Regional Convention and Visitors Bureau, formally known as, Harrison County Tourism Commission (hereinafter "[Plaintiff]"), is an entity that is a resident of the age of majority of Mississippi located in Harrison County, Mississippi.

4. Plaintiff brings these claims pursuant to Federal General Maritime Law including/and/or the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.*

5. Jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."

6. Jurisdiction also exists before this Court pursuant to the Oil Pollution Act, 33 U.S.C. § 2717(b) (the "OPA").

7. Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois. BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714. This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Mississippi, does business in Mississippi, and whose registered agent is CT Corporation Systems at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

8. Defendant, BP America Production Company ("BP America") is a Delaware corporation

2

with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Mississippi, does business in Mississippi, and whose registered agent is CT Corporation Systems at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

9. Defendant BP p.l.c. is a British public limited company with its corporate headquarters in London, England. BP p.l.c. is the global parent company of the worldwide business operating under the "BP" logo. BP p.l.c. operates its various business divisions, such as the "Exploration and Production" division within BP Exploration and BP America, through vertical business arrangements aligned by product or service groups. BP p.l.c.'s operations are worldwide, including in the United States. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and are sufficiently controlled by BP p.l.c. so as to be BP p.l.c.'s agents in Mississippi and the U.S. more generally. Plaintiffs further adopt and incorporate by reference all jurisdictional allegations against BP p.l.c. set forth in Paragraphs 212-218 of the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.*

10. BP Exploration, BP America, and BP p.l.c. are generally referred to herein collectively as the "BP Defendants" or "BP."

11. Venue is proper in this jurisdiction because the defendants' actions, inactions, and failures directly and proximately caused the damage and harm to the Plaintiff in this jurisdiction.

Factual Background

12. Plaintiff adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

13. Plaintiff further adopts and incorporated as if fully restated herein Plaintiffs' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, 2011; Amended Response to Phase One Request for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012.

14. The Plaintiff is a government entity whose purpose is to promote the tourism in Harrison County, Mississippi, which suffered economically due to the Oil Spill. The ability of the Plaintiff to perform or carry out its mission, purposes, duties and responsibilities to advertise and promote Mississippi Gulf Coast Tourism attractions, events and opportunities and the Mississippi Gulf Coast Coliseum and Convention Center were severally damages as a result of the Oil Spill and the Defendants conduct. Furthermore, negative perceptions about the condition and quality of the Mississippi Gulf Coast natural resources, including fisheries, coastal wetlands, seafood, beaches, barrier islands, and water quality arose immediately following the Oil Spill and unfortunately linger today. Additionally, our tourism attractions, events, opportunities and conventions suffered significant adverse perceptions and decrease of participation. These negative perceptions have been exceedingly difficult to overcome and have resulted in the loss of visitors to the Mississippi Gulf Coast. With the loss of visitors, the Plaintiff sustained the loss of

room tax revenues, among other forms of revenues, otherwise available to the Plaintiff. Advertising programs and campaigns which were planned to be implemented by the Plaintiff prior to the Oil Spill had to be cancelled. The cancellations resulted in unnecessary expenses and losses suffered by the Plaintiff. New programs and campaigns had to be created and implemented to overcome the devastating affect upon the tourism industry of the Mississippi Gulf Coast as a result of the Oil Spill. This breach of the standard care is the proximate cause of the damages to Plaintiff.

15. As such, the Plaintiff suffered damages injury and was directly harmed as a result of the Oil Spill and the Defendants conduct. The Plaintiff are claiming damages for the loss of revenue from reduced hotel occupancy and loss of future projections and other income that were incurred as a result of the Oil Spill and all compensatory and punitive damages of any type including all damages allowed by statute or common law based in tort, contract, real property, general maritime law or any other basis. In addition, the Plaintiff is making a claim for all damages provided in law or equity for at least $5,000,000.00 plus pre and post-judgment interest, costs and attorneys fees.

16. Plaintiff, out of the abundance of caution, made and/or re-made "presentment" of a Claim in accord with 33 USC §§ 2702(b) and 2713, by submitting a description of the claim with a "sum certain" and some supporting documentation to BP as the "responsible party" under OPA *via* hand delivered on or about January 18, 2013. Because Plaintiff previously asserted claims against the responsible party through its presentment hand-delivered on January 18, 2013 was made (and/or re-made) out of an abundance of caution, and same is incorporated herein by reference.

17. BP either denied the claims or otherwise failed to respond within 90 days of presentment.

Claims for Relief

18. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiffs for removal costs and damages arising out of the following:

   a. Loss of Natural Resources;

   b. Loss or Damage to Real or Personal Property;

   c. Subsistence Use;

   d. Loss of Revenues;

   e. Loss of Profits and/or Earning Capacity; and

   f. Loss of Public Services.

19. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints against all defendants identifying General Maritime Law causes of action and claims for relief relating to the following:

   a. Negligence; and

   b. Gross Negligence and Willful Misconduct.

20. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints against all defendants for Punitive Damages arising out of willful and wanton misconduct and/or gross negligence as alleged and described in the MDL Complaints.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff[s], Harrison County Tourism Commission, demand[s] judgment against Defendants, jointly, severally, and *in solido,* as follows:

a. Economic and compensatory damages in amounts to be determined at trial;

b. Punitive Damages;

c. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d. Reasonable claims preparation expenses;

e. Attorneys' fees;

f. Costs of litigation; and

g. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

REQUEST FOR TRIAL BY JURY

Plaintiff[s] request that the above and foregoing be heard at trial by a jury of peers.

Respectfully submitted, this the 8th day of October, 2013.

    MISSISSIPPI GULF COAST REGIONAL
    CONVENTION AND VISITORS,
    F/K/A HARRISON COUNTY TOURISM
    COMMISSION

    BY:/s/MATTHEW G. MESTAYER

    AND

    HUGH KEATING
    DUKES, DUKES, KEATING & FANECA
    PO DRAWER W
    GULFPORT, MS  39501
    (228) 868-1111 PHONE
    hugh@ddkf.com

MATTHEW G. MESTAYER (MS BAR NO. 9646)
REEVES & MESTAYER, PLLC
160 MAIN STREET
PO DRAWER 1388
BILOXI, MS  39533
(228) 374-5151 PHONE
(228) 374-6630 FAX
mgm@rmlawcall.com

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Amended Complaint has been served on all counsel by electronically upload the same to Lexis Nexis File & Serve in accordance with Pretrial Order 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 8th day of October, 2013.

BY: /s/MATTHEW MESTAYER
MS BAR NO. 9646
REEVES & MESTAYER, PLLC
PO DRAWER 1388
BILOXI, MS 39533
(228) 374-5151 PHONE
(228) 374-6630 FAX
mgm@rmlawcall.com