UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179<br><br>SECTION: "J" |
| This Document Applies to: | JUDGE BARBIER |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | MAG. JUDGE SHUSHAN |

# MEMORANDUM OF LAW IN SUPPORT OF GLEN LERNER'S MOTION FOR COMPLETE DISCOVERY FROM SPECIAL MASTER AND TO CONTINUE RESPONSE DATE TO THE ORDER TO SHOW CAUSE UNTIL AFTER COMPLETE PRODUCTION OF RELEVANT EVIDENCE

NOW COMES Glen Lerner, through counsel, to move for production of relevant evidence obtained by the Special Master and ordered by the Court to be delivered to Mr. Lerner.[1] Rec. Doc. 11442. The Special Master has interpreted the Court's order to require delivery to Mr. Lerner only the evidence which supports his conclusion, and not evidence "relevant" to Mr. Lerner. *Id.* That interpretation is plainly wrong and deprives Mr. Lerner of the ability to respond to the Court's Order [Regarding Special Master Louis J. Freeh's Report of September 6, 2013], entered on September 6, 2013 (Rec. Doc. 11288) (hereafter "Show Cause Order"), and object to the Report ("Special Master's Report"), Rec. Doc. 11287.  Mr. Lerner also moves to

---

[1] Mr. Lerner appears solely to move to complete the discovery the Court afforded in its discovery Order.  Rec. Doc. 11442.  Mr. Lerner specifically reserves his right to make any and all objections to the Special Master's Report and the Court's Order, including those grounds for dismissal set forth in Federal Rule of Civil Procedure 12(b) and

{N2707837.1}                                                           1

continue the presently set response date to the Show Cause Order of October 18, 2013, until 21 days after the production of all relevant evidence is complete. So as to not unduly burden the Court, Mr. Lerner adopts and incorporates by reference the arguments set forth in The Andry Law Firm's Memorandum in Support of Second Motion for Production of Documents. Rec. Doc. 11610. Mr. Lerner files this separate motion to provide the Court with specifics about the deficient discovery he received and to specify his further demands for disclosure.

1.

Like the discovery provided to The Andry Law Firm, the production of discovery made to Mr. Lerner is deficient. It omits evidence that is plainly "relevant" to the portions of the Special Master's Report concerning Mr. Lerner, which the Court ordered the Special Master to produce. Rec. Doc. 11442. Mr. Lerner received a mere 647 pages of evidence from the Special Master. Among the obviously relevant evidence withheld from the Special Master's production is the following:

- A complete copy of Mr. Lerner's transcribed testimony before the Special Master. The Special Master disclosed to Mr. Lerner only 20 pages from his approximately four-hour-long transcribed interview. *See* Ex. A (SM-01-GL00536-50, GL00610-16).[2]

- A complete copy of the transcribed testimony of key witnesses, including Lionel "Tiger" Sutton, Jon Andry, Christine Reitano, and Patrick Juneau. Mr. Lerner received only 27 pages of Mr. Sutton's testimony (SM-01-GL00536-550,

---

grounds relating to the scope of the Special Master's authority under Rule 53.
[2] Exhibit A to this Motion is a CD, filed under seal, consisting of the Special Master's entire production to Mr. Lerner. The "SM-01-GL####" reference is to the Bates numbered pages of the Special Master's production.

{N2707837.1}   2

GL631-41); 27 pages of Mr. Andry's testimony (SM-01-GL00508-35); five pages of Ms. Reitano's testimony (SM-01-GL-572-77); and four pages of Mr. Juneau's testimony (SM-01-GL-551-53, 642-44).

