# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | **MDL NO. 2179** |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | **SECTION: J** |
| | * | |
| | * | |
| | * | **HONORABLE CARL J. BARBIER** |
| | * | |
| | * | **MAGISTRATE JUDGE SHUSHAN** |
| | * | |
| | * | |
| | * | |

| | | |
|---|---|---|
| **Plaisance, *et al.*, individually** | * | **NO. 12-CV-968** |
| **and on behalf of the** | * | |
| **Medical Benefits Settlement Class,** | * | **SECTION: J** |
| | * | |
| **Plaintiffs,** | * | |
| | * | **HONORABLE CARL J. BARBIER** |
| **v.** | * | |
| | * | **MAGISTRATE JUDGE SHUSHAN** |
| **BP Exploration & Production Inc., *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST JOSEPH DARRELL PALMER, MIKE STURDIVANT, PATRICIA STURDIVANT, SUSAN FORSYTH, AND JAMES KIRBY, IV

In its Order dated August 28, 2013, the Court held that the objectors to the Medical Benefits Class Action Settlement and their counsel, Joseph Darrell Palmer, had acted in "bad faith" when they appealed final approval of the settlement. [REC. DOC. 11174.]  Less than one month later, Mr. Palmer acknowledged in a sworn court filing before the U.S. Fifth Circuit Court of Appeals that the objectors had submitted incomplete and inconsistent documentary evidence and that Mr. Palmer himself had made multiple untruthful representations to both this Court and the Court of Appeals.  Shortly thereafter, the Court of Appeals remanded the case to determine

whether these objectors—all represented by Mr. Palmer, and the only four remaining in a class of approximately 200,000—possess standing sufficient to further delay the Effective Date of this settlement.

It is somewhat astounding that objectors have been unable to establish standing over the course of several submissions both here and in the Court of Appeals.  This failure dates back to at least the fairness hearing in November of 2012.  To paper over their failure, objectors and their counsel have ignored rules applicable to other litigants, and then attempted to justify their misbehavior with untruths and excuses.  Objectors even went so far as to seek sanctions against the Class for requesting that objectors carry *their* constitutional burden to establish standing.  All the while, objectors' behavior has unreasonably delayed the effective date of the Medical Settlement by what is now nearly one year.  Objectors' conduct, and the conduct of counsel, is dilatory and vexatious, needlessly prolonging this litigation while class members await receipt of the settlement's benefits.

On September 17, 2013, Class Counsel delivered a formal "safe harbor" letter requesting that objectors withdraw their Notice of Appeal and end these dilatory tactics.  Class Counsel received no response.  Accordingly, the Class seeks sanctions against objectors and objectors' counsel under Rule 11, 28 U.S.C. §1927, and the inherent power of the Court to penalize and deter bad faith conduct.

## I.   Factual Background

As the Court is well aware, there were a miniscule number of objectors to the Medical Benefits Settlement Class—less than one-tenth of one percent.[1]  Prior to the fairness hearing, the

---

[1] Unless otherwise defined herein, terms with initial capital letters used in this Memorandum have the meanings ascribed to the fully capitalized renderings of such terms in the Medical Benefits Class Action Settlement Agreement.

Court ordered each objector to submit documentation establishing his or her class membership. Specifically, the Court "required that each objection include written evidence establishing that the individual was a Class Member," and advised that a "Class Member[] who failed to comply with these requirements 'shall waive and forfeit any and all rights he or she may have to object to the Medical Benefits Class Action Settlement.'" [REC. DOC. 8217 at 5 (quoting REC. DOC. 6419 at 26).]  By their counsel's own admission, (over ten months and several motions later), the objectors failed to comply with the Court's order.[2]

The Court, apparently suspicious of the objectors' motive and/or standing, pressed Mr. Palmer on this omission during the fairness hearing: "Did [your clients] make claims in this class?" [FAIRNESS HR'G TR. at 227:5.[3]]  Mr. Palmer, answered, "Yes, they did."  [*Id.* at 227:6.] To ensure there was no confusion by the question's meaning or import, the Court summarized its understanding of Mr. Palmer's response, stating, "So you represent persons who have made claims for medical benefits under this class settlement . . . ."  Mr. Palmer did not revise his initial response. [FAIRNESS HR'G TR. at 227:7-8.]  As he has since admitted to the Court of Appeals (but not to this Court), Mr. Palmer's statement was not true.[4]  His clients had not filed claims for medical benefits at the time of the fairness hearing.  Nor would they so file until almost one year later.

