# United States Court of Appeals for the Fifth Circuit

## No. 13-30221

IN RE: *DEEPWATER HORIZON* – APPEALS OF THE MEDICAL BENEFITS CLASS ACTION SETTLEMENT

On Appeal from the U.S. District Court for the Eastern District of Louisiana
C.A. Nos. 2:10-md-2179-CJB-SS and 2:12-cv-968-CJB-SS

## PLAINTIFFS-APPELLEES' MOTION TO DISMISS APPEAL FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR REMAND TO THE DISTRICT COURT FOR DETERMINATION OF APPELLANTS' STANDING

Stephen J. Herman
Herman Herman & Katz LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 569-6024

James Parkerson Roy
Domengeaux Wright Roy & Edwards LLC
556 Jefferson Street, Suite 500
Lafayette, LA 70501
Telephone: (337) 233-3033

*Co-Lead Class Counsel for the Plaintiffs-Appellees Medical Benefits Settlement Class*

August 7, 2013

# CERTIFICATE OF INTERESTED PERSONS

No. 13-30221

*IN RE: DEEPWATER HORIZON – APPEALS OF THE MEDICAL BENEFITS CLASS ACTION SETTLEMENT*

The undersigned counsel of record certifies that the following interested persons and entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Defendants – Appellees:**

BP Exploration & Production, Inc.
BP America Production Company

Attorneys for Defendants – Appellees

    Andrew B. Bloomer, P.C.
    Timothy A. Duffy, P.C.
    Richard C. Godfrey, P.C.
    James Andrew Langan, P.C.
    Elizabeth A. Larsen
    Steven Andrew Myers
    KIRKLAND & ELLIS LLP
    300 North LaSalle Street
    Chicago, IL 60654
    Telephone: (312) 862-2000
    Fax: (312) 862-2200

    Robert C. Mike Brock
    COVINGTON & BURLING, LLP
    1201 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004-0000
    Telephone: (202) 662-5985
    Fax: (202) 662-6291

Jeffrey Bossert Clark, Sr.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Fax: (202) 879-5200

James P. Joseph, I
Ethan Peter Keith Greene
ARNOLD & PORTER, LLP
555 12th Street, N.W.
Washington, D.C. 20004-0000
Telephone: (202) 942-5000
Fax: (202) 942-5999

Ellen K. Reisman
ARNOLD & PORTER, LLP
44th Floor
777 S. Figueroa Street
Los Angeles, CA 90017-5844

Don K. Haycraft
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Fax: (504) 556-4108

## Class Plaintiffs – Appellees:

*Plaisance et al. v. BP Exploration & Production, Inc. et al.* is brought by eleven class representatives: Kip Plaisance; Jason Perkins; Camille Warren; Christian Pizani; Max Plaisance; Benjamin Judah Barbee; Cornelius Divinity; Janice Brown; Carlton Caster; George Baker; and Duffy Hall.

The class representatives represent the Medical Benefits Class that the District Court certified on January 11, 2013. *See* MDL 2179 Rec. Docs. 8217, 8218. The absent class members together comprise a "large group of persons

3

[who] can be specified by a generic description, [such that] individual listing is not necessary." 5th Cir. R. 28.2.1.

Attorneys for Class Plaintiffs – Appellees:

    Stephen J. Herman
    Soren E. Gisleson
    HERMAN HERMAN & KATZ LLC
    820 O'Keefe Avenue
    New Orleans, LA 70113
    Telephone: (504) 581-4892
    Fax: (504) 561-6024

    James Parkerson Roy
    DOMENGEAUX, WRIGHT, ROY & EDWARDS
    Suite 500
    556 Jefferson Street
    Lafayette, LA 70501
    Telephone: (337) 233-3033
    Fax: (337) 233-2796

    Robin L. Greenwald
    WEITZ & LUXENBERG, P.C.
    700 Broadway
    New York, NY 10003
    Telephone: (212) 558-5500
    Fax: (212) 344-5461

    Matthew A. Lundy
    LUNDY, LUNDY, SOILEAU & SOUTH, LLP
    501 Broad Street
    Lake Charles, LA 70601
    Telephone: (337) 513-0292
    Fax: (337) 439-1029

