# United States Court of Appeals for the Fifth Circuit

## No. 13-30221

IN RE: *DEEPWATER HORIZON* – APPEALS OF THE MEDICAL BENEFITS CLASS ACTION SETTLEMENT

On Appeal from the U.S. District Court for the Eastern District of Louisiana
C.A. Nos. 2:10-md-2179-CJB-SS and 2:12-cv-968-CJB-SS

## PLAINTIFFS-APPELLEES' BRIEF IN OPPOSITION TO APPELLANTS' MOTION FOR LEAVE TO RESPOND TO NEW ARGUMENTS IN REPLY BRIEF OF CLASS COUNSEL'S MOTION TO DISMISS

Stephen J. Herman
Herman Herman & Katz LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 569-6024

James Parkerson Roy
Domengeaux Wright Roy & Edwards LLC
556 Jefferson Street, Suite 500
Lafayette, LA 70501
Telephone: (337) 233-3033

*Co-Lead Class Counsel for the Plaintiffs-Appellees Medical Benefits Settlement Class*

Samuel Issacharoff
40 Washington Square South, 411J
New York, NY 10012
Telephone: (212) 998-6580
E-mail: si13@nyu.edu
*Appeal Counsel for the Class*

September 17, 2013

Appellants' motion to supplement the record with over 100 pages of new evidence—all of which was available prior to the fairness hearing—should be denied. The submissions are untimely and rife with inconsistencies. Indeed, this is the second packet of documents proffered by appellants in an attempt to cure their deficient standing showing. The packet filed on September 12, 2013, however, contains different information from that filed for the same four appellants on August 22, 2013. At this point, it is not possible to know what is true and what is not. What is more, appellants' counsel Joseph Darrell Palmer has now admitted, in a declaration filed with appellants' motion, that he was untruthful in both the district court and in at least one submission to this Court. Thus, in sum, appellants have submitted inconsistent documentary evidence coupled with false statements by counsel. In light of the repeated misrepresentations—now admitted by appellants' counsel—appellants should not be permitted to supplement the record on appeal with unverified submissions alleging class membership.

Rule 10(e) of the Federal Rules of Appellate Procedure governs the correction and modification of the appellate record. Courts of appeal typically decline to supplement the record with evidence that was available but not presented to the district court. *See, e.g., Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091-

2

92 (8th Cir. 2013); *Daly-Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987). All of the voluminous evidence attached to both the August 22 and September 12 motions was available at least since the time of the fairness hearing.

Even on their face, however, the current submissions cannot be accepted as true, or even any more likely to be true than the now admittedly false earlier submissions. The background is appalling. In response to appellees' demand that appellants carry their burden to establish standing, appellants' counsel submitted "claim forms" that he represented had been filed with the Claims Administrator as of August 22, 2012, the date of his opposition. [*See* Appellants' Opposition to Motion to Dismiss.] As we now know from Mr. Palmer himself, that representation was not true. [Declaration of D. Palmer in Support of Motion for Leave to Respond to New Arguments at ¶ 3 (acknowledging that "[t]hese declarations incorrectly stated the claims forms for each appellant had been filed").] In fact, the "claim forms" were not filed with the Claims Administrator until September 9, 2013.

Mr. Palmer attempts to excuse this false statement by blaming "logistical problems"; vacation; commencement of a new school year; and support staff illness.[1] Excuses aside, this is not the first time Mr. Palmer has made false

---

[1] The timing alone of Mr. Palmer's excuses provides further reason for skepticism. In his September 12, 2013, declaration to this Court, Mr. Palmer states that he was on vacation (and presumably not sufficiently attentive) when he completed the misleading documents that were

representations in this case. Indeed, as appellants explained in their reply brief in support of the motion to dismiss for lack of standing, Mr. Palmer has a history of misstatements. Furthermore, Mr. Palmer cannot credibly claim that his latest false statement was inadvertent. All four declarations submitted in support of class membership were dated August 22, 2013, the very date of the opposition brief representing to this Court that the claims forms "had been filed." [*See* Declaration of D. Palmer in Support of Motion for Leave to Respond to New Arguments 19 at ¶ 3.] The settlement does not permit electronic filing of submissions; all declarations and claim forms must be submitted with an original, inked signature. There is no conceivable way the declarations and claim forms could have already been filed with the Claims Administrator while bearing the date August 22, 2013, the same date as the court filing.

