UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| Gulf of Mexico, on April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates to | : | JUDGE BARBIER |
| Civ. No. 10-4536 | : | |
| | : | MAG. JUDGE SHUSHAN |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

## UNITED STATES' OFFER OF PROOF FOR THE PHASE TWO TRIAL

The United States submits this Offer of Proof for the Phase Two Trial, which is filed pursuant to Rule 103(a)(2) of the Federal Rules of Evidence. Through this Offer of Proof and the accompanying evidentiary exhibits, the United States identifies for the record evidence that has been excluded by the Court's prior rulings.

### I.   BACKGROUND

#### A.   July 22, 2013 Order Restricting The Number of Expert and Fact Witnesses

The Court held numerous pretrial conferences in this case so that the Phase Two trial could occur in an efficient, orderly, and coordinated manner. To this end, the United States, with all other parties, specifically sought and followed the Court's case management orders and other instructions regarding Phase Two discovery. Indeed, throughout the many months of discovery, the parties continued to inform the Court of all relevant developments, including matters relevant to the parties' exchange of expert reports and taking of fact and expert witness depositions.

In preparing its Phase Two quantification case, the United States designated ten case-in chief expert witnesses and, in response to BP's disclosure of ten experts, designated five additional rebuttal experts. In addition, the parties took over eighty depositions in Phase Two

alone with the appreciation that these discovery events would have determinative consequences for the Phase Two bench trial.

Very near the end of Phase Two discovery, the Court placed several limitations on the United States' proof, including a limit on the amount of trial time available to it (45 hours), a limit of thirty minutes to participate in the Source Control segment of the trial, a limit on the number of expert witnesses (eight), and a limit on the number of deposition bundles that could be submitted into evidence (25 bundles). Each of these limitations constituted a departure from the Phase 1 trial practice. (Rec. Doc. 11087).

### B. August 9, 2013 Order Striking Certain U.S. Expert Rebuttal Opinions

On March 22, 2013, pursuant to the Court's Order Regarding Phase Two Expert Document Production (Rec. Doc. 8907), the United States served its initial expert reports related to Phase Two. On May 1, 2013, BP/Anadarko served their expert reports. On June 10, 2013, the United States served rebuttal expert reports. Shortly after receiving the United States' rebuttal reports, BP/Anadarko objected to certain opinions in those reports, arguing they contained new material that should have been included in the United States' initial reports and requested relief from Magistrate Judge Shushan. The Parties briefed the issue before Magistrate Judge Shushan (Rec. Docs. 10450, 10445, 10446, 104470, and 10448). On June 24, 2013, the Magistrate Judge issued an Order finding in favor of BP/Anadarko's motion to strike certain rebuttal experts' opinions for the U.S. (Rec. Doc. 10450). Soon thereafter, the United States filed its objections to and motion to review the Magistrate Judge's Order of June 24, 2013. On July 9, 2013, this Court issued an Order overruling and denying the United States' motion. Consequently, significant rebuttal expert opinions were stricken from the United States' expert rebuttal reports for the Phase Two trial. (Rec. Doc. 10683).

    **C.**    **September 9-10, 2013 Orders Striking Certain U.S. Rebuttal Expert Opinions**

On August 30, 2013, BP/Anadarko moved for redactions of additional portions of the initial and rebuttal reports of Dr. Alan Huffman and Dr. Mohan Kelkar, experts for the United States in the quantification case of Phase Two trial. (Doc. Rec. 11227). In response, on September 3, 2013, the United States filed its opposition. (Doc. Rec. 11201). In ruling on BP/Anadarko's motion, the Magistrate Judge issued two Orders: the first, relates to Dr. Mohan Kelkar's expert and rebuttal expert reports (Doc. Rec. 11292); and the second relates to Dr. Huffman's expert report (Doc. Rec. 11309). In both Orders, the Magistrate Judge, in part, granted BP/Anadarko's motion and struck additional portions of the initial and rebuttal reports of Dr. Huffman and Dr. Kelkar.

