UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
|     "DEEPWATER HORIZON" IN THE | : | |
|     GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v.* | : | Mag. Judge Shushan |
| *BP Exploration & Production Inc., et al.* | : | |

OPPOSITION OF THE SPECIAL MASTER
TO THE ANDRY LAW FIRM'S SECOND MOTION
FOR PRODUCTION OF DOCUMENTS AND EXTENSION OF TIME

**COMES NOW** Special Master Louis J. Freeh, in opposition to the second motion by The Andry Law Firm for production of documents and extension of time to respond to an Order to Show Cause issued by the Court on September 6, 2013. The Special Master will produce additional discovery, as was recently explained to counsel for Mr. Jonathan Andry prior to the filing of this motion. The remaining relief sought in The Andry Law Firm's motion should be denied.

    1. On September 18, 2013, the Special Master agreed to provide discovery relevant to the references to The Andry Law Firm made in the Special Master's Report, as reflected in the Court's Order of that day. On September 20, 2013, the Special Master produced 577 pages of documents to The Andry Law Firm. On September 24, 2013, the Special Master produced 616 pages of discovery to Mr. Jonathan Andry, a partner in The Andry Law Firm.

    2. Many of the documents produced by the Special Master in discovery had been gathered by the Special Master from document productions made by The Andry Law Firm and another firm where Mr. Jonathan Andry is a partner, the Andry Lerner Law Firm. Of course, these documents were known to The Andry Law Firm and Mr. Jonathan Andry.

3. The Andry Law Firm raised no objection to the Special Master in advance of filing its present discovery motion dated October 8, 2013. More critically, The Andry Law Firm's motion omits numerous relevant facts, and misstates other facts and law.

4. When Jonathan Andry, a partner in The Andry Law Firm, appeared before the Special Master, he was represented by Mr. James A. Cobb. Mr. Cobb represented numerous other witnesses in this investigation, as well as the Andry Lerner Law Firm. Mr. Cobb took notes during Special Master interviews he attended, and appears to have made these notes and other materials available to his client, Mr. Andry, as well as to The Andry Law Firm.

5. On October 7, 2013, Mr. Cobb requested that the Special Master produce portions of Special Master interview notes reflecting a series of leading questions Mr. Cobb asked of several witnesses. While Mr. Cobb already knew of these witness statements, as he took his own notes during the interviews, counsel for the Special Master advised Mr. Cobb mere hours after his request:

> While I do not agree with your assessment that responses to your conclusory questions at the end of several witness interviews are "exculpatory," I nonetheless will review the interviews you attended and provide you the portion of the interview where you asked your series of questions.

6. The Special Master has no objection to providing The Andry Law Firm with the same material that will be provided to Mr. Cobb by October 11, 2013, to the extent that Mr. Cobb's conclusory questions at the end of the interviews are reflected in the Special Master's written reports of interviews.

7. The Andry Law Firm seeks further discovery, arguing that access to all of the documents and interviews gathered by the Special Master is required under the discovery rules and to satisfy due process. The Andry Law Firm's arguments are misplaced.

8.  The Andry Law Firm relies upon *Ruiz v. Estelle*, 679 F.2d 1115 (5th Cir. 1982), to assert that its due process rights have been violated.  *Ruiz* supports no such conclusion, and rather supports the procedures adopted by the Court for referring the current investigations and tasks to the Special Master, followed by a right of objection for affected persons and entities to the Court.  *Ruiz*, 679 F.2d at 1161-63 (approving appointment of Special Master "to oversee compliance with continuing court orders" and vesting Special Master with "enormous responsibilities" and granting the Special Master "sweeping powers").  The procedures outlined in the Court's orders of July 2, 2013, September 6, 2013 and September 18, 2013, fully comply with any notion of due process for The Andry Law Firm and its two partners.

9.  The Andry Law Firm further argues that the discovery rules and due process require that the firm be given access to the full, unredacted investigative record of the Special Master.  This argument is unsupported by the law or the facts.

10.  The Special Master's Report provided The Andry Law Firm a clear understanding of the analytical process by which ultimate findings were reached, including voluminous citations to supporting materials to assure that the Special Master took care in ascertaining the facts.  The discovery here provides a full picture of these supporting documents, and fully satisfies the discovery obligations to The Andry Law Firm.

