UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | Section: J |
| This Documents Relates to: 2:12-cv-02004-CJB-SS | Judge Barbier Mag. Judge Shushan |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SERGIO VALDIVIESO, complaining of SOUTHERN CAT, INC. (herineafter sometimes called "SOUTHERN CAT"), BP PLC, BP PRODUCTS NORTH AMERICA INC., BP AMERICA INC. (herineafter sometimes collectively called "BP"); EMERGENCY RESPONSE GROUP, LLC. (hereinafter sometimes called "ERG"), SWS ENVIRONMENTAL SERVICES f/k/a EAGLE-SWS, INC. a/k/a PROGRESSIVE ENVIRONMENTAL SERVICES, INC. (hereinafter sometimes called "SWS") and DISASTER RESPONSE GROUP, LLC, (hereinafter sometimes called "DRG"), and hereinafter sometimes referred to collectively as "Defendants", and for cause of action would respectfully show unto this Honorable Court the following:

**I
PARTIES**

1. Plaintiff, **SERGIO VALDIVIESO** is a resident of Bradenton, FL 34209.

2. Defendant, **SOUTHERN CAT, INC**. is a foreign for-profit corporation doing business in the State of Texas and Louisiana, and within the jurisdiction of this Honorable Court. Defendant has been served and has made an appearance.

3. Defendant, **BP, PLC** is a public limited company organized under the laws of the United Kingdom and at all times pertinent hereto, was qualified to do business and doing business in the State of Texas and Louisiana, and within the jurisdiction of this Honorable Court. Defendant has been served and has made an appearance.

4. Defendant, **BP PRODUCTS NORTH AMERICA, INC**. is a Maryland corporation, with its principal place of business in Houston, Texas, and doing business in the State of Texas and Louisiana, and within this district. Defendant has been served and has made an appearance.

5. Defendant, **BP AMERICA, INC.** is a Delaware corporation with its principal place of business in Warrenville, Illinois, but doing business in the State of Texas and Louisiana, and within this district. Defendant has been served and has made an appearance.

6. Defendants, **BP PRODUCTS NORTH AMERICA INC. AND BP AMERICA INC**., are wholly owned subsidiaries of the global parent corporation, BP PLC, and they all shall be referred to collectively herein as "BP."

7. Defendant, **EMERGENCY RESPONSE GROUP, INC**. is a foreign for-profit corporation doing business in the State of Texas and Louisiana, and within the jurisdiction of this Honorable Court. Defendant can be served with process by serving the Louisiana Secretary of State, with process to be forwarded to Defendant registered agent, Incorp. Services, Inc., 101 E. 9th Ave, Ste 12B, Anchorage, AK 99501-3651.

8. Defendant, **SWS ENVIRONMENTAL SERVICES F/K/A EAGLE-SWS, INC. A/K/A PROGRESSIVE ENVIRONMENTAL SERVICES, INC**. is a Florida corporation and doing business in the State of Texas and Louisiana, and within the jurisdiction of this Honorable Court. Defendant can be served with process by serving the Louisiana Secretary

of State, with process to be forwarded to Defendant via its Corporate Office, 600 Grand Panama Blvd, Ste 200, Panama City Beach, FL 32407-3460.

9. Defendant, **DISASTER RESPONSE GROUP, LLC** is a Florida Corporation and doing business in the State of Texas and Louisiana, and within the jurisdiction of this Honorable Court. Defendant can be served with process by serving its Registered Agent, Adela Frausto at 8408 N. Grady Ave., Tampa, FL 33614.

## II
## JURISDICTION AND VENUE

10. Plaintiff assents these claims under the Oil Pollution Act, 33 USC § 2700 *et seq*. Accordingly, this Court has jurisdiction pursuant to 28 USC § 1331.

11. Venue is proper in this Court because; several of the Defendants reside within the Southern District of Texas.

## III
## FACTUAL BACKGROUND

12. At all times pertinent hereto, the Vessel, a twenty-four foot fiberglass fishing boat, was a vessel operated or under the control of Defendant BP and chartered by Defendant SOUTHERN CAT, ERG, SWS and/or DRG and is a vessel within the jurisdiction of the United States, including the United States Coast Guard and relevant United States federal regulations.

## IV
## JONES ACT SEAMAN

13. At the times pertinent hereto, Plaintiff, SERGIO VALDIVIESO, was employed by Defendant SOUTHERN CAT, ERG, SWS and/or DRG, as a Jones Act seaman and member of the crew of the subject Vessel, as provided in 46 USC § 30104, *et seq*., was assigned by Defendants to the Vessel, and was acting within the course and scope of his employment as a seaman aboard that Vessel at all times relevant to the events forming the basis of this suit.

## V
## JONES ACT NEGLIGENCE
## COUNT I

14. On or about June 9, 2010, as Plaintiff was performing his assigned duties as a seaman aboard the Vessel, while the Vessel was assisting in the cleanup of the BP Oil Spill and operating in or near Barataria Bay, located offshore Grand Isle, Louisiana, and upon information and belief within 100 yards of land, Plaintiff sustained serious and disabling personal injuries, including to Plaintiff's neck, shoulder, arm, back, and other parts of his body, while attempting to lift, position or reposition oil-absorbing boom. Said injuries were caused, in whole or in part, by the negligence of the Defendants, their agents, servants and/or employees. In particular, SOUTHERN CAT, ERG, SWS and/or DRG failed to provide a safe place to work; failed to provide proper equipment, supervision and training; failed to inspect the Vessel, and its appurtenances and equipment, including the lack of a proper crane required to hoist, position, or lay the boom; and failed to warn its employees, including Plaintiff, of the dangers associated with their work assignments on that Vessel. Plaintiff was injured while working on the Vessel laying boom by hand, since the Vessel was not equipped with the proper crane or other mechanical hoisting equipment for the job. Plaintiff was required to hoist, hold and pull boom from the main deck of the boat, work which was so heavy that it ripped tissue in his shoulder and/or neck and caused various other injuries.

## VI
## UNSEAWORTHINESS
## COUNT II

15. Plaintiff's injuries were legally caused, in whole or in part, by the unseaworthiness of the Vessel, which at all relevant times was operated, controlled and/or chartered by Defendants. The Vessel was not equipped to properly and safely move and lay

boom. The Vessel also was unseaworthy because the master and crew were not properly trained for the task at hand, nor was Plaintiff properly supervised or instructed in the boom-repositioning operation being conducted when Plaintiff was injured.

## VII
## MAINTENANCE AND CURE
## COUNT III

16.     Plaintiff would show that on the above-mentioned and following dates, he was injured while acting as a seaman and employee of Defendant, SOUTHERN CAT, ERG, SWS and/or DRG, in the service of the Vessel.  As a result, SOUTHERN CAT, ERG, SWS and/or DRG as his Jones Act employer had, and continues to have, a non-delegable duty to provide Plaintiff with all proper and timely maintenance and cure benefits.  Plaintiff would show that: he has required medical treatment as a result of the subject accident and injuries; he has not reached maximum medical improvement; and his seaman-employer's duties to provide maintenance and cure benefits continue.  Defendant SOUTHERN CAT, ERG, SWS and/or DRG has denied such payment and/or has paid benefits in an insufficient amount.  As a result of said Defendants' failure to pay and/or delay in timely providing and/or paying the proper amount of maintenance and cure benefits, Plaintiff has suffered further injuries and damages, for which he now sues.

17.     In addition, Plaintiff would show that, after the injuries he received, he was owed the duty of maintenance and cure by SOUTHERN CAT, ERG, SWS and/or DRG, his Jones Act employer; that such duty began on the Vessel and has continued from day to day thereafter; and that said maritime employer failed to provide proper maintenance and cure benefits to Plaintiff. Plaintiff asserts that Defendant SOUTHERN CAT, ERG, SWS and/or DRG has been callous, willful, wanton, or otherwise tortious, for which punitive damages are recoverable, in breaching this duty owed to Plaintiff.  Defendant SOUTHERN CAT, ERG, SWS and/or DRG also is liable

for all reasonable and necessary attorneys' fees and costs incurred on Plaintiff's behalf in seeking to secure proper maintenance and cure benefits from said Defendants.

## VIII
## BP'S NEGLIGENCE
## COUNT IV

18. In addition to the above causes of action, Plaintiff would show that his exposure and resulting injuries were proximately caused by the negligence or other legal fault of Defendant, BP, acting through its officers, employees, representatives, agents or "company men," in: failing to inspect the area(s) and operation(s) in question; failing to adhere to recognized safety guidelines; failing to ensure that the work area was free of hazards conditions: failing to provide personal protective equipment to the crew or ensure that the Vessel and her equipment, appurtenances, Master and crew were in all respects fit for their intended service; allowing the master and crew to continue their work in an unsafe manner; and otherwise as may be shown in the trial of this case.

## IX
## ADDITIONAL CLAIMS
## COUNT IV

19. Additionally, Plaintiff was exposed to dangerous chemicals, petroleum, and hydrocarbons from the oil spill and from dispersants which BP insisted on using to clean up the oil spill on the surface of the water. Plaintiff and the crew were not properly trained regarding the hazard presented to them on the Vessel. Plaintiff also was not provided with the necessary safety gear, or personal protective equipment, or adequate tools or machinery to hoist, retrieve or lay the boom or other oil-spill equipment. Defendants failed to warn Plaintiff and the other members of the crew regarding the hazards, which were known or should have been known to each Defendant. Also, these Defendants failed to provide Plaintiff with a safe place to work,

and proper and adequate protection from these hazards. Finally, the Vessel was insufficiently supervised and manned, which forced Plaintiff and other members of the crew to be exposed to these hazards. As a result of these acts of negligence, and others to be shown at trial, by BP, , SOUTHERN CAT, ERG, SWS and/or DRG, Plaintiff sustained injuries for which he now sues.

## X
## PUNITIVE DAMAGES, FROM DEFENDANTS' GROSS NEGLIGENCE

20. Plaintiff also sues for punitive and exemplary damages, due to the gross negligence of Defendants.

## XI
## DAMAGES

21. By reason of the occurrences made the basis of this action, including conduct on the part of all Defendants, Plaintiff sustained disabling bodily injuries. Plaintiff has suffered physical pain and mental anguish and needs additional medical treatment.

22. As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and his earning capacity may have been impaired permanently.

23. Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

24. As a result of the injuries sustained in the occurrence of June 9, 2010, and the continuing days thereafter, Plaintiff has suffered in the past and, in reasonable medical probability, will continue to suffer in the future.

25. Plaintiff is physically impaired as a result of the injuries he sustained on or about June 9, 2010, as a consequence, he has lost the ability to perform household services.

26. The long term effects of exposure to chemical dispersants and petroleum in the degree and duration sustained by Plaintiff are largely unknown. Plaintiff will require medical monitoring to guard against the potential serious and life-threatening chronic health effects from this exposure for the rest of his life.

## XII
## OTHER PROVISIONS

27. Plaintiff did not cause or contribute to the injuries asserted or damages claimed herein.

28. Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a result of the occurrences made the basis of this lawsuit.

## XIII
## JURY DEMAND

29. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff requests that Defendants be summoned to appear and answer, and that, on final trial, Plaintiff have Judgment against Defendants SOUTHERN CAT, INC. , BP PLC, BP PRODUCTS NORTH AMERICA INC., BP AMERICA INC; EMERGENCY RESPONSE GROUP, LLC., SWS ENVIRONMENTAL SERVICES f/k/a EAGLE-SWS, INC. a/k/a PROGRESSIVE ENVIRONMENTAL SERVICES, INC., and DISASTER RESPONSE GROUP, LLC, (hereinafter sometimes called "DRG"),for:

1. All damages permitted at law;
2. Reasonable attorneys' fees;
3. Pre-judgment interest;
4. Post-judgment interest;

5. Costs of suit;

6. Punitive damages; and

7. Such other and further relief, in admiralty, at law and in equity, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        **THE LANIER LAW FIRM P.C.**

By: _____
W. MARK LANIER
TBA # 11934600
CHARLES F. HERD, JR.
TBA # 09504480
LAWRENCE P. WILSON
TBA # 21704100
6810 F.M. 1960 West
Houston, Texas 77069
Telephone: 713-659-5200
Fax: 713-659-2204

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the <u>11th</u> day of October, 2013, a true and correct copy of the above and foregoing document has been sent to the following counsel of records:

Thomas W. Taylor
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, TX 77002
**Attorney for BP Defendants**

Richard C. Godfrey, P.C.
J. Andrew Langan
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
**Attorney for BP Defendants**

Jeffrey Bossert Clark
KIRKLAND & ELLIS, LLP
655 Fifteenth Street Northwest
Washington,D C 20005
**Attorneys for Defendants, BP Products North America and BP America Inc.**

Alexander C. Chae
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002
**Attorneys for Defendant, Southern Cat, Inc.**

_____
Charles F. Herd, Jr.