IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION "J" |
| | * | HONORABLE CARL J. BARBIER |
| | * | MAGISTRATE JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### THE ANDRY LAW FIRM'S OBJECTION AND REPLY TO THE OPPOSITION OF THE SPECIAL MASTER TO ITS SECOND MOTION FOR PRODUCTION OF DOCUMENTS AND EXTENSION OF TIME

Acting as if he is now a party to these Show Cause proceedings, the Special Master, without any direction or order from the Court, has opposed The Andry Law Firm's ("ALF") Second Motion for Production of Documents and Extension of Time. Rec. Doc. 11627 (hereafter "Opposition" or "Opp."). The Special Master is wrong to oppose ALF's motion. ALF's argument for complete access to the relevant record is straightforward. The Special Master's complete investigative record is now part of *the record* before the Court in these Show Cause proceedings. The testimony and the documents that the Special Master has collected are part of what the Court must review *de novo* to determine whether ALF should be barred from pursuing its claim because it has "unclean hands."

*See* Fed. R. Civ. P. 53(f)(3); Rec. Doc. 11288.[1] ALF must have access to the same information, in its entirety, without exclusions or redactions, that the Court will be considering *de novo*. Otherwise, ALF will be severely prejudiced in its ability to respond to the Special Master's accusations and to address this Court's Order to Show Cause. Nor can this Court be certain of the correctness of any decision it renders on its Order to Show Cause, unless ALF is able to defend itself based on the relevant record in its entirety. Fundamental notions of due process and fairness, and this Court's discovery order, Rec. Doc. 11412, demand that ALF be granted complete access to the relevant record.

The Special Master opposes ALF's motion because he claims that "The Andry Law Firm's motion omits numerous relevant facts, and misstates other facts and law."[2] Opp. at 2. But this is not the Special Master's argument to make – and he is wrong on the merits, as discussed below. The Special Master apparently does not understand that his role is not that of party or advocate. "When [he] accepted appointment as master he assumed duties and obligations of a judicial officer." *In re Gilbert*, 276 U.S. 6, 9 (1928); *see also Lister v. Commissioners Court*, 566 F.2d 490, 493 (5th Cir. 1978) ("A special master has the duties and obligations of a judicial officer."). Now that he has filed his Report and the Court has issued the Order to Show Cause, his job is complete, at least as it relates to his recommendation regarding ALF. "It is primarily up to the district court to . . . evaluate [the special master's] conclusions." *Rios v. Enter. Associated Steamfitters Local Union 638*, 1168, 1175 (2d Cir. 1988). The Special Master does not have a continuing role as an advocate to defend his

---

[1] As the Court's review is *de novo*, the Special Master's investigative record is only part of the overall record that the Court must consider. ALF has the right to an evidentiary hearing, at which it can present evidence and confront witnesses. Thus, while the Special Master's investigative record is an essential part of the overall record, it is not the complete record for purposes of this Court's *de novo* review.

[2] To the contrary, it is the Special Master who omits and misstates the facts, including ignoring that ALF and AndryLerner are separate and distinct entities.

alleged findings; nor is it within his power to argue, as he does in the Opposition, that a party has misstated law or facts. *See People Who Care v. Rockford Bd. Of Educ.*, 111 F.3d 528, 541 (7th Cir. 1997) (describing the special master as "an ad hoc judicial officer" and rejecting the district court's description of the special master as occupying "'the position of a traditional litigator'"); *Cobell v. Norton*, 334 F.3d 1128, 1142 (D.C. 2003) (criticizing special master who, "instead of resolving disputes brought to him by the parties, he became something like a party himself. [He] was charged with an investigative, quasi-inquisitorial, quasi-prosecutorial role that is unknown to our adversarial legal system"). Simply put, the Special Master is wrong to oppose ALF's motion, because he does not possess the authority to lodge such opposition.

The Special Master further opposes ALF's motion on the ground that the discovery afforded "provides a full picture" of the supporting materials that the Special Master considered "in ascertaining the facts" set forth in his Report. Opp. at 3. But that is not what this Court ordered the Special Master to produce. The Court ordered the Special Master to "provide The Andry Law Firm access to information *relevant* to portions of the Special Master's Report concerning The Andry Law Firm." Rec. Doc. 11412 (emphasis added). The concept of "relevance" is far broader than disclosure of only those record excerpts that support what the Special Master subjectively decided to include in his Report. *See, e.g.,* Opp. at 4 ("Portions of transcripts *relied upon* in the Report already have been provided in discovery.") (emphasis added). "Relevance" encompasses any information that "is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004) (citation and internal marks omitted). The Special Master's production of only those documents that support the "voluminous citations" in his Report, Opp. at 3, is akin to a plaintiff who produces only the evidence that supports his complaint

3

allegations, or a prosecutor who discloses only the evidence that supports the indictment. Disclosure of "relevant" evidence plainly includes more than only the portions of testimony and documents that the Special Master elected to cite in his Report.

It is also simply not true to say that the discovery afforded "provides a full picture" of the "facts." Opp. at 3. Such a position is preposterous on its face when the Special Master has excluded from the production hundreds of pages of transcribed witness testimony, and heavily redacted nearly every (if not all) interview memorandum. The Special Master justifies his exclusion and redaction of obviously relevant transcribed testimony on the ground that "full transcripts contain material unrelated to The Andry Law Firm, and also contain material relevant to an open criminal investigation." Opp. at 4. The Special Master's concept of "unrelated" is impermissibly overbroad when, as demonstrated in ALF's original motion, the Special Master's production time and again excluded pages of testimony that contained not only relevant but, in some cases, obviously favorable information. *See* Rec. Doc. at 12-13.[3] Furthermore, the fact that the Special Master has referred the case to the United States Attorney's Office does not mean there is an "open investigation." Even if there was such an "open investigation," the Special Master is not a law enforcement officer, who, for example, is obligated under Federal Rule of Criminal Procedure 6(e) to protect grand jury material. To the contrary, it is well-established that evidence subject to a criminal investigation is not shielded from disclosure in civil proceedings, absent a stay of those proceedings. *See D'Angelo v. Pintado*, Civil Action No. 09-3667, 2009 WL 4642009, at *1 (E.D.La. Dec. 2, 2009) (stating that "[t]here is no general constitutional, statutory, or common law prohibition against the simultaneous prosecution

---

[3] To the extent that the Court is concerned that ALF should not have access to evidence that does not relate to it, the answer to that problem is not to allow the Special Master to make unilateral, subjective judgments about relevancy, but to subject the disclosures to a protective order. ALF would agree to such an order.

4

of parallel criminal and civil actions") (citing *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666-67 (5th Cir. 1981)); *see also Campbell v. Eastland*, 307 F.2d 478, 488 (5th Cir. 1962).

The Special Master also offers as justification for his limited disclosure that ALF is conducting its own investigation and can put forward to the Court whatever evidence it may uncover. Opp. at 3, 4 (ALF "is free to conduct its own interviews"; "Nothing prohibits the firm from conducting its own interviews"). But the Special Master cites no rule – because there is none – that relieves him of his obligation to provide full access to the record evidence merely because ALF has the ability to conduct its own investigation. By way of analogy, neither the Federal Rules of Civil Procedure nor Criminal Procedure relieves a party from its disclosure obligations merely because an adversary is in a position to conduct its own investigation. Moreover, to suggest, as the Special Master has, that ALF is in the same position as the Special Master to conduct an investigation is simply disingenuous. ALF does not have the subpoena power that the Special Master had and, therefore, cannot compel witnesses for testimony or documents for production. Consequently, the only way in which ALF can have access to some of the record evidence will be through full and complete disclosure by the Special Master.

Finally, though the Special Master claims that ALF "misstates . . . the law," Opp. at 2, 3, the only law that the Special Master cites is *Ruiz v. Estelle*, 679 F.2d 1115 (5th Cir. 1982). *Ruiz* actually compels access to the record evidence that ALF seeks. *Ruiz* held that an appointing order was "too sweeping" because, much like the Special Master has done here, it "permitt[ed] the Special Master to submit to the district court 'reports based upon his own observations and investigations in the absence of a formal hearing before him.'" *Id.* at 1162-63. The Fifth Circuit found that "[t]his not only transcends the powers traditionally given masters by courts of equity, but denies the parties due

5

process." *Id.* at 1163.  The Fifth Circuit remedied the error by amending the appointing order such that, "unless based on hearing conducted on the record after proper notice, the reports, findings, and conclusions of the Special Master are not to be accorded any presumption of correctness and the 'clearly erroneous' rule will not apply to them."  *Id.*  The Court also made clear that "the Special Master's findings must be based upon evidence *which is made part of the record before the Court.*"  *Id.* at 1172 (emphasis added).  The unmistakable lesson of *Ruiz* is that where, as here, the Special Master did not give notice to ALF or conduct a hearing, due process demands that parties like ALF are entitled to a *de novo* review by the district court and are entitled to defend themselves based on complete access to the record evidence.

Accordingly, The Andry Law Firm objects to the Special Master's submission of an opposition memorandum and asks that The Andry Law Firm's Second Motion for Production of Documents and Extension of Time be granted.

        Respectfully submitted,

        */s/ Kyle D. Schonekas*
        Kyle Schonekas, 1187
        William P. Gibbens, 27225
        Ian Atkinson, 31605
        SCHONEKAS, EVANS, MCGOEY
        & MCEACHIN, L.L.C.
        909 Poydras Street, Suite 1600
        New Orleans, Louisiana  70112
        Telephone:  (504) 680-6050
        Fax:  (504) 680-6051
        kyle@semmlaw.com
        billy@semmlaw.com
        ian@semmlaw.com

        Attorneys for The Andry Law Firm, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 11th day of October, 2013.

                                                  */s/ Kyle D. Schonekas*
                                                  Kyle D. Schonekas