UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v.* | : | Mag. Judge Shushan |
| *BP Exploration & Production Inc., et al.* | : | |

OPPOSITION OF THE SPECIAL MASTER
TO GLEN LERNER'S MOTION
<u>FOR PRODUCTION OF DOCUMENTS AND EXTENSION OF TIME</u>

**COMES NOW** Special Master Louis J. Freeh, in opposition to the motion by Glen

Lerner for production of documents and extension of time to respond to an Order to Show Cause

issued by the Court on September 6, 2013.  The motion for production of additional documents

should be denied, and the motion for extension of time considered in the Court's discretion.

1.  On October 9, 2013, Mr. Lerner filed a motion for additional discovery, adopting a

motion for additional discovery filed October 8, 2013 by The Andry Law Firm [Docket 11610].

2.  The Special Master respectfully incorporates herein its opposition to The Andry Law

Firm motion, filed October 10, 2013 [Docket 11627].

3.  Mr. Lerner seeks additional discovery not referenced in The Andry Law Firm motion.

For example, Mr. Lerner argues that "[t]he record developed by the Special Master *is before the*

*Court in its entirety*, and Mr. Lerner is entitled by due process, the Federal Rules of Civil

Procedure, and this Court's discovery order to disclosure of all relevant portions of that record,

without exclusions or redactions."  Lerner's Memorandum in Support of Motion at 5 (emphasis

added).

4. Mr. Lerner's position is based on a faulty assumption that the Special Master's record "is before the Court in its entirety." The Special Master's Report stated that:

> *All references herein* to bank documents, phone logs, email communications, DHECC claims documents, and witness statements, transcribed or summarized, are part of the Special Master's investigative record and will be preserved by the Special Master to be provided to the United States Attorney's Office for the Eastern District of Louisiana if directed by the Court. Given the possibility of a criminal investigation, the Special Master is not permitting access to such underlying documents at this time, unless otherwise ordered by the Court.

Report at 13 n.11 (emphasis added). The entire investigative record of the Special Master is not before the Court – only those documents referenced in the Report.

5. The investigation conducted by the Special Master produced a large volume of highly confidential data, including virtually every e-mail sent or received by DHECC staff and records of every incoming and outgoing phone call to and from DHECC staff from the inception of the DHECC to August 2013. Neither Mr. Lerner nor any other person or entity objecting to the Report has a right to freely roam through this highly confidential record, the vast majority of which has no relevance to the Special Master's investigation.

6. The record before the Court is the evidence that supports the statements and findings in the Special Master's Report. Mr. Lerner and other aggrieved persons have been given access to the portions of this record that are relevant to each such persons or entity.

7. Mr. Lerner claims that relevant evidence excluded from the Special Master's discovery included "[a]ll of the subpoenaed electronic communications and other documents produced by Mr. Lerner, Glen Lerner & Associates, and Crown LLC, which numbered over 2,000 pages." *Id*. at 3. Mr. Lerner is arguing that the Special Master did not produce in discovery all of the documents that Mr. Lerner had produced to the Special Master during the investigation. No purpose could possibly be served by such a redundant production of

documents.  If, however, Mr. Lerner did not retain a copy of the discovery he produced, the Special Master will have another copy of this material prepared.

8.  Mr. Lerner further seeks production of documents having nothing to do with the Special Master's Report.  For example, Mr. Lerner seeks production of "DHECC claims records regarding the claim of any client of AndryLerner, LLC, whose claim the Special Master has reviewed or intends to review as 'suspicious,' pursuant to the Show Cause Order."  *Id*. at 7.  This request is confusing the phases of the Special Master's work pursuant to the Court's Orders.

9.  The Report made clear that "[t]he Court's mandate to the Special Master did not include a directive to review the accuracy and appropriateness of claims pending before the DHECC."  Report at 58.  The facts concerning *one* claim, however, were "essential to the investigation of Mr. Sutton's conduct while at the CAO and therefore were closely examined."  *Id*.  This examination led to the Special Master's finding that the one claim reviewed evidenced fraudulent characteristics.  *Id*.  The Special Master reported that "[t]his finding therefore raises serious questions about the standards of proof to authenticate and to validate the veracity of claims and the anti-fraud policies and procedures used by the DHECC and its vendors."  *Id*.

10.  A review of authentication and validation of the veracity of DHECC claims is now underway, pursuant to the Court's Order of September 6, 2013.  Neither Mr. Lerner nor any other person or entity is yet entitled to discovery concerning this on-going and pending review.

11.  The Special Master has provided discovery supporting the Report, and providing Mr. Lerner and others with a clear understanding of the analytical process by which ultimate findings were reached, including voluminous citations to supporting materials to assure that the Special Master took care in ascertaining the facts.  The discovery here provides a full picture of these supporting documents, and fully satisfies the discovery obligations to Mr. Lerner and others.

12.  The Special Master took approximately 66 days to prepare its September 6, 2013 Report.  Mr. Lerner has had 38 days so far to prepare its response to the Special Master's Report. The Special Master leaves to the Court's discretion whether any further delay should be permitted for Mr. Lerner's response to be filed.

For these reasons, the Special Master respectfully requests that the Court deny the motion by Mr. Lerner for production of documents.

Respectfully submitted,


  /s/  Louis J. Freeh
Louis J. Freeh
Special Master


Dated:  October 14, 2013

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing response has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 14th day of October, 2013.

      /s/  Louis J. Freeh
Louis J. Freeh
Special Master

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | |
| IN RE:  OIL SPILL BY THE OIL RIG | : | MDL 2179 |
|     "DEEPWATER HORIZON" IN THE | : | |
|     GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. | : | Mag. Judge Shushan |
| BP Exploration & Production Inc., et al. | : | |
| | : | |

O R D E R

AND NOW upon consideration of Glen Lerner's motion for production of documents and to extend time to respond to order to show cause and the response of the Special Master thereto, it is hereby:

ORDERED that Mr. Lerner shall file his response to the Court's September 6, 2013 order to show cause on or before the _____ day of _____, 2013;

IT IS FURTHER ORDERED that on or before October _____, 2013, the Special Master shall provide Mr. Lerner access to discovery of the responses of witnesses to questions asked by Mr. James A. Cobb during the course of interviews conducted by the Special Master which Mr. Cobb attended; and

IT IS FURTHER ORDERED that Mr. Lerner's motion for production of documents is DENIED in all other respects.

Signed in New Orleans, Louisiana, this _____ day of October, 2013.

_____
HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE