UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179 |
| This Document Applies to: | SECTION: "J" |
| No. 12-970, *Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | JUDGE BARBIER |
| | MAG. JUDGE SHUSHAN |

### GLEN LERNER'S REPLY TO THE SPECIAL MASTER'S OPPOSITION TO GLEN LERNER'S MOTION FOR COMPLETE DISCOVERY FROM SPECIAL MASTER AND TO CONTINUE RESPONSE DATE TO THE ORDER TO SHOW CAUSE UNTIL AFTER THE PRODUCTION OF RELEVANT EVIDENCE

This Court's order of September 6, 2013, required that certain entities and individuals, including Mr. Lerner, who were not at that time parties to the underlying action, show cause why the Court should not adopt findings and recommendations of the Special Master.[1] The Special Master takes the position that the parties must demonstrate the error of his conclusions without evidence gathered by the Special Master, including evidence inconsistent with his recommendation, other than that which he chooses to disclose.

---

[1] Mr. Lerner appears solely to move to complete the discovery the Court afforded in its discovery Order. Rec. Doc. 11442. Mr. Lerner specifically reserves his right to make any and all objections to the Special Master's Report and the Court's Order, including those grounds for dismissal set forth in Federal Rule of Civil Procedure 12(b) and grounds relating to the scope of the Special Master's authority under Rule 53.

The Special Master is not a prosecutor. There is no basis in Rule 53, or anywhere else, for withholding evidence which he concedes exists. The Special Master's opposition to production can only be sustained if his role as a neutral factfinder is transformed into that of an advocate. Mr. Lerner is entitled to *all* relevant portions of the investigative record. That is the body of evidence upon which the Special Master's Report depends. Absent such access to the record, Mr. Lerner cannot fully and fairly respond to the accusations against him. So as not to repeat what already has been said on the subject, Mr. Lerner joins the Andry Law Firm's Objections and Reply to the Opposition of the Special Master to Its Second Motion for Production of Documents and Extension of Time (Rec. Doc. 11638) and incorporates the arguments set forth therein. We address the additional arguments raised by the Special Master in its opposition to Mr. Lerner's motion below.

The Special Master's contention that the entire investigative record of the Special Master is not before the Court, Opp. at 2, and "only those documents referenced in the Report" constitutes the record, *id.*, is wholly without merit. The Special Master cannot dictate what is and what is not part of the record based exclusively his subjective beliefs. The Court's review of the Report's findings and conclusions of law is *de novo*. Fed. R. Civ. P. 53(f)(3). If, as the Special Master contends, the record consists only of those "documents referenced in the Report," then the Court's review would not in any sense be *de novo*. It would be restricted to the information that the Special Master elected to disclose, and would not include evidence inconsistent with his findings which he elected not to disclose. A *de novo* review necessarily means that the Court must consider *all* of the relevant evidence, including evidence not expressly cited in the Report. The Special Master had the benefit of all relevant evidence in formulating his Report; this Court and Mr. Lerner are entitled to the same.

Importantly, the Court has recognized that its *de novo* review will be broader than just the documents referenced in the Report. This Court's September 16, 2013, discovery order requires the Special Master to "maintain original and un-redacted versions of *all documents* for review and consideration by the Court." Rec. Doc. 11442 (emphasis added). This Court should reject any suggestion by the Special Master that he is somehow entitled to withhold documents from the Court or selectively disclose relevant information to the affected parties, after being ordered by this Court to maintain "all documents for review and consideration by the Court." To adopt the Special Master's view of the record carries inherent risks for the Court and would be highly prejudicial to Mr. Lerner. The Court cannot possibly conduct a true *de novo* review if both the Court and the party affected by the Show Cause Order do not have complete access to the entire relevant investigative record.

We also add the following point about the Special Master's argument made in its opposition to The Andry Law Firm's motion for additional discovery: Mr. Lerner does not have access to the same evidence as the Special Master. For example, Mr. Lerner recently reached out to Mr. Juneau to request to interview him and other employees of the CAO. Counsel for the CAO advised that neither Mr. Juneau nor any of the CAO employees would be available for an interview absent an order from the Court. The field is plainly not even. The Special Master had access to witnesses and evidence that Mr. Lerner cannot hope to obtain absent extraordinary efforts. Full disclosure of the relevant record is necessary to provide Mr. Lerner a fair playing field.

Mr. Lerner respectfully requests that his Motion for Complete Discovery and Extension of Time be granted.

/s/ *Pauline F. Hardin*
Pauline F. Hardin (La. Bar #6542)

3

James E. Wright, III (La. Bar #13700)
Virginia W. Gundlach (La. Bar #18493)
**JONES WALKER LLP**
201 St. Charles Ave. – 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8110
Fax: (504) 589-8110
phardin@joneswalker.com
jwright@joneswalker.com
ggundlach@joneswalker.com

William W. Taylor, III (D.C. Bar #84194)
Amit P. Mehta (D.C. Bar #467231)
**ZUCKERMAN SPAEDER LLP**
1800 M. Street, NW – Suite 1000
Washington, D.C. 20036-5807
Telephone: (202) 778-1800
Fax: (202) 822-8106
wtaylor@zuckerman.com
amehta@zuckerman.com

*Attorneys for Glen J. Lerner*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing "Reply to the Opposition of the Special Master to Glen Lerner's Motion for Production of Documents and Extension of Time" has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 15 day of October, 2013.

/s/ *Pauline F. Hardin*
Pauline F. Hardin