UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | SECTION: "J" |
| GULF OF MEXICO, ON APRIL 20, 2010 | JUDGE BARBIER |
| | MAG. JUDGE SHUSHAN |

This Document Applies to:

No. 12-970, Bon Secour Fisheries, Inc., et al.
V. BP Exploration & Production Inc., et al.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**<u>MEMORANDUM   IN SUPPORT OF LIONEL SUTTON'S MOTION FOR COMPLETE DISCOVERY FROM SPECIAL MASTER AND TO CONTINUE RESPONSE DATE TO THE ORDER TO SHOW CAUSE UNTIL AFTER COMPLETE PRODUCTION OF RELEVANT EVIDENCE</u>**

NOW COMES Lionel Sutton, through counsel, and appearing solely for the purpose of moving to complete discovery and specifically reserving all rights to assert any and all objections and defenses to the Special Master's Appointment, Authority, Report and this Court's Order, including all grounds set forth in the Federal Rules of Civil Procedure, who, hereby moves for production of all relevant evidence obtained by the Special Master pursuant to this Court's Order to "Perform an independent investigation into the facts and circumstances that led to the resignation of Lionel Sutton III".

Sutton also moves to continue the response date to the Rule to Show Cause until 21 days after the production of all relevant evidence. So as not to unduly burden the Court, Sutton adopts and incorporates by reference the arguments set forth in the Andry Law Firm's Memorandum in Support of Second Motion for Production of Documents. Sutton files this separate motion to

specify his further demands for disclosure.

On September 19, 2013, this Court ordered the Special Master to provide Sutton access to information relevant to the portions of the Special Masters Report that concern Sutton. The Report makes three recommendations concerning Sutton:

1) <u>Based on the facts established by the Special Master's 66-day investigation, the Special Master recommended that the United states Department of Justice consider whether Sutton violated federal criminal statutes;</u>

Sutton seeks any and all information, whether the same is exculpatory or inculpatory, upon which the Special Master bases that recommendation. In the alternative, Sutton requests that this Court order the Special Master to certify that all information upon which that recommendation is based is contained in the report and that all other information discovered by the Special Master relevant to that information has been provided to Sutton.

2) <u>The Special Master recommended that the report be referred to the State Bar of Louisiana to determine whether Lionel Sutton violated any disciplinary rules;</u>

Sutton seeks any and all information, whether the same is exculpatory or inculpatory, upon which the Special Master bases that recommendation. In the alternative, Sutton requests that this Court order the Special Master to certify that all information upon which that recommendation is based is contained in the report and that all other information discovered by the Special Master relevant to that information has been provided to Sutton.

3) <u>The Special Master recommended that the Court consider applying the doctrine of "Unclean Hands" to ban Sutton from any DHECC representation and payment.</u>

Sutton seeks any and all information, whether the same is exculpatory or inculpatory, upon which the Special Master bases that recommendation. In the alternative, Sutton requests that this

Court order the Special Master to certify that all information upon which that recommendation is based is contained in the report and that all other information discovered by the Special Master relevant to that information has been provided to Sutton.

Finally, on page 14 of his report, the Special Master states that he "conducted over 80 interviews (several of which were follow-up interviews to those already conducted). **The majority of the interviews dealt with the facts and circumstances leading to Mr. Sutton's resignation**." (Emphasis added) Even under the strictest interpretation of this Court's Order, at least 41 of the interviews conducted by the Special Master are relevant to the portions of the report concerning Sutton. The Special Master's very first mandate was to perform an independent investigation into the facts and circumstances that led to the resignation of Lionel H. Sutton, III. To maintain that anything other than the entirety of the facts and circumstances that led to Sutton's resignation is not relevant to those portions of the report concerning Sutton would be to suggest that the report itself is not relevant to Sutton.  As the Special Master has produced numerous heavily redacted interviews, it is respectfully submitted that this Court order the Special Master to produce the remainder of the interviews that "dealt with the facts and circumstances leading to Mr. Sutton's resignation", as well as all other information discovered, whether exculpatory or inculpatory, that "dealt with the facts and circumstances leading to Sutton's resignation".

    Respectfully submitted,

    */s/ Michael S. Walsh*
    Michael S. Walsh, 8500
    Lee & Walsh, Attorneys at Law
    257 Maximilian Street
    Baton Rouge, LA   70802
    Telephone:   (225) 344-0474
    Fax:   (225) 344-9124
    michael@leeandwalsh.com
    Attorney for Lionel H. Sutton, III

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 15th day of October, 2013.

*/s/ Michael S. Walsh*
Michael S. Walsh