#77                                                                                                                    0232-11370

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG. DEEPWATER HORIZON in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO: 2179<br><br>SECTION "J"<br>JUDGE CARL J. BARBIER |
| This Document Applies to<br>          2:13-CV-02386-CJB-SS | MAGISTRATE "1"<br>MAG. JUDGE SALLY SHUSHAN |

## ANSWER TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Ameri-Force Craft Services, Inc. ("Answering Defendant") which, in response to plaintiff's Complaint, represents and avers as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Answering Defendant upon which relief can be granted.

## SECOND DEFENSE

**AND NOW,** without waiving the foregoing defense or any following defenses, Answering Defendant answers the allegations of plaintiff's Complaint as follows:

## PREAMBLE

The allegations contained in plaintiff's Preamble are denied for lack of sufficient information to justify a belief therein.

1.

It is admitted that Answering Defendant is a foreign corporation authorized to do business in the State of Louisiana. All other allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 call for a legal conclusion that require no response from Answering Defendant. However, to the extent that this Honorable Court may require a response, the allegations contained in Paragraph 2 are denied.

3.

The allegations contained in Paragraph 3 pertaining to Answering Defendant are denied. All other allegations contained in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 are denied.

5.

The allegations contained in Paragraph 5 pertaining to Answering Defendant are denied. All other allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 are denied.

7.

The allegations contained in Paragraph 7 are denied.

8.

The allegations contained in Paragraph 8 are denied.

9.

The allegations contained in Paragraph 9 pertaining to Answering Defendant are denied. All other allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 pertaining to Answering Defendant are denied. All other allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 call for a legal conclusion that require no response from Answering Defendant. However, to the extent that this Honorable Court may require a response, the allegations contained in Paragraph 11 pertaining to Answering Defendant are denied. All other allegations contained in Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 pertaining to Answering Defendant are denied. All other allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 call for a legal conclusion that require no response from Answering Defendant. However, to the extent that this Honorable Court may require a response, the allegations contained in Paragraph 13 are denied.

14.

The allegations contained in Paragraph 14 do not pertain to Answering Defendant and call for a legal conclusion that require no response from Answering Defendant. However, to the extent that this Honorable Court may require a response, the allegations contained in Paragraph 14 are denied.

15.

The allegations contained in Paragraph 15 do not pertain to Answering Defendant. However, to the extent that this Honorable Court may require a response, the allegations contained in Paragraph 15 are denied.

16.

The allegations contained in Paragraph 16 are denied.

17.

The allegations contained in Paragraph 17 call for a legal conclusion that require no response from Answering Defendant. However, to the extent that this Honorable Court may require a response, the allegations contained in Paragraph 17 are denied.

18.

The allegations contained in Paragraph 18 call for a legal conclusion that require no response from Answering Defendant. However, to the extent that this Honorable Court may require a response, the allegations contained in Paragraph 18 are denied.

19.

The allegations contained in Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

**PRAYER FOR RELIEF**

The allegations contained in plaintiff's Prayer for Relief are denied.

**THIRD DEFENSE**

Plaintiff is not a Jones Act seaman as he did not have the requisite connection to a vessel or fleet of vessels under common ownership or control that was substantial in terms of both duration and nature.

**FOURTH DEFENSE**

Plaintiff's illnesses or injuries, if any, resulted from his own sole fault, and negligence and/or inattention to duty or from the fault, negligence, and/or inattention to duty of others for whom Answering Defendant is not responsible.

**FIFTH DEFENSE**

Plaintiff did not directly handle or disperse any dispersants used following what plaintiff has characterized as "the explosion of the Deepwater Horizon oil well."

**SIXTH DEFENSE**

Any dispersants with which plaintiff was allegedly exposed were not unreasonably dangerous and their use in connection with what plaintiff has characterized as "the explosion of the Deepwater Horizon oil well" was approved by the United States Environmental Protection Agency.

### SEVENTH DEFENSE

Plaintiff alleged injuries, which are denied, arose out of his failure to follow his training and safety guidelines in connection with what plaintiff has characterized as "the explosion of the Deepwater Horizon oil well."

### EIGHTH DEFENSE

Answering Defendant further avers that if plaintiff sustained any injuries, which is specifically denied, said injuries were caused or brought about by the ordinary and normal risks incident to his occupation, voluntarily assumed by the plaintiff, and for which Answering Defendant is in no way responsible.

### NINTH DEFENSE

If the plaintiff sustained any illnesses or injury, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom Answering Defendant is in no way responsible. Specifically, Answering Defendant alleges and avers that the plaintiff was negligent and at fault in the following particulars, but not limited thereto:

1. Failure to see what he should have seen under the prevailing circumstances;
2. Failure to exercise reasonable care;
3. Failure to take proper precautions to avoid the alleged exposure;
4. Failure to utilize safety measures available and/or instructions to prevent the alleged exposure; and

5. Any and all other acts of negligence and/or assumption of the risk that will be proven at trial.

### TENTH DEFENSE

Without waiving the above and foregoing, and further answering if same be necessary, Answering Defendant avers that plaintiff's damages arose as a result of a pre-existing and/or subsequently developed physical and/or mental condition that was neither caused nor aggravated by any act or omission of Answering Defendant, thus barring or mitigating any recovery by plaintiff herein.

### ELEVENTH DEFENSE

Further answering the plaintiff's Complaint, and as a separate and distinct defense, Answering Defendant alleges that if plaintiff has sustained any injury or illness it existed before the time of his alleged accident and injuries, and that he knew or should have known he was bodily and physically unfit and unable for the duties which he undertook to perform, all of which were not made known to Answering Defendant and for which Answering Defendant is not responsible.

### TWELFTH DEFENSE

Answering Defendant would show that if plaintiff was injured, which is specifically denied, such injury was caused by equipment, materials, and/or chemicals, including dispersants, in an area over which Answering Defendant had no control or authority.

### THIRTEENTH DEFENSE

Answering Defendant pleads that any negligence for which Answering Defendant is allegedly responsible was in no way connected with the injuries for which plaintiff seeks recovery.

### FOURTEENTH DEFENSE

Answering Defendant alleges that the plaintiff has failed to mitigate his damages and his recovery is herein defeated or mitigated.

### FIFTEENTH DEFENSE

Answering Defendant specifically pleads in the alternative that plaintiff was an independent contractor or borrowed employee/servant of another entity and is not a Jones Act employee of Answering Defendant, plaintiff's alleged status of such being expressly denied.

### SIXTEENTH DEFENSE

Answering Defendant avers that plaintiff's causes of action against it are barred by the applicable provisions of the Longshore & Harbor Workers' Compensation Act, Louisiana State Workers' Compensation Act, or other applicable compensation act.

### SEVENTEENTH DEFENSE

In the alternative, Answering Defendant pleads the contributory and/or comparative negligence of plaintiff and/or other defendants and/or other unnamed parties in bar to or mitigation of recovery.

### EIGHTEENTH DEFENSE

Further in the alternative, plaintiff's injuries, if any, resulted from a condition that was open and obvious to the plaintiff.

### NINETEENTH DEFENSE

Answering Defendant owed no duty, or in the alternative, breached no duty, to the plaintiff's regarding any alleged exposure to oil or dispersants in connection with what plaintiff has characterized as "the explosion of the Deepwater Horizon oil well."

**TWENTIETH DEFENSE**

Plaintiff's Complaint is barred by the applicable statute of limitations, prescription, and/or laches.

**TWENTY-FIRST DEFENSE**

Answering Defendant reserves the right to supplement, amend or modify its Affirmative Defenses and Answers to conform to such facts as may be revealed in discovery or otherwise.

WHEREFORE, the premises considered, defendant, Ameri-Force Craft Services, Inc. prays that this Answer to the Complaint for Damages of plaintiff, Alonzo Odums, Jr., be deemed good and sufficient and that after due proceedings are had, there be judgment herein in their favor and against plaintiff, dismissing the plaintiff's suit at his costs, and that defendant be granted such other and further relief as equity and justice of the cause may require and permit.

/s/ *Edward S. Johnson*
EDWARD S. JOHNSON, T.A. (#7289)
BRETT W. CHALKE  (#33769)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Attorneys for Ameri-Force Craft Services, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of October, 2013, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.


              /s/ *Edward S. Johnson*