```
CC: "Cantor, Daniel A." <Daniel.Cantor@APORTER.COM>,
"jandry@andrylawgroup.com" <jandry@andrylawgroup.com>
Subject: BP's Final Proposal - Claim No. 19691 - Casey Thonn
Date: Mon, 4 Feb 2013 21:14:54 -0500
To: "DDuval@dheclaims.com" <DDuval@dheclaims.com>, "jgoodwin@browngreer.com"
<jgoodwin@browngreer.com>,
"ClaimForms@deepwaterhorizoneconomicsettlement.com"
<ClaimForms@deepwaterhorizoneconomicsettlement.com>
From: "Warlick, Sarah E." <Sarah.Warlick@aporter.com>
Transaction Date (UTC): 2013-02-05 02:15:08
Original Requestor: Sarah.Warlick@aporter.com
```

Mr. Duval,

Please find enclosed BP's Final Proposal with respect to the appeal of claim number 19691 - Casey Thonn.

Kind regards,
Sarah

Sarah E. Warlick
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: +1 202.942.6409
sarah.warlick@aporter.com<mailto:sarah.warlick@aporter.com>
www.arnoldporter.com<http://www.arnoldporter.com>

---

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

---

For more information about Arnold & Porter LLP, click here :
http://www.arnoldporter.com


EXHIBIT G

## BP'S FINAL PROPOSAL REGARDING CLAIM NO. 19691

BP Exploration & Production Inc. ("BP") respectfully submits this Memorandum in Support of Its Final Proposal with regard to the appeal of Claim No. 19691 by the Claimant (Casey Thonn). The Claimant is appealing that (1) the Settlement Program incorrectly applied the Seafood Compensation Framework's Shrimp Compensation formula, (2) the Settlement Program deducted Claimant's prior seafood-related payment twice, and (3) the Settlement Program did not accurately calculate the Claimant's Accounting Support Reimbursement.

As BP explained in its Initial Proposal, the Settlement Program correctly calculated both Claimant's Compensation Amount and the Claimant's prior payment offset. BP also explained that it agrees that the Settlement Program miscalculated the Claimant's Accounting Support Reimbursement, but that the Claimant is only entitled to $1,000, not the more than $10,000 it is requesting. BP, therefore, submits a Final Proposal Compensation Amount of $22,932.00 and Final Proposal Prior Payment Offset of $72,500.

### EXPLANATION OF BP's POSITION

A. The Settlement Program Correctly Calculated Claimant's Compensation Amount

The claim at issue is a Seafood Program shrimp boat captain claim for the vessel Boss Hoss (Hull ID LAZ62111E101). This claim is governed by the Seafood Compensation Framework's Shrimp Compensation Plan (the "Plan"). Settlement Agreement, Exhibit 10. As part of the calculation of a Claimant's Compensation Amount, the Settlement Program must determine the amount of costs, if any, to deduct from a claimant's revenue. If the Settlement Program used a claimant's *gross revenue* as a claimant's Benchmark Revenue, then it must calculate Benchmark Costs. *Id.* at 22. The claimant's Benchmark Revenue is multiplied by a Shrimp Cost Percentage to determine a claimant's Benchmark Shrimp Cost. *Id.* According to

1

the Plan, the Shrimp Cost Percentage is "expressed as a percentage of revenue and reflects standard industry non-labor variable costs." *Id.* The resulting Benchmark Shrimp Cost is then subtracted from the Claimant's gross revenue. However, if a claimant's *earnings* are used for Benchmark Revenue, the Program does not need to calculate or subtract any additional costs. *Id.* This makes economic sense. Gross revenue is a claimant's revenue before any deductions for variable costs are applied. A claimant's earnings, on the other hand, already include deductions for variable costs and do not need to have additional costs subtracted from them.

According to the Claimant, however, he should not have any Benchmark Costs deducted from his gross Benchmark Revenue. In his Initial Proposal, the Claimant argued that simply because he is a Boat Captain and he used tax returns for his financial data that the Shrimp Cost Percentage should not be used to calculate and then deduct Benchmark Costs from his gross revenue. Claimant's Memorandum in Support of Appeal at 1. The Claimant has misinterpreted the Settlement Agreement. The Agreement states that the Benchmark Cost calculation should only be skipped if, "the Claimant is a Boat Captain **and** Benchmark Revenue was calculated based upon his <u>earnings</u>, such as from tax return[s] or financial information." *Id.* (emphasis added). To be exempt from the Benchmark Cost calculation, therefore, a claim must satisfy a two-part test: (1) it must be a Boat Captain claim and (2) Benchmark Revenue must be based on a Claimant's *earnings*.

The Claimant's Boat Captain claim does not satisfy this test. The Program used Claimant's *gross revenue* – not its earnings – as Claimant's Benchmark Revenue. Specifically, the Settlement Program used Claimant's 2009 gross revenue of $156,000, indicated on his federal tax return as "Gross income." Claimant's 2009 Fsorm 1040, Schedule C, attached to BP Initial Proposal as Exhibit 1. The Settlement Program, therefore, properly applied the Shrimp

2

Cost Percentage to Claimant's Benchmark Revenue to determine and then subtract Claimant's Benchmark Costs from his gross revenue.[1]

B. The Settlement Program Properly Deducted Claimant's Prior Seafood Spill-Related Payments

According to the Seafood Compensation Framework, "[c]ompensation received by an eligible Claimant under the Seafood Compensation Program will be reduced by the amount of prior Seafood Spill-Related Payments...." Settlement Agreement, Ex. 10 at 3. In order to apply this requirement, the Settlement Agreement instructs that "[t]he Claims Administrator shall offset any compensation under the Seafood Compensation Program by the total of the Seafood Spill-Related Payment amount." *Id.* at 85. The Agreement defines Seafood Spill-Related Payments as "compensation paid to a claimant through the OPA Process, by BP, the GCCF, or through the Transition Facility for economic loss claims relating to Seafood." *Id.* at n. 3.

The Settlement Agreement has only applied the prior payment offset once. Although the Eligibility Notices for Claimant's Boat Captain Claim (No. 19691) and Vessel Owner Claim (No. 19690) both include a prior payment offset of $72,500, the "Summary of All Eligible Seafood Compensation Program Claims" on these Eligibility Notices only apply the offset once.

C. The Claimant is Only Entitled to Accounting Support Reimbursement of $1,000

The Settlement Agreement provides for Accounting Support Reimbursements to reimburse claimants for "reasonable and necessary accounting fees related to Claims preparation." Settlement Agreement § 4.4.13. A Business Claimant's reimbursement, "may not exceed 2% of the total Economic Damage Compensation Amount (excluding RTP) for business Claims over $50,000 with all other Claims limited to $1000." *Id.* at 4.4.13.8. A Business

---

[1] The accounting report submitted with Claimant's original claim is also in agreement with the Settlement Program's calculation. *See* Coastal Claims Group Report at 8, attached to BP Initial Proposal as Exhibit 2.

Claimant is defined as, "an Entity, or a self-employed Natural Person who filed a Form 1040 Schedule C, E or F, which or who is an Economic Class Member Claiming Economic Damage allegedly arising out of...the Deepwater Horizon Incident." *Id.* at § 38.15.

The record evidence indicates that Claimant filed a Schedule C and is, therefore, entitled to accounting support reimbursement as a Business Claimant. As a Business Claimant with a pre-RTP Compensation Amount of less than $50,000, reimbursement is capped at $1,000. Therefore, BP submits that Claimant is eligible for an Accounting Support Reimbursement Payment of $1,000.

\*\*\*

In light of the above, BP agrees with the Settlement Program's calculation of Claimant's Compensation Amount. BP, therefore, submits a Final Proposal Compensation Amount of $22,932.00, the amount the Claimant is entitled to according to the terms of the Settlement Agreement's Seafood Compensation Framework. Additionally, BP agrees that Claimant's Prior Seafood Spill-Related Payments should only be applied once, but without evidence that this offset has been applied to other Claims for which the Program has issued payment, BP submits a Final Proposal Prior Payment Offset of $72,500. Finally, BP submits that Claimant is entitled to Accounting Support Reimbursement of $1,000.

4