**From:** ▇▇▇▇
**To:** ▇▇▇▇
**Cc:** ▇▇▇▇
**Subject:** RE: General Question regarding Eligibility Notices under the Seafood Compensation Program - Trip Tickets v. Income Tax Returns
**Date:** Tuesday, January 22, 2013 3:09:27 PM

FYI only.

---

**From:** ▇▇▇▇@dhecc.com]
**Sent:** Tuesday, January 22, 2013 2:10 PM
**To:** ▇▇▇▇
**Cc:** ▇▇▇▇
**Subject:** RE: General Question regarding Eligibility Notices under the Seafood Compensation Program - Trip Tickets v. Income Tax Returns

▇▇▇▇,

I just wanted to inform you that we have implemented a new Re-Review process in addition to Reconsideration. You may seek a Re-Review if you have additional supporting documentation. I don't think that is your case here, but I wanted to inform you of that update for future references. I can seek clarification for you on the use of Trip Tickets vs. Income Tax Returns, however, without having an actual CID, receiving clarification may be difficult. Please let me know how you'd like me to move forward.

Thanks,

▇▇▇▇

---

**From:** ▇▇▇▇@andrylawgroup.com]
**Sent:** Tuesday, January 22, 2013 2:58 PM
**To:** ▇▇▇▇
**Cc:** ▇▇▇▇
**Subject:** General Question regarding Eligibility Notices under the Seafood Compensation Program - Trip Tickets v. Income Tax Returns

▇▇▇▇,

    I have a question regarding eligibility notices that I would appreciate your input on. My question is limited to claimants under the seafood compensation program. We have received many eligibility notices from the claims facility regarding several claimants in which the claims facility used trip tickets to calculate the claimants loss in lieu of the claimants Income Tax Return. I understand that we can upload the SWS 1 to request that the claims facility use either the claimants trip tickets OR Income tax returns to calculate the loss. In some of these instances, we have uploaded the SWS 1 with the claim form (requesting that the claims facility use Income Tax Returns), and the claims facility still uses trip tickets to calculate the loss. In other circumstances, we may have not uploaded a SWS 1 requesting that the facility use Income Tax Returns to calculate a loss, and the claims facility uses the trip tickets to calculate the loss.

    ALL of the claimants that I am referring to would have received eligibility notices in a higher amount if the claims facility would have used Income Tax Returns. This is despite the fact that we

**EXHIBIT 5**

have either uploaded the SWS 1 requesting that the facility use Income Tax Returns and despite the fact that Section 4.3.8 provides that the claims administrator shall process the information completed to produce the greatest economic damage compensation amount.

The problem that this causes is that we have to request for reconsideration to request that the claims facility use Income Tax Returns (which should have been done anyway considering the SWS 1 and/or Section 4.3.8). 1. This really holds up the entire process. 2. We then receive a post reconsideration eligibility notice and sometimes the amount is still incorrect. 3. This means we now have to appeal, which causes even more delays and involves paying fees.

I just do not understand how this keeps happening. I do not have a list of clients that this has happened to, but this has definitely been going on. Is there any way you can look into this for me? Any assistance would be greatly appreciated. Thank you for your time.

Sincerely,

▇▇▇

▇▇▇
Andry Lerner, L.L.C.
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: ▇▇▇
Facsimile: ▇▇▇
E-Mail: ▇▇▇@andrylawgroup.com

CONFIDENTIALITY NOTICE: This e-mail transmission (and the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. It is intended only for use by the person(s) to whom it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone to arrange for the return of the documents.

▇▇▇
Andry Lerner, L.L.C.
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: ▇▇▇
Facsimile: ▇▇▇
E-Mail: ▇▇▇@andrylawgroup.com

CONFIDENTIALITY NOTICE: This e-mail transmission (and the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. It is intended only for use by the person(s) to whom it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of or the taking of any action in reliance on the contents of this information is strictly prohibited. If you