IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION "J" |
| | * | HONORABLE CARL J. BARBIER |
| THIS DOCUMENT RELATES TO 12-970 | * | MAGISTRATE JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * *

# MOTION FOR INFORMATION
## TO DETERMINE POTENTIAL REQUEST FOR RECUSAL OF SPECIAL MASTER

NOW COMES, Jon Andry and moves as follows:

1.

Louis Freeh is the Special Master appointed by the Court pursuant to Rule 53.

2.

In the course of that appointment, he decided to investigate Jon Andry. Jon Andry was not a party, the Andry Lerner Law Firm were not parties to the decision to appoint Freeh, or to the decision to appoint a special master.

3.

Freeh did not disclose to Jon Andry any of the details reflected in the attached memorandum, and to counsel's knowledge has never disclosed those details to any of the parties except possibly BP through its counsel Kirkland & Ellis due to the Freeh/Kirkland & Ellis shared common interests.

4.

Andry is entitled to a neutral and detached special master since that individual serves as part of the court depending on the assigned duties.

5.

Freeh's conflicts in this case appear to be consequential possibly disqualifying. At a minimum, they reflect on his potential credibility and should be subject to full disclosure.

6.

Without proper information as requested in the attached memorandum, Andry cannot determine if he should contest Freeh's role as Special Master.

7.

It is Andry's belief that Freeh's job as Special Master has ended, that his continued role now is as an advocate for himself and his firm, and that his recusal is required.

8.

The actions of Freeh himself subsequent to the issuance of his report, raise serious questions as to his neutrality and impartiality:

1. The redaction of relevant facts and testimony that help Jon Andry.

2. The use of a perceived, not proven, possible criminal investigation on **his** referral as justification to deny discovery required by the Federal Rules of Civil Procedure.

3. Stopped the payment of legitimate Andry Lerner claims.

4. Set his own criteria for determining the validity of claims that have already been approved and re-approved under Court order.

5. Assigned to himself the right and duty to speak with and investigate all Andry Lerner referral counsel.

6. To do the above in secret without advising Andry or Andry's clients or counsel of his criteria or any probable reasonable basis for such investigation.

7. Accuse Andry and others of a "corrupt process" and possible criminal wrongdoing to inflame the public and mislead.

8. To use allegations of material false statements by Jon Andry, Glen Lerner and Christine Reitano that do not exist, to allege conflicts of interest, and to improperly quote and misquote federal criminal law as implicated in these events.

9. To aide the Freeh Group and the Pepper Hamilton Law Firm and BP by accepting a role as clawback attorney and recover already paid funds that by his definition are the result of "suspicious" claims. These recoveries should they occur are outside any of the accepted policies or rules in the Settlement Agreement and will necessarily directly go back to BP.

10. There are other undisclosed and relevant questions to be answered if Freeh is to continue. For example, it does not appear anywhere in the Court record that Freeh's firm Pepper Hamilton (lawyers for this Court appointed Special Master) are co-counsel with Kirkland & Ellis (the primary BP defense firm) in the Avandia National Class Action. The Case Management Order No. 1 apoints Pepper Hamilton as liaison counsel (Exhibit 1). Kirkland & Ellis' website states:

    > "GlaxoSmithKline
    >
    > Kirkland is representing GlaxoSmithKline in litigation alleging that the diabetes treatment drug Avandia causes heart attacks. This litigation is based on meta-data analyses that were published in May 2007. Kirkland is charged with developing the overall trial defense for these claims, which are also the subject of intensive regulatory proceedings and congressional investigations. Kirkland is national trial counsel, working closely with GlaxoSmithKlines existing national coordinating counsel, Pepper Hamilton and OMelveny & Myers."

11. The Andry interests, Andry Lerner, and The Andry Law Firm tried to intervene in this case before the Freeh appointment. That was denied on July 9, 2013. As a result, the Andry interests were never given an opportunity to develop the conflicts, such a right should now be given.

Jon Andry has a right to a Special Master free of conflicts and free of the appearance of conflicts. That maybe the Freeh Group. However, at this stage of the case serious questions exist regarding the Freeh, Kirkland, BP connections.

Granting this motion will allow the full light of fairness to focus on these concerns and assure all these affected that the process remains free from contamination either in fact or in appearance.

By Attorneys:

*/s/Lewis O. Unglesby*
LEWIS O. UNGLESBY (#12498)
LANCE C. UNGLESBY (#29690)
UNGLESBY LAW FIRM
246 Napoleon Avenue
Baton Rouge, LA 70802
Telephone: (225) 387-0120
Facsimile: (225) 336-4355
Email: lisa@unglesbylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 16th day of October, 2013, a copy of the foregoing Motion was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/Lewis O. Unglesby*
_____
LEWIS O. UNGLESBY