# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| J. Andrew Langan, P.C.<br>To Call Writer Directly:<br>(312) 862-2064<br>andrew.langan@kirkland.com | 300 North LaSalle<br>Chicago, Illinois  60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

October 17, 2013

**VIA E-MAIL**

The Honorable Carl J. Barbier
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

    Re: MDL 2179 — Improper Scope of U.S. "Rebuttal" Video Clips

Dear Judge Barbier:

  Three of the video clips the U.S. intends to use in its rebuttal case—taken from the depositions of Mark Havstad, Jaime Loos and Arthur Ratzel—contain testimony that goes beyond the scope of testimony BP played for those deponents during BP's case-in-chief. The improper "rebuttal" video testimony is as follows:

- **Mark Havstad**: The U.S. video clip addresses the topics of "political motivation" (85:10-24) and "the 10 percent uncertainty estimate" (364:10-19; 384:21-385:2; 389:14-23). The Havstad video testimony played by BP does not reference either topic.

- **Jaime Loos**: The U.S. video clip addresses the topics of "Young's modulus and Poisson ratio" (28:10-20) and the difficulty of compressibility calculations (262:9-22). The Loos video testimony played by BP does not reference either topic.

- **Arthur Ratzel**: The U.S. video clip addresses the topics of BP's work related to flow rate estimates (587:13-588:22) and the experience and background of individual members of the Tri-Lab team (589:16-591:7). The Ratzel video testimony played by BP does not reference either topic.

  If the U.S. wanted to play testimony from these deponents regarding these topics, the U.S. should have disclosed such testimony on September 16, per the Court's video clip disclosure timeline for the U.S. case-in-chief, and played such testimony in its case-in-chief.  *See*

KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
October 17, 2013
Page 2

Rec. Doc. 11180-1 at 3. Having failed to do so, the U.S. should not now be allowed to cure its missed opportunity by playing this testimony as "rebuttal" evidence.

As is the case here, where evidence was otherwise available to the plaintiff during the plaintiff's case-in-chief and was associated with issues argued during that case-in-chief, the plaintiff may not use a supposed "rebuttal" to introduce such evidence, regardless of its relevance to the issues. *See, e.g.*, *Capaci v. Katz Besthoff, Inc.*, 711 F.2d 647, 663-64 (5th Cir. 1983) (finding no abuse of discretion in trial court's refusal to admit evidence regarding employee personnel files during rebuttal stage of proceedings in sex discrimination case where relevant issue of pretext was already put in issue during case in chief and files for which admission was being sought were already available to plaintiff during case in chief).

BP notified the U.S. of its objections but, at the time of this letter, the U.S. had not withdrawn any of the improper video testimony. Accordingly, BP requests the Court prohibit the U.S. from playing the above-cited video testimony in its rebuttal case.

Respectfully submitted,

/s/ J. Andrew Langan, P.C.

J. Andrew Langan, P.C.

cc (via electronic email):

United States' MDL Counsel
State and Local Government Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel