IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * | MDL NO. 2179<br><br>SECTION: J<br><br>Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

**CHRISTINE REITANO'S SUPPLEMENTAL (SECOND) RESPONSE AND OBJECTION TO FREEH REPORT WITH INCORPORATED MEMORANDUM AND RENEWED REQUEST FOR (1) PRODUCTION OF DOCUMENTS; (2) EXTENSION OF TIME TO FILE FINAL OBJECTIONS; (3) EVIDENTIARY HEARING ON ALL ISSUES; AND (4) A STATUS CONFERENCE WITH ALL "SHOW CAUSE" PARTIES**

NOW INTO COURT, through undersigned counsel, and reserving each and every right to object to the jurisdiction of this court and to object to the complete lack of substantive and procedural due process as it relates to Christine Reitano, comes Christine Reitano who responds as follows to the Orders entered by this court on September 6, 2013 (Document No. 11288) and on September 19, 2013 (Document No. 11442).[1] On October 16, 2013, the Court granted an extension of time to November 15, 2013 to file objections to certain other Non-Parties, not including Ms. Reitano. (Document No. 11664).[2]

---

[1] Ms. Reitano, a Non-Party who has not been served, appears solely because of a pending court-ordered deadline of October 18, 2013 issued to the "Non-Parties" to show cause why the findings of the Special Master should not be adopted by the court. (Document No. 11288 and Document No. 11442). Ms. Reitano specifically reserves her right to make any and all further and supplemental objections to the Special Master's Report and the Court's Orders, including those grounds for dismissal set forth in Federal Rule of Civil Procedure 12(b) and the grounds relating to the scope of the Special Master's authority under Rule 53 and the grounds for his disqualification pursuant to 28 U.S.C. § 455.

[2] Ms. Reitano had not joined in the Andry Law Firm "Second Motion for Production and Extension of Time." (Document No. 11610).

1.

Christine Reitano is a resident of full age and majority of the Parish of Orleans. She is not a party to these proceedings. Undersigned counsel is not enrolled in the case for her or any other party to the proceedings. Ms. Reitano is neither a claimant nor the attorney for any claimant in the captioned case.

2.

Ms. Reitano renews and reiterates each and every paragraph and allegation set forth in her "Initial Objection to Freeh Report with Incorported Memorandum and Request for (1) Production of Documents; (2) Extension of Time to file Final Objections; (3) Evidentiary Hearing on All Issues; and (4) a Status Conference with all 'Show Cause' Parties." (Document No. 11414). Since the Court's Order of September 19, 2013, the Special Master has provided heavily redacted and grossly incomplete documents which he collected, claiming that they are the only documents relevant to Ms. Reitano. This is obviously not true. For example, Ms. Reitano was not even provided with a complete transcript of her own interview which, under no standard or circumstances, could be described as irrelevant.[3] In addition, the Special Master declined to include in his "findings" any reference to the termination letter from Ms. Reitano to Mr. Casey Thonn which cannot be legitimately described as "irrelevant."[4] (See **Exhibit A**). Further, the Special Master redacted and

---

[3] Ms. Reitano received more pages of the statement of Mr. Jon Andry than she did of her own statement.

[4] Ms. Reitano knows that SM Freeh has this letter because it was produced by Ms. Reitano during her interview with SM Freeh. In fact, when counsel for Ms. Reitano advised that there were documents she wanted to make a part of the record (the termination letter), SM Freeh objected and said he would be the decider of what information went into the record. Reluctantly, and contrary to his professed "open-door policy" for the receipt of information, (Report, p. 14), after the letter was described to him, he allowed the letter to be introduced. But, he did not

misrepresented the statements of Ms. Christina Mancuso in his findings. (See Affidavit of Ms. Christina Mancuso attached as **Exhibit B**). Therefore, it is essential that the notes from the interview of Ms. Mancuso and the unredacted "summary" of her statement be provided.

3.

In addition to the specific examples cited in the preceding paragraph, the Special Master has parsed the information discovered in his investigation in a manner that exceeds the scope of his authority under Rule 53. The Special Master is a judicial officer of the Court. He is not an advocate or litigant–which he appears more likely to be with every additional filing made by him in the case. His proper role is not, as he has done, to finely comb the record and disclose to Ms. Reitano only those snippets and excerpts of the record that allegedly support only the biased and selected facts in his report. His proper role is to disclose the record, in its entirety, to Ms. Reitano. She is entitled, at the very least, to the same and equal access to the full record as the Special Master in order to show that he has not presented the facts as a neutral, unbiased officer of the court. Furthermore, since the Court is required to review the evidence gathered by the Special Master "de novo," the entire record and all of the evidence should be produced immediately to all of the Non-Parties.

4.

Ms. Reitano renews her Initial Request for production of ALL of the evidence gathered by Mr. Freeh and objects to the restricted, redacted and limited response provided so far. Without the full record, she will not have an opportunity to effectively respond and be heard and she will not have a meaningful opportunity to challenge the selective evidence which was relied on by SM Freeh

---

consider it relevant enough to his conclusions about Ms. Reitano to include it in his report or in his selected and redacted production.

in deriving his over-and far-reaching conclusions, verdict and sentencing recommendations. Therefore, Ms. Reitano files this Supplemental Response in accordance with the Order and deadline set by the Court, but reserves her right to further supplement her response when the full record is produced by Mr. Freeh.  It is an impossible task to respond to the report in any meaningful way unless and until this court orders SM Freeh to produce to Ms. Reitano all of the documents, notes, interviews, transcripts, information, etc. in his possession, UNREDACTED, which he collected and/or used to reach the conclusions and opinions in the report.

5.

In her Initial Response, Ms. Reitano asked for the identity of her adversary.  Since that time it has been learned that the Special Master has hired his own lawyer and become the client of his own Law Firm. (See attached emails with Greg Paw attached as **Exhibit C**). This relationship has been used by SM Freeh to assert an attorney client privilege to avoid production of some of the evidence gathered by him.  Ms. Reitano objects on the ground that the Special Master is just that and he cannot hire his own law firm to represent him in order to claim a privilege on materials gathered for the court and which must be reviewed "de novo."  Such conduct is far beyond the scope of a Special Master under Rule 53 and should not be sanctioned by the Court.

WHEREFORE, Christine Reitano prays that this Supplemental Objection and Response be received and, reserving all rights to object to the jurisdiction of this court, the lack of procedural and substantive due process, and the scope of the authority of the Special Master, she moves the Court to order:

(1) the production of ALL of the evidence, unredacted, gathered by SM Freeh;

(2) an extension of time for Christine Reitano to file her final objections and response until

30 days after the production of all of the evidence by SM Freeh;

(3) an evidentiary hearing be held no less than 30 days after all final objections and responses are filed by the "show cause" parties; and

(4) a status conference with the court and all "show cause" parties in order that this matter may proceed in an orderly fashion.

Respectfully Submitted:

/s/ Mary Olive Pierson
Mary Olive Pierson, La. Bar No. 11004
8702 Jefferson Highway, Suite B (70809)
Post Office Box 14647
Baton Rouge, LA 70898
(225) 927-6765 - Telephone
(225) 927-6775 - Facsimile
mop@mopslaw.com - Email

*Counsel for Christine Reitano*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing "Christine Reitano's Supplemental (Second) Response and Objection to Freeh Report with Incorporated Memorandum and Renewed Request for (1) Production of Documents; (2) Extension of Time to file Final Objections; (3) Evidentiary Hearing on All Issues; and (4) A Status Conference with all "Show Cause" Parties" was filed electronically via the CM/ECF system on this 17th day of October, 2013.  Notice of this filing will be sent (hopefully) to all known counsel of record via the CM/ECF system.

/s/ Mary Olive Pierson
Mary Olive Pierson