UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE |
| …………………………………………………... | : | SHUSHAN |

**BP AND ANADARKO'S MEMORANDUM OF LAW REGARDING
CONFORMING THE UNITED STATES' REBUTTAL CASE
TO THIS COURT'S ORDERS AND OTHER APPLICABLE LAW**

The United States bears the burden of proof on the question of quantifying the *Deepwater Horizon* oil spill. Now, as the United States is about to begin its rebuttal case — expected to consist entirely of testimony by experts Drs. Lief Larsen, Jean-Claude Roegiers, and Allan Huffman — BP and Anadarko respectfully submit this memorandum of law to assist in ensuring conformity between these experts' testimony and this Court's orders and applicable law. Specifically, the entirety of these experts' testimony must be directed to responding to evidence presented in BP and Anadarko's case-in-chief. These experts may not supplement the inadequate evidence presented in the United States' own, now concluded, case-in-chief.

Given the significant history regarding the proper scope of expert opinion in this unusually complex case, BP and Anadarko are concerned about adherence to this Court's prior orders and bedrock principles establishing that rebuttal cases may not be used for advancing affirmative evidence that a plaintiff bearing the burden of proof, like the United States, should have, but failed to, adduce in its case-in-chief.

## BACKGROUND

The Court issued a series of orders arising from the United States' attempt to employ rebuttal reports improperly in an effort to advance its case-in-chief.

A now-familiar sequence of events preceded these orders. On March 22, 2013, the United States served its initial expert reports, including a report from Dr. Mohan Kelkar containing an "industry standard" material balance analyses. Kelkar Initial Report at 23-29 (TREX-011549R.0023-.0029). As the Court has heard, a key input into material balance is compressibility, a portion of which consists of a value called rock compressibility. Dr. Kelkar chose a rock compressibility value of 12 microsips based exclusively on his own interpretation of a single BP presentation. *Id.* at 27 n.37 and 28 nn.40-41 (TREX-011549R.0027-.0028). He did so even though he had used a value of 5.61 in prior work (Phase 2 Trial Tr. 1916:2-9 (discussing TREX 009841.0019)); even though the only measured data available shows the average rock compressibility is around 6 (*Id.* at 2140:24-2141:23 (Blunt), 2398:12-2399:10 (Zimmerman)); and even though many BP documents contradict Dr. Kelkar's interpretation (*Id.* at 2647:17-2675:21 (Merrill)). Most important here, the United States — the party bearing the burden of proof in this case — failed to submit scientific analysis either in its initial expert reports or in its case-in-chief at trial to support its choice to use 12 microsips for rock compressibility.

After the submission of Dr. Kelkar's report, BP and Anadarko presented a material balance analysis by Dr. Martin Blunt that relied on the careful scientific analysis of rock compressibility in the expert report of Dr. Robert Zimmerman. Blunt Report at 30-32 (TREX-011553-R-NoHC.0030-0032). In response, the United States presented its very first scientific opinions on that subject from newly presented "rebuttal" experts Dr. Roegiers and Dr. Huffman. Both these reports presented for the first time a purported scientific analysis of the data available to bolster the United States' unscientific decision in favor of a value of 12 microsips — together

2

with a lengthy discussion of technical issues about the testing procedures employed by the experienced oilfield services company Weatherford Laboratories. In particular, both reports alleged reliability problems in using industry-standard rotary side wall cores. Roegiers Rebuttal Report at 2-11, 14-24 (TREX-011698R.0005-.0014, .0017-.0027); Huffman Rebuttal Report at 36-40 (TREX-011515R.0036-.0040).

In a series of orders, this Court struck from these reports (and others) improper rebuttal opinions — including opinions on rock compressibility. (Rec. Docs. 10477, 10683.) Relevant here, the June 24 Order states as follows:

> Roegiers may criticize the sidewall v. core data used by Zimmerman, but he may not make affirmative calculations supportive of Kelkar's estimate of 12 microsips contained in his initial affirmative report. The expert report of Roegiers will be revised to eliminate such material.

(Rec. Docs. 10477, at 4; 10683 (denying the United States' objections).)

Similarly, regarding Dr. Huffman's opinion, the June 24 Order states, "As with Roegiers, the criticism of the core tests is a valid rebuttal opinion. However, the affirmative opinion supporting 12 microsips is not." (Rec. Docs. 10477, at 5; 10683 (denying objections).)

The Court's June 24 Order thus establishes that United States rebuttal experts may testify regarding Weatherford's testing procedures, but they may not bolster the United States' case-in-chief by testifying to new calculations or analyses to support any particular value for rock compressibility and, in particular, a rock compressibility value of 12 microsips. *Id.*; *see also* 7/1/13 Order Re Request for Partial Reconsideration of Order Regarding Motion to Strike at 2 (Rec. Doc. 10556) ("[A] new estimate of microsips and compressibility is not proper rebuttal.")

Most recently, the Court's September 10, 2013 Order regarding further redactions to Dr. Huffman's report reiterated the bar against affirmative expert opinion supporting a rock

3

compressibility value of 12 microsips. (Rec. Doc. 11309.) Specifically, the September 10 Order explained that criticism of data used by BP's experts is proper rebuttal; however, attempts to buttress a premise of 12 microsips contained in U.S. initial expert reports is not:

> The distinction between criticism (proper rebuttal) and affirmation (improper) was made several times in the June 24, 2013 order. Rec. doc. 10450 at 3-5. In the July 1, 2013 order regarding the U.S. motion for partial reconsideration of the June 24, 2013 order, the issue was whether the opinion of Dr. Pooladi-Darvish, U.S. rebuttal expert, was in rebuttal to an opinion expressed by Dr. Blunt. It was determined that "a new estimate of micros[]ips and compressibility" was not proper rebuttal. Rec. doc. 10556 at 2. It was not criticism but was affirmation.

(Rec. Doc. 11309, at 3-4.)

Accordingly, this Court has made clear that the United States may not use its rebuttal case to supplement its case-in-chief. This prohibition is especially clear in the context of any expert opinions regarding rock compressibility.

## **ARGUMENT**

The Court's orders and applicable case law establish that the United States may not use rebuttal testimony to proffer evidence to help carry the burden it was required to carry in its case-in-chief.

**I.     Legal Standard for Rebuttal Expert Testimony and Reports**

As the Court has already found, a rebuttal case cannot be used as "a back-door attempt to bolster the case-in-chief." *Semper v. Santos*, 845 F.2d 1233, 1238 (3d Cir. 1988). Where evidence was otherwise available to the plaintiff during the plaintiff's case-in-chief, and was associated with issues argued in the case-in-chief, the plaintiff may not introduce such evidence in a "rebuttal case" regardless of its relevance to the issues. *See, e.g.*, *Capaci v. Katz Besthoff, Inc.*, 711 F.2d 647, 663-64 (5th Cir. 1983).

4

Here, the only witnesses scheduled to testify for the United States on rebuttal are experts. These experts are required by the Federal Rules of Civil Procedure to have previously served reports that contain "a complete statement of all opinions the witness will express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B)(i). Furthermore, since these experts serve as rebuttal experts, they may only "contradict or rebut evidence on the same subject matter identified by another party," Fed. R. Civ. P. 26(a)(2)(D)(ii). *See Blake v. Securitas Sec. Servs., Inc.*, No. 12-1349, 2013 WL 1814895, at *3 (D.D.C. May 1, 2013) (striking improper rebuttal expert opinions and citing cases about the proper scope of rebuttal).

Significantly, the proper scope of rebuttal expert opinions is tightly constrained. Rebuttal expert reports "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); *see GWTP Investments, L.P. v. SES Americom*, Inc., Civil Action No. 3:04-CV-1383-L, 2007 WL 7630459, at *10 (N.D. Tex. Aug. 3, 2007) (rejecting effort to present real estate valuation in rebuttal case where adjudged "an attempt to bootstrap a late expert opinion into evidence by getting another expert to parrot that late opinion in a rebuttal report[]").

Moreover, a rebuttal report may not provide new, affirmative opinions using data and techniques available at the time of the initial report. *Sloan Valve Co. v. Zurn Indus., Inc.*, 10 C 204, 2013 WL 3147349, at *3-*4 (N.D. Ill. June 19, 2013); *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, No. 03 C 7713, 2005 WL 1300763, at *1, *3 (N.D. Ill. Feb. 22, 2005) (striking "portions of [a] rebuttal report that should have been disclosed in [an] initial expert report"). Nor may rebuttal reports bolster deficiencies in an initial report, such as unsupported and conclusory statements, by including fresh new analysis or testing. *First Years, Inc. v. Munchkin, Inc.*, 575 F.

5

Supp. 2d 1002, 1008-09 (W.D. Wis. 2008) (striking new use of scientific principles and descriptions of testing offered in a rebuttal report); *STS Software Sys., Ltd. v. Witness Sys., Inc.*, No. 1:04-CV-2111, 2008 WL 660325, at *2 (N.D. Ga. Mar. 6, 2008) (striking an attempt to remedy "unsupported conclusory opinions" in an initial report through new opinions offered for the first time in a rebuttal report).

In sum, a rebuttal report "that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper [rebuttal] ...." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (applying analogous Rule 26(e) to strike an improper supplemental report).

## II.     The United States Cannot Offer Affirmative Testimony In Its Rebuttal Case.

Against this legal backdrop, the United States may not use its rebuttal case to present new analyses or new opinions that bolster its case-in-chief. Specifically, this Court on three prior occasions rejected the United States' attempts to bend the rules in order to present rebuttal expert opinions to shore up its unscientific decision to use in its case-in-chief the value of 12 microsips for rock compressibility.

## CONCLUSION

For the foregoing reasons, BP and Anadarko respectfully request that the United States adhere to, and that Court enforce, the Court's previous orders and applicable law regarding the proper scope of expert rebuttal testimony.

| | |
|---|---|
| October 17, 2013 | Respectfully submitted, |
| | By: /s/ Don K. Haycraft |
| | Don K. Haycraft (Bar No. 14361) |
| Warren Anthony Fitch | LISKOW & LEWIS |
| Ky E. Kirby | One Shell Square |
| Bingham McCutchen LLP | 701 Poydras Street, Suite 5000 |
| 2020 K Street NW | New Orleans, Louisiana 70139-5099 |
| Washington, DC 20006 | Telephone: (504) 581-7979 |
| Telephone: (202) 373-6000 | Facsimile: (504) 556-4108 |
| James J. Dragna | Richard C. Godfrey, P.C. |
| Bingham McCutchen LLP | J. Andrew Langan, P.C. |
| 355 S. Grand Avenue, Suite 4400 | Barry E. Fields, P.C. |
| Los Angeles, California 90071 | Hariklia ("Carrie") Karis, P.C. |
| Telephone: (213) 680-6400 | Matthew T. Regan, P.C. |
| | Kirkland & Ellis LLP |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| Deborah D. Kuchler, T.A. (Bar No. 17013) | Robert C. "Mike" Brock |
| KUCHLER POLK SCHELL | Covington & Burling LLP |
| WEINER & RICHESON, LLC | 1201 Pennsylvania Avenue, NW |
| 1615 Poydras Street, Suite 1300 | Washington, DC 20004-2401 |
| New Orleans, Louisiana 70112 | Telephone: (202) 662-5985 |
| Telephone: (504) 592-0691 | |
| *Attorneys for Anadarko Petroleum Corporation* | *Attorneys for BP Exploration & Production Inc. and BP America Production Company* |

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of October, 2013.

                                                     /s/  Don K. Haycraft