UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL No. 2179  SECTION J |
| This Document Relates to:  13-cv-6015 | * * * | JUDGE BARBIER  MAGISTRATE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO F.R. CIV. P. 12(b)(6)**

MAY IT PLEASE THE COURT:

**Background**

Naussera N. Zadeh ("Plaintiff"), is the debtor in Chapter 13 bankruptcy proceeding pending in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, Case Number 10-0517 on that Court's docket (the "Bankruptcy Case").  In connection with and relating to the Bankruptcy Case, Plaintiff filed a "complaint" instituting a separate adversary proceeding styled as "Notice of Adversary Complaint and Core Proceeding" (the "Complaint"), copy attached as Exhibit "A", bearing Adversary Proceeding Number 12-00771 on that Court's docket (the "Adversary Proceeding").

The allegations in the Complaint all pertain to denials of Plaintiff's claims by defendants the Gulf Coast Claim Facility and/or Kenneth Feinberg (collectively, the "GCCF"). Yet inexplicably, Plaintiff purports to name the "Deep Water Horizon Economic Claim Center" as an additional defendant, even though it is clear from the face of the Complaint that all of the allegations relate solely to the GCCF. Indeed, the "Deep Water Horizon Economic Claim Center" is not even mentioned in the text and is only named as a defendant in the caption.

1

By its Transfer Order dated October 2, 2013, copy attached as Exhibit "B", the Judicial Panel on Multi District Litigation transferred the Adversary Proceeding to this Court, as a "tag along" case, now bearing Civil Action Number 13-6015. Patrick A. Juneau, as claims administrator of what Plaintiff refers to as the "Deep Water Horizon Economic Claim Center" (the "<u>Claims Administrator</u>") has filed a Motion to Dismiss Pursuant to F.R.Civ.P. 12(b)(6). For the reasons that follow, that motion should be granted and the action asserted against the Claims Administrator (such as it is) should be dismissed, with prejudice.

<u>**Applicable Legal Standard**</u>

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'". *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A dismissal under Rule 12(b)(6) is appropriate "when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise its right to relief above the speculative level." *Raj v. Louisiana State University*, 714 F.3d 322 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 686, 129 S.Ct. 1937, 173 L.Ed.2d 868). A pleading is insufficient when it merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). When determining whether dismissal is appropriate, courts "do not accept as true 'conclusory statements, unwarranted factual inferences, or legal conclusions.'" *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201 (5th Cir. 2010) (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007); *see also Jones v. Liberty Bank & Trust Co.*, 461 Fed.Appx. 407 (5th Cir. 2012) ("beyond [the plaintiff's] conclusional allegations of racial

discrimination and his statement that violations occurred, [the plaintiff] presents no legal argument as to how the defendants' specific actions violated" the law).

The purpose of Rule 12(b)(6) is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity". *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558, 127 S.Ct. at 1966 (the "practical significance" of Rule 12(b)(6) is to prevent a plaintiff "with 'a largely groundless claim'" from "tak[ing] up the time of a number of other people")).

### **Argument**

The Complaint relates to some purported discrimination and gender bias and other alleged conduct which Plaintiff attributes solely to the GCCF.  This apparently relates to Plaintiff's claim asserted with the GCCF for damages allegedly suffered by Plaintiff in connection with the April 20, 2010 BP oil spill. It is not known why Plaintiff has purported to also name the "Deep Water Horizon Economic Claim Center" as a defendant since:  (a) there is no mention whatsoever made of it in the Complaint; and (b) Plaintiff has not  asserted or filed any claim with the Deepwater Horizon Court-Supervised Settlement Program.[1] Indeed, the Complaint even recites at the top of page 6 that Plaintiff's "claims were submitted prior to any other jurisdictions of the courts in Louisiana State or federal courts before the 2012 jurisdiction federal district court under the class action under way [*sic*]."

---

[1] Nor has Plaintiff alleged that the Claims Administrator inherited Plaintiff's claim from the GCCF under the *Deepwater Horizon* Economic and Property Damages Settlement Agreement.

Under the "*Deepwater Horizon* Economic and Property Damages Settlement Agreement", there are provisions for a "Transition Claims Process" contained in Section 4.2, which in certain situations [not applicable here] deal with claims that had been presented to the GCCF. The claims that might be subject to that process are defined as "Transition Claims", defined in Section 38.147 as including "Pending Unresolved GCCF Claims", which term excludes claims "where the GCCF has issued final offers that have neither been accepted nor rejected by the Claimant and have not expired by their terms" under Section 38.103. And under Section 4.2.5, claimants "with expired offers from the GCCF are not eligible for transition payments, but can file a Claim in the Settlement Program".

At the bottom of page 1 and elsewhere, the Complaint makes it clear that Plaintiff had submitted his claim(s) with the GCCF in June, 2011, and that the claims were apparently either partially honored or denied (it is difficult to discern). In any event, Plaintiff's claims with the GCCF were no longer "pending" or "unresolved" so as to be affected by the Transition Process.[2] And indeed, the gravamen of the Complaint appears to be that Plaintiff is seeking damages from the GCCF for actions that occurred before June 12, 2012 (page 7), unrelated to the *Deepwater Horizon* program. And finally, the Complaint has not and cannot make an allegation or suggestion that Plaintiff ever filed a claim under the *Deepwater Horizon* Settlement Program. Simply stated, the Complaint alleges nothing to suggest that the "Deep Water Horizon Economic Claim Center" should be a defendant.

---

[2] At page 7 of the Complaint, Plaintiff states that his GCCF Claim "has not expired . . . and/or is still pending"; however, Plaintiff fails to provide a single factual allegation to support his assertions under a 12(b)(6) analysis. Thus, Plaintiff's allegations that his GCCF Claim "has not expired . . . and/or is still pending" "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also In re Great Lakes*, 624 F.3d at 210.

**Conclusion**

For these reasons, the Claims Administrator believes that the Complaint and the action asserted by it should be dismissed insofar as it is brought against the "Deep Water Horizon Economic Claim Center", with prejudice.

                                  Respectfully submitted,

                                  */s/ Gina M. Palermo*
                                  Richard C. Stanley (La. Bar No. 8487)
                                  Gina M. Palermo (La. Bar No. 33307)
                                  STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
                                  909 Poydras Street, Suite 2500
                                  New Orleans, LA  70112
                                  Telephone:  (504) 523-1580
                                  rcs@stanleyreuter.com
                                  gmp@stanleyreuter.com

                                                -and-

                                  J. David Forsyth (La. Bar. No. 5719)
                                  SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
                                  201 St. Charles Avenue, Suite 3815
                                  New Orleans, LA  70170
                                  Telephone:  (504) 582-1521
                                  Facsimile:  (504) 582-1555
                                  jdf@sessions-law.com


                                  Attorneys for Patrick A. Juneau, as Claims Administrator

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 17, 2013, the above and foregoing pleading has been served on All Counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and was also served by United States mail on:

       Mr. Naussera N. Zadeh
       428 Pasaje Avenue
       Tarpon Springs, FL  34689

       */s/ Gina M. Palermo*