

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   **OCT  2 2013**

WILLIAM W. BLEVINS
CLERK

**IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"**
**IN THE GULF OF MEXICO, ON APRIL 20, 2010**

13-6014

13-6015

| | | |
|---|---|---|
| Andrew J. Ditch v. Kenneth R. Feinberg, et al., | ) | |
| M.D. Florida, C.A. No. 2:13-00531 | ) | MDL No. 2179 |
| Naussera N. Zadeh v. Kenneth R. Feinberg, | ) | |
| M.D. Florida, A.P. No. 8:12-00771 | ) | |

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs in these two actions (*Ditch* and *Zadeh*) separately move to vacate our orders conditionally transferring the actions to MDL No. 2179.[1] Responding defendants oppose the motions.[2]

In opposing transfer, the *Ditch* plaintiff argues that his action is "highly idiosyncratic" in nature,[3] in that he is alleging that defendants acted with reckless, willful, and wanton disregard for his business and livelihood in their administration of the Gulf Coast Claims Facility (GCCF), the entity through which individuals and businesses initially submitted claims for damages allegedly incurred as a result of the Deepwater Horizon oil spill.[4] We respectfully disagree. First, plaintiff's complaint

---

[*]   Judge Sarah S. Vance took no part in the decision of this matter.

[1]   Plaintiff in *Zadeh*, which is a bankruptcy adversary proceeding, is litigating *pro se*. We note we previously have transferred multiple adversary proceedings under Section 1407. *See In re Phar-Mor, Inc., Sec. Litig.*, MDL No. 959, 1994 WL 41830, at *1 n.2 (J.P.M.L. Jan 31, 1994) ("Because federal bankruptcy jurisdiction is vested in district courts, the Panel has never found any jurisdictional impediment to transfer of adversary proceedings as tag-along actions in multidistrict dockets").

[2]   Responding defendants as to *Ditch* are Kenneth R. Feinberg (Feinberg), Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility (GCCF), and William G. Green, Jr. Responding defendants as to *Zadeh* are Feinberg and the GCCF.

[3]   Plaintiff expressly acknowledges, however, that his action is "closely related" to two other Middle District of Florida actions previously transferred to, and still pending in, the MDL. *See* Transfer Order (J.P.M.L. Oct. 6, 2011) (ECF No. 820); Transfer Order (J.P.M.L. Aug. 9, 201) (ECF No. 738). We note that plaintiffs in all three actions are represented by the same counsel.

[4]   In August 2010, BP transferred responsibility for receiving certain claims arising out of the Deepwater Horizon incident to the GCCF. In March 2012, after the Economic and Property

---

___ Fee____
___ Process_____
_X_ Dktd_____
___ CtRmDep.____
___ Doc. No._____

**EXHIBIT B**

- 2 -

contains multiple references to defendants' purported noncompliance with the Oil Pollution Act (OPA), and we expressly declined to carve out OPA claims in our initial centralization order. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010). Second, it appears that adjudicating plaintiff's claims will necessarily require an inquiry into whether, and in what amount, plaintiff was actually damaged by the oil spill. Indeed, a review of plaintiff's complaint confirms as much. *See, e.g., Ditch* Compl. ¶ 25 ("In sum, Plaintiff Ditch alleges that BP is responsible for the oil spill incident. . . . ."); ¶ 92 ("The damages suffered by Plaintiff Ditch and other victims of this oil spill will be enormous and on-going.").

Like the *Ditch* plaintiff, plaintiff in *Zadeh* challenges the manner in which the GCCF operated. And, as with *Ditch*, it is wholly unclear how plaintiff can recover for the alleged mishandling of his claim by the GCCF unless he can first establish that he is entitled to damages as a result of the spill. Also, as defendants persuasively argue, the *Zadeh* plaintiff's asserted violations of his "rights" to "a fair review and determination" of the claim he submitted to the GCCF, to "timely claim decisions," and to "timely payments" appear squarely to implicate the OPA's claim process, drawing into question the requirements, if any, that the OPA imposes on the responsible party when presented with a claim. *See Zadeh* Second Am. Compl. at 4. As mentioned above, the Panel expressly opted to include OPA claims in this MDL from the outset. *See* 731 F. Supp. 2d at 135. Plaintiff's arguments that his action is not a class action, and that it involves claims under Florida law are unpersuasive. Most actions in the MDL are individual actions, and dozens of them contain Florida law claims.

After considering all argument of counsel, we find that the *Ditch* and *Zadeh* actions involve common questions of fact with actions in this litigation previously transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010). As explained above, these actions both have their genesis in alleged economic injury to plaintiffs resulting from the oil spill.

---

Damages Settlement was reached in principle, the GCCF ceased accepting, processing, or paying such claims. The record indicates that all claims-related information, files, and data previously submitted to the GCCF have been transferred to the settlement program.

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____

John G. Heyburn II
Chairman

Kathryn H. Vratil          Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| NAUSSERA N. ZADEH | GOLF COAST CLAIM FACILITY ("GCCF") KENNETH R. FEINBERG ADMINISTRATOR/S; ADMINISTRATOR/OR REPRESENTATIVE/S & OR SUCCESSORS FOR ("BP") SETTLEMENT AGENTS; "DEEP WATER HORIZON ECONOMIC CLAIM CENTER"; |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| EX- Attorney for claimant in chapter 13: TIMOTHY PERENICH ATTORNEY AT LAW 25749 US Highway 19 N. | ATTORNEY FOR GOLF COAST CLAIM FACILITY: GOODWIN PROCTOR LLP THE New York TIME BUILDING NEW YORK N.Y.10018 |

**PARTY** (Check One Box Only)

PLAINTIFF:
- [x] Debtor
- [ ] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Other

DEFENDANT:
- [ ] Debtor
- [ ] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [x] Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

• The Gulf Coast Claim Facility (The "GCCF") is the official way for Individuals and Businesses to file claims for costs and damages incurred as a result of the Deepwater Horizon Incident on April 20th 2010 ("The Oil Spill").The GCCF and its Claim Administrator/s, Kenneth R. Feinberg, act for on behalf of BP Exploration & Production, Inc.("BP") in fulfilling BP's Statuary obligation as a "responsible party" under Oil Pollution Act of 1990 ("OPA").

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause and so on.)

| FRBP 7001(1) - Recovery of Money/Property | FRBP 7001(6) - Dischargeability (continued) |
|---|---|
| [ ] 11-Recovery of money/property - §542 turnover of property | [ ] 61-Dischargeability - §523(a)(5), domestic support |
| [ ] 12-Recovery of money/property - §547 preference | [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury |
| [ ] 13-Recovery of money/property - §548 fraudulent transfer | [ ] 63-Dischargeability - §523(a)(8), student loan |
| [14] 14-Recovery of money/property - other | [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | [ ] 65-Dischargeability - other |
| [ ] 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | [ ] 71-Injunctive relief - reinstatement of stay |
| [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h) | [72] 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| [ ] 41-Objection / revocation of discharge - §727(c),(d),(e) | [ ] 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| [ ] 51-Revocation of confirmation | [ ] 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | [ ] 01-Determination of removed claim or cause |
| [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny **(continued next column)** | [ ] SS-SIPA Case - 15 U.S.C. §78aaa et.seq. |
|  | [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $   59,999 |

**Other Relief Sought**

The Debtor/Claimant/Petitioner Requests and prays for relief from this honorable court for nonpayment of lost wages due to the Oil spill, the deceptive conduct and deceptive practices and discrimination within the same class of the claimants and selective denial of withholding of payments and requirements not requested nor disclosed to the claimants.

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>NAUSSERA N. ZADEH | BANKRUPTCY CASE NO.<br>CASE No. 8:10-bk-04517-CPM |

| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE DISTRICT FLORIDA TAMPA DIVISION | DIVISIONAL OFFICE<br>TAMPA DIVISION | NAME OF JUDGE<br>HONERABLE: KATHERINE Peek McEwen |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF<br>NAUSSERA N.ZADEH | DEFENDANT<br>KENNETH R. FEINBERG ADMINISTRA | ADVERSARY PROCEEDING NO.<br>8:12-ap-00771 |

| DISTRICT IN WHICH ADVERSARY IS PENDING<br>UNITED STATES BANKRUPTCY COURT MIDDLE DIST | DIVISIONAL OFFICE<br>TAMPA DIVISION | NAME OF JUDGE<br>HONERABLE: KATHERINE Peek McEwen |
|---|---|---|

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

NAUSSERA N. ZADEH
Petitioner/Plaintiff

| DATE<br>JUNE 18th 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>NAUSSERA N. ZADEH Petitioner/Plaintiff |
|---|---|

Print Form

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.