UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER |
| Applies to:  No. 10-2771, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

### HALLIBURTON ENERGY SERVICES, INC.'S
### OFFER OF PROOF AS TO PHASE II-QUANTIFICATION

**COMES NOW** Halliburton Energy Services, Inc. ("HESI") and files this Offer of Proof As to Phase II-Quantification, pursuant to Fed. R. Evid. 103, and respectfully shows the Court as follows:

### I.   BASIS FOR OFFER OF PROOF

Pursuant to Amended Pre-Trial Order No. 41, the trial of *Deepwater Horizon* matter is to be conducted in at least three phases.  *See* (Dkt. No. 4083 at 1).  Of particular focus in this Offer of Proof, Phase II concerns Source Control and Quantification of Discharge issues.  *Id.* at 2.  Source Control involves "the conduct of various parties, third parties, and non-parties regarding stopping the release of hydrocarbons stemming from the Incident," while "Quantification of Discharge" concerns "the amount of oil actually released into the Gulf of Mexico as a result of the Incident from the time when these releases began until the Macondo Well was capped on approximately July 15, 2010, and then permanently cemented shut on September 19, 2010."  *Id.*

As the cement contractor that, in conjunction with BP, designed the primary cement job for the production casing on the Macondo well and executed that cement job on the *Deepwater Horizon* on April 19-20, 2010, HESI is directly impacted by the evidence and testimony offered

in the Phase II-Quantification Trial addressing the testing and the alleged condition, placement, erodibility and permeability of that downhole cement.

Several Phase II expert witnesses offered opinions relating to the production casing primary cement job that HESI helped design and pumped into the Macondo well.  *See* HESI's Motion to Strike Expert Opinions Regarding the Condition and Placement of Bottom-Hole Cement (Dkt No. 11041).  These cement opinions are rife with assumptions about the condition and placement of the bottom-hole cement, including new gratuitous attacks on the cement.  In particular, in his report, Andreas Momber attempted to bolster BP's unfounded Phase One nitrogen breakout theory, contrary to the clear weight of evidence presented in Phase One.  *See id*. at 7-8.  Additionally, in conjunction with his opinion about hydraulic fragmentation, Momber also offered Phase I-related opinions relating to the volume, location and "pre-damaged" condition of the downhole cement.  While the Court limited Momber's testimony regarding these opinions at trial (Phase Two Tr. Transcript, 2979:18-2980:4; 2980:12-2981:3; 2981:5-2981:25), they are present in his report, which was admitted into evidence without appropriate redaction. (TREX-11644; Phase Two Tr. Transcript, 2972:15-2973:5).

## II.     ARGUMENT AND AUTHORITIES

Under prior Orders of the Court, HESI was barred from participating in the Phase II-Quantification trial, resulting in a complete exclusion of HESI's evidence in this portion of the trial.  *See* Order [Regarding Halliburton's Motion to Reconsider] (Dkt. No. 10981); Order (Dkt. No. 11367 at 2)(denying HESI's appeal of Dkt. No. 10981).  Pursuant to Rule 103(a) of the Federal Rules of Evidence, the error in the exclusion of HESI's evidence <u>affects a substantial right of HESI</u>; FED. R. EVID. 103(a); *United States v. Akpan*, 407 F.3d 360, 374 (5th Cir. 2005); *Polanco v. City of Austin*, 78 F.3d 968, 982 (5th Cir. 1996).  Indeed, exclusion of HESI from participation in the Quantification portion of the Phase II trial violates HESI's due process rights.

*See Goldberg v. Kelly*, 397 U.S. 254, 269 (1970); *S. Stevedoring Co. v. Voris*, 190 F.2d 275, 277 (5th Cir. 1951).

Although the <u>substance of the excluded evidence</u> offered by HESI was apparent from the context of its prior filings, HESI also hereby informs the Court of the substance of the excluded evidence offered by HESI by this Offer of Proof. FED. R. EVID. 103(a); *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 174 (1988); *Akpan*, 407 F.3d at 374; *Parliament Ins. Co. v. Hanson*, 676 F.2d 1069, 1074 (5th Cir. 1980).

With this Offer of Proof, HESI timely <u>objects to the exclusion of the evidence</u> offered by HESI, on the specific grounds and bases stated and incorporated herein. *Beech Aircraft Corp.*, 488 U.S. at 175 n. 22 (1988); *United States v. Seale*, 600 F.3d 473, 485 (5th Cir. 2010). *See also Dell Computer Corp. v. Rodriguez*, 390 F.3d 377, 387 (5th Cir. 2004) ("[E]xcluded evidence is sufficiently preserved for review when the trial court has been informed as to what counsel intends to show by the evidence and why it should be admitted, and this court has a record upon which we may adequately examine the propriety and harmfulness of the ruling.") (quoting *United States v. Jimenez*, 256 F.3d 330, 343 (5th Cir. 2001)). Given HESI's wholesale exclusion from Phase II-Quantification proceedings, HESI believes that a formal offer of proof is unnecessary. HESI already has raised its objections to the Court's exclusion of HESI from participation in the Quantification portion of the Phase II trial and to the opinions of the Quantification experts at issue, including Dr. Andreas Momber. Moreover, the Court has ruled on HESI's objections. Nevertheless, HESI files this offer of proof out of an abundance of caution and to preserve the record.

HESI respectfully objects to, and requests that the Court reconsider, any and all prior ruling(s) excluding the evidence offered by HESI, as referenced herein. HESI requests that the

Court admit such evidence, as such evidence is admissible and relevant to the issues presented in this case.  HESI further respectfully objects to, and requests that the Court reconsider, the admission of Dr. Momber's expert report into evidence without redacting the Phase I-related opinions contained therein regarding the alleged placement and condition of the downhole hole cement, particularly given that the Court limited Dr. Momber's testimony at trial on these very opinions.

In the alternative, pursuant to Rule 103(b) of the Federal Rules of Evidence, HESI requests that the Court rule definitively on the record on HESI's Offer of Proof.

### III. OFFER OF PROOF AS TO EVIDENCE OFFERED BY HESI BUT EXCLUDED AT TRIAL

With this Offer of Proof, HESI timely proffers the excluded evidence referenced herein. *Bommarito v. Penrod Drilling Corp*., 929 F.2d 186, 191 (5th Cir. 1991).  Specifically, by way of its offer of proof, HESI incorporates by reference, as if fully set forth herein, the following pleadings and all memoranda in support and exhibits attached thereto:

(1)     HESI's Response to BP's Motion to Strike Halliburton Experts Kris Ravi's Phase II Rebuttal Report and Glen Stevick's Phase II Rebuttal Report, Section II(b)(i) (Dkt. No. 10741);

(2)     HESI's Objections to and Appeal from Magistrate Judge's Order Regarding BP's Motion to Strike Halliburton's Experts Kris Ravi's Phase 2 Rebuttal Report and Glen Stevick's Phase 2 Rebuttal Report, Section II(b)(i) (Dkt. No. 10791);

(3)     HESI's Objections to and Appeal from Magistrate Judge's Order Regarding BP's Motion to Strike Halliburton's Experts Kris Ravi's Phase 2 Rebuttal Report and Glen Stevick's Phase 2 Rebuttal Report, Section II(b)(i); (Dkt. No. 10809);

    (4)    HESI's Motion for Reconsideration (Dkt. No. 10831) and HESI's Memorandum in Support thereof (Dkt. No. 10831-1);

    (5)    HESI's Objections to and Appeal from Magistrate Judge's Order Regarding Halliburton's Motion to Reconsider (Dkt. No. 11025);

    (6)    HESI's Motion to Strike Expert Opinions Regarding the Condition and Placement of Bottom-Hole Cement (Dkt. No. 11041); and

    (7)    HESI's Objections to and Appeal from Magistrate Judge's Order Regarding Halliburton's Motion to Strike Expert Opinions (Dkt. No. 11104).

### IV.    RELIEF REQUESTED

For the foregoing reasons, HESI requests that the Court reconsider any and all prior ruling(s) excluding the evidence offered by HESI as to Phase II-Quantification, as referenced herein, and admit such evidence. HESI further requests that the Court reconsider its admission into the Phase II evidentiary record the unredacted expert report of Dr. Andreas Momber containing impermissible Phase I opinions. In the alternative, pursuant to Rule 103(b) of the Federal Rules of Evidence, HESI requests that the Court rule definitively on the record on HESI's Offer of Proof. HESI also requests all such further and other relief to which it may be justly entitled at law and in equity.

Dated: October 18, 2013

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com

1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Offer of Proof as to Phase II-Quantification has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 18th day of October 2013.

/s/ Donald E. Godwin
Donald E. Godwin