UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to:<br>All Cases and 12-970 | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**Preliminary Injunction Related to BEL Claims**

In view of the ruling rendered by the Fifth Circuit panel on October 2, 2013 in case no. 13-30315 consolidated with 13-30329, on October 3, 2013 the undersigned entered an order to suspend the issuance of any final determination notices or any payments on certain Business Economic Loss ("BEL") claims. Rec. doc. 11566. The Order was issued as an immediate and interim measure until the Court was able to confer with and receive input from the parties in order to confect a "narrowly tailored" preliminary injunction order as instructed by the Fifth Circuit.

The parties thereafter submitted *in camera* proposed preliminary injunctions, neither of which the Court found acceptable. The proposal by Class Counsel was under-inclusive and that submitted by BP was over-inclusive.[1]  At the status conference held on October 11, 2013, the Court discussed

---

[1] For example, Class Counsel suggested that the injunction be limited only to claims based on cash accounting and only for certain industries. BP suggested that the processing of all BEL claims be enjoined and that new or additional criteria be added to the causation requirements of Exhibit 4B of the Settlement Agreement.

the various Fifth Circuit opinions[2] and the parties were instructed to submit revised proposed language for a "narrowly tailored" preliminary injunction "consistent with the Court's interpretation and instructions provided in chambers... ."  Rec. doc. 11635.

Having received the revised proposed draft orders from both Class Counsel and BP, and finding that both continue to have the same deficiencies, the Court sets forth its understanding of the issues before this Court on remand.

The issue before the Fifth Circuit on appeal was how economic loss is measured under the provisions of Exhibit 4C.  The primary question was whether there is a requirement that "variable expenses" be matched to the revenues produced by those expenses, in order to calculate "variable profit."  This issue is often associated with claims based on cash basis accounting, but not exclusively so.  Part I of the majority opinion by Judge Clement, joined by Judge Southwick, was concerned that if this so-called "matching" was required for certain claims but not for others, the result might be that some claimants would receive compensation without proof of actual loss.

While the calculation or measurement of economic loss is measured under Exhibit 4C, the separate causation requirements for BEL claimants are set forth in Exhibit 4B.  All BEL claimants must meet these requirements in order to be eligible for compensation.  Section 5.3.2.3 of the settlement provides for causation for BEL claims:

---

[2] There are three separate opinions, including the partial majority opinion by Judge Clement, the concurring opinion by Judge Southwick, and the dissenting opinion by Judge Dennis.  For purposes of the remand, the parties and the Court agreed that Judge Southwick's concurring opinion is controlling.

Causation Requirements For Business Economic Loss Claims Generally.

Business Economic Loss Claimants, unless causation is presumed, must establish that their loss was due to or resulting from the Deepwater Horizon incident. The causation requirements for such Claims are set forth in Exhibit 4B.

There is no causation requirement for a number of itemized businesses as set forth in Exhibit 4B I. The causation requirements for Zone B and Zone C businesses are objective tests set forth in Exhibit 4B II, and for Zone D businesses in Exhibit 4B III. If claimants fall into Section I, evidence of causation is <u>not</u> required. As to Sections II and III, claimants who meet the objective criteria satisfy the requirement of causation.

However, the issue of how causation is determined was not before the Fifth Circuit in the recent BEL appeal. This is evident from the following passages from the majority and concurring opinions.

In the Fifth Circuit opinion, as to causation, Judge Clement states:

> BP did agree that alternative causes of losses were irrelevant if the financial figures supported that a loss occurred.

Slip op. at 21. Judge Southwick also recognizes that causation was agreed to by the parties:

> If a BEL claimant could prove an economic loss, properly measured, that proof substituted for evidence of causation. Improper measurement of losses under Exhibit 4C might compensate claimants without actual losses.
> . . .
> Even so, the parties agreed by Exhibit 4B's causation framework to ignore alternative explanations for actual losses that occurred.
> . . .
> The agreement simplified the claims process by making proof of loss a substitute for proof of factual causation.

Id. at 37-38. Judge Southwick further points out that "[n]o one on appeal is challenging Exhibit 4B." Id. at 39. Finally, Judge Southwick distinguishes causation from the measurement of a claimant's loss and makes clear the purpose of the remand to this Court:

> Part I of the panel opinion identifies the crucial question for remand: Should matching be required for *all* claims when it is clearly required for many? I agree to remand with instructions to reconsider the interpretation of Exhibit 4C for unmatched claims in light of the necessity of revenue and expense matching to realistic measurement of economic loss.

Id. at 38.

Thus, Exhibit 4B of the Settlement Agreement is not before the undersigned on remand. Rather, what is before the Court is the measurement of a claimant's loss under Exhibit 4C. That being clear, the Court orders as follows:

Upon consideration of the decision of the United States Court of Appeals for the Fifth Circuit's decision in *In re: Deepwater Horizon,* No. 13-30315, dated October 2, 2013, and after consultation with the Parties and the Claims Administrator, the Court hereby orders as follows:

1.  The Claims Administrator and Settlement Program shall continue to process and pay all Business Economic Loss ("BEL") claims[3] presented on the basis of "properly-matched accrual-basis records,"[4] which are "claims supported by sufficiently-matched, accrual-basis accounting."[5] As to

---

[3] For the purposes of this Order, the term "BEL claims" shall include claims for Business Economic Loss, Failed Businesses and Start-up Businesses.
[4] *In re: Deepwater Horizon*, slip op., at 21.
[5] *Id.* at 18.

these claims, the Claims Appeal Process also shall proceed as set forth in Section 6 of the Settlement Agreement.

2.      The Claims Administrator shall continue the temporary suspension of the issuance of final determination notices and payments with respect to all other BEL claims unless the Claims Administrator determines that the matching of revenues and expenses is not an issue with respect to any such claim, regardless of whether the claim is supported by accrual or cash-basis accounting records.

3.      The Claims Administrator also shall suspend the issuance of final determination notices and payments with respect to Individual Economic Loss ("IEL") claims for which the claimant's economic loss claim is qualified solely upon his or her employer's satisfaction of the BEL requirements set out in Section II of Exhibit 4B of the Settlement Agreement, and the employer's claim also falls within paragraph 2 of this Order. This temporary suspension of any such IEL claim shall remain in effect unless the Claims Administrator determines that the matching of revenues and expenses is not an issue as to the employer's BEL claim.

4.      As to BEL and IEL claims currently in the Claims Appeal Process, the Claims Administrator shall review such appeals to determine whether any party raised the matching of revenues and expenses as a basis for the appeal. If the Claims Administrator determines that the matching of revenues and expenses was made a basis for the appeal, the Claims Appeal Process shall be temporarily suspended as to any such appeal. As to all other such appeals, the Claims Appeal Process shall proceed to determination and payment.

5.     Notwithstanding any provision in this Order, the deadlines set forth in the Settlement Agreement for filing a Notice of Appeal shall remain in place and such deadlines are <u>not</u> stayed by this Order.  For any timely-filed appeal on a BEL or IEL claim after the date of this Order where a basis for the appeal is the matching of revenues and expenses, such an appeal first shall be reviewed by the Claims Administrator.  If the Claims Administrator agrees that the claim presents an issue as to whether revenues and expenses are sufficiently matched, then the Claims Appeal Process as to that claim shall be temporarily suspended.  Otherwise, the Claims Administrator shall permit the claim to proceed through the Claims Appeal Process to determination and payment.

6.     The Claims Administrator is further ordered to provide to the Court and the Parties, within seven days of the date of this Order, a declaration outlining the criteria that the Claims Administrator's Office will use to determine whether: (a) a claim is "supported by sufficiently-matched, accrual-basis accounting," as set forth in paragraph 1 of this Order; and (b) the matching of revenues and expenses is or is not an issue with respect to a BEL and IEL claim that falls within paragraphs 2, 3, or 5 of this Order, regardless of whether the claim is supported by accrual or cash-basis accounting records.

7.     This Order does not affect claims submitted to the Settlement Program for:  (I) Seafood Program Compensation, (ii) IEL other than those IEL claims identified in paragraph 3 of this Order; (iii) Subsistence, (iv) VoO Charter Payments, (v) Vessel Physical Damage, (vi) Coastal Real Property Damage, (vii) Wetlands Real Property Damage, or (viii) Real Property Sales Damage.  These claims and appeals are to be processed, and determinations, decisions and payments are to be made, in the normal course of the Program's operation.

8.      This Order will remain in effect until modified by this Court.

New Orleans, Louisiana, this 18th day of October, 2013.

_____
**Carl J. Barbier**
**United States District Judge**