UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|   |   |   |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL 2179<br><br>Section J |
| This Document Applies to: | : : | Judge Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : : : | Mag. Judge Shushan |

RESPONSE OF THE SPECIAL MASTER
TO JONATHAN ANDRY'S MOTION FOR INFORMATION TO DETERMINE
<u>POTENTIAL REQUEST FOR RECUSAL OF SPECIAL MASTER</u>

COMES NOW Special Master Louis J. Freeh, in response to Mr. Jonathan Andry's Motion for Information to Determine Potential Request for Recusal of Special Master (Document No. 11672), and states as follows:

1. On July 2, 2013, pursuant to Rule 53 of the Federal Rules of Civil Procedure and the Court's inherent powers, the Court appointed Special Master Louis J. Freeh to, among other duties, perform an independent external investigation into the facts and circumstances that led to the resignation of Lionel H. Sutton III, a former staff attorney employed by the Court Supervised Settlement Program ("CSSP") and conduct fact-finding as to any other possible ethical violations or misconduct within the CSSP.

2. Rule 53(a)(2) provides that:

> A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification.

Fed. R. Civ. P. 53(a)(2).

3. Attached to the Court's July 2, 2013 Order was an affidavit of Louis J. Freeh, disclosing relations of Freeh Group International Solutions and the law firm of Pepper Hamilton, LLP with various law firms involved in this litigation and other matters involving BP/British Petroleum, including six matters in which Pepper Hamilton is adverse to BP/British Petroleum.  This document is publicly available on the Court's docket, in which Mr. Andry is listed as counsel of record for several claimants.

4. After outlining these relationships and pursuant to 28 U.S.C. § 455, Mr. Freeh certified that there were no grounds for disqualification that would prevent him from serving as a Special Master in this matter.

5. As the July 2, 2013 Order noted, no one objected to the Special Master's appointment.

6. On October 16, 2013, Jonathan Andry, on behalf of the "Andry interests," filed a motion asserting that the Special Master's disclosure "does not contain the necessary detail or information needed to put one on notice of the serious conflicts."  (Andry Mem. at 3). Mr. Andry stated that he is "entitled to delve into all of the issues raised herein so that the Court can make a thoughtful choice as to the actual connections, financial, personal and professional, between The Freeh Group, Freeh's law firm Pepper Hamilton and Kirkland & Ellis, chief counsel for BP, and BP itself."  (*Id*. at 7-8).  Mr. Andry claims that "without proper information ... Andry cannot determine if he should contest Freeh's role as Special Master."

7. Mr. Andry and the Andry interests do not raise any credible issue of a conflict for the Special Master.  Under such circumstances, courts consistently have declined to allow discovery of a judicial official absent a strong showing of bad faith or improper behavior. Moreover, Mr. Andry's motion was not brought until after the Special Master issued a

report critical of Mr. Andry and his firm, and suggesting future disqualification of Mr. Andry from the CSSP process. *See* Special Master's Report of September 6, 2013 (Document No. 11287). Courts must look on such tardy claims with caution. The case authority on these issues is provided below.

### A. *Recusal Under Section 455*

8. Under Section 455, a judge is presumed to be impartial, and the party seeking disqualification "bears the substantial burden of proving otherwise." *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006).

9. A motion to disqualify under Section 455 is "committed to the sound discretion of the district judge," and is reviewed on appeal for abuse of discretion. *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004). Courts should be "cautious and discriminating" in reviewing recusal motions, as a "thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary." *Id.* at 599. Courts should take special care in reviewing recusal claims so as to prevent parties from "abusing § 455 for a dilatory and litigious purpose based on little or no substantiated basis." *Id*.

10. A motion for recusal is fully in the Court's authority to hear and decide. *See Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 333 (2d Cir. 1987) ("The decision whether to grant or deny a recusal motion -- i.e., whether the affidavit is legally sufficient -- is a matter confided to the district court's discretion.").

11. Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned." 28 U.S.C. § 455(a).  A party seeking recusal under this provision "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982).

      12. Section 455(b)(4) states that a judicial officer shall disqualify himself where:

> He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

28 U.S.C. § 455(b)(4).  Speculation on the impact on an interest that is "remote and unrealistic does not justify disqualification," *Chitimacha Tribe*, 690 F.2d at 1167, as such a "remote, contingent, or speculative" interest is not one "which reasonably brings into question a judge's partiality." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988) (citing *In re Placid Oil Co.*, 802 F.2d 783, 787 (5th Cir. 1986)).

      13. The Fifth Circuit has cautioned against approving recusals based on "layering several speculative premises on top of one another to reach a speculative conclusion" as such an "edifice of conjecture will not support an objective conclusion that [the district judge] has a financial interest in the outcome of this case." *Sensley*, 385 F.3d at 600.

      14. A "hypothetical house of cards" built on speculation that a court's decision could either cause retaliation by the affected party by withdrawing business from the law firm or reward the firm by funneling it more business is too conjectural to support recusal. *In re Medtronic, Inc. Leads Products Liability Litigation*, 601 F. Supp. 2d 1120, 1125 (D. Minn. 2009); *Diversifoods, Inc. v. Diversifoods, Inc.*, 595 F. Supp. 133, 139 (N.D. Ill. 1984) ("If Mayer, Brown & Platt were to lose the defendant as a client -- for whatever reason -- there could only be a substantial effect on Mayer, Brown & Platt if some substantial pecuniary or

nonpecuniary interest of the firm was affected.  The loss of a non-material client, by definition, would not affect substantially most law firms.").

15.  The direction to avoid speculative recusal is particularly relevant where a Special Master is involved, as special masters frequently are attorneys and accommodation is required to the likelihood that special masters will be engaged as advocates in matters other than those in which they serve as masters.  *Jenkins v. Sterlacci*, 849 F.2d 627, 632 (D.C. Cir. 1988).

16.  Here, the Special Master has fully and accurately disclosed his relationships with the parties, attorneys, action, and court as required by Rule 53(a)(2) and 28 U.S.C. § 455.  The Special Master has certified that there were no grounds for disqualification that would prevent him from serving as a Special Master in this matter.  The present motion raises no new information that calls this process or the Special Master's certification into question.

**B.  *Discovery Under Section 455***

17.  Mr. Andry seeks to take discovery on the relationships disclosed by the Special Master and made public in the Court's Order of July 2, 2013.

18.  "[O]ral examination of a judicial or quasi-judicial officer as to matters within the scope of his adjudicative duties should be permitted only upon a strong showing of bad faith or improper behavior."  *Cobell v. Norton*, 237 F. Supp. 2d 71, 100 (D.D.C. 2003); *In re Martinez-Catala*, 129 F.3d 213, 220 (1st Cir. 1997) (the allowance of discovery on a recusal motion is within the sound discretion of the court).  The court in *Cobell* stated that it had "suspicions about movants' demands to depose the Master and Monitor, given that a court

which decides to permit one of its judicial officials to be deposed creates a serious risk that its decision will mandate its own recusal." *Cobell*, 237 F. Supp. 2d at 100.

19. "Section 455 does not provide for discovery, and no case we have reviewed has endorsed such a procedure." *In re McCarthey (Kearns-Tribune, LLC)*, 368 F.3d 1270 (10th Cir. 2004) (noting the sound policy reasons for not requiring a district judge to be a target of discovery); *Cobell*, 237 F. Supp. 2d at 102 ("Movants have not cited any case or statute in support of their request, and this Court knows of no case in which a court has authorized discovery to be taken upon judicial officers. On the other hand, courts that have considered the issue have refused to permit discovery to be taken upon special masters.").

20. Mr. Andry has not raised any fact or allegation concerning the Special Master that would warrant the extreme remedy of a right of discovery. While Mr. Andry may disagree with the Special Master's conclusions and the mandate provided in the Court's Orders, these types of issues do not justify discovery under Section 455.

### C. *Timing of Section 455 Motions*

21. Mr. Andry explains the delay in filing his motion, stating that he and "his interests were not parties and had no opportunity to contest or question the appointment. They should now. The fact that they had no legal standing at the time cannot cure the appearance of impropriety that exists today."

22. "Motions for recusal under 28 U.S.C. § 455 will not be considered unless timely made." *Tri-State Fin., LLC v. Lovald*, 525 F.3d 649, 653 (8th Cir. 2008). Timeliness requires a party to raise a claim at the earliest moment after knowledge of the facts demonstrating the basis for the recusal. *Traveleres Ins. Co. v. Liljeberg Enters, Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994).

23. Although there is no *per se* measure of untimeliness, the "most egregious delay" occurs when a party knows the facts and circumstances that would lead to disqualification of the judge but does not raise the issue of recusal until after the judge makes an adverse decision. *Hill v. Breazeale*, 197 Fed. Appx. 331, 335 (5th Cir. 2006).

24. Other courts have also expressed disapproval of litigants who wait to seek recusal until after a judge has "issued an unfavorable ruling." *Neal v. Wilson*, 112 F.3d 351, 357 n.6 (8th Cir. 1997). Counsel may not "lie in wait, raising the recusal issue only after learning the court's ruling on the merits." *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir. 1986). A judge faced with a recusal motion, therefore, must "be alert to avoid the possibility that those who . . . question his impartiality are in fact seeking to avoid the consequences of his . . . adverse decision." *In re Kan. Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1358-59 (8th Cir. 1996).

25. On June 25, 2013, the Court notified counsel for the Plaintiff's Steering Committee and BP of its intention to appoint Louis Freeh as the Special Master pursuant to Federal Rule of Civil Procedure 53 including a disclosure of Mr. Freeh's fully-disclosed potential conflicts. (Document No. 10564). No parties objected to the appointment.

26. On July 2, 2013, the Court appointed Mr. Freeh as Special Master. (Document No. 10564). That Order, along with Mr. Freeh's disclosed potential conflicts, were publicly filed.

27. On July 3, 2013, a day after the Court's Order appointing the Special Master, The Andry Law Firm -- where Mr. Andry is one of two partners -- sent a letter to the Special Master. The letter stated, in part, "We look forward to meeting with you and fully

cooperating in your investigation, and we believe that you and your team will quickly exonerate The Andry Law Firm."

28. Following the July 3, 2013 letter, Mr. Andry and entities where he is a partner made several court filings concerning the Special Master, including an August 23, 2013 filing under seal. (Document No. 11109).

29. On July 18, 2013, the Andry Law Firm filed a motion to intervene and oppose a motion by BP to suspend all claims pending the outcome of the Special Master's Report. (Document No. 10784; 10785).

30. On July 19, 2013, the Court held a hearing on BP's motion, where the Special Master's mandate to conduct an investigation was discussed at length. Counsel for both Andry Lerner and Andry Law Firm were present at the hearing, and both were given an opportunity to be heard. (Transcript of Motion Proceedings July 19, 2013).

31. On July 30, 2013, Mr. Andry appeared before the Special Master to provide a sworn statement.

32. On or about August 9, 12 and 20, 2013, Mr. Andry and law firms where he is a partner produced documents to the Special Master pursuant to subpoenas.

33. On August 15, 2013, Andry Lerner filed a Second Motion to Lift Stay of Andry Lerner Clients' Claims Processing and for Expedited Hearing. (Document No. 11022). The firm stated that it "has fully cooperated with Judge Freeh in his investigation." (Memorandum in Support of Motion, p. 2, Document No. 11022).

34. On September 12, 2013 and October 8, 2013, Mr. Andry's law firm filed motions seeking production of discovery from the Special Master. (Document No. 11356; 11611). On September 19, 2013, Mr. Andry himself filed a similar motion, and joined in a request

for a status conference concerning the Special Master with other parties.  (Document No. 11434; 11432).

35.  In none of these appearances or filings did Mr. Andry raise any issue of recusal of the Special Master.

36.  Substantial resources and work have gone into the Special Master's faithful fulfillment of the Court's July 2, 2013 and September 6, 2013 Orders.

### D. *Conclusion*

The Special Master has fully and accurately disclosed his relationships with the parties, attorneys, action, and the Court as required by Rule 53(a)(2) and 28 U.S.C. § 455.  The Special Master has certified that there were no grounds for disqualification that would prevent him from serving as a Special Master in this matter, in which substantial resources and work have been invested to fulfill the Court's mandates.  Mr. Andry's tardy motion raises no information that calls this process and the Special Master's certification into question.  Mr. Andry has not met the burden to obtain discovery from the Special Master on this issue.

                              Respectfully submitted,

                              _____/s/  Louis J. Freeh_____
                              Louis J. Freeh
                              Special Master

Dated:  October 23, 2013

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing response has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 23rd day of October, 2013.

                ____/s/  Louis J. Freeh_____
                Louis J. Freeh
                Special Master

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL 2179 Section J |
| This Document Applies to: | : : | Judge Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : : : | Mag. Judge Shushan |

O R D E R

AND NOW upon consideration of Mr. Jonathan Andry's Motion for Information to Determine Potential Request for Recusal of Special Master and the response of the Special Master thereto, the Court finds that:

(a) the Special Master has fully and accurately disclosed his relationships with the parties, attorneys, action, and court as required by Rule 53(a)(2) and 28 U.S.C. § 455;

(b) the Special Master has certified that there were no grounds for disqualification that would prevent him from serving as a Special Master in this matter;

(c) the present motion raises no information that calls this process and the Special Master's certification into question;

(d) the present motion has not raised any information or allegation that would warrant discovery from the Special Master on this issue, or that could not have been asserted at times prior to the October 16, 2013 filing date; and

(e) substantial resources and work have gone into the Special Master's faithful fulfillment of the Court's July 2, 2013 and September 6, 2013 Orders.

- 2 -

Based on these findings, it is hereby ORDERED that Mr. Andry's Motion for Information to Determine Potential Request for Recusal of Special Master is hereby DENIED.

Signed in New Orleans, Louisiana, this _____ day of October, 2013.

_____
HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE