# October 23, 2013
# Notice of Filing Exhibit I.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | **MDL NO. 2179** **SECTION J** |
| | * * * | **HONORABLE CARL J. BARBIER** |
| This document relates to Civ. A. No. 12-970. | * * * | **MAGISTRATE JUDGE SHUSHAN** |

**[PROPOSED] ORDER PRELIMINARILY ENJOINING THE**
**CLAIMS ADMINISTRATOR'S JANUARY 15, 2013 POLICY DECISIONS**

Upon consideration of the decision of the United States Court of Appeals for the Fifth Circuit's decision in *In re: Deepwater Horizon*, Nos. 13-30315, 13-30329 (Oct. 2, 2013), reversing in part this Court's March 5, 2013 Order (Rec. Doc. 8812) (*see also* April 9, 2013 Order (Rec. Doc. 9232)), and the entire record herein, it is HEREBY ORDERED that the following:

1.     The Claims Administrator and Settlement Program are ENJOINED from implementing the Claims Administrator's January 15, 2013 Policy Decisions regarding business economic loss claims (the "BEL Policy Decisions").  The Fifth Circuit has reversed the order affirming the BEL Policy Decisions.  *See In re: Deepwater Horizon*, slip op. at 3; *see also id.* at 24 (concluding that the BEL Policy Decisions did not "acknowledge the requirement of matching that is foundational for accrual-basis claims" and "did not . . . explain why it was interpreting the same Exhibit 4C language that leads to matching for accrual-based claims as not requiring the matching of cash-basis claims").

2.      The Claims Administrator and Settlement Program are further ENJOINED from processing or further processing the claims of or making payments to claimants pursuing business economic loss recoveries under the Economic and Property Damages Settlement Agreement ("Settlement Agreement"), whose claims were processed under, in accord with, or in any way dependent upon the enjoined BEL Policy Decisions.

3.      The Claims Administrator and Settlement Program are further ENJOINED from paying any business economic loss claim unless the claimant first establishes that it "experienced actual injury traceable to loss from the Deepwater Horizon accident."  *Id*. at 35.  Actual injury and Variable Profit shall be determined only with respect to "properly-matched accrual-basis claims" (*id*. at 21), *i.e.*, "claims supported by sufficiently-matched, accrual-basis accounting" (*id*. at 18), and only in a manner in keeping with the principles of "matching" and of "determining actual economic losses for . . . claimants whose records were maintained on an accrual-basis." *Id*. at 19, 21, 35.  No business economic loss claims shall be processed or paid on the basis of "a claimant's idiosyncratically-maintained records."  *Id*. at 21.

4.      The Claims Administrator and Settlement Program are ENJOINED from processing or deciding any Settlement Program appeals in which matching or the presence of "actual injury traceable to loss from the Deepwater Horizon accident," *id*. at 35, is at issue.  Such appeals shall be held in abeyance.  The deadlines for seeking discretionary review by this Court of any Program decision in which matching or the presence of "actual injury traceable to loss from the Deepwater Horizon accident," *id*. at 35, is at issue shall similarly be held in abeyance.

5.      The injunction set forth in Paragraphs 1, 2, 3, and 4 shall remain in effect "until [the remand ordered by the Fifth Circuit in *In re: Deepwater Horizon*] is fully heard and decided

through the judicial process." *Id.* at 35.  This will "allow[] the time necessary for deliberate reconsideration of these significant issues on remand." *Id.*

IT IS SO ORDERED.

New Orleans, Louisiana, this _____ day of October, 2013.

_____

United States District Judge