# October 23, 2013
# Notice of Filing Exhibit II.2

SUBMITTED *IN CAMERA*
PURSUANT TO BP'S 10/9/13 LETTER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179  SECTION J |
| This document relates to all actions. | * * * * * * * | Honorable CARL J. BARBIER  Magistrate Judge SHUSHAN |

**BP'S MOTION FOR ENTRY OF A PROPOSED FORM OF
PRELIMINARY INJUNCTION IN COMPLIANCE WITH
THE FIFTH CIRCUIT'S OPINION OF OCTOBER 2, 2013**

On October 2, 2013, the United States Court of Appeals for the Fifth Circuit issued an opinion in *In re Deepwater Horizon*, Nos. 13-30315, 13-30329 (5th Cir. Oct. 2, 2013).  That opinion concluded that the Claims Administrator's interpretation of the *Deepwater Horizon* Economic and Property Damages Settlement Agreement's Business Economic Loss ("BEL") Framework "too quickly dismissed the concept of matching, and did not deal with the inconsistent results the court's interpretation gives to claims presented on an accrual-basis and those on a cash-basis."  *In re Deepwater Horizon*, slip op. at 17-18.  As the Fifth Circuit explained, the critical language of Exhibit 4C "cannot be interpreted so that it always means cash received and cash disbursed," *id.* at 10.  While the Court of Appeals has suggested what it believes is the correct interpretation of Exhibit 4C, it has remanded the issue to the District Court to reconsider its analysis in the first instance.  *See id.* at 18.

The Court of Appeals has concluded that the "balance of equities favors a tailored stay" during the pendency of proceedings on remand, and it has ordered this Court to "expeditiously

craft a narrowly-tailored injunction that allows the time necessary for deliberate reconsideration of these significant issues on remand." *Id.* at 35. According to the Fifth Circuit, that stay must be "tailored so that those who experienced [1] ***actual injury*** [2] ***traceable to loss*** from the *Deepwater Horizon* accident continue to receive recovery but those who did not do not receive their payments." *Id.* (emphasis added).

Following the Fifth Circuit's decision, this Court directed the parties to submit "a proposed draft for a narrowly tailored preliminary injunction order" by October 9, 2013. Rec. Doc. 11566 at 2. In compliance with the orders of the Fifth Circuit and this Court, BP is proposing a preliminary injunction that: (1) prohibits the Claims Administrator from implementing the January 15, 2013 Policy Decisions; (2) prohibits the Claims Administrator from processing or further processing the claims of or making payments to claimants whose claims were processed under, in accord with, or in any way dependent upon the Policy Decisions; (3) prohibits the Claims Administrator from making payments to claimants unable to establish actual injury traceable to the *Deepwater Horizon* accident, using "properly-matched"/"sufficiently-matched" financial data to support claims for lost profits and rejecting the use of "idiosyncratically-maintained records;" and (4) enjoins the Claims Administrator from (a) processing and holds in abeyance all Settlement Program appeals in which matching or the presence of an actual injury traceable to the *Deepwater Horizon* Incident is at issue and (b) all deadlines for seeking discretionary review in this Court of any Settlement Program decisions involving matching or the presence of an actual injury traceable to the *Deepwater Horizon* Incident.

For the reasons described in the accompanying memorandum of law, the form of injunction proposed by BP is necessary to comply with the Fifth Circuit's order, as well as to

avoid "the potential loss to a company and its public shareholders of hundreds of millions of dollars of unrecoverable awards." *In re Deepwater Horizon*, slip op. at 35. This form of injunction best comports with all of the requirements referenced in Part III of the Fifth Circuit's opinion as well as the supporting evidence BP submits today indicating that the matching problem has also become prevalent in additional industries beyond those where matching problems were apparent in March 2013, when BP first sought preliminary injunctive relief.

Accordingly, BP respectfully requests that the proposed form of preliminary injunction be entered as an order by the Court.

| | |
|---|---|
| October 9, 2013 | Respectfully submitted, |
| James J. Neath<br>Mark Holstein<br>BP AMERICA INC.<br>501 Westlake Park Boulevard<br>Houston, TX  77079<br>Telephone:  (281) 366-2000<br>Telefax:  (312) 862-2200<br><br>Daniel A. Cantor<br>Andrew T. Karron<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, NW<br>Washington, DC 20004<br>Telephone:  (202) 942-5000<br>Telefax:  (202) 942-5999<br><br>Jeffrey Lennard<br>Keith Moskowitz<br>DENTONS US LLP<br>233 South Wacker Drive<br>Suite 7800<br>Chicago, IL  60606<br>Telephone:  (312) 876-8000<br>Telefax:  (312) 876-7934<br><br>***OF COUNSEL*** |   */s/ Richard C. Godfrey, P.C.*<br>Richard C. Godfrey, P.C.<br>J. Andrew Langan, P.C.<br>Kevin T. Van Wart, P.C.<br>Wendy L. Bloom<br>Jeffrey J. Zeiger<br>R. Chris Heck<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>Telephone:  (312) 862-2000<br>Telefax:  (312) 862-2200<br><br>Jeffrey Bossert Clark<br>Dominic E. Draye<br>Steven A. Myers<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone:  (202) 879-5000<br>Telefax:  (202) 879-5200 |

       */s/ Don K. Haycraft*
S. Gene Fendler (Bar #05510)
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 662-5985
Telefax:  (202) 662-6291

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC. AND BP AMERICA PRODUCTION COMPANY*

4