# October 23, 2013
# Notice of Filing Exhibit III.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * | MDL NO. 2179 |
| | | SECTION J |
| | | HONORABLE CARL J. BARBIER |
| This document relates to Civ. A. No. 12-970. | * * * | MAGISTRATE JUDGE SHUSHAN |

**[PROPOSED] ORDER PRELIMINARILY ENJOINING THE
CLAIMS ADMINISTRATOR'S JANUARY 15, 2013 POLICY DECISIONS**

Upon consideration of the decision of the United States Court of Appeals for the Fifth Circuit in *In re: Deepwater Horizon*, Nos. 13-30315 & 13-30329 (Oct. 2, 2013), reversing in part this Court's March 5, 2013 Order (Rec. Doc. 8812), and the entire record herein, it is HEREBY ORDERED as follows:

*January 15, 2013 Policy Decisions*

1. The Claims Administrator and Settlement Program are ENJOINED from implementing the Claims Administrator's January 15, 2013 Policy Decisions regarding business economic loss claims (the "BEL Policy Decisions"). The Fifth Circuit has reversed the order affirming the BEL Policy Decisions. *See In re: Deepwater Horizon*, slip op. at 3; *see also id.* at 24 (concluding that the BEL Policy Decisions did not "acknowledge the requirement of matching that is foundational for accrual-basis claims" and "did not . . . explain why it was interpreting the same Exhibit 4C language that leads to matching for accrual-based claims as not requiring the matching of cash-basis claims").

*Matching*

2. The Claims Administrator and Settlement Program are further ENJOINED from processing or further processing the claims of or making payments to claimants pursuing business economic loss recoveries under the Economic and Property Damages Settlement Agreement ("Settlement Agreement"), where the amount of the determination depends, in whole or in part, on the enjoined BEL Policy Decisions.

3. The Claims Administrator and Settlement Program are further ENJOINED from paying any business economic loss claim except to the extent that Variable Profit has been determined only on the basis of "properly-matched accrual-basis claims" (*id*. at 21), *i.e.*, "claims supported by sufficiently-matched, accrual-basis accounting" (*id*. at 18), and only in a manner in keeping with the principles of "matching" and of "determining actual economic losses for . . . claimants whose records were maintained on an accrual-basis." *Id*. at 19, 21, 35. No business economic loss claims shall be processed or paid on the basis of "a claimant's idiosyncratically-maintained records," *id*. at 21, or on the basis of inaccurate or unreliable financial records. Only "revenues" and "expenses" as properly matched are to be used as inputs for purposes of applying the Settlement Agreement.

4. For purposes of this Order, matching is defined as it is in the Fifth Circuit's opinion, where the Court laid out the applicable principles of accrual-style accounting.[1] *See In re Deepwater Horizon*, slip op. at 11-12 & n.4 (5th Cir. Oct. 2, 2013). Accrual-style accounting

---

[1] *See In re Deepwater Horizon*, slip op. at 11 (citing Statement of Financial Accounting Concepts No. 6, Fin. Accounting Standards Bd.); *see also* Statement of Financial Accounting Concepts No. 6, Fin. Accounting Standards Bd., ¶ 145 ("Accrual accounting uses accrual, deferral, and allocation procedures whose goal is to relate revenues, expenses, gains, and losses to periods to reflect an entity's performance during a period instead of merely listing its cash receipts and outlays. Thus, recognition of revenues, expenses, gains, and losses and the related increments or decrements in assets and liabilities—including matching of costs and revenues, allocation, and amortization—is the essence of using accrual accounting to measure performance of entities.") (excerpt).

"recogni[zes] revenue when the entity becomes entitled to receive payment, as opposed to when the payment is actually received." *Id.* at 11. "Expenses that can be readily traced to the recognized revenues are themselves recognized at the same time as those revenues." *Id.* Indeed, "even those expenses that cannot be directly traced to certain revenues are often allocated over multiple time periods, even if the cash outlay occurs all at once." *Id.* at 11 n.4. This correspondence of revenues and expenses "is sometimes referred to as 'matching' revenues and expenses, but in any case [] is a fundamental aspect of day-to-day record-keeping on the accrual-basis." *Id.* at 11-12. The purpose of accrual-style accounting is designed to "determin[e] actual economic losses." *Id.* at 19.

5. The Claims Administrator and Settlement Program are further ENJOINED from processing or deciding any Settlement Program appeals in which matching is at issue. Such appeals shall be held in abeyance. The deadlines for seeking discretionary review by this Court of any Program decision in which matching is at issue shall similarly be held in abeyance.

### *Actual Injury Traceable to Loss from the Deepwater Horizon Accident*

6. The Claims Administrator and Settlement Program are further ENJOINED from paying any business economic loss claim unless the claimant "experienced actual injury traceable to loss from the Deepwater Horizon accident." *Id.* at 35. "A stay tailored so that those who experienced actual injury traceable to loss from the Deepwater Horizon accident continue to receive recovery but those who did not do not receive their payments until this case is fully heard and decided through the judicial process weighs in favor of BP." *Id.*

7. The Claims Administrator and Settlement Program are further ENJOINED from processing or deciding any Settlement Program appeals in which the presence of "actual injury traceable to loss from the Deepwater Horizon accident," *id.* at 35, is at issue. Such appeals shall

be held in abeyance. The deadlines for seeking discretionary review by this Court of any Program decision in which the presence of "actual injury traceable to loss from the Deepwater Horizon accident," *id.*, is at issue shall similarly be held in abeyance.

### *Other Claims*

8. To the extent that any claim submitted to the Settlement Program for recovery other than business economic loss, including but not limited to claims for individual economic loss, relies on the submission, validity, or payment of a business economic loss claim subject to the injunctions in any of paragraphs 1 through 7, the Claims Administrator and Settlement Program are further ENJOINED from processing or further processing any such claim.

### *Duration*

9. The injunction set forth in Paragraphs 1 through 8 shall remain in effect "until [the remand ordered by the Fifth Circuit in *In re: Deepwater Horizon*] is fully heard and decided through the judicial process." *Id.* at 35. This will "allow[] the time necessary for deliberate reconsideration of these significant issues on remand." *Id.*

IT IS SO ORDERED.

New Orleans, Louisiana, this _____ day of October, 2013.

                                                                                    United States District Judge