# October 23, 2013
# Notice of Filing Exhibit V.1

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

KEVIN M. DOWNEY
(202) 434-5460
kdowney@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 18, 2013

***Via Electronic Mail***

The Honorable Carl Barbier
United States District Court
 for the Eastern District of Louisiana
500 Poydras Street
New Orleans, LA  70130

> Re:  *In re Deepwater Horizon*, MDL No. 2179 (Bon Secour Fisheries, Inc. v.
> BP, No. 12-970)
> ***Scheduling Order for BEL Remand***

Dear Judge Barbier:

BP respectfully submits with this letter a proposed Scheduling Order that we believe is shorter, simpler and more sensible than the proposed order submitted earlier today by Class Counsel.[1]

At this point, we do not know whether the Court will determine that any form of evidentiary hearing will be necessary.  But because we cannot fully anticipate what issues may arise when the parties disclose their evidence regarding the remand issues, BP's proposed schedule describes a short series of steps leading to a hearing on that may or may not involve live testimony.

In place of Class Counsel's eleven points (not including seven sub-points), the schedule can be as straightforward as follows:

- *November 4*: The parties outline their positions regarding the issues to be decided.

---

[1]  We conferred with Class Counsel by telephone yesterday about the schedule, had a meeting of the minds on most points (we thought), and sent them a revised form of order at the end of the day per our discussion.  We hoped to confer further and were surprised that Class Counsel proceeded to file their letter brief which, for all intents and purposes, could have been written before we conferred.

WILLIAMS & CONNOLLY LLP

The Honorable Carl Barbier
October 18, 2013
Page 2

- *November 11*: The parties disclose all the evidence in support of their positions that is not already in the record.

- *November 18*: The parties disclose rebuttal evidence, if any.

- *November 25*: The parties submit their briefs and proposed findings.

The parties agree both to these steps and these dates.  The parties also agree that the Court may find it more convenient to hold such a hearing on November 25, rather than December 2, which is the last day of 60-day remand period to have any record created from that hearing available to it if necessary.

The bulk of Class Counsel's letter, as well as the other points in its proposed schedule, are surplusage.  Their letter devotes one page to the argument that "Both Parties Should Be Required to Produce Evidence . . . Relating to the Questions Presented on Remand."[2]  But that requirement is not in dispute; both parties' proposed schedules provide for a simultaneous disclosure of evidence, and do so on the same date.  Class Counsel's letter also devotes a page or more to an argument about the scope of the issues on remand.  But that is jumping the gun according to their own proposed schedule, for it provides (as does BP's proposed schedule) that the parties will submit a short "position paper" on the scope of the remand on November 4.

As for the proposed schedule itself, subpoints 1-4 of part II are unnecessary, because they are in the nature of specific document requests and have no place in a *scheduling* order.  Suffice it to say that both proposed schedules call for the parties to make a full disclosure by November 11 of all the evidence that each intends to present on the remand issues.  If, for example, BP does not disclose any evidence that the "[t]he Parties specifically agreed that expenses would be 'matched' to revenue under Exhibit 4C for both Accrual-based and Cash-based Claims," *see* Class Counsel's proposed Scheduling Order, II(2)(a), then we can be sure that Class Counsel will make the point at the appropriate time that BP has no such evidence.  Also unnecessary in a *scheduling* order (and premature) are Class Counsel's provisions concerning the admissibility of evidence.[3]

---

[2]  Letter to Hon. Carl J. Barbier from James Parkerson Roy and Stephen J. Herman, Oct. 18, 2013, at 4.

[3]  Part VII would preclude any post-settlement execution evidence (even though Part I of Class Counsel's proposed schedule provides that all evidence previously submitted will be considered part of the record for purposes of the remand) and any expert opinion evidence.  Although we agree that the primary evidence will be factual, we cannot rule out at this time the possibility that expert testimony may be important to explain the significance of materials that were exchanged and statements that were made in the negotiations.

WILLIAMS & CONNOLLY LLP

The Honorable Carl Barbier
October 18, 2013
Page 3

November 4 is the appropriate time to address the scope of the remand issues, as the parties agree in their proposed schedules. But three observations are pertinent in response to Class Counsel's premature argument:

*First*, the issues on remand are limited, but not as limited as Class Counsel suggests; indeed, they contradict themselves within the space of two pages. Having said on page 1 that the only issue is "[w]hether it was discussed . . . that the expenses in Cash-basis claims should be 'matched' under Exhibit 4C," page 2 then acknowledges that the Fifth Circuit also directed the Court on remand to "make certain" that the Administrator is not applying cash-in, cash-out interpretation to claims that are presented with matched revenues and expenses.

*Second*, the Fifth's Circuit's basic directive was that this Court "explain why it was interpreting the same Exhibit 4C language that leads to matching for accrual-basis claims as not requiring the matching of cash-basis claims."[4] To that end, the Fifth Circuit directed the Court to determine whether "the parties discussed the divergent effects of cash- and accrual-basis accounting records on the Exhibit 4C formula," but it also instructed the Court more generally "to develop a more complete factual record regarding the meaning of Exhibit 4C or other relevant parts of the agreement."[5] And, apart from what the parol evidence might show, the Fifth Circuit instructed the Court to take into account that an interpretation of Exhibit 4C (such as the Administrator's)[6] that results in compensating claimants who have not suffered true damages "can be considered in evaluating the correct interpretation of possible ambiguities in this agreement."[7]

*Third*, Class Counsel **admit that they have no parol evidence** that the parties discussed or agreed to treat cash-basis claims in a way that did not match revenue and expense (i.e., in a way that "require[d] the use of randomly associated numbers for calculating damages, even if there is little likelihood that, after subtracting one of those numbers from the other, the remainder will in fact show anything relevant damages").[8] There is, as the Court knows, ample evidence that the parties intended to compensate equally claimants who are equally injured. In any event, Class

---

[4]   Slip Op. at 24 ("We remand because the district court did not acknowledge the requirement of matching that is foundational for accrual basis claims and it did not then *explain why it was interpreting the same Exhibit 4C language that leads to matching for accrual-basis claims as not requiring the matching of cash-basis claims.*").

[5]   *Id.* at 23-24.

[6]   *Id.* at 23 ("the interpretation urged by the Administrator is completely disconnected from any reasonable understanding of calculation of damages").

[7]   *Id.* at 33.

[8]   *Id.* at 23.

WILLIAMS & CONNOLLY LLP
The Honorable Carl Barbier
October 18, 2013
Page 4

Counsel's admission that the parties did not expressly discuss or agree to an interpretation that the Fifth Circuit characterized as "disconnected from any reasonable understanding of damages"[9] compels the conclusion that an accrual-style framework must be applied in evaluating claims. The full significance of Class Counsel's admission is properly the subject of the submissions both sides have proposed for November 4.

For now, only a scheduling order is under consideration. We urge the Court to adopt BP's more streamlined order.

Respectfully submitted,

Kevin M. Downey

Attachment

---

[9]   *Id.*