# October 23, 2013
# Notice of Filing Exhibit VI.1

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KEVIN M. DOWNEY
(202) 434-5460
kdowney@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 18, 2013

*Via Electronic Mail*

The Honorable Carl Barbier
United States District Court
  for the Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

        Re:    *In re Deepwater Horizon*, MDL No. 2179 (Bon Secour Fisheries, Inc. v. BP, No. 12-970)

Dear Judge Barbier:

      BP respectfully submits this letter regarding Class Counsel's proposed preliminary injunction order and as follow-up to our October 16 letter. BP has now had the opportunity to review plaintiffs' proposal with its consultants. As noted in the October 16 letter, the practical question that this proposal raises is whether the exclusions would continue to permit payment of the very claims that BP has identified as failing properly to match revenues and expenses and which the Fifth Circuit has directed the Court to enjoin. It will – and to a troubling degree.

      We attach the declarations of Brian Gaspardo and Hal Sider to demonstrate the flaws in Class Counsel's proposed order. Based on a prior review of individual examples, the Gaspardo Declaration explains *why* the proposed exclusion categories would still permit improper payments and flout the Fifth Circuit's decision requiring matching of revenues and expenses. The Sider Declaration explains *the degree to which* the exclusion categories would still permit improper payments. The evidence is troubling. Almost no claims (only .5%) would be reviewed for matching issues, even though a review of the files shows that a substantial percentage have such issues.

      The parties' disagreement is likely fundamental. The proposed order reflects a misuse of the term "matching," as explained in the Fifth Circuit's decision. Class Counsel appears to believe that *only expenses* must be properly recognized and matched. Revenues, under this view, need not be properly recognized and matched, but should be treated however they are recorded in the books of the claimant. By way of example, PSC members told a BP team this week that, although year-end adjustments reflecting significant *expense* matching issues should be

WILLIAMS & CONNOLLY LLP
The Honorable Carl Barbier
October 18, 2013
Page 2

corrected, similar entries involving *revenue* should not be corrected. (The Court should understand that I was not present when this statement was made. However, other counsel for BP were present and, if called upon, could so state. The more important point is that the proposed order embodies such thinking.)

Class Counsel's proposed order refers solely to "matching of expenses." Consistent with accounting principles, the Fifth Circuit made clear that matching involves both proper revenue recognition and expense matching, (*see In re Deepwater Horizon*, slip op. at 11, 18, 21), and the Court's October 3, 2013 Order clearly referred to "the matching of revenues and expenses." Matching of revenues and expenses is a fundamental aspect of accrual accounting, as is also explained in the Gaspardo Declaration. The eight exclusions simply will not comply with the Fifth Circuit's order.

Paragraphs 2-5 of BP's proposed preliminary injunction prohibit precisely what the Fifth Circuit held was problematic and permit continued payment during the remand of claims where they reflect properly matched financial records and comply with the agreement's requirements. BP's reading of the opinion also suggests that paragraphs 6-7 concerning actual injury are appropriate for reasons explained to the Court *in camera* and in prior submissions.

Respectfully submitted,

Kevin M. Downey

Attachments