UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| | * | |
| No. 10-2771, 10-4563 | * | MAGISTRATE SHUSHAN |
| | * | |

**ORDER**
**[Regarding Certain Exhibits Used During the Examination of Iain Adams]**

BP/Anadarko and the Aligned Parties (represented here by Transocean's counsel) disagree over the extent to which certain exhibits used during the examination of Iain Adams should be included in the trial record for the Phase II trial, Source Control Segment.[1]  During the cross examination of Iain Adams, counsel for Transocean asked about two sentences that appear on page 38 of a report by Dan Gibson, an expert who did not testify.  (10/3/2013 Tr. at 1130:18-1131:12, 1137:14-1138:3)  On redirect, BP's counsel asked the witness about select portions of pages 11, 41, 42, and 43 from the same report.  (*Id.* at 1164:22-1167:8)  BP seeks to admit the entirety of pages 11, 38, 41, 42, and 43 from the Gibson report, as well as the specific callouts from these pages used during the examination.  The Aligned Parties/Transocean argue that only the callouts should be admitted, not the source pages.  No party contends that all of the Gibson report is admissible.

During the Phase I trial last spring, the Court instructed that where a party used only a few pages from a voluminous document during an examination, only those pages actually used should be included in the trial record.  (3/5/13 Tr. 1663:17-1663:20)  Counsel for Transocean immediately

---

[1] The parties brought this issue to the Court's attention at the end of the second-to-last day of the Phase II trial. After hearing counsels' arguments, the Court stated it would issue a ruling after it considered the parties' proposed exhibits. (10/17/2013 Tr. at 3124:25 to 3129:25)

proposed that, in such situations, the callouts used during an examination should be admitted as well as the source pages for the callouts, in order to provide context. (*Id.* at 1663:21-1663:23)  No party objected to this proposal, and the Court accepted it.  (*Id.* at 1663:24)  What BP proposes here is consistent with the practice from Phase I.  Accordingly,

IT IS ORDERED that pages 11,[2] 38,[3] 41,[4] 42,[5] and 43[6] from the Gibson report—the source pages for the callouts used by counsel during the examination of Iain Adams—shall be included in the record.   The callouts from the Gibson report that were used during the examination of Iain Adams shall also be included in the record.[7]

New Orleans, Louisiana, this 24th day of October, 2013.

United States District Judge

---

[2] TREX 11613.13

[3] TREX 11613.40

[4] TREX 11613.43

[5] TREX 11613.44

[6] TREX 11613.45

[7] It appears BP used the following callouts from the Gibson report: TREX 11613.13.1.BP, 11613.43.1.BP, 11613.44.1.BP, 11613.45.1.BP, 11613.45.2.BP.  The parties do not appear to disagree over whether the callouts Transocean used during the examination should be admitted, but to extent there is disagreement, Transocean's callouts shall be admitted as well.