# EXHIBIT "I"

- En Español
- ☐☐☐☐☐☐☐☐☐☐☐☐☐☐
- Bằng Tiếng Việt

# Gulf Coast Claims Facility Protocol for Interim and Final Claims
# February 8, 2011

### I. PURPOSE

This Protocol sets forth the procedure for the submission and resolution by the Gulf Coast Claims Facility ("GCCF") of Interim and Final Claims by Individuals and Businesses for costs and damages incurred as a result of the oil discharges from the April 20, 2010 Deepwater Horizon incident ("the Spill"). Claims for Emergency Advance Payments are governed by a separate protocol.

A. Role

The United States Coast Guard ("USCG") has designated BP Exploration & Production, Inc. ("BP") as a Responsible Party under the Oil Pollution Act of 1990 ("OPA") for oil discharges from the Deepwater Horizon facility. Under OPA, Responsible Parties must establish a claims process to receive certain claims by eligible claimants. BP accepted the USCG designation as a Responsible Party and established and advertised a single claims facility for all claimants.

The GCCF is intended to replace BP's claims facility for Individuals and Businesses. The GCCF and its Claims Administrator, Kenneth R. Feinberg, act for and on behalf of BP in fulfilling BP's statutory obligations as a "responsible party" under OPA. The GCCF (and the protocols under which it operates) are structured to be compliant with OPA.

Whether or not a claim has been presented shall be governed by OPA and applicable law. All documentation submitted by Individuals or Businesses in support of claims filed with the BP Claims Process have been transferred to the GCCF. BP has also authorized the GCCF to process certain non-OPA claims involving physical injury or death. Acceptance of payments offered pursuant to this Protocol shall be wholly voluntary, and participation in the GCCF shall not affect any right that the Claimant would have had absent such participation unless final resolution of the claim is achieved.

B. Approach

The following non-exclusive principles apply to the operation of the GCCF:

- The GCCF will evaluate all claims in a prompt and fair manner guided by applicable law.
- The establishment of the GCCF does not diminish any right of any Individual or Business that existed prior to the creation of the GCCF; Claimants have all of the same rights with respect to their various claims that they had prior to the creation of the GCCF and shall not be forced to relinquish any rights for the opportunity to seek compensation through the GCCF, provided that acceptance of a Final Payment will require the execution of a release of liability, as discussed below.
- A claimant has the right to consult with an attorney of his or her choosing prior to accepting any settlement or signing a release of legal rights. The GCCF provides access

- to free legal assistance, paid for by BP, from lawyers who exercise their independent professional judgment on behalf of claimants.
- The GCCF claims process is structured to comply with OPA and apply the standards of OPA.
- Under OPA a claimant must file a claim with BP or the GCCF for OPA damages prior to seeking payment from the National Pollution Fund Center or commencing an action in court.

The GCCF considers the views of all stakeholders. All stakeholders, including claimants, government entities, and BP, may provide input and comments regarding the GCCF process.

## II. ELIGIBILITY

### A. Removal and Clean Up Costs

1. Who may make a claim?

   Any Individual[1] or Business that incurred costs, as a result of the Spill for the removal of oil or to prevent, minimize, or mitigate oil pollution.

2. Required Proof

   - The actions taken were necessary for removal of oil discharged due to the Spill or to prevent, minimize, or mitigate oil pollution from the Spill;
   - The removal costs incurred as a result of these actions are reasonable and necessary; and
   - The actions taken to remove, prevent, minimize, or mitigate oil pollution were directed or approved by the Federal On-Scene Coordinator or are otherwise determined to be consistent with the National Contingency Plan.

3. What information should the Claimant submit?

   - Information or documentation (e.g., bills) showing the costs incurred after the Spill for removal of oil discharged as a result of the Spill or incurred after the Spill to prevent, minimize, or mitigate oil pollution from the Spill.
   - Information or documentation explaining how the actions taken to remove oil discharged as a result of the Spill were necessary to prevent, minimize, or mitigate the effects of the Spill
   - Information or documentation showing that the actions taken were approved by the Federal On-Scene Coordinator or were consistent with the National Contingency Plan.
   - Information or documentation explaining why the costs were reasonable.

### B. Real or Personal Property

1. Who may make a claim?

   Any Individual or Business that owns or leases real or personal property physically damaged or destroyed as a result of the Spill.

   In order to avoid duplication of claims, an owner or lessee of the property must provide notice to all others with an ownership or lease interest in the property of the intent to file a claim. If duplicate claims are received, the GCCF will determine the appropriate claimant or claimants and their appropriate shares.

2. What information should the Claimant submit?

- Information or documentation showing an ownership or leasehold interest in the property.
- Information or documentation showing the property was physically damaged or destroyed.
- Information or documentation showing the damages claimed were incurred as the result of the physical damage to or destruction of the property.
- Information or documentation showing the cost of repair or replacement of the property, or economic losses resulting from destruction of the property.
- Information or documentation showing the value of the property both before and after damage.

C. Lost Profits and Lost Earning Capacity

1. Who may make a claim?

   An Individual or Business that incurred a loss in profits or earning capacity due to the injury, destruction, or loss of real property, personal property or natural resources as a result of the Spill. The Individual or Business need not be the owner of the injured property or resources to recover for lost profits or earnings. An Individual or Business that incurred a loss in profits or earning capacity due to the injury, destruction, or loss of real property, personal property or natural resources as a result of the Spill. The Individual or Business need not be the owner of the injured property or resources to recover for lost profits or earnings.

2. What information should the Claimant submit?

- Identification of injury, destruction, or loss to a specific property or natural resource.
- Information concerning the Claimant's lost profits or earnings that were caused by the injury, destruction, or loss of specific property or natural resource as a result of the Spill (such as lost earnings by a fisherman whose fishing grounds have been closed or a hotel or rental property that has had decreased profits because beaches, swimming, or fishing areas have been affected by the oil from the Spill).
- Reduction of earnings or profits, or increase in expenses resulting from such damage.
- Amount of profits and earnings or expenses in comparable time periods.
- Earnings received from alternative employment or business during the period when the loss was suffered, and expenses incurred in generating the alternative earnings.
- Savings to overhead and other normal expenses not incurred as a result of the Spill.

D. Subsistence Use of Natural Resources

1. Who may make a claim?

   Any Individual who uses the natural resources that have been injured, destroyed, or lost as a result of the Spill to obtain food, shelter, clothing, medicine, or other subsistence use. Any Individual who uses the natural resources that have been injured, destroyed, or lost as a result of the Spill to obtain food, shelter, clothing, medicine, or other subsistence use.

2. What information should the Claimant submit?

- Identification of the specific natural resources that have been injured, destroyed or lost as a result of the Spill for which compensation for loss of subsistence use is being claimed. The Claimant need not own the affected natural resource.
- Description of the actual subsistence use made of each specific natural resource.
- Description of how and to what extent the subsistence use was affected by the injury to or loss of each specific natural resource as a result of the Spill.
- Description of expenditures made to replace or substitute for the subsistence use including any documentation verifying such expenditures.

### E. Physical Injury or Death

1. Who may make a claim?

   A claim may be made by an injured Individual or the representative of a deceased Individual for economic and non-economic damages for a physical injury or death proximately caused by the Spill or the explosion and fire associated with the Deepwater Horizon incident, or by the clean-up of the Spill.

   Submitting a physical injury or death claim to the GCCF is entirely voluntary; a Claimant is not required to submit their physical injury or death claim to the GCCF in order to obtain a Final Payment for Removal and Clean up Costs, Real or Personal Property Damage, Lost Profits and Lost Earning Capacity, or Subsistence Use of Natural Resources. However, unlike claims under the Oil Pollution Act, claims for physical injury or death cannot be submitted to the National Pollution Funds Center.

2. What information should the Claimant submit?

   - Medical records or death certificate demonstrating physical injury or death.
   - Medical records reflecting diagnosis by a medical practitioner.
   - Information concerning the cause of physical injury or death.
   - Information concerning the circumstances of the physical injury or death and the location where the physical injury or death occurred.
   - Information concerning any total or partial disability of the Claimant.
   - Records showing expenditures for medical care.
   - Proof of lost income, if the Claimant seeks compensation for such lost income.
   - Information and documentation regarding health care insurance or disability insurance.

### F. Costs of Estimating Damages Claimed

Damages for claims for Removal and Clean Up Costs, Damage to Real or Personal Property, Lost Profits and Lost Earning Capacity, and Subsistence Use of Natural Resources, include the reasonable cost of estimating the damages claimed, but not attorney's fees or other administrative costs associated with preparation of the claim.

### G. Causation

The GCCF will only pay for harm or damage that is proximately caused by the Spill. The GCCF's causation determinations of OPA claims will be guided by OPA and federal law interpreting OPA. Determinations of physical injury and death claims will be guided by applicable law.

## III. FILING FOR COMPENSATION

### A. Attorney Representation

1. A claimant has the right to consult with an attorney of his or her choosing prior to accepting any settlement or signing a release of legal rights.
2. If a claimant is represented by an attorney, the GCCF will communicate with that attorney rather than directly with the claimant.
3. The GCCF provides access to free legal assistance for the GCCF Interim or Final Claims Process . These legal services are available through a network of nonprofit civil legal service

organizations in Alabama, Florida, Louisiana, Mississippi and Texas. The free legal services program is being administered by the Mississippi Center for Justice, a nonprofit public interest law firm. The free legal services program will not be providing assistance for litigation or claims filed with the National Pollution Funds Center. The funding for this program comes from BP. However, the Mississippi Center for Justice and the nonprofit civil legal service organizations providing the free legal assistance have no other connection to BP or GCCF. The funding does not affect the advice that a lawyer or any of the legal services organizations gives a claimant. Neither GCCF nor BP will interfere with the independent professional judgment of any of the legal services attorneys.

B. Equal Access and Fair Adjudications in the Claims Process

All potential Claimants will be treated with respect, dignity, and fairness, without regard to race, color, sexual orientation, national origin, religion, gender, or disability. The GCCF shall strive to ensure that all Claimants can equally access the GCCF process, and that claims will be adjudicated fairly. Individuals with disabilities will be able to effectively communicate their claims and problems to the GCCF. Individuals with language barriers will have meaningful access to the process and to the GCCF. Individuals with low literacy will have documents and forms explained to them plainly and in a simple manner they understand.

C. Claim Form

1. The Claimant will fill out a Claim Form for an Interim Claim or a Final Claim.
2. Claimants shall submit the documentation requested on the Interim or Final Claim Form or other similar information sufficient both to substantiate the claim and for the GCCF to review and process the Interim or Final Claim.
3. Legal Representatives of decedents, minors, incompetent or legally incapacitated persons may file on behalf of such claimants but will be required to show proof that the legal representative has been duly appointed.

D. Process for Filing a Claim

An Interim or Final Claim Form may be obtained and submitted in any one of the following ways:

1. Via the Internet – Claimants may submit an Interim or Final Claim online by visiting the GCCF website: www.gulfcoastclaimsfacility.com. Claimants will be instructed to follow simple steps for completing an Interim or Final Claim Form. Interim and Final Claim Forms and Instructions will be available in English, Spanish, Vietnamese and Khmer. Claimants who have previously filed a claim for an Emergency Advance Payment will not be required to resubmit previously submitted documentation, but will be required to submit additional documentation necessary to substantiate the Interim or Final Claim. A Claim Form submitted via the Internet will require the electronic signature of the Claimant.
2. By Visiting a GCCF Claims Site Office – Claimants may visit one of the 34 Claims Site Offices established to assist Claimants with the claims submission process. The locations of the Claims Site Offices are posted on the GCCF website, www.gulfcoastclaimsfacility.com. If a visitor requires an interpreter and an interpreter is not available on site, the Claims Evaluator will make arrangements to provide these services either via conference call or a scheduled return trip to the Claims Site Office. A Claims Evaluator will assist the Claimant in completing an Interim or Final Claim Form. The Claimant will not be required to resubmit previously submitted documentation but will only be required to submit additional documentation necessary to substantiate the Interim or Final Claim. The Claim Form must be signed by the Claimant.

3. Via U.S. Postal Service – Claimants may call the toll free, dedicated telephone line to request that an Interim or Final Claim Form be mailed via U.S. Postal Service. The Interim or Final Claim Form will be mailed via U.S. Postal Service to the Claimant. The Claimant will not be required to resubmit previously submitted documentation but will only be required to submit additional documentation necessary to substantiate the Interim or Final Claim. The Claim Form must be signed by the Claimant. The Claimant may return the completed form via:

- U.S. Postal Service:
  Gulf Coast Claims Facility
  P. O. Box 9658
  Dublin, OH 43017-4958
- Overnight, Certified or Registered Mail:
  Gulf Coast Claims Facility
  5151 Blazer Parkway, Suite A
  Dublin, OH 43017-4958
- Fax:
  1-866 682-1772
- Email:
  info@gccf-claims.com
- The toll-free telephone lines are as follows:

  - Toll Free Number: 1-800 916-4893
  - Multilingual Telephone Line: 1-800 916-4893
  - TTY Telephone Line: 1-866 682-1758

All submitted Claim Forms, regardless of the method of submission, will be automatically forwarded to the Central Processing Database and integrated into a comprehensive GCCF Database.

## IV. APPLICATIONS FOR PAYMENT

Claimants have the option of submitting a claim for an Interim Payment or a Final Payment.

A. Applications for Interim Payment

An Interim Payment covers only substantiated, past damages. An Interim Payment does not cover any future damages.

The following principles will apply to claims for an Interim Payment:

- In order to receive an Interim Payment, a Claimant shall not be required to execute a release or waive any rights to assert additional claims, to file an individual legal action, or to participate in other legal actions associated with the Spill.
- A Claimant who seeks an Interim Payment may make a subsequent claim for an additional Interim Payment or a Final Payment.
- An Interim Claim may not be submitted more frequently than once per quarterly period, unless the Claimant is able to demonstrate the presence of exigent circumstances, in which case an Interim Claim may be submitted more than once per quarterly period. An Interim Claim for the first quarterly period may be submitted up to and including December 31. An Interim Claim for the second quarterly period may be submitted up to and including March 31. An Interim Claim for the third quarterly period may be

- submitted up to and including June 30. An Interim Claim for the fourth quarterly period may be submitted up to and including September 30.
- When evaluating an Interim Claim, the GCCF will take into account and offset prior payments by BP, the GCCF, and collateral sources.
- In the event that the Claimant has submitted an eligible, substantiated claim, the GCCF will provide the Claimant with a payment determination for both an Interim Payment and Final Payment so that the Claimant can select which form of payment the Claimant desires.
- If the Claimant elects to receive an Interim Payment, should the Claimant make a subsequent claim for a Final Payment, GCCF's valuation of the Final Payment may change to reflect additional information and less uncertainty regarding damages.
- Any Interim Payment or Emergency Advance Payment made to a Claimant will be deducted from that Claimant's Final Payment.

B. Applications for Final Payment

By applying for a Final Payment, an applicant is seeking to resolve all claims including any claims for future damages resulting from the Spill. A Final Payment constitutes a complete and final resolution of all claims for any past, current, or future losses that a Claimant has or may have with regard to the Deepwater Horizon incident and oil spill against BP and all other potentially liable parties, except as otherwise noted in paragraph V.C. of this Protocol. Accepting a Final Payment requires the Claimant to sign a release of past and future claims. The Release is attached to this Protocol as Tab A. In determining the Final Payment, the GCCF will take into account and offset prior payments by BP, the GCCF, and collateral sources. A claimant has the right to consult with an attorney of his or her choosing prior to accepting any settlement or signing a release of legal rights.

## V. REVIEW PROCEDURES

A. Determination of Claims

1. After an Interim Claim or a Final Claim is presented, the GCCF shall determine within 90 days whether to make a payment to the Claimant and if so the amount of such payment.
2. Determinations of claims asserted under OPA will be guided by OPA. Determinations of physical injury or death claims will be guided, as applicable, by other federal law and pertinent state law. If the GCCF determines that more information is necessary in order to resolve a claim, it will advise the Claimant promptly.
3. If the GCCF determines that more information is necessary in order to resolve a claim, it will advise the Claimant promptly.

B. Notification of GCCF Decision

The Claimant will be sent in writing: (1) the GCCF's decision regarding the claim, including the reason for any denial, reduction or increase to the claimed amount; (2) the amount of the determined compensation; and (3) in the case of an eligible claim for Final Payment, a Release to be signed by the Claimant. Offers of Final Payment shall be valid for 90 days, after which they are null and void. A claimant has the right to consult with an attorney of his or her choosing prior to accepting any settlement or signing a release of legal rights.

C. Acceptance of Final Payment

Claimant acceptance of a Final Payment is voluntary. Claimants who accept a Final Payment must sign a Release. A copy of the main Release is attached as Tab A. The Release will waive any rights the Claimant may have against BP and any other potentially liable parties to assert additional claims, to file an individual legal action, to participate in other legal actions associated with the Spill, or to submit any claim for payment by the National Pollution Funds Center. However, except where the Claimant accepts a Final Payment for physical injury or death, the Release will not waive the Claimant's rights with regard to a physical injury or death claim. If the Claimant elects to accept a Final Payment for a claim for physical injury or death, the Claimant will return to the GCCF a Release specifically waiving the Claimant's rights with regard to the Claimant's physical injury or death claim. A claimant has the right to consult with an attorney of his or her choosing prior to accepting any settlement or signing a release of legal rights.

### D. Rejection of Interim or Final Payment Determination

A Claimant may elect to reject an Interim or Final Payment determination and, as permitted by law, either present the claim to the National Pollution Funds Center or commence an action in court, including in the multidistrict litigation pending before the United States District Court for the Eastern District of Louisiana, titled, In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 MDL No. 2179. The multidistrict litigation is a consolidated grouping of federal law suits arising out of the Spill. A claim for physical injury or death is not a claim under OPA and therefore cannot be submitted to the National Pollution Funds Center.

### E. Denial of Interim or Final Claim

If an Interim or Final Claim is denied, or if the GCCF has not acted on the claim within 90 days of the date the claim was presented under OPA to BP or to the GCCF, the Claimant may, as permitted by law, either present the claim to the National Pollution Funds Center or commence an action in court, including in the multidistrict litigation pending before the United States District Court for the Eastern District of Louisiana, titled, In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 MDL No. 2179. The multidistrict litigation is a consolidated grouping of federal law suits arising out of the Spill. A claim for physical injury or death is not a claim under OPA and therefore cannot be submitted to the National Pollution Funds Center.

### F. Payment of Final Claims

Within fourteen (14) days of the receipt of the signed Release, the GCCF will issue payment to the Claimant.

### G. Collateral Source Compensation

The amount of compensation will be reduced by collateral source compensation that the Claimant has received due to the Spill where such collateral source compensation would be duplicative of payments by the GCCF.[2]

1. Payments that constitute collateral source compensation.

   - Collateral source compensation includes, but is not limited to, insurance payments including health insurance payments, and payments by federal, state, or local governments related to the Spill, including unemployment benefits.
2. Payments that do not constitute collateral source compensation.

- Charitable donations and the value of services or in-kind charitable gifts such as provision of emergency housing, food, or clothing distributed to the Claimant.

## VI. APPEAL PROCEDURES

### A. No Waiver of Rights

Appeal by a Claimant or BP of a Final Payment determination under this section is voluntary. Such appeal shall not waive any rights the Claimant has under OPA or other applicable law.

### B. The Right to Appeal Pursuant to this Protocol

1. The Claimant may appeal a Final Claim determination of the GCCF if a total monetary award (including any Emergency, Interim or Final Payment made by BP or the GCCF) is in excess of $250,000. BP may appeal a Final Claim Determination of the GCCF if a total monetary award (including any Emergency, Interim or Final Payment made by BP or the GCCF) is in excess of $500,000.
2. If either the claimant or BP asserts that the Final Claim: a) presents an issue of first impression under OPA; or b) that the determination of the GCCF is inconsistent with prior legal precedent under OPA and that the Final Claim is likely to be representative of a larger category of claims to be considered by the GCCF, then a right to appeal may be granted by the Claims Administrator in his sole discretion.

### C. Timing of Filing of Appeal

Any appeal pursuant to this Section must be made within fourteen (14) days of notification of the GCCF's determination of the Final Claim.

### D. Selection of Appeals Judges

1. The Claims Administrator shall select one distinguished member of the legal profession (e.g., a retired federal or state judge, respected legal academic, professional mediator or arbitrator) who will identify distinguished members of the legal community (e.g., retired federal or state judges, respected legal academics, professional mediators or arbitrators) to serve as impartial GCCF Appeals Judges.
2. When an appeal is certified, the Claims Administrator will assign the appeal to a panel of three approved GCCF Appeals Judges for decision.

### E. Claim File

For any claim that is appealed by a Claimant, the Claimant will approve disclosure of the complete claim file to both BP and the assigned Panel of Appeals Judges. For any claim that is appealed by BP, the Claims Administrator will release only such information from the claim file as is necessary for BP to evaluate the decision and a decision by the Panel of Appeals Judges.

### F. Timing of Appeal Decision

The Panel of Appeals Judges will decide the appeal within fourteen (14) days after receiving the claim file.

### G. Applicable Law Governing Appeals

Appeals of claims asserted under OPA will be guided by OPA. Appeals of non-OPA claims (physical injury or death) will be guided by applicable federal and state law.

### H. Tolling Period

Once an appeal commences, a Claimant may not file a claim against the Oil Spill Liability Fund, or file a claim in court, until the appeal pursuant to this Section is either decided or withdrawn.

### I. Impact of the Appeal Decision

Any decision of the Panel of Appeals Judges shall be deemed final as to BP only. If the Claimant does not agree with the decision of the Panel of Appeals Judges, the Claimant may reject the GCCF determination and pursue a claim in the courts or as otherwise permitted under OPA.

## VII. REPORTING

The GCCF shall provide reports of non-personally identifiable information to state, local, and federal government officials and to BP to permit an evaluation of the claims process. The GCCF shall submit to interested parties, including BP, periodic reports of non-personally identifiable information regarding claims made and claims determinations.

## VIII. PERIOD FOR SUBMISSION OF CLAIMS

Claims for an Emergency Advance Payment will not be accepted after November 23, 2010. Claims for an Interim or Final Payment may be submitted to the GCCF through August 23, 2013. After that date, BP will continue to receive claims as required by OPA; under OPA, any action in court to recover damages must be filed within three (3) years after the date on which the injury and its connection with the discharge in question were reasonably discoverable with the exercise of due care. The time limitations do not begin to run against: (1) a minor until the earlier of the date when the minor reaches 18 years of age or the date on which a legal representative is duly appointed for the minor; or (2) an incompetent person until the earlier of the date on which such incompetent's incompetency ends or the date on which a legal representative is duly appointed for the incompetent. Claimants should be aware of this limitation period in determining whether to present their claims to GCCF or BP.

## IX. PRIVACY

Information submitted by a Claimant to the GCCF will be used and disclosed for purposes of: (1) processing the Claimant's claim for compensation and any award resulting from that claim; (2) legitimate business purposes associated with administering the GCCF, including the prevention of fraud and the determination of collateral source payments; and/or (3) as otherwise required by law, regulation or judicial process.

## X. QUALITY CONTROL AND PROCEDURES TO PREVENT AND DETECT FRAUD

A. Review of Claims

For the purpose of detecting and preventing the payment of fraudulent claims and for the purpose of accurate and appropriate payments to Claimants, the GCCF shall implement procedures to:

1. Verify and authenticate claims.
2. Analyze claim submissions to detect inconsistencies, irregularities, and duplication.
3. Ensure the quality control of claims review procedures.

B. Quality Control

The GCCF shall institute periodic quality control audits designed to evaluate the accuracy of submissions and the accuracy of payments.

C. False or Fraudulent Claims

Each Claimant will sign an Interim or Final Claim Form at the time of application, stating that he or she certifies that the information provided in the Claim Form is true and accurate to the best of his or her knowledge, and that he or she understands that false statements or claims made in connection with that application may result in fines, imprisonment, and/or any other remedy available by law, and that suspicious claims will be forwarded to federal, state, and local law enforcement agencies for possible investigation and prosecution. Claims filed via the Internet will require an electronic signature which shall be equally as binding upon the Claimant as a physical signature. The GCCF shall refer all evidence of false or fraudulent claims to appropriate law enforcement authorities.

---

[1] For purposes of this Protocol, the term "Individual" includes the representative of a minor or incompetent individual.

[2] The offset of collateral source compensation will be used to prevent duplicative payments to a Claimant. The rights, if any, of the entity that made the initial payment to the claimant will be determined by the applicable law.

- Privacy Policy |
- All Rights Reserved

- Home
- Important Notices
  and Information
- Important Documents
- Frequently Asked Questions
- Frequently Asked Questions About the Transition Process
- Frequently Asked Questions About the Filing of the Settlement Agreement
- Press and News Releases
- File a Quick Payment Final Claim Form
- File a Full Review Final
  Claim Form Online

- File an Interim Claim Form Online
- File a Paper Interim or Full Review Final Claim Form
- Attorney Portal
- Required Forms for Claimant Representatives
- Claims Site Offices
- Check Claim Status
- GCCF Program Statistics
- Free Legal Assistance
- To Report Fraud
- Contact Us