## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig        **MDL NO. 2179**
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010        **SECTION J**

**Applies to:**        **JUDGE BARBIER**
**No. 12-970**        **MAGISTRATE JUDGE SHUSHAN**

### Scheduling Order Regarding BEL Remand

The Fifth Circuit panel on October 2, 2013, in case no. 13-30315 c/w 13-30329, remanded to this Court to develop a more complete factual record and make further factual findings, including specifically whether the parties to the Settlement Agreement had discussed the intended meaning of Exhibit 4C insofar as it applies to the use of cash versus accrual basis accounting to calculate loss of variable profits. In order to confect a scheduling order, the Court considered the proposals by BP and Class Counsel, and now orders as follows[1]:

1.       For purposes of the remand ordered by the Court of Appeals, all evidence and other submissions in the record regarding the Claims Administrator's Policy Announcement of January 15, 2013, the Court's March 5, 2013 ruling, BP's Motion for Preliminary Injunction, and U.S. Fifth Circuit Case Nos. 13-30315 c/w 13-30329, already form part of the record,

---

[1] The Court of Appeals also required that this Court issue a preliminary injunction relative to certain claims within the Settlement Program. The next day this Court issued an interim order suspending certain claims. (Rec. Doc. 11566) After meeting with and receiving submissions from BP and Class Counsel, the Court issued a Preliminary Injunction Order on October 18. (Rec. Doc. 11697) There the Court explained what it understands to be the scope of remand: "Exhibit 4B of the Settlement Agreement is not before the undersigned on remand. Rather, what is before the Court is the measurement of a claimant's loss under Exhibit 4C." (*Id.* at 4) This Scheduling Order reflects that understanding.

and need not be re-introduced or re-submitted.

2.     By 5:00 p.m. on <u>Thursday, November 7, 2013</u>, BP and Class Counsel shall file any and all **additional fact** evidence (in the form of affidavits, declarations, documents, etc.) that purports to show whether the parties discussed, *prior to the time the Settlement Agreement was executed,* [2] the intended meaning of Exhibit 4C (i.e., whether or not Exhibit 4C requires that expenses and revenues be matched for all claims, or only some claims). If a party contends that no such discussions occurred, it may state this fact in a single affidavit or declaration. No expert opinions shall be filed. No evidence concerning events after the execution of the Settlement shall be filed.

3.     By <u>noon on Tuesday, November 12, 2013</u>, BP and Class Counsel shall submit any rebuttal evidence they may have. Similar to the above, rebuttal evidence shall be limited to fact evidence from prior to the time the Settlement was executed and shall include no expert opinions.

4.     By <u>noon on Monday, November 18, 2013</u>, BP and Class Counsel shall file briefs, limited to 10 pages and double-spaced (with no exhibits), as to whether Exhibit 4C requires matching of revenue and expenses for all claims. Should the parties choose to file proposed findings and conclusions, such will count against the 10-page limit. After this time the Court will take the matter under advisement. The Court will inform the parties if it requires a formal hearing with live testimony. If such a hearing is necessary, it will be held on Monday,

---

[2]Judge Clement's majority opinion states: " We have not discovered whether, *before the agreement was signed*, the parties discussed the divergent effects of cash- and accrual-basis accounting records on the Exhibit 4C formula." Slip op. at 23. (emphasis added)

December 2, 2013 at 9:30 a.m.


New Orleans, Louisiana, this 25th day of October, 2013.

**Carl J. Barbier**
**United States District Judge**