UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL 02179 |
| | | SECTION J |
| | | JUDGE BARBIER |
| Applies to: 12-CV-02048 | * * * | |
| | | MAG. JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO COMPLAINT FOR DAMAGES ON BEHALF OF MORAN ENVIRONMENTAL RECOVERY, LLC LIMITED TO THOSE CLAIMS ASSERTED AGAINST IT BY PLAINTIFF, DOUG MAURRAS, PURSUANT TO COUNTS VIII AND IX OF THE COMPLAINT FOR DAMAGES

MORAN ENVIRONMENTAL RECOVERY, LLC (hereinafter "MORAN ENVIORNMENTAL"), sought to be made a defendant herein, through undersigned counsel, for its responsive pleadings to the allegations set forth against it by plaintiff DOUG MAURRAS in Counts VIII and IX of the overall Complaint for Damages filed in the above captioned matter, respectfully avers as follows:

### ANSWER AND RESPONSIVE PLEADINGS

### FIRST DEFENSE

Plaintiff, Doug Maurras, fails to state a claim against MORAN ENVIRONMENTAL in Count VIII or Count IX upon which relief can be granted.

### SECOND DEFENSE

AND NOW, for its specific responses to the battery claim of plaintiff, Doug Maurras, set forth in Count VIII of the Complaint For Damages, MORAN ENVIRONMENTAL avers as follows:

I.

In response to the allegations pertaining to MORAN ENVIRONMENTAL RECOVERY set forth in paragraph 1 of Count VIII of the Complaint For Damages which section is entitled "Battery Claim of Plaintiff, Doug Maurras", MORAN ENVIRONMENTAL specifically denies the allegations set forth against it.

II.

In response to the allegations pertaining to MORAN ENVIRONMENTAL RECOVERY set forth in paragraph 2 of Count VIII of the Complaint For Damages which section is entitled "Battery Claim of Plaintiff, Doug Maurras", MORAN ENVIRONMENTAL specifically denies the allegations set forth against it.

III.

In response to the allegations pertaining to MORAN ENVIRONMENTAL RECOVERY set forth in paragraph 3 of Count VIII of the Complaint For Damages which section is entitled "Battery Claim of Plaintiff, Doug Maurras", MORAN ENVIRONMENTAL specifically denies the allegations set forth against it.

**AND NOW**, in response to the specific allegations set forth in Count IX of the Complaint For Damages entitled "Jones Act Claim of Plaintiff, Doug Maurras," MORAN ENVIRONMENTAL avers as follows:

IV.

MORAN ENVIRONMENTAL disputes that Doug Maurras is a seaman for purposes of the Jones Act or General Maritime Law because he lacks the requisite assignment to any particular vessel or fleet of vessels, because he did not perform a seaman's work, because he was a land-based worker temporarily employed in oil spill cleanup and because the type of work he performed, the

type of worker he was and the relationship which he had with vessels at work are not supportive of seaman status under the Jones Act, General Maritime Law and interpretive jurisprudence. This defendant further avers that claimant's duties did not contribute to the function of the vessel in navigation or the accomplishment of its mission as those concepts have been defined in the jurisprudence and that plaintiff did not have a relationship with any vessel or fleet of vessels that were substantial in duration or nature. To the extent that Doug Maurras has made an alternative claim for benefits under the LHWCA, this is an improper forum for the determination of any entitlement he might have under the LHWCA and that claim is furthermore denied.

V.

In response to the Claim For Damages set forth in Count IX of the Complaint for Damages by Doug Maurras, MORAN ENVIORNMENTAL specifically denies the damages asserted by plaintiff, each in singular, subcategories (a) through (j).

TO THE EXTENT ANY FUTHER RESPONSE IS REQUIRED TO THE WHEREFORE paragraph in the Complaint For Damages appearing on page 43 of the Complaint For Damages and to the extent it pertains to the allegations set forth against MORAN ENVIORNMENTAL by Doug Maurras pursuant to Counts VIII and IX of the Complaint For Damages, the allegations within it are denied by this defendant.

### THIRD DEFENSE

AND NOW IN FURTHER RESPONSE to the allegations asserted by Doug Maurras against MORAN ENVIRONMENTAL RECOVERY, LLC set forth in Counts VIII and IX of the Complaint For Damages, MORAN ENVIRONMENTAL asserts the following Affirmative Defenses.

## AFFIRMATIVE DEFENSES

Discovery and further investigation may reveal that one or more of the following defenses are available to MORAN ENVIRONMENTAL and accordingly, it asserts the following Affirmative Defenses in order to preserve the right to assert them and to pursue them at trial. Upon completion of discovery, should the facts so warrant, MORAN ENVIRONMENTAL will modify or withdraw any or all of the following Affirmative Defenses as may be appropriate.

## FOURTH DEFENSE

MORAN ENVIRONMENTAL contends that plaintiff does not qualify as a seaman for purposes of the Jones Act or General Maritime Law. He was at all pertinent times a temporary land-based oil spill cleanup worker with no significant attachment or relationship in terms of duration or work duties to any particular vessel or fleet of vessels. Furthermore, this defendant did not own or charter any particular vessel or fleet of vessels involved in the operations and events underway at the time of the alleged incidents or exposures upon which Counts VIII and IX of the plaintiff's complaint are based. Therefore, plaintiff is not entitled to recover against this defendant under the Jones Act for employer negligence, nor under the General Maritime Law for unseaworthiness or otherwise and is not entitled to maintenance and cure from this defendant.

## FIFTH DEFENSE

Separate and apart from any other defenses averred herein, MORAN ENVIRONMENTAL avers that Doug Maurras's sole remedy is that provided under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 901, *et seq.*, or alternatively, the Louisiana State Workers' Compensation Statute.

**SIXTH DEFENSE**

MORAN ENVIRONMENTAL further avers entitled to a set off or credit against any recovery by plaintiff against this defendant in the amount of all sums it has paid or which might be paid in the future to or on behalf of plaintiff under the Federal Longshore and Harbor Workers' Compensation Act or under any other workers' compensation law.

**SEVENTH DEFENSE**

IN FURTHER ANSWERING, MORAN ENVIRONMENTAL avers that in the event plaintiff should be determined to be a seaman, which is specifically denied, then MORAN ENVIRONMENTAL denies that it was negligent, at fault, or that it has breached any duty owed to plaintiff in any manner which could have caused or contributed to any accident or damages sustained by plaintiff. Defendant specifically pleads contributory and/or comparative negligence or fault on the part of plaintiff as a defense, which operate to bar or diminish recovery by plaintiff, respectively, as the facts may justify.

**EIGHTH DEFENSE**

IN FURTHER ANSWERING, in the event that plaintiff is determined to be a seaman, which is specifically denied, MORAN ENVIRONMENTAL avers that plaintiff's alleged condition has reached the point of maximum medical cure, thereby terminating his right to maintenance and cure payments. Furthermore, defendant avers that because plaintiff continued working with MORAN ENVIRONMENTAL or other employers after the incidents upon which this claim is based, he was never entitled to maintenance even independent of the status dispute. Furthermore, notwithstanding several amiable requests by counsel for medical records that would support any claim by Doug Maurras for disability or the need for medical treatment, no such medical records have been provided to defendant by counsel and accordingly this defendant has not failed to meet

any obligation to provide medical treatment/cure to plaintiff notwithstanding the dispute regarding his status as a seaman.

### NINTH DEFENSE

MORAN ENVIRONMENTAL further avers that any damages that may have been incurred by plaintiff that did not result from his own contributory and/or comparative negligence or fault, resulted from the negligence, fault, careless and/or inattention to duty by other parties or entities for which this defendant is not legally responsible.

### TENTH DEFENSE

MORAN ENVIRONMENTAL further avers that Doug Maurras's exposure incidents, injuries, and damages, if any, occurred as the result of the voluntary exposure of plaintiff to the normal hazards of his occupation and position as rigger for MORAN ENVIRONMENTAL and/or the inherent risks of such employment and that plaintiff himself was in the best position to avoid any accident, and through the reasonable and prudent performance of his work duties, could have done so.

### ELEVENTH DEFENSE

MORAN ENVIRONMENTAL reserves the right to file supplemental and amending responsive pleadings, third party petitions, or cross-claims as may be appropriate pursuant to discovery and further investigation.

### TWELFTH DEFENSE

IN FURTHER RESPONDING, MORAN ENVIRONMENTAL avers that plaintiff's damages, if any, the liability of which are specifically and express denied by this defendant were caused by plaintiff's own failure to perform a duty imposed on him by his employment, which

plaintiff himself created or allowed to exist, and consciously assumed such duty as the terms of his employment provided, and knowingly violated such duties, which failure acts as a complete legal bar, or in the alternative, as a mitigating factor to any recovery by the plaintiff for damages herein.

### **JURY DEMAND**

MORAN ENVIRONMENTAL is entitled to an requests a trial by jury on all issues.

WHEREFORE, MORAN ENVIRONMENTAL prays that its answer and responsive pleadings be deemed good and sufficient and that after due proceedings are had, that there be judgment herein in favor of defendant and against plaintiff, and if the case proceeds to trial that appropriate issues in dispute be determined by a jury and after all proceedings are completed, dismissing the complaint and all claims within it with prejudice at plaintiff's costs and for all other general and equitable relief as the law, equity, and the nature of this cause may require and permit.

Respectfully submitted,

JUGE, NAPOLITANO, GUILBEAU,
RULI & FRIEMAN

BY: s/ Joseph B. Guilbeau
JOSEPH B. GUILBEAU #14326
3320 West Esplanade Avenue North
Metairie, Louisiana 70002
Telephone: 504-831-7270
Fax: 504-831-7284
E-Mail: jguilbeau@wcdefense.com
**Attorneys for American International Specialty Lines Insurance Company as Defendant**

7

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Answer To Complaint For Damages On Behalf Of Moran Environmental Recovery, LLC Limited To Those Claims Asserted Against It By Plaintiff, Doug Maurras, Pursuant To Counts VIII And IX Of The Complaint For Damages has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 25th day of October, 2013.

                                      /s/Joseph B. Guilbeau
                                      Joseph B. Guilbeau