UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig          MDL NO. 2179
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010          SECTION J

Applies to:          JUDGE BARBIER
All Cases and 12-970          MAGISTRATE JUDGE SHUSHAN

## DECLARATION OF PATRICK A. JUNEAU, CLAIMS ADMINISTRATOR
[Regarding Criteria for "Matching" for BEL Claims]

Patrick A. Juneau, Claims Administrator of the Court Supervised Settlement Program ("CSSP"), does hereby affirm and attest to the following:

1. The Court in its Preliminary Injunction issued on October 18, 2013 directed the Claims Administrator and CSSP as follows:

> The Claims Administrator is further ordered to provide to the Court and the Parties, within seven days of the date of this Order, a Declaration outlining the criteria that the Claims Administrator's Office will use to determine whether: (a) a claim is "supported by sufficiently-matched, accrual-basis accounting," as set forth in paragraph 1 of this Order; and (b) the matching of revenues and expenses is or is not an issue with respect to a BEL and IEL claim that falls within paragraphs 2, 3, or 5 of this Order, regardless of whether the claim is supported by accrual or cash-basis accounting records.

The Claims Administrator understands that the Court's injunction was issued in accordance with the Fifth Circuit's opinion and directive in Case No. 13-30315 to enter a "narrowly tailored and potentially brief stay to allow the purposes of the remand to be realized." Slip. Op. No. 13-30315 at 38.

2. In paragraph 1 of its Preliminary Injunction Order, the Court directed the CSSP to continue payment of "claims supported by sufficiently-matched, accrual-basis accounting." Doc. 11697 at ¶ 1. As set forth in my prior Declaration, when a claimant submits accrual-basis financial records in support of its BEL claim, the CSSP does not convert such records to a cash-basis. Doc. 11566 at ¶ 2[1]. The prior Declaration was submitted to address the Fifth Circuit's concern that, though unlikely, a cash-in cash-out interpretation may have been "applied to all claims, including those supported by accrual accounting." Slip. Op. No. 13-30315 at 15. The Fifth Circuit sought assurance that claims submitted with accrual-based financial statements continue to be processed using "the inherently matched revenue and expense figures." Id. at 15-16.

3. There is some dispute as to whether contemporaneously-maintained accrual basis accounting records are, in and of themselves, sufficient (due to their "inherently matched revenue and expense figures"), or whether instead such accrual-basis records must sometimes undergo further "matching". Because Exhibit 4C requires compensation to be calculated based upon monthly profit and loss statements, not annual statements, some "matching" issues still may be present even when a claimant submits contemporaneously-maintained accrual-based monthly financial statements. Accordingly, all BEL claims will be subject to an analysis under

---

[1] In response to the initial Declaration, BP identified 17 instances (of the 19,105 BEL claims processed to either eligibility or denial to date) in which the CSSP appears to have used cash-basis records to calculate claims under Exhibit 4C when accrual basis records also may have been available. An initial review of those 17 instances shows in general that: (a) in several instances, the accrual basis financial statements submitted by the claimants were mislabeled or incomplete; (b) some claimants appear to have changed their business accounting method; and/or (c) some claimants appear to have first submitted (with the GCCF) accrual records, then later submitted cash basis records to the CSSP (N.B. -- while claimants are permitted to convert cash-basis records to accrual basis for claims purposes, they are not permitted to do the converse, i.e., convert accrual basis to cash basis. See Policy No. 464 at II D). In instances when the award exceeded $25,000, however, any of these issues could be raised in the Claims Appeal Process and, in any case when the use of a cash-basis record was erroneous, the calculation could be corrected or reversed through the appeal process.

the criteria set forth in paragraph 4 of this Declaration, whether based upon accrual or cash-basis accounting records.

4. After consultation with and upon the recommendation of the CSSP Accounting Vendors[2], the criteria set forth in this paragraph will be applied to identify BEL claims that may present an issue as to whether they are based on revenues and expenses that are "sufficiently-matched". If the monthly profit and loss statements submitted by a claimant meet any one of the following criteria, then the claim shall be identified for a further matching review as described in paragraph 6 of this Declaration:

(1) negative total revenue[3] is recorded for any month included within the Benchmark Year(s), Compensation Year or 2011;

(2) total revenue[3] recorded in any month included in the Benchmark Year(s), Compensation Year or 2011 exceeds 20% of the claimant's annual revenue for the year which includes that month;

(3) the monthly profit and loss statements or other documentation submitted shows that the claimant's business experienced a period of dormancy during the Benchmark Year(s), Compensation Year or 2011;

(4) total variable expenses when summed up are negative for any month within the Benchmark Year(s) or Compensation Year;

(5) total variable expenses for any month within the Benchmark Year(s) or Compensation Year exceed 25% of the claimant's annual variable expense for the year which includes that month;

---

[2] The Claims Administrator and the CSSP Accounting Vendors also have reviewed and considered the submissions of both the PSC and BP with regard to these issues.

[3] The use of "revenue" in this criteria does not imply that the CSSP takes any position on whether any restating of "revenue" is required by the Settlement Agreement, the Fifth Circuit's Opinion, or the concept of "sufficient matching". Rather, the use of "revenue" is intended only as a readily-available test factor to identify a claim that may require further "matching" review.

  (6) variable margin percentages when compared between any two months included within the Benchmark Year(s) and Compensation Year vary by more than 50 percentage points; or,

  (7) in any given month within the Benchmark Year(s) or Compensation Year, the variance between that month's percentage of annual revenues[3] as compared to that same month's percentage of annual variable expenses exceeds 8 percentage points.

Any claim, whether based on accrual or cash-basis records, that does not fall within one of the foregoing seven criteria shall be presumed to be "sufficiently matched", and proceed to determination and payment, provided, however, that if in the professional judgment of the CSSP Accounting Vendors, a claimant's financial records contain other significant indicia that the claim may not be "sufficiently matched," the CSSP reserves the right to identify such claim for further matching review as set forth in paragraph 6.

  5. The Court's Order further requires the Claims Administrator to identify the criteria that will be applied to determine whether "the matching of revenues and expenses is or is not an issue with respect to a BEL and IEL claim that falls within paragraphs 2, 3 or 5" of the Court's October 18, 2013 Order, regardless of whether the claim is supported by accrual or cash basis accounting records. As to any such claims, after consultation with and upon the recommendation of the CSSP Accounting Vendors, the criteria set forth above in paragraph 4 also will be used to evaluate whether the matching of revenue and expenses is or is not an issue with respect to claims under paragraphs 2, 3 or 5 of the October 18, 2013 Order.

  6. With respect to any claims where matching is determined to be an issue as set forth in paragraph 5 of this Declaration, or where a claim has been identified for further matching review under paragraph 4 of this Declaration, the Accounting Vendors will exercise their professional judgment to determine whether that claim is "sufficiently matched" based upon

4

the review of the information submitted and available to them, including when applicable the nature and complexity of the industry or business in question, particularly with regard to claims based upon cash-basis accounting records. The Claims Administrator and the CSSP will submit any claims that are determined to be "sufficiently matched" to its quality review process. If, after the quality review process, the claim is confirmed to be "sufficiently matched", the claim will then proceed to determination and payment.

7. Finally, it is the understanding of the Claims Administrator that, at present, it is anticipated that the remand process will be concluded by December 2, 2013. Accordingly, the Claims Administrator wishes to advise the Court that the application of the foregoing criteria set forth in this Declaration during this "remand" period likely will result in a relatively small number of BEL claims reaching the determination and eligibility stage of the process, given the level of detailed review that will be required to assess each BEL claim, and all of which may require additional resources. Nonetheless, the CSSP will proceed with the processing of all BEL claims consistent with this Declaration and all Orders of the Court.

Dated: October 25, 2013

Patrick A. Juneau, Claims Administrator