UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179 |
| | SECTION: "J" |
| This Document Applies to: | JUDGE BARBIER |
| | MAG. JUDGE SHUSHAN |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | |

**OBJECTIONS TO MAGISTRATE JUDGE SHUSHAN'S RULINGS ON GLEN LERNER'S MOTIONS TO COMPEL DISCOVERY (REC. DOC. 11729) AND INCORPORATED MEMORANDUM**

Glen J. Lerner objects to and seeks reversal of certain aspects of Magistrate Judge Shushan's Order, dated October 24, 2013 ("Order"), Rec. Doc. 11729, which addresses Lerner's motion for access to the Special Master's investigative record, Rec. Doc. 11619, and the related motion seeking an order permitting employees of the Claim Administrator's Office (CAO) to be deposed or interviewed, Rec. Doc. 11643.[1]  Magistrate Judge Shushan, without explanation, denied Lerner the right to depose or interview employees of the CAO.  Rec. Doc. 11729 at 6. She also held that the Special Master was not required to produce unredacted versions of transcripts or interview memoranda of employees of AndryLerner LLC or the Andry Law Firm on the ground that those employees are "available to the Show Cause parties and exculpatory information can be obtained directly from them."  *Id.*  These rulings are erroneous. The Special Master premised his Report, in part, on the very evidence that Magistrate Judge Shushan has

---

[1] Mr. Lerner appears solely to object to Magistrate Judge Shushan's rulings on Mr. Lerner's motions to complete the discovery the Court afforded in its discovery Order. Rec. Doc. 11442. Mr. Lerner specifically reserves his right to make any and all objections to the Special Master's Report and the Court's discovery Order, including those grounds for dismissal set forth in Federal Rule of Civil Procedure 12(b) and grounds relating to the scope of the Special Master's authority under Rule 53.

ruled Lerner cannot access. This is fundamentally unfair. The Court and the Special Master cannot have access to evidence denied to the subject of the Show Cause Order. Due process, the Rules of Civil Procedure, and this Court's Show Cause Order demand disclosure of these materials. Rec. Doc. 11442.

In addition to denying access to evidence, Magistrate Judge Shushan also has ordered the Special Master to submit large swaths of the investigative record *in camera* for her to "sample" such records and determine what the Special Master must produce. Order at 6-8. Magistrate Judge Shushan's "sampling" approach is fundamentally flawed. A "sampling" of documents cannot adequately inform Magistrate Judge Shushan as to which documents are relevant to Lerner and must be produced. Reading a set of some emails or some witness testimony does not tell the Court anything about whether the un-reviewed documents might contain relevant evidence. A "sampling" approach is rife with the potential for leaving pertinent information undisclosed, because it happens to fall outside of what the Magistrate Judge may have reviewed. The Court should require Magistrate Judge Shushan to review *all* of the witness interview transcripts and memorandum as part of her *in camera* review. With respect to electronic data, Magistrate Judge Shushan should set forth the methodology she intends to use for identifying and reviewing such evidence and permit Lerner and the other Show Cause Parties to be heard on that methodology.

We respectfully ask for expedited consideration of these objections, because the Court has set November 15, 2013, as the response date to the Show Cause Order, and because Magistrate Judge Shushan ordered the Special Master to submit the investigative record for in camera review no later than October 31, 2013; the erroneous "sampling" procedure, therefore, is likely to commence shortly.

2

## **BACKGROUND**

On October 16, 2013, this Court referred to Magistrate Judge Shushan all outstanding motions for discovery filed by the Show Cause Parties, which sought complete access to the Special Master's investigative record and an order directing employees of the CAO to make themselves available for interviews by the Show Cause Parties.[2] Rec. Doc. 11664. The Show Cause Parties requested an expedited hearing and oral argument on their discovery motions, Rec. Doc. 11694; however, on October 23, 2013, Magistrate Judge Shushan issued an order denying the Show Cause Parties' motions for expedited hearing and oral argument and indicated that she would decide the motions on the briefs. Rec. Doc. 11721.

The following day, Magistrate Judge Shushan issued her ruling on the pending motions. Rec. Doc. 11729. In relevant part, the Order requires the Special Master to submit various documents for *in camera* review, after which Magistrate Judge Shushan proposes to "sample" the documents or data to determine whether additional production from the Special Master is required. Magistrate Judge Shushan's order does not describe how she intends to develop a sample of submitted records, the sample size she intends to review or how her analysis of the samples will inform her decision on production of the remaining investigative record. The documents slated for *in camera* review, subject to "sampling," include: (1) the unredacted and redacted transcripts and interview notes for all other persons interviewed in connection with the investigation of Sutton, Reitano, Lerner, Jon Andry, the Andry Firm and the Andry Lerner Firm; (2) any data from the searchable database produced to the Show Cause Parties and the searchable database, which includes data the Special Master received from the CAO related to the

---

[2] The Show Cause Parties sought such an order because counsel for the CAO and its employees represented that he would not make the employees available absent an order of the Court. When the Andry Law Firm subpoenaed one of the CAO employees, counsel for the CAO took the same position, refusing to produce the employee absent an order of the Court. As a result of Magistrate Judge Shushan's Order, described below, the Andry Law Firm did not proceed with the deposition.

investigation, the entire contents of Deepwater Horizon Economic and Real Property Claims Center's ("DHECC") email compliance monitoring system, a listing of phone calls placed by or received by the DHECC's phone system, data and reports from laptops and mobile devices belonging to the CAO and used by Lionel Sutton and Christine Reitano; (3) all redacted documents produced to the Show Cause Parties and unredacted copies of those documents; and (4) all documents assembled during the course of the investigation and the preparation of the Special Master's Report, Record Doc. 11287 (the "Report"), that were not produced to the Show Cause Parties. Magistrate Judge Shushan will determine the documents and/or information to be sampled. *Id.* at 6-8.

Magistrate Judge Shushan denied outright two of the Show Cause Parties' requests. Although Magistrate Judge Shushan ordered the Special Master to produce unredacted transcripts (or interview notes where interviews were not transcribed) of the interviews of the individual Show Cause Parties, she held that the Special Master was <u>not</u> required to produce any unredacted transcripts or interview notes of persons employed by AndryLerner LLC and the Andry Law Firm. Magistrate Judge Shushan reasoned that, because those individuals are available to the Show Cause Parties, any exculpatory information can be obtained directly from them. Order at 6. Magistrate Judge Shushan also denied Lerner's and the Show Cause Parties' request for access and interviews of representatives of the CAO. *Id.* Magistrate Judge Shushan's Order did not explain why she denied the Show Cause Parties the opportunity to interview or depose critical witnesses employed by the CAO, even though the Special Master had full and complete access to them.

## STANDARD OF REVIEW

The Court must consider timely objections to a magistrate judge's order and modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

Objections are timely if filed and served within 14 days after the party is served with the order.

*Id.*

**ARGUMENT**

**I.    THE COURT SHOULD REVERSE MAGISTRATE JUDGE SHUSHAN'S DENIAL OF LERNER'S REQUEST FOR ACCESS TO REPRESENTATIVES OF THE CAO.**

Magistrate Judge Shushan's summary denial of the Show Cause Parties' request for access and interviews of representatives of the CAO is clearly erroneous and must be reversed. There is no legal justification whatsoever, and Magistrate Judge Shushan provided none, to deny access to witnesses who are plainly relevant to Lerner's defense against the Special Master's allegations. Witnesses do not belong to one party or the other. Especially in civil proceedings, a witness who possesses relevant testimony is available to all parties. *See* Fed. R. Civ. P. 30. The Special Master had full access to these witnesses, and he relied on their testimony in drafting his Report and making his recommendations. *See, e.g.*, Report at 23 (referencing statements made by David Odom, the CAO's CEO, Patrick Juneau, the Claims Administrator, and Michael Juneau, the CAO's Special Counsel); *id.* at 37 n.160 (referencing handwritten notes of Michael Juneau); *id.* at 45, n.225 (referencing a memorandum from Michael Juneau to Patrick Juneau regarding Lionel Sutton). Lerner should be afforded the same access as the Special Master to these witnesses, so that he can develop evidence to assist in his defense. Among other issues, Lerner expects that CAO employees will possess relevant evidence that would demonstrate that (i) no AndryLerner claim (including Casey Thonn) was advantaged by payment of the Thonn referral fee to Sutton, (ii) the information that Sutton provided to Lerner about the status of AndryLerner claims was not confidential CAO information, (iii) Sutton and other CAO employees regularly communicated with counsel for claimants about the status of claims and, in fact, were encouraged to do so, and (iv) the multi-layer claims review and processing procedures

5

were not vulnerable to influence by Sutton. Such evidence is critical to rebutting the Special Master's contention that Lerner, Andry, and Sutton "worked together to corrupt [the] settlement process." Report at 85.

Granting Lerner access to CAO witnesses is consistent with relevancy standard set forth in the Federal Rules of Civil Procedure. Parties are permitted discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Moreover, relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* No leave of Court is required to depose a witness, absent circumstances not present here. Fed. R. Civ. P. 30(a)(2).

The fact that CAO employees are operating under the Court's purview does not exempt them from questioning by Lerner and the other Show Cause Parties. The applicable standard is whether a witness has relevant testimony, not his or her employment status. No heightened showing must be made simply because CAO employees are implementing a court-approved and enforced settlement agreement. As the Special Master's Report demonstrates, these employees possess relevant evidence, and Lerner is entitled to obtain it. Magistrate Judge Shushan's ruling to the contrary is in error.

The prejudice suffered by Lerner as a result of Magistrate Judge Shushan's Order is compounded by the Special Master's decision to turn over only redacted portions of CAO employees' interview transcripts and memoranda. Without full access to their prior statements, Lerner is left to guess what the CAO employees would say about matters critical to his defense. Lerner should not be left to speculate about relevant evidence, when the Special Master has recommended stripping him of substantial property rights and has impugned his character and

reputation. Accordingly, the Court should reverse Magistrate Judge Shushan's ruling denying Lerner access and interviews of the representatives of the CAO.

## II. THE COURT SHOULD REVERSE MAGISTRATE JUDGE SHUSHAN'S DENIAL OF LERNER'S REQUEST FOR UNREDACTED TRANSCRIPTS AND INTERVIEW NOTES OF PERSONS EMPLOYED BY THE ANDRY FIRM AND THE ANDRY LERNER FIRM.

The Court should also reverse Magistrate Judge Shushan's ruling denying the Show Cause Parties' request for unredacted transcripts or interview notes of persons employed by the Andry Firm and the Andry Lerner Firm. Magistrate Judge Shushan reasons that, because persons employed by the two firms are "available to the Show Cause Parties and exculpatory information can be obtained directly from them," Order at 6, the Special Master is not required to turn over the requested transcripts and interview notes. However, the fact that the Show Cause Parties might be able to re-create evidence or re-interview witnesses employed by the Andry Law Firm or the Andry Lerner Firm does not exempt those employees' prior statements from disclosure. Lerner is entitled to all relevant portions of the Special Master's investigative record—the facts and statements upon which the Report relies, as well as those that the Special Master was aware of, but chose to disregard. The Court's September 19, 2013, Order is plain on its face: "The Special Master *shall provide* . . . Glen Lerner access to information relevant to portions of the Special Master's Report concerning [him]." Rec. Doc. 11442 at 1 (emphasis added). Access is not the standard for discoverability; relevance is. Magistrate Judge Shushan provides no legal basis for concluding otherwise. The Federal Rules are clear that the range of relevant matters is broad and may be related to the claim or defense of the partying seeking discovery or to the claim or defense of any other party. Fed. R. Civ. P. 26(b)(1). Without access to all "relevant" information in the Special Master's investigative record, Lerner cannot

7

accurately and meaningfully respond to the Special Master's findings and recommendations, as ordered by this Court.

Furthermore, Magistrate Judge Shushan has denied Lerner evidence that is plainly admissible under the Federal Rules of Evidence. *See, e.g.,* Fed. R. Evid. 613. Prior inconsistent statements can be used to impeach a witness, and prior consistent statements, in some circumstances, are admissible. Fed. R. Evid. 901(d)(1). In a civil proceeding, in particular, prior testimony may be admissible in lieu of live testimony depending on the circumstances. Additionally, such prior statements might be needed at an evidentiary hearing to refresh a witness's memory. Fed. R. Evid. 612. The Court cannot deny Lerner access to potentially admissible witness statements simply because Lerner may have access to these declarants.

## III. THE COURT SHOULD PRECLUDE MAGISTRATE JUDGE SHUSHAN FROM ENGAGING IN A "SAMPLING" OF DATA AND DOCUMENTS AS A MEANS OF DETERMINING RELEVANCE.

Finally, although Magistrate Judge Shushan has not made a final determination with respect to whether the Special Master will be required to produce additional documents and information, her method for making such a determination is objectionable and falls short of a statistically sound protocol, which is required in this Circuit. Magistrate Judge Shushan proposes to "sample" interview transcripts, documents, and computer data from the searchable database to determine whether any additional relevant information should be produced. *First*, Magistrate Judge Shushan does not explain how a sampling of a database or documents could reliably ensure that *all* relevant documents are identified and produced to Lerner, as ordered by this Court. For example, the fact that one sampled email communication might not contain relevant information tells the Court nothing about the relevancy of the next communication. Nor does the fact that one sampled witness interview might not contain relevant information provide any information as to whether another witness might possess relevant information. Magistrate

8

Judge Shushan has not laid out any criteria or plan for sampling the documents available to the Special Master.

*Second*, because Magistrate Judge Shushan will determine the electronic data to be sampled, Lerner has no means of determining the robustness of the search criteria and whether the selected criteria are reasonably calculated to identify all relevant documents. In the context of review of claims of attorney-client privilege, the Fifth Circuit has stated that random sampling means "adhering to a statistically sound protocol for examining documents." *Vioxx Prods. Liab. Litig. Steering Comm. v. Merck & Co.*, 2006 WL 1726675, Nos. 06-30378 & 06-30379, *2 n.5 (5th Cir. May 26, 2006); *see also Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Soc'y of the U.S.*, 406 F.3d 867, 879-880 (7th Cir. 2005) (holding that a court must review all of the documents claimed as privileged and cannot rely on a "random sampling" of documents to determine privilege). Here, however, Magistrate Judge Shushan provides no identifiable criteria for sampling, indicating only that she will determine the documents to be sampled. Order at 6-8. Moreover, unlike cases in which a party claims attorney-client privilege, the documents and information requested are not easily cabined into categories that would permit the wholesale determination that an entire category of documents are irrelevant. Such an approach prejudices Lerner and provides him with little means of identifying relevant documents that may not be identified by Magistrate Judge Shushan's proposed sampling.

We request that the Court reverse Magistrate Judge Shushan's order with respect to sampling and order the following:

- Magistrate Judge Shushan must review the entirety of each witness transcript or interview memorandum to determine whether such transcript or interview

contains relevant information to Lerner.   If it does contain relevant information, the entire transcript or interview memorandum should be produced.

- With respect to hard copy documents, Magistrate Judge Shushan must review all documents to determine whether any document contains relevant information to Lerner.  If a document contains some relevant information, the entire document should be produced.

- With respect to electronic data, Magistrate Judge Shushan should disclose how she intends to identify and review such data to identify relevant evidence.  Lerner should have an opportunity to be heard about the sample methodology that Magistrate Judge Shushan proposes.

## IV.    CONCLUSION

For the foregoing reasons, Lerner respectfully requests that the Court reverse Magistrate Judge Shushan's ruling as it relates to access and interviews of CAO representatives and to transcripts and interview notes for employees of the Andry Law Firm and the Andry Lerner Firm.  Additionally, Lerner respectfully requests that the Court order *in camera* review of all interview transcripts and memoranda and hard copy documents submitted to Magistrate Judge Shushan by the Special Master to determine whether additional documents should be produced. As to electronic data, Magistrate Judge Shushan should disclose the methodology she intends to use to identify and review relevant evidence and Lerner should be given an opportunity to be heard on her proposed methodology.

Respectfully submitted,


/s/ *Pauline F. Hardin*
Pauline F. Hardin (La. Bar #6542)

10

Jones Walker LLP
201 St. Charles Avenue
49th Floor
New Orleans, LA 70170
Telephone: (504) 582-8110
Fax: (504) 589-8110
phardin@joneswalker.com

AND

William W. Taylor, III (D.C. Bar #84194)
Amit P. Mehta (D.C. Bar #467231)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036-5802
Telephone: (202) 778-1865
Facsimile: (202) 822-8106
amehta@zuckerman.com

*Attorneys for Glen J. Lerner*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Objections have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this _1st_ day of _November_ , 2013.

/s/ Pauline F. Hardin
Pauline F. Hardin (La. Bar #6542)