**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico on April 20, 2010 | * | SECTION: J |
| | * | |
| This Document Relates to: | * | JUDGE BARBIER |
| | * | |
| Case No. 13-05568, Doc. 1. | * | MAG. JUDGE SHUSHAN |

## ANSWER AND DEFENSES OF
## UNITED STATES ENVIRONMENTAL SERVICES, LLC

The defendant, United States Environmental Services, LLC ("USES"), hereby answers the Complaint [Doc. 1] filed by the plaintiffs, Aubrey Roney ("Mr. Roney"), individually and as personal representative of his minor daughter, Brianna L. Roney, and Amber N. Roney (collectively, "Plaintiffs"), as follows:

## ANSWER

Unless otherwise stated, the paragraphs below correspond to the same paragraphs as numbered in the Complaint. Unless specifically admitted herein, all allegations set forth in the Complaint are expressly denied. USES hereby answers the Complaint's specific allegations as follows:

1.      Paragraph 1 requires no response because it attempts to state legal conclusions. However, to the extent Paragraph 1 requires a response, USES lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 and, therefore, those allegations are denied.

2.      USES lacks information sufficient to form a belief about the truth of the allegations contained in Sub-Paragraphs A-E and G-N of Paragraph 2 and, therefore, those allegations are denied.  With regard to Sub-Paragraph F of Paragraph 2, USES admits that it does business in Louisiana, is licensed to conduct said business in Louisiana, and has a registered agent located in Louisiana.  However, USES denies all remaining allegations contained in Sub-Paragraph F of Paragraph 2.

3.      Denied.

4.      Admitted upon information and belief.

5.      Denied.

6.      USES lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 and, therefore, those allegations are denied.

7.      Denied.

8.      Denied.

9.      USES denies the allegations contained in Paragraph 9 and all of its Sub-Paragraphs.

10.     USES denies the allegations contained in Paragraph 10 and all of its Sub-Paragraphs.

11.     Denied.

12.     Denied.

13.     Paragraph 13 requires no response.  However, to the extent Paragraph 13 requires a response, USES lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and, therefore, those allegations are denied.

14.     Paragraph 14 requires no response.  However, to the extent Paragraph 14 requires a response, USES lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and, therefore, those allegations are denied.

15.     Paragraph 15 requires no response.  However, to the extent Paragraph 15 requires a response, USES lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and, therefore, those allegations are denied.

16.     Paragraph 16 requires no response.  However, to the extent Paragraph 16 requires a response, USES lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and, therefore, those allegations are denied.

17.     Paragraph 17 requires no response.  However, to the extent Paragraph 17 requires a response, USES lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and, therefore, those allegations are denied.

18.     Paragraph 18 requires no response.  However, to the extent Paragraph 18 requires a response, USES lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 and, therefore, those allegations are denied.

19.     Paragraph 19 requires no response.  However, to the extent Paragraph 19 requires a response, USES lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 and, therefore, those allegations are denied.

With regard to the unnumbered paragraph following Paragraph 19 and beginning with the word "WHEREFORE," USES denies that Plaintiff are entitled to judgment, damages, or any other relief against USES in any form or amount whatsoever.

## AFFIRMATIVE DEFENSES

### First Defense

Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, the Complaint fails to state a claim against USES upon which relief can be granted.

### Second Defense

USES denies that Mr. Roney sustained any injuries and/or illnesses about any vessel owned and/or operated by USES.

### Third Defense

USES denies that it employed Mr. Roney at any of the times material to the Complaint.

### Fourth Defense

Recovery is barred because Mr. Roney's alleged injury and/or illness, if any, was caused solely by Mr. Roney's own fault and/or negligence.

### Fifth Defense

Mr. Roney's alleged injury and/or illness, if any, was caused by Mr. Roney's own comparative fault and/or negligence, which serves to proportionately diminish recovery.

### Sixth Defense

Recovery is barred because Mr. Roney's negligence was the intervening or superseding and sole proximate cause of Mr. Roney's alleged injuries and/or illnesses, if any.

**Seventh Defense**

Mr. Roney's alleged injuries and/or illnesses, if any, were caused by an unavoidable accident or incident for which USES cannot be held legally responsible.

**Eighth Defense**

If Mr. Roney sustained any alleged accident, exposure, injury and/or illness aboard any vessel owned or operated by USES, USES avers that Mr. Roney's alleged accident, exposure, injury and/or illness were caused by an Act of God or *force majeure* for which USES cannot be held legally responsible.

**Ninth Defense**

Mr. Roney's alleged injuries and/or illnesses, if any, were caused by other entities or individuals over whom USES has no control and for whom USES cannot be held legally responsible.

**Tenth Defense**

Mr. Roney's alleged injuries and/or illnesses, if any, were not caused or contributed to by any unseaworthiness, fault, neglect, negligence or lack of due care on the part of USES, any vessel owned or operated by USES, the crew members or operator of  any vessel owned or operated by USES, or any persons for whom USES might be legally responsible.

**Eleventh Defense**

Mr. Roney's alleged injuries and/or illnesses, if any, were done, occasioned and occurred without the privity or knowledge of USES, and USES invokes the provisions of 46 U.S.C. §§ 30501-30512, pursuant to which USES is entitled to and claims

exoneration from, or, alternatively, limitation of, its liability to Mr. Roney, to the value of USES's interest in any vessel proven to be owned and/or operated by USES, during the voyage upon which Mr. Roney claims to have sustained his alleged accident, exposure, injuries and/or illnesses, if any, together with pending freight.

## Twelfth Defense

Mr. Roney has failed to comply with his continuing obligation to provide USES with information regarding his medical status, treatment and living expenses. Consequently, should any obligation to pay maintenance, cure or found exist, which is denied, then it is limited by Mr. Roney's failure to comply with his obligation to provide USES with the required information.

## Thirteenth Defense

If Mr. Roney sustained any injury or illness aboard any vessel owned and/or operated by USES or any other vessel, which is denied, Mr. Roney has reached maximum cure.

## Fourteenth Defense

If Mr. Roney sustained any injury and/or illness aboard any vessel owned and/or operated by USES or any other vessel, which is denied, then USES specifically denies responsibility for any medical treatment or medical bills that are determined to be unreasonable, unnecessary, or unrelated to Mr. Roney's alleged accident, exposure, injuries and/or illnesses.  USES further specifically denies responsibility for any medical bills determined to be solely for palliative treatment, as well as any medical bills incurred after the date on which Mr. Roney reaches maximum cure.

## Fifteenth Defense

Mr. Roney has no right to recover for any medical expenses that have already been paid by or on behalf of USES or that may be paid by or on behalf of USES in the future.

## Sixteenth Defense

Mr. Roney has no right to recover for any wages, advances or maintenance payments that have already been paid by or on behalf of USES or that may be paid by or on behalf of USES in the future.

## Seventeenth Defense

If Mr. Roney sustained any accident, exposure, injury and/or illness aboard any vessel owned and/or operated by USES or any other vessel, which is denied, the injuries and/or illnesses of which Mr. Roney now complains and for which Mr. Roney has been treated, if any, were not caused by and are not related to Mr. Roney's alleged accident or exposure, and USES is not responsible.

## Eighteenth Defense

Should it be discovered that Mr. Roney suffered from preexisting medical conditions, then there can be no recovery against USES in connection with those conditions.

## Nineteenth Defense

If Mr. Roney sustained any accident and/or exposure and/or any injury and/or illness aboard any vessel owned and/or operated by USES or any other vessel, should it be determined that Mr. Roney suffered from preexisting injuries and/or illnesses and

failed to disclose these conditions to USES after being extended a conditional offer of employment, this would constitute willful concealment on the part of Mr. Roney and operate as a complete defense to his claim for recovery of maintenance and cure benefits.

## Twentieth Defense

Alternatively, if Mr. Roney sustained any injury and/or illness aboard any vessel owned and/or operated by USES or any other vessel and should any judgment be rendered against USES in this matter, USES is entitled to a credit and/or set off in the amount of any maintenance benefits, compensation benefits, disability benefits, health insurance benefits, advances, wages, over payments, cure benefits, or other similar benefits that have been paid or may in the future be paid by or on behalf of USES to or on behalf of Mr. Roney.

## Twenty-First Defense

If Mr. Roney sustained any accident, exposure, injury and/or illness aboard any vessel owned and/or operated by USES or any other vessel, Mr. Roney has failed to mitigate his alleged damages, which constitutes comparative fault sufficient to bar or diminish his recovery.

## Twenty-Second Defense

Should it be determined by the trier of fact that Mr. Roney had no accident and/or exposure, and/or was not injured and/or did not become ill while aboard any vessel owned and/or operated by USES or any other vessel, then USES specifically claims entitlement to reimbursement of all advances, loans, and wages paid or to be

paid in the future to or on behalf of Mr. Roney in connection with his claim.  USES also specifically claims entitlement to reimbursement of all advances, loans, wages, and maintenance and cure payments made to or on behalf of Mr. Roney after the date on which he reached maximum cure.  Alternatively, USES avers as an affirmative defense that it is entitled to offset all such payments against any judgment that may be rendered in favor of Mr. Roney in this matter.

### Twenty-Third Defense

Mr. Roney's alleged injuries and/or illness were not caused by and are not medically related to Mr. Roney's work aboard any vessel owned and/or operated by USES.

### Twenty-Fourth Defense

In the event it is determined that Mr. Roney was employed by USES, should it be determined that when applying for employment with USES, Mr. Roney omitted, concealed or misrepresented various information regarding his medical history and medical condition and that these omissions, concealments and/or misrepresentations were material to USES' decision to employ Mr. Roney, and should that medical history and/or those medical conditions be found to be causally linked to Mr. Roney's current alleged injuries and/or illnesses, condition and damages, then Mr. Roney would not be entitled to maintenance and cure benefits.  Moreover, in that scenario, Mr. Roney's misrepresentations, omissions and concealments would have violated company policy and would have resulted in termination of Mr. Roney's employment with USES upon discovery.  Accordingly, should it be determined that Mr. Roney's employment with

USES would have been terminated notwithstanding his alleged injuries and/or illness, Mr. Roney would have no claim for past or future wage loss against USES.

### Twenty-Fifth Defense

Should it be determined that Mr. Roney is guilty of willful misconduct, failure to follow medical advice, failure to provide required information to USES, and/or intentional concealment, then any recovery of maintenance and cure benefits is precluded.

### Twenty-Sixth Defense

In the event any vessel owned and/or operated by USES was sold following Mr. Roney's alleged accident, exposure, injury and/or illness, Mr. Roney's alleged employment, if any, with USES would have been terminated in connection with the sale of the vessel, then from that time forward, Mr. Roney would have no claim for past or future wage loss against USES.

### Twenty-Seventh Defense

Should it be determined that Mr. Roney's alleged accident, exposure, injuries and/or illness occurred at a date earlier than that set forth in the Complaint, then USES reserves the right to assert as an affirmative defense that Mr. Roney's claims are barred by the appropriate statue of limitations, prescriptive period, and/or the doctrine of laches.

### Twenty-Eighth Defense

The claims alleged in the Complaint are barred by application of the "primary duty" rule.

**Twenty-Ninth Defense**

Mr. Roney bears the burden of proving that any alleged exposure caused the medical conditions of which he now complains, but will be unable to submit any proof of medical causation that meets the requirement of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786, 509 U.S. 579, 125 L.Ed.2d 469 (1993) and its progeny. Absent admissible evidence of medical causation, Mr. Roney has no right to recover against USES.

**Thirtieth Defense**

Mr. Roney has no claim for maintenance and cure benefits against USES as a matter of law.

**Thirty-First Defense**

Any allegations in Mr. Roney's Complaint that are not expressly admitted herein are hereby denied.

WHEREFORE, United States Environmental, LLC prays that this Answer and Defenses be deemed good and sufficient and that, after due proceedings, there be judgment herein in favor of United States Environmental, LLC, dismissing the Plaintiffs' Complaint with prejudice and at Plaintiffs' cost, and for all other relief as may be deemed equitable and just.

Respectfully submitted,

/s/  *C. Britton Bonner*

C. BRITTON BONNER (#26807)
*Attorney for United States Environmental Services, LLC*

**OF COUNSEL:**
ADAMS AND REESE LLP
11 North Water Street
Suite 23200
Mobile, Alabama 36602
251-433-3234 – Phone
251-438-7733 – Fax
britton.bonner@arlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that, on **November 4th, 2013**, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of this filing to counsel for all parties.

/s/  *C. Britton Bonner*
COUNSEL