**Subject:** BP Oil - Comments to Document updates from Wendy Bloom April 9 & 10, 2012
**Date:** Tue Apr 10 14:21:46 EDT 2012
**From:** "Rice, Joe" <jrice@motleyrice.com>
**To:** <wendy.bloom@kirkland.com>,<rgodfrey@kirkland.com>
**CC:** <calvinfayard@fayardlaw.com>,<sherman@hhkc.com>,"Jim Roy" <jimr@wrightroy.com>,"Elizabeth Cabraser" <ecabraser@lchb.com>,<jeffrey.lennard@snrdenton.com>,"Wallace, Benee" <bwallace@motleyrice.com>,"Rice, Joe" <jrice@motleyrice.com>

This is an update as of 1:30 pm Eastern, Tuesday, April 10th.

I. Causation Requirements For Business Economic Loss Claims:

This document was in the done bucket and is attached to the AIP. Today BP has submitted a new version under Bates #027623 – 027636. The finalized version that is in the AIP is dated March 1, 2012. From a review of the document, the following changes have been requested.

1) On page 27623, I(2), strike ""Commercial Fisherman," or." Joe would agree to this.

2) In II, the proposed change is to strike "loss occurred" and insert "are located." Joe is not agreeable to that change.

3) Footnote #1 at the bottom of the page, the request is to strike "developers" and insert "entities, individuals or claims not included within the Economic Class definition." Joe is not agreeable to this change. The second change in this paragraph is to strike "Causation requirements for these types of business economic loss claims will be presented separately." Joe is agreeable to strike that phrase.

4) On page 027627, under III. Causation Requirements for Zone D, the proposed change is to strike "loss occurred" and insert "are located." Joe is not agreeable to that change.

Those are the only changes I noted on the proposed pages. Please bring to my attend if I missed anything else.

II. Framework for Individual Economic Loss Claims:

The PSC had signed off on the document with the only open issue being the use of economic loss. We proposed in the last draft, which was circulated on April 5th, to just use the term that has been adopted in the drafting of loss earnings income or profit, and that change was proposed on page 7 definition P. That was the only issue of contention between the parties as of April 5th.

Today Wendy has circulated an April 9th, 2012 draft from BP, bearing Bates #027651 – 027702.

These are my responses to her proposed changes:

1) I am disappointed with trying to make significant changes at this late date.

2) In paragraph P on 027657, I will not agree to the insertion of the phrase "from a Claiming Job."

3) On page 027668 in paragraphs 5 and 7, the deletion of the word "Commission" is acceptable.

4) That same change occurs on page 027677, and it is acceptable there as well.

5) On page 027693, the additions to add the Non-Recurring Event Compensation back in for Category 3 in paragraph 5 and 7 are acceptable.

6) On page 027701, the addition to Step 3 is acceptable because it makes the $20,000 still the cap, which was the agreement.

7) On page 027702, the four insertions of the words "from the Claiming Job" are not acceptable.

III. Coastal Real Property Claims and Wetlands:

By April 9th memo Wendy wanted to insert the phrase, "The use of environmental data …" through "… resource damages." Joe has no objection to this inclusion if Calvin, Caroline, and John are okay with it.

IV. Compensation Framework for Vessel Physical Damage Claims:

BP sent a draft of April 9, 2012, bearing Bates 027598 – 027609. These are my comments.

1) I. Eligibility Requirements (ii), strike the words "or pursuant to an insurance policy covering the Eligible Vessel." The reason to strike this is, it is covered by subrogation, if it exists, and if we were going to allow you to claim this collateral source you would still be responsible for the deductibles and would have to write all that in. Since it is covered by subrogation, it doesn't need to be here.

2) Definition C, Physical Damage, add a second sub-paragraph, "ii) Damage to nets, rakes, traps, or other gear used in the harvesting of Seafood." Add to the end of sub-paragraph (i) the word "Or," so it would be (i) Or (ii). The document as now drafted does not include the damage that would have been suffered when nets received heavy doses of oil from bringing stuff up off of the bottom or dragging it through a plume. This leads to point number 3.

3) The scope of the timing of the physical damage should be changed from April 2010 to December 2011. With that change to 2011 that date has to be changed in the claim form in question 1, and then in the Documentation Requirements in question 2, and on the Verification in the lead-in paragraph.

**Joseph F. Rice**  | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
**o.** 843.216.9159 | **f.** 843.216.9290 | jrice@motleyrice.com

*dictated but not read*