IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | ' | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | ' | |
| GULF OF MEXICO, on APRIL 20, 2010 | ' | SECTION: J |
| | ' | |
| | ' | |
| This document relates to: | ' | |
| *Joshua Kritzer, et al v. Transocean, Ltd., et al* | ' | |
| (No. 2:10-cv-04427) | ' | JUDGE BARBIER |
| | ' | MAG. JUDGE SHUSHAN |

## Plaintiff Rhonda Burkeen's Memorandum in Support of Her Motion to Remand, or in the Alternative, Motion for Suggestion of Remand to the <u>Transferor Court</u>

The Court should remand this case because:

1. Burkeen is asserting a Jones Act wrongful death claim.  It is axiomatic that Jones Act cases cannot be removed to federal court;

2. Despite extensive work by Burkeen and private mediators for the past fifteen months, BP has refused to make an offer to resolve the case;

3. Transocean has chosen to terminate Ms. Burkeen's death benefits.  As a result, the Burkeen family is severely prejudiced by any further delay; and

4. No further discovery or proceedings in the MDL will relate to Burkeen's wrongful death claim since the Phase 1 trial is complete. Therefore, in the alternative, Burkeen ask that the case be transferred back to the originating federal court.

## I.

## <u>Facts</u>

Aaron "Dale" Burkeen worked for Transocean for 10 years.  He was happily married to Rhonda Burkeen and they had a son together.  Dale also helped raise his daughter from a prior relationship.  April 20, 2010 would have been Rhonda and Dale's eighth wedding anniversary.  Tragically, Dale was killed in the *Deepwater*

*Horizon* explosion that day.  Rhonda and Dale's children can take some comfort knowing that Dale died a hero.  After the first explosion, instead of evacuating, Dale stayed to cradle the crane so it would not pose a danger to his fellow crew members as they rushed to the rig's life boats.  After securing the crane, he tried to avoid the flames and escape the doomed rig via a staircase.  Unfortunately, Burkeen caught fire as he tried to escape, and eventually the second blast threw him from the staircase to a lower level of the rig.

As a result of this tragedy, Rhonda filed a Jones Act wrongful death suit on behalf of herself and her and Dale's children.  She filed the case in Texas state court. Every named defendant is a Texas citizen.  Her case was improperly removed to federal court on the basis of OCSLA jurisdiction.  But, even if OCSLA jurisdiction were present (which Burkeen does not concede), the Jones Act made removal improper.

Burkeen filed her first Motion to Remand in May 2010.  However, the JPML transferred her case to MDL-2179 before the federal court in Texas ruled on the motion.  In December 2010, with the case now in Louisiana, Burkeen filed her second Motion to Remand pursuant to Pretrial Order #5.  Dkt. #914.  The Court issued Pretrial Order #5 so motions like Burkeen's could "receive consideration from the Court . . . as [motions filed before a case was transferred to the MDL] do not currently appear on the Court's MDL docket."  *See* Pretrial Order #5.  More than three years have passed since Dale Burkeen was killed.  In that time, much has happened:

- BP pled guilty to manslaughter of Burkeen;

- Burkeen has made several attempts to reach a settlement agreement, but BP has failed to make *any* settlement offer instead choosing to point fingers at Transocean;

- Instead of making a good faith effort to settle Burkeen's case, BP went on a public relations blitz against the victims of the Deepwater Horizon and this Court claiming it was being victimized by the settlement process;

- Transocean, in an attempt to gain negotiating leverage, has decided to cut off Burkeen's death benefits at the end of the October; and

- The Phase 1 trial has been completed.

If the Court remands this case, Burkeen can complete the process of holding the responsible parties accountable for her husband's death.  Burkeen respectfully submits that doing so will not cause any disruption in the Court's ability to manage MDL-2179.  The Phase I trial (which focused on who was responsible explosion) has already been held.  No more discovery is being conducted on issues related to Bundle A claims and all pretrial proceedings that would be relevant to Burkeen's claim have been completed.  As such, remand is both logical and appropriate.  Alternatively, the Court should file a suggestion of remand to the transferor court

## II.

### The Court Should Remand Burkeen's Case to State Court

"It is axiomatic that Jones Act suits may not be removed from state court." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).  This is true even when the Jones Act claim is joined with an OCSLA claim.  *Lockhart v. Applied Coating Services, Inc.*, 2005 WL 1574208 at *5 (E.D.La. June 24, 2005) (remanding case where the plaintiff alleged he was a Jones Act seaman and alternatively pleaded

that OCSLA applied); *McInnis v. Parker Drilling Co.*, 2002 WL 461660 at *4 (E.D.La. March 21, 2001) ("Thus, assuming that plaintiff's petition states a claim under both the Jones Act and under OCSLA, the two are not separate and independent and, therefore, the case cannot be removed under § 1441(c)."); *Rybolt v. Laborde Marine Lift*, 2001 WL 263119 at *2 (E.D.La. March 14, 2001) (remanding case brought by seaman against OCSLA defendant and a Jones Act employer because "Plaintiff chose to bring his Jones Act claims in state court and his related claims [against the OCSLA defendant] are not removable under § 1441(c).").

Here, Burkeen's claim is brought pursuant to the Jones Act.  Ex. A at ¶ 1 ("This claim is maintained under the Jones Act."); *See also id.* at ¶¶ 2, 3 (invoking Texas' Jones Act venue statute), 27 (alleging that Burkeen was seaman, borrowed or otherwise, employed by Transocean[1] and BP), and 33.  Consequently, removal was improper and the Court should remand this case.

## III.

## Alternatively, the Court Should File a Suggestion of Remand to the Transferor Court

Burkeen's case was transferred to MDL-2179 pursuant to 28 U.S.C. § 1407 for "coordinated or consolidated pretrial proceedings."  Ex. B; *See also* 28 U.S.C. § 1407(a).[2]  Section 1407 "imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings.'"

---

[1] Burkeen filed her state court petition before Transocean filed its Limitation of Liability case.  As such, Transocean was a proper defendant.  The Jones Act claim asserted against it (and BP) barred removal to federal court.

[2] The Transferor Judge was the Honorable Sim Lake.  The case was pending in the Southern District of Texas.  The style of the case was *Joshua Kritzer, et al v. Transocean, Ltd., et al*, C.A. 4:10-CV-01854.

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1988); *In re Vioxx Products Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) ("[I]t is clear that the court cannot try these cases, but rather must remand them to the transferor forum when pretrial discovery is complete."). Before asking the JPML to remand a case, it is customary to seek a suggestion of remand from the Transferee Court.

Here, there can be no dispute that pretrial proceedings are complete. The Court presided over Phase I of the Limitation case. No additional pretrial proceedings are contemplated for Bundle A cases like Burkeen's. Despite extensive efforts by Burkeen to try to settle her case, BP has failed to offer a single dime. This is despite the fact that it pleaded guilty to his manslaughter and has publicly committed to paying all "legitimate" claims. It is difficult to imagine a claim more legitimate than one brought by a widow whose husband was killed as result of BP's admitted manslaughter. Further, Transocean cut off Mrs. Burkeen's death benefits in October 2013. The Court should file a suggestion of remand.

## IV.

## <u>Conclusion</u>

Burkeen respectfully requests this Court to remand Burkeen's case to state court. Alternatively, Burkeen requests that the Court file a suggestion of remand to the transferor court.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B Arnold*

_____

Kurt B. Arnold
State Bar No. 24036150
6009 Memorial Drive
Houston, Texas 77007
Telephone:     (713) 222-3800
Facsimile:      (713) 222-3850

**ATTORNEYS FOR BURKEEN**

**OF COUNSEL:**

Jason Itkin
State Bar No. 24032461
Cory Itkin
State Bar No. 24050808
6009 Memorial Drive
Houston, Texas 77007
Telephone:     (713) 222-3800
Facsimile:      (713) 222-3850

**<u>Certificate of Service</u>**

    I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure on this 7th day of November, 2013.

*/s/ Kurt B Arnold*

_____

Kurt B. Arnold