# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | * | MDL 02179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| Applies to: 2:12-CV-02004-CJB-SS | * | |
| | * | MAG. JUDGE SHUSHAN |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
## ON BEHALF OF
## SWS ENVIRONMENTAL SERVICES
## f/k/a EAGLE-SWS, INC.
## a/k/a PROGRESSIVE ENVIRONMENTAL SERVICES, INC.

SWS ENVIRONMENTAL SERVICES f/k/a EAGLE-SWS, INC. a/k/a PROGRESSIVE

ENVIRONMENTAL SERVICES, INC. (hereinafter sometimes referred to as "SWS"), through

undersigned counsel, for its responsive pleadings to the allegations set forth against it by plaintiff

SERGIO VALDIVIESO in the above captioned matter, respectfully avers as follows:

### RESPONSIVE PLEADINGS

### FIRST DEFENSE

Plaintiff, Sergio Valdivieso, fails to state a claim or cause of action against SWS in which

relief can be granted.

### SECOND DEFENSE

**AND NOW**, for its specific responses to the claims made against it by Sergio Valdivieso in

the Amended Complaint, SWS avers as follows:

1.

In response to the description of the PARTIES set forth in section I of the Amended Complaint, SWS admits to its description set forth in paragraph 8.

2.

SWS denies the allegations to the extent they pertain to it set forth in paragraphs 10 and 11 under Part II of the Amended Complaint for lack of sufficient information upon which to justify a belief therein.

3.

SWS denies the allegations set forth in paragraph 12 under section III of the Amended Complaint to the extent it is contended that SWS owned, operated, or chartered the referenced 24' fiberglass fishing boat involved in plaintiff's alleged accident.

4.

In response to the allegations against it contained in paragraph 13 under section IV of the Amended Complaint, SWS denies that plaintiff was employed by it and on the contrary, plaintiff was the direct payroll employee of defendant, Southern Cat, that plaintiff was not a borrowed or other special employee of SWS and that in any event he was not at any time a Jones Act seaman and member of the crew of any vessel for purposes of the Jones Act or General Maritime Law.

5.

SWS denies the allegations set forth in paragraphs 14 and 15 under sections V and VI respectfully as written. SWS further denies that it has any liability to plaintiff under the Jones Act, for unseaworthiness of any vessel and under the general maritime law. SWS denies that it owned, operated, manned, or chartered any vessel associated with plaintiff's employment or claim.

6.

Defendant denies the allegation set forth against it in paragraphs 16 and 17 under section VII of the Amended Complaint and further contends that SWS has no duty to provide claimant with maintenance or cure.

7.

The allegations set forth in paragraph 18 under section VIII of the Amended Complaint to do not pertain to this defendant, but to the extent required denies such allegations for lack of sufficient information upon which to justify a belief therein.

8.

SWS denies the allegations set forth in paragraph 19 under section IX of the Amended Complaint to the extent these pertain to SWS.  SWS had no duty to train plaintiff or protect him from work hazards.

9.

Defendant SWS denies that it is liable for punitive or exemplary damages or that it commented any negligence or gross negligence towards plaintiff and all allegations set forth by plaintiff in paragraph 20 under section X of the Amended Complaint.

10.

SWS denies plaintiff's allegations set forth in paragraphs 21-26 under section XI of the Amended Complaint.

11.

SWS denies plaintiff's allegations set forth in paragraphs 27 and 28 under section XII of the Amended Complaint.

12.

SWS joins plaintiff in demanding a trial by jury.

13.

TO THE EXTENT ANY FUTHER RESPONSE IS REQUIRED TO THE
ALLEGATIONS BY PLAINTIFF IN THE WHEREFORE paragraph in the Amended Complaint,
all of the allegations within it are denied by SWS.

### THIRD DEFENSE

### AFFIRMATIVE DEFENSES ASSERTED BY SWS

AND NOW IN FURTHER RESPONSE to the Amended Complaint, SWS avers the
following Affirmative Defenses:

Discovery and further investigation may reveal that one or more of the following defenses
are available to SWS and accordingly, it asserts the following Affirmative Defenses in order to
preserve the right to assert them and to pursue them at trial. Upon completion of discovery, should
the facts so warrant, SWS will modify or withdraw any or all of the following Affirmative Defenses
as may be appropriate.

14.

SWS contends that plaintiff does not qualify as a seaman for purposes of the Jones Act or
General Maritime Law. He was at all pertinent times a temporary land-based oil spill cleanup
worker with no significant attachment or relationship in terms of duration or work duties to any
particular vessel or fleet of vessels. Furthermore, this defendant did not own or charter any
particular vessel or fleet of vessels involved in the operations and events underway at the time of the
alleged incidents or exposures upon which plaintiff's contentions are based. Therefore, plaintiff is
not entitled to recover against this defendant under the Jones Act for employer negligence, nor

under the General Maritime Law for unseaworthiness or otherwise and is not entitled to maintenance and cure from this defendant.

15.

Separate and apart from any other defenses averred herein, SWS avers that Sergio Valdivieso's sole remedy is that provided under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 901, *et seq.*, or alternatively, the Louisiana State Workers' Compensation Statute.

16.

IN FURTHER RESPONDING, SWS avers that in the event plaintiff should be determined to be a seaman, which is specifically denied, then SWS denies that it was negligent, at fault, or that it has breached any duty owed to plaintiff in any manner which could have caused or contributed to any accident or damages sustained by plaintiff. Defendant specifically pleads contributory and/or comparative negligence or fault on the part of plaintiff as a defense, which operate to bar or diminish recovery by plaintiff, respectively, as the facts may justify.

17.

IN FURTHER RESPONDING, in the event that plaintiff is determined to be a seaman, which is specifically denied, SWS avers that plaintiff's alleged condition has reached the point of maximum medical cure, thereby terminating his right to maintenance and cure payments. Furthermore, defendant avers that because plaintiff continued working with his employer or employers, none of whom where SWS, after the incidents upon which this claim is based, he was not entitled to maintenance or cure, independent of the status dispute.

18.

SWS further avers that any damages that may have been incurred by plaintiff that did not result from his own contributory and/or comparative negligence or fault, resulted from the

negligence, fault, careless and/or inattention to duty by other parties or entities for which this defendant is not legally responsible.

19.

SWS further avers that Sergio Valdivieso's exposure incidents, injuries, and damages, if any, occurred as the result of the voluntary exposure of plaintiff to the normal hazards of his occupation and position as rigger for SWS and/or the inherent risks of such employment and that plaintiff himself was in the best position to avoid any accident, and through the reasonable and prudent performance of his work duties, could have done so.

20.

IN FURTHER RESPONDING, SWS avers that plaintiff's damages, if any, the liability of which are specifically and express denied by this defendant were caused by plaintiff's own failure to perform a duty imposed on him by his employment, which plaintiff himself created or allowed to exist, and consciously assumed such duty as the terms of his employment provided, and knowingly violated such duties, which failure acts as a complete legal bar, or in the alternative, as a mitigating factor to any recovery by the plaintiff for damages herein.

21.

SWS reserves the right to file supplemental and amending responsive pleadings, third party petitions, or cross-claims as may be appropriate pursuant to discovery and further investigation.

WHEREFORE, SWS ENVIRONMENTAL SERVICES f/k/a EAGLE-SWS, INC. a/k/a PROGRESSIVE ENVIRONMENTAL SERVICES, INC. prays that its answer and responsive pleadings be deemed good and sufficient and that after due proceedings are had, that there be judgment herein in favor of defendant and against plaintiff, and if the case proceeds to trial that appropriate issues in dispute be determined by a jury and after all proceedings are completed,

dismissing the complaint and all claims within it with prejudice at plaintiff's costs and for all other

general and equitable relief as the law, equity, and the nature of this cause may require and permit.

Respectfully submitted,

JUGE, NAPOLITANO, GUILBEAU,
RULI & FRIEMAN

BY:   s/ *Joseph B. Guilbeau*

JOSEPH B. GUILBEAU #14326
3320 West Esplanade Avenue North
Metairie, Louisiana 70002
Telephone: 504-831-7270
Fax: 504-831-7284
E-Mail: jguilbeau@wcdefense.com
**Attorneys for SWS Environmental Services
f/k/a Eagle-SWS, INC.
a/k/a Progressive Environmental Services, Inc.
as Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer To Plaintiff's Amended Complaint On Behalf Of SWS Environmental Services f/k/a Eagle-SWS, INC. a/k/a Progressive Environmental Services, Inc. has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2013.

/s/Joseph B. Guilbeau
Joseph B. Guilbeau