UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179<br><br>SECTION: "J" |
| This Document Applies to:<br><br>No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**MEMORANDUM OF LAW IN SUPPORT OF JON ANDRY, GLENN J. LERNER, AND ANDRYLERNER, LLC'S MOTION TO EXPEDITE OBJECTIONS TO, AND MOTION TO AMEND, THE ORDER GRANTING THE SPECIAL MASTER ADDITIONAL POWERS**

Jon Andry, Glen J. Lerner, and AndryLerner, LLC ("collectively "The AndryLerner Interests") respectfully ask this Court to expedite consideration of their Objections to, and Motion to Amend, the Order Granting the Special Master Additional Powers ("Objections"). Expedited consideration of their Objections is needed to provide relief to AndryLerner's clients, who have hundreds of legitimate, unpaid claims pending before the Court Supervised Settlement Program ("CSSP"), as well as to address the dire financial and professional circumstances that AndryLerner finds itself in as a result of the Special Master's embargo on the processing and payment of its clients' claims. The AndryLerner Interests also ask the Court for a hearing on their Objections.

AndryLerner's clients have done nothing wrong – indeed, the Claims Administrator's internal investigation found nearly every one of AndryLerner's clients' claims, both paid and pending, to be "in order." Rec. Doc. 10774-5 at 2-3. Yet, these claims are not being processed or paid because the Special Master has exceeded the scope of his authority. As described in the

Objections, the Special Master is undertaking a review of each and every AndryLerner client claim pending before the CSSP. *See* Objections at 2-3, 8-10. The Special Master has not identified the criteria that he is using to review these claims, and he has made unreasonable and burdensome demands of AndryLerner before agreeing to authorize payments. *Id.* As a result, not a single AndryLerner client claim has been paid since the Court's September 6, 2013, Order was issued. Immediate action from the Court is necessary to enable AndryLerner's clients to receive the compensation to which they are entitled.

Expedited consideration is further requested from the Court to enable AndryLerner to meet its professional and financial obligations. As described in the Objections, *id.* at 2-3, because claims are not being paid to AndryLerner clients, AndryLerner is not receiving its reasonable attorney's fees. The lack of revenue is making its increasingly difficult for AndryLerner to meet its obligations to its employees and vendors. In other words, the Special Master's embargo is harming not only AndryLerner's clients, but its employees and vendors, as well, who rely on timely payments of, among other things, salary, benefits, and fees by AndryLerner. Furthermore, AndryLerner's dire financial situation threatens AndryLerner's ability to represent its clients before the CSSP. AndryLerner risks losing its employees and vendors, who are critical to client representation, unless it receives attorney's fees to meet its obligations. Immediate relief for AndryLerner is essential to ensuring that the firm can continue to provide legal services to its clients.

Finally, expedited review is required to address the Special Master's present authority to reply to The AndryLerner Interests' responses to the Show Cause Order. The Court has ordered responses to be filed by November 15, 2013. According to the September 6th Order, the Special Master may file a reply two weeks thereafter. Rec. Doc. 11288. As we have argued in the

Objections, *see* Objections at 11-13, the Court should make clear before November 15, 2013, that the Special Master's filing of replies is impermissible under Rule 53.

For the foregoing reasons, The AndryLerner Interests respectfully request that the Court grant their Motion to Expedite. The AndryLerner Interests also request to be heard on their Objections at a date and time set by the Court.

Respectfully submitted,

/s/ *Lewis O. Unglesby*
Lewis O. Unglesby (#12498)
Lance C. Unglesby (#29690)
Unglesby Law Firm
246 Napoleon Avenue
Baton Rouge, LA 70802
Telephone: (225) 387-0120
Facsimile: (225) 336-4355

*Attorney for Jon Andry*

/s/ *Douglas S. Draper*
Douglas S. Draper (La. Bar #5073)
Heller, Draper, Patrick & Horn, LLC
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3333
Fax: (504) 299-3399
ddraper@hellerdraper.com

*Attorney for AndryLerner, LLC*

/s/ *Pauline F. Hardin*
Pauline F. Hardin (La. Bar #6542)
James E. Wright, III (La. Bar #13700)
Virginia W. Gundlach (La. Bar #18493)
Jones Walker LLP
201 St. Charles Avenue
49th Floor
New Orleans, LA 70170
Telephone: (504) 582-8110
Fax: (504) 589-8110
phardin@joneswalker.com
jwright@joneswalker.com
ggundlach@joneswalker.com

AND

William W. Taylor, III (D.C. Bar #84194)
Amit P. Mehta (D.C. Bar #467231)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036-5802
Telephone: (202) 778-1865
Facsimile: (202) 822-8106
wtaylor@zuckerman.com
amehta@zuckerman.com

*Attorneys for Glen J. Lerner*

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 8th day of November, 2013.

/s/ *Pauline F. Hardin*
Pauline F. Hardin (La. Bar #6542)