# EX. B



**UNGLESBY LAW FIRM**
TRIAL ATTORNEYS

Lewis O. Unglesby ♦
Barrett D. Burkart, Jr.
Lance C. Unglesby
Logan H. Greenberg

September 27, 2013

Patrick Juneau, Esquire
Juneau David
1018 Harding Street, Suite 202
Lafayette, LA 70505

*Via Email Only*

*patjuneau@deepwaterhorizonclaims.com*

Re:   *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*

Dear Pat:

On behalf of AndryLerner, I request that that the Claims Administrator's Office (CAO) make payment to the AndryLerner clients whose claims have been finalized and are in line to be paid. It is unfair that these AndryLerner's clients, who have engaged in no wrongdoing, must wait for their claims to be paid until the Show Cause Order proceedings are concluded. We propose that payments be processed and made to these AndryLerner clients in the following fashion:

1) AndryLerner shall present in writing to the CAO the fees due on each claim. AndryLerner also will disclose any referral attorneys on these claims and the percentage of their referral fee, where applicable.

2) Upon payment of the claim, the fees due to AndryLerner (and the referring attorney) shall be withheld from payment to the client and held in escrow at your office pending resolution of the Show Cause Order proceedings.

3) AndryLerner shall be permitted to present to the CAO for payment any attendant costs of claims, such as forensic accounting or postage, federal express, which will be approved and paid.

4) Checks to the clients, less the attorney fees and costs, shall be cut and mailed or picked up by me and sent to the clients. Once I receive the checks and send out proof of delivery, I will certify by affidavit submitted to you that this has been done.

246 Napoleon Street
Baton Rouge, Louisiana 70802
(225) 387-0120   fax (225) 336-4355
unglesbylaw.com
Offices in Baton Rouge and New Orleans, LA

♦ Board Certified–Criminal Trial Law: National Board of Trial Advocacy
Board Certified–Civil Trial Law: National Board of Trial Advocacy
American Board of Trial Advocates
Litigation Counsel of America

Patrick A. Juneau, Esquire
September 27, 2013
Page 2

The point of the above is to ensure that the firm's clients are not penalized or prejudiced by Show Cause Order proceedings. To the extent there is a controversy over AndryLerner's fees, those fees will be safeguarded in escrow until this is resolved.

This procedure is agreed to by AndryLerner, Glenn Lerner, and John Andry only to facilitate payment to their clients and in no way represents any acquiescence by them that their fees are not due and owed.

We also wish to notify you that AndryLerner intends to communicate the following to its remaining clients by letter or posting, or both, through their website the following:

> "The AndryLerner Firm, John Andry, and Glenn Lerner are all committed to the prompt and correct resolution of the claim you filed. They are working to have your claims processed in the regular course of business. As soon as this matter is resolved, you will be advised. In the meantime, we are hopeful that your claim will not be delayed or held up beyond the normal expected review process."

Thank you as always for your consideration.

Sincerely,

Lewis O. Unglesby

LOU/llw

# EX. C

Dear Mr. Unglesby:

Thank you for taking the time to meet with me last Thursday with Mr. Juneau. I write this brief note to summarize our proposal from that meeting.

As we discussed, we have reviewed the numerous filings by the Andry Lerner firm to lift the stay on processing of their client's claims. We also reviewed your letter of September 27, 2013, on this topic. Pursuant to our July 2, 2013 and September 6, 2013 mandates, we have been working with the CAO and the Court to resolve any open issues so that proper claims are promptly paid. For claims that are ready for payment (and any future claims that are cleared for payment), we suggested the following procedure:

a) Andry Lerner will present written referral agreements for its DHECC cases where there is a referral agreement.

b) Andry Lerner will present its fee agreements for all forensic accounting firms for DHECC cases.

c) The referring attorneys and forensic accountants will agree to speak with Special Master representative to respond to any questions the Special Master may have on non-privileged issues.

d) Upon payment of any claim, the fees due Andry Lerner (and the referring attorney) shall be withheld from payment to the client and held in escrow at the CAO pending resolution of the Show Cause Order proceedings.

e) Appropriate costs can be presented by Andry Lerner to the CAO for payment.

f) Checks to the clients, less the attorney fees and costs, shall be cut and mailed or picked up by you and sent to the Andry Lerner clients. You will certify that this process has been completed.

g) The Special Master does not object to the Andry Lerner law firm communicating to its clients as follows:

"The Andry Lerner firm, John Andry, and Glen Lerner are all committed to the prompt and correct resolution of the claim you filed. They are working to have your claims processed in the regular course of business. As soon as this matter is resolved, you will be advised. In the meantime, we are hopeful that your claim will not be delayed or held up beyond the normal expected review process."

At our meeting, you had said that you would prepare a list of referring attorneys and provide that list to me, along with any agreements. You said you would call these attorneys to let them know that our staff would be calling, and I had no objection to you making that communication. Please let me know if you still agree with this procedure.

We look forward to working with you so that claims that are ready for payment can be paid promptly.

Regards,

Greg

# EX. D

**From:** Greg Paw [mailto:paw@freehgroup.com]
**Sent:** Wednesday, October 23, 2013 2:51 PM
**To:** Lisa Westmoland; jcobb@alsfirm.com
**Cc:** Patrick Juneau
**Subject:** Andry Lerner Claims

Dear Sirs --

We have been discussing a procedure for payment of certain Andry Lerner claims for several weeks, without resolution. We need to reach an agreement on this so that claimants entitled to payment are not harmed. I have two proposals that I make to you, and I ask you to let me know how we can move forward as soon as you can.

I have gone back to Mr. Unglesby original proposal of September 27, 2013, a copy of which I attach. We will accept this proposal as written -- no changes -- and the entire attorney fee portion of any claim will be held in escrow until the Court decided the Show Cause order, as Mr. Unglesby proposed at that time.

The alternative is as I proposed on October 8, 2013, a copy of which also is attached. The referring attorney would agree to meet with us for a brief interview not touching on any attorney client issue. The portion of the attorney fee for the referring attorney (along with the claimant) would then be released. The Andry Lerner share of the fee would be held in escrow.

I respectfully ask you to provide us your view on these proposals as promptly as you can. I hope we can resolve this issue promptly.

Regards,

Greg



# UNGLESBY
# LAW FIRM
TRIAL ATTORNEYS

Lewis O. Unglesby ♦
Barrett D. Burkart, Jr.
Lance C. Unglesby
Logan H. Greenberg

September 27, 2013

Patrick Juneau, Esquire
Juneau David
1018 Harding Street, Suite 202
Lafayette, LA 70505

*Via Email Only*

*patjuneau@deepwaterhorizonclaims.com*

Re:  *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*

Dear Pat:

On behalf of AndryLerner, I request that that the Claims Administrator's Office (CAO) make payment to the AndryLerner clients whose claims have been finalized and are in line to be paid. It is unfair that these AndryLerner's clients, who have engaged in no wrongdoing, must wait for their claims to be paid until the Show Cause Order proceedings are concluded. We propose that payments be processed and made to these AndryLerner clients in the following fashion:

1) AndryLerner shall present in writing to the CAO the fees due on each claim. AndryLerner also will disclose any referral attorneys on these claims and the percentage of their referral fee, where applicable.

2) Upon payment of the claim, the fees due to AndryLerner (and the referring attorney) shall be withheld from payment to the client and held in escrow at your office pending resolution of the Show Cause Order proceedings.

3) AndryLerner shall be permitted to present to the CAO for payment any attendant costs of claims, such as forensic accounting or postage, federal express, which will be approved and paid.

4) Checks to the clients, less the attorney fees and costs, shall be cut and mailed or picked up by me and sent to the clients. Once I receive the checks and send out proof of delivery, I will certify by affidavit submitted to you that this has been done.

246 Napoleon Street
Baton Rouge, Louisiana 70802
(225) 387-0120  fax (225) 336-4355
unglesbylaw.com
Offices in Baton Rouge and New Orleans, LA

♦ Board Certified--Criminal Trial Law: National Board of Trial Advocacy
Board Certified--Civil Trial Law: National Board of Trial Advocacy
American Board of Trial Advocates
Litigation Counsel of America

Patrick A. Juneau, Esquire
September 27, 2013
Page 2

The point of the above is to ensure that the firm's clients are not penalized or prejudiced by Show Cause Order proceedings. To the extent there is a controversy over AndryLerner's fees, those fees will be safeguarded in escrow until this is resolved.

This procedure is agreed to by AndryLerner, Glenn Lerner, and John Andry only to facilitate payment to their clients and in no way represents any acquiescence by them that their fees are not due and owed.

We also wish to notify you that AndryLerner intends to communicate the following to its remaining clients by letter or posting, or both, through their website the following:

> "The AndryLerner Firm, John Andry, and Glenn Lerner are all committed to the prompt and correct resolution of the claim you filed. They are working to have your claims processed in the regular course of business. As soon as this matter is resolved, you will be advised. In the meantime, we are hopeful that your claim will not be delayed or held up beyond the normal expected review process."

Thank you as always for your consideration.

Sincerely,

Lewis O. Unglesby

LOU/llw

Dear Mr. Unglesby:

Thank you for taking the time to meet with me last Thursday with Mr. Juneau. I write this brief note to summarize our proposal from that meeting.

As we discussed, we have reviewed the numerous filings by the Andry Lerner firm to lift the stay on processing of their client's claims. We also reviewed your letter of September 27, 2013, on this topic. Pursuant to our July 2, 2013 and September 6, 2013 mandates, we have been working with the CAO and the Court to resolve any open issues so that proper claims are promptly paid. For claims that are ready for payment (and any future claims that are cleared for payment), we suggested the following procedure:

a) Andry Lerner will present written referral agreements for its DHECC cases where there is a referral agreement.

b) Andry Lerner will present its fee agreements for all forensic accounting firms for DHECC cases.

c) The referring attorneys and forensic accountants will agree to speak with Special Master representative to respond to any questions the Special Master may have on non-privileged issues.

d) Upon payment of any claim, the fees due Andry Lerner (and the referring attorney) shall be withheld from payment to the client and held in escrow at the CAO pending resolution of the Show Cause Order proceedings.

e) Appropriate costs can be presented by Andry Lerner to the CAO for payment.

f) Checks to the clients, less the attorney fees and costs, shall be cut and mailed or picked up by you and sent to the Andry Lerner clients. You will certify that this process has been completed.

g) The Special Master does not object to the Andry Lerner law firm communicating to its clients as follows:

"The Andry Lerner firm, John Andry, and Glen Lerner are all committed to the prompt and correct resolution of the claim you filed. They are working to have your claims processed in the regular course of business. As soon as this matter is resolved, you will be advised. In the meantime, we are hopeful that your claim will not be delayed or held up beyond the normal expected review process."

At our meeting, you had said that you would prepare a list of referring attorneys and provide that list to me, along with any agreements. You said you would call these attorneys to let them know that our staff would be calling, and I had no objection to you making that communication. Please let me know if you still agree with this procedure.

We look forward to working with you so that claims that are ready for payment can be paid promptly.

Regards,

Greg

# EX. E

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
 2

 3    *******************************************************

 4    IN RE:  OIL SPILL BY THE
      OIL RIG DEEPWATER HORIZON
 5    IN THE GULF OF MEXICO ON
      APRIL 20, 2010
 6                              CIVIL ACTION NO. 10-MD-2179 "J"
                                NEW ORLEANS, LOUISIANA
 7                              WEDNESDAY, JULY 31, 2013, 1:00 P.M.

 8    THIS RELATES TO ALL CASES

 9    *******************************************************

10
              SWORN STATEMENT OF GLEN LERNER, ESQUIRE
11         TAKEN BEFORE THE HONORABLE LOUIS J. FREEH
                          SPECIAL MASTER
12

13    APPEARANCES:

14
                                LOUIS J. FREEH, SPECIAL MASTER
15                              MATTHEW DOLAN, ESQUIRE

16
                                JONES WALKER
17                              PAULINE F. HARDIN, ESQUIRE
                                JAMES E. WRIGHT, III, ESQUIRE
18                              201 ST. CHARLES AVENUE
                                NEW ORLEANS LA  70170
19

20
      OFFICIAL COURT REPORTER:  CATHY PEPPER, CRR, RMR, CCR
21                              CERTIFIED REALTIME REPORTER
                                REGISTERED MERIT REPORTER
22                              500 POYDRAS STREET, ROOM HB406
                                NEW ORLEANS, LA  70130
23                              (504) 589-7779
                                Cathy_Pepper@laed.uscourts.gov
24
      PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
25    PRODUCED BY COMPUTER.
```

CONFIDENTIAL

SM-03-GL00425

```
                    P-R-O-C-E-E-D-I-N-G-S
                    WEDNESDAY, JULY 31, 2013
```

01:03PM    MR. FREEH: Good afternoon. My name is Louis Freeh and Mr. Matt Dolan is my partner here, so we are conducting an interview pursuant to my appointment by Judge Barbier as Special Master to look at certain aspects of the BP claims administration.

01:03PM    You are appearing here voluntarily today as a witness in the company of your two attorneys. I would just ask your attorneys to state for the record -- obviously you represent Glen Lerner individually. Do you represent any other parties of interest in this matter?

01:03PM    MS. HARDIN: No, we do not.

01:03PM    MR. WRIGHT: That's correct.

01:03PM    MR. FREEH: Thank you very much.

01:03PM    Mr. Lerner, I'm working as a special master, which is an appointment by the Court, so I'm functioning as a quasi-judicial official in the interview. So in a moment I'm going to place you under oath, and before I do that, I just want to make it clear to you, I'm sure your attorneys have, that all of my questions are asked in my capacity as Special Master and that you're expected, obviously, to give complete truthful answers to the best of your knowledge and

CONFIDENTIAL

SM-03-GL00427

# EX. F

13-3123; 13-3088
*Ligon, et al. v. City of New York, et al.; Floyd, et al. v. City of New York, et al.*

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand thirteen.

Present:
> John M. Walker, Jr.,
> José A. Cabranes,
> Barrington D. Parker,
>> *Circuit Judges.*

---

Jaenean Ligon, et al.,

> *Plaintiffs-Appellees.*

v.                                                                                                    13-3123
City of New York, et al.,                                                        (Corrected)

> *Defendants-Appellants,*

---

David Floyd, et al.,

> *Plaintiffs-Appellees.*

v.                                                                                                    13-3088
City of New York, et al.,

> *Defendants-Appellants,*

---

Pending before the Court is a motion filed by Appellants City of New York et al. seeking a stay of the District Court's August 12, 2013 remedial order and preliminary injunction ("Remedies Opinion").

It is hereby ORDERED that the District Court's January 8, 2013 "Opinion and Order," as well as the August 12, 2013 "Liability Opinion" and "Remedies Opinion," each of which may or will have the effect of causing actions to be taken by defendants or designees of the District Court, or causing restraints against actions that otherwise would be taken by defendants, are STAYED pending the disposition of these appeals.

The appeal by defendants in both (consolidated) actions shall continue in the normal course, under the following schedule:

Defendants shall perfect their appeals by January 24, 2014.

Plaintiffs shall file by February 28, 2014.

Defendants shall reply by March 14, 2014.

Oral argument shall be heard on a date after March 14, 2014, to be set by the Court in due course.

The cause is REMANDED to the District Court for the sole purpose of implementation of this Order, and the mandate shall otherwise remain with this Court until the completion of the appeals process.

Upon review of the record in these cases, we conclude that the District Judge ran afoul of the Code of Conduct for United States Judges, Canon 2 ("A judge should avoid impropriety and the appearance of impropriety in all activities."); *see also* Canon 3(C)(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ."), and that the appearance of impartiality surrounding this litigation was compromised by the District Judge's improper application of the Court's "related case rule," *see* Transfer of Related Cases, S.D.N.Y. & E.D.N.Y. Local Rule 13(a),[1] and by a series of media

---

[1] In a proceeding on December 21, 2007 involving the parties in *Daniels v. City of New York*, No. 99 Civ. 1695 (S.D.N.Y. filed Mar. 8, 1999), the District Judge stated, "[I]f you got proof of inappropriate racial profiling in a good constitutional case, why don't you bring a lawsuit? You can certainly mark it as related." She also stated, "[W]hat I am trying to say, I am sure I am going to get in trouble for saying it, for $65 you can bring that lawsuit." She concluded the proceeding by noting, "And as I said before, I would accept it as a related case, which the plaintiff has the power to designate." Two of the attorney groups working on behalf of plaintiffs in *Daniels*, a case

interviews and public statements purporting to respond publicly to criticism of the District Court.[2]

Accordingly, we conclude that, in the interest, and appearance, of fair and impartial administration of justice, UPON REMAND, these cases shall be assigned to a different District Judge, chosen randomly under the established practices of the District Court for the Southern District of New York. This newly-designated District Judge shall implement this Court's mandate staying all proceedings and otherwise await further action by the Court of Appeals on the merits of the ongoing appeals.

In taking these actions, we intimate no view on the substance or merits of the pending appeals, which have yet to be fully briefed and argued.

The mandate shall ISSUE FORTHWITH for the sole purpose of implementation of this Order and shall otherwise remain in this Court.

In the interest of judicial economy, any question, application, or further appeal regarding the scope of this Order or its implementation shall be directed to this panel, which will hear the case on the merits in due course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

challenging the New York Police Department's stop-and-frisk practices, helped file *Floyd* the next month. *See generally* Joseph Goldstein, *A Court Rule Directs Cases Over Friskings to One Judge*, N.Y. Times, May 5, 2013.

[2] *See, e.g.*, Mark Hamblett, *Stop-and-Frisk Judge Relishes her Independence*, N.Y. Law Journal, May 5, 2013; Larry Neumeister, *NY "Frisk" Judge Calls Criticism "Below-the-Belt,"* The Associated Press, May 19, 2013; Jeffrey Toobin, *A Judge Takes on Stop-and-Frisk*, The New Yorker, May 27, 2013.