UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-970 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

## DECLARATION OF STEPHEN J. HERMAN

I, Stephen J. Herman, respectfully declare, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

1. I am licensed to practice law in the State of Louisiana, the United States District Court for the Eastern District of Louisiana, the U.S. Fifth Circuit Court of Appeals, and the U.S. Supreme Court.

2. James Parkerson Roy and I were appointed by the Court to serve as Co-Liaison Counsel for Plaintiffs in MDL No. 2179 and Co-Lead Class Counsel for the Economic & Property Damages Settlement Class.

3. I have previously submitted a Declaration dated July 23, 2012 [Doc 7104-5], a Declaration dated April 1, 2013 [Doc 9087-3], and a Declaration dated November 5, 2013 [Doc 11804-1], which are respectfully incorporated by reference herein.

4. This Declaration is submitted in response to any implication that the PSC insisted upon a class settlement.[1]

---

[1] See GODFREY DECLARATION (Nov. 7, 2013) [Doc 11818-2], pp.3-4, ¶¶ 7, 9; BLOOM DECLARATION (Nov. 7, 2013) [Doc 11818-1] p.3, ¶10.

5. While I believe, as stated in my July 2012 Declaration and for all of the reasons that have been submitted by Class Counsel both to the District Court and to the Court of Appeals, that the Economic & Property Damages Class Settlement fully complies with all of the requirements of both Rule 23(b)(3) and Rule 23(e) – and while it is true that the PSC always insisted that any settlement would have to be applied objectively, transparently, and consistently, by an independent administrator appointed by and subject to the supervision of the Court – I, speaking for the PSC, communicated at the outset a strong desire for a voluntary contractual settlement program, as the PSC was unwilling to enter into a settlement that would be delayed pending and conditioned upon formal and final approval under Rule 23.[2]

6. Mr. Lennard, speaking for BP, responded that BP was unwilling to enter into a settlement that did not offer BP the potential opportunity to obtain a broad and binding class-wide release.

7. The Parties therefore agreed to a settlement that would include both components. The Parties would seek full and final approval under Rule 23. In the meantime, and at the same time, a Settlement Program and Trust would be established to accept, process and pay the claims of eligible Claimants under an Individual Release.[3] In the event that formal and final approval under Rule 23 were rejected by either the District Court, the Court of Appeals, or the Supreme Court, the Settlement Program and Trust would continue to process and pay all claims that had been submitted.[4]

8. I also disagree with the implication that the Settlement Agreement, as interpreted and applied by the District Court and the Claims Administrator, has treated or would treat "two jet ski rental shops just down the beach from each other" in materially different

---

[2] I believe that this discussion took place in Chicago on October 17th or 18th of 2011. Also present was Elizabeth Cabraser for the PSC.

[3] *See, e.g.,* SETTLEMENT AGREEMENT, Section 4 (establishing the *Deepwater Horizon* Court Supervised Settlement Program, a Transition Program, and a Process for Making Claims); Section 5.12 (establishment of a Settlement Trust); Section 21.2 (severability clause); Section 26.1 (regarding the binding effect of the Agreement on the Parties); and Exhibit 26 (Individual Release).

[4] *See* SETTLEMENT AGREEMENT, Section 21.3.

ways.[5]  The Settlement Program would apply the same common, objective and transparent frameworks to both businesses, based on their Contemporaneous business records.  It is my general understanding and would be my expectation, incidentally, that two businesses of the same size and the same nature would typically tend to keep their books under a similar accounting methodology.  (BP's complaints, as I understand them, focus on groups of similar businesses – *e.g.,* construction, agricultural or professional services – who all generally tend to keep their books under the same type of accounting methodology.)  Further, it was agreed that the Settlement Program would maximize the Compensation Amount of each and both Claimants or Classmembers under Section 4.3.8.

Signed, under penalty of perjury, this 11th day of November, 2013, in New Orleans, Louisiana.

_____
Stephen J. Herman

---

[5] BLOOM DECLARATION (Nov. 7, 2013) [Doc 11818-1] p.3, ¶10; *see also, e.g.,* GODFREY DECLARATION (Nov. 7, 2013) [Doc 11818-2], p.3, ¶7; SIDER DECLARATION (Nov. 7, 2013) [Doc 11818-3] p.4, ¶11.