# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION J |
| This document relates to: All Cases and No. 12-970 | * * * | HONORABLE CARL J. BARBIER |
| | * * | MAGISTRATE JUDGE SHUSHAN |
| | * | |

**REBUTTAL DECLARATION OF ANDREW T. KARRON**

I, Andrew T. Karron, do hereby declare that the following statements made by me under oath are true and accurate to the best of my knowledge and belief:

1. I am a partner in the law firm of Arnold & Porter LLP, resident in the firm's Washington, D.C. office. I am counsel for BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") in the above-captioned case. I personally and directly participated in negotiating the Economic and Property Damages Settlement Agreement, as amended (the "Settlement Agreement"), which received final approval from the Hon. Carl J. Barbier of the United States District Court for the Eastern District of Louisiana (the "District Court") on December 21, 2012 (Rec. Doc. 8138, 8139). I previously submitted two declarations in this matter on March 20, 2013. I am over the age of 18 and have personal knowledge of the facts set forth in this declaration.

2. I submit this declaration pursuant to the Court's October 25, 2013 Scheduling Order. This declaration concerns discussions relating to the matter at issue before the execution of the final amended Settlement Agreement on May 2, 2013, and responds to matters discussed

in the declarations of Stephen Herman (Rec. Doc. 11804-1) and Rhon Jones (Rec. Doc. 11804-26).

3. Section 4.4.13.4 of the Settlement Agreement as originally executed and filed on April 18, 2012 (Rec. Doc. 6276-1) provided as follows:

> Retained professionals must sign and attest they have submitted information in compliance with generally accepted accounting principles applied on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.

4. On or about April 24, 2012, I spoke with Plaintiffs' Steering Committee ("PSC") counsel Joe Rice. Mr. Rice stated that he had heard from accounting firms working with claimants that the accountants could not sign the attestation required under Section 4.4.13.4. He stated that the accountants had explained that, under applicable professional accounting standards, "attest" is a term of art meaning that an accountant has performed an audit of the financial statements. Mr. Rice said that, because the expectation was not that the accountants would be conducting formal audits, the PSC wanted to modify the certification language of Section 4.4.13.4 to a form that the accountants could sign consistent with their professional standards. Otherwise, he said, the Section 4.4.13 provisions of the Settlement Agreement providing for reimbursement for Claimant Accounting Support would be practically ineffective.

5. Thereafter, PSC counsel and counsel for BP (collectively, the "Parties") exchanged emails on April 24, 2012 setting forth proposed revisions of Section 4.4.13.4. True and correct copies of those emails are set forth in Exhibits A and B to this Declaration.

6. As reflected in the email attached as Exhibit A, I stated to PSC Counsel Brian Barr that:

> Our understanding is that the accountants' concern is with attesting to compliance with any accounting standard in an unaudited submission. Accordingly, to ensure that we fully resolve the issue

- 2 -

while getting the assurance we all sought that financial information is submitted in good faith in a manner that makes year to year comparisons possible, we propose to edit the current language as follows:

… 4.4.13.4. Retained professionals must sign and attest they have submitted information on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.

7. The email, Exhibit A, reflects that Mr. Barr responded that:

As I understand the issue from the CPAs that have called, they don't believe they can sign any statement that requires them to "attest." Attest is a term of art in the CPA world that requires them to audit material to ensure that the underlying financial documents are accurate. They wouldn't be able to rely on the monthly P&Ls but would have to perform an audit to ensure they are correct. The word attest implies that the professional has performed either an audit or review engagement and is providing some varying degree of assurance (depending on the type of engagement) that the information being attested to is correct. Since the work in this instance does not involve the performance of an audit or review of the client data they are not able to attest to the information being submitted.

8. Mr. Rice also sent an email, attached as Exhibit B, stating:

Do not think we can leave attest in can we change to this: .Retained professionals must verify that to the best of their knowledge [sic] They have submitted the information provided to them by the claimant on a consistent basis And have not ignored the implications.....

9. After further email correspondence set forth in Exhibit B, the Parties agreed to revised language for Section 4.4.13.4. On May 2, the Parties re-executed the Settlement Agreement, which included the revised Section 4.4.13.4. As set forth in the Memorandum In Support Of Joint Supplemental Motion Related To The Economic And Property Damages Settlement (Rec. Doc. 6414-2), the Parties explained that:

The parties have also made minor modifications to the Settlement Agreement itself, as indicated in Exhibits D and E. For example, the Amendment revises and clarifies Section 4.4.13.4 of the

Agreement governing the representations that must be made by retained accounting professionals for whose services claimants seek reimbursement pursuant to Section 4.4.13 of the Agreement. The revised language eliminates any requirement for an attestation regarding compliance with generally accepted accounting principles, which could have been construed under certain professional standards governing accountants to impose requirements that the Parties did not intend. The revised language more precisely reflects the verification that is required.

10. The final language of Section 4.4.13.4 in the Settlement Agreement as amended and approved by the Court on December 21, 2012 (Rec. Doc. 6430-1), reads as follows:

Retained professionals must verify that to the best of their knowledge they have submitted information provided to them by the claimant on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.

11. As set forth above, my recollection of the basis and purpose of the amendment to Section 4.4.13.4 of the Settlement Agreement was to address the issue of the professional responsibility rules governing accountants who would be assisting claimants in submitting claims under the Settlement. In particular, it was intended to eliminate any requirement that the accountant attest as to whether unaudited financial statements complied with any particular accounting standard because, absent an audit, the accountants could not attest to compliance consistent with their applicable professional standards. At the same time, it was intended to preserve a requirement that the accountants employ a consistent basis of accounting and not submit information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate, so that there could be some assurance against falsified or otherwise inaccurate data.

12. The change in language did not result from any concern on BP's part that an aspect of the process was "unduly burdensome and expensive," *see* Herman Decl. ¶ 20, but rather for other reasons including, as reflected in Mr. Barr's email, that accountants had told the PSC that they could not "attest" to compliance with generally accepted accounting principles

without performing an accounting review or audit. *See* Ex. A. The change in language did not reflect any statement by BP regarding how expenses and revenues were to be treated for purposes of calculating compensation.

13. To my knowledge, in discussing the amendment of Section 4.4.13.4 regarding the verification required of accountants for claimants seeking reimbursement for accounting services provided in support of a claim, at no time did counsel for the Parties discuss the separate and distinct issue of how accountants for the Court Supervised Settlement Program were to review and use the submitted data in evaluating claims consistent with the requirements of the Settlement Agreement.

I make this declaration under penalties of perjury pursuant to 28 U.S.C. § 1746, and I state that the facts set forth herein are true to the best of my knowledge, belief, and information.

Executed this 12th day of November, 2013 in Washington, D.C.

*Andrew T. Karron*
Andrew T. Karron

# Exhibit A

# Karron, Andrew T.

| | |
|---|---|
| **From:** | James Roy [JIMR@wrightroy.com] |
| **Sent:** | Tuesday, April 24, 2012 5:30 PM |
| **To:** | Brian Barr |
| **Cc:** | Karron, Andrew T.; Steve Herman; richard.godfrey@kirkland.com; jeffrey.lennard@snrdenton.com; Joe Rice; Rhon Jones |
| **Subject:** | Re: BP Oil - Accounting Standards |

Seems fair. Jim

Sent from my iPhone

James P. Roy
Jimr@wrightroy.com
337-278-7892

On Apr 24, 2012, at 4:28 PM, "Brian Barr" <BBarr@levinlaw.com> wrote:

> Andy:
>
> As I understand the issue from the CPAs that have called, they don't believe they can sign any statement that requires them to "attest." Attest is a term of art in the CPA world that requires them to audit material to ensure that the underlying financial documents are accurate. They wouldn't be able to rely on the monthly P&Ls but would have to perform an audit to ensure they are correct. The word attest implies that the professional has performed either an audit or review engagement and is providing some varying degree of assurance (depending on the type of engagement) that the information being attested to is correct. Since the work in this instance does not involve the performance of an audit or review of the client data they are not able to attest to the information being submitted.
>
> Suggested language below:
>
> Retained professionals must sign a statement that they have not ignored the implications of information known to be untrue, incomplete, inconsistent or inaccurate.
>
>
> **From:** Karron, Andrew T. [mailto:Andrew.Karron@APORTER.COM]
> **Sent:** Tuesday, April 24, 2012 2:45 PM
> **To:** Brian Barr; Steve Herman
> **Cc:** richard.godfrey@kirkland.com; jeffrey.lennard@snrdenton.com; James Roy; Joe Rice; Rhon Jones
> **Subject:** RE: BP Oil - Accounting Standards
>
> Steve, Brian et al.:
>
> Thanks for your suggestions. Our understanding is that the accountants' concern is with attesting to compliance with any accounting standard in an unaudited submission. Accordingly, to ensure that we fully resolve the issue while getting the assurance we all sought that financial information is submitted in good faith in a manner that makes year to year comparisons possible, we propose to edit the current language as follows:
>
>> 4.4.13.4.    Retained professionals must sign and attest they have submitted information ~~in compliance with generally accepted accounting principles~~

1

~~applied~~ on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.

Or, in clean version:

> 4.4.13.4.    Retained professionals must sign and attest they have submitted information on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.

Please let me know if this is acceptable.    Thanks.



**Andrew T. Karron**
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Tel.:   202-942-5335
Fax:    202-942-5999
Cell:   301-237-6221
Andrew_Karron@aporter.com
www.arnoldporter.com

**From:** Brian Barr [mailto:BBarr@levinlaw.com]
**Sent:** Tuesday, April 24, 2012 3:13 PM
**To:** Steve Herman; Karron, Andrew T.
**Cc:** richard.godfrey@kirkland.com; jeffrey.lennard@snrdenton.com; James Roy; Joe Rice; Rhon Jones
**Subject:** RE: BP Oil - Accounting Standards

For clarification, the first iteration below is the current wording. The proposed changes are the 2d or 3d version.

**From:** Steve Herman [mailto:SHERMAN@hhkc.com]
**Sent:** Tuesday, April 24, 2012 1:59 PM
**To:** Karron, Andrew T.
**Cc:** 'richard.godfrey@kirkland.com'; jeffrey.lennard@snrdenton.com; James Roy; 'Joe Rice'; Brian Barr; 'Rhon Jones'
**Subject:** BP Oil - Accounting Standards

PRIVILEGED AND CONFIDENTIAL
SETTLEMENT COMMUNICATION

See below.

**From:** Brian Barr [mailto:BBarr@levinlaw.com]
**Sent:** Tuesday, April 24, 2012 1:46 PM

*Below is a proposed change:*

2

**4.4.13.4. Retained professionals must sign and attest they have submitted information in compliance with generally accepted accounting principles applied on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.**
*OR*
**4.4.13.4. Retained professionals must sign and demonstrate they have submitted information in compliance with generally accepted accounting principles or other comprehensive basis of accounting (e.g. income tax basis) applied on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.**
*OR*
**4.4.13.4. Retained professionals must sign and demonstrate they have evaluated the information and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.**

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

---

U S Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting marketing or recommending to another party any tax-related matter addressed herein.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

---

For more information about Arnold & Porter LLP, click here.
http://www.arnoldporter.com

3

# Exhibit B

**Karron, Andrew T.**

| | |
|---|---|
| **From:** | Karron, Andrew T. |
| **Sent:** | Tuesday, April 24, 2012 6:51 PM |
| **To:** | Rice, Joe |
| **Cc:** | Brian Barr; Steve Herman; richard.godfrey@kirkland.com; jeffrey.lennard@snrdenton.com; James Roy; Rhon Jones |
| **Subject:** | RE: BP Oil - Accounting Standards |

So it would read like this, right?

> 4.4.13.4.     Retained professionals must verify that to the best of their knowledge they have submitted the information provided to them by the claimant on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.


**Andrew T. Karron**
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Tel.:  202-942-5335
Fax:   202-942-5999
Cell:  301-237-6221
Andrew_Karron@aporter.com
www.arnoldporter.com

**From:** Rice, Joe [mailto:jrice@motleyrice.com]
**Sent:** Tuesday, April 24, 2012 5:47 PM
**To:** Karron, Andrew T.
**Cc:** Brian Barr; Steve Herman; richard.godfrey@kirkland.com; jeffrey.lennard@snrdenton.com; James Roy; Rhon Jones
**Subject:** Re: BP Oil - Accounting Standards


Do not think we can leave attest in can we change to this:
.Retained professionals must verify that to the best of their knowledge They have submitted the information provided to them by the claimant on a consistent basis
And have not ignored the implications.....




Sent from my iPad

1

On Apr 24, 2012, at 2:44 PM, "Karron, Andrew T." <Andrew.Karron@APORTER.COM> wrote:

> Steve, Brian et al.:
>
> Thanks for your suggestions. Our understanding is that the accountants' concern is with attesting to compliance with any accounting standard in an unaudited submission. Accordingly, to ensure that we fully resolve the issue while getting the assurance we all sought that financial information is submitted in good faith in a manner that makes year to year comparisons possible, we propose to edit the current language as follows:
>
>> 4.4.13.4.   Retained professionals must sign and attest they have submitted information ~~in compliance with generally accepted accounting principles applied~~ on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.
>
> Or, in clean version:
>
>> 4.4.13.4.   Retained professionals must sign and attest they have submitted information on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.
>
> Please let me know if this is acceptable.   Thanks.
>
> **Andrew T. Karron**
>
> Arnold & Porter LLP
>
> 555 Twelfth Street, NW

2

Washington, DC 20004-1206

Tel.: 202-942-5335

Fax: 202-942-5999

Cell: 301-237-6221

Andrew_Karron@aporter.com

www.arnoldporter.com

**From:** Brian Barr [mailto:BBarr@levinlaw.com]
**Sent:** Tuesday, April 24, 2012 3:13 PM
**To:** Steve Herman; Karron, Andrew T.
**Cc:** richard.godfrey@kirkland.com; jeffrey.lennard@snrdenton.com; James Roy; Joe Rice; Rhon Jones
**Subject:** RE: BP Oil - Accounting Standards

For clarification, the first iteration below is the current wording. The proposed changes are the 2d or 3d version.

**From:** Steve Herman [mailto:SHERMAN@hhkc.com]
**Sent:** Tuesday, April 24, 2012 1:59 PM
**To:** Karron, Andrew T.
**Cc:** 'richard.godfrey@kirkland.com'; jeffrey.lennard@snrdenton.com; James Roy; 'Joe Rice'; Brian Barr; 'Rhon Jones'
**Subject:** BP Oil - Accounting Standards

PRIVILEGED AND CONFIDENTIAL

SETTLEMENT COMMUNICATION

See below.

**From:** Brian Barr [mailto:BBarr@levinlaw.com]
**Sent:** Tuesday, April 24, 2012 1:46 PM

3

*Below is a proposed change:*

**4.4.13.4. Retained professionals must sign and attest they have submitted information in compliance with generally accepted accounting principles applied on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.**

*OR*

**4.4.13.4. Retained professionals must sign and demonstrate they have submitted information in compliance with generally accepted accounting principles or other comprehensive basis of accounting (e.g. income tax basis) applied on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.**

*OR*

**4.4.13.4. Retained professionals must sign and demonstrate they have evaluated the information and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate.**

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

U S Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer

For more information about Arnold & Porter LLP, click here .
http://www.arnoldporter.com

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.