UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>This Document Applies to:<br><br>No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | MDL 2179<br><br>SECTION: "J"<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF GLEN LERNER'S MOTION TO JOIN JONATHAN ANDRY'S REQUEST FOR STATUS CONFERENCE TO ESTABLISH PROCEDURES**

Glen J. Lerner joins in Jonathan Andry's Request for Status Conference to Establish Procedures for Adjudication of Charges, Rec. Doc. 11842, and respectfully asks this Court to convene the status hearing requested by Mr. Andry and, at that time, to take the views of counsel as to further proceedings in this matter. We believe, however, that setting procedures for an evidentiary hearing is not the only matter for resolution at such a conference. Mr. Lerner's Response and Objections to the Court's September 6, 2013, Order to Show Cause, Rec. Doc. 11288 (hereafter "Order"), will set forth in detail the legal reasons why the Court should dismiss the Order without an evidentiary hearing. In brief, we will demonstrate that the Court has no jurisdiction over Mr. Lerner and therefore no authority to sanction him and that, even if it did, there is no basis in the doctrine of "unclean hands" or any other legal rule for imposing the kind of draconian punishment that the Special Master has recommended. We will demonstrate further

that the Court should dismiss the Order because it has no support in the facts gathered by the Special Master. If the Court determines not to dismiss the Order and to adjudicate a contested factual proceeding, the respondents will be entitled to the full panoply of due process rights and procedures which Mr. Andry outlines.

We earnestly request, however, that the Court entertain a status hearing in this matter now because the parties have raised serious and meritorious legal objections to the process which is under way, including the denial of access to the investigative record, participation by the Special Master as a prosecutor, and the Special Master's unnecessary interference in the claims adjudication and payment process. Rec. Docs. 11619, 11773, 11830.

We recognize that the Court recently observed, apparently based upon communications from the Special Master of which we are not aware, that discussions are under way between AndryLerner, LLC and the Special Master concerning claims processing. Rec. Doc. 11837. We respectfully submit that those discussions could hardly be described as productive.

We respectfully request the Court to convene the status hearing requested by Mr. Andry and, at that time, to take the views of counsel as to further proceedings in this matter.

Respectfully submitted,

/s/ Pauline F. Hardin
Pauline F. Hardin (La. Bar #6542)
James E. Wright, III (La. Bar #13700)
Virginia W. Gundlach (La. Bar #18493)
**JONES WALKER LLP**
201 St. Charles Ave. – 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8110
Fax: (504) 589-8110
phardin@joneswalker.com
jwright@joneswalker.com
ggundlach@joneswalker.com

AND

William W. Taylor, III (D.C. Bar #84194)
Amit P. Mehta (D.C. Bar #467231)
**ZUCKERMAN SPAEDER LLP**
1800 M. Street, NW – Suite 1000
Washington, D.C. 20036-5807
Telephone: (202) 778-1800
Fax: (202) 822-8106
wtaylor@zuckerman.com
amehta@zuckerman.com
*Attorneys for Glen J. Lerner*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 14th day of November, 2013.

/s/ Pauline F. Hardin
Pauline F. Hardin