IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * | MDL NO. 2179 SECTION: "J" |
| This document relates to No. 12-970 | * | Honorable Carl J. Barbier |
| * * * | | Magistrate Judge Shushan |

# MEMORANDUM IN SUPPORT OF
# MOTION TO REVIEW, AND/OR OBJECTIONS TO,
# MAGISTRATE JUDGE SHUSHAN'S RULINGS ON
# THE ANDRY LAW FIRM'S MOTIONS FOR PRODUCTION

**MAY IT PLEASE THE COURT:**

Magistrate Judge Shushan, without citation or explanation: (1) denied The Andry Law Firm the right to depose or interview employees of the CAO, Rec. Doc. 11729 at 6; (2) denied The Andry Law Firm the right to unredacted transcripts or interview memoranda of employees of AndryLerner LLC or The Andry Law Firm; and (3) created a protocol whereby the Magistrate Judge would only "sample" documents produced for in camera inspection, and then would decide what documents would be produced to The Andry Law Firm at a future date uncertain. The Andry Law Firm objects to these rulings as they are erroneous and prejudice The Andry Law Firm in these proceedings.

For the purposes of judicial economy only,[2] The Andry Law Firm adopts the reasons and

---

[2] The Andry Law Firm notes that the Andry Law Firm is, and always has been, only a claimant in this litigation, and has never represented a claimant. AndryLerner, LLC is, and always has been, a firm representing claimants in this litigation, and has never been a claimant. The two firms should not be conflated as they were in the *Freeh Report*. The Andry Law Firm has two members, Gilbert V. Andry, IV and Jonathan B. Andry, and was founded in 2000. The Andry Law Firm properly filed a claim in this litigation in the summer of 2012 after its CPA, David Kushner of Kushner LaGraize, L.L.C., suggested that The Andry Law Firm may have a claim based upon the parameters of the BP master settlement agreement. However, neither Gibby Andry nor The Andry Law Firm represented any clients

4

jurisprudence cited in the *Objections to Magistrate Judge Shushan's Rulings On Glen Lerner's Motions To Compel Discovery (Rec. Doc. 11729) And Incorporated Memorandum*, Rec. Doc. 11773.3. The Andry Law Firm further posits that the Order violates fundamental fairness, due process, the Federal Rules of Civil Procedure, and this Court's Show Cause Order, Rec. Doc. 11442.

The Andry Law Firm further specifically objects to Magistrate Judge Shushan's summary denial of the Show Cause Parties' request for access to and interviews of representatives of the CAO. As pointed out by Mr. Lerner, Magistrate Judge Shushan provided no legal justification for preventing access to witnesses who are clearly relevant to the defense of all Show Cause Parties' against the Special Master's allegations. These witnesses will further establish the spotless hands of The Andry Law Firm in contravention to the innuendo of the *Freeh Report*. Rules 26 and 30 of the Federal Rules of Civil Procedure, as well as the dictates of fairness and due process, require permitting the Show Cause Parties access to these witnesses. The Andry Law Firm notes that prior to the issuance of the Order, The Andry Law Firm had issued a Notice of Deposition of Mark D. Staley, an accountant who handled the claim of The Andry Law Firm. Mr. Staley's testimony is certainly relevant to the proceedings as only he can testify as to whether he was unduly influenced by anyone in any way regarding his professional evaluation of The Andry Law Firm claim, an evaluation which was eventually upheld on appeal and is now due and owing.[3]

---

in this litigation. Rather, Jonathan Andry chose to represent claimants through forming The Andry Law Group and later, Andry Lerner, LLC.

[3] The Andry Law Firm, LLC filed its claim *pro se* in August of 2012. The accounting firm of Kushner LaGraize, L.L.C. independently determined the claim to be $7,908,460.75. On March 20, 2013, the DHECC issued an Eligibility Notice, finding that The Andry Law Firm was entitled to an award in the amount of $7,648,722.34. The DHECC accounting experts, which included the accounting firms of Postlethwaite & Netterville and

5

The Andry Law Firm further submits that this Court should reverse Magistrate Judge Shushan's denial of the request for unredacted transcripts and interview notes of persons employed by The Andry Law Firm and the AndryLerner Firm. Specifically, this Court should reverse Magistrate Judge Shushan's limitation on production of those transcripts to "exculpatory" information is improper. As stated by Mr. Lerner, parties to civil proceedings are permitted discovery regarding any non-privileged matter that is reasonably calculated to lead to evidence relevant to any party's claim or defense—regardless of whether such material is exculpatory or not. Fed. R. Civ. P. 26(b)(1). This is not a criminal, or even *quasi*-criminal proceeding, and thus the Federal Rules of Civil Procedure govern disclosure in this case. The material requested is clearly relevant pursuant to Rule 26(b)(1). As the Special Master's report clearly shows, the employees of The Andry Law Firm and the AndryLerner firm possess relevant evidence that The Andry Law Firm and all other Show Cause Parties are entitled to obtain. Although The Andry Law Firm has access to certain of these individuals, certainly they cannot be expected to recite their testimony and/or prior statements verbatim. The wording and context of those statements may be crucial to The Andry Law Firm's defense and should be produced.

The Andry Law Firm further joins in Mr. Lerner's objection to the "sampling" process. Along with the deficiencies noted by Mr. Lerner, The Andry Law Firm draws this Court's attention to important timing issues with the sampling process. Importantly, Magistrate Judge

---

PriceWaterhouse Coopers, calculated the claim to be $7,648,722.34. The Andry Law Firm, LLC agreed to the DHECC's calculation. BP appealed that award, arguing that the claim should be re-evaluated due to a "calculation error." In reality, BP appealed based upon "alternative causation" and "smoothing." This Honorable Court issued orders on March 3, 2013, April 9, 2013, and April 24, 2013, forbidding BP those grounds for appeal. On June 4, 2013, the DHECC Appeal Panel upheld the initial compensation finding and awarded The Andry Law Firm $7,818,693.95. The panel stated that it had: "independently reviewed the file material submitted in connection with this appeal and after conferences have unanimously determined that the award should be upheld." BP had fourteen (14) days from the date of the panel decision of June 4, 2013 to request discretionary review. BP failed to do so. The Andry Law Firm's claim therefore became due and payable on June 18, 2013.

Shushan provides no deadline for finishing the document sampling. Given that the Show Cause Parties are currently required to file responses to the Special Master's report by November 15, 2013, The Andry Law Firm respectfully requests an additional twenty-one (21) days from the date of the production as a result of this "sampling" to make its objections to the *Freeh Report*'s findings and recommendations.[4] Such an extension would be consistent with the twenty-one (21) day provision of Rule 53 which presupposes that the party responding to a report of a special master already has all pertinent information upon which the report is premised.

Lastly, this Court should note that neither Rule 53 nor any other rule of federal civil procedure permits the Special Master to conceal from The Andry Law Firm or the other Show Cause Parties the information, documentation, and witnesses to which the Special Master and/or this Court have had access and may consider.[5] Due process and fundamental fairness require that claimant, The Andry Law Firm, be allowed to examine and refute the Special Master's alleged factual support for his suggestion that the Court disallow The Andry Law Firm's valid claim for over $7 million, which is currently due and owing, as all appeal delays have run.[6]

**WHEREFORE**, The Andry Law Firm, L.L.C. respectfully requests that the Court grant claimant, The Andry Law Firm, LLC's *Motion To Review, And/Or Objections To, Magistrate Judge Shushan's Rulings On The Andry Law Firm's Motions For Production*, grant access to

---

[4] In response to Special Master Freeh's report, this Court ordered Lionel Sutton, Christine Reitano, Jon Andry, Glen Lerner, and any associated law firms to show cause why the Court should not adopt the Special Master's findings and recommendations "[d]isallowing The Andry Law Firm's claim under the Unclean Hands Doctrine." Rec. Doc. 11288.

[5] The Andry Law Firm further posits that Magistrate Judge Shushan improperly accepted filings by the Special Master in response to the motions for production filed by The Andry Law Firm, and this Honorable Court should not accept any filings by the Special Master in opposition to this *Motion To Review, And/Or Objections To, Magistrate Judge Shushan's Rulings On The Andry Law Firm's Motions For Production*, because Rule 53 does not authorize the Special Master to act as a litigant engaging in discovery disputes.

[6] The necessity of this production is compounded by the apparent denial of The Andry Law Firm of the right to an evidentiary hearing at which The Andry Law Firm could present evidence and cross-examine witnesses.

7

documents and witnesses relevant to the *Freeh Report*, and allow The Andry Law Firm twenty-one (21) days from the date of any future production to file any response and/or objections to the *Freeh Report*.

        **Respectfully submitted,**

        */s/ Stephen M. Gelé*
        **RANDALL A. SMITH, T.A. (#2117)**
        **STEPHEN M. GELÉ (#22385)**
         OF
        **SMITH & FAWER, L.L.C.**
        201 St. Charles Avenue, Suite 3702
        New Orleans, LA 70170
        Tel: (504) 525-2200
        Fax: (504) 525-2205
        sgele@smithfawer.com

        **Attorneys for The Andry Law Firm, L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 14th day of November, 2013.

/s/ Stephen M. Gelé
Stephen M. Gelé