# Exhibit A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Richard C. Godfrey, P.C.
To Call Writer Directly:
(312) 862-2391
richard.godfrey@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

December 7, 2012

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re: BP's Response to Class Counsel's Proposed Supplemental Information Program

Dear Judge Shushan:

BP submits this letter to bring to the Court's attention certain concerns about the Class Counsel's proposed Supplemental Information Program ("SIP"). BP cannot consent and the proposed program cannot be approved because in certain respects it is confusing and misleading, contrary to Rule 23, and at odds with the terms of the Settlement Agreement as amended ("Settlement Agreement"). It is, therefore, not "consistent with the goals of the Economic Class Action Settlement Notice Program," as required by Section 4.4.15 of the Settlement Agreement.[1] *See In re Katrina Canal Breaches Litigation*, 628 F.3d 185, 198-99 (5th Cir. 2010)(reversing district court's order certifying class and approving class settlement because, among other things, the class notice was "misleading" and "unfaithful to the settlement agreement"). Until and unless these substantive flaws are remedied, BP does not consent and the Court should decline to approve the SIP.

### 1. Content Of Proposed Supplemental Information Program

---

[1] Section 4.4.15 provides BP with the opportunity to review in advance and comment on any proposed Supplemental Information Program. We note in this regard that only four television/radio scripts were presented for review with the current proposal, notwithstanding that the proposed Supplemental Information Program also contemplates print ads in publications, a website, internet and social media postings, and telephone communication. Given the importance of these issues to the success and public perception of the Settlement, and the serious flaws in even the limited materials BP has been given for review, BP requests the Court to ensure that BP's right under the Settlement Agreement that no materials, including website content, are issued as part of a BP-funded, Court-approved informational program without BP's review and input. *See* Settlement Agreement at § 4.4.15.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 7, 2012
Page 2

      The proposed advertising spots in the SIP omit the critical, fundamental requirement that only economic losses that a claimant alleges in good faith were caused by the Deepwater Horizon Incident are compensable under the Settlement Program. The SIP thus creates a substantial risk of leaving a misimpression and creating unrealistic expectations.

      The requirement that a loss for which a claim is made have been allegedly caused by the Deepwater Horizon Incident is unambiguously and expressly set forth in the Settlement Agreement. Section 38.42 of the Settlement Agreement defines the Deepwater Horizon Settlement Litigation which is the subject of the Settlement as:

> [A]ll Claims brought by Plaintiffs or any Economic Class Member for damage covered by the Seafood Compensation Program, Coastal Real Property Damage, Economic Damage, Real Property Sales Damage, Subsistence Damage, VoO Charter Payment, Vessel Physical Damage or Wetlands Real Property Damages ***allegedly arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident***, in the multidistrict litigation titled *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010* (MDL No. 2179).

(emphasis supplied). Consistent with the scope of that litigation, the Settlement Agreement defines "Economic Damage" for which a Claim for compensation can be made under the Settlement Agreement to mean:

> [L]oss of profits, income and/or earnings arising in the Gulf Coast Areas or Specified Gulf Waters ***allegedly arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident* . . . .**

(Settlement Agreement §38.57, emphasis supplied). Other provisions of the Settlement Agreement reiterate this bedrock causation requirement. *See* Settlement Agreement §§ 1.3.1.2, 1.3.1.3, 1.3.1.5, 1.3.1.10, 38.15, 38.57, 38.63, 38.84, 38.155. The Release is of claims "***arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident* . . . .**" *Id.* § 10.2 (emphasis supplied).

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 7, 2012
Page 3

The Court-approved Notices, which are posted on the Settlement Program's website, accurately reflected this requirement of the Settlement Agreement. For example, the Short-Form Notice stated:

> If you have economic loss or property damage *because of the Deepwater Horizon oil spill,* you could get money from a class action settlement with BP Exploration & Production Inc. and BP America Production Company ("BP"). . . .
>
> "The Economic and Property Damages ("E&PD") Settlement Class includes people, businesses, other entities, and properties in the states of Louisiana, Alabama and Mississippi, and certain counties in Texas and Florida, *that were harmed by the oil spill.* The website has detailed descriptions and maps to help you determine whether a geographic location may be included in the E&PD Settlement. Additionally, you can call 1-866-992-6174 or e-mail questions@DeepwaterHorizonEconomicSettlement.com to find out if a geographic location is included.

(emphasis supplied). *See also* Long Form Notice ("[Y]ou may receive money if you have been damaged by the Deepwater Horizon oil spill"; "Class Representatives are suing to obtain payments for a class of individuals and businesses with specific types of claims for economic loss and property damage arising from the Deepwater Horizon Incident"; "Claims for economic damage can be made by Individuals and Entities in certain industries or geographic zones that lost profits or earnings as a result of the Deepwater Horizon Incident").

Likewise, the Court-approved advertisement scripts used for Class Notice Plan reference a causal connection to the spill. *See* Exhibit 1 attached hereto (Rec. Doc. 6266-2 at 142 television spot "If you or your business were harmed by the Deepwater Horizon Oil Spill, you may be able to get payments and other benefits from two separate legal settlements." and at 147 radio script "If you or your business were harmed by the Deepwater Horizon Oil Spill, you may be able to get payments and other benefits from two separate legal actions.").

In contrast to these accurate, Court-approved notices, Class Counsel's proposed SIP ads, which are slated to run primarily in regions that fall within Zone D, an area remote from the spill, suggest that almost any business in areas where the spots might run may be eligible, so long as it lost revenue for three months between May and December 2010. Because the spots omit any reference to the Class itself and fail to mention that the Settlement Agreement requires a

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 7, 2012
Page 4

connection to the spill, they will likely create unrealistic expectations among potential Class members. No reference at all is made to the Deepwater Horizon Litigation in three of the scripts, rather only to "BP Money."

    2.    **Proposed Creation Of Additional New Website**

These risks of confusing and misleading potential Class members, in contravention of Rule 23 and the Settlement Agreement's provisions are compounded by Class Counsel's proposal, as it currently stands, to have SIP ads direct potential Class members to a new website (www.BPRecoveryNow.com), and not to the Court-authorized Settlement website maintained by the Court-appointed Claims Administrator (www.DeepwaterHorizonSettlements.com). While Class Counsel has not disclosed any of the content for the proposed new website, it has suggested the new website will include "informational pieces about the claims payable in the Settlement," profile "success stories" of particular Settlement Class members, and offer "direction to" the Settlement website. Class Counsel's proposal is silent as to what input or control BP or the Court will have over the content of this new website once it is up and running. *See supra* n.1.

The introduction of this new website is unnecessary and further risks confusing and potentially misleading Class members, particularly if its content is flawed in the same manner as the proposed spots. There is no legitimate reason why a new website should be introduced into official Court-approved, Claims Administrator-led communications when the official website is being maintained appropriately and is operating effectively. Accordingly, BP respectfully requests that all broadcast, media, and other communications comprising the Supplemental Information Program only reference the Court-authorized Settlement website (www.DeepwaterHorizonSettlements.com).

    3.    **Participation Of The Claims Administrator In The Supplemental Program**

In light of these flaws, Class Counsel's proposal that the Court-appointed Claims Administrator personally appear in SIP spots also is a matter of concern. Moreover, in these circumstances, it might potentially lead to confusion regarding the roles of the Court and the Claims Administrator in connection with the Settlement.

    4.    **Timing**

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 7, 2012
Page 5

  Both as a general matter of Rule 23 procedure, and particularly in light of the substantive flaws in the content of the SIP, BP has concerns about the Court approving such a program to promote a Settlement that the Court has not finally approved. Class Counsel proposes launching its program on December 10th, prior to the deadline for class members who have excluded themselves from the Settlement to revoke their opt outs without BP's approval. The proposed program is being submitted prematurely, in BP's view, and could invite due process challenges that could endanger the Settlement itself. Accordingly, BP respectfully asks that no SIP be approved by the Court until after the Court determines whether to approve the Settlement.

  For these reasons, BP respectfully asks the Court to require that certain critical changes be made to Class Counsel's proposed Supplemental Information Program before it is approved, namely that:

1. The content of all ad pieces be revised to reflect accurately the terms of the Settlement in accordance with the concerns raised herein, including the important causal link to the Deepwater Horizon incident;

2. The content of any SIP be consistent with the Court approved Notice Program;

3. The SIP be postponed until after the Court has determined whether to grant final approval of the Settlement and approved the content of the SIP or December 15, 2012, whichever is later; and

4. All components of the SIP direct interested persons to the Court-authorized Settlement website maintained by the Claims Administrator (www.DeepwaterHorizonSettlements.com), and not reference a new website.

Respectfully Submitted,

Richard C. Godfrey, P.C.

Cc: James Roy
   Steve Herman
   Pat Juneau
   David Odom
   Christine Reitano
   Ben Allums

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 7, 2012
Page 6

RCG/cpl

# EXHIBIT 1

**Deepwater Horizon Court-Supervised Settlement Program**
*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in Gulf of Mexico on April 20, 2010,* MDL 2179
30 Second Television Spot



| | | |
|---|---|---|
|  OFF-CAMERA NARRATOR: If you or your business |  were harmed by the Deepwater Horizon Oil Spill, |  you may be able to get payments and other benefits |
| 1. Wide shot of beach and clouds. | 2. Men in marshy area. | 3. Small beach house. |
|  from two separate legal settlements. |  One settlement provides payments | for economic and property damage. |
| 4. Fisherman in front of boat. | 5. Man at desk in marina. | 6. Hotel housekeeper making bed. |

*Final images may vary depending on photo licensing details, but will be content equivalent.

**Deepwater Horizon Court-Supervised Settlement Program**
*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in Gulf of Mexico on April 20, 2010,* MDL 2179
30 Second Television Spot





*Final images may vary depending on photo licensing details, but will be content equivalent.

Front Cover Text
**Deepwater Horizon Oil Spill Litigation - Class Action Notice**

Court-approved PSAs about two separate settlements related to the Deepwater Horizon Oil Spill - one settlement addressing economic and property damage claims, and a separate settlement addressing medical claims. People and businesses across the Gulf Coast region may be eligible for payments and other benefits from one or both of the two settlements.

Please air these important announcements alerting those affected about their rights, including their right to be excluded from the case, by **Month DD, 20YY.**

Back Cover Text
**Deepwater Horizon Oil Spill Litigation - Class Action Notice**

Dear Public Service Director:

Two separate settlements have been reached related to the Deepwater Horizon Oil Spill - one settlement addressing economic and property damage claims, and a separate settlement addressing medical claims. People and/or businesses across the Gulf Coast region may be eligible for payments and other benefits from one or both of the two settlements.

This message is important because the people and/or businesses affected have various rights, including the right to file claims, request exclusion from or object to either or both settlements. The PSAs inform people and businesses of their legal rights and how to obtain additional information.

Please air these spots as soon as possible, and continue to do so until **Month DD, 20YY.** Thank you for taking the time to consider sharing these PSAs with your audience.

Sincerely,
Notice Administrator

Inside Text
30 second TV PSA:

People and/or businesses across the Gulf Coast region may be eligible for payments and other benefits from two separate class action settlements related to the Deepwater Horizon Oil Spill.

One settlement provides payments for some types of economic and property damage claims. The other settlement provides payments and other benefits for certain medical claims.

To get claim forms and notices, go to **www.[_____].com** or call **8XX-XXX-XXXX**.

:30 Radio Script

If you or your business were harmed by the Deepwater Horizon Oil Spill, you may be able to get payments and other benefits from two separate legal settlements.

One settlement provides payments for economic and property damage. The other provides payments and benefits for medical claims.

To get detailed information and claim forms go to **www.[          ].com** or call **8XX-XXX-XXXX**.