# Exhibit B

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Richard C. Godfrey, P.C.
To Call Writer Directly:
(312) 862-2391
richard.godfrey@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

December 11, 2012

**VIA ELECTRONIC MAIL**
The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:  BP's Supplemental Response To Class Counsel's Proposed Supplemental Information Program

Dear Judge Shushan:

Last Friday I wrote on behalf of BP to express its concerns regarding certain aspects of Class Counsel's proposed Supplemental Information Program ("SIP"). Both Mr. Michael Juneau and Class Counsel have now communicated to Your Honor to address issues beyond the scope of the point BP made in my Friday letter. BP submits this brief supplemental response to restate and if necessary, to clarify, its specific objections to Class Counsel's proposed Supplemental Information Program.

BP has four simple objections to the substance of the proposed SIP:

***First***, BP objects to the proposed SIP because it is not consistent with the original official Court-approved Notice Program, which specifies that the Settlement Program is designed to compensate for economic losses arising from the *Deepwater Horizon* spill. That inconsistency raises substantial risks of confusing and misleading both non-class members and potential class members, in violation of Rule 23, and Section 4.4.15 of the Amended Settlement Agreement ("Settlement Agreement"), which requires that any supplemental information program be "consistent with the goals of the Economic Class Action Settlement Notice Program."

***Second***, the proposed SIP is inconsistent with the provisions of the Settlement Agreement which expressly state that it provides compensation only for economic losses that were caused by the *Deepwater Horizon* Incident. *See* Settlement Agreement §§ 1.3.1.2, 1.3.1.3, 1.3.1.5, 1.3.1.10, 38.15, 38.42, 38.57, 38.63, 38.84, 38.155. *See also* Long-Form Notice at 1 ("If you had

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 11, 2012
Page 2

economic loss or property damage because of the Deepwater Horizon oil spill, you could get money from a class action settlement"), 12.

*Third,* the proposed additional web-site, in addition to the official web-site of the Court-Supervised Settlement Program, is both unnecessary and confusing.

*Fourth*, the proposed SIP advertisements are misleading and confusing because they omit to mention that a claimant is only entitled to make a claim for damages caused by the DWH spill. That requirement is expressly provided for both in the Settlement Agreement and in the Court-approved Notice describing it, *see supra*, and by the sworn Claim Forms developed by the Settlement Program with the input and consent of the Parties. *See, e.g.,* Registration Form at 1, item 1 (***"To make a claim under the*** Deepwater Horizon Economic and Property Damages Settlement Agreement (the ***"Settlement") for damages arising from the Deepwater Horizon Incident*** on April 20, 2010 (the "Spill"), you must complete and submit this Registration Form and all documentation required by the Settlement . . .") (emphasis added); Business Economic Loss Claim Form at 1 (***"To make a Business Economic Loss Claim under the*** Deepwater Horizon Economic and Property Damages Settlement Agreement (the ***"Settlement") for damages arising from the Deepwater Horizon Incident*** on April 20, 2010 (the "Spill"), you must complete and submit this Claim Form and all documentation . . .") (emphasis added); Business Economic Loss Claim Form Instructions at 1.

In addition to its four objections to the SIP, BP also has a procedural concern relating to the proposed role of the Claims Administrator in making television advertisements. Class Counsel has not cited, and we are not familiar with, any precedent for having a Court-appointed Special Master or Claims Administrator making such television advertisements regarding a claims facility and settlement. Given the special role of the Claims Administrator under the Court's supervision, this proposed novel role and its implications raises questions and concerns that, at the very least, warrant further discussion among the parties, as well as some legal research, so that the parties, the Administrator and the Court may consider the issue with the benefit of a fully developed record. BP believes such a thorough, careful vetting of the issues and possible implications is in the best interests not only of the Class, the PSC, and BP, but also of the Court and the Claims Administrator.

Finally, I should note what BP is not asking for. In this regard, and contrary to Class Counsel's suggestion, BP is *not* asking Mr. Juneau to engage in a subjective analysis or examination of whether a claimant's loss was or was not caused by the spill. BP clearly stated that position in its letter dated September 28, 2012. What BP *is* saying, however, is that the Settlement Agreement itself as well as the sworn claim forms require, as a prerequisite to making

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 11, 2012
Page 3

a claim, that the injury for which the claim is submitted "aris[e] from" or be "caused by" the spill. It is for that reason that, as noted in BP's September 28 letter, cases in which the quantitative tests of the Settlement Agreement are satisfied but there was no actual causation attributable to the DWH spill should be relatively rare. The vice in the proposed SIP spots is that by omitting the requirement that the spill caused the loss, the spots would encourage viewers to submit claims for losses that have nothing to do with the oil spill and are not covered by the Settlement.

If Your Honor has any questions about BP's position, please let me know. We intend, however, to reach out to Class Counsel to see whether we can — as we have done with many other issues in this case — work through our objections and concern so as to be able either to present an agreed-upon SIP to the Court or, alternatively, to narrow the issues in dispute.

Respectfully submitted,

Richard C. Godfrey, P.C.

Cc:   James Roy
      Steve Herman
      Pat Juneau
      Michael Juneau
      David Odom
      Christine Reitano
      Ben Allums

RCG/cpl