Exhibit I

## KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Richard C. Godfrey, P.C.
To Call Writer Directly:
(312) 862-2391
richard.godfrey@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

February 15, 2013

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA  70130

> Re:   BP's Response to Class Counsel's Revised Proposed Supplemental
>        Information Program, as submitted on January 30, 2013

Dear Judge Shushan:

By this letter, BP provides the Court and Class Counsel with its comments, concerns and objections to Class Counsel's most recent revised proposed plan for the Supplemental Information Program ("SIP"), submitted to the Court and BP on January 30, 2013. Although the current proposal is somewhat improved as compared to previous submissions, the SIP cannot and should not "be approved as designed," as Class Counsel request. The proposed revised SIP fails to incorporate changes discussed by the parties when the SIP was last considered in December. Most significantly, the current proposal includes broadcast, print, and social media spots that omit any reference to the Settlement, fail to communicate the Settlement's purpose of providing compensation for losses resulting from the Deepwater Horizon incident, and are otherwise factually inaccurate and misleading. In addition to these and other substantive flaws requiring rejection, approval and implementation of the SIP would be inappropriate at this time in light of the significant ongoing dispute among the parties, pending before the Court, regarding the Court-Supervised Settlement Program's implementation of the Economic and Property Damage Settlement's Business Economic Loss ('BEL') Compensation Framework.

In overview, there are three fundamental problems with the SIP as proposed. *First*, the SIP deviates materially from the contents of the Class Notice. The SIP divorces, almost entirely, claimed damages from any causal nexus with the Deepwater Horizon Oil Spill. That is inappropriate, confusing and misleading — and also contrary to the express terms of the parties' Settlement Agreement.

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 2

*Second*, the SIP targets individuals and businesses in certain specific areas — areas where there is low likelihood of any damages at all, much less causal damages arising from the oil spill. Examples include farmers, construction firms and law firms. Setting aside the increased risk of claims for fictitious, non-existent losses and/or fraud, it is misleading at best to target and solicit participants in certain sectors of the economy where there is low likelihood that there was a negative economic impact caused by the spill.

*Last*, the SIP improperly suggests that all listeners and recipients of SIP communications are members of the defined Class, regardless of the class definition and, in many instances, contrary to the class definition.

### Deferral of the SIP Until BEL Compensation Framework Issues Are Resolved

Before even reaching the substantive content of the proposed SIP, BP submits that no action should be taken with respect to the SIP until the dispute regarding the BEL Compensation Framework is finally resolved. As the Court is aware, the parties are attempting to resolve, with the Court's assistance and through mediation, certain claims administration questions involving the Settlement Program's implementation of the BEL Compensation Framework (Settlement Agreement at Ex. 4C). Among the types of claims where these errors have produced particularly absurd and illogical results are claims by businesses in the farming, construction, and professional services industries. Yet despite this ongoing dispute, the SIP focuses on BEL claims in these very industries. For example, the television spots entitled "Freeze Frame" and "Answers" (SIP Tab C), as well as the proposed radio spots (SIP Tab D), all reference lumberyard owners, and the proposed print ads (SIP Tab E) feature professional services workers and livestock farmers.

Moreover, it is clear that the SIP, as designed, expressly and specifically is premised on a view of the Settlement Agreement that dispenses with the carefully-negotiated causation requirement: "In fact, the Settlement contemplates payments to qualifying businesses regardless of the actual facts and circumstances." (Supplemental Information Plan Approval Memorandum ("SIP Memo") at 5.) That statement is simply inaccurate and untrue, and is contrary to the Registration Form as well as the Claim Form; it is also contrary, we submit, to the attestation signed by claimants. The statement will give rise to numerous unmeritorious claims.

Until the BEL issue has been finally resolved, the proposed SIP should not move forward, as it focuses on such disputed claims, disseminates confusing and/or inaccurate information about BEL claims, and encourages additional claims based on such information. Deferral is appropriate both to preserve the Court's ability to address the issue fully and, equally

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 3

importantly, to avoid potentially misinforming and confusing class members and the public. Accordingly, consideration of any SIP should be deferred pending resolution of the BEL issue.

### BP's Substantive Objections to Selected Aspects of Class Counsel's Proposed SIP

As Your Honor may recall, Class Counsel last presented a proposal for the SIP in December, at which time the parties, with the guidance of the Court, conferred regarding the specific content of certain proposed informational pieces. Most notably, the parties negotiated about a proposed television spot that had already been filmed (prior to BP's review of the script) featuring Claims Administrator Patrick Juneau. As a concession to avoid the inconvenience of re-filming a revised spot, BP consented to the Court approving the proposed "Juneau" television spot (notwithstanding certain outstanding objections), provided that certain post-production changes were made. Specifically, the spot was to direct viewers solely to the official Claims Administrator's Settlement website (www.DeepwaterHorizonSettlements.com), and mutually-agreed text was to be superimposed to convey the causation requirement for economic loss claims ("Damages must be as a result of the Deepwater Horizon incident as provided in the Deepwater Horizon Economic and Property Damages Settlement Agreement"). But BP in no way waived its objections to certain misleading or otherwise inappropriate content in other proposed informational pieces. To the contrary, discussion of those other informational pieces was put off until a later time, at which point Class Counsel would submit modified versions for consideration.

While some of the points discussed then by the parties are reflected in Class Counsel's revised SIP, they are not applied consistently throughout the various ads and media communications. Several of the proposed informational spots continue to use inaccurate and/or misleading language regarding the Settlement. Moreover, the current SIP introduces new concepts that are objectionable on their face and/or require further explanation. BP's specific objections to components of the SIP are discussed further as follows, and are reflected in the mark-ups of the proposed SIP scripts and ads attached hereto as **Exhibit A**.

### A.     Proposed Direct Call Program

Class Counsel's proposed Direct Call Program, described with specificity for the first time in the January 30, 2013 SIP submission, is inappropriate as currently designed and should not be approved. First, Class Counsel offer no detail whatsoever as to what businesses would be "targeted" for the Direct Call Program, nor do they describe how they would identify businesses that are "in the class" in the first instance. (SIP Memo at 1.) Those in the Class are defined; but

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 4

the Direct Call Program is divorced from the class definition. Thus, the scope of the potential calling campaign is unclear.

Second, to the extent details about the Direct Call Program are provided, they raise serious substantive and professional concerns about the appropriateness of the proposed campaign. BP objects to operators calling persons and entities, with no basis to know whether they are even in the Class, and identifying themselves as "calling on behalf of the court-approved BP Deepwater Horizon Economic Settlement" (SIP Tab G) — particularly where the operators have not been trained by the Court-Supervised Settlement Program and do not work with the Court-Supervised Settlement Program. Moreover, even if operators were appropriately trained (and there is no indication from Class Counsel's proposal as to what training, if any, that Direct Call Program operators would receive), representatives of the Court-Supervised Settlement Program should *not* be affirmatively contacting businesses: (a) with assumption that those businesses have any actual losses at all, much less losses caused by the spill; (b) with the assumption that they should file claims under the Settlement, and (c) asking those businesses if they have actually filed claims. It is not appropriate for the Claims Administrator or Court-Supervised Settlement Program personnel, who are serving a neutral adjudicative function, to be soliciting potential class members and encouraging them to participate or suggesting any view on the merits of their potential unsubmitted claims. *See* Settlement Agreement at §§ 4.1, 4.3.1, 4.4.7, 6. In fact, the Court-Supervised Settlement Program already has established processes in place for communicating with potential class members who have filed claims. To the extent such contacts are initiated by independent third-party media personnel, or media personnel engaged by Class Counsel, any representation that they are calling on behalf of the Court-Supervised Settlement Program would be inaccurate and misleading.

Moreover, the invasive outreach proposed by Class Counsel is misguided, as it would inevitably create unrealistic expectations among those who are contacted and encouraged to file a claim. Claims only should be filed by those who believe and attest that they have suffered a loss caused by the oil spill. That is what the Registration Form and Claim Form provide. Encouraging people and businesses to file claims to see whether they can get money under inaccurate pretenses is not appropriate.

In addition, the SIP, as described in the Settlement Agreement, contemplates another Class Notice approach; it does not anticipate or assume cold calls to businesses and individuals for whom there is no basis to believe that they have claims for losses caused by the oil spill. Such an approach is not contemplated by the Settlement Agreement and is likely to result in unnecessary and inappropriate, if not fraudulent, claims being made. Such an approach, which

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 5

inevitably will lead to these adverse results, should not be approved or encouraged. In sum, the
very concept of the Direct Call Program proposed by Class Counsel is flawed and should not be
approved.

Finally, the proposed script for the Direct Call Program (SIP Tab G) contains inaccurate
and misleading statements — beyond the misidentification of the source of the call — that
should not be sanctioned by the Court or the Court-Supervised Settlement Program. Problematic
language in the proposed script includes the following, among others (as set forth in the attached
**Exhibit A(g)**):

- "BP has agreed that businesses and organizations are eligible for payment." This
  statement is false, omits the causation requirement, and should be qualified to state, "BP
  has agreed that if you or your business were harmed by the Deepwater Horizon Oil Spill,
  you may be eligible for payment." This language tracks the Class Notice and should not
  deviate from it.

- "Tens of thousands of businesses and organizations qualify for billions in BP settlement
  funds…." There is no empirical data supporting the quantification of businesses and
  organizations that actually qualify for compensation under the Settlement. In addition,
  the statement as written does not cite the causation requirement and inaccurately suggests
  that there is a dedicated pool of Settlement money to be distributed, when in fact there is
  no fixed fund. The statement should be amended to track the language of the Claim
  Form, Registration Form or Class Notice.

- "A farmer in north Louisiana qualified." This example is inappropriate and should not be
  used because the eligibility of the farmer in north Louisiana is the subject of a pending
  appeal, and also is subject to the parties' current dispute regarding implementation of the
  BEL Compensation Framework.

- "If you have any doubt about your eligibility…" This language suggests in the context of
  the call, without basis, that call recipients most likely are eligible for compensation under
  the Settlement and, further, incorrectly implies that recipients should presume they are
  eligible for compensation even if they know or doubt that they experienced any harm
  caused by the spill.[1]  This biased language should be deleted and replaced with more

---

[1]  Because a variation of this phrase ("As I've said before, if in doubt, file a claim") is included in the Court-
approved "Juneau" television spot (SIP Tab C), Class Counsel may have mistakenly assumed that BP waived its

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 6

neutral language such as, "If you have any questions about eligibility or need further information…."

Class Counsel's representation that they have "communicated with ethics counsel" regarding the proposed direct call program (SIP Memo at 5) does not render their proposed program appropriate. To the contrary, both the content and the structure of the proposed Direct Call Program — as well as the entire SIP — quickly raised concern among the ethics experts BP consulted. Even as roughly sketched out by Class Counsel, the Direct Call Program, like other aspects of the SIP, raises issues of solicitation, advertising, misleading information, and the creation of improper expectations.

### B.    Specific Proposed Content of SIP Spots and Communications

The scripts and materials submitted with the proposed SIP contain phrases and statements that are inaccurate and likely to confuse and misinform class members, as well as create unrealistic expectations about the Settlement. The following examples are particularly troubling and require appropriate revision before approval and implementation of Class Counsel's proposed SIP.

> ➤ *The written script for the previously-approved "Juneau" television spot must be updated to reflect previously-agreed revisions.* While the filmed television spot featuring Mr. Juneau correctly incorporates the changes agreed by the parties, the written "Juneau" script (SIP Tab C) does not reflect all of the changes and should be amended, as set forth in **Exhibit A(c)**, to reflect the edits and additions that were fundamental to the parties' discussion and to avoid any risk of confusion or error:

---

objection to this phrase. However, as previously noted, BP consented to use of that phrase in the "Juneau" spot solely as an accommodation so that the spot would not need to be re-filmed. To mitigate some of the effect of the phrase, moreover, the parties agreed that the "Juneau" television spot would include a written disclosure, superimposed on the screen, to make clear that claimants' losses must be a result of the Deepwater Horizon incident. There is no such disclaimer in the Direct Call scripts. Thus, BP has not in any way waived its right to challenge that statement in other SIP materials.

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 7

- A written statement to reflect that compensable losses must have been caused by the Deepwater Horizon incident ("Causation Statement") appears on the screen from approximately :07 through :12 of the filmed "Juneau" spot: "*Damages must be as a result of the Deepwater Horizon incident as provided in the Deepwater Horizon Economic and Property Damages Settlement Agreement.*" This important language, negotiated and agreed by the parties, should be inserted into the written "Juneau" script itself.

- Likewise, the text of the "newspaper headline" that appears on the screen from approximately :13 through :20 of the filmed and approved "Juneau" spot should be reflected in the written "Juneau" script (as well as the written scripts for the "Answers" and "Freeze Frame" spots, where the "newspaper headline" also appears), as noted in **Exhibit A(c)**.

- The parties previously agreed, and the Court echoed, that the "Juneau" spot (and indeed all SIP materials) should direct potential class members to the official Settlement website maintained by the Claims Administrator (www.DeepwaterHorizonSettlements.com), and not to any new site previously proposed by Class Counsel (such as www.BPRecoveryProject.com). The written "Juneau" script should be updated to reflect only the authorized website.

➢ *The proposed television, radio, and print spots and scripts omit the critical and previously-agreed Causation Statement that only economic losses caused by the Deepwater Horizon incident are compensable.* The written Causation Statement that was critical to approval of the "Juneau" television spot does not appear in the written scripts or actual television spots entitled "Answers" and "Freeze Frame" (SIP Tab C). As previously negotiated and agreed by the parties, the inclusion of this Causation Statement — "*Damages must be as a result of the Deepwater Horizon incident as provided in the Deepwater Horizon Economic and Property Damages Settlement Agreement*" — is essential to communicate the important causation requirement. The Causation Statement should be added to the written scripts for the "Answers" and "Freeze Frame," as set forth in attached **Exhibit A(c)**, and inserted as superimposed text in the corresponding spots. Likewise, this important Causation Statement must be added to the two radio spots (SIP Tab D) as set forth in attached **Exhibit A(d)**, and to the four print advertisements (SIP Tab E) as set forth in attached **Exhibit A(e)**, in order to avoid misleading and creating unrealistic expectations among potential class

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 8

> members, particularly given that the spots and ads target regions within Zone D, where there is no causation presumption.

> ➢ *Several proposed spots make unsupportable and misleading assertions presented as fact.* The television script entitled "Freeze Frame" (SIP Tab C) begins with the statement, "Tens of thousands of businesses and organizations may qualify for BP Deepwater Horizon Economic Settlement Funds even though they aren't directly on the Gulf." However, there is no empirical data suggesting that tens of thousands of potential class members are actually eligible for Settlement funds even if they are remotely located from the Gulf itself, and this statement omits the causation requirement. The statement should track the Class Notice and be amended to, "Businesses and organizations that were harmed by the Deepwater Horizon Oil Spill may qualify for BP Deepwater Horizon Economic Settlement Funds even though they aren't directly on the Gulf," as set forth in attached **Exhibit A(c)**. Similarly, all four of the proposed print advertisements (SIP Tab E) feature misleading language that falsely suggests that all businesses and organizations are eligible for Settlement payments and inaccurately implies that there is a fixed fund of Settlement money to be distributed: "BP has agreed that businesses and organizations are eligible for payment from the billions in the Deepwater Horizon Economic Settlement fund." The text for all four print ads should be revised to track the Class Notice and state, "BP has agreed that businesses and organizations that were harmed by the Deepwater Horizon Oil Spill may be eligible for payment from the Deepwater Horizon Economic Settlement," as set forth in attached **Exhibit A(e)**.

> ➢ *The recommendation that Class Members should file claims as a default ignores the causation requirement.* One of the proposed print advertisements (SIP Tab E) encourages viewers, "When in doubt, file a claim." This phrase improperly suggests, without basis, that the viewer most likely is eligible for compensation under the Settlement. It also ignores the requirement that any request for compensation under the Settlement must be causally related to the Deepwater Horizon incident. And, it improperly suggests that a claimant can sign the Registration Form and Claim Form without having a belief and making a sworn attestation that the claim is for losses caused by the Deepwater Horizon Oil Spill. Accordingly, this phrase should not be a part of the SIP. Likewise, several of the proposed internet banner ads include language that encourages viewers to "File a claim" in order to "Find out if you qualify" (SIP Tab F), without reference to causation. These ads should be amended,

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 9

as set forth in attached **Exhibit A(f)**, to eliminate any suggestion that people and
entities should file claims as a default, without regard to causation.

➢ *The proposed use of Twitter "Tweets" is unclear, and some proposed language is
misleading.* In general, Class Counsel has provided inadequate detail regarding the
proposed use of Twitter. For example, from the limited information presented
regarding the proposed Twitter effort (SIP Tab F), it is unclear what Tweet recipients
would be clicking through "to see who qualifies" (proposed Tweet #2) or "to see if
there is money waiting for you?" (proposed Tweets #4 and 8). The indicated link
(Http:/bit.ly/TUuRup) should be changed to reflect the address of the official
Settlement website (www.DeepwaterHorizonSettlements.com). Indeed, it is
inconceivable that a Tweet could possibly, in 140 characters, communicate the
causation requirement and convey sufficiently accurate and not confusing or
misleading information for a recipient to determine their eligibility for Settlement
funds. In short, greater clarity and explanation is needed about the proposed Twitter
feeds to allow BP to provide reasoned reaction and comment. In addition, BP objects
to specific language in several of the proposed Tweets (SIP Tab F), as reflected below
and in attached **Exhibit A(f)**:

- The phrase, "qualify for BP money" (proposed Tweets #2, 3, 4, 5, 6, and 7) is
objectionable because it includes no reference to the Settlement itself. It
should be changed to "qualify for compensation under the BP Settlement."

- The phrase "many businesses and organizations qualify for settlement funds"
(proposed Tweet #1) should be amended to "many businesses and
organizations harmed by the Deepwater Horizon spill may qualify for
compensation under the BP Settlement."

- The statement, "Businesses and organizations that aren't directly on the Gulf
qualify for BP money" (proposed Tweet #3) should be amended to reflect the
causation requirement: "Businesses and organizations harmed by the
Deepwater Horizon spill that aren't directly on the Gulf may qualify for
compensation from the BP Settlement."

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 10

- The example that a "farmer in northern Louisiana qualified for BP money" (proposed Tweet #4) should be eliminated entirely because the eligibility of that claim is the subject of a pending appeal and is also subject to the parties' current dispute regarding implementation of the BEL Compensation Framework.

- The proposed Tweet stating, "When in doubt, file a claim" (proposed Tweet #9) should be eliminated entirely because it improperly suggests, without basis, that the Tweet recipient most likely is eligible for compensation under the Settlement. It also ignores the requirement that any request for compensation under the Settlement be causally related to the Deepwater Horizon incident.

- The phrase, "see if there's money waiting for you" (proposed Tweets #4 and 8) incorrectly suggests that there is a fixed fund of Settlement money to be distributed. It should be changed to "see if you might be eligible."

➢ *Internet Banner Ads Contain Inaccurate and Misleading Statements.* Several of the proposed internet banner ads (SIP Tab F) include the text, "qualify for a settlement from BP." This text is factually misleading. The Settlement has already occurred and been approved, and the only question is whether someone qualifies for a payment under the terms of the Settlement. This text should be more appropriately changed to, "qualify for compensation under the BP Settlement." There are several other instances of misleading and/or confusing text in the banner ads that are noted, with proposed amended text, in the attached **Exhibit A(f)**.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 11

### C. Details Not Sufficiently Set Forth in SIP Proposal

The proposed SIP plan does not offer sufficient detail regarding all of the proposed communication efforts to allow BP a meaningful opportunity for review and comment. Section 4.4.15 of the Settlement Agreement provides BP the opportunity to review in advance and comment on any proposed SIP. Given the importance of accurate communications to the success and public perception of the Settlement, and the defects in the limited materials that Class Counsel has provided to BP, it is important that BP be permitted to review and provide input on *all SIP content* before approval and dissemination to potential class members. *See* Settlement Agreement at § 4.4.15. BP's input is a critical part of the SIP process and should not be treated as a mere formality. Rather, BP's substantive feedback should be carefully considered as a safeguard to ensure that each of the SIP's components are factually accurate, not misleading, and entirely consistent with the Class Action Settlement Notice Program, as required by the Settlement Agreement.

Here, significant substantive details regarding the proposed SIP are simply omitted. For example, in the memorandum describing the SIP, Class Counsel refers to the attached radio scripts (SIP Tab D) as "exemplars of the audio that would run" (SIP Memo at 4), apparently meaning that Class Counsel intends to change the content, including highlighted business types, of the radio scripts at some point in the future. Similarly, when discussing the proposed use of social media (SIP Tab F), Class Counsel refers to providing internet users with a "customized web experience" (SIP Memo at 4), again suggesting that Class Counsel intends to make post-approval alterations to SIP content with regard to social media and without notice or the opportunity to comment by BP or by the Court. BP objects to allowing Class Counsel this proposed carte blanche to alter the specific content of SIP communications without prior Court review and approval, contrary to Section 4.4.15 of the Settlement Agreement. BP — as well as the Court itself — must be permitted to review and comment upon *any* alterations to SIP content, including radio scripts and website content, before it is disseminated to potential class members as part of a BP-funded,[2] Court-approved SIP. *See* Settlement Agreement at § 4.4.15.

---

[2] The Settlement Agreement requires BP to fund the SIP in an amount up to $5 million in total. *See* Settlement Agreement at § 4.4.15. To the extent that Class Counsel's estimated proposed budget actually exceeds the $4,520,174 currently allocated (SIP Tab B), BP will only furnish $5 million.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 15, 2013
Page 12

Accordingly, for these reasons, among others, BP requests that the Court defer consideration and approval of the proposed SIP plan until after the parties' dispute regarding the BEL Compensation Framework is finally resolved. In addition, BP asks that when the proposed SIP plan is ultimately considered, the Court require that certain changes be made, as outlined above, before the SIP is approved. Finally, if instead of the unprecedented SIP proposed, Class Counsel wish — as they should — to propose another version of the already-approved Class Notice, then BP would have no objection to using the pre-approved Class Notice language, or some version thereof, immediately. That language is accurate; was already approved by the Court; and according to experts on both sides, was clear and not confusing. It also will avoid any further disagreement or disputes between Class Counsel and BP regarding the language of the SIP. And, such a Class-Notice-based SIP could be implemented now, without risk.

Respectfully submitted,

Richard C. Godfrey, P.C.

Cc:  James Roy
     Steve Herman
     Brian Barr

RCG/cpl

# EXHIBIT A

# EXHIBIT A(c)

**Mr. Pat Juneau – TV Script**
**Title: Deepwater**
**30 Second**

**Juneau to camera:**

I'm Patrick Juneau, the court appointed claims administrator for the
BP Deepwater Horizon Economic Settlement.

BP has agreed that businesses and organizations are eligible for payment.

**(Written disclaimer appears on screen:  "Damages must be as a result of the**
**Deepwater Horizon incident as provided in the Deepwater Horizon Economic**
**and Property Damages Settlement Agreement.")**

And not just those directly on the Gulf.

A farmer in north Louisiana qualified. A bike shop in Florida.  A restaurant in north
Alabama…and a car dealership in Mississippi.

<div style="float:right">Comment [s1]: BP agreed to use of this farmer in north Louisiana example for the "Juneau" spot only.</div>

**(Image of newspaper headline appears on screen, "BP Reaches Estimated $7.8**
**Billion Deal - Bloomberg.com 3/3/12.")~~Super: (on screen)~~**

In general, businesses and organizations that had a decline in revenue for any
consecutive 3-month period between May and December 2010 as compared to
previous years may qualify. Go to
*DeepWaterHorizonSettlements.com*~~BPRecoveryProject.com~~ for full information.

~~site change alt: *DeepWaterHorizonSettlements.com for more information.*~~

**Juneau to camera:**

There's a formula in place and if you fit, you qualify. As I've said before, if in
doubt, file a claim.

<div style="float:right">Comment [s2]: BP agreed to the "if in doubt" language for this spot only.</div>

**Super: (on screen)**
~~BPRecoveryProject.com (site change alt:~~ *DeepWaterHorizonSettlements.com)*
1-886-992-6174
The Court Supervised Settlement Program

**TV Script**

**"Answers"**
**30 Second TV Spot**

**Announcer VO:**

When it comes to qualifying for BP Deepwater Horizon Settlement Funds, people still have a lot of questions.

Do I have to be a fisherman?

The answer is no.

**(Written disclaimer appears on screen:  "Damages must be as a result of the Deepwater Horizon incident as provided in the Deepwater Horizon Economic and Property Damages Settlement Agreement.")**

Do I have to live on the Gulf Coast?

Again, the answer is no.

**(Image ~~on screen:~~ of newspaper headline ~~of newspaper~~ appears on screen: "BP Reaches Estimated $7.8 Billion Deal - Bloomberg.com 3/3/12." (~~ads that is the same as Juneau spot~~).**

Whether you own a restaurant,

A car dealership,

Or even a lumberyard.

…you may qualify.

Find out now if you qualify at DeepWaterHorizonSettlements.com.

Don't wait to get the answers you need.

> **Comment [s1]:** Object because construction businesses fall squarely within the current BEL Compensation Framework dispute.

**TV Scripts**

**"Freeze Frame"**
**30 Second TV Spot**

**Announcer VO:**

~~Tens of thousands of b~~Businesses and organizations <u>that were harmed by the Deepwater Horizon Oil Spill</u> may qualify for BP Deepwater Horizon Economic Settlement Funds even though they aren't directly on the Gulf.

**(Written disclaimer appears on screen: "Damages must be as a result of the Deepwater Horizon incident as provided in the Deepwater Horizon Economic and Property Damages Settlement Agreement.")**

Truth is, whether you own a lumberyard,

**(Image ~~on screen:~~ of newspaper headline ~~of newspaper~~ appears on screen: "BP Reaches Estimated $7.8 Billion Deal – Bloomberg.com 3/3/12.")**~~that is the same as Juneau spot.~~

A car dealership,

Or even a restaurant, you may qualify.

Go to DeepWaterHorizonSettlements.com to learn if you do.

Everyday more hard working people are finding out they qualify and moving forward. Now is your chance to do the same.

> **Comment [s1]:** Object because construction businesses fall squarely within the current BEL Compensation Framework dispute.

# EXHIBIT A(d)

"Claim - LAMSAL"
Radio: 60 second
Voice Over

BP has agreed that businesses and organizations may be eligible for payment from the BP Deepwater Horizon Economic Settlement Fund.

But when it comes to qualifying people still have a lot of questions.

Do I have to be a fisherman?

The answer is no.

Do I have to live on the Gulf Coast?

Again, the answer is no. Businesses in all parts of Louisiana, Alabama and Mississippi may qualify so long as damages were the result of the Deepwater Horizon incident as provided in the Deepwater Horizon Economic and Property Damages Settlement Agreement.

Visit deepwaterhorizonsettlements.com or call 1-866-992-6174 for more information on this court approved settlement.

Whether you own a restaurant,

A car dealership,

Or even a lumberyard.

**Comment [s1]:** Object because construction businesses fall squarely within the current BEL Compensation Framework dispute.

…you may qualify.

Visit DeepWaterHorizonSettlements.com or call 1-866-992-6174 to learn more today.

There's a formula in place and if you fit, you qualify.

"Claim FL"
Radio: 60 second
Voice Over

BP has agreed that businesses and organizations may be eligible for
payment from the BP Deepwater Horizon Economic Settlement Fund.

But when it comes to qualifying people still have a lot of questions.

Do I have to be a fisherman?

The answer is no.

Do I have to live on the Gulf Coast?

Again, the answer is no. Businesses in all parts of the Florida panhandle and
the Gulf Coast of Florida down to the Keys may qualify so long as damages
were the result of the Deepwater Horizon incident as provided in the
Deepwater Horizon Economic and Property Damages Settlement
Agreement.

Visit deepwaterhorizonsettlements.com or call 1-866-992-6174 for more
information on this court approved settlement.

Whether you own a restaurant,

A car dealership,

Or even a lumberyard.

...you may qualify.

Visit DeepWaterHorizonSettlements.com or call 1-866-992-6174 to
learn more today.

There's a formula in place and if you fit, you qualify.

**Comment [s1]:** Object because construction
businesses fall squarely within the current BEL
Compensation Framework dispute.

# EXHIBIT A(e)



YOU DON'T HAVE TO BE
A FISHERMAN TO QUALIFY.

STOCK PHOTO

that were harmed by the Deepwater Horizon Oil Spill
BP has agreed that businesses and organizations are eligible for payment from the billions may be
the Deepwater Horizon Economic Settlement Fund. Even ones that aren't directly on the Gulf.
FIND OUT IF YOU QUALIFY AT DEEPWATERHORIZONSETTLEMENTS.COM

DeepwaterHorizonSettlements.com
1-866-992-6174

The Court Supervised Settlement Program





YOU DON'T HAVE TO BE A FISHERMAN TO QUALIFY.

(Object to farmer, as this falls squarely within pending BEL Compensation Framework dispute.)

STOCK PHOTO

BP has agreed that businesses and organizations ~~are~~ eligible for payment from ~~the billions~~ ~~in~~ the Deepwater Horizon Economic Settlement ~~fund.~~ Even ones that aren't directly on the Gulf. that were harmed by the Deepwater Horizon Oil Spill may be
FIND OUT IF YOU QUALIFY AT DEEPWATERHORIZONSETTLEMENTS.COM

DeepwaterHorizonSettlements.com
1-866-992-6174
The Court Supervised Settlement Program

# EXHIBIT A(f)

| Keyword | Global Monthly Searches | Local Monthly Searches |
|---|---|---|
| BP Settlement | 18,100 | 14,600 |
| Deepwater Horizon Settlement | 6,600 | 5,400 |
| BP Oil Spill Claim | 2,400 | 2,400 |
| BP Oil Spill Settlement | 2,400 | 2,400 |

| Headline | Text line 1 | Text line 2 | Link |
|---|---|---|---|
| Qualify for compensation under the BP settlement ~~money~~? | Find out if you qualify today. | Many people already have. | www.DeepWaterHorizonSettlements.com |
| Qualify for compensation under the BP settlement ~~money~~? | You may qualify for compensation ~~BP a~~ settlement. | ~~File a claim today.~~ If you were harmed by the oil spill. | www.DeepWaterHorizonSettlements.com |
| Qualify for compensation under the BP settlement ~~money~~? | Find out if you qualify for a | compensation under the settlement ~~from BP.~~ ~~File a claim.~~ | www.DeepWaterHorizonSettlements.com |
| BP Settlement | Not directly on the Gulf? | You may still qualify if you were harmed by the oil spill. | www.DeepWaterHorizonSettlements.com |
| BP Settlement | Find out if you qualify for a | settlement compensation from the BP settlement. ~~File a claim.~~ | www.DeepWaterHorizonSettlements.com |
| BP Settlement | You may qualify for compensation ~~BP a~~ settlement. | ~~File a claim today.~~ If you were harmed by the oil spill. | www.DeepWaterHorizonSettlements.com |
| BP Settlement Money | Find out if you qualify for a | settlement compensation from the BP settlement. ~~File a claim.~~ | www.DeepWaterHorizonSettlements.com |
| BP Oil Spill Claim | You may qualify for compensation ~~BP a~~ settlement. | ~~File a claim today.~~ If you were harmed by the oil spill. | www.DeepWaterHorizonSettlements.com |
| BP Oil Spill Claim | Find out if you qualify for a | compensation under the settlement ~~claim today. File online.~~ | |
| BP Oil Spill Claim | Harmed by BP oil spill? | You may qualify for compensation under the a settlement. | www.DeepWaterHorizonSettlements.com |
| DeepWater Horizon Settlement | Find out if you qualify today. | ~~File a claim.~~ | www.DeepWaterHorizonSettlements.com |
| DeepWater Horizon Settlement | Looking for settlement information? | You may qualify for compensation under the BP settlement ~~money~~. | www.DeepWaterHorizonSettlements.com |
| DeepWater Horizon Settlement | Looking for information on the DeepWater | Horizon Settlement? Learn more. | www.DeepWaterHorizonSettlements.com |
| DeepWater Horizon Settlement | You or your business harmed by | Deepwater Horizon? File a claim. | www.DeepWaterHorizonSettlements.com |
| BP Oil Spill Settlement | Not directly on the Gulf? | You may still qualify if you were harmed by the oil spill. | www.DeepWaterHorizonSettlements.com |
| BP Oil Spill Settlement | Find out if you qualify for a | settlement compensation from the BP settlement. ~~File a claim.~~ | www.DeepWaterHorizonSettlements.com |
| BP Oil Spill Settlement | You may qualify for compensation under the ~~BP a~~ settlement. | ~~File a claim today.~~ If you were harmed by the oil spill. | www.DeepWaterHorizonSettlements.com |
| BP Oil Spill Settlement | Find out if you qualify for a | compensation under the settlement ~~claim today. File online.~~ | www.DeepWaterHorizonSettlements.com |

## BP Tweets

1. Many businesses and organizations harmed by the Deepwater Horizon spill may qualify for compensation under the for BP settlement funds from BP. See if you may qualify here: Http://bit.ly/TUuRupwww.DeepwaterHorizonSettlements.com

2. You don't have to be a fisherman to qualify for compensation under the BP settlementBP money. Click through to see who qualifies: Http://bit.ly/TUuRupwww.DeepwaterHorizonSettlements.com

3. Businesses and organizations harmed by the Deepwater Horizon spill that aren't directly on the Gulf may qualify for compensation from the BP settlementBP money. Qualify today Http://bit.ly/TUuRupwww.DeepwaterHorizonSettlements.com

4. A farmer in North Louisiana qualified for compensation under the BP settlementBP money. Click through to see if you might be eligible there's money waiting for you: Http://bit.ly/TUuRupwww.DeepwaterHorizonSettlements.com

> **Comment [s1]:** Object to this example because the claim of a farmer in North Louisiana is the subject of a pending appeal and falls squarely within the current BEL Compensation Framework dispute.

5. A bike shop in Florida qualified for compensation under the BP settlementBP money. Visit Http:// bit.ly/TUuRupwww.DeepwaterHorizonSettlements.com to see if you do too

6. A restaurant in North #Alabama qualified for compensation under the BP settlementBP money. Visit Http://bit.ly/TUuRupwww.DeepwaterHorizonSettlements.com to see if you do too

7. A car dealership in #Mississippi qualified for compensation under the BP settlementBP money. Visit Http://bit.ly/TUuRupwww.DeepwaterHorizonSettlements.com to see if you do too

8. There's a formula in place to see if you qualify for money from the BP settlement. Visit
   Http://~~bit.ly/TUuRup~~www.DeepwaterHorizonSettlements.com to see if you might be eligible~~there's money waiting for you~~.

9. ~~When in doubt, file a claim for BP settlement funds. Visit~~
   ~~Http://bit.ly/TUuRup~~
   ~~today~~www.DeepwaterHorizonSettlements.com

**Comment [s2]:** Object because this statement ignores the causation requirement and suggests, without basis, that the recipient most likely is eligible for compensation under the Settlement.

# EXHIBIT A(g)

*Draft phone script for the court approved BP Deepwater Horizon Economic Settlement. This script is written based on contacting targeted businesses.*

> **Comment [s1]:** Not clear what the "targeted businesses are"

[Once the business owner and/or decision maker of the business is on the phone]: Hi, this is _____ and I am calling ~~on behalf ofabout~~ the Court Approved BP Deepwater Horizon Economic Settlement. BP has agreed that if you or your business were harmed by the Deepwater Horizon Oil Spill, ~~businesses and organizations are~~you may be eligible for payment. ~~Tens of thousands of b~~Businesses and organizations that were harmed by the Deepwater Horizon Oil Spill may qualify for ~~billions in~~ BP settlement funds and not just those located directly in the Gulf. The purpose of my call today is to see if you have already filed a claim or if you are in the process of filing a claim.

> **Comment [s2]:** Objection to calling on behalf of CA

[Record status]
A) Have already filed a claim

B) In the process of filing a claim

C) Unsure if we are eligible to file a claim

**[IF A - Already filed a claim]:** That's great. We just wanted to touch base and make sure you have the information that you need and direct you to the website if you have any questions. (If needed, the website is ***DeepWaterHorizonSettlements.com***). The Claims Administrator ~~We also have~~ has a call center of trained representatives that can assist you with any questions that you may have.

**[IF B or C – In the process of filing or unsure if eligible]:**

OK. For example: ~~A farmer in north Louisiana qualified.~~ A bike shop in Florida qualified. A restaurant in north Alabama…and a car dealership in Mississippi. If you have any questions~~doubt~~ about ~~your~~ eligibility or need ~~any~~ further information, the website is ***DeepWaterHorizonSettlements.com***. Or if you prefer, we can connect you to the Claims Administrator's ~~our~~ call center where trained representatives will explore your eligibility and/or help you file your claim. [Call Associate will transfer calls to the call center as deemed appropriate.]

Thank you for your time today, hopefully we've been able to provide some helpful information.

> **Comment [s3]:** Object to this example because the claim of a farmer in North Louisiana is the subject of a pending appeal and fall squarely within the current BEL Compensation Framework dispute.