**Class Counsel Proposal: Expense Recognition**

November 21, 2013

The Administrator has developed testing to identify claims where a matching issue may be present. Class Counsel agree that such initial testing is appropriate as an identification tool. The existence of one or more of the attributes, however, does not mean that the expenses are conclusively mismatched. The claimant should be given the opportunity to show why the expenses are sufficiently matched to the revenue recorded in the relevant Benchmark or Compensation Period, or should not be. The Administrator should use his discretion to determine whether the Contemporaneous P&Ls require adjustment. For those claims that are identified as requiring adjustment, Class Counsel would propose that certain variable expenses be apportioned to correspond to revenue recorded in the relevant Benchmark or Compensation Period.

The BEL Ruling at page 11 references Statement of Financial Accounting Concepts No. 6, Fin. Accounting Standards Bd., Paragraph 146, which provides:

> Matching of costs and revenues is simultaneous or combined recognition of the revenues and expenses that result directly and jointly from the same transactions or other events. In most entities, some transactions or events result simultaneously in both a revenue and one or more expenses. The revenue and expense(s) are directly related to each other and require recognition at the same time. In present practice, for example, a sale of product or merchandise involves both revenue (sales revenue) for receipt of cash or a receivable and expense (cost of goods sold) for sacrifice of the product or merchandise sold to customers. Other examples of expenses that may result from the same transaction and be directly related to sales revenues are transportation to customers, sales commissions, and perhaps certain other selling costs.

Statement of Financial Accounting Concepts No. 6, Fin. Accounting Standards Bd., Paragraph 147, further provides:

> Many expenses, however, are not related directly to particular revenues but can be related to a period on the basis of transactions or events occurring in that period or by allocation. Recognition of those expenses is largely independent of recognition of particular revenues, but they are deducted from particular revenues by being recognized in the same period.

Thus Class Counsel propose that, for those claims that are identified as requiring a matching adjustment, the Claims Administrator will identify, or consult with the Claimant when necessary to identify, those variable expenses which vary according to sales that produce both a revenue and an expense in the same period. These expenses will typically be:

    a. COGS - Variable
    b. Commissions

        c. Contract Labor (only when part of COGS)
        d. Credit card fees
        d. Discounts & Rebates
        e. Freight expense
        f. Consumable Goods (only when part of COGS)
        g. Sales/Lodging Tax
        h. Franchise Fee - Variable
        i. Fuel

If the Claims Administrator's accounting team cannot determine that the expenses are sufficiently matched to the revenue recorded in the in the relevant Benchmark or Compensation Period, or after inquiry the Claimant cannot reasonably provide information to support matching within the Documentation Requirements set forth in Exhibit 4A, these expenses shall be reallocated over the months of that year (or a shorter period if appropriate) in proportion to the revenue recorded in each monthly period. For example, if the total annual variable cost of goods sold represents 15% of the annual revenue, the variable cost of goods sold will be reallocated so that each month's variable cost of goods sold represents 15% of the monthly recorded revenue.

Class Counsel propose that certain expenses are inherently unrelated to the period in which the revenue item is recorded by the Claimant on the Contemporaneously prepared Profit & Loss Statements. As such, these expenses should typically be recognized during the month reflected on the Contemporaneous P&Ls:

        a. Donations and Contributions
        b. Drug Testing
        c. Repairs (excluding maintenance)
        d. Training and Education
        e. Travel and Entertainment.

Inventory Adjustment and Bad Debt expense present special cases.

The nature of Inventory Adjustments suggest they should be allocated based on the revenue recorded. Normally these adjustments do not relate to the period in which they are made. Apportionment of this adjustment based on the revenues recorded each month would more accurately match the inventory costs to revenues.

Bad Debt, on the other hand, should be recognized in the period when the debt was determined to be uncollectible. Most Claimants employ the specific identification method, which recognizes the expense in the period that the receivable is determined to be uncollectible, as the general concept under GAAP is that impairment of receivables shall be recognized when, based on all available information, it is probable that a loss has been incurred based on past events and conditions existing on the date of the financial statements; losses shall not be recognized before it is probable that they have been incurred.[1] Since the Bad Debt issue only applies where revenue is being recognized based on accrual principles, it is appropriate to apply these same principles to Bad Debt expense. For example, if Bad Debt is recorded at year end, but

---

[1] FASB Accounting Standards Codification 310-10-35-8.

Page 3

the Claimant can identify the specific month in which it became known that the debt was uncollectible, then that Bad Debt expense should be reassigned to the month in which it was first deemed uncollectible. If a specific month cannot reasonably be identified from the Documentation required in Exhibit 4A, the expense should remain in the month as recorded by the Claimant – as, presumably, that would be the first time the debt was determined or estimated to be uncollectible.

The remaining significant line item of expense is Payroll Cost. The Settlement Agreement establishes a specific negotiated approach to the apportionment of Payroll Cost, and should not be adjusted.