## Class Counsel Statement: Revenue Recognition

November 21, 2013

All three judges on the BEL Panel rejected BP's argument that the Settlement Program should "smooth" occasional "spikes" in revenue that might occur within the Claimants' "comparable" Benchmark and Compensation Periods. As held by Judge Clement:

> BP's primary concern seems to be the uneven cash flows of certain types of businesses. We accept this possibility, but we see nothing in the agreement that provides a basis for BP's interpretation. Despite the potential existence of this kind of distortion, the parties may not have considered it, agreed to ignore it, or failed for other reasons to provide clearly for this eventuality. The district court was correct that BP's proposed interpretation is not what the parties agreed.[1]

The evidentiary record on remand further establishes that the Parties never proposed, suggested, discussed or agreed that Program Accountants would look to the "business activities" of the claiming Entity (or other "revenue attribution criteria") to attempt to determine what revenues had been "earned" during the Benchmark or Compensation Periods.[1]

Nevertheless, BP, through its retained after-the-fact "experts" (and PR campaign) have taken incomplete definitions and other sections from general accounting literature totally out of context to support an amorphous and ever-changing position that the Settlement Program should move, or "smooth", or otherwise change the revenues recorded on Contemporaneous P&Ls based on various as-yet-to-be-determined factors.

BP's latest declarant, Mr. Davis, totally ignores the existing practices and protocols employed by independent, BP-selected Settlement Program Accountants, which require Claimants to substantiate and support the revenue recorded.

Class Counsel respectfully continue to submit that revenue should not typically be moved into or out of the relevant Benchmark and Compensation Periods, as recorded in the Claimant's Contemporaneous Profit & Loss Statements. This rule should apply to Accrual, Cash, and Modified financial statements.

---

[1] SLIP OPINION, p.25. (This finding appears in Part I of Judge Clement's opinion, which was joined by Judge Southwick. And it is clear that Judge Dennis also agrees.)

[1] *See generally,* CLASS COUNSEL BRIEF ON THE BEL REMAND ISSUE [Doc 11862], pp.3-4, 8-9; *citing,* SETTLEMENT AGREEMENT, Exhibit 4C, p.2 [Doc 6276-10, at 3]; RICE DECLARATION (Nov. 6, 2013) [Doc 11804-4], ¶15; HERMAN DECLARATION (Nov. 5, 2013) [Doc 11804-1], ¶13; JONES DECLARATION (Nov. 5, 2013) [Doc 11804-26], ¶¶9-10; SCOTT DECLARATION (Nov. 4, 2013) [Doc 11804-27], ¶5; RICE DECLARATION (Nov. 12, 2013) [Doc 11833-6], ¶¶10-11; FAYARD DECLARATION (Nov. 11, 2013) [Doc 11833-10], ¶¶ 24, 26; WALLACE DECLARATION (Feb. 18, 2013) [Doc 8963-4], ¶3; *see also,* PANZECA DECLARATION (Feb. 18, 2013) [Doc 8963-85], ¶14; SUPPLEMENTAL DECLARATION OF ALLEN CARROLL (Oct. 24, 2013) [Doc 11740-1]; FASB CONCEPT STATEMENT 5, Paragraphs 83(b) and 84(a); KIESO, WEYGANDT & WARFIELD, *Intermediate Accounting* (14th ed.), p.60.

All relevant literature informs that **_all_** of the following criteria are required for revenue recognition, under Accrual Accounting:

- Persuasive evidence of an arrangement exists,
- Delivery has occurred or services have been rendered
- The seller's price to the buyer is fixed or determinable, and
- Collectability is reasonably assured.[2]

Simply put, under Accrual Accounting, revenue is recognized in the period when all of the above conditions are met, and cannot be "smoothed" over a period prior to meeting **_all_** of the above conditions.

For the vast majority of claimants, the revenue recognition principles are the same in practice under both cash and accrual methods. Hotels, restaurants, retail businesses, and many service providers would recognize revenue in the same period under both recognition methods. These claimants would receive cash at the time of sale, and would recognize revenue in that period. Businesses that invoice their customers and are paid later would recognize revenue based on the date that services were rendered. However, without the documentation to establish the dates on which services were rendered for each transaction, conversion of revenue to an "accrual type" methodology would be inherently artificial, and would not lead to more accurate results.[3]

For other Claimants, where payment is received later than when it was "earned" (*i.e.* the earnings process is complete before cash is received), the difference between cash receipts and accrual basis revenue is not typically significant. Moving revenue creates a significant risk of distorting economic reality if recognition is not based on Generally Accepted Accounting Principles, which is not required under the Settlement Agreement, and not commonly used among many claimants.

As noted by the Louisiana and Alabama Societies of Certified Public Accountants, appearing as *Amici Curiae*:

> BP's decision to embrace monthly-internal financial statements, prepared in the ordinary course of business, was made with the undisputed understanding that in preparing such statements most claimants use either the cash basis, income tax basis, modified accrual, or contractual basis of accounting (and not GAAP). The brief submitted by the academic amici never mentions this uncomfortable fact and completely ignores the terms of the Settlement Agreement. The Professors simply recite pages of GAAP concepts that are not recognized by the Settlement Agreement and

---

[2] FASB CONCEPTS STATEMENT 5, Recognition and Measurement in Financial Statements of Business Enterprises, paragraph 83(b); Con 6, Page 35, Footnote 56 references Concepts Statement 5 (Par. 83 and Footnote 50); SECURITIES AND EXCHANGE COMMISSION STAFF ACCOUNTING BULLETIN NO. 104 ("SAB 104"), Pages 10 and 1; KIESO, WEYGANDT & WARFIELD, *Intermediate Accounting* (14th Ed.), at p.60.

[3] *See generally* SUPPLEMENTAL DECLARATION OF W. ALLEN CARROLL (October 24, 2013) [Doc. 11740-1].

are utilized by large multi-national companies, such as BP, in producing financial statements reviewed by regulators.

But in the real world, where the thousands of CPA amici here practice, most companies throughout the Gulf Coast Region keep their monthly accounting records on perfectly acceptable and well-recognized bases other than GAAP (which are referred to in authoritative accounting literature as "other comprehensive bases of accounting") and are widely used alternatives to the numerous and often complex accounting requirements prescribed by GAAP. These recognized bases of accounting other than GAAP include:

   ° cash basis (including modified cash basis)
   ° regulatory basis
   ° tax basis
   ° contractual basis
   ° modified accrual basis

The cash basis and tax basis methods are the most prevalent.[4]

Section 446(a) of the Internal Revenue Code, which articulates a general rule for methods of accounting, states that "[t]axable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books." Simply put, revenue recognition is based on the accounting method used by a business.[5]

Nevertheless, and in any event, there is no GAAP, Accrual or other accounting standard which allows – much less requires – a company to recognize or record revenue *before* (or after) it is "earned" based on as-yet-to-be-defined "revenue attribution criteria" or past or future "business activities".

As verified by Dr. Mark Kohlbeck:

Recognition of revenue and expenses under the accrual-basis of accounting (GAAP) is based on the revenue recognition principle and the expense recognition principle. The revenue recognition principle requires the revenue to be both earned and realizable to be recognized (Concepts Statement No, 5, ¶83)

\*    \*    \*

---

[4] BRIEF OF *AMICI CURIAE* CERTIFIED PUBLIC ACCOUNTING SOCIETIES IN SUPPORT OF APPELLEES, No.13-30315 (June 24, 2013), at pp.4-5 [Fifth Cir. Doc. 00512285581, at 11-12]; *citing,* PANZECA DECLARATION (Feb. 18, 2013) [Doc 8963-85], ¶14 [R.15968]; *see also,* SUPPLEMENTAL DECLARATION OF W. ALLEN CARROLL (Oct. 24, 2013) [Doc. 11740-1].

[5] BRIEF OF *AMICI CURIAE,* at p.5 [Fifth Cir. Doc. 00512285581, at 12].

> **Moving revenue properly recognized in one period under accrual-basis of accounting (GAAP) to another period (for example, in an effort to smooth earnings) is a form of earnings management and is considered unacceptable for financial reporting purposes by the accounting profession.**

DECLARATION OF DR. MARK KOHLBECK, CPA (Feb. 18, 2013) [Doc 8963-80], ¶¶ 6, 10, (emphasis supplied); *see also,* PANZECA DECLARATION (Feb. 18, 2013) [Doc 8963-85] ¶¶ 23, 27; DECLARATION OF ALLEN CARROLL (Jan. 16, 2013) [Doc 8963-77], p.2; ASHER DECLARATION (Jan. 15, 2013) [Doc 8963-78], ¶¶ 7-8; STUTES DECLARATION (Jan. 17, 2013) [Doc 8963-79], ¶¶ 6-7; SUPPLEMENTAL CARROLL DECLARATION (Feb. 18, 2013) [Doc 8963-87], ¶10 ("GAAP recognition rules and 'matching' most often apply to expense recognition not revenue recognition"), ¶13 ("BP's proposal to move revenue to match expenses is backwards and violates the very concept referred to as matching in BP's out of date textbook"), ¶14 ("The matching approach that BP advocates is not matching in any sense recognized in the accounting world, but is merely an allocation formula that artificially moves revenue into months before or after it was earned based on variable expenses").