# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * MDL NO. 2179 <br> * <br> * SECTION J <br> * |
| This document relates to: <br> All Cases and No. 12-970 | * <br> * Honorable CARL J. BARBIER <br> * <br> * Magistrate Judge SHUSHAN <br> * |

**[PROPOSED] PERMANENT INJUNCTION RELATED TO BEL CLAIMS**

In view of the United States Court of Appeals for the Fifth Circuit's decision in *In re: Deepwater Horizon,* No. 13-30315 (consolidated with 13-30329), dated October 2, 2013, the undersigned entered an order to suspend the issuance of any final determination notices or any payments on certain Business Economic Loss ("BEL") claims. Doc. No. 11566. The Order was issued as an immediate and interim measure until the Court was able to confer with and receive input from the parties in order to confect a "narrowly tailored" preliminary injunction order as instructed by the Fifth Circuit.

Thereafter, on October 18, 2013, upon further consideration of the Fifth Circuit's decision, and after consultation with the Parties and the Claims Administrator, the Court entered a Preliminary Injunction Related to BEL Claims. Doc. No. 11697.

Now, upon consideration of the evidentiary declarations and legal memoranda submitted by the parties, and after consultation with them, the Claims Administrator, and the Special Masters, the Court hereby orders as follows:

1.  The Claims Administrator and Settlement Program shall process and pay all Business Economic Loss ("BEL") claims – whether new claims, claims for which final

determination notices and payments were suspended pursuant to the Preliminary Injunction, or claims in the Claims Appeal Process – in such a way as to:

        a.      Determine proper monthly "revenues" and "corresponding variable expenses" related to those revenues consistent with an accrual-style framework, obtaining and using objective and reliable sources of information as necessary to make this determination in an informed manner, as authorized by Exhibit 4A of the Settlement Agreement.

        b.      Screen all BEL claims for failure to record monthly revenues and corresponding variable expenses accurately, using a proper accrual framework and triggers consistent with those identified in the Declaration of Patrick Juneau, Oct. 25, 2013 (Doc. No. 11741), and the Declarations of Hal Sider, Oct. 9, 2013 (Doc. No. 11726-8) and Nov. 7, 2013 (Doc. No. 11819-3).

        c.      Employ a definition of "revenues" that treats as revenues those enhancements of an entity's net assets which derive from earnings activities constituting its principal and ongoing business operations.

        d.      Attribute monthly "revenues" in a manner consistent with economic reality based on those business operations that generate earnings.

        e.      Employ a definition of "corresponding variable expenses" that treats as such expenses those actual or expected reductions in net assets that have occurred or will occur as a result of the entity's principal and ongoing business operations and, for any given month, were incurred to generate the revenues properly attributed to that month.

        f.      Take into account all factual information known and reasonably available to the Settlement Program regarding "revenue" and "corresponding variable expenses" including

subsequently corrected financial data, so as to achieve results consistent with economic reality in the calculation of lost profits.

    g. Calculate BEL lost profits under Exhibit 4 of the Settlement Agreement using monthly "revenues" and "corresponding variable expenses," determined in accordance with this order, so as to reflect actual economic loss during the selected Compensation Period.

  2. This Order does not affect claims submitted to the Settlement Program for: (i) Seafood Program Compensation, (ii) IEL other than those IEL claims identified in paragraph 3 of the Order dated October 18, 2013, Doc. No. 11697; (iii) Subsistence, (iv) VoO Charter Payments, (v) Vessel Physical Damage, (vi) Coastal Real Property Damage, (vii) Wetlands Real Property Damage, or (viii) Real Property Sales Damage. Such categories of claims are to be processed, and determinations, decisions and payments are to be made, in the normal course of the Program's operation.

  New Orleans, Louisiana, this _____ day of _____, 2013.

                _____
                Carl J. Barbier
                United States District Judge