IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL No. 2179** |
| This Document Relates to: | **SECTION: J** |
| No. 12-970 | **JUDGE BARBIER** |
| | **MAGISTRATE SHUSHAN** |

**MEMORANDUM IN SUPPORT OF
OBJECTION TO MAGISTRATE JUDGE'S ORDER
STRIKING BP'S NOVEMBER 7, 2013 NOTICE OF FILING**

The work of the CSSP is not private business.  That work proceeds by reason of a Court-approved class action settlement under the Court's continued supervision.  In the BEL appeal, BP challenged certain aspects of the Claims Administrator's work, and that matter is now before the Court on remand from the Fifth Circuit.  In connection with the remand proceedings, and as both Class Counsel and it have done in the past, BP filed with the Clerk correspondence between BP's counsel and the Claims Administrator regarding the issue of "matching" – a filing, in fact, that was in response to a submission filed by Class Counsel.  Yet the Magistrate Judge struck BP's filing from the docket – and only BP's filing – purportedly because the docket had grown too voluminous.  *See* Notice of Filing, Nov. 7, 2013, Doc. No. 11825 ("the Filing"); Correction of Docket Entry, Nov. 8, 2013, Doc. No. 11827.

Because the Filing was and is pertinent to the issue on remand from the Fifth Circuit, the Court should set aside the order striking the filing.

## BACKGROUND

The Filing consisted of three exhibits: a November 7, 2013 letter from George H. Brown to the Claims Administrator and two attached declarations. One declaration was from John H. Davis, an audit partner at KPMG and an accounting expert; the other was from Hal Sider, the Executive Vice-President of Compass Lexecon, an economic consulting firm.

The Filing addressed two issues. The first was how to improve the Claims Administrator's criteria for identifying claims that may present matching problems – criteria that this Court's October 18, 2013 preliminary injunction instructed the Claims Administrator to develop and implement. The second was how to implement proper revenue attribution and matching. The Filing thus bears directly on the specific issues before this Court on remand, as well as the Court's ongoing supervision of the Settlement.

The parties have filed correspondence with the Claims Administrator before when it was relevant to issues pending before the Court. BP did so when it filed its motion for a preliminary injunction. *See* Mot. For Preliminary Injunction, Mar. 20, 2013, Doc. No. 8964 (attaching 32 exhibits). In response, Class Counsel did the same. *See* Notice of Filing, Mar. 17, 2013, Doc. No. 8913. And since the decision in *In re Deepwater Horizon*, 732 F.3d 326 (5th Cir. 2013), both parties have filed relevant correspondence between the parties and the Claims Administrator. *See* Mem. to Claims Administrator, Oct. 23, 2013, Doc. No. 11728-7.

Notably, Class Counsel filed a letter and declaration from one of their expert witnesses that pertains to these issues. Decl. of W. Allen Carroll, Jr., Oct. 26, 2013, Doc. No. 11740-1. BP, in turn, filed two letters to the Claims Administrator that responded to Class Counsel's letter and the declaration. Notice of Filing, Oct. 25, 2013, Doc. No. 11739. The stricken November 7 Filing was simply the most recent of in a string of filings of this type.

One day after BP submitted the Filing, the Magistrate Judge *sua sponte* ordered that it be removed from the record.  Judge Shushan did not issue a written order or make findings.  She stated in a telephone call to BP's counsel that it was not appropriate for BP to file its correspondence with the Claims Administrator, that BP could file the materials if and when an appeal is taken, and that she would prefer to keep the record less voluminous.  Decl. of George H. Brown ¶ 3, Nov. 22, 2013 (attached as Exhibit A).  The Carroll Declaration submitted by Class Counsel remains in the record.

## ARGUMENT

The Magistrate Judge's order is both contrary to law and clearly erroneous.[1]  It is contrary to law because no Federal Rule of Civil Procedure, nor any aspect of the Court's inherent authority, empowers a magistrate judge to strike a filing that is material and pertinent to the enforcement of a court-enforced settlement.  BP recognizes that the Magistrate Judge stated that BP could resubmit the Filing at a later date, if there is an appeal.  But this will do BP no good – both because this Court will not be able to consider the Filing in rendering its decision, and because the record on appeal ordinarily is limited to the material available to the district court at the time of its decision.

## I.     THE MAGISTRATE JUDGE'S ORDER CANNOT BE JUSTIFIED UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.

In this case, the Magistrate Judge *sua sponte* ordered that the Filing be removed from the record to keep the record less voluminous.  Brown Decl. ¶ 3.  No Federal Rule of Civil Procedure, nor any Local Rule of the Eastern District of Louisiana, grants the Court or the

---

[1]   When a party objects to a magistrate judge's order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Magistrate Judge the authority to strike filings from a case solely because the docket has grown voluminous.  Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" and that the court may act "on its own."  Fed. R. Civ. P. 12(f).  But insofar as the Magistrate Judge relied on Rule 12(f) – and it is not clear that she did – her ruling is improper for two reasons.[2]

First, Rule 12(f) only applies to pleadings, as defined in Rule 7(a) – i.e., a complaint, answer to a complaint, answer to a counterclaim designated as a counterclaim, answer to a crossclaim, third-party complaint, answer to a third-party complaint, or reply to an answer.  *See* Fed. R. Civ. P. 7(a).  Rule 12(f) does not authorize striking other filings, such as evidentiary declarations.  *See Conry v. Daugherty*, No. 10-cv-4599, 2011 WL 2473959, at *2 (E.D. La. June 22, 2011) (explaining that Rule 12(f) is "inapplicable" to filings not listed in Rule 7(a)); *York v. Ferris State Univ.*, 36 F. Supp. 2d 976, 980 (W.D. Mich. 1988) (Rule 12(f) "provide[d] no basis for" the striking of an affidavit); *see also* 2 Moore's Federal Practice § 12.37(2) (3d ed. 2013) (Rule 12(f) applies only to "material including in a 'pleading' . . . , and courts have been unwilling to construe the term broadly . . . .  Motions, briefs or memoranda, objections, or affidavits may not be attacked" pursuant to Rule 12(f) (footnotes omitted)).

Second, even if Rule 12(f) could apply to filings other than pleadings, BP's filing was not "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f).  An order under Rule 12(f) is "not favored," and courts as a general rule do not strike filings "unless it is clear that [they] can have no possible bearing upon the subject matter of the litigation."  *Pan Am. Life Ins.*

---

[2]   The Magistrate Judge did not explain the legal basis for her decision.  This memorandum therefore explains why her order cannot be justified under any authority that might properly empower such action.

*Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962) (quoting 2 Moore's Federal Practice ¶ 12.21(2) (2d ed. 1961)); *see also* 2 Moore's Federal Practice § 12.37(3) (material is "impertinent" or "immaterial" only "when it is neither responsive nor relevant to the issues involved in the action" and "its inclusion will prejudice" the other party); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004) (a court should not strike a filing unless it "ha[s] no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action" (footnote omitted)).  The Filing was plainly relevant to the issue on remand, however, and the Magistrate Judge recognized as much in stating that the Filing could be made part of the record at a later date if there is a further appeal.[3]  In any event, the legal standard is lower than "relevance," and it cannot be said the Filing has no "logical connection" to the issue on remand.

The first document that is part of the Filing – the November 7 letter to the Claims Administrator – concerns the development of an accrual-style framework for BEL claims.  That letter is the last word in a dialogue between the parties and the Claims Administrator.  None of the previous correspondence constituting the exchange has been stricken from the record.[4]  The other two documents that are part of the Filing – the Davis and Sider Declarations – address revenue attribution and "matching."  The Davis Declaration explains the concepts of revenue attribution and "matching," and offers practical suggestions for how the Settlement Program can

---

[3]   Indeed, Class Counsel's filing of correspondence concerning the exact same issues is captioned, "Class Counsel's Notice of Filing **Related to the Remand on BEL Issues**."  Notice of Filing, Oct. 24, 2013, Doc. No. 11728 (emphasis added).

[4]   *See* Doc. No. 11728; Doc. No. 11739; Doc. No. 11740-1.

apply these concepts to different types of businesses.  The Sider Declaration explains criteria that

can be used to identify claims that may present "matching" problems.  Both declarations are

relevant to the Court's order requiring the Claims Administrator to develop criteria to determine

whether "a claim is supported by 'sufficiently-matched, accrual-basis accounting.'"  Preliminary

Injunction Related to BEL Claims at 6, Oct. 18, 2013, Doc. No. 11697.

The declarations have added relevance because they respond to the Carroll Declaration,

which contends that revenue attribution would be "problematic."  Carroll Decl. at 1.  The

Magistrate Judge did not strike the Carroll Declaration, which remains part of the record.  Thus,

apart from there being no basis under Rule 12(f) to strike the filing, it is hardly fair to allow

plaintiffs to file an expert declaration and then strike the declarations filed by BP in response,

particularly when the only basis for doing so is that the record has grown voluminous.[5]

The Magistrate Judge also erred as a matter of law by suggesting that BP simply could

refile the documents if and when it decided to appeal from a final judgment of this Court.  In the

first place, the Filing is relevant to the issue being considered by the Court now.  Indeed, BP has

already lost the opportunity to enlist the Filing in support of its motion for a permanent

injunction, which argues for the necessity of proper revenue attribution and matching.  BP's

Proposal for Matching and Mem. in Support of Permanent Inj. Related to BEL Claims, Nov. 21,

2013, Doc. No. 11886.  And Class Counsel cited both the Carroll Declaration and the stricken

Davis Declaration in its submission to the Court.[6]  Given Class Counsel's discussion of Mr.

---

[5]   Nor can the inherent power of district courts – which "are of course not unlimited," *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 596 (5th Cir. 2008) – justify striking relevant filings for this reason.

[6]   Class Counsel Statement: Revenue Recognition at 1, Nov. 21, 2013, Doc. No. 11885-2.

Davis's declaration, the record is incomplete if the declaration itself remains stricken.  As a general rule, moreover, an appeal is based on the record that pre-dated the judgment, not later submissions.  *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) ("[O]ur review is confined to an examination of materials before the lower court at the time the ruling was made; subsequent materials are irrelevant.").  Thus, BP runs the risk that the plaintiffs will object if it submits the Filing after the fact, or that the Fifth Circuit will decline to consider it.

## II.    THE MAGISTRATE JUDGE'S ORDER PREVENTS BP FROM MAKING A RECORD FOR APPEAL.

The Magistrate Judge lacked authority to prevent BP from making a record for possible appeal.  "[T]he Federal Rules do not permit the district court to prevent parties from including in the record any part of the occurrences below which they wish thus included." *Treasure Imps., Inc. v. Henry Amdur & Sons, Inc.*, 127 F.2d 3, 4 (2d Cir. 1942).  Indeed, "[t]he policy that it is the appealing parties, and not the trial court, who control the issues to be presented on appeal has been embodied in federal practice since the Federal Rules were adopted in 1938." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) (per curiam).  In that case, the district court had issued a formal order directing the parties to send all papers in the case to the district court's chambers, rather than filing those papers with the district court clerk, and then refused to forward some of petitioner IBM's motions to the clerk for filing.  *Id.* at 44-45.  On petition for mandamus, the Second Circuit held that "[t]he judge's refusal to file IBM's papers" was a "usurpation of power" because it "prevented [IBM] from making a record for purposes of appeal," *id.* at 45, and it granted mandamus to correct the district court's "impermissible interference with petitioner's right to make the record it chooses for purposes of appeal," *id.* at 46.

The Magistrate Judge's *sua sponte* order in this case is impermissible for the reasons articulated in *Edelstein*.  This Court should correct the Magistrate Judge's error.

## CONCLUSION

BP respectfully requests that this Court reverse the Magistrate Judge's order and restore its filing to the record.

November 22, 2013

James J. Neath
Mark Holstein
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX  77079
Telephone:  (281) 366-2000

Telefax:  (312) 862-2200

Respectfully submitted,

  */s/ Kevin M. Downey*
Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000

Telefax:  (202) 434-5029

8

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone:  (202) 942-5000
Telefax:  (202) 942-5999

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 662-5985
Telefax:  (202) 662-6291

Jeffrey Lennard
Keith Moskowitz
DENTONS US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606
Telephone:  (312) 876-8000
Telefax:  (312) 876-7934

***OF COUNSEL***

_/s/ Don K. Haycraft_
S. Gene Fendler (Bar #05510)
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
David J. Zott, P.C.
Jeffrey J. Zeiger
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2000
Telefax:  (312) 862-2200

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Telefax:  (202) 879-5200

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY***

9

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of November, 2013.

/s/ Don K. Haycraft
Don K. Haycraft