

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   NOV 22 2013
              wP

WILLIAM W. BLEVINS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

HOLT HUDSON AND
DESTIN OKALOOSA CHILDREN'S TRUST.
L. D. BROWN, AS TRUSTEE BY AND ON
BEHALF OF THE TRUST REPRESENTING
ALL INTERESTS OF IT'S BENEFICIARIES

    Plaintiffs,

v.

TRANSOCEAN, LTD., BP, PLC, TRANSOCEAN, LTD,
(TRANSOCEAN ENTITY), TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC., (TRANSOCEAN
ENTITY), TRANSOCEAN DEEPWATER, INC,
(TRANSOCEAN ENTITY), BP PRODUCTS NORTH
AMERICA, INC. BP AMERICA, INC; CAMERON
INTERNATIONAL CORPORATION and, HALIBURTON
ENERGY SERVICES, INC.,

    Defendants.

MDL 2179

Civil Action File No.

2:12-cv-02768

SECTION "J-1"

TENDERED FOR FILING

NOV 22 2013

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW the Plaintiffs, Holt Hudson and Destin Okaloosa Children's Trust, L. D. Brown, as Trustee, (hereinafter referred to as "Plaintiffs"). Holt Hudson and Destin Okaloosa Children's Trust, L. D. Brown, as Trustee are persons of the full age of majority and owners of property in the United States, Destin, Florida.

They respectfully represent as follows:

1. Defendants herein are:

(A) BP, PLC, BP AMERICA, INC. and BP PRODUCTS NORTH AMERICA, INC. hereinafter referred to collectively as "BP", are foreign corporations doing business in this country, including the Gulf of Mexico.

Defendant BP AMERICA, INC. is an Illinois corporation licensed to do business in the State of Florida and may be served through their registered agent of service, to wit: Leslie N. Reizes, attorney, Reizes Law Firm, 1200 S. Federal Hwy, Boynton Beach, Florida 33435

Defendant BP PRODUCTS NORTH AMERICA, INC. is an Illinois corporation licensed to do business in the State of Florida and may be served through their registered agent of service, to wit: Reizes law Firm, 1200 S. Federal Highway, Boynton Beach, Florida 33435.

(B) TRANSOCEAN, LTD, (TRANSOCEAN ENTITY), a foreign corporation doing business in this country, including the Gulf of Mexico and may be served through their registered agent of service, to wit: Capital Services, Inc., 615 South Dupont Highway, Dover, Delaware 19901.

(C) TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN ENTITY), a foreign corporation doing business in this country, including the Gulf of Mexico and may be served through their registered agent of service, to wit: Capital Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

(D) TRANSOCEAN DEEPWATER, INC., (TRANSOCEAN ENTITY), a foreign corporation doing business in this country, including the Gulf of Mexico and may be served through their registered agent of service, to wit: Capital Services, Inc., 615 South Dupont Highway, Dover, Delaware 19901.

(E) HALLIBURTON ENERGY SERVICES, INC., hereinafter referred to as "Haliburton", a foreign corporation doing business in this country, including the Gulf of Mexico and may be served through their registered agent of service, to wit: c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

(F) CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION (CAMERON), a foreign corporation that manufactured, supplied and/or maintained defective and/or inoperable Blow Out Preventers (BOP) and may be served through their registered agent of service, to wit: c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

2. This court has jurisdiction over this action.

3. Plaintiffs, Holt Hudson and Destin Okaloosa Children's Trust, L. D. Brown, as Trustee, are land owners who own Gulf front properties on the Florida Gulf Coast: 1010 Highway 98, Unit 301, Destin, FL 32541. Mr. Hudson owned 775 Gulf Shore Drive, Unit 7101, Destin, FL 32541

4. The Defendants, are justly and truly indebted unto your Plaintiffs, individually for the following reason, to-wit:

5. At all material times, Plaintiffs are landowners who own Gulf front properties in Florida on the Gulf of Mexico. The value of their property has been diminished by the

3

acts of the defendants. They have lost rental income, the use and enjoyment of their property and have suffered other economic and compensatory damages.

6. TRANSOCEAN ENTITIES, employed workers aboard the offshore drilling vessel, DEEPWATER HORIZON, a semi-submersible mobile drilling unit that was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS and/or BP AMERICA at all material times herein. Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion. Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion. Defendant CAMERON manufactured, supplied, installed and/or maintained defective BOP's that failed to operate and control the oil leak.

7. On or about April 20, 2010 at approximately 10 p.m., on the DEEPWATER HORIZON, which is located 50 miles southeast of Venice, Louisiana, without warning and all of a sudden, an explosion occurred on the vessel, causing its crewmembers to be thrown overboard and killing several crewmembers aboard the vessel.

8. The accident was caused by no fault of the Plaintiffs and was caused solely by the negligence of Defendants as more fully set forth herein. Since the time of the accident a remotely operated vehicle continues to carry out "multiple attempts" to activate the subsea blowout preventer to stop the well from leaking by estimates thousand barrels

4

of crude per day into the Gulf. Attempts to shut off the well by use of the subsea blowout preventer had been unsuccessful.

9. Plaintiffs further maintain that Defendants were negligent in responding to disaster, particularly with respect to downplaying the nature, size and extent of the leak and failing to employ adequate responders and/or equipment in field to control the oil slick.

10. As a result of the above described incidents, waterfront property (along with other natural resources) has been harmed to the extent that Plaintiffs, Holt Hudson and Destin Okaloosa Children's Trust, L. D. Brown, as Trustee, have experienced a diminution in value, loss of rental income, loss of use and enjoyment of property and other economic damages and compensatory damages.

11. At all times material hereto, the vessel which exploded, was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by Defendant, TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS.

12. This incident occurred as a result of the negligence of Defendants, TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS. These acts of negligence render the defendants liable to Plaintiffs pursuant to the provisions of general maritime law for negligence.

13. The explosion was caused by Defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard including the requirement to test the subsea blowout preventer every two weeks.

14. Defendant BP, BP PRODUCTS and BP AMERICA, INC. knew of the dangers of deep water drilling and failed to take appropriate measures to protect workers and land owners such as the Plaintiffs and the environment.

15. Plaintiffs, Holt Hudson and Destin Okaloosa Children's Trust, L. D. Brown, as Trustee, individually, demand that Defendant, TRANSOCEAN, provide the cost of cleanup.

16. The above-described incidents were caused solely by the negligence of Defendants, TRANSOCEAN ENTITES and/or BP and/or BP PRODUCTS and HALIBURTON, through their agents, servants and employees, which are more particularly described as follows:

    a. Failing to properly operate the Deepwater Horizon;

    b. Failing to properly supervise employees upon the Deepwater Horizon;

    c. Failing to properly train and/or supervise agents and employees upon the Deepwater Horizon;

    d. Failing to properly inspect to assure that the Deepwater Horizon equipment and personnel were fit and utilized for their intended purpose;

    e. Failing to provide sufficient personnel to perform operations aboard the Deepwater Horizon;

    f. Failing to exercise due care and caution in the operation of the Deepwater Horizon;

    g. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon day wore operating and constructing at the time of the explosion;

    h. Inadequate and negligent training and hiring in the construction and maintenance and operation of the Deepwater Horizon;

    i. Failing to ascertain that the Deepwater Horizon was free from defects and/or in proper working order;

    j. Failure to timely bring the release under control;

    k. Failure to react to danger signs; and, such other acts of negligence and omissions as will be shown at the trial of this matter;

    1. Other acts of negligence which will be shown more fully at trial.

17. In the further alternative, Plaintiffs, reiterating and re-alleging each and every allegation set forth above, as though set forth herein in extensor, avers the applicability of the doctrine of *res ipsa loquitur*.

18. In addition, any alternative, any explosion and resulting oil released was caused by defective equipment which was in the care, custody, and control of Defendants. Defendants knew or should have known of these defects and Defendants are, therefore, liable for them.

19. The damages to Plaintiffs were also caused by or aggravated by the fact that Defendants failed to properly respond to the release and take necessary actions to mitigate the danger surrounding community and/or to timely and adequately warn of the release of oil.

20. In addition to the negligent and/or wanton actions described above, and in the alternative thereto the injuries and damages suffered by Plaintiffs were caused by the acts and/or omissions of the Defendants that are beyond proof by the Plaintiffs, but which are within the knowledge and control of the Defendants, there being no other possible conclusion that the explosion and release of oil resulted from the negligence of Defendants. Furthermore, the explosion and the resultant oil released would not have occurred had the Defendants exercise the high degree of care and post on them and Plaintiffs, therefore, plead the doctrine of the *res ipsa loquitor*.

21. Plaintiffs are entitled to a judgment finding Defendants liable to Plaintiffs for damages suffered as a result of Defendants' negligence and/or wantoness and awarding Plaintiffs adequate compensation therefore in amounts determined by the trier of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Holt Hudson and Destin Okaloosa Children's Trust, L. D. Brown, as Trustee, individually, pray that the Defendants, jointly, severally, as follows:

a. Economic and compensatory damages in the amounts to be determined at trial, but not less than the $5,000,000.00.

b. Punitive damages;

c. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d. Costs of litigation;

e. Such other and further relief available under all applicable state and federal laws and

f. any relief the court deems just and appropriate, specifically the Oil Pollution Act of 1990 (33 U.S.C. 2701, et seq); and

g. A trial by jury as to all Defendants.

Respectfully submitted,

*Holt Hd Pro Se* (signature)

Holt Hudson, Pro Se
181 Brook Forest Drive
Dallas, GA 30157
770-597-3000
Email: HoltHudson@gmail.com

*(signature)* AS TRUSTEE

Destin Okaloosa Children's Trust
L. D. Brown, as Trustee, Pro Se
4426-B Hugh Howell Road, Suite 200
Tucker, GA 30084
770-939-8283
Email: judy@getaffordablehousing.com

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

HOLT HUDSON AND
DESTIN OKALOOSA CHILDREN'S TRUST.
L. D. BROWN, AS TRUSTEE BY AND ON
BEHALF OF THE TRUST REPRESENTING
ALL INTERESTS OF IT'S BENEFICIARIES

      Plaintiffs,

v.

TRANSOCEAN, LTD., BP, PLC, TRANSOCEAN, LTD, (TRANSOCEAN ENTITY), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN ENTITY), TRANSOCEAN DEEPWATER, INC, (TRANSOCEAN ENTITY), BP PRODUCTS NORTH AMERICA, INC. BP AMERICA, INC; CAMERON INTERNATIONAL CORPORATION and, HALIBURTON ENERGY SERVICES, INC.,

      Defendants.

Civil Action File No.

2:12-cv-02768

SECTION "J-1"

## VERIFICATION

PERSONALLY APPEARED before the undersigned officer duly authorized by law to administer oaths, Louis D. Brown, as Trustee of the Destin Okaloosa Children's Trust, who after being duly sworn, states and deposes that the facts contained in the foregoing AMENDED COMPLAINT FOR DAMAGES, to the best of his knowledge and belief are true.

This __18__ day of November, 2013.

                      _Louis D. Brown, AS TRUSTEE_
                      Louis D. Brown, Pro Se
                      As Trustee of Destin Okaloosa
                      Children's Trust
                      4426-B Hugh Howell Road, Suite 200
                      Tucker, GA 30084
                      770-939-8283
                      Email: judy@getaffordablehousing.com

Holt Hudson
181 Brook Forest Drive
Dallas, GA 30157

Clerk of Court
Louisiana Eastern District Court
Hale Boggs Federal Building
500 Poydras Street, Room C-151
New Orleans, LA 70130







7011 0470 0001 1460 3456

CERTIFIED MAIL

Holt Hudson
181 Brook Forest Drive
Dallas, GA 30157

Clerk of Court
Louisiana Eastern District Court
Hale Boggs Federal Building
500 Poydras Street, Room C-151
New Orleans, LA 70130



CERTIFIED MAIL

7011 0470 0001 1460 3456



$ 007.57°