UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>　"Deepwater Horizon" in the Gulf<br>　of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Regarding the Motions of Glen Lerner and the Andry Law Firm to File Under Seal
and Ex Parte Memorandum in Aid of Magistrate Judge's In Camera Review
of Discovery from Special Master (Rec. docs. 11803 and 11851)]

On September 6, 2013, the Report of Special Master Louis J. Freeh was issued. Rec. doc. 11287. On that day, the District Judge ordered Lionel Sutton, Christine Reitano, Jon Andry, Glen Lerner and any associated law firms (the "Show Cause Parties") to show cause why recommendations of the Special Master should not be adopted. Rec. doc. 11288. The Special Master was ordered to provide the Andry Law Firm access to information relevant to portions of the Special Master's Report concerning the Andry Law Firm. Rec. doc. 11412.

On October 24, 2013, the Court issued an order granting in part and denying in part the motions and objections of the Show Cause Parties seeking discovery of the Special Master. Rec. doc. 11729. Pursuant to this order, the undersigned is engaged in an *in camera* review of information produced by the Special Master.

On November 6, 2013, Glen Lerner filed a motion for leave to file *ex parte* and under seal his *ex parte* memorandum in aid of Magistrate Judge's *in camera* review of discovery from Special Master. Rec. doc. 11803. On November 14, 2013, the Andry Law Firm filed a similar motion. Rec. doc. 11803. Both movers advance the same reasons.

> Lerner seeks *ex parte* and under seal consideration of the Memorandum because it sets forth counsel's strategies, opinions, and impressions concerning the Special Master's Report and its allegations and Lerner's defense to those allegations. Neither the parties nor the Special Master are entitled to disclosure of counsel's thoughts and strategies, and for that reason the Court should accept filing of the Memorandum *ex parte* and under seal. Furthermore, the Memorandum should be accepted for filing under seal because it contains information from materials that Lerner received from the Special Master, which are not part of the public record.

Rec. doc. 11803 (Memorandum at 2) and Rec. doc. 11851 (Memorandum at 2-3). The movers also cite the orders of the District Judge granting the motions of the Andry Law Firm and Glen Lerner to file under seal (Rec. docs. 11636 and 11637). While the documents at issue on those motions were filed under seal, they were served on the Special Master.

The Court has no objection to permitting the movers to file memoranda and attachments under seal where they contain information that is not disclosed on the public record. The Court, however, cannot permit them to file memoranda under seal which are available for consideration by the Court but are not served on the Special Master.

IT IS ORDERED that the motions of Glen Lerner and the Andry Law Firm to file under seal and ex parte (Rec. docs. 11803 and 11851) are DENIED in part and GRANTED in part. The memoranda may be filed under seal, but they must be served on the Special Master.

New Orleans, Louisiana, this 2nd day of December, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

2