UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *CA 10-8888* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding the Motion of Full Scope Services, LLC
for Leave to File Complaint in Intervention (Rec. doc. 11899]

On October 9, 2012, Full Scope Services, LLC ("Full Scope") filed a motion for leave to intervene. Rec. doc. 7605. The motion was denied for the following reasons:

> Full Scope claims an interest in the settlements payable to certain claimants in the court supervised settlement programs, pursuant to contracts executed with individual claimants and law firms. These claims should be directed to the Claims Administrator who has adopted a procedure for third party claimants.

Full Scope filed a second motion for leave to intervene (Rec. doc. 8200) which was marked deficient by the Clerk because it did not contain the individual short-form claim number for each claimant that Full Scope intended to intervene upon.

On July 26, 2013, Full Scope filed its third motion for leave to file complaint in intervention. Rec. doc. 10882. It was denied because the motion did not allege that Full Scope had a direct contract with particularly identified claimants. Rather, it generally alleged contracts with law firms, consulting firms and individual claimants. A contract with a claimant's retained lawyer or with a consulting firm does not grant Full Scope a direct claim against an individual claimant. "Unless Full Scope alleges a direct contracted relationship with a claimant whereby the claimant acknowledges his, her or its direct responsibility to Full Scope, the request to intervene must be denied." Rec. doc. 10962 at 2 (footnote omitted).

On November 26, 2013, Full Scope filed a fourth motion for leave to intervene. It reports that the defendants-in-intervention are claimants who opted out of the BP settlement, made OPA claims and/or non-settlement claims against BP and other MDL defendants. This resolves the issue raised for denying the first motion. Full Scope submitted a schedule of the claimants identified by their short-form joinder numbers. Rec. doc. 11899 (Exhibit A). This resolves the deficiency raised with the second motion.

Full Scope alleges that it entered into direct contracts with the claimants. It reports that these contracts contain a provision that,

> Claimant agrees to pay Full Scope promptly upon receipt of said payment, or portion thereof . . . (and) Full Scope shall have the right to direct BP . . . or any other payor to whom a claim is submitted to pay Full Scope's costs of assessments directly to Full Scope, and Claimant specifically authorizes said direct payment.

Rec. doc. 11899 (Memorandum at 2). This resolves the issue raised by the third motion.

Full Scope reports that it requested consent by all parties to the motion for leave to intervene, through their liaison counsel. The PSC consented, "but not Defense Liaison Counsel. . . ." Rec. doc. 11899 at 3.

IT IS ORDERED that **within twenty-one (21) calendar days of the entry of this order**, Full Scope shall personally confer with counsel for defendants to determine whether the defendants oppose the requests for leave to intervene and thereafter file a certificate reporting on the outcome of the conferences.

New Orleans, Louisiana, this 2nd day of December, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

2