THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| *Applies to:  All Cases* *And* *10-MAG-09/23-1* | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |

# ORDER

[Regarding Removal of Remaining Items at Michoud]

CONSIDERING the period for testing of equipment and materials stored at Michoud has ended and that the Parties have had full opportunity to examine and document all of the items stored at Michoud;

AND CONSIDERING the Phase Two Trial has concluded and the Parties no longer have any need to produce Michoud items as evidence in Court;

AND CONSIDERING that the Court has already provided for the orderly release and removal of the BOP and LMRP stored at the Michoud West Dock and the Capping Stack and Mandrel components stored in the Michoud Evidence Yard;

IT IS ORDERED that all items remaining in the Michoud Evidence Yard and Freezer are released and shall be removed from Michoud no later than February 28, 2014.  Each Party shall work with the Court's Special Master to make the arrangements required to remove the Party's items;

IT IS FURTHER ORDERED that during December 2013, to facilitate the efficient removal of items from Michoud, all Parties with items stored at Michoud shall arrange with the

Court's Special Master to identify and inventory the Party's items stored at Michoud. By December 18, each Party shall submit its draft inventory of its items to the Special Master with a copy to all other Parties for their review, and each Party shall notify the Court if the Party believes there are any items of its own, or items owned by other Parties, that the Court should order be preserved upon their removal from Michoud. The Special Master shall notify the Court and Parties if any items go unclaimed, or if the Parties dispute the ownership of any items;

IT IS FURTHER ORDERED that when a Party removes items from Michoud, that Party is released from all legal hold obligations under PTO 1(Doc. 2) for those items removed from Michoud and may dispose of such removed items or may use such items as the Party sees fit, unless those items are specifically addressed in a preservation Order issued after the entry of this Order;

IT IS FURTHER ORDERED that no item once removed from Michoud may be subject to further litigation-related testing in connection with any MDL 2179 matter unless such testing is authorized by a subsequent Order issued after the entry of this Order;

IT IS FURTHER ORDERED that each Party removing items from Michoud shall release and hold harmless the Court, the Court's Special Master, and BP for any liabilities that may arise in connection with the removal and transportation, refurbishment, testing, placement into service and/or use after the item's release and removal from storage at Michoud;

IT IS FURTHER ORDERED that BP, working under the supervision of the Special Master and the Court, shall arrange for appropriate disposal of any items unclaimed by the Parties; and

IT IS FURTHER ORDERED that the Court's Special Master shall deposit with the Court all of the records in her possession from October 2011 through the release of all items from

Michoud, including but not limited to access logs, security video, testing data, inventory lists, and other records, for preservation or destruction in accord with the Court's own practice and procedure.

New Orleans, Louisiana, this 5th day of December, 2013.

_____
SALLY SHUSHAN
United States Magistrate Judge