IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * | MDL NO. 2179<br><br>SECTION: J<br><br>Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTINE REITANO | CIVIL ACTION NO. 13-6360<br>CIVIL ACTION NO. 13-6362 |
| VERSUS | |
| | SECTION "J" (1) |
| BP EXPLORATION & PRODUCTION, INC. AND PATRICK A. JUNEAU | |

_____

***REMOVED FROM***

| | |
|---|---|
| CHRISTINE REITANO | DOCKET NO. 2013-9913   DIV. N |
| | CIVIL DISTRICT COURT |
| VERSUS | |
| | PARISH OF ORLEANS |
| BP EXPLORATION AND PRODUCTION, INC. AND PATRICK A. JUNEAU | STATE OF LOUISIANA |

**MOTION TO UNCONSOLIDATE CASE FROM MDL, RANDOMLY
ALLOT AND TRANSFER TO ANOTHER SECTION OF COURT**

NOW INTO COURT, through undersigned counsel, comes Christine Reitano who, with

respect represents:

1.

This case was originally filed in the Orleans Parish Civil District Court under Docket Number 2013-9913. Although there are no federal questions or causes of action alleged and there is no diversity of citizenship, on or about November 7, 2013, each of the defendants filed Notices of Removal to remove the case to the United States District Court for the Eastern District of Louisiana.

2.

Apparently, on arrival of the case in the Eastern District, it was unilaterally assigned/transferred and/or not randomly allotted to Section J and consolidated with the matter entitled "In Re: Oil Spill by the Oil Rig 'Deepwater Horizon' in the Gulf of Mexico, on April 20, 2010" bearing MDL docket number 2179. Upon subsequent receipt of certain Pre-Trial Orders issued long before the removed case was filed, it was discovered that Pre-Trial Order Number 1, Paragraph 3 provides for automatic consolidation of subsequently filed "tag-along" actions which are removed to the Eastern District and the consolidation takes place without the necessity of motions or orders. (Pre-Trial Order Number 1, Document No. 2). In other words, no evaluation of the removed case or the facts alleged in the case were considered in the act of consolidation–it was automatic. Without Pre Trial Order Number 1, which is directed at the actions seeking redress for damages from the oil spill on April 20, 2010 and its after effects, this case would never stand the test of consolidation and transfer as provided in 28 USC 1407 which was the original basis for the Transfer Order[1] giving rise to MDL No. 2179.

---

[1]Document No. 1.

3.

For the reasons stated in the memorandum accompanying this motion, there is absolutely no rational, reasonable or logical basis for the consolidation of this state law breach of contract and damage claims by Christine Reitano for defamation and unlawful termination of employment which occurred in 2013 with the MDL matter which involves the causation and the resulting damages from the oil spill three years ago in the Gulf of Mexico. There is absolutely no similarity between the facts of the MDL and the facts of Ms. Reitano's case, unless simply naming BP as a defendant is relevant to consolidation, which it is not. Furthermore, there is no similarity of any legal issue in the MDL to Ms. Reitano's wrongful termination and damages case. The consolidation of the case with the MDL is prejudicial and does not "...serve the convenience of the parties and witnesses and promote the more just and efficient conduct of the cases, taken as a whole." (Transfer Order from Multi-District Judicial Panel, Document No. 1).

4.

To make matters worse and to demonstrate the patent unfairness of the consolidation of this unrelated matter which has no common questions of fact or law with the matters pending in the MDL, the MDL Court issued a stay order on November 20, 2013 in the case, calling it "member case 13-6362" and providing that no responsive pleadings, motions, etc. are due until ordered by the Court. Therefore, not only has Ms. Reitano been fired and cannot support herself or her family, she is prevented from her constitutional right of access to the courts for redress of her grievances. Anticipating that the defendants will argue that Ms. Reitano's access to the court is not denied, but simply delayed, it is well settled that "justice delayed is justice denied." From all appearances, the

MDL will go on for an extended period of time and there is no benefit to anyone, especially Ms. Reitano, for delaying Ms. Reitano's access to justice while that monumental case drags on.

WHEREFORE, mover prays that this matter entitled "Christine Reitano versus BP Exploration & Production, Inc. and Patrick A. Juneau, Docket No.  13-6360 and 13-6362 be unconsolidated with MDL Docket Number 2179, forthwith and transferred by random allotment to another section of this court for pre-trial and trial proceedings.

    Respectfully submitted,

      /s/ Mary Olive Pierson
Mary Olive Pierson, La. Bar No. 11004
8702 Jefferson Hwy., Suite B (70809)
P.O. Box 14647
Baton Rouge, LA 70898
(225) 927-6765 - Office
(225) 927-6775 - Fax
mop@mopslaw.com - Email

      /s/ Patrick J. Fanning
Patrick J Fanning (La. Bar No. 5441)
238 Huey P. Long Ave.
Gretna, LA 70053
Ofc: (504) 368-7888
Fax: (504) 368-7263
Email: pfanninglaw@aol.com

*Counsel for Christine Reitano*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Motion to Unconsolidate Case from MDL, Randomly Allot and Transfer to Another Section of this Court has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 5th day of December, 2013.

                              /s/ Mary Olive Pierson
                                Mary Olive Pierson