UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010<br><br>**This Document Relates to:**<br>**2:10-cv-02454, 2:10-cv-01768** | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY UNDER PRETRIAL ORDERS 11 & 25 AND FOR LEAVE TO PROCEED BEFORE MAGISTRATE JUDGE** |

## INTRODUCTION

The Center for Biological Diversity (the "Center"), plaintiff in *Center for Biological Diversity v. BP America, et al.*, 2:10-cv-02454 and 2:10-cv-01768, respectfully submits this Motion to Lift Stay Under Pretrial Order Nos. 11 & 25 and For Leave to Proceed Before Magistrate Judge. The Fifth Circuit held earlier this year that dismissal of the Center's individual claims under the Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. § 11001 *et seq.*, was improper. *Center for Biological Diversity, Inc. v. BP America Production Co.*, 704 F.3d 413, 430-31 (5th Cir. 2013). Because the D1 Master Complaint was dismissed by this Court, there appears to be no mechanism for the Center to prosecute its claim without leave of the Court. As such, the Center requests that the Court lift the stay contained in paragraph 8 of Pretrial Order No. 25 as it applies to the Center's individual complaints and allow this case to move forward before a Magistrate Judge irrespective of the pleading bundles established in Pretrial Order No. 11. The information sought by the Center is amenable to a motion for partial summary judgment on liability after which injunctive relief will become immediately available as a remedy. The public has been detrimentally denied the information required by EPCRA for more than three years. Alternatively, the Center requests

1

that the Court hold a status conference to establish how the Center's individual claims will proceed in MDL-2179 so that the public interest will be served in getting the information required to be provided as a matter of law.

## ARGUMENT

Pretrial Order No. 11 established a series of pleading bundles for MDL-2179. The Center's individual complaints were placed into the D1 Pleading Bundle, which combined "claims brought by private parties challenging regulatory action or authority and/or seeking injunctive relief[.]"  Later, the Court entered Pretrial Order No. 25, which required that "[a]ll individual petitions or complaints that fall within Pleading Bundles B1, B3, D1, or D2, whether pre-existing or filed hereafter, are stayed until further order of the Court." ECF No. 983 at para. 8. At that point, the Center's underlying complaints were "stayed," as they fell within Pleading Bundle D1. The Center's claims remain stayed pursuant to Pretrial Order No. 25.

On June 16, 2011, the Court dismissed the D1 Master Complaint.  Pertinent to the present Motion, the Court found that the D1 Plaintiffs' allegations under EPCRA must be dismissed because (1) any injunctive relief granted by the Court would not redress the injuries sustained by Plaintiffs, and (2) there was no ongoing violation of these statutes (including CERCLA). ECF No. 2784 at 8, 13.  Thereafter, on January 31, 2012, the Court entered final judgment against the Center "for the reasons stated in the Court's Order Dismissing the Bundle D1 Master Complaint (Rec. Doc. 2784) as that Order relates to D1 Member cases Nos. 2:10-cv-02454 and 2:10-cv-01768." ECF No. 5491.  The Center then promptly appealed the Court's June 16, 2011 Order as it pertained *only* to the Center. ECF No. 5564. No other member of the D1 Workgroup, or the PSC, sought to appeal that Order.

On January 9, 2013, the Fifth Circuit issued its opinion in *Center for Biological Diversity, Inc. v. BP America Prod. Co., et al.,* 704 F.3d 413 (5th Cir. 2013).  Relevant here, the Court found that the Center's claims under EPCRA should not have been dismissed.  In particular, the Court held:

> The Center's suit specifically sought relief based on a release of substances that had already occurred but remained unreported under EPCRA, namely the spill from the ruptured well.  The defendants' failure to submit the required written emergency notice is thus a continuing violation of EPCRA's provisions.  An order from the district court that defendants comply with EPCRA's reporting requirement for that release could therefore redress the Center's claimed informational injury.

*Id*. at 429.   The Fifth Circuit thereafter ordered that the Center's reporting claims under EPCRA be reinstated by the District Court.  ECF No. 8532 (Judgment).

Before the Center can continue prosecuting its EPCRA claim, it must have a framework within which to proceed.  As mentioned above, there are no longer any active members in the D1 Pleading Bundle, as the Court has dismissed the Master Complaint and no party (other than the Center) is pursuing any claims ascribed to the D1 Bundle.  This has effectively eliminated the D1 Pleading Bundle from MDL-2179.  At the same time, however, the management orders of the Court automatically deem that the Center's case must fall within the now-defunct D1 Bundle.  Exacerbating this legal limbo is Pretrial Order No. 25, which stays the Center's individual complaints "until further order of the Court."  ECF No. 983 at para. 8.  The Center thus finds itself without a way to proceed in light of the Fifth Circuit's partial reversal of the Court's June 16, 2011 Order.

To move this case out of legal limbo, and to get the information that has been illegally withheld for more than three years, the Center respectfully requests that the Court lift the stay imposed by Pretrial Order No. 25 on the Center's individual complaints and allow the Center to proceed independently before a Magistrate Judge.  The remaining issues raised by the Center's

EPCRA claims focus solely on the types and quantities of materials released from the Macondo Well and the *Deepwater Horizon* into the environment as a result of the spill, and the failure of the defendants to file specific, written reports of the amounts released with emergency responders as required by EPCRA.  42 U.S.C. § 11004.  Establishing liability will likely require limited written discovery, followed by a motion for partial summary judgment on liability.  The EPCRA claim is unique from those remaining in MDL-2179, and should be accorded special dispensation by the Court to proceed on its own.  This claim can and should be resolved in a timely manner based on summary judgment briefing.  As such, the Center requests that the Court vacate Pretrial Order Nos. 11 and 25 as they apply to the Center's underlying complaints and order these cases to be placed before a Magistrate Judge.

Such an order will serve both judicial economy and the public's interest in having the Center's remaining claims resolved.  First, as to judicial economy, the Center's EPCRA claim is the only such reporting claim brought against BP and Transocean.  It involves discrete, narrow, and specific questions of fact and law.  Liability under the statute requires only a showing that the defendants released a reportable quantity of a listed hazardous substance into the environment and failed to file a follow-up written report explaining the types and quantities of released material.  *See* 42 U.S.C. § 11004.  There is no meaningful dispute that the oil spill caused reportable amounts of hazardous substances to enter the environment, including methane, benzene, ethylbenzene, polynuclear aromatic hydrocarbons, and a host of other chemicals.  *See, e.g.,* ECF No. 439 at ¶¶ 64-66 (August 2, 2010 Complaint).  There is also no dispute that BP and Transocean have not filed any follow-up written notifications to the National Response Center in the years since the spill occurred.  42 U.S.C. § 11004(b) (describing notification requirements and requisite content of the notice, which include the name and quantity of the material released,

the duration of the release, and most importantly, any known or anticipated health risks associated with the release); *Center for Biological Diversity, Inc.*, 702 F. 3d at 430 ("[h]ere, however, BP has never claimed that it has at any time complied with EPCRA's reporting requirement for a written notice."). Accordingly, a Magistrate Judge can expeditiously resolve this outstanding violation of the law in the Center's favor.

Second, the public interest would be well served by resolving the Center's EPCRA claim. The follow-up written reports required by the statute must contain information about the quantity of the compounds released and the known or anticipated health risks caused by the released hazardous chemicals, describing what precautions the public should take as a consequence of the release. 42 U.S.C. § 11004(b)(2)(F)-(H). The public has not had this information available to it since the spill – information which is still relevant to those exposed over three years ago and to which the Center and the public are statutorily entitled. This information can help individuals assess their exposures to hazardous chemicals and aid their primary caregivers in diagnosing any conditions that were caused by that exposure. *See* ECF No. 1819-4 at ¶ 4 (Decl. of Dr. David R. Thrasher, M.D.) ("While it is generally known that many different toxic and/or hazardous substances are contained in oil and were also present on the rig that exploded and sank, it is critical to know the specific types and amounts of materials in order to fully diagnose and treat patients."). Thus, it is in the public interest to resolve the Center's remaining EPCRA claim, as citizens should no longer be denied knowledge concerning the chemicals that the oil spill released into their environment.

In the alternative, the Center respectfully requests that the Court set a status conference to discuss how the Center's complaints will proceed in light of the fact that the D1 Pleading Bundle has been effectively eliminated.

DATED this 12th day of December, 2013.

Respectfully submitted,

                                              s/Charles M. Tebbutt
                                              Charles M. Tebbutt
                                              Daniel C. Snyder
                                              Law Offices of Charles M. Tebbutt, P.C.
                                              941 Lawrence St.
                                              Eugene, OR 97401
                                              Ph: 541-344-3505
                                              E-mail: charlie.tebbuttlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 12th, 2013, I electronically served the foregoing on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing in accordance with the procedures established in MDL 2179.

                                              s/ Sarah A. Matsumoto
                                              Sarah A. Matsumoto
                                              Law Offices of Charles M. Tebbutt, P.C.