UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-970 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**OBJECTION TO ADMINISTRATIVE RULING
REGARDING THE ADMISSION OF NEW "EVIDENCE" BY BP
IN CONNECTION WITH SETTLEMENT PROGRAM APPEALS**

On November 12, 2013, the Settlement Program Appeals Panelists, meeting *en banc,* agreed to consider purported "evidence" submitted by BP in connection with a Settlement Program Appeal by BP of an eligible Wetlands Claim. For the following reasons, Eligible Claimants in the Court-Supervised Settlement Program and the Economic & Property Damages Settlement Class respectfully object to this administrative decision:

**MAY IT PLEASE THE COURT:**

This is a *settlement.* It was not intended to be "adversarial". Nor was the Settlement Program Appeal Process intended to be a "mini-trial". BP agreed to the appointment (and Court supervision) of an independent Administrator and Trustee, as well as the BP-selected and Court-appointed independent Program Vendors, who would be entrusted with the responsibility to collect the required Documentation and other necessary information, and to evaluate the claims accordingly.[1] Section 6.2 of the Settlement refers solely to "the complete record of the Claimant

---

[1] *See generally* Sections 4.3 and 5.12 of the Settlement Agreement.

Page **1** of **8**

in the Settlement Program." The Settlement Agreement does not contemplate the independent investigation, collection, or presentment of extrinsic "evidence" by BP.

**The Settlement Agreement Does Not Provide for an Opportunity by BP to Submit New "Evidence" on Appeal**

As noted, Section 6.2 of the Settlement refers solely to "the complete record of the Claimant in the Settlement Program". Neither Section 6 nor Exhibit 25 reference or suggest an independent investigation, collection, or submission of additional, untested, extrinsic "evidence" by BP.

**The Rules Governing the Appeals Process Do Not Provide for an Opportunity by BP to Submit New "Evidence" on Appeal**

In lieu of litigating the claims made against it in an adversarial process, BP agreed to the substance of the Settlement Agreement as well as the processes and procedures contained therein.[2] Amongst those procedures are the Rules Governing the Appeals Process,[3] which, consistent with Section 6.2, unambiguously define the record on appeal to include the following:

*Rule 13. Record on Appeal.* The record on appeal shall consist of:

(a) The Settlement Agreement and all its attachments;

(b) Court rulings on similar issues;

(c) Prior appeal rulings on similar issues, which are for informational purposes only and are not binding precedent;

(d) Formal Claims Administrator policies, which have been promulgated and announced by the Claims Administrator after completion of the formal

---

[2] The Settlement Agreement and "its exhibits, attachments, and appendices shall constitute the entire agreement and understanding among the Parties." Section 26.1.

[3] Section 6.3 of the Settlement Agreement provides that the Settlement Program "may establish additional procedures for the Appeal Process not inconsistent with Exhibit 25." Pursuant to this authority, the *Rules Governing the Appeals Process* were made effective February 4, 2013.

      administrative review process adopted by the Claims Administrator and outlined in Section 4.3.4 of the Settlement Agreement;

(e) The entire Claim File on the claim with the Claims Administrator;

(f) The Claims Administrator's Summary of Review, as requested by the Appeal Panel. The Summary of Review is intended to provide the Appeal Panel with an understanding of what occurred in the underlying processing of the claim, including the basis for the determination(s) made by the Claims Administrator. It shall include reference to and a factual explanation of any formal policies or procedures adopted by the Claims Administrator that are applicable to the issue(s) raised by the appeal, referring the Appeal Panelist to the formal policies that are part of the Record of Appeal, as described in Rule 13 (c). The Summary of Review is not to be a document that advocates one position or the other but rather is to be a narrative that simply explains how the Claims Administrator processed the claim. The Summary of Review is for informational purposes only and is to be made available to the Appeal Panel, the Claimant, Class Counsel and BP. The Appeal Panel may grant the Claimant, Class Counsel and BP the right to file a response to the Claims Administrator's Summary of Review, but such response shall be limited to a correction of facts recited in the Summary of Review and shall not include any argument.

(g) The Initial and Final Proposals and supporting memoranda, as well as any *amicus* filings by Class Counsel submitted under these Rules; and

(h) On any appeal by BP, where BP contends that the claim does not comply with the applicable documentation requirements set forth in the Settlement Agreement, a claimant may submit additional substantive documentation with the claimant's Final Proposal and supporting memorandum. If the Claimant cannot reasonably obtain and submit the documentation by the deadline for submitting its Final Proposal, the Appeals Coordinator shall extend the Final Proposal deadline in order to afford the Claimant with a reasonable opportunity to submit the additional documentation.[4]

    Like the Settlement Agreement itself, these Rules ask the Panelists to apply the "baseball" review process to an existing factual record.

---

[4] *See* Rules Governing the Appeals Process, Rule 13.

**<u>Allowing BP to Submit New "Evidence" on Appeal is Inconsistent with the Settlement Agreement's Claimant-Friendly Provisions</u>**

Various provisions of the Settlement Agreement, including Sections 4.3.7, 6.1 and 6.1.2.1.1, embody the bedrock principle and agreement that the Claimant would be provided with the right to know exactly how, why, and on what documentary basis the Claimant's Claim was either calculated or denied, and multiple opportunities to address such documents or other information or analyses, in order to "be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement."[5]

All of these provisions contemplate and provide that such notice and opportunities would be afforded to the Claimant *before* a potentially conclusive and binding Settlement Program Appeal.

If, as BP now suggests, BP were permitted to submit new purported, untested, extrinsic "evidence" with its Initial Proposal, the Claimant would have a very limited opportunity to respond; and, to the extent that BP is submitting new purported, untested, extrinsic "evidence" with BP's Final Proposal, the Claimant has absolutely *no* opportunity to respond.

---

[5] Section 4.3.7 (*see also* Section 4.3.8); *see also,* Section 6.1 ("Subject to and in accordance with Sections 4.3.7 and 4.3.8, Economic Class Members will have up to three opportunities, depending on their circumstances, to have their Claims reconsidered and reviewed to assure accuracy, transparency, independence, and adherence by the Settlement Program to the terms of this Agreement"); Section 6.1.2.1.1 (at the commencement of the 30-day period in which the Claimant can seek Reconsideration, "the Settlement Program shall provide access to the Claimant and the BP Parties of all forms, calculations and worksheets relied upon by the Settlement Program in reaching the final determination" (*see also* Section 6.8)).

### The Submission of Evidence is Inconsistent with the Ordinary Common Usage and Understanding of the Term "Appeal"

Whether in the context of a formal trial, or in the context of an administrative fact-finding proceeding, the term "appeal" is almost universally intended and understood to be the review of a pre-existing, and closed, factual evidentiary record.  Courts of appeal do not generally accept or consider new evidence.

### It is Not Clear that the Settlement Appeal Panelists Have the Authority under the Settlement Agreement to Institute this Type of Administrative Policy

Class Counsel understand, appreciate and respect the desirability of the Appeal Panelists to conduct *en banc* meetings in order to better understand and attempt to resolve difficult interpretive issues, and to help achieve consistency, to the extent possible, in the ultimate determination of claims and appeals within the Settlement Program.  However, with regard to the establishment of administrative policies, Class Counsel would respectfully suggest that such procedures – consistent with the provisions of Section 6 and Exhibit 25 – should be made by the Appeals Coordinator, with the concurrence of the Claims Administrator.[6]

---

[6] *See* Exhibit 25, ¶5; *see also* Section 6.3.

**Conclusion**

For the above and foregoing reasons, Class Counsel respectfully object to the ability of BP to attempt to submit new, untested, extrinsic, purported "evidence" in connection with Settlement Program Appeals.

This 13th day of December, 2013.

Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Class Counsel* | *Co-Lead Class Counsel* |

**ECONOMIC & PROPERTY DAMAGES CLASS COUNSEL**

| | |
|---|---|
| Brian H. Barr | Robin L. Greenwald |
| LEVIN, PAPANTONIO | WEITZ & LUXENBERG, PC |
| 316 South Baylen St., Suite 600 | 700 Broadway |
| Pensacola, FL 32502-5996 | New York, NY  10003 |
| Office:  (850) 435-7045 | Office:  (212) 558-5802 |
| Telefax: (850) 436-6187 | Telefax: (212) 344-5461 |
| E-Mail: bbarr@levinlaw.com | E-Mail:  rgreenwald@weitzlux.com |
| | |
| Jeffrey A. Breit | Rhon E. Jones |
| BREIT, DRESCHER & IMPREVENTO | BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C. |
| Towne Pavilion Center II | 218 Commerce St., P.O. Box 4160 |
| 600 22nd Street, Suite 402 | Montgomery, AL 36104 |
| Virginia Beach, Virginia 23451 | Office:  (334) 269-2343 |
| Office:  (757) 670-3888 | Telefax: (334) 954-7555 |
| Telefax: (757) 670-3895 | E-Mail:  rhon.jones@beasleyallen.com |
| E-Mail: jbreit@bdbmail.com | |
| | |
| Elizabeth J. Cabraser | Matthew E. Lundy |
| LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP | LUNDY, LUNDY, SOILEAU & SOUTH, LLP |

275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444

501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159

E-Mail:  ervin@colson.com

Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Objection will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of December, 2013.

/s/  Stephen J. Herman and James Parkerson Roy