

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                    MDL No. 2179

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in four actions move to vacate our orders conditionally transferring the actions to MDL No. 2179. The four actions, which are listed on the attached Schedule A, are pending in the Middle District of Florida (*Capital Bank*), the Southern District of Florida (*State of Yucatan*), the Southern District of Mississippi (*J&K Investments*), and the Southern District of Texas (*Armstrong*). Responding defendants oppose the motions.[1]

Plaintiffs raise multiple arguments against transfer. After careful consideration, however, we do not find those arguments persuasive. First, plaintiffs in all but *J&K Investments* contend that pretrial proceedings in the MDL are complete, at least insofar as those proceedings are relevant to their recently-filed actions. This contention ignores the fact that the Panel recently has transferred hundreds of newly-filed actions to the MDL, as to which pretrial proceedings are decidedly incomplete. These four actions are likely to involve a number of pretrial determinations that are most appropriately made by the transferee judge, the Honorable Carl J. Barbier, including, for example, the applicability of his decision dismissing, as preempted, the MDL plaintiffs' state statutory and common law claims. *See In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F.Supp.2d 943 (E.D. La. 2011). In addition, plaintiffs in the *State of Yucatan* and *Armstrong* actions fail to explain how their claims against the Transocean defendants they have sued could proceed outside the MDL, as the Limitation of Liability Act mandates otherwise. *See* 46 U.S.C. § 30511(c) ("When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease."); *see also Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) ("When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court."). Moreover, given that the Trial of Liability, Limitation,

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Responding defendants are BP America Production Company (as to *State of Yucatan* and *Armstrong*), BP America Inc. (as to *J&K Investments*), BP Company North America Inc. (as to *J&K Investments*), BP Exploration & Production Inc. (as to *Capital Bank, State of Yucatan*, and *Armstrong*), BP p.l.c. (as to *State of Yucatan*), BP Corporation North America (as to *J&K Investments* and *Armstrong*), BP Products North America Inc. (as to *J&K Investments*), Halliburton Energy Services, Inc. (as to *State of Yucatan* and *Armstrong*), and three Transocean entities: Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH (as to *State of Yucatan* and *Armstrong*).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

- 2 -

Exoneration, and Fault Allocation taking place before Judge Barbier involves all the principal defendants in the MDL and involves issues central to all actions arising out of the Deepwater Horizon incident, it is unclear how or whether the various putative transferor courts could advance these actions with issues with respect to that trial not yet concluded.

Second, plaintiffs in *State of Yucatan* and *Armstrong* argue that transfer is unwarranted because they are seeking recovery under the Oil Pollution Act or "OPA." In creating this MDL, however, we expressly declined to exclude OPA claims from the centralized proceedings. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010) ("[W]e do not find any strong reasons for separate treatment of claims brought under the OPA. In our judgment, carving out the OPA claims would only complicate matters . . . .").

Third, plaintiff in *State of Yucatan* argues that transfer would deprive it of its constitutional rights to due process and equal protection. We have rejected essentially the same argument, which is unsupported by any authority,[2] in the past, and we see no reason warranting a different result here. *See, e.g.*, Transfer Order, at 3 (J.P.M.L. Aug. 9, 2013) (ECF No. 1561).

Fourth and finally, plaintiffs in *J&K Investments* and *Armstrong* cite the pendency of jurisdictional objections in opposing transfer. As we frequently have held, however, the pendency of such objections is not, as a general matter, a sufficient reason to delay or deny transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a motion for remand to state court is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

After considering all argument of counsel, we find that these four actions involve common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the actions to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. It is beyond dispute that these actions, like those already in the MDL, arise out of the explosion and fire that destroyed the Deepwater Horizon rig, and the oil spill resulting therefrom. *See* 731 F. Supp. 2d at 1353-55.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

---

[2] Plaintiff cites the Supreme Court's *Lexecon* decision, but acknowledges that the Court did not reach any constitutional issues in that case. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro  Charles R. Breyer
Sarah S. Vance  Ellen Segal Huvelle

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010         MDL No. 2179

## SCHEDULE A

### Middle District of Florida

Capital Bank, N.A. v. BP Exploration & Production, Inc., C.A. No. 2:13-00543   13-6648

### Southern District of Florida

State of Yucatan v. BP Exploration & Production, Inc., et al., C.A. No. 4:13-10148   13-6649

### Southern District of Mississippi

J&K Investments of Mississippi, Inc. v. BP p.l.c., et al., C.A. No. 1:13-00325   13-6650

### Southern District of Texas

Angela Armstrong, et al. v. BP Exploration & Production Inc., et al., C.A. No. 4:13-02192   13-6651