# EXHIBIT 21

CONFIDENTIAL/ATTORNEY-CLIENT PRIVILEGED COMMUNICATION/ATTORNEY WORK PRODUCT
FOR SOLE USE OF THE EASTERN DISTRICT COURT OF LOUISIANA *IN RE: OIL SPILL BY THE OIL RIG
"DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010*, 10-MD-2179 ("MDL-2179")

Deepwater Horizon Court Supervised Settlement Program ("CSSP")
Special Master – Independent External Investigation
Interview Report of Freeh Group

| | |
|---|---|
| Interviewee: | Christina Mancuso |
| Title: | Toxic Tort Litigation Attorney |
| Office: | AndryLerner |
| Date/Time: | August 7, 2013 9:00 AM |
| Attendees: | Walt Donaldson, Steve Tidwell, Laure Kirk, David Courcelle (attorney for Mancuso) |
| Location: | 935 Gravier S., New Orleans, La. 70112 |

These notes are prepared as part of an Independent External Investigation for the Eastern District Court of Louisiana IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010, 10-MD-2179 ("MDL-2179"). Our role as Special Master is limited to performing an independent external investigation related to ensuring the integrity of the CSSP program for the benefit of the parties and the public and to perform fact finding as to possible ethical violations or other misconduct within the CSSP. We are also examining and evaluating the internal compliance program and anti-corruption controls within the CSSP, and making any necessary recommendations to design and to implement additional such controls, policies, procedures, and practices to ensure the integrity of the CSSP. We do not represent you, Christina Mancuso.

On the above date and times, Christina Mancuso was interviewed in person. We explained that information provided in this interview would become part of the investigation record and could be reported to the District Court, the Plaintiff Steering Committee, British Petroleum, and potentially to third parties.

Ms. Mancuso was advised concerning the need for truthfulness and honesty and was further advised concerning the penalties for perjury under Title 18 USC section 1001. She was further advised that she would not be adjourned as a witness and could be recalled.



Regarding the Casey Thonn claim, Ms. Mancuso said that the first time she became involved with this claim based on a telephone call from Christine Reitano. During the call, Ms. Reitano told Ms. Mancuso she was sending two claims on a disc for referral to Andry Lerner. She does not recall if there was actually another claim, other than Mr. Thonn's, on the disc. Ms. Mancuso said that Ms. Reitano

SM-01-GL00386

CONFIDENTIAL/ATTORNEY-CLIENT PRIVILEGED COMMUNICATION/ATTORNEY WORK PRODUCT
FOR SOLE USE OF THE EASTERN DISTRICT COURT OF LOUISIANA *IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010,* 10-MD-2179 ("MDL-2179")

requested she have Andry Lerner honor the attorney percentage, for Ms. Reitano, in the Thonn contract, as set forth as a fee agreement, in that contract. Ms. Mancuso recalled that she sent Ms. Reitano an attorney referral contract packet. She also recalled that she sent an Andry Lerner claimant attorney referral contract to Mr. Thonn with the same percentage requested by Ms. Reitano. When asked if a contract is always sent to the claimant, Ms. Mancuso said that some lawyers do and others do not. Ms. Mancuso was unaware if Ms. Reitano ever returned the signed referral contract. In the Andry Lerner process, that would not be a role she would handle.



Ms. Mancuso confirmed again that she had never known or met Mr. Sutton. Regarding Ms. Reitano, she did recall she had two or three conversations with Ms. Reitano, generally regarding whether Ms.

2

SM-01-GL00387

CONFIDENTIAL/ATTORNEY-CLIENT PRIVILEGED COMMUNICATION/ATTORNEY WORK PRODUCT FOR SOLE USE OF THE EASTERN DISTRICT COURT OF LOUISIANA *IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010*, 10-MD-2179 ("MDL-2179")

Reitano had or had not sent the disc with the claims and there were no conversations after that.



*The notes are not intended as a verbatim transcription of the meeting, but rather as a summary of major matters discussed. Quotes reflect an effort to capture exact words or phrases used during the meeting but are not intended as a verbatim transcription. These notes also contain mental impressions and observations and relay how the discussion during the meeting may impact other open legal issues for the Special Master Investigative Team. These notes also may be shared with the members of the Special Master Investigative Team to aid in execution of their functions and responsibilities, and as such are a communication between legal counsel and client. These notes are privileged as both an attorney-client communication and as attorney work product.

SM-01-GL00388