# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Young | § | |
| | § | CASE NO. 4:12-cv-989 |
| Plaintiff, | § | |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| BP Exploration and Production Inc.; BP, PLLC; BP Products North America Inc.; BP Corporation North America, Inc.; Halliburton Energy Services, Inc.; and ART Catering, Inc. | § § § § § § | |
| | § | |
| Defendants. | § | |

# Plaintiff Robert Young's and Intervenor Elton Johnson's Motion to <u>Remand</u>

The Court should remand this case because:

1. The Removing Defendants did not obtain the consent of all defendants;

2. The Removing Defendants acknowledge that they removed this action in violation of the explicit prohibition on removing Jones Act cases to federal court;

3. Johnson asserted simple breach of contract and tortious interference claims. Neither cause of action provides federal question jurisdiction;

4. The Removing Defendants incorrectly assert that OCSLA presents a federal question in Johnson's contract claim even though the offer was made on land, the offer was accepted on land, performance was to occur on land, and the contract was breached on land. None of the activity occurred on the outer Continental Shelf; and

5. Even if OCSLA did somehow apply (which it does not), under the circumstances present here, OCSLA would only provide original jurisdiction, not removal jurisdiction.

# I.

# Facts

Robert Young is a Jones Act seaman who was severely injured in the *Deepwater Horizon* explosion of April 20, 2010.[1] He sued his employer, ART Catering, Inc., and BP in state court pursuant to the Jones Act. Ex. A (Young's Original Petition). All defendants in that case were served well over a year ago and are still parties in this action. ART Catering has not consented to this removal.

Elton Johnson is also a Jones Act seaman who was injured as a result of the *Deepwater Horizon* explosion. Fortunately, he was not on the doomed vessel. Instead, he worked on a nearby supply boat that was supplying the *Deepwater Horizon*. The force of the blast caused Mr. Johnson to be knocked against a wall. When he came to, he helped rescue the *Deepwater Horizon* survivors. He sustained physical injures and Post-Traumatic Stress Disorder. He sued his employer (Tidewater Marine, L.L.C.) and BP pursuant to the Jones Act in state court.

BP made a written offer to settle Johnson's suit. Johnson accepted the settlement offer in writing. Weeks later, Tidewater Marine (fearing a contribution claim from BP) tortiously interfered with this contract and induced BP to back out of the written settlement agreement. None of the conduct related to the formation of the contract or its subsequent breach occurred on the outer Continental Shelf. Johnson intervened in Young's state court action and alleged common law breach of contract, misrepresentation, and tortious interference with contract causes of actions. Ex. B (Johnson Petition in Intervention).

---

[1] The *Deepwater Horizon* was the doomed vessel that burst into flames and caused the BP oil spill.

BP and Tidewater Marine (collectively referred to as "Removing Defendants") acknowledge that they did not obtain consent from ART Catering to remove this case. In an attempt to get around this defect, they argue that recent amendments to the removal statute make ART Catering's consent unnecessary. This might be true if the amendments had retroactive effect. They do not. As such, the Removing Defendants needed to obtain ART Catering's written consent to remove this case. They failed to do so and remand is proper.

Regardless, even if ART Catering had consented, the removal would still be improper. Nowhere in Johnson's Petition in Intervention does he allege an OCSLA cause of action or even alleged facts that could raise an inference that such a cause of action exists. The settlement offer was made on land, accepted on land, and breached on land (due to Tidewater Marine's land-based interference). None of the relevant activity occurred on the outer Continental Shelf. Regardless, even if OCSLA did somehow apply, it does not provide removal jurisdiction when a local defendant is sued. Consequently, the Court should grant Plaintiffs' motion and remand this case.

## II.

### The Court Should Grant Plaintiffs' Motion

**A. The Removing Defendants failed to obtain the written consent of all defendants**

All defendants in a civil action must give written consent before a party is allowed to remove a case to federal court. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). It is undisputed that the Removing Defendants did not obtain written consent

from ART Catering to remove this case. Since the removal was procedurally defective, the Court should remand this case.

The Removing Defendants attempt to avoid their procedural defect by arguing that recent amendments to 28 U.S.C. § 1446(c) make ART Catering's consent unnecessary. Dkt. #1 at ¶¶ 32-37. However, the amendments they cite did not go into effect until January 6, 2012 and do not have retroactive application:

> The amendments made by this title—
>
> * * *
>
> (2) shall apply to—
>
>> (A) any action that is commenced in a United States district court on or after such effective date; and
>>
>> (B) **any action that is removed from a State court to a United States district court and that had been commenced, within the meaning of State law, on or after such effective date**.

FEDERAL COURTS JURISDICTION AND VENUE CLARIFICATION ACT OF 2011, PL 112-63, December 7, 2011, 125 Stat 758 (emphasis added).

The "action" at issue was commenced in state court on November 5, 2010. Ex. A. This was more than a year before the amendments to the removal statute went into effect. Consequently, the January 6, 2012 amendments are inapplicable. Instead, the "old" rule governs this motion. The Court should remand this case due to the Removing Defendants' failure to obtain written consent from the other defendants.[2]

---

[2] The Removing Defendants may argue that Young's case against ART Catering was in the process of being settled. This argument misses the point. Young's case is still pending as of today (and certainly was at the time of removal), no party has moved to dismiss it, and ART Catering is still a defendant. As such, its consent to removal was required.

### B. Young's Jones Act claim cannot be removed to federal court

"It is axiomatic that Jones Act suits may not be removed from state court." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); *In re Dutile*, 935 F.2d 61, 63-64 (5th Cir. 1991) ("Congress has granted Jones Act plaintiffs the uncommon right to choose – without regard for the wishes of defendants – to litigate their claims in state court if they so desire."). It is undisputed that both Young and Johnson are Jones Act seamen. Young asserted a straightforward Jones Act cause of action.[3] The Removing Defendants acknowledge Young's case should be remanded. Dkt. #1 at ¶ 37. Yet, the Removing Defendants improperly ask the Court to utilize the mechanism provided in the new, inapplicable Section 1441(c)(2) to sever Young's case from Johnson's case and only remand Young's portion.[4] As explained in the section above, the amended statute that the Removing Defendants cite does not apply to this action because it does not have retroactive effect. Therefore, the Court should remand the entire civil action since Young's Jones Act claim presents a bar to removal.

### C. Johnson's claims do not give rise to OCSLA jurisdiction

OCSLA's grant of federal jurisdiction is found in 43 U.S.C. § 1349(b)(1)(A). Section 1349(b)(1)(A) is only triggered when the controversy arises out of an "operation conducted **on** the outer Continental Shelf which involves exploration, development, or production of the minerals" of the outer Continental Shelf ("OCS"). 43 U.S.C. § 1349(b)(1)(A) (emphasis added).

---

[3] Although Johnson's intervention does not assert a Jones Act cause of action, his case involves the breach of the settlement of his Jones Act case.
[4] The Removing Defendants could have sought a severance in state court, but failed to do so.

Johnson's case involves a breach of contract. Ex. B at ¶ 1. All of the contract negotiations occurred on land. *See id.* at ¶ 2. BP's breach of the contract occurred on land. All of BP's and Tidewater Marine's tortious activity surrounding the breach of contract occurred on land. *See id.* at ¶11, 12. No part of the contract called for performance on the OCS. None of the conduct complained of occurred on the OCS. The contract simply requires BP to pay money to Johnson in exchange for him dismissing his lawsuit. *Id.* (exhibit A to the Petition in Intervention). In no way, shape, or form does it "involve exploration, development, or production" of oil and gas on the OCS. The Court lacks jurisdiction under Section 1349(b)(1)(A) and should remand this case.

The Removing Defendants attempt to get around these facts by arguing that Johnson's underlying Jones Act case somehow triggered Section 1349(b)(1)(A) and, therefore, the settlement of the initial Jones Act case triggers OCSLA jurisdiction for this case as well.[5] However, a breach of contract case does not give rise to OCSLA jurisdiction when all relevant events occur on land. This is true even if the controversy may be tangentially related to oil and gas operations conducted on the OCS. For instance, one court recently rejected the Removing Defendants' argument in another case involving the settlement practices utilized by BP's Gulf Coast Claims Facility ("GCCF")[6]:

> GCCF is correct that the Fifth Circuit views "[t]he jurisdictional grant contained in 43 U.S.C. § 1349(b)(1) [a]s very broad." But to view OCSLA's scope so far-reaching as does GCCF would render GCCF's

---

[5] The premise of this argument is wrong. The underlying Jones Act case did not give rise to OCSLA jurisdiction. Therefore, this argument fails. Johnson will more fully explain this in the next section.
[6] The GCCF is BP's agent and made the written settlement offer to Johnson in the case at bar.

> every potentially actionable decision a federal case, be it related to the claims process at hand or a GCCF employee's car wreck en route to the office.
>
> Neither OCSLA's plain language nor the Fifth Circuit's decisions interpreting it contain any indication that matters so far removed as these—occurring not on the outer Continental Shelf but doing business in Dublin, Ohio, and aimed not at the "exploration, development, or product of ... minerals" but rather at "developing and publishing standards for recoverable claims" related to the Deepwater Horizon spill—fall within the purview of Section 1349(b)(1), which addresses "any operation conducted *on* the outer Continental Shelf...." Plainly, although GCCF's activities amount to an operation, that operation is not conducted "on the outer Continental Shelf." Therefore, OCSLA does not apply and is not a proper basis for federal jurisdiction.

*Mississippi ex rel. Hood v. Gulf Coast Claims Facility*, 2011 WL 5551773 at *4-5 (S.D. Miss. Nov. 15, 2011) (remanding case to state court); *See also Dominion Exploration & Prod., Inc. v. Ameron Intern. Corp.*, 2007 WL 4233562 at *3 (E.D. La. Nov. 27, 2007) (remanding breach of contract/misrepresentation action arising out of contract to paint a fixed platform because performance was to occur on land); *LLOG Exploration Co., L.L.C. v. Certain Underwriters at Lloyd's of London*, 2007 WL 854307 at *5 (E.D. La. Mar. 16, 2007) (remanding breach of insurance contract dispute even though the insured property was a fixed production platform on the OCS because "[t]he insurance coverage dispute does not affect or alter the progress of production activities on the OCS, nor does it threaten to impair the total recovery of federally owned minerals from the OCS."); *Gulf Island, L.L.C. v. J. Ray McDermott, Inc.*, 2005 WL 180947 (E.D. La. Jan. 26, 2005) (remanding breach of contract case arising out of the construction of an oil and gas platform because the construction was to be performed on land, even though the platform was to be transported to the OCS once completed); *NCX Co., LLC v. Samedan Oil Corp.*, 2004 WL 203079 at*3 (E.D.

La. Jan. 28, 2004) (remanding breach of contract dispute over failure to pay fees owed under a contract because "the present dispute does not affect the flow of production or development, nor does it affect the efficient exploitation of natural resources in the OCS."); *Brooklyn Union Exploration Co., Inc. v. Tejas Power Corp.*, 930 F. Supp. 289, 291-92 (S.D. Tex. 1996) (dismissing contract case for lack of subject matter jurisdiction "because the present dispute strictly concerns contractual provisions governing the price of gas, not provisions governing its production or development and "resolution of the instant dispute . . . will not alter the flow of production or otherwise affect the efficient exploitation of natural resources in the OCS.").

Like the cases cited above, the contract that BP breached has nothing to do with the production or development of the minerals of the OCS and will not affect the efficient exploitation of natural resources on the OCS. OCSLA does not provide subject matter jurisdiction and the Court should remand this case.

**D.     Even if OCSLA is somehow triggered, OCSLA does not provide removal jurisdiction when the underlying claim is governed by maritime law and the plaintiff has sued a local defendant**

Even if an entirely land-based contract dispute could implicate OCSLA, the removal would still be improper. Defendants' arguments to the contrary confuse *original* jurisdiction with *removal* jurisdiction. The overwhelming majority of district courts have held that 43 U.S.C. § 1349 (OCSLA's grant of *original* jurisdiction) does not provide *removal* jurisdiction when: (1) the underlying claim is governed by maritime law; and (2) one of the defendants is a citizen of the state where the case

was filed. *Nase v. Teco Energy*, 347 F.Supp.2d 313, 318-20 (E.D.La. 2004) ("the Court finds that removal under OCSLA is not proper when maritime law governs the plaintiff's claim and one of the defendants is from the state of the suit.") (citing 11 different cases); *See also Bulen v. Hall-Houston Oil Co.*, 953 F.Supp. 141, 144 (E.D.La. 1997); *Newman v. Superior Well Services,* 1997 WL 208980 at *3 (E.D.La. April 28, 1997); *Walsh v. Seagull Energy Corp.*, 836 F.Supp. 411, 417-18 (S.D.Tex. 1993); *Fogleman v. Tidewater Barges, Inc.*, 747 F.Supp. 348, 354-56 (E.D.La. 1990). This is because 28 U.S.C. § 1441(b) bars removal of claims governed by maritime law when a local citizen is named as a defendant (despite the fact that a district court would have original jurisdiction under OCSLA if the case had been originally filed in federal court). *Id.*[7]

This rule has been recognized and applied in the context of *Deepwater Horizon* litigation. *St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc.*, 774 F.Supp.2d 596, 608-12 (D. Del. 2011). Judge Barbier (who is presiding over the *Deepwater Horizon* MDL) has also applied this rule:

> It is therefore true that unless a defendant is not a citizen of the state in which the action is brought, § 1441(b) does not allow maritime claims to be removed to federal court. This is true even if the court has both OCSLA and admiralty jurisdiction . . .

---

[7] No appellate courts have ruled on this issue. The Fifth Circuit has examined this issue twice, but declined to rule on whether an in-state defendant can remove a case governed by maritime law which also happens to fall within OCSLA's jurisdictional grant. *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 155-56 (5th Cir. 1996); *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 350-51 (5th Cir. 1999). However, both cases recognized the merit in the reasoning employed by the above cited cases. This Court does not need to decide this issue, though, since the district court must also resolve all "ambiguities in current substantive law in plaintiff's favor." *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006). Consequently, to the extent the Court finds the law on this point is unsettled, the Court should resolve the doubt in Johnson's favor and remand the case.

*In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 747 F.Supp.2d 704, 709 (E.D.La. 2010).[8]  Since Johnson's breach of contract and tortious interference claims are governed by maritime law and since BP is a Texas citizen[9], OCSLA does not provide removal jurisdiction.

*(1) Johnson's claims are governed by maritime law*

"A settlement agreement is a contract." *Guidry v. Halliburton Geophysical Services, Inc.*, 976 F.2d 938, 940 (5th Cir. 1992).  Questions regarding the enforceability or validity of settlement agreements are governed by maritime law if the underlying case was governed by maritime law. *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984); *Kelly v. Bayou Fleet, Inc.*¸ 2007 WL 2903229 at *1 (E.D. La. Oct. 2, 2007); *See also Kossick v. United Fruit Co.*, 365 U.S. 731, 81 S.Ct. 886 (1961).  As such, it is necessary to determine if maritime law governed Johnson's underlying personal injury action.

"[W]here OCSLA and general maritime law both could apply, the case is to be governed by maritime law." *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).  A court has maritime jurisdiction over a tort when: (1) "the tort occurred on navigable water"; (2) the incident has "a potentially disruptive impact on maritime commerce"; and (3) the general character of the incident bears a "substantial relationship to traditional maritime activity." *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).  Moreover, "**[t]he law is clear**

---

[8] Judge Barbier denied the motion to remand, but only because the plaintiff did not sue a local defendant. *Id*. at 709.  In contrast, Johnson did sue local defendants in both lawsuits he filed.

[9] Tidewater Marine is a Louisiana citizen.  Johnson's initial Jones Act personal injury case was filed in Louisiana state court.  To the extent that is the relevant suit for this analysis, the forum defendant rule would still present a bar to removal.

**that when a tort occurs on navigable water on the OCS, as opposed to, for example, a stationary platform, . . . maritime law applies to the ensuing tort action by that worker against third parties**." *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009) (en banc) (emphasis added); *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1119 (5th Cir. 1995) (en banc) (holding that injury to worker aboard a jack up drilling rig on navigable waters was governed by maritime law); *Parks v. Dowell Division of Dow Chemical Corp.*, 712 F.2d 154, 157 (5th Cir. 1983) (holding that injured worker's claim was governed by maritime law in a substantially similar case).

It cannot seriously be disputed that Johnson's initial case involved a "tort that occurred on navigable water." He was injured on a supply boat called the *M/V Damon B. Bankston* which was located on navigable waters. Ex. C (Johnson's Jones Act petition) at ¶¶ 4, 6. Like the *M/V Damon B. Bankston*, the *Deepwater Horizon* was a floating vessel located on navigable waters. *Id.* at ¶ 13. This should end the Court's analysis under the *Grand Isle Shipyard* test. As a result, maritime law governed the initial tort claim. Since maritime law governed the initial tort claim, it also governs the contract claim at issue.

Johnson does not expect any of the defendants to argue that maritime law did not govern Johnson's personal injury case. In fact, BP has successfully argued in the past that torts involving drilling vessels attached to the seabed are governed by maritime law. *Strong v. B.P. Exploration & Production, Inc.*, 440 F.3d 665, 669 (5th Cir. 2006) (maritime law governs tort claim involving a vessel attached to the seabed "and not 'under sail'."). Unsurprisingly, in the *Deepwater Horizon* context, BP has

similarly asserted that maritime law applies. Ex. D (BP's Third Party Complaint against Cameron) at ¶ 11 ("This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1333 . . ."); *See also* ¶ 68 ("Cameron's design for the *Deepwater Horizon* BOP was unreasonably dangerous under maritime law.") and ¶ 10 ("Accordingly, pursuant to Federal Rule of Civil Procedure 14(c)(2)[10], [BP] impleads Cameron . . ."). Even though the *Grand Isle Shipyard* test and BP's prior judicial admissions establish that Johnson's initial case was governed by maritime law, Johnson will briefly address each *Grubart* element out of an abundance of caution.

It is undisputed that the initial tort occurred on navigable waters. Thus, *Grubart's* first element is met. The second element is met as well. An offshore explosion obviously has the potential to cause a disruption in maritime commerce. In fact, it cannot seriously be disputed that the *Deepwater Horizon* explosion has *actually* disrupted maritime commerce. Finally, the third *Grubart* element is met because the Tidewater vessel performed the traditional maritime activity of sending and receiving supplies at sea. Ex. C at ¶ 4. Moreover, Johnson was not only injured in the explosion. He was also injured while performing a search and rescue operation – another classic maritime activity. *Id*. at ¶ 10. As a result, maritime law governed the initial personal injury action and, therefore, governs Johnson's contract claims. Since maritime law governs this claim and Johnson sued a forum defendant, OCSLA does not provide removal jurisdiction.

---

[10] Rule 14(c)(2) only applies in admiralty cases. FED. R. CIV. P. 14(c).

*(2) Johnson sued forum defendants*

In the initial Jones Act personal injury case, Johnson sued Tidewater Marine in Louisiana state court. It is undisputed that Tidewater Marine is a local citizen. In the subsequent breach of contract case, Johnson sued BP in Texas state court. It is undisputed that BP is a Texas citizen. Since this case: (1) is governed by maritime law; and (2) Johnson sued a forum defendant, OCSLA does not provide removal jurisdiction. Accordingly, the Court should grant Plaintiffs' motion and remand this case.

## III.

## **Conclusion**

The Court should remand this case to state court and assess fees and costs against Defendants.

    Respectfully submitted,

    ARNOLD & ITKIN LLP

    */s/ Kurt B Arnold*
    _____
    Kurt B. Arnold
    State Bar No. 24036150
    5 Houston Center
    1401 McKinney Street, Suite 2550
    Houston, Texas 77010
    Telephone:   (713) 222-3800
    Facsimile:   (713) 222-3850

    **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Jason Itkin
State Bar No. 24032461
Cory Itkin
State Bar No. 24050808
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

    and

**NUGENT & PETERSON**
Paul Nugent
State Bar No. 15132600
Heather Peterson
State Bar No. 24007834
402 Main St., 8th Floor
Houston, Texas 77002
713-227-4000
713-223-8879 (fax)

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs has conferred with counsel for BP in a good faith effort to resolve the matters raised by this motion, and counsel for BP opposes the Motion to Remand.

                                        */s/ Kurt B Arnold*
                                        _____
                                        Kurt B. Arnold

## Certificate of Service

      I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure on this 5th day of April, 2012.

      */s/ Kurt B Arnold*
      _____
      Kurt B. Arnold