# Exhibit N



## LABORDE & NEUNER
### ATTORNEYS AT LAW

CLIFFE E. LABORDE III
FRANK X. NEUNER, JR. *
JAMES L. PATE
BEN L. MAYEAUX
ROBERT E. TORIAN
JAMES D. HOLLIER
MELISSA L. THERIOT *
KEVIN P. MERCHANT
JENNIE P. PELLEGRIN
BRANDON W. LETULIER
JASON T. REED

PROFESSIONAL LAW CORPORATIONS
* ALSO ADMITTED IN TEXAS

ONE PETROLEUM CENTER
SUITE 200
1001 W. PINHOOK ROAD
P.O. BOX 52828 (70505-2828)
LAFAYETTE, LOUISIANA 70503
TELEPHONE: (337) 237-7000
FACSIMILE: (337) 233-9450
www.LN-Law.com

C.E. LABORDE, JR.
(1913-1983)

WILL MONTZ
JEREMY N. MORROW
JED M. MESTAYER
PHILIP H. BOUDREAUX, JR.
CLIFF A. LACOUR
JEFFREY K. COREIL
SARA RODRIGUE
JACLYN BRIDGES
VICTORIA VIATOR

October 5, 2011
Via Electronic Transmission and U.S. Mail

Mr. Christopher J. Esbrook
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Re: *Elton Johnson v. BP, plc, et al.*, Docket No. 10-CV-1674
United States District Court for the Eastern District of Louisiana
Our File No. 17756

Dear Mr. Esbrook:

We received your October 3, 2011 correspondence advising that the GCCF has offered to settle the claims of Elton Johnson and requesting that Tidewater resolve these claims or indemnify BP for the entire amount of the GCCF settlement. You later advised by e-mail that the GCCF has agreed to pay Elton Johnson $2,698,095, which we understand is ultimately funded by BP. And, you advised us today during our phone conversation that Elton Johnson has accepted the offer from the GCCF. We further understand that BP was given notice of the settlement by GCCF on September 23, 2011.

Tidewater was provided neither notice, nor an opportunity to participate in the claims process with the GCCF, and was not provided the opportunity to respond to and/or defend against the claims by Elton Johnson before the GCCF. Further, the GCCF did not contact Tidewater for information or documents regarding Johnson's claim, which Tidewater would have readily provided. Based on the file materials we have, the settlement offered by the GCCF in the amount of nearly $2.7 million is excessive and unreasonable given the defenses to Johnson's claim that are available to Tidewater and BP, and the medical records Tidewater has been provided. We also understand from our earlier conversation that BP likewise did not have prior notice that Elton Johnson had filed a claim with the GCCF and that the GCCF did not reach out to BP for information regarding this claim, relying instead only on the submissions by Johnson's lawyers.

**USCA5 1302**

Mr. Christopher J. Esbrook
October 5, 2011
Page 2

Sections VI (A) and (B) of the Gulf Coast Claims Facility Protocol for Interim and Final Claims dated February 8, 2011, provide that only a claimant or BP can appeal a final payment determination, and BP has 14 days from notice to lodge its appeal. Consequently, it appears that an appeal by BP within the delays afforded by the Gulf Coast Claims Facility Protocol is the only opportunity to inform the GCCF of the excessiveness and unreasonableness of the settlement, and Tidewater again requests in the strongest terms that BP appeal the settlement.

In short, the settlement amount was offered and accepted before Tidewater, and apparently BP, were given notice of the proceedings or an opportunity to participate. Given this posture, Tidewater has no leverage to pursue a more reasonable resolution and no standing or right within the GCCF protocol to challenge the settlement. We will cooperate in any way possible to assist BP in lodging an appeal of the settlement. Unfortunately, our first notice of the settlement offer was provided by you after business hours on October 3, 2011, 10 days after BP received notice of the settlement and only 4 days before expiration of the appeal delays. Notably, Tidewater has never received notice of the settlement from the GCCF.

Because Tidewater does not have the right to appeal the GCCF settlement, and has not been privy to the claims process and proceedings before the GCCF, Tidewater will potentially be severely prejudiced by any failure or refusal by BP to appeal the award. Specifically, Tidewater does not have access to the materials submitted by the plaintiff to the GCCF to justify such a high settlement, nor does Tidewater have access to any information suggesting the reasoning or basis for the sum offered by the GCCF.

Further, Tidewater must also point out, consistent with the undersigned's August 19, 2010 correspondence to BP, that Section 8 of the Charter excludes from any indemnity obligation claims based on the gross negligence of BP, and Johnson's lawsuit pending in the MDL action contains allegations of gross negligence against BP.[1] It may be that the GCCF settlement is so high because the GCCF has taken both gross negligence and punitive damages into account. With the dearth of information currently available, however, Tidewater has no way of determining that at this juncture. Tidewater also reserves the right to challenge whether the settlement entered by the GCCF falls within the scope of the indemnity agreement between the parties and to challenge the reasonableness of the settlement amount.

Sincerely,

Cliffe E. Laborde III

CEL/MLT/mfr

---

[1] We also note that while Tidewater agreed to assume the defense of BP, BP has continued to defend itself with counsel of its own choosing.