IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br>*Elton Johnson v. BP America Exploration & Production Inc.*, No. 2:13-cv-5804. | * * * * * * * * | Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

## BP'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

In accordance with Federal Rule of Civil Procedure 56(c) and Local Rule 56.1, BP Exploration & Production Inc., BP Products North America Inc., and BP Corporation North America Inc. (collectively "BP") submit the following Statement of Undisputed Material Facts in support of BP's motion for summary judgment.  As explained in the Memorandum submitted concurrently herewith, only BP's motion for summary judgment enjoys the support of undisputed material facts; Plaintiff's motion cannot succeed, among other reasons, because it depends on disputed factual issues, including whether Plaintiff fraudulently induced the contract he claims to have formed with BP by means of the independent action of the Gulf Coast Claims Facility ("GCCF").

For purposes of BP's present Motion for Summary Judgment:

1. On April 20, 2010, Plaintiff Elton Johnson was employed as a seaman by Tidewater Marine LLC ("Tidewater") and working aboard the *Damon Bankston* in the vicinity of the *Deepwater Horizon* drilling rig in the Gulf of Mexico.

2. Johnson was aboard the *Damon Bankston* when an explosion occurred on the *Deepwater Horizon*, which resulted in the *Horizon* capsizing and sinking.

3. When he returned to shore, Johnson completed a form provided by the Coast Guard, on which he indicated that he did not experience any injury. The form is reproduced at Exhibit C at 10.

4. Nevertheless, Johnson filed personal-injury claims in this Court in May 2010.

5. Johnson presented his personal-injury claims to the Gulf Coast Claims Facility ("GCCF") for settlement.

6. The GCCF sent Johnson a Determination Letter on September 23, 2011, which is reproduced at Exhibit E.

7. Accompanying the Determination Letter was a Final Payment Election Form, which Johnson signed on September 24, 2011 and returned to the GCCF. The Election Form is reproduced at Exhibit F.

8. On October 20, 2011, before the GCCF process had reached its conclusion, Tidewater filed with the GCCF a letter and supporting documentation explaining why it believed that the GCCF was operating on incomplete or inaccurate information when it determined the amount of money for which it would be willing to settle Johnson's claims. The letter relied on sworn statements from other crewmembers aboard the *Damon Bankston*. The letter and its attachments appear as Exhibit C.

9. The GCCF hired Guidepost Solutions LLC to conduct an independent investigation of Johnson's claims. The Guidepost report is reproduced at Exhibit B.

10. After receiving the Guidepost report, the GCCF issued a Denial Letter to Johnson on February 22, 2012, which appears at Exhibit A. The GCCF adopted Guidepost's conclusion that the Plaintiff's claim was "fabricated." *Id.* at 1.

11. The GCCF was designed to comply with the requirements of the Oil Pollution Act of 1990 ("OPA"), and used OPA (concerning economic loss and property damage claims) as its model in structuring personal injury settlement processes as well.

12. At all relevant times, the GCCF publicized the rules under which it operated and under which it was required to operate pursuant to its contract with BP: the Final Rules Governing Payment Options, Eligibility and Substantiation Criteria, and Final Payment Methodology (the "Payment Rules"), reproduced at Exhibit I, and the Protocol for Interim and Final Claims ("Protocol"), reproduced at Exhibit D. The protocols state that signing a release is a precondition to acceptance and thus to contract formation.

13. The GCCF Payment Rules and Protocol were reviewed by the U.S. Department of Justice (a point Plaintiff never contested in his Fifth Circuit appeal, resulting in the present remand to this Court), *see* Letter from U.S. Associate Attorney General, Thomas J. Perrelli, to Kenneth Feinberg, Gulf Coast Claims Facility (Feb. 4, 2011), *available at* http://www.justice.gov/asg/2011-2-4-perrelli-ltr-feinberg.pdf ("Perrelli Letter"), and by the American Bar Association, See http://www.americanbar.org/content/dam/aba/migrated/poladv/ letters/tortlaw/2010aug13_feinberg_l.authcheckdam.pdf. The Court can take judicial notice of those letters. The purpose of the Justice Department's review was to ensure that the GCCF's processes were sufficiently protective of claimants. Perrelli Letter at 1.

14. The applicable GCCF personal injury release provides that claimants should consult with a lawyer prior to signing, making clear that claimants have the option not to sign if they do not agree to all terms of the release. Ex. H at 1.

Date: December 16, 2013

Of Counsel:

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
richard.godfrey@kirkland.com
andrew.langan@kirkland.com

Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeffrey.clark@kirkland.com
dominic.draye@kirkland.com

Respectfully Submitted,

/s/ Don K. Haycraft
Don K. Haycraft
Devin C. Reid
LISKOW & LEWIS LLP
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 556-4128
Facsimile: (504) 556-4108
dkhaycraft@liskow.com
dcreid@liskow.com

ATTORNEYS-IN-CHARGE FOR
DEFENDANTS BP EXPLORATION &
PRODUCTION INC., BP PRODUCTS
NORTH AMERICA INC., AND BP
CORPORATION NORTH AMERICA INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 16, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have served this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Don K. Haycraft