# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 <br><br> SECTION J |
| This document relates to: <br> All Cases and No. 12-970 | * * * * * | HONORABLE CARL J. BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |

I, Maria Travis, do hereby declare:

1. I am over the age of 21 years and a resident of the State of Texas. Unless otherwise stated, I have personal knowledge of the facts set forth herein including a review of materials described herein and if called to do so could testify truthfully thereto.

2. I am Director of Claims for the Gulf Coast Restoration Organization, BP North America Inc. In this position I am responsible for the BP Claims Program ("BPCP"). The BPCP is a program set up to address the claims of individuals and businesses who are excluded from the Economic and Property Damage Class Action Settlement Agreement ("Settlement Agreement"), or who have validly exercised their legal right to opt out of the Settlement Agreement, or who wish to pursue claims that are expressly reserved to them pursuant to the Settlement Agreement.

3. In January 2013, Watts Guerra Craft LLP ("Watts") delivered electronic media to the BPCP containing 43,967 claim "Presentment Forms" on Watts letterhead and signed by Mikal Watts, asserting 43,976 claims.

4. Nearly all of these forms corresponded to the short-form joinders ("SFJs") filed with the Court. Watts assigned claimant identification numbers to its SFJs, which matched 43,324 claims filed with the BPCP.

5. Unlike the SFJs, however, the claim forms filed with the BPCP included full Social Security Numbers ("SSNs") for each claimant. With the SSNs, the BPCP could attempt to verify the identity of those claimants.

6. Pursuant to its normal claims processing procedures, the BPCP staff used the SSNs and LexisNexis to attempt to verify the identities of claimants. The procedure entailed entering a SSN from a Watts claim form into the LexisNexis database to check that the name of the person listed on the claim matched the public database record associated with the SSN. If the name on the claim form matched the name on the database record for that SSN, the BPCP considered the identity verified. If the name on the database record bore any similarity to the name on the claim, the BPCP checked the other information on the claim against the database record, including date of birth and address, and if any single item of information matched, the BPCP considered the identity of the claimant verified.

7. Based on this preliminary review, the BPCP found that it could verify the identity of only 41.8 percent of the Watts claimants. Of the remaining SSNs, 40.4 percent are associated with living persons other than the named claimant, 13.1 percent are incomplete or "dummy" numbers (*e.g.*, 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), and 4.6 percent are associated with dead persons other than the named claimant.

8. During this verification process, the BPCP staff discovered that one of its members—who was not a commercial fisherman, had never retained Watts as counsel, and had never filed a claim—had been included among Watts' client list. He had been included not once,

2

but twice. The first of these claims included his name, current address, a defunct phone number, and an incorrect SSN. The second claim included his name, his parents' address, his parents' phone number, and a different but also incorrect SSN.

I make this Declaration under penalties of perjury pursuant to 28 U.S.C. § 1746, and I state that the facts set forth herein are true to the best of my knowledge, belief, and information.

Maria Travis

Dated: December 13, 2013