UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-970 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### SUPPLEMENTAL SUBMISSION BY BEL CLAIMANTS AND THE CLASS REGARDING CAUSATION IN LIGHT OF DECEMBER 2nd PER CURIAM FROM THE FIFTH CRICUIT BEL PANEL

BEL Claimants in the Court-Supervised Settlement Program and the Economic & Property Damages Settlement Class have previously submitted an Opposition to BP's Motion to Amend the Scheduling Order an Injunction [Doc. 11826], a Sur-Reply [Doc. 11848-1], and an Opposition to the Emergency Motion filed with the U.S. Fifth Circuit Court of Appeals [Fifth Cir. Doc. 00512450441], as well as a Letter Brief in Response to the Fifth Circuit in No. 13-30095 [Doc. 11728-6], in support of the fact that: **(i)** the Economic & Property Damages Settlement Agreement satisfies the requirements of General Maritime Law, Article III, the Rules Enabling Act, and Rule 23; **(ii)** both the Class Definition and the BEL Causation Framework have been interpreted and applied correctly by the Claims Administrator; and **(iii)** the BP Defendants should be estopped from taking any position to the contrary.  In light of the Fifth Circuit BEL Panel's *Per Curiam* dated December 2, 2013 [Fifth Cir. Doc. 00512457612], the Eligible Claimants and the certified Class respectfully submit the following Supplemental Brief

to respond to some of the arguments in BP's Reply Brief to the Fifth Circuit's BEL Panel [Fifth Cir. Doc. 00512452964], to which Plaintiffs have not had a previous opportunity to respond: [1]

**MAY IT PLEASE THE COURT:**

As previously noted by Plaintiffs, the Economic & Property Damages Settlement Agreement stands as an independent and enforceable contract between the BP Defendants and the participating eligible Claimants who submit claims to the Settlement Program under the General Maritime Law, irrespective of whether the agreement satisfies the requirements of Rule 23(b)(3) and Rule 23(e).[2] While Plaintiffs believe that the Settlement Agreement does satisfy all class certification and settlement approval requirements,[3] assuming *arguendo* that the Fifth Circuit Panel in No. 13-30095 were to determine that the Agreement did not comport with Rule 23, the Rules Enabling Act would prevent such a procedural determination from affecting the substantive contractual rights of the Parties. *See, e.g.,* Amchem Products v. Windsor, 521 U.S. 591, 613 (1997) (*citing* 28 U.S.C. §2072(b) (the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right")).

Effectively conceding this, BP therefore argues in its latest Reply Brief to the Fifth Circuit BEL Panel that the Settlement Agreement should now be interpreted "in light of" the intent of the Parties to satisfy the requirements of Rule 23.[4] For all of the reasons previously set forth, Class Counsel, the Claims Administrator, the District Court, and the BP Defendants

---

[1] BEL Claimants and the Class have also filed a MOTION TO STRIKE THE DECLARATION OF ALLISON B. RUMSEY [Doc. 11989].

[2] *See* OPPOSITION TO MOTION TO AMEND [Doc 11826], pp.1-2; SUR-REPLY BRIEF [Doc 11848-1], p.5; OPPOSITION TO MOTION FOR INJUNCTION [Fifth Cir. Doc. 00512450441], pp.28-34.

[3] *See generally* APPELLEES' BRIEF, No. 13-30095 [Fifth Cir. Doc. 00512361333]; CLASS COUNSEL'S LETTER BRIEF IN RESPONSE TO THE U.S. FIFTH CIRCUIT IN CASE NO. 13-30095 [Fifth Cir. Doc. 00512413345 and MDL No. 2179 Doc. 11728-6].

[4] *See* BP REPLY BRIEF, No. 13-30315 (Nov. 25, 2013) p.16 [Fifth Cir. Doc. 00512452964, at 24].

themselves (at least from April 18, 2012 when the Settlement Agreement was first publicly filed and presented thru December 21, 2012 when the Class Settlement was approved) interpreted the Settlement Agreement's Class Definition and BEL Causation Framework in a way that complied in all respects with the requirements of Rule 23, the Rules Enabling Act, and Article III.[5] Nevertheless, to the extent that Rule 23 considerations might be relevant to the interpretation of the substantive provisions of the contract, BP's currently proffered construction is ***contrary*** to the requirements of Rule 23.

Specifically, BP now seems to advocate for an undefined and inherently subjective inquiry into whether a business located within the Gulf Coast Area may or may not be a member of the class. Such an interpretation is ***impermissible*** under Rule 23, which requires an objectively ascertainable class. *See* John v. National Sec. Fire & Cas. Co., 501 F.3d 443, 445 (5th Cir.2007) ("The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23") (*citing* DeBrekmaeker v. Short, 433 F.2d 733, 734 (5th Cir. 1970), *and* 5 MOORE'S FEDERAL PRACTICE §23.21[1], at 23-47 (Matthew Bender 3d ed. 1997) ("the class must be susceptible of precise definition. There can be no class action if the proposed class is 'amorphous' or 'imprecise'")); *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH (Federal Judicial Center 2004) §21.222 ("The definition must be precise, objective and presently ascertainable").

While BP has not put forth a proposed concrete interpretation of the Settlement Agreement other than the objective standards it agreed to in Section 1.2 and Section 1.3 (incorporating Exhibit 4B), the BP Defendants have recently suggested that class membership

---

[5] *See generally* CLASS COUNSEL'S LETTER BRIEF IN RESPONSE TO THE U.S. FIFTH CIRCUIT IN CASE NO. 13-30095 [Fifth Cir. Doc. 00512413345 and MDL No. 2179 Doc. 11728-6]; *see also* OPPOSITION TO MOTION TO AMEND [Doc 11826], pp.2-7, 9-19; SUR-REPLY BRIEF [Doc 11848-1], pp.2-4, 6-7; OPPOSITION TO MOTION FOR INJUNCTION [Fifth Cir. Doc. 00512450441], pp.30-32.

might turn on the subjective opinion of the plaintiff or an as-ye-to-be-defined merits-based determination. Such an interpretation is not only contrary to the express and unambiguous terms of the Settlement Agreement, but would cause that agreement to violate the requirements of Rule 23 for an objectively ascertainable class.

BP, and its experts, consistently recognized and agreed with this, from the date when the Settlement Agreement was executed on April 18, 2012 through the District Court's Rule 23 approval of the Settlement Agreement on December 21, 2012.

On May 8, 2012, for example, BP submitted a powerpoint presentation to the Court-appointed and Court-supervised Claims Administrator and Trustee, to explain, among other things, how the Settlement Program would identify eligible Business Economic Loss members of the Settlement Class:

> Wide range of options to qualify for benefits:
>
> - Businesses in industries and geographic Zones most impacted by the DWH Spill are not required to present any evidence of causation.
>
> - All other businesses ***in the class*** have five different options to recover DWH Spill related losses….[6]
>
> Qualifying businesses receive compensation for *all losses regardless of actual facts and circumstances*.
>
> - All Zone A businesses and others with presumptions.
>
> - *All businesses* qualifying using *overall revenue trends*.
>
> - All other businesses can claim specific losses of contracts or reservations….[7]

---

[6] BUSINESS ECONOMIC GROWTH: BENEFITS (from BP Draft Tutorial Presentation, at p.2) [Doc 11826-1, at 3] (emphasis supplied).

[7] BUSINESS ECONOMIC GROWTH: BENEFITS (from BP Draft Tutorial Presentation, at p.3) [Doc 11826-1, at 4] (emphasis supplied).

On August 13, 2012, BP submitted a Memorandum in Support of its Motion for Final Settlement Approval, in which BP stated that:

> …the class definition references geography to reduce or eliminate disputes regarding whether particular claims are included and to focus relief on those in the most affected areas of the Gulf region. *See, e.g.*, Coffee Decl. (Joint Ex. C) ¶ 4 ("Also simplifying this case is the fact that the class definition carefully excludes remote claimants . . . . This deliberately narrow definition of the class . . . ensures that this class action will remain compact and that class members will be similarly situated (and hence more cohesive).")

> \* \* \*

> …the class definition takes pains to specify a list of exclusions, for two reasons: (1) to exclude claims that BP does not believe are even colorably compensable under OPA or maritime law; and (2) to avoid the inclusion of claims that could not be efficiently resolved by a definable and administrable claims framework…. The result is a class that is neither sprawling nor under-inclusive, but instead carefully tailored to what the parties could reasonably agree on against the backdrop of the uniform body of OPA and maritime law that the Court has ruled is applicable….[8]

In conjunction with this filing, the BP Defendants also submitted the opinion of BP's expert on class certification and settlement approval, Geoffrey Miller, who confirmed that the Class Definition "clearly and objectively defines the class in terms of time period, geographic region, and type of claim."[9]

BP also jointly submitted the testimony of Professor John Coffee, who similarly confirmed that the Class Definition resulted in "a list of easily identifiable categories of … entities who are permitted to show objective losses from that disaster."[10]

---

[8] *See* BP MEMO IN SUPPORT OF MOTION FOR FINAL SETTLEMENT APPROVAL (Aug. 13, 2012) [Doc 7114-1], at pp.6-7, 11-12, 29-30, 33; *see also,* EXCERPTS FROM BP'S MEMO [Doc 8963-60]. *See also,* EXCERPTS FROM DECLARATIONS SUBMITTED BY BP'S EXPERTS IN SUPPORT OF FINAL APPROVAL [Doc 8963-61].

[9] MILLER DECLARATION [Doc 7114-16], p.6, ¶13, (emphasis supplied).

[10] COFFEE DECLARATION [Doc 7110-3], p.13, ¶19, (emphasis supplied).

Neither Professor Coffee nor Professor Miller seemed to be under the impression that businesses would also have to satisfy some subjective and as-yet-to-be-defined requirement to individually establish an "actual injury" traceable to the *Deepwater Horizon* Incident – (beyond what is already required in Exhibit 4B) – in order to be defined as a member of the Economic & Property Damages Settlement Class.

In the Joint Proposed Findings in Support of Final Approval of the Class Settlement submitted by BP on November 19, 2012, the Parties confirmed that the Class Definition "is objective, precise, and detailed, and does not turn on the merits."[11] The BP Defendants went on to confirm and agree that:

> ***Nothing in the class definition requires a determination on the merits or delves into any person's subjective mental state.*** The definition is based on ***objective criteria*** such as where a person resided, worked, received an offer to work, or owned property; or ***where an entity owned, operated, or leased a physical facility, or employed full time workers.***[12]

BP's current position is now just the opposite: Rather than defining members of the class objectively, based on where an entity owned, operated or leased a physical facility, class membership would apparently be defined according to some unknown and subjective standard. While BP has not put forth a proposed concrete interpretation other than the objective standards it agreed to in Exhibit 4B, the BP Defendants have recently suggested that class membership might turn on the subjective belief of the plaintiff, or on an individualized merits-based determination. Not only would this be contrary to BP's prior statements and filings, but such an

---

[11] JOINT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF FINAL APPROVAL [Doc 7945], at p.87, ¶321, (emphasis supplied).

[12] JOINT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF FINAL APPROVAL [Doc 7945], at p.87, ¶322, (emphasis supplied).

interpretation would also cause the Class Settlement Agreement to violate the requirements of Rule 23.

## Conclusion

For the above and foregoing reasons, for the reasons stated in Class Counsel's Letter Brief to the U.S. Fifth Circuit in Case No. 13-30095 [Doc. 11728-6], and for the reasons stated in Class Counsel's Opposition to BP's Motion to Amend [Doc. 11826], Sur-Reply [Doc. 11848-1], and Opposition to the Emergency Motion filed with the U.S. Fifth Circuit Court of Appeals [Fifth Cir. Doc. 00512450441], the Court should hold that: **(i)** the Economic & Property Damages Settlement Agreement satisfies the requirements of General Maritime Law, Article III, the Rules Enabling Act, and Rule 23; **(ii)** both the Class Definition and the BEL Causation Framework have been interpreted and applied correctly by the Claims Administrator; and **(iii)** the BP Defendants should be estopped from taking any position to the contrary.

This <u>17th</u> day of <u>December,</u> <u>2013</u>.

Respectfully submitted,

| | |
|---|---|
|    /s/   Stephen J. Herman |    /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Class Counsel* | *Co-Lead Class Counsel* |

## ECONOMIC & PROPERTY DAMAGES CLASS COUNSEL

Brian H. Barr
LEVIN, PAPANTONIO
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT, DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

| | |
|---|---|
| Alphonso Michael "Mike" Espy<br>MORGAN & MORGAN, P.A.<br>188 East Capitol Street, Suite 777<br>Jackson, MS 39201<br>Office: (601) 949-3388<br>Telefax: (601) 949-3399<br>E-Mail:  mike@mikespy.com | Scott Summy<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX  75219<br>Office:  (214) 521-3605<br>Telefax: (214) 599-1172<br>E-Mail:  ssummy@baronbudd.com |
| Calvin C. Fayard, Jr.<br>FAYARD & HONEYCUTT<br>519 Florida Avenue, SW<br>Denham Springs, LA  70726<br>Office:  (225) 664-4193<br>Telefax: (225) 664-6925<br>E-Mail:  calvinfayard@fayardlaw. | Conrad S.P. "Duke" Williams<br>WILLIAMS LAW GROUP<br>435 Corporate Drive, Suite 101<br>Maison Grand Caillou<br>Houma, Louisiana 70360<br>Office: (985) 876-7595<br>Fax No. (985) 876-7594<br>E-Mail: duke@williamslawgroup.org |
| Ervin A. Gonzalez<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Office: (305) 476-7400<br>Telefax: (305) 476-7444<br>E-Mail:  ervin@colson.com | Joseph F. Rice<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Office: (843) 216-9159<br>Fax No. (843) 216-9290<br>E-Mail: jrice@motleyrice.com |

**CERTIFICATE OF SERVICE**

     WE HEREBY CERTIFY that the above and foregoing Supplemental Brief will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of December, 2013.

                                             /s/  Stephen J. Herman and James Parkerson Roy