**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig        **MDL NO. 2179**
     "Deepwater Horizon" in the Gulf
     of Mexico, on April 20, 2010        **SECTION J**

Applies to: *All Cases*                **JUDGE BARBIER**
                                    **MAGISTRATE JUDGE SHUSHAN**

<u>**ORDER**</u>

**[Regarding Motions to Compel Discovery from Special Master**
**(Rec. docs. 11610, 11619, 11643, 11644, 11666, 11414 and 11681)]**

On October 24, 2013, the Court issued an order granting in part and denying in part the motions and objections of the parties seeking discovery ("the Show Cause parties") of Louis J. Freeh and the Freeh Group International Solutions, LLC (collectively "Special Master"). Rec. doc. 11729.

**A.**      <u>**Witness Interviews.**</u>

Pursuant to the October 24, 2013 order, the Special Master was ordered to produce unredacted transcripts of the interviews of the Show Cause parties. The Special Master was not required to produce unredacted transcripts or interview notes of persons employed by the two firms or business associates of the Show Cause parties. The Special Master was required to produce for *in camera* review transcripts and interview notes for other persons. The October 24, 2013 order is hereby modified and restated.

The Show Cause parties were interviewed by the Special Master and were transcribed. The Special Master was ordered to produce the unredacted transcripts of the following:

Gibby Andry

Jonathan Andry

Glen Lerner

Christine Reitano

Lionel Sutton

Persons associated with the Show Cause parties were interviewed by the Special Master and notes of those interviews were prepared. The Special Master shall produce the unredacted interview notes for the following persons:

Mike Bryant

Jeff Cahill

Joey Dartez

Susan DeSantis

Tim Elmhurst

Bart Haddad

Kailey LeBoeuf

Christine Mancuso

Robert Perez

Mary Rubio

Scott Stevenson

Leslie Butler Tate

Persons employed by the Claims Administrator's Office ("CAO") or its contractors and claimants were interviewed by the Special Master and transcripts or notes of those interviews were prepared. The Court reviewed the entirety of the transcripts and notes for each interviewee to determine whether they were relevant under the District Judge's orders. The Court determined that some information should be redacted for some interviewees and the notes for one interview should

2

not be produced.  The Special Master shall produce the interview notes and/or transcripts for the following subject to the redactions directed by the undersigned:[1]

David Duval

Kirk Fisher

Tim Gonzales

Marea Herrington

Michael Juneau

Pat Juneau

Robert Levine

Henry Mitchell

Chris Rinaldi

Mark Staley

Tracey Steilberg

Casey Thonn

David Welker

In the District Judge's order reporting his intent to appoint Louis Freeh as Special Master, it was noted that an internal investigation by the CAO was underway.  Rec. doc. 10564 at 2.  The following interview notes were prepared as part of that internal investigation and shall be produced without redactions:

_____

[1] All redacted material, whether from interview notes, transcripts or documents, is not relevant to the Show Cause parties under the District Judge's orders.

Steve Cirami

David Duval

Christina Hendrick

Christine Reitano

Christopher Rinaldi

Mark Staley

Tracy Steilberg

The requests of the Show Cause parties to take the depositions and/or to interview the employees of the CAO and its contractors is denied.

**B.**   **Documents.**

The Special Master produced redacted documents to the Show Cause parties.  The Court reviewed unredacted copies of each of the documents and determined whether any of the redacted material was relevant under the District Judge's orders.  Where they were found to contain relevant information, the Special Master shall produce the documents with revised redactions as directed by the undersigned.

All documents removed by the Special Master from the CAO offices of Christine Reitano and Lionel Sutton shall be produced without redactions.

The Special Master has two databases:  (1) Intella; and (2) Box.  Pursuant to the Court's instructions, search terms were applied to the Intella database.  The Special Master shall produce all of the documents identified by the application of the search terms to the Intella database.  Those documents shall be produced without redactions.

The search terms were applied to the Box database.  Many of the documents identified by the application of the search terms to the Box database were produced previously to the Show Cause parties.  The Special Master is not required to produce them a second time.  The remaining identified documents may be divided into 5 categories.

Attached is a Declaration of Gregory A. Paw which provides further information on the search of the two databases.

1.  <u>Public Source</u>.

The Special Master shall produce all of the Public Source documents except for information relating to one person.  This will result in limited redactions from some Public Source documents.

2.  <u>DHECC Available</u>.

These consist of items that were filed with the DHECC as part of the claims process, and are available to claimants and their attorneys through the DHECC portal.  The Special Master shall produce all of the DHECC Available documents.

3.  <u>CAO Investigation</u>.

As noted above, there was an internal investigation by the CAO.  Rec. doc. 10564 at 2.  The undersigned reviewed each of those documents and determined whether they are relevant under the District Judge's orders.  The Special Master shall produce the relevant documents with redactions as required by the undersigned.

4.  <u>CAO Process Review</u>.

The Special Master conducted interviews of CAO employees and vendors regarding the internal processes of the CAO.  All of the notes of the interviews were reviewed by the undersigned to determine whether they contained any information bearing on the Show Cause parties.  Except

as described above under Part A - Witness Interviews, no other notes of interviews were determined to have information relevant under the District Judge's orders.

     5.   <u>Mental Processes</u>.

The Special Master identified some documents as protected from disclosure as "mental processes." <u>See</u> <u>Gary W. v. La. Dep't of Health & Human Resources</u>, 861 F.2d 1366, 1369 (5th Cir. 1988); and <u>Sanders v. Agnew</u>, 306 F.App'x 844, 850 (5th Cir. 2009) (citing <u>Gary W.</u>, 861 F.2d at 1369). The undersigned reviewed each of those documents. In some cases, the documents were not "mental processes" and the Special Master shall produce those documents to the Show Cause parties. In other cases, the documents are "mental processes" and the Special Master is not required to produce them. Those documents will be segregated and provided to the District Judge for *in camera* review in the event of an appeal from this order.

**C.   <u>Sampling</u>.**

Although the October 24, 2013 order set a procedure for the Court to sample interview notes and transcripts and documents to determine whether any additional relevant information should be produced, there was no sampling. Rather, the entirety of interview notes and transcripts for all persons with information relevant under the District Judge's orders as well as documents responsive to the database searches were reviewed.

**D.   <u>Andry Law Firm's Memorandum</u>.**

The Andry Law Firm submitted a memorandum under seal in aid of the *in camera* review. Rec. doc. 11945. The memorandum requests production of witness statements. The witness statements to be produced by the Special Master are identified above.

The memorandum identifies eight categories of documents to be produced. The first two

categories are too broad.  Other than as identified herein, the Special Master is not required to produce any additional documents in response to category nos. 1 and 2.

The Special Master is not required to produce any documents in response to category no. 3.

In response to category no. 4, the Andry Firm is referred to the Response of Patrick A. Juneau to BP's Renewed Motion for an Emergency Preliminary Injunction and the exhibits attached thereto.  Rec. doc. 11138.  The Special Master is not required to produce any other documents in response to category no. 4.

The Special Master is not required to produce any other documents in response to category no. 5.

In response to category no. 6, the Show Cause parties have, through this order, obtained access to all records relevant to them.  The Special Master is not required to produce any other documents in response to category no. 6.

The only documents responsive to category nos. 7 and 9 [2] will be produced in response to other portions of this order.  The Special Master is not required to produce any other documents in response to category nos. 7 and 9.

---

[2]  The categories are numbered 1-7 and 9.  There is no category No. 8.

IT IS ORDERED that:

1.      By **Tuesday, December 24, 2013,** the Special Master shall make the additional production as provided herein and file a certificate stating that he has complied fully with the terms of this order.

2.      The deadline for an appeal of this order is **Friday, January 3, 2014.**

New Orleans, Louisiana, this 19TH day of December, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**