UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 "J"(1) JUDGE BARBIER MAGISTRATE SHUSHAN |
| THIS DOCUMENT APPLIES TO: Case No. 12-311 | * * * * | **JURY TRIAL DEMANDED** |

**DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT CONCERNING CAMERON INTERNATIONAL CORPORATION'S TEXAS INSURANCE CODE CLAIMS**

Pursuant to Federal Rule of Civil Procedure 56(a), Liberty Insurance Underwriters, Inc. ("LIU") moves the Court to enter partial summary judgment dismissing with prejudice Cameron International Corporation ("Cameron")'s claims that LIU violated sections 541 and 542 of the Texas Insurance Code (Rec. Doc. No. 6287, at ¶¶ 85-93) on the following grounds, as more fully explained in LIU's accompanying memorandum, which is incorporated by reference:

1.

Cameron filed this lawsuit seeking coverage under an excess insurance policy issued by Liberty with effective dates of July 1, 2009 to July 1, 2010 ("Liberty Excess Policy" or the "Policy"). *See* Liberty Excess Policy, Ex. A to Liberty's Memorandum. In April 2012, Cameron amended its complaint to add claims that LIU violated Texas Insurance Code sections 541 and 542, allegedly causing it "substantial damages[.]" Rec. Doc. No. 6287, at ¶¶ 88, 93.

1

2.

As a matter of law, Cameron cannot prove the elements of a claim under Texas Insurance Code section 541. A party asserting a section 541 claim must show that the insurer's alleged misconduct caused an injury that is *independent* of the underlying contractual breach. Fact discovery in this matter closed more than four months ago and Cameron only has identified the following damages allegedly flowing from LIU's statutory breach: (1) the policy proceeds, and (2) attorney fees incurred in this suit and in the underlying MDL litigation. Texas law is clear that neither of these constitutes an "independent injury" as required to sustain a section 541 claim. Thus, Cameron's section 541 claim fails as a matter of law.

3.

Second, Cameron cannot establish that LIU violated Texas Insurance Code section 542 by failing to pay its defense costs in the underlying MDL. Under the clear Policy language, LIU owes no duty to pay Cameron's MDL defense costs. LIU's policy expressly negates any duty to defend and only provides indemnification of a covered "loss," defined as "damages". "Damages" does not include attorney fees. Thus, Cameron's section 542 claim is not viable.

4.

For these reasons, Liberty Insurance Underwriters, Inc. requests that the Court grant its Motion For Partial Summary Judgment and dismiss with prejudice Cameron's claims that LIU violated Texas Insurance Code sections 541 and 542.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

and

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Gary L. Pate, PRO HAC VICE
Federal I.D. 29713
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Attorneys for Liberty Insurance
 Underwriters, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of December, 2013.

*/s/ Judy Y. Barrasso*