# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT



No. 12-31155

D.C. Docket No. 2:10-MD-2179
D.C. Docket No. 2:12-CV-970

United States Court of Appeals
Fifth Circuit
**FILED**
November 11, 2013

Lyle W. Cayce
Clerk

IN RE: DEEPWATER HORIZON - APPEALS OF THE ECONOMIC AND PROPERTY DAMAGE CLASS ACTION SETTLEMENT

------------------------------------------------------------------

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR FISHERIES,
INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP 1, L.L.C., doing
business as GW Fins; PANAMA CITY BEACH DOLPHIN TOURS & MORE, L.L.C.; ZEKES
CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD LUNDY;
CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, on behalf of themselves and all
others similarly situated; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

    Plaintiffs - Appellees

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION
COMPANY; BP PIPE LINE COMPANY,

    Defendants - Appellees

v.

GULF ORGANIZED FISHERIES IN SOLIDARITY & HOPE, INCORPORATED,

      Movant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before DAVIS, GARZA, and DENNIS, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that movant-appellant pay to plaintiffs/defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: DEC 0 3 2013

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
             Deputy

New Orleans, Louisiana    DEC 0 3 2013

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
November 11, 2013
Lyle W. Cayce
Clerk

No. 12-31155

IN RE: DEEPWATER HORIZON – APPEALS OF THE ECONOMIC AND PROPERTY DAMAGE CLASS ACTION SETTLEMENT

---

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR FISHERIES, INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP 1, L.L.C., doing business as GW Fins; PANAMA CITY BEACH DOLPHIN TOURS & MORE, L.L.C.; ZEKES CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, on behalf of themselves and all others similarly situated; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

                                          Plaintiffs – Appellees

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP PIPE LINE COMPANY,

                                          Defendants – Appellees

v.

GULF ORGANIZED FISHERIES IN SOLIDARITY & HOPE, INCORPORATED,

                                          Movant – Appellant

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179

---

No. 12-31155

Before DAVIS, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

This is an interlocutory appeal from the district court's order denying a motion to intervene. Movant-Appellant is a non-profit coalition of advocacy organizations known as Gulf Organized Fisheries in Solidarity & Hope, Inc. ("GO FISH"). GO FISH now seeks to intervene for the sole purpose of objecting to a single aspect of the Appellees' class settlement agreement: the manner in which a court-appointed neutral will potentially conduct a "second-round distribution" of funds designated under the settlement agreement for a Seafood Compensation Program. The district court found explicitly, however, that GO FISH's objection is not yet ripe.[1] During this appeal, Plaintiffs-Appellees have raised the issue of ripeness a second time as a basis for affirming the district court's decision. But GO FISH has never disputed the district court's conclusion or Plaintiffs-Appellees' arguments regarding the ripeness of GO FISH's objection. Accordingly, because GO FISH has waived any argument as to ripeness, the intervention that GO FISH seeks would be futile. The district court's decision must be affirmed.

I.

The litigation currently before the district court encompasses claims against British Petroleum Exploration & Production, Inc. ("BP") and other entities based on injuries resulting from the 2010 explosion aboard the *Deepwater Horizon*, an offshore drilling rig, and the consequent discharge of oil into the Gulf of Mexico. On April 16, 2012, after nearly two years of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 910 F. Supp. 2d 891, 958 (E.D. La. 2012).

2

litigation and negotiation with BP, the Plaintiffs' Steering Committee filed a proposed settlement agreement for approval under Rule 23(e) of the Federal Rules of Civil Procedure.[2] As one component of the multi-part settlement agreement, BP undertook to implement the Seafood Compensation Program described in Exhibit 10 of the agreement. The Seafood Compensation Program would create a $2.3 billion fund for disbursement to various participants in the seafood industry in two separate rounds of distributions under the supervision of a court-appointed neutral.[3] On August 13, 2012, after a preliminary hearing and the issuance of notifications to the members of the proposed class, BP and the Plaintiffs' Steering Committee moved for final approval of the settlement agreement and final class certification.[4]

On September 7, 2012, GO FISH filed a motion to intervene for the purpose of objecting to the proposed class settlement. In its motion, GO FISH explained that one of its several goals was to ensure that "the second distribution" of the funds in the Seafood Compensation Program would "correct the inequities in the first distribution" and thereby ensure "the ethical, legal, and fair treatment of all [Seafood Compensation Program] claimants." GO FISH acknowledged that the need for revisions to the second-round distribution of funds was contingent upon the results of the first round. GO FISH nonetheless felt the need to intervene at this time, "should the need arise" for relief during the second round.

On September 25, 2012, Magistrate Judge Shushan recommended that GO FISH's motion to intervene be denied for lack of standing. The district court adopted the recommendation in an order issued on October 25, 2012. On November 19, 2012, GO FISH appealed that order to this court.

---

[2] *Id.* at 902.
[3] *Id.* at 904, 908-09.
[4] *Id.* at 902.

3

Despite the denial of its motion to intervene on October 25, 2012, GO FISH's arguments continued to have an effect on the litigation. On November 1, 2012, GO FISH's then-lawyer, Joel Waltzer, was specifically appointed by the district court to act as "representative counsel" during a fairness hearing held under Rule 23(e)(2) of the Federal Rules of Civil Procedure on November 8, 2012, for the purpose of presenting "objections to the fairness and adequacy of the Seafood Compensation Program." In appointing Waltzer as representative counsel, however, the district court did not revisit its ruling as to GO FISH's standing.

After conducting the fairness hearing on November 8, 2012, the district court issued a final order certifying the class and approving the parties' class settlement on December 21, 2012. In its order, the district court repeated that GO FISH's objections could not be considered for lack of standing.[5] The district court also added that "GO FISH's objections regarding the second-round distribution are not ripe, as the Court-appointed neutral has yet to determine how any second-round distribution will be made."[6]

GO FISH then filed a notice of appeal from the district court's certification of the class and final approval of the class settlement, which was docketed with this court in a separate case on January 28, 2013. Due to the interrelatedness of GO FISH's two appeals, BP filed a motion to consolidate the two cases before this court, which we granted. Despite filing two briefs with this court on the merits, however, GO FISH has never disputed the district court's conclusion that the objection to the second-round distribution was not yet ripe.

The ripeness issue was raised again in the brief filed by Plaintiffs-

---

[5] *Id.* at 943, 958.
[6] *Id.* at 958.

4

Appellees in the consolidated case on September 3, 2013. There, Plaintiffs-Appellees drew this court's attention to language in one of GO FISH's briefs expressing agreement that "at least with respect to the [Seafood Compensation Program] claimants, implementation of the Settlement is sufficiently uncertain that review may be premature." On this basis, Plaintiffs-Appellees argued that both of GO FISH's appeals should be rejected.

Finally, on September 12, 2013, GO FISH filed a motion to dismiss its own appeal of the district court's order certifying the class and approving the settlement, which we granted. GO FISH no longer seeks to challenge the appropriateness of class certification or the fairness of the settlement agreement at this time. All that GO FISH now seeks is to intervene in the district court proceedings for the purpose of pursuing "appellate review of the final order entered after the second Seafood Compensation Program distribution has been completed." No such order has yet been issued, however, and GO FISH still has yet to address the question of ripeness in any of its filings with this court.

## II.

A ruling denying intervention as of right is reviewed *de novo*, whereas denial of permissive intervention is reviewed for clear abuse of discretion.[7] Questions of jurisdiction, including questions of standing and ripeness, are also reviewed *de novo*.[8] When these questions are raised on the basis of the pleadings, we must accept as true all material allegations and construe the pleadings in favor of the non-moving party.[9]

---

[7] *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

[8] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (addressing ripeness); *Bonds v. Tandy*, 457 F.3d 409, 411 (5th Cir. 2006) (addressing standing).

[9] *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010).

No. 12-31155

## III.

A request for relief is unripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.[10] In this case, the district court found that "GO FISH's objections regarding the second-round distribution are not ripe, as the Court-appointed neutral has yet to determine how any second-round distribution will be made."[11]

GO FISH has never offered any response, however, to this conclusion by the district court. Nor has GO FISH responded to the Plaintiffs-Appellees' argument that the district court's decision should be affirmed on this ground. In fact, GO FISH apparently concedes the point, having expressed several times to this court that "the implementation of the Settlement is sufficiently uncertain that review may be premature" and that GO FISH intends to "await the district court's future decision regarding the second distribution before it elects whether to appeal." GO FISH has therefore waived any opportunity to challenge the district court's ruling that its request for relief is not ripe.[12]

Based on this waiver, it would be futile to remand these proceedings even if the district court's ruling that GO FISH lacks standing to intervene was incorrect. "[E]ven if we were to reverse and remand the district court's decision on [GO FISH's] motion[] to intervene . . . , the district court could take no action"[13] at this time because the district court lacks jurisdiction over requests for relief that are unripe. In such cases, when a motion to intervene would be futile because the district court is without power to grant the relief sought by

---

[10] *Texas v. United States*, 523 U.S. 296, 300 (1998) (citing *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580-81 (1985)).

[11] *In re Oil Spill*, 910 F. Supp. 2d at 958.

[12] *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008) (citing *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993)) ("By failing to raise the argument in his initial brief, [the appellant] has waived it.").

[13] *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 241 F. App'x 183, 184-85 (5th Cir. 2007) (per curiam).

6

the movant, we have held that the motion to intervene must be denied.[14] The district court's order denying GO FISH's motion is therefore affirmed on this basis. Our decision is without prejudice, however, to GO FISH's hypothetical "right to seek appellate review of the final order entered after the second Seafood Compensation Program distribution has been completed," should GO FISH make a valid motion to intervene at that time.

IV.

For the reasons stated above, the district court's order denying GO FISH's motion to intervene is AFFIRMED.

---

[14] See Flory v. United States, 79 F.3d 24, 26 (5th Cir. 1996) ("Because the dismissal of [the] complaint is affirmed, [the] motion to intervene . . . is DENIED as moot."); see also Furley v. Aledo Indep. Sch. Dist., 218 F.3d 743, 743 (5th Cir. 2000) (per curiam) ("Because Furley's suit was dismissed, the district court also did not err in denying as moot Tim Dean's motion to intervene in the suit."); Brockman v. Tex. Dep't of Criminal Justice, 397 F. App'x 18, 24 (5th Cir. 2010) (per curiam) (denying as moot the United States's motion to intervene for the purpose of defending the constitutionality of a statute after the relevant portion of the district court's decision had been vacated by this court).

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

December 03, 2013

> U.S. DISTRICT COURT
> EASTERN DISTRICT OF LOUISIANA
>
> FILED   DEC 12 2013
>
> WILLIAM W. BLEVINS
> CLERK

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    No. 12-31155    In Re: Deepwater Horizon
                          USDC No. 2:10-MD-2179
                          USDC No. 2:12-CV-970

Enclosed, for the district court only, is a copy of the judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's opinion.

Record/original papers/exhibits are returned:

( 3 ) Volumes    ( 1 ) Supplemental Volume

The electronic copy of the record has been recycled.

                                        Sincerely,

                                        LYLE W. CAYCE, Clerk

                                        By: _____
                                        Shawn D. Henderson, Deputy Clerk
                                        504-310-7668

cc:  (letter only)
     Honorable Carl J. Barbier
     Mr. Robert C. Mike Brock
     Mr. George Howard Brown
     Ms. Elizabeth Joan Cabraser
     Mr. Jeffrey Bossert Clark Sr.
     Mr. Miguel Angel Estrada
     Mr. George Frazier
     Mr. Soren E. Gisleson
     Mr. Richard Cartier Godfrey
     Mr. Don Keller Haycraft

____ Fee _____
____ Process _____
_X__ Dkd _____
____ CRmDep _____
____ Doc. No. _____

       Mr. Stephen Jay Herman
       Mr. Thomas George Hungar
       Mr. Samuel Issacharoff
       Mr. James Andrew Langan
       Mr. Scott Payne Martin
       Mr. Theodore B. Olson
       Mr. James Parkerson Roy

P.S. to Judge Barbier:  A copy of the opinion was sent to your office via email the day it was filed.