IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION: J |
| This Document Relates to:<br><br>No. 12-970 | JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### BP'S RESPONSE TO CLASS COUNSEL'S OBJECTION TO THE APPEAL PANEL'S CONSIDERATION OF FACTS SUBMITTED BY BP

Class Counsel argues that the Appeal Panel is prohibited from reviewing evidence which a claimant withheld from the Settlement Program and which demonstrates that the claimant must be excluded from the class. According to Class Counsel's logic, because the claimant withheld evidence which would have established that it should be excluded from the Settlement Program, such evidence is not in the underlying record and thus not subject to review by the Appeal Panel. This position directly contradicts key terms of the Settlement Agreement, would undermine the integrity of the settlement process, and would promote improper claims (if not outright fraud).

Under the Settlement Agreement, only class members may file claims and receive payment. The Settlement Agreement instructs the Appeal Panel to undertake "*de novo* review of the ***complete record*** of that Claimant in the Settlement Program ***to enforce compliance with this Agreement*** as approved by the Court." Settlement Agreement § 6.4 (emphasis added). Determining whether a recipient of an award is a member of the class is an essential aspect of the Appeal Panel's duty to "enforce compliance." Class Counsel's argument that an excluded non-class member claimant may thwart the appeals review process by withholding evidence from the

Settlement Program is directly at odds with the text of the Settlement Agreement, would turn the class definition on its head, and would violate Federal Rule of Civil Procedure Rule 23. Not least, the position Class Counsel advocates is patently unfair, leaving BP with no opportunity to present evidence that a claimant's own statements contradict its claim that it is a class member. The Court should affirm the *en banc* Appeal Panel's unanimous decision.

## BACKGROUND

Class Counsel's Objection arises from a procedural decision of the *en banc* Appeal Panel with regard to a series of appeals challenging more than Redacted in awards to Redacted Redacted filed Redacted claims with the Settlement Program.[1] However, Redacted was not forthright that it is an oil and gas company and that it has consistently said so in its regulatory filings. This was no minor omission, for the Settlement Agreement expressly excludes oil and gas companies. *See* Settlement Agreement, May 3, 2012, Doc. No. 6430-1, §§ 2.2.4, 2.2.4.5; *see also* Settlement Agreement, Ex. 12A, § 1.A; Settlement Agreement, Ex. 17.[2]

The evidence that Redacted is an oil and gas company, and therefore excluded from the class, is overwhelming. Redacted corporate parent, Redacted Corporation, on behalf of itself *and* Redacted

---

[1] *See* Deepwater Horizon Claims Center, Settlement Claims Administration, https://www2.deepwaterhorizoneconomicsettlement.com/secure/Portals/BPHome.aspx (last visited Dec. 22, 2013).

[2] Unless otherwise noted, all cited docket entries are from *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-MD-2179 (E.D. La.) (Barbier, J.).

2

among others,[3] has repeatedly admitted and affirmatively represented in its federal securities filings that it *and* <sup>Redacted</sup> are an oil and gas company:

- Redacted

- Redacted

- Redacted

<sup>Redacted</sup> does not deny that this evidence means anything other than what it so plainly says. Rather, precisely because the evidence demonstrates that <sup>Redacted</sup> is an excluded entity, <sup>Redacted</sup> did not disclose these facts, and when BP did, now seeks to prevent the Appeal Panel from considering the evidence. Joined by Class Counsel as an amicus, <sup>Redacted</sup> argued that because the evidence had not been submitted earlier by <sup>Redacted</sup> it was not part of the record and, therefore, was inadmissible. According to <sup>Redacted</sup> and Class Counsel, BP had no right to submit the evidence that <sup>Redacted</sup> omitted from its submissions to the Settlement Program.

The *en banc* Appeal Panel unanimously rejected <sup>Redacted</sup> and Class Counsel's position. The Appeal Panel held that "that documents and exhibits attached to memoranda filed in the appeal process are part of the record on appeal *whether or not previously introduced in the claim process*." Jack Alltmont Email, Nov. 13, 2013 (attached as Exhibit 2) (emphasis in original). On December 2, 2013, the Appeal Panel Procedures were amended to reflect this determination.

---

[3] For example, Redacted

Rule 7, entitled "Record on Appeal," provides: "Any exhibits or documents attached to memoranda on appeal are part of the record on appeal, whether or not those exhibits or documents had been previously introduced in the claim process."[4]

Class Counsel object to this holding and ask this Court to overturn Appeal Panel Procedure Rule 7 and the *en banc* Appeal Panel's unanimous decision. And why do they want a reversal? So that claimants like <sup>Redacted</sup> who are not class members, can wrongfully assert that they are in order to make claims which are not covered by the Settlement.

## ARGUMENT

Class Counsel's position that the Appeal Panel is barred from considering the fact that <sup>Redacted</sup> is an oil and gas company—a fact raised by BP at the first possible opportunity and supported by hundreds of pages of exhibits attached to its memoranda—is untenable. It is contrary to the terms of the Settlement Agreement. It is also contrary to the rules of the appeals process. Worse still, it is contrary to basic principles of fairness and undermines the Settlement Agreement. And, worst of all, it promotes deception and fraud on the Settlement Program because it enables a claimant to omit facts showing that it is not a class member and not entitled to make a claim.

### A. The Settlement Agreement requires consideration of the "Complete Record"—not just facts selectively provided by would-be claimants.

Nothing in the Settlement Agreement supports Class Counsel's position. The Settlement Agreement permits only class members to submit a claim. *See* Settlement Agreement § 1. And the class definition expressly excludes oil and gas companies. *See* Settlement Agreement

---

[4] Appeal Panel Procedures, Dec. 13, 2012, p. 2, *available at* http://www.deepwaterhorizoneconomicsettlement.com/docs/Appeal_Panel_Procedures.pdf (last visited Dec. 22, 2013).

§§ 2.2.4, 2.2.4.5; *see also* Settlement Agreement, Ex. 12A, § 1.A; Settlement Agreement, Ex. 17. Accordingly, an award by the Settlement Program to a claimant that is excluded from the class violates the plain terms of the Settlement Agreement.

Once a party appeals, the Appeal Panel is empowered to review *de novo* "the ***complete record*** of that Claimant in the Settlement Program ***to enforce compliance with this Agreement*** as approved by the Court." Settlement Agreement § 6.4 (emphasis added). The "complete record" encompasses the relevant materials submitted to the Appeal Panel by both parties—not just information selectively submitted by a claimant to the Settlement Program in support of its initial claim.[5] In order to enforce compliance with the Settlement Agreement, the Appeal Panel must be able to determine whether a claimant omitted facts necessary to ascertain whether the claimant is excluded. Otherwise, claimants could, as <sup>Redacted</sup> did here, simply withhold the actual facts from the Settlement Program and then claim that the omission is unreviewable.

### B.  The rules governing the appeals process recognize that BP may introduce facts.

It would be odd, and indeed impermissibly in conflict with the above-described terms of the Settlement Agreement, if the rules governing the appeals process prohibited the Appeal Panel from enforcing the class definition by evaluating whether a claimant is in fact excluded from the Class. In fact, the rules expressly contemplate that parties may offer supporting documentation.

*First*, the Appeal Panel Procedures directly support BP's position. The Appeal Panel Procedures—which Class Counsel are apparently objecting to, but fail to cite—make explicit allowance for the Appeal Panel to consider material like <sup>Redacted</sup> admissions. Rule 7, which

---

[5]   Had the parties intended to limit the Appeal Panel's review to materials of claimant's choice, they would not have used the phrase "complete record of that Claimant"—the Agreement would have used a narrower term such as "the Claimant's submission."

became effective on December 2, 2013, states, "Any exhibits or documents attached to memoranda on appeal are part of the record on appeal, whether or not those exhibits or documents had been previously introduced in the claim process."[6]  A fair reading of the Rule is that the Appeal Panel has simply codified what has always been its understanding and practice.[7]

*Second*, Rule 13 of the Rules Governing the Appeals Process supports BP's position.[8] The record on appeal includes, among other things, "[t]he entire Claim File on the claim with the Claims Administrator" and "[t]he Initial and Final Proposals and supporting memoranda." *Id.* at Rule 13(e), (g).  This permits BP to show through memoranda that the materials submitted by the claimant omit facts demonstrating that the claimant is excluded from the Class.  Class Counsel does not (and cannot) point to any provision in the Settlement Agreement or the Rules that prohibits BP from identifying in its supporting memoranda facts that demonstrate a claimant's exclusion from the Class under the Settlement Agreement's terms.  In other words, by reference to "the entire Claim File," as well as memoranda supporting the Initial and Final Proposals, the Rules, like the Settlement Agreement itself, permit the Appeal Panel to enforce compliance with the Settlement Agreement by determining whether the information submitted by the claimant on the issue of whether it is excluded (or on any other issue) is in fact accurate and complete.

---

[6] Appeal Panel Procedures, Dec.13, 2012, p. 2, *available at* http://www.deepwaterhorizoneconomicsettlement.com/docs/Appeal_Panel_Procedures.pdf (last visited Dec. 22, 2013).

[7] Class Counsel's suggestion that the Appeal Panel does not have authority to establish its own rules (*see* Objection at 5) is contrary to the language of the Settlement Agreement, which provides, "The Appeal Panel shall have the right to establish its own procedural rules regarding the review of appeals."  Settlement Agreement § 6.1.2.2.5.4.

[8] Rules Governing the Appeals Process Feb. 4, 2013, p.5-6, *available at* http://www.deepwaterhorizoneconomicsettlement.com/docs/Rules_Governing_the_Appeals_ Process_-_Final.pdf (last visited Dec. 22, 2013).

*Third*, Rule 19 of the Rules Governing the Appeals Process supports BP's position.  Rule 19 recognizes the opportunity to introduce "new document[s] or issue[s]" on appeal.  *Id.* at Rule 19.  "The Appeal Panel shall have the discretion to allow either side the opportunity to respond to ***a new document or issue raised [in] a Final Proposal or the Reply brief*** filed in . . . appeals[.]"  *Id.* (emphasis added).  The opportunity to respond to "a new document" would be unnecessary if the Appeal Panel's review were limited to documents that a claimant submitted to the Settlement Program.  Moreover, Rule 19 belies Class Counsel's claim that "to the extent that BP is submitting new purported, untested, extrinsic 'evidence' with BP's Final Proposal, the Claimant has absolutely *no* opportunity to respond."  Objection at 4 (emphasis in original).  Rule 19 explicitly provides that opportunity.

Thus, the applicable rules authorize BP to bring to the Appeal Panel's attention the fact that ^Redacted^ is an oil and gas company, and that ^Redacted^ has so admitted and affirmatively represented to the markets and others, even though this fact was not raised by ^Redacted^ when it submitted its claim.  The Appeal Panel's unanimous decision was correct.

>    **C.    Class Counsel's position undermines the integrity of the settlement process and contravenes basic principles of fairness.**

Class Counsel argues that BP has no right to cite evidence establishing that a claimant is excluded from the Settlement Agreement.  This cannot be the case.  If, as Class Counsel advocates, BP may not challenge a claimant's excluded status on appeal, then any claimant may, as ^Redacted^ did here, simply omit evidence of its excluded status from its submissions to the Settlement Program and then claim that its excluded status is immune from review on appeal.  This would allow claimants who are not class members to recover under the Settlement Agreement, a direct violation of the Settlement Agreement itself as well as Rule 23.  The Appeal Panel is charged with "enforc[ing] compliance with [the Settlement] Agreement as approved by

7

the Court." Settlement Agreement § 6.4. In order to enforce compliance with the Settlement Agreement, the Appeal Panel must be able to determine whether a claimant omitted facts necessary to ascertain whether the claimant should be excluded.

Class Counsel's arguments to the contrary do not hold up to scrutiny. Class Counsel argue that it would be unfair to allow BP to introduce evidence of the claimant's excluded status, because the claimant would have a limited opportunity to respond and this would not be "claimant friendly." This argument has it exactly backwards. Had the claimant made the appropriate disclosure to the Settlement Program, there would be no need for BP to submit the evidence. Nothing in the Agreement says that claimant friendly means allowing a non-class member to claim class member status by misrepresenting or concealing its true status. Such an approach is not claimant friendly; instead, it is fraud-friendly. In any event, the Appeals Coordinator has explained to Class Counsel that the Settlement Program will give all parties a full opportunity to respond.[9]

Class Counsel also argues that the term "appeal" connotes a closed record. While that may be the case (with certain exceptions) in typical systems where both parties to an appeal had the opportunity to make a record and participate in the underlying adjudication, the Settlement Process is not typical. BP does not participate in the underlying claims determination process. The Section 6 appeals process is BP's *first* opportunity to challenge an award and, where the claimant has failed to disclose its excluded status, the *first* opportunity to submit evidence

---

[9] *See, e.g.*, Rules Governing the Appeals Process, Rule 19, *available at* http://www.deepwaterhorizoneconomicsettlement.com/docs/Rules_Governing_the_Appeals_Process_-_Final.pdf (last visited Dec. 22, 2013) ("The Appeal Panel shall have the discretion to allow either side the opportunity to respond to a new document or issue raised [in] a Final Proposal or the Reply brief filed in . . . appeals[.]").

omitted by the claimant. Thus, Class Counsel's analogy to an appeals process where both parties participated in the underlying proceeding is completely off base.[10]

Class Counsel's proposed alternative—that BP have *no opportunity* to challenge the evidence submitted by a claimant to the Settlement Program—is manifestly unfair and is inconsistent with the Settlement Agreement and the rules governing the appeals process. Under Class Counsel's view, if a claimant misrepresented its status as a member of the class and the Settlement Program failed to catch the misrepresentation, BP could not contest a multi-million-dollar award to that claimant. To avoid rendering BP's right of appeal meaningless, BP must have the ability to demonstrate that the "facts" Claimant asserts are false or create an inaccurate impression. And to avoid blatant fraud, the Appeal Panel must have access to "the complete record of" the claimant—that is from BP and the claimant—and not just from the claimant alone.

## CONCLUSION

This Court should affirm the unanimous holding of the *en banc* Appeal Panel, namely that the Appeal Panel was authorized—in fact, required—to consider BP's evidence under the plain terms of the Settlement Agreement and the applicable rules. In sum, claimants are not entitled to have their compensation awards determined solely on the basis of incomplete evidence, self-selected and submitted in support of their claim. Where, as here, a claimant omits facts demonstrating that it is ineligible for compensation under the plain terms of the Settlement Agreement, BP must be permitted to bring the omission to the Appeal Panel's attention. The

---

[10] Under the Settlement Agreement, claimants submit information to the Settlement Program through an *ex parte* procedure, and only after the Settlement Program makes a claim determination does BP have the ability to weigh in on the validity or amount of the award by filing an appeal. *See* Settlement Agreement § 6.1.2.4.

Appeal Panel must consider the "complete record of that Claimant," not just the record that the claimant wishes to present.

| | |
|---|---|
| December 26, 2013 | Respectfully submitted, |
| James J. Neath<br>Mark Holstein<br>BP AMERICA INC.<br>501 Westlake Park Boulevard<br>Houston, TX  77079<br>Telephone:  (281) 366-2000<br>Telefax:  (312) 862-2200 |    */s/ Kevin M. Downey*<br>Kevin M. Downey<br>F. Lane Heard III<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>Telephone:  (202) 434-5000<br>Telefax:  (202) 434-5029 |
| Daniel A. Cantor<br>Andrew T. Karron<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, NW<br>Washington, DC 20004<br>Telephone:  (202) 942-5000<br>Telefax:  (202) 942-5999 |    */s/ Don K. Haycraft*<br>S. Gene Fendler (Bar #05510)<br>Don K. Haycraft (Bar #14361)<br>R. Keith Jarrett (Bar #16984)<br>LISKOW & LEWIS<br>701 Poydras Street, Suite 5000<br>New Orleans, Louisiana 70139<br>Telephone:  (504) 581-7979<br>Telefax:  (504) 556-4108 |
| Robert C. "Mike" Brock<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone:  (202) 662-5985<br>Telefax:  (202) 662-6291 | Richard C. Godfrey, P.C.<br>J. Andrew Langan, P.C.<br>David J. Zott, P.C.<br>Jeffrey J. Zeiger<br>Wendy L. Bloom<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>Telephone:  (312) 862-2000<br>Telefax:  (312) 862-2200 |
| Jeffrey Lennard<br>Keith Moskowitz<br>DENTONS US LLP<br>233 South Wacker Drive<br>Suite 7800<br>Chicago, IL  60606<br>Telephone:  (312) 876-8000<br>Telefax:  (312) 876-7934<br><br>***OF COUNSEL*** | Jeffrey Bossert Clark<br>Steven A. Myers<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone:  (202) 879-5000<br>Telefax:  (202) 879-5200 |

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.<br>AND BP AMERICA PRODUCTION COMPANY***

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of December, 2013.

                                                                           _/s/ Don. K. Haycraft_
                                                                          Don K. Haycraft