# Exhibit A

D691097

# CITATION

| | |
|---|---|
| **LARRY GRIFFIN TOWING CO INC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **JOHN D NAPLES** | **STATE OF LOUISIANA** |

**DOCKET NUMBER: C-124115**

TO:   DOUGLAS M SCHMIDT
DOUGLAS M. SCHMIDT, APLC
335 CITY PARK AVENUE
NEW ORLEANS, LA 70119
residing in the PARISH OF ORLEANS, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR

DECLARATORY JUDGMENT a certified copy of which accompanies this citation.

Alternatively, you should file an answer or other pleading to said PETITION FOR

DECLARATORY JUDGMENT in the office of the Clerk of the Seventeenth Judicial District

Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to

comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux,

Louisiana, November 26, 2013.

**VERNON H. RODRIGUE**
**CLERK OF COURT**

*Christie J Mouisa*
**Deputy Clerk of Court**

LARZELERE PICOU WELLS SIMPSON LONERO, LLC
ATTORNEYS AT LAW
TWO LAKEWAY CENTER - SUITE 1100
3850 N. CAUSEWAY BLVD.
METAIRIE, LA 70002

A TRUE COPY
Clerk of Court's Office
Thibodaux, La. *Nov. 26, 2013*
*Christie J Mouisa*
Clerk Of Court

**PERSONAL SERVICE**

On _____ on the _____
Day of _____, 20___
Service:_____
Mileage:_____

**DOMICILIARY SERVICE**

On _____ by
Leaving the same with _____
_____
On the ___ day of
_____, 20_____
Service:_____
Mileage:_____

Dty. Sheriff ORLEANS  Parish

Dty. Sheriff ORLEANS  Parish

DIVISION E

## 17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
## STATE OF LOUISIANA

NO: 124115                                         DIVISION "___"


## LARRY GRIFFIN TOWING CO., INC.
### VERSUS
### JOHN D. NAPLES


DATE FILED:_____        FILED BY: _____
                                            DEPUTY CLERK


### PETITION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Larry Griffin Towing Co., Inc. ("LGT"), and for its Petition for Declaratory Judgment against defendant, John D. Naples ("Naples"), seeking declaration on a claim by Naples for maintenance and cure from LGT, respectfully avers as follows:

1.      Larry Griffin Towing Co., Inc. is a Louisiana corporation, which is and at all relevant times was domiciled at 123 Callais Lane, Golden Meadow, Lafourche Parish, LA.

2.      John D. Naples is a natural person of the full age of majority who, at the time of the incident giving rise to his claim for maintenance and cure, was domiciled at 254 Hamilton St., Lockport, Lafourche Parish, LA.  In approximately May 2011, Naples relocated to Defuniak Springs, FL, where he now resides.

3.      Naples was employed by LGT from May 14, 2010 through June 3, 2010 as captain of M/V JAKE RYAN.

4.      Naples has made claim against LGT for maintenance and cure for injuries and illness arising out of and manifesting during his service aboard M/V JAKE

1

RYAN, and in particular, Naples claims that he was exposed to crude oil and chemical dispersants from the BP/Deepwater Horizon incident, which incident occurred on April 20, 2010 and continued through the time of Naples' employment with LGT and beyond.

5.    LGT and M/V JAKE RYAN were engaged by Nature's Way Marine, LLC to tow the closed tank barge RCT-12 from a fleeting facility on the Mississippi River near Baton Rouge, LA to BP's spill-response base at Theodore, AL, for later use in the remediation response to the BP/Deepwater Horizon incident.

6.    Naples and M/V JAKE RYAN traveled from Golden Meadow to the fleeting facility on May 15-16, 2010 and then to Theodore, AL on May 16-17, 2010, stood by with or near Barge RCT-12 in Theodore, AL until May 24, 2010, when M/V JAKE RYAN was released from the job, and returned to Bayou Lafourche on May 25, 2010.

7.    Naples alleges that he was exposed to crude oil and chemical dispersants in three specific manners: (a) through inhalation of vapors of crude oil and chemical dispersants escaping from Barge RCT-12 and its cargo of recovered oil and dispersants while M/V JAKE RYAN moved the barge from the fleeting facility on the Mississippi River near Baton Rouge, LA to the BP's spill-response base at Theodore, AL and also while standing-by with or near the barge in Theodore, AL, (b) through inhalation of vapors of crude oil and chemical dispersants emanating from the waters through which M/V JAKE RYAN traveled for the voyage from Baton Rouge to Theodore, AL via the Gulf Intracoastal Waterway across the Mississippi Sound, and (c) that he was exposed dermally and through inhalation from water containing crude oil and chemical dispersants while trying to keep the M/V JAKE RYAN afloat during the return trip from Theodore, AL as the vessel entered the Mississippi Sound.

8.  With respect to the third specified manner in which Naples claims he was exposed to crude oil and chemical dispersants, Naples further alleges that there was a hole approximately the size of a grapefruit located in and around where the hull of the vessel meets the deck near mid-ship, port side. Naples further alleges that the hole was located immediately underneath the rub rail and that it caused water to get into the engine room and nearly sank M/V JAKE RYAN.

9.  Naples claims that he first experienced symptoms related to his exposure to oil and chemical dispersants during the voyage to Theodore, AL and that he called LGT's Port Captain, Earl Dupre, to report his concerns and symptoms, but Mr. Dupre denies that Naples reported any such exposure or concerns or symptoms to him either verbally or in writing.

10.  Barge RCT-12 was empty, hot-water-washed, stripped, blown-dry, and did not contain any oil or dispersants at all times Naples and M/V JAKE RYAN had the barge in tow and at all times when Naples and M/V JAKE RYAN were anywhere near the barge.

11.  Naples and M/V JAKE RYAN did not come near any crude oil or chemical dispersants at any time when Naples and M/V JAKE RYAN were transiting the Mississippi Sound, either on the way to Theodore, AL or on the return trip to Golden Meadow, LA.  Therefore, Naples was not exposed to vapors of crude oil and chemical dispersants while traveling to or from Theodore, AL.

12.  M/V JAKE RYAN did not have any significant leak or hole in and around where the hull of the vessel meets the deck near mid-ship, port side, or anywhere else while Naples was employed by LGT.

13.  Naples asserted various liability claims against numerous parties, including LGT, in the lawsuit entitled *John D. Naples v. BP Exploration & Production Inc.; BP America Production Company; BP P.L.C., Larry Griffin Towing Co., Inc., Low*

3

*Land Construction Co., Inc., and Nature's Way Marine, LLC,* bearing Civil Action No. 12-cv-2564 in the United States District Court for the Eastern District of Louisiana, which lawsuit was consolidated into the federal multi-district litigation, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* bearing Civil Action No. 10-MD-2179, pending in the United States District Court for the Eastern District of Louisiana.

14. Naples' liability lawsuit in Federal Court was stayed for all purposes, including discovery and motion practice, along with numerous other federal cases for the foreseeable future while the claims against the BP companies, Transocean, and other on-site defendants work their way through various trial phases in the Multi-District Litigation.

15. The duty of a seaman's employer to provide maintenance and cure is imposed by law as a duty annexed to the employment contract. *Vaughan v. Atkinson,* 369 U.S. 527, 532-33, 82 S.Ct. 997, 1000-01 (1962). Seamen have a right to maintenance and cure for illness or injury that occurred or manifested while in service of a vessel, regardless of whether the shipowner was at fault or the vessel was unseaworthy. *See O'Donnell v. Great Lakes Dredge & Dock Co.,* 318 U.S. 36, 41–42 (1943); *Guevara v. Maritime Overseas Corp.,* 59 F.3d 1496, 1499 (5th Cir.1995) (*abrogated on other ground by Atlantic Sounding Co., Inc. v. Townsend,* 557 U.S. 404, 427 (2009); *See Foster v. Brian's Trans. Serv., et al.,* No. 91–4421, 1993 WL 114528, at *2 (E.D.La.1993) (*citing* Martin Norris, 2 *The Law of Seamen* § 26.21 at 53 (Supp.1992)).

16. A seaman's employer has a duty to investigate the seaman's claim for maintenance and cure, *see Holmes v. J. Ray McDermott & Company, Inc.,* 734 F.2d 1110, 1118 (5th Cir.1984), but an employer also is entitled to investigate the seaman's claim for maintenance and cure before tendering any payments.

*Boudreaux v. Transocean Deepwater, Inc.*, No. 12–30041, 721 F.3d 723, 728 (5th Cir.2013).

17. Naples has not asserted his claim for maintenance and cure in his liability lawsuit in Federal Court, and his claims against the various BP entities asserted in his liability lawsuit are separate from his quasi-contractual maintenance and cure claim against LGT and are founded upon fundamentally different theories than his maintenance and cure claim.

18. LGT conducted an investigation of Naples' claim for maintenance and cure. Based upon the investigation conducted thus far, LGT determined that it does not owe maintenance and cure due to, *inter alia*, Naples' lack of exposure to crude oil and chemical dispersants, as claimed, so LGT has declined his claim. However, Naples disputes LGT's determination on that issue and has alleged that formal discovery will prove LGT's determination to be incorrect. LGT desires to continue its investigation in a timely manner, desires to employ formal discovery methods as part of that investigation, and desires to obtain a timely determination of rights and obligations of both Naples and LGT on this quasi-contractual issue, rather than waiting indeterminately for the stay to be lifted over Naples' liability lawsuit in Federal Court's Multi-District Litigation.

19. The dispute between Naples and LGT over maintenance and cure is an actual, justiciable controversy appropriate for declaratory judgment to determine the respective rights and obligations of Naples and LGT, and the existence of Naples' liability lawsuit does not provide an adequate remedy for determining these rights and obligations in a fair, efficient and timely manner.

20. Declaratory judgment will terminate the controversy and remove the uncertainty of the rights and obligations of Naples and LGT with respect to Naples' claim of maintenance and cure from LGT.

WHEREFORE, Larry Griffin Towing Co., Inc. prays that Citation and this Petition for Declaratory Judgment be served upon John D. Naples and that he be compelled to appear and answer same, that this Honorable Court exercise its discretion to proceed with this Declaratory Judgment action, and that after all due proceedings are had, there be judgment herein declaring that Larry Griffin Towing Co., Inc. does not owe an obligation to John D. Naples to pay maintenance and cure benefits as claimed, with all costs of these proceedings assessed upon John D. Naples. Larry Griffin Towing Co., Inc. further prays for all such other general and equitable relief as this Court might deem appropriate and be competent to grant.

Respectfully submitted:

LARZELERE PICOU WELLS
SIMPSON LONERO, LLC
Two Lakeway Center - Suite 1100
3850 N. Causeway Blvd.
Metairie, Louisiana 70002
Telephone: (504)834-6500

BY: _____
T. JUSTIN SIMPSON (#18347)
jsimpson@lpwsl.com
CORY T. STUART (#33394)
cstuart@lpwsl.com
ATTORNEYS FOR PLAINTIFF,
LARRY GRIFFIN TOWING CO., INC.

6

Please issue Citation and certified copy
of Petition for Declaratory Judgment for
service via Louisiana Long Arm Statute,
La. Rev. Stat. 13:3201, *et seq.*, to:

        John D. Naples
        254 Venderheide Road
        Defuniak Springs, FL 32433

        Paul A. Dominick, Esq.
        Nexsen Pruet, LLC
        King Street, Suite 400
        Charleston, SC  29401

Please also issue Citation and certified
copy of Petition for Declaratory
Judgment for service via sheriff to:

        Douglas M. Schmidt, Esq.
        Douglas M. Schmidt, APLC
        335 City Park Avenue
        New Orleans, LA  70119

A TRUE COPY
Clerk of Court's Office
Thibodaux, La. Nov. 26, 2013
Christy J Monin
Clerk Of Court

FILED

NOV 25 2013
Christy J Monin
CLERK OF COURT

7

## 17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

## STATE OF LOUISIANA

NO:  124155                                                    DIVISION "E"

### LARRY GRIFFIN TOWING CO., INC.

vs.

### JOHN D. NAPLES,

FILED:  _____     _____
                                                            DEPUTY CLERK

### <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant John D. Naples (hereinafter "Naples") and hereby notifies this Court that it has filed a Notice of Removal of the captioned matter with the United States District Court for the Eastern District of Louisiana, a copy of which is attached hereto as Exhibit "A." Accordingly, pursuant to the provisions of 28 U.S.C. § 1446, this Court shall proceed no further unless the case is remanded.

Respectfully submitted,

Douglas M. Schmidt    11789   (by me)
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504.482.5711
FACSIMILE:  504.482.5755
Dglsschmdt@yahoo.com

December 18, 2013

And

Paul A. Dominick
William C. McNair
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777

Attorneys for John D. Naples

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIED that on December 18, 2013, the foregoing Notice of Filing of

Notice of Removal was served on all known counsel of record via facsimile transmission and/or

by placing same in the United States Mail, in a properly addressed envelope, with first-class

postage pre-paid.

Douglas M. Schmidt

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY GRIFFIN TOWING CO., INC. | CIVIL ACTION NO. |
| Plaintiff, | |
| vs. | |
| JOHN D. NAPLES, | |
| Defendant. | |

## <u>NOTICE OF REMOVAL</u>

**NOW INTO COURT**, through undersigned counsel, comes Defendant John D. Naples (hereinafter "Naples") and, with a full reservation of rights, files this Notice of Removal and avers that this matter is hereby removed to this Court on the following grounds:

1. On November 26, 2013, Plaintiff, through attorney T. Justin Simpson of Larzelere, Picou, Wells, Simpson, Lonero, LLC, filed this action entitled *Larry Griffin Towing Co., Inc. v. John D. Naples*, and bearing Docket Number C-124115, Division "E" in the Seventeenth Judicial District for the Parish of Lafourche, State of Louisiana.

2. For purposes of allotment, this petition arises solely from operative facts that are the subject of multidistrict litigation ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* and bearing the docket number 10-2179, which matter is pending before Judge Barbier, Section J [*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL No. 2:10-md-02179-CJB-SS (E.D. La.)]

3.      Moreover, Defendant in this action, Naples, initiated an action, arising out of the same operative facts, against Plaintiff in this action, Larry Griffin Towing Co., Inc. (hereinafter "Larry Griffin"), in this Court by filing Summons and Complaint on October 22, 2012 and bearing the docket number 12-02564, which was transferred into the aforementioned multidistrict litigation. [*John D. Naples v. BP Exploration & Production, Inc, et al*, 2:12-cv-02546-CJB-SS (E.D. La.)]

4.      Removal is sought on the basis of the district courts' original jurisdiction for civil cases of admiralty or maritime jurisdiction, pursuant to 28 U.S.C. § 1333.

5.      Removal is also sought upon the basis of diversity of citizenship, 28 U.S.C. § 1332(a).  At the time of filing of this action Defendant Naples was a citizen of the State of Florida.  Upon information and belief, at all times material hereto Larry Griffin was a citizen of Louisiana, with its principal place of business located at 123 Callais Lane, Golden Meadow, Lafourche Parish, Louisiana.  The amount in controversy exceeds $75,000.

6.      This action was commenced on or about the 3rd day of December, 2013 by service of the Petition, attached hereto as Exhibit "A", upon Douglas M. Schmidt, counsel for Defendant Naples.  Thirty days have not expired since that action became removable to this Court.  The defendants will serve an answer or responsive pleadings as provided by law.

7.      In accordance with the requirements of 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Naples will give written notice of this Notice of Removal to all adverse parties and will file a copy of this Notice of Removal with the Clerk of Court for the Seventeenth Judicial District Court Parish of Lafourche, State of Louisiana, which notice shall be in the form of the Notice of Filing.

**WHEREFORE**, defendant, Naples prays that this matter be removed to the United States District Court for the Eastern District of Louisiana for further proceedings and disposition within the multidistrict litigation ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.*

Respectfully submitted,

/s/ Paul A. Dominick

Paul A. Dominick      Fed ID No. 577
William C. McNair Fed ID No. 11571
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

And

Douglas M. Schmidt      Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504.482.5711
FACSIMILE:  504.482.5755
Dglsschmdt@yahoo.com

Attorneys for John D. Naples

December 18, 2013

3

# EXHIBIT A

# CITATION AND
# PETITION FOR DECLARATORY
# JUDGMENT

D691097

# CITATION

| | |
|---|---|
| **LARRY GRIFFIN TOWING CO INC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **JOHN D NAPLES** | **STATE OF LOUISIANA** |

**DOCKET NUMBER: C-124115**

TO:    DOUGLAS M SCHMIDT
        DOUGLAS M. SCHMIDT, APLC
        335 CITY PARK AVENUE
        NEW ORLEANS, LA 70119
        residing in the PARISH OF ORLEANS, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR

DECLARATORY JUDGMENT a certified copy of which accompanies this citation.

Alternatively, you should file an answer or other pleading to said PETITION FOR

DECLARATORY JUDGMENT in the office of the Clerk of the Seventeenth Judicial District

Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof.  Your failure to

comply herewith will subject you to the penalty of entry of default judgment against you.

        WITNESS the Honorable Judges of said Court.

        Granted under the impress of my seal of office and my official signature at Thibodaux,

Louisiana, November 26, 2013.

            **VERNON H. RODRIGUE**
            **CLERK OF COURT**

            **Deputy Clerk of Court**

LARZELERE PICOU WELLS SIMPSON LONERO, LLC
ATTORNEYS AT LAW
TWO LAKEWAY CENTER - SUITE 1100
3850 N. CAUSEWAY BLVD.
METAIRIE, LA 70002

                    A TRUE COPY
               Clerk of Court's Office
             Thibodaux, La. Nov. 26, 2013

                   Clerk Of Court

**PERSONAL SERVICE**

On _____ on the _____
Day of_____, 20___
Service:_____
Mileage:_____

**DOMICILIARY SERVICE**

On _____ by
Leaving the same with _____
_____
On the ____ day of
_____, 20_____
Service:_____
Mileage:_____

_____
Dty. Sheriff ORLEANS  Parish

_____
Dty. Sheriff ORLEANS  Parish

DIVISION E

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

NO: 124115                                   DIVISION "___"

**LARRY GRIFFIN TOWING CO., INC.**

**VERSUS**

**JOHN D. NAPLES**

DATE FILED:_____      FILED BY: _____

                                                      **DEPUTY CLERK**

**PETITION FOR DECLARATORY JUDGMENT**

   NOW INTO COURT, through undersigned counsel, comes Larry Griffin Towing

Co., Inc. ("LGT"), and for its Petition for Declaratory Judgment against defendant, John

D. Naples ("Naples"), seeking declaration on a claim by Naples for maintenance and cure

from LGT, respectfully avers as follows:

1.   Larry Griffin Towing Co., Inc. is a Louisiana corporation, which is and at all

      relevant times was domiciled at 123 Callais Lane, Golden Meadow, Lafourche

      Parish, LA.

2.   John D. Naples is a natural person of the full age of majority who, at the time of

      the incident giving rise to his claim for maintenance and cure, was domiciled at

      254 Hamilton St., Lockport, Lafourche Parish, LA.  In approximately May 2011,

      Naples relocated to Defuniak Springs, FL, where he now resides.

3.   Naples was employed by LGT from May 14, 2010 through June 3, 2010 as captain

      of M/V JAKE RYAN.

4.   Naples has made claim against LGT for maintenance and cure for injuries and

      illness arising out of and manifesting during his service aboard M/V JAKE

1

RYAN, and in particular, Naples claims that he was exposed to crude oil and chemical dispersants from the BP/Deepwater Horizon incident, which incident occurred on April 20, 2010 and continued through the time of Naples' employment with LGT and beyond.

5.   LGT and M/V JAKE RYAN were engaged by Nature's Way Marine, LLC to tow the closed tank barge RCT-12 from a fleeting facility on the Mississippi River near Baton Rouge, LA to BP's spill-response base at Theodore, AL, for later use in the remediation response to the BP/Deepwater Horizon incident.

6.   Naples and M/V JAKE RYAN traveled from Golden Meadow to the fleeting facility on May 15-16, 2010 and then to Theodore, AL on May 16-17, 2010, stood by with or near Barge RCT-12 in Theodore, AL until May 24, 2010, when M/V JAKE RYAN was released from the job, and returned to Bayou Lafourche on May 25, 2010.

7.   Naples alleges that he was exposed to crude oil and chemical dispersants in three specific manners: (a) through inhalation of vapors of crude oil and chemical dispersants escaping from Barge RCT-12 and its cargo of recovered oil and dispersants while M/V JAKE RYAN moved the barge from the fleeting facility on the Mississippi River near Baton Rouge, LA to the BP's spill-response base at Theodore, AL and also while standing-by with or near the barge in Theodore, AL, (b) through inhalation of vapors of crude oil and chemical dispersants emanating from the waters through which M/V JAKE RYAN traveled for the voyage from Baton Rouge to Theodore, AL via the Gulf Intracoastal Waterway across the Mississippi Sound, and (c) that he was exposed dermally and through inhalation from water containing crude oil and chemical dispersants while trying to keep the M/V JAKE RYAN afloat during the return trip from Theodore, AL as the vessel entered the Mississippi Sound.

8.  With respect to the third specified manner in which Naples claims he was exposed to crude oil and chemical dispersants, Naples further alleges that there was a hole approximately the size of a grapefruit located in and around where the hull of the vessel meets the deck near mid-ship, port side. Naples further alleges that the hole was located immediately underneath the rub rail and that it caused water to get into the engine room and nearly sank M/V JAKE RYAN.

9.  Naples claims that he first experienced symptoms related to his exposure to oil and chemical dispersants during the voyage to Theodore, AL and that he called LGT's Port Captain, Earl Dupre, to report his concerns and symptoms, but Mr. Dupre denies that Naples reported any such exposure or concerns or symptoms to him either verbally or in writing.

10. Barge RCT-12 was empty, hot-water-washed, stripped, blown-dry, and did not contain any oil or dispersants at all times Naples and M/V JAKE RYAN had the barge in tow and at all times when Naples and M/V JAKE RYAN were anywhere near the barge.

11. Naples and M/V JAKE RYAN did not come near any crude oil or chemical dispersants at any time when Naples and M/V JAKE RYAN were transiting the Mississippi Sound, either on the way to Theodore, AL or on the return trip to Golden Meadow, LA.  Therefore, Naples was not exposed to vapors of crude oil and chemical dispersants while traveling to or from Theodore, AL.

12. M/V JAKE RYAN did not have any significant leak or hole in and around where the hull of the vessel meets the deck near mid-ship, port side, or anywhere else while Naples was employed by LGT.

13. Naples asserted various liability claims against numerous parties, including LGT, in the lawsuit entitled *John D. Naples v. BP Exploration & Production Inc.; BP America Production Company; BP P.L.C., Larry Griffin Towing Co., Inc., Low*

*Land Construction Co., Inc., and Nature's Way Marine, LLC*, bearing Civil Action No. 12-cv-2564 in the United States District Court for the Eastern District of Louisiana, which lawsuit was consolidated into the federal multi-district litigation, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, bearing Civil Action No. 10-MD-2179, pending in the United States District Court for the Eastern District of Louisiana.

14. Naples' liability lawsuit in Federal Court was stayed for all purposes, including discovery and motion practice, along with numerous other federal cases for the foreseeable future while the claims against the BP companies, Transocean, and other on-site defendants work their way through various trial phases in the Multi-District Litigation.

15. The duty of a seaman's employer to provide maintenance and cure is imposed by law as a duty annexed to the employment contract. *Vaughan v. Atkinson*, 369 U.S. 527, 532-33, 82 S.Ct. 997, 1000-01 (1962). Seamen have a right to maintenance and cure for illness or injury that occurred or manifested while in service of a vessel, regardless of whether the shipowner was at fault or the vessel was unseaworthy. *See O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 41–42 (1943); *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir.1995) (*abrogated on other ground by Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 427 (2009); *See Foster v. Brian's Trans. Serv., et al.*, No. 91–4421, 1993 WL 114528, at *2 (E.D.La.1993) (*citing* Martin Norris, 2 *The Law of Seamen* § 26.21 at 53 (Supp.1992)).

16. A seaman's employer has a duty to investigate the seaman's claim for maintenance and cure, *see Holmes v. J. Ray McDermott & Company, Inc.*, 734 F.2d 1110, 1118 (5th Cir.1984), but an employer also is entitled to investigate the seaman's claim for maintenance and cure before tendering any payments.

*Boudreaux v. Transocean Deepwater, Inc.*, No. 12–30041, 721 F.3d 723, 728 (5th Cir.2013).

17.   Naples has not asserted his claim for maintenance and cure in his liability lawsuit in Federal Court, and his claims against the various BP entities asserted in his liability lawsuit are separate from his quasi-contractual maintenance and cure claim against LGT and are founded upon fundamentally different theories than his maintenance and cure claim.

18.   LGT conducted an investigation of Naples' claim for maintenance and cure. Based upon the investigation conducted thus far, LGT determined that it does not owe maintenance and cure due to, *inter alia*, Naples' lack of exposure to crude oil and chemical dispersants, as claimed, so LGT has declined his claim. However, Naples disputes LGT's determination on that issue and has alleged that formal discovery will prove LGT's determination to be incorrect. LGT desires to continue its investigation in a timely manner, desires to employ formal discovery methods as part of that investigation, and desires to obtain a timely determination of rights and obligations of both Naples and LGT on this quasi-contractual issue, rather than waiting indeterminately for the stay to be lifted over Naples' liability lawsuit in Federal Court's Multi-District Litigation.

19.   The dispute between Naples and LGT over maintenance and cure is an actual, justiciable controversy appropriate for declaratory judgment to determine the respective rights and obligations of Naples and LGT, and the existence of Naples' liability lawsuit does not provide an adequate remedy for determining these rights and obligations in a fair, efficient and timely manner.

20.   Declaratory judgment will terminate the controversy and remove the uncertainty of the rights and obligations of Naples and LGT with respect to Naples' claim of maintenance and cure from LGT.

WHEREFORE, Larry Griffin Towing Co., Inc. prays that Citation and this Petition for Declaratory Judgment be served upon John D. Naples and that he be compelled to appear and answer same, that this Honorable Court exercise its discretion to proceed with this Declaratory Judgment action, and that after all due proceedings are had, there be judgment herein declaring that Larry Griffin Towing Co., Inc. does not owe an obligation to John D. Naples to pay maintenance and cure benefits as claimed, with all costs of these proceedings assessed upon John D. Naples. Larry Griffin Towing Co., Inc. further prays for all such other general and equitable relief as this Court might deem appropriate and be competent to grant.

Respectfully submitted:

**LARZELERE PICOU WELLS**
**SIMPSON LONERO, LLC**
Two Lakeway Center - Suite 1100
3850 N. Causeway Blvd.
Metairie, Louisiana 70002
Telephone: (504)834-6500

BY: _____
**T. JUSTIN SIMPSON (#18347)**
jsimpson@lpwsl.com
**CORY T. STUART (#33394)**
cstuart@lpwsl.com
**ATTORNEYS FOR PLAINTIFF,**
**LARRY GRIFFIN TOWING CO., INC.**

6

Please issue Citation and certified copy
of Petition for Declaratory Judgment for
service via Louisiana Long Arm Statute,
La. Rev. Stat. 13:3201, *et seq.*, to:

      John D. Naples
      254 Venderheide Road
      Defuniak Springs, FL 32433

      Paul A. Dominick, Esq.
      Nexsen Pruet, LLC
      King Street, Suite 400
      Charleston, SC  29401

Please also issue Citation and certified
copy  of  Petition  for  Declaratory
Judgment for service via sheriff to:

      Douglas M. Schmidt, Esq.
      Douglas M. Schmidt, APLC
      335 City Park Avenue
      New Orleans, LA  70119

A TRUE COPY
Clerk of Court's Office
Thibodaux, La. Nov. 26, 2013
Christy O Naquin
Clerk Of Court

FILED

NOV 25 2013
Christy O Naquin
CLERK OF COURT

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Larry Griffin Towing Co., Inc.

**DEFENDANTS**
John D. Naples

**(b)** County of Residence of First Listed Plaintiff   Jefferson Parish
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Florida
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
Paul A. Dominick
Nexsen Pruet, LLC
P.O. Box 486, Charleston, SC  29402  843-577-9440

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
     Proceeding

☒ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28:1332jd Diversity Declaratory Judgment
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Carl J. Barbier

2:12-cv-2564
DOCKET NUMBER 2:10-MD-02179

DATE
12/18/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/ Paul A. Dominick

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. **(See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**McNair, William Chase**

| | |
|---|---|
| **From:** | Trevino, Marilyn J. |
| **Sent:** | Monday, December 30, 2013 4:06 PM |
| **To:** | McNair, William Chase |
| **Subject:** | FW: AccuRoute Fax Succeeded: 5048346565 (justinsimpson) on 12/18/2013 at 10:00:59 PM |
| **Attachments:** | image001.png; image003.png; Notice of Filing of Notice of Removal.pdf; image002.png |

**Marilyn Trevino**
Litigation Paralegal
Business and Consumer Litigation
Nexsen Pruet, LLC
205 King Street, Suite 400
Charleston, SC 29401
T: 843.720.1733, F: 843.414.8225
mtrevino@nexsenpruet.com
*www.nexsenpruet.com*

NEXSEN | PRUET

| Home | Practice Areas | Attorneys | Offices |
|---|---|---|---|

**From:** Omtool Server [mailto:omtoolserver]
**Sent:** Wednesday, December 18, 2013 10:01 PM
**To:** Trevino, Marilyn J.
**Subject:** AccuRoute Fax Succeeded: 5048346565 (justinsimpson) on 12/18/2013 at 10:00:59 PM

The message you sent to justinsimpson at 5048346565, was delivered successfully
on 12/18/2013 at 10:00:59 PM

JobID: 071312

NEXSEN PRUET

file://\resources\Outlook\Messages\8223\05e8a60a-2227-4ba1-b8aa-d3feb351f3f6-in-1.png   12/18/2013

2013-12-19 14:37      LafourcheClerk          9854475800 >>        5044825755   P 1/1

# VERNON H. RODRIGUE
## Clerk of Court
Seventeenth Judicial District Court
Parish of Lafourche



P. O. BOX 818      THIBODAUX, LA 70302-0818

### TO: DOUGLAS M. SCHMIDT

504-482-5755

IN RE:   **LARRY GRIFFIN TOWING CO INC**

**VS**

**JOHN D NAPLES**

**DOCKET NUMBER: C-124115**

This is to certify that on DECEMBER 19, 2013 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):

**NOTICE OF REMOVAL**

Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.

**ROXANNA TOUPS**

**Deputy Clerk of Court**

Cost for Filing $110.00

THIBODAUX: ADMINISTRATIVE & RECORDING · 985/447-4841
CIVIL · 985/447-5550
CRIMINAL · 985/447-5512
FAX · 985/447-5800
TOLL FREE · 1-866-447-4841

LOCKPORT:   PHONE: 985/532-7361       GALLIANO:   PHONE: 985/632-6111
FAX: 985/532-7362                              FAX: 985/632-5897

WEBSITE: http://www.lafourcheclerk.com