IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: "J" |
| This document relates to No. 12-970 | * | Honorable Carl J. Barbier |
| | | Magistrate Judge Shushan |
| * | * | * |

MEMORANDUM IN SUPPORT OF
MOTION TO REVIEW, AND/OR OBJECTIONS TO,
MAGISTRATE JUDGE SHUSHAN'S RULINGS ON
THE ANDRY LAW FIRM'S MOTIONS FOR PRODUCTION

**MAY IT PLEASE THE COURT:**

Claimant The Andry Law Firm, LLC ("The Andry Law Firm") submits the following *Memorandum in Support of Motion to Review, And/Or Objections to, Magistrate Judge Shushan's December 19, 2013 Order on The Andry Law Firm's Motions for Production*:

**PROCEDURAL HISTORY OF DENIAL OF RELEVANT INFORMATION**

**I.    The Special Master Issued Unsupported Innuendo Dubbed *The Freeh Report*.**

On September 6, 2013, after a sixty-six day investigation, Special Master Freeh issued his *Report of Special Master Louis J. Freeh* ("*Freeh Report*"). *See* Rec. Doc. 11287. The *Freeh Report* concedes that the Special Master "did not find any evidence that either Mr. Sutton or Ms. Reitano directly manipulated the valuation of claims by accessing the DHECC database" and further that he "did not find any evidence of such manipulation by other CAO officials." Rec. Doc. 11287 at 4. This is the same conclusion that the Claims Administrator reached in his evaluation of The Andry Law Firm's claim when he informed the Court that The Andry Law Firm's "file is properly documented with bank statements, etc." *See* July 2, 2013 Pat Juneau

letter to the Court, Rec. Doc. 10761-6. In particular, Mr. Juneau noted that: "As reported to the Court on July 2 and July 17, the BEL claim by Law Firm Y had not only been affirmed on appeal, but has since been re-reviewed twice … . … The claim otherwise meets the Settlement Program's requirements for payment and is properly documented." Rec. Doc. 10774 at 6-7.

Despite the findings of the CAO, and despite the *Freeh Report* concluding that there was no evidence of manipulation of the value of The Andry Law Firm claim,[1] the *Freeh Report* concluded that Mr. Sutton somehow improperly expedited The Andry Law Firm's claim because Lionel Sutton allegedly checked the status of The Andry Law Firm's claim and allegedly communicated with an accountant at the claims facility regarding the claim.[2] Based on these allegations, and without any explanation as to how the claim was allegedly expedited (if it was expedited at all), and with sleight of hand conflating The Andry Law Firm with AndryLerner, LLC, the Special Master suggested that this Court consider disallowing The Andry Law Firm's claim under the so-called "unclean hands doctrine."

The *Freeh Report* is ninety-six (96) pages long and contains five hundred and fifty nine

---

[1] The *Freeh Report* explicitly did not find manipulation of the value of claims:

> The Special Master did not find any evidence that either Mr. Sutton or Ms. Reitano directly manipulated the valuation of claims by accessing the DHECC database. The Special Master also did not find any evidence of such manipulation by other CAO officials.

*Freeh Report*, p. 4.

[2] The *Freeh Report* states:

> The Special Master finds that Mr. Lerner and Mr. Jon Andry utilized and benefited from Mr. Sutton's attorney position inside the CAO in furtherance of their AndryLerner clients' claims, as well as The Andry Law Firm's $7,908,460 claim.

*Freeh Report*, Rec. Doc. No. 11287, at 9-10.

2

(559) footnotes. According to the Special Master, during the course of his investigation, his office conducted over eighty (80) interviews (many of which were transcribed), performed computer forensics, reviewed extensive emails and phone records, searched laptops and mobile device hardware, issued subpoenas, and examined numerous other documents. This evidence is referenced selectively throughout the *Freeh Report*, but is not a part of the record, and was not provided to The Andry Law Firm. Indeed, at footnote 11, the Special Master admitted that:

> All references herein to bank documents, phone logs, email communications, DHECC claims documents, and witness statements, transcribed or summarized, are part of the Special Master's investigative record ... . ... [T]he Special Master is not permitting access to such underlying documents at this time, unless otherwise ordered by the Court.

The Special Master explicitly refused to provide the documents underlying his Report, absent Court intervention.

The Federal Rules of Civil Procedure require production of all information reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26. However, the Special Master attempted to deny The Andry Law Firm all information related to the Special Master's investigation. For approximately four (4) months, The Andry Law Firm has fought to obtain the information the Special Master gathered, the very information the Special Master claimed supported his conclusory allegations in the *Freeh Report*. Yet, The Andry Law Firm has yet to receive the totality of this information, and has yet to receive any information that supports the allegations of the *Freeh Report* that The Andry Law Firm acted with "unclean hands."

On September 12, 2013, only a week after the *Freeh Report* was published, The Andry Law Firm filed a *Motion for Production of Documents* requesting access to the evidence referred in the *Freeh Report*. Rec. Doc. 11355. On September 18, 2013, in response to The Andry Law

3

Firm's *Motion for Production of Documents*, this Court ordered that the "Special Master shall provide The Andry Law Firm access to information relevant to portions of the Special Master's Report concerning The Andry Law Firm not later than Friday, September 20, 2013." Rec. Doc. 11412; *see also* R. Doc. 11442, at 1 (emphasis added)("[t]he Special Master *shall provide* . . . [the Show Cause parties] access to information relevant to portions of the Special Master's Report concerning [the Show Cause parties].") The Special Master's subsequent production fell far short of what the Court ordered and what due process demands. The Special Master produced to The Andry Law Firm a mere 500-plus pages of documents. The production included duplicate copies of emails, heavily redacted interview notes, and deposition transcripts that, on their face, omit almost four hundred (400) pages of text.

On October 8, 2013, The Andry Law Firm filed its *Second Motion for Production of Documents* explaining that the Special Master had withheld information favorable to The Andry Law Firm, again requesting "the Special Master to produce all of the documents relevant to" The Andry Law Firm. Rec. Doc. 11610; *see also* Rec. Docs. 11619, 11642, 11643, 11644, 11648 and 11666 (demanding the production of documents by other Show Cause parties). The Special Master opposed the requests for the information upon which he based the *Freeh Report*. Rec. Docs. 11627, 11639. On October 16, 2013, this Court partially granted the *Second Motion for Production of Documents*,[3] and referred to Magistrate Judge Shushan all outstanding motions for

---

[3] The Court ordered that:

> on or before October 18, 2013, the Special Master shall provide the Andry Law Firm and Glen Lerner access to discovery of the responses of witnesses to questions asked by Mr. James A. Cobb during the course of interviews conducted by the Special Master which Mr. Cobb attended.

Rec. Doc. 11664.

4

discovery filed by the Show Cause Parties. Rec. Doc. 11664.

## II. Magistrate Judge Shushan Unduly Limited the Information Available to The Andry Law Firm.

After this Court referred to Magistrate Judge Shushan all outstanding motions for discovery filed by the Show Cause Parties, the Show Cause Parties further requested an expedited hearing and oral argument on their discovery motions. Rec. Doc. 11694. However, on October 23, 2013, Magistrate Shushan denied the motions for expedited hearing and oral argument. Rec. Doc. 11721.

On October 24, 2013, Magistrate Judge Shushan issued a ruling on the pending motions by The Andry Law Firm, Glen Lerner, Lionel Sutton, and Jon Andry. Rec. Doc. 11729; see Rec. Docs. 11610, 11619, 11627, 11639, 11642, 11643, 11644, 11648 and 11666. The *Order* of Magistrate Judge Shushan denied the production of certain information, including depositions and/or interviews of employees of the CAO and unredacted transcripts or interview memoranda of employees of AndryLerner LLC or The Andry Law Firm. Rec. Doc. 11729. Further, Magistrate Judge Shushan did not rule on the production of items she ordered to be produced to be reviewed, *in camera*, including computer forensics, redacted documents, and all documents assembled during the course of the investigation and preparation of the report that have not been otherwise produced. *See* Rec. Doc. 11729; *see also* Rec. Docs. 11803 and 11910.

It should be noted that in the weeks before the October 24, 2013 *Order* of Magistrate Judge Shushan, upon inquiry by counsel for The Andry Law Firm, counsel for the CAO had represented to counsel for The Andry Law Firm that the CAO would not make its employees available for interview or deposition absent an order from this Court. Additionally, The Andry Law Firm had subpoenaed one of the CAO employees to testify at a deposition, but the CAO

5

refused to produce the deponent without a court order. Because Magistrate Judge Shushan ruled that The Andry Law Firm could not conduct depositions and/or interviews of employees of the CAO, The Andry Law Firm did not further pursue the deposition.

Appeals were filed from that Order which were later denied by this Court, without prejudice, allowing the refiling of objections after Magistrate Judge Shushan had ruled upon all of the referred discovery matters. Rec. Docs. 11773, 11824, 11847 and 11854.

On December 19, 2013, Magistrate Judge Shushan, without citation or explanation: (1) denied The Andry Law Firm the right to depose or interview employees or contractors of the CAO[4]; (2) denied The Andry Law Firm the right to unredacted transcripts or interview memoranda of numerous witnesses[5]; (3) denied the production of documents from electronic databases that did not have specified search terms[6]; (4) denied the production of unredacted documents from the internal investigation by the CAO[7]; and (5) denied the production of certain, undescribed documents as protected from disclosure as "mental processes."[8] The Andry Law Firm objects to these rulings as they are erroneous and prejudice The Andry Law Firm in these

---

[4] The *Order* read: "The requests of the Show Cause parties to take the depositions and/or to interview the employees of the CAO and its contractors is denied." Rec. Doc. 12026 at 4; *see also* Rec. Doc. 11729 at 6.

[5] The *Order* read:

> The Court determined that some information should be redacted for some interviewees and the notes for one interview should not be produced. The Special Master shall produce the interview notes and/or transcripts for the following subject to the redactions directed by the undersigned: David Duval, Kirk Fisher, Tim Gonzales, Marea Herrington, Michael Juneau, Pat Juneau, Robert Levine, Henry Mitchell, Chris Rinaldi, Mark Staley, Tracey Steilberg, Casey Thonn, David Welker

Rec. Doc. 12026 at 3; *see also* Rec. Doc. 12026 at 5-6.

[6] Rec. Doc. 12026 at 4-5.

[7] Rec. Doc. 12026 at 5.

[8] Rec. Doc. 12026 at 6.

6

proceedings. The Andry Law Firm further posits that the *Order* violates fundamental fairness, due process, the Federal Rules of Civil Procedure, and this Court's Show Cause Order, Rec. Doc. 11442.

## ARGUMENT

Federal Rule of Civil Procedure 72(a) requires that this Court "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Although a magistrate judge may hear and determine any pretrial matter pending before a district court, 28 U.S.C. § 63(b)(1)(A), in a non-dispositive matter, a district court may reverse a magistrate judge's ruling if the party challenging the decision can demonstrate that the determination was clearly erroneous or contrary to the law. *See* Fed. R. Civ. P. 72(a); *Hingle v. Board of Adm'rs of Tulane Educ. Fund*, 1995 WL 731696 (E.D. La. Dec. 7, 1995).

The portions of the Order issued by Magistrate Judge Shushan that limit discovery should be reversed because neither Rule 53 nor any other rule of federal civil procedure permits the Special Master to conceal from The Andry Law Firm or the other Show Cause Parties the information, documentation, and witnesses to which the Special Master and/or this Court have had access and may consider.[9] Due process and fundamental fairness require that claimant, The Andry Law Firm, be allowed to examine and refute the Special Master's alleged factual support for his suggestion that the Court disallow The Andry Law Firm's valid claim for over $7 million,

---

[9] The Andry Law Firm further posits that Magistrate Judge Shushan improperly accepted filings by the Special Master in response to the motions for production filed by The Andry Law Firm, and this Honorable Court should not accept any filings by the Special Master in opposition to this *Motion to Review, And/Or Objections to, Magistrate Judge Shushan's December 19, 2013 Order on The Andry Law Firm's Motions for Production*, because Rule 53 does not authorize the Special Master to act as a litigant engaging in discovery disputes.

7

which is currently due and owing,[10] as all appeal delays have run.[11]

## I. Magistrate Judge Shushan's Summary Denial of The Andry Law Firm's Request for Access to Representatives of the CAO Is Clearly Erroneous and Contrary to Law and Thus Must Be Reversed.

In both her October 24, 2013 *Order* and her December 19, 2013 *Order*, Magistrate Judge Shushan summarily denied the Show Cause Parties' request for access to and interviews of the employees and contractors of the CAO. Rec. Docs. 11729 and 12026. In her denial, Magistrate Judge Shushan provided absolutely no legal justification for denying the Show Cause Parties access to witnesses who possess information that is plainly relevant to their response to the allegations made in the *Freeh Report*. The Andry Law Firm specifically objects to Magistrate Judge Shushan's summary and blanket denial of access to and interviews of the employees and contractors of the CAO.

It is well settled that parties cannot "possess" witnesses to the exclusion of the opposing party. Particularly in civil proceedings, a witness who possesses relevant testimony is available to be deposed by all parties. Rules 26 and 30 of the Federal Rules of Civil Procedure, as well as

---

[10] The Andry Law Firm, LLC filed its claim *pro se* in August of 2012. The accounting firm of Kushner LaGraize, L.L.C. independently determined the claim to be $7,908,460.75. On March 20, 2013, the DHECC issued an Eligibility Notice, finding that The Andry Law Firm was entitled to an award in the amount of $7,648,722.34. The DHECC accounting experts, which included the accounting firms of Postlethwaite & Netterville and PriceWaterhouse Coopers, calculated the claim to be $7,648,722.34. The Andry Law Firm, LLC agreed to the DHECC's calculation. BP appealed that award, arguing that the claim should be re-evaluated due to a "calculation error." In reality, BP appealed based upon "alternative causation" and "smoothing." This Honorable Court issued orders on March 3, 2013, April 9, 2013, and April 24, 2013, forbidding BP those grounds for appeal. On June 4, 2013, the DHECC Appeal Panel upheld the initial compensation finding and awarded The Andry Law Firm $7,818,693.95. The panel stated that it had: "independently reviewed the file material submitted in connection with this appeal and after conferences have unanimously determined that the award should be upheld." BP had fourteen (14) days from the date of the panel decision of June 4, 2013 to request discretionary review. BP failed to do so. The Andry Law Firm's claim therefore became due and payable on June 18, 2013.

[11] The necessity of this production is compounded by the apparent denial of The Andry Law Firm of the right to an evidentiary hearing at which The Andry Law Firm could present evidence and cross-examine witnesses.

8

the dictates of fairness and due process, require permitting the Show Cause Parties access to these witnesses. *See* Fed. R. Civ. P. 30(a)(1) (A party may depose any person, including a party, without leave of court, absent circumstances not present here[1]); *see also In re MNM Boats, Inc.*, 2009 WL 1247100 at *2 (E.D. La. May 5, 2009). Furthermore, Rule 26 of the Federal Rules of Procedure permits parties discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). This relevant information need not even be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

In this case, the Special Master relied on the transcribed testimony and of representatives of the CAO in drafting his report and making his recommendations, which demonstrates that these representatives are in possession of relevant testimony. The Andry Law Firm further expects that CAO employees and contractors will possess relevant evidence as to its defense, demonstrating that, among other things: (i) The Andry Law Firm's claim was not expedited because of any improper action by The Andry Law Firm or its principals; (ii) the information that was provided about the status of The Andry Law Firm claim was not confidential CAO information; (iii) Sutton and other CAO employees regularly communicated with counsel for claimants about the status of claims and, in fact, were encouraged to do so; and (iv) the multi-layer claims review and processing procedures were not vulnerable to influence by Sutton, or any other CAO employee. These witnesses will further establish the spotless hands of The Andry

---

[1] Rule 30(a)(2) provides that leave of court is not necessary <u>unless</u> the parties have not stipulated to the deposition <u>and</u> (1) the deposition would result in more than ten (10) depositions taken under this rule; (2) the deponent has already been deposed in the case; or (3) the party seeks to take the deposition before the time specified in Rule 26(d). Clearly, these circumstances are not present in this case.

9

Law Firm in contravention to the innuendo of the *Freeh Report*. The information known to the employees and contractors of the CAO is critical to rebutting the Special Master's contention that the settlement process, or The Andry Law Firm claim in particular, was corrupted.

Importantly, only the Special Master has had full access to these witnesses and any relevant information they may provide. Rule 30 and Rule 26 of the Federal Rules of Civil Procedure require that The Andry Law Firm be afforded the same access as the Special Master to these witnesses, so that The Andry Law Firm may properly develop its response to the *Freeh Report*.

Further, the fact that CAO employees are operating under orders of this Court does not exempt them from questioning by The Andry Law Firm, or other Show Cause Parties, as the applicable standard is unrelated to a witness' employment status, but is merely whether a witness has relevant testimony. There is no support for a conclusion that any heightened showing must be made simply because the CAO employees or contractors are implementing a court-approved and enforced settlement agreement. These employees and contractors clearly possess relevant evidence to the allegations made in the *Freeh Report* and to The Andry Law Firm's defense of those allegations, and thus The Andry Law Firm should be entitled to obtain such evidence. It is clear that there is simply no basis for Magistrate Judge Shushan's denial of access to such information, and therefore such ruling is clearly erroneous and contrary to law.

The Andry Law Firm notes that prior to the issuance of the Order, The Andry Law Firm had issued a Notice of Deposition of Mark D. Staley, an accountant who handled the claim of The Andry Law Firm. Mr. Staley's testimony is certainly relevant to the proceedings as only he can testify as to whether he was unduly influenced by anyone in any way regarding his

professional evaluation of The Andry Law Firm claim, an evaluation which was eventually upheld on appeal and is now due and owing.

Moreover, The Andry Law Firm has been severely prejudiced by Magistrate Judge Shushan's *Order*. This prejudice has only been compounded by the Special Master's decision to turn over only redacted portions of the CAO employees' interview transcripts and memoranda. Without full access to these individuals' prior statements, The Andry Law Firm is forced to guess at the content of the testimony of the CAO employees and contractors as to matters critical to its response.

The prejudice is also compounded because most of the persons with relevant information did not have their statements transcribed. Rather, an employee of the Special Master created an "interview report" purporting to somewhat reflect the questions asked and answers provided. However, the produced interview reports all contain a disclaimer which states:

> These notes are not intended as a verbatim transcription of the meeting, but rather as a summary of major matters discussed. Quotes reflect an effort to capture exact words or phrases used during the meeting but are not intended as a verbatim transcription. The notes also contain mental impressions and observations and relay how the discussion during the meeting may impact other open legal issues for the Special Master Investigative Team.

Thus, all that has been made available to The Andry Law Firm for most of the relevant witnesses is an "interview report" which the Special Master admits may not accurately reflect all of what was asked and all of what was answered. The process by which these interview reports were created, and whether any other memorializations of the interviews, such as notes from

11

which the hearsay summaries were created, have not been revealed or produced.[12] Not only has The Andry Law Firm been denied the opportunity to ask relevant questions to persons with relevant information, but The Andry Law Firm has not received accurate accounts of what those persons said. Only the employees[13] of the Special Master had the opportunity to ask questions, and even they do not know to any reasonable level of trustworthiness what was asked and all of what was answered.

The Andry Law Firm should not be forced to speculate about relevant evidence, especially given the constitutional import of the Special Master's recommendation to strip The Andry Law Firm of its property rights and the effect that recommendation has had in damaging the reputation of The Andry Law Firm and the reputation and character of its members. The Andry Law Firm should be granted the opportunity to question relevant witnesses, including employees and contractors of the CAO, as provided under the Federal Rules of Civil Procedure.

For the purposes of judicial economy only,[14] The Andry Law Firm further adopts the reasons and jurisprudence cited in the *Objections to Magistrate Judge Shushan's Rulings On*

---

[12] If any such notes exist such notes should also be produced as the notes may better reflect what was said during the interviews than the summaries.

[13] The Special Master did not attend most of the witness interviews. This also presents significant due process concerns as the Special Master did not consider the actual statements of most of the witnesses, but incomplete summaries of their statements containing the potentially biased "mental impressions" of one or more of his employees who attended the interviews.

[14] The Andry Law Firm notes that the Andry Law Firm is, and always has been, only a claimant in this litigation, and has never represented a claimant. AndryLerner, LLC is, and always has been, a firm representing claimants in this litigation, and has never been a claimant. The two firms should not be conflated as they were in the *Freeh Report*. The Andry Law Firm has two members, Gilbert V. Andry, IV and Jonathan B. Andry, and was founded in 2000. The Andry Law Firm properly filed a claim in this litigation in the summer of 2012 after its CPA, David Kushner of Kushner LaGraize, L.L.C., suggested that The Andry Law Firm may have a claim based upon the parameters of the BP master settlement agreement. However, neither Gibby Andry nor The Andry Law Firm represented any clients in this litigation. Rather, Jonathan Andry chose to represent claimants through forming The Andry Law Group and later, Andry Lerner, LLC.

*Glen Lerner's Motions To Compel Discovery (Rec. Doc. 11729) And Incorporated Memorandum*, Rec. Doc. 11773.3, and the *Objections to Magistrate Judge Shushan's Rulings On Glen Lerner's Motions To Compel Disclosures And Incorporated Memorandum*, Rec. Doc. 12082 at 11-13.

## II. Magistrate Judge Shushan's Denial of Production of Unredacted Transcripts and Interview Notes Is Clearly Erroneous and Contrary to Law and Thus Must Be Reversed.

In her *Order*, Magistrate Judge Shushan denied production of unredacted transcripts and interview notes of persons with relevant information and unredacted documents from the internal investigation by the CAO. The Andry Law Firm submits that this Court should reverse Magistrate Judge Shushan's denial of the request for unredacted transcripts and interview notes and unredacted documents from the internal investigation by the CAO. Magistrate Judge Shushan failed to provide any explanation as to why the redactions she approved were justified. No privilege log has been produced. The Andry Law Firm has zero information as to what was redacted and why. Parties to civil proceedings are permitted discovery regarding any non-privileged matter that is reasonably calculated to lead to evidence relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). This relevant information need not even be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The material requested is clearly relevant pursuant to Rule 26(b)(1) as all of the scope of the investigation by the Special Master and the CAO is relevant to the *Freeh Report*.

The Andry Law Firm is entitled to all relevant portions of the Special Master's and the CAO's investigative record, not only the facts and statements upon which the Special Master relied, but also those that the Special Master may have been aware of but chose to disregard in

13

order to accurately and meaningfully respond to the Special Master's findings and recommendations as ordered by this Court. Magistrate Judge Shushan provides no legally cognizable basis for denying this discovery and thus her ruling must be reversed.

Moreover, Magistrate Judge Shushan's denial of this evidence is contrary to the Federal Rules of Evidence. Specifically, Rule 613 of the Federal Rules of Evidence provides that prior inconsistent statements may be used to impeach a witness, and Rule 801(d)(1) of the Federal Rules of Evidence provides that prior consistent statements are admissible in some cases. In order to impeach any statements relied upon by the Special Master, The Andry Law Firm requires access to the complete prior statements of these witnesses. This Court simply cannot deny The Andry Law Firm the ability to review these prior statements in their entirety without clear justification.

It should be noted that just because some of the information may be private or sensitive should not preclude the information from being produced. The Special Master has produced approximately 6,000 pages of phone records under a protective order, and a similar protective order could be issued for any private or sensitive information obtained in the interviews. In the alternative, a privilege log should be produced stating the privilege claimed and describing the information that has not been produced.

The Andry Law Firm further adopts the reasons and jurisprudence regarding the production of unredacted witness statements cited in the *Objections to Magistrate Judge Shushan's Rulings On Glen Lerner's Motions To Compel Disclosures And Incorporated Memorandum*, Rec. Doc. 12082 at 11-13.

### III. Magistrate Judge Shushan's Denial of Production of Digital Data Is Clearly Erroneous and Contrary to Law and Thus Must Be Reversed.

Magistrate Judge Shushan ordered production of only a portion of the digital data, including emails, obtained after establishing very limited search parameters. Magistrate Judge Shushan failed to provide any explanation for why she limited the production or why she choose the limited search parameters she ordered. All of the digital data should be produced as relevant. Emails may be relevant as to the handling of the claim of The Andry Law Firm, as to whether any conspiracy was confected between any of the Show Cause parties, and as to the frequency and volume of email requests for information from claimants and counsel not associated with the Show Cause parties for comparison with the frequency and volume of email requests for information from the Show Cause parties. The Andry Law Firm adopts the reasons and jurisprudence regarding the production of digital data cited in the *Objections to Magistrate Judge Shushan's Rulings on Glen Lerner's Motions to Compel Disclosures And Incorporated Memorandum*, Rec. Doc. 12082 at 8-10. The Andry Law Firm further notes that the Special Master has produced all of the approximately 6,000 pages of phone records in digital formats under a protective order, and a similar protective order could be issued regarding other digital data such as emails. There is no substantial difference in quality or character between the phone records that have been fully produced and the digital information that has only been partially produced. Both may contain information that may not be relevant, or may be private or sensitive, which can be mitigated with a protective order. Both may be searched or manipulated in digital form to produce relevant analyses. The digital data, included emails, should be produced in whole, as the phone records were produced in their entirety. In the alternative, a

privilege log consistent with Federal Rule of Civil Procedure 26(b)(5)(A)(ii) should be produced stating the privilege claimed and describing the information that has not been produced.

## IV. Magistrate Judge Shushan's Denial of Production of Documents Allegedly Containing "Mental Processes" and Documents Subpoenaed Is Clearly Erroneous and Contrary to Law and Thus Must Be Reversed.

Magistrate Judge Shushan apparently withheld from production documents obtained by subpoena duces tecum and documents characterized as containing "mental processes." Because no privilege log consistent with Federal Rule of Civil Procedure 26(b)(5)(A)(ii) has been produced it is impossible for The Andry Law Firm to address such with much specificity. However, such documents were clearly within the scope of the Special Master's investigation, and thus likely are relevant. Any privilege must be established by the Special Master. Before any such privilege is established a privilege log should be produced in accordance with Federal Rule of Civil Procedure 26(b)(5)(A)(ii). Such privilege log should list all documents or things in the possession of the Special Master that have not been produced, and should explain the privilege claimed for each redaction of a document that has been produced. The Andry Law Firm further adopts the reasons and jurisprudence regarding the production of digital data cited in the *Objections to Magistrate Judge Shushan's Rulings on Glen Lerner's Motions to Compel Disclosures And Incorporated Memorandum*, Rec. Doc. 12082 at 10-11, 13.

## CONCLUSION

The Federal Rules of Civil Procedure require production of all information reasonably calculated to lead to admissible evidence. However, the Special Master has attempted over the past four (4) months to deny The Andry Law Firm nearly all information related to the Special

16

Master's investigation. Even after this Court issued orders[15] commanding the Special Master to produce information, The Andry Law Firm still did not receive electronic data, redacted documents, original phone records, nor all documents assembled during the course of the investigation and preparation of the report, or unredacted transcripts and/or interview memoranda of relevant witnesses.[16] Even after two months of Magistrate Judge Shushan addressing the multiple discovery motions, The Andry Law Firm has still not received all the relevant information. The Andry Law Firm has a due process right, ensconced in the Federal Rules of Civil Procedure, to any and all information bearing on the claims process and the interaction between and among the persons mentioned in the *Freeh Report*, including all of the information gathered by the Special Master, and especially including the information referenced in the *Freeh Report* itself. This constitutional right to due process has to date been substantially denied.

The information requested will demonstrate in its totality that there is a dearth of information supporting the factual allegations or the punitive recommendations of the *Freeh Report* as to The Andry Law Firm. Although The Andry Law Firm has not yet received the totality of the information sought, the information which the Special Master has been ordered to produce has consistently contradicted the conclusions of the Special Master as to The Andry Law Firm. For example, the recently produced interview reports demonstrate that there was not only no conspiracy to enhance or expedite The Andry Law Firm's claim, but that the claim was

---

[15] The Court's Order of September 19, 2013 provided that "[t]he Special Master *shall provide* . . . [the Show Cause parties] access to information relevant to portions of the Special Master's Report concerning [the Show Cause parties]." R. Doc. 11442, at 1 (emphasis added).

[16] *See Motion for Extension of Time to File Response*, Rec. Doc. 11957, and all record documents referenced therein.

actually unduly delayed because of an error. This is but one of the many facts that the *Freeh Report* failed to present to this Court and the public.

The Andry Law Firm respectfully requests that the Court grant its *Motion to Review, And/Or Objections to, Magistrate Judge Shushan's December 19, 2013 Order on The Andry Law Firm's Motions for Production*, grant access to documents and witnesses relevant to the *Freeh Report* as described above, and allow The Andry Law Firm twenty-one (21) days from the date of any future production to file any response and/or objections to the *Freeh Report*'s findings and recommendations.[17]

Respectfully submitted,

*/s/ Stephen M. Gelé*
**RANDALL A. SMITH, T.A. (#2117)**
**STEPHEN M. GELÉ (#22385)**
   OF
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, LA 70170
Tel:  (504) 525-2200
Fax:  (504) 525-2205
sgele@smithfawer.com

**Attorneys for The Andry Law Firm, L.L.C.**

---

[17] In response to Special Master Freeh's report, this Court ordered Lionel Sutton, Christine Reitano, Jon Andry, Glen Lerner, and any associated law firms to show cause why the Court should not adopt the Special Master's findings and recommendations "[d]isallowing The Andry Law Firm's claim under the Unclean Hands Doctrine." Rec. Doc. 11288. A twenty-one (21) day extension would be consistent with the twenty-one (21) day provision of Rule 53 which presupposes that the party responding to a report of a special master already has all pertinent information upon which the report is premised.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 3rd day of January, 2013.

/s/ Stephen M. Gelé
Stephen M. Gelé