IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: Oil Spill by the Oil Rig) | | |
| "Deepwater Horizon" ) | | MDL 2179 |
| In the Gulf of Mexico. ) | | SECTION J |
| On April 20, 2010 ) | | |
| | | |
| This document relates to: ) | | JUDGE BARBIER |
| No. 12-970, Bon Secour ) | | |
| Fisheries, Inc., et al v. BP ) | | MAG. JUDGE SHUSHAN |
| ) | | |
| And All Actions ) | | |

## MOTION TO CONFIRM ARBITRATION AWARD AND ORDER PAYMENT

COMES NOW Rocon, Inc., (Rocon), and moves the Court to confirm the Arbitrator's Award of September 19, 2013, and to order the Claims Administrator to pay the Award Amount plus post judgment interest to Rocon in accordance with the Federal Arbitration Act, (FAA), the Deepwater Horizon Economic And Property Damages Settlement Agreement As Amended On May 2, 2012, (Settlement Agreement), and applicable law:

1. The Federal Arbitration Act, 9 U.S.C. §9 provides that a motion to confirm an arbitration award shall be made to the court specified by the agreement of the parties. See, 9 U.S.C. §9. In the instant matter, the parties have agreed that the United States District Court for the Eastern District of Louisiana has jurisdiction over this matter arising under the Settlement Agreement. See, Settlement Agreement, Section 18.1.

2. The Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*, also provides for expedited judicial review of a motion to confirm an arbitration award. See, Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 578, 128 S. Ct. 1396, 1400, 170 L. Ed. 2d 254 (2008); Grant v. Houser, 469 Fed. Appx. 310, 315 (5th Cir. 2012); Trustees Of Empire State Carpenters Annuity v. Lynnview Construction Corp., 2013 U.S. Dist. LEXIS *13-14 (E.D.N.Y. 2013); Gerardo Gerson and Rivadavia, S.A. v. UBS Financial Services, Inc., 2012 U.S. Dist. LEXIS 128128 *6 (S.D. Fla. 2012).

3.  Rocon, Inc. is an Alabama corporation located at 7950 Zeigler Blvd., Mobile, Alabama and a claimant under the Settlement Agreement.

4.  BP Exploration & Production, Inc. and BP America Production Company, (jointly referred to as "BP"), are parties to the arbitration between BP and Rocon pursuant to the terms of the Settlement Agreement. See, Settlement Agreement, Section 6.1.2.4 and attached Brief in Support of Motion.

5.  The Honorable Patrick Juneau is the Claims Administrator under terms of the Settlement Agreement and the holder of funds subject to the arbitration. See, Settlement Agreement, Section 4.2.1.

6.  On June 4, 2012, Rocon initiated a claim under the Settlement Program administered by the Claims Administrator pursuant to the Settlement Agreement.

7.  On April 12, 2013, the Claims Administrator issued an Eligibility Notice which determined Rocon's claim qualified for payment and set the Award Amount at $150,049.87.

8.  On April 23, 2013, BP filed its Notice of Appeal; thereby initiating the arbitration procedure established in Section 6 of the Settlement Agreement.

9.  Both BP and Rocon actively participated in arbitration, without objection, before an impartial third-party decision maker in the manner set out in the Settlement Agreement and applicable rules governing the procedures to be followed by the parties in arbitration.

10. On September 19, 2013, the single arbitrator issued a decision, Panel Decision, establishing that Rocon was entitled to recover and setting the Compensation Amount at $142,576.07 and a .25 Risk Transfer Premium, (RTP).

11. On September 20, 2013, the Claims Administrator issued a Post-Appeal Eligibility Notice, which employed the directions set out in the arbitrator's award to calculate Rocon's Post-Appeal Compensation Amount to be $157,178.67.

12. Pursuant to Rule 14 of the Rules Governing Discretionary Court Review of Appeal Determinations, BP was allowed to make requests for discretionary review by the Court within fourteen (14) days of the release of the Panel's Decision. BP elected not to seek such review.

13. Thereafter, Rule 18 of the Rules Governing Discretionary Court Review of Appeal Determinations requires the Claims Administrator, as a ministerial duty, "to proceed with payment of the claim. . . ." However, the claim has not been paid by the Claims Administrator.

14. The arbitrator's award is final, binding on the parties and is due to be confirmed and paid.

15. Pursuant to the Court's Pre-trial Order, (Doc. 569), counsel for Rocon, Inc., have consulted with Liaison Counsel for the Plaintiffs' Steering Committee who did not express objection to this filing.

**WHEREFORE**, Rocon, Inc., prays the Court to grant the order confirming the arbitrator's decision in favor of Rocon, Inc. Further, Rocon prays the Court to direct the Claims Administrator to perform his ministerial duty by calculating the Total Compensation Amount based on the Panel Decision and to proceed with payment in the amount of $157,178.67.

**ORAL ARGUMENT REQUESTED**

RESPECTFULLY SUBMITTED,

E. J. SAAD (AL861451)
ejsaad@ejsaadlaw.com

MATTHEW ANDREWS (AL167247)
mandrews@ejsaadlaw.com
ATTORNEYS FOR ROCON, INC.

OF COUNSEL:
E. J. SAAD LAW FIRM
6207 COTTAGE HILL ROAD, SUITE G
MOBILE, ALABAMA  36609
PHONE: 251-660-0888  Fax: 251-660-0777

        *S/Frederick T. Kuykendall, III*
        FREDERICK T. KUYKENDALL, III
        ftkuykendall@yahoo.com
        ATTORNEYS FOR ROCON, INC.

OF COUNSEL:
KUYKENDALL & ASSOCIATES, LLC
AL Bar No.: ASB4462A59F
Federal Bar No.: KUYKF4462
P.O. Box 2129
Fairhope, Alabama 36533
Phone: (251) 928-4008
Fax: (251) 928-2151