# EXHIBIT "J"

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELTON JOHNSON, | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION NO. 2:10-cv-01674 |
| | ) |
| vs. | ) SECTION N (ENGELHARDT) |
| | ) |
| BP, PLC, BP PRODUCTS NORTH | ) MAGISTRATE 4 (ROBY) |
| AMERICA, INC., BP AMERICA, INC., and | ) |
| TIDEWATER MARINE, L.L.C., | ) |
| | ) |
| Defendants. | |

### ANSWER OF BP PRODUCTS NORTH AMERICA INC. AND BP AMERICA INC.

NOW INTO COURT, through undersigned counsel, come BP Products North America Inc. and BP America Inc. (the "BP Defendants"), and in response to the complaints filed by plaintiff Elton Johnson for which the First Amended and Restated Petition fully supplements and amends all previously filed complaints (collectively "the Complaint"), the BP Defendants respond as follows:

### FIRST DEFENSE

AND NOW, in response to the specific allegation of plaintiff's Complaint, the BP Defendants state:

 a) The BP Defendants admit the allegations contained in subparts (B) and (C) of paragraph 1, deny that BP plc is doing business in the State of Louisiana, and

state that they are without sufficient knowledge to either admit or deny the remaining allegations of paragraph 1;

b) The BP Defendants are without sufficient knowledge to either admit or deny the allegations of paragraphs 3, 4, 7, 8, 9, and 10;

c) The BP Defendants state that paragraphs 11 and 16 make no allegations against them, but rather against another party, and therefore no answer is required. However, to the extent an answer is required, the BP Defendants are without sufficient knowledge to either admit or deny the allegations therein 11 and 16;

d) The BP Defendants deny the allegations of paragraphs 2, 12, 14, 15, 17, 18, 19, and 20 to the extent they apply to the BP Defendants and state that to the extent the allegations apply to the other defendants, the BP Defendants are without sufficient knowledge to either admit or deny the allegations.

e) With regard to paragraphs 5 and 13, the BP Defendants admit that at all relevant times, Transocean Ltd. and/or its affiliates owned and operated the Deepwater Horizon offshore drilling rig. The BP Defendants specifically deny that they owned or operated the Deepwater Horizon offshore drilling rig and deny the remaining allegations directed at them. With regard to the remaining allegations contained in paragraphs 5 and 13, the BP Defendants state they are without sufficient knowledge to admit or deny the allegations.

f) With regard to paragraph 6, the BP Defendants admit that an explosion occurred on the Deepwater Horizon offshore drilling rig on April 20, 2010, and that at the time of the explosion, the Deepwater Horizon drilling rig was performing drilling

operations off the coast of Louisiana. The BP Defendants are without sufficient knowledge to either admit or deny the remaining allegations of paragraph 6;

## SECOND DEFENSE

The BP Defendants maintain that there was no negligence or fault on their part and that plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Defendants are not legally responsible.

## THIRD DEFENSE

Plaintiff's damages or injuries, if any, were the result of an unforeseeable occurrence and/or accident for which the BP Defendants cannot be held legally responsible.

## FOURTH DEFENSE

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Defendants are not legally responsible.

## FIFTH DEFENSE

Any alleged negligence by the BP Defendants, which the BP Defendants specifically deny, was not the proximate cause or sole proximate cause of plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

## SIXTH DEFENSE

To the extent the BP Defendants are found liable to plaintiff for any damages or injuries, the BP Defendants are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

## SEVENTH DEFENSE

To the extent that the BP Defendants are found liable to plaintiff for any damages, the BP Defendants are entitled to contractual indemnity from other parties or entities.

## EIGHTH DEFENSE

To the extent that the BP Defendants are found liable to plaintiff for any damages, the BP Defendants are entitled to indemnity from other parties or entities.

## NINTH DEFENSE

To the extent that the BP Defendants are found liable to plaintiff for any damages, the BP Defendants are entitled to contribution from other parties or entities.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff is not entitled under the law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## ELEVENTH DEFENSE

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

## TWELFTH DEFENSE

The BP Defendants deny that they are liable to any extent as alleged in the Complaint, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by plaintiff as a result of the allegations contained in the Complaint and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Defendants specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Defendants pray that this answer is good and sufficient and, after due proceedings, plaintiff's claims against the BP Defendants be dismissed with prejudice, at plaintiff's cost, and all other legal, equitable and other relief to which the BP Defendants may be entitled.

Respectfully submitted,

/s/ Don K. Haycraft
Donald R. Abaunza (Bar #2273)
R. Keith Jarrett (Bar #16984)
Don K. Haycraft (Bar #14361)
Jonathan A. Hunter (Bar #18619)
Mark D. Latham (Bar #19673)
Robert E. Holden (Bar #6935)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: 504-581-7979
Fax: 504-556-4108

Attorneys for BP Products North America Inc. and BP America, Inc.

and

Richard C. Godfrey, P.C.
John T. Hickey, Jr., P.C.
J. Andrew Langan, P.C.
Hariklia Karis
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000 Telephone
(312) 862-2200 Facsimile
*Of Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 8, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be

sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Don K. Haycraft