IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * * | MDL No. 2179  <br><br>Section: J  <br><br>Judge Carl J. Barbier  <br><br>Magistrate Judge Sally Shushan |

## UNOPPOSED MOTION TO LIFT THE PRELIMINARY INJUNCTION RELATED TO BEL CLAIMS FOR THE SOLE AND LIMITED PURPOSE OF PAYING SETTLEMENT PROCEEDS TO CLAIMANT BOOKIT.COM, INC.

Claimant, BookIt.com, Inc., by and through its undersigned counsel, respectfully moves this Honorable Court to lift its Amended Preliminary Injunction Related to BEL Claims for the sole and limited purpose of allowing the Claims Administrator to finalize its processing of Claimant's BEL claim and issue payment on Claimant's May 28, 2013 Eligibility Notice. As grounds therefore, the undersigned show as follows:

1. Claimant, BookIt.com, Inc. ("Claimant") submitted a Business Economic Loss claim to the *Deepwater Horizon* Claims Center on June 5, 2012.

2. Upon filing of Claimant's claim, the Claims Administrator designated Claimant as Claimant ID: 100009200 and its BEL claim as Claim ID: 2838.

3. On May 28, 2013, the Claims Administrator issued an Eligibility Notice for Claimant's claim providing for total compensation due to Claimant in the amount of $6,111,412.42.

4. Thereafter, BP appealed the Eligibility Notice and asserted arguments that Claimant should have been classified as a multi-facility business and any revenue and expenses attributable to "facilities" outside of the Economic Compensation Zone should have been

excluded from the Business Economic Loss calculation. BP's appeal did not include any allegation that Claimant's claim raised the issues of matching expenses and revenue or causation. Moreover, the Appeal Coordinator found that BP's appeal involved neither questions of matching nor causation. *See* Appeals Coordinator's December 9, 2013 Letter to Daniel Cantor and Chris Boutwell (attached hereto as Exhibit A).

5. After each party submitted Initial Proposals and Final Proposals, the Appeals Panel remanded the claim to the Claims Administrator on August 22, 2013 raising only the issue of whether Claimant was a multi-facility business as defined by the Settlement Agreement.

6. On October 11, 2013, Claimant filed a formal hardship request with the Claims Administrator seeking to have the processing of its claim expedited. After providing sufficient evidence to establish its economic hardship, Claimant's hardship request was granted.

7. On December 5, 2013, this Court issued its Order Amending Preliminary Injunction Related to BEL Claims ordering that "[t]he Claims Administrator may continue to accept BEL claims and process said claims, but shall temporarily suspend the issuance of final determination notices and payments of BEL claims, pending resolution of the BEL issues that are the subject of the pending remand." [Doc. 11928].

8. On January 7, 2014, Daniel Cantor, Counsel for BP, notified the Appeals Coordinator via email that BP was withdrawing its appeal of Claimant's claim, without any admission or waiver of any rights. *See* Daniel Cantor's January 7, 2014 Email to Jack Alltmont and Chris Boutwell (attached hereto as Exhibit B).

9. On January 8, 2014, Mr. Cantor notified the Appeals Coordinator and Claimant's Counsel that BP does not object to this Court lifting its Preliminary Injunction Related to BEL Claims for the sole and limited purpose of allowing the Claims Administrator to finalize its

processing of Claimant's claim and issue payment on Claimant's May 28, 2013 Eligibility Notice. *See* Exhibit B.

10. On January 15, 2014, the Appeals Coordinator recommended that Claimant's Counsel file the instant Unopposed Motion to Lift the Preliminary Injunction Related to BEL Claims for the Sole and Limited Purpose of Paying Settlement Proceeds to Claimant. The Appeals Coordinator instructed Claimant's Counsel to notify the Court that the Motion is filed upon his recommendation since BP has withdrawn its Appeal, stated in writing its non-opposition to Claimant receiving payment on its May 28, 2013 Eligibility Notice, and that, but for the Preliminary Injunction, the claim is ripe for payment. *See* Jack Alltmont's January 15, 2014 Email to Chris Boutwell (Exhibit B).

11. This Court lifting its Preliminary Injunction Related to BEL Claims for the sole and limited purpose of allowing the Claims Administrator to finalize its processing of Claimant's claim and issue payment on Claimant's May 28, 2013 Eligibility Notice will not prejudice any party to this action.

CONSIDERING THE FOREGOING, Claimant respectfully requests this Honorable Court to grant this Unopposed Motion, without hearing, and to direct the Claims Administrator to finalize its processing of Claimant's claim and issue payment on Claimant's May 28, 2013 Eligibility Notice.

**RESPECTFULLY SUBMITTED** this the 16th day of January, 2014.

/s/ Christopher D. Boutwell

RHON E. JONES (JON093)
CHRISTOPHER D. BOUTWELL (BOU016)

Attorneys for Plaintiff

OF COUNSEL:
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 (Facsimile)
rhon.jones@beasleyallen.com
chris.boutwell@beasleyallen.com

**CERTIFICATE OF SERVICE**

  I certify that I have this day served a copy of the foregoing pleading on all parties to this proceeding or their counsel, by mailing the same by United States Mail, properly addressed and first class postage prepaid, by facsimile, by hand delivery, by electronic transmission, or through the Court's electronic filing system to the following:

  This the 16th day of January, 2014.

             /s/ Christopher D. Boutwell__
             CHRISTOPHER D. BOUTWELL (BOU016)

             Attorney for Claimant Bookit.com, Inc.