UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| THIS DOCUMENT RELATES TO: | SECTION: "J" |
| *No. 2:13-cv-6730; Larry Griffin Towing, In. v. John D. Naples* | JUDGE: HON. CARL J. BARBIER MAG.: HON. SALLY SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**MAY IT PLEASE THE COURT:**

Plaintiff, Larry Griffin Towing Co., Inc. ("Larry Griffin Towing"), respectfully files this Motion to Remand this matter to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana. Defendant, John D. Naples ("Defendant") has invoked the diversity of citizenship among the parties under 28 U.S.C. § 1332 as the basis for subject matter jurisdiction supporting removal to federal court. However, Defendant has failed to sustain his burden of proving that the $75,000 amount in controversy required by 28 U.S.C. § 1332 is present in this case. Remand to state court is therefore required.

1.

This matter pertains to personal injuries allegedly sustained by plaintiff arising out of and manifesting during his service as captain of M/V JAKE RYAN, and in particular, Defendant's claims that he was exposed to crude oil and chemical dispersants from the

BP/Deepwater Horizon incident, which incident occurred on April 20, 2010 and continued through the time of Naples' employment with Larry Griffin Towing and beyond.

2.

On November 26, 2013, Larry Griffin Towing filed a *Petition for Declaratory Judgment* in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, seeking a declaration that Larry Griffin Towing does not owe Defendant maintenance and cure benefits arising out of the subject incident.

3.

Defendant removed the case to the Eastern District of Louisiana on December 18, 2013, asserting that the Court has subject matter jurisdiction pursuant to "the district courts' original jurisdiction for civil cases of admiralty or maritime jurisdiction, pursuant to 28 U.S.C. § 1333." (Rec. Doc. 1, ¶ 4). However, as this case involves issues pertaining to admiralty and/or maritime law, Larry Griffin Towing's *Petition for Declaratory Judgment*, which was filed in state court, manifestly invoked the "saving to suitors" clause contained in 28 U.S.C. 1331(a).

4.

28 U.S.C. 1331(a) permits "admiralty and maritime actions, otherwise exclusively within the jurisdiction of the federal district courts, to be brought in state courts as well." *See, e.g., Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1542 (5th Cir. 1991); *International Transport Workers Federations v. Mi-Das Line, SA*, 2012 WL 5398470 (E.D. La. 11/2/12).

5.

Removal of a state court action pending pursuant to the "saving to suitors" clause is only permissible if there is some other jurisdictional grant, such as diversity of citizenship. *See, e.g., Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219-20 (5th Cir. 2013). It is therefore clear that Defendant was required to set forth an alternate basis of federal jurisdiction to support removal.

6.

Likely cognizant of the foregoing, Defendant alleged that "[r]emoval is also sought upon the basis of diversity of citizenship, 28 U.S.C. § 1332(a)." (Rec. Doc. 1, ¶ 5). Defendant further alleged that Naples is a citizen of Florida, and Larry Griffin Towing is a citizen of Louisiana with its principal place of business in the same state. Larry Griffin Towing does not dispute the diversity of citizenship among the parties to this action.

7.

It is well-established that in order to exercise removal jurisdiction over an action removed on the basis that diversity jurisdiction exists, the Court must be satisfied that (1) there is complete diversity between the parties; and (2) the amount in controversy exceeds $75,000. *See, e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, the removing defendant must establish by a preponderance of the evidence that the jurisdictional amount is satisfied either (1) by demonstrating that it is apparent from the face of the petition that the claims are likely to exceed $ 75,000 or (2) by setting forth facts in controversy that support a finding of the requisite amount. *Id.*

8.

Clearly, it is not apparent from the face of Larry Griffin Towing's *Petition for Declaratory Judgment* that the amount in controversy in this matter exceeds $75,000. To the contrary, Larry Griffin Towing denies any and all claims brought by Defendant in this matter. It is therefore Defendant's burden to set forth facts which demonstrate that his claims are likely to exceed $75,000.

9.

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See, e.g., Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See, e.g. Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

10.

Defendant has not sustained his burden of proving that the requisite $75,000 amount in controversy has been met, nor has he attempted to do so beyond the conclusory statement that "[t]he amount in controversy exceeds $75,000." Defendant must do far more to sustain his burden. In *Heinhuis v. Wilkes*, 2002 WL 1610963 (E.D. La. 7/17/02), it was not facially apparent from the petition that the amount in controversy existed. Additionally, "defendants … made only conclusory statements in their removal that the jurisdictional

4

amount [wa]s met." *Id.* at *4. The Court therefore remanded the case to state court. *See also Doiron v. National Sec. Fire & Cas. Co.*, 2007 WL 716194 (E.D. La. 3/6/07). This Honorable Court should follow suit.

## **CONCLUSION**

For the reasons stated above, Larry Griffin Towing, Inc. respectfully requests that this Honorable Court remand this matter to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, as Defendant has failed to carry his burden of proving the requisite amount in controversy under 28 U.S.C. § 1332.

Respectfully submitted,

**LARZELERE PICOU WELLS
      SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA 70002
Telephone:  (504) 834-6500
Fax:  (504) 834-6565

**BY:    */s/ Cory T. Stuart*_____**

**T. JUSTIN SIMPSON, T.A. (No. 18347)**
      jsimpson@lpwsl.com
**CORY T. STUART (No. 33394)**
      cstuart@lpwsl.com

**ATTORNEYS FOR LARRY GRIFFIN
TOWING CO., INC.**

## CERTIFICATE OF SERVICE

I certify that, on January 17th, 2014, I have served a copy of the foregoing pleading on all counsel of record by uploading the same to LexisNexis File & Serve, in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179.

*/s/ Cory T. Stuart* _____