UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL 2179 SECTION "J" |
| Applies to: | * * | JUDGE BARBIER |
| 10-2771, 10-4536 | * | MAGISTRATE SHUSHAN |

FILED DEC 5 2013
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
WILLIAM W. BLEVINS
CLERK

# EMERGENCY MOTION OF THIRD PARTY FOR ENFORCEMENT OF LIEN

## INTRODUCTION

PATRICK M. COTTER, CPA, CFP, LLC, a pro-se interested party as a third party lien holder in the court-approved settlement agreement, respectfully requests enforcement of undisputed third party liens.

## FACTUAL BACKGROUND

1. Patrick M. Cotter, CPA, CFP®, LLC is operated from a home-office by caregiver Patrick Cotter due to the total disability of his wife, Kathryn. Patrick Cotter and his disabled wife have been forced to resort to public assistance and have received a notice of intent to foreclose on the home-office from which he operates. There is no safety-net for this small business or the owner. Patrick Cotter faces the possibility of being a homeless caregiver with a wife that cannot walk and is losing her eyesight due to MS.

2. On March 11, 2013 the Court issued an Order Approving the First Amended Procedure for the Processing by the Claims Administrator of the

TENDERED FOR FILING
DEC -5 2013
U.S. DISTRICT COURT
Eastern District of Louisiana

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No._____

Deepwater Horizon Economic and Property Damages Settlement Agreement of Third Party Claims Against Claimant Recoveries, the "CAP". Paragraph 7 (a) of the stipulated court approved procedure states: (a) If there is no dispute as to the Third Party Claim, the Claims Administrator will deduct the Third Party Claim amount from any Settlement Payment otherwise due to the affected Claimant under the Settlement Agreement and, to the extent that there are sufficient funds in the Claimant's Settlement Payment, transmit such amount to the Third Party Claimant in accordance with the payment instructions and/or applicable state and federal law. The Claims Administrator will pay the balance of the Settlement Payment to the affected Claimant according to the provisions of the Settlement Agreement and Court Orders regarding settlement implementation.

3. On September 3, 2013 the original claimant, Lewis Air Conditioning and Heating, Inc., signed the Full and Final Release, Settlement and Covenant Not to Sue.

4. The original claimant, Lewis Air Conditioning and Heating, Inc., received a full and final settlement payment from the Claims Administrator on September 30, 2013.

5. Patrick M. Cotter, CPA, CFP®, LLC holds an undisputed third party claim against the original claimant in the amount of $ 5,316.25 which was deducted by the Claims Administrator from the original claimant's settlement

payment which was paid to claimant on September 25, 2013.

6. The Claims Administrator refers to the third party claim as a lien in the payments-claims detail of their information portal for the specified claim and states the following definition on the official DEEPWATER HORIZON CLAIMS CENTER website, "A Third Party Claim is a legal right given to a Third Party Claimant, also called a creditor or lien holder, to collect payment of a debt owed to the creditor by the Settlement Program Claimant. Throughout the claims process, DHCC will receive claims and/or liens ("Third Party Claims") asserted by attorneys, creditors, governmental agencies, or other third parties ("Third Party Claimants") against the payments to be paid by the Claims Administrator to eligible claimants."

7. Patrick M. Cotter, CPA, CFP®, LLC as a third party claimant in this matter is not an economic class member in the definition of classes in the Deepwater Horizon Economic and Property Damages Settlement Agreement.

8. There are no procedures for appeal by the original claimant or a third party claimant of amounts that have been deducted from a settlement payment but remain unpaid under the Deepwater Horizon Economic and Property Damages Settlement Agreement.

9. Despite the facts that the original claim is a fully final, settled, and paid claim and that the lien holder is not an economic class member and has

further court-ordered limitations as an unauthorized representative of the claim, the Claims Administrator holds the position that the lien amount already deducted from the claim is subject to a review of the original claim following recent court orders in the Deepwater Horizon Economic and Property Damages Settlement Agreement case. The Claims Administrator in an e-mail to Patrick M. Cotter, CPA, CFP®, LLC dated October 12, 2013 states their position as follows,

> "With regards to our internal policy, there is not a conflict with the Order Approving the First Amended Procedure ("CAP"). The CAP addresses the withholding and payment of a Third Party Claim amount from a Settlement Payment but it does not dictate the order of payment.
>
> With regards to your Third Party Claim Payment, on October 2, 2013, the 5th Circuit District Court ordered the Claims Administrator to place a hold that will prevent us from issuing payments, Eligibility Notices and Denial Notices for Business Economic Loss claims that involve the issue of matching revenues and expenses.
>
> We are unable to provide a timeframe in which we will complete the process to identify the claims that involve matching of revenues and expenses, but we are working as quickly as possible to complete this process."

Patrick M. Cotter, CPA, CFP®, LLC holds that the Claims administrator's position violates the spirit of the law in regard to the settlement agreement by denying payment for services by the very parties involved in resolving the disputed issue of matching revenues. Lien holders are not economic class members and should not be required to properly match revenues and expenses of their creditors for the benefit of the defendants in the class action.

Patrick M. Cotter, CPA, CFP®, LLC holds that the Claims Administrator's position that the "CAP" "does not dictate the order of payment" violates the spirit of the law in regard to liens as held by the 5th Circuit.

The most recent report to the court by the Claims Administrator shows that there may be other businesses in the same situation with no representation or access to the records in dispute.

Patrick M. Cotter, CPA, CFP®, LLC therefore respectfully requests that the court order immediate payment of the amount due to Patrick M. Cotter, CPA, CFP®, LLC with interest as calculated below:

Results of Calculations using Principal of $5,316.25

Case Reference: MDL 2179

09/25/2013 - 12/04/2013 $ 41.36(71 days @ $0.58/daily @ 4.000%/year)

for a total of $ 41.36 in interest plus costs of $23.25 for a sum total of $ 5,380.86 and also order a change in the Claims Administrator's internal policy that presently allows the release of lien holders security interests prior to payment to lien holders and which said internal policy jeopardizes the businesses working to resolve the disputes at hand.

Dated: 12/04/13

*(signature)*

Patrick M. Cotter
Patrick M. Cotter, CPA, CFP®, LLC
2019 Arbor Drive
Clearwater, FL 33760-1993
(727) 674-2997

## CERTIFICATE OF NOTIFICATION TO CLAIMS ADMINISTRATOR

I hereby certify that I have advised the Claims Administrator by e-mail of the intended filing of this motion by sending a copy of the motion by e-mail to the Third Party Claims department [thirdpartyclaims@dhecc.com] of the Claims Administrator.

Dated: 12/04/13

Patrick M. Cotter
Patrick M. Cotter, CPA, CFP®, LLC
2019 Arbor Drive
Clearwater, FL 33760-1993
(727) 674-2997

## CERTIFICATE OF EMERGENCY

I hereby certify that the facts supporting emergency consideration of this motion are true and complete.

Dated: 12/04/13

Patrick M. Cotter
Patrick M. Cotter, CPA, CFP®, LLC
2019 Arbor Drive
Clearwater, FL 33760-1993
(727) 674-2997

USPS Express Mail Flat Rate Mailing Envelope, postage $19.95, illegible handwritten addresses.