IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by | * | MDL NO. 2179 |
| the Oil Rig "Deepwater Horizon" | * | |
| in the Gulf of Mexico, on April 20, 2010 | * | SECTION J |
| | * | |
| This document relates to: | * | |
| *Elton Johnson v. BP American Exploration* | * | Honorable CARL J. BARBIER |
| *& Production Inc.*, No. 2:13-cv-5804 | * | |
| | * | Magistrate Judge SHUSHAN |
| | * | |
| | * | |

### REPLY TO JOHNSON'S OBJECTIONS TO BP'S
### SUMMARY JUDGMENT EVIDENCE

Johnson's evidentiary objections, MDL Doc. 12121, should be rejected for numerous reasons.

*First*, Johnson has waived all four of his evidentiary objections by failing to raise them when this case was first decided in the Southern District of Texas before being transferred to this Court.  Under the Fifth Circuit's order, this case does not constitute a new action; it is merely a continuation of the case that was previously underway in the Southern District of Texas.  Rec. Doc. 52 (vacating judgment and instructing the Southern District of Texas to transfer the action to this Court).  There, BP introduced each of the exhibits of which Plaintiff now complains.  Rec. Docs. 32-4, 32-5, 32-7, 32-31, 46-1.  But Plaintiff made "no contemporaneous hearsay objection, so the issue was waived." *Jackson v. Warden La. State Penitentiary*, 2009 WL 3333233, at *8 (W.D. La. 2009).

*Second*, even if Johnson's earlier failure to object did not constitute waiver, this Court could take judicial notice of BP's earlier, identical exhibits: "it is particularly appropriate for the court to take judicial notice of its own records of prior related litigation when deciding summary

judgment motions." *Tremont LLC v. Halliburton Energy Services, Inc*., 696 F. Supp. 2d 741, 764 (S.D. Tex. 2010).

*Third*, the Court should deny Johnson's objections because they are incorrect:

**1. Ex. B (Guidepost report):** The report is not hearsay within the meaning of Fed. R. Evid. 802 for two reasons. First, it is a record of regularly conducted anti-fraud activities of the GCCF. Guidepost was the firm that the GCCF retained to perform investigations of suspicious claims. The Guidepost report is authentic and Johnson has never questioned its authenticity before Judge Hughes and does not do so now. Hence, it qualifies under the exception given in Fed. R. Evid. 803(6). (Additionally, various parts of the Guidepost Report concern Johnson's negative reputation among his fellow crewmembers on the Damon Bankston after he made the claims he did to the GCCF. This brings in the exception in Fed. R. Evid. 803(21) as well. Moreover, BP can introduce the Guidepost report to show the GCCF's state of mind in (i) issuing a final denial of Johnson's claim and (ii) for that reason refusing to send him a personal injury GCCF release form. *See* Fed. R. Evid. 803(3); *see also Timmerman v. McLaughlin*, 125 F.3d 852 (5th Cir. 1997) (out-of-court statements in affidavits are admissible as non-hearsay because defendants "point to these statements to demonstrate their state of mind in an attempt to establish the reasonableness of their subsequent investigation of [the plaintiff]"; whether tips were correct was "immaterial"); *Brauninger v. Motes*, 260 F. App'x 634, 637 (5th Cir. 2007) (report containing out-of-court statements admissible when offered not for truth of the matter asserted, but to show what employer relied on in making decision to fire employee). Additionally, Johnson does not object to the GCCF's Denial Letter (Ex. A), which summarizes the Guidepost report.

**2. Ex. C (Tidewater letter):** For the same reason that the Guidepost report is admissible for purposes other than the truth of the conclusions about Johnson committing fraud, the Tidewater letter is also admissible simply to show the information before the GCCF.  BP's position has never relied on a finding that Johnson committed fraud, only that the GCCF acted within its protocols by denying his claim in light of the material (complete and accurate or otherwise) before it.  The point is that the claims facility was correct to respond to the Tidewater letter and its own investigation by denying the claim and leaving Johnson to the judicial process, which is the proper place for testing the truthfulness of his claims.  BP's position is not that it has been definitively established that Johnson's claims have been found fabricated in a way that binds this Court but that surely there is a material dispute of fact on that issue, which goes both to BP's fraud in the inducement defense in this contract action ***and to*** BP's defense to the underlying tort claim.  Moreover, the date of the letter is crucial, as it postdates all of Tidewater's communications with BP, which Johnson has put in controversy as alleged "ratifications," a claim that cannot survive when important information (the accuracy of which can be tested later) was unknown to BP and the GCCF before the Tidewater letter was sent.

**3. Ex. I (Rules):** Johnson cites Fed R. Evid. 403 in claiming that the rules governing the claims process to which he submitted his claims are unduly prejudicial and misleading.  To the contrary, BP can hardly think of anything more relevant than the rules governing the GCCF process, the outcome of which Johnson is challenging (i.e., the denial of his claim).  This aspect of Johnson's objections reveals an abiding flaw in his argument: he fails to appreciate that his purported "contract" must be assessed against the backdrop of the GCCF process.  The Rules are relevant precisely because they (along with the Protocols to which Johnson curiously does not object) define the differences between normal settlement negotiations and the OPA-inspired

extra-judicial claims process that was established here after the White House's intervention. Finally, Johnson's reliance on Rule 403's undue prejudice provision is misplaced when the evidence is before the Court and not a jury. *Dixon v. Henderson*, 186 F. App'x 426, 429-30 (5th Cir. 2006) ("Because the trial was a bench trial, not a jury trial, the provision of Fed. R. Evid. 403 allowing for the exclusion of evidence if the probative value is outweighed by the danger of unfair prejudice had no application . . . .").

    **4. Ex. K (Mukasey and Gillers letters):**  First, Johnson mischaracterizes the Mukasey letter as related to fees alone.  The portion of the letter that is relevant to this case is the assessment of the GCCF's independence.  Former Attorney General Mukasey's and Professor Giller's independent assessments of that independence are relevant (and fatal) to Johnson's arguments in favor of unlimited agency.  Again, the standard for relevance under Rule 403 is very broad, and these documents easily satisfy it.  Regarding the hearsay allegation, this Court should take judicial notice of the letters (which are in the MDL 2179 record for prior purposes, *see* MDL Docs. 963-4 (Gillers), 912-9 (Mukasey), and which this Court has cited, *see* Order, MDL Doc. 1098, at 9) or, at the very least, consider them for the limited purpose of showing that the GCCF took seriously its independence and consulted with outside experts who told it that it was in compliance with its duty to act as an independent claims administrator operating under the rubric of OPA to the fullest possible extent.

## Conclusion

    Not only has Plaintiff waived his evidentiary objections years ago, but those objections would have been meritless even if preserved.  The Court should overrule the objections and consider all of BP's exhibits to its Motion for Summary Judgment.

Date: January 17, 2014

Of Counsel:

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
richard.godfrey@kirkland.com
andrew.langan@kirkland.com

Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeffrey.clark@kirkland.com
dominic.draye@kirkland.com

Respectfully Submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar No. 14361)
Devin C. Reid (Bar No. 32645)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 556-4128
Facsimile: (504) 556-4108
dkhaycraft@liskow.com
dcreid@liskow.com

**ATTORNEYS-IN-CHARGE FOR DEFENDANTS BP EXPLORATION & PRODUCTION INC., BP PRODUCTS NORTH AMERICA INC., AND BP CORPORATION NORTH AMERICA INC.**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on January 17, 2014, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have served this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

                                                         /s/ Don K. Haycraft