IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by | * | MDL NO. 2179 |
| the Oil Rig "Deepwater Horizon" | * | |
| in the Gulf of Mexico, on April 20, 2010 | * | SECTION J |
| | * | |
| This document relates to: | * | |
| *Elton Johnson v. BP American Exploration* | * | Honorable CARL J. BARBIER |
| *& Production Inc.*, No. 2:13-cv-5804 | * | |
| | * | Magistrate Judge SHUSHAN |
| | * | |
| | * | |

**REPLY TO JOHNSON'S RESPONSE TO BP'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff Elton Johnson raises several objections to BP's Statement of Undisputed Material Facts, MDL Doc. 11993-2.  Each of these objections is amenable to a brief response:

**1. Fact #3:**  While the documents that BP has included speak for themselves, Johnson would introduce a new exhibit of uncertain provenance to create a factual issue over what he reported to the Coast Guard.  *See* Pl's Ex. A.  As BP pointed out when Johnson sought to include this document in the Southern District of Texas, "neither BP nor Plaintiff's counsel could confirm the source of that document and no affidavit filed by Plaintiff vouches for it."  Rec. Doc. 38 at 10 n.5 (reserving all rights to challenge the authenticity of what is now Exhibit A to Plaintiff's Response to BP's Statement of Undisputed Material Facts).  At the time, counsel for BP and for Plaintiff exchanged a series of emails confirming that Plaintiff's counsel could not explain the source of the document or why it was not among the materials that the Coast Guard produced to BP.  Ex. 1.  During the months since BP first objected to this document, Plaintiff has done nothing to establish its provenance.  It is therefore inadmissible.

Even if the proffered exhibit were admissible, however, it does nothing to undermine the point for which BP has introduced the reports of Johnson's injury that accompany the Tidewater

letter, *viz* that the GCCF had before it documents suggesting that Johnson's claims were fraudulent. When this Court eventually tries Johnson's underlying tort case, Johnson will have an opportunity to present evidence that the GCCF and its hired investigators were incorrect. For the instant lawsuit concerning an alleged breach of contract, however, that question is irrelevant.

2. **Fact #8:** Johnson's rhetoric about when the GCCF process concluded is not a factual dispute at all. It is merely another avenue for pressing his legal position that the GCCF was locked into a deal when BP's time to file an appeal expired. Saying that the GCCF process ended at that time is inconsistent even with Plaintiff's own arguments, as even he maintains that the GCCF had more work to do, namely sending a release and paying almost $2.7 million. The GCCF Protocols also establish beyond dispute that the GCCF had an ongoing duty to prevent fraud. Ex. D at 11. Johnson's thinly-veiled legal argument does not create a factual dispute.

3. **Fact #9:** The only dispute here concerns the presence of the word "independent" in the following sentence: "The GCCF hired Guidepost Solutions LLC to conduct an independent investigation of Johnson's claims." Although Johnson does not present a shred of evidence to suggest that Guidepost was somehow under the GCCF's control, the exact nature of the two entities' relationship is immaterial. Thus, if the Court deems it necessary, BP will stipulate to striking the word "independent" from Fact #9.

4. **Fact #12:** Johnson's objection here is two-part. First, he asserts that the GCCF Rules apply only to economic or property damage claims. He cites nothing to support this assertion. Although the GCCF was originally created to serve as an OPA claims facility for economic and property damage claimants, it also accepted and paid personal injury claims. Because OPA does not apply to personal injury claims, use of the GCCF was not mandatory for purposes of satisfying OPA presentment; it was instead purely optional. Johnson voluntarily submitted his

2

claims to this process and cannot now claim that a second, unwritten set of rules applies to claims like his..

Johnson's second objection to Fact #12 is a dispute over text. He maintains that the Protocol does not, in fact, state that signing a release is a precondition to acceptance and thus contract formation. The document, however, speaks for itself: "Accepting a Final Payment requires the Claimant to sign a release of past and future claims." Ex. D at 7. The document does not say "[r]eceiving a Final Payment requires the Claimant to sign a release;" it says that acceptance requires signing a release.

## Conclusion

Johnson's objections should be rejected.

Date: January 17, 2014

Of Counsel:

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
richard.godfrey@kirkland.com
andrew.langan@kirkland.com

Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeffrey.clark@kirkland.com
dominic.draye@kirkland.com

Respectfully Submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar No. 14361)
Devin C. Reid (Bar No. 32645)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 556-4128
Facsimile: (504) 556-4108
dkhaycraft@liskow.com
dcreid@liskow.com

**ATTORNEYS-IN-CHARGE FOR DEFENDANTS BP EXPLORATION & PRODUCTION INC., BP PRODUCTS NORTH AMERICA INC., AND BP CORPORATION NORTH AMERICA INC.**

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 17, 2014, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have served this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Don K. Haycraft