## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing pleading was served on opposing counsel by electronic means including the CM/ECF system this 8th day of August, 2012.

/s/ Alfred J. Rufty III
ALFRED J. RUFTY III

- 2 -

SM-02-JA00284

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROMEO PAPA, LLC          *    C. A. No.: 2:11-cv-02540

                                      *

Versus                         *    Section: MVL

                                      *

NATIONAL RESPONSE CORPORATION   *    Magistrate: JCW

                                      *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF
## NRC'S MOTION FOR SUMMARY JUDGMENT

Defendant, National Response Corporation ("NRC"), respectfully submits that Romeo Papa, LLC's claim against it is facially invalid and should be dismissed by summary judgment. The simple reason: Romeo Papa, LLC seeks recovery under a contract to which it admits it was not a party and under which it had no rights.

In the Complaint, Romeo Papa itself alleges that the vessel charter contract at issue was entered into between NRC and a third-party, Adriatic Marine. See *Complaint for Damages* at §VII. ("On or about July 5, 2010, Adriatic Marine entered into a Standard Time Charter Agreement with National Response Corporation for charter for the M/V PORT EADS.") Romeo Papa's claim is to recover from NRC sums allegedly due under this charter agreement. Yet Romeo Papa has no evidence to establish that it has rights under this charter agreement. In fact, Romeo Papa does not even allege a legal theory for recovery under this contract. Nowhere in the Complaint does Romeo Papa claim that it was a party to, or had rights under, the Adriatic-NRC charter agreement.

Because Romeo Papa does not even allege, much less prove, a basis for recovering against NRC, Romeo Papa's claims should be dismissed by summary judgment. See Fed. R. Civ. P. 56.

Respectfully submitted,

HARRIS & RUFTY, LLC

/s/ Alfred J. Rufty III
ALFRED J. RUFTY III (Bar #19990)
RUFUS C. HARRIS III (Bar #6638)
CINDY G. MARTIN (Bar #25159)
JILL S. WILLHOFT (Bar #28990)
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone: (504) 525-7500
Attorneys for National Response Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing pleading was served on opposing counsel by electronic means including the CM/ECF system this 8th day of August, 2012.

/s/ Alfred J. Rufty III
ALFRED J. RUFTY III

- 2 -

SM-02-JA00286

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROMEO PAPA, LLC | * | C. A. No.: 2:11-cv-02540 |
| | * | |
| Versus | * | Section: MVL |
| | * | |
| NATIONAL RESPONSE CORPORATION | * | Magistrate: JCW |
| | * | |

*****************************************

## O R D E R

Considering the foregoing motion for summary judgement filed by defendant, National Response Corporation ("NRC", it is hereby

**ORDERED** that the motion is **GRANTED** and that all claims asserted herein by plaintiff, Romeo Papa, LLC be and hereby are dismissed with prejudice at plaintiff's sole cost.

New Orleans, Louisiana, this _____ day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

SM-02-JA00287

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROMEO PAPA, LLC | * | C. A. No.: 2:11-cv-02540 |
| | * | |
| Versus | * | Section: MVL |
| | * | |
| NATIONAL RESPONSE CORPORATION | * | Magistrate: JCW |
| | * | |

**************************************

### NRC'S STATEMENT OF UNCONTESTED MATERIAL FACTS

In support of its motion for summary judgment, defendant, National Response Corporation ("NRC"), submits that the following facts are true:

1.    Plaintiff, Romeo Papa, LLC, seeks to recover charter hire and other sums allegedly due under a vessel charter agreement that was entered into between National Response Corporation and Adriatic Marine.

2.    Romeo Papa, LLC was not a party to the charter agreement for which it seeks payment.

3.    Romeo Papa has not alleged any legal theories in its complaint that would permit it to recover under the vessel charter agreement executed between NRC and Adriatic Marine.

4.    Romeo Papa has not presented any evidence demonstrating that it has rights to recover charter-hire payments or other sums under the NRC-Adriatic charter agreement.

SM-02-JA00288

Respectfully submitted,

HARRIS & RUFTY, LLC

/s/ Alfred J. Rufty III
ALFRED J. RUFTY III (Bar #19990)
RUFUS C. HARRIS III (Bar #6638)
CINDY G. MARTIN (Bar #25159)
JILL S. WILLHOFT (Bar #28990)
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone: (504) 525-7500
Attorneys for National Response Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing pleading was served on opposing counsel by electronic means including the CM/ECF system this 8th day of August, 2012.

/s/ Alfred J. Rufty III
ALFRED J. RUFTY III

- 2 -

SM-02-JA00289

- 3 -

SM-02-JA00290

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROMEO PAPA, LLC | * | C. A. NO.: 11-2540 |
| | * | |
| VERSUS | * | Section: "S" (2) |
| | * | |
| NATIONAL RESPONSE CORPORATION | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PRE-TRIAL ORDER

1.  **Date of Pre-Trial Conference**

    October 11, 2012 at 10:30 am.

2.  **Appearance of Counsel**

    Lionel H. Sutton, III, Bar No. 20386, 935 Gravier St., Ste. 1910, New Orleans, Louisiana

    70112 - representing claimant, Romeo Papa, LLC.

    Alfred Rufty, 650 Poydras St., Ste. 2710, New Orleans, LA 70130 - representing defendant,

    NRC.

3.  **Description of Parties**

    Claimant, Romeo Papa, LLC, is the owner and operator of the offshore supply vessel, M/V

    Port Eads. Romeo Papa brings a claim for damages sustained during the charter of the Port

Eads to defendant

4.    **Jurisdiction**

This court has jurisdiction over this action pursuant to diversity and the general

maritime law. On or about July 5, 2010, Adriatic Marine, as claimant's broker, entered into

a Standard Time Charter Agreement with National Response Corporation for charter of the

M/V Port Eads.  At all times pertinent herein, the M/V Port Eads was owned and operated

by ROMEO PAPA, LLC. The maritime contract at issue stipulated that the parties submit

to the exclusive personal and subject matter jurisdiction of the United States District Court

located in New Orleans, Louisiana.

5.    **Motions Pending**

None.

6.    **Material Facts**

A.    **Claimant**

Prior to May 2010, Romeo Papa entered into a brokerage agreement with Kilgore

Marine wherein Romeo Papa appointed Kilgore Marine as its agent for obtaining charters

for supply vessels owned by Romeo Papa. The brokerage agreement specifically authorized

Kilgore Marine to sign any charter agreement as an agent of Romeo Papa. Additionally,

Romeo Papa retained the right to act on its own behalf in order to collect past due amounts

directly from any charterer.

On or about May 17, 2012, Kilgore Marine entered into a brokerage agreement with

Adriatic Marine wherein Kilgore Marine appointed Adriatic Marine as its agent for obtaining

charters for the M/V Pt. Eads. The brokerage agreement specifically authorized Adriatic

SM-02-JA00292

Marine to sign any charter agreement as an agent of Kilgore Marine. Additionally, Kilgore Marine retained the right to act on its own behalf in order to collect past due amounts directly from any charterer.

On or about July 5, 2010, Adriatic Marine entered into a Charter Agreement with defendant, NRC, specifically for the charter of the M/V Pt. Eads. That Charter Agreement required that NRC return the M/V Pt. Eads to its owner, at the end of the charter term, ready for subsequent use. The Charter Agreement further required that NRC repair any damages resulting from the charter operations.

Romeo Papa claims that the vessel was damaged by the NRC charter operations and that the vessel was not returned ready for subsequent use.

**B.**     **Defendant**

National Response Corporation is in no way liable for the damages claimed by plaintiff, Romeo Papa, LLC. Romeo Papa asserts a claim for breach of contract. But NRC had no contract with Romeo Papa.

As Romeo Papa's own Complaint indicates, NRC hired the services of the vessel PORT EADES from another entity, Adriatic Marine. Because with Romeo Papa, was not a party to the contract, NRC can not be liable to Romeo Papa in breach of contract.

Additionally, at the conclusion of the charter, Adriatic Marine signed off on a settlement with NRC and its customer (BP) under which Adriatic was compensated for all sums due under the charter, including for items of alleged damage to the

SM-02-JA00293

vessel. All rights under the charter are thus extinguished.

Even if Romeo Papa had a claim under the charter, its alleged damages are exaggerated or nonexistent. It alleges that it is entitled to cost of sanding and repainting the vessel's hull. Romeo Papa's theory is that paint on the hull failed because the vessel sat idle while under charter for a period of around five months. Because the paint is designed to self-clean as the vessel moves through the water, the lack of movement allegedly allowed barnacles to grow on the hull, necessitating sanding to remove them and repainting of the hull.

There are several problems with this damage claim. First, the state of the paint was at the inception of this charter is unknown. Romeo Papa therefore cannot show that the condition of which it complains arose during the charter period as opposed to before the charter period. Second, any degradation of the paint that may have occurred during the charter must be considered ordinary wear and tear in the service to which the vessel was devoted (serving as a stationary command post from which oil-spill clean u operations were directed). Third, cleaning algae and barnacles off the vessel's hull was at all times the responsibility of the vessel owner, Romeo Papa. The M/V PORT EADS was hired by NRC from Adriatic Marine under a time-charter agreement. Evidently, Adriatic Marine in turn had time-chartered the vessel from Romeo Papa, LLC or from another intermediate charterer, which itself time chartered the vessel from Romeo Papa . Under a time charter, the vessel is captained and

SM-02-JA00294

crewed by the vessel owner.  As the owner and operator of the vessel at all relevant times, Romeo Papa was responsible for vessel maintenance.

In short, NRC did nothing wrong, has no legal responsibility to Romeo Papa, and has been sued for alleged damages that were the responsibility of plaintiff.

7.   **Uncontested Material Facts**

A.   Romeo Papa, LLC, was, at all material times, the owner and operator of the OSV M/V Port Eads.

B.   On or about July 5, 2010, Adriatic Marine entered into a Standard Time Charter Agreement ("CHARTER") with National Response Corporation for charter of the M/V Port Eads.

C.   Pursuant to paragraph 2D of the CHARTER,  NRC agreed that any vessel fittings, gear and/or equipment lost or damaged as a result of the operations during the charter term shall be repaired or replaced by NRC at its expense.

D.   On October 27, 2010, the M/V Port Eads was inspected by Dufuor Lasky & Strauss (DLS) at the request of and for the account of NRC.  Upon inspection, DLS noted that the vessel's top coat between 9' 6" and the draft marks, ranging the full perimeter of the hull, failed, exposing the vessel's prime coating in the areas affected.

E.   Romeo Papa, LLC was not a party to the NRC-Adriatic charter contract.

8.   **Contested Issues of Fact**

1.   Whether the alleged damage rendered the M/V Port Eads unfit for service.

2.   The cause of the alleged damages to the vessel.

SM-02-JA00295

3.      Whether the term of the charter called for an on hire date of 5/14/2010 and to terminate upon redeliver of the vessel to the owner after completion of the charter term at Fourchon, Louisiana with the vessel clean, free of debris and otherwise ready for a subsequent use by owner.

4.      Whether the charter also allowed for the owner of the Port Eads to arrange or advance payment for any of the charges and expenses allocated to NRC, as agent for NRC and required NRC to promptly reimburse the owner for such charges and expenses.

5.      Whether pursuant to paragraph 2D of the charter, NRC agreed that any vessel fittings, gear and/or equipment lost or damaged as a result of the operations during the charter term shall be repaired or replaced by NRC at its expense.

6.      Whether the M/V Port Eads was inspected by Dufuor Lasky & Strauss (DLS) at the request of and for the account of NRC, and, if upon inspection, DLS noted that the vessel's top coat between 9' 6" and the draft marks, ranging the full perimeter of the hull, failed, exposing the vessel's prime coating in the areas affected.

7.      When was the M/V Port Eads returned Romeo Papa clean, free of debris and otherwise ready for a subsequent use, thereby ending the charter term.

8.      Whether or not claimant is entitled to the following special damages:

        a.      Repair costs - $42,474.00;

        b.      Fuel cost to and from shipyard for repairs - $5,040.00; and

        c.      Payment for remainder of charter term - $564,000.00.

9.      Whether the M/V PORT EADS was in any sense damaged by defendant NRC.

SM-02-JA00296

10.    The condition of the PORT EADS' paint at the inception of the charter.

11.    The cause of barnacles/marine growth on the vessel's hull.

12.    Whether the barnacles and marine growth constituted damage to the vessel.

13.    Whether Romeo Papa properly mitigated its alleged damages.

14.    The quantum of Romeo Papa's damages, if any.

15.    The useful working life of the paint remaining at the end of the charter.

9.    **Contested Issues of Law**

1.    Whether defendant is responsible for the alleged damages to plaintiff's vessel.

2.    Whether NRC has any contractual responsibility to Romeo Papa under NRC's time-charter of the M/V PORT EADS from Adriatic Marine.

3.    NRC's specifically has contractual responsibility to Romeo Papa for the alleged damage to the vessel, removing barnacles/marine growth and repainting the hull.

4.    Whether Romeo Papa properly mitigated its damages, if any.

5.    Whether marine growth constitutes damage to a vessel.

6.    Whether Romeo Papa, as the vessel owner/operator, was responsible for maintaining the hull.

7.    The quantum of Romeo Papa's damages, if any.

8.    Whether any rights or obligations under the NRC-Adriatic charter were extinguished as of compromise.

10. **Exhibits**

    **A.**    **Claimant**

    1.    Adriatic-NRC Standard time Charter

    2.    Kilgore-Adriatic Brokerage Agreement

    3.    Romeo Papa-Kilgore Brokerage Agreement

    4.    Kenelli Services Inc. - Pt. Eads Survey / File

    5.    DLS - Pt. Eads Survey / File

    6.    Thoma-Sea Marine Constructors - Damage Estimate / Invoice

    7.    Rebstock Marine - Damage Estimate / Invoice

    8.    Any exhibit necessary to rebut Defendant's expert report(s)

    9.    Any exhibit listed by any other party

    **B.**    **Defendant**

    1.    Adriatic-NRC Standard Time Charter

    2.    Kenalli Services Inc. Survey, with attachments

    3.    DLS - PORT EADES survey

    4.    Anselmi Marine Consulting report

    5.    NRC-Adriatic settlement agreement

    6.    NRC's offhire worksheets

    7.    Any exhibit listed by any other party

11. **Deposition Testimony**

    None.

12. **Charts, Graphs, Models**

SM-02-JA00298

None.

13. <u>Witnesses</u>

    <u>A.</u>    <u>Claimant - Claimant's witness list was filed in accordance with prior court orders.</u>

    1.    Robert Perez, Romeo Papa LLC, 313 Safety Rd, Houma, LA - Testimony regarding the charter agreements and damages;

    2.    Bart Haddad, Romeo Papa LLC, 313 Safety Rd, Houma, LA - Testimony regarding the charter agreements and damages;

    3.    David Kendall, National Response Corporation -  Testimony regarding the charter agreements;

    4.    Charles Faucheaux, Adriatic Marine LLC, POB 188, Raceland, LA -  Testimony regarding the charter agreements;

    5.    Andy Naquin, Kilgore Marine LLC, 1819 W. Pinhook, Lafayette, LA - Testimony regarding the charter agreements:

    6.    Michael Gilbert, Kenelli Services Inc., POB 986, Marrero, LA - Testimony regarding damages;

    7.    Norman Petticrew, Kenelli Services, Inc., POB 986 Marrero, LA - - Testimony regarding damages;

    8.    Ryan Armida, DLS, 3935 N. Causeway Blvd., Metarie, LA - - Testimony regarding damages;

    9.    Representative of Thoma-Sea Marine Constructors, POB 399, Bourg, LA - - Testimony regarding damages;

10.   Representative of Rebstock Supply, 18708 W. Main St., Galliano, LA - -

Testimony regarding damages;

11.   Any other witness identified by any other party;

12.   ·Any witness identified in responses to discovery.

**B.**   **Defendant**

1.   David Kendall, Steve Candito and/or other representative of National Response

Corporation - who will testify about the facts and circumstances of the charter, dealings with

Adriatic, and post-charter activities and settlement.

2.   Andy Naquin, Kilgore Marine LLC, 1819 W. - regarding his survey of the vessel

3.   Michael Gilbert, Kenelli Services Inc., POB 986, Marrero, LA - regarding his

survey of the vessel

4.   Norman Petticrew, Kenelli Services, Inc., POB 986, Marrero, LA - regarding his

survey of the vessel

5.   Tim Anselmi,, P.O. Box 217, Lockport, LA - who will testify as an expert regarding the

alleged damage to the vessel and the parties' responsibilities with respect thereto.

6.   Ryan Armida, DLS, 3935 N. Causeway Blvd., Metairie, LA - regarding his survey of

the vessel

7.   Any other witness identified by any other party.

**All expert reports have been exchanged.**

14.   **This Case is a Non Jury Case**

15.   **The issue of liability (will or will not) be tried separately from that of quantum.**

16.   **Other Matters**

None.

SM-02-JA00300

17. Trial Shall Commence on November 15, 2012 at 9:00 a.m.  Claimant expects this to last 2 days.

18. This Pre-Trial Order has been formulated after conference at which counsel for the respective parties have appeared in person.  Reasonable opportunity has been afforded counsel for corrections or additions, prior to signing.  Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by Order of the Court to prevent manifest and justice.

19. Possibility of settlement of this case was considered.

20. _____    _____
    LIONEL H. SUTTON, III


    _____
    ALFRED RUFTY


    _____
    UNITED STATES DISTRICT JUDGE

SM-02-JA00301

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROMEO PAPA, LLC                          CIVIL ACTION

VERSUS                                   NO: 11-2540

NATIONAL RESPONSE                        SECTION: "S"
CORPORATION

## ORDER OF DISMISSAL

The court having been advised by counsel for the parties
that all of the parties to this action have firmly agreed upon a
compromise, IT IS ORDERED that the action be and it is hereby
dismissed without prejudice to the right, upon good cause shown,
to reopen the action or to seek summary judgment enforcing the
compromise if settlement is not consummated within a reasonable
time.  Each party will bear its own costs.  The Court retains
jurisdiction for all purposes, including enforcing the settlement
agreement entered into by the parties.

If witnesses have been subpoenaed, EVERY WITNESS MUST be
notified by counsel not to appear.

New Orleans, Louisiana, this 6TH day of November, 2012.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

SM-02-JA00302

SM-02-JA00303

*O4*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/02/2011 | 1 | COMPLAINT against Cummins Mid-South, Inc. (Filing fee $ 350 receipt number 053L-3171954) filed by State National Insurance Company. (Attachments: # 1 Civil Cover Sheet)(Meeks, Sidney) (Entered: 09/02/2011) |
| 01/02/2013 | 27 | RESPONSE/MEMORANDUM in Opposition filed by Romeo Papa, LLC. re 22 MOTION for Partial Summary Judgment . (Sutton, Lionel) (Additional attachment(s) added on 1/3/2013: # 1 Statement of Contested/Uncontested Facts) (lag, ). (Entered: 01/02/2013) |
| 01/08/2013 | 37 | Witness and Exhibit List by Romeo Papa, LLC.. (Sutton, Lionel) (Entered: 01/08/2013) |
| 01/09/2013 | 40 | ORDER: In light of the recently filed 39 MOTION for Summary Judgment filed by Cummins Mid-South, L.L.C., 38 MOTION for Summary Judgment filed by Cummins Mid-South, L.L.C., Ordered that the submission date for plaintiff's 22 MOTION for Partial Summary Judgment is RESET from 1/9/2013 to 1/23/2013 as set forth in document. Signed by Judge Ivan L.R. Lemelle.(ijg, ) (Entered: 01/09/2013) |
| 03/06/2013 | 58 | JUDGMENT entered in favor of State National Insurance Company against Romeo Papa, LLC.. Signed by Judge Ivan L.R. Lemelle on 3/4/2013.(ijg, ) (Entered: 03/06/2013) |
| 03/26/2013 | 60 | NOTICE OF APPEAL by Romeo Papa, LLC. re 58 Judgment. (Filing fee $ 455, receipt number 053L-3878570.) (Sutton, Lionel) Modified on 3/27/2013 (lag, ). (Entered: 03/26/2013) |
| 03/28/2013 | 61 | NOTICE OF APPEAL by State National Insurance Company as to 58 Judgment. (Filing fee $ 455, receipt number 053L-3882609.) (Meeks, Sidney) (Entered: 03/28/2013) |
| 04/01/2013 | 62 | Bill of Costs Taxed in amount of $553.00. Signed by Clerk (lag, ) (Entered: 04/01/2013) |
| 04/22/2013 | 63 | Appeal Record on Loan to Lionel Howard Sutton, III re 60 Notice of Appeal, 61 Notice of Appeal - 2 Volumes of Original Record,. (lag, ) (Entered: 04/23/2013) |



SM-02-JA00304

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STATE NATIONAL INSURANCE COMPANY** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION** "  " (Judge ) |
| **CUMMINS MID-SOUTH, INC;** | **MAGISTRATE (   )** |

**************************************************************************

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff/Subrogee, State National Insurance Company [SNIC], which respectfully represents as follows:

1.

SNIC brings this action pursuant to the General Maritime Law of the United States of America, and 46 U.S.C. § 30106.

2.

This is a claim arising under the principles of admiralty and maritime law, therefore it falls under the jurisdiction of this Honorable Court.

3.

SNIC is a foreign insurer authorized to do, and doing business in, the Parish of Jefferson, State of Louisiana, and within the jurisdiction of this Honorable Court.

4.

Made defendant herein is Cummins Mid-South, Inc. [Cummins], a foreign company authorized to do, and doing business in, the Parish of Jefferson, State of Louisiana, and within the jurisdiction of this Honorable Court.

5.

On or about April 21, 2008, SNIC issued a Hull & Machinery/Protection and Indemnity Policy to Romeo Papa, LLC [Romeo], policy number TUV220592-00 [the Policy], naming M/V PORT EADS, as a scheduled vessel under the Policy.

6.

At all times pertinent M/V PORT EADS was and is owned by Romeo.

7.

On or about September 4, 2008, M/V PORT EADS began having mechanical problems with its main engine, at which time Romeo contracted with Cummins to make repairs to the main engine of M/V PORT EADS, engine model No. KTA38-M2 (1400) serial number 25318361, 12 cylinder Cummins diesel.

8.

During the time period when the engine repairs were being made by Cummins, M/V PORT EADS was placed in the custody of Cummins.

9.

The mechanical problems to the main engine of M/V PORT EADS were a covered loss under the Policy.

10.

The repairs to the engine of the M/V PORT EADS were allegedly completed by Cummins on September 7, 2008.

11.

M/V PORT EADS was subsequently returned to the custody of Romeo.

12.

On or about September 7, 2008, approximately four (4) hours after the alleged repairs to the engine of M/V PORT EADS were completed and M/V PORT EADS was returned to the custody of Romeo, the main engine of M/V PORT EADS began to again experience mechanical problems, or otherwise ceased working.

13.

The failure of the main engine on M/V PORT EADS on September 7, 2008 was caused by the breech of warranty of workman, like performance, and/or the negligence, fault, or want of care of Cummins, in the following, non-exclusive list of particulars:

a.  Failing to properly diagnose the mechanical problem with the main engine of M/V PORT EADS;

b.  Failing to properly repair the mechanical problem with the main engine of M/V PORT EADS;

c.  Failure to maintain the equipment and/or technology needed to properly diagnose and implement necessary repairs to the main engine of M/V PORT EADS;

d.  Negligently causing or effectuating repairs to be made to the main engine of M/V PORT EADS;

e.  Negligently diagnosing the mechanical problem with the main engine of M/V PORT EADS;

f.  Breaching its contract with Romeo to properly diagnose and repair the main engine of M/V PORT EADS;

g.  And in other respects to be established at the trial of this matter.

14.

Despite the fact Cummins did not properly repair the main engine of M/V PORT EADS, Cummins issued invoices in the total amount of $199,023.56 to Romeo for the cost of the alleged repairs to M/V PORT EADS and associated wharfage fees.

SM-02-JA00308

15.

Pursuant to the terms of the Policy, after a $50,000.00 deductible was applied, the remaining balance on the Cummins account was $149,023.56.

16.

Payment was subsequently issued to Cummins, by SNIC, on behalf of Romeo, in the amount of $149,023.56.

17.

SNIC, as Subrogee of its insured, Romeo, requests this Honorable Court enter judgment against Cummins, awarding SNIC damages in the full amount of the $149,023.56 it paid to Cummins, on behalf of Romeo, plus all other costs associated with bringing M/V PORT EADS back into service, surveyor fees, attorney fees, court costs, and interest accrued thus far.

WHEREFORE, the Plaintiff, SNIC, as Subrogee in interest of Romeo, prays Defendant, Cummins be served with a copy of this Complaint, that after due proceeding had, Cummins be held liable for the full amount SNIC paid on behalf of its insured, Romeo, and that there be judgment herein and against Cummins, and in favor of SNIC, in the amount of $149,023.56 plus all the costs associated with bringing the M/V PORT EADS back into service, applicable surveyor fees, attorney fees, courts costs, and interest, and any other amounts to be determined by this Honorable Court from the date of judicial demand until paid, and for all other general and equitable relief to which SNIC may be entitled.

SM-02-JA00309

Respectfully submitted,

Meeks & Associates, LLC

_s/S. Daniel Meeks_____
S. Daniel Meeks (#9407)
Shannon S. Sale (#30080)
3401 W. Esplanade Ave. S.
Suite 3
Metairie, Louisiana  70002
Telephone:  504/355-0020
*Attorneys for State National
Insurance Company*

**SERVICE TO BE COMPLETED BY WAIVER**

**SERVICE INFORMATION:**

**CUMMINS MID-SOUTH, INC.**
C/O W. L. WELLS
110 E. AIRLINE HWY.
KENNER, LA 70062

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2011 a copy of the
foregoing was filed electronically with the Clerk of Court using the CM/ECF
system.  Notice of this filing will be sent to all counsel of record, by operation of
the court's electronic filing system and/or facsimile and/or U.S. Mail, postage
prepaid.

_s/S. Daniel Meeks_____

SM-02-JA00310

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
...TE NATIONAL INSURANCE COMPANY

### DEFENDANTS
CUMMINS MID-SOUTH, INC.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   JEFFERSON
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
S. DANIEL MEEKS, MEEKS & ASSOCIATES, LLC, 3401 W. ESPLANADE AVE. S., SUITE 3, METAIRIE, LA 70002, 504-355-0020

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       (U.S. Government Not a Party)

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
GENERAL MARITIME LAW; 46 USC 30106
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**SM-02-JA00311**

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.       **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

         **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

         **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.       **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI.      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:        U.S. Civil Statute: 47 USC 553
                                                 Brief Description: Unauthorized reception of cable service

VII.     **Requested in Complaint.   Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**SM-02-JA00312**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY | CIVIL ACTION NO. 2:11-cv-02207 |
| versus | SECTION    B |
| CUMMINS MID-SOUTH, INC. | MAGISTRATE    ( 3 ) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Plaintiff, ROMEO PAPA, LLC (ROMEO PAPA), submits the instant Memorandum in Opposition to the Motion for Partial Summary Judgment of STATE NATIONAL INSURANCE COMPANY (SNIC).

### BACKGROUND FACTS

The M/V Pt. Eads is a 165' supply vessel owned and operated by Romeo Papa.

On or about September 1, 2008, one of the main engines on the Pt. Eads failed due to water intrusion from Hurricane Gustav. Cummins Mid-South, Inc. (Cummins) was contacted and attempted repair. When the first attempt at repair failed, Cummins replaced the engine. The total cost for the attempted repair, replacement and associated shipyard charges was $199,236. A claim for that

SM-02-JA00313

amount was presented by Romeo Papa to its insurer, SNIC. SNIC paid the claim to Romeo Papa, less a $50,000 deductible, on or about June 5, 2009.

Subsequent to paying the claim, SNIC brought suit against Cummins alleging faulty repair. Cummins answered that SNIC's subrogation rights were extinguished by a previous settlement of the claim between Cummins and Romeo Papa. SNIC, in an apparent blanket acceptance of Cummins' assertions, now seeks full recovery from Romeo Papa in the instant Motion for Partial Summary Judgment.

Romeo Papa opposes this motion on grounds that there was no settlement of any dispute as to the cause of the engine failure between Romeo Papa and Cummins, that any "settlement" that may have occurred was a resolution of an open account between Cummins and Romeo Papa and had no bearing on the dispute between SNIC and Cummins, and that SNIC has failed to show that it has been damaged by any alleged "settlement". Accordingly, Romeo Papa respectfully submits that SNIC's motion is not supported by facts in the record or the applicable law and summary judgment should be denied.

<u>LAW AND ARGUMENT</u>

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a). Only then does the burden shift to the non moving party to set forth specific facts showing the existence of a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

FRCP 56(c)(1) requires that a party asserting a fact must support the assertion by "citing to particular parts of materials in the record.....". FRCP 56(c)(2) allows that even when material in support of a fact is cited, an opposing party may object that the cited material cannot be presented

in a form that would be admissible in evidence.

At the outset, Romeo Papa objects to SNIC's entire Statement of Uncontested Material Facts as not being in compliance with FRCP56(c)(1). SNIC fails to cite any material in the record to support any of its alleged undisputed facts. While some of the basic facts may be found in the initial pleadings, the "material" facts are not facts at all, but are simply mover's opinions.  Furthermore, without the citations required by FRCP 56(c)(1), Romeo Papa cannot exercise its right under 56(c)(2) to object that the cited material would be inadmissible.

SNIC has attached a number of exhibits to its motion. However, those exhibits are not in the record. More importantly, Exhibits 6,8 & 9, which SNIC concludes are evidence of a "settlement", are incomplete emails that are not admissible. Romeo Papa respectfully submits that once the parties to those emails testify, a completely different conclusion will be reached.

SNIC's entire motion is based upon the assertion that Romeo Papa settled the dispute over the cause of the engine failure with Cummins to the detriment of SNIC's subrogation rights. SNIC admits that there was no release. Instead, they argue that there was an accord and satisfaction.  As stated above, SNIC cites no material in the record to support that assertion. Instead, they attempt to use inadmissible, unilateral emails out of context.

To reach an accord and satisfaction, there must be a disputed claim, a tender of a certain amount in settlement of that claim and an acceptance. Henriques v. Vaccaro, 220 LA 216, 56 So.2d 236 (LA 1951). LSA-CC Article 3071 further requires that the agreement be in writing. In the instant case, there is nothing in the record to show that there was a disputed claim between Romeo Papa and Cummins. SNIC has not presented any evidence that Romeo Papa had any argument at all with the repairs and engine replacement performed by Cummins. Without a disputed claim, there cannot be

a "settlement".

At best, the emails attached to mover's motion, which respondent continues to maintain are inadmissible, suggest that the dispute and settlement, if any, was related to Romeo Papa's inability to pay on an open account. Mover's Exhibit 9, an email from Cummins to Romeo Papa, specifically states: "Currently there is $180,504.14 outstanding on your account. **Not all related to the Port Eads failure. To settle your account in full a payment of $110,555.14 is required."** (Emphasis added) Although the email did have an attachment named "Romeo Papa settlement.xls", that attachment must be read in conjunction with the email to which it was attached as a settlement of "your account". There is no mention of a settlement of any dispute regarding a faulty engine repair. Given the opportunity, the recipient of the email will testify that he understood that Cummins was simply discounting a number of invoices in an effort to get Romeo Papa's account paid.

Likewise, mover's Exhibit 8 contains no evidence of a "settlement" or "accord and satisfaction". The portion of the email quoted by mover was not even addressed to Romeo Papa. That email was between two Cummins employees and only included in an email forwarded to Romeo Papa because it had reports on the engine failure attached to it. Footnote 8 of mover's memorandum identifying Exhibit 8 is misleading. The email from Joe Gregory to Robert Perez was a request that Perez review the attached reports in preparation for a meeting to discuss engine and gear pricing. The portion quoted by mover was an email addressed to Joe Gregory from Richard Gele and not even mentioned in the email to Perez.

The only issue material to this summary judgment is whether or not "Romeo Papa settled the claims of Romeo against Cummins for the negligent repair of the Original Engine for $69,949.00, leaving no claim for SNIC to pursue by way of subrogation." (SNIC Memorandum in Support of

Partial Summary Judgment, p.5). That issue remains very much in dispute. SNIC cannot cite to any

material in the record as evidence that Romeo Papa even claimed that Cummins negligently repaired

the original engine. They cannot cite to any material in the record as evidence of any dispute between

Romeo Papa and Cummins other than Romeo Papa's inability to pay an open account in full. At best,

SNIC's inadmissible evidence shows that Cummins discounted some invoices so that Romeo Papa

could "settle" an open account that was "not all related to the Port Eads failure". (SNIC Exhibit 9).

Without a dispute, there can be no accord and satisfaction. Henriques v. Vaccaro, supra.
Accordingly, Summary Judgment should be denied.

Alternatively, and only in the event that this Court finds that a settlement of Romeo Papa's

alleged claims against Cummins did occur, Romeo Papa respectfully submits that SNIC has failed

to show that it has been damaged.

In its Original Complaint for Damages against Cummins, SNIC alleged that the failure of the

main engine was caused by the fault of Cummins. As damages, SNIC sought recovery of all amounts

associated with bringing the Port Eads back into service. Essential to SNIC recovery is their ability

to prove Cummins' fault.

By accepting Cummins' self serving assertion that Romeo Papa settled the fault claim, and

suing its own insured, SNIC is attempting to avoid its burden of proving that Cummins was at fault

for the original engine failure. If SNIC is successful in this motion for summary damages, it will

collect the full amount paid on the claim without any proof of third party fault. Accordingly, Romeo

Papa respectfully submits that if this Court does find that a relevant settlement did occur, the issue

of damages remains in dispute and should be tried.

## CONCLUSION

There is no evidence in the record that Romeo Papa settled any claims against Cummins for the negligent repair of the original engine of the Port Eads. There is no evidence in the record that SNIC suffered any damages as a result of the alleged settlement. Accordingly, Summary Judgment should be denied as a matter of law.

Respectfully submitted,

SUTTON & REITANO

935 Gravier St., Ste. 1910
New Orleans, LA 70112
Ph. (504) 592-3230
Fx. (504) 585-1789

By: _____
Lionel H. Sutton, III
Bar No. 20386

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded to all counsel of record by electronic means, including the CM/ECF system.

NEW ORLEANS, LOUISIANA this 2-nd day of December, 2012.
January, 2013

_____
LIONEL H. SUTTON, III

SM-02-JA00318

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY | CIVIL ACTION NO. 2:11-cv-02207 |
| versus | SECTION   B |
| CUMMINS MID-SOUTH, INC. | MAGISTRATE   (3) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ROMEO PAPA'S STATEMENT OF MATERIAL ISSUES OF FACT

Claimant, ROMEO PAPA, LLC, respectfully submits the following statement of material issues of fact:

1.     Whether or not Cummins and Romeo Papa were involved in a dispute regarding whether Cummins damaged the Original Engine through substandard repairs.

2.     Whether or not there was a dispute between Romeo Papa and Cummins as to the cause of the engine failure.

3.     Whether or not there was a dispute between Romeo Papa and Cummins as to the sufficiency of the Cummins' repairs.

4.     Whether or not Cummins offered to settle Romeo Papa's open account in full.

5.     The cause of the damage to the engine of the Port Eads.

SM-02-JA00319

6.    Whether or not SNIC advised Romeo Papa that SNIC contested the sufficiency of the
      Cummins' repairs.

7.    Whether or not Romeo Papa was aware that SNIC disputed Cummins' right to collect on its
      invoices.

8.    What "matter" did Romeo Papa and Cummins intend to settle through the payment of
      $110,555.14.

                                        Respectfully submitted,

                                        **SUTTON & REITANO**
                                        935 Gravier St., Ste. 1910
                                        New Orleans, LA 70112
                                        Ph. (504) 592-3230
                                        Fx. (504) 585-1789

                                        By: _____
                                             Lionel H. Sutton, III
                                             Bar No. 20386


**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded to all

counsel of record by electronic means, including the CM/ECF system.

      NEW ORLEANS, LOUISIANA this 2nd day of January, 2013.


                                        _____
                                        LIONEL H. SUTTON, III

**SM-02-JA00320**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY | CIVIL ACTION NO. 2:11-cv-02207 |
| versus | SECTION    B |
| CUMMINS MID-SOUTH, INC. | MAGISTRATE    ( 3 ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WITNESS AND EXHIBIT LIST

NOW INTO COURT, through undersigned counsel, comes defendant, ROMEO PAPA, who submits the instant Witness and Exhibit List:

WITNESS LIST

1. Robert Perez, Romeo Papa LLC, 313 Safety Rd, Houma, LA;

2. Bart Haddad, Romeo Papa LLC, 313 Safety Rd, Houma, LA;

3. William Sherar, Sherar Innsurance Agency;

4. Any other witness listed or called by any other party;

5. Any witness identified in responses to discovery;

6. Any witness necessary to rebut Plaintiff's expert report(s).

EXHIBIT LIST

1. Any exhibit necessary to rebut Plaintiff's expert report(s);

2. Any exhibit listed by any other party.

SM-02-JA00321

Respectfully Submitted,

SUTTON LAW FIRM

_s/ Lionel H. Sutton, III_

Lionel H. Sutton, III    Bar No. 20386
935 Gravier St., Ste. 1910
New Orleans, LA 70112
Ph.  (504) 592-3230
Fx.  (504) 585-1789

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 8th day of January, 2013, filed a copy of the foregoing

electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent

out to all counsel using the court electronic filing system.

_s/ Lionel H. Sutton, III_

SM-02-JA00322

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STATE NAT'L. INS. CO.                    CIVIL ACTION

VERSUS                                    NO. 11-2207

CUMMINS MID-SOUTH, L.L.C., ET AL.        SECTION "B"(3)

ORDER

In light of the recently filed Motions for Summary Judgment, set for submission on January 23, 2013 (Rec. Docs. No. 38 & 39),

IT IS ORDERED that the submission date for the Plaintiff's previously pending Motion for Partial Summary Judgment in the above-captioned matter (Rec. Doc. No. 22), is RESET from January 9, 2013 to January 23, 2013, so that the Court may address all of the motions at once. All three motions raise similar issues involving subrogation rights of the Plaintiff. No further briefing is required on Plaintiff's Motion for Partial Summary Judgment. (Rec. Doc. No. 22). Oppositions to the most recent Motions, (Rec. Docs. No. 38 & 39) are due January 15, 2013 and leave is granted to file a reply in support of the Motions, due no later than January 18, 2013.

New Orleans, Louisiana, this 9th day of January, 2013.

UNITED STATES DISTRICT JUDGE

SM-02-JA00323

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STATE NAT'L. INS. CO.                    CIVIL ACTION

VERSUS                                   NO. 11-2207

CUMMINS MID-SOUTH, L.L.C., ET AL.        SECTION "B"(3)

## JUDGMENT

IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of Plaintiff State National Insurance Company against Defendant Romeo Papa, LLC in the amount of $152,072.99[1] in accordance with the Court's granting of Plaintiff's Motion for Partial Summary Judgment. (Rec. Doc. No. 57).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of Defendant Cummins Mid-South, LLC against Plaintiff State National Insurance Company in accordance with the Court's granting of Defendant Cummins Mid-South, LLC's Motion for Summary Judgment. (Rec. Doc. No. 57).

New Orleans, Louisiana this 4th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Representing judgment principal in the amount of $149,236.00 and $2,836.99 in pre-judgment interest calculated under the Federal rates. 28 U.S.C. §1961(a)

SM-02-JA00324

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY | CIVIL ACTION NO. 2:11-cv-02207 |
| versus | SECTION   B |
| CUMMINS MID-SOUTH, INC., ET Al | MAGISTRATE   ( 3 ) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF APPEAL

Notice is hereby given that Romeo Papa LLC, Defendant in the above captioned matter, hereby appeals to the United States Court of Appeals for the 5th Circuit from the Final Judgment in favor of State National Insurance Company and against Romeo Papa LLC entered in this action on March 4, 2013.

Respectfully Submitted,

Lionel H. Sutton, III
SUTTON LAW FIRM
935 Gravier Street, Ste. 1910
New Orleans, LA 70112
(504) 586-8899

By:    s/Lionel H. Sutton, III
LIONEL H. SUTTON, III
Bar No. 20386

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 26th day of March, 2013, filed a copy of the foregoing electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent out to all counsel using the court electronic filing system.

s/Lionel H. Sutton, III

**SM-02-JA00325**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY | CIVIL ACTION NO. 11-2207 |
| VERSUS | SECTION "B" |
| CUMMINS MID-SOUTH, INC; | MAGISTRATE ( 3 ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF APPEAL

On March 26, 2013, Romeo Papa, LLC [Romeo] filed a Notice of Appeal regarding this Court's March 4, 2013 Judgment in favor of State National Insurance Company [SNIC] against Romeo filed of record on March 6, 2013 (Rec. Doc. 58). In an abundance of caution, Notice is hereby given that SNIC, Plaintiff in the above-captioned matter, hereby Appeals to the United States Court of Appeals for the Fifth Circuit from that portion of the Final Judgment in favor of Defendant Cummins Mid-South, LLC [Cummins] and against SNIC entered in this action on March 4, 2013 and filed of record on March 6, 2013 (Rec. Doc. 58). The underlying facts supporting the final judgments in favor of SNIC and in favor of Cummins are so intertwined that should the Court of Appeals reverse the Judgment in favor of SNIC, it is respectfully submitted the Court should likewise reverse the Judgment in favor of Cummins.

AO 133   (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

State National Insurance Co. )
)
v. )   Case No.: 11-2207
Cummins Mid-South, LLC )
)

## BILL OF COSTS

Judgment having been entered in the above entitled action on __03/04/2013__ against __Romeo Papa, LLC__ ,
                                                             Date
the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk ................................................................... | $        350.00 |
| Fees for service of summons and subpoena ........................................... |          203.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | |
| Fees and disbursements for printing ................................................. | |
| Fees for witnesses *(itemize on page two)* ............................................ |            0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. .......................... | |
| Docket fees under 28 U.S.C. 1923 .................................................. | |
| Costs as shown on Mandate of Court of Appeals ...................................... | |
| Compensation of court-appointed experts ............................................ | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | |
| Other costs *(please itemize)* ....................................................... | |
| TOTAL | $        553.00 |

*SPECIAL NOTE:*  Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

☑ Electronic service          ☐ First class mail, postage prepaid

☐ Other:

s/ Attorney:   S/Laurence R. DeBuys, IV

Name of Attorney: Laurence R. DeBuys, S. Daniel Meeks

For:            State National Insurance Company                    Date:        03/12/2013
                *Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of $ 553.00                                     and included in the judgment.

_____  By: _____       4/1/13
      Clerk of Court                           Deputy Clerk                    Date

SM-02-JA00327

COURT RECORD LOAN FORM
U.S. DISTRICT COURT
*This portion remains with Court Records*

No. _A -2207 -B_   Short Title _State National v Cummins_   Date _4-17-13_

To: Name _Lionel Sutton III_

Address _935 Granview ST_

_Ste 1910_

City _New Orleans_ State _LA_ Zip _70112_

Documents Enclosed:
- ☑ Record Vols: _2_
- ☐ Transcripts _
- ☐ Exhibits ☐ Env. _
- ☐ Box: ☐ _
- ☐ Supp. Record Vols. _
- ☐ Second Supp. Record Vols _

**KEEP EXHIBITS IN ORIGINAL BOXES

Complete the area below and return this form along with the documents to 5th Circuit.

Attorney Return :
Send Record with Brief of Appellee to 5th Circuit

TO: CLERK, 5TH CIRCUIT

- ☐ Record Vols. _
- ☐ Supp. Record Vols. _
- ☐ Exhibits ☐ _

Records listed above are returned to Clerk.

ATTORNEY NAME _
DATE _

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   APR 2 2 2013

LORETTA G. WHYTE
CLERK

---

Clerk's Receipt: To be completed by 5th Circuit Clerk's Office and forwarded to person in previous section

No. _____ Short Title _____

EASTERN DISTRICT OF LOUISIANA

- ☐ Record Vols. _
- ☐ Supp. Record Vols. _
- ☐ Exhibits ☐ _

Records listed above have been received by Clerk

NAME _
DATE _

---

Attorney Forwarding Receipt:
If documents are forwarded to another person, complete the section below, detach and return it to: District Court Clerk's Office.

No. _____ Short Title _____

TO: CLERK, U.S. DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

- ☐ Record Vols. _
- ☐ Supp. Record Vols. _
- ☐ Exhibits ☐ _

Records listed above have been forwarded to:

ATTORNEY NAME _
ADDRESS _
CITY, STATE, ZIP _
SIGNED _
DATE _

---

Attorney Receipt: The area below is to be completed by Original Recipient.
Upon receipt of documents, detach this portion and forward it to District Court Clerk's Office.

No. _____ Short Title _____

TO: CLERK, U.S. DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

- _ Fee _
- _ Process _
- X Dktd _
- _ CtRmDep _
- _ Doc. No. _

- ☐ Record Vols. _
- ☐ Supp. Record Vols. _
- ☐ Exhibits ☐ _

Case records listed above received by:

JUDGE/ATTY NAME _
DATE _

**SM-02-JA00328**

Page 2 of 2

04A

| 04/17/2013 | APPEARANCE FORM FILED by Attorney Loretta Gallaher Mince for Appellant Cross-Appellee Cummins Mid-South, L.L.C. in 13-30303 [13-30303] (SBS) |
| 04/23/2013 | APPEARANCE FORM FILED by Attorney Sidney Daniel Meeks for Appellee Cross-Appellant State National Insurance Company in 13-30303 [13-30303] (SBS) |
| 04/23/2013 | APPEARANCE FORM FILED by Attorney(s) Laurence Richard DeBuys IV for party(s) Appellee Cross-Appellant State National Insurance Company, in case 13-30303 [13-30303] (SBS) |
| 05/15/2013 | Attorney Douglas Harville added as counsel of record for Appellant Romeo Papa, L.L.C. in 13-30303 [13-30303] (AGL) |
| 05/15/2013 | PHONE EXTENSION CONFIRMED for Appellant Romeo Papa, L.L.C.. Extension granted to and including 06/14/2013. A/Pet's Brief deadline updated to 06/14/2013 for Appellant Romeo Papa, L.L.C. [13-30303] (AGL) |
| 06/14/2013 | APPELLANT'S BRIEF FILED by Romeo Papa, L.L.C.. Date of service: 06/14/2013 via email - Attorney for Appellants: Harville, Sutton; Attorney for Appellant Cross-Appellee: Mince; Attorney for Appellees Cross-Appellants: DeBuys, Meeks; US mail - Attorney for Appellee Cross-Appellant: Sale [13-30303] REVIEWED AND/OR EDITED. # of Copies Provided: 0 A/Pet's Brief deadline satisfied. XA/Pet's Brief due on 07/17/2013 for Appellee Cross-Appellant State National Insurance Company.. Paper Copies of Brief due on 06/24/2013 for Appellant Romeo Papa, L.L.C.. [13-30303] (Douglas Lee Harville ) |
| 06/14/2013 | RECORD EXCERPTS FILED by Appellant Romeo Papa, L.L.C.. Date of service: 06/14/2013 via email - Attorney for Appellants: Harville, Sutton; Attorney for Appellant Cross-Appellee: Mince; Attorney for Appellees Cross-Appellants: DeBuys, Meeks; US mail - Attorney for Appellee Cross-Appellant: Sale [13-30303] REVIEWED AND/OR EDITED. # of Copies Provided: 0 Paper Copies of Record Excerpts due on 06/24/2013 for Appellant Romeo Papa, L.L.C.. [13-30303] (Douglas Lee Harville ) |
| 06/14/2013 | APPEARANCE FORM FILED by Attorney Douglas Lee Harville for Appellant Romeo Papa, L.L.C. in 13-30303. [13-30303] (SEP) |
| 06/26/2013 | Paper copies of appellant brief filed by Appellant Romeo Papa, L.L.C. in 13-30303 received. Paper copies match electronic version of document? Yes # of Copies Provided: 7. Paper Copies of Brief due deadline satisfied. [13-30303] (SBS) |
| 06/26/2013 | Paper copies of record excerpts filed by Appellant Romeo Papa, L.L.C. in 13-30303 received. Paper copies match electronic version of document? Yes # of Copies Provided: 4. Paper Copies of Record Excerpts due deadline satisfied. [13-30303] (SBS) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 5th Circuit - Appellate - 06/28/2013 08:34:47 | | |
| PACER Login: | bp0728 | Client Code: | 140047.10090tblankenship |
| Description: | Case Summary | Search Criteria: | 13-30303 |
| Billable Pages: | 1 | Cost: | 0.10 |



EXHIBIT
S-4A

**SM-02-JA00329**

DG Claimant Details



**DEEPWATER HORIZON**
CLAIMS CENTER
ECONOMIC & PROPERTY DAMAGE CLAIMS

*O4C*

| Home |
| Results Search |
| Law Firm Search |
| Reporting |
| Change Password / Email |
| Log Off |

**Claimant Details**

<< Back

### Claimant Information

Claimant ID: 100158584
GCCF Claimant ID:
Taxpayer Type: Business
SSN/EIN: *****7258
Represented By: Pro Se
Portal User: Yes

Name: Haddad, Bari
Business: Romeo Papa LLC
Address: 313 Safety Rd.
Houma LA 70363
Preferred Language: English

View Documents | Global Notes | Data Capture Summary | Claimant Review History
Payments | Holds & Metrics

### Claimant Activity

| Status | Event Date | Response Deadline | Notice | Events/Notices |
|---|---|---|---|---|
| Claimant Review Steps | 12/19/2012 | | | Events / Notices |

### Claim Activity

| Claim ID | Claim Type | Details | Status | Status Date | Response Deadline | Notice | Events/Notices | Current/Last Review |
|---|---|---|---|---|---|---|---|---|
| 117734 | Business Economic Loss | Romeo Papa LLC ,313 Safety Rd. , ,Houma ,LA | Claim Identified for Moratoria Loss Review | 3/7/2013 8:23:47 PM | | | Events / Notices | View |

*Active Claim*



*TAR 11*

**SM-02-JA00330**

DU Claimant Details



**DEEPWATER HORIZON**
# CLAIMS CENTER
ECONOMIC & PROPERTY DAMAGE CLAIMS

| Home |
| Results Search |
| Law Firm Search |
| Reporting |
| Change Password / Email |
| Log Off |

## Claimant Details

[ << Back ]

### Claimant Information

| | |
|---|---|
| Claimant ID: 100158584 | Name: Haddad, Bart |
| GCCF Claimant ID: | Business: Romeo Papa LLC |
| Taxpayer Type: Business | Address: 313 Safety Rd. |
| SSN/EIN: *****7258 | Houma LA 70363 |
| Represented By: Pro Se | Preferred Language: English |
| Portal User: Yes | |

[ View Documents ] [ Global Notes ] [ Data Capture Summary ] [ Claimant Review History ]
[ Payments ] [ Holds & Metrics ]

### View Documents

Filter Documents likely associated with [ ALL ▼ ]       ☐ Show Excel Files only

| Doc ID | Document Type | Create Date | Page From | Page To | Doc File ID | |
|---|---|---|---|---|---|---|
| 7043349 | Registration Form | 12/13/2012 | 1 | | 17439160 | View |
| 7148277 | 2007 Federal Partnership, Form 1065 (Not Claimant) | 12/18/2012 | 1 | 10 | 17463209 | View |
| 7148753 | 2007 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 7 | 7 | 17463209 | View |
| 7148951 | 2007 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 8 | 8 | 17463209 | View |
| 7148390 | 2007 Federal Partnership, Form 1065 | 12/18/2012 | 1 | 12 | 17463245 | View |
| 7149135 | 2007 Federal Partnership, Form 1065, Schedule K-1 | 12/18/2012 | 8 | 8 | 17463245 | View |
| 7149155 | 2007 Federal Partnership, Form 1065, Schedule K-1 | 12/18/2012 | 9 | 9 | 17463245 | View |
| 7150110 | 2007 Federal Partnership, Form 1065 (Not Claimant) | 12/18/2012 | 1 | 10 | 17463716 | View |
| 7151816 | 2007 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 7 | 7 | 17463716 | View |
| 7151838 | 2007 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 8 | 8 | 17463716 | View |
| 7150202 | 2007 Federal Partnership, Form 1065 (Not Claimant) | 12/18/2012 | 1 | 10 | 17463749 | View |
| 7151928 | 2007 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 7 | 7 | 17463749 | View |
| 7151946 | 2007 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 8 | 8 | 17463749 | View |
| 7150260 | 2007 Federal Partnership, Form 1065 (Not Claimant) | 12/18/2012 | 1 | 10 | 17463769 | View |
| 7153098 | 2007 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 7 | 7 | 17463769 | View |
| 7152123 | 2007 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 8 | 8 | 17463769 | View |
| 7150323 | 2008 Federal Partnership, Form 1065 (Not Claimant) | 12/18/2012 | 1 | 13 | 17463785 | View |
| 7152235 | 2008 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 8 | 9 | 17463785 | View |
| 7152293 | 2008 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 10 | 11 | 17463785 | View |
| 7150389 | 2008 Federal Partnership, Form 1065 | 12/18/2012 | 1 | 13 | 17463804 | View |
| 7152446 | 2008 Federal Partnership, Form 1065, Schedule K-1 | 12/18/2012 | 9 | 9 | 17463804 | View |
| 7152474 | 2008 Federal Partnership, Form 1065, Schedule K-1 | 12/18/2012 | 10 | 10 | 17463804 | View |
| 7150449 | 2008 Federal Partnership, Form 1065 (Not Claimant) | 12/18/2012 | 1 | 13 | 17463826 | View |
| 7152646 | 2008 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 8 | 9 | 17463826 | View |
| 7152682 | 2008 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 10 | 11 | 17463826 | View |

DU Claimant Details

| | | | | | | |
|---|---|---|---|---|---|---|
| 7150523 | 2008 Federal Partnership, Form 1065 (Not Claimant) | 12/18/2012 | 1 | 11 | 17463850 | View |
| 7152841 | 2008 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 8 | 8 | 17463850 | View |
| 7152861 | 2008 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 9 | 9 | 17463850 | View |
| 7150593 | 2008 Federal Partnership, Form 1065 (Not Claimant) | 12/18/2012 | 1 | 12 | 17463878 | View |
| 7153031 | 2008 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 8 | 9 | 17463878 | View |
| 7153052 | 2008 Federal Partnership, Form 1065, Schedule K-1 (Not Claimant) | 12/18/2012 | 10 | 11 | 17463878 | View |
| 7150000 | 2009 Federal Partnership, Form 1065 | 12/18/2012 | 1 | 13 | 17463917 | View |
| 7153163 | 2009 Federal Partnership, Form 1065, Schedule B-1 | 12/18/2012 | 6 | 6 | 17463917 | View |
| 7153181 | 2009 Federal Partnership, Form 1065, Schedule K-1 | 12/18/2012 | 10 | 10 | 17463917 | View |
| 7153212 | 2009 Federal Partnership, Form 1065, Schedule K-1 | 12/18/2012 | 11 | 11 | 17463917 | View |
| 7150759 | 2010 Federal Partnership, Form 1065 | 12/18/2012 | 1 | 12 | 17463938 | View |
| 7153361 | 2009 Federal Partnership, Form 1065, Schedule B-1 (Duplicate) | 12/18/2012 | 6 | 6 | 17463938 | View |
| 7153442 | 2010 Federal Partnership, Form 1065, Schedule K-1 | 12/18/2012 | 9 | 9 | 17463938 | View |
| 7153473 | 2010 Federal Partnership, Form 1065, Schedule K-1 | 12/18/2012 | 10 | 10 | 17463938 | View |
| 7151021 | 2011 Federal Partnership, Form 1065 | 12/18/2012 | 1 | 13 | 17464038 | View |
| 7153732 | 2011 Federal Partnership, Form 1065, Schedule B-1 | 12/18/2012 | 6 | 6 | 17464038 | View |
| 7153832 | 2011 Federal Partnership, Form 1065, Schedule K-1 | 12/18/2012 | 10 | 10 | 17464038 | View |
| 7153878 | 2011 Federal Partnership, Form 1065, Schedule K-1 | 12/18/2012 | 11 | 11 | 17464038 | View |
| 7151186 | 2010 Financial - Income Statements / Profit & Loss (Claim ID: 117734) | 12/18/2012 | 1 | 16 | 17464087 | View |
| 7151266 | Form W-9 | 12/18/2012 | 1 | 1 | 17464105 | View |
| 7152455 | Business Economic Loss Claim Form (Purple Form) (Claim ID 117734) | 12/18/2012 | 1 | | 17464392 | View |
| 7465159 | Shareholder List | 01/07/2013 | 1 | 1 | 17561220 | View |
| 8703952 | Incompleteness Notice (Claim ID 117734) | 03/01/2013 | 1 | | 18041210 | View |
| 8717423 | 2010 Financial - Income Statements / Profit & Loss (Claim ID: 117734) | 03/04/2013 | 1 | 8 | 18048018 | View |
| 8844911 | 2009 Financial - Income Statements / Profit & Loss (Claim ID: 117734) | 03/04/2013 | 1 | 23 | 18048054 | View |
| 8734093 | 2007 Financial - Income Statements / Profit & Loss (Claim ID: 117734) | 03/04/2013 | 1 | 24 | 18052985 | View |
| 8736860 | 2008 Financial - Income Statements / Profit & Loss (Claim ID: 117734) | 03/04/2013 | 1 | 24 | 18054674 | View |
| 8773570 | Correspondence from Claimant | 03/01/2013 | 1 | 1 | 18068093 | View |
| 8886744 | | 03/10/2013 | 0 | | 18104673 | View |
| 9972680 | | 05/02/2013 | 0 | | 18495214 | View |

| Claimant Activity | | | | |
|---|---|---|---|---|
| Status | Event Date | Response Deadline | Notice | Events/Notices |
| Claimant Review Steps | 12/19/2012 | | | Events / Notices |

| Claim Activity | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Claim ID | Claim Type | Details | Status | Status Date | Response Deadline | Notice | Events/Notices | Current/Last Review |
| 117734 | Business Economic Loss | Romeo Papa LLC ,313 Safety Rd , ,Houma ,LA | Claim Identified for Moratoria Loss Review | 3/7/2013 8:23:47 PM | | | Events / Notices | View |

SM-02-JA00333

**Tom Schedler**
**Secretary of State**

State of
Louisiana
Secretary of
State



**COMMERCIAL DIVISION**
**225.925.4704**

Fax Numbers
225.932.5317 (Admin. Services)
225.932.5314 (Corporations)
225.932.5318 (UCC)

| Name | Type | City | Status |
|---|---|---|---|
| T-BLUE, L.L.C. | Limited Liability Company | NEW ORLEANS | Active |

**Business:** T-BLUE, L.L.C.
**Charter Number:** 35125163K
**Registration Date:** 8/8/2001
**State Of Origin:**
**Domicile Address**
    610 BARONNE ST
    NEW ORLEANS, LA 70113
**Mailing Address**
    C/O LIONEL H. SUTTON, III
    610 BARONNE ST
    NEW ORLEANS, LA 70113

## Status

**Status:** Active
**Annual Report Status:** Not In Good Standing for failure to file Annual Report
**File Date:** 8/8/2001
**Last Report Filed:** 9/23/2010
**Type:** Limited Liability Company

## Registered Agent(s)

| | |
|---|---|
| **Agent:** | LIONEL H. SUTTON, III |
| **Address 1:** | 610 BARONNE ST |
| **City, State, Zip:** | NEW ORLEANS, LA 70113 |
| **Appointment Date:** | 9/23/2010 |

## Officer(s)

Additional Officers: No

| | |
|---|---|
| **Officer:** | LIONEL H. SUTTON, III |
| **Title:** | Manager, Member |
| **Address 1:** | 610 BARONNE ST |
| **City, State, Zip:** | NEW ORLEANS, LA 70113 |



EXHIBIT
S-5

**SM-02-JA00334**

**Amendments on File**

**No Amendments on file**



SM-02-JA00335

SM-02-JA00336

Doc. ID: 7465159
DocFile iD: 17561220
CREATE DATE 1/7/13.

06

EXHIBIT A
TO
ACT OF CASH SALE AND ASSIGNMENT
MEMBERSHIP INTERESTS AND SHARING RATIOS OF
ROMEO PAPA, LLC

HOLDERS AND OWNERS OF MEMBERSHIP INTERESTS AND SHARING RATIOS OF ROMEO PAPA, L.L.C.
BEFORE GIVING EFFECT TO THIS ACT OF CASH SALE AND ASSIGNMENT:

| NAME | MEMBERSHIP INTEREST/SHARING RATIOS OWNED |
|------|------------------------------------------|
| T-BLUE, L.L.C. | 51% |
| ROBERT PEREZ | 49% |
| ------------------------------ | --------- |
| TOTAL | 100% |

HOLDERS AND OWNERS OF MEMBERSHIP INTERESTS AND SHARING RATIOS OF ROMEO PAPA, L.L.C.
AFTER GIVING EFFECT TO THIS ACT OF CASH SALE AND ASSIGNMENT:

| NAME | MEMBERSHIP INTEREST/SHARING RATIOS OWNED |
|------|------------------------------------------|
| LIONEL H. SUTTON, III | 50% |
| ROBERT PEREZ | 50% |
| T-BLUE, L.L.C. | 0% |
| TOTAL | 100% |

T-Blue, L.L.C., Seller
By: Lionel H. Sutton, III
Managing Member

Robert Perez, Buyer

Lionel H. Sutton, III



SM-02-JA00337

## Re: Romeo Papa

6A

| | |
|---|---|
| Item ID: | 279883 |
| Subject: | Re: Romeo Papa |
| From: | Tracy Stellberg <tstellberg@dheclaims.com> |
| To: | Sutton Lionel <lhs3law@hotmail.com> |
| Sent: | January 1, 2013 11:24:01 AM CST |
| Received: | January 2, 2013 6:20:24 PM CST |
| | |
| Content Created: | January 1, 2013 11:24:01 AM CST |
| File Last Modified: | July 14, 2013 2:36:29 AM CDT |
| File Last Accessed: | July 25, 2013 2:26:36 PM CDT |
| File Created: | July 25, 2013 2:26:36 PM CDT |
| | |
| Message Hash: | 0de799110ae46492055997a37f91c11c |
| Message ID: | <2B6FC7C8-61CF-4EF9-86B8-894767BCC746@dheclaims.com> |
| | |
| My tags: | Produce, Romeo Papa |

Ok. I will do it tomorrow.

Sent from my iPhone

On Dec 31, 2012, at 11:03 AM, "Sutton Lionel" <lhs3law@hotmail.com <mailto:lhs3law@hotmail.com>> wrote:

T

I need to refile the attached on Wed, 1/2/13.

Lionel H. Sutton, III

935 Gravier St., Ste. 1910

New Orleans, LA 70112

Office 504 592 3230

Cell 504 957 4689

<Memo in Opposition of Mot for SJ.pdf>

<Material Issues of Fact.pdf>

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.



EXHIBIT
S-6A

**SM-02-JA00338**

## Headers

| | |
|---|---|
| **Received:** | from pod51019.outlook.com [157.56.241.6]<br>by DHE-Archiver.dheclaims.com with POP3 (Message Archiver)<br>for <nobody@127.0.0.1> (single-drop); Wed, 02 Jan 2013 18:20:24 -0600 (CST) |
| **Received:** | from BY2PRD0810MB393.namprd08.prod.outlook.com ([169.254.9.8]) by<br>BY2PRD0810HT002.namprd08.prod.outlook.com ([10.255.94.37]) with mapi id<br>14.16.0245.002; Tue, 1 Jan 2013 17:24:01 +0000 |
| **From:** | Tracy Steilberg <tsteilberg@dheclaims.com> |
| **To:** | Sutton Lionel <lhs3law@hotmail.com> |
| **Subject:** | Re: Romeo Papa |
| **Thread-Topic:** | Romeo Papa |
| **Thread-Index:** | AQHN53i1gjuVGNDCoEyNZoWT7KkME5g0uqKA |
| **Date:** | Tue, 1 Jan 2013 11:24:01 -0600 |
| **Message-ID:** | <2B6FC7C8-61CF-4EF9-86B8-894767BCC746@dheclaims.com> |
| **References:** | <BAY165-W57AF118A992B2FDF40FE2EF13C0@phx.gbl> |
| **In-Reply-To:** | <BAY165-W57AF118A992B2FDF40FE2EF13C0@phx.gbl> |
| **Accept-Language:** | en-US |
| **Content-Language:** | en-US |
| **X-MS-Exchange-Organization-AuthAs:** | Internal |
| **X-MS-Exchange-Organization-AuthMechanism:** | 04 |
| **X-MS-Exchange-Organization-AuthSource:** | BY2PRD0810HT002.namprd08.prod.outlook.com |
| **X-MS-Exchange-Organization-SCL:** | -1 |
| **Content-Type:** | text/html; charset="us-ascii" |
| **Content-Transfer-Encoding:** | quoted-printable |
| **MIME-Version:** | 1.0 |
| **X-Barracuda-MA-Envelope:** | tsteilberg@dheclaims.com,nobody@127.0.0.1 |

SM-02-JA00339

SM-02-JA00340

| | |
|---|---|
| From: | Lionel Sutton <lsutton@dhcclaims.com> |
| Sent: | Tuesday, March 12, 2013 8:22 AM |
| To: | Mark Staley |
| Subject: | RE: BEL Andry Law Firm, Claimant ID 100104880 |

Thanks Mark

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

-------- Original message --------
From: Mark Staley <mstaley@pncpa.com>
Date: 03/11/2013 11:41 PM (GMT-06:00)
To: Lionel Sutton <lsutton@dhcclaims.com>
Subject: RE: BEL Andry Law Firm, Claimant ID 100104880

Tiger,

This claims has been prepared and pushed to accountant Q/C review as of today.  If it comes back for any reason I will
let you know.

Thanks,
Mark

From: Lionel Sutton [mailto:lsutton@dhcclaims.com]
Sent: Thursday, March 07, 2013 1:21 PM
To: Mark Staley
Subject: RE: BEL Andry Law Firm, Claimant ID 100104880

Thanks Mark. Just let me know if you have any problems with it and when notice goes out.

# Lionel H. Sutton, III

*Claims Counsel*

DEEPWATER HORIZON
CLAIMS CENTER
ECONOMIC & PROPERTY DAMAGE CLAIMS

504-957-4689

From: Mark Staley [mailto:mstaley@pncpa.com]
Sent: Thursday, March 07, 2013 12:13 PM
To: Lionel Sutton
Subject: Re: BEL Andry Law Firm, Claimant ID 100104880

1



EXHIBIT
S-1

**SM-02-JA00341**

Hey Lionel,

This claim was in line to be processed. I have asked Chris to go ahead and pull the claim down and process. I can keep you posted on the status if that is your preference.

Thanks,
Mark

Sent from my iPad

On Mar 7, 2013, at 10:01 AM, "Lionel Sutton" <lsutton@dheclaims.com> wrote:

> <image002.png>
>
> **From:** Lionel Sutton
> **Sent:** Wednesday, March 06, 2013 8:56 AM
> **To:** mstaley@pncpa.com
> **Subject:** BEL Andry Law Firm, Claimant ID 100104880
>
> Mark,
>
> I have some questions about the above referenced claim. I believe it is being handled by Christopher Rinaldi with your firm. Please have Christopher contact me when he has a chance.
>
> <image003.png>

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

----------------------------------------------------------------------------------------------
------------
Pursuant to IRS Circular 230 and IRS regulations we inform you that any federal tax advice
contained in this communication is not intended or written to be used, and cannot be used,
for the purpose of avoiding penalties imposed under the Internal Revenue Code.

----------------------------------------------------------------------------------------------
------------------------
Email Encryption

Confidentiality is a hallmark of the accounting profession and it is of the utmost importance to our client

2

**SM-02-JA00342**

relationships.  At P&N, we are committed to keeping your data confidential which is why we use email encryption software.  This software inspects all outbound emails from our firm.  Emails that contain attachments will require you to enter a password to download the file.  This ensures that your confidential data cannot be read by anyone other than the intended recipient.

Emails with attachments will include a link to a secure web server.  Click on the link to download the attachment.
The first time you receive a secure email from the firm you will be required to setup a password.  This will be your password to access future attachments.  For our clients and others, there will be a small step to download the encrypted files; however, we believe the added confidentiality benefits far outweigh the few seconds that are required to access the attachment.

If you have questions regarding this new process or if you forget your password, please contact helpdesk@pncpa.com or call 225.922.4600.
=================================================================================
=============

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at .4-934-4999.
-----------------------------------------------------------------------------
------------
Pursuant to IRS Circular 230 and IRS regulations we inform you that any federal tax advice
contained in this communication is not intended or written to be used, and cannot be used,
for the purpose of avoiding penalties imposed under the Internal Revenue Code.

-----------------------------------------------------------------------------
-------------------------
Email Encryption

Confidentiality is a hallmark of the accounting profession and it is of the utmost importance to our client
relationships.  At P&N, we are committed to keeping your data confidential which is why we use email encryption software.  This software inspects all outbound emails from our firm.  Emails that contain attachments will require you to enter a password to download the file.  This ensures that your confidential data cannot be read by anyone other than the intended recipient.

Emails with attachments will include a link to a secure web server.  Click on the link to download the attachment.
The first time you receive a secure email from the firm you will be required to setup a password.  This will your password to access future attachments.  For our clients and others, there will be a small step to download the encrypted files; however, we believe the added confidentiality benefits far outweigh the few

3

SM-02-JA00343

seconds that are required to access the attachment.

If you have questions regarding this new process or if you forget your password, please contact helpdesk@pncpa.com or call 225.922.4600.
================================================================================
============

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

SM-02-JA00344

SM-02-JA00345

Outlook Print Message                                    Page 1 of 3



# RE: logo

From: **Sutton Lionel** (lhs3law@hotmail.com)
Sent:  Thu 5/09/13 3:51 PM
To:    Glen Lerner (glenlerneresq@aol.com)

Just between me and you, here is your report:

402 claimants:
61% have submitted a signed Claim Form;
22% started a Registration Form but did not finish;
16% finished Registration but did file a Claim Form;
<1% finished Registration, started a Claim Form but did not finish.

466 total claims filed:
89 paid;
179 Incompleteness Notices issued, only 93 responded to (17 of the non-responsives are waiting to get paid);
136 under review but no Incompleteness Notices issued;
47 denied

Example of some problems:
1) Your firm was issued an incompleteness Notice on Talen's on 12/3. What appears to be a complete response was not received by us until 5/3. During that 6 month period, a lot of claims got in front of yours.
2) Only a little more than half of your clients have even submitted signed claims. At an intake rate of more than 200/day, your clients will be way behind.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

Subject: Re: logo
From: glenlerneresq@aol.com
Date: Thu, 9 May 2013 15:23:19 -0400
To: lhs3law@hotmail.com

**EXHIBIT**
S-8

Outlook Print Message                                          Page 2 of 3

They are not paying claims. Insane

Sent from my iPhone

On May 9, 2013, at 3:16 PM, Sutton Lionel <lhs3law@hotmail.com> wrote:

> she's good. It has actually been pretty fun working together on this.
>
> Lionel H. Sutton, III
> 935 Gravier St., Ste. 1910
> New Orleans, LA  70112
> Office 504 592 3230
> Cell 504 957 4689

---

Subject: Re: logo
From: glenlerneresq@aol.com
Date: Thu, 9 May 2013 15:13:14 -0400
To: lhs3law@hotmail.com

Ooh la la. Work harder. How's Chris.

Sent from my iPhone

On May 9, 2013, at 3:07 PM, Sutton Lionel <lhs3law@hotmail.com> wrote:

> u forget. im also working hard to get you $ so you can pay for shit.
>
> Lionel H. Sutton, III
> 935 Gravier St., Ste. 1910
> New Orleans, LA  70112
> Office 504 592 3230
> Cell 504 957 4689

---

Subject: Re: logo
From: glenlerneresq@aol.com
Date: Thu, 9 May 2013 15:06:03 -0400
To: lhs3law@hotmail.com

Glad to see you working so hard while I try to figure out how to keep paying
for shit

SM-02-JA00347

Sent from my iPhone

On May 9, 2013, at 3:02 PM, Sutton Lionel <lhs3law@hotmail.com> wrote:

What I like about the logo I sent you is that it is in our name.
Now we can be identified when someone sees our name alone.
A lot of companies are named crown with a crown logo. This
stands out. It would look great on golf shirts, hats, ect.

They can come with some others, I just thought this one hit
right away.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

SM-02-JA00348

SM-02-JA00349

From: **Susan DeSantis** (sdesantis@glenlerner.com) This sender is in
your safe list.

Sent:  Fri 8/24/12 9:04 PM

To:    Sutton Lionel (lhs3law@hotmail.com)

20741
Please let me know if this is not the # you need.

---

**From:** Sutton Lionel [mailto:lhs3law@hotmail.com]
**Sent:** Friday, August 24, 2012 3:32 PM
**To:** Susan DeSantis
**Subject:** BP

Can you send me the BP claim # for Casey Thonn?

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and
confidential information intended only for the use of the individual or entity named above. If the
reader of this message is not the intended recipient, an associate of, or affiliated with, the intended
recipient, you are hereby notified that any use, dissemination, distribution or copying of this
information is strictly prohibited and may result in violations of Federal or State law. If you have
received this message in error, please notify the sender of this message, and destroy the original
message. Thank you.

# BP

From: **Sutton Lionel** (lhs3law@hotmail.com)

Sent:  Fri 8/24/12 2:31 PM

To:    sdesantis@glenlerner.com

Can you send me the BP claim # for Casey Thonn?

Lionel H. Sutton, III



EXHIBIT
S-9

ᴍᴀ 16
SM-02-JA00350

935 Gravier St., Ste. 1910
New Orleans, LA 70112
Office 504 592 3230
Cell 504 957 4689

# RE: OS-00539 Thonn, Casey-Business Claim-Shrimper-VOO:

From: **Sutton Lionel** (lhs3law@hotmail.com)
Sent: Thu 6/21/12 4:34 PM
To:    ltate@andrylawgroup.com

I just wanted to see it. As long as client accepts, I'm fine.

Lionel H. Sutton, III
935 Gravier St., Ste. 600
New Orleans, LA 70112
Office 504 592 3230
Cell 504 957 4689

---

From: ltate@andrylawgroup.com
To: lhs3law@hotmail.com
Subject: OS-00539 Thonn, Casey-Business Claim-Shrimper-VOO:
Date: Thu, 21 Jun 2012 21:23:20 +0000

Mr. Sutton:

Attached please find a copy of the report package for Casey Thonn for the Seafood Economic Program Only. This does not include his VOO, subsistence or VOO boat damage claim at this time. This will be coming in the future. Please let me know if you have any questions. My cell number is 985 -705-0053. Please feel free to call tonight. I will be filing this claim tomorrow. The client has already accepted this amount.

Leslie Butler Tate

**SM-02-JA00351**

BP Claims Coordinator/Paralegal

Andry Lerner, LLC

610 Baronne Street

New Orleans, LA 70113

504-525-5535

504-571-9355 Direct

504-586-8933 Fax

Email: ltate@andrylawgroup.com

CONFIDENTIALITY NOTICE: This e-mail transmission (and the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. It is intended only for use by the person(s) to whom it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone to arrange for the return of the documents.

# OS-00539 Thonn, Casey-Business Claim-Shrimper-VOO:

From: **Leslie Tate** (ltate@andrylawgroup.com)
Sent: Thu 6/21/12 4:23 PM
To:    lhs3law@hotmail.com (lhs3law@hotmail.com)
        1 attachment
        2789629_Thonn_Final_report_Package_with_Invoice_001.PDF (5.3 MB)

**SM-02-JA00352**

Mr. Sutton:

Attached please find a copy of the report package for Casey Thonn for the Seafood Economic Program Only. This does not include his VOO, subsistence or VOO boat damage claim at this time. This will be coming in the future. Please let me know if you have any questions. My cell number is 985 -705-0053. Please feel free to call tonight. I will be filing this claim tomorrow. The client has already accepted this amount.

Leslie Butler Tate

BP Claims Coordinator/Paralegal

Andry Lerner, LLC

610 Baronne Street

New Orleans, LA 70113

504-525-5535

504-571-9355 Direct

504-586-8933 Fax

Email: ltate@andrylawgroup.com

CONFIDENTIALITY NOTICE: This e-mail transmission (and the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. It is intended only for use by the person(s) to whom it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone to arrange for the return of the documents.

# Casey Thonn #2254152

## Thonn claim

9A

| | |
|---|---|
| Item ID: | 198154 |
| Subject: | Thonn claim |
| From: | David Duval <dduval@dheclaims.com> |
| To: | Lionel Sutton <lsutton@dheclaims.com> |
| Sent: | January 17, 2013 1:33:09 PM CST |
| Received: | January 17, 2013 1:33:33 PM CST |
| Attachments: | image001.png |
| | |
| Content Created: | January 17, 2013 1:33:09 PM CST |
| File Last Modified: | July 13, 2013 11:51:28 PM CDT |
| File Last Accessed: | July 25, 2013 1:50:03 PM CDT |
| File Created: | July 25, 2013 1:50:03 PM CDT |
| | |
| Message Hash: | f967c53f2c78d33f9a7cce5ebe39e91d |
| Message ID: | <85137FD1F64772498104484470A92D441898A92D@BL2PRD0810MB385.namprd08.prod.outlook.com> |
| | |
| My tags: | Produce, Thonn - Appeals |

BG appeal team is working on this claim. They might be able to pay accounting fees without going through appeal process. Hopefully, we will re-issue Notice soon and close appeal.

935 Gravier Street,Ste. 1905
New Orleans, LA 70112
dduval@dheclaims.com <mailto:dduval@dheclaims.com>
Direct Line 504.934.4915

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.



EXHIBIT
SⓔlA

**SM-02-JA00354**

## Headers

| | |
|---|---|
| Received: | from pod51019.outlook.com [157.56.245.86]<br>by DHE-Archiver.dheclaims.com with POP3 (Message Archiver)<br>for <nobody@127.0.0.1> (single-drop); Thu, 17 Jan 2013 13:33:33 -0600 (CST) |
| Received: | from BL2PRD0810HT004.namprd08.prod.outlook.com (10.255.110.39) by<br>BY2PRD0810HT004.namprd08.prod.outlook.com (10.255.94.39) with Microsoft SMTP<br>Server (TLS) id 14.16.257.4; Thu, 17 Jan 2013 19:33:18 +0000 |
| Received: | from BL2PRD0810MB385.namprd08.prod.outlook.com ([169.254.1.11]) by<br>BL2PRD0810HT004.namprd08.prod.outlook.com ([10.255.110.39]) with mapi id<br>14.16.0257.004; Thu, 17 Jan 2013 19:33:12 +0000 |
| From: | David Duval <dduval@dheclaims.com> |
| To: | Lionel Sutton <lsutton@dheclaims.com> |
| Subject: | Thonn claim |
| Thread-Topic: | Thonn claim |
| Thread-Index: | Ac306RI+jmZsIgvOT2+78VoWJz/+1Q== |
| Date: | Thu, 17 Jan 2013 13:33:09 -0600 |
| Message-ID: | <85137FD1F64772498104484470A92D441898A92D@BL2PRD0810MB385.namprd08.prod.<br>outlook.com> |
| Accept-Language: | en-US |
| Content-Language: | en-US |
| X-MS-Exchange-Organization-AuthAs: | Internal |
| X-MS-Exchange-Organization-AuthMechanism: | 04 |
| X-MS-Exchange-Organization-AuthSource: | BL2PRD0810HT004.namprd08.prod.outlook.com |
| X-MS-Has-Attach: | yes |
| X-MS-Exchange-Organization-SCL: | -1 |
| Content-Type: | multipart/related;<br>boundary="_002_85137FD1F64772498104484470A92D441898A92DBL2PRD0810MB385_";<br>type="text/html" |
| MIME-Version: | 1.0 |
| X-Barracuda-MA-Envelope: | dduval@dheclaims.com,nobody@127.0.0.1 |

SM-02-JA00355

SM-02-JA00356

**glen lerner** (glenlerneresq@aol.com) You moved this message to its current location.

Sent:  Mon 1/07/13 10:49 AM

To:  Sutton Lionel (lhs3law@hotmail.com); Susan Desantis (SDesantis@andrylawgroup.com)

Cc:  jcahill@glenlerner.com

Make sure out of the $5k John kept I get half since I'm sending full $5k to Tiger
On Jan 7, 2013, at 9:25 AM, Sutton Lionel wrote:

> They sent you the check for my fee. the total fee on Thonn was 10k (+ or -). They sent you 5 for me and kept the other 5.
> Check with Susie she has the accounting.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

From: glenlerneresq@aol.com
Subject: Re:
Date: Mon, 7 Jan 2013 09:12:54 -0700
To: lhs3law@hotmail.com; jcahill@glenlerner.com

Jeff, did we receive monies from Andry.  If so, Tiger, how much is your fee?
On Jan 7, 2013, at 9:08 AM, Sutton Lionel wrote:

> did u check on my fee from casey thonn. susie sent it to jeff mid december.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

From: glenlerneresq@aol.com
Subject: Re:
Date: Fri, 4 Jan 2013 17:03:44 -0500
To: lhs3law@hotmail.com



EXHIBIT
S-10

TAB 17

**SM-02-JA00357**

Ok. understood. Need Tm agreement done. They've been dragging feet on it
since meeting months ago. I'm not too crazy about them.
On Jan 4, 2013, at 4:49 PM, Sutton Lionel wrote:

> Some things are worth arguing about and some are not. Because
> we are friends.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA 70112
Office 504 592 3230
Cell 504 957 4689

---

From: glenlerneresq@aol.com
Subject: Re:
Date: Fri, 4 Jan 2013 16:39:40 -0500
To: lhs3law@hotmail.com

Thx. If you have any issues with anything I said you should let
me know. We are still friends you know.
On Jan 4, 2013, at 4:02 PM, Sutton Lionel wrote:

> I don't necessarily agree with all said, but i
> understand your position. i will work with mike to
> get it resolved.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA 70112
Office 504 592 3230
Cell 504 957 4689

> Subject: Re:
> From: glenlerneresq@aol.com
> Date: Fri, 4 Jan 2013 15:16:06 -0500
> CC: lhs3law@hotmail.com; mbryant@crownllc.us
> To: jcahill@glenlerner.com
>
> Now you can see why I'm a little bitter. Originally
> you wanted to give me 50% to put up $760,000.00
> for the machine. Then you said 25% but then I'd
> have 25% of all other technologies including beach
> cleaning. My understanding is we don't even have
> the rights to that technology. Nevertheless, I put up
> 50% more($1,121,000) than what I originally

SM-02-JA00358

agreed to put up as well as another $575k in
salaries and expenses. You may feel that Mike's
salary is on me or was premature but I promise you
without it we would never be in the position we are
with NAC. NAC has said as much and that without
corporate leadership we would have been
disregarded by their board. I've taken all the risk
Tiger. We are close to something here that would
never have happened if I had not stepped up to the
plate. Very few people have the balls I do and put
up this type of money out of their own pocket. I'm
blessed I can do it.
>
> The only change to the Operating Agreement
should be an apportionment of Mike's five percent
(5%) I promised him for leading us and Corey's
(1%) for handling all legal matter as and
agreements. That will reduce all of us an additional
1.5% but I will agree that you still retain a voting
majority in unison although I don't envision huge
discrepancies in the direction of the company.
However, I think for us to go in the correct direction
we need to focus on what works. Even once we get
this contract we are still a struggling little company
but we will have credibility and we have people all
over the world waiting to see this contract and for
us to get going. We need machines to deploy for
testing in Europe, TN, Mexico and South America
ASAP. We can have a billion dollars worth of
contracts in the next twelve months if we play our
cards right. Now the hustle begins.
> On Jan 4, 2013, at 11:36 AM, Jeff Cahill wrote:
>
> > Gentlemen - attached is a spreadsheet of
advances to and payments for
> > Crown, LLC.
> >
> > The first tab summarizes non-payroll payments
from June through the end
> > of October - $199,053.21.
> > On the second tab - the top section shows non
-payroll expenses for Jan.
> > to May 2012 - $128,842.46
> > the next section is payroll amounts (and a few
misc. expense advances)
> > through August - $66,493.87
> > and the last section shows advances to Crown
through the end of October
> > - $181,500.
> >
> > Total above is $575,889.54. A separate tab
summarizes amounts paid to
> > Proven Technologies for building the machine -
$1,121,000. These
> > payments were made from June 2010 through
October 2011.

SM-02-JA00359

> >
> > At this time, we have payables of approximately $48,000 – payable
> > primarily to Crown Resource Management, LLC and Proven Technologies.
> >
> > I stopped updating this spreadsheet as of the end of October because I
> > am in the process of setting Crown, LLC up on QuickBooks. I should have
> > that completely updated by the middle of next week and can then start
> > sending out complete financial statements.
> >
> > I know early on some payments were being made from a Crown, LLC account
> > setup by Tiger? If I can get copies of those bank statements and
> > checks, I can incorporate them into QuickBooks to fully account for all
> > the financial activity. And please let me know if anyone else was
> > providing funding so that can be reflected in the financial statements.
> >
> > If you have any questions, please let me know.
> >
> > Jeff
> >
> >
> > -----Original Message-----
> > From: glen lerner [mailto:glenlerneresq@aol.com]
> > Sent: Friday, January 04, 2013 8:54 AM
> > To: Jeff Cahill; Tiger Sutton
> > Subject:
> >
> > Please resend to Tiger and I all Crown costs to date, including my buy
> > in and all payments to Proven, Manpower and salaries. Basically every
> > cent I've put into Crown to date. He never received it last time
> >
> >
> >
> >
> > CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and confidential information intended only for the use of the
> > individual or entity named above. If the reader of this message is not the intended recipient, an associate of, or affiliated with, the intended recipient, you are hereby notified that any use,

SM-02-JA00360

SM-02-JA00361

*21*

dissemination, distribution or copying of this
information is strictly prohibited and may result in
violations of Federal or State law. If you have
received this message in error, please notify the
sender of this message, and destroy the original
message. Thank
> > you.
> >
> >
> > <113012 nonwage expense summary 06 to
11.xls>
>

*Refers to
VOO claim*

# RE:

From: **Sutton Lionel** (lhs3law@hotmail.com)
Sent:  Mon 1/07/13 10:26 AM
To:    jcahill@glenlerner.com; Glen Lerner (glenlerneresq@aol.com)

Yes. That is my share. Please deposit in the crown acct so I can get it

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

Subject: RE:
Date: Mon, 7 Jan 2013 08:23:37 -0800
From: jcahill@glenlerner.com
To: glenlerneresq@aol.com; lhs3law@hotmail.com

We received $4,940 at the end of the year.

From: glen lerner [mailto:glenlerneresq@aol.com]
Sent: Monday, January 07, 2013 10:13 AM
To: Sutton Lionel; Jeff Cahill
Subject: Re:


EXHIBIT
S-11

Jeff, did we receive monies from Andry.  If so, Tiger, how much is your fee?
On Jan 7, 2013, at 9:08 AM, Sutton Lionel wrote:

did u check on my fee from casey thonn. susie sent it to jeff mid december.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

From: glenlerneresq@aol.com
Subject: Re:
Date: Fri, 4 Jan 2013 17:03:44 -0500
To: lhs3law@hotmail.com

Ok.  understood.  Need Tm agreement done.  They've been dragging feet on it since
meeting months ago.  I'm not too crazy about them.
On Jan 4, 2013, at 4:49 PM, Sutton Lionel wrote:

Some things are worth arguing about and some are not. Because we are
friends.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

From: glenlerneresq@aol.com
Subject: Re:
Date: Fri, 4 Jan 2013 16:39:40 -0500
To: lhs3law@hotmail.com

Thx.  If you have any issues with anything I said you should let me know.  We
are still friends you know.
On Jan 4, 2013, at 4:02 PM, Sutton Lionel wrote:

I don't necessarily agree with all said, but i understand your
position. i will work with mike to get it resolved.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910

SM-02-JA00363

> >
> > CONFIDENTIALITY NOTE: The information contained in this
message may be legally privileged and confidential information
intended only for the use of the
> > individual or entity named above. If the reader of this
message is not the intended recipient, an associate of, or
affiliated with, the intended recipient, you are hereby notified
that any use, dissemination, distribution or copying of this
information is strictly prohibited and may result in violations of
Federal or State law. If you have received this message in error,
please notify the sender of this message, and destroy the original
message. Thank
> > you.
> >
> >
> > <113012 nonwage expense summary 06 to 11.xls>
>

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and
confidential information intended only for the use of the individual or entity named above. If the
reader of this message is not the intended recipient, an associate of, or affiliated with, the intended
recipient, you are hereby notified that any use, dissemination, distribution or copying of this
information is strictly prohibited and may result in violations of Federal or State law. If you have
received this message in error, please notify the sender of this message, and destroy the original
message. Thank you.

# RE:

From: **Sutton Lionel** (lhs3law@hotmail.com)

Sent:  Mon 1/07/13 10:25 AM

To:    Glen Lerner (glenlerneresq@aol.com); jcahill@glenlerner.com

They sent you the check for my fee. the total fee on Thonn was 10k (+ or -). They sent you 5 for me and
kept the other 5.
Check with Susie she has the accounting.

Lionel H. Sutton  III

SM-02-JA00364

935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

From: glenlerneresq@aol.com
Subject: Re:
Date: Mon, 7 Jan 2013 09:12:54 -0700
To: lhs3law@hotmail.com; jcahill@glenlerner.com

Jeff, did we receive monies from Andry.  If so, Tiger, how much is your fee?
On Jan 7, 2013, at 9:08 AM, Sutton Lionel wrote:

did u check on my fee from casey thonn. susie sent it to jeff mid december.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

From: glenlerneresq@aol.com
Subject: Re:
Date: Fri, 4 Jan 2013 17:03:44 -0500
To: lhs3law@hotmail.com

Ok.  understood.  Need Tm agreement done.  They've been dragging feet on it since
meeting months ago.  I'm not too crazy about them.
On Jan 4, 2013, at 4:49 PM, Sutton Lionel wrote:

Some things are worth arguing about and some are not. Because we are
friends.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

SM-02-JA00365

SM-02-JA00366

*12*

> > > > >
> > > > > Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone
> > > > >
> > > > >
> > > > > -------- Original message --------
> > > > > From: glen lerner <glenlerner@me.com>
> > > > > Date: 03/08/2013 4:59 PM (GMT-06:00)
> > > > > To: Tiger Sutton <LHS3law@hotmail.com>,Michael Bryant
<miketbryant2000@yahoo.com>,Jeff Cahill <jcahill@glenlerner.com>
> > > > > Subject:
> > > > >
> > > > >
> > > > > Can any of you tell me why we are not a Texas corporation?  Jeff, before we start to make a
lot of money and get big, I need to know how our being a Louisiana LLC effects everybody, but
especially me, tax wise.  Except for Tiger living in NOLA I am not sure of any reason to be there unless
it offers us a tax advantage over being a Texas company.  Every major energy company is in Houston.  I
love NOLA and love spending time there so this is a perfect excuse but in reality it makes no sense
whatsoever unless there is a tax advantage.  Having corporate offices somewhere but no legitimate
business affairs is an issue as well.  Can we make this a priority soon.  Jeff, you are a tax attorney.
Obviously, we have to consider the fact that I've made all the contributions to the LA LLC so I cannot
lose any potential tax advantages of these losses to date with a switch.   Rick Perry is doing everything
he can to bring business to Texas and I am sure once we have a few contracts under our belt we can
get some sort of incentives from him with the potential of our business and size of our intiial deals.
> > > >
> > >
> >
>

# Re:

From: **glen lerner** (glenlerner@me.com) You moved this message to
        its current location.

Sent:  Fri 3/08/13 8:58 PM

To:    lhs3law (lhs3law@hotmail.com)



He controls the money man.
On Mar 8, 2013, at 6:36 PM, lhs3law wrote:

> Sure. Jon got paid on the casey thonn bp case last week so you can
send me that.
>
>
> Lionel Sutton

message. Thank you.
>

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, an associate of, or affiliated with, the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited and may result in violations of Federal or State law. If you have received this message in error, please notify the sender of this message, and destroy the original message. Thank you.

# RE: Salary

From: lhs3law@hotmail.com
Saved: Thu 3/07/13 10:23 AM
To:      jcahill@glenlerner.com
Jeff,

Can you let me know when you are going to be able to send the balance owed to me. I expect we will sign the agreement next week. Also, I saw that Casey Thonn was paid another 166,666 last month. Please let me know the status of that check.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

Subject: RE: Salary
Date: Thu, 21 Feb 2013 12:31:19 -0800
From: jcahill@glenlerner.com
To: lhs3law@hotmail.com; glenlerneresq@aol.com

The 07/19 payment should have been expense reimbursement.

I'll double check and let you know.

Jeffrey Cahill
Cell: 651-983-4794

confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, an associate of, or affiliated with, the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited and may result in violations of Federal or State law. If you have received this message in error, please notify the sender of this message, and destroy the original message. Thank you.
>

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, an associate of, or affiliated with, the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited and may result in violations of Federal or State law. If you have received this message in error, please notify the sender of this message, and destroy the original message. Thank you.

# RE: casey Thonn

From: **Sutton Lionel** (lhs3law@hotmail.com)
Sent:  Mon 1/07/13 10:27 AM
To:    sdesantis@glenlerner.com

Please confirm with Jeff and Glen that you sent them my fee last month.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

---

Subject: RE: casey Thonn
Date: Fri, 26 Oct 2012 10:10:25 -0700
From: sdesantis@glenlerner.com
To: lhs3law@hotmail.com

770-296-0873

*she locate in vegs* [handwritten]

---

From: Sutton Lionel [mailto:lhs3law@hotmail.com]

**SM-02-JA00369**

**To:** Susan DeSantis
**Subject:** RE: casey Thonn

Susie,

Hope all is well. Casey Thonn told me he got his VOO money last week.
Can you check on my fee.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA 70112
Office 504 592 3230
Cell 504 957 4689

Date: Tue, 26 Jun 2012 15:44:47 -0700
From: miketbryant2000@yahoo.com
Subject: NAC Commercial Proposal Draft 2
To: glenlerneresq@aol.com; lhs3law@hotmail.com; sdesantis@glenlerner.com; jdartez@hotmail.com;
montanaelmo@yahoo.com

Gentlemen, following-on from our meeting today I have included scenarios 4 & 5, they are
blended rates that work on pay per usage basis.
Regards Mike

Mike Bryant
email miketbryant2000@yahoo.com

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and
confidential information intended only for the use of the individual or entity named above. If the
reader of this message is not the intended recipient, an associate of, or affiliated with, the intended
recipient, you are hereby notified that any use, dissemination, distribution or copying of this
information is strictly prohibited and may result in violations of Federal or State law. If you have
received this message in error, please notify the sender of this message, and destroy the original
message. Thank you.

# RE:

From: **Sutton Lionel** (lhs3law@hotmail.com)
Sent: Mon 1/07/13 10:08 AM

SM-02-JA00370

To:    Glen Lerner (glenlerneresq@aol.com)

did u check on my fee from casey thonn. susie sent it to jeff mid december.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

---

From: glenlerneresq@aol.com
Subject: Re:
Date: Fri, 4 Jan 2013 17:03:44 -0500
To: lhs3law@hotmail.com

Ok. understood. Need Tm agreement done. They've been dragging feet on it since meeting months
ago. I'm not too crazy about them.
On Jan 4, 2013, at 4:49 PM, Sutton Lionel wrote:

> Some things are worth arguing about and some are not. Because we are friends.
>
> Lionel H. Sutton, III
> 935 Gravier St., Ste. 1910
> New Orleans, LA  70112
> Office 504 592 3230
> Cell 504 957 4689

---

From: glenlerneresq@aol.com
Subject: Re:
Date: Fri, 4 Jan 2013 16:39:40 -0500
To: lhs3law@hotmail.com

Thx. If you have any issues with anything I said you should let me know. We are still
friends you know.
On Jan 4, 2013, at 4:02 PM, Sutton Lionel wrote:

> I don't necessarily agree with all said, but I understand your position. I will
> work with mike to get it resolved.
>
> Lionel H. Sutton, III
> 935 Gravier St., Ste. 1910

**SM-02-JA00371**

SM-02-JA00372

# RE:

From: **lhs3law** (lhs3law@hotmail.com)
Sent:  Tue 3/26/13 3:18 PM
To:    Jeff Cahill (jcahill@glenlerner.com)

Thought I did. Will send again tomorrow.


Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone


-------- Original message --------
From: Jeff Cahill <jcahill@glenlerner.com>
Date: 03/26/2013 2:48 PM (GMT-06:00)
To: Sutton Lionel <lhs3law@hotmail.com>
Subject: RE:


More coming. Also - please send full copy of entity's tax return - 2011.

Thanks.

Jeffrey Cahill
Cell: 651-983-4794
Office: 702-214-5558


**From:** Sutton Lionel [mailto:lhs3law@hotmail.com]
**Sent:** Friday, March 22, 2013 10:38 AM
**To:** Jeff Cahill
**Subject:** RE:

Got 30 k today. Still need balance next week and April payment on 4/1.

I have attached a tax penalty payment that I made. Even though we had an extension, we had a small penalty. It is my understanding that we may get some back. Please send me reimbursement.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA 70112



EXHIBIT
S-13

**SM-02-JA00373**

Office 504 592 3230
Cell 504 957 4689

> Date: Thu, 21 Mar 2013 08:09:38 -0700
> Subject: Re:
> From: jcahill@glenlerner.com
> To: glenlerneresq@aol.com
> CC: lhs3law@hotmail.com
>
> Will have about $40k to you by tomorrow. Or later this afternoon. At a conference today but funds transferred to cover.
>
> Before this payment still owed you about 60k.
>
> Jeffrey Cahill
> Glen Lerner Injury Attorneys
> 651-983-4794
>
> glen lerner < glenlerneresq@aol.com> wrote:
>
> It should be taken care of in the next few days. TOld you would be done by end of March but may have it done tomorrow. You and I can talk in person about PR and what direction to go with it.
> On Mar 21, 2013, at 7:57 AM, lhs3law wrote:
>
> > Jeff,
> >
> > As of March 1, I was due $100, 000 as Crown direct payments. As per your February email to Glen and I, I have been paid $36,000 leaving a balance of $64,000. On April 1 that amount will increase to $74, 000. It is imperative that my account be current. I understand that money is tight and agreed to wait until the last 2 weeks of March at Glen's request. I need your confirmation that it will be done.
> > The above is in addition to the $16, 666 Andry fee which you should send as soon as you get it.
> > All funds can be deposited directly into the old Crown account.
> >
> >
> > Lionel Sutton
> >
> > Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone
> >
> >
> > -------- Original message --------
> > From: Jeff Cahill <jcahill@glenlerner.com>
> > Date: 03/20/2013 5:27 PM (GMT-06:00)
> > To: lhs3law < lhs3law@hotmail.com>
> > Subject: RE:
> >
> >
> > I'm pedaling as fast as I can Tiger. And what was the dollar amount of the other payment? I thought it'd gone out awhile ago - to the old Crown account. I can search easier if I have the dollar

SM-02-JA00374

figure.
> >
> > Jeffrey Cahill
> > Cell: 651-983-4794
> > Office: 702-877-1500
> >
> >
> > From: lhs3law [mailto:lhs3law@hotmail.com]
> > Sent: Wednesday, March 20, 2013 3:17 PM
> > To: Jeff Cahill
> > Subject:
> >
> > Jeff
> > Please confirm that you will deposit my past due salary by end of the month at the latest.
> > Tiger
> >
> >
> > Lionel Sutton
> >
> > Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone
> >
> > CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and
confidential information intended only for the use of the individual or entity named above. If the
reader of this message is not the intended recipient, an associate of, or affiliated with, the intended
recipient, you are hereby notified that any use, dissemination, distribution or copying of this
information is strictly prohibited and may result in violations of Federal or State law. If you have
received this message in error, please notify the sender of this message, and destroy the original
message. Thank you.
> >
>
>
>
> CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and
confidential information intended only for the use of the individual or entity named above. If the
reader of this message is not the intended recipient, an associate of, or affiliated with, the intended
recipient, you are hereby notified that any use, dissemination, distribution or copying of this
information is strictly prohibited and may result in violations of Federal or State law. If you have
received this message in error, please notify the sender of this message, and destroy the original
message. Thank you.
>

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and
confidential information intended only for the use of the individual or entity named above. If the
reader of this message is not the intended recipient, an associate of, or affiliated with, the intended
recipient, you are hereby notified that any use, dissemination, distribution or copying of this
information is strictly prohibited and may result in violations of Federal or State law. If you have
received this message in error, please notify the sender of this message, and destroy the original



Jeff
Please confirm that you will deposit my past due salary by end of the month at the latest.
Tiger

Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, an associate of, or affiliated with, the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited and may result in violations of Federal or State law. If you have received this message in error, please notify the sender of this message, and destroy the original message. Thank you.

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, an associate of, or affiliated with, the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited and may result in violations of Federal or State law. If you have received this message in error, please notify the sender of this message, and destroy the original message. Thank you.

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, an associate of, or affiliated with, the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited and may result in violations of Federal or State law. If you have received this message in error, please notify the sender of this message, and destroy the original message. Thank you.

# RE:

From: **lhs3law** (lhs3law@hotmail.com)
Sent: Wed 3/20/13 6:18 PM
To:    Jeff Cahill (jcahill@glenlerner.com)

**SM-02-JA00376**



The one you sent from andry was 4900. He is sending or sent another 16600. I get that when you get it. Glen made a deal to get me made up and on time by the end of the month. That was some of the consideration for giving up some shares. If he can't do it, we need to talk.

Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

-------- Original message --------
From: Jeff Cahill <jcahill@glenlerner.com>
Date: 03/20/2013 6:07 PM (GMT-06:00)
To: Lionel Sutton <lhs3law@hotmail.com>
Subject: RE:

Not that one. The one from Andry?

Jeffrey Cahill
Glen Lerner Injury Attorneys
651-983-4794

lhs3law <lhs3law@hotmail.com> wrote:

The last payment was a fee not crown salary. You sent Glenn and I an email with the balance 2 months ago. Of course you will have to add February March and April now

Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

-------- Original message --------
From: Jeff Cahill <jcahill@glenlerner.com>
Date: 03/20/2013 5:27 PM (GMT-06:00)
To: lhs3law <lhs3law@hotmail.com>
Subject: RE:

I'm pedaling as fast as I can Tiger. And what was the dollar amount of the other payment? I thought it'd gone out awhile ago - to the old Crown account. I can search easier if I have the dollar figure.

Jeffrey Cahill
Cell: 651-983-4794
Office: 702-877-1500

From: lhs3law [mailto:lhs3law@hotmail.com]
Sent: Wednesday, March 20, 2013 3:17 PM

**SM-02-JA00377**



To: Jeff Cahill
Subject:

Jeff
Please confirm that you will deposit my past due salary by end of the month at the latest.
Tiger


Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and
confidential information intended only for the use of the individual or entity named above. If the
reader of this message is not the intended recipient, an associate of, or affiliated with, the intended
recipient, you are hereby notified that any use, dissemination, distribution or copying of this
information is strictly prohibited and may result in violations of Federal or State law. If you have
received this message in error, please notify the sender of this message, and destroy the original
message. Thank you.


CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and
confidential information intended only for the use of the individual or entity named above. If the
reader of this message is not the intended recipient, an associate of, or affiliated with, the intended
recipient, you are hereby notified that any use, dissemination, distribution or copying of this
information is strictly prohibited and may result in violations of Federal or State law. If you have
received this message in error, please notify the sender of this message, and destroy the original
message. Thank you.


# RE: Settlement Agreements

From: **Sutton Lionel** (lhs3law@hotmail.com)
Sent:  Fri 2/15/13 4:15 PM
To:    Glen Lerner (glenlerneresq@aol.com)

I worry about the timing of Grant's email. The day he gets our signed documents, he starts bitching
about the NAC deal.
We need to watch him.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112

**SM-02-JA00378**

Office 504 592 3230
Cell 504 957 4689

---

Subject: Re: Settlement Agreements
From: glenlerneresq@aol.com
Date: Fri, 15 Feb 2013 14:03:11 -0700
To: lhs3law@hotmail.com

Impossible with John right now. I love him but absolutely gets in his own way. If he just listens and lets me run will be fine. Focus on Crown. PI is peanuts compared to the money we can be making within two to three years. Grant's email was funny. Surprised that someone like him didn't know and doesn't know how big companies run on their schedule, not ours!!

Sent from my iPhone

On Feb 15, 2013, at 1:39 PM, Sutton Lionel <lhs3law@hotmail.com> wrote:

> We would have to draw it up like a business from the start using a scaled down model of your other offices.
>
> Lionel H. Sutton, III
> 935 Gravier St., Ste. 1910
> New Orleans, LA 70112
> Office 504 592 3230
> Cell 504 957 4689

---

Subject: Re: Settlement Agreements
From: glenlerneresq@aol.com
Date: Fri, 15 Feb 2013 13:32:49 -0700
To: lhs3law@hotmail.com

Yeah. But hard to do with him. He's so unorganized.

Sent from my iPhone

On Feb 15, 2013, at 12:54 PM, Sutton Lionel <lhs3law@hotmail.com> wrote:

> Are you still interested in a small PI practice here when BP starts trailing off? I would hate to think I made up with Jon for nothing.
>
> Lionel H. Sutton, III

SM-02-JA00379

SM-02-JA00380

*14*

Sent:  Thu 3/28/13 12:35 PM
To:    Sutton Lionel (lhs3law@hotmail.com)

Yes. Wed. 3/20 to Jeff's attention in Vegas.
check # 1308   $16665.21   (50% Casey Thonn referral fee)

---

**From:** Sutton Lione [mailto:lhs3law@hotmail.com]
**Sent:** Thursday, March 28, 2013 9:54 AM
**To:** Susan DeSantis
**Subject:** thonn

suzy,

did you send the thonn fee to glen yet?

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

CONFIDENTIALITY NOTE: The information contained in this message may be
confidential information intended only for the use of the individual or entity
reader of this message is not the intended recipient, an associate of, or affili
recipient, you are hereby notified that any use, dissemination, distribution c
information is strictly prohibited and may result in violations of Federal or St
received this message in error, please notify the sender of this message, and
message. Thank you.

*Susan Desantis*
*is Business Ops*
*at Lerner law firm*

# thonn

From: **Sutton Lionel** (lhs3law@hotmail.com)
Sent:  Thu 3/28/13 9:54 AM
To:    sdesantis@glenlerner.com

suzy,

did you send the thonn fee to glen yet?



**EXHIBIT**
**S-14**

**SM-02-JA00381**

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

# Re: crown

From: lhs3law (lhs3law@hotmail.com)
Sent:  Fri 3/15/13 1:22 PM
To:     glen lerner (glenlerneresq@aol.com)

Yes. Th

Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

-------- Original message --------
From: glen lerner <glenlerneresq@aol.com>
Date: 03/15/2013 1:12 PM (GMT-06:00)
To: lhs3law <lhs3law@hotmail.com>
Subject: Re: crown

How much was our end $33k?

Sent from my iPhone

On Mar 15, 2013, at 1:53 PM, lhs3law <lhs3law@hotmail.com> wrote:

16,665

Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

SM-02-JA00382

------- Original message -------
From: glen lerner <glenlerneresq@aol.com>
Date: 03/15/2013 12:25 PM (GMT-06:00)
To: Sutton Lionel <lhs3law@hotmail.com>
Subject: Re: crown

Ok. What do I owe you?  What did he send me for you?

Sent from my iPhone

On Mar 15, 2013, at 11:26 AM, Sutton Lionel <lhs3law@hotmail.com> wrote:

> Jon told me that he just disbursed so you won't get it for a few days.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

---

CC: jcahill@glenlerner.com; miketbryant2000@yahoo.com
From: glenlerneresq@aol.com
Subject: Re: crown
Date: Fri, 15 Mar 2013 11:12:21 -0400
To: lhs3law@hotmail.com

Jeff. Did we receive Thon?  John may have but doesn't mean we did. Tiger, what was deal on that?

Sent from my iPhone

On Mar 15, 2013, at 10:16 AM, Sutton Lionel <lhs3law@hotmail.com> wrote:

Jeff,

Joey, Tim and I signed the new OA. Please let me know when my salary will be paid up.
Also, let me know about the Thonn money.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910

SM-02-JA00383

New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

# Re: crown

From: lhs3law (lhs3law@hotmail.com)
Sent:  Fri 3/15/13 12:53 PM
To:    glen lerner (glenlerneresq@aol.com)

16,665

Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

-------- Original message --------
From: glen lerner <glenlerneresq@aol.com>
Date: 03/15/2013 12:25 PM (GMT-06:00)
To: Sutton Lionel <lhs3law@hotmail.com>
Subject: Re: crown

Ok. What do I owe you?  What did he send me for you?

Sent from my iPhone

On Mar 15, 2013, at 11:26 AM, Sutton Lionel <lhs3law@hotmail.com> wrote:

Jon told me that he just disbursed so you won't get it for a few days.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

**SM-02-JA00384**

CC: jcahill@glenlerner.com; miketbryant2000@yahoo.com
From: glenlerneresq@aol.com
Subject: Re: crown
Date: Fri, 15 Mar 2013 11:12:21 -0400
To: lhs3law@hotmail.com

Jeff. Did we receive Thon?  John may have but doesn't mean we did. Tiger, what was deal
on that?

Sent from my iPhone

On Mar 15, 2013, at 10:16 AM, Sutton Lionel <lhs3law@hotmail.com> wrote:

> Jeff,
>
> Joey, Tim and I signed the new OA. Please let me know when my salary will
> be paid up.
> Also, let me know about the Thonn money.
>
> Lionel H. Sutton, III
> 935 Gravier St., Ste. 1910
> New Orleans, LA  70112
> Office 504 592 3230
> Cell 504 957 4689

# RE: crown

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -       - - -

From: **Sutton Lionel** (lhs3law@hotmail.com)
Sent:  Fri 3/15/13 10:26 AM
To:     Glen Lerner (glenlerneresq@aol.com)

Jon told me that he just disbursed so you won't get it for a few days.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

SM-02-JA00385

SM-02-JA00386

# (No Subject)

From: **Sutton Lionel** (lhs3law@hotmail.com) You moved this
        message to its current location.
Sent:  Mon 6/03/13 2:39 PM
To:    jcahill@glenlerner.com (jcahill@glenlerner.com)

jeff,

you should have received the thonn check some time ago. when can i expect it.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

# may

From: **Sutton Lionel** (lhs3law@hotmail.com)
Sent:  Wed 5/22/13 10:10 AM
To:    jcahill@glenlerner.com (jcahill@glenlerner.com)
Cc:    Glen Lerner (glenlerneresq@aol.com)

Jeff,

Let me know when I can expect my May salary, as well as the final Thonn $ previously sent to you by
Jon.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689



EXHIBIT
S-15

*TAB* 23

**SM-02-JA00387**

# RE:

From: lhs3law (lhs3law@hotmail.com)
Sent:  Tue 5/14/13 6:29 PM
To:    Susan DeSantis (sdesantis@glenlerner.com)

Thanks

Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

-------- Original message --------
From: Susan DeSantis <sdesantis@glenlerner.com>
Date: 05/14/2013 6:23 PM (GMT-06:00)
To: Sutton Lionel <lhs3law@hotmail.com>
Subject: RE:

Just saw the check sitting  on Scott's desk (Jon's CFO).  It should be sent to Vegas
tomorrow.

**From:** Sutton Lionel [mailto:lhs3law@hotmail.com]
**Sent:** Tuesday, May 14, 2013 1:06 PM
**To:** Susan DeSantis
**Subject:**

Did you send Thonn to Jeff Cahill?

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

CONFIDENTIALITY NOTE: The information contained in this message may be legally privileged and
confidential information intended only for the use of the individual or entity named above. If the

**SM-02-JA00388**

reader of this message is not the intended recipient, an associate of, or affiliated with, the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited and may result in violations of Federal or State law. If you have received this message in error, please notify the sender of this message, and destroy the original message. Thank you.

# (No Subject)

From: **Sutton Lionel** (lhs3law@hotmail.com)
Sent:  Tue 5/14/13 1:05 PM
To:    sdesantis@glenlerner.com (sdesantis@glenlerner.com)

Did you send Thonn to Jeff Cahill?

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

# RE: thonn

From: **lhs3law** (lhs3law@hotmail.com)
Sent:  Thu 3/28/13 5:09 PM
To:    Jeff Cahill (jcahill@glenlerner.com)

Thanks Jeff

Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

-------- Original message --------
From: Jeff Cahill <jcahill@glenlerner.com>
Date: 03/28/2013 4:53 PM (GMT-06:00)
To: Sutton Lionel <lhs3law@hotmail.com>,Glen Lerner External <glenlerneresq@aol.com>

SM-02-JA00389

Subject: RE: thonn

We got the Thonn money in yesterday.  Will transfer to old Crown, LLC account - fund in the morning.

Jeffrey Cahill
Cell: 651-983-4794
Office: 702-214-5558

---

**From:** Sutton Lionel [mailto:lhs3law@hotmail.com]
**Sent:** Thursday, March 28, 2013 12:52 PM
**To:** Jeff Cahill; Glen Lerner External
**Subject:** FW: thonn

Jeff,

Thanks for the 30K last week and the 20k this week. According to your calculations, you still owe me 14k to catch up. Glen told me that I would have that by the end of this week. In exchange, I agreed to wait 1 week for my April payment of 10k.

Additionally, see email from Suzy below. Please advise.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA  70112
Office 504 592 3230
Cell 504 957 4689

---

Subject: RE: thonn
Date: Thu, 28 Mar 2013 10:35:15 -0700
From: sdesantis@glenlerner.com
To: lhs3law@hotmail.com

Yes. Wed. 3/20 to Jeff's attention in Vegas.
check # 1308   $16665.21   (50% Casey Thonn referral fee)

---

**From:** Sutton Lione [mailto:lhs3law@hotmail.com]
**Sent:** Thursday, March 28, 2013 9:54 AM
**To:** Susan DeSantis
**Subject:** thonn

SM-02-JA00391

[Execution Version]

LIONEL H. SUTTON, III

## AGREEMENT IN FURTHERANCE OF COURT'S ORDER APPOINTING CLAIMS ADMINISTRATOR

This Agreement (this "Agreement") is entered into as of November 1, 2012 (the "Effective Date") by and between Lionel H. Sutton, III, of legal age and having as his mailing address 935 Gravier Street, Suite 1910, New Orleans, LA 70112 ("Contractor"); and Patrick Juneau ("Juneau" or the "Claims Administrator"), as Claims Administrator of the Court Supervised Claims Program, and as Trustee of the *Deepwater Horizon* Economic and Property Damages Trust (the "Settlement Trust"), in furtherance of the Court's March 8, 2012 First Amended Order Creating Transition Process appointing Juneau as the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program (Doc. 5995) (the "Transition Order"), as well as further orders by the Honorable Carl Barbier of the United States District Court of the Eastern District of Louisiana in *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 ("MDL 2179") (the "Court").

### RECITALS

A.  The Court in MDL 2179 issued the Transition Order which appointed Juneau as the Claims Administrator of the Transition Process and the then-proposed Court Supervised Claims Program.

B.  Contractor will assist Juneau in carrying out the responsibilities of the Claims Administrator of the Court Supervised Claims Program.

C.  The *Deepwater Horizon* Economic and Property Damages Trust (the "Settlement Trust") was established as of May 4, 2012 for the purpose of, amongst other things, paying the costs of administering the Court Supervised Claims Program. The Settlement Trust was established pursuant to the order of the Court. The Settlement Trust has been structured and will be operated in a manner so that it qualifies as a "qualified settlement fund" under Section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation §1.468B-1.

D.  Pursuant to the "*Deepwater Horizon*" Economic Loss and Property Damages Settlement Agreement dated as of April 18, 2012 and approved on an interim basis by the Court (the "Settlement Agreement"), the Settlement Trust shall be solely responsible for all costs of the claims administration including the fees of agreed upon staff retained by the Claims Administrator to assist the Claims Administrator in carrying out the Claims Administrator Services as defined in Paragraph 1 below.

{00194244-1}



EXHIBIT
S-16

## AGREEMENT

NOW THEREFORE, in consideration of the recitals and undertakings contained herein, Contractor and Juneau agree as follows:

1.   Claims Administrator Services.

    a.      The description and scope of the services to be performed by Contractor are as set forth on attached Schedule 1. Contractor shall work at the direction of the Claims Administrator to assist with the Claims Administrator's responsibilities as set forth in: (a) the Transition Order (and any amendments or modifications thereof) and further orders of the Court; (b) the Settlement Agreement; and (c) as otherwise specified or ordered by the Court ("Claims Administrator Services"). Contractor shall perform such services in a professional manner and strictly in accordance with the Settlement Agreement, and otherwise in accordance with the Court's orders. Contractor further agrees to comply with all legal and ethical obligations related to assisting Juneau in his Court-appointed role as the Claims Administrator. Contractor shall comply with the foregoing obligations and duties. Contractor shall devote a substantial majority of its time to the assistance of the Claims Administrator in connection with the Claims Administrator's responsibilities as set forth above.

2.   Compensation.

    a.      Contractor shall be compensated by the Settlement Trust in the amount of $20,000.00 per month to provide assistance to the Claims Administrator in carrying out of Claims Administrator Services (the "Compensation"). Such Compensation shall be paid on a month-to-month basis starting as of, and retroactive to, the Effective Date, through and including the date which is the earlier of the date that: (i) the Court enters an Order closing the Court Supervised Claims Program; (ii) Juneau resigns, can no longer serve or is removed by the Court as the Claims Administrator; (iii) Contractor is terminated by the Claims Administrator for Cause; or (iv) Contractor terminates this Agreement upon at least thirty (30) days advance written notice (collectively, "Termination Events"). As used herein, "Cause" shall mean any of the following: (1) the failure of Contractor to perform the services in accordance with the requirements of Paragraph 1 and attached Schedule 1, which failure is not cured within ten (10) days after written notice thereof, (2) the breach by Contractor of any other obligations under this Agreement, which breach is not cured within ten (10) days of written notice thereof, (3) the commission of any act or any omission involving gross negligence, fraud, or other intentional or willful misconduct by Contractor, and (4) any other violation of a statute, regulation, order, decree or Court requirement by Contractor.

    b.      In addition to the Compensation, Contractor shall be reimbursed by the Settlement Trust on a monthly basis the reasonable and necessary expenses incurred by Contractor in order to assist the Claims

{00194244-1}

– 2 –

**SM-02-JA00393**

Administrator in carrying out the Claims Administrator Services (the "Expenses"). Such reimbursable Expenses shall include travel and travel-related expenses (mileage, lodging, parking, meals, etc.) when such expenses are incurred in the course of assisting the Claims Administrator in carrying out the Claims Administrator Services. Any single expenditure of more than $2,000, or expenditures exceeding $5,000 in the aggregate in any individual calendar month, shall require advance written approval by the Claims Administrator or his Chief Financial Officer.

3.     Funding Mechanism for Payment of Compensation and Expenses.

    a.     The Compensation and Expenses shall be paid by the Settlement Trust to Contractor (Tax EIN 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) via wire transfer out of an account to be determined by the Settlement Trust on a monthly basis on the 15th day of each month (the "Claims Administration Account").

    b.     Contractor shall submit to the Settlement Trust invoices and supporting documentation for all Expenses for payment from the Claims Administration Account at least fifteen (15) calendar days prior to the payment date described in Paragraph 3(a) above. Copies of all invoices and supporting documentation shall be provided to BP Exploration & Production, Inc. ("BP") at the same time when such invoices and supporting documentation are submitted to the Settlement Trust for payment from the Claims Administration Account.

    c.     The Settlement Trust has the right to audit and challenge the payment of any Expenses on the grounds that such amounts are not reasonable and necessary for Contractor to assist the Claims Administrator in carrying out the Claims Administrator Services. If Contractor contests the Settlement Trust's rejection of any Expenses, Contractor may present the dispute to the Court for resolution.

4.     Term and Termination. This Agreement shall be effective as of the Effective Date and shall terminate upon the happening of a Termination Event. The audit right of the Settlement Trust under Paragraph 3(c) shall survive any termination or expiration of this Agreement.

5.     Notices. All notices and correspondence required to be given by this Undertaking shall be delivered by hand or certified mail, return receipt requested and postage pre-paid, or by a nationally recognized courier service, or by facsimile transmission, and be addressed as follows:

{00194244-1}

SM-02-JA00394

If to Contractor

        Lionel H. Sutton, III
        Sutton and Reitano
        935 Gravier St., Suite 1910
        New Orleans, LA  70112
        Telephone: 504-592-3230
        Fax: 504-585-1789
        Email: lhs3law@hotmail.com

If to BP:

        Mark Holstein
        BP Legal
        501 Westlake Park Boulevard
        Houston, Texas 77079
        Tel.: 281-366-8895
        FAX: 281-366-5901

If to Juneau:

        Patrick Juneau
        The *Deepwater Horizon* Economic and Property Damages Trust
        935 Gravier Street, Suite 1905
        New Orleans, LA 70112
        Telephone: (504) 264-9740
        Fax:      (504) 264-9746
        Email: mjj@dheclaims.com

      6.    Independent Contractor.  The parties hereto intend that Contractor is and shall continue to be an independent contractor throughout the term of this Agreement.  Contractor is not to be considered an employee or agent of any party for any purpose in connection with its role assisting Juneau in carrying out the responsibilities of the Claims Administrator of the Court Supervised Claims Program, including, but not limited to, for purposes of the Federal Insurance Contribution Act, the Social Security Act, the Federal Unemployment Tax Act, income tax withholding (federal, state and local) and any and all state taxes.  Contractor agrees to timely file any necessary federal and state income tax returns, whether quarterly, annual or otherwise.

      7.    Conflict of Interest and Recusal.  Contractor represents, warrants and covenants that it will assist Juneau in carrying out the responsibilities of the Claims Administrator of the Court Supervised Claims Program in a professional manner and that it will do so at all times during the term of this Agreement free of any conflict of interest as an independent contractor not affiliated with any other person or entity other than the Claims Administrator. Contractor shall have no authority to hire any sub-contractor or other person or entity to perform any Claims Administration Services or other services related to the Court Supervised Claims Program.

{00194244-1}

SM-02-JA00395

Contractor will take appropriate steps to avoid even the appearance of a conflict of interest or loss of impartiality with respect to the performance of her official duties as part of the Court Supervised Claims Program. Contractor shall not participate, without prior written approval from the Claims Administrator, in any activity that presents or would appear to present to a reasonable person who is knowledgeable of the relevant facts, a conflict of interest with the Court Supervised Claims Program. However, merely being acquainted with an individual who, or entity that, has made a claim with the Transition Process and/or the Court Supervised Claims Program does not by itself require Contractor to be recused from official activities that relate to the Court Supervised Claims Program. Contractor is not allowed to perform any official duties in the Court Supervised Claims Program that relate to any former employer of Contractor with respect to the Court Supervised Claims Program without prior written approval of the Claims Administrator.

8.     Miscellaneous.  The terms and conditions of this Agreement constitute the entire agreement between Contractor and Juneau relating to the subject matter of this Agreement and shall supersede all previous agreements and understandings between Contractor and Juneau with respect to the subject matter of this Agreement.  Each party represents and warrants to the other that the individual executing this Agreement on behalf of each party has the power and authority to do so, and that this Agreement constitutes a legal, valid and binding obligation of such party enforceable against such party in accordance with its terms.  This Agreement shall inure to the benefit of and be binding upon Contractor and Juneau, and shall not be assigned by any party without the prior written consent of the other party.  This Agreement shall be governed by and construed in accordance with the laws of the State of Louisiana without giving effect to its principles of conflict of laws.  The terms of this Agreement may be amended only upon the written consent of Contractor and Juneau.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Effective Date.

Lionel H. Sutton, III

Patrick Juneau,
Claims Administrator of the
Court Supervised Claims Program,

and

Trustee of the *Deepwater Horizon* Economic and
Property Damages Trust

[00194244-1]

– 5 –

SM-02-JA00396

## Schedule 1

### Description and Scope of Service

Contractor will serve as Claims Counsel for the Claims Administrators Office with the following responsibilities:

- Work with the Parties to identify any policy/legal issues and seek resolution at the direction of the Claims Administrator
- Assist the Claims Administrator with interpretation of the Settlement Agreement, Court Orders and other legal documents
- Work with the vendors and Claims Administrator's staff on legal issues and provide guidance as needed

{00194244-1}

SM-02-JA00397

## RE: Sutton Agreements

*16A*

| | |
|---|---|
| Item ID: | 308210 |
| Subject: | RE: Sutton Agreements |
| From: | Sutton Lionel <lhs3law@hotmail.com> |
| To: | dodom@dheclaims.com, creitano@dheclaims.com |
| Sent: | November 15, 2012 11:16:21 AM CST |
| Received: | January 2, 2013 3:25:07 PM CST |
| Attachments: | Signature - Odom rev3[5].png |

| | |
|---|---|
| Content Created: | November 15, 2012 11:16:21 AM CST |
| File Last Modified: | July 14, 2013 12:09:12 AM CDT |
| File Last Accessed: | July 25, 2013 2:32:48 PM CDT |
| File Created: | July 25, 2013 2:32:48 PM CDT |

| | |
|---|---|
| Message Hash: | dda23f4cc99233dc69f2b17120a2df41 |
| Message ID: | <BAY165-W846610041C338C704C3B3F1520@phx.gbl> |

| | |
|---|---|
| My tags: | Produce, Sutton |

I have a question about Contractor shall devote "substantially all of his time". Pat and I agreed that I could continue with some private practice and that was reflected in the negotiated salary. I'm ok if this is boilerplate but I don't want it to come back and bite me later.

Lionel H. Sutton, III
935 Gravier St., Ste. 1910
New Orleans, LA 70112
Office 504 592 3230
Cell 504 957 4689

From: dodom@dheclaims.com
To: lhs3law@hotmail.com; creitano@dheclaims.com
Subject: Sutton Agreements
Date: Thu, 15 Nov 2012 17:06:07 +0000
Are you good with these agreements?

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.



EXHIBIT
S-16A

## Headers

| | |
|---|---|
| Received: | from pod51019.outlook.com [157.56.241.6]<br>by DHE-Archiver.dheclaims.com with POP3 (Message Archiver)<br>for <nobody@127.0.0.1> (single-drop); Wed, 02 Jan 2013 15:25:07 -0800 (CST) |
| Received: | from CH1PRD0811HT005.namprd08.prod.outlook.com (10.255.155.40) by<br>BY2PRD0810HT003.namprd08.prod.outlook.com (10.255.94.38) with Microsoft SMTP<br>Server (TLS) id 14.16.233.3; Thu, 15 Nov 2012 17:16:36 +0000 |
| Received: | from CH1PRD0811HT001.namprd08.prod.outlook.com (10.255.155.36) by<br>CH1PRD0811HT005.namprd08.prod.outlook.com (10.255.155.40) with Microsoft SMTP<br>Server (TLS) id 14.16.233.3; Thu, 15 Nov 2012 17:16:35 +0000 |
| Received: | from mail150-va3-R.bigfish.com (216.32.180.114) by<br>CH1PRD0811HT001.namprd08.prod.outlook.com (10.255.155.36) with Microsoft SMTP<br>Server (TLS) id 14.16.233.3; Thu, 15 Nov 2012 17:16:31 +0000 |
| Received: | from mail150-va3 (localhost [127.0.0.1]) by<br>mail150-va3-R.bigfish.com (Postfix) with ESMTP id DE0074E0114; Thu, 15 Nov<br>2012 17:16:30 +0000 (UTC) |
| X-Forefront-<br>Antispam-Report: | CIP:65.54.190.84;KIP:(null);UIP:(null);IPV:NLI;H:bay0-omc2-s9.bay0.hotmail.com;RD:bay0-<br>omc2-s9.bay0.hotmail.com;EFVD:NLI |
| X-SpamScore: | 8 |
| X-BigFish: | ps8(zzc85dhzz1de0h1ce5h1202h1d1ah1d2ah631m1082kzz8275bh17fa9ahz2fh668h839hd2<br>5he5bh1217h1288h12a5h12bdh137ah13eah1441h1504h1537h153bh162dh1631h34h1155h) |
| Received-SPF: | pass (mail150-va3: domain of hotmail.com designates 65.54.190.84 as permitted sender)<br>client-ip=65.54.190.84; envelope-from=lhs3law@hotmail.com; helo=bay0-omc2-<br>s9.bay0.hotmail.com ;.hotmail.com ; |
| Received: | from mail150-va3 (localhost.localdomain [127.0.0.1]) by mail150-va3<br>(MessageSwitch) id 1352999788128669_6883; Thu, 15 Nov 2012 17:16:28 +0000<br>(UTC) |
| Received: | from VA3EHSMHS026.bigfish.com (unknown [10.7.14.245]) by<br>mail150-va3.bigfish.com (Postfix) with ESMTP id 115FF10004A; Thu, 15 Nov 2012<br>17:16:28 +0000 (UTC) |
| Received: | from bay0-omc2-s9.bay0.hotmail.com (65.54.190.84) by<br>VA3EHSMHS026.bigfish.com (10.7.99.36) with Microsoft SMTP Server id<br>14.1.225.23; Thu, 15 Nov 2012 17:16:22 +0000 |
| Received: | from BAY165-W8 ([65.54.190.124]) by bay0-omc2-s9.bay0.hotmail.com<br>with Microsoft SMTPSVC(6.0.3790.4675);  Thu, 15 Nov 2012 09:16:21 -0800 |
| Message-ID: | <BAY165-W846610041C338C704C3B3F1520@phx.gbl> |
| Content-Type: | multipart/related;<br>boundary="_d7895f88-4e29-43d2-869c-93750047b9cf_" |
| X-Originating-IP: | [199.68.191.66] |
| From: | Sutton Lionel <lhs3law@hotmail.com> |
| To: | <dodom@dheclaims.com>, <creitano@dheclaims.com> |
| Subject: | RE: Sutton Agreements |
| Date: | Thu, 15 Nov 2012 11:16:21 -0600 |
| In-Reply-To: | <79EAB6315D41CC4FA6B962997C98DE7511FC9F76@CH1PRD0811MB444.namprd08.pr<br>od.outlook.com> |
| References: | <35CA275ECC9ACB4391431CF3949DE6D801EB5D84@BLUPRD0811MB413.namprd08.pr<br>od.outlook.com>,<79EAB6315D41CC4FA6B962997C98DE7511FC9F76@CH1PRD0811MB<br>444.namprd08.prod.outlook.com> |
| X-<br>OriginalArrivalTime: | 15 Nov 2012 17:16:21.0977 (UTC) FILETIME=[EF1A7490:01CDC354] |
| X-MS-Exchange-<br>Organization-SCL: | 1 |
| X-MS-Exchange-<br>Organization-<br>AVStamp-Mailbox: | MSFTFF;1;0;0 0 0 |
| X-MS-Exchange-<br>Transport-Rules-<br>Loop: | 1 |
| X-MS-Exchange-<br>Organization-<br>AuthSource: | CH1PRD0811HT001.namprd08.prod.outlook.com |

**SM-02-JA00399**

| | |
|---|---|
| X-MS-Exchange-Organization-AuthAs: | Anonymous |
| MIME-Version: | 1.0 |
| X-Barracuda-MA-Envelope: | lhs3law@hotmail.com,nobody@127.0.0.1 |

SM-02-JA00400

| | |
|---|---|
| **From:** | Christine Reitano <creitano@dheclaims.com> |
| **Sent:** | Sunday, July 1, 2012 9:59 AM |
| **To:** | Jennifer Keough |
| **Subject:** | Re: Sarasota |

Sent from my iPhone

On Jul 1, 2012, at 1:55 PM, "Jennifer Keough"
<jennifer.keough@gardencitygroup.com> wrote:

> Christine - I spoke to Neil.  He thinks it would be a good idea if
> Tiger
called him before calling Mr. Juneau on Monday.  Neil's direct line is 631-470-5154.  Hope your having a great time.
>
> Jennifer M. Keough
> Chief Operating Officer
> GCG
> 1531 Utah Ave S Suite 600
> Seattle, WA 98134
> Phone: (206) 876-5276
> Email: jennifer_keough@gcginc.com
> www.gcginc.com
>
> ----- Original Message -----
> From: Christine Reitano
> Sent: Friday, June 29, 2012 10:50 PM
> To: Jennifer Keough
> Subject: Re: Sarasota
>
> Jennifer - thank you - the visit was great - I love seeing the various
moving parts of this epic program!
>
> Have to tell you that an email from Orran today confirmed your
> sentiments
about the GCG/BG meeting yesterday, wholeheartedly.  I am so encouraged and optimistic that we will all be able to work together in a very complimentary fashion, maximizing the talents and efforts of all, and ultimately maximizing the benefit to claimants.
>
> Spoke to Tiger - he's interested!  He, like the rest of us, is
> somewhat
burned out on the traditional practice of law.  He's followed everything I have been doing so far (he's had no choice - I consult with him constantly!) and also, really feels he could work well with you and Neil.  He is going to call Pat on Monday to get his thoughts.
>
> Otherwise, I do have a few other people in mind, not sure of their
availability or willingness to make a move - but I will inquire.
>
> Great seeing you, always a perfect hostess, safe trip back, I'll

1



**SM-02-JA00401**

> follow
up with you soon,
>
> Christine
> Sent from my iPhone
>
> On Jun 29, 2012, at 1:57 PM, "Jennifer Keough"
<jennifer.keough@gardencitygroup.com> wrote:
>
>> Christine - Thanks much for taking the time to visit today.  If I
>> don't
talk to you have a great weekend.  I'll have shirts (for you and Mr. Juneau) and the pamphlets sent to you so they will be
there when you return to NOLA.
>>
>> When you can, talk to Tiger about that other issue and the referral
>> and
see what he thinks.
>>
>> Best, Jen
>>
>> Jennifer M. Keough
>> Chief Operating Officer
>> GCG
>> 1531 Utah Ave S Suite 600
>> Seattle, WA 98134
>> Phone: (206) 876-5276
>> Email: jennifer_keough@gcginc.com
>> www.gcginc.com
>>
>> _____
>>
>> This communication (including any attachments) is intended for the
>> use
of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any
unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication
in error, please immediately notify the sender by return e-mail message and delete all copies of the original
communication. Thank you for your cooperation.
>>
>
>
> This email (and any attachments) is confidential and is intended for
> use
solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding,
copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any
attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it
is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you
have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.
>
>

2

**SM-02-JA00402**

SM-02-JA00403

*17*

Michael Juneau

| | |
|---|---|
| From: | lhs3law <lhs3law@hotmail.com> |
| Sent: | Friday, June 21, 2013 8:13 AM |
| To: | Patrick Juneau; Michael Juneau |
| Subject: | Resignation |

Pat,

I spent all night thinking about this matter and I now understand how my previous and ongoing business relationship with Lerner creates a conflict with my employment at the DHEC office. I recognize that from an outsider's perspective, Lerner using fees received from this program to fund a business that I had a minority interest in is effectively giving me a financial interest in those fees, particularly in a case like Thonn where the funding can be directly tied to the fee. From my perspective, and having full knowledge of the lengths you go to insure that this program is operated 100% above board, the thought of a conflict never entered my mind. It is because of my knowledge of how you operate this program that I am submitting my immediate resignation. I can say with a clear conscience that I never used my position to influence any claim made by the Andry Lerner group. I do not recall ever discussing any of their cases with anyone in the program other than perhaps a status update which I did on countless claims for all lawyers and claimants.  I believe the Thonn claim was calculated before I even started working there and it was part of the seafood program which was completely separate from anything I was involved in. I periodically checked the status of that claim at Thonn's request because he needed the money, not at Lerner's request and not for my benefit. Pat, I know that you run this program with honesty and attention to detail that is unprecedented. I am thankful for the opportunity you gave me and I am deeply ashamed and sincerely apologize for the trouble I have caused. I will cooperate fully in any further investigation and will do anything else I can to help restore all parties' confidence in your stewardship.

Tiger


Lionel Sutton

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone



EXHIBIT

**SM-02-JA00404**

SM-02-JA00405

*18*

CONFIDENTIAL

To:     Patrick A. Juneau, Claims Administrator

From: Michael J. Juneau, Special Counsel

Re:     Lionel Sutton III matter

Date: June 20, 2013

The following is an outline of the steps I have taken to assist in the investigation into this matter up to the point of our June 19, 2013, 6:25 pm, meeting wherein David Welker presented to you the findings from his investigation into Tiger Sutton's office computer:

Monday, June 17, 2013: I was present with you during a meeting with Tiger Sutton, at which time he was questioned about any financial interest in any claim(s) filed in the settlement program. His responses were the following:

*PRIOR STATEMENT SUTTON*

- He personally had filed a registration form before he was hired to do any work for the DHECC. But that claim was never pursued. It was abandoned given the clear prohibition to asserting any such claim as a condition of being hired to work for the DHECC. He was instructed to make sure that any such file is very clearly documented to show that the claim is completely abandoned.
- Sutton & Reitano had represented a claimant by the name of Thonn. But that claim was referred out, again based on the conditions of his hiring. He provided the claimant with the names of two attorneys as possible new counsel —John Andry and Sal Brocato. John Andry became this client's new counsel. Tiger confirmed that he retained absolutely no financial interest in this claim. He received no referral fee nor any compensation of any kind — and had no future financial interest either.
- Tiger was unclear about a second client. He "thought" the name was something like Bakkes Racing. But this was a client that he thought was Christine Reitano's. He thought this client may have been represented by Sal Brocato. And he was not sure whether this client had actually filed a BP claim. But in any event, he had no financial interest of any kind in any such claim.
  Tiger noted that he is estranged from his father and some other family members. He is not aware of any claims being filed on their behalf and certainly has no financial interest in any claims that he is aware of being filed.
- Tiger was very clear and adamant on the underlying issue as a whole. He fully understands that he is prohibited from having any financial interest in any claim. He absolutely has not had (nor does he now have) any financial interest in any

1


EXHIBIT
S-18

**SM-02-JA00406**

claim filed in the settlement program — no shared fee, no referral fee, no financial interest of any kind.

<u>Monday, June 17, 2013:</u> I reviewed the Casey Thonn claimant file (100051739) in the DHECC database. In particular, I reviewed Seafood Claim 1419691 in more detail. It looks like this claim involved an award that Claimant was not satisfied with. Claimant appealed the Program's award. The Appeal Panelist rejected Claimant's appeal, finding that the CA's award calculation was correct. The Appeal Panelist adopted BP's Final Proposal and rejected Claimant's Final Proposal. I was not able to locate any claim on behalf of Bakkes Racing in the DHECC database.

<u>Monday, June 17, 2013:</u> Per Pat Juneau's instruction, I had BrownGreer place a "hold" on any payment going out on the BEL claim of Andry Law Firm (54566). Andrew Oxenreiter at BrownGreer confirmed that that payment had not yet been released and that the hold was put in place as requested.

<u>Tuesday, June 18, 2013:</u> I spoke with John Andry by telephone. I questioned him about any financial interest that anyone in the DHECC may have in any claims that John Andry might be involved with. He acknowledged that he and Tiger Sutton are friends, and that a former Sutton client, Casey Thonn, is now represented by Andry. But he made very clear that Tiger Sutton had no financial interest of any kind in any claim of Casey Thonn. And the same was true in general — that Tiger Sutton had no financial interest (no shared fee, no referral fee, nothing) in any claim that John Andry was handling. And the same was true of the DHECC office in general John Andry was aware of no financial interest of any kind that any DHECC personnel had in connection with any claims in the settlement program.

<u>Tuesday, June 18, 2013:</u> I spoke with Christine Reitano to try to get a correct spelling / correct name for the possible Bakkes Racing claim that Tiger Sutton had been unclear about. She thought that the correct spelling might be Backes, but she likewise was unclear as to whether a claim had actually been filed. I later was unable to find any claim for Backes Racing in the DHECC database.

<u>Wednesday, June 19, 2013:</u> I met with Tiger Sutton early morning and told him that I needed to meet with both him and Christine Reitano as soon as they were both in the office that morning. Tiger asked why, and I told him that it concerned the allegations that I discussed with him and Pat Juneau earlier in the week. Tiger expressed concern that Christine Reitano would be present this time because he had not previously discussed these subjects with her.

I met with both Tiger Sutton and Christine Reitano once Christine arrived for work in the morning. I advised both that Pat Juneau had determined that both should be placed on paid leave for the time being, pending further investigation. They were advised to refrain from performing further duties until instructed otherwise by Pat Juneau. I confirmed that instruction

2

*/ 8 /4*

On June 20, 2013, Lionel H. Sutton (Tiger) was interviewed at 935 Gravier Street, Suite 1905, New Orleans, Louisiana by Michael Juneau, Patrick Juneau and David Welker, regarding allegations of misconduct.

Tiger Sutton indicated he didn't understand what was going on and was not sure of the allegations against him. He was then advised of the allegations that he had taken a kickback on a claim and had attempted to influence the BEL Andry Law Firm claim when it was being processed. He was concerned that someone was looking at his e-mails, especially those from his law firm.

Michael Juneau showed him an e-mail in which Tiger Sutton said, "Did you check on my Thonn fee?" Tiger commented that Thonn owed him money. He could not answer why he called it, "my fee." It was not his fee from the Thonn claim and doesn't know why he called it his fee. Thonn was a case he worked for a year and said even if he got paid for a case he worked for a year before he joined the program, he didn't see the issue. He advised that any money Lerner sends is his for his role in Crown, L.L.C. Lerner owed him money for the public relations expenses of Crown, L.L.C. Anytime Lerner settles any kind of case, he hounded Lerner to send him money that he owed him. He was to receive $15,000 per month for public relations (PR) costs and a salary of $10,000 per month from Glen Lerner. By way of background, he and Jon Andry had a cellular telephone case settled in 2009. Jon was to pay him $1 million but shorted him. He and Jon never talked again. Last year he was in Florida with Glen Lerner and Lerner talked about going into business with Jon. He didn't think it was a good idea. When he referred the Thonn case to Andry Lerner L.L.C., he told them the case was for Lerner so he could use the money to pay him the money he was owed. He again emphasized that he didn't get any money from the Thonn claims. He recalled that he had another case with Thonn from an auto wreck Thonn was involved in. He said the auto wreck case was in the January/February 2013 time frame and Thonn received approximately $16600. He noted that Andry and Lerner were not involved in that case and he was paid directly by the insurance company. He noted that Casey Thonn received money for his VoO claim 10/26/12, which was before he worked at the settlement. The VoO claim was for a set amount of money. He indicated he had told Mike about that claim. He also indicated that Casey Thonn had been talking to him the whole time because Thonn was dating a girl that worked at Brown Greer and after they broke up, he was concerned that she would impact his claim. He realized that when he called the money his "fee" it looked bad. He does not know what the Thonn claim settled for or what the fee was.

He indicated Glen Lerner and Jon Andry are partners in a business, Andry Lerner L.L.C. and he and Glen Lerner are partners in a business called Crown L.L.C. He indicated that Lerner pays the advertising costs for Jon Andry's Law Firm. They call him to determine why claims are so slow. He indicated he checked their claims and it was because they file claims without registration forms. He advised that the Suzie mentioned in the e-mails is Glen Lerner's secretary who handles money from Jon Andry. He and glen Lerner started a water cleaning company, Crown L.L.C. and Lerner agreed to fund $ 1 million for twenty five percent of the corporation. When they started the company, Lerner did not put up all the money at once and he was piecemealing the money to him and the other partners. They told Lerner they needed more money but in exchange, Lerner wanted more shares. As of August 2012, they had agreed that Lerner would pay Tiger Sutton a salary of $10,000 per month, Joey a salary of $10,000 per month, Tim a salary of $10,000 per month, fund public relations at $15,000 per month, and fund the costs of


EXHIBIT
S-18A

demonstrating the machine. They initially had 25% of the shares each between Joey, Tim, Tiger and Lerner. He, Tim, and Joey reduced their shares to 17% each in exchange for $10,000 per month and Lerner funding $15,000 per month for PR. He indicated he wanted to keep the same deal that Joey and Tim had and that is why he agreed to reduce his shares in exchange for the cash. Joey and Tim were friends of his and he brought Lerner into Crown. All Crown money came to him and he paid the bills and the cost of PR but Jeff took over the bills and Jeff handles the new Crown account. He didn't receive his promised $10,000 per month until November or December 2012 and he told Lerner to pay him when he got the money. The $10,000 was his "walking around money" that Christine doesn't know much about Crown. The old deal between partners ended May 31, 2013 and they are in the process of renegotiating their deal. They plan to knock down Joey's and Tim's shares from 17% to 14% in exchange for continued receipt of $10,000 per month. He wants Glen Lerner to pay the full amount. Glen Lerner owed him $100,000, but also owed money to Crown L.L.C. Christine does not know a lot about Crown. Regarding the e-mails, every time he discussed sending money, it was for Crown L.L.C. They were "loosey goosey" with the Crown account because they were all friends. He stated that has been constant since 2009. He indicated that the $4900 referred to as his share of Thonn was not money owed to him because of the settlement money. When it said Jon was to send the $4900 to Glen, it wasn't Jon's share, it was Glen's share. When he wrote it he didn't think it looked suspicious. He was making sure Glen Lerner got his share of the Thonn fee and then used the money for Crown L.L.C. He indicated he receives $20,000 a month from his role with the settlement program he would not risk that to take $4900 for a fee. This had everything to do with Crown, L.L.C. and money owed to Crown. Lerner complained that he didn't have any money to pay the Crown expenses until he settled cases. When Lerner settles a claim, the funds go to Jon to pay for Crown, however, when Lerner gets money he owes it to Crown. He checked on the status of the Thonn claim because they asked him to check on it. He never looked at it being a financial interest in Jon's cases. They only reason they referred the Thonn claim to Jon was because Christine came to work at the settlement program. When he and Christine represented Thonn, Thonn had a VoO claim and a seafood claim. When he referred the claim to Jon, he thought it was only one seafood claim but he actually had another seafood claim. He never felt like he was trying to influence any claim and he referred to the Townes claim. Mike Juneau asked Tiger about the e-mail where he tells Lerner, "you forget, I am working hard for you to make you $ so you can pay for shit." He explained it meant that he is helping them get paid so he in turn gets paid through Crown. He understood how the words "my fee," looks but if he was worried about it he wouldn't have used those words. He never looked at it that way and it never crossed his mind that it looked suspicious. Because Lerner owed him so much money, when he became aware that Andry settled a claim, he would e-mail them and say,"Jon got paid on a BP claim last week send me that". When Lerner got a case settled, he would say, "Send me that." The e-mail referring to 50% of the Thonn fee $16665 was referring to Glen's share of the Thonn claim, not Thonn's automobile accident case.

He noted that if he was dishonest, he wouldn't have done it that way, at least not about the money. He loves working here. He indicated he believed this to be an issue between him and Pat Juneau because it makes it look like he was being dishonest with Pat, because he told him he did not have a financial interest in any claim. His only excuse was that he never thought about the wording he used. There was nothing to suggest he was doing anything wrong in his job. He doesn't believe he violated his contract

and doesn't see how it did anything to the program. He questioned if they thought he did anything to influence the Thonn claim. There is nothing he can do to influence a claim. He never looked at it like he had a financial interest in a case but he knew when Jon got money and since Jon "jacked" him once, he wanted to ensure Glen Lerner got his money. He even told Glen to call Jon. Jon and Gibby want to know why they aren't getting their money.

Clearly he has to go because of the cost of suspicion, but he wouldn't give up his job for $4900. He didn't know what else to say and felt he would lose his marriage if Christine lost her job. He didn't feel that he had given a satisfactory explanation because he didn't have one to give. He felt like he was an asset to the program and doesn't see that he has done anything wrong. He doesn't want to leave the program and doesn't want his role to end.

SM-02-JA00410

SM-02-JA00411

## Fwd: Status/Sher Garner Claim

*19*

| | |
|---|---|
| Item ID: | 306037 |
| Subject: | Fwd: Status/Sher Garner Claim |
| From: | Curtis, Martha <MCurtis@SHERGARNER.com> |
| To: | Lionel Sutton <lsutton@dheclaims.com> |
| Cc: | Garner, James M. <JGarner@SHERGARNER.com> |
| Sent: | June 19, 2013 10:35:21 PM CDT |
| Received: | June 19, 2013 10:35:57 PM CDT |
| | |
| Content Created: | June 19, 2013 10:35:21 PM CDT |
| File Last Modified: | July 14, 2013 12:44:50 AM CDT |
| File Last Accessed: | July 25, 2013 1:48:30 PM CDT |
| File Created: | July 25, 2013 1:48:30 PM CDT |
| | |
| Message Hash: | 299a3f543171ee0d86d8497c4b84381e |
| Message ID: | <8DF6D21B-2CBF-41FC-8493-80C1AA7DCC29@SHERGARNER.com> |
| | |
| My tags: | Produce |

Tiger:

Please call me tomorrow. We still have NOT received the law firm's Eligibility Notice which you said we should have received on Monday.

Martha Y. Curtis

Cell: 504-782-4659

Begin forwarded message:

From: "Curtis, Martha" <MCurtis@SHERGARNER.com<mailto:MCurtis@SHERGARNER.com>>

Date: June 18, 2013 9:53:26 PM CDT

To: Lionel Sutton <lsutton@dheclaims.com<mailto:lsutton@dheclaims.com>>

Cc: "Garner, James M." <JGarner@SHERGARNER.com<mailto:JGarner@SHERGARNER.com>>

Subject: Re: Status/Sher Garner Claim

Tiger:

I hate to be a pest. But we still have not received an Eligibility Notice for the law firm's claim which you said we should have gotten yesterday. Could you please check on and let us know the status?

Martha Y. Curtis

Cell: 504-782-4659

On Jun 15, 2013, at 11:02 PM, "Lionel Sutton"

<<mailto:lsutton@dheclaims.com>lsutton@dheclaims.com<mailto:lsutton@dheclaims.com>> wrote:

You should get that Monday

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

-------- Original message --------

From: "Curtis, Martha"

<<mailto:MCurtis@SHERGARNER.com>MCurtis@SHERGARNER.com<mailto:MCurtis@SHERGARNER.com>>

Date: 06/15/2013 10:36 PM (GMT-06:00)

To: Lionel Sutton <<mailto:lsutton@dheclaims.com>lsutton@dheclaims.com<mailto:lsutton@dheclaims.com>>

Cc: "Garner, James M."

<<mailto:JGarner@SHERGARNER.com>JGarner@SHERGARNER.com<mailto:JGarner@SHERGARNER.com>>

Subject: Re: Status/Sher Garner Claim

Tiger:

We got the Eligibility Norice for Center for Restorative Breast Surgery this past week. Thanks for all your hard work in getting it past the goal line.



Unfortunately, we still have not received an Eligibility Notice for the Sher Garner law firm claim. As you know, this claim entered "Quality Control" more than a month ago. Can you help us to get the Eligibility Notice for this claim issued?

Martha Y. Curtis

Cell: 504-782-4659

On Jun 7, 2013, at 1:07 PM, "Lionel Sutton"

<<mailto:lsutton@dheclaims.com><mailto:lsutton@dheclaims.com>lsutton@dheclaims.com<mailto:lsutton@dheclaims.com>> wrote:

Martha,

Notice on the Center for Surgery should go out tonight or tomorrow. I understand that the SG claim is done and notice should issue any day now.

We have completed our investigation and cannot find anything that would have allowed BP to see your award before notice. However, we will continue to monitor other law firm claims.

We are concerned about the threat that a claimant's personal financial information may be used against them in an unrelated matter. You should bring that to the attention of class counsel. We will assist in any manner necessary to preserve the integrity of this program.

<image003.png>

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

## Re: Status/Sher Garner Claim

| | |
|---|---|
| **Item ID:** | 257756 |
| **Subject:** | Re: Status/Sher Garner Claim |
| **From:** | Curtis, Martha <MCurtis@SHERGARNER.com> |
| **To:** | Lionel Sutton <lsutton@dheclaims.com> |
| **Cc:** | Garner, James M. <JGarner@SHERGARNER.com> |
| **Sent:** | June 15, 2013 10:35:59 PM CDT |
| **Received:** | June 15, 2013 10:36:43 PM CDT |

*19*

| | |
|---|---|
| **Content Created:** | June 15, 2013 10:35:59 PM CDT |
| **File Last Modified:** | July 14, 2013 12:45:49 AM CDT |
| **File Last Accessed:** | July 25, 2013 2:33:41 PM CDT |
| **File Created:** | July 25, 2013 2:33:41 PM CDT |

| | |
|---|---|
| **Message Hash:** | db133f87fe756a49b61d549b8f5d2edb |
| **Message ID:** | <31AE10CA-6EEF-4F34-9E0C-80364C148344@SHERGARNER.com> |

| | |
|---|---|
| **My tags:** | Produce |

Tiger:

We got the Eligibility Notice for Center for Restorative Breast Surgery this past week. Thanks for all your hard work in getting it past the goal line.

Unfortunately, we still have not received an Eligibility Notice for the Sher Garner law firm claim. As you know, this claim entered "Quality Control" more than a month ago. Can you help us to get the Eligibility Notice for this claim issued?

Martha Y. Curtis

Cell: 504-782-4659

On Jun 7, 2013, at 1:07 PM, "Lionel Sutton" <lsutton@dheclaims.com<mailto:lsutton@dheclaims.com>> wrote:

Martha,

Notice on the Center for Surgery should go out tonight or tomorrow. I understand that the SG claim is done and notice should issue any day now.

We have completed our investigation and cannot find anything that would have allowed BP to see your award before notice. However, we will continue to monitor other law firm claims.

We are concerned about the threat that a claimant's personal financial information may be used against them in an unrelated matter. You should bring that to the attention of class counsel. We will assist in any manner necessary to preserve the integrity of this program.

<image003.png>

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

SM-02-JA00415

## RE: DwH Legal Dept. Meeting - Agenda

| | |
|---|---|
| **Item ID:** | 629729 |
| **Subject:** | RE: DwH Legal Dept. Meeting - Agenda |
| **From:** | Lionel Sutton </o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=30098a26c6f346d19566e7afcf4abe65-lsutton> |
| **To:** | Michael Juneau </o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=e4890b59d13d4c2b9f1393082b24b068-mjuneau> |
| **Sent:** | November 29, 2012 3:31:13 PM CST |
| **Received:** | November 29, 2012 3:31:00 PM CST |
| **Content Created:** | November 29, 2012 3:28:08 PM CST |
| **Message Hash:** | 9eb7e25fad3e9d446249bbcadd4e8313 |
| **My tags:** | Produce |

Yes. We spoke at length today. Why don't you add that to our agenda also.

2. Subsistence claims: impairment vs. fear

From: Michael Juneau
Sent: Thursday, November 29, 2012 3:28 PM
To: Lionel Sutton
Subject: Re: DwH Legal Dept. Meeting - Agenda

Got it. Did Ken Dejean reach you yesterday?

Michael J. Juneau
Juneau David, APLC
P.O. Box 51268
Lafayette, LA 70505
1018 Harding Street, Suite 202
Lafayette, LA 70503
Phone: 337.269.0052
Fax: 337.269.0061
Email: mjj@juneaudavid.com <mailto:mjj@juneaudavid.com>
Web: www.juneaudavid.com <http://www.juneaudavid.com>
Privileged & Confidential
Sent from my iPhone



On Nov 29, 2012, at 3:26 PM, "Lionel Sutton" <lsutton@dheclaims.com <mailto:lsutton@dheclaims.com>> wrote:

Mike,

Please add the item below to our agenda for next week's meeting:

1. Prescriptive period for Businesses excluded from the class by Exhibits 17 & 18 and Moratoria Losses excluded in Exhibit 19.

Tiger

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any

SM-02-JA00416

virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

## Roy, Herman and Juneau.011413.pdf

| | |
|---|---|
| **Item ID:** | 224849 |
| **File name:** | Roy, Herman and Juneau.011413.pdf |
| **Type:** | PDF Document |
| **Content Created:** | January 14, 2013 2:42:53 PM CST |
| **Content Last Modified:** | January 14, 2013 3:41:20 PM CST |
| **File Last Modified:** | January 18, 2013 11:12:01 AM CST |
| **File Created:** | January 18, 2013 11:12:01 AM CST |
| **Generator:** | RICOH Aficio MP C4502 |
| **Page Count:** | 3 |
| **My tags:** | Produce |

## Original view

3 pages (displayed on pages 2 to 4)

THE LAW OFFICES OF
# KENNETH W. DEJEAN

417 W. UNIVERSITY AVE. • P.O. BOX 4325
LAFAYETTE, LA 70502
PHONE 337-235-5294 • FAX 337-235-1095
TAX ID NO. 720824522 • E-MAIL: kwdejean@kwdejean.com

January 14, 2013

<u>Via Electronic Mail and United States Mail</u>

James Parkerson Roy, Esq.                    Stephen J. Herman, Esq.
Plaintiffs' Co-Liaison Counsel               Plaintiffs' Co-Liaison Counsel
Domengeaux, Wright, Roy & Edwards            Herman, Herman, Katz & Cotlar, L.L.P.
556 Jefferson Street, Suite 500              820 O'Keefe Avenue
Lafayette, LA 70501                          New Orleans, LA 70113

Patrick A. Juneau, Esq.
Claims Administrator
Post Office Box 50939
New Orleans, LA 70150-0939

                        Re:    In re: Oil Spill by the Oil Rig "Deepwater Horizon"
                               in the Gulf of Mexico, on April 20, 2010;
                               United States District Court, Eastern District of Louisiana;
                               Docket No.: 2;10-md-02179-CJB-SS;
                               Our File No.: D12-2496;

Dear Messrs. Roy, Herman and Juneau:

I am local counsel for The Mills Law Firm (the "firm"). The firm represents over two thousand individuals who have subsistence claims. Our clients live and fished in Texas, Louisiana, Mississippi, Alabama and Florida. A few of our Texas clients opted out of the class because they fished in areas that were both inside and outside the class geographic boundaries. Most, however, remained part of the class because they thought and we thought that they would be treated fairly under the settlement. It now appears that may not be the case. Not a single one of our subsistence clients have received an offer, even though despite enduring multiple changes to the claim forms requiring many "in process" claims to have to be redone, and multiple changes to the "proof" requirements, some as recently as last month, we have filed roughly 600 claims. Some of those claims have been pending for over five months.

We do not believe that the Administrator is correctly interpreting and applying the subsistence claim requirements across all areas of the settlement and particularly for Texas claimants. I am writing to bring this problem to your attention and request your help.

SM-02-JA00419

James Parkerson Roy, Esq.
Stephen J. Herman, Esq.
Patrick A. Juneau, Esq.
January 14, 2012
Page 2

As you know, the settlement coverage area includes all saltwater and brackish water areas of four Texas counties – Orange, Jefferson, Chambers and Galveston. BP and Class Counsel negotiated an extended period for subsistence harm up to December 31, 2011, versus a coverage period of December 31, 2010 for most other claim types including commercial seafood claims.

The primary issue relates to the definition and proof of "impairment". The Administrator is taking the position that Texas fishermen, fishing in Gulf Coast Areas, are not impaired unless they can produce "boom location reports, scientific reports, marina closure reports (due to the Spill), etc." This "proof" requirement is extremely narrow, and impossible for all but a handful of injured class members in these areas to prove. More important, this onerous "proof" is not required by the Settlement Agreement, including Exhibit 9.

First, neither Paragraph 5.4.1. of the Settlement Agreement, nor Exhibit 9, use the word "impairment" or "impaired" in defining eligibility for the claim. Instead, both grant a claim to a fisherman who can show that he or she relied upon subsistence resources that were *diminished or restricted in the geographic region used by the Claimant* due to or resulting from the Deepwater Horizon Incident." Each of our clients who have filed claims have stated that the seafood diminished in the geographic region used by that Claimant (e.g., less was caught, it was smaller, etc.) and, in many cases, the claimant ceased fishing for some period of time because of concern about consumption safety. Others say that they caught unhealthy looking fish or saw numbers of dead fish. Each client has made a detailed submission of the volume of each type of fish caught in the Gulf Coast Area before the Spill, how the Spill affected fishing at his or her location and the number of each type of fish, if any, that was lost after the Spill. This evidence certainly meets the standard of "diminished or restricted."

Second, while the type of claims are different, it is wholly inconsistent to say that water was harmed by the Spill for commercial fishing purposes, but not for individual fishermen seeking to feed themselves and their families. For example, James Blevins, a Mills Law Firm client, fished solely in the Galveston Bay complex, and was paid a commercial fishing loss. Yet, his subsistence claim may not be paid even though the fish he caught before the Spill for personal consumption was in the very water he fished commercially. This makes no sense. Moreover, in theory, commercial fishermen lost money because they caught less or could not sell what was caught because people were scared to eat it. Thus, the same factors that create harm to commercial fishermen should likewise establish "impairment" to a subsistence fisherman (i.e. he or she caught less or was afraid to eat the catch).

Third, the term "impairment" or "impaired" is not used in the Settlement Agreement and is only used three times in Exhibit 9 – Sections B.1. regarding compensation and C.3. and C.4.a. describing required documents. None of these references require a claimant to provide expensive scientific reports, boom location reports, or prove that they were prevented from fishing because of a closed marina. Section B.1. requires the Claimant to "identify the time period of loss ... consistent with the closure or impairment of geographic areas relied upon by the Claimant." Section C.3. requires a statement of the

SM-02-JA00420

James Parkerson Roy, Esq.
Stephen J. Herman, Esq.
Patrick A. Juneau, Esq.
January 14, 2012
Page 3

"length of time that ... areas were ... impaired." The documentation required for Section B.3. is "information provided by claimant on claims form, to be confirmed by claims facility by reference to closure maps and other relevant reports." The last reference - - C.4.a. - - requires the claimant to provide on the claims form the percentage of subsistence source from closed or impaired areas. Again, none of these references reasonably requires a subsistence claimant to spend tens of thousands of dollars to collect scientific and other data to prove "impairment," in order to collect a relatively small amount for his or her personal fishing loss. In fact, none of these references require the claimant to submit any proof of impairment other than statements contained in the claim form. Presumably, the purpose of the settlement was to eliminate the need to collect and present the type of onerous "proof" for those fishing within the Gulf Coast Areas.

The Administrator also seems to be requiring each claimant to submit a separate sworn written statement (the SWS-43) describing impairment even though (1) Settlement Agreement Exhibit 9 Section C.3. states that the [sworn] claim form is the forum to provide that information to the Administrator and (2) our clients appropriately included the information on the sworn claim form as requested. The requirement that each client needs to provide the same information again on an SWS-43 form will cause substantial unnecessary delay to contact clients and get another sworn form signed that duplicates information the Administrator already has. This is unnecessary, expensive and unfair and can only be designed to delay or prevent payment of valid claims.

I would like an opportunity to meet with you to discuss these matters. Please let me know when a meeting can be arranged.

In the meantime, should you have any questions, please do not hesitate to contact me at my office.

With kindest regards, I remain.

Cordially yours,

Kenneth W. DeJean
KWD/ctb
cc:    Mr. Michael A. "Mickey" Mills
       Mr. Bradley W. Hoover
       The Mills Law Firm
       11000 Brittmoore Park Drive, Ste. 200
       Houston, Texas 77041

SM-02-JA00421

# Re: Subsistence

| | |
|---|---|
| **Item ID:** | 289283 |
| **Subject:** | Re: Subsistence |
| **From:** | Christine Reitano <creitano@dheclaims.com> |
| **To:** | James Roy <JIMR@wrightroy.com> |
| **Cc:** | Steve Herman <SHERMAN@hhklawfirm.com>, Lionel Sutton <lsutton@dheclaims.com> |
| **Sent:** | November 29, 2012 9:13:15 PM CST |
| **Received:** | January 2, 2013 4:21:05 PM CST |
| | |
| **Content Created:** | November 29, 2012 9:13:15 PM CST |
| **File Last Modified:** | July 14, 2013 2:11:03 AM CDT |
| **File Last Accessed:** | July 25, 2013 2:32:04 PM CDT |
| **File Created:** | July 25, 2013 2:32:04 PM CDT |
| | |
| **Message Hash:** | ca6a2f2b822d907a5ad3c66932d8635e |
| **Message ID:** | <CB62E3B3-4AA2-43C5-A774-5930AFF176A9@dheclaims.com> |
| | |
| **My tags:** | Produce |

Thanks Jim, he spoke with Tiger today and presented his concerns. We will follow up with him sometime next week.
Sent from my iPhone
On Nov 29, 2012, at 6:48 PM, "James Roy" <JIMR@wrightroy.com <mailto:JIMR@wrightroy.com>> wrote:
Christine- Ken Dejean in lafayette called to say he represents many subsistence claims and wanted to give y'all his input on a subsistence methodology. I know nothing more. I referred him to you. Jim
James P. Roy
Sent from my iPad
Jimr@wrightroy.com <mailto:Jimr@wrightroy.com>
Cel: 337-278-7892
Domengeaux Wright Roy and Edwards LLC
P.O.Box 3668
Lafayette, Louisiana 70502
www.wrightroy.com <http://www.wrightroy.com>
On Nov 29, 2012, at 3:07 PM, "Christine Reitano" <creitano@dheclaims.com <mailto:creitano@dheclaims.com>> wrote:
Dear Parties
The Claims Administrator circulated a Subsistence Program Update on 11/8/12, and has received comments from both Class Counsel and BP regarding the same. Please advise if either Party would desire to meet with this office and the CADA team to informally discuss/walk through the process and the calculations, or to present in person any questions or concerns, as the Program is poised to start processing these claims. If you do wish to meet and do have specific questions, please present those questions in writing along with your request.
Thank you
Christine
This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any irus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.
This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the

**SM-02-JA00422**

consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

SM-02-JA00423

SM-02-JA00424