IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * | MDL NO. 2179 SECTION "J" |
| THIS DOCUMENT RELATES TO 12-970 | * | HONORABLE CARL J. BARBIER |
| * * * * * * * * * * * * * | | MAGISTRATE JUDGE SHUSHAN |

## OBJECTION TO CONTINUANCE OF SPECIAL MASTER

NOW COMES, Jon Andry and pursuant to Rule 53 of the Federal Rules of Civil Procedure, moves:

1.

On January 9, 2014 (Document #12116), Special Master Freeh advised of an additional relationship with a law firm that represents BP.

2.

This new disclosure reflects that Freeh or his various entities, Freeh International Solutions, The Freeh Group, and Pepper Hamilton (his law firm) now have direct financial and legal alliances with both of the primary defense counsel firms for BP.

3.

On December 24, 2013, pursuant to Court order Freeh disclosed communications from BP's attorneys to the Court.  In their letters, BP request a Special Master be appointed and agrees to pay all the costs associated with that appointment.  While invited to recommend potential special master's, it is not clear whether Freeh's name comes from BP.  It is known that the other two parties, the PSC and Claims Office did not recommend Freeh.

4.

What is now known is that Freeh's business interests are directly receiving financial benefit from their associations with the Kirkland Ellis firm, and now from the Williams & Connolly firm.

5.

The Rule requires a sworn affidavit with particularity.  The letter (Exhibit 1) is not sufficient under the Rule, and the information in the letter is deficient.

6.

The Special Master cannot be allowed to decide for himself potential conflicts that involve his professional and financial interest.

7.

In Exhibit 1, the Special Master admits to his firm's alliance with Williams & Connolly through a separate client as occurring December 17, 2013 when Williams & Connolly filed a pleading in this case.

Williams & Connolly filed pleadings on October 15, 2013 in this case.

Freeh was appointed Special Master in July 2013.

Freeh International Solutions was either hired since July and then Williams & Connolly was hired, or vice-versa.

Either way, both Williams & Connolly and Freeh knew of this potential conflict before December 17, 2013 and there is no explanation why this Court an the parties were not informed until January 8, 2014 or thereafter.  Andry was never informed except through the Pacer system.

8.

Andry is entitled to have the Special Master relieved of all further duties pertaining to The Andry matter.

9.

On January 21, 2014, yesterday, Williams & Connolly writes directly to Freeh in his role as Special Master and relies on his reports as justification for requesting (Exhibit 2):

A) That the facility continue to require the ongoing oversight of The Freeh Group.

B) That Freeh's recommendations reflect that "a strong tone on ethical issues from top management is missing."

C) That there be "more drastic action" taken by Freeh.

D) That the facility is "tone deaf" to ethical concerns.

E) How BP appreciates:

1. "The tremendous effort that you are your staff have invested."

2. "The work of the Special Master and The Freeh Group."

10.

This letter is a transparent effort to criticize the Claims Office (which BP has tried twice to shut down) to place The Freeh Group in charge, and to further the alliances between BP's attorneys and the Freeh interests.

11.

Freeh is **not** BP's counsel. He is there as Special Master, required to be by law "impartial".

12.

Because of the ongoing economic and professional relationship between BP's attorneys and Freeh's firms, that impartiality is non-existent and violates the Judicial Cannons.

13.

Since Freeh has failed to disclose what the law requires and insist on maintaining and developing new economic alliances with the law firms for BP, he should be removed.

WHEREFORE, Andry prays that The Freeh Group be removed as Special Master from any and all issues regarding Jon Andry and prohibited from responding to Andry's objections to his report.

By Attorneys:

/s/Lewis O. Unglesby
Lewis O. Unglesby (#12498)
Unglesby Law Firm
246 Napoleon Street
Baton Rouge, LA   70802
Telephone: (225) 387-0120
Facsimile: (225) 336-4355

**CERTIFICATE OF SERVICE**

I hereby certify that on 22nd day of January, 2014, a copy of the foregoing Motion was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/Lewis O. Unglesby
_____
LEWIS O. UNGLESBY