UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>This Document Applies to:<br><br>No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | MDL 2179<br><br>SECTION: "J"<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

## GLEN J. LERNER'S OBJECTION TO CONTINUED APPOINTMENT OF LOUIS J. FREEH AS SPECIAL MASTER

Glen J. Lerner ("Lerner") hereby objects pursuant to Federal Rule of Civil Procedure 53 to the continued appointment of Louis J. Freeh as Special Master. Lerner joins in and adopts the arguments contained in Jon Andry's Objection to Continuance of Special Master, Rec. Doc. 12206, and does not repeat them here. Lerner adds the following to Mr. Andry's Objection.

The Special Master's disclosure on January 9, 2014, that The Freeh Group has been retained by a client of BP counsel, Williams & Connolly, in an unrelated civil matter Rec. Doc. 12116, raises important questions about the Special Master's actual and perceived freedom from conflicts now and in the future. The Freeh Group's relationship with Williams & Connolly was not disclosed when the Court appointed Mr. Freeh as Special Master. We assume that Mr. Freeh did not disclose that relationship upon his appointment because it did not exist at the time. That non-disclosure, however, should prompt scrutiny by the Court about when and how the Freeh

Group's relationship with Williams & Connolly arose and what that relationship presently entails. To simply represent that The Freeh Group and Williams & Connolly were hired by the same client in an unrelated civil litigation does not reveal the relevant facts. Ventures like the Freeh Group typically are hired by and work at the direction of lawyers. Therefore, the ambiguous "advisory functions" that The Freeh Group has been hired to perform are likely at the direction of Williams & Connolly. And the amount of fees that The Freeh Group and Mr. Freeh are receiving in that case likely is a direct function how much work Williams & Connolly instructs them to perform.

Mr. Freeh and The Freeh Group cannot serve as both a Rule 53 Special Master and as a vendor for the law firm that represents BP. Mr. Freeh has an obligation to act as an impartial judicial officer in this case. He cannot fulfill that obligation when he and The Freeh Group are also acting at the direction of BP's counsel in another case. No Article I or III judge could possibly serve in both capacities, and a special master appointed pursuant to Rule 53 is subject to the same conflict of interest rules as federal judges.

We respectfully request that the Court seek the disclosures outlined in Mr. Andry's memorandum about The Freeh Group's relationship to Williams & Connolly, including the lawyers at Williams & Connolly from whom The Freeh Group is taking direction and the total amount earned by The Freeh Group on the matter in question. That information, we believe, will confirm that Mr. Freeh cannot continue to serve as Special Master in this case. In the event the Court disagrees, counsel for the parties and Show Cause parties should have an opportunity to be heard about Mr. Freeh's continued appointment as Special Master, after full disclosure of the relevant facts.

Date: January 23, 2014                                    Respectfully submitted,

*/s/ Pauline F. Hardin*  
Pauline F. Hardin (La. Bar #6542)  
James E. Wright, III (La. Bar #13700)  
Virginia W. Gundlach (La. Bar #18493)  
**JONES WALKER LLP**  
201 St. Charles Ave. – 49th Floor  
New Orleans, Louisiana 70170  
Telephone: (504) 582-8110  
Fax: (504) 589-8110  
phardin@joneswalker.com  
jwright@joneswalker.com  
ggundlach@joneswalker.com

*/s/ William W. Taylor*  
William W. Taylor, III (D.C. Bar #84194)  
Amit P. Mehta (D.C. Bar #467231)  
**ZUCKERMAN SPAEDER LLP**  
1800 M. Street, NW – Suite 1000  
Washington, D.C. 20036-5807  
Telephone: (202) 778-1800  
Fax: (202) 822-8106  
wtaylor@zuckerman.com  
amehta@zuckerman.com

*Attorneys for Glen J. Lerner*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing "GLEN LERNER'S OBJECTION TO CONTINUED APPOINTMENT OF LOUIS J. FREEH AS SPECIAL MASTER" has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 23th day of January, 2014.

*/s/ Pauline F. Hardin*
Pauline F. Hardin

**Error! Unknown document property name.**