# L.V. MARINE CORP.'S DECLARATION

Now comes Tam Van Le on behalf of L.V. Marine Corp. who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Tam Van Le on behalf of L.V. Marine Corp., engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____

**TAM VAN LE**
**on behalf of L.V. MARINE CORP.**

## THUC HUYNH'S DECLARATION

I, Thuc Huynh, make this declaration pursuant to the provisions of 28 U.S.C. §1746 and under penalty of perjury declare:

1.      "My name is Thuc Huynh. My address is 12613 Bristol Ave., Baton Rouge, LA 70815. My date of birth is April 21, 1980. My mother, Thim T. Nguyen, is currently out of the country and has given me Durable Power of Attorney[1] to sign all pleadings and to prosecute on her behalf, while she is not in the United States of America.

2.      My mother, Thim T. Nguyen, individually and on behalf of her corporations, Natural Nine, LLC and Lady More, LLC, engaged Ms. Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent my mother against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators (agents, employees, and so forth) ("Defendants") in filing a lawsuit.

3.      In late December of 2013, my mother authorized Ms. Tammy Tran, her Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. My mother also executed a written consent which also specifically required:

> The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy. . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep Client fully informed.

4.      My mother's sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

5.      My mother did not intend nor has any desire to upset the DHECC Settlement Program.

6.      Immediately after the law suit was filed, we were informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make strategic decisions for litigation, The Tammy Tran Law Firm is to do whatever he said, and that Ms. Tran and my mother and her

---

[1] *See* Durable Power of Attorney attached hereto and fully incorporated as Exhibit 1.

1

corporations were merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my mother's interests.

7.      Upon learning of this information, I relayed it to my mother in Vietnam and my mother expressed to me that she no longer wishes to have Mr. Becnel and his Firm be her counsel on this case and any other cases and/or legal matters, and has authorized me to terminate Louisiana Local Counsel effective as of today.

8.      Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct."

January 22, 2014.


By: _____

            **THUC HUYNH**
**on behalf of THIM T. NGUYEN, Natural Nine, LLC and Lady**
**More, LLC via the power of attorney attached**

**Durable Power of Attorney**
**including Medical Decisions**

**United States of America**
**State of Louisiana**

<u>By: Thim T. Nguyen</u>
To: Thuc Huynh

<u>Parish of East Baton Rouge</u>

Be it known, that on this **7ᵗʰ day of January, 2014**, before me, the undersigned Notary Public, duly commissioned and qualified in and for the Parish of East Baton Rouge, State of Louisiana, and in the presence of the undersigned competent witnesses, personally came and appeared:

**Thim T. Nguyen**,  of the full age of the majority and  a resident of East Baton Rouge, State of Louisiana, whose permanent mailing address is: 9645 El Cajon Dr., Baton Rouge, Louisiana, 70815 hereinafter referred to as Principal,
who declared that Principal appoints her Daughter, Thuc Huynh, a resident of the full age of majority whose permanent mailing address is: 12613 Bristol Dr., Baton Rouge, La 70816,  hereinafter referred to as Agent, to be the Principal's Agent and Attorney-in-Fact, with full power and authority to act for, in the name of and in behalf of Principal, to do all acts necessary or deemed by Agent to be appropriate to represent principal including, but not limited to, the following:

1. <u>Business Affairs</u>: To conduct manage and transact the business and personal financial matters of Principal, of every nature and kind without any exception whatsoever.
2. <u>Correspondence:</u> To open all letters, telegrams, cablegrams and other correspondence addressed to Principal and to answer same in Principal's name.
3. <u>Banking:</u> To make and endorse and accept and to pay promissory notes, drafts, and bills of exchange; to sign checks drawn on and to draw money out of any bank or banks in which funds may be on deposit in the name or for account of Principal; to open new accounts; to deposit checks, drafts and bills of exchange in any bank or other financial institution any promissory notes or other instruments for collection.  To enter the safe deposit box of Principal, retitle it in the name of others including agent, remove any of the contents therefrom, and /or close the safe deposit box or bank box.
4. <u>Securities</u>: To purchase, sell and transfer shares of stock, bonds, mutual funds, annuities, variable life insurance, and securities of every type and description, whether private or public and whether registered in the name of Principal or not, and to pay and receive the sale price thereof; to receive and receipt due thereon; and to deliver, pledge and pawn said shares of stock, securities of every type and description.
5. <u>Insurance, Retirement Plans, and Annuities</u>: To purchase insurance including life insurance on the life of the Principal, change the ownership and/or beneficiary designation of life insurance, make loans on life insurance, make claims on life insurance, change the beneficiary designation of and make withdrawals from and renounce or disclaim all or a portion of life insurance, individual retirement accounts(IRA'S),retirement plans, and annuities of Principal, and in general to act for

*(Page 1 of 4)*

*Initials* T.N.

Principal in all matters concerning life insurance policies, individual retirement accounts (IRA'S), retirement plans and annuities.

6. Loans: To borrow money in Principal's name; to make, issue and endorse promissory notes in Principal's name, to renew the same from time to time; to deliver, pledge and pawn the same; and to waive and renounce any prescription accrued thereon; and to secure promissory notes and/or loans using any of the assets of said loans, including but not limited to promissory notes, mortgages, collateral mortgages, or other security instruments, the mortgages or other security instruments to contain all usual Louisiana security clauses, including by way of example, but not limited to, confession of judgment, waiver of appraisement, waiver of homestead exemption from seizure, and pact de non alienando.

7. Property: Sale, donation, purchase, lease, mortgage, pledge: To sell, donate, mortgage, encumber, pledge, purchase, lease or grant servitudes pertaining to immovable or movable property, located in East Baton Rouge or wherever situated, although not described herein as permitted by the Louisiana Civil Code Article 2996, to any person as determined by Agent and including Agent, on such terms and conditions as determined by Agent and to execute such documents to effect such acts and receive or pay amounts pursuant to such acts.

8. Mineral Rights: To execute mineral leases and other contracts, including unitization and pooling agreements, for the exploration and development of oil, gas, salt, sulfur and other minerals in and under any property of Principal or in which Principal may have an interest, located in East Baton Rouge or wherever situated, on such terms and conditions and for such consideration as Agent may deem proper, and to receive and receipt for the bonuses, rents, and proceeds thereof; to execute mineral and property deeds or leases either selling, buying, or leasing mineral or royalty rights; and to execute all division orders or other agreements of every nature and kind whatsoever in connection with or relative to said acts.

9. Judicial proceedings: To appear before all courts and to prosecute, defend, or compromise and settle by agreement, arbitration, or otherwise; to sign all pleadings and do all things necessary to obtain writs or attachment, sequestion and injunction; and to take appeals and in any such instances, to furnish the requisite security and bonds.

10. Successions: To represent Principal judicially and otherwise, whether as heir, legatee, creditor, executor, administrator or otherwise, in all successions or estates in which Principal is, may be or may become interested, including any acceptance or renunciation thereof; to apply for the administration thereof and to demand, obtain and execute all orders, decrees and tax returns as Agents may deem proper; and to settle, compromise and liquidate Principal's interest therein and to receive and receipt for all property and effects to which Principal may be entitled in respect of said successions or estates.

11. Agents and Proxy: To act for Principal and be Principal's substitute in all instances in which Principal has been or may be appointed the agent of others; and to vote proxies of others issued in the name of principal and to execute proxies in favor of others to vote in the name of Principal.

12. Claims: To demand and obtain and to recover and receipt for sums of money, goods, properties, and effects to which Principal is now or may be hereinafter entitled, including Individual Retirements (IRA'S) and other retirement plans accounts and other obligations and to give good and sufficient discharge and acquittance thereof.

*(Page 2 of 4)*                                                                 *Initials* TN

13. <u>Creditors Meetings</u>: To attend meetings of creditors in which Principal may be interested and to vote in Principal's name on all questions and matters that may be submitted to or considered at such meetings; to attend meetings of the stockholders of any corporation in which Principal may be interested and to vote in the name of Principal on all questions and matters that may be submitted or considered at such meetings.

14. <u>Donations:</u> To transfer without consideration (i.e.donate) any asset of Principal to any person as determined by Agents and including Agents; however Agents shall not make donations to themselves without concurrence of another Agent.

15. <u>Tax Returns and Related Matters</u>: To file any United States, State of Louisiana, or other tax returns (including but not limited to income tax returns); to apply for extensions of time to represent the Principal in connection with any matter relating to any taxes and to take any action relating to any taxes, including but not limited to taxes of the United States and the State of Louisiana

16. <u>Medical Decisions:</u> To make all health care decisions such as those listed in Louisiana Civil Code Article 2997 related to the physical and/or mental health of the Principal, including but not limited to consultations with and granting authorization to hospitals, doctors, nurses and other medical personnel and to take appropriate action regarding the physical and/or mental health of the Principal. Furthermore, Principal grants full authority to her Agents to make health care and treatment decisions, make decisions concerning surgery, make decisions concerning medical expenses, make decisions concerning hospitalization, make decisions concerning nursing home residency, take any legal action needed to carry out my wishes, make decisions concerning the withholding or withdrawal of life sustaining procedures, make decisions concerning medications, see and approve the release of my medical record, make decisions concerning selection of physician or physicians, apply for Medicare/Medicaid or other programs for insurance, and the hiring and firing of a health care worker if needed to take care of me. Such Health Care Power of Attorney as this has full authority to make all of the decisions as fully, completely and effectually, and to all intents and purposes with the same validity as if such decisions had been personally made by me.

17. <u>Hippa Release Authority</u>: I intend for my Agent to be treated as I would be regarding my health care information and medical records including that governed by HIPPA. I authorize any healthcare professional, institution, insurance company, or health care clearinghouse to release my health care information and medical records to my Agents

18. <u>General</u>: To do and perform each and every other act, matter or thing whatsoever as may be appropriate in Agent's discretion as if such Act, matter, or thing were or had been particularly stated herein.

19. <u>Durable</u>: This authority granted herein shall not terminate at the incompetence or interdiction of Principal. Should Principal be interdicted, Agent is named or appointed curator.

20. <u>No Expiration Date</u>: The authority given to my Agent herein has no expiration date and shall terminate only in the event that I destroy this document, revoke the authority granted herein, or die.

*(Page 3 of 4)*                                        *Initials* TN

Thus done and passed on this 7th day of January, 2014,  in the presence of the undersigned competent witnesses who have signed their names together with the Principal and me, Notary.

Thim T. Nguyen, Principal

**WITNESSES:**

Printed Name: Viengxay Insyxiengmay

Printed Name: Mauvan Huynh

Terri L. Reese, Notary Public, Id 84700

# TAI LAM'S DECLARATION

Now comes Tai Lam who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Tai Lam, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____

**TAI LAM**

## TAM VAN LE'S DECLARATION

Now comes Tam Van Le  who gives this declaration pursuant to the provisions of 28 U.S.C. § under penalty of perjury that the below statement is true and correct and states as follows:

1.  I, Tam Van Le, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary coun represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerr LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counse her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.I. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal w the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3.  My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RI Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6.  As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminat them effective as of today.

7.  Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege ar all privileges according to the law and Rules of Professional Conduct.

By: _____

TAM VAN LE

## DAVID DIEU NGUYEN'S DECLARATION

Now comes David Dieu Nguyen who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, David Dieu Nguyen, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _David Nguyen_

DAVID DIEU NGUYEN

# DUNG VAN NGUYEN'S DECLARATION

Now comes Dung Van Nguyen who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1.  I, Dung Van Nguyen, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____

DUNG VAN NGUYEN

## LEE VAN NGUYEN'S DECLARATION

Now comes Lee Van Nguyen who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Lee Van Nguyen, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____
       LEE VAN NGUYEN

## LIEN NGUYEN'S DECLARATION

Now comes Lien Nguyen who gives this declaration pursuant to the provisions of 28 U.S.C. §1 under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Lien Nguyen, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary coun to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Gue LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal w the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations c Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RI( Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminat them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege ar all privileges according to the law and Rules of Professional Conduct.

By: _____
LIEN NGUYEN

## LISA NGUYEN'S DECLARATION

Now comes Lisa Nguyen who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Lisa Nguyen, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____

LISA NGUYEN

## NHAT VAN NGUYEN'S DECLARATION

Now comes Nhat Van Nguyen who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Nhat Van Nguyen, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____

NHAT VAN NGUYEN

## THANH-LINH VU NGUYEN'S DECLARATION

Now comes Thanh-Linh Vu Nguyen who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Thanh-Linh Vu Nguyen, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____

THANH-LINH VU NGUYEN

## THERESA NGUYEN'S DECLARATION

Now comes Theresa Nguyen who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1.  I, Theresa Nguyen, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.


By: *Theresa nguyen*
THERESA NGUYEN

# THINH THI NGUYEN'S DECLARATION

Now comes Thinh Thi Nguyen who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Thinh Thi Nguyen, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _Thinh T Nguyen_

THINH THI NGUYEN

# HUNG VAN PHAM'S DECLARATION

Now comes Hung Van Pham who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Hung Van Pham, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____
    HUNG VAN PHAM

# QUYET PHAM'S DECLARATION

Now comes Quyet Pham who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Quyet Pham, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____
QUYET PHAM

## MINH TAN VO'S DECLARATION

Now comes Minh Tan Vo who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Minh Tan Vo, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____
**MINH TAN VO**

## DUY QUOC HA'S DECLARATION

Now comes Duy Quoc Ha who gives this declaration pursuant to the provisions of 28 U.S.C. §1746, under penalty of perjury that the below statement is true and correct and states as follows:

1. I, Duy Quoc Ha, engaged Tammy Tran of the Tammy Tran Law Firm to be the primary counsel to represent me against Mikal Watts, Hunter Craft, Francisco Guerra, their law firm, Watts Guerra LLP and their co-conspirators(agents, employees, and so forth)("Defendants")in filing lawsuits.

2. In late December of 2013, I authorized Ms. Tammy Tran, my Vietnamese American Counsel and her Law Firm, The Tammy Tran Law Firm, to retain Mr. Daniel Becnel, Becnel Law Firm, L.L.C. and its associates ("Louisiana Local Counsel") to serve as local counsel in Louisiana. I also executed a written consent which also specifically required:

The Tammy Tran Law Firm will continue: to be the co-lead counsel; participate in all phases of litigation, strategy . . .; be in all pleadings and correspondence; be the primary counsel to deal with the Deepwater Horizon Economic Claim Center ("DHECC"); make reasonable efforts to assure the adequacy of representation by our co-counsel; monitor the matter as needed; and keep me fully informed.

3. My sole interest is to sue Defendants for: Negligent Misuse of Identities; Misappropriations of Identities; DTPA; Breach of Fiduciary Duty; Violation of the Civil Rights Acts; Violation of RICO; Conspiracy; Gross Negligence.

4. I do not intend nor desire to upset the DHECC Settlement Program.

5. Immediately after the law suit was filed, I was informed that on January 20, 2014, Mr. Becnel advised Ms. Tran that he will be the only one to make all strategies of the litigation, and The Tammy Tran Law Firm is to do what he said, and that she and I were only merely clients. It also became very obvious that The Louisiana Local Counsel now has a different political agenda and interests and such diverse interests could potentially mess up the settlement agreement and be in conflict with my interests.

6. As a consequence, upon learning of the information, I no longer wish to have Mr. Becnel and his Firm to be my counsel on this case and any other cases and/or legal matters, and hereby terminate them effective as of today.

7. Upon termination, Mr. Becnel and his Law Firm are still subject to attorney-client privilege and all privileges according to the law and Rules of Professional Conduct.

By: _____
DUY QUOC HA