**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL 2179 |
| | SECTION:  "J" |
| Applies to: | JUDGE BARBIER |
| No. 13-6674 | MAGISTRATE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION TO EXTEND**
**DEADLINE TO FILE RESPONSIVE PLEADINGS**

MAY IT PLEASE THE COURT:

Defendants, Mikal C. Watts and Watts Guerra LLP (hereinafter "Watts Defendants"), respectfully request that the deadline to file responsive pleadings to BP's complaint be extended pending this Court's ruling on their previously filed motion to stay.

On December 17, 2013, BP filed its complaint against Mr. Watts, his firm, and a class of individuals.  Rec. Doc. 1.  Defendant Watts Guerra, LLP received the complaint via Certified Mail Return Receipt Requested ("CMRRR") on January 10, 2014 from the Secretary of State, as reflected in the return of service. Rec. Doc. 24-12.  BP first attempted service on Mr. Watts on January 8, 2014 via Professional Process Server at his residence, as reflected in the return of

service.[1]  Rec. Doc. 24-11.  Mr. Watts was served via professional process server January 13, 2014, as reflected in the return of service. Rec. Doc. 24-11.[2]

On January 17, 2014, Mr. Watts and his firm, through undersigned counsel, petitioned this Court for a stay of these proceedings pending the conclusion of a parallel federal criminal investigation and sought expedited consideration of the same. Rec. Docs. 12171, 12173.  A ruling on said motion to stay has not yet been entered.

The Federal Rules of Civil Procedure require a defendant to file responsive pleadings (i.e., an answer and any affirmative defenses) within twenty-one (21) days of service of the complaint. Fed. R. Civ. Proc. 12(a)(1)(A)(i).  Accordingly, assuming *arguendo* service was properly made on January 8, 2014, defendants' responsive pleadings are due on January 29, 2014.

The undersigned contacted counsel for plaintiffs have requested an informal extension of this deadline, which request was denied.[3]  Hence, the instant motion has become necessary in

---

[1] On January 8, 2014, service upon Mr. Watts was attempted by handing his yard man the complaint while Watts was out of town. Accordingly, the Watts defendants aver this method of service was improper. However, out of an abundance of caution, defendants herein are moving to extend the deadline to file responsive pleadings prior to the passing of twenty-one (21) days from this date.

[2] In addition to personal service by the process server on January 13, 2014, Mr. Watts also received the complaint via Certified Mail Return Receipt Requested on that same date.

[3] When undersigned contacted counsel for BP to informally request an extension of the deadline, counsel stated that BP was not amenable to the request because Mr. Watts allegedly refused to allow his criminal defense attorney, Mr. McDuff, to accept service of process.  BP's counsel took the position that had Mr. Watts accepted service in this manner, he would have had sixty (60) days to answer. However, contrary to plaintiff's counsel's assertions, Mr. McDuff was neither informed of this (i.e., a 60-day delay for answering) by plaintiff's counsel, nor provided with the requisite forms whereby Mr. Watts could elect to waive personal service and instead, accept service via certified mail.

Furthermore, Mr. Watts took significant steps to amicably facilitate service. For instance, at his direction, Mr. Watts' comptroller emailed plaintiffs' counsel to inquire when formal service would be effectuated so that he could inform his insurers. Additionally, after service was attempted on Mr. Watts' yard-worker while he was out of town on January 8, 2014, Mr. Watts' secretary scheduled an appointment with the process server so that he could properly effectuate personal service upon Watts. Subsequently, Mr. Watts met the professional process server at an agreed upon time on January 13, 2014, and service was effectuated.

order to allow this Court to rule on the pending motion to stay prior to defendants' deadline to file responsive pleadings.

Pursuant to Federal Rule of Civil Procedure 6(b), a district court is granted broad discretion to expand filing deadlines for responsive pleadings. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (citations omitted); *see also McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010); *Geiserman v. MacDonald,* 893 F.2d 787, 793 (5th Cir. 1990). Such broad discretion conferred upon district courts is consistent with district courts' authority to control their own deadlines and, thus, extend filing deadlines as they see fit. *See, e.g., Yee v. Baldwin-Price*, 325 F. App'x 375, 378 (5th Cir. 2009) (citing *Marinechance Shipping, Ltd. v. Sebastian,* 143 F.3d 216, 218 (5th Cir. 1998); *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 367 (5th Cir. 1995)).[4]   Additionally, when a request for such an extension is made "before the original time […] expires," the district court may grant, for good cause, the request with or without motion or notice. Fed. R. Civ. P. 6(b)(1)(A). Only when the request is made after the expiration of the delays for filing must a court consider whether such delay was attributed to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

Because the time for filing responsive pleadings has not yet expired, this Court's consideration of the foregoing motion is limited to a determination of whether good cause exists to grant an extension.  As stated above, defendants herein filed a motion to stay the instant matter pending the resolution of parallel federal criminal investigation, for which expedited hearing was sought.[5] The motion to stay is currently pending before this Court, and, if the defendants herein

---

[4] Although not directly pertinent given BP's anticipated opposition, under the Eastern District's Local Rules, a twenty-one-day extension of time to plead shall be granted, if the moving party has not previously obtained an extension of time and the opposing party has not objected. *See* L.R. 7.8; *see also United States v. City of New Orleans*, No. 12-2011, 2013 WL 1767787 *7 n. 4 (E.D. La. Apr. 24, 2013).

[5] Defendants request an extension of time out of an abundance of caution in the event that the pending Motion to Stay does not operate to suspend the time for which responsive pleadings must be filed.

are required to file responsive pleadings before said motion is disposed with, it would complicate the resolution of the motion to stay and potentially require the filing of pleadings which would otherwise be unnecessary (at this time) should the motion to stay be granted. Accordingly, good cause exists for extending the Watts Defendants' deadline to file responsive pleadings.

For the foregoing reasons, Watts Defendants respectfully request that the Court grant an extension[6] of their deadline to file responsive pleadings.

Respectfully Submitted:

GAINSBURGH, BENJAMIN, DAVID, MEUNIER &
    WARSHAUER, L.L.C.

BY:     */s/Gerald E. Meunier*
        GERALD E. MEUNIER, #9471
        M. PALMER LAMBERT, #33228
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:     504/522-2304
        Facsimile:     504/528-9973
        gmeunier@gainsben.com
        plambert@gainsben.com

        *Counsel for Mikal C. Watts and Watts Guerra LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

        */s/ Gerald E. Meunier*
        GERALD E. MEUNIER, #9471

---

[6] Defendants herein respectfully suggest an extension of twenty-one (21) days following either (a) the lifting of any stay entered pursuant to defendants' pending motion or (b) the denial of defendants' motion to stay.