# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| This document relates to: | * | |
| All Cases and No. 12-970 | * | HONORABLE CARL J. BARBIER |
| | * * | |
| | * * * | MAGISTRATE JUDGE SHUSHAN |

## DECLARATION OF MARK HOLSTEIN

I, Mark Holstein, do hereby declare that the following statements made by me are true and accurate to the best of my knowledge and belief:

### Introduction

1.  I am Managing Counsel for BP America, and was one of the in-house legal representatives who oversaw negotiations of the Economic Loss and Property Damages Settlement ("Settlement Agreement"), as amended on May 2, 2012 (Rec. Doc. 6430-1).[1] I previously submitted a Declaration in support of BP's Motion for a Preliminary Injunction and BP's Motion for Relief Pursuant to Rule 60(b), filed on December 17, 2013 (*see* Rec. Doc. 11994). I make this Declaration based upon my own personal knowledge.

2.  I was aware at the time of the April 18, 2011 *New York Times* article by Campbell Robertson and John Schwartz (cited by the Class Defendants). It did not strike me as particularly significant at the time. We had heard of many cases where claimants and counsel disputed whether counsel had been retained to assist with the GCCF claims process. Thus, it was

---

[1] All "Rec. Doc." numbers refer to MDL 2179.

not surprising to read the report in *The New York Times* article that 50 persons had complained to the GCCF that Watts Guerra LLP was not their lawyer, but had filed claims on their behalf.

3. I also learned of the April 26, 2011 letter from Goodwin Proctor, counsel to the GCCF (cited by Plaintiffs). This letter explained that Watts Guerra LLP did not complete the claims submission process for the vast majority of claimants on whose behalf it had attempted to file GCCF claims. And for that reason, the GCCF did not have PPFs for those claimants. I placed little significance on this information. Many law firms had filed incomplete claims with the GCCF for a variety of reasons, including that until they could determine which claims process – the GCCF or a class settlement – would be most lucrative, they wanted placeholders in each.

4. I did expect that Watts Guerra LLP was likely to have difficulty sustaining all 40,000-plus claims he had filed, and that a significant percentage of these claims would not make it through the claims process.

5. However, I never expected that less than 1,000 would even be submitted. Much less did I believe that over half of the Watts Guerra LLP's claims would prove to be on behalf of persons whose identity was stolen, or who were dead.

*[signature]*
Mark Holstein

Dated: January 23, 2014