UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE OIL SPILL BY THE OIL RIG       CA 10-MD-2179
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO, ON APRIL 20, 2010    SECTION: "J"

THIS DOCUMENT RELATES TO:       JUDGE CARL J. BARBIER
No. 12-970; Bon Secour Fisheries, Inc., et al.
v. BP Exploration & Production Inc. et al.     MAG. JUDGE SALLY SHUSHAN

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
AND RESPONSE ON BEHALF OF GILBERT ANDRY, IV**

**MAY IT PLEASE THE COURT:**

Gilbert (Gibby) Andry, IV respectfully submits that there is no legal nor factual basis to

preclude or diminish the amount of the claim by The Andry Law Firm, LLC as suggested by the

Freeh Report issued on September 6, 2013 (Rec. Doc. No. 11287).  Further and of even greater

importance, there is no legal or factual basis to even imply that Gibby Andry did anything

inappropriate as a member of a limited liability company that presented a claim on behalf of

itself in this proceeding in accordance with the Master Settlement Agreement BP crafted and

approved.

The *Freeh Report* fails to produce any information whatsoever establishing wrongdoing

by or on behalf of The Andry Law Firm.  There is no information presented by Mr. Freeh which

indicates or even implies that any action or inaction by The Andry Law Firm, LLC, much less

Gibby Andry affected the calculation, timing or accuracy of the proper and payable claim

submitted by The Andry Law Firm, LLC.  In fact, Mr. Freeh possessed information from the

outset (which he ignored or chose not to present in his report) that indicates that The Andry Law

Firm, LLC's claim was not expedited, but actually delayed by four months attributed to clerical

error in the Claims Office.  *See* Renaldi and Staley statements produced by the Special Master on

December 24, 2013.   As described in detail, *infra,* The Andry Law Firm, LLC and Andry

Lerner, LLC are two distinct law firms.  The *Freeh Report* alleges that Glen Lerner paid an

improper referral fee to claims administrator Lionel Sutton.  This allegation cannot support any

sanction upon The Andry Law Firm, LLC because The Andry Law Firm did not pay any referral

fee, nor did it even represent any BP claimants.  The Andry Law Firm only presented its own *pro*

*se* claim that was fully adjudicated by the Court Supervised Settlement Program  (CSSP).

Besides the Freeh Report suffering from rank hearsay, there is no information, much less

evidence, that Gibby Andry acted improperly.  To the contrary, Gibby Andry acted like every

other claimant - - he wanted to learn the status of the *pro* se claim filed for his business.

Accordingly, Gibby Andry respectfully requests that this Honorable Court order that his name be

removed from the Freeh Report and, at least, his share owed to him as a member of The Andry

Law Firm be paid.

Pointedly, this Court did not order Gibby Andry to respond to the beliefs expressed by

Mr. Freeh in his September 6, 2013 report.  However, the references,  innuendo, and implications

invoked by Mr. Freeh regarding Gibby Andry have wrongfully and carelessly besmirched Gibby

Andry's otherwise stellar professional reputation.  In what only can be described as drive-by

character assassinations, Mr. Freeh has attempted to splatter virtually everyone in his path if they

are not aligned with BP.  Such an approach is not fair to Gibby Andry and only further

undermines the integrity of the pending lawsuit. Gibby Andry is not willing to remain silent

while Mr. Freeh inexplicably trashes Gibby Andry and tramples his property rights.

The public and this Court expect exactitude from a Special Master. That did not occur in the September 6, 2013 Freeh Report.[1]  Respectfully, as a result, Gibby Andry is constrained to respond to the half-truths and false premises that riddle the Freeh Report.  For the same reasons, the ill-conceived references to Gibby Andry in the Freeh Report should be stricken as authorized by the Federal Rules of Civil Procedure.

Although the Special Master alludes (incorrectly) to the clean hands doctrine, Gibby Andry's hands were very clean, if not pristine, throughout this entire process.  Notably, the Special Master did not conclude that Gibby Andry and his law firm can even be accused of any impropriety.  Yet, that did not stop Mr. Freeh in trying to penalize Gibby Andry and disparaging Gibby Andry's good name.[2]  Besides exceeding his authority under Rule 53, the Special Master deviated from the facts and strayed from the law.

The claim by The Andry Law Firm, LLC has been reviewed, scrutinized, and re-examined by multiple representatives of BP and independent Certified Public Accountants as well as the Claims Administrator and subjected to the quality control measures approved by BP. All of them have come to the same conclusion, namely, that the claim by The Andry Law Firm, LLC is valid, due and owing, and should be honored.[3]  Gibby Andry and The Andry Law Firm

---

[1]  FRCP Rule 53 provides for *de novo* review by this Court; stated in layman's terms, the fact-finding should start on a clean slate or afresh.

[2]  Gibby Andry has worked as an attorney and served the public for nearly 25 years.  Besides dedicating himself as an Assistant District Attorney for a decade, he has volunteered his time as an Adjunct Professor at Tulane University Law School.  He has taught students in elementary school about the American judicial system. Gibby has assisted individuals who experienced life-threatening and disabling injuries.  He has also been appointed as a special master and served the judiciary in that position.  These are just some of Gibby Andry's contributions to his community, besides being a devoted husband and loving father.  Yet, without so much as a pause, Mr. Freeh, being compensated by BP, recklessly impugns Gibby Andry - - all done without objective justification.  This haughty approach by Mr. Freeh should not be condoned.

[3]  Consistent with the Court's directive (Record Doc. No. 11288), The Andry Law Firm, LLC will file a separate response addressing the numerous legal infirmities in Mr. Freeh's suggestion that the claim by The Andry Law Firm, LLC should be halted or impeded.

assiduously adhered to the rules of claims process; yet BP presses the Court to find wrongdoing when none exists. Indeed, the Special Master has not questioned the value of the award to The Andry Law Firm, LLC.

The Andry Law Firm, LLC is a limited liability company formed under the laws of Louisiana more than 13 years ago. In other words, this separate legal entity existed for a decade before the BP catastrophic disaster that has become known as the Deepwater Horizon calamity and it still actively handles legal matters today. No one, not even Mr. Freeh, has suggested that the integrity or independent autonomy of The Andry Law Firm, LLC has ever been compromised.[4]

There are only two members of this LLC:  Gibby Andry and Jonathan Andry.  This law firm has not represented, and does not represent, any claimant in this litigation.  Gibby Andry has not represented any claimant in this litigation.  The Andry Law Firm's only claim is the one it filed for itself and that claim was validated and re-validated.

Nonetheless, in contravention of settled law and contrary to the facts that the Special Master, quite selectively developed and disclosed, Mr. Freeh has suggested to the Court that the claim of The Andry Law Firm, LLC should be disallowed based upon the "unclean" hands doctrine, a civil law concept founded in equity.  Although one would expect at least a modicum of legal and factual support for his draconian proposal, Mr. Freeh offers none.  Indeed, the Special Master does not refer to a single legal authority for his novel notion based upon the unclean hands doctrine.  Perhaps that is because his suggestion of the use of this equitable doctrine is totally inapplicable to the issue before the Court.

---

[4]   Surprisingly, British Petroleum and its attorneys, and at times Mr. Freeh, have jumbled the corporate independence and structure of The Andry Law Firm, LLC with assorted other entities and individuals. Not surprisingly, there is no legal or factual basis for this impermissible amalgamation.  BP and these attorneys certainly know that their commentary is not grounded in law or fact.

The clean hands doctrine typically does not apply to a valid legal claim. The unclean hands concept is equitable in nature. *See, e.g., Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240 (1933). This tenet is normally used to defeat an undeserving claimant's effort to recover through equity. *Cf., Alcatel USA, Inc. v. DGI Technologies*, 166 F.3d 772 (5th Cir. 1999); *Dahl v.* Pinter, 787 F.2d 985 (5th Cir. 1986); *Mitchell Bros. Film Group v. Cinema Adult Theater,* 604 F.2d 852 (5th Cir. 1979). Moreover, neither of the parties, BP nor the plaintiffs, have even suggested that this claim should be precluded based upon the unclean hands doctrine. Indeed, BP, after its review and the appellate process was completed, did not object via discretionary review to the payment of this claim. *See* Rec. Doc. 10803. Concomitantly, the Special Master does not have the authority to advocate, and, certainly should not be arguing in favor of the legally flawed application of the unclean hands doctrine. *See* FRCP Rule 53.

Even if settled law is not heeded and the clean hands doctrine is juxtaposed against a legally valid and perfected claim, this Court first must conclude that Glen Lerner, who has nothing to do with The Andry Law Firm, LLC, engaged in willful misconduct by or on behalf of The Andry Law Firm, LLC. He could not and did not. Even if, for purposes of argument only, he did, Lerner has nothing to do with The Andry Law Firm, LLC or its claim. Thus, Gibby Andry can not be financially penalized. Yet, assuming the Court determines Glen Lerner deliberately participated in misconduct, the Court must then decide if Mr. Lerner's alleged misconduct can be imputed to Andry Lerner, LLC, and then further imputed to all of the members of a separate limited liability company, The Andry Lerner Law Firm, LLC. That attempted association fails. Thus, Gibby Andry can not be directly nor indirectly penalized or criticized.[5]

---

[5]    Gibby Andry is not involved and has never been professionally associated with the Andry Lerner firm nor does he have a financial interest in any of the BP claims handled by the Andry Lerner law firm.

Next, the Court must decide if a possible ethical infraction of the Rules of Professional Conduct can be imputed through the conduct of an attorney at the Andry Lerner law firm to the Andry Lerner law firm, and then somehow transposed to a separate legal entity known as The Andry Law Firm, LLC, and, even further to Gibby Andry as a separate member of that separate entity. It can not. *See, e.g., Austa LaVista, LLC v. Mariner's Pointe*, 173 S.W.3d 786 (Tenn. Ct. App. 2005). Needless to say, not even the quantum leaps the Special Master is willing to make would overcome such an expansive hiatus. Hence, there is no basis to reproach or penalize Gibby Andry.

The conduct questioned by the Special Master, that is, the arguable referral fee or payment for prior legal services, has no correlation to the *pro se* claim submitted by Gibby Andry's business known as The Andry Law Firm, LLC or Gibby Andry individually. This absence of a relationship also precludes application of the unclean hands doctrine to The Andry Law Firm, LLC. *See, Petro Franchise System v. All American Props*, 607 F.Supp. 781 (W.D. Tx. 2009). Stated another way, under no circumstances can this equitable tenet be imputed to a member of a law firm which did not represent BP claimants, nor can the clean hands doctrine be applied to an attorney in one LLC and then somehow vicariously imposed against an attorney in a totally different LLC, particularly when the second attorney (Gibby Andry) never represented a claimant, and, according to Mr. Freeh, had no involvement with the purported referral fee.

Even if the Court is inclined to allow Mr. Freeh to argue the existence of intentional misconduct through loose, or more precisely non-existent corporate and individual affiliations, these four stages of imputation cannot be used to penalize Gibby Andry, particularly in the absence of proof of, or even reference to misconduct much less, willful misconduct by Gibby

Andry.  Of most importance,  this unctuous narration by Mr. Freeh in his report is not close to being a logical basis to sully Gibby Andry's reputation.

As a member of The Andry Law Firm, LLC, Gibby Andry did not represent a single claimant. He had no knowledge about, or involvement with any payment made by Glen Lerner or any payment to Lionel Sutton.  Gibby Andry, as a member of a limited liability company, participated in the filing of a *pro se* claim only. That was it. Segregated by at least five layers, the clean hands doctrine has never been stretched, nor can it be pulled so far as to even approach Gibby Andry.  Stated simply, the Special Master has not offered a legal basis to deprive Gibby Andry of his financial interest in an award uncontested and now finalized by the Claims Office and the parties' analysis.  The settlement has been perfected for months.

Besides being legally improper, Mr. Freeh's notion in his report regarding The Andry Law Firm, LLC factually flounders.  In his questioning of various individuals regarding the possible referral fee (or compensation for work performed) paid by Glen Lerner to Lionel Sutton, the Special Master inevitably recognizes that Gibby Andry, as a member of The Andry Law Firm, LLC, did not authorize or approve or have any involvement whatsoever in the payment of any funds to Mr. Sutton while he was employed by the Claims Office.  It is also important for the Court to realize, as even the Special Master conceded, that The Andry Law  Firm, LLC is a separate legal entity from the other law firms involved in the investigation by the Special Master. *See, e.g.,* Excerpt from Statement of Jonathan Andry on July 30, 2013 at page 5.  The Andry Law Firm, LLC has been in existence since 2000 and did not handle BP claims.  Andry Lerner was created in 2012 apparently to handle BP claims only.  They are separate legal entities with separate operations and purposes.

While the Special Master acknowledges the hornbook principle governing the treatment of separate legal entities in his questioning of various individuals preceding the issuance of his report, his report wrongly comingles the various, distinct legal entities and individuals into a single group and then seeks to taint everyone through mere informal, social acquaintance. Such a conclusion lacks factual support, despite the Special Master's result-oriented approach. *See also*, Jon Andry's Statement at page 6: ("The Andry Law Firm has nothing to do with either of the other two entities and Gibby and I are the only members of The Andry Law Firm"). In short, The Andry Law Firm is a separate and stand-alone legal entity.

It was palpably plain from the testimony elicited by the Special Master that the payment by Glen Lerner to Lionel Sutton, sometimes described as a referral fee for the work that Mr. Sutton represented he performed prior to the time that he began working for the Claim's Office, was not a decision made by Jon Andry. More importantly, Gibby Andry, as a member of that distinct and <u>separate</u> entity known as The Andry Law Firm, LLC, did not even know that such a payment had been made until there was disclosure of this fact in the report submitted by the Special Master.

Instead, the only criticism, if that term can be so loosely used, that can be directed toward Gibby Andry is that he was persistent in trying to ascertain the status of its claim submitted for his law firm, known as The Andry Law Firm, LLC.[6] For there to be fault, there must be a rule violated. Here, there is no rule against a claimant calling to check the status of its claim. Here,

---

[6] For example, Mr. Freeh oddly notes that: (1) Gibby Andry was busy and focused in having his law firm's claim processed and Gibby Andry was "aggravating" (Freeh report at pp. 6-7; (2) Gibby Andry called the Claims Office repeatedly (Freeh report at p. 44); and Gibby Andry would not stop asking about his law firm's claim (report at p. 55). This is normal behavior for any claimant desirous of having its claim processed and paid. What is missing from the Freeh Report (although Mr. Freeh possessed the information) is the known fact that The Andry Law Firm claim was not expedited but delayed for four months by a claims office clerical error.

Presumably, the Freeh Group calls BP if the invoices submitted by Mr. Freeh are not promptly processed and paid. Nevertheless, Mr. Freeh apparently deems such payment inquiries improper ‑ ‑ if made by others.

there is no rule against the number of times a claimant calls to check the status of the claim.  In fact, that is what claimants do.  They call.  They inquire.  They pursue.  As it turns out, Gibby Andry actually communicated with members of the Claims Office by telephone less than once a month and by letter three (3) times during the entire pendency of The Andry Law Firm, LLC claim.  More telling is that there is no evidence or even an accusation that telephone calls or letters by Mr. Andry affected the calculation, timing  or accuracy of The Andry Law Firm, LLC claims.  In fact, the statements of Messrs. Juneau and Freeh indicate no affect on accuracy, while the Renaldi and Staley statements reveal months of delay stemming from clerical error by Claims Office personnel.

The number of Gibby Andry's efforts to know the status  of his company's claim were certainly not inordinate.  And even if his efforts can be classified as persistence, no penalty or criticism attaches.  However, if persistence and doggedness is to be penalized, then the Court must determine the appropriate penalties with respect to the countless other claimants who struggled to ascertain the status of their claims far more often than Mr. Andry.  In like fashion, the attorneys representing claimants in this proceeding, who displayed similar labors on behalf of their clients, are subject to a comparable penalty.  And, to avoid disparate treatment, the Court must determine the appropriate penalty to be imposed against BP and its attorneys for their persistence in opposing the payment of claims and making inquiries to learn the status of claims. To be complete, the redundancy and repetition used by Mr. Freeh in his report is almost the mirror image of what he chastises Gibby Andry for, and thus it would be logical to financially penalize the Freeh Group.  In short, Gibby Andry can only be penalized if all other participants

in the claims process are equally penalized merely because they sought information or were repetitive.[7]

Any action taken by Andry Lerner LLC does not taint the claim by The Andry Law Firm, LLC, nor does it offer any legal justification to retroactively preclude or halt the claim by that separate legal entity. At a minimum, it does not allow questioning or penalizing Gibby Andry - - an attorney clear of any arguable impropriety.

Needless to say, the facts developed by the Special Master also do not warrant the disparaging comments expressed and insinuated in the Special Master's report about the conduct of Gibby Andry. Gibby Andry has done nothing more than what any competent and attentive attorney would do on behalf of his client. More importantly, Gibby Andry, as a claimant for the entity that he partially owns, conducted himself like countless other claimants desirous of prompt payment and inquisitive about the inordinate delays in the processing of their claims.[8] There is no rule against a claimant calling about its claim. There is no rule against the number of times a claimant can call. In fact, that is what the Claims Administrator expected. *See* Rule 4.3.7 of the Settlement Agreement approved by BP, the Plaintiffs' Steering committee, and this Court. That is exactly what other claimants did. No one is criticizing the other claimants for making a telephone call.

The Special Master's report does not offer any factual or legal basis to eliminate the claim by The Andry Law Firm, LLC. Nor does any factual or legal basis exist to do so. Gibby Andry and The Andry Law Firm, LLC operated through a separate legal entity that did not

---

[7]   In his report, which is rank hearsay, the Special Master refers at least 33 times to Gibby Andry through hearsay piled upon layers of hearsay. As part of his improper use of a broadbrush (if not a spray gun) tact, the Special Master wrongly impugns the integrity and professionalism of Gibby Andry. That is not cricket.

[8]   As discussed above, it was disclosed by Mr. Freeh on December 24, 2013 (the Christmas Eve Production) that The Andry Law Firm, LLC claim was not expedited but in fact delayed from December of 2012 until March of 2013.

submit any claims on behalf of a third party. Rather, the only claim that this entity and Gibby Andry submitted was a claim for The Andry Law Firm, LLC. That claim has been placed under the proverbial microscope by BP and an army of accountants. There is not even a suggestion the claims process was manipulated regarding this distinct claim. The claim had been approved and was being processed for payment after appellate review. When the Special Master was appointed, he immediately sought to improperly derail this valid compensation that should not be subjected to retroactive attack.

The claim by The Andry Law Firm, LLC should not be abated. More importantly, the reputation of Gibby Andry should be restored. Without facts and lacking legal authorities, both BP and Mr. Freeh wrongfully and cavalierly malign the high degree of integrity and professionalism that Gibby Andry worked his entire legal career to achieve. BP submitted pleadings to this Court that it had to know were misleading if not false. *See* R. Doc. No. 10761-1 at pages 4, 16-18 (representing that The Andry Law Firm, LLC represented over 600 claimants, when it did not represent even one). Aided by numerous attorneys and sophisticated national law firms, BP knew the difference between the two separate legal entities, yet knowingly combined two distinct corporate entities to suggest to this Court and the public the existence of a fictional law firm. This Court should demand BP to answer why it engaged in this type of unseemly litigation tactic and publicity stunt. Equally important, BP and its fleet of national law firms knew and still know that Gibby Andry had nothing to do with Andry Lerner, LLC and that he did not represent BP claimants in the remuneration process approved by this Court. BP and its attorneys should explain why they have not violated Rule 3.3 of the Rules of Professional conduct requiring a duty of candor toward the tribunal.

Compounding this fiction in its pleading, BP, in nationwide ads, incorrectly identified Gibby Andry, through his law firm, as an attorney representing claimants. Not true. On the heels of these factually misleading advertisements, Mr. Freeh unbecomingly added to his company/firm's website his report to this Court as some form of kudos. Hardly the case. BP should be ordered to correct its filing with this Court. BP should be ordered to publish similar nationwide ads correcting the glaring errors it disseminated knowing these ads rang hollow and misinformed the public, aside from the harm caused to Gibby Andry. Mr. Freeh, likewise, should acknowledge his errors on his website.[9] This would be a reasonable attempt to set the record straight. [10]

In view of the absence of a factual or legal basis, it is respectfully submitted that the sections of the Special Master report should be rejected with respect to The Andry Law Firm, LLC and Gibby Andry in particular. If the report is not dismissed in its entirety, the portions of this report referencing Gibby Andry should be stricken under FRCP Rule 12(f) and declared impertinent and non-relevant to this proceeding to restore Gibby Andry's good name. Notably, Gibby Andry is more concerned in removing the unjustified tautological assault upon his character. Should the Court consider the untenable approach of the Special Master relying

---

[9]   This is not the first report Mr. Freeh authored in which the true facts and governing law have been given a backseat to his subjective commentary. *See, e.g.,* the Rush to Injustice (identifying erroneous and irresponsible conclusions by Mr. Freeh regarding Penn State); Report by former Homeland Security Secretary and U.S. Circuit Judge Michael Chertoff, (Freeh's reports contained factual findings and inferences that lacked objectivity and support about Okada Universal Entertainment). However, if the Court does not dismiss these sections of the report as Rule 12 and Rule 53 warrant, Gibby Andry is entitled to a prompt evidentiary hearing that conforms with due process safeguards afforded every citizen under the Constitution, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

[10]   As recently as last week, BP published full-page ads in national publications questioning the award to The Andry Law Firm, LLC - - - an award BP accepted as final just months ago. Compounding its media campaign is that BP continues to make misleading statements. Its public relations efforts should be complete and accurate. For example, ads in national periodicals circulated yesterday fail to inform the reader that BP raised and lost in the claims process the very arguments it now makes paper fodder. BP likewise omits that it chose not to pursue its discretionary appeal, thereby accepting the award to The Andry Law Firm, LLC. It seems BP should heed its slogan and shine a light on its own skewed commentary.

upon the equity-based unclean hands doctrine, then equity precludes penalizing Gibby Andry, a by-stander in this chronology, from being wrongfully victimized and traduced by certain persons with a particular self-serving agenda.

"Justice denied anywhere diminishes justice everywhere." (Martin Luther King, Jr.) Gibby Andry has been denied fundamental justice. It is respectfully submitted that this Court should right that wrong.

Respectfully submitted:

*/s/ Harry Rosenberg*
Harry Rosenberg, (Bar #11465)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
harry.rosenberg@phelps.com

ATTORNEY FOR GILBERT "GIBBY"
ANDRY, IV

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and/or that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 27th day of January, 2014.

*/s/ Harry Rosenberg*
Harry Rosenberg