# Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence Street
Eugene, OR 97401
Ph: 541-344-3505 Fax: 541-344-3516

January 30, 2014

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

Via E-Mail Only

**RE:   MDL-2179 – Plaintiff's Response to January 28, 2014 Letter From Defendant BP America Production Co.** *et al.*

Dear Judge Shushan:

This letter serves as the Center for Biological Diversity's (the "Center") response to the January 28, 2014 letter from BP America Production Co., *et al.*, ("BP") concerning discovery. BP has been aware of the Center's desire to conduct discovery concerning its remaining claim under the Emergency Planning and Community Right-to-Know Act ("EPCRA") since at least September 13, 2013, the date BP received the Center's "Motion to Lift Stay under Pretrial Orders 11 & 25 and for Leave to Proceed Before Magistrate Judge," LN File & Serve #54156388. In that document, the Center explained that its EPCRA claim only required "limited written discovery, followed by a motion for partial summary judgment on liability." *Id*. at p. 4.

On January 6, 2014, the parties held a joint telephonic status conference with the Court. Despite knowing that the Center wished to conduct limited discovery, a point discussed during the conference, BP's attorneys represented to Plaintiff and the Court that the Defendants required no discovery of the Center to advance their defenses.

Now, three days before the cut-off by which discovery must be served per the Court's scheduling order, ECF No. 12090 at 1, BP asks for discovery. This request comes too late. BP could have raised its need for discovery at any point in time over the last months.

Additionally, the discovery is unnecessary. BP asserts that its discovery will be related to the Center's "standing to assert its claim for relief based on the defendant's alleged failure to comply with the reporting requirements of EPCRA[.]" The Fifth Circuit has already found that the Center *has standing* to pursue its EPCRA claims, for

such claims are based on an information injury. The following excerpts from the Court's conclusion makes this point crystal clear:

> "The Center's complaint further alleged that the defendants did not report the types and quantities of pollutants released in the spill, which the Center contends was required by EPCRA, 42 U.S.C. § 11004. The district court held that the Center lacked standing to bring its EPCRA claim because it was "unclear how the data collected under EPCRA can remedy the injury alleged by Plaintiffs." We conclude that the district court's conclusion was incorrect.
>
> …
>
> The Center provided affidavits from its members averring that they had been exposed to substances emanating from the disaster either through direct physical contact in the Gulf and on the shore or through contact with fish and other wildlife. Those members averred that they were concerned about breathing air or ingesting water exposed to the substances and wanted to know what types of substances were involved in the Deepwater Horizon release so that they could assess the possible health effects of the exposure. **At least one member specifically averred that he had not seen any reports from BP documenting the substances that were released in the spill despite his search for such reports. This is the kind of concrete informational injury that the statute was designed to redress.** See FEC v. Akins, 524 U.S. 11, 21, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute."); see also Sierra Club, Inc. v. Tyson Foods, Inc., 299 F.Supp.2d 693, 703–06 (W.D.Ky.2003) (holding that denial of right to be informed of releases from defendant's facility afforded plaintiff standing to assert EPCRA claim for failure to report release of chemicals).
>
> …
>
> BP suggests in its brief that the Center's informational injury claim is moot because there is no continuing discharge from the well, and it cites the Supreme Court's decision in Steel Company. In that case, the Court did hold that the plaintiff could not maintain its EPCRA suit based solely on past violations of the statute. See Steel Co., 523 U.S. at 109, 118 S.Ct. 1003. But in that case, the defendant had complied with EPCRA's reporting requirements before the plaintiff filed suit, and the issue was whether the plaintiff could sue for a violation based on the untimely reporting. See id. at 88, 118 S.Ct. 1003. The Court held that the plaintiff lacked standing because the requested relief would not redress its claimed injury by remedying past wrongs. See id. at 105–09, 118 S.Ct. 1003. Here, however, BP has never claimed that it has at any time complied with EPCRA's reporting requirement for a written notice. The Center's suit specifically sought relief based on a release of substances that had already occurred but remained unreported under EPCRA, namely the spill from the ruptured well. The

defendants' failure to submit the required written emergency notice is thus a continuing violation of EPCRA's provisions. **An order from the district court that the defendants comply with EPCRA's reporting requirement for that release could therefore redress the Center's claimed informational injury**.

…

The defendants' insistence that the claim is moot because information about the spill is already publicly available is unavailing, at least on the current record.…If the information required by EPCRA's reporting provisions may indeed be easily located from alternate sources, it may be that a further order from the district court would provide no meaningful relief to the Center and its members. **Such a conclusion, although not affecting the Center's standing, might render the claim moot.** See Harris, 151 F.3d at 189. But we are simply unable to decide that question on this record, and the case therefore must be remanded to the district court for further proceedings."

*Center for Biological Diversity, Inc. v. BP America Production Co., et al.*, 704 F.3d 413, 429-32 (5th Cir. 2013) (emphases added).  As such, the Court concluded that "the Center has standing to assert its claim for relief based on defendants' alleged failure to comply with the reporting requirements of EPCRA[.]" *Id*. at 432.  This is now the law of the case, and there is consequently no need for BP to conduct discovery on an issue that it lost on.  *See, e.g., U.S. v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) ("mandate rule," which is a "specific application of the law of the case doctrine, prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand.").  The Center's detailed standing declarations provided all the information necessary to establish the Center's standing to pursue its EPCRA claims.  ECF No. 1984-2 (Crutcher Decl.); 1984-3 (Sondak Decl.); 1984-4 (Craig Decl.); 1984-5 (Celano Decl.); 1984-6 (Taylor Decl.); 1984-7 (Scott Decl.); 1984-8 (Hunt Decl.); 1984-9 (Duchin Decl.); 1984-10 (Thrailkill Decl.).

      Based on these arguments, the Center respectfully requests that the Court deny BP's efforts to conduct discovery at this late hour, on an issue where the Center has already prevailed.

      Sincerely,

      /s/ Charles M. Tebbutt

      Charles M. Tebbutt
      Daniel C. Snyder
      Law Offices of Charles M. Tebbutt, P.C.

      Counsel for Plaintiff