UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-970 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**CLASS COUNSEL'S REPLY BRIEF
IN FURTHER SUPPORT OF OBJECTION TO ADMINISTRATIVE RULING
REGARDING THE ADMISSION OF NEW "EVIDENCE" BY BP
IN CONNECTION WITH SETTLEMENT PROGRAM APPEALS**

Class Counsel respectfully submit the following Reply Brief in further support of the Class' Objection to the Appeal Panelists' *en banc* decision to allow BP to submit new "evidence" in support of a Wetlands Settlement Program Claim Appeal [Doc 11973]:

**MAY IT PLEASE THE COURT:**

Class Counsel never suggested that Appeal Panelists could not consider whether Claimants were excluded under the Class Definition.  Rather, Class Counsel suggested, and continue to suggest, that BP entrusted that responsibility to an independent Claims Administrator and appointed Settlement Program Vendors, based on the required Documentation.

BP's intimations of alleged "fraud" and "deception" are consistent with its bad faith, misleading and disingenuous media campaign.  While Class Counsel understand that there were in fact sufficient documents and information in the record before the Claims Administrator to make an adequate and reliable determination of Class Membership in this particular case, neither the Exhibit 12 documentation requirements nor the Claim Form *that BP agreed would be sufficient to establish a valid Wetlands Claim* require the Claimant to submit a parent company's

Page **1** of **6**

(or even the Claimant's own) Federal Income Tax Returns, or SEC Filings, or other documents which BP falsely suggests were "omitted" or "withheld" from the subject Wetlands Claim.

The fact that the Appeal Panelist or Panel is to review "the complete record" pursuant to Section 6.4 would merely beg the question had BP not omitted the rest of that sentence: "of the Claimant in the Settlement Program."  The Appeal Panelists are not to review *de novo* the 'complete record' of attachments to BP's settlement program appeal filings, but rather "the complete record of *the Claimant in the Settlement Program.*"

Similarly, Rule 13, which is cited by BP in its Opposition, specifically refers to "[t]he entire Claim File on the claim *with the Claims Administrator*." Rule 13(e).  The fact that BP is permitted to file "supporting memoranda" (under Rule 13(g)) does not in any way imply that BP can attach to such memoranda an unlimited number of new exhibits or other purported "evidence" that was never reviewed or considered by the Claims Administrator, nor addressed by the Claimant.

In connection with the ordinary connotation of the word "appeal",  BP disregards the existence of non-adversarial proceedings in which an independent arbiter, administrator or trustee will review and make determinations based on information provided by the plaintiff – *e.g.* claims for ERISA benefits, affirmative applications for asylum, or Social Security disability determinations.  In such cases, an appeal to the District Court is generally constrained to the administrative record that the plaintiff submitted to the administrative law judge, administrator or trustee.[1]

---

[1] *See, e.g., Powers v. Astrue,* No.12-448, 2013 WL 5522679 at *1 (M.D.La. Oct. 3, 2013) (in review of Social Security disability determination, "the district court is 'constrained by the record which was available to the ALJ'"); *He v. Holder,* 442 Fed.Apx. 172, 175 (5th Cir. 2011) (in review of Immigration Judge's denial of application for asylum, the Court may not consider evidence that was not part of the administrative record); *Anderson v. Cytec Industries,* No. 07-5518, 2009 WL 911296 at *7 (E.D.La. March 27, 2009) (in an ERISA case, "the district court is constrained to the evidence before the plan administrator").

Notably, moreover, in cases where exceptions are made, they are made to afford the *plaintiff* additional opportunities to submit new evidence on appeal, (or on remand), where fairness or other exceptional circumstances dictate.

This is consistent with the Settlement Agreement, which ensures that the *Claimant* will have notice, information, assistance and multiple opportunities to have "the best opportunity be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement."[2]

Nowhere does the Settlement Agreement suggest that *BP* shall be afforded opportunities to conduct its own investigation, submit evidence, contest awards, or otherwise attempt to have claims denied.

**Any Concern by the Panelists, or the Court, Regarding Wetlands Type Claims, (where the Required Documentation to establish Class Membership is Limited), Should Not Bleed Over Into BEL or Other Claims, with Comprehensive Documentation Requirements**

The decision of the Appeal Panelists' to allow BP to submit additional evidence regarding Class Membership in the Settlement Program Appeal process arises in the particular context of a Wetlands Claim, which, as noted, does not necessarily require (by and with agreement of BP) documents or other information from which the Claims Administrator will necessarily be able to determine Class Membership.[3]

---

[2] Section 4.3.7 (*see also* Section 4.3.8); *see also,* Section 6.1 ("Subject to and in accordance with Sections 4.3.7 and 4.3.8, Economic Class Members will have up to three opportunities, depending on their circumstances, to have their Claims reconsidered and reviewed to assure accuracy, transparency, independence, and adherence by the Settlement Program to the terms of this Agreement"). *See also* Section 6.1.2.1.1 (at the commencement of the 30-day period in which the Claimant can seek Reconsideration, "the Settlement Program shall provide access to the Claimant and the BP Parties of all forms, calculations and worksheets relied upon by the Settlement Program in reaching the final determination") (*see also* Section 6.8).

[3] Again, it is Class Counsel's understanding that all required documentation or other information was provided by this particular Wetlands Claimant in this particular case.

In the context of a Business Economic Loss (BEL) Claim, by contrast, the Claimant will be required to submit documents reflecting the business structure and ownership; Federal Tax Returns; existing business or occupational licenses; and other documents under Exhibit 4A from which the Program can certainly make an independent and reliable determination of not only Class Membership, but also Causation and Compensation.

Hence, even assuming *arguendo* that in the context of some Claims (such as Wetlands) the Appeal Panelists feel that it may be appropriate to allow BP to submit limited additional information or documents on appeal, (which is denied), this should certainly not bleed over into BEL or other claims, and "open the floodgates" to a "free-for-all" adversarial litigation, before Appeal Panelists, of settlement claims.

## Conclusion

For the above and foregoing reasons, and for the reasons stated in Class Counsel's original Objection, Class Counsel respectfully object to the ability of BP to attempt to submit new, untested, extrinsic, purported "evidence" in connection with Settlement Program Appeals.

This 4th day of February, 2014.

Respectfully submitted,

|  |  |
|---|---|
| ___/s/   Stephen J. Herman___ | ___/s/ James Parkerson Roy___ |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Class Counsel* | *Co-Lead Class Counsel* |

## ECONOMIC & PROPERTY DAMAGES CLASS COUNSEL

Brian H. Barr
LEVIN, PAPANTONIO
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT, DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Reply Brief will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of February, 2014.

/s/  Stephen J. Herman and James Parkerson Roy