IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf of | * | |
| Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| | * | |
| | * | Judge Barbier |
| This Document Relates To: *All Cases* | * | |
| | * | Magistrate Judge Shushan |

**BP EXPLORATION & PRODUCTION INC. AND ANADARKO PETROLEUM
CORPORATION'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE
HALLIBURTON ENERGY SERVICES, INC.'S PROPOSED SUPPLEMENTAL
FINDINGS OF FACT AND CONCLUSIONS OF LAW
AS TO PHASE TWO—QUANTIFICATION**

BP Exploration & Production Inc. ("BP") and Anadarko Petroleum Corporation

("Anadarko") seek an Order striking Halliburton Energy Services, Inc.'s ("Halliburton's")

Proposed Supplemental Findings of Fact and Conclusions of Law as to Phase Two—

Quantification ("PS-FFCL"). *See* Rec. Doc. 12224. This filing represents Halliburton's latest

attempt to violate the Court's orders precluding Halliburton from participating in the Phase Two

Quantification Segment. *See, e.g.*, Rec. Docs. 10981 (stating that Halliburton is not permitted to

call quantification witnesses or examine quantification witnesses called by the United States and

BP), 11367 (denying Halliburton's appeal of Rec. Doc. 10981). In light of the Court's proper

exclusion of Halliburton from the quantification component of the Phase Two trial, Halliburton's

attempt to file supplemental findings of fact and conclusions of law regarding the Phase Two

Quantification Segment is procedurally inappropriate and should be stricken. *See RLI Ins. Co. v.

Shell Offshore, Inc.*, No. 06-2573, 2008 WL 504051 (E.D. La. Feb. 21, 2008) (noting a district

court's authority "to strike the pleadings of a party in whole or in part for failure to comply with

court orders").

As a threshold matter, the Court has made clear—and Halliburton agreed—that Halliburton is not a party to the quantification segment of Phase Two, which pertains exclusively to the United States' civil penalty action against BP and Anadarko:

> THE COURT: You're not a defendant in that trial, right?
>
> MR. GODWIN: No, we're not, your Honor, but we do have—
>
> THE COURT: See, my sense is that that's a Clean Water Act lawsuit by the *United States v. BP and Anadarko*, so I don't see how Transocean or Halliburton have a role in that trial.

9/11/2013 Final Pre-trial Conf. Tr. at 9:22–10:1. Halliburton's PS-FFCL, therefore, violates the Court's order regarding Phase Two post-trial briefing, which limits the submission of proposed findings of fact and conclusions of law to "***the parties*** to each Trial Segment," and explicitly names BP, Anadarko, and the United States as the relevant parties with respect to the Phase Two Quantification Segment. Rec. Doc. 11706 at 2–3 (emphasis added).[1]

Moreover, the Court explicitly has excluded Halliburton from participation in ***all*** aspects of the Phase Two Quantification Segment trial, not merely post-trial briefing. At the July 12 Working Group Conference, Magistrate Judge Shushan informed Halliburton that the Court would not permit Halliburton to call its own witnesses or examine those witnesses called by the United States or BP and Anadarko. *See* Rec. Doc. 10981. Halliburton appealed this ruling, and the Court affirmed Judge Shushan's decision. Rec. Docs. 10981, 11367 at 2 (denying Halliburton's appeal of Rec. Doc. 10981). In the final Phase Two pre-trial conference, the Court further clarified that Halliburton could attend the trial "like any other member of the public," but could not participate in the proceedings:

---

[1] Even if Halliburton had been permitted to file proposed findings of fact and conclusions of law—which it clearly had not—it violated the Court's order by failing to meet the December 20, 2013 deadline clearly set forth in the order. Rec. Doc. 11706 at 2.

> THE COURT: [B]arring something unusual, unexpected and that I don't anticipate to happen, I am not going to let you make an objection in the trial to which you are not a party and are not participating, so. If you want to be here as an observer, you're welcome to do that like any other member of the public. . . . But that doesn't give you the right to jump up and object."

9/11/2013 Final Pre-trial Conf. Tr. at 15:17-24.

The Court has also repeatedly rejected Halliburton's attempts to exclude Phase Two quantification expert testimony about cement erosion. *See* Rec. Doc. 11048 (order denying Halliburton's Motion to Strike Phase Two expert testimony opinions regarding cement erosion); 9/11/2013 Final Pre-trial Conf. Tr. at 19:16–20 (orally affirming Rec. Doc. 11048); Rec. Doc. 11422 (order memorializing affirmance of Rec. Doc. 11048). But the Court made clear that no Phase Two evidence, including testimony about cement erosion, would affect Halliburton's liability:

> THE COURT: We are not going to introduce additional evidence in Phase Two relating to cement to try to—that would in any way increase the liability or exposure of Halliburton. I mean, if that's what you want to hear, as I see it. In other words, there is nothing that I see that can come out in quantification that BP can then use to say, well, that increase[s] . . . the allocation of fault, percentage that should be allocated, if any, to Halliburton.
>
> MR. GODWIN: What we want to do, and we understand where your Honor is coming from and respect that, it's just what we don't want them to do is to be able to talk about cement not setting up—the Government says it didn't set up, BP said it did set up—we don't want to have cement being talked about whether it did or did not set up and relitigate that here without us having an opportunity to be heard. And if your Honor says that won't happen—
>
> THE COURT: Well, what I said was not going to happen is what I said. But I am not going to sit here and say they can't mention cement if that's what you're asking me. But I don't think that gives you a role in Phase Two.

9/11/2013 Final Pre-trial Conf. Tr. 13:22–14:16. There is no evidence to suggest the Court has done anything but adhere to this ruling. Indeed, the Court was actively engaged during the very testimony that Halliburton cites in support of its PS-FFCL in maintaining the line between Phase One and Phase Two testimony. *See, e.g.*, Phase Two Trial Tr. 3007:16–20 ("THE COURT:

3

Again, my understanding of this witness' testimony is he was asked to assume that.  He assumed

that, and then he stated his opinions.  So I'm not going to retry the issue of whether the concrete

was—the cement was set or not set in this phase of the case.");[2] *see also id.* at 2980:2-4,

2981:17–25, 3006:3–7, 3008:24–3009:7, 3026:8–13 (sustaining relevant objections).

Halliburton has had the opportunity, and has argued its position time and again in this

litigation.  *See e.g.*, Rec. Docs. 11041 (Halliburton's Motion to Strike Phase Two cement erosion

testimony), 11104 (Halliburton's appeal of the Court's order denying Halliburton's Motion to

Strike Phase Two cement erosion testimony), 11692 (Halliburton's Offer of Proof); 9/11/2013

Final Pre-trial Conf. Tr. at 9:8–16:20.  Indeed, the Court noted during the final Phase Two pre-

trial conference that Halliburton had "covered every procedural base possible to object to [its]

non-participation in quantification."    9/11/2013 Final Pre-trial Conf. Tr. at 9:14–16.

Nonetheless, the Court has continued to hold that Halliburton is not a party to the Phase Two

Quantification Segment and that Phase Two cement erosion testimony does not affect its

liability.

BP and Anadarko are prejudiced by Halliburton's latest filing because they did not

anticipate the need to respond in their proposed findings of fact and conclusions of law to either

the Phase One issues or the targeted criticisms of their trial experts raised in Halliburton's PS-

---

[2] Contrary to Halliburton's assertions, Dr. Andreas Momber did not offer opinions on Phase One issues.  As the Court recognized and Dr. Momber consistently made clear, his analysis of cement erosion did not involve an independent assessment of the condition of the bottomhole cement. *See, e.g.*, Phase Two Trial Tr. 2977:16-2978:1, 2982:6-9, 3007:16-20.  Rather, he *assumed*—as did the Government experts—that the cement had set, an assumption he considered to be reasonable based on evidence that was extensively discussed during Phase One.  Rec. Doc. 12047 at ¶¶ 1411, 1414, 1415.  There is no new evidence or analysis, therefore, to which Halliburton need respond.

FFCL, and because Halliburton strategically waited until the day Phase Two reply briefs were due before making its submission.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, BP and Anadarko respectfully request that the Court strike Halliburton's PS-FFCL.  Should the Court decline to strike Halliburton's PS-FFCL, BP and Anadarko respectfully request permission to make a submission on the merits.

Dated:  February 4, 2014.                              Respectfully submitted,


                                        */s/ Don K. Haycraft*
                                        Don K. Haycraft

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of February, 2014.

*/s/ Don K. Haycraft*
Don K. Haycraft