UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-970 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

CLASS COUNSEL'S OPPOSITION TO
BP'S MOTION FOR PRODUCTION OF FREEH INVESTIGATION DOCUMENTS

Class Counsel respectfully submit the following memorandum in opposition to BP's Motion for the Production of Freeh Investigation Documents [Doc 12254]:

**MAY IT PLEASE THE COURT:**

One of the principle cornerstones of the Economic & Property Damages Settlement Agreement is independence. It was specifically intended and agreed by both Class Counsel and BP that the Settlement Program would be implemented and administered by an independent Claims Administrator and Trustee with independent Vendors selected by the Parties and approved by the Court. The Claims Administrator and Vendors would *not* be subject to the direction of either Class Counsel or BP, but to the independent supervision of the Court.[1]

---

[1] *See, e.g.,* SETTLEMENT AGREEMENT, SECTION 4.3.1 ("The Claims Administrator shall be selected and appointed by the Court, and shall be responsible to the Court, serve as directed by the Court, and faithfully implement and administer the Settlement, according to its terms and procedures, for the benefit of the Economic Class, consistent with this Agreement, and/or as agreed to by the Parties and/or as approved by the Court"); SECTION 4.3.2 ("The Claims Administrator shall head the Settlement Program, oversee and supervise the Claims Administration Vendors (including any subcontractors) and staff in the processing and payment of Claims … and participate on the Claims Administration Panel. The Court shall retain ongoing and exclusive jurisdiction over the Settlement Program"); SECTION 4.3.4 ("Issues or disagreements that cannot be unanimously resolved by the Claims Administration Panel will be referred to the Court for resolution"); SECTION 4.3.5 ("The initial Claims Administration Vendors agreed to by the Parties (including Garden City Group, BrownGreer, PWC, and Postlewaite) have been appointed by the Court and are subject to the supervision and direction of the Claims Administrator"); SECTION 4.3.10 ("The Settlement Program, under the supervision and direction of the Claims

Over the past year, BP has, in various different ways, some more subtle than others, repeatedly and continuously attempted to fundamentally alter this structure, and to exert its influence and control over the Settlement Program, its Vendors, its staff, and the claims administration process.

BP is an oil company.[2] It's not a professional claims administrator, information technology consultant, or law enforcement agency. Mr. Juneau and his staff, the Freeh Group and its staff, IBM, HUB, McGladrey, CliftonAllenLarson, PriceWaterhouse, Postlewaite & Netterville, BrownGreer and Garden City do not need assistance from BP with the proper and efficient evaluation and determination of claims.

But even to the extent that BP's insights or suggestions could arguably be helpful to the process, any such benefit would, in Class Counsel's view, be clearly outweighed by the

---

Administrator, shall implement the terms of the Agreement. The Claims Administrator may engage in supervision and oversight activities designed to ensure the implementation and integrity of the overall Settlement Program"); SECTION 4.4.7 ("The Settlement Program and its Claims procedures shall be subject to the ongoing supervision of the Court. The criteria, documentation, proof, and Compensation Amount provisions of each of the Claims categories shall apply equally to all Claimants regardless whether they are proceeding individually, represented by others, or proceeding as an assignee of an individual Claim"); SECTION 5.12.1 ("A Settlement Trust shall be established for the purpose of paying Settlement Payments and the costs of administering the Settlement Program. The Settlement Trust shall be established pursuant to the order of the Court…. The Trust Agreement shall be subject to approval by the Court"); SECTION 5.12.1.2 ("The Settlement Trust and each of the Funds shall be managed by the Claims Administrator and shall be subject to the continuing jurisdiction and supervision of the Court. The Claims Administrator shall serve as trustee of the Settlement Trust"); SECTION 6.1.2.2.5 ("The appointment to and service on the Appeal Panels is subject to the oversight of the Court, which shall retain jurisdiction over the Appeal Panels"); SECTION 6.4 ("The Standard of Review by the Appeal Panelist or Appeal Panel shall be a de novo review of the complete record of that Claimant in the Settlement Program to enforce compliance with this Agreement as approved by the Court"); SECTION 6.6 ("The Court maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the Agreement"); SECTION 18.1 ("Pursuant to the Final Order and Judgment, the Court shall retain continuing and exclusive jurisdiction over the Parties and their Counsel for the purpose of enforcing, implementing and interpreting this Agreement").

[2] BP is also the Responsible Party and primary Defendant in this litigation, which hardly comes to this process with clean hands, having plead guilty to 11 felony counts of seaman manslaughter (18 U.S.C. §1115), one felony count of lying to Congress (18 U.S.C. §1505), criminal violations of the Clean Water Act (33 U.S.C. §§ 1319(c)(1)(A) & 1321(b)(3)), criminal violation of the Migratory Bird Treaty Act (16 U.S.C. §§ 703 & 707(a)), and one count of lying to its stockholders and the SEC (15 U.S.C. §78m). In addition, a BP Engineer was recently convicted by a jury of obstruction of justice for post-spill destruction of evidence. Indeed, BP was on probation for previous felony convictions at the time the Macondo disaster occurred.

appearance of undue influence – and, in any event, is contrary to what was negotiated and expressly agreed upon by the Parties.

In this particular instance, the inevitable conclusion to be drawn from BP's Motion is that BP does not trust the Freeh Group to independently and appropriately address these issues, and desires to conduct its own "investigation".  Nowhere is such a biased, self-interested and agenda-driven role for the BP Defendants contemplated in the Settlement Agreement that was presented and supported by BP and approved by the Court.

Yet, even assuming *arguendo* that BP were otherwise entitled to this information, (which is denied), BP is not entitled to obtain or utilize any information for bad faith and illegitimate purposes, and is in no event entitled to Claim-specific files, documents, or other information prior to a formal Eligibility Determination.

**BP Seeks the Information for Illegitimate Purposes**

The Parties' right to Claim Files and other Claims-related data is limited to "legitimate" purposes.[3]

Under Section 9.1 of the Settlement Agreement:

> Communications by or on behalf of the Parties and their respective Counsel regarding this Agreement with the public and media shall be made in good faith, shall be consistent with the Parties' agreement to take all actions reasonably necessary for preliminary and final approval of the Settlement, and the information contained in such communications shall be consistent with the content of the Notice approved by the Court.

The Settlement Agreement further, along these lines, obligates BP to support and defend the Economic & Property Damages Class Settlement Agreement. In particular, Section 16.1

---

[3] *See* SETTLEMENT AGREEMENT, SECTION 4.4.14, *and* ORDER REGARDING SETTLEMENT IMPLEMENTATION [Doc 6573] ¶9.

provides that:

> The Parties agree to take all actions necessary to obtain final approval of this Agreement and entry of a Final Order and Judgment, including the terms and provisions described in this Agreement….

And Section 17.1 provides that:

> The Parties agree to support the final approval and implementation of this Agreement and defend it against objections, appeal, or collateral attack. Neither the Parties nor their Counsel, directly or indirectly, will encourage any person to object to the Economic and Property Damages Settlement.

Further, both BP and the Claims Administrator are obligated to maintain the confidentiality of individual Claimants and Claim-specific files, documents or other information.[4]

Anyone reading the newspapers knows that BP has repeatedly, and in bad faith, violated these contractual requirements and responsibilities – in court filings, in paid advertisements, on its websites, and in corporate statements to the press.

Although BP promised an independent and Claimant-friendly Settlement Program,[5] BP comes to the public, to the Special Master, and to the Court with isolated or unsubstantiated

---

[4] *See* SETTLEMENT AGREEMENT, SECTION 4.4.1, *and* ORDER REGARDING SETTLEMENT IMPLEMENTATION [Doc 6573] ¶4. (*See also,* PRE-TRIAL ORDER NO. 13.)

[5] In addition to the provisions cited in Footnote 1, *see, e.g.,* SECTION 4.3.7 ("The Settlement Program, including the Claims Administrator and Claims Administration Vendors, shall work with Economic Class Members (including individual Economic Class Members' counsel and Class Counsel) to facilitate Economic Class Members' assembly and submission of Claims Forms, including all supporting documentation necessary to process Claim Forms under the applicable Claims Processes. The Settlement Program, including the Claims Administrator and Claims Administration Vendors, shall use its best efforts to provide Economic Class Members with assistance, information, opportunities and notice so that the Economic Class Member has the best opportunity to be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement"); SECTION 4.3.8 ("The Claims Administration Vendors shall evaluate and process the information in the completed Claim Form and all supporting documentation under the terms in the Economic Damage Claim Process to produce the *greatest* Economic Damage Compensation Amount that such information and supporting documentation allows under the terms of the Economic Damage Claim Framework.") (emphasis supplied); *see also,* SECTION 4.4.9 ("An Economic Class Member who had a claim with the GCCF that was rejected or denied by the GCCF for any reason shall be treated like any other Economic Class Member submitting a Claim to the Settlement Program. Specifically, there shall be no negative inference or presumption of any kind as to the eligibility or right of any Economic Class Member to receive a Settlement Payment under the terms of the Settlement Agreement").

anecdotes of alleged "fraud" while conveniently omitting that BP, in connection with the Macondo / *Deepwater Horizon* disaster, has been convicted of perpetrating an actual and undisputed *fraud* on the U.S. Government, its own shareholders, and the public at large.

BP comes to the public, to the Special Master, and to the Court unfairly scapegoating the independent Claims Administrator, whom they selected, for interpreting the Settlement Agreement exactly how BP told him to interpret it, and otherwise doing exactly what the Court appointed him to do.

BP comes to the public, to the Special Master, and to the Court pretending to be concerned about the efficiency of the Settlement Program, when BP has been doing everything within its power to slow down or stop altogether the timely processing and payment of legitimate claims.

BP comes to the public, to the Special Master, and to the Court with rumors and innuendo of alleged "influence" within the Settlement Program, while BP itself has attempted to exert undue influence over the Program and the process since the very beginning.

BP clearly has its own agenda. An agenda that is not consistent with the company's contractual and other corporate, legal and moral obligations and responsibilities. Neither the Court nor the Special Master should aid, assist or otherwise countenance BP's conduct, by permitting a fishing expedition into information that will undoubtedly be taken out of context, unfairly exaggerated, and otherwise manipulated to inappropriately attack and criticize its own Settlement Agreement, the Claimants, and/or the Claims Administrator or Vendors that BP wanted, selected, supported, and in some cases insisted upon.

**BP Is In No Event Entitled to Claim-Specific Information Prior to a formal Eligibility Determination**

Both the Settlement Agreement and the Court's Order regarding implementation expressly and unambiguously provide that:

> BP and Class Counsel shall **_not_** have access to any individual Claim File for a Claim that is being processed and has not yet been resolved in the Settlement Program, except if the Claim File is needed by BP, a Claimant, or their counsel, to prosecute or defend an Appeal.[6]

Therefore, to the extent the Court might be inclined to produce some of the materials requested, BP is clearly and inarguably *not* entitled to any individual Claimant or Claim-specific information.

---

[6] *See* ORDER REGARDING SETTLEMENT IMPLEMENTATION (May 22, 2012) [Doc 6573], ¶ 9, *and* SETTLEMENT AGREEMENT, SECTION 4.4.14, (emphasis supplied). *See also, e.g.,* SECTION 4.4.14 ("The Claimant may request and receive reasonable access to his, her, or its Settlement Program and/or Transition Process Claim File and supporting information, *but only after issuance of a Final Determination of the Claim....*") (emphasis supplied); SECTION 6.1.2.1.1 ("Within 30 days of issuance of notice in writing to the Claimant of a final determination of a Claim by the Settlement Program, a Claimant may request in writing reconsideration…. The Settlement Program shall provide access to the Claimant and the BP Parties of all forms, calculations and worksheets relied upon by the Settlement Program in reaching the final determination"); SECTION 6.8 ("Immediately *upon issuance of final written notice from the Claims Administrator of a determination of a Claim,* the Settlement Program shall provide BP, Lead Class Counsel, Claimant and Claimant's counsel (if Claimant is represented) with electronic access to the full record of the Claim at issue") (emphasis supplied).

**Conclusion**

For the above and foregoing reasons, Plaintiffs respectfully request that the Court deny BP's Motion for Production of Freeh Investigation Documents.

Dated: February 10, 2014

Respectfully submitted,

|  |  |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Class Counsel* | *Co-Lead Class Counsel* |

**CLASS COUNSEL**
**FOR THE ECONOMIC & PROPERTY DAMAGES CLASS**

| | |
|---|---|
| Brian H. Barr | Robin L. Greenwald |
| LEVIN, PAPANTONIO, THOMAS, | WEITZ & LUXENBERG, PC |
| MITCHELL, ECHSNER & PROCTOR, PA | 700 Broadway |
| 316 South Baylen St., Suite 600 | New York, NY  10003 |
| Pensacola, FL 32502-5996 | Office:  (212) 558-5802 |
| Office:  (850) 435-7045 | Telefax: (212) 344-5461 |
| Telefax: (850) 436-6187 | E-Mail:  rgreenwald@weitzlux.com |
| E-Mail: bbarr@levinlaw.com | |
| | Rhon E. Jones |
| Jeffrey A. Breit | BEASLEY, ALLEN, CROW, METHVIN, |
| BREIT DRESCHER & IMPREVENTO | PORTIS & MILES, P. C. |
| Towne Pavilion Center II | 218 Commerce St., P.O. Box 4160 |
| 600 22nd Street, Suite 402 | Montgomery, AL 36104 |
| Virginia Beach, Virginia 23451 | Office:  (334) 269-2343 |
| Office:  (757) 670-3888 | Telefax: (334) 954-7555 |
| Telefax: (757) 670-3895 | E-Mail:  rhon.jones@beasleyallen.com |
| E-Mail: jbreit@bdbmail.com | |

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

Case 2:10-md-02179-CJB-DPC   Document 12312   Filed 02/10/14   Page 9 of 9

Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

**CERTIFICATE OF SERVICE**

     WE HEREBY CERTIFY that the above and foregoing Opposition will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 10th day of February, 2014.

                               /s/ James Parkerson Roy and Stephen J. Herman

9