IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION: J |
| This Document Applies to: No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | * * * * | Honorable CARL J. BARBIER Magistrate Judge SHUSHAN |

**RESPONSE OF CHRISTINE REITANO TO BP'S MOTION FOR PRODUCTION OF DOCUMENTS FROM SPECIAL MASTER (DOCUMENT NO. 12254)**

NOW INTO COURT, through undersigned counsel, comes Christine Reitano who, with respect, files this response to BP's request for production of documents from the Special Master (Document No. 12254) in accordance with the order of the court (Document No. 12269) that responses were due on or before February 10, 2014.

MAY IT PLEASE THE COURT:

At the offset of this response, Christine Reitano affirmatively states that there is no credible or authentic evidence, notes, documents or statements which have been collected by SM Freeh or his associates which could possibly be construed as damaging or harmful to Ms. Reitano. In fact, the only credible evidence gathered so far firmly supports Ms. Reitano's position that she has done absolutely nothing contrary to her obligations pursuant to her employment contract which could possibly sustain her wrongful, illegal and precipitous termination by Mr. Juneau. Ms. Reitano adopts and incorporates herein as if re-written in extenso each of her prior responses to SM Freeh's original

investigative report.[1]  Therefore, there is no production which could be made by SM Freeh to BP that would personally and negatively impact Ms. Reitano. She has nothing to hide.

In spite of the fact that there is nothing in SM Freeh's possession that would be harmful to Ms. Reitano, she objects to the production requested by BP for two reasons: (1) Ms. Reitano has requested production of all documents gathered by SM Freeh and her access has been severely limited by the court.  Therefore, Ms. Reitano objects to BP being given access to any documents which have not been produced to Ms. Reitano and/or were produced to Ms. Reitano in a redacted condition before their production; and (2) Ms. Reitano objects to the production because it will only be used by BP to further their ongoing very expensive public relations effort to convince the public at large that BP is somehow a victim in the process.  Nothing could be farther from the truth and the court knows that without the necessity of an exhaustive recitation of the facts about the deaths and injuries caused by the spill and the overwhelming damage to the environment and economy along the entire Gulf of Mexico coast of the United States of America.

To justify their request for documents from SM Freeh, BP describes SM Freeh's two reports about his findings as "stunning."  Based on Ms. Reitano's knowledge of the operation of the Claims Office and the evidence she has submitted in response to SM Freeh's first "report," the only things she finds to be "stunning" about the Freeh reports are their complete lack of authenticity, sweeping generalizations unsupported by facts, misunderstanding of the nature of an attorney-client contracts and misinterpretation of the information gathered from witnesses in the case.  For example, Ms. Reitano has provided SM Freeh with sworn testimony which directly contradicts what his associates

---

[1]SM Freeh belatedly submitted a second report which only concerns his so-called findings regarding Mr. David Duval and Mr. Kirt Fisher.  No additional allegations were made about Ms. Reitano.

claimed they were told by Ms. Christine Mancuso. SM Freeh used the faulty or intentionally false recollections of his associates to allege that Ms. Reitano was untruthful about her desire for a "referral" fee on the Thonn claim. SM Freeh has made no effort to correct his mistake.

There is no need, purpose or reason for this Court to allow BP to have access to the records of SM Freeh.

Respectfully Submitted:

/s/ Mary Olive Pierson
Mary Olive Pierson, La. Bar No. 11004
8702 Jefferson Highway, Suite B (70809)
Post Office Box 14647
Baton Rouge, LA 70898
(225) 927-6765 - Telephone
(225) 927-6775 - Facsimile
mop@mopslaw.com - Email

*Counsel for Christine Reitano*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response of Christine Reitano to BP's Motion for Production of Documents from Special Master (Document No. 12254) has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 10th day of February, 2014.

/s/ Mary Olive Pierson
Mary Olive Pierson