UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL No. 2179  SECTION J |
| This Document Relates to: No. 12-970, Bon Secour Fisheries, Inc. et al. v. BP Exploration & Production Inc., et al. | * * * | DISTRICT JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF COMPLIANCE WITH DECEMBER 24, 2013 ORDER [Doc. 12055]

NOW INTO COURT, through his undersigned counsel, comes Patrick A. Juneau, as Claims Administrator of the *Deepwater Horizon* Economic and Property Damages Settlement Program and Trustee of the Settlement Trust (the "Claims Administrator"), who files this Notice to inform the Court that he has complied with its December 24, 2013 Order [Doc. 12055] directing him "to adopt and implement an appropriate protocol or policy for handling BEL claims in which the claimant's financial records do not match revenue with corresponding variable expenses", as follows:

1. In accordance with its customary policies and procedures for the promulgation and adoption of official Policies, on February 12, 2014, the Claims Administrator has made available to BP and Class Counsel (the "Parties") for their respective review and input, a Policy

Announcement of proposed Policy 495 entitled "Business Economic Loss Claims: Matching of Revenue and Expenses" (the "Proposed Matching Policy").

2. The Proposed Matching Policy was premised upon the following principles as directed by the Court in evaluating BEL claims under Exhibit 4C of the Settlement Agreement:

(i) loss calculations are to be based upon accounting records that sufficiently match expenses with revenues;

(ii) the matching of revenues with variable expenses does not necessarily coincide with when revenue and variable expenses were recorded;

(iii) some claimant-submitted contemporaneous accounting records inherently match revenues with expenses sufficient for the purposes of the Settlement Agreement, but others do not; and

(iv) for those "unmatched claims", the claimant-submitted accounting records are to be adjusted "in light of the necessity of revenue and expense matching to realistic measurement of economic loss".

3. In the process of developing the Proposed Matching Policy as directed by the Court, the Claims Administrator has conducted extensive consultations with the Court-appointed accounting vendors, PricewaterhouseCoopers and Postlethwaite & Netterville (the "CSSP Accounting Vendors"), and has received significant input from both BP and Class Counsel, including consideration of written submissions from the Parties, an extended informational and question and answer session attended by the Parties and their respective accounting experts, and numerous working sessions among and between the Claims Administrator and his staff and the CSSP Accounting Vendors.

4. The Claims Administrator shall provide further notice as to the further disposition of the Proposed Matching Policy at such time(s) as it becomes appropriate to do so.

Respectfully submitted,

s/J. David Forsyth
J. David Forsyth (La. Bar. No. 5719)
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
201 St. Charles Avenue, Suite 3815
New Orleans, LA 70170
Telephone: (504) 582-1521
Facsimile: (504) 582-1555
jdf@sessions-law.com
Attorneys for Patrick A. Juneau, as Claims Administrator/Trustee

### CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2014, the above and foregoing Notice has been served on All Counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

s/J. David Forsyth
J. David Forsyth