IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION J |
| This Document Relates To:  10-4536 | * * * * | Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

## RULE 26(F) CONFERENCING REPORT
## FOR THE CLEAN WATER ACT PENALTY PHASE

Pursuant to Fed. R. Civ. P. 16 and 26(f) and the Court's orders, BP Exploration & Production Inc. ("BPXP"), Anadarko Petroleum Company ("APC"), and the United States submit this Report.  This Report relates only to *United States v. BP Exploration & Production Inc., Anadarko Petroleum Corp., et al.*, Civ. No. 10-4536 (E.D. La.).  There are no other parties involved in the Penalty Phase.

A.      **Overview:  Subjects for the Penalty Phase.**

The Parties agree that another proceeding (the "Penalty Phase") is necessary for completion of the trial court proceedings on the US' Clean Water Act claims, following completion of Phases One and Two of the Limitation and Liability Trial.  The Parties agree that the subjects of the Penalty Phase are the evidence and arguments related to the eight factors set out at 33 U.S.C. § 1321(b)(8) (the "Factors").  The outcome of the Penalty Phase is expected to be the Court's determination of the actual dollar amount, based upon evidence presented in Phases One, Two, and the Penalty Phase, of the civil penalty to be paid by each Defendant.

The Parties have spent significant time over the past few weeks and months discussing stipulations and exchanging drafts of such stipulations related to the Factors.  Some progress has

been made as to some of the Factors, and discussions continue as to stipulations on other of the Factors. The Parties believe that stipulations will have the effect of narrowing discovery and streamlining trial proofs.

**B.     Trial of the Penalty Phase.**

The Parties agree that during the Penalty Phase, both Defendants shall be tried in one proceeding. The United States shall present its case first as against both BPXP and APC, BPXP shall present its case second, APC third, and the United States in rebuttal. Currently, the Parties do not agree on the earliest time the Penalty Phase trial can take place, or its duration. In particular, the Parties do not agree on the scope of the eight Factors on which evidence is to be presented during the Penalty Phase trial and, therefore, cannot agree on the permissible scope and the length of the trial and discovery. The Parties are prepared to set forth their positions on these issues in upcoming case management briefs to be filed shortly after this report is filed and also intend to file motions *in limine* for the purpose of obtaining court resolution of the scope issues.

**C.     Discovery/Stipulation Plan for the Eight Factors.**

The Parties have discussed each of the eight Factors to determine whether any discovery will be required on each Factor, and whether and to what extent any Party intends to seek to admit evidence related to such Factors at the Penalty Phase trial. Where possible, the Parties negotiated in good faith some stipulations to reduce or eliminate the need for discovery or the need for additional evidence at trial. The Parties reserve their rights to argue the legal or equitable import of such facts, including admissibility, relevance, weight, and the like.

The Parties have exchanged draft requests for production on some of the Factors, and discovery disputes may arise from these potential requests. At this time, neither formal requests for production nor objections have been served.

Each Factor is discussed below, in the order it appears in the statute.[1]

1. **Seriousness of the violation or violations.**

The Parties may reach some stipulations relating to this Factor which may streamline (but not eliminate) discovery. The United States, BPXP, and possibly APC do not agree about the scope of this Factor, what discovery may be required, and how long such discovery may take. The Parties are prepared to set forth their positions on these issues in upcoming case management briefs to be filed shortly after this report is filed.

2. **Economic benefit to the violator, if any, resulting from the violation.**

The United States, BPXP, and possibly APC do not agree about the scope of this factor. The Parties are prepared to set forth their positions on these issues in upcoming case management briefs to be filed shortly after this report is filed.

3. **The degree of culpability involved.**

The Parties do not agree about the scope of this factor, what discovery may be required, and how long such discovery may take. The Parties are prepared to set forth their positions on these issues in upcoming case management briefs to be filed shortly after this report is filed.

4. **Any other penalty for the same incident.**

The Parties have been negotiating stipulations, and, if those discussions are successful (and we are optimistic they will be), we expect that there will be no discovery and no further evidence adduced at trial on this topic, other than as set forth in the stipulations. If additional penalties are paid prior to the Penalty Phase trial, the Parties can negotiate additional stipulations.

---

[1] For any given factual issue, the Parties reserve the right to argue that such evidence fits into more than one Factor (*e.g.*, given evidence may relate to "seriousness" or may relate to "culpability" or another Factor), although Defendants do not agree that it is permissible for the United States to use the eighth Factor (also known as the "catch-all" Factor) to bring in evidence excluded by the Court under any of the preceding Factors. Also, a Party may take the position that information already in the record may relate to one or more of the Factors, so unless prohibited by Stipulation or Court Order, the Parties reserve the right to argue the import of evidence already in the record even if not expressly discussed herein.

> **5.    Any history of prior violations.**

The Parties have prepared draft stipulations in which certain specified prior violations (or lack thereof) are identified, but those are not final yet.  Further, the United States, BPXP, and possibly APC do not agree about the scope of this factor.  The Parties are prepared to set forth their positions on these issues in upcoming case management briefs to be filed shortly after this report is filed and/or in briefing upcoming motions *in limine*.

> **6.    The nature, extent, and degree of success of any efforts of the violator to minimize or mitigate the effects of the discharge.**

The Parties have prepared draft stipulations, but those are not final yet.  The Parties may be able to reach stipulations related to this Factor that may streamline discovery and trial presentations.  It is possible that the Parties may need to brief certain issues relating to this factor.

> **7.    The economic impact of the penalty on the violator.**

The United States and APC have prepared draft stipulations on certain historical information relating to this factor.  It is presently unclear whether and to what extent additional stipulations will be negotiated between the United States and APC and/or what evidence at trial, if necessary, will be adduced by either of them.

The United States and BPXP are in discussions about possible stipulations on this factor. If those stipulations are successful, they may reduce the need for discovery and streamline trial presentations.  It is possible that disputes about (a) the scope of this factor and (b) potential discovery about the factor may be briefed before the Court.  The Parties are prepared to set forth their positions on these issues in upcoming case management briefs to be filed shortly after this report is filed.

8.     **Any other matters as justice may require.**

To the extent any of the facts or evidence identified in the foregoing seven Factors is deemed inapplicable to the Factor for which it was identified above, the United States and BPXP may argue that the same facts or evidence are applicable under this Factor.  APC does not agree that this is permissible and may file a motion *in limine* on that point.  Other disputes may arise about the proper application of this Factor on which court guidance may be sought.

D.     **Pre-Trial Schedule.**

Currently, the Parties do not agree on a schedule or the earliest date the Penalty Phase could be ready for trial.  The Parties will present their positions on appropriate schedule and trial date in upcoming case management briefs to be filed shortly after this report is filed.

E.     **Procedural and Technical Matters.**

Most procedural and technical matters will be governed by pre-existing PTOs, although some may need to be amended to apply specifically to the Penalty Phase.  The Parties are likely to file a small number of motions or stipulated orders to address specific privilege, discovery, or technical production issues.  The parties have met and conferred, and both BPXP and APC expect to file certain motions, with a proposed briefing schedule as set forth below.

F.     **Conclusion/Summary.**

The Court should expect that the following motions *in limine* may be filed shortly:

1. United States' motion regarding the seriousness factor;
2. United States' motion regarding BPXP's affiliated corporations;
3. Anadarko's motion that it is not "culpable";
4. BPXP's motion *in limine* to exclude culpability evidence; and
5. BPXP's motion to limit "prior violations" to specific types.

For the filing of motions, APC, BPXP, and the United States agree to the following:

1. Opening motions, fifteen (15) pages per motion (but a combination of two (2) motions into one (1) brief means up to thirty (30) pages for a brief);

2. Oppositions, fifteen (15) pages per motion, due fourteen (14) calendar days after filing of motion (but a combined response to two (2) motions in one opening brief means up to thirty (30) pages for a response brief); and

3. Replies, five (5) pages, due seven days after opposition (but a combined reply brief on two (2) motions means up to 10 pages for a reply brief).

February 14, 2014                                            Respectfully submitted,

                                                              */s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia ("Carrie") Karis, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production Inc.*

BINGHAM McCUTCHEN LLP

  */s/ James J. Dragna*
James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Thomas Lotterman
tom.lotterman@bingham.com
Ky E. Kirby
ky.kirby@bingham.com
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
Kuchler Polk Schell Weiner & Richeson, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

*Attorneys for Anadarko Petroleum Company*

BRIAN HAUCK
Deputy Assistant Attorney General
Civil Division
PETER FROST
Director, Torts Branch, Civil Division
Admiralty and Aviation
STEPHEN G. FLYNN
Assistant Director
SHARON SHUTLER
MALINDA LAWRENCE
LAURA MAYBERRY
Trial Attorneys


R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
Telephone:  415-436-6648
Facsimile:  415-436-6632
E-mail:  mike.underhill@usdoj.gov

ROBERT G. DREHER
Acting Assistant Attorney General
Environment & Natural Resources Division

SARAH HIMMELHOCH
Senior Litigation Counsel
NANCY FLICKINGER
Senior Attorney
RICHARD GLADSTEIN
PATRICK CASEY
Senior Counsel
A. NATHANIEL CHAKERES
JUDY HARVEY
RACHEL KING
ERICA PENCAK
ABIGAIL ANDRE
RACHEL HANKEY
BRANDON ROBERS
Trial Attorneys


/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone:  202-514-2779
Facsimile:   202-514-2583
E-mail:  steve.o'rourke@usdoj.gov

KENNETH A. POLITE, JR.
United States Attorney
Eastern District of Louisiana
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA  70130
Telephone:  (504) 680-3000
Facsimile:  (504) 680-3184
E-mail:  sharon.d.smith@usdoj.gov

*Attorneys for the UNITED STATES OF AMERICA*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of February, 2014.

/s/ Don K. Haycraft
Don K. Haycraft