UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| Nos. 10-4536 | * | |
| | * | MAGISTRATE NO. 1 |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | * | |

**CASE MANAGEMENT SUBMISSION BY ANADARKO PETROLEUM
CORPORATION AND ANADARKO E&P COMPANY, LP**

Pursuant to Fed. R. Civ. P. 16 and the parties' Joint Rule 26(f) Report, Anadarko Petroleum Corporation ("APC") and Anadarko E&P Company, Inc. ("AE&P") (together "Anadarko") submit this case management briefing, and request that the Honorable Judge Carl J. Barbier convene a status conference to discuss a case management plan for the Penalty Phase proceeding.[1]

**I.     INTRODUCTION**

As stated in the Joint Rule 26(f) Report, the Penalty Phase will address the evidence and arguments related to the eight factors set out in the Clean Water Act, 33 U.S.C. §1321(b)(8), for purposes of determining the amount of civil penalty, if any, to be paid by each defendant. In light of the now-completed Phase I and II discovery and trial proceedings, Anadarko believes the Penalty Phase could be the shortest of the phases thus far. But from exchanges of proposed stipulations and informal document requests, and in conferences among the parties, it is apparent

---

[1] The only parties to this matter are the United States, BP Exploration and Production, Inc. (BPXP) and Anadarko. The Government has stipulated that it will not pursue its CWA claim against AE&P, and AE&P joins in this submission insofar as the Government may nonetheless argue that AE&P's conduct is relevant to the Penalty Phase. Stipulated Order Regarding Anadarko Entities, Rec. Doc. 5930

that other parties disagree. In particular, the parties have very different views of the evidence the Court will admit under some of the Penalty Factors.

Absent Court guidance, the parties will likely be unable to agree on how much discovery is needed, how long discovery will take, and how much time will be needed for trial. . To narrow some disputes involving the scope of evidence on the Penalty Factors and thus the Penalty Phase itself, motions *in limine* will be filed seeking rulings to guide development of a case schedule and streamline the parties' discovery and trial preparation efforts. One such motion, for example, will address whether the United States can put on "culpability" evidence against Anadarko, given two earlier rulings by the Court that the United States could not do so.

Unfortunately, not all areas of disagreement lend themselves to resolution by motions *in limine*, and those areas threaten to consume vast amounts of discovery and trial time. Anadarko believes that the parties would greatly benefit from a conference with the Court to air, and possibly resolve, other general issues.

In preparation for a status conference, Anadarko sets forth below its positions on the Penalty Factors and any scope disagreements identified to date.[2]

## II.   APC'S POSITIONS ON PENALTY FACTORS

### Factor 1:  Seriousness of the Violation

The scope of evidence allowed on this factor is probably the area of greatest disagreement among the parties. Anadarko believes that the pre-existing evidentiary record is sufficient and allowing anything more than extremely limited (if any) evidence would invade the province of the unripe and unscheduled Natural Resource Damage (NRD) phase.

---

[2]   In some cases, the United States claims it presently is unable to state its position on the scope of a particular factor. As a result, other scope disagreements may arise in the future

Anadarko understands that the United States and BP disagree for various reasons. If this dispute is left unchecked, this factor alone could lead to years of discovery and many additional weeks of trial time.

### Factor 2: Economic Benefit to the Violator, If Any, Resulting from the Violation

It appears that there will be evidence offered at trial on this factor. No scope disagreement warranting Court attention has clearly surfaced thus far.

### Factor 3: Degree of the Defendant's Culpability

Anadarko will be filing today a motion *in limine* seeking to preclude any evidence on this factor. This dispute is ripe and in need of immediate resolution, with the United States not only claiming it will produce evidence of Anadarko's "culpability" at trial, but also indicating it wants to conduct culpability discovery from Anadarko despite the fact that all culpability discovery was conducted and completed in Phase I.

### Factor 4: Any Other Penalty for the Same Incident

The parties appear likely to present this evidence by stipulation.

### Factor 5: History of Prior Violations

While some stipulations on this factor are being negotiated, the United States has advised Anadarko that it is reserving its right to put on evidence of other violations not addressed in the stipulations, although it has not yet decided whether to do so. There will be a disagreement over the scope of this factor if the United States decides to introduce evidence beyond that addressed in the proposed stipulations but, for now, the Court's guidance is not needed.

**Factor 6:  The Nature, Extent, and Degree of Success of any Efforts of the Violator to Minimize or Mitigate the Effects of the Discharge.**

This factor suffers the same uncertainties and disagreements as Factor 1.  However, there are no identified areas of disagreement to which Anadarko is a party at this point.

**Factor 7:   The Economic Impact of the Penalty on the Violator**

APC is a publicly traded company that files 10-Ks with the U.S. Securities and Exchange Commission reflecting the consolidated financial results of the operations of APC and its subsidiaries.  Anadarko has agreed to the vast majority of the United States' proposed stipulations on APC's historical consolidated financial information; however, the United States seems to be taking the position that it also is entitled to detailed discovery, including into activities of APC subsidiaries, such as AE&P.[3]   While Anadarko remains hopeful that a scope limitation can be worked out with the United States, a significant discovery dispute is looming.

**Factor 8:  Any Other Matters as Justice May Require**

There is disagreement over the scope of this factor.  The United States asserts that evidence excluded under any of the preceding factors may be introduced under this factor.  APC does not believe this factor is intended to be used to get in through the back door evidence that could not get in through the front door.  For example, Anadarko's motion *in limine* addresses how Factor 8 may not be used to introduce culpability evidence that is precluded under Factor 3.

---

[3]   Even though AE&P held the majority of the Anadarko-related leasehold interest in the Macondo well for most of the period preceding April 20, 2010, to simplify matters, APC stipulated that it could be treated as the party holding the entire Anadarko-related leasehold interest in the well for purposes of the Clean Water Act penalty case.  Stipulated Order Regarding Anadarko Entities, Rec. Doc. 5930

### III. OTHER CASE MANAGEMENT ISSUES

#### A. Pretrial Schedule

The United States has proposed a schedule that calls for a trial in the fall of 2014. That schedule, as a general matter, would be doable <u>if</u> (1) there is swift resolution of early-filed motions *in limine* (granting Anadarko's cupability motion, for instance, would eliminate any need for discovery and expert opinions on Anadarko's "culpability"); (2) substantial restraints are placed on the scope of evidence on Factors 1 (seriousness) and 6 (mitigation); and (3) other discovery is very limited in scope.

#### B. Length of Trial and Allotment of Time

The United States has proposed a trial length of 90 hours total, which seems reasonable if the pretrial limitations discussed above are imposed. However, the United States also has proposed a division of 45 hours trial time "per side," a division with which Anadarko does not agree. Unlike the Quantification Phase, where the per-side time allotment worked fine, the CWA Penalty Phase will be very different, given the individualized nature of the factors and penalty assessments. Thus, Anadarko will need to present its <u>own</u> evidence and witnesses in this trial. For example, the alleged economic benefit to the violator (Factor 2) and the economic impact of the penalty (Factor 7) will differ for Anadarko and BP. In a case where the United States seeks approximately $4 billion and $18 billion from APC and BP respectively, those parties should not be forced to share time and allocate it between themselves. Rather, the Court should award a specific number of hours to each defendant.

Anadarko will be prepared to discuss at the status conference its proposal for time allocation with the United States and BP.

### C. Limitations on Number of Expert Witnesses

Anadarko agrees there should be a limit on the number of expert witnesses, but again does not agree that such limitations should be applied "per side." Anadarko will be prepared to discuss at conference its proposal for witness limitations with the United States and BP.

### D. Limitations on Number of Fact Witnesses and Depositions

Anadarko believes it is too early to develop limits on fact witnesses and depositions, given the United States' inability to state its position on many issues in this Phase. Until the United States does so, Anadarko cannot reasonably determine how many fact witnesses or depositions it may need for trial.

### E. Order of Proof at Trial

Anadarko is generally in agreement with the United States that the order should be as follows: (i) the United States' case in chief; (ii) BP's case in chief; (iii) Anadarko's case in chief; and (iv) the United States' rebuttal, if any. However, it is critical that any Case Management Plan and Order reflect the defendants' ability to put on "rebuttal" evidence during their cases in chief (including what may seem like sur-rebuttal to United States experts' opinions). The United States has taken the position that on some factors, or with respect to certain evidence, the defendants will have the burden of proof, while on other factors, the United States has the burden. As a result, it has proposed the simultaneous exchange of opening and rebuttal expert reports. Without the ability of defendants to put on rebuttal evidence during their cases in chief, the United States would have an unfair advantage. The clarification would ensure a level playing field without extending the length of trial.

## IV. CONCLUSION

Given the current scope of disagreements among the parties, Anadarko respectfully requests a status conference to discuss the various issues and their potential impact on a discovery and trial schedule.

                                             Respectfully submitted,

DATED: February 14, 2014           **BINGHAM McCUTCHEN LLP**

/s/ *James J. Dragna*
James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Thomas Lotterman
tom.lotterman@bingham.com
Ky E. Kirby
ky.kirby@bingham.com
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

**KUCHLER POLK SCHELL
WEINER & RICHESON, LLC**

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
Kuchler Polk Schell Weiner & Richeson, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

                                                      /s/ *James J. Dragna*
                                                      James J. Dragna