UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION J |
| | * | |
| | * | JUDGE BARBIER |
| **THIS PLEADING APPLIES TO:** | * | MAG. JUDGE SHUSHAN |
| No. 12-311 | * | |
| | * | **JURY TRIAL DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF CAMERON INTERNATIONAL CORPORATION'S
RESPONSE TO DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S
STATEMENT OF UNCONTESTED MATERIAL FACTS**

Plaintiff Cameron International Corporation ("Cameron") respectfully submits this response to Defendant Liberty Insurance Underwriters, Inc.'s ("LIU" or "Liberty") Statement Of Uncontested Material Facts In Support Of Its Motion For Partial Summary Judgment Concerning Cameron International Corporation's Texas Insurance Code Claims.  Rec. Doc. No. 12050-10.

1. **Liberty Statement:**  LIU issued to Cameron an excess insurance policy, no. LQ1-B71-198583-046, effective from July 1, 2009 to July 1, 2010 ("LIU Excess Policy" or the "Policy").  *See* LIU Excess Policy, Exh. A to LIU's Memorandum.  The Policy was part of Cameron's insurance tower and provides $50 million in limits above $103 million in underlying coverage.

    **Cameron Response:**  Admitted.

2. **Liberty Statement:**  On April 20, 2010, during the Policy period, a blowout of the Macondo well occurred, causing an explosion and fire aboard the *Deepwater Horizon*.

1150911v1

These events gave rise to hundreds of lawsuits, naming Cameron, Transocean, BP and others as defendants and third-party defendants. These lawsuits were consolidated in multi-district litigation.

**Cameron Response:** Admitted.

3. **Liberty Statement:** In December 2011, Cameron entered into a Confidential Settlement Agreement with BP over LIU's objection to certain terms. *See* Settlement, Ext. H to LIU's Memorandum.

**Cameron Response:** Denied. LIU's objection was to a draft of the Confidential Settlement Agreement. *See* Settlement ¶¶ 4.4, 4.6, Ext. H to Liberty's Memorandum.

4. **Liberty Statement:** On January 30, 2012, Cameron filed this lawsuit against LIU, seeking a judgment that LIU owes its $50 million limits in connection with the Cameron/BP settlement plus defense costs in the underlying MDL litigation. *See* E.D. La. No. 12-311, Rec. Doc. No. 1.

**Cameron Response:** Admitted.

5. **Liberty Statement:** On April 19, 2012, Cameron filed an Amended Complaint, adding claims under Sections 541 and 542 of the Texas Insurance Code. Rec. Doc. No. 6287.

**Cameron Response:** Admitted.

6. **Liberty Statement:** Fact discovery in this matter closed on August 15, 2013. Rec. Doc. No. 11308, at p. 2. To date, Cameron has identified in discovery only the following "damages" it allegedly sustained as a result of LIU's breach of the Texas Insurance Code:

- LIU's $50 million Policy limits;

- Compensatory damages for post-settlement defense costs since January 1, 2012 incurred on an ongoing basis in connection with the Oil Spill MDL and related proceedings; and

- Compensatory damages for litigation-related costs and fees incurred in connection with Cameron's claim for insurance coverage against LIU in this action since January 1, 2012 that are being incurred on an ongoing basis.

*See* Second Amended Initial Disclosures of Cameron, Exh. E to LIU's Memorandum, at p. 10; Cameron's Supplemental Responses to LIU's Discovery Requests, Exh. F to LIU's Memorandum, at Response to Interrogatory No. 15.

**Cameron Response:** Admitted.

7. **Liberty Statement:** The LIU Policy provides that LIU has no duty to defend:

   **DEFENSE**

   A. We will not be required to assume charge of the investigation of any claim or defense of any suit against you.

   B. We will have the right, but not the duty, to be associated with you or your underlying insurer or both in the investigation of any claim or defense of any suit which in our opinion may create liability on us for "loss" under this policy. If we exercise such right, we will do so at our own expense.

   C. If the limits of liability of the Underlying Insurance shown in Item 5. of the Declarations are exhausted solely by payment of "loss," we shall have the right but not the duty to investigate and settle any claim or assume the defense of any suit which, in our opinion, may give rise to a "loss" under this policy. Such investigation or defense shall be at our own expense.

Exh. A to LIU's Memorandum, at LIU 01499.

**Cameron Response:** Admitted.

8. **Liberty Statement:** In its Opposition to LIU's Motion for Judgment on the Pleadings, Cameron acknowledged that this Policy language "disclaims a duty to defend[.]" Rec. Doc. No. 6697-2, at p. 30.

      **Cameron Response:** Denied. In its Opposition to Liberty's Motion for Judgment on the Pleadings, Cameron stated "Although the Liberty Policy disclaims a duty to defend, it says nothing about the obligation to pay Cameron's defense costs, which is a distinct obligation . . . [that] requires the insurer to cover the costs of litigation, even where the insurer has not assumed the defense." Rec. Doc. No. 6697-2, at 30.

9.     **Liberty Statement:** With regard to the duty to indemnify, the LIU Policy provides:

> **COVERAGE**
>
> We will pay on behalf of the Insured "loss" that results from an occurrence during the "policy period." We will pay "loss" in excess of the Underlying Insurance shown in Item 5 of the Declarations, but only up to an amount not exceeding our Limits of Liability as shown in Item 4. of the Declarations. Except for any definitions, terms, conditions and exclusions of this policy, the coverage provided by this policy is subject to the terms and conditions of the First Underlying Insurance Policy, as shown in Item 5. of the Declarations.

*Id.* at LIU 01498. The Policy defines "loss" as "those sums which [the insured is] legally obligated to pay as damages, after making proper deductions for all recoveries and salvage, which damages are covered by the First Underlying Insurance Policy." *Id.* at LIU 01499.

      **Cameron Response:** Denied. Under the terms of the Liberty Policy and the incorporated terms of the First Underlying Insurance Policy, issued by Illinois National Insurance Company, Liberty has a duty to indemnify both "loss" and "Defense Expenses," which are defined in relevant part as "[a]ttorney's fees and all other investigation, loss adjustment, and litigation expenses." *See* Liberty Excess Policy Art. I, Ex. A to Liberty's Memorandum; INIC Policy End. 29 ¶ 2 § IV(H), ¶ 6 § VII, Ex. G to Liberty's Memorandum.

10. **Liberty Statement:**  The LIU Policy provides that LIU's "liability under this policy will not exceed $50,000,000 Each Occurrence."  *ld.* at LIU 01483.  Under the subsequent Insuring Agreement, the LIU Policy states that the "occurrence limit shown in Item 4 of the Declarations [$50,000,000] is the most we will pay for all 'loss' arising out of any one occurrence to which this policy applies."  *Id.* at LIU 01498.

**Cameron Response:**  Denied.  The Liberty Policy provides that Liberty's liability will not exceed $50,000,000 for "loss."  Liberty Excess Policy Decl. Item 4, Ex. A to Liberty's Memorandum ("Our liability under this policy will not exceed the following limit: 100% of the 'loss' excess of the Underlying Insurance stated in Item 5 of the Declarations, but for no greater than: $50,000,000.00 – Each Occurrence.").  Liberty must also pay "Defense Expenses . . . in addition to the Applicable Limits."  INIC Policy End. 29 ¶ 2 § IV(H); *see* Mandel Dep. at 69-70, Ex. 3 to Cameron's Br.; Morris Dep at 123-24, 132, Ex. 4 to Cameron's Br.; Rogin Dep. at 136-38, Ex. 5 to Cameron's Br.

11. **Liberty Statement:**  The LIU Policy states that "*[e]xcept for any definitions, terms, conditions and exclusions of this policy*, the coverage provided by this policy is subject to the terms and conditions of the [INIC Policy.]"  *Id.* at LIU 01498 (emphasis added).

**Cameron Response:**  Admitted.

>  */s/ Phillip A. Wittmann*
> Phillip A. Wittmann, 13625
>    pwittmann@stonepigman.com
> Carmelite M. Bertaut, 3054
>    cbertaut@stonepigman.com
>
> STONE PIGMAN WALTHER WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> 504-581-3200
> 504-581-3361 (fax)
>
> WILLKIE FARR & GALLAGHER LLP
> Mitchell J. Auslander
> Jeffrey B. Korn
> 787 Seventh Avenue
> New York, New York  10019
> (212) 728-8000
> (212) 728-8111
>
> *Attorneys for Cameron International Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiff Cameron International Corporation's Response to Defendant Liberty Insurance Underwriters' Statement of Uncontested Material Facts in Support of its Motion for Partial Summary Judgment Concerning Cameron International Corporation's Texas Insurance Code Claims been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of February, 2014.

>    */s/ Phillip A. Wittmann*

1150911v1