

# Insurance Litigation

## 2013–2014 Edition
## Issued in October 2013

### Chapters 1-26

**Mark L. Kincaid**
Austin, Texas

**Christopher W. Martin**
Houston, Texas

LIBRARY
WILLKIE FARR & GALLAGHER LLP

FEB 07 2014

WASHINGTON, DC 20006


THOMSON REUTERS™

*For Customer Assistance Call 1-800-328-4880*

Mat #41286015

EXHIBIT 2

§ 16:25                TEXAS PRACTICE GUIDE INSURANCE LITIGATION

   (3)  the fee customarily charged in the locality for similar legal services;
   (4)  the amount involved and the results obtained;
   (5)  the time limitations imposed by the client or by the circumstances;
   (6)  the nature and length of the professional relationship with the client;
   (7)  the experience, reputation, and ability of the lawyer or lawyers performing the services; and
   (8)  whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

### § 16:26  Potential recovery—Other relief

The plaintiff may also receive injunctive relief and any other relief the court deems proper. *Tex. Ins. Code Ann. §§ 541.152(a)(2) to (3)*.

### § 16:27  Potential recovery—Independent injury required?

Two decades ago, the Texas Supreme Court held that when an insurer wrongfully withholds policy benefits, those benefits may be contract damages and may also be damages for the unfair insurance practice. The Texas Supreme Court expressly addressed this issue in the leading case of *Vail v. Texas Farm Bur. Mut. Ins. Co.*, 754 S.W.2d 129, 136 (Tex. 1988), rejecting the insurer's argument that damages for an unfair settlement practice had to be something more than the amount due under the policy. The supreme court held that damages for a wrongful refusal to pay are at least equal to the policy benefits, as a matter of law.

This language in *Vail* was bolstered by *Waite Hill Services, Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184-85 (Tex. 1998) (per curiam), where the court stated that the same damages under the contact were also tort damages.

The most common damages under the unfair insurance practices statute are the policy benefits. One of the more common causes of action is for failing to act in good faith to effectuate a prompt, fair, and equitable settlement once liability is reasonably clear. Further, the statute is to be liberally construed and allows recovery of "actual damages."

Language in certain cases has confused the issue and raised a question of whether policy benefits alone may be damages for an unfair insurance practice, or whether the plaintiff must show some independent injury. *See, e.g., Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) (stating that a "mere

264

breach of contract" does not establish a deceptive trade practice); *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 214 (Tex. 1988) ("A claimant is permitted to recover when he shows that the carrier's breach of the duty of good faith and fair dealing or the carrier's intentional act is separated from the compensation claim and produced an independent injury.").

A number of cases have stated that there must be a separate injury for an insured to recover for unfair claims handling. This statement can be true when the insurer does not owe the claim. For example, in *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338 (Tex. 1995), the supreme court found no coverage for the claim and held that the lack of coverage precluded liability based on allegations the insurer improperly failed to pay policy benefits. That holding makes perfect sense. If the insurer does not owe the claim, it cannot be liable for unreasonably failing to pay the claim. However, the *Stoker* court recognized that even when the insurer does not owe the claim, it could be liable, if in the course of handling the claim, the insurer committed an extreme act that caused "independent injury." *See also First Texas Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171 (5th Cir. 1992).

The statement that an independent injury is required is correct in that context, where the insurer *does not* owe the claim. The policy benefits cannot be damages, because the policy benefits are not owed. Thus, if there is no independent injury then there is no basis for extracontractual liability.

The Fifth Circuit's decision in *Parkans Intern. LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) was another example of this principle properly applied. In *Parkans*, the court first found there was no coverage for the claim and then found there could be no extracontractual recovery for bad faith, because there were no injuries independent of the contract damages. Of course, since those contract damages were not recoverable, they could not serve as damages for the unfair insurance practices.

The *Parkans* court relied on the Texas Supreme Court's decision in *Provident American Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198-99 (Tex. 1998). In *Provident*, the supreme court did state that there was no evidence of an independent injury, but it did so after concluding that the insurer was not liable for unfair settlement practices. In *Provident*, the insureds did not sue for breach of contract, so the court was not considering whether they could or could not recover contract damages. What the court did consider was that the insurer had a reasonable basis to deny the claim, even if that basis was wrong. Obviously, a reasonable denial of the claim could not cause any damages. The court found no evidence to support the claim for loss of credit reputation, and then concluded that there was no other independent injury. This

statement regarding an independent injury made some sense in *Provident*. The policy benefits could not be damages for an unfair claim denial, when the court found there was no unfair claim denial. In other words, the insurer was not liable because it had committed no violation, and not because the benefits wouldn't be damages if the insurer had committed a violation.

Other cases have led to a different conclusion, including *Great American Ins. Co. v. AFS/IBEX Financial Services, Inc.*, 612 F.3d 800 (5th Cir. 2010). In that case, the Fifth Circuit held that an insured who recovered under the insurance policy nevertheless had to show an "independent injury" to recover for unfair insurance practices. After finding that an insurer improperly denied a claim for damages caused by "forgery," the Fifth Circuit held that the trial court properly dismissed the insured's extracontractual claims for bad faith and violations of the Texas Insurance Code. The held that the insurer was entitled to judgment as a matter of law on the insured's extracontractual claims "solely because [the insured] failed to plead and prove injuries separate from those that flowed from [the insurer's] breach of contract." In response to the insured's argument that proof of a separate injury is not required, the Fifth Circuit said that argument "does not comport with case law," citing *Parkans*. However, the Fifth Circuit remanded the extracontractual claims because the attorney's fees incurred by the insured in the prior lawsuit could provide the "separate injury" necessary to support the extracontractual claims. To the extent that the Fifth Circuit held that an independent injury is required, some commentators believe the decision is incorrect in light of *Vail*.

## § 16:28  Procedural requirements—Pre-suit notice

As a prerequisite to filing a suit seeking damages, the plaintiff must give written notice to the other person at least sixty days before filing suit. The notice must tell the other person the specific complaint, and the amount of actual damages and expenses, including attorney's fees, incurred in asserting the claim. *Tex. Ins. Code Ann. 541.154(a) to (b)*.

Notice is not required if suit must be filed sooner to avoid limitations, or if the claim is asserted as a counterclaim. *Tex. Ins. Code Ann. § 541.154(c)*.

If notice is not given, the suit may be abated. The statute sets out the procedure for abatement. *Tex. Ins. Code Ann. § 541.155*.

The reason for notice is to give the other person the chance to consider tendering a settlement offer. *Tex. Ins. Code Ann. 541.156(a)*. An offer may be tendered within sixty days after the person receives notice. *Tex. Ins. Code Ann. § 541.156(a)*. The parties also have a statutory right to seek mediation. *Tex. Ins. Code*