Page 1

```
 1
 2   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF LOUISIANA
 3   ------------------------------------X
     In Re:  OIL SPILL BY THE OIL RIG
 4   "DEEPWATER HORIZON" IN THE GULF OF
     MEXICO, ON APRIL 20, 2010,
 5
 6   Applies to:
 7   12-311, Cameron Int'l Corp. v. Liberty
     Ins. Underwriters, Inc., a/k/a Liberty
 8   Int'l Underwriters
 9
     ------------------------------------X
10
11
12           VIDEO DEPOSITION OF JESSICA ROGIN
13                   New York, New York
14                  Friday, May 31, 2013
15
16
17
18
19
20
21   Reported by:
22   Rebecca Schaumloffel, RPR, CLR
23   Job No:   61443
24
25
```

EXHIBIT 5

1        J. ROGIN
2   yes.
3        Q.    If you can look at the Liberty
4   policy, under section 3 it says defense. Do
5   you see that?
6        A.    Yes.
7        Q.    In B, it says, "We will have the
8   right but not the duty to be associated with
9   you or your underlying insurer or both in the
10  investigation of any claim or defense of any
11  suit which, in our opinion, may create
12  liability on us for loss under this policy.
13  If we exercise such right, we will do so at
14  our own expense."
15           Do you see that?
16       A.    Yes.
17       Q.    Does that have to do with the
18  defense of litigation, or is that about
19  investigations?
20       A.    I think it can apply to either.
21  It says investigation of any claim or defense
22  of any suit.
23       Q.    What does that provision mean?
24       A.    I think it means exactly what it
25  says. We have the right to associate in a

1           J. ROGIN
2  defense case but not the duty. And if we do
3  so, we do it at our own expense.
4       Q.   Does it speak to who is or not --
5  withdrawn.
6            Does it speak to who is going to
7  be responsible for paying defense costs?
8       A.   It says said, if we do so, we do
9  so at our own expense if we associate in.
10      Q.   Does this provision speak to who
11 is going to be responsible for providing
12 defense costs if Liberty does not associate
13 it?
14      A.   No.
15      Q.   You would look to the underlying
16 policy for that?
17      A.   You would normally look to the
18 policy provider or the underlying coverage,
19 yes.
20      Q.   If you look at paragraph C, can
21 you read that to yourself and let me know
22 when you are done.
23      A.   Okay.
24      Q.   Does this provision speak to who
25 is going to be responsible for providing

1       J. ROGIN
2  defense costs if Liberty does not associate
3  it?
4       A.   No.
5       Q.   Again, you would look to the
6  underlying insurance policy to make that
7  determination?
8       A.   Yes.
9       Q.   If you go back up to paragraph A
10 of the defense section, it says, "We will not
11 be required to assume charge of the
12 investigation of any claim or defense of any
13 suit against you."
14           Do you see that?
15      A.   Yes.
16      Q.   And that doesn't say anything
17 about defense costs, right?
18      A.   No.
19      Q.   Is it your understanding that the
20 Liberty policy was follow form policy?
21      A.   Yes.
22      Q.   So unless the Liberty policy had
23 different terms that changed and restricted
24 the coverage compared with the primary
25 policy, it would follow the primary policy's

1  J. ROGIN
2  terms, right?
3  A.  It didn't follow the primary.  It
4  followed the lead umbrella.
5  Q.  The lead umbrella?
6  A.  Yes.
7  Q.  Let me ask that again so it is
8  clear.  Unless the Liberty policy had
9  different terms that changed and restricted
10 the coverage compared with the lead umbrella
11 policy, the Liberty policy would adopt those
12 terms, correct?
13 A.  Yes.
14 Q.  That's what it means to follow
15 form, right?
16 A.  Yes.
17 Q.  You can put the Liberty policy to
18 the side.
19     MR. KORN:  I am going to mark as
20  Rogin Exhibit 42, Defendant Liberty
21  Insurance Underwriters Inc.'s Answers
22  to Plaintiff Cameron International
23  Corporation's First Set of
24  Interrogatories.
25     (Whereupon, Rogin Exhibit 42,