# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action No. 4:08-cv-01291 |
| Plaintiff, | ) | |
| | ) | Judge Lake |
| v. | ) | |
| | ) | |
| VIKING RESOURCES, INC. and | ) | |
| ROGER W. CHAMBERS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE JURY DEMAND OF DEFENDANTS

Plaintiff United States of America submits this memorandum of law in support of its

motion, pursuant to Rule 39(a)(2) of the FEDERAL RULES OF CIVIL PROCEDURE, to strike

Defendants' Viking Resources, Inc. ("Viking") and Roger W. Chambers ("Chambers") demand

for a jury trial.[1/]  Defendants' demand extends to both an action for recovery of removal costs

under Section 1002 of the Oil Pollution Act of 1990 ("OPA") as well as an action for recovery of

---

[1/] Defendants filed their Answer and Request for Jury on May 21, 2008.  Pursuant to FED. R. CIV. P. 38, Defendants therein requested a trial by jury.  A party objecting to a jury trial demand may challenge the demand in a motion to strike, which may be filed at any time because the Federal Rules of Civil Procedure do not specify a time limit for such motions.  Jones-Hailey v. Corporation of TVA, 660 F. Supp. 551, 553 (E.D. Tenn. 1987) (FED. R. CIV. P. 39(a) contains no time limit within which a party must object to a jury demand, and because a "[c]ourt cannot impose a right to a jury trial where none exists," motion to strike jury demand allowed one month before trial) cited by Wesleyan Corp. v. United States Postal Service, No. 05-10174, 178 Fed. Appx. 342 (5th Cir. 2006); Vanderpool v. Edmondson, 2004 WL 1873720 at *2 (E.D. Tenn. 2004) (FED. R. CIV. P. 39(a) contains no time limit, and plaintiff's motion deemed timely when filed sufficiently in advance of trial so that it does not cause substantial prejudice to any party in preparing for trial).   Here, Plaintiff's Motion to Strike is made sufficiently in advance of trial and does not prejudice Defendants.

natural resource damages under Section 1002 of OPA.  A jury trial is not warranted for either issue.

In this action, the United States seeks reimbursement of some $375,000 in removal costs incurred in response to an approximately 9,460-gallon oil spill from Defendants' abandoned onshore oil production facility at the Maco Stewart Lease, located in Galveston County, Texas, into the navigable waters adjacent thereto, as well as reimbursement of some $270,000 in damages to natural resources, pursuant to Section 1002 of OPA, 33 U.S.C. § 2702.  In enacting OPA, Congress did not provide for the right to a jury.  Defendants, therefore, have no statutory right to support their demand. See Defendants' Answer and Request for Jury at 2.

Additionally, actions under OPA Section 1002 for the recovery of removal costs do not provide a constitutional right to a jury trial. 33 U.S.C. § 2702.  Defendants have no constitutional right to a jury trial in such cost recovery actions because the remedy is in the nature of equitable restitution: its function is to restore the United States to the position that it was in before it spent funds to respond to the discharge of oil from a facility.  An OPA cost recovery action, therefore, is an equitable claim, for which the Constitution provides no right to a jury.  This conclusion, that defendants lack the right to a jury trial in OPA cost recovery actions, is strongly supported by the case law.  The liability and recovery scheme of OPA operates in the same fashion as that of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), and a uniform line of decisions on this issue have concluded that cost recovery claims under CERCLA are to be heard by the court rather than a jury.

Nor do defendants have a constitutional right to a jury trial in actions under OPA Section 1002 for the recovery of natural resource damages, as specified in OPA Section 1002(b)(2)(A), 33 U.S.C. § 2702(b)(2)(A). See 33 U.S.C. § 2706.  That remedy also is in the nature of equitable

restitution: its function is to restore the United States trustee, or other designated trustee, to the

position that it was in before damages were incurred for the injury to, destruction of, loss of, or

loss of use of natural resources as a result of the discharge of oil from a vessel or facility. The

United States thus urges this Court to similarly find that an OPA Section 1002 natural resource

damages action is an equitable claim for which the Constitution provides no right to a jury.


## ARGUMENT

### I. No Statutory Right to Jury Trial Here

FED R. CIV. P 38(a) provides that "[t]he right of trial by jury as declared by the Seventh

Amendment to the Constitution–or as provided by a federal statute–is preserved to the parties

inviolate." However, FED R. CIV. P 39(a)(2) allows the Court to strike a jury demand after

finding that "on some or all of [the] issues there is no federal right to a jury trial."

In this case, there is no statutory right to a jury trial under OPA. No provision of OPA

establishes the right to a jury trial, and the legislative history of OPA contains no suggestion that

Congress intended OPA cost recovery and damages cases to be tried before a jury. See South

Port Marine, LLC v. Gulf Oil Ltd. P'ship, 234 F.3d 58, 62 (1st Cir. 2000). Consequently, the

resolution of this issue depends on whether defendants have a constitutional right under the

Seventh Amendment. Tull v. United States, 481 U.S. 412, 417 n.3 (1987) (Seventh Amendment

inquiry must be made if neither the language of the statute provides the right to jury trial nor

legislative history implies any Congressional intent to grant it).


### II. The Constitutional Right To A Jury Trial Does Not Apply To Equitable Actions

The Seventh Amendment provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."  The constitutional right to a jury trial under the Seventh Amendment applies to claims of such nature traditionally tried in 18th Century English courts of law (prior to the merger of courts of law and equity). Tull, 481 U.S. at 417.  The constitutional right to a jury trial does not apply, however, to claims that are equitable, rather than legal, in nature. See, e.g., Tull, 481 U.S. at 417; Katchen v. Landy, 382 U.S. 323, 336-37 (1966).  Thus, whether a party is entitled to a jury trial turns on whether the nature of the issues involved in the action, and, more importantly, of the remedy sought, are determined to be equitable or legal. Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry, 494 U.S. 558, 565 (1990); Ross v. Bernhard, 396 U.S. 531, 538 (1970); Katchen, 382 U.S. at 336-37.

## III.     Seventh Amendment Analysis of CERCLA Is Applicable to OPA

Congress drew from CERCLA in drafting OPA, and the two statutes share many common elements. See H.R. Rep. No. 96-172, 96th Cong. 2d Sess. 36, reprinted in 1980 U.S.C.C.A.N. 6160, 6181 (extensively discusses oil pollution legislation in a report for CERCLA, P.L. 96-510); General Electric Co. v. U.S. Dep't of Commerce, 128 F.3d 767 (D.C. Cir. 1997) (discussing common purpose and mechanics of OPA and CERCLA); Int'l Marine Carriers v. Oil Spill Liab. Trust Fund, 903 F. Supp. 1097, 1102, 1105 (S.D. Tex. 1994) (OPA and CERCLA are "analogous"); see also Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., 51 F.3d 235, 239-40 (11th Cir. 1995) (distinguishing OPA and CERCLA with respect to presentment of claims against the respective funds, but acknowledging shared elements).  Both statutes authorize the United States to seek reimbursement of funds expended in response to the

release or threat of release of environmental pollutants. Compare 33 U.S.C. § 2702 with 42 U.S.C. § 9607.

District courts of the Fifth Circuit have not hesitated to declare the equitable nature of OPA cost recovery actions in light of the similar provisions in CERCLA. See Apex Oil Co. v. United States, 208 F. Supp. 2d 642, 653 (E.D. La. 2002) (recognizing the "close analogy to the OPA found in cost recovery actions under section 107 of [CERCLA]" and concluding that "CERCLA actions for recovery of response costs . . . are actions for equitable relief"); Int'l Marine Carriers, 903 F. Supp. at 1102 (analogizing CERCLA analysis to OPA and holding that "[r]eimbursement of OPA 'removal costs' . . . constitutes restitution"). Other courts have also used CERCLA to analyze OPA by analogy. See, e.g., United States v. Hyundai Merchant Marine Co., 172 F.3d 1187, 1191 (9th Cir. 1999) (applying precedent interpreting CERCLA cost recovery in an OPA cost recovery case). Because the same interpretive analysis is applied to both statutes, if a cost recovery action is equitable when brought under CERCLA, it must also be equitable when brought under OPA.

**IV.    CERCLA Cost Recovery Actions Are Considered Equitable And Do Not Confer A Right To Jury Trial; Thus, OPA Cost Recovery Actions Are Considered Equitable and Do Not Confer a Right To Jury Trial**

Under Section 1002 of OPA, 33 U.S.C. § 2702, and Section 107 of CERCLA, 42 U.S.C. § 9607, the United States is authorized to seek reimbursement for environmental damage and response costs from the release or threat of release of oil or hazardous substances, respectively. In general, restitution is considered an equitable remedy.[2] See, e.g., Chauffeurs, 494 U.S. at 570

---

[2] Though there are instances where restitution is viewed as a legal remedy, these cases are the exception to the general rule. See, e.g., Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), discussed infra at 9.

("we have characterized damages as equitable where they are restitutionary"). In <u>Tull</u>, the Court distinguished between actions seeking civil penalties, which are punitive in nature, and remedies "intended simply to extract compensation or restore the status quo..." 481 U.S. at 422. The former are legal in nature; the latter, equitable. <u>Id</u>.

Following this model, the majority of federal courts interpreting CERCLA conclude that there is no right to a jury trial in a CERCLA cost recovery action; in such cases the plaintiff simply seeks the return of monies it has expended in fulfilling another's obligation to respond to the actual or threatened release of hazardous substances into the environment. Thus a CERCLA cost recovery claim seeks a return to the status quo, which restitution, an equitable remedy, is designed to effect. As one court has noted:

> When the government seeks recovery of its response costs under CERCLA . . . it is in effect seeking equitable relief in the form of restitution or reimbursement of the costs it expended in order to respond to the health and environmental danger presented by hazardous substances.

<u>United States v. Northeastern Pharm. & Chem. Co.</u>, ("NEPACCO"), 810 F.2d 726, 749 (8th Cir. 1986).

This conclusion has been universally adopted by courts in published opinions on the issue. <u>See</u> <u>NEPACCO</u>, 810 F.2d at 749; <u>Hatco Corp. v. W.R. Grace & Co. Conn.</u>, 59 F.3d 400, 411-12, 414 (3rd Cir. 1995); <u>New York v. Lashins Arcade Co.</u>, 91 F.3d 353, 362 n.7 (2d Cir. 1996) (not deciding issue, but noting "overwhelming weight of authority" against jury trials in CERCLA actions); McSlarrow, Jones and Murdock, <u>A Decade of Superfund Litigation;</u>

CERCLA Case Law From 1981-1991, 21 ELR 10367, 10388 (July 1991) ("[t]he courts have uniformly held that a jury trial is not available in a cost recovery action").[3]

The district courts of the Fifth Circuit to address the issue all agree that cost recovery actions under CERCLA are equitable in nature and do not provide the right to a jury trial.  See Apex Oil, 208 F. Supp. 2d at 653; United States v. Lang, 870 F. Supp. 722, 723 (E.D. Tex. 1994) ("all" courts agree there is no jury under CERCLA Section 107); Int'l Marine Carriers, 903 F. Supp. at 1102-03; Mustang Tractor & Equipment Co. v. Liberty Mut. Ins. Co., Civ. A. No. H-91-2523, 1993 WL 566032 (S.D. Tex. Oct. 8, 1993).

The only exception to this avalanche of authority is an unpublished opinion noted by the Central District of California in 2002. California Dep't of Toxic Substances Control, 217 F. Supp. 2d at 1046 n.43, noting United States v. Carolawn Co., 1984 HWLR 6207 (D.S.C. Sept. 13, 1984).  The unpublished opinion was repudiated by that court, however, which noted, "Substantial case law supports the conclusion that CERCLA cost recovery actions are equitable in nature and thus that no jury trial is available." Id. at 1046. See also Developments in the Law:

---

[3]  See also California Dept. of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1046-47 (C.D. Cal. 2002) (substantial support for the conclusion that "CERCLA cost recovery actions are equitable in nature and thus that no jury trial is available."); Metal Processing Co. v. Amoco Oil Co., 173 F.R.D. 244, 247 (E.D. Wis. 1997) (CERCLA § 107 actions are equitable in nature and should be heard by the court and not a jury); Eastman v. Brunswick Coal & Lumber Co., No. CIV. 95-255-P-C, 1996 WL 911200, at *14 (D. Me. Apr. 19, 1996) (courts have "uniformly" held no right to jury under CERCLA Section 107); Thaler v. PRB Metal Prods., 810 F. Supp. 49, 50 (E.D.N.Y. 1993) (same); Am. Cyanamid Co. v. King Indus., Inc., 814 F. Supp. 209, 213-14 (D.R.I. 1993); United States v. Atlas Minerals & Chem., Inc., 797 F. Supp. 411, 422 n.24 (E.D. Pa. 1992); Tri-County Bus. Campus v. Clow Corp., 792 F. Supp. 984, 997 (E.D. Pa. 1992); Mid Valley Bank v. North Valley Bank, 764 F. Supp. 1377, 1390 (E.D. Cal. 1991); Bolin v. Cessna Aircraft Co., 759 F. Supp. 692, 716 n.31 (D. Kan. 1991); G L Indus. of Mich., Inc. v. Forstmann-Little, 800 F. Supp. 695, 698-99 (S.D. Ind. 1991); Commerce Holding Co., Inc. v. Buckstone, 749 F. Supp. 441, 447 (E.D.N.Y. 1990); City of Philadelphia v. Stepan Chem. Co., 748 F. Supp. 283, 296 (E.D. Pa. 1990); United States v. Mexico Feed & Seed Co., 729 F. Supp. 1250, 1254 (E.D. Mo. 1990); Shockley v. Hoechst Celanese Corp., 132 F.R.D. 429, 432-33 (D.S.C. 1990); United States v. Moore, 703 F. Supp. 460, 463 (E.D. Va. 1988); Dublin Scarboro Improvement Ass'n v. Harford County, 678 F. Supp. 129, 132 (D. Md. 1988); Wehner v. Syntex Corp., 682 F. Supp. 39, 40 (N.D. Cal. 1987); United States v. Dickerson, 640 F. Supp. 448, 453 (D. Md. 1986); United States v. Ward, 618 F. Supp. 884, 913 (E.D.N.C. 1985); United States v. Mottolo, 605 F. Supp. 898, 912-13 (D.N.H. 1985); United States v. Wade, 653 F. Supp. 11, 13 (E.D. Pa. 1984).

Toxic Waste Litigation, 99 Harv. L. Rev. 1458, 1492 n.47 (1986) ("[a]ny request for a jury by a defendant in a section 107(a) [CERCLA] action must now be viewed as a purely dilatory tactic").

Consistent with this avalanche, the United States respectfully requests this Court to find that OPA Section 1002(a) response cost recovery actions, like CERCLA Section 107(a) response cost recovery actions, are equitable in nature and do not confer a right to jury trial.

Before proceeding, it is appropriate to briefly discuss a recent United States Supreme Court decision that Plaintiff does not believe applies to this case. In a 2002 case entitled Great-West Life & Annuity Ins. Co. V. Knudson, the Supreme Court explained that restitution may be classified as either equitable or legal relief depending on the nature of the underlying action and the remedy sought. 534 U.S. 204, 212-19 (2002). In Knudson, the Court held that under a particular provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), which authorizes, *inter alia*, "a participant, beneficiary, or fiduciary [of an ERISA plan]. . . to obtain other appropriate equitable relief (i) to redress such violations [violations of the terms of an ERISA plan] or (ii) to enforce any provisions of . . . the terms of the plan," a restitutionary action to enforce a reimbursement provision of an ERISA plan should not be viewed as "equitable relief." Id. at 206-18 citing ERISA Section 502(a), 29 U.S.C. § 1132(a).

The Knudson holding is inapposite in OPA and CERCLA cases. Knudson interpreted a specific ERISA statutory provision to determine its applicability to a restitutionary contract claim, whereas the United States' instant claim is based in a statute, OPA, that specifically provides for restitutionary relief of an equitable nature. In the wake of the Knudson decision, all but one court has continued to find CERCLA cost recovery actions equitable, without finding the

_Knudson_ analysis (applicable to restitutionary actions that are legal in nature) to be applicable to CERCLA cost recovery actions or otherwise of import to explicitly grapple with in the context of equitable cost recovery. See _Neumann v. Carlson Envtl., Inc._, 429 F. Supp. 2d 946, 959 (N.D. Ill. 2006); _United States v. Ekberg_, No. 01 C 50457, 2004 WL 793313, at *1 (N.D. Ill. April 12, 2004); _Consol. City of Indianapolis v. Union Carbide Corp._, No. 02-1340, 2003 WL 22327833, at *1-2 (S.D. Ind. Oct. 8, 2003); _Carson Harbor Village, Ltd. v. Unocal Corp._, 287 F. Supp. 2d 1118, 1127 n.5 (C.D. Cal. 2003); _California Dep't. of Toxic Substances Control_, 217 F. Supp. 2d 1028. But see _United States v. Atlas Lederer Co., et al._, No. 3:91-cv-00309, slip op., (S.D. Ohio Sept., 12, 2007). With the exception of _Atlas Lederer_, these courts did not find it necessary to discuss _Knudson_ in reaching their conclusions.

## V. Natural Resource Damages Claims Under CERCLA and OPA Should Likewise Be Considered Equitable and Should Not Confer a Right To Jury Trial

As noted, _supra_, OPA does not provide a statutory right to a jury trial. Thus, as was discussed in the context of cost recovery actions under CERCLA Section 107(a), 42 U.S.C. § 9607, and OPA Section 1002(a), 33 U.S.C. § 2702(a), courts must employ a Seventh Amendment analysis to determine whether or not defendants have a right to a jury trial in actions claiming damages for injury to natural resources under CERCLA Section 107(a) or OPA Section 1002(a).

Similar to CERCLA cost recovery actions, there is also no right to a jury trial in CERCLA actions for natural resource damages. Although under the first prong of the Seventh Amendment inquiry - the nature of the issue to be tried - a natural resource damages claim at first blush appears to be a damages claim that is traditionally legal in nature, the Court's analysis

should not stop there.[4]  It is well-settled amongst courts that the second prong of the Seventh Amendment inquiry - the nature of the remedy sought - is more important to whether a particular claim should be viewed as legal or equitable for purposes of determining a party's right to a jury trial. See, e.g., Am. Cyanamid Co., 814 F. Supp. at 212, quoting Wooddell v. Intern. Broth. Of Elec. Workers, Local 71, 502 U.S. 93 (1991) (deciding whether a party has a right to a jury trial under the Seventh Amendment "involves an examination of 'both the nature of the issues to be tried and the remedy sought,' and the second inquiry - whether the remedy sought is legal or equitable in nature - 'is the more important in [courts'] analysis.'").  If the remedy sought is clearly equitable in nature, and the nature of the issue to be tried is likewise equitable when viewed in light of the remedy, the constitution does not provide for the right to a jury trial. See, e.g., Am. Cyanamid Co., 814 F. Supp. at 214.

The object of a natural resource damages claim under CERCLA is to recover funds that will be exclusively used for the restoration, replacement, or acquisition of the equivalent, of natural resources, making such claims fundamentally restitutionary and equitable in nature. CERCLA Section 107(f)(1), 42 U.S.C. § 9607(f)(1).  While some courts have held these claims to be analogous to suits for traditional tort damages, where money is paid to individuals as direct

---

[4] While several district courts have held that CERCLA natural resource damages claims are legal in nature and thus convey the right to a jury trial, these decisions may not give sufficient weight to the equitable nature of the remedy sought in such claims.  See, e.g., In re Acushnet River and New Bedford Harbor: Proceedings RE Alleged PCB Pollution, 712 F. Supp. 994, 999-1001 (D.Mass. 1989) (where parties' claims for natural resource damages were not limited to the costs incurred in responding to the contamination, court held CERCLA's monetary recovery scheme for natural resource damages sounds in tort and evidences the legal nature of nature of such claims, so they must be tried to a jury as a matter of right); United States v. ASARCO, No. CV 96-0122-N-EJL, 1998 WL 1799392 at *4 (D. Idaho March 21, 1998) (offers conclusion, sua sponte, that right to jury trial exists under CERCLA for a natural resource damages action).  But see United States v. Wade, 653 F. Supp. 11, 13 (E.D. Pa. 1984) (in analyzing whether a claim for natural resource damages under CERCLA Section 107(a) is equitable or legal in nature, "[c]ertainly the label used by Congress is not dispositive of the issue" and the court "[i]nstead . . . must look to the nature of the remedy," which court found was equitable and not deserving of a jury trial).

compensation for past or future harm, natural resource damage claims are distinguishable from
other damage claims and seek relief that is properly characterized as equitable for the same
reasons that recovery of response costs under CERCLA Section 107(a) is considered equitable
relief, as natural resource damages permit recovery for restoration or replacement of natural
resources as well as damages due to loss of use until the point of restoration. Compare In re
Acushnet River and New Bedford Harbor, 712 F. Supp. 994 (natural resource damages claims
are legal in nature) with The Quapaw Tribe of Oklahoma v. Blue Tee Corp., No. 03-CV-0846-
CVE-PJC, 2008 U.S. Dist. LEXIS 51476 (N.D. Ok. July 7, 2008) (internal citation omitted)
(natural resource damages "customarily . . . viewed as the difference between the natural
resource in its pristine condition and the natural resource after the cleanup")  and United States
v. Wade, 653 F. Supp. 11, 13 (E.D. Pa. 1984) (ruling no right to a jury trial in a CERCLA
Section 107 action seeking both cost recovery and recovery of funds expended in assessing
natural resource damages or rehabilitating or restoring injured resources, noting that "[s]uch
relief [natural resource damage claim] would properly be characterized as equitable for the same
reasons that recovery of . . .  response costs is considered equitable").

Like response costs claims, natural resource damages claims are akin to restitution, a
remedy having its origins in unjust enrichment or restoration of lost property or its proceeds, and
thus natural resource damages claims seek equitable relief. See CPI Plastics, Inc. and CPI
Plastics L.L.C. v. USX Corporation, 22 F. Supp. 2d 1373, 1375 (N.D. Ga. 1995) citing Hatch
Corp., 59 F.3d at 412 (claims seeking restitution are equitable in nature and do not provide a
right to trial by jury); see also State of Vermont v. Irving Oil Corporation, 955 A.2d 1098, 1102-
03 (Vt. 2008) citing Curtis v. Loether, 415 U.S. 189 (1974) and Chauffeurs, Teamsters &

Helpers Local No. 391 v. Terry, 494 U.S. 558 (1990) "the high court has generally agreed . . .

that while an action for money damages is the traditional form of relief offered in courts of law,

not every award of monetary relief must necessarily be legal relief . . . [as] the Supreme Court

has identified two broad exceptions to the general rule . . . first . . . where damages are

restitutionary . . . [and] [s]econd, a monetary award incidental to or intertwined with injunctive

relief may be equitable."  (internal quotations omitted).  Thus, defendants do not have a right to a

jury trial seeking natural resource damage claims under CERCLA.

Similarly, the object of a natural resource damages claim under OPA is to recover funds

that a trustee has used for the assessment of natural resource damages and will continue to use

exclusively for the restoration, rehabilitation, replacement, or acquisition of equivalent, of

natural resources under their trusteeship, making such claims fundamentally restitutionary and

equitable in nature. See OPA Section 1006(c)(1)(C), 33 U.S.C. § 2706(c)(1)(C).  Because the

same interpretive analysis is applied to both statutes, if a natural rescource damages action is

equitable when brought under CERCLA, it must also be equitable when brought under OPA.

Thus, the United States urges this Court to find that defendants do not have a right to a jury trial

seeking natural resource damages claims under CERCLA.

## CONCLUSION

Defendants' request for a jury trial on the OPA Section 1002 cost recovery claim flies in

the face of well-established law holding that there is no statutory or constitutional right to jury

trial.  Similarly, Defendants request for a jury trial on the OPA Section 1002 natural resource

damages claim should not be granted because there is no statutory right to a jury trail for such

and the nature of the claim and remedy sought lie in equity.  Therefore, Defendants request for a

jury trial should be stricken.

Dated: January 6, 2009

Respectfully submitted,

/s/ Anita Marie Scott
ANITA M. SCOTT
AZ Bar No. 022274
ROBYN E. HANSON
NY Bar No. 4462339
Trial Attorneys
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-3145
Facsimile:  (202) 616-6584

/s/ Keith Edward Wyatt
Assistant United States Attorney
TX Bar No. 22092900
Federal Bar No. 3480
P.O. Box 61129
Houston, Texas 77208
Telephone: (713) 567-9713
Fax: (713) 718-3303

OF COUNSEL:

Stephen C. Ewart
United States Coast Guard
Staff Attorney
National Pollution Funds Center
4200 Wilson Blvd., Suite 1000
Arlington, Virginia 22203-1804

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of January 2009, a true and correct copy of the foregoing Plaintiff United States' Memorandum in Support of Motion to Strike Jury Demand of Defendants was served on the following attorneys for the Defendants, through electronic filing:

K. Scott Brazil
Brazil and Dunn
4201 FM 1960 Road W, Suite 550
Houston, TX 77068-3430
Telephone: (281) 580-6310
Email: brazilks@sbcglobal.net

J. James Luck
Luck Law Firm, P.C.
420 FM 1960 Road W, Suite 525
Houston, TX 77068-3449
Telephone: (281) 440-8756
Email: lucklaw@swbell.net


Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing electronically through the Court's system.


/s/ Anita Marie Scott
ANITA M. SCOTT