# EXHIBIT D

```
09:31:22   1                    UNITED STATES DISTRICT COURT
                                EASTERN DISTRICT OF LOUISIANA
           2
               ****************************************************************
           3
               IN RE:  OIL SPILL BY THE              Docket No. MDL-2179
           4   OIL RIG DEEPWATER HORIZON             Section "J"
               IN THE GULF OF MEXICO ON              New Orleans, LA
           5   APRIL 20, 2010                        Wednesday, September 11, 2013
               CIVIL
           6   ****************************************************************
               IN RE:  THE COMPLAINT AND             Docket No. 10-CV-2771
           7   PETITION OF TRITON ASSET              Section "J"
               LEASING GmbH, ET AL
           8   ****************************************************************
               UNITED STATES OF AMERICA              Docket No. 10-CV-4536
           9   V.                                    Section "J"
               BP EXPLORATION & PRODUCTION,
          10   INC., ET AL
               ****************************************************************
          11              TRANSCRIPT OF PRE-TRIAL CONFERENCE PROCEEDINGS
                          HEARD BEFORE THE HONORABLE CARL J. BARBIER
          12                      UNITED STATES DISTRICT JUDGE

          13
               APPEARANCES:
          14
               FOR THE PLAINTIFFS:              HERMAN HERMAN & KATZ
          15                                    BY:  STEPHEN J. HERMAN, ESQ.
                                                820 O'Keefe Ave.
          16                                    New Orleans, LA 70113

          17                                    DOMENGEAUX, WRIGHT, ROY & EDWARDS
                                                BY:  JAMES P. ROY, ESQ.
          18                                    P. O. Box 3668
                                                556 Jefferson St.
          19                                    Lafayette, LA 70502-3668

          20                                    LEVIN PAPANTONIO THOMAS MITCHELL
                                                RAFFERTY & PROCTOR
          21                                    BY:  BRIAN H. BARR, ESQ.
                                                316 South Baylen Street, Suite 600
          22                                    Pensacola, FL 32502

          23                                    WEITZ & LUXENBERG
                                                BY:  ROBIN L. GREENWALD, ESQ.
          24                                    700 Broadway
                                                New York, NY 10003
          25
```

16:08:52  1            THE COURT:  The last thing I have on my agenda is -- oh,
16:08:55  2   I'm sorry, Ms. Karis.
16:08:56  3            MS. KARIS:  Your Honor, I apologize.  I just want to be
16:08:58  4   clear.  While we have no objection to the procedure that was
16:09:01  5   described for qualifying experts, submitting their CV, we do
16:09:04  6   reserve the right to raise objections to those experts being
16:09:07  7   qualified as to the issues that they are testifying to in Phase
16:09:10  8   Two.
16:09:10  9            THE COURT:  Sure.
16:09:11 10            MS. KARIS:  Because they're at least as we outlined in
16:09:14 11   the *Daubert* motions, we have some issues with the qualifications of
16:09:17 12   some of the experts.
16:09:18 13            THE COURT:  Okay.  Thank you, very well.  Going back up
16:09:23 14   to Roman Numeral XI, Motions in Limine.  Let's see if we can take
16:09:28 15   up some of these while we're here.  These are not *Daubert* motions,
16:09:42 16   as I said I am not taking those up now.
16:09:49 17            First of all, looks like the parties filed a -- actually,
16:09:55 18   Judge Shushan issued an order, which is Rec. Doc. 10903 issued on
16:10:05 19   August 1, setting forth certain Phase One motions in limine that
16:10:10 20   apply directly to Phase Two; and apparently this is based on
16:10:14 21   consent or agreement of the parties, as I appreciate it.
16:10:19 22            Anadarko has a Motion in Limine to Exclude All Evidence
16:10:24 23   and Argument Presented for the Purpose of Proving Anadarko's
16:10:28 24   Culpability or Fault, this is Rec. Doc. 10826.  I have looked at
16:10:37 25   that motion, I've looked at the responses to that motion.  Seems to

```
16:10:44  1   me that this is clearly covered by my prior rulings.
16:10:50  2             MR. O'ROURKE:  Your Honor, if I may speak.  This is Steve
16:10:52  3   O'Rourke for the United States.
16:10:53  4             We did not file an objection to that motion -- or rather
16:10:57  5   an opposition to that motion on the merits.  We only filed a letter
16:11:01  6   requesting that oppositions be delayed until after Phase Two.  You
16:11:05  7   issued an order, or rather instructed Judge Shushan and she issued
16:11:10  8   an order stating that with respect to Phase Two no culpability
16:11:14  9   evidence, and we're happy to stand with that order.
16:11:17 10             With respect to Phrase Three, which hasn't even been
16:11:20 11   scheduled yet, we would like to --
16:11:23 12             THE COURT:  You mean not Phase Three, you mean the
16:11:25 13   penalty phase.
16:11:25 14             MR. O'ROURKE:  I stand corrected.
16:11:27 15             THE COURT:  I was waiting for Mr. Langan to correct you,
16:11:30 16   but he was distracted over there.
16:11:33 17             MR. O'ROURKE:  Because we were talking about Anadarko.
16:11:37 18             With respect to the penalty phase, we would like a chance
16:11:41 19   to oppose that brief on the merits before you rule on it.
16:11:44 20             THE COURT:  Well, okay.  But I think you're spinning your
16:11:47 21   wheels and wasting time, money, paper and ink and everything --
16:11:51 22   well, not ink but bits or whatever you waste now when you do it on
16:11:54 23   computer.  Because I don't see any possible way that Anadarko's
16:11:58 24   fault, culpability, any way you want to phrase it, or wordsmith it,
16:12:02 25   is going to come into any phase of this trial going forward.  So
```

```
16:12:06   1   take that for what it's worth.
16:12:09   2            MR. O'ROURKE:  That's good to know.
16:12:11   3            THE COURT:  So I am granting Anadarko's motion.
16:12:14   4            The next one is BP's motion to exclude instances of prior
16:12:20   5   alleged improper conduct and adverse criminal, civil or regulatory
16:12:24   6   proceedings, unrelated to the Macondo well obviously.  So this
16:12:36   7   would not exclude BP's guilty plea arising out of the Macondo
16:12:40   8   blowout, as I appreciate it, correct?
16:12:43   9            MR. GASAWAY:  Good afternoon, your Honor, Rob Gasaway for
16:12:52  10   BP.  That's correct.
16:12:53  11            THE COURT:  Which is really already in the record.
16:12:56  12            MR. GASAWAY:  It is.
16:12:56  13            THE COURT:  We don't have to introduce it again, it was
16:12:58  14   introduced in Phase One.
16:13:00  15            MR. GASAWAY:  It is.  And that's referenced in an
16:13:01  16   opposition to a different one that tracks, and none of our motions
16:13:06  17   concerns that.
16:13:07  18            This is the motion, your Honor, that was focused on
16:13:11  19   Grangemouth, Alaska and Texas City that your Honor granted.  And
16:13:14  20   for the reasons that we discussed in the briefing, it's essentially
16:13:17  21   not opposed.  Going forward there were some quibbles around the
16:13:22  22   edges, but we think this should be a clear carryover from Phase One
16:13:26  23   to Phase Two.
16:13:27  24            THE COURT:  Looks like the only quibble deals with the
16:13:38  25   1979 -- I'm not sure how you pronounce it -- Ixtoc blowout,
```

```
16:13:48   1    Halliburton raised that issue as somehow being relevant to source
16:13:52   2    control.  Was that a BP related blowout?
16:13:58   3              MR. GASAWAY:  No, your Honor.  BP has no involvement in
16:14:01   4    Ixtoc.  As I understand it, one of the entities there has since
16:14:06   5    become affiliated with Transocean.
16:14:07   6              THE COURT:  It was Sedco which is now part of Transocean,
16:14:09   7    right?
16:14:10   8              MR. GASAWAY:  Correct, your Honor.
16:14:11   9              But the original motion was a BP motion that focused on
16:14:15  10    prior BP incidents, and the three specifically that I mentioned -
16:14:21  11    the Grangemouth incident, the Alaska incident and the Texas City
16:14:26  12    incident - and we were not trying to expand that, we were just
16:14:28  13    trying to make clear that those are not fair game in Phase One,
16:14:32  14    also not fair game in Phase Two.
16:14:35  15              THE COURT:  All right.
16:14:36  16              MR. GASAWAY:  And there's obviously two components there,
16:14:38  17    both the conduct component and then the documentary component to
16:14:42  18    the extent --
16:14:43  19              THE COURT:  I don't have to hear anymore.  Does
16:14:45  20    Halliburton want to say anything on that?
16:14:48  21              MR. GODWIN:  Yes, your Honor.  Jenny will respond for us.
16:14:51  22    Thank you.
16:14:51  23              MS. MARTINEZ:  Good afternoon, your Honor.  Halliburton
16:14:59  24    doesn't have any objection to precluding the specific instances,
16:15:03  25    Texas City and the specific things that were outlined in BP's
```