EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG       MDL 2179
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO, ON APRIL 20, 2010      SECTION: "J"

This Document Applies to:              JUDGE BARBIER
                                       MAG. JUDGE SHUSHAN
No. 12-970, Bon Secour Fisheries, Inc., et al.
v. BP Exploration & Production Inc., et al.

## DECLARATION OF DOUGLAS S. DRAPER

**BEFORE ME,** undersigned authority, personally came and appeared, Douglas S. Draper, wherein, when put under oath by me, Notary, did say:

1. I am an attorney licensed in the State of Louisiana.

2. I am counsel to Andry Lerner, LLC.

3. In my role as counsel for Andry Lerner, LLC, I requested from Greg Paw, counsel to the Special Master, documentation in connection with the GuidePost investigation of the Casey Thonn claim.

4. Attached as Exhibit 1 are the investigator's notes furnished to me by Greg Paw incident to my request.

_____
DOUGLAS S. DRAPER

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 14 DAY OF FEBRUARY, 2014.

_____
NOTARY PUBLIC

GRETA M. BROUPHY
NOTARY PUBLIC
Parish of Orleans, State of Louisiana
Bar No. 26216
My Commission is issued for Life.

{00339412-1}                                                    1

| Item Number Notes | Date Recorded Notes | Noteon Case Notes | Case Number Notes | Note Type Notes | Recorded By Notes |
|---|---|---|---|---|---|
| 11 | 02-Mar-11 | Claim Number: 001-060469 Claimant: Thonn, Casey Investigator: Michael Dearie Summary of Claim: The claims reviewer noted that the claimant's occupation as a fisherman was questionable. Upon review, the claimant has provided pre-spill commercial licenses as well as a 2009 tax return showing a Schedule C with income from fishing. The 2009 income tax return lists his occupation as unemployed, yet the Schedule C shows over $150,000 of earnings as a fisherman. This seems somewhat contradictory, and should be looked into before payment is issued. Summary of Investigation: On February 24, 2011, Investigator Michael Dearie acting on the above request reports the following. Claimant Casey Thonn has supplied tax information showing that he worked as a fisherman in 2009, and made approximately, $156, 000 fishing, but after deprecation of his boat and expenses he was left with $55,822.00. The taxes paid by him and his wife for 2009 was, $13,132.00. During the year of 2010, Thonn did not shrimp, but he worked for the VOO Program and made approximately $56,600.39, for one months work. Thonn's taxes filed in 2009 were correct, however a mistake was made by the preparer regarding his occupation which stated unemployed when it should have said, self employed. It was noted properly as to his occupation later in the tax form on the Schedule C form, which was properly listed as a fisherman. Thonn said he did not have nor does he have any Business, LLC or Corporation, because Thonn sold shrimp to individuals and relatives who sold shrimp for him. Copies of statements from relatives and customers of Thonn are attached to the file. Also attached to the case file are bank documents from, Chase, JP Morgan Bank, showing the direct deposits from Danos & Curole Staffing, LLC, for the amount of, $56,600.00. There were two payments made to Thonn, one for $28,500.00 and the other for $28,100.39. The reason for the ESIS cancelling of payments on 7-15-2010 and 7-22-10, is attached in the claimants file. Conclusion: Claimant Casey Thonn shrimped in 2009, the entire shrimp season, and after expenses and deprecation of his boat and equipment made approximately, $55,822.00. This was properly documented in his 2009 tax returns. In 2010, when Thonn was unable to shrimp due to the BP oil spill Thonn participated in the VOO Program which he received $56,600.00 for his participation. There seems to be no evidence of fraud but it does seem to be a compensation issue. | 000000-00-1060469 | Investigation | KKing |
| 10 | 02-Mar-11 | Summary of Investigation: On February 22, 2011, Investigator Michael Dearie received a telephone call from Claimant Casey Thonn. Mr. Thonn advised that he had additional paper work to support his claim and he wanted to turn it over to an investigator. Investigators proceeded to the Thonn residence and retrieved the documents. Documents received from Thonn will be examined and a conclusion of the information will be reported. Investigation continues: | 000000-00-1060469 | Investigation | KKing |
| 9 | 23-Feb-11 | Investigation revealed no evidence of fraud. Claimant provided information and documentation supporting his stated employment as a commercial fisherman. | 000000-00-1060469 | Final Report | mhorn |

| # | Date | Summary | Doc ID | Type | User | Reviewer |
|---|---|---|---|---|---|---|
| 8 | 17-Feb-11 | Summary of Investigation: On February 7, 2011, Investigators Dearie and Hogan were contacted by Claimant Casey Thonn. Thonn advised that he had additional documentation which would assist in substantiating his claim and wanted the Investigator to pick them up from him at his residence. Later that day, the Investigators went to the Thonn's residence and retrieved the documents. On picking up the documents Thonn told the Investigators that he had a few more documents that he needed to pick up regarding his case and advised he would call as soon as he had them. In addition to the documents to be supplied, Thonn supplied his wife's tax returns for 2007. He also supplied a number of statements made by individuals stating he had sold them seafood and they in turn sold seafood for him to relatives. Thonn advised there were two reasons he took a loss in wages. The first being he could catch shrimp, but individuals in the community were afraid to purchase any because of what the news media was saying about the seafood being tainted and contaminated. The second reason was when other areas were closed due to contamination, shrimpers from other areas moved into areas he shrimped reducing his catch. Because there were more shrimpers in the area, this drove the price of shrimp being paid at the docks down. Due to the prices at the docks being so low, it wasn't cost effective to go out and shrimp. With the cost of fuel, a deck hand and wear and tear on the boat, the expenses paid out were more than the money received from their catch. Questioning the information regarding the 2009 tax returns, Thonn advised that his wife and he filed married filing separately. On the tax form his signature block should have read self employed not unemployed. Thonn said that an older couple does his taxes and somehow this was entered wrong. Thonn advised that he has been a shrimper since he was a teenager, but only since May 2008, has he owned and operated his own boat. Thonn advised that since being released from the VOO Program he has refitted his vessel and is attempting to shrimp again. When asked about income and any additional records in reference to the business, Thonn stated that the money made from his shrimping operation was a cash business. The money he received from his shrimping was from selling shrimp on the street and to relatives and friends. This money from the sales of shrimp was used to pay his daily expenses, rent, school tuition for two children in catholic school, truck note and any other daily expenses he had. Regarding the question to the alleged $156,000.00 in earnings listed in his schedule C, after deductions was $55, 822.00 in income. His wife listed her income as $47, 957.00 Thonn also listed approximately $31, 806.00 dollars in expenses for his business. Additionally, listed on line 75 page two of tax return for 2009, Thonn paid approximately $13,132.00 owed in taxes. This would be a true assessment of his combined salary indicating that he listed $156,000.00 in earnings and his wife earned $47,957.00 minus the deductions for his business. Information regarding ESIS payments made to Thonn was received from Charlie Bilbe, Director Environmental Services, Worley Catastrophe Response. It stated that the July 15, 2011, check was voided by ESIS because the payment was issued to Thonn in error and he did not deserve it. On July 22, 2011, a $1000.00 check was voided and stopped because Thonn came to the office and stated that he did not receive the payment. A new check was issued to replace this one. From the ESIS records obtained the claimant cashed both $1000.00 checks given to him. Thonn is scheduled to supply copies of the deposit from the VOO Program into his bank account as well as new copies of his 2009 taxes. The investigation is ongoing. | 000000-00-1060469 | Investigation | KKing | |
| 7 | 15-Feb-11 | Summary of Investigation: On February 7, 2011, Investigator Dearie and Hogan were contacted by claimant, Casey Thonn. Thonn advised he had additional documentation that would assist in substantiating his claim and wanted investigators to pick them up from him at his residence. Later that day, investigators went to Thonn's residence and retrieved the documents. Thonn told Dearie he had a few more documents he needed to pick up regarding his case and advised investigators he would call as soon as he had them. | 000000-00-1060469 | Investigation | KGolden | |
| 6 | 14-Feb-11 | Reviewed update. | | Manager Review | bbarker |

| # | Date | Summary of Investigation | Bates | Type | User |
|---|---|---|---|---|---|
| 5 | 10-Feb-11 | Summary of Investigation: Claimant Casey Thonn contacted Investigator Dearie after meeting the night before and requested information regarding his claim. Claimant Thonn was again advised that he was requested to produce the following: 1. Cost of new rigging recently placed on his vessel 2. Cost of fuel and size of his vessels seafood holding bins 3. Names, addresses and telephone numbers of any deckhands 4. How many days of the season was spent shrimping and how many days spent selling the catch 5. How long had he owned the vessel and who did he buy it from. 6. A picture of the vessel when it was purchased 7. How and where was his vessel docked in the past and any paperwork regarding dock payments 8. Areas that were fished 9. Names, telephone numbers and addresses of any individuals that were paid to maintenance the vessel for repairs Claimant Thonn advised Investigator Dearie that it would take approximately two days to get the answers and would contact Investigator Dearie. Investigation is ongoing. | 000000-00-1060469 | Investigation | TSmith |
| 4 | 03-Feb-11 | Date of investigation 02-01-2011. Claimant Casey Thonn was interviewed at his residence regarding the requested additional documentation. Thonn advised that he was in the process of collecting the needed documents and would call the investigator when he received it. | 000000-00-1060469 | Investigation | TBurke |
| 3 | 03-Feb-11 | 1. On January, 31, 2011, Investigator Michael Dearie arrived at the house at 3836 Kent St., Slidell LA and interviewed claimant Casey Thonn. Thonn is self employed as a shrimper. Thonn stated that he received approximately $56,000.00 from the VOO Program that was direct deposited into his bank account. 2. Thonn has no business license, no list of customers, no vendor purchases for things such as fuel and equipment, no contracts regarding the sale of shrimp, no fuel or sale receipts or trip tickets, and no deposits of cash or checks from the sale of the seafood he allegedly caught and sold. 3. Thonn will arrange meeting with his Tax Company to verify his returns. 4. Thonn will contact his bank and get the appropriate documentation regarding the direct deposit of the $56,000.00 from the VOO Program. 5. Will attempt to contact ESIS to inquire about the stop payment they placed on the checks issued to the claimant on 7/15/10 and 7/22/10. 6. Claimant stated that he has no documentation of his business because he files his taxes married filing separately from his wife and listed himself as unemployed. Claimant stated that he worked a strictly cash business selling the seafood he caught on the street himself and used the money received from these to pay his personal daily household expenses and expenses for his boat. Investigation continues. | 000000-00-1060469 | Investigation | TBurke |
| 2 | 03-Jan-11 | Employee- Shrimp Fisherman The claims reviewer noted that the claimant's occupation as a fisherman was questionable. Upon review, the claimant has provided pre-spill commercial licenses as well as a 2009 tax return showing a Schedule C with income from fishing. The 2009 income tax return lists his occupation as unemployed, yet the Schedule C shows over $150,000 of earnings as a fisherman. This seems somewhat contradictory, and should be looked into before payment is issued. 1. Interview claimant to determine employment and compensation. Verify if claimant is unemployed or if he is still a fisherman. 2. Request claimant to provide a business license and additional information such as a list of customers, vendor purchases, contracts, receipts/trip tickets, or additional bank statements to provide verification of the claimant's earnings to support validity of claim. 3. Confirm with tax company that the documents provided are accurate and unaltered. 4. Question why a bank would be unable to report proof of a deposit, as stated by claimant. 5. Contact ESIS to inquire about the stop payment they placed on the checks issued to the claimant on 7/15/10 and 7/22/10. 6. Request documentation that the claimant's income has decreased since the oil spill. Claimant: Casey Thonn 3836 Kent St. Slidell, LA 70458 985-788-0032 poopsi1@hotmail.com Boat Information: 2001 30' Homemade Reg # LA – 9346 – FD Exp. 8/11 Tax Preparer Company: OTIS Income Tax, Inc. 651 Old Spanish Trl Slidell, LA 70458 Preparer: O.W. Favre 985-649-0403 Banking Information: JP Morgan Chase Bank 3580 Pontchartrain Dr. Slidell, LA 70458 Routing # 065400137 Account # 871602215 Name on Account – Casey Thonn | 000000-00-1060469 | Action Plan | lpolk |

| | | | |
|---|---|---|---|
| 1 | 15-Dec-10 | Referral from Brown Greer. Issue: Other. The claims reviewer noted that the claimant's occupaition as a fisherman was questionable. Upon review, the claimant has provided pre-spill commercial licenses (Document 1704883, Page 2) as well as a 2009 tax return showing a Schedule C with income from fishing (Document 1704883, Page 7). The 2009 income tax return lists his occupation as unemployed (Document 1704883, Page 4), yet the Schedule C shows over $150,000 of earnings as a fisherman. This seems somewhat contradictory, and should be looked into before payment is issued. | 000000-00-1060469 Red Flags kamara |