# Exhibit 52

LEXISNEXIS® FILE & SERVE
34758413
E-SERVICE
Dec 8 2010
10:01PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE SHUSHAN |
| …………………………………………... | : | |

### THE BP PARTIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

Defendants BP America Inc. ("BPA"), BP America Production Company ("BPAP"), and BP Exploration & Production Inc. ("BPXP") (collectively, "the BP Parties"), by their undersigned Counsel, and, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, hereby submit the following responses and objections to plaintiffs' Interrogatories, Requests for Production, and Requests for Admission.

### SPECIFIC RESPONSES AND OBJECTIONS

The BP Parties respond as follows to plaintiffs' specific interrogatories, requests for production, and requests for admission, subject to and without waiving their general objections, each and every one of which are specifically incorporated into each individual response below.[1]

### INTERROGATORY NO. 1:

Please describe in detail the general chain of command and organizational structure for the Deepwater Horizon during the relevant time period, beginning with the lowest ranking person aboard the rig, up to and through the highest ranking person on-shore.

---

[1] The BP Parties' general objections are set forth at pages 370-382.

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for documents relating to the operations or drilling activities performed by the *Deepwater Horizon* and *Transocean Marianas* with respect to the Macondo Well, and will produce responsive documents identified as a result of that search.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

## INTERROGATORY NO. 4:

Please identify any person who was aboard the Deepwater Horizon during the relevant time period, and for any such person, identify that person's supervisor(s) and subordinates, and state the dates and time that person was aboard the Deepwater Horizon and financial compensation received for the work performed.

## RESPONSE TO INTERROGATORY NO. 4:

The BP Parties object to this interrogatory on the grounds that it seeks information regarding the identification of, and organizational structure among, individuals who worked on the *Deepwater Horizon* that is duplicative of Interrogatory No. 1 and Requests for Production Nos. 1 and 9, and that it is unreasonable and unduly burdensome to the extent it asks the BP Parties to identify and provide organizational and compensation information regarding the employees of other entities, which information is likely more readily available from other parties in the litigation, such as the Transocean Defendants and other companies whose employees were aboard the *Deepwater Horizon* during the relevant time period.   The BP Parties also object to this interrogatory on the grounds that "financial compensation" is vague and undefined, and that such information is irrelevant to the claims of any party in this case.  Furthermore, the BP Parties also object to this request to the extent that it purports to call for information beyond the BP

Parties' control or knowledge, including as to the specific financial compensation provided by other entities to their employees, as well as Transocean's Personnel On-Board ("POB") lists for the *Deepwater Horizon* prior to time the rig was on station at the Macondo Well.

Subject to their specific and general objections, the BP Parties state that the date, along with the names of the individuals who were aboard the *Deepwater Horizon* would be recorded in Transocean's POB lists. The BP Parties will produce the POB lists in their possession. In addition, the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for plaintiffs as it is for the BP Parties, and the BP Parties therefore refer plaintiffs to the Transocean Defendants' POB lists for the relevant time period in accordance with Federal Rule of Civil Procedure 33(d). Subject to the confidentiality restrictions of Pretrial Order #13, the BP Parties will provide the 2010 salary information for the BP employees who were aboard the *Deepwater Horizon* while at the Macondo Well site. The BP Parties will also provide the 2007 to 2009 salary data for the following BP personnel: Brett Cocales; Alexander John Guide; Mark Hafle; Robert Kaluza; Brian Morel; Murry Sepulvado; Ronnie Sepulvado; David Sims; Donald Vidrine and Gregory Walz. To the extent additional information is sought as to the persons aboard the *Deepwater Horizon* at any particular point in time or the compensation for the *Deepwater Horizon* Transocean rig crew, the BP Parties refer plaintiffs to the Transocean Defendants as an additional party to which to address this request.

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**INTERROGATORY NO. 5:**

Please identify any person on-shore who participated in, was aware of, or was in anyway involved with the operations and drilling activities of the Deepwater Horizon during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 5:**

The BP Parties object to identifying "any persons on-shore who participated in, was aware of, or was in anyway involved with" the *Deepwater Horizon* as plaintiffs' use of that description is vague, overbroad, and unduly burdensome; it would, among other things, require searching for and attempting to identify any and every individual who merely knew of the existence of the *Deepwater Horizon*, or who had awareness of the vessel or its operations at any level of generality.  As phrased, the request is not reasonable on its face.

Subject to these specific objections and their general objections, the BP Parties identify the following employees of the entities specified who participated or were directly involved in the operations and/or drilling activities at the Macondo Well during the relevant time period:

BP Parties:

| NAME | JOB TITLE |
|---|---|
| Shane Albers | Subsea Wells Engineer |
| Michael Beirne | Offshore Land Negotiator |
| Robert Bodek | Geologist |
| Christopher Bryan | HSE Advisor |
| Scott Christopher | Subsea Projects HSSE Lead |
| Brett Cocales | Drilling Engineer |
| Erick Cunningham | Western Hemisphere Cementing Specialist |
| Sarah Dobbs | Senior Completions Engineer |
| Ralph Doucet | Well Site Leader |
| Andrew Frazelle | Drilling and Completions Operations Manager |
| Alexander John Guide | Wells Team Leader |

14

| NAME | JOB TITLE |
|---|---|
| Mark Hafle | Sr. Drilling Engineer |
| Timothy Hopper | Completions Engineer |
| Robert Kaluza | Well Site Leader |
| Merrick Kelley | Subsea Wells Team Leader |
| Gavin Kidd | Well Team Leader |
| Conward Lee Lambert | Well Site Leader Trainee |
| Phillip Earl Lee | Well Site Leader |
| Ian Little | Wells Operations Manager |
| Terry Miglicco | Completion Team Leader |
| Richard Miller | EPT Integrity Management Team |
| Brian Morel | Drilling Engineer |
| Steve Morey | EPT Job Leader |
| Joe Neumeyer | HSE Advisor |
| Patrick O'Bryan | Vice President, Drilling and Completions |
| Francisco Pineda | Senior Completions Engineer |
| David Rich | Wells Manager |
| Angel Rodriguez | Marine Advisor |
| Murry Sepulvado | Well Site Leader |
| Ronald Sepulvado | Well Site Leader |
| David Sims | Wells Operations Manager |
| Galina Skripnikova | Petro-physicist |
| Jonathan Sprague | Drilling Engineering Manager |
| Henry ("Harry") Thierens | Wells Director |
| Brad Tippetts | Subsea Wells Engineering Trainee |
| Donald Vidrine | Well Site Leader |
| Gregory Walz | Drilling Engineer Team Leader |

Transocean Defendants:

| NAME | JOB TITLE |
|---|---|
| Jason Christopher Anderson | Toolpusher |
| Stephen Ray Bertone | Chief Engineer/Maintenance Supervisor |
| Douglas Harold (David) Brown | Chief Mechanic |
| Micah Brandon Burgess | Driller |
| Donald Neal Clark | Assistant Driller |
| Charles Harold Cochran | Chief Mechanic |
| Jason Eric Cooley | Chief Electrician |
| Stephen Ray Curtis | Assistant Driller |
| Eric R. Estrada | Subsea Trainee |
| Miles Randall Ezell | Senior Toolpusher |
| Jimmy Wayne Harrell | Offshore Installation Manager |
| Mark David Hay | Senior Subsea Supervisor |
| William Harold Jernigan | Chief Mechanic |
| Paul Johnson | Rig Manager |
| Jonathan Keeton | Former Rig Manager |
| Curt Robert Kuchta | Master |
| James Brent Mansfield | 1st Assistant Engineer |
| Jim Owen McWhorter | Subsea Supervisor |
| Paul James Meinhart | Motor Operator |
| Patrick Kevin Morgan | Assistant Driller |
| Chad Lee Murray | Chief Electrician |
| Ray Odenwald | Subsea Supervisor |
| Jarod Richard Oldham | 3rd Assistant Marine Engineer |
| Christopher Bernard Pleasant | Subsea Supervisor |
| Dewey Revette | Driller |
| Terry Lee Sellers | Motor Operator |
| Allen J. Seraile | Assistant Driller |
| William Wilton Stoner | Motor Operator |
| William Stringfellow | Subsea Superintendent |
| William Lewis Terrell II | Chief Electronic Technician |
| Buddy J. Trahan | Division Manager Assets |
| Wyman W. Wheeler | Toolpusher |
| Michael Keith Williams | Chief Electronic Technician |

| Daun C. Winslow | Division Manager Performance |
|---|---|

Weatherford International, Inc.:

| NAME | JOB TITLE |
|---|---|
| Joe Benoit | Casing Crew |
| Brandon Keith Boullion | Technician |
| Bryan R. Clawson | Cementation Sales |
| Tim Dunn | Solid Expandable Systems |
| Lance M. John | Rig System Specialist |
| Clayton Simon | Casing Crew |

Swift Technical Services ("Swift"):

| NAME | JOB TITLE |
|---|---|
| Gary G. Ellis, also known as Phillip Ellis | Subsea Engineer |
| Ross Skidmore | Well Supervisor |

Halliburton Energy Services, Inc. ("Halliburton"):

| NAME | JOB TITLE |
|---|---|
| Jack Abate | Nitrogen Supervisor |
| Gary Paul Anderson | Cementer |
| Georgia Brogdon | Senior Account Representative |
| Nathaniel Chaisson | Cement Engineer |
| Wayne Courville | Lead Technician Prof. Well Design |
| Jesse Gagliano | Account Representative/Technical Advisor for MC 252 |
| Christopher Haire | Cementer |
| Greg Navarette | Field Engineer |
| Quang Nguyen | Engineer |
| Elmo Spruel | Nitrogen Supervisor |
| Vincent Tabler | Cementer |

Halliburton Sperry-Sun Drilling ("Sperry-Sun"):

| NAME | JOB TITLE |
|---|---|
| Kelly Gray | Mudlogger |
| Joseph Keith | Mudlogger |
| Cathleenia M. Willis | Mudlogger |

Schlumberger Technology Corp. ("Schlumberger"):

| NAME | JOB TITLE |
|---|---|
| Gary Jude Adams | WirelineServices |
| Roy A. Hotard | Wireline Services |
| Bruce Weber | Wireline Services |

M-I Swaco:

| NAME | JOB TITLE |
|---|---|
| Gordon Jones | Mud Engineer |
| Leo Lindner | Mud Engineer/Drilling Fluid Specialist |
| Blair Manuel | Mud/Completion Engineer |
| Doyle W. Maxie | Project Engineer |
| Greg Meche | Mud/Compliance Engineer |
| John T. Quebodeaux | Mud Engineer/Clean-Up Brush Hand |

Dril-Quip, Inc. ("Dril-Quip"):

| NAME | JOB TITLE |
|---|---|
| Charles Credeur | Service Technician |

Allamon Tool Co. ("Allamon"):

| NAME | JOB TITLE |
|---|---|
| Wayne Scroggins | Tech Plug Set |

Blackhawk:

| NAME | JOB TITLE |
|---|---|
| Terry Ledoux | Toolhand |

EPS:

| NAME | JOB TITLE |
|---|---|
| James Nick Wilson | Dispatcher/Clerk |

Hamilton Engineering:

| NAME | JOB TITLE |
|---|---|
| Robert Splawn | Coordinator |

Hydril:

| NAME | JOB TITLE |
|---|---|
| Earnest (Paul) Richard | Thread Rep |
| Donald A. Steward | Thread Rep |

Oceaneering:

| NAME | JOB TITLE |
|---|---|
| Tyrone Benton | ROV Tech |
| Darren A. Costello | ROV Tech |

OCS:

| NAME | JOB TITLE |
|---|---|
| Shane D. Faulk | Technician |
| Brett Gullory | Tank Cleaner |
| Frank Ireland | ROV Tech |
| Joshua C. Kritzer | Tank Cleaner |
| Benjamin LaCroix | Tank Cleaner |
| Heath J. Lambert | Tank Cleaner |
| Carl Lavergne | Supervisor |

19

| Coby J. Richard | Tank Cleaner |
| Kevin Senegal | Serv. Tech |

OES:

| NAME | JOB TITLE |
| --- | --- |
| Craig Joseph Guidry | CFT Tech |
| Johnathon Guidry | Mud-Tech |

Protechnics:

| NAME | JOB TITLE |
| --- | --- |
| Ron David Blush | Field Technician |

Anadarko:

| NAME | JOB TITLE |
| --- | --- |
| Sam Algranti | Operations Group |
| Bert Allbritton | Exploration Engineer |
| Forrest Burton | Exploration Geologist |
| Debra Broussard | Attorney |
| Jim Bryan | |
| Paul Chandler | Development Geologist |
| Sara Chapman | Operations Group |
| Barbara Dunbar | |
| Todd Durkee | Drilling Supervisor |
| Derek Folger | Exploration Geophysicist |
| Mark Holifield | Operations Group |
| Nick Huch | Land/Drilling Engineer |
| Rebecca Isbell | Technical Support |
| John Kamm | Operations Geologist |
| Josh Nichols | Deepwater Drilling Engineer |
| Alan O'Donnell | Development Manager |
| Brian O'Neill | Petrophysicist |
| Dawn Peyton | Reservoir Engineer |
| Robert Quitzau | Drilling Consultant |

| Glenn Raney | Development Geophysicist |
|---|---|
| Paul Schlirf | |
| Diane Sease | |
| Tim Trautman | |
| Vera Wells | |

MOEX:

| NAME | JOB TITLE |
|---|---|
| Yukihiro Fujita | |
| Naoki Ishii | President of MOEX Offshore 2007 LLC |
| Nobuo Ishii | |
| Tokio Kachi | |
| Hiroto Kanno | Senior Manager, Drilling Engineer |
| Takeshi Kasuga | |
| Yoji Murachi | |
| Shinjiro Naito | Senior Manager, Geologist/Unit General Manager, Unit 2, MOECO |
| Tomoaki Sato | |
| Yanoma Termuitsu | |
| Yutaka Tsuji | Senior Coordinator, MOECO TOKYO/Economist |
| Noburu Tsuruta | |
| Kyoko Yamamoto | |
| Termuitsu Yanoma | |
| Asami Yoshimura | |

Bureau of Ocean Energy Management, Regulation and Enforcement (BOEMRE) (formerly the Minerals Management Service (MMS)):

| NAME | JOB TITLE |
|---|---|
| Frank Patton | District Drilling Engineer |
| Eric Neal | MMS Inspector |
| Robert G. Neal | MMS Inspector |

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any documents, including logs, that evidence or show persons on-shore that participated in, were aware of, or were in anyway involved with the operations aboard the Deepwater Horizon during the relevant time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The BP Parties object to this request on the grounds that it is duplicative to the extent it seeks documents identifying individuals already identified in response to Interrogatory No. 5; it is vague, overbroad, and unduly burdensome to the extent it seeks documents identifying "any persons on-shore that participated in, were aware of, or were in anyway involved with" the *Deepwater Horizon* as that would require, among other things, searching for and producing documents identifying every individual who merely even knew of the existence of the *Deepwater Horizon* or who had some awareness at any level of generality of the vessel or its operations. The request also is unreasonable and unduly burdensome to the extent it asks the BP Parties to identify employees of other entities, which information is likely more readily available from other parties in the litigation, such as the Transocean Defendants and other companies whose employees were aboard the *Deepwater Horizon* during the relevant time period.

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for documents evidencing or showing persons on-shore who participated or were directly involved in the operations and/or drilling activities of the *Deepwater Horizon* during the relevant time period, and will produce responsive documents identified as a result of that search.

22

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**INTERROGATORY NO. 10:**

Please identify any persons on-shore who participated in or were in anyway involved with the operations aboard the Deepwater Horizon during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to their specific and general objections, the BP Parties refer plaintiffs to their response to Interrogatory No. 5.

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce the personnel files for each person identified in response to Interrogatory No. 4, 5, 6, 8, and 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The BP Parties object to this request on the grounds that the phrase "personnel files" is vague, ambiguous and undefined.  In addition, to the extent plaintiffs' request seeks information above and beyond performance evaluations and/or information for other individuals, the BP Parties object on the grounds that the request seeks documents that likely contain sensitive, confidential and personal identifying information not relevant to the claims or defenses of any party and personnel files for employees of other entities or documents that are likely more readily available from other parties in the litigation.

32

attempting to seal the Macondo Well following the Incident, and will produce responsive documents identified as a result of that search.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

## REQUEST FOR PRODUCTION NO. 29:

Please produce any documents relating to the use and effectiveness of "junk shots," "top hats," or "relief wells" as a means of controlling or sealing a well, including the Macondo Well.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

The BP Parties object to this request on the grounds that the plaintiffs' use of the term "effectiveness" is vague, ambiguous, and undefined.

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for documents relating to the use of junk shots, top hats, or relief wells as a means of controlling or sealing the Macondo Well, and will produce responsive documents identified as a result of that search.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

## INTERROGATORY NO. 13:

Please identify any person that has conducted or is in the process of conducting a formal or informal investigation of the operations, events, or activities that took place aboard the Deepwater Horizon or at the Macondo Well during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 13:**

The BP Parties object to this interrogatory on the grounds that that plaintiffs' use of the term "informal investigation" is vague, undefined, and ambiguous and could be read to call for any information relating to any operation, event, or activity that took place either at the Macondo Well or aboard the *Deepwater Horizon* at any time without regard to the relevance of such operations, events, or activities to the claims or defenses of any party. The BP Parties also object to this interrogatory to the extent that it seeks the identification of the thousands of individuals who worked on the response to the oil spill or who have been involved with the several inquiries into the Incident whose activity might be deemed an "investigation" on the grounds that this request is unreasonable, overbroad, and unduly burdensome. The BP Parties also object to this interrogatory to the extent that it seeks information relating to additional evaluations and inquiries undertaken at the direction of counsel, which are therefore privileged and protected from discovery.

Subject to their specific and general objections, the BP Parties identify and refer plaintiffs to the September 8, 2010 Incident Investigation Team ("IIT") Report, and in particular Appendix A thereto, which sets forth the terms of reference for the scope of the investigation in which Mark Bly, Group Head of Safety & Operation led a team that investigated the facts surrounding the uncontrolled release of hydrocarbons and efforts to contain the release aboard the Transocean drillship *Deepwater Horizon*.[2] The BP Parties also refer plaintiffs to the ongoing work of Congress, the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, the U.S. Chemical Safety and Hazard Investigations Board, the Marine Board of

---

[2] From time to time, the BP Parties refer to the IIT report. As noted therein, the IIT report is subject to certain limitations, including, but not limited to, the fact that new or additional information may come to light that could effect the matters addressed therein.

Investigation ("MBI"), National Academy of Engineering, Transocean, and other government and private entities.

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce any documents or communications relating to all formal and informal reports or investigations that were or are in the process of being conducted as a result of the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The BP Parties object to this request on the grounds that plaintiffs' use of the term "informal investigation" is vague, undefined, and ambiguous and that seeking all documents "related to" any investigation is overbroad and unduly burdensome, as either could be read to seek documents relating to any operation, event, or activity that took place either at the Macondo Well or aboard the *Deepwater Horizon* at any time without regard to the relevance of such operations, events, or activities to the claims or defenses of any party. The BP Parties also object to this request to the extent that it seeks documents relating to additional evaluations and inquiries undertaken at the direction of counsel, which are therefore privileged and protected from discovery.

Subject to their specific and general objections, the BP Parties will produce (a) the September 8, 2010 Report prepared by the IIT lead by Mark Bly, Group Head of Safety & Operation, along with the Appendices thereto, the Executive Summary of the Report, and the presentation slides, video, and the press release that accompanied the report; and (b) the May 24, 2010 Interim Report and timeline prepared by the IIT. Further, subject to their specific and

47

general objections, the BP Parties will conduct a reasonable search of non-privileged documents for (i) drafts or markups of the September 8, 2010 Report, (ii) what the BP Parties believe and understand are the primary documents and data identified by the IIT during the course of their investigation, culminating in the creation of the *Deepwater Horizon* Accident Investigation Report, dated September 8, 2010, and (iii) statements given by Messrs. Kaluza and Vidrine and the interview notes taken by the IIT members for the interviewees identified in the BP Parties' response to Interrogatory No. 14, and will produce responsive documents that result from that search.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is vague, overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

## INTERROGATORY NO. 14:

Please identify any person you have interviewed or from whom a statement was taken regarding any of the events, operations, or activities that took place aboard the Deepwater Horizon or at the Macondo Well during the relevant time period.

## RESPONSE TO INTERROGATORY NO. 14:

The BP Parties object to this interrogatory on the grounds that plaintiffs' use of the term "interviewed" is undefined, vague, and ambiguous and that it is overbroad and unduly burdensome and could potentially encompass every conversation relating to every operation, event, or activity that took place either at the Macondo Well or aboard the *Deepwater Horizon* at any time and without regard to the relevance of such operations, events, or activities to the claims of defenses of any party.

Subject to their specific and general objections, the BP Parties identify the following non-privileged statements and interviews:  Statements were taken by BP from the following persons regarding the Incident aboard the *Deepwater Horizon*:

>Robert Kaluza
>
>Don Vidrine

Messrs. Vidrine and Kaluza were also interviewed regarding the accident aboard the *Deepwater Horizon*.

The IIT lead by Mark Bly, Group Head of Safety & Operation, interviewed the following persons:

>Shane Albers
>
>Brandon Boullion
>
>Mike Byrd
>
>Brett Cocales
>
>Charles Credeur
>
>Erick Cunningham
>
>Tony Emmerson
>
>Paul Erickson
>
>Jesse Gagliano
>
>Ed Gaude
>
>Anthony Gervasio
>
>Stuart Gosch
>
>Alexander John Guide
>
>Mark Hafle
>
>Christopher Haire
>
>Robert Kaluza
>
>Joseph Keith
>
>Conward Lee Lambert
>
>John LeBleu

Captain Alwin Landry

Earl Lee

Leo Linder

Dave McWhorter

Greg Meche

Brian Morel

Pat O'Bryan

John Quebodeaux

Murry Sepulvado

Ronnie Sepulvado

David Sims

Ross Skidmore

Robert Splawn

Jon Sprague

Vincent Tabler

Henry ("Harry") Thierens

Brad Tippetts

Paul Tooms

Don Vidrine

Gregory Walz

Cathleenia Willis

James "Nick" Wilson

Mark Worsley

Subject to their specific and general objections, the BP Parties further respond that some of the persons identified above, and others, gave statements to the United States Coast Guard. Additionally, some of the persons identified above, and others, gave statements or testimony to Congress, the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, the U.S. Chemical Safety and Hazard Investigation Board, and other government entities.

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

## REQUEST FOR PRODUCTION NO. 31:

Please produce any documents that relate to any interviews or statements taken of or from each person identified in your response to Interrogatory No. 14.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

The BP Parties object to this request on the grounds that plaintiffs' use of the phrase "relate to" these interviews or statements is vague, ambiguous, overbroad, and unduly burdensome as it potentially seeks all documents related to anything referred to in these interviews.

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for the statements given by, and notes of interviews taken of, Messrs. Kaluza and Vidrine and the interview notes for the interviewees identified in the BP Parties' response to Interrogatory No. 14, and will produce responsive documents identified as a result of that search.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

## INTERROGATORY NO. 15:

Please identify any person who has taken or is in possession of any photographs, video recordings, or audio recordings that relate to any events, operations, or activities that took place aboard the Deepwater Horizon or at the Macondo Well during the relevant time period.

subject to further discussions with plaintiffs regarding the scope and manner of production of ROV footage and the appropriate allocation of the cost of such production.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**INTERROGATORY NO. 16:**

Please identify any person who was on the Investigation Team referenced in the report released by BP, dated September 8, 2010, or who participated in the investigation referenced in the report released by BP, dated September 8, 2010, or participated in or was involved with the selection, appointment, or assignment of (a) the Investigation Team referenced in the report released by BP, dated September 8, 2010; or (b) any other person who participated in the investigation referenced in the report released by BP, dated September 8, 2010; or (c) any person who drafted, participated in drafting, editing, or reviewing the report released by BP, dated September 8, 2010, or any part thereof, before the report was released.

**RESPONSE TO INTERROGATORY NO. 16:**

The BP Parties object to this interrogatory on the grounds that plaintiffs' use of the terms "participated" and "reviewed" are undefined, vague, and ambiguous in that it potentially calls for the identification of persons whose "involvement" was irrelevant to the claims or defenses of any party.

Subject to their specific and general objections, the BP Parties state as follows:

The following persons were members of the IIT:

Mark Bly

Tony Brock

Kent Corser

Steve Robinson

Fereidoun Abbassian

Dave Wall

Jim Cowie

Walter Guillot

Paul Hanson

Mike Payne

Graham MacNeillie

Norman Wong

Mark Worsley

Ted Judice

David Lansdell

James Wetherbee

Ray Fleming

Tony Emmerson

Phier Hoffer

Tim Allen

Vern Buzarde

Jijun Lin

Patrick Caldera

Forrest, Shanks

Per Holland

James McAdams

Rune Lien

Einar Mjelstad

Andy Garnett

Lei Zhou

Fikry Botros

Nikolaos Politis

George Shoup

Fred Forman

Ralph Linenberger

Margaret Buckley

Paul Dias

Gavin Starling

Hugh Elkins

Matt Lucas

Rex Anderson

Brian Martin

Kevin Fontenot

Warren Winters

Steve Renter

Torben Knudsen

Jim McKay

Allen Pere

Phillip Pattillo

John Wright

Ray Oskarsen

Morton Emilsen

Samuel DeFranco

Gilliam Cowlam

Tom Rodante

Cheryl Grounds

Kevin Szafron

Nihal Guler Qyadur

Ralph Eguren

Pat O'Connor

Michela Gentile

Farah Saidi

Jim O'Brien

Bronwyn Pagram

Wendy Goodman

Rodney Hossein

The following persons also participated in the IIT's investigation:

<u>CSI Laboratories</u>

Fred Sabins, and staff working under his direction.

<u>Interek Westport Laboratories</u>

Edmund Shtepani

Stephanie Heard

And staff working under their direction.

<u>Stress Engineering</u>

Kenneth Young

Atul Ganpatye

Kenneth Bhalla

Lixin Gong

Anrdreas Katsounas

Randy Long

And staff working under their direction.

<u>Technical Writers</u>

John Wiggin

Peggy Krohn

John Kane

Rhonda Cavender

Laurie Braaten

Dawn Magnan

Blake Matthews

Abigail Heller

Bill Gregory

Sarah Wilson

Elizabeth Brogan

John Parker

Daniel Parker

Christian Strain

David Tubbs

Wendi Broberg


Graphics and Animation

Jean-Claude Lega

Edward Lai

Jerry Falgout

Justin Evans

Stephanie Hillendahl

Rashtri Kissoon


Legal Support

James Lucari

Mike Nash

Becky Raftery

Michael Daneker

Matthew Douglas

Barbara Thorn

Kimberly Teweleit

Theresa Denson

Eloise Blackman


Information Technology

Lynette Lukenbaugh

Cassandra Thomas

Angela Barnickle

Donna Loffman

Karen Murray

David Korkmas

Krissy Longwood

Pradeep Kalliat

Michael Wedell

Debra Hurst

Emily Whitwell

Oronde Creal

Nikola Sumarev

Administrative Support

Donna Simoneaux

Diane Barton

The following persons participated in or were involved with the selection, appointment, or assignment of the IIT:  The President of BP Exploration & Production Inc. requested that Mark Bly, Group Head of Safety & Operation lead the IIT.   Former BP p.l.c. CEO Tony Hayward was also involved in the selection of Mark Bly to lead the investigation.   Mr. Bly requested the assistance of Tony Brock, Steve Robinson, Kent Corser, Dave Wall, Graham MacNeillie, and Fereidoun Abbassian to lead particular segments of the investigation.   Messrs. Bly, Brock, Robinson, Corser, Wall, MacNeillie, and Abbassian were involved with the selection, appointment, or assignment of the IIT.   Further pursuant to the established terms of reference, James Lucari was assigned to provide legal advice and counsel to Mr. Bly in his role as IIT lead.  Mr. Lucari, and other legal professionals working with Mr. Lucari, assisted Messrs Bly, Brock, Robinson, Corser, Wall, MacNeillie, and Abbassian in the process of retaining those members of the IIT who were not BP employees.

The following persons participated in or were involved with the selection, appointment, or assignment of other persons to the IIT:   James Lucari was involved with the selection, appointment or assignment of legal staff; Bronwyn Pagram was involved with the selection, appointment, or assignment of technical writers, graphics and animation assistance, and

59

information technology assistance; and Barbara Thorn was involved with the selection, appointment, or assignment of certain information technology assistance.

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.


**REQUEST FOR PRODUCTION NO. 33:**

Please produce any documents or communications relating to the selection, appointment, or assignment of (a) the Investigation Team referenced in the report released by BP, dated September 8, 2010; or (b) any person who participated in the investigation referenced in the report released by BP, dated September 8, 2010; or (c) any person who participated in drafting, editing, or reviewing the report released by BP, dated September 8, 2010, or any part thereof, before the report was released.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

The BP Parties object to this request on the grounds that plaintiffs' use of the terms "participated" and "reviewed" are undefined, vague, and ambiguous in that they potentially call for the production of documents irrelevant to the claims or defenses of any party.

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for documents reflecting the selection, appointment, or assignment of IIT members and the contractors or vendors that assisted the IIT, and will produce responsive documents identified as a result of that search.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

duplicative of Requests for Production Nos. 30 and 33.  Additionally, the BP Parties object to the extent that this request calls for the production of privileged communications.

Subject to their specific and general objections, the BP Parties refer plaintiffs to their response to Requests for Production Nos. 30 and 33, and the non-privileged materials the BP Parties have agreed to produce in response to those requests.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.


**INTERROGATORY NO. 17:**

Please identify any person that was interviewed or contacted as part of the investigation referenced in the report released by BP, dated September 8, 2010.

**RESPONSE TO INTERROGATORY NO. 17:**

The BP Parties object to this interrogatory on the grounds that the plaintiffs' use of the term "contacted" is undefined, vague, and ambiguous and seeks information not relevant to the claims or defenses of any party.

Subject to their specific and general objections, the BP Parties state as follows:  The IIT lead by Mark Bly, Group Head of Safety & Operation, interviewed the following persons:

> Shane Albers
>
> Brandon Boullion
>
> Mike Byrd
>
> Brett Cocales
>
> Charles Credeur
>
> Erick Cunningham
>
> Tony Emmerson
>
> Paul Erickson

Jesse Gagliano

Ed Gaude

Anthony Gervasio

Stuart Gosch

Alexander John Guide

Mark Hafle

Christopher Haire

Robert Kaluza

Joseph Keith

Conward Lee Lambert

John LeBleu

Captain Alwin Landry

Earl Lee

Leo Linder

Dave McWhorter

Greg Meche

Brian Morel

Pat O'Bryan

John Quebodeaux

Murry Sepulvado

Ronnie Sepulvado

David Sims

Ross Skidmore

Robert Splawn

Jon Sprague

Vincent Tabler

Henry ("Harry") Thierens

Brad Tippetts

Paul Tooms

Don Vidrine

Gregory Walz

Cathleenia Willis

James "Nick" Wilson

Mark Worsley

==The following persons== were contacted as part of the investigation referenced in the

September 8, 2010 Report:

Allamon Tools

Jerry Allamon

Vernon Godwin

Baker Risk Engineering

J. K. Thomas

==BP==

Marshall Maestri, Esq.

Stanley Lane, Esq.

Scott Sigurdson

Paul Tooms

Mike Byrd

Charlie Holt

Al Crane

Mike Zanghi

Henry ("Harry") Thierens

Barbara Yilmaz

John Hughes

Jonathan Sprague

Dave Brooks

John Bednar

David Patillo

Andy Frazelle

Bill O'Donnell

67

Robert Sanders

Terry Miglicco

Perry Hill

Bill Broman

Dirk Smit

Paul Sullivan

Harold Reeves


Cameron

Brad Eastman, Esq.

David McWhorter


Beck, Redden & Secrest, LLP

David Jones, Esq.


Dril-Quip

Lyndon Rosenberg, Esq.

Gary Hurda

Greg Williams


Smyser Kaplan &Veselka, LLP

Lee Kaplan, Esq.


Halliburton/Sperry Sun

James Ferguson, Esq.

Kelley Green, Esq.

Stephanie Bragg, Esq.


Tenaris-Hydril

David Wrobel, Esq.

Jon Barton

MI Swaco

James Webster, Esq.


National Oilwell Varco

Dwight Rettig, Esq.


Oceaneering International Inc.

Jennifer Welshons, Esq.

Tony Butler


Stress Engineering

Angela Dunlap, Esq.

Randy Long

Teri Shackleford

Andreas Katsounas


Transocean

William Ambrose, Esq.


Sutherland, Asbill & Brennan, LLP

Steven Sparling, Esq.


Weatherford

Brent Lirette

Jim Hollingsworth

John Hebert

Mike Hayes


Jones Walker

Michael G. Lemoine, Esq.

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce any documents or communications relating to any written or recorded statements taken in connection with the investigation referenced in the report released by BP, dated September 8, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

The BP Parties object to this request on the grounds that plaintiffs' use of the terms "relating to" and "statements" is vague, undefined, and overbroad.

The BP Parties are not aware of any written statements given or recorded in connection with the work of the IIT.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce any documents relating to any persons that were interviewed or contacted as part of the investigation referenced in the report released by BP, dated September 8, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

The BP Parties object to this request on the grounds that plaintiffs' use of the terms "relating to" and "contacted" is vague, undefined, and overbroad.

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for the interview notes taken by the IIT members for the

interviewees identified in the BP Parties' response to Interrogatory No. 14, and will produce responsive documents identified as a result of that search.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.


**INTERROGATORY NO. 18:**

Please identify any person that supports, refutes, or has any knowledge or information concerning the following statements in the report released by BP, dated September 8, 2010:

(a)     "The annulus cement barrier did not isolate the hydrocarbons;"

(b)     "The shoe track barriers did not isolate the hydrocarbons;"

(c)     "The negative-pressure test was accepted although well integrity had not been established;"

(d)     "Influx was not recognized until hydrocarbons were in the riser;"

(e)     "Well control response actions failed to regain control of the well;"

(f)     "Diversion to the mud gas separator resulted in gas venting onto the rig;

(g)     "The fire and gas system did not prevent hydrocarbon ignition;" and

(h)     "The BOP emergency mode did not seal the well."

**RESPONSE TO INTERROGATORY NO. 18:**

The BP Parties object to this interrogatory on the grounds that it is unduly burdensome in that it asks the BP Parties to identify every person who agrees with, disagrees with, or has any

71

information whatsoever concerning the statements identified above, regardless of whether those persons are the authors of such statements, were aware of such statements before the September 8, 2010 Report was released, or were even consulted by the IIT prior to drafting the September 8, 2010 Report.

Subject to their specific and general objections, the BP Parties identify the following persons as primarily responsible for the presentation of the information reflected in the sections of the September 8, 2010 Report that contain the statements listed:

Mark Bly and Tony Brock with regard to the statements set forth in (a) through (h) below.

(a)  "The annulus cement barrier did not isolate the hydrocarbons":

Kent Corser

Warren Winters

Steve Renter

Torben Knudsen

Jim McKay

Allen Pere

Phillip Pattillo

John Wright

Ray Oskarsen

Morton Emilsen

Fred Sabins

(b)  "The shoe track barriers did not isolate the hydrocarbons":  The persons identified in subpart (a) above and Stress Engineering, Inc. may also have knowledge or information concerning this statement.

(c) "The negative-pressure test was accepted although well integrity had not been established":

Steve Robinson

Jim Cowie

Walter Guillot

Paul Hanson

Mike Payne

In addition, Intertek Laboratories may have knowledge or information concerning this statement.

(d) "Influx was not recognized until hydrocarbons were in the riser":  The persons identified in subpart (c) above.

(e)  "Well control response actions failed to regain control of the well":  The persons identified in subpart (c) above.

(f)  "Diversion to the mud gas separator resulted in gas venting onto the rig":

Dave Wall

Samuel DeFranco

Gilliam Cowlam

Tom Rodante

Cheryl Grounds

Kevin Szafron

Nihal Guler Qyadur

Ralph Eguren

Pat O'Connor

Michela Gentile

Farah Saidi

In addition, Baker Risk Engineering, Inc. may have knowledge or information concerning this statement.

(g)  "The fire and gas system did not prevent hydrocarbon ignition":  The persons or entities identified in subpart (f).

73

(h)  "The BOP emergency mode did not seal the well":

Fereidoun Abbassian

Graham MacNeillie

Norman Wong

Mark Worsley

Ted Judice

David Lansdell

James Wetherbee

Ray Fleming

Tony Emmerson

Phier Hoffer

Tim Allen

Vern Buzarde

Jijun Lin

Patrick Caldera

Forrest, Shanks

Per Holland

James McAdams

Rune Lien

Einar Mjelstad

Andy Garnett

Lei Zhou

Fikry Botros

Nikolaos Politis

George Shoup

Fred Forman

Ralph Linenberger

Margaret Buckley

Paul Dias

Gavin Starling

Hugh Elkins

In addition, the persons interviewed by the IIT as set forth in the BP Parties' response to Interrogatory No. 17 may have knowledge or information concerning these statements.

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce any documents that support or refute the following statements in the report released by BP, dated September 8, 2010:

(a)     "The annulus cement barrier did not isolate the hydrocarbons;"

(b)     "The shoe track barriers did not isolate the hydrocarbons;"

(c)     "The negative-pressure test was accepted although well integrity had not been established;"

(d)     "Influx was not recognized until hydrocarbons were in the riser;"

(e)     "Well control response actions failed to regain control of the well;"

(f)     "Diversion to the mud gas separator resulted in gas venting onto the rig;

(g)     "The fire and gas system did not prevent hydrocarbon ignition;" and

(h)     "The BOP emergency mode did not seal the well."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

The BP Parties object to this request on the grounds that it is unreasonable and unduly burdensome to ask the BP Parties to search for and determine which documents support and

**INTERROGATORY NO. 19:**

Please identify any person known to you who have conducted a surface or subsurface inspection of the Macondo Well, the Deepwater Horizon, or any component of the Macondo Well or Deepwater Horizon, including the blowout preventer, riser, or any other drilling equipment that were made, conducted, or done after April 20, 2010.

**RESPONSE TO INTERROGATORY NO. 19:**

The BP Parties object to this Interrogatory because the terms "inspection" and "other drilling equipment" is vague, ambiguous, and undefined.  The BP Parties interpret the term "inspection" not to include those individuals who viewed the ROV feeds or handled equipment in the course of their normal response work, as well as those individuals who received or transported items to NASA Michoud or other storage locations in their transportation or equipment handling-related duties.  The BP Parties further object to the extent that this interrogatory calls for the disclosure of experts.  The BP Parties will disclose their experts in accordance with the schedule established by the Court and in the manner proscribed by the Federal Rules of Civil Procedure.  The BP Parties also object to this interrogatory on the grounds that it seeks information relating to additional evaluations and inquiries undertaken at the direction of counsel, which are therefore privileged and protected from discovery.

Subject to their specific and general objections, the BP Parties identify the following persons who were present at and may have participated in an inspection of the equipment used to drill the Macondo Well:

May 2010 Retrieval and Inspection of the Yellow Control Pod.  The BP Parties do not have a complete list of people who attended, but believe that the following people were among those present:

Carter Erwin (Cameron)

William LeNormand (Cameron)

Efrain Martinez (Cameron)

Eloy Martinez (Cameron)

Ryan Rahimzadchbates (Cameron)

Larry Silvia (Cameron)

Ray Picard (Transocean)

Tim Williams (Transocean)

Matthew Akins (BP)

Chrystal Bodenhamer (BP)

Bill Miller (BP)

Randy Skidmore (BP)

In addition, the BP Parties are aware that personnel from the MMS/BOEMRE and the U.S. Coast Guard were present during the inspection, but do not presently know the names of such individuals.

July 2010 Retrieval and Inspection of the Blue Control Pod.  The BP Parties do not have a complete list of people who attended, but believe that the following people were among those present:

Ray Picard (Transocean)

Tim Williams (Transocean)

William LeNormand (Cameron)

David Lansdel (BP)

Gavin Starling (BP)

Kinked Riser Inspection.  The BP Parties do not have a complete list of people who attended, but believe that the following people were among those present:

Jerry Von Sternbeg (Halliburton)

C.J. Hebert (Transocean)

Steve Howard (Anadarko/Moex)

Deb Kuchler (Anadarko/Moex)

Kenneth Givens (M-I Swaco)

Don Becker (Cameron)

Thomas Ganuchecheau (Cameron)

Phillip Wittmann (Cameron)

Robert McLellan (USCG)

Mark Childers (BP)

Doug Dopjera (BP)

Danny Keck (BP)

John Nyholt (BP)

Pat Veith (BP)

Steven Shademan (BP)

In addition, the BP Parties believe that personnel from Global X-ray and GE Inspection Technologies may also have been involved, but do not presently know the names of such individuals.

August 2010 BOP Retrieval.  The BP Parties do not have a complete list of people who attended, but believe that the following people were among those present:

David Dykes (BOEMRE)

Randy Josey (BOEMRE)

Johnny Serrette (BOEMRE)

Clyde Akers (Baker Oil Tools)

Jim Ryan (Baker Oil Tools)

Timothy Allen (BP)

Bobby Bolton (BP)

Tony Emmerson (BP)

Earl Lee (BP)

Ralph Linenberger (BP)

Bill Brown (BP)

Rob Fontaine (BP)

Rodney LaRue (BP)

Earl Lee (BP)

Marvin Morrison (BP)

Terry Sims (BP)

Ross Randy Skidmore (BP)

George Tappin (BP)

George Walker (BP)

Mark Bertone (Cameron)

William Lenorman (Cameron)

Joseph Schubert (Cameron)

William Bogert (Canyon)

Jason Carson (Canyon)

Lloyd Dennis (Canyon)

Eric Johnson (Canyon)

Kenneth Madl (Canyon)

Graylin Murray (Canyon)

Branden Noah (Canyon)

Thomas O'Laughlin (Canyon)

David Rashad (Canyon)

Keith Stier (Canyon)

Richard Kittchner (CapRock)

Thomas Zoggas (CapRock)

Jake Duhon (Clover)

Dominique Daigle (Datacom)

Trevor Daigle (DataCom)

Jake Hufstetler (Deeptrend)

William Davis (DNV)

Edwin Groff (DNV)

Benjamin Terrien (DNV)

Laura Daley (DOI)

Rob Meekins (DOI)

David Williams (DOI)

William Pittman (EPS)

Bruce Beacon (Expro)

Michael Dietlein(Expro)

Cory Dupre (Expro)

Louis Schultz (Expro)

James Barrett (FBI)

John Dalide (FBI)

Mike Dalide (FBI)

Ronald Dunnivan (FBI)

Amy Ford (FBI)

Jeff Goings (FBI)

Stacey Kent (FBI)

James Manint (FBI)

Sidney Reed (FBI)

Stephen Soli (FBI)

Sandra Zulli (FBI)

Craig Becker (FMC)

Tellis Cannon (FMC)

Will Cathra (FMC)

Jason Fraser (FMC)

Joseph Hyde (FMC)

Ricardo Zavala (FMC)

Taylor Crabtree (Frank's Casing)

Clint Walker (Frank's Casing)

Matthew Paloian (Fugro Chance)

Simon Fernandes (Geoservices)

Juan Banda (GVMS)

Welester Melendez (GVMS)

Antonio Rangel (GVMS)

Jose Fuentes (GVMX)

Gin Mack (Hadco Service, Inc.)

Ron Morris (Hadco Service, Inc.)

Gomes Acosta (Helix)

Adrian Ardoin (Helix)

Dennis Bartenbach (Helix)

Quisia Battley (Helix)

Harlon Bennett (Helix)

Josh Birge (Helix)

Jamie Brown (Helix)

Steve Carson (Helix)

David Cobb (Helix)

Clint Coleman (Helix)

Chad Crenshaw (Helix)Jamie Curry (Helix)

Mike Danley (Helix)

Fidencio Daradal (Helix)

Juan David (Helix)

Melchor Dimusuay (Helix)

Mark Fales (Helix)

Lourdes Fernandez (Helix)

Alfredo Fuentes (Helix)

Chris Galan (Helix)

Chad Green (Helix)

Brandon Hamilton (Helix)

Ryan Happe (Helix)

Thomas Harvey (Helix)

Julian Hawkins (Helix)

Derrick Hensley (Helix)

Darin Hilton (Helix)

Reginald Hoffman (Helix)

Marty Hoven (Helix)

Jean Hugee (Helix)

Marty Hugee (Helix)

Tasmin James (Helix)

Ralph Jordan (Helix)

Collins Kwabena (Helix)

Donnie Landry (Helix)

James LaPeze (Helix)

Nathan Leighton (Helix)

Ryan Leighton (Helix)

David Lundy (Helix)

Shane Malone (Helix)

Mike Marchant (Helix)

Barola Marlowe (Helix)

Gary Miller (Helix)

Brenden Morrison (Helix)

Mark Murphy (Helix)

Phillip O'Campo (Helix)

David O'Neal (Helix)

Ted Ortiz (Helix)

Phil Parker (Helix)

Rodney Pierre-Antoine (Helix)

Gary Pleasant (Helix)

Jamie Poole (Helix)

Sidney Poole (Helix)

James Proctor (Helix)

Angelo Raimondi (Helix)

Ben Ringwelski (Helix)

Gregorio Rochez (Helix)

Robert Sampson (Helix)

Garbi Seadzi (Helix)

Jason Shirey (Helix)

Robert Sipes (Helix)

Wieslaw Sulewski (Helix)

Sam Taylor (Helix)

Jarron Thorne (Helix)

Jose Vasquez (Helix)

Marc Vasquez (Helix)

Tyrone Washington (Helix)

Ben Welch (Helix)

Matt Welch (Helix)

Ben Wolf (Helix)

Kalani Bell (Hydrochem)

Shaun Higgins (Hydrochem)

Shannon Murphy (Hydrochem)

Max Buteaux (Intermoor)

John Weinberg (Manatee)

Freddy Bazor (MER)

Steve Soileau (MI-Fluid Engineer)

Blaine Boudreaux (Oceaneering)

Kurt Bucheger (Oceaneering)

Aron Capps (Oceaneering)

Jeffrey Caudell (Oceaneering)

Alex Cavarruvias (Oceaneering)

Phil Flores (Oceaneering)

Randy Gourley (Oceaneering)

Douglas Hand (Oceaneering)

Travis Morrison (Oceaneering)

Jeremy Nichols (Oceaneering)

George Obregon (Oceaneering)

Russell Prince (Oceaneering)

Jon Russell (Oceaneering)

Michael Sarkies (Oceaneering)

Vaughn Span (Oceaneering)

Bob Stanford (Oceaneering)

Anh Van (Oceaneering)

Kenneth Yarbrough (Oceaneering)

Lynn Saucier (ORBIS)

Kye Duet (Schlumberger)

Daniel Budd (Schlumberger Dowell)

Al Ardoin (Schlumberger Well Test)

Paul Entwistle (Schlumberger Well Test)

Jim Metteauer (Schlumberger Well Test)

Sequoyah Ralston (Schlumberger Well Test)

Ryan Zvirzdinis (Schlumberger Well Test)

Todd Adams (Schlumberger Wire Line)

Thomas Burnnell (Schlumberger Wire Line)

Mark Golden (Schlumberger Wire Line)

John LeJeune (STS)

Tim Guiltner (Total Safety)

Ramiro Medrano (Total Safety)

Kevin Radford (Total Safety)

Gregory Tavernit (Total Safety)

Michael Allen (Transocean)

Scott Allen (Transocean)

Dustin Atwood (Transocean)

Carlos Ballard (Transocean)

Ervin Bares (Transocean)

Adam Barnes (Transocean)

Kenneth Belile (Transocean)

Otis Blackledge (Transocean)

Curtis Book (Transocean)

Patrick Bourque (Transocean)

Brandon Burns (Transocean)

Miguel Cano (Transocean)

Hugh Cherry (Transocean)

Richard Cheshier (Transocean)

Billy Cloer (Transocean)

Vernon Cole (Transocean)

Robert Connolly (Transocean)

Jeremy Cooley (Transocean)

Timothy Corbett (Transocean)

Adam Daughdrill (Transocean)

Timothy Daughtry (Transocean)

Robert Deaton (Transocean)

Bobby Dees (Transocean)

Chance Drake (Transocean)

Elmer Drinkard (Transocean)

Scott Duncan (Transocean)

Brent Edwards (Transocean)

Michael Eichman (Transocean)

Glenn Eschete (Transocean)

Ronald Farris (Transocean)

John Finley (Transocean)

Max Finley (Transocean)

Donald Finnie (Transocean)

Stephen Fletcher (Transocean)

Eric Ford (Transocean)

Daniel Friedrich (Transocean)

Lance Gardner (Transocean)

Adam Godwin (Transocean)

Christine Hafen (Transocean)

Michael Hailey (Transocean)

Paul Herrington (Transocean)

Jeff Holloway (Transocean)

Robert Holman (Transocean)

James Ingram (Transocean)

Aaron Ishcomer (Transocean)

Jacob Jeane (Transocean)

Thomas Kelley (Transocean)

Kevin Kelley (Transocean)

John Kosmeh (Transocean)

Steven Lachney (Transocean)

Leon Landreneau (Transocean)

Michael Landry (Transocean)

Andrew Leblanc (Transocean)

Richard Lee (Transocean)

Jonathan Lenters (Transocean)

Patrick Mallinger (Transocean)

Joshua Manasco (Transocean)

Grant Manthey (Transocean)

Jeremy Maricle (Transocean)

Robert McCormack (Transocean)

John McEvoy (Transocean)

Owen McWhorter (Transocean)

Brian Mizell (Transocean)

Jerry Mosley (Transocean)

Marcus Mosley (Transocean)

Robert Nalezinek (Transocean)

Sean Nichols (Transocean)

Phillip Nutter (Transocean)

Johnny Olivier (Transocean)

Jerry Parrett (Transocean)

Brian Penick (Transocean)

Robert Phillips (Transocean)

Chris Pleasant (Transocean)

Shannon Polk (Transocean)

Jerry Reynolds (Transocean)

Luther Rice (Transocean)

Don Sargent (Transocean)

James Sellers (Transocean)

Michael Sellers (Transocean)

James Shamblin (Transocean)

Justin Shaver (Transocean)

Jason Smith (Transocean)

Kenny Smith (Transocean)

William Smith (Transocean)

Michael Spencer (Transocean)

Dudley Steele (Transocean)

Larry Street (Transocean)

Aaron Taylor (Transocean)

Kaaren Temple (Transocean)

Ralph Thoede (Transocean)

Brian Thomas (Transocean)

Mack Tidwell (Transocean)

Ronald Trenum (Transocean)

Kenneth Venson (Transocean)

Frank Vicari (Transocean)

Justin Walls (Transocean)

Shannon Washington (Transocean)

Robert Weber (Transocean)

Ivy Gene West (Transocean)

Charlie Williams (Transocean)

Mike Herb (U.S. Navy)

Patrick Keenan (U.S. Navy)

John Sasse (U.S. Navy)

Patrick Cuty (USCG)

Brian Khey (USCG)

Lance Arceneaux (Weatherford)

Monte Winchester (Weatherford)

Lex Locklear (West Engineering)

Ben Ferguson (Worldwide Oilfield Machine)

Jacob Ulrick (Worldwide Oilfield Machine)

<u>November 2010 BOP Forensic Testing.</u> This testing is currently being carried out by Det Norske Veritas and is ongoing. The BP Parties do not have a complete list of people who have or will attend, but believe that the following people are among those who have been present to date:

Ralph Linenberger (BP)

Bruce Hyman (BP)

Jerry Von Sternberg (Halliburton)

Geoff Boughton (Transocean)

John Mangan (Cameron)

David McWhorton (Cameron)

David Jones (Cameron)

Randy Josey (BOEMRE)

Rory Davis (BOEMRE)

David Dykes (BOEMRE)

Red Corbett (DOJ)

Rory Davis (DOJ)

Pat Novak (DOJ)

Gordon Aaker (CSB)

Stan Christman (CSB)

Gary Gautreaux (CSB)

Dan Tillema (CSB)

Al Woelfel (MDL)

Randy Hamilton (DOI-OIG)

Billy Cochrane (USES)

Eric Dawkins (USES)

Alejandro Martinez (USES)

Michael Walker (USES)

Wallace Washington (USES)

Chris Binteliff (BPP Tech)

Minoo Patel (BPP Tech)

Jim Wilkinson (Plaintiffs)

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce any documents or communications relating to any surface or subsurface inspections of the Macondo Well, the Deepwater Horizon, or any component of the Macondo Well or Deepwater Horizon, including the blowout preventer, riser, or any other drilling equipment that were made, conducted, or done after April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

The BP Parties object to this request because the terms "inspection" and "other drilling equipment" are vague, ambiguous, and undefined

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for documents relating to inspections of the Macondo Well, the *Deepwater Horizon*, and/or the components of the *Deepwater Horizon*, conducted after April 20, 2010. The BP Parties further refer plaintiffs to documents relating to inspections of the Macondo Well, the *Deepwater Horizon*, and/or the components of the *Deepwater Horizon*, conducted after April 20, 2010, previously produced to plaintiffs in response to Request for Production No. 1 in Plaintiffs' Omnibus Discovery Requests on All Defendants, Bates-stamped BP-HZN-MBI00168328 through BP-HZN-MBI00170494; BP-HZN-MBI00172395 through BP-HZN-MBI00173261; BP-HZN-MBI00192562 through BP-HZN-MBI00192626; BP-HZN-BLY00060193 through BP-HZN-BLY00060200; and BP-HZN-BLY00060675 through BP-HZN-BLY00060682.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**REQUEST FOR PRODUCTION NO. 58:**

Please produce any witness statements taken by any person regarding the operations or activities of the Deepwater Horizon for the relevant time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Subject to their specific and general objections, the BP Parties refer plaintiffs to their response to Request for Production No. 31.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**INTERROGATORY NO. 22:**

Please state whether any worker on an oil or gas rig operated by you has ever called for a work stoppage or refused to work for any reason, including unsafe conditions or safety reasons. If so, please identify the worker, dates, locations, and outcome of the work stoppage request.

**RESPONSE TO INTERROGATORY NO. 22:**

The BP Parties object to this interrogatory on the grounds that the plaintiffs' use of the phrases "oil or gas rig" and "refused to work for any reason" is vague, ambiguous and undefined. The BP Parties further object to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information relating to its operations outside the Gulf of Mexico.

Subject to their specific and general objections, the BP Parties respond to this interrogatory as follows:  The Gulf of Mexico SPU holds its employees, including employees on

offshore oil drilling rigs, accountable for performing their work in accordance with defined operating procedures and practices and regulations.  Such procedures include the obligation to call for a work stoppage in the event of certain unsafe conditions.  In accordance with these long-standing procedures and practices, BP employees on offshore oil drilling rigs in the Gulf of Mexico have in many instances called for work stoppages for a variety of different reasons.  Although requests to stop work can in many cases be informal, and may or may not be recorded in any way, in other cases "stop the job" issues are discussed at safety meetings, recognizing individuals for taking the time to stop unsafe work.  In some cases, such "stop the job" issues are recorded in the notes of these safety meetings.  Minutes of these meetings are maintained by the owner of the offshore drilling rig.  Because BP leases its mobile offshore drilling rigs in the Gulf of Mexico, these meeting minutes are generally in the possession, custody or control of the rig owner, not the BP Parties.  Accordingly, the BP Parties are not in position to provide further detail in response to this interrogatory, but direct plaintiffs to the rig owners for further information.

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce any documents or communications relating to the information provided in your response to Interrogatory No. 22.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Subject to their specific and general objections, the BP Parties refer plaintiffs to their response to Interrogatory No. 22.

this litigation, such as the Transocean Defendants, the owner and operator of the *Deepwater Horizon* and *Transocean Marianas* or Halliburton, the company retained to provide mud-logging data and information for the Macondo Well.

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for reports generated on the rig or describing rig activities, such as the daily drilling reports, the Measurement While Drilling ("MWD") and Logging While Drilling ("LWD") data, the Sperry-Sun Daily Operations Report, and the MI-Swaco Synthetic-Based Mud Reports, drilling plans and amendments, basis of design materials, Sperry-Sun Insite mud-logging data, applications for permits, permits, as well as communications related to the design and drilling of the Macondo Well and will conduct a reasonable search of non-privileged documents for logs, tests, charts or diagrams, and will produce responsive documents identified as a result of that search.

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for copies of contracts for the construction of the Macondo Well that contain penalty provisions in the event of work delays, and will produce responsive documents identified as a result of that search.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**INTERROGATORY NO. 25:**

Please identify any person who was involved in any discussion, plan, or meeting regarding the procedures which would be used to seal the Macondo Well.

**RESPONSE TO INTERROGATORY NO. 25:**

The BP Parties object to this interrogatory on the grounds that that it is overbroad and unduly burdensome in that it could be read to seek the identification of thousands individuals that participated in the effort to seal the Macondo Well following the April 20, 2010 incident. The BP Parties also object that this is vague and ambiguous.  The BP Parties understand this interrogatory to be referring to "sealing" the well after April 20, 2010.

Subject to their specific and general objections, the BP Parties identify the following persons whose responsibilities included considerations of procedures to be used to seal the Macondo Well following the April 20, 2010 incident:

Bryan Domangue (MMS/BOEMRE)

Lars Herbst (MMS/BOEMRE)

Russell Hoshman (MMS/BOEMRE)

Christy Lan (MMS/BOEMRE)

Stephen Martinez (MMS/BOEMRE)

Michel Saucier (MMS/BOEMRE)

Guy Thibodeaux (MMS/BOEMRE)

David Trocquet (MMS/BOEMRE)

Troy Trosclair (MMS/BOEMRE)

Admiral Thad Allen (U.S. Coast Guard)

Rear Admiral Kevin Cook (U.S. Coast Guard)

Dan Cost (U.S. Coast Guard)

Charles Dudek (U.S. Coast Guard)

Captain Peter W. Gautier (U.S. Coast Guard)

Rear Admiral Mary Landry (U.S. Coast Guard)

Kurt Linegar (U.S. Coast Guard)

Captain Patrick Little (U.S. Coast Guard)

Rear Admiral Peter V. Neffenger (U.S. Coast Guard)

Lt. Cmdr. Michael Odom (U.S. Coast Guard)

Darin Qualkebush (U.S. Coast Guard)

Lt. Cmdr. Rick Brannon (U.S. Coast Guard)

Mark Shepard (U.S. Coast Guard)

Secretary Ken Salazar (Dept. of Interior)

David Hayes (Dept. of Interior)

Marcia McNutt (U.S. Geological Survey)

Secretary Stephen Chu (Dept. of Energy)

George A. Cooper (UC Berkeley, ret.)

Richard Lawrence Garwin (IBM Fellow emeritus)

Jonathan Katz (Washington University)

Alexander Slocum (MIT)

Joel M. Bowers (Lawrence Livermore National Laboratory)

Diane J. Chinn (Lawrence Livermore National Laboratory)

John M. Dzenitis (Lawrence Livermore National Laboratory)

Bob Ferencz (Lawrence Livermore National Laboratory)

Joseph Galkowski (Lawrence Livermore National Laboratory)

Mark Havstad (Lawrence Livermore National Laboratory)

Wayne Miller (Lawrence Livermore National Laboratory)

Scott A. Perfect (Lawrence Livermore National Laboratory)

Rob Sharpe (Lawrence Livermore National Laboratory)

Derek Wapman (Lawrence Livermore National Laboratory)

Bruce Warner (Lawrence Livermore National Laboratory)

Bob Yamamoto (Lawrence Livermore National Laboratory)

Curtt Ammerman (Los Alamos National Laboratory)

Christina B. Behr-Andres (Los Alamos National Laboratory)

Steven Black (Los Alamos National Laboratory)

Nathan K. Bultman (Los Alamos National Laboratory)

Mike Burns (Los Alamos National Laboratory)

Steven P. Girrens (Los Alamos National Laboratory)

Ray M. Guffee (Los Alamos National Laboratory)

Drew E.Kornreich (Los Alamos National Laboratory)

Donald O'Sullivan (Los Alamos National Laboratory)

Brett S. Okhuysen (Los Alamos National Laboratory)

William S. Jr. Rees (Los Alamos National Laboratory)

James Rae Jr. Sims (Los Alamos National Laboratory)

Jack Bullman (NASA)

Doug Blankenship (Sandia National Laboratory)

Thomas C. Bickel (Sandia National Laboratory)

David Borns (Sandia National Laboratory)

Amy Bowen (Sandia National Laboratory)

Anne K. Chavez (Sandia National Laboratory)

Ronald C.Dykhuizen (Sandia National Laboratory)

Rusty Escapule (Sandia National Laboratory)

Shannon Guess (Sandia National Laboratory)

Basil Hassem (Sandia National Laboratory)

Tom Hunter (Sandia National Laboratory)

Kathleen T. Hurst (Sandia National Laboratory)

Charles Morrow (Sandia National Laboratory)

Arthur C. Ratzel (Sandia National Laboratory)

Ray Shaum (Sandia National Laboratory)

Majorie Tatro (Sandia National Laboratory)

Sheldon, R. Tieszen (Sandia National Laboratory)

Ben Wu (Sandia National Laboratory)

Gordon Birrell (BP)

David Clarkson (BP)

Neil Crammond (BP)

James Dupree (BP)

Andy Inglis (BP)

Kevin Kennelley (BP)

Bernard Looney (BP)

Richard Lynch (BP)

Mark Mazzella (BP)

Pat O'Bryan (BP)

Mark Patteson (BP)

Neil Shaw (BP)

Doug Suttles (BP)

Henry ("Harry") Thierens (BP)

Paul Tooms (BP)

Kent Wells (BP)

The BP Parties further state the burden of deriving or ascertaining additional persons involved in the procedures to seal the Macondo Well is substantially the same for plaintiffs as it is for the BP Parties, and therefore the BP Parties refer plaintiffs to the Incident Command Form 207 (Organization Chart) documents and other response-related organizational charts in accordance with Federal Rule of Civil Procedure 33(d).

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**REQUEST FOR PRODUCTION NO. 74:**

Please produce any documents or communications relating to any plan or procedures to implement if control of the Macondo Well was lost.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

The BP Parties object to this request on the grounds that it is unreasonable and unduly burdensome to the extent it can be read to request documents that were generated after the Incident.

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for plans or procedures existing prior to April 20, 2010 to

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

The BP Parties object to this request on the grounds that plaintiffs' use of the terms "effectiveness of utilization," "studies," and "offshore drilling operations" is vague, ambiguous, and undefined, and that it is unreasonable and unduly burdensome in that it seeks documents likely more readily available from other parties in this litigation, such as Halliburton, the company retained to provide cementing services for the Macondo Well.

Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for documents relating to the use of centralizers in high pressure, high temperature deepwater wells, and will produce responsive documents identified as a result of that search.

To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**INTERROGATORY NO. 28:**

Please identify each person that participated or should have participated in any cementing operation for any casing of the Macondo Well, including all persons that participated in the actual cementing process and all persons that participated or should have participated in the approval process for the cementing of the Macondo Well.

**RESPONSE TO INTERROGATORY NO. 28:**

The BP Parties object to this interrogatory because the phrases "participated or should have participated," "the actual cementing process," and "approval process for the cementing" is vague, ambiguous, and undefined.  The BP Parties object to the extent this interrogatory seeks information not relevant to the claims or relating to the cementing operations of the production interval of the Macondo Well.

Subject to their specific and general objections, the BP Parties state as follows:  The BP Parties identify the following employees of the entities specified who were involved in operations relating to cementing on the production casing of the Macondo Well:

| NAME | JOB TITLE |
|---|---|
| Brett Cocales | Drilling Engineer |
| Erick Cunningham | Cementing Specialist |
| Sarah Dobbs | Senior Completions Engineer |
| Alexander John Guide | Wells Team Leader |
| Mark Hafle | Sr. Drilling Engineer |
| Timothy Hopper | Completions Engineer |
| Brian Morel | Drilling Engineer |
| Francisco Pineda | Senior Completions Engineer |
| David Sims | Wells Operations Manager |
| Jonathan Sprague | Drilling Engineering Manager |
| Donald Vidrine | Well Site Leader |
| Gregory Walz | Drilling Engineer Team Leader |

The BP Parties further state that Halliburton was the contractor responsible for performing the cementing on the production interval of the Macondo Well.  On information and belief, the BP Parties state that the following Halliburton and other third-party personnel were involved in the cementing process for the production interval of the Macondo Well:

| NAME | COMPANY | JOB TITLE |
|---|---|---|
| Christopher Haire | Halliburton | Cementer |
| Vincent Tabler | Halliburton | Cementer |
| Jesse Gagliano | Halliburton | Account Representative for MC 252 |
| Wayne Courville | Halliburton | Lead Technician Prof. Well Design |

| Quang Nguyen | Halliburton | Engineer |
| Georgia Brogdon | Halliburton | Senior Account Representative |
| Greg Navarette | Halliburton | Field Engineer |
| Jack Abate | Halliburton | Nitrogen Supervisor |
| Elmo Spruel | Halliburton | Nitrogen Supervisor |
| Gary Paul Anderson | Halliburton | Service Supervisor III Foam Team Leader |
| Nathaniel Chaisson | Halliburton | Cement Engineer |
| Anthony Cupit | Halliburton | Cementer |
| Joseph Keith | Sperry-Sun Drilling | Surface Data Logger |
| Cathleenia M. Willis | Sperry-Sun Drilling | Surface Data Logger |
| Kelly Gray | Sperry-Sun Drilling | Insite Specialist |
| Gary Jude Adams | Schlumberger | WirelineServices |
| Roy A. Hotard | Schlumberger | Wireline Services |
| Bruce Weber | Schlumberger | Wireline Services |

To the extent plaintiffs' interrogatory seeks additional information, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

**INTERROGATORY NO. 29:**

Please describe in detail the cementing process for the Macondo Well. Your answer should include a description of the approval process, if any, that was actually performed for any cementing job performed at or on the Macondo Well, along with any policies, procedures, or steps, approved or otherwise, that were required to be followed as part of the cementing process.

**RESPONSE TO INTERROGATORY NO. 29:**

Subject to their specific and general objections, the BP Parties state as follows concerning the cementing of the production interval at the Macondo Well on April 19, 2010 and April 20, 2010: