# Exhibit 54



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions …………………………………………………... | : : : | JUDGE BARBIER MAGISTRATE SHUSHAN |

## THE BP PARTIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

Defendants BP America Inc. ("BPA"), BP America Production Company ("BPAP"), and BP Exploration & Production Inc. ("BPXP") (collectively, "the BP Parties"), by their undersigned Counsel, and, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, hereby submit the following responses and objections to plaintiffs' Interrogatories, Requests for Production, and Requests for Admission.

### SPECIFIC RESPONSES AND OBJECTIONS

The BP Parties respond as follows to plaintiffs' specific interrogatories, requests for production, and requests for admission, subject to and without waiving their general objections, each and every one of which are specifically incorporated into each individual response below.[1]

**INTERROGATORY NO. 1:**

Please describe in detail the general chain of command and organizational structure for the Deepwater Horizon during the relevant time period, beginning with the lowest ranking person aboard the rig, up to and through the highest ranking person on-shore.

---

[1] The BP Parties' general objections are set forth at pages 370-382.

(kk)    Plaintiffs' definitions of "relating," "referring," regarding," "concerning," computer," and "with respect to," is vague and overbroad; they render these and innumerable other words void of any independent meaning.  The BP Parties will read and respond to plaintiffs' requests with the understanding that these terms have their plain and ordinary meaning in standard English usage.

(ll, mm, nn)    Plaintiffs' definition of "identify" is overbroad; it includes a request for detailed information far beyond whatever may be reasonably necessary to distinguish one individual, one document, or any ESI, from any other.  It is also improper in that it would inject an additional six (for persons) or eight (for documents) or three for (ESI) interrogatories into each identified person or document in any interrogatory response, thereby exceeding the limitations imposed upon discovery under the Federal Rules of Civil Procedure and the Court's Pretrial Order #11 dated October 19, 2010, which limits plaintiffs to propounding 50 interrogatories to any defendant.  The BP Parties will read and respond to plaintiffs' requests with the understanding that the term "identify" means, in the context of an individual, an individual's name, and where the context reasonably requires, his or her employer and title, and in the context of a document or ESI, a Bates number or other available information necessary to isolate the document or ESI.

(oo)    Plaintiffs' definitions of "and" and "or" is vague, overbroad, and confusing; they render the words equivalent and therefore deprive them of independent meaning and inconsistent with standard English usage.  The BP Parties will read and respond to plaintiffs' requests with the understanding that the term "and" means and, and the term "or" means or.

(pp)    Plaintiffs' definition of "any" is vague, overbroad, and confusing; it renders the word unnecessarily ambiguous and necessarily converts many of plaintiffs' requests