# EXHIBIT 1



CAUSE NO. 2011-23589

| | | |
|---|---|---|
| NYOKA CURTIS, AS NEXT FRIEND OF TREAVOR RAY CURTIS, A MINOR, AND NANCY CURTIS, IN HER CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHEN RAY CURTIS AND HIS BENEFICIARIES AND ON BEHALF TREAVOR RAY CURTIS, A MINOR | § § § § § § § § § | IN THE DISTRICT COURT |
| V. | § § | HARRIS COUNTY, TEXAS |
| BP EXPLORATION AND PRODUCTION, INC., BP, PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., AND HALLIBURTON ENERGY SERVICES, INC. | § § § § § | 129TH   JUDICIAL DISTRICT |



### PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION and REQUEST FOR DISCLOSURE

COME NOW, NYOKA CURTIS, AS NEXT FRIEND OF TREAVOR RAY CURTIS, A MINOR, AND NANCY CURTIS, IN HER CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHEN RAY CURTIS AND HIS BENEFICIARIES, AND ON BEHALF OF TREAVOR RAY CURTIS, A MINOR, Plaintiffs, and file this First Amended Original Petition complaining of BP EXPLORATION AND PRODUCTION, INC., BP, PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., AND HALLIBURTON ENERGY SERVICES, INC., hereinafter called Defendants, and for cause of action would show unto the Court the following:

I.

Pursuant to Rules 190.1 and 190.4 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs intend to conduct discovery under Level 3.

-1-

# EXHIBIT 1
Page 1 of 8

## II.

Defendant BP EXPLORATION AND PRODUCTION, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, C. T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

Defendant BP, PLC is a foreign corporation duly licensed to do business in the State of Texas and is doing business in the State.

Defendant BP AMERICA, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, C. T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

Defendant BP PRODUCTS NORTH AMERICA, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, Prentice Hall Corp. System, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

Defendant HALLIBURTON ENERGY SERVICES, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, C.T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

## III.

Venue in this case is proper in Harris County, Texas because Defendants, BP EXPLORATION AND PRODUCTION, INC. and HALLIBURTON ENERGY SERVICES, INC., have their principal places of business in Harris County, Texas.

Furthermore, venue is proper under the provisions of Section 15.005 because there are two or more parties joined as Defendants and this cause of action is a joint and indivisible cause. The causes of action arise out of the same transaction, occurrence, or series of transactions or occurrences.

# EXHIBIT 1

Page 2 of 8

The causes of action are so intimately connected as to justify the joinder of these Defendants in the suit and are so intimately connected that they need to be joined to avoid a multiplicity of suits.

Additionally, Plaintiffs specifically invoke their rights under Tex. Civ. Prac. & Rem. Code § 71.031, which is commonly known as the "open forum" provision, and choose to maintain this action in the state district courts of Texas.

IV.

Nancy Curtis does not bring this claim on behalf of herself, individually, or for the pre-death pain and suffering of Stephen Ray Curtis. She brings this claim solely for the benefit of Treavor Ray Curtis, a Minor, in her capacity as personal representative of the beneficiaries of Stephen Ray Curtis, and on behalf of Treavor Ray Curtis, a Minor.

Likewise, Nyoka Curtis does not being this claim on behalf of herself individually, or for the pre-death pain and suffering of Stephen Ray Curtis. Nancy Curtis, together with the natural mother, Nyoka Curtis, acting as Next Friend of Treavor Ray Curtis, a Minor, bring this claim for damages solely for the benefit of Treavor Ray Curtis, a Minor.

V.

It has become necessary to bring this suit by reason of the serious injury and death of Stephen Ray Curtis on or about April 20, 2010. At the time of the injury and subsequent death of Stephen Ray Curtis, he was aboard the MODU, *Deepwater Horizon*. Stephen Ray Curtis' injuries and resulting death occurred while he was working in the course and scope of his employment as a crew member of the MODU, *Deepwater Horizon*. This suit is, therefore, instituted under and controlled by the terms and provisions of Title 46, United States Code Annotated, Section 30104 and following, commonly referred to as the "Jones Act," incorporating the Federal Employers' Liability Act, and

general maritime law. Accordingly, Stephen Ray Curtis was a seaman employed by the operator of the *Deepwater Horizon* or BP Exploration and Production, Inc. Plaintiffs would show that nothing Stephen Ray Curtis, Deceased, did or failed to do on the occasion in question caused or in any way contributed to cause his injury and subsequent death. To the contrary, the occurrence in which Stephen Ray Curtis was injured and subsequently died was proximately caused by the negligence, as that term is understood in law, by Defendants, their agents, servants and employees, who were acting in the course and scope of their employment for the Defendants at all times material to this action.

VI.

The BP Defendants were negligent and grossly negligent in the following particulars:

1) failing to provide a safe place to work;

2) rushing the drilling operation to save money;

3) use of improper well control services;

4) utilizing improper material to control the pressure in the well;

5) failing to use the proper weight and type of drilling mud to control the pressure in the well and prevent a blowout and explosion;

6) continuing drilling operations once they knew or should have known that a blowout would occur;

7) failing to heed warnings from other contractors of the dangers involved with use of the well control materials that BP chose to use in the critical hours before the blowout;

8) misinterpreting the results of the negative pressure test;

9) participation in improper cement design, testing, quality assurance and risk assessment;

10) other acts of negligence.

-4-

# EXHIBIT 1
Page 4 of 8

The Halliburton Defendant was negligent and grossly negligent in the following particulars:

1) failing to design an appropriate cement plan for the well;

2) failing to properly execute and confirm a successful cement job;

3) failing to critically and properly assess problems with foam stability contamination and fluid loss potential prior to the job;

4) failing to fully test the cement slurry prior to execution of the job;

5) other acts of negligence.

## VII.

Defendants owed to Stephen Ray Curtis, Deceased, a duty to furnish him a safe place to work and a seaworthy vessel, and as applied to Stephen Ray Curtis, Deceased, Defendants failed in those respects and such unseaworthiness of MODU, *Deepwater Horizon*, caused and resulted in the death of Stephen Ray Curtis and damages sustained by Plaintiffs. These conditions were brought about and caused by Defendants. The conditions created by the negligent and grossly negligent conduct set forth in paragraph VI rendered the vessel unseaworthy, and those allegations are incorporated by reference herein as if set forth verbatim. The negligent and grossly negligent conduct of Defendants were not isolated acts and omissions, but were pervasive and repeated frequently during the drilling of the well and, as such, resulted in an improper method of operation. Plaintiffs allege further that Defendants engaged in improper and unreasonable dangerous methods of operation in drilling the well, and their conduct created conditions that rendered the MODU, *Deepwater Horizon*, unseaworthy and resulted in the injuries and subsequent death of Stephen Ray Curtis.

## VIII.

Plaintiffs would show that the above-described incident was proximately caused by the

# EXHIBIT 1
Page 5 of 8

aforementioned negligence and gross negligence of Defendants. Defendants breached their legal duties and such breach caused the death of Stephen Ray Curtis and damages to Plaintiffs.

Plaintiffs would show that Defendants were negligent through acts and omissions, jointly and severally, by and through agents, servants, and/or employees, acting in the course and scope of their respective employments, individually and/or collectively.

IX.

Treavor Ray Curtis, a Minor, is the surviving minor son of Stephen Ray Curtis, Deceased. By reason of negligence and gross negligence of the named Defendants, and the unseaworthiness of the MODU, *Deepwater Horizon*, the companionship, assistance, support, services, society, love, affection, solace and comfort which Stephen Ray Curtis, Deceased, would have made to his son, Treavor Ray Curtis, have been forever swept away. Treavor Ray Curtis' economic loss includes his dependence upon his father for all his economic needs, including food, lodging, education and health insurance. He has also lost the moral, physical and intellectual training provided by his father. He has lost his inheritance. All these losses were proximately caused by Defendants. These being elements recognized by law as being proper elements of damages, this suit is maintained for the recovery of the just and reasonable damages flowing to Plaintiffs by reason of the loss of these elements. Plaintiffs have suffered and will continue to suffer grief and mental anguish as a result of the death of Treavor Ray Curtis' father and will continue to suffer grief and mental anguish as a result of the death of his father. These being elements recognized by law as proper elements of damages, this suit is likewise maintained for the recovery of just and reasonable damages by reason of the loss of these elements because of the negligence and gross negligence of the Defendants and the unseaworthiness of the MODU, *Deepwater Horizon*.

**EXHIBIT 1**
Page 6 of 8

## X.

Plaintiffs incorporate by reference the allegations in paragraph VI and VII above as if set forth verbatim herein. These allegations demonstrate that Defendants acted with conscious disregard and indifference to the rights, welfare and safety of the men aboard the *Deepwater Horizon*, including Stephen Ray Curtis, Deceased. As a result, Plaintiffs are entitled to punitive damages in an amount to be assessed by the trier of fact.

## XI.

Plaintiffs would additionally say and show that they are entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of their damages herein and Plaintiffs here and now sue specifically for recovery of pre-judgment and post-judgment interest as provided by law.

## XII.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all Defendants are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a-l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, NYOKA CURTIS, AS NEXT FRIEND OF TREAVOR RAY CURTIS, A MINOR, AND NANCY CURTIS, IN HER CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHEN RAY CURTIS AND HIS BENEFICIARIES, AND ON BEHALF OF TREAVOR RAY CURTIS, A MINOR, pray that Defendants be cited to appear and answer herein, that upon final trial and hearing hereof Plaintiffs

-7-

# EXHIBIT 1



recover their damages in accordance with the evidence, that they recover costs of Court herein, that they recover interest to which they are entitled under law, and for such other and further relief, general and special, legal and equitable to which they may show themselves justly entitled.

Respectfully submitted,

STEVENSON & MURRAY

By: _____
JOHN W. STEVENSON, JR.
Texas Bar No. 19196050
Weslayan Tower, Suite 750
24 Greenway Plaza
Houston, Texas 77046-2416
(713) 622-3223
(713) 622-3224 (fax)

KELLY & TOWNSEND, LLC

By: */s/ Taylor Townsend*
TAYLOR TOWNSEND
Louisiana State Bar. No. 20021
137 Saint Dennis St.
Natchitoches, LA. 71457
(318) 352-2353
(318) 352-8918 (fax)

ATTORNEYS FOR PLAINTIFFS

-8-

**EXHIBIT 1**

Page 8 of 8