# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NYOKA CURTIS, AS NEXT FRIEND OF TREAVOR RAY CURTIS, a MINOR AND NANCY CURTIS, IN HER CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHEN RAY CURTIS AND HIS BENEFICIARIES AND ON BEHALF OF TREAVOR RAY CURTIS, A MINOR<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BP EXPLORATION & PRODUCTION INC., BP, PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., AND HALLIBURTON ENERGY SERVICES, INC.<br><br>　　　　　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:11-cv-2231 |

### AFFIDAVIT OF WYMAN W. WHEELER

THE STATE OF LOUISIANA　§
　　　　　　　　　　　　§
PARISH OF CONCORDIA　　§

　　　BEFORE ME, the undersigned authority, on this day did personally appear Wyman W. Wheeler, known to me to be the person executing this affidavit, and after being duly sworn upon his oath did depose and state as follows:

　　"1.　My name is Wyman W. Wheeler. I am over 18 years of age and fully competent to make this affidavit. These statements made in this affidavit are based upon my personal knowledge and are true and correct.

2. I was a member of the crew assigned to the *Deepwater Horizon* and was aboard that vessel on April 20, 2010. I was a member of the drilling crew. My job title was toolpusher.

3. During my time on the *Deepwater Horizon*, especially during the days and hours immediately preceding the explosion and fire that occurred on April 20, 2010, BP employees actually exercised control over the operation while I worked on and around the drill floor. I regularly carried out orders that were issued by BP.

4. BP exercised its control over the drilling operations through its company men. BP's company men were on the drill floor every day to watch operations and told the toolpushers and drillers exactly what they wanted done. In this connection, the company men would make frequent visits to the rig floor.

5. Consistent with BP's control over the work on the drill floor and the drilling operation, BP controlled the decisions, among other things, on the following:

    a. how much casing to run,
    b. how much cement to pump and the amount of mud to displace it with,
    c. how many centralizers to use (fewer than originally planned),
    d. where to displace drilling mud with seawater in order to perform negative tests,
    e. use of nitrogen cement job, and
    f. not to run cement bond log.

6. The work I was performing on the *Deepwater Horizon* was BP's work. We were drilling a well that was leased by BP so BP could generate revenue. My work was in furtherance of the accomplishment of BP's goal to develop the Macondo 252 well.

7. I acquiesced in the fact that BP exercised working control over me. I never complained about this fact, asked for a job transfer, quit, or took any other action to get out from under BP's control.

8. BP provided the place for performance of my job. I worked aboard the *Deepwater Horizon*, a vessel that BP chartered, and at the Macondo 252 well that BP leased.

9. Stephen Curtis was a member of the crew assigned to the Deepwater Horizon and was aboard the vessel on April 20, 2010. He was a member of the drilling crew. His job title was assistant driller. Stephen Curtis worked under the same conditions *vis-a-vis* BP as I did and as I have described in the preceding paragraphs of this affidavit.

Further, Affiant sayeth not.

*[Signature]*
Wyman W. Wheeler

SUBSCRIBED and SWORN TO before me, the undersigned authority, on this ___ day of July, 2011, to certify which witness my hand and official seal.

*[Signature]*
Notary Public in and for the State of Louisiana

Donna B Woodruff
Printed/Typed Name of Notary Public

My Commission Expires: _____