UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER |
| Applies to:  No. 10-2771, 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813, and All Cases | § § § § | MAG. JUDGE SHUSHAN |

### HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF BP'S MOTION TO STRIKE THE STATE OF ALABAMA'S JURY DEMAND

Halliburton Energy Services, Inc. ("HESI") files this memorandum in support of BP's Motion to Strike the State of Alabama's Jury Demand. Rec. Doc. 12345.

### INTRODUCTION

In its motion to strike, BP argues that the State of Alabama's claims under the Oil Pollution Act (OPA) do not carry any right to a jury trial for multiple, independent reasons. Rec. Doc. 12345. Without commenting on BP's substantive arguments, HESI agrees that the State of Alabama is not entitled to a jury trial for its OPA claims against BP and Transocean. Further, the State of Alabama is not entitled to a jury trial for its claims against HESI. Accordingly, the Court should grant BP's Motion to Strike the State of Alabama's Jury Demand.

### BACKGROUND

The State of Alabama filed its First Amended Complaint against all parties on April 7, 2011 in MDL No. 2179. Rec. Doc. 1887. About two years later, in April of 2013, Alabama filed individual complaints against HESI, BP, Anadarko/MOEX, and Transocean in the Middle District of Alabama. Alabama asserted general maritime law and Alabama state law claims

1

against all parties and claims under OPA against BP, Anadarko/MOEX, and Transocean.  Rec. Doc. 1887 at ¶¶ 94-368; Case No. 2:13-cv-02647-CJB-SS, Rec. Doc. 1 at ¶¶ 49-184 (HESI); Case No. 2:13-cv-02813-CJB-SS, Rec. Doc. 1 at ¶¶ 73-235 (BP); Case No. 2:13-cv-02645-CJB-SS, Rec. Doc. 1 at ¶¶ 70-164 (Anadarko/MOEX); Case No. 2:13-cv-02646-CJB-SS, Rec. Doc. 1 at ¶¶ 61-213 (Transocean).  In its First Amended Complaint against all parties, Alabama presented its general maritime law claims as "admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure."  Rec. Doc. 1887 at ¶ 33.  In doing so, Alabama specifically invoked admiralty jurisdiction pursuant to Article III, Section 2 of the United States Constitution and the Admiralty Extension Act, 46 U.S.C. § 30101.  *Id*.  Similarly, in its individual complaint against HESI, Alabama again invoked jurisdiction under Article III and the Admiralty Extension Act.  Case No. 2:13-cv-02647-CJB-SS, Rec. Doc. 1 at ¶ 12.

Alabama's complaints against HESI, BP, Anadarko/MOEX, and Transocean have all been transferred to the MDL.  Rec. Doc. 9822 (HESI, Transocean, Anadarko/MOEX); Rec. Doc. 9934 (BP).  On January 14, 2014, Magistrate Shushan entered a scheduling Order regarding briefing on Alabama's right to a jury trial for its OPA compensatory damages claims.  Rec. Doc. 12126.  BP filed its Motion to Strike Alabama's Jury Demand on February 14, 2014.  Rec. Doc. 12345.

## ARGUMENT AND AUTHORITIES

A.  **Alabama's only surviving claims against HESI are under general maritime law.**

The State of Alabama originally asserted claims under general maritime law and Alabama state law against HESI.  Rec. Doc. 1887 at ¶¶ 94-368; Case No. 2:13-cv-02647-CJB-

2

SS, Rec. Doc.1 at ¶¶ 49-184.  On November 14, 2011, the Court dismissed the state law claims.[1]  Rec. Doc. 4578.  Therefore, the Court has dismissed Alabama's state law claims against HESI, leaving only Alabama's general maritime law actions against HESI brought under the Court's admiralty jurisdiction.

B.  **Alabama is not entitled to a jury trial for its general maritime law claims against HESI.**

The Seventh Amendment to the United States Constitution confers a right to a jury trial in all cases arising in law where the amount in controversy exceeds twenty dollars.  *See* U.S. CONST. amend. VII.  The Seventh Amendment, however, applies only to suits "at common law."  *See* U.S. CONST. amend. VII.  The Supreme Court has long held that the term "common law" is meant in contradistinction to cases in admiralty or equity.  *Henson v. Odyssea Vessels, Inc., et al.*, No. 07-613, 2008 U.S. Dist. LEXIS 25221, at *5 (E.D. La. Feb. 25, 2008) (Barbier, J.).  The Seventh Amendment has thus been understood not to extend the right to a jury trial to cases in admiralty, which have historically been tried without juries.  *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20-21 (1963); *see also* Fed. R. Civ. P 38(e).  Therefore, a suit in admiralty does not carry with it the right to a jury trial.  *See Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011) (citing *Waring v. Clarke*, 46 U.S. 441, 460 (1847)).  The Fifth Circuit recognizes this long-standing principle.  *See Rachal v. Ingram Corp.*, 795 F.2d 1210, 1216 (5th Cir. 1986) (noting that "it is uncontested that admiralty jurisdiction gives no right to a jury trial").

Importantly, moreover, a party that elects to proceed under admiralty jurisdiction in accordance with Rule 9(h), as Alabama has here, has no basis to seek a jury trial.  *T.N.T. Marine*

---

[1] Although Alabama filed its individual complaint against HESI after the Court dismissed Alabama's state law claims asserted in its First Amended Complaint in the MDL proceeding, HESI understands that all parties agree that the Court's Order remains applicable to those subsequently-reasserted state law claims.

*Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 588 (5th Cir. 1983) ("the plaintiff elected to bring the suit under admiralty jurisdiction, and cannot now complain about his right to a jury."). Thus, Alabama is not entitled to a jury trial for its general maritime law claims against HESI.

## **CONCLUSION**

The Court should grant BP's Motion to Strike the State of Alabama's Jury Demand. Alabama is not entitled to a jury trial for its OPA claims against BP and Transocean, and it is not entitled to a jury trial for its general maritime law claims against HESI.

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

2366227 v2-24010/0002 PLEADINGS

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Memorandum in Support of BP's Motion to Strike the State of Alabama's Jury Demand has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 18th day of February 2014.

/s/ Donald E. Godwin
Donald E. Godwin