**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION "J" (1) |
| | JUDGE BARBIER |
| *This Document Relates to All Cases* | MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM OF TRANSOCEAN IN SUPPORT OF
BP'S MOTION TO STRIKE THE STATE OF ALABAMA'S
DEMAND FOR A JURY TRIAL**

**TABLE OF CONTENTS**

                                                                                                    **Page**

I.      INTRODUCTION..................................................................................................1

II.     BACKGROUND...................................................................................................1

III.    ARGUMENT.........................................................................................................3

        A.      Alabama Has Given up Any Right to a Jury Trial for Its OPA Claim ...................3

                1.      Alabama Advocated for a Bench Trial........................................................5

                2.      Alabama's Maritime Law Claims Are Intertwined with Its OPA
                        Claims..............................................................................................6

                3.      Alabama Did Not Preserve a Jury Trial Right for Its OPA
                        Damages Claim....................................................................................8

IV.     CONCLUSION.....................................................................................................9

**TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Bass v. Hoagland*,
   172 F.2d 205 (5th Cir. 1949) ...................................................................................4

*Casperone v. Landmark Oil & Gas Corp.*,
   819 F.2d 112 (5th Cir. 1987) ...................................................................................4

*Exxon Shipping Co. v. Baker*,
   554 U.S. 471 (2008) .................................................................................................7

*In re City of Philadelphia Litig.*,
   158 F.3d 723 (3d Cir. 1998) ....................................................................................4

*Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*,
   964 F.2d 1571 (5th Cir. 2001) .................................................................................3

*Matter of Wynn*,
   889 F.2d 644 (5th Cir. 1989) ...................................................................................4

*Pershing Auto Rentals, Inc. v. Gaffney*,
   279 F.2d 546 (5th Cir.1960) .....................................................................................7

*Robins Dry Dock & Repair Co. v. Flint*,
   275 U.S. 303 (1927) ............................................................................................7, 5

*S. Port Marine, LLC v. Gulf Oil Ltd. P'ship*,
   234 F.3d 58 (1st Cir. 2000) .....................................................................................6

*T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*,
   702 F.2d 585 (5th Cir. 1983) ...................................................................................3

*United States v. Am. Commercial Lines, LLC*,
   No. 11-2076, 2013 WL 1182963 (E.D. La. Mar. 21, 2013).....................................6

*United States v. Moore*,
   340 U.S. 616 (1951).................................................................................................4

*Waring v. Clarke*,
   46 U.S 441 (1847)....................................................................................................3

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**STATUTES AND RULES**

33 U.S.C. § 2702(b)(2)(B) ...................................................................................................7

33 U.S.C. § 2704(b)(1)........................................................................................................6

Fed. R. Civ. P. 9(h) .................................................................................................... 1, 5, 9

Fed. R. Civ. P. 37................................................................................................................3

Fed. R. Civ. P. 38................................................................................................................8

Fed. R. Civ. P. 39(a) ...................................................................................................... 4, 8

**OTHER AUTHORITIES**

9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
     § 2321 (3d ed. 2008) ..................................................................................................4

iii

## I.      INTRODUCTION

On February 14, 2014, BP filed its Motion to Strike The State of Alabama's Jury

Demand.  Rec. Doc. 12345.  Transocean agrees with BP that the Court should strike Alabama's

jury trial demand because Alabama does not have a right to a jury trial with respect to its OPA

claims in this case.  Transocean writes separately to argue that, *even if* some OPA claims might

otherwise be subject to jury trial, Alabama has given up any right to try its OPA damages claims

to a jury by pursuing intertwined maritime claims against Transocean and other defendants in the

limitation of liability action being tried before this Court.[1]

## II.     BACKGROUND

Alabama's operative First Amended Complaint (Rec. Doc. 1872) asserts claims against

Transocean and the other defendants under general maritime law and OPA.  For its general

maritime law claims, Alabama asserted jurisdiction under Rule 9(h) of the Federal Rules of Civil

Procedure.  *Id.* ¶ 33.  Alabama's state-law claims have been dismissed.  Rec. Doc. 4578.  The

Alabama Complaint "demand[s] a jury trial for any and all claims pleaded herein in which a jury

trial is available by law."  Rec. Doc. 1872 ¶ 369.  The complaint also states:

> Neither the State's pleading of general maritime claims, nor its participation in the
> bench trial(s) on limitation and liability issues common to the MDL amounts to a
> waiver of the State's right to a jury trial. . . .  Once the MDL Court determines the
> common factual and legal issues regarding limitation and liability, the State
> reserves its right to seek a remand of all remaining issues and claims that uniquely
> apply to the State of Alabama . . . to the originating transferor district, the Middle
> District of Alabama, for trial by jury.

---

[1] Transocean notes that, in light of the Court's prior ruling, BP has a contractual obligation to indemnify Transocean
for any compensatory damages liability to Alabama under OPA based on pollution that did not originate on or above
the surface of the water.  Rec. Doc. 5446; *see also* Rec. Doc. 10463 at 284-288 (Transocean Phase One Proposed
Findings of Fact and Conclusions of Law) (proposing findings that no "breach of a fundamental, core obligation" of
the Drilling Contract occurred that could invalidate the indemnity clause).  This contractual indemnity means that
BP cannot seek contribution against Transocean for its OPA liability to Alabama.

1

*Id.* ¶ 371; *see also id.* ¶ 37 (stating that Alabama "reserves the right to seek a transfer of any and all issues and claims not resolved in the proceedings before the MDL Court back to the Middle District of Alabama for a jury trial . . . ."). Alabama also filed a Claim in Limitation against Transocean alleging general maritime law claims, which also purported to reserve a jury trial right for claims in Alabama's First Amended Complaint. Rec. Doc. 323 ¶ 109.

Despite demanding a jury trial in its complaints, Alabama advocated for a bench trial for the limitation action. In April 2011, Alabama joined the Plaintiffs Steering Committee and Transocean in proposing a Joint Trial Plan to the Court. Rec. Doc. 1951. That Joint Trial Plan called for "a single trial on the main liability issues that are also the subject of this MDL," and sought to "ensure[] that common issues of fact and law are tried once as opposed to multiple times." *Id.* at 1-2. The Joint Trial Plan proposed an "efficient structure for *the Court* to determine once, with common evidence, liabilities related to maritime claims for economic losses *and OPA*." *Id.* at 5 (emphasis added). Alabama subsequently joined a reply memorandum in support of the Trial Plan. Rec. Doc. 2130. There, Alabama argued that a jury trial was "not required or appropriate" for the limitation action. *Id.* at 10.

On September 14, 2011, the Court issued Pretrial Order No. 41, which set forth the scope and structure of the Trial of Liability, Limitation, Exoneration, and Fault Allocation. Rec. Doc. 4033, Pretrial Order No. 41 [Case Management Order No. 3]. Under that Order, the Court adopted an approach substantially similar to what Alabama, Transocean, and the PSC had proposed: it provided that the limitation action would occur in three separate phases, all of which would be tried to the bench. *Id.* at 1.

Alabama actively participated in the limitation bench trial, delivering an opening statement, filing motions and briefs, and questioning numerous witnesses.[2]  Now, even as it continues to participate in the limitation action bench trial that it requested, Alabama seeks to have its OPA economic damage claims peeled out of the limitation action and transferred back to the Middle District of Alabama for a jury trial.[3]

## III.    ARGUMENT

### A.    Alabama Has Given up Any Right to a Jury Trial for Its OPA Claim

Regardless of whether a jury trial right might otherwise attach to some OPA claims, Alabama has given up any such right by electing to bring general maritime law claims and try those in a bench trial.

First, it is well established that when a party files claims in a limitation action, those claims will be resolved in a bench trial.  *E.g.*, *Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 2001); *Waring v. Clarke*, 46 U.S 441, 460 (1847). A party that elects to proceed under admiralty jurisdiction has no basis to seek a jury trial.  *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 588 (5th Cir. 1983) ("[T]he plaintiff elected to bring the suit under admiralty jurisdiction, and cannot now complain about his right to a jury.").

---

[2] *See, e.g.*, February 25, 2013 Trial Tr. at 100 (opening statement of L. Strange, the Attorney General of the State of Alabama); February 26, 2013 Trial Tr. at 353 (direct of Dr. R. Bea by C. Maze for the State of Alabama); March 13, 2013 Trial Tr. at 3558 (cross examination of J. Keith by C. Maze for the State of Alabama);  March 19, 2013 Trial Tr. at 4642 (cross examination of S. Newman by C. Maze for the State of Alabama); *id.* at 4824 (cross examination of T. Quirk by C. Maze for the State of Alabama); March 21, 2013 Trial Tr. at 5244 (statement by C. Maze for the State of Alabama regarding Rule 37 motion against Halliburton); March 27, 2013 Trial Tr. at 6485 (cross examination of Dr. Strickland by C. Maze for the State of Alabama); April 17, 2013 Trial Tr. at 9348 (cross examination of Dr. O'Bryan by C. Maze for the State of Alabama); *id.* at 9473 (cross examination of A. Mitchell by W. Sinclair for the State of Alabama).

[3] Alabama has asserted an OPA claim against Transocean, however, this Court has ruled that Transocean is not a responsible party under OPA for "discharge that occurred beneath the surface of the water."  Rec. Doc. 5809 at 14-15.  BP has asserted a contribution claim against Transocean under OPA in the limitation action.  Rec. Doc. 2704. This contribution claim is subject to indemnity under the Court's ruling (Rec. Doc. 5446), and Transocean has a pending motion for partial judgment with respect to this contribution claim as well (Rec. Doc. 8106).

Second, the Supreme Court has long recognized that where a party does have a Seventh Amendment right to a jury trial, it may waive that right. *See, e.g.*, *United States v. Moore*, 340 U.S. 616, 621 (1951). Indeed, a party may waive its jury trial right even where the party initially demanded a jury trial. *See, e.g.*, *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 116 (5th Cir. 1987) ("Although a proper demand for a jury cannot be withdrawn without the consent of all the parties, Fed. R. Civ. P. 39(a), it is a right that can be waived.").

A waiver of the right to a jury may be based on a party's acquiescence in a bench trial or on its affirmative conduct. The Fifth Circuit has repeatedly held that a represented party's participation in a bench trial without objection is sufficient to constitute waiver. *See, e.g.*, *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) ("A party who participates in the determination of the issues—without objecting and reminding the court of its jury request—is barred from later raising the issue on appeal."); *Casperone*, 819 F.2d at 116 ("Bach's failure to timely object at any time during the course of the nonjury trial constitutes a waiver of that right."); *Bass v. Hoagland*, 172 F.2d 205, 209 (5th Cir. 1949) ("But the right to jury trial, like the right to assistance of counsel in a criminal trial, may be waived, and in a civil case a waiver is shown by mere acquiescence, when the party or his counsel if present and not objecting."). Courts in other circuits have similarly found that the right to a jury trial "may be waived . . . by conduct, such as failing to object to *or actually participating in a bench trial*." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2321 (3d ed. 2008) (emphasis added); *see id.* n.12 (collecting the "many, many cases" for this proposition); *see also In re City of Philadelphia Litig.*, 158 F.3d 723, 726-27 (3d Cir. 1998) (finding waiver where a party acquiesced in the court's plan for a bench trial).

4

Here, Alabama advocated for a bench trial for its maritime law claims in the limitation action and has actively participated in that trial.  Because Alabama's maritime law claims are inextricably intertwined with the OPA economic damages claims it now seeks to try to a jury, Alabama has waived any jury trial right it might have had for a stand-alone OPA damages claim.

### 1.   Alabama Advocated for a Bench Trial

Here, Alabama argued for a bench trial and against trying the limitation action to a jury. *See* Rec. Doc. 1951 (Joint Trial Plan); Rec. Doc. 2130 at 10 (reply brief in support of Joint Trial Plan arguing expressly that "a jury trial is not required or appropriate in this limitation action"). Alabama relied on the well-established rules that "[t]he Seventh Amendment has  . . . been understood not to extend the right to a jury trial to cases in admiralty, which have historically been tried without juries" and that "[w]hile a limitation action is pending, there is no right to a jury trial."  Rec. Doc. 2130 at 10-11 (internal quotation marks omitted) (collecting cases). Alabama told the Court that trying issues to the bench would "ensure that common issues of fact and law are tried once as opposed to multiple times."  Rec Doc. 1951 at 2.  In particular, Alabama recognized that, because it was trying claims as part of the limitation action, the "common issues" to be tried to the Court would include economic damages claims.  *Id.* at 4 ("Pursuant to Rule 9(h), the trial will address claims involving personal injury/wrongful death and *claims for economic losses* (like *Robins Dry Dock* and Admiralty Extension Act economic loss claims).") (emphasis added).

Alabama got what it wanted—a bench trial for the limitation action—and, as Alabama had predicted in its briefs, those trials were an "efficient structure" because they involved "common issues of fact and law" that cut across this litigation.  Rec. Doc. 1951 at 1-2, 5.

## 2.      Alabama's Maritime Law Claims Are Intertwined with Its OPA Claims

Many of the "common issues" that are being tried to the Court in the limitation trial are intertwined with Alabama's OPA claims. For example, the Court in the limitation action will make a liability determination with respect to Transocean (and BP), including a determination whether Transocean was grossly negligent or violated any applicable regulations. Those findings are intertwined with Alabama's OPA claim. Even though the Court has already ruled Transocean is not liable under OPA for subsurface discharge, Transocean may be liable as an OPA responsible party for any damage caused by discharge on or above the surface of the water (to the extent any such discharge is proved). Rec. Doc. 5809. If any such discharge and resulting damages are proved, then Transocean's liability will be that of a tank vessel under 33 U.S.C. § 2704(b)(1), unless Transocean is found grossly negligent or to have violated an applicable federal safety regulation under § 2704(c)(1). Indeed, the United States, which is trying its OPA claim to the court concurrent with the limitation action, has contended that the Court should make a finding under OPA § 2704(c)(1)(B) that Transocean violated two applicable federal regulations. Rec. Doc. 10460-2 at 12 (United States Proposed Conclusions of Law Related to Phase One Issues, filed June 21, 2013).

Similarly, Alabama has asserted a punitive damages claim under general maritime law in both its First Amended Complaint and its Claim in Limitation. Rec. Docs. 323, 1872. To the extent the Court makes any finding that Transocean, or any other defendant, may be liable for punitive damages,[4] it will have to make a determination as to the compensatory damages for any

---

[4] Transocean continues to maintain that punitive damages are unavailable because OPA has displaced general maritime law with respect to oil spills and does not permit punitive damages. *See S. Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 65-66 (1st Cir. 2000); *United States v. Am. Commercial Lines, LLC*, No. 11-2076, 2013 WL 1182963, at *4 (E.D. La. Mar. 21, 2013). Transocean recognizes the Court has previously ruled that OPA does not displace general maritime law claims for punitive damages by plaintiffs who could have asserted such claims

physical property damage that could serve as the basis for a punitive damages award, *see Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927), because that amount would limit the amount of any punitive damages award, *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 513 (2008).  But that claim for property damages is also part of Alabama's OPA claim.  Rec. Doc. 1872 at 47 (Alabama First Amended Complaint, asserting claim against Transocean and BP for damages to real and personal property under OPA, 33 U.S.C. § 2702(b)(2)(B)).[5]

This Court plainly has the authority to try these damages-related issues in the limitation action.  Alabama already told this Court that "[t]he judge in a limitation proceeding is given wide discretion to decide which claims to hear even when the court denies limitation."  Rec Doc. 1951 at 17; *see Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir.1960) (recognizing the "power of the admiralty court to adjudicate the whole case and grant full relief even though limitation is denied").  In fact, Alabama specifically argued that the limitation judge's discretion extended to deciding issues of damages:

> At least one District Court within the Fifth Circuit has held that the case law and the reasoning set out therein does not in any way limit the Court's discretionary ability to decide, not only the issue of damages, but to also adjudicate some of the ancillary matters including whether, as a matter of law, punitive damages are available.

Rec Doc. 1951 at 19 (citing *In re Athena Const., LLC*, Civ. A. Nos. 06-2004, 06-2366, 2007 WL 1668753 (W.D. La. June 6, 2007) (Melancon, J.)).

What is more, Alabama appears to want its natural resource damages claim to remain in this Court, and only to carve out its OPA economic damages claims for a jury trial.   But the

---

before the enactment of OPA.  Rec. Doc. 3830, at 25-27.  Transocean respectfully maintains its objection to this order.

[5] Other potentially overlapping issues include fault allocation and Transocean's superseding cause defense (asserted in Phase Two), both of which would become relevant to Alabama's OPA claim if the Court were to invalidate BP's contractual obligation to indemnify Transocean for compensatory damages.

natural resource damages issues are not easily separated from the economic damages issues.  To

the extent Alabama seeks damages based on the loss of use of natural resources, that claim will

implicate many of the issues being addressed in the ongoing Natural Resource Damages

Assessment process.

In its own Complaint, Alabama acknowledged that it would only be able to "seek a

transfer of any and all *issues and claims not resolved in the proceedings before the MDL Court*

back to the Middle District of Alabama for a jury trial."  Rec. Doc. 1872 ¶ 37 (emphasis added).

Because the issues being resolved in the limitation action are inextricably linked to the issues

presented by Alabama's OPA claim, Alabama cannot now seek a jury trial on that claim.

### 3.     Alabama Did Not Preserve a Jury Trial Right for Its OPA Damages Claim

Alabama may argue that any waiver resulting from its participation in the limitation of

liability bench trial does not extend to its right to a jury trial for its OPA damages claims,

because those claims involve separate "issues" from what was tried before the limitation judge.

*E.g.*, Fed. R. Civ. P. 38-39.  As demonstrated above, any such argument must fail.  Alabama's

damages claims under OPA cannot be adjudicated without addressing issues that have or may in

the future be tried before this Court in a bench trial, including the existence of any gross

negligence or violation of a regulation, the quantum of property damages, and fault allocation.

Any argument by Alabama that it preserved a jury trial by adding a footnote to the reply

brief in support of the Joint Trial Plan should also fail.  Footnote 17 of the reply brief that

Alabama joined states:

> The adoption and advancement of the proposed Joint Trial Plan by the Plaintiffs'
> Steering Committee and the State of Alabama should not be construed as a waiver
> of the right (if any) of any plaintiff to invoke a jury trial with respect to some or
> all of that plaintiff's claims arising from the Spill. . . . [T]he Plaintiffs' goal is to
> preserve and protect the State of Alabama's right (and that of other plaintiffs,

where properly invoked) to seek a trial by jury on all claims not decided in the Rule 9(h) limitation and liability trial.

Rec. Doc. 2130 at 11, n.17. [6] A footnote from a brief filed in 2011, however, cannot undo the fact that issues that are part of Alabama's OPA claim are actually being tried in the limitation action. Indeed, Alabama purports only to reserve the right to seek a jury trial on "claim *not decided* in the Rule 9(h) limitation and liability trial." *Id.* (emphasis added); *see also* Rec. Doc. 1872 at ¶ 37 (Alabama First Amended Complaint, stating that Alabama "reserves the right to seek a transfer of any and all *issues and claims not resolved* in the proceedings before the MDL Court back to the Middle District of Alabama for a jury trial") (emphasis added). The acknowledgment that Alabama cannot retry to a jury issues already being tried in the limitation action should prevent a jury trial on its OPA claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court should strike Alabama's jury demand.


DATED:  February 18, 2014                          Respectfully submitted,

By: /s/ Brad D. Brian                              By: /s/ Steven L. Roberts
Brad D. Brian                                      Steven L. Roberts
Michael R. Doyen                                   Rachel Giesber Clingman
Grant Davis-Denny                                  Sean Jordan
Daniel B. Levin                                    SUTHERLAND ASBILL & BRENNAN LLP
MUNGER TOLLES & OLSON, LLP                         1001 Fannin Street, Suite 3700
355 So. Grand Avenue, 35th Floor                   Houston, TX  77002
Los Angeles, CA  90071                             Tel: (713) 4710-6100
Tel: (213) 683-9100                                Fax: (713) 354-1301
Fax: (213) 683-5180                                Email:  steven.roberts@sutherland.com
Email:  brad.brian@mto.com                                 rachel.clingman@sutherland.com
        michael.doyen@mto.com                              sean.jordan@sutherland.com
        grant.davis-denny@mto.com
        daniel.levin@mto.com

---

[6] To the extent that Alabama contends that Transocean is estopped from making the waiver argument raised by this brief because it joined the Reply Trial Plan Memorandum, that argument is mistaken. The text of the footnote makes clear that it is describing only "the *Plaintiffs'* goal." Rec. Doc. 2130 at 11, n.17 (emphasis added).

By: /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
1100 Poydras Street, Suite 3800
New Orleans, LA  70163
Tel: (504) 599-8194
Fax: (504) 599-8154
Email:  kmiller@frilot.com

**Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2014, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

 /s/ Kerry J. Miller_____
       Kerry J. Miller