UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  FEB 14 2014

WILLIAM W. BLEVINS
CLERK

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                           MDL No. 2179

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in the four actions listed on the attached Schedule A, one pending in the Southern District of Alabama and the other three pending in the Southern District of Texas, move to vacate our orders conditionally transferring the actions to MDL No. 2179. Responding defendants oppose the motions.[1]

Plaintiffs raise multiple arguments against transfer. After careful consideration, however, we do not find these arguments persuasive. First, all plaintiffs contend that pretrial proceedings in the MDL are complete, at least insofar as those proceedings are relevant to their recently-filed actions. This contention ignores the fact that the Panel recently has transferred hundreds of newly-filed actions to the MDL, as to which pretrial proceedings are decidedly incomplete. These four actions are likely to involve a number of pretrial determinations that are most appropriately made by the transferee judge, the Honorable Carl J. Barbier, including, for example, the applicability of his decision dismissing, as preempted, the MDL plaintiffs' state statutory and common law claims. *See In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F.Supp.2d 943 (E.D. La. 2011). In addition, plaintiffs in the three Southern District of Texas actions fail to explain how their claims against the Transocean defendants they have sued could proceed outside the MDL, as the Limitation of Liability Act mandates otherwise. *See* 46 U.S.C. § 30511(c) ("When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease."); *see also Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) ("When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court."). Moreover, given that the Trial of Liability, Limitation, Exoneration, and Fault Allocation taking place before Judge Barbier involves all the principal defendants in the MDL and involves issues central to all actions arising out of the Deepwater Horizon incident, it is unclear how or whether the various putative transferor courts could advance these actions with issues with respect to that trial not yet concluded.

---

[*] Judge Paul J. Barbadoro and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Halliburton Energy Services, Inc. responded as to all four actions. BP America Production Company, BP Exploration & Production Inc., BP Corporation North America Inc., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., and Triton Asset Leasing GmbH responded as to the three Southern District of Texas actions.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Second, plaintiffs in the Southern District of Alabama action argue that transfer would deprive them of their constitutional right to due process. We have rejected essentially the same argument, which is unsupported by any authority, in the past, and there are no grounds warranting a different result here. *See, e.g.*, Transfer Order, at 2 (J.P.M.L. Dec. 13, 2013) (ECF No. 1710).

Third, plaintiffs in the three Southern District of Texas actions argue that transfer is unwarranted because they are seeking recovery under the Oil Pollution Act or "OPA." In creating this MDL, however, we expressly declined to exclude OPA claims from the centralized proceedings. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010) ("[W]e do not find any strong reasons for separate treatment of claims brought under the OPA. In our judgment, carving out the OPA claims would only complicate matters . . . .").

Fourth and finally, the Texas plaintiffs also cite the pendency of jurisdictional objections in opposing transfer. As we frequently have held, however, the pendency of such objections is not, as a general matter, a sufficient reason to delay or deny transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a motion for remand to state court is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

After considering all argument of counsel, we find that these four actions involve common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the actions to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. It is beyond dispute that these actions, like those already in the MDL, arise out of the explosion and fire that destroyed the Deepwater Horizon rig, and the oil spill resulting therefrom. *See* 731 F. Supp. 2d at 1353-55.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell          Charles R. Breyer
Sarah S. Vance               Ellen Segal Huvelle

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                    MDL No. 2179

## SCHEDULE A

### Southern District of Alabama

Melissa Bolton, et al. v. Halliburton Energy Services, Inc., et al., C.A. No. 1:13-00477   14-cv-355 J(1)

### Southern District of Texas

Mississippi Band of Choctaw Indians DBA Choctaw Resort Development   14-cv-357 J(1)
    Enterprise, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 4:13-02843
Mast Production, LLC, et al. v. BP Exploration & Production, Inc., et al.,   14-cv-358 J(1)
    C.A. No. 4:13-02847
Dustin Gulf Seafood v. BP Exploration & Production Inc., et al.,   14-cv-359 J(1)
    C.A. No. 4:13-03355