UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL 2179 SECTION "J" |
| Applies to: | * * | JUDGE BARBIER |
| No. 12-970 and No. 10-8888 (Rec. Doc. 87503) | * * * | MAG. JUDGE SHUSHAN |

**ORDER**

Before the Court is Van Tang d/b/a Cho Saigon's ("Claimant") Motion for Relief and Request for Judicial Review from the Appeals Denial of the Business Economic Loss Claim (Rec. Doc. 11617) and Motion for Expedited Consideration of same (Rec. Doc. 12290).

IT IS ORDERED that the Motion for Expedited Consideration (Rec. Doc. 12290) is GRANTED.

Turning to the Motion for Judicial Review, it represents that Claimant filed a claim with the *Deepwater Horizon* Economic and Property Damages Settlement Program ("Settlement Program"), which was denied. Claimant appealed this decision to the Settlement Program's Appeals Panel. On July 2, 2013, the Appeals Panel affirmed the denial of the claim. On July 19, 2013, Claimant filed a "Request for Reconsideration and/or Judicial Review." The Settlement Program subsequently informed Claimant that his request was denied because it was untimely. Claimant unsuccessfully responded that the 14-day period for filing a request for Court discretionary review does not include the triggering date, holidays, and weekends; therefore Claimant's request was due on July 22. Claimant then filed the instant Motion with this Court.

Under the Rules Governing Discretionary Court Review of Appeal Determinations

("Discretionary Review Rules"), a request for discretionary Court review must be submitted within fourteen days of being served[1] with a Notice of Appeal Panel Decision. (Discretionary Review Rule 14, Rec. Doc. 10185-1). This time period is computed in accordance with Federal Rule of Civil Procedure 6, which states, in pertinent part:

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) *count every day, including intermediate Saturdays, Sundays, and legal holidays*; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1) (emphasis added); (Discretionary Review Rule 9, Rec. Doc. 10185-1). Discretionary Review Rule 9 similarly states, in pertinent part:

> If a deadline under these rules falls on a Saturday, Sunday or a holiday, the deadline is extended to the next business day. Holidays are: New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day designated by the Office of the Claims Administrator.

(Discretionary Review Rule 9).

It appears that Claimant was served with the Appeals Panel's decision on July 2, 2013. Fourteen days after July 2— including intermediate Saturdays, Sundays, and legal holidays—was Tuesday, July 16. This was not a legal holiday. Therefore, Claimant's request for discretionary Court review, filed on July 19, was untimely.

For this reason,

---

[1] The Discretionary Review Rules state that a claimant is "served" with a document on the date the document was posted to the Settlement Program's electronic portal or, if mailed, the postmark date, whichever is later. (Discretionary Review Rule 8, Rec. Doc. 10185-1).

IT IS ORDERED that Claimant's Motion for Relief and Request for Judicial Review from the Appeals Denial of the Business Economic Loss Claim (Rec. Doc. 11617) is DENIED.

New Orleans, Louisiana, this 19th day of February, 2014.

_____
United States District Judge

**Clerk to notify AppealsCoordinator@dhecc.com**