## UNITED STATES DISTRICT OF COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | § | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" | § | |
| IN THE GULF OF MEXICO, | § | SECTION: J |
| ON APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES TO ALL CASES**

## UNITED STATES' MOTION FOR
## AMENDMENT TO THE
## AMENDMENT PTO 1 AND PTO 14 REGARDING
## COMMUNICATIONS BETWEEN THE UNITED STATES, THE STATES, AND
## PLAINTIFFS' STEERING COMMITTEE

Pursuant to the Amendment to Pretrial Orders 1 and 14, issued on May 16, 2011 (Doc. No. 2375):

> communication of information among and between the United States, any one or all of the States or any local government, and members of the Plaintiffs' Steering Committee (or the parties they represent) shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product.

Since entry of that order, the United States, the States of Alabama, Florida, Louisiana, Mississippi, and Texas (including their subdivisions and agents) have continued to work together to efficiently develop and present their common claims in this case and to prepare for additional litigation related to the natural resource damages caused by the spill of millions of gallons of oil from BP/Anadarko's Macondo Well.  As part of that work, the United States needs to be able to continue exchanging with the States (and their subdivisions and agents) information that is privileged under the federal principles of attorney-client privilege and attorney work product.

BP has, however, sought to use open records laws such as the federal Freedom of Information Act to obtain information that constitutes work product, thereby attempting to

circumvent the principle recognized in this Court's PTO 1 and the Amendment to PTO 1 and 14.

Moreover, because each of the five states and the United States has a similar but distinct open

records law, there is a risk that material that is and should be privileged pursuant to federal law

and the federal Freedom of Information Act could be handled inconsistently under one or more

of the applicable state open records laws.

Accordingly, the United States seeks entry of the attached proposed order which adds a

provision to the Amendment to PTO 1 and 14 (Doc. No. 2375):

> Privileged communications protected by the provisions of this order may not be
> released directly, or indirectly through third parties, by the United States or any
> State pursuant to the Freedom of Information Act, 5 U.S.C. § 552, or any other
> open records law absent good cause shown in this Court.

This provision is designed to ensure a consistent interpretation of the attorney-client and work

product protection of these materials and to ensure that the United States and the States (and their

subdivisions and agents) can continue to work together to efficiently develop and therefore

present their claims to the Court.

In meet and confer discussions regarding this proposed amendment, BP has indicated its

opposition to this motion, asserting that the proposed order would expand the exemptions

provided by the various applicable open records laws.  BP's argument fails for two reasons.

First, the proposed order does not seek to expand the exemptions provided by the open

records laws.  Each of the six statutes provides in one way or another for the withholding of

attorney client and/or work product information related to litigation and/or government

investigations.  *See, e.g.,* 5 U.S.C. § 552(b)(5), (7);  Ala. Code § 36-12-40; Fla. Stat. § 119.071;

La. Rev. Stat. 44:4.1; Miss. Code Ann. § 25-61-11; Texas Gov't Code §§ 552.101, 552.103,

552.107, 552.111.  This proposed order simply recognizes the need for clarity in how these

exemptions will be applied in the context of a multi-district litigation involving six separate sovereigns.     Second, even were the proposed order construed as broadening the protection for attorney-client privileged or work product protected materials under one of the six statutes at issue, such a provision would be fully consistent with provisions that BP agreed to for its own benefit.  In particular, on July 8, 2011, this Court entered PTO 38 (Doc. No. 3201), which provides

> Settlement Communications may not be released directly, or indirectly, through third parties, by the United States or any State pursuant to the Freedom of Information Act, 5 U.S.C. § 552, or any other open records law absent good cause shown in this Court.

Thus, when the confidentiality of BP's settlement communications with the United States (many of which may not have been otherwise exempt from disclosure under the federal Freedom of Information Act) was at issue, BP agreed that the exemptions under the open records laws could and should be limited.  What the United States is proposing here for privileged communications is no more than the provision that protects BP's settlement communications.

For these reasons, the United States requests the Court enter the attached Order, which provides a consistent rule and interpretation that honors the exemptions recognized by the six statutes and allows the efficient and effective preparation of claims in this multi-district litigation.

Respectfully submitted,

BRIAN HAUCK                                      ROBERT G. DREHER
Deputy Assistant Attorney General               Acting Assistant Attorney General
Civil Division                                  Environment & Natural Resources Division
PETER FROST
Directory, Torts Branch, Civil Division         SARAH HIMMELHOCH
Admiralty and Aviation                          Senior Litigation Counsel
STEPHEN G. FLYNN                                 NANCY FLICKINGER
Assistant Director                              SCOTT CERNICH
MICHELLE DELEMARRE                               THOMAS BENSON
SHARON SHUTLER                                   Senior Attorneys
JESSICA SULLIVAN                                 A. NATHANIEL CHAKERES
JESSICA MCCLELLAN                                JUDY HARVEY
MALINDA LAWRENCE                                 ABIGAIL ANDRE
Trial Attorneys                                 RACHEL HANKEY
                                                Trial Attorneys

R. MICHAEL UNDERHILL, T.A.                       /s/ Sarah D. Himmelhoch
Attorney in Charge, West Coast Office            _____
Torts Branch, Civil Division                    STEVEN O'ROURKE
U.S. Department of Justice                       Senior Attorney
7-5395 Federal Bldg., Box 36028                  Environmental Enforcement Section
450 Golden Gate Avenue                           U.S. Department of Justice
San Francisco, CA 94102-3463                     P.O. Box 7611
Telephone:  415-436-6648                         Washington, D.C. 20044
Facsimile:  415-436-6632                         Telephone:  202-514-2779
E-mail:  mike.underhill@usdoj.gov                Facsimile:  202-514-2583
                                                E-mail:  steve.o'rourke@usdoj.gov

                                                DANA J. BOENTE
                                                United States Attorney
                                                Eastern District of Louisiana
                                                SHARON D. SMITH
                                                Assistant United States Attorney
                                                Eastern District of Louisiana
                                                650 Poydras Street, Suite 1600
                                                New Orleans, LA  70130
                                                Telephone:  (504) 680-3000
                                                Facsimile:  (504) 680-3184
                                                E-mail:  sharon.d.smith@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

/s/ Sarah D. Himmelhoch