UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| | * | SECTION J |
| "Deepwater Horizon" in the Gulf | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |
| of Mexico, on April 20, 2010 | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT RELEASE AND TO OTHERWISE MODIFY/LIFT INJUNCTIONS

MAY IT PLEASE THE COURT:

Claimant's Motion To Enforce Settlement Release And To Otherwise Modify/Lift Injunctions is based on clear terms of the Release that BP proposed and that Claimant accepted. Those terms assured Claimant that if it accepted the terms of the Release, and the consideration offered, that any future court decisions would have no impact on Claimant or the terms of the Release.

The Release at issue was executed and accepted months before the United States Fifth Circuit's "BEL" Panel's decision.[1] The Court denied BP's Request for Discretionary Review before that decision was issued.[2] Thus, an enforceable Release currently exists — and existed before the "BEL" Panel's decision. For these reasons, which are discussed in more detail below, this Court should grant the Motion and provide the relief requested.

### 1. The Terms Of The Release Are Clear.

BP proposed — and Claimant accepted — a Release that guaranteed that both parties would be bound by the terms of the Release. "The attached Full and Final

---

[1] Case No. 13-30315.
[2] Exhibit 3.

Release, Settlement, and Covenant Not to Sue ('Individual Release') is a binding legal document."[3]

Such language is common in many releases and is arguably superfluous since it is axiomatic that a release is a contract. What is unique, however, is the detail that BP's Release includes about the enforceability of the Release -- even if subsequent court decisions change the terms of the proposed settlement. For example, the fifth paragraph on page 2 of 20 states:

> The settlement payment you have been offered arises under the auspices of the federal District Court in New Orleans presiding over the multidistrict litigation titled In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (MDL No. 2179). A class action settlement has been proposed in that case, but the Court has not yet given final approval of that proposed settlement. If the Court does approve the proposed class action settlement, an appellate court could reverse the approval. In addition, <u>it is possible that the terms of the proposed settlement may change in the future—for better or for worse—as a result of further legal proceedings. However, if you sign this Individual Release, none of those uncertain future events will affect you.</u> **By signing this Individual Release you are forever waiving and releasing all claims that you may have against BP (except for Expressly Reserved Claims) in exchange for the compensation being provided.** <u>In fact, even if the Court does not approve the proposed class action settlement agreement or the approval is reversed by an appellate court, you shall continue to be bound by this Individual Release.</u>[4]

Claimants are required to sign an "Acknowledgment" affirming that they "read and understand" this information.[5] Paragraph 16 of the Definitions section of the Release further confirms the effectiveness of the Release, irrespective of future court decisions:

> 16. **Continuing Effectiveness of Agreement.** <u>This **Individual Release** shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the **Released Parties** in any current or future litigation.</u> **THIS INDIVIDUAL RELEASE SHALL ALSO REMAIN EFFECTIVE REGARDLESS**

---

[3] Exhibit 1, Page 2 of 20, second paragraph.
[4] Id., fifth paragraph. Underlined for emphasis. Bold in Original.
[5] Id., page 3 of 20.

2

**OF WHETHER THE SETTLEMENT AGREEMENT RESOLVING THE CLAIMS OF THE ECONOMIC CLASS IS APPROVED.**

The Release is also clear that the monies referenced in the Release, as well as assurances like the ones above, constitute the consideration offered for such a broad release.

> 3. **Release Is Comprehensive. Claimant** agrees and acknowledges that the consideration granted in Paragraph 2 above constitutes full, complete, and total satisfaction of all of the **Released Claims** against the **Released Parties**. In addition, **Claimant** agrees and acknowledges that the consideration granted in Paragraph 2 above also constitutes full, complete, and total satisfaction of all of **Claimant's Compensatory Damage Claims** against the **Transocean Parties** and the **Halliburton Parties**. (Page 10 of 20.)
>
> ...
>
> 6. **Consideration.** Claimant agrees that this **Individual Release** is entered into in consideration of the agreements, promises, and mutual covenants set forth in this **Individual Release** and for such other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged. (Page 10 of 20.)

Finally, the Release is the exclusive remedy for a claimant to pursue and there are no other enforceable agreements to the contrary:

> 8.(b.) This **Individual Release** shall be the exclusive remedy for any and all **Released Claims** by or on behalf of **Claimant** against any and all **Released Parties**, and **Claimant** shall not recover, directly or indirectly, any sums from any **Released Parties** for any **Released Claims** other than those received for the **Released Claims** under the terms of this **Individual Release**. (Page 11 of 20.)
>
> ...
>
> 15. **Superseding Nature of Agreement.** This **Individual Release** constitutes the final, complete, and exclusive agreement and understanding between **BP** and **Claimant** and supersedes any and all other agreements, written or oral, between **BP** and **Claimant** with respect to such subject matter of this **Individual Release** in settlement of **Claims** arising out of or related to the **Deepwater Horizon Incident.** (Page 13 of 20.)

3

## 2. Interpretation of these Terms Is Straightforward.

Of course, BP negotiated these terms[6] and proposed that they be incorporated into the Release submitted to this Court for approval.[7] And these exact terms were eventually agreed-to by Claimant in May 2013.[8]

Under the terms of the Release:

- BP offers a "settlement payment" under the terms of a class action settlement overseen by this Court;

- The settlement includes the "consideration" offered in the Release;

- That "consideration" includes not only the monies referenced in the Release, but also the "agreements, promises, and mutual covenants" set forth in the Release;

- BP informs the Claimant that the "terms of the proposed settlement may change in the future — for better or for worse — as a result of future legal proceedings."

- Despite that possibility, the Release expressly states that "none of those uncertain future events will affect you" if the Claimant will just sign the Release.

- Further, the terms of the Release "shall remain effective regardless of any appeals or court decisions" that relate "in any way to the liability" of BP and that might occur in the future.

---

[6] Doc. 6430-1, Section 25.1 of Settlement Agreement states that, "This Agreement shall be deemed to have been mutually prepared by the Parties . . ."
[7] See Exhibit 26 to Settlement Agreement (Doc. 6430-45).
[8] Exhibit 1.

4

Thus, while the monies offered in the Release are obviously important, so are the other "agreements, promises, and mutual covenants." Two of the most critical of those "agreements, promises, and mutual covenants" are the assurances that any future court decisions would have no impact on the Claimant (if the Claimant accepted the terms of the Release) and that the Release is a "binding legal document."

As noted in the Motion, the Release was received and accepted by DHECC on June 3, 2013. Claimant accepted the Post-Appeal Award Offer on the portal on or about August 29, 2013. Thereafter, on or about September 10, 2013, BP filed a Request for Discretionary Review with the Court which it correctly denied on September 25, 2013. Thus, an enforceable contract existed on September 25, 2013 <u>at the latest</u>. All claim payment documentation was accepted prior to October 2, 2013.

BP anticipated that "the terms of the proposed settlement may change in the future—for better or for worse—as a result of further legal proceedings." BP also assured Claimant, "However, if you sign this Individual Release, none of those uncertain future events will affect you" and that "This Individual Release shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the Released Parties in any current or future litigation."

Perhaps the "BEL" Panel's decision "changed" the terms of the settlement. Perhaps it did not. But whether it did or did not has no bearing on Claimant. Claimant accepted BP's terms. And those terms are clear. Such "further legal proceedings" or "uncertain future events" do not affect the agreement between Claimant and BP. Based on these clear terms, Claimant asks this Court to enforce the terms of this Release,

5

modify/lift its Injunctions as needed, and instruct the Claims Administrator to pay this claim. This Court unquestionably has authority to do so now.

### 3. Federal Courts Can Enforce Terms of a Release.

As this Court has noted in another case, federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced. Magee v. Ensco Offshore, Co., 2013 WL 2389910 (E.D. La., May 30, 2013), citing Cia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33, 35 (5th Cir. 1967). Further, when interpreting a contract under general maritime law, the "court may not look beyond the written language of the document to determine the intent of the parties unless the disputed contract provision is ambiguous." Magee, citing Corbitt v. Diamond M. Drilling Co., 654 F.2d 329, 332–33 (5th Cir.1981) (citing Hicks v. Ocean Drilling and Exploration Co., 512 F.2d 817, 825 (5th Cir.1975)). The "basic principle of contract interpretation in [maritime] law is to interpret, to the extent possible, all the terms in a contract without rendering any of them meaningless or superfluous." Magee, citing Chembulk Trading LLC v. Chemex Ltd., 393 F.3d 550, 555 (5th Cir.2004) (citing Foster Wheeler Energy Corp. v. An Ning Jiang MV, 383 F.3d 349, 354 (5th Cir.2004)).[9] Words in a contract are given their plain meaning as understood by a reasonable person. Sander v. Alexander Richardson Inv.'s, 334 F.3d 712, 716 (8th Cir.2003).

A reasonable person cannot debate that the terms of the Release are clear and unambiguous and form an enforceable contract.

---

[9] The Settlement Agreement is to be interpreted pursuant to maritime law. Doc. 6430-1, Section 36.1.

### 4. The Court Should Enforce the Terms of the Release.

The parties can argue about, and commentators and scholars can ponder, and this Court can eventually divine the various effects of the various rulings on the various issues that have occurred in the judicial system since the "BEL" Panel's October 2, 2013 decision. But what cannot be seriously debated are the explicit terms of the executed Release as outlined above. The Release specifically considers that "current or future litigation" may change the terms of the settlement. But equally clear is that such future happenings would have no effect on Claimant, if the Claimant accepted what was then offered and just signed the Release. That is what happened – before any arguably adverse decision was ever handed down. Thus, an enforceable contract (release) existed <u>at the latest</u> on September 25, 2013 when the Court denied BP's Request for Discretionary Review. It still does. For all of these reasons, Claimant asks that the terms of the Release be enforced and the Claims Administrator be instructed to pay this claim.

Respectfully submitted,

**DANIELL, UPTON & PERRY, P.C.**

<u>/s/David A. Busby</u>

DAVID A. BUSBY
30421 Highway 181
P.O. Box 1800
Daphne, AL 36526
Telephone: (251) 625-0046
Facsimile: (251) 625-0646
AL Bar No. 4991-D67B
dab@dupm.com
ATTORNEY FOR CLAIMANT

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been forwarded to all known counsel of record by filing this pleadings in the ECF system on this 20th day of February, 2014.

/s/David A. Busby
DAVID A. BUSBY