## Claimant's Objection to BP's Request for Discretionary Court Review Regarding Claimant ID No. 100149024 Claim No. 107397

Claimant is a condominium association located in ▬▬▬▬▬▬▬. The Appeal Panel correctly awarded Claimant ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. BP's sole argument in its Request for Discretionary Court Review is the Appeal Panel incorrectly considered Claimant's condominium assessments revenue in the damage calculation.

Rule 12 of the Rules Governing Discretionary Court Review of Appeal Determinations provides that a "[r]eview of an Appeal Panel determination will be granted only in **exceptional circumstances**."[Emphasis supplied] For the reasons outlined herein, this is not one of those exceptional circumstances in which the Court should exercise its discretion and grant BP's Request for Review.

Regarding this exact same condominium assessment issue, BP has filed Requests for Discretionary Court Review regarding three other condominium associations that the undersigned represents (i.e. Claimant ID 100112409 Claim ID 62290; Claimant ID 100090585 Claim ID 44668; and Claimant ID 100033737 Claim ID 26762).

On or about September 5, 2013, the Court denied BP's Request for Discretionary Court Review regarding Claimant ID 100112409 Claim ID 62290. Similarly, on or about September 11, 2013, the Court denied BP's Request for Discretionary Court Review regarding Claimant ID 100090585 Claim ID 44668. BP's Request for Discretionary Review regarding Claimant ID 100033737 Claim ID 26762 is still pending with the Court.

Notwithstanding the fact the Court just recently denied two similar Requests for Discretionary Review regarding other condominium associations on this same

1


PLAINTIFF'S EXHIBIT 4

condominium assessment issue, BP filed this frivolous Request. This is just another delay tactic by BP that causes unnecessary extra work for the Court.

In this case, the Appeal Panel correctly ruled in Claimant's favor without a written opinion. Appeal Panels have ruled against BP on this same condominium assessment issue on at least seven (7) separate occasions.

Regarding the Claimant ID 100112409 Claim ID 62290 appeal in which the Court previously denied BP's Request for Discretionary Review, the Appeal Panel determined: "In one of the more spirited appeals to-date, **BP attempts to define the issue as one of profit rather than revenue**. Claimant is a condo association which derives its revenues from fees and assessments from the owners. **The Administrator properly calculated the award based on the monthly revenues from these payments**. The insurance issue is not quite as clear cut but other panels have approved such funds as revenue and this panel member accepts these prior decisions as persuasive. The award is affirmed." [emphasis supplied]

In the Claimant ID 100112409 Claim ID 62290 appeal, the Appeal Panelist hit the nail on the head when he/she noted that "BP attempts to define the issue as one of profit rather than revenue." Revenue is the key, not profit/taxable income. What a Claimant claims on its taxes is irrelevant. For example, churches and other charitable organizations are exempt from paying taxes, yet they are eligible to receive compensation under the terms of the Settlement Agreement.

Condominium assessments should be considered revenue when calculating causation and damages. These assessments are recurring income earned in the ordinary course of a condominium association's business.

2

Importantly, the Settlement Agreement does not define "revenue". BP had every opportunity to define "revenue" in the Agreement but choose not to. According to Black's Law Dictionary p. 1344 (8th Edition 2004), "revenue" is defined as gross income or receipts. Condominium assessments are undoubtedly revenue and contribute to the gross income or receipts of a condominium association's business. Indeed, collecting assessments is how a condominium association functions and pays its bills.

As mandated by express terms of the Settlement Agreement, the terms should be viewed in the light most favorable to Claimant to ensure Claimant recovers the maximum amount possible. Furthermore, the Claims Administrator has an obligation to treat all Claimants equally. Therefore, condominium assessments should be considered revenue when calculating damages.

For the foregoing reasons, Claimant respectfully requests that the Court deny BP's request for Discretionary Court Review just as it has on two prior occasions regarding this same condominium assessment issue.

                                          **DANIELL, UPTON & PERRY, P.C.**
                                          **Attorneys for Claimant**
                                          P. O. Box 1800
                                          Daphne, AL 36526
                                          (251) 625-0046

                                          _____
                                          **DAVID A. BUSBY**