UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| | * | SECTION J |
| "Deepwater Horizon" in the Gulf | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |
| of Mexico, on April 20, 2010 | * | |
| | * | |
| This Document Relates to: 12-970 | * | |

*************************************************************************

## MOTION TO ENFORCE SETTLEMENT RELEASE AND TO OTHERWISE MODIFY/LIFT INJUNCTIONS

NOW INTO COURT, through undersigned counsel, comes Zone A BEL Claimant 100033737[1], who respectfully moves this Court to enforce the clear terms of the Release Claimant signed and, if necessary, to modify/lift this Court's Injunctions of October 18, 2013 (Doc. 11697) and December 5, 2013 (Doc. 11928). In support, Claimant avers as follows:

1.

BP proposed[2] — and Claimant accepted[3] — a Release that assured Claimant that upon execution of the Release, any future court decisions — good or bad — would have no impact on the validity and enforceability of the executed Release.[4] Claimant signed the Release and the Release was accepted months before any court decision

---

[1] Because of the confidentiality of individual Claimants and Claim-specific files, documents or other information (See Doc. 6430-1, "Deepwater Horizon Economic and Property Damages Settlement Agreement As Amended on May 2, 2012" (Settlement Agreement) Section 4.4.1, Doc. 6822, "Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement," Doc. 6573, "Order Regarding Settlement Implementation" ¶4, and Pre-Trial Order No. 13), undersigned counsel refers to Claimant pursuant to its Claim Number and has redacted identifying information in this submission. Since an Eligibility Notice issued in this claim, and BP availed itself of its appellate rights, BP is aware of the name of this Claimant and the specifics of the claim. Claimant will file additional pleadings under seal as directed by the Court.
[2] See Doc. 6430-45, Exhibit 26 to Motion to Preliminarily Approve Class Action Settlement, and Doc. 6430-1, Section 25.1 of the Settlement Agreement.
[3] Exhibit 1.
[4] Id., Page 2 of 20, fifth paragraph and Paragraph 16 of Definitions, page 13 of 20.

was handed down that has since been debated and which has also been the basis for delay of payment of this claim.[5]

2.

The operable language of the Release states that:

> ... it is possible that the terms of the proposed settlement may change in the future—for better or for worse—as a result of further legal proceedings. However, if you sign this Individual Release, none of those uncertain future events will affect you. .... In fact, even if the Court does not approve the proposed class action settlement agreement or the approval is reversed by an appellate court, you shall continue to be bound by this Individual Release.[6]

And:

> 16. **Continuing Effectiveness of Agreement.** This **Individual Release** shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the **Released Parties** in any current or future litigation. **THIS INDIVIDUAL RELEASE SHALL ALSO REMAIN EFFECTIVE REGARDLESS OF WHETHER THE SETTLEMENT AGREEMENT RESOLVING THE CLAIMS OF THE ECONOMIC CLASS IS APPROVED.**[7]

3.

The Claimant executed the Release on May 28, 2013, the Release was accepted on June 3, 2013 and the post-appeal awarded was accepted by Claimant on or about August 29, 2013. Thereafter, on or about September 10, 2013, BP filed a Request for Discretionary Review with the Court which it correctly denied on September 25, 2013.[8,9&10] As a result, a valid and executable contract existed <u>at the latest</u> on

---

[5] Of course, court rulings subsequent to execution and acceptance of the release have impacted the execution of the Release (e.g., the United States Fifth Circuit Court of Appeals' October 2, 2013 "BEL" decision [Case No. 13-30315] and the United States Fifth Circuit Court of Appeals' "Merits" panels' decision of January 10, 2014 [Case No. 13-30095]).
[6] Id., page 2 of 20.
[7] Id., page 13 of 20, Paragraph 16 of Definitions.
[8] The timeline for this claim is as follows:

| | |
|---|---|
| Claim filed: | July 2, 2012 |
| Eligibility Notice issued: | May 20, 2013 |
| BP appeals Eligibility Notice: | May 31, 2013 |
| Release accepted by DHECC: | June 3, 2013 |
| Appeal Panel affirms DHECC determination: | August 26, 2013 |
| Post Appeal Award accepted by Claimant: | August 29, 2013 |
| BP seeks discretionary review of Appeal Panel's decision: | September 10, 2013 |
| Court denied BP's Request for Discretionary Review: | September 25, 2013 |
| United States Fifth Circuit "BEL" Panel decision issued: | October 2, 2013 |

[9] See Exhibit 2, in globo, "Claims Events / Notices".
[10] See Exhibit 3, Denial of Request for Discretionary Court Review Notice.

2

September 25, 2013. In fact, on September 26, 2013, the DHECC stated: "We received the notification that the Court denied BP's request. We are processing this request in the system so that we can move the claim forward to payment."[11]

4.

Under the clear terms of the Release, no court rulings subsequent to the execution and acceptance of the Release (which became effective at the latest on September 25, 2013 when the Court denied BP's Request for Discretionary Review), regardless of whether those decisions ultimately turn out positive or negative for a respective side, have any impact on the validity — and enforceability — of the Release.

5.

This is a straightforward Motion, seeking to enforce terms of a Release. This request is based not only on bedrock principles of contract law, but also express terms of the executed Release itself. As a result, and for the reasons more fully articulated in the attached Memorandum which, by reference, is incorporated into this Motion as if copied *in extenso*, Claimant asks this Court to enforce clear terms of the Release and to lift or otherwise amend its injunction(s) and allow the Claims Administrator to pay the claim referenced in the applicable Release.

6.

In addition, Claimant adopts the Motion and Memorandum of Law filed in this Court by Claimant 100096648 on February 18, 2014 and the Motion filed in this Court by Claimants 100037983, 100106725, 100148856, 100161855, 100157770 and 100139232 on February 19, 2014, and incorporates them by reference. Claimant

---

[11] See Exhibit 4, e-mail strings of September 26, 2013 between undersigned counsel and the DHECC.

requests a hearing on this Motion to be heard jointly or consecutively with the aforementioned Claimants.

Respectfully submitted,

**DANIELL, UPTON & PERRY, P.C.**

/s/David A. Busby

DAVID A. BUSBY
30421 Highway 181
P.O. Box 1800
Daphne, AL 36526
Telephone: (251) 625-0046
Facsimile: (251) 625-0646
AL Bar No. 4991-D67B
dab@dupm.com
ATTORNEY FOR CLAIMANT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been forwarded to all known counsel of record by filing this pleadings in the ECF system on this 21th day of February, 2014.

/s/David A. Busby
DAVID A. BUSBY