UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>**This Pleading Relates To**<br>• 10-4182 (*Alabama v. BP*)<br>• 10-4183 (*Alabama v. Transocean, et. al*)<br>• 13-2645 (*Alabama v. Anadarko & MOEX*)<br>• 13-2646 (*Alabama v. Transocean*)<br>• 13-2647 (*Alabama v. Halliburton*)<br>• 13-2813 (*Alabama v. BP*) | MDL No. 2179<br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

**MEMORANDUM IN SUPPORT OF ALABAMA'S
MOTION TO STRIKE EXPERT OPINIONS AND MOTION FOR ADDITIONAL BRIEFING PAGES**

**BACKGROUND**

1. In its Briefing Schedule Order, the Court granted BP 25 pages for its opening brief; Alabama 25 pages to respond; and, BP 10 or 15 pages in reply. *See* Doc. 12126. The Court reserved the right to seek additional pages for Alabama's brief and BP's reply brief "if necessary to respond to issues raised by other parties." *Id.* at n.1, n.2. The Court did not, however, reserve the right for BP to request an extension of its 25-page limit for its opening brief. *Id.*

2. The question presented by these briefs is whether the Seventh Amendment entitles Alabama to a jury trial for its claims for OPA compensatory damages. *Id.* Whether the Seventh Amendment entitles a party to a jury is a pure question of law, not fact. *See Luera v. M/V Alberta*, 635 F.3d 181, 186 (5th Cir. 2011).

1

3. While we disagree with BP's analysis and conclusion, BP correctly identifies the test for determining whether the Seventh Amendment grants Alabama the right to a jury trial for its OPA economic damage claims:

> The Seventh Amendment 'requires a jury trial on the merits in those actions that are analogous to actions brought in 18th Century English law courts.' *Tull v. United States*, 481 U.S. 412, 417 (1987). The Supreme Court applies a two-part test to determine whether an action is a suit at common law under the Seventh Amendment:
>
>> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.
>
> *Id.* at 417-18 (citations omitted).

Doc. 12345-1 at 19.

4. To bolster its argument on this pure question of law, BP retained Professor James Oldham to, in his words, "***provide an expert opinion*** regarding English legal history in connection with motion practice on whether the State of Alabama is entitled to a jury trial on the claims it has brought against BP." Doc. 12345-2 at 1 (emphasis added).

5. Professor Oldham provided BP with a 15-page "Declaration," which contains a 2-page summary of his findings and conclusions, followed by an 11-page "**Opinions**" section that contains the Professor's review of 18th Century Admiralty and Common Law and his resulting conclusions. We attach the Professor's declaration to this motion. In it, we highlight Paragraphs 4-6 and 31-33, which contain Professor Oldham's expert opinions/conclusions on the legal question presented—*i.e.* whether Alabama's OPA economic damage claims are comparable/analogous to claims brought in the English Courts of Common Law, as opposed to the English Courts of Equity or Admiralty, in 1791. *See* Attachment A at 2-3, 15-16.

6. BP cites Professor Oldham's declaration as authority five times in its 25-page brief. *See* Doc. 12345-1 at 13, 17 n.8, 19.

### ARGUMENT: MOTION TO STRIKE EXPERT OPINIONS

7. In his own words, Professor Oldham was hired by BP "to provide an expert opinion" regarding the pure legal question of Alabama's constitutional right to a jury trial. Attachment A at 1. But Rule 702 allows expert opinions to assist the Court "understand the evidence or determine a fact in issue," not to answer a question of law. Questions of law are the sole province of the Court.

8. Furthermore, even if Professor Oldham's opinions were proper under the rules (and they're not), attaching a declaration of expert opinions to a brief ensures that Alabama has no ability to subject those expert opinions to cross-examination.

9. Accordingly, the Court could properly strike the *entire* declaration as an improper expert report under Rule 702. We consider that result our secondary request for relief.

10. As our primary request, we ask for the lesser remedy of striking only the cited paragraphs that contain Professor Oldham's opinions/conclusions on the legal question presented—leaving the remaining historical treatise. We do so because an understanding of English law in 1791 is important to the Court's decision, and we expect that viewing BP's use of Professor Oldham's research in light of Alabama's gap-filling response will benefit the Court.

11. That said, it is critical to strike Professor Oldham's *conclusions/opinions*—one way or another. If the Court fails to strike Professor Oldham's conclusions/opinions from the record, Alabama feels certain that BP will improperly cite them as proving the ultimate legal question, in this Court and in those to come.

12. Finally, in its order striking Professor Oldham's declaration, Alabama requests the Court additionally order that BP not be allowed to attach another expert affidavit, declaration,

report, etcetera to its reply brief. If BP wishes to include additional facts and/or opinions in its reply, they should be in the body of BP's brief.

### ARGUMENT: MOTION FOR ADDITIONAL PAGES

13. The Court's scheduling order reserves to Alabama the right to seek additional pages "[i]f necessary to respond to issues raised by other parties." Doc. 12126 at 2, n.1. Alabama seeks a total of 15 additional pages under this provision and for good cause shown to respond to (a) BP's 15-page expert declaration/treatise and (b) TO's argument that Alabama took particular actions during the Limitation Proceedings that waived our constitutional right to a jury in later proceedings.

14. Because no Defendant objects to this request, we will be brief. By attaching a 15-page treatise on the question presented to its 25-page brief, and citing the declaration five times, BP effectively extended its opening brief from the approved 25 pages to 40 pages. It would be fundamentally unfair for BP to have 40 pages in opening and 10+ pages in reply, while Alabama is capped at 25 pages total, especially when it is *Alabama's* constitutional right that's at stake. (We note that this 15 pages for 15 pages fairness argument does not account for the additional arguments contained in the TO and HESI briefs, which we will address within the presently requested 15 pages).

15. Alabama understands that *having* 40 pages to respond does not mean that Alabama must *use* 40 pages to respond. Alabama respects the Court's time and will attempt to keep its responsive brief as concise as possible, while still adequately addressing all of the issues raised in the Defendants' briefs and attachments.

## CONCLUSION

The Court should grant the following requests for relief:

1. Strike Paragraphs 4-6 and 31-33 of James Oldham's declaration, or strike the declaration in its entirety, and order that BP cannot file or attach additional expert declarations/reports on the jury trial issue; and,

2. Grant Alabama an additional 15 pages for its brief.

Respectfully Submitted,

LUTHER J. STRANGE
*Attorney General*

 /s/ Corey L. Maze
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130

Phone: (334) 242-7300
Fax:    (334) 242-4891
Email:  cmaze@ago.state.al.us

Attorneys for the State of Alabama

**C**ERTIFICATE OF **S**ERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on **February 21, 2014**.

     /s/ Corey L. Maze
COREY L. MAZE
*Special Deputy Attorney General*