**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | **MDL NO. 2179** |
|    "Deepwater Horizon" in the | * | |
|    Gulf of Mexico, on April 20, 2010 | * | **SECTION: J** |
| | * | |
| | * | |
| **This document relates to all actions.** | * | **HONORABLE CARL J. BARBIER** |
| | * | |
| | * | **MAGISTRATE JUDGE SHUSHAN** |
| | * | |
| | * | |
| | * | |

---

**BP'S RESPONSE TO INITIAL OBJECTIONS AND RESPONSE OF THE
ANDRY LAW FIRM TO THE FREEH REPORT**

BP respectfully submits this Response to the Initial Objections and Response of The
Andry Law Firm to the Freeh Report (Rec. Doc. 12172).  The Court should adopt the
recommendation of the Special Master and apply the unclean hands doctrine to disallow payment
of The Andry Law Firm's claim.  Neither the Settlement Agreement nor principles of *res
judicata* compel this Court to order payment of a claim to a party – like The Andry Law Firm –
which has unclean hands.  *See Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245
(1933) (stating that courts apply the unclean-hands doctrine because "'[t]o aid a party [who has
acted inequitably] would make th[e] court the abettor of iniquity'" (quoting *Bein v. Heath*, 47
U.S. 228, 247 (1848))).

BP bears the cost of any award paid to a party that has acted inequitably, fraudulently, or
unethically.  It thus has a direct and particularly acute interest in the outcome of the Special
Master's recommendation that this Court disallow the payment of The Andry Law Firm's
pending $7,818,693.95 award.

## I.    Background

An exhaustive procedural history of The Andry Law Firm's claim is unnecessary; BP merely highlights the key steps in the claim's chronology.

- On August 14, 2012, The Andry Law Firm filed a *pro se* Business and Economic Loss claim with the Court Supervised Settlement Program ("CSSP").

- On March 20, 2013, the claims facility issued an Eligibility Notice finding that The Andry Law Firm was entitled to $7,648,722.34.  BP appealed.

- The Appeal Panel upheld the initial compensation finding and on June 7, 2013, issued a post-appeal eligibility notice calculating an award amount of $7,818,693.95 to The Andry Law Firm.

- The Andry Law Firm's claim (and its further processing) was placed on hold pending the outcome of the investigation into alleged ethical violations and other misconduct within the CSSP.

- Special Master Freeh's first report, published on September 6, 2013, contained detailed descriptions of the improper conduct of Jon Andry and Gibby Andry with respect to the processing of The Andry Law Firm's claim and efforts to influence the appeal of their claim.  Rec. Doc. 11287 at 45-57.[1]  This conduct formed the

---

[1]    Among his findings, Special Master Freeh wrote, "These [cell phone] records support the inference that Mr. Sutton and the Andrys were engaged in conversations regarding The Andry Law Firm claim." Special Master Freeh also titled a section of his report "The Andrys' Efforts to Influence The Andry Law Firm Appeal Within the DHECC."  Rec. Doc. 11287  at 48-49, 53.

basis for the Special Master's recommendation to disallow the payment of The

Andry Law Firm's claim under the "unclean hands" doctrine.[2]  *Id.* at 88.

- Pursuant to the Court's Show Cause Order, The Andry Law Firm filed "Initial

    Objections and Response" to the Freeh Report.  BP now responds.

## II.   Argument

In its Initial Objections and Response, The Andry Law Firm cites the language of the

Settlement Agreement as well as principles of *res judicata* to argue that its claim must be paid,

despite the overwhelming evidence of its misconduct.[3]  But *res judicata* surely does not apply to

The Andry Law Firm claim because the parties are subject to the ongoing jurisdiction of the

Court,[4] pursuant to which the Court may apply equitable doctrines – such as unclean hands,

disgorgement, or restitution.  These doctrines prevent the payment and allow recovery of claims

awards procured in an inequitable, fraudulent, or otherwise improper manner.  The provision of

---

[2]   This Response is limited to the Special Master's recommendation to disallow the payment of
The Andry Law Firm's claim under the "unclean hands" doctrine and the objections thereto.
BP does not address other possible grounds for challenging The Andry Law Firm's claim,
such as potential miscalculations under the Claims Administrator's now-invalidated
interpretation of the Settlement Agreement, admissions made by The Andry Law Firm during
the Special Master's investigation, that the alleged losses of The Andry Law Firm were not a
result of the spill and are therefore ineligible for payment, or inaccurate statements by The
Andry Law Firm in its appeal panel memoranda.  Further, no award induced by fraud may be
paid under the terms of the Settlement Agreement.  *See* Order, Sep. 6, 2013 (Rec. Doc. 11288)
(instructing the Special Master to investigate and take "legal action" concerning "the
payment of any fraudulent claims").  BP reserves its right to challenge The Andry Law
Firm's claim on other grounds.

[3]   The Andry Law Firm has also filed a separate Motion to Release Hold on Payment to The
Andry Law Firm, Rec. Doc. 12277, which raises similar arguments.  This Court has not yet
set a briefing schedule on The Andry Law Firm's Motion to Release Hold on Payment to The
Andry Law Firm, and BP reserves the right to respond directly to that motion if and when the
Court sets a briefing schedule.

[4]   *See, e.g.*, Settlement Agreement § 18.1, Rec. Doc. 6430 (providing that this Court retains
"continuing and exclusive jurisdiction" of all matters "arising out of or related to the
interpretation, enforcement or implementation of the Agreement").

the Settlement Agreement cited by The Andry Law Firm merely describes the *procedure* for calculating awards under the terms of the Settlement Agreement.  *See* Settlement Agreement § 6.2, Rec. Doc. 6430.  The Andry Law Firm provides no contractual language that would divest this Court of jurisdiction or prohibit this Court from using its equitable powers to prevent the payment of an ill-gotten gain from the CSSP.  Accepting The Andry Law Firm's reading of the Settlement Agreement would lead to the absurd result that this Court's ongoing jurisdiction and supervision of the settlement is toothless because every award affirmed by an Appeal Panelist or Appeal Panel *must* be paid out, and can never be stopped or recovered, no matter what inequity it is based upon or what fraudulent or improper conduct is used to secure it.

Another flaw in The Andry Law Firm's *res judicata* argument is that *res judicata* only bars the relitigation of claims and defenses that "*could have been raised*" in an earlier proceeding. *See RA Global Services, Inc. v. Avicenna Overseas Corp.*, 843 F. Supp. 2d 386, 289 (S.D.N.Y. 2012) (emphasis added); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were *previously available* to the parties . . . .") (emphasis added).  The Andry Law Firm does not identify how and when BP could have raised the equitable defense of unclean hands during the CSSP process.  The CSSP is not an entity, standing alone, to which *res judicata* principles would apply.  *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (stating that one of the four elements that must be met for a claim to be barred by res judicata is that "the prior judgment must have been rendered by a court of competent jurisdiction") (internal citations omitted).  It remains "subject to the ongoing supervision of the Court."  Settlement Agreement § 4.4.7, Rec. Doc. 6430.

Furthermore, The Andry Law Firm does not explain how the defense of unclean hands was "previously available" to the parties.  The Special Master's report detailing misconduct on

the part of The Andry Law Firm with respect to its claim was not published until September 6, 2013 – three months *after* the Appeal Panel upheld the initial compensation finding of The Andry Law Firm's claim.  Therefore, the evidence of The Andry Law Firm's "unclean hands" was not a defense that "could have been raised" in the earlier proceeding before the CSSP because the evidence revealed in the Freeh Report was not yet in BP's possession.

Finally, various civil procedure doctrines recognize the fact that fraud by its very nature conceals, and for that reason "the desire to preserve the finality of judgments" must be balanced against "the incessant command of the court's conscience that justice be done in light of all the facts." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (describing the "countervailing impulses" moderated by Federal Rule of Civil Procedure 60(b)) (internal quotations omitted).  The purposes underlying the doctrine of *res judicata* do not support upholding a determination procured through later-discovered fraud or other misconduct.  *See Turner v. Pleasant*, 663 F.3d 770, 777 (5th Cir. 2011) ("[E]quity will not enforce judgments procured by fraud or bribery.") (citing Restatement (Second) of Judgments § 70 (1982)); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944) ("From the beginning there has existed along side the term rule a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against the judgments regardless of the term of their entry.").

This Court has the authority to disallow the payment of The Andry Law Firm's claim, and it should do so for the reasons stated by the Special Master in his September 6, 2013, report.  Allowing the payment at issue to proceed in the face of the evidence gathered by the Special Master would not only directly harm BP, but undermine the integrity of the CSSP.  *See* Report of Special Master at 10, Rec. Doc. 11287 ("The undisclosed financial interest between Mr. Sutton

and Mr. Jon Andry tainted and corrupted the integrity of the DHECC process and payment of The Andry Law Firm claim should therefore be prohibited under the Unclean Hands Doctrine and well-settled principles of equity, fairness and justice.").  There can be no tolerance for fraud or misconduct when the CSSP processes claims in the first instance, and all appropriate remedies should be pursued to prevent the administration of this court-supervised settlement from contamination by fraud or other injustice.  *See New York Football Giants, Inc. v. Los Angeles Chargers Football Club, Inc.*, 291 F.2d 471, 474 (5th Cir. 1961) ("'[W]here a suit in equity concerns the public interest as well as the private interests of the litigants th[e unclean hands] doctrine assumes even wider and more significant proportions.  For if an equity court properly uses the maxim to withhold its assistance in such a case it not only prevents a wrongdoer from enjoying the fruits of his transgression but averts an injury to the public.'" (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 815 (1945))); *Hazel-Atlas Glass Co.*, 322 U.S. at 246 (the unclean hands doctrine protects against "a wrong against the institutions set up to protect and safeguard the public").  The unclean hands doctrine serves to protect the Court from becoming an "abettor of iniquity," *Keystone Driller Co.*, 290 U.S. at 245, and should be applied here to disallow the payment of The Andry Law Firm's claim.

## CONCLUSION

For the foregoing reasons and those set forth in the Special Master's report of September 6, 2013, BP respectfully requests that the Court overrule the Objections of The Andry Law Firm and disallow the payment of The Andry Law Firm's claim.  At bottom, The Andry Law Firm's position is that a claimant whose actions "tainted and corrupted" the CSSP is entitled to the CSSP's mistaken award, and that there is nothing this Court can do about the claimant's conduct. Neither the law, principles of equity, nor the facts justify such a result.

February 21, 2014

James J. Neath
Mark Holstein
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX  77079
Telephone:  (281) 366-2000
Telefax:  (312) 862-2200


Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone:  (202) 942-5000
Telefax:  (202) 942-5999

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 662-5985
Telefax:  (202) 662-6291

Jeffrey Lennard
Keith Moskowitz
DENTONS US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606
Telephone:  (312) 876-8000
Telefax:  (312) 876-7934

***OF COUNSEL***

Respectfully submitted,

    */s/ Kevin M. Downey*
Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
Telefax:  (202) 434-5029

    */s/ Don K. Haycraft*
S. Gene Fendler (Bar #05510)
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2000
Telefax:  (312) 862-2200

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Telefax:  (202) 879-5200

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.***
***AND BP AMERICA PRODUCTION COMPANY***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of February, 2014.

<div align="center" style="margin-left:40%">

*/s/ Don K. Haycraft*
Don K. Haycraft

</div>