## Claimant's Objection to BP's Request for Discretionary Court Review Regarding Claimant ID No. 100149024 Claim No. 107397

Claimant is a condominium association located in ███████████████. The Appeal Panel correctly awarded Claimant ███████████████████████████ BP's sole argument in its Request for Discretionary Court Review is the Appeal Panel incorrectly considered Claimant's condominium assessments revenue in the damage calculation.

Rule 12 of the Rules Governing Discretionary Court Review of Appeal Determinations provides that a "[r]eview of an Appeal Panel determination will be granted only in **exceptional circumstances**."[Emphasis supplied] For the reasons outlined herein, this is not one of those exceptional circumstances in which the Court should exercise its discretion and grant BP's Request for Review.

Regarding this exact same condominium assessment issue, BP has filed Requests for Discretionary Court Review regarding three other condominium associations that the undersigned represents (i.e. Claimant ID 100112409 Claim ID 62290; Claimant ID 100090585 Claim ID 44668; and Claimant ID 100033737 Claim ID 26762).

On or about September 5, 2013, the Court denied BP's Request for Discretionary Court Review regarding Claimant ID 100112409 Claim ID 62290. Similarly, on or about September 11, 2013, the Court denied BP's Request for Discretionary Court Review regarding Claimant ID 100090585 Claim ID 44668. BP's Request for Discretionary Review regarding Claimant ID 100033737 Claim ID 26762 is still pending with the Court.

Notwithstanding the fact the Court just recently denied two similar Requests for Discretionary Review regarding other condominium associations on this same

1

PLAINTIFF'S EXHIBIT 4

Importantly, the Settlement Agreement does not define "revenue". BP had every opportunity to define "revenue" in the Agreement but choose not to. According to Black's Law Dictionary p. 1344 (8th Edition 2004), "revenue" is defined as gross income or receipts. Condominium assessments are undoubtedly revenue and contribute to the gross income or receipts of a condominium association's business. Indeed, collecting assessments is how a condominium association functions and pays its bills.

As mandated by express terms of the Settlement Agreement, the terms should be viewed in the light most favorable to Claimant to ensure Claimant recovers the maximum amount possible. Furthermore, the Claims Administrator has an obligation to treat all Claimants equally. Therefore, condominium assessments should be considered revenue when calculating damages.

For the foregoing reasons, Claimant respectfully requests that the Court deny BP's request for Discretionary Court Review just as it has on two prior occasions regarding this same condominium assessment issue.

> DANIELL, UPTON & PERRY, P.C.
> **Attorneys for Claimant**
> P. O. Box 1800
> Daphne, AL 36526
> (251) 625-0046
>
> DAVID A. BUSBY

3