UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179 Section: J |
| This Document Applies to: | : : | The Hon. Carl J. Barbier |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | : : : | The Hon. Sally Shushan |

REPLY OF THE SPECIAL MASTER
TO MOTION TO DISMISS OF LIONEL H. SUTTON
TO MOTION FOR RETURN OF PAYMENTS MADE TO CASEY THONN AND OTHERS

COMES NOW Special Master Louis J. Freeh, and respectfully submits his Reply to the Motion to Dismiss Pursuant to Rule 12(b) of Lionel H. Sutton, III (Doc. No. 12339) ("Response"), submitted in response to the Motion of the Special Master for Return of Payments Made to Casey C. Thonn and others (Doc. No. 12107) ("Motion").

The law of restitution is clear: Attorney contingency fees are subject to recoupment where the client's judgment is reversed or voided as a result of the client's fraudulent conduct, even where the attorney did not have knowledge of the fraud and was not a participant in the fraudulent conduct. The Special Master's Motion should be granted.

A. *Analysis*

1. Sutton's Interest in the Thonn Claim is Subject to Restitution.

In his Response, Sutton refers to his interest in the Thonn claims as a 50 percent interest in the fee recovered from the DHECC by Andry Lerner. *See* Response at 4. Sutton says he did not request a "referral" fee. *Id*. He says the payments received were in exchange for work Sutton's firm performed for Thonn prior to the existence of the DHECC and which Sutton and Thonn's subsequent attorneys agreed was worth an amount equal to

50 percent of the fee recovered.  *Id*.; *but see* Sutton Sworn Statement at 126 (July 29, 2013) ("I knew I received a referral -- or a fee for the work I did.  We call them referral fees.  That's what I'm calling it.").

The agreement Thonn signed with Sutton's law firm was a contingent fee agreement, as was Thonn's agreement with Andry Lerner.  *See* Jon Andry filing 11666-1 at ¶ 7 (Oct. 16, 2013).  Regardless of the label attached, any payment to Sutton based on Thonn's alleged harm from the Deepwater Horizon oil spill was contingent upon the success of Thonn's claims and dependent upon a monetary recovery by Thonn.

    2.    The Special Master's Motion States a Valid Claim.

Sutton argues the Special Master's motion for return of property does not state a valid claim because it is not in the form of a complaint listing Sutton in the caption.  Sutton further states that he did not assist Thonn in submitting his claims to the DHECC, and his payments are a *quantum meruit* pay for helping with Thonn's submission to the GCCF.  Sutton also states that the Special Master seeks to recover $91,000 more than the DHECC paid to Thonn and the professionals who assisted him.  These arguments are without merit.

First, pursuant to the Court's Order of September 6, 2013, the Special Master initiated clawback proceedings against Thonn for paid DHECC claims found to be supported by false information and documents.  Thonn's claims were filed with the DHECC under the terms of the Settlement Agreement, as amended on May 2, 2012 (the "Settlement Agreement"), which provides that disputes arising out of or related to the interpretation, enforcement, or implementation of the Settlement Agreement shall be made by motion to the Court.  Settlement Agreement at ¶ 18.1.  The Special Master's motion is appropriate under the DHECC program, and there is no need for a separate civil complaint.

Second, the payments Sutton received resulted from approval and payment of Thonn's claims by the DHECC for alleged damages resulting from the Deepwater Horizon oil spill. Sutton states that the Special Master failed to state a claim because Sutton did not assist Thonn in submitting his claims to the DHECC. The Settlement Agreement, however, provided an orderly transition process for claims filed in the GCCF to be evaluated once the DHECC was established and operating. *See* Settlement Agreement at ¶ 4.2 *et seq*. The payment to Thonn for his DHECC claim was based on the same information for the same period as his GCCF claim, all as contemplated under this transition process in the Settlement Agreement. As the Andry Lerner firm states in its papers, Thonn's DHECC claim is supported by the same facts and documentation as Thonn's GCCF claim. *See* Andry Lerner filing 12348 at 6-7 (Feb. 14, 2014) ("When the claim form was filed with the DHECC the documentation that was contained in the GCCF Thonn file, including the Original and Amended Returns, were electronically transferred over to the DHECC.").

Third, Sutton states that when an attorney representing a client under a contingency fee contract is discharged, the resulting fee is divided between the attorneys on a "quantum meruit" basis. *See* Response at 4. But here, the "contingency" in the fee agreement never should have been triggered, as Thonn was not entitled to the money that DHECC paid him, and by operation of the contingent fee contracts, nor were the attorneys who prosecuted his claim.

Where a client's judgment is reversed or vacated, the attorney's fee paid by contingency fee arrangements may be required to be repaid as restitution. *See Mohamed v. Kerr*, 91 F.3d 1124, 1126 (8th Cir. 1996). The Eighth Circuit explained that "[a]lthough we agree that the law of restitution generally will not require an attorney to repay legal fees

paid by a client from a judgment that is subsequently reversed on appeal, restitution by the attorney is appropriate where such a payment is made pursuant to a contingent fee." *Id*. The contingent fee is the relevant factor, as the attorney's fee in such cases is dependent on "success in the representation, and the attorney assumes, along with the client, the inherent risks of litigation." *Mohamed,* 91 F.3d at 1126-27.

An attorney paid by contingent fee, while not a party to the case, is a real party in interest who receives payment as a beneficial owner of the judgment and is under a duty to restore the amount received if the award is reversed, unsuccessful on appeal or later found to be procured by fraud. *See, e.g., Lowe v. Experian*, 328 F. Supp. 2d 1122, 1129 (D. Kan. 2004) (by entering into contingency fee agreement, an attorney "acquires a beneficial interest in the final award" and therefore is liable for restitution); *Abrahami v. U.P.C. Constr. Co,* 248 A.D.2d 272, 272-73 (N.Y. App. Div. 1st Dep't 1998) (where investors won at trial but lost on appeal, investors' lawyers were required to make restitution of funds representing a contingent fee retained in connection with the matter but not for disbursements retained or made to third parties for client debts).

Here, Sutton was paid pursuant to a contingent fee agreement, and he was only entitled to such contingency fee upon the success of Thonn's claims. Therefore, Sutton was a real party in interest because he acquired a beneficial interest in the final award and became a beneficial owner of the award when he ultimately received $35,700.23, representing half of the contingency fee.

The Louisiana ethics opinion cited by Sutton has application only when a valid fee is being divided among several counsel. Similarly, no question existed as to the validity of the client judgments at issue in *Cooper v. Texaco Inc.*, 961 F.2d 71 (5th Cir. 1992). Here, there is

no client judgment and thus no valid award of attorney's fees.  Thonn, Andry Lerner, Sutton and Coastal Claims Group were never entitled to a penny from the DHECC based upon Thonn's fraudulent seafood claims.

Under these facts, Sutton must return the $35,700.23 he received from Thonn's claims.  No windfall is sought by the Special Master.  The full sum of payments to Thonn – $357,002.35 – are sought from the various parties who benefitted from the payments.  No more than was paid out by the DHECC will be collected, but the rules of joint and several liability may allow for overlapping judgments so that the DHECC can be made whole.

    3.    <u>Sutton is Subject to the Court's Jurisdiction</u>.

Sutton states he is not subject to the Court's jurisdiction because the Special Master's motion does not allege that Sutton served as Thonn's counsel while Thonn was an economic class member, as defined by the Settlement Agreement.  *See* Response at 7.  Sutton, however, has submitted to the Court's jurisdiction by responding to the Court's September 6, 2013 Order to Show Cause.  *See* Response at 8.  Sutton received the Thonn payments while he was a DHECC employee.  Further, Sutton admits that he held a 50 percent interest in Andry Lerner's contingency fee resulting from the DHECC payments, and thus obtained a real interest in Thonn's DHECC claims as a result of his acceptance of the fees.  *See* Response at 4.  These acts subject Sutton to the Court's jurisdiction under the Settlement Agreement.  *See* Settlement Agreement at ¶ 18.1.

    4.    <u>Sutton's Claims for Insufficient Process and Service of Process Fail</u>.

Sutton states that he was provided insufficient process because he was not served with a copy of a Complaint and a Summons.  No such Complaint has been filed, and the Settlement Agreement does not require such a procedure.

On January 8, 2014, Sutton received service of the Special Master's Motion through an email to his counsel in the Show Cause proceedings. The Motion was filed on the Court's docket and also served by the E-Service system used in the Deepwater Horizon multi-district litigation.

Sutton has received proper notice, and has been given an opportunity to contest the Special Master's Motion. Sutton has received the benefit of due process, and his objection should be denied.

### B. *Conclusion*

For the reasons stated in the Special Master's filings, the Court should enter a judgment requiring Lionel H. Sutton, III, to make restitution to the DHECC for the $35,700.23, representing the attorney fees collected by Sutton under contingency fee agreements for Thonn's seafood claims before the DHECC.

                        Respectfully submitted,

                        ____/s/ Louis J. Freeh_____
                        Louis J. Freeh
                        Special Master

Dated:  February 24, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing brief has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this __24th__ day of ____February____, 2014.

      __/s/Louis J. Freeh__
      Louis J. Freeh