| | |
|---|---|
| **From:** | Steve Herman |
| **To:** | Christine Reitano |
| **Cc:** | Rice, Joe; mark.Holstein@bp.com; keith.moskowitz@snrdenton.com; Jim Roy; Orran Brown; Michael Juneau; Lynn Greer; Calvin Fayard (Calvin@fayardlaw.com) |
| **Subject:** | BP Oil - Access to Data |
| **Date:** | Tuesday, February 12, 2013 7:50:51 AM |

Thanks Christine.

I have not had a chance to review the applicable Confidentiality Order(s), but I just reviewed the Settlement Agreement, particularly Sections 4.4.14, 6.1.2.1.1 and 6.8.

While there may be some slight ambiguities, there is nothing which would seem to suggest that, absent extraordinary circumstances, BP can access claim-specific information / claims files prior to the Program's Eligibility Determination (or Denial).

This is consistent with the knowledge, understanding and recollection of Class Counsel about what was negotiated and agreed to.

I am not sure what we discussed over the summer, (and we may have misunderstood or misspoken), but I think an appropriate reading of the Settlement Agreement as a whole is:

1. Claimants, absent exceptional circumstances, have full access to the claims file and claims information, except for the Program's work product, at any time.*

2. Claimants, as well as Class Counsel and BP, gain access to the Claims Administrator's calculations, including accountant workbooks, when the Program issues the first Eligibility or Denial Notice on a claim.

3. BP and Class Counsel are entitled to general, aggregate, non-personal / non-confidential / non-claim-specific reports and other information about the filing and status of claims, at all times.

4. BP does not get, (absent some exceptional circumstances), access to the claim-specific claim files, claim information, or Claims Administrator's calculations, until after the Program issues the first Eligibility or Denial Notice on the claim.

5. Class Counsel is not generally / automatically provided with access to

> the claim-specific claim files, claim information, or Claims Administrator's calculations, until after the Program issues the first Eligibility or Denial Notice on the claim; however, Class Counsel can communicate with the Program regarding specific claims information and issues where the Class Member (and/or the Class Member's Attorney and/or CPA) has requested the assistance of Class Counsel.

Thanks.

*We believe the Claimant should always be provided with full access to all claims information, but understand the Claims Administrator's position regarding Program worksheets / calculations and investigations of potential fraud.

On Feb 12, 2013, at 12:06 AM, "Christine Reitano" <creitano@dheclaims.com> wrote:

> Joe
>
> The Confidentiality Order has no specifics.  It provides that claimants and the Parties have the access to claims information permitted by the Settlement Agreement.  There is no Order that defines that access.
>
> The various provisions in the Settlement Agreement that touch upon this issue are not clear and in several respects conflict on what access is allowed before or after a "final notice."  The Settlement Agreement does not define what is meant by "final notice."  To gain some clarity, we met with BP and Class Counsel in July and mapped out the options for the scope and timing of access.  I am not certain, but I believe you may have joined that session by phone.
>
> It was agreed then that:
>
>> 1. Claimants, Class Counsel and BP have full access to the claims file and claims information, except for the

> Claims Administrator's calculations, at any time.
>
> 2.     Claimants, Class Counsel and BP gain access to those calculations, including accountant workbooks, when the Program issues the first Notice on a claim.

That is how it was set it up and how it has been administered it since.

Of course, if the Parties wish to revisit the issue, we can set that up.

Thank you,

Christine

On Feb 10, 2013, at 9:51 PM, "Rice, Joe" <jrice@motleyrice.com> wrote:

> While we appreciate your getting this to us the timing makes it impossible for us to deal with the issue NOW. Please note many of us believe the memo creates and recognizes a breach of the confidentiality provisions and would like to set up a discussion in the near future. The central point is we have a final District court order that says the only time BP or CC get data on individual claim bases is after the Claim is given an eligibility notice and the previous accommodations are not consist with the Order.