| | |
|---|---|
| **From:** | Steve Herman |
| **To:** | "Cantor, Daniel A." |
| **Cc:** | jimr@wrightroy.com; "Holstein, Mark E"; Moskowitz, Keith; Calvin Fayard (Calvin@fayardlaw.com); Rice, Joe (jrice@motleyrice.com); creitano@dheclaims.com; obrown@browngreer.com; lgreer@browngreer.com; pjuneau@dheclaims.com; mjuneau@dheclaims.com |
| **Subject:** | BP Oil - Data Access |
| **Date:** | Wednesday, February 13, 2013 10:26:47 PM |

We can discuss when we meet with the Claims Administrator, but I am not sure that there was a conscious and material intent to not repeat "Claims-Related Data" along with Claims Files in the second sentence.  (That the language utilized by the parties was not perfect is evidenced by other slight imprecisions within and between Sections 4.4.14, 6.1.2.1.1 and 6.8.)  Nevertheless, and in any event, "Claims-Related Data" refers to general, aggregate, non-personal, non-confidential information about the general nature and status of various types of claims, (access to which is not in dispute); it doesn't mean all of the specific information from individual Claims Files simply extracted into Excel spreadsheets.

**From:** Cantor, Daniel A. [mailto:Daniel.Cantor@APORTER.COM]
**Sent:** Wednesday, February 13, 2013 10:12 PM
**Subject:** Data Access

Dear Christine,

We are writing on behalf of BP with regard to the issue of data access.  The Settlement Agreement provides for broad, transparent access to claims data.  The only exception is that neither BP nor Class Counsel have access to the internal workpapers of the Settlement Program evaluating a claim until the claim is determined.  As you noted in your prior email, these rules were confirmed by the parties during a summer 2012 Claims Administration Panel meeting.  The current data access provided by the Settlement Program fully complies with the terms of the Settlement Agreement and the rules confirmed by the Claims Administration Panel.  Limitations on the data currently provided are not permitted.

Section 4.4.14 of the Settlement Agreement provides:  "BP and Class Counsel shall have access to all Claim Files and Claims-related data transferred to or generated in the Settlement Program for any legitimate purpose including, without limitation, the operation of BP's separate OPA facility, prosecuting and defending appeals, reviewing and auditing the Settlement Program, reporting financial results, and pursuing indemnification, contribution, subrogation, insurance and other claims from third parties. However, BP and Class Counsel shall not have access to any Claim Files for Claims that are being processed and have not yet been resolved in the Settlement Program except if the Claim File is needed by BP, a Claimant, or their counsel to prosecute or defend an Appeal".  Similar language is also contained in the Court's Order Regarding Settlement Implementation.  As this language makes clear, the Settlement Agreement provides for full, unhindered access to "Claims-related data".  There are no limitations on the parties' access to "Claims-related data".  The data contained in the weekly excel--objective data regarding claims filed--constitutes "Claims-related data" under Section 4.4.14 and therefore both parties have full access to such

data at all times.  The only limitation in Section 4.4.14 is irrelevant to the issue at hand.  This limitation, which was agreed to by the parties to ensure that there would be no interference with the Settlement Program's evaluation of a claim while it is in process, simply requires that the Settlement Program not provide its internal work papers and evaluation of claims (referred to in the Settlement Agreement as the Settlement Program's "Claims Files") until the claim is determined.

How Section 4.4.14 is implemented was the subject of detailed discussion at a summer 2012 Claims Administration Panel meeting.  You likely recall that Orran put a detailed grid regarding data access on the whiteboard, and all parties confirmed that, consistent with the terms of the Settlement Agreement, there would be full, transparent access to data with the limited exception of pre-determination Settlement Program workpapers evaluating a claim.  Indeed, there was a followup teleconference attended by the parties and the Settlement Program where this process was confirmed yet again.

Simply put, there is no basis for Class Counsel's attempt to limit BP's access to data that it is entitled to under the Settlement Agreement and pursuant to the confirming rules agreed to through the Claims Administration Panel process.  BP trusts that the Settlement Program will not impose any limitations on the data currently made available.  Thank you for your attention to this matter.

Dan

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

------------------------------------------------------------------
For more information about Arnold & Porter LLP, click here :
http://www.arnoldporter.com