**From:** Steve Herman
**To:** Christine Reitano (creitano@dhecc.com); "Michael Juneau"
**Cc:** "James Roy"
**Subject:** BP Oil - Access to Data
**Date:** Wednesday, March 13, 2013 6:38:48 AM

Dear Mike and Christine,

I am not completely sure that I understand this, nor that I remember exactly what we agreed to last summer, but I don't think there is any way that Jim or I would have ever agreed that BP would get access to notes or other information about an individual Claim or Claimant without a Class Member being provided with the same access. (If that's, in fact, the case.) My recollection is that the meeting / call we had was primarily about what information, if any, would be withheld from the Claimant in the case of suspected "fraud". I also recall that at some point we decided, or confirmed, that the Program's own "work product" would not be made available until there was a formal Determination, in the form of the final "spreadsheet". If the "Global Notes" are part of the Program's "work product", then it makes no sense that BP would get access to that (at any time) – and I don't think that there is anything in the Settlement Agreement that even remotely supports that. (Sounds like it could be a hold-over from GCCF days(?))

I apologize to the extent that I might not have a full understanding, as I have not had a chance to speak with John, as Jim and I are tied up in and focused on the trial.

But I did want to give you my reaction to what we were told.

Thanks.

---

**From:** John Creevy
**Sent:** Tuesday, March 12, 2013 4:12 PM
**Subject:** BP - Data Access Meeting

Caroline, Baden, Tommy and I attended with Moskowitz, Holstein, Cantor and led by Orran and Pat.

Orran outlined current data access. BP gets claim forms, supporting documents, posted reports and GLOBAL NOTES from day one, and then notices, review findings, accountant workbooks after the Eligibility/Denial

Notice is issued. CC also gets global notes, but claimant does not.

Pat and Orran believe that this access policy was agreed to by the parties at a meeting held back in June. Supposed to be a meeting where Jim was present and Steve was on the phone. Claim to have discussed the relevant SA provisions and outlined all of the access on a whiteboard and parties agreed.

Global notes access is an issue since BP and CC get access to notes in real time as entered by the claim processors, but Claimant does not.  This is "internal" and not part of the Claim File and is not provided to Appeal Panelists, (although BP could presumably use this information in preparing their appeals).  In the event that the policy changes to provide access to the Claimant and the Appeal Panelists, Pat is concerned that there may be comments in these notes that reflect poorly on the Claimant or the Vendors.
BP also gets 4 reports from an FTP site.  We did not know about this site and Baden has requested access (maybe info was sent to Steve/Jim, but we can't find any emails informing us).

---

**From:** Steve Herman <SHERMAN@hhklawfirm.com>
**Date:** February 12, 2013, 8:50:50 AM EST
**Subject: BP Oil - Access to Data**

Thanks Christine.

I have not had a chance to review the applicable Confidentiality Order(s), but I just reviewed the Settlement Agreement, particularly Sections 4.4.14, 6.1.2.1.1 and 6.8.

While there may be some slight ambiguities, there is nothing which would seem to suggest that, absent extraordinary circumstances, BP can access claim-specific information / claims files prior to the Program's Eligibility Determination (or Denial).

This is consistent with the knowledge, understanding and recollection of Class Counsel about what was negotiated and agreed to.

I am not sure what we discussed over the summer, (and we may have

misunderstood or misspoken), but I think an appropriate reading of the Settlement Agreement as a whole is:

1. Claimants, absent exceptional circumstances, have full access to the claims file and claims information, except for the Program's work product, at any time.*
2. Claimants, as well as Class Counsel and BP, gain access to the Claims Administrator's calculations, including accountant workbooks, when the Program issues the first Eligibility or Denial Notice on a claim.
3. BP and Class Counsel are entitled to general, aggregate, non-personal / non-confidential / non-claim-specific reports and other information about the filing and status of claims, at all times.
4. BP does not get, (absent some exceptional circumstances), access to the claim-specific claim files, claim information, or Claims Administrator's calculations, until after the Program issues the first Eligibility or Denial Notice on the claim.
5. Class Counsel is not generally / automatically provided with access to the claim-specific claim files, claim information, or Claims Administrator's calculations, until after the Program issues the first Eligibility or Denial Notice on the claim;  however, Class Counsel can communicate with the Program regarding specific claims information and issues where the Class Member (and/or the Class Member's Attorney and/or CPA) has requested the assistance of Class Counsel.

Thanks.

*We believe the Claimant should always be provided with full access to all claims information, but understand the Claims Administrator's position regarding Program worksheets / calculations and investigations of potential fraud.