# MEMORANDUM

**To:** Patrick A. Juneau
     Claims Administrator

**From:** Class Counsel

**Re:** Access to Data

**Date:** March 22, 2013

### Background

There are three key provisions in the Settlement Agreement which relate to the access of Parties to data: Section 4.4.14, Section 6.1.2.1.1 and Section 6.8.

The core principles that were made abundantly clear and agreed to by all during the negotiations and which are memorialized in the provisions include: **(I)** The Claimant would have an absolute right to see exactly how his or her claim had been calculated and/or otherwise evaluated by the Program and what the calculation, evaluation and/or denial was based upon. **(II)** BP would have no right to access the individual claim file information, participate in, or otherwise influence the processing or evaluation of a claim before there was a formal Eligibility Notice. **(III)** After there was a formal Eligibility Notice or Denial, both BP and Class Counsel (as well as the Claimant) would have access *to the extent that*, in BP's case, an appeal could be taken or defended, and, in Class Counsel's case, a Class Member could obtain assistance from Class Counsel in making or defending an appeal.

It was also agreed that the Claims Information would remain "confidential" under Pre-Trial Order No. 13, as memorialized in the Court's ORDER REGARDING SETTLEMENT IMPLEMENTATION (May 22, 2012) [Doc 6573], ¶ 4.

The Court's Order further made it clear that: "That the Claims Administrator is authorized to release copies of Claims Information submitted by the claimant to that claimant upon the written request of the claimant or the claimant's authorized representative." ¶ 5.

While the Court's Order provided that BP and Class Counsel "shall have access to all Claims Files and Claims Information for any legitimate purpose including the operation of BP's separate OPA facility, prosecuting and defending appeals, reviewing and auditing the Settlement Program, reporting financial results, and pursuing indemnification, contribution, subrogation, insurance and other claims from third parties"; the Order, like the Settlement Agreement, also made it clear that:

> However, BP and Class Counsel shall **not** have access to any individual Claim File for a Claim that is being processed and has not yet been resolved in the Settlement Program, except if the Claim File is needed by BP, a Claimant, or their counsel, to prosecute or defend an Appeal.

ORDER REGARDING SETTLEMENT IMPLEMENTATION (May 22, 2012) [Doc 6573], ¶ 9.

Over the summer, Co-Lead Class Counsel recall a couple of meetings and/or calls to discuss: **(1)** the extent to which Claimants would be provided with access to and/or information about why they might be investigated for potential "fraud"; and, **(2)** the extent to which Claimants would have access to draft or preliminary or otherwise incomplete work product of the Program Accountants and/or other Program Vendors prior to the formal Eligibility Determination or Denial.

As expressed in Class Counsel's E-Mail of February 12, 2013, a general summary of the application would be:

1. Claimants, absent exceptional circumstances, have full access to the claims file and claims information, except for the Program's work product, at any time.[1]
2. Claimants, as well as Class Counsel and BP, gain access to the Claims Administrator's calculations, including accountant workbooks, when the Program issues the first Eligibility or Denial Notice on a claim.[2]
3. BP and Class Counsel are entitled to general, aggregate, non-personal / non-confidential / non-claim-specific reports and other information about the filing and status of claims, at all times.
4. BP does not get, (absent some exceptional circumstances), access to the claim-specific claim files, claim information, or Claims Administrator's calculations, until after the Program issues the first Eligibility or Denial Notice on the claim.
5. Class Counsel is not generally / automatically provided with access to the claim-specific claim files, claim information, or Claims Administrator's calculations, until after the Program issues the first Eligibility or Denial Notice on the claim; however, Class Counsel can communicate with the Program regarding specific claims information and issues where the Class Member (and/or the Class Member's Attorney and/or CPA) has requested the assistance of Class Counsel.

---

[1] As noted in Class Counsel's E-Mail of Feb. 13, 2013: We believe the Claimant should always be provided with full access to all claims information, but understand the Claims Administrator's position regarding Program worksheets / calculations and investigations of potential fraud.

[2] Actually, BP would only be provided with access to the extent necessary to prosecute or defend an appeal.

## Comments Regarding Claims' Administrators March 19th Memorandum

Section 4.4.14 of the Settlement Agreement and Paragraph 9 of the Court's Settlement Implementation Order make it clear that BP "shall not have access to any Claim Files for Claims that are being processed and have not yet been resolved in the Settlement Program except if the Claim File is needed by BP, a Claimant, or their counsel to prosecute or defend an Appeal."

In section 2(b) of the Claims Administrator's March 19th Memo, however, the Claims Administrator indicates that "Access to Confidential Information Before Issuance of an Eligibility Notice or a Denial Notice" shall be given to BP (and Class Counsel) including "Access to the Claim Files and Claims Database relating to all Claimants and to Claim Reports."

Co-Lead Class Counsel do not recall any agreement (or even a discussion) about providing BP with such access prior to an Eligibility Determination or Denial.

However, even assuming *arguendo* that the Claims Administrator understood that Class Counsel had agreed, neither individual Class Members nor the Court have authorized such disclosure to BP.

Many businesses are not interested in making their tax records and other financial data available to BP, which in some instances may be a creditor, vendor, or customer of the Claimant.  These businesses understand that if they receive an favorable Eligibility Notice, BP will then have the right to review the data in order to exercise their appeal rights.  However, should they not be found eligible to receive compensation by the Settlement Program, none of their information should be provided to BP.

We would respectfully suggest that this is not a discretionary issue.  Rather, the issue is governed by the Court's Order and the clear language of the Settlement Agreement.