| | |
|---|---|
| **From:** | Steve Herman |
| **To:** | "Patrick Juneau" |
| **Cc:** | Jim Roy; "mjuneau@dheclaims.com"; "David Odom"; Chris Reade (readec@dheclaims.com); Frank Piantidosi; "Robinson, Geir"; "mark.holstein@bp.com"; Moskowitz, Keith (keith.moskowitz@dentons.com) |
| **Subject:** | BP Oil - Access to Data |
| **Date:** | Thursday, October 24, 2013 12:52:10 AM |
| **Attachments:** | MEM Claims Administrator - Access to Data 3-22-2013.pdf |
| | Herman E-Mail to Reitano et al re Data Access 2-12-2013.pdf |
| | Herman E-Mail to Cantor et al re Data Access 2-13-2013.pdf |

Dear Pat,

Apparently, during some of the recent IT or other "workstream" meetings, it was suggest that Jim and/or I, during the Summer of 2012, "agreed" that BP could access individual Claims Files and/or other individual Claims Data prior to a formal Eligibility Determination.

Jim and I do not recall that; rather, the agreement we recall achieving during the Summer of 2012 was an agreement that the Claimant, in some cases, where the Claimant was being investigated for possible fraud, would not be provided with documents or other information about what the alleged or suspected fraud was. The discussion, to the best of our recollections, only addressed what the Claimant would (or would not) be entitled to, and not access to data or information by BP.

Nevertheless, and in any event, the position of Jim and I today and moving forward is: **(i)** Class Counsel did not agree that BP would be provided with access to Claimant- or Claim-specific documents or information until after there was a formal Eligibility Determination or Denial by the Program; **(ii)** even assuming *arguendo* that we did purport to "agree" to that at some point in time, we likely had no authority to "agree" to something that was expressly prohibited by not only the Settlement Agreement but also by Court Order, and **(iii)** to the extent that any previous "agreement" was made, it is hereby revoked.

I am attaching, for further reference and consideration, a Memo from Class Counsel regarding this issue dated March 22, 2013, as well as two previous e-mail exchanges, from February 12th and 13th of this year. * (I do not recall what, if any, additional meetings or discussions may have occurred since March 22nd.)

As always, we appreciate your time and consideration in this matter.

Respectfully submitted,
Co-Lead Class Counsel

* Moreover, as I think we have recently noted in light of BP's advertising and media campaign, even the access to which BP is entitled under Section 4.4.14 to aggregate and/or post-determination data, is limited to "legitimate purposes", and certainly not for any purpose contrary to Sections 9.1, 16.1 and/or 17.1 of the Settlement Agreement.

Stephen J. Herman, Esq.
Herman Herman & Katz LLP
Office (direct): (504) 680-0554
E-Mail: sherman@hhklawfirm.com