**Steve Herman**

| | |
|---|---|
| **From:** | Steve Herman |
| **Sent:** | Monday, November 11, 2013 2:53 PM |
| **To:** | 'Cantor, Daniel A.' |
| **Cc:** | jimr@wrightroy.com; pjuneau@dheclaims.com; mjuneau@dheclaims.com; dodom@dheclaims.com; piantidosi@freehgroup.com; 'Holstein, Mark E'; 'keith.moskowitz@dentons.com' |
| **Subject:** | BP Oil - Transparency and Data Access |
| **Importance:** | High |

(1) Transparent in the sense that each CLAIMANT would know (a) in advance, the Frameworks by which his/her claim would be processed; and (b) at the time of denial/determination, the basis upon which his/her claim had been calculated or denied.   (No one ever expressed any significance or concern about the inner workings of the Settlement Program, much less the confidential information contained within Claims Files, being "transparent" to BP.)

(2) The Agreement is clear: "BP and Class Counsel shall not have access to any Claim Files for Claims that are being processed and have not yet been resolved in the Settlement Program except if the Claim File is needed by BP, a Claimant, or their counsel to prosecute or defend an Appeal." Section 4.4.14.

(3) As explained on several occasions:  We did not agree to this. If someone believes we did, they are mistaken. We certainly don't agree to it now.  And it is highly questionable that we even have the authority to agree to something contrary to the express terms of not only the Settlement Agreement but an Order of the Court.

(4) You stated the legitimate reason yourself:  To ensure that the Settlement Program would be INDEPENDENT, by "ensuring that there would be no interference with the Settlement Program's evaluation of a claim while it is in process."

---

**From:** Cantor, Daniel A. [mailto:Daniel.Cantor@APORTER.COM]
**Sent:** Monday, November 11, 2013 2:20 PM
**Subject:** RE: BP Oil - Transparency and Data Access

Steve,

Obviously we disagree.   And we are perplexed as to why you are so opposed to basic transparency.   Our letter speaks for itself and explains in detail why your formulation below is wrong.  We will simply note here that the right of both parties to the objective claims data at issue is confirmed by (i)  your demand from the outset that the claims process be transparent, (ii)  the terms of the Agreement (which you have to ascribe to a non-existent drafting error to reach the result you now seek), (iii) your and Jim Roy's agreement at the prior Claims Administration Panel  meeting and followup conference call to the access to the very data now

at issue (which everyone else is clear you made and which of course is directly at odds with the position you are now taking), and  (iv) the fact you cannot point to a single legitimate reason why transparency should be curtailed.  Thanks.

Dan

---

**From:** Steve Herman [mailto:SHERMAN@hhklawfirm.com]
**Sent:** Sunday, November 10, 2013 8:53 AM
**To:** Cantor, Daniel A.
**Cc:** jimr@wrightroy.com; pjuneau@dheclaims.com; mjuneau@dheclaims.com; dodom@dheclaims.com; piantidosi@freehgroup.com; 'Holstein, Mark E'; 'keith.moskowitz@dentons.com'
**Subject:** BP Oil - Transparency and Data Access

So you are saying that, although no access to the Claims Files "was agreed to by the parties to ensure that there would be no interference with the Settlement Program's evaluation of a claim while it is in process," we nevertheless intended and agreed that BP would be allowed extract and utilize all of that very same information in a different format?

Of all the disingenuous nonsense I have heard out of BP in the last year, this might take the cake.

---

**From:** Cantor, Daniel A. [mailto:Daniel.Cantor@APORTER.COM]
**Sent:** Saturday, November 09, 2013 4:41 PM
**Subject:** Transparency and Data Access

Please see the attached letter.  Thank you.

Dan

---

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

-------------------------------------------------------------------------
For more information about Arnold & Porter LLP, click here :
http://www.arnoldporter.com


CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

--------------------------------------------------------------------
For more information about Arnold & Porter LLP, click here :
http://www.arnoldporter.com