UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| | * | SECTION J |
| "Deepwater Horizon" in the Gulf | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |
| of Mexico, on April 20, 2010 | * | |

This Document Relates to: 12-970

*******************************************************************************

## MOTION TO ENFORCE SETTLEMENT RELEASE AND TO OTHERWISE MODIFY INJUNCTION

NOW INTO COURT, through undersigned counsel, comes Claimant 100096648[1], who respectfully moves this Court to enforce the clear terms of the Release Claimant signed and, if necessary, to modify this Court's Injunctions of October 18, 2013 (Doc. 11697) and December 5, 2013 (Doc. 11928). In support, Claimant avers as follows:

1.

BP proposed[2] — and Claimant accepted[3] — a Release that assured Claimant that upon execution of the Release, any future court decisions — good or bad — would have no impact on the validity and enforceability of the executed Release.[4] Claimant

---

[1] Because of the confidentiality of individual Claimants and Claim-specific files, documents or other information (See Doc. 6430-1, "Deepwater Horizon Economic and Property Damages Settlement Agreement As Amended on May 2, 2012" (Settlement Agreement) Section 4.4.1, Doc. 6822, "Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement," Doc. 6573, "Order Regarding Settlement Implementation" ¶4, and Pre-Trial Order No. 13), undersigned counsel refers to Claimant pursuant to its Claim Number and has redacted identifying information in this submission.  Since an Eligibility Notice issued in this claim, and BP availed itself of its appellate rights, BP is aware of the name of this Claimant and the specifics of the claim.  Claimant will file additional pleadings under seal as directed by the Court.
[2] See Doc. 6430-45, Exhibit 26 to Motion to Preliminarily Approve Class Action Settlement, and Doc. 6430-1, Section 25.1 of the Settlement Agreement.
[3] Exhibit 1.
[4] Id., Page 2 of 20, fifth paragraph and Paragraph 16 of Definitions, page 13 of 20.

signed the Release and the Release was accepted weeks before any court decision was handed down that has since been debated and which has also been the basis for delay of payment of this claim. [5]

2.

The operable language of the Release states that:

> **…** it is possible that the terms of the proposed settlement may change in the future—for better or for worse—as a result of further legal proceedings. However, if you sign this Individual Release, none of those uncertain future events will affect you. **….** In fact, even if the Court does not approve the proposed class action settlement agreement or the approval is reversed by an appellate court, you shall continue to be bound by this Individual Release.[6]

And:

> 16. **Continuing Effectiveness of Agreement.** This **Individual Release** shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the **Released Parties** in any current or future litigation. **THIS INDIVIDUAL RELEASE SHALL ALSO REMAIN EFFECTIVE REGARDLESS OF WHETHER THE SETTLEMENT AGREEMENT RESOLVING THE CLAIMS OF THE ECONOMIC CLASS IS APPROVED.**[7]

3.

The Claimant executed the Release and the Release was accepted on September 17, 2013 and the post-appeal awarded was accepted by Claimant on September 19, 2013.[8]  Importantly, BP did not avail itself of its right to seek

---

[5] Of course, court rulings subsequent to execution and acceptance of the release (and expiration of BP's appellate rights) have impacted the execution of the Release (e.g., the United States Fifth Circuit Court of Appeals' October 2, 2013 "BEL" decision [Case No. 13-30315] and the United States Fifth Circuit Court of Appeals' "Merits" panels' decision of January 10, 2014 [Case No. 13-30095]).

[6] Id., page 2 of 20.

[7] Id., page 13 of 20, Paragraph 16 of Definitions.

[8] The timeline for this claim is as follows:

| | |
|---|---|
| Claim filed: | September 24, 2012 |
| Eligibility Notice issued: | June 21, 2013 |
| BP appeals Eligibility Notice: | July 13, 2013 |
| Appeals Panel affirms DHECC determination: | September 13, 2013 |
| Release accepted by DHECC: | September 17, 2013 |
| Post Appeal Award accepted by Claimant: | September 19, 2013 |
| Deadline for BP to seek discretionary review of Appeal Panel's decision: | September 27, 2013 |

discretionary review of the Appeals Panel's decision, which expired on September 27, 2013.[9] As a result, a valid and executable contract existed on September 28, 2013. In fact, all "Claim Payment Documentation" was accepted by the Claims Administrator on October 1, 2013.[10]

4.

Under the clear terms of the Release, no court rulings subsequent to the execution and acceptance of the Release on September 17, 2013 (which became effective on September 28, 2013 upon the expiration of BP's right to seek discretionary review of the Appeal Panel's decision), regardless of whether those decisions ultimately turn out positive or negative for a respective side, have any impact on the validity — and enforceability — of the Release.

5.

This is a straightforward Motion, seeking to enforce terms of a Release. This request is based not only on bedrock principles of contract law, but also express terms of the executed Release itself. As a result, and for the reasons more fully articulated in the attached Memorandum which, by reference, is incorporated into this Motion as if copied *in extenso*, Claimant asks this Court to enforce clear terms of the Release and to lift or otherwise amend its injunction(s) and allow the Claims Administrator to pay the claim referenced in the applicable Release.

---

    All "Claim Payment Documentation" accepted by DHECC:    October 1, 2013
    United States Fifth Circuit "BEL" Panel decision issued:    October 2, 2013
 See Exhibit 2, in globo, "Claims Events / Notices" and "Claimant Details."
[9] See Exhibit 3, in globo, e-mail strings of September 30, 2013 and October 15, 2013 between undersigned counsel and DHECC Appeals Coordinator confirming that BP did not seek discretionary review of this claim.
[10] See Exhibit 2, Claim Events / Notices.

Respectfully submitted,

**WHALEY LAW FIRM**
/s/ J.R. Whaley

JOHN RANDALL WHALEY
3112 Valley Creek Drive, Suite D
Baton Rouge, LA 70808
Telephone: 225.302.8810
Facsimile: 225.302.8814
La. Bar Roll No. 25930
jrwhaley@whaleylaw.com
ATTORNEY FOR CLAIMANT

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been forwarded to all known counsel of record by filing this pleadings in the ECF system on this 25th day of February, 2014.

/s/J.R. Whaley
J. R. WHALEY