## Debbie Deshotel

| | |
|---|---|
| **From:** | Greg Paw <paw@freehgroup.com> |
| **Sent:** | Friday, January 10, 2014 11:17 AM |
| **To:** | Jason Kenney |
| **Cc:** | Tony Staines; Debbie Deshotel |
| **Subject:** | Coastal Claims Group |
| **Attachments:** | 01.08.14 #12107 Motion of the Special Master and Supporting Memorandum.pdf; Exhibit A #12107-1.pdf; Exhibit B #12107-2.pdf; Exhibit C #12107-3.pdf; Exhibit D # 12107-4.pdf; Exhibit E #121705-5.pdf; Exhibit F #12107-6.pdf; 20140110_114216.pdf |

Mr. Kenney --

Thank you for your note of yesterday concerning the Special Master's filing of January 8, 2014.  I was rather surprised by the tone of your note, particularly as you and I have had no prior communications.  You may disagree with our position, but I trust we can communicate in a professional manner about this matter.

Your client signed a document entering an appearance before the Court in the Deepwater Horizon matter in Mr. Thonn's case and in many other cases.  Your client has received compensation for accounting claims directly from Deepwater Horizon Economic Claims Center ("DHECC") for such work.  If you think there is a jurisdictional issue for your client under these facts, I am sure the Court will consider your position.  Please let us know if your client does contest the Court's jurisdiction, as we will then review whether the DHECC should continue to consider documents prepared by your client given your client assertion that it is not subject to the Court's oversight for such submissions.

You stated that your client was not properly served with our moving papers.  I did not have counsel information for your client when we filed our papers, but I have attached a copy of our papers to this email for you.  If you will not accept this delivery on behalf of your client, please let me know promptly.  I will then arrange for the U.S. Marshal Service to serve your client personally at his home or place of business.

You may not have yet had a chance to review Exhibit B to our moving papers.  The first two pages of this exhibit are an invoice from your client to Jonathan Andry.  The invoice represents that the "Amount Due" for work performed on Mr. Thonn's DHECC seafood claims is "$20,182.50."  Any amount of money paid on Mr. Thonn's seafood claims that was used to satisfy this "Amount Due" is subject to the motion for return of property.  So that there is not misunderstanding on this matter, I have attached a subpoena to you for records from your client on such payments.  The return date for the subpoena is January 21, 2014.  We would welcome responsive documents in advance of that date, if that is possible.



EXHIBIT

8

The clerk has accepted filings from a wide variety of entities and persons with various roles in the Deepwater Horizon case.  I am sure that the clerk will work with you to explain how you can make a filing of an opposition in this matter.

If your client wishes to make a payment of the $20,182.50 plus interest and costs and resolve this matter, please advise me so that we can draft an appropriate agreement.

Regards,

Gregory A. Paw

Counsel to Special Master Louis J. Freeh