**From:** Jason Kenney
**Sent:** Friday, January 10, 2014 4:23 PM
**To:** Greg Paw
**Cc:** Debbie Deshotel; Tony Staines
**Subject:** RE: Coastal Claims Group

Mr. Paw,

Thank you for the response. I'm sorry if you inferred a tone in my email. I have no doubt we can work professionally, but I trust that you understand the nature of my representation as opposed to the nature of yours. You have accused an innocent third party of being complicit in an alleged fraud and you did so by simply sticking them in a summary motion in civil proceedings and sending that pleading, via email, to a member of the LLC. Not exactly the normal course of things. You then seek a finding that these hard-working professionals should be forced to pay back money (more than what they even earned) despite that it was money made through honest and legal means. Coastal and their members are none too happy about that and they don't take it lightly.

As a preliminary matter, who is your client? I see that your signature block says "Counsel to Special Master Louis Freeh", but I'm not sure what that means. Do you represent Louis Freeh, personally? Do you represent BP? Do you represent the DHECC? I need this information for purposes of a conflict check and so I can know the identity of Coastal's opponent for purposes of correspondence, discovery, service, etc.

I think either you misunderstood my position on service and process or I did a poor job of explaining it. I will try to clarify my position, however to answer your specific question, Coastal will not waive service of any documents nor will I accept service on their behalf. Please properly serve all documents, pleadings, etc., including the subpoena you attached to your email.

Regarding process, I think it is completely improper to merely add Coastal as a party to be cast in judgment before you have filed any initial pleadings against them. Think about it from a practical matter – I won't even get notice of the date oppositions are due because Coastal has never been added as a party to the CM/ECF database for this dispute. I can't run a conflicts check on the case because I'm not sure of the parties to the dispute. I'm not even sure your client has standing to make the claims you have made. It seems only the DHECC should have such standing. Moreover, your argument that Coastal has signed things which were submitted to the DHECC, by other claimants is wholly irrelevant. Coastal is neither a claimant in the litigation nor has it filed any pleadings or claims on its own behalf or anyone else's' behalf.

In this case you are seeking the legal remedy of restitution for an alleged wrongdoing. To demonstrate that you are entitled to restitution you must prove an underlying wrong – i.e. a conviction for a criminal act or a legal adjudication of unjust enrichment. There is no such judicial determination on unjust enrichment nor has Coastal and/or its members ever been accused, much less convicted, of some criminal fraud/wrongdoing. I think I'm correct in saying that you can't simply toss Coastal on a proposed judgment at the end of some litigation with a different party or parties. If the DHECC , the Special Master, or anyone else has a claim to make against Coastal for alleged wrong doing they should do so through the proper legal process. Then, Coastal will have the opportunity to file exceptions to the Petition, answer the allegations, make counter or cross-claims, undertake discovery to determine the



EXHIBIT 9

basis for the allegations, take depositions, file pre-trial dispositive motions, file evidentiary motions, and be entitled to a fair trial before a jury of its peers, before being cast in judgment in summary motion practice. It is the Special Master's job to add them to litigation properly so that Coastal can make a proper appearance and preserve it's due process rights.

Regarding proof of payment, my questions was whether you had any proof that the DHECC paid any money to Coastal on these two claims. I think your answer was twofold, 1) you pointed me to an invoice (which is not proof of payment) and 2) you sent me a subpoena for payments made to Coastal by DHECC. Shouldn't you have those? I was going to ask you for the same thing. Off the record, and without making a statement for purposes of responding to your subpoena, I have nothing that shows that DHECC ever paid Coastal a penny on either of these claims. My understanding is that Coastal was hired to perform a calculation of Mr. Thonn's claim(s) by the Andry/Lerner firm. Coastal was never asked to audit the claim(s). Coastal performed the duties it was legally contracted to do by the entity with whom it had a contract. Payment was not contingent on recovery of any amount by the claimant from the DHECC nor was payment ever made to Coastal by the DHECC or its affiliated or related entities. However, it seems that the DHECC did reimburse **Mr. Thonn** for certain fees, but that reimbursement appears to have been approximately $1,677.20, between both claims. I believe that DHECC's eligibility notices will support that figure, although I have not seen them yet, so my total may be a little off. Moreover, that reimbursement amount is included in the total amount you are seeking from Mr. Thonn.

Your targets in this case should be the wrongdoers – Coastal is/was not one of those. Based on the allegations against Thonn, Lerner, Andry, Sutton, and their businesses I think you have plenty of fodder to get back 100% of what the DHECC paid on these claims. However, Coastal did nothing wrong and did nothing to defraud anyone out of money. They did exactly the same thing as the DHECC; they computed the numbers based on submitted documents, that's all. They charge for that service, just like you and I charge for our services, and that charge is based on work performed, not contingent on the claimant's recovery of funds.

If you want to discuss to removing Coastal from the pleadings, signing a settlement that exonerates Coastal from any allegation of wrong doing on these two claims, and negotiate Coastal paying a portion of the $1,677.20 reimbursement that was paid to the Andry/Lerner law firm (with the agreement that if you recover the full amount from anyone else that you pay Coastal back) then we can discuss an amicable resolution. However, the DHECC is not entitled to the return of the sums it seeks in the Motion. Incidentally, Coastal was never paid anywhere near $20,000 on this claim.

Can you please include some contact information for me to mail correspondence to you, if necessary? Should I use the Gravier St. address listed on the subpoena? Do you have an office telephone number and fax number?

Regards,


**Jason R. Kenney**
Staines & Eppling
3500 North Causeway Blvd.
Suite 820
Metairie, Louisiana 70002
TEL (504) 838-0019