**From:**     Greg Paw <paw@freehgroup.com>
**Sent:**     Tuesday, January 28, 2014 7:43 PM
**To:**       Jason Kenney; Debbie Deshotel; Tony Staines
**Subject:**  Rule 408 Proposal - Coastal Claims Group

Debbie, Jason and Tony –

Jason has asked for the Special Master's position concerning settlement with your client, Coastal Claims Group ("CCG"), of the litigation concerning the clawback of Casey Thonn's seafood compensation claims. This proposal is provided pursuant to Rule 408, Federal Rules of Evidence.

The background of Mr. Thonn's claim, including the submission prepared by CCG, is set forth in the Special Master's moving papers. Further, we understand from the discovery produced by CCG that CCG says it received a total of $14,280.10 for its work on Mr. Thonn's seafood claims.

We have found several other claims filed by the Andry Lerner law firm, with accounting support from CCG or Bert Verdigets, where issues about the validity of tax documents have been raised. In several cases, the question concerns whether a tax "return" submitted by the claimant had in fact ever been filed with the IRS. These claims include a claimant who supported his claim application with a purchaser affidavit from a registered sex offender who was in prison for much of the time he allegedly purchased seafood, another claimant who had a significant increase in his 2009 shrimping revenue but did not e-file that year's tax return as he had done in 2008 and 2007, and another claimant who e-filed the tax returns in 2008 and 2010, but not in 2009, despite a large claimed increase in cash seafood sales that year.

The DHECC Settlement Agreement provides that accounting service providers such as CCG "must verify that to the best of their knowledge they have submitted information provided to them by the claimant on a consistent basis and have not ignored the implications of information known or reasonably suspected to be untrue, incomplete, inconsistent or inaccurate." Settlement Agreement at ¶ 4.4.13.4; *see also* Sworn Written Statement for Claimant Accounting Support at 2 (requiring accountant or preparer to certify the verification under penalty of perjury). The Settlement Agreement contemplates that such claim support will be provided only by a Certified Public Accountant or persons with


EXHIBIT 12

similar credentials and persons under their direct supervision to maintain this professional standard. *Id.* at ¶ 4.4.13.3. These provisions are intended to maintain integrity in the claim submission process.

The Thonn claim and work submitted by CCG and Mr. Verdigets in other claims, raises issue with whether the claims are meeting the Settlement Agreement's standards. To remedy this issue and provide assurance that the work of CCG and Mr. Verdigets can be relied upon by DHECC as intended under the Settlement Agreement, we propose a settlement with the following terms:

1. For paid and pending claims that CCG and Mr. Verdigets have submitted to date where the claim calculation relied upon a federal income tax return, CCG and Mr. Verdigets will obtain an executed IRS Form 4506 (rev. September 2013) from the claimant, allowing DHECC to obtain tax transcripts from the IRS for the claimant for calendar years 2008, 2009 and 2010 and any other relevant years to the claim's calculation.

2. For future claims submitted by CCG and Mr. Verdigets, where the claim calculation relies upon a federal income tax return, CCG and Mr. Verdigets will submit an executed IRS Form 4506 (rev. September 2013) from the claimant, allowing DHECC to obtain tax transcripts from the IRS for the claimant for calendar years 2008, 2009 and 2010 and any other relevant years to the claim's calculation.

3. CCG shall bear the cost of processing the IRS transcript requests.

4. CCG and Mr. Verdigets shall provide to the Special Master the tax transcript releases within 30 days of execution of a settlement agreement. CCG and Mr. Verdigets will report to the Special Master if any claimant refuses to provide a release. For future claims filed without an appropriate release, the DHECC shall be permitted to reject any such claim as incomplete.

5. CCG shall repay $10,000 to the DHECC within 30 days of execution of a settlement agreement.

These proposed terms are consistent with the expectations of the Settlement Agreement, which states that entities providing claim support services have a continuing obligation to provide claim information to DHECC. Specifically, the Settlement Agreement states that DHECC "shall have the right to request and review any work papers (whether historical or specific to the Claim), time sheets or other supporting documentation related to the Claim or request for accounting support reimbursement and the reasonableness of the fees." *See* Settlement Agreement at ¶ 4.4.13.10.

Please advise me if these terms are acceptable. If we cannot reach an agreement, the Special Master intends to seek this relief plus the full amount that CCG states it was paid for preparation of Mr. Thonn's seafood claims, plus other costs and relief that may be appropriate.

Regards,

Greg