UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179 |
| This Document Applies to: | SECTION: "J" |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | JUDGE BARBIER |
| | MAG. JUDGE SHUSHAN |

### GLEN J. LERNER'S MOTION AND INCORPORATED MEMORANDUM REQUESTING LEAVE OF COURT TO FILE RESPONSE TO SPECIAL MASTER'S REPLY TO RESPONSES, OBJECTIONS, AND MOTIONS FILED BY THE SHOW CAUSE PARTIES

**NOW INTO COURT**, through undersigned counsel, comes Glen J. Lerner, who, reserving all rights and defenses, appears solely for the purpose of requesting that this Court permit him to file a response to the Reply of the Special Master to Responses, Objections, and Motions filed by the Show Cause Parties (hereafter "Reply"). Rec. Doc. 12393. Lerner seeks to file a response brief of no more than 20 pages to be filed on or before March 17, 2014. Undersigned counsel has conferred with the Special Master's representative, Gregory Paw, who has indicated that the Special Master does not oppose Lerner's request to file a response.

Fundamental fairness requires that Lerner be permitted to file a response, because (1) the Special Master has raised a number of new issues for the first time in the Reply to which Lerner has had no opportunity to respond, and (2) the Reply makes misstatements of fact and law

4399276.3

that must be corrected. The Court also would benefit from a response in conducting its *de novo* review.

The issues raised for the first time in the Reply that compel a response include, but are not limited to, the following:

- Whereas the Special Master asserted in his original Report that Lerner had violated criminal laws and rules of professional ethics by paying a referral fee to Sutton and, for that reason, should be subject to the recommended penalties, Report at 85-92, the Special Master now contends that merely aiding and abetting a breach of fiduciary duty is sufficient to impose sanctions. Reply at 10-11, 16-18.

- In the original report, the Special Master nowhere specified any alleged false statement made by Lerner; nor did he purport to make an adverse credibility finding against him. In the Reply, for the first time, the Special Master contends that the Court should not credit Lerner's testimony that Sutton told him that payment of the referral fee was approved by Mr. Juneau. *Id.* at 14-15.

- For the first time in the Reply, the Special Master argues that the alleged conduct of a separate, legally distinct entity, The Andry Law Firm, can be imputed to Andry Lerner, LLC, and Lerner himself. *Id.* at 31-32.

- The Special Master asserts the novel position in his Reply that his factual findings and alleged credibility determinations – including his disputed credibility determination concerning Lerner made for the first time in the Reply – can be accepted by the Court, even though it is required by rule to conduct a *de novo* review and by due process to conduct an evidentiary hearing. *Id.* at 3-4.

43992763

- In an effort to cure the failure to serve Lerner with both the Show Cause Order and the Report, the Special Master asserts for the first time in the Reply that he possessed the authority to serve untimely process on Lerner to bring him within the Court's jurisdiction. *Id.* at 8-9.

- The Special Master now asserts that the Court should exercise its broad "inherent power to sanction" Lerner, *id.* at 34-35, whereas in the Report the Special Master recommended only that the Court determine whether Lerner possessed "unclean hands" by virtue of the payment to Sutton, Report at 87-88.

- For the first time, the Special Master contends that the injury requirement for the doctrine of unclean hands is satisfied here because "the integrity of the CSSP's processes and procedures was prejudiced by the failure of Sutton to disclose his financial relationship with Andry and Lerner." Reply at 37-38.

In addition to the foregoing, the Reply contains erroneous statements of fact and law that demand correction, including, but not limited to:

- The erroneous factual assertion that "Glen Lerner . . . filed pleadings with the Court in July 2013," to support his argument that the Court has jurisdiction over Lerner. *Id.* at 8. That statement is simply not true, as Lerner never has appeared before the Court as a party or counsel until these Show Cause proceedings.

- The Special Master relies on refuted, pre-*Skilling* honest services fraud case law to assert that the DHECC suffered "tangible harm" as a result of the non-disclosure of Sutton's financial interests. *Id.* at 10-11.

4399276.3

- The Special Master erroneously asserts that a sanction is "criminal" in nature, and thus triggers due process protections, only when it involves "fines or imprisonment." *Id.* at 41.

Lerner's request to file a response to the Reply is not extraordinary. Lerner's answer to the Order to Show Cause was the opening brief filed in these Show Cause proceedings, akin to a motion to dismiss or a motion for summary judgment. It is customary for the party that files such an opening brief to have the opportunity to reply to the opposition, in this case the Reply. Therefore, in the ordinary course, Lerner would be entitled to file the requested response.

For the foregoing reasons, Glen J. Lerner respectfully requests that the Court grant this Motion and permit him to file a response, not to exceed 20 pages, to be filed on or before March 17, 2014.

Date: February 27, 2014

Respectfully submitted,

/s/ *William W. Taylor*

Pauline F. Hardin (La. Bar #6542)
James E. Wright, III (La. Bar #13700)
Virginia W. Gundlach (La. Bar #18493)
**JONES WALKER LLP**
201 St. Charles Ave. – 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8110
Fax: (504) 589-8110
phardin@joneswalker.com
jwright@joneswalker.com
ggundlach@joneswalker.com

William W. Taylor, III (D.C. Bar #84194)
Amit P. Mehta (D.C. Bar #467231)
**ZUCKERMAN SPAEDER LLP**
1800 M. Street, NW – Suite 1000
Washington, D.C. 20036-5807
Telephone: (202) 778-1800
Fax: (202) 822-8106
wtaylor@zuckerman.com
amehta@zuckerman.com

*Attorneys for Glen J. Lerner*

4399276.3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing "GLEN J. LERNER'S MOTION AND INCORPORATED MEMORANDUM REQUESTING LEAVE OF COURT TO FILE RESPONSE TO SPECIAL MASTER'S REPLY TO RESPONSES, OBJECTIONS, AND MOTIONS FILED BY THE SHOW CAUSE PARTIES" has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 27th day of February, 2014.

/s/ *William W. Taylor*
William W. Taylor, III

4399276.3