## UNITED STATE DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | MDL 2179 |
| | * | SECTION J |
| **"Deepwater Horizon" in the Gulf** | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |
| **Of Mexico, on April 20, 2010** | * | |
| | * | |
| **This document relates to 12-970** | * | |

*******************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT RELEASE AND TO OTHERWISE MODIFY/LIFT INJUNCTIONS

MAY IT PLEASE THE COURT:

Plaintiffs/Claimants Motion to Enforce Settlement Release and to Otherwise Modify/Lift Injunctions is based on the clear terms of the "Full and Final Release, Settlement, and Covenant Not to Sue" (Release) that BP proposed and that the Plaintiffs/Claimants accepted. Those terms assured Plaintiffs/Claimants that if they accepted the terms of the Release, that any future court decisions would have no impact on Plaintiffs/Claimants or the terms of the Release.

The Releases at issue were executed and accepted *prior to* to United States Fifth Circuit's "BEL" Panel decision.[1] These Plaintiffs/Claimants survived appeals and reviews, and such time periods allowing for such appeals and reviews, if applicable, before that decision was issued.[2] Thus, enforceable Releases currently exist — and existed before the "BEL" Panel's decision. For these reasons, which are discussed in more detail below, this Court should grant the Motion and provide the relief requested.

---

[1] Case No. 13-30315.

[2] Exhibits A-F.

1

1. **The Terms of the Release are Clear.**

Plaintiffs/Claimants accepted a proposed Release that guaranteed that both the Plaintiffs/Claimants and the Defendants would be bound by the terms of the Release. "The attached Full and Final Release, Settlement, and Covenant Not to Sue" ('Individual Release') is a binding legal document.

BP's Release includes details about the enforceability of the Release — even if subsequent court decisions changes the terms of the proposed settlement. Specifically, the fifth paragraph of page 2 of 20 states:

> The settlement payment you have been offered arises under the auspices of the federal District Court of New Orleans presiding over the multidistrict litigation titled In Re: Oil Spill by the Oil Rig 'Deepwater Horizon' in the Gulf of Mexico, on April 20, 2010 (MDL NO. 2179). A class action settlement has been proposed in that case, but the Court has not yet given final approval of that proposed settlement. If the Court does approve the proposed class action settlement, an appellate court could reverse the approval. In addition, it is possible that the terms of the proposed settlement may change in the future — for better or for worse — as a result of further legal proceedings. However, if you sign this Individual Release, none of those uncertain events will affect you. **By signing this Individual Release you are forever waiving and releasing all claims that you may have against BP (except for Expressly Reserved Claims) in exchange for the compensation being provided.** In fact, even if the Court does not approve the proposed class action settlement agreement or the approval is reversed by an appellate court, you shall continue to be bound by this Individual Release.[3]

Paragraph 16 of the Release addresses Definitions for the Release. This section further confirms the effectiveness of the Release, irrespective of court decisions:

> 16. **Continuing Effectiveness of Agreement.** This **Individual Release** shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the Released Parties in any current or future litigation. **THIS**

---

[3] Bold in Original

**INDIVIDUAL RELEASE SHLL ALOS REMAIN EFFECTIVE REGARDLESS OF WHETHER THE SETTLEMENT AGREEMENT RESOLVING THE CLAIMS OF THE ECONOMIC CLASS IS APPROVED.**[4]

As to consideration for the contract, the Release clearly state that the monies referenced in the Release, as well as statements contained within, constitute consideration for such a broad release. Specifically paragraph 6:

> 6. **Consideration.** Claimant agrees that this Individual Release is entered into in consideration of the agreements, promises, and mutual covenants set forth in this Individual Release and for such other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged.[5]

### 2. The Court should enforce the Terms of the Release.

While this case is litigated and appealed and argued and debated over the course of the next years and perhaps decades of American jurisprudence, one issue that should not be similarly treated is the issue of enforceable settlement agreements. The terms of the Release are explicit, and "current or future litigation" may not change the terms of the settlement as offered and accepted.

Enforceable Releases were in effect prior to the October 2, 2013 "BEL" Panel decision. For these reasons, Plaintiff/Claimants ask that the terms of their Releases be enforced and the Claims Administrator be instructed to pay these claims forthwith.

Respectfully submitted,

**RESTIVO & REILLY LLC**

/s/ Jessica Reilly
Jessica Reilly, Esq.
Fla. Bar No. 113662

---

[4] Bold in Original.

[5] Page 10 of 20.

/s/ Bernadette Restivo
Bernadette Restivo, Esq.
Fla. Bar No. 484512
Ohio Bar No. 071906

Restivo & Reilly LLC
103400 Overseas Highway
Key Largo, FL  33037
305-453-4961
888-496-4131 fax
service@rrvflaw.com
Attorneys for Plaintiff/Claimants

**I hereby certify** that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with **Pretrial Order No. 12**, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on the 25th day of February, 2014.

/s/ Jessica Reilly

Jessica Reilly, Esq.
Fla. Bar No. 113662