SQUIRE SANDERS (US) LLP
Paul M. Kim  (PK-2269)
30 Rockefeller Plaza, 23rd Floor
New York, NY  10112
Telephone:  +1.212.872.9800
Facsimile:   +1.212.872.9815
Email:        paul.kim@squiresanders.com

SQUIRE SANDERS (US) LLP
Mark C. Goodman *(pro hac vice application to be filed)*
Michelle M. Full *(pro hac vice application to be filed)*
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone:  +1.415.954.0200
Facsimile:   +1.415.393.9887
Email:        mark.goodman@squiresanders.com
              michelle.full@squiresanders.com

Attorneys for Plaintiff
LIBERTY INTERNATIONAL UNDERWRITERS
CANADA, a division of Liberty Mutual Insurance
Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIBERTY INTERNATIONAL UNDERWRITERS CANADA, a division of Liberty Mutual Insurance Company,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTTSDALE INSURANCE COMPANY, INFINITY ACCESS LLC and DOES 1 through 10, inclusive,<br><br>Defendants. | CIVIL ACTION NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE INDEMNITY/ CONTRIBUTION** |



EXHIBIT 28

1.  Plaintiff LIBERTY INTERNATIONAL UNDERWRITERS CANADA, a division of Liberty Mutual Insurance Company, ("LIU") alleges as follows:

### THE PARTIES

2.  LIU is a Canadian corporation with its principal place of business located at 181 Bay Street, Suite 1000, Toronto, Ontario, Canada M5J 2T3.

3.  Defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale") is an Ohio corporation with its principal place of business located at 8877 North Gainey Center Drive, Scottsdale, Arizona 85258.

4.  Defendant INFINITY ACCESS LLC ("Infinity") is a Minnesota limited liability corporation with its principal place of business located at 2395 Capp Road, Saint Paul, Minnesota 55114.

5.  Defendants Doe 1 through Doe 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to LIU. LIU will amend this Complaint to include their true names and capacities if and when they are ascertained. LIU is informed and believes, and thereon alleges, that each of these fictitiously-named Doe defendants is responsible in some manner for the occurrences alleged below.

6.  TRACTEL LTD. ("Tractel") is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada. Tractel is not a party to this lawsuit.

## NATURE OF THE ACTION

7.  This is a civil action for declaratory relief and for equitable indemnity/contribution. LIU seeks a declaration from this Court that Tractel's agreements with Infinity obligate Infinity and its insurer (Scottsdale) to indemnify and hold harmless LIU's insured, Tractel, and, thus, to reimburse LIU for all amounts that it paid on behalf of Tractel in relation to a lawsuit brought in the Superior Court of New Jersey, Atlantic County, Case No. L-4037-10 (the "underlying action"), a lawsuit for which Infinity was obligated to indemnify Tractel. The underlying action has been resolved as to Tractel, but the defendants herein have failed and refused to honor their contractual obligations to Tractel and their equitable obligations to reimburse LIU for its payment of defense costs and settlement amounts owed by the defendants. In addition, LIU seeks a judgment requiring the defendants to pay to LIU the

amounts that it paid to defend and indemnify the underlying action, with prejudgment interest.

## JURISDICTION AND VENUE

8.  Jurisdiction is proper under 28 U.S.C. § 1332 because plaintiff and defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.  Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to LIU's claims occurred in this district and the underlying action is pending in a court in this district.

## BACKGROUND FACTS

### Agreements Between Tractel And Infinity

10. Beginning in March 2005, Tractel and Infinity entered into multiple agreements whereby Infinity, as Tractel's subcontractor, would furnish supplies, equipment and labor necessary to install tracks and tiebacks for window washing systems and other related work for Tractel's business. Consistent with construction industry practice, Infinity agreed, as the subcontractor, to hold harmless and indemnify Tractel for any liability arising out of any work performed by Infinity.

11. Pursuant to their prior business dealings, on or about August 10, 2007, Tractel and Infinity entered into a purchase order and agreement for Infinity to perform work at a construction project at the Borgata Hotel and Casino ("Borgata") in Atlantic City, New Jersey. As part of their agreement, the parties agreed that Tractel's "standard terms [would] apply." These standard terms provide as follows:

> Prior to commencing the work and at any given time thereafter [Infinity] shall provide to Tractel evidence of compliance with insurance policies for coverage noted below. Evidence of such coverage shall be presented to Tractel in a certificate of insurance

naming Tractel North America and all its related subsidiaries as Additional Insured.

    a)    Worker Compensation -- in accordance with workers compensation legislation at the place(s) of work.

    b)    Employers Liability Insurance in the minimum amount of $1,000,000.

    c)    Comprehensive Commercial General Liability Insurance in the minimum amount of $5,000,000 combined single limit covering both Bodily Injury and Property Damage including broad form contractual liability coverage for Contractor's indemnification as provided herein.

    d)    Any other such insurance as required by State or Provincial laws to be maintained for the duration of this contract.

    e)    Participation in Wrap up, OCIP or any other Project specific insurance program, if required.

All such insurance shall be issued by companies satisfactory to Tractel. All such policies shall be on an "occurrence basis" and Tractel North America and all of its related subsidiaries shall be named as Additional Insureds, where permitted by law. All certificates shall contain a definite provision that if the policies of insurance are cancelled or changed during the periods of the coverage as stated therein, in such a manner as to effect the coverage afforded by such policies, written notice will be mailed to Tractel by certified mail and return receipt requested at least thirty (30) days prior to such cancellation or change. [Infinity's] Commercial General Liability Insurance shall be primary, and any such insurance maintained by Tractel shall be secondary and non-contributory and excess over the Commercial General Liability Insurance to be maintained by [Infinity] hereunder. [Infinity] agrees that the provision set forth above shall be imposed upon, assumed and performed by each of its subcontractors, if any.

    12.    As is customary practice in the construction industry, Tractel's "standard terms" further provided that Infinity would fully indemnify and hold Tractel harmless from any claims for property damage or personal injury:

> [Infinity] shall indemnify and save harmless Tractel North America and its subsidiaries, affiliates, shareholders, directors, officers, and employees from and against any and all claims and demands on account of damage to any property or injury to persons including death resulting therefrom, losses, damages, expenses (including attorneys' fees and investigation costs), payments, recoveries and judgments in connection therewith arising out of or caused in any manner by the acts or omissions of [Infinity], its employees, agents, or subcontractors or the performance or failure to perform any Services under this agreement or the breach of any provision or obligation set forth herein by [Infinity], or [Infinity's] employees, agents or subcontractors. [Infinity] shall at its own expense, defend any and all actions brought against Tractel based upon any of the foregoing and shall pay all attorneys and all other expenses, and promptly discharge any judgments, settlements or compromises arising therefrom. [Infinity's] liability under this paragraph shall survive the expiration or termination of this agreement, but this shall not be construed to mean that [Infinity's] liability does not survive as to other provisions of this agreement.

13. Pursuant to that agreement, on or around October 12, 2007, a Certificate of Insurance was issued to reflect that Tractel was named as an additional insured under Infinity's insurance policies, including a Commercial General Liability policy issued by Scottsdale effective from November 9, 2006 through November 9, 2007 and umbrella excess policies issued by Scottsdale, effective from June 20, 2007 to November 9, 2007. The Certificate of Insurance further identified that Tractel was an additional insured under Infinity's excess policies with Continental Western Group, effective November 9, 2006 to November 9, 2007.

14. The Certificate of Insurance reflected that insurance coverage for Tractel was provided for "Project: Coverage applies for all operations." A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit A**.

**The Insurance Policies At Issue**

15. LIU issued a commercial general liability policy to Tractel, effective May 1, 2007 to May 1, 2008 with per occurrence limits of $1,000,000 ("the LIU policy"). Even though the

LIU policy provides primary coverage for bodily injury or property damage under certain circumstances, the LIU policy was intended to be excess to "other insurance" available to the insured. "Other insurance" is defined by the LIU policy as "a policy of valid and collectible insurance affording coverage that this Policy also affords and includes any type of self-insurance or other mechanism by which an 'Insured' arranges for funding of legal liabilities." The LIU policy states that "[t]he coverage afforded by this Policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance."

16. The LIU policy also provides that LIU shall be subrogated to Tractel's rights of recovery:

> The Insurer shall be subrogated to all of the "Insured's" rights of recovery with respect to any payment made under this Policy. In this regard, the "Insured" shall execute any documentation required to enforce such rights and shall co-operate in all respects with the Insurer to assist in the enforcement of such rights. The "Insured" shall do nothing to interfere with or impair the Insurer's right of subrogation. The Insurer shall have no right of subrogation against any "Insured" under this Policy.

17. Tractel and Infinity's agreement requires that Tractel be an additional insured under Infinity's insurance policies with Scottsdale and "[Infinity's] Commercial General Liability Insurance [is] primary . . . ." Thus, this agreement means that the LIU policy is "secondary and non-contributory and excess over" Infinity's "other insurance" with Scottsdale.

18. Scottsdale issued a commercial general liability policy to Infinity on November 9, 2006, which was effective at least until November 9, 2007 (the "Scottsdale policy"). The Scottsdale policy provides coverage for bodily injury and property damage liability up to $1 million per occurrence and a $5 million aggregate limit. The Scottsdale policy includes an endorsement that provides that others, like Tractel, are "additional insureds" under the policy when such status is required by a construction agreement with Infinity. The endorsement states

that an additional insured includes:

> [A]ny person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.
>
> A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

19. Because Tractel and Infinity agreed that Infinity's "Commercial General Liability Insurance shall be primary, and any such insurance maintained by Tractel shall be secondary and non-contributory and excess over the Commercial General Liability Insurance to be maintained by [Infinity] . . . ," the LIU policy is only applicable if the limits of the Scottsdale policy are exceeded. Infinity and Scottsdale are required in the first instance to defend and indemnify Tractel for claims related to work performed pursuant to the agreements between Infinity and Tractel.

20. Scottsdale's excess policies to Infinity similarly provide coverage for additional insureds that are added pursuant to agreement or who are insureds in the underlying insurance. For example, Scottsdale's commercial umbrella policy issued to Infinity for the period November 9, 2006 to November 9, 2007 (with a per occurrence limit of $2,000,000 and general aggregate limit of $2,000,000) states:

Section II.

\* \* \*

C.  any person or organization with whom or with which you have agreed in writing prior to any loss, occurrence or offense to provide insurance such as is afforded by this policy is an insured, but only with respect to your operations or facilities you own or use.

D.  Each person or organization who is an insured in the underlying insurance is an insured under this insurance subject to all limitations of such underlying insurance other than the limits of the underlying insurer's liability.

**The Underlying Action**

21. On September 23, 2007, a fire occurred at the Borgata, resulting in damages alleged to be in excess of $80,000,000. The owners of the Borgata, the Marina District Development Co. LLC ("MDD"), had hired Tractel in September 2006 to install window washing scaffolding and equipment for construction of The Water Club tower at the Borgata. Tractel, in turn, contracted with Infinity in August 2007 to install the window washing scaffolding. MDD alleged that the September 2007 fire was caused in large part by the welding activities of an Infinity employee, Mr. Robert Speed, a welder foreman acting within the course and scope of his employment with Infinity. Mr. Speed worked on the installation of a window washing scaffold for The Water Club tower.

22. As a result of the fire, MDD brought a lawsuit against Tractel, Infinity and various other defendants and individuals. MDD's claims against Tractel included breach of contract, breach of express and implied warranties, negligence and indemnification. MDD sued Infinity for breach of express and implied warranties and negligence. MDD also sued Tractel and Infinity for vicarious liability for the actions of Mr. Speed for his contributing acts that allegedly caused the fire.

23.     While Tractel should have asked Infinity to hold it harmless against the claims brought by MDD, it tendered defense of the underlying action to LIU under its general liability policy. LIU agreed to defend that litigation under a reservation of rights, including on the basis that other insurance -- in particular, Infinity's insurance with Scottsdale -- is primarily responsible for the loss.

24.     LIU paid $769,383.58 in defense fees and expenses on Tractel's behalf. The claims against Tractel in the underlying action were subsequently settled and LIU funded that settlement. While Scottsdale was notified of the settlement discussions and was requested to comment on the proposed agreement and pay Tractel's share pursuant to the indemnity agreement between Tractel and Infinity and the Certificate of Insurance, Scottsdale denied coverage for Tractel. As a result of Scottdale's denial, LIU was forced to front all defense and indemnity payments relating the underlying action. LIU subsequently made several requests that Scottsdale reimburse both the defense expenses paid by LIU and LIU's policy limits for property damages coverage. Scottsdale has refused to do so.

**FIRST CAUSE OF ACTION**
(Declaratory Relief)
(All Defendants)

25.     LIU incorporates by reference the allegations set forth in paragraphs 1 through 24 above.

26.     A dispute and actual controversy now exists between plaintiff LIU, on the one hand, and the defendants, on the other hand, concerning their respective rights, duties and obligations.

27.     LIU maintains that the defendants had a duty to defend and indemnify Tractel in the underlying action but failed to honor that obligation. Infinity agreed to "indemnify and save

harmless Tractel North America and its subsidiaries, affiliates, shareholders, directors, officers, and employees from and against any and all claims and demands on account of damage to any property . . . ." While LIU has directly insured Tractel under its policy, Tractel and Infinity agreed that "[Infinity's] Commercial General Liability Insurance shall be primary, and any such insurance maintained by Tractel [*i.e.,* LIU's policy] shall be secondary and non-contributory and excess over the Commercial General Liability Insurance to be maintained by [Infinity] hereunder." Thus, the defendants are primarily responsible for all defense and indemnity expenses incurred in the underlying action and must reimburse LIU for any such expenses that it paid.

28. Defendants are obligated to indemnify Tractel under the agreements with Infinity. Consequently, LIU contends that the defendants should reimburse it for all amounts that it has paid arising from or relating to the underlying action against Tractel.

29. Defendants have refused to acknowledge their obligations to indemnify Tractel and reimburse LIU, giving rise to an actual and present controversy between the parties.

30. LIU desires a judicial determination of the parties' respective rights and duties pursuant to Tractel's and Infinity's contracts and the insurance policies at issue with regard to the claims alleged in the underlying action. Pursuant to that determination, LIU seeks a declaration that: (1) the parties' agreements and insurance contracts require the defendants -- and not LIU -- to defend and indemnify Tractel in the underlying action; (2) the defendants must reimburse LIU for any and all expenses incurred by LIU in relation to the underlying action.

31. A judicial declaration is necessary and appropriate at this time under the circumstances so that LIU may ascertain its rights under the various agreements and policies at issue, whether Scottsdale is primarily responsible to insure Tractel in the underlying action and whether LIU can recover from the defendants the amounts that LIU paid in relation to the

underlying action.

## SECOND CAUSE OF ACTION
(Equitable Indemnity/Contribution)
(All Defendants)

32. LIU incorporates by reference the allegations set forth in paragraphs 1 through 31 above.

33. The agreements between Tractel and Infinity required the defendants to defend and indemnify Tractel for all liability and defense costs incurred in the underlying action. Despite this obligation, neither Infinity nor Scottsdale has contributed any amounts to defend or indemnify Tractel in the underlying action.

34. On numerous occasions, Tractel and LIU -- on behalf of Tractel -- tendered defense and indemnity obligations of the underlying action to Scottsdale, Infinity's insurer. Scottsdale has failed to accept this tender and has rejected the claim for indemnity. Thus, LIU was forced to assume all defense and indemnity payments, even though such amounts are entirely owed by the defendants.

35. Accordingly, LIU seeks equitable indemnity/contribution from the defendants. Defendants should be ordered to reimburse and pay LIU for such defense and indemnification costs because the defendants' wrongful conduct forced LIU to incur costs that were the sole responsibility of the defendants.

## PRAYER

WHEREFORE, plaintiff prays for the following relief:

(1) A declaration that the defendants had an obligation to defend and indemnify Tractel in the underlying action and that LIU does not have any such obligation;

(2) A declaration that the defendants must reimburse LIU, with interest, for any expenses incurred in providing defense and indemnity to Tractel in the underlying action;

(3)     Judgment requiring the defendants to pay to LIU the amounts that it paid to defend and indemnify the underlying action, with interest;

(4)     Attorneys' fees and costs of this suit; and

(5)     Such further relief as the Court may deem just and proper.


Dated: August 6, 2011                           SQUIRE SANDERS (US) LLP


                                                By:    /s/ Paul M. Kim
                                                       Paul M. Kim (PK-2269)

                                                30 Rockefeller Plaza, 23rd Floor
                                                New York, NY 10112
                                                Telephone:  +1.212.872.9800
                                                Facsimile:  +1.212.872.9815

                                                - and -

                                                SQUIRE SANDERS (US) LLP
                                                Mark C. Goodman
                                                *(pro hac vice application to be filed)*
                                                Michelle M. Full
                                                *(pro hac vice application to be filed)*
                                                275 Battery Street, Suite 2600
                                                San Francisco, CA 94111
                                                Telephone:  +1.415.954.0200
                                                Facsimile:  +1.415.393.9887

                                                Attorneys for Plaintiff
                                                LIBERTY INTERNATIONAL
                                                UNDERWRITERS CANADA

## CERTIFICATIONS UNDER L. CIV. R. 11.2 AND 201(d)(3)

1. I hereby certify pursuant to L. Civ. R. 11.2 that the matter in controversy is not the subject of any other action pending in any court, nor of any pending arbitration or administrative proceeding.

2. I further certify pursuant to L. Civ. R. 201.1(d)(3) that the matter in controversy involves declaratory relief for an amount in excess of $150,000 exclusive of interest and costs and any claim for punitive damages.

Dated: August 6, 2012

SQUIRE SANDERS (US) LLP

By: /s/ Paul M. Kim
Paul M. Kim (PK-2269)

30 Rockefeller Plaza, 23rd Floor
New York, NY  10112
Telephone:  +1.212.872.9800
Facsimile:  +1.212.872.9815