Case 2:10-md-02179-CJB-DPC   Document 12440-32   Filed 03/03/14   Page 1 of 2

§ 1076.Waiver of right to subrogation, 46A Tex. Jur. 3d Insurance Contracts and...

46A Tex. Jur. 3d Insurance Contracts and Coverage § 1076

Texas Jurisprudence, Third Edition
Database updated January 2014
Insurance Contracts and Coverage

Edward K. Esping, J.D.,[*] Tracy Bateman Farrell, J.D., Amy G. Gore, J.D.,[**]
Susan L. Thomas, J.D.,[***] Barbara J. Van Arsdale, J.D., Elizabeth Williams, J.D.

XIV. Payment or Discharge of Liability; Contribution and Subrogation
B. Subrogation of Insurers
1. In General

Topic Summary   References   Correlation Table

§ 1076. Waiver of right to subrogation

**West's Key Number Digest**

**West's Key Number Digest, Insurance ⚖3522**

The insurer's right to subrogation is waived upon the insurer's unconditional denial of liability.[1]

The right may also be waived in a contract between its insured and a third party.[2] The insurer is not, however, bound by a contract between its insured and a third party under which the insured waives the insurer's right of subrogation against the third party where the insurer has no knowledge of the contract and there are no other circumstances that bind the insurer to the contract in any way.[3] The waiver agreement must be shown to apply to the matter at issue, and the party who allegedly waives the right to subrogation must be shown to have been a party to the agreement containing the waiver.[4]

An insurer may also waive its right to subrogation in certain policies.[5]

**CUMULATIVE SUPPLEMENT**

**Cases:**

Project owner's and contractor's contractual waiver of all rights against subcontractors "for damages caused by fire or other perils to the extent covered by property insurance obtained pursuant to this Article or any other property insurance applicable to the Work" waived all rights against subcontractor for fire damage subsequently caused by subcontractor's negligence, including owner's property insurer's subrogation claim against subcontractor, where the property policy covered the damage resulting from the fire. American Zurich Ins. Co. v. Barker Roofing, L.P., 387 S.W.3d 54 (Tex. App. Amarillo 2012).

A "waiver of subrogation clause" is a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to a contract to insure against the same risk. TX. C.C., Inc. v. Wilson/Barnes General Contractors, Inc., 233 S.W.3d 562 (Tex. App. Dallas 2007), petition for review filed, (Oct. 16, 2007).

Waiver of subrogation clause contained in construction contract between restaurant owner and general contractor, providing that parties waived all rights against each other and any subcontractors for damages caused by fire to extent covered by "other property insurance applicable to the work," was enforceable beyond construction period to preclude owner, as insured, from

Case 2:10-md-02179-CJB-DPC   Document 12440-32   Filed 03/03/14   Page 2 of 2

§ 1076.Waiver of right to subrogation, 46A Tex. Jur. 3d Insurance Contracts and...

recovering proceeds insurer paid to owner for post-construction loss of restaurant due to fire resulting from faulty fireplace installed by subcontractor under property insurance policy owner voluntarily obtained after construction period and final payment, as "property insurance applicable to the work" meant property insurance other than that required under the contract covering damages to the construction, whether completed or partially completed. TX. C.C., Inc. v. Wilson/Barnes General Contractors, Inc., 233 S.W.3d 562 (Tex. App. Dallas 2007), petition for review filed, (Oct. 16, 2007).

## [END OF SUPPLEMENT]

Footnotes

*     Professional Publishing Associates.

**    Of the National Legal Research Group, Inc.

***   Professional Publishing Associates.

1    Ford v. State Farm Mut. Auto. Ins. Co., 550 S.W.2d 663 (Tex. 1977); U.S. Fidelity and Guar. Co. v. Cascio, 723 S.W.2d 209 (Tex. App. Dallas 1986).

2    Walker Engineering, Inc. v. Bracebridge Corp., 102 S.W.3d 837 (Tex. App. Dallas 2003); Trinity Universal Ins. Co. v. Bill Cox Const., Inc., 75 S.W.3d 6 (Tex. App. San Antonio 2001); Simon v. Chevron U.S.A., Inc., 795 S.W.2d 340 (Tex. App. Beaumont 1990), judgment rev'd on other grounds, 813 S.W.2d 491 (Tex. 1991) and writ granted, (June 12, 1991).

    **Forms**

    Answer—Defense—By insured—Insurer's waiver of right to subrogation by failure to object to settlement. Am. Jur. Pleading and Practice Forms, Insurance § 666.

3    Seamless Floors by Ford, Inc. v. Value Line Homes, Inc., 438 S.W.2d 598 (Tex. Civ. App. Fort Worth 1969), writ refused n.r.e. (July 2, 1969).

    **A.L.R. Library**

    Conduct or Inaction by Insurer Constituting Waiver of, or Creating Estoppel to Assert, Right of Subrogation, 125 A.L.R.5th 1.

4    Ken Petroleum Corp. v. Questor Drilling Corp., 24 S.W.3d 344 (Tex. 2000).

    A waiver of subrogation clause in a lease did not bar the lessee's insurer, as subrogee, from asserting a claim that the defendants negligently maintained an air conditioning unit, which allegedly resulted in overflow into the leased premises, absent evidence that the defendants had any relationship to the contracting parties or that the contracting parties intended to benefit the defendants in the lease. Atlantic Mut. Ins. Co. v. Crow Design Centers, 148 S.W.3d 743 (Tex. App. Dallas 2004).

5    Crow-Williams, I v. Federal Pacific Elec. Co., 683 S.W.2d 523 (Tex. App. Dallas 1984) (in a builder's risk policy, the insurer's waiver of its subrogation rights against a general contractor, subcontractor, and sub-subcontractor barred the insurer's cause of action against a materialman, since in its ordinary sense of the word, subcontractor includes a materialman).

    A policy clause requiring the insured to do everything necessary to secure the insurer's subrogation rights and to do nothing after loss to impair them did not preserve the insurer's subrogation rights from being impaired after loss and afforded no protection against a pre-loss waiver. Trinity Universal Ins. Co. v. Bill Cox Const., Inc., 75 S.W.3d 6 (Tex. App. San Antonio 2001).

    **A.L.R. Library**

    Insurance: subrogation of insurer compensating owner or contractor for loss under "builder's risk" policy against allegedly negligent contractor or subcontractor, 22 A.L.R.4th 701.

---

End of Document                                        © 2014 Thomson Reuters. No claim to original U.S. Government Works.