UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | \* | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | \* | |
| **of Mexico on April 20, 2010** | \* | **SECTION "J"** |
| | \* | **JUDGE BARBIER** |
| **This Document Relates to:** | \* | |
| **Nos. 10-2179; 10-4536; 10-2771** | \* | |
| | \* | **MAGISTRATE NO. 1** |
| | \* | **MAGISTRATE SHUSHAN** |
| \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \* | | |

**ANADARKO'S OPPOSITION TO MOTION OF THE UNITED STATES
TO LIMIT EVIDENCE ABOUT THE "SERIOUSNESS" FACTOR**

NOW INTO COURT, comes Defendant Anadarko Petroleum Corporation ("Anadarko")[1] and opposes the Motion of the United States to Limit Evidence About the "Seriousness" Factor (Rec. Doc. 12373).

Anadarko agrees that no new discovery or evidence regarding the "seriousness" factor is warranted under Section 311(b)(8) of the Clean Water Act, 33 U.S.C. §1321(b)(8). Anadarko does not agree, however, that Appendix A to the United States' Proposed Order contains "facts" upon which a seriousness determination should (or could) be based. The majority of purported "facts" in Appendix A are statements, or inferences from statements, from pleadings and other filings in this case or other cases *by parties other than Anadarko*. While judicial notice that such filings were made *might* be appropriate, judicial notice of the truth of any statements or inferences contained in those filings *is not*. Under Fed. R. Evid. 801 and 802, statements in filings by other parties are hearsay as to Anadarko, and not admissible against Anadarko. Any

---

[1] By Stipulated Order dated February 29, 2012 [Docket 5930], the United States stipulated that it "will not assert any claim for a CWA penalty against [Defendant Anadarko E&P Company LP]." Therefore, this submission is from, and addresses only, Defendant Anadarko Petroleum Corporation.

proposed language in the United States' Proposed Order, which relies on the same flawed statements, is similarly inadmissible.[2]

Anadarko also opposes the United States' alternative proposal to limit additional seriousness evidence to expert opinion based solely on publicly available information, and to preclude any discovery into non-public information. This proposal is also dangerously flawed. It proposes to preclude discovery and admissibility based solely on whether information is "public," rather than its relevance under Fed. R. Civ. P. 26(b) or its admissibility under the Federal Rules of Evidence. Expert opinion generated under that approach is unlikely to assist this Court because it has effectively been immunized from adverse non-public information. This hardly meets the standards for expert witness testimony required by Fed. R. Evid. 702.

Therefore, Anadarko opposes the United States' request that this Court (i) explicitly embrace Appendix A to the United States' proposed Order, (ii) adopt the proposed order, or (iii) allow expert opinion but prohibit discovery into non-public information. The United States' motion *in limine* should be denied in its entirety.

---

[2] Anadarko also disputes any implication by the United States that its proposed statements or cited filings are relevant to the "seriousness" factor, particularly for Anadarko. Citing no authority, the United States merely asserts that the seriousness factor relates to "the impact of the spill on human health, the environment, and *private parties' welfare and economic interests.*" [Rec. Doc. 12373-2 at 1]. The United States contends that this factor does not require a detailed accounting or quantification of such harms, yet purports to do so through its statements based on, for example, the settlements that BP reached to address medical claims and economic harms. None of the cases cited by the United States address potential claims for medical benefits or claimed (but unsubstantiated) economic harms; rather those cases considered potential harms to the environment and public health as a result of the impacts on the water. *See, e.g., United States v. Smithfield Foods, Inc.*, 972 F. Supp. 338, 347-48 (E.D. Va. 1997) (considering impacts on water quality); *Sierra Club v. El Paso Gold Mines, Inc.*, No. 01 PC 2163, 2003 WL 25265873, at *9 (D. Colo. Feb. 10, 2003) (same); *see also United States v. Gulf Park Water Co., Inc.*, 14 F. Supp. 2d 854, 859-60 (S.D. Miss. 1998); *Sierra Club v. MasTec N. Am.*, No. 03-1697-HO, 06-6071-HO, 2009 WL 426205, at *4 (D. Or. Feb. 19, 2009). Indeed, such claims, which can have numerous causes, have not been established to have been caused by the discharge and, moreover, Anadarko has had no opportunity to dispute such claims.

                                          Respectfully submitted,

DATED: March 6, 2014                    **BINGHAM McCUTCHEN LLP**

                                          /s/ *James J. Dragna*
                                          James J. Dragna
                                          jim.dragna@bingham.com
                                          Bingham McCutchen LLP
                                          355 South Grand Avenue
                                          Suite 4400
                                          Los Angeles, California 90071-3106
                                          Telephone (213) 680-6436
                                          Facsimile (213) 680-8636

                                          Ky E. Kirby
                                          ky.kirby@bingham.com
                                          Thomas R. Lotterman
                                          tom.lotterman@bingham.com
                                          David B. Salmons
                                          david.salmons@bingham.com
                                          Randall M. Levine
                                          randall.levine@bingham.com
                                          Bingham McCutchen LLP
                                          2020 K Street, NW
                                          Washington, DC 20006-1806
                                          Telephone (202) 373-6000
                                          Facsimile (202) 373-6001

                                          **KUCHLER POLK SCHELL**
                                          **WEINER & RICHESON, LLC**

                                          Deborah D. Kuchler, T.A. (La. Bar No. 17013)
                                          dkuchler@kuchlerpolk.com
                                          Janika Polk (La. Bar No. 27608)
                                          jpolk@kuchlerpolk.com
                                          Robert Guidry (La. Bar No. 28064)
                                          rguidry@kuchlerpolk.com
                                          1615 Poydras Street, Suite 1300
                                          New Orleans, LA 70112
                                          Telephone (504) 592-0691

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

                                                                         /s/ *James J. Dragna*
                                                                            James J. Dragna