# Exhibit 20

To United States' Opposition to BPXP's Motion in Limine to Exclude (1) Additional Evidence of Culpability and (2) Evidence Relating to Prior Incidents

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 4:07-cr-434 |
| ) | |
| BP PRODUCTS NORTH AMERICA INC. ) | Honorable Gray Miller |
| ) | |
| Defendant. ) | |

PLEA AGREEMENT

The United States of America, by and through Donald J. DeGabrielle, United States Attorney for the Southern District of Texas, Abe Martinez and Mark McIntyre, Assistant United States Attorneys, Ronald J. Tenpas, Acting Assistant Attorney General, and Daniel W. Dooher and David B. Joyce, Trial Attorneys, Environmental Crimes Section ("the Government"), and the Defendant, BP Products North America Inc. ("BP Products" or "the Defendant"), and the Defendant's counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into a Plea Agreement ("Agreement"), the terms and conditions of which are as follows:

TERMS OF THE AGREEMENT

1. The Defendant agrees to give up the right to be indicted by a grand jury and agrees to plead guilty to Count One of the Criminal Information (hereinafter "Information") in this case and to persist with that plea.

    a. The Defendant agrees that this Agreement will be executed by an authorized representative. The Defendant further agrees that a Resolution duly adopted by the Board of

TREX-03819

Exhibit No. 3819
Worldwide Court Reporters, Inc.

Directors of BP Products, in the form attached to this Agreement as Exhibit 1, or in substantially similar form, authorizes the signature on this Agreement by BP Products' representative.

b. The Defendant further agrees to pay the United States a fine in the amount of fifty million dollars ($50,000,000) within three (3) days of sentencing. The Defendant agrees to pay immediately upon sentencing a special assessment fee of four hundred dollars ($400).

c. The Defendant agrees to serve a term of probation of three (3) years. The Defendant understands and agrees that during the term of probation, the Defendant will be required to comply fully with the Settlement Agreement executed between the Defendant and the United States Occupational Health and Safety Administration ("OSHA"). The Settlement Agreement is attached hereto as Exhibit 2. The Defendant understands and agrees that during the term of probation, the Defendant also will be required to comply fully with the Agreed Order executed between the Defendant and the Texas Commission on Environmental Quality ("TCEQ"). The Agreed Order is attached hereto as Exhibit 3. In the event the Defendant is unable to complete its obligation under the TCEQ order within the three year term of probation, the Defendant shall inform the United States sixty (60) days before the end of the three year term of probation and the Defendant and the United States shall jointly move the Court for extension of the term of probation for a period mutually agreed upon and shall ask the Court to set compliance with and completion of the TCEQ order as the only terms of the extended probation period.

2. Count One of the Information charges Defendant BP Products with one knowing violation of Section 112(r)(7) of the Clean Air Act, in violation of Title 42, United States Code, Section 7413(c)(1); 40 C.F.R. Part 60, Sections 73(b), 87(b)(2).

3. The Defendant agrees to provide cooperation to the Government in its ongoing investigation of possible criminal violations related to the explosion that occurred at the blowdown

2

stack at the Texas City refinery. Specific conditions of that cooperation include the following:

   a. The Defendant will take all reasonable steps to make its employees available to the United States to participate in judicial proceedings, and the Defendant will make all reasonable efforts to ensure that its officers and employees cooperate with the investigation and truthfully disclose all information about their activities and those of others relating to the subject matter. The Defendant will advise its employees that: (a) they are encouraged to cooperate; cooperation can include providing information to the Government, being interviewed by Government agents or attorneys, and testifying in official proceedings; (b) the Defendant will grant liberal leave if necessary to facilitate their cooperation with the Government; and (c) no employees will be fired, demoted, reassigned or otherwise suffer a reduction in pay or other benefits because of their cooperation with the United States with respect to the alleged criminal violations under investigation. No waiver of attorney-client or attorney work-product privileges is intended by this paragraph.

   b. The Defendant will make all documents, records and other technical information available to Government investigators which have been subpoenaed to date in this matter that relate to the explosion on March 23, 2005, regarding emissions from the F-20 blowdown stack and emissions from components leading to the F-20 blowdown stack. The Government agrees that it is not seeking documents prepared by or with counsel pursuant to BP Products' internal investigation concerning the criminal investigation for the explosion that occurred on March 23, 2005, at the BP Products Texas City refinery. No waiver of attorney-client or attorney work-product privileges is intended by this paragraph.

   c. During the period of probation, at all reasonable times and with reasonable prior notice by the Government as practicable, the Defendant shall provide to Government agents full access to BP Products Texas City refinery employees to the extent such access does not violate their constitutional rights against self incrimination or preclude their right to counsel, including access to, production and authentication of all records described in subparagraphs a. and b. herein.

4. The Defendant agrees to provide the United States Attorney's Office for the Southern District of Texas and the United States Probation Office with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets or similar action affecting the Defendant's performance of this Agreement. The Defendant shall not through a

3

change of name, business reorganization, sale of purchase of assets, divestiture of assets, or similar action, seek to avoid the obligations and conditions set forth in this Agreement.

5. Other than the offenses to which the Defendant agrees to plead guilty pursuant to this Agreement, the United States agrees not to charge the Defendant, or any other affiliated or related corporate entity, with any additional offenses known to the Government at the time of this Agreement that are based upon evidence in the Government's possession at this time and that arose out of the conduct giving rise to the criminal investigation of the March 23, 2005, explosion that occurred at the BP Products Texas City refinery. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction. The Defendant also understands that this Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, suspension, debarment, listing, licensing, injunctive relief or remedial action to comply with any applicable regulatory requirement.

## MAXIMUM PENALTY

6. The maximum penalty for a violation of Title 42, United States Code, Section 7413(c)(1) includes a period of probation of five years, the greater of a fine of $500,000 or up to twice the gross gain or loss resulting from the offense, and a $400 mandatory Special Assessment per count of conviction. Title 18, United States Code, Sections 3551(c), 3561, 3571(d), and 3013(a)(2)(B).

## WAIVERS

7. The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the Defendant waives the right to appeal the plea, conviction and sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742. This Agreement does not affect the rights or

4

obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

8.  The Defendant is also aware that the United States Constitution and the laws of the United States include the right to contest or collaterally attack its conviction or sentence after its conviction has become final. Knowing that, the Defendant knowingly waives the right to contest or collaterally attack the Defendant's plea, conviction and sentence by means of any post-conviction proceeding.

9.  The Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations, in the event that:

   a.  The Defendant's conviction is later vacated for any reason;

   b.  The Defendant violates any provision of this Agreement; or

   c.  The Defendant's plea is later withdrawn.

Further the Defendant waives any and all constitutional and non-jurisdictional defects.

## RIGHTS AT TRIAL

10. The Defendant represents to the Court that the Defendant is satisfied that the Defendant's attorney has rendered effective assistance. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as provided in this Agreement. The Defendant understands that the rights of the Defendant include the following:

   a.  If the Defendant persisted in a plea of not guilty to the charges, the Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States and the court all agreed.

   b.  At a trial, the United States would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those

5

witnesses and its attorney would be able to cross-examine them. In turn, the Defendant could, but would not be required to, present witnesses and other evidence on its own behalf. If the witnesses for the Defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

11. The Defendant understands that nothing in this Agreement will restrict access by the United States Probation Office or the Court to information and records in the possession of the United States or any of its investigative law enforcement agencies, including State and local law enforcement agencies, as well as information, documents and records obtained from the Defendant.

## FACTUAL BASIS

12. The Defendant will plead guilty because the Defendant is in fact guilty of the charged offense. The Defendant admits the facts set forth in the Statement of Facts, attached hereto as Exhibit 4, and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

## BREACH OF THE PLEA AGREEMENT

13. The Defendant understands and agrees that if it fails specifically to perform or to fulfill completely each and every one of its obligations under this Agreement, or commits any federal (including those laws and regulations for which primary enforcement has been delegated to state authorities) environmental or process safety crimes relating to its Texas City refinery operations (excluding Class C misdemeanors and infractions, as defined by 18 U.S.C. § 3559), it will have breached this Agreement. In the event of such a breach, (a) the United States will be free from its obligations under this Agreement; (b) the Defendant will not have the right to withdraw the guilty

6

plea; (c) the Defendant shall be subject fully to criminal prosecution for any other crimes which it has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against the Defendant, directly or indirectly, in any criminal or civil proceeding, all statements made by the Defendant's employees, except to the extent that any employee's individual rights might prohibit such use, and any of the information or materials provided by the Defendant, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including the Defendant's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11. The determination of whether a violation fits within the category of criminal violations referenced above shall be within the discretion of the Government, and in making this determination, the Government will provide the Defendant an opportunity to present its position to the United States Department of Justice, Environmental Crimes Section, and/or the United States Attorney's Office. The Defendant understands and agrees that the Government shall only be required to prove a breach of this Agreement by a preponderance of the evidence. The Government's position on whether a subsequent violation is an appropriate basis for a probation violation does not bind the United States Probation Office or the Court. Nothing herein shall prohibit the United States from proceeding administratively, civilly, or criminally against the Defendant in any separate proceeding for any alleged environmental violation.

## CONCLUSION

14. This written Agreement constitutes the complete Agreement between the United States, the Defendant, and the Defendant's counsel. No promises or representations have been made by the Government except as set forth in writing in this Agreement. The Defendant acknowledges that no threats have been made against the Defendant and that the Defendant is pleading guilty freely and voluntarily because the Defendant is guilty. Any modification of this Agreement shall be valid only as set forth in writing in a supplemental or revised Agreement signed by all parties.

Executed on this the **24th** day of **October**, 2007.

_____
Keith M. Casey
Vice-President, BP Products North America Inc.
Business Unit Leader, Texas City Refinery
Corporate Representative for
Defendant BP Products North
America Inc.

SUBSCRIBED AND SWORN TO BEFORE ME on this the _____ day of

_____, 2007.

MICHAEL N. MILBY, Clerk

By: _____
    Deputy Clerk

8

DONALD J. DeGABRIELLE, Jr.
United States Attorney
Southern District of Texas

By: _____
Abe Martinez
Assistant United States Attorney
Southern District of Texas

By: _____
Mark McIntyre
Assistant United States Attorney
Southern District of Texas

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

By: _____
Daniel W. Dooher
Senior Trial Attorney
Environmental Crimes Section

By: _____
David B. Joyce
Trial Attorney
Environmental Crimes Section

I, Carol Dinkins, Esq., have explained to the Defendant BP Products North America Inc. its rights with respect to the pending Information. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

Date: **October 24, 2007**        _____
Carol Dinkins, Esq.
Attorney for BP Products North America Inc.

9

AO 245E  (Rev. 8/06) Judgment in a Criminal Case for Organizational Defendants
Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Texas
Holding Session in Houston

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**BP PRODUCTS NORTH AMERICA INC.** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Organizational Defendants)<br><br>CASE NUMBER: 4:07CR00434-001<br><br>Carol E. Dinkins<br>Defendant Organization's Attorney |

☐ See Additional Aliases

**THE DEFENDANT ORGANIZATION:**

☒ pleaded guilty to count(s)    1 of the Criminal Information on February 4, 2008.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant organization is guilty of the following offenses:

| **Title & Section** | **Nature of Offense** | **Date Offense Concluded** | **Count Number(s)** |
|---|---|---|---|
| 42 U.S.C. § 7413(c)(1);<br>40 C.F.R. Part 68,<br>Sections 73(b), 87(b)(2) | Violation of Section 112(r)(7) of the Clean Air Act | 03/23/2005 | 1 |

☐ See Additional Counts of Conviction.

The defendant organization is sentenced as provided in pages 2 through 6 of this judgment.

☐ The defendant organization has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant organization shall notify the United States Attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization shall notify the court and United States Attorney of any material change in the organization's economic circumstances.

March 12, 2009
Date of Imposition of Judgment

Signature of Judge

**LEE H. ROSENTHAL**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

March 13, 2009
Date

MRO | JAG

AO 245E     (Rev. 8/06) Judgment in a Criminal Case for Organizational Defendants
Sheet 2 -- Probation

Judgment -- Page 2 of 5

DEFENDANT ORGANIZATION: **BP PRODUCTS NORTH AMERICA INC.**
CASE NUMBER: **4:07CR00434-001**

# PROBATION

The defendant organization is hereby sentenced to probation for a term of <u>3 years.</u>
    This term shall consist of THREE (3) YEARS as to Count 1.

☐   See Additional Probation Terms Sheet.

The defendant organization shall not commit another federal, state or local crime.

☐   See Additional Mandatory Conditions Sheet

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant organization pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant organization shall comply with the conditions that have been adopted by this court (set forth below).

# CONDITIONS OF SUPERVISION

☒   See Additional Conditions of Supervision on the following page.

1) Within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the probation officer;

2) The defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) The defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4) BP Products must notify the probation officer within seventy-two (72) hours of any criminal prosecution. Within thirty (30) days, BP Products must notify the probation officer of the filing of any major health, safety, or environmental civil enforcement litigation, or major health, safety, or environmental administrative enforcement proceeding, against BP Products' Texas City Refinery;

5) The defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; 7)the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

6) If BP Products fails to satisfy the criminal monetary penalties imposed, it may not waste, nor without permission of the probation officer, sell, assign, or transfer any assets.

AO 245E    (Rev. 8/06) Judgment in a Criminal Case for Organizational Defendants
Sheet 2 -- Continued 1 -- Probation

Judgment -- Page 3 of 5

DEFENDANT ORGANIZATION: **BP PRODUCTS NORTH AMERICA INC.**
CASE NUMBER: **4:07CR00434-001**

# CONDITIONS OF SUPERVISION

7) BP Products must comply with all the provisions of the plea agreement.

8) As stated in the plea agreement, BP Products must comply fully with the Settlement Agreement executed between it and the United States Occupational Health and Safety Administration ("OSHA") on September 22, 2005, in resolution of inspection numbers 308314640 and 308314988. BP Products must also comply fully with the Agreed Order executed between it and the Texas Commission on Environmental Quality ("TCEQ") under docket number 2005-0224-AIR-E. In the event BP Products is unable to complete its obligation under the TCEQ order within the three-year probation term, it must inform the United States sixty (60) days before the end of the three-year term, and BP Products and the United States must jointly move the court to extend the term of probation up to five years and will ask the court to set compliance with and completion of the TCEQ order as the only terms of the extended probation period.

9) If BP Products commits any federal environmental or process-safety crime relating to its Texas City refinery operations, it will breach the plea agreement. Such crimes include those laws and regulations for which primary enforcement has been delegated to state authorities excluding Class C misdemeanors and infractions, as defined by 18 U.S.C. § 3559.

10) If BP Products fails to satisfy the criminal monetary penalties imposed, it must provide any financial information that this court or the probation officer requests.

AO 245E  (Rev. 8/06) Judgment in a Criminal Case for Organizational Defendants
  Sheet 3, Part A — Criminal Monetary Penalties

Judgment -- Page 4 of 5

DEFENDANT ORGANIZATION: **BP PRODUCTS NORTH AMERICA INC.**
CASE NUMBER: 4:07CR00434-001

# CRIMINAL MONETARY PENALTIES

The defendant organization shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 3, Part E.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400 | $ 50,000,000 | $ |

☐ See Additional Terms for Criminal Monetary Penalties Sheet.

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| ☐ See Additional Restitution Payees Sheet. | | | |
| **TOTALS** | $0.00 | $0.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement  $_____

☒ The defendant organization shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

  ☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245E (Rev. 8/06) Judgment in a Criminal Case for Organizational Defendants
Sheet 3, Part B — Schedule of Payments

Judgment — Page 5 of 5

DEFENDANT ORGANIZATION: **BP PRODUCTS NORTH AMERICA INC.**
CASE NUMBER: **4:07CR00434-001**

# SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $400 due immediately, balance due
    ☒ not later than March 16, 2009 , and/or
    ☒ in accordance with ☐ C, ☐ D, and/or ☒ E, below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☒ Special instructions regarding the payment of criminal monetary penalties:
Make all payments payable to: U.S. District Clerk, Attn: Finance, P.O. Box 61010, Houston, TX 77208

All criminal monetary penalties are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

☐ See Additional Defendants Held Joint and Several sheet.

☐ The defendant organization shall pay the cost of prosecution.

☐ The defendant organization shall pay the following court cost(s):

☐ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

☐ See Additional Forfeited Property Sheet.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.