# Exhibit 52

To United States' Opposition to BPXP's Motion in Limine to Exclude (1) Additional Evidence of Culpability and (2) Evidence Relating to Prior Incidents

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 12-292 |
| BP EXPLORATION AND PRODUCTION, INC. | SECTION: R |

**REASONS FOR ACCEPTING PLEA AGREEMENT**

**Legal Standard**

    BP and the government entered their agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. That rule authorizes the government to enter into a plea agreement with a defendant in which the parties agree that a particular sentence is the appropriate disposition of the case.[1] A court can accept or reject such an agreement, but it cannot modify or rewrite it. Nor can it involve itself in plea negotiations.

    In assessing whether to accept a Rule 11(c)(1)(C) plea, the Court must make an "individualized assessment of the plea agreement" based on the facts and circumstances specific to the case. To ensure that it constitutes a "reasonable disposition," the Court must take into account, among other things, "'the exigencies of plea bargaining from the government's point of

---

[1] Fed. R. Crim. P. 11(c)(1)(C); *see also United States v. BP Prods. N. Am., Inc.*, 610 F. Supp. 2d 655, 674-78 (S.D. Tex. 2009).

TREX-63208

beaches and coastline in the states of Louisiana, Mississippi, Alabama, and Florida. The discharge of oil killed protected migratory birds including brown pelicans, laughing gulls, and northern gannets, among others. The *Deepwater Horizon* oil spill was the largest marine oil spill in the history of the United States and the petroleum industry.

Furthermore, the record shows that, although not the BP entity charged in this case, the BP family of companies has a history of deficient safety management. In 2009, BP Products North America, Inc. pleaded guilty to a felony violation the Clean Air Act as a result of an explosion at its Texas City refinery that killed 15 people and injured scores of others. BP admitted that it knowingly violated a requirement that it have written procedures to maintain the integrity of its process equipment and knowingly failed to warn contractors in the vicinity of the known hazards in its operations. The Court in that case noted that BP had been fined by OSHA for similar violations at other refineries before the Texas City incident. Two years before the Texas City incident, BP Exploration Alaska, another company under the BP umbrella, was convicted of a Clean Water Act violation arising out of a 2006 pipeline spill in Prudhoe Bay, Alaska. BP Exploration Alaska was also convicted in 2000 under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for failing to timely

report hazardous dumping by one of its contractors on the North Slope of Alaska. Besides these environmental crimes, another BP company settled charges of price manipulation in 2007 and paid $300 million in civil and criminal penalties.

Given the severity of BP's conduct in this case and its staggering consequences, as well as the criminal history of the BP corporate family, it is apparent to the Court that an acceptable sentence must impose severe fines and conduct remedies. The BP entities have paid fines in the millions of dollars and have been put on probation before. If past is prologue, only a sentence several orders of magnitude more severe than any previously imposed on any BP company will be sufficient to achieve adequate deterrence and protect the public from future misconduct by BP. Having said that, the Court nevertheless finds that, examined in their totality, the charges brought by the government and the sentence agreed to by the parties appear reasonably calculated to accomplish these statutory objectives of sentencing, particularly considering the risks of the alternatives.

First, the government's charges reasonably reflect the severity of the offense conduct. The government has charged BP with 11 felony counts of manslaughter, two environmental offenses, and one felony obstruction count. Prosecutions of corporations for manslaughter are unusual and BP is pleading