# Exhibit 54

To United States' Opposition to BPXP's Motion in Limine to Exclude (1) Additional Evidence of Culpability and (2) Evidence Relating to Prior Incidents

# CIVIL PENALTY POLICY
# FOR SECTION 311(b)(3) AND SECTION 311(j)
# OF THE CLEAN WATER ACT

**Office of Enforcement and Compliance Assurance**
**August 1998**

1

## I.  INTRODUCTION AND BACKGROUND

The Oil Pollution Act of 1990 ("OPA"), part of which amended Section 311 of the Clean Water Act ("Act" or "CWA"), became law shortly after the Exxon Valdez spilled over 11 million gallons of oil into Alaska's Prince William Sound.  The Oil Pollution Act provided EPA with new authorities to enforce Section 311(b)(3) and Section 311(j) of the CWA, 33 U.S.C. §§1321(b)(3) and (j).  Section 311(b)(3) prohibits the discharge of threshold amounts of oil or hazardous substances to navigable waters of the United States.  To reduce the likelihood of a mishap, regulations issued under Section 311(j) (published at 40 C.F.R. Part 112) require facilities that store oil in significant amounts to prepare spill prevention plans and to adopt certain measures to keep accidental releases from reaching navigable waters.  Certain types of facilities that pose a greater risk of release must also develop plans to respond promptly to clean up any spills that do occur.

Sections 311(b)(6) and (7) of the CWA, 33 U.S.C. §§1321(b)(6) and (7), authorize civil penalties for violation of any of these requirements.  The penalty monies are deposited in the Oil Spill Liability Trust Fund, administered by the U.S. Coast Guard, and are used to help cover any spill cleanup costs incurred by the government.  Civil penalties reduce the likelihood of a spill by providing an incentive to the violator and to other members of the regulated community to comply with the Act's requirements, help replenish funds that are used to clean up the environment, and provide a level playing field for businesses that meet their obligations under the law.

### A.  Purpose and Scope

This civil penalty policy is provided for the use of EPA litigation teams in establishing appropriate penalties in settlement of civil administrative and judicial actions for violations of Sections 311(b)(3) and 311(j) of the Clean Water Act.  It does not apply to criminal cases that may be brought for violations of Section 311 of the Act, nor to the civil enforcement of response orders issued under Section 311(c) or (e) of the Act, 33 U.S.C. §1321(c) or (e). This policy sets forth how the Agency expects to exercise its enforcement discretion in determining the minimum civil penalty settlement for violations of Section 311(b)(3) and (j) of the Clean Water Act, and states the Agency's views as to the proper allocation of enforcement resources by clarifying the minimum penalty amount that EPA may accept in settlement of a case.  This policy also provides general guidelines on administrative civil penalty pleading practices under Sections 311(b) and (j) of the Clean Water Act.

This policy is intended as guidance, and is not final agency action.  It does not create any rights, duties, obligations, or defenses, implied or otherwise, in any third parties.  It does not affect the right of any respondent or defendant to decline to settle a case in favor of litigating liability or the proposed penalty amount, and it does not bind judges or presiding officers in their assessments of penalties.  Upon concurrence by the Water Enforcement Division in ORE, this policy may be waived on a case-by-case basis.

14

! If the violator has conducted the best and most prompt response possible (range depending on effort required), reduce at least 5% but not more than 40%.

! If the violator has conducted an adequate response, make no adjustment.

! If the violator has conducted an inadequate response, increase up to 25%.

! If the violator has failed to respond, increase at least 25% but no more than 50%.

Failure by the violator to properly notify the National Response Center also should be considered in this Step if the violator's inadequate notification or lack of notification adversely affected EPA's ability to respond effectively to the discharge or to direct the cleanup. In that case, the respondent's mitigation efforts should be classified as inadequate or worse. A failure to notify may be, independently, a criminal violation of Section 311(b)(5) of the Act, which is beyond the scope of this policy.

**STEP 4: HISTORY OF PRIOR VIOLATIONS**

Adjust the amount from **STEP 3** if the respondent has a relevant history of violations within the past five years. Consider violations of spill prevention and response regulations, discharges in violation of Section 311(b)(3), and any violation of an environmental statute that relates to the respondent's ability to prevent or mitigate a discharge in violation of Section 311(b)(3). Related violations, for example, could include certain operation and maintenance violations that indicate a respondent's inattention to pollution control requirements. Relevant violations at any other facility under common ownership or control should be considered under this Step.

Violations include admitted violations (such as discharge monitoring reports or other required self-reporting), adjudicated violations, findings of violations by EPA or other agencies that have not been withdrawn or overturned by a reviewing authority, and cases that were settled by consent and involved the payment of a penalty (whether or not liability was admitted). If there is a history of such violations, the litigation team may increase the **STEP 3** amount by up to 100%, depending on the frequency and severity of such past violations.

---

Further, since a purpose of the Audit Policy is prevention of harm to the environment, an audit-based discovery and reporting of a concluded Section 311 discharge must lead to prevention or correction of the uncovered problem to qualify for any civil penalty reduction. To this end, EPA may invoke other statutory provisions that may apply, such as Sections 309(a), 309(b), (b), 311(c) or 311(e) of the Act, or Section 7003(a) of RCRA, 42 U.S.C. §6973(a), since Section 311(b)(3) of the Act is not directly enforceable through injunctive relief.