# Exhibit 56

To United States' Opposition to BPXP's Motion in Limine to Exclude (1) Additional Evidence of Culpability and (2) Evidence Relating to Prior Incidents



**U.S. Department of Justice**
Environment and Natural Resources Division

90-5-1-1-10026

*Steven O'Rourke*
*Environmental Enforcement Section*                                      *Telephone (202) 514-2779*
*U.S. Mail: P.O. Box 7611, Washington, DC 20044-7611*                    *Facsimile (202) 514-2583*
*Overnight Mail:   601 D Street N.W., Washington, DC, 20004*
*E-mail: steve.o'rourke@usdoj.gov*

November 14, 2013

Dear Counsel:

     This letter is to continue our pre-trial planning and consulting for the Penalty Phase. It also responds to Mr. Langan's letter of July 26, 2013, and follows up on our previous meetings.

     The United States believes that the most appropriate path forward is for the parties to begin setting deadlines for affirmative discovery and for Rule 26(a) disclosures of fact and expert witnesses. Should issues arise during discovery, the parties can meet and confer in order to resolve them. Motion practice would not be ripe until such time as disputes arise. The Defendants seek "contentions" as to what evidence might be presented and what information requested in discovery. However, courts disfavor "contention" interrogatories until after discovery is well-along. Fed. R. Civ. P. 33(a)(2). Consistent with this, the United States believes that a schedule should be established whereby actual evidence and discovery are exchanged. Furthermore, as outlined below and in our previous correspondence, we believe the parties should continue to pursue stipulations which would narrow the issues for trial and preclude the need for discovery.

     Accordingly, the focus of this letter, and we hope the focus of the meeting next week, should be on procedures and schedules for the Penalty Phase, rather than discussing, *in vacuo*, contentions on various factors. This is especially so as some evidence may relate to multiple factors. For example, Phase One evidence about drilling practices could relate to culpability, seriousness, and economic benefit. New Penalty Phase experts discussing financial information could relate to economic benefit, economic impact of the penalty on the violator, or culpability. Until we have identified such evidence, there is no benefit to advisory rulings from the Court. Moreover, to the extent any of the topics or evidence identified is deemed inadmissible or inapplicable to a particular factor, each party would retain the right to argue that the same evidence is admissible and applicable under the "other matters" factor. This requires no discovery or disclosures and presents no burdens; it is merely legal argument.

     Therefore, this letter relates to setting big picture agreements on procedures and deadlines.

     *What will the trial look like?* The Court imposed limits on the Phase Two trial: each side was allowed 8 experts, 45 hours, a limited number of depositions, and limits on exhibits. We should try to agree on a similar proposal for the Penalty Phase trial, and seek the Court's

approval, or otherwise get the Court to advise us of such limits prior to going far down the road of discovery.

*Process for Stipulations.* The sets of stipulations are intended to relate mainly to the "seriousness" factor and the "efforts to minimize" factor. The main issue for discussion is whether entry of the stipulations will eliminate discovery, fact witnesses, or expert witnesses. At our previous meeting, we proposed that if stipulations could be finalized and entered, then no party could propound discovery, or present fact witnesses, exhibits, or expert witnesses on the following topics:

- Environmental harm
- Human health harms
- Economic harms
- The nature, extent, and degree of success of any efforts of the violator to minimize or mitigate the effects of the discharge.

It appears that you do not agree that discovery and evidence on these topics should be limited, but rather seek to present evidence on at least some of those topics. Therefore, we need to discuss whether to spend any additional time on these stipulations, as they will take a lot of time but provide little benefit absent an agreement that they limit discovery and evidence. If witnesses are to be used, we believe that all four of these topics have vast records of either previously produced or publicly available information. Accordingly, we propose that either no document productions or very limited productions be made and no or very few fact depositions be required for either side for these topics. A limited number of interrogatories and RFA's could be negotiated. For each of these topics, each side should have a very limited number of witnesses (fact or expert), and we would enter a schedule for identifying those witnesses, producing custodial files, and holding their depositions.

*Economic Benefit.* The United States does intend to present evidence on economic benefit. The results from Phases One and Two will be largely determinative to calculating economic benefit so little or no discovery on that issue will be required. The United States reserves the right to identify an expert to summarize or comment on what should have been done to prevent the blowout. Another expert may address the financial aspects. If necessary, the United States may serve some targeted discovery seeking cost estimates, if not previously produced. We will identify our evidence consistent with whatever deadline is set for discovery requests, fact disclosures, and expert disclosures; and any disputes can be raised then.

*Culpability as to BP.* In large part we agree that Phase One and Two cover this factor. However, to the extent that evidence was not relevant to Phase One or was excluded from Phase One, this factor may not be fully closed. For example "prior violations" relate to culpability and we reserve the right to argue that prior violations -- including major accidents and their implications -- relate to this factor. The parties need not negotiate deadlines for disclosures and discovery requests on this factor because it will be the same evidence discussed for prior violations.

*Culpability as to APC.* APC and the United States should negotiate a briefing schedule on APC's Motion in Limine. Those two parties should also negotiate deadlines for disclosures and discovery requests.

*Other Penalties.* By whatever deadline is set, we expect that the Defendants would identify any evidence that they intend to submit on this topic.

*History of violations.* The United States is determining whether any discovery on this factor is necessary. If discovery is necessary, the parties can resolve any disputes as to scope at that time. We will likely have expert witnesses on this topic. Should the parties identify experts on this factor, disclosures related to the expert reports will be done in accordance with an agreed upon schedule.

*The economic impact of the penalty on the violator.* Your letter of July 26 did not mention this factor. As we previously said, this Factor includes an analysis of each Defendant's ability to pay a civil penalty, up to the statutory maximum. The United States intends to rely on expert witnesses on this topic. It is expected that the expert witnesses will rely substantially on publicly available information as to both BP and APC. However, there will be some discovery needed for internal financial/economic information that is not publicly available.

*Other matters/Cross cutting.* We will argue that any evidence that does not fit into one of the other identified factors should be admitted under this factor. This requires no discovery or disclosures. For any given witness or exhibit, we reserve the right to argue that the evidence goes to more than one factor. Moreover, any evidence that was excluded from Phase One may be relevant to this Phase, either under this factor or others.

*Production format.* We also hope to discuss whether any of the existing Pretrial Orders should be amended for purposes of the Penalty Phase, notably, PTO 16 as to the format of production.

*Conclusion.* We attach a proposed agenda for the meeting. The focus is on setting big picture agreements on procedures and deadlines, if possible.

                                                                         Sincerely,

                                                                         <u>/s/ Steve O'Rourke</u>
                                                                         Steven O'Rourke

Proposed Agenda

1. Nature of the trial.

    Number of

        Witnesses, including experts

        Deposition transcripts

        Exhibits

    Trial duration.

2. Schedule.

    Date for parties to jointly provide the Court with a proposed schedule.

    Date for 26(a)(1) disclosures of fact witnesses and sources of potential exhibits.

        --Timing of depositions of any witnesses identified in such disclosures, with custodial file productions.

    Date for simultaneous exchange of affirmative discovery requests

        --Timing of responses/objections.

        --Timing of motions, if any.

    Dates for expert reports, rebuttal reports, expert depositions.

    Approximate trial date.

3. Any PTO Amendments.

    PTO 16 production format.

    Others?

4. Stipulations.

    Process for moving forward.

    Plan for evidence/discovery (if any) on the topics of the stipulations