# Exhibit 17

To United States' Opposition to Motion *In Limine* of Defendant Anadarko Petroleum Corporation to Exclude All Evidence Regarding Anadarko's Culpability

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
 2

 3
     IN RE:  OIL SPILL      MDL NO. 2179
 4   BY THE OIL RIG
     "DEEPWATER HORIZON"    SECTION:  J
 5   IN THE GULF OF
     MEXICO ON APRIL 20,    JUDGE BARBIER
 6   2010                   MAG. JUDGE SHUSHAN

 7
```

14           Deposition of **O. KIRK WARDLAW,** taken
in the Pan American Life Center, Bayou
15   Room, 11th Floor, 601 Poydras Street, New
Orleans, Louisiana 70130, on Thursday, June
16   9, 2011.

17

18
     **APPEARANCES:**
19

20
         LIEFF CABRASER HEIMANN & BERNSTEIN
21       (By:  Annika K. Martin, Esquire)
         250 Hudson Street, 8th Floor
22       New York, New York 10013
           (Attorneys for MDL 2185
23          Securities Plaintiffs Subclass)

24

25

**GAUDET KAISER, L.L.C.**
Board-Certified Court Reporters

```
 1                    P R O C E E D I N G S
 2           THE VIDEOGRAPHER:
 3                  This is the 30(b)(6) deposition
 4     of British Petroleum through its
 5     representative, Kirk Wardlaw.  This
 6     deposition is being held today at 601
 7     Poydras Street, New Orleans, Louisiana, on
 8     June the 9th, 2011.  The time is 8:37 a.m.
 9                  This deposition is being taken
10     in the matter of the oil spill by the
11     Deepwater Horizon in the Gulf of Mexico on
12     April 20, 2010, in the United States
13     District Court, Eastern District of
14     Louisiana.
15                  Will the court reporter, please,
16     now swear in the witness.
17                       O. KIRK WARDLAW,
18     after having been first duly sworn by
19     the above-mentioned Certified Court
20     Reporter, was examined and testified as
21     follows:
22     EXAMINATION BY MS. ANNIKA MARTIN:
23         Q.    Good morning, Mr. Wardlaw.
24         A.    Good morning.
25         Q.    My name is Annika Martin, and
```

Suggested line for Running Header
Case 2:10-md-02179-CJB-DPC   Document 12462-17   Filed 03/06/14   Page 4 of 8
150

```
 1  EXAMINATION BY MS. HARVEY:
 2       Q.    Okay.  Thank you.
 3             If we could return to the
 4  operating agreement, Article 7, beginning
 5  on page 36.
 6             Article 7.3 provides, in certain
 7  circumstances, for partners to have access
 8  to the rig; is that correct?
 9       A.    Yes.  7.3 allows for the
10  nonoperating parties to have access to --
11  to the rig.
12       Q.    Do you know if -- with respect
13  to the Deepwater Horizon, if MOEX or
14  Anadarko took advantage of that provision?
15       A.    I don't recall them taking
16  advantage of that -- that opportunity.
17       Q.    With respect to other prospects
18  being drilled, do you know -- are you aware
19  of any non-operator accessing going to a
20  rig?
21       MR. BOLES:
22             Object as beyond the scope of
23  the 30(b)(6).
24       MR. YAMIN:
25             I object to that as well.
```

**GAUDET KAISER, L.L.C.**
Board-Certified Court Reporters

1  information.
2  EXAMINATION BY MR. HARTLEY:
3      Q.   Now, under the terms of the
4  joint operating agreement, both Anadarko
5  and MOEX were entitled to such realtime
6  data?  Would you agree with that?
7      A.   I'm sorry.  Can you repeat the
8  question again?
9      Q.   Under the terms of the joint
10 operating agreement, both Anadarko and MOEX
11 were entitled to realtime data about the
12 operations on the Macondo well?
13     MR. BOLES:
14          Object to the form.
15     THE WITNESS:
16          They had the ability to receive
17 realtime information if they so -- if they
18 choose.
19 EXAMINATION BY MR. HARTLEY:
20     Q.   And BP made those arrangements
21 to -- to provide access to that information
22 to both Anadarko and MOEX?
23     A.   Yes.  It's provided for in the
24 operating agreement, and there was
25 communications, I think, that they would

Suggested line for Running Header
Case 2:10-md-02179-CJB-DPC   Document 12462-17   Filed 03/06/14   Page 6 of 8
206

```
 1    have to designate representatives for each
 2    of the companies.
 3         Q.    Do you know whether BP placed
 4    any restrictions or limitations on
 5    Anadarko's or MOEX's ability to access that
 6    information?
 7         MR. YAMIN:
 8              Objection.
 9         THE WITNESS:
10              Not that I know of.
11    EXAMINATION BY MR. HARTLEY:
12         Q.    As far as you know, were
13    Anadarko and MOEX both entitled to access
14    of that information at any time of day?
15         MR. BOLES:
16              Object to the form.
17         THE WITNESS:
18              Given that it's realtime
19    information, I think they could.
20    EXAMINATION BY MR. HARTLEY:
21         Q.    There weren't, for example,
22    limitations, they could only see it during
23    business hour, they could only see it
24    during certain operations on the rig?
25         MR. BOLES:
```

```
 1                  Object to the form.
 2   EXAMINATION BY MR. HARTLEY:
 3        Q.   That you're aware of?
 4        MR. BOLES:
 5                  Object to the form.
 6        THE WITNESS:
 7                  I don't know how -- exactly how
 8   the realtime information was -- I'm not
 9   aware of anything that -- that would
10   preclude them from looking at it.
11   EXAMINATION BY MR. HARTLEY:
12        Q.   All right.  Are you familiar
13   with the information or data that BP
14   actually provided to Anadarko or MOEX
15   during the drilling of the Macondo well?
16        MR. BOLES:
17                  Object to the form, beyond the
18   scope of the 30(b)(6).
19        THE WITNESS:
20                  That doesn't fall within my area
21   of responsibility to provide them the data.
22   So, no, I'm not aware of all the -- all the
23   data that would've been provided to them.
24   EXAMINATION BY MR. HARTLEY:
25        Q.   In the course of your
```

Suggested line for Running Header
Case 2:10-md-02179-CJB-DPC   Document 12462-17   Filed 03/06/14   Page 8 of 8
363

1        WITNESS' CERTIFICATE

2

3

4        I, **O. KIRK WARDLAW,** read or have had

5   the foregoing testimony read to me and

6   hereby certify that it is a true and

7   correct transcription of my testimony, with

8   the exception of any attached corrections

9   or changes.

10

11

12

13

14                          _____

15                          O. KIRK WARDLAW

16

17

18

19

20

21

22

23

24

25

**GAUDET KAISER, L.L.C.**
Board-Certified Court Reporters