# EXHIBIT 2

*Discussion Draft*

## UNITED STATES DISTRICT OF COURT
## EASTERN DISTRICT OF LOUISIANA

_____

| | | |
|---|---|---|
| **IN RE: OIL SPILL BY THE OIL** | § | **MDL No. 2179** |
| **RIG "DEEPWATER HORIZON"** | § | |
| **IN THE GULF OF MEXICO,** | § | **SECTION: J** |
| **ON APRIL 20, 2010** | § | |
| | § | **JUDGE BARBIER** |
| _____§ | | **MAG. JUDGE SHUSHAN** |

**THIS DOCUMENT RELATES TO ALL CASES**

### THE UNITED STATES' PHASE III FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT BP EXPLORATION & PRODUCTION INC.

The United States of America propounds the following Requests for Production to defendant BP Exploration & Production Inc**.** to be answered pursuant to Federal Rules of Civil Procedure 26, and 34 within 30 days of service.

### INSTRUCTIONS

1.      Produce all Information responsive to these requests in a format consistent with the requirements of Pretrial Order 16.

2.      To the extent that you withhold any information responsive to these requests, provide a privilege log in accordance with the requirements of Pretrial Order 14.

3.      Supplement your responses to these requests in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

4.      If any responses to these discover requests were previously provided in whole or part, provide the date and Identify the document in which the response was made.

*Discussion Draft*

## <u>DEFINITIONS</u>

As used herein, the following terms are defined as follows:

1.      "Anadarko Defendants" refers to the interests of Anadarko Petroleum Corporation and of Anadarko E&P Company LP, including relevant predecessors, successors, subsidiaries, departments, divisions or affiliates, together with all current and former directors, officers, employees, agents, representatives, or person acting on their behalf.

2.      "Anadarko E&P Company LP" refers to, without limitation, the interests of Anadarko E&P Company LP, including relevant predecessors, successors, subsidiaries, departments, and divisions, together with all current and former directors, officers, employees, agents, representatives, or persons acting on its behalf.

3.      "Anadarko Petroleum Corporation" refers to, without limitation, the interests of Anadarko Petroleum Corporation, including relevant predecessors, successors, subsidiaries, departments, and divisions, together with all current and former directors, officers, employees, agents, representatives, or persons acting on its behalf.

4.      "BP" means the BP group or BP plc and its subsidiaries, including relevant predecessors, successors, subsidiaries, departments, and divisions, together with all current and former directors, officers, employees, agents, representatives, or persons acting on its/their behalf.

*Discussion Draft*

5.      "BP Exploration & Production Inc." ("BPXP") means the BP entity that bid for and was awarded the right to lease Mississippi Canyon Block 252 ("MC-252"). BPXP is a Delaware corporation with its principal place of business in Texas. BPXP includes its predecessors, successors, subsidiaries, departments, and divisions, together with all current and former directors, officers, employees, agents, representatives, or persons acting on its behalf.

6.      "BP America Production Company" ("BPAPC") was a party to the drilling contract concerning the use of the Deepwater Horizon to drill the Macondo well. BP America Production Company is a Delaware corporation with its principal place of business in Texas. BPAPC includes its predecessors, successors, subsidiaries, departments, and divisions, together with all current and former directors, officers, employees, agents, representatives, or persons acting on its behalf.

7.      "BP Company North America Inc." is a Delaware corporation with its principal place of business in Illinois. BP Company North America Inc. includes its predecessors, successors, subsidiaries, departments, and divisions, together with all current and former directors, officers, employees, agents, representatives, or persons acting on its behalf.

8.      "BP Corporation North America Inc." is an Indiana corporation with its principal place of business in Texas. BP Corporation North America Inc. includes its predecessors, successors, subsidiaries, departments, and divisions, together with

all current and former directors, officers, employees, agents, representatives, or persons acting on its behalf.

9.      "BP America Inc." is a Delaware corporation with its principal place of business in Texas.  BP America Inc. includes its predecessors, successors, subsidiaries, departments, and divisions, together with all current and former directors, officers, employees, agents, representatives, or persons acting on its behalf.

10.     "BP Holdings North America" is a UK private limited company with its principle place of business in the United States.  BP Holdings North America includes its predecessors, successors, subsidiaries, departments, and divisions, together with all current and former directors, officers, employees, agents, representatives, or persons acting on its behalf.

11.     "BP p.l.c." or "BP plc" means the parent corporation of the BP group of companies.  The company was incorporated in 1909 in England and changed its name to BP p.l.c. in 2001.

12.     "BP Products North America Inc." is a BP entity primarily involved in "downstream" operations, including crude oil refineries and the transportation and marketing of refined products such as gasoline.  It is a Maryland corporation with its principal place of business in Illinois.  BP Products North America Inc., includes its predecessors, successors, subsidiaries, departments, and divisions, together with all current and former directors, officers, employees, agents, representatives, or persons acting on its behalf.

13.     "Communication" means any writing transmitted between persons or oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic, telex, computer and facsimile communications or transmittals of documents, Electronically Stored Information (ESI) and all documents concerning such writings or oral conversations. "Communication" as used herein specifically includes internal writings, oral conversations or meetings among the officers, board members, employees or other representatives of any defendant.

14.     "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDAs), minicomputers and mainframe computers.

15.     "Control" refers to ownership, possession, or custody of the Information, or the legal right to secure the Information or copy thereof from any person or public or private entity having physical possession thereof.

16.     "Identify," whether or not capitalized, when used with respect to: (a) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last-known address and telephone number and business address and telephone number; (b) any entity other than an individual, shall mean to provide the entity's full name and current

or last-known address (designating which); and (c) Information, shall mean to provide the date, title, subject matter, author(s), and recipient(s) or the Bates number(s).

17. "Incident" shall mean the loss of control of the MC252 Well and the fire and explosion(s) on board, and resulting sinking of, Transocean's Deepwater Horizon rig, in addition to the resulting oil spill in the Gulf of Mexico.

18. "Information" shall have the meaning set forth in Pretrial Order 22, Paragraph 2.

19. "Lease" means the Oil and Gas Lease of Submerged Lands under the Outer Continental Shelf Lands Act, "Serial Number OCS-g 32306" pertaining to "All of Block 252, Mississippi Canyon, OCS Official Protraction diagram, NH 16-10," also known as the Macondo Prospect, an oil and gas prospect in the Gulf of Mexico, off the coast of Louisiana.

20. "Macondo Prospect" means the Macondo Prospect (Mississippi Canyon Block 252, abbreviated MC252) an oil and gas prospect in the Gulf of Mexico, off the coast of Louisiana. The prospect was the site of the Deepwater Horizon drilling rig explosion on April 20, 2010.

21. "Macondo Well" means the exploratory well drilled and constructed pursuant to the Lease as defined herein.

22. "MOEX" refers to, without limitation, the interests of MOEX Offshore 2007, including relevant predecessors, successors, subsidiaries, departments, affiliates, and/or divisions, together with all current and former directors, officers, employees, agents, representatives, or persons acting on its behalf.

23.     "Person" refers to, without limitation, any and every natural individual, each and every association, partnership, joint venture, corporation, professional corporation, trust and any and every other identifiable entity.

24.     "Relating to," "referring to," "regarding," "concerning," "reflecting" or "with respect to" refers to, without limitation, the following concepts: discussing, describing, reflecting, concerning, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

25.     "Response" refers to oil spill response efforts, undertaken pursuant to Section 311 of the Federal Water Pollution Control Act, 33 U.S.C § 1321 and 40 CFR Part 300, to contain, collect, remove, disperse, and minimize the impact of hydrocarbons released from the Macondo well in connection with the Deepwater Horizon incident (including through the use of technologies such as controlled in situ burning, dispersants, skimming, and the placement of booms), including any activities BP seeks to introduce evidence of, reference, or discuss in the Penalty Phase.  This includes any natural resource damage costs, or any expenses related to determining, researching, and investigating those damages.

26.     "Well Participation Agreement" means the agreement entitled "Macondo Prospect Well Participation Agreement Deepwater Gulf of Mexico," made by and between BP Exploration & Production Inc., Anadarko Petroleum Corporation, and Kerr-McGee Oil & Gas Corporation, executed on or about December 17, 2009.

*Discussion Draft*

27.    "You" or "your" shall mean BP.

**REQUEST FOR PRODUCTION**

1.    Provide all paychecks and payroll records including all W-2s for the period from January 1, 2010, through December 31, 2010 for each BP employee who worked on the Macondo Well and any other documents that reflect which corporate entity such person was employed by.

2.    Provide all paychecks and payroll records including all W-2s for each year, 2010-2014, for each BP employee who worked on the Response and any other documents that reflect which corporate entity such person was employed by.

3.    For each contractor who worked on the Response, produce all contracts between that contractor and BP, including any subsidiary of BP p.l.c., for each year, 2009-2014.

4.    Produce all records of payments for Response activities, including all accounting records identifying the source of payment, including all documents that reflect the BP corporate entity or entities that incurred or paid such costs.

5.    Provide all consolidating financial statements at the subsidiary level including BPXP, BP America Production Company, BP Company North America Inc., BP Corporation North America Inc., BP America Inc., BP Holdings North America, BP Products North America Inc., and BP plc for each year, 2005-2014.

6.    Provide all consolidating U.S. Federal income tax returns including all subsidiary level work sheets for BPXP, BP America Production Company, BP Company North America Inc., BP Corporation North America Inc., BP America Inc., BP

*Discussion Draft*

Holdings North America, BP Products North America Inc., and BP plc for each year, 2005-2014.

7.    Provide all supporting worksheets and calculations for Discounted Cash Flow value of proven reserves disclosed in 2012 in accordance with Financial Accounting Standards Board.

8.    Provide all internal cost estimates of the Implementation Plan that BPXP agreed to performed in connection with the requirements of the Guilty Plea Agreement, *United* States *v. BP Exploration & Production, Inc.*, No. 2:12-cr-00292 (E.D. La. Nov. 15, 2012), and the resulting Judgment (E.D. La. Jan. 29, 2013).

9.    Provide all Well-level management reports for BPXP including key internal metrics for each year, 2005-2014.

10.   Provide all monthly well-level financial statements for BPXP for each year, 2005-2014.

11.   Provide the Macondo Well "prospectus" that BP gave to Anadarko describing Macondo Investment opportunity

12.   Provide Macondo Well "prospectus" that BP gave to MOEX describing Macondo Investment opportunity.

13.   Provide all documents related to material BP entity transactions with BPXP, including all policies or practices affecting the pricing of such transactions for each year, 2005-2014.

14.   Provide all documents related to forward looking estimates of oil and gas prices that BPXP, BP America Production Company, BP Company North America Inc.,

BP Corporation North America Inc., BP America Inc., BP Holdings North America, BP Products North America Inc., and BP plc reviews and considers in determining its projections and the potential variability around those projections for each year, 2005-2014.

15.    Provide all spreadsheets and computations evaluating BPXP, BP America Production Company, BP Company North America Inc., BP Corporation North America Inc., BP America Inc., BP Holdings North America, BP Products North America Inc., and BP plc financial projections for 2014 and forward including any sensitivity analyses that BPXP, BP America Production Company, BP Company North America Inc., BP Corporation North America Inc., BP America Inc., BP Holdings North America, BP Products North America Inc., and BP plc perform.

16.    Provide all spreadsheets or other computations showing the sensitivity of projections for 2014 and forward of BPXP, BP America Production Company, BP Company North America Inc., BP Corporation North America Inc., BP America Inc., BP Holdings North America, BP Products North America Inc., and BP plc, to assumptions of oil and gas prices.

17.    Provide all documents that identify the members of the Boards of Directors and officers of BPXP, BP America Production Company, BP Company North America Inc., BP Corporation North America Inc., BP America Inc., BP Holdings North America, BP Products North America Inc., and BP plc, for each year 2005-2014.

*Discussion Draft*

18.    Provide all documents authored by, addressed to, received by, or that identify Brenda

Pennington, D.B. Pinkert or Denise Robertson (BPXP Board members); Brenda

Pennington or Denise Robertson (BPAPC Board members); Lamar McKay, K.D.

Heulitt, R.J. Pillari, P.D. Wessells (BP America, Inc. Board members); and Brenda

Pennington and Denise Robertson (BP Company North America Inc. Board

members) related to the Macondo Incident.

19.    Provide all BPXP, BP America Production Company, BP Company North

America Inc., BP Corporation North America Inc., BP America Inc., BP Holdings

North America, BP Products North America Inc., and BP plc Board of Director and

Board of Director committee meeting minutes, notes, resolutions, policies,

procedures, directives, and decisions for each year, 2005-2014.

20.    Provide all BPXP, BP America Production Company, BP Company North

America Inc., BP Corporation North America Inc., BP America Inc., BP Holdings

North America, BP Products North America Inc., and BP plc officer meetings,

minutes, notes, policies or procedures, directives, or decisions for each year,

2005-2014.

21.    Provide any documents, including payroll records, that show which BP corporate

entity, employed and paid the following persons: Tony Hayward, Robert Dudley,

Andrew Inglis, Lamar McKay, Douglas Suttles, James Dupree, David Rainey,

and Kevin Lacey, for each year, 2005-2014.

22.    Provide all annual individual performance assessments for each of the following

persons: Tony Hayward, Robert Dudley, Andrew Inglis, Lamar McKay, Douglas

Suttles, James Dupree, Patrick O'Bryan, David Rainey, and Kevin Lacey, for each year, 2005-2014.

23.   Provide all documents, including any organizational charts, that identify and describe how BPXP, BP America Production Company, BP Company North America Inc., BP Corporation North America Inc., BP America Inc., BP Holdings North America, BP Products North America Inc., and BP plc relate functionally or operationally to the BP Exploration and Production business segment and the Gulf of Mexico Strategic Performance Unit ("GOM SPU"), including any documents that identify the officers and management of each entity and their position within or relationship to the BP Exploration and Production business segment and the GOM SPU for each year, 2005-2014.

24.   Provide all documents reflecting the basis for BP plc's dividend payments for each year, 2005-2014.

25.   Provide all documents reflecting the basis for BP plc's issuance and stock buy backs for each year, 2005-2014.

26.   Provide all documents of BP entity guarantees for obligations of BPXP for each year, 2005-2014.

27.   Provide all documents reflecting BPCNA's decision to provide guarantees for Macondo Well or Incident obligations of BPXP, and the involvement of BP plc for each year, 2009-2014.

28.   Provide all documents reflecting how BPXP evaluates potential capital expenditures and the process and criteria by which capital expenditures are

approved for each year, 2005-2014, including the involvement of any other BP

entity.

29.     Provide all documents reflecting how BPXP will assume debt financing and the

process by which debt financing is approved and evaluated for each year, 2005-

2014.

30.     Provide all documents related to loans, revolving credit agreements or any other

debt held by BPXP for each year, 2005-2014.

31.     Provide all documents reflecting BPXP, BP America Production Company, BP

Company North America Inc., BP Corporation North America Inc., BP America

Inc., BP Holdings North America, BP Products North America Inc., and BP plc

policies and targets for key financial ratios or measures, including but not limited

to Net Debt to Adjusted Capital, Current Ratio, Quick Ratio, and Free Cash Flow,

for each year, 2005-2014.

32.     Provide all documents reflecting payments BP entities other than BPXP made or

received related to the Incident.

33.     Provide all documents reflecting the financial condition and the basis for

BPCNA's indemnification agreement with Anadarko for Macondo well costs.

34.     Provide all documents reflecting the financial condition and the basis for

BPCNA's guarantee of BPXP's Guilty Plea Agreement payments, *United* States

*v. BP Exploration & Production, Inc.*, No. 2:12-cr-00292 (E.D. La. Nov. 15,

2012), and the resulting Judgment (E.D. La. Jan. 29, 2013).

35.     Provide all documents reflecting or evaluating BPXP, BP America Production

Company, BP Company North America Inc., BP Corporation North America Inc.,

BP America Inc., BP Holdings North America, BP Products North America Inc.,

and BP plc BP entities' bond ratings, for each year 2005-2014.

36.     Provide all documents reflecting the cost of actions BP entities took or considered

to avoid the Macondo spill for each year, 2009-2010.

37.     Provide all documents reflecting BP entities' plans for the Macondo lease site in

the future and estimates of the value post-spill of the lease.

38.     Provide all documents or records relating to any payment, transfer, loan, or any

other financial transaction between BPXP and any other BP corporate entity,

2005-2014.

39.     Produce all documents or records, including accounting records, relating to the

source of monies paid by, and into the BP Claims Facility, the Deepwater Horizon

Oil Spill Trust established by the August 6, 2010 agreement, the Gulf Coast

Claims Facility, and the BP Claims Program which began accepting claims on

June 4, 2012.

40.     Produce all documents or records, including accounting records, relating to the

source of monies paid under the Guilty Plea Agreement, *United* States *v. BP*

*Exploration & Production, Inc.*, No. 2:12-cr-00292 (E.D. La. Nov. 15, 2012), and

the resulting Judgment (E.D. La. Jan. 29, 2013).

41.     Produce all documents or records, including accounting records, relating to the

source of monies paid for 1) early restoration projects, and 2) paid to any state,

city, parish or government entity (including any state or federal health organization) in the form of a grant, or for any costs related to the spill and its response.

42. Produce all documents or records, including accounting records, relating to the source of monies paid to, or on behalf or, the Gulf of Mexico Research Initiative, the National Fish and Wildlife Foundation, the National Institute of Environmental Health Sciences.

43. Provide the "Medical Encounters" database, which is in Excel format and contains information concerning clean-up workers who visited medic stations funded by BP and made available to cleanup workers.

44. Provide the underlying documentation and records from which the "Medical Encounters" database was created, which files exist in both pdf format and paper copies.

45. Provide the "Injury and Illness" database, which is in Excel format and contains information about injuries and illnesses reported by clean-up workers during response activities.

46. Provide the underlying documentation and records from which the "Injury and Illness" database was created, which exist in both pdf format and paper copies.

47. Provide all documents listed in Exhibit A attached to the January 13, 2014 Subpoena issued by the United States District Court for the Eastern District of Louisiana to BPXP, BP America Production Company, and BP North America Products.

*Discussion Draft*

Dated: [          ], 2014.

ROBERT DREHER
Acting Assistant Attorney General
Environment & Natural Resources Division

JAMES NICOLL
Senior Counsel
NANCY FLICKINGER
Senior Attorney
SARAH HIMMELHOCH
DEANNA CHANG
Senior Litigation Counsel
SCOTT CERNICH
A. NATHANIEL CHAKERES
JUDY HARVEY
Trial Attorneys

STUART F. DELERY
Assistant Attorney General
Civil Division

PETER F. FROST
Director, Torts Branch, Civil Division
Aviation & Admiralty Litigation
STEPHEN G. FLYNN
Assistant Director
MICHELLE T. DELEMARRE
SHARON K. SHUTLER
JILL DAHLMANN ROSA
JESSICA SULLIVAN
JESSICA L. MCCLELLAN
MALINDA LAWRENCE
Trial Attorneys
U.S. Department of Justice
Torts Branch, Civil Division
PO Box 14271
Washington, DC 20044
(202) 616-4100
(202) 616-4002 fax

_____
STEVEN O'ROURKE
Senior Attorney
Sarah D. Himmelhoch
Senior Litigation Counsel
U.S. Department of Justice
Environmental Enforcement Section
PO Box 7611
Washington, DC 20044
(202) 514-2779
steve.o'rourke@usdoj.gov

R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
7-5395 Federal Bldg., Box 36028
450 Golden Gate Ave.
San Francisco, CA 94102-3463
(415) 436-6648
(415) 436-6632 fax
mike.underhill@usdoj.go

16

*Discussion Draft*

DANA J. BOENTE
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

<h3 style="text-align:center">CERTIFICATE OF SERVICE</h3>

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this [   ] day of [   ], 2014.

[          ]