# EXHIBIT 3



**U.S. Department of Justice**

Environment and Natural Resources Division

90-5-1-1-10026
_____

*Steven O'Rourke*
*Environmental Enforcement Section*                                      *Telephone (202) 514-2779*
*U.S. Mail:  P.O. Box 7611, Washington, DC  20044-7611*                  *Facsimile (202) 514-2583*
*Overnight Mail:   601 D Street N.W., Washington, DC, 20004*
*E-mail: steve.o'rourke@usdoj.gov*

February 14, 2014

Dear Counsel:

Thank you for your correspondence of February 13, 2014.  As explained below, the United States cannot accept the proposal as outlined in your correspondence.  While you have asked the United States to compromise as to the scope of the "mitigation factor," BP offers no corresponding compromise in return.  As we have previously explained, the United States believes that discovery in the penalty phase should not be overly burdensome on either party.  For that reason, we have always indicated the willingness to discuss narrowing discovery requests as part of a mutual exchange.  BP's proposal asks the United States to narrow its discovery, but makes no indication of any corresponding agreement on its part, despite the fact that BP's draft requests for production outnumber the United States in both scope and burden.

BP's proposal is that it will produce a subset of the documents requested by the United States on the economic impact factor, in exchange for the United States' agreement that the roles and activities of BPXP's affiliates will be relevant to the "mitigation" penalty factor.  This asks the United States to compromise on the scope of relevant evidence, but offers no compromise from BP in exchange.  Other than to its own benefit on "mitigation," BP offers no agreement concerning this issue as to any other penalty factor, and in fact only agrees to a subset of our legitimate discovery requests without any acknowledgement of the relevance of that evidence.

As the United States has previously indicated, the caselaw supports the relevance of the United States' requests for discovery into the relationship between BPXP and its affiliates.  Indeed, in <u>United States v. Municipal Authority of Union Township</u> ("Dean Dairy"), 150 F. 3d 259, 268-69 (3rd Cir. 1998), the 3rd Circuit upheld a district court's consideration of the "role of the parent in the operations of the subsidiary" as part of its determination of the civil penalty.  Thus, BP has only offered to provide discovery to which the United States is already entitled.  Indeed, BP's offer excludes from production documents which are clearly relevant under <u>Dean Dairy</u> and similar caselaw.

The record in Phase I and Phase II fully supports the contention by the United States that the Court should consider, as part of its penalty considerations, the actions of affiliates of BPXP.  Not only does the record demonstrate that many affiliates were involved in operations leading up to the explosion and blowout at the Macondo well, it also shows that defendants treated the BP Group as one entity.  Therefore, the United States' contention that BPXP's affiliates are relevant to all the penalty factors is fully supported by the record.

      The United States reiterates that discovery in the Penalty Phase should not be burdensome on any party in the litigation.  For that reason, the United States has made and will continue to make efforts to reduce discovery and the need for presentation of evidence at trial through stipulations.  We continue to be willing to work on stipulations regarding BP's efforts to mitigate.  Those stipulations, however, must be both factually accurate and consistent with the presentation of evidence.  The current mitigation stipulations proposed by BP do not treat the BP corporate entities as distinct, despite your contention that "BPXP should be the focus of any analysis by the court at the Penalty Phase trial."  Furthermore, the United States attempted to propose narrow discovery requests that do not pose an undue burden and avoid issues where the parties may reach agreement to limit discovery.  In contrast, BP has proposed 193 requests that are wide ranging in both scope and number. The United States continues to believe the parties should discuss limiting and narrowing discovery in order to ensure there is no undue burden, and that discussion should be a mutual exchange.  However,  we cannot agree to your proposal that the United States agree that the roles and activities of BPXP and its affiliates are relevant to the "mitigation" factor unless BP can also agree that the roles and activities of BPXP and its affiliates are relevant to other penalty factors as well.

.

                                Sincerely,

                                <u>/s/ Steve O'Rourke</u>
                                Steven O'Rourke