IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG § | § | MDL No. 2179 |
| "DEEPWATER HORIZON" IN THE § | | |
| GULF OF MEXICO ON APRIL 20, 2010 § | § | Section: J |
| § | | |
| **This document relates to:** § | § | HON. CARL J. BARBIER |
| 10-4182; 10-4183; 13-2645; § | | |
| 13-2646; 13-2647; 13-2813 § | § | MAGISTRATE JUDGE SHUSHAN |

### STATE OF TEXAS' MEMORANDUM IN SUPPORT
### OF THE STATE OF ALABAMA'S OPPOSITION TO
### BP'S MOTION TO STRIKE JURY TRIAL DEMAND

TO THE HONORABLE JUDGE CARL BARBIER:

Pursuant to the Court's Order of January 14, 2014 (ECF No. 12126), the State of Texas submits this memorandum in support of Alabama's position on the right to a jury trial in its case for economic damages under the Oil Pollution Act ("OPA"). Texas urges the Court to deny the motion of BP America Production Company, BP Exploration & Production Inc., and BP p.l.c. ("BP") to strike Alabama's demand for a jury trial.[1]

---

[1] *See* BP's Mot. to Strike State of Alabama's Jury Demand, Feb. 14, 2014, ECF No. 12345. Anadarko Petroleum Corp. and Anadarko E&P Company LP ("Anadarko") moved to join BP's motion. *See* Anadarko's *Ex Parte* Mot. for Leave to Join in and Adopt BP's Mot. to Strike the State of Alabama's Jury Demand, Feb. 17, 2014, ECF No. 12357. Halliburton Energy Services, Inc. ("HESI") and Transocean filed separate memoranda in support. *See* Halliburton Energy Serv.'s Mem. in Support of BP's Mot. to Strike the State of Alabama's Jury Demand, Feb. 18, 2014, ECF No. 12361; Mem. of Transocean in Support of BP's Mot. to Strike the State of Alabama's Demand for Jury a Trial, Feb. 18, 2014, ECF No. 12362.

## TABLE OF AUTHORITIES

### Cases

*Curtis v. Loether*, 415 U.S. 189 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340 (1998). . . . . . . . . . . . . . . . . . . . . . . 3

*Rice v. Harken Exploration Co.*, 250 F.3d 264 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . 4

*San Jacinto Oil Co. v. Culberson,* 101 S.W. 197 (Tex. 1907).. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Tull v. United States*, 481 U.S. 412 (1987).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Ferro Corp.*, 627 F.Supp. 508 (M.D. La. 1986). . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Viking Resources, Inc.,* 607 F.Supp.2d 808 (S.D. Tex. 2009). . . . . . . . . . 3, 4, 6

*White v. White,* 196 S.W. 508 (Tex. 1917).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

### Constitutions

Tex. Const. art. I, § 15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Const. art. I, § 15 interp. commentary. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Const. art. I, §§ 10 and 15a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Const. art. V, §§ 10, 13 and 17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

U.S. Const. amend. VII. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

### Statutes

28 U.S.C. § 1333. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Clean Water Act, 33 U.S.C. §§ 1251-1387 ("CWA"). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Oil Pollution Act of 1990, 33 U.S.C. §§ 2701-2762 ("OPA"). . . . . . . . . . . . . . . . . . . . . . . 1, 4-6

OPA Section 1002(b)(2), 33 U.S.C. § 2702(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

OPA Section 1002(b)(2)(A), 33 U.S.C. § 2702(b)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

OPA Section 1002(b)(2)(D), 33 U.S.C. §§ 2702(b)(2)(D). . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4

OPA Section 1017(c), 33 U.S.C. § 2717(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

OPA Section 1018(a) and (c), 33 U.S.C. § 2718(a) and (c). . . . . . . . . . . . . . . . . . . . . . . . . . 5

OPA Section 6001(e), 33 U.S.C. § 2751(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Rules

Fed. R. Civ. P. 38(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## Legislative Materials

H.R. Rep. No. 101-653 (1990), *reprinted in* 1990 U.S.C.C.A.N. 779 (Conf. Rep.). . . . . . . . . 5

S. RepNo. 101-94 ( 1989), *reprinted in* 1990 U.S.C.C.A.N. 722. . . . . . . . . . . . . . . . . . . . 4, 5

## Secondary Materials

Texas Declaration of Independence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATEMENT OF INTEREST**

Texas brought claims under state and federal statutes, but not under admiralty or common law. *See* State of Texas' Am. Compl. 22-41, June 18, 2013, ECF No. 10420. This brief will address only the issue of jury trials under the lost revenue provisions of the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701-2762 ("OPA").[2] Texas reserves all other arguments.

**THE SIGNIFICANCE OF JURY TRIALS TO TEXAS**

The right of trial by jury is of fundamental importance to our nation and the State of Texas, and is a right that citizens of this nation and this state have lost their lives defending.[3] The English monarchy abridged the right against the American colonists, as did the Republic of Mexico against the citizens of Texas. Commentators have noted that:

> The [U.S.] Declaration of Independence complains of the British Government for denying the colonists in many cases a trial by jury. The Texas Declaration of Independence makes the same indictment against Mexico, declaring that Mexico "has failed and refused to secure, on a firm basis, the right of trial by jury, that palladium of civil liberty, and only safe guarantee for the life,

---

[2] Specifically, OPA Section 1002(b)(2)(D), 33 U.S.C. §§ 2702(b)(2)(D), which provides for recovery of "[d]amages equal to the net loss of taxes, royalties, rents, fees, or net profit shares due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by the Government of the United States, a State, or a political subdivision thereof."

[3] For instance, this month is the 178th anniversary of the Battle of the Alamo (March 6, 1836).

1

liberty, and property of the citizen."[4] As a result the right was placed in the Bills of Rights of both the United States Constitution and that of Texas.

TEX. CONST. art. I, § 15 interp. commentary (footnote added). Accordingly, the right to trial by jury is embodied in both the Constitution of the United States and the Texas Constitution:

> U.S. CONST. amend. VII. In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.

> TEX. CONST. art. I, § 15. The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency….[5]

The right of trial by jury remains of vital interest to the people of the State of Texas.

## JURY TRIALS UNDER OPA

Texas supports Alabama's briefing on the issue of the right of trial by jury for damage claims under Section 1002(b)(2)(D), 33 U.S.C. § 2702(b)(2)(D), and raises a few additional points for consideration. Although OPA itself is silent on whether a plaintiff is entitled to a jury trial in an action to recover damages for lost revenues, the Seventh Amendment guarantees that right.

---

[4] Texas Declaration of Independence, para. 10 (attached as Exhibit A).

[5] The Texas Constitution also references the right to trial by jury in five other sections. *See* TEX. CONST. art. I, §§ 10 and 15a, and art. V, §§ 10, 13 and 17. The language has been interpreted to guarantee such right as may have existed at the time the Texas Constitution was adopted. *White v. White,* 196 S.W. 508, 511-12 (Tex. 1917). In Texas, the right extends to equitable as well as legal actions. *San Jacinto Oil Co. v. Culberson,* 101 S.W. 197, 198 (Tex. 1907).

Rule 38(a) of the Federal Rules of Civil Procedure, FED. R. CIV. P. 38(a), provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." The Seventh Amendment applies equally to new causes of action created by statute. As articulated by the Supreme Court,

> [t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

*Curtis v. Loether*, 415 U.S. 189, 194 (1974) ("A damages action under the statute sounds basically in tort—the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach." *Id.* at 195).[6] Whether a statutory cause of action vests a right to trial by jury under the Seventh Amendment requires an analysis of the nature of the issue to be tried: whether legal or equitable. *See United States v. Ferro Corp.*, 627 F.Supp. 508, 509 (M.D. La. 1986).

Only one court within the Fifth Circuit has examined whether the damage provisions of OPA Section 1002(b)(2), 33 U.S.C. § 2702(b)(2), trigger a right to a jury trial. It properly concluded that the damage provisions of OPA are legal in nature and subject to a trial by jury. *See United States v. Viking Resources, Inc.*, 607 F.Supp.2d 808,

---

[6] *See also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998) (even an action involving the amount of statutory damages, rather than actual damages, requires a jury "to preserve the substance of the common-law right of trial by jury"), quoting *Tull v. United States*, 481 U.S. 412, 426 (1987).

3

830-833 (S.D. Tex. 2009) (natural resource damages under OPA requires determination of the "diminution in value of those natural resources pending restoration," which is legal in nature, "much like damages recovered in nuisance or trespass." *Id.* at 832. Although the holding in *Viking*, read narrowly, applies only to the natural resource damage provision in OPA section 1002(b)(2)(A), 33 U.S.C. § 2702(b)(2)(A), its methodology is equally applicable to claims under the other damages provisions in OPA. These include section 1002(b)(2)(D), 33 U.S.C. § 2702(b)(2)(D), concerning lost revenues, which is similar to "damages recovered in nuisance or trespass - both classic *legal* causes of action." *Viking*, 607 F.Supp.2d at 832 (emphasis in original). The claims asserted by the State of Alabama for lost revenue under OPA Section 1002(b)(2)(D) are entitled to be heard by a jury.

## OPA IS NOT AN ADMIRALTY STATUTE

BP's arguments that OPA is an admiralty statute, and that the damage provisions of OPA sound in admiralty and are not subject to jury trial, are unavailing. OPA is a stand-alone statute based upon the jurisdictional foundation of the Clean Water Act, 33 U.S.C. §§ 1251-1387 ("CWA").[7] Congress passed OPA to address perceived deficiencies

---

[7] *See* S. Rep. No. 101-94, at 4 (1989), *reprinted in* 1990 U.S.C.C.A.N. 722, 726 ("The body of law already established under section 311 [33 U.S.C. § 1321] of the Clean Water Act is the foundation of the reported bill."). *See also Rice v. Harken Exploration Co.*, 250 F.3d 264 (5th Cir. 2001) (applying Clean Water Act case law, rather than admiralty decisions, to interpret the term "navigable water" in OPA).

in existing law (including admiralty and maritime law) in responding to and compensating victims for catastrophic releases of oil into waters of the United States.[8] If OPA were an admiralty statute there would have been no need for Congress to:

(i) refer to the Limitation of Liability Act of 1851 as "<u>other</u> law," *see* 33 U.S.C. § 2718(a) and (c) (since the Limitation of Liability Act is an admiralty statute);

(ii) include a savings provision in OPA Section 6001(e), 33 U.S.C. § 2751(e), for "admiralty and maritime law"[9] (for if OPA were admiralty there would be nothing to save; OPA would be merely an amendment, rather than replacement, to existing admiralty law); or

(iii) include a jurisdictional provision conferring concurrent jurisdiction on

---

[8] *See* S. Rep. No. 101-94, at 2 (1989), *reprinted in* 1990 U.S.C.C.A.N. 722, 723 ("What the Nation needs is a package of complementary international, national, and State laws that will adequately compensate victims of oil spills, provide quick, efficient cleanup, minimize damage to fisheries, wildlife and other natural resources and internalize those costs within the oil industry and its transportation sector.
   Instead, there is a fragmented collection of Federal and State laws providing inadequate cleanup and damage remedies, taxpayer subsidies to cover cleanup costs, third party damages that go uncompensated, and substantial barriers to victim recoveries—such as legal defenses, statutes of limitation, the corporate form, and the burdens of proof that favor those responsible for the spill.").

[9] *See* H.R. Rep. No. 101-653, at 159 (1990), *reprinted in* 1990 U.S.C.C.A.N. 779, 838 (Conf. Rep.) ("Section 6001 of the House Bill clarifies that the House bill does not affect admiralty and maritime law or the jurisdiction of the District Courts of the United States with respect to civil actions under admiralty and maritime jurisdiction, saving to suitors in all cases other remedies to which they are otherwise entitled. Article III, clause 2, of the Constitution creates the basis for admiralty and maritime law of the United States. This section is intended to clarify that the House bill does not supersede that law, nor does it change the jurisdiction of the District Courts under section 1333 of title 28, United States Code.").

state courts for response costs and damages (because jurisdiction could simply have been left in federal court under 28 U.S.C. § 1333).[10]

In short, OPA is its own creature, and analogies to provisions of federal admiralty or maritime law barring a trial by jury on these claims are inapplicable.

## CONCLUSION

Abrogating a litigant's constitutional right to a jury trial should be done only in limited and narrow circumstances. The right to a trial by jury is fundamental and of paramount importance to the people of Texas. As Alabama points out, every court that has considered the issue has determined that parties are entitled to a jury trial for damage claims asserted under OPA Section 1002(b)(2), 33 U.S.C. 2702(b)(2), including the United States District Court for the Southern District of Texas in 2009. *Viking Resources,* 607 F.Supp.2d 808. Texas respectfully requests that BP's Motion to Strike Alabama's Jury Demand be denied.

Respectfully submitted this 10th day of March 2014.

> GREG ABBOTT
> Attorney General of Texas

---

[10] *See* OPA section 1017(c), 33 U.S.C. § 2717(c) ("A State trial court of competent jurisdiction over claims for removal costs or damages, as defined under this Act, may consider claims under this Act or State law and any final judgment of such court (when no longer subject to ordinary forms of review) shall be recognized, valid, and enforceable for all purposes of this Act.").

DANIEL T. HODGE
First Assistant Attorney General

JOHN B. SCOTT
Deputy Attorney General for Civil Litigation

JON NIERMANN
Assistant Attorney General
Chief, Environmental Protection Division

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

JASON A. STARKS
Assistant Attorney General
Tex. Bar No. 24046903
Bankruptcy & Collections Division
Attorney for the State of Texas, on Behalf of the Texas General Land Office (Economic Damages)

JANE E. ATWOOD
Assistant Attorney General
Tex. Bar No. 00796144
Jane.Atwood@TexasAttorneyGeneral.gov
Attorney for the State of Texas, on Behalf of the Texas NRD Trustees

 /s/ *Thomas H. Edwards*
THOMAS H. EDWARDS
Assistant Attorney General
Tex. Bar No. 06461800
Thomas.Edwards@TexasAttorneyGeneral.gov

>CRAIG J. PRITZLAFF
>Assistant Attorney General
>Tex. Bar No. 24046658
>Craig.Pritzlaff@TexasAttorneyGeneral.gov
>
>HEATHER D. HUNZIKER
>Assistant Attorney General
>Tex. Bar No. 24046327
>Heather.Hunziker@TexasAttorneyGeneral.gov
>ATTORNEYS FOR THE STATE OF TEXAS
>
>Office of the Attorney General
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711-2548
>Tel: (512) 463-2012
>Fax: (512) 320-0911

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of March 2014.

>/s/ *Thomas H. Edwards*
>THOMAS H. EDWARDS