## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010** | **MDL No. 2179** |
| | **SECTION "J"** |
| **This Document Relates to:** | **JUDGE BARBIER** |
| 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | **MAGISTRATE JUDGE SHUSHAN** |
| _____/ | |

## STATE OF FLORIDA'S MEMORANDUM IN SUPPORT OF
## THE STATE OF ALABAMA'S RIGHT TO A JURY TRIAL

# **Table of Contents**

I. THERE IS A JURY TRIAL RIGHT AS TO ALABAMA'S OPA CLAIMS. ............................................. 3

   A. A Jury Trial Is Preserved Where Claims Are Brought at Law and in Admiralty. .............. 3

   B. BP Cannot Escape *South Port* and Other Precedent. ........................................................... 4

II. ALABAMA IS ENTITLED TO A JURY TRIAL NOTWITHSTANDING ITS APPEARANCE IN THE LIMITATION ACTION. ................................................................................................................... 5

III. BP'S ADDITIONAL REASONS DO NOT NEGATE ALABAMA'S RIGHT TO A JURY TRIAL. ............. 5

   A. Alabama Is Entitled to a Jury Trial as to its Claims for Tax Revenues and Public Expenditures. ........................................................................................................................ 5

      1. Step One:  Analogous Action Under English Common Law? ..................................... 6

      2. Step Two: Is the Remedy Sought Legal or Equitable in Nature? ................................. 7

   B. Alabama Is Entitled to a Jury Trial on its NRD Claims. .................................................... 8

   C. Alabama Is Entitled to a Jury Trial on its Removal (Response) Cost Claim. .................... 10

## Table of Authorities

**Page(s)**

**CASES**

*Alaska v. BP Exploration (Alaska), Inc.*,
   2010 WL 5433874 (Alaska Super. Dec. 10, 2010) ................................................................. 6

*Apex Oil Co. v. United States*,
   208 F. Supp. 2d 642 (E.D. La. 2002) ..................................................................................... 4

*Atlas Roofing Co. v. OSHA*,
   430 U.S. 442 (1977) ............................................................................................................ 7, 8

*Beacon Theatres, Inc. v. Westover, United States Dist. Judge*,
   359 U.S. 500 (1959) ......................................................................................................... 1, 2, 4

*Becker v. Tidewater Inc.*,
   405 F.3d 257 (5th Cir. 2005) ................................................................................................. 4

*Biagas v. Hornbeck Offshore Servs., LLC*,
   2006 U.S. Dist. LEXIS 54161 (E.D. La. Aug. 3, 2006) ....................................................... 4

*Blake v. Farrell Lines, Inc.*,
   417 F.2d 264 (3d Cir. 1969) .................................................................................................. 3

*Borst v. Chevron Corp.*,
   36 F.3d 1308 (5th Cir. 1994) ................................................................................................ 8

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*,
   494 U.S. 558 (1990) .............................................................................................................. 2

*Cotten v. Witco Chem. Corp.*,
   651 F.2d 274 (5th Cir. 1981) ................................................................................................ 8

*Curtis v. Loether*,
   415 U.S. 189 (1974) ...................................................................................................... 1, 2, 6, 7

*Dairy Queen, Inc. v. Wood*,
   369 U.S. 469 (1962) .................................................................................................. 2, 6, 9, 10

*Davis & Cox v. Summa Corp.*,
   751 F.2d 1507 (9th Cir. 1984) .............................................................................................. 8

*Dimick v. Schiedt*,
   293 U.S. 474 (1935) .............................................................................................................. 1

*Exxon Co., U.S.A. v. Sofec, Inc.*,
    517 U.S. 830 (1996) ..................................................................................................... 4

*Fitzgerald v. United States Lines Co.*,
    374 U.S. 16 (1963) ....................................................................................................... 3

*Ghotra v. Bandila Shipping, Inc.*,
    113 F.3d 1050 (9th Cir. 1997) .................................................................................. 3, 4

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989) ....................................................................................................... 2

*Guiterrez v. Waterman S.S. Corp.*,
    373 U.S. 206 (1963) ..................................................................................................... 4

*Hepner v. United States*,
    213 U.S. 103 (1909) ..................................................................................................... 2

*In re Acushnet River & New Bedford Harbor*,
    712 F. Supp. 994 (D. Mass. 1989) .................................................................... 8, 9, 10

*In re Japanese Elec. Prods. Antitrust Litig.*,
    631 F.2d 1069 (3d Cir. 1980) ...................................................................................... 8

*In Re: Oil Spill by the Amoco Cadiz*,
    699 F.2d 909 (7th Cir. 1983) ...................................................................................... 4

*Iowa ex rel Miller v. Block*,
    771 F.2d 347 (8th Cir. 1985) ...................................................................................... 6

*Luera v. The M/V ALBERTA*,
    635 F.3d 181 (5th Cir. 2011) ............................................................................. 2, 3, 4

*Mylonakis v. The M/T Georgios M.*,
    Case No. 10-cv-3031, 2013 U.S. Dist. LEXIS 68515 (S.D. Tex. May 14, 2013) ........ 2-3

*New York v. Lashins Arcade Corp.*,
    888 F. Supp. 27 (S.D.N.Y. 1995) ........................................................................ 9, 10

*NLRB v. Jones & Laughlin Steel Corp.*,
    301 U.S. 1 (1937) .......................................................................................................... 7

*Pennsylvania v. Kleppe*,
    533 F.2d 668 (D.C. Cir. 1976) .................................................................................... 6

*People ex rel. Hartigan v. Cheney*,
    726 F. Supp. 219 (C.D. Ill. 1989) ............................................................................... 6

*Pernell v. Southall Realty*,
    41 U.S. 363 (1974) ................................................................................................... 2, 6, 7

*Phillips v. Kaplus*,
    764 F.2d 807 (11th Cir. 1985) ............................................................................................ 8

*Rachal v. Ingram Corp.*,
    795 F.2d 1210 (5th Cir. 1986) ............................................................................................ 4

*Rex v. Cia. Pervana de Vapores, S.A.*,
    660 F.2d 61 (3d Cir. 1981) .................................................................................................. 8

*Ross v. Bernhard*,
    396 U.S. 531 (1970) ..................................................................................................... 2, 10

*South Port Marine, LLC v. Gulf Oil Ltd. P'ship*,
    234 F.3d 58 (1st Cir. 2000) ............................................................................................. 4, 5

*Standard Oil Co. of California v. Arizona*,
    738 F.2d 1021 (9th Cir. 1984) ......................................................................................... 5-6

*Tagliere v. Harrah's Illinois Corp.*,
    445 F.3d 1012 (7th Cir. 2006) ............................................................................................ 4

*The Genessee Chief*,
    53 U.S. 443 (1851) .............................................................................................................. 4

*Tull v. United States*,
    481 U.S. 412 (1987) ................................................................................................... 2, 6, 8

*United States v. Matson Navigation Co.*,
    201 F.2d 610 (9th Cir. 1953) .............................................................................................. 4

*United States v. Shaner*,
    Case No. 85-cv-1371, 1992 U.S. Dist. LEXIS 9000 (E.D. Pa. June 16, 1992) ................... 9

*United States v. Viking Res., Inc.*,
    607 F. Supp. 2d 808 (S.D. Tex. 2009) .................................................................... 3, 4, 9, 10

*United States v. Wade*,
    653 F. Supp. 11 (E.D. Pa. 1984) ..................................................................................... 9, 10

*United States v. Williams*,
    441 F.2d 637 (5th Cir. 1971) .............................................................................................. 4

*Vodusek v. Bayliner Marine Corp.*,
    71 F.3d 148 (4th Cir. 1995) ................................................................................................ 3

iv

*Waring v. Clarke*,
    46 U.S. 441 (1847) ............................................................................................................. 4

*White v. Sabatino*,
    526 F. Supp. 2d 1143 (D. Haw. July 20, 2007) ................................................................ 4

**STATUTES**

Oil Pollution Act of 1990 ("OPA")
    33 U.S.C. § 2701 *et seq.* ............................................................................................ passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(h) ........................................................................................................................ 4

THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 14-10 (5th ed. 2013) ..................... 2

U.S. Const. amend. VII ......................................................................................................... passim

Pamela Jo Bondi, Attorney General for the State of Florida ("Florida"), pursuant to this Court's Order dated January 14, 2014 (the "Order," Doc. 12126), files this memorandum supporting the State of Alabama's constitutional right to a jury trial, which supplements Alabama's arguments, per the Order. Florida reserves the right to address any issues concerning the jury trial demand in its First Amended Complaint when appropriate.

BP, in its Motion to Strike, asserts several arguments against Alabama's constitutional right to a jury trial. As will be shown below, each of those arguments is without merit.

At the heart of the instant dispute is the Seventh Amendment right to a jury trial. "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."[1] *Beacon Theatres, Inc. v. Westover, United States Dist. Judge*, 359 U.S. 500, 501 (1959) (citing *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)).

Central to this case is the Oil Pollution Act of 1990 ("OPA"). "The Seventh Amendment *does* apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194 (1974). The Supreme Court established a two-part test to determine whether the Seventh Amendment requires a jury trial:

---

**Supreme Court Two-Part Test To Determine Whether
Seventh Amendment Requires a Jury Trial For Statutory Claims**

**Step 1:** "[C]ompare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity."

**Step 2:** "[E]xamine the remedy sought and determine whether it is legal or equitable in nature."

---

[1] In this Memorandum, any emphasis in quoted text has been added unless otherwise indicated. Further, "MTS" refers to the Memorandum in Support, Doc. 12345-1, of BP's Motion to Strike. Citations to record documents refer to the page number the *bottom-center* of each page.

1

*Tull v. United States*, 481 U.S. 412, 417-18 (1987) (citing *Curtis*, 415 U.S. at 196; *Ross v. Bernhard*, 396 U.S. 531, 542 (1970); *Pernell v. Southall Realty*, 41 U.S. 363, 378 (1974); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962)). "The second stage of this analysis is more important than the first." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

The right to a jury trial exists in a variety of statutory actions, even where the statute does not expressly grant such a right. *See Curtis*, 415 U.S. at 193-194, 194 n.7, 198 (Fair Housing Act); *accord Dairy Queen*, 369 U.S. at 477 (trademark laws); *Hepner v. United States*, 213 U.S. 103, 115 (1909) (immigration laws); *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 n.3, 573-74 (1990) ("*Terry*") (duty of fair representation claims for backpay and benefits; National Labor Relations Act (NLRA)); *Tull*, 481 U.S. at 427 (U.S. government's Clean Water Act claim for civil penalties and injunctive relief as to liability issues).[2]

Moreover, where a proceeding involves maritime claims and state law or non-maritime federal law claims, such a "hybrid" proceeding may be tried to a jury.

> The court in a hybrid case . . . has the option to order the entire case to be tried to a jury, ***including the admiralty claims***. While this may appear to override the admiralty plaintiff's Rule 9(h) 'rights,' this is not the case. Neither Rule 38(e) nor any statutory or constitutional provision gives an admiralty plaintiff a right to a non-jury trial. The lack of a jury trial in admiralty is really only a matter of historic practice. A maritime claim may be tried to a jury in the interest of efficient judicial administration and in order to preserve other parties' Seventh Amendment rights.

THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 14-10 (5th ed. 2013) (citing *Luera v. The M/V ALBERTA*, 635 F.3d 181, 190-96 (5th Cir. 2011)). "While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment

---

[2] *See also Granfinanciera*, 492 U.S. at 41, 64-65 (holding that, where a party has not submitted a claim against a bankruptcy estate, and where the party is sued by the bankruptcy trustee for fraudulent transfer, Seventh Amendment entitles the party to trial by jury); *Pernell*, 416 U.S. at 383 (recovery of real property under D.C. statute); *Beacon Theatres*, 359 U.S. at 510-11 (declaratory relief; antitrust laws); *Ross*, 396 U.S. at 542 (stockholders' derivative action).

nor any other provision of the Constitution forbids them." *See Mylonakis v. The M/T Georgios M.*, Case No. 10-cv-3031, 2013 U.S. Dist. LEXIS 68515, *25 (S.D. Tex. May 14, 2013) (citing *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20 (1963); *Luera*, 635 F.3d at 190-96).

It is against this backdrop and weight of high-court precedent that BP has decided to wage an uphill battle to avoid Alabama's Seventh Amendment right to a jury trial. BP's arguments necessarily fail and are addressed in turn herein.

## I. There Is a Jury Trial Right as to Alabama's OPA Claims.

### A. A Jury Trial Is Preserved Where Claims Are Brought at Law <u>and</u> in Admiralty.

Because Alabama has the right to a jury trial for OPA claims, it has a right to a jury trial as to <u>all</u> of its claims, despite the presence of an admiralty claim. *See Luera*, 635 F.3d at 193 (affirming order requiring all claims, including *in rem* admiralty claims, to be tried before a jury); *see also Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 154 (4th Cir. 1995) ("[W]hen the accident and injuries underlying the plaintiff's **law and admiralty** damage claims are the same, the considerations underlying the pragmatic rule of *Fitzgerald* dictate its application, even when the plaintiff has named different defendants in those claims."); *Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 266 (3d Cir. 1969) ("[I]f the circumstances justify such an action, a district court exercising section 1333 jurisdiction over a maritime claim may require that the issues of fact be tried to a jury" in "closely related actions or claims" involving "common issues of fact.").

"The practice of trying admiralty claims to the bench is simply one of custom and tradition. That tradition cannot trump [a plaintiff's] constitutional right to a jury trial for [the] non-admiralty claims, and 'the non-jury component of admiralty jurisdiction must give way to the [S]eventh [A]mendment.'" *Luera*, 635 F.3d at 196 (quoting *Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1057 (9th Cir. 1997)). *See also United States v. Viking Res., Inc.*, 607 F. Supp. 2d 808, 829 (S.D. Tex. 2009) ("[W]hen legal and equitable issues are merged in a single

3

case, the trial court's discretion 'is very narrowly limited and must, whenever possible, be exercised to preserve jury trial.'") (citing *United States v. Williams*, 441 F.2d 637, 644 (5th Cir. 1971); quoting *Beacon Theatres*, 359 U.S. at 500).

As Alabama explains, it asserted separate bases for jurisdiction for different claims. At least some claims asserted by Alabama are legal in nature and entitle Alabama to a jury trial. Bringing certain claims within this Court's admiralty jurisdiction does not negate Alabama's right to a jury trial as to the other claims. *See Luera*, 635 F.3d at 193; *see also Ghotra*, 113 F.3d at 1057 (noting that the "liberal joinder rules" permit legal and equitable claims to be brought in a single action while "preserv[ing] any statutory or constitutional right to a jury trial") (internal citation and quotation marks omitted). Therefore, Alabama has a Seventh Amendment right to a jury trial on its claims.[3]

## B. BP Cannot Escape *South Port* and Other Precedent.

BP paints OPA as a statute rooted in admiralty such that an OPA claim would not have

---

[3] BP cites numerous cases for the proposition that OPA is a maritime statute and thus precludes claims to be heard by a jury. (MTS at 3-5.) However, none of BP's cited cases stand for the proposition that OPA claims must be pursued exclusively "in admiralty." BP's cases are distinguishable because, *inter alia*, the claims sounded solely in admiralty (seeking remedies available exclusively in admiralty) and not at law, thus either no jury demand was made, or a Rule 9(h) election was made. *See*, *e.g.*, *Waring v. Clarke*, 46 U.S. 441 (1847) (*in rem* action brought solely in admiralty); *The Propeller Genesee Chief*, 53 U.S. 443 (1851) (*in rem*; no jury demand); *Apex Oil Co. v. United States*, 208 F. Supp. 2d 642 (E.D. La. 2002) (seeking reimbursement from the National Pollution Funds Center; no jury demand); *In Re: Oil Spill by the Amoco Cadiz*, 699 F.2d 909 (7th Cir. 1983) (alleging admiralty as the sole basis for subject matter jurisdiction); *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830 (1996) (admiralty jurisdiction only); *Becker v. Tidewater Inc.*, 405 F.3d 257 (5th Cir. 2005) (Rule 9(h) election); *Biagas v. Hornbeck Offshore Servs., LLC*, 2006 U.S. Dist. LEXIS 54161 (E.D. La. Aug. 3, 2006) (jury demand waived); *Rachal v. Ingram Corp.*, 795 F.2d 1210 (5th Cir. 1986) (jury demand withdrawn); *United States v. Matson Navigation Co.*, 201 F.2d 610 (9th Cir. 1953) (complaint *in rem* and *in personam*; admiralty jurisdiction only); *Guiterrez v. Waterman S.S. Corp.*, 373 U.S. 206 (1963) (*in rem*; admiralty jurisdiction only); *Tagliere v. Harrah's Illinois Corp.*, 445 F.3d 1012 (7th Cir. 2006) (admiralty jurisdiction only; no jury demand); *White v. Sabatino*, 526 F. Supp. 2d 1143 (D. Haw. July 20, 2007) (admiralty jurisdiction only; plaintiff did not oppose motion to strike jury demand). These cases do not apply here, where at least some of Alabama's claims are claims at law and where Alabama has demanded a jury trial.

4

been recognized at common law, thereby abrogating the right to a jury trial. For this same reason, BP argues that *South Port* was decided incorrectly. However, BP's argument relies on one flawed premise—that claims that did not occur wholly on navigable waters could fall within the admiralty jurisdiction of a court in 1791. In fact, "ship-to-shore injuries were not within the admiralty jurisdiction in 1791, but were cognizable instead at common law." *South Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 56 F. Supp. 2d 104, 106 (D. Me. July 26, 1999), *aff'd*, 234 F.3d 58 (1st Cir. 2000). Because ship-to-shore injuries were not recognized as actions within admiralty jurisdiction in 1791, such actions <u>do not preclude</u> a jury trial based on the limitations that accompany admiralty jurisdiction.

The claims asserted by Alabama are analogous to the types of ship-to-shore injuries that did not (and could not) occur wholly on navigable waters, thereby removing any suggestion that a similar claim would have been limited to a court's admiralty jurisdiction in 1791. The Seventh Amendment's right to a jury trial extends to those claims that could have been brought at law in 1791 and, therefore, before the enactment of the Admiralty Extension Act. BP's incorrect premise that admiralty jurisdiction in 1791 would have extended to ship-to-shore injuries undermines its argument that *South Port* was incorrectly decided and should be ignored.

## II.   Alabama Is Entitled to a Jury Trial Notwithstanding its Appearance in the Limitation Action.

Florida supports Alabama's right to a jury trial notwithstanding Alabama's appearance in the limitation action, as argued by Alabama.

## III.   BP's Additional Reasons Do Not Negate Alabama's Right to a Jury Trial.

### A. Alabama Is Entitled to a Jury Trial as to its Claims for Tax Revenues and Public Expenditures.

The Seventh Amendment's right to a jury trial is not restricted to individuals. It also applies to states. *See Standard Oil Co. of California v. Arizona*, 738 F.2d 1021, 1028 (9th Cir.

5

1984) ("[S]tates enjoy a right to jury trial akin to that enjoyed by the English crown in 1791."); at 1030 ("[T]he sparse legislative history of the Seventh Amendment does not demonstrate that the framers of the Constitution intended it to limit the right of jury trial to individuals only."). In Section III.A of its Motion to Strike, BP misapplies the Supreme Court's two-part test.

### 1. Step One: <u>Analogous Action</u> Under English Common Law?

The Step One question is <u>not</u> whether "claims for recovery of lost tax revenues were . . . tried in English law courts." (MTS at 19.) Rather, a court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Tull v. United States*, 481 U.S. 412, 417 (1987) (citing *Pernell*, 41 U.S. at 378; *Dairy Queen*, 369 U.S. at 477); *see also Curtis*, 415 U.S. at 193. As shown by Alabama, these claims would have been brought at law rather than in equity or admiralty.

The four cases BP cites for the proposition that "today, the common law does not recognize causes of action for lost tax revenues or public expenditures" do not, in fact, support that proposition. (MTS at 19.) Three of the cases[4] involve the plaintiffs' standing to sue based on generalized grievances—certainly these cases are inapplicable here, where OPA indisputably <u>grants</u> Alabama standing to sue. *See* 33 U.S.C. § 2702(b). The fourth case[5] is irrelevant because, *inter alia*, the statute at issue did <u>not</u> permit recovery of "lost taxes," whereas OPA <u>does</u> permit such recovery. *See* 33 U.S.C. § 2702(b)(2)(D).

---

[4] *Iowa ex rel Miller v. Block*, 771 F.2d 347, 353-54 (8th Cir. 1985) (holding that the alleged injury ("increased responsibility for the welfare and support of its affected citizens while its available tax revenues are declining") was not sufficiently proximate to the act complained of (government officials' failure to implement agricultural disaster relief programs)); *Pennsylvania v. Kleppe*, 533 F.2d 668, 672 (D.C. Cir. 1976) (finding that the "generalized grievance about the conduct of government" was "so distantly related to the wrong for which relief is sought, as not to be cognizable for purposes of standing."); *People ex rel. Hartigan v. Cheney*, 726 F. Supp. 219, 225 (C.D. Ill. 1989) (finding no standing to sue government official based on impending closure of military installations). These cases have no application here.

[5] *See Alaska v. BP Exploration (Alaska), Inc.*, 2010 WL 5433874 (Alaska Super. Dec. 10, 2010).

BP's other proposition—that "[n]ew causes of action without analogues in historical jurisprudence do not carry a jury trial right" (MTS at 19)—is similarly unsupported by the cited cases.[6]  BP's failure to find "actions analogous to a sovereign seeking lost taxes based on a private party defendant injuring a private party plaintiff" (*id.*) is irrelevant because this inquiry is far too narrow.  BP even admits that "the Seventh Amendment extends to statutory actions that are 'analogous' to common law rights of action."  (*Id.*)  As discussed below in Section II.B., courts have found OPA and similar statutes such as CERCLA to be "analogous" to common law claims.  In *Curtis*, a statutory claim was found to "sound basically in tort," thus triggering the Seventh Amendment, where the statute "merely defines a new legal duty" and "authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach."  *Curtis*, 415 U.S. at 195.  OPA does exactly this.  Thus, BP's analysis under Step One fails.

### 2. Step Two: Is the <u>Remedy</u> Sought Legal or Equitable in Nature?

The answer to the Step Two question is simple: the remedies sought by Alabama (e.g., loss of tax revenues and compensatory damages generally) are legal in nature.  BP does not even attempt to argue that such damages are equitable in nature.  Knowing it cannot reasonably refute the legal nature of the sought remedies, BP instead conflates the Step Two inquiry with a Step One inquiry.  (*See* MTS at 20 ("[C]laims for lost tax revenues and increased public expenditures are not *legal rights for which there is a jury entitlement*.").)  The cases BP cites for this point

---

[6] The cases cited by BP for this proposition involve statutory schemes that grant new remedies to the government to be enforced by <u>administrative</u> <u>bodies</u> rather than in a court, unlike here. There, parties unsuccessfully challenged the statutes on Seventh Amendment grounds. *See Atlas Roofing Co. v. OSHA*, 430 U.S. 442, 444-448 (1977); *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 27, 48-49 (1937). *See also Pernell*, 416 U.S. at 383 ("[T]he Seventh Amendment is generally inapplicable in administrative proceedings . . . .").

7

are inapplicable.**⁷**   Contrary to BP's convoluted argument, the Step Two answer is simple. Alabama seeks monetary damages, legal in nature, and may exercise its Seventh Amendment right to a jury trial.**⁸**

### B. Alabama Is Entitled to a Jury Trial on its NRD Claims.

Alabama correctly observed that the Order regarding briefing of Alabama's right to a jury trial limited the scope of the briefing to "OPA compensatory damages." However, BP included argument on the right to a jury trial of NRD claims, as well as removal costs. Therefore, Florida addresses those arguments in this and the following section.**⁹**

Florida respectfully submits that Alabama is entitled to a jury trial on its natural resource damages ("NRD") claims, whenever tried, under the Seventh Amendment. *See In re Acushnet*

---

**⁷** *See Atlas*, 430 U.S. at 444-448; *Rex v. Cia. Pervana de Vapores, S.A.*, 660 F.2d 61, 64-65, 69 (3d Cir. 1981) (finding that the Foreign Sovereign Immunities Act required claims to be "tried by the court without a jury" and that such a requirement was not unconstitutional under the Seventh Amendment); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323-24 (5th Cir. 1994) (finding no right to a jury trial under the two-step inquiry because ERISA claims were analogous to the law of trusts, which was equitable in nature, and where part of the relief sought by plaintiffs was equitable).

**⁸** BP impliedly seeks the creation of a "complexity exception" to the constitutional right to a jury trial. (*See* MTS at 21 (citing *In re Japanese Elec. Prods. Antitrust Litig.*, 631 F.2d 1069, 1079, 1084-86 (3d Cir. 1980)).) Although "functional" considerations have been considered in earlier Supreme Court opinions, they have not been considered as an independent basis affecting a litigant's right to a jury trial. *See Tull*, 481 U.S. 418 n.4. Further, the Ninth Circuit has expressly rejected a so-called "complexity exception." *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1984). Other circuits have either rejected it or have declined to rule either way. *See Phillips v. Kaplus*, 764 F.2d 807, 814 (11th Cir. 1985) ("While at least one circuit has suggested that mere complexity of facts alone can provide the basis for equitable jurisdiction and the denial of a jury trial, we have not done so, and we do not do so here."); *Cotten v. Witco Chem. Corp.*, 651 F.2d 274, 275 (5th Cir. 1981) ("While expressing no opinion on the issue of whether a complexity exception to the Seventh Amendment right to a jury trial exists, we reverse and remand [trial court's order granting motion to strike jury demand due to the complexity of the case]."). BP has not expressly asked this Court to apply this exception; doing so would be unsupported by the greater weight of authority.

**⁹** It is not necessary to address BP's argument regarding punitive damages. BP cites no case in which a court denied a jury trial as to claims involving punitive damages where not all claims were based on maritime law. As discussed above, a plaintiff who brings a "hybrid" case involving maritime and non-maritime claims is entitled to a jury trial.

8

*River & New Bedford Harbor*, 712 F. Supp. 994, 1000 (D. Mass. 1989) (holding that NRD claims are legal in nature and, thus, a right to a jury trial exists under the Seventh Amendment); *Viking*, 607 F. Supp. 2d at 830-33 (citing *Acushnet* and holding that NRD claims under OPA are entitled to a jury trial; distinguishing *United States v. Wade*, 653 F. Supp. 11, 13 (E.D. Pa. 1984)).[10]  With the relevant case law squarely against it, BP can do little more than cite *Viking* and *Acushnet* for the proposition that "[t]he United States has consistently advanced" the position that NRD claims are equitable.  (MTS at 22–23).  Regardless of what the parties involved may have argued at the time, these cases squarely support a finding that Alabama is entitled to a jury trial on its NRD claims.

BP also ignores the plain language of OPA and argues that "OPA explicitly limits NRD claims to restoring natural resources to the status quo."  (MTS at 22.)  Restoration costs are certainly one component of NRD under the OPA, *see* 33 U.S.C. § 2706(d)(1)(A), but the statute expressly provides that "the diminution in value of those natural resources pending restoration" is another.  33 U.S.C. § 2706(d)(1)(B).[11]  This diminution in value is analogous to a property damage claim, a classic legal cause of action, and thus entitles NRD claimants to a jury trial.  *See Viking*, 607 F. Supp. 2d at 832 (holding that the "Seventh Amendment right to a jury trial is triggered by this one legal component of the remedy") (citing *Dairy Queen*, 369 U.S. 469).

BP's reliance on *Wade* is therefore also misplaced.  (*See* MTS at 23–24.)  *Wade* was based on a finding that claims for restoration and assessment costs were equitable in nature, but

---

[10] *Accord N.Y. v. Lashins Arcade Corp.*, 888 F. Supp. 27, 28 (S.D.N.Y. 1995) (acknowledging right to a jury trial for CERCLA NRD claims); *United States v. Shaner*, Case No. 85-cv-1371, 1992 U.S. Dist. LEXIS 9000, *14 (E.D. Pa. June 16, 1992) (right to jury trial in CERCLA contribution actions, citing *Acushnet* in support).

[11] Assessment costs are the third and final component of NRD under the OPA.  *See* 33 U.S.C. § 2706(d)(1)(C).

9

the court was not addressing any claims for the diminution in value of natural resources pending restoration. *Wade*, 653 F. Supp. at 13 (plaintiff expressly stated it was only seeking to recover response costs and assessment costs). *See also Acushnet*, 712 F. Supp. at 999 ("[T]he recovery sought in [*Wade*] seems to be recompensable under the 'response costs' section of that statute as opposed to the natural resource damages section."). Thus, *Wade* does not conflict with *Viking* or *Acushnet* and the relevant authorities directly support a jury trial right as to NRD claims.

### C. Alabama Is Entitled to a Jury Trial on its Removal (Response) Cost Claim.

As Alabama has noted, there is an open question regarding the legal or equitable nature of removal cost claims. In any event, the presence of a removal cost claim cannot displace Alabama's right to a jury trial. "The right to a jury trial under the Seventh Amendment is not lost when legal and equitable issues are mixed or where legal issues are only incidental to equitable issues. Legal claims are not magically converted into equitable issues by their presentation to a court of equity." *Lashins Arcade*, 888 F. Supp. at 28 (citing *Dairy Queen*, 369 U.S. at 470 and *Ross*, 396 U.S. at 538) (internal quotation marks omitted). Alabama is entitled to a jury trial on its claims for the reasons stated above and, as such, is also entitled to a jury trial on its claim for removal costs.

### CONCLUSION

BP's position in its Motion to Strike Alabama's demand for a jury trial is untenable and provides no basis for depriving Alabama of its constitutional right to a jury trial.

Dated this 10th day of March, 2014.

        Respectfully submitted,

        s/ Carl R. Nelson
        CARL R. NELSON, FBN 0280186


**PAMELA JO BONDI**
ATTORNEY GENERAL
STATE OF FLORIDA

Patricia A. Conners, FBN 361275
Deputy Attorney General
trish.conners@myfloridalegal.com
Russell S. Kent, FBN 20257
Special Counsel for Litigation
russell.kent@myfloridalegal.com
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
Tel:  (850) 414-3300


-and-

| | |
|---|---|
| Carl R. Nelson, FBN 0280186 | S. Drake Martin, FBN 0090479 |
| cnelson@fowlerwhite.com | drakemartin@nixlawfirm.com |
| Ashley Bruce Trehan, FBN 43411 | Nix Patterson & Roach, LLP |
| ashley.trehan@fowlerwhite.com | 1701 E. County Hwy 30-A, Suite 201-B |
| Scott Richards, FBN 72657 | Santa Rosa Beach, FL 32459 |
| scott.richards@fowlerwhite.com | Tel:  (850) 231-4028 |
| Fowler White Boggs P.A. | |
| P.O. Box 1438 | Adrien A. ("Bo") Rivard, III, FBN 0105211 |
| Tampa, FL  33601-1438 | brivard@harrisonrivard.com |
| Tel: (813) 228-7411 | Harrison Rivard Duncan & Buzzett, Chtd. |
| | 101 Harrison Avenue |
| Louis B. ("Brady") Paddock | Panama City, Florida 32401 |
| TX # 00791394; AR # 93135; LA# 28711 | Tel: (850) 769-7714 |
| bpaddock@nixlawfirm.com | |
| Nix, Patterson & Roach, LLP | Franklin R. Harrison, FBN 0142350 |
| 2900 St. Michael Drive, Suite 500 | fharrison@harrisonsale.com |
| Texarkana, TX  75503-5211 | Harrison, Sale, McCloy, Chartered |
| Tel:  (903) 223-3999 | 304 Magnolia Avenue |
| | Panama City, Florida 32401-3125 |
| | Tel:  (850) 769-3434 |

*Counsel for Plaintiff, State of Florida*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of March, 2014.

s/ Carl R. Nelson
CARL R. NELSON Fla. Bar No. 0280186