IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179  SECTION J |
| This Document Relates To All Cases | * * * * | Honorable CARL J. BARBIER  Magistrate Judge SHUSHAN |

**DEFENDANT BP'S RESPONSE TO UNITED STATES' MOTION FOR AMENDMENT TO THE AMENDMENT PTO 1 AND PTO 14 REGARDING COMMUNICATIONS BETWEEN THE UNITED STATES, THE STATES, AND PLAINTIFFS' STEERING COMMITTEE**

Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia ("Carrie") Karis, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2000

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 662-5985

*ATTORNEYS FOR BP DEFENDANTS*

Defendants BP America Production Company, BP Exploration & Production Inc., and BP p.l.c. (collectively, "BP") hereby respond to and oppose the United States' Motion for Amendment to the Amendment PTO 1 and PTO 14 Regarding Communications Between The United States, the States, and Plaintiffs' Steering Committee ("Motion"), filed February 19, 2014 (Doc. No. 12370).

The proposed amendment would take away the statutory rights of BP and any other party or member of the public who seeks to obtain public documents otherwise available to them pursuant to the Freedom of Information Act, 5 U.S.C. § 552 or the open records laws of any State. The proposed order contravenes the public policies of each of the five Gulf States, which make public records accessible to persons wishing to inspect them, except as otherwise provided by law. The United States' Motion provides no legal basis and does not cite a single case or legal precedent for the proposed elimination of rights under the open records laws of the federal government and five States.

Pretrial Orders 1 and 14 already protect certain communications among the plaintiffs and their counsel and ensure that plaintiffs may communicate freely with each other without risk of waiver of the attorney-client or work product protections. On May 16, 2011, Pretrial Orders 1 and 14 were amended such that:

> [C]ommunication of information among and between the United States, any one or all of the States or any local government, and members of the Plaintiffs' Steering Committee (or the parties they represent) shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product.

Amendment to PTO 1 and PTO 14 Regarding Communications Between Counsel For the United States, The States, and Plaintiffs' Steering Committee, issued May 16, 2011 (Doc. No. 2375). By its Motion, the United States seeks an order (the "proposed order") broadening the scope of Pretrial Orders 1 and 14 to apply beyond the attorney-client and

work product protections to information that would otherwise be subject to disclosure under state and federal open records laws:

> Privileged communications protected by the provisions of this order may not be released directly, or indirectly through third parties, by the United States or any State pursuant to the Freedom of Information Act, 5 U.S.C. § 552, or any other open records law absent good cause shown in this Court.

Motion at 1.

The United States claims that the proposed order would not "expand the exemptions provided by the open records law" because "[e]ach of the six statutes provides in one way or another for the withholding of attorney client and/or work product information related to litigation or government investigations." Motion at 2. This argument is false.

First, the United States is incorrect in its assertion that attorney-client or work-product information is treated uniformly under the Freedom of Information Act and the laws of each of the five Gulf States. Although the federal law and the laws of some of the states contain exemptions for attorney-client and work-product information, the circumstances under which the exemptions apply differ, and some states do not have any exemptions at all. For example, the Alabama Open Records Act, Ala. Code § 36-12-40 *et seq.*, contains no exemptions for privileged or confidential information. Rather, courts applying Alabama law must use a "rule of reason" test that "balance[s] the interest of the citizens in knowing what their public officers are doing in the discharge of public duties against the interest of the general public in having the business of government carried on efficiently and without undue interference." *Stone v. Consol. Pub. Co.*, 404 So. 2d 678, 681 (Ala. 1981). Florida's Public Records Law, Fla. Stat. Ann. § 119.01 *et seq.*, does include an exemption covering attorney work product; however, that exemption is

expressly limited to public records prepared "**exclusively**" for litigation or in anticipation of litigation.  Fla. Stat. Ann. § 119.071(1)(d) (emphasis added).  Florida's law also requires an *in camera* inspection by the court of any document withheld under this exemption. Fla. Stat. Ann. § 119.07(g).

Second, the United States' proposed order is not limited to information that would be protected by the attorney-client or work-product privileges, but applies more broadly to all "privileged communications" covered by PTO 1 and 14.  Motion at 2.  Should the United States claim a "deliberative process" privilege for environmental data and interpretation, for example, that are considered in making an agency decision (e.g., decisions relating to the management of fisheries and quotas, evaluating the potential environmental impact of government action, or assessing natural resource damages), under the proposed order, any party wishing to obtain that information would need a court order to do so.  This result would place an unwarranted burden on this Court, and would place new restrictions on the public's ability to obtain such information under federal and state open records laws.  Exemptions for such "privileged" information under federal and state open records laws vary greatly.  *Compare, e.g.*, *Buford v. Holladay*, 133 F.R.D. 487, 494 (S.D. Miss. 1990) (finding "no evidence of a privilege for the deliberative processes of a state governmental agency" under Mississippi law), *with Arlington Indep. Sch. Dist. v. Texas Attorney Gen.*, 37 S.W.3d 152, 158 (Tex. App. 2001) (upholding a deliberative process privilege claim under the Texas Public Information Act).

The proposed order would improperly expand the exemptions available under the open records laws, and prohibit the disclosure of categories of "privileged" information

that are outside the attorney-client or work-product privileges and otherwise freely discoverable under state open records laws.  For those reasons, the United States' Motion should be denied.

The United States argues in its Motion, without any support or authority, that a "consistent rule and interpretation" is desirable.  This is not a proper legal basis for the Court to ignore the different laws and public policy determinations of each State regarding access to public records.  Those laws were undoubtedly the result of careful and thorough deliberation, legislative debate, and the balancing of competing interests.  The Court should therefore reject the proposed amendment because it contravenes the expressly-stated public policy of each of the five Gulf States that public records are public property freely available to any person who requests them, subject only to the exceptions and limitations enacted by each state's legislature.  *See* Ala. Code § 36-12-40 ("Every citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute.");[1] Fla. Stat. Ann. § 119.01 ("It is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person."); La. Rev. Stat. Ann. § 44:31 ("Except as otherwise provided in this Chapter or as otherwise specifically provided by law . . . any person of the age of majority may inspect, copy, or reproduce any public record); La. Rev. Stat. Ann. § 44:4.1 ("Any exception, exemption, and limitation to the laws pertaining to public records not provided for in this Chapter or in the Constitution of Louisiana shall have no effect"); Tex. Gov't Code Ann. § 552.001 ("Under the fundamental philosophy of the American constitutional form of representative

---

[1] *See Chambers v. Birmingham News Co.*, 552 So. 2d 854, 856-57 (Ala. 1989) (finding there is a presumption in favor of public disclosure, and the party refusing disclosure has the burden of proving that the writings or records sought are within an exception warranting nondisclosure).

4

government that adheres to the principle that government is the servant and not the master of the people, it is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times complete information about the affairs of government . . . ."); Miss. Code Ann. § 25-61-5 ("Except as otherwise provided[,] . . . all public records are hereby declared to be public property, and any person shall have the right to inspect, copy or mechanically reproduce or obtain a reproduction of any public record of a public body . . . ."). In Louisiana, the right to examine public documents is constitutional and has been characterized as "fundamental." La. Const. art. III, § 3 ("No person shall be denied the right to . . . examine public documents except in cases established by law."); *Times Picayune Pub. Corp. v. Bd. of Supervisors of La. State Univ.*, 845 So. 2d 599, 605 (La. App. May 9, 2003) ("The right of the public to have access to the public records is a fundamental right . . . [that] must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise.").

For the foregoing reasons, BP requests that the Court deny the Motion of United States further amending PTO 1 and 14.[2]

---

[2] In meet and confer discussions regarding this proposed amendment, BP indicated a willingness to compromise on this issue by including the following qualification: "Nothing in this Order expands the exemptions of state and federal open records laws, including the Freedom of Information Act, 5 U.S.C. § 552, or otherwise alters the provisions and requirements under 5 U.S.C. § 552(a)(4)(B), or analogous provisions under other open record laws, including any provisions that, in litigation alleging that agency records have been improperly withheld, it is the government that bears the burden of demonstrating the applicability of a claimed exemption." Accordingly, BP supports entry of the proposed amendment subject to the qualification set forth above as an alternative to the Court's denying the United States' Motion outright.

5

March 10, 2014                                                  Respectfully submitted,

      */s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia ("Carrie") Karis, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2000

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 662-5985

***ATTORNEYS FOR BP DEFENDANTS***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of March, 2014.

/s/ Don K. Haycraft
Don K. Haycraft