# EXHIBIT D

984

# BP SPILL LEGAL SERVICES CONTRACT
## BOTH FEDERAL COURT, GCCF and VOO

Name of Individual or Authorized Agent:   **VU VAN**

Name of Business:   **LA - 4556-AP**

I wish to have Waltzer & Wiygul Law Firm represent me in my claims relating to the
Deepwater Horizon oil spill. I understand that there are several kinds of claims that I may
have. By choosing yes or no below I understand that I am hiring Waltzer & Wiygul to help
me with specific kinds of claims. If I do not choose to have Waltzer & Wiygul help me with
any part of my claim, I understand that the firm will do nothing on that claim, and it is my
responsibility.

1. I am hiring your firm to pursue my claim in Court.
   Yes    (No)   v.v Initial

I hire Waltzer & Wiygul Law Firm ("W&W") to be my attorney, to represent me and/or my
business in all court proceedings relating to the Deepwater Horizon oil spill, including the
proceeding before Judge Barbier in the Eastern District of Louisiana, Case No. MDL 2179.

   Fee: I agree to pay Waltzer & Wiygul a contingent fee for representing me in court, set at
   twenty five percent (25%) of the gross amount received from the settlement or prosecution of
   my court case. W&W may lower this fee, but not raise it, without my having to sign a new
   agreement. I will not owe W&W any fees if W&W fails to recover for me in Court.

2. I am hiring your firm to pursue my claim with the GCCF.   Yes    (No)   v.v/Initial

I hire Waltzer & Wiygul Law Firm ("W&W") to be my attorney, to represent me and/or my
business in all my claims with the Gulf Coast Claims Facility ("GCCF"). You represent me for
all spill claims including claims for my economic loss.

   Fee: I agree to pay W&W a contingent fee of eighteen percent (18%) of any funds sent to me
   by GCCF after the date of signing this contract. W&W may lower these fees, but not raise
   them, without my having to sign a new agreement. I will not owe W&W any fees if W&W
   does not recover for me.

3. I am hiring your firm to pursue my VOO claim.   (Yes)   No   v.v/Initial

I am hiring Waltzer & Wiygul to pursue my claim resulting from my participation in the Vessel
of Opportunity program.

   Fee: I agree to pay W&W a contingent fee of eighteen percent (18%) of any funds sent to
   me by BP or any other party for my VOO claim after the date of signing this contract. If my
   VOO claim has to go to court, the fee will be the 25% of whatever is recovered from the
   **VESSEL**

WW Client Contingent Fee K - ALL - 4 17 11

**CAPTAIN — DAVID VAN**

settlement or prosecution of the court case.

**4.  Your firm has full authority to protect my interests in the claims I hired you to pursue.**

I empower Waltzer & Wiygul to take any action W&W deems appropriate to represent me in the claims I have hired the firm to pursue.  This includes investigating and prosecuting claims for relief and damages against all responsible parties, and asserting my claims in any class action or separate firm any class action.  I also authorize W&W to negotiate a resolution of my claims, subject to my approval.

**5.  What I should do if GCCF sends a check directly to me.**

GCCF often sends checks directly to the claimant.  If I get a check from GCCF, issued after the date of this contract, I agree to bring the check to W&W.  W&W will put the funds into Waltzer & Wiygul's trust account, and, after deducting any costs and fees, disburse to me those funds.

**6.  What costs I will pay and when.**

Waltzer & Wiygul have explained that some costs will be expended in proving my case in court (e.g. filing fees, court costs, depositions, travel costs, expert costs).  The Court may also order that I pay a proportional share of the class action costs, related to proving common facts and common injuries.  These costs are shared by me and all other claimants.  I will pay these direct and proportional costs from any settlement or judgment funds recovered in my court case.  I will not pay any costs up front and I will never owe more money in costs than I receive.  I will assist W&W in holding down costs by responding to requests for information in a timely manner.

**7.  Final claims and releases.**

Because signing a final release will likely end my court case, I do agree to notify W&W before I ~~accept a final offer or sign a final release.  I retain the right to make any decision I wish.~~

**8.  How any settlement or award will be divided.**

I agree that W&W will deduct its attorneys' fees from my gross recovery in the court case, then deduct my direct and proportional expenses.  I will receive the balance.  In no event will the amount of fee W&W receives for work directly attributable to my case exceed the amount of money I receive in the end.

**9.  My claim is one of many and my lawyer is part of a collaborative effort in court.**

W&W represents many plaintiffs with claims both similar and different from mine in this spill.  W&W is also working with other lawyers in the court case for the common benefit, for the good of entire class of individuals harmed by the spill.  I give my consent for W&W to represent other plaintiffs in this spill and to do "common benefit" work.  I specifically waive any conflict of interest this may produce.  I instruct W&W to proceed in the best interest of all individuals similarly situated to me, and to litigate and settle all of our claims in a manner fairest to all.  I

WW Client Contingent Fee K - ALL – 4 17 11

retain the right, however, to timely approve or disapprove of any settlement or other agreement with respect to my claims, or opt out of any class, as provided by law.

**10.  My lawyer may have other lawyers help him with my claim.**

W&W has explained to me, and I already knew, that this is a very large, complex case.  Because of the resources needed to prosecute this case, including my own claim, I permit W&W to team with other lawyers and firms who in W&W's judgment may assist in the facilitation or prosecution of my case.  W&W will at all times remain responsible to me for my case.

**11.  This is our entire deal.**

I agree that this contract alone governs our relationship, that it has not been modified orally or in writing, that it supersedes all prior contracts and may be amended only in writing by consent of both parties. If any clause is deemed invalid, the remainder shall continue in full force.

**12.  You are my only lawyer.**

I am hiring you to handle the parts of my BP case I checked above.  I will not hire other lawyers to handle these pieces of my BP case.  I discharge any other lawyer I did hire, or may have hired, prior to this date.  You have my permission to tell that lawyer so.

This __5__ day of __OCT__, 2011.

Walter & Wiygul
3715 Westbank Expressway, Suite 13
Harvey, Louisiana 70058
Tel: (504) 340-6300 / fax (504) 340-6330  or

14399 Chef Menteur Hwy., Suite D
New Orleans, Louisiana 70129
Tel: (504) 254-4400 / fax (504) 254-1112  or

1011 Iberville Drive
Ocean Springs, MS 39564
Tel: (228) 872-1125 / fax (228) 872-1125

joel@waltzerlaw.com  or robert@waltzerlaw.com
See: www.bpoilspill.us or www.waltzerlaw.com

Client's Signature        Title   OWNER

Printed Name: __VU  VAN__

Address: _____

Phone: __407  780  4046__

Boat/Business: __LA - 4556 - AP__

WW Client Contingent Fee K - ALL – 4 17 11