**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | ) | **MDL No. 2179** |
|    "Deepwater Horizon" in the Gulf Of | ) | |
|    Mexico, on April 20, 2010 | ) | **SECTION J** |
| | ) | |
| This Document Relates to: | ) | **JUDGE BARBIER** |
|    10-4536 | ) | |
| | ) | **MAGISTRATE SHUSHAN** |

**CLEAN WATER ACT – PENALTY PHASE**

**ADDITIONAL RESPONSE OF THE UNITED STATES TO
ORDER [RE: PREPARATION FOR DISCOVERY IN THE PENALTY PHASE]:**

**MEMORANDUM ON THE
BURDEN OF PROOF FOR THE PENALTY FACTORS
IN SECTION 311(b) OF THE CLEAN WATER ACT**

### *Table of Contents*

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.     The Burden of Proof has No Practical Ramifications on Trial Logistics or Discovery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.     If there is a Burden, it Should be on the Defendants, Under the CWA Section 311 "Top Down" Approach to Penalties. . . . . . . . . . . . . . . . . . . . . . 4

        C.     There is Little Caselaw on Burdens for Individual Penalty Factors. . . . . . . . 7

III.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Table of Authorities*

**Federal Cases**

*Atlantic States Legal Found., Inc. v. Tyson Foods, Inc.,*
897 F.2d 1128 (11th Cir. 1990) .................................................................................. 4

*Chesapeake Bay Found. v. Gwaltney of Smithfield, Ltd.,*
611 F. Supp. 1542 (E.D. Va. 1985) ...........................................................................  9

*Cmty. Ass'n for Restoration of Env't v. Henry Bosma Dairy,* No. CY-98-3011,
2001 WL 1704240 (E.D. Wash. Feb. 27, 2001) *aff'd,* 305 F.3d 943 (9th Cir. 2002) .................... 6

*Natural Res. Def. Council, Inc. v. Texaco Ref. & Mktg., Inc.,*
800 F. Supp. 1 (D. Del. 1992) *aff'd in part, rev'd in part,* 2 F.3d 493 (3d Cir. 1993) ................. 9

*PIRG v. Powell Duffryn Terminals, Inc.,* 720 F. Supp. 1158 (D.N.J. 1989)
*aff'd in part, rev'd in part,* 913 F.2d 64 (3d Cir. 1990) ............................................. 8, 9

*Pound v. Airosol Co., Inc.,* 498 F.3d 1089 (10th Cir. 2007) ......................................... 5

*Sierra Club v. El Paso Gold Mines, Inc.,*
No. 01 PC 2163 OES, 2003 WL 25265873 (D.Colo. Feb 10, 2003).................................... 8

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.,*
73 F.3d 546 573 (5th Cir. 1996) ............................................................................. 5

*Titan Wheel Corp. of Iowa v. U.S.E.P.A.,*
291 F. Supp. 2d 899 (S.D. Iowa 2003), *aff'd,* 113 F. App'x 734 (8th Cir. 2004) ..................... 7

*Tull v. United States,* 481 U.S. 412 (1987) ............................................................  4, 7

*United States v. Allegheny Ludlum Corp.,* 366 F.3d 164 (3rd Cir. 2004)................................ 5

*United States v. B&W Investment Properties,* 38 F.3d 362 (7th Cir. 1994) ........................... 5

*United States v. CITGO Petroleum Corp.,* 723 F.3d 547 (5th Cir. 2013) ............................ 4, 5

*United States v. Egan Marine,* No. 08 C 3160,
2011 WL 8144393 (N.D. Ill. Oct. 13, 2011)......................................................... 4, 5, 6

*United States v. Fabian,* 522 F. Supp. 2d 1078 (N.D. Ind. 2007)................................... 7

*United States v. Gulf Park Water Co., Inc.,*
14 F. Supp. 2d 854 (S.D. Miss. 1998)....................................................................... 4, 5

*United States v. Gulf Park Water Co., Inc.,*
972 F. Supp. 1056 (S.D. Miss. 1997)................................................................... 4, 5, 7

*United States v. Marathon Pipeline Co.,* 589 F.2d 1305 (7th Cir. 1978) ........................... 8

*United States v. Marine Shale Processors,* 81 F.3d 1329 (5th Cir. 1996) ..................................... 5

*United States v. Scruggs,* No. G-06-776,
2009 WL 500608 (S.D. Tex. Feb. 26, 2009) ............................................................... 5

*United States v. Smith,* 149 F.3d 1172 (4th Cir. 1998) .............................................. 9

*Weber v. Trinity Meadows Raceway, Inc.,* No. 4:92-CV-267-Y,
1996 WL 477049 (N.D. Tex. June 20, 1996) ............................................................. 5

**Federal Statutes**

33 U.S.C. § 1319 .................................................................................................... 4, 5, 7

33 U.S.C. § 1319(d) ...................................................................................................... 7

33 U.S.C. § 1321(b) ............................................................................................... 1, 5, 7

33 U.S.C. § 1321(b)(3) .................................................................................................. 4

33 U.S.C. § 1321(b)(7)(A) ............................................................................................ 4

33 U.S.C. § 1321(b)(7)(D) ............................................................................................ 4

33 U.S.C. §1321(b)(8) .............................................................................................. 1, 7

**Other Authority**

S. Rep. No. 50, 99th Cong., 1st Sess. 25 (1985)……………………..……………………………8

2 *McCormick on Evidence* § 337 (7th ed. 2013)……………………………………………..9

# I.       INTRODUCTION

In its case management submission -- in the context of its concerns regarding the Defendants' ability to present rebuttal evidence during their cases-in-chief -- Anadarko Petroleum Corporation ("APC") suggested that the United States believes that the burden of proof varies for each of the statutory factors set forth in Section 311(b) of the Clean Water Act ("CWA"). *See*, "Case Management Submission by Anadarko Petroleum Corporation and Anadarko E&P Company, LP", Rec. Doc. 12341 at 6 (Feb. 14, 2014). Subsequently, the Court requested that the United States file a brief explaining what it believes to be the burden of proof for each of the factors. Order Regarding Preparation for Discovery in the Penalty Phase ("Order"), Rec. Doc. 12392 at 6 (Feb. 21, 2014). This is the required response.

The Court does not need to decide any questions regarding the burden of proof on each individual factor before setting discovery or trial deadlines or procedures. **First**, the parties are in agreement as to the appropriate order of proof for the Penalty Phase trial. The United States also does not object to APC's proposal for including rebuttal evidence during the Defendants' case-in-chief (assuming it is proper rebuttal). **Second**, any concerns that burden of proof questions may raise for the management of expert report deadlines in this Phase can be addressed by adopting the United States' proposal that expert reports should be served in two simultaneous rounds: (1) all parties' first round; and (2) all parties' rebuttal round. Such an approach would obviate the need to determine the burden of proof on any given factor, because the parties would all be subject to identical schedules. Thus, the Court need not address or decide the question of burden of proof for each factor before commencing discovery or trial.

However, in order to fully respond to the question posed by the Court, the United States summarizes the applicable case law below. Succinctly, regarding the burden associated with the eight statutory penalty factors set forth in CWA Section 311(b)(8), there is but a single question

before the Court in the Penalty Phase: the amount of the civil penalty to be paid by BP and APC (collectively, "Defendants") for the Macondo well oil spill. The eight factors are simply categories of facts that must be considered by the Court in answering that question, rather than elements of a legal claim that carry their own individual burdens. Thus, there is a paucity of case law regarding the burden of proof for individual penalty factors; yet the case law that does exist tends to support the position that the United States need not carry a burden to prove individual factors in order to justify the imposition of the statutory maximum penalty, and that, indeed, it is the defendants' burden to persuade the Court to award a penalty less than that maximum.

## II. DISCUSSION

### A. The Burden of Proof has No Practical Ramifications on Trial Logistics or Discovery.

The requirement to file this brief, Order, Rec. Doc. 12392 at 6, was inspired by APC's Case Management Submission. (Rec. Doc. 12341 at 6). [1] APC, in addressing "Order of Proof at Trial," agrees with the United States "that the order should be as follows: (i) the United States' case in chief; (ii) BP's case in chief; (iii) Anadarko's case in chief; and (iv) the United States' rebuttal, if any." *Id.* Notably, BP agrees to the same trial structure. *See* Joint Rule 26(f) Report (Rec. Doc. 21338) at 2. APC's specific issue was "defendants' ability to put on 'rebuttal' evidence during their cases in chief. . . ." This is a non-issue: as long as the "rebuttal" is proper

---

[1] APC argued that the "United States has taken the position that on some factors, or with respect to certain evidence, the defendants will have the burden of proof, while on others, the United States has the burden. As a result, it has proposed the simultaneous exchange of opening and rebuttal expert reports . . . . Anadarko is generally in agreement with the United States that the order should be as follows: (i) the United States' case in chief; (ii) BP's case in chief; (iii) Anadarko's case in chief; and (iv) the United States' rebuttal, if any. However, it is critical that any Case Management Plan and Order reflect the defendants' ability to put on "rebuttal" evidence during their cases in chief (including what may seem like sur-rebuttal to United States experts' opinions)." Case Management Submission by Anadarko Petroleum Corporation and Anadarko E&P Company, LP, Rec..Doc. 12341 at 6 (Feb. 14, 2014).

rebuttal under the rules of this Court,[2] the United States agrees with APC. Indeed, that is exactly how Phase One and Two went, where the testimony of the United States' experts in the case-in-chief addressed both primary opinions and rebuttal of the anticipated testimony of BP's experts (*e.g.*, Dr. Griffith testified about his own work, and also pre-rebutted Dr. Johnson's criticisms of Dr. Griffith's work, and was not required to return in rebuttal). Accordingly, while the burden of proof might matter to Judge Barbier in the ultimate ruling, the issue of burden of proof in no way changes the order of proof at trial itself.

Additionally, the burden of proof need not have any implications for discovery. The United States proposed simultaneous exchange of opening and rebuttal reports (as noted by APC in its Case Management Submission); this approach allows for the streamlined presentation and rebuttal of evidence without needlessly addressing the question of whether there is a burden of proof on any particular factor. Conversely, addressing the question head on could require that the Court: (1) assign various burdens of proof to each of the eight factors; and (2) set up rounds of reports for each factor, (opening, rebuttal, and potentially sur-rebuttal), with the party bearing the burden on a given factor submitting opening and sur-rebuttal reports and the other party submitting a rebuttal report. The United States proposal allows a mechanism for presenting evidence on all of the factors that the Court must consider, while avoiding unnecessary complication and delay.

Therefore, the Court does not need to decide the burden on each factor, but can instead set simultaneous deadlines for expert reports, set a trial as described in the Joint Rule 26(f) Report, and allow the Defendants to "pre-rebut" during their case-in-chief, following the usual approach in MDL 2179.

---

[2] APC also discussed including "what may seem like sur-rebuttal to United States experts' opinions." It is not clear what APC meant by "sur-rebuttal," which is not permitted in this case. There should be 2 rounds of reports: opening and rebuttal; no sur-rebuttal should be permitted.

Having stated that the Court need not decide the issue of burden of proof, we of course will comply with the Court's Order, so the following sections respond to the Court's specific requests as to burdens of proof.

### B. If there is a Burden, it Should be on the Defendants, Under the CWA Section 311 "Top Down" Approach to Penalties.

CWA enforcement "is designed to be simple, speedy and straightforward." *United States v. Gulf Park Water Co., Inc.*, 972 F. Supp. 1056, 1059 (S.D. Miss. 1997). A civil penalty is mandatory when it has been established that a defendant violated Section 311(b)(3) of the CWA. *See* 33 U.S.C. § 1321(b)(7)(A) and (D) (stating violators "shall be subject to a civil penalty"); *Atlantic States Legal Found., Inc. v. Tyson Foods, Inc.*, 897 F.2d 1128, 1142 (11th Cir. 1990) (holding that the "shall be subject to a civil penalty" language in Section 309(d) of the Clean Water Act mandates a penalty); *United States v. Egan Marine Corp.*, No. 08-3160, 2011 WL 8144393, at 6 (N.D. Ill. Oct. 13, 2011) (holding that penalties are mandatory under CWA § 311 and collecting cases interpreting a comparable provision of CWA § 309); *United States v. Gulf Park Water Co., Inc.*, 14 F. Supp. 2d 854, 858 (S.D. Miss. 1998) (same). As set forth in the United States *Motion in Limine* to Permit Relevant Evidence Concerning BP P.L.C. and Other BP Affiliates, and as explained by this Court in previous rulings, the primary purpose of civil penalties is deterrence and retribution. *See* Rec. Doc 12355 at 11-12; Doc. 5446 at 19-22. The calculation of penalties is not an exact science, but rather a discretionary function of the Court that is guided by eight factors set forth in Section 311(b)(8) of the CWA.[3]

While no particular method of penalty calculation is required by the statute, courts generally turn to one of two approaches, usually termed "top-down" and "bottom-up" to guide their penalty analysis. *See United States v. CITGO Petroleum Corp.*, 723 F.3d 547 (5th Cir.

---

[3] In order to set civil penalties under the CWA, the Court must undertake "highly discretionary calculations that take into account multiple factors." *Tull v. United States*, 481 U.S. 412, 427 (1987).

2013) (describing "top-down" and "bottom-up" approaches and finding that "this circuit has never held that a particular approach must be followed.").[4]  The top-down method involves "calculating the maximum possible penalty, then reducing that penalty only if mitigating circumstances are found to exist" based on the Court's consideration of the facts and the statutory penalty factors. *United States v. Marine Shale Processors*, 81 F.3d 1329, 1337 (5th Cir. 1996); *see also CITGO*, 723 F.3d at 552 (quoting *United States v. Allegheny Ludlum*, 366 F.3d 164, 178 n.6 (3d Cir. 2004) describing the "top-down" and "bottom-up" methods); *United States v. B&W Inv. Properties*, 38 F.3d 362, 368 (7th Cir. 1994) ("In considering fines under the [Clean Air] Act, courts generally presume that the maximum penalty should be imposed.").

The "top-down" method is the most appropriate means for calculating a civil penalty under the facts of this case. Beyond CITGO,[5] a case where the defendant realized a significant economic benefit from the violations, the only other court to assess an oil spill penalty under CWA Section 311(b) used the top-down approach. *See Egan Marine*, 2011 WL 8144393 at *6 (finding the bottoms-up approach "inapposite" where neither party contended there was a significant economic benefit).

---

[4] The CITGO court favorably cites *Tyson Foods*, 897 F.2d at 1142 ("If [the court] chooses not to impose the maximum, it must reduce the fine in accordance with the [CWA penalty] factors . . . ."); *See also Pound v. Airosol Co., Inc.*, 498 F.3d 1089, 1095 (10th Cir. 2007) (quoting *Marine Shale* and *B&W Inv.* in support of the top-down penalty approach used by the district court). District courts in the Fifth Circuit use the top-down approach outlined in *Marine Shale. See, e.g., Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 573-76 (5th Cir. 1996) (upholding a district court's use of the "top-down" method to determine civil penalty under CWA section 309) *cert. denied*, 519 U.S. 811; *Gulf Park Water Co., Inc.*, 14 F. Supp. 2d at 858 (reviewing Fifth Circuit practice and applying the top-down approach described in *Tyson Foods*); *Weber v. Trinity Meadows Raceway, Inc.*, No. 4:92-CV-267-Y, 1996 WL 477049, at *15 (N.D. Tex. June 20, 1996) (applying top-down approach); *United States v. Scruggs,* No. G-06-776, 2009 WL 500608, at *3 (S.D. Tex. Feb. 26, 2009) ("The Fifth Circuit endorsed the 'top-down' methodology for calculating the appropriate penalty."); *Gulf Park Water Co. Inc.*, 14 F. Supp. 2d 854 (relying on 5th Circuit precedent and applying top-down method in civil action under CWA Section 309).

[5] CITGO was successfully appealed to the Fifth Circuit and has been remanded for further consideration of the statuary penalty factors, the only court to assess an oil spill penalty under CWA Section 311(b) used the top-down approach. *See CITGO* 723 F.3d at 556.

In *Egan Marine*, the district court was asked to assess a per barrel civil penalty under CWA § 311 for a discharge of oil from a river barge into the Chicago Sanitary Ship Canal. The government alleged that the discharge was caused when an employee of the defendant used a propane torch to thaw a frozen cargo pump and triggered an explosion that led to the sinking of the barge and the death of the employee. While the court made no specific findings on the cause of the explosion or any benefit that the defendant might have realized as a result of actions leading up to it, it concluded that "no one appears to contend that [the defendant] stood to gain significantly from this explosion or even from any of the lax safety practices alleged by the Government. Accordingly, the "bottom-up" approach seems inapposite." *Egan Marine* at 6. The court went on to employ the top-down method to calculate a penalty of 89.3% of the statutory maximum. *Id* at 7.

Here, the actions and omissions of the defendants in this case yielded proportionally modest financial returns while causing a fire and explosion on the *Deepwater Horizon*, the deaths of eleven employees, and a massive release of crude oil into the environment. Because the defendants, as in *Egan Marine*, realized only a comparatively small economic benefit as a result of their violations, the Court should calculate the civil penalty using the "top-down" approach, in order to effectuate the goals of the CWA.

Under the top-down approach, if this Court decides not to impose the maximum penalty, "it must reduce the fine in accordance with the factors spelled out in section 1319(d), clearly indicating the weight it gives to each of the factors in the statute and the factual findings that support its conclusions."[6] *Tyson Foods,* 897 F.2d at 1142; *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, No. CY-98-3011, 2001 WL 1704240, at *8 (E.D. Wash. Feb. 27, 2001) *aff'd*, 305 F.3d 943 (9th Cir. 2002). That is, using the top-down approach, the baseline

---

[6] *See*, n. 7.

assumption is that a defendant will pay the statutorily-set maximum penalty unless the defendant musters relevant facts warranting a lower penalty.  *See, United States v. Fabian*, 522 F. Supp. 2d 1078, 1095 (N.D. Ind. 2007) ("[the defendant] does bear the burden of showing mitigating factors."); *see also*, *Titan Wheel Corp. of Iowa v. U.S.E.P.A.*, 291 F. Supp. 2d 899, 921 (S.D. Iowa 2003) *aff'd*, 113 F. App'x 734 (8th Cir. 2004) ("the burden of persuasion for downward adjustments is properly on the violator." ).

In sum, where the United States has carried its burden of proving the legal elements of the CWA claim (in Phase One) and any burden of producing evidence showing that "top down" is the right approach, the burden is now on the defendants to persuade the Court to order a penalty less than the statutory maximum.

### C.    There is Little Caselaw on Burdens for Individual Penalty Factors.

The CWA does not specify a burden of proof for each factor; rather, it simply requires the court to "consider" the eight statutory factors in determining the appropriate penalty amount. 33 U.S.C. §1321(b)(8). Moreover, courts have broad discretion in setting CWA civil penalties, *see Tull*, 481 U.S. at 427, and have consistently tried to ensure that CWA enforcement remains simple, speedy, and straightforward. *See Gulf Park Water Co., Inc.*, 972 F. Supp. at 1059. Perhaps as a result, there is a paucity of caselaw regarding the burden of proof for individual penalty factors under CWA § 311.[7] However, the cases found do tend to indicate that the Plaintiff need not prove any particular factor. We discuss those few cases below.[8]

---

[7] Due to the limited caselaw on the burden of proof regarding the penalty factors set forth under Section 311(b), some cases discussed here analyze the penalty factors under Section 309(d) of the CWA, which addresses civil penalties for violations of discharge permits. Certain of the Section 311(b) penalty factors are broader than those listed under Section 309(d) of the CWA. The Section 309(d) penalty factors are: 1) the seriousness of the violation, 2) the economic benefit to the violator, 3) any history of such violations, 4) the economic impact of the penalty on the violator, and 5) other matters as justice may require.

[8] We did find some authority on "Economic Benefit to the Violator." In drafting the relevant provisions of Section 309(d), Congress recognized that it would be difficult for a plaintiff to establish a violator's

Seriousness: The law does not require that the United States establish a detailed quantification of harms to the environment or to human health. *See*, Memorandum in Support of the United States' Motion of the United States to Limit Evidence About the "Seriousness" Factor ("Seriousness Motion"), Rec. Doc. 12373 (and cases cited therein). At most, the United States must show the *potential* for environmental harm as a result of the Defendants' violations of the CWA. *Id.; see also*, *Sierra Club v. El Paso Gold Mines, Inc.*, No. 01-PC2163, 2003 WL 25265873, at *9 (D. Colo. Feb. 10, 2003) (Finding that, "although plaintiffs have failed to prove any actual harm to the environment" their demonstration of potential harm was sufficient to bar any downward mitigation in favor of the defendant on this factor.). The facts showing that the Macondo oil spill was extremely serious are already in the record, s*ee* Appendix A to Seriousness Motion, Rec. Doc., 12373-1, so the burden of persuasion now falls on the Defendants to prove that it was not serious.

Degree of Culpability: In the one case that touches on a burden of proof for this factor, the Seventh Circuit rejected the idea that the CWA could be construed to require evidence of greater culpability (such as satisfying a negligence standard rather than strict liability), before the maximum penalty could be imposed. *United States v. Marathon Pipeline Co.*, 589 F.2d 1305, 1308 (7th Cir. 1978).

Economic Impact of the Penalty on the Violator: The burden of proof is on a violator who seeks a reduction of its penalty based on the economic impact of the penalty on its operations,

---

economic benefit with precision. *See* S. Rep. No. 50, 99th Cong., 1st Sess. 25 (1985) (noting that this factor "will not require an elaborate or burdensome" showing and that "[r]easonable approximations of economic benefit will suffice."). Caselaw regarding the burden of proof for this factor reflects this legislative intent—the government can carry any burden of production without showing the precise economic benefit realized by the violator. *See Pub. Interest Research Grp. Of New Jersey, Inc. v. Powell Duffryn Terminals Inc,* 13 F.2d 64, 80 (3d Cir. 1990) (upholding a district court finding of economic benefit while noting that, "[p]recise economic benefit to a polluter may be difficult to prove."). However, in this case the United States has elected not to present additional evidence on this factor (because the economic benefit to the defendants was so small compared to both the harm and the potential penalty), so the case seems unimportant.

and the Defendant must show a significant impact. *See, PIRG v. Powell Duffryn Terminals, Inc.*, 720 F. Supp. 1158, 1166 (D.N.J. 1989) *aff'd in part, rev'd in part*, 913 F.2d 64 (3d Cir. 1990) (refusing to reduce the penalty based on this factor, noting that the "defendant has failed to demonstrate that assessing a severe penalty would jeopardize defendant's continued operation."); *Gulf Park Water Co., Inc.*, 14 F. Supp. 2d at 868 (Noting that "defendants have the burden of showing that the impact of a penalty would be ruinous or otherwise disabling" and if they do not meet this burden, "the economic impact factor under Section 309(d) will not reduce the penalty.") (citing *Chesapeake Bay Found. v. Gwaltney of Smithfield, Ltd.*, 611 F. Supp. 1542, 1562 (E.D. Va. 1985)); *see also United States v. Smith*, 149 F.3d 1172, at *3 (4th Cir. 1998) (Table); *Natural Res. Def. Council, Inc. v. Texaco Ref. & Mktg., Inc.*, 800 F. Supp. 1, 26 (D. Del. 1992) *aff'd in part, rev'd in part,* 2 F.3d 493 (3d Cir. 1993).

The dearth of case law on the issue suggests that courts around the country understand the factors to be simply points of consideration when making the larger determination of the ultimate penalty amount. While no particular burden may be associated with a factor, the burden of proving any particular fact associated with any factor and not already in evidence lies with the party offering that fact. *See 2 McCormick on Evidence* § 337 (7th ed. 2013), "[a] doctrine often repeated by the courts is that where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue."

## III. CONCLUSION

The facts already submitted in evidence in this case weigh heavily in favor of a top-down approach to civil penalty calculation. This method of calculation, along with the punitive nature of civil penalties and the need for judicial economy, require that any party seeking departure from the statutory maximum penalty bear the burden of persuading the court that such a

departure is warranted. There is little other case law regarding independent burdens of proof for the eight factors set forth in CWA Section 311(b)(8).

Regardless of how the Court interprets the requirement to consider each of the eight factors, the agreed order of proof at the Penalty Phase (including APC's clarification) adequately protects the interests of all parties. The Court should accept the United States' suggestion to schedule the simultaneous submission of expert reports by all parties. Then any ambiguity concerning the appropriate burden for any factor will be of no consequence, and the questions of burden of proof need not be answered now.

Respectfully submitted,

BRIAN HAUCK
Deputy Assistant Attorney General
Civil Division
PETER FROST
Director, Torts Branch, Civil Division
Admiralty and Aviation
SHARON SHUTLER
MALINDA LAWRENCE
LAURA MAYBERRY
Trial Attorneys

ROBERT G. DREHER
Acting Assistant Attorney General
Environment & Natural Resources Division
SARAH HIMMELHOCH
MICHAEL MCNULTY
Senior Litigation Counsel
NANCY FLICKINGER
Senior Attorney
PATRICK CASEY
RICHARD GLADSTEIN
DANIEL S. SMITH
Senior Counsel
ABIGAIL ANDRE
A. NATHANIEL CHAKERES
ANNA CROSS
RACHEL HANKEY
JUDY HARVEY
RACHEL KING
ERICA PENCAK
BRANDON ROBERS
GORDON YOUNG
Trial Attorneys

R. MICHAEL UNDERHILL, T.A
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
Telephone: 415-436-6648
Facsimile: 415-436-6632
E-mail: mike.underhill@usdoj.gov

/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: 202-514-2779
Facsimile:  202-514-2583
E-mail: steve.o'rourke@usdoj.gov

KENNETH A. POLITE, JR.
United States Attorney
Eastern District of Louisiana
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date: March 10, 2014.                                    /s/ Steven O'Rourke
                                                          U.S. Department of Justice