# EXHIBIT C

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KONG DUONG, NUOI HAN, RAN VAN TRAN, DAVID VAN, TAM VU, BAO HUNG, MY T. TRAN, LUONG XUAN PHAM, KANDY TRAN, NHAN NGUYEN, TRYEN TRAN, HUONG LE, QUAN TRAN, HIEP AN CAO, THUAN VAN LE, CUC VAN HUYNH, NUOI VAN PHAM, TOM CONG HUYNH, KHANH HUYNH, TINH NGUYEN, HUY VO, KENT VO, LAN VO, DAI LE, KHANH NGUYEN, ANH LY, KINH NGUYEN, DAN DO, LOC VAN NGUYEN, JULIE THANH NGUYEN, KONG DUONG, THAI TRAN, SINH PHAM, SAK DARARITH, CHAMROEUN DUONG, LIM SENG, CHAMROEUN KANG, SIENG SUONG, DRANSON PHAM, DONG NGUYEN, BICH BUI, & SU NGUYEN | CASE NO: _____ <br><br> JUDGE: _____ <br><br> MAGISTRATE: _____ |
| Vs. | |
| BP AMERICA PRODUCTION COMPANY, BP EXPLORATION AND PRODUCTION, INC., DRC EMERGENCY SERVICES, L.L.C, & DANOS AND CUROLE MARINE CONTRACTORS, LLC | |

1

Case 2:12-cv-00814-CJB-JCW   Document 1   Filed 03/27/12   Page 2 of 10

NOW INTO COURT, through undersigned counsel, come:

1) KONG DUONG: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

2) NGOI HAN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF ST. BERNARD, STATE OF LOUISIANA;

3) RAN VAN TRAN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF LAFOURCHE PARISH, STATE OF LOUISIANA;

4) DAVID VAN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

5) TAM VU: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

6) BAO HUNG: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF TERREBONNE PARISH, STATE OF LOUISIANA;

7) MY T. TRAN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF JEFFERSON PARISH, STATE OF LOUISIANA;

8) LUONG XUAN PHAM: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

9) KANDY TRAN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

10) NHAN NGUYEN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

11) TRUYEN TRAN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

12) HUONG LE: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

13) QUAN TRAN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF EAST BATON ROUGE PARISH, STATE OF LOUISIANA;

14) HIEP AN CAO: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF JEFFERSON PARISH, STATE OF LOUISIANA;

15) THUAN VAN LE: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF ORLEANS PARISH, STATE OF LOUISIANA;

16) PHUC VAN TRUONG: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF ORLEANS PARISH, STATE OF LOUISIANA;

17) NGOI VAN PHAM: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF ORLEANS PARISH, STATE OF LOUISIANA;

2

18) TON CONG HUYNH: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF ORLEANS PARISH, STATE OF LOUISIANA;

19) KHANH HUYNH: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF ORLEANS PARISH, STATE OF LOUISIANA;

20) TINH NGUYEN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF ORLEANS PARISH, STATE OF LOUISIANA;

21) HUY VO: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF ORLEANS PARISH, STATE OF LOUISIANA;

22) KENT VO: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF LAFAYETTE PARISH, STATE OF LOUISIANA;

23) LAN VO: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF LAFAYETTE PARISH, STATE OF LOUISIANA;

24) DAI LE: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

25) KHANH NGUYEN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF JEFFERSON PARISH, STATE OF LOUISIANA;

26) ANH LY: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

27) KINH NGUYEN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF JEFFERSON PARISH, STATE OF LOUISIANA;

28) DAN DO: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF JEFFERSON PARISH, STATE OF LOUISIANA;

29) LOC VAN NGUYEN: A PERSON OF THE FULL AGE OF MAJORITY AND BILOXI, STATE OF MISSISSIPPI;

30) JULIE THANH NGUYEN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF TERREBONNE PARISH, STATE OF LOUISIANA;

31) KONG DUONG: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

32) THAI TRAN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF JEFFERSON PARISH, STATE OF LOUISIANA;

32) SINH PHAM: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

33) SAK DARARITH: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

34) CHAMROEUN DUONG: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

35) LIM SENG: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

36) CHAMROEUN KANG: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

37) SIENG SUONG: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF PLAQUEMINES PARISH, STATE OF LOUISIANA;

38) DRANSON PHAM: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF DICKINSON, STATE OF TEXAS;

39) DONG NGUYEN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF TERREBONNE PARISH, STATE OF LOUISIANA;

40) DICH BUI: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF TERREBONNE PARISH, STATE OF LOUISIANA; AND

41) SU NGUYEN: A PERSON OF THE FULL AGE OF MAJORITY AND RESIDENT OF ORLEANS PARISH, STATE OF LOUISIANA,

who file this suit for race discrimination against the below described defendants on behalf of themselves and for those similarly situated for the reasons set forth more fully in the following paragraphs:

### *Jurisdiction*

I.

Jurisdiction is proper as the claim presented herein is a claim of race discrimination under Section 1981 of the Civil Rights Act of 1866.

### *Venue*

II.

Venue is proper because the defendants do business within the Eastern District of Louisiana, and the acts and/or omissions occurred in, or off the coast of, Louisiana.

### *Parties*

III.

Made defendants herein are:

1) **BP AMERICA PRODUCTION COMPANY**, a Delaware corporation, with its principal place of business in Houston, Texas authorized to do, and was doing business in the State of Louisiana;

2) **BP EXPLORATION & PRODUCTION, INC.**, a Delaware corporation, with its principal place of business in Warrenfield, Illinois, authorized to do, and was doing business in the State of Louisiana;

3) **DRC EMERGENCY SERVICES, LLC**, an Alabama limited liability company, with its principal place of business in Mobile, Alabama, authorized to do, and was doing business in the State of Louisiana.

4) **DANOS AND CUROLE MARINE CONTRACTORS, LLC**, a Louisiana limited liability company, with its principal place of business in Larose, Louisiana, authorized to do, and was doing business in the State of Louisiana.

IV.

The defendants are truly and justly indebted to the petitioners for the following reasons:

## CAUSE OF ACTION – DISCRIMINATION

## UNDER §1981 OF THE CIVIL RIGHTS ACT OF 1866

V.

The Gulf Coast seafood industry was a vibrant and lucrative business employing more than 213,000 people and producing more than $10.5 billion to the local economy. The force behind this vibrant industry was the more than 13,000 commercial fishing vessels in the Gulf.

5

## VI.

According to a study performed by Dr. David D. Burrage, Extension Professor of Marine Resources at Mississippi State University, one-third of the boats with Gulf of Mexico federal shrimp permits, and over one-half of the boats actually fishing, belonged to Vietnamese-Americans. Vietnamese-Americans operated 62% of all Mississippi licenses for vessels over 45', 75% of all Louisiana licenses for vessels over 50', and 65% of Alabama licenses for vessels over 45'. This number does not include a smaller, but significant percentage belonging to Cambodian-Americans.

## VII.

On April 20, 2010, the Deep Water Horizon operated by **BP AMERICA PRODUCTION COMPANY, AND BP EXPLORATION AND PRODUCTION** (herein after to be called collectively as BP) exploded killing 11 people and spilling an approximate 4.9 million of barrels of crude oil into the Gulf of Mexico creating the worst oil spill disaster in the history of the United States.

## VIII.

The oil spill devastated the commercial fishing industry in the Gulf of Mexico causing suffering and financial burdens to hundreds of thousands of people, especially to commercial fishermen. Over half of all active commercial fishermen affected by the BP Oil Spill were Asians of the Vietnamese and Cambodian origin.

## IX.

To clean the crude oil from the gulf, BP established the Vessel of Opportunity (V.o.O) Program through which they intended to employ the affected fishermen to assist in the clean-up. BP hired **DRC EMERGENCY SERVICES, LLC, AND DANOS AND CUROLE MARINE CONTRACTORS, LLC** to manage the V.o.O Program.

X.

Even though over half of all active commercial fishermen affected by the BP Oil Spill were Vietnamese and Cambodian Americans, less than 10% of all the vessels hired for the V.o.O Program were owned by Vietnamese and Cambodian Americans. It is estimated that of the 5,000 marine vessels hired, only around 350 vessels belonged to Vietnamese and Cambodian Americans.

XI.

The reason for this discrepancy was the discriminatory acts of BP. During the implementation of the V.o.O Prgogram, BP sent out e-mail messages to DRC EMERGENCY SERVICES, LLC, AND DANOS AND CUROLE MARINE CONTRACTORS, LLC specifically demanded that they not hire vessels owned by Vietnamese and Cambodian Americans.

XII.

Based on information and belief, DRC EMERGENCY SERVICES, LLC, AND DANOS AND CUROLE MARINE CONTRACTORS, LLC colluded in this despicable order by limiting the number of Vietnamese and Cambodian Americans that they hired.

XIII.

The acts of the defendants violated Section 1981 of the Civil Rights Act of 1866, which provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

### XIV.

In, 1991, Congress amended Section 1981 by adding a subsection (b), which made clear Section 1981 prohibits not only discrimination in the formation of contracts but also in all aspects of the contractual relationship between the parties: "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

### XV.

The plaintiffs allege that the defendants engaged in intentional discrimination and have done so with malice or reckless indifference to Vietnamese and Cambodian fishermen who were most affected by the BP Oil Spill.

## REQUEST FOR CLASS ACTION CERTIFICATION

### XVI.

The plaintiffs herein are representative of a group of approximately 4,000 Vietnamese and Cambodian-American fishermen affected by the BP Oil Spill, and who applied for the Vessel of Opportunity Program but were never hired because of the discriminatory acts of the defendants.

### XVII.

A class of approximately 4,000 is too numerous and makes a consolidated complaint of the members of the class impractical. Moreover, the questions of law and fact are common to the class.

XVIII.

The claims of the interest of the class will be fairly and adequately protected. A class certification is respectfully requested.

## REQUEST FOR JURY TRIAL AND OTHER RELIEF

XIX.

Pursuant to Section 1981, the petitioners respectfully request a trial by jury, and for all equitable and legal relief, including attorney's fees and costs.

XX.

Plaintiffs also request and demands that defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including any and all E-mail correspondence between BP and DRC Emergency Services, LLC, and Danos and Curole Marine Contractors, LLC, memoranda, facsimiles, voice mail, test messages, cellular phone messages, witness statements, and any other information related to the referenced incident.

WHEREFORE, the plaintiffs reincorporate each and every allegation above, and pray for judgment against the defendants jointly and severally, as follows:

1)  For all equitable and legal relief, including, but not limited to compensatory and punitive damages allowed under Section 1981 of the Civil Rights Act of 1866;

2)  For attorney's fees and costs;

3) For such other relief as the Court may deem just.

RESPECTFULLY SUBMITTED:

/s/ Ryan Beasley

Ryan Beasley (La. Bar. No. 28492)
2439 Manhattan Blvd, Suite 302
Harvey, Louisiana 70058
504.367.5001 | 504.684.1231 (fax)
acao@loyno.edu