# EXHIBIT G

## CONTINGENCY FEE RETAINER AGREEMENT
## and CONTRACT OF EMPLOYMENT

THIS IS AN AGREEMENT BY AND BETWEEN  CHAMROEM DUONG, hereinafter shall be referred to as Client, and the Cao Law Firm

### I. SERVICES

A.  Duties of the Cao Law Firm

Client has agreed to retain the services of the Cao Law Firm in connection with my Loss of Income claim against BP P.L.C. and/or its subsidiaries or agents for the damages caused by the Gulf platform explosion and resulting oil spill. The Cao Law Firm will perform the following legal services, if necessary or appropriate, with respect to the claims described above:

- investigate claim;
- determine responsible party or parties;
- prepare and file lawsuit;
- settlement procedure and negotiations;
- prosecute claim by arbitration or legal action until settlement, award, or judgment is obtained; and
- if judgment is obtained in Client's favor, opposing an opposing party's motion for new trial (if any).

B.  Settlement

The Cao Law Firm is authorized to enter into negotiations regarding possible settlement, but will not settle or compromise this matter without the consent of Client.

C.  Results

NO GUARANTEE AS TO RESULT

### II. STATUTE OF LIMITATIONS ON CLIENT'S CLAIM

Although the Cao Law Firm has agreed to represent Client in connection with the Client's Loss of Income claim, Client understands that there are strict statutes of limitations on these claims, and that if Client's claims are not filed against Defendants before the statute of limitations expires, Client will be forever barred from bringing a claim against Defendants. Client understands that Defendants may attempt to dismiss Client's claims based upon those statutes of limitations. Client understands that the statute of limitations in Client's case may have expired before Client ever contacted the Cao Law Firm. Client also understands that the Cao Law Firm requires a minimum of 90 days after review of the submitted information to evaluate Client's case, and that should the statute of limitations or any other applicable deadlines including but not limited to class registration deadlines expire prior to or during the ninety (90) day period, Client agrees not to hold the Cao Law Firm responsible for any consequence related to the expiration of that deadline. Client understands and agrees that the Cao Law Firm is under no obligation to file a Complaint should the said law office concludes after reasonable investigation that there is no legal basis for commencing an action.

### III. THE Cao Law Firm's RIGHT TO WITHDRAW AFTER INVESTIGATION

It is agreed that the Cao Law Firm if, subsequent to a commencing representation subject to the investigation of the facts on which the Cao Law Firm determines that Client's claim(s) are being presented for any improper purpose, are not warranted by existing law or by non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; do not have or are not likely to have evidentiary support; or it is not feasible to prosecute Client's claim(s), the Cao Law Firm is authorized to cease all work on the Client's claim(s) and is authorized to discontinue the prosecution of such claim(s) upon written notice to Client at Client's last known address by regular mail. The Cao Law Firm's right to withdraw will be subject to the ethical restrictions imposed upon the Cao Law Firm by the applicable Code of Professional Responsibility. In the event of such withdrawal by the Cao Law Firm, the Cao Law

Firm shall promptly return Client's file to Client and Client shall not be obligated to pay any the Cao Law Firm's fee. The Cao Law Firm and Client agree that upon such withdrawal, the Cao Law Firm shall cease to be Client's counsel, and Client will have the right to seek new counsel. The aforesaid right to withdraw is in addition to the Cao Law Firm's rights to withdraw as set forth in Paragraph 8(e) below.

## IV. CONTINGENCY FEE TO THE Cao Law Firm

(A) Client agrees to pay the Cao Law Firm a contingency fee of fifteen percent (15%) of all amounts collected, including, but not limited to, attorney's fees, punitive damages, general or special damages. If a lawsuit has to be filed on the Client's behalf, then Client shall pay to the Cao Law Firm a contingency fee of ~~one-third~~ TWENTY (~~25%~~) of all amounts collected. Unless recovery is made, Client shall have no PERCENT obligation to pay a fee to the Cao Law Firm.

[handwritten margin note: AC. 20th]

(B) Costs and expenses paid by the Cao Law Firm shall be reimbursed after the contingency fee is computed.

(C) If the recovery consists of payments to be made over a period of time, or other property not entirely cash or cash-equivalent, the contingency fee shall be based on the present cash value of the recovery as determined by generally-recognized accounting and appraising standards.

(D) Monetary sanctions awarded to the Cao Law Firm during the course of litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations.

(E) If the Cao Law Firm is discharged, the Cao Law Firm will receive, at the election of the Cao Law Firm either (1) reasonable and fair value of the services provided by the Cao Law Firm prior to such discharge, as determined by the Court, provided that the Client acknowledges that in connection with the determination of the fair and reasonable value of such services; (2) a proportional share of the contingency fee portion of the ultimate recovery by the Client, such proportional share to be determined by comparing the amount or value of work done by the Cao Law Firm to the amount of work done by other counsel.

## V. LITIGATION COSTS AND EXPENSES

(A) The Cao Law Firm shall advance such costs and expenses on Client's behalf. In accordance with applicable law, the Cao Law Firm is entitled to reimbursement for such advances. Expenses include but are not limited to travel expenses, lodging expenses, telephone expenses, copying charges, Lexis or Westlaw charges, expert fees, court costs, etc.

## VI. RECOVERY

In connection with any recovery on behalf of Client's claim, Client expressly grants that the Cao Law Firm may endorse the name of the undersigned to any and all checks, drafts or other instruments that may be used in paying said demand or any judgment entered in said cause or on account thereof, and to execute, or and on behalf of the undersigned, any and all receipts, releases and discharges necessary to effect settlement of such cause or demand, and to release any judgment or decree rendered on account thereof, upon payment or satisfaction thereof.

## VII. THE Cao Law Firm'S LIEN

To secure payment to the Cao Law Firm of all sums due under this Agreement for legal services rendered and/or costs advanced, Client hereby grants the Cao Law Firm a lien to the

extent permitted by law on Client's [illegible] and any cause of action or lawsuit filed thereon, and on any recovery Client may obtain.

## VIII. WAIVER OF CONFLICT OF INTEREST

Client understands that Cao Law Firm has previously performed work on behalf of the Gulf Coast Claims Fund (GCCF), [illegible] affiliated with BP, P.L.C. There is a chance that in the event suit is filed against BP, P[illegible] or any of its subsidiaries, the Cao Law Firm may be disqualified from representing Client. Client understands the risk associated with the fact that Cao Law Firm previously performed [illegible] on behalf of the Gulf Coast Claims Fund (GCCF), and agrees to waive any conflicts that may [illegible] as a result of Cao Law Firm's representation of Client.

After having all of the above [illegible] and taken into consideration to me, I do hereby sign my name as of this _26th_ day of _January_, _2012_.

[signature]
NAME: CHAU-ROBERT DUONG
[illegible address] G. Li Dr.
[illegible], LA 70001
Telephone: 504-[illegible]-1927
Date of birth: 7/25/1971
SS#: