# EXHIBIT N

## AFFIDAVIT

STATE OF LOUISIANA
PARISH OF JEFFERSON:

BE IT KNOWN THAT on this 8th day of November, 2013, before me, the undersigned

Notary, PERSONALLY CAME AND APPEARED:

VUI VAN and CO THI NGUYEN

both persons of the full age of majority and resident of Plaquemines Parish, State of Louisiana,

who declared under oath to me, the Notary, under the penalty of perjury the following:

1)   I, Vui Van, am presently married to Co Thi Nguyen with whom I reside at 111 Avenue C, Buras, LA 70041;

2)   My wife and I we own two shrimping vessels, LA-2565-FE which is 44 ft., and LA-4556-AP, which is 35 ft;

3)   I captain the LA-2565-FE, and I would hire another person to captain the LA-4556-AP;

4)   I have been a commercial fisherman for almost 12 years;

5)   I only commercially shrimp in the Gulf of Mexico, and therefore the BP oil spill nearly destroyed my way of life and the Main income source to support my family;

6)   After the oil spill, my family and I were very depressed and wonder what will happen to us;

7)   There were many people desperately searching for help, but at the same time being tricked by trial attorneys in signing a contract;

8)   Like many people in my neighborhood, I wanted to handle the seafood claims myself;

9)   On, or around May of 2011, I heard that there was a potential claim for compensation for those who participated the Vessel of Opportunity (VoO) Program, so I went to the Cao Law Firm on May 16, 2011 to enquire on this potential claim;

10)  After hearing that there was a good chance for me to receive compensation for those vessels that were hired to participate in the VoO Program, I retained the Cao Law Firm to represent me for the vessel that was hired, which was LA-2565-FE;

11) In October of 2011, my son, David told me that there was a firm, the Waltzer, Wiygul & Garside (WWG), accepts VoO cases for those vessels that were not hired;

12) On October 15, 2011, my wife and I went to WWG to enquire about VoO compensation for vessels that were not hired and was greeted by a person by the name of "Trang";

13) After telling us that they were able to get money for vessels that were not hired, we decided to retain them for VoO representation for the vessel that was not hired, the LA-4556-AP;

14) Ms. Trang asked whether my wife and I wanted the Waltzer firm to represent us in our GCCF claim and we definitively stated no, we only want representation on the non-hired VoO vessel, LA-4556-AP;

15) I then signed the contract and then my wife and I left the firm;

16) About two weeks later Ms. Trang called my wife and explained to her that we need to file a "short form" to preserve our rights in federal court, so we went to them on October 18, 2011 to find out what was going on;

17) When we arrived we were again met by Ms. Trang who tried to explain to me about a "short form" against Transocean;

18) I asked her whether this short form will affect our GCCG claim and she said no;

19) She explained to my wife and me that the short form was only against Transocean and that we can choose to continue representing ourselves in our seafood loss of income claim with the GCCF;

20) That is why I initialed "No" on provision "2", because I did not want them to represent us in our seafood loss of income claim;

21) Several months later Ms. Trang again called and stated that she wants to talk to us about our seafood claim, so we went on May 29, 2012 just wanting to hear what she had to say;

22) When we got there, Ms. Trang showed us their Summary Sheet of our claim saying that WWG could get the amount of money on the Summary Sheet for us within one month;

23) We told Ms. Trang that we already retained the Cao Law Firm to represent us in our seafood claim and we do not need their services on seafood compensation, but only for the non-hired VoO claim;

24) Ms. Trang asked us to sign the Summary Sheet, saying that by signing the sheet we would only acknowledging that she had seen us and that she had explained to us the Summary Sheet, and our signing would not bind us to anything;

25) Ms. Trang also stated that if we want them to represent us on our seafood claim we would have to initial the provision which states "I direct that Waltzer, Wiygul & Garside submit a claim on my behalf";

26) We did not initial the statement because we have retained to Cao Law Firm to represent us in our seafood loss of income claim, and we told WWG that repeatedly;

26) Ms. Trang asked us to take the Summary Sheet home to think about what WWG can do for us on our seafood claim, so we did;

27) After the May 29, 2012 meeting the WWG Firm keep on hounding us and telling us that the new program under DHECC does not allow one firm to represent a client on VoO and another firm represent the same client on seafood, and that we have to sign with them;

28) I got so angry with them that on July 31, 2012 I asked my friend to write letter to WWG for me to terminating them on everything;

29) I don't recall having a conversation with WWG on June 11, 2012, and I don't EVER recall dealing with WWG on percentages;

30) The only thing that we recall is that they repeatedly wanted us to fire the Cao Law Firm and to have them represent us in our seafood claim;

31) The note about the 12% on their Exhibit E could be that they tried to offer us 12% so that we would switch from the Cao Law Firm to them;

32) We retained the Cao Law Firm to represent us on our hired VoO, LA-2565-FE, on May 16, 2011, and retained the Cao Law Firm to represent us on our seafood compensation claim with the DHECC on May 3, 2012;

33) We continue to represent us in all of our claims to this very day.

_____

VAN VUI


Sworn to and subscribed on this 8th day of November, 2013.

_____
ANH "JOSEPH" CAO (BAR NO. 26836)
NOTARY PUBLIC (#62091)

I, CO THI NGUYEN, hereby declare that I am very familiar with all the actions that transpired between us and the WWG Law Firm, and everything that is declared above is true and correct to the best of my knowledge.

_____
CO THI NGUYEN

Sworn to and subscribed on this 8th day of November, 2013.

_____
ANH "JOSEPH" CAO (BAR NO. 26836)
NOTARY PUBLIC (#62091)

*984*

## BP SPILL LEGAL SERVICES CONTRACT
## BOTH FEDERAL COURT, GCCF and VOO

Name of Individual or Authorized Agent:   _VU VAN_

Name of Business:   _LA - 4556-AP_

I wish to have Waltzer & Wiygul Law Firm represent me in my claims relating to the Deepwater Horizon oil spill. I understand that there are several kinds of claims that I may have. By choosing yes or no below I understand that I am hiring Waltzer & Wiygul to help me with specific kinds of claims. If I do not choose to have Waltzer & Wiygul help me with any part of my claim, I understand that the firm will do nothing on that claim, and it is my responsibility.

1. I am hiring your firm to pursue my claim in Court.
   Yes      (No )  _vJ_ Initial

I hire Waltzer & Wiygul Law Firm ("W&W") to be my attorney, to represent me and/or my business in all court proceedings relating to the Deepwater Horizon oil spill, including the proceeding before Judge Barbier in the Eastern District of Louisiana, Case No. MDL 2179.

   Fee: I agree to pay Waltzer & Wiygul a contingent fee for representing me in court, set at twenty five percent (25%) of the gross amount received from the settlement or prosecution of my court case. W&W may lower this fee, but not raise it, without my having to sign a new agreement. I will not owe W&W any fees if W&W fails to recover for me in Court.

2. I am hiring your firm to pursue my claim with the GCCF.   Yes   (No )  _v/_Initial

I hire Waltzer & Wiygul Law Firm ("W&W") to be my attorney, to represent me and/or my business in all my claims with the Gulf Coast Claims Facility ("GCCF"). You represent me for all spill claims including claims for my economic loss.

   Fee: I agree to pay W&W a contingent fee of eighteen percent (18%) of any funds sent to me by GCCF after the date of signing this contract. W&W may lower these fees, but not raise them, without my having to sign a new agreement. I will not owe W&W any fees if W&W does not recover for me.

3. I am hiring your firm to pursue my VOO claim.   (Yes )   No  _v4/_Initial

I am hiring Waltzer & Wiygul to pursue my claim resulting from my participation in the Vessel of Opportunity program.

   Fee: I agree to pay W&W a contingent fee of eighteen percent (18%) of any funds sent to me by BP or any other party for my VOO claim after the date of signing this contract. If my VOO claim has to go to court, the fee will be the 25% of whatever is recovered from the

_VESSEL_

W/W Client Contingent Fee K - ALL - 4 17 11

_CAPTAIN — DAVID VAN_

settlement or prosecution of the court case.

4. Your firm has full authority to protect my interests in the claims I hired you to pursue.

I empower Waltzer & Wiygul to take any action W&W deems appropriate to represent me in the claims I have hired the firm to pursue. This includes investigating and prosecuting claims for relief and damages against all responsible parties, and asserting my claims in any class action or separate from any class action. I also authorize W&W to negotiate a resolution of my claims, subject to my approval.

5. What I should do if GCCF sends a check directly to me.

GCCF often sends checks directly to the claimant. If I get a check from GCCF, issued after the date of this contract, I agree to bring the check to W&W. W&W will put the funds into Waltzer & Wiygul's trust account, and, after deducting any costs and fees, disburse to me those funds.

6. What costs I will pay and when.

Waltzer & Wiygul have explained that some costs will be expended in proving my case in court (e.g. filing fees, court costs, depositions, travel costs, expert costs). The Court may also order that I pay a proportional share of the class action costs, related to proving common facts and common injuries. These costs are shared by me and all other claimants. I will pay these direct and proportional costs from any settlement or judgment funds recovered in my court case. I will not pay any costs up front and I will never owe more money in costs than I receive. I will assist W&W in holding down costs by responding to requests for information in a timely manner.

7. Final claims and releases.

Because signing a final release will likely end my court case, I do agree to notify W&W before I accept a final offer or sign a final release. I retain the right to make any decision I wish.

8. How any settlement or award will be divided.

I agree that W&W will deduct its attorneys' fees from my gross recovery in the court case, then deduct my direct and proportional expenses. I will receive the balance. In no event will the amount of fee W&W receives for work directly attributable to my case exceed the amount of money I receive in the end.

9. My claim is one of many and my lawyer is part of a collaborative effort in court.

W&W represents many plaintiffs with claims both similar and different from mine in this spill. W&W is also working with other lawyers in the court case for the common benefit, for the good of entire class of individuals harmed by the spill. I give my consent for W&W to represent other plaintiffs in this spill and to do "common benefit" work. I specifically waive any conflict of interest this may produce. I instruct W&W to proceed in the best interest of all individuals similarly situated to me, and to litigate and settle all of our claims in a manner fairest to all. I

WW Client Contingent Fee K-AIL - 4 17 11

retain the right, however, to timely approve or disapprove of any settlement or other agreement with respect to my claims, or opt out of any class, as provided by law.

10. My lawyer may have other lawyers help him with my claim.

W&W has explained to me, and I already knew, that this is a very large, complex case. Because of the resources needed to prosecute this case, including my own claim, I permit W&W to team with other lawyers and firms who in W&W's judgment may assist in the facilitation or prosecution of my case. W&W will at all times remain responsible to me for my case.

11. This is our entire deal.

I agree that this contract alone governs our relationship, that it has not been modified orally or in writing, that it supersedes all prior contracts and may be amended only in writing by consent of both parties. If any clause is deemed invalid, the remainder shall continue in full force.

12. You are my only lawyer.

I am hiring you to handle the parts of my BP case I checked above. I will not hire other lawyers to handle these pieces of my BP case. I discharge any other lawyer I did hire, or may have hired, prior to this date. You have my permission to tell that lawyer so.

This __5__ day of __OCT__, 2011.

_____
Walter & Wiygul
3715 Westbank Expressway, Suite 13
Harvey, Louisiana 70058
Tel: (504) 340-6300 / fax (504) 340-6330 or

14399 Chef Menteur Hwy., Suite D
New Orleans, Louisiana 70129
Tel: (504) 254-4400 / fax (504) 254-1112 or

1011 Iberville Drive
Ocean Springs, MS 39564
Tel: (228) 872-1125/ fax (228) 872-1125

joel@waltzerlaw.com or robert@waltzerlaw.com
See: www.bpoilspill.us or www.waltzerlaw.com

Client's Signature   OWNER   Title

Printed Name: __VW VAN__

Address: _____

Phone: __407 780 4046__

Boat/Business: __LA - 4556 - AP__

WW Class Contingent Fee K - ALL - 4 17 11

Waltzer & Wiygul, LLP

504-340-6300
File # _984_

## BP SPILL LEGAL SERVICES CONTRACT
## BOTH FEDERAL COURT, GCCF and VOO

984

Name of Individual or Authorized Agent: _VUI VAN_

Name of Business: _LA - 4556 - AP_

I wish to have Waltzer & Wiygul Law Firm represent me in my claims relating to the Deepwater Horizon oil spill. I understand that there are several kinds of claims that I may have. By choosing yes or no below I understand that I am hiring Waltzer & Wiygul to help me with specific kinds of claims. If I do not choose to have Waltzer & Wiygul help me with any part of my claim, I understand that the firm will do nothing on that claim, and it is my responsibility.

1. I am hiring your firm to pursue my claim in Court.
   (Yes) No _√_ Initial        04/13/11   54066

I hire Waltzer & Wiygul Law Firm ("W&W") to be my attorney, to represent me and/or my business in all court proceedings relating to the Deepwater Horizon oil spill, including the proceeding before Judge Barbier in the Eastern District of Louisiana, Case No. MDL 2179.

   Fee: I agree to pay Waltzer & Wiygul a contingent fee for representing me in court, set at twenty five percent (25%) of the gross amount received from the settlement or prosecution of my court case. W&W may lower this fee, but not raise it, without my having to sign a new agreement. I will not owe W&W any fees if W&W fails to recover for me in Court.

2. I am hiring your firm to pursue my claim with the GCCF.          (No) _P√_ Initial

   10 25040 (PERSONAL)

I hire Waltzer & Wiygul Law Firm ("W&W") to be my attorney, to represent me and/or my business in all my claims with the Gulf Coast Claims Facility ("GCCF"). You represent me for all spill claims including claims for my economic loss.

   Fee: I agree to pay W&W a contingent fee of eighteen percent (18%) of any funds sent to me by GCCF after the date of signing this contract. W&W may lower these fees, but not raise them, without my having to sign a new agreement. I will not owe W&W any fees if W&W does not recover for me.

   (LA-4556-AP) new claim only under Sau Tran

3. I am hiring your firm to pursue my VOO claim.  (Yes) No _√_ Initial   #1035

I am hiring Waltzer & Wiygul to pursue my claim resulting from my participation in the Vessel of Opportunity program.

   Fee: I agree to pay W&W a contingent fee of eighteen percent (18%) of any funds sent to me by BP or any other party for my VOO claim after the date of signing this contract. If my VOO claim has to go to court, the fee will be the (25%) of whatever is recovered from the

WW Client Contingent Fee K-ALL – 4 17 11

CAPTAIN - DAVID VAN
VESSEL

settlement or prosecution of the court case.

4. Your firm has full authority to protect my interests in the claims I hired you to pursue.

I empower Waltzer & Wiygul to take any action W&W deems appropriate to represent me in the claims I have hired the firm to pursue. This includes investigating and prosecuting claims for relief and damages against all responsible parties, and asserting my claims in any class action or separate from any class action. I also authorize W&W to negotiate a resolution of my claims, subject to my approval

5. What I should do if GCCF sends a check directly to me.

GCCF often sends checks directly to the claimant. If I get a check from GCCF, issued after the date of this contract, I agree to bring the check to W&W. W&W will put the funds into Waltzer & Wiygul's trust account, and, after deducting any costs and fees, disburse to me those funds.

6. What costs I will pay and when.

Waltzer & Wiygul have explained that some costs will be expended in proving my case in court (e.g. filing fees, court costs, depositions, travel costs, expert costs). The Court may also order that I pay a proportional share of the class action costs, related to proving common facts and common injuries. These costs are shared by me and all other claimants. I will pay these direct and proportional costs from any settlement or judgment funds recovered in my court case. I will not pay any costs up front and I will never owe more money in costs than I receive. I will assist W&W in holding down costs by responding to requests for information in a timely manner.

7. Final claims and releases.

Because signing a final release will likely end my court case, I do agree to notify W&W before I accept a final offer or sign a final release. I retain the right to make any decision I wish.

8. How any settlement or award will be divided.

I agree that W&W will deduct its attorneys' fees from my gross recovery in the court case, then deduct my direct and proportional expenses. I will receive the balance. In no event will the amount of fee W&W receives for work directly attributable to my case exceed the amount of money I receive in the end.

9. My claim is one of many and my lawyer is part of a collaborative effort in court.

W&W represents many plaintiffs with claims both similar and different from mine in this spill. W&W is also working with other lawyers in the court case for the common benefit, for the good of entire class of individuals harmed by the spill. I give my consent for W&W to represent other plaintiffs in this spill and to do "common benefit" work. I specifically waive any conflict of interest this may produce. I instruct W&W to proceed in the best interest of all individuals similarly situated to me, and to litigate and settle all of our claims in a manner fairest to all. I

WW Client Contingent Fee K - ALL - 4 17 11

retain the right, however, to timely approve or disapprove of any settlement or other agreement with respect to my claims, or opt out of any class, as provided by law.

10. My lawyer may have other lawyers help him with my claim.

W&W has explained to me, and I already knew, that this is a very large, complex case. Because of the resources needed to prosecute this case, including my own claim, I permit W&W to team with other lawyers and firms who in W&W's judgment may assist in the facilitation or prosecution of my case. W&W will at all times remain responsible to me for my case.

11. This is our entire deal.

I agree that this contract alone governs our relationship, that it has not been modified orally or in writing, that it supersedes all prior contracts and may be amended only in writing by consent of both parties. If any clause is deemed invalid, the remainder shall continue in full force.

12. You are my only lawyer.

I am hiring you to handle the parts of my BP case I checked above. I will not hire other lawyers to handle these pieces of my BP case. I discharge any other lawyer I did hire, or may have hired, prior to this date. You have my permission to tell that lawyer so.

This _12_ day of _OCTOBER_ 2011.

Walker & Wiygul
3715 Westbank Expressway, Suite 13
Harvey, Louisiana 70058
Tel: (504) 340-6300 / fax (504) 340-6330 or

14399 Chef Menteur Hwy., Suite D
New Orleans, Louisiana 70129
Tel: (504) 254-4400 / fax (504) 254-1112 or

1011 Iberville Drive
Ocean Springs, MS 39564
Tel: (228) 872-1125/ fax (228) 872-1125

joel@waltzerlaw.com or robert@waltzerlaw.com
See: www.bpoilspill.us or www.waltzerlaw.com

Client's Signature          title  OWNER/ CAPT

Printed Name: _Viu Van_

Address: _111 Axenue C_
_Buras, LA 70041_

Phone: _407- 780- 4046_

Boat/Business: _LA-4556-AP_

DHECC# 100016647
GCCF# 1023540

WW Client Contingent Fee K - ALL - 4 17 11