# RETAINER AGREEMENT

This retainer agreement sets forth the terms and conditions under which _____ ("Client") agrees to retain The Law Offices of Downs Law Group ("Firm") as legal counsel and under which the firm agrees to represent customer. The terms and conditions of this company are:

1. **The Client employs the Firm to represent the Client in the application of a cause of action for personal injuries arising from: Class Action Lawsuit against BP-Deepwater Horizon Oil Spill.** _____.

The Firm accepts this employment and agrees to take steps that are in its judgment reasonable and advisable to enforce Client's rights.

2. As compensation for its services, the Client agrees to pay the Firm the higher of an amount awarded by the Court or a reasonable fee as follows:

(A) 25 % of any recovery.

3. In addition, the Client is responsible for all reasonable and necessary costs and expenses incurred by the Firm, **unless the client does not receive compensation.** These expenses, taken from the gross amount, include but are not limited to, filing fees, transcript costs, court reporter fees, copying and printing costs, mailing costs, telephone bills, computer-based legal research connect time, investigator fees, expert fees, and any other necessary expenses incurred in the representation of the Client, plus interest. These expenses should not exceed $250.00, and will not be charged unless the Client receives compensation. Whenever possible, the Client will be consulted prior to incurring any major expenditures. The Client consents to the Firm signing any "letter of protection" when the Firm deems it appropriate; a "letter of protection is an agreement by the Firm to withhold sufficient funds from any settlement or judgment received by the Client to pay any outstanding bills owed to a doctor or hospital.

4. The contingent fee amount is based upon the gross recovery before costs. All costs will be paid from any proceeds recovered for the Client after accounting for the fee, and if no recovery is made, the Client will not be indebted to the Firm for any sum whatsoever as to fees or costs. The Firm's costs are independent of fees, and are the responsibility of the Client. Also, the Firm is given a lien by the Client from any settlement or judgment to deduct and retain any fees and costs from its trust account prior to disbursing the balance to the Client.

5. The undersigned client understands that he/she will be seen by medical physicians with regards to the relevant Medical Class Benefits Settlement Matrix. This client shall incur medical expenses for the visits assisting in the settlement program that are necessary and required in order to take part in the medical settlement. The undersigned agrees that when they recover money damages from the BP settlement, a portion of that settlement will be taken and distributed for the payment of any and all medical expenses incurred through and because of the preparation of their Medical Settlement. The incurred charges will vary depending on the medical evaluations required for that individual. The undersigned agrees that they were verbally apprised of this information and further show their consent to the above arrangement through their signature below. The undersigned client has, before signing this contract, received and read the statement of client's rights and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the Firm.

6. This contract may be canceled by written notification to the attorney at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled the client shall not be obligated to pay any fees to the attorney for the work performed during that time. If the attorney has advanced funds to others in representation of the client, the attorney is entitled to be reimbursed for such amounts as the attorney has reasonably advanced on behalf of the client. The Client may terminate the Firm's engagement by written notice after three (3) business days of the date this agreement was signed, as shown below, but if so canceled, the Firm may place a charging lien for fees to the Firm for the work it performed. The Firm also has a right to terminate this engagement, subject to an obligation to give the Client reasonable notice to permit it to obtain alternative representation or services and subject to applicable ethical provisions. In the event of such termination, the Firm will provide reasonable assistance in effecting a transfer of responsibilities to the new firm.

7. Craig Downs, Esquire will be the attorney primarily responsible for this matter. The Client understands and agrees that other members of the Firm, associates or paralegals, may assist lead counsel in the preparation and trial of the case.

8. The Client and the Firm agree and request that this Retainer Agreement, its terms and conditions, and the amount of any fees and/or expenses paid in connection with it, will remain strictly secret, confidential, private and considered part of the attorney-client and work product privileges, unless and until the Client affirmatively waives such privilege and confidentiality, or a court orders disclosure, after all appropriate litigation and appellate remedies have been sought.

9. This Retainer Agreement constitutes the entire agreement between the Firm and the Client, and there are no oral agreements or understandings other than that which is contained herein. All amendments, additions or changes to this agreement shall be in writing and agreed to and signed by the parties. The laws of the State of Florida shall govern the interpretation of this Retainer Agreement, including all rules or codes of ethics which apply to the provision of services.

I HAVE READ the foregoing Retainer Agreement and accept and approve the terms and conditions therein and agree to be bound thereby.

Dated this _____ day of _____, 20___.

X_____  X_____
     Client                                                  Attorney