|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
|---|---|
| Sterbcow Law Group, LLC, a foreign limited liability company and Melancon | Rimes, LLC, a foreign limited liability company, | CASE NO. 13-039679 CA 01 |
| Plaintiff, | |
| vs. | |
| Downs Law Group, P.A., a Florida Corporation, Craig T. Downs, Individually, Jeremy Friedman, individually, and Daniel Perez, individually, | |
| Defendant. _____/ | |

### DEFENDANT DOWNS LAW GROUP, P.A.'S ANSWER AND AFFIRMATIVE DEFENSES AND MOTION TO DISMISS COUNTS II AND III, AND COUNTERCLAIM

Defendant Downs Law Group, P.A., by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiffs' Complaint, and its Motion to Dismiss Counts II, III and XIII and in support would state as follows:

1. Admitted in as much as the Plaintiff so alleges.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that venue is proper in Miami-Dade County, Florida.

9. Admitted that Defendant Downs Law Group, P.A. ("Downs") prepared along with Plaintiff Sterbcow Law Group the Attorney Participation Agreement as attached to Plaintiffs' Complaint. Denied that Defendant Downs ever executed the agreement. Denied that Downs entered into the agreement by and through Defendants, Craig Downs, Friedman, Perez and/or other employees or agents. Denied that it was drafted by Downs as both Downs and Sterbcow Law Group participated in its drafting. Denied that Melancon ever executed the Agreement. Admitted that Plaintiff Melancon agreed to the agreement. Denied that any specific conduct by Downs would be legal cause for ratification of the agreement.

10. Admitted that the agreement as attached to Plaintiffs' Complaint speaks for itself. Denied that the agreement was entered into by and through Defendants, Craig Downs, Friedman, Perez and/or other employees or agents. Denied that the agreement states or pertained to all clients.

11. Denied that the agreement sets forth any compensation to be paid by all of the Defendants. Admitted the terms of the agreement speak for themselves.

12. Denied that Downs acted by and through Defendants, Craig Downs, Friedman, Perez. Denied that Downs expressly identified any individuals to the clients as agents of the Plaintiffs. Admitted that to some clients Downs advised that two attorneys, Marx Sterbcow and Jason Melancon, would be and did provide assistance to Downs along with other attorneys, employees and staff.

13. Admitted that Plaintiffs performed and completed all obligations as set forth in paragraph one of the agreement. Denied that most of Downs' clients' claims are already before the subject claims' administration awaiting their settlement

determination. Denied that Plaintiffs have exceeded the scope of their representation. Denied that the Plaintiffs are the current pro hac vice sponsors of Defendants in Louisiana where the BP litigation is venued.

14. Denied to the extent that no payment is due. All other allegations herein are denied if not specifically admitted.

15. Denied.

16. Denied.

17. Denied.

## COUNT I

## BREACH OF CONTRACT OF DEFENDANT, DOWNS

18. Admitted that the Plaintiffs entered into an agreement with Downs. Denied that the agreement is legally enforceable.

19. Denied.

20. Denied.

In further answer, the Defendants set forth the following affirmative defenses as to Count I:[1]

1. The Plaintiffs' claims are barred due to their own prior breach of the agreement. More specifically, the Defendant has not breached the contract by failing to make payment to the Plaintiffs as it has not received any payments as of the date hereof from BP. However, at the beginning of January, 2014, the Plaintiffs breached paragraph 6 of the agreement by disclosing confidential attorney-client matters

---

[1] In the event the court denies the Defendant's Motion to Dismiss as to Counts II and III, the Defendant reserves the right to set forth additional affirmative defenses related thereto.

between the Defendant and its clients to a third party media source regarding the BP matter and its representation related thereto.

2. The Plaintiffs have failed to state a cause of action for Breach of Contract due to their failure to plead or allege that they suffered any damages as a result of any actions by the Defendant.

3. The Plaintiffs claims should be barred for failure to satisfy a condition precedent, i.e. that the Defendant recover any amounts from the lawsuit as a result of its objections.

4. The Plaintiffs claims should be barred for failure to satisfy a condition precedent, i.e. that if the court finds that the Plaintiffs are in fact entitled to 10% of all Downs clients, which Downs denies, no recovery can be had by the Plaintiffs as no recovery has been obtained by the clients to date.

5. If Plaintiffs are due 10% as to all Downs BP clients, the claims for breach of contract must be dismissed as the contract is unenforceable and/or illegal due to the failure of the Plaintiff entities to be listed on any client retainer agreement and failure to execute any client retainer agreements.

6. If Plaintiffs are due 10% as to all Downs BP clients the claims for breach of contract must be dismissed as the contract is unenforceable and/or illegal due to the failure of the Plaintifføs compensation to be set forth in the client retainer agreements and the clients agreeing to the same.

7. The claims for breach of contract must be dismissed as the retainer agreements fail to set forth any specific payment to be made to the Plaintiffs by the Defendants.

8. The Plaintiff claims must be dismissed due to the unenforceability of the agreement through a lack of consideration concerning the work due to be performed by the Plaintiffs and the benefits due to be given by the Defendant.

9. In the event that the Defendant is required to pay the Plaintiffs any monies related to the clients, the Defendant is entitled to a set-off of all monies paid to the Plaintiff Sterbcow for renting his office for Downs' BP Clients.

10. The Defendant is entitled to a set-off equivalent to all damages that the Plaintiffs caused to the Defendant as a result of its breach of contract as to the Defendant and defamatory statements related to the Defendant that were made to third parties.

11. The Plaintiffs have failed to mitigate any damages suffered as a result of any alleged breach of contract.

12. Defendant is entitled to the recovery of its attorneys fees and costs as the prevailing party herein pursuant to the terms of the agreement attached to the Plaintiffs' Complaint.

WHEREFORE, the Plaintiff requests that this court dismiss the Plaintiffs' Complaint with prejudice, award attorney's fees and costs pursuant to the contract between the parties and any further relief this court deems just and proper.

## MOTION TO DISMISS COUNTS II, III AND XIII

The Defendant, Downs Law Group, by and through undersigned counsel, hereby files its Motion to Dismiss Counts II, III, and XIII of the Plaintiffs' Complaint and in support would state as follows:

1. The Plaintiffs have a filed a lawsuit against this Defendant for Tortious Interference of a Business Relationship (Count II), Defamation (Count III) and an Injunction (Count XIII).[2] They generally claim that they jointly represented all clients with the Defendants as to a lawsuit involving the BP Deepwater Horizon Oil Spill ("BP suit"), that during this representation the Defendant contacted the clients for the BP suit and told them that the Plaintiffs were no longer their counsel and then had them sign new retainer agreements.

2. As more fully described below, the Plaintiffs have failed to state a cause of action, failed to properly plead or address damages, and requested relief that they are not entitled. For this reason, Counts II, III, and XIII must be dismissed by this court with prejudice.

### I. Tortious Interference with a Business Relationship

#### *A. The Plaintiffs have failed to state a cause of action*

The Plaintiffs have failed to state a cause of action for Tortious Interference with a Business Relationship. Under Florida law, the following elements must be plead by the Plaintiffs herein to maintain a claim for Tortious Interference with a business relationship: 1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; 2) knowledge of the relationship on the part of the defendant; 3) an intentional and unjustified interference with the

---

[2] Count I for breach of contract is not part of the instant motion.

relationship; and 4) damage to the plaintiff as a result of the tortious interference with the relationship. *Kreizinger, P.A. v. Schlesinger, P.A.*, 925 So. 2d 431 (Fla. 4th DCA 2007); *ISS Cleaning Servs. Group, Inc. v. Cosby*, 745 So. 2d 460, 462 (Fla. 4th DCA 1999).

The Plaintiffs claim that they entered into a "joint representation" agreement with the Defendant as to the Defendant's clients for the BP suit. They claim that the agreement does not limit the quantity of clients that the agreement applies. (Complaint, P. 21) For the purposes of this Motion only, the Defendant will take these allegations as true.[3] They further claim that the BP suit clients had a contingency fee agreement. They claim that both Plaintiffs executed each and every contingency fee agreement with these clients equivalent to over 1,700 different agreements. (Complaint, P. 23). For the purposes of this Motion only, the Defendant will also take this allegation as true.[4]

They further claim that while this joint representation was in effect, Downs contacted the clients and had them execute new contingency fee agreements without the names of the Plaintiffs. (Complaint, P. 24) Finally, Plaintiffs allege that as a result of these actions of the Defendant, the Plaintiffs "will" suffer damages, the amount of which is not presently ascertainable, however, will be quantifiable through appropriate discovery. (Complaint, P. 26)

The Plaintiffs have failed to allege the proper elements to sustain a claim for tortious interference of a business relationship as set forth above. While they allege the existence of a relationship between the Plaintiffs and the Defendant jointly on one hand, and the clients on the

---

[3] In reality, the agreement very specifically states that it only applies to "certain" clients of Downs Law Group related to the BP suit.

[4] In reality, the Defendant is not aware of even a single contingency fee agreement that either Plaintiff executed, let alone both of them each executing over 1,700 of them.

other, they fail to allege that the Defendant had any knowledge of such a relationship between the Plaintiffs and the clients, the second required element to sustain the claim.

More importantly, the Plaintiffs fail to allege that the actions of the Defendant constituted an "intentional and unjustified interference with the relationship" as set forth in the third element of the claim. In fact, they don't even allege that the Defendant "interfered" at all with the relationship of the Plaintiffs and the clients. The failure to allege either of these would require this court to dismiss this count for the failure to state a cause of action. *Kreizinger, P.A. v. Schlesinger, P.A.*, 925 So. 2d 431 (Fla. 4th DCA 2007)

Finally, the Plaintiffs have failed to properly plead damages. As stated above, the Plaintiffs must allege that they suffered damages as a result of the actions of the Defendant. *Id.* The Plaintiffs, however, fail to allege that they suffered *any* damages as a result of the actions of the Defendant. Rather, as stated in paragraph 26 of the Complaint, the Plaintiffs allege that they "will" suffer some type of damage in the future. But they have not alleged that they have actually suffered *any* damages to date. Without the Plaintiffs' pleading that they did suffer damages, the complaint must be dismissed.

### B. The Defendant cannot be liable for interfering with its own relationship

The Plaintiffs allege in paragraph 34 of its Complaint that the Plaintiffs and the Defendant "jointly" represented the clients. This attorney-client relationship to which the Plaintiffs allege both they and the Defendant are parties to with the clients is the same relationship they allege the Defendant tortiously interfered. The Plaintiffs do not allege nor do they have any relationship with the BP clients independent of the relationship they attempt to claim in their complaint.

Under Florida law, "a cause of action for tortious interference does not exist against one who is himself a party to the business relationship allegedly interfered with." *The Genet Company*

*et. Al. v. Annheuser-Busch, Inc.*, 498 So. 2d 683 (Fla. 3rd DCA 1986); *Robobar, Inc. v. Hilton Int'l Co.*, 870 So. 2d 864 (Fla. 3rd DCA 2004). As it the relationship at issue alleged by the Plaintiffs includes both the Plaintiffs and the Defendant pursuant to their "joint representation" agreement, then the Defendant cannot be held liable for interference into its own relationship. For this reason this Count must be dismissed with prejudice.

## II. Defamation

### *A. The Plaintiffs have failed to state a cause of action*

The Plaintiffs have failed to stated a cause of action for Defamation against this Defendant. Under Florida law, the "elements of a claim for defamation are as follows: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory. *Internet Solutions Corporation v. Marshall*, 39 So. 3d 1201 (Fla. 2010).

The Plaintiffs have alleged that the false statement that the Defendant made to its clients that the Plaintiffs were no longer their counsel was defamatory.[5] However, the Plaintiffs have failed to allege that any such statement was made negligently as to the falsity of the matter as required by the third element of the claim. *Id.* The failure to allege this elements requires dismissal.

---

[5] The Defendant contends that no false statement was ever made to its own clients. Notwithstanding, for the purposes of this Motion only, the Defendant will assume this allegation is true.

In addition, the Plaintiffs have failed to allege that they suffered any damages as a result of these statements.  They further failed to make any allegation in the Complaint as to how any such statement would cause them damage and/or deprive them of their duly expected attorney's fees as alleged in paragraph 30 of the Complaint.  The failure to properly allege any such damages, a requirement in the fourth element of the claim, would likewise require dismissal.

### *B.  The Plaintiffs have failed to allege that they suffered any actual damages*

While it is abundantly clear that the Plaintiffs have not suffered any damages as a result of any of the alleged actions of the Defendant, the complaint must further be dismissed due it is failure to allege any actual damages suffered.  Under Florida law, in order to recover on a claim for defamation, "actual damages" must have resulted from the Defendant's conduct.  *American Airlines, Inc. v. Geddes*, 960 So. 2d 830 (Fla. 3rd DCA 2007).

In the instant matter, the Plaintiffs do not even allege they suffered damages, let alone allege and describe any actual damages suffered.  The failure to allege any such actual damages likewise requires this court dismiss the Complaint accordingly.

### III.  Injunction

The Plaintiffs in Count XIII of the Complaint seek an injunction from the court concerning any fees that the Defendant may receive from the BP suit.  The Plaintiffs request that the court enter an order requiring that *all* fees earned by the Defendant be held in a separate trust account or court registry.  Yet, according to their Complaint, if they are entitled to any fees, at most they are entitled to only 10% of any fees that the Defendant recovers.

Clearly, the Plaintiffs are demanding that "all" fees be held in trust in order to strong arm the Defendant to pay them 10%, even though no such fees are due.  They believe that if they hold

up everything, the Defendant will have no choice but to pay them their percentage regardless of whether anything at all is due.

Notwithstanding these improper tactics, this count must be dismissed as there is no legal or factual support to have any fees, let alone "all" of the Defendant's fees to be held separately for the benefit of the Plaintiffs.  The Plaintiffs would first have to prove that they have a valid and enforceable contract, which they cannot do, and that they are entitled to any fees at this time, let alone fees as to all clients.  Until such time, any time of injunction would be premature and contrary to Florida law.

For the reasons stated above, Counts II, III and XIII all fail to state a cause of action and/or cannot proceed forward under Florida law.  As such this Defendant would request that the claims be dismissed with prejudice and that attorneys fees and costs be awarded against the Plaintiffs and in favor of the Defendant accordingly and for any additional relief this court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via service email on the 14th day of January, 2014, to: The McKee Law Group, 17150 Royal Palm Blvd., Suite 1 Weston, Florida 33327; rmckee@themckeelawgroup.com, mrodriguez@themckeelawgroup.com, slaurin@themckeelawgroup.com.

> The Downs Law Group, P.A.
> 3250 Mary Street, Suite 307
> Coconut Grove, FL 33133
> Office No.: (305) 444-8226
> Facsimile No.: (305) 444-6773
> Attorney for Plaintiff
> jfriedman@downslawgroup.com
>
>   s/ Jeremy D. Friedman
> Jeremy D. Friedman, Esq.
> Florida Bar# 134643