Filing # 9442720 Electronically Filed 01/22/2014 04:59:54 PM

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Sterbcow Law Group, LLC, a foreign limited liability company and Melancon | Rimes, LLC, a foreign limited liability company, | CASE NO. 13-039679 CA 01 |
| Plaintiff, |  |
| vs. |  |
| Downs Law Group, P.A., a Florida Corporation, Craig T. Downs, Individually, Jeremy Friedman, individually, and Daniel Perez, individually, |  |
| Defendant. |  |

## **DEFENDANTS' JOINT MOTION TO DISMISS**

Defendants Craig T. Downs, Jeremy D. Friedman, and Daniel Perez, by and through undersigned counsel, hereby files their Joint Motion to Dismiss the Plaintiff's Complaint and in support would state as follows:

1. The Plaintiffs have a filed a lawsuit against each of the above named Defendants for Breach of Contract, Tortious Interference with a Business Relationship, and Defamation.

2. The Plaintiffs claim that they entered into a contract with each of the individual Defendants in regards to joint representation of individual clients allegedly involved in a lawsuit involving the BP Deepwater Horizon Oil Spill ("BP suit"). They further allege that each and every one of these Defendants contacted the clients individually, convinced the clients to terminate their business relationship with the Plaintiff and defamed the Plaintiffs in the process.

2. As more fully described below, the very documents attached to the Complaint negate the breach of contract claims against these Defendants. In addition, the Plaintiff have failed to state a cause of action as to any of these claims due to their failure to properly plead the elements of the claims and address damages. For this reason, all Counts as filed by the Plaintiffs against these Defendants individually must be dismissed with prejudice.

### I. Breach of Contract

The Plaintiffs have attached a contract to the Complaint called an "Attorney Participation Agreement." The Plaintiffs claim that each individual Defendant were parties to the contract, breached the contract, and the Plaintiffs suffered damages as a result of such breach.

However, as clearly demonstrated by the face of the agreement, the only parties to the contract are Downs Law Group, P.A., Sterbcow Law Group, LLC, and Melancon | Rimes, LLC. The agreement in fact states the following:

> This Attorney Participation Agreement (Agreement ) is made this _____ day of August, 2012, Downs Law Group, P.A. ("Downs") and Sterbcow Law Group/Melancon Rimes (jointly "Co-Counsel").

No other parties are listed in the agreement. More specifically, none of the individually named Defendants are parties to the contract as attached to the Plaintiff's Complaint. In addition, the contact does not set forth a single obligation or duty by any of the individual Defendants alleged herein. Nor does the contract provide any consideration to the Defendants. Finally, there is no obligation for any of the individuals Defendants to make any payments to the Plaintiffs.

The Third DCA in *Blue Supply Corp. v. Novos Electro Mechanical, Inc.*, 990 So. 2d 1157 (Fla. 3rd DCA 2008) was faced with the same situation involving a claim for breach of contract. In *Blue Supply*, the parties had an agreement for the replacement of a cooling tower at

a condominium.  The Plaintiff therein brought suit against the entity on the contract and attached the contract to the complaint.  In addition, the Plaintiff brought a claim against the owner of the Defendant for breach of the same agreement.  The court in *Blue Supply* held the following:

> However, the contract attached to the complaint as well as the concession of Blue Supply's counsel at oral argument establish that Carlos Novos was not a party to the Blue Supply/Novos Electro Mechanical contract. Because of this inconsistency, any claims against Novos, individually, predicated on the existence of a contract between Carlos Novos and Blue Supply must be viewed as properly dismissed. *See Harry Pepper & Assocs., Inc. v. Lassiter,* 247 So. 2d 736, 736 (Fla. 3d DCA 1971)

The court in *Blue Supply* thus dismissed all claims against the individual Defendant because the contract attached to its complaint failed to include the individual officer as a party thereto.

In the instant matter, the Plaintiffs have attached a contract to the Complaint.  The only parties to that contract are the Plaintiffs and the Defendant Downs Law Group, P.A.  None of the individual Defendants are named in the Agreement.  As a result, the counts alleging breach of contract against the individual Defendants, i.e. Counts IV, VII and X, must be dismissed with prejudice.

## II.  Tortious Interference with a Business Relationship
## Defendant Craig T. Downs

### *A.  The Plaintiffs have failed to state a cause of action*

The Plaintiffs have failed to state a cause of action for Tortious Interference with a Business Relationship.  Under Florida law, the following elements must be plead by the Plaintiffs herein to maintain a claim for Tortious Interference with a business relationship: 1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; 2) knowledge of the relationship on the part of the defendant; 3) an intentional and unjustified interference with the relationship; and 4) damage to the plaintiff as a result of the tortious interference with the

relationship. *Kreizinger, P.A. v. Schlesinger, P.A.*, 925 So. 2d 431 (Fla. 4th DCA 2007); *ISS Cleaning Servs. Group, Inc. v. Cosby*, 745 So. 2d 460, 462 (Fla. 4th DCA 1999).

The Plaintiffs claim that they entered into a "joint representation" agreement with the Defendant as to the Defendant's clients for the BP suit. They further claim that while this joint representation was in effect, Craig T. Downs contacted the clients and had them execute new contingency fee agreements without the names of the Plaintiffs. (Complaint, P. 24) Finally, Plaintiffs allege that as a result of these actions of the Defendant, the Plaintiffs "will" suffer damages, the amount of which is not presently ascertainable, however, will be quantifiable through appropriate discovery. (Complaint, P. 26)

The Plaintiffs have failed to allege the proper elements to sustain a claim for tortious interference of a business relationship as set forth above. First, as stated above, there is no contract attached between the Plaintiffs and the Defendant Craig T. Downs. The Plaintiffs allege in their Complaint that this relationship forms the basis of their claim for Tortious Interference with a business relationship. If this is the case, and the contract attached hereto demonstrates that no relationship existed between Craig Downs and the Plaintiffs, then for this reason alone this Count must be dismissed with prejudice. *Blue Supply Corp. v. Novos Electro Mechanical, Inc.*, 990 So. 2d 1157 (Fla. 3rd DCA 2008); *Harry Pepper & Assocs., Inc. v. Lassiter,* 247 So. 2d 736, 736 (Fla. 3d DCA 1971)

In addition, the Plaintiffs fail to allege that the actions of the Defendant constituted an "intentional and unjustified interference with the relationship" as set forth in the third element of the claim. In fact, they don't even allege that the Defendant "interfered" at all with the relationship of the Plaintiffs and the clients. The failure to allege either of these would require this court to dismiss this count for the failure to state a cause of action. *Kreizinger, P.A. v.*

*Schlesinger, P.A.*, 925 So. 2d 431 (Fla. 4th DCA 2007)

The Plaintiffs have additionally failed to properly plead damages. As stated above, the Plaintiffs must allege that they suffered damages as a result of the actions of the Defendant. *Id.* The Plaintiffs, however, fail to allege that they suffered *any* damages as a result of the actions of the Defendant. Rather, the Plaintiffs allege that they "will" suffer some type of damage in the future. But they have not alleged that they have actually suffered *any* damages to date. Without the Plaintiffs' pleading that they did suffer damages, the complaint must be dismissed.

Finally, the Plaintiffs request that this court award them attorneys fees as to a common law tort. As there is no contract or statute that the Plaintiffs are relying upon to permit the recovery of their attorneys fees, this count must be dismissed and/or the request for attorneys fees must stricken accordingly.

### B. The Defendant cannot be liable for interfering with its own relationship

The Plaintiffs allege in its Complaint that the Plaintiff and the Defendant "jointly" represented the clients. This attorney-client relationship to which the Plaintiffs allege both they and the Defendant are parties to with the clients is the same relationship they allege the Defendant tortiously interfered. The Plaintiffs do not allege nor do they have any relationship with the BP clients independent of the relationship they attempt to claim in their complaint.

Under Florida law, "a cause of action for tortious interference does not exist against one who is himself a party to the business relationship allegedly interfered with." *The Genet Company et. Al. v. Annheuser-Busch, Inc.*, 498 So. 2d 683 (Fla. 3rd DCA 1986); *Robobar, Inc. v. Hilton Int'l Co.*, 870 So. 2d 864 (Fla. 3rd DCA 2004). As it the relationship at issue alleged by the Plaintiffs includes both the Plaintiffs and the Defendant pursuant to their "joint representation" agreement, then the Defendant cannot be held liable for interference into its own relationship. For

this reason as well this Count must be dismissed with prejudice.

## II.  Tortious Interference with a Business Relationship
## Defendants Jeremy Friedman and Daniel Perez

### *A.  The Plaintiffs have failed to state a cause of action*

The Plaintiffs have failed to state a cause of action for Tortious Interference with a Business Relationship.  Under Florida law, the following elements must be plead by the Plaintiffs herein to maintain a claim for Tortious Interference with a business relationship: 1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; 2) knowledge of the relationship on the part of the defendant; 3) an intentional and unjustified interference with the relationship; and 4) damage to the plaintiff as a result of the tortious interference with the relationship. *Kreizinger, P.A. v. Schlesinger, P.A.*, 925 So. 2d 431 (Fla. 4th DCA 2007);  *ISS Cleaning Servs. Group, Inc. v. Cosby*, 745 So. 2d 460, 462 (Fla. 4th DCA 1999).

The Plaintiffs claim that the Defendants Friedman and Perez knew of the existence of the business relationship between Defendant Downs and Sterbcow and Melancon.  They further allege that the Plaintiffs each individually executed each and every single contingent fee contract with the BP clients.  Finally, they claim that the Defendants Friedman and Perez each personally contacted each and every BP client and required them to sign a new retainer agreement removing the Plaintiffs who apparently also claim that they are listed entities and signatories of each and every agreement.  They claim that as a result of each and every client signing new retainer agreements without the Plaintiffd named therein, the Plaintiffs have suffered damages.[1]

The Plaintiffs have failed to allege the proper elements to sustain a claim for tortious

---

[1] The Defendants deny that any of this occurred.  However, for the purposes of this Motion only, the allegations will be taken as true.

interference of a business relationship as set forth above. The Plaintiffs allege that the Defendants Friedman and Perez are employees of Co-Defendant Downs Law Group, P.A. (Plaintiffs' Complaint, paragraph 9). As further alleged by the Plaintiffs as well as evidenced by the contract attached to the Complaint, Defendant Downs is a party to the agreement with the Plaintiffs. The Plaintiffs allege that Defendants Friedman and Perez knew of the business relationship between Downs and the Plaintiffs. (Plaintiffs' Complaint, paragraph 47) The Complaint further alleges that the Defendants interfered with that relationship by contacting clients and getting them to sign new retainer agreements without the Plaintiffs.

Under Florida law, "for the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." *See Abruzzo v. Haller, 603 So. 2d 1338 (Fla. 1st DCA 1992)*; *O. E. Smith's Sons, Inc. v. George, 545 So. 2d 298, 299 (Fla. 1st DCA 1989)*; *West v. Troelstrup, 367 So. 2d 253, 255 (Fla. 1st DCA 1979)*. The court in *Salit v. Ruden McClosky et. al.*, 742 So. 2d. 381 (Fla. 4th DCA 1999) held that an employee of a contracting employee may not be sued for Tortious Interference with a relationship that involves his or her employer as that employee is not a "third party" to the business relationship.

> The Court qualified this however by stating the following:
> However, the "privilege to interfere" enjoyed by an officer or employee of a contracting party is not absolute. The privilege is destroyed where an employee acts solely with ulterior purposes, without an honest belief that his actions would benefit the employer, and the employee's conduct concerning the contract or business relationship is not in the employer's best interest. *See O. E. Smith's Sons, 545 So. 2d at 299*; *Sloan v. Sax, 505 So. 2d 526, 528 (Fla. 3d DCA 1987)*; *Scussel v. Balter, 386 So. 2d 1227 (Fla. 3d DCA 1980)*.

The court stated that the amended complaint covers all the elements of the cause of action, except for one-having pled the Ruden firm's status as general counsel, it fails to allege the reasons why the law firm's participation in Salit's termination was unjustified under the rule of *Sloan* and *O. E.*

*Smith's Sons*. For this reason it granted the Motion to Dismiss.

In the instant case, there is no allegation that the actions of either Defendant Friedman or Defendant Perez were unjustified under the rule of *Sloan* and and *O. E. Smith's Sons*. Assuming the allegations are true, there is no allegation that these actions were contrary to the best interests of Downs Law Group, P.A. In fact, based on the way in which the Complaint was alleged, these actions were exactly in support of the actions of Downs Law Group, P.A. and did nothing more than further its interests. For this reason, this Count must be dismissed with prejudice as to both Friedman and Perez.

### B. The Plaintiffs have not alleged that they suffered any damages

In addition to this failure to properly allege the interference with any business relationship, the Plaintiffs have further failed to properly plead damages. As stated above, the Plaintiffs must allege that they suffered damages as a result of the actions of the Defendants. The Plaintiffs, however, fail to allege that they suffered *any* damages as a result of the actions of either of these Defendants. Rather, the Plaintiffs allege that they õwillö suffer some type of damage in the future. But they have not alleged that they have actually suffered *any* damages to date. Without the Plaintiffsø pleading that they did suffer damages, the complaint must be dismissed.

Finally, the Plaintiffs request that this court award them attorneys fees as to a common law tort. As there is no contract or statute that the Plaintiffs are relying upon to permit the recovery of their attorneys fees, this count must be dismissed and/or the request for attorneys fees must stricken accordingly.

### III.  Defamation
### Defendants Craig T. Downs, Jeremy Friedman and Daniel Perez

#### *A.  The Plaintiffs have failed to state a cause of action*

The Plaintiffs have failed to stated a cause of action for Defamation against these Defendants.  Under Florida law, the õelements of a claim for defamation are as follows: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory.  *Internet Solutions Corporation v. Marshall*, 39 So. 3d 1201 (Fla. 2010).

The Plaintiffs have alleged that the false statement that the Defendant made to its clients that the Plaintiffs were no longer their counsel was defamatory.[2]  However, the Plaintiffs have failed to allege that any such statement was made negligently as to the falsity of the matter as required by the third element of the claim.  *Id.*  The failure to allege this elements requires dismissal.

In addition, the Plaintiffs have failed to allege that they suffered any damages as a result of these statements.  They further failed to make any allegation in the Complaint as to how any such statement would cause them damage and/or deprive them of their duly expected attorneyøs fees as alleged in paragraph 30 of the Complaint.  The failure to properly allege any such damages, a requirement in the fourth element of the claim, would likewise require dismissal.

---

[2] The Defendant contends that no false statement was ever made to its own clients. Notwithstanding, for the purposes of this Motion only, the Defendant will assume this allegation is true.

### *B.  The Plaintiffs have failed to allege that they suffered any actual damages*

While it is abundantly clear that the Plaintiffs have not suffered any damages as a result of any of the alleged actions of the Defendant, the complaint must further be dismissed due it is failure to allege any actual damages suffered.  Under Florida law, in order to recover on a claim for defamation, "actual damages" must have resulted from the Defendant's conduct.  *American Airlines, Inc. v. Geddes*, 960 So. 2d 830 (Fla. 3rd DCA 2007).

In the instant matter, the Plaintiffs do not even allege they suffered damages, let alone allege and describe any actual damages suffered.  The failure to allege any such actual damages likewise requires this court dismiss the Complaint accordingly.

Based on the above, the Defendants as described herein request that this Court dismiss the Plaintiffs' Complaint and for any additional relief this court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via service email on the 22nd day of January, 2014, to: The McKee Law Group, 17150 Royal Palm Blvd., Suite 1 Weston, Florida 33327; rmckee@themckeelawgroup.com, mrodriguez@themckeelawgroup.com, slaurin@themckeelawgroup.com.

>The Downs Law Group, P.A.
>3250 Mary Street, Suite 307
>Coconut Grove, FL 33133
>Office No.: (305) 444-8226
>Facsimile No.: (305) 444-6773
>Attorney for Plaintiff
>jfriedman@downslawgroup.com
>
>  s/ Jeremy D. Friedman
>Jeremy D. Friedman, Esq.
>Florida Bar# 134643