# Exhibit 10

**TO UNITED STATES' REPLY TO BPXP'S OPPOSITION TO MOTION IN LIMINE TO PERMIT RELEVANT EVIDENCE CONCERNING BP P.L.C. AND ITS AFFILIATES**

FILED
13-0670
SUPREME COURT OF TEXAS
AUSTIN, TEXAS
3/10/2014 5:23:55 PM
BLAKE HAWTHORNE
CLERK

No. 13-0670

## IN THE SUPREME COURT OF TEXAS

### IN RE DEEPWATER HORIZON

Questions Certified from the United States Court of Appeals
for the Fifth Circuit, Case No. 12-30230

### APPELLANTS' REPLY BRIEF

Allan B. Moore (*pro hac vice*)
Thomas L. Cubbage III (#00783912)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 662-6000
abmoore@cov.com
tcubbage@cov.com

David B. Goodwin (*pro hac vice*)
Covington & Burling LLP
One Front Street
San Francisco, California 94111
(415) 591-6000
dgoodwin@cov.com

Deborah G. Hankinson (#00000020)
Rick Thompson (#00788537)
Hankinson LLP
750 N. St. Paul St., Suite 1800
Dallas, Texas 75201
(214) 754-9190
dhankinson@hankinsonlaw.com
rthompson@hankinsonlaw.com

*Attorneys for BP Exploration & Production Inc., BP America Production Company, BP Corporation North America Inc., BP Company North America Inc., BP Products North America Inc., BP America Inc., BP Holdings North America Limited, and BP plc*

March 10, 2014

sure, insurance policies *can* incorporate scope-of-coverage limitations from service contracts, and they sometimes do. But as in *ATOFINA*, *Aubris*, and *Pasadena Refining*, they often do not, and the Policies here plainly do not.

Appellees further suggest that this appeal will decide whether Insurers must "pay their coverage limits to Transocean or to BP." (Ranger Br. 53.) But that question is "not before this Court, nor was it before the Fifth Circuit." (Transocean Br. 9 n.6.) Appellees are equally misguided in asserting that "the principal dispute here [is] between the additional insured [BP] and the named insured [Transocean], not between an additional insured and an insurer." (*Id.* at 8.) This is an insurance action, under the Policies, between BP and Insurers, in which Transocean intervened. As Transocean admits in its next breath, "[t]he separate issue of the apportionment of the policy proceeds between Transocean and BP is not before this Court." (*Id.* at 9 n.6.)

Further, BP paid for its insurance coverage here. As Article 20 of the Drilling Contract reflects, BP and Transocean bargained for a contractor-controlled insurance program (or "CCIP"). (*See* Drilling Contract, art 20.1 & Ex. C, ¶ 2 (AA119, AA135).) Under a CCIP, the contractor must maintain coverage and pay premiums for *both* parties, as part of the overall service contract bargain, because joint coverage and a single premium are most efficient. Thus, Insurers are not just

- 4 -

"Transocean's Insurers," as Appellees repeatedly state, but very much BP's Insurers.

Under these circumstances, this Court should reject Appellees' arguments and answer both certified questions "yes."

## ARGUMENT

### I. APPELLEES CONCEDE THAT BP IS AN "INSURED" UNDER THE POLICIES AND THAT THE POLICY LANGUAGE GOVERNS THE SCOPE OF BP'S COVERAGE.

"[A]ll parties concede ... that the policies provide some insurance coverage to BP as an additional insured." *In re Deepwater Horizon*, 728 F.3d 491, 496 (5th Cir. 2013) ("*DWH II*"). This appeals thus concerns not BP's *status* as an "Insured" but the *scope* of BP's coverage under the Policies.

Appellees also concede that the starting point for determining scope of coverage is the insurance policy language. (Ranger Br. 14; Excess Insurers Br. 16, Transocean Br. 22.) That is what Texas law provides. *See Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660, 664 (Tex. 2008) ("Instead of looking ... to the indemnity agreement in the service contract to determine the scope of any coverage, we base our decision on the terms of the umbrella insurance policy itself."); *Aubris Res. LP v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 483, 488-89 (5th Cir. 2009) (addressing "virtually the same issue" and finding that *ATOFINA* "could not have been clearer" on this point); *Pasadena Ref. Sys., Inc. v.*