UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>Of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J<br><br>JUDGE BARBIER |
| Applies to: *All Cases* | MAG. JUDGE SHUSHAN |

### ORDER

**[Regarding the United States' Motion for Amendment to the Amendment to PTO 1 and PTO 14 Regarding Communications Between the United States, the States and Plaintiffs' Steering Committee (Rec. doc. 12371)]**

Paragraph 20 (Communication with the Court) of Pretrial Order No. 1 provides, in part, that:

> [T]he Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

Rec. doc. 2 at 18-19. This provision was limited to the attorney-client privilege and the attorney work product doctrine.

Paragraph 2 of Pretrial Order No. 14 (Governing the Treatment of Privileged and Work Product Materials) provides, in part, that:

> Privilege log identification is not required for post-April 20, 2010 communications exchanged between the Producing Party and their counsel or among counsel for the Producing Party. In addition, neither communications between or among counsel for Plaintiffs nor communications between or among counsel for Defendants are required to be identified on the Producing Party's privilege log.

Rec. doc. 655 at 2.  Pursuant to Part 1 of PTO No. 14, a document may be withheld on the basis of a claim of:  (1) attorney-client privilege; (2) work product; or (3) any other claim of privilege.  Notwithstanding the application of PTO No. 14 to claims of privilege other than attorney-client or work product, Paragraph 2 only applied to:  (1) communications exchanged between the Producing Party and its counsel or among its counsel; (2) communications between or among counsel for plaintiffs; or (3) communications between or among counsel for defendants.

On May 16, 2011, the United States sought the Court's guidance on the application of Paragraph 20 of PTO No. 1 to its communications with the PSC.  The U.S. had received discovery requests from BP seeking communications between the United States and any other party in MDL 2179 referring or relating to the incident and created after April 20, 2010.  Rec. doc. 2375 at 1.

In response the Court ordered that:

> [C]ommunication of information among and between the United States, any one or all of the States or any local government, and members of the Plaintiffs' Steering Committee (or the parties they represent) shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product.

Rec. doc. 2375 at 1.  With regard to Paragraph 2 of PTO No. 14, the order further states that:

> [T]his paragraph includes communications among and between counsel for the United States, counsel for the States or any local government, or the Plaintiffs' Steering Committee, such that these communications need not be identified on a Producing Party's privilege log.

Id. at 2.  The May 16, 2011 order applies to communications protected by the attorney-client privilege or the attorney work product doctrine.

Thus, if there is a post-April 20, 2010 communication between the United States and its counsel that is protected by the attorney-client privilege which is shared with counsel for the

2

States or the PSC, the attorney-client privilege as to that communication is not waived and a Producing Party is not required to identify it on its privilege log.

The United States requests an addition to these orders because BP has sought to obtain information under the federal Freedom of Information Act that the United States contends is protected by the attorney work product doctrine. It urges that there should be consistent interpretation of the protection for attorney-client privileged communication and information protected by the attorney work product doctrine.

BP responds that: (1) the proposed amendment would take away the statutory rights of BP and others to obtain public documents otherwise available to them under the open records laws; (2) communications among counsel for the United States, the States, local governments and the PSC are protected under the existing orders; (3) assertion of the attorney-client privilege or attorney work product information are not treated uniformly among the open records laws; and (4) the order sought by the United States would apply to not only the attorney-client privilege and attorney work product doctrine but to other privileges, including for example the deliberative process privilege. BP proposes alternate language. Rec. doc. 12477 at 5, n. 2.

The Court agrees with the United States that there should be consistent interpretation of what is protected in this MDL by the attorney-client privilege and the work-product doctrine and it agrees with BP that any addition to these orders must be limited to communications protected by the attorney-client privilege and information protected by the attorney work product doctrine.

IT IS ORDERED that communications protected by the attorney-client privilege and information protected by the attorney work product doctrine by PTO No. 1 (Rec. doc. 2), PTO No. 14 (Rec. doc. 655) and the Amendment to these Orders (Rec. doc. 2375) may not be released directly, or indirectly through third parties, by the United States or any other State or

governmental entity pursuant to the Freedom of Information Act, 5 U.S.C. § 552, or any other open records law absent good cause shown in MDL 2179.

New Orleans, Louisiana, this 14th day of March, 2014.

_____
**CARL J. BARBIER**
**United States District Judge**