IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179 SECTION J |
| This document relates to: | * * | Judge Barbier |
| Case Nos. 10-2771, 10-4182, 10-4183, 13-02645, 13-cv-02646, 13-cv-02647, 13-cv-02813 | * * * | Magistrate Judge Shushan |

**BP'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR ADDITIONAL PAGES FOR BP'S REPLY IN SUPPORT OF MOTION TO STRIKE THE STATE OF ALABAMA'S JURY DEMAND**

In addition to the State of Alabama's 33-page brief opposing BP's motion to strike the State of Alabama's jury demand, the States of Florida, Louisiana, Mississippi and Texas each filed briefs also opposing BP's motion. Because these briefs raised issues that were not raised by the State of Alabama's brief, BP respectfully requests a modest five (5) additional pages for its reply brief for a total of twenty (20) pages. The State of Alabama does not oppose BP's request for five additional pages.

The Court's Briefing Schedule Order for BP's Motion to Strike the State of Alabama's Jury Trial Demand permitted "other interested parties [to] file memoranda in support of Alabama's position." *See* Rec. Doc. 12126 at ¶ 4. But this order also reserved BP's right to seek additional pages for its reply "[i]f necessary to respond to issues raised by other parties." *See id.* at ¶ 5 n.2. On March 10, the States of Florida, Louisiana, Mississippi, and Texas filed four separate briefs totaling 35 pages in support of Alabama's position. *See* Rec. Docs. 12475, 12476, 12495. These briefs raised several new issues and arguments not raised by Alabama's brief, including:

- Arguing that a jury trial right exists for natural resource damages claims;

- Arguing that courts allow plaintiffs to recoup lost tax revenues as common law damages;

- Arguing that claims for Oil Pollution Act of 1990 ("OPA") damages are similar to a common law writ of trespass;

- Arguing that OPA is not an admiralty statute because OPA applies to spills that supposedly do not fit the *Grubart* test for admiralty jurisdiction;

- Arguing that OPA is not codified maritime law, relying primarily on *Tanguis v. M/V Westchester*, 153 F. Supp. 2d 859 (E.D. La 2001);

- Arguing that the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), Death on the High Seas Act ("DOHSA"), and Limitation Act are not analogous to OPA in terms of being maritime statutes; and

- Arguing that several cases cited by BP but not addressed by Alabama are distinguishable from the present case, including (i) various historical and pre-OPA oil spill cases, (ii) cases holding there there is no common law cause of action to recover lost tax revenues or increased public expenditures; and (iii) cases holding that a claim for monetary damages does not establish a jury trial right.

BP has been allocated 10 pages for its reply to Alabama's 33 page brief, but is currently permitted only 5 pages for its reply to the 35 pages of briefing submitted by the four other Gulf States and the several new arguments that they raise. *See* Rec. Doc. 12126.

Further, the State of Alabama was previously granted an additional 15 pages for its response brief because of the 15-page declaration of Professor Oldham that was appended to BP's opening brief. *See* Rec. Doc. 12419. Before filing its request for those additional pages, Alabama offered to not oppose BP's future request for the 5 additional pages requested herein in exchange for BP's non-opposition to its request. In the spirit of compromise and cooperation BP agreed and did not oppose that motion. *See* Rec. Doc. 12387. Moreover, although Alabama characterized its request for additional pages as a "15 pages for 15 pages fairness argument," BP seeks much less than a 1-to-1 page ratio with its request for 5 additional pages—for a total of 10

pages—to respond to the 35 pages of additional briefing from the States of Florida, Louisiana, Mississippi, and Texas. *See id.* at ¶ 14.

WHEREFORE, BP respectfully requests an additional 5 pages for a total of 20 pages for its reply in support of the Motion to Strike the State of Alabama's Jury Trial Demand.

Date:  March 14, 2014									Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #I6984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
R. Chris Heck
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
F. Chad Morriss
Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter, LLP
555 12th Street N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of March, 2014.

/s/ Don K. Haycraft
Don K. Haycraft