UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION J |
| This Document Relates to:<br>No. 12-970, Bon Secour Fisheries, Inc. et al. v. BP Exploration & Production Inc., et al. | * * * | DISTRICT JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SUPPLEMENTAL NOTICE OF COMPLIANCE WITH DECEMBER 24, 2013 ORDER [Doc. 12055]

NOW INTO COURT, through his undersigned counsel, comes Patrick A. Juneau, as Claims Administrator of the *Deepwater Horizon* Economic and Property Damages Settlement Program and Trustee of the Settlement Trust (the "Claims Administrator"), who files this Second Notice to inform the Court that he has further complied with its December 24, 2013 Order [Doc. 12055] directing him "to adopt and implement an appropriate protocol or policy for handling BEL claims in which the claimant's financial records do not match revenue with corresponding variable expenses", as follows:

1. As reported in the first Notice of Compliance with December 24, 2013 Order filed by the Claims Administrator on February 13, 2014 [Doc. 12326] (the "First Compliance Notice"), in

accordance with its customary policies and procedures for the promulgation and adoption of official Policies, on February 12, 2014, the Claims Administrator has made available to BP and Class Counsel (the "Parties") for their respective review and input, a Policy Announcement of proposed Policy 495 entitled "Business Economic Loss Claims: Matching of Revenue and Expenses" (the "Proposed Matching Policy").

2. The Proposed Matching Policy was premised upon the following principles as directed by the Court in evaluating BEL claims under Exhibit 4C of the Settlement Agreement:

(i) loss calculations are to be based upon accounting records that sufficiently match expenses with revenues;

(ii) the matching of revenues with variable expenses does not necessarily coincide with when revenue and variable expenses were recorded;

(iii) some claimant-submitted contemporaneous accounting records inherently match revenues with expenses sufficient for the purposes of the Settlement Agreement, but others do not; and

(iv) for those "unmatched claims", the claimant-submitted accounting records are to be adjusted "in light of the necessity of revenue and expense matching to realistic measurement of economic loss".

3. In the process of developing the Proposed Matching Policy as directed by the Court, the Claims Administrator conducted extensive consultations with the Court-appointed accounting vendors, PricewaterhouseCoopers and Postlethwaite & Netterville (the "CSSP Accounting Vendors"), and received significant input from both BP and Class Counsel (the "Parties"), including consideration of written submissions from the Parties, an extended informational and question and answer session attended by the Parties and their respective

accounting experts, and numerous working sessions among and between the Claims Administrator and his staff and the CSSP Accounting Vendors.

4. The Claims Administrator recited in the First Compliance Notice that it would provide further notice as to the further disposition of the Proposed Matching Policy at such time(s) as it became appropriate to do so.

5. After (i) extensive further written input from both BP and Class Counsel and their experts, (ii) extensive additional work by the CSSP Accounting Vendors, and (iii) additional meetings with both BP and Class Counsel and their experts at which further input was provided and received, the Claims Administrator circulated to the Parties a further-revised draft of the Proposed Matching Policy.

6. Thereafter, the Claims Administrator conducted yet another meeting with BP and Class Counsel and their experts and received further input from them with respect to the further revisions contained in the Proposed Matching Policy.

7. Subsequently, after considering carefully all of the input and comments received from the Parties, the Claims Administrator circulated to BP and Class Counsel yet a further revised draft of the Proposed Matching Policy, and on March 12, 2014 conducted a meeting of the Claims Administration Panel in accordance with Section 4.3.4 of the Settlement Agreement, in an effort to "address and attempt to resolve unanimously any issues or disagreements" with respect to the last-circulated version of the Proposed Matching Policy.

8. The Claims Administrator heard yet further comments from BP and Class Counsel and their experts and answered questions raised by them during the course of the meeting of the Claims Administration Panel. However, issues and disagreements over the Proposed Matching Policy remained and could not be unanimously resolved. In accordance with Section 4.3.4 of the

Settlement Agreement, the Claims Administrator announced that the Proposed Matching Policy, as amended from time to time, together with the parties' prior written submissions, would be transmitted and referred to the Court for resolution.

9.  At the request of the Parties, the Claims Administrator, BP and Class Counsel were given until March 19, 2014 at 12:00 noon to provide further written comments, limited to addressing the last set of revisions to the Proposed Matching Policy presented just prior to the meeting of the Claims Administration Panel, as to which the parties had not yet submitted any written comments, and which the Claims Administrator agreed to submit to the Court together with the prior written materials submitted by the Parties.

10.  On March 13, 2014, the Claims Administrator transmitted and made available to BP and Class Counsel his final version of the Proposed Matching Policy, as Policy Announcement 495 ("Policy 495"), containing small additional changes to the last-considered version to accommodate certain comments made at the meeting of the Claims Administration Panel by each of BP and Class Counsel.

11.  Shortly after March 19, 2014, the Claims Administrator intends to refer Policy 495 to the Court for resolution given the Parties' inability to reach unanimous agreement on this issue.

        Respectfully submitted,

        *s/J. David Forsyth*
        J. David Forsyth (La. Bar. No. 5719)
        SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
        201 St. Charles Avenue, Suite 3815
        New Orleans, LA  70170
        Telephone:  (504) 582-1521
        Facsimile:  (504) 582-1555
        jdf@sessions-law.com
        Attorneys for Patrick A. Juneau, as Claims Administrator/Trustee

## **CERTIFICATE OF SERVICE**

        I hereby certify that on March 18, 2014, the above and foregoing Notice has been served on All Counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

        *s/J. David Forsyth*
        J. David Forsyth