| | |
|---|---|
| **From:** | Steve Herman |
| **To:** | "David Welker" |
| **Cc:** | Patrick Juneau; Jim Roy; Sally_Shushan@laed.uscourts.gov; Michael Juneau; jdf@sessions-law.com; rcs@stanleyreuter.com; Gina Palermo (gmp@stanleyreuter.com); PWittmann@stonepigman.com; Frank Piantidosi (piantidosi@freehgroup.com); Thomas Souther (souther@freehgroup.com); paw@freehgroup.com; Mark.Holstein@bp.com; Moskowitz, Keith (keith.moskowitz@dentons.com) |
| **Subject:** | BP Oil - "Fraud" Checklists |
| **Date:** | Friday, February 28, 2014 1:14:49 PM |

Thanks. That is my understanding as well.

We do not believe that BP should be making suggestions as to whether or how the Program (and/or the Freeh Group) should be conducting alleged potential "fraud" investigations, nor otherwise attempting to influence, either directly or indirectly, whether and/or how the Program should be substantiating, investigating, processing, evaluating, determining, suspending, delaying, or denying Claims.

If, however, the Program is going to continue to invite BP to make such suggestions over Class Counsel's objections, we believe that, at the very least, BP should be copying Class Counsel with their suggestions and including us in any such conversations.

Thanks.

**From:** David Welker

Steve, Everything that has been provided to BP has been provided to Class Counsel.  In fact, where I believe the communication is getting mixed up is that Mr. Dipple responded with suggestions on the latest group of checklists. Nothing was passed to him from the CAO that was not passed to Class Counsel at the same time.  I specifically noted and was acknowledging receipt of the suggestions in the last workstream meeting. I don't know all that is provided to the Freeh Group apart from the CAO.

**From:** Steve Herman

Thanks Dave. I understand that the Program created and provided "checklists" (and/or some other proposed protocols) to the Parties.  (And I think we questioned whether and of so what and why BP had input into those checklists/protocols at the time.).  (In fact, I think it's an exhibit to our recent Motion.). I was referring to what we understood to be additional checklists,

checklist items and/or "red flags" that we understood had been provided by BP's Damon Dipple to the Freeh Group and/or the Program recently.

---

On Feb 28, 2014, at 12:37 PM, "David Welker" <dwelker@dheclaims.com> wrote:

> Steve, The referenced "checklists" were created by the CAO as a mechanism to identify "red flags" or "fraud flags" in the normal review process. Each checklist was both presented at the workstream meeting as well as forwarded to members representing class counsel. Additionally we requested input from the parties regarding the checklists. The checklists are consistent with the settlement agreement. Regards, Dave W

---

On Feb 28, 2014, at 10:50 AM, "Steve Herman" <SHERMAN@hhklawfirm.com> wrote:

> Dear Pat and Dave,
>
> I understand from yesterday's workstream meeting that BP provided either the Freeh Group and/or the Program with some type of BP proposed "fraud checklists" to somehow be adopted and incorporated by the Program in the processing or other review of claims. I may have missed it, and if so apologize, but I do not believe that we were ever provided with a copy.
>
> Again, and as formally briefed in both our Opposition to BP's Motion for Production of Freeh Investigation Materials and in our Memorandum in Support of Motion to Protect Confidentiality and to Enforce the Orders of the Court, we strongly object to BP having any influence, either directly or indirectly, on what was intended, agreed and approved to be an independent processing and determination of Claims. (In a Claimant-Friendly and Claimant-Favorable way.) We object to these continued workstream meetings, and we object to BP – (a biased

and self-interested oil company defendant that has repeatedly violated the Settlement and Trust Agreement in question and has been convicted of committing a Fraud in this very matter) - providing either the Freeh Group or the Program with their proposals for the investigation of Claimants and/or the delay and denial of Claims.

In the alternative, and at the very least, Class Counsel should be privy to all communications on the subject and provided with a copy of any suggestions and the purported bases therefore (if any).

Thanks.