UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179  SECTION J |
| Applies to: | JUDGE BARBIER  MAGISTRATE JUDGE SHUSHAN |
| *Actions within B3 Pleadings Bundle and 12-968, Plaisance, et al. v. BP Exploration & Production, Inc., et al.* | |

## ORDER

[Regarding Motion to Apportion Attorney's Fees, for Injunctive Relief and for Damages…
and Motion to Stay Pending Florida State Court Action (Rec. doc. 12509)]

Before the Court is the motion of Melancon | Rimes, LLC, Sterbcow Law Group, LLC, Jason L. Melancon, and Marx D. Sterbcow ("Petitioners") seeking apportionment of attorney's fees, injunctive relief, damages, and a stay of a pending Florida state court proceeding.

This matter involves a dispute between Petitioners and a Florida law firm, Downs Law Group, PA ("Downs Law") regarding the medical class settlement and whether clients are mutual, clients of Downs Law or clients of Petitioners, as well as a dispute regarding corresponding attorney's fees that may become payable pursuant to the medical class settlement.  As a result of the dispute, in December 2013, Sterbcow Law Group and Melancon | Rimes filed suit against Downs Law in Florida state court.  Rec. doc. 12509-3, Exhibit "A."

Petitioners aver that on February 13, 2014, when the remaining appeal relative to the medical class settlement was dismissed, the medical benefits class members and their counsel became subject to the exclusive jurisdiction of this Court.  Petitioners therefore argue that this Court should resolve their dispute with the Downs Firm, or alternatively, should name Petitioners as exclusive counsel of record for all Louisiana resident clients.  Petitioners also seek statutory

and/or punitive damages.

The proposed order submitted by Petitioners, in addition to suggesting that this Court assert exclusive and ancillary jurisdiction over the dispute, provides that the Florida state court action which <u>Petitioners</u> initiated be permanently enjoined and stayed.

The Court declines to intervene in this dispute. First, a Claims Administrator has been appointed to administer the settlement, including the "… resolution of liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments of interests of any type; … ." Section XXIA.8)(d) Medical Benefits Class Settlement Agreement as Amended May 1, 2012. Petitioners may contact the Claims Administrator regarding filing a lien in the disputed claims. Second, Petitioners are able to dismiss the Florida suit on their own initiative and do not need the assistance of the Undersigned. Lastly, if Petitioners seek further relief, they may file a separate action stating their claims.

Accordingly, the subject motion is DENIED.

New Orleans, Louisiana, this 20th day of March, 2014.

_____
**CARL J. BARBIER**
**United States District Judge**