**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | : | MDL No. 2179 |
| | : | SECTION: J |
| | : | JUDGE BARBIER |
| This Document Relates to: 10-4536 | : | MAG. JUDGE SHUSHAN |
| ………………………………………………….... | : | |

**CLEAN WATER ACT – PENALTY PHASE**

**UNITED STATES' REPLY TO DEFENDANTS' OPPOSITION TO US MEMORANDUM ON THE BURDEN OF PROOF FOR THE PENALTY FACTORS IN SECTION 311(B) OF THE CLEAN WATER ACT**

## Introduction

While the parties differ markedly in their interpretations of the appropriate penalty calculation analysis under CWA Section 311(b), the issue of burden of proof does not have any practical ramification for trial logistics or discovery. All parties agree on the appropriate order of proof for the Penalty Phase trial, Rule 26(f) Conferencing Report, Rec. Doc. 12338 at 2, and the United States and Anadarko Petroleum Company ("APC") agree that expert reports should be exchanged simultaneously. *See* Rule 26(f) Report of the US, Rec. Doc. 12351 at 16; APC's Opp. to the US' Mem. on Burden of Proof, Rec. Doc 12532 at 1. Thus, the United States notes that the court need not make any ruling on the burden of proof at this stage of these proceedings.[1]

## I. Argument

### *A. Order of Trial and Discovery Can be Set Without Deciding Burden of Proof*

There are only two aspects of case management that are implicated by burden of proof questions regarding the penalty factors: order of proof at trial, and the timing of the exchange of expert reports. The parties agree on the order of proof at trial: "The United States shall present its case first as against both BPXP and APC, BPXP shall present its case second, APC third, and the United States in rebuttal." Rule 26(f) Conferencing Report, Rec. Doc. 12338 at 2.

Regarding expert reports, the United States has proposed, and APC agrees, that expert reports should be exchanged simultaneously. *See* Rule 26(f) Report of the US, Rec. Doc. 12351 at 16; APC's Opp. to the US' Mem. on Burden of Proof, Rec. Doc 12532 at 1. BPXP claims that

---

[1] In its opposition, BP argued that the "United States' motion must be denied." BPXP's Opp. to the Motion of the US to Define the Burden of Proof, Rec. Doc. 12533 at 15. The United States notes that it has made no motion on this issue, but rather filed a Memorandum, in response to the Court's request. Mem. on the Burden of Proof for the Penalty Factors, Rec. Doc. 12479.

the simultaneous exchange of expert reports would give the United States an advantage.[2] In fact, such a simultaneous exchange *avoids* giving either side an advantage, while at the same time avoiding unnecessary complication and delay. Defendants will suffer no disadvantage under a proposal that gives them the opportunity to submit reports rebutting the opinions of all of the US experts, an opportunity that they would not be afforded with the US filing first, defendants filing second, and the US filing third.

The United States and APC also agree that the question of the methodology to be used to calculate the civil penalty in this case is not yet implicated and need not be addressed by the Court at this early stage. *See* APC Opp. To US Burden Memo at 1. The approach supported by both the United States and APC allows for the streamlined presentation and rebuttal of evidence and avoids the unnecessary complication that addressing the burden associated with each penalty factor could introduce. Nothing raised in BPXP's opposition prevents the Court from setting simultaneous deadlines for expert reports or setting the trial presentation as described in the Joint Rule 26(f) Report.

***B. The Top-Down Approach is Recognized in this Circuit and Appropriate in this Case***

There is but a single question before the Court in the Penalty Phase: the amount of the civil penalty. The eight factors are simply categories of facts that must be considered by the Court in answering that question, and as such, do not carry their own individual burdens. BPXP conflates the burden to prove CWA liability with the penalty calculation analysis. While BPXP

[2] BPXP's Opp. at 11. BPXP also fails to acknowledge in its reference to APC's submissions on this issue that APC and the US are in agreement on this issue. *See* BPXP Opp. at 10-11 ("Anadarko observed, and BPXP agrees, that allowing the United States to insist upon simultaneous production of expert reports will give the government an 'unfair advantage'"). In fact, according to APC itself, "Anadarko and the Government appear to agree on the order of proof for the Penalty Phase trial, and the need to exchange simultaneous expert reports and rebuttal expert reports." APC Opp. at 1.

admits that the penalty factors are not "akin to the elements of a cause of action," Opp. at 6, it goes on to cite cases that discuss the Plaintiff's burden of proof with respect to *liability*, in support of its argument that the Plaintiff has the burden of proof as to the penalty factors.[3] The United States has already met its burden of proof with respect to liability,[4] and the cases BPXP cites do not support its arguments with respect to penalty factors.[5]

The United States does not, as BP suggests, concede that it bears the burden of establishing any economic benefit realized by the Defendants. *See* BPXP Opp. at 2 and 9.[6] Nor is the United States "fudging" on its position as to this, or any other factor. *See* APC Opp. at 9.

---

[3] *See e.g. United States v. Cundiff*, 555 F.3d 200, 213 (6th Cir. 2009) (setting out five elements of CWA *liability*); *Gross v. FBL Fin. Servs., Inc*., 557 U.S. 167 (2009) (discussing plaintiff's burden of proving *causation* in challenging adverse employment action in Age Discrimination in Employment Act claim). While *Public Interest Research Grp. of N.J., Inc. v. Powell Duffryn Terminals, Inc*. does make reference to a "plaintiff's burden" when discussing the economic benefit factor, the court in that case appears to misparaphrase the legislative history associated with CWA section 311, and in any case, adopts a top-down approach to penalty calculation analysis. *See* 913 F.2d 64, 80 (3d Cir. 1990).

[4] BP's and Anadarko's liability for violation of Section 311(b)(3) was established by the Court on February 22, 2012. *See*, Order and Reasons, Doc. 5809. Furthermore, the U.S. has borne the burden of proof with respect to gross negligence and willful misconduct in Phase One, while Phase Two established the quantity of oil discharged. Given those, the statutory maximum penalty authority is established so the court now performs a "highly discretionary calculation[] that take[s] into account multiple factors." *Tull v. United States*, 481 U.S. 412, 427 (1987).

[5] Contrary to BP's assertion, BPXP's Opp. at 13, under Section 311 of the CWA, once liability has been established, a civil penalty is mandatory. *See* 33 U.S.C. § 1321(b)(7)(A) and (D) (stating violators "shall be subject to a civil penalty"); *Atlantic States Legal Found., Inc. v. Tyson Foods, Inc.*, 897 F.2d 1128, 1142 (11th Cir. 1990) (holding that the "shall be subject to a civil penalty" language in Section 309(d) of the Clean Water Act mandates a penalty); *United States v. Egan Marine Corp.*, No. 08-3160, 2011 WL 8144393, at *5-6 (N.D. Ill. Oct. 13, 2011) (holding that penalties are mandatory under CWA § 311 and collecting cases interpreting a comparable provision of CWA § 309); *United States v. Gulf Park Water Co., Inc.*, 14 F. Supp. 2d 854, 858 (S.D. Miss. 1998) (same). In cases of gross negligence, the maximum available per barrel penalty is $4,300. 33 U.S.C. § 1321(b)(7)(D); 40 C.F.R part 19.

[6] BPXP further argues that the US proposes a 7-1 split of the burden of proof, with the US shouldering the burden only for the "economic benefit" factor. See BPXP Opp. at 2. This mischaracterizes the US position on several levels. First, the US does not concede that it bears the burden of showing economic benefit. Second, the US rejects the idea that any of the eight factors carry their own specific burden. Rather, if defendants seek a departure from the statutory maximum they must justify that departure with facts in the record relevant to the statutory factors. *See Tyson Foods*, 897 F.2d at 1142.

Rather, the United States simply acknowledges that any economic benefit was likely small compared to the maximum penalty and does not intend to present additional evidence on this factor except to rebut any evidence that the defendants may submit on this factor. *See* First Response of the United States to Order [Re: Preparation for Discovery in the Penalty Phase] at 4-6.

BPXP spends a good portion of its opposition arguing that the "top-down" approach is not permitted by the CWA and that its use may constitute "legal error" and an "inherent abuse of discretion." BPXP Opp. at 13.[7] This is clearly contrary to established law in this Circuit. In fact, the Fifth Circuit and other courts around the country have either used or recognized the validity of the top-down approach on numerous occasions. *See United States v. CITGO Petroleum Co.*, 723 F.3d 547, 552 (5th Cir. 2013).[8] Just eight months ago, in a case cited by BPXP in its opposition, the Court of Appeals for the Fifth Circuit confirmed that it is within the discretion of the trial court to apply the top-down method of penalty calculation. *Id. at* 554. This approach is not novel, it is not precluded by the statute, and it is not legal error.

---

[7] BPXP's argument that the text of the CWA in some way dictates the use of the bottom-up method is unavailing. The language BPXP cites, that: "**In determining** the amount of a civil penalty … the court … **shall consider**" the penalty factors (emphasis by BPXP), could just as easily describe a court starting from the statutory maximum and considering the penalty factors to determine if any reduction from the maximum is warranted as a court starting from the statutory minimum and considering the penalty factors to determine if any increase is warranted. The language in no way requires the adoption of a bottom-up approach.

[8] *See also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 573-76 (5th Cir. 1996) (upholding a district court's use of the "top-down" method to determine civil penalty under CWA section 309) *cert. denied*, 519 U.S. 811; *U.S. v. Gulf Park Water Co. Inc.*, 14 F. Supp. 2d 854 (S.D. Miss. 1998) (relying on 5th Cir. precedent and applying top-down method in civil action under CWA Section 309).; *United States v. Allegheny Ludlum Corp.*, 366 F.3d 164, 178 n.6 (3d Cir. 2004) (" The CWA does not prescribe a specific method for determining appropriate civil penalties for violations … some courts use the 'top down' approach."); *Tyson Foods, Inc*., 897 F.2d at 1142 ("If [the court] chooses not to impose the maximum, it must reduce the fine in accordance with the [CWA penalty] factors . . . .").

Both APC and BPXP cite *Student Public Interest Research Group of New Jersey, Inc. v. Monsanto Co.*, No. 83-2040, 1988 WL 156691 (D.N.J. March 24,1988) for the proposition that defendants need not bear the burden of justifying a departure from the statutory maximum penalty. *See* BPXP's Opp. at 1-2; APC Opp. at 2. This unreported Third Circuit case concerning a citizen suit brought under CWA section 505 is simply a single example of a court using its broad discretion to use a method of penalty calculation other than top-down to impose the statutory maximum penalty. Courts in the Fifth Circuit have considered this case and declined to follow its reasoning. *See Gulf Park*, 14 F. Supp. 2d at 858 (citing *Monsanto* as an example of bottom-up penalty calculation before deciding to employ top-down in the case at bar.)

In light of the statutory purpose of the CWA and the facts of this case, the "top-down" method is the most appropriate framework through which to answer the question before the Court. Application of the top-down method is firmly within this Court's discretion and is consistent with established president.

## II. Conclusion

BPXP's position concerning the appropriateness of the "top-down" penalty calculation and its implications for the burdens associated with the Penalty Phase trial is not in accord with established law. However, disagreements concerning the penalty calculation or the burden of proving facts need not be resolved at this early phase, and need not prevent the Court from setting simultaneous discovery deadlines for expert reports, or setting the trial presentation as described in the Joint Rule 26(f) Report. We ask the Court to do so.

Respectfully submitted,

BRIAN HAUCK
Deputy Assistant Attorney General
Civil Division
PETER FROST
Director, Torts Branch, Civil Division
Admiralty and Aviation
STEPHEN G. FLYNN
Assistant Director
SHARON SHUTLER
MALINDA LAWRENCE
LAURA MAYBERRY
Trial Attorneys

R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office

ROBERT G. DREHER
Acting Assistant Attorney General
Environment & Natural Resources Division
SARAH HIMMELHOCH
MICHAEL MCNULTY
Senior Litigation Counsel
NANCY FLICKINGER
Senior Attorney
RICHARD GLADSTEIN
PATRICK CASEY
Senior Counsel
A. NATHANIEL CHAKERES
JUDY HARVEY
RACHEL KING
ERICA PENCAK
ABIGAIL ANDRE
RACHEL HANKEY
BRANDON ROBERS
Trial Attorneys

/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: 202-514-2779
Facsimile: 202-514-2583
E-mail: steve.o'rourke@usdoj.gov
KENNETH A. POLITE, JR.
United States Attorney
Eastern District of Louisiana
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3000
Facsimile: (504) 680-3184
E-mail: sharon.d.smith@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date: March 20, 2014.

/s/ Steven O'Rourke

U.S. Department of Justice