UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * | MDL NO. 2179 SECTION J JUDGE BARBIER MAG. JUDGE SUSHAN |
| THIS DOCUMENT APPLIES TO: No. 12-00311 | * * | **JURY TRIAL DEMANDED** |

## DEFENDANT LIBERTY INTERNATIONAL UNDERWRITERS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAMERON'S § 541 CLAIM

Liberty International Underwriters, Inc. ("LIU") moves the Court to grant partial summary judgment under Federal Rule of Civil Procedure 56(a) and dismiss with prejudice Cameron's claim that LIU violated Texas Insurance Code § 541.060(a)(2). As set forth in LIU's Memorandum, there are no genuine issues of material fact and LIU is entitled to judgment as a matter of law.

1.

Cameron filed this lawsuit seeking coverage under an excess insurance policy issued by Liberty with effective dates of July 1, 2009 to July 1, 2010 ("Liberty Excess Policy" or the "Policy"). *See* Liberty Excess Policy, Ex. D to Liberty's Memorandum. In April 2012, Cameron amended its complaint to add a claim that LIU violated Texas Insurance Code section 541 by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear[.]" Rec. Doc. No. 6287, at ¶¶ 88, 93; Tex. Ins. Code § 541.060(a)(2).

**2.**

As a matter of law, Cameron cannot prove the elements of its claim under Texas Insurance Code § 541.060(a)(2). For two reasons, LIU's liability was not "reasonably clear" as the statute requires. First, LIU is not liable because there was a bona fide coverage dispute. LIU reasonably concluded that its Policy had not attached based on the language of the "Other Insurance" condition, which made the Policy excess of Cameron's right to indemnification. And, LIU reasonably concluded that Cameron's settlement with BP and transfer of its indemnification rights violated the Policy's requirement that Cameron not impair LIU's subrogation rights.

**3.**

Second, Cameron's *own* liability was not reasonably clear at the time of settlement, as required to establish a § 541 claim. Cameron believed, and the Court ultimately agreed, that it had no liability for the Deepwater Horizon claims. And, to the extent Cameron faced any liability, Cameron potentially was entitled to indemnity from Transocean/BP and this indemnity indisputably was not determined at the time of settlement.

**4.**

For these reasons, Liberty Insurance Underwriters, Inc. requests that the Court grant its Motion For Partial Summary Judgment and dismiss with prejudice Cameron's claims that LIU violated Texas Insurance Code § 541.060(a)(2).

Respectfully submitted,

/s/ *Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

and

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Gary L. Pate, PRO HAC VICE
Federal I.D. 29713
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Attorneys for Liberty Insurance
   Underwriters, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of March, 2014.

/s/ *Judy Y. Barrasso*

950177_1