# Attachment 5

## PROJECT DOCUMENT TRANSMITTAL

DATE:_____

FROM:_____
        _____
        _____
        _____


FOR PURCHASE ORDER _____

Enclosed is the following documentation relative to the above reference Purchase Order.

| PO ITEM # | QUANTITY | DESCRIPTION | I.D. OR DWG # |
|-----------|----------|-------------|---------------|
|           |          |             |               |
|           |          |             |               |
|           |          |             |               |
|           |          |             |               |
|           |          |             |               |
|           |          |             |               |
|           |          |             |               |
|           |          |             |               |
|           |          |             |               |
|           |          |             |               |

COMMENTS:_____
_____
_____
_____


Received by _____
Forwarded to Project Office _____

Exhibit 4

CONFIDENTIAL
ACCESS
RESTRICTED

**Exhibit F**

CAM_CIV_0002920

## TERMS AND CONDITIONS

1.     Applicable Law.  This Agreement shall be governed by the General Maritime Law of the United States.

2.     Interpretation.  This writing is intended by the parties as a final expression of their agreement and is intended also as a complete and exclusive statement of the terms of their agreement.  No course of prior dealings between the parties and no usage of the trade shall be relevant to supplement or explain any term used in this Agreement.

3.     Acceptance.  This order may be accepted by a sales memorandum or other confirmation promising to ship the goods as ordered or by prompt shipment of the goods herein specified.  Acceptance of this offer must be made on its exact terms, and if additional or different terms are proposed by Seller, its response shall constitute a counter-offer.

4.     Assignment Delegation.  No right or interest in this Agreement shall be assigned by Seller without the written permission of Purchaser, and no delegation of any obligation by Seller shall be made without the written permission of the Purchaser.

5.     Modifications.  This Agreement may be modified or rescinded only by a writing signed by both of the parties or their duly authorized agents.  There will be no revisions to the work without a written change order containing agreed changes in price and delivery executed by the parties.

6.     Inspection.  Prior to payment and acceptance Purchaser shall have the right to inspect and test the goods upon arrival of the goods at the final destination to determine whether the goods conform to the specifications of this Agreement.  Use of a portion of the goods for the purpose of testing shall not constitute an acceptance of the goods.

7.     Price.  If price is omitted from this Agreement, except where this order is given in acceptance of quoted prices, Seller's price shall be the lowest prevailing market price. In no event is this order to be filled at higher prices than last previously quoted or charged without Purchaser's written consent.

8.     Taxes.  Any tax or duty levied upon any of the materials or supplies used in the production of the merchandise covered by this Agreement or upon the manufacture, sale, or transportation of such merchandise for the materials or supplies used in the production hereof shall be paid for by Seller.

9.     Method of Tender.  All goods must be shipped in accordance with the instructions on the reverse side hereof.  No boxing, packing or cartage charges will be accepted by Purchaser unless indicated on the reverse side hereof.

10.     Termination.  Purchaser may send Seller a termination, hold, or similar notice at any time, after acceptance by Seller, applicable to any unshipped portion of the goods, and such notice will be accepted by Seller subject to the following conditions:

        (1)     Promptly after termination, the parties will meet to negotiate mutually acceptable termination charges.  Failing agreement through negotiation, Purchaser shall reimburse Seller an amount equal to the selling price of the cancelled equipment or part of such selling price related to the percentage of the completed work of the cancelled equipment to date of receipt of termination notice.

        (2)     That Seller will be under no further obligation with respect to goods not furnished by the time the termination order is received.

11.     Waiver.  Waiver by either Purchaser or Seller of a breach by the other of any provision of this Agreement shall not be deemed a waiver of future compliance therewith, and such provision shall remain in full force and effect.

12.     Force Majeure.  Seller shall not be liable for any delay or failure to deliver any or all of the goods in case delay or failure is caused by labor disputes, strikes, war, riots, insurrection, civil commotion, fire, flood, accident, storm, or any act of God, or other causes beyond Seller's control.
Purchaser shall not be liable for failure to take delivery of the goods if any of the above causes render it commercially impractical for him to receive the goods.

13.     Non-Conforming Shipment.  Since Purchaser intends and expects to use the goods immediately after their arrival and will rely upon the promises of Seller to ship the goods in accordance with the terms of this Agreement, any tender of an installment by the Seller which does not exactly and accurately conform to the terms of this Contract as to quantity, assortment, quality or the like shall amount to a substantial impairment of value impossible to cure and Purchaser shall have the right to reject the non-conforming shipment.

14.     Anticipatory Repudiation.  Whenever one party to this Agreement, in good faith, has reason to question the other party's intent to perform, he may demand that the other party give a written assurance of his intent to perform.  In the event that the demand is made and no written assurance is given within five (5) days thereof, the demanding party may treat this failure as an anticipatory repudiation of the Agreement.

15.     Services.  In the event this order includes any services to be performed by Seller upon the premises of Purchaser or that of Purchaser's customers, Seller shall provide for the insurance coverage specified in Exhibit "A" attached hereto, and shall indemnify, defend and hold harmless Purchaser and its customers from all claims, demands, lawsuits, damages, losses and expenses, including court costs and attorney's fees for injury (including death) to Seller's personnel or loss or damage to Seller's property and equipment, irrespective of whether Purchaser or its customers may have been or may be alleged to have been negligent or otherwise legally at fault.

CONFIDENTIAL
ACCESS
RESTRICTED

16.   Warranties.

a.     Seller warrants that all goods to be delivered under this Agreement fully meet all applicable federal and state standards and are not violate of any federal, state, or local law, regulation or ordinance.

b.     Seller warrants products of Seller's manufacture against defects of material and workmanship for a period of twelve (12) months from the date of installation or eighteen (18) months from date of shipment, whichever period first expires, when such products are used in the service and within the pressure range for which they were manufactured.  In the case of products or parts not wholly of Seller's manufacture that have been specified by Purchaser, Seller's liability shall be limited to the extent of its recovery from the manufacturer of such products or parts under its liability to Seller.  Seller shall endeavor to have any such warranties extended directly to the Purchaser.   Any repair work performed by Seller is warranted for one year from completion of such repairs and applies only to work performed.  If, within these specified periods, Seller receives notice from Purchaser of any alleged defect in nonconformance of any product or repair and if it the Seller's sole judgment the product or repair does not conform or is found to be defective in material or workmanship, then, Purchaser shall, at Seller's request, return the part or product FOB to Seller's designated plant or service location.  Seller, at its option and expense, shall repair or replace the defective part or product, or repay to Purchaser the full price paid by Purchaser for such defective part, repair or product.  Any repayment of purchase price shall be without interest.

c.     Seller's warranty liability to Purchaser, including defects caused by Seller's negligence, shall be limited to such repair, replacement or refund and shall not include claims for labor costs, expenses of Purchaser resulting from such defects, recovery under tort law or strict liability (other than by of way contribution or indemnity) or for damages resulting from delays, loss of use, or other direct, indirect, incidental or consequential damages of any kind.  Seller will not be responsible for failures of products which have been in any way tampered with or altered by anyone other than an authorized representative of Seller, failures due to lack of compliance with recommended maintenance procedures or products which have been repaired or altered in such a way (in Seller's judgment) as to affect the products adversely.  THIS WARRANTY IS EXPRESSLY IN LIEU OF ALL OTHER WARANTIES, EXPRESS, STATUTORY OR IMPLIED, INCLUDING THE WARRANTY OF MERCHANTABILITY AND FITNESS FOR PARTICULAR PURPOSE, WHICH EXCEED THE FOREGOING WARRANTY.

d.     Seller expressly reserves the right to change or modify the design and construction of any product in due course of Seller's manufacturing procedure without incurring any obligation or liability to furnish or install such changes, modifications or improvements to products previously or subsequently sold.

CONFIDENTIAL
ACCESS
RESTRICTED

Case 2:10-md-02179-CJB-SS   Document 13578-6   Filed 11/03/14   Page 5 of 7

17.     Infringement.  Seller warrants that the use or sale of material or apparatus sold or rented by it to Purchaser hereunder will not infringe United States' patents of others covering such material or apparatus by itself, and hereby agrees to indemnify Purchaser against judgment for damages for such infringement of any such patent, provided that Purchaser shall, upon receipt of any claim for infringement of any such patent or threat of suit for such infringement or upon the filing of any suit for infringement, whichever comes first, promptly notify Seller in writing and afford Seller full opportunity, at its option and its own expense, to answer such claim or threat of suite, assume the control of the defense of said suit, and settle or compromise same in any way Seller sees fit. Other than court-awarded judgements as aforesaid Seller shall not be liable for any delays, loss of use or for other direct, indirect, incidental or consequential damages incurred by reason of any such judgment.  Seller does not warrant that such material or apparatus

        (a)     will not infringe any such patent when not manufactured by or for Seller or when specialty made in whole or in part to the Purchaser's design specification and such infringement arises from the inclusion of such specified design or

        (b)     is used or sold in combination with other material or apparatus, or if used in the practice of a process, will not, as a result of such combination or use, infringe any patent covering such combination or process;

and Seller shall not be liable for and does not indemnify Purchaser for damages or losses of any nature whatsoever resulting from actual or alleged patent infringement arise pursuant to (a) or (b) above.

18.     Indemnification.  The Seller shall be liable and shall defend, release, indemnify and hold harmless and waive all rights of recourse against Purchaser and its customers, their parent, subsidiary and affiliated companies, and their subcontractors together with their agents, employees, invitees, directors, officers, shareholders and insurers of each ("Purchaser Group"), from and against any and all claims, demands or causes of action of every kind and character, brought by any person or party, for injury to, illness or death of any member of Seller's Group or for damage to or loss of property owned or leased by the Seller's Group which injury, illness, death, damage or loss arises out of or is incident to the Operations REGARDLESS OF WHETHER CAUSED IN WHOLE OR IN PART BY A PRE-EXISTING DEFECT, PURCHASER GROUP'S SOLE, JOINT AND/OR SEVERAL NEGLIGENCE, WILLFUL MISCONDUCT, STRICT LIABILITY, UNSEAWORTHINESS OF ANY VESSEL, OR OTHER LEGAL RESPONSIBILITY OF PURCHASER GROUP.

The Purchaser shall be liable and shall defend, release, indemnify and hold harmless and waive all rights of recourse against Seller, its parent, subsidiary and affiliated companies, and their subcontractors together with their agents, employees, invitees, directors, officers, shareholders and insurers of each ("Seller Group") from and against any and all claims, demands or causes of action of every kind and character, brought by any person or party, for injury to, illness or death of any member of the Purchaser



CONFIDENTIAL
ACCESS
RESTRICTED

Case 2:10-md-02179-CJB-SS   Document 13278-8   Filed 08/05/14   Page 6 of 7

Group or for damage to or loss of property owned or leased by the Purchaser Group which injury, illness, death, damage or loss arises out of or is incident to the Operations REGARDLESS OF WHETHER CAUSED IN WHOLE OR IN PART BY A PRE-EXISTING DEFECT, SELLER'S SOLE, JOINT AND/OR SEVERAL NEGLIGENCE, WILLFUL MISCONDUCT, STRICT LIABILITY, UNSEAWORTHINESS OF ANY VESSEL, OR OTHER LEGAL RESPONSIBILITY OF SELLER.

In the event that Purchaser is entitled to indemnity under any contract with its customers or suppliers with respect to pollution, loss of hydrocarbons, damage to reservoirs, loss of hole or other damages associated with blowout or loss of well control, Purchaser will provide Seller Group with the benefit of such indemnity to the fullest extent possible.

Neither party shall be liable to the other for special, incidental or consequential damages arising out of this agreement.

19.     Seller shall not discriminate against any Employee or Applicant for employment because of race, color, religion, age, national origin or handicap.  Seller will comply with all provisions of Executive Order No. 11246, 11701 and 11758 and the rules, regulations and relevant orders promulgated thereunder.  When attached, the Equal Employment Opportunity Provision and Certification of Non-Segregated Facilities are a part of this Purchase order and must be dated, executed by a responsible representative of Seller and returned to purchasing department, unless Seller has previously furnished a similar certificate which is valid as of acceptance of this order.

"PURCHASER"                    "SELLER"

By:

Name:          _Jom Kennedy_          _JACK B. Morse_

Title:         _V.P. Notes. Mgmt_      _V.P. Western Hemisphere_
               _R&B Falcon Drilling Inc_    _Cameron_

For use with R&B Falcon P.O. #'s  087-00101 and 087-00015 only.

CONFIDENTIAL
ACCESS
RESTRICTED

## RBC Risk Management Manual
## Schedule "A" (Purchase Orders) Minimum Insurance Requirements for Ser

| Type of Coverage | Limits |
|---|---|
| 1.  Workers' Compensation Insurance | Statutory |
|         and | |
|     Employer's Liability Insurance covering location of all work places involved and containing the following endorsements as applicable: | $1,000,000 |

   a.   Federal Longshore and Harbor Worker's
        Compensation Act (U.S.).
   b.   Outer Continental Shelf Lands Act (U.S.).
   c.   Voluntary Compensation Endorsement.
   d.   Amendment of Voluntary Compensation
        Endorsement - Maritime Operations.
   e.   Borrowed Servant Endorsement.

2.   General Public Liability Insurance including broad form
     contractual liability coverage:

     Bodily Injury & Property Damage -          $1,000,000
     Each Occurrence

3.   Automobile Public Liability Insurance including hired
     or rented equipment:

     Bodily Injury & Property Damage -          $1,000,000
     Each Occurrence

4.   All Risk Insurance on Sellers equipment, tools, etc.     $ Full value

Each of the above policies and any other policies of Seller applicable to Seller's operations for Purchaser must contain a waiver of the right of recovery against Purchaser and its customer. Also, each of those policies shall name Purchaser and its customer as additional insureds.  Seller shall furnish certificates of insurance on forms acceptable to Purchaser reflecting that the insurers and underwriters have waived all rights of recovery against Purchaser and its customer, and that such policies will not be canceled or materially changed without Purchaser having been given thirty (30) days prior written notice.  **PURCHASER RESERVES THE RIGHT AT ANY TIME TO REQUIRE ADDITIONAL COVERAGES OR HIGHER LIMITS FOR OPERATIONS DEEMED EXTRA HAZARDOUS BY PURCHASER.**

(Schedule a--Rev. 10/14/93)

CONFIDENTIAL
ACCESS
RESTRICTED