UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 |
| | | SECTION J |
| | * | JUDGE BARBIER |
| | * | |
| | * | MAG. JUDGE SUSHAN |
| THIS DOCUMENT APPLIES TO: No. 12-00311 | * * | JURY TRIAL DEMANDED |

### LIBERTY INTERNATIONAL UNDERWRITERS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT CONCERNING CAMERON'S FORFEITURE OF COVERAGE[1]

Liberty International Underwriters, Inc. ("Liberty") moves this Court to grant partial summary judgment and dismiss with prejudice Cameron International Corporation's breach of contract and indemnity claims. As set forth in Liberty's Memorandum, there are no genuine issues of material fact and Liberty is entitled to judgment as a matter of law.

**1.**

Cameron filed this lawsuit seeking coverage for its settlement with BP under an excess insurance policy issued by Liberty with effective dates of July 1, 2009 to July 1, 2010 ("Liberty Excess Policy" or the "Policy"). *See* Liberty Excess Policy, Ex. A to Liberty's Memo. Cameron is not entitled to coverage under the Policy because, in the settlement, it released valuable indemnity rights against Transocean/BP, violating the Policy's Transfer of Rights and assumption of obligations provisions.

---

[1] As Cameron also has moved for summary judgment on the impairment of subrogation issue (Rec. Doc. No. 12440-1, at pp. 16-20), Liberty's Motion may be considered a cross-motion.

1

2.

At the time of the *Deepwater Horizon* incident, Cameron was entitled to indemnity under multiple contracts with Transocean. Exs. D & E to Liberty's Memo. Transocean, in turn, was entitled to indemnity from its customer BP under the parties' drilling contract. Ex. C to Liberty's Memo. Cameron sought indemnity from Transocean, which tendered Cameron's claim to BP. Cameron also filed a Motion for Summary Judgment with this Court to enforce its rights.

3.

Despite Liberty's objection, in its settlement with BP, Cameron agreed to transfer its indemnity claim to BP. Ex. P to Liberty's Memo. Following the settlement, Cameron dismissed its Motion for Summary Judgment, precluding determination of the validity of its rights.

4.

The Court has held that Cameron forfeits coverage under Texas law if it materially breached the Policy, *i.e.*, if Cameron released legally valid and enforceable indemnity claims against Transocean. Cameron's indemnity rights were valid and enforceable, and Cameron's transfer of these valuable rights materially breached the Policy and prejudiced Liberty. Accordingly, Liberty is relieved of any obligation under the Policy and the Court should dismiss with prejudice Cameron's breach of contract and indemnity claims.

950181_1

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504-589-9700 (Telephone)
504-589-9701 (Facsimile)

and

Christopher W. Martin, Federal I.D. 13515
Gary L. Pate. Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON
  & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Counsel for Liberty International
  Underwriters, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion for Summary Judgment has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of March 2014.

                                                                        /s/ Judy Y. Barrasso