UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * | MDL NO. 2179 SECTION J JUDGE BARBIER MAG. JUDGE SUSHAN |
| **THIS DOCUMENT APPLIES TO:** **No. 12-00311** | * * | **JURY TRIAL DEMANDED** |

**LIBERTY INTERNATIONAL UNDERWRITERS, INC.'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT CONCERNING CAMERON'S FORFEITURE OF COVERAGE**

Liberty International Underwriters, Inc. ("Liberty") hereby submits this Statement of Uncontested Material Facts in support of its Motion for Partial Summary Judgment Concerning Cameron's Forfeiture of Coverage.

1. LIU issued to Cameron an excess insurance policy, no. LQ1-B71-198583-046, effective from July 1, 2009 to July 1, 2010 ("LIU Excess Policy" or the "Policy"). *See* LIU Excess Policy, Ex. A to LIU's Memo. The Policy was part of Cameron's insurance tower and provides $50 million in limits above $103 million in underlying coverage subject to all Policy terms and conditions.

2. The First Underlying Policy provides,
   O.  Transfer of Rights of Recovery

   1. If any Insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The Insured must do nothing after loss to impair these rights and must help us enforce them.

Ex. B to LIU's Memo. The LIU Policy adopts this term.

1

3. The Policy provides,

> **V.   CONDITIONS** . . .
>
> E.   Notice of Occurrence . . .
> 4. The Insureds will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Exh. A to LIU's Memo.

4. On April 20, 2010, during the Policy period, a blowout of the Macondo well occurred, causing an explosion and fire aboard the *Deepwater Horizon*. These events gave rise to hundreds of lawsuits, naming Cameron, Transocean, BP and others as defendants and third-party defendants. These lawsuits were consolidated in multi-district litigation.

5. At the time of the blowout, Cameron was party to contractual indemnity agreements with Transocean including (1) the Terms and Conditions for the sale of the Deepwater Horizon blowout preventer equipment, and (2) the Master Service Agreement. *See* Exs. D & E to LIU's Memo. Likewise, Transocean was party to an indemnity agreement with BP, the Drilling Contract for construction, use and operation of the *Deepwater Horizon*. Ex. C to LIU's Memo.

6. Cameron demanded that Transocean defend and indemnify Cameron against the *Deepwater Horizon* claims. Ex. F to LIU's Memo. Transocean tendered Cameron's claim to BP and promised to "of course, pass onto Cameron any indemnity it is able to obtain (and pass) from BP." Exs. H & I to LIU's Memo.

2

7. In late 2011, Cameron moved for summary judgment on its indemnity claim against Transocean. Rec. Doc. No. 4524. When this motion was filed, Cameron believed its indemnity rights were enforceable. Ex. G to LIU's Memo., at 62:9 to 63:19.

8. In December 2011, Cameron entered into a Confidential Settlement Agreement with BP. *See* Settlement, Exh. P to LIU's Memo. In the Settlement, Cameron agreed not to pursue its indemnity claim against Transocean. *Id.* at ¶ 4.3. Cameron also assigned the indemnity claim to BP. *Id.* at ¶ 4.5.

9. Cameron withdrew its motion for summary judgment on the morning of the December 16, 2011 hearing. Rec. Doc. No. 4941.

10. In January 2012, the Court held that the Drilling Contract obligated BP to indemnify Transocean for third-party compensatory damage claims against Transocean related to sub-surface pollution, even if the claim is the result of Transocean's own strict liability, negligence, or gross negligence. Rec. Doc. No. 5446.

Respectfully submitted,

/s/ *Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504-589-9700 (Telephone)
504-589-9701 (Facsimile)

and

Christopher W. Martin, Federal I.D. 13515
Gary L. Pate. Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON
 & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Counsel for Liberty International
 Underwriters, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion for Summary Judgment has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of March 2014.

　　　　　　　　　　　　　　　　　　　　/s/ Judy Y. Barrasso

4

950184_1