# Exhibit 6

# Radley v Egglesfield 2 WMS Saunders 259, 85 ER 1050

**Report Date:** 1670

[259] 43. RADLEY & *AL'.* versus EGGLESFIELD & AL'.

[Referred to, R. v M'Cleverty, 1871, L. R. 3 P. C. 687; 8 Moo. P. C. N. S. 62.]

S.C. 2 Lev. 25. 1 Vent. 173. 2 Keb. 828. Where the Court of Admiralty has jurisdiction of the principal matter, it has jurisdiction of every thing else dependent upon it.

Action on the statutes of 13 R. 2, c. 5. 15 R. 2, c. 3, and 2 H. 4, c. 11, for suing in the Admiralty for a matter determinable at the common law; and the plaintiffs shew that the defendants libelled in the Admiralty against the ship called the "Malmoy," and against the now plaintiffs interposing for their interest, supposing that they, namely, the defendants, were possessed of the said ship and goods laden on board the said ship, as of their own proper ship and goods, and that they were robbed and plundered of the said ship and goods, on the high sea by a private Scotch man of war; and that the said ship and goods after the said robbery came to the hands of the now plaintiffs, and on request made the now plaintiffs refused to deliver them to the defendants; whereas in truth they bought the said ship upon land within the

3

2 WMS Saunders 260, 85 ER p1051

body of a county, and not within the jurisdiction of the Admiralty and that the now defendants have proceeded in the Admiralty and endeavoured to condemn the plaintiffs there, in contempt of the King and against the statutes aforesaid, to the damage of the plaintiffs of 500l. The defendants pleaded not guilty.

And on a trial at Bar this term the case on the evidence was such, namely, that the said ship and goods were taken from the defendants on the high sea by a Scotch privateer as a prize, supposing her to be a Dutch ship belonging to Dutch subjects in the time of the war between the Dutch and our King in the year 1666, and were carried by the privateer into Scotland, and condemned by the Court of Admiralty there as a lawful prize; afterwards the privateer sold them to another who sold them again on the land in Scotland to the now plaintiffs, who brought them here into England in the river Thames; and the defendants here having notice of it, arrested the ship and goods in the Admiralty of England, and thereupon proceeded and libelled in the same Court as above.

And the question was whether the defendants were within the penalty or meaning of the said statutes or not. And it **[260]** was ruled by Hale Chief Justice, Twysden and Rainsford, Morton Justice being absent, that they were not; for the principal matter was the taking and robbing on the sea, of which the Admiralty has jurisdiction, and upon that all the rest depends; and the property of the plaintiffs cannot be examined unless the taking be determined, which is proper for" the Admiralty to determine. And although it was urged that the ship and goods were adjudged lawful prize by the Admiralty of Scotland, yet the Court paid no regard to it, but said that they would not take notice of it, for the suit in the Admiralty here is an original suit and not an appeal. And the validity of the sentence of the Admiralty in Scotland is determinable by the law of the Admiralty here, and not by the common law. And the Court denied *Bingley's case*, Hob. 78 & 113, and said that where a taking on the sea is the original foundation of the suit in the Admiralty, as here it is, the Admiralty may proceed to try and determine it, notwithstanding another claims property by sale made on land after such taking supposed to be made. And thereupon by the direction of the Court the defendants consented to withdraw a juror, if the plaintiffs would not proceed further to vex them any more, to which they agreed; whereupon a juror was withdrawn, and so the matter ended.

*Note*, a prohibition was moved for in Michaelmas term in the 22d. year of the now King, to prohibit this very suit in the Admiralty, but was denied for the reason aforesaid.

## DE TERM. SANCTI HILL. ANNO REGNI REGIS CAR. II. 22 & 23.

# Anonymus 1 Ventris 308, 86 ER 199

**Report Date:** 1677

**ANONYMUS.**

Admiral jurisdiction. Postea 338.

A prohibition was prayed to the Admiralty, where there was a libel for a ship taken by pirates, and carried to Tunis, and there sold; for that it did not appertain to the Court to try the property of the ship, being sold upon land.

    Curia. In regard it was taken by pirates, it is originally within the admiral's jurisdiction, and so continues notwithstanding the sale afterwards upon the land. Otherwise where a ship is taken by enemies, for that alters the property: and this was the opinion of the Court in Eglesfield's case, in my Lord Hale's time, contrary to my Lord Hobart in The Spanish Ambassador's case 78. In 1 Cro. 685 they have cognizance of the case of the pirate, because incident to the principal matter.

    But afterwards it was observed upon the libel, that there was no mention made, that the ship was taken super altum mare. And tho' there was contained therein very much to imply it, yet the Court held that to be absolutely necessary to support their jurisdiction.

**[309]** Note. One taken upon an excom' cap' was discharged; because the writ de excom' cap' was not delivered into this Court and enrolled, as is required by the statute.

## Spark v Stafford Hardres 183, 145 ER 442

**Report Date:** 1661

(7) SPARK VERSUS STAFFORD.

Upon a prohibition prayed to the court of Admiralty, the case was, that the defendant being master of a ship, of which the plaintiff was owner, the ship was taken by pirates upon the sea; and to redeem himself and his ship, he contracted with the pirate to pay him 50l. and pawned his person for it: the pirate carried him to the isle of Scilly, and there he paid it with money borrowed, and gave bond for the money; and at his return after the redemption of both his ship and himself, he sued in the admiralty for the 50l. and had a sentence for it; and the prohibition was denied, because the original cause arose upon the sea, and whatever followed was but accessory, and consequential; and therefore well determinable in the court of Admiralty.

## Anonymus 1 Ventris 146, 86 ER 100

**Report Date:** 1671

**ANONYMUS.**

Antea 1. Lev. 60. 2 Keb. 779. Raym. 3. 1 Salk. 31. 2 Vent. 181.

6 Mod. 24, 25; 424. Stat. 4, 5 Annæ, § 18, 19, 20.

A prohibition shall not go to the Admiralty to stay a suit there for mariners wages' tho' the contract were upon the land. For,

First, it is more convenient for them to sue there, because they may all join.

    Again, according to their law, if the ship perish by the mariners default, they are

to lose their wages; therefore in this special case the suit shall be suffered to proceed there.