UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>Of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| | JUDGE BARBIER |
| Applies to: *All Cases* | MAG. JUDGE SHUSHAN |

**ORDER**

**[Regarding Class Counsel's Motion to Protect and Preserve Claimant Confidentiality and to Enforce the Orders of the Court]**

Class Counsel filed their motion to protect and preserve claimant confidentiality and to enforce the orders of the Court. Rec. doc. 12413. The motion is opposed by BP. Rec. doc. 12535. The parties submitted additional briefs. Rec. doc. 12539, 12540 and 12548. The motion seeks an order eliminating BP's access to confidential claim-specific and claimant-specific data, files and other information prior to an issuance of a formal eligibility determination.

Section 4.4.14 of the Economic and Property Damages Settlement Agreement provides in pertinent part.

> However, BP and Class Counsel shall not have access to any Claim Files for claims that are being processed and have not yet been resolved in the Settlement Program except if the Claim File is needed by BP, a claimant, or their counsel to prosecute or defend an Appeal.

That provision is clear and unambiguous.

The record is not clear that Class Counsel ever agreed to allow access to claims files and claims data to BP prior to the appeal stage of a claim. Class Counsel now opposes such access. As a result, the clear provision cited above shall control. The Claims Administrator is instructed to promptly take all steps necessary to comply with the terms of Section 4.4.14 and deny both BP and Class Counsel access to any individual claim file before the Program issues a Denial Notice

or an Eligibility Notice.  To the extent that CSSP Policy No. 378 requires amendment, the Claims Administrator will take the necessary steps to do so.[1]

In the interim period commencing immediately, neither BP nor Class Counsel is to access the Program data for the identified claims.

Both BP and Class Counsel are instructed to promptly take all necessary steps to destroy all data in their possession relating to claims in which a Denial Notice or an Eligibility Notice has not been issued.  **Within thirty (30) days of entry of this Order** they shall file a certification of the steps they have taken and certify that all such data has been destroyed.

Accordingly, the motion is GRANTED.

New Orleans, Louisiana, this 25th day of March, 2014.

                                                  **CARL J. BARBIER**
                                                **United States District Judge**

---

[1] This is not to imply that the Claims Administrator acted improperly in adopting the policy.  The Court specifically finds the Administrator acted appropriately at the time.