UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J<br><br>JUDGE BARBIER |
| **THIS PLEADING APPLIES TO:**<br>No. 12-311 | * * * | MAGISTRATE JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CAMERON'S MOTION TO STRIKE LIBERTY'S
MULTIPLE PARTIAL SUMMARY JUDGMENT MOTIONS
EXCEEDING THE COURT'S PAGE LIMITS
AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendant Cameron International Corporation ("Cameron") respectfully submits this Motion to Strike Liberty Insurance Underwriters Inc.'s ("Liberty") Multiple Summary Judgment Motions Exceeding The Court's Page Limits. As discussed below, Liberty should not be permitted to file 64 pages of memoranda, spread over three separate motions for partial summary judgment, in violation of the Local Rules and two Orders issued by this Court in this action limiting memoranda to 25 pages. Liberty's latest two motions should be stricken.

**ARGUMENT**

Local Rule 7-7 expressly limits opening memoranda in support of dispositive motions to 25 pages. In addition, on January 24, 2014, this Court issued an Order sua sponte in this action "Re Briefing Page Limit and Oral Argument" in which it made clear to the parties that memoranda in support of the parties' respective summary judgment motions "shall be limited to 25 pages." (Order, dated Jan. 24, 2014, Dkt. 12220.) That limitation was reaffirmed on February 21, 2014, when the Court extended the deadline for any party to file its "motion"

1154879v1

- 2 -

(singular) for summary judgment to March 24, 2014, and stated that supporting memoranda "shall be limited to 25 pages." (Order, dated Feb. 21, 2014, Dkt. 12388.)

Liberty has now filed *three* separate motions for partial summary judgment, spanning 64 pages of legal memoranda, in violation of the Local Rules and this Court's Orders. On December 23, 2013, Liberty filed a motion for partial summary judgment, supported by a 21-page brief, against Cameron's claims under Sections 541 and 542 of the Texas Insurance Code. (Dkt. 12050.)[1] On March 24, 2014, the summary judgment deadline, Liberty filed two more motions totaling another 43 pages: (1) a second motion for partial summary judgment against Cameron's claim under Section 541 of the Texas Insurance Code, with an 18-page brief (Dkt. 12578); and (2) a motion for partial summary judgment on Cameron's breach of contract claims, with a 25-page brief (Dkt. 12580).

Liberty's attempt to circumvent the Court's page limits through seriatim and piecemeal summary judgment motions should not be allowed. In total, Liberty has burdened the Court with reviewing, and Cameron with responding to, 64 pages of briefing that includes substantial repetition of the same points citing many of the same exhibits. Indeed, on Cameron's Texas Insurance Code claims alone Liberty has submitted two separate partial summary judgment motions. No attempt was made to streamline the briefing for the Court, given that Liberty filed two motions (themselves totaling 43 pages) on the same day. Nor is there any reason the issues raised in each motion need to be presented separately.

Liberty's approach is plainly inefficient and multiplies the Court's (as well as Cameron's) workload. Not only will the Court be burdened by three opening briefs by Liberty

---

[1] This motion has now been fully briefed.

totaling 64 pages, but Cameron will also be required to file three opposition briefs, and there will be three reply briefs.

There is also substantial duplication across Liberty's motions. Liberty's Statements of Facts overlap substantially. (Compare Dkt. 12578-1 at 4-8 with Dkt. 12580-1 at 3-10 and with Dkt. 12050-1 at 2-5.) So do its arguments. (Compare Dkt. 12578-1 at 12-13 with Dkt. 12580-1 at 21-23.) Moreover, Cameron has also moved for summary judgment on the same issues covered in Liberty's two March 24 motions, and Liberty will be briefing those issues for yet a third time in its opposition. In short, due to Liberty's briefing strategy, the parties will be briefing the same issues over and over again.

"Numerous other courts have noted, even punished, such bold attempts to evade page limitations; in fact, several other districts have apparently faced this issue so frequently that they have incorporated into the local rules commentaries or other prohibitions on filing multiple motions as a way to evade page limitations on briefs." See, e.g., Nam v. U.S. Xpress, Inc., 2012 WL 10161528, at *1 (E.D. Tenn. June 25, 2012). The appropriate remedy for Liberty's violation of the Local Rules and this Court's Orders is to strike Liberty's latest two motions for partial summary judgment. This is the remedy that courts across the country have imposed when faced with this same tactic. See, e.g., Sherwin v. Infinity Auto Ins. Co., 2012 WL 5378150, at *1 (D. Nev. Oct. 30, 2012) (denying three separate motions for partial summary judgment for "attempt[ing] to circumvent Local Rule 7-4's page limit"); Monsanto Co. v. E.I. DuPont de Nemours & Co., 2012 WL 5397601, at *8 (E.D. Mo. Nov. 2, 2012) (striking multiple motions because they "defeat[] the purpose of the briefing page limit that was imposed pursuant to this Court's case management order, and disregard[] the spirit and meaning of both the scheduling conference and the federal rules of civil procedure"); Oleson v. Kmart Corp., 185 F.R.D. 631,

634 (D. Kan. 1999) ("[T]his piecemeal filing of dispositive motions is little more than a sophomoric attempt to circumvent the reasonable page limitations imposed by this court.").[2]

Accordingly, consistent with this long line of authority, Liberty's two partial summary judgment motions on March 24, 2014, should be stricken because they exceed the Court's page limits.  Any other result would render the Court's page limits meaningless and set a terrible precedent in this District.  Following Liberty's lead, other parties would know they could submit as much briefing as they like, despite clear page limits, simply by spreading their arguments across multiple motions.  This would undermine the entire purpose for having page limits in the first place—requiring parties to be efficient and streamline arguments for the Court.

This is also not the first time that Liberty has sought to file memoranda in excess of this Court's page limits.  When the parties briefed Liberty's motion for judgment on the pleadings, Liberty asked the Court for permission to file an over-length reply brief.  (Dkt. 6824.)  That request was denied.  (Dkt. 6827.)  This time Liberty has not even asked permission, despite the Court's January 24 and February 21 Orders expressly limiting the parties to 25 pages.

Simply put, Liberty's maneuvering around the Court's page limits should not be countenanced or condoned.  Cameron respectfully submits that Liberty's second and third motions for partial summary judgment should be stricken.  Liberty would still have its first motion for partial summary judgment, supported by a 21-page brief, which complies with the Court's page limits and which has already been fully briefed.

---

[2]  *See also, e.g.*, *Branch Banking & Trust Co. v. Pebble Creek Plaza, LLC*, 2013 WL 6122387, at *1 (D. Nev. Nov. 20, 2013) ("Defendants' four motions for summary judgment appear to be an inappropriate attempt to circumvent the page limitations of Local Rule 7-4 . . . ."); *A.J. Rinella & Co. v. Wohrle's Foods, Inc.*, 2012 WL 651860, at *3 (N.D.N.Y. Feb. 28, 2012) (filing multiple summary judgment briefs "violates the page limitation on memoranda of law established by Local Rule 7.1") (collecting cases); *BPI Energy, Inc. v. IEC (Montgomery), LLC*, 2009 WL 3518154, at *1 (S.D. Ill. Oct. 28, 2009) (granting plaintiff's motion to strike three summary judgment briefs addressing different issues); *Cardenas v. McLane FoodServices, Inc.*, 796 F. Supp. 2d 1246, 1258 (C.D. Cal. 2011) (striking summary judgment briefing after "what the Court can only guess was an attempt to circumvent page-limit requirements and to demand multiple hearings for multiple summary judgment motions").

1154879v1

Dated:   March 28, 2014

Respectfully submitted,

 */s/ Phillip A. Wittmann*
Phillip A. Wittmann, 13625
        pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
        cbertaut@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)


WILLKIE FARR & GALLAGHER LLP
Mitchell J. Auslander
Jeffrey B. Korn
787 Seventh Avenue
New York, New York  10019
 (212) 728-8000
mauslander@willkie.com

*Attorneys for Cameron International Corporation*

- 6 -

**CERTIFICATE OF SERVICE**

        I hereby certify that the above and foregoing Cameron International Corporation ("Cameron") respectfully submits this Motion to Strike Liberty Insurance Underwriters Inc.'s ("Liberty") Multiple Summary Judgment Motions Exceeding The Court's Page Limits, dated March 28, 2014 has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of March, 2014.

                                             */s/ Phillip A. Wittmann*

1154879v1