UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER |
| *This Document Relates to All Cases* | MAGISTRATE JUDGE SHUSHAN |

**REPLY MEMORANDUM OF TRANSOCEAN IN SUPPORT OF BP'S MOTION TO STRIKE THE STATE OF <u>ALABAMA'S DEMAND FOR A JURY TRIAL</u>**

Transocean submits this reply brief in support of BP's Motion to Strike Alabama's Jury Trial Demand to respond to Alabama's arguments that it has not waived the right to a jury trial through its participation in the limitation trial.

## I. INTRODUCTION

Alabama acknowledges that a party may waive its Seventh Amendment right to a jury trial and that a party's participation in a bench trial without objection may constitute waiver. *See* Rec. Doc. 12362 at 4. Alabama also acknowledges that it advocated for and participated in the limitation action bench trial. Rec. Doc. 12466 at 30. Alabama nevertheless contends that its OPA damages claims raise issues wholly distinct from those being tried in the limitation action and therefore that its advocacy for and participation in the limitation action bench trial did not waive its jury trial right. *Id.* at 29-30. But Alabama's attempt to disentangle its OPA and maritime claims fails. Critical issues, including gross negligence, are common to both Alabama's maritime claims and its OPA claim against Transocean. After actively participating in a bench trial on those issues, Alabama cannot now demand a jury trial on the same issues.

## II. ARGUMENT: ALABAMA'S OPA DAMAGES CLAIMS ARE INTERTWINED WITH CLAIMS IN THE LIMITATION TRIAL

Under this Court's prior ruling (Rec. Doc. 5809), Transocean is an OPA responsible party only for discharge on or above the surface of the water. To the extent Alabama is pursuing such a claim against Transocean, Transocean is entitled to limit its liability to that of a tank vessel under 33 U.S.C. § 2704(b)(1), unless Alabama could prove that Transocean was grossly negligent or violated a federal safety regulation or that some party in a contractual relationship with Transocean did so, *see* 33 U.S.C. § 2704(c)(1). But those issues—gross negligence and violation of federal regulations—are among the major issues being tried in the limitation action.

2

Alabama's response is that this overlap is "irrelevant" because it "has chosen to prosecute its OPA claim against BP." Rec. Doc. 12466 at 29. Transocean agrees that gross negligence is irrelevant to an OPA claim *against BP*, because BP has voluntarily waived any OPA liability limit to which it might be entitled. There would thus be no overlap on this issue if Alabama proceeded *only* against BP on its OPA claim and dropped whatever claim it might be pursuing against Transocean as a responsible party. To the extent Alabama declines to do so, however, and insists on maintaining an OPA claim against Transocean in addition to its maritime law claims, Alabama cannot avoid the factual overlap between the limitation action and its proposed OPA damages trial.

In addition, Alabama previously indicated that certain damages claims—including economic loss—should be tried to the bench in the limitation trial. *See* Rec. Doc. 1951 at 4 ("Pursuant to Rule 9(h), the trial will address claims involving personal injury/wrongful death and claims for economic losses (like *Robins Dry Dock* and Admiralty Extension Act economic loss claims)."). Alabama now argues that it has never elected a bench trial for its OPA claim and that *Luera v. MV ALBERTA*, 635 F.3d 181 (5th Cir. 2011), permits a party to plead both Rule 9(h) maritime claims and jury-trial claims in a single pleading. *See* Rec. Doc. 12466 at 4, 24-25. But by making a Rule 9(h) election as to certain damages—including the *Robins Dry Dock*-type damages—Alabama has given up any right to try those damages issues to a jury as part of a separate OPA claim.

Finally, Alabama argues that to the extent any issues overlap between the limitation trial and the OPA trial, factual findings from the limitation trial will be considered res judicata. Rec. Doc. 12466 at 29-30. Even if this were true, however, a finding of res judicata would not undo Alabama's waiver of its jury trial demand. Res judicata does not erase Alabama's advocacy for

3

and participation in a bench trial on issues that necessarily overlap with issues in the OPA economic damages case, which constitutes waiver of Alabama's jury trial right.

### III.   CONCLUSION

For the reasons stated above, this Court should strike Alabama's jury demand as to its OPA claim.

DATED: March 28, 2014                              Respectfully submitted,

By: /s/ Brad D. Brian                              By: /s/ Steven L. Roberts
Brad D. Brian                                      Steven L. Roberts
Michael R. Doyen                                   Rachel Giesber Clingman
Grant Davis-Denny                                  Sean Jordan
Daniel B. Levin                                    SUTHERLAND ASBILL & BRENNAN LLP
MUNGER TOLLES & OLSON, LLP                         1001 Fannin Street, Suite 3700
355 So. Grand Avenue, 35th Floor                   Houston, TX  77002
Los Angeles, CA  90071                             Tel: (713) 4710-6100
Tel: (213) 683-9100                                Fax: (713) 354-1301
Fax: (213) 683-5180                                Email:  steven.roberts@sutherland.com
Email:  brad.brian@mto.com                                 rachel.clingman@sutherland.com
        michael.doyen@mto.com                              sean.jordan@sutherland.com
        grant.davis-denny@mto.com
        daniel.levin@mto.com
                                                   By: /s/ Kerry J. Miller
                                                   Kerry J. Miller
                                                   FRILOT, LLC
                                                   1100 Poydras Street, Suite 3800
                                                   New Orleans, LA  70163
                                                   Tel: (504) 599-8194
                                                   Fax: (504) 599-8154
                                                   Email:  kmiller@frilot.com

**Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.**

### CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2014, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

                                                     /s/ Kerry J. Miller
                                                       Kerry J. Miller