UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

REPLY OF SPECIAL MASTER
TO RESPONSE OF CASEY THONN TO THE SPECIAL MASTER'S MOTION
FOR RETURN OF PAYMENTS MADE TO CASEY C. THONN AND OTHERS

COMES NOW Special Master Louis J. Freeh, and for his reply to the response of Casey C. Thonn ("Thonn") to the motion seeking return of payments made by the Deepwater Horizon Economic Claims Center ("DHECC") to Thonn and others, states as follows:

1. In his Response, Thonn admits that the purported 2009 "original" and "amended" tax forms Thonn submitted to the DHECC were never filed with the IRS. Response at 1, 2, 3.

2. Thonn suggests he was unaware the purported 2009 "original" and "amended" purported tax forms had not been filed by his tax preparer. Response at 2-3. This suggestion, however, is refuted by an examination of the documents themselves.

3. Thonn does not discuss the true 2009 tax return that he actually *filed* with the IRS – a 2009 Form 1040A indicating that Thonn was "unemployed" with no income save for that of his wife at the time. *See* Exhibit A attached here. The 2009 Form 1040A, timely filed with the IRS *before* the April 15, 2010 tax deadline and *before* the 2010 Deepwater Horizon oil spill, generated a $2,726 tax refund for Thonn and his wife at the time. *Id*. at Line 46a (highlighted in yellow). Thonn did not disclose this filed tax return to the DHECC.

4.   Thonn instead relies upon an "amended" 2009 purported tax form dated March 16, 2011 and signed on the wrong line by the tax preparer, to demonstrate his alleged "confusion" about whether the forms had been filed.  *See* Exhibit B.  Thonn seems to be suggesting that his so-called "Original Return" was prepared on a date prior to the purported "Amended Return" when he says "[a]fter the Original Return was prepared, the Amended Return was prepared by [the tax preparer] in March of 2011."  Response at 3.  Thonn's explanation is contradicted by undisputed facts, including:

- the "amended" 2009 1040X tax form bears the same date as the purported "original" 2009 1040 tax form that Thonn submitted to the DHECC (as highlighted in yellow in attached Exhibit C at pages 13-15 in the supporting "Federal Statements," "Federal Depreciation Schedule," and "Federal Alternative Minimum Tax Depreciation Schedule," all dated "3/16/11" at "9:47 a.m.");

- the IRS never received the purported "original" 2009 1040 form;

- the IRS never received the purported "amended" 2009 1040X form;

- Thonn never paid the IRS the $15,557 in taxes shown as due and owing on the purported "amended" 2009 1040X form;

- the purported "amended" and "original" 2009 tax forms were generated after the Deepwater Horizon oil spill;

- the purported "amended" and "original" 2009 tax forms were generated 12 days before Thonn filed his damage claims with the GCCF on March 28, 2011 (Response at 2, 3).

5. Thonn also suggests that the husband and wife who ran the tax preparation company that generated the forms may have been "confused." Response at 3, 7. Specifically, Thonn states the husband preparer may not have known about the actual 2009 1040A tax return prepared by the wife preparer when the purported "amended" 2009 1040X form was generated. *Id*. at 7. This explanation also is contradicted by the facts.

6. Significantly, the purported "amended" 2009 1040X form makes reference to important information from the actual 2009 Form 1040A that Thonn timely filed with the IRS. As discussed above, the actual 2009 tax filing generated a $2,726 tax refund for Thonn and his wife at the time. Exhibit A at Line 46a (highlighted in yellow). This refund amount of $2,726 is reflected on the purported "amended" 2009 1040X form as an "[o]verpayment, if any, as shown *on original return*." Exhibit B at Line 17 (highlighted in yellow)(emphasis added). This information could not have come from the purported "original" 2009 1040 form, which makes no reference to any overpayment. Exhibit C at Lines 72-73a (no overpayment reflected, as highlighted in yellow).

7. Thonn also states that GCCF investigated his claims, and the investigators "were satisfied with the business income asserted by Thonn on the claims form and the unfiled Original Return and Amended Return." Response at 3. Any investigation by GCCF, however, is not binding upon the Court, the DHECC or the Special Master.

8. Thonn states the Special Master failed to produce the GCCF investigators' notes from an interview with Thonn's tax preparer. Response at 4. No notes were produced because the GCCF investigators *never* interviewed the tax preparer, despite having been tasked to conduct such an interview by a GCCF vendor who noted discrepancies in Thonn's 2009 tax documents. In meetings with the Special Master's staff, one of the GCCF

investigators called the investigation of Thonn's claim "boilerplate" with no way to determine if the income shown on Thonn's tax forms was accurate.

9.   Thonn says a declaration attached to the Special Master's motion contains inadmissible hearsay.  Response at 6.  The declaration was submitted to explain the origins of the documents attached to the Special Master's motion.  The declaration is not needed for proof of any material fact in this matter.

10.   Finally, Thonn suggests that the Special Master may be seeking a windfall by obtaining judgments greater than the amount paid to Thonn by the DHECC.  No windfall is sought.  Only the sum of payments the DHECC made to Thonn — $357,002.35 — are sought to be recovered from the parties who benefitted from the payments.

11.   The Special Master respectfully requests the Court to enter a judgment granting the relief previously sought against Thonn and the professionals who assisted Thonn and benefitted from this unjustified payment of $357,002.35 from the DHECC.

Respectfully submitted,

       /s/  Louis J. Freeh              
Louis J. Freeh
Special Master

Dated:  March 31, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing reply has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 this ___31st___ day of _____March_____, 2014.


          _____/s/ Louis J. Freeh_____
          Louis J. Freeh
          Special Master