UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| VERSUS | * * | |
| THIS DOCUMENT RELATES TO:<br>2:13-CV-03747 | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## HEPACO, INC.'S ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes HEPACO, Inc., made defendant herein, which in response to the Petition for Damages of Frank Howell filed in this action respectfully avers as follows:

### FIRST DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant, HEPACO, Inc., avers that plaintiff's, Frank Howell, Petition for Damages must be dismissed on the grounds that it fails to state a claim for which relief may be granted.

### SECOND DEFENSE

1.

The allegations contained in Paragraphs 1-7 of the section entitled "Parties-Plaintiffs" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraphs 1-22 and 24-41 of the section entitled "Parties-Defendants" do not require an answer of this defendant; however, to the extent that an answer is

deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein. The allegations contained in Paragraph 23 of the section entitled "Parties-Defendants" are admitted.

3.

The allegations contained in Paragraphs 1 and 2 of the section entitled "Jurisdiction and Venue" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies that this Honorable Court has jurisdiction and that Plaintiff, Dan Hatcher's, exclusive remedy is pursuant to the appropriate workers' compensation statute.

4.

The allegations contained in Paragraphs 1(a) and (b) of the section entitled "Factual Allegations" are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraphs 1- 26 of the section entitled "The Blowout" are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraphs 1 - 46 of the section entitled "Uncontrolled Discharge of Oil into the Gulf and Environmental Implications" are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraphs 1 - 6 of the section entitled "Factual Allegations of Clean-Up and Response Workers: Jorey Danos, Frank Howell, Patrick Poirson, James Morgan, Ronald Shearon, David Hackney, Daniel Hatcher" are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraphs 1-7 of the section entitled "Factual Allegations Jorey Danos" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraphs 1-5 of the section entitled "Factual Allegations Frank Howell" are denied. Paragraph 6 of this section does not require an answer from this defendant; however, to the extent that an answer is deemed necessary, defendant denies same and affirmatively asserts that to the extent plaintiff, Frank Howell, is considered an employee of defendant, HEPACO, Inc., then he is limited to his appropriate worker's compensation remedy.

10.

The allegations contained in Paragraphs 1-5 of the section entitled "Factual Allegations Patrick Poirson" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraphs 1 and 2 of the section entitled "Factual Allegations of James Morgan" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraphs 1 and 2 of the section entitled "Factual Allegations of Dan Hatcher" are denied for lack of sufficient information to justify a belief therein. The allegations in Paragraphs 3 and 4 of this section are denied. The allegations contained in Paragraph 5 of this section do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, the allegations are denied and defendant, HEPACO, Inc., affirmatively asserts that to the extent plaintiff, Frank Howell, is considered an employee of defendant, HEPACO, Inc., then he is limited to his appropriate worker's compensation remedy.

13.

The allegations contained in Paragraphs 1 and 2 of the section entitled "Factual Allegations of Ronald Shearon, Jr. and Patricia Maria Rye" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraphs 1-3 of the section entitled "Factual Allegations of David Hackney" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count I Negligence under General Maritime Law" do not require an answer of this defendant;

however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each prior answer as if set forth herein in their entirety.

16.

The allegations contained in Paragraph 2 of the section entitled "CLAIMS FOR RELIEF Count I Negligence Under General Maritime Law" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, as concerns the allegations of Frank Howell and Dan Hatcher, defendant avers that Frank Howell's and Dan Hatcher's exclusive remedy against defendant, HEPACO, Inc., is pursuant to the relevant workers' compensation statute.

17.

The allegations contained in Paragraph 3 of the section entitled "CLAIMS FOR RELIEF Count I Negligence Under General Maritime Law" are denied.

18.

The allegations contained in Paragraphs 4 and 5 of the section entitled "CLAIMS FOR RELIEF Count I Negligence Under General Maritime Law" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same.

19.

The allegations contained in Paragraph 6 of the section entitled "CLAIMS FOR RELIEF Count I Negligence Under General Maritime Law" are denied.

20.

The allegations contained in Paragraphs 7(and all subparts thereto) and 8 of the section entitled "CLAIMS FOR RELIEF Count I Negligence Under General Maritime Law" do not

require an answer of this defendant; however, to the extent that an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraphs 9 and 10 of the section entitled "CLAIMS FOR RELIEF Count I Negligence Under General Maritime Law" are denied.

22.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count II Gross Negligence Under General Maritime Law" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

23.

The allegations contained in Paragraphs 2 - 21 of the section entitled "CLAIMS FOR RELIEF Count II Gross Negligence Under General Maritime Law" are denied.

24.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count III Gross Negligence Per Se Under General Maritime Law, State Law and Federal Law" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

25.

The allegations contained in Paragraphs 2 - 7 of the section entitled "CLAIMS FOR RELIEF Count III Gross Negligence Per Se Under General Maritime Law, State Law and Federal Law" are denied.

26.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count IV Strict Liability for Manufacturing and/or Design Defect" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

27.

The allegations contained in Paragraphs 2 - 22 of the section entitled "CLAIMS FOR RELIEF Count IV Strict Liability for Manufacturing and/or Design Defect" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief herein.

28.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count V Claims Under the Oil Pollution Act as to BP Defendants" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

29.

The allegations contained in Paragraphs 2 - 11 of the section entitled "CLAIMS FOR RELIEF Count V Claims Under the Oil Pollution Act as to BP Defendants" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count VI Claims Under Louisiana Nuisance Law" do not require an answer of this defendant;

however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

31.

The allegations contained in Paragraphs 2 - 8 of the section entitled "CLAIMS FOR RELIEF Count VI Claims Under Louisiana Nuisance Law" are denied.

32.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count VII Loss of Consortium Claims" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

33.

The allegations contained in Paragraphs 2 and 3 of the section entitled "CLAIMS FOR RELIEF Count VII Loss of Consortium Claims" are denied.

34.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count VIII Jones Act Claims" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

35.

The allegations contained in Paragraph 2 of the section entitled "CLAIMS FOR RELIEF Count VIII Jones Act Claims" as concerns plaintiffs, Frank Howell and Dan Hatcher, do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant, HEPACO, Inc., denies same and affirmatively asserts that plaintiffs, Frank Howell

and Dan Hatcher, are limited to their exclusive remedy provided by the applicable workers' compensation statute. The remaining allegations contained in this paragraph do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

36.

The allegations contained in Paragraph 3 of the section entitled "CLAIMS FOR RELIEF Count VIII Jones Act Claims" as concerns plaintiffs, Frank Howell and Dan Hatcher, are denied. The remaining allegations contained in this paragraph do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein

37.

The allegations contained in Paragraph 4 of the section entitled "CLAIMS FOR RELIEF Count VIII Jones Act Claims" as concerns the Jones Act allegation are denied. With regard to the alternative argument concerning application of the Longshore and Harbor Workers' Compensation Act, defendant, HEPACO, Inc., assert that this Honorable Court lacks subject matter jurisdiction to adjudicate the compensability of any claim brought pursuant to the above-referenced statute.

38.

The allegations contained in Paragraph 5 of the section entitled "CLAIMS FOR RELIEF Count VIII Jones Act Claims" do not require an answer of this defendant to the extent that the allegations merely assert legal conclusions. As to the remaining allegations in this paragraph, defendant denies same.

39.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count IX Unseaworthiness Claims" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

40.

The allegations contained in Paragraphs 2 and 3 of the section entitled "CLAIMS FOR RELIEF Count IX Unseaworthiness Claims" are denied.

41.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count X Maintenance and Cure" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

42.

The allegations contained in Paragraph 2 of the section entitled "CLAIMS FOR RELIEF Count X Maintenance and Cure" are denied.

43.

The allegations contained in Paragraphs 4, and 6 - 9 of the section entitled "CLAIMS FOR RELIEF Count X Maintenance and Cure" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

44.

The allegations contained in Paragraphs 3 and 5 of the section entitled "CLAIMS FOR RELIEF Count X Maintenance and Cure" as concerns plaintiffs, Frank Howell and Dan Hatcher, do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant, HEPACO, Inc., denies same and affirmatively asserts that plaintiffs, Frank Howell and Dan Hatcher, are limited to the exclusive remedy provided by the applicable workers' compensation statute. The remaining allegations contained in this paragraph do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

45.

The allegations contained in Paragraphs 10 and 11 of the section entitled "CLAIMS FOR RELIEF Count X Maintenance and Cure" do not require an answer of this defendant, as they merely contain legal conclusions; however, to the extent that an answer is deemed necessary, defendant denies same.

46.

The allegations contained in Paragraphs 12 and 15 of the section entitled "CLAIMS FOR RELIEF Count X Maintenance and Cure" are denied.

47.

The allegations contained in Paragraphs 13 and 14 of the section entitled "CLAIMS FOR RELIEF Count X Maintenance and Cure" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

48.

The allegations contained in Paragraphs 16, 17, 18, and 19 of the section entitled "CLAIMS FOR RELIEF Count X Maintenance and Cure" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant, HEPACO, Inc., as concerns plaintiffs, Frank Howell and Dan Hatcher, denies same and affirmatively asserts that plaintiffs, Frank Howell and Dan Hatcher, are limited to the exclusive remedy provided by the applicable workers' compensation statute. The remaining allegations contained in these paragraphs do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same.

49.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count XI Negligence, Gross Negligence and/or Failure to Warn Under Louisiana, Mississippi and Florida Law" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

50.

The allegations contained in Paragraphs 2 - 18 of the section entitled "CLAIMS FOR RELIEF Count XI Negligence, Gross Negligence and/or Failure to Warn under Louisiana, Mississippi and Florida Law" are denied. Further, as concerns the claims of plaintiffs, Frank Howell and Dan Hatcher, defendant, HEPACO, Inc., affirmatively asserts that plaintiffs, Frank Howell and Dan Hatcher, are limited to the exclusive remedy provided by the applicable workers' compensation statute.

51.

The allegations contained in Paragraph 1of the section entitled "CLAIMS FOR RELIEF Count XII Battery" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety.

52.

The allegations contained in Paragraphs 2 – 6 of the section entitled "CLAIMS FOR RELIEF Count XII Battery" are denied.

53.

The allegations contained in Paragraph 1of the section entitled "CLAIMS FOR RELIEF Count XIII Strict Liability Under General Maritime Law for Design Defect Against NALCO" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant re-assets and re-avers each of its prior answers as if set forth herein in their entirety

54.

The allegations contained in Paragraphs 2 – 18 of the section entitled "CLAIMS FOR RELIEF Count XIII Strict Liability Under General Maritime Law for Design Defect Against NALCO" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

55.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF Count XIV Punitive Damages" are denied.

56.

The allegations contained in Paragraphs 2 - 26 of the section entitled "CLAIMS FOR RELIEF Count XIV Punitive Damages" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same.

57.

The allegations contained in Paragraph 1 of the section entitled "Damages" are denied.

58.

The allegations contained in the Prayer for Relief do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same.

59.

Defendant, HEPACO, Inc., pleads for proof in all the particulars.

### THIRD DEFENSE

As an affirmative defense, defendant, HEPACO, Inc., avers that plaintiffs, Frank Howell and Dan Hatcher's, exclusive remedy against defendant is pursuant to the relevant workers' compensation statute, assuming that they are considered employees of HEPACO, Inc. in the first instance.

### FOURTH DEFENSE

As an affirmative defense, defendant, HEPACO, Inc., avers that plaintiffs, Frank Howell and Dan Hatcher, have failed to mitigate their damages.

### FIFTH DEFENSE

As an affirmative defense, defendant HEPACO, Inc., avers that it is not the responsible employer, as plaintiffs, Frank Howell and Dan Hatcher, were not direct employees of defendant,

HEPACO, Inc. Further, defendant, HEPACO, Inc., denies that plaintiffs, Frank Howell and Dan Hatcher, were its borrowed employee.

### SIXTH DEFENSE

As an affirmative defense, defendant, HEPACO, Inc., avers that plaintiffs', Frank Howell and Dan Hatcher, accident and/or injuries, if any, were caused or contributed to by their own fault and negligence in the particulars of which will be shown in the trial of this action, which negligence is hereby pled in bar to or diminution of any recovery herein.

### SEVENTH DEFENSE

As an affirmative defense, defendant HEPACO, Inc., avers that plaintiffs', Frank Howell and Dan Hatcher, accident and/or injuries, if any, were caused or contributed to by the fault, neglect, and/or want of care of others for whom this defendant is not legally responsible, which fault, neglect, and /or want of care is specially pled in bar, diminution, or mitigation of any recovery herein by plaintiffs, Frank Howell and Dan Hatcher.

### EIGHTH DEFENSE

As an affirmative defense, defendant HEPACO, Inc., avers that plaintiffs', Frank Howell and Dan Hatcher, accident and injuries, if any, were the result of hazards and risks incident to their employment, which risks and/or hazards were voluntarily undertaken and assumed by the plaintiffs, Frank Howell and Dan Hatcher.

### NINTH DEFENSE

As an affirmative defense, defendant HEPACO, Inc., avers in the alternative, if it is found that the damages complained of were caused or contributed to by the fault, neglect, and/or negligence of HEPACO, Inc., which is specifically denied, HEPACO, Inc. pleads the contributory and/or comparative negligence of the plaintiffs or other persons/corporations and

that it is entitled to have any reward or recovery to the plaintiffs mitigated or reduced accordingly.

## TENTH DEFENSE

As an affirmative defense, defendant HEPACO, Inc., avers that the hazard/work and occurrences sued upon were open, obvious, and well-known to the plaintiffs.

## ELEVENTH DEFENSE

As an affirmative defense, defendant, HEPACO, Inc., avers that it was without privity or knowledge of any alleged negligent or unseaworthy conditions that may have caused or contributed to plaintiff's alleged condition.

## TWELFTH DEFENSE

As an affirmative defense, defendant, HEPACO, Inc., avers that plaintiffs', Frank Howell and Dan Hatcher, exclusive remedy is under the applicable workers' compensation statute and they are not a Jones Act seamen.

## THIRTEENTH DEFENSE

As an affirmative defense, defendant, HEPACO, Inc., avers that to the extent that plaintiffs, Frank Howell and Dan Hatcher, have reached maximum medical improvement/cure, they is not entitled to maintenance or cure.

## FOURTEENTH DEFENSE

As an affirmative defense, defendant, HEPACO, Inc., avers that any willful misconduct, failure to follow medical advice, and/or intentional concealment by plaintiffs, Frank Howell and Dan Hatcher, precludes any recovery of maintenance and cure.

**WHEREFORE,** defendant, HEPACO, Inc., prays that this answer be deemed good and sufficient, and that after due proceedings had, there be judgment in its favor, dismissing the Petition for Damages at plaintiff's costs, and for all general and equitable relief.

Respectfully submitted,

JUGE, NAPOLITANO, GUILBEAU, RULI & FRIEMAN

BY: _____
JEFFREY I. MANDEL (20935)
E-mail: jmandel@wcdefense.com
3320 West Esplanade Avenue North
Metairie, Louisiana 70002
Telephone: (504) 831-7270
Facsimile: (504) 831-7284
*Attorneys for Defendant, HEPACO, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_____
JEFFREY I. MANDEL (20935)