

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION: J |
| This Document Applies to:<br>No. 12-970, Bon Secour Fisheries, Inc., et al.<br>v. BP Exploration & Production Inc., et al. | * * * | Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

### CHRISTINE REITANO'S OPPOSITION AND OBJECTION TO "SERVICE" OF PAPERS AS INSUFFICIENT, DEFECTIVE AND NON-CURATIVE

NOW INTO COURT, through undersigned counsel, and reserving each and all rights constitutionally and legislatively provided to all litigants in general and Ms. Reitano, in particular, in the District Courts of the United States of America to proper and sufficient notification, service and citation, including, but not limited to her specific right to dismissal of these proceedings as they may apply to her pursuant to her previously filed and unopposed Motion to Dismiss which has not been set for hearing, comes Christine Reitano, who respectfully represents:

The scope, definition and commencement of civil proceedings in the district courts of the United States is actually very simple and not difficult to comprehend. The Federal Rules of Civil Procedure begin with Rule 1, which defines the scope of the rules:

> **Rule 1. Scope and Purpose**
> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.[1]  They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

---

[1] Nothing in Rule 81 exempts this proceeding.



EXHIBIT SUPPLEMENTAL 1 to 11683

Rule 2 declares, in one simple sentence, that there is only one form of action:

> **Rule 2. One Form of Action**
> There is one form of action–the civil action.

Commencing an action is also simple and is set forth in Rule 3, again in one simple sentence:

> **Rule 3. Commencing an Action**
> A civil action is commenced by filing a complaint with the court.

No complaint has been filed in the captioned case against Ms. Reitano.

On September 6, 2013, SM Freeh issued his so-called "Investigative Report" which has subsequently been proved to be wrong in every instance regarding Ms. Reitano---with sworn testimony, not just belated and erroneous mental impressions (hearsay) of employees of SM Freeh. On that same day, September 6, 2014, Judge Barbier issued an order purportedly aimed at several persons, including Ms. Reitano, demanding that the persons "show cause" why SM Freeh's "recommendations" (not complaints) should be followed. A copy of the "Report" was obtained from a national media outlet and a copy of the court order was obtained by accessing the electronic filing system of the court.

Without going into the complete history of the events since September 6, 2013, suffice it to say that Ms. Reitano has reserved all of her rights, has filed a motion to dismiss for lack of due process and jurisdiction, and has responded with concrete, competent, admissible evidence that the Freeh Report is completely, 100% wrong with regard to Ms. Reitano. She, along with the other so-

called "show cause" parties,[2] was then informed by the court that it will accept no further documents from Ms. Reitano (or anyone else for that matter) related to the Freeh Report.

As crazy as it may sound, AFTER the court ordered that no more documents be filed related to the Freeh Reports,[3] SM Freeh had one of his employees email counsel for Ms. Reitano to inquire if Ms. Reitano would waive service and allow counsel to accept service of the six month old Freeh Report, as if that would cure the jurisdictional defects which already existed. The request for the waiver was denied.

Several weeks passed and then, on March 27, 2014, a man appeared at the Reitano home and handed over the six month old Freeh Report (Document No. 11287) and a copy of the Judge's expired order of September 6, 2014. (Document No. 11288). Then, on March 28, 2014, the so-called "Return" was filed in the record. (See Exhibit 1).[4]

Rule 4 of the Civil Rules sets out the mandatory requirements of the "Summons." Several of the requirements are missing in this case.

> 1. No Defendant is named and Ms. Reitano is not a defendant in the case;
>
> 2. There is no identified plaintiff and, therefore, no name and address of the attorney for the missing plaintiff;
>
> 3. There is no time specified for Ms. Reitano to respond and a close look at Exhibit 1 plainly shows that the time for the judge's order has expired; and

---

[2] Not a description recognized in the Federal Rules of Civil Procedure for creating a defendant.

[3] SM Freeh actually filed a second report which has also not been served on Ms. Reitano..

[4] The Document number of the "Return" is obscured by the printed form.

> 4. There is no notification of a default in the event that the unidentified defendant does not appear.

In other words, this "attempt" at service of the "summons" is as defective as the Freeh Report itself with regard to Ms. Reitano. It does not cure anything.

In fact, everything that has occurred in this case, vis a vis Ms. Reitano, since the summer of 2013 is a direct contradiction of Rule 1 of the Federal Rules of Civil Procedure—she has been treated in the most unjust, most dilatory and most expensive administration of the Rules that could possibly be imagined. In fact, a cursory glance at the record of the actions with regard to Ms. Reitano indicate that the Rules have actually been ignored where she is concerned. And this does not even begin to include a discussion of Ms. Reitano's civil action for damages which was removed from state court, not randomly allotted and immediately hijacked into this MDL that bears no relation to Ms. Reitano's damage claim and then "stayed" for an indeterminable time until the massive BP rig explosion case is over–maybe never at the rate things seem to be going at this time. No "just, speedy and inexpensive determination" there either.

WHEREFORE, the so-called "service" of papers on Ms. Reitano should be disregarded by the court at insufficient, defective and non-curative of the inherent defects in these proceedings as they relate to Ms. Reitano.

Respectfully Submitted:

/s/ Mary Olive Pierson
Mary Olive Pierson, La. Bar No. 11004
8702 Jefferson Highway, Suite B (70809)
Post Office Box 14647
Baton Rouge, LA 70898
(225) 927-6765 - Telephone
(225) 927-6775 - Facsimile
mop@mopslaw.com - Email
*Counsel for Christine Reitano*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing <u>Christine Reitano's Opposition and Objection to "Service" of Papers as Insufficient and Defective</u> has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 7th day of April, 2014.

                               /s/ Mary Olive Pierson
                               Mary Olive Pierson

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See "Instructions for Service of Process by U.S. Marshal"

| | |
|---|---|
| PLAINTIFF: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" | COURT CASE NUMBER: MDL 2179 (Judge Barbier) |
| DEFENDANT | TYPE OF PROCESS: Rule 53 Report/Order |

**SERVE AT:**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Christine Reitano
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
6037 Laurel Street, New Orleans, LA 70118

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Office of Special Master Louis J. Freeh
935 Gravier Street, Suite 1160
New Orleans, LA 70112

Number of process to be served with this Form 285: 1
Number of parties to be served in this case:
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Cell phone: 504-231-0074

Other phone: 504-592-3230 or 504-269-1995 (registered to Lionel Sutton (husband) at above home address)

☒ Special Master
☐ PLAINTIFF
☐ DEFENDANT
TELEPHONE NUMBER: 267-421-7033
DATE: 2/13/14

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated.
Total Process: 1
District of Origin No. 34
District to Serve No. 34
Signature of Authorized USMS Deputy or Clerk: Vita Jones
Date: 2/14/14

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Date: 3/27/14  Time: 8:00 ☒ am ☐ pm

| Service Fee | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| ~~110.00~~ 130.00 | 20.00 | | 150.00 ~~130.00~~ | | $0.00 |

REMARKS: Endeavor 2/19/2014

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED
Form USM-285
Rev. 12/80

EXHIBIT 1


EXHIBIT SUPPLEMENTAL 2 to 11683