UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL 2179<br><br>SECTION "J" |
| This Document Applies to: | JUDGE BARBIER |
| No. 12-970. Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM IN SUPPORT OF LIONEL SUTTON'S MOTION FOR DISCOVERY REGARDING EXPEDITED CLAIMS**

MAY IT PLEASE THE COURT:

    Lionel H. Sutton III, appearing in proper person, respectfully submits this Memorandum in support of his Motion for Discovery Regarding Expedited Claims.

    On September 6, 2013, Special Master Louis Freeh filed an "Independent External Investigation of the Deepwater Horizon Court Supervised Program (Report). Said Report specifically recommended that Lionel Sutton be criminally prosecuted and disqualified from representing claimants based on Sutton's alleged conduct in expediting the payment of claims.

    Recently, documents surfaced on a blog entitled "theamericanzombie.com" showing that numerous claims were expedited by the Claims Administrator, Vendors and members of the PSC. According to the documents presented so far, over 400 claims of over 25 law firms were expedited.

    In a comment to www.theamericanzombie.com, the Claims Administrator explained that the expediting of claims was necessary to have a representative sample of paid claims across ALL of the claim types prior to the fairness hearing. Putting aside whether or not that stated goal justified a

violation of the Settlement Agreement, the documents themselves contradict the CA's explanation of sampling as the sole reason for expediting claims.

On October 5, 2012, the Claims Administrator reported the following claims payable:

| | |
|---|---|
| Seafood | 669 |
| IEL | 79 |
| Festival | 0 |
| BEL | 485 |
| Coastal | 1,513 |
| Wetlands | 68 |
| Property Sales | 134 |
| Subsistence | 0 |
| VoO | 4,156 |

The documents reported by www.theamericanzombie.com show that the following claims were expedited:

| | |
|---|---|
| Seafood | 168 |
| IEL | 9 |
| Festival | 0 |
| BEL | 159 |
| Coastal | 60 |
| Wetlands | 1 |
| Property Sales | 0 |
| Subsistence | 0 |
| VoO | 0 |

Accordingly, **even without expediting,** by the time of the fairness hearing, at the very least, the following claims would have been payable:

| | |
|---|---|
| Seafood | 501 |
| IEL | 79 |
| Festival | 0 |
| BEL | 326 |
| Coastal | 1,453 |
| Wetlands | 68 |
| Property Sales | 134 |
| Subsistence | 0 |
| VoO | 4,156 |

The above clearly suggests that there were other reasons for expediting Seafood, BEL and Coastal claims, when those three categories had the most claims payable **even without expediting**. Furthermore, if a sample of claims paid across ALL claim types was necessary for the fairness hearing, why weren't more IEL and Wetlands claims expedited, and why were no Festival and Subsistence claims expedited.

The documents reported by www.theamericanzombie.com, as well as the reports of the CA, establish that there were additional acceptable reasons to expedite claims other than the reason given publically by the CA. Mover should be allowed to discover what those acceptable reasons were and whether or not they are applicable to the allegations made against him. At the very least, the documents in possession of the CA may lead to the discovery of admissible evidence relevant to Mover's defense.

Given that the Show Cause Parties were not allowed to question the CA at any point in this process, and the CA only recently admitted publically that certain claims were expedited, Sutton has good cause for seeking this discovery now. Furthermore, as the Court has not set an evidentiary hearing and/or any schedule whatsoever, no further undue delay can be claimed by any party that may be interested in opposing this Motion and/or preventing the full disclosure of the process by which the CA expedited select claims.

Sutton requests that the Court order the Claims Administrator to produce the following evidence:

1) All documents from the CAO, Vendors and/or the PSC discussing or involving the expediting and/or sampling of any claims, including but not limited to emails;

2) All documents from the CAO, Vendors and/or the PSC discussing or involving the

attempt to expedite and/or sample any claims, including but not limited to emails;

3) Any and all reports, documents, interviews, notes, analyses, summaries or any other information in the possession of the Office of the Claims Administrator and/or its Vendors that evidences any expediting and/or sampling of any claims;

4) Any and all reports, documents, interviews, notes, analyses, summaries or any other information in the possession of the Office of the Claims Administrator and/or its Vendors that evidences any attempt to expedite and/or sample any claims.

For all of the above and forgoing reasons, Lionel Sutton respectfully requests that this Court grant his Motion for Discovery.

Respectfully submitted,

Lionel H. Sutton, III *in proper person*
Bar No. 20386

935 Gravier St., Ste. 1910
New Orleans, LA 70112
Ph. (504) 592-3230
Fx. (504) 585-1789

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded to all counsel of record by electronic means, including the CM/ECF system.

NEW ORLEANS, LOUISIANA this 11 day of April, 2014.

Lionel H. Sutton, III