IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL NO. 2179 |
| | * | SECTION J |
| This document relates to All cases | * * * * | HONORABLE CARL J. BARBIER |
| | * * * | MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH
AUDIT COMMITTEE AND APPOINT ITS THREE MEMBERS**

The Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Settlement Agreement") and the Deepwater Horizon Court Supervised Settlement Program ("CSSP") respectfully submit this memorandum in support of the motion for the Court to appoint three independent professionals to serve the CSSP as a claims audit advisory committee (the "Audit Committee"). In particular, the Claims Administrator's Office ("CAO") requests that P. Raymond Lamonica be selected as the chairman of the Audit Committee and Lloyd A. Tate and Dr. Larry Crumbley be selected as the two other members, all to be compensated through the CSSP Administrative Fund at such rates and on such terms as the Claims Administrator reasonably determines. This Audit Committee will, among other things, make recommendations to the CAO for improvements to the CSSP and will recommend an efficient internal Quality Assurance/Quality Control ("QA/QC") process. The background for this request, the manner in which the Audit Committee would function, and additional information on the proposed members are set forth below.

I.      **Background**

When the Settlement Agreement and the Deepwater Horizon Economic and Property Damages Trust Agreement (the "Trust Agreement") were established, they provided for a "financial audit" of the financial records of the Settlement Trust, but did not provide for any other type of "process" or "internal" audit. *See* Trust Agreement at ¶¶ 4.5, 4.6. The financial audit work required by the Trust Agreement has been and currently is being performed by CliftonLarsonAllen, LLP ("CLA"), a large, national accounting firm. In June 2013, CLA issued a financial audit report in which it concluded that Settlement Trust "present[ed] fairly, in all material resects, the financial position of BP Economic and Property Damages Settlement Trust as of December 31, 2012." CLA expects to issue its report concerning the CSSP's 2013 financial statements in April 2014. If, as expected, CLA opines that the 2013 financial statements are "fairly presented," that will confirm that the CSSP is in full compliance with the terms of the Settlement Agreement and the Trust Agreement with respect to the auditing requirement.

With the parties' consent, the CAO also engaged CLA in 2012 to perform a separate audit of the CSSP's internal claims processing controls in an effort to ensure that the claims process was operating accurately, consistently, and timely. CLA issued a report in May 2013 in which it concluded that "[b]ased upon the claims CLA reviewed, paid claims as a whole appear to be paid in accordance with the Settlement Agreement." Moreover, based on CLA's report and recommendations, the CAO has taken steps in a number of areas to improve the CSSP's internal claims processing controls.

Also with the parties' consent, in October 2013, the CAO also engaged McGladrey, LLP ("McGladrey"), a second large, national accounting firm, to provide further analysis and

recommendations for improvements to the CSSP's claims processes and controls. McGladrey's approximately 50-person team currently is: (i) sampling each claim type to a 95% confidence level that the sample results are within a 5% degree of accuracy; (ii) auditing each vendor for compliance with its contract, its policies, the CAO's policies and code of conduct, and the Court's confidentiality orders; (iii) auditing the CSSP's claims intake and payment procedures; (iv) auditing a cross section of 500 claim denials to determine an error rate of claims improperly denied; and (v) auditing all of the CSSP's financial procedures and policies.

## II.     Recommendation For And Functions Of An Audit Committee

The CAO also requested an additional proposal from McGladrey, namely to design and staff an expanded internal audit function for the CSSP. McGladrey's proposal was presented to the CAO and representatives of the parties at a meeting on or about February 4, 2014. During its presentation, McGladrey recommended that the CSSP create an Audit Committee consisting of the Claims Administrator, an outside financial expert, and an outside person with audit experience. McGladrey recommended against including the parties as committee members. The CAO has decided to implement McGladrey's Audit Committee recommendation with one change. As previously set forth in the Claims Administrator's letter to the Court dated March 18, 2014, instead of the Claims Administrator serving on the committee, the CAO believes that all three members should be outside professionals independent of the CAO, the CSSP and the parties.[1]

The Audit Committee will have two primary functions. *First*, it will receive and review the audit work of CLA and McGladrey, and will make recommendations to the CAO for additional improvements to the CSSP based on their audits and reports. *Second*, the CAO also

---

[1] *See* Exh. 1, March 18, 2014 letter from Mr. Juneau to the Court.

3

will ask the Audit Committee to recommend a program for an efficient internal QA/QC process that will not duplicate the processes already in place and that will be intended to identify and correct any errors in claims processing before a claim reaches the Appeal Process. The Audit Committee will report directly to the Claims Administrator, who will take such action as he deems appropriate. The Audit Committee members, moreover, will be compensated for their time on an hourly basis and reimbursed for their reasonable business expenses.

### III.     Proposed Audit Committee Members

The CAO requests that the Court appoint P. Raymond Lamonica as chairman of the Audit Committee and Lloyd A. Tate and Dr. Larry Crumbley as the two remaining members. These three proposed Audit Committee members are imminently qualified. Mr. Lamonica is the J.B. Nachman Professor of Law at the LSU Paul M. Hebert Law Center.[2] He was appointed by the Louisiana Supreme Court to serve as a District Judge for the Nineteenth Judicial District in Baton Rouge in 1980. He also served as Executive Counsel to the Governor of Louisiana from 1983 to 1984, and was the United States Attorney for the Middle District of Louisiana from 1986 to 1994. *Id.* Mr. Lamonica has had some prior involvement with the CSSP and thus has some institutional knowledge which would be useful to the operation of the audit committee, but would not create any conflict that would preclude this appointment.

The Claims Administrator conducted a diligent search to identify the other two potential audit committee members having the qualifications, experience and background necessary to fill these positions. Specifically, the Claims Administrator reached out to Louisiana State University, Dillard University, the University of New Orleans and Xavier University, as well as to members of Financial Executives International and Financial Executives Network Group, to

---

[2] *See* http://www.law.lsu.edu/index.cfm?geaux=profiles.facbio&personnel=C1711AC3-1372-69E5-F7C67A8813DBCECD.

obtain suggestions and recommendations for qualified applicants.  The search resulted in the identification of Mr. Crumbley and Mr. Tate.

Mr. Tate, a Certified Public Accountant, is the former Managing Partner for the Louisiana practice of Deloitte & Touche.[3]  Mr. Tate has more than 35 years of experience in the accounting and finance field and has interfaced directly with the audit committees of both publically held and private companies.  *Id*.

Finally, Dr. Crumbley is the KPMG, LLP Professor #1 at LSU's Department of Accounting.  He holds a Ph.D. from LSU in Accounting, specializes in forensic accounting, and has authored numerous books, including a leading forensic accounting textbook.[4]

**IV.** **Conclusion**

For all the forgoing reasons, the CAO respectfully requests that the Court establish an Audit Committee and appoint P. Raymond Lamonica as the chairman of the Audit Committee and Lloyd A. Tate and Dr. Larry Crumbley as the two remaining members.

> Respectfully submitted,
>
> /s/ *Gina M. Palermo*
> Richard C. Stanley, 8487
> Jennifer L. Thornton, 27019
> Gina M. Palermo, 33307
>    Of
> STANLEY, REUTER, ROSS
>  THORNTON & ALFORD, LLC
> 909 Poydras Street, Suite 2500
> New Orleans, Louisiana 70112
> Telephone:  (504) 523-1580
> Facsimile:  (504) 524-0069
>
> *And*

---

[3] Exh. "2," Lloyd Tate CV.
[4] *See* http://business.lsu.edu/Accounting/Pages/FacultyMember.aspx?UN=dcrumbl.

5

>Phillip A. Wittmann, 13625
>John M. Landis, 7958
>Maggie A. Broussard, 33033
>   Of
>STONE PIGMAN WALTHER
> WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana  70130
>Telephone:  (504) 581-3200
>Facsimile:  (504) 581-3361
>
>*Attorneys for Deepwater Horizon Court Supervised Settlement Program and Patrick A. Juneau, in his capacity as Claims Administrator and Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2014, I electronically filed the foregoing Response with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ _Gina M. Palermo*