UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION "J" (1) |
| | JUDGE BARBIER |
| *This document relates to: 2:10-cv-01768 & 2:10-cv-02454* | MAGISTRATE JUDGE SHUSHAN |

**TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'S
MOTION FOR SUMMARY JUDGMENT**

Transocean Offshore Deepwater Drilling Inc. ("Transocean")[1] hereby moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. This Motion is based on: the accompanying Joint Brief; the Supplemental Brief in Support of Transocean Offshore Deepwater Drilling Inc.'s Motion for Summary Judgment; Transocean Offshore Deepwater Drilling Inc.'s Statement of Undisputed Material Facts in Support of Motion for Summary Judgment; the Declaration of Dr. Ian Hudson; the Declaration of Kerry J. Miller; BP's Motion for Summary Judgment; BP's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment; the pleadings and record in the case; and any further briefing and argument the Court may hear.

CBD's sole remaining claim, for injunctive relief under the Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. § 11001 *et seq.*, fails as a matter of law in multiple respects. *First*, CBD's claim is moot. *Second*, CBD has not carried its burden of

---

[1] CBD's complaint also names Transocean Ltd. and Transocean Inc., but those entities take the position that the Court lacks personal jurisdiction over them, and the Court has stayed all jurisdictional discovery and briefing with respect to that issue. *See* Rec. Doc. 2274; *see also* Rec. Doc. 1225 (Transocean Ltd.'s motion to dismiss for lack of personal jurisdiction). Transocean Ltd. and Transocean Inc. therefore do not make any appearances for purposes of this motion. The D1 Master Complaint (Doc. 880) also named additional Transocean entities that are not named in CBD's complaint.

establishing standing.  *Third*, none of the substances identified in CBD's Amended Complaint are subject to EPCRA reporting requirements.  *Fourth*, EPCRA does not apply to any of the alleged sources of the released substances.  *Fifth*, the EPCRA injunctive relief claim is barred by laches.

DATED: April 15, 2014

By: /s/ Brad D. Brian
Brad D. Brian
Michael R. Doyen
Grant Davis-Denny
Daniel B. Levin
MUNGER TOLLES & OLSON, LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: (213) 683-9100
Fax: (213) 683-5180
Email:  brad.brian@mto.com
           michael.doyen@mto.com
           grant.davis-denny@mto.com
           daniel.levin@mto.com

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts
Rachel Giesber Clingman
Sean Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, TX  77002
Tel: (713) 4710-6100
Fax: (713) 354-1301
Email:  steven.roberts@sutherland.com
           rachel.clingman@sutherland.com
           sean.jordan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
1100 Poydras Street, Suite 3800
New Orleans, LA  70163
Tel: (504) 599-8194
Fax: (504) 599-8154
Email:  kmiller@frilot.com

*Counsel for Defendant Transocean Offshore Deepwater Drilling Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2014, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

  /s/ Kerry J. Miller
   Kerry J. Miller