UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER |
| *This document relates to: 2:10-cv-01768 & 2:10-cv-02454* | MAGISTRATE JUDGE SHUSHAN |

**SUPPLEMENTAL BRIEF IN SUPPORT OF TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'S MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

                                                                                                                                                                         **Page**

I.     INTRODUCTION ............................................................................................................2

II.    ARGUMENT: CBD'S EPCRA CLAIM AGAINST TRANSOCEAN IS MOOT .............3

III.   CONCLUSION................................................................................................................7

**FEDERAL CASES**

*Black Warrior Riverkeeper, Inc. v. Cherokee Mining, LLC*,
   637 F. Supp. 2d 983 (N.D. Ala. 2009) ..................................................................................4

*Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*,
   704 F.3d 413 (5th Cir. 2013) ................................................................................................1

*Ellis v. Gallatin Steel Co.*,
   390 F.3d 461 (6th Cir. 2004) ................................................................................................6

*Envtl. Conservation Org. v. City of Dallas*,
   529 F.3d 519 (5th Cir. 2008) .............................................................................................4, 6

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*,
   484 U.S. 49 (1987) ............................................................................................................5, 6

*Harris v. City of Houston*,
   151 F.3d 186 (5th Cir. 1998) ................................................................................................1

*In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*,
   --- F. Supp. 2d ----, 2014 WL 626555 (N.D. Tex. Feb. 18, 2014) ........................................3

*Karr v. Hefner*,
   475 F.3d 1192 (10th Cir. 2007) ............................................................................................6

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ................................................................................................................5

*The Piney Run Pres. Ass'n v. The Cnty. Comm'rs of Carroll Cnty., Md.*,
   523 F.3d 453 (4th Cir. 2008) ................................................................................................6

**FEDERAL STATUTES**

33 U.S.C. § 1321 ...................................................................................................................1, 4

33 U.S.C. § 2702 ......................................................................................................................1

42 U.S.C. § 11001 ....................................................................................................................1

42 U.S.C. § 11045 ....................................................................................................................2

42 U.S.C. § 11046 ....................................................................................................................5

**FEDERAL RULES**

Fed. R. Evid. 201 .....................................................................................................................3

Pursuant to Judge Shushan's January 6, 2014 Order, Rec. Doc. 8608, Defendant Transocean Offshore Deepwater Drilling Inc. ("Transocean")[1] filed a Joint Brief with BP in support of Defendants' motions for summary judgment.[2]  The arguments in the Joint Brief explain why the Court should grant summary judgment to Defendants on CBD's sole remaining claim for injunctive relief under the Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. § 11001 *et seq.*  Consistent with Judge Shushan's Order, Transocean is filing this limited supplemental brief arguing that the consent decree that resolved the United States' Clean Water Act claim against Transocean, when considered in conjunction with the substantial information shared with the government by Transocean and BP (and described in the Joint Brief), has rendered CBD's claim moot as to Transocean.

## I.     INTRODUCTION

In reversing this Court's holding that CBD's EPCRA claim for injunctive relief was moot, the Fifth Circuit noted that the claim could still be moot if it was determined that "a further order from the district court would provide no meaningful relief to the Center and its members." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 430 (5th Cir. 2013); *see also Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998).  After the Fifth Circuit issued that decision, the United States and Transocean entered into a partial consent decree resolving the United States' Clean Water Act claim against Transocean.[3]  Rec. Doc. 8608; Transocean's Statement of Undisputed Material Facts ("TSUMF") ¶ 1.   The consent decree required

---

[1] CBD's complaint also names Transocean Ltd. and Transocean Inc., but those entities take the position that the Court lacks personal jurisdiction over them, and the Court has stayed all jurisdictional discovery and briefing with respect to that issue.  *See* Rec. Doc. 2274; *see also* Rec. Doc. 1225 (Transocean Ltd.'s motion to dismiss for lack of personal jurisdiction).  Transocean Ltd. and Transocean Inc. therefore do not make any appearances for purposes of this motion.  The D1 Master Complaint (Doc. 880) also named additional Transocean entities that are not named in CBD's complaint.

[2] Transocean joins in the arguments contained in the Joint Brief, except as expressly indicated in that brief.

[3] The United States brought civil claims against Transocean under the Clean Water Act ("CWA"), 33 U.S.C. § 1321, and the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702(a).

2

Transocean to pay $1,000,000,000 in civil penalties, imposed substantial reporting requirements on Transocean concerning the Macondo Well blowout and future incidents, and obliged Transocean to undertake a series of actions aimed at improving the performance of its drilling operations and preventing future oil spills.  Rec. Doc. 8608 ¶¶ 9, 14-29, 31-35; TSUMF ¶¶ 2-3.  The United States expressly agreed not to sue Transocean for civil and administrative penalties under several environmental statutes, including EPCRA, as part of the consent decree.[4]  In light of the entry of the consent decree—as well as Transocean's and BP's robust disclosure of information to government officials about substances released from the *Deepwater Horizon* after the Macondo Well blowout—no further order from this Court regarding CBD's EPCRA claim against Transocean could provide any meaningful relief to CBD or its members.  CDB's claim against Transocean is therefore moot.

## II.     ARGUMENT: CBD'S EPCRA CLAIM AGAINST TRANSOCEAN IS MOOT

The facts bearing on mootness have changed dramatically since the Fifth Circuit issued its decision.  The monetary and injunctive relief imposed by the consent decree is extensive.  It requires Transocean to pay a substantial civil penalty; implements far-reaching injunctive relief that includes provisions for broad oversight of all drilling operations, personnel training, the creation of emergency response plans, and the development of improved technology for drilling operations; and provides large penalties for any violations of the consent decree.  Rec. Doc. 8608 ¶¶ 9, 14-29, 36-44; TSUMF ¶ 2.  In addition, the consent decree imposes extensive reporting requirements.  These include the submission of annual reports to the government describing all

---

[4] The Consent Decree provides that "[t]he United States covenants not to sue (under the Complaint or any other instrument) the Transocean Defendants, Transocean Ltd., and Transocean Inc., which includes those companies' officers, directors, employees, and agents (all in their official capacities as such), for civil or administrative penalties for the Macondo Well Incident under . . . Section 325(a), (b)(1) through (3), and (c) of Emergency Planning and Community Right-to-Know Act, 42 U.S.C. § 11045(a), (b)(1) through (3), and (c)."  Rec. Doc. 8608 ¶ 61; TSUMF ¶ 4.

3

of the measures Transocean has taken to comply with the consent decree, as well as the creation of a public Web site containing copies of the annual reports, a list of all incidents of non-compliance, a report on employee training and competence, and a list of all of Transocean's oil spills into the waters of the United States, among other things.  Rec. Doc. 8608 ¶¶ 31-35; TSUMF ¶ 3.

What is more, as described in the Joint Brief, BP and Transocean have already provided emergency response officials with copious information about the materials that were released as a result of the blowout of the Macondo Well.  For example, in the immediate aftermath of the April 20, 2010 blowout, Transocean coordinated with emergency response officials and provided detailed information to assist in their response, including the quantity of diesel on board the *Deepwater Horizon* at the time of the blowout.[5]  Declaration of Dr. Ian Hudson ("Hudson Decl.") ¶ 3; TSUMF ¶ 5.  By April 23, the Deepwater Horizon Incident Joint Information Center issued a press release, which is available to the public on a government website, describing the volume of diesel on board the *Deepwater Horizon*.  Declaration of Kerry J. Miller ("Miller Decl.") Ex. B; TSUMF ¶ 6.[6]  In short, to the extent Transocean has information pertaining to substances onboard the *Deepwater Horizon*, it has already made that information available to the emergency response community—including federal government officials who are statutorily

---

[5] To be sure, as explained in the Joint Brief, EPCRA does not cover releases of diesel.

[6] Transocean respectfully requests that the Court take judicial notice of the fact of this Press Release.  The Press Release is available from a government website.  *See* http://incidentnews.noaa.gov/incident/8220/526104/ JIC_PR_24Apr10.pdf? (last visited Apr. 10, 2014).  Accordingly, the Court may take judicial notice of the existence of the Press Release as a "fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, --- F. Supp. 2d ----, 2014 WL 626555, *3 n.6 (N.D. Tex. Feb. 18, 2014) (taking judicial notice of press release that was available from a government website pursuant to Rule 201).

4

required to share information with state officials regarding the discharge of oil or hazardous substances from vessels.[7]  Hudson Decl. ¶ 5; TSUMF ¶ 7.

In view of these facts, and the further information described in the Joint Brief, CBD cannot carry its burden of establishing that an order from this Court on its claim against Transocean could provide it with meaningful relief.  Because Transocean has entered a consent decree with the United States, the standard governing the mootness analysis is a demanding one.  CBD must establish that "there is a realistic prospect that the violations alleged in its complaint will continue notwithstanding the consent decree."  *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 528 (5th Cir. 2008) (dismissing a citizen suit brought under the CWA as moot because of the subsequent entry of a consent decree between the EPA and the defendants); *see also Black Warrior Riverkeeper, Inc. v. Cherokee Mining, LLC*, 637 F. Supp. 2d 983 (N.D. Ala. 2009) (holding that a CWA citizen suit was rendered moot by an administrative consent order between the defendant and the Alabama Department of Environmental Management).

CBD seeks to enjoin Transocean from releasing further hazardous substances without fulfilling EPCRA's reporting requirements and to require Transocean to provide emergency notification to relevant government officials of hazardous substances that were released from the *Deepwater Horizon* nearly four years ago.  But the expansive reporting requirements already imposed by the consent decree ensure that Transocean will provide detailed information to the government and the public with respect to future incidents.  And Transocean has already provided the government with the information in its possession concerning substances that were released from the *Deepwater Horizon*.  CBD cannot show any realistic possibility that the

---

[7] *See* 33 U.S.C. § 1321(b)(5) ("The Federal agency shall immediately notify the appropriate State agency of any State which is, or may reasonably be expected to be, affected by the discharge of oil or a hazardous substance.").

violations alleged in its complaint will continue or that an order from this Court could provide additional meaningful relief.

The conclusion that CBD's claim is now moot is consistent with the purposes of EPCRA. EPCRA was intended "to inform the public about the presence of hazardous and toxic chemicals, and to provide for emergency response in the event of [a] health-threatening release." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 86 (1998). The consent decree advances these purposes by requiring Transocean to report information about any future oil spills to the government and the public. And, with respect to the Macondo spill, Transocean has already provided emergency officials with information about the substances onboard the *Deepwater Horizon*. Hudson Decl. ¶ 5; TSUMF ¶ 7.

What is more, the conclusion that CBD's claim is moot is consistent with EPCRA's deference to the federal government concerning how to enforce the statute. The federal government is the primary enforcement authority of EPCRA; citizens may file suit only when the government has failed to "diligently pursu[e]" civil or administrative remedies for violations. *See* 42 U.S.C. § 11046(e). The citizen suit provision of EPCRA "is meant to supplement rather than to supplant governmental action." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987) (construing materially identical citizen suit provision of CWA). Here, the United States determined that the extensive injunctive relief and major civil penalties imposed by the consent decree were sufficient to address alleged past violations of numerous environmental statutes, including EPCRA, and to protect against future violations. It explicitly covenanted not to sue Transocean for civil or administrative penalties under EPCRA. Permitting CBD to seek injunctive relief under EPCRA that the United States has already deemed unnecessary would inappropriately second-guess the government's judgment, harm the

government's ability to reach voluntary settlements with defendants,[8] and improperly "cede primary enforcement authority . . . to citizens acting in the role of private attorneys general," *Envtl. Conservation Org.*, 529 F.3d at 528.  The fact that the government's complaint had asserted claims under the CWA and OPA, rather than EPCRA, does not alter this analysis.  The government struck an appropriate compromise that involved substantial injunctive relief and agreed to a release of EPCRA claims in exchange.  That amounted to an enforcement decision by the federal government.[9]  EPCRA was not intended to allow private plaintiffs to second-guess such decisions.

## III.     CONCLUSION

For the foregoing reasons, and for the reasons described in the Joint Brief filed concurrently herewith, the Court should grant Transocean's motion for summary judgment.

DATED:  April 15, 2014                                              Respectfully submitted,

---

[8] *See generally Gwaltney*, 484 U.S. at 60-61 ("If citizens could file suit . . . in order to seek the civil penalties that the Administrator chose to forgo, then the Administrator's discretion to enforce the [CWA] in the public interest would be curtailed considerably."); *Karr v. Hefner*, 475 F.3d 1192, 1197 (10th Cir. 2007) ("If a defendant is exposed to a citizen suit whenever the EPA grants it a concession, defendants will have little incentive to negotiate consent decrees.").

[9] The government need not pursue every conceivable remedy available under EPCRA in order to "diligently" enforce the Act. *See, e.g.*, *The Piney Run Pres. Ass'n v. The Cnty. Comm'rs of Carroll Cnty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008) (holding that, under the similarly-worded CWA, "a citizen-plaintiff cannot overcome the presumption of diligence merely by showing that the agency's prosecution strategy is less aggressive than he would like or that it did not produce a completely satisfactory result"); *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 477 (6th Cir. 2004) ("[S]econd-guessing of the EPA's assessment of an appropriate remedy . . . fails to respect the [CWA's] careful distribution of enforcement authority among the federal EPA, the States and private citizens, all of which permit citizens to act where the EPA has 'failed' to do so, not where the EPA has acted but has not acted aggressively enough in the citizens' view.").

| | |
|---|---|
| By: /s/ Brad D. Brian<br>Brad D. Brian<br>Michael R. Doyen<br>Grant Davis-Denny<br>Daniel B. Levin<br>MUNGER TOLLES & OLSON, LLP<br>355 So. Grand Avenue, 35th Floor<br>Los Angeles, CA  90071<br>Tel: (213) 683-9100<br>Fax: (213) 683-5180<br>Email: brad.brian@mto.com<br>           michael.doyen@mto.com<br>           grant.davis-denny@mto.com<br>           daniel.levin@mto.com | By: /s/ Steven L. Roberts<br>Steven L. Roberts<br>Rachel Giesber Clingman<br>Sean Jordan<br>SUTHERLAND ASBILL & BRENNAN LLP<br>1001 Fannin Street, Suite 3700<br>Houston, TX  77002<br>Tel: (713) 4710-6100<br>Fax: (713) 354-1301<br>Email: steven.roberts@sutherland.com<br>           rachel.clingman@sutherland.com<br>           sean.jordan@sutherland.com<br><br>By: /s/ Kerry J. Miller<br>Kerry J. Miller<br>FRILOT, LLC<br>1100 Poydras Street, Suite 3800<br>New Orleans, LA  70163<br>Tel: (504) 599-8194<br>Fax: (504) 599-8154<br>Email:  kmiller@frilot.com |

*Counsel for Defendant Transocean Offshore Deepwater Drilling Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2014, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

  /s/ Kerry J. Miller        
      Kerry J. Miller
