UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG *DEEPWATER HORIZON* IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179  SECTION: J |
| *This document relates to: 2:10-cv-01768 & 2:10-cv-02454* | JUDGE BARBIER  MAGISTRATE JUDGE SHUSHAN |

**TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'S
STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Transocean Offshore Deepwater Drilling Inc. ("Transocean")[1] hereby submits this statement of undisputed material facts in support of Transocean's Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1.  In addition, Transocean joins in paragraph numbers 1-5, 8-19, 21-30, and 32-45 from BP's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment.  Transocean does not join in paragraph numbers 6, 7, 20, and 31 from BP's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment.

1.        On February 19, 2013, this Court entered a partial consent decree between the United States and Defendant Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC and Triton Asset Leasing GmbH (the "consent decree").  *See* Declaration of Kerry J. Miller ("Miller Decl.") Ex. A (Rec. Doc. 8608).

---

[1] CBD's complaint also names Transocean Ltd. and Transocean Inc., but those entities take the position that the Court lacks personal jurisdiction over them, and the Court has stayed all jurisdictional discovery and briefing with respect to that issue.  *See* Rec. Doc. 2274; *see also* Rec. Doc. 1225 (Transocean Ltd.'s motion to dismiss for lack of personal jurisdiction).  Transocean Ltd. and Transocean Inc. therefore do not make any appearances for purposes of this motion.  The D1 Master Complaint (Doc. 880) also named additional Transocean entities that are not named in CBD's complaint.

2. The consent decree required Transocean to pay $1,000,000,000 in civil penalties,; implements far-reaching injunctive relief that includes provisions for broad oversight of all drilling operations, personnel training, the creation of emergency response plans, and the development of improved technology for drilling operations; and provides large penalties for any violations of the consent decree.  *See* Miller Decl. Ex. A ¶¶ 9, 14-29, 36-44 (Rec. Doc. 8608).

3. The reporting requirements in the consent decree include the submission of annual reports to the government describing all of the measures Transocean has taken to comply with the consent decree, as well as the creation of a public Web site containing copies of the annual reports, a list of all incidents of non-compliance, a report on employee training and competence, and a list of all of Transocean's oil spills into the waters of the United States, among other things.  *See* Miller Decl. Ex. A ¶¶ 31-35 (Rec. Doc. 8608).

4. The consent decree provides that "[t]he United States covenants not to sue (under the Complaint or any other instrument) the Transocean Defendants, Transocean Ltd., and Transocean Inc., which includes those companies' officers, directors, employees, and agents (all in their official capacities as such), for civil or administrative penalties for the Macondo Well Incident under . . . Section 325(a), (b)(1) through (3), and (c) of Emergency Planning and Community Right-to-Know Act, 42 U.S.C. § 11045(a), (b)(1) through (3), and (c)."  *See* Miller Decl. Ex. A ¶ 61 (Rec. Doc. 8608).

5. In the immediate aftermath of the April 20, 2010 blowout, Transocean coordinated with emergency response officials and provided detailed information to assist in their response, including the quantity of the diesel on board the *Deepwater Horizon* at the time of the blowout. *See* Declaration of Dr. Ian Hudson ("Hudson Decl.") ¶ 3.

6.  On April 23, 2010, the Deepwater Horizon Incident Joint Information Center issued a press release describing the volume of diesel on board the *Deepwater Horizon*. This information is available to the public on a government website. *See* Miller Decl. Ex. B.[2]

7.  To the extent Transocean has information pertaining to chemicals or hazardous substances onboard the *Deepwater Horizon* at the time of the blowout, it has already made that information available to the government. *See* Hudson Decl. ¶ 5.

DATED:  April 15, 2014

Respectfully submitted,

By: /s/ Brad D. Brian
Brad D. Brian
Michael R. Doyen
Grant Davis-Denny
Daniel B. Levin
MUNGER TOLLES & OLSON, LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: (213) 683-9100
Fax: (213) 683-5180
Email:  brad.brian@mto.com
       michael.doyen@mto.com
       grant.davis-denny@mto.com
       daniel.levin@mto.com

By: /s/ Steven L. Roberts
Steven L. Roberts
Rachel Giesber Clingman
Sean Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, TX  77002
Tel: (713) 4710-6100
Fax: (713) 354-1301
Email:  steven.roberts@sutherland.com
       rachel.clingman@sutherland.com
       sean.jordan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
1100 Poydras Street, Suite 3800
New Orleans, LA  70163
Tel: (504) 599-8194
Fax: (504) 599-8154
Email:  kmiller@frilot.com

*Counsel for Defendant Transocean Offshore Deepwater Drilling Inc.*

---

[2] As explained in the Supplemental Brief filed concurrently, Transocean respectfully requests that the Court take judicial notice of this press release.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2014, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

_/s/ Kerry J. Miller_____<br>Kerry J. Miller