```
 1
 2   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF LOUISIANA
 3   ----------------------------------------X
     In Re:  OIL SPILL BY THE OIL RIG
 4   "DEEPWATER HORIZON" IN THE GULF OF
     MEXICO, ON APRIL 20, 2010,
 5
 6   Applies to:
 7   12-311, Cameron Int'l Corp. v. Liberty
     Ins. Underwriters, Inc., a/k/a Liberty
 8   Int'l Underwriters
 9
     ----------------------------------------X
10
11
12           VIDEO DEPOSITION OF JESSICA ROGIN
13                  New York, New York
14                 Friday, May 31, 2013
15
16
17
18
19
20
21   Reported by:
22   Rebecca Schaumloffel, RPR, CLR
23   Job No:  61443
24
25
```

Page 52

1        J. ROGIN
2  which Liberty would pay the loss to Cameron
3  under its policy where the other insurer has
4  denied coverage?
5        A.    I can't -- I can't speculate on a
6  fact scenario where that would happen.  It
7  might happen.
8        Q.    Would there be a scenario, as we
9  have been talking, in which Cameron is
10 supposed to fill the gap?
11       A.    Again, I am going to say it might
12 happen.  Again, because I don't know what the
13 facts specific to the scenario are or the law
14 of the applicable to the scenario is.
15       Q.    Let's say that the other
16 insurance company above which Liberty sits
17 excess by virtue of the other insurance
18 provision denies coverage because it claims
19 that it never issued the policy in the first
20 place to Cameron.  Would Liberty then drop
21 down to cover Cameron's loss?
22             MR. MARTIN:  Object to the form.
23       A.    Well, again, I don't know if I
24 agree with the term drop down.  But then I
25 think that in the scenario described that you

1       J. ROGIN

2  don't have a loss that -- you don't have
3  other insurance that covers the loss because
4  they never issued a policy.
5       Q.   In that circumstance, you would
6  not have other insurance as defined in the
7  Liberty policy and therefore Liberty would be
8  responsible for paying Cameron's loss, not
9  Cameron, correct?
10      A.   Well, subject to any other terms
11 and conditions that apply to the loss.  With
12 regard to the specifics in the other
13 insurance clause, then in the scenario you
14 are describing in the other insurance, there
15 is only one policy.
16      Q.   Just so the record is clear, you
17 are saying that there might be other policy
18 provisions that might affect the coverage,
19 but the other insurance provision itself
20 that's in the Liberty policy would not be a
21 bar to Liberty paying coverage to Cameron,
22 correct?
23      A.   No, not that the other -- not
24 that -- in the scenario that you just
25 described, I said there wouldn't be any other

```
                                                    Page 54
1                    J. ROGIN
2    insurance.
3        Q.    So the other insurance provision
4    would not be relevant to that question?
5        A.    Well, this particular other
6    insurance provision is still relevant because
7    of how other insurance is defined.
8        Q.    So it might be relevant to other
9    insurance that might otherwise exist but not
10   for the policy that we talked about?
11       A.    It might be relevant to other
12   insurance or self-insurance or
13   indemnifications but not to the policy that
14   you described as not being issued.
15       Q.    Okay.  So where -- let me just
16   see if I have this clear.  Where Liberty has
17   two policies in front of it, the Liberty
18   policy that was issued to Cameron and a
19   policy that covers -- that applies to the
20   same loss and the other insurer denies that
21   it ever issued the policy, that particular
22   other insurance policy would not qualify as
23   other insurance as defined in the other
24   insurance provision of the Liberty policy.
25   Do I have that right?
```