# Exhibit 4

# DECLARATION OF H. NEAL LENHOFF

1. I am an Executive Vice President of Compass Lexecon, a subsidiary of FTI Consulting Inc. ("FTI"). I am over the age of 18 and, if called, competent to testify to the facts set forth herein.

2. I am responsible for managing Information Technology for Compass Lexecon, in conjunction with other IT professionals within FTI. Accordingly, I have personal knowledge of issues relating to Compass Lexecon's collection and storage of data.

3. Compass Lexecon has been retained by BP to provide services related to the litigation arising out of the *Deepwater Horizon* oil spill.

4. Compass Lexecon retains raw data, documents, analysis, and work product pertaining to this engagement.

5. Compass Lexecon maintains active SAS databases that contain portions of the SQL data provided by the CSSP. It is possible to access these SAS databases and delete all information from active databases that relates to claims that do not yet have a determination.

6. Compass Lexecon developed a script to execute bulk downloads of documents provided by the CSSP through the "Portal." It is possible to access the database of files obtained through bulk downloads and destroy information for claimants that do not have a determined claim.

7. In addition to these active databases, other information related to claims that do not have a determination resides in electronic form within Compass Lexecon. Each of the dozens of Compass Lexecon employees who worked on the BP engagement has extensive collections of e-mails and computer files. These employees received claim files, data, and/or summaries of analyses that contain or reference pre-determination data. Accessing each of these

1

e-mail and computer files to destroy pre-determination claims data would be an extraordinary task.

8. In such e-mail and computer files, pre-determination information is not easily segregated from other claims information, so extensive review of more than 20 months of work on each employee's e-mail and computer files would be necessary to identify those files that may contain information provided by the CSSP, which relates to a claim that has not been determined. Moreover, in electronic files such as e-mail, there is no practical way to destroy pre-determination information (or derivatives thereof) without also destroying information that relates to other issues in the same file.

9. Compass Lexecon has standard practices of backing up information maintained on its servers and employees' computers. These backup practices are for the purpose of business continuity and disaster recovery. They are not used for routine information retrieval, and are not readily accessible to end users.

10. <u>Computer file backups:</u> Compass Lexecon maintains backup files of the electronic files that contain data received from the CSSP. Certain computer files, including files constructed from the SQL data received from the CSSP and related work product, are backed up daily and are maintained for five weeks before being destroyed. Other electronic documents, including documents from the CSSP Portal, the original SQL data received from the CSSP, and tables, charts, maps and other documents derived from the SQL data, are maintained on a separate server for which backups are maintained for two weeks, and then destroyed.

11. <u>E-mail backups and preservation:</u> Compass Lexecon backs up its employees' e-mails on a daily basis from designated servers. Compass Lexecon has a multi-year retention

2

policy for e-mail tape backups. Therefore, these e-mail backup tapes contain multiple copies of all Compass Lexecon e-mails from the inception of the CSSP.

12. <u>Procedure to access e-mail backup files</u>. Presently, software does not exist to identify and delete specific information from e-mail backup files. Thus, to review an e-mail backup file, it first needs to be restored, and then manually reviewed. As an example, if a single employee's e-mail backups needed to be reviewed and certain documents destroyed, Compass Lexecon's Information Technology personnel would need to individually restore more than 500 separate daily sets of backup e-mail files for entire servers. Then, Compass Lexecon would need to manually review, select, and destroy certain e-mails from each separate daily backup file. Once done, the revised e-mail database would have to be archived again to tape. To avoid the extensive manual review, Compass Lexecon would try to automate the process; however, I am not aware of any off-the-shelf tools that would allow us to mechanize the work. Compass Lexecon has never undertaken such a project, so it's difficult to estimate the cost. We almost certainly would have to hire temporary staff to execute this project. I roughly estimate that it would cost between three and six million dollars to review and destroy the e-mail backup files for the Compass Lexecon employees that have worked on the BP matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of April, 2014 in Chicago, IL.

_____
H. Neal Lenhoff