Confidential Pursuant to Protective Order

Page 1

1   IN THE UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF LOUISIANA
2   ----------------------------------------X
    In Re:  OIL SPILL BY THE OIL RIG
3   "DEEPWATER HORIZON" IN THE GULF OF
    MEXICO, ON APRIL 20, 2010
4
    Applies to:
5   12-311, Cameron Int'l Corp. v. Liberty
    Ins. Underwriters, Inc., a/k/a Liberty
6   Int'l Underwriters
7   ----------------------------------------X
8
9
10   * CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER *
11        VIDEOTAPED DEPOSITION OF BRAD EASTMAN
12                   Houston, Texas
13              Friday, August 2, 2013
14
15
16
17
18
19
20
21
22   Reported by:
23   SUSAN PERRY MILLER, RDR-CRR, CBC
24   JOB NO. 63308
25

TSG Reporting - Worldwide     877-702-9580

EXHIBIT 4

Confidential Pursuant to Protective Order

1      B. EASTMAN
2  now is, I don't know that we've dismissed our
3  claims.
4      Q.   Right.  And I'm with you on that.
5      A.   Okay.
6      Q.   That may still be hanging out
7  there, it may have died a natural death.
8      A.   Right.  Yeah.  Okay.
9      Q.   Very good, I understand.
10     A.   So I can't answer questions of why
11 we've dismissed our claims when I don't know
12 that we've dismissed our claims.
13     Q.   True.  But the dismissal of the
14 summary judgment --
15     A.   The summary judgment motion.
16     Q.   -- was in conjunction with the BP
17 settlement.  We can agree on that part?
18     A.   I think we can agree on that part,
19 yes.
20     Q.   Okay, very good.
21          (Sotto voce discussion.)
22 BY MR. PATE:
23     Q.   Did you agree to release your
24 contractual indemnification claims against
25 Transocean under the T&C and the MSA on

Confidential Pursuant to Protective Order

Page 105

1  B. EASTMAN
2  December 12th, 2011?
3      MR. KORN:  Objection to form.  The
4   agreement speaks for itself.  And I
5   think you have the timing wrong.
6      MR. PATE:  I'm sorry?
7      MR. KORN:  You said December 12th?
8      MR. PATE:  December 12th, 2011.
9  A.  No.  No.
10 BY MR. PATE:
11     Q.  You disagree with that?
12     A.  I disagree with that.
13     Q.  Why?
14     A.  On December 12th, first of all, we
15 had not entered into an agreement with BP; and
16 second of all, in the agreement we entered
17 into with BP, we specifically said we would
18 waive those indemnification rights with
19 Transocean except to the extent we needed to
20 preserve Liberty's subrogation rights.
21     Q.  Do you have confidence in Tony
22 Black as risk manager for Cameron and his
23 ability to do his job?
24     MR. KORN:  Objection to form.
25     A.  Yes, depending on what you

Confidential Pursuant to Protective Order

Page 135

```
 1                    B. EASTMAN
 2   talking about between BP and Cameron.
 3        A.   It does appear to be that way.  You
 4   know, I haven't read it word for word but I
 5   assume it is.
 6        Q.   And at paragraph 4.4, if you'd turn
 7   there for a second, that's on a page that's
 8   Bates-labeled LIU09651?
 9        A.   Yes, sir.
10        Q.   Okay.  And is paragraph 4.4 what
11   you had referred to earlier today that Cameron
12   had made provision to, I guess, protect
13   indemnity rights against Transocean?  Is that
14   what you were referring to?  Or subrogation
15   rights --
16             MR. KORN:  Objection.
17   BY MR. PATE:
18        Q.   -- of Liberty Insurance
19   Underwriters?
20        A.   That's part of it.  We had to make
21   a lot of changes to this document to protect
22   Liberty's subrogation rights.
23        Q.   Okay.  Paragraph 4.4, this says,
24   "Notwithstanding paragraphs 4.1 and 4.3, each
25   paragraph may enforce its rights under this
```