1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF LOUISIANA

3

4

5
   In Re:  OIL SPILL BY THE OIL RIG
6  "DEEPWATER HORIZON" IN THE GULF
   OF MEXICO, ON APRIL 20th, 2010          MDL NO. 2179
7

8
   Applies to:
9  12-311, Cameron Int'l Corp. v.
   Liberty Ins. Underwriters, Inc.,
10 a/k/a Liberty Int'l Underwriters

11 _____

12
             VIDEOTAPED DEPOSITION OF DENISE MORRIS
13                 SAN FRANCISCO, California
                   Thursday, June 20, 2013
14

15

16

17

18

19

20

21

22

23  Reported by:

24  LESLIE ROCKWOOD, RPR, CSR 3462

25  Job No. 62770

EXHIBIT 8

1   wouldn't consider the contractual indemnities that an
2   insured might have as a critical component as to whether
3   or not to underwrite an insurance policy to them?
4       A.  In -- in some cases, yes.  We do consider it
5   critical as to whether we're going to accept the account
6   or not, yes.
7       Q.  And in some cases, you don't?
8       A.  Correct.
9       Q.  Is the other insurance provision a critical
10  component in LIU's underwriting of insurance policies?
11      A.  No.
12      Q.  It would be wrong to suggest that it is?
13      A.  Correct.
14      Q.  Does LIU rely on the other insurance provision
15  for purposes of determining policy premiums?
16      A.  No.
17      Q.  I just want to step back for a second.
18          How would you describe the purpose of an other
19  insurance clause in an insurance policy?
20      A.  I would say that it -- you know, we want -- we
21  want to tap into any valid and collectible insurance
22  before ours would apply.
23      Q.  Can you give me an example of how the provision
24  is typically used in the industry?
25          MR. MARTIN:  Object to the form.

Page 58

1  policy, this policy will apply excess of such other
2  insurance."
3       Do you see that again?
4    A.  Yes.
5    Q.  What do you understand the word "applies" to
6  mean there?
7    A.  Whatever Webster's version of "apply" is.  Just
8  an ordinary -- just another ordinary word.  It isn't
9  defined anywhere.
10   Q.  You had testified earlier that the purpose of
11 an other insurance provision like Liberty's is to tap
12 into valid and collectable insurance.
13   A.  Yes.
14   Q.  Do you remember that?
15      What happens if the other insurance is not
16 valid and collectible?  Does this provision still apply?
17      MR. MARTIN:  Object to the form.
18      THE WITNESS:  Again, I would -- I would ask
19 that claims make a call on that.
20 BY MR. KORN:
21   Q.  Does the application of the other insurance
22 provision affect the underwriting process in some way
23 that I'm -- that we haven't talked about?
24   A.  No.
25   Q.  Is it fair to say that the application of the

Page 59

1   other insurance provision is not something that is
2   really considered during the underwriting process?
3       A.  I would say that -- that would be true, yes.
4       Q.  And is it also fair to say that the application
5   of the other insurance provision is not something that
6   is considered when setting a premium for an insured?
7       A.  It's not a factor that comes into the pricing
8   process.
9       Q.  To your knowledge, has any underwriter at
10  Liberty ever told an insured that this other insurance
11  provision is unique?
12      A.  No.
13      Q.  Do you consider the Liberty other insurance
14  provision from the policy form to be unique?
15      A.  I don't know that it's unique.  I certainly
16  know that Great American used this form at one time and
17  Home Insurance Company before that.  So I wouldn't say
18  that would be unique.
19      Q.  Do you view the other insurance provision as a
20  limit -- a limiting condition on coverage?
21      A.  No.  I think limiting coverage is -- is, I
22  think, more of exclusions.
23      Q.  Is it fair to say that the purpose of this
24  provision is not to leave an insured without coverage at
25  a given layer of its tower, that somebody is going to