UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * MDL NO. 2179 <br> * <br> * SECTION J <br> * <br> * JUDGE BARBIER |
| APPLIES TO: No. 12-311 | * MAG. JUDGE SHUSHAN <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### LIBERTY INSURANCE UNDERWRITERS, INC.'S RESPONSES TO PLAINTIFF CAMERON INTERNATIONAL CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant Liberty Insurance Underwriters, Inc. ("Liberty") responds to Plaintiff Cameron International Corporation's First Set of Requests for Admission.

### GENERAL OBJECTIONS

1.      Liberty objects to plaintiff's First Set of Requests for Admission to the extent they seek information protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or protection recognized by law. Any inadvertent production of information subject to privilege or protection does not constitute a waiver by Liberty of that privilege or protection.

2.      Liberty objects to plaintiff's First Set of Requests for Admission to the extent they seek information that is confidential, proprietary, and/or that constitutes trade secrets. Any inadvertent production of information subject to privilege or protection does not constitute a waiver by Liberty of that privilege or protection.

PENGAD 800-631-6989

EXHIBIT

10

3.      Liberty objects to plaintiff's First Set of Requests for Admission to the extent they seek information or documents not within Liberty's possession, custody, or control.

4.      Liberty objects to plaintiff's First Set of Requests for Admission to the extent they seek information neither relevant to the issues posed by the pleadings nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Liberty objects to plaintiff's First Set of Requests for Admission, including without limitation the Definitions and Instructions, to the extent they seek to impose obligations and/or discover information beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

6.      Liberty objects to the definition of "You", "Your", and "Liberty" contained in Cameron's First Set of Requests for Admission.  The stated definitions are overbroad and exceed the scope of discovery permitted by the Federal Rules of Civil Procedure.  Moreover, the definitions improperly may include attorneys representing Liberty who are not Liberty and not within Liberty's control.  Finally, the definition improperly includes persons and entities other than the named defendant, Liberty Insurance Underwriters, Inc., including without limitation Liberty's "parents, subsidiaries, affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, and agents."

7.      Liberty objects to the definition of "Cameron Policies" contained in Cameron's First Set of Requests for Admission.  The stated definition is overbroad and exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure.  "Cameron Policies" properly

should include only policies issued to Cameron by Liberty Insurance Underwriters, Inc. from January 2010 through the present.

8.      Liberty objects to the extent that Cameron's First Set of Requests for Admission defines the relevant time period as 2006 to present.  This time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The relevant time period properly should be limited to January 1, 2010 to the date this suit was filed.

9.      Any representation made by Liberty that it will provide or make available responsive information is not meant to imply that such requested information or documents actually exist, but merely that the requested information or documents will be produced to the extent known or available.

10.     Liberty reserves the right to supplement, amend, or alter its responses at any time.

11.     Liberty reserves the right to challenge the admissibility of the documents herein produced at trial or at any hearing in this matter or any other matter.

## RESPONSES TO
## PLAINTIFF'S REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**:  Admit that, on or about April 23, 2010, Cameron gave Liberty notice that it had incurred potential liability arising from the Deepwater Horizon Incident that could result in a "loss" under the Liberty Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2:**  Admit that Liberty, through its counsel, stated that Cameron should offer to settle its disputes with BP related to the Deepwater Horizon Incident for $10 million or less.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied.

**REQUEST FOR ADMISSION NO. 3:**  Admit that Liberty, through its counsel, stated that Liberty did not object to the $250 million settlement amount of the BP Settlement

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Denied.  Liberty, through its counsel, advised that Liberty objected to the non-monetary aspects of the settlement and wasn't in a position to object to the amount of the settlement.

**REQUEST FOR ADMISSION NO. 4:**  Admit that Cameron responded to all requests for information from Liberty in its investigation into Cameron's potential exposure arising from the Deepwater Horizon incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Denied.

**REQUEST FOR ADMISSION NO. 5:**  Admit that, prior to November 7, 2011, Liberty had concluded that attachment could be an issue, given Cameron's outstanding indemnity claim against Transocean.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.  See Response to Interrogatory No. 13.

**REQUEST FOR ADMISSION NO. 6:**  Admit that, prior to November 7, 2011 Liberty did not communicate to Cameron the position that the Liberty Policy's "Other Insurance" provision meant that Liberty did not have to pay Cameron's claim in connection with the Deepwater Horizon Incident until after Transocean fulfilled its purported indemnity obligations to Cameron.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.  As stated in response to Interrogatory No. 15, "By November, 2011, Liberty had realized that attachment could be an issue, given Cameron's outstanding indemnity claim against Transocean, which was the subject of Cameron's Motion For Summary Judgment which had not been resolved".  Also see response to Interrogatory No. 13.

**REQUEST FOR ADMISSION NO. 7:**  Admit that, prior to November 7, 2011, Liberty did not communicate to Cameron the position that the Liberty Policy's "Other Insurance" provision was a potential basis to refuse to pay Cameron's claim in connection with the Deepwater Horizon Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted.  See Response to Interrogatory No. 15.

**REQUEST FOR ADMISSION NO. 8:**  Admit that Liberty proposed to pay $8.3 million on December 15, 2011 for Cameron's claim in connection with the Deepwater Horizon Incident, instead of the $50 million in coverage limits of the Liberty Policy

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied.  Liberty offered to pay $8.3 million to settle a coverage dispute.

**REQUEST FOR ADMISSION NO. 9:**  Admit that, prior to December 15, 2011, Liberty had denied that it owed any obligation to pay Cameron's claim in connection with the Deepwater Horizon Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**  Admit that Liberty is not a party to the BP Settlement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admit.

**REQUEST FOR ADMISSION NO. 11:**  Admit that the document attached as Exhibit 1 to these Requests for Admission is a true and correct copy of a letter sent from Paul R. Koepff to Brad Eastman dated November 7, 2011.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admit.

**REQUEST FOR ADMISSION NO. 12:**  Admit that the document attached as Exhibit 2 to these Requests for Admission is a true and correct copy of a letter sent from Paul R. Koepff to Mitchell J. Auslander dated December 13, 2011.

        **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

        Admit.

**REQUEST FOR ADMISSION NO. 13:**  Admit that the document attached as Exhibit 3 to these Requests for Admission is a true and correct copy of a letter sent from Paul R. Koepff to Mitchell J. Auslander dated December 14, 2011.

        **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

        Admit.

**REQUEST FOR ADMISSION NO. 14:**  Admit that the document attached as Exhibit 4 to these Requests for Admission is a true and correct copy of a letter sent from Richard W. Bryan to Paul R. Koepff dated December 14, 2011.

        **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

        Admit.

**REQUEST FOR ADMISSION NO. 15:**  Admit that Liberty was aware as of December 15, 2011 that Transocean had not acknowledged it owed indemnity to Cameron for Blowout Liability in connection with the Deepwater Horizon Incident.

        **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

        Admit.

**REQUEST FOR ADMISSION NO. 16:**  Admit that Liberty was aware as of December 15, 2011 that Transocean had refused to pay Cameron any indemnity for Blowout Liability in connection with the Deepwater Horizon Incident.

        **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

        Admit.

**REQUEST FOR ADMISSION NO. 17:**  Admit that Liberty was aware as of December 15, 2011 that Transocean had sued Cameron seeking a declaration that it did not owe Cameron any indemnity for Blowout Liability in connection with the Deepwater Horizon Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admit.

**REQUEST FOR ADMISSION NO. 18:**   Admit that Liberty never provided notice to Transocean that Liberty might have a potential subrogation claim against Transocean under the Liberty Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**   Admit that Liberty has never paid any money to Cameron pursuant to the Liberty Policy in connection with Cameron's claim for coverage relating to the Deepwater Horizon Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admit.

**REQUEST FOR ADMISSION NO. 20:**   Admit that the language of the "Other Insurance" provision in the Liberty Policy is identical to the language of the "Other Insurance" provision in Liberty's policy form 0101-XS(03 00).

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**   Admit that Liberty did not know as of December 15, 2011 whether Transocean would indemnify Cameron for Blowout Liability in connection with the Deepwater Horizon Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Admit.

**REQUEST FOR ADMISSION NO. 22:**   Admit that on December 12, 2011, Liberty was told that Cameron and BP had reached a tentative settlement agreement that was subject to approval by Cameron's board and Cameron's insurers' consent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Admit.

Respectfully submitted,

Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

**OF COUNSEL:**

Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by U.S. mail, postage prepaid, hand delivery, facsimile transmission or email on this 8th day of April, 2013.

*Christopher W. Martin*

*00937880*