UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  Oil Spill by the Oil Rig | * | MDL 2179 |
| | * | |
| "Deepwater Horizon" in the Gulf of | * | SECTION J |
| | * | JUDGE BARBIER |
| Mexico, on April 20, 2010 | * | MAG. JUDGE SHUSHAN |

**********************************************************************

# MOTION TO ENFORCE SETTLEMENT RELEASE

NOW INTO COURT, through undersigned counsel, comes Claimants 100165456, 100170329, and 100170357,[1] who respectfully move this Court to enforce the clear terms of the Releases Claimants signed. In support, Claimants aver as follows:

1.

BP proposed[2] and Claimant accepted a Release. The Release superseded any and all other agreements between the parties including any contracts or agreements related to the settlement.  The Release in pertinent part states:

> 14. **Choice of Law.**  Notwithstanding the law applicable to the underlying claims, which is a disputed issue not resolved by this **Individual Release**, this **Individual Release** and all questions with respect to the construction and enforcement thereof and the rights and liabilities hereto shall be interpreted in accord with General Maritime Law, as well as in a manner intended to comply with **OPA**.

---

[1]  Because of the confidentiality of individual Claimants and Claim-specific files, documents or other information (See Doc. 6430-1, "Deepwater Horizon Economic and Property Damages Settlement Agreement As Amended on May 2, 2012" (Settlement Agreement) Section 4.4.1, Doc. 6822, "Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement," Doc. 6573, "Order Regarding Settlement Implementation" 4, and Pre-Trial Order No. 13), undersigned counsel refers to Claimants pursuant to Claimants' Claim Number and has redacted identifying information in this submission. Since an Eligibility Notice issued in this claim, and BP availed itself of its appellate rights, BP is aware of the name of this Claimant and the specifics of the claim. Claimant will file additional pleadings under seal as directed by the Court.

[2]  See Doc. 6430-45, Exhibit 26 to Motion to Preliminarily Approve Class Action Settlement, and Doc. 6430-1, Section 25.1 of the Settlement Agreement.

15.  **Superseding Nature of Agreement**:  This **Individual Release** constitutes the final, complete, and exclusive agreement and understanding between BP and Claimant and supersedes any and all other agreements, written or oral, between BP and Claimant with respect to such subject matter of this Individual Release in settlement of Claims arising out of or related to the Deepwater Horizon Incident.

2.

Accordingly, General Maritime Law applies to the interpretation of the Release and the Release replaces and supersedes any contracts or settlement agreements that existed from which BP has issued appeals to the United States Court of Appeals for the 5th Circuit.  This Release now controls the agreement between BP and the Released Parties and not any other document or agreement.  This is grounded in the most basic principles of contract law and is clear and unambiguous in the Release.

3.

A district court's interpretation of a contract is a matter of law reviewed *de novo*.  *City of Austin, Tx. v. Decker Coal Co.*, 701 F.2d 420, 425 (5th Cir. 1983).  "This broad standard of review includes the determination of whether the contract is ambiguous." *Id*.  A maritime contract "should be read as whole, and a court should not look beyond the written language of the contract to determine the intent of the parties unless the disputed language is ambiguous." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1214 (5th Cir. 1986) (citations omitted).  A contract is unambiguous if "its language as a whole is clear, explicit, and leads to no absurd consequences, and as such it can be given only one reasonable interpretation." *Chembulk Trading, LLC v. Chemex Ltd.*, 393 F.3d 550, 555 n. 6 (5th Cir. 2004) (citation omitted).

4.

As this Court has noted in another case, federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party

and will be summarily enforced. *Magee v. Ensco Offshore, Co.*, 2013 WL 2389910 (E.D. La., May 30, 2013), citing *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967). Words in a contract are given their plain meaning as understood by a reasonable person. *Sander v. Alexander Richardson Inv.'s*, 334 F. 3d 712, 716 (8th Cir.2003).

5.

The Release form as proposed and adopted by BP has not been challenged by BP and is not currently an issue on appeal with the United States Court of Appeals for the 5th Circuit. Claimants respectfully submit that all "released" claims are not subject to any of the decisions of the United States Court of Appeals for the 5th Circuit.

6.

The Release assured the Claimant that upon execution of the Release, any future court decisions – <u>good</u> or <u>bad</u> – would have <u>no impact</u> on the validity and <u>enforceability</u> of the executed Release.[3] Claimant signed the Release and the Release was accepted before any court decision was handed down that may have changed some terms, and which has also been the basis for delay of payment of these claims.

7.

The operable language of the Release states that:

> ... it is possible that the terms of the proposed settlement may change in the future-for better or for worse-as a result of further legal proceedings. However, if you sign this Individual Release, none of those uncertain future events will affect you. .... In fact, even if the Court does not approve the proposed class action settlement agreement or the approval is reversed by an appellate court, you shall continue to be bound by this Individual Release.[4]

And:

---

[3]  Id., Page 2 of 20, fifth paragraph and Paragraph 16 of Definitions, page 13 of 20.
[4]  Id., Page 2 of 20.

3

16. **Continuing Effectiveness of Agreement.** This **Individual Release** shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the **Released Parties** in any current or future litigation. **THIS INDIVIDUAL RELEASE SHALL ALSO REMAIN EFFECTIVE REGARDLESS OF WHETHER THE SETTLEMENT AGREEMENT RESOLVING THE CLAIMS OF THE ECONOMIC CLASS IS APPROVED.** [5]

8.

The Claimants executed the Releases and the Releases were accepted by the Claims Center on October 16, 2013, October 8, 2013 and September 23, 2013, respectively.

9.

Under the clear terms of the Releases, no court rulings subsequent to the execution and acceptance of the Releases, regardless of whether those decisions ultimately turn out positive or negative for a respective side, have any impact on the validity –and enforceability– of the Releases.

10.

The appeal procedure for a released claim must also not change. To do otherwise would violate the plain and unambiguous terms of the Release. There is no exception for changing the terms of the appeal because of legal proceedings that occurred after the execution of the Release. To allow the appeal procedure to change by "further legal proceedings" after the execution of the Release would cause the exact harm that was expressly indicated would not happen in the Release. "It is possible that the terms of the proposed settlement may change in the future-for better or for worse-as a result of further legal proceedings. However if you sign this individual Release, none of those uncertain future events will affect you." [6] To change the appeal standard would be a direct violation of this plain and clear language. Also the Claimant is agreeing

---

[5] Id., page 13 of 20, Paragraph(s) 16 of Definitions.
[6] Id at page 2 of 20

to be bound by the terms of the Release at the time it is executed.  To implement new terms in the appellate process that did not exist at the time of signing of the Release would be binding one party to the Release, the Claimant, but not binding the other, BP, at the same time, who would get the benefit of a change in terms after the Release was signed.

11.

This Motion is seeking to enforce terms of a Release.  This request is based not only on bedrock principles of contract law, but also express terms of the executed Release itself. As a result, and for the reasons more fully articulated in the attached Memorandum which, by reference, is incorporated into this Motion as if copied *in extenso,* Claimants ask this Court to enforce, at such time as the current stay is lifted, the clear terms of the Release and allow the Claims Administrator to pay the claims referenced in the applicable Release under the terms that existed when it was executed.

Respectfully submitted this 23th day of April, 2014.

*/s/ Gerald Joseph Diaz, Jr.*
GERALD JOSEPH DIAZ, JR.
BRANDON C. JONES
THE DIAZ LAW FIRM
208 Waterford Square, Ste 300
Madison, MS  39110
Telephone: (601) 607-3456
Facsimile:  (601) 607-3393
jdiaz@msattorneys.com
brandon@msattorneys.com

*/s/ Timothy W. Porter*
TIMOTHY W. PORTER
La. Bar Roll No. 24863
PORTER & MALOUF, P.A.
P.O. Box 12768
Jackson, Mississippi  39236
Telephone: (601) 957-1173

>Facsimile:  (601) 957-7366
>tim@portermalouf.com
>*Attorney for Claimants*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 23th day of April, 2014, the above and foregoing Motion to Enforce Settlement Release has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the Eastern District of Louisiana using the CM/ECF System, which sent a notice of electronic filing in accordance with the procedures established in MDL 2179.

>*/s/Gerald Joseph Diaz, Jr.*
>GERALD JOSEPH DIAZ, JR.
>BRANDON C. JONES
>THE DIAZ LAW FIRM
>208 Waterford Square, Ste 300
>Madison, MS  39110
>Telephone: (601) 607-3456
>Facsimile:  (601) 607-3393
>jdiaz@msattorneys.com
>brandon@msattorneys.com