UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | **OIL SPILL BY THE OIL RIG** ) | **MDL NO: 2179** |
| | **"DEEPWATER HORIZON" IN** ) | |
| | **THE GULF OF MEXICO, ON** ) | **SECTION: J** |
| | **APRIL 20, 2010** ) | |
| | ) | |
| **Relates to: 2:14-cv-657** | ) | **Judge Barbier** |
| | ) | **Mag. Judge Shushan** |
| | ) | |
| | ) | |

## DEFENDANTS' JOINT MOTION TO DISMISS

COMES NOW, Defendants  Downs Law Group, P.A., Craig T. Downs, Jeremy D.

Friedman, and Daniel Perez, by and through undersigned counsel, and pursuant to Federal Rule

of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6),  hereby files their Joint Motion to Dismiss

and in support would state as follows:

1. This is a case involving allegations by the Plaintiffs of breach of a "joint venture"

   agreement, breach of fiduciary duty, unfair trade practices, and fraud.

2. The Plaintiffs have filed a one count complaint alleging the above four causes of

   action in a single count.

3. The Plaintiffs further seek various types of damages as a result of the above

   including having the claims administrator allocate attorneys fees, award statutory

   and punitive damages against the Defendants, award attorneys fees in favor of the

   Plaintiffs and against the Defendants.

4. The Plaintiffs additionally request that this court "extinguish" all contracts

   between the Defendants and their own clients.  They request that the court order

that the clients of the Defendants become the clients of the Plaintiffs and that all

attorneys fees received from the representation by the Defendants of these clients

be given in their entirety to the Plaintiffs.

5.      However, as more fully set forth below, the contract that the Plaintiffs are seeking

to enforce contains a forum selection clause as part of the consideration granted to

the Defendant.  The forum selection clause requires that all actions related thereto

be brought in Miami-Dade County, Florida Circuit Court.  As such venue is

improper.

6.      In addition, as all of these Defendants are either Florida corporations and/or

individuals residing in the state of Florida as well as the fact that the events

concerning the Plaintiffs' claims occurred substantially in Miami-Dade County,

Florida, this court lacks personal jurisdiction over all of the Defendants herein.

7.      Finally, the Plaintiffs have failed to state a cause of action as to the four different

causes of action that they have consolidated into Count One of their Complaint.

8.      For the above stated reasons, the court should dismiss the above styled action

accordingly.

### *I. Factual and Procedural History*

9.      On or about May, 2012 the Plaintiff class representatives and the Defendant "BP",

entered into a settlement agreement.  At or about that time this court gave

conditional approval of the settlement agreement pending the consideration of any

objections and a final fairness hearing seeking final approval thereof.  The final

fairness hearing was set to take place in November, 2012.

10.    Subsequently, on or about June, 2012,, with knowledge of the terms of the

settlement agreement, the Defendant Downs began to represent potential class members that may have a claim pursuant to the medical benefits class action settlement agreement.

11. During the course of this representation it was determined that the settlement agreement may have lacked certain benefits that would assist the clients in obtain medical diagnosis as to the injuries suffered as a result of the actions of the Defendant.

12. As a result, certain clients of the Defendant Downs decided to file an objection to the settlement agreement with the court. The basis of the objection was that the settlement agreement was unfair to the extent that it failed to offer an adequate mechanism for the class members to obtain the proper diagnosis to determine qualification for the agreed upon claim matrix set forth therein.

13. As the Defendant Downs was a Florida law firm located exclusively at the time in Miami-Dade and Broward County, Florida, it believed that in order to appear in the E.D. of Louisiana to make such objection(s), it required the assistance of local counsel.

14. As such, on or about August, 2012 the Defendant Downs through its associate attorney Defendant Friedman, contact Plaintiff Marx Sterbcow, an attorney located in Louisiana, to inquire if Mr. Sterbcow would serve as local counsel for the objections being filed by certain clients of the Defendant Downs.

15. Plaintiff Sterbcow thereafter contacted Plaintiff Jason Melancon to determine if the two of them could act jointly in this capacity. Plaintiff Melancon agreed.

16. As such the parties thereafter enter into an attorneys participation agreement as

attached to the Plaintiffs' complaint. According to the material terms of the agreement, the Plaintiffs agreed that they would perform certain services for the Defendant Downs related to the objection filed by certain clients only. They agreed to (1) file the objections with the court through its electronic filing systems, (2) assist in procuring pro hac vice status for one or more of the attorneys of the Defendant Downs, (3) assist with oral argument for the objection, and upon request by the Defendant (4) assist in any attorneys fee hearing.

17. In consideration of the above, the Defendant Downs agreed to compensate the Plaintiff in the amount of 10% of any attorneys fees the Defendant Downs recovered from any third party related to the objections filed by certain of the clients.

18. As additional consideration, the Plaintiffs agreed that in the event that a dispute arose between the parties for any matter related to the agreement, that any such dispute would be adjudicated in the circuit court of the Miami-Dade County, Florida.

19. On or about September, 2012, certain clients of the Defendant Downs filed their objections. Both the Plaintiffs and the Defendant represented these certain clients in the E.D. of Louisiana in furtherance of the same.

20. On or about December, 2012 the court denied the objections filed by these clients. Thereafter, three of the clients who filed the objections filed an appeal with the Fifth Circuit Court of Appeal. The Plaintiff Melancon likewise acted as local counsel for these three individuals for the purpose of filing the appeal.[1]

---

[1] Mr. Melancon's role as to the appeal was limited to filing the documents electronically with the court. Despite a request by the Defendants, Mr. Melancon would not assist in preparing and/or

21.     On or about June, 2013, the three clients dismissed their appeal as to the order

denying the objection and granting full approval of the settlement agreement.  As

of this date, neither Mr. Melancon, nor any of the Plaintiffs, had any further

responsibilities as to any client material hereto.

22.     On or about October, 2013 a dispute arose as to the interpretation of the attorneys

participation agreement.  The Defendants claimed that the representation of any

clients by the Plaintiff law firms was limited to the objection filed by certain

clients only which was denied in December, 2012 and further extended to three of

the clients who filed an appeal, an appeal that was dismissed in June, 2013.  As of

the date of dismissal of the appeal, the Plaintiffs had no further responsibilities to

any client and was no longer representing them.  The Plaintiffs claim, however,

that even though their legal work was finished in December, 2012 and had no

further responsibilities under the agreement, they continued to represent all clients

through October, 2013, including those that never filed any objection, and were

improperly "terminated."[2]

23.     As a result, and in accordance with the forum selection clause in the agreement,

the Plaintiffs thereafter filed an action for breach of joint venture agreement,

tortious interference with a contractual relationship, and claims for defamation in

Miami-Dade County, Florida circuit court pursuant to Case No. 13-039679 CA

01.  The Plaintiff sought the same or similar damages in that case as the damages

---

filing the actual appeal itself.

[2] The Plaintiffs claim that they were, and continue to represent all clients of the Defendant
Downs,at all times, even though the contract clearly states "certain" clients only, relates solely to the
objections filed, and all responsibilities were completed once the objections were completed.

sought herein.

24.    The parties in the state court case thereafter engaged in substantial discovery

including the following:

A.  Depositions of witnesses and one of the parties therein, Melancon | Rimes, as
well as a witness which the parties traveled to Puerto Rico to conduct the
deposition;

B.  The Plaintiff served three separate requests for production which one or more
was answered;

C.  The Plaintiff served three separate requests for admissions which were
answered by the Defendant;

D.  The Defendant served a request for admissions;

E.  The Defendant served a request for production of documents;

F.  The parties filed various motions and made appearance in court;

G.  Various Motions to Dismiss were filed and pending before the court;

H.  Third party subpoenas were issued to various non-parties;

I.   The parties engaged in a substantial amount of correspondence concerning
matters related to the Florida litigation.

J.  The Defendant filed a Motion for Sanctions pursuant to Florida Statute 57.105
for the Plaintiffs' filing of claims unsupported by facts or applicable Florida law.

25.    As part of their Complaint in Case No. 13-039679 CA 01 in Miami-Dade County,

Florida, the Plaintiffs alleged the following:

8.  Venue is proper as all tortious acts complained of occurred
substantially within the State of Florida, a substantial portion of which
occurred in Miami-Dade County, Florida.  The Defendants reside within
Miami-Dade County, Florida, further, as evidenced by the agreement
signed by the parties, the forum selection clause establishes that the laws
of Florida and the Court of Miami-Dade County shall have jurisdiction
over any actions arising from this agreement.  See attached Exhibit A at
paragraph 9.  As such venue is just and proper in Miami-Dade County,
Florida.

26.     On January 14, 2014 the Defendant Downs answered the Complaint and closed the pleadings as to the Breach of Contract Count.  In its answer, the Defendant Downs "admitted" that the allegations in paragraph 8 were true and correct.  As such, both parties agreed and stipulated through the pleadings that the proper venue for these issues is in Miami-Dade County, Florida.

27.     Subsequently, a short time prior to the court in Case No. 13-039679 CA 01 ruling on the various motions to dismiss, just prior to the court ruling on the Defendant's Motion for Sanctions, as well as right before a substantial amount of additional discovery was due, the Plaintiffs dismissed all claims in the Florida action, ignored the forum selection clause, and selected a different forum for the same or similar claims, i.e. the E.D District of Louisiana.

28.     The Plaintiffs are now seeking to have the parties start all over again, start discovery from the beginning, start the pleadings from the beginning, and litigate their claims in a brand new forum.

29.     The Plaintiffs are also apparently seeking this court to interpret the agreement between the parties in accordance with the laws of the state of Florida, an issue that the court in Miami-Dade County, Florida was about to do before the dismissal was filed, and further have the court enter judgment in their favor and against three Florida residents and a Florida corporation.

30.     As set forth below and the incorporated memorandum of law herewith, venue is clearly proper in Miami-Dade County, Florida where the case was originally filed and in accordance with the forum selection clause of the parties.  Moreover, this court lacks personal jurisdiction over the Defendants.  Finally, even if venue and

jurisdiction were proper, the Plaintiffs have failed to state any discernable cause of

action for any of the claims in which the Complaint should proceed.

### II. Dismissal is proper in accordance with Federal Rule of Civil Procedure 12(b)(3) for improper venue based on a forum selection clause

31.    In Count One of the Plaintiffs' Complaint they allege breach of a joint venture

agreement.  They then attach the Attorney Participation Agreement which they

entered into on August 26, 2012 and are seeking to enforce.

32.    According to the terms of the agreement, and as consideration provided by the

Plaintiffs to the Defendant Downs, the Plaintiffs agreed to the following:

9. GOVERNING LAW/JURISDICTION This agreement shall be governed by
and interpreted under the laws applicable in the state of Florida.  All parties to this
Agreement, hereby submit to the jurisdiction of all courts located in Miami-Dade
County, Florida with respect to any action or proceeding arising out of this
Agreement and hereby waive any venue or other objection which it may have to
any such action or proceeding being brought in any court located in Miami-Dade
County, Florida.

33.    This provision was one of the central pieces of consideration provided to Downs

by the Plaintiffs.  As the Defendant Downs was located in Florida, and the

Plaintiffs were located in Louisiana, if the Plaintiffs did not comply with the terms

of the agreement and/or vice versa, it was important to Downs that any such

matter be adjudicated in Florida and in accordance with Florida law.

34.    With full knowledge and understanding that all such claims brought by either

party related to the agreement would be adjudicated pursuant to Florida law and in

a Florida court, the Plaintiffs entered into the agreement.

35.    In addition, not only did the Plaintiffs agree to this provision, but relied on it and

cited to it upon filing its action in Miami-Dade County, Florida in Case No. 13-039679 CA 01.  As stated above, the Plaintiffs alleged in paragraph 8 of its complaint in that case that venue was proper in Miami-Dade County, Florida due to the enforceable forum selection clause between the parties.  The Defendant Downs agreed to the same and in effect stipulated through its pleadings that venue was in fact proper there.

36.    The Fifth Circuit enforces forum selection clauses between the parties to such an agreement. *Ginter v. Belcher, Pendegrast and Laporte,* 536 F. 3d 439 (5th Cir. 2008) They are "presumed to be enforceable and the party resisting enforcement bears a heavy burden." *Id.*

37.    The Plaintiffs have attached the Attorney Participation Agreement to its Complaint in relation to Count One which they seek to enforce its terms.  For this reason, as well as the fact that the Plaintiffs have already alleged in Case No. 13-039679 CA 01 that the forum selection clause is enforceable and should govern the choice of venue, an allegation likewise consented to by the Defendant in its own responsive pleadings, this court should dismiss all claims made by the Defendants herein.

38.    Notwithstanding the forum selection clause at issue, venue is still proper in the state of Florida for these claims.  The Plaintiffs allege that the Defendants violated terms of an agreement.  This agreement was created in the state of Florida by all Florida residents.  It was likewise negotiated in the state of Florida.  In addition, every Defendant is a resident of the state of Florida and/or is incorporated with its principle place of business in the state of Florida.

39.   All relevant documents supporting the Plaintiffs claims are located in the state of Florida.  In fact, discovery was conducted at length in the Florida proceeding due to the fact that all documents related to the claims of the Plaintiffs, according to them, are located with the Defendants at their offices in Miami-Dade County, Florida.

40.   In addition, the Plaintiffs allege that the Defendants fraudulently induced them into entering into the agreement.  They alleged that the fraud committed by the Defendants occurred in the state of Florida during the negotiations of the agreement.  It is undisputed that at all times the Defendants negotiated the agreement in Florida.  As such, venue is proper as originally filed in Miami-Dade County, Florida.

41.   Finally, the Plaintiffs waived any contest to proper venue in Miami-Dade County, Florida.  The Plaintiffs herein alleged that venue is proper in Miami-Dade County, Florida in paragraph 8 of their complaint.  They allege the following:

> ...all tortious acts complained of occurred substantially within the State of Florida, a substantial portion of which occurred in Miami-Dade County, Florida.  The Defendants reside within Miami-Dade County, Florida, further, as evidenced by the agreement signed by the parties, the forum selection clause establishes that the laws of Florida and the Court of Miami-Dade County shall have jurisdiction over any actions arising from this agreement.  (Paragraph 8, Plaintiff's Complaint filed in Case No. 13-039679 CA 01)

42.   The Defendant Downs thereafter admitted to this allegations in this pleading.  Upon admitting the same, the issue of venue is thereafter closed in the pleadings.  As such, it would not be proper for the Plaintiff to take an alternative position as venue in the instant matter to that which it claimed in the state court proceeding.

43.   Moreover, not only did the Plaintiffs allege venue was proper in Miami-Dade

County, Florida, but they thereafter engaged in substantial litigation in that forum. They sent out a substantial amount of paper discovery directed to the merits of the claims, took the deposition of a witness in Puerto Rico, Amled Perez, and engaged in related activities thereto. The Defendants likewise engaged in substantial paper discovery, took the deposition of one of the Plaintiffs, filed two motions to dismiss, and a motion for sanctions.

44.    The Plaintiffs have thus clearly consented to venue being proper in Miami-Dade County, Florida through not only their actions as part of the agreement they are seeking to enforce but likewise as to their actions in the Florida litigation. Both of these cases arise out of the attorneys participation agreement and relate entirely to issues therein.

45.    The Plaintiffs attempt to avoid the forum selection clause, this time, by claiming that the Medical Benefit Settlement Agreements *requires* all of their claims to be filed in the instant case. They further claim that this Court *ordered* them to file the additional claims in the instant matter. However, not only did the Plaintiffs fail to advise the court of the forum selection clause that they agreed to *after* the Medical Benefits Settlement Agreement had been entered into but the court did not order the Plaintiffs do to anything. Rather, the court order they are referring to denies the mechanism that they were attempting to use to bring their claims against the Defendants. The Plaintiffs' original Motion herein was in fact denied *sue sponte* without even a response filed by the Defendants. Therefore, it is quite unlikely that the court issued an "order" to one party as to the proper venue of their claims without even permitting the Defendants the opportunity to respond

and even make an appearance in the case.

46.     Rather, the court in fact specifically stated that the "Court declines to intervene in

the dispute."  Therefore, there was clearly no order or "directive" to the Plaintiffs

to file their claims in the E.D. of Louisiana with claims pending in the state of

Florida, particularly when the court was unaware that the Plaintiffs had agreed to

waive jurisdiction and consented to venue being in Miami-Dade County, Florida.

47.     As to the language in the Medical Benefits Settlement Agreement, it is clear that

this agreement does not govern the venue of the instant action.  First, the

agreement is silent as to whether a separate forum selection clause and/or waiver

of venue and jurisdiction which occurred *after* the agreement was entered into

would be negated by the settlement agreement.  Second, and more importantly,

the language in the agreement does not apply to the parties herein and/or the

claims brought by the Plaintiffs.

48.     The parties to the Complaint filed by the Plaintiffs are the following:

A.  Plaintiff: Sterbcow Law Group, ("Local Counsel to objecting class members
in November, 2012")
B.  Plaintiff: Melancon | Rimes, ("Local Counsel to objecting class members in
November, 2012")
C.  Plaintiff: Marx Sterbcow, ("Employee of Sterbcow Law Group")
D.  Plaintiff: Jason Melancon, ("Employee of Melancon | Rimes")
E.  Defendant: Downs Law Group ("Counsel to certain objecting class members")
F.  Defendants: Craig Downs, Jeremy Friedman, Daniel Perez, ("Employees of
Downs Law Group")

The settlement agreement provision that the Plaintiff relies, i.e. Section XXVII of

the Medical Benefits Settlement Agreement for venue purposes in fact states as

follows:

Pusuant to the FINAL ORDER AND JUDGMENT, the COURT shall retain
continuing and exclusive jurisdiction over (i) the PARTIES and their counsel and

all MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS with respect to the terms of the MEDICAL SETTLEMENT AGREEMENT and (ii) the subject matter of *Plaisance, et. Al. v. BP Exploration & Production Inc., et. al.* with respect to the interpretation, implementation, administration, and enforcement of this MEDICAL SETTLEMENT AGREEMENT…

In addition, the PARTIES, including each MEDICAL BENEFITS SETTLEMENT CLASS MEMBER, are hereby deemed to have submitted to the exclusive jurisdiction of this COURT for any suit, action, proceeding, or dispute arising out of or relating to his MEDICAL SETTLEMENT AGREEMENT

Clearly, the parties at issue in the instant matter do not qualify under Section XXVII. The parties here are ***alleged counsel*** of objecting class members filing a claim against current ***counsel*** of objecting class members. The settlement provision relied upon by the Plaintiffs relates solely to parties, counsel for parties, and class members themselves.

49.     None of the parties at issue in this matter are "parties" as defined by the settlement agreement, "counsel" for the parties, or the class members themselves.[3] As such, this provision would have no application as to the venue or jurisdiction of these proceedings.

50.     In addition, even if the agreement covered the parties at issue herein, the claims filed by the Plaintiffs are based entirely on the attorneys participation agreement between them and actions related thereto. They are not seeking to "interpret", "implement" or "enforce" any term of the medical benefits settlement agreement. More importantly, they could not do so under any circumstance as they are not parties to the agreement.

51.     For the reasons stated above, the forum selection clause that the parties agreed to

---

[3] The definitions section of the settlement agreement defines the parties and counsel to the parties. Clearly, none of the parties at issue herein qualify as such.

in a contract which the Plaintiffs are seeking to enforce should govern these claims and would require dismissal for improper venue.[4]

### III. Dismissal of the Plaintiff's claims is proper based on improper forum shopping

46.    As stated above, the Plaintiffs initially sought to enforce their claims in Case No.13-039679 CA 01 in Miami-Dade County, Florida.  They filed their claims initially in that forum and conducted substantial discovery related thereto.

47.    It was only after facing two motions to dismiss and a motion for sanctions for filing frivolous claims pursuant to Florida Statute 57.105 did the Plaintiffs dismiss all claims and re-file the same or similar claims herein.

48.    While the Plaintiffs can attempt to claim that they did so after the last appeal was dropped as to the fairness of the settlement agreement, that fact is irrelevant to the extent that such an action would have no bearing as to whether the Court herein could enforce the terms of the attorney participation agreement.  Moreover, the Plaintiffs filed their action in Miami-Dade County, Florida in December, 2013, only a month or so after the dispute initially arose.  They could have easily waited for the last appeal to be resolved prior to filing in the E.D. of Louisiana.  Rather, they took advantage of the rules of discovery set forth in Miami-Dade County, Florida, engaged in substantial discovery therein, and now seek to use this discovery in an entirely different forum, one that was not about to determine whether they should be sanctioned for the filing of a frivolous lawsuit.

---

[4]    The Plaintiffs further have alluded to the fact that the pleadings of the Defendant Downs in Case No.13-039679 CA 01 challenge the validity of the attorneys participation agreement. However, in Florida, the Defendants are permitted to plead in the alternative. One of the alternative defenses is that *if* the Plaintiffs' interpretation of the agreement is correct, then they still cannot recover because of their failure to properly notify the clients and obtain the proper consent.

49.     The Plaintiffs in fact even cite to the discovery that they obtained in the state court case as further support of their current claims herein.[5]

50.     The above actions are equivalent to a classic case of forum shopping.  The Plaintiffs were unhappy with the rulings receiving in the state court, unhappy with the pending motions set against them, and thereafter sought to obtain the same or similar relief with a different court.  For this reason as well, dismissal is proper.

### IV. Dismissal is proper in accordance with Federal Rule of Civil Procedure 12(b)(2) based on the lack of personal jurisdiction over one or more of the Defendants

51.     The claims of the Plaintiffs must also be dismissed as this court lacks personal jurisdiction over the Defendants, Downs, Craig T. Downs, Jeremy Friedman, and Daniel Perez.

52.     As more fully set forth above, the Plaintiff law firms entered into an attorney participation agreement with Defendant Downs.  The agreement has a forum selection clause whereby the parties agreed that any such action related thereto must be filed in Miami-Dade County, Florida.  For this reason, and for the reasons, stated above, this court lacks jurisdiction over Defendant Downs.

53.     As to the individual Defendants, as alleged by the Plaintiffs, these individuals are all residents of the state of Florida.  They are not personally conducting any

---

[5] One of the documents that the Plaintiffs rely upon was protected by the Attorney-Client Privilege and illegally taken from the Defendant Downs from a former employee and given to the Plaintiffs.  The Plaintiffs were advised of this fact and given a demand to return the document to the Defendant.  The Plaintiffs have not only refused to give the document back to the Defendant but they have filed the document with this court in support of their claims herein.  While the Defendant does not believe that the document assists the Plaintiff in any way as to the merits of their case, such a document is a privileged communication and the Plaintiffs have no authorization to utilize it.  If this action continues to proceed in the instant court, the Defendant Downs will take the proper steps and seek the proper sanctions for the Plaintiffs' continued use of a privileged document after a demand for its return.

substantial and/or continuous business activities in the state of Louisiana. The Defendant Downs is counsel to the clients at issue. The majority of the clients are at issue are from outside of the state of Louisiana.

54.   None of the individual Defendants represent the clients personally or are personally engaging in any business within the subject state. Rather, any such representation is by Defendant Downs. As employees acting in the course and scope of their employment, which is what the Plaintiffs allege occurred, they are not conducting any business that would independently subject them to the jurisdiction of this court as individuals.

55.   Moreover, the settlement agreement, Section XXVII, maintains jurisdiction over the parties, counsel to the parties, and the class members. The individual Defendants do not qualify as to any of these categories.

56.   In addition, the Plaintiffs are seeking attorneys fees which they claim are due to them. Any such fees would arise, if at all, solely from the attorneys participation agreement. The individual Defendants are not parties to this agreement. There is no allegation nor any evidence to demonstrate that they are entitled to receive any monies from the clients or in any other manner by which the Plaintiffs would be entitled to a percentage thereof. If the Defendants are not receiving any of the fees, then they could not be found liable for their failure to pay a portion of the same to the Plaintiffs.

57.   The Plaintiff claim that personal jurisdiction exists as to *all* Defendants because they *all* signed up clients in Louisiana. There is no evidence that any of the individual Defendants, nor even an specific allegations for that matter, that each and every Defendant signed up any client in their individual capacity and engaged in any business on behalf of themselves and outside the course and scope of their

employment with Downs.

58.     While the Defendants deny the allegations in the Complaint and believe that the

Plaintiffs will be subject to the same sanctions that the Plaintiffs are seeking to

avoid in the 57.105 motion that was filed in the state court proceedings, for the

purposes of this Motion only, the Defendants will assume that the allegations are

true.  As the allegations fail to denote any conduct that the individual Defendants

engaged in that would subject them, *individually,* to the jurisdiction of this Court,

dismissal is proper.

59.     Furthermore, as the Plaintiffs agreed that any claims as to Defendant Downs

would be subject to the jurisdiction of the court in Miami-Dade County, Florida,

this court lacks jurisdiction over the Defendant Downs as well.[6]

60.     As the court lacks personal jurisdiction over the Defendants, this action must be

dismissed accordingly.

### *V. Dismissal is proper in accordance with Federal Rule of Civil Procedure 12(b)(6) based on the Plaintiffs' failure to state a cause of action*

60.     Finally, dismissal is also proper as the Plaintiffs have failed to state a cause of

action against the Defendants.

61.     First and foremost, the Plaintiffs appear to combine four different causes of action

into Count One.  For this reason alone, dismissal is proper as it is difficult to

discern or fashion a proper response thereto.

62.     Second, the Plaintiffs seek to enforce the attorney participation agreement as

attached to their complaint.  According to its terms, it must be interpreted in

accordance with Florida law.

---

[6] This assertion would additionally apply to claim that this court lacks subject matter jurisdiction due to the forum selection clause.  However, as the clause states that the Plaintiff waived jurisdiction and consents to the jurisdiction in Miami-Dade County, Florida, such a waiver would apply to personal jurisdiction as well.

63.   Under Florida law, to properly allege a cause of action for breach of contract, the Plaintiff must allege a duty, breach, and damages resulting therefrom. The Plaintiffs do not allege a single element of the cause of action for breach of contract. They fail to allege the breach of any term of the agreement or that they suffered any damages as a result of any such breach. For this reason, the first "claim" in Count One must be dismissed.

64.   The Plaintiffs next make a claim in the same count, i.e. Count One, for breach of fiduciary duty. This is another claim that would arise from the attorney participation agreement. As such, they fail to allege any fiduciary duty owed by any of the Defendants to the Plaintiffs, they fail to allege any breach of fiduciary duty, and fail to allege that they suffered any damages resulting therefrom. As they have clearly failed to allege any of the elements to support a claim for breach of fiduciary duty, Count One must be dismissed.

65.   The Plaintiffs next claim in the same Count One that *all* of the Defendants engaged in "unfair trade practices" and fraud. For this part of Count One, the Plaintiffs appear to be alleging that *all* of the Defendants "fraudulently induced" them to provide assistance and office space to *all* of the Defendants so that the Defendants could sign up new clients in Louisiana. They further claim that the Defendants never intended on paying them for this.

66.   The Plaintiffs however fail to allege most if not all of the elements of any such legal claim. They fail to allege that any false statement was made, that there was any reliance by the Plaintiffs on such false statement to their detriment, that the reliance was material, and that they suffered any damages resulting therefrom.

67.   They further fail to identify any specific statutory basis for either of these claims, or that any specific statute was violated by the Defendants.

68.  In looking at the specific facts alleged, they claim that *all* of the Defendants "induced" them into providing services when they never intended on paying them. They fail to allege however, what representations were made by all of the Defendants, or even one of the Defendants for that matter, as to what that payment would be. In order for there to be fraud, there has to be a false representation relied upon by the Plaintiffs. They do not properly allege any statement about compensation occurring related to these services. If there was no false representation, any claim for fraud would fail.[7]

69.  They further allege that these actions were done in violation of laws in both Florida and Louisiana governing unfair and fraudulent practices (Paragraph 45, Plaintiffs' Complaint). Yet, they fail to set forth which state laws they are proceeding under, which provisions thereunder were specifically violated, and which provisions permit statutory damages and/or common law damages.

70.  They then appear to "morph" a common law tortious interference with a business or contractual relationship claim" under Florida law into a statutory claim for violation of Florida's deceptive and unfair trade practices act, reference generally Louisiana unfair practices, and demand statutory damages and punitive damages related thereto. These allegation are virtually impossible to respond to as none of the elements for any of the causes of action that they are seeking appear to be alleged.

---

[7] As a Motion to Dismiss must assume for the purposes of this Motion only that all facts stated therein or true, the Defendants are fully prepared to defend on the merits of the claims including the fact that the Defendants were charged and paid rent for the use of office space and that the Defendant likewise offered to compensate the Plaintiffs for any time spent in an amount that well exceeded any reasonably hourly rate for such services. However, the Plaintiffs appear to be trying to use the attorneys participation agreement that relates solely to the objection and apply it to clients that they had nothing to do with.

71.     In sum, the Plaintiffs do not allege the elements for basically any of the separate claims that they have combined into Count One.  In failing to do so, it is difficult to fashion a response related thereto or decipher which laws, Florida or Louisiana, and which laws of those state specifically, the Plaintiffs are claiming were violated.

72.     They appear to be focused on alleged ethical violations by the Defendants, which the Defendants deny, and appear to be using these as a basis to recover monies from the Defendants for fees that they did not earn.  These tactics are improper and should be dealt with by the court accordingly.  If the Plaintiffs believe that the Defendants have engaged in any type of unethical conduct then there is a proper vehicle for them to pursue it.   The Defendants are fully prepared to defend against the same.

73.     Yet, the Plaintiffs are in fact attempting to use the alleged ethical violations as a way for their own personal financial gain.  They have incorporated the ethical violations into their fraud count and are seeking damages related thereto.

74.     In addition, due to the "ethical violations", they are seeking to take for themselves all of the attorneys fees that might be recovered in the future for the work performed by the Defendants, work which they did not perform.

75.     Finally, they appear to be asking the court to order that all agreements between the Defendants and their own clients be legally terminated. And further, that the Plaintiffs should be "appointed" counsel for all clients of the Defendants that reside in Louisiana so that they can obtain the fees from the work performed by the Defendants.

76.     These allegations do not form a valid cause of action under either Florida or Louisiana state law.  Putting aside the fact that they fail to specifically identify any

of the laws that they claim have been violated, at a minimum, the complaint must be dismissed for failure to state a cause of action as to any of the claims that they consolidated into Count One.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Notice of Appearance has been electronically filed with Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing to all parties of record on or about the date as set forth above.

I HEREBY CERTIFY that the above was sent via U.S. Mail on this 25th day of April, 2014 to: Melancon │Rimes, Jason L. Melancon, Robert C. Rimes, Rachel Abadie 8706 Jerfferson Hwy., Suite B Baton Rouge, LA 70809 jason@melanconrimes.com; Sterbcow Law Group, LLC, Marx D. Sterbcow 1734 Prytania Street New Orleans, LA 70130.

> Jeremy D. Friedman, Esq.
> The Downs Law Group, PA
> 3250 Mary Street, Suite 307
> Coconut Grove, FL 33133
> (305) 444-8226
> Attorney for Claimants
>
> __/s/ Jeremy Friedman___
> Jeremy D. Friedman
> Florida Bar # 134643

21