Filing # 8634789 Electronically Filed 12/27/2013 02:14:28 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO.:

STERBCOW LAW GROUP, LLC, a Foreign
Limited Liability Company and
MELANCON | RIMES, LLC, a Foreign Limited
Liability Company,

        Plaintiffs,

v.

THE DOWNS LAW GROUP, P.A., a Florida
Corporation, CRAIG T. DOWNS, individually,
JEREMY FRIEDMAN, individually, and
DANIEL PEREZ, individually,

        Defendants.

_____/

## COMPLAINT

    COME NOW, the Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited

Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, by

and through the undersigned attorneys, and sues Defendants, THE DOWNS LAW

GROUP, P.A., a Florida Corporation, CRAIG T. DOWNS, individually, JEREMY FRIEDMAN,

individually, and DANIEL PEREZ, individually, and as grounds therefore would state as

follows:

## PARTIES, JURISDICTION AND VENUE

1.      This is an action for damages in excess of seventy-five thousand dollars ($75,000), exclusive of interest, costs, and attorney's fees, and is above the jurisdictional limits of this Court.

2.      At all times material hereto, Plaintiff, STERBCOW LAW GROUP, LLC, (hereinafter "Plaintiff, STERBCOW"), a Foreign Limited Liability Company, was incorporated pursuant to the laws of Louisiana.

3.      At all times material hereto, Plaintiff, MELANCON | RIMES, LLC, (hereinafter "Plaintiff, MELANCON"), a Foreign Limited Liability Company, was incorporated pursuant to the laws of Louisiana.

4.      At all times material hereto, Defendant, THE DOWNS LAW GROUP, P.A. (hereinafter "Defendant, DOWNS"), was and is a Florida Corporation authorized to do business in the State of Florida, and in fact, doing business in Miami-Dade County, Florida.

5.      At all times material hereto, Defendant, CRAIG T. DOWNS (hereinafter "Defendant, CRAIG DOWNS"), was and is a resident of Florida.

6.      At all times material hereto, Defendant, JEREMY FRIEDMAN (hereinafter "Defendant, FRIEDMAN"), was and is a resident of Florida.

7.      At all times material hereto, Defendant, DANIEL PEREZ (hereinafter "Defendant, PEREZ"), was and is a resident of Florida.

8.      Venue is proper as all tortious acts complained of occurred substantially within the State of Florida, a substantial portion of which occurred in Miami-Dade

2

County, Florida. The Defendants reside within Miami-Dade County, Florida. Further, as evidenced by the agreement signed by the parties, the forum selection clause establishes that the laws of Florida and the Courts of Miami-Dade County shall have jurisdiction over any actions arising from this agreement. *See attached Exhibit A at ¶ 9.* As such, venue is just and proper in Miami-Dade County, Florida.

## FACTS COMMON TO ALL COUNTS

9.     On or about August 26, 2012, Plaintiffs, STERBCOW and MELANCON (hereinafter collectively "Plaintiffs"), entered into an "attorney participation agreement" with Defendant, DOWNS, by and through Defendants, CRAIG DOWNS, FRIEDMAN, PEREZ and/or other employees or agents. *See generally attached composite Exhibit A.* This agreement was drafted by Defendant DOWNS and executed by Plaintiff, STERBCOW, and was agreed to by Plaintiff, MELANCON, as evidenced by writing in the attached composite exhibit.     Further, through Defendant DOWNS conduct and performance under this contract this agreement was thereafter ratified.

10.     The agreement memorialized that Plaintiffs and Defendant, DOWNS, by and through Defendants, CRAIG DOWNS, FRIEDMAN, PEREZ and/or other employees or agents entered into joint representation wherein Plaintiffs would sponsor Defendant for *pro hac vice* status and perform legal duties as co-counsel for all clients related to "*In Re: Oil Spill by the Oil Rig 'Deepwater Horizon' in the Gulf of Mexico,* on April 20, 2010, Case No. MDL 2179" (hereinafter referred to as "BP Oil Spill" or "BP Class Action"). *See Exhibit A at ¶ 1.*

3

11.     The agreement specifically defines the course and scope of work to be performed by the Plaintiffs, and the compensation to be paid by the Defendants to Plaintiffs. This compensation was specifically enumerated as:

2.     COMPENSATION. As compensation for these services, Co–Counsel shall be entitled to receive *a percentage of recovery obtained by Downs Law Group, P.A. in the lawsuit described herein equivalent to the amount of 10%. See Exhibit A at ¶ 2.*

12.     Defendant, DOWNS, by and through Defendants, CRAIG DOWNS, FRIEDMAN, PEREZ and/or other employees or agents expressly identified agents of STERBCOW and MELANCON, Marx D. Sterbcow and Jason L. Melancon, respectively, as assisting DOWNS with the BP MDL Action on all client contracts.

13.     Plaintiffs have performed all obligations as set forth in paragraph one of this agreement. Furthermore, most of the parties' clients' claims are already before the subject claims' administration awaiting their settlement determination. Plaintiffs have exceeded the scope of their representation and are also the *pro hac vice* sponsors of Defendants in Louisiana where the BP litigation is venued.

14.     Defendant, DOWNS, by and through Defendants, CRAIG DOWNS, FRIEDMAN, PEREZ and/or other employees or agents, has refused to remit payment for Plaintiffs' earned ten (10) percent of the net recovery from the BP litigation settlement funds. Additionally, by their conduct Defendants intend not to pay Plaintiffs for future settlements which they are entitled a fee for. Plaintiffs are counsel of record in the subject BP litigation.

4

15.     Further, as a direct effort to deprive the Plaintiffs of their earned portion of this recovery resulting from the joint representation, Defendant, DOWNS, by and through Defendants, CRAIG DOWNS, FRIEDMAN, PEREZ and/or other employees or agents, has proceeded to send new letters and retainer agreements to each and every client involved in this matter and unilaterally, intentionally and falsely informed the joint clients that Plaintiffs are not their lawyers. Defendants have disparaged and defamed Plaintiffs to accomplish their goal of eliminating their obligation to pay the agreed fees.

16.     As a direct result of the actions of Defendant, DOWNS, by and through Defendants, CRAIG DOWNS, FRIEDMAN, PEREZ and/or other employees or agents, the Plaintiffs suffered monetary damages.

17.     All conditions precedent have been complied with, met and/or waived.

**COUNT I**
**BREACH OF CONTRACT OF DEFENDANT, DOWNS**

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

18.     Plaintiffs entered into an agreement with Defendant, DOWNS.

19.     Defendant, DOWNS, breached the terms of this agreement by refusing to pay the compensation as defined by paragraph two of this agreement to the Plaintiffs relating to all clients in the BP class action and by unilaterally terminating the contract.

20.     Defendant, DOWNS, is liable to Plaintiffs, STERBCOW and MELANCON for breach of contract.

5

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest in an amount to be determined after appropriate discovery plus interest, costs, attorney's fees, against Defendant, THE DOWNS LAW GROUP, P.A., a Florida Corporation, and demands trial by jury of all issues triable as a matter of right.

**COUNT II**
**TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP BY DEFENDANT, DOWNS**

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

21.    Plaintiffs and Defendant, DOWNS, entered into joint representation of all of DOWNS BP Oil Spill clients as evidenced by the agreement.  The engagement agreement does not limit the quantity of clients to which the engagement applies. *See generally Exhibit A.*

22.    Defendant, DOWNS, drafted this agreement and their managing partner and/or agent signed and/or executed this agreement. *See Exhibit A.*

23.    During the execution of their duties, Plaintiffs executed co-counsel contingent fee contracts with each of the jointly represented clients in the BP class action matter.

6

24.     Defendant, DOWNS, subsequent to the execution of this agreement, have required each and every client sign new retainer agreement which eliminate Plaintiffs as co-counsel on the replacement contracts.

25.     Plaintiffs are counsel of record in the Federal forum for these clients. They are the *pro hac vice* sponsors of Defendant, DOWNS, in that action. No motion to withdraw has been filed or ordered in that forum. Plaintiffs never authorized or knew about the unilateral clandestine acts of Defendant, DOWNS, to substitute contingent fee contracts for the original co-counsel contracts until the action was being performed by Defendant, DOWNS. No client has sent a discharge letter to Plaintiffs before the tortious actions by Defendants.

26.     As a direct result of these calculated actions of Defendant, DOWNS, the Plaintiffs will suffer significant monetary damages, the amount of which is not presently ascertainable, however, will be quantifiable through appropriate discovery.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest in an amount to be determined after appropriate discovery plus interest, costs, attorney's fees, punitive damages upon proffer pursuant to Florida Law, against Defendant, THE DOWNS LAW GROUP, P.A., a Florida Corporation, and demands trial by jury of all issues triable as a matter of right.

## COUNT III
## DEFAMATION BY DEFENDANT, DOWNS

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

27.    Defendant, DOWNS, has communicated with clients of Plaintiffs who were represented under executed co-counsel agreements.

28.    Defendant, DOWNS, falsely and intentionally informed BP class action clients, who were represented by Plaintiffs, that Plaintiffs were no longer their counsel.

29.    Defendant, DOWNS', false communications caused BP class action clients to execute new contingent fee agreements which no longer included Plaintiffs as counsel.

30.    Defendant, DOWNS, used these defamatory communications to take Plaintiffs' clients and to deprive Plaintiffs of their duly expected attorney's fees.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest, punitive damages upon proffer pursuant to Florida Law, against Defendant, THE DOWNS LAW GROUP, P.A., a Florida Corporation, and demands trial by jury of all issues triable as a matter of right.

## COUNT IV
## BREACH OF CONTRACT OF DEFENDANT, CRAIG T. DOWNS

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

31.   Plaintiffs entered into an agreement with Defendant, CRAIG DOWNS.

32.   Defendant, CRAIG DOWNS, breached the terms of this agreement by refusing to pay the compensation as defined by paragraph two of this agreement to the Plaintiffs relating to all clients in the BP class action and by unilaterally terminating the contract.

33.   Defendant, CRAIG DOWNS, is liable to Plaintiffs, STERBCOW and MELANCON for breach of contract.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest in an amount to be determined after appropriate discovery plus interest, costs, attorney's fees, against Defendant, CRAIG T. DOWNS, and demands trial by jury of all issues triable as a matter of right.

## COUNT V
### TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP BY DEFENDANT, CRAIG T. DOWNS

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

34.   Plaintiffs and Defendant, CRAIG DOWNS, entered into joint representation of all of Defendant, DOWNS, BP Oil Spill clients as evidenced by the agreement. *See generally Exhibit A.* The engagement agreement does not limit the quantity of clients to which the engagement applies. *See generally Exhibit A.*

9

35.     Defendant, CRAIG DOWNS, as an employee, agent and/or apparent agent of Defendant, DOWNS, entered into an agreement with Plaintiffs.

36.     During the execution of their duties, Plaintiffs executed co-counsel contingent fee contracts with each of the jointly represented clients in the BP class action matter.

37.     Defendant, CRAIG DOWNS, subsequent to the execution of this agreement, have required each and every client sign new retainer agreement which eliminate Plaintiffs as co-counsel on the replacement contracts.

38.     Plaintiffs are counsel of record in the Federal forum for these clients. They are the *pro hac vice* sponsors of Defendant, CRAIG DOWNS, in that action. No motion to withdraw has been filed or ordered in that forum. Plaintiffs never authorized or knew about the unilateral clandestine acts of Defendant, CRAIG DOWNS, to substitute contingent fee contracts for the original co-counsel contracts until the action was being performed by Defendant, CRAIG DOWNS. No client has sent a discharge letter to Plaintiffs before the tortious actions by Defendants.

39.     As a direct result of these calculated actions of Defendant, CRAIG DOWNS, the Plaintiffs will suffer significant monetary damages, the amount of which is not presently ascertainable, however, will be quantifiable through appropriate discovery.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest in an amount to be determined

after appropriate discovery plus interest, costs, attorney's fees, punitive damages upon proffer pursuant to Florida Law, against Defendant, CRAIG T. DOWNS, and demands trial by jury of all issues triable as a matter of right.

## COUNT VI
### DEFAMATION BY DEFENDANT, CRAIG T. DOWNS

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

40.     Defendant, CRAIG DOWNS, has communicated with clients of Plaintiffs who were represented under executed co-counsel agreements.

41.     Defendant, CRAIG DOWNS, falsely and intentionally informed BP class action clients, who were represented by Plaintiffs, that Plaintiffs were no longer their counsel.

42.     Defendant, CRAIG DOWNS, false communications caused BP class action clients to execute new contingent fee agreements which no longer included Plaintiffs as counsel.

43.     Defendant, CRAIG DOWNS, used these defamatory communications to take Plaintiffs' clients and to deprive Plaintiffs of their duly expected attorney's fees.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest, punitive damages upon proffer pursuant to Florida Law, against Defendant, CRAIG T. DOWNS, and demands trial by jury of all issues triable as a matter of right.

## COUNT VII
## BREACH OF CONTRACT OF DEFENDANT, JEREMY FRIEDMAN

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

44.     Plaintiffs entered into an agreement with Defendant, FRIEDMAN.

45.     Defendant, FRIEDMAN, breached the terms of this agreement by refusing to pay the compensation as defined by paragraph two of this agreement to the Plaintiffs relating to all clients in the BP class action and by unilaterally terminating the contract.

46.     Defendant, FRIEDMAN, is liable to Plaintiffs, STERBCOW and MELANCON for breach of contract.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest in an amount to be determined after appropriate discovery plus interest, costs, attorney's fees, against Defendant, JEREMY FRIEDMAN, and demands trial by jury of all issues triable as a matter of right.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP BY DEFENDANT, JEREMY FRIEDMAN

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

47.   Defendant, JEREMY FRIEDMAN, knew or should have known of the existence of the business relationship between Defendant, DOWNS, and Plaintiffs, STERBCOW and MELANCON.

48.   During the execution of their duties, Plaintiffs executed co-counsel contingent fee contracts with each of the jointly represented clients in the BP class action matter.

49.   Defendant, FRIEDMAN, subsequent to the execution of this agreement, have required each and every client sign new retainer agreement which eliminate Plaintiffs as co-counsel on the replacement contracts.

50.   Plaintiffs are counsel of record in the Federal forum for these clients. They are the *pro hac vice* sponsors of Defendant, FRIEDMAN, in that action. No motion to withdraw has been filed or ordered in that forum. Plaintiffs never authorized or knew about the unilateral clandestine acts of Defendant, FRIEDMAN, to substitute contingent fee contracts for the original co-counsel contracts until the action was being performed by Defendant, FRIEDMAN. No client has sent a discharge letter to Plaintiffs before the tortious actions by Defendants.

51.   As a direct result of these calculated actions of Defendant, FRIEDMAN, the Plaintiffs will suffer significant monetary damages, the amount of which is not presently ascertainable, however, will be quantifiable through appropriate discovery.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest in an amount to be determined

after appropriate discovery plus interest, costs, attorney's fees, punitive damages upon proffer pursuant to Florida Law, against Defendant, JEREMY FRIEDMAN, and demands trial by jury of all issues triable as a matter of right.

## COUNT IX
## DEFAMATION BY DEFENDANT, JEREMY FRIEDMAN

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

52.     Defendant, FRIEDMAN, has communicated with clients of Plaintiffs who were represented under executed co-counsel agreements.

53.     Defendant, FRIEDMAN, falsely and intentionally informed BP class action clients, who were represented by Plaintiffs, that Plaintiffs were no longer their counsel.

54.     Defendant, FRIEDMAN, false communications caused BP class action clients to execute new contingent fee agreements which no longer included Plaintiffs as counsel.

55.     Defendant, FRIEDMAN, used these defamatory communications to take Plaintiffs' clients and to deprive Plaintiffs of their duly expected attorney's fees.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest, punitive damages upon proffer pursuant to Florida Law, against Defendant, JEREMY FRIEDMAN, and demands trial by jury of all issues triable as a matter of right.

## COUNT X
## BREACH OF CONTRACT OF DEFENDANT, DANIEL PEREZ

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

56. Plaintiffs entered into an agreement with Defendant, PEREZ.

57. Defendant, PEREZ, breached the terms of this agreement by refusing to pay the compensation as defined by paragraph two of this agreement to the Plaintiffs relating to all clients in the BP class action and by unilaterally terminating the contract.

58. Defendant, PEREZ, is liable to Plaintiffs, STERBCOW and MELANCON for breach of contract.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest in an amount to be determined after appropriate discovery plus interest, costs, attorney's fees, against Defendant, DANIEL PEREZ, and demands trial by jury of all issues triable as a matter of right.

## COUNT XI
## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP BY
## DEFENDANT, DANIEL PEREZ

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

15

59.     Defendant, DANIEL PEREZ, knew or should have known of the existence of the business relationship between Defendant, DOWNS, and Plaintiffs, STERBCOW and MELANCON.

60.     During the execution of their duties, Plaintiffs executed co-counsel contingent fee contracts with each of the jointly represented clients in the BP class action matter.

61.     Defendant, PEREZ, subsequent to the execution of this agreement, have required each and every client sign new retainer agreement which eliminate Plaintiffs as co-counsel on the replacement contracts.

62.     Plaintiffs are counsel of record in the Federal forum for these clients. They are the *pro hac vice* sponsors of Defendant, PEREZ, in that action. No motion to withdraw has been filed or ordered in that forum. Plaintiffs never authorized or knew about the unilateral clandestine acts of Defendant, PEREZ, to substitute contingent fee contracts for the original co-counsel contracts until the action was being performed by Defendant, PEREZ. No client has sent a discharge letter to Plaintiffs before the tortious actions by Defendants.

63.     As a direct result of these calculated actions of Defendant, PEREZ, the Plaintiffs will suffer significant monetary damages, the amount of which is not presently ascertainable, however, will be quantifiable through appropriate discovery.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest in an amount to be determined

after appropriate discovery plus interest, costs, attorney's fees, punitive damages upon proffer pursuant to Florida Law, against Defendant, DANIEL PEREZ, and demands trial by jury of all issues triable as a matter of right.

## COUNT XII
## DEFAMATION BY DEFENDANT, DANIEL PEREZ

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

64.     Defendant, PEREZ, has communicated with clients of Plaintiffs who were represented under executed co-counsel agreements.

65.     Defendant, PEREZ, falsely and intentionally informed BP class action clients, who were represented by Plaintiffs, that Plaintiffs were no longer their counsel.

66.     Defendant, PEREZ, false communications caused BP class action clients to execute new contingent fee agreements which no longer included Plaintiffs as counsel.

67.     Defendant, PEREZ, used these defamatory communications to take Plaintiffs' clients and to deprive Plaintiffs of their duly expected attorney's fees.

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court award compensatory damages plus interest, punitive damages upon proffer pursuant to Florida Law, against Defendant, DANIEL PEREZ, and demands trial by jury of all issues triable as a matter of right.

## COUNT XIII
## INJUNCTIVE RELIEF

Plaintiffs reallege and reaver paragraphs 1–17 as if fully set forth herein and further state as follows:

68.     Plaintiffs have been co-counsel for claims of all BP class action clients for all times material hereto.

69.     Plaintiffs and Defendants, DOWNS, CRAIG T. DOWNS, FRIEDMAN, and PEREZ (collectively "Defendants"), have executed valid engagement agreements. Plaintiffs have fully performed all obligations entitling them to fees.

70.     All clients are presently positioned to receive settlement determinations from the settled class action.

71.     Defendants have wrongfully denied the right of Plaintiffs to receive the contracted share owed.

72.     With approximately 1700 clients, fees if distributed only to Defendants, before determination of this matter, would be highly prejudicial to Plaintiffs and may render it impossible for Plaintiffs to recover their rightful share. This creates irreparable harm.

73.     Plaintiffs have no adequate remedy at law because the acts of Defendants will continue in the future unless restrained. Defendants are irreparably harming Plaintiffs if these monies are distributed since Plaintiffs will be unable to recover the fees that are rightfully theirs. Further, the continued actions on part of Defendants will result in destruction of Plaintiffs' business and good will.

18

WHEREFORE, Plaintiffs, STERBCOW LAW GROUP, LLC, a Foreign Limited Liability Company, and MELANCON | RIMES, LLC, a Foreign Limited Liability Company, request this Court enter an injunction requiring all fees generated from the BP clients' settlements be placed into a separate trust account or these funds be placed into the Court's registry until this matter is resolved by settlement or judicial action.

Submitted on this **27th** day of **December, 2013**.

> THE MCKEE LAW GROUP LLC
> Attorney for **Plaintiffs**
> 17150 Royal Palm Blvd., Suite 1
> Weston, FL 33327
> Phone:    (954) 888-9877
> Fax:      (954) 217-0150
>
>
> BY:___/s/ Robert J. McKee_____
>     ROBERT J. MCKEE, ESQUIRE
>     Florida Bar Number: 972614
>     rmckee@themckeelawgroup.com
>     MARY LUZ RODRIGUEZ ALVAREZ, ESQUIRE
>     Florida Bar Number: 106636
>     mrodriguez@themckeelawgroup.com

## ATTORNEY PARTICIPATION AGREEMENT

This Attorney Participation Agreement (Agreement) is made this ___26ᵗʰ___ day of August, 2012, Downs Law Group, P.A. (Downs") and Sterbcow Law Group/Melancon Rimes (jointly "Co-Counsel").

**1. DESCRIPTION OF SERVICES.** Co-Counsel agrees to provide certain professional services to Downs and certain clients of Downs that have claims in the action styled In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, Case No. MDL 2179 ("lawsuit"). The services to be provided by Co-Counsel shall be limited to the following:

A. The filing of objections on behalf of various potential class members in relation to the above described lawsuit. These objections shall be provided to Co-Counsel for filing with the E.D. of Louisiana by Downs prior to August 21, 2012 and Co-Counsel agrees to file these objections accordingly prior to this date upon receipt.

B. The filing of a motion for pro hac vice, a motion which will be provided by Downs, for the purposes of permitting Jeremy Friedman to appear in the E. D. of Louisiana on behalf of the various clients.

C. Appearing on behalf of the clients along with Downs at the Final Fairness Hearing on November 8, 2012. Co-Counsel, upon request by Downs with notice, may further be requested to assist in the presentation of the oral argument at such hearing in relation to the objections filed as stated above.

D. Appearing on behalf of the clients along with Downs at any subsequent Attorneys' Fee Hearing, upon request, and if applicable.

**2. COMPENSATION.** As Compensation for these services, Co-Counsel shall be entitled to receive a percentage of the recovery obtained by Downs Law Group, P.A. in the lawsuit described herein equivalent to the amount of 10%.

**3. ADDITIONAL SERVICES** In the event that Co-Counsel is requested to perform work in addition to that set forth in paragraph (1), the percentage set forth in paragraph (2) shall be adjusted accordingly to reflect the same. Co-Counsel is under no obligation, however, to perform any additional services but for that which is set forth above and reserves the right to decline request by Downs regarding the same.

**4. RELATIONSHIP OF PARTIES.** It is understood by the parties that Co-Counsel is an independent contractor with respect to the services being performed pursuant to this Agreement and is not an employee of Downs. Downs will not provide fringe benefits, including, but not limited to, health insurance benefits, paid vacation, or any other employee benefit for the benefit of Co-Counsel. Co-Counsel further understands that Co-Counsel is responsible for all payroll



EXHIBIT

A

and/or self employment taxes incurred as a result of receiving any payments and/or compensation pursuant to this Agreement. Notwithstanding the foregoing, by executing this Agreement Co-Counsel agrees to act in the best interests of Downs at all times while performing work pursuant to this Agreement.

**5. WORK PRODUCT OWNERSHIP.** Any ideas, discoveries, innovations, improvements, developments, methods, designs, analysis, drawings, reports, presentations, layouts, photographic illustrations and all similar or related information which relate to In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, which are conceived, developed or made by Co-Counsel at anytime arising out of the performance of this Agreement or thereafter as a result of work performed pursuant to this Agreement shall be regarded as having been made and held by Co-Counsel solely for the benefit of Downs and shall be the exclusive property of Downs. Upon request, Co-Counsel shall sign all documents necessary to confirm or perfect the exclusive ownership of Downs to the foregoing work product.

**6. CONFIDENTIALITY.** Co-Counsel will not at any time or in any manner, either directly or indirectly, use for the personal benefit of Co-Counsel or divulge, disclose, or communicate in any manner to any third party any information that is confidential or proprietary of Downs or utilize confidential information for any purpose except in the normal course of the work performed pursuant to this Agreement. Co-Counsel agrees to protect such information and treat it as strictly confidential. This provision shall continue to be effective after the completion of all work and/or services performed by Co-Counsel. Upon completion of said work/services, Co-Counsel will return to Downs all confidential information in its possession. For purposes of this Agreement, Confidential information means knowledge, information and material to which is proprietary to Downs of which Co-Counsel obtains knowledge of as a result of work performed pursuant to this Agreement. Notwithstanding the foregoing, any information which is generally available or known to the public other than as a result of a breach of this provision shall not constitute confidential information for purposes of this Agreement.

**7. ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties, and there are no other promises or conditions in any other agreement whether oral or written.

**8. SEVERABILITY.** If any provision of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**9. GOVERNING LAW/JURISDICTION.** This Agreement shall be governed by and interpreted under the laws applicable in the state of Florida. All parties to this Agreement, hereby submit to the jurisdiction of all courts located in Miami-Dade County, Florida with respect to any action or proceeding arising out of this Agreement and hereby waive any venue or other objection which it may have to any such action or proceeding being brought in any court located in Miami-Dade County, Florida.

**10.  ATTORNEYS FEES** To the extent that it is necessary for any party to this Agreement to institute litigation to seek enforcement of the terms and conditions of same, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs including, but not limited to, any appellate attorney's fees and costs.

By: _____
Sterbcow Law Group ("Co-Counsel")

Name:  MArx Sterbcow _____

Date:  8/26/12 _____


By: _____
Melancon Rimes ("Co-Counsel")

Name: _____

Date: _____


By: _____
Downs Law Group ("Downs")

Name: _____

Date: _____

**From:** Jason Melancon
**Sent:** Sunday, August 26, 2012 9:58 PM
**To:** Jeremy
**Cc:** Marx Sterbcow; craig downs
**Subject:** Re: Sample Joint Participation & Association Counsel Contract

Jeremy

I agree to the provisions.  I'm likely leaving first thing tomorrow morning.
Jason

Sent from my iPhone

On Aug 26, 2012, at 9:03 PM, "Jeremy" <jfriedman@downslawgroup.com> wrote:

Thanks Marx.

Good luck with the storm preparations...  I will call you tomorrow on your cell to tell you where we are with the objections, etc.

Jeremy

Jeremy D. Friedman, Esq.
<image002.jpg>
**Broward**
Whispering Woods Center
7401 Wiles Road, Suite 209
Coral Springs, Florida 33067
T. 954-753-8311 (Direct)
T. 305-444-8226
F. 305 444-6773
e-mail: jfriedman@downslawgroup.com
Website: www.downslawgroup.com


**Miami-Dade**
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
T. 305-444-8226
F. 305-444-6773
e-mail: jfriedman@downslawgroup.com
Website: www.downslawgroup.com

\*\*\*Confidentiality and Privilege Notice\*\*\*

This email is intended only to be read or used by the addressee. It is confidential and may contain legally privileged information. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone, and you should destroy this message and kindly notify the sender by reply email. Confidentiality and legal privilege are not waived or lost by reason of mistaken delivery to you.


**From:** Marx Sterbcow [mailto:marx@sterbcowlaw.com]
**Sent:** Sunday, August 26, 2012 10:01 PM
**To:** Jeremy Friedman
**Cc:** craig downs; 'Melancon Jason'
**Subject:** RE: Sample Joint Participation & Association Counsel Contract

Jeremy:
Here is my signed copy of the Joint Participation Agreement.  Jason—can you sign it before you evacuate as well or just confirm via email and sign/send it back it when you get back to your office from your evacuation.

Marx

**From:** Jeremy [mailto:jfriedman@downslawgroup.com]
**Sent:** Sunday, August 26, 2012 8:37 AM
**To:** Marx Sterbcow
**Cc:** 'craig downs'; 'Melancon Jason'
**Subject:** RE: Sample Joint Participation & Association Counsel Contract

Hey Marx,

2

We are hopeful to have it ready by Monday night or Tuesday morning at the latest. If you do have to evacuate, would you have access to email? The reason I ask this is that, worst case scenario, if you can review the objections once we send it and then approve it, we can then file it electronically from here on behalf of everyone.

I am not sure if any deadlines would be moved and we probably don't want to take the chance.

Jeremy

**Jeremy D. Friedman, Esq.**
<image003.jpg>
**Broward**
Whispering Woods Center
7401 Wiles Road, Suite 209
Coral Springs, Florida 33067
T. 954-753-8311 (Direct)
T. 305-444-8226
F. 305 444-6773
e-mail: jfriedman@downslawgroup.com
Website: www.downslawgroup.com


**Miami-Dade**
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
T. 305-444-8226
F. 305-444-6773
e-mail: jfriedman@downslawgroup.com
Website: www.downslawgroup.com

***Confidentiality and Privilege Notice***

This email is intended only to be read or used by the addressee. It is confidential and may contain legally privileged information. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone, and you should destroy this message and kindly notify the sender by reply email. Confidentiality and legal privilege are not waived or lost by reason of mistaken delivery to you.

**From:** Marx Sterbcow [mailto:marx@sterbcowlaw.com]
**Sent:** Sunday, August 26, 2012 6:37 AM
**To:** Jeremy Friedman
**Cc:** craig downs; Melancon Jason
**Subject:** Re: Sample Joint Participation & Association Counsel Contract

Guys:
Based on the Hurricane projections this morning can you give us an ETA on when you send docs? What happens if mandatory evac is ordered for New Orleans will deadlines move back or will they be firm?
Marx

Sent from my iPhone

On Aug 25, 2012, at 9:52 PM, "Jeremy" <jfriedman@downslawgroup.com> wrote:

Marx,

3

Here is the Co-Counsel agreement with the terms we discussed.  It is it ok, please sign it and email it back to us for our records.  If you have any changes or additions please tell me.

Appreciate it.

Jeremy

**Jeremy D. Friedman, Esq.**
<image001.jpg>
**Broward**
Whispering Woods Center
7401 Wiles Road, Suite 209
Coral Springs, Florida 33067
T. 954-753-8311 (Direct)
T. 305-444-8226
F. 305 444-6773
e-mail: jfriedman@downslawgroup.com
Website: www.downslawgroup.com


**Miami-Dade**
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
T. 305-444-8226
F. 305-444-6773
e-mail: jfriedman@downslawgroup.com
Website: www.downslawgroup.com

***Confidentiality and Privilege Notice***

This email is intended only to be read or used by the addressee. It is confidential and may contain legally privileged information. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone, and you should destroy this message and kindly notify the sender by reply email. Confidentiality and legal privilege are not waived or lost by reason of mistaken delivery to you.


<Attorney Participation Agreement.pdf>