UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG ) | MDL NO: 2179 |
| | "DEEPWATER HORIZON" IN ) | |
| | THE GULF OF MEXICO, ON ) | SECTION: J |
| | APRIL 20, 2010 ) | |
| | ) | |
| Relates to: 2:14-cv-657 | ) | Judge Barbier |
| | ) | Mag. Judge Shushan |
| | ) | |
| | ) | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO DISMISS

COMES NOW, Defendants Downs Law Group, P.A., Craig T. Downs, Jeremy D. Friedman, and Daniel Perez, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6), hereby file their Memorandum of Law in Support of their Joint Motion to Dismiss.

### *I. The parties forum selection clause in the attorneys participation agreement is enforceable*

As set forth in the Motion to Dismiss, the Plaintiffs have attached to their complaint the attorneys participation agreement. They have claimed that the Defendants breached the agreement by failing to pay them in accordance with its terms. They have further attached the agreement to the Complaint and incorporated the terms therein, including the forum selection clause at issue. According to paragraph 9 of the agreement:

> 9. GOVERNING LAW/JURISDICTION This agreement shall be governed by and interpreted under the laws applicable in the state of Florida. All parties to this Agreement, hereby submit to the jurisdiction of all courts located in Miami-Dade County, Florida with respect to any action or proceeding arising out of this Agreement and hereby waive any venue or other objection which it may have to any such action or proceeding being brought in any court located in Miami-Dade County, Florida.

This clause was a material part of the consideration provided by the Plaintiffs to the Defendant Downs.

As set forth in *Employers Mutual Casualty Company v. Iberville Parish School Board,* 2013 U.S. Dist. LEXIS 33119 (M.D. La 2013):

> Generally, under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a "'heavy burden of proof.'" Where a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be brought in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable.

In the case of *City of New Orleans v. National Service Cleaning Corp.* 1996 U.S. Dist. Lexis 10637 (E.D. La. 1996) a case involving a breach of contract on an asbestos abatement project, the forum selection clause stated that "[t]he contractor hereby consents to and stipulates to the personal jurisdiction and venue of the Civil District Court for the Parish of Orleans." The court held that this language was specific to personal jurisdiction and venue, and therefore foreclosed the defendant's right to remove the case to federal court.

In the instant case, as in *City of New Orleans,* there is a breach of contract alleged by the Plaintiffs. The forum selection clause likewise specifically states that the Plaintiffs consent to both the jurisdiction in Miami-Dade County Circuit Court as well as venue. This language would thus foreclose the rights of the Plaintiffs herein to file the instant claims anywhere but that jurisdiction.

The facts of this case support dismissal due to the forum selection clause even more so such that the Plaintiffs confirmed its validity by filing their initial suit in Miami-Dade County, Florida pursuant to Case No. 13-039679 CA 01. In their state court complaint, which is attached hereto, the Plaintiff alleged that venue was proper in the court due to the following:

    A. The forum selection clause:

    B. All tortious acts occurred substantially in Miami-Dade County, Florida

    C. All Defendants reside in Miami-Dade County, Florida

The Defendant Downs responded by admitting the above to be true in its pleadings and accepting the court's jurisdiction of the matter and the Plaintiff's choice of venue. As such the Plaintiffs should now be judicially estopped from claiming that the facts supporting the claims filed herein, which are the same and/or similar claims arising out of the identical set of facts and circumstances, would require venue to be set in a different location.

The court in *Arthur J. Gallagher & Company v. Clayton Babcock, et. al.*, 703 F. 3d 284 (5th Cir. 2012) described the doctrine of judicial estoppel as follows:

> Judicial estoppel is an equitable doctrine, invoked at the court's discretion, that is designed to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Louisiana and the Fifth Circuit apply this doctrine only if the party's position is clearly inconsistent with its position in a previous case, and if the court accepted the party's previous position. *See Miller v. Conagra, Inc.*, 991 So.2d 445, 452 (La. 2008) (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)).

In the instant case the doctrine of judicial estoppel should be applied to issue of the enforceability of the forum selection clause. As set forth in the attached Florida state court complaint, the Plaintiffs alleged a valid forum selection clause that required venue to be in Miami-Dade County, Florida. They similarly alleged that all tortious acts occurred substantially in this locale. The Defendant Downs answered the complaint and admitted these allegations to be true. As such, the court in Florida was bound to accept both parties' position that venue was proper in Miami-Dade County, Florida for the reasons stated in the Complaint. (See attached Complaint and Answer from Case No. 13-039679 CA 01)

Finally, not only did the court accede to the Plaintiffs allegation that venue was proper in Miami-Dade County, Florida, but the Plaintiffs and the Defendants thereafter engaged in a substantial amount of discovery in the case including depositions, document requests, subpoenas, etc. The Plaintiffs are even attempting to use materials obtained in discovery from the case in Florida in the instant proceedings.

The Plaintiffs may attempt to claim that the Defendants took a position in the Florida case that the underlying agreement at issue is void and unenforceable. That argument fails on two accounts. First, the Plaintiffs herein are seeking to enforce the agreement. They cannot seek to enforce the agreement on the one hand and simultaneously claim the agreement is void and thus the forum selection clause is inapplicable. Second, the Defendant Downs' position in the Florida case was that the agreement is valid. However, if it is interpreted in the way that the Plaintiffs may attempt to do so, then other laws in Florida would prevent the Plaintiffs from recovery, i.e. disclosure to the clients, etc. The agreement itself as to recovery of a fee for a successful objection would remain valid.[1].

Finally, the Plaintiffs may claim that the settlement agreement provisions would require this case to be adjudicated in the instant court. As explained previously, the settlement provision the Plaintiffs may rely upon, i.e. XXVII, relates solely to the parties to the litigation, their counsel, and the class members. None of these individuals or entities are parties in the instant dispute. Moreover, the provision of exclusivity of jurisdiction relates to matters relating to the terms of the settlement agreement itself. The dispute at issue is between two law firms

---

[1] In Florida, parties may plead in the alternative. *Dichristopher v. Board of County Commissioners*, 908 So. 2d 492 (Fla. 5th DCA 2005) This does not extend however, to venue which the Plaintiffs affirmatively stated the forum selection clause was valid and enforceable and thus venue was proper in Miami-Dade County, Florida.

concerning a separate and distinct attorneys participation agreement. The settlement agreement is silent as to any such jurisdiction as to the circumstances herein. As this matter neither includes the parties set forth in the provision or the subject matter, it would have no applicability to the Plaintiffs' claims and should be rejected as a basis to establish venue and/or jurisdiction herein.[2]

As stated above, it is a "heavy burden" for the Plaintiffs to overcome a forum selection clause. *Employers Mutual Casualty Company v. Iberville Parish School Board*, 2013 U.S. Dist. LEXIS 33119 (M.D. La 2013) In this case, that burden is clearly not met. The clause is specific consideration given to the Defendants by the Plaintiffs, the Plaintiffs admitted the clause is valid, admitted that substantially all of the events related to the issues in their complaint arose in Miami-Dade County, Florida, both parties agreed to this in that case, and the court therein accepted jurisdiction and venue. There is no basis or reason why the claims should not have continued in Miami-Dade County, Florida other then the Plaintiffs attempt to "forum shop" their claims to the instant jurisdiction in effort to obtain a better result. For this reason, this court should dismiss all claims accordingly.

## *II. This court lacks personal jurisdiction over the Defendants*

This court lacks personal jurisdiction over the Defendants. As to Defendant Downs, the forum selection clause clearly and unequivocally states that jurisdiction if proper in Miami-Dade County, Florida. For the reasons stated above, jurisdiction is lacking herein.

As t the individual Defendants, i.e. Craig Downs, Jeremy Friedman, and Daniel Perez,

---

[2] Were the court to interpret the clause in the settlement agreement to require exclusive jurisdiction over any claim that involved a BP client, regardless of whether they were parties to the settlement agreement, it would open itself up to accepting thousands of claims across the country involving internal fee disputes, contractual disputes, tangential injury claims, and related matters that have nothing to do with the settlement agreement or actual parties thereto.

the court must apply the following test:

> A defendant is subject to personal jurisdiction when: (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the *Due Process Clause of the Fourteenth Amendment. Moncrief Oil Int'l v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007).* As "the limits of the Louisiana long-arm statute are coextensive with constitutional due process limits," the Court need only consider whether subjecting the parties to personal jurisdiction comports with the *Due Process Clause. Walk Haydel, Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 242-43 (5th Cir. 2008)* (citing *A & L Energy, Inc. v. Pegasus Grp., 00-3255 (La. 6/29/01); 791 So. 2d 1266, 1270).*

*The Due Process Clause of the Fourteenth Amendment* guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful "contact, ties, or relations with the forum state. *Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945).* Where a defendant has "continuous and systematic general business contacts" with the forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984),* the court may exercise "general" jurisdiction over any action brought against that defendant. *Id. at 414, 104 S.Ct. 1868 n. 9.* Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Id. at 414, 104 S.Ct. 1868 n. 8.*

"The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.' " *Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F.3d 579, 584 (5th Cir. 2010)* (quoting *Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008)).* "To confer general jurisdiction, a defendant must have a business presence in the forum state." *Id.* (citing *Access Telecom, Inc. v. MCI Telecomm. Corp., 197 F.3d 694, 717 (5th Cir. 1999)).* In the instant matter, there is no allegation that any of the individual Defendants have continuous and

systemic contacts in the state of Louisiana. There is no allegation that any of the individual Defendants have a business presence in the state. There is likewise no evidence that any of the individual Defendants had any type of continuous and systematic contacts in the state that would confer jurisdiction over their persons. As stated above, it was in fact contemplated by all parties that any suit or claim arising out of the only contract between the parties would be brought in Florida. The Plaintiffs clearly understood at the time of entering into the agreement that if they wanted to pursue the Defendant Downs and/or its employees that Florida was the correct forum. This understanding is further evidenced by the fact that the Plaintiffs filed the same or similar claims in Florida seeking to enforce the same clause that would require dismissal herein. For this reason, general jurisdiction is inapplicable.

As to specific jurisdiction, this argument would likewise fail. "Due process in the specific personal jurisdiction context requires the defendant have "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice." *Luv n' care,* 438 F.3d at 469 (quoting *Int'l* [*17] *Shoe Co.,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). "Specific personal jurisdiction is claim-specific."A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim. . . . [T]he *Due Process Clause* prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 274-75 (5th Cir. 2006).

Here, the claims alleged involve a breach of contract with a forum selection clause that states that the Plaintiffs waive jurisdiction as to any other court excluding Miami-Dade County, Florida. The parties entered into this agreement after and with full knowledge of the settlement agreement created in May, 2012. The parties were attorneys and well aware of the rights that they were

waiving. As such, for the breach of contract claim, specific jurisdiction is lacking.

Similarly, the other claims Plaintiffs attempt to assert are breach of fiduciary duty, unfair trade practices, and fraud. The evidence attached hereto shows that the Plaintiffs alleged in paragraph 8 of its Complaint in Case No. 13-039679 CA 01 the following:

> all tortious acts complained of occurred substantially within the State of Florida, a substantial portion of which occurred in Miami-Dade County, Florida.

For this reason, the Plaintiffs cannot claim that the actions sounding in tort alleged herein would denote specific jurisdiction over the individual Defendants in the state of Louisiana as the evidence demonstrates that substantially all such actions took place elsewhere, i.e. Miami-Dade County, Florida.

Upon the foregoing, this court lacks personal jurisdiction over any of the named Defendants and the claims of the Plaintiffs must be dismissed accordingly.

### *III. The Plaintiffs have failed to state a cause of action for any of the claims alleged in the Complaint*

As stated above, the Plaintiffs have alleged breach of contract, breach of fiduciary duty, unfair trade practices and fraud. The contract at issue which the Plaintiffs attach to the Complaint states that Florida law should govern the agreement between the parties. In addition as the other causes of action arise out of and/or are related to the contractual agreement between the parties, Florida law would likewise govern. Finally, the Plaintiffs allege in their Complaint herein that Florida law and/or Louisiana law would govern the unfair trade practices and fraud claims (Paragraph 45, Plaintiff's Complaint). For these reasons, the Defendants assert that Florida law would govern all claims alleged by the Plaintiffs.

The Plaintiff has failed to allege the proper elements of a breach of contract claim. "A

cause of action for breach of contract has three elements: (1) a valid contract, (2) a material breach, and (3) damages." *Havens, DDS v. Coast Florida*, 117 So. 3d. 1179 (Fla. 2nd DCA 2013). Here the Plaintiffs have failed to allege that there was any material breach of the agreement and/or that they suffered damages resulting from the material breach. For this reason dismissal is proper.

In addition, the Plaintiffs appear to be claiming breach of contract against the individual Defendants who are non-parties to the agreement. The Third DCA in *Blue Supply Corp. v. Novos Electro Mechanical, Inc.*, 990 So. 2d 1157 (Fla. 3rd DCA 2008) was faced with the same situation involving a claim for breach of contract. In *Blue Supply*, the parties had an agreement for the replacement of a cooling tower at a condominium. The Plaintiff therein brought suit against the entity on the contract and attached the contract to the complaint. In addition, the Plaintiff brought a claim against the owner of the Defendant for breach of the same agreement. The court in *Blue Supply* held the following:

> However, the contract attached to the complaint as well as the concession of Blue Supply's counsel at oral argument establish that Carlos Novos was not a party to the Blue Supply/Novos Electro Mechanical contract. Because of this inconsistency, any claims against Novos, individually, predicated on the existence of a contract between Carlos Novos and Blue Supply must be viewed as properly dismissed. *See Harry Pepper & Assocs., Inc. v. Lassiter*, 247 So. 2d 736, 736 (Fla. 3d DCA 1971)

The court in *Blue Supply* thus dismissed all claims against the individual Defendant because the contract attached to its complaint failed to include the individual officer as a party thereto. In the instant case, the contract attached to the Complaint does not include any individual Defendant. For this reason, it cannot be enforced against them and the claims must be dismissed.

As to breach of fiduciary duty, the Plaintiffs have likewise failed to allege that the Defendants owed any type of fiduciary duty to the Plaintiffs and/or what those duties were, let

alone a breach that cause such damages. *Pattern v. Winderman*, 965 So. 2d 1222 (Fla. 4th DCA 2007) For these reasons this claim must also be dismissed.

As to unfair trade practices, the Plaintiffs have failed to state a cause of action under Florida law. In Florida "unfair trade practices" is codified pursuant to Florida Statute §501.204. It states that it shall be unlawful to "engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." The Plaintiffs have failed to allege the statute that they are proceeding under and further failed to allege that any of the acts of the Defendants amount to the prohibitions set forth by the statute. As such this claim must be dismissed as well.

Finally, the Plaintiffs have alleged fraud. In order to state a claim for fraud the Plaintiff must allege the following:

> (1) the defendants misrepresented a material fact; (2) the defendants knew or should have known that the representation was false; (3) the defendants intended that the misrepresentation would induce the plaintiff to sign the document; and (4) plaintiff signed the agreement in justifiable reliance on the misrepresentation; and (5) plaintiff was injured. *Addison v. Carbollosa*, 48 So. 3d 951 (Fla. 3rd DCA 2010)

The Plaintiffs have not alleged any of these elements or any facts supporting any of these elements. Rather, the Plaintiffs simply state that "fraud" has been committed. Without alleging the proper elements of fraud the claims must be dismissed.

### *IV. Conclusion*

In sum, the proper venue for these claim is in Miami-Dade County, Florida where the Plaintiffs first filed their claims pursuant to the forum selection clause, this court lacks personal jurisdiction over all of the Defendants, and the Plaintiffs have failed to allege almost all of the elements for the claims that they have consolidated into Count One. For this reason, the Motion to Dismiss should be granted.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Notice of Appearance has been electronically filed with Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing to all parties of record on or about the date as set forth above.

I HEREBY CERTIFY that the above was sent via U.S. Mail on this 25th day of April, 2014 to: Melancon | Rimes, Jason L. Melancon, Robert C. Rimes, Rachel Abadie 8706 Jerfferson Hwy., Suite B Baton Rouge, LA 70809 jason@melanconrimes.com; Sterbcow Law Group, LLC, Marx D. Sterbcow 1734 Prytania Street New Orleans, LA 70130.

                                                              Jeremy D. Friedman, Esq.
                                                              The Downs Law Group, PA
                                                              3250 Mary Street, Suite 307
                                                              Coconut Grove, FL 33133
                                                              (305) 444-8226
                                                              Attorney for Claimants

                                                              __/s/ Jeremy Friedman___
                                                              Jeremy D. Friedman
                                                              Florida Bar # 134643