# IN RE: DEEPWATER HORIZON LITIGATION
## MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards, LLC | Herman, Herman & Katz, LLC |
| 556 Jefferson St., Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| E-Mail: jmr@wrightroy.com | E-Mail: Sherman@hhklawfirm.com |
| Telephone: (337) 233-3033 | Telephone: (504) 581-4892 |
| Direct: (337) 593-4190 | Direct: (504) 680-0554 |
| Fax: (337) 233-2796 | Fax: (504) 561-6024 |

December 16, 2013

*Via* **E-Mail**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re: Ali Salman / Gulf Coast Representation

Dear Judge Shushan,

Ali Salman, of Gulf Coast Representation in Panama City, is apparently either a Claimant in the Court-supervised Settlement Program and/or "represents" other claimants who have submitted claims. Mr. Salman and his company are represented by Clay Reiner, of Miami. Their contact information is contained herein.

Mr. Salman apparently has complaints regarding the Court-supervised Settlement Program, and has contacted my office repeatedly. I understand that he has also frequently contacted Mr. Juneau, BrownGreer, Stanley Reuter, and the DHECC Staff. We understand and respect the desire to have legitimate questions reasonably addressed, but neither my office nor the Settlement Program should be subject to what might be characterized as harassment or abuse.

In the hopes of avoiding any type of formal motion practice, it might be helpful for Your Honor to convene a Status Conference with Mr. Salman and his counsel, in order to discuss.

December 16, 2013
Page -2-

    I believe that the relevant contact information for Mr. Salman and Mr. Reiner is:

> Mr. Ali Salman
> Gulf Coast Representation LLC.
> 521 Richard Jackson Blvd
> Panama City Beach Fl 32407
> Phone: (855) 724-3257
> Fax No. (855) 724-3257
> E-Mail: Ali@GulfCoastRepresentation.Com
>
> Samuel B. "Clay" Reiner, II, Esq.
> Reiner & Reiner, P.A.
> 9100 S. Dadeland Blvd., Suite 901
> Miami, Florida 33156-7815
> Phone: (305) 670-8282
> Fax No. (305) 670-8989
> E-Mail: sbr@reinerslaw.com

    As always, we appreciate the Court's time and consideration in this matter.

                                      Respectfully submitted,

                                       /s/ Steve Herman
                                    STEPHEN J. HERMAN


cc: James Parkerson Roy, Esq.
    Mr. Ali Salman
    Samuel B. "Clay" Reiner, Esq.
    Patrick A. Juneau, Esq.
    Richard C. Stanley, Esq.

# STANLEY, REUTER, ROSS THORNTON & ALFORD, LLC

RICHARD C. STANLEY

OUR FILE NO. 60,976

909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069

December 20, 2013

**VIA ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re: **Ali Salman / Gulf Coast Representation**

Dear Judge Shushan:

In response to Mr. Herman's letter of December 16, 2013 regarding the above-referenced matter, we write to provide the Court with additional information and to join Mr. Herman's request for the Court to convene a status conference with Mr. Salman and his counsel. As explained more fully herein, we believe Mr. Salman should be instructed to refrain from contacting employees and representatives of the Claims Administrator's Office, the Deepwater Horizon Court Supervised Settlement Program ("Program") Vendors, and the law firm Juneau David, PLC, unless through his counsel.

By way of background, the Program allows only lawyers and law firms to serve as full representatives of claimants in the Program. While accountants, tax preparation companies, claims adjusters, and others have formed claims preparation firms for the purposes of assisting claimants in submitting claims, the Program does not allow such claims preparation firms the ability to perform all of the roles that a *pro se* claimant or an authorized lawyer for a claimant can perform. For example, the Program has created a secure web-based Portal for *pro se* claimants and represented claimants' attorneys to submit, access and edit information needed to process claims for the Program, such as registration forms, claim forms, and supporting documents. Attorneys also receive notices issued by the Program on the outcome of the review of claims, and attorneys can respond to notices. Attorneys also can accept issuances of payments on claims with accepted releases. In contrast, non-attorney claims preparers do not have the right of DWH Portal access to submit claims or documents online. The CSSP does not send

STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC

Page 2
December 20, 2013

notices, releases, and other official documents to non-attorney claims preparers and does not send payments directly to claims preparers.[1]

Ali Salman is the principal of Gulf Coast Representation, LLC ("GCR"), a claims preparation firm. Mr. Salman is not an attorney, but his firm is associated with approximately 900 DWH claimants. Most of those claimants were registered in the DWH system as being represented by The Law Offices of Salman and Associates. In or around July 2013, the Program's Special Investigation Team ("SIT") noticed suspicious discrepancies and overlapping claim characteristics in the documents that had been submitted by some of the claimants associated with GCR and Mr. Salman. SIT along with HUB Enterprises, Inc. ("HUB") began an investigation and conducted several interviews, including that of Zaynab Salman, who is an attorney and the principal of the Law Offices of Salman and Associates. Zaynab Salman, the sister of Ali Salman, admitted that her law firm served only as an escrow agent for the claimants associated with GCR, and that neither she nor anyone associated with her firm had provided any legal services to those claimants. HUB also discovered a retainer agreement further evidencing that the Law Offices of Salman and Associates was serving as an escrow agent and conduit for clients of GCR. Such an agreement, however, circumvents the Program's ban on persons other than attorneys having access to the DWH Portal, and would permit Mr. Salman, as a non-attorney, to submit and have access to his clients' information and even receive payments on their behalf.

Because such access was in contravention of the Program's policies and procedures, the Program deactivated the Portal associated with the Law Offices of Salman and Associates on July 31, 2013. The Program also sent a letter to all claimants associated with the Law Offices of Salman and Associates notifying them that, going forward, the Program would consider them to be *pro se* claimants.

Shortly after his access to the Portal through his sister's law firm was blocked, Mr. Salman began asserting Third Party Claims with the Program in his claimant's files, in order to assert a right to a contingency fee on those claims. In reviewing the Third Party Claims, additional discrepancies were noted by Program employees, such that the Program determined that additional verification from the claimants would be required before processing the claims.

As a result of the discrepancies noted by SIT in both the underlying claim documents and third-party claim documents, all claims associated with GCR were placed on a "hold" by SIT until (1) each claim could be further reviewed and determined payable and (2) each contract between GCR and the claimant giving GCR a contingent interest in the claim could be verified. In accordance with the Program's policies, after SIT reviews and concludes its

---

[1] It is our understanding that the Program Vendors have established a policy that, if the claimant has authorized in writing a non-attorney claims preparer to receive information about his or her claim, then the claims preparer is allowed to receive certain information on the status of a claim, payments made, or other aspects of the claim, but is still not authorized to have access to the Portal or make demands for information. Thus, if so authorized by the claimant, Program employees or Vendors may engage in discussions or correspondence with claims preparers.

STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC

Page 3
December 20, 2013

verification procedures of particular GCR-related claims, those claims would be released from the temporary hold, and the Program would resume processing those claims in the same manner that all other claims are processed, assuming the claims and documentation were verifiable.

After his access to the Portal was blocked, Mr. Salman began calling and/or emailing the Claimant Communication Center and BrownGreer employees almost daily to express his frustration with being denied access to the Portal, demand information about his client's claims, and complain about the delay in payments being made to his clients. In September 2013, Mr. Salman retained an attorney, Samuel "Clay" Reiner, to represent him with respect to the claims filed by GCR's clients. Program employees and representatives have explained to Mr. Salman and Mr. Reiner why his Portal access was blocked. They have also explained that the reason his clients' claims are on hold had to do both with (1) the effects of the Fifth Circuit's October 2, 2013 opinion on the payment of all BEL claims, and (2) the fact that the claims of his clients were being further reviewed to verify the authenticity of the documents provided in support of the claims.

Nevertheless, Mr. Salman's contact with Program employees has continued, despite the fact that he is now a represented party and that he has been asked to only contact Program employees and representatives though his counsel. On some days, Mr. Salman has called and/or emailed Program employees multiple times. During his contacts with various Program staff and employees, Mr. Salman also has made statements that may not be true. He has suggested that Program employees are lying to him and "playing games" with him and his clients, and he has threatened to "take it to the next level" if his concerns are not addressed. He has demanded meetings directly with Patrick Juneau and has threatened to show up at the CAO's law office if such a meeting was not granted. Mr. Salman has also contacted Mr. Juneau's law office in Lafayette numerous times. Mr. Salman claims to have contacted the FBI, the House of Representatives, and media outlets. More recently, he has emailed ethical complaints allegedly filed with the Louisiana State Bar Association against Patrick Juneau and against Steve Herman, although the Office of Disciplinary Counsel has confirmed no such complaint was filed against Mr. Juneau. And though not an attorney, he has asserted that the Program is breaching his clients' due process rights. As a third-party to the claims processing of *pro se* claimants, Mr. Salman has no authority to advocate for and assert legal positions on claimants' behalf, yet he has done so in a manner that could be considered the unauthorized practice of law. Moreover, Mr. Salman has no right to relentlessly demand immediate action from Program employees who are following normal protocols in processing the claims associated with GCR.

Mr. Salman initially set up a mechanism to circumvent the Program's policies and procedures regarding the representation of claimants by a non-attorney and to gain improper access to a Portal. Since his Portal access was discontinued, Mr. Salman has become abusive in the frequency and content of his contacts with Program employees and employees of Juneau David, PLC. Furthermore, evidence indicates that Mr. Salman may be asserting legal arguments on behalf of his "clients," and thereby engaging in the unauthorized practice of law. Accordingly, the CAO respectfully requests that the Court intervene and convene a status conference to address these issues.

Page 4
December 20, 2013

       With kind regards, I am

                              Yours sincerely,

                              Richard C. Stanley

RCS/sbd

cc:    Patrick Juneau, Esq. (via email)
        Stephen Herman, Esq. (via email)
        James Roy, Esq. (via email)
        Samuel "Clay" Reiner (via email)



**Reiner &
Reiner**
Attorneys at Law

January 9, 2014

Samuel B. "Clay" Reiner, II, Esq.
sbr@reinerslaw.com
**David P. Reiner, II, Esq.**
dpr@reinerslaw.com
**Monica Tirado, Esq.**
mtirado@reinerslaw.com

**The Honorable Sally Shushan**
Magistrate Judge
USDC, Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Dear Judge Shushan:

      Reluctantly, I write to briefly respond to the insulting and mischaracterizing correspondence of Messrs. Herman and Stanley which apparently resulted in the telephone conference scheduled for 4 o'clock this afternoon. Argumentative exchanges by correspondence impose an undue burden on Your Honor, and on the court system in general. Responding to disagreeable mis-characterizations in such correspondence is especially painful, since it reflects the difficult decision to rebut misstatements of fact, rather than simply ignoring them. Obviously, the statements and accusations contained in that correspondence were sufficient to prompt you to schedule the conference. Since you did not ignore them, neither can we. However, I did want to give you at least a brief response so that you might better understand my client's perspective.

      First of all, my clients, Mr. Ali Salman, and his company, Gulf Coast Representation, LLC, are reputable and competent claims preparers, providing an invaluable service to thousands of GCCF/NPFC/DWH and BP claimants. They were among the first such service providers to provide claims forms and supporting documentation in electronic form to the Gulf Coast Claims Facility (GCCF). Their efficiency in handling claims was highly regarded by the GCCF staff and its third party vendor, the Garden City Group (GCG). In return, both the GCCF and the Garden City Group maintained an effective and responsive line of communication in order to process GCCF claims. Ironically, among the claims vendors supervised by the Garden City Group, was the law firm of BrownGreer. Now that that firm has taken a more prominent role in claims administration, the claims settlement process has become decidedly less efficient. That issue is at the heart of this dispute with claims being in review for over a year. In dealing with the GCG, claims over 90 days old were reported to the GCG Attorney Team and were fixed in a matter of hours. My client and GCG worked side by side to help these claimants.

**The Honorable Sally Shushan**
Magistrate Judge, USDC
January 9, 2014 – Page 2

Now, with BrownGreer administering the claims, it now seems like they look for any reason to send an investigator after the claimants in an effort to discredit their claims.

The insulting and elitist arguments and allegations pertaining to Mr. Salman's status as a non-lawyer, do not merit the dignity of substantial response, except to say that his company and his practices were closely scrutinized by the Florida Bar, and were determined not to constitute the unauthorized practice of law. Mr. Salman actually went to the trouble of meeting with a NPFC representative to assure his services were lawful and appropriately conducted. Mr. Salman's access to the so-called attorney portal was initially given to his company by a claims administrator working for BrownGreer. Use of that portal promoted efficiency, based upon the high number of claims which he and his company have processed. Until recently, he was never belittled for his lack of an attorney credential. And contrary to any implication raised by Mr. Stanley, the Oil Pollution Act (OPA) is expressly intended to constitute the law applicable to the Amended Settlement Agreement (Section 36.1). Not coincidentally, the arguably pre-emptive OPA specifically allows non-lawyer claims representatives (see, 33 CFR 136.105 (d)), as well as lawyers to assist claimants.

Let me also clarify why Mr. Salman's communications are not abusive or harassing. He does not place prank calls in the middle of the night. He has contacted various claims administrators with respect to particular claims, or claims handling processes. When he calls, it is for business, not to waste time, and not to harass. In fact, he has attempted on numerous occasions to encourage the claims administrators to fix significant flaws which exist in the Settlement Program's "Mapping Software Program," which, despite a disclaimer to the contrary, is actually used to determine claimant eligibility. The software flaw has resulted in numerous claimants being denied eligibility despite living in geographically eligible areas based upon actual maps and addresses. Despite receiving this information, the claims administrators have failed to fix the problems.

Section 4.3.7 of the Amended Settlement Agreement, places affirmative duties on Messrs. Herman and Stanley and their respective firms and claims affiliates to work with my clients for the benefit of their claimants:

> **The Settlement Program**, including the Claims Administrator and Claims Administration Vendors, **shall work with Economic Class Members** (including individual Economic Class Members' counsel and Class Counsel) **to facilitate** Economic Class Members' **assembly and submission of**

**The Honorable Sally Shushan**
Magistrate Judge, USDC
January 9, 2014 – Page 3

> **Claims Forms**, including all supporting documentation necessary to process Claim Forms under the applicable Claims Processes. **The Settlement Program**, including the Claims Administrator and Claims Administration Vendors, **shall use its best efforts to provide Economic Class Members with assistance, information, opportunities and notice so that the Economic Class Member has the best opportunity to be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled** under the terms of the Agreement. [Emphasis Supplied]

Those affirmative duties require a little work on the part of all of the claims administrators. They require the administrators to literally use their best efforts to assist claimants in having their best opportunity to be determined eligible. Unfortunately, some of the participants in the Settlement Program seem to have forgotten that it is their job to help Mr. Salman's claimants to get their claims paid.

In actual fact, Mr. Salman has experience with the Settlement Program's "Special Investigation Team" as well as members of the "HUB Enterprises" group of investigators. Although Mr. Stanley does not elaborate about the "suspicious discrepancies and overlapping claim characteristics in the documents that had been submitted by some of the claimants associated with GCR and Mr. Salman," supposedly found by these investigators, he certainly acknowledges that these investigators worked for the Settlement Program. Unfortunately, and Mr. Salman will be happy to detail this for you, those investigators were apparently not apprised of their affirmative duties to Economic Class members. If you care to waste the time, Mr. Salman can provide you details of how the so-called investigators threatened and intimidated Economic Class Members (rather than assisting them in having their "best opportunity to be determined eligible"). His efforts to report those activities, and to encourage recognition of the duties imposed by Section 4.3.7 of the Amended Settlement Agreement have been characterized, however, as abusive and harassing.

In conclusion, I would respectfully submit that this petty dispute does not merit a significant investment of your time. On its face, the request that you curtail my clients' communications with any of the claims administrators is a violation of the Amended Settlement Agreement and of the Program's affirmative duties to Economic Class

**The Honorable Sally Shushan**
Magistrate Judge, USDC
January 9, 2014 – Page 4


Members to communicate about the status of those claims. If those claims are not being efficiently and effectively processed by the youthful and somewhat less experienced administrators at the BrownGreer firm, then perhaps the more experienced Garden City Group administrators should assume a larger role, much as they had before. This is a point of view shared by many of the lawyers and claims preparers assisting claimants with their claims.

Very truly yours,

SAMUEL B. REINER, II

cc: Richard C. Stanley, Esq.
Stephen J. Herman, Esq.
Gulf Coast Representation, LLC

W:\400\45300\45300-JUDGE-SHUSHAN.LTR01.WPD

# STANLEY, REUTER, ROSS
# THORNTON & ALFORD, LLC

RICHARD C. STANLEY

909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069

OUR FILE NO.
60,976

April 22, 2014

**VIA ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-mail: Sally_Shushan@laed.uscourts.gov

### Re: Ali Salman / Gulf Coast Representation

Dear Judge Shushan:

I write in follow-up to my December 20, 2013, letter and the prior status conference with the Court regarding Ali Salman and his company, Gulf Coast Representation, LLC ("GCR").[1] The reason for the prior status conference was Mr. Salman's behavior of excessively contacting, and at times threatening criminal and professional inquiries against, employees of BrownGreer, the Claims Administrator's Office, and the law firm of Juneau David, PLC ("Juneau David"). Unfortunately, and despite the status conference and the guidance offered by this Court, we write to update the Court on Mr. Salman's continued conduct.

As we discussed at the status conference, Mr. Salman is not a lawyer; however, he and GCR have assisted in the filing of a number of claims pending in the Deepwater Horizon Court Supervised Settlement Program (the "CSSP" or "Program"). In fact, Mr. Salman or GCR have been involved with (a) 276 claimants with at least one BEL claim, of which 121 were paid or otherwise closed or denied; and (b) 648 claimants with non-BEL claims, of which 316 were paid or otherwise closed or denied. All claims that have not yet been paid are undergoing, or have undergone, an additional layer of fraud review because the Program required additional verification as a result of discrepancies found in the underlying claim documents submitted by some of Mr. Salman's claimants. However, as previously explained, at the completion of that review, the claims are released from the hold and proceed to payment, just as any other claim.

Despite the progress of these claims, Mr. Salman's disruptive behavior has continued, even with the Court's guidance at the last status conference. Although Mr. Salman has been assigned a specific BrownGreer attorney contact, Amy Groat, he continues to contact

---

[1] A copy of our prior correspondence is attached for your reference.

STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC

April 22, 2014
Page 2

has been assigned a specific BrownGreer attorney contact, Amy Groat, he continues to contact multiple BrownGreer attorneys, often on the same day and within minutes of one another, to inquire about the status of his claims and complain about non-payment. Mr. Salman's multiple, daily calls and emails have been directed to senior partners at BrownGreer, some of whom are not even working on the CSSP. Mr. Salman's communications, however, are not limited to the multiple calls and emails for status updates and complaints about the timeliness of claim payments. He has threatened criminal and professional inquiries, as well as lawsuits, to BrownGreer personnel working on the Program. Moreover, on Tuesday, April 8, 2014, he contacted the Lafayette office of Juneau David, a firm not involved with the Program, and suggested the IRS might conduct a criminal investigation. Mr. Salman's behavior has been disruptive to the Program and upsetting to the individuals whom he has threatened with professional inquiries, who are only trying to do their jobs within the CSSP.

After the status conference with the Court, BrownGreer communicated to Mr. Salman that any further communications regarding the claims prepared by him or GCR must be made in writing to a single BrownGreer contact, Amy Groat. In particular, BrownGreer told Mr. Salman:

> Several representatives with the DWH Program have addressed your questions during previous discussions. We have determined that these discussions will be more informative and productive if conducted in writing. Going forward, direct all of your claim specific inquires in writing to your DHECC contact, Amy Groat at agroat@dhecc.com, and any complaints in writing to your attorney, Clay Reiner at sbr@reinerslaw.com, who will forward them on as directed by Judge Shushan.

Mr. Salman has refused to comply with BrownGreer's repeated requests that he cease and desist all contacts other than written, claim-specific inquiries to Amy Groat. Accordingly, on April 17, 2014, BrownGreer reiterated to Mr. Salman that any contact must be in writing to Amy Groat and that Mr. Salman should not contact anyone else at BrownGreer. We understand, in addition, that BrownGreer has become increasingly concerned with Mr. Salman's behavior and is contemplating seeking relief from the Court.

We will continue to monitor Mr. Salman's actions; and, should Mr. Salman's dealings with the Program continue to include threats and disruptive calling, we will be seeking additional relief from the Court.

STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC

April 22, 2014
Page 3

       With kind regards, I am

                             Yours sincerely,

                             Richard C. Stanley

RCS/ard
Enclosure
cc:    Patrick Juneau, Esq. (via email)
        Stephen Herman, Esq. (via email)
        James Roy, Esq. (via email)
        Samuel "Clay" Reiner (via email)