UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010<br><br>**This Document Relates to:**<br>2:10-cv-02454, 2:10-cv-01768 | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO TRANSOCEAN OFFSHORE DEEPWATER DRILLING'S MOTION FOR SUMMARY JUDGMENT (ECF No. 12675)** |

Submitted by:

Charles M. Tebbutt
Daniel C. Snyder
Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence St.
Eugene, OR 97401
Ph: 541-344-3505

1

**TABLE OF CONTENTS**

Table of Authorities ............................................................................................................... ii

Introduction .............................................................................................................................1

Argument .................................................................................................................................1

I.   THE PARTIAL CONSENT DECREE DOES NOT MOOT THE CENTER'S
     REPORTING CLAIM UNDER EPCRA. ......................................................................1

II.  THE PARTIAL CONSENT DECREE IS NOT A DILIGENT PROSECUTION OF ANY
     EPCRA VIOLATION. ...................................................................................................5

Conclusion ...............................................................................................................................6

## TABLE OF AUTHORITIES

<u>CASES</u>

*Black Warrior Riverkeeper, Inc. v. Cherokee Mining, LLC*,
   637 F. Supp. 2d 983 (N.D. Ala. 2009) ................................................................................. 3

*Center for Biological Diversity, Inc. v. BP America Prod. Co.*,
   704 F.3d 413 (5th Cir. 2013) ................................................................................................ 1

*Chesapeake Bay Found. v. Am. Recovery Co.*, 769 F.2d 207 (4th Cir. 1985) ............................. 5

*Envtl. Conservation Org. v. City of Dallas,* 529 F.3d 519 (5th Cir. 2009) ................................... 3

*Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.*,
   382 F.3d 743 (7th Cir. 2004) .......................................................................................... 5, 6

*In re Deepwater Horizon*, 732 F.3d 326 (5th Cir. 2013) ............................................................. 2

*La. Envtl. Action Network v. Sun Drilling Products Corp.*,
   716 F. Supp. 2d 476 (E.D. La. 2010) ................................................................................... 5

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ........................................................ 4

*U.S. v. Armour & Co.*, 402 U.S. 673 (1971) ................................................................................ 2

<u>STATUTES</u>
42 U.S.C. § 11001(a) .................................................................................................................... 1

42 U.S.C. § 11004 ........................................................................................................................ 3

42 U.S.C. § 11004(b) ............................................................................................................ 2, 4, 5

42 U.S.C. § 11004(c) ......................................................................................................... 1, 2, 4, 5

42 U.S.C. § 11044(a) ............................................................................................................... 1, 4

42 U.S.C. § 11046(e) ............................................................................................................ 1, 5, 6

# INTRODUCTION

Pursuant to Judge Shushan's Order, ECF No. 12090, Plaintiff Center for Biological Diversity (the "Center") respectfully submits its Opposition to Transocean Deepwater Drilling's ("Transocean") Motion for Summary Judgment, ECF No. 12675.  The Court should find that (**I**) the Center's EPCRA claim against Transocean is not moot by virtue of the partial consent decree entered into between Transocean and the United States; and (**II**) that consent decree does not constitute "diligent prosecution" under 42 U.S.C. § 11046(e).  Accordingly, the Court should deny Transocean's motion.

## I.      THE PARTIAL CONSENT DECREE DOES NOT MOOT THE CENTER'S REPORTING CLAIM UNDER EPCRA.

Transocean asserts that the Center's EPCRA claim is moot because it entered into a consent decree with the United States that requires it to publicly provide information about its future compliance with the decree, and because Transocean allegedly communicated with federal officials about the hazardous substances aboard the *DEEPWATER HORIZON* ("*DWH*").  Neither of these claims has merit.

First, as the Fifth Circuit essentially found, a reporting claim under EPCRA will only be mooted by the actual filing of the reports required by the statute.  *Center for Biological Diversity, Inc. v. BP*, 704 F.3d 413, 430 (5th Cir. 2013) (EPCRA places "an affirmative statutory duty on the owner or operator of the facility to report [] information" about the release of reportable quantity of hazardous substances.).  Reports under EPCRA's emergency notification provision must be provided to and maintained "by state emergency planning authorities and be made available to the public at a designated location." *Id*.; *see also* 42 U.S.C. §§ 11001(a), 11044(a).  Transocean does not and cannot dispute that it has heretofore failed to provide any specific, statutorily-compliant EPCRA reports for releases from the spill to state or local emergency

1

planners.  *See* 42 U.S.C. § 11004(c) (outlining explicit information that must be provided in EPCRA emergency release notifications to emergency planners).  That means, without question, that an ongoing violation of EPCRA's reporting provisions continues at this time.  There being a "live" case or controversy, this claim is not moot.

That Transocean is obligated to provide certain reports about its *future* efforts at achieving compliance with the consent decree is of no consequence.  Nothing in the decree requires Transocean to submit the information required under EPCRA's emergency notification provisions, *id*., to emergency responders.  Indeed, the information required to be reported by the consent decree is *completely different* than the categories under the statute.  *Compare* ECF No. 8606 at ¶¶ 31-32 (only requiring Transocean to provide reports about its activities under the consent decree, such as describing "all measures taken to comply with the requirements of Article VI (Measures to Improve Performance and Prevent Recurrence)") *with* 42 U.S.C. § 11004(b), (c) (requiring followup written notice under EPCRA to identify, *inter alia*, the types and quantities of hazardous substances released, the time and duration of the release, any known or anticipated health risks associated with the release, and what precautions to take for those exposed to the release).  And while Para. 21(b) of the decree requires Transocean to provide a public website, updated on an annual basis, that identifies, *inter alia*, "a list of all the Transocean Defendants' oil spills that reach the Waters of the United States, including the name of the facility, location of the spill, root cause, and best estimate of volume[,]" this *future* requirement does not result in compliance with EPCRA's reporting provisions for releases *related to the oil spill*, which to this day have gone unreported.  The decree is silent as to those reportable releases.  *In re Deepwater Horizon*, 732 F.3d 326, 348 (5th Cir. 2013) (consent decree interpreted within its "four corners") (citing *U.S. v. Armour & Co.*, 402 U.S. 673 (1971)).

If all of this were not conclusive enough, the decree also unambiguously requires Transocean to comply with "any reporting obligations" required by any "federal, state, or local law, regulation, permit, or other requirement." *Id*. at ¶ 34. EPCRA's emergency notification provisions are clearly within the scope of that requirement.

The case law provided by Transocean is inapposite. In each case cited, the consent decree resolved, or was at least intended to resolve, the statutory violations that gave rise to the citizen suit. For instance, the consent decree in *Envtl. Conservation Org. v. City of Dallas* resolved "every" CWA violation that gave rise to the plaintiff's citizen suit. 529 F.3d 519, 529-530 (5th Cir. 2009). There was, therefore, no "realistic prospect" that the violations complained of would continue in the future. *Id*. The same is true of *Black Warrior Riverkeeper, Inc. v. Cherokee Mining, LLC*, 637 F. Supp. 2d 983, 990 (N.D. Ala. 2009) (consent order "addresses the violations alleged in BWR's complaint[.]"). But here, the partial consent decree *does not* resolve – and is not intended to resolve – the Center's EPCRA reporting claim. There is absolutely nothing in the decree that obligates Transocean to file reports compliant with 42 U.S.C. § 11004. Thus, there is more than just a "realistic prospect" that Transocean's violations of EPCRA will continue notwithstanding the decree, for the decree does not resolve those violations in any way.

Additionally, Transocean cannot refute that the Center's members have searched for the information required under EPCRA, have not found that information anywhere they have searched, including by calling some of the relevant emergency planning commissions, and have articulated a real need and desire for that information. ECF Nos. 12673-14 – 12673-17 (Center's members' declarations) (describing the ways members have searched for information required under EPCRA, their failure to obtain that information, and how that information would be useful for their own personal interests). Thus, an order from the Court requiring Transocean to provide

3

EPCRA reports about the hazardous substances released during the spill *will* provide meaningful relief to the Center's members and, by extension, the Center itself. This case is not moot.[1]

Second, as to the information that Transocean allegedly provided to federal emergency response officials about the spill, it is obvious that this information shares the same material shortcomings as the webpages and documents provided by BP: nothing Defendants cite contains *all* the information required by EPCRA in *in one document*, made available to the public *in one place*. *See* 42 U.S.C. § 11004(b), (c) (describing the very specific types of information EPCRA requires to be contained in written followup notifications); 42 U.S.C. § 11044(a) (requiring written followup notifications to be maintained by local and state emergency planners and be made available to the public at designated offices). While Transocean may have provided general information[2] to federal officials about some of the hazardous substances aboard the *DWH*, that limited information plainly fails to meet the statutory requirements of EPCRA, for it is neither contained in a followup emergency report filed with local or state emergency planning commissions nor does it identify all of the information that is statutorily-required to be placed into such report. Under these facts, the Center's EPCRA reporting claim cannot be deemed moot.

---

[1] Transocean also argues that the consent decree "advances the purposes" of EPCRA, and therefore the Court should deem the Center's claim moot. Transocean Brief at 6. But the decree was not entered into under EPCRA and does not require Transocean's compliance with EPCRA for information about the spill. There simply is no way the decree "inform[s] the public about the presence of hazardous and toxic chemicals" released during the spill, nor is there any way the decree provides the public with information about the health risks associated with those chemicals. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 86 (1998).

[2] The generic nature of the information allegedly shared by Transocean with the government is demonstrated by the vagueness of Mr. Hudson's Declaration, ECF No. 12675-3. Mr. Hudson states that Transocean provided "substantial information" to the Coast Guard and other unnamed "agencies" responding to the spill, but fails in any way to specify what type of "information" was transmitted or how that information complies with the specific categories of information required by EPCRA to be contained in written followup reports. In fact, the only concrete piece of information mentioned by Mr. Hudson is the quantity of diesel aboard the *DWH*, but nothing about other hazardous substances. Also notably absent from Mr. Hudson's declaration is any mention of whether Transocean shared this limited data with any state or local emergency planning commissions, as required by EPCRA. 42 U.S.C. § 11004(b), (c).

4

**II.     THE PARTIAL CONSENT DECREE IS NOT A DILIGENT PROSECUTION OF ANY EPCRA VIOLATION.**

EPCRA's citizen suit provision is subject to a "diligent prosecution" limitation. The statute provides that:

> "No action may be commenced under [the citizen suit provision] against an owner or operator of a facility if the [EPA] Administrator has commenced and is diligently pursuing an administrative order or civil action to enforce the requirement concerned or to impose a civil penalty under this Act with respect to the violation of the requirement."

42 U.S.C. § 11046(e). If a citizen suit is brought before a government action, there can be no diligent prosecution bar. *See Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.*, 382 F.3d 743, 754-55 (7th Cir. 2004) ("the clear and unambiguous language" of CWA citizen suit provision requires that the statute not bar a citizen suit filed several hours before government action); *Chesapeake Bay Found. v. Am. Recovery Co.*, 769 F.2d 207, 208 (4th Cir. 1985) (per curiam) ("[T]he verb tenses used in subsection (b)(1)(B) and the scheme of the statute demonstrate that the bar was not intended to apply unless the government files suit first (and is diligently prosecuting such suit)."). This Court has recognized as much. *See La. Envtl. Action Network v. Sun Drilling Products Corp.*, 716 F. Supp. 2d 476, 479-81 (E.D. La. 2010) (CWA bars citizen suits brought *after* diligent prosecution of an action by government has commenced).

With these cases in mind, it is obvious that the partial consent decree does not constitute diligent prosecution under EPCRA. First, the Center's case was filed well before the complaint by the United States and years before the partial consent decree was executed. *Compare* Case 2:10-cv-04536, ECF No. 1 (Complaint of United States, filed December 15, 2010) *with* Case 2:10-cv-01768, ECF No. 1 (Center's original Complaint, filed June 18, 2010) *and* ECF No. 813 (Center's Amended Complaint, filed November 26, 2010). Pursuant to the cited authority and a plain reading of 42 U.S.C. § 11046(e), the diligent prosecution bar is inapplicable.

5

Second, assuming, *arguendo*, that the bar could apply to an earlier-filed citizen suit, a consent decree or other settlement entered into between the government and the defendant must be "capable of requiring compliance" with the statute in question, "and is in good faith calculated to do so." *See, e.g., Friends of Milwaukee's Rivers*, 382 F.3d at 760; *see also* 42 U.S.C. § 11046(e) (EPCRA's diligent prosecution bar applies only to actions "to enforce *the requirement concerned*" or to "impose a civil penalty…with *respect to the violation of the requirement*.") (emphases added). The partial consent decree in this case is not meant to secure Transocean's compliance with EPCRA. ECF No. 8606 at ¶ A., ¶ 2 (discussing that U.S. complaint was brought under CWA and OPA; court has jurisdiction over consent decree pursuant to federal subject matter jurisdiction and the CWA). It was not brought to enforce any requirement under EPCRA. *See* ECF No. 1, Case 2:10-cv-04536 (Complaint of United States, brought under the CWA and OPA). And it imposes no civil penalties with respect to any violation of any requirement of EPCRA. ECF No. 8606 at Art. V & ¶ 9 (CWA civil penalties). It is, therefore, not diligent prosecution of an EPCRA reporting claim, let alone enforcement of the statute.

Finally, to the extent that Transocean argues that the United States' covenant not to sue Transocean under certain provisions under EPCRA bars the Center's case, that contention is abundantly erroneous and legally unsupported. Transocean Brief at 3 & n.4. The Center did not participate in the negotiating of the partial consent decree and cannot be bound by a covenant that it did not sign.

## CONCLUSION

For the foregoing reasons, the Center respectfully requests that the Court deny Transocean's Motion for Summary Judgment.

///

DATED this 5th Day of May, 2014.

Respectfully submitted,

                                              s/Charles M. Tebbutt
                                              Charles M. Tebbutt
                                              Daniel C. Snyder
                                              Law Offices of Charles M. Tebbutt, P.C.
                                              941 Lawrence St.
                                              Eugene, OR 97401
                                              Ph: 541-344-3505
                                              E-mail: charlie.tebbuttlaw@gmail.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 5, 2014, I electronically served the foregoing on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing in accordance with the procedures established in MDL 2179.

                                    s/ Charles M. Tebbutt
                                    Charles M. Tebbutt
                                    Law Offices of Charles M. Tebbutt, P.C.