UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY OIL RIG "DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO.: 2179<br><br>SECTION: "J"<br><br>MAGISTRATE: 01 |

*This Pleading Applies to Case No. 2:11-cv-01806*

### PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes Tim Terrell, on behalf of himself individually and as a member of the class of plaintiffs he seeks to represent, and as named plaintiff in the above captioned and numbered consolidated MDL cause, and files this First Supplemental and Amending Motion to Remand pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. § 1447 solely as to Case No. 2:11-cv-01806, and in support thereof, respectfully shows the Court as follows:

Introduction

1. On April 20, 2011, the plaintiff filed an action entitled "Class Action Petition for Damages" against defendants BP p.l.c. and Donald Vidrine with the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, bearing Docket Number 58-682-B with that court. Defendant Donald Vidrine was personally served with the pleading on July 11, 2011. He filed his notice of removal to this Honorable Court on July 27, 2011.

Nature of the Suit

2. The plaintiff's petition seeks monetary damages for himself and the class of individuals he represents arising from the April 20, 2010 explosion, fire, and sinking of the DEEPWATER HORIZON mobile offshore drilling unit that resulted in the release of millions of gallons of oil into the Gulf of Mexico until it was capped approximately three months later. In addition to claims for lost income, mental suffering and aggravation, medical expenses, and all other damages as are appropriate, the petition specifically seeks to recover for the "loss of enjoyment of life and recreational expenses" suffered by the plaintiff class.

3. The petition was properly brought in Plaquemines Parish because it is the domicile of the plaintiff and many other individuals of the proposed class, as well as the physical locale of a substantial portion of the claimed damages. *Cacamo v. Liberty Mut. Fire Ins. Co.*, 1999-3479, pp. 3-10 (La. 6/30/00); 764 So.2d 41, 43-47; La.C.Cv.Pro. art. 592; La.C.Cv.Pro. art. 74.

Basis for Removal

4. The basis relied upon by the defendant to justify his removal of the plaintiff's petition is what he asserts to be the independent jurisdiction granted to federal court for actions arising under the Outer Continental Shelf Lands Act ("OCSLA") and the related federal-question/federal-enclave nature of the action.

Basis for Remand

5. While the plaintiff does not contest that the provisions of OCSLA may in some ways be relevant to certain aspects of this claim, this matter should nevertheless be remanded because of the forum-defendant rule set out in 28 U.S.C. 1447(b), based on defendant Vidrine's Louisiana citizenship and the resulting lack of complete diversity. As is shown more fully in the accompanying Memorandum in Support, this Honorable Court's own ruling in a closely related

- 3 -

matter not only justifies but mandates remand of this suit.  In addition, this matter falls squarely within the "local controversy" exception to jurisdiction under the Class Action Fairness Act ("CAFA") and must be remanded for that reason as well.

### Timeliness of Motion

6. Plaintiff's original motion to remand (Rec. doc. 3811) was filed in this matter on August 25, 2011, within 30 days of the filing of the notice of removal, as set out in to 28 U.S.C. 1447(c), and it has remained pending since that time.

7. In the alternative, this motion is timely because its basis is this Honorable Court's lack of subject matter jurisdiction over the claim at issue, which thereby obviates the 30-day deadline set out in the statute referred to in the previous paragraph.

### Recovery of Just Costs

8. The plaintiff submits that defendant Vidrine's removal of this action was without sound legal basis and constitutes an improper use of this Honorable Court's resources.  He is convinced it was done primarily as a tactic to unreasonably delay and postpone the defendants' ultimate "day of reckoning" in connection with the claims asserted by the plaintiff.  Accordingly, the plaintiff submits that he is entitled to an award of attorney's fees and associated expenses in connection with the instant motion, pursuant to 28 U.S.C. § 1447(c).

### Prayer

9. For these reasons, and as more fully explained in the attached Memorandum in Support, plaintiff Tim Terral asks that this Honorable Court grant the motion to remand, remand this suit to the state court in which it was originally file, and award plaintiff any such and further relief to which he may be justify entitled, including but not limited to attorney's fees and expenses associated with the bringing of this motion.

Respectfully submitted:

**TALLEY, ANTHONY, HUGHES  & KNIGHT. L.L.C.**

BY: /s/ Craig J. Robichaux_____
     CRAIG J. ROBICHAUX (#17119)
2250 7th Street
Mandeville, Louisiana 70471
Telephone: (985) 624-5010
Fax: (985) 624-5306
Email: craig.robichaux@talleyanthony.com

     -- and --

Byard "Peck" Edwards & Associates, L.L.C.
Byard "Peck" Edwards, Jr. (#5282)
902 C.M. Fagan Drive
Suite G
Hammond, LA 70403
Telephone: (985) 902-7514
Facsimile: (985) 902-7515
Email: byardedwards@bellsouth.net

ATTORNEYS FOR PLAINTIFF
TIM TERRELL

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 9, 2014, I electronically filed the foregoing Plaintiff's First Supplemental and Amending Motion for Remand with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record (there being no unrepresented parties) by operation of the court's electronic filing system.

          /s/ Craig J. Robichaux_____
               CRAIG J. ROBICHAUX