# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:       OIL SPILL BY THE OIL RIG | ) | MDL NO: 2179 |
| "DEEPWATER HORIZON" IN | ) | |
| THE GULF OF MEXICO, ON | ) | SECTION: J |
| APRIL 20, 2010 | ) | |
| | ) | |
| Relates to: 2:14-cv-657 | ) | Judge Barbier |
| | ) | Mag. Judge Shushan |
| | ) | |
| _____ | ) |_____ |

## DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS

COMES NOW, Defendants  Downs Law Group, P.A., Craig T. Downs, Jeremy D. Friedman, and Daniel Perez, by and through undersigned counsel, and hereby files their Joint Reply to Plaintiffs' Memorandum in Opposition to Defendants' Joint Motion to Dismiss.

In response to the Defendants' Joint Motion to Dismiss, the Plaintiffs argument is as follows:

(1) The forum selection clause is not exclusive to Miami-Dade County, Florida;

(2) This court has "exclusive jurisdiction" over a dispute between attorneys of possible class members per the terms of the settlement;

(3) The Defendants declared the contract invalid in the Florida proceeding and thus cannot seek to enforce it herein;

(4) This court has personal jurisdiction over not only the entity Downs Law Group, P.A. but each individual Defendant as well.

(5) Plaintiffs have stated a cause of action under "unfair trade practice law" pursuant to Louisiana law and are thus entitled to treble damages.

However, as clearly set forth in the Motion to Dismiss and Memorandum of law in support thereof, these arguments easily fail.

**I.  The forum selection clause requires the claims to be filed in Miami-Dade County Circuit court**

The parties agreed in paragraph 9 of the Attorneys Participation Agreement to the following:

> 9. GOVERNING LAW/JURISDICTION This agreement shall be governed by and interpreted under the laws applicable in the state of Florida.  All parties to this Agreement, ***hereby submit*** to the jurisdiction of all courts located in Miami-Dade County, Florida with ***respect to any action or proceeding*** arising out of this Agreement and hereby waive any venue or other objection which it may have to any such action or proceeding being brought in any court located in Miami-Dade County, Florida. (emphasis added)

The parties thus agreed to submit to the jurisdiction of the circuit court in Miami-Dade County, Florida for **any** action relating to the agreement.  If the parties agreed to submit to that jurisdiction for **any** action, then the plain language of the agreement would thus require the Plaintiffs to file their claims in that jurisdiction.  For this reason, it would be improper for the court to ignore the agreement between the parties and not enforce the forum selection clause.

**II. The Plaintiffs already stated in the Florida proceeding that all events that comprise of their claims took place in Florida and specifically Miami-Dade County, Florida thereby making venue proper therein.**

Even if the court finds the forum selection clause unenforceable, the Plaintiffs in fact pled in their Complaint in the Florida proceedings the following:

> 8. ***Venue is proper as all tortious acts complained of occurred substantially within the State of Florida, a substantial portion of which occurred in Miami-Dade County, Florida.***  The Defendants reside within Miami-Dade County, Florida, further, as evidenced by the agreement signed by the parties, the forum selection clause establishes that the laws of Florida and the Court of Miami-Dade County shall have jurisdiction over any actions arising from this agreement.   See attached Exhibit A at paragraph 9.  As such venue is just and proper in Miami-Dade County, Florida. (Emphasis Added)

In response, the Defendants answered paragraph 8 by õadmittingö this statement to be true.  The pleadings were thus closed as to this issue.

As the Plaintiffs have affirmatively stated that proper venue for these claims is in Florida due to where the events took place, and further supplemented their position by claiming that all Defendants reside in Miami-Dade County, Florida, and the forum selection clause requires the claims to be brought there, the Plaintiffs are now judicially estopped from taking the position that venue belongs in a different court. *Arthur J. Gallagher & Company v. Clayton Babcock, et. al.*, 703 F. 3d 284 (5th Cir. 2012).  Therefore, even if the court were to refuse to enforce the forum selection clause, the evidence submitted demonstrates that venue is clearly proper in Miami-Dade County, Florida and the courts therein.

## III. The Plaintiffs have failed to properly allege or submit any evidence that venue is proper for each claim and to each Defendant separately in the Eastern District of Louisiana

The Eastern District of Louisiana in *Ross v. Digiola*, 2012 U.S. District Lexis 2748 (E.D. La. 2010) stated the following as to venue concerning multiple claims and multiple defendants:

> When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue. [4] *See Perez v. Pan American Life Ins. Co., 70 F.3d 1268, 1995 WL 696803, at *2 (5th Cir. 1995)* (citing *Advanced Dynamics Corp. v. Mitech Corp., 729 F.Supp. 519, (N.D. Tex. 1990)* ("When an objection to venue has been raised, it is the Plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought.").

The court further stated that the "general rule is that venue must be established for each cause of action." *Id.; Tucker v. United States Dep't of Army, 42 F.3d 641, 1994 WL 708661, at * 2 (5th Cir. 1994).*  Finally, the court stated that "venue must also be established for each defendant." *Id.; Burkitt, 2005 U.S. Dist. LEXIS 11986, 2005 WL 6225822, at *3 (E.D. La. Jun. 13, 2005)* (holding that venue must be established for each defendant) (citing *McCaskey v. Cont'l Airlines, Inc., 133 F.Supp. 2d 514, 523 (S.D. Tex. 2001)* ("It is well established that in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant").

The court in *Ross v. Digiola*, 2012 U.S. District Lexis 2748 (E.D. La. 2010) further set

forth the standards to use to determine venue for each individual claim and each individual

Defendant:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

As alleged by the Plaintiffs in the Florida proceeding in paragraph 8 of their complaint,

**all** defendants reside in Miami-Dade County, Florida.  As such, this weighs in favor of Miami-

Dade County, Florida as to subsection (1).  In addition as alleged by the Plaintiffs in paragraph 8

of the Florida complaint, "all tortious acts complained of occurred substantially within the State of

Florida, a substantial portion of which occurred in Miami-Dade County, Florida."  The Plaintiffs

are not only claiming that a substantial portion of the events underlying the claims occurred in

Florida but **all** of them. That would clearly weigh in favor of venue being in Miami-Dade County,

Florida pursuant to subsection (2).  Finally, there is a district in which the action may otherwise be

brought, i.e. Miami-Dade County, Florida, the very district that the same or similar action was

pending until the Plaintiffs decided to abruptly change to the instant proceedings.  As such,

subsection (3) likewise weighs in favor of venue being in Miami-Dade County, Florida.

As it is the Plaintiffs' burden to prove that venue is proper as to each individual claim and

each individual defendant, and that all three prongs of the test would demonstrate that venue is

only proper in Miami-Dade County, Florida, the court should clearly dismiss this action for

improper venue as set forth in the Defendants' Joint Motion to Dismiss.[1]

## IV. The Settlement Agreement does not provide for exclusive jurisdiction over Florida attorneys for class members concerning claims that solely involve a dispute pursuant to an unrelated private agreement between them

The Plaintiffs attempt to argue that Section XXVII gives this court exclusive jurisdiction over their claims against the Defendants.  However, the Plaintiffs omit the actual language of this section which clearly does not apply.  Section XXVII of the settlement agreement states as follows:

> Pursuant to the FINAL ORDER AND JUDGMENT, the COURT shall retain continuing and exclusive jurisdiction over (i) the PARTIES and their counsel and all MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS with respect to the terms of the MEDICAL SETTLEMENT AGREEMENT and (ii) the subject matter of *Plaisance, et. Al. v. BP Exploration & Production Inc., et. al.* with respect to the interpretation, implementation, administration, and enforcement of this MEDICAL SETTLEMENT AGREEMENT…
> In addition, the PARTIES, including each MEDICAL BENEFITS SETTLEMENT CLASS MEMBER, are hereby deemed to have submitted to the exclusive jurisdiction of this COURT for any suit, action, proceeding, or dispute arising out of or relating to his MEDICAL SETTLEMENT AGREEMENT

In the definition section of the settlement agreement, the terms of this paragraph state as follows:

AAAA:       "PARTIES" shall mean the MEDICAL BENEFITS CLASS REPRESENTATIVES...

EEE:       "MEDICAL BENEFITS SETTLEMENT CLASS MEMBER" shall mean each NATURAL PERSON who is a member of the Medical Benefits Class.

None of the Plaintiffs nor any of the Defendants are "PARTIES" or a "MEDICAL BENEFITS SETTLEMENT CLASS MEMBER."  None of the Plaintiffs or the Defendants are counsel to any of the PARTIES.  The clause states that jurisdiction shall be exclusive over the PARTIES,

---

[1]  The Plaintiffs attempt to argue that this court "ordered" them to file their claims in the E.D. of Louisiana upon denying their initial Motion with the court.  As this court is well aware, it in fact did just the opposite by denying their Motion and stating that it was not going to get involved.  It would also be highly unlikely that the court would, *sua sponte*, and without giving the Defendants any opportunity to file a response to the Plaintiffs' initial Motion, negate the forum selection clause, declare venue to be proper herein, and further declare that this court has personal jurisdiction over each and every individual Defendant as the Plaintiffs attempt to suggest in their opposition.

and their counsel only.  As such, this would not apply.

The clause further states that the exclusive jurisdiction extends solely to the ötermsö of the settlement agreement.  There is not a single challenge by the Plaintiffs as to any of the ötermsö of the settlement agreement.  For this reason as well, the clause is inapplicable.

The clause additionally states that jurisdiction shall be exclusive as to *Plaisance, et. Al. v. BP Exploration & Production Inc., et. al.* with respect to the interpretation, implementation, administration, and enforcement of this MEDICAL SETTLEMENT AGREEMENT.  The Plaintiffs claims have nothing to do with this case nor do they require the court to interpret, implement, administer or enforce the settlement agreement in any way.

Finally, the exclusive jurisdiction extends to MEDICAL BENEFITS CLASS MEMBERS for suits arising out of or relating to this MEDICAL SETTLEMENT AGREEMENT.  None of the Plaintiffs or the Defendants are Medical Benefits Class Members.

Rather, this is a suit between attorneys only.  The rights of the clients or putative Medical Benefits Class Members pursuant to the settlement agreement are not implicated in any way. None of the parties to this action qualify under any of the definitions nor does this clause have any language that would state that a dispute between attorneys not representing any of the parties to the settlement agreement, attorneys who never executed the settlement agreement, or agreed to be bound by its terms personally, are subject exclusively to the jurisdiction of this court.  For this reason, coupled with the fact that venue is only proper in Miami-Dade County, Florida, as well as the fact that the parties all agreed to submit *any claim* to the courts in Miami-Dade County, Florida, dismissal is proper.

**V.  There is no pleading in any prior case that would state that the Defendants have alleged that the attorneys participation clause was unenforceable.**

The Plaintiffs claim that the Defendants are alternatively judicially estopped from

enforcing the forum selection clause because of their answer in the Florida case. They point to paragraph 9 in the Defendant Downs' Answer to support their claim. However, as demonstrated therein, the Defendant Downs denies that the agreement was signed and further denies that conduct acted as a "legal" ratification of the agreement. There was no allegation in that paragraph that claims that the "entirety" of the agreement was unenforceable.

The Defendant very specifically pled in the alternative that the agreement is valid if the agreement is properly read to the extent that it relates to the objection only. It is not valid if it is extended to claims of clients where the clients never consented to the Plaintiffs obtaining such fees pursuant to Florida law. For this reason, there is no basis to prevent the Defendant Downs from relying on the agreement.

## VI. The Plaintiffs have submitted no competent evidence to demonstrate that this court has personal jurisdiction over each separate Defendant, both the entity and each one of the individuals.

There are four Defendants in this case, Downs Law Group, P.A., Craig T. Downs, Jeremy D. Friedman, Daniel Perez. While the Plaintiffs in their complaint attempt to simply combine all of them together for all things without specifying which Defendants engaged in which activity, these allegations do not satisfy the Plaintiffs' requirements to prove that this court has personal jurisdiction over each one separately. As set forth in the Defendants' Motion and Memorandum related thereto, neither general nor specific jurisdiction exists over these Defendants, a requirement to maintain this suit against these parties. *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)* As such, dismissal is proper.

As to Downs, the Plaintiffs mistakenly argue in their response that the Defendants are claiming that it lacks the minimum contacts  No claim has been made as to this issue as to Downs Law Group, P.A. Rather, the Motion clearly states that the court lacks personal jurisdiction over

Downs because the forum selection clause requires **"any"** claim to be brought in Miami-Dade County, Florida that arises out of the agreement. The Plaintiffs in fact claim that the clause itself is a õpersonal jurisdictionö clause not a venue clause. If that is true, and the clause requires that **any** claim against the Downs entity be brought in Miami-Dade County, Florida, arising out of the agreement, then this must be dismissed against this entity.

As to the individual Defendants, minimum contacts are lacking. While Downs Law Group, P.A. may have been conducting business in Louisiana, the individual Defendants did not outside the course and scope of their employment with Downs. There is further no allegation that the actions of Downs gets imputed to the individual Defendants. All of these individual Defendants reside and/or work in Miami-Dade County, Florida. The Plaintiffs have failed to provide any sufficient evidence to demonstrate such jurisdiction. For this reason as well, the action must be dismissed.

## VII.  The Plaintiffs lack standing for their sole claim of unfair trade practices

The Plaintiffs now claim, as clarification, that their Complaint only provides for one legal theory : Louisianaøs Unfair Trade Practices Act, LA. R.S. 51:1401, *et. seq.* (P. 17, Plaintiffsø Opposition).[1] While the Plaintiffs have consistently made false statements and allegations that contradict the attachments to the pleadings, for the purposes of this motion only, the Defendants will concede the truth of the same.[2]

---

[1] The Plaintiffs appear to request that the court ignore the fact that both the Attorneys Participation Agreement and the contingency fee contracts attached to the Complaint require all claims to be construed pursuant to Florida law.

[2]     While the Defendants are not challenging the false statements made by the Plaintiffs in the Complaint for the purposes of this Motion only, they do believe it is important to call to the courtøs attention the Plaintiffsø continued improper use of a wrongfully taken attorney-client privileged communication between Mr. Friedman, as counsel to Downs Law Group, and Downs Law Group, in October, 2013. While the Defendants continue to be perplexed as to the manner in which the Plaintiffsøare attempting to use this correspondence which is both factually correct and legally permitted in accordance with Florida law and further fails to support their claims in any way, this letter represents legal advice given to Downs Law Group by counsel after the dispute at issue arose and is protected by the attorney-client privilege pursuant to Florida law. It was illegally taken by a former employee of Downs Law Group, Amled Perez, and secretly given to Plaintiffs Jason Melancon and Marx Sterbcow. Discovery is still ongoing as to the full extent of their participation in taking and utilizing privileged materials from Downs Law Group through

However, as the Complaint only alleges this one cause of action, the complaint must be dismissed in its entirety and with prejudice for lack of standing.   The court in *Lambert v. Kenner City, et. al*, 2006 E.D. Lexis 719 (E.D. La. 2006) described the Louisiana Unfair Trade Practices Act as follows:

> Louisiana has established a private cause of action for any person who is damaged as a result of unfair or deceptive practices in the conduct of trade or commerce if the actions amount to a violation of [*17]  LUTPA. LUTPA is designed to prevent injury to competition and, in doing so, to protect **consumers** and **business competitors** from injury. *See Omnitech Int'l, Inc. v. Clorox Co., 11 F.3d 1316, 1331 (5th Cir. 1994)*; *Landrum v. Bd. of Comm'rs of the Orleans Levee Dist., 758 F. Supp. 387, 392 (E.D. La. 1991)*. (emphasis added)

This court, as well as many others, have stated that a Plaintiff lacks standing to pursue a claim under this statute unless it involves a claim by a consumer against the Defendant or a competitor of the Defendant.  *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.,* 220 F.3d 396, 405 (5th Cir. 2000); *Gardes Directional Drilling v. U.S. Turnkey Exploration Co.,* 98 F.3d 860, 868 (5th Cir. 1996).

The *Lambert* court in fact stated the following:

> Consistent with its purpose, LUTPA only affords consumers and business competitors standing to assert a private right of action. *Delta Truck & Tractor, Inc. v. J.I. Case Co., 975 F.2d 1192, 1205 (5th Cir. 1992)*. A consumer is õany person who uses, purchases, or leases good or services." *La. R.S. § 51:1402(1)*. A business competitor is a person who actually or potentially engages in business that competes directly or indirectly with the plaintiff. *Tubos de Acero de Mexico v. American Int'l Investment Corp., 292 F.3d 471,*

---

the actions of Ms. Perez. Upon discovering that this privileged document was given to them improperly, pursuant to the Florida Rules of Civil Procedure 1.285 and Florida Bar Regulation Rule 4-4.4(b), on March 31, 2014 in the Florida proceedings, the Defendants made a written demand upon Plaintiffsø Florida counsel, Robert McKee, for the current Plaintiffs to return this privileged document and cease and desist from using it further. Mr. McKee and the Plaintiffs refused to do so. As such, while the statements made therein are both factually and legally correct, the Defendants request that the court disregard it accordingly. The Plaintiffs certainly have the ability to take the deposition of the Defendants in the Florida proceedings who will confirm that the information in the letter is both factually and legally correct.. But use of this illegally obtained privileged document in these proceedings is improper. The Defendants thus request that the court disregard this privileged correspondence and issue sanctions against Mr. Melancon, Esq. for his continued use of a privileged document after proper demand,  including disqualification, a remedy under Florida law when privileged information is improperly obtained by opposing counsel.  *Atlas Air, Inc. v. Greenberg Traurig, P.A. et. al*, 997 So. 2d. 1117 (Fla. 3d. DCA 2008)

*480 (5th Cir. 2002)*.

The Plaintiffs do not qualify as õconsumers.ö  They did not use, purchase, or lease any goods or services from the Defendants.  It is further undisputed that none of the Plaintiffs are õcompetitorsö of the Defendants.  They in fact allege that they were co-counsel to these clients and "jointly represented" these clients.  As they clearly were not a competitor of the Defendants, nor do they allege that they were, under *Lambert*, they clearly lack standing to proceed forward with these claims.

As such, regardless of any other issue brought forth in the Motion to Dismiss, the lack of standing as to the Plaintiffsøsole cause of action is fatal.  For this reason, the Complaint must be dismissed with prejudice accordingly.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the above and foregoing Notice of Appearance has been electronically filed with Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing to all parties of record on or about the date as set forth above.

I HEREBY CERTIFY that the above was sent via U.S. Mail and Electronic Mail on this 13<u>th</u> day of May, 2014 to: Melancon Rimes, Jason L. Melancon, Suite B Baton Rouge, LA 70809 jason@melanconrimes.com.

The Downs Law Group, PA
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
(305) 444-8226
Attorney for Claimants


   <u>  /s/ Jeremy Friedman   </u>
Jeremy D. Friedman
Florida Bar # 134643