# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION J |
| This Document Relates To: 10-4536 | * * | |
| | * * | Honorable CARL J. BARBIER |
| | * | Magistrate Judge SHUSHAN |

BP EXPLORATION & PRODUCTION INC.'S
SUBMISSION IN RESPONSE TO THE COURT'S FEBRUARY 21, 2014 ORDER
REGARDING PREPARATION FOR DISCOVERY IN THE PENALTY PHASE

Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia ("Carrie") Karis, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-5985

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.*

*March 3, 2014*

1

BP Exploration & Production Inc. ("BPXP") submits this memorandum and the attached exhibits in compliance with the Court's February 21, 2014 Order Regarding Preparation for Discovery in the Penalty Phase (the "Order") (Rec. Doc. 12392).

**Preliminary Statement**

Although BPXP's investigation relating to certain of the Clean Water Act penalty factors continues, BPXP has complied in good faith with the Court's Order in its responses below and the attached submissions. BPXP has not yet had the benefit of any discovery or full fact investigation during the Penalty Phase in order to discover facts and formulate its contentions or, in some cases where proposed stipulations have been requested in the Order, to propose complete sets of stipulations. BPXP has prepared its submissions based on its current understanding of facts and expectation as to what the evidence will show. Accordingly, BPXP reserves the right to amend or supplement its submissions in response to the Order, including BPXP's proposed stipulations, based on its continuing investigation and any matters uncovered in discovery or otherwise. BPXP also states that additional proposed stipulations may be appropriate for consideration by the Parties and the Court following resolution of currently pending motions that will address the scope of the Penalty Phase.

BPXP understands the Court's desire for the parties to reach stipulations for purposes of achieving efficiencies in discovery and trial presentation. BPXP has met in good faith with the United States Department of Justice for that purpose and is willing to continue such discussions. It is BPXP's position that (a) there may be issues and factors on which few if any stipulations may be achievable, despite the good faith efforts of all parties; and (b) even as to certain factors and areas where stipulations are achieved, given the importance and nature of the issues and very large civil penalty sought by the United States in this matter, BPXP believes it has the right to, and intends (with the Court's permission) to, put forth live evidence through fact and expert witnesses, as well as

2

documentary evidence, at the trial of this matter. BPXP expressly preserves, and does not waive, its right to present such live testimony and evidence at trial. At the same time, BPXP states that there may be certain factors (and areas related to factors), as indicated below, where stipulations (if reached) may be able to constitute the complete presentation of the parties as to such factors or areas without the need for additional witnesses and evidence, if the parties so agree and with the Court's permission.

### Responses of BPXP to Applicable Provisions of the February 21, 2014 Order

BPXP submits the following responses to those portions of the Order relating to "Potential Evidence to be Adduced at Trial," to the extent applicable to BPXP and due on March 3, 2014.

**A.   Seriousness**

1. By **Monday, March 3, 2014,** provide a 2 page explanation of why any party believes that additional evidence needs to be adduced regarding the seriousness of the CWA violation. Put another way, may the Court consider the event, that released anywhere from 2.4 million barrels to 6.0 million barrels into the Gulf of Mexico, anything less than extremely serious?

**Response of BPXP.** Attached as **Exhibit 1** is BPXP's submission. BPXP will also be filing a brief in response to the United States' related motion in limine on March 6, 2014.

2. By **Monday, March 3, 2014**, provide the proposed stipulations proffered by the U.S. regarding the "seriousness" factor and any response to the proposal by BPXP. If BPXP did not respond, its response is due by **Wednesday, March 12, 2014**.

**Response of BPXP.** BPXP plans to make a submission on March 12, 2014 as directed.

By way of further background, on December 4, 2013, BP responded to a set of stipulations proposed by the United States regarding the seriousness factor set forth at 33 U.S.C. § 1321(b)(8). This response is provided as **Exhibit 2**. On January 21, 2014, the United States proposed a revised set of seriousness factor stipulations to which BP has not yet responded. Consistent with the Order, BP will provide the Court with its response and proposed counter stipulations to the United States' January 21 seriousness factor stipulations proposal by Wednesday, March 12, 2014.

3

B.  **Economic Benefit**

   3.   If the U.S. contends that any economic benefit accrued to BPXP, BP or APC as a result of the violation, it shall, by no later than **Wednesday, March 12, 2014,** produce all Rule 26(a)(1) initial disclosures with regard to that issue.

   **Response of BPXP.** No response by BPXP is required.

   4.   By **Monday, March 3, 2014**, the U.S. shall provide a 3 page explanation detailing its contentions regarding any alleged economic benefit.

   **Response of BPXP.** No response by BPXP is required.

C.  **Culpability**

   5.   By **Monday, March 3, 2014,** provide a 2 page explanation of why any party believes that additional evidence beyond that presented in Phase One and Phase Two of the trial needs to be adduced regarding the culpability of BPXP or BP.

   **Response of BPXP.**  BPXP does not believe that additional evidence beyond that presented in Phase One and Phase Two of the trial needs to be adduced regarding the "degree of culpability" factor.  BPXP refers the Court to its pending "Combined Motion In Limine To Exclude From The Penalty Phase (1) Additional Evidence Of Culpability And (2) Evidence Relating To Unrelated Prior Incidents" (Rec. Doc. 12347) and its reply brief to be filed on March 13, 2014.

D.  **Any Other Penalties for the Same Incident**

   6.   By **Monday, March 3, 2014**, BPXP is to provide the agreed to stipulation(s) regarding any other penalties imposed against it for the same incident.

   **Response of BPXP.** Attached as **Exhibit 3** is BPXP's submission.  BPXP believes that this stipulation is now final and has been agreed to by the United States and Anadarko.

   7.   The U.S. is to provide proposed stipulations regarding this factor as it relates to APC by **Monday, March 3, 2014,** and APC is to provide its responses by **Wednesday, March 12, 2014**.

   **Response of BPXP.** No response by BPXP is required.

E.  **History of Prior Violations**

   8.   By **Wednesday March 12, 2014**, the U.S. is to provide a 2 page submission regarding any other statutory violations by BPXP that it believes are pertinent to this factor along with a listing of the dates and nature of the violations.

   **Response of BPXP.** No response by BPXP is required.

   9.   By **Monday, March 3, 2014**, APC is to provide the current stipulations it is working on with the U.S. By **Wednesday March 12, 2014,** the U.S. shall provide its responses.

If the U.S. contends that other violations as to APC (which are not currently the subject of the draft stipulations) are pertinent to this factor then by **Monday, March 3, 2014**, it is to provide a 2 page submission regarding those violations along with a listing of the dates and nature of the violations.

**Response of BPXP.** No response by BPXP is required.

F.   **Mitigation**

  10. By **Monday, March 3, 2014**, the U.S. shall provide its proposed stipulations regarding BPXP's and the BP group affiliates' efforts to minimize or mitigate the effects of the discharge. BP is to provide its responses to the U.S.'s proposed stipulations by **Wednesday, March 12, 2014**.

**Response of BPXP.** BPXP will make a submission on March 12.

  11. By **Monday, March 3, 2014**, BPXP is to provide stipulations regarding its spill response and mitigation efforts as well as the efforts of other BP entities which participated in the spill response. Those stipulations shall be separate. The U.S. is to provide its responses by **Wednesday, March 12, 2014**.

**Response of BPXP.** Attached as **Exhibit 4** is "BPXP's Proposed Stipulated Facts Concerning Its Efforts To Minimize and Mitigate the Effects of the *Deepwater Horizon* Spill." As the OPA Responsible Party, BPXP participated in the Unified Command-led response to the spill.

  Based on factual development to date, BPXP expects that the evidence will show that BPXP marshalled, and bore the vast majority of the costs of, personnel and resources of other BP entities, as well as third-party contractors, to respond to and mitigate the effects of the spill. In this regard, the "mitigation efforts" of BPXP necessarily include the mitigation efforts that other BP entities and third-party contractors undertook on behalf of BPXP. For these reasons, BPXP has submitted a single set of stipulations relating to BPXP's mitigation efforts. BPXP's mitigation stipulations are not intended to be a comprehensive description of all efforts that the company has undertaken to mitigate the environmental, economic and other effects of the spill. Rather, the proposed stipulations may streamline, but do not eliminate the need for, presentation of evidence at the Penalty Phase trial on this factor. BPXP therefore reserves the right to offer fact or expert evidence at trial relating to the topics addressed in the proposed stipulations, or relating to topics not addressed in the proposed stipulations. BPXP further reserves the right to supplement or amend these proposed stipulations.

  **Additional Submission Relating to Human Health Issues**

  In addition, BPXP is attaching as **Exhibit 5** proposed "Stipulated Facts Concerning the Status of Human Health Following the *Deepwater Horizon* Incident." Several of these proposed stipulations concern the efforts of BPXP to minimize or mitigate the effects of the *Deepwater Horizon* spill on human health and are to submitted today, March 3, pursuant to the Court's Order. Additional proposed stipulations are also included in this submission for the convenience of the Court, as BPXP believes that it will be most efficient for the Court to review in one document a more comprehensive set of proposed stipulations concerning human health. This

5

more comprehensive set of stipulations may also serve to facilitate discussion, as the Court may direct, between the United States and BPXP in an effort to reach agreement on a set of stipulations pertaining to human health. If BPXP and the United States are able to reach agreement on a comprehensive set of stipulations regarding human health, the parties may also be able to agree that neither discovery regarding human health nor presentation of trial evidence on human health is necessary in litigation of the Penalty Phase.

G. **Economic Impact**

12. By **Monday, March 3, 2014**, BPXP shall prepare draft stipulations relative to the economic impact of a penalty on BPXP. By **Wednesday, March 12, 2014**, the U.S. is to provide its responses.

**Response of BPXP.** Attached as **Exhibits 6-9** are four sets of stipulations offered by BPXP, relating to the economic impact of a penalty on BPXP. BPXP reserves the right to supplement or amend these proposed stipulations. BPXP further reserves the right to offer fact or expert evidence at the Penalty Phase trial relating to the topics addressed in the proposed stipulations, or relating to topics not addressed in the proposed stipulations. The proposed stipulations relate only to information existing as of December 31, 2013 or as of an earlier date; BPXP reserves the right to offer updated financial information at the time of trial or as additional information becomes available.

**Exhibit 6** is BPXP's set of proposed "Stipulated Facts Concerning Liabilities Incurred by BP Exploration & Production Inc. Relating to the *Deepwater Incident* and Oil Spill." These proposed stipulations describe certain liabilities incurred by BPXP relating to the incident and spill, including payments and estimated provisions for future payments.

**Exhibit 7** is BPXP's Proposed Stipulated Facts Concerning Claims Activity, which summarizes claims and payments relating to the Gulf Coast Claims Facility, the *Deepwater Horizon* Court Supervised Settlement Program, and the BP Claims Program.

**Exhibit 8** is BPXP's proposed set of "Stipulated Facts Concerning the Financial Position of BP Exploration & Production Inc.," which includes information regarding BPXP's financial position including unaudited financial data from BPXP's trial balances as of December 31, 2013. BPXP notes that Exhibit 8 contains "Confidential" information within the meaning of PTO 13 and should be treated accordingly.

**Exhibit 9** is BPXP's proposed "Stipulated Facts Concerning the Consolidated Financial Position of BP p.l.c. and its Subsidiaries," and is offered in response to proposed stipulations about the BP Group offered by the United States. These proposed stipulations address certain documents setting forth financial information relating to BP p.l.c. and its subsidiaries.

13. By **Monday, March 3, 2014**, the U.S. is to provide the draft stipulations it has proposed to APC. By **Wednesday, March 12, 2014**, APC is to provide its responses.

**Response of BPXP.** No response by BPXP is required.

14.  If the U.S. contends that the financial information or activities of any APC subsidiaries or affiliates should be considered in this factor, then by **Monday, March 3, 2014**, it shall file a motion regarding that issue; APC shall file its opposition by **Wednesday, March 12, 2014**; and any reply by the U.S. shall be filed by **Monday, March 17, 2014**.

**Response of BPXP.**  No response by BPXP is required.

## H.  Any Other Matters

15.  By **Monday, March 3, 2014**, BPXP is to provide proposed stipulations regarding its positive impact on "the local economy and community." By **Wednesday, March 12, 2014**, the U.S. is to provide its responses.

**Response of BPXP.**  Attached as **Exhibit 10** is BPXP's Stipulated Facts Concerning the Positive Impact of BP Exploration & Production Inc. on the Economy and Community.  These proposed stipulations include information about BPXP's capital and employment spending, as well as BPXP's royalty payments at the federal level.

16.  If there are any "other matters" a party believes are pertinent, by **Monday, March 3, 2014**, it shall submit a listing of those matters in a submission no longer than 2 pages.

**Response of BPXP.**  Attached as **Exhibit 11** is BPXP's submission.

## Conclusion

BPXP will be prepared to discuss this submission and BP's subsequent submissions in response to the Order at the March 21, 2014 status conference.

7

March 3, 2014                                               Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia ("Carrie") Karis, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-5985

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.***

# EXHIBIT 10

**BP EXPLORATION & PRODUCTION INC.'S
SUBMISSION IN RESPONSE TO THE COURT'S FEBRUARY 21, 2014 ORDER
REGARDING PREPARATION FOR DISCOVERY IN THE PENALTY PHASE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 Section: J |
| This Document Relates To: 10-4536 | : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |

## BPXP'S PROPOSED STIPULATED FACTS CONCERNING BP EXPLORATION & PRODUCTION INC.'S <u>POSITIVE IMPACT ON THE ECONOMY AND COMMUNITY</u>

Pursuant to the Court's February 21, 2014 Order [Rec. Doc. 12392], BP Exploration & Production Inc. ("BPXP") submits the following proposed stipulations concerning BPXP's positive impact on the economy and community. These proposed stipulations relate to the Penalty Phase of *United States v. BP Exploration & Production Inc., et al.*, Case No. 10-4536. In proposing these stipulations, BPXP makes no concession regarding the relevance of these facts to the determinations in the Penalty Phase.

These proposed stipulations relate to BPXP's positive impact on the economy and community as an employer and investor through its business operations conducting exploration and production operations in the Gulf of Mexico, and they are not designed to include expenditures undertaken in consequence of the *Deepwater Horizon* spill, including expenditures undertaken to respond to or otherwise mitigate the effects of the spill; expenditures undertaken to to pay claims for economic loss, property damage, response costs, and other damages; and other spill-related expenditures ("Response, Mitigation, Claims, and Other Spill Expenditures"). Those spill-related expenditures are addressed in separate proposed stipulations including: BPXP's Proposed Stipulated Facts Concerning its Efforts to Minimize or Mitigate the Effects of the *Deepwater Horizon* Spill, BPXP's Proposed Stipulated Facts Concerning Claims Activity, and BPXP's Proposed Stipulated Facts Concerning Liabilities Incurred by BP Exploration & Production Inc. Relating to the *Deepwater Incident* and Oil Spill.

These facts are based on information known to be true in all material respects based upon the unaudited trial balance for BPXP as of December 31, 2013. These proposed stipulations should not be interpreted as in any way precluding BPXP from presenting evidence of these facts at trial or from presenting evidence of other facts at trial, regardless of whether those other facts are discussed below. BPXP reserves the right to amend these proposed stipulations based on

additional information and the right to present additional and updated information concerning BPXP's positive impact on the economy and community.

1. In 2008, capital expenditures by BPXP for work done in the Gulf Coast region[1] were approximately $2.9 billion.

2. In 2009, capital expenditures by BPXP for work done the Gulf Coast region were approximately $2.7 billion.

3. In 2010, capital expenditures by BPXP for work done in the Gulf Coast region were approximately $2.3 billion, excluding Response, Mitigation, Claims, and Other Spill Expenditures.

4. In 2011, capital expenditures by BPXP for work done in the Gulf Coast region were approximately $2.0 billion, excluding Response, Mitigation, Claims, and Other Spill Expenditures.

5. In 2012, capital expenditures by BPXP for work done in the Gulf Coast region were approximately $2.7 billion, excluding Response, Mitigation, Claims, and Other Spill Expenditures.

6. In 2013, capital expenditures by BPXP for work done in the Gulf Coast region were approximately $3.6 billion, excluding Response, Mitigation, Claims, and Other Spill Expenditures.

7. For the period 2008 to 2013, capital expenditures by BPXP for work done in the Gulf Coast region were approximately $16.2 billion, excluding Response, Mitigation, Claims, and Other Spill Expenditures.

8. In 2008, BPXP spent approximately $370 million on compensation to BP Group[2] employees for work done for BPXP in the Gulf Coast region.

9. In 2009, BPXP spent approximately $420 million on compensation to BP Group employees for work done for BPXP in the Gulf Coast region.

10. In 2010, BPXP spent approximately $374 million on compensation to BP Group employees for work done for BPXP in the Gulf Coast region, excluding Response, Mitigation, Claims, and Other Spill Expenditures.

---

[1] For purposes of these stipulations, the Gulf Coast region is defined as Texas, Louisiana, Mississippi, Alabama, Florida, and the Gulf of Mexico.

[2] "BP Group" means BP p.l.c. and its subsidiaries.

11. In 2011, BPXP spent approximately $347 million on compensation to BP Group employees for work done for BPXP in the Gulf Coast region, excluding Response, Mitigation, Claims, and Other Spill Expenditures.

12. In 2012, BPXP spent approximately $422 million on compensation to BP Group employees for work done for BPXP in the Gulf Coast region, excluding Response, Mitigation, Claims, and Other Spill Expenditures.

13. In 2013, BPXP spent approximately $482 million on compensation to BP Group employees for work done for BPXP in the Gulf Coast region, excluding Response, Mitigation, Claims, and Other Spill Expenditures.

14. For the period 2008 to 2013, BPXP spent approximately $2.4 billion on compensation to BP Group employees for work done for BPXP in the Gulf Coast region, excluding Response, Mitigation, Claims, and Other Spill Expenditures.

15. In 2008, BPXP paid approximately $1.3 billion in federal royalties to the United States, including cash and in-kind payments.

16. In 2009, BPXP paid approximately $1.0 billion in federal royalties to the United States, including cash and in-kind payments.

17. In 2010, BPXP paid approximately $1.1 billion in federal royalties to the United States, including cash and in-kind payments.

18. In 2011, BPXP paid approximately $1.1 billion in federal royalties to the United States, including cash and in-kind payments.

19. In 2012, BPXP paid approximately $.89 billion in federal royalties to the United States, including cash and in-kind payments.

20. In 2013, BPXP paid approximately $.78 billion in federal royalties to the United States, including cash and in-kind payments.

21. For the period 2008 to 2013, BPXP paid approximately $6.2 billion in federal royalties to the United States, including cash and in-kind payments.

# EXHIBIT 11

**BP EXPLORATION & PRODUCTION INC.'S
SUBMISSION IN RESPONSE TO THE COURT'S FEBRUARY 21, 2014 ORDER
<u>REGARDING PREPARATION FOR DISCOVERY IN THE PENALTY PHASE</u>**

## BPXP's March 3, 2014 Submission re the Other Matters As Justice May Require Factor

Subject to the reservation of rights in its Filing In Response To The Court's February 21, 2014 Order Regarding Preparation For Discovery In The Penalty Phase, BPXP lists the following topics which it believes may be pertinent and on which it is currently considering presenting evidence with respect to the "other matters as justice may require" factor:

1. BPXP plays an important role in the both the United States and Gulf Coast economies.

2. BPXP has made substantial voluntary monetary commitments to the Gulf states that have improved public health, the environment and the economies of those states.[i]

3. BPXP's technological achievements and industry leading safety advancements from the response were substantial, innovative and highly valuable and have improved standards in other companies throughout the industry.

4. BPXP has taken a leading role in the industry and expended considerable efforts to improve deepwater drilling safety since the *Deepwater Horizon* incident.

5. Justice requires that a penalty here be compared to and calibrated with penalties sought and obtained against other companies, both in relation to this case and other environmental incidents.

6. Certain actions taken or decisions made by the United States and then implemented through the Unified Command may have made BPXP's remediation and response efforts less effective, and thereby increased BPXP's potential liabilities for the Incident.

---

[i] It is BPXP's position that these facts are included in the efforts to mitigate harm factor. If the Court concludes both that (i) these facts are not part of that factor and (ii) facts within the subject matter but beyond the scope of a specific factor may still be admitted under 'other matters' --both of which would be contrary to be BPXP's position-- then BPXP is preserving its right to offer these facts under "other matters".