# Exhibit 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| Nos. 10-2179; 10-4536; 10-2771 | * | |
| | * | MAGISTRATE NO. 1 |
| | * | MAGISTRATE SHUSHAN |
| *   *   *   *   *   *   *   *   *   *   *   * | | |

## ANADARKO'S MARCH 3, 2014 SUBMISSION

BINGHAM McCUTCHEN LLP

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@bingham.com
Thomas R. Lotterman
tom.lotterman@bingham.com
David B. Salmons
david.salmons@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, N.W.
Washington, D.C. 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
1615 Poydras Street
Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

Pursuant to the Court's Order dated February 21, 2014, Defendant Anadarko Petroleum Corporation[1] provides the following submissions regarding potential evidence to be adduced at trial:

### A. Seriousness

Anadarko acknowledges that the Incident was serious and believes that no additional discovery or evidence is needed on this factor.[2]

In its Rule 26(f) Report, the United States proposed a "middle-ground" to resolve its dispute with BP on what evidence could be presented at trial on this factor. It proposed putting on expert testimony based on the existing record and so-called publicly available information, but opposed any discovery of evidence not publicly available. This is neither a solution nor a compromise. The availability of information to the public does not automatically render it reliable, relevant or admissible. And non-public information could debunk an expert's opinion, especially if the information comes from the files of representatives of the United States. If any additional evidence on seriousness is permitted by the Court, then discovery into other relevant evidence, whether considered by the expert or not, or whether publicly available or not, should be permitted to ensure a level playing field.

Anadarko's position that no additional evidence on seriousness is needed does not mean it is agnostic to the United States' proposed stipulations or its recent motion *in limine* on this factor. The United States' initial draft stipulations, presented as non-binding unless signed by all

---

[1] By Stipulated Order dated February 29, 2012 [Rec. Doc. 5930], the United States stipulated that it "will not assert any claim for a CWA penalty against [Anadarko E&P Company LP]." Therefore, this submission addresses only Anadarko Petroleum Corporation ("Anadarko").

[2] Anadarko does not agree with the United States' characterization of the scope of this factor in its Rule 26(f) Report. In particular, the United States contends that actual or potential harm to economic interests relate to this factor, citing to no authority to support such a claim. Courts have generally considered harms to the environment and public health, not, for example, claims filed as outlined in the United States' proposed stipulations. *See U.S. v. Scruggs*, No. G-06-776, 2009 WL 500608, at *4 (S.D. Tex. Feb. 26, 2009) (citations omitted).

parties, were rife with inflammatory characterizations about the impact of the Incident (e.g., "staggering consequences" and "disastrous impact") and were often based on hearsay and opinion, not fact. Thus, Anadarko concurred with BP's rejection of those stipulations, although for different reasons. And although the United States then responded by presenting a shorter version of its stipulations, it expressly reserved the right to put on expert testimony regarding seriousness and opposed any discovery of non-public information not considered by its expert. As explained above, that approach is unacceptable and unfair.

### B.  Economic Benefit

No submission is required by Anadarko. As noted in its case management submission, Anadarko expects to offer evidence on this factor at trial.

### C.  Culpability

Anadarko has filed a motion *in limine* on the culpability factor as it relates to Anadarko.

### D.  Any Other Penalties for the Same Incident

The parties, including Anadarko, have reached an agreement on stipulations for this factor, which will be submitted by the United States. Therefore, no further discussion is necessary.

### E.  History of Prior Violations

Anadarko's proposed stipulations that it provided to the United States are attached as Exhibit 1. While Anadarko reserves the right to contest the scope and relevance of this factor as it relates to Anadarko, the stipulations summarize all CWA violations by Anadarko in the Gulf of Mexico for five years before the Incident (from 2005 to 2010).

### F. <u>Mitigation</u>

Although Anadarko was not asked by the Court to submit its position on this factor, Anadarko wishes to note that it intends to adduce very limited testimony at trial concerning its offers and efforts to minimize or mitigate the effects of the discharge.

### G. <u>Economic Impact</u>

No submission is required by Anadarko.

### H. <u>Any Other Matters</u>

The February 21, 2014 Order requests a listing of "any 'other matters' a party believes are pertinent." The United States has reserved the right to argue that evidence found inapplicable to the other factors in Section 311(b)(8) of the Clean Water Act, 33 U.S.C. § 1321(b)(8), might be admissible under this factor. [Rec. Doc. 12351 at 13]. Anadarko disputes this interpretation of Section 311(b)(8) [Rec. Doc. 12341 at 4; Rec. Doc. 12343-1 at 14-15], and reserves its right to contest the relevance of matters raised by the United States under this factor. The extent of this dispute will be clearer once the United States identifies the "other matters" it believes are pertinent.

Anadarko also reserves its right to present additional evidence in response to any matter raised by the United States under this factor (if allowed) or any other factor, even if not specifically listed here. Finally, Anadarko reserves its right to identify additional matters based on discovery in this case.

Below is a list of "other matters" that Anadarko believes are pertinent:

1.   Government oversight, approvals, and compliance requirements for deepwater drilling generally and for the Macondo well specifically.

2. Government enforcement actions, including criminal actions, with respect to the Incident.

3. Pre- and post-Incident regulatory guidance, recommendations and practice regarding deepwater drilling and enforcement history as it relates to operators, contractors, and non-operating investors.

4. The importance and benefits of offshore oil development both locally and nationally, and contributions by Anadarko to the local economy and community affected by the Incident.[3]

5. Benefits to the United States of offshore oil development, including royalties.

6. Industry custom and practice (including contractual relationships) between designated operators and non-operating investors.

7. Potential and actual impacts on (i) non-operating investors, (ii) investment in offshore oil development, (iii) offshore drilling operations, and (iv) industry custom and practice (including contractual relationships) if penalties (or the threat of penalties) are imposed on non-operating investors.

8. Efficacy of penalties against non-operating investors.

9. Evidence to rebut any "other matters" introduced by the United States (if allowed).

Respectfully submitted,

DATED: March 3, 2014           BINGHAM McCUTCHEN LLP

/s/ *James J. Dragna*
James J. Dragna
jim.dragna@bingham.com

---

[3] The February 21, 2014 order requested stipulations only from BP regarding the benefits to the local economy.

4

355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@bingham.com
Thomas Lotterman
tom.lotterman@bingham.com
David B. Salmons
david.salmons@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

# Exhibit 1

SETTLEMENT CONFIDENTIAL – SUBJECT TO FRE 408 AND PTO 38

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: Case No. 10-4536 ……………………………………………….. | : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |

## STIPULATED FACTS CONCERNING HISTORY OF PRIOR VIOLATIONS

Anadarko Petroleum Corporation ("Anadarko")[1] and the United States hereby stipulate to the facts set forth below. These stipulated facts relate to the penalty phase of *United States v. BP, et al.*, No. 10-4536. Section 311(b)(8) of the Clean Water Act provides, as one of the penalty factors the court is to consider, "any history of prior violations." 33 U.S.C. § 1321(b)(8). By agreeing to these stipulated facts, Anadarko seeks to avoid unnecessary discovery, and does not waive any arguments it may have regarding the relevance of this factor or the facts below. Anadarko reserves the right to present or rebut any additional facts and evidence related to such history, in this phase, any other phase in this case or any other civil action.

### STIPULATED FACTS

1. In total, Anadarko paid $12,834.58 in penalties for alleged violations of the Clean Water Act related to Anadarko's Gulf of Mexico operations from 2004 to 2010.[2]

2. The civil penalties incurred during this time frame were largely of $500 or less and involved discharges of approximately two gallons or fewer.

3. Anadarko paid a penalty of $4,500 for alleged permit violations occurring in 2004 and 2005.[3] Anadarko also paid $17,500 for a supplemental environmental project.[4] This payment was more than was required under the related consent agreement and final order.

---

[1] The United States has agreed not to pursue any claim for a Clean Water Act penalty against Anadarko E&P Company LP. *See* Stipulated Order Regarding Anadarko Entities at ¶2, MDL No. 2179 (E.D. La. Feb. 29, 2012) [Rec. Doc. 5930].

[2] In addition to the documents cited below, Anadarko can provide additional evidence of payments made upon request.

[3] Consent Agreement and Final Order, U.S.E.P.A. Region 6, Docket No. CWA-06-2007-1718.

[4] Letter from Linda R. Shead, Program Director, The Trust for Public Land, to Susan Hathcock, Regulatory Affairs Manager, Anadarko Petroleum Corp. (July 9, 2007) (on file with Anadarko Petroleum Corp.).

A/75869305.1

4. Anadarko paid a penalty of $500 related to a discharge of approximately two gallons of oil occurring on June 20, 2005.[5]

5. Anadarko paid a penalty of $5,334.58 related to a discharge of approximately fifteen barrels of synthetic based mud occurring on June 23, 2005.[6]

6. Anadarko paid a penalty of $250 related to a discharge of approximately one gallon of crude oil occurring on May 10, 2005.[7]

7. Anadarko paid a penalty of $500 related to a discharge of approximately two gallons of crude oil occurring on August 24, 2006.[8]

8. Anadarko paid a penalty of $250 related to a discharge of approximately 0.5 gallon of crude oil occurring on May 14, 2009.[9]

9. Anadarko paid a penalty of $250 related to a discharge of approximately 0.4 gallon of oil occurring in August of 2009.[10]

10. Anadarko paid a penalty of $250 related to a discharge of less than one gallon of crude oil occurring on December 26, 2009.[11]

11. Anadarko paid a penalty of $1,000 related to a discharge of approximately three barrels of synthetic based mud occurring on April 21, 2010.[12]

---

[5] Notice of Violation from U.S. Coast Guard to Anadarko Petroleum Corp., NRC Case # 762811 (June 23, 2004).

[6] Consent Agreement and Final Order, U.S.E.P.A. Region 6, Docket No. CWA-06-2006-1777.

[7] Notice of Violation from U.S. Coast Guard to Anadarko Petroleum Corp., NRC Case # 796750 (June 2, 2006).

[8] Notice of Violation from U.S. Coast Guard to Anadarko Petroleum Corp., NRC Case # 808974 (Sept. 14, 2006).

[9] Notice of Violation from U.S. Coast Guard to Anadarko Petroleum Corp., NRC Case # 905609 (Aug. 21, 2009).

[10] Notice of Violation from U.S. Coast Guard to Anadarko Petroleum Corp., NRC Case # 916216 (Oct. 22, 2009).

[11] Notice of Violation from U.S. Coast Guard to Anadarko Petroleum Corp., NRC Case # 927142 (Jan. 8, 2010).

[12] Notice of Violation from U.S. Coast Guard to Anadarko Petroleum Corp., NRC Case # 937787 (Sept. 15, 2010).

A/75869305.1