UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: 10-4536 | : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |
| …………………………………………………... | : | |

### BPXP'S MOTION TO COMPEL THE UNITED STATES TO PRODUCE DISCOVERY IN THE CLEAN WATER ACT PENALTY PHASE

Pursuant to Federal Rule of Civil Procedure 37, Defendant BP Exploration & Production Inc. ("BPXP") moves to compel the United States ("US") to produce documents, information, and witnesses that are indisputably relevant to the issues before the Court in the Clean Water Act Penalty Phase.

The US refuses to provide discovery requested by BPXP on issues that are the subject of mirror requests that the US itself has served on BPXP and that the US has expressly acknowledged in its discovery responses are relevant to this case. The US does not claim that the requested discovery is irrelevant; rather, it relies on a series of unfounded and novel objections to avoid its discovery obligations—refusing, for example, to produce documents under a non-existent "Natural Resource Damages Assessment ("NRDA") privilege" (even though BPXP's requests do not call for NRDA analysis) and to produce witnesses under a so-called "big wig" exception. Neither of these excuses the US from its discovery obligations. Nor do unsupported assertions of burden as BPXP has narrowly tailored its document requests to targeted searches of a select file sets, mindful of the scope of prior productions.

The US refuses to produce several categories of relevant discovery. *First*, the US has failed to answer straightforward interrogatories regarding the environmental impact of the spill and BPXP's mitigation efforts, including ones that closely track requests that the US itself has served. *Second*, the US rejects BPXP's requests that it conduct targeted searches for relevant documents, standing on inflated claims of the scope of the requests and the US's prior document productions. *Third*, the US refuses to make essential witnesses available for deposition or to designate Rule 30(b)(6) witnesses on topics that are critical to BPXP's defenses, including topics that again, the US has included in its own discovery requests to BPXP.

Despite lengthy meet-and-confer discussions, including on April 23, April 25, May 2, May 5, and May 8 relating to written discovery requests and on April 30, May 5, and May 8 relating to Rule 30(b)(6) Deposition Notices, the parties have been unable to reach a resolution on BPXP's discovery requests as set forth herein and the accompanying Memorandum in Support of BPXP's Motion. Accordingly, BPXP respectfully requests that the Court grant its motion and order the US to:

- Supplement its responses to BPXP's Interrogatories 2, 6, 7, 8, 10, 11, and 12;
- Search for and produce documents responsive to BPXP's Requests for Production Nos. 3, 4, 6, 11, and 13;
- Produce for deposition fact witnesses Dr. Jane Lubchenco, Rear Admiral Steve Poulin, Rear Admiral Paul Zukunft, Dr. Jacqueline Michel, and Dr. Robert Haddad; and
- Designate and produce for deposition designees for noticed Rule 30(b)(6) topics 1, 2(a), 4, 5, and 6.

Date: May 13, 2014                                  Respectfully submitted,

                                                               <u>/s/ Don K. Haycraft</u>
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia Karis, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

***Attorneys for BP Exploration & Production Inc.***

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of May, 2014.

                                                     /s/ Don K. Haycraft
                                                     Don K. Haycraft