# Exhibit B

| | |
|---|---|
| From: | Langan, Andrew |
| Sent: | Tuesday, May 06, 2014 7:57 PM |
| To: | *steve.o'rourke@usdoj.gov; Karis, Hariklia; *Sarah.Himmelhoch@usdoj.gov; Kirby, Ky E. |
| Cc: | *mbrock@cov.com; Nomellini, Mark J.; Jakola, Katie; *Brian.Israel@aporter.com; *abigail.andre@usdoj.gov; DeSantis, Karen McCartan; *deepwater.horizon@usdoj.gov; Lotterman, Thomas R.; Dragna, Jim; Halverson, David M. |
| Subject: | RE: MDL2179-, 10-4536 Penalty Phase -- Numbers of Depositions |

Dear Steve,

Thank you for your May 5 mail below responding to our proposal of last Wednesday, April 30, regarding depositions of fact witnesses.

We decline the US's proposal below for several reasons. First, we continue to believe it is premature to identify BPXP's trial witnesses now, when written discovery has just begun and no depositions have been taken. We view the US's proposal for "may call" witnesses as requiring precisely that. As you are aware, BPXP provided a list of potential witnesses who may be called upon to testify in its initial and supplemental Rule 26(a) disclosures. We will once again review our list to determine if any names can be withdrawn but beyond that, we believe that those individuals are potential witnesses. Moreover, to streamline the process, as we indicated during our meet and confer last week, we propose that the parties first discuss fact witnesses and then identify 30(b)(6) witnesses, as doing so may decrease the total number of fact witnesses necessary for deposition and total number of deposition bundles to be submitted for trial.

Perhaps a compromise the parties might consider is to have the parties identify the top 10 witnesses each side wishes to depose, allow the other side a couple of days to determine how many deponents it needs to present on Rule 30(b)(6) topics beyond the individuals identified for deposition, and then discuss those additional witnesses, and whether additional deponents are required. It may be the case that very few, if any, additional witnesses are required.

Then, if during the course of discovery, any individual is identified as a witness to be called to trial, that fact can be disclosed to the other side and their deposition can be taken. This will allow each party to take the depositions required to support its case and also allow the other side an opportunity to examine a witness if he/she is identified as a trial witnesses.

Please let us know if this proposal is acceptable.

Second, BPXP does not agree with the various fact witness restrictions the US has asserted for at least 6 of the government's current and former employees. (See your April 25, 2014 letter, which has a January 17, 2014 date, which we think is an error.) BPXP timely and properly disclosed such witnesses in its Rule 26(a) submissions. As an initial matter, BPXP agrees to not deposing previously deposed witnesses, specifically, Admirals Allan and Watson. However, the other witnesses to which the US has asserted objections to their depositions, including Poulin, Zukunft, Lubchenco, Haddad and Michel, each have relevant fact information that BPXP has never been permitted to discover.

Specifically, you have objected to certain witnesses because you assert they have substantial NRD involvement. In the interest of compromise and cooperation, in response to your offer, we will agree to depose Dr. Childs, whom you say has greater knowledge than Dr. Haddad, in lieu of Dr. Haddad, provided that the

1

U.S. also agrees to produce Dr. Michel for deposition.  If Dr. Childs cannot answer the questions that would have been appropriate for Dr. Haddad, we reserve the right to seeks Dr. Haddad's deposition.

As for the other witness in this category, namely Jaqueline Michel, the US SCAT Team Lead during the Response, it is BPXP's view that she is required to appear for deposition pursuant to the federal rules.  To the extent that she or any other witnesses have access to privileged information through their NRD or involvement in privileged work streams, if questions are asked during their depositions that call for such information, appropriate objections can be lodged at that time.  We do not agree that merely because a witness has been involved in NRD related work, all their testimony is off limits.  Such a restriction and objection is broader than the limitation the court imposed for NRD related work and broader than the federal rules permit.  These witnesses also have substantial non-NRD related knowledge.  BPXP is permitted to discover such information.  As you are likely aware, some of BPXP's current and former employees also have substantial NRD related knowledge and involvement, but we are not objecting to their depositions, though we reserve the right to assert appropriate objections during the depositions.

DOJ has identified category of individuals as "high level government officials" and objected to their deposition (except we note that DOJ no longer objects to the deposition of Dr. Howard).   We likewise do not agree that their depositions are off limits.  Indeed, some of these witnesses are no longer with the US government.

Separately but relatedly, you have also asked about each side potentially "pulling down" topics identified in the parties' draft Rule 30(b)(6) deposition notices.  Specifically, during the May 1 telephone conference with the Court, the U.S. proposed that it would withdraw topics 3-6 of its Rule 30(b)(6) notice in exchange for BPXP's withdrawal of topics 1, 2(a), 4, 5 and 6.  At this point, BPXP cannot agree to withdraw topics 1, 2(a), or 4 from the draft defense notice.   In exchange for the U.S.'s withdrawal of topics 3-6 as offered by the U.S., however, BPXP is willing to withdraw  BPXP's topic 5 (on the condition that Jacqui Michel, Jane Lubchenco and Carl Childs be made available for deposition).  In addition, as part of this arrangement, BPXP would also withdraw topic 6 in return for the USA agreeing to run searches of particular custodians pursuant to search terms we would propose (and to which the USA would reasonably agree)  re the Mississippi River diversion.  As another part of this compromise, with respect to topic 1, we would also agree to exclude questioning regarding non-public NRDA information, but BPXP should be able to ask about public statements and publications related to the environment, even if part of the NRDA.  Please let us know if this proposal is acceptable to you.

We look forward to further discussing these issues with you.  If we cannot reach an agreement on the fact witnesses, we will require the court's assistance before we finalize the list of deponents and deposition dates.  Further, given the various open issues facing the parties, we should discuss the way forward given the May 12 deadline the parties face per the Court's April 21 scheduling order.


Best regards

Andy Langan


**J. Andrew Langan, P.C.**

**KIRKLAND & ELLIS LLP**
300 North LaSalle Street Chicago, IL 60654
Tel. +1-312-862-2064  Fax +1-312-862-2200

andrew.langan@kirkland.com

From: O'Rourke, Steve (ENRD) [mailto:Steve.O'Rourke@usdoj.gov]
Sent: Monday, May 05, 2014 2:21 PM
To: Karis, Hariklia; *Sarah.Himmelhoch@usdoj.gov; Kirby, Ky E.
Cc: *mbrock@cov.com; Langan, Andrew; Nomellini, Mark J.; Jakola, Katie; *Brian.Israel@aporter.com; *abigail.andre@usdoj.gov; DeSantis, Karen McCartan; *deepwater.horizon@usdoj.gov; Lotterman, Thomas R.; Dragna, Jim; Halverson, David M.
Subject: MDL2179-, 10-4536 Penalty Phase -- Numbers of Depositions

Dear Counsel:

I write regarding the number of depositions. We understand the bidding as follows:

-BP proposes that BP and the US each can take 10 to 12 depositions, with each side getting to depose whoever they want from the witnesses listed in the 26(a) disclosures. That limit includes anyone who is also designated a 30(b)(6) designee. To the extent that BP "may call" witnesses at trial that the US had not named for deposition, there will be additional depositions of those witnesses, above the limit of 10 (or 12). If I have misunderstood your offer, please correct my error.

-The US proposed that each side could take five depositions from those listed in the 26(a) disclosures, and that each party could also identify up to five additional "may call" witnesses to support its case, and those five would have their depositions taken too. That would yield a hard limit of 10 fact witnesses to be bundled for trial (in addition to Rule 30(b)(6) designees).

-Under either proposal, the US and APC will discuss depositions separately, and not as part of the BP-US discussions.

We do not agree with BP's proposal, as it gives an uncertain number of depositions, and uncertain number of transcripts to be bundle for trial. The US would also be at some level guessing at who BP might call to trial when selecting the initial 10.

Therefore, as a compromise between our two proposals, we suggest that the limit be 12 (an increase from our first proposal). Seven of those twelve would be affirmative depositions, selected by the opposing party, and five would be "may call" witnesses selected by the offering party. No witness who does not sit for deposition can appear at trial. That would yield a hard limit of 12 fact witnesses to be bundled for trial (in addition to Rule 30(b)(6) designees), and eliminate any "work around" witnesses.

As to the 30(b)(6) designees, we all seem to agree that identifying the Rule 30(b)(6) designees by name, this week, is the goal, although the exact date remains unclear.

Regarding the 30(b)(6) topics, last week we had proposed to mutually drop all topics about human health or environmental harm (essentially to agree that those topics would be for expert rather than 30(b)(6) witnesses). Please let us know whether you have decided to agree with that idea or not.

Finally, we are considering the limit on the number of expert witnesses and will get back to you shortly.

Thank you,
Steve

Steven O'Rourke
Environmental Enforcement Section
U.S. Department of Justice
Mail: P.O. Box 7611 Washington, D.C. 20044-7611

Overnight: ENRD Mail Room, 601 D Street, N.W. Washington D.C. 20004
Telephone: (202) 514-2779
Facsimile: (202) 514-2583
E-mail:  steve.o'rourke@usdoj.gov