## MEMORANDUM

**TO:**      The Honorable Sally Shushan

**FROM:**    Garretson Resolution Group ("GRG"), Claims Administrator

**DATE:**    May 13, 2014

**SUBJECT:** *In re Deepwater Horizon*, MDL No. 2179
             Medical Benefits Settlement – Classification of Chronic Physical Conditions First Diagnosed After April 16, 2012

---

GRG, as Claims Administrator, submits this policy statement in response to the Court's request concerning a dispute between Class Counsel and BP regarding the Medical Benefits Class Action Settlement Agreement ("MSA"). The issue presented is whether a class member with a chronic physical condition that was first diagnosed after April 16, 2012 should be classified as having a Specified Physical Condition or a Later-Manifested Physical Condition under the MSA. On March 28, 2014, Class Counsel submitted a memorandum to the Court captioned "Medical Benefits Settlement: Chronic Condition Compensation."[1] BP responded on April 14, 2014 by submitting a memorandum captioned "Treatment of Conditions First Diagnosed after April 16, 2012."[2] On April 22, 2014, the Downs Law Group submitted a memorandum to the Court captioned "Treatment of Conditions First Diagnosed after April 16, 2012."[3] On April 25, 2014, the Downs Law Group sent an email to the Court titled, "DLG Additional Memo—LMPC Memo—Standing and Justiciability."[4] BP responded to the Downs Law Group submissions on April 29, 2014 by submitting a memorandum captioned "Treatment of Conditions First Diagnosed after April 16, 2012."[5] The Claims Administrator has reviewed these filings from the Parties and the Downs Law Group as to their positions on the issue.

Under the terms of the MSA, the Claims Administrator is required to "faithfully implement and administer the Medical Settlement Agreement according to its terms and procedures."[6] This includes "processing all claims for compensation for Specified Physical Conditions and paying all qualifying claims."[7] Further, the MSA provides that the Court "shall retain continuing and exclusive jurisdiction . . . with respect to the interpretation, implementation, administration, and enforcement of th[e] Medical Settlement Agreement . . . ."[8] Accordingly, the Claims Administrator is bound to follow the plain language in the MSA and has no authority to interpret its terms or otherwise attempt to discern the Parties' intent in drafting it. In furtherance of its responsibilities and duties, and in response to the invitation from the Court,

---

[1] Attached hereto as Exhibit A.
[2] Attached hereto as Exhibit B.
[3] Attached hereto as Exhibit C.
[4] Attached hereto as Exhibit D.
[5] Attached hereto as Exhibit E.
[6] MSA § XXI.A.1.
[7] *Id*. § II.P.
[8] *Id*. § XXVII.

the Claims Administrator advises the Court and the Parties of the policy and procedures it will use in the administration of claims that fit within the fact pattern described above.

   1. *Claims Administrator's Policy for Classification of Chronic Physical Conditions First Diagnosed After April 16, 2012.* The MSA recognizes two general types of conditions as being compensable under the Medical Benefits Class Action Settlement: Specified Physical Conditions and Later-Manifested Physical Conditions.

   A Specified Physical Condition "shall mean one or more of the Acute Conditions or Chronic Conditions identified in Exhibit 8 [the SPC Matrix]" and which is alleged to result from exposure.[9] The MSA does not identify a date certain by which the acute or chronic condition must have manifested or been diagnosed to constitute a Specified Physical Condition. A Later-Manifested Physical Condition "shall mean a physical condition that is first diagnosed in a Medical Benefits Settlement Class Member after April 16, 2012" and which is claimed to have resulted from exposure.[10]

   Because a Specified Physical Condition is not limited to any particular date of diagnosis, and a Later-Manifested Physical Condition includes any "physical condition" first diagnosed after April 16, 2012, a class member may simultaneously fall within the definition of both if his chronic physical condition first manifested itself before April 16, 2012 but was only first diagnosed after that date. The question then arises whether the class member is free to seek compensation for the condition as a Specified Physical Condition or as a Later-Manifested Physical Condition. On this point, the MSA further provides that

> [a] Medical Benefits Settlement Class Member who is diagnosed with a Later-Manifested Physical Condition may either (i) seek compensation for that Later-Manifested Physical Condition pursuant to workers' compensation law or the Longshore and Harbor Workers' Compensation Act, as applicable, or (ii) seek compensation from BP for that Later-Manifested Physical Condition pursuant to the Back-End Litigation Option. <u>Such Medical Benefits Settlement Class Member may not seek compensation from any Released Party in any other manner</u>.[11]

Accordingly, a class member meeting the definition of a Later-Manifested Physical Condition is foreclosed from seeking compensation through any avenues other than those permitted by Section VIII.B.1 and, therefore, is foreclosed from seeking compensation for a Specified Physical Condition.

   Pursuant to the plain language of the MSA, **the Claims Administrator will classify physical conditions that are first diagnosed after April 16, 2012 as Later-Manifested Physical Conditions rather than Specified Physical Conditions**, regardless of the date when the physical condition first manifested.

---

[9] *Id*. § II.RRRR.
[10] *Id*. § II.VV.
[11] *Id*. § VIII.B.1 (emphasis added).