UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOWELL CONSTRUCTION, INC.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.  14-CV-00121** |
| | * | |
| **ANDRY LERNER, L.L.C.,** | * | **JUDGE ELDON E. FALLON** |
| **ANDRY LAW GROUP, L.L.C.,** | * | |
| **JONATHAN B. ANDRY, AND** | * | **MAGISTRATE JUDGE** |
| **CHRISTINA E. MANCUSO** | * | **JOSEPH C. WILKINSON, JR.** |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LEGAL MALPRACTICE PURSUANT TO F.R.Civ.P. 12(b)(6)**

MAY IT PLEASE THE COURT:

Defendants Andry Lerner, L.L.C., Andry Law Group, L.L.C., Jonathan B. Andry, and Christina E. Mancuso have moved this Court to dismiss the Complaint for Legal Malpractice [R. 1] filed by plaintiff Howell Construction, Inc., because it fails to state a cause of action against these defendants upon which relief can be granted.  As shown below, Howell has sustained no legally-recognizable damages because whatever underlying claims it may have against British Petroleum Exploration & Production, Inc. under the Oil Pollution Act as a result of the April 10, 2010, explosion and sinking of *DEEPWATER HORIZON* remain viable.  Therefore, Howell has sustained no damages.  Absent damages, Howell fails to state a cause of action against the defendant attorneys under Louisiana law.

1

### I.   *Howell Construction, Inc.'s Underlying BP Claim*

Howell Construction, Inc. claims it suffered economic damages and losses because of oil pollution in the Gulf of Mexico following the fire, explosion and sinking of the MODU *DEEPWATER HORIZON*.[1]  Howell alleges it retained defendant attorneys in the ensuing litigation, MDL-2179, *In Re: Oil Spill by the Oil Rig "DEEPWATER HORIZON" in the Gulf of Mexico*, on April 20, 2010.[2]  Judge Carl J. Barbier of this Court presides over MDL-2179.

Within MDL 2179, a number of attorneys representing multiple businesses, interests and persons filed several and successive complaints seeking class certification.  The proposed class of the so-called "B-1 Bundle" complaint, as amended, necessarily includes Howell within its definition:

> 544.   Plaintiffs seek certification of the following class ("the Class"):
>
> All individuals or entities residing or owning property in the United States who claim economic loss, or damages to their occupations, businesses and/or property as a result of the April 20, 2010 explosions and fire aboard, and sinking of the Deepwater Horizon and the resulting Spill.

*See* excerpt from the "First Amended Master Answer to Complaint and Petition of Triton Asset Leasing GmbH, et al for Exoneration from or Limitation of Liability (Rule 9(h)), First Amended Master Claim in Limitation [No. 10-2771](Rule 9(h)) and First Amended Master Complaint, Cross-Claim, and Third Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III (B1) ["B1 Bundle"]," filed in MDL

---

[1] *DEEPWATER HORIZON* caught fire, exploded and sank on April 20, 2010.  As a result, a massive discharge of oil into the Gulf of Mexico occurred and continued to pollute the Gulf for nearly three months.  *See In Re: Oil Spill by the Oil Rig "DEEPWATER HORIZON" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 900 (E.D.La. 2012).

[2] *See* Complaint for Legal Malpractice, ¶ 1.

2179 [R. 1128], exhibit "A." To the best of defendant attorneys' knowledge, Judge Barbier has not certified the above-described class nor denied certification to that described class.

One claim the putative class members, which includes Howell, have against BP is for damages under the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.* (OPA).[3] Following the *Exxon Valdez* oil spill, Congress passed the OPA, comprehensive legislation to address oil spill liability and compensation. When an oil spill occurs on United States navigable waters, the Coast Guard determines the source of the discharge and notifies a responsible party for that source. Under OPA, "responsible parties" – one of which is BP – are strictly liable for removal costs and damages resulting from the discharge of oil. *See discussion Gabarick v. Laurin Maritime (America) Inc.*, 2009 WL 102549, * 2 (E.D. La. Jan. 12, 2009)(Africk, J.)

> Section 2702(a) reads, in part:
>
> Notwithstanding any other provision or rule of law, and subject to the provisions of this Act, each responsible party for a vessel or a facility from which oil is discharged . . . into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in subsection (b) of this section that result from such incident.

33 U.S.C. § 2702(a).[4]

The Oil Pollution Act also contains a "presentment" section which reads, in part:

---

[3] The "First Amended Master Complaint, Cross-Claim, and Third Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III (B1) ["B1 Bundle"]," referenced above, asserts on behalf of the putative class members claims against BP pursuant to the OPA. *See* excerpt from "First Amended Master Complaint," ¶¶ 678-690, exhibit "A."

[4] The United States Coast Guard named BP as the responsible party for the downhole release of oil and Transocean as the responsible party for the release of diesel on the water's surface.

3

(a) Presentation

Except as provided in subsection (b) of this section, all claims for removal costs or damages shall be presented first to the responsible party or guarantor of the source designated under section 2714(a) of this title.

* * *

If a claim is presented in accordance with subsection (a) of this section and –

(1) each person to whom the claim is presented denies all liability for the claim, or

(2) the claim is not settled by any person by payment within 90 days after the date upon which (A) the claim was presented, or (B) advertising was begun pursuant to section 2714(b) of this title, whichever is later,

the claimant may elect to commence an action in court against the responsible party or guarantor or to present the claim to the Fund.

33 U.S.C. § 2713. The United States Coast Guard has set forth some general requirements for a claim. *See, e.g.,* 33 C.F.R. § 136.05.

OPA also contains its own statute of limitations provision, *see Gabarick,* 2009 WL 102549, * 2, that reads, in part:

* * *

(f) Period of limitations

(1) Damages

Except as provided in paragraphs (3) and (4), an action for damages under this Act shall be barred unless the action is brought within 3 years after –

(A) the date on which the loss and the connection of the loss with the discharge in question are reasonably discoverable with the exercise of due care, or

* * *

33 U.S.C. § 2717(f).

4

To satisfy its obligations under OPA, BP initially established its own claims process and later funded the claims process administered by the Gulf Coast Claims Facility to begin paying claims immediately rather than at the conclusion of litigation. BP then began negotiating a class settlement in February 2011 and jointly worked with the Plaintiffs' Steering Committee to transfer claims from the Gulf Coast Claims Facility to a program the district court directly supervised. *See In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891 (E.D. La. 2012); *In Re Deepwater Horizon— Appeals of the Economic and Property Damage Class Action Settlement*, 739 F.3d 790, 796 (5th Cir. 2014).

On April 16, 2012, the Plaintiffs' Steering Committee filed an Amended Class Action Complaint concerning a proposed Settlement Agreement for Judge Barbier's preliminary approval. In accordance with the terms of the Settlement Agreement, the district court appointed Patrick Juneau as Claims Administrator of the settlement program. *Id.*[5]

On August 13, 2012, after a preliminary hearing and the distribution of notifications to the absent members of the proposed class, BP and the Plaintiffs' Steering Committee moved for final approval of the economic loss and property damage settlement agreement and certification of the settlement class defined at paragraph 306 of the Amended Class Action Complaint. Objections to the proposed class were filed and, thereafter, on November 8, 2012, Judge Barbier conducted a "fairness hearing" on the proposed settlement class. In

---

[5] The economic class plaintiffs were those plaintiffs named in the property damage complaint filed in *Bon Secour Fisheries, Inc. v. BP,* civil action no: 12-970, made part of MDL-2179. See DEEPWATER HORIZON Economic and Property Settlement Agreement [R. 6276-1] filed in MDL-2179 on April 18, 2012.

accord with F.R.Civ.P. 23(e), the district court issued a final order certifying the settlement class and approving the parties' Settlement Agreement on December 21, 2012. *Id. Also see* Order and Reasons [MDL-2179, R. 8138.]

Without belaboring too much detail, suffice it to say the economic loss and property damage settlement agreement established a mathematical formulae to evaluate business losses the oil spill presumably caused: if the claimant's submitted economic data fit within certain parameters of the formulae, the claimant's alleged economic damages were presumed caused by the disaster and payment would be approved and made. To be included within the settlement class definition, an individual must have lived, worked or owned or leased property in the defined geographic area between April 20, 2010, and April 16, 2012, and businesses must have conducted activities in the area during that same time frame. *See discussion in In Re: Oil Spill by the Oil Rig "DEEPWATER HORIZON" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d at 903-906. BP provided, pursuant to the terms of the economic loss and property damage settlement agreement, funds to Claims Administrator Juneau with which to pay approved claims.

## II.     *Howell Construction Opts-Out*

After obtaining financial information from Howell, defendant attorneys consulted with experts to determine if Howell's alleged economic losses fit within the formulae of the economic loss and property damage program. Based upon their analysis of the financial data Howell provided, these experts concluded Howell's data did not satisfy the formulae, advised defendant attorneys of such, and defendant attorneys so informed Howell. Thereafter, Howell "opted out" of the proposed settlement class on November 1, 2012, as Court

procedures allowed.  *See* Order [Extending the Exclusion (Opt-Out) Deadlines for the Deepwater Horizon Economic and Property Damages Settlement Agreement and the Deepwater Horizon Medical Benefits Class Action Settlement Agreement] [R. 7176, filed in MDL-2179.] Opting out of the economic loss and property damage settlement class did not mean, however, that Howell opted out of the not-yet-certified, but pending plaintiffs' B-1 class action complaint within MDL-2179.  As noted above, Howell is a member of proposed but uncertified B-1 class.

### III.  *Howell Construction, Inc.'s claim against Defendant Attorneys*

The essence of Howell's claim against defendant attorneys is that defendant attorneys failed to file a "formal presentment" to BP under OPA in MDL 2179, after Howell opted-out of the settlement class, by the alleged deadline date; and, therefore, Howell's "ability to proceed with a private lawsuit under the Oil Pollution Act" against BP is gone.  *See, e.g.,* Complaint for Legal Malpractice, ¶¶ 5-7.  Howell errs.[6]

There is admittedly some confusion among attorneys and parties in MDL 2179 on whether 33 U.S.C. § 2713 requires each individual putative class member who has opted-out of the separate settlement class to make a formal "presentment" to BP ninety days before April 20, 2014 (the three year anniversary of the sinking of *DEEPWATER HORIZON*), that being January 20, 2014, to preserve a claim against BP under OPA.  Some individual claimants made a formal "presentment" of some kind to BP, others did not. Judge Barbier

---

[6] Defendant attorneys do not concede any fault or negligence in their handling of the Howell Construction claim against BP.

had previously concluded, within the context of the filed class actions, that at least some class members had satisfied the presentment requirement under OPA.

In late 2011, addressing and denying certain defendant F.R.Civ.P. 12(b) motions to dismiss, Judge Barbier recounted one of his earlier Orders dealing with the "presentment" question:

> There are likely large numbers of B1 claimants who have completely bypassed the OPA claim presentation requirement, others who have attempted to present their claims but may not have complied with OPA, and others who have properly presented their claims but have been denied for various reasons. Claimants who have not complied with the presentment requirement are subject to dismissal without prejudice, allowing them to exhaust the presentment of their claims before returning to court. In the ordinary case, the Court would simply dismiss those claims without prejudice. However, as the Court has previously noted, this is no ordinary case. A judge handling an MDL often must employ special procedures and case management tools in order to have the MDL operate in an orderly and efficient manner. In this massive and complex MDL, the Court is faced with a significant practical problem. It would be impractical, time-consuming, and disruptive to the orderly conduct of this MDL and the current scheduling orders if the Court or the parties were required to sort through in excess of 100,000 individual B1 claims to determine which ones should be dismissed at the current time. Moreover, such a diversion at this time would be unproductive and would not advance towards the goal of allowing the parties and the Court to be ready for the limitation and liability trial scheduled to commence in February 2012. No matter how many of the individual B1 claims might be dismissed without prejudice, the trial scheduled for February would still go forward with essentially the same evidence.
>
> In summary on this issue, the Court finds that presentment is a mandatory condition-precedent with respect to Plaintiffs' OPA claims. The Court finds that Plaintiffs have sufficiently alleged presentment in their B1 Master Complaint, at least with respect to some of the Claimants. For the reasons stated above, the Court does not intend to engage in the process of sorting through thousands of individual claims at the present time to determine which claims have or have not been properly presented.

*In Re: Oil Spill by the Oil Rig "DEEPWATER HORIZON" in the Gulf of Mexico, on April 20, 2010*, 2011 WL 5520295, * 11-12 (E.D. La. Nov. 14, 2011)(Barbier, J.)[7]

Whether Howell previously made a sufficient "presentment" does not determine whether Howell has a viable claim against BP under OPA.  Assuming Howell sustained an economic loss because of the *DEEPWATER HORIZON* disaster and the ensuing pollution of the Gulf of Mexico, Howell remains a member of the pending, putative class actions.  As such, under the *American Pipe* rule, discussed *infra*, all statutes of limitation, including the three-year period of 33 U.S.C. § 2717, are tolled until such time as Judge Barbier denies (assuming he does) class certification to the pending class actions.[8]

IV.     *The* American Pipe *Rule*

With the filing of the numerous class action complaints, one or more of which include Howell as a class member, the governing statute of limitations, including those for claims under OPA, are tolled.  See *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 550-52, 94 S.Ct. 756 (1974).  Since *American Pipe*, later U.S. Supreme Court and Fifth Circuit decisions have distilled a bright line rule:  the filing of a class action tolls the running of a statute of limitations for "all asserted members of the class."  *Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350, 103 S.Ct. 2392, 2397-98 (1983); *Hall v. Variable Annuity Life*

---

[7]  The Court cited to record document number 3830 at 30-31 of MDL 2179.

[8]  Courts generally hold that claimants who fail to comply with the presentment requirement are subject to dismissal without prejudice, allowing them leave to exhaust the presentment requirement of OPA before returning to court. See *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F.Supp.2d 943, 964 (E.D. La. 2011); *Nguyen v. American Commercial Lines, Inc.*, 2012 WL 547341, * 2 (E.D. La. Nov. 9, 2012)(Lemelle, J.)

*Ins. Co.*, 727 F.3d 372 (5th Cir. 2013).  As the Supreme Court explained in *Crown Cork & Seal*:

> We conclude, as did the Court in *American Pipe*, that 'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.' [Citation omitted.]  Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

*Crown Cork & Seal Co., Inc.*, 462 U.S. at 353-54, 103 S.Ct. at 2397-98.

The applicable statutes of limitation for the putative class members, including Howell, would resume running when class certification is denied or when a certified class is decertified.  *Crown Cork & Seal Co., Inc.*, 462 U.S. at 354, 103 S.Ct. at 2398; *Hall*, 727 F.3d 375-76.  *Also see Morrow v. Washington*, 277 F.R.D. 172, 204 (E.D. Tex. 2011)("Because the Court has not certified a class for claims regarding detentions, arrests, searches, and seizures under the interdiction program, any individual claims for monetary relief on these grounds will not be foreclosed by the certification of the modified class.  However, the tolling of the statute of limitations on those claims will end as of the date of this order.")

Simply said, under *American Pipe* and its progeny, all periods of limitations are tolled until such time as Judge Barbier denies certification to the pending class actions in MDL-2179.  *Crown Cork & Seal Co., Inc.*, 462 U.S. at 354, 103 S.Ct. at 2398; *Hall*, 727 F.3d 375-76; *Morrow v. Washington*, 277 F.R.D. at 204.  Therefore, whatever rights Howell may have against BP still exist and Howell may make its "presentment" or file its own,

separate lawsuit as other parties have done and continue to do.[9]  And, as explained in section IV *infra*, under Louisiana law, Howell cannot state a cause of action against defendant attorneys because Howell has sustained no legally-recognized damages attributable to any act or inaction of defendants.

V.  ***Howell Cannot Show Damages, hence it has no cause of Action against Defendant Attorneys***

Absent damages, Howell has no claim to assert against defendant attorneys.  To state a cause of action against these attorney defendants, Howell must show it suffered some legally-recognizable damages as a result of attorney negligence. "Proof of negligence in the air, so to speak, will not do." *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 341 (1928). Negligence without resulting damages does not state a cause of action. *See, e.g., In re Katrina Canal Breaches Consolidated Litigation*, 2006 WL 3627749, * 6 (E.D. La. Dec. 8, 2006)(Duval, J.); *United Pentecostal Church of Hodge v. Interstate Surplus Underwriters, Underwriters at Lloyd*, 368 So.2d 1104, 1109 (La. App. 2 Cir. 1979)("Fault alone does not produce recovery.  It is the fault which causes some damage that produces recovery or reparation for the damage under CC 2315.  When this cause-in-fact element is not proved, even though the negligence or fault is proved, recovery of damages is not allowed"); *Perkins v. Brown*, 236 So.2d 579, 581-582 (La. App. 1st Cir. 1970)(same); *Anderson v. Western Union Telegraph Company*, 8 Teiss. 385, 386 (Orl. 1911)("One cannot recover for a tort, who has suffered no damage by reason thereof"); *Innis v. Crummin*, 1 Mart. (n.s.) 560, 564

---

[9]  *See, e.g.,* Complaint filed on March 12, 2014, entitled *LL&T, Inc. v. BP, P.L.C., et al,* civil action no: 14-560, which action LL&T filed on March 12, 2014, attached as exhibit "B."

(La. 1823)("[A]nd our opinion is, that tortious acts, do not furnish grounds for an action, when they occasion no damage to others.")

Within the context legal malpractice actions, the Louisiana Supreme Court holds "[t]he mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm . . . does not suffice to create a delictual action." *Braud v. New England Ins. Co.*, 576 So.2d 466, 468 (La. 1991). *Also see Moses v. Hingle,* 2007-1384, p. 4 (La. App. 4 Cir. 3/19/2008); 2008 WL 8922907, holding that to "establish a claim for legal malpractice, a plaintiff must prove: (1) the existence of any attorney-client relationship; (2) negligent representation by the attorney; and (3) *loss caused by that negligence.*" *Id.*, p. 4. Affirming the district court's dismissal of plaintiff's claims for legal malpractice, the Fourth Circuit wrote in *Moses*:

> Thus, Ms. Hingle is unable to prove the loss she suffered as a result of the alleged negligent representation by Jason Waguespack and Galloway. Accordingly, even if Ms. Hingle's claims were assignable to Teachers, we do not find that Teachers can prove the loss Ms. Hingle suffered as a result of Jason Waguespack and Galloway's alleged negligence. Thus, Ms. Hingle's assigned claims for legal malpractice against Jason Waguespack and Galloway were properly dismissed.

*Moses,* 2007-1384, p. 4; 2008 WL 8922907.

In sum, because *American Pipe* tolls all applicable statutes of limitation in the *DEEPWATER HORIZON* MDL-2179 litigation – including the limitations provisions under OPA – Howell still possesses whatever damage causes of action it had against BP. Nothing defendant attorneys did or did not do damaged Howell. Therefore, absent damages traceable

to an act of legal malpractice, Howell does not state a cause of action against these defendant attorneys and its Complaint for Legal Malpractice should be dismissed.[10]

## VI.  *Conclusion*

*American Pipe* tolls all applicable statutes of limitations as to BP until such time as Judge Barbier denies (assuming he does) class certification of the pending putative class or classes to which Howell belongs in MDL 2179.  Because of tolling and its consequences, Howell possesses whatever rights it had against BP under the Oil Pollution Act or under any other provision of law.  Therefore, Howell sustained no damages notwithstanding its allegations of legal malpractice against Andry Lerner, L.L.C., Andry Law Group, L.L.C., Jonathan B. Andry or Christina E. Mancuso.  Absent damages, Howell does not state a cause of action against these defendant attorneys.

Wherefore, for the reasons set forth above, defendants Andry Lerner, L.L.C., Andry Law Group, L.L.C., Jonathan B. Andry, and Christina E. Mancuso move this Court for an Order, granting their Rule 12(b)(6) motion and dismissing plaintiff Howell Construction, Inc.'s Complaint for Legal Malpractice for failing to state a cause of action against these defendants for which relief can be granted.

---

[10]  If this Court concludes unresolved fact or legal questions remain which will not be resolved until such time as class certification and the effect of *American Pipe* tolling on claims against BP are decided in MDL 2179, defendant attorneys alternatively ask this Court to stay or administratively close this proceeding pending a resolution of the underlying issues in MLD 2179. *See, e.g., Dwyer v. Binegar*, 2011-1782 (La. App. 4 Cir. 5/23/11); 95 So.3d 565, 571 (staying legal malpractice action against former attorney appropriate until determination is made in underlying matter as to whether plaintiff's claim against investment firm is prescribed:  "[o]nce the issue of prescription has been determined finally and definitively in the underlying case, this matter may either proceed or be dismissed"); *Beasley v. Geovera Specialty Insurance Co.*, 2013 WL 3187289,  4 (E.D. La. June 20, 2013)(Fallon, J.)(administratively closing case pending insurance appraisal.)

Respectfully Submitted:

*s/ E. Phelps Gay*
**E. PHELPS GAY – BAR # 5992**
**epgay@christovich.com**
**KEVIN R. TULLY -Bar #1627**
**krtully@christovich.com**
**H. CARTER MARSHALL - Bar #28136**
**hcmarshall@christovich.com**
**Christovich & Kearney, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana  70130
Telephone:  504-561-5700
**Attorneys for Andry Lerner, L.L.C., Andry Law Group, L.L.C., Jonathan B. Andry, and Christina E. Mancuso**

## C E R T I F I C A T E

This is to certify that on the 18th day of March 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Notice of the filing will be sent via CM/ECF to counsel for plaintiff, Robert H. Matthews, Matthews & Warriner, L.L.C., 230 Oliver Street, New Orleans, Louisiana 70114; and Jean-Paul Layrisson, Scandurro & Layrisson, L.L.C., 607 St. Charles Avenue, New Orleans, Louisiana 70130.

s/ *E. Phelps Gay*
**E. PHELPS GAY**
**KEVIN R. TULLY**
**H. CARTER MARSHALL**

4839-3116-0601, v.  1