

Dec 15 2010
8:14PM

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Pleadings apply to:<br>*All Cases in Pleading Bundle B1.*<br><br>These Pleadings apply to:<br>No. 10-2771 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SUSHAN |

### MASTER ANSWER TO COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL FOR EXONERATION FROM OR LIMITATION OF LIABILITY

### MASTER CLAIM IN LIMITATION [NO. 10-2771]

### AND

### MASTER COMPLAINT, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT FOR PRIVATE ECONOMIC LOSSES IN ACCORDANCE WITH PTO NO. 11 [CMO NO. 1] SECTION III(B1) ["B1 BUNDLE"]

### Complaint in Admiralty

### Rule 9(h)



EXHIBIT A

904085.6

# TABLE OF CONTENTS

Page

MASTER ANSWER TO COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL FOR EXONERATION FROM OR LIMITATION OF LIABILITY ............................................................................................................................. 1

MASTER CLAIM IN LIMITATION (NO. 10-2771) ............................................................ 7

FACTUAL ALLEGATIONS ................................................................................................ 8

    A.    A Series of Reckless Decisions Leading Up To The Blowout ................... 9

    B.    The Final Hours – The Blowout, Explosions, Fire, and Spill .................. 11

    C.    The Failure of the Poorly-Maintained Blowout Preventer and Petitioners' Knowledge of its Defects, Deficiencies, and Vulnerabilities Before the Blowout ............................................................ 14

    D.    Petitioners' Knowledge of Other Safety, Operational, Equipment, and Maintenance Issues on the Deepwater Horizon Before the Blowout ............................................................................................................ 20

    E.    The Spill's Impact on Claimants ................................................................ 23

CLAIMS ................................................................................................................................ 26

    I.    Negligence ...................................................................................................... 26

    II.    Gross Negligence and Willful Misconduct ............................................... 31

    III.    Nuisance .......................................................................................................... 33

    IV.    Trespass .......................................................................................................... 34

    V.    Punitive Damages ......................................................................................... 36

    VI.    Declaratory Relief ......................................................................................... 37

PRAYER FOR RELIEF ....................................................................................................... 38

MASTER COMPLAINT, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT FOR PRIVATE ECONOMIC LOSSES IN ACCORDANCE WITH PTO NO. 11 [CMO NO. 1] SECTION III(B1) ["B1 BUNDLE"] ................................................................. 39

INTRODUCTION ................................................................................................................ 39

PARTIES, JURISDICTION, AND VENUE ................................................................... 43

FACTUAL ALLEGATIONS .............................................................................................. 57

    A.    The Process of Deepwater Offshore Drilling ............................................ 58

    B.    The Macondo Lease, and BP's Exploration Plan and Drilling Permit ............................................................................................................... 61

**TABLE OF CONTENTS**
**(continued)**

| | | Page |
|---|---|---|
| C. | The Deepwater Horizon's Poor Safety and Maintenance Record | 63 |
| D. | Macondo: A Troublesome Well | 64 |
| E. | Reckless Decision-Making in the Rush to Complete the Well | 67 |
| F. | Premature and Nonstandard Mud Displacement Begins | 84 |
| G. | The Well Fails Key Pressure Tests, Yet Drilling Defendants Press On | 85 |
| H. | Unorthodox Spacer Fluid Mixture and Volume Potentially Interfered with Pressure Tests and BOP Functionality | 89 |
| I. | Drilling Defendants Ignore and Overlook Warning Signs of the Imminent Blowout | 90 |
| J. | Attempts at Well Control: Too Little, Too Late | 95 |
| K. | Faulty Vessel Safety Equipment Exacerbates the Blowout, Causing Vessel Explosions, Fire, and Sinking | 97 |
| L. | Drilling Defendants' Culture of Complacency | 111 |
| M. | Defendants Misrepresent the Severity of the Spill and their Oil Spill Response Capabilities | 118 |
| N. | The Spill's Impact on Plaintiffs, the Environment, and the Coastal Zone Economy | 121 |

CLASS ACTION ALLEGATIONS .................................................................................. 127
    A. Numerosity of the Class and/or Subclasses — F.R.C.P. 23(a)(1) ......... 129
    B. Commonality — F.R.C.P. 23(a)(2) ........................................................ 129
    C. Typicality — F.R.C.P. 23(a)(3) ............................................................. 131
    D. Adequacy of Representation — F.R.C.P. 23(a)(4) ................................. 131
    E. Class Certification under F.R.C.P. 23(b)(3) — Predominance and Superiority .............................................................................................. 131
    F. Class Certification under F.R.C.P. 23(b)(1) .......................................... 133
    G. Class Certification under F.R.C.P. 23(b)(2) .......................................... 135
    H. Class Certification of Particular Issues under F.R.C.P. 23(c)(4) and Subclasses under 23(c)(5) ...................................................................... 136

CLAIMS FOR RELIEF ...................................................................................................... 136
    I. Claims Under General Maritime Law .................................................... 136

904085.6

## TABLE OF CONTENTS
### (continued)

| | | | Page |
|---|---|---|---|
| | A. | Negligence | 136 |
| | B. | Gross Negligence and Willful Misconduct | 147 |
| | C. | Strict Liability For Manufacturing And/Or Design Defect | 148 |
| | D. | Strict Liability For Manufacturing And/Or Design Defect | 152 |
| II. | | The Oil Pollution Act | 155 |
| III. | | State Law Claims For Relief | 157 |
| | A. | Nuisance | 157 |
| | B. | Trespass | 158 |
| | C. | Fraudulent Concealment | 160 |
| | D. | Strict Liability Pursuant To The Florida Pollutant Discharge Prevention And Control Act Fla. Stat. § 376.011, *et seq.* | 163 |
| IV. | | Punitive Damages Under All Claims | 165 |
| V. | | Declaratory Relief: Punitive Damages | 170 |
| VI. | | Declaratory Relief Against BP | 171 |
| PRAYER FOR RELIEF | | | 171 |

property values. Not only have oil and other contaminants polluted real and private properties throughout the Coastal Zone, but pieces of the destroyed Deepwater Horizon vessel have come ashore in some places, damaging real and private property. The Spill response has also resulted in intrusion on and damage to property, including the annoyance, disruption and physical damage caused by vehicles, heavy machinery, boom, staging areas, and other materials and activities on or near Plaintiffs' properties.

473. The Spill has also damaged submerged oyster beds that are the leased property of some Plaintiffs. The contamination of these submerged oyster beds has interfered with leaseholding Plaintiffs' ability to use their leased property as intended, damaging those Plaintiffs' livelihoods as well as the value of their leased oyster bed properties.

474. Because of the size and nature of the surface oil slick, the subsurface oil plumes, and weathered oil on shorelines, and the toxic effects of the oil and other substances released during the Spill on humans, marine life, and the Coastal Zone environment, there have been and will continue to be further economic losses and diminution of property values to individuals and entities owning and/or leasing residential or investment properties in the Coastal Zone.

475. Because investigations are ongoing, there are many other potential effects from the Spill that have not yet become known, and Plaintiffs reserve the right to amend this Master Complaint, Cross-Claim, and Third-Party Complaint, after additional information becomes available.

### CLASS ACTION ALLEGATIONS

476. Plaintiffs seek certification of the following class ("the Class"):

All individuals and entities residing or owning property in the United States who claim economic losses, or damages to their occupations, businesses, and/or property as a result of the April 20, 2010 explosions and fire aboard, and sinking of, the Deepwater Horizon, and the resulting Spill.

477. Plaintiffs may also seek certification, to the extent necessary or appropriate, of the following OPA Subclass, and/or state-wide subclasses (the "Subclasses") of individuals and entities residing or owning property in the states of Alabama, Florida, Louisiana, Mississippi, and Texas, pursuant to the laws of their respective states.

The OPA Subclass:

All individuals and entities entitled to make a claim under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* (the "OPA"), as a result of the April 20, 2010 explosions and fire aboard, and sinking of, the Deepwater Horizon and resulting Spill, and who have timely complied with all administrative requirements therein.

The Alabama Subclass:

All individuals and entities residing or owning property in the State of Alabama who claim economic losses, or damages to their occupations, businesses, and/or property as a result of the April 20, 2010 explosions and fire aboard, and sinking of, the Deepwater Horizon, and the resulting Spill.

The Florida Subclass:

All individuals and entities residing or owning property in the State of Florida who claim economic losses, or damages to their occupations, businesses, and/or property as a result of the April 20, 2010 explosions and fire aboard, and sinking of, the Deepwater Horizon, and the resulting Spill.

The Louisiana Subclass:

All individuals and entities residing or owning property in the State of Louisiana who claim economic losses, or damages to their occupations, businesses, and/or property as a result of the April 20, 2010 explosions and fire aboard, and sinking of, the Deepwater Horizon, and the resulting Spill.

The Mississippi Subclass:

All individuals and entities residing or owning property in the State of Mississippi who claim economic losses, or damages to their occupations, businesses, and/or property as a result of the April 20, 2010 explosions and fire aboard, and sinking of, the Deepwater Horizon, and the resulting Spill.

The Texas Subclass:

All individuals and entities residing or owning property in the State of Texas who claim economic losses, or damages to their occupations, businesses, and/or

property as a result of the April 20, 2010 explosions and fire aboard, and sinking of, the Deepwater Horizon, and the resulting Spill.

478. This action is brought and may properly be maintained as a class action on behalf of the proposed Class and/or Subclasses as described above, and such other additional classes or subclasses as Plaintiffs may propose and/or the Court may designate, pursuant to the applicable and appropriate provisions of Rule 23(a)(1)-(4), (b)(3), (b)(1), (c)(4) and/or (c)(5).

### A. Numerosity of the Class and/or Subclasses — F.R.C.P. 23(a)(1)

479. The Class and/or Subclasses consist of tens of thousands of individuals and businesses who have been economically damaged by the spill, making joinder impracticable. Class and/or Subclass members can be informed of the pendency of this action by print, internet, and broadcast notice.

### B. Commonality — F.R.C.P. 23(a)(2).

480. Common questions of law and fact exist as to all members of the Class and/or Subclasses. Because Defendants' behavior here is governed by federal regulations, federal maritime law, and federal legislation like the Oil Pollution Act and the Clean Water Act, the Class and/or Subclass members will be subject to common questions of law.

481. Furthermore, the factual bases of Defendants' outrageous conduct are common to all Class and/or Subclass members and represent a common thread of reckless conduct and decisions, gross negligence and willful, wanton, and reckless indifference for the rights of others, resulting in injury to all members of the Class and/or Subclasses. Each Class and/or Subclass member's claim arises from the same course of planning, decisions, and events, and each Class and/or Subclass member will make similar legal and factual arguments to prove Defendants' outrageous, willful, reckless, wanton, and deplorable conduct and liability.

482. Defendants' conduct presents common factual questions, including:

   (g) Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

Dated: December 15, 2010

Respectfully submitted,

| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
|---|---|
| Stephen J. Herman, La. Bar No. 23129<br>HERMAN HERMAN KATZ & COTLAR LLP<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113<br>Telephone: (504) 581-4892<br>Fax No. (504) 569-6024<br>E-Mail: sherman@hhkc.com<br><br>*Plaintiffs Liaison Counsel*<br>*MDL2179* | James Parkerson Roy, La. Bar No. 11511<br>DOMENGEAUX WRIGHT ROY & EDWARDS LLC<br>556 Jefferson Street, Suite 500<br>Lafayette, Louisiana 70501<br>Telephone: (337) 233-3033<br>Fax No. (337) 233-2796<br>E-Mail: jimr@wrightroy.com<br><br>*Plaintiffs Liaison Counsel*<br>*MDL2179* |

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Brian H. Barr<br>LEVIN, PAPANTONIO, THOMAS,<br>MITCHELL, ECHSNER & PROCTOR, PA<br>316 South Baylen St., Suite 600<br>Pensacola, FL 32502-5996<br>Office: (850) 435-7045<br>Telefax: (850) 436-6187<br>E-Mail: bbarr@levinlaw.com | Robin L. Greenwald<br>WEITZ & LUXENBERG, PC<br>700 Broadway<br>New York, NY 10003<br>Office: (212) 558-5802<br>Telefax: (212) 344-5461<br>E-Mail: rgreenwald@weitzlux.com |
| Jeffrey A. Breit<br>BREIT DRESCHER IMPREVENTO & WALKER, P.C.<br>999 Waterside Drive, Suite 1000<br>Norfolk, VA 23510<br>Office: (757) 670-3888<br>Telefax: (757) 670-3895<br>E-Mail: jbreit@bdbmail.com | Rhon E. Jones<br>BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C.<br>218 Commerce St., P.O. Box 4160<br>Montgomery, AL 36104<br>Office: (334) 269-2343<br>Telefax: (334) 954-7555<br>E-Mail: rhon.jones@beasleyallen.com |

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail: mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172
E-Mail: ssummy@baronbudd.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail: mcwatts@wgclawfirm.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: ervin@colson.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on December 15, 2010.

/s/ Stephen J. Herman and James Parkerson Roy

904085.6