UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HOWELL CONSTRUCTION, INC. | * | CIVIL ACTION NO.  14-cv-121 |
| | * | |
| VERSUS | * | JUDGE ELDON E. FALLON |
| | * | |
| ANDRY LERNER, L.L.C. | * | MAGISTRATE JUDGE WILKINSON |
| ANDRY LAW GROUP, L.L.C. | * | |
| JONATHAN B. ANDRY | * | |
| AND CHRISTINA E. MANCUSO | * | |

## OPPOSITION TO RULE 12(B)(6) MOTION TO DISMISS

MAY IT PLEASE THE COURT:

This legal malpractice case is based upon the actions by Defendants, Andry Lerner et al., in advising the Plaintiff to opt out of the BP Deepwater Horizon economic class settlement on the flawed assumption that Plaintiff had no claim under the settlement formula, an error that was compounded when Defendants failed to make a timely "presentment" of Plaintiff's claim under the Oil Pollution Act and failed to advise Plaintiff of the requirement to make timely presentment until the Defendants dropped Plaintiff as a client *after* the presentment deadline had passed.

Defendants have moved (Doc. 7) to dismiss the legal malpractice claims against them based upon an open-ended interpretation of the Oil Pollution Act's three-year statute of limitations and pre-suit presentment requirement, an interpretation that no court has taken, and which is inconsistent with the post-deadline warnings that Defendants gave Plaintiff regarding the significance of the deadline that they now disavow.

Further, Andry Lerner et al. asks the Court to dismiss the legal malpractice case until the

1

individual opt-out claims in the BP Deepwater Horizon litigation are resolved or denied certification, at which time the malpractice case would be perempted.  For these reasons, as described in more detail below, the Court should deny the Defendants' Rule 12(b)(6) Motion to Dismiss.

## **LAW AND ARGUMENT**

Defendants have cited no cases in which a court has applied <u>American Pipe</u>[1] tolling to the Oil Pollution Act, and no such cases appear to exist.  The Plaintiffs' Steering Committee in the Deepwater Horizon MDL did not concede the tolling issue, but publicly warned claimants and their attorneys in December 2012 to make presentment before the January 2013 deadline.  (*See* Exhibit A, bearing Lexis-Nexis File & Serve Doc. No. 4845262 in the record of MDL 2179.)

The Defendants also acknowledged the deadline and specifically warned Plaintiff, "you must 'present' your claim 90 days before this three year deadline, or you will most likely be forever barred from bringing the lawsuit at a later date."  (*See* Ex. B, letter from Defendant to Plaintiff.)  Unfortunately, this dire warning was dated January 29, 2013, nine days after the "forever barred" deadline had passed.

The OPA section in question is 33 U.S.C. §2717, which provides, in pertinent part:

(f) Period of limitations

    (1) Damages
        Except as provided in paragraphs (3) and (4)[2], an action for damages under this
        Act shall be barred unless the action is brought within 3 years after—
            (A) the date on which the loss and the connection of the loss with the discharge
            in question are reasonably discoverable with the exercise of due care ….
\*\*\*

---

1 <u>American Pipe & Construction Co. v. Utah</u>, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974).

2 Subsections (3) and (4) address contribution and subrogation, respectively.

2

>    (5) Commencement
>       The time limitations contained herein shall not begin to run—
>          (A) against a minor until the earlier of the date when such minor reaches 18 years of age or the date on which a legal representative is duly appointed for such minor, or
>          (B) against an incompetent person until the earlier of the date on which such incompetent's incompetency ends or the date on which a legal representative is duly appointed for such incompetent.

Thus, the deadline for filing a civil suit is three years after the spill, and the deadline for making presentment is 90 days prior to the three-year anniversary of the spill. The statute provides only two exceptions, neither of which applies here, and the title of the statute is "Litigation, jurisdiction, and venue." If OPA's requirement of presentment is jurisdictional, then by definition the failure to make timely presentment deprived the court of jurisdiction to consider the claims against BP.

A number of courts have held that OPA's presentment requirement is jurisdictional, such that the failure to strictly comply with OPA's presentment requirement ousts a court of jurisdiction over any OPA claims. *See, e.g.,* Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., Inc., 51 F.3d 235, 237 (11th Cir. 1995) (affirming district court's dismissal for lack of jurisdiction and its ruling "that compliance with OPA's claims presentation requirement is a mandatory condition precedent to the existence of jurisdiction over private actions brought under the Act"); Marathon Pipe Line Co. v. LaRoche Indus. Inc., 944 F. Supp. 476, 477 (E.D. La. 1996) (Clement, J: "The Court agrees that §2713's presentation requirement is jurisdictional and mandates dismissal when that provision is applicable and not complied with by the claimant."); Johnson v. Colonial Pipeline Co., 830 F. Supp. 309, 311 (E.D. Va. 1993) (tardy presentment is "a profound jurisdictional defect"); Russo v. M/T DUBAI STAR, 2010 WL 1753187 (N.D. Cal. Apr. 29, 2010). *But see* Leboeuf v. Texaco, 9 F.

Supp. 2d 661, 665 (E.D. La. 1998).

Further support for the jurisdictional nature of OPA presentment is the fact that OPA created economic remedies where there previously were none. As then-Judge Clement concluded: "OPA establishes an entirely new, federal cause of action for oil spills. … This new scheme includes new remedies, which, in many respects, preempt traditional maritime remedies." Tanguis v. M/V WESTCHESTER, 153 F. Supp. 2d 859, 867 (E.D. La. 2001), writ dismissed 54 F. App'x 794 (5th Cir. 2002). *See also* Gabarick v. Laurin Mar. (Am.) Inc., 623 F. Supp. 2d 741, 744 (E.D. La. 2009).

When a statute creates a right of action where none existed before, and where the same statute establishes a limitations period, the limitations period is a part of the substantive law and operates to extinguish[3] the right. Kozan v. Comstock, 270 F.2d 839, 841 (5th Cir. 1959); Wayne v. Tennessee Valley Auth., 730 F.2d 392, 402 (5th Cir. 1984).

> The statutes create a new legal liability …. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. … The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right.

The Harrisburg, 119 U.S. 199, 214, 7 S. Ct. 140, 147, 30 L. Ed. 358 (1886), *overruled on other grounds by* Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S. Ct. 1772, 26 L. Ed. 2d 339 (1970).

When a presentment requirement is jurisdictional, the statute of limitations is a fixed deadline that is not tolled by a pending class action. In re FEMA Trailer Formaldehyde Products Liability Litigation, 646 F.3d 185, 190 (5th Cir. 2011) (class action plaintiff's bellwether claims

---

3 The Louisiana analogue is peremption, which applies where a statute "creates a right of action, and stipulates the delay within which that right is to be executed. … Statutes of peremption destroy the cause of action itself. That is

under Federal Tort Claims Act were barred by statute of limitations due to bellwether plaintiff's failure to timely present claims to government agency); *see also* Ramming v. U.S., 281 F.3d 158, 164 (5th Cir. 2001).  Thus, if the OPA presentment requirements are jurisdictional, a pending class action does not toll the statute of limitations.

In Eastman v. Coffeyville Resources Refining & Marketing, LLC, the court refused to allow an amendment to an existing pollution suit to add an OPA claim, even though the plaintiff had timely filed other claims against the defendant arising out of the same oil spill.  The plaintiff made OPA presentment just one day before the three-year anniversary of the spill and filed a timely non-OPA suit on the three-year anniversary, which also stated the intent to file an OPA claim.  After waiting 90 days following presentment, as required by OPA, plaintiff sought to amend the pleadings to add the OPA claim.  Plaintiff sought to have the amendment relate back to the date the suit was filed.  2010 WL 4810236 at 1 (D. Kan. Nov. 19, 2010).

The Eastman court held that any OPA claims were time-barred, and the court denied leave to amend.  Id. at 2-3.  The court used a relation-back analysis, but alternatively held that even if the claims had related back, the OPA claim would have been time-barred because it would have related back to a date that was less than 90 days after presentment.  Id. at 3.  The court's holding means it is too late to make presentment once OPA's three-years-minus-90-days deadline has passed, even where a plaintiff already has pollution litigation pending against the defendant.  *See* id.  In the case at bar, the pendency of *other parties'* claims against BP is even further removed than the unsuccessful first-party claims in Eastman.

---

to say, after the limit of time expires the cause of action no longer exists; it is lost."  Taranto v. Louisiana Citizens Prop. Ins. Corp., 2010-0105 (La. 3/15/11), 62 So. 3d 721, 735.

Defendants cite Judge Barbier's refusal to dismiss the claims of BP plaintiffs who had not made presentment. But that decision is not an indication that the statute of limitations is tolled. Rather, it was a pragmatic ruling that acknowledged that at least some of the members of the putative class had made presentment, such that the judge did not need to wade through over 100,000 claims to see who had and had not made OPA-compliant presentment to BP before the class action was filed. Judge Barbier stated it would be "impractical, time-consuming, and disruptive to the orderly conduct of this MDL and the current scheduling orders if the Court or the parties were required to sort through in excess of 100,000 individual B1 claims to determine which ones should be dismissed." (Doc. 3830, p. 31, in MDL No. 2179.) Note well that BP's contention in its 12(b)(1) / 12(b)(6) motion was that the court should dismiss the *entire class action* because *some* claimants had not made presentment.[4] (*See* Doc. 1440-1 in MDL No. 2179.)

Thus, Defendants have not shown that the underlying claim against BP remains viable, and their letter to the Plaintiff indicates such a claim is "forever barred." BP would surely rely upon the cases stating the OPA requirements are jurisdictional and substantive, such that the deadlines are not subject to equitable tolling. The Defendants' motion to dismiss should be denied.

## ALTERNATIVE REQUEST FOR STAY OF PROCEEDING

Defendants would have the Court dismiss this matter on the grounds that the claim will not be not ripe until the MDL is resolved, by which time the legal malpractice claim would be perempted under La. R.S. 9:5605.

---

4 A word of caution: a reader of BP's filings may find himself whipsawed between the company's lip service in support of the theoretically non-adversarial presentment procedure (BP: "the very purpose of OPA's mandatory pre-suit presentment requirement is to facilitate the out-of-court resolution of claims." Doc. 2312, n. 14), contrasted with the same motion's take-no-prisoners efforts to dismiss the claims of all but 0.06% of the class (Doc. 2312, fn. 8) and BP's current strategy of trying at every turn to overturn the settlement it aggressively supported.

In Reeder v. North, the Louisiana Supreme Court provided a definitive interpretation of the applicable time limitations for legal malpractice cases. 97-0239 (La. 10/21/97); 701 So.2d 1291. The Court held that the peremptive period for bringing legal malpractice actions set forth in La. R.S. 9:5605 is one year from the date of the alleged act or omission, or one year from the date it was or should have been discovered. At the latest, the peremption is three years from the date of the alleged act, omission or neglect. The Court also held that the running of the peremptive period cannot be suspended by the continuous representation rule. Id. at 1296-1300.

In this case, the Defendants tortious acts and omissions were the advice to opt out of the class settlement in October 2012 and the failure to make presentment or advise of the need for presentment before January 20, 2013. More than a year has passed since Defendants' acts and omissions, so the claims could already be perempted if the present suit were not pending.

As the Louisiana Fourth Circuit Court of Appeal has noted in its consideration of the application of Reeder, "the [Supreme] Court rejected the argument that a malpractice claim might be dismissed as premature because the determination of the underlying cause in which the wrongful act allegedly occurred was not definitive by judgment." Dwyer v. Binegar, 2011-1783 (La. App. 4th Cir. 5/23/12); 95 So.3d 565, 571.

In Augman v. Colwart, the First Circuit explained:

Here the issue is the "other side of the coin." If the plaintiff in a legal malpractice claim cannot urge the suspension of peremption of his cause of action, or that his cause of action does not "ripen" and the peremptive period does not begin until a definitive judgment in the original litigation, then it seems obvious that the defendant may not urge prematurity as a defense on the same grounds. To hold otherwise would lead to the absurd result that a suit for legal malpractice would always be premature pending a final and definitive judgment on the relevant issue in an underlying action, even if the peremptive period accrues prior to that time, extinguishing the cause of action. Such an interpretation is not only unreasonable,

7

but patently unjust. The supreme court's holdings in <u>Braud</u> [576 So. 2d 466 (La.1991)] and <u>Reeder</u> compel the conclusion that the dilatory exception pleading prematurity is not properly applicable to this cause of action.

2003-0869 (La. App. 1st Cir. 2/23/04); 874 So.2d 191, 194.

In <u>Leger v. Weinstein</u>, the Third Circuit Court of Appeal agreed:

Second, in <u>Reeder v. North</u>, 97-0239 (La.10/21/97) 701 So.2d 1291 the supreme court overruled prior jurisprudence dealing with the prematurity of legal malpractice actions. The supreme court held that a client does not have to wait until a matter that was negligently handled by his attorney has been through the complete appellate process before a malpractice action may be brought....

03-1497 (La. App. 3rd Cir. 10/27/04); 885 So.2d 701, 704, <u>writ denied</u> 2004-2903 (La. 2/4/05), 893 So. 2d 873, and <u>writ denied</u> 2004-2899 (La. 2/4/05), 893 So. 2d 882.

In the case at bar, Plaintiff did not have the option to await resolution of the MDL before asserting its claims against Defendants. While the facts set forth in the Complaint show that Defendants deviated below the standard of care for attorneys practicing in this community, and that as a consequence of this negligence Plaintiff has suffered damage, it cannot be denied that there is no definitive judgment memorializing this fact and the amount of its damages.

However, it would be a travesty of justice to dismiss this lawsuit based on the grounds that there are unresolved issues in the underlying lawsuit which allegedly make the determination of damages premature or impossible at this juncture. Since the peremptive period of La. R.S. 9:5605 "may not be renounced, interrupted or suspended," if this Court finds the determination of the underlying cause in which the wrongful act allegedly occurred is not definitive by judgment, then the only appropriate action is for this Court to stay these proceedings pending the final disposition of the underlying lawsuit. Indeed, the Defendants acknowledge the propriety of such a stay in footnote 10 of their Memorandum (Doc 7-1).

## CONCLUSION

Because Defendants' position lacks any direct support from the jurisprudence, the motion should be denied.  In the event the Court is inclined to grant the motion based on any uncertainty in the law, relief should be limited to a stay of this action pending the outcome of the issues in the BP case, in light of the harsh provisions of Louisiana's statute perempting legal malpractice claims.

Respectfully submitted,

**MATTHEWS & WARRINER, L.L.C.**
ROBERT H. MATTHEWS, Bar No. 09055
PAULINE M. WARRINER, Bar No. 22673
230 Olivier Street
New Orleans, Louisiana 70114
Telephone:    (504) 523-4542
Facsimile:    (504) 523-6139

By:    /s/ Robert H. Matthews
Robert H. Matthews
**COUNSEL FOR HOWELL CONSTRUCTION, INC.**


**SCANDURRO & LAYRISSON, L.L.C.**
JEAN-PAUL LAYRISSON, Bar No. 20917
TIMOTHY D. SCANDURRO, Bar No. 18424
STEPHEN O. SCANDURRO, Bar No. 20362
KRISTA M. ELEEW, Bar No. 34320
607 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone:    (504) 522-7100
Facsimile:    (504) 529-6199

By:    /s/ Jean-Paul Layrisson
Jean-Paul Layrisson
**COUNSEL FOR HOWELL CONSTRUCTION, INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing has been served on all counsel of record via CM/ECF, this day, April 1, 2014.

                /s/ Jean-Paul Layrisson
                Jean-Paul Layrisson

X:\DOCS\4406.43 (HOWELL CONSTRUCTION)\PLDGS - EDLA - LEGAL MALPRACTICE\OPPOSITION TO MT DISMISS.DOC