UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOWELL CONSTRUCTION, INC.** | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 14-CV-00121 |
| | * | |
| **ANDRY LERNER, L.L.C.,** | * | JUDGE ELDON E. FALLON |
| **ANDRY LAW GROUP, L.L.C.,** | * | |
| **JONATHAN B. ANDRY, AND** | * | MAGISTRATE JUDGE |
| **CHRISTINA E. MANCUSO** | * | JOSEPH C. WILKINSON, JR. |
| | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LEGAL MALPRACTICE PURSUANT TO F.R.Civ.P. 12(b)(6)**

Defendants Andry Lerner, L.L.C., Andry Law Group, L.L.C., Jonathan B. Andry, and Christina E. Mancuso submit this Reply Memorandum to support further their Motion to Dismiss [R. 7] and to address the arguments plaintiff Howell Construction, Inc. advances to oppose defendant attorneys' motion.  Stated succinctly, plaintiff's argument fails to address *American Pipe* tolling on the pending class action, including claims under the Oil Pollution Act.  Nor is plaintiff's contention that *American Pipe* does not toll claims under OPA supported by any law plaintiff cites.

**I.    *AMERICAN PIPE* AND THE PENDING "B1 BUNDLE" CLASS ACTION**

Plaintiff does not contest defendant attorneys' position, backed by citations to the court record in MDL No. 2179 and to cases arising from that litigation, *see, e.g., In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* 2011 WL 5520295 (E.D. La. Nov. 14, 2011)(Barbier, J.), that plaintiff was and remains a member of the still-pending

1

class definition set forth in paragraph 544 of the "B1 Bundle" Complaint, exhibit "A" to Δ Mem. Neither does plaintiff disagree with defendant attorneys that Judge Barbier has not yet certified or denied certification of the described-class action.

Instead, plaintiff argues *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756 (1974), does not apply to claims asserted under the Oil Pollution Act because the "presentment" required under the OPA is "jurisdictional." But the cases upon which plaintiff relies do not support its position.

## II.    OPA AND PRESENTMENT

Plaintiff argues the "OPA's presentment requirement is jurisdictional," and cites a number of cases for that proposition, including *Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., Inc.*, 51 F.3d 235 (11th Cir. 1995). But *Boca Ciega* held that "presentment is a mandatory condition precedent" to establishing jurisdiction, *id.,* 237 and 240, and Judge Barbier found "presentment is *not* a jurisdictional requirement," but is a condition precedent to asserting an OPA claim. *In re Oil Spill,* 2011 WL 5520295, * 11-12 (emphasis added.) *Also see Eastman v. Coffeyville Resources Refining & Marketing, LLC*, 2010 WL 4810236, * 2 (D. Kansas Nov. 19, 2010)(Belot, J)("The presentment requirement is a mandatory condition precedent to bringing an OPA claim.") Whatever discrete legal distinctions may exist between whether presentment is jurisdictional or a condition precedent to asserting a claim under OPA,[1] defendant attorneys do not contend "presentment" is not a condition precedent to asserting a claim under OPA.

---

[1] Judge Clement held in *Marathon Pipe Line Co. v. LaRouche Industries, Inc.*, 944 F.Supp. 476, 476-477 (E.D. La. 1996), that the OPA's presentment requirement was jurisdictional. On the other hand, in *Leboeuf v. Texaco*, 9 F.Supp.2d 661, (1998), the district court Judge noted Judge Clement had relied upon *Boca Ciega*, but nowhere in *Boca Ciega* did the Court conclude § 2713 of OPA was jurisdictional. Rather, *Boca Ciega* found the presentment requirement was "a mandatory condition precedent." *Id.,* 665. Viewed as a mandatory condition precedent, thought the Judge in *Leboeuf*, was "more in accord with an exhaustion of administrative process" and he "respectfully disagree[d] with Judge Clement." *Id.*

2

With that said, however, plaintiff first overlooks Judge Barbier's prior ruling that "[p]laintiffs have successfully alleged presentment in their B1 Master Complaint, at least with respect to some of the Claimants." *Id.*, 11. Second, cases considering presentment agree that a claim brought in federal court before the presentment condition is satisfied is subject to dismissal *without prejudice*. *See, e.g., id.*; *Boca Ciega Hotel*, 51 F.3d at 240 ("All parties agree that the district court's dismissal should not be treated as a dismissal with prejudice. Appellants remain free to refile this action, if and when they comply with OPA's claims presentation procedure"); *Turner v. Murphy Oil USA, Inc.*, 2007 WL 4208986 (E.D. La. Nov. 21, 2007)(Fallon, J.)(same); *Gabarick v. Laurin Maritime (America) Inc.*, 2009 WL 102549, * 3 (E.D. La. Jan. 12, 2009)(Africk, J.)(same.) Third, under *American Pipe*, all statutes of limitations are tolled pending certification or denial of certification of a pending class action.

## III.  THE *AMERICAN PIPE* RULE INCLUDES OPA CLAIMS

Plaintiff addresses *American Pipe* by arguing "[d]efendants have cited no cases in which a court has applied *American Pipe* tolling to the Oil Pollution Act, and no cases appear to exist." *See* Π Mem., p. 2. But because no case yet addresses that question does not mean the well-established *American Pipe* tolling doctrine *does not apply* to claims arising under OPA, and plaintiff fails to explain why *American Pipe* would not apply to such a claim asserted in a putative class action.

*American Pipe* and cases following it hold the filing of a class action tolls the running of a statute of limitations for "all asserted members of the class." *See, e.g., Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54, 103 S.Ct. 2392, 2397-98 (1983)("Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class

3

certification is denied"); *Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372 (5th Cir. 2013)(same.)

The Oil Pollution Act is but one of hundreds of federal acts, and plaintiff cites no authority to brush the OPA away from the sweep of *American Pipe*.  Certainly many, if not most, of the federal cases considering the tolling effect of *American Pipe* have considered this question in connection with a federal act.  Indeed, *American Pipe* involved tolling of class action claims based upon the Clayton Act.  *Crown Cork & Seal Co., Inc.*, 462 U.S. at 347, 103 S.Ct. at 2394, tolled claims brought pursuant to § 706(f) of the Civil Rights Act.  *Hall v. Variable Annuity*, 727 F.3d 372, dealt with alleged federal securities laws violations.  *Also see Chardon v. Fumero Soto*, 462 U.S. 650, 103 S.Ct. 2611 (1983)(class action tolling of claims asserted under 42 U.S.C. § 1983).  As the Fifth Circuit explained in *Hall*:

> Class action lawsuits, like any other lawsuit, are subject to statutes of limitation and repose that limit the time within which a suit must be brought.  However, the class action mechanism would not succeed in its goal of reducing repetitious and unnecessary filings if members of a putative class were required to file individual suits to prevent their claims from expiring if certification of the class is denied.  As a result, the Supreme Court in *American Pipe & Construction Co. v. Utah* created a special rule to "freeze the clock" for putative class members once a class action lawsuit was filed. * * *  Now called "American Pipe tolling," later decisions of the Supreme Court have distilled a brightline rule:  The filing of a class action tolls the running of a statute of limitations for "'all asserted members of the class.'" [Internal citations omitted.]

*Hall*, 727 F. at 375.

The cases plaintiff cites, *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 646 F.3d 185 (5th Cir. 2011), and *Eastman v. Coffeyville Resources Refining & Marketing, LLC*, 2010 WL 4810236 (D. Kansas Nov. 19, 2010), do not exempt OPA claims from the *American Pipe* "freeze-the-clock" rule.  Neither case even cites, let alone considers, *American Pipe*.

In *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 646 F.3d 185, a resident of a FEMA trailer sued the United States Government under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, over formaldehyde in a trailer furnished after Hurricane Katrina. The district court found – and the Court of Appeals affirmed – that plaintiff filed her lawsuit more than two years after she learned of her injury. *See In re FEMA Trailer Formaldehyde Products Liability Litigation*, 646 F.3d at 189-190. Plaintiff advanced one tolling argument, namely that she performed a reasonable inquiry and relied on the assurances of a Government employee that she had "nothing to worry about." *Id.*, 190. Plaintiff argued, therefore, the statute of limitations should be equitably tolled. The Court of Appeals disagreed:

> We have explained that '[l]imitations periods in statutes waiving sovereign immunity are jurisdictional, and a court exercising its equitable authority may not expand its jurisdiction beyond the limits established by Congress.' * * * Because the FTCA waives the Government's immunity, in construing the FTCA's statute of limitations, we will 'not take it upon [ourselves] to extend the waiver beyond that which Congress intended.'

*Id.*, 190-191. Putting aside that BP is not the Sovereign, the Fifth Circuit never addressed whether a pending class action tolled FTCA's two-year statute of limitation nor mentioned *American Pipe*. Neither did the district court. *See In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2009 WL 2599195 (E.D. La. Aug. 21, 2009)(Engelhardt). This case does not hold *American Pipe* does not apply to OPA claims.

*Eastman v. Coffeyville Resources*, 2010 WL 4810236, likewise does not apply here. *Eastman* dealt not with a class action nor did it mention *American Pipe*. Instead, *Eastman* considered whether an OPA claim brought by plaintiffs-land owners after OPA's three-year statute of limitations expired could relate-back to an earlier-filed state-law nuisance claim. The Kansas District Court said no. But *Eastman,* like *In re FEMA Trailer Formaldehyde Products Liability Litigation*, did not address any aspect of the effect of a pending class action on OPA's

presentment provision nor consider the *American Pipe* rule. Simply stated, neither case supports plaintiff's argument that *American Pipe* does not toll OPA's statute of limitations where a class action is pending.[2]

### IV. OPA'S STATUTE OF LIMITATION IS NOT A STATUTE OF REPOSE

Although plaintiff does not develop the argument, in footnote 3 of its opposition, plaintiff suggests OPA's three-year statute of limitation is one of "peremption" or repose, rather than one of limitation. Counsel has not located a case discussing whether 33 U.S.C. § 2717 is a statute of repose or one of limitation, but the courts refer to § 2717 as a statute of limitation. *See, e.g., In re Oil Spill,* 2011 WL 5520295, * 10-11; *Eastman v. Coffeyville Resources*, 2010 WL 4810236, * 3. Nor does § 2717 resemble those federal statutes courts construe as ones of repose. For example, 15 U.S.C. § 77m of the Securities Act of 1933 contains both a statute of limitations period (one year after discovery) *and* period of repose (three years after the *bona fide* offer of the security to the public.) In contrast, 33 U.S.C. § 2717 contains no similar preemptive period for losses arising from oil discharge. *See* 33 U.S.C. § 2717(f)(1)(A)("Except as provided . . . an action for damages under this Act shall be barred unless the action is brought within three years after – (A) the date on which the loss and the connection of the loss with the discharge in question are reasonably discoverable with the exercise of due care.") As further evidence 33 U.S.C. § 2717 is not one of repose, its time limitations do not run against a minor or against an incompetent person. 33 U.S.C. § 2717(f)(5)(A) and (B). *Compare* LSA—R.S. 9:4605(D) which provides the three-year peremptive period governing acts of legal malpractice applies "to all

---

[2] The other case plaintiff mentions, *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001), dealt with a single plaintiff's untimely lawsuit filed against the United States under FTCA. The case did not involve the OPA, pending class actions, or *American Pipe*. *Ramming* does not support plaintiff's arguments at all.

persons whether or not infirm or under disability of any kind and including minors and interdicts."

This Court should conclude 33 U.S.C. § 2717 is a statute of limitation, not one of repose.

A.  *American Pipe* should toll statutes of repose

There is a split in the Circuits (and in the district courts of the circuits) over whether *American Pipe* extends to statutes of repose or only to statutes of limitation. *Compare Joseph v. Wiles*, 223 F.3d 115, 1167-68 (10th Circuit 2000)(the Security Exchange Act statute of repose is subject to legal tolling in the class action context), *with Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 108-109 (2nd Cir. 2013)(the Security and Exchange Act statute of repose not subject to tolling.)  The Fifth Circuit has not decided the question. *See Hall v. Variable Life Insurance Company*, 727 F.3d at 375 and fn 5.  But on March 10, 2014, the United States Supreme Court granted *certiorari* to review the Second Circuit's *Police & Fire Ret. Sys. of City of Detroit* opinion. *See Public Employees Retirement System of Mississippi v. IndyMac MBS, Inc.*, 2014 WL 901849 (U.S. March 10, 2014.)[3]

How the Supreme Court will decide whether *American Pipe* tolls statutes of repose is, of course, unknown to defendant attorneys.  Suffice it to say, however, the Tenth Circuit's rationale for including statutes of repose within the *American Pipe* rule is compelling:

> Tolling the limitations period for class members while class certification is pending serves the purposes of Rule 23 of the Federal Rules of Civil Procedure governing class actions. Rule 23 encourages judicial economy by eliminating the need for potential class members to file individual claims.  If all class members were required to file claims in order to insure the limitations period would be tolled, the point of Rule 23 would be defeated. * * * Tolling the limitations period

---

[3]  The Petitioner squarely framed the issue for the Supreme Court to decide as whether *American Pipe* tolls both statutes of limitations and statutes of repose, noting the uncertainty the split in the Circuits has caused. *See Petition for Writ of Certiorari* filed in *Public Employees Retirement System of Mississippi v. IndyMac MBS, Inc.*, at 2013 WL 61685615 (U.S.)(Appellate Petition, Motion and Filing).

> while class certification is pending does not compromise the purposes of statutes of limitation and repose. Statutes of limitation are intended to protect defendants from being unfairly surprised by the appearance of stale claims, and to prevent plaintiffs from sleeping on their rights. * * * Statutes of repose are intended to demarcate a period of time within which a plaintiff must bring claims or else the defendant's liability is extinguished.  Here, the claim was brought within this period on behalf of a class of which Mr. Joseph was a member. Indeed, in a sense, application of the *American Pipe* tolling doctrine to cases such as this one does not involve "tolling" at all.  Rather, Mr. Joseph has effectively been a party to an action against these defendants since a class action covering him was requested but never denied.  [Some text and internal citations omitted.]

*Joseph v. Wiles*, 223 F.3d at 1167-68.

As noted above, this Court should conclude 33 U.S.C. § 2717 is a statute of limitation, not one of repose.  If the Court decides § 2717 is a statute of repose, however, the Court should adopt the Tenth Circuit's position in *Joseph v. Wiles*, 223 F.3d 115, and extend the *American Pipe* rule to include statutes of repose.  Alternatively, the Court should defer a ruling until the Supreme Court decides *Public Employees Retirement System of Mississippi v. IndyMac MBS, Inc.*, 2014 WL 901849 (U.S. March 10, 2014).

## V.  JANUARY 20, 2013, IS NOT A "DEADLINE" UNDER OPA

As a pre-argument, plaintiff points out members of the MDL-2179 Plaintiffs Steering Committee publically told claimants and other attorneys representing plaintiffs to make presentments before January 20, 2013.  The PSC did so, but noted at the bottom of its communication:

> This communication should not be construed as any type of 'admission' or concession by the PSC (or any plaintiff) with respect to any status of limitation deadline or the requirements of presentment.  Plaintiffs, their counsel, and the PSC will undoubtedly take valid legal and factual positions on these issues contrary to those which may be advanced by BP.  The above represents what is, in the PSC's opinion, the safest course of action, under the circumstances.  Please consult your own attorney for additional or more particularized advice.

*See* December 13, 2012, PSC Communication, exhibit "A" to Π Mem.  Similarly, defendant attorneys suggested a similarly-cautious approach.  But plaintiff is legally (and factually) wrong in believing and stating ". . . the deadline for filing a civil suit is three years after the spill, and the deadline for making presentment is 90 days prior to the three-year anniversary of the spill." *See* Π Mem., p. 3.

The Oil Pollution Act's statute of limitation, 33 U.S.C. § 2717, does not use the "spill date" to commence prescription.  Rather, § 2717 ties the start of the three-year time limit to "the date on which the [individual claimant's] loss *and* the connection of the loss with the discharge . . . are reasonably discoverable. *Id.* (italics added.)  DEEPWATER HORIZON exploded and sank on April 2010 and the discharge later commenced and continued unchecked for some time.[4]  Assuming the oil discharge caused plaintiff Howell Construction, Inc. a "loss," when Howell incurred its loss and when it reasonably could discover and *connect* that loss to the Gulf oil discharge, is an individualized fact-intensive inquiry.  Thus, putting aside whether *American Pipe* governs (which it does), January 20, 2013, was not the "presentment" date for Howell no matter how cautious attorneys were about deadlines.  In any event, cautionary letters do not decide the legal issue presented here.  If *American Pipe* applies to claims asserted in the B1 Bundle Complaint, the PSC's expressed concerns about the timing of presentment are beside the point.

## VI.     CONCLUSION

Defendant attorneys' Rule 12(b)(6) motion presents to this Court a question of law to decide, which is whether *American Pipe* applies to toll the running of statutes of limitations

---

[4] The United States Coast Guard originally reported no oil was leaking from the underwater well.  Only on April 24 did the Coast Guard report some crude was leaking from the damaged well.  *See* TIME Timeline at:  http://content.time.com/time/interactive/0,31813,2006455,00.html

(including OPA's) for all asserted members of the B1 Bundle Complaint class, one of which is Howell Construction, Inc. *See In re Oil Spill,* 2011 WL 5520295, * 11-12. *American Pipe* and the cases following it suggest the answer to that legal question is yes. If so, plaintiff's claims under OPA – to the extent it factually has one – exist still and nothing defendant attorneys did caused plaintiff any legally-cognizable damages. See Δ Mem., pp. 11-13 [R. 7-1.]

Wherefore, defendants Andry Lerner, L.L.C., Andry Law Group, L.L.C., Jonathan B. Andry, and Christina E. Mancuso move this Court for an Order, granting their Rule 12(b)(6) motion and dismissing plaintiff Howell Construction, Inc.'s Complaint for Legal Malpractice for failing to state a cause of action against these defendants for which relief can be granted.

Respectfully Submitted:

s/ *E. Phelps Gay*
**E. PHELPS GAY – BAR # 5992**
**epgay@christovich.com**
**KEVIN R. TULLY -Bar #1627**
**krtully@christovich.com**
**H. CARTER MARSHALL - Bar #28136**
**hcmarshall@christovich.com**
**Christovich & Kearney, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana  70130
Telephone:  504-561-5700
**Attorneys for Andry Lerner, L.L.C., Andry Law Group, L.L.C., Jonathan B. Andry, and Christina E. Mancuso**

## **CERTIFICATE**

This is to certify that on the 3rd day of April 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of the filing will be sent via CM/ECF to counsel for plaintiff Howell Construction, Inc.

                                            s/ *E. Phelps Gay*
                                            **E. PHELPS GAY**
                                            **KEVIN R. TULLY**
                                            **H. CARTER MARSHALL**

4833-7512-5530, v. 1