# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle<br>Chicago, Illinois 60654 |  |
|---|---|---|
| Hariklia Karis, P.C.<br>To Call Writer Directly:<br>(312) 862-2330<br>hariklia.karis@kirkland.com | (312) 862-2000<br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

May 13, 2014

Sarah Himmelhoch
Environment & Natural Resources Division
U.S. Department of Justice
RFK Main Building
950 Pennsylvania Ave., NW
Washington, DC 20530

Re:     **MDL 2179 Penalty Phase Custodian File Production**

Dear Sarah:

I write to confirm BPXP's objection to the United States' proposal regarding the production of custodial files. As we understand the United States' proposal, you agree that for witnesses who are strictly corporate representatives and not otherwise fact witnesses, there will be no custodial file production. The United States however is demanding that BPXP produce the custodial files for any and all fact witnesses that the United States seeks to depose, which is currently at least 7 witnesses. In addition, for any witness that BPXP designates as a corporate representative to respond to the United States 30(b)(6) notices, and who "may" be a trial witness, a fact that which remains unknown at this time, the United States has stated its "preliminary" view is to request that BPXP also produce custodian files for any such witnesses. You stated you wanted to further consider this issue. We have not heard from you on whether you have moved from your preliminary view. If your position remains the same, the United States is demanding that BPXP be required to produce in excess of a dozen individual's custodian files in just a few weeks.

On the other hand, under the United States' proposal, for a variety of reasons, including refusal to search for and produce documents for individuals involved in the NRD, or documents of current or former senior ranking United States officials, the United States would have minimal, if any, obligation to produce custodial file documents for any of the deponents that BPXP has requested.

As explained during our call, the United States' request is not only one-sided, it would be extremely difficult, if not impossible, to achieve within the current schedule. A requirement for

## KIRKLAND & ELLIS LLP

Sarah Himmelhoch
May 13, 2014
Page 2

custodial file production of deponents would put a tremendous strain on BPXP's ability to meet the proposed schedule for document production as well as for presenting its witnesses for deposition. Depositions are scheduled to begin on June 10, less than one month away.  Before then, the parties must complete their document productions.  In addition, prior to beginning the process of producing custodial files, the parties would need to negotiate and agree on the potential search terms for each custodian and the date ranges for production appropriate for each custodian.  As you are aware, this isn't a simple process but requires customizing. It will also result in the production of materials for witnesses who likely will not be called to testify at trial but who the United States insists on deposing since BPXP cannot finalize its trial witness list in advance of any depositions taking place. And, such files would require review for privileged information or information that the United States contends is not the proper scope of discovery for the Penalty Phase as it pertains to NRD analysis or other limitations.  This pre-production process alone, let alone the time required for actual production, will take a substantial amount of time to accomplish and would put the overall penalty phase schedule in jeopardy.

The prior custodial file productions prove that what the United States proposes is unachievable, especially without undue burden.  During our May 8, 2014 call, the United States stated that it had produced custodial files from DOE custodians in one month.  This is incorrect.  The Court ordered production of DOE search-term documents during a call on May 22, 2012.  (Exhibit A)   As of that date, the United States indicated that it had already begun to collect the DOE custodians' electronic files.  Nonetheless, the United States production of DOE search-term documents did not begin until July 18, 2012, approximately two months after the Court's order.  (Exhibit B)   The United States' last major DOE search-term production occurred on August 23, 2012, more than three months after the Court's order.  (Exhibit C)  Additional DOE search-term productions occurred after August 23, 2012.  (Exhibit D)

Each of the parties has served Request for Productions that require substantial document productions, subject to resolving various outstanding disputes.  Those productions should result in producing a substantial number of relevant documents and information for the parties to present their respective cases. Any incremental benefit from imposing additional requirements for production through custodial file productions is greatly outweighed by the burden of such a requirement, especially to BPXP, the only party who is required to make material productions under this proposal.  Therefore, BPXP proposes no custodial file productions for any Rule 30(b)(6) witnesses is appropriate (which the United States has already agreed), nor is it appropriate for for Rule 30(b)(6) witnesses who may appear at trial as fact witnesses nor for any other fact witnesses for any documents beyond those that will otherwise be requested and produced through written discovery already underway.

Please let me know if you have any questions or would like to discuss these issues further.

## KIRKLAND & ELLIS LLP

Sarah Himmelhoch
May 13, 2014
Page 3

                                      Sincerely,

                                      /s/Hariklia Karis, P.C.

Cc: United States Penalty Phase Distribution Team