

**U.S. Department of Justice**
Environment and Natural Resources Division
Environmental Enforcement Section

90-5-1-1-10026

*Sarah D. Himmelhoch*                            *Telephone (202) 514-0180*
*U.S. Mail:  P.O. Box 7611, Washington, DC  20044-7611*         *Facsimile (202) 514-2583*
*Overnight Mail:   601 D Street N.W., Washington, DC, 20004*
*E-mail: sarah.himmelhoch@usdoj.gov*

May 13, 2014

BY ELECTRONIC MAIL

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
 Eastern District of Louisiana
Hale Boggs Federal Building
United States Courthouse
500 Poydras Street
New Orleans, LA 70130
Sally_Shushan@laed.uscourts.gov

       Re:      <u>MDL 2179 - 10-4536 Penalty Phase Preparation</u>

Dear Judge Shushan:

       I write to follow up on the letter I submitted on May 8, 2014 regarding BP's proposed deposition topics.  The parties have continued to meet and confer and have been able to reach agreement on certain topics.  Specifically, in return for the United States' withdrawing its reciprocal topics on human health, BP has agreed to withdraw its topics 2, as it relates to human health, and 10.  *See* Exhibit 1.  Accordingly, the United States withdraws its motion with respect to those two topics.

       In addition, the parties are very close to resolving the United States' objection to topic 2.b.  *See* Exhibit 2.  Accordingly, it may be appropriate to place any ruling on that topic in abeyance until after BP has had an opportunity to respond to the United States' offer.

       Finally, I wanted to clear up some confusion that may have been created by the United States' schedule for deposition.  In the desire to make scheduling as efficient as possible, the United States included dates and designees for some of the topics that were the subject of my May 8, 2014 letter.  In doing so, we did not waive or withdraw our objection to those topics.  Rather, we were making sure that, in the unlikely event our objections are overruled, there was space for the depositions on the calendar.

1

I appreciate your continued attention to this matter and look forward to discussing these and other issues with you and the Defendants during our Thursday status conference.

          Respectfully submitted,

          /s/ Sarah D. Himmelhoch

          Sarah D. Himmelhoch

cc:     Andy Langan
        Ky Kirby

# EXHIBIT 1 to Letter from Himmelhoch to Judge Shushan (May 13, 2014)

# Himmelhoch, Sarah (ENRD)

| | |
|---|---|
| **From:** | Pencak, Erica (ENRD) |
| **Sent:** | Monday, May 12, 2014 10:02 AM |
| **To:** | DeSantis, Karen McCartan; Andre, Abigail (ENRD) |
| **Cc:** | Himmelhoch, Sarah (ENRD); O'Rourke, Steve (ENRD); 'jim.dragna@bingham.com'; 'Thomas.Lotterman@bingham.com'; 'Ky.Kirby@bingham.com'; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew |
| **Subject:** | RE: Penalty Phase: May 8 meet and confer: human health issues |

Dear Karen,

Thank you for your email. We will get back to you on other follow-up items in subsequent emails, but wanted to send this response as soon as possible, due to today's deadline regarding deposition scheduling:

Regarding human health 30(b)(6) topics, we are in agreement to drop the human health-related topics – BP will drop Topic 2 as it pertains to human health, and Topic 10, and the US will drop Topics 3, 5, and 6. There will be no 30(b)(6) witnesses made available for deposition on human health issues from either side. We are agreeing to drop Topic 6 conditioned on your agreement that BP will produce "some agreed upon form of explanatory information about the database."

Best regards,
Erica

---

**From:** DeSantis, Karen McCartan [mailto:kdesantis@kirkland.com]
**Sent:** Friday, May 09, 2014 9:21 PM
**To:** Andre, Abigail (ENRD)
**Cc:** Himmelhoch, Sarah (ENRD); Pencak, Erica (ENRD); O'Rourke, Steve (ENRD); 'jim.dragna@bingham.com'; 'Thomas.Lotterman@bingham.com'; 'Ky.Kirby@bingham.com'; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew
**Subject:** RE: Penalty Phase: May 8 meet and confer: human health issues

Dear Abby,

Thank you and Erica for coming to our offices for the human health meet and confer yesterday. It was a productive session. We appreciate your follow-up email and are sending updates and clarifications as follows:

Stipulations

-We are working on and will soon circulate prefatory language for the proposed Additional Stipulated Facts Concerning the Medical Benefits Class Action Settlement. We understand that you will review and respond.

    -- Regarding the Medical Benefits Class Action Settlement, our broader team has discussed the fact that the settlement and supporting documents are a matter of Court record, and the Court may not want the documents moved into evidence, particularly if the parties can simply reference documents in the record. This should be a topic of further discussion for the parties.

-We look forward to your response regarding our proposed stipulation concerning rig workers.

RFPs

1

-After broader discussion today regarding prospective production of the medical encounters database and the injury and illness database, BPXP will agree to produce a redacted version of the medical encounters database and some agreed upon form of explanatory information about the database, provided that the U.S. and BPXP can agree that BPXP will not be obligated to produce any other documents requested in the U.S.'s RFP 19, and provided that the U.S. will continue to agree to produce the custodial file of John Howard, updated custodial files of U.S. custodians identified on BPXP's 26(a) disclosure, using broad, previously agreed-upon search terms; daily OSHA reports; and public records relating to the ongoing NIEHS study.  We would not ask that the U.S. produce any additional analyses on human health issues (unless relied upon by experts). Based on our conversation yesterday, we believe that a redacted medical encounters database will provide the database information in which you are interested. It may be useful for us to have a further meet and confer by telephone regarding the injury and illness database and our reasons for not agreeing to produce that database.

WItnesses/Files

-We have considered our discussion of yesterday regarding the prospect of agreement between the U.S. and BPXP that specific 30(b)(6) topics relating to human health--U.S. topics 3, 5, and 6; and BPXP topic 2 (only as it pertains to human health) and topic 10-- would be dropped from our respective notices and that no 30(b)(6) witnesses would be made available for deposition on human health issues. BPXP is willing to enter into such a mutual agreement with the U.S., and we know that you are having discussions within your team regarding your interest in entering such an agreement, understanding, of course, that the agreement would be limited to human health issues and would have no bearing on discussions concerning environmental issues and environmental topics covered in our respective 30(b)(6) notices.

-Also, as discussed, next week, we will be removing the names of some witnesses with knowledge of human health issues from our Rule 26(a) disclosure.

-Regarding custodial files, we discussed at our conference precedent from prior phases and what might be reasonable with respect to witnesses on human health. We do not recall that we specifically discussed either precedent or future practice with respect to 30(b)(6) witnesses who might also serve as fact witnesses. Regardless, it is our understanding that the broader teams representing both BPXP and the U.S. are having discussions regarding custodial file production in the Penalty Phase, including discussion yesterday afternoon, and those discussions and separate correspondence will dictate how custodial file productions are handled for witnesses in this phase of the litigation.

While this email is not intended to summarize all areas discussed yesterday or all areas for follow-up, I wanted you to have this information today so that we can continue to move ahead.

Thanks,
Karen


**Karen McCartan DeSantis**

KIRKLAND &ELLIS  LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel (202) 879-5217
Fax (202) 879-5200

karen.desantis@kirkland.com

---

**From:** Andre, Abigail (ENRD) [mailto:Abigail.Andre@usdoj.gov]
**Sent:** Friday, May 09, 2014 1:58 PM
**To:** DeSantis, Karen McCartan
**Cc:** *Sarah.Himmelhoch@usdoj.gov; *erica.pencak@usdoj.gov; *steve.o'rourke@usdoj.gov; 'jim.dragna@bingham.com'; 'Thomas.Lotterman@bingham.com'; 'Ky.Kirby@bingham.com'; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com
**Subject:** RE: Penalty Phase: May 8 meet and confer: human health issues

Dear Karen,

Thanks again for hosting the human health meet-and-confer yesterday.  We felt that it was very productive.  As promised, here is a list of agreements and the follow-up tasks.  We're working on ours and will send you updates as soon as we can.

Stipulations
- BP agreed to draft and circulate prefatory language to the proposed Stipulated Facts Concerning the Medical Benefits Class Action Settlement and the US agreed to review and comment on that language
    - If the parties cannot quickly come to mutually agreeable language, the both BP and the US agreed to discuss with their larger teams the idea of jointly moving to enter the medical benefits settlement agreement into evidence for the Penalty Phase.
        - the US noted that we would want to move in the settlement agreement in its entirety, including all attachments and appendices, and that for the sake of completeness, it would make sense to enter the economic and property damages settlement agreement as well
        - BP noted that that there is a good deal of expert-like testimony in the declarations attached to the medical benefits settlement agreement and requested assurance that the US would not object to BP's presentation of expert testimony at trial as cumulative or duplicative of the testimony contained in the declarations.
            - We continue to argue that all evidence about human health, environmental, or other harms are cumulative and a waste of time, per our motion on the "Seriousness" factor, and reserve the right to renew that objection. If that objection is overruled, then the US agrees that it would not further object to BP's expert testimony at trial as being specifically duplicative of the testimony contained in the declarations to the medical benefits settlement agreement.
            - We also reserve the right to object to BP's expert testimony at trial as cumulative on other grounds (if it is so).
        - We suggest that when we move in the medical settlement and its documents we also move in the economic settlement in its entirety.

- The US agreed to review and provide comments on BP's proposed stipulation on the personal injury and wrongful death settlements

RFPs
- After discussing the Medical Encounters Database and the Injury and Illness Database, including the fact that these databases were provided to the Claims Administrator after the parties to the Medical Benefits Class Action Settlement jointly moved the Court to Order BP to produce the databases (see Section XXI.B. of the Medical Benefits Class Action Settlement Agreement and Rec. Doc. 6505, attached), the US requests that BP reconsider its decision to refrain from producing these databases in response to RFP 19(3).

3

- o   The US confirmed it was no longer seeking the underlying information on which these databases were created
- BP RFP 8.  The US reported that "commending" search string BP requested in meet-and-confer is being tested and may need revision because of the number of hits we're seeing for the word "good." As written, the string is pulling any document that says, e.g., good morning or good evening. The United States is working to minimize this and will follow up on progress.

ROGs
- The United States agreed to reach out to agencies to see whether further agency publications on human health may be expected between now and trial. As we stated in the meeting, we will not prevent agencies from publishing and do not believe we have any obligation to update you about this topic. That said, we have committed to follow up with EPA and CDC and will do so. We also agreed to look into whether there is data/analysis that the agencies have but have not made public.

30(b)(6) Topics
- BP and the US agreed to take back to their teams the idea of mutually dropping BP's Topic 10, the human health aspects of BP's Topic 2, and the US's Topics 3, 5, and 6, even if the environmental harm teams could not agree to mutually drop their 30(b)(6) topics.
- We also discussed the idea of approaching the United States' Topic 6, which asks for testimony on the databases requested in US RFP 19(3), by some means other than a 30(b)(6). For example, an explanatory affidavit or some other admissible agreement that what BP provides is reliable, accurate, etc.

Production of Expert reliance Materials: We agreed that both parties have an ongoing duty to produce expert materials that are not publicly available and have not previously been produced that are provided by counsel to the expert.

Custodial files: We agreed that custodial files need not be produced for 30b6 witnesses but should be produced for fact witnesses, including any fact witness who is also a 30b6 witness. BP also suggested it would pull down some of its fact witnesses on human health.

This email is not intended to encompass all of the topics we discussed, but rather the areas of follow-up that the parties agreed to.  Please feel free to supplement as necessary.

Best regards,


Abby


Abby André
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
Mail: P.O. Box 7611 Washington, D.C. 20044-7611
Overnight: ENRD Mail Room, 601 D Street, N.W. Washington D.C. 20004
phone: (202) 305-2775
email: Abigail.Andre@usdoj.gov


---

**From:** DeSantis, Karen McCartan [mailto:kdesantis@kirkland.com]
**Sent:** Monday, May 05, 2014 8:45 PM
**To:** Andre, Abigail (ENRD)

**Cc:** Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *mbrock@cov.com; Himmelhoch, Sarah (ENRD)
**Subject:** Penalty Phase: May 8 meet and confer: human health issues

Abby,

I am attaching three documents that may serve to facilitate discussion regarding both proposed human health stipulations and discovery on human health issues at our meet and confer scheduled for Thursday, May 8. The documents include 1) a document that simply cuts and pastes into one document all U.S. and BPXP discovery requests and responses pertaining to human health issues, along with all 30(b)(6) topics pertaining to human health (and we expect that this document will aid efficient discussion of discovery); 2) a very short set of proposed stipulations concerning the medical settlement that we have drafted for your consideration and for our discussion regarding the prospect of agreeing on stipulations concerning health claims; and 3) for everyone's convenience, BPXP's proposed human health stipulations that were submitted to the Court in March.

We ask that you please send to us any additional proposed stipulations that you would like to discuss on Thursday, as well as a description of other matters, if any, that you would like for us to address at the meeting.

Thanks,
Karen


Karen McCartan DeSantis
Kirkland and Ellis, LLP
655 Fifteenth Street, NW
Washington, DC 20005

(202) 879 5217

***********************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
***********************************************************

***********************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
***********************************************************

# EXHIBIT 2 to Letter from Himmelhoch to Judge Shushan (May 13, 2014)

# Himmelhoch, Sarah (ENRD)

| | |
|---|---|
| **From:** | Himmelhoch, Sarah (ENRD) |
| **Sent:** | Tuesday, May 13, 2014 3:23 PM |
| **To:** | 'Langan, Andrew'; O'Rourke, Steve (ENRD); Andre, Abigail (ENRD); Casey, Patrick (ENRD); Hankey, Rachel (ENRD) |
| **Cc:** | Horizon, Deepwater; Karis, Hariklia |
| **Subject:** | RE: MDL 2179 Penalty Phase Discovery |

Andy –

Responding with respect to your item no. 2 below. In her letter, Ms. Karis proposed the following search string for Coast Guard and Dr. Michel:

> In the Coast Guard Archive and in the files of custodian Jacqui Michel: (("BP" OR "Deepwater Horizon" OR "DWH" OR "RP") NEAR10 ("effective*" OR "efficient*" OR "prompt*" OR "quick*" OR "competent" OR "commend*" OR "excellent" OR "great" OR "good" OR "well done" OR "nice*"))

We have tested the search in the Coast Guard archives and discovered that the inclusion of the terms "Deepwater Horizon" and "DWH" result in a very high number of hits in documents that are not responsive to the request. Similarly, using "good" results in the collection of all emails to and from BP that have the terms "good morning" or "good afternoon", etc., again resulting in a very high percentage of false positives.

Accordingly, we propose running a modified search string:

> ((BP OR RP) W/10 (effective* OR efficient* OR prompt* OR quick* OR competent OR commend* OR excellent OR great OR "well done" OR nice*))

We would run this string in the Coast Guard archive for the time period April 20, 2010 through December 31, 2013 and in Dr. Michel's custodial files for the period April 20, 2010 through January 31, 2011 if BP is willing to withdraw its topic 2.d. from the proposed Rule 30(b)(6) notice.

Please advise if this is acceptable to you.

Sarah D. Himmelhoch
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-514-0180 (phone)

---

**From:** Langan, Andrew [mailto:alangan@kirkland.com]
**Sent:** Monday, May 12, 2014 4:40 PM
**To:** O'Rourke, Steve (ENRD); Andre, Abigail (ENRD); Himmelhoch, Sarah (ENRD); Casey, Patrick (ENRD); Hankey, Rachel (ENRD)
**Cc:** Horizon, Deepwater; Karis, Hariklia
**Subject:** FW: MDL 2179 Penalty Phase Discovery

Resending due to error message I got

1

**J. Andrew Langan, P.C.**

**KIRKLAND & ELLIS LLP**
300 North LaSalle Street Chicago, IL 60654
Tel. +1-312-862-2064  Fax +1-312-862-2200

andrew.langan@kirkland.com

---

**From:** Langan, Andrew
**Sent:** Monday, May 12, 2014 3:15 PM
**To:** *steve.o'rourke@usdoj.gov; *Sarah.Himmelhoch@usdoj.gov; *deepwater.horizon@usdoj.gov; *abigail.andre@usdoj.gov; *rachel.hankey@usdoj.gov; *patrick.casey@usdoj.gov
**Cc:** *mbrock@cov.com; Jim Dragna; Lotterman, Thomas R.; Ky Kirby; Karis, Hariklia
**Subject:** FW: MDL 2179 Penalty Phase Discovery

Dear Counsel:

Four more subjects to raise if I may please:

1. With respect to our email earlier today (below), we have a correction to our designation for Topic 8. We will not be designating Mr. Stott to cover that topic and are withdrawing his name. We should be able to provide the specific person or persons covering No. 8 shortly.

2. Also, we write to follow up on our prior discussions concerning BPXP's Rule 30(b)(6) topics and Document Request No. 8. In Sarah's May 8 letter to Judge Shushan, the United States objected to producing Rule 30(b)(6) witnesses on BPXP's topics 1, 2(a), 2(b), 4, 5, 6, 7 and 10. From the proposed deposition schedule that we received from Steve today, however, it appears that the US is now willing to produce witnesses on BPXP's 30(b)(6) topics, except for topics 2(b) and topic 10 (per agreement with BPXP). Please let us know if that is incorrect and that designation is being made subject to the prior objection by the United States.

3. With respect to BPXP's topic 2(b), Sarah stated in her May 8 letter to Judge Shushan that "The United States has agreed to run the document search" proposed by BPXP for Document Request 8, regarding statements praising or commending the Response, and "will produce the results to BP." BPXP makes the following proposal: if the U.S. runs the proposed searches of the US Coast Guard Archive and Dr. Michel's files as proposed in Ms. Karis' April 24 letter with respect to Document Request 8, then BPXP will agree to withdraw its 30(b)(6) topic 2(b). Please let me know if this proposal is acceptable to you.

4. The scheduling order dated April 21 (Rec Doc 12688) contemplates that a "joint submission" about Rule 30(b)(6) and fact witnesses is due today. We assume this means to the Court. I would propose a short note to MJ Shushan be sent today that informs the Court all three parties have started that process, provided fact and 30(b)(6) dep  dates (with more to come), and that we can update the Court Thursday. And note the Court may need to resolve some issues.  Is  that ok?

Best regards


Andy



**J. Andrew Langan, P.C.**

**KIRKLAND & ELLIS LLP**

2

300 North LaSalle Street Chicago, IL 60654
Tel. +1-312-862-2064  Fax +1-312-862-2200

andrew.langan@kirkland.com

---

**From:** Langan, Andrew
**Sent:** Monday, May 12, 2014 10:03 AM
**To:** *steve.o'rourke@usdoj.gov; *Sarah.Himmelhoch@usdoj.gov; *deepwater.horizon@usdoj.gov; *abigail.andre@usdoj.gov; *rachel.hankey@usdoj.gov; *patrick.casey@usdoj.gov
**Cc:** Karis, Hariklia; mbrock@cov.com; Jim Dragna; Lotterman, Thomas R.; Ky Kirby
**Subject:** MDL 2179 Penalty Phase Discovery

Dear Counsel:

Per our discussion on May 8, here is BPXP's update on its Rule 30(b)(6) designations and fact witness scheduling issues, as contemplated by the Court's scheduling order.

**Rule 30(b)(6) Designation and Scheduling**

At this time, BPXP is prepared to make the following designations of Rule 30(b)(6) designees, along with proposed deposition dates.

| Topic(s) | Name | Date for Deposition |
|---|---|---|
| 1, 2 | Richard Morrisson | June 20, 2014 |
| 4 | Laura Folse | June 16 |
| 7 | Mike Utsler | June 27 |
| 8 | Ronnie Stott | July 16 |
| 9 | Brian Smith | July 11 |

These designations are subject to (a) BPXP's prior objections as stated during the parties' meet and confer sessions; (b) BPXP's formal objections to the USA notice which per the May 8 discussions will be served on May 21, 2014; and (c) ongoing discussions with the United States regarding deleting certain additional topics from each sides' Rule 30(b)(6) notice.

In addition, the parties have discussed, and it is BPXP's understanding, that generally speaking fact depositions in the Penalty Phase will be of 7 hours duration and conducted in New Orleans, although some exceptions may be made by agreement or for good cause shown; we may propose that some of the 30(b)(6) (or fact) depositions be conducted outside New Orleans.

We understand that per recent discussions, the United States is dropping topics 3, 5 and 6 from the USA notice. Also, the parties are discussing stipulations and other arrangements that would end any need for a designee as to Topic 10. For this reason, BPXP is not making a designation on Topic 10 but will be prepared to do so promptly if these discussions are not successful.

**BPXP Fact Witness Deposition Scheduling**

3

Subject to BPXP's prior objections noted during the parties' meet and confer discussions, BPXP states that it has secured a few dates for deposition of the witnesses that the United States has requested, and are working on dates for the others, as follows:

| Name | Deposition Date |
| --- | --- |
| Nick Bamfield | TBD |
| David Bucknall | TBD |
| Jared Houge | July 18 |
| Brenda Pennington | TBD |
| Denise Robertson | TBD |
| Mike Robertson | July 10 |
| Brian Smith | July 11 |

BPXP notes that it does not waive any objections it may have to production of fact witnesses that may be burdensome, exceed applicable limits on discovery, or are otherwise objectionable.  By providing potential dates for these individuals, we do not agree that all their depositions should be taken, and reserve the right to address certain of these depositions with the Court.

In addition, consistent with requests made by the United States in recent meet and confer discussions about dropping witnesses from BPXP's Amended Rule 26(a) disclosures served April 4 whom BPXP does not anticipate calling at trial (and thus whose depositions can be foregone), BPXP also wishes to disclose at this time that it does not intend to call the following fact witnesses at trial of the Penalty Phase:

- Ken Lindeman
- Gabe Cuadra
- Maris Travis
- Heidi Grether
- Bea Stong
- Fred Tremmel

BPXP hereby amends its prior Rule 26(a) disclosures, including its Amended Rule 26(a) disclosures served April 4, to drop these witnesses.

**Fact Witnesses Depositions that BPXP Wishes to Conduct of Government Witnesses**

At this time, BPXP desires to take at least following depositions of fact witnesses associated with the United States (in addition to the USA Rule 30(b)(6) designees) and the three government witnesses identified by the United States as potential trial witnesses (Lieutenant Frank Kulesa, Captain Meredith Austin, and Captain Roger Laferriere):

- Dr. Robert Haddad/Dr. Carl Childs
- Captain James Hanzalik
- Captain Julia Hein
- Dr. John Howard
- Dr. Jane Lubchenco
- Dr. Jacqueline Michel
- Rear Admiral Steve Poulin
- Captain Duke Walker

4

    Rear Admiral Paul Zukunft

Meet and confer discussions continue on fact witnesses sought by both sides.  BPXP is aware of the United States' positions about the witnesses that BPXP has requested and also, of the possibility that further discussions about fact witnesses to be deposed by both sides may result in fewer and/or different witnesses being deposed.

Best regards

Andy Langan



**J. Andrew Langan, P.C.**

**KIRKLAND & ELLIS LLP**
300 North LaSalle Street Chicago, IL 60654
Tel. +1-312-862-2064  Fax +1-312-862-2200

andrew.langan@kirkland.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*