# IN RE: DEEPWATER HORIZON LITIGATION
## MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards, LLC
556 Jefferson St., Suite 500
Lafayette, LA 70501
E-Mail: jmr@wrightroy.com
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: Sherman@hhklawfirm.com
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

May 15, 2014

*Via* **E-Mail**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re:  OPA Causation Test Cases: Scheduling Order

Dear Judge Shushan:

As requested in your e-mail of May 13, 2014, we offer the following responses to your questions regarding the PSC's suggested issues that are common to the seven test cases, and would be appropriate for an initial common issue OPA causation trial:

**Issues No. 1 and 2**

1. There was an oil spill at the Macondo well located at Mississippi Canyon Block 252. BP was the majority owner and operator of the well and is the responsible party under OPA.

2. The oil spill covered and/or affected large portions of the Gulf of Mexico, including the littoral waters of the states of Louisiana, Mississippi, Alabama, Florida and Texas.

Question:

Do you agree that issues 1 and 2 are subject to stipulation (perhaps with some wordsmithing)?

PSC Response:

Yes.

**Issue No. 3**

> Did each / any of the Test Case Plaintiffs suffer any loss of profit and/or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property and/or natural resources as a result of the Spill?

Question:

Do you agree that issue No. 3 is a purely factual issue?

PSC Response:

Yes, we agree that the issue is a question of fact, but the resolution may turn, in part, on the Court's legal interpretation of the terms that are used in the OPA Statute.

**Issue No. 4**

> Assuming one or more Test Case Plaintiffs suffered some economic loss as a result of the Spill, as outlined above, is a superseding or intervening cause defense available to BP as a matter of law?

Question:

Do you agree that issue No. 4 is a purely legal issue?

PSC Response:

Yes.

**Issue No. 5**

> In the event that such a defense might be legally available, has BP established that a superseding or intervening cause relieves BP from liability with respect to:
> - The Deepwater Moratorium;
> - The slowing and/or stopping of Shallow Water Permits with respect to oil and gas exploration in the Gulf of Mexico; and/or,
> - Economic loss caused in whole or part as a result of the physical presence and/or substantial threat of oil where projects are ongoing or planned.

Question:

Do you agree that, if the Court determines that BP is entitled to a "superseding or intervening cause defense," the issues contained in issue No. 5, *e.g.,* the Deepwater Moratorium, are purely legal?

PSC Response:

Not entirely. Although the *availability* of a intervening/superseding cause defense in the context of OPA is a purely legal issue, in the event that the Court holds as a matter of law that such a defense can be asserted by BP, some factual inquiry will be necessary in order to determine whether the intervening event is sufficiently unforeseeable to be deemed a "superseding" cause that would relieve BP of its liability.[1]  (There are additional related factors that BP would generally need to satisfy in order to prevail on the defense.[2])  Thus, the threshold question of foreseeability will likely require a factual inquiry, (which should be relatively very easy to define), before the legal question of whether the intervention constitutes a "superseding cause" can be answered by the Court.

Question:

What are the Affirmative Defenses available to BP?

PSC Response:

The PSC believes that OPA only allows for one affirmative defense:  Namely, that BP would be required to prove that the damages at issue were caused ***"solely"*** by **(1)** an Act of God, **(2)** an Act of War, or **(3)** an act or omission of a third party, (in which case BP would also have to establish, by a preponderance of the evidence, that BP (a) exercised due care with respect to the oil concerned, and (b) took precautions against foreseeable acts or omissions of any such third party and the foreseeable consequences of those acts or omissions). *See* 33 U.S.C. §2703.

---

[1] *See, e.g.,* BP PHASE TWO POST-TRIAL BRIEF [Doc 12045] p.39 ("the doctrine of superseding cause is narrow, and applies only in the unusual circumstance where a subsequent tortfeasor caused injury in a manner 'sufficiently unforeseeable' to the original tortfeasors that it may be deemed 'to interrupt the chain of causation') (*citing,* EMCASCO Ins. Co. v. Am. Int'l Specialty Lines Ins. Co., 438 F.3d 519, 526 n.10 (5th Cir. 2006)); *see also, generally,* Becker v. Tidewater, Inc., 586 F.3d 358, 372 (5th Cir. 2009); Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 652 (5th Cir. 1992); RESTATEMENT (SECOND) OF TORTS §447.

[2] To determine whether a third party's fault rises to the level of a "superseding" cause, courts generally look at whether: (i) the intervening fault brings about harm different in kind; (ii) its operation or the consequences appear extraordinary; (iii) the intervening fault is operating independently of any situation created by the defendant's negligence; (v) the intervening fault is wrongful toward the defendant; and (vi) the degree of culpability of the third party. *See generally,* BP PROPOSED PHASE TWO FINDINGS [Doc 12047] pp.463-467, ¶¶1966-1976; *citing,* RESTATEMENT (SECOND) OF TORTS §442; Donaghey, supra, 974 F.2d at 652 & n.11.

It is the PSC's understanding, from prior discussions, however, that BP will attempt to invoke a common law "intervening" or "superseding" cause defense, (which the PSC believes would be unavailable as applied to the alleged "fault" of the United States,[3] even if permitted under OPA). In that event, the Court would have to determine whether any such "intervening" or "superseding" cause defense is legally available to BP under the circumstances.

      As always, we greatly appreciate the Court's time and consideration.

      Respectfully submitted,

      STEPHEN J. HERMAN, ESQ.
      JAMES PARKERSON ROY, ESQ.
      CONRAD S.P. "DUKE" WILLIAMS, III, ESQ.

cc: Matthew T. Regan, Esq.
    Christopher W. Keegan, Esq.
    Paul Sterbcow, Esq.
    Robert Cunningham, Esq.
    Brian Barr, Esq.

---

[3] Plaintiffs respectfully question whether the U.S. Government could ever be considered at "fault" with respect to the alleged acts or omissions in question. Yet even assuming *arguendo* that the Government's action or inaction could potentially be deemed an intervening or superseding factor, the harm to the plaintiffs is not different "in kind" from the damages caused by the Spill itself; the U.S. was not operating "independently" of the situations created by BP; and the Government's conduct was clearly not "wrongful toward" BP. *See, e.g.,* BP PROPOSED PHASE TWO FINDINGS [Doc 12047] p.467, ¶1976.