**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

May 16, 2014

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re: MDL 2179 — Ongoing Data Preservation

Dear Judge Shushan:

BP has identified two additional preservation-related issues that it believes are ripe for an order along the lines of the August 19, 2013 Order which permitted BP and the other MDL 2179 Parties to resume normal business practices with respect to backup tapes for data created after July 1, 2013. (Rec. Doc. 11040.) In both instances, BP's current preservation practice represents a substantial ongoing expense that is unlikely to result in the collection and preservation of relevant, non-privileged material going forward.

First, BP would like to return to its normal business practices with respect to email journaling.[1] BP began email journaling after the DWH-litigation hold was put in place as a belt-and-suspenders form of preservation, and as such, BP's email journaling process stores copies of all emails of individuals subject to the litigation hold (separate and apart from copies stored on individuals' computers, etc.). These journals contain data duplicative of the DWH-related emails preserved by individuals subject to the legal hold, and with the exception of those individuals who are still actively involved in the ongoing response efforts, it is unlikely that new relevant, non-privileged emails are being created this many years after the incident. BP believes the time is right to end this belt-and-suspenders form of preservation. The proposed order would not affect any emails previously journaled before July 1, 2013.

Second, BP continues to incur significant costs associated with data created and/or stored by third party contractors previously engaged by BP during the response (who are not parties to

---

[1] It is BP's understanding, based on correspondence between the parties, that the parties may utilize email journaling in the ordinary course of business in a different manner than does BP. For example, Anadarko apparently uses email journaling in the ordinary course to preserve emails that are deleted by a sender or recipient for a set amount of time (six months).

Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 16, 2014
Page 2

this litigation).  With the exception of vendors actively involved in the ongoing response efforts, BP would like to eliminate these hosting costs by having the third party contractors migrate the data at issue to media that will be transferred back to BP.  The migration would of course be undertaken in a forensically sound manner.  BP would then treat the migrated data as the master copy and have the third party contractors keep a backup of the data.  The contractors would be allowed to repurpose the original media.

Accordingly, BP now respectfully requests that the Court enter an order permitting (i) all parties to resume standard business practices with respect to email journaling for emails created after July 1, 2013; and (ii) each party to migrate data hosted by third party contractors previously engaged by a party in the *DWH* response in a forensically-sound manner to media stored by the party.  This order would not otherwise impact the scope of the parties' preservation obligations.

On May 7, 2014, BP circulated the proposed order to counsel for the United States, the PSC, the States, and Defense Liaison Counsel and asked that the parties raise objections, if any, to the proposal by May 14.  Counsel for the United States, PSC, Anadarko, and Halliburton have indicated that they do not oppose the motion.  No party has indicated opposition.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

/s/ Andrew Langan, P.C.

Andrew Langan, P.C.

Enclosure: Proposed Order

cc (via electronic mail):

| | |
|---|---|
| Michael O'Keefe | Plaintiffs' Liaison Counsel |
| Defense Liaison Counsel | United States MDL Counsel List |
| State Liaison Counsel | |