**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION "J" (1) |
| | JUDGE BARBIER |
| *This Document Relates to: 2:10-cv-01768 & 2:10-cv-02454* | MAGISTRATE JUDGE SHUSHAN |

**TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Pursuant to Judge Shushan's January 6, 2014 Order, Rec. Doc. 12090, Defendant Transocean Offshore Deepwater Drilling Inc. ("Transocean")[1] submits a limited supplemental brief in reply to CBD's opposition to Defendants' motions for summary judgment.

**I.      INTRODUCTION**

In February 2013, this Court approved a partial consent decree between the United States and Transocean, in which Transocean agreed to wide-ranging injunctive relief and a $1 billion fine to resolve its potential liability under the Clean Water Act and a slew of federal environmental statutes, including claims the United States might have asserted under EPCRA. BP and Transocean also showed in their opening briefs that a vast amount of information about the oil spill has already been made available to the public.  The undisputed facts simply do not support CBD's insistence that this Court could provide CBD with meaningful relief.  CBD's final remaining claim is therefore moot.

---

[1] CBD's complaint also names Transocean Ltd. and Transocean Inc. as defendants, but those entities, which have never been properly served, take the position that the Court lacks personal jurisdiction over them, and do not make any appearances for purposes of these motions.

CBD attempts to avoid this conclusion through two inapposite arguments: (1) that EPCRA is a strict liability statute under which substantial compliance is insufficient, and (2) that the consent decree does not constitute "diligent prosecution" under 42 U.S.C. § 11046(e).  But these do not respond to Transocean's grounds for summary judgment.  Rather, Transocean's position is that the EPCRA claim is moot because, after the consent decree and the substantial information that has already been reported, no further order from this Court could provide any meaningful relief to CBD and its members.

## II.    CBD'S EPCRA CLAIM AGAINST TRANSOCEAN IS MOOT

1.  CBD mischaracterizes the Fifth Circuit decision as holding that its EPCRA claim "will only be mooted by the actual filing of the reports required by the statute."  Rec. Doc. 12821 at 1.  But the Fifth Circuit actually held that CBD's claim would be moot "[i]f the information required by EPCRA's reporting provisions may indeed be easily located from alternate sources" such that "a further order from the district court would provide no meaningful relief to the Center and its members."  *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 430 (2013).  In fact, rather than embrace CBD's position that its claim remains live until particular reports are filed in a particular format, the Fifth Circuit explained that "[m]ootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff."  *Id.* at 425.

Accordingly, regardless of the format and manner in which information about the oil spill has been reported,[2] this Court must consider whether the information that EPCRA requires is already available to the relevant government authorities and to the public.  As Transocean and

---

[2] Although CBD repeatedly insists that Defendants must file a single document containing all of the information required by EPCRA, EPCRA does not actually mandate any specific format for emergency notifications.  Indeed, the EPCRA implementing regulations expressly allow written notification to be provided in more than one notice as more information becomes available.  *See* 40 C.F.R. § 355.40(b).

BP showed in their opening briefs, it is.  Rec. Docs. 12675-1 at 4-5, 12676-1 at 20-23.  The

purposes of EPCRA have therefore been satisfied and no further order from the Court could

provide CBD with meaningful relief.  The fact that CBD has not received the precise relief that it

seeks cannot save its EPCRA claim.

      2.  CBD's invocation of the "diligent prosecution" bar in 42 U.S.C. § 11046(e) is a straw

man.  Transocean has never argued that the "diligent prosecution" bar applies to this case.

Rather, the extensive reporting and other requirements imposed on Transocean by the consent

decree are relevant because they provide another reason why any further order from this Court is

incapable of providing meaningful relief.  Rec. Doc. 12675-1 at 3-7.

      Although it does not formally preclude CBD's suit, the "diligent prosecution" bar is

important here because it illustrates that Congress intended the federal government, not private

citizens, to be the primary enforcer of EPCRA.  *See Gwaltney of Smithfield, Ltd. v. Chesapeake

Bay Found., Inc.*, 484 U.S. 49, 60 (1987) (similarly-worded citizen suit provision of the CWA "is

meant to supplement rather than to supplant governmental action").  The Macondo spill

prompted a massive Department of Justice inquiry, but the government ultimately chose to

forego an EPCRA claim in exchange for obtaining other extensive injunctive relief and a

substantial fine.  The government's release of its potential claims for civil and administrative

penalties under EPCRA makes clear that the consent decree was intended to resolve the statutory

violations at issue in CBD's claim.[3]  This compromise amounts to an enforcement decision by

the federal government that CBD cannot second-guess.  *See Ellis v. Gallatin Steel Co.*, 390 F.3d

---

[3] CBD insists it is not bound by the government's covenant not to sue Transocean because it was not a party to the
consent decree.  Rec. Doc. 12821 at 6.  But the covenant not to sue demonstrates that the *government* considered and
deliberately chose to forego pursuing EPCRA claims.  The Court should defer to the government's judgment
regarding the appropriate remedy for EPCRA violations, especially when the government chooses to enforce the Act
through a consent decree that may require negotiation and compromise.  *See, e.g.*, *Gwaltney*, 484 U.S. at 60-61;
*Karr v. Hefner*, 475 F.3d 1192, 1197 (10th Cir. 2007).

461, 477 (6th Cir. 2004) (interpreting the substantively-similar CWA citizen suit provision and holding that "second-guessing of the EPA's assessment of an appropriate remedy . . . fails to respect the [CWA's] careful distribution of enforcement authority among the federal EPA, the States and private citizens, all of which permit citizens to act where the EPA has 'failed' to do so, not where the EPA has acted but has not acted aggressively enough in the citizens' view").

## III.    CONCLUSION

For the foregoing reasons, and for the reasons joined by Transocean in the joint reply brief filed concurrently herewith, the Court should grant Transocean's motion for summary judgment.

DATED:  May 19, 2014                                Respectfully submitted,

By: /s/ Brad D. Brian                               By: /s/ Steven L. Roberts
Brad D. Brian                                       Steven L. Roberts
Michael R. Doyen                                    Rachel Giesber Clingman
Grant Davis-Denny                                   Sean Jordan
Daniel B. Levin                                     SUTHERLAND ASBILL & BRENNAN LLP
MUNGER TOLLES & OLSON, LLP                          1001 Fannin Street, Suite 3700
355 So. Grand Avenue, 35th Floor                    Houston, TX  77002
Los Angeles, CA  90071                              Tel: (713) 4710-6100
Tel: (213) 683-9100                                 Fax: (713) 354-1301
Fax: (213) 683-5180                                 Email: steven.roberts@sutherland.com
Email: brad.brian@mto.com                                  rachel.clingman@sutherland.com
       michael.doyen@mto.com                               sean.jordan@sutherland.com
       grant.davis-denny@mto.com
       daniel.levin@mto.com


                                                    By: /s/ Kerry J. Miller
                                                    Kerry J. Miller
                                                    FRILOT, LLC
                                                    1100 Poydras Street, Suite 3800
                                                    New Orleans, LA  70163
                                                    Tel: (504) 599-8194
                                                    Fax: (504) 599-8154
                                                    Email:  kmiller@frilot.com

*Counsel for Defendant Transocean Offshore Deepwater Drilling Inc.*

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2014, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

       /s/ Kerry J. Miller_____
        Kerry J. Miller