# EXHIBIT B

Minute Entry
Barbier, J.
March 21, 2014
JS 10: 2hr. 9min.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG            MDL NO. 2179
    "DEEPWATER HORIZON" in the
    GULF OF MEXICO, on            SECTION: J (1)
    APRIL 20, 2010

           JUDGE BARBIER
           MAG. JUDGE SHUSHAN

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

UNITED STATES OF AMERICA            C.A. 10-4536
V.
BP EXPLORATION & PRODUCTION, INC., ET AL      SECTION: J (1)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

COURTROOM DEPUTY:            COURT REPORTER:
STEPHANIE KALL            JODI SIMCOX

STATUS CONFERENCE
(Re: Penalty Phase)
and
MOTION HEARING

FRIDAY, MARCH 21, 2014 9:30 A.M.
JUDGE CARL J. BARBIER PRESIDING

The Court addressed attorney conduct and professionalism.

The Court discussed the scope of discovery regarding the 8 penalty factors under the Clean Water Act ("CWA"), 33 U.S.C. § 1321(b)(8).

Regarding factor no. 1, "the seriousness of the violation or violations," and the related Motion of the United States to Limit Evidence About the 'Seriousness' Factor [12373]; ORDERED that the Motion [12373] is GRANTED IN PART and DENIED IN PART as stated in open court. The parties are to confer among themselves and with Magistrate Shushan regarding discovery.

Regarding factor no. 2, "the economic benefit to the violator, if any, resulting from the violation," the parties agree there will be no further discovery on this factor.

Regarding factor no. 3, "the degree of culpability involved," and Anadarko's Motion in Limine to Exclude All Evidence Regarding Anadarko's Culpability [12343]; ORDERED that the Motion is GRANTED. Regarding BP's Motion in Limine to Exclude From the Penalty Phase Additional Evidence of Culpability [12347]; ORDERED that the Motion is GRANTED.

Regarding factor no. 4, "any other penalty for the same incident," the parties have agreed to enter stipulations.

Regarding factor no. 5, "any history of prior violations," and BP's Motion in Limine to Exclude Evidence Relating to Unrelated Prior Incidents [12347]; ORDERED that the Motion is DENIED AT THIS TIME to the extent BP urges that only past violations of the CWA, 33 U.S.C. § 1321, are relevant. FURTHER ORDERED that the United States is limited to presenting evidence on the 4 prior incidents it has identified (Texas City, Prudhoe Bay, Endicott Island, and Grangemouth).

Regarding factor no. 6, "the nature, extent, and degree of success of any efforts of the violator to minimize or mitigate the effects of the discharge," BP may introduce evidence of response efforts of entities other than BPXP.

Regarding factor no. 7, "the economic impact of the penalty on the violator," and the United States' Motion in Limine to Permit Relevant Evidence Concerning BP p.l.c. and Other BP Affiliates [12355]; ORDERED that the Motion is GRANTED IN PART. The United States is entitled to limited discovery regarding the relationship between BP p.l.c., BPXP, and other BP affiliates. The parties will confer regarding discovery of financial information. Regarding the United States' Motion for Discovery Regarding the Financial Information and Activities of Subsidiaries and Affiliates as Relevant to the Economic Impact of a Clean Water Act Civil Penalty on Anadarko Petroleum Corporation [12534]; ORDERED that the Motion is DENIED; however, Anadarko will notify Magistrate Judge Shushan by March 28, 2014, if 'consolidating statements' exist regarding Anadarko's subsidiaries. If a such statements exist, the United States may request limited discovery of a reasonable time period.

The CWA Penalty Phase Trial is scheduled for <u>Tuesday, January 20, 2015</u>, and is expected to last 3 weeks.

The Court will limit the number of witnesses, experts, depositions, etc.

Discovery response deadlines are tolled in light of the Court's rulings.

PRESENT: (see attached)