UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In re: | Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION:  J |
| **Applies to:**  *U.S. v. BP Exploration & Prod. Co.,* **No. 2:10-cv-04536.** | | * * | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| * * * * * * * * * * * * * | | * | |

### ANADARKO'S OPPOSITION TO THE UNITED STATES' MOTION TO COMPEL

Pursuant to Federal Rule of Civil Procedure 37, for the reasons below, the United States' Motion to Compel against Anadarko Petroleum Corporation ("APC") should be denied.

**1. Board, Board Committee or Officer Resolutions or decisions that describe, discuss, refer, or relate to "any BP Entity"**

During a recent meet and confer, the United States explained that it sought this information in its RFP # 10 because "we just want to know."  Of course, that is not a legitimate discovery purpose.  Aside from board materials relating to BP and Macondo, which APC already produced in Phase I,[1] the requested documents have no relevance to any issue in this MDL proceeding, let alone in this Penalty Phase.[2]  Therefore, any effort to compel these materials should be denied.

**2. Resolutions or decisions that relate to APC's Factor 8 topics**

In its revised RFP #10, the United States purported to replicate one topic that APC identified as potentially relevant to Penalty Factor 8, but took liberties by divorcing parts of the topic from a key qualifier — "if penalties … are imposed on non-operating investors."  By doing so, the United States created an extraordinarily overbroad RFP (*e.g.*, seeking all resolutions and decisions that relate to "APC's investment in oil and gas production in the United States" or that

---

[1]  The Board materials produced extended into early 2011.
[2]  Moreover, the deadline for culpability and source control discovery passed long ago.

1

relate to "operators and non-operators") that far exceeds any evidence arguably relevant to CWA penalties. Setting that aside, APC has advised the United States that it is narrowing that Penalty Factor 8 topic to now pertain only to "potential impacts, if penalties are imposed on non-operating investors, on (i) non-operating investment in offshore oil development; and (ii) safety in well exploration and production operations."[3] Ex. 1. APC explained that since this topic will address potential impacts in the case of an event that has not yet occurred, APC possesses no fact evidence, but anticipates offering expert opinion on the topic.[4] *Id*. Despite this narrowing, the United States has essentially refused to budge on this aspect of its motion to compel.

The scope of the United States' RFP #10 subparts is, at best, absurdly excessive. Since APC's business is oil and gas exploration and production, virtually every resolution or decision made by APC's Board, Board committees, and officers since 2008 theoretically "describes, discusses, refers or relates" in some fashion to the broad subjects revised RFP #10 covers — *e.g.*, to APC's investment in oil and gas production in the U.S., to APC's status as an operator or a non-operator in its various investments, or to its practices and/or contractual relationship with operators or non-operators.[5] The burden that the United States' fishing expedition would impose

---

[3] This is a revision of Topic 7 in APC's March 3, 2014 Submission (the "Submission") to the Court. Since March 3, APC has sought to determine whether, and to what extent, any of the Factor 8 subjects listed in the Submission should be dropped or narrowed.

[4] As APC has explained to the United States, the vast majority of subjects listed in its Submission as pertinent to Penalty Factor 8 (other matters) were possible subjects for expert opinion. The (actual) subjects are normally first disclosed in expert reports. This proceeding is unique in that the parties were required to identify matters they thought possibly pertinent to Penalty Factor 8 nearly five months before the expert report deadline.

[5] In connection with other document requests, APC is producing a summary of its annual capital expenditures, broken out by U.S. Onshore, Gulf of Mexico, and International, for the years 2010-2013. APC has now offered to extend that summary to include the years 2008-2013. The summary is a far more informative source of information regarding APC's investment in the oil and gas industry nationally and locally than foraging through unrelated information in board and officer materials.

on APC, particularly in this time of accelerated discovery, cannot be justified given the trove of purely irrelevant information revised RFP #10 would yield.[6]

**Conclusion**

For these reasons, APC respectfully submits that the United States' motion to compel APC's response to revised RFP #10 should be denied.

---

[6] There are 199 sets of board minutes for the period from 2008 to present that contain resolutions, and countless other documents that reflect board or officer decisions, all of which would take a substantial amount of time to review given the breadth of revised RFP #10's subjects — *e.g.*, "that discuss, describe, refer or relate to" APC's investment in oil and gas production in the United States.

3

Dated:  May 20, 2014					Respectfully submitted,


						        *Ky E. Kirby*
						Ky E. Kirby
						Ky.Kirby@bingham.com
						Thomas R. Lotterman
						Thomas.Lotterman@bingham.com
						BINGHAM MCCUTCHEN LLP
						2020 K Street, NW
						Washington, DC 20006-1806
						Telephone (202) 373-6000
						Facsimile (202) 373-6001

						James J. Dragna
						Jim.Dragna@bingham.com
						BINGHAM MCCUTCHEN LLP
						355 South Grand Avenue
						Suite 4400
						Los Angeles, California 90071-3106
						Telephone (213) 680-6436
						Facsimile (213) 680-8636

						Deborah D. Kuchler, (La. Bar No. 17013)
						Janika Polk (La. Bar No. 27608)
						Robert Guidry (La. Bar No. 28064)
						KUCHLER POLK SCHELL
						WEINER & RICHESON, LLC
						1615 Poydras Street, Suite 1300
						New Orleans, LA  70112

						**ATTORNEYS FOR ANADARKO PETROLEUM CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Anadarko Petroleum Corporation's Opposition to the United States' Motion to Compel has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 20th day of May, 2014.

                                                             */s/ Ky E. Kirby*