# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| This Document Relates to: | SECTION: J |
| No. 12-970 | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |

### CLASS COUNSEL'S OPPOSITION TO
### BP'S MOTION TO CLARIFY OR AMEND ORDER REGARDING MOTION TO PROTECT AND PRESERVE CLAIMANT CONFIDENTIALITY

Class Counsel respectfully submit the following memorandum in opposition to BP's Motion to Clarify or Amend Order Regarding Class Counsel's Motion to Protect and Preserve Claimant Confidentiality and to Enforce the Orders of the Court [Doc 12702]:

**MAY IT PLEASE THE COURT:**

Class Counsel have endeavored to accommodate BP's concerns associated with the identification, segregation and formal destruction of Claim- and Claimant-specific pre-Determination data that may exist throughout the computer systems of BP employees, consultants, and attorneys, and are optimistic that a stipulation and proposed order will be reached, which will moot BP's Motion with respect to the "burden" issue.[1] With the Court's direction, Class Counsel therefore address only that portion of the motion in which BP contends that it is allowed to access all pre-Determination data in order to prepare for the prosecution and/or defense of potential settlement program appeals.[2]

---

[1] Under such stipulation, neither BP nor its attorneys nor its consultants will be permitted to access or utilize any Claim- or Claimant-specific pre-Determination data, even where BP has been relieved of the affirmative obligation to destroy it.

[2] Class Counsel reserve the right to oppose the "burden" element of BP's Motion in the event that the contemplated stipulation cannot be reached or is rejected by the Court.

As set forth previously, and as supported by not only Class Counsel's exhibits but the contemporaneous e-mails submitted as exhibits by BP, Section 4.4.14 was specifically intended and agreed to prevent BP from accessing Claim- and Claimant-specific data at any time prior to a formal Eligibility Determination or Denial;  after that point, BP would be entitled to access such claim file where, and only where, it was "needed" by BP to prosecute or defend a settlement program appeal.[3]

Under the new interpretation now advanced in BP's motion, BP and its consultants would have access the full panoply of 260,000-plus Claims Files based on the remote chance that a document or piece of information in one Claimant's file might conceivably be used by BP to prosecute or defend an appeal with respect to some *other* Claimant or Claim.  Not only is this type of extrinsic investigation and challenge by BP beyond the scope of what was contemplated and authorized under the Settlement Agreement,[4] but it would render meaningless and without effect the preceding part of the sentence.

Further, BP offers no new evidence or argument that was not or could not have been raised in response to Class Counsel's original motion.  Rule 59(e) motions, in this regard, are not the place for re-hashing losing arguments or dreaming up new ones that could have been raised initially. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) ("This Court has held that such a [Rule 59(e)] motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment").  To the extent

---

[3] Examples of Claims Files that BP would never be entitled to access include the thousands of Claims that: **(a)** are denied because they fail the causation tests (and are not appealed), **(b)** receive incompleteness denials (and are not appealed), or **(c)** are less than $50,000 (which BP has no right to appeal) (and are not appealed by the Claimant).

[4] *See generally* OBJECTION TO ADMINISTRATIVE RULING REGARDING THE ADMISSION OF NEW "EVIDENCE" BY BP IN CONNECTION WITH A SETTLEMENT PROGRAM APPEAL [Doc 11973]; REPLY BRIEF IN FURTHER SUPPORT OF OBJECTION [Doc 12283-1].

BP's motion does not merely re-hash the same argument this Court has rejected, it offers no explanation as to why new argument or examples could not have been raised previously.

For these reasons, for the reasons previously briefed,[5] and for the reasons further outlined below, BP's Motion to Clarify or Amend should be denied.

## Section 4.4.14, and the Other Related Provisions, Only Allow BP to Access Claim Files Post-Determination, Where "Needed" to Prosecute or Defend that Claim on Appeal.

BP, in its motion, plucks a total of *three* claims out of over 260,000 as purported justification for what is essentially full and unfettered access to all pre-Determination Claims Files. BP does not attach any of the claim files, fails to include any response to its contentions by the Claimant, and touts them as reasons why the Court should ignore what BP's attorneys, at the time of the Settlement Agreement, discussed, negotiated, and agreed to.

Putting aside the question of whether BP is even authorized to supplement the settlement program appeal record with extrinsic "evidence" from other Claimant's files,[6] BP fails to inform the Court how BP's seemingly limitless resources could not have discovered such inconsistencies without accessing pre-Determination data. Indeed, the access to substantial post-Determination claims data allows BP to police new Eligibility Notices to guard against alleged "double-payments" – which, as a matter of logic, would not seem to occur in the absence of multiple Eligibility Notices. Additionally, BP and its vendors (including the solicitation of information through its "Fraud Hotline") have certainly demonstrated a proclivity for investigating and researching the World-Wide Web and other sources to challenge Eligibility

---

[5] *See generally* MEMO IN SUPPORT OF MOT TO PROTECT AND PRESERVE CLAIMANT CONFIDENTIALITY AND TO ENFORCE THE ORDERS OF THE COURT [Doc 12413-1]; REPLY BRIEF IN SUPPORT OF MOTION [Doc 12539]; RESPONSE TO BP'S SUR-REPLY BRIEF [Doc 12548].

[6] *See generally* OBJECTION TO ADMINISTRATIVE RULING REGARDING THE ADMISSION OF NEW "EVIDENCE" BY BP IN CONNECTION WITH A SETTLEMENT PROGRAM APPEAL [Doc 11973]; REPLY BRIEF IN FURTHER SUPPORT OF OBJECTION [Doc 12283-1].

Determinations and/or to rebut Claimant appeals.  BP additionally has access to the reams of GCCF data.

BP's argument also fails to consider the number of Claims that may have been inappropriately delayed, reduced and/or denied on appeal (or otherwise) based on BP's mistaken or intentional mis-interpretation and/or mis-use of information and documents to challenge Eligibility Determinations that were correct and/or to rebut the appeal of Denials that were in error.[7]

Lastly, there are the inherent checks and balances of the claims process and the hundreds of policy decisions that have been announced and implemented.  The Claims Administrator already checks Individual Economic Loss (IEL) Claims against the previous GCCF Releases and/or current Settlement Program Business Economic Loss (BEL) Claims by those individual's employers – (both pre-Determination and post-Determination) – to prevent potential "double payments" and to confirm causation, where necessary.[8]

Both the Settlement Agreement and the Court's Order regarding implementation expressly and unambiguously provide that:

> BP and Class Counsel shall *not* have access to any individual Claim File for a Claim that is being processed and has not yet been resolved in the Settlement Program, except if the Claim File is **needed** by BP, a Claimant, or their counsel, to prosecute or defend an Appeal.[9]

---

[7] It is worth noting, along these lines, that BP has still not provided Class Counsel with information regarding allegedly "fraudulent" Claims that BP apparently provided to the Settlement Program and/or to the Special Master.

[8] BP, quite simply, refuses to now accept what was an inarguable intent and agreement to entrust the investigation, evaluation and determination of Claims to an independent and Court-appointed Claims Administrator and Trustee, working with independent and Court-appointed Claims Vendors, for the benefit of the Class beneficiaries. *See generally,* SETTLEMENT AGREEMENT, Sections 4 and 5.  BP continues to attempt to directly and indirectly supervise, influence, investigate, deter, criticize, enjoin, and otherwise affect the fair and efficient processing and payment of Claims.

[9] *See* ORDER REGARDING SETTLEMENT IMPLEMENTATION (May 22, 2012) [Doc 6573], ¶ 9, *and* SETTLEMENT AGREEMENT, SECTION 4.4.14, (emphasis supplied).

This Section is fairly straight-forward, and (along with the surrounding provisions) memorializes the Parties' agreement that individual Claim- or Claimant-specific pre-Determination data is off limits to BP,[10] unless and until it becomes *necessary* to prosecute or defend an appeal.[11]   Allowing BP "to access pre-determination claim files for the purpose of evaluating, prosecuting, or defending an appeal"[12] would render meaningless and without effect the preceding (and most critical) part of the sentence.

## Conclusion

For the above and foregoing reasons, Plaintiffs respectfully request that the Court deny BP's Motion.

This 21st day of May, 2014

Respectfully submitted,


    /s/   Stephen J. Herman                       /s/ James Parkerson Roy
**Stephen J. Herman**, La. Bar No. 23129      **James Parkerson Roy**, La. Bar No.11511
**HERMAN HERMAN & KATZ LLC**                  **DOMENGEAUX WRIGHT ROY & EDWARDS LLC**
820 O'Keefe Avenue                            556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113                  Lafayette, Louisiana 70501

---

[10] *See also, e.g.,* SECTION 4.4.14 ("The Claimant may request and receive reasonable access to his, her, or its Settlement Program and/or Transition Process Claim File and supporting information, ***but only after issuance of a Final Determination of the Claim***") (emphasis supplied); SECTION 6.1.2.1.1 ("Within 30 days of issuance of notice in writing to the Claimant of a final determination of a Claim by the Settlement Program, a Claimant may request in writing reconsideration…. The Settlement Program shall provide access to the Claimant and the BP Parties of all forms, calculations and worksheets relied upon by the Settlement Program in reaching the final determination"); SECTION 6.8 ("Immediately ***upon issuance of final written notice from the Claims Administrator of a determination of a Claim,*** the Settlement Program shall provide BP, Lead Class Counsel, Claimant and Claimant's counsel (if Claimant is represented) with electronic access to the full record of the Claim at issue") (emphasis supplied).

[11] Again, it was agreed that BP would never be entitled to access, for example, the thousands of Claims that: **(a)** are denied because they fail the causation tests (and are not appealed), **(b)** receive incompleteness denials (and are not appealed), or **(c)** are less than $50,000 (which BP has no right to appeal) (and are not appealed by the Claimant).

[12] BP MEMO IN SUPPORT OF MOT TO CLARIFY OR AMEND, at p.7.

Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhklawfirm.com
*Co-Lead Class Counsel*

Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jjmr@wrightroy.com
*Co-Lead Class Counsel*

## CLASS COUNSEL
## FOR THE ECONOMIC & PROPERTY DAMAGES CLASS

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &

6

CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the above and foregoing Opposition will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 21st day of May, 2014.


/s/ James Parkerson Roy and Stephen J. Herman