UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-968 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO STRIKE DECLARATION OF JESSICA HERZSTEIN, M.D.**

Class Counsel, on behalf of the Medical Benefits Settlement Class, respectfully submit the following memorandum in support of the Class' Motion to Strike the April 14, 2014 Declaration of Jessica Herzstein [Rec. Doc. 12862-2 at 14-23]:

**MAY IT PLEASE THE COURT:**

In accordance with the Court's primary responsibility and authority to interpret the Medical Benefits Class Settlement Agreement,[1] Class Counsel submitted a memorandum on March 28, 2014 to seek confirmation of the correct interpretation of a Chronic Specified Physical Condition, as defined in Section II of the Settlement Agreement and listed in Table 3 of Exhibit 8.

In response, BP disputed Class Counsel's interpretation on the basis that it allegedly "opened the door for fraudulent claims", as it was allegedly "highly implausible" that a Clean-Up Worker without health insurance would not have sought immediate medical attention prior to

---

[1] *See* MEDICAL SETTLEMENT, Section XXVII; (*see also* Section XVIII(A)(13)).

1

the announcement or final and effective approval of the Settlement. BP's response was supported by a Declaration from Dr. Herzstein.

The next day, Class Counsel, *via* e-mail, objected to the Declaration.[2]

On May 13, 2014, the Declaration was docketed as part of Exhibit B to the Claims Administrator's Policy Statement.[3]

Class Counsel, therefore, respectfully submit this Motion to Strike the Declaration from the record, out of an abundance of caution.

## ARGUMENT

First, the Declaration is after-the-fact parole evidence that sheds no light on the negotiations, intent or agreement between the Parties as of April 18, 2012, when the Medical Benefits Class Action Settlement Agreement was executed.[4]

Second, the Declaration was not submitted to the Court for consideration prior to the Final Approval of the Settlement Agreement on January 11, 2013.[5]

Finally, and most importantly, the Declaration is inconsistent with the prior declarations that Dr. Herzstein submitted to this Court in support of settlement approval. Specifically, in her declaration of August 12, 2012, Dr. Herzstein confirms that the conditions identified in Exhibit 8, Section III, to the Medical Settlement Agreement are Chronic Specified Physical Conditions.[6]

---

[2] E-Mail from Steve Herman to Judge Shushan, *et al* (April 15, 2014).

[3] *See* REC. DOC. 12862-2 at 14-23.

[4] *See, e.g.,* DECLARATION OF DR. JESSICA HERZSTEIN [Rec. Doc. 7112-7] (Aug. 12, 2012) at ¶7 ("I did not personally participate in any settlement negotiations between BP and the plaintiffs, nor did I have an advisory role during the settlement process").

[5] *See* ORDER AND JUDGMENT [Rec. Doc. 8218].

[6] *See* DECLARATION OF DR. JESSICA HERZSTEIN [Rec. Doc. 7112-7] (Aug. 12, 2012) at ¶¶13-15. *See also,* SETTLEMENT AGREEMENT, Section XXX(D) (which indicates that, in the event of any inconsistency between the text of the Medical Settlement Agreement and Exhibit 8, the terms and provisions of Exhibit 8 shall govern).

Moreover, in discussing Later Manifested Physical Conditions, Dr. Herzstein repeatedly (and correctly) refers to them as "latent diseases, such as *cancers*"[7] and acknowledges that:

- "there is no medical basis to assert that a latent disease allegedly caused by contact with oil and/or dispersants could develop before April 16, 2012"[8]

- "To the extent latent diseases, such as cancers, could be caused by contact with oil and/or dispersants in sufficient amounts and for sufficient duration, such diseases would not be expected to manifest in class members for years after their exposure to these substances."[9,10]

### Conclusion

For the above and foregoing reasons, Class Counsel's Motion to Strike the April 14, 2014 Declaration of Dr. Herzstein should be granted.

This 21st day of May, 2014.

Respectfully submitted,

| | |
|---|---|
| */s/ Stephen J. Herman* | */s/ James Parkerson Roy* |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 1511 |
| Herman Herman & Katz LLC | Domengeaux Wright Roy & Edwards LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, LA 70113 | Lafayette, LA 70501 |
| Tel: (504) 581-4892 | Tel: (337) 233-3033 |
| Fax: (504) 569-6024 | Fax: (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Class Counsel* | *Co-Lead Class Counsel* |

---

[7] *See* DECLARATION OF DR. JESSICA HERZSTEIN [Rec. Doc. 7112-7] (Aug. 12, 2012) at ¶¶26-28 (emphasis supplied).

[8] DECLARATION OF DR. JESSICA HERZSTEIN [Rec. Doc. 7112-7] (Aug. 12, 2012) at ¶26.

[9] DECLARATION OF DR. JESSICA HERZSTEIN [Rec. Doc. 7112-7] (Aug. 12, 2012) at ¶28. *See also, e.g.,* BP BRIEF IN SUPPORT OF FINAL APPROVAL [Doc 7112-1] p.29 ("The [Specified Physical Condition] Matrix does *not* include potentially latent conditions, which are discussed in greater detail below in connection with the Back-End Litigation Option") (emphasis supplied).

[10] Class Counsel note, for the Court's reference, that BP also submitted a Supplemental Declaration of Dr. Jessica Herzstein [Rec. Doc. 7732-1] (Oct. 22, 2012), which was tailored to the conditions and contentions of specific Objectors.

3

## CERTIFICATE OF SERVICE

  WE HEREBY CERTIFY that the above and foregoing Memorandum will be filed into the record electronically *via* the Court's ECF system and served on All Counsel *via* the Lexis-Nexis File & Serve system in accordance with Pre-Trial Order No. 12, this 21st day of May, 2014.

                /s/ Stephen J. Herman and James Parkerson Roy