UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: 10-4536 | : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |
| ……………………………………………... | : | |

**BPXP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE UNITED STATES TO PRODUCE DISCOVERY
IN THE CLEAN WATER ACT PENALTY PHASE**

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia Karis, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985
Facsimile: (202) 662-6291

*Attorneys for BP Exploration &
Production Inc.*

The supplemental discovery responses that the US filed with its Opposition to BP's Motion to Compel effectively concede that its initial responses failed to satisfy its discovery obligations. While the US's supplemental responses have the potential to satisfy some of the deficiencies raised in BPXP's Motion—provided that the US agrees to be bound by and limited to these new responses—this does not negate the US's obligation to produce complete discovery for the remaining issues that BPXP raises in its Motion to Compel. The US's persistent claim that BPXP seeks Natural Resource Damage Assessment ("NRDA") analysis is inaccurate and affords it no shelter from its discovery obligations. In response to direction from the Court, BPXP has made it abundantly clear that it is not seeking the government's on-going NRDA analysis, and that it seeks only environmental facts and information on which the US will rely in the Clean Water Act case. This is the same type of environmental discovery that the US is seeking from BPXP by 30(b)(6) deposition notice and requests for production. Nor does the US's insistence of burden carry weight as BPXP consistently seeks documents for a limited timeframe from targeted custodians using narrow search terms.

I. **The US's Supplemental Discovery Responses May Cure the Deficiencies of Some of Its Prior Responses.**

In the supplemental discovery responses filed with its Opposition, the US has agreed to provide some of the information on which BPXP was forced to move to compel. The US's supplemental discovery responses may be sufficient to satisfy BPXP's concerns, and narrow the discovery issues in dispute, with respect to some of the requests raised in BPXP's Motion to Compel, on certain conditions. Specifically:

- **Interrogatories 6, 7, 8, and 12.** Interrogatories 6, 7, 8, and 12 seek information relevant to the "seriousness" and "mitigation" penalty factors, and complete discovery from the US as to each is crucial to BPXP's defense in this litigation. The US has provided some supplemental information in response to each of these Interrogatories. BPXP will agree to withdraw its motion to compel as to these Interrogatories on the condition that the US is bound by—and limited to—its responses to these interrogatories

as submitted to the Court on May 20, 2014. Without such an understanding, BPXP has no option but to pursue its Motion to Compel on these requests to ensure the completeness of the US's responses.

- **RFPs 6 and 13.** The US agreed in its supplemental responses to produce additional documents and information requested by BPXP in response to RFPs 6 and 13. In its supplemental responses, the US also identified that the Department of the Interior's Cassini server has information that may be responsive to these requests. BPXP will agree to withdraw its motion to compel as to RFPs 6 and 13 provided that the US either promptly produces a copy of the Cassini server to BPXP, or alternatively, agrees not to rely on documents or information from the Cassini server (or from any other source to which BPXP does not have access) in the Penalty Phase.

II. **The US Failed to Meaningfully Supplement the Remainder of the Requests Set Forth in BPXP's Motion to Compel.**

The remaining deficient responses—Interrogatories 2, 10 and 11 and RFPs 3, 4, and 11—at the heart of BPXP's Motion to Compel remain unassuaged through the rhetoric the US boasts in its opposition and unaddressed through its supplemental responses. First, in response to the Court's direction, BPXP is clear that its discovery requests do not seek the government's on-going NRDA analysis. BPXP has tailored its requests, search terms, custodians, and timeframes to ensure that it does not run contrary to the Court's clear instructions in this case. It is hard to imagine how BPXP could be more transparent in this regard. ***BPXP does not seek on-going NRDA analysis through its discovery requests.*** Rather, BPXP seeks facts and information pertaining to the government's environmental contentions *in this case*. This is the same type of discovery that the US has propounded on BPXP by deposition notice and requests for production. (*See e.g.*, May 14, 2014 US 30(b)(6) Dep. Notice, Ex. A, Topic 3 to BPXP; Ex. C to BPXP's Memo. in Supp. Mot. to Compel at RFP 18, Rec. Doc. 12859.) Second, the burden of production the US claims is unsupported. As described above, subject to the conditions identified above, BPXP is willing to withdraw four interrogatories and two RFPs from its Motion to Compel. The remaining requests for production seek only post-Incident documents. For this

limited timeframe, BPXP is proposing narrowly tailored search terms applied to specific custodians to net documents responsive to its requests.

**Interrogatory 2.**   Interrogatory 2 requests that the US identify information related to the background rates of shoreline erosion in the Gulf Coast states.  Pre-Spill background erosion rates are critical to an understanding of post-Spill erosion rates and the seriousness of any acceleration of these rates that might be Spill-related.  BPXP is not seeking a detailed analysis of background rates of land loss "over every inch of the coastline," but rather is seeking facts the US possesses now about the average or general rates of background land loss.  BPXP has attempted to narrow the issue through various means, including through attempting to negotiate a stipulation on the topic.  Unless the US agrees to forego any allegation that the Spill resulted in accelerated erosion rates, or the Court grants BPXP's Motion to Compel, BPXP has no means of obtaining this critical environmental impact information.

**Interrogatory 10.**   Interrogatory 10 seeks information about the US's contentions regarding the amount of oil that was "contained, collected, dispersed, burned, or otherwise removed during Response Activities"—thereby a limited timeframe—which is relevant to the effectiveness of BPXP's response activities.  In its supplemental responses, the US cites only to the Phase 2 stipulation regarding the 810,000 barrels of oil that was collected from the source. (*See See* Ex. 3 to US Opp. to BPXP's Mot. to Compel at Irrog. 10, Rec. Doc. 12903-3.)  The US's supplemental response fails cure the deficiencies that BPXP identified in its Motion.

**Interrogatory 11.**   The US's Opposition and supplemental discovery response fails to address the deficiency BPXP identifies in its Motion to Compel.  The US insists that BPXP should run search terms across the literally millions of produced documents to discern the US's position regarding whether the use of Corexit 9500 and/or Corexit 9527 during the Response was

ineffective or had counterproductive/harmful effects. This fails to satisfy its obligations under the Federal Rules.

The US's purported reliance on future deposition testimony, as set forth in its supplemental response acknowledges the critical relevance of this topic. BPXP must be afforded the opportunity to explore the substance of the US's written responses during deposition discovery. *See Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997) ("Providing information through a deposition does not satisfy the requirements of Fed. R. Civ. P. 33 and does not answer an interrogatory.").

**RFP 3.** The US's Opposition and supplemental discovery response fail to address a number of deficiencies BPXP identified, including that the US objects to 1) performing searches beyond a certain date range notwithstanding that relevant documents exist outside this range; and 2) the search string ("stranding" NEAR5 "rates") notwithstanding that this search string is designed to target documents related to important Wildlife Response observations as part of the Response (not the NRDA). The US also fails to justify its refusal to search the files of three custodians: Dr. Robert Haddad, Dr. Kevin Reynolds and Dr. Teri Rowles. In an effort to resolve this issue, without waiving any arguments or objections, BPXP will agree to withdraw its Motion to Compel the files of Dr. Haddad and Dr. Reynolds if the US agrees to search the files of Dr. Schwacke, Dr. Schroeder (custodians for which the US has already agreed to search), and Dr. Rowles and implement, for all three custodians, all search strings proposed by BPXP, including ("stranding" NEAR5 "rates") for the dates April 20, 2010 through December 31, 2012.

**RFP 4.** BPXP appreciates the US's effort to supplement its response to RFP 4 with two categories of documents. However, because the US has stated that it may blame BP *in this action* for the environmental effects of the Louisiana diversion, BPXP is also entitled to

4

documents from those US government custodians who participated in evaluating the use of diversions. Specifically, the Caernarvon Interagency Advisory Committee ("CIAC") is the federal-state interagency body designed to oversee operations at the Caernarvon diversion. At the relevant time, the CIAC had a representative from the US Army Corps of Engineers (Don Schneider), US EPA (John Ettinger), US Fish and Wildlife Service (David Walthier), and the National Marine Fisheries Service (Rick Hartman). BPXP requests that the US produce documents from those custodial files as well.

**RFP 11.** Interrogatory 11 seeks information regarding any contention by the US that use of Corexit 9500 and/or Corexit 9527 during the Response was ineffective or had any counterproductive or harmful effects on the environment. The US's response remains deficient because the US fails to identify even *whether* it will contend that the use of Corexit 9500 or 9527 had any harmful effects, much less any factual bases for such a contention. As described in BPXP's opening brief, the US's insistence that BPXP should search literally millions of produced documents to attempt to discern what position the US may take with regard to dispersants is contrary to the Federal Rules. The US's supplemental response adds only a single sentence referencing future 30(b)(6) testimony. This does nothing to cure the deficiencies within its initial response; BPXP is entitled to know the US's position, and any factual bases for such a position, on this critical issue in advance of those depositions. Requiring the US to provide a meaningful answer to Interrogatory 11 would substantially streamline discovery and trial on this important issue.

## CONCLUSION

For the foregoing reasons, BPXP respectfully requests that the Court grant its Motion to Compel the United States to Produce Discovery in the Clean Water Act Penalty Phase.

Date: May 22, 2014					Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia Karis, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

***Attorneys for BP Exploration & Production Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22th day of May, 2014.

/s/ Don K. Haycraft
Don K. Haycraft