

**U.S. Department of Justice**
Environment and Natural Resources Division
Environmental Enforcement Section

90-5-1-1-10026

*Steven O'Rourke*     *Telephone (202) 514-2779*
*U.S. Mail: P.O. Box 7611, Washington, DC 20044-7611*     *Facsimile (202) 514-2583*
*Overnight Mail: 601 D Street N.W., Washington, DC, 20004*
*E-mail: steve.o'rourke@usdoj.gov*

May 22, 2014

<u>*Via E-Mail*</u>
Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana

      Re:     *US v. BP & APC*, 10-4536 Penalty Phase: Fact Deposition Issues

Your Honor:

      This letter responds to Mr. Lagan's letter of today, using the numbering from that letter.

      1.     Custodial files.

      As we informed BP, it would be helpful to know which two custodians BP selects for custodial production (deadline of tomorrow for selecting). If those two custodians have manageable files, we will produce as requested; but if either has a burdensome file, we will raise that issue with the Court. Because the issue may be moot, we request that the court take no action until BP has identified the 2 custodians.

      2.     Robertson, Pennington and Bray.

      In Phase three, we asked for 7 affirmative or "discovery" depositions, *i.e.*, our opportunity to learn information about BP's finances and corporate governance that BP would not otherwise want us to have. In this case, 7 depositions is quite a reasonable number. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). The Court has already precluded Mr. Houge (who was the custodian for 80% (31 of 39) of the documents in BP's May 20 production), which means that the United States gets only 6 affirmative depositions. For comparison, BP asked for 9 "affirmative" depositions of US witnesses (not on our "may call" list) and is getting 7.

      Now BP wants to cancel two more (3 out of 7 requested) by suddenly adding Mr. Bray to its "may call" witness list and arguing that Ms. Pennington and Ms. Robertson then become cumulative. We previously explained why we want the depositions of Ms. Pennington and Ms. Robertson, and BP previously set out its position. *See* Letter from O'Rourke to Honorable Sally Shushan, May 16, 2014 (by email of 4:16 p.m.); Letter from Karis, May 16, 2014 (by email of 5:58 p.m.). Therefore we do not discuss those individual in depth here.

1

As for Mr. Bray, he is a lawyer. Attached as Exhibit A is an email string from Mr. Bray sent during the time that the spill was on-going. Please note BP's extensive redactions. We will take his deposition, now that BP has informed us that he is a "may call" witness, and we hereby request that BP identify a date for the deposition. But we do not believe that we are likely to get the type affirmative discovery from a lawyer that we are entitled to from Ms. Pennington and Ms. Robertson. In contrast to BP's assertion that Mr. Bray remains a director of BPXP, the attached BPXP Appointment History (Exhibit B, produced by BP) indicates that Mr. Bray, Ms. Pennington and Ms. Robertson all served as directors of BPXP from November 1, 2009 to January 14, 2011. In addition, according to BP's filings with the Delaware Secretary of State, Ms. Pennington and Robertson also served as directors of BP America Production Company and BP Company North America from 2010-2013. Mr. Bray did not.

In the big picture, BP is already getting more depositions in this Phase than the United States. The U.S. will take 14 depositions of BP witnesses (or less, if BP drops more off its may call list or if the Court precludes the Pennington and Robertson depositions). BP will take 19 depositions of US witnesses (or more, if U.S.'s motion regarding certain 30(b)(6) topics is denied).

Finally, If the Court precludes the Pennington and Robertson depositions as cumulative, we request that the Court also preclude the depositions of Capt. Haznalik, Capt. Hein, and Cpt. Walker as none of them are "may call" witnesses, all are cumulative of prior phase Coast Guard depositions, all are cumulative of each other, and all are cumulative of the three Coast Guard witnesses on our may call list whose depositions BP will take.

   3.   Wallace.

BP has dropped Mr. Wallace from its "may call' list, so we agree that the deposition is cancelled.

   4.   Taylor.

The agreement is stated correctly, except for one minor respect. Our agreement is that Dr. Taylor will be subject to one additional day of deposition beyond the normal number of days allotted for expert depositions. Assuming expert depositions are one day then BP has stated the agreement correctly.

                  Respectfully submitted,

                  /s/ Steve O'Rourke
                  Steven O'Rourke

cc:  Mike O'Keefe, Law Clerk to Magistrate Judge Shushan
    BP Penalty Phase Counsel
    APC Penalty Phase Counsel