# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

May 22, 2014

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, LA 70130

Re:   MDL 2179 -- Penalty Phase Discovery

Dear Judge Shushan:

I am writing about four (4) outstanding issues relating to witnesses involving the United States and BPXP in the Penalty Phase.

### 1.  Production of Custodial Files by the United States

The Court's May 19 Order (Rec. Doc. 12892) resolved the issue of production of custodial files by BPXP, requiring that the USA select two BPXP deponents for custodial file production as follows:

> "By Friday, May 23, 2014, the U.S. shall identify two fact or Rule 30(b)(6) witnesses for custodial file production. The parties shall endeavor to schedule their depositions near the end of the deposition schedule. BP shall produce the custodial files for these persons one week before their depositions. The U.S. is to provide proposed search terms for the custodial file production, understanding that time is extremely limited."

The Court's order did not address the USA production to BPXP of custodial files for deponents, BPXP requests that the same procedure be used for the USA's obligations, such that BPXP can promptly select two USA fact or 30(b)(6) deponents and provide search terms to the USA for custodial file production.

The DOJ has suggested since the Court's May 19 Order that its agreement during meet and confers to resolve its obligations to respond to certain Requests for Production served by

# KIRKLAND & ELLIS LLP

May 22, 2014
Page 2


BPXP (and APC) by undertaking targeted and responsive custodial file searches for two persons, Dr. Michel and John Howard, satisfies any obligations it may have for custodial file searches for deponents.  This is clearly not correct.  The prior agreement addresses a separate issue responding to RFPs, and not custodial file production by deponents which the USA urged the Court to require. BPXP urges that the same requirements about deponent custodial file production applies to both sides.

**2. Depositions of Denise Robertson and Brenda Pennington; Steven Bray Disclosure and Proposed Deposition**

The parties have been unable to reach an agreement about the need for the depositions of Brenda Pennington and Denise Robertson, former directors of BPXP.  BPXP recently made a proposal to resolve this issue which the United States did not accept, but which we renew for the Court's benefit here, as it represents what we believe to be a fair resolution of this dispute.

In lieu of the depositions of  Ms. Pennington and Ms. Robertson, BPXP would produce for deposition Mr. Steven Bray, who since November 2009 to the present has been Vice President and Secretary of BPXP.  Mr. Bray has broad knowledge of the corporate governance issues that the United States has sought discovery on, is senior in the organization to both Ms. Pennington and Ms. Robertson, and remains an officer and director of BPXP, while Ms. Pennington and Ms. Robertson resigned from their BPXP director positions in February 2011. Ms. Robertson has not been an officer of BPXP since 2012, while Ms. Pennington is presently Assistant Secretary.

BPXP hereby amends its Rule 26(a) disclosures to identify Mr. Bray as a witness.   He is available for deposition on June 27, 2014.

BPXP respectfully suggests that Mr. Bray has superior knowledge to either Ms. Pennington or Ms. Robertson on corporate governance matters.  Assuming the United States chooses to depose Mr. Bray (as the USA has for all BPXP witnesses who may testify at trial), both Ms. Pennington and Ms. Robertson would be duplicative and cumulative witnesses and in no event should the United States be entitled to depose three fact witnesses on corporate governance issues.  Further, Ms. Pennington and Ms. Robertson need not both be deposed, as their service as directors of BPXP was overlapping (both were BPXP directors from November 1, 2009 to January 11, 2011), and thus their depositions would be duplicative and cumulative.

**KIRKLAND & ELLIS LLP**

May 22, 2014
Page 3


### 3.  BPXP Withdrawal of Additional Witnesses Previously Disclosed

As the Court is aware, BPXP has dropped several witnesses from its April 4 Amended Rule 26(a) disclosures, with a commitment that BPXP does not plan to bring such witnesses to trial, and, in most cases, the USA has stated that in such circumstances the USA will not seek to take the depositions of such witnesses so long as the USA is assured they will not appear at trial.

BPXP is hereby making an additional disclosure that it longer intends to call Danny Wallace at trial of this case, and amends its prior Rule 26(a) disclosures accordingly.
BPXP further seeks confirmation, in light of the Court's May 19 Order, and hopefully with the USA's consent, that Mr. Wallace (and other dropped witnesses) need not be produced for deposition in the Penalty Phase.  BPXP will also be serving a Second Amended Rule 26(a) disclosure by the end of this month, which will reflect all witness drops (and confirm today's additional disclosure of Mr. Bray).

### 4.  BPXP Witness Elliot Taylor

We wish to advise the Court that BPXP and the USA have agreed as follows for BPXP witness Elliot Taylor's deposition.  BPXP has advised the USA that Dr. Taylor is not only a fact witness, but has been retained as an expert by BPXP for the Penalty Phase trial. Accordingly, BPXP and the USA have agreed that Dr. Taylor's fact deposition be deferred until after he provides his expert report(s) in accordance with the Court's deadlines; and that he be deposed for up to two days at one session on both his factual knowledge and his expert opinions (one day each).  BPXP further has agreed that if for some reason Dr. Taylor is not disclosed as an expert and does not provide an expert report, BPXP will produce him for a fact deposition during the period set aside for expert depositions.

Thank you for the Court's consideration.

Sincerely,

*[signature]*

J. Andrew Langan, P.C.

cc:   Steve O'Rourke
      Sarah Himmelhock

## KIRKLAND & ELLIS LLP

May 22, 2014
Page 4

        Thomas Lotterman
        Ky Kirby
        James Dragna
        Carrie Karis
        Robert C (Mike) Brock