```
                                          U.S. DISTRICT COURT
                                       EASTERN DISTRICT OF LOUISIANA

                                       FILED    MAY 2 0 2014

        CORRECTED May 20, 2014          WILLIAM W. BLEVINS
   IN THE UNITED STATES COURT OF APPEALS   CLERK
           FOR THE FIFTH CIRCUIT
```

United States Court of Appeals
Fifth Circuit

**FILED**
May 19, 2014

No. 13-30315

MD 10-2179-J

Lyle W. Cayce
Clerk

IN RE: DEEPWATER HORIZON

-----------------------------------------------------------------

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR FISHERIES, INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP 1, L.L.C., doing business as GW Fins; PANAMA CITY BEACH DOLPHIN TOURS & MORE, L.L.C.; ZEKES CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, on behalf of themselves and all others similarly situated; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

   Plaintiffs - Appellees

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP PIPE LINE COMPANY,

   Defendants - Appellants

-----------------------------------------------------------------

Consolidated with: 13-30329

IN RE: DEEPWATER HORIZON

-----------------------------------------------------------------

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR FISHERIES, INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP 1, L.L.C., doing business as GW Fins; PANAMA CITY BEACH DOLPHIN TOURS & MORE, L.L.C.; ZEKES CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD

_____ Process _____
X    Dktd _____
_____ CtRmDep _____
_____ Doc. No. _____

No. 13-30315

LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, on behalf of themselves and all others similarly situated; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

    Plaintiffs - Appellees

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

    Defendants - Appellants

-----------------------------------------------------------------

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY

    Plaintiffs - Appellants

v.

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR FISHERIES, INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP 1, L.L.C., doing business as GW Fins; PANAMA CITY BEACH DOLPHIN TOURS & MORE, L.L.C.; ZEKES CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, on behalf of themselves and all others similarly situated; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

    Intervenor Defendants - Appellees

DEEPWATER HORIZON COURT SUPERVISED SETTLEMENT PROGRAM; PATRICK A. JUNEAU, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program administering the Deepwater Horizon Economic and Property Damages Settlement Agreement, and in his official capacity as Trustee of the Deepwater

2

No. 13-30315

Defendants - Appellees

---

Consolidated with 13-31220

IN RE: DEEPWATER HORIZON

---

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR FISHERIES, INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP 1, L.L.C., doing business as GW Fins; PANAMA CITY BEACH DOLPHIN TOURS & MORE, L.L.C.; ZEKES CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, on behalf of themselves and all others similarly situated; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

Plaintiffs - Appellees

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP PIPE LINE COMPANY,

Defendants - Appellants

---

Consolidated with 13-31316

IN RE: DEEPWATER HORIZON

---

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR FISHERIES, INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP 1, L.L.C., doing business as GW Fins; PANAMA CITY BEACH DOLPHIN TOURS & MORE, L.L.C.; ZEKES CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, on behalf of themselves and all others similarly situated; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

3

No. 13-30315

Plaintiffs - Appellees

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Defendants - Appellants

Appeals from the United States District Court
for the Eastern District of Louisiana

ON PETITION FOR REHEARING EN BANC

(Opinions 732 F.3d 326; 744 F.3d 370)

Before DENNIS, CLEMENT, and SOUTHWICK, Circuit Judges.
ORDER:

The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED. R. APP. P.35 and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.*

In the en banc poll, five judges voted in favor of rehearing (Judges Jolly, Jones, Clement, Owen, and Elrod) and eight judges voted against (Chief Judge Stewart and Judges Davis, Dennis, Prado, Southwick, Haynes, Graves, and Higginson).

ENTERED FOR THE COURT:

/s/ Leslie H. Southwick

Leslie H. Southwick
United States Circuit Judge

---

\* Judge Smith is recused and did not participate in the consideration of the petition for rehearing en banc.

4

No. 13-30315

EDITH BROWN CLEMENT, Circuit Judge, dissenting from Denial of Rehearing En Banc, joined by JOLLY and JONES, Circuit Judges:[1]

This court's denial of the petition for rehearing the Business Economic Loss panel decision en banc misses the last opportunity for this court to clarify its prior *Deepwater Horizon* decisions and to enforce a proper application of standing and causation. The panel opinion conflicts with prior precedent, and "the proceeding involves . . . questions of exceptional importance." Fed. R. App. P. 35(b)(1). En banc rehearing should have been granted. We respectfully dissent.

I

While this court may convert a petition for rehearing en banc into a petition for panel rehearing, the approach is typically reserved to grant some requested relief to the petitioner. *See In re Scopac*, 649 F.3d 320 (5th Cir. 2011). Judge Southwick's new order essentially serves as a second opportunity to extrapolate on his rejection of BP's position, apparently in an attempt to coalesce the reasoning between his and Judge Dennis's prior opinions in our latest take on this tortuous case. *See In re Deepwater Horizon*, No. 13-30315, 2014 WL 841313 (5th Cir. Mar. 3, 2014) ("*Deepwater Horizon III*"). The new order does not withdraw the panel's opinion or provide different legal analysis, it merely adds additional discussion. This discussion is not responsive to any motions filed by BP and does not change any holding from the prior panel opinion. It also has no effect on the related panel opinion in 13-30095. The failure to consolidate these cases has led to continued confusion in appeals that are inextricably intertwined and related.

---

[1] Judge Garza would join this dissent if he had been able to vote as an active member of the en banc panel.

5

Case 2:10-md-02179-CJB-DPC Document 12933 Filed 05/20/14 Page 6 of 12
Case: 13-30315 Document: 00512636287 Page: 6 Date Filed: 05/19/2014

No. 13-30315

## II

This court's decisions thus far have suffered from divided reasoning and a complete refusal to address the critical decision of the district court. Our first decision remanded to the district court to address the issue of matching of revenues and expenses and for consideration of "the issue of causation." *In re Deepwater Horizon*, 732 F.3d 326, 347 (5th Cir. 2013) ("*Deepwater Horizon I*") (Southwick, J., concurring). On remand, the district court addressed the matching issue but not causation. Order at 1, *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La. Oct. 3, 2013). BP appealed this refusal to address causation on November 21, 2013.

On December 2, 2013, we held that the district court erred by not considering arguments on causation. The district court proceeded to address those arguments and released an order on December 24, 2013. Order, *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La. Dec. 24, 2013). In that order, the district court held "that judicial estoppel bars BP from advancing its current interpretation of the Settlement Agreement." *Id.* at 12. The lower court, broadly and unambiguously, found that BP's prior statements barred it from raising any arguments concerning causation, or even "similar arguments."[2]

---

[2] The district court held,
> that BP is judicially estopped from arguing (1) that Exhibit 4B is not the exclusive means of determining whether a business economic loss is "as a result of" of [sic] the Deepwater Horizon incident for purposes of the Settlement, including the Class Definition; (2) or that the Settlement contains, implicitly or explicitly, a causation requirement other than Exhibit 4B; (3) or that satisfying Exhibit 4B does not establish under the Settlement an irrebuttable presumption that a business' economic loss was "as a result of" the Deepwater Horizon Incident; (4) or making similar arguments. As a corollary to this ruling, the Court finds that whether a business economic loss is "as a result of" the Deepwater Horizon Incident for purposes of the

6

Case 2:10-md-02179-CJB-DPC Document 12933 Filed 05/20/14 Page 7 of 12
Case: 13-30315 Document: 00512636287 Page: 7 Date Filed: 05/19/2014

No. 13-30315

Over my objection, the panel declined to come to a definitive ruling on this critical issue. *See Deepwater Horizon III.* Instead, Judge Southwick's opinion relied on an attestation form that the lower court never discussed or addressed in the entirety of its 43-page order. But this analysis was never explicitly agreed to by Judge Dennis, whose concurrence described the procedural history and then essentially concurred in the judgment only.[3] While by implication Judge Southwick's consideration of the merits of BP's arguments signified a rejection of the judicial estoppel ruling, Judge Dennis apparently wanted to affirm the district court's ruling on estoppel alone. Reading the published opinions together with the district court's orders, it was clear that no two judges agreed on any legal basis for affirming. Because there was no definitive ruling on judicial estoppel in the panel opinion there was clear legal error that it was the duty of this court en banc to address. After a close vote, this court declined to do so.

Judge Southwick now submits yet another revised order, styled a denial of a petition for panel rehearing. This apparent attempt to meld the reasoning

---

Settlement is determined exclusively and conclusively by Exhibit 4B.
*Id.* at 18.

[3] The operative portion of Judge Dennis's concurrence reads,
  Although I continue to adhere to the views I expressed previously in this case, I now join Judge Southwick in affirming the district court's December 24, 2013 order interpreting the settlement agreement as written and declining to add, by judicial gloss, any additional requirements, procedures, or other provisions not contained in the text of the settlement agreement and consent decree and its attached exhibits. I agree with Judge Southwick that BP's renewed motion for an injunction should be denied and that no injunction against the payment of business-economic-loss claims shall continue. I also agree that we are bound by the certification panel's Article III, Rule 23, and Rules Enabling Act rulings in its January 10, 2014 opinion and decision. Accordingly, for these reasons, I concur in the above described conclusions reached by Judge Southwick and in the judgment he has written for the majority of this panel.
*Id.* at *8.

7

Case 2:10-md-02179-CJB-DPC Document 12933 Filed 05/20/14 Page 8 of 12
Case: 13-30315 Document: 00512636287 Page: 8 Date Filed: 05/19/2014

No. 13-30315

between his and Judge Dennis's prior opinions is too little too late and leaves the essential results unchanged: the class of people who will recover from this settlement continues to include significant numbers of people whose losses, if any, were not caused by BP. Our court's decisions would allow payments to "victims" such as a wireless phone company store that burned down and a RV park owner that was foreclosed on before the spill.[4] Left intact, our holdings funnel BP's cash into the pockets of undeserving non-victims.

These are certainly absurd results. And despite our colleagues' continued efforts to shift the blame for these absurdities to BP's lawyers, it remains the fact that we are party to this fraud by (1) adopting an unreasonable interpretation of the Settlement Agreement to remove any requirement of causation, and (2) certifying a class by ignoring the fact that although causation and traceability were initially written into the Settlement Agreement, the Claim's Administrator's interpretation governing what would *actually happen* meant that Article III requirements would be ignored in the class settlement's execution.[5] The dissent to the denial of panel rehearing for the certification panel, 13-30095, explains in greater detail this elimination of causation.

The judicial power extends only to actual cases and controversies even in a class action and even in a settlement. *Lewis v. Casey*, 518 U.S. 343, 349

---

[4] *60 Minutes: BP cries foul in massive oil spill settlement* (CBS television broadcast May 4, 2014) *available at* http://www.cbsnews.com/videos/bp-cries-foul-in-massive-oil-spill-settlement/.

[5] However, Judge Southwick's order "conclude[s] that causation is never abandoned as a requirement" and BP is thus implicitly *not* judicially estopped from continuing to argue causation in the district court, or to the Claims Administrator, for the settlement globally or against individual fraudulent claims. As I read this latest opinion, BP may seek recovery for losses due to fraud in individual actions, and government prosecutors may pursue those who submit fraudulent claims. Although not as protective as making clear that the Claims Administrator should not pay claims that were not "a result of" the Deepwater Horizon spill, a majority of the en banc court apparently seems to believe that those protections are still in place.

Case 2:10-md-02179-CJB-DPC Document 12933 Filed 05/20/14 Page 9 of 12
Case: 13-30315 Document: 00512636287 Page: 9 Date Filed: 05/19/2014

No. 13-30315

(1996). Judge Southwick's analogy to a stipulation supports an argument for judicial scrutiny, not judicial abdication. Even with the assent of all parties, judges still have the obligation to reject stipulations that are not factually true. *See People v. Marling*, 172 Cal. Rptr. 109 (Ct. App. 1981) ("Although a rose is a rose, a cactus is not and a stipulation does not make it so.") They may also do so because the parties cannot stipulate to law: they cannot force a court through stipulation "to decide a case according to a body of law that is nowhere in force." *Cent'l Soya Co. Inc. v. Epstein Fisheries, Inc.*, 676 F.2d 939, 941 (7th Cir. 1982) (Posner, J.); *see also Reeg v. Shaughnessy*, 570 F.2d 309, 314 (10th Cir. 1978) ("It is settled that parties cannot stipulate that the law of a forum will not control, but that other law will control.") This purported stipulation has ended up being either factually or legally untrue. It either trumpets one lie (businesses operating hundreds of miles from any sign of befouled water had injury "caused by" BP) or another (a party can stipulate away the legal requirement of causation). But parties cannot stipulate to force courts to decide cases based on "a body of law that is nowhere in force" or to declare a cactus a rose. There are limits on party autonomy and judicial efficiency, because a stipulation, like any other judicially enforced agreement, derives its force from the power of the court and its enforcement should not "discredit the judiciary." Charles Alan Wright and Kenneth W. Graham, Fed. Prac. & Proc. Evid. § 5194.

### III

"The party invoking federal jurisdiction bears the burden of establishing [the elements of standing] . . . with the manner and degree of evidence required at the successive stages of litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). While in the certification of a class action that will proceed to trial a lesser inquiry into standing may be required, *Kohen v. Pacific*

Case 2:10-md-02179-CJB-DPC Document 12933 Filed 05/20/14 Page 10 of 12
Case: 13-30315 Document: 00512636287 Page: 10 Date Filed: 05/19/2014

No. 13-30315

*Investment Management Co.*, 571 F.3d 672 (7th Cir. 2009), in a settlement class such as this one, the standing inquiry must take into account the fact that inclusion in the class means recovery. *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) ("[N]o class may be certified that contains members lacking Article III standing. The class must therefore be defined in such a way that anyone within it would have standing"). While the *Kohen* approach to standing has been used in the Seventh, Ninth, and Third Circuits, other cases in the Eighth, Seventh, and Ninth have assessed cases under the *Denney* formulation. *In re Deepwater Horizon*, 739 F.3d 790, 800-01 (5th Cir. 2014) ("*Deepwater Horizon II*"). These different approaches, sometimes used by the same circuit, reveal the deep confusion in this area of class action standing. While our en banc court had the opportunity to address and clarify this issue for our circuit, confused as it was by two separate panel opinions on one essential, constitutional issue, it has declined to do so. Admittedly, even this articulation would not have been enough for our sister circuits considering the deep split on this issue. Another court surely must resolve this.

We respectfully dissent.

# United States Court of Appeals
FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

May 19, 2014

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 13-30315    In Re: Deepwater Horizon  
                        USDC No. 2:10-MD-2179  
                        USDC No. 2:12-CV-970  
                        USDC No. 2:12-CV-970  
                        USDC No. 2:10-MD-2179  
                        USDC No. 2:13-CV-492  
                        USDC No. 2:10-MD-2179  
                        USDC No. 2:12-CV-970  
                        USDC No. 2:10-MD-2179  
                        USDC No. 2:12-CV-970

Enclosed is an order entered in this case.

                                        Sincerely,

                                        LYLE W. CAYCE, Clerk

                                        By: _____  
                                        Jamei R. Cheramie, Deputy Clerk

Mr. William W. Blevins  
Mr. Andrew Baker Bloomer  
Ms. Rachel Brand  
Mr. Robert C. Mike Brock  
Mr. James Augustus Burton  
Mr. David B. Byrne Jr.  
Mr. Jeffrey Bossert Clark Sr.  
Mr. Paul D. Clement  
Mr. Kevin Michael Downey  
Mr. Timothy A. Duffy  
Mr. Miguel Angel Estrada  
Mr. S. Gene Fendler  
Mr. Soren E. Gisleson  
Mr. Richard Cartier Godfrey  
Mr. Christopher Martin Guidroz  
Mr. Don Keller Haycraft  
Mr. Frank Lane Heard III  
Mr. Stephen Jay Herman  
Mr. Mark Holstein

```
Mr. James M. Hood III
Mr. Thomas George Hungar
Mr. Samuel Issacharoff
Mr. Andrew Tanner Karron
Ms. Linda Kelly
Mr. James Andrew Langan
Mr. Jeffrey Lennard
Mr. Scott Payne Martin
Mr. Corey L. Maze
Mr. Michael Cameron Moore
Mr. Theodore B. Olson
Mr. Robert L. Redfearn
Mr. James Parkerson Roy
Mr. Richard C. Stanley
Ms. Catherine Emily Stetson
Mrs. Megan Kathleen Terrell
Ms. Jennifer L. Thornton
Ms. Terese Troxclair Wyly
```