IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: | * MDL NO. 2179 |
| Oil Spill by the Oil Rig "Deepwater Horizon" | * SECTION J |
| in the Gulf of Mexico on April 20, 2010 | * HONORABLE CARL J. |
| | * BARBIER UNTIED STATES |
| | * DISCTRICT JUDGE |
| | * |
| | * MAGISTRATE JUDGE |
| | * SHUSHAN |
| SNODGRASS BROTHERS, INC. | * |
| | * |
| v. | * |
| | * |
| BP EXPLORATION & PRODUCTION INC. | * THIS DOCUMENT RELATES |
| TO and BP AMERICA PRODUCTION COMPANY; | * Case No. 2:13-cv-06190-CJB- |
| SSDEEPWATER HORIZON COURT | * |
| SUPERVISED SETTLEMENT PROGRAM; | * |
| and PATRICK A. JUNEAU, | * |
| In His Official Capacity As Claims Administrator | * |
| Of The Deepwater Horizon Court Supervised | * |
| Settlement Program Administering The | * |
| Deepwater Horizon Economic and Property | * |
| Damages Settlement Agreement | * |
| And In His Official Capacity As Trustee | * |
| Of The Deepwater Horizon Economic | * |
| and Property Damages Settlement Trust | * |

**PLAINTIFF SNODGRASS BROTHERS, INC.'S BRIEF IN SUPPORT OF
AMENDED MOTION TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT
AND, IN THE ALTERNATIVE,
ORIGINAL COMPLAINT FOR BREACH OF CONTRACT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE CARL J BARBIER:

## **BRIEF**

1.      Plaintiff requests this Honorable Court enter an order enforcing the written **Executed And Accepted Settlement And Release Contract**. Attached as exhibit A. to Complainant Snodgrass Brothers, Inc.'s Motion To Enforce Release And Settlement Agreement and, In The Alternative, Original Complaint For Breach Of Contract. Complainant would show this Honorable Court as follows:

### A. BACK GROUND

2,      Complainant **Snodgrass Brothers, Inc.** is a Complainant in MDL 179, and its Counsel has made a previous appearance in this MDL, and *pro hac vice* was granted.  This is a complaint to enforce an executed and accepted written settlement agreement under the MDL Settlement Program. The **agreement** is attached hereto as "**EXHIBIT A**".

3.      Complainant filed a claim with Gulf Coast Claims Center and a request for emergency relief after it became apparent Complainant was suffering economic loss as a result of the BP Oil Spill made the basis of the underlying claim.  In February of 2012, the Gulf Coast Claims Center, rather than offer emergency relief, made a offer made with the option of accepting a partial payment and participating in the Deepwater Horizon Claims process with an election once an offer was made under the Court-approved settlement program.  Complainant accepted the partial offer and filed with the claims program.

4,      All claim information, including federal tax returns; all trip tickets; and all fish catch data [ELB Tow data] showing location of shrimp landing

[catch] kept by the United States Department of Commerce was provided to all claims center as early as 2010 and then, upon its inception, the same data was transferred to Deepwater Horizon Claims Center. Complainant timely responded to requests for additional information. On November 11, 2012, and perhaps earlier, the claims portal indicated that the claim was under review and that the claim was payable in the amount of <u>Four Hundred Seventy-one Thousand Eight Hundred Sixty-nine and 73/100ths ($471,869.73) Dollars</u>, the same dollar amount of the settlement. *See*, "**EXHIBIT B**," **Claims Portal Review Document**. Complainant relied on these reviews in making determination regarding participation in the settlement program verses opting out of the program.

5.	Thereafter, a stay was placed on settlement and claims processing which was lifted on March 4, 2013. On April 29, 2013, the Claims Administrator/Claims Program, which had been in possession of all relevant claim information since its inception, sent an offer of settlement, i.e. an eligibility letter dated April 29, 2013 that included a written release contract **<u>drafted by Defendants</u>**. *See*, "**EXHIBIT A**," **Executed And Accepted Settlement And Release Contract**. This contract for release was accepted by Complainant, executed by original signature and received by defendants as indicated on the portal on May 3, 2013. This release was "accepted by Defendants" as noted on the portal on the same day it was received. A copy of the portal entry is attached as "**EXHIBIT C**."

5.	BP filed no notice of appeal of the eligibility letter, timely or otherwise. Despite the executed release and binding enforceable contract and demands to honor the contract, no payment was made by the claims center. After waiting approximately 90 days, a written demand for payment and notice of material breach of the settlement contract was given the Defendants. The Administrator responded with a denial letter and a request for reconsideration was timely filed pointing out the contents of this motion and Original Complaint.

## B. CHOICE OF LAW RULES

6.	The substantive law to be applied to this motion to enforce and breach of contract claim is governed by FEDERAL MARITIME CHOICE OF LAW RULES. *See*, *Villanueva Compania Naviera, S.A. v. Bethlehem Steel Corp.* (In re Complaint of Bankers Trust Co.), 752F.2d 874, 883 (3d Cir.1984); accord, *Borne v. A & P Boat Rentals No. 4, Inc.*, 780 F.2d 1254, 1256 (5th Cir.1986); and *Gisclair v. Tug Chantel Naquin, Inc.*, 694 F.Supp. 204,206 (E.D.La.1988). FEDERAL MARITIME CHOICE OF LAW RULES govern the enforceability of a settlement contract where the substantive rights and liabilities of the parties derive from federal law and the dispute is not inherently local. *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 22-23, 125 S.Ct. 385,160 L.Ed.2d 283 (2004) (citing *Kossick v. United Fruit Co.*, 365 U.S. 731, 735, 81 S.Ct. 886, 6L.Ed.2d 56 (1961)). In this case, the substantive rights derive from 33 U.S.C.A. 2701 OIL SPILL PREVENTION ACT and 28 U.S.C. 1333 (Admiralty Jurisdiction) as well as

the choice of law provision in the settlement contract mandating federal admiralty law and this forum in particular as the choice of law a forum for rights under the agreement.  *See*, "**EXHIBIT A**."

### C. CONTRACT CONSTRUCTION UNDER FEDERAL MARITIME LAW

**7.** General federal maritime law has adopted the general rules of contract interpretation and construction.  *See*, e.g., *United States ex rel. E. Gulf, Inc. v. Metzger Towing, Inc.*, 910 F.2d 775, 779 (11th Cir.1990) and *Cashman Equip. Corp. v. M/V GODFATHER*, No. 05-6271, 2007 WL 934537, at *2 (E.D. La. Mar.23, 2007); *United States ex rel. E. Gulf Inc. v. Metzger Towing, Inc.*, 910 F.2d 775, 779, (11th Cir. 1990).  It is a generally accepted proposition that where the terms of writing are plain and unambiguous, there is no room for interpretation since the only purpose of judicial construction is to remove doubt and uncertainty.  *See*, generally *Id*., "Under federal maritime law, a court 'may not look beyond the written language of the document to determine the intent of the parties unless the disputed contract provision is ambiguous.' " *Metzger Towing, Inc.,* 910 F.2d at 779 (quoting *Corbitt v. Diamond M. Drilling Co.,* 654 F.2d 329, 332-33 (5th Cir. Unit A 1981)); *accord Hicks v. Ocean Drilling & Exploration Co.,* 512 F.2d 817, 825 (5th Cir.1975), abrogated on other grounds; and *Johnson v. Odeco Oil & Gas Co.,* 864 F.2d 40, 42-43 (5th Cir.1989).  *See also, Lowber v. Bangs,* 2 Wall. 728, 69 U.S. 728, 736-37, 17L.Ed. 768 (1864).  Thus, when a maritime contract is unambiguous on its face, the parties' intent must be gathered from the instrument itself without reference to extrinsic evidence.  *See, Id.*

### D. INTENT FROM THE WRITTEN EXECUTED SETTLEMENT AGREEMENT

8.  In our case, "**EXHIBIT A**," the **Executed Final Settlement Agreement**, is unambiguous on its face. The language in the agreement was drafted and agreed to by the Defendants themselves. There was no appeal by BP when the eligibility [offer] letter was extended to Plaintiff **Snodgrass Brothers, Inc.** and, as noted on the portal events screen, the settlement program accepted the executed release on May 3, 2013 and payment documentation shortly thereafter. Further, the document itself is clear that, once executed, it becomes enforceable irrespective of the underlying MDL settlement agreement. *See*, "**EXHIBIT A**," Section 15. The release contract itself at Section 15 is clear that it is an exclusive agreement that supersedes all other agreements. In other words, as drafted by the Defendants, it is its own contract. Any arguments that the settlement administrator is now interpreting the underlying agreement in such a manner as to exclude Plaintiffs amount to Parole evidence and should be excluded from consideration at this point in the process, to do otherwise means that all of the agreements are ambiguous. The Court should enter an order enforcing the settlement agreement, as the contract is unambiguous; Claimant has meet the conditions precedent and to do otherwise will cause additional damages and harm to Complainant

## PRAYER

9.  For these reasons, Complainant asks for an order or judgment against Defendants for the following:

    a.  An Order enforcing the Settlement agreement requiring Defendant to fund the settlement in the amount of The sum of <u>Four Hundred Fifty-Six</u>

        Thousand Eight Hundred Sixty-nine and 73/100ths ($456,869.73) Dollars.

**b.** In the alternative damages resulting from the breach of contract in the amount of the sum of Four Hundred Fifty-Six Thousand Eight Hundred Sixty-nine and 73/100ths ($456,869.73) Dollars in damages resulting from Defendants' breach;

**c.** Reasonable attorney fees;

**d.** Pre-judgment and post-judgment interest;

**e.** Costs of suit; and

**f.** All other relief the Court deems appropriate.

        Respectfully submitted,

        **COUNSEL FOR CLAIMANT,**
        **Snodgrass Brothers, Inc.;**

        **LAW OFFICE OF CARY M TOLAND PC**
        855 East Harrison Street
        Brownsville, Texas 78520
        Telephone: (956) 544-4607
        Fax: (956) 541-2117
        E-Mail Address: cary@carytolandlaw.com

by: /s/
        Cary M. Toland, Attorney-in-charge
        State Bar of Texas No. 00785112
        Federal I.D. No. 17558