IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: | * MDL NO. 2179 |
| Oil Spill by the Oil Rig "Deepwater Horizon" | * SECTION J |
| in the Gulf of Mexico on April 20, 2010 | * HONORABLE CARL J. BARBIER |
| | * MAGISTRATE JUDGE SHUSHAN |
| SNODGRASS BROTHERS, INC. | * |
| | * |
| v. | * |
| | * |
| BP EXPLORATION & PRODUCTION INC. | * THIS DOCUMENT RELATES TO |
| and BP AMERICA PRODUCTION COMPANY; | * Case No.   2:13-cv-06190-CJB-SS |
| DEEPWATER HORIZON COURT | * |
| SUPERVISED SETTLEMENT PROGRAM; | * |
| and PATRICK A. JUNEAU, | * |
| In His Official Capacity As Claims Administrator | * |
| Of The Deepwater Horizon Court Supervised | * |
| Settlement Program Administering The | * |
| Deepwater Horizon Economic and Property | * |
| Damages Settlement Agreement | * |
| And In His Official Capacity As Trustee | * |
| Of The Deepwater Horizon Economic | * |
| and Property Damages Settlement Trust | * |

**COMPLAINANT SNODGRASS BROTHERS, INC.'S
AMENDED MOTION TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT
AND
REQUEST FOR SUBMISSION AND HEARING
PURSUANT TO LOCAL RULE 78.1 & 2**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE CARL J BARBIER:

1.   Complainant **Snodgrass Brothers, Inc.** (GCCF Claimant Number 3346519, Deepwater Horizon Settlement Program Claimant Number 100055645),  a corporation that is organized under the laws of the State of Texas and a participant in the Deepwater Horizon Settlement Program and the MDL Master Complaint *via* short form direct filing has previously filed a Motion To Enforce Written Settlement Agreement And In The Alternative An Original Complaint For Breech Of Contract.   Complainant now

files this its Amended Motion to enforce written settlement agreement and request for submission and hearing on the next hearing day, pursuant to Local Rule 78.1 & 2.

2. All Defendants have executed waivers of service herein.

### A.
### Jurisdiction

3. The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C.A. 1331 because the suit arises under 33 U.S.C.A. 2701 Oil Spill Prevention Act and 28 U.S.C. 1333 (Admiralty Jurisdiction). Further, there is supplemental jurisdiction pursuant to 28 U.S.C.A. 1367 given that this is a breach of contract case arising from the MDL 179 and, further, the contract at issue contains a venue/jurisdiction provision purporting to invoke this Court's jurisdiction and venue provision requiring the Claimant to request inclusion of this dispute with the MDL proceedings in MDL 2179.

### B.
### Conditions Precedent

4. All conditions precedent have been performed or have occurred.

### C.
### Introduction

5. Complainant **Snodgrass Brothers, Inc.** is a Complainant in MDL 179, and its Counsel has made a previous appearance in this MDL. This is a complaint to enforce an executed and accepted written settlement agreement under an MDL settlement program. The **agreement** is attached hereto as "**EXHIBIT A**".

6. Complainant filed a claim with Gulf Coast Claims Center and a request for emergency relief after it became apparent Complainant was suffering economic loss as a result of the BP Oil Spill made the basis of the underlying claim. In February of 2012, the Gulf Coast Claims Center, rather than offer emergency relief, made an offer made

the Gulf Coast Claims Center, rather than offer emergency relief, made an offer made with the option of accepting a partial payment and participating in the Deepwater Horizon Claims process with an election once an offer was made under the Court-approved settlement program.  Complainant accepted the partial offer and filed with the claims program.

7. All claim information, including federal tax returns; all trip tickets; and all fish catch data [ELB Tow data] showing location of shrimp landing [catch] kept by the United States Department of Commerce was provided to all claims centers as early as 2010 and then, upon its inception, the same data was transferred to Deepwater Horizon Claims Center.  Complainant timely responded to requests for additional information. On November 11, 2012, and perhaps earlier, the claims portal indicated that the claim was under review and that the claim was payable in the amount of <u>Four Hundred Seventy-one Thousand Eight Hundred Sixty-nine and 73/100ths ($471,869.73) Dollars</u>, the same dollar amount of the settlement.  <u>See</u>, "**EXHIBIT B**," **Claims Portal Review Document**.  Complainant relied on these reviews in making determination regarding participation in the settlement program verses opting out of the program.

8. Thereafter, a stay was placed on settlement and claims processing which was lifted on March 4, 2013.  On April 29, 2013, the Claims Administrator/Claims Program, which had been in possession of all relevant claim information since its inception, sent an offer of settlement, i.e. an eligibility letter dated April 29, 2013 that included a written release contract **drafted by Defendants**.  <u>See</u>, "**EXHIBIT A**," **Executed And Accepted Settlement And Release Contract**.  This contract for release was accepted by Complainant, executed by original signature and received by defendants as

noted on the portal on the same day it was received.  A copy of the portal entry is attached as "**EXHIBIT C**."

9. BP filed no notice of appeal of the eligibility letter, timely or otherwise. Despite the executed release and binding enforceable contract and demands to honor the contract, no payment was made by the claims center.  After waiting approximately 90 days, a written demand for payment and notice of material breach of the settlement contract was given the Defendants.  They responded with a denial letter after the appeal period and as if there was no executed and accepted written contract.  A request for reconsideration was timely filed pointing out that there was already a settlement and executed release  and referred to the contents of this motion and Original Complaint.

## D.
## Amended Motion To Enforce Written Executed Settlement Agreement

10. Complainant requests this Honorable Court enter an order enforcing the written **Executed And Accepted Settlement And Release Contract** attached as "**EXHIBIT A**" and authenticated by verification and affidavit.  Complainant incorporates paragraphs 3 through 9 of this complaint by reference.  Complainant has attached a brief in support of his motion to enforce. **The original Motion is amended herein to include verification and an affidavit in support of exhibits** in addition to a request for setting.

## E.
## Damages

11. As a direct and proximate result of Defendants' refusal to comply or perform under the written the settlement agreement, Complainant has suffered the

following damages for which it requests an order enforcement from this Honorable Court ordering that agreement be enforced as follows:

    **a.**    The amount that remains due to Complainant under the terms of the settlement and release contract: <u>Four Hundred Fifty-six Thousand Eight Hundred Sixty-nine and 73/100ths ($456,869.73) Dollars</u>; and

    **b.**    Reasonable expenses in reliance on Defendants' performance of the contract.

## F.
## Attorney fees

**12.** As a result of Defendants' breach, Complainant was forced to file this motion to enforce and action for breach of contract and has incurred costs and attorney fees above and beyond those of the underlying claims suit. While general maritime law does not provide for attorney fees in a breach of contract case, the settlement contract **drafted by Defendants** does provide for attorney fees in an action to enforce said agreement. Complainant requests an award of those fees.

## G.
## Complaint For Breach Of Contract And For Detrimental Reliance On The Claims Review, Eligibility Notice And, Ultimately, Written Contract

**13.** Complainant has filed and served a complaint for breach of written settlement contract and for detrimental reliance on the claims review, eligibility notice and, ultimately, written contract, in the alternative, should same be necessary. Nothing in this amended motion and request for order enforcing settlement is intended to waive those claims and accompanying causes of action should it be necessary to proceed on those complaints.

## H.
## Request For Submission On the next available Hearing Day

14. Complainant **Snodgrass Brothers, Inc.** (GCCF Claimant Number 3346519, Deepwater Horizon Settlement Program Claimant Number 100055645) pursuant to Local Rule 78.1 & 2 hereby requests that this motion to enforce settlement agreement be hereby set for submission and oral hearing at the next available submission/motion day.

## I.
## Prayer

15. For these reasons, Complainant asks for an order or judgment against Defendants for the following:

    **a.** An Order setting this matter for submission and hearing at the next motion day.

    **b.** An order enforcing the settlement agreement requiring Defendants to fund the settlement in the amount of Four Hundred Fifty-Six Thousand Eight Hundred Sixty-nine and 73/100ths ($456,869.73) Dollars;

    **c.** In the alternative, damages resulting from the breach of contract in the amount of the sum of Four Hundred Fifty-Six Thousand Eight Hundred Sixty-nine and 73/100ths ($456,869.73) Dollars in damages resulting from Defendants' breach;

    **d.** Reasonable attorney fees;

    **e.** Pre-judgment and post-judgment interest;

    **f.** Costs of suit; and

    **g.** All other relief the Court deems appropriate.

Respectfully submitted,

**COUNSEL FOR COMPLAINANT,
Snodgrass Brothers, Inc.;**

**LAW OFFICE OF CARY M TOLAND PC**
855 East Harrison Street
Brownsville, Texas 78520
Telephone:   (956) 544-4607
Fax:   (956) 541-2117
E-Mail Address:   cary@carytolandlaw.com

by: _____/S/_____
   Cary M. Toland, Attorney-in-charge
   State Bar of Texas No. 00785112
   Federal I.D. No. 17558

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | **VERIFICATION** |
| **COUNTY OF CAMERON** | § | |

BEFORE ME, the undersigned Notary Public, on this day personally appeared <u>Cary M. Toland</u>, the Affiant, a person whose identity is known to me. After I administered an oath to Affiant, Affiant testified:

"My name is Cary M Toland. I am Lead Counsel in Case No. <u>2:13-cv-06190-CJB-SS</u> in The United States District Court For The Eastern District Of Louisiana and styled *Snodgrass Brothers, Inc. v. BP Exploration & Production Inc. and BP America Production Company; Deepwater Horizon Court Supervised Settlement Program; and Patrick A. Juneau, in His Official Capacity As Claims Administrator Of The Deepwater Horizon Economic And Property Damages Settlement Agreement And In His Official Capacity As Trustee Of The Deepwater Horizon Economic And Property Damages Settlement Trust.*

"I am fully qualified and authorized to make this VERIFICATION;

"I have read the following filed by Snodgrass Brothers, Inc.:

1. COMPLAINANT SNODGRASS BROTHERS, INC.'S AMENDED MOTION TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT AND REQUEST FOR SUBMISSION AND HEARING PURSUANT TO LOCAL RULE 78.1 & 2;

2. COMPLAINANT SNODGRASS BROTHERS, INC.'S MOTION TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT AND, IN THE ALTERNATIVE, ORIGINAL COMPLAINT FOR BREACH OF CONTRACT; and

3. COMPLAINANT SNODGRASS BROTHERS, INC.'S BRIEF IN SUPPORT OF MOTION TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT AND, IN THE ALTERNATIVE, ORIGINAL COMPLAINT FOR BREACH OF CONTRACT.

"The facts stated therein are within my personal knowledge and are true and correct;

"I have further reviewed (1) "**EXHIBIT A**," the written executed settlement agreement; (2) "**EXHIBIT B**," the claims portal review entry; and "**EXHIBIT C**," the acceptance of release claims portal entry.   I hereby attest that all three documents are true and correct."

FURTHER, AFFIANT SAYETH NOT.

_____
Cary M. Toland

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, by the said **Cary M. Toland** on this, the **16th** day of **May, 2014**, to certify which WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE.



_____
Barbara Warnke
Notary Public, State of Texas.

## CERTIFICATE OF CONFERENCE

I, **Cary M. Toland** respectfully show that I have conferred with both Counsel for Defendants who oppose this motion and the Plaintiff's Steering Committee who takes no position on the Motion.

by: /S/
Cary M. Toland, Attorney-in-charge
State Bar of Texas No. 00785112
Federal I.D. No. 17558

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **COMPLAINANT SNODGRASS BROTHERS, INC.'S AMENDED MOTION TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT AND REQUEST FOR SUBMISSION AND HEARING PURSUANT TO LOCAL RULE 78.1 & 2** has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this **20**th day of **May**, **2014**.

**COUNSEL FOR DEFENDANT, PATRICK A. JUNEAU,**
*In His Official Capacity As Claims Administrator Of The Deepwater Horizon Court Supervised Settlement Program Administering The Deepwater Horizon Economic and Property Damages Settlement Agreement And In His Official Capacity As Trustee Of The Deepwater Horizon Economic and Property Damages Settlement Trust*:
**J. David Forsyth**
201 St. Charles Avenue, Suite 3815
New Orleans, Louisiana   70170
*via*:   E-Mail jdf@sessions-law.com

**COUNSEL FOR DEFENDANTS,**
**BP EXPLORATION & PRODUCTION, INC.**
**and BP AMERICA PRODUCTION COMPANY:**
**Kristopher Ritter** / KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois   60654
*via*:   E-Mail ritterk@kirkland.com

by: /S/
Cary M. Toland, Attorney-in-charge
State Bar of Texas No. 00785112
Federal I.D. No. 17558