IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: | * MDL NO. 2179 |
| Oil Spill by the Oil Rig "Deepwater Horizon" | * SECTION J |
| in the Gulf of Mexico on April 20, 2010 | * HONORABLE CARL J. BARBIER |
| | * MAGISTRATE JUDGE SHUSHAN |
| SNODGRASS BROTHERS, INC. | * |
| | * |
| v. | * |
| | * |
| BP EXPLORATION & PRODUCTION INC. | * THIS DOCUMENT RELATES TO |
| and BP AMERICA PRODUCTION COMPANY; | * Case No.  2:13-cv-06190-CJB-SS |
| DEEPWATER HORIZON COURT | * |
| SUPERVISED SETTLEMENT PROGRAM; | * |
| and PATRICK A. JUNEAU, | * |
| In His Official Capacity As Claims Administrator | * |
| Of The Deepwater Horizon Court Supervised | * |
| Settlement Program Administering The | * |
| Deepwater Horizon Economic and Property | * |
| Damages Settlement Agreement | * |
| And In His Official Capacity As Trustee | * |
| Of The Deepwater Horizon Economic | * |
| and Property Damages Settlement Trust | * |

**BRIEF IN SUPPORT OF REQUEST TO LIFT PRETRIAL ORDER 15
AND
REQUEST FOR SUBMISSION AND HEARING
PURSUANT TO LOCAL RULE 78.1 & 2**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE CARL J BARBIER:

    1.    Complainant **Snodgrass Brothers, Inc.** files this its BRIEF IN SUPPORT OF **REQUEST TO LIFT PRETRIAL ORDER 15 CONTINUANCE** so as to have set for hearing and submission its MOTION TO ENFORCE SETTLEMENT AGREEMENT and would show the Court as follows.

    2.    Defendants have taken the position Complainant cannot move forward on its motion to enforce settlement agreement based on Pretrial Order 15.

3. Pretrial Order 15 was drafted in response to motions asserting issues which would cause conflicts with discovery strategy and/or which could be resolved by rulings in the master case, i.e. discovery and remand. The continuance was most obviously within the discretion of the Court and authorized by both the MDL manual and rules and necessitated by the then circumstances of the litigation. **See, Generally Rules for Multi District Litigation**,    This is not the case with a motion to enforce a written contract for settlement.

## CHOICE OF LAW RULES

4. The substantive law to be applied to this motion to lift Pretrial Order 15, (continence and stay) is governed by FEDERAL MARITIME CHOICE OF LAW RULES. <u>See</u>, *Villanueva Compania Naviera, S.A. v. Bethlehem Steel Corp.* (In re Complaint of Bankers Trust Co.), 752F.2d 874, 883 (3d Cir.1984); accord, *Borne v. A & P Boat Rentals No. 4, Inc.*, 780 F.2d 1254, 1256 (5th Cir.1986); and *Gisclair v. Tug Chantel Naquin, Inc.*, 694 F.Supp. 204,206 (E.D.La.1988).  FEDERAL MARITIME CHOICE OF LAW RULES govern the enforceability of a settlement contract where the substantive rights and liabilities of the parties derive from federal law and the dispute is not inherently local. *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 22-23, 125 S.Ct. 385,160 L.Ed.2d 283 (2004) (citing *Kossick v. United Fruit Co.*, 365 U.S. 731, 735, 81 S.Ct. 886, 6L.Ed.2d 56 (1961)).  In this case, the substantive rights derive from 33 U.S.C.A. 2701 OIL SPILL PREVENTION ACT and 28 U.S.C. 1333 (Admiralty Jurisdiction) as well as the choice of law provision in the settlement contract mandating federal admiralty law and this forum in particular as the choice of law a forum for rights under the agreement. <u>See</u>, "**EXHIBIT  A**. incorporated by reference and attached to Amended Motion to Enforce"

## CONTRACT CONSTRUCTION UNDER FEDERAL MARITIME LAW

### Intent From The Written Executed Settlement Agreement

**5.** General federal maritime law has adopted the general rules of contract interpretation and construction. <u>See</u>, e.g., *United States ex rel. E. Gulf, Inc. v. Metzger Towing, Inc.*, 910 F.2d 775, 779 (11th Cir.1990) and *Cashman Equip. Corp. v. M/V GODFATHER*, No. 05-6271, 2007 WL 934537, at *2 (E.D. La. Mar.23, 2007); *United States ex rel. E. Gulf Inc. v. Metzger Towing, Inc.*, 910 F.2d 775, 779, (11th Cir. 1990). It is a generally accepted proposition that where the terms of writing are plain and unambiguous, there is no room for interpretation since the only purpose of judicial construction is to remove doubt and uncertainty. <u>See</u>, generally *Id*., "Under federal maritime law, a court 'may not look beyond the written language of the document to determine the intent of the parties unless the disputed contract provision is ambiguous.'" *Metzger Towing, Inc.,* 910 F.2d at 779 (quoting *Corbitt v. Diamond M. Drilling Co.,* 654 F.2d 329, 332-33 (5th Cir. Unit A 1981)); *accord Hicks v. Ocean Drilling & Exploration Co.,* 512 F.2d 817, 825 (5th Cir.1975), abrogated on other grounds; and *Johnson v. Odeco Oil & Gas Co.,* 864 F.2d 40, 42-43 (5th Cir.1989). <u>See also</u>, *Lowber v. Bangs,* 2 Wall. 728, 69 U.S. 728, 736-37, 17L.Ed. 768 (1864). Thus, when a maritime contract is unambiguous on its face, the parties' intent must be gathered from the instrument itself without reference to extrinsic evidence. <u>See</u>, *Id*

### EXCUTED FINAL SETTLEMENT AGREEMENT IS ENFORCIBLE IRREGARLESS OF MDL 10-2179 BY ITS OWN TERMS

6. In our case, "**EXHIBIT A**," the **Executed Final Settlement Agreement**, is unambiguous on its face. The language in the agreement was drafted and agreed to by

the Defendants themselves.  There was no appeal by BP when the eligibility [offer] letter was extended to Plaintiff **Snodgrass Brothers, Inc.** and, as noted on the portal events screen, the settlement program accepted the executed release on May 3, 2013 and payment documentation shortly thereafter. **See** *"**EXHIBIT B AND C" to Amended Motion to Enforce incorporated by referenced.*  Further, the document itself is clear that, once executed, it becomes its own document enforceable irrespective of the underlying MDL settlement agreement **See, SECTION 15 of** *"**EXHIBIT A" to Amended Motion to Enforce incorporated by referenced*.  The release contract itself at Section 15 is clear that it is an exclusive agreement that supersedes all other agreements.  In other words, as drafted by the Defendants, it is its own contract. Any arguments that the settlement administrator is now interpreting the underlying agreement in such a manner as to exclude Plaintiffs amount to Parole evidence and should be excluded from consideration at this point in the process, to do otherwise means that all of the agreements are ambiguous.  The Court in its discretion should lift the Continuance and Stay in Pretrial Order 15 in as much as the Executed and accepted Contract by its terms is not part of the MDL litigation

    5.    Plaintiff has provided copies to and solicited comments from Liaison Counsel and steering committee via email correspondence and has been informed by that Plaintiff's Steering Committee takes no position.

    7.    For the reasons stated herein Plaintiff requests that its MOTION TO ENFORCE SETTLEMEN AGREEMENT be set for hearing so that the motion to enforce may be granted or they may proceed with their breach of contract causes of action and

for other relief they may be entitled.

                                                  Respectfully submitted,

                                                  **COUNSEL FOR COMPLAINANT,**
                                                  **Snodgrass Brothers, Inc.:**

                                                  **LAW OFFICE OF CARY M TOLAND PC**
                                                  855 East Harrison Street
                                                  Brownsville, Texas 78520
                                                  Telephone: (956) 544-4607
                                                  Fax: (956) 541-2117
                                                  E-Mail Address: cary@carytolandlaw.com

                                                  by:              /s/
                                                           Cary M. Toland, Attorney-in-charge
                                                           State Bar of Texas No. 00785112
                                                           Federal I.D. No. 17558

## CERTIFICATE OF CONFERENCE

      I, **Cary M. Toland**, respectfully show that I have conferred with both Counsel for Defendants who oppose this motion and the Plaintiff's Steering Committee who takes no position on the Motion.

                                                    /s/

                                                    Cary M. Toland

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **REQUEST TO LIFT PRETRIAL ORDER 15 CONTINUANCE AS TO COMPLAINANT SNODGRASS BROTHERS, INC.'S AMENDED MOTION TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT AND REQUEST FOR SUBMISSION AND HEARING PURSUANT TO LOCAL RULE 78.1 & 2** has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this **20th** day of **May**, **2014**.

**COUNSEL FOR DEFENDANT, PATRICK A. JUNEAU,**
*In His Official Capacity As Claims Administrator Of The Deepwater Horizon Court Supervised Settlement Program Administering The Deepwater Horizon Economic and Property Damages Settlement Agreement And In His Official Capacity As Trustee Of The Deepwater Horizon Economic and Property Damages Settlement Trust*:
**J. David Forsyth**
201 St. Charles Avenue, Suite 3815
New Orleans, Louisiana  70170
*via*:  E-Mail jdf@sessions-law.com

**COUNSEL FOR DEFENDANTS,**
**BP EXPLORATION & PRODUCTION, INC.**
**and BP AMERICA PRODUCTION COMPANY:**
**Kristopher Ritter** / KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
*via*:  E-Mail ritterk@kirkland.com

/s/
_____
Cary M. Toland