

BrownGreer

DIRECT DIAL: (804) 521-7202
OFFICE: (804) 521-7200
FACSIMILE: (804) 521-7299
LGREER@BROWNGREER.COM

May 14, 2014

The Honorable Sally Shushan
Magistrate Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re: **DWH Settlement Program: 40% Transition Claimants**

Dear Judge Shushan:

To facilitate the Court's consideration of the pending issue regarding payment of the 40% balance to claimants who received a 60% payment during the Transition Period, I write in my capacity as former Transition Coordinator and on behalf of the Claims Administrator's Office to provide the relevant background on this issue, as well as to give current statistics regarding the status of these claims and payments. I also attach for the Court's convenience the letter received by claimants in 2012 who were eligible for the 40% payment, the letter that accompanied the release after a claimant requested the 40% payment, and a copy of the release that those claimants have signed before receiving payment.

1. **Background.**

On March 8, 2012, the Court entered a Transition Order, which specified how claims pending with the GCCF would be processed and paid until the DWH Settlement Program commenced. Paragraph 12 of the Transition Order provided that for any non-expired GCCF offer or new offer issued during the Transition:

The Honorable Sally Shushan
May 14, 2014
Page 2

> [T]he Transition Process will pay 60% of the offer without requiring a release. If the claimant receiving the 60% payment is a member of the proposed settlement class, the claimant has a right to additionally recover from the Court Supervised Claims Program the greater of: the remaining 40% of the GCCF offer, or the class settlement payment minus any amount previously paid by the Transition Process, in exchange for a release. However, if the claimant receiving the 60% payment is not a member of the proposed settlement class or opts out of the proposed settlement class, the claimant may elect to receive the remaining 40% of the GCCF offer subject to executing a release.

Section 4.2.3.1 of the Settlement Agreement echoed this provision of the Transition Order.

In June of 2012, the Parties negotiated and ultimately agreed on a letter to be sent to all Transition Claimants who had received a 60% payment and were eligible to receive the greater of the 40% balance or the amount of their DWH offer. A copy of this letter is attached as Exhibit A, and the following excerpts explained that claimants who were members of the class had these three options:

> (1) **Participate in the Settlement Program.** If you file a claim in the Settlement Program, you will receive the *greater* of your Settlement Program Compensation Amount or your GCCF/Transition offer, minus what you received from the GCCF/Transition. You will receive payment after the Settlement Program's review of your claim is complete and you execute a Release. To get information on how to participate in the Settlement Program and file a claim, go to **deepwaterhorizoneconomicsettlement.com**.
>
> (2) **Accept the Remaining 40% of Your GCCF/Transition Offer, in Return for a Release.** You may receive the 40% balance of your GCCF/Transition Final Payment Offer now, in exchange for a Release.
>
> (3) **Opt Out of the Settlement, while Preserving Your Rights to Seek Additional Compensation.** If you make the decision to Opt Out of the Settlement Program, you may pursue any and all claims and rights available under applicable law to seek additional compensation, subject to a credit of the 60% GCCF/Transition Offer payment you have already received.

The Parties also agreed that if a claimant requested the 40% payment in lieu of filing a DWH Claim, the Program would send the claimant a full release and that the claimant would be prohibited from asserting additional or future claims with the DWH Settlement Program. On or about June 22, 2012, the Claims Administrator's office sent this letter to the 6,732 Transition Claimants who were eligible for the 40% payment. As claimants requested the 40% payment,

the Program would send the letter attached as Exhibit B, along with a copy of the required release, which is attached as Exhibit C. The effect of this release was different from the normal DWH Settlement Program Release because it released all claims and did not allow the claimant to recover on one claim type and then file additional claims within 180 days of receiving payment on the first claim type.

### 2. Current Status of Transition Claimants Eligible for 40% Payment.

As of today, the status of the 6,732 Transition Claimants who were eligible to receive the 40% payment is as follows:

| | Table 1. Status of Claimants Eligible for 40% Payment | | |
|---|---|---|---|
| 1. | Claimant Did Not File DWH Claim But Has Returned 40% Release | 3,302 | 49% |
| 2. | Claimant Filed DWH Claim and Has Received Greater of 40% or DWH Amount After Returning Release | 1,219 | 18% |
| 3. | **Sub-Total 40% Release Returned** | **4,521** | **67%** |
| 4. | Claimant Has Either A Pending Registration or Claim Form with the DWH Program But Has Not Received an Eligibility Notice | 1,489 | 22% |
| 5. | Claimant Has Neither Requested a 40% Payment Nor Filed DWH Claim | 722 | 11% |
| 6. | **Sub-Total Not Paid** | **2,211** | **33%** |
| 7. | **TOTAL Transition Claimants Receiving 60% Who were Eligible for Greater of 40% Payment or DWH Claim** | **6,732** | **100%** |

During our teleconference on April 24, 2014, the Parties agreed that the Program should send a letter to the 2,211 Transition Claimants who have not received the 40% payment to let them know of its availability and to inform them of their options. To better understand the specific posture of the claimants who would be receiving the letter, the Court also asked us to analyze the nature of the 1,489 claimants with either a pending Registration or Claim Form with

The Honorable Sally Shushan
May 14, 2014
Page 4

the DWH Program who have not yet received an Eligibility Notice. Table 2 summarizes our findings on these claimants:

| | Table 2. 60% Transition Claimants With Claims Pending in the DWH Program and Who Have Not Received Payment | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Category | Total Unique Claimants | Total Claims Filed (Claimants May File Multiple Claim Forms) | | | | | | | | | | |
| | | | SCP | IEL | IPV/FV | BEL | CRP | WRP | RPS | SUB | VOO | VPD | Total Claims |
| 1. | Registered but No Claim Form Submitted | 471 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 2. | Has Received Eligibility Notice and Returned the Release | *Send 40%* 46 | 0 | 7 | 0 | 43 | 3 | 0 | 0 | 0 | 0 | 0 | 53 |
| 3. | Claim Filed, Remains in Claims Review Process[1] | *send* 649 | 89 | 254 | 1 | (613) | 33 | 0 | 3 | 15 | 2 | 0 | 1,010 |
| 4. | Claimant is On Hold[2] | 304 *can't do anything* | 139 | 97 | 0 | 198 | 23 | 0 | 3 | 26 | 24 | 5 | 515 |
| 5. | Incomplete Registration Form or Claimant Has Not Responded to EIN/SSN Questions | 19 | 1 | 1 | 0 | 21 | 0 | 0 | 0 | 0 | 1 | 0 | 24 |
| 6. | TOTAL | 1,489 | 229 | 359 | 1 | 875 | 59 | 0 | 6 | 41 | 27 | 5 | 1,602 |

---

[1] These 649 claimants with 1,010 claims are currently in the claims review process. Other than the Court's injunction affecting BEL claims (and certain IEL claims), the claims in this row are not on any type of processing hold that would otherwise prevent processing and payment of the claim, if found eligible. Of the 1,010 claims in this posture, 613 are BEL claims.

[2] There are holds on these 304 claimants, which affect 515 claims. Claimants in this row have a hold applied to all claims they filed for reasons unrelated to the Court's injunction but having to do with issues such as potential fraud. Of the 515 claims in this row, 198 are BEL claims.

The Honorable Sally Shushan
May 14, 2014
Page 5

### 3. Proposed Draft of Letter to Unpaid Claimants Eligible for 40% Payment.

On April 29, 2014, we circulated a proposed draft of the letter, which the Program will send to claimants who are eligible for the 40% payment. The Parties are reviewing this letter, and you have asked for their comments so that we may finalize it. When we first circulated the draft, we flagged as an issue whether to enclose a copy of the release with the letter when we send it. We recommend enclosing the release with the letter because it would eliminate one processing step and would thus be more efficient.

### 4. Conclusion.

The Program stands ready to reach out to these claimants pursuant to the Court's direction. In the meantime, please let us know if we can be of any further assistance or if you need additional information.

Sincerely,

Lynn C. Greer

cc:  Patrick A. Juneau, Esquire
     J. David Forsyth, Esquire
     Steve Herman, Esquire
     James P. Roy, Esquire
     Mark E. Holstein, Esquire
     Jeffrey Clark, Esquire
     Scott C. Seiler, Esquire