**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br>SECTION "J" |
| **THIS PLEADING APPLIES TO:** | * * | JUDGE: BARBIER |
| ______________________________ | * * | MAGISTRATE: SHUSHAN |
| Civil Action Nos.:<br>_________ and 10-md-2179 | * * | |

**WEATHERFORD U.S., L.P.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND/OR ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO ALL CLAIMS FILED AGAINST WEATHERFORD AFTER RULE 54(B) JUDGMENT WAS ENTERED IN WEATHERFORD'S FAVOR**

## INTRODUCTION

Defendant, Weatherford U.S., L.P. ("Weatherford"), respectfully submits this Motion to Dismiss and/or Alternatively Motion for Summary Judgment, seeking dismissal of all pending claims against Weatherford.[1] The plaintiffs in the member cases listed in Exhibit 1 to Weatherford's Motion (the "New Claimants") filed lawsuits or claims naming Weatherford as a defendant after this Court dismissed all claims against Weatherford and entered a Rule 54(b) Judgment in Weatherford's favor. The "new" claims against Weatherford are identical to those claims previously litigated and dismissed by this Court when it granted summary judgment in Weatherford's favor. (Rec. Doc. 5653). This Court subsequently entered a Rule 54(b) Judgment dismissing all claims against Weatherford, and there was no appeal taken of the Rule 54(b) Judgment in Weatherford's favor. (Rec. Doc. 6204). Under principles of law of the case in the

[1] *See* Exhibit 1 to Weatherford's Motion, Table of Pending Claims Against Weatherford.

context of multidistrict litigation ("MDL") and *res judicata*/collateral estoppel, all claims filed against Weatherford after this Court's Rule 54(b) Judgment should be dismissed with prejudice. To date, Weatherford has not received any objection from any of the remaining plaintiffs to voluntarily dismissing Weatherford; however, these plaintiffs have not filed voluntary dismissals as to Weatherford, prompting the instant motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 10, 2012, this Court, presiding over the *Deepwater Horizon* multidistrict litigation, granted summary judgment in Weatherford's favor. In the Order (Rec. Doc. 5653 in 10-md-2179), the Court stated: "the Court finds for reasons stated in Weatherford's Memoranda that there is no evidence that the Weatherford float collar used in the production string of the Macondo Well was defective and/or that any actions or inactions by Weatherford caused or contributed to the cause of the blowout and oil spill." (Rec. Doc. 5653 at p. 1)

On April 10, 2012, this Court entered a Rule 54(b) Judgment in Weatherford's favor in the multidistrict litigation, "dismissing all claims asserted against Weatherford U.S., L.P. and Weatherford International, Inc. in this multi-district litigation for the reasons stated in the Orders (Rec. Doc. 5653 and 5711 ), specifically that there is no evidence that the Weatherford float collar used in the production string of the Macondo Well was defective and/or that any actions or inactions by Weatherford caused or contributed to the cause of the blowout and oil spill." (Rec. Doc. 6204). There was no appeal taken from the entry of the judgment.

After entry of the Rule 54(b) Judgment on April 10, 2012, numerous lawsuits were filed against multiple defendants, including Weatherford, as a result of the *Deepwater Horizon* blowout. Since that time, Weatherford has requested each plaintiff in the newly filed suits with claims against Weatherford to voluntarily dismiss its claims against Weatherford as a result of the final judgment entered in favor of Weatherford. To date, the majority of these "new" claims

were voluntarily dismissed by the plaintiffs. [2] However, the plaintiffs in 16 member cases (hereafter, the "Remaining Cases") have not voluntarily dismissed their claims against Weatherford. None of the plaintiffs in the Remaining Cases have objected to voluntarily dismissing their claims against Weatherford; and in fact, the plaintiffs in 10 of the Remaining Cases have agreed to voluntarily dismiss their claims but have not yet filed voluntary dismissals into the record.

The claims filed by the plaintiffs in the Remaining Cases assert negligence claims against Weatherford that are identical to those already dismissed by this Court. For example, in the instant claims, certain plaintiffs allege that "Weatherford [improperly] designed and manufactured, marketed, sold, and/or distributed the casing components such as the float collar, show, and centralizers appurtenant to the vessel, and provided the personnel and equipment for running the casing components into the wellbore." (*See e.g.* Rec. Doc. 1, 13-1644, ¶¶ 24, 30). Certain claims that were previously dismissed had alleged that "Weatherford [improperly] designed and manufactured, marketed, sold, and/or distributed the casing components such as the float collar, show, and centralizers appurtenant to the vessel, and provided the personnel and equipment for running the casing components into the wellbore." (Rec. Doc. 1128, ¶¶ 231, 572).

---

[2] *See, e.g.*, Voluntary Dismissals filed as to Weatherford in 22 member cases in which claims were filed against Weatherford after April 10, 2012: Rec. Docs. 8642, 8643, 8644, 8645, 8645, 8777, 8778, 8780, 9078, 9079, 11921, 12153, 12154, 12155, 12156, 12157, 12158, 12159, 12160, 12161, 12303, and 12458.

## LAW AND ARGUMENT

**I. The Claims against Weatherford in the Remaining Cases Should Be Barred by the Law of the Case Doctrine in Accordance with the Purpose of the Multidistrict Litigation Statute 28 U.S.C. § 1407.**

The claims against Weatherford in the Remaining Cases should be barred by the "law of the case" doctrine because they have already been adjudicated in this multidistrict litigation. The law of the case doctrine is "a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *U.S. v. U.S. Smelting Ref. & Mining. Co*, 339 U.S. 186, 198 (1950) (citing *Messinger v. Anderson*, 225 U.S. 436, 555 (1912); *Ins. Grp. Comm. v. Denver & R.G.W.R. Co.*, 329 U.S. 607, 612 (1947)). The law of the case doctrine is particularly applicable in multidistrict litigation actions in which a panel has consolidated a number of cases because multiple parties are asserting identical or nearly identical claims and it can prevent the relitigation of the same issues. *Phila. Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 381, 383 (E.D. Pa. 1970).

For example, in *Philadelphia Housing Authority,* the court held that a previous decision made by the same court in the same multidistrict litigation established the law of the case and was binding on all parties asserting the same claims. *Id.* In that case, the court granted defendants' motion to dismiss certain plaintiffs' claims against the defendants. *Id.* at 382. The defendants subsequently filed motions for summary judgment against another group of plaintiffs, who raised the same issues addressed by the previously-granted motion to dismiss. *Id.* The court held that the prior ruling on the motion to dismiss was the law of the case and should be followed and applied to the pending motions for summary judgment. *Id.* at 384. In so holding, the court reasoned that it had carefully considered the issues raised and made an informed decision. *Id.* at 383-84.

Here, like in *Philadelphia Housing Authority*, the plaintiffs in the Remaining Cases have asserted the exact same claims against Weatherford as were previously dismissed by this Court. The claims that Weatherford improperly designed and manufactured the casing components for the wellbore have been adjudicated through motion practice, dismissed, and a final judgment on the claims was issued by this Court. (Rec. Docs. 5652, 5653, 6204).

Furthermore, the purpose of transferring similar (or identical) cases to a single court under the multidistrict litigation statute, 28 U.S.C. §1407, is "to promote just and efficient conduct of multidistrict actions, in part by eliminating potential for conflicting contemporaneous rulings by coordinate district courts." *In re Air Crash Off Long Island*, *N.Y. on July 17, 1996*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997); *see also In re Fourth Class Postage Regulations*, 298 F. Supp. 1326, 1327 (J.P.M.L. 1969). Weatherford's motion to dismiss the claims against it in the Remaining Cases seeks conformity with this Court's prior holding on the same claims. (Rec. Doc. 5653). Granting Weatherford's motion to dismiss would also promote efficient adjudication under the multidistrict litigation statute by preventing re-litigation of the same issues in the same multidistrict proceeding.

## II. The Plaintiffs' Claims Against Weatherford in the Remaining Cases Are Barred by *Res Judicata.*

In addition to being barred by the law of the case doctrine in the multidistrict litigation context, the claims against Weatherford in the Remaining Cases are also barred by *res judicata.* The jurisprudence pertaining to the doctrine of *res judicata* is abundant and well-settled. The general rule of *res judicata* is that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Cromwell v. Cnty. of Sac.,* 94 U.S. 351, 352 (1876); *Alexander v. Comm'r*, 224 F.2d 788, 791-92 (5th Cir. 1955). The

bar on relitigating claims created by the doctrine of *res judicata* is predicated on considerations of judicial economy and public policy "favoring the establishment of certainty in legal relations." *Alexander*, 224 F.2d at 791.

The Fifth Circuit has held that four elements are required to prove a claim is barred by *res judicata*: (1) the same parties must be involved; (2) there must be a prior judgment rendered in a court of competent jurisdiction; (3) there must have been a prior final judgment entered on the merits of the claim; and (4) the same claim or cause of action must be involved. *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). The Fifth Circuit also held that judgments can bind persons not party to the prior litigation when the non-parties were in privity with the party(ies) of record, including when the non-party's interests were adequately represented by a party to the original suit. *Mexa v. Gen. Battery Corp.*, 908 F.2d 1262, 1266-67 (citing *Howell Hydrocarbons v. Adams,* 897 F.2d 183, 188 (5th Cir. 1990)). The Fifth Circuit further defined adequate representation as including situations in which the named party is "so closely aligned to the non-party's interests as to be his virtual representative." *Id.* (citing *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975)).

Here, the claims against Weatherford in the Remaining Cases are barred by *res judicata* because they meet all four required criteria. First, the claims against Weatherford in the Remaining Cases are identical to those previously dismissed by this Court via summary judgment and Rule 54(b) Judgment. (Rec. Docs. 5653, 5711). The claims against Weatherford in the Remaining Cases allege, "Weatherford [improperly] designed and manufactured, marketed, sold, and/or distributed the casing components such as the float collar, shoe, and centralizers appurtenant to the vessel, and provided the personnel and equipment for running the casing components into the wellbore." (*See e.g.* Rec. Doc. 1, 13-1644, ¶¶ 24, 30). The B1

claimants alleged, "Weatherford [improperly] designed and manufactured, marketed, sold, and/or distributed the casing components such as the float collar, shoe, and centralizers appurtenant to the vessel, and provided the personnel and equipment for running the casing components into the wellbore." (Rec. Doc. 1128, 10-mdl-2179, ¶ 231, 572). As is readily apparent, these allegations are identical. Second, this Court already granted Weatherford's motion for summary judgment and entered a Rule 54(b) Judgment dismissing the original, identical claims against Weatherford. (Rec. Docs. 5653, 6204). Third, the Rule 54(b) Judgment that dismissed the claims was entered on the merits, was not appealed, and is now final. (Rec. Doc. 6204).

Fourth and finally, the interests of the plaintiffs in the Remaining Cases were more than adequately represented by the Plaintiff's Steering Committee ("PSC"), which chose not to oppose Weatherford's properly supported Motion for Summary Judgment in 2012. All plaintiffs in this multidistrict litigation are, in large part, represented by the PSC, which is charged with zealously and strategically representing the interests of all plaintiffs. The interests of the plaintiffs in the Remaining Cases are indistinguishable from the interests of the B1 claimants, which is evidenced by the identical language in the complaints. (Rec. Doc. 1128, 10-mdl-2179, ¶ 231; *see e.g.* Rec. Doc. 1, 13-1644, ¶ 24). For these reasons, the plaintiffs' claims against Weatherford in the Remaining Cases are barred by *res judicata*.

## III. The Issues Raised by the Claims Against Weatherford in the Remaining Cases Are Precluded Under Collateral Estoppel.

In addition to being barred by law of the case doctrine and *res judicata,* the issues raised by claims against Weatherford in the Remaining Cases are precluded by collateral estoppel. The claims against Weatherford are barred by collateral estoppel because the exact same issues have already been adjudicated by this Court. (Rec. Docs. 5652, 5653). Collateral estoppel "prevents

the same parties or their privies from relitigating issues that were litigated and decided in a prior action." *Bradberry v. Jefferson Cnty, Tex.*, 732 F.3d 540, 548 (5th Cir. 2013).

For an issue to be precluded under collateral estoppel, three elements must be present: (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; and (3) the issue was necessary to support the judgment in the prior case. *Id.* at 548-49. All four elements are present with respect to the New Claimants' allegations against Weatherford.

First, the issues raised in the plaintiffs' claims against Weatherford in the Remaining Cases are identical to the issues litigated in the prior claims that were dismissed by this Court. Both sets of claimants allege(d), "Weatherford [improperly] designed and manufactured, marketed, sold, and/or distributed the casing components such as the float collar, show, and centralizers appurtenant to the vessel, and provided the personnel and equipment for running the casing components into the wellbore." (Rec. Doc. 1128, 10-mdl-2179, ¶ 231, 572; *see e.g.* Rec. Doc. 1, in Case No. 13-1644, ¶ 24, 30).

Second, the issue of whether Weatherford negligently designed or manufactured casing components was fully litigated by the prior motion for summary judgment. (Rec. Doc. 5652, 5653, 6204). Weatherford filed a motion for summary judgment and no party chose to oppose the motion. (*See* Rec. Doc. 5653). Thereafter, this Court granted the motion for summary judgment and entered a Rule 54(b) Judgment in Weatherford's favor, making the decision appealable. (Rec. Doc. 6204). Again, no party chose to appeal the decision and the judgment became final.

Third, the issue was necessary to support the final judgment dismissing all claims against Weatherford because Weatherford's alleged fault in designing or manufacturing the float collar

was the entire source of the claims. Therefore, the issues raised by the allegations of the plaintiffs in the Remaining Cases against Weatherford satisfy all three criteria of collateral estoppel and are precluded.

**CONCLUSION**

For the aforementioned reasons, the claims of the plaintiffs in the Remaining Cases fail to state a claim against Weatherford upon which relief may be granted because all asserted claims are barred. The claims against Weatherford are barred by the law of the case doctrine in this multidistrict litigation because the exact same claims were previously adjudicated and dismissed by this Court. The claims are precluded under *res judicata* because a prior judgment on identical claims was entered by this Court of competent jurisdiction on the merits and the PSC adequately represented the interests of the plaintiffs in the Remaining Cases. Finally, the issues raised by the remaining claims against Weatherford are precluded under collateral estoppel because the issues are identical to the issues that were previously litigated and were necessary to support the Rule 54(b) Judgment dismissing the original claims against Weatherford. Therefore, all remaining claims against Weatherford should be dismissed with prejudice in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, summary judgment should be entered in Weatherford's favor, dismissing the claims of the plaintiffs in the Remaining Cases with prejudice.

This 27th day of May, 2014.

Respectfully submitted:

***/s/ Glenn G. Goodier***

GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES WALKER LLP
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8174
Facsimile: (504) 589-8174

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES WALKER LLP
600 Jefferson Street, Suite 1600
Lafayette, LA 70501
Telephone: (337) 593-7600
Facsimile: (337) 593-7601

***Counsel for Weatherford U.S., L.P.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of May, 2014, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

***/s/ Glenn G. Goodier***