UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig<br>         "Deepwater Horizon" in the<br>         Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>* | MDL No. 2179<br><br>SECTION "J" |
| **THIS PLEADING APPLIES TO:** | *<br>* | JUDGE: BARBIER |
| Civil Action Nos.:<br>10-md-2179, 13-1644, 13-2030, 13-1984, 13-1967, 13-1495, 13-2669, 12-2338, 13-1527, 13-1536, 13-1373, 13-2670, 12-2235, 13-1490, 13-2668, 13- 4755, 13-2547 | *<br>*<br>*<br>*<br>* | MAGISTRATE: SHUSHAN |

**<u>WEATHERFORD U.S., L.P.'S STATEMENT OF UNCONTESTED MATERIAL FACTS</u>**

**NOW INTO COURT**, through undersigned counsel, comes Weatherford U.S., L.P. ("Weatherford"), who provides the following statement of uncontested material facts in connection with its Motion to Dismiss and/or Alternatively Motion for Summary Judgment with Respect to All Claims Filed Against Weatherford After Rule 54(B) Judgment Was Entered in Weatherford's Favor.

1. On January 23, 2012, Weatherford filed a Motion for Summary Judgment on All Claims and, Alternatively, Motion for Partial Summary Judgment on Punitive Damages.  (Rec. Doc. 5652).

2. Weatherford's Motion for Summary Judgment on All Claims was granted by this Court on February 10, 2012 without opposition from any party, including the Plaintiffs' Steering Committee.  (Rec. Doc. 5653).

3. The Court's Order stated in part: "the Court finds for reasons stated in Weatherford's Memoranda that there is no evidence that the Weatherford float collar used in the production string of the Macondo Well was defective and/or that any actions or

inactions by Weatherford caused or contributed to the cause of the blowout and oil spill." (Rec. Doc. 5653 at p. 1).

4. Rule 54(B) Judgment was entered on April 10, 2012 in Weatherford's favor, "dismissing all claims asserted against Weatherford U.S., L.P. and Weatherford International, Inc. in this multi-district litigation for the reasons stated in the Orders (Rec. Doc. 5653 and 5711 ), specifically that there is no evidence that the Weatherford float collar used in the production string of the Macondo Well was defective and/or that any actions or inactions by Weatherford caused or contributed to the cause of the blowout and oil spill." (Rec. Doc. 6204).

5. No party, including the Plaintiffs' Steering Committee, appealed the Rule 54(B) Judgment in Weatherford's favor.

6. Following the deadline for any appeal of the Rule 54(B) Judgment, the Judgment became a Final Judgment in Weatherford's favor.

7. Since the Final Judgment in Weatherford's favor, numerous plaintiffs have brought claims against Weatherford.  The majority of these plaintiffs have voluntarily dismissed their claims against Weatherford once they were advised of this Court's prior Final Judgment. (*See e.g.*, Voluntary Dismissals filed as to Weatherford in 22 member cases in which claims were filed against Weatherford after April 10, 2012: Rec. Docs. 8642, 8643, 8644, 8645, 8645, 8777, 8778, 8780, 9078, 9079, 11921, 12153, 12154, 12155, 12156, 12157, 12158, 12159, 12160, 12161, 12303, and 12458 in Case No. 10-md-2179).

8. Plaintiffs in sixteen (16) member cases with claims against Weatherford that were filed or amended after Final Judgment in Weatherford's favor have not voluntarily

dismissed their claims against Weatherford. (*See* Exhibit 1 to Weatherford's Memorandum in Support, Table of Pending Claims Against Weatherford.)

9. Weatherford has requested voluntary dismissals from the plaintiffs in all of these remaining 16 member cases. Of these 16 member cases, counsel for the plaintiffs in 3 member cases have advised that they were under the belief that Weatherford was already dismissed and that voluntary dismissals were not necessary in the newly filed cases. Counsel for plaintiffs in 10 other member cases have advised that they have no objection to filing voluntary dismissals of their claims against Weatherford but have yet to file the requested dismissals. Counsel for plaintiffs in the remaining 3 member cases have not advised whether they have any objection to the requested dismissal of claims against Weatherford.

10. There has not been any objection to the requested dismissal of the remaining claims against Weatherford in these 16 member cases.

11. Certain claims against Weatherford that were dismissed by Final Judgment alleged that "Weatherford [improperly] designed and manufactured, marketed, sold, and/or distributed the casing components such as the float collar, show, and centralizers appurtenant to the vessel, and provided the personnel and equipment for running the casing components into the wellbore." (Rec. Doc. 1128, ¶¶ 231, 572).

12. The claims in the 16 member suits filed after Final Judgment in Weatherford's favor allege that "Weatherford [improperly] designed and manufactured, marketed, sold, and/or distributed the casing components such as the float collar, show, and centralizers appurtenant to the vessel, and provided the personnel and equipment for

running the casing components into the wellbore." (*See e.g.* Rec. Doc. 1, in Case No. 13-1644, ¶¶ 24, 30).

Respectfully submitted:

*/s/  Glenn G. Goodier*
GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8174
Facsimile:      (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501-5100
Telephone:     (337) 593-7624
mlemoine@joneswalker.com
grusso@joneswalker.com
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P. and Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2014, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/  Glenn G. Goodier*