IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by         the Oil Rig "Deepwater Horizon"         in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179  SECTION J |
| This document relates to: All Cases and No. 12-970 | * * * * * | Honorable CARL J. BARBIER  Magistrate Judge SHUSHAN |

BP'S REPLY IN SUPPORT OF ITS
MOTION TO CLARIFY OR AMEND ORDER REGARDING
CLASS COUNSEL'S MOTION TO PROTECT AND PRESERVE
CLAIMANT CONFIDENTIALITY AND TO ENFORCE
THE ORDERS OF THE COURT

In its Motion [Rec. Doc. 12702], BP draws the Court's attention to an unambiguous sentence within Section 4.4.14 of the Settlement Agreement that, without clarification or amendment, would be contradicted by the Court's Order requiring the Claims Administrator "to promptly take all steps necessary to comply with the terms of Section 4.4.14 and deny both BP and Class Counsel access to any individual claim file before the Program issues a Denial Notice or an Eligibility Notice."[1]  The Order does not make an exception for the use of pre-determination data in the prosecution or defense of appeals, despite the fact that Section 4.4.14 grants BP access to pre-determination claim files in order "to prosecute or defend an Appeal."

BP has moved for clarification or amendment of the Court's Order, including on the ground that it directly contradicts the Settlement Agreement.[2]  While Class Counsel attempts to

---

[1]  Order Regarding Class Counsel's Motion to Protect and Preserve Claimant Confidentiality and to Enforce the Orders of the Court, March 25, 2014, Rec. Doc. 12591.

[2]  While BP's Motion focuses on the specific issue of access to pre-determination claim files in order "to prosecute or defend an Appeal," Settlement Agreement § 4.4.14, BP respectfully

minimize the importance of BP's access to pre-determination claim information to prosecute and defend appeals, access to such information is critical to BP's ability to identify and appeal inconsistent and erroneous awards.

Class Counsel's arguments for denying BP access to pre-determination claim information in the Claims Appeal Process are meritless.[3]  Class Counsel does not supply any convincing reason to deny BP access to pre-determination claims information for the limited purpose of prosecuting or defending appeals, in accordance with the plain language of the agreement.

---

disagrees with the Order's interpretation of Section 4.4.14 more generally for the reasons set forth in its briefing on the underlying motion, including the definition of "Claim File," *see* Rec. Docs. 12535 & 12540, and reserves all rights.  *See* Motion, Rec. Doc. 12702 at n.1 & 7.

[3] Similarly, Class Counsel's procedural arguments are meritless.  A motion under Rule 59(e) is appropriate where, as here, reconsideration is necessary "to correct a clear error of law or prevent manifest injustice."  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  Here, Section 4.4.14 of the Settlement Agreement states:
> BP and Class Counsel shall not have access to any Claim Files for Claims that are being processed and have not yet been resolved in the Settlement Program *except if the Claim File is needed by BP, a Claimant, or their counsel to prosecute or defend an Appeal*.

(Emphasis added).  This sentence was quoted by the Court in its Order, and was described by the Court as "clear and unambiguous."  Order at 1, Rec. Doc. 12591.  Indeed, it is.  The Court's Order, however, simultaneously prohibited such use.

Class Counsel further argues that BP's Motion advances a "new interpretation" of the Settlement Agreement that should not now be entertained by this Court.  BP's assertion of its right to pre-determination information "to prosecute or defend an Appeal," under the plain language of the Settlement Agreement, is not "new."  BP has argued that denying the "right to view data regarding claims filed with the Program until the claims are resolved . . . runs counter to the *express terms* of the Settlement Agreement."  BP's Surreply in Opposition to Motion to Protect and Preserve Claimant Confidentiality and to Enforce the Orders of the Court at 1, March 18, 2014, Rec. Doc. 12540 (emphasis added).  Disregarding the exception contained within the last sentence of Section 4.4.14 of the Settlement Agreement would be manifestly unjust.

2

### A. Recognizing the Exception for Appeals Would Not "Render Meaningless" Any Part of Section 4.4.14.

Class Counsel argues that, if BP's access to pre-determination information is restored for the limited purpose of prosecuting or defending the appeals of related claims, it would "render meaningless and without effect the preceding part of the sentence."[4] The complete sentence at issue is read logically to specifically allow BP access to pre-determination claim information "to prosecute or defend an Appeal." Class Counsel does not explain its allegation that this access "would render meaningless and without effect the preceding (and most critical) part of the sentence."[5] The first part of the sentence, to which Class Counsel refers is as follows:

> BP and Class Counsel shall not have access to any individual Claim File for a Claim that is being processed and has not yet been resolved in the Settlement Program,

The sentence continues:

> *except* if the Claim File is needed by BP, a Claimant, or their counsel, to prosecute or defend an appeal.

(Emphasis added). Thus, the plain language of the second half of the sentence at issue only renders the first half of the sentence "without effect" in the case of the stated exception. But, the first half of the sentence is not "meaningless" – it is the general rule to which an exception applies.[6]

---

[4] Opp. at 2.

[5] Opp. at 5.

[6] For context, Section 4.4.14, in its entirety, states:

> The Claimant may request and receive reasonable access to his, her, or its Settlement Program and/or Transition Process Claim File and supporting information, but only after issuance of a Final Determination of the Claim in part or in whole. Access by a Claimant to his, her, or its GCCF Claim File may be granted at the discretion of the Settlement Program Administrator. Claimants

3

By contrast, Class Counsel's reading of this sentence does, in fact, render the second half of the sentence meaningless by fully removing an exception included in the Settlement Agreement.[7] The reference in the first half of the sentence to a claim that "is being processed and has not yet been resolved" cannot be logically read to merely refer to BP's right to access claim information to prosecute or defend a particular determined claim that is ripe for appeal, as the first clause of the sentence refers to Claims Files for *unresolved* claims, which (pursuant to the second half of the sentence) are to be provided to BP whenever needed to prosecute or defend an appeal. Similarly, Class Counsel's argument that this sentence should be read to limit BP's access to *post*-determination claims information to instances when it is "needed" to prosecute or defend an appeal is inconsistent with the other provisions of the Settlement Agreement cited by Class Counsel, which expressly provide BP with full access to *post-*

---

> shall be provided reasonable access to all materials submitted by or on behalf of such Claimant to the GCCF, Transition Process, and/or Settlement Program. BP and Class Counsel shall have access to all Claim Files and Claims-related data transferred to or generated in the Settlement Program for any legitimate purpose including, without limitation, the operation of BP's separate OPA facility, prosecuting and defending appeals, reviewing and auditing the Settlement Program, reporting financial results, and pursuing indemnification, contribution, subrogation, insurance and other claims from third parties. However, BP and Class Counsel shall not have access to any Claim Files for Claims that are being processed and have not yet been resolved in the Settlement Program except if the Claim File is needed by BP, a Claimant, or their counsel to prosecute or defend an Appeal.

BP's limited use of pre-determination information to prosecute or defend an appeal is fully consistent with the Settlement Agreement and harmonious with the other rights discussed in Section 4.4.14.

[7] Class Counsel argues that Section 4.4.14 should "prevent BP from accessing Claim- and Claimant-specific data at any time prior to a formal Eligibility Determination or Denial; after that point, BP would be entitled to access such claim file where, and only where, it was 'needed' by BP to prosecute or defend a settlement program appeal." Opp. at 2.

4

determination information.[8]  Under Class Counsel's erroneous reading the "except" clause would be entirely superfluous.

### B. Extrinsic Evidence From Related Pre-Determination Claims in the Appeals Process Is Permitted by the Appeal Panel Procedures.

Class Counsel also asserts that the "extrinsic investigation and challenge" presented by restoring BP's access for appeals is "beyond the scope of what was contemplated and authorized under the Settlement Agreement," and, remarkably, cites its Objection to Administrative Ruling Regarding the Admission of New "Evidence" by BP in Connection with Settlement Program Appeals as the sole evidence in support of that claim.[9]  That briefing, however, disproves Class Counsel's claim.  In response to Class Counsel's objection, this Court ruled that "the Appeal Panel enacted Rule 7 of the Appeal Panel Procedures allowing, and indeed inviting, BP to submit additional exhibits or documents to it" for consideration of whether a claimant was either a member of the class or an excluded party.[10]  BP is permitted to submit extrinsic evidence that may have been submitted by another Claimant or in support of a different Claim to prosecute or defend an appeal.  Class Counsel's citation of its briefs in support of an issue it *lost* does not change this fact.  Moreover, the evidence that should be considered by the Appeal Panel is not truly "extrinsic" to the CSSP, since the information was provided in other claims.

---

[8] *See* Opp. at n.10, citing Settlement Agreement § 6.1.2.1.1 ("The Settlement Program shall provide access to the Claimant and the BP Parties of all forms, calculations and worksheets relied upon by the Settlement Program in reaching the final determination"), § 6.8 ("Immediately upon issuance of final written notice from the Claims Administrator of a determination of a Claim, the Settlement Program shall provide BP . . . with electronic access to the full record of the Claim at issue.").

[9] Opp. at 2 & n.4.

[10] Order Regarding Class Counsel's Objection to Administrative Ruling Regarding the Admission of New "Evidence" by BP in Connection with Settlement Program Appeals, March 14, 2014, Rec. Doc. 12517.

### C. Access to Pre-Determination Claim Files Is Necessary for BP to Prosecute and Defend Appeals.

BP's resources to identify inconsistencies or errors in claim determinations are not "limitless," as suggested by Class Counsel, nor is all the information available from public information.[11]  For example, BP compared IEL claims to BEL claims to appeal potential double payments.[12]  This information is only available, in some cases, within pre-determination claims. Further challenges with respect to identifying inconsistencies are discussed in the record.[13] While the CSSP should perform a review to prevent the mistaken awards in the examples provided, it is apparent that it does not or that it does not do so effectively in all instances.[14]

Class Counsel also errs in its allegation that BP cites "a total of three claims"[15] for its Motion.  The Declaration of Daniel Cantor demonstrates the difficulty presented across *categories* of claims and discusses additional examples.[16]  The examples alone show that access to pre-determination information in the Appeal Process has led to the correction of awards worth nearly $4 million.  Surely Class Counsel would not deny that some claimants have sought duplicative recovery for the same Coastal Real Property, that others have presented themselves as employees of "Eligible Employers" when the employer has not qualified under the BEL

---

[11] Opp. at 3.

[12] Ex. 1 to BP's Mot., Declaration of Daniel A. Cantor, Rec. Doc. 12702-3 ¶¶ 6-11.

[13] *See generally* Ex. 1 to BP's Mot., Cantor Declaration.

[14] *See* Order Regarding Response from the Claims Administrator, Rec. Doc. 12931 (ordering the Claims Administrator to file a response to the issues raised in the declaration of Daniel A. Cantor (Rec. doc. 12702-Exhibit 3) and particularly whether the Program currently performs the functions itemized in Mr. Cantor's declaration).

[15] Opp. at 3.

[16] Ex. 1 to BP's Mot., Cantor Declaration, at ¶¶ 4, 5, 10, 11, & 14 (discussing examples).

6

framework, that business owners have filed IEL claims in addition to BEL claims, and that some Seafood claimants have filed as oyster leaseholders when in fact they did not hold an oyster leasehold interest.[17]

At the same time, Class Counsel suggests that BP should be satisfied that the CSSP's determinations are fair and accurate due to the "inherent checks and balances" within the claims process, including the policy decisions.[18]  This argument misses the point – if the CSSP were infallible there would be no need for an Appeal Process at all, and the CSSP does not represent otherwise.  As demonstrated by the record provided with BP's motion, on numerous occasions BP has identified errors in claim determinations as a result of its review of related pre-determination claims.[19]  Restoring BP's access to pre-determination information for the limited purpose of prosecuting or defending appeals will contribute to a more fair and accurate Settlement Program, and is essential to vindicate BP's appellate rights.

Ultimately, Class Counsel appears to concede that Section 4.4.14 of the Settlement Agreement allows BP access to "pre-Determination data" when "it becomes *necessary* to prosecute or defend an appeal."[20]  But Class Counsel seeks to insert its own judgment as to when it would be "necessary" for BP to access pre-determination information to evaluate, prosecute, and defend appeals – never.  BP and its attorneys, not Class Counsel, are entitled to determine what information is "necessary" for BP to "prosecute or defend an Appeal."  As the record shows, BP's access is necessary to appeal and prevent erroneous awards.

---

[17]   Mot. at 4-7 & Ex. 1, Cantor Declaration, at ¶¶ 4-14.

[18]   Opp. at 4.

[19]   Mot. at 4-7 & Ex. 1.

[20]   Opp. at 5.

May 27, 2014

Respectfully submitted,

Mark Holstein
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX  77079
Telephone:  (281) 366-2000
Telefax:  (312) 862-2200

   */s/ Kevin M. Downey*
Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 434-5000
Telefax:  (202) 434-5029

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone:  (202) 942-5000
Telefax:  (202) 942-5999

   */s/ Don K. Haycraft*
S. Gene Fendler (Bar #05510)
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 662-5985
Telefax:  (202) 662-6291

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2000
Telefax:  (312) 862-2200

Jeffrey Lennard
Keith Moskowitz
DENTONS US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606
Telephone:  (312) 876-8000
Telefax:  (312) 876-7934

Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Telefax:  (202) 879-5200

**OF COUNSEL**

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY***

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of May, 2014.

                                                                                */s/ Don. K. Haycraft*
                                                                                 Don K. Haycraft