UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL 2179 SECTION "J" |
| This Document Relates To: | * * | JUDGE BARBIER |
| No. 12-970 | * * * | MAG. JUDGE SHUSHAN |

ORDER
[Dissolving Preliminary Injunction Related to BEL Claims
&
Implementation of Policy 495: Matching of Revenue and Expenses]

Following instructions from a panel of the Fifth Circuit Court of Appeals in case no. 13-30315, this Court previously enjoined the Court Supervised Settlement Program from issuing final determination notices and payments for "BEL Claims."[1] (Rec. Doc. 11928).[2] On March 3, 2014, a majority of the Fifth Circuit panel affirmed this Court's decisions on certain BEL matters, but ordered that the injunction remain in place "until the mandate of the court is issued." *In re Deepwater Horizon*, 744 F.3d 370, 380 (5th Cir. 2014). The Fifth Circuit recently denied BP's petition for en banc rehearing and for panel rehearing, denied BP's motion to stay issuance of the mandate, and, on May 28, 2014, issued the mandate. Accordingly,

**IT IS ORDERED** that the injunction regarding BEL claims is **DISSOLVED** and **VACATED**. The Claims Administrator is instructed to resume the processing and payment of

---

[1] "BEL Claims" refers to those claim types described in the *Deepwater Horizon* Economic and Property Damages Settlement Agreement ("Settlement Agreement") relative to Business Economic Loss, Failed Businesses, Start-Up Businesses, and Failed Start-Up Businesses.

[2] *See also* Rec. Docs. 11566, 11697, 11790 (prior injunction orders), 12055 (ruling on remanded BEL issues but maintaining injunction).

claims in accordance with the terms of the Settlement Agreement.

**IT IS FURTHER ORDERED** that the Claims Administrator's Policy No. 495, "Business Economic Loss Claims: Matching of Revenue and Expenses" shall be applied to all BEL Claims currently in the claims process at any point short of final payment,[3] including those claims currently in the claims appeal process, save and except those claims that had prior to October 3, 2013: received a final Eligibility Notice or Denial Notice and either (a) no timely appeal had been filed *or* (b) did not satisfy the criteria of an appealable claim under the terms of the Settlement Agreement.

Signed in New Orleans, Louisiana, this 28th day of May, 2014.

_____
United States District Judge

---

[3] Those claims which prior to this Court's injunction of October 3, 2013, had already received final payment or had received denial notices which were final after the re-review, reconsideration, and appeals processes had been exhausted are ***not*** claims considered to be "currently in the claims process," and as such, are not subject to Policy 495.