UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179<br><br>Section: J |
| This Document Applies to: | : : | The Hon. Carl J. Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : : | The Hon. Sally Shushan |

MOTION TO COMPEL THE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION FISHERIES TO PROVIDE THE SPECIAL MASTER WITH INDIVIDUAL FISHING QUOTA DATA

COMES NOW Special Master Louis J. Freeh, and for his unopposed Motion to Compel the National Oceanic and Atmospheric Administration Fisheries to Provide the Special Master with Individual Fishing Quota Data ("Motion"), states as follows:

1. On June 4, 2012, the Deepwater Horizon Court Supervised Settlement Program ("CSSP") began processing claims pursuant to the Economic and Property Damages Settlement Agreement as Amended on May 2, 2012.

2. The Court has entered various orders designed to enhance both the efficiency and integrity of the CSSP.  For example, on September 18, 2012, at the request of the Claims Administrator and with the consent of the parties, this Court ordered "all authorities . . . to provide to the [CSSP] trip ticket data, dealer reports, and/or equivalent data for the year or years identified by the Settlement Program"  to "enhance the efficiency of the Claims process."  (Rec. Doc. 7441.)

3. The Court subsequently appointed and directed the Special Master to work "[i]n conjunction with the Claims Administrator's Office" to "examine and investigate . . . any past or pending claims submitted to the CSSP which are deemed to be suspicious."  (Rec. Doc. 11288.)  In furtherance of this mandate, on May 2, 2014,  the Court ordered the Florida

Fish and Wildlife Conservation Commission to produce relevant trip ticket or equivalent data to assist the Special Master and Claims Administrator with their claims review process. (Rec. Doc. 12814.)

4. Recently, the Special Master contacted the National Oceanic and Atmospheric Administration Fisheries ("NOAA") regarding access to records maintained as part of its Individual Fishing Quota program ("IFQ"). NOAA describes one of its IFQ programs as follows:

> The Grouper-Tilefish individual fishing quota (GT-IFQ) program is a multi-species program with five share categories: gag (GG), red grouper (RG), other shallow-water groupers (SWG), deep-water groupers (DWG), and tilefishes (TF) . . . . Each share category has distinct shares and associated allocations. Shares are a percentage of the commercial quota, while allocation refers to the poundage that is possessed, landed, or sold during a given calendar year. At the beginning of each year, allocation is distributed based on the annual quota and the share percentages held by a GT-IFQ shareholder account. Allocation can then be used to harvest GT-IFQ species or sold to another valid shareholder account. . . .[1]

5. Access to certain IFQ records kept by NOAA would be of assistance in the claims review process because the Settlement Agreement requires proof of ownership for IFQ quota holders under the Finfish Compensation Plan. *See* Settlement Agreement at Exhibit 10, Finfish Compensation Plan ("The Finfish Quota Allocation Method provides a fixed compensation amount to Claimants that meet certain requirements and are Individual Fishing Quota ("IFQ") shareholders. . . . [T]he Claimant must provide . . . [p]roof of ownership as of April 20, 2010 of the Individual Fishing Quota share for all species

---

[1] National Marine Fisheries Service, Southeast Regional Office, Gulf of Mexico 2012 Grouper-Tilefish Individual Fishing Quota Annual Report 6 (2013), *available at* http://sero.nmfs.noaa.gov/sustainable_fisheries/ifq/documents/pdfs/annual_reports/2012_gt_annualreport.pdf.

identified by IFQs, including Red Snapper, Gag Group[er][,] Red Group[er], Deep Water Grouper[,] Shallow Water Group[er] and Tilefish.").

6. Counsel for the NOAA informed the Special Master that pursuant to 15 C.F.R. § 15, which regulates the production of documents in a legal proceeding by U.S. Department of Commerce bureaus such as NOAA, all IFQ data is confidential and is not subject to disclosure pursuant to a subpoena. NOAA will, however, release IFQ data to a third-party pursuant to a court order.

7. Therefore, to assist the Special Master and the Claims Administrator, the Special Master respectfully requests this Court grant the Motion requiring NOAA to produce the relevant IFQ data to enhance the efficiency and effectiveness of the examination and investigation of suspicious claims filed with the CSSP. Counsel for NOAA does not oppose this Motion.

8. The data also will be shared with the Claims Administrator for analysis of CSSP claims where the data may be of relevance.

                       Respectfully submitted,

                       /s/ Louis J. Freeh
                       Louis J. Freeh
                       Special Master

Dated: May 28, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, as well as by e-mail upon the following, this   28th   day of      May     , 2014:

| | |
|---|---|
| E.V.E. Joy | Sarah D. Himmelhoch |
| Managing Attorney | Senior Litigation Counsel for E-Discovery |
| NOAA Office of General Counsel | Environment & Natural Resources Division |
| Southeast Section | U.S. Department of Justice |
| 263 13th Avenue, South | P.O. Box 7611 |
| St. Petersburg, FL 33701 | Washington, DC 20044-7611 |

   /s/Louis J. Freeh   
Louis J. Freeh