UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>    "Deepwater Horizon" in the Gulf<br>    of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: 10-4536 | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding BPXP's Motion to Compel discovery from U.S. (Rec. doc. 12859)]**

BPXP's motion to compel sought an order requiring the U.S. to: (1) supplement its responses to interrogatories and requests for production; (2) produce fact witnesses; and (3) designate and produce corporate representatives for Rule 30(b)(6) topics. Rec. doc. 12859 at 2. The order for the May 15 conference resolved the issue of the production of fact witnesses for depositions. Rec. doc. 12892. A separate order will be prepared on the Rule 30(b)(6) topics.

This order is subject to the results of the parties' meet-and-confer process and any undertaking made by the U.S. and BPXP in the memoranda submitted on the motion.

Pursuant to Fed. R. Civ. P. 26(e), the parties have a duty to supplement.

By **Monday, June 2, 2014**, the parties shall propose deadlines for the responses required in this order.

**Interrogatory Nos. 6, 7, 8 and 12.**

Subject to the duty to supplement and to the extent otherwise provided by the Federal Rules of Civil Procedure, the U.S. is bound and limited by its responses to Interrogatory Nos. 6, 7, 8 and 12. It is not required to provide further responses to these interrogatories.

**Interrogatory No. 2**.

Where the seriousness factor is at issue, the U.S. is only required to provide BPXP with data. Rec. doc. 12592 at 81-85. In response to Interrogatory No. 2, the U.S. referred BPXP to publicly available data. Rec. doc. 12903 (Exhibit 3 at 56). Assuming the U.S. contends that the spill accelerated shoreline erosion rates, its presentation of data will be limited to the publicly available information identified in response to Interrogatory No. 2 and any information produced by BPXP. The U.S. is not required to make a further response to Interrogatory No. 2.

**Interrogatory No. 10**.

The U.S. shall identify the total amount of Oil-Related Materials that it contends as of May 1, 2014 were contained, collected, dispersed, burned, and cleaned up as a result of the Response Activities, as well as the amount of Oil-Related Materials that were removed through natural processes, including the portions of the total volume attributable to each process (for example, through the use of skimming, boom, dispersants, *in situ* burning, shoreline cleanup, and natural processes). The U.S. shall identify the persons (other than persons who will submit expert reports) most knowledgeable about these contentions.

**Interrogatory No. 11**.

The U.S. shall state whether it contends that the use of Corexit 9500 and/or Corexit 9527 during the Response was ineffective or had any counterproductive or harmful effects on the environment or human health. If it does make this contention, it shall identify the persons (other than persons who will submit expert reports) most knowledgeable about the alleged ineffectiveness or counterproductive or harmful effects of Corexit 9500 and/or Corexit 9527.

2

**RFP Nos. 6 and 13.**

The U.S. shall provide BPXP with reasonable access to the Cassini server (or from any other source to which BPXP does not have access). The time period for this access shall be short. The parties shall meet-and-confer on the provisions for the access and report to the Court by **Thursday, June 5, 2014**.

**RFP No. 3**.

With respect to the custodians Ms. Schroeder, Ms. Schwacke and Dr. Terri Rowles, the U.S. shall produce the documents responsive to this request from their custodial files for the period April 20, 2010 to December 31, 2012.

**RFP No. 4**.

The U.S. is not required to make a further response.

**RFP No. 11**.

The U.S. shall conduct a search for documents created between April 20, 2010 and December 31, 2013 in the following: (1) the Coast Guard Archive; (2) NOAA custodian Bill Lehr; (3) USGS custodian Sky Bristol; and (4) NIST custodian Antonio Possolo. The same search string shall be employed in each location. The parties shall meet-and-confer to reach agreement on the search string. If they are unable to do so, they shall submit letters with the proposed search string and a brief comment in support (not to exceed 2 pages double spaced). This shall be done as promptly as possible. The focus of the search string will be on documents relating to the amount of Oil-Related Materials that was cleaned up in connection with any natural processes.

The deadline for appeal of the order is **Wednesday, June 4, 2014**.

New Orleans, Louisiana, this 29th day of May, 2014.

                                              **SALLY SHUSHAN**
                                              **United States Magistrate Judge**