# Exhibit C



U.S. Department of Justice

Environment and Natural Resource Division

*P.O. Box 761*
*Washington, DC 20044*
*202-514-0180*
*Sarah.Himmelhoch@usdoj.gov*

May 14, 2014

**BY ELECTRONIC MAIL**

Hariklia Karis
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
hkaris@kirkland.com

      Re:    <u>MDL 2179: Custodial Productions for Fact Witness in the Penalty Phase</u>

Dear Ms. Karis:

      I write in response to your letter of May 13, 2014 regarding custodial file productions for fact witnesses in the Penalty Phase. The United States sees no reason to deviate from the practices in Phase 1 and 2 that required a custodial file production for any fact witness who was deposed and required that all witnesses called at trial be subject to deposition.

      Setting aside our objections to the depositions of Drs. Haddad and Michel, Administrator Lubchenco, and Rear Admirals Poulin and Zukunft, by which we still stand, let me be clear about the status of the custodial productions for the United States' employees identified by BP as subject to deposition. Mr. Langan identified the following witnesses that it wishes to depose in this phase:

              Dr. Robert Haddad
              Dr. Carl Childs
              Captain Julia Hein
              Dr. John Howard
              Dr. Jane Lubchenco
              Dr. Jacqueline Michel
              Rear Admiral Steve Poulin
              Captain Duke Walker
              Rear Admiral Paul Zukunft

In addition, the United States has identified three U.S. employees as "may call" witnesses that BP is free to depose during the fact discovery portion of this Phase:

> Lieutenant Frank Kulesa
> Captain Roger Laferriere
> Rear Admiral Meredith Austin.

You must note that several of these custodians' files have been searched and the responsive documents produced in Phase 1 and 2:

> Dr. Robert Haddad (*see* Doc. No. 3928-4, Page 8)
> Dr. Carl Childs (*see* Doc. No. 3928-4, Page 4)
> Administrator Jane Lubchenco (*see* Doc. No. 3928-4, Page 12)
> Dr. Jacqueline Michel (*see* Doc. No. 3928-4, Page 13)

Further, the identified Coast Guard custodians' files were subjected to searches in Phase 1 and Phase 2. For instance, the United States has produced over 20,155 documents from the custodial file of Rear Admiral Zukunft. Accordingly, well before the penalty phase began, BP already had access to a substantial portion of the custodial files of many of the identified witnesses.

Moreover, in the interest of resolving this issue the United States is willing to:

a. produce the custodial file of Dr. John Howard as previously agreed
b. update the custodial files of Captain Julia Hein, Rear Admiral Steve Poulin, Captain Duke Walker, Rear Admiral Paul Zukunft, Lieutenant Frank Kulesa, Captain Roger Laferriere, and Rear Admiral Meredith Austin no fewer than ten days before their scheduled depositions.
c. update the custodial file production for Drs. Childs and Michel using the Phase 3 search terms identified in Exhibit 1 to this letter through December 31, 2012 no fewer than ten days before their scheduled depositions.[1]

Accordingly, the only limitation that the United States seeks to put on the custodial file production for this Penalty Phase is to avoid updating the custodial files of Dr. Haddad and Administrator Lubchenco for the period after January 31, 2011. This limitation is entirely reasonable given the facts that (1) after this date both individuals were almost exclusively involved in the Natural Resources Damage Assessment, an area that Judge Barbier has placed off limits for discovery in this Phase and (2) as demonstrated in its letter to Judge Shushan, these witnesses are not appropriate deponents at this time.

By contrast, pleading the pressure of time, BP is refusing to perform any custodial production for its identified "may call" witnesses. BP asserts that the sheer number of BP witnesses makes custodial file production unfair to BP. Of course, the number of BP employees beyond the seven requested by the United States is entirely within BP's control. BP has

---

[1] Note, that in the interest of resolving not only BP's Topic 2.b. of its Rule 30(b)(6) deposition, but also the custodial file issue, we are extending the time period to be search for Dr. Michel's custodial file to December 31, 2013.

identified a large number of individuals that it may rely upon at trial. The United States is entitled to the deposition of those individuals and, in accordance with the practice of this case, the custodial file production for those individuals. If BP wishes to reduce the number of custodial file productions, it can make the hard choices that the United States has already done and decide on a reasonable number of fact witnesses.

       Moreover, BP overlooks the fundamental purpose of a custodial production – allowing the opposing party a fair opportunity to examine the witness on matters within his or her knowledge and about which he or she may testify at trial. Without custodial file productions, the United States will be left in the dark as to what topics might be the subject of any particular witness's testimony at trial.

       For these reasons, we request that you reconsider your refusal to provide custodial file production for BP's "may call" witnesses and the seven deponents the United States has requested. If BP is not willing to do so, please advise before noon central time on Thursday so that we can promptly raise the issue with Judge Shushan.

       Sincerely,

       /s/ Sarah D. Himmelhoch

       Sarah D. Himmelhoch
       Senior Litigation Counsel

cc:    Tom Lotterman, Esq.
       Ky Kirby, Esq.
       Andy Langan, Esq.
       Mike Brock, Esq.
       Steve O'Rourke, Esq.
       Abigail André, Esq.

UNITED STATES' PHASE 3 SEARCH TERMS
FOR CUSTODIAL FILES OF DRS. CHILD AND MICHEL
Date Range April 20, 2010 – December 31, 2013

**Search Terms 1** = (great* OR more OR increas* OR high* OR large*) w/5 ((human OR people OR observ* OR volunteer* OR boat* OR vessel* OR responder* OR call*) w/15 (turtle* or dolphin* OR "marine mammal*" OR "Kemp's ridley" OR loggherhead* OR whale* OR cetacean* OR strand* OR carcass*))

**Search Terms 2 =** (greater OR increas* OR high* OR more OR large* OR heightened) w/5 ((aware* OR sight* OR observ* OR find* OR document* OR report* OR record* OR attention OR recogn* OR detect*) w/15 (turtle* OR dolphin* OR "marine mammal*" OR "Kemp's ridley" OR kemp* OR loggherhead* OR whale* OR cetacean* OR "trand" OR carcass*))

**Search Terms 3 =** Wildlife w/5 reconnaissance

**Search Terms 4 =** (observ* OR searcher*) w/5 bias

**Search Terms 5** = ((search OR survey) w/5 effort)

ADDITIONAL SEARCH TERM FOR DR. MICHEL
Date Range April 20, 2010 – December 31, 2013

**Search Terms 6** = ((BP OR RP) W/10 (effective* OR efficient* OR prompt* OR quick* OR competent OR commend* OR excellent OR great OR "well done" OR nice*))

NOTE:  BP also requested the following search string for Dr. Michel:

Custodian Jacqui Michel: (("MC252" OR "oil*" OR "tar*") AND ("effect*" OR "impact*" OR "injur*" OR "recover*" OR "health*" OR "damag*" OR "clean*" OR "remov*" OR "monitor*" OR "treat*" OR "survey*" OR "set-aside*" OR "STR") AND ("shore" OR "intratidal" OR "nearshore" OR "intertidal" OR "beach*" OR "marsh*"OR "wetland*" OR "Barataria" OR "Middle Ground" OR "Middleground" OR "Jimmy"))

This string is not being included because it is more likely to recover NRDA analysis than response documents because of many of the search terms, such as "damage*" and "recover*" and "injur*"