UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "*Deepwater* | : | MDL No. 2179 |
| *Horizon*" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: 10-4536 | : | Honorable CARL J. BARBIER |
| …………………………………………………... | : | Magistrate Judge SHUSHAN |

## CLEAN WATER ACT – PENALTY PHASE:

## MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO COMPEL PRODUCTION OF THE INJURY AND ILLNESS DATABASE

The United States moves for an Order compelling BP to produce its "Injury and Illness Database," which appears to be a single Excel spreadsheet. The information contained in the Injury and Illness database is relevant to the seriousness of the violation, the United States' request for the database is not overbroad or unduly burdensome, and mechanisms are in place to address any concerns related to the confidentiality of personal information contained in the database.  Accordingly, the United States respectfully moves the Court to compel BP to produce the Injury and Illness Database.

**Background**

BP maintained databases of information regarding the human health impacts of the spill, including the "Medical Encounters Database" and the "Injury and Illness Database." *See* Memorandum in Support of Joint Motion for an Order Directing and Permitting Disclosure to the Claims Administrator for the Medical Benefits Class Action Settlement, Rec. Doc. 6500-1 (May 9, 2012).  The United States requested both of these databases. *See* United States' First Set of Discovery Requests to Defendants BP Exploration & Production Inc. and Anadarko Petroleum Corporation in the Penalty Phase, Rec. Doc. 12858-4, at Request for Production 19(3) (Apr. 18,

2014).  After meeting and conferring in person and by telephone, BP agreed to produce the Medical Encounters Database (redacted to remove confidential information), but has repeatedly refused to produce the Injury and Illness Database (which consists of one Excel spreadsheet).

**The Information Sought is Relevant to the Seriousness of the Violation**

BP has stated that an analysis of the seriousness factor requires an assessment of "<u>*The Extent To Which*</u> The Spill Harmed … Human Health."  BP Exploration & Production Inc.'s Memorandum in Opposition to the Motion of the United States to Limit Evidence About the "Seriousness" Factor, Rec. Doc. 12463 at 5 (Mar. 6, 2014) (emphasis in original).[1]  Information contained in the Injury and Illness Database is clearly relevant to such an assessment, as the database:

> contains information regarding occupational illnesses and injuries reported by those performing Response Activities, which was recorded in incident reports completed by safety officers working in the field. The entries in this database, which is in the format of an Excel spreadsheet, summarize the incident reports and include, where available, an individual's name, date of birth, incident location, incident date, and a narrative field, among other information. BP also has access to the back-up paper copies and pdf files of materials underlying the entries in this database.

Rec. Doc. 6500-1 at 4-5.  In meet and confer discussions, BP has argued that the United States should be satisfied with the production of the Medical Encounters Database, noting that there is overlap in the information contained in the two databases and that the Medical Encounters Database includes some information that the Injury and Illness Database does not.  However, in

---

[1] The United States argued that there was sufficient evidence in the record to establish that the Macondo Oil Spill was extremely serious, and pursuant to Rule 403 of the Federal Rules of Evidence, the United States moved the Court to limit evidence, and thus discovery, on the seriousness factor.  *See* Motion of the United States to Limit Evidence About the "Seriousness" Factor, Rec. Doc. 12373 (Feb. 20, 2014); Reply Memorandum in Support of Motion of the United States to Limit Evidence About the Seriousness" Factor, Rec. Doc 12511 (Mar. 13, 2014).  BP opposed the United States' Motion, Rec. Doc. 12463, and the Court allowed additional evidence, and discovery, on the seriousness factor.  Minute Entry Re: Status Conference and Motion Hearing (Re: Penalty Phase), Rec. Doc. 12592, at 1 (Mar. 21, 2014).  Accordingly, the United States is now seeking such discovery relevant to the seriousness factor.

these discussions, BP also acknowledged that the Injury and Illness Database contains some information that the Medical Encounters Database does not (and also noted that it had not made attempts to verify that information that *should* be in both databases actually *is* in both databases). Regardless of what overlap there may be between the databases, the potential for partial duplication it is not a valid reason for BP to withhold the Injury and Illness Database.[2]  Notably, BP provided both databases to the Claims Administrator for the Medical Benefits Class Action Settlement.[3]

### The United States' Request is not Overbroad or Unduly Burdensome and BP's Privacy Concerns are Misplaced

There is no burden associated with producing the Injury and Illness Database. The United States has withdrawn its request for the underlying information from which the Injury and Illness Database was created and seeks only what BP has itself described as being "in the format of *an* Excel spreadsheet." Rec. Doc. 6500-1 at 6 (emphasis added). Moreover, as noted above, BP has already produced this database to the Claims Administrator for the Medical Benefits Settlement.

In meet and confer discussions, BP has argued that it would be burdensome to redact personal confidential information from the database. However, when BP produced the Medical

---

[2] In meet and confer discussions, BP has argued that the information that is unique to the Injury and Illness Database (i.e., information that is not also included in the Medical Encounters Database) is not relevant, because it relates to occupational incidents in which injuries occurred or could have occurred that are not the result of exposure to oil and/or dispersants (e.g., an incident in which a piece of response-related equipment fell and caused to injuries or could have caused to injuries). BP is wrong. Information about non-exposure injuries and potential injuries is reasonably calculated to lead to admissible evidence relevant to the assessment of the impact of the spill on human health. In any event, if BP wants to argue that non-exposure injuries are not relevant, it may do so when the United States seeks to present such evidence.

[3] *See* Deepwater Horizon Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012, Rec. Doc. 6427-1, at Section XX.B (May 3, 2012); Joint Motion for an Order Directing and Permitting Disclosure of Data to the Claims Administrator For the Medical Benefits Class Action Settlement, Rec. Doc 6500 (May 9, 2012); Order Directing and Permitting Disclosure of Data to the Claims Administrator For the Medical Benefits Class Action Settlement, Rec. Doc 6505 (May 10, 2012).

Encounters Database to the United States (a database also in the format of an Excel spreadsheet), redacted to remove confidential information, BP simply produced a version of the spreadsheet with all information deleted from the following columns: "Worker ID," "First Name," "Last Name," "DOB," "Sex," "Race," and "Hispanic/Latino Ethnicity."  The United States does not believe that deleting a handful of columns from a spreadsheet is a task that is unduly burdensome.  Further, in the event that there is a reason it would be burdensome to redact confidential information from the Injury and Illness Database, PTO 13 is in place to allow for the production of confidential information in discovery *without* the need for redaction, and if BP is not satisfied that PTO 13 adequately protects the type of confidential information contained in the database, the parties could seek a court order requiring production of the database, as was done in the context of the Medical Class Action Settlement.

Moreover, in a further attempt to address BP's confidentiality concerns, following several meet and confer sessions, the United States pointed BP to a BP PowerPoint Presentation posted on the OSHA website (http://www.osha.gov/oilspills/DeepwaterData.pdf) that summarized the information in the Injury and Illness Database through July 12, 2010, without including any personal confidential information.  *See* Exhibit 1 at 1-2 (May 27, 2014 Email from E. Pencak to K. DeSantis, Re: Penalty Phase: human health discovery issues).  The United States stated that if BP would update the document to include a summary of the information in the Injury and Illness Database through the end of the response, the United States would withdraw its request for the Injury and Illness Database.  *Id.*  BP declined.  *See* Exhibit 1 at 1 (May 28, 2014 Email from K. DeSantis to E. Pencak, Re: Penalty Phase: human health discovery issues).

4

For the reasons set forth above, the United States requests that the Court order BP to produce the Injury and Illness Database to the United States, marked confidential pursuant to PTO 13, or redacted to remove confidential information.

                            Respectfully Submitted,

| | |
|---|---|
| PETER FROST | SAM HIRSCH |
| Director, Torts Branch, Civil Division | Acting Assistant Attorney General |
| Admiralty and Aviation | Environment & Natural Resources Division |
| SHARON SHUTLER | SARAH HIMMELHOCH |
| MALINDA LAWRENCE | MICHAEL MCNULTY |
| LAURA MAYBERRY | Senior Litigation Counsel |
| Trial Attorneys | NANCY FLICKINGER |
| | Senior Attorney |
| | RICHARD GLADSTEIN |
| R. MICHAEL UNDERHILL, T.A. | PATRICK CASEY |
| Attorney in Charge, West Coast Office | Senior Counsel |
| | A. NATHANIEL CHAKERES |
| | JUDY HARVEY |
| | RACHEL KING |
| | ERICA PENCAK |
| | ABIGAIL ANDRE |
| | RACHEL HANKEY |
| | BRANDON ROBERS |
| | Trial Attorneys |

                            /s/ Steven O'Rourke
                            STEVEN O'ROURKE
                            Senior Attorney
                            Environmental Enforcement Section
                            U.S. Department of Justice
                            P.O. Box 7611
                            Washington, D.C. 20044
                            Telephone: 202-514-2779
                            Facsimile: 202-514-2583
                            E-mail: steve.o'rourke@usdoj.gov

        KENNETH A. POLITE, JR.
United States Attorney
Eastern District of Louisiana

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3000
Facsimile: (504) 680-3184
E-mail: sharon.d.smith@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date:  May 30, 2014.                    /s/  Steven O'Rourke
                                                            U.S. Department of Justice