UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In re: | Oil Spill by the Oil Rig | * | MDL No. 2179 |
| | "*Deepwater Horizon*" in the Gulf of | * | |
| | Mexico, on April 20, 2010 | * | SECTION:  J |
| | | * | |
| **Applies to:**  *U.S. v. BP Exploration & Prod. Co.,* | | * | JUDGE BARBIER |
| **No. 2:10-cv-04536.** | | * | MAGISTRATE JUDGE SHUSHAN |

ANADARKO PETROLEUM CORPORATION'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO COMPEL THE UNITED STATES TO
ANSWER APC'S ONLY REQUEST FOR ADMISSION

I.     Introduction

Anadarko Petroleum Corporation ("APC") has served very limited and targeted discovery requests on the United States in this Clean Water Act phase, including only one request for admission.  Unfortunately, that request, which seeks information about the United States' imposition of penalties against non-operating lessees in the oil and gas industry, is the subject of this motion.

The United States has refused to provide a substantive answer, quibbling instead with the use of the term "non-operating lessee."  According to the United States, the fact that its databases do not use that specific term excuses it from answering the request.  But the United States cannot avoid its obligation to answer a relevant discovery request merely because it does not like APC's choice of words.  Fed R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").  And it is far from burdensome for the United States to examine a limited number of enforcement actions to see if it has assessed penalties against anyone other than a designated operator.

## II. APC's Request and the United States' Answer

APC's RFA No. 1 asks the United States to "[a]dmit that the Minerals Management Service (now Bureau of Safety and Environmental Enforcement) has not imposed any penalties, under the Outer Continental Shelf Lands Act, against any non-culpable non-operating lessees on the Outer Continental Shelf for violations by the designated operators of offshore oil drilling regulations." This request is relevant to APC's contentions under the "any other matters as justice may require" penalty factor, as outlined in earlier submissions to the Court.

Refusing to admit or deny APC's request, the United States asserts that it does not explicitly flag or otherwise identify violators as "non-operating investors" in its tracking systems. U.S. 1st Supp. Resp. 91-92 [Rec. Doc. 12903-3].[1] It concludes that requiring it to determine whether it has imposed penalties on non-operating lessees would be unreasonable. *Id.*

## III. Argument

As an initial matter, the term "non-operating investor" is nowhere to be found in APC's RFA, which uses the term "non-operating lessee." Moreover, both "non-operating investor" and "NOI" are defined as "any person or entity that holds an ownership interest in a lease or facility related to offshore gas or oil exploration, drilling or production operations but is not the designated operator for purposes of activities under that lease or on that facility." Defs.' Disc. Reqs. 13. Thus, the terms are clearly defined, and the United States raised no objection to the definition.

APC's RFA asks a very simple question: has the United States ever imposed a penalty against a non-operating offshore oil and gas lessee. The request is made even more specific by several qualifiers, namely "under the Outer Continental Shelf Lands Act," "on the Outer

---

[1] In its Response, the United States refers to APC's RFA as Request for Admission No. 16, apparently because BP served 15 requests.

Continental Shelf," and "for violations … of offshore oil drilling regulations." During a telephone call on May 29, 2014, counsel for APC repeated its offer to limit the time period to 2007-2013. Thus, the United States needs only to determine, from its own records, whether it has imposed a penalty on a narrow category of oil and gas lessees in the last seven years.

The United States protests that determining what penalties it has imposed in the past is "a manifestly unreasonable inquiry." U.S. 1st Supp. Resp. 92. But the task is not that difficult. To begin with, the United States needs to examine only those cases in which a penalty was (i) actually imposed, (ii) under the Outer Continental Shelf Lands Act, (iii) for violations of offshore oil drilling regulations. BSEE's civil penalties and appeals webpage indicates that there are roughly 20 to 45 civil penalties paid each year. *See* BSEE, *Civil Penalties and Appeals*, http://www.bsee.gov/Inspection-and-Enforcement/Civil-Penalties-and-Appeals/Civil-Penalties-and-Appeals/ (last visited May 29, 2014). Moreover, while the United States suggests that it would need to "investigate the case file" for any penalty imposed, it does not require much to determine whether the recipient of a penalty is a designated operator or otherwise.

This Court has concluded that discovery requests involving inquiries far more extensive than the one sought by APC are not unduly burdensome. *See, e.g.*, *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. CIV. A. 07-01201, 2008 WL 2522087, at *5 (E.D. La. June 20, 2008) (finding that it was not an undue burden to require a responding party to retain a forensic computer specialist to search its servers for electronically stored information). Indeed, the United States has databases that (i) track designated operators and incidents reported on the Outer Continental Shelf and (ii) report penalties imposed.[2] *See* BSEE, *Civil Penalties and Appeals*, *supra*; BOEM, *Leasing*

---

[2] Although not directly responsive to APC's request here, the United States has offered to provide information regarding penalties imposed for oil spills in the Gulf. *See* U.S. 1st Supp. Resp. 27-30. Similarly, it cannot be unduly burdensome here for the United States to determine

*Information*, http://www.data.boem.gov/homepg/data_center/leasing/leasing.asp (last visited May 29, 2012).[3]  It cannot be unduly burdensome for the United States to review those cases to determine whether the target of the penalty was the designated operator or someone else.[4]

## IV. Conclusion

For the foregoing reasons, APC respectfully requests that its motion to compel be granted and the United States be required to admit or deny within 20 business days APC's RFA No. 1, or the request is deemed admitted.

---

whether it has sought or imposed penalties on lessees that were not the designated operator for a particular well.

[3]   The Department of the Interior also maintains the TIMS database, which is not publicly available, but based on production in Phase 1 appears to include a large amount of leasing and environmental information and likely contains information responsive to this request.

[4]   The United States' objections to APC's RFA are equally meritless.  The United States claims that the request is irrelevant because it entails is a fact-specific inquiry and because APC is seeking to create a category of violators not recognized by OCSLA.  Those objections, however, relate to the appropriate <u>weight</u> that a court should give to these issues, not their relevance.  APC has specifically identified these issues in its submissions to the Court under the "other matters as justice may require" factor, and any arguments regarding the weight of the information are not grounds to refuse to respond to a very limited discovery request.  It is the United States that is taking the unusual step of seeking to have this Court impose a penalty on a party already found not culpable, and thus it is more than probative to see if such a penalty has been imposed in the past.

Dated:  May 30, 2014				Respectfully submitted,

\_\_\_\_*Ky E. Kirby*_____
Ky E. Kirby
Ky.Kirby@bingham.com
Thomas R. Lotterman
Thomas.Lotterman@bingham.com
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
Jim.Dragna@bingham.com
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Deborah D. Kuchler, (La. Bar No. 17013)
Janika Polk (La. Bar No. 27608)
Robert Guidry (La. Bar No. 28064)
KUCHLER POLK SCHELL
WEINER & RICHESON, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA  70112

**ATTORNEYS FOR ANADARKO PETROLEUM CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Anadarko Petroleum Corporation's Memorandum in Support of its Motion to Compel the United States to Answer APC's Only Request for Admission has been served on all counsel via Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 30th day of May, 2014.

*/s/ Ky E. Kirby*