IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179 <br><br> SECTION J |
| This document relates to <br> Civil Action No. 12-970 | * * * * * * * | HONORABLE CARL J. BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |

## DECLARATION OF SCOT SHERICK IN COMPLIANCE WITH MAY 23, 2014 ORDER (REC. DOC. 12931)

1. My name is Scot Sherick. I am the Director of Business Process for the Deepwater Horizon Court Supervised Settlement Program ("CSSP"). I am over the age of 18 and, if called, competent to testify to the facts set forth herein.

2. In connection with my position at the CSSP, I am familiar with the business processes, procedures, and capabilities of the CSSP and make the following statements based on personal knowledge of such processes, procedures, and capabilities and based on information available to me in my capacity with the CSSP.

3. This declaration is submitted by me at the request of the Claims Administrator, Patrick A. Juneau, in compliance with this Court's May 23, 2014 Order, to address issues raised by BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP") and particularly, in response to recitations made in the April 22, 2014 declaration of Daniel A. Cantor (the "Declaration"), as to whether the Program currently performs the functions itemized in the Declaration. The Declaration was

1

filed (under seal) as an exhibit to BP's memorandum in support of its motion to "clarify or amend" (the "Memorandum") the Court's March 25, 2014 Order [Rec. Doc. 12591].

4. Specifically, I have been asked to provide the Court with an explanation of the steps and processes available to and taken by the CSSP in connection with concerns raised by BP with regard to the claim frameworks referenced within the Declaration.

5. In connection with the "Coastal Real Property Framework", the Declaration raises the concern of double payment based on the filing of claims by multiple claimants for ownership of the same property. The CSSP addresses this concern as follows: The CSSP has the existing systematic controls, claim review processes, and quality assurance ("QA") reviews currently in place to guard against the concerns BP raises in the Memorandum and the Declaration. In the normal course of a review of a Coastal Real Property Framework claim, the CSSP confirms that, based on the required Deed(s) and Property Tax Assessment(s) mandated by Exhibit 11A to the Settlement Agreement, the claimant is indeed the legal owner of the property, and that each parcel: (1) is located within the Coastal Real Property Claim Zone, (2) has an appropriate County Land Use Designation as defined in Appendix C to Exhibit 11A to the Settlement Agreement, and (3) has a 2010 County Appraised Value.

6. In connection with the "IEL Framework", the Declaration addresses the interrelationship between an IEL claim and the BEL claim of the claimant's employer when the IEL claimant is not entitled to a causation presumption, and the purported necessity of evaluating the causation results and information contained within the claim file of the claimant's employer in addition to that within the IEL claimant's claim file itself. BP also expressed concern with regard to the potential for double payment where an IEL award is issued to an owner or officer of a business when the business has filed a BEL claim of its own. The CSSP addresses this concern as follows: The CSSP has systematic controls, claim review processes, and QA reviews currently in place to guard against the concerns BP raises in the Memorandum and the

Declaration. To identify potential double payments to an IEL claimant who is an owner or officer of a business with a BEL claim, the CSSP built systematic and metric-based IEL-BEL cross-checks into the claims review process. The CSSP reviews the IEL claimant's file for the presence of certain tax documents that indicate an ownership interest or officer position in a company. When an IEL claim is identified by one of these methods, a special team reviews the IEL claim in conjunction with the BEL claim to determine if a double payment issue exists. If a double payment issue is determined to exist, the CSSP adheres to the provisions of Policy 363.

7. In connection with the "BEL Framework", the Declaration raises concerns about the possible treatment as "revenue" of "intercompany sales" and "related party transactions that are not arm's length transactions". The CSSP addresses this concern as follows: If the CSSP determines that revenue received by a BEL claimant was the result of an intercompany sales transaction (which would normally be reflected in the financial statements submitted), the CSSP will typically eliminate such sales as "revenue". If the CSSP discovers that such sales were the result of a related party or other non-arm's length transaction, the CSSP accountants' professional judgment will guide the process in assessing the transaction and in determining whether the sales should be considered "revenue". The accountants may conduct claimant outreach to obtain additional information. The process conducted would be reflected in the accountants' workbook for such a claimant, which would become available to the Parties after a final determination notice had been issued.

8. In connection with the "Seafood Compensation Program", the Declaration raises concerns about payment to multiple claimants asserting ownership of oyster leasehold interests when the claims of "true owners" had not yet been determined. The CSSP addresses this concern as follows: The CSSP has systematic controls, claim review processes, and QA reviews currently in place to guard against the concerns BP raises in the Memorandum and the Declaration. In order for a claimant to prove that he or she is the owner of an entire or partial lease, he or she must provide the CSSP with documentation

consistent with Exhibit 10 to the Settlement Agreement: Generally Applicable Provisions of the Oyster Compensation Plan, Paragraphs 6A and 6B. The CSSP validates these documents by cross-referencing the claimant's identity and address against the information presented in the supporting documentation and by performing a systematic Results Search both internally and with the information available on the LDWF Oyster Lease Survey Section website including current ownership and historical payment receipts to cross check joint-ownership claimed on jointly held leases.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 2nd day of June, 2014.

_/s/ Scot Sherick_

Scot Sherick