UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig          "Deepwater Horizon" in the Gulf          of Mexico, on April 20, 2010 | MDL NO. 2179  SECTION J |
| Applies to:    13-706, 13-810, 13-1143,                   13-1185, 13-1222, 13-1386, 13-2006 | JUDGE BARBIER  MAGISTRATE JUDGE SHUSHAN |

### AGREED UPON SCHEDULING ORDER FOR OPA TEST CASE TRIALS

BP and the Plaintiff's Steering Committee ("PSC") having negotiated the conditions for participation in the Oil Pollution Act (OPA) test case trials and the schedule for preparation of the cases for trial, the Court adopts the following:

### Conditions for Participation

1. The plaintiffs shall dismiss all claims with prejudice against any non-BP party arising from or related in any way to the *Deepwater Horizon* incident.

2. The Test Case Plaintiffs stipulate and agree that they will forebear the collection of any damages that are not available under OPA, and will, in connection with the entry of the final judgment on any test case, voluntarily dismiss any remaining general maritime or state law claims in that case.[1]

3. BP and plaintiffs agree with respect to the test case trials that each party will bear its own costs regardless of outcome.

4. BP and the plaintiffs shall agree that the OPA test cases shall be bench trials before Judge Barbier and no party shall assert the right to a jury trial.

---

[1] It shall be stipulated that general maritime claims shall not be pursued by the test case plaintiffs, but such Condition or stipulation shall not be deemed to divest the Court of its admiralty jurisdiction.

5. If a plaintiff determines to drop out of the OPA test case procedure, it shall be required to dismiss all DWH related claims with prejudice unless the Court determines that there is reasonable cause shown by the plaintiff for withdrawing as a test case.

6. BP reserves all rights to challenge plaintiffs' claims to the extent that the plaintiff files any amended complaint materially changing their current claim as set forth by said plaintiff(s) in the claims process.

7. BP does not waive any rights or objections to presentment issues, including those objections stated in the "BP Proposed Scheduling Order for Moratoria Test Cases" sent to the Court and the Plaintiff's Steering Committee on January 17, 2013, but as set forth in the proposed schedule below, BP will attempt to work with the plaintiffs to reach agreement on any presentment issues, where possible.

8. These Test Cases shall be coordinated, managed and presented by the Plaintiffs' Steering Committee in accordance with Pre-Trial Order No. 8.

9. To the extent a Party believes that materials from Phase One and/or Phase Two are relevant to the OPA test case matters, a date has been set forth for disclosures and objections to the same below.

10. All test cases are subject to common benefit 6% holdback in favor of the PSC.  See January 4, 2012 Order regarding the establishment of a court supervised escrow account.

**Scheduling[2]**

| Date | # Days | Event |
|---|---|---|
| 6/5/2014 |  | Confirmed conditions and file amended complaints |
| 6/16/2014 | 14 | BP shall specifically identify any claimed deficiencies in OPA presentment(s), if any[3] |

---

[2]  Dates are for illustrative purposes only. Substantively the schedule is defined as number of days between events.  All dates apply collectively to each individual OPA test case, unless otherwise specified.

2

| | | |
|---|---|---|
| 6/23/2014 | 7 | BP shall answer the original/amended complaints and file any Rule 12 motions.  The filing of any Rule 12 motions will not delay the filing of the answers |
| 6/30/2014 | 7 | Plaintiff/BP Initial Disclosures in accordance with F.R.C.P. 26(a)(1). |
| 7/14/2014 | 14 | Written Discovery Served |
| 7/14/2014 | 0 | Parties to make good faith disclosure of evidence (other than stipulations) from Phase One or Phase Two proceedings that they believe is relevant and wish to include in the record for the OPA test case matters. The Court will apply a good cause requirement for any supplementation after this date. |
| 8/18/2014 | 35 | Written discovery responses due |
| 8/18/2014 | 0 | Objections to Phase One or Phase Two disclosures from July 14, 2014 |
| 8/22/2014 | 4 | Motions to compel discovery of written responses |
| 8/29/2014 | 7 | Oppositions to motions to compel discovery filed on August 22, 2014 |
| 9/2/2014 | 4 | Reply briefs in support of motions to compel discovery filed on August 22, 2014 |
| 9/8/2014 | 6 | Start of fact deposition period: 50 witnesses/side (aggregate for all 7 cases), 6 hour/depo |
| 11/21/2014 | 74 | End of fact deposition period |

---

[3] The parties are to confer regarding any claimed deficiencies. If they cannot agree to a resolution, then within seven (7) days they are to submit a joint proposed scheduling order for resolution of the dispute.

| | | |
|---|---|---|
| 12/5/2014 | 14 | Plaintiff expert reports are due; 12 experts per side, (limited to 12 experts in aggregate for all 7 cases; does not include fact witnesses who may offer limited opinions as "lay experts") |
| 1/9/2014 | 35 | BP expert reports are due  (limited to 12 experts in aggregate for all 7 cases; does not include fact witnesses who may offer limited opinions as "lay experts") |
| 1/30/2015 | 21 | Plaintiff rebuttal expert reports to the 1/9/2015 BP reports.  Rebuttal experts shall be counted in the 12/side total of experts; rebuttal reports shall not include any new affirmative opinions and instead be limited only to opinions responsive to the reports filed on 1/9/2015 |
| 2/9/2015 | 10 | Start of expert deposition period. (Limited to 6 hours max, unless good cause shown.) |
| 3/13/2015 | 32 | End of expert deposition period |
| 3/27/2015 | 14 | Motions for Summary Judgment (limit of 35 pages) |
| 4/27/2015 | 31 | Oppositions to Motions for Summary Judgment (limit of 35 pages) |
| 5/11/2015 | 14 | Replies in support of Motions for Summary Judgment (limit of 15 pages) |
| 6/26/2015 | 0 | Motions in limine filed; draft verdict forms filed. |
| 6/28/2015 | 48 | Conference with the Court and parties to discuss trial structure and evaluate trial structure proposals in view of SJ filings/rulings |
| [Note: the remaining dates may be modified depending on the 6/28/2015 Conference with the court and trial structure, but are included for reference] | | |
| 7/5/2015 | 7 | Oppositions to motions in limine due; responses to draft verdict forms due |
| 7/10/2015 | 5 | Replies to motions in limine |

4

| | | |
|---|---|---|
| 7/10/2015 | 2 | Joint stipulations, expert reports (which will serve as direct examination at trial) exhibits, witness lists, and the final pretrial order including refining any common issues that may be tried jointly based upon the outcome of the 6/28/2015 conference with the Court.[4] |
| 7/13/2015 | 0 | Pre-Trial Conference |
| 7/20/2015 | 5 | Ready for trial as directed by Judge Barbier. |

New Orleans, Louisiana this  3rd  day of June, 2014.

                                                **CARL J. BARBIER**
                                                **United States District Judge**

---

[4] The parties shall meet and confer in order to confect joint pretrial stipulations and exchange final witness and exhibit lists.