UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>Certified Platform Services v. BP Exploration & Production<br><br>No. 2:13-cv-01143 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW COMES PLAINTIFF**, Certified Platform Services, LLC, through undersigned counsel, who does allege, aver and represent as follows:

1.

Plaintiff filed the above captioned matter in this Court on April 18, 2013.[1]

2.

Plaintiff files this, First Supplemental and Amending Complaint pursuant to this Court's Scheduling Order.[2]

3.

Plaintiff incorporates by reference each and every allegation, claim, cause of action, and prayer for relied described in its original Complaint, except as follows:

4.

Plaintiff desires to amend Paragraph 1 of its original Complaint to include the following provisions 1(a) – (d):

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 12972 in 2:10-md-02179-CJB-SS.

1 (a): Made Defendant herein is **BP EXPLORATION & PRODUCTION INC. (herein after "BP Exploration")**, a Delaware corporation with its principal place of business in Warrenville, Illinois. BP Exploration was a leaseholder and the designated operator in the lease granted by the former Minerals Management Service ("MMS"), now Bureau of Ocean Energy Management, Regulation and Enforcement, allowing it to perform oil exploration, drilling, and production-related operations in Mississippi Canyon Block 252, the location known as "Macondo" where the Oil Spill originated. BP Exploration was designated the "Responsible Party" by the U.S. Coast Guard under the Oil Pollution Act of 1990, 33 U.S.C. §2714. This Court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

1(b): **BP AMERICA PRODUCTION COMPANY (herein after "BP America")** is a Delaware corporation with its principal place of business in Houston, Texas. BP America was the party to the drilling contract with Transocean Ltd. for the drilling of the Macondo well by the *Deepwater Horizon* vessel. This Court has personal jurisdiction over BP America because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

1 (c) **BP p.l.c.** is a British public limited company with its corporate headquarters in London, England. BP p.l.c. is the global parent company of the worldwide business operating under the "BP" logo. At all pertinent times, BP p.l.c. operates its various business divisions, such as the "Exploration and Production" division

in which BP Exploration and BP America fell, through vertical business arrangements aligned by product or service groups. BP p.l.c.'s operations are worldwide, including in the United States. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and are sufficiently controlled by BP p.l.c. so as to be BP p.l.c.'s agents in Louisiana and the United States. This Court has general jurisdiction over BP p.l.c. pursuant to Louisiana's long-arm statute, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure. BP p.l.c. does business in Louisiana and has had continuous and systematic contacts with Louisiana and throughout the United States more generally. Alternatively, if BP p.l.c. contests that it is subject to jurisdiction under Louisiana's long-arm jurisdiction statute, then this Court may exercise personal jurisdiction over BP p.l.c. pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, the federal long-arm jurisdiction provision, because claims in this action arise under federal law, and the exercise of jurisdiction over BP p.l.c. is consistent with the United States Constitution and laws and BP p.l.c. has been served with a summons in individual complaints within MDL 2179. In addition, this Court also has personal jurisdiction over BP p.l.c. under agency principles, because BP p.l.c.'s agents, BP America and BP Exploration, do business in Louisiana. BP America and BP Exploration are both wholly-owned subsidiaries of BP p.l.c. In BP p.l.c.'s Annual Report for 2009, in which it presents a consolidated financial statement that includes BP America and BP Exploration, BP p.l.c. states that it "controls" both BP America and BP Exploration, among

                other subsidiaries, meaning that it has "the power to govern the financial and operating policies of the [subsidiary] so as to obtain benefit from its activities."

1 (d):        BP Exploration, BP America, and BP p.l.c. are generally referred to herein collectively as the "BP Defendants" or "BP."

5.

Plaintiff further desires to amend paragraph 35 of its Original Complaint as follows:

35.

Commencing on April 20, 2010 and continuing through today and into the foreseeable future, Certified has suffered and will continue to suffer economic damages in the form of past and future lost revenues, lost business opportunities, increased costs of storage and inventory, diminution in asset values, and those damages resulting from loss of potential job and/or bid proposal opportunities due to the April 20, 2010 casualty described herein, in amounts to be proven at trial of this case.

6.

Plaintiff additionally desires to amend paragraph 39 of its Original Complaint as follows:

39.

Certified brings all claims and causes under Federal Rule of Civil Procedure 9(h),

**WHEREFORE,** based on the foregoing, **CERTIFIED PLATFORM SERVICES, LLC** prays for judgment in its favor and against Defendants' BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c, jointly, severally, and in solido for

compensatory damages as alleged herein in an amount reasonable under the circumstances of this cause, for legal interest at the maximum allowable rate on those amounts for which **CERTIFIED PLATFORM SERVICES, LLC** is entitled to obtain legal interest, for all reasonable claim preparation expenses, for litigation costs, attorney's fees, pre-judgment and post-judgment interest, and for any additional general and equitable relief as the facts of this case may require.

Respectfully submitted,

| | |
|---|---|
| */s/ Stephen J. Herman* | */s/ James Parkerson Roy* |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 1511 |
| Herman Herman & Katz LLC | Domengeaux Wright Roy & Edwards LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, LA 70113 | Lafayette, LA 70501 |
| Tel: (504) 581-4892 | Tel: (337) 233-3033 |
| Fax: (504) 569-6024 | Fax: (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs' Liaison Counsel* | *Plaintiffs' Liaison Counsel* |

/s/ *Conrad S.P. Williams, III*
Williams Law Group, LLC
Conrad S.P. Williams, III (#14499)
Meredith R. Durham (#33112)
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Telephone: (504) 200-0000
Facsmilie: (504) 200-0001
Duke@Williamslawgroup.org
Meredith@Williamslawgroup.org
*Plaintiffs' Steering Committee Member*
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      We hereby certify that the above and foregoing Motion will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this   5th   day of June, 2014

      /s/ Stephen J. Herman