# EXHIBIT C

| | |
|---|---|
| **From:** | Pencak, Erica (ENRD) <Erica.Pencak@usdoj.gov> |
| **Sent:** | Thursday, May 29, 2014 6:50 PM |
| **To:** | DeSantis, Karen McCartan; *abigail.andre@usdoj.gov |
| **Cc:** | *Sarah.Himmelhoch@usdoj.gov; *steve.o'rourke@usdoj.gov; 'jim.dragna@bingham.com'; 'Thomas.Lotterman@bingham.com'; 'ky.kirby@bingham.com'; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew; *anna.cross@usdoj.gov |
| **Subject:** | RE: Penalty Phase: human health discovery issues |

Karen,

We are having difficulty finding the Medical Encounters Database in BP's production, could you please send us its Bates Number(s) and Production Volume Number?

With respect to the Injury and Illness Database, we are at an impasse. We appreciate that BP has produced the Medical Encounters Database but do not believe that doing so has relieved BP of its obligation to produce the Injury and Illness Database.

Best regards,
Erica

**From:** DeSantis, Karen McCartan [mailto:kdesantis@kirkland.com]
**Sent:** Wednesday, May 28, 2014 3:13 PM
**To:** Pencak, Erica (ENRD); Andre, Abigail (ENRD)
**Cc:** Himmelhoch, Sarah (ENRD); O'Rourke, Steve (ENRD); 'jim.dragna@bingham.com'; 'Thomas.Lotterman@bingham.com'; 'ky.kirby@bingham.com'; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew; Cross, Anna (ENRD)
**Subject:** Re: Penalty Phase: human health discovery issues

Erica,

Thank you for your email of yesterday, and we have reviewed the summary document to which you linked us and that is posted at osha.gov. The document summarizes incidents in the Injury and Illness database that were OSHA-recordable incidents requiring medical treatment and days away from work, and redacts privacy information. In order to update that document, some significant time would have to be spent with the remaining entries in the database to continue the summary. Any additional summarizing effort is likely to result in a document very similar to the redacted Medical Encounters database, which BPXP produced yesterday. However, as we have mentioned before, the Medical Encounters database includes entries that will not be found in the Injury and Illness database in that it also includes entries for visits to medic stations by members of the general public.

Given that you now have access to the redacted Medical Encounters database, with over 20,000 entries, could you please take a look at the database and advise if it is still your position that BPXP must agree to update the above-described Injury and Illness database summary in order to have agreement that BPXP will not be required to produce information in response to RFP 19(1)? As you know, BPXP demonstrated movement and a spirit of compromise in agreeing to produce the Medical Encounters database, and we have now produced it. It may well be that your review of the database will satisfy your need for database information and will obviate your request for similar information from another database from BPXP which can only be produced with burden. Just as BPXP has shown movement in producing

the redacted Medical Encounters database, you might consider, in turn, agreeing that BPXP is not obligated to produce information in response to RFP 19(1). As discussed, there is a significant amount of health claims summary information already available to all parties, and the Court also already has broad knowledge of health claims issues.

Best regards,
Karen

Karen McCartan DeSantis
Kirkland and Ellis, LLP
655 Fifteenth Street, NW
Washington, DC 20005

(202) 879 5217

---

**From**: Pencak, Erica (ENRD) [mailto:Erica.Pencak@usdoj.gov]
**Sent**: Tuesday, May 27, 2014 03:24 PM Central Standard Time
**To**: DeSantis, Karen McCartan; *abigail.andre@usdoj.gov
**Cc**: *Sarah.Himmelhoch@usdoj.gov; *steve.o'rourke@usdoj.gov; 'jim.dragna@bingham.com' <jim.dragna@bingham.com>; 'Thomas.Lotterman@bingham.com' <Thomas.Lotterman@bingham.com>; 'ky.kirby@bingham.com' <ky.kirby@bingham.com>; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew; *anna.cross@usdoj.gov
**Subject**: RE: Penalty Phase: May 8 meet and confer: human health issues

Karen,

Following up on our last meet and confer regarding the Injury and Illness Database, if BP is willing to produce an updated version of the following document: http://www.osha.gov/oilspills/DeepwaterData.pdf that includes all injury & illness data through the end of the response (the document attached only includes such data through July 12, 2010), and provide confirmation that the updated version of the document is a complete list of the incidents contained in the Injury and Illness Database, the United States would be willing to forgo its motion to compel the Injury and Illness Database in its entirety and the information requested in RFP 19(1), provided, of course, that BP still intends to produce the Medical Encounters Database, as discussed (redacted to remove personal/confidential information, as also discussed).

Please let us know by COB tomorrow if BP is willing to produce the updated document described above.

Best regards,
Erica


\*\*\*
Erica H. Pencak
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Physical /Express Mail Address:
601 D Street, NW
Room 6531
Washington, DC 20004

202-514-1543 (phone)
202-616-6583 (fax)
erica.pencak@usdoj.gov

This e-mail, including attachments, contains information that is confidential and may be protected by the attorney/client or other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient or recipients. If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return mail, e-mail or at 202-514-1543. The unauthorized use dissemination, distribution or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.

**From:** Pencak, Erica (ENRD)
**Sent:** Thursday, May 22, 2014 9:50 AM
**To:** 'DeSantis, Karen McCartan'; Andre, Abigail (ENRD)
**Cc:** Himmelhoch, Sarah (ENRD); O'Rourke, Steve (ENRD); 'jim.dragna@bingham.com'; 'Thomas.Lotterman@bingham.com'; 'ky.kirby@bingham.com'; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew; Cross, Anna (ENRD)
**Subject:** RE: Penalty Phase: May 8 meet and confer: human health issues

Karen,

As discussed during our meet and confer yesterday afternoon, we are unable to sign BP's proposed stipulation regarding the claims BP has settled for personal injury and wrongful death (rig worker claims) because we cannot stipulate to facts if we cannot verify the accuracy of those facts. The proposed stipulation references a number of claims settled (as of a certain date) and a total amount paid in settlement of those claims. BP has not provided us with citations to documents (public or non-public) that we can use to verify the accuracy of those facts. We do not believe that these facts can be verified based solely on review of public documents and BP has stated it is unable and/or unwilling to provide the US with non-public documents that we could review to verify these facts. While we are aware of BP's arguments regarding privacy concerns, we simply cannot sign a stipulation when we have not been able to determine the accuracy of what we are signing. Moreover, the US requested that the stipulation include further detail into the breakdown of the types of claims that were settled and BP declined to provide such additional detail.

We hope this clarifies our position on why we cannot sign the stipulation proposed by BP.

Best regards,
Erica

***

Erica H. Pencak
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Physical /Express Mail Address:
601 D Street, NW
Room 6531
Washington, DC 20004

202-514-1543 (phone)
202-616-6583 (fax)
erica.pencak@usdoj.gov

This e-mail, including attachments, contains information that is confidential and may be protected by the attorney/client or other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient or recipients. If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return mail, e-mail or at 202-514-1543. The unauthorized use dissemination, distribution or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.

**From:** DeSantis, Karen McCartan [mailto:kdesantis@kirkland.com]
**Sent:** Thursday, May 15, 2014 8:57 PM
**To:** Pencak, Erica (ENRD); Andre, Abigail (ENRD)
**Cc:** Himmelhoch, Sarah (ENRD); O'Rourke, Steve (ENRD); 'jim.dragna@bingham.com'; 'Thomas.Lotterman@bingham.com'; 'ky.kirby@bingham.com'; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew; Cross, Anna (ENRD)
**Subject:** Re: Penalty Phase: May 8 meet and confer: human health issues

Erica,

Thank you for the information and for suggesting a time for the Monday afternoon telephonic meet and confer on human health issues. 4:00 Eastern will work well, and we'll plan to spend as much time as needed.

Would you like to circulate a number, or should we send one out?

Best regards,
Karen

Karen McCartan DeSantis
Kirkland and Ellis, LLP
655 Fifteenth Street, NW
Washington, DC 20005

(202) 879 5217

**From**: Pencak, Erica (ENRD) [mailto:Erica.Pencak@usdoj.gov]
**Sent**: Thursday, May 15, 2014 07:19 PM Central Standard Time
**To**: DeSantis, Karen McCartan; *abigail.andre@usdoj.gov
**Cc**: *Sarah.Himmelhoch@usdoj.gov; *steve.o'rourke@usdoj.gov; 'jim.dragna@bingham.com' <jim.dragna@bingham.com>; 'Thomas.Lotterman@bingham.com' <Thomas.Lotterman@bingham.com>; 'ky.kirby@bingham.com' <ky.kirby@bingham.com>; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew; *anna.cross@usdoj.gov
**Subject**: RE: Penalty Phase: May 8 meet and confer: human health issues

Karen,

Thanks for the flexibility on Monday afternoon – would it be possible to schedule the call for 4:00 instead of 2:30?

Also, we note that you mentioned in your email that BP does "… not ask that the U.S. produce any additional analyses on human health issues (unless relied upon by experts)." However, we had already begun our inquiries to EPA and CDC into this matter, as we stated we would at the meet-and-confer.  Based on your email, we will not continue these inquiries, but in the spirit of disclosure, we did become aware of the following:

- Some air monitoring data that EPA has in its possession that it did not publish on its website (http://www.epa.gov/bpspill/) and does not intend to publish on its website, because the data falls into one of four categories, discussed below.  We do not intend to produce this data:
    - Irrelevant data: e.g., standard machine test data for compounds that had nothing to do with the spill;
    - Incomplete data: e.g., where a field sampler uploaded sample data with no latitude/longitude (but later corrected data was approved/published)
    - Incorrect data: e.g., where lat./long. positives and negatives were transposed (but later corrected data was approved/published); and
    - Flawed data:  e.g., where consistent results such as readings in the 2-3 (units omitted) range were temporarily upset with an anomaly such as say, a reading of 2,000, due to a realization that the monitoring equipment was in the middle of a construction zone operating equipment that was responsible for the flawed results

- Three non-public documents from CDC that are not new or additional analyses, but are arguably related to an analysis (that analysis was already made public).  We are producing these three documents, but as noted above, we will not continue our inquiries into the existence of other such documents.

Best regards,
Erica


***
Erica H. Pencak
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Physical /Express Mail Address:
601 D Street, NW
Room 6531
Washington, DC 20004

202-514-1543 (phone)
202-616-6583 (fax)
erica.pencak@usdoj.gov

This e-mail, including attachments, contains information that is confidential and may be protected by the attorney/client or other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient or recipients. If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return mail, e-mail or at 202-514-1543. The unauthorized use dissemination, distribution or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.

**From:** DeSantis, Karen McCartan [mailto:kdesantis@kirkland.com]
**Sent:** Wednesday, May 14, 2014 2:29 PM
**To:** Pencak, Erica (ENRD); Andre, Abigail (ENRD)
**Cc:** Himmelhoch, Sarah (ENRD); O'Rourke, Steve (ENRD); 'jim.dragna@bingham.com'; 'Thomas.Lotterman@bingham.com'; 'ky.kirby@bingham.com'; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew
**Subject:** Re: Penalty Phase: May 8 meet and confer: human health issues

Erica,

Thank you for following up with us, and Monday will work well for our team for a telephonic meet and confer on some human health issues. We are flexible that afternoon, and I'll suggest 2:30 Eastern, but please suggest other times if that is not workable.

Best regards,
Karen

Karen McCartan DeSantis
Kirkland and Ellis, LLP
655 Fifteenth Street, NW
Washington, DC 20005

(202) 879 5217

**From:** Pencak, Erica (ENRD) [mailto:Erica.Pencak@usdoj.gov]
**Sent:** Wednesday, May 14, 2014 09:38 AM Central Standard Time
**To:** DeSantis, Karen McCartan; *abigail.andre@usdoj.gov
**Cc:** *Sarah.Himmelhoch@usdoj.gov; *steve.o'rourke@usdoj.gov; 'jim.dragna@bingham.com' <jim.dragna@bingham.com>; 'Thomas.Lotterman@bingham.com' <Thomas.Lotterman@bingham.com>; 'Ky.Kirby@bingham.com' <Ky.Kirby@bingham.com>; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew
**Subject:** RE: Penalty Phase: May 8 meet and confer: human health issues

Hi Karen,

Following-up on the human health non-30(b)(6) issues:

- Regarding stipulations, we look forward to receiving your proposed prefatory language to the proposed stipulations on the Medical Benefits Class Action Settlement and we will review and respond. We also do intend to provide you with a response regarding your proposed stipulation concerning rig workers.
    - Ebony requested a Word version of our redline to the proposed stipulations on the Medical Benefits Class Action Settlement, and I've attached that here.
- Regarding RFPs, we appreciate your movement on the Medical Encounters Database and agree that a telephonic meet-and-confer about both the Medical Encounters Database and the Injury and Illness Database (and RFP 19 more generally) does make sense. Please note that we do continue to seek the Injury and Illness Database, but are willing to hear BP's arguments for why it should not be produced. Are you and your team available for a telephonic meet-and-confer on Monday?

Best regards,
Erica

6

\*\*\*
Erica H. Pencak
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Physical /Express Mail Address:
601 D Street, NW
Room 6531
Washington, DC 20004

202-514-1543 (phone)
202-616-6583 (fax)
erica.pencak@usdoj.gov

This e-mail, including attachments, contains information that is confidential and may be protected by the attorney/client or other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient or recipients. If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return mail, e-mail or at 202-514-1543. The unauthorized use dissemination, distribution or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.

---

**From:** DeSantis, Karen McCartan [mailto:kdesantis@kirkland.com]
**Sent:** Friday, May 09, 2014 9:21 PM
**To:** Andre, Abigail (ENRD)
**Cc:** Himmelhoch, Sarah (ENRD); Pencak, Erica (ENRD); O'Rourke, Steve (ENRD); 'jim.dragna@bingham.com'; 'Thomas.Lotterman@bingham.com'; 'Ky.Kirby@bingham.com'; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com; Johnson, Ebony; Pruitt, Andrew
**Subject:** RE: Penalty Phase: May 8 meet and confer: human health issues

Dear Abby,

Thank you and Erica for coming to our offices for the human health meet and confer yesterday. It was a productive session. We appreciate your follow-up email and are sending updates and clarifications as follows:

Stipulations

-We are working on and will soon circulate prefatory language for the proposed Additional Stipulated Facts Concerning the Medical Benefits Class Action Settlement. We understand that you will review and respond.

    -- Regarding the Medical Benefits Class Action Settlement, our broader team has discussed the fact that the settlement and supporting documents are a matter of Court record, and the Court may not want the documents moved into evidence, particularly if the parties can simply reference documents in the record. This should be a topic of further discussion for the parties.

-We look forward to your response regarding our proposed stipulation concerning rig workers.

RFPs

-After broader discussion today regarding prospective production of the medical encounters database and the injury and illness database, BPXP will agree to produce a redacted version of the medical encounters database and some agreed upon form of explanatory information about the database, provided that the U.S. and BPXP can agree that BPXP will not be obligated to produce any other documents requested in the U.S.'s RFP 19, and provided that the U.S. will continue to agree to produce the custodial file of John Howard, updated custodial files of U.S. custodians identified on BPXP's 26(a) disclosure, using broad, previously agreed-upon search terms; daily OSHA reports; and public records relating to the ongoing NIEHS study.  We would not ask that the U.S. produce any additional analyses on human health issues (unless relied upon by experts). Based on our conversation yesterday, we believe that a redacted medical encounters database will provide the database information in which you are interested. It may be useful for us to have a further meet and confer by telephone regarding the injury and illness database and our reasons for not agreeing to produce that database.

WItnesses/Files

-We have considered our discussion of yesterday regarding the prospect of agreement between the U.S. and BPXP that specific 30(b)(6) topics relating to human health--U.S. topics 3, 5, and 6; and BPXP topic 2 (only as it pertains to human health) and topic 10-- would be dropped from our respective notices and that no 30(b)(6) witnesses would be made available for deposition on human health issues. BPXP is willing to enter into such a mutual agreement with the U.S., and we know that you are having discussions within your team regarding your interest in entering such an agreement, understanding, of course, that the agreement would be limited to human health issues and would have no bearing on discussions concerning environmental issues and environmental topics covered in our respective 30(b)(6) notices.

-Also, as discussed, next week, we will be removing the names of some witnesses with knowledge of human health issues from our Rule 26(a) disclosure.

-Regarding custodial files, we discussed at our conference precedent from prior phases and what might be reasonable with respect to witnesses on human health. We do not recall that we specifically discussed either precedent or future practice with respect to 30(b)(6) witnesses who might also serve as fact witnesses. Regardless, it is our understanding that the broader teams representing both BPXP and the U.S. are having discussions regarding custodial file production in the Penalty Phase, including discussion yesterday afternoon, and those discussions and separate correspondence will dictate how custodial file productions are handled for witnesses in this phase of the litigation.

While this email is not intended to summarize all areas discussed yesterday or all areas for follow-up, I wanted you to have this information today so that we can continue to move ahead.

Thanks,
Karen


**Karen McCartan DeSantis**

KIRKLAND &ELLIS  LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel (202) 879-5217
Fax (202) 879-5200

karen.desantis@kirkland.com

---

**From:** Andre, Abigail (ENRD) [mailto:Abigail.Andre@usdoj.gov]
**Sent:** Friday, May 09, 2014 1:58 PM
**To:** DeSantis, Karen McCartan
**Cc:** *Sarah.Himmelhoch@usdoj.gov; *erica.pencak@usdoj.gov; *steve.o'rourke@usdoj.gov; 'jim.dragna@bingham.com'; 'Thomas.Lotterman@bingham.com'; 'Ky.Kirby@bingham.com'; *mbrock@cov.com; *dkhaycraft@liskow.com; Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *Elissa.Preheim@aporter.com
**Subject:** RE: Penalty Phase: May 8 meet and confer: human health issues

Dear Karen,

Thanks again for hosting the human health meet-and-confer yesterday.  We felt that it was very productive.  As promised, here is a list of agreements and the follow-up tasks.  We're working on ours and will send you updates as soon as we can.

Stipulations
- BP agreed to draft and circulate prefatory language to the proposed Stipulated Facts Concerning the Medical Benefits Class Action Settlement and the US agreed to review and comment on that language
    - If the parties cannot quickly come to mutually agreeable language, the both BP and the US agreed to discuss with their larger teams the idea of jointly moving to enter the medical benefits settlement agreement into evidence for the Penalty Phase.
        - the US noted that we would want to move in the settlement agreement in its entirety, including all attachments and appendices, and that for the sake of completeness, it would make sense to enter the economic and property damages settlement agreement as well
        - BP noted that that there is a good deal of expert-like testimony in the declarations attached to the medical benefits settlement agreement and requested assurance that the US would not object to BP's presentation of expert testimony at trial as cumulative or duplicative of the testimony contained in the declarations.
            - We continue to argue that all evidence about human health, environmental, or other harms are cumulative and a waste of time, per our motion on the "Seriousness" factor, and reserve the right to renew that objection. If that objection is overruled, then the US agrees that it would not further object to BP's expert testimony at trial as being specifically duplicative of the testimony contained in the declarations to the medical benefits settlement agreement.
            - We also reserve the right to object to BP's expert testimony at trial as cumulative on other grounds (if it is so).
        - We suggest that when we move in the medical settlement and its documents we also move in the economic settlement in its entirety.

- The US agreed to review and provide comments on BP's proposed stipulation on the personal injury and wrongful death settlements

RFPs
- After discussing the Medical Encounters Database and the Injury and Illness Database, including the fact that these databases were provided to the Claims Administrator after the parties to the Medical Benefits Class Action Settlement jointly moved the Court to Order BP to produce the databases (see Section XXI.B. of the Medical Benefits Class Action Settlement Agreement and Rec. Doc. 6505, attached), the US requests that BP reconsider its decision to refrain from producing these databases in response to RFP 19(3).

- o The US confirmed it was no longer seeking the underlying information on which these databases were created
- BP RFP 8.  The US reported that "commending" search string BP requested in meet-and-confer is being tested and may need revision because of the number of hits we're seeing for the word "good." As written, the string is pulling any document that says, e.g., good morning or good evening. The United States is working to minimize this and will follow up on progress.

ROGs
- The United States agreed to reach out to agencies to see whether further agency publications on human health may be expected between now and trial. As we stated in the meeting, we will not prevent agencies from publishing and do not believe we have any obligation to update you about this topic. That said, we have committed to follow up with EPA and CDC and will do so. We also agreed to look into whether there is data/analysis that the agencies have but have not made public.

30(b)(6) Topics
- BP and the US agreed to take back to their teams the idea of mutually dropping BP's Topic 10, the human health aspects of BP's Topic 2, and the US's Topics 3, 5, and 6, even if the environmental harm teams could not agree to mutually drop their 30(b)(6) topics.
- We also discussed the idea of approaching the United States' Topic 6, which asks for testimony on the databases requested in US RFP 19(3), by some means other than a 30(b)(6). For example, an explanatory affidavit or some other admissible agreement that what BP provides is reliable, accurate, etc.

Production of Expert reliance Materials: We agreed that both parties have an ongoing duty to produce expert materials that are not publicly available and have not previously been produced that are provided by counsel to the expert.

Custodial files: We agreed that custodial files need not be produced for 30b6 witnesses but should be produced for fact witnesses, including any fact witness who is also a 30b6 witness. BP also suggested it would pull down some of its fact witnesses on human health.

This email is not intended to encompass all of the topics we discussed, but rather the areas of follow-up that the parties agreed to.  Please feel free to supplement as necessary.

Best regards,


Abby


Abby André
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
Mail: P.O. Box 7611 Washington, D.C. 20044-7611
Overnight: ENRD Mail Room, 601 D Street, N.W. Washington D.C. 20004
phone: (202) 305-2775
email: Abigail.Andre@usdoj.gov

---

**From:** DeSantis, Karen McCartan [mailto:kdesantis@kirkland.com]
**Sent:** Monday, May 05, 2014 8:45 PM
**To:** Andre, Abigail (ENRD)

**Cc:** Langan, Andrew; Karis, Hariklia; Jakola, Katie; Nomellini, Mark J.; *Brian.Israel@aporter.com; *mbrock@cov.com; Himmelhoch, Sarah (ENRD)
**Subject:** Penalty Phase: May 8 meet and confer: human health issues

Abby,

I am attaching three documents that may serve to facilitate discussion regarding both proposed human health stipulations and discovery on human health issues at our meet and confer scheduled for Thursday, May 8. The documents include 1) a document that simply cuts and pastes into one document all U.S. and BPXP discovery requests and responses pertaining to human health issues, along with all 30(b)(6) topics pertaining to human health (and we expect that this document will aid efficient discussion of discovery); 2) a very short set of proposed stipulations concerning the medical settlement that we have drafted for your consideration and for our discussion regarding the prospect of agreeing on stipulations concerning health claims; and 3) for everyone's convenience, BPXP's proposed human health stipulations that were submitted to the Court in March.

We ask that you please send to us any additional proposed stipulations that you would like to discuss on Thursday, as well as a description of other matters, if any, that you would like for us to address at the meeting.

Thanks,
Karen


Karen McCartan DeSantis
Kirkland and Ellis, LLP
655 Fifteenth Street, NW
Washington, DC 20005

(202) 879 5217

************************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
************************************************************


************************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
************************************************************

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*