UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *12-970* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding BP's Motion to Clarify or Amend Order Regarding
Class Counsel's Motion to Protect and Preserve Claimant Confidentiality
and to Enforce the Orders of the Court (Rec. doc. 12702)]

Before the Court is the motion of BP to clarify or amend the March 25, 2014 order (Rec. doc. 12591) (hereafter "Order") restricting access to pre-determination claims information. Class Counsel has opposed the motion. Rec. doc. 12907.

In support of its motion, BP makes two arguments. One, which will be referred to as the procedural issue, is the scope of the order requiring that data be destroyed. That procedural issue has been rendered moot by the filing of the stipulation between BP and Class Counsel, which has been approved by the Court. Rec. doc. 12987. The other argument made by BP is that it requires access to pre-determination data in order to exercise its rights under the Settlement Agreement. That substantive issue has not been resolved and is decided by this order.

BP argues that access to pre-determination data is necessary in order to prosecute or defend an appeal. BP provides examples of claims where access to pre-determination data allowed it to detect improper awards by the Court Supervised Settlement Program ("CSSP") and thereby successfully appeal those awards. (Rec. doc. 12702-1 at 4-7 and declaration of Daniel A. Cantor rec. doc. 12702-1, Exhibit 1.) In each of the example claims, BP, by accessing pre-determination

data, was able to cross-reference information from those claims to other claims and thereby gather information that assisted it in the appeal of the claims. BP urges that the Court's Order will handicap it in running such cross-checks and references.

Class Counsel re-urges its earlier argument, accepted by the Court, that Section 4.4.1.4 of the Settlement Agreement was specifically intended to prevent BP from accessing claim and claimant-specific data prior to the CSSP issuing either an eligibility determination or a denial. Class Counsel further argues that the three examples contained in Mr. Cantor's declaration do not justify granting BP unfettered access to the over 260,000 claim files in the possession of the CSSP.

In response to the undersigned's request (rec. doc. 12702), the Claims Administrator has responded to BP's motion and Mr. Cantor's declaration by filing the declaration of Scot Sherick. Mr. Sherick is the Director of Business Process for the CSSP. His declaration (rec. doc. 12964) reviews the steps taken by the CSSP in connection with the examples itemized in Mr. Cantor's declaration and explains the system controls, review processes, quality assurance controls and cross-checks performed by the CSSP in order to avoid the types of errors BP highlighted.

While no program handling hundreds of thousands of claims can be flawless, the processes itemized by Mr. Sherick are detailed and systematic and are purposely aimed at detecting the types of errors BP aims to avoid. The request by BP to have access to all pre-determination data is not justified either by the express terms of the Settlement Agreement or by the few examples it cites in its motion to clarify or amend. Accordingly;

IT IS ORDERED that BP's motion to clarify or amend this Court's Order regarding Class Counsel's motion to protect and preserve claimant confidentiality is DISMISSED IN PART AS MOOT as to the procedural issues and DENIED as to the substantive issue.

New Orleans, Louisiana this 6th day of June, 2014.

_____
**CARL J. BARBIER**
**United States District Judge**