UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

MDL No. 2179

### TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in the Southern District of Texas action (*Karen's Seafood*) listed on the attached Schedule A move to vacate our order conditionally transferring the action to the Eastern District of Louisiana for inclusion in MDL No. 2179. Responding defendants oppose the motion.[1]

Plaintiffs raise multiple arguments against transfer. We have rejected essentially the same arguments in the past, however, and we find no reason to depart from our previous decisions. First, plaintiffs contend that pretrial proceedings in the MDL are complete, at least insofar as those proceedings are relevant to their recently-filed actions. This contention ignores the fact that over the past year, the Panel has transferred hundreds of newly-filed actions to the MDL, as to which pretrial proceedings are decidedly incomplete. This action is likely to involve a number of pretrial determinations that are most appropriately made by the transferee judge, the Honorable Carl J. Barbier, including, for example, the applicability of his decision dismissing, as preempted, the MDL plaintiffs' state statutory and common law claims. *See In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F.Supp.2d 943 (E.D. La. 2011). Moreover, plaintiffs fail to explain how their claims against the Transocean defendants they have sued could proceed outside the MDL, as the Limitation of Liability Act mandates otherwise. *See* 46 U.S.C. § 30511(c) ("When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease."); *see also Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) ("When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court."). Moreover, given that the Trial of Liability, Limitation, Exoneration, and Fault Allocation taking place before Judge Barbier involves all the principal defendants in the MDL and involves issues central to all actions arising out of the Deepwater Horizon incident, it is unclear how or whether the various putative transferor courts could advance these actions with issues with respect to that trial not yet concluded.

---

[1] Responding defendants are BP America Production Company, BP Exploration & Production Inc., BP Corporation North America Inc., Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., and Triton Asset Leasing GmbH.

```
____ Fee_____
____ Process_____
 X   Dktd_____
____ CtRmDep_____
____ Doc. No.____
```

-2-

Second, plaintiffs argue that transfer is unwarranted because they are seeking recovery under the Oil Pollution Act or "OPA." In creating this MDL, however, we expressly declined to exclude OPA claims from the centralized proceedings. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010) ("[W]e do not find any strong reasons for separate treatment of claims brought under the OPA. In our judgment, carving out the OPA claims would only complicate matters . . . .").

Third, plaintiffs argue that they would be inconvenienced by transfer. As we frequently have explained, however, in deciding issues of transfer under 28 U.S.C. § 1407, we look to the overall convenience of the parties and witnesses – not just the convenience of the parties to a single action. *See, e.g., In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). Furthermore, because Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties or witnesses to travel to the transferee district for depositions or otherwise. *See In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003).

After considering all argument of counsel, we find that *Karen's Seafood* involves common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the action to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. It is beyond dispute that this action, like those already in the MDL, arises out of the explosion and fire that destroyed the Deepwater Horizon rig, and the oil spill resulting therefrom. *See* 731 F. Supp. 2d at 1353-55.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell           Charles R. Breyer
Lewis A. Kaplan               Sarah S. Vance
Ellen Segal Huvelle           R. David Proctor

**IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010**          MDL No. 2179

## SCHEDULE A

<u>Southern District of Texas</u>

KAREN'S SEAFOOD MARKET v. BP EXPLORATION & PRODUCTION, *14-1321 J(1)*
  INC., ET AL., C.A. No. 4:14-00425