

**Baric Enterprises, Inc.**


RECEIVED · HAMMOND
APR 3 0 2014
GARDEN CITY GROUP

**Funding Division**
- *Auto Accidents*
- *Workers' Compensation*
- *Boating Accidents*
- *Medical Malpractice*
- *Wrongful Death*
- *Aviation Accidents*
- *Motorcycle Accidents*
- *Slip & Fall Accidents*
- *Dog Bite Accidents*
- *Structured Settlement*
- *Asbestos*
- *Commercial Litigation*
- *Nursing Home Abuse*
- *and many more*

**\*Insurance Division**
- *Life*
- *Disability Income*
- *Medicare Products*
- *Long Term Care*

**\*Financial Services Division**
- *Retirement Planning*
- *Investments*
- *Annuities*

*\*Formerly known as*
**Savage Financial Group, Inc.**

April 23, 2014

**VIA EMAIL**
thirdpartyclaims@dhecc.com
Delivery receipt
Read receipt

**Via Certified Mail -**   7013 1710 0000 5827 6532
**Return Receipt Requested**

Attn: Third Party Claim Documents
Deepwater Horizon Economic Claims Center
Mr. Patrick Juneau, Claims Administrator
42548 Happy Woods Road
Hammond, LA 70403

    Re:      **Claimant ID No. 100007242**
             **Jarrod Burrle**
             **Notice of Third Party Lien**

Dear Sir or Madam:

        This correspondence is Woodbridge Baric Pre Settlement funding, LLC ("WB") formal Notice of Third Party Lien pursuant to the Economic and Property Damages Settlement Agreement as Amended on May 2, 2012, and as Preliminarily Approved by the Court on May 2, 2013. This letter, consistent with the aforementioned procedure, provides a summary of the service performed by WB on this claim. This summary should be sufficient to prefect a third party lien on this claim.

        Claimant procured pre settlement funding with accruing interest on this claim. A copy of the pre settlement funding contract is attached hereto (**Exhibit A**). A copy of the pre settlement funding invoice with the payoff amount to date is attached hereto (**Exhibit B**).

This Claim is currently within the Deepwater Horizon Claim center flow process. There is no current decision or information as to the total amount Jarrod Burrle is to receive.

WB asserts a third party lien of $22,104.48 if payment is received by May 15, 2014 on this claim.

Jarrod Burrle has contractually granted WB an assignment of his interests in any settlement arising from his claims as a result of the Deepwater Horizon accident. Pursuant to the terms of that contract, WB has a right of lien against any settlement which is to be satisfied prior to any payment to Mr. Burrle.

If you have any questions, please do not hesitate to contact our office at your earliest convenience.

With kindest regards, I am

Sincerely,

*Barry Savage*

Enclosure

April 24, 2014

**Re:Jarrod Burrle**

To whom this may concern,

The payoff amount for the above-referenced client is **$22,104.48** if paid by **May 15, 2014.**

Please make the check payable to BARIC ENTERPRISES, INC and mail it to the address mentioned above.

Should you have any questions, please do not hesitate to contact my office. Thank you for your courtesy and cooperation.

Thank you,

Myriam Leiva

(Exhibit A)

DATE 1/11/2012   CHECK# 9020 9021   AGREEMENT# 1

## ASSIGNMENT OF PARTICIPATION IN DISPUTED LAWSUIT/ RIGHT OF FIRST DISTRIBUTION OF FUNDS IN A LEGAL CLAIM

This Assignment of Participation in Disputed Lawsuit/Right Of First Distribution of Funds in a Legal Claim ("Agreement") is by and between **Jarrod Burrle, an individual with a principal residence at** ███████ ("Me" or "I") **and** Woodbridge Baric Pre-Settlement Investments, LLC, a corporation with a principal place of business at 6353 W. Rogers Circle Unit # 3, Boca Raton, FL 33487("Woodbridge Baric")

### RECITALS

"I" represent and warrant that "I" am a plaintiff/claimant in a lawsuit/claim ("Lawsuit/Claim").

"I" represent and warrant that "I" am represented by the law firm of **Injury Law Group , LLC** and that my lawyer is **Christina Mancuso** with an office at **610 Baronne StreetNew Orleans , LA  70113** ,telephone number:504-525-5535. My counsel is unrelated to and not being compensated by "Woodbridge Baric".The "Lawsuit/Claim" case number is: **Jarrod Burrle v. BP Oil Company**

The likelihood of recovering money in my "Lawsuit/Claim" is uncertain both as to time and amount.

To defray expenses while the "Lawsuit/Claim" is pending, "I" have asked "Woodbridge Baric" to advance me money for my immediate economic necessities in exchange for this "Agreement"

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

**1.Advance:** I acknowledge receipt of $ **10000.00** (client initials) from (Woodbridge Baric).

**2. Advance Repayment:** To repay my Advance, I am assigning an interest in and/or directing a distribution of funds from my "Lawsuit/Claim" equal to the Advance (as defined below) together with an accrued use fee and other fees or costs, from the proceeds of my "Lawsuit/Claim" whether by settlement, judgment or otherwise. The monthly fee shall be a charge in the amount of (rate %) 4.0 percent compound interest on the principal amount, the administration fee and delivery fee, per 30 (thirty) day increments. There will be an administration fee of (fee$)**$2890.00** (client initials) and delivery fee of **$40.00** (client initials)for this "Agreement," which will additionally accrue applicable interest charges stated above. **If the Advance Repayment is received in full (principal plus fees) within 90 (ninety) days, then "WOODBRIDGE BARIC"** will waive the interest charges. The fees are charged from this date until payments of proceeds are made to "WOODBRIDGE BARIC" in the form of a senior lien and first right of distribution, after attorney's fees and costs, against any settlement arising from the Lawsuit/Claim. These amounts will be deducted from the proceeds of my "Lawsuit/Claim" by my lawyer and paid directly to "Woodbridge Baric." If I recover money from my "Lawsuit/Claim" which is insufficient to pay the full amount due to "WOODBRIDGE BARIC", then the Advance Repayment will be limited to the actual settlement amount of the "Lawsuit/Claim."

3. IN THE EVENT "I" DO NOT RECOVER ANY MONEY FROM THE "LAWSUIT/CLAIM," "I" SHALL NOT BE OBLIGATED TO REPAY THE ADVANCE TO WOODBRIDGE BARIC.

**4. Security Interest/Lien and/or Right of First Distribution of Funds:** "I" hereby grant "WOODBRIDGE BARIC," a security interest and senior lien and/or first right of distribution of funds after attorney's fees and costs, in the amount of the Advance **$10000.00** (client initials) _____ (client's initials) administration and delivery fees increased by (rate %) 4.0 percent compound interest on the sum advanced and first referenced above. There will be no interest charges if payment is received in full, within 90

(Exhibit B)

days of this agreement. If this assignment were ever deemed to be a secured financing, I hereby grant to "Woodbridge Baric" a first perfected security interest and right of first distribution of funds in the "Lawsuit/Claim" and "I" hereby authorize "Woodbridge Baric" to file any legal actions against myself and my attorney, including a UCC-1 financing statement, against the "Lawsuit/Claim" to secure "Woodbridge Baric's" right to the Advance Repayment. Should further litigation arise in conjunction with the "Lawsuit/Claim" and/or should the outcome of the "Lawsuit/Claim" form the basis of a new related or unrelated cause of action, "Woodbridge Baric's" senior lien/security interest and/or right of first distribution of funds will attach to the future action to the extent of any remaining balance under this Agreement. The Repayment Amount "I" owe to "Woodbridge Baric" shall be withheld from any money collected as a result of the "Lawsuit/Claim" and paid immediately upon collection to "WOODBRIDGE BARIC." The amount due shall be paid immediately after my attorney's fees (including the expenses charged by my attorney for costs) and after payment to any lien holders that have priority by law. "I" will not receive any money from the proceeds of the "Lawsuit/Claim" until "Woodbridge Baric" has been paid in full. This shall also apply to any structured settlement of my "Lawsuit/Claim."

5. Representations and Warranties: To induce "Woodbridge Baric" to pay "Me" the Advance and to take an assignment and or right of first distribution of my "Lawsuit/Claim," "I" hereby make the following representations and warranties under penalty of perjury, as of the date of this Agreement. "I" further authorize "Woodbridge Baric" or its agents to conduct any investigation, including credit and other searches, to confirm the accuracy of my representations and warranties. "I" understand that "Woodbridge Baric" is relying on the below representations and warranties to pay me the Advance. In the event any of my representations and warranties below are untrue, "I" agree to indemnify and hold harmless "WOODBRIDGE BARIC" against any and all losses, expenses, costs (including the Advanced Amount and any attorneys fees incurred by "WOODBRIDGE BARIC" related to my case), in addition to any other interest and penalties or other remedies available by law.

(a) "I" do not owe any money which impairs Woodbridge Baric's lien and/or Right of First Distribution to (i) any present or former spouse for support, maintenance or similar obligations, (ii) any child of Mine, or the guardian of any such child, for child support or similar payments, or (iii) any governmental entity for payments made in connection with any spouse or child.

(b) "I" have the full power and authority to enter into this Agreement without the consent of any third party to do so, including without limitation, the consent of any spouse, former spouse, partner, co-owner or co-venturers.

(c) My "Lawsuit/Claim" is free and clear of any right, interest, or claim of any other person or entity other than my lawyer representing me in the Lawsuit. "I" have not previously assigned, pledged or otherwise encumbered any portion of the "Lawsuit/Claim" nor does any third party other than my attorney have any interest in the outcome of the "Lawsuit/Claim."

(d) The "Lawsuit/Claim" is not subject to any outstanding or unsatisfied judgment, levy or claim.

(e) "I" have never voluntarily filed for bankruptcy or been subject to an involuntary bankruptcy proceeding.

(f) There are no lawsuits or claims pending or threatened against me, and "I" know of no basis for any such lawsuit or claim.

(g) "I" have paid or will pay all federal, state and local taxes due through the date of this Sale Agreement and the Assignment Date.

(h) There are no outstanding or unsatisfied judgments or federal, state or local tax or other liens against me or the "Lawsuit/Claim".

J.H.B.

(i) "I" authorize "Woodbridge Baric" and to make all filings and to take all other actions that "Woodbridge Baric", in its discretion, deems necessary or proper to complete the transactions contemplated hereby and to perfect "Woodbridge Baric's" security interest or right of first distribution in the "Lawsuit/Claim."

(j) "I" am not now in arrears or default on any student loan. "I" have not received Aid to Families with Dependent Children, food stamp benefits or low-income energy assistance benefits, and the "Lawsuit/Claim" or any settlement arising from the "Lawsuit/Claim" is not subject to any lien by any governmental agency to which such benefits are owed.

(k) "I" am an adult of sound mind, not acting under duress or the influence of alcohol or other drugs.

(l) "I" have not entered into this transaction for the purpose of evading creditors.

(m) "I" have sought and received my own independent legal advice with respect to this transaction from my independent counsel.

(n) My counsel who represents me in the "Lawsuit/Claim" has reviewed this Agreement with me and has explained to me the costs and benefits of non-recourse financing and specifically the non-recourse Advance "I" am receiving from "Woodbridge Baric."

(o) The facts set forth by me in this Agreement all Exhibits thereto are true and complete and do not omit to disclose anything as a result of which those statements are incomplete, false or misleading.

(p) "I" hereby agree that "I" will not create or grant additional liens or rights of distribution against the settlement funds of my "Lawsuit/Claim" without the prior written consent of "WOODBRIDGE BARIC." "I" specifically promise not to create any liens against the proceeds of the "Lawsuit/Claim."

(q) "I" hereby represent and warrant that any and all information related to my case and/or this funding agreement which "I" provided to "WOODBRIDGE BARIC," my attorney or any of their related staff, experts, witnesses and other parties involved or related to my "Lawsuit/Claim" is accurate and complete in all respects and that "I" did not omit to tell or provide any information or documentation which would make any of the information related to my "Lawsuit/Claim" and/or "Woodbridge Baric's" decision to fund my case incomplete or inaccurate in all respects.

**6. Right of First Refusal:** In consideration for the time and expense incurred by "Woodbridge Baric" in preparing these and related documents and conducting investigations relating to my representations and warranties, "I" agree that "I" will not sell, assign, borrow against, pledge, or otherwise encumber the "Lawsuit/Claim" or anticipated settlement proceeds of the "Lawsuit/Claim" without first: (i) obtaining a written offer or proposal containing all material terms ("Offer"); (ii) giving "Woodbridge Baric" a copy of the written Offer and if, within five (5) days of receiving a copy of the Offer, "Woodbridge Baric" informs me that it elects to match the terms of the Offer, then "I" shall be obligated to execute all documents necessary to consummate such transaction with "Woodbridge Baric" on those terms. "I" grant "Woodbridge Baric" a security interest and/or a first right of distribution in all of my right, title and interest in and right to receive the proceeds from any settlement arising from the "Lawsuit/Claim" to the extent of "Woodbridge Baric's" right of first refusal contained herein. This right of first refusal shall survive any right "I" have to cancel this Agreement.

**7. Continuing Cooperation:** "I" have provided my attorney representing me in the "Lawsuit/Claim" with irrevocable instructions to repay "Woodbridge Baric" the ENTIRE amount due under this Agreement from any settlement proceeds "I" receive arising from the "Lawsuit/Claim." "I" have further instructed my attorney to cooperate with "Woodbridge Baric" and to give "Woodbridge Baric" periodic updates of the status of the "Lawsuit/Claim" as "Woodbridge Baric" requests. If "I" change attorneys, "I" will immediately notify "Woodbridge Baric" in writing of such change, and provide in writing to "Woodbridge Baric" the name,

*JAB.*

address and phone number of my new attorney. In the event "I" change attorneys, "I" will further advise my new attorney about my obligation to repay "Woodbridge Baric" my Advance pursuant to this Agreement. In the event I no longer have an attorney, I will direct any party that has agreed to or has been ordered to pay money to me arising from the Lawsuit/Claim to directly pay Woodbridge Baric all amounts I owe Woodbridge Baric pursuant to this Agreement without setoff. In the event that "Woodbridge Baric" requests that "I" sign any other documents in furtherance of this Agreement, "I" shall cooperate with "Woodbridge Baric." "I" agree irrevocably and direct my attorney to provide Woodbridge Baric a closing statement upon request.

**8. Request for Reduction:** "I" hereby acknowledge and agree that unless there is a proper and valid existing dispute as to the calculation of amount owed under this 'Agreement" neither "I" nor my attorneys will request a reduction in the amount owed to "Woodbridge Baric." A written explanation of the alleged dispute in the calculation of the amount owed to "Woodbridge Baric" must be provided in writing along with the total alleged due.

**9. Accord and Satisfaction:** "I" hereby acknowledge and agree that unless an existing dispute exists, payment to Woodbridge Baric of any money less than the total amount due will not be an accord and satisfaction and acceptance of payment it is not intended to be a superseding agreement.

**10. Arbitration:** Any dispute as to whether Woodbridge Baric or "I" have breached its obligations to the other under this Agreement by and between the parties will be submitted to binding commercial arbitration conducted in Palm Beach County, Florida by a single arbitrator selected by the American Arbitration Association (AAA) under AAA's commercial arbitration rules. The prevailing party of any such Arbitration shall be entitled to its attorneys fees from the other party.

**11. Right of Rescission:** "I" may rescind this agreement within 72 hours of the date of this Agreement, provided, however, that "I" return the entire Advance paid to me by "WOODBRIDGE BARIC" simultaneously with my rescission. "I" may do this by making personal delivery to "WOODBRIDGE BARIC's" offices (a) an un-deposited (or cashed) check that "WOODBRIDGE BARIC" provided to me pursuant to this Agreement; (b) a certified bank check in the exact amount that "WOODBRIDGE BARIC" paid me pursuant to this Agreement; or (c) a money order in the exact amount that "WOODBRIDGE BARIC" paid me pursuant to this Agreement.

**12. Miscellaneous:** "I" will receive any notices required at the address "I" have listed above. If "I" move, "I" will immediately notify "Woodbridge Baric" in writing within 72 hours of my new address. If any provisions of this agreement shall be deemed invalid or unenforceable by a final non-appealable judgment of a court having competent jurisdiction, it shall not affect the validity or enforceability of any other provision hereof and any such invalid or unenforceable provision shall be interpreted as to the fullest extent permitted by law. This written agreement represents the entire agreement between the parties. It may be only modified in writing. This agreement takes precedence over any prior understandings, representations or agreements. This agreement may be executed in separate counterparts. A signature or electronic signature transmitted by fax or other electronic means shall be effective with the same force and effect as the original signature. In the event "I" die or become incapacitated, the Repayment Amount "I" owe "Woodbridge Baric" under this Agreement shall not be considered a part of my estate and no heir, beneficiary or my estate shall be entitled to any of the settlement proceeds arising from the "Lawsuit/Claim" until "Woodbridge Baric" has been fully repaid the Advance Repayment amount described in this Agreement.

**13. Acceptance:** "I" hereby accept the Advance pursuant to the terms and conditions of this Agreement, grant "WOODBRIDGE BARIC" a security interest/senior lien pursuant and/or a first right to distribution under the terms and conditions of this Agreement, and assign/distribute the proceeds of my "Lawsuit/Claim" to the extent specified in this agreement on the _11_ day of _January_ , 20_12_.

Dated _1/11/12_ Signature _Jarrod Barre_  Print Name _Jarrod Barre_

**WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC**
**6353 W. ROGERS CIRCLE-UNIT 3**
**BOCA RATON, FL 33487**

## NOTICE OF SIGNIFICANT COSTS ASSOCIATED WITH RECEIVING NON-RECOURSE ADVANCE

WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC. ENGAGES IN THE BUSINESS OF HIGH RISK FUNDING FOR LITIGANTS WHO ARE IN NEED OF IMMEDIATE AND NECESSARY FINANCIAL ASSISTANCE. WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC. ONLY RECOVERS ITS INVESTMENT IF THE LITIGANT PREVAILS AT TRIAL OR REACHES A SETTLEMENT. AS THE RISK INVOLVED WITH SUCH A VENTURE IS INHERENTLY HIGH, THE COSTS ARE NECESSARILY EXTREME.

WE STRONGLY ADVISE YOU TO EXPLORE ALL OTHER LAWFUL FORMS OF FINANCING PRIOR TO ENTERING INTO AN AGREEMENT WITH A HIGH RISK FUNDING COMPANY SUCH AS WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC.

PLEASE TAKE TIME TO CONSIDER ALL OF YOUR OPTIONS. SHOULD YOU ELECT TO ENTER THIS AGREEMENT, PLEASE VERIFY BY SIGNING YOUR INITIALS BELOW:

I UNDERSTAND THAT THERE ARE EXTREMELY HIGH COSTS INVOLVED IN THIS TRANSACTION. I HAVE BEEN ADVISED THAT I SHOULD SEEK FINANCING FROM OTHER AVAILABLE SOURCES BEFORE ENTERING INTO THIS AGREEMENT. _____ (client's initials)

IF I OWN A HOUSE OR OTHER ASSETS, I HAVE EXPLORED ALTERNATE FINANCING FROM A MORTGAGE BROKER OR OTHER POTENTIAL LENDER PRIOR TO ENTERING THIS AGREEMENT. _____ (client's initials)

I HAVE BEEN INFORMED OF AND COMPLETELY UNDERSTAND THE SIGNIFICANT COSTS ASSOCIATED WITH RECEIVING THIS NON-RECOURSE ADVANCE. _____ (client's initials)

I HAVE READ AND COMPLETELY UNDERSTAND THE ABOVE DISCLOSURE.

| | | | |
|---|---|---|---|
| CLIENT'S SIGNATURE | 11 Jan 12 | WITNESS | WOODBRIDGE BARIC |
| | DATE | | REPRESENTATIVE |

## NOTICE TO LEGAL COUNSEL

RE: Case No. and/or Description:

CASE TYPE:_____Other_____
DOA:_____4/20/2010_____
CASE/CLAIM #__Jarrod Burrle v. BP Oil Company_____

To My Attorney, _Christine Mancuso, ESQ. and/or any successor counsel representing me on this case to:

By signing this Form I hereby advise you that I have entered into an Agreement with Woodbridge Baric Pre-Settlement Investments, LLC (Woodbridge Baric) involving the advancement of funds to me pursuant to my initial request, and, at my request, from time to time thereafter, with Woodbridge Barics consent, for which I have granted Woodbridge Baric a First Lien and Security Interest in and/or the Right of First Distribution of proceeds recoverable by me, or on my behalf by your Firm, to secure repayment of all outstanding principle and accrued interest, administrative fees and charges and Woodbridge Barics attorney/fees and costs in the event counsel is required and costs incurred to recover monies due. Notwithstanding the forgoing, Woodbridge Baric understands that as my attorney, you have a senior interest in my lawsuit/claim to recover your costs and fee.

I hereby irrevocably direct you and/or your law firm to provide Woodbridge Baric with written notice with a closing statement or proposed closing statement at such time as the case is settled or judgment is received, and to respond periodically to written requests from Woodbridge Baric for status reports. If the case does not yet have a case number, or the number referenced above is incorrect, please provide Woodbridge Baric with the case No. and court venue in which it is or is expected to be filed. I have authorized Woodbridge Baric to forward this signed document directly to you on my behalf.

I further hereby irrevocably authorize and direct you to contact Woodbridge Baric upon receipt of any proceeds arising from my lawsuit/claim and to pay Woodbridge Baric the entire amount due to Woodbridge Baric pursuant to the attached Assignment of Participation in Disputed Lawsuit Agreement/Right of First Distribution immediately upon Woodbridge Baric providing you with a written accounting and certification evidencing the entire amount due Woodbridge Baric. I further irrevocably authorize and direct you to pay Woodbridge Baric such full amount I owe Woodbridge Baric prior to making any other distribution of any lawsuit/claim proceeds to any third party (other than to you and/or your firm to recover your costs and agreed legal fee).

Witness my hand and seal this _11th_ day of _January_, 20_12_ this being my free act and deed.

Client Signature _Jarrod Burrle_

Print Name: _Jarrod Burrle_

Address, City, State, Zip: ██████████████████

## ACKNOWLEDGEMENT

Orleans   Parish
~~County~~ ss:

Louisiana
State of ~~Florida~~ ss:

The said   Jarrod Burrle   hereby acknowledges that he/she has reviewed this NOTICE TO LEGAL COUNSEL document, has had the opportunity to review this document with counsel, and fully understands and agrees to its terms and signs it as his/her free act and deed before me, a Notary Public this 11th day of January ,2012.

Notary Public:
My Commission Expires: for life

(Seal)

MICHELLE C. PURCHNER
NOTARY PUBLIC
PARISH OF JEFFERSON, STATE OF LA.
MY COMMISSION IS ISSUED FOR LIFE.
BAR ROLL NO. 30681

## CLIENT AUTHORIZATION FOR PAYMENT

I, **Jarrod Burrle** , hereby authorize and direct my attorney, **Christina Mancuso , ESQUIRE** or any subsequent attorney representing me to:

1. List Woodbridge Baric Pre-Settlement Investments, LLC. (Woodbridge Baric Funding) on the Closing/Settlement Statement for my date of accident of 4/20/2010.

2. Pay the amount due pursuant to the attached Assignment of Interest in Disputed Lawsuit /Right of First Distribution Agreement to Woodbridge Baric Pre-Settlement Investments, LLC. (Woodbridge Baric Funding) directly from the proceeds of my claim with a date of accident of 4/20/2010.

3. Issue a check directly to Woodbridge Baric Pre-Settlement Investments, LLC. (Woodbridge Baric Funding) from the trust account for my claim with a date of accident of 4/20/2010.

4. Accept this authorization for payment as an irrevocable document.

_____
Jarrod Burrle

_____
DATE

_____

Notary Public:
My Commission Expires:
(Seal)

Cc: Woodbridge Baric Pre-Settlement Investments, LLC.

MICHELLE C. PURCHNER
NOTARY PUBLIC
PARISH OF JEFFERSON, STATE OF LA.
MY COMMISSION IS ISSUED FOR LIFE.
BAR ROLL NO. 30881

## CLIENT APPLICATION

### A) PERSONAL INFORMATION

Home # ( 504 ) 569 - 3023 Cell# ( 504 ) 710 - 9933

First Name: JAPPON Middle Initial: ___ Last Name: Burrle

Address: 152 Adema Lane Po Box 645

City: Port Sulphur State: Le. Zip Code: 70083

Date of Birth: 09 / 09 / 1968 Social Security Number: 436 - 27 - 6604

Do you rent or own your home? _____ Time living at this address? Parents Home

Please provide the name and phone number of your land lord or mortgage company:

_____

### B) EMPLOYMENT INFORMATION

Are you currently working? If NO, please explain why: NO / Oilspill

Name of Employer: _____

Supervisor's Name & Phone# _____

### C) CRIMINAL HISTORY

Have you ever been in jail or prison for any reason? Yes If YES, explain why and how

long you were there Child Support - 7 days

### D) REFERENCES

1) Full Name: Randell Burrle Phone # ( 504 ) 347-8051
Address: 2256 Oglimere Harvey Lo 70058

2) Full Name: Mark Duncan Phone # ( 504 ) 339- 9052
Address: 2448 Paize Janette Dr, Harvey 76058

3) Full Name: Victor Shepherd Phone # ( 504 ) 985- 783-1752
Address: 295 Trailway Dr Hahnville, La

## Acknowledgement of Woodbridge Baric Pre-Settlement Investments, LLC's Lien on Claim Proceeds and/or Right of First Distribution

**Attorney: Christina Mancuso** / Jonathan Andry

**Client: Jarrod Burrle**

I hereby acknowledge that Woodbridge Baric Pre-Settlement Investments, LLC. ("WOODBRIDGE BARIC") has provided my Client with a non-recourse advance in exchange for an assignment of my Client's potential settlement proceeds and/or the right of first distribution of funds in my Client's lawsuit/claim pursuant to an Assignment of Participation in Disputed Lawsuit Agreement/Right of First Distribution of Funds (the "Agreement") attached hereto. I further acknowledge that my Client and the firm benefits as a result of my Client receiving said advance. To further my Client's ability to obtain such Advance (or future advances) from Woodbridge Baric, my Client has advised me and I have acknowledged that Woodbridge Baric has a lien and/or right of first distribution of funds against my client's portion of the proceeds in the above captioned matter. I further acknowledge that I have received and read a copy of the Agreement between my Client and WOODBRIDGE BARIC which details the terms and amount of this lien and/or right of first distribution of funds.

I understand that this lien and/or right of first distribution of funds is irrevocable and cannot be canceled by my Client without the express written permission of WOODBRIDGE BARIC.

I am unaware of any liens and/or rights of first distribution of funds from other non-recourse funding companies that pre-date the Woodbridge Baric lien and/or right of first distribution of funds created by the attached Agreement.

Prior to making any distribution to my client or any other third party creditor other than myself or my law firm in relation to the representation of my Client, I will contact WOODBRIDGE BARIC to obtain a confirmation of the outstanding amount due to WOODBRIDGE BARIC under the Agreement (as may be modified from time to time) and will pay WOODBRIDGE BARIC from my client's portion of the proceeds in such amount to the following address:

6353 W. Rogers Circle Unit # 3
Boca Raton, FL 33487
Tel. (561) 391-4215
Fax (561) 988-3001

If my Client discharges me, or I terminate representation of the Client, I will immediately notify WOODBRIDGE BARIC within 5 business days of the discharge in representation and will provide WOODBRIDGE BARIC with the name and contact information for the new attorney, if applicable. If applicable, I will notify the new attorney of WOODBRIDGE BARIC's lien and/or right of first distribution within 5 business days of said discharge..

Attorney Bar # _2008/_
State: _LA_

X _____
Attorney Signature

# WOODBRIDGE BARIC

## EXHIBIT A - REPAYMENT SCHEDULE

| Funding Date | 1/11/2012 |
|---|---|
| Funding Amount | $10,000.00 |
| Funding Fee | $2,890.00 |
| Delivery Fee | $40.00 |
| Total Amount Funded | $12,930.00 |
| Usage Fees (Compounded every 30 days) | 4.00% |

| If Paid on or before | Amount Due* |
|---|---|
| February 10, 2012 | $12,930.00 |
| March 11, 2012 | $12,930.00 |
| April 10, 2012 | $12,930.00 |
| May 10, 2012 | $15,173.24 |
| June 9, 2012 | $15,792.41 |
| July 9, 2012 | $16,436.84 |
| August 8, 2012 | $17,107.57 |
| September 7, 2012 | $17,805.67 |
| October 7, 2012 | $18,532.26 |
| November 6, 2012 | $19,288.49 |
| December 6, 2012 | $20,075.59 |
| January 5, 2013 | $20,894.80 |
| April 5, 2013 | $23,558.53 |
| July 4, 2013 | $26,561.84 |
| October 2, 2013 | $29,948.02 |
| December 31, 2013 | $33,765.87 |
| March 31, 2014 | $38,070.44 |
| June 29, 2014 | $42,923.77 |
| September 27, 2014 | $48,395.81 |
| December 26, 2014 | $54,565.45 |

* If Payment is received (principle and fees) within 90 days, interest is waived

I hereby acknowledge that I have reviewed this page and I agree to its terms.

X ___Jarrod Burrle___        _11 - Jan 12_
Jarrod Burrle                  Burrle

Payoff confirmation must be requested by phone 561-391-4215 or email payoff@baricenterprises.com

6353 W. Rogers Circle Ste. 3, Boca Raton, FL 33487 Toll Free: 866-481-6212   Fax: 561-988-3001





**BARIC ENTERPRISES INC.** 07/2004
6353 West Rogers Circle, Unit 3
Boca Raton, FL 33487
561-391-4215

9021

SUNTRUST
63-215/631

DATE 1/11/2012

PAY TO THE ORDER OF    Jarrod Burrie

$ **5,000.00

Five Thousand and 00/100******************************************************************************************** DOLLARS

Jarrod Burrie

MEMO

⑈00902⑈ 

**BARIC ENTERPRISES INC.** 07/2004
6353 West Rogers Circle, Unit 3
Boca Raton, FL 33487
561-391-4215

9020

SUNTRUST
63-215/631

DATE 1/11/2012

PAY TO THE ORDER OF    Jarrod Burrie

$ **5,000.00

Five Thousand and 00/100******************************************************************************************** DOLLAR

Jarrod Burrie

MEMO
BP Case WB/50/b50

⑈009020⑈

## FUNDS DELIVERY OPTIONS

### Please send payments to me by (Please check only one box):

☐ SAME DAY WIRE TRANSFER: Fee $50.00 (Fee will be added to contract. No out of pocket cost to you) . We will ONLY transfer funds to an account in your name. Please call your bank to verify wiring instructions. Incorrect information will only delay the processing of payment. Usually, your bank may charge you a fee to receive the transfer. All documents must be completed by 3:00 PM, Monday through Friday (except bank holidays).

Bank Name: _____

Routing/ABA# _____  Account # _____

Name on the Account: _____

Special Instructions: _____

☒ FEDERAL EXPRESS®: Overnight Delivery: Fee $40.00 – Monday through Friday (Fee will be added to contract. No out of pocket cost to you). Saturday Delivery Fee: $55.00. Documents must have been returned to us by 4:00 PM.

**Overnight Delivery Address**

Street Address _____ Apt# _____

City _____  State _____  Zip _____

☐ UNITED STATES POSTAL SERVICE® (First Class Mail): NO CHARGE . A check will be sent to you to your address ( print below) via U.S. First Class Mail (5-10 days). WARNING!!! We will not be responsible for delays due to postal or bank holidays or weekends. We cannot confirm delivery through this method. If check is lost in the mail, there is a $35.00 charge to put a stop on the check and send you a new one.

**First Class Mail Delivery Address**

Street Address _____ Apt# _____

City _____  State _____  Zip _____

☐ OFFICE PICK UP. NO CHARGE. Our address is 6353 W. Rogers Circle- Unit 3, Boca Raton, FL 33487

Terms: Boric will provide funds to client as requested by the client on this form.

By signing below, I hereby agree to terms of the Funds Delivery Options and understand that I am responsible for the information that I have provided on this form. Boric is not responsible for any delivery issues or transfer of funds, so long it follows the instructions provided by me on this form. If I change my mind in regards to the delivery options at the time the contract is printed and the proper fees is not included in the contract, I agree that Boric will automatically add the selected charges to my account.

Client's Signature: _____  Date: 11 Jan 12

From: (561) 391-4215
Myriam Leiva
BARIC FUNDING
6353 W. ROGERS CIRCLE
UNIT 3
BOCA RATON, FL 33487

Origin ID: BCTA



Ship Date: 11JAN12
ActWgt: 0.5 LB
CAD: 102082512/WSXI2200

Delivery Address Bar Code



SHIP TO: (504) 710-9933
**Jarrod Burrie**
**Jarrod Burrie**

Ref #
Invoice #
PO #
Dept #




THU - 12 JAN   A6
**PRIORITY OVERNIGHT**

TRK#   7979 3816 2354
0201

**XH MSYA**

DSR

**70083**

LA-US
**MSY**



50FG2/A78E/F5F4

This AWB label should print in full on one page. If the label does not print completely on one page use the ◆shrink to fit◆ or ◆whole page◆ option on your page settings, or change all the page margins to 0.7cm.

Please call your local office for further assistance if required.

WARNING: USE ONLY THE PRINTED ORIGINAL LABELS FOR SHIPPING TO ENSURE THE TIMELY DELIVERY OF YOUR PACKAGE.

CONDITIONS OF CONTRACT: [dense fine print terms and conditions, largely illegible]

DATE 2/16/2012   CHECK # 170
                           171        AGREEMENT # ②

## ASSIGNMENT OF PARTICIPATION IN DISPUTED LAWSUIT/ RIGHT OF FIRST DISTRIBUTION OF FUNDS IN A LEGAL CLAIM

This Assignment of Participation in Disputed Lawsuit/Right Of First Distribution of Funds in a Legal Claim ("Agreement") is by and between **Jarrod Burrle, an individual with a principal residence at** ▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Me" or "I") and Woodbridge Baric Pre-Settlement investments, LLC, a corporation with a principal place of business at 6353 W. Rogers Circle Unit # 3, Boca Raton, FL 33487("Woodbridge Baric")

### RECITALS

"I" represent and warrant that "I" am a plaintiff/claimant in a lawsuit/claim ("Lawsuit/Claim").

"I" represent and warrant that "I" am represented by the law firm of **Injury Law Group , LLC** and that my lawyer is **Christina Mancuso** with an office at **610 Baronne StreetNew Orleans , LA  70113** ,telephone number:**504-525-5535**. My counsel is unrelated to and not being compensated by "Woodbridge Baric".The "Lawsuit/Claim" case number is: **Jarrod Burrle v. BP Oil Company**.

The likelihood of recovering money in my "Lawsuit/Claim" is uncertain both as to time and amount.

To defray expenses while the "Lawsuit/Claim" is pending, "I" have asked "Woodbridge Baric" to advance me money for my immediate economic necessities in exchange for this "Agreement"

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1.Advance: I acknowledge receipt of $ **8000.00** (client initials) from (Woodbridge Baric).

2. **Advance Repayment:** To repay my Advance, I am assigning an interest in and/or directing a distribution of funds from my "Lawsuit/Claim" equal to the Advance (as defined below) together with an accrued use fee and other fees or costs, from the proceeds of my "Lawsuit/Claim" whether by settlement, judgment or otherwise. The monthly fee shall be a charge in the amount of (rate %) 4.0 percent compound interest on the principal amount, the administration fee and delivery fee, per 30 (thirty) day increments. There will be an administration fee of (fee$)**$2312.00** (client initials) and delivery fee of **$40.00** (client initials)for this "Agreement," which will additionally accrue applicable interest charges stated above. **If the Advance Repayment is received in full (principal plus fees) within 90 (ninety) days, then "WOODBRIDGE BARIC" will waive the interest charges.** The fees are charged from this date until payments of proceeds are made to "WOODBRIDGE BARIC" in the form of a senior lien and first right of distribution, after attorney's fees and costs, against any settlement arising from the Lawsuit/Claim. These amounts will be deducted from the proceeds of my "Lawsuit/Claim" by my lawyer and paid directly to "Woodbridge Baric." If I recover money from my "Lawsuit/Claim" which is insufficient to pay the full amount due to "WOODBRIDGE BARIC", then the Advance Repayment will be limited to the actual settlement amount of the "Lawsuit/Claim."

3. IN THE EVENT "I" DO NOT RECOVER ANY MONEY FROM THE "LAWSUIT/CLAIM," "I" SHALL NOT BE OBLIGATED TO REPAY THE ADVANCE TO WOODBRIDGE BARIC.

4. **Security Interest/Lien and/or Right of First Distribution of Funds:** "I" hereby grant "WOODBRIDGE BARIC," a security interest and senior lien and/or first right of distribution of funds, after attorney's fees and costs, in the amount of the Advance **$8000.00** (client initials) plus **$2352.00** (client's initials) administration and delivery fees increased by (rate %) 4.0 percent compound interest on the sum advanced and first referenced above. There will be no interest charges if payment is received in full, within 90

days of this agreement. If this assignment were ever deemed to be a secured financing, I hereby grant to "Woodbridge Baric" a first perfected security interest and right of first distribution of funds in the "Lawsuit/Claim" and "I" hereby authorize "Woodbridge Baric" to file any legal actions against myself and my attorney, including a UCC-1 financing statement, against the "Lawsuit/Claim" to secure "Woodbridge Baric's" right to the Advance Repayment. Should further litigation arise in conjunction with the "Lawsuit/Claim" and/or should the outcome of the "Lawsuit/Claim" form the basis of a new related or unrelated cause of action, "Woodbridge Baric's" senior lien/security interest and/or right of first distribution of funds will attach to the future action to the extent of any remaining balance under this Agreement. The Repayment Amount "I" owe to "Woodbridge Baric" shall be withheld from any money collected as a result of the "Lawsuit/Claim" and paid immediately upon collection to "WOODBRIDGE BARIC." The amount due shall be paid immediately after my attorney's fees (including the expenses charged by my attorney for costs) and after payment to any lien holders that have priority by law. "I" will not receive any money from the proceeds of the "Lawsuit/Claim" until "Woodbridge Baric" has been paid in full. This shall also apply to any structured settlement of my "Lawsuit/Claim."

5. Representations and Warranties: To induce "Woodbridge Baric" to pay "Me" the Advance and to take an assignment and or right of first distribution of my "Lawsuit/Claim," "I" hereby make the following representations and warranties under penalty of perjury, as of the date of this Agreement. "I" further authorize "Woodbridge Baric" or its agents to conduct any investigation, including credit and other searches, to confirm the accuracy of my representations and warranties. "I" understand that "Woodbridge Baric" is relying on the below representations and warranties to pay me the Advance. In the event any of my representations and warranties below are untrue, "I" agree to indemnify and hold harmless "WOODBRIDGE BARIC" against any and all losses, expenses, costs (including the Advanced Amount and any attorneys fees incurred by "WOODBRIDGE BARIC" related to my case), in addition to any other interest and penalties or other remedies available by law.

(a) "I" do not owe any money which impairs Woodbridge Baric's lien and/or Right of First Distribution to (i) any present or former spouse for support, maintenance or similar obligations, (ii) any child of Mine, or the guardian of any such child, for child support or similar payments, or (iii) any governmental entity for payments made in connection with any spouse or child.

(b) "I" have the full power and authority to enter into this Agreement without the consent of any third party to do so, including without limitation, the consent of any spouse, former spouse, partner, co-owner or co-venturers.

(c) My "Lawsuit/Claim" is free and clear of any right, interest, or claim of any other person or entity other than my lawyer representing me in the Lawsuit. "I" have not previously assigned, pledged or otherwise encumbered any portion of the "Lawsuit/Claim" nor does any third party other than my attorney have any interest in the outcome of the "Lawsuit/Claim."

(d) The "Lawsuit/Claim" is not subject to any outstanding or unsatisfied judgment, levy or claim.

(e) "I" have never voluntarily filed for bankruptcy or been subject to an involuntary bankruptcy proceeding.

(f) There are no lawsuits or claims pending or threatened against me, and "I" know of no basis for any such lawsuit or claim.

(g) "I" have paid or will pay all federal, state and local taxes due through the date of this Sale Agreement and the Assignment Date.

(h) There are no outstanding or unsatisfied judgments or federal, state or local tax or other liens against me or the "Lawsuit/Claim".

(i) "I" authorize "Woodbridge Baric" and to make all filings and to take all other actions that "Woodbridge Baric", in its discretion, deems necessary or proper to complete the transactions contemplated hereby and to perfect "Woodbridge Baric's" security interest or right of first distribution in the "Lawsuit/Claim."

(j) "I" am not now in arrears or default on any student loan. "I" have not received Aid to Families with Dependent Children, food stamp benefits or low-income energy assistance benefits, and the "Lawsuit/Claim" or any settlement arising from the "Lawsuit/Claim" is not subject to any lien by any governmental agency to which such benefits are owed.

(k) "I" am an adult of sound mind, not acting under duress or the influence of alcohol or other drugs.

(l) "I" have not entered into this transaction for the purpose of evading creditors.

(m) "I" have sought and received my own independent legal advice with respect to this transaction from my independent counsel.

(n) My counsel who represents me in the "Lawsuit/Claim" has reviewed this Agreement with me and has explained to me the costs and benefits of non-recourse financing and specifically the non-recourse Advance "I" am receiving from "Woodbridge Baric."

(o) The facts set forth by me in this Agreement all Exhibits thereto are true and complete and do not omit to disclose anything as a result of which those statements are incomplete, false or misleading.

(p) "I" hereby agree that "I" will not create or grant additional liens or rights of distribution against the settlement funds of my "Lawsuit/Claim" without the prior written consent of "WOODBRIDGE BARIC." "I" specifically promise not to create any liens against the proceeds of the "Lawsuit/Claim."

(q) "I" hereby represent and warrant that any and all information related to my case and/or this funding agreement which "I" provided to "WOODBRIDGE BARIC," my attorney or any of their related staff, experts, witnesses and other parties involved or related to my "Lawsuit/Claim" is accurate and complete in all respects and that "I" did not omit to tell or provide any information or documentation which would make any of the information related to my "Lawsuit/Claim" and/or "Woodbridge Baric's" decision to fund my case incomplete or inaccurate in all respects.

**6. Right of First Refusal:** In consideration for the time and expense incurred by "Woodbridge Baric" in preparing these and related documents and conducting investigations relating to my representations and warranties, "I" agree that "I" will not sell, assign, borrow against, pledge, or otherwise encumber the "Lawsuit/Claim" or anticipated settlement proceeds of the "Lawsuit/Claim" without first: (i) obtaining a written offer or proposal containing all material terms ("Offer"); (ii) giving "Woodbridge Baric" a copy of the written Offer and if, within five (5) days of receiving a copy of the Offer, "Woodbridge Baric" informs me that it elects to match the terms of the Offer, then "I" shall be obligated to execute all documents necessary to consummate such transaction with "Woodbridge Baric" on those terms. "I" grant "Woodbridge Baric" a security interest and/or a first right of distribution in all of my right, title and interest in and right to receive the proceeds from any settlement arising from the "Lawsuit/Claim" to the extent of "Woodbridge Baric's" right of first refusal contained herein. This right of first refusal shall survive any right "I" have to cancel this Agreement.

**7. Continuing Cooperation:** "I" have provided my attorney representing me in the "Lawsuit/Claim" with irrevocable instructions to repay "Woodbridge Baric" the ENTIRE amount due under this Agreement from any settlement proceeds "I" receive arising from the "Lawsuit/Claim." "I" have further instructed my attorney to cooperate with "Woodbridge Baric" and to give "Woodbridge Baric" periodic updates of the status of the "Lawsuit/Claim" as "Woodbridge Baric" requests. If "I" change attorneys, "I" will immediately notify "Woodbridge Baric" in writing of such change, and provide in writing to "Woodbridge Baric" the name,

J.A.B.

3/11

address and phone number of my new attorney. In the event "I" change attorneys, "I" will further advise my new attorney about my obligation to repay "Woodbridge Baric" my Advance pursuant to this Agreement. In the event I no longer have an attorney, I will direct any party that has agreed to or has been ordered to pay money to me arising from the Lawsuit/Claim to directly pay Woodbridge Baric all amounts I owe Woodbridge Baric pursuant to this Agreement without setoff. In the event that "Woodbridge Baric" requests that "I" sign any other documents in furtherance of this Agreement, "I" shall cooperate with "Woodbridge Baric." "I" agree irrevocably and direct my attorney to provide Woodbridge Baric a closing statement upon request.

**8. Request for Reduction:** "I" hereby acknowledge and agree that unless there is a proper and valid existing dispute as to the calculation of amount owed under this 'Agreement" neither "I" nor my attorneys will request a reduction in the amount owed to "Woodbridge Baric." A written explanation of the alleged dispute in the calculation of the amount owed to "Woodbridge Baric" must be provided in writing along with the total alleged due.

**9. Accord and Satisfaction:** "I" hereby acknowledge and agree that unless an existing dispute exists, payment to Woodbridge Baric of any money less than the total amount due will not be an accord and satisfaction and acceptance of payment it is not intended to be a superseding agreement.

**10. Arbitration:** Any dispute as to whether Woodbridge Baric or "I" have breached its obligations to the other under this Agreement by and between the parties will be submitted to binding commercial arbitration conducted in Palm Beach County, Florida by a single arbitrator selected by the American Arbitration Association (AAA) under AAA's commercial arbitration rules. The prevailing party of any such Arbitration shall be entitled to its attorneys fees from the other party.

**11. Right of Rescission:** "I" may rescind this agreement within 72 hours of the date of this Agreement, provided, however, that "I" return the entire Advance paid to me by "WOODBRIDGE BARIC" simultaneously with my rescission. "I" may do this by making personal delivery to "WOODBRIDGE BARIC's" offices (a) an un-deposited (or cashed) check that "WOODBRIDGE BARIC" provided to me pursuant to this Agreement; (b) a certified bank check in the exact amount that "WOODBRIDGE BARIC" paid me pursuant to this Agreement; or (c) a money order in the exact amount that "WOODBRIDGE BARIC" paid me pursuant to this Agreement.

**12. Miscellaneous:** "I" will receive any notices required at the address "I" have listed above. If "I" move, "I" will immediately notify "Woodbridge Baric" in writing within 72 hours of my new address. If any provisions of this agreement shall be deemed invalid or unenforceable by a final non-appealable judgment of a court having competent jurisdiction, it shall not affect the validity or enforceability of any other provision hereof and any such invalid or unenforceable provision shall be interpreted as to the fullest extent permitted by law. This written agreement represents the entire agreement between the parties. It may be only modified in writing. This agreement takes precedence over any prior understandings, representations or agreements. This agreement may be executed in separate counterparts. A signature or electronic signature transmitted by fax or other electronic means shall be effective with the same force and effect as the original signature. In the event "I" die or become incapacitated, the Repayment Amount "I" owe "Woodbridge Baric" under this Agreement shall not be considered a part of my estate and no heir, beneficiary or my estate shall be entitled to any of the settlement proceeds arising from the "Lawsuit/Claim" until "Woodbridge Baric" has been fully repaid the Advance Repayment amount described in this Agreement.

**13. Acceptance:** "I" hereby accept the Advance pursuant to the terms and conditions of this Agreement, grant "WOODBRIDGE BARIC" a security interest/senior lien pursuant and/or a first right to distribution under the terms and conditions of this Agreement, and assign/distribute the proceeds of my "Lawsuit/Claim" to the extent specified in this agreement on the _16_ day of _February_____, 20_12_.

Dated _2/16/12_  Signature _Jarrod Burke_    Print Name J. ARROD BURRLE

WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC
6353 W. ROGERS CIRCLE-UNIT 3
BOCA RATON, FL 33487

## NOTICE OF SIGNIFICANT COSTS ASSOCIATED WITH RECEIVING NON-RECOURSE ADVANCE

WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC. ENGAGES IN THE BUSINESS OF HIGH RISK FUNDING FOR LITIGANTS WHO ARE IN NEED OF IMMEDIATE AND NECESSARY FINANCIAL ASSISTANCE. WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC. ONLY RECOVERS ITS INVESTMENT IF THE LITIGANT PREVAILS AT TRIAL OR REACHES A SETTLEMENT. AS THE RISK INVOLVED WITH SUCH A VENTURE IS INHERENTLY HIGH, THE COSTS ARE NECESSARILY EXTREME.

WE STRONGLY ADVISE YOU TO EXPLORE ALL OTHER LAWFUL FORMS OF FINANCING PRIOR TO ENTERING INTO AN AGREEMENT WITH A HIGH RISK FUNDING COMPANY SUCH AS WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC.

PLEASE TAKE TIME TO CONSIDER ALL OF YOUR OPTIONS. SHOULD YOU ELECT TO ENTER THIS AGREEMENT, PLEASE VERIFY BY SIGNING YOUR INITIALS BELOW:

I UNDERSTAND THAT THERE ARE EXTREMELY HIGH COSTS INVOLVED IN THIS TRANSACTION. I HAVE BEEN ADVISED THAT I SHOULD SEEK FINANCING FROM OTHER AVAILABLE SOURCES BEFORE ENTERING INTO THIS AGREEMENT. __TAK__ (client's initials)

IF I OWN A HOUSE OR OTHER ASSETS, I HAVE EXPLORED ALTERNATE FINANCING FROM A MORTGAGE BROKER OR OTHER POTENTIAL LENDER PRIOR TO ENTERING THIS AGREEMENT. __TAK__ (client's initials)

I HAVE BEEN INFORMED OF AND COMPLETELY UNDERSTAND THE SIGNIFICANT COSTS ASSOCIATED WITH RECEIVING THIS NON-RECOURSE ADVANCE. __JAK__ (client's initials)

I HAVE READ AND COMPLETELY UNDERSTAND THE ABOVE DISCLOSURE.

_____   ____ To 16/26/12 ____   _____   _____
CLIENT'S SIGNATURE          DATE                    WITNESS           WOODBRIDGE BARIC
                                                                      REPRESENTATIVE

## NOTICE TO LEGAL COUNSEL

RE: Case No. and/or Description:

CASE TYPE: ____Other____
DOA: ____4/20/2010____
CASE/CLAIM #__Jarrod Burrle v. BP Oil Company____

To My Attorney, _Christina Mancuso, ESQ. and/or any successor counsel representing me on this case to:_

By signing this Form I hereby advise you that I have entered into an Agreement with Woodbridge Baric Pre-Settlement Investments, LLC (Woodbridge Baric) involving the advancement of funds to me pursuant to my initial request, and, at my request, from time to time thereafter, with Woodbridge Barics consent, for which I have granted Woodbridge Baric a First Lien and Security Interest in and/or the Right of First Distribution of proceeds recoverable by me, or on my behalf by your Firm, to secure repayment of all outstanding principle and accrued interest, administrative fees and charges and Woodbridge Barics attorney/fees and costs in the event counsel is required and costs incurred to recover monies due. Notwithstanding the forgoing, Woodbridge Baric understands that as my attorney, you have a senior interest in my lawsuit/claim to recover your costs and fee.

I hereby irrevocably direct you and/or your law firm to provide Woodbridge Baric with written notice with a closing statement or proposed closing statement at such time as the case is settled or judgment is received, and to respond periodically to written requests from Woodbridge Baric for status reports. If the case does not yet have a case number, or the number referenced above is incorrect, please provide Woodbridge Baric with the case No. and court venue in which it is or is expected to be filed. I have authorized Woodbridge Baric to forward this signed document directly to you on my behalf.

I further hereby irrevocably authorize and direct you to contact Woodbridge Baric upon receipt of any proceeds arising from my lawsuit/claim and to pay Woodbridge Baric the entire amount due to Woodbridge Baric pursuant to the attached Assignment of Participation in Disputed Lawsuit Agreement/Right of First Distribution immediately upon Woodbridge Baric providing you with a written accounting and certification evidencing the entire amount due Woodbridge Baric. I further irrevocably authorize and direct you to pay Woodbridge Baric such full amount I owe Woodbridge Baric prior to making any other distribution of any lawsuit/claim proceeds to any third party (other than to you and/or your firm to recover your costs and agreed legal fee).

Witness my hand and seal this __16_ day of ___February___, 200__ this being my free act and deed.

Client Signature ___Jarrod Burrle___

Print Name: __JARROD   BURRLE__

Address, City, State, Zip: _____

Orleans          Parish **ACKNOWLEDGEMENT**
_____ , ~~County~~ ss:
Louisiana
State of ~~Florida~~ ss:

The said   Jarrod Burrle   hereby acknowledges that he/she has reviewed this NOTICE TO LEGAL COUNSEL document, has had the opportunity to review this document with counsel, and fully understands and agrees to its terms and signs it as his/her free act and deed before me, a Notary Public this ___ day of ___ Feb ___, 20$ 2 .

Notary Public:
My Commission Expires: __ for life

(Seal)

MICHELLE C. PURCHNER
NOTARY PUBLIC
PARISH OF JEFFERSON, STATE OF LA.
MY COMMISSION IS ISSUED FOR LIFE.
BAR ROLL NO. 30681

## CLIENT AUTHORIZATION FOR PAYMENT

I, **Jarrod Burrle** , hereby authorize and direct my attorney,**ChristinaMancuso** , **ESQUIRE** or any subsequent attorney representing me to:

1. List Woodbridge Baric Pre-Settlement Investments, LLC. (Woodbridge Baric Funding) on the Closing/Settlement Statement for my date of accident of 4/20/2010.

2. Pay the amount due pursuant to the attached Assignment of Interest in Disputed Lawsuit /Right of First Distribution Agreement to Woodbridge Baric Pre-Settlement Investments, LLC. (Woodbridge Baric Funding) directly from the proceeds of my claim with a date of accident of 4/20/2010.

3. Issue a check directly to Woodbridge Baric Pre-Settlement Investments, LLC. (Woodbridge Baric Funding) from the trust account for my claim with a date of accident of 4/20/2010.

4. Accept this authorization for payment as an irrevocable document.

_____
JarrodBurrle

_16 76 5  1 2_
DATE

_____
Notary Public:
My Commission Expires: _For life_
(Seal)

Cc: Woodbridge Baric Pre-Settlement Investments, LLC.

**MICHELLE C. PURCHNER**
NOTARY PUBLIC
PARISH OF JEFFERSON, STATE OF LA.
MY COMMISSION IS ISSUED FOR LIFE
BAR ROLL NO. 30681

# WOODBRIDGE BARIC

| Funding Date | 2/15/2012 |
|---|---|
| Funding Amount | $8,000.00 |
| Funding Fee | $2,312.00 |
| Delivery Fee | $40.00 |
| Total Amount Funded | $10,352.00 |
| Usage Fees (Compounded every 30 days) | 4.00% |

| If Paid on or before | Amount Due* |
|---|---|
| March 16, 2012 | $10,352.00 |
| April 15, 2012 | $10,352.00 |
| May 15, 2012 | $10,352.00 |
| June 14, 2012 | $12,147.98 |
| July 14, 2012 | $12,643.70 |
| August 13, 2012 | $13,159.64 |
| September 12, 2012 | $13,696.64 |
| October 12, 2012 | $14,255.55 |
| November 11, 2012 | $14,837.27 |
| December 11, 2012 | $15,442.73 |
| January 10, 2013 | $16,072.89 |
| February 9, 2013 | $16,728.77 |
| May 10, 2013 | $18,861.40 |
| August 8, 2013 | $21,265.90 |
| November 6, 2013 | $23,976.94 |
| February 4, 2014 | $27,033.59 |
| May 5, 2014 | $30,479.91 |
| August 3, 2014 | $34,365.57 |
| November 1, 2014 | $38,746.59 |
| January 30, 2015 | $43,686.12 |

* If Payment is received (principle and fees) within 90 days, interest is waived

I hereby acknowledge that I have reviewed this page and I agree to its terms.

X _Jarrod Burre_

Jarrod Burrle

6.26.12

DATE

Payoff confirmation must be requested by phone 561-391-4215 or email payoff@baricenterprises.com

6353 W. Rogers Circle Ste. 3, Boca Raton, FL 33487   Toll Free: 866-481-6212   Fax: 561-988-3001

**Acknowledgement of Woodbridge Baric Pre-Settlement investments, LLC's Lien on Claim Proceeds and/or Right of First Distribution**

Attorney: ~~Christina Mancuso~~ JONATHAN ANDRY

**Client: Jarrod Burrle**

I hereby acknowledge that Woodbridge Baric Pre-Settlement Investments, LLC. ("WOODBRIDGE BARIC") has provided my Client with a non-recourse advance in exchange for an assignment of my Client's potential settlement proceeds and/or the right of first distribution of funds in my Client's lawsuit/claim pursuant to an Assignment of Participation in Disputed Lawsuit Agreement/Right of First Distribution of Funds (the "Agreement") attached hereto. I further acknowledge that my Client and the firm benefits as a result of my Client receiving said advance. To further my Client's ability to obtain such Advance (or future advances) from Woodbridge Baric, my Client has advised me and I have acknowledged that Woodbridge Baric has a lien and/or right of first distribution of funds against my client's portion of the proceeds in the above captioned matter. I further acknowledge that I have received and read a copy of the Agreement between my Client and WOODBRIDGE BARIC which details the terms and amount of this lien and/or right of first distribution of funds.

I understand that this lien and/or right of first distribution of funds is irrevocable and cannot be canceled by my Client without the express written permission of WOODBRIDGE BARIC.

I am unaware of any liens and/or rights of first distribution of funds from other non-recourse funding companies that pre-date the Woodbridge Baric lien and/or right of first distribution of funds created by the attached Agreement.

Prior to making any distribution to my client or any other third party creditor other than myself or my law firm in relation to the representation of my Client, I will contact WOODBRIDGE BARIC to obtain a confirmation of the outstanding amount due to WOODBRIDGE BARIC under the Agreement (as may be modified from time to time) and will pay WOODBRIDGE BARIC from my client's portion of the proceeds in such amount to the following address:

6353 W. Rogers Circle Unit # 3
Boca Raton, FL 33487
Tel. (561) 391-4215
Fax (561) 988-3001

If my Client discharges me, or I terminate representation of the Client, I will immediately notify WOODBRIDGE BARIC within 5 business days of the discharge in representation and will provide WOODBRIDGE BARIC with the name and contact information for the new attorney, if applicable. If applicable, I will notify the new attorney of WOODBRIDGE BARIC's lien and/or right of first distribution within 5 business days of said discharge..

Attorney Bar # 2008

State:

X _____
Attorney Signature

## FUNDS DELIVERY OPTIONS

### Please send payments to me by (Please check only one box):

☐

**SAME DAY WIRE TRANSFER: Fee $50.00** (Fee will be added to contract. No out of pocket cost to you) . We will ONLY transfer funds to an account in your name. Please call your bank to verify wiring instructions. Incorrect information will only delay the processing of payment. Usually, your bank may charge you a fee to receive the transfer. All documents must be completed by 3:00 PM, Monday through Friday (except bank holidays).

Bank Name: _____

Routing/ABA# _____ Account # _____

Name on the Account: _____

Special Instructions: _____

☒

**FEDERAL EXPRESS®: Overnight Delivery: Fee $40.00 – Monday through Friday** (Fee will be added to contract. No out of pocket cost to you). **Saturday Delivery Fee: $55.00.** Documents must have been returned to us by 4:00 PM.

Overnight Delivery Address

Street Address _ANDREY LAW GROUP 610 BARONNE STREET_ Apt# _____

City _New ORLEANS_ State _LA_ Zip _70113_

☐

**UNITED STATES POSTAL SERVICE® (First Class Mail): NO CHARGE** . A check will be sent to you to your address ( print below) via U.S. First Class Mail (5-10 days). WARNING!!! We will not be responsible for delays due to postal or bank holidays or weekends. We cannot confirm delivery through this method. If check is lost in the mail, there is a $35.00 charge to put a stop on the check and send you a new one.

First Class Mail Delivery Address

Street Address _____ Apt# _____

City _____ State _____ Zip _____

☐

**OFFICE PICK UP. NO CHARGE.** Our address is 6353 W. Rogers Circle- Unit 3, Boca Raton, FL 33487

*Terms: Baric will provide funds to client as requested by the client on this form.*

*By signing below, I hereby agree to terms of the Funds Delivery Options and understand that I am responsible for the information that I have provided on this form. Baric is not responsible for any delivery issues or transfer of funds, so long it follows the instructions provided by me on this form. If I change my mind in regards to the delivery options at the time the contract is printed and the proper fees is not included in the contract, I agree that Baric will automatically add the selected charges to my account.*

Client's Signature _____ Date: _16 Feb 12_

Print Name: _____

**WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC**
6353 West Rogers Circle, Unit 3
Boca Raton, FL 33487
561-391-4215

63-215/631

169

DATE 2/16/2012

PAY TO THE ORDER OF _____ Jarrod Burrle

$ 2500.00

Two Thousand Five Hundred........................00/100 DOLLARS

SUNTRUST

MEMO: _____ Funding #2 Atty Mancuso

AUTHORIZED SIGNATURE

⑈0001690⑈ ⑆

---

**WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC**
6353 West Rogers Circle, Unit 3
Boca Raton, FL 33487
561-391-4215

63-215/631

170

DATE 2/16/2012

PAY TO THE ORDER OF _____ Jarrod Burrle

$ 2500.00

Two Thousand Five Hundred........................00/100 DOLLARS

SUNTRUST

MEMO: _____ Funding #2 Atty Mancuso

AUTHORIZED SIGNATURE

⑈000170⑈ ⑆

---

**WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC**
6353 West Rogers Circle, Unit 3
Boca Raton, FL 33487
561-391-4215

63-215/631

171

DATE 2/16/2012

PAY TO THE ORDER OF _____ Jarrod Burrle

$ 3000.00

Three Thousand................................00/100 DOLLARS

SUNTRUST

MEMO: _____ Funding #2 Atty Mancuso

AUTHORIZED SIGNATURE

⑈000171⑈ ⑆

DATE 8/27/2012   CHECK # Wire   AGREEMENT # X3

## ASSIGNMENT OF PARTICIPATION IN DISPUTED LAWSUIT/ RIGHT OF FIRST DISTRIBUTION OF FUNDS IN A LEGAL CLAIM

This Assignment of Participation in Disputed Lawsuit/Right Of First Distribution of Funds in a Legal Claim ("Agreement") is by and between Jarrod Burrle, an individual with a principal residence at ███████████████ Louisiana ██████ ("Me" or "I") and Woodbridge Baric Pre-Settlement Investments, LLC, a corporation with a principal place of business id 6353 W. Rogers Circle Unit # 3, Boca Raton, FL 33487("Woodbridge Baric")

### RECITALS

"I" represent and warrant that "I" am a plaintiff/claimant in a lawsuit/claim ("Lawsuit/Claim").

"I" represent and warrant that "I" am represented by the law firm of __Andry Law Group , LLC__ and that my lawyer is __Christina Mancuso__ used with an office at __610 Baronne StreetNew Orleans, LA  70113__ ,telephone number:504-525-5535. My counsel is unrelated to and not being compensated by "Woodbridge Baric".The "Lawsuit/Claim" case number is: Jarrod Burrle v. BP Oil Company.

The likelihood of recovering money in my "Lawsuit/Claim" is uncertain both as to time and amount.

To defray expenses while the "Lawsuit/Claim" is pending, "I" have asked "Woodbridge Baric" to advance me money for my immediate economic necessities in exchange for this "Agreement"

NOW THEREFORE, IT IS AGREED AS FOLLOWS:   J.A O.

**1.Advance:** I acknowledge receipt of $ 6000.00 (client initials) from (Woodbridge Baric).

**2. Advance Repayment:** To repay my Advance, I am assigning an interest in and/or directing a distribution of funds from my "Lawsuit/Claim" equal to the Advance (as defined below) together with an accrued use fee and other fees or costs from the proceeds of my "Lawsuit/Claim" whether by settlement, judgment or otherwise. The monthly fee shall be a charge in the amount of (rate %) 4.0 percent compound interest on the principal amount, the administration fee and delivery fee, per 30 (thirty) day thereafter. There will be an administration fee of (fee $)$1799.00 (client initials) and delivery fee of $80.00 (client initials)for this "Agreement," which will additionally accrue applicable interest charges stated above. If the Advance Repayment is received in full (principal plus fees) within 90 (ninety) days, then "WOODBRIDGE BARIC" will waive the interest charges. The fees are charged from this date until payments of proceeds are made to "WOODBRIDGE BARIC" in the form of a senior lien and first right of distribution, after attorney's fees and costs, against any settlement arising from the Lawsuit/Claim. These amounts will be deducted from the proceeds of my "Lawsuit/Claim" by my lawyer and paid directly to "Woodbridge Baric." If I recover money from my "Lawsuit/Claim" which is insufficient to pay the full amount due to "WOODBRIDGE BARIC", then the Advance Repayment will be limited to the actual settlement amount of the "Lawsuit/Claim."

**3.** IN THE EVENT "I" DO NOT RECOVER ANY MONEY FROM THE "LAWSUIT/CLAIM," "I" SHALL NOT BE OBLIGATED TO REPAY THE ADVANCE TO WOODBRIDGE BARIC.

**4. Security Interest/Lien and/or Right of First Distribution of Funds:** "I" hereby grant "WOODBRIDGE BARIC." a security interest and senior lien and/or first right of distribution of funds, after attorney's fees and costs, in the amount of the Advance $5000.00 (client initials) plus $1799.00 (client's initials) administration and delivery fees increased by (rate %) 4.0 percent compound interest on the sum advanced and first referenced above. There will be no interest charges if payment is received in full, within 90

4/14



days of this agreement. If this assignment were ever deemed to be a secured financing, I hereby grant to "Woodbridge Baric" a first perfected security interest and right of first distribution of funds in the "Lawsuit/Claim" and "I" hereby authorize "Woodbridge Baric" to file any legal actions against myself and my attorney, including a UCC-1 financing statement, against the "Lawsuit/Claim" to secure "Woodbridge Baric's" right to the Advance Repayment. Should further litigation arise in conjunction with the "Lawsuit/Claim" and/or should the outcome of the "Lawsuit/Claim" form the basis of a new related or unrelated cause of action, "Woodbridge Baric's" senior lien/security interest and/or right of first distribution of funds will attach to the future action to the extent of any remaining balance under this Agreement. The Repayment Amount "I" owe to "Woodbridge Baric" shall be withheld from any money collected as a result of the "Lawsuit/Claim" and paid immediately upon collection to "WOODBRIDGE BARIC." The amount due shall be paid immediately after my attorney's fees (including the expenses charged by my attorney for costs) and after payment to any lien holders that have priority by law. "I" will not receive any money from the proceeds of the "Lawsuit/Claim" until "Woodbridge Baric" has been paid in full. This shall also apply to any structured settlement of my "Lawsuit/Claim."

**5. Representations and Warranties:** To induce "Woodbridge Baric" to pay "Me" the Advance and to take an assignment and or right of first distribution of my "Lawsuit/Claim," "I" hereby make the following representations and warranties under penalty of perjury, as of the date of this Agreement. "I" further authorize "Woodbridge Baric" or its agents to conduct any investigation, including credit and other searches, to confirm the accuracy of my representations and warranties. "I" understand that "Woodbridge Baric" is relying on the below representations and warranties to pay me the Advance. In the event any of my representations and warranties below are untrue, "I" agree to indemnify and hold harmless "WOODBRIDGE BARIC" against any and all losses, expenses, costs (including the Advanced Amount and any attorneys fees incurred by "WOODBRIDGE BARIC" related to my case), in addition to any other interest and penalties or other remedies available by law.

(a) "I" do not owe any money which impairs Woodbridge Baric's lien and/or Right of First Distribution to (i) any present or former spouse for support, maintenance or similar obligations, (ii) any child of Mine, or the guardian of any such child for child support or similar payments, or (iii) any governmental entity for payments made in connection with any spouse or child.

(b) "I" have the full power and authority to enter into this Agreement without the consent of any third party to do so, including without limitation, the consent of any spouse, former spouse, partner, co-owner or co-venturers.

(c) My "Lawsuit/Claim" is free and clear of any right, interest, or claim of any other person or entity other than my lawyer representing me in the Lawsuit. "I" have not previously assigned, pledged or otherwise encumbered any portion of the "Lawsuit/Claim" nor does any third party other than my attorney have any interest in the outcome of his "Lawsuit/Claim."

(d) The "Lawsuit/Claim" is not subject to any outstanding or unsatisfied judgment, levy or claim.

(e) "I" have never voluntarily filed for bankruptcy or been subject to an involuntary bankruptcy proceeding.

(f) There are no lawsuits or claims pending or threatened against me, and "I" know of no basis for any such lawsuit or claim.

(g) "I" have paid or will pay all federal, state and local taxes due through the date of this Sale Agreement and the Assignment Date.

(h) There are no outstanding or unsatisfied judgments or federal, state or local tax or other liens against me or the "Lawsuit/Claim".

2/11

(i) "I" authorize "Woodbridge Baric" and to make all filings and to take all other actions that "Woodbridge Baric", in its discretion, deems necessary or proper to complete the transactions contemplated hereby and to perfect "Woodbridge Baric's" security interest or right of first distribution in the "Lawsuit/Claim."

(j) "I" am not now in arrears or default on any student loan. "I" have not received Aid to Families with Dependent Children, food stamp benefits or low-income energy assistance benefits, and the "Lawsuit/Claim" or any settlement arising from the "Lawsuit/Claim" is not subject to any lien by any governmental agency to which such benefits are owed.

(k) "I" am an adult of sound mind, not acting under duress or the influence of alcohol or other drugs.

(l) "I" have not entered into this transaction for the purpose of evading creditors.

(m) "I" have sought and received my own independent legal advice with respect to this transaction from my independent counsel.

(n) My counsel who represents me in the "Lawsuit/Claim" has reviewed this Agreement with me and has explained to me the costs and benefits of non-recourse financing and specifically the non-recourse Advance "I" am receiving from "Woodbridge Baric."

(o) The facts set forth by me in this Agreement all Exhibits thereto are true and complete and do not omit to disclose anything as a result of which those statements are incomplete, false or misleading.

(p) "I" hereby agree that "I" will not create or grant additional liens or rights of distribution against the settlement funds of my "Lawsuit/Claim" without the prior written consent of "WOODBRIDGE BARIC." "I" specifically promise not to create any liens against the proceeds of the "Lawsuit/Claim."

(q) "I" hereby represent and warrant that any and all information related to my case and/or this funding agreement which "I" provided to "WOODBRIDGE BARIC," my attorney or any of their related staff, experts, witnesses and other parties involved or related to my "Lawsuit/Claim" is accurate and complete in all respects and that "I" did not omit to tell or provide any information or documentation which would make any of the information related to my "Lawsuit/Claim" and/or "Woodbridge Baric's" decision to fund my case incomplete or inaccurate in all respects.

6. Right of First Refusal: In consideration for the time and expense incurred by "Woodbridge Baric" in preparing these and related documents and conducting investigations relating to my representations and warranties, "I" agree that "I" will not sell, assign, borrow against, pledge, or otherwise encumber the "Lawsuit/Claim" or anticipated settlement proceeds of the "Lawsuit/Claim" without first: (i) obtaining a written offer or proposal containing all material terms ("Offer"); (ii) giving "Woodbridge Baric" a copy of the written Offer and if, within five (5) days of receiving a copy of the Offer, "Woodbridge Baric" informs me that it elects to match the terms of the Offer, then "I" shall be obligated to execute all documents necessary to consummate such transaction with "Woodbridge Baric" on those terms. "I" grant "Woodbridge Baric" a security interest and/or a first right of distribution in all of my right, title and interest in and right to receive the proceeds from any settlement arising from the "Lawsuit/Claim" to the extent of "Woodbridge Baric's" right of first refusal contained herein. This right of first refusal shall survive any right "I" have to cancel this Agreement.

7. Continuing Cooperation: "I" have provided my attorney representing me in the "Lawsuit/Claim" with irrevocable instructions to repay "Woodbridge Baric" the ENTIRE amount due under this Agreement from any settlement proceeds "I" receive arising from the "Lawsuit/Claim." "I" have further instructed my attorney to cooperate with "Woodbridge Baric" and to give "Woodbridge Baric" periodic updates of the status of the "Lawsuit/Claim" as "Woodbridge Baric" requests. If "I" change attorneys, "I" will immediately notify "Woodbridge Baric" in writing of such change and provide in writing to "Woodbridge Baric" the name,



address and phone number of my new attorney. In the event "I" change attorneys, "I" will further advise my new attorney about my obligation to repay "Woodbridge Baric" my Advance pursuant to this Agreement. In the event I no longer have an attorney, I will direct any party that has agreed to or has been ordered to pay money to me arising from the Lawsuit/Claim to directly pay Woodbridge Baric all amounts I own Woodbridge Baric pursuant to this Agreement without setoff. In the event that "Woodbridge Baric" requests that "I" sign any other documents in furtherance of this Agreement, "I" shall cooperate with "Woodbridge Baric." "I" agree irrevocably and direct my attorney to provide Woodbridge Baric a closing statement upon request.

**8. Request for Reduction:** "I" hereby acknowledge and agree that unless there is a proper and valid existing dispute as to the calculation of amount owed under this "Agreement" neither "I" nor my attorneys will request a reduction in the amount owed to "Woodbridge Baric." A written explanation of the alleged dispute in the calculation of the amount owed to "Woodbridge Baric" must be provided in writing along with the total alleged due.

**9. Accord and Satisfaction:** "I" hereby acknowledge and agree that unless an existing dispute exists, payment to Woodbridge Baric of any money less than the total amount due will not be an accord and satisfaction and acceptance of payment it is not intended to be a superseding agreement.

**10. Arbitration:** Any dispute as to whether Woodbridge Baric or "I" have breached its obligations to the other under this Agreement by and between the parties will be submitted to binding commercial arbitration conducted in Palm Beach County, Florida by a single arbitrator selected by the American Arbitration Association (AAA) under AAA's commercial arbitration rules. The prevailing party of any such Arbitration shall be entitled to its attorneys fees from the other party.

**11. Right of Rescission:** "I" may rescind this agreement within 72 hours of the date of this Agreement, provided, however, that "I" return the entire Advance paid to me by "WOODBRIDGE BARIC" simultaneously with my rescission. "I" may do this by making personal delivery to "WOODBRIDGE BARIC's" offices (a) an un-deposited (or uncashed) check that "WOODBRIDGE BARIC" provided to me pursuant to this Agreement; (b) a certified bank check in the exact amount that "WOODBRIDGE BARIC" paid me pursuant to this Agreement; or (c) a money order in the exact amount that "WOODBRIDGE BARIC" paid me pursuant to this Agreement.

**12. Miscellaneous:** "I" will receive any notices required at the address "I" have listed above. If "I" move, "I" will immediately notify "Woodbridge Baric" in writing within 72 hours of my new address. If any provisions of this agreement shall be deemed invalid or unenforceable by a final non-appealable judgment of a court having competent jurisdiction, it shall not affect the validity or enforceability of any other provision hereof and any such invalid or unenforceable provision shall be interpreted as to the fullest extent permitted by law. This written agreement represents the entire agreement between the parties. It may be only modified in writing. This agreement takes precedence over any prior understandings, representations or agreements. This agreement may be executed in separate counterparts. A signature or electronic signature transmitted by fax or other electronic means shall be effective with the same force and effect as the original signature. In the event "I" die or become incapacitated, the Repayment Amount "I" owe "Woodbridge Baric" under this Agreement shall not be considered a part of my estate and no heir, beneficiary or my estate shall be entitled to any of the settlement proceeds arising from the "Lawsuit/Claim" until "Woodbridge Baric" has been fully repaid the Advance Repayment amount described in this Agreement.

**13. Acceptance:** "I" hereby accept the Advance pursuant to the terms and conditions of this Agreement, grant "WOODBRIDGE BARIC" a security interest/senior lien pursuant and/or a first right to distribution under the terms and conditions of this Agreement, and assign/distribute the proceeds of my "Lawsuit/Claim" to the extent specified in this agreement on the _____ day of _____ , 20____.

Dated Aug 24/2012 Signature _Jarred Burke_     Print Name _Jarred Burke_



4/11

WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC
6353 W. ROGERS CIRCLE-UNIT 3
BOCA RATON, FL 33487

## NOTICE OF SIGNIFICANT COSTS ASSOCIATED WITH RECEIVING NON-RECOURSE ADVANCE

WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC. ENGAGES IN THE BUSINESS OF HIGH RISK FUNDING FOR LITIGANTS WHO ARE IN NEED OF IMMEDIATE AND NECESSARY FINANCIAL ASSISTANCE. WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC. ONLY RECOVERS ITS INVESTMENT IF THE LITIGANT PREVAILS AT TRIAL OR REACHES A SETTLEMENT. AS THE RISK INVOLVED WITH SUCH A VENTURE IS INHERENTLY HIGH, THE COSTS ARE NECESSARILY EXTREME.

WE STRONGLY ADVISE YOU TO EXPLORE ALL OTHER LAWFUL FORMS OF FINANCING PRIOR TO ENTERING INTO AN AGREEMENT WITH A HIGH RISK FUNDING COMPANY SUCH AS WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC.

PLEASE TAKE TIME TO CONSIDER ALL OF YOUR OPTIONS. SHOULD YOU ELECT TO ENTER THIS AGREEMENT, PLEASE VERIFY BY SIGNING YOUR INITIALS BELOW:

I UNDERSTAND THAT THERE ARE EXTREMELY HIGH COSTS INVOLVED IN THIS TRANSACTION. I HAVE BEEN ADVISED THAT I SHOULD SEEK FINANCING FROM OTHER AVAILABLE SOURCES BEFORE ENTERING INTO THIS AGREEMENT. _____ (client's initials)

IF I OWN A HOUSE OR OTHER ASSETS, I HAVE EXPLORED ALTERNATE FINANCING FROM A MORTGAGE BROKER OR OTHER POTENTIAL LENDER PRIOR TO ENTERING THIS AGREEMENT. _____ (client's initials)

I HAVE BEEN INFORMED OF AND COMPLETELY UNDERSTAND THE SIGNIFICANT COSTS ASSOCIATED WITH RECEIVING THIS NON-RECOURSE ADVANCE. _____ (client's initials)

I HAVE READ AND COMPLETELY UNDERSTAND THE ABOVE DISCLOSURE.

_____         8/24/2012     _____         _____
CLIENT'S SIGNATURE          DATE          WITNESS          WOODBRIDGE BARIC
                                                           REPRESENTATIVE

## NOTICE TO LEGAL COUNSEL

RE: Case No. and/or Description:

CASE TYPE:____Other____
DOA:_____4/20/2010____
CASE/CLAIM #__Jarrod Burrle v. BP Oil Company____

To My Attorney, __Christina Mancuso__, ESQ. and/or any successor counsel representing me on this case to:

By signing this Form I hereby advise you that I have entered into an Agreement with Woodbridge Baric Pre-Settlement investments LLC (Woodbridge Baric) involving the advancement of funds to me pursuant to my initial request, and, at my request, from time to time thereafter, with Woodbridge Barics consent, for which I have granted Woodbridge Baric a First Lien and Security Interest in and/or the Right of First Distribution of proceeds recoverable by me, or on my behalf by your Firm, to secure repayment of all outstanding principle and accrued interest, administrative fees and charges and Woodbridge Barics attorneyfees and costs in the event counsel is required and costs incurred to recover monies due. Notwithstanding the forgoing, Woodbridge Baric understands that as my attorney, you have a senior interest in my lawsuit/claim to recover your costs and fee.

I hereby irrevocably direct you and/or your law firm to provide Woodbridge Baric with written notice with a closing statement or proposed closing statement at such time as the case is settled or judgment is received, and to respond periodically to written requests from Woodbridge Baric for status reports. If the case does not yet have a case number, or the number referenced above is incorrect, please provide Woodbridge Baric with the case No. and court venue in which it is or is expected to be filed. I have authorized Woodbridge Baric to forward this signed document directly to you on my behalf.

I further hereby irrevocably authorize and direct you to contact Woodbridge Baric upon receipt of any proceeds arising from my lawsuit/claim and to pay Woodbridge Baric the entire amount due to Woodbridge Baric pursuant to the attached Assignment of Participation in Disputed Lawsuit Agreement/Right of First Distribution immediately upon Woodbridge Baric providing you with a written accounting and certification evidencing the entire amount due Woodbridge Baric. I further irrevocably authorize and direct you to pay Woodbridge Baric such full amount I owe Woodbridge Baric prior to making any other distribution of any lawsuit/claim proceeds to any third party (other than to you and/or your firm to recover your costs and agreed legal fee).

Witness my hand and seal this ____ day of_____, 200_, this being my free act and deed.

Client Signature _____

Print Name: Jarrud Burrle

Address, City, State, Zip: ██████████████████

Qll1

**ACKNOWLEDGEMENT**

Parish of Orleans ~~County ss:~~

State of ~~Florida~~ Louisiana ss:

The said _Jarrod Burrle_ hereby acknowledges that he/she has reviewed this NOTICE TO LEGAL COUNSEL document, has had the opportunity to review this document with counsel, and fully understands and agrees to its terms and signs it as his/her free act and deed before me, a Notary Public this 24th day of _August_, 2002.

_Michelle C. Pur__

Notary Public:
My Commission Expires: _for life_

(Seal)

MICHELLE C. PURCELNER
NOTARY PUBLIC
PARISH OF JEFFERSON, STATE OF LA.
MY COMMISSION IS ISSUED FOR LIFE.
BAR ROLL NO. 3068



7/11

## CLIENT AUTHORIZATION FOR PAYMENT

I, Jarrod Burrle , hereby authorize and direct my attorney,ChristinaMancuso , ESQUIRE or any subsequent attorney representing me to:

1. List Woodbridge Baric Pre-Settlement Investments, LLC. (Woodbridge Baric Funding) on the Closing/Settlement Statement for my date of accident of 4/20/2010.

2. Pay the amount due pursuant to the attached Assignment of Interest In Disputed Lawsuit /Right of First Distribution Agreement to Woodbridge Baric Pre-Settlement Investments, LLC. (Woodbridge Baric Funding) directly from the proceeds of my claim with a date of accident of 4/20/2010.

3. Issue a check directly to Woodbridge Baric Pre-Settlement Investments, LLC. (Woodbridge Baric Funding) from the trust account for my claim with a date of accident of 4/20/2010.

4. Accept this authorization for payment as an irrevocable document.

_____
Jarrod Burrle

2·4 Jrry Aug 2012
DATE

_____

My Commission Expires:     Notary Public:
for life
(Seal)

Cc: Woodbridge Baric Pre-Settlement Investments, LLC.

MICHELLE C. PURCHNER
NOTARY PUBLIC
PARISH OF JEFFERSON, STATE OF LA.
MY COMMISSION IS ISSUED FOR LIFE.
BAR ROLL NO. 30681



/011

## WOODBRIDGE BARIC

### EXHIBIT A: REPAYMENT SCHEDULE

| Funding Date | 8/23/2012 |
|---|---|
| Funding Amount | $6,000.00 |
| Funding Fee | $1,739.00 |
| Delivery Fee | $60.00 |
| Total Amount Funded | $7,799.00 |
| Usage Fees (Compounded every 30 days) | 4.00% |

| | If Paid On or Before | Amount Due* |
|---|---|---|
| | September 22, 2012 | $7,799.00 |
| | October 22, 2012 | $7,799.00 |
| | November 21, 2012 | $7,799.00 |
| | December 21, 2012 | $9,152.06 |
| | January 20, 2013 | $9,525.52 |
| | February 19, 2013 | $9,914.23 |
| | March 21, 2013 | $10,318.79 |
| | April 20, 2013 | $10,739.86 |
| | May 20, 2013 | $11,178.12 |
| | June 19, 2013 | $11,634.26 |
| | July 19, 2013 | $12,109.01 |
| | August 18, 2013 | $12,603.14 |
| | November 16, 2013 | $14,209.82 |
| | February 14, 2014 | $16,021.33 |
| | May 15, 2014 | $18,063.77 |
| | August 13, 2014 | $20,366.59 |
| | November 11, 2014 | $22,962.98 |
| | February 9, 2015 | $25,890.37 |
| | May 10, 2015 | $29,190.95 |
| | August 8, 2015 | $32,912.29 |

* If Payment is received (principle and fees) within 90 days, interest is waived

I hereby acknowledge that I have reviewed this page and I agree to its terms.

X _Jarrel Burrle_          24 Aug 2012

Jarrod Burrle                     Date

Payoff confirmation must be requested by phone 561-391-4215 or email payoff@baricenterprises.com

6358 W. Rogers Circle Ste. 3, Boca Raton, FL 33487
Toll Free: 866-481-6212   Fax: 561-988-3001

## Acknowledgement of Woodbridge Pre Settlement Investments, LLC's Lien on Claim Proceeds and/or Right of First Distribution

**Attorney:** Christina Mancuso                    **Law Firm:** Andry Law Group, LLC

**Client:** Jarrod Burrle

I hereby acknowledge that WOODBRIDGE BARIC PRE SETTLEMENT INVESTMENTS, LLC'S (Woodbridge Baric) has provided my Client with a non-recourse advance in exchange for an assignment of my Client's potential settlement proceeds and/or the right of first distribution of funds in my Client's lawsuit/claim pursuant to an Assignment of Participation in Disputed Lawsuit Agreement Right of First Distribution of Funds (the 'Agreement'). I further acknowledge that my Client and the firm benefit as a result of my Client receiving said advance. To further my Client's ability to obtain such Advance (or future advances) from (WOODBRIDGE BARIC) , my Client has advised me and I have acknowledged that (WOODBRIDGE BARIC) has a lien and/or right of first distribution of funds against my client's portion of the proceeds in the above captioned matter. I further acknowledge that I have received and read a copy of the Agreement between my Client and (WOODBRIDGE BARIC) which details the term and amount of this lien and/or right of first distribution of funds.

I understand that this lien and/or right of first distribution of funds is irrevocable and cannot be canceled by my Client without the express written permission of (WOODBRIDGE BARIC) .

Please Initial next to the appropriate response:

_____ I agree to respond to periodic email or telephonic inquiries by (WOODBRIDGE BARIC) of the status of the litigation.

_____ I am unaware of any liens from other non-recourse funding companies that pre-date the (WOODBRIDGE BARIC) lien and/or right of first distribution of funds created by the attached Agreement.

_____ I am aware of liens from other non-recourse funding companies that pre-date the (WOODBRIDGE BARIC) lien and/or right of first distribution of funds created by the attached Agreement and those liens were placed by the following company:

_____     . . .     _____

Prior to making any distribution to my client or any other third party creditor other than myself or my law firm in relation to the representation of my Client, I will contact (WOODBRIDGE BARIC) to obtain a confirmation of the outstanding amount due to (WOODBRIDGE BARIC) under the Agreement (as may be modified from time to time) and will pay (WOODBRIDGE BARIC) from my client's portion of the proceeds in such amount to the following address:

**WOODBRIDGE BARIC PRE SETTLMENT INVESTMENTS, INC.**
6353 W. Rogers Circle Unit # 3
Boca Raton, FL 33487
Tel. (561) 391-4215
Fax (561) 988-3001



KALM 5/12

Page 16 of 17          Client's Initials J.A.B.

If my Client discharges me, or I terminate representation of the Client, I will immediately notify (WOODBRIDGE BARIC) within 5 business days of the discharge in representation and will provide (WOODBRIDGE BARIC) with the name and contact information for the new attorney, if applicable. If applicable, I will notify the new attorney of (WOODBRIDGE BARIC)'s lien and/or right of first distribution within 5 business days of said discharge. If there is no subsequent attorney, I will notify whatever individual, corporation, or insurance company that could potentially make payment to my Client, of (WOODBRIDGE BARIC)'s lien and/or right of first distribution within 5 business days of said discharge. If I fail to notify (WOODBRIDGE BARIC) of my discharge or termination, and/or I fail to notify whatever individual, corporation, insurance company, or distributing agency that may potentially make payment to my Client, of (WOODBRIDGE BARIC)'s lien, I will insure that (WOODBRIDGE BARIC) is compensated in full for the amount outstanding and not received by (WOODBRIDGE BARIC).

In the event that upon resolution of this case, settlement money due my Client is to be paid directly to my Client by a third party, including if this case is resolved as part of a class action lawsuit or settlement, I will notify any and all entities, charged with distributing funds to my Client, of (WOODBRIDGE BARIC)'s lien in this case. I fully understand that my liability with regard to protecting (WOODBRIDGE BARIC)'s lien is not predicated upon the funds entering my trust account or the trust account of my firm. If I fail to notify whatever individual, corporation, insurance company, or distributing agency that may potentially make payment to my Client, of WOODBRIDGE (WOODBRIDGE BARIC)'s lien, I will insure that WOODBRIDGE (WOODBRIDGE BARIC) is compensated in full for the amount outstanding and not received by WOODBRIDGE (WOODBRIDGE BARIC).

Attorney Bar # 1289140U

X _____
Attorney Signature

State: TEX&5

Date: 8/24/12

Client's Initials  JA.B.

KAI M 5/12

## FUNDS DELIVERY OPTIONS- 'EXHIBIT F'

Please send payments to me by (Please check only one box):

☐ **SAME DAY WIRE TRANSFER**: Fee $60.00 (Fee will be added to contract. No out of pocket cost to you). We will ONLY transfer funds to an account in your name. Please call your bank to verify wiring instructions. Incorrect information will only delay the processing of payment. Usually, your bank may charge you a fee to receive the transfer. All documents must be completed by 3:00 PM, Monday through Friday (except bank holidays).

Bank Name: _Whitney Bank_

Routing/ABA# ████████        Account # ████████

Name on the Account: _Amary Lerner LLC — IOLTH Account_

Special Instructions: _attorney Trust Account_
_Wire #_ ████████

☐ **FEDERAL EXPRESS: Overnight Delivery**: Fee $60.00 – Monday through Satruday (Fee will be added to contract. No out of pocket cost to you). Documents must have been returned to us by 4:00 PM.

Overnight Delivery Address

Street Address _____        Apt# _____
City _____        State _____    Zip. _____

☐ **UNITED STATES POSTAL SERVICE® (First Class Mail)**: NO CHARGE. A check will be sent to you (to your address ( print below) via U.S. First Class Mail (5-10 days). WARNING!!! We will not be responsible for delays due to postal or bank holidays or weekends. We cannot confirm delivery through this method. If check is lost in the mail, there is a $35.00 charge to put a stop on the check and send you a new one.

First Class Mail Delivery Address

Street Address _____        Apt# _____
City _____        State _____    Zip. _____

☐ **OFFICE PICK UP**: NO CHARGE. Our address is 6353 W. Rogers Circle- Unit 3, Boca Raton, FL 33487

Terms: Baric will provide funds to client as requested by the client on this form.

By signing below, I hereby agree to terms of the Funds Delivery Options and understand that I am responsible for the information that I have provided on this form. Baric is not responsible for any delivery issues or transfer of funds, so long it follows the instructions provided by me on this form. If the incorrect delivery fee is printed on the contract and Exhibit A-Repayment Schedule, I authorize BARIC to adjust the charge according to my instructions on this form.

X _Janel Burk_                    Date: _24 Aug 2012_

KALM 5/2012

Page 11 of 15        Client's Initials _J. A. B._





Baric Enterprises, Inc.
6653 W. Rogers Circle, Suite 3
Boca Raton, FL 33487

7013 1710 0000 5827 6532

Attn: Third Party Claim Documents
Deepwater Horizon Economic Claims Center
Mr. Patrick Juneau, Claims Administrator
42548 Happy Woods Road
Hammond, LA 70403



UNITED STATES POSTAGE
$006.89°
02 1P
0001 0 6275  APR 24 2014
MAILED FROM ZIP CODE 33487