

**U.S. Department of Justice**
Environment and Natural Resources Division
Environmental Enforcement Section

90-5-1-1-10026

*Steven O'Rourke*                                                   *Telephone (202) 514-2779*
*U.S. Mail: P.O. Box 7611, Washington, DC 20044-7611*              *Facsimile (202) 514-2583*
*Overnight Mail: 601 D Street N.W., Washington, DC, 20004*
*E-mail: steve.o'rourke@usdoj.gov*

June 11, 2014

<u>*Via E-Mail*</u>
Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana

      Re:    *US v. BP & APC*, 10-4536 Penalty Phase: Rule 30(b)(6) Deposition Issues

Your Honor:

      The United States writes to raise issues regarding one Rule 30(b)(6) deposition topic. The United States Rule 30(b)(6) deposition notice includes a topic regarding liabilities and costs related to the Macondo oil spill. BPXP has objected and claims that documentation and stipulations are more appropriate than producing a witness for deposition. For the reasons explained below the United States believes that a BPXP witness is necessary. The parties have been unable to reach a resolution in meet and confer.

      The United States has requested documentation regarding BP's costs and liabilities resulting from the spill in the U.S.' request for production 17. This discovery request seeks information regarding evidence that BPXP intends to offer in the penalty phase. According to BPXP, documentation regarding payments related to the response is voluminous, and the parties have been meeting and conferring regarding production of documentation sufficient to support BPXP's purported liabilities. BPXP has proposed stipulations regarding these liabilities; however, the stipulations contain no citations to BPXP's financial records. Thus far, the only document produced summarizing BPXP's liabilities related to the spill, is one excel spreadsheet, but the numbers in the spreadsheet differ from those in the proposed stipulations.[1] This spreadsheet was created in response to the parties meet and confer discussions regarding requests for production, in order to avoid production of the underlying documentation. BPXP has produced a trial balance, unaudited financial statements, and screen shots from BP's accounting system showing examples of account payments and transfers into the Deepwater Horizon Oil Spill Trust, but none of these documents contain information that specifically supports BPXP's spill related liabilities. The numbers in neither the trial balance nor unaudited financial statements verify the accuracy of the spreadsheet produced by BPXP.

---

[1] Counsel for BPXP has explained that legal fees were excluded from the spreadsheet at the request of counsel, which is why the stipulation numbers are different.

1

The United States Rule 30(b)(6) Notice to BPXP topic 7, seeks BPXP's testimony for any expenditure made in connection with the response or incident that BPXP contends should diminish its obligation to pay a civil penalty and to identify 1) the expenditure, including which BP entity incurred costs related to the expenditure; 2) which BP entity financed the expenditure, including inter-company transfers; 3) the accounting and tax treatments of all such expenditures; 4) any guarantees provided by another BP entity for the expenditure; 5) any impact of the expenditure on BP's financial condition; 6) any debt owed as a result of the expenditure.

The documentation produced does not explain BPXP's accounting of costs related to the spill and requires testimony to explain how these documents were compiled.  Indeed, at the time of the spill BPXP did not maintain financial statements, and did not begin to do so until 2011.  Counsel for BPXP has explained that BP has a central accounting system where transactions are recorded, but payments are made by one centralized internal BP bank on behalf of all BP entities.  Due to the volume, BPXP has not produced the records from this accounting system instead provided only examples of records and the spreadsheet as a substitute.  How this accounting is performed should be explained on the record in testimony.  Furthermore, the newly created spreadsheet purporting to show spill related liabilities needs to be explained, as the BPXP financial statements do not explain or support the numbers recorded there.  Documentation previously produced demonstrates oil spill related payments came from and were incurred by other BP entities, but the financial documents produced by BPXP do not explain how these liabilities came to be on BPXP's financial statements.

The United States has explained in meet and confers that we do not expect a 30(b)(6) witnesses to explain every expenditure made related to the spill, but we do expect BPXP to be able to explain generally how spill related costs and liabilities were accounted for, including costs incurred by other BP entities, and who made decisions regarding the accounting.  This includes how the newly created spreadsheet was compiled and what measures were taken to ensure its accuracy; and how and why those costs came to be incurred, whether ordered from the Unified Command, etc.  The tax treatment of these costs which is not included in the financial statements also requires explanation, as it is relevant to the economic impact of these costs on BPXP.  The United States only seeks this information for expenditures which BPXP itself contends should diminish its obligation to pay a penalty.  BPXP has not produced documentation which resolves the topics in the Rule 30(b)(6) notice justifying that no witness be presented.  As a result, the United States cannot agree to stipulations based on documents and accounting that has not been explained by supporting evidence.

Since the documents produced by BPXP require explanation and do not support the stipulations, a BPXP witness on this topic is necessary.  For this reason, we ask that the Court require BPXP provide BPXP's previously designated witness, Mike Robertson on this topic.
.

        Respectfully submitted,

        /s/ Steve O'Rourke
        Steven O'Rourke

cc: Mike O'Keefe, Law Clerk to Magistrate Judge Shushan
BP Penalty Phase Counsel
APC Penalty Phase Counsel