## quinn emanuel trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
mikelyle@quinnemanuel.com

June 16, 2014

**VIA ELECTRONIC MAIL**

The Honorable Sally Shushan
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re:     MDL 2179 – Penalty Phase Depositions

Dear Judge Shushan:

    We write on behalf of our clients O'Brien's Response Management, L.L.C. ("O'Brien's") and National Response Corporation ("NRC"), and also on behalf of the other Clean-Up Responder Defendants,[1] in connection with your recent order concerning attendance at the Penalty Phase depositions. (Rec. Doc. 13016). For the reasons outlined below, we respectfully request that Your Honor reconsider this ruling and permit the Clean-Up Responder Defendants to attend and briefly question at the depositions of a limited number of Penalty Phase witnesses. Given the "one-deposition rule," the Clean-Up Responder Defendants have no choice but to either question a limited number of Penalty Phase witnesses for a limited period of time now, or seek relief from the "one-deposition rule" at a later date. Notably, the United States (which represents the vast majority of the witnesses we would like to question) – while insisting that no additional time be added to the 7.5 hour day – agrees that it would prefer to have us conduct limited questioning now rather than have us seek to lift the "one-deposition rule" later.

    We have identified a very limited number of Penalty Phase witnesses that may have information relevant to the claims against and defenses of the Clean-Up Responder Defendants. Indeed, to date, out of the nearly 40 witnesses expected to testify during the Penalty Phase, the

---

[1] Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

Clean-Up Responder Defendants have identified only 12 witnesses it would like to briefly question (*i.e.*, for 15 – 30 minutes). These 12 witnesses all appear to have information directly relevant to the clean-up activities and/or issues relative to the Clean-Up Responder Defendants' pending motions for summary judgment on derivative immunity and preemption grounds (collectively, "B3 issues"). For example, the Clean-Up Responder Defendants may need to rely on deposition testimony from these witnesses should sworn statements be received in connection with the B3 protocol and/or their summary judgment motions are not granted. The 15 – 30 minutes requested by the Clean-Up Responder Defendants for these 12 witnesses amounts to only 3 hours and 45 minutes total, or 1.3%, of the 292.5 anticipated hours of questioning to be conducted during the Penalty Phase. We believe that it is more efficient for all involved to do our questioning now, rather than seek relief from the "one-deposition rule" at a later date.

The depositions for which we seek leave to attend and question the witness are the following:

- Rear Admiral Meredith Austin (30 minutes): a "may call" fact witness disclosed by the United States and the United States' 30(b)(6) designee for Topic No. 2 – subtopic (c) ("any decisions or actions (or inactions) by the Unified Command, BPXP, or other agency or entity that limited, impeded, delayed, or reduced the effectiveness of efforts to respond to, or otherwise mitigate, minimize, or prevent any environmental, economic, or other effects of the *Deepwater Horizon* Spill") and Topic 2 – subtopic (d) ("any contention that BPXP or any other entity did not effectively respond to, or otherwise mitigate, minimize, or prevent any actual or potential environmental, economic, or other effects of the Spill, and the bases for any such contention");

- Mace Barron (15 minutes): the United States' 30(b)(6) designee for Topic 3 ("[y]our knowledge of any role in dispersant operations during the Response, including the selection, approval, use, limitations on use, safety, effectiveness, and effects of dispersants and dispersant constituents, including Corexit 9500 and/or Corexit 9527, and BPXP's role and involvement in those dispersant operations") (non-NRDA dispersant toxicology);

- Carl Childs (15 minutes): the United States' 30(b)(6) designee for, among other topics, Topic 8 ("[y]our knowledge of the facts in and the preparation and publication of . . . . the reports and other work of the Operational Science Advisory Team, including but not limited to the "Summary Report for Sub-Sea and Sub-Surface Oil and Dispersant Detection: Sampling and Monitoring" (OSAT-1 Report), the "Summary Report for Fate and Effects of Remnant Oil in the Beach Environment" (OSAT-2 Report), and the "Investigation of Recurring Residual Oil in Discrete Shoreline Areas in the Eastern Area of Responsibility" (OSAT-3 Report), including the findings and conclusions of such reports");[2]

---

[2] We understand that BPXP may forgo deposing Mr. Childs. Should this deposition be removed from the schedule, the total amount of hours of deposition time requested by the Clean-Up Responder Defendants will amount to 3.5 hours.

2

- Captain James Hanzalik (15 minutes): a United States fact witness who served, among other positions, as Incident Commander for the Incident Command Post ("ICP") in Houma, Louisiana and Federal On-Scene Coordinator during the response;

- Captain Julia Hein (15 minutes): a United States fact witness who served, among other positions, as Federal On-Scene Coordinator during the response;

- Dr. Roger Heron (15 minutes): a BP fact witness who, according to Hariklia Karis' May 16, 2014 letter, "worked with the Unified Command and U.S. government personnel to analyze and respond to potential impacts of the spill on human health" during the response;

- Captain Larry Hewett (15 minutes): the United States' 30(b)(6) designee for Topic 2(b) ("any response or cleanup activities that were not conducted at the direction and under the oversight of the Unified Command");

- John Howard (15 minutes): a United States fact witness and Director of the National Institute for Occupational Safety and Health;

- Captain Roger Laferriere (30 minutes): a "may call" fact witness disclosed by the United States and the United States' 30(b)(6) designee for Topic 3 ("[y]our knowledge of any role in dispersant operations during the Response, including the selection, approval, use, limitations on use, safety, effectiveness, and effects of dispersants and dispersant constituents, including Corexit 9500 and/or Corexit 9527, and BPXP's role and involvement in those dispersant operations");

- Mark Miller (15 minutes): the United States' 30(b)(6) designee for Topic 7 ("[y]our knowledge of the amount of oil and any analysis of the amount of Oil- Related Materials that You contend was contained, collected, dispersed, burned, removed, or cleaned up in connection with Response Activities and/or any natural processes, including but not limited to the amounts attributable to each process (for example, through the use of skimming, boom, dispersants, *in situ* burning, shoreline cleanup, and natural processes), and the preparation and publication of the "Oil Budget Calculator, Deepwater Horizon, Technical Documentation," and its appendices, dated November 2010");

- Mike Utsler (30 minutes): BP's 30(b)(6) designee for Topic 4 ("[a]ll factual bases for BPXP's contentions regarding actions taken or decisions made by the United States that may have made the any mitigation, remediation, and/or Response Efforts less effective") who served as BPXP Incident Commander for the ICP in Houma during the response; and

- Tom Zimmer (15 minutes): a fact witness for BP and BPXP Incident Commander for the ICP in Mobile, Alabama during the response.

As we have previously noted, the Clean-Up Responder Defendants only seek to participate in some of the Penalty Phase depositions in order to properly protect their interests in

3

this litigation.  As such, we do not wish to unnecessarily prolong these depositions, and to the extent that the questions we would like to pose and/or topics we wish to cover are addressed by the parties to the Penalty Phase, we will appropriately limit our questioning or pass on questioning the witness altogether.

The Clean-Up Responder Defendants remain available to discuss this matter further with Your Honor if Your Honor wishes.  Thank you in advance for your consideration of our proposal.

Respectfully submitted,

Michael J. Lyle

cc:    Andy Langan
       Hariklia Karis
       Mike Brock
       Don Haycraft
       Mike Underhill
       Steven O'Rourke
       Sarah Himmelhoch
       Nancy Flickinger
       Patrick Casey
       Richard Gladstein
       Rachel Hankey
       Ky Kirby
       Tony Fitch
       Jim Dragna
       Thomas Lotterman
       Eric Lyttle
       Sylvia Simson
       Mike O'Keefe

4