**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| THIS DOCUMENT RELATES TO: | SECTION: J |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF CLEAN-UP RESPONDER DEFENDANTS'
OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S ORDER DENYING
THE CLEAN-UP RESPONDER DEFENDANTS' REQUEST FOR
PENALTY PHASE DEPOSITION EXAMINATION TIME (REC. DOC. 13024)**

The Clean-Up Responder Defendants[1] respectfully submit this Memorandum in Support
of their Objections to and Appeal from Magistrate Judge Shushan's Order Denying the Clean-Up
Responder Defendants' Request for Penalty Phase Deposition Examination Time (Rec. Doc.
13024) pursuant to 28 U.S.C. § 636(b)(1)(A).

**SUMMARY OF ARGUMENT**

This Court has made clear that duplicative depositions are to be avoided in this
multidistrict litigation and that, as a general rule, witnesses should only be deposed once.  It is
for this reason that the Clean-Up Responder Defendants sought leave from Magistrate Judge
Shushan to conduct limited questioning of Penalty Phase witnesses who appear to have

---

[1]  O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.),  National
Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc.,
Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden,
Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

knowledge and information directly relevant to the clean-up activities and/or the B3 claims and defenses (collectively, "B3 issues").  In total, the Clean-Up Responder Defendants requested permission to question 12 witnesses for 15 – 30 minutes each.  This amounted to only 3 hours and 45 minutes total, or 1.3%, of the 292.5 anticipated hours of questioning to be conducted during the Penalty Phase.

The Clean-Up Responder Defendants need this limited participation in order to adequately defend themselves in this proceeding.  Indeed, while the Clean-Up Responder Defendants are not parties to the Penalty Phase, they remain named defendants in a Master Complaint in this multidistrict litigation.  As a result, the Magistrate's decision to bar them from conducting limited questioning of witnesses who appear to have information directly relevant to B3 issues deprives them of the opportunity to elicit testimony and evidence they may need to rely on in later phases in this proceeding.  This compelling interest – and the limited time sought by the Clean-Up Responder Defendants to protect it – outweighs the hypothetical concerns of extended depositions offered by the United States.  The Clean-Up Responder Defendants therefore respectfully request that Magistrate Judge Shushan's order denying the Clean-Up Responder Defendants' proposal for examination time at the Penalty Phase depositions (the "Order") be reversed.  (Rec. Doc. 13024).

### FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2014, the Clean-Up Responder Defendants filed a letter explaining the need to participate in any Penalty Phase depositions that address B3 issues in order to properly protect their interests in this litigation.  In this letter, the Clean-Up Responder Defendants requested that the Court permit liaison counsel to monitor the Penalty Phase discovery conferences and encourage the parties to copy liaison counsel on relevant correspondence, notably deposition

schedules and notices, such that the Clean-Up Responder Defendants could determine which depositions may be appropriate for them to attend.

Magistrate Judge Shushan granted the Clean-Up Responder Defendants' request on June 2, 2014, noting in this order that "Counsel for the Clean-Up Responder Defendant[s] may attend and monitor the depositions but are not authorized to question witnesses without specific leave of court." (Rec. Doc. 12963).  On June 13, 2014, Magistrate Judge Shushan vacated her June 2, 2014 Order, barring the Clean-Up Responder Defendants from attending and monitoring the Penalty Phase depositions. (Rec. Doc. 13016).

On June 16, 2014, the Clean-Up Responder Defendants filed a letter urging Magistrate Judge Shushan to reconsider her June 13, 2014 order and permit the Clean-Up Responder Defendants to attend and briefly question at the depositions of a limited number of Penalty Phase witnesses in light of the "one-deposition rule" in this litigation.  (Rec. Doc. 13201).  The Clean-Up Responder Defendants had worked to narrowly limit both the number of witnesses they needed to question and the time they needed to do that questioning.  Indeed, the letter identified only 12 out of approximately 40 Penalty Phase witnesses that may have information relevant to the claims against and defenses of the Clean-Up Responder Defendants, requested 15 – 30 minutes of examination time at these witnesses' depositions, and highlighted why the Clean-Up Responder Defendants may need to rely on deposition testimony from these witnesses in this proceeding.  (Rec. Doc. 13201).  Further, this letter indicated that the Clean-Up Responder Defendants would appropriately limit their questioning, or pass on questioning altogether, if the witness already testified on the issues the Clean-Up Responder Defendants needed to address. (Rec. Doc. 13201).  The United States filed a letter in response to the Clean-Up Responder Defendants' proposal that same day, articulating its position vis-à-vis additional questioning of

3

their witnesses given the joint stipulations entered into between the United States and the Clean-Up Responder Defendants (the "stipulations") and potential for other parties to seek examination time of Penalty Phase witnesses.  (Rec. Doc. 13022).

On June 17, 2014, Magistrate Judge Shushan issued her Order denying the Clean-Up Responder Defendants' request to attend and modestly participate in a limited number of Penalty Phase depositions "for the reasons presented by the United States."  (Rec. Doc. 13024).  The Clean-Up Responder Defendants respectfully disagree with Magistrate Judge Shushan's conclusion and submit that the Order is clearly erroneous and contrary to law.  *See* Fed. R. Civ. P. 72(a).

## ARGUMENT

## I.   THE MAGISTRATE JUDGE'S RULING SHOULD BE REVERSED

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may determine a non-dispositive pretrial motion, but a district judge may reconsider such a determination where the magistrate judge's order is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  Reversal of a magistrate judge's order "is appropriate when a [m]agistrate [j]udge has obviously misapprehended a party's position, the facts, or the applicable law," as is the case here.  *Kreger v. General Steel Corp.*, No. 07-CV-575, 2008 WL 5429607, at *1 (E.D. La. Dec. 30, 2008) (*quoting Gaffney v. U.S. Dep't of Energy*, No. 98-CV-3772, 2000 WL 1036221, at *2 (E.D. La. July 25, 2000)).

### A.   The Clean-Up Responder Defendants Should be Permitted to Attend and Inquire at Relevant Penalty Phase Depositions

The Clean-Up Responder Defendants are mindful that Magistrate Judge Shushan is focused on limiting the amount of discovery in the Penalty Phase and keeping the Penalty Phase parties on schedule given the January 20, 2015 trial date.  However, the Clean-Up Responder

4

Defendants have a substantial interest in discovery related to the "mitigation" penalty factor given that they served as contractors to BP during the Deepwater Horizon oil spill response and clean-up efforts.  Prohibiting the Clean-Up Responder Defendants from attending the depositions of a limited number of Penalty Phase witnesses relevant to B3 issues and questioning these witnesses for a limited period of time, if necessary, deprives them of their right to properly protect their interests given the one-deposition rule in this litigation.  (Rec. Doc. 740 at 9).  Such a result, if permitted to stand, would be an injustice to the Clean-Up Responder Defendants, deny them due process, and be contrary to law.  *See, e.g., CMS Software Design Systems, Inc. v. Info Designs, Inc.*, 785 F.2d 1246, 1249 (5th Cir. 1986) (holding that "cut[ting] off plaintiff's opportunity to rebut . . . deprived plaintiff of a fair opportunity to contest the defense of license").

Nor was the request of the Clean-Up Responder Defendants to participate in a limited number of depositions unduly burdensome on either BP or the United States.  The Clean-Up Responder Defendants identified a very limited number of Penalty Phase witnesses that may have information relevant to the claims against them and their defenses.  These 12 witnesses all appear to have information directly relevant to B3 issues, and the Clean-Up Responder Defendants may need to rely on deposition testimony from these witnesses should, for example, sworn statements be received in connection with the B3 protocol and/or their summary judgment motions are not granted.  At the time of the Clean-Up Responder Defendants' June 16, 2014 request, the 15 – 30 minutes requested by the Clean-Up Responder Defendants for these 12 witnesses amounted to only 3 hours and 45 minutes total, or 1.3%, of the 292.5 anticipated hours of questioning to be conducted during the Penalty Phase.[2]

---

2  As some of these witnesses have since been deposed, the total amount of examination time requested by the Clean-Up Responder Defendants is now, to date, 3 hours.

A federal court may, at its discretion, issue an order designating the persons who may be present while discovery is being conducted in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(E).  Although Federal Rule of Civil Procedure 26(c)(1)(E) was not cited by Magistrate Judge Shushan, her Order has the same effect.

What constitutes "good cause" for such a protective order contemplates "particular and specific demonstrations of fact, as distinguished from stereotyped and conclusory statements." *David v. Signal Intern., LLC,* Nos. 08-CV-1220, 12-CV-557, 13-CV-6218, 13-CV-6219, 13-CV-6220, 13-CV-6221, 2014 WL 2581319, at *1 (E.D. La. May 14, 2014) (*citing Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) and *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). Accordingly, the harm at issue "must be significant" and "not a mere trifle," examples of which could include "when the deponent is likely to be intimidated by a prospective attendee . . . or where the privacy interests of a party or deponent would be comprised." *David*, 2014 WL 2581319, at *1 (citations omitted).

Importantly, the bar is even higher when the court seeks to exclude actual parties to the litigation, like the Clean-Up Responder Defendants here.  Indeed, when the persons to be excluded from a deposition are parties, "'factors that might justify exclusion of nonparties . . . might not be sufficient to exclude parties because of the parties' more substantial interests in being present. . . [and it is f]or this reason [that] courts generally are loath to exclude parties from depositions in the absence of 'compelling or exceptional circumstances.'" *Flores v. Wall*, No. 11-CV-69, 2012 WL 4471106, at *5 (D.R.I. Dec. 6, 2012) (*quoting Dade v. Willis*, No. 95-CV-6869, 1998 WL 260270, at *1 (E.D. Pa. Apr. 20, 1998) and *BCI Commc'n Sys,, Inc. v. Bell Atlanticom Sys., Inc.*, 112 F.R.D. 154, 160 (N.D. Ala. 1986)); *see also, e.g., Galella v. Onassis*,

487 F. 2d 986, 997 (2d Cir. 1973) (noting that while "it is clear that the court has the power to exclude even a party, . . . such an exclusion should be ordered rarely indeed").

No such compelling or exceptional circumstances exist here sufficient to warrant exclusion of a party to this litigation, especially when compared against the compelling interest that the Clean-Up Responder Defendants have in participating, as outlined above.  In fact, it is still unclear why Magistrate Judge Shushan changed course and vacated her previous order vis-à-vis the Clean-Up Responder Defendants' attendance at the Penalty Phase depositions.  (Rec. Doc. 12963).  To the extent that her decision was based on other parties' requests to attend these depositions (and potential future requests for time to examine some witnesses, as the United States suggested in its letter (Rec. Doc. 13022)), that hypothetical harm does not outweigh the Clean-Up Responder Defendants' interest in and need to inquire of relevant witnesses – especially given that this may be their only opportunity to do so if the "one-deposition rule" is enforced.

> **B.      The Stipulations Do Not Eliminate the Need to Examine United States Witnesses**

The stipulations cited by the United States in their June 16, 2014 letter (Rec. Doc. 13022) and relied upon by Magistrate Judge Shushan in her Order (Rec. Doc. 13024) do not obviate the need for the Clean-Up Responder Defendants to participate in the Penalty Phase depositions. These stipulations primarily address the application of dispersants, which is only part of the evidentiary record the Clean-Up Responder Defendants would need to develop on the merits of and defense against the B3 claims asserted against them.  For example, the stipulations do not provide information concerning safety training, respiratory protection, and personal protective equipment needed to combat Plaintiffs' allegations that the Clean-Up Responder Defendants disregarded worker health and safety concerns.  (Rec. Doc. 1812 at ¶¶ 149-50, 156, 189, 349,

Rec. Doc. 6696 at 3-4, 15-20, 29, 38).  Nor do the stipulations provide information concerning decontamination operations needed to defend against Plaintiffs' allegations that there were "oversight problems" at decontamination sites "administered" by Clean-Up Responder Defendants such that vessel decontamination was not always properly undertaken.  (Rec. Doc. 6696 at 20, 29, 38-39).  For these reasons, the stipulations were never meant to eliminate further participation by the United States vis-à-vis the B3 claims.

Moreover, even as to the content of the stipulations themselves, in order to adequately protect their interests, the Clean-Up Responder Defendants would need to be present at depositions and able to question in the event that one of the United States' witnesses contradicts something in them.  Purchasing and reviewing deposition transcripts after-the-fact, as Magistrate Judge Shushan suggested in her June 13, 2014 order (Rec. Doc. 13016), deprives the Clean-Up Responder Defendants of the real-time opportunity to seek to clarify and preserve the stipulated record.  Indeed, the United States' letter itself places so much weight on the effect of the stipulations that the Clean-Up Responder Defendants should be afforded an appropriate opportunity to ensure their evidentiary value remains intact.

## CONCLUSION

The Magistrate's Order denying the Clean-Up Responder Defendants' proposal to attend and briefly question at the depositions of a limited number of Penalty Phase witnesses is erroneous and contrary to law in that it deprives the Clean-Up Responder Defendants the opportunity to inquire of these witnesses and otherwise defend themselves against the B3 claims in this litigation.  Accordingly, the Clean-Up Responder Defendants respectfully appeal this Order and ask that the Court reverse this Order and permit the Clean-Up Responder Defendants

to briefly question at the depositions of a limited number of Penalty Phase witnesses, as outlined

in their June 16, 2014 letter (Rec. Doc. 13201) and incorporated herein by reference.

Dated: June 20, 2014

 /s/ Michael J. Lyle
Michael J. Lyle (DC #475078, IL #6199227)
Eric C. Lyttle (DC #482856)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 6th Street NW, 11th floor
Washington, DC 20001
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Sylvia E. Simson (NY #4803342)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY  10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Patrick E. O'Keefe (LA # 10186)
Philip S. Brooks, Jr. (LA # 21501)
MONTGOMERY BARNETT, L.L.P.
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3300
Telephone: (504) 585-3200
Facsimile: (504) 585-7688

Attorneys for O'BRIEN'S RESPONSE
MANAGEMENT, L.L.C. and NATIONAL
RESPONSE CORPORATION


 /s/ Ben L. Mayeaux
Frank X. Neuner, Jr. (LA #7674)
Ben L. Mayeaux (LA #19041)
Jed M. Mestayer (LA #29345)
NEUNERPATE
One Petroleum Center, Suite 200
1001 W. Pinhook Rd.
Lafayette, LA  70503
Telephone: (337) 237-7000
Facsimile: (337) 233-9450

Attorneys for AIRBORNE SUPPORT, INC. and
AIRBORNE SUPPORT INTERNATIONAL, INC.


 /s/ Alan M. Weigel
Alan M. Weigel (NY #3065307)
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: 212-885-5000
Facsimile: 917-332-3836

Attorney for MARINE SPILL
RESPONSE CORPORATION


/s/ Leo R. McAloon, III
Leo R. McAloon, III (LA # 19044)
Michael D. Cangelosi (LA #  30427)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
New Orleans, LA 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

Attorneys for DYNAMIC AVIATION
GROUP, INC.


/s/ Kevin R. Tully
Kevin R. Tully (LA #1627)
H. Carter Marshall (LA #28136)
Gregory S. LaCour (LA #23823)
CHRISTOVICH & KEARNEY, LLP
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6078
Telephone: (504) 561-5700
Facsimile: (504) 593-4220

Attorneys for INTERNATIONAL
AIR RESPONSE, INC. and
LYNDEN INCORPORATED

/s/ George E. Crow

George E. Crow (TX # 05151900)
LAW OFFICE OF GEORGE E. CROW
P.O. Box 30
Katy, TX 77492
For Overnight Physical Delivery use
1519 Miller Avenue
Katy, TX 77493
Telephone: (281) 391-9275


Attorney for LANE AVIATION, INC.

/s/ John E. Galloway

John E. Galloway (LA #5892)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, Suite 4040
New Orleans, LA 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456


Attorney for TIGER RENTALS,
LTD., THE MODERN GROUP,
LTD., and THE MODERN GROUP
GP-SUB, INC.


/s/ Harold J. Flanagan

Harold J. Flanagan (LA # 24091)
Brandon C. Briscoe (LA # 29542)
Sean P. Brady (LA # 30410)
Andy Dupre (LA # 32437)
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 2405
New Orleans, LA 70170
Telephone: 504-569-0235
Facsimile: 504-592-0251


Attorneys for DRC EMERGENCY SERVICES, LLC

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Memorandum in Support of Clean-Up Responder Defendants' Objections to and Appeal From Magistrate Judge's Order Regarding Clean-Up Responder Defendants' Request for Penalty Phase Deposition Examination Time (Rec. Doc. 13024) has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of June, 2014.


/s/ Michael J. Lyle
Michael J. Lyle