IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards, LLC | Herman, Herman & Katz, LLC |
| 556 Jefferson St., Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| E-Mail: jmr@wrightroy.com | E-Mail: Sherman@hhklawfirm.com |
| Telephone: (337) 233-3033 | Telephone: (504) 581-4892 |
| Direct: (337) 593-4190 | Direct: (504) 680-0554 |
| Fax: (337) 233-2796 | Fax: (504) 561-6024 |

May 21, 2014

*Via* E-Mail

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re: Medical Settlement: Chronic SPC Claims

Dear Judge Shushan:

In accordance with the Court's Order of May 16, 2014 [Doc 12871], Class Counsel respectfully advise the Court of the Medical Benefits Class' objection to the Claims Administrator's Policy Statement [Doc 12862].

We are mindful and respectful of the Court's intention to decide the issue on the current record, without further briefing or other submissions.

However, we feel compelled to file a Motion for Leave with the Court to respectfully pray for leave to file (i) a Request for Oral Argument, and (ii) a Motion to Strike the Declaration of Dr. Herzstein. We believe that this is a very significant issue, which is potentially devastating to the rights and claims of thousands of Clean-Up Workers and other class members who are suffering from chronic conditions; we have not had the opportunity to respond to the Claims Administrator's Policy Statement; and, while we understand that the Court does not desire further briefing on the issue, we believe that oral argument might likely be of assistance to the Class and/or to the Court. As to the Declaration, (which was only formally docketed last week), BP has previously taken the position, in connection with the BEL issues, that Class Counsel were required to file a formal motion to strike exhibits submitted by BP into the record in order to

preserve their objections; hence, while we lodged an objection *via* e-mail on April 15th, we would like to seek leave to file a formal Motion to Strike, out of an abundance of caution.

At the same time, a third issue has arisen. While meeting with the Claims Administrator yesterday, it became apparent that BP has not formally committed to the proposition that, if the Court were to agree with the Claims Administrator's current interpretation, a Back-End Litigation Option (BELO) Claim by someone whose chronic condition was arguably not "diagnosed" until after April 16, 2012 could not be denied on the basis that the condition manifested within the first 24-72 hours. While we, of course, disagree vehemently with the Policy Statement, the Class Member must, at the very least, have the opportunity to pursue a BELO Claim, if his or her Chronic SPC Claim is going to be denied on this basis. Stated another way: BP shouldn't be able to argue, (and the Claims Administrator should not be able to agree), that a Claim is both "diagnosed" too late to qualify as a Chronic SPC, yet "manifested" too early to qualify as a Later-Manifested Physical Condition. Perhaps, therefore, the Claims Administrator should issue, and BP should be forced to comment upon, a second corresponding BELO Policy *now*. If BP is going to attempt to disqualify class members suffering from chronic conditions from both Chronic SPC and BELO Claims, that is likely something that the Court should be aware of when considering this issue.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

STEPHEN J. HERMAN, ESQ.
JAMES PARKERSON ROY, ESQ.


cc: Matthew Garretson, Claims Administrator
    Mark Holstein, Esq.
    Kevin Downey, Esq.