IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| Applies to: *13-810* | * * * * * * | HONORABLE CARL J. BARBIER MAGISTRATE JUDGE SHUSHAN |

**THE BP PARTIES' ANSWER TO THE COMPLAINT OF
WADLEIGH INDUSTRIES, INC.**

Defendants BP Exploration & Production Inc. ("BPXP"), BP America Production Company ("BPAP"), and BP p.l.c. (collectively, the "BP Parties"), by their undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer the Complaint of Wadleigh Industries, Inc. (2:13-cv-00810-CJB-SS, Doc. 1) as follows: [1]

**NOW COMES PLAINTIFF,** WADLEIGH INDUSTRIES, INC., through undersigned counsel, who does allege, aver and represent as follows:

**Nature of the Action**

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

---

[1] Discovery with regard to the subject matter of the allegations in Plaintiff's Complaint is ongoing and not complete, and certain information thus remains unavailable to the BP Parties at this time, and the BP Parties therefore specifically reserve the right to amend or supplement their answers and affirmative defenses to the allegations in Plaintiff's Complaint as additional facts and expert opinions become known to them.

1

**ANSWER:**

The BP Parties admit that on April 20, 2010, there was a loss of control of the well being drilled by the vessel *Deepwater Horizon* in the Gulf of Mexico, and that there followed one or more fires and explosions, the sinking of the vessel, and a release of oil into the Gulf of Mexico. The BP Parties deny the remaining allegations of this paragraph, including that the spill came from the well because it came from the *Deepwater Horizon*.

2.  Plaintiff has suffered economic injury, damage and/or losses as a result of the oil spill.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

## THE PARTIES, JURISDICTION AND VENUE

[The BP Parties note that Plaintiff did not use paragraph number 3.]

4.  Plaintiff is a business located in St. Tammany Parish.

**ANSWER:**

The BP Parties acknowledge that plaintiff is a business located in St. Tammany Parish.

5.  Plaintiff brings these claims pursuant to the Oil Pollution Act of 1990 ("OPA"), 33 USC § 2701, *et seq.*

**ANSWER:**

The BP Parties acknowledge that plaintiff brings these claims pursuant to OPA.

6.  Jurisdiction exists before this Court pursuant to the Oil Pollution Act, 33 U.S.C. § 2717(b) (the "OPA").

**ANSWER:**

The BP Parties admit the allegations of this paragraph.

7. Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois. BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714. This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

**ANSWER:**

The BP Parties admit that BPXP is a Delaware corporation (but deny that its principal place of business is in Warrenville, Illinois), and that BPXP was, together with other entities, designated as a Responsible Party under the Oil Pollution Act. The BP Parties further admit that BPXP is subject to this Court's jurisdiction. The BP Parties deny the remaining allegations of this paragraph.

8. Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

**ANSWER:**

BP Exploration and Production Inc. was a leaseholder at Macondo and thus was designated as a "Responsible Party" by the U.S. Coast Guard under OPA, 33 U.S.C. § 2701. For that reason, BP objects to the addition of additional/new BP defendants, since their addition is expressly counter to the Conditions established to govern these OPA test cases. The BP Parties admit that BPAP is a Delaware corporation with its principal place of business in Houston, Texas that is subject to the jurisdiction of this Court. The BP Parties deny the remaining allegations of this paragraph.

9. Defendant BP p.l.c. is a British public limited company with its corporate headquarters in London, England. BP p.l.c. is the global parent company of the worldwide business operating under the "BP" logo. BP p.l.c. operates its various business divisions, such as the "Exploration and Production" division within BP Exploration and BP America, through vertical business arrangements aligned by product or service groups. BP p.l.c.'s operations are worldwide,

3

including in the United States. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and are sufficiently controlled by BP p.l.c. so as to be BP p.l.c.'s agents in Louisiana and the U.S. more generally. Plaintiffs further adopt and incorporate by reference all jurisdictional allegations against BP p.l.c. set forth in Paragraphs 212-218 of the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.*

**ANSWER:**

The BP Parties incorporate their answer to paragraph 8 herein. The BP Parties admit that BP p.l.c. is a British Public Limited Company organized under the laws of England and Wales, which is publicly traded with its headquarters in London, England, and that BP p.l.c. is not contesting the jurisdiction of this Court in this case. The BP Parties adopt and incorporate by reference their answers to Paragraphs 212-218 found in their Answer to the First Amended Master Complaint, Cross-Claims, and Third-Party Complaint for Private Economic Losses (the "B1 Answer"). Rec. Doc. 4130. The BP Parties deny the remaining allegations of this paragraph.

10.  BP Exploration, BP America, and BP p.l.c. are generally referred to herein collectively as the "BP Defendants" or "BP."

**ANSWER:**

The BP Parties admit that Plaintiffs refer to BPXP, BPAP, and BP p.l.c. collectively as BP, but deny that this is appropriate.

11.  Venue is proper in this jurisdiction because the defendants'' actions, inactions, and failures directly and proximately caused the damage and harm to the Plaintiff in this jurisdiction.

**ANSWER:**

The BP Parties are not contesting venue in this Court. The BP Parties deny the remaining allegations of this paragraph.

4

**Factual Background**

12.     Plaintiff adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

**ANSWER:**

    The BP Parties adopt and incorporate as if fully restated herein the B1 Answer.

13.     Plaintiff further adopts and incorporates as if restated herein all factual allegations information contained in the Direct Filing Short Form/Short Form Joinder, Rec. Doc. No. 119085, filed by Plaintiff into No. 10-8888.

**ANSWER:**

    The BP Parties reserve all of their rights concerning the allegations in this paragraph. Pursuant to the Federal Rules, actions in the federal District Courts proceed by way of allegations specifically set forth in complaints.  See Fed. R. Civ. P. 3.

14.     Plaintiff further adopts and incorporated as if fully restated herein Plaintiffs' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, 2011; Amended Response to Phase One Request for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012.

**ANSWER:**

    The BP Parties deny this paragraph in its entirety as the Plaintiffs' Supplemental and Amended Responses to Phase One Written Discovery Requests are not properly incorporated into this Complaint.  The BP Parties also object to the inclusion of the above-referenced discovery responses as irrelevant to this matter to the extent that the discovery responses relate to Halliburton Energy Services, Inc., a non-party to these OPA test cases.  Finally, the BP Parties lack information sufficient to admit or deny the allegations made in the PSC's omnibus discovery responses and therefore deny the allegations of this paragraph.

15.     Plaintiff is a heavy material handling equipment inspection, maintenance and service company primarily operating on drilling rigs in the Gulf of Mexico. As a result of the oil spill, Plaintiff's market was significantly impacted due to greater competition for fewer available jobs and projects in the Gulf area. Of note, Plaintiff's largest customers were forced to leave the Gulf of Mexico, further negatively impacting Plaintiff's operations and severing relationships that Plaintiff had built and fostered for many years. In order to sustain itself, Plaintiff was forced reduce its workforce, accept and pay higher insurance rates, and procure a SBA disaster loan to generate sufficient cash flows to maintain its operations. The latter significantly increased Plaintiff's debt burden. The oil spill directly affected Plaintiff's overall revenues, cash flow, debt burden and gross/net profits. As a result, Plaintiff has and continues to sustain substantial losses in its customer base, overall revenues and profitability.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

16.     Plaintiff, out of the abundance of caution, made and/or re-made "presentment" of a Claim in accord with 33 USC §§ 2702(b) and 2713, by submitting a description of the claim with a "sum certain" and some supporting documentation to BP as the "responsible party" under OPA *via* U.S. Mail, on or about January 4, 2013.

**ANSWER:**

The BP Parties are still engaging in the presentment consultation process with the PSC; *see* OPA Test Case Scheduling Order, Rec. Doc. 12972, ¶7; and thus reserve all of their rights on the issue of presentment.

17.     Because Plaintiff previously asserted claims against the responsible party through its prior short form filing (Document 119085 Filed 5/17/2012), the presentment on or about January 8, 2013 was made (and/or re-made) out of an abundance of caution.

**ANSWER:**

The BP Parties deny the allegations of this paragraph because filing a short form joinder does not constitute compliance with OPA's presentment requirements.  The BP Parties also incorporate by reference their reservation of rights regarding presentment as laid out in the answer to paragraph 16.

18.     BP either denied the claims or otherwise failed to respond within 90 days of presentment.

6

**ANSWER:**

The BP Parties incorporate their answers as contained in paragraphs 16-17 above.

### Claims for Relief

19.     Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints and the short form filing, against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiffs for removal costs and damages arising out of the following:

 a. Loss of Natural Resources;

 b. Loss or Damage to Real or Personal Property;

 c. Subsistence Use;

 d. Loss of Revenues;

 e. Loss of Profits and/or Earning Capacity; and

 f. Loss of Public Services.

**ANSWER:**

The BP Parties adopt and incorporate as if fully restated herein the B1 Answer.  The BP Parties also admit that BPXP was designated as a Responsible Party under the Oil Pollution Act.  The BP Parties deny the allegations of this paragraph insofar as it is an attempt to summarize the highly reticulated provisions of 33 U.S.C. § 2702, which speak for themselves.  The BP Parties deny the remaining allegations of this paragraph.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WADLEIGH INDUSTRIES, INC., demands judgment against Defendants, jointly, severally, and *in solido,* as follows:

 a. Economic and compensatory damages in amounts to be determined at trial;

 b. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

 c. Reasonable claims preparation expenses;

 d. Attorneys' fees;

e. Costs of litigation; and

f. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

**ANSWER:**

The BP Parties deny that Plaintiff is entitled to any relief in this action. The BP Parties deny that Plaintiff can pursue attorneys' fees or costs.[2]

## REQUEST FOR TRIAL BY JURY

Plaintiff requests that the above and foregoing be heard at trial by a jury of peers.

**ANSWER:**

Per this Court's OPA Test Trials Scheduling Order (Rec. Doc. 12972), "BP and the plaintiffs shall agree that the OPA test cases shall be bench trials before Judge Barbier and no party shall assert the right to a jury trial." Plaintiff's request in this paragraph is therefore inconsistent with this Order.

## GENERAL DENIAL

The BP Parties deny all allegations in the Complaint not specifically admitted herein, including any allegations contained in subparts, footnotes, and argument headings.

---

[2] Several of the test case plaintiffs have added boilerplate claims for relief for attorney fees, costs, etc. All such plaintiffs should be aware of the conditions of test case participation, including No. 3, "BP and plaintiffs agree with respect to the test case trials that each party will bear its own costs regardless of outcome." Given those conditions, BP objects to amendments and claims for relief that are inconsistent with the Conditions.

**AFFIRMATIVE DEFENSES**

The BP Parties set forth their affirmative defenses below. But by setting forth these affirmative defenses, the BP Parties do not assume the burden of proving any facts, issues, or elements of a cause of action where such burden properly belongs to Plaintiff.

**FIRST DEFENSE**

The allegations of the Complaint fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The blowout, explosion, and subsequent oil spill were caused by the unseaworthy condition(s) of the MODU *Deepwater Horizon*, and/or unseaworthy conditions, breach of contract or breaches of duty and breaches of warranty, express or implied, attributable to other entities, and the negligence of employees, agents, officers and directors of those other entities. The aforesaid unseaworthiness and negligence was within the knowledge or privity of those other entities and accordingly, plaintiff's claims should be dismissed as to the BP Parties.

**THIRD DEFENSE**

Plaintiff's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

**FOURTH DEFENSE**

The events culminating in the injuries and damage to Plaintiff were not the result of any negligence, fault, or want of due care on the part of BP Parties. Furthermore, Plaintiff has the burden of proof on this issue, and Plaintiff cannot meet that burden.

**FIFTH DEFENSE**

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no

causal connection between the acts complained of and the damages and injuries alleged. Additionally, BP denies that the applicable causal test or tests established by the Oil Pollution Act can be met by the Plaintiff.

## SIXTH DEFENSE

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible, and which preclude the finding of liability against the BP Parties.

## SEVENTH DEFENSE

In accordance with the *Exxon Co., U.S.A. v. Sofec, Inc.,* 517 U.S. 830 (1996), one or more superseding and/or intervening causes preclude any finding of liability on the part of the BP parties.

## EIGHTH DEFENSE

The Plaintiff's claims are barred by the operation and effect of releases of claims and liability on the part of the BP Parties.

## NINTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

## TENTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**ELEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**TWELFTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

**THIRTEENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to subrogation from other parties or entities.

**FOURTEENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that it seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**SIXTEENTH DEFENSE**

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

**SEVENTEENTH DEFENSE**

The BP Parties deny that they are liable to any extent as alleged in the Complaint, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiff as a result of the allegations contained in the Complaint and for any other damages or claims which exist or may arise, but have not been specifically pled.

## EIGHTEENTH DEFENSE

Claims in this Complaint may fail to comport with one or more requirements of presentment as defined by the Oil Pollution Act of 1990 and its case law. Retroactive compliance with OPA presentment requirements is not permissible.

## NINETEENTH DEFENSE

The BP Parties may only be held liable for their own conduct and may not be held liable derivatively for the conduct of any other entity. Similarly, one BP entity may not be held derivatively liable for the conduct of any other BP entity.

## TWENTIETH DEFENSE

The BP Parties cannot be held liable for the negligence of the BP Parties' contractors or subcontractors or other parties as the actions of independent contractors cannot be imputed to the BP Parties.

## TWENTY-FIRST DEFENSE

The BP Parties cannot be held liable for any damages resulting from actions taken pursuant to federal, state, or local government control, direction, delegation, or authorization. Similarly, the BP Parties may not be held liable for any damages resulting from the actions of any BP Parties exacerbated by federal, state, or local government actions.

## TWENTY-SECOND DEFENSE

The BP Parties did not violate any federal, state, or local statute, regulation, or other legally imposed mandate, restriction, or guidance.

## TWENTY-THIRD DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by any prior payment to and/or release of liability from Plaintiff who may have received funds through

the BP claims process, the GCCF, and/or the CSSP. Furthermore, any settled claims accompanied by releases of rights against the BP Parties may no longer be maintained.

**TWENTY-FOURTH DEFENSE**

The BP Parties cannot be held to be responsible under OPA for losses caused by prevailing macro-economic conditions including but not limited to tight credit conditions.

**TWENTY-FIFTH DEFENSE**

To the extent this action was not filed in compliance with OPA's presentment requirements, it would need to be refiled as a new action and thus would fall outside the applicable statute of limitations.

**TWENTY-SIXTH DEFENSE**

To the extent this action was not filed in compliance with OPA's presentment requirements, it would need to be refiled as a new action and thus its allegations would become subject to the doctrine of laches.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

Dated:  June 23, 2014

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Christopher W. Keegan
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
Telephone:  (414) 439-1400
Facsimile:   (414) 439-1500

Jeffrey Bossert Clark
Dominic E. Draye
Thomas P. Weir
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Respectfully submitted,

/s/  Don K. Haycraft
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
202-662-5985

Emily Johnson Henn
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
650-632-4715

*Attorneys for BP Exploration & Production, Inc, BP America Production Company, and BP p.l.c.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of June, 2014.

                                                         /s/  Don K. Haycraft