# M E M O R A N D U M

TO:            The Honorable Sally Shushan

FROM:          BP Counsel

DATE:          May 22, 2014

RE:            *In re Deepwater Horizon*, MDL No. 2179 – Class Counsel's Objection to the
               Medical Class Settlement Claims Administrator's Policy Statement Dated May
               13, 2014

Dear Judge Shushan:

Despite the Court's admonition that no further submissions on the issues addressed in the Claims Administrator's policy statement would be accepted, Class Counsel filed a Motion for Leave to File Request for Oral Argument and Motion to Strike.  Accordingly, attached please find a courtesy copy of BP's Opposition to Class Counsel's motion, which BP is filing today with the Court.  BP submits that further briefing and oral argument is unnecessary and that Dr. Herzstein's declaration properly addresses issues raised in Class Counsel's opening memorandum.

Class Counsel's May 21, 2014 letter also posits an unfounded "third issue" that is not addressed in Class Counsel's Motion.  Class Counsel speculates that BP may argue that a Class Member's opportunity to pursue recovery for a claimed Later-Manifested Physical Condition ("LMPC") could be barred because it "manifested within the first 24-72 hours" of exposure.  BP has not taken, and does not take, such a position.  An LMPC is defined by the date when the condition is "first diagnosed," not when the condition first manifests.[1]  Class Members seeking recovery for claimed conditions that meet the definition of an LMPC may proceed through the procedures available for LMPCs, including the Back-End Litigation Option ("BELO"), and may receive compensation if they satisfy applicable proof requirements.

Thank you for your time and consideration of this matter.

Respectfully submitted,

Kevin M. Hodges
Williams & Connolly LLP

---

[1]    MSA § II.VV.  *See also* BP April 29, 2014 Mem. at 7 ("By its plain terms, this definition encompasses later manifested conditions **and** earlier manifested conditions that are first diagnosed after April 16, 2012.").

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by | * | **MDL NO. 2179** |
| the Oil Rig "Deepwater Horizon" | * | |
| in the Gulf of Mexico, on April 20, 2010 | * | **SECTION J** |
| | * | |
| This document relates to: | * | |
| No. 12-968 | * | **Honorable CARL J. BARBIER** |
| | * | |
| | * | **Magistrate Judge SHUSHAN** |
| | * | |

### BP'S OPPOSITION TO CLASS COUNSEL'S MOTION FOR LEAVE TO FILE REQUEST FOR ORAL ARGUMENT AND MOTION TO STRIKE

BP respectfully requests that the Court deny Class Counsel's Motion for Leave to File Request for Oral Argument and Motion to Strike, Rec. Doc. 12909.  The Court has previously directed that it "will take [the issue] up based on the record filed by the Claims Administrator with the policy statement," and that "[n]o further submissions or briefing will be accepted."[1]  BP and Class Counsel have extensively briefed the issue regarding classification of conditions first diagnosed after April 16, 2012, as discussed in the Claims Administrator's policy statement dated May 13, 2014.[2]  BP submits that further briefing or argument on this issue would be unnecessary and a waste of judicial resources given the fulsome record already before the Court.

The Court also should decline to entertain Class Counsel's Motion to Strike, for there is no basis to strike Dr. Herzstein's declaration.  The declaration responds to certain issues raised in

---

[1]   Order Regarding Policy Statement by the Medical Class Settlement Claims Administrator, May 16, 2014, Rec. Doc. 12871.

[2]   *See* Rec. Doc. 12862-1 – Rec. Doc. 12862-5.

Class Counsel's opening memorandum and is relevant and appropriate to the briefing that was submitted to the Court.[3]

For the foregoing reasons, Class Counsel's motion should be denied.  In the event that the Court grants Class Counsel leave to file, BP reserves its right to file a response to both the Request for Oral Argument and the Motion to Strike.

May 22, 2014

Respectfully submitted,

 

   */s/ Kevin M. Hodges*      

Mark Holstein
J. Tracey Rogers
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX  77079
Telephone:  (281) 366-2000
Telefax:  (312) 862-2200

Kevin M. Hodges
Kevin M. Downey
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 434-5000
Telefax:  (202) 434-5029

   */s/ Don K. Haycraft*       
S. Gene Fendler (Bar #05510)
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

**ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY**

---

[3]   Class Counsel states that Dr. Herzstein's declaration was only recently docketed.  However, this declaration was served on Class Counsel by email on April 14, 2014, more than one month ago.