UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | |
| of Mexico, on April 20, 2010 | SECTION J |
| Applies to: *All Cases & 12-970* | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding Motion to Clarify and/or to Alter
or Amend Order Lifting Injunction (Rec. doc. 13004)]**

Class Counsel have filed a motion seeking clarification that certain claims are unaffected by Policy 495, "Business Economic Loss Claims: Matching of Revenue and Expenses," adopted by the Claims Administrator following this Court's order of May 5, 2014 (rec. doc. 12817). Counsel identifies those claims as: "(a) claims currently in the appeals process where no party raised matching as an issue on appeal; (b) claims which completed the appeals process where no matching issue was raised; and (c) claims which completed the appeals process because they were compromised between BP and the Claimant in the settlement program appeal." Class Counsel submits that these claims should not be subject to recalculation or further appeals through the application of Policy 495.

The Court is informed that the Settlement Program has preliminarily reviewed the matters comprising the three categories itemized above. Accordingly, the parties shall proceed as follows:

1. The Appeals Coordinator will submit to Class Counsel and BP the list of the BEL appeals that the Appeals Coordinator believes do not involve matching.[1] If BP takes

---

[1] The list and other submissions by the parties will not be filed of record. They should be served only on the parties and the Appeals Coordinator.

the position that matching is an issue on appeal, then within fourteen (14) days it must articulate in detail the matching issue with appropriate documentation. That statement (limited to 1 page double spaced) must be provided to the Appeals Coordinator, Class Counsel and Claimant. Class Counsel and/or the Claimant will have fourteen (14) days to respond with appropriate documentation. The response (limited to 1 page double spaced) must be provided to both the Appeals Coordinator and to BP.

2. If both Class Counsel and BP agree that matching is not involved: (a) the appeal will go forward on other appeal issues raised by the parties if the appeal had not otherwise been concluded; or (b) the Program will conclude the processing of claims in which the appeals process had otherwise been completed.

3. With respect to those appeals when the issue of matching is contested, the Appeals Coordinator will determine, after reviewing the submissions from all parties, whether there is a *prima facie* case requiring Policy 495 matching consideration. If the Appeals Coordinator finds that a *prima facie* case has been articulated, the claim will proceed to be reviewed for Policy 495 consideration. If the Appeals Coordinator finds no *prima facie* case for matching, that finding will be conclusive. The Appeals Coordinator's decision will be final and non-appealable.

4. As to claims which were in the appeal process but which were compromised between BP and Claimant, those claims shall be paid promptly without further delay.

New Orleans, Louisiana, this 27th day of June, 2014.

**CARL J. BARBIER**
**United States District Judge**

2