UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| This Document Relates To: | * | JUDGE BARBIER |
| J&K Investments of Mississippi, Inc. | * | |
| vs. | * | MAGISTRATE SHUSHAN |
| BP, P.L.C., et al | * | |
| Civil Action No: 2:13-cv-06650-CJB-SS | * | |
| | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

COMES NOW J&K Investments of Mississippi, Inc., and submits this Memorandum in Support of its Motion to Remand and for cause would show unto the Court the following:

### INTRODUCTION

The plaintiff, J&K Investments of Mississippi, Inc., filed the present action on June 28, 2013 in the Circuit Court of Harrison County, Mississippi, First Judicial District, alleging that the defendants breached a contract that was formed by the parties in June of 2010.

In its state court complaint, the plaintiff asserted only a breach of contract cause of action under Mississippi law.

On August 13, 2013, BP improperly removed this action to federal court.  The only bases BP cites for removal are federal question jurisdiction and original jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA")[1] and 28 U.S.C. § 1333(1) (maritime law). However, neither of these provides a proper ground for jurisdiction in this case.

---

[1] While federal question jurisdiction and "original jurisdiction" under OCSLA are cited as different grounds for removal, they are indistinguishable.

1

Plaintiffs filed a motion to remand based on lack of subject matter jurisdiction while the case was before the Southern District of Mississippi. However, before the Southern District ruled on the motion, the case was transferred to this venue as part of the Multi-District Litigation surrounding the Deepwater Horizon oil spill.

## LEGAL STANDARD

This Court has removal jurisdiction pursuant to 28 U.S.C. § 1441(a) if a federal question appears on the face of the plaintiff's complaint. *Gutierrez v. Flores*, 543 F.3d 248, 251-52. Proper removal requires that the allegations contained in the plaintiff's complaint arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Gutierrez*, 543 F.3d at 251. Thus, a plaintiff may choose to allege only state law causes of action, depriving the federal court of removal jurisdiction. *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). The availability of a federal cause of action or a defense that arises under federal law is insufficient to confer removal jurisdiction. *Id.*

The "saving to suitors" clause of 28 U.S.C. §1333 ("the saving clause") prohibits removal of actions when the sole jurisdictional basis for a federal court is its original jurisdiction over maritime matters. This statutory limitation has been recognized by courts since at least 1959 and is rooted in a history of concurrent jurisdiction over maritime law that dates to colonial times. *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 380 (1959). Despite defendants' contention, the 2011 Federal Court Jurisdiction and Venue Clarification Act ("JVCA") did not alter §1333's limitation on removal of maritime actions.

The party seeking removal has the burden of demonstrating that a federal question exists in the plaintiff's complaint. *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Due to

federalism implications inherent in removal, § 1441 must be strictly construed and "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.*

**ARGUMENT**

I. **Removal is improper because the saving-to-suitors clause of 28 U.S.C. §1333 prohibits removal of maritime actions unless an independent, non-maritime basis for jurisdiction exists.**

Maritime actions filed in state court are not removable absent an independent basis of federal jurisdiction. *See Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003). While defendants contend that the JVCA's revision of §1441(b) has eliminated this prohibition, case law and policy show that they are incorrect because §1333 itself prevents removal.

a. **Maritime actions filed in state court may not be removed under 28 U.S.C. §1441 absent another, non-maritime grounds for federal jurisdiction.**

The foundational case on the saving clause is *Romero v. Int'l Terminal Operating Co.*, in which the Supreme Court examined the clause's history and held that maritime claims are not within the "federal question" jurisdiction of District Courts. 358 U.S. 354, 375 (1959). The saving clause codifies the concurrent maritime jurisdiction that the state and federal governments have shared since before the Founding Period and allows plaintiffs to select a nonfederal forum. The Court emphasized that preserving this concurrent jurisdiction "was the unquestioned aim of the saving clause." *Id.* at 366-373. The saving clause acts as a limitation on §1441's removal power.

Under *Romero*, Federal Circuit Courts of Appeal have unanimously interpreted the saving clause as prohibiting removal of maritime claims absent an independent basis of

jurisdiction, such as diversity of citizenship.[2] This allows a plaintiff with a maritime action to choose between a state and federal forum without the possibility of removal, just as Congress intended. 358 U.S. at 371. While the saving clause cannot *stop* removal based on a non-maritime grant of jurisdiction, it has always prevented removal when founded *solely* on the federal original jurisdiction over maritime law. *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. 1981). This limitation is the "unquestioned aim" of the clause. 358 U.S. at 372.

For more than five decades, the Fifth Circuit Court of Appeals has followed *Romero* and without exception held that the saving clause prohibits removal of maritime claims without an independent basis of jurisdiction. *See Poirrier* 648 F.2d at 1066; *In re Dutile*, 935 F.2d 61 (5th Cir. 1991); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150 (5th Cir. 1996); *Morris*, 344 F.3d at 444; *See also Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (2013) (holding that maritime cases "are exempt from removal by the 'saving-to-suitors' clause.").

In *Dutile*, the Fifth Circuit explored the interaction between the pre-JVCA versions of §1441(a) and §1441(b). It held that maritime claims cannot be removed because §1441(a) forbids removal when "expressly provided for by Act of Congress" and that §1441(b) was "one of these express provisions" preventing removal. 935 F.2d. at 62-63.[3] This holding has been cited and upheld numerous times by the Fifth Circuit.[4] Nothing in *Dutile* or its progeny has ever suggested that §1441(b) was the only "Act of Congress" prohibiting removal. To the contrary, the court noted that §1441(b) was "*one* of these express provisions" indicating that other grounds for prohibition exist. 935 F.2d at 63 (emphasis added).

---

[2] *See, e.g., Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003) ("General maritime claims saved to suitors are, of themselves, not removable…[but] removal is appropriate if federal jurisdiction exists under a separate statute."); *Servis v. Hiller Sys., Inc.*, 54 F.3d 203, 206 (4th Cir. 1995); *In re Chimenti*, 79 F.3d 534, 537 (6th Cir. 1996); *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 390 (3d Cir. 2002).

[3] Specifically, the court found that since maritime actions are not federal questions under *Romero*, they are included in §1441(b)'s language of "any other such action" and cannot be removed without another basis of jurisdiction.

[4] *See Tennessee Gas Pipeline*, 87 F.3d at 153; *Morris*, 344 F.3d at 344; *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (2013) (applying the pre-JVCA version of §1441).

The saving clause itself is another Act of Congress prohibiting removal since, as the Supreme Court noted in *Romero*, its "unquestioned aim" is to protect concurrent maritime jurisdiction by limiting the scope of removal. 358 U.S. at 372. Recently, the Eastern District of Louisiana has addressed this exact issue and held that in cases where the plaintiff has a right to a jury trial "the saving to suitors clause, found in §1333, is an Act of Congress that prohibits the removal of [general maritime claims.]" *Barry v. Shell Oil Co.*, 2014 U.S. Dist. LEXIS 23657 at *9 (E.D. La. Feb. 24, 2014). Since the saving clause is an Act of Congress prohibiting removal, cases such as this one must be remanded to state court unless the defendants can prove a non-maritime ground of jurisdiction. In this case, there is not complete diversity of parties and, despite defendants' contention otherwise, no federal question was raised in the complaint. The plaintiff chose to pursue his maritime action in state court and §1333 guarantees his right to do so. Without another ground of federal jurisdiction, removal was improper and this case should be remanded to Circuit Court of Harrison County, Mississippi.

### b. Despite revisions to §1441(b), the saving to suitors clause itself bars removal of maritime claims absent another ground of jurisdiction.

Recently, confusion has arisen because a minority line of decision have misinterpreted the JVCA's effect on removal.[5] Congress passed the JVCA to clarify the law on removal and venue.[6] As a part of this clarification, §1441(b) was reworded to eliminate the language of "any other such action," thereby erasing *one* prohibition on removal of maritime claims. However, the JVCA left §1333 entirely unaffected and nothing suggests that Congress meant to change the

---

[5] *See Ryan v. Hercules Offshore, Inc.*, 945 F.Supp. 2d 772 (S.D. Tex. 2013) (holding that by deleting the words "any other such action" Congress eliminated the prohibition on maritime removal); *See also*, *Wells v. Abe's Boat Rentals*, 2013 WL 3110322 (S.D. Tex. June 18, 2013) (citing *Ryan*'s logic but holding that the claim at issue could be removed under OCSLA); *Carrigan v. M/V AMC Ambassador*, 2014 U.S. Dist. LEXIS 12484 (S.D. Texas Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, 2013 U.S. Dist. LEXIS 164542 (M.D. La. Sept. 27, 2013).

[6] The Fifth Circuit, in dicta, has acknowledged that the JVCA was not meant to change substantive practice. *Barker*, 706 F.3d at 695 ("[The JVCA] is a clarification, as opposed to an amendment of the original statute").

well-established rule that §1333 prevents removal of maritime cases absent an independent jurisdictional basis.

None of these cases have addressed whether the saving clause prohibits removal in and of itself. Rather, they merely held that the revised §1441(b) no longer serves as an act of Congress prohibiting removal. *See, e.g. Ryan* at *3 ("Plaintiffs have not suggested that some other act of Congress [besides §1441(b)] prohibits removal."). However, there is absolutely no indication from any court that §1441(b) is the sole ground for prohibiting removal. *See Dutile*, 935 F.2d at 63 (describing §1441(b) as "*one* of these express provisions" prohibiting removal). Since the "unquestioned aim" of the saving clause is to prevent removal of maritime claims without an independent jurisdictional ground, it is clearly an act of Congress which prohibits removal under §1441(a). To ignore the rationale for the clause and hold that it is not an act of Congress prohibiting removal would be to make it completely meaningless.

Several cases decided after the passage of the JVCA further show that the saving clause itself prohibits removal. In *Barker v. Hercules Offshore Inc.*, the Fifth Circuit stated, "though federal courts have original jurisdiction over maritime claims…they do not have removal jurisdiction…*such lawsuits are exempt from removal by the 'saving-to-suitors' clause*." 713 F.3d 208, 219 (applying the pre-revision version of §1441) (emphasis added)[7]. In another post-JVCA case, the Eastern District of Louisiana cited this language to support remanding a case involving "the saving-to-suitors exception to original admiralty jurisdiction." *Constantin Land Trust v. Epic Diving and Marine Services, LLC*, Civil Action 12-259 (E.D.LA March 28, 2013); *See also Barry v. Shell Oil Co.*, 2014 U.S. Dist. LEXIS 23657 (E.D. La. Feb. 24, 2014) (holding that when plaintiff has a right to a jury trial "the saving to suitors clause…prohibits the removal of

---

[7] *See also In re Eckstein Marine Serv.*, 672 F.3d 310, 315-316 (5th Cir. 2012) (Affirming remand because under §1333 "the district court's admiralty jurisdiction therefore could not, in and of itself, give the district court subject matter jurisdiction.").

this action."). As these courts have noted, the saving clause is an Act of Congress prohibiting removal because it is designed to allow plaintiffs a choice between federal or state courts.

Defendants argue that "the saving-to-suitors clause has never been a bar to removal" for general maritime cases. *See* BP'S MEMORANDUM IN OPPOSITION TO REMAND at 14.[8] This is misstatement of the law. In the half century since the Romero decision, only the recent line of *Ryan* cases has held that maritime claims may be removed without another ground for jurisdiction. These few district court opinions stand against five decades of precedent unanimously supporting the rule that "general maritime claims saved to suitors are, *of themselves*, not removable." *Morris v. TE Marine Corp.*, 344 F.3d 439, 344 (5th Cir. 2003) (emphasis added).

Defendants quote *Tennessee Gas Pipeline* as saying that "the saving to suitors clause 'does not guarantee a nonfederal forum.'" BP'S MEMORANDUM IN OPPOSITION TO REMAND at 9. However, the sentence they cite reads in full: "Nevertheless, the 'saving to suitors' clause 'does not guarantee [plaintiffs] a nonfederal forum, or limit the right of defendants to remove such action to federal court ***where there exists some basis for federal jurisdiction other than admiralty***.'" 87 F.3d at 153 (emphasis added). When put in context, the very language Defendants point to undercuts their argument and reiterates that courts have always understood the saving clause as preventing removal based solely on maritime jurisdiction.

When courts say that the saving clause does not guarantee a nonfederal forum, they are saying that it cannot act as an anchor to keep maritime cases in state court despite diversity or federal question jurisdiction. That is not the situation in this case. While the clause cannot stop a

---

[8] The issues presented herein were briefed before the District Court for the Southern District of Mississippi prior to transfer. Plaintiff refers this Court to these briefs, but intends to provide a summation of all arguments in favor of remand in this motion.

defendant from removing on other jurisdictional grounds, it does guarantee that federal courts will not exercise original jurisdiction over maritime claims first filed in state courts where there is no other jurisdictional basis.

In the case at bar, neither diversity jurisdiction nor federal question jurisdiction exist. The only ground this court has to hear the case is its original maritime jurisdiction. The saving clause prohibits it from doing so. The overwhelming weight of precedent, as well as policy considerations, favor the traditional, majority view of the saving clause as prohibiting removal based solely on maritime jurisdiction. This court should follow the well-established 5th Circuit rule and grant the plaintiff's motion to remand.

## II. Federal question jurisdiction does not exist because the plaintiff's complaint only alleges claims arising under Mississippi law, not OCSLA or any other federal act.

J&K Investments' original state court complaint only alleges breach of contract causes of action arising under Mississippi law. Nothing in its complaint can be construed as arising under federal law, as required for removal jurisdiction. Therefore, removal jurisdiction is absent and remand is proper.

BP argues that because the contract that was breached would not have occurred but for the Deepwater Horizon oil spill, the breach of contract claim arises under OCSLA, which regulates operations related to the exploration, development, or production of minerals of the subsoil and seabed of the Outer Continental Shelf ("OCS"). *See* BP's Notice of Removal ¶¶ 8-15. BP reasons that the plaintiff's claims arise under federal law because had BP not been performing drilling operations on the OCS, the *Deepwater Horizon* oil spill would not have occurred, the plaintiff would never have entered into the subject contract with BP, and BP would never have breached the contract. *Id.*

8

BP's asserts a link between a federally regulated activity (drilling operations on the OCS) and the breach of contract at issue as its basis for federal question jurisdiction. While BP's oil drilling operations on the OCS and the cleanup efforts that followed the Deepwater Horizon spill may have been regulated by OCSLA, J&K Investments' breach of contract claim does not arise from this federal act. In fact, outside of the tenuous causal relationship described by BP in its Notice of Removal, J&K Investments' breach of contract claim has absolutely no relationship to OCSLA or any other federal statute. Removal jurisdiction cannot be based in factual causation.

While BP attempts to argue that J&K Investments breach of contract claim arises under OCSLA, it actually argues that it may have a defense under OCSLA. Any potential federal defense that BP may have is inadequate to confer removal jurisdiction on this Court. The removal statute must be strictly construed. The plaintiff's complaint does not allege any cause of action that arises under federal law. Instead, it alleges negligence theories arising under Mississippi law. Therefore, this ground for removal is not defensible.

## CONCLUSION

BP has not demonstrated a sufficient basis for removal jurisdiction. J&K Investments alleges only a state law breach of contract cause of action, which arise under Mississippi law. There is no federal question on the face of its complaint. Because there is no independent ground for removal, the saving to suitors clause prevents removal of this case based solely on maritime jurisdiction. Therefore, this case should be remanded to the Circuit Court of Harrison County, Mississippi, First Judicial District.

RESPECTFULLY SUBMITTED this the 27th day of June, 2014

BY:   DAVIS & CRUMP, P.C., its Attorneys

/S/ Trevor B. Rockstad
TREVOR B. ROCKSTAD
MS Bar Number 103614
1712 15th Street, Suite 300
Gulfport, MS 39501
(228) 863-6000
(228) 864-0907(facsimile)

**CERTIFICATE OF SERVICE**

      I, Trevor B. Rockstad, declare that I am employed with the law firm of Davis & Crump, P.C., whose address is 1712 15th Street, Suite 300, Gulfport, Mississippi 39501. I am not a party to this case and I am over the age of eighteen years.

      I further declare that on the date hereof I served a copy of the above and foregoing using the CM/ECF system which will send notification of such filing to the parties denoted on the Electronic Mail Notice List, and I placed a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, address to the non-CM/ECF participants indicated on the Manual Notice List.

      This the 27th day of June, 2014.

                                              /S/ Trevor B. Rockstad
                                              TREVOR B. ROCKSTAD
                                              Ms. Bar No. 103614

DAVIS & CRUMP, P.C.
Attorneys at Law
1712 15th Street, Suite 300
Gulfport, MS 39501
(228) 863-6000
(228) 864-0907 (facsimile)