UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br>Andry Law Group, et al. v. CNA Financial, et al.<br>Civil Action No:          2:14-cv-600 | MDL No:          2179<br><br>Section:          J (Barbier)<br>Mag:               1 (Shushan) |

**DEFENDANTS CNA FINANCIAL CORPORATION'S AND CONTINENTAL CASUALTY COMPANY'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1 and Federal Rule of Civil Procedure 56, Defendants CNA Financial Corporation ("CNA Financial") and Continental Casualty Company ("Continental") submit the following statement of undisputed material facts in support of their Motion for Summary Judgment:

**The Freeh Corruption Investigation**

1.      In 2012, Judge Carl Barbier of the United States District Court for the Eastern District of Louisiana approved an amended version of an "Economic and Property Damages Settlement Agreement" (the "Settlement Agreement") in connection with the multi-district class action litigation styled *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 2010*, No. 10-MDL-2179 (E.D. La.) (the "*Deepwater Horizon* MDL").  *See generally* Report of Special Master Louis J. Freeh (the "Freeh Report"), attached as Exhibit 1 to the Declaration of David Daly ("Daly Decl."), at 16-17.[1]  The Settlement Agreement established a Court-supervised settlement program for individuals and businesses harmed by the British

---

[1] Although not necessary to the resolution of this Motion for Summary Judgment, the Settlement Agreement may be found at Docket Entry 6430-1 of the *Deepwater Horizon* MDL docket.

Petroleum *Deepwater Horizon* explosion and oil spill. *Id.* The Settlement Agreement also established a claims administration process to be administered by the Claims Administrator's Office and Claims Administrator Patrick Juneau (the "DH Settlement Program"). *See id.*

2. In July 2013, Judge Barbier appointed Louis J. Freeh as Special Master for the purpose of conducting an independent, external investigation (the "Freeh Corruption Investigation") into the DH Settlement Program "to ensure the integrity of the program for the benefit of the parties and the public." July 2, 2013 Order (Daly Decl., Ex. 2) at 2.

3. On September 6, 2013, the Special Master issued the Freeh Report detailing the findings of his investigation. *See generally* Freeh Report (Daly Decl., Ex. 1).

4. Plaintiff Jonathan Andry ("Andry") and several different law firms associated with him – all of which have similar names – were among those investigated by the Special Master. *See, e.g.*, Freeh Report (Daly Decl., Ex. 1) at 21-34.

5. First, Andry is the sole agent of Plaintiff The Andry Law Group, LLC ("The Andry Law Group"). Freeh Report (Daly Decl., Ex. 1) at 22.

6. Second, Andry and Glen Lerner ("Lerner") are or were partners in the law firm AndryLerner, LLC ("AndryLerner"), which is not a party to this case. Freeh Report (Daly Decl., Ex. 1) at 22; *see also* Initial Objections and Response of The Andry Law Firm to the Freeh Report, January 17, 2014 ("The Andry Law Firm Objections") (Daly Decl., Ex. 3) at 6.

7. Third, Andry and his brother, Gilbert Andry, also are or were partners in The Andry Law Firm, LLC ("The Andry Law Firm"), which also is not a party to this case. Freeh Report (Daly Decl., Ex. 1) at 22.

8.     Despite their similar names, Plaintiff The Andry Law Group, AndryLerner, and The Andry Law Firm are each separate and distinct entities.  *See* Freeh Report (Daly Decl., Ex. 1) at 22; The Andry Law Firm Objections (Daly Decl., Ex. 3) at 6.

9.     During the relevant time period, AndryLerner and Plaintiff The Andry Law Group together had 675 claims pending before the DH Settlement Program.  Freeh Report (Daly Decl., Ex. 1) at 23; *see also* The Andry Law Firm Objections (Daly Decl., Ex. 3) at 6.

10.    The Andry Law Firm filed its own business economic loss claim directly with the DH Settlement Program for approximately $7.9 million.  Freeh Report (Daly Decl., Ex. 1) at 46; *see also* The Andry Law Firm Objections (Daly Decl., Ex. 3) at 6.[2]

11.    According to the Freeh Report, Special Master Freeh interviewed a number of witnesses during the Freeh Corruption Investigation, including Andry.  Freeh Report (Daly Decl., Ex. 1) at 4, 14.  The Freeh Report also states that Special Master Freeh issued a number of document subpoenas in connection with the Freeh Corruption Investigation, including one to Andry.  *Id.* at 27.

12.    Andry retained outside counsel in connection with the Freeh Corruption Investigation and the Special Master's requests.  *See* Email from jandry@andrylawgroup.com to LPLNewClaims@cna.com, October 14, 2013 ("Notice from Andry") (Daly Decl., Ex. 11).

**The Freeh Report**

---

[2] "The Andry Law Firm was formed in 2000, continues to represent clients, but does not represent one single claimant in the BP litigation, but does have its own *pro se* claim.  On the other hand, the separate law firm, AndryLerner, LLC, was formed in 2012.  AndryLerner, LLC represents many clients for BP claims, but does not have its own BP claim.  The Andry Law Firm does not share in, or have any financial interest in, AndryLerner, LLC.  Likewise, AndryLerner, LLC does not share in, or have any financial interest in, either The Andry Law Firm or its perfected BP claim.  The Andry Law Firm has two (2) members, Gilbert V. Andry, IV and Jonathan B. Andry.  Gilbert V. Andry, IV is not a member of AndryLerner, LLC."  The Andry Law Firm Objections (Daly Decl., Ex. 3) at 6.

13. The Freeh Report concluded that Andry and Lerner had utilized their relationship with Sutton and his position as a staff attorney at the DH Settlement Program Claims Administrator's Office for the benefit of their clients at AndryLerner and The Andry Law Group, and that Andry had used Sutton to facilitate and expedite The Andry Law Firm's $7.9 million direct claim. Freeh Report (Daly Decl., Ex. 1) at 81.

14. The Freeh Report also found that Andry and Lerner had paid Sutton over $40,000 in fees for referring claimants to AndryLerner and The Andry Law Group. Freeh Report (Daly Decl., Ex. 1) at 81.

15. Based upon these findings, the Freeh Report recommended that the United States Department of Justice consider whether Andry had violated federal criminal statutes regarding fraud, money laundering, conspiracy or perjury. Freeh Report (Daly Decl., Ex. 1) at 86-87.

16. The Freeh Report also recommended that the State Bar of Louisiana determine whether Andry's conduct violated any disciplinary rules, including those relating to the division of fees. Freeh Report (Daly Decl., Ex. 1) at 87.

17. The Freeh Report further recommended that the Court consider applying the doctrine of "unclean hands" (1) to ban Andry and any law firms affiliated with him from representing any clients in connection with the DH Settlement Program or from collecting any fees as to such representations, and (2) to disallow The Andry Law Firm's $7.9 million claim. Freeh Report (Daly Decl., Ex. 1) at 87-88.

**The Show Cause Order**

18. Following publication of the Freeh Report, on September 6, 2013, Judge Barbier issued an order in the *Deepwater Horizon* MDL directing (among others) Andry and "any associated law firms" to show cause why the Court should not adopt the findings and

recommendations set forth in the Freeh Report (the "Show Cause Order"). *See* Show Cause Order (Daly Decl., Ex. 4) at 3.

      19.    Specifically, Judge Barbier identified Freeh's recommendations:

          (a)    Disallowing The Andry Law Firm's $7.9 million claim under the Unclean Hands Doctrine;

          (b)    Disqualifying Attorney[] Jon Andry [among others], as well as any associated law firms, from representing [DH Settlement Program] claimants (or collecting fees from such claimants) under the Unclean Hands Doctrine.

Show Cause Order (Daly Decl., Ex. 4) at 3. In other words, the Freeh Report "recommended sanctions against the Show Cause Parties," including Andry and The Andry Law Group. *See* February 28, 2014 Order (Daly Decl., Ex. 5) at 8.

      20.    The Show Cause Order also granted additional powers to Freeh as Special Master, including the authority to "initiate legal action to 'clawback' the payment of any fraudulent claims." Show Cause Order (Daly Decl., Ex. 4) at 3.

**The Responses to The Show Cause Order**

      21.    While Plaintiff The Andry Law Group filed no response to the Show Cause Order, Andry, AndryLerner, and The Andry Law Firm each filed responses and/or objections to the Freeh Report (the "Andry Objections," "AndryLerner Objections," and "The Andry Law Firm Objections," respectively). *See* Andry Objections (Daly Decl., Ex. 6); AndryLerner Objections (Daly Decl., Ex. 7); and The Andry Law Firm Objections (Daly Decl., Ex. 3).

      22.    In particular, AndryLerner objected to the Freeh Report's recommendation that it be disqualified from representing or collecting fees from DH Settlement Program claimants because those "proposed sanctions" would divest it of property rights, harm its employees and creditors, and harm and divest the contractual rights of lawyers who referred cases to it, and because "[t]he proposed sanctions are punitive in nature and are not related to any harm

- 5 -

allegedly caused by the Andry Lerner law firm to any party." AndryLerner Objections (Daly Decl., Ex. 7) at 1-2.

23. The Andry Law Firm likewise objected that the disallowance of its business loss claim was a "$7 million sanction" and on the basis that the Freeh Report had improperly "conflated" The Andry Law Firm and AndryLerner. Andry Law Firm Objections (Daly Decl., Ex. 3) at 6, 13.

**The Clawback Motion and Order**

24. Pursuant to the Show Cause Order, on January 8, 2014, Freeh moved for the return of payments of $357,002.35 made to Casey C. Thonn ("Thonn"), a client of AndryLerner, by the DH Settlement Program (the "Clawback Motion"). *See* Clawback Motion (Daly Decl., Ex. 8). The Clawback Motion alleged that AndryLerner and its partners, Andry and Lerner, had helped Thonn submit false claims and had failed to detect the fact that Thonn was submitting false documents to the DH Settlement Program. *Id.* at 8.

25. The Clawback Motion sought restitution of any payment the attorneys had received based on Thonn's claims. Clawback Motion (Daly Decl., Ex. 8) at 8-9.

26. On April 29, 2014, the Court granted the Clawback Motion, ordering AndryLerner, Andry, and Lerner to make full restitution to the DH Settlement Program of their collected fees (the "Clawback Order"). *See* Clawback Order (Daly Decl., Ex. 9) at 27.

27. The Court observed: "The instant clawback motion only seeks to recover that which was incorrectly and unjustifiably paid to . . . AndryLerner." Clawback Order (Daly Decl., Ex. 9) at 27.

28. The Court held that restitution was "both proper and necessary" because AndryLerner would be "unjustly enriched" if it were allowed to keep fees that were not owed to it under its contingency fee arrangement with Thonn, which predicated Thonn's obligation to pay

for AndryLerner's legal services on a favorable outcome in his DH Settlement Program claim. Clawback Order (Daly Decl., Ex. 9) at 24, 26.[3]

**The Policy**

29. Continental issued Lawyers Professional Liability Policy No. 425308379 to The Andry Law Group for the policy period of January 1, 2013 to January 1, 2014 (the "Policy"). *See* Policy (Daly Decl., Ex. 10), Declarations.

30. The Policy has a $3 million per claim and aggregate limit of liability (exclusive of claim expenses), subject to a $10,000 per claim deductible (inclusive of claim expenses). Policy (Daly Decl., Ex. 10), Declarations, Item Nos. 3 and 4, as amended by the "Each Claim Deductible Endorsement."

31. The Andry Law Group is the "Named Insured," and Jonathan Andry, as a lawyer of The Andry Law Group, is an Insured under the Policy. Policy (Daly Decl., Ex. 10), Declarations and § III, as amended by the "Lawyers Amendatory Endorsement."

32. Subject to all of the Policy's applicable terms, conditions, and exclusions, the Policy's Insuring Agreement provides that:

> The **Company** agrees to pay on behalf of the **Insured** all sums in excess of the deductible that the **Insured** shall become legally obligated to pay as **damages** and **claim expenses** because of a **claim** that is both first made against the **Insured** and reported in writing to the **Company** during the **policy period** by reason of an act or omission in the performance of **legal services** by the **Insured** or by any person for whom the **Insured** is legally liable . . . .

Policy (Daly Decl., Ex. 9), § I.A.

---

[3] The Special Master recently filed a second clawback motion, which also implicates fees collected by AndryLerner. *See* 6/10/14 Motion for Return of Payments to Jerrod Burrle (Docket Entry No. 13010 in the *Deepwater Horizon* MDL).

33. The Policy defines "damages" to include "judgments, awards, [and] settlements (including pre-judgment interest) . . . ." Policy (Daly Decl., Ex. 10), § III. "Damages," however, do not include:

> A. legal fees, costs and expenses paid or incurred or charged by any **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;
>
> B. civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule, including but not limited to awards under 18 U.S.C. §1961, et seq., Federal Rules of Civil Procedure 11 or 28 U.S.C. §1927 and state statutes, regulations, rules or law so providing, and injuries that are a consequence of any of the foregoing;
>
> C. punitive or exemplary amounts [unless the law applicable to the **claim** mandates such coverage];
>
> D. the multiplied portion of multiplied awards;
>
> E. injunctive or declaratory relief;
>
> F. any amount for which an Insured is absolved from payment by reason of any covenant, agreement or court order.

*Id.*, § III, as amended by the "Punitive Damages Coverage Endorsement."

**Plaintiffs' Request for Coverage**

34. On October 15, 2013, Andry for the first time tendered notice of the Freeh Corruption Investigation to Continental and requested coverage under the Policy. *See* Notice from Andry (Daly Decl., Ex. 10). Andry indicated in his email that he had incurred approximately $200,000.00 in legal fees and costs in connection with the Freeh Corruption Investigation as of October 15, 2013. *See id.*

35. Continental responded to Andry's notice on October 22, 2013, requesting further information about the Freeh Corruption Investigation. *See* October 22, 2013 Letter from Continental to Andry (Daly Decl., Ex. 12).

36. On November 21, 2013, Andry responded to Continental's letter with copies of the Freeh Report and the Show Cause Order, asserting that there was a "claim" against him because "a 'demand' for money has been made" and that "[t]here is no doubt that the government is suing me for 'damages' under the policy definition." *See* Nov. 21, 2013 Letter from Andry to Continental (Daly Decl., Ex. 13).

37. By letter dated January 7, 2014, Continental informed Andry that the Policy does not provide coverage for the Freeh Corruption Investigation. *See* Jan. 7, 2014 Letter from Continental to Andry (Daly Decl., Ex. 14).

38. On February 20, 2014, Plaintiffs filed this insurance coverage lawsuit in Louisiana state court. *See* Dkt. No. 1-1. On March 27, 2014, Defendants timely removed this action to this Court. *See* Dkt. No. 1.

Dated: June 30, 2014                                         Respectfully submitted,

*Of Counsel:*                                                By: **/s/ David S. Daly**
**RICHARD A. SIMPSON**                                       **DAVID S. DALY** (#20774)
D.C. Bar No. 411893                                          **ALLEN & GOOCH, ALC**
(admitted *pro hac vice*)                                    3900 N Causeway Blvd
**BENJAMIN C. EGGERT (T.A.)**                                Suite 1450
D.C. Bar No. 474218                                          Metairie, LA  70002
(admitted *pro hac vice*)                                    Telephone: (504) 836-5290
**WILEY REIN LLP**                                           Facsimile: (504) 836-5295
1776 K Street NW                                             Email: DavidDaly@AllenGooch.com
Washington, DC  20006
Telephone: (202) 719-7000                                    *Counsel for Defendants CNA Financial*
Facsimile: (202) 719-7049                                    *Corporation and Continental Casualty*
Email: rsimpson@wileyrein.com                                *Company*
Email: beggert@wileyrein.com

### CERTIFICATE OF SERVICE

I certify that on June 30, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ David S. Daly
**DAVID S. DALY**