# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL 2179 Section J |
| This Document Applies to : | : : | Judge Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : : : | Mag. Judge Shushan |

O R D E R

[Regarding Special Master Louis J. Freeh's Report of September 6, 2013]

On July 2, 2013 the Court appointed Louis J. Freeh as a Special Master, pursuant to Rule 53 Federal Rules of Civil Procedure and the inherent authority of the Court, to perform an independent investigation into allegations of misconduct within the Court Supervised Settlement Program ("CSSP"). Specifically, Mr. Freeh was given three mandates: (1) perform an independent external investigation into the facts and circumstances that led to the resignation of Lionel H. Sutton III, a former staff attorney employed by the CSSP; (2) conduct fact-finding as to any other possible ethical violations or misconduct within the CSSP; and, (3) examine and evaluate the internal compliance program and anti-corruption controls within the CSSP, and make any necessary recommendations to design and implement additional controls, policies, procedures and practices to ensure the integrity of the CSSP.

Special Master Freeh has now completed his investigation as it pertains to the first and second mandates, and today submitted his report to the Court. The report has been filed into the public record of this case. Rec. Doc. 11287 . The Court notes that the

Special Master has not found any evidence that the Claims Administrator, Patrick Juneau, engaged in any conflict of interest, or unethical or improper conduct.  The Special Master also did not find any evidence that Claims Administrator Office officials or employees manipulated the valuation of claims, although a comprehensive examination of this issue was not part of the Special Master's mandate.  While the conduct of certain Claims Administrator Office employees and vendors described in the Report is problematic, the Special Master finds that should not prevent the CSSP from continuing to fairly and efficiently process and pay legitimate claims in a timely manner.

Upon consideration of the Special Master's Report, and after consultation with the parties, including counsel for BP and Class Counsel, as well as the Claims Administrator of the CSSP, and Special Master Freeh, and in furtherance of the Court's third mandate to the Special Master to examine and evaluate the internal compliance program and anti-corruption controls within the CSSP, and make any necessary recommendations to design and to implement such additional controls, policies, procedures, and practices to ensure the integrity of the CSSP,

IT IS HEREBY ORDERED that Special Master Louis J. Freeh shall undertake the following duties in addition to those set forth in the July 2, 2013 Order of Appointment:

1.  In consultation with the Claims Administrator and the parties, the Special Master shall recommend, design, and test enhanced internal compliance, anti-corruption, anti-fraud and conflicts of interest policies and procedures, and assist the Claims Administrator in the implementation of same, to ensure the integrity of the CSSP;

2. In conjunction with the Claims Administrator's Office, the Special Master shall

examine and investigate: conflicts of interest by parties involved in the CSSP; any past or pending claims submitted to the CSSP which are deemed to be suspicious; make any necessary referrals to the United States Department of Justice or to other appropriate authorities; initiate legal action to "clawback" the payment of any fraudulent claims; and do this in a manner which does not delay or impede the payment of legitimate claims;

3. In conjunction with the Claims Administrator's Office, the Special Master shall recommend any additional business process procedures designed to promptly and fairly adjudicate claims in an efficient manner, and assist the Claims Administrator in the implementation of same;

4. The Special Master shall report to the Court and to the parties every thirty (30) days after the date of this Order; and

5. All other provisions concerning the duties and terms of the Special Master set forth in the Court's Order of July 2, 2013, shall apply equally and fully to this Order.

IT IS FURTHER ORDERED that Lionel Sutton, Christine Reitano, Jon Andry, Glen Lerner, and any associated law firms, show cause why the Court should not adopt the following findings and recommendations of the Special Master:

(a) Disallowing The Andry Law Firm's claim under the Unclean Hands Doctrine;

(b) Disqualifying Attorneys Lionel Sutton, Christine Reitano, Glen Lerner, and Jon Andry, as well as any associated law firms, from representing CSSP claimants (or collecting fees from such claimants) under the Unclean Hands Doctrine.

Pursuant to Rule 53 (f), these parties, as well as any other interested party, may file their response, or any objection or motion, with supporting memorandum (not exceeding

3

25 pages), to the Special Master's Report, no later than 14 days from the date of this Order. The Special Master may file a reply to any response, objections or motions, not later than 21 days from the date of this Order. No further briefing will be allowed without express leave of Court.

Signed in New Orleans, Louisiana, this 6th day of September, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE