# EXHIBIT 10

*Executive Underwriter, Gilsbar*
*I hereby certify that this is a true*
*and correct copy.*

**CNA**

## LAWYERS PROFESSIONAL LIABILITY POLICY
### DECLARATIONS

| Agency: | Branch: | Policy Number: |
|---|---|---|
| 700324 | 912 | 425308379 |

Insurance is provided by Continental Casualty Company, 333 S. Wabash Ave. Chicago IL 60604. A Stock Insurance Company.

**1.   NAMED INSURED AND ADDRESS:**
The Andry Law Group, LLC
610 Baronne Street
New Orleans, LA 70113

NOTICE TO POLICYHOLDERS:
This is a Claims Made and Reported policy. It applies only to those claims that are both first made against the insured and reported in writing to the Company during the policy period. Please review the policy carefully and discuss this coverage with your insurance agent or broker.

**2.   POLICY PERIOD:**
Inception: 01/01/2013                    Expiration: 01/01/2014
*at 12:01 A.M. Standard Time at the address shown above*

**3.   LIMITS OF LIABILITY:**
*Exclusive of Claims Expenses*

Each Claim: $3,000,000
Aggregate: $3,000,000

Death or Disability and Non-Practicing
Extended Reporting Period Limit of Liability:

Each Claim: $1,000,000
Aggregate: $2,000,000

**4.   DEDUCTIBLES:**
*Inclusive of Claims Expenses*

Aggregate: $10,000

**5.   POLICY PREMIUM:**

**Annual Premium:**                                                                    $17,856.00

**Total Amount:**                                                                         $17,856.00

Includes CNA Risk Control Credit if applicable
Includes Net Protect Premium, see coverage endorsement if applicable

**6.   FORMS AND ENDORSEMENTS ATTACHED AT INCEPTION:**
G-118011-A (Ed. 04/2008), G-118012-A17 (Ed. 12/2000), G-118014-A17 (Ed. 12/2000), G-118016-A (Ed. 04/2008), G-118024-A (Ed. 04/2008), G-118029-A (Ed. 04/2008), G-118033-A (Ed. 04/2008), G-118039-A17 (Ed. 05/2008), G-118045-AC (Ed. 04/2008), G-118063-A17 (Ed. 09/2011), G-118079-A17 (Ed. 05/2008), G-145184-A (Ed. 06/2003), GSL-11512-XX (Ed. 10/2008), GSL-12439-XX (Ed. 03/2009), GSL-14541-LA (Ed. 09/2011)

**7.   WHO TO CONTACT:**
To report a claim:                              Fax: 866-419-6308 / Online: www.cna.com/claims
CNA Specialty Claim                            Lawyers Claim Reporting Questions: 800-540-0762
P.O. Box 8317 Chicago, IL 60680-8317
Email: LPLNewClaims@cna.com

_____                    01/18/2013
**Authorized Representative**                              **Date**



**CONTINENTAL CASUALTY COMPANY**
333 S. Wabash Ave.
Chicago, IL 60604

_____

### LAWYERS PROFESSIONAL LIABILITY POLICY

### ATTORNEY SCHEDULE

**Policy Number:**      425308379

| <u>Name of Each Lawyer</u> | <u>Named Individual Retroactive Date</u> |
| --- | --- |
| Christina  Soileau | 01/01/2011 |
| Christina E. Mancuso | 01/01/2012 |
| Jonathan  Andry | Same as Policy Retroactive/Prior Acts Date |
| Kailey L. LeBoeuf | 02/23/2013 |
| Michelle  Purchner | 04/01/2011 |
| Vionne M. Douglas | 12/28/2012 |

 INSURANCE IN TOUCH WITH BUSINESS

**CONTINENTAL CASUALTY COMPANY**
**CNA PLAZA**
**CHICAGO, ILLINOIS 60685**

---

**LAWYERS PROFESSIONAL LIABILITY POLICY**

**CLAIMS EXPENSES OUTSIDE THE LIMITS ENDORSEMENT**
**LOUISIANA**

It is further understood and agreed that Section I., INSURING AGREEMENT, paragraphs C. and D are deleted in their entirety and replaced as follows:

C.   Settlement

The **Company** shall not settle a **claim** without the written consent of the **Named Insured**. If the **Named Insured** refuses to consent to a settlement or compromise recommended by the **Company** and acceptable to the claimant, then the **Company's** limit of liability under this Policy shall be reduced to the amount for which the **claim** could have been settled at the time the **Company** made its recommendation, which amount shall not exceed the limit of liability specified in Section II.A.

D.   Exhaustion of limits

The **Company** is not obligated to investigate, defend, pay or settle, or continue to investigate, defend, pay or settle a **claim** after the applicable limit of the **Company's** liability has been exhausted by the payment of **damages**. In such case, the **Company** shall have the right to withdraw from the further investigation, defense, payment or settlement of such **claim** by tendering control of said investigation, defense or settlement of the **claim** to the **Insured**.

Further, it is understood and agreed that Section II., LIMITS OF LIABILITY AND DEDUCTIBLE, paragraphs A, B and D are deleted in their entirety and replaced as follows:

II.   LIMITS OF LIABILITY AND DEDUCTIBLE

A.   Limit of liability - each **claim**

Subject to paragraph B, below, the limit of liability of the **Company** for **damages** for each **claim** first made against the **Insured** and reported to the **Company** during the policy period shall not exceed the amount stated in the Declarations for each claim,

B.   Limit of liability - in the aggregate

The limit of liability of the **Company** for the payment of **damages** for **claims** first made against the **Insured** and reported to the **Company** during the **policy period** shall not exceed the amount stated in the Declarations as the aggregate.

D.   Multiple **insureds**, **claims** and claimants

The limits of liability shown in the Declarations and subject to the provisions of this Policy is the amount the **Company** will pay as **damages** regardless of the number of **Insureds, claims** made or persons or entities making **claims**. If **related claims** are subsequently made against the **Insured** and reported to the **Company**, all such **related claims**, whenever made, shall be considered a single **claim** first made and

G-118014-A17 (Ed. 12/00)


INSURANCE IN TOUCH WITH BUSINESS

reported to the **Company** within the policy period in which the earliest of the **related claims** was first made and reported to the **Company**.

Further, it is understood and agreed that Section II., LIMITS OF LIABILITY AND DEDUCTIBLE, is amended to add new paragraph as follows:

**Claim Expenses**

**Claim expenses** are in addition to the limits of liability.  **Claim expenses** are not payable under this Policy until all other valid and collectible insurance available to the **Insured** for **claim expenses** has been exhausted.

All other terms and conditions of the Policy remain unchanged.

**POLICY NO.425308379**

THIS ENDORSEMENT FORMS A PART OF THE ABOVE REFERENCED POLICY, AND TAKES EFFECT ON THE EFFECTIVE DATE AND HOUR OF SAID POLICY UNLESS ANOTHER EFFECTIVE DATE IS SHOWN BELOW, AND EXPIRES CONCURRENTLY WITH SAID POLICY.

**ISSUED TO: THE ANDRY LAW GROUP, LLC**

**EFFECTIVE DATE OF THIS ENDORSEMENT 01/01/2013**

*Complete only when this Endorsement is not prepared with the Policy or is not to be effective with the Policy*
Countersigned by_____

AUTHORIZED REPRESENTATIVE

G-118014-A17  (Ed. 12/00)



## EACH CLAIM DEDUCTIBLE ENDORSEMENT

In consideration of a premium credit, it is understood and agreed that Item 4 of the Declarations is deleted in its entirety and replaced with the following:

    4.      DEDUCTIBLE:  Each **claim**: $10000 (inclusive of **claims expenses**)

It is further understood and agreed that Section II, LIMITS OF LIABILITY AND DEDUCTIBLE, paragraph (C), entitled Deductible, is deleted in its entirety and replaced with the following:

    C.      Deductible - Each **Claim**

          The deductible amount stated in the Declarations for "each **claim**" applies to each and every **claim** made against an **Insured.** It shall be paid by the **Named Insured** and applies to the payment of **damages** and **claims expenses** for **claims** both first made against the **Insured** and reported to the **Company** in writing during the **policy period.** In the event the **Named Insured** fails to pay, the deductible shall be paid jointly and severally by all **Insureds**. The limits of liability set forth in the Declarations are in addition to and in excess of the deductible.

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____

(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

---

G-118016-A (4-08)
Page 1
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:  2
Effective Date:  01/01/2013

© CNA  All Rights Reserved.



## NAMED INDIVIDUAL RETROACTIVE DATE ENDORSEMENT

It is understood and agreed that no coverage is afforded under this Policy for any **claims** by reason of an act or omission committed by any person listed below that occurred prior to date listed opposite such person .

| Person | Date |
|--------|------|
| Christina  Soileau | 01/01/2011 |
| Christina E. Mancuso | 01/01/2012 |
| Kailey L. LeBoeuf | 02/23/2013 |
| Michelle  Purchner | 04/01/2011 |
| Vionne M. Douglas | 12/28/2012 |

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

*John B. Brand*

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

G-118024-A (4-08)
Page 1
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:  425308379
Endorsement No:  3
Effective Date:  01/01/2013

© CNA  All Rights Reserved.



## RETROACTIVE EXCLUSION CLAUSE ENDORSEMENT

It is understood and agreed that Section I, Insuring Agreement, Paragraph A., Coverage, is amended to include a new subparagraph as follows:

- the act or omission occurred on or after 10/05/1990.

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____

(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

G118029A  (4-08)
Page 1
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:   4
Effective Date:   01/01/2013

© CNA  All Rights Reserved.



## SPECIFIC CLIENT OR THIRD PARTY EXCLUSION ENDORSEMENT

It is understood and agreed that the Section III DEFINITIONS, definition of **Legal Services** is amended to add the following paragraph:

> **Legal services** do not include services performed by an **Insured** for the person or entity specified below, or any entity that is operated, managed or owned by such entity or an affiliate, subsidiary or parent thereof:

Person or Entity

Glen Lerner & Glen Lerner, LLC

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

G-118033-A (4-08)
Page 1
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:   5
Effective Date:   01/01/2013

© CNA  All Rights Reserved.



## AMENDMENT OF TERMINATION PROVISIONS - LOUISIANA

It is understood and agreed that Condition K. Cancellation/Nonrenewal is deleted and replaced in its entirety by the following:

K.      Cancellation/Nonrenewal

    1.      Cancellation

        a.      This Policy may be canceled by the **Named Insured** by returning it to the **Company**. The **Named Insured** may also cancel this Policy by written notice to the **Company** stating at what future date cancellation is to be effective.

        b.      The **Company** may cancel this Policy by mailing to the **Named Insured**, or by delivery of a written notice of cancellation to the last mailing address known to the **Company**. Notice will state the effective date of cancellation.

        c.      If the Policy has been in effect for less than 60 days and is not a renewal, the **Company** will provide written notice at least:
            (1)     10 days before the effective date of cancellation if the **Company** cancels this Policy because the **Insured** has failed to pay a premium when due; or
            (2)     60 days before the effective date of cancellation if the **Insured** has failed to pay amounts in excess of the limit of the **Company's** liability or within the amount of the deductible or if the **Company** cancels for any other reason.
            The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the **Named Insured** or by the **Company** shall be equivalent to mailing.

        d.      If this Policy has been in effect for 60 days or more, or if it is a renewal of a policy issued by the **Company**:
            (1)     The **Company** may cancel upon 10 days written notice for nonpayment of premium; or
            (2)     The **Company** may cancel upon 30 days written notice for one or more of the following reasons:
                (a)     Material misrepresentation or fraud made by the **Named Insured** or with the **Named Insured's** knowledge in obtaining the Policy or in pursuing a **claim** under the Policy;
                (b)     Activities or omissions by the **Named Insured** which change or increase any hazard insured against;
                (c)     The **Insured's** failure to comply with loss control recommendations;
                (d)     Change in the risk which increases the risk of loss after the **Company** issued or renewed this Policy including any increase in exposure due to regulation, legislation, or court decision;
                (e)     Determination by the Commissioner of Insurance that the continuation of this Policy would jeopardize the **Company's** solvency or would place the **Company** in violation of the insurance laws of this or any other state;
                (f)     The **Insured's** violation or breach of any policy terms or conditions; or
                (g)     Any other reasons that are approved by the Louisiana Commissioner of Insurance.

        e.      If the **Company** cancels this Policy, the earned premium shall be computed pro rata. If the **Named Insured** cancels this Policy, the **Company** shall retain the customary short rate proportion of the premium. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation. If the unearned premium is not returned within 30 days, interest of one-half percent per month will accrue.

G-118039-A17 (5-08)
Page 1
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:  6
Effective Date:  01/01/2013

© CNA  All Rights Reserved.



f.  Unearned premium/commission is to be returned within 30 days after the **Named Insured** cancels the policy.

g.  The **Company** will provide the **Named Insured**, upon receipt of a written request by the **Named Insured**, a written statement setting forth the reason for cancellation, provided the **Named Insured** agrees in writing to hold the **Company** harmless from liability for any communication giving notice of or specifying the reasons for cancellation or for any statement made in connection with an attempt to discover or verify the existence of conditions which would be a reason for cancellation under this regulation.

2.  Nonrenewal

a.  If the **Company** decides not to renew this policy, it will mail or deliver written notice of nonrenewal to the **Named Insured** at the mailing address last known to the **Company**, at least 60 days prior to:
(1)  the expiration date of this Policy, if the Policy is written for a term of one year or less; or
(2)  the anniversary date if this policy is written for a term of more than a year or with no fixed expiration date.
Notice will state the effective date of nonrenewal. Such notice will include the **Named Insured's** loss run information for the period the policy was in force within, but not to exceed, the last 3 years. Delivery of such written notice by the **Company** shall be the equivalent of mailing.

b.  The **Company** is not required to mail notice of nonrenewal if:
(1)  The **Company** has manifested in good faith its willingness to renew; or
(2)  The **Named Insured** has failed to pay any premium required for this Policy or fails to pay amounts in excess of the limit of the **Company's** liability or within the amount of the deductible; or
(3)  The **Named Insured** fails to pay the premium required for renewal of this Policy.

c.  The **Company** is not required to provide notice if:
(1)  The **Company** or another company within the **Company's** insurance group offered to issue a renewal policy; or
(2)  The **Named Insured** has obtained replacement coverage or has agreed in writing to obtain replacement coverage.

d.  The offering of terms and conditions different from the expiring terms and conditions does not constitute a refusal to renew.

3.  Renewal

a.  The **Company** will mail or deliver to the **Named Insured** at the address shown on the Policy, written notice of any rate increase, change in deductible, or reduction in limits of liability at least 30 days prior to the expiration date of the policy. If the **Company** fails to provide such 30 day notice, the coverage provided to the **Named Insured** at the expiring policy's rate, terms and conditions shall remain in effect until notice is given or until the effective date of replacement coverage obtained by the **Named Insured** whichever first occurs.

b.  Notice is considered given 30 days following date of mailing or delivery of the notice. If the **Named Insured** elects not to renew, any earned premium for the period of extension of the terminated policy shall be calculated pro rata at the lower of the current or previous year's rate. If the **Named Insured** accepts the renewal, the premium increase, if any, and other changes shall be effective the day following the prior policy's expiration or anniversary date.

c.  This section shall not apply to:

G-118039-A17 (5-08)
Page 2
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:  425308379
Endorsement No:  6
Effective Date:  01/01/2013

© CNA  All Rights Reserved.



(1)  Changes in a rate or plan filed with the insurance rating commission and applicable to an entire class of business.

(2)  Changes based upon the altered nature or extent of the risk insured.

(3)  Changes in policy forms that are filed and approved with the Commissioner and applicable to an entire class of business.

(4)  Changes requested by the **Named Insured**.

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

G-118039-A17 (5-08)
Page 3
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:   6
Effective Date:   01/01/2013

© CNA  All Rights Reserved.



## PUNITIVE DAMAGES COVERAGE ENDORSEMENT

It is understood and agreed that Section III., DEFINITIONS, definition of **Damages**, subitem C.,    punitive   or   exemplary amounts, is deleted in its entirety but only where the law applicable to the **claim** mandates such coverage.


All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

G118045AC (4-08)                                                          Policy No:    425308379
Page 1                                                      Endorsement No:   7
Continental Casualty Company                              Effective Date:   01/01/2013
Insured Name: The Andry Law Group, LLC

© CNA  All Rights Reserved.



### AMENDATORY ENDORSEMENT - LOUISIANA

1.    It is understood and agreed that Section I. Insuring Agreement, sub-paragraph B. Defense is deleted and replaced in its entirety by the following:

  B.    Defense

    The **Company** shall have the right and duty to defend in the **Insured's** name and on the **Insured's** behalf a **claim** covered by this Policy even if any of the allegations of the **claim** are groundless, false or fraudulent. The **Company** shall have the right to appoint counsel and to make such investigation and defense of a **claim** as is deemed necessary by the **Company**. If a **claim** shall be subject to arbitration or mediation, it will be submitted to arbitration or mediation if the **Company** and the **Named Insured** mutually agree to do so. In the event of arbitration, the decision of the arbitrators shall be non-binding and provided to both the **Company** and the **Named Insured**, and the arbitrators' award shall not include attorney's fees or other costs. In the event of mediation, either the **Company** or the **Named Insured** shall have the right to commence a judicial proceeding; provided, however, that no such judicial proceeding shall be commenced until the mediation shall have been terminated and at least sixty (60) days shall have elapsed from the date of the termination of the mediation.

2.    It is understood and agreed that Section I. Insuring Agreement, sub-paragraph D. Exhaustion of limits is deleted and replaced in its entirety by the following:

  D.    Exhaustion of limits

    The **Company** is not obligated to investigate, defend, pay or settle, or continue to investigate, defend, pay or settle a **claim** after the applicable limit of the **Company's** liability has been exhausted by payment of **damages** or **claim expenses** or by any combination thereof. In such case, the **Company** shall have the right to withdraw from the further investigation, defense, payment or settlement of such **claim** by tendering control of said investigation, defense or settlement of the **claim** to the **Insured**.

3.    It is understood and agreed that Section III. Definitions, definition of "**Claim expenses**" is deleted and replaced in its entirety by the following:

    "**Claim expenses**" mean:
  A.    fees charged by attorneys designated by the **Company** or by the **Insured** with the **Company's** written consent; and
  B.    all other reasonable and necessary fees, costs and expenses resulting from the investigation, adjustment, defense and appeal of a **claim** if incurred by the **Company**, or by the **Insured** with the written consent of the **Company**, including, but not limited to, premiums for any appeal bond, attachment bond or similar bond but without any obligation of the **Company** to apply for or furnish any such bond; and
  C.    all costs taxed against an **Insured** in defense of a **claim**; and
  D.    all interest on the entire amount of any judgment which accrues after entry of the judgment and before the **Company** has paid that part of the judgment which does not exceed the limits of liability stated in Policy Section II A.

    **Claim expenses** do not include fees, costs or expenses of employees or officers of the **Company**. Nor shall **claim expenses** include salaries, loss of earnings or other remuneration by or to any **Insured**.

G118063A17 (9-11)
Page 1
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:   8
Effective Date:   01/01/2013

© CNA  All Rights Reserved.



4.     It is understood and agreed that Section IV EXCLUSIONS, F. is deleted in their entirety and replaced with the following:

This Policy does not apply:

F.     Capacity as Director, Officer, Fiduciary

to any **claim** based on or arising out of an **Insured's** capacity as:

1.     a former, existing or prospective officer, director, shareholder, partner, manager, or member (or any equivalent position), of any entity, if such entity is not named in the Declarations; or

2.     a trustee of a pension, welfare, profit-sharing, mutual or investment fund or investment trust, if such entity is not named in the Declarations; ; or

3.     a fiduciary under the Employee Retirement Income Security Act of 1974 and its amendments or any regulation or order issued pursuant thereto or any other similar state or local law;

except that this exclusion does not apply to a **claim** based on or arising out of an **Insured's** capacity as a member, director or officer of any professional legal association, including any Bar Association and any similar organization or association, its governing board or any of its committees;

5.     It is understood and agreed that Section V. Conditions, sub-paragraph A. Notice, sub-paragraph 1. Notice of **Claims** is deleted and replaced in its entirety by the following:

The **Insured**, as a condition precedent to the obligations of the **Company** under this Policy, shall as soon as reasonably possible after learning of a **Claim** give written notice to the **Company** during the **policy period** of such **claim**. The **Company** agrees that the **Insured** may have up to, but not to exceed, 60 days after the expiration of the **Claims Made Relationship** to report a **claim** made against the **Insured** during the **policy period**, provided that the reporting of such claim is as soon as reasonably possible. Breach of this condition shall not result in exclusion of the **Claim** with respect to an **Insured** who did not know of such **Claim** provided that such **Insured** complies with this condition as soon as reasonably possible after learning of such **Claim**.

As used herein, the term **Claims-Made Relationship** means that period of time between the effective date of the first claims-made policy issued by the **Company** to the **Named Insured** and the termination, cancellation or non-renewal of the last consecutive claims-made policy between the **Named Insured** and the **Company**, where there has been no gap in coverage, but does not include any period covered by Extended Reporting Period coverage.

6.     It is understood and agreed that Section V. Conditions, sub-paragraph H. Subrogation is deleted and replaced in its entirety by the following:

H.     Subrogation

If the **Company** makes any payment under this Policy and the person to or for whom payment is made has a right to recover damages from another, the **Company** shall be subrogated to that right. However, the **Company's** right to recover is subordinate to the **Insured's** right to be fully compensated. The **Insured** shall execute and deliver instruments and papers and do whatever else is necessary to secure and collect upon such rights. The **Insured** shall do nothing to prejudice such rights.

7.     It is understood and agreed that Section V. Conditions, sub-paragraph L. Entire contract, sub-paragraph 4 is deleted and replaced in its entirety by the following:

Policy No:           425308379
Endorsement No:  8
Effective Date:     01/01/2013

© CNA  All Rights Reserved.



L.    Entire contract

By acceptance of this Policy the **Insured** agrees that:

4.    No oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the **Insured** shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.

8.    It is understood and agreed that Section VI. **Extended Reporting Periods**, C. Death or disability **extended reporting period**, sub-paragraph 1.b. is deleted and replaced in its entirety by the following:

b.    If an **Insured** becomes **totally and permanently disabled**, such **Insured** or **Insured**'s legal guardian must, within sixty (60) days of the expiration of the **policy period**, provide the **Company** with written proof that such **Insured** is **totally and permanently disabled**, including the date the disability commenced, certified by the **Insured**'s physician. The **Company** retains the right to contest the certification made by the **Insured**'s physician. Under such circumstances, the **Insured** must agree to submit to medical examinations by any physician designated by the **Company** at the **Company's** expense. This **extended reporting period** is provided until such **Insured** shall no longer be **totally or permanently disabled** or until the death of such **Insured** in which case subparagraph a. hereof shall apply.

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

---

G118063A17 (9-11)
Page 3
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:  8
Effective Date:  01/01/2013

© CNA  All Rights Reserved.



**AMENDATORY ENDORSEMENT - ACTION AGAINST COMPANY PROVISION - LOUISIANA**

It is understood and agreed that Condition F. Action Against Company is deleted and replaced in its entirety by the following:

F.    Action against the **Company**

A person or organization may bring a **claim** against the **Company** including, but not limited to a **claim** to recover on an agreed settlement or on a final judgment against an **Insured**; but the **Company** will not be liable for any amounts that are not payable under the terms of this Policy or that are in excess of the applicable limit of liability. An agreed settlement means a settlement and release of liability signed by the **Company**, the **Insured**, and the claimant or the claimant's legal representative.

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

---

G-118079-A17 (5-08)
Page 1
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:    425308379
Endorsement No:   9
Effective Date:   01/01/2013

© CNA  All Rights Reserved.



**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ECONOMIC AND TRADE SANCTIONS CONDITION**

The following condition is added to the Policy:

**ECONOMIC AND TRADE SANCTIONS CONDITION**

In accordance with laws and regulations of the United States concerning economic and trade embargoes, this policy is void from its inception with respect to any term or condition of this policy that violates any laws or regulations of the United States concerning economic and trade embargoes including, but not limited to the following:

1.  Any insured under this Policy, or any person or entity claiming the benefits of such insured, who is or becomes a Specially Designated National or Blocked Person or who is otherwise subject to U.S. economic or trade sanctions;

2.  Any claim or suit that is brought in a Sanctioned Country or by a Sanctioned Country Government, where any action in connection with such claim or suit is prohibited by U.S. economic or trade sanctions;

3.  Any claim or suit that is brought by any Specially Designated National or Blocked Person or any person or entity who is otherwise subject to U.S. economic or trade sanctions;

4.  Property that is located in a Sanctioned Country or that is owned by, rented to or in the care, custody or control of a Sanctioned Country Government, where any activities related to such property are prohibited by U.S. economic or trade sanctions; or

5.  Property that is owned by, rented to or in the care, custody or control of a Specially Designated National or Blocked Person, or any person or entity who is otherwise subject to U.S. economic or trade sanctions.

As used in this endorsement a Specially Designated National or Blocked Person is any person or entity that is on the list of Specially Designated Nationals and Blocked Persons issued by the U.S. Treasury Department's Office of Foreign Asset Control (O.F.A.C.) as it may be from time to time amended.

As used in this endorsement a Sanctioned Country is any country that is the subject of trade or economic embargoes imposed by the laws or regulations of the United States of America.

---

ENDORSEMENT NUMBER: 10
POLICY NUMBER: 425308379
ISSUED TO: The Andry Law Group, LLC
EFFECTIVE DATE OF ENDORSEMENT: 01/01/2013

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown above.

By Authorized Representative _____
(No signature is required if this endorsement is issued with the Policy or if it is effective on the Policy Effective Date)

G-145184-A (Ed. 6/03)
Page 1 of 1



**AMENDMENT TO THE DEFINITION OF DAMAGES
FDCPA EXEMPLARY AMOUNTS ENDORSEMENT**

In consideration of the premium paid for this Policy, it is agreed that the definition of **Damages** in Section III., DEFINITIONS, is amended to add the following sentence:

Notwithstanding anything to the contrary contained herein, **Damages** also include those amounts the court is permitted to impose on a debt collector as set forth in 15USC§1692k(a).

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

Policy No:   425308379
Endorsement No:   11
Effective Date:   01/01/2013

© CNA  All Rights Reserved.



### NETWORK RISK AND PRIVACY CLAIM ENDORSEMENT

In consideration of the premium paid for this Policy, it is understood and agreed that the Policy is amended as follows:

1.  Section **III. DEFINITIONS,** the definition of **Claim** is amended to include the following:

    **"Claim"** also includes:
    a)  **privacy claims**, and
    b)  **client network damage claims**.

2.  Solely with respect to the coverage provided by this endorsement, Section **III. DEFINITIONS** is amended to add the following terms:

    **"Client network damage claim"** means a demand, including the service of suit or the institution of any alternative dispute resolution proceeding, received by the **Insured** for money or services alleging that a **security breach** or **electronic infection** caused **network damage** to a client's **network** in the rendering of **legal services.**

    **"Computer virus"** means unauthorized computer code that is designed and intended to transmit, infect and propagate itself over one or more **networks**, and cause:
    1.  a computer code or programs to perform in an unintended manner;
    2.  the deletion or corruption of electronic data or software; or
    3.  the disruption or suspension of a **network**.

    **"Confidential Commercial Information"** means information that has been provided to the **Insured** by another, or created by the **Insured** for another where such information is subject to the terms of a confidentiality agreement or equivalent obligating the **Insured** to protect such information on behalf of another.

    **"Denial of service attack"** means an attack executed over one or more **networks** or the **Internet** that is specifically designed and intended to disrupt the operation of a **network** and render a **network** inaccessible to authorized users.

    **"Electronic infection"** means the transmission of a **computer virus** to a **network**, including without limitation, such transmission to or from the **Named Insured's network**.

    **"Electronic information damage"** means the destruction, deletion or alteration of any information residing on the **network** of any third party.

    **"Internet"** means the worldwide public **network** of computers as it currently exists or may be manifested in the future, but **Internet** does not include the **Named Insured's network**.

    **"Network"** means a party's local or wide area **network** owned or operated by or on behalf of or for the benefit of that party; provided, however, **network** shall not include the **Internet**, telephone company **networks**, or other public infrastructure **network**.

    **"Network Damage"** means:
    1.  the unscheduled and unplanned inability of an authorized user to gain access to a **network**;
    2.  **electronic information damage**; or
    3.  the suspension or interruption of any **network**;

---

GSL12439XX (3-09)
Page 1
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:   12
Effective Date:   01/01/2013

© CNA  All Rights Reserved.



**"Non-public personal information"** means personal information not available to the general public from which an individual may be identified, including without limitation, an individual's name, address, telephone number, social security number, account relationships, account numbers, account balances, and account histories.

**"Privacy claim"** means a demand, including the service of suit or the institution of any alternative dispute resolution proceeding, received by the **Insured** for money or services and alleging **privacy injury and identity theft** that occurred in the rendering of **legal services.**

**"Privacy injury and identity theft"** means:

a.     any unauthorized disclosure of, inability to access, or inaccuracy with respect to, **non-public personal information** in violation of:
   1.     the **Named Insured's** privacy policy; or
   2.     any federal, state, foreign or other law, statute or regulation governing the confidentiality, integrity or accessibility of **non-public personal information**, including but not limited, to the Health Insurance Portability and Accountability Act of 1996, Gramm-Leach-Bliley Act, Children's Online Privacy Protection Act, or the EU Data Protection Act.
b.     the **Insured's** failure to prevent **unauthorized access** to **confidential commercial information**;

**"Privacy policy"** means the **Named Insured's** policies in written or electronic form that:
1.     govern the collection, dissemination, confidentiality, integrity, accuracy or availability of **non-public personal information**; and
2.     the **Insured** provides to its clients, customers, employees or others who provide the **Insured** with **non-public personal information.**

**"Security breach"** means the failure of the **Named Insured's network** hardware, software, firmware, the function or purpose of which is to:
1.     identify and authenticate parties prior to accessing the **Named Insured's network**;
2.     control access to the **Named Insured's network** and monitor and audit such access;
3.     protect against **computer viruses**;
4.     defend against **denial of service attacks** upon the **Insured** or unauthorized use of the **Insured's network** to perpetrate a **denial of service attack**; or,
5.     ensure confidentiality, integrity and authenticity of information on the **Insured's network**.

**Privacy breach notice law** means any statute or regulation that requires an entity who is the custodian of **non-public personal information** to provide notice to individuals of any actual or potential privacy breach with respect to such **non-public personal information**. **Privacy breach notice laws** include Sections 1798.29 and 1798.82- 1798.84 of the California Civil Code (formerly S.B. 1386) and other similar laws in any jurisdiction.

**Unauthorized access** means any accessing of information in the **Insured's** care, custody or control by unauthorized persons or by authorized persons accessing or using such information in an unauthorized manner. **Unauthorized access** also includes:
1.     theft from the **Insured** of any information storage device used by the **Insured** to:
   A.     store and retrieve information on the **Insured's network**; or
   B.     transport information between the **Insured** and authorized recipients;
2.     any unauthorized use by the **Insured** of information in the **Insured's** clients' care, custody or control if accessed by the **Insured** in the course of rendering **legal services**.

3. The following new Section is added to the Policy:

   •     **Supplementary Payments: Regulatory Inquiry**

---

GSL12439XX (3-09)
Page 2
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:   12
Effective Date:   01/01/2013

© CNA  All Rights Reserved.



If, during the **policy period**, a state licensing board, self regulatory body, public oversight board or a governmental agency with the authority to regulate the **Insured's legal services** or any entity acting on behalf of such entities initiates an investigation of **the Insured** arising from an actual or alleged violation of a **privacy breach notice law** or any law referenced under the definition of **privacy injury and identity theft** that occurred in the rendering of **legal services** and which the **Insured** reports to the **Company** in accordance with Section V.A. of this Policy, the **Company** agrees to pay attorney fees, attorney costs and court costs (excluding such attorney fees and costs incurred as a result of services performed by the **Insured**) incurred in responding to the investigation. The maximum amount the **Company** will pay for such attorney fees and costs is $20,000 regardless of the number of investigations or the number of **Insureds** who are subject to such investigations.

This endorsement shall not be construed as to increase the Limits of Liability of this Policy.

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

GSL12439XX (3-09)
Page 3
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:   12
Effective Date:   01/01/2013

© CNA  All Rights Reserved.



## LAWYERS AMENDATORY ENDORSEMENT

It is understood and agreed that the following amendments are made to the policy:

1.    Section III., DEFINITIONS, paragraph C. of the definition Insured, the last sentence is deleted in its entirety and replaced with the following:

Any lawyer, law firm, partnership, professional corporation, professional association, limited liability company or limited liability partnership who previously qualified as an **Insured** under paragraph A. above, but gave up the position of partner, officer, director, stockholder-employee, associate, manager, member or employee to act exclusively as Of Counsel to the **Named Insured**, will be deemed to be an **Insured** under paragraph A. above;

2.    Section IV., EXCLUSIONS, exclusions A. is deleted in its' entirety and replaced with the following:

This Policy does not apply:

A.    Intentional Acts

to any **claim** based on or arising out of any dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing by an **Insured** except that:

1.    this exclusion shall not apply to **personal injury;**

2.    the **Company** shall provide the **Insured** with a defense of such **claim** unless or until the dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive any of the **Company's** rights under this Policy. Criminal proceedings are not covered under this Policy regardless of the allegations made against any **Insured**;

3.    this exclusion will not apply to any **Insured** who is not found to have personally committed the dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing by any trial verdict, court ruling, or regulatory ruling;

3.    Section VI., EXTENDED REPORTING PERIODS, paragraph D., Non-practicing extended reporting period, is deleted and replaced with the following:

D.    Non-practicing extended reporting period

1.    If an **Insured** retires or otherwise voluntarily ceases, permanently and totally, the "private practice of law" during the **policy period** and has been continuously insured by the **Company** for at least three consecutive years, then such **Insured** shall be provided with an **extended reporting period** commencing upon the latter of the expiration of: the **policy period**; any renewal or successive renewal of this Policy; or any automatic or optional **extended reporting period**.

2.    This **extended reporting period** is provided until such **Insured** shall resume the "private practice of law" or until the death of such **Insured** in which case subparagraph C.1.a. hereof shall apply.

3.    No additional premium will be charged for any non-practicing **extended reporting period**.

© CNA  All Rights Reserved.



As used herein, the "private practice of law" means the practice of law performed by an **Insured** for a fee, including hourly, contingent or lump sum, as a sole practitioner or as a partner, officer, director, stockholder-employee, associate, manager, member or employee, of a law firm, or any agreement to act as an independent contractor or "Of Counsel" to a law firm. Private practice of law does not include the practice of law by an **Insured** on a pro bono basis.

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

GSL14541LA (9-11)
Page 2
Continental Casualty Company
Insured Name: The Andry Law Group, LLC

Policy No:   425308379
Endorsement No:   13
Effective Date:   01/01/2013

© CNA  All Rights Reserved.



Executive Underwriter, Gilsbar
I hereby certify that this is a true
and correct copy.

# LAWYERS PROFESSIONAL LIABILITY POLICY

*Words and phrases that appear in bold are defined in the Definitions section of this Policy.*

**THIS IS A CLAIMS MADE AND REPORTED POLICY. IT APPLIES ONLY TO THOSE CLAIMS THAT ARE BOTH FIRST MADE AGAINST AN INSURED AND REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD. PLEASE REVIEW THIS POLICY CAREFULLY AND DISCUSS THIS COVERAGE WITH YOUR INSURANCE AGENT OR BROKER.**

## I. INSURING AGREEMENT

### A. Coverage

The **Company** agrees to pay on behalf of the **Insured** all sums in excess of the deductible that the **Insured** shall become legally obligated to pay as **damages** and **claim expenses** because of a **claim** that is both first made against the **Insured** and reported in writing to the **Company** during the **policy period** by reason of an act or omission in the performance of **legal services** by the **Insured** or by any person for whom the **Insured** is legally liable, provided that:

1. no **Insured** gave notice to a **prior insurer** of such **claim** or a **related claim**;
2. no **Insured** gave notice to a **prior insurer** of any such act or omission or **related act or omission**;
3. prior to the date an **Insured** first becomes an **Insured** under this Policy or became an **Insured** under the first policy issued by the **Company** (or its subsidiary or affiliated insurers) to the **Named Insured** or any **predecessor firm**, whichever is earlier, of which this Policy is a renewal or replacement, no such **Insured** had a basis to believe that any such act or omission, or **related act or omission**, might reasonably be expected to be the basis of such **claim**;
4. there is no other policy, whether primary, contributory, excess, contingent or otherwise, which provides insurance to any **Insured** for the **claim** based on or arising out of an act or omission in the performance of **legal services** by such **Insured** or by any person for whom such **Insured** is legally liable while "affiliated" with a firm other than the **Named Insured**. As used herein, "affiliated" includes acting as Of Counsel for a firm other than the **Named Insured**.

### B. Defense

The **Company** shall have the right and duty to defend in the **Insured's** name and on the **Insured's** behalf a **claim** covered by this Policy even if any of the allegations of the **claim** are groundless, false or fraudulent. The **Company** shall have the right to appoint counsel and to make such investigation and defense of a **claim** as is deemed necessary by the **Company**. If a **claim** shall be subject to arbitration or mediation, the **Company** shall be entitled to exercise all of the **Insured's** rights in the choice of arbitrators or mediators and in the conduct of an arbitration or mediation proceeding.

### C. Settlement

The **Company** shall not settle a **claim** without the written consent of the **Named Insured**. If the **Named Insured** refuses to consent to a settlement or compromise recommended by the **Company** and acceptable to the claimant, then the **Company's** limit of liability under this Policy shall be reduced to the amount for which the **claim** could have been settled plus all **claim expenses** incurred up to the time the **Company** made its recommendation, which amount shall not exceed the remainder of the limit of liability specified in Section II.A.

### D. Exhaustion of limits

The **Company** is not obligated to investigate, defend, pay or settle, or continue to investigate, defend, pay or settle a **claim** after the applicable limit of the **Company's** liability has been exhausted by payment of **damages** or **claim expenses** or by any combination thereof or after the **Company** has deposited the remaining available limits of liability into a court of competent jurisdiction. In such case, the **Company** shall have the right to withdraw from the further investigation, defense, payment or settlement of such **claim** by tendering control of said investigation, defense or settlement of the **claim** to the **Insured**.

## II. LIMITS OF LIABILITY AND DEDUCTIBLE

### A. Limit of liability - each **claim**

Subject to paragraph B. below, the limit of liability of the **Company** for **damages** and **claim expenses** for each **claim** first made against the **Insured** and reported to the **Company** during the **policy period** shall not exceed the amount stated in the Declarations for each **claim**.

B. Limit of liability - in the aggregate

The limit of liability of the **Company** for **damages** and **claim expenses** for all **claims** first made against the **Insured** and reported to the **Company** during the **policy period** shall not exceed the amount stated in the Declarations as the aggregate.

C. Deductible

The deductible amount stated in the Declarations is the total amount of the **Insured's** liability for all **claims** and applies to the payment of **damages** and **claim expenses** for **claims** first made and reported to the **Company** in writing during the **policy period**. The deductible shall be paid by the **Named Insured**, or upon the **Named Insured's** failure to pay, jointly and severally by all **Insureds.** The limits of liability set forth in the Declarations are in addition to and in excess of the deductible.

D. Multiple **insureds, claims** and claimants

The limits of liability shown in the Declarations and subject to the provisions  of this Policy is the amount the **Company** will pay as **damages** and **claim expenses** regardless of the number of **Insureds, claims** made or persons or entities making **claims**. If **related claims** are subsequently made against the **Insured** and reported to the **Company**, all such **related claims**, whenever made, shall be considered a single **claim** first made and reported to the **Company** within the **policy period** in which the earliest of the **related claims** was first made and reported to the **Company.**

E. Supplementary payments

Payments made under paragraphs 1 and 2 below will not be subject to the deductible.  Such payments are in addition to the limits of liability.

1. Loss of Earnings

The **Company** will reimburse each **Insured** up to $500 for loss of earnings  for each day or part of a day of such **Insured's**  attendance, at the **Company's** written request, at a trial, hearing or other alternative dispute resolution proceeding, including arbitration proceeding or mediation, involving a **claim** against such **Insured**, but in no event shall the amount payable hereunder exceed $15,000 per **Insured** despite the number of days an **Insured** is in attendance, or the number of trials, hearings or arbitration proceedings that an **Insured** is required to attend.  In no event shall the amount payable per **policy period** exceed $30,000 despite the number of **Insureds** hereunder or the number of such proceedings.

2. **Disciplinary Proceedings**

The **Company** will reimburse the **Named Insured** up to $20,000 for each **Insured** and all **Insureds** in the aggregate, for attorney fees and other reasonable costs, expenses or fees (the "Disciplinary Fees") paid to third parties (other than an **Insured**) resulting from any one **Disciplinary Proceeding** incurred as the result of a notice of such **Disciplinary Proceeding** both first received by the **Insured** and reported in writing to the **Company** either during the **policy period** or within 60 days after termination of the **policy period**, arising out of an act or omission in the rendering of **legal services** by such **Insured**. Except as set forth below, the amount payable hereunder shall not exceed $100,000 despite the number of such proceedings.

In the event of a determination of **No Liability** of the **Insured** against whom the **Disciplinary Proceeding** has been brought, the **Company** shall reimburse such **Insured** for Disciplinary Fees, including those in excess of the $20,000 cap set forth above, up to $100,000.  In no event shall the amount payable hereunder exceed $100,000 despite the number of **Insureds** hereunder or the number of such proceedings.

F. Risk Management Incentives

1. Mediation

If mediation of a **claim** takes place either without institution of arbitration proceeding or service of suit or within 60 days of the institution of such proceedings or service of suit, and such **claim** is ultimately resolved for an amount acceptable to the **Insured** and the **Company** by the process of mediation, the **Insured's** deductible, applying to the **claim**, will be reduced by 50%.  In no event shall the amount of the deductible waived hereunder exceed $25,000.

2. Subpoena Assistance

In the event the **Insured** receives a subpoena for documents or testimony arising out of **legal services** rendered by the **Insured** and the **Insured** would like the **Company's** assistance in responding to the subpoena, the **Insured** may provide the **Company** with a copy of the subpoena and the **Company** will retain an attorney to provide advice regarding the production of documents, to prepare the **Insured** for sworn testimony, and to represent the **Insured** at the **Insured's** depositions, provided that:

a. the subpoena arises out of a lawsuit to which the **Insured** is not a party; and

b. the **Insured** has not been engaged to provide advice or testimony in connection with the

© CNA  All Rights Reserved.

G-118011-A Ed. 4-08

lawsuit, nor has the **Insured** provided such advice or testimony in the past. The **Company** will pay such attorney's legal fees excluding any disbursements. Such fees incurred under this provision are in addition to the limits of liability and are not subject to the deductible. Any notice the **Insured** gives the **Company** of such subpoena shall be deemed notification of a potential **claim** under Section V.A. of this Policy.

G. Pre-claims Assistance

Until the date a **claim** is made, the **Company** may pay for all costs or expenses it incurs, at its sole discretion, as a result of investigating a potential **claim** that the **Insured** reports in accordance with Section V. CONDITIONS, Paragraph A, Notice, subparagraph 2, Notice of Potential **Claim**. Such payments are in addition to the limits of liability and not subject to the deductible.

## III.  DEFINITIONS

The following defined words shall have the same meaning throughout this Policy, whether expressed in the singular or the plural. Wherever appearing in bold print in this Policy:

"**Bodily injury**" means injury to the body, sickness or disease sustained by any person, including death resulting from such injuries; or mental injury, mental anguish, mental tension, emotional distress, pain or suffering or shock sustained by any person whether or not resulting from injury to the body, sickness, disease or death of any person.

"**Claim**" means a demand, including the service of suit or the institution of any alternative dispute resolution proceeding, received by the **Insured** for money or services arising out of an act or omission, including **personal injury**, in the rendering of or failure to render **legal services.**

"**Claim expenses**" mean:
A. fees charged by attorneys designated by the **Company** or by the **Insured** with the **Company's** written consent; and
B. all other reasonable and necessary fees, costs and expenses resulting from the investigation, adjustment, defense and appeal of a **claim** if incurred by the **Company**, or by the **Insured** with the written consent of the **Company**, including, but not limited to, premiums for any appeal bond, attachment bond or similar bond but without any obligation of the **Company** to apply for or furnish any such bond.

C. all costs taxed against an **Insured** in defense of a **claim**; and
D. all interest on the entire amount of any judgment which accrues after entry of the judgment and before the **Company** has paid that part of the judgment which does not exceed the limits of liability stated in Section II A. above.

**Claim expenses** with respect to a **claim** will be paid first and payment will reduce the amount available to pay **damages**. **Claim expenses** do not include fees, costs or expenses of employees or officers of the **Company**. Nor shall **claim expenses** include salaries, loss of earnings or other remuneration by or to any **Insured**.

"**Company**" means the insurance company named in the Declarations.

"**Damages**" means judgments, awards and settlements (including pre-judgment interest), provided any settlements negotiated with the assistance and approval of the **Company**. **Damages** do not include:
A. legal fees, costs and expenses paid or incurred or charged by any **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;
B. civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule, including but not limited to awards under 18 U.S.C. §1961, et. seq., Federal Rules of Civil Procedure 11 or 28 U.S.C. §1927 and state statutes, regulations, rules or law so providing, and injuries that are a consequence of any of the foregoing;
C. punitive or exemplary amounts;
D. the multiplied portion of multiplied awards;
E. injunctive or declaratory relief;
F. any amount for which an **Insured** is absolved from payment by reason of any covenant, agreement or court order.

"**Disciplinary Proceeding**" means any pending matter, including an initial inquiry, before a state or federal licensing board or a peer review committee to investigate charges alleging a violation of any rule of professional conduct in the performance of **legal services**.

"**Insured**" means the **Named Insured, predecessor firm** and the persons or entities described below:
A. any lawyer, partnership, professional corporation, professional association, limited liability company or limited liability partnership who is or becomes a partner, officer, director, stockholder-employee,

© CNA All Rights Reserved.                        3                        G-118011-A Ed. 4-08

associate, manager, member or **employee** of the **Named Insured** during the **policy period** shown in the Declarations.

B. any lawyer previously affiliated with the **Named Insured** or a **predecessor firm** as a partner, officer, director, stockholder-employee, associate, manager, member or salaried employee but only for **legal services** performed on behalf of the **Named Insured** or a **predecessor firm** at the time of such affiliation. The term "previously affiliated" as used herein does not include a lawyer who, during the **policy period** and while affiliated with the **Named Insured**: a) voluntarily ceases, permanently and totally, the private practice of law; or b) dies or becomes **totally and permanently disabled**. Such a lawyer will be deemed to be an **Insured** under paragraph A. above;

C. any lawyer, law firm, partnership, professional corporation, professional association, limited liability company or limited liability partnership who acts as Of Counsel to the **Named Insured** or any non-employee independent contractor attorney to the **Named Insured**, but only for **legal services** rendered on behalf of the **Named Insured** and only if a fee inured or, in the event of a contingency fee, would have inured, to the **Named Insured**. No fee need inure to the **Named Insured** where eleemosynary (pro bono) **legal services** are rendered by such Of Counsel **Insured** where at the time of retention, there was approval by the appropriate committee or lawyer within the **Named Insured** that the matter would be handled without compensation. Any lawyer, law firm, partnership, professional corporation, professional association, limited liability company or limited liability partnership who previously qualified as an **Insured** under paragraph A. above, but gave up the position of partner, officer, director, stockholder-employee, associate, manager, member or employee to act exclusively as Of Counsel to the **Named Insured**, will be deemed to be an **Insured** under paragraph A. above;

D. any person who is a former or current employee, other than an employed lawyer, of the **Named Insured** or any **predecessor firm**, but solely for services performed by such person within the course and scope of their employment by the **Named Insured** or any **predecessor firm** and provided that the services in dispute are **legal services** of the **Named Insured** or any **predecessor firm**;

E. the estate, heirs, executors, administrators, assigns and legal representatives of an **Insured** in the event of such **Insured's** death, incapacity, insolvency or bankruptcy, but only to the extent that such **Insured** would have been provided coverage under this Policy.

"**Legal services**" mean:

A. those services, including pro bono services, performed by an **Insured** for others as a lawyer, arbitrator, mediator, title agent or other neutral fact finder or as a notary public. Any title agency or company, on whose behalf the **Insured** acts as title agent or designated issuing attorney, is not an **Insured** under this Policy;

B. those services performed by an **Insured** as an administrator, conservator, receiver, executor, guardian, trustee or in any other fiduciary capacity and any investment advice given in connection with such services;

C. those services performed by an **Insured** in the capacity as a member, director or officer of any professional legal association, including any Bar Association and any similar organization or association, its governing board or any of its committees.

"**Named Insured**" means the persons and entities designated in the Declarations.

"**Personal injury**" means an injury arising out of: false arrest, detention, or imprisonment; wrongful entry, or eviction, or other invasion of the right of private occupancy; libel, slander, or other disparaging or defamatory materials; a writing or saying in violation of an individual's right to privacy; malicious prosecution or abuse of process.

"**Policy period**" means the period of time between the inception date and time shown in the Declarations and the date and time of termination, expiration or cancellation of this Policy.

"**Predecessor firm**" means any entity which has undergone dissolution and is named as such on the Declarations.

"**Prior insurer**" means an insurer, including the **Company** and any subsidiary or affiliate of the **Company**, who has issued a lawyers professional liability insurance policy that is applicable to a **claim**, such policy having an inception date prior to the **policy period**.

"**No Liability**" means that with respect to an **Insured** who is the subject of a **Disciplinary Proceeding**, there is a:

A. final determination of **no liability**;

B. a determination of no further action; or

C. the matter is abandoned by the disciplinary authority. In no event shall the term "**No Liability**" apply to a

© CNA  All Rights Reserved.

G-118011-A Ed. 4-08

**Disciplinary Proceeding** for which a settlement has occurred.

"**Related acts or omissions**" mean all acts or omissions in the rendering of **legal services** that are temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

"**Related claims**" mean all **claims** arising out of a single act or omission or arising out of **related acts or omissions** in the rendering of **legal services**.

"**Totally and permanently disabled**" means that an **Insured** is so disabled as to be wholly prevented from rendering **legal services** provided that such disability:
A. has existed continuously for not less than six (6) months; and
B. is reasonably expected to be continuous and permanent.

## IV. EXCLUSIONS

This Policy does not apply:

A. Intentional Acts
   to any **claim** based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an **Insured** except that:
   1. this exclusion shall not apply to **personal injury;**
   2. the **Company** shall provide the **Insured** with a defense of such **claim** unless or until the dishonest, fraudulent, criminal, malicious or intentional act or omission has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not.  Such defense will not waive any of the **Company's** rights under this Policy.  Criminal proceedings are not covered under this Policy regardless of the allegations made against any **Insured;**
   3. this exclusion will not apply to any **Insured** who is not found to have personally committed the dishonest, fraudulent, criminal, malicious or intentional act or omission by any trial verdict, court ruling,  or regulatory ruling.

B. **Bodily Injury**/Property Damage
   to any **claim** for **bodily injury**, or injury to, or destruction of, any tangible property, including the loss of use resulting therefrom except that this exclusion of **bodily injury** does not apply to mental injury, mental anguish, mental stress,  humiliation or emotional distress caused by **personal injury;**

C. Status as Beneficiary or Distributee
   to any loss sustained by an **Insured** or **claim** made against an **Insured** as beneficiary or distributee of any trust or estate;

D. Contractual Liability
   to any **claim** based on or arising out of an **Insured's** alleged liability under any oral or written contract or agreement, unless such liability would have attached to any **Insured** in the absence of such agreement;

E. **Insured** vs. **Insured**
   to any **claim** by or on behalf of an **Insured** under this Policy against any other **Insured** hereunder unless such **claim** arises out of **legal services** by an **Insured** rendered to such other **Insured** as a client;

F. Capacity as Director, Officer, Fiduciary
   to any **claim** based on or arising out of an **Insured's** capacity as:
   1. a former, existing or prospective officer, director, shareholder, partner, manager , member, or trustee of any entity including pension, welfare, profit-sharing, mutual or investment fund or trust, if such entity is not named in the Declarations; or
   2. a fiduciary under the Employee Retirement Income Security Act of 1974 and its amendments or any regulation or order issued pursuant thereto or any other similar state or local law;
   except that this exclusion does not apply to a **claim** based on or arising out of an **Insured's** capacity as a member, director or officer of any professional legal association, including any Bar Association and any similar organization or association, its governing board or any of its committees.

G. Capacity as Public Official
   to any **claim** based on or arising out of an **Insured's** capacity as a public official or an employee or representative of a governmental body, subdivision or agency unless such **Insured** is deemed as a matter of law to be a public official or employee or representative of such entity solely by virtue of rendering **legal services** to it;

H. Owned Entity
   to any **claim** based on or arising out of **legal services** performed, directly or indirectly,  for any entity not named in the Declarations, if at the time of the act or omission giving rise to the **claim**, the percentage of ownership interest, direct or indirect, in such entity by any **Insured**, or an accumulation of **Insureds**, exceeded 10%.

## V. CONDITIONS

### A. Notice

1. Notice of **Claims**

   The **Insured**, as a condition precedent to the obligations of the **Company** under this Policy, shall as soon as reasonably possible after learning of a **Claim** give written notice to the **Company** during the **policy period** of such **claim**. The **Company** agrees that the **Insured** may have up to, but not to exceed, 60 days after the Policy expiration to report a **claim** made against the **Insured** during the **policy period** if the reporting of such **claim** is as soon as reasonably possible.

2. Notice of Potential **Claims**

   If during the **policy period** the **Insured** becomes aware of any act or omission that may reasonably be expected to be the basis of a **claim** against the **Insured** and gives written notice to the **Company** of such act or omission and the reasons for anticipating a **claim**, with full particulars, including but not limited to:

   a. the specific act or omission;

   b. the dates and persons involved;

   c. the identity of anticipated or possible claimants;

   d. the circumstances by which the **Insured** first became aware of the possible **claim**,

   then any such **claim** that arises out of such reported act or omission and that is subsequently made against the **Insured** and reported to the **Company** shall be deemed to have been made at the time such written notice was given to the **Company**.

### B. Reimbursement of the **Company**

Subject always to the **Insured's** right to consent to settlement, as set forth in Section I. INSURING AGREEMENT, paragraph C, Settlement, if the **Company**, in the exercise of its discretion and without any obligation to do so, pays any amount within the amount of the deductible, the **Named Insured**, or upon the **Named Insured's** failure to pay, the **Insureds**, jointly and severally, shall be liable to the **Company** for any and all such amounts and, upon demand, shall pay such amounts to the **Company**.

### C. Territory

This Policy applies to an act or omission taking place anywhere in the world, provided that the **claim** is made and suit is brought against the **Insured** within the United States of America, including its territories, possessions, Puerto Rico or Canada.

### D. Other insurance

If there is other insurance that applies to the **claim**, this insurance shall be excess over such other valid and collectible insurance whether such insurance is stated to be primary, contributory, excess, contingent or otherwise. When there is such other insurance, the **Company** will pay only its share of the amount of any **damages** and **claim expenses**, if any, that exceed the sum of:

1. the total amount that all such other insurance would pay for with respect to such **Claim** in the absence of this insurance; and

2. the total of all deductible and self-insured amounts under all that other insurance.

This paragraph does not apply to any other insurance that was bought specifically to apply in excess of the Limits of Liability shown in the Declarations of this Policy.

When this insurance is excess, the **Company** will have no duty under this Policy to defend the **Insured** against any **claim** if any other insurer has a duty to defend the **Insured** against that **claim**. If no other insurer defends, the **Company** will undertake to do so, but it will be entitled to the **Insured's** rights against all those other insurers.

### E. Assistance and cooperation of the **Insured**

1. The **Insured** shall cooperate with the **Company** and, upon the **Company's** request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving of evidence, obtaining the attendance of witnesses, and the conduct of suits and proceedings in connection with a **claim**.

2. The **Insured** shall assist in the enforcement of any right of contribution or indemnity against any person or organization who or which may be liable to any **Insured** in connection with a **claim**.

3. The **Insured** shall not, except at its own cost, voluntarily make any payment, assume or admit any liability or incur any expense without the consent of the **Company**.

### F. Action against the **Company**

No action shall lie against the **Company** by any third party, unless, as a condition precedent thereto:

1. there shall have been full compliance with all the terms of this Policy; and

2. the **Insured's** obligation to pay shall have been finally determined either by judgment against the **Insured** after actual trial or by written agreement of the **Insured**, the claimant and the **Company**.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this Policy to the extent of the insurance afforded

© CNA All Rights Reserved.

G-118011-A Ed. 4-08

by this Policy. No person or organization shall have any right under this Policy to join the **Company** as a party to any action against an **Insured**, nor shall the **Company** be impleaded by the **Insured** or his legal representative.

G. Bankruptcy or Insolvency
Bankruptcy or insolvency of the **Insured** or of the **Insured's** estate shall not relieve the **Company** of any of its obligations hereunder.

H. Subrogation
In the event of any payment under this Policy, the **Company** shall be subrogated to all the **Insured's** rights of recovery thereof against any person or organization. The **Insured** shall execute and deliver instruments and papers and do whatever else is necessary to secure and collect upon such rights. The **Insured** shall do nothing to prejudice such rights.

I. Changes
Notice to any of the **Company's** agents or knowledge possessed by any such agent or any other person shall not act as a waiver or change in any part of this Policy. It also will not prevent the **Company** from asserting any rights under the provisions of this Policy. None of the provisions of this Policy will be waived, changed or modified except by written endorsement, signed by the **Company**, issued to form a part of this Policy.

J. Assignment
No assignment of interest of the **Insured** under this Policy shall be valid, unless the written consent of the **Company** is endorsed hereon.

K. Cancellation/Non-renewal
1. This Policy may be canceled by the **Named Insured** by returning it to the **Company**. The **Named Insured** may also cancel this Policy by written notice to the **Company** stating at what future date cancellation is to be effective.
2. The **Company** may cancel or non-renew this Policy by written notice to the **Named Insured** at the address last known to the **Company**. The **Company** will provide written notice at least sixty (60) days before cancellation or non-renewal is to be effective. If the **Company** cancels this Policy because the **Insured** has failed to pay a premium when due or has failed to pay amounts in excess of the limit of the **Company's** liability or within the amount of the deductible, this Policy may be canceled by the **Company** by mailing to the **Named Insured** written notice stating when, not less than ten (10) days thereafter, such cancellation shall be effective. The time

of surrender of this Policy or the effective date and hour of cancellation stated in the notice shall become the end of the **policy period**. Delivery (where permitted by law) of such written notice either by the **Named Insured** or by the **Company** shall be equivalent to mailing.

3. If the **Company** cancels this Policy, the earned premium shall be computed pro rata. If the **Named Insured** cancels this Policy, the **Company** shall retain the customary short rate proportion of the premium. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

4. The offering of terms and conditions different from the expiring terms and conditions shall not constitute a refusal to renew.

L. Entire contract
By acceptance of this Policy the **Insured** agrees that:
1. all of the information and statements provided to the **Company** by the **Insured** are true, accurate and complete and shall be deemed to constitute material representations made by all of the **Insureds**;
2. this Policy is issued in reliance upon the **Insured's** representations; and
3. this Policy, endorsements thereto, together with the completed and signed application and any and all supplementary information and statements provided by the **Insured** to the **Company** (all of which are deemed to be incorporated herein) embody all of the agreements existing between the **Insured** and the **Company** and shall constitute the entire contract between the **Insured** and the **Company**; and
4. the misrepresentation of any material matter by the **Insured** or the **Insured's** agent will render this Policy null and void and relieve the **Company** from all liability herein.

M. **Named Insured** sole agent
The **Named Insured** shall be the sole agent of all **Insureds** hereunder for the purpose of effecting or accepting any notices hereunder, any amendments to or cancellation of this Policy, for the completing of any applications and the making of any statements, representations and warranties, for the payment of any premium and the receipt of any return premium that may become due under this Policy, and the exercising or declining to exercise any right under this Policy.

N. Liberalization
If the **Company** adopts any revision that would

broaden coverage under this policy form G-118011-A without additional premium at any time during the **policy period,** the broadened coverage will immediately apply to this Policy except that it will not apply to **claims** that were first made against the **Insured** prior to the effective date of such revision.

O. Notices
Any notices required to be given by an **Insured** shall be submitted in writing to the **Company** or its authorized representative.  If mailed, the date of mailing of such notice shall be deemed to be the date such notice was given and proof of mailing shall be sufficient proof of notice.

P. Trade and Economic Embargoes
This policy does not provide coverage for **Insureds**, transactions or that part of **damages** or **claims expenses** that is uninsurable under the laws or regulations of the United States concerning trade or economic sanctions.

VI. EXTENDED REPORTING PERIODS

As used herein, "**extended reporting period**" means the period of time after the end of the **policy period** for reporting **claims** that are made against the **Insured** during the applicable **extended reporting period** by reason of an act or omission that occurred prior to the end of the **policy period** and is otherwise covered by this Policy.

A. Automatic **extended reporting period**
If this Policy is canceled or non-renewed by either the **Company** or by the **Named Insured**, the **Company** will provide to the **Named Insured** an automatic, non-cancelable **extended reporting period** starting at the termination of the **policy period** if the **Named Insured** has not obtained another policy of lawyers professional liability insurance within sixty (60) days of the termination of this Policy.  This automatic **extended reporting period** will terminate after sixty (60) days.

B. Optional **extended reporting period**
1. If this Policy is canceled or non-renewed by either the **Company** or by the **Named Insured**, then the **Named Insured** shall have the right to purchase an optional **extended reporting period**.  Such right must be exercised by the **Named Insured** within sixty (60) days of the termination of the **policy period** by providing:
   a. written notice to the **Company**; and
   b. with the written notice, the amount of additional premium described below.

2. The additional premium for the optional **extended reporting period** shall be based upon the rates for such coverage in effect on the date this Policy was issued or last renewed and shall be for one (1) year at 100% of such premium; two (2) years at 150% of such premium; three (3) years at 175% of such premium; six (6) years at 225% of such premium; or, for an unlimited period at 250% of such premium.
3. The premium for the optional **extended reporting period** is due on its effective date. This optional **extended reporting period** is non-cancelable and the entire premium shall be deemed fully earned at its commencement without any obligation by the **Company** to return any portion thereof.

C. Death or disability **extended reporting period**
1. If an **Insured** dies or becomes **totally and permanently disabled** during the **policy period**, then upon the latter of the expiration of: the **policy period**; any renewal or successive renewal of this Policy; or any automatic or optional **extended reporting period**, such **Insured** shall be provided with a death or disability **extended reporting period** as provided below.
   a. In the event of death, such **Insured's** estate, heirs, executors or administrators must, within sixty (60) days of the expiration of the **policy period**, provide the **Company** with written proof of the date of death.  This **extended reporting period** is provided to the estate, heirs, executors and administrators of such **Insured.**
   b. If an **Insured** becomes **totally and permanently disabled**, such **Insured** or **Insured's** legal guardian must, within sixty (60) days of the expiration of the **policy period**, provide the **Company** with written proof that such **Insured** is **totally and permanently disabled**, including the date the disability commenced, certified by the **Insured's** physician. The **Company** retains the right to contest the certification made by the **Insured's** physician, and it is a condition precedent to this coverage that the **Insured** agree to submit to medical examinations by any physician designated by the **Company** at the **Company's** expense.  This **extended reporting period** is provided until such **Insured** shall no longer be **totally or permanently disabled** or until the death of such **Insured** in which case subparagraph a. hereof shall apply.
2. No additional premium will be charged for any death or disability **extended reporting period**.

D. Non-practicing **extended reporting period**
1. If an **Insured** retires or otherwise voluntarily

© CNA  All Rights Reserved.

G-118011-A Ed. 4-08

ceases, permanently and totally, the private practice of law during the **policy period** and has been continuously insured by the **Company** for at least three consecutive years, then such **Insured** shall be provided with an **extended reporting period** commencing upon the latter of the expiration of: the **policy period**; any renewal or successive renewal of this Policy; or any automatic or optional **extended reporting period**.

2. This **extended reporting period** is provided until such **Insured** shall resume the practice of law or until the death of such **Insured** in which case subparagraph C.1.a. hereof shall apply.

3. No additional premium will be charged for any non-practicing **extended reporting period**.

E  **Extended reporting periods** limits of liability

1. Automatic and optional **extended reporting periods** limits of liability

   a. Where the **Company** has the right to non-renew or cancel this Policy, and it exercises that right, then the **Company's** liability for all **claims** reported during the automatic and optional **extended reporting periods** shall be part of and not in addition to the limits of liability for the **policy period** as set forth in the Declarations and Section II, Limits of Liability of this Policy.

   b. If this Policy is canceled by the **Named Insured** or if the **Company** offers to renew this Policy, and the **Named Insured** refuses such renewal offer, then the **Company's** liability for all **claims** reported during the automatic and optional **extended reporting periods** shall be reinstated to the limits of liability applicable to this Policy as set forth in Section II.A. and B. hereof.

2. Separate death or disability and non-practicing **extended reporting period** limits of liability

   a. Limit of Liability - Each "**Claim**"
      Subject to paragraph b. below, the **Company's** limit of liability for each **claim** first made against the **Insured,** and reported to the **Company** during the death or disability **extended reporting period** or non-practicing **extended reporting period**, shall not exceed the amount stated in the Declarations as the "Each **Claim** Death or Disability and Non-Practicing **extended reporting period** limit of liability".

   b. Limit of Liability - In the Aggregate
      The limit of liability of the **Company** for all **claims** first made against the **Insured**, and reported to the **Company** during the death or disability **extended reporting period** or non-practicing **extended reporting period**, shall not exceed the amount stated in the Declarations as the "Aggregate Death or Disability and Non-Practicing **extended reporting period** limit of liability".

F.  Elimination of right to any **extended reporting period**
   There is no right to any **extended reporting period**:

   1. if the **Company** shall cancel or refuse to renew this Policy due to:
      a. non-payment of premiums; or
      b. non-compliance by an **Insured** with any of the terms and conditions of this Policy; or
      c. any misrepresentation or omission in the application for this Policy; or,

   2. if during the **Policy Period** such **Insured's** right to practice law is revoked, suspended or surrendered at the request of any regulatory authority for reasons other than that the **Insured** is **totally and permanently disabled**.

G.  **Extended reporting period** not a new policy
   It is understood and agreed that the **extended reporting period** shall not be construed to be a new policy and any **claim** submitted during such period shall otherwise be governed by this Policy.

VII.  HEADINGS

   The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

IN WITNESS WHEREOF, the **Company** has caused this Policy to be executed by its Chairman and Secretary, but this Policy shall not be binding upon us unless completed by the attachment of the Declarations.

_____
Chairman

_____
Secretary

© CNA  All Rights Reserved.

G-118011-A Ed. 4-08