# EXHIBIT 13



November 21, 2013

**VIA EMAIL (patrice.wilson@cna.com)**
M. Patrice Wilson
Claim Consultant
CNA
P.O. Box 8317
Chicago, Illinois  60680-8317

**Re:   File No. LWA08743/Policy No. 425308379**

Dear Ms. Wilson:

Thank you for your letter of October 22, 2013 in response to my email of October 15, 2013.

I appreciate CNA acknowledging coverage subject to a reservation of rights. I have retained Lewis O. Unglesby, the principal of Unglesby Law Firm, 246 Napolean Avenue, Baton Rouge, Louisiana  70802. His telephone number is (225) 387-0120, and his fax number is (225) 336-4355. Lewis is one of the foremost trial lawyers in Louisiana and the ideal lawyer to handle my claim. You can learn more about him from his website http://www.unglesbylaw.com.  I hereby request that CNA agree to pay Mr. Unglesby to provide me a defense. Please contact him to make the necessary arrangements.

You have asked that I furnish you with "a copy of the engagement letters from the underlying case." By that reference, I am assuming that you are requesting a copy of the engagement letter for the representation that gave rise to the claim. I do not have one for Mr. Ungelsby. He was retained after the Freeh report was issued and has represented me since. I paid him a retainer of $125,000.00.

Mr. Ungelsby had me retain Professor Geoffrey Hazard who is a legal ethics professor at Hastings Law School in San Francisco California.  To date I have sent Professor Hazard a retainer of $9500.00 from which he bills $500.00 an hour.

I have also retained Mr. Leslie Schiff as ethics counsel. I have an engagement letter with Mr. Schiff and, to date, I have paid him $7500.00. He provides advice and counsel on ethics issues and, to the extent necessary, will represent me in front of the Lawyer Disciplinary Board.

office   504.525.5535
toll-free   866.404.7777

610 Baronne Street
New Orleans, LA 70113

fax   504.586.8933
www.andrylawgroup.com



The Freeh Report was the product of an investigation that had its origins in the latter part of June, 2013. During the Freeh investigation, I was represented by Mr. James Cobb. I was also represented by David Sherman with the firm of Chehardy Sherman. I paid Mr. Cobb $50,400.00 in the month and a half he represented me. I also paid the Chehardy firm approximately $11,000.00.

We represent several hundred clients who are victims of the BP oil spill in the Gulf of Mexico that occurred in April through July of 2010. Our clients mostly suffered economic and property damages. A class action was certified, and a settlement was reached that benefits many of our clients.

A claims process has been created for BP Oil Spill victims to file claims for compensation pursuant to the *Deepwater Horizon* Economic and Property Settlement Agreement As Amended on May 2, 2012 ("Settlement Agreement") which has been approved by Judge Carl J. Barbier ("Judge Barbier"). The Settlement Agreement establishes a Deepwater Horizon Court Supervised Settlement Program ("CSSP") administered by the Claims Administrator Patrick Juneau who directs the settlement process through the Claims Administrator's Office ("CAO") and reports to Judge Barbier. Pursuant to individual retainer letters, we have filed on behalf of clients compensation claims for economic and property loss pursuant to the rules and procedures promulgated by the CSSP.

One of our clients was Casey Thonn who had three compensation claims ("Thonn claims"). One of the CAO attorneys, Lionel Sutton, referred this matter to our law firm. He wanted a customary referral fee which was eventually paid to him when the claims were settled. Despite his assurances to my partner Glenn Lerner that payment of the fee was not a problem with the CAO, it turned out not to be the case. When the fact of the referral fee became public, a controversy erupted. In response, Judge Barbier initiated an investigation and appointed Lewis Freeh as the Special Master. (Mr. Freeh is a former federal judge and Director of the Federal Bureau of Investigation.)

Mr. Freeh conducted a 66-day investigation with which we fully cooperated. My deposition was taken, and we produced documents. On September 6, 2012, the Special Master's Report ("Report") was issued by Judge Barbier. To my shock and amazement, the lengthy Report accused me of engaging in a series of illegal activities with regard to the Thonn claims. The essence of the allegations is that Mr. Lerner and I corrupted the process for the Thonn claims by making an improper payment to Mr. Sutton in return for him expediting the Thonn claims. These allegations are utterly false, and I intend to vigorously defend myself.

In his Report, the Special Master recommends that Judge Barbier issue an order that:

*I be investigated by the Department of Justice as to whether I violated federal statutes relating to mail and wire fraud, money laundering, conspiracy, and perjury;

office  504.525.5535  
toll-free  866.404.7777  

610 Baronne Street  
New Orleans, LA 70113  

fax  504.586.8933  
www.andrylawgroup.com



*I be referred to the Louisiana state bar for further investigation of violation of rules of professional responsibility; and

(3) The Court consider applying the Unclean Hands Doctrine to ban me from any CSSP representation and payment of legal fees and to disallow The Andry Law Firm award of $7,908,460.

Report at 81-88 (A copy of the Report accompanies this letter.)

In response to the Report, Judge Barbier issued an Order to Show Cause why he should not adopt the Special Master's recommendation and impose those sanctions on me. (A copy of the Order to Show Cause also accompanies this letter.) I have been ordered to respond in writing by November 15th, and the Unglesby Law Firm is busy preparing that response and my overall defense for a possible evidentiary hearing after our response is filed.

There is no doubt that the CNA policy covers this matter. CNA agreed to cover me for all sums in excess of the deductible that I "shall become legally obligated to pay as damages and claims expenses because of a claim that is both first made against [me] . . . by reason of an act or omission in the performance of legal services by [me] . . . . (Paragraph I.A.)

The implications of the Report and Order to Show Cause are draconian for me. The Report constitutes official government charges against me (a lawsuit) in connection with my representation of the client on the Thonn claims. Judge Barbier thinks that the allegations are sufficient enough to order me to respond. The situation here is akin to being sued for tortious conduct relating to my representation of a client. In short, I have been in sued for professional negligence and misconduct in representing a client—both of which are clearly covered by the CNA policy.

Under the policy definition, I surely have had a "claim" filed against me since there has been a "demand, including the service of a suit . . . received by the Insured for money . . . arising out of any act or omission . . . in the rendering of . . . legal services." The Order to Show Cause is the manner in which this type of proceeding commences and a "demand" for money has been made. No other formal process is necessary because I am an officer of the court and subject to being ordered to account for my conduct in connection with representation of clients in federal court, and I am now exposed to suffering significant adverse financial consequences via the mechanism of an Order to Show Cause.

There is no doubt that the government is suing me for "damages" under the policy definition. The government is seeking to take away millions of dollars or paid, earned, and future legal fees. If I am found liable on these allegations, I will suffer significant "damages." A "judgment" will be entered directing that I shall not receive millions of

office  504.525.5535
toll-free  866.404.7777

610 Baronne Street
New Orleans, LA 70113

fax  504.586.8933
www.andrylawgroup.com



dollars of legal fees that I have earned in representing my clients and that I have to forfeit (disgorge/pay back) legal fees at I have been paid and/or earned but not yet received.

Under the policy definition, I was rendering "legal services" because representation of Casey Thonn constitutes "services . . . performed by an Insured for others as a lawyer . . . ."

Based on the foregoing, I demand that CNA engage and pay all legal fees and costs for the Unglesby Law Firm to represent me in connection with this matter. I further demand that I be reimbursed the $200,000 that I have advanced for legal fees in this matter. The foregoing is not a full statement of all my defenses and claims, and I expressly reserve my rights in that regard.

I appreciate your courtesy.

Very truly yours,

Jonathan Andry

cc: Lewis O. Unglesby, Esq.

office   504.525.5535         610 Baronne Street         fax   504.586.8933
toll-free  866.404.7777        New Orleans, LA 70113      www.andrylawgroup.com