UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** | **MDL NO. 2179** |
| **"Deepwater Horizon" in the Gulf** | |
| **of Mexico, on April 20, 2010** | **SECTION J** |
| | |
| **Applies to:** *All Cases* | **JUDGE BARBIER** |
| | **MAGISTRATE JUDGE SHUSHAN** |

## ORDER

[Regarding GCCF Transition Claims and
Forty Percent (40%) Remainder Payments]

On March 8, 2012, the Court entered a Transition Order providing for processing of claims pending with the GCCF until the Court Supervised Claim Program (the "Program") was started. Rec. doc. 5988. Thereafter, the Court entered a First Amended Order creating Transition Process (rec. doc. 5995) (the "Transition Order"). Paragraph 12A provides:

> If a non-expired GCCF offer is pending as of the date this Order is entered and if the claimant elects to accept the offer, then the Transition Process will pay 60% of the offer without requiring a release. If the claimant receiving the 60% payment is a member of the proposed settlement class, the claimant has a right to additionally recover from the Court Supervised Claims Program the greater of: the remaining 40% of the GCCF offer, or the class settlement minus any amount previously paid by the Transition Process, in exchange for a release.[1]

The parties agreed on a letter to be sent to all Transition Claimants who had received a 60% payment and who were eligible to receive the greater of the 40% balance or the amount that the Program computed. See Exhibit A to letter from Lynn Greer, former Transition Coordinator. Rec. doc. 12940. The letter, sent to all such claimants, offered three options:

---

[1] Section 4.2.3.1 of the Settlement Agreement contains almost identical language.

(1) **Participate in the Settlement Program**.  If you file a claim in the Settlement Program you will receive the *greater* of your Settlement Program Compensation Amount or your GCCF/Transition offer, minus what you receive from the GCCF/Transition.  You will receive payment after the Settlement Program's review of your claim is complete and you execute a Release.  To get information on how to participate in the Settlement Program and file a claim, go to **Deepwaterhorizonsettlement.com**.

(2) **Accept the Remaining 40% of Your GCCF/Transition Offer, in Return for a Release**.  You may receive the 40% balance of your GCCF/Transition Final Payment Offer now, in exchange for a release.

(3) **Opt Out of the Settlement, While Preserving Your Rights to Seek Additional Compensation**… .

The quoted letter was sent to all Transition Claimants on June 22, 2012.

Commencing in late April, Class Counsel raised with the Court the issue that some GCCF claimants who had accepted the 60% payment had still not yet been paid the greater of the remaining 40% of the GCCF offer or the amount calculated by the Program minus any amount previously paid by the transition process.

After a telephone conference call on April 24, 2014, involving Judge Shushan, Lynn Greer, Steve Herman on behalf of Class Counsel, and Jeff Clark on behalf of BP, Judge Shushan requested that Lynn Greer, Class Counsel, and BP submit their position papers regarding payment of the Transition Claims so that those position papers could be filed of record.  See rec. doc. 12940 (submission of Lynn Greer); rec. doc. 12942 (submission of Class Counsel); and rec. doc. 12943 (submission of BP).  In her submission dated May 14, 2014, Ms. Greer advised that the universe of Transition Claimants with either a pending registration or claim form submitted to the Program totaled 1,489 unique claimants as of that date.[2]  Of those, 471 have registered with the Program but have not submitted claim forms.  46 claimants have received eligibility notices and

---

[2] Those claimants have 1,602 claims.  In addition, 722 claimants have neither requested the 40% payment nor filed a claim with the Program.

2

have returned the release and should be paid soon. 649 claimants remain in the claims review process while 304 have their claims on "hold" for investigation. 19 claimants have incomplete registration forms or have not responded to requests to provide their Employer Identification Number or Social Security No. See rec. doc. 12940 at 3.

Class Counsel argue that Transition Claimants, by the Transition Order, were "guaranteed to get '*the greater of*' of the remaining 40% of the GCCF offer or what he or she might additionally be entitled to" under the Program. Rec. doc. 12942 at 2. Class Counsel argue that these claimants should be paid the remaining 40% now:

> …there is absolutely no reasonable basis, justification or other consideration in making Class Members wait for a formal Eligibility Determination before he or she can recover the remaining 40% of the GCCF Offer, which is indisputably the *least* that he or she is entitled to under the settlement agreement.

Id. at 3. Class Counsel urge that Transition Claimants should not be put in a position of electing between the remaining 40% or the Program computation (minus any amounts previously paid), because "it would render the '*the greater of*' language superfluous. Rec. doc. 12942 at 6.

> The *greater of* language is the substantive, permanent, centerpiece of the agreement which would guarantee that those Class Members who elected to participate in the Settlement Program would be entitled to the *greater of* the two amounts.
>
> In the meantime, for those who might not formally enter into the Settlement Program (*i.e.* during the "Transition Claims Process"), such Class Members would be able to make an election to simply take the remaining 40% in exchange for an individual release.
>
> But there is no basis (nor was it ever discussed, contemplated nor agreed upon) to have Class Members who did formally participate in the Class Settlement to have to – in say, 2014 – make a formal election to either accept the 40% or wait, further, indefinitely, for the Eligibility Determinations.

>Rather, he or she should be able to get the remaining 40% to which he or she is in arguably entitled and reserve his or her rights to pursue additional claims and/or compensation… .

Id.

>*  *  *
>
>It makes perfect sense, therefore, to treat the remaining 40% as a separate and distinct "claim" under the Settlement Program, which can be paid and released without prejudice to the additional compensation to which the Class Member may be entitled from additional Settlement Program Claims.

Id. at 8.

BP replies that the text of the Settlement Agreement precludes payment of the 40% to any Transition Claimant that has submitted a Program claim until the claims process has run its course or unless the claimant now opts to sign a release and terminates the processing of his or her Program claim.

>This plain text gave former GCCF Claimants a straightforward choice between two options: (A) sign a release and take a 40% remainder payment without filing a claim with the CSSP; or (B) file a claim with the CSSP to see if they could achieve a more favorable outcome. If a claimant chose the second option (what we will call "path B"), then the ultimate payment will be the greater of (i) the 40% GCCF remainder, or (ii) the CSSP payment minus the 60% transition payment that has already been paid.

Rec. doc. 12943 at 2.[3]

It is unfortunate that the 953 Transition Claimants who have completed their claims with the Program have not been processed to completion. But BP is correct that by opting into the Program, their claims must be completed in order to be paid the greater of 40% or the amount they are due under the Program.

---

[3] BP further argues that it would be unfair to Transition Claimants who elected to take the 40% and waive their ability to seek a higher award in the Program ("Path A") to allow payment of the 40% now to the subject claimants, and allow them to reserve their rights to potentially be paid more. Id. at 3.

4

Accordingly, the Program shall proceed as follows:

(1) The attached letter will be sent to: a) the 722 claimants who have neither requested a 40% payment nor filed a claim with the Program; b) the 471 claimants who have registered with the Program but who have not submitted a claim form; and c) the 19 claimants who have incomplete registration forms or who have not responded to EIN/SSN questions.

(2) As to the 953 claimants who are in the Program claim review process, the Program is directed to use its best efforts to expedite the processing of those claims.

New Orleans, Louisiana, this  1st  day of July, 2014.

*[signature]*

**CARL J. BARBIER**
**United States District Judge**