UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| Nos. 10-2179; 10-4536; 10-2771 | * | |
| | * | MAGISTRATE NO. 1 |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN RESPONSE
TO THE GOVERNMENT'S PROFFER OF EVIDENCE**

BINGHAM McCUTCHEN LLP

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@bingham.com
Thomas Lotterman
tom.lotterman@bingham.com
David B. Salmons
david.salmons@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, N.W.
Washington, D.C. 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street
Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

**I.     ARGUMENT**

For its written offer of proof [Rec. Doc. 12965],[1] the Government again contends that the Court should consider evidence of Anadarko's "involvement" in BP's and its contractors' operations on the Macondo Prospect for purposes of the Court's consideration of the CWA penalty assessment factors, including evidence that Anadarko (1) contracted with BP, (2) had access to certain limited forms of information about drilling operations, and (3) contributed financially to BP's operations. Offer of Proof at 5-16. While the Court has permitted Anadarko to submit a proffer in response, none is necessary. *See Christensen v. Felton*, 322 F.2d 323 (9th Cir. 1963) (holding that where the court rules that evidence is inadmissible and proponent makes proffer, prevailing party need not offer contradicting evidence). Anadarko submits this response memorandum out of abundance of caution, and without prejudice to its right to object at trial to the introduction of any evidence included in the Government's proffer.

As an initial matter, even though the Court has permitted the Government to submit an offer of proof on the issue of Anadarko's purported "culpability" [Rec. Doc. 12688], no such proffer was necessary or appropriate, and in the interests of preserving judicial and litigant resources the Government should have demurred. It is well settled in the Fifth Circuit that where a pretrial ruling has provided that certain evidence will not be admissible at trial—like the Court's order granting Anadarko's motion *in limine*—the proponent of the excluded evidence need not make an offer of proof. *McQuaig v. McCoy*, 806 F.2d 1298, 1303 (5th Cir. 1987). This is because the only reasons to proffer excluded evidence are to "alert the court and opposing counsel to the thrust of the excluded evidence," and to "provide an appellate court with a record

---

[1] The U.S. Offer of Proof was filed as redacted at Rec. Doc. 12965, and an unredacted version was circulated to counsel and the Court. All references to the "Offer of Proof" herein are to the unredacted version.

1

allowing it to determine whether the exclusion was erroneous or not." *Parliament Ins. Co. v. Hanson*, 676 F.2d 1069, 1074 (5th Cir. 1982).

Neither purpose is served here, because the Government's proffer merely recycles the same exhausted contentions it has urged repeatedly in opposing Anadarko's motions *in limine*. Indeed, the Government acknowledges that nearly all of the evidence it proffers already is in the record from Phase I. Offer of Proof at 3-4. Where, as here, the Court is fully apprised of the evidence the Government intended to introduce, and the parties' briefing provides a sufficient record for appellate review, "to proffer that which is already in the record [is] a redundancy which is neither needed nor welcome." *U.S. v. Darland*, 626 F.2d 1235, 1238 (5th Cir. 1980).

In any event, the evidence and argument the Government proffers has already been placed before the Court, and the Court correctly found it irrelevant to any disputed issue in the Penalty Phase. None of the evidence the Government proffers now would be sufficient to prove that Anadarko has any "degree of culpability" for the *Deepwater Horizon* incident because, as a matter of law, "BP was solely responsible for the drilling operations[,] …[and] [a]ny access to information that Anadarko . . . may have had did not give rise to a duty to intercede in an independent contractor's operations . . . ." B1 Order, Rec. Doc. 3830, at 28. The Government's proffer contains no new evidence or argument that might somehow undermine the Court's longstanding ruling that Anadarko was not negligent, bears no fault, and therefore has no "degree of culpability" for the *Deepwater Horizon* incident. Transcript of March 21, 2014 Status Conference [Rec. Doc. 12809] at 43-45; March 21, 2014 Minute Order [Rec. Doc.12592] at 2.

In addition to being irrelevant, the Government's proffer also includes numerous misstatements and mischaracterizations, and draws unwarranted conclusions which are

unsupported, and in some instances conclusively refuted by the evidence.[2]  Indeed, even the snippets of excluded evidence the Government proffers are taken out of context or are incomplete.  For example, the Government's proffer places great emphasis on Anadarko's access to certain forms of real-time data transmitted to shore from the vessel.  Offer of Proof at 11-12.  However, the Government fails to tell the Court of the uncontroverted testimony that, even if Anadarko had monitored that data 24 hours a day (which it did not do and had no obligation to do), Anadarko still could not have determined from the data that a dangerous situation was evolving, because Anadarko could not know what was going on at the rig at any given moment.

Along the same lines, the Government contends in its proffer that Anadarko failed to conduct due diligence on BP's operational record prior to investing in the project.  *Id.* at 8.  But again the Government's picture is stilted and incomplete.  The Government leaves out that by the time Anadarko invested, the Government had *already* approved all of BP's proposed operating plans, spill response plans, licenses and permits, and BP had *already* started work, with the Government's full knowledge and assent.  The Government has never been able to explain why Anadarko should not be entitled to rely on the Government to act as a responsible regulator to ensure safe operations, just like every other citizen of the Gulf who expects the same.

The Government's efforts to mislead and distort the evidence only underscore why the Court was correct to exclude the proffered evidence as irrelevant.  The evidence the Government proffers does not even suggest that Anadarko caused or contributed to the events leading up to the explosion and release of hyrdrocarbons into the Gulf.  Instead, the Government raises only extraneous and distracting issues, which will not inform the Court's consideration of the CWA

---

[2]  Should any evidence from the Government's proffer be considered, Anadarko reserves the right to dispute the Government's evidence, and to present contrary evidence disproving the Government's erroneous contentions.

penalty factors. Accordingly, and for all the reasons previously stated, the Government's proffer should be disregarded.

Respectfully submitted,

DATED: July 2, 2014                    **BINGHAM McCUTCHEN LLP**

/s/ *James J. Dragna*
James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@bingham.com
Thomas Lotterman
tom.lotterman@bingham.com
David B. Salmons
david.salmons@bingham.com
Randall M. Levine
randall.levine@bingham.com
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

**KUCHLER POLK SCHELL
WEINER & RICHESON, LLC**

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

5

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on July 2, 2014.

                                                                                   /s/ *James J. Dragna*
                                                                                      James J. Dragna