# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle<br>Chicago, Illinois 60654 |  |
|---|---|---|
| J. Andrew Langan, P.C.<br>To Call Writer Directly:<br>(312) 862-2064<br>andrew.langan@kirkland.com | (312) 862-2000<br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

July 9, 2014

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

   Re: *MDL 2179 Penalty Phase Privilege Issues*

Dear Judge Shushan:

  I write in response to Daniel Smith's letter of July 7 regarding the United States' challenges to documents from the custodial file of Steven Bray that BPXP has logged as privileged. As explained below, the United States is incorrect in its claims that (a) BPXP's privilege log descriptions – which comply with this Court's prior guidance – are inadequate and (2) that BPXP has waived privilege over corporate structure and governance issues by disclosing Mr. Bray as a potential witness.

**I. BP's Privilege Log Descriptions Comply with This Court's Guidance and Are Fully Adequate.**

  The Court has provided guidance to the parties regarding the requirements for privilege log descriptions, requiring "a description of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the validity or efficacy of the privilege claim." (Pretrial Order No. 14 [Governing the Treatment of Privileged and Work Product Materials] (Rec. Doc. 655) ¶ 3(g)). BPXP's privilege log for Mr. Bray's custodial production meets this requirement. Indeed, the Court has approved privilege descriptions by BPXP from a prior phase which are substantially the same in form and content, deeming them "more than sufficient" to assert a privilege claim. (Order Regarding Sufficiency of BP Privilege Logs (Rec. Doc. 6352)). As with the privilege descriptions at issue in that order, the privilege descriptions on the Bray log make clear the connection between the communications at issue and the provision of legal advice, and they provide the information deemed sufficient by the Court in its prior order. What the US now attempts to do is insist on a standard for privilege log descriptions that differs from the Court's prior guidance simply because Mr. Bray "sometimes served as a director and officer." The United States would require that each privilege description provide additional detail

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 9, 2014
Page 2

distinguishing the legal advice provided from possible business-related advice. There is no precedent for such a requirement, and it is – at the very least – in tension with the Court's standard in PTO 14 to the extent divulging detail about the nature of the legal advice risks "revealing information claimed privileged or protected." BPXP's privilege descriptions make clear that it is "*legal advice*" that is at issue in the logged communications, and the US has pointed to *no* instances where there appears to be a risk that the advice sought or provided by Mr. Bray may have been business, rather than legal, advice.[1]

Accordingly, the United States' assertions cast no doubt on the sufficiency of BPXP's privilege descriptions: they remain "more than sufficient."

## II. The United States' Allegations of "Waiver" Are Contrary to the Facts and the Governing Law.

The United States' assertion that the attorney-client "privilege has been waived regarding corporate structure and governance" is unfounded. BPXP has made no waiver, large or small, of Mr. Bray's privileged communications, nor does his disclosure as a potential witness justify the United States' overreaching attempt to strip the protections of privilege from Mr. Bray, BPXP, and the BP Group. Its challenges on the basis of this claimed "waiver" should be overruled.

The party asserting an exemption to the attorney-client privilege bears the burden of demonstrating its applicability. *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002). The United States has failed to do so. The sum of the United States' waiver argument is that "the way in which ***BP has injected the issue into the litigation*** has resulted in a waiver of the privilege over factual information on the subject matter of corporate structure and governance." (*See* United States letter at 3 (emphasis added)). But the United States provides neither factual nor legal support for this position. ***First***, as a factual matter, BPXP has not "injected the issue[s]" of corporate structure and governance into the Penalty Phase litigation. To the contrary, BPXP disclosed Mr. Bray as a potential witness only after it became evident that the United States intended to seek discovery of and pursue legal theories regarding BPXP and BP Group corporate governance issues as part of the "economic impact of the penalty on the violator" factor. The United States first filed a motion on February 14, 2014, asking the Court to consider the finances of the BP Group as a whole in deciding the economic impact of the penalty on BPXP. When the Court did not grant that relief, the United States informed BPXP as part of a required meet and confer discovery conference on April 16 regarding areas of anticipated expert testimony that, because its motion had been unsuccessful, the United States intended to

---

[1] BPXP will be submitting a declaration from Mr. Bray addressing certain of his privileged documents. Due to the timing surrounding the production of the privilege log, and the United States' challenges to them, Mr. Bray's declaration will address only some of his privileged documents.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 9, 2014
Page 3

proffer expert testimony during the Penalty Phase on corporate governance. The United States further explained its intention regarding corporate governance during meet-and-confer discussions about why it sought the depositions of Brenda Pennington and Denise Robertson. Accordingly, the issues of corporate structure and governance had been raised in these proceedings well before Mr. Bray was disclosed as a witness.

*Second*, none of the cases cited by the United States would support a finding of waiver under these facts. To the contrary, subject matter waiver through issue injection applies only when the disclosing party attempts "to prove a claim or defense, *and* attempts to prove that claim or defense *by disclosing or describing an attorney client communication*." *Rhone-Poulenc Rorer Inc. v. Home Indem. Co*., 32 F.3d 851, 863 (3d Cir. 1994) (emphasis added) (citing *North River Ins. Co. v. Philadelphia Reinsurance Corp*., 797 F. Supp. 363, 370 (D.N.J. 1992)). The United States has made no allegation that BPXP has "attempt[ed] to prove that claim or defense *by disclosing or describing an attorney client communication*." *Rhone–Poulenc Rorer Inc.*, 32 F.3d at 863 (emphasis added).[2] Indeed, the US has conceded that BPXP has maintained its privilege by redacting certain documents containing legal advice.[3] (Letter from Mr. Steven O'Rourke, May 27, 2014, Re: *US v. BP & APC*, 10-4536 Penalty Phase: Fact Deposition Issues, at 2).

Instead, the courts in the cases cited by the US have found waiver of privilege only under circumstances that are not present in this case. In particular, courts have found waiver only where a party sought "to prove a claim or defense *by disclosing or describing an attorney client communication*." *Rhone-Poulenc Rorer Inc.*, 32 F.3d at 863. For example, in *Conkling v. Turner*, 883 F.2d 431 (5th Cir. 1989), a plaintiff filed suit under the Racketeer Influenced and Corrupt Organizations Act, and, in response to the prescription defense, the plaintiff raised the issue of when he became aware of the falsity of one of defendant's statements. *Id*. at 433. The court held that "attorney work product is waived when a plaintiff claims that his attorney discovered the alleged fraud upon which the cause of action is based," *id*. at 434, and ordered

---

[2]   The United States asserts in its letter that there should be a broad waiver where "the holder of the privilege makes its confidential communications a material issue in the litigation" or "[w]here the attorney-client privilege is waived *by a disclosure*," but identifies no instance where BPXP selectively disclosed any confidential communication in support of its case.

[3]   Further, the party "must inject a new factual or legal issue not in the case." *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987); *see also Ward v. Succession of Freeman*, 854 F.2d 780, 789 (5th Cir. 1988) (same). As explained above, BPXP's decision to disclose Mr. Bray as a witness – following the United States' motion and disclosure that it would seek the depositions of two BPXP Board members not disclosed by BPXP and would present expert testimony on corporate governance issues – does not inject a new legal or factual issue into the case.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 9, 2014
Page 4

limited discovery on that basis.[4]  Courts have also found waiver where a party claims to have acted in reliance on the advice of counsel, another circumstance not present here.  *See Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999) (holding that the attorney-client privilege was waived because defendants claimed to have acted in good faith, relying on counsel's advice, and selectively disclosed helpful communications).  Finally, courts have found waiver in cases of legal malpractice, another circumstance not present here.  *See Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983) (allegations of lawyer malpractice constitute a waiver of confidential communications under the circumstance).

In sum, there are three – and only three – situations where the cases cited by the United States find waiver:

1. Where a party makes a claim or defense "and attempts to prove that claim or defense by disclosing or describing an attorney client communication."  *Rhone–Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994).

2. Where a party attempts to prove a claim or defense by saying that he acted in reliance "on the advice of counsel."  *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999).

3. Where a party seeks to prove a claim of legal malpractice.  *Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983).

Although it bears the burden of proof,[5] the United States does not even claim, and could not claim, that any of these three situations are present here.  Nor does the United States cite any

---

[4] Other cases cited by the US likewise provide no support.  *See, e.g.*, *In re Grand Jury Proceedings*, 219 F.3d 175, 186-87 (2d Cir. 2000) (remanding and holding that privilege was not necessarily waived where a corporate officer testified in his individual capacity in a grand jury proceeding and the corporation did not take affirmative steps to inject privileged materials into litigation); *In re Sealed Case*, 676 F.2d 793, 816 (D.C. Cir. 1982) (privilege was waived where work was performed in furtherance of crime or fraud); *Weil v. Investment/Indicators, Research & Mgmt.*, 647 F.2d 18, 23-25 (9th Cir. 1981) (privilege was waived where scienter in securities litigation was in issue and the party selectively disclosed privileged communications on that issue); *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1350-51 (Fed. Cir. 2005) (privileged documents that were produced constituted waiver as to the scope of disclosed materials); *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, 2014 WL 29451, at *6-7 (M.D. La. Jan. 3, 2013) (privilege was waived where the timing of discovery of legal malpractice and causation was placed in issue); *Asset Funding Group, LLC v. Adams & Reese, LLP*, 2008 WL 4186884, at *4-7 (E.D. La. Sept. 9, 2008) (privilege was waived in legal malpractice suit); *Shell Oil Refinery v. Shell Oil Company*, 812 F. Supp. 658, 661 (E.D. La. 1993) (holding that no attorney client relationship existed); *United States v. Exxon Corp.*, 94 F.R.D. 246, 248-50 (D.D.C. 1981) (privilege was waived where defendant argued good faith reliance on the government's regulations and communications based on an attorney advice).

[5] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002).

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
July 9, 2014
Page 5

cases outside of these three limited circumstances. Nor has BPXP found any such cases outside of these three limited and inapplicable categories in its research.

In addition to its unfounded issue insertion argument, the United States also asserts that BPXP has waived privilege as a result of its purported "assurances to the Court that Mr. Bray is an adequate source of discovery for the United States." This argument lacks any basis as well. The United States has provided no authority – nor any rationale of any kind – for the claim that providing Mr. Bray as a witness on issues of corporate governance should strip BPXP of the protections of attorney-client privilege. The United States thus invites this Court to become the first ever to find waiver based on purported "assurances to the Court that" a witness "is an adequate source of discovery for the United States."

The US has provided no basis to assume that Mr. Bray cannot provide relevant testimony without divulging privileged information. Moreover, the US is not limited to Mr. Bray for testimony on corporate structure or governance issues, as the United States has questioned numerous BP witnesses on those issues (including the Chairman of the BPXP Board of Directors, Richard Morrison), and the Court has ordered BPXP to make former BPXP Board member Denise Robertson or former BPXP Board member Brenda Pennington (whose health has prevented her from sitting for deposition) available for deposition as well.

In any event, BPXP did not provide "assurances to the Court" that Mr. Bray "is an adequate source of discovery for the United States." (*See* May 22, 2014 A. Langan Letter to Hon. Sally Shushan; May 29, 2014 A. Langan Letter to Hon. Sally Shushan). Instead, BPXP stated that "Mr. Bray has broad knowledge of the corporate governance issues that the United States has sought discovery on [and] is senior in the organization to both Ms. Pennington and Ms. Robertson." (May 22, 2014 A. Langan Letter to Hon. Sally Shushan at 2). In any event, the Court has now ordered multiple depositions of corporate governance witnesses (at least Mr. Bray and Ms. Robertson, in addition to BPXP's Chairman Mr. Morrison), as well as the depositions of corporate governance expert witnesses for both sides.

The US thus has adequate opportunity for discovery on issues of corporate structure and governance without violating established canons of privilege.

### III. Communications Sent to Mr. Bray for the Purpose of Facilitating His Legal Advice Are Privileged.

The US correctly states that "[t]he attorney-client privilege protects communications made in confidence to an attorney by a client for the purpose of obtaining legal advice" (citing *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). But then it promptly loses sight of that principle in seeking to require BPXP to divulge attorney-client communications to the extent

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 9, 2014
Page 6

they contain factual information in addition to legal advice. (*See* United States Letter at 5 ("Where legal advice and factual information is combined, BP should be required to redact only the legal advice and produce the remainder.")). There is no dispute that facts are not rendered privileged merely because they have been communicated to counsel. But to the extent those facts are embedded in a communication to counsel made for the purpose of facilitating counsel's legal advice, that particular communication is privileged and not discoverable via that particular communication – even if those facts might be discoverable through another, non-privileged means. As an in-house lawyer with expertise in matters of corporate law and governance, Mr. Bray reviews and provides legal advice regarding regulatory and securities filings, transactional documents regarding changes in corporate structure, and many other documents as a matter of course. Where such communications and documents have been sent to Mr. Bray to facilitate his review and legal advice, those communications are privileged. The United States' boilerplate objection that "[i]nformation and documents do not become privileged merely because they were provided to counsel" is simply inapposite: Where information and documents were provided to counsel "to solicit legal advice" – as BPXP's privilege descriptions make clear that they were – the communications are privileged. *See Upjohn Co.*, 449 U.S. at 390.

*******

In sum, the United States' objections to BPXP's privilege log lack support in the case law, are inconsistent with this Court's prior guidance, and are inapplicable to the facts regarding the communications at issue. BPXP's privilege designations should be upheld.

Sincerely,

*J. Andrew Langan*

J. Andrew Langan, P.C.

cc:  Robert C. Brock
     J. Andrew Langan
     Hariklia Karis
     Mark Nomellini
     Ky Kirby
     James Dragna
     Thomas Lotterman
     Steve O'Rourke
     Sarah Himmelhoch

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 9, 2014
Page 7

    Abby André
    Daniel Smith