## KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS



Christopher J. Esbrook
To Call Writer Directly:
(312) 862-2032
christopher.esbrook@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

July 9, 2014

**Via E-mail**

The Honorable Joseph C. Wilkinson, Jr.
United States Magistrate Judge
500 Poydras Street, Room B409
New Orleans, Louisiana 70130

Re: Case No. 14-1525 and Possibility of Consent to Proceed on Plaintiff's
Contract Claims for Specific Performance Under Rule 73

Dear Judge Wilkinson:

BP conferred with counsel for Plaintiff this morning to discuss the issue of possibly consenting to the complaint filed as Case No. 14-1525 proceeding in this Court under Rule 73. As explained further below, BP cannot consent to the complaint as currently written proceeding in this Court under Rule 73 because it includes prayers for relief that go far beyond Plaintiff's contract claims under the Access Agreement as asserted in its Expedited Motion for Specific Performance ("Motion") (Rec. Doc. 13002 at 1), including OPA and maritime damages claims that should be heard by Judge Barbier in due course — along with the multitude of similar OPA and maritime damages claims pending in MDL 2179 and currently stayed by Judge Barbier.

As BP explained to counsel for Plaintiff, the complaint filed as No. 14-1525 does not comply with this Court's suggestion that Plaintiff file a complaint limited to its contract claims under the Access Agreement as asserted in its Motion. *See* No. 10-2179 Rec. Doc. 13088 at 1. BP understood the Court to suggest Plaintiff file a complaint limited to Plaintiff's contract claims under the Access Agreement that would, if proven, entitle them to the relief sought in its Motion. The complaint Plaintiff filed last week, instead, includes prayers for relief that go far beyond contract claims for specific performance of the Access Agreement — including OPA and maritime damages claims based on language taken almost verbatim from the prayers for relief in Plaintiff's answer, claim, and cross-claim in limitation, *see* No. 10-2771 Rec Doc. 326 at 16. (Plaintiff also has another three lawsuits for damages related to the *Deepwater Horizon* pending in MDL 2179 in the Eastern District of Louisiana, *see* Nos. 12-1971, 10-8888 Rec. Doc. 133248, and 10-999 Rec. Doc. 401).

Beijing    Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

KIRKLAND & ELLIS LLP

Joseph C. Wilkinson, Jr.
July 8, 2014
Page 2

Setting aside for the moment other deficiencies in or defenses to Plaintiff's latest complaint, BP cannot consent to proceeding under Rule 73 on a complaint that seeks relief beyond, and unrelated to, its contract claims for specific performance of the Access Agreement. The adjudication of damages claims that include OPA and maritime claims raise important issues fundamental to MDL 2179, and Judge Barbier has stayed such claims for the time being under Pre-Trial Order No. 15. Plaintiff's attempt to jump ahead of other plaintiffs with similar OPA and maritime claims is inappropriate. Enabling Plaintiff to bring OPA and maritime claims outside the MDL threatens to undermine the deliberate management of MDL 2179 Judge Barbier has maintained for four years and through two significant trials involving OPA and maritime claims to which Plaintiff was — and continues to be — a party.

If Plaintiff amends its complaint in No. 14-1525 to remove the OPA and maritime claims, such that the complaint is limited to Plaintiff's claims for the alleged breach of the Access Agreement as asserted in its Motion (claims BP strongly opposes on the merits), BP will review the amended complaint and consider consenting to have Plaintiff's contract claims heard in this Court under Rule 73.

Sincerely,

Christopher J. Esbrook

CJE

cc: Soren E. Gisleson, Esq.
    James Parkerson Roy
    Calvin C. Fayard
    Fred Herman
    Walter Leger, Jr.