**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by | * | **MDL NO. 2179** |
| the Oil Rig "Deepwater Horizon" | * | |
| in the Gulf of Mexico, on April 20, 2010 | * | **SECTION J** |
| | * | |
| **This document relates to:** | * | |
| No. 12-968 | * | **Honorable CARL J. BARBIER** |
| | * | |
| | * | **Magistrate Judge SHUSHAN** |
| | * | |

**BP'S MEMORANDUM REGARDING THE CONSISTENT TREATMENT
OF ALL PHYSICAL CONDITIONS FIRST DIAGNOSED AFTER APRIL 16, 2012**

**I.      THERE IS NO INCONSISTENCY BETWEEN THE MSA AND EXHIBIT 8.**

It is black-letter law that a contract must be read "as a whole," so as to give effect to every provision, without rendering any one superfluous, ineffective, or in conflict with another provision of the agreement.[1]  The Court has requested briefing on two issues: **(i) whether a purported "inconsistency" exists between the text of the MSA and Exhibit 8 (the "SPC Matrix"); and (ii) whether Section XXX.D of the MSA provides guidance on resolving the first issue.**[2]

Here, there is no inconsistency.  All physical conditions first diagnosed after April 16, 2012, regardless of when they are *asserted* to have manifested, shall be treated as LMPCs. Section XXX.D requires that the MSA and Exhibit 8 be treated equally.  Accordingly, the proper interpretation of the contract harmonizes both documents to give effect to each of them without rendering one superfluous.  Class Counsel improperly invoke Section XXX.D in an attempt to

---

[1]   *Becker v. Tidewater, Inc.*, 586 F.3d 358, 369 (5th Cir. 2009); *see also Chembulk Trading LLC v. Chemex Ltd.*, 393 F.3d 550, 555 (5th Cir. 2004); *Transco Exploration Co. v. Pac. Emp'rs Ins. Co.*, 869 F.2d 862, 864 n.3 (5th Cir. 1989); *Fontenot v. Mesa Petrol. Co.*, 791 F.2d 1207, 1214 (5th Cir. 1986).

[2]   *See* MSA § XXX.D ("With the exception of Exhibits 8, 9, and 12, any inconsistency between this MEDICAL SETTLEMENT AGREEMENT and any attachments, exhibits, or appendices hereto shall be resolved in favor of this MEDICAL SETTLEMENT AGREEMENT.").

change the unambiguous language of the contract simply because the circumstances now

(claimants obtaining litigation-driven diagnoses of chronic conditions after April 16, 2012) do

not match the precise scenario expressly stated in the contract (all physical conditions first

diagnosed after April 16, 2012, were to be treated as LMPCs).[3]

Class Counsel have failed to prove there is an inconsistency.  Black's Law Dictionary

defines "inconsistency" to mean, "A part of something that is incompatible with another part of

the whole thing."[4]  Far from finding incompatibility, the Claims Administrator's Policy

Statement harmonizes the treatment of Chronic SPCs and LMPCs.  The SPC Matrix provides a

mechanism to compensate Class Members for certain physical conditions that are alleged to have

manifested within 24-72 hours of exposure and that satisfy Exhibit 8's proof requirements,

***except or until those conditions are first diagnosed after April 16, 2012***.  That date certain

determines which remedy (the SPC Matrix or BELO) a Class Member must pursue for

compensation.

The MSA expressly states that an LMPC "***shall mean*** a physical condition that is ***first***

***diagnosed*** . . . after April 16, 2012."[5]  Section VIII.B then provides that Class Members with

LMPCs must seek recovery under the BELO or workers' compensation laws,[6] and that a Class

Member with an LMPC "***may not*** seek compensation from any Released Party ***in any other***

***manner***."[7]  Accordingly, no Class Member is denied a remedy to seek compensation for a

---

[3]    Notably, Class Counsel never cited or argued their current position in briefing to Judge Shushan prior to the
       issuance of the Claims Administrator's Policy Statement.  *See* Rec. Doc. 12862-1.  Instead, Class Counsel cited
       Section XXX.D for the first time only in a footnote in a motion to strike the declaration of Dr. Jessica Herzstein.
       *See* Mem. in Support of Mot. To Strike at 2 n.6, May 21, 2014 (Rec. Doc. 12909-3).

[4]    Black's Law Dictionary 883 (10th ed. 2014).

[5]    MSA § II.VV (emphases added).

[6]    *See* MSA § VIII.

[7]    MSA § VIII.B(1) (emphases added).

Chronic SPC or an LMPC, but they cannot pursue recovery under both the SPC Matrix and the BELO.

Class Counsel conspicuously ignore this plain language, suggesting that Section VIII.B's exclusive remedy provision is intended only for those claims not alleged to have *manifested* before April 16, 2012. Their reading simply contradicts the clear definition of an LMPC. Class Counsel cannot cherry-pick parts of the MSA to apply when it suits them.

Class Counsel also insist that Section XXX.D gives Exhibit 8 precedence over the terms of the MSA, which it clearly does not. Section XXX.D provides only that "any inconsistency between this [MSA] and any attachments, exhibits, or appendices hereto shall be resolved in favor of this [MSA]" (excluding Exhibit 8).[8] Class Counsel's reasoning is flawed in assuming that, if the MSA does not take precedence over Exhibit 8, then Exhibit 8 must take precedence over the MSA. The correct reading, which harmonizes Exhibit 8 with the MSA, is that they stand on *equal* footing and must be read together. Section XXX.D also ensures that the generalized descriptions of SPCs found in Section VI ("Compensation for Specified Physical Conditions") should not be read to alter the carefully-negotiated proof requirements in Exhibit 8.

## II.   CLASS COUNSEL'S POSITION REWRITES THE MSA AND INVITES FRAUD.

*First,* Class Counsel blatantly disregard express terms in the MSA and attempt to manufacture an inconsistency where none exists.[9] Class Counsel ask this Court to delete the plain language in the MSA expressly defining a physical condition "that is first diagnosed . . . after April 16, 2012" as an LMPC, so that Class Members can file Chronic SPC claims without

---

[8]   MSA § XXX.D.

[9]   Class Counsel rely largely on certain pre-approval statements, which, in the first place, both fail to address the Court's questions and run afoul of the four-corners rule of contract interpretation. *See Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 813 (5th Cir. 1993). Moreover, as shown in BP's previous filings, both BP and Class Counsel understood LMPCs to be defined only by the date of first diagnosis. *See* Rec. Doc. 12862-5, at 6-7 & n.27.

regard to the date of first diagnosis.[10]  And this request is based on nothing more than Exhibit 8's *absence* of a reference to a date of diagnosis.  As a matter of law, silence cannot override (or produce an inconsistency with) the express reference to the *first diagnosis* date in the LMPC definition.[11]

In attempting to classify both SPCs and LMPCs by the date of *manifestation* (which requires only the Class Member's assertion), it is Class Counsel who run afoul of Section XXX.D.  They contend that the word "manifested" in the heading "Later-Manifested Physical Condition" should replace the word "diagnosed" in the definition of the term.  But Section XXX.D clearly mandates that "[a]ny inconsistency between the headings used in this [MSA], and the text of . . . this [MSA], shall be resolved in favor of the text."[12]

To endorse Class Counsel's position and reject the Claims Administrator's Policy Statement, the Court must rewrite the LMPC definition and ignore the proof requirements for an SPC claim.  No authority cited by Class Counsel authorizes the impermissible act of deleting and replacing critical words or phrases (such as "first diagnosed") in the contract.[13]  These proposed changes alter the very heart of the contract—the distinction between SPC and LMPC claims—and would be a *material modification* to the terms of the MSA.[14]

---

[10]   MSA § II.VV.

[11]   *Cf. Int'l Bhd. of Teamsters v. Logistics Support Grp.*, 999 F.2d 227, 229 (7th Cir. 1993) (an "implied term must give way to express provisions in the parties' agreement").

[12]   MSA § XXX.D.

[13]   Class Counsel's position produces serious inconsistencies.  Consider Class Members who assert they timely manifested a chronic condition but did not seek medical attention until after February 12, 2015 (the bar date for filing an SPC claim).  Class Counsel must either admit that these individuals would be without any remedy because they do not have an LMPC, or somehow claim that Class Members can elect to treat a condition as either an SPC or an LMPC, which they cannot do under Section VIII.B(1) of the MSA.

[14]   MSA § XIV.B.

*Second,* Class Counsel's position is inconsistent with the proof requirements of Exhibit 8 itself and opens the door for fraudulent claims.[15]  For Chronic SPCs, Exhibit 8 requires three categories of proof:

> (1) a declaration asserting manifestation within 24-72 hours and certain other facts;
> (2) ***presentment to a medical professional***; and
> (3) proof of the chronic nature of the condition.[16]

The second category requires proof of presentment ***proximate*** in time to the exposure.[17]  Clean-Up Workers can submit proof that they were "transport[ed] to a medical facility ***during or immediately after*** the performance of RESPONSE ACTIVITIES."[18]  Alternatively, Class Members may submit proof of "presentment to a medical professional . . . where such condition(s) or symptom(s) are persisting at the time of presentment."[19]  This, too, must be proximate in time to exposure since Chronic SPCs are painful, if not debilitating.[20]  Yet Class Counsel posits that compensation for a Chronic SPC must be made available to a Claimant who, four or more years after the asserted manifestation of the condition, seeks medical attention for the first time to support his/her claim.  Such an interpretation disregards the SPC proof requirements, ignores the express definition of an LMPC, and creates the potential for fraudulent systematic over-diagnoses of Chronic SPCs.[21]

---

[15]  MSA Ex. 8.

[16]  MSA Ex. 8, at 4-5.

[17]  This issue is discussed in greater detail in BP's April 14, 2014 Memorandum.  *See* Rec. Doc. 12862-2, at 5-6.

[18]  MSA Ex. 8, at 4-5 (emphasis added).

[19]  MSA Ex. 8, at 4.

[20]  *See* Declaration of Jessica Herzstein, M.D. ¶¶ 4-5 (Rec. Doc. 12862-2, at 16) (Chronic SPCs are often severe, with painful symptoms, and would be expected to require immediate medical attention).

[21]  This concern is not speculative.  Some Plaintiffs' law firms have been advertising the availability of doctors to provide diagnoses to support SPC claims.  *See* BP's Apr. 14, 2014 Mem. at 6-9 (Rec. Doc. 12862-2).  *See also In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 636-40 (S.D. Tex. 2005) (criticizing plaintiffs' lawyers, doctors and screeners for creating false claims, and noting that the methods used for diagnosis were "distressing and disgraceful" after identifying thousands of plaintiffs diagnosed by only twelve doctors, who were not their treating physicians).

## CONCLUSION

The Claims Administrator correctly applied the plain language of the MSA in its Policy Statement and harmonized the SPC and LMPC provisions of the Settlement Agreement.  BP respectfully requests that the Court affirm that Policy Statement.

July 14, 2014                                                  Respectfully submitted,


Mark Holstein                                          _/s/ Kevin M. Hodges_____
J. Tracey Rogers                                        Kevin M. Hodges
BP AMERICA INC.                                    Kevin M. Downey
501 Westlake Park Boulevard                   WILLIAMS & CONNOLLY LLP
Houston, TX  77079                                  725 Twelfth Street, N.W.
Telephone:  (281) 366-2000                      Washington, D.C. 20005
Telefax:  (312) 862-2200                           Telephone:  (202) 434-5000
                                                                  Telefax:  (202) 434-5029


                                                                  _/s/ Don K. Haycraft_____
                                                                  S. Gene Fendler (Bar #05510)
                                                                  Don K. Haycraft (Bar #14361)
                                                                  R. Keith Jarrett (Bar #16984)
                                                                  LISKOW & LEWIS
                                                                  701 Poydras Street, Suite 5000
                                                                  New Orleans, Louisiana 70139
                                                                  Telephone:  (504) 581-7979
                                                                  Telefax:  (504) 556-4108


**ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of July, 2014.

_/s/ Don. K. Haycraft_
Don K. Haycraft