UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

### [Regarding Alabama Damages Case]

The Court orders the following regarding the schedule for preparation of this case for trial by the State of Alabama ("Alabama") and Anadarko, BP, Halliburton, MOEX, and Transocean (jointly the "Defendants")[1]:

### Preliminary Matters

1. The following Alabama state departments and agencies are subject to any discovery request propounded to the State of Alabama by Defendants:[2]

   1) Alabama Legislative Fiscal Office

   2) Alcoholic Beverage Control Board, limited to the following:

      a. Accounting Division
      b. Auditing Division

   3) Department of Conservation and Natural Resources, limited to the following:

      a. State Parks Division—Gulf State Park
      b. Marine Resources Division—Licensing
      c. State Lands Division;

---

[1] Alabama and Defendants are referred to as "per side" for purposes of discovery and trial presentation. The Defendants are to coordinate discovery and trial preparation. Allocations of time for depositions and trial will be per side.

[2] As a condition of limiting discovery to the departments and agencies listed herein, Alabama waives all claims sustainable on the date of this order for any state department or agency not listed within this stipulation. This waiver does not apply to governmental bodies outside the control of the State of Alabama.

4) Department of Economic and Community Affairs, limited to the following:

   a. Workforce Development Division

5) Department of Education

6) Department of Environmental Management, limited to the following:

   a. Field Operations Division

7) Department of Finance, limited to the following:

   a. Finance Director's Office
   b. Control and Accounts Division (State Comptroller's Office)
   c. Executive Budget Office

8) Department of Labor, limited to the following:

   a. Unemployment Compensation Division
   b. Labor Market Information

9) Department of Revenue, limited to the following:

   a. Property Tax Division
   b. Individual and Corporate Tax Division
   c. Tax Policy and Research Division
   d. Motor Vehicle Division
   e. Sales and Use Tax Division
   f. Business and License Tax Division
   g. Discovery Unit Division

10) Department of Transportation, limited to the following:

    a. Transportation Planning Division
    b. Modal Programs Division

11) Department of Tourism

12) Office of the Governor

The Defendants may obtain discovery from additional state departments and agencies only upon a showing of good cause.

2. Alabama's claims for natural resource damages ("NRD") under OPA and punitive damages under general maritime law will be the subject of future phases governed by subsequent orders of this Court.

3. The Parties shall be bound by the Court's findings in Phase One and Phase Two of the limitation and liability trial.

**Scheduling**

| Date | Event |
| --- | --- |
| 07/14/14 | Written Discovery Served – Limit 60 RFPs and Interrogatories per side (i.e. Alabama and Defendants) with distribution between RFPs and Interrogatories at each side's discretion; Limit 25 RFAs per side[3] |
| 07/16/14 | The parties are to exchange proposed search terms and 30(b)(6) topics. Thereafter the parties are to meet and confer and agree on a final list of search terms and 30(b)(6) topics |
| 07/17/14 | Alabama files its amended initial disclosures |
| 07/23/14 | The parties are to advise Judge Shushan that the lists of search terms and of 30(b)(6) topics have been finalized[4] |
| 08/11/14 | Written discovery responses due |
| 10/01/14 | The parties are to confer on the number of fact, 30(b)(6) and expert witnesses to be deposed. As to fact and 30(b)(6) witnesses, the parties must recognize that the number of deposition bundles to be submitted for trial will be <u>strictly</u> limited. |
| 10/03/14 | Document production complete |
| 10/03/14 | The parties are to propose to Judge Shushan the number of expert witnesses per side to be deposed. Each side will submit a preliminary list of its expert witnesses *in camera*, with a brief description of each expert witness' expected testimony and to which claim(s) the testimony relates. |
| 10/15/14 | The parties are to propose to Judge Shushan a joint final fact and 30(b)(6) deposition schedule |
| 10/15/14 | The Court announces limits on number of experts per side to be deposed |
| 10/17/14 | Motions to compel discovery of written responses. No replies will be filed[5] |

---

[3] The parties may serve follow-up discovery requests subject to the discovery limits of this Order. All discovery requests, including follow-up requests, must be served at least 30 days prior to the due date for document production. The limit on RFAs does not include those used to authenticate documents. Before serving authentication RFAs (limited to 30 per side), the parties will first engage in good faith meet and confer sessions to resolve such issues. The Court expects very few if any disagreements regarding authenticity.

[4] The failure of the parties to finalize search terms and/or 30(b)(6) topics is highly disfavored. If the parties fail to agree on any terms or topics by July 23, the parties shall submit a list of the unresolved terms and/or topics to the Court on that date. On the same date, each side may submit one 10-page, double-spaced brief outlining its position on the unresolved terms and/or topics. No replies will be allowed.

| Date | Event |
|---|---|
| 10/27/14 | Oppositions to motions to compel discovery |
| 11/03/14 | Fact and 30(b)(6) depositions commence[6] (Limited to 6.5 hours, unless good cause shown) |
| 01/27/15 | The parties shall submit the schedule for bundling of depositions to Judge Shushan |
| 01/30/15 | End of fact and 30(b)(6) deposition period |
| 01/30/15 | Each side shall submit an *in camera* list of the fact and 30(b)(6) depositions to be submitted for trial for Judge Shushan's review before imposing limitations on the number of deposition bundles to be prepared and submitted for trial. Each submission should include a brief summary of each witness' testimony. |
| 02/06/15 | Motion for Suggestion of Remand[7] |
| 02/06/15 | The Court announces the number of deposition bundles per side that may be prepared for submission |
| 02/13/15 | The parties are to exchange all non-deposition exhibits stamped with a trial exhibit number and a page number on each page |
| 02/26/15 | Alabama expert reports are due; does not include fact witnesses who may offer limited opinions as "lay experts" |
| 03/06/15 | Opposition to Motion for Suggestion of Remand due (if any) |
| 03/17/15 | Reply to Opposition to Motion for Suggestion of Remand due (if any) |
| 03/27/15 | Defendants' expert reports are due; does not include fact witnesses who may offer limited opinions as "lay experts" |
| 04/24/15 | Alabama rebuttal expert reports to the 03/27/15 Defendants reports. Rebuttal experts shall be counted in the per side total experts; rebuttal reports shall not include any new affirmative opinions and shall be limited only to opinions responsive to the reports filed on 03/27/15 |
| 04/30/15 | The parties are to make good faith disclosure of evidence (other than stipulations) from Phase One or Phase Two proceedings that they believe is relevant and wish to include in the record this case. The Court will apply a good cause requirement for any supplementation after this date. |
| 05/04/15 | Start of expert deposition period. (Limited to 6.5 hours, unless good cause shown.) |

---

[5] Memoranda in support and oppositions shall be limited to 15 pages per side covering all disputes.

All submissions to the Court shall be double spaced and filed and served no later than 5:00 p.m. central time.

[6] Custodial files for any witness to be deposed will be produced no later than 10 days prior to the witness's deposition.

[7] Alabama's Motion for Suggestion of Remand and the Defendants' Opposition (if any) shall be limited to 15 pages each, double spaced. Alabama's Reply (if any) shall be limited to 5 pages.


| Date | Event |
|---|---|
| 05/15/15 | Objections to Phase One or Phase Two disclosures from 04/30/15 |
| 05/29/15 | End of expert deposition period |
| 06/12/15 | The parties are to exchange good faith exhibit lists including exhibits used by their experts stamped with a trial exhibit number and a page number on each page |
| 06/12/15 | The parties are to propose to Judge Shushan limits on the number of expert witnesses per side to be called at trial. |
| 06/15/15 | Motions for Summary Judgment (limit of 35 pages) |
| 06/15/15 | Redact all exhibits that were previously marked as confidential based on the presence of personal identifying information; parties asserting claims that listed exhibits contain "coke formula" confidential information should make such designations[8] |
| 06/19/15 | The Court announces limits on number of trial experts per side |
| 06/22/15-06/26/15 | Meet and confer regarding objections to good faith exhibit lists. Meet and confer regarding redaction and removal of "confidential" designation of exhibits and claims of "coke formula" designation |
| 06/22/15 | The parties are to submit electronic deposition bundles to Judge Barbier. Each side shall submit a 3 page double-spaced objective deposition summary |
| 06/26/15 | Alabama designates the expert witnesses it intends to call at trial |
| 07/07/15 | Defendants designate the expert witnesses they intend to call at trial |
| 07/10/15 | Motions by parties objecting to exhibits[9] |
| 07/15/15 | Oppositions to Motions for Summary Judgment (limit of 35 pages) |
| 07/20/15 | Oppositions to objections to exhibits |
| 07/30/15 | Replies in support of Motions for Summary Judgment (limit of 15 pages) |
| 08/07/15 | Motions in limine (limited to 3 pages) and *Daubert* motions filed (limited to 15 pages); draft verdict forms filed (per side) |
| 08/21/15 | Oppositions to motions in limine (limited to 3 pages) and *Daubert* motions (limited to 15 pages) due; responses to draft verdict forms due |

---

[8] Each party is responsible for redacting and removing the "confidential" designation of any exhibit that it produced in discovery, regardless of which party has listed that document on an exhibit list.

[9] All motions are limited to 10 pages collectively for all objections per party and all oppositions limited to 10 pages. No replies will be filed.

| Date | Event |
|---|---|
| 08/25/15 | Joint stipulations, expert reports (which will serve as direct examination at trial),[10] joint exhibit and witness lists, and the final pretrial order[11] |
| 08/31/15 | Replies to motions in limine (limited to 1 page) and *Daubert* motions (limited to 5 pages) |
| 09/16/15 9:30 a.m. | Conference with the Court and parties to discuss trial and pending motions |
| _ _ _ | Pre-Trial Conference |
| _ _ _ | Ready for trial as directed by Judge Barbier. The Parties are to set aside the month of November, 2015 for a trial setting. |

The Court may alter or eliminate events and/or modify event dates based on future rulings in this case, including a ruling on the Defendants' Motion to Strike Alabama's Jury Trial Demand, or based upon scheduling changes in the Clean Water Act penalty trial or the OPA test trials for moratorium claims. The parties may request alteration of the schedule upon a showing of good cause.

New Orleans, Louisiana this 16th day of July, 2014.

_____
**CARL J. BARBIER**
**United States District Judge**

---

[10] Redacted reports delivered to Judge Barbier and Ben Allums (2 binders and an electronic set).

[11] The parties shall meet and confer in order to confect joint pretrial stipulations and exchange final witness and exhibit lists.