UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * | MDL NO. 2179 <br><br> SECTION: J |
| THIS DOCUMENT RELATES TO: | * * | |
| *ALL CASES IN PLEADING BUNDLE B3* | * * | JUDGE BARBIER <br> MAG. JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \*

PRE-TRIAL ORDER NO. 57

**[Establishing A Protocol For Disclosures Clarifying The Basis For the B3 Claims Against the Clean-Up Responder Defendants]**

The Court has previously indicated that the Clean-Up Responder Defendants[1] are entitled to derivative immunity under the Clean Water Act for the actions that are the subject of the First Amended Master Complaint in Accordance with Pretrial Order No. 11 Section III.B(3) ("Amended B3 Master Complaint") (Rec. Doc. 1812) if they performed these actions pursuant to the authorization, direction, and ultimate control of the federal government.  Accordingly, the purpose of this Order is to establish a protocol for specific disclosures clarifying the basis for the "B3"[2] claims asserted against the Clean-Up Responder Defendants in this multidistrict litigation. Plaintiffs who believe they have specific evidence that any Clean-Up Responder Defendant(s) failed to act pursuant to the authority and direction of the federal government in conducting oil

---

[1] O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

[2] The "B3" pleading bundle was defined by this Court in Pretrial Order No. 11 (Case Management Order No. 1) and clarified in Pretrial Order No. 25.  (Rec. Docs. 569, 983).

remediation and clean-up response operations ("clean-up"), and in so doing, caused, in whole or in part, their "B3" injuries and/or damages, are subject to this Order.

At this juncture, this Order is **only** directed to those plaintiffs who properly opted out of the Medical Benefits Class Action Settlement ("Medical Benefits Settlement" or "Settlement") approved by this Court (Rec. Docs. 8217, 8218) or are not members of the Medical Benefits Settlement Class, **and** who are pursuing B3 claims against any Clean-Up Responder Defendant(s) arising out of the clean-up, whether by joinder in the Amended B3 Master Complaint, individual complaint, or otherwise, **and** who believe they have the specific evidence described above. This Order does not concern, and has no effect on, any pending or contemplated B3 claims brought against any other parties, including but not limited to BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"). This Order also does not concern any B3 claims that have been brought against Nalco,[3] which has been dismissed from this litigation.

Claimants are ordered to serve any sworn statement and supporting information pursuant to this Order on both Liaison Counsel for the Clean-Up Responder Defendants and Plaintiffs' Liaison Counsel on or before **September 22, 2014**. Service can be made via United States mail at the following addresses:

| | |
|---|---|
| Defense Liaison Counsel<br>Attention: Michael J. Lyle, Esq.<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>777 6th Street NW, 11th Floor<br>Washington, D.C. 20001 | Plaintiffs' Co-Liaison Counsel<br>MDL 2179 Steering Committee<br>The Exchange Centre, Suite 2000<br>935 Gravier Street<br>New Orleans, LA 70112 |

---

[3] "Nalco" refers to Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC, and Nalco Holding Company.

Claimants represented by Counsel may additionally or alternatively serve the sworn statements and any supporting information upon Plaintiffs' Liaison Counsel and Defense Liaison Counsel for the Clean-Up Responder Defendants via File & ServeXpress ("F&S").

**No statement or supporting information will be accepted at the New Orleans Federal Courthouse.** Claimants must serve all submissions upon Liaison Counsel at the above addresses and/or via F&S.

I.   **Factual and Procedural History**

On May 18, 2012, the Clean-Up Responder Defendants filed individual motions for summary judgment on derivative immunity and preemption grounds, seeking dismissal with prejudice of all remaining claims asserted against them in the Amended B3 Master Complaint. (Rec. Docs. 6536, 6538, 6546, 6547, 6551, 6553, 6557, 6559, 6597). The Clean-Up Responder Defendants argued, inter alia, that they are entitled to derivative immunity because they performed their actions in responding to the DEEPWATER HORIZON oil spill pursuant to the authorization, direction, and ultimate control of the federal government. These motions were filed after targeted discovery was undertaken in accordance with the Court's "Schedule for Limited B3 Discovery" (Rec. Doc. 5000), during which the Clean-Up Responder Defendants served and responded to written discovery, produced thousands of documents, and entered into joint stipulations of fact with the United States of America.

On June 18, 2012, the Plaintiffs' Steering Committee ("PSC") filed an Omnibus Opposition to the Clean-Up Responder Defendants' Summary Judgment Motions. (Rec. Doc. 6696). The PSC argued, inter alia, that the Clean-Up Responder Defendants are not entitled to derivative immunity because it is disputable whether they complied with the federal government's instructions during the clean-up. The Clean-Up Responder Defendants' reply

briefing argued, inter alia, that the PSC's Omnibus Opposition and supporting affidavits and declarations failed to raise a genuine issue of fact material to the Clean-Up Responder Defendants' entitlement to derivative immunity. (Rec. Docs. 6842, 6843, 6845, 6849, 6852, 6854, 6859, 6878, 6897).

On January 11, 2013, the Court granted final approval of the Medical Benefits Settlement, which resolved personal injury and/or medical monitoring claims of certain clean-up workers and residents of particular geographical boundaries in the Gulf of Mexico related to their exposure to oil and/or dispersants arising from the DEEPWATER HORIZON incident and subsequent response efforts. (Rec. Docs. 8217, 8218). All of the Clean-Up Responder Defendants are released parties under the Settlement. (Rec. Doc. 6427-8). The Court's Order and Judgment approving the Settlement provided that potential class members could elect to be excluded from the Medical Benefits Settlement Class under procedures set forth in Paragraph 29 of the Preliminary Approval Order (Rec. Doc. 6419), as amended by the Court's Order extending the opt-out deadline to November 1, 2012. (Rec. Doc. 7176). On November 21, 2012, the parties to the Settlement submitted a Declaration from the Settlement's Administrator indicating that over 1,600 properly-submitted opt-out requests had been received by potential class members ("opt-out plaintiffs"). (Rec. Doc. 7989-1). Many of these opt-out plaintiffs had also filed short forms joining the Amended B3 Master Complaint pursuant to Pretrial Orders 20, 24, and 25. (Rec. Docs. 904, 982, 983). Unlike those class members participating in the Settlement, opt-out plaintiffs retain the right to proceed with their personal injury and/or medical monitoring claims against the Clean-Up Responder Defendants.

At the June 27, 2013 Status Conference, the Court noted that the Clean-Up Responder Defendants would be entitled to derivative immunity if they acted pursuant to the direction of the

federal government during the clean-up.  However, the Court indicated that some of the plaintiffs alleging exposure-based claims pursuant to the Amended B3 Master Complaint ("B3 Claimants") may have evidence that the Clean-Up Responder Defendants acted beyond the authority conferred by the federal government, or outside of this authority, in various ways during these clean-up response operations.  In addition, the Court noted that B3 Claimants with such evidence may also be able to produce evidence regarding (1) the clean-up work they performed on a specific date at a specific location, (2) the name of their employer, and (3) the specific circumstances and the parties involved in any exposure they sustained to dispersants/chemicals.  Accordingly, the Court instructed the parties to develop a protocol akin to a *Lone Pine* Order whereby the B3 Claimants would provide evidence to support their claims, ultimately permitting the Court to rule on the Clean-Up Responder Defendants' pending summary judgment motions.

On August 2, 2013, the Court provided the Clean-Up Responder Defendants with access to unredacted, current Medical Benefits Settlement opt-out information to facilitate the development of the aforementioned protocol.  (Rec. Doc. 10920).

**II.     The Protocol**

The United States Court of Appeals for the Fifth Circuit has looked favorably upon *Lone Pine* Case Management Orders, noting their import in mass tort litigation involving complex issues and the potential for significant, onerous discovery involving numerous plaintiffs.  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000); *see also, e.g., In re Vioxx Products Liability Litigation*, 557 F.Supp.2d 741, 743-45 (E.D. La. 2008) (highlighting the value of *Lone Pine* Orders and requiring Plaintiffs to provide "some kind of evidence to support their claim[s]").  The *Lone Pine*-type protocol articulated below will assist the Court to streamline the

remaining B3 claims, rule on the Clean-Up Responder Defendants' pending summary judgment motions, and facilitate the administration of this MDL and the prosecution of the coordinated actions herein.

At the suggestion and stipulation of Plaintiffs, by and through Plaintiffs' Liaison Counsel and the PSC, and of Clean-Up Responder Defendants, by and through Defense Liaison Counsel,

**IT IS ORDERED** that:

On or before **September 22, 2014**, each B3 Claimant or other Plaintiff (collectively "Claimant") who **(1)** has properly opted out of the Medical Benefits Settlement or is not a member of the Medical Benefits Settlement Class, **(2)** desires to pursue a claim against any Clean-Up Responder Defendant(s) arising out of the clean-up, including personal injury and/or medical monitoring claims alleging exposure to oil, dispersants, chemicals, and/or toxic substances used during the clean-up, whether by joinder in the Amended B3 Master Complaint, individual complaint, or otherwise, **and (3)** has evidence that any Clean-Up Responder Defendant(s) acted beyond or outside of the authority conferred by the federal government, must serve Liaison Counsel for the Clean-Up Responder Defendants and Plaintiffs' Liaison Counsel with a sworn statement in the form reflected in Exhibit A which sets forth the information listed in paragraphs 1 through 5 below. Individuals satisfying the first two of these criteria, but who do not have any specific evidence as described in the third, need not submit such a statement.

1. If Claimant served as a clean-up worker,[4] his or her employment information during the clean-up, specifically:

    a. Claimant's employer(s);

    b. Claimant's supervisor(s) at employer(s) identified in paragraph 1(a);

---

[4] The term "clean-up worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).

    c. A description of the work Claimant performed for employer(s) identified in paragraph 1(a);

    d. The date(s), time(s), and location(s) Claimant performed the work described in paragraph 1(c); and

    e. Any person(s) or entity(s) other than Claimant's employer who oversaw, supervised, or managed his or her work described in paragraph 1(c).

2. A specific explanation of the circumstances of alleged exposure to oil, dispersants, chemicals, and/or toxic substances during the clean-up, including the pathway of exposure (*e.g.*, ingestion, inhalation, dermal contact, etc.), the date(s), time(s), and location(s) of exposure, the duration of exposure, and the Clean-Up Responder Defendant(s) alleged to be responsible for the exposure;

3. A specific description of the alleged injury, illness, or medical condition sustained as a result of exposure to oil, dispersants, chemicals, and/or toxic substances during the clean-up;

4. With respect to each Clean-Up Responder Defendant alleged to be responsible for the exposure identified above in paragraph 2, state as to each Clean-Up Responder Defendant separately a detailed description of:

    a. The basis for Claimant's identification, such as a description or name of the vessel(s), aircraft, or individual(s) involved, or other evidence identifying the specific Clean-Up Responder Defendant;

    b. The act(s) or omission(s) that caused Claimant's alleged injury, illness, or medical condition;

    c. The date(s), time(s), and location(s) in which the act(s) or omission(s) described in paragraph 4(b) occurred and the circumstances under which the act(s) or omissions(s) arose; and

    d. How the act(s) or omission(s) described in paragraph 4(b) caused Claimant's injury, illness, or medical condition.

5. For each Clean-Up Responder Defendant identified above in paragraphs 2 and 4, state whether the alleged act(s) or omission(s) identified above in paragraph 4(b) violated, exceeded, or was/were undertaken without any instruction(s) or order(s) issued by the United States Coast Guard or any other federal governmental agency in connection with the clean-up and led to Claimant's alleged injury, illness, or medical condition. Further, Claimant shall specify the following:

    a. With respect to each such alleged act or omission that allegedly violated or exceeded the government's instruction(s) or order(s):

        i. The specific instruction(s) or order(s) issued by the United States Coast Guard or any other federal government agency in connection with the clean-up which Claimant contends was/were violated or exceeded, including without limitation any instruction(s) or order(s) relating to the application of dispersant, *in situ* burning of oil, laying of boom, skimming of oil, decontamination efforts, and onshore/beach clean-up operations, as well as the following with respect to each such instruction or order:

            1. The name(s) of the Clean-Up Responder Defendant(s) who received this instruction or order;

    2. The name(s) of the federal government agency(s) that issued this instruction or order, and, for each agency, the name(s) and title(s) of the government agent(s) or official(s) that gave the instruction or order;

    3. The date(s) and time(s) this instruction or order was issued and manner (*e.g.,* written, oral, etc.) in which this instruction or order was relayed;

    4. The basis for Claimant's knowledge that the alleged act or omission violated or exceeded the instruction(s) or order(s) identified in paragraph 5(a)(i); and

    5. Claimant's specific evidence that the alleged act or omission violated or exceeded the instruction(s) or order(s) identified in paragraph 5(a)(i).

  b. With respect to each such alleged act or omission that Claimant contends was undertaken without any federal government instruction(s) or order(s):

    i. The basis for Claimant's knowledge that the alleged act or omission was undertaken without any federal government instruction(s) or order(s); and

    ii. Claimant's specific evidence that the alleged act or omission was undertaken without any federal government instruction(s) or order(s).

*****

Any claim brought against any Clean-Up Responder Defendants(s) by a Claimant who satisfies the three criteria listed on page 6 of this Order but fails to comply with this Order is

subject to dismissal.  Any action(s) or claim(s) brought against any other parties, including BP, as well as all rights and defenses related thereto, remain(s) unaffected by this Order, regardless of whether a sworn statement is submitted.

Claimants should be aware that compliance with this Order does not automatically make them eligible to receive compensation for their damages.  Rather, Claimants who comply with this Order are subject to further proceedings in this Court.

By **November 14, 2014**, the PSC and Defense Liaison Counsel shall provide to the Court a list of all Claimants who did not comply with this Order and whose claims against any Clean-Up Responder Defendants are therefore subject to dismissal. For all other Claimants, the Court will discuss procedures for addressing their claims at a hearing to be set by further Order of the Court.

Following the issuance of this Order, all counsel of record should receive a copy via F&S pursuant to Pretrial Order No. 12.  (Rec. Doc. 600).  This Order will also be posted on the Court's website, http://www.laed.uscourts.gov/OilSpill/OilSpill.htm, along with the accompanying notice.  Defense Liaison Counsel shall mail this order and the accompanying notice to all plaintiffs who purportedly opted out of the Medical Benefits Settlement and are not represented by counsel, as identified in the exhibits to the Joint Filing of the Declaration of Matthew Garretson (Rec. Doc. 7989), unredacted copies of which were provided to the Clean-Up Responder Defendants following the Court's August 2, 2013 Order.  (Rec. Doc. 10920).  The PSC and Defense Liaison Counsel shall also commission Epiq Systems, Inc. to mail this Order and the above-mentioned accompanying notice to all plaintiffs that identified themselves as a B3 plaintiff in their Direct Filing Short Form and/or Plaintiff Profile Form filed pursuant to Pretrial Orders 24 and 25 (Rec. Docs. 982, 983).  Finally, to the extent practicable, the PSC shall email a

copy of this Order to known counsel of record for Plaintiffs who joined in the Amended B3 Master Complaint, filed an individual action against any Clean-Up Responder Defendant(s), and/or opted out of the Medical Benefits Settlement and may therefore be subject to this Order. This procedure is deemed sufficient to satisfy notice requirements for all Claimants with "B3" claims.

    New Orleans, Louisiana this __17th__ day of July, 2014.

_____
CARL J. BARBIER
United States District Judge