- Redacted portions of interview memoranda of other key witnesses, including Casey Thonn (SM-01-GL00364-69), Christina Mancuso (the AndryLerner lawyer who worked up the Thonn Claim) (SM-01-GL00386-88), Jeff Cahill (the Chief Financial Officer of Glen Lerner & Associates, who initiated the wiring of the Thonn Claim fee payment to Mr. Sutton) (SM-01-GL-00393-98), and Susan DeSantis (an employee at AndryLerner who communicated with Mr. Sutton via email about the Thonn Claim referral fee payment) (SM-01-GL00402-05).[3]

- Redacted portions of internal investigative reports prepared by the Claims Administration Office ("CAO"), including an interview memorandum of Mr. Sutton, dated June 20, 2013, concerning the activities of Mr. Sutton in relation to the Thonn Claim and Referral Fee Payment and Crown LLC. There are three such reports, consisting of 13 pages, and all but approximately one page, in the aggregate, is redacted (SM-01-GL00458-67, GL00472-74).

- All of the subpoenaed electronic communications and other documents produced by Mr. Lerner, Glen Lerner & Associates, and Crown LLC, which numbered over 2,000 pages. Although Mr. Lerner has access to these materials, the Special

---

[3] In particular with respect to Mr. Cahill and Ms. DeSantis, it is difficult to understand how any portion of their respective witness interviews would not be relevant to either the Thonn Claim and Referral Fee or Crown LLC. Both were involved only in the Thonn Claim and Crown LLC matters, and no other matters addressed in the Special Master's Report.

{N2707837.1}                                    3

Master's disclosure of only selected documents from these productions demonstrates the overly narrow definition of "relevance" that he employed.

The Special Master also excluded evidence favorable to Mr. Lerner. The following are but a few examples:

- On page 29 of his interview transcript, Mr. Lerner testified that he and Mr. Andry disagreed about paying Mr. Sutton a referral fee, undermining the Special Master's assertion that Mr. Lerner and Mr. Andry "agreed" to pay a referral fee on the Thonn Claim. Special Master's Report at 3. However, the pages proceeding page 29 are excluded, on which it appears Mr. Lerner is describing other relevant conversations with Mr. Andry and others (SM-01-GL0543-44).

- On page 58 of his interview transcript, Mr. Lerner testified about the circumstances of his assent to making referral fee payments on the Thonn Claim. Mr. Lerner's answered a question, "No, I would have [made the payment], as long as I didn't think I was doing anything wrong, I was going to make the payments." Mr. Lerner continued on the last line of page 58, "I had no reason to believe there was . . .," at which point page 59 is excluded from the transcript (SM-01-GL0549-50).

- On pages 64-69 of his testimony, Mr. Sutton explained to the Special Master that his receipt of the Thonn Claim referral fee was not linked to payments from Crown LLC or to payments on any other AndryLerner claims before the CAO, which undermines the Special Master's allegation that Mr. Sutton was an "insider" paid to advance AndryLerner claims. Special Master's Report at 21.

    However, the Special Master excluded pages 65, 67-68 from the production (SM-01-GL0565-67).

2.

 For the reasons set forth in the The Andry Law Firm's memorandum of law, the proper role of the Special Master in these Show Cause proceedings does not include acting as a party or advocate and deciding what is and what is not relevant to produce to Mr. Lerner.  Mr. Lerner is entitled to receive *all* relevant documents that the Special Master collected or generated regarding the Thonn Claim and Referral Fee Payment and the Sutton-Crown Relationship.  The record developed by the Special Master is before the Court in its entirety, and Mr. Lerner is entitled by due process, the Federal Rules of Civil Procedure, and this Court's discovery order to disclosure of all relevant portions of that record, without exclusions or redactions.   Mr. Lerner cannot otherwise reasonably defend against the allegations made against him in the Special Master's Report or the Special Master's legal conclusions, which this Court must review *de novo*.  Fed. R. Civ. P. 53(f)(3) & (4).

 So that there is no ambiguity about what Mr. Lerner deems "relevant" to his defense, we set forth below a non-exclusive list of categories of "relevant" material that the Special Master should produce to Mr. Lerner pursuant to the Court's discovery order, without exclusions or redactions.

- Every document[4] referenced in, referred to or obtained in connection with the Special Master's Report regarding the Thonn Claim and Referral Fee Payment and the Sutton-Crown Relationship;

---

[4] The term "document" as used herein includes electronically stored information.

{N2707837.1}        5

- All documents that establish facts that are contrary to or inconsistent with any "finding" or "fact" set forth in the Special Master's Report, or that contain evidence that is favorable to Mr. Lerner.

- Statements of all witnesses (including Mr. Lerner), transcribed, summarized or recorded in any manner, as well as rough notes, regarding the Thonn Claim and Referral Fee Payment and the Sutton-Crown Relationship;

- All subpoenas issued regarding the Thonn Claim and Referral Fee Payment and the Sutton-Crown Relationship;

- All documents produced and or received as a result of the subpoenas issued regarding the Thonn Claim and Referral Fee Payment and the Sutton-Crown Relationship;

- All documents obtained from the Claims Administration Office regarding the Thonn Claim and Referral Fee Payment and the Sutton-Crown Relationship;

- All bank records regarding the Thonn Claim and Referral Fee Payment and the Sutton-Crown Relationship;

- All original phone records and logs regarding the Thonn Claim and Referral Fee Payment and the Sutton-Crown Relationship;

- All email communications regarding the Thonn Claim and Referral Fee Payment and the Sutton-Crown Relationship;

- All Deepwater Horizon Economic & Real Property Claims Center ("DHECC") claims records regarding the Thonn Claim;

- DHECC claims records regarding the claim of any client of AndryLerner, LLC, whose claim the Special Master has reviewed or intends to review as "suspicious," pursuant to the Show Cause Order;

- All documents relevant to the Special Master's audit, investigation or analysis of any claim of an AndryLener client that the Special Master has reviewed or intends to review as "suspicious," pursuant to the Show Cause Order;

- Forensic images of the laptop computers and mobile device hardware belonging to the CAO used by Mr. Sutton and Ms. Reitano, as referenced on page 15 of the Special Master's Report;

- All documents received from the "CAO's Waste Fraud, and Abuse Director's initial investigation," regarding the Thonn Claim and Referral Fee Payment and the Sutton-Crown Relationship, as identified on page 15 of the Special Master's Report;

- All documents received from "DHECC court-appointed contractor vendors" "pertaining to the management of CSSP claims and the processes for claims review, claims documentation, claims adjudication and payment," and "the lifecycle of claims," as identified on page 15 of the Special Master's Report;

- All documents showing dates and times of access by Lionel Sutton or Christine Reitano to "the DHECC claims database system," as identified on page 15 of the Special Master's Report.

WHEREFORE, Mr. Lerner requests that the Court grant his motion for discovery and order the Special Master to provide access to information relevant to portions of the Special

Master's Report concerning Mr. Lerner, as described above. Mr. Lerner also requests that the Court continue Mr. Lerner's response date to the Show Cause Order until 21 days after all relevant discovery is produced by the Special Master.

       Respectfully submitted,

       */s/ Pauline F. Hardin*
       Pauline F. Hardin (La. Bar #6542)
       Jones Walker LLP
       201 St. Charles Avenue
       49th Floor
       New Orleans, LA 70170
       Telephone: (504) 582-8110
       Fax: (504) 589-8110
       phardin@joneswalker.com

       AND

       William W. Taylor, III (D.C. Bar # 84194)
       Amit P. Mehta (D.C. Bar #467231)
       ZUCKERMAN SPAEDER LLP
       1800 M Street, NW
       Suite 1000
       Washington, DC 20036-5802
       Telephone: (202) 778-1865
       Facsimile: (202) 822-8106
       amehta@zuckerman.com

       *Attorneys for Glen J. Lerner*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing Motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 9th day of October, 2013.

                                                                                                            */s/ Pauline F. Hardin*
                                                                                                             Pauline F. Hardin