---

[2] *See* Declaration of Darrell Palmer (hereinafter "Palmer Decl."), submitted to the Court of Appeals on September 12, 2013, at ¶ 2, attached hereto as Exhibit A.  *See also* Plaintiffs-Appellees' Motion to Dismiss for Lack of Standing or, in the Alternative, for Remand to the District Court for Determination of Appellants' Standing at ¶ 6 (5th Cir. Dkt. No. 13-30221), attached hereto as Exhibit B.

[3] Relevant portions of the Fairness Hearing transcript are attached as Exhibit C.

[4] *See* Exhibit A, Palmer Decl. ¶ 2.

3

In the Court of Appeals, the Class moved to dismiss the objectors' appeal for lack of standing. Mr. Palmer opposed this motion and resorted to a familiar tack; he again asserted, untruthfully, that his clients had submitted claims for medical benefits to the Claims Administrator and asserted that they were therefore class members with standing.[5] To bolster his assertion, Mr. Palmer purported to attach each objector's submitted claim form. These claim forms contained inconsistencies. One was unsigned. Each was dated the same day that Mr. Palmer filed his opposition. Mr. Palmer did not ask the Court of Appeals to supplement the record with this "new evidence"; he did, however, seek sanctions against the Class for requesting that his clients establish standing. The Class responded by pointing out the misrepresentations and inconsistencies throughout Mr. Palmer's submission.

The objectors then filed yet another submission with the Court of Appeals, this one containing over 100 pages of additional, "new evidence." This second submission of "new evidence," which purported to be the most recent incarnation of the objectors' claim forms and required affidavits, contained different information from the previous "evidentiary" submission. Indeed, each objector submitted an affidavit admitting that the substance of their claim had changed from one submission to the next.[6] Mr. Palmer attempted to excuse these inconsistencies

---

[5] This time, Class Counsel obtained an affidavit from the Claims Administrator to refute Mr. Palmer's misrepresentation. *See* Declaration of Matt Garretson, dated August 18, 2013, attached hereto as Exhibit D.

[6] *See* Plaintiffs-Appellees' Brief in Opposition to Appellants' Motion for Leave to Respond to New Arguments in Reply Brief of Class Counsel's Motion to Dismiss, at 4-5 & n.2 (5th Cir., Dkt. No. 13-30221), attached hereto as Exhibit E.

by blaming "logistical problems"; vacation; commencement of a new school year; and support staff illness.[7]

The Court of Appeals granted the Class' motion to dismiss and remanded to this Court on September 30, 2013.  Thus, one year has elapsed since the objectors and their counsel were initially ordered by this Court to carry their burden to establish standing; rather than expeditiously satisfying this requirement, they have delayed, vexatiously moved for sanctions against the Class, lied to multiple tribunals, obfuscated the true nature of their claims, and, in the end, wound up exactly where they started—the District Court.  All the while, the Class is awaiting receipt of its bargained-for medical benefits.  As this Court has held, the objectors and their counsel have acted in "bad faith."  Sanctions are warranted.

Accordingly, on September 21, 2013, Class Counsel delivered a Rule 11 "safe harbor" letter to Mr. Palmer.[8]  This letter requested that Mr. Palmer withdraw objectors' notice of appeal, which was filed in bad faith.  Further, Class Counsel drew attention to much of the misbehavior set forth above as further evidence of bad faith litigation tactics and improper purpose.  More than twenty-one days have elapsed since this letter was transmitted.  Mr. Palmer and the objectors have not withdrawn the notice of appeal.  Nor have they provided Class Counsel with a response.

---

[7] *See* Exhibit A, Palmer Decl.  The timing alone of Mr. Palmer's excuses provides further inconsistencies, as well as reason to doubt the veracity of his excuses.  In his September 12, 2013 declaration to the Court of Appeals, Mr. Palmer states that he was on vacation (and presumably not sufficiently attentive) when he completed the misleading documents that were submitted with the August 22, 2013 opposition to the Class' motion to dismiss.  But in a separate request for extension of time to file in this Court, submitted on September 4, 2013, Mr. Palmer states that on August 28, 2013, he was on a "week-long" vacation that continued through Labor Day.  As a matter of timing, there is no way Mr. Palmer could have been on a "week-long" vacation that both (1) commenced prior to August 22, 2013, and (2) extended through Labor Day.

[8] A copy of the September 21, 2013 "safe harbor" letter is attached hereto as Exhibit F.

## II.      Legal Argument

Federal Rule of Civil Procedure 11 states, "By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . ."

If the Court determines that a provision of Rule 11 has been violated, the court may "impose an appropriate sanction upon the . . . parties that are . . . responsible for the violation."  Fed. R. Civ. P. 11(c).  Offending counsel and client are both subject to sanctions under the Rule.  *Topalian v. Ehrman*, 3 F.3d 931, 934-35 (5th Cir. 1993).

In addition, unreasonable or vexatious lawyer conduct is sanctionable under 28 U.S.C. § 1927, which allows a court to require offending counsel "to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  The Fifth Circuit has explained that unreasonable and vexatious conduct is present where there is "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."  *Edwards v. Gen.*

*Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).  This Court has already concluded that Mr. Palmer acted in bad faith in this case.

Finally, the Court maintains the inherent power to impose sanctions "for conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).  Such conduct specifically encompasses bad faith litigation tactics, as well as knowing misstatements to the court.  *See id.* at 45-46; *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980); *Conner v. Travis Cnty.*, 209 F.3d 794, 799 (5th Cir. 2000).  Both outright dismissal and monetary sanctions are within the court's discretion.  *Chambers*, 501 U.S. at 45; *see also Carr v. Tillery*, 591 F.3d 909, 919-20 (7th Cir. 2010) ("A court has inherent power, which is to say a common law power, to punish by an award of reasonable attorneys' fees or other monetary sanction . . . misconduct by lawyers appearing before it.").  The imposition of sanctions under § 1927 or the court's inherent power is discretionary.  *Conner*, 209 F.3d at 799.

Here, there is no need to determine *if* bad faith conduct occurred; rather, the Court has already held that Mr. Palmer and his clients acted in bad faith.  This finding is sufficient to support sanctions.  *See Kipps v. Callier*, 197 F.3d 765, 770 (5th Cir. 1999); *Maguire Oil Co. v. City of Houston*, 143 F.3d 205 (5th Cir. 1998).  Indeed, the bad faith finding precludes any argument that Mr. Palmer or his clients acted reasonably.  But even if the Court had not issued such a ruling, evidence of bad faith and vexatious conduct is persistent and recurring.  Mr. Palmer made untruthful statements to this Court and the Court of Appeals both orally and in writing; such conduct warrants sanctions. *Delor v. Intercosmos Media Group, Inc.*, No. Civ. A. 04-3262, 2006 WL 435997, at *1 (Jan. 13, 2006) (Barbier, J.) (finding party's conduct sanctionable where party submitted false information in support of his legal claims); *In re Girardi*, 611 F.3d 1027, 1033, 1037-38 (9th Cir. 2010) (finding counsel's conduct sanctionable

where he misrepresented the facts of a related proceeding and emphasizing that "misrepresentation cannot be taken lightly"); *Jeffrey C. Stone, Inc. v. Greenberg Traurig, LLP*, No. CV 09-2454-PHX-MHM, 2011 WL 995930, at *3 (D. Ariz. Mar. 21, 2011) (finding evidence of bad faith where attorney misrepresented relevant facts and law in briefing and oral argument), *aff'd*, 467 F. App'x 582 (9t1h Cir. Jan. 25, 2012).  Mr. Palmer's misrepresentations were not tangential, but went to the heart of the standing inquiry before each respective court. This fact renders the conduct all the more egregious.  *See Carona v. Falcon Servs. Co., Inc.*, 72 F. Supp. 2d 731, 733 (S.D. Tex. 1999) (stating that sanctions are not warranted for "tangential matters," but for those pertaining to "highly relevant fact[s]").

Similarly, objectors submitted purported medical benefits claims forms that were substantively inconsistent with one another.  These forms were supported by affidavits purportedly signed under oath.  But the forms and affidavits were inconsistent.  Some omitted crucial details, such as a signature.  Such submissions—approximately 200 pages in total—raise serious veracity concerns.  Were they written by Mr. Palmer?  Did the objectors read the affidavits before they were signed?  If so, how did they overlook the inaccuracies?  Class Counsel was forced to spend hours poring through these submissions to determine whether they could be trusted, and to prevent the submission of "new evidence" that was inconsistent with "evidence" previously submitted.  Litigation behavior of this sort is unacceptable.  *See In re Taylor*, 655 F.3d 274, 287 (3d Cir. 2011) (affirming impositions of sanctions where counsel and counsel's law firm submitted documentary evidence to the bankruptcy court containing factual misrepresentations); *Carona*, 72 F. Supp. 2d at 733-34 (imposing sanctions where defendant submitted two mutually inconsistent affidavits and thereafter attempted to justify its behavior as "an honest mistake.").

To compound matters, Mr. Palmer sought sanctions against Class Counsel where he had no legal grounds to do so (because Class Counsel requested, quite reasonably it turns out, that objectors prove they had standing).  Indeed, the objectors have repeatedly delayed rather than simply produce evidence sufficient to meet their constitutional standing obligation.  Federal courts can and should impose sanctions on litigants that raise patently frivolous legal arguments and/or engage in vexatious motion practice.  *See Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002).

Sanctions are intended to deter improper conduct, *see* Fed. R. Civ. P. 11 Adv. Comm. Notes, and are imposed at the district court's discretion and may take a variety of forms, depending on the nature of the offending behavior, *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002); *see also* 5A Wright et al., Federal Practice and Procedure § 1336.3 (3d ed.) (collecting cases imposing variety of sanctions).  Here, Mr. Palmer and his clients have acted in bad faith.  They have misrepresented facts on multiple occasions to multiple judicial tribunals. Their improper behavior has thus far resulted in a year-long delay of the benefits set forth in the Medical Benefits Class Action Settlement.  Class Counsel has expended hours of time and effort attempting to secure the objectors' compliance to satisfy their constitutional burden to establish standing.

In short, Mr. Palmer and the objectors' behavior is serious and warrants a commensurate sanction: dismissal of the case.  In the alternative, the Class requests that Mr. Palmer and the objectors be forced to immediately forfeit the appeal bond posted pursuant to this Court's August 28, 2013 Order.  [*See* REC. DOC. 11174.]  The appeal bond was imposed because the Court determined that Mr. Palmer and his clients had acted in bad faith; this was before Mr. Palmer proceeded to make further misrepresentations before the Court of Appeals.  In other words, the

bond was not sufficient to deter Mr. Palmer's misconduct.  As a result, the Class has been forced to expend time and resources to answer to Mr. Palmer's false and vexatious submissions.  A sanction is thus required to deter similar misconduct in the future; forfeiture is a first step in that direction.  Finally, the Class seeks all other sanctions as the Court deems proper to deter irresponsible conduct in the future.

### III.     Conclusion

For the reasons set forth above, Class Counsel respectfully requests that Mike Sturdivant, Patricia Sturdivant, Susan Forsyth, James Kirby IV, and attorney Joseph Darrell Palmer be subjected to sanctions under Rule 11 of the Federal Rules, 28 U.S.C. § 1927, and/or the inherent powers of the Court, as follows: (1) dismissal of the appeal; (2) immediate forfeiture of the bond; and (3) any other sanctions as the Court deems proper to deter counsel's and objectors' irresponsible conduct in the future.

This $\underline{9^{th}}$ day of $\underline{October}$, $\underline{2013}$.

Respectfully submitted,

_____/s/   Stephen J. Herman_____
**Stephen J. Herman**, La. Bar No. 23129
**HERMAN HERMAN & KATZ LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhklawfirm.com
*Plaintiffs Liaison Counsel*

_____/s/ James Parkerson Roy_____
**James Parkerson Roy**, La. Bar No.11511
**DOMENGEAUX WRIGHT ROY & EDWARDS LLC**
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jjmr@wrightroy.com
*Plaintiffs Liaison Counsel*

## MEDICAL BENEFITS CLASS COUNSEL

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

## CERTIFICATE OF SERVICE

We hereby certify that the above and foregoing Memorandum will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 9th day of October, 2013.

/s/ Stephen J. Herman and James Parkerson Roy