    Elizabeth Joan Cabraser
    LIEFF, CABRASER, HEIMANN & BERNSTEIN
    29th Floor
    275 Battery Street
    San Francisco, CA 94111

Telephone: (415) 956-1000
Fax: (415) 956-1008

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: (843) 216-9159

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA 70360
Telephone: (985) 876-7595

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Telephone: (850) 435-7045

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO & WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Telephone: (757) 670-3888

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
218 Commerce St., PO Box 4160
Montgomery, AL 36104
Telephone: (334) 269-2343

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000

Michael C. Palmintier
DEGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE
618 Main Street
Baton Rouge, LA 70801-1910
Telephone: (225) 344-3735

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, PO Box 66705
Mobile, AL 36660
Telephone: (251) 471-6191

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Telephone: (504) 588-1500

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Telephone: (601) 949-3388

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Telephone: (214) 521-3605

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Telephone: (225) 664-4193

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134

6

Case: 13-30221 Document: 00512334990 Page: 7 Date Filed: 08/07/2013

Telephone: (305) 476-7400

Samuel Issacharoff
NEW YORK UNIVERSITY SCHOOL OF LAW
Suite 411J
40 Washington Square, S.
New York, NY 10012
Telephone: (212) 998-6580
Fax: (212) 995-4590

**Objectors – Appellants Stemming from Notice of Appeal
Appearing at MDL 2179 Rec. Doc. 8271:**

Mike Sturdivant
Patricia Sturdivant
Susan Forsyth
James H. Kirby IV

Attorneys for Objectors – Appellants:

    Joseph Darrell Palmer
    LAW OFFICES OF JOSEPH PALMER PC
    603 N. Highway 101, Suite A
    Solana Beach, CA 92075
    Telephone: (858) 792-5600
    Fax: (866) 583-8115

| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
|---|---|
| *Attorney of Record for* | *Attorney of Record for* |
| *Plaintiffs-Appellees Medical* | *Plaintiffs-Appellees Medical* |
| *Benefits Settlement Class* | *Benefits Settlement Class* |

7

## MOTION TO DISMISS APPEAL FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR REMAND TO THE DISTRICT COURT FOR DETERMINATION OF APPELLANTS' STANDING

Come now, Plaintiffs-Appellees Medical Benefits Settlement Class, through their undersigned counsel, and move the Court for an order dismissing the instant appeal for lack of standing or, in the alternative, remanding this appeal to the United States District Court for the Eastern District of Louisiana to determine Appellants' standing. In support of this Motion, Plaintiffs-Appellees state as follows:

1. This appeal arises from the multidistrict litigation captioned *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, which is currently pending in the United States District Court for the Eastern District of Louisiana.

2. Plaintiffs-Appellees are a settlement class that consists of as many as 200,000 individuals who suffered short-term exposure to hydrocarbons during the *Deepwater Horizon* incident. The United States District Court certified the class and gave final approval to the medical benefits class settlement on January 11, 2013.

3. Seven individuals, represented by two separate counsel, filed notice of their intention to appeal. On June 22, 2013, three of those individuals dismissed their appeal and voluntarily withdrew their objections.

4. The remaining appellants are represented by Joseph Darrell Palmer, Esq., a serial objector to class settlements. *See, e.g., In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010*, --- F.R.D. ---, 2013 WL 144042, at *48 n.40 (E.D. La. Jan. 11, 2013) (explaining that Mr. Palmer "has been deemed a 'serial objector' by several courts"); *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-MD-2247, 2012 WL 3984542, at *3 (D. Minn. Sept. 11, 2012) (characterizing Mr. Palmer as a "serial objector to other class-action settlements"). Mr. Palmer represents the same four appellants in an appeal of the Economic & Property Damages Settlement that also arose out of the oil spill.[1]

5. Membership in the class is defined, in part, by residence within certain geographic zones. A "Zone A Resident" is one who, roughly speaking, lived within one-half mile of identified Gulf Coast counties and parishes during the oil spill.[2] Appellants submitted documents that appear to show that they reside in Zone A.[3]

6. An individual whose membership in the class is based upon his or her residence must also submit a declaration that describes the conditions(s) that he or she experienced after exposure, the pathway of that exposure, and the time frame

---

[1] *See In re Deepwater Horizon*, No. 12-31155 (5th Cir.).

[2] *See In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010*, No. 10-md-2179, *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, at 5-6 (ECF No. 6273-1, E.D. La.).

[3] *See In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010 Objection to Settlement*, No. 10-md-7777, Objections to Medical Benefits Portion of Proposed Class Action Settlement at 2 (ECF No. 124, E.D. La. Sept. 5, 2012).

within which he or she manifested the condition(s).[4] This is a key requirement intended to establish class membership and to compensate only those who actually suffered exposures. Notably, none of the Appellants has produced a declaration of the sort required to prove class membership.[5] There is therefore no record either below or before this Court establishing that Appellants are actually members of the class.

7. An individual may also be a member of the class if he or she worked as a "clean-up worker" during the oil spill. In the brief that Appellants submitted to this Court on July 11, 2013, Appellant James Kirby IV claims, without support, that he was a clean-up worker.[6] In the district court, however, Appellant Kirby made no such claim and simply relied upon his proof of residency to (deficiently) purport to establish class membership.[7]

---

[4] *See In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010*, No. 10-md-2179, *Deepwater Horizon* Medical Benefits Settlement Agreement at 5, and Specified Physical Conditions Matrix (ECF No. 6273-1 & ECF No. 6273-10, E.D. La.).

[5] The district court placed all objectors of the settlement on notice in advance of the fairness hearing that they would have to provide evidence of this sort: Specifically, the court "required that each objection include written evidence establishing that the individual was a Class Member [and held that] Class Members who failed to comply with these requirements "shall waive and forfeit any and all rights he or she may have to object to the Medical Benefits Class Action Settlement." *See In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010*, --- F.R.D. ---, 2013 WL 144042, at *3 (E.D. La. Jan. 11, 2013).

[6] *See In re Deepwater Horizon – Appeals of the Medical Benefits Class Action Settlement*, No. 13-30221, Brief of Appellants at 9 (5th Cir. July 11, 2013).

[7] *See In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010*, No. 10-md-2179, Objections to Medical Benefits Portion of Proposed Class Action Settlement at 2 (ECF No. 124, E.D. La. Sept. 5, 2012).

10

8. "That a proper appellant be present is a threshold condition of appellate review." *Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 38 (1st Cir. 2009). A proper appellant is, at minimum, a class member who objected below. *See* FED. R. CIV. P. 23(e)(5) (stating that "any class member" may object to a class action settlement); *see also Larson v. AT&T Mobility LLC*, 687 F.3d 109, 131 n.34 (3d Cir. 2012). If Appellants are not class members, however, they lack standing to pursue this appeal. *See, e.g., AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1309 (11th Cir. 2004).

9. Appellants carry the burden to establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Because the requirement is jurisdictional, Appellants must be prepared to demonstrate standing at any stage of the proceeding. *Id.*; *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332-33 (5th Cir. 2002).

10. Without the declarations required by the Settlement Agreement and/or associated Orders of the Court, Appellants have failed to establish that they are members of the class. *See Feder v. Elec. Data Sys. Corp.*, 248 F. App'x 579, 581 (5th Cir. 2007) (per curiam) (holding that that the "necessary elements" of an appellant-objector's standing "could be established by proof of his class membership" and rejecting putative objector's unsupported claims that he was a

11

class member); *Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d 942, 974-75 (E.D. Tex. 2000) (explaining that a class objector who failed to establish his class membership, via procedures set forth in the settlement agreement, lacked standing to object).

11. Proof of Appellants' class membership is also important to fully understand the scope of Appellants' interests, and to discern whether these four individuals have standing to pursue the specific arguments set forth in their opening brief. "Standing, of course, is issue-specific," *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 29 (D.C. Cir. 2000), and a litigant ordinarily cannot assert that someone else has been harmed, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804-05 (1985). Nor may a class objector ordinarily appeal an aspect of the lower court's order that does not affect him or her. *See Devlin v. Scardelletti*, 536 U.S. 1, 9 (2005).

12. In the district court, Appellants Mike Sturdivant, Patricia Sturdivant, and Susan Forsyth claimed that they "suffered physical injury" as a result of exposure to hydrocarbons.[8] Appellant Kirby did not allege that he suffered an injury.[9] In the brief they filed before this Court, all Appellants claim that they

---

[8] *See In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010*, No. 10-md-2179, Objections to Medical Benefits Portion of Proposed Class Action Settlement at 2 (ECF No. 124, E.D. La. Sept. 5, 2012).

[9] *See id.*

12

"developed one or more specified conditions."[10] Leaving aside the inconsistencies between the briefs, it seems that Appellants are alleging that they manifested some physical condition as a result of exposure, though there is no way to know if they manifested a covered condition within the appropriate time frame of exposure.

13.  Appellants claim to have manifested an injury. In their opening brief to this Court, however, Appellants make arguments on behalf of class members "who have manifested injury, will later manifest injury, and will never manifest injury."[11]  Even if they were to have established standing to make arguments regarding class members with manifested conditions, it is questionable whether they would have standing to contest the settlement on behalf of those who, as they say, will later manifest injury, or will never manifest injury. *See Devlin*, 536 U.S. at 9 (explaining that a class objector "will only be allowed to appeal that aspect of the District Court's order that affects him").

14.  This Court should dismiss the appeal for lack of standing because Appellants failed to establish standing in the district court despite an express order to do so and they have no record on appeal that they are class members. In the alternative, this Court should remand to the district court to make a determination regarding Appellants' ability to establish standing. The district court is best suited

---

[10] *See In re Deepwater Horizon – Appeals of the Medical Benefits Class Action Settlement*, No. 13-30221, Brief of Appellants at 9 (5th Cir. July 11, 2013).
[11] *Id.* at 11.

13

to determine whether Appellants are, indeed, class members. *See Kappos v. Hyatt*, 132 S. Ct. 1690, 1697 (2012) ("[A] district court, unlike a court of appeals, has the ability and the competence to receive new evidence and to act as a factfinder.").[12]

15. Plaintiffs-Appellees did not request this relief earlier because there were other objectors at the district court who submitted evidence of standing. Similarly, in this Court, the appellants who have since dismissed their appeal had standing to raise an appeal. At this juncture, however, the medical benefits settlement is being held hostage by an attorney who is known as a "serial" objector and four Appellants who have not established their right to appeal. These facts militate in favor of dismissing the appeal or remanding the case to the district court to discern whether Appellants are entitled to litigate on behalf of this class. If they are unable to prove standing, this medical settlement will become effective and commence providing important medical benefits to the class that are, sadly, currently being withheld.

16. In sum, the instant appeal should be dismissed or, at a minimum, the four Appellants should be required to come forth with evidence to show they are members of the class.

---

[12] The Appellee Class would respectfully take the position that competent evidence in support of Appellants' standing should have been timely submitted to the District Court. *See* note 5 *supra*. The Appellee Class does not know whether Appellants might seek leave to supplement the record or whether such leave might be granted. To the extent such motion practice might be made, Appellee Class respectfully suggests that it would likely be more appropriate in the district court.

17. Undersigned have attempted to contact counsel of record in order to determine whether they consent to or oppose the present Motion, and have not heard back. Appellees can only assume that Counsel for Appellants opposes the current Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellees respectfully move for an order dismissing this appeal or, in the alternative, remanding this case to the district court for a determination of Appellants' standing.

Dated: August 7, 2013                    Respectfully submitted,

/s/ Stephen J. Herman                    /s/ James Parkerson Roy
Stephen J. Herman                        James Parkerson Roy
La. Bar. No. 23129                       La. Bar No. 11511
Herman Herman & Katz LLC                 Domengeaux Wright Roy & Edwards LLC
820 O'Keefe Avenue                       556 Jefferson Street, Suite 500
New Orleans, LA 70113                    Lafayette, LA 70501
Telephone: (504) 581-4892                Telephone: (337) 233-3033
Fax: (504) 569-6024                      Fax: (337) 233-2796

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing Motion was filed electronically on August 7, 2013, and will be served electronically on all counsel through the Clerk's Notice of Docketing Activity. (Undersigned will also serve the Motion on All Counsel *via* Lexis-Nexis File & Serve pursuant to MDL Pre-Trial Order No. 12.)

/s/ Stephen J. Herman and James Parkerson Roy
Stephen J. Herman and James Parkerson Roy