In addition to this misrepresentation, there are inconsistencies that raise veracity concerns. The substance of the claims contained in appellants' claims forms changed from the alleged August 2013 filing to the actual September 9, 2013, filing. Indeed, each appellant's claim form, by his or her own admission,

---

submitted with the August 22, 2013, opposition to appellees' motion to dismiss. [*See* Declaration of D. Palmer in Support of Motion for Leave to Respond to New Arguments ¶ 13.] But in a separate request for extension of time filed in the district court on September 4, 2013, however, Mr. Palmer states that on August 28, 2013, he was on a "week-long" vacation that continued through Labor Day. [MDL No. 10-2179, Rec. Doc. 11245-1 at ¶ 1.] As a matter of timing, there is no way Mr. Palmer could have been on a "week-long" vacation that both (1) commenced prior to August 22, 2013, and (2) extended through Labor Day.

4

contains different information from the claim form submitted to this Court in August 2013 and which had purportedly been filed.[2]

None of these untimely submissions alters the basic critical fact requiring dismissal. While the district court did not require filing of a settlement claim to establish standing as an objector, the district court did issue an order, prior to the class certification hearing, requiring all objectors to establish their class membership by including "written evidence establishing that the individual is a Medical Benefits Settlement Class Member."[3] Because objectors here did not establish standing in their opposition to class certification, at the fairness hearing the district court asked objectors' counsel Palmer whether his clients had filed claims in the settlement. Mr. Palmer answered, "Yes, they did."[4] This statement was untrue and Mr. Palmer's latest submissions confirm both the failure to establish class membership and the repeated dishonesty in presentations to this Court and the district court.

---

[2] *See* Declaration of Michael B. Sturdivant, ¶¶ 3,4; Declaration of Patricia C. Sturdivant, ¶¶ 3,4; Declaration of Susan W. Forsyth, ¶¶ 3,4; Declaration of James H. Kirby, IV, ¶¶ 3,4, attached to Appellants Motion for Leave to Respond to New Arguments in Reply Brief of Class Counsel's Motion to Dismiss.

[3] *See* Preliminary Approval Order ¶ 25 (Rec. Doc. 6419); *see also In re Oil Spill by the Oil Rig "Deepwater Horizon" on April 20, 2010*, 2013 WL 144042 at *3 (E.D. La. Jan. 11, 2013).

[4] Fairness Hr'g Tr. at 227:4-6. *See also* Fairness Hr'g Tr. at 227:7-8. Relevant portions of the transcript of the Final Fairness Hearing are attached as Exhibit 1 to Appellants' Reply to their Motion to Dismiss Appeal for Lack of Standing. [Rec. Doc. 00512352944].

5

Because objectors have failed to submit credible evidence that they are class members, their appeal should not stand. Nor should they be permitted to supplement the record with documents that cannot be verified.

This 17th day of September, 2013.

Respectfully submitted,

/s/ Stephen J. Herman
Stephen J. Herman
La. Bar. No. 23129
Herman Herman & Katz LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
Fax: (504) 569-6024
*Co-Lead Class Counsel*

/s/ James Parkerson Roy
James Parkerson Roy
La. Bar No. 11511
Domengeaux Wright Roy & Edwards LLC
556 Jefferson Street, Suite 500
Lafayette, LA 70501
Telephone: (337) 233-3033
Fax: (337) 233-2796
*Co-Lead Class Counsel*

Samuel Issacharoff
40 Washington Square South, 411J
New York, NY 10012
Telephone: (212) 998-6580
E-mail: si13@nyu.edu
*Appeal Counsel for the Class*

6

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing Motion will be filed electronically on September 17, 2013, and will be served electronically on all counsel through the Clerk's Notice of Docketing Activity.

/s/ Stephen J. Herman and James Parkerson Roy
Stephen J. Herman and James Parkerson Roy