**II.**    **OFFER OF PROOF**

This Court has ruled, definitively on the record that the United States may not present substantial evidence that supports its position that BP/Anadarko discharged 5 million stock tank barrels of oil into the waters of the United States. Pursuant to Federal Rule of Evidence 103(b), therefore, the United States will not be objecting or proffering this evidence live at trial. Pursuant to this Offer of Proof, the United States seeks to preserve its objection to the limitations on its evidence and to ensure the record clearly identifies the evidence that was excluded.

Attached to this Offer of Proof is the evidence excluded by this Court's Phase Two trial management rulings that the United States would otherwise have offered in support of its case. The evidence falls into three categories: (1) deposition designations that would have been offered if the United States were not limited to 25 bundles; (2) opinions of experts who will not be called to testify, but would have been called had the Court not limited the United States to

eight experts; and (3) opinions of experts who will be called to testify but whose testimony has been limited by Court-ordered redactions to their expert reports.

### A. Category 1: Deposition Designations

Prior to the Court's imposition of limitations on the admission of evidence through depositions, the parties had identified 161 depositions, from both Phase One and Phase Two, that had relevant testimony that would be prepared for submission to the Court through a procedure called "bundling." These bundles were intended to comprise the designated testimony, including cross-designations, objective and advocacy summaries, and cited exhibits.

The majority of depositions the United States attaches to this Offer of Proof have been through that bundling procedure. Therefore, for the purposes of this offer of proof, the United States has attached the designated deposition testimony, but has not submitted the referenced exhibits due to limitations on the size of files that may be electronically filed. This offer of proof incorporates those referenced exhibits. The United States has also not included the objective and advocacy summaries in the offer of proof because those summaries were prepared for the convenience of the Court and not intended to serve as admissible evidence.

Some of the depositions had not been "bundled" as of the time of the Court's limitation on deposition bundles. Accordingly, for these depositions the United States has attached the full deposition transcript and incorporates the exhibits which are not attached due to electronic filing limitations.

| Witness | Employer | Exhibit |
|---|---|---|
| Birrell, Gordon | BP | 1 |
| Bondurant, Charles | BP | 2 |
| Bozeman, Walt | BP | 3 |
| Camilli, Richard | WHOI | 4 |
| Daly, Mike | BP | 5 |
| Devers, Kevin | BP | 6 |

| Witness | Employer | Exhibit |
|---|---|---|
| Dupree, James | BP | 7 |
| Emmanuel, Victor | Schlumberger | 8 |
| Hughes, John | BP | 9 |
| Lacy, Stuart | BP | 10 |
| Liao, Tony | BP | 11 |
| McArthur, Steven | Intertek | 12 |
| Merrill, Robert | BP | 13 |
| O'Donnell, Alan | Anadarko | 14 |
| O'Neill, Brian | Anadarko | 15 |
| Peyton, Dawn | Anadarko | 16 |
| Quitzau, Robert | Anadarko | 17 |
| Smith, Trevor | BP | 18 |
| Thorseth, Jay | BP | 19 |
| Turlak, Robert | BP | 20 |
| Wall, David | BP | 21 |
| Wang, Yun | BP | 22 |
| Wellings, James | BP | 23 |
| Williams, Ellen | BP | 24 |
| Woods, Andy | BP Institute | 25 |

B.     **Category 2: Fully Excluded Experts**

Due to the limits imposed by the Court, the United States was unable to bring seven of its experts designated to testify at the Phase Two trial: five experts who were not permitted to testify at all and two experts who were allowed to testify but only as fact witnesses. With respect to the four experts who were fully excluded, the United States submits their expert reports as proof of the opinions they would have offered if permitted to testify.

With respect to Dr. Hunter and Dr. Hsieh, they were permitted to offer fact testimony but were not permitted to offer expert opinions. These two gentlemen are experts who were not required to submit a report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). For Dr. Hsieh, the United States directs the Court to the report he prepared during the response and which was admitted into evidence without Dr. Hsieh's expert explanation. For Dr. Hunter, we attach a short form disclosure prepared but not filed at the time he was designated to testify.

| Expert | Exhibit(s) |
|---|---|
| Hsieh, Paul | TREX-008618 |
| Dewers, Thomas | 28 |
| Davis, Rory R. | 29 |
| Benge, Glenn | 30 |
| Martinez, John | 31 |
| Hunter, Thomas | 32 |
| Bushnell, Nathan[1] | 26, 27 |

### C. Category 3: Expert Reports that Were Excluded in Part

As noted above, certain of the United States' expert reports were redacted pursuant to Court orders. The United States offers the unredacted portions of these reports as further evidence it would have offered had the Court not ordered the redactions. Given the voluminous nature of these reports, the United States is attaching to this offer of proof only those pages of the reports that the United States was ordered to redact.

| Expert | Excerpts of Redacted Report(s) |
|---|---|
| Dykhuizen, Ronald | TREX-011463 |
| Griffiths, Stewart | TREX-011486 |
| Huffman, Alan | TREX-011515 |
| Kelkar, Mohan | TREX-011550 |
| Pooladi-Darvish, Mehran | TREX-011654 |
| Rogiers, Jean-Claude | TREX-011698 |
| Zick, Aaron | TREX-011491 |

### III. CONCLUSION

This Offer of proof is submitted to ensure that the evidence excluded by the above-referenced Court orders is made part of the trial record for purposes of preserving its claim of error for appeal.

---

[1] Although Dr. Bushnell was admitted as a "relied upon" expert, his expert and rebuttal reports were not admitted.

6

Respectfully submitted,

| | |
|---|---|
| BRIAN HAUCK | ROBERT G. DREHER |
| Deputy Assistant Attorney General | Acting Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| | |
| PETER FROST | SARAH HIMMELHOCH |
| Directory, Torts Branch, Civil Division | Senior Litigation Counsel |
| Admiralty and Aviation | NANCY FLICKINGER |
| STEPHEN G. FLYNN | SCOTT CERNICH |
| Assistant Director | RICHARD GLADSTEIN |
| MICHELLE DELEMARRE | THOMAS BENSON |
| SHARON SHUTLER | Senior Attorneys |
| JESSICA SULLIVAN | A. NATHANIEL CHAKERES |
| JESSICA MCCLELLAN | ANNA CROSS |
| MALINDA LAWRENCE | BETHANY ENGEL |
| Trial Attorneys | JUDY HARVEY |
| | RACHEL KING |
| | ERICA PENCAK |
| | Trial Attorneys |
| | |
| | /s/ Sarah D. Himmelhoch |
| R. MICHAEL UNDERHILL, T.A. | STEVEN O'ROURKE |
| Attorney in Charge, West Coast Office | Senior Attorney |
| Torts Branch, Civil Division | Environmental Enforcement Section |
| U.S. Department of Justice | U.S. Department of Justice |
| 7-5395 Federal Bldg., Box 36028 | P.O. Box 7611 |
| 450 Golden Gate Avenue | Washington, D.C. 20044 |
| San Francisco, CA 94102-3463 | Telephone:  202-514-2779 |
| Telephone:  415-436-6648 | Facsimile:  202-514-2583 |
| Facsimile:  415-436-6632 | E-mail:  steve.o'rourke@usdoj.gov |
| E-mail:  mike.underhill@usdoj.gov | |
| | DANA J. BOENTE |
| | United States Attorney |
| | Eastern District of Louisiana |
| | |
| | SHARON D. SMITH |
| | Assistant United States Attorney |
| | Eastern District of Louisiana |
| | 650 Poydras Street, Suite 1600 |
| | New Orleans, LA  70130 |
| | Telephone:  (504) 680-3000 |
| | Facsimile:  (504) 680-3184 |
| | E-mail:  sharon.d.smith@usdoj.gov |

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12.

      Dated:  October 9, 2013

      /s/ Sarah D. Himmelhoch