11.  The Andry Law Firm is free to conduct its own interviews, as counsel for another affected and related party (the Andry Lerner Law Firm) already has suggested is happening.  The Firm can rely on its own notes of Special Master interviews it attended, notes of counsel for Mr. Jonathan Andry, and discovery produced by The Andry Law Firm and other firms where Mr. Jonathan Andry is a partner, in objecting to the Report.

12. Nothing in the complaints raised by The Andry Law Firm warrants further relief. For example, the Firm complains that the Special Master did not produce favorable interviews of Andry Lerner employees, each represented by Mr. Jon Andry's counsel, Mr. Cobb. The Andry Law Firm finds relevant that these low-level staff had not heard of any attempt to influence any claims pending before the CSSP, according to reports of the interview provided to The Andry Law Firm by Mr. Cobb. Nothing prohibits the Firm from conducting its own interviews of these employees or asking Mr. Cobb for his notes of the interview or relying on these allegedly exculpatory facts in its papers. The relevance and weight of such statements, of course, can be evaluated by the Court.

13. The Andry Law Firm further complains that is has not received "email correspondence—*known to [The Andry Law Firm]*— between Mr. Sutton and Mr. Lerner that 'Nothing' could be done to expedite claims before the CSSP." *See* Motion at 12-13 (emphasis added). If the Andry Law Firm knows of such allegedly exculpatory evidence, nothing prohibits the firm from relying on this evidence before the Court. Again, the Court will have to consider the context of such evidence and weigh that evidence against other probative evidence.

14. The Andry Law Firm seeks full transcripts of the Special Master's interviews of several witnesses made before a court reporter. Portions of transcripts relied upon in the Report already have been provided in discovery. The full transcripts contain material unrelated to The Andry Law Firm, and also contain material relevant to an open criminal investigation. The full transcripts should not be released under these circumstances.

15. The Andry Law Firm also complains about the way that voluminous phone records concerning communications among Mr. Jonathan Andry, Mr. Gibby Andry and Mr. Sutton were summarized. The 19-page summary chart provided by the Special Master captures all cell phone

- 5 -

calls and text messages among several known numbers for these individuals contained in over 6,000 pages of original phone records.

16. The Andry Law Firm also discusses at length the attorney-client privilege. The Special Master has not withheld any documents on the basis of privilege, and the Firm's arguments concerning this issue need not be decided.

17. The Special Master took approximately 66 days to prepare its September 6, 2013 Report. The Andry Law Firm has had 34 days so far to prepare its response to the Special Master's Report. The Special Master leaves to the Court's discretion whether any further delay should be permitted for The Andry Law Firm's response to be filed.

For these reasons, the Special Master respectfully requests that the Court deny the second motion by The Andry Law Firm for production of documents and extension of time to respond to an Order to Show Cause.

Respectfully submitted,

  /s/  Louis J. Freeh
Louis J. Freeh
Special Master

Dated:   October 10, 2013

- 6 -

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing response has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 10th day of October, 2013.

    /s/ Louis J. Freeh
Louis J. Freeh
Special Master

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG      : | MDL 2179 |
|         "DEEPWATER HORIZON" IN THE   : | |
|         GULF OF MEXICO, ON APRIL 20, 2010  : | Section J |
| : | |
| This Document Applies to: : | Judge Barbier |
| : | |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v.  : | Mag. Judge Shushan |
| BP Exploration & Production Inc., et al. : | |

O R D E R

AND NOW upon consideration of The Andry Law Firm's second motion for production of documents and to extend time to respond to order to show cause and the response of the Special Master thereto, it is hereby:

ORDERED that The Andry Law Firm shall file its response to the Court's September 6, 2013 order to show cause on or before the _____ day of _____, 2013;

IT IS FURTHER ORDERED that on or before October 11, 2013, the Special Master shall provide The Andry Law Firm access to discovery of the responses of witnesses to questions asked by Mr. James A. Cobb during the course of interviews conducted by the Special Master which Mr. Cobb attended; and

IT IS FURTHER ORDERED that The Andry Law Firm's second motion for production of documents is DENIED in all other respects.

Signed in New Orleans, Louisiana, this _____ day of October, 2013.

_____
HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE