UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | : | MDL 2179 |
|         "DEEPWATER HORIZON" IN THE | : | |
|         GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

SUPPLEMENT TO MOTION OF THE SPECIAL MASTER
FOR RETURN OF PAYMENTS MADE TO JARROD A. BURRLE AND OTHERS

Special Master Louis J. Freeh provides this supplement to his motion to have claimant Jarrod A. Burrle return payments made by the Deepwater Horizon Economic Claims Center ("DHECC").  The Special Master supplements his motion as follows:

1.  On June 10, 2014, the Special Master filed a motion seeking to require Burrle to return money the DHECC paid on a seafood claim and to require professionals who assisted Burrle and benefitted from this unjustified payment to also return such payments.  The Andry Lerner law firm represented Burrle when his claim was filed and paid.

2.  On June 5, 2014, the Special Master asked Andry Lerner's counsel to provide a "settlement sheet" for Burrle's claim so the precise amounts paid to Burrle and the various professionals could be determined.  The Special Master repeated this request several times.

3.  On July 18, 2014, Andry Lerner's counsel produced the settlement sheet, indicating that over 70 percent of Burrle's DHECC claim payment was disbursed to law firms, forensic accountants and a litigation financing company.  *See* Exhibit A.

4.  The settlement sheet indicated that two law firms received referral fees from Burrle's claim.  The referral fees amounted to 40 percent of the attorney's fee received by the Andry Lerner firm on the claim.  *See* Reply of the Special Master in Responses to

Objections Filed by the Show Cause Parties at 26 (highlighting the unusual and concealed nature of a referral fee paid by the Andry Lerner firm to a former CAO employee on the Thonn claim, because the referral agreement provided a 50-50 split of attorney fees, while the Andry Lerner firm "**normally used a 60-40 split for referrals**").

5. On July 19, 2014, the Special Master requested a copy of the Andry Lerner referral agreements with the Palazzo Law Firm and David D. Bravo, APLC.

6. On July 19, 2014, the Special Master advised the Palazzo Law Firm and David D. Bravo, APLC, of the motion, and provided them a copy of the motion and supporting exhibits. The Special Master also provided the law firms with a copy of the Court's June 17, 2014 Order and April 29, 2014 Order & Reasons. The Special Master invited the firms to discuss repayment of the fees or to file an opposition brief by the July 25, 2014 deadline.

7. The Special Master advised the Palazzo Law Firm and David D. Bravo, APLC, that notice would be filed with the Court concerning the referral fee payments, and the fact that the Special Master would seek return of the payments from both firms.

8. For the reasons stated in the June 10, 2014 motion and upon information and belief, the Special Master seeks entry of a judgment against the following professionals in the following amounts:

| | |
|---|---|
| Andry Lerner, LLC | $ 7,502.38 |
| The Palazzo Law Firm | $ 2,500.80 |
| David D. Bravo, APLC | $ 2,500.79 |
| Woodbridge Baric | $ 20,000.00 |

An additional $2,693.33 was disbursed from the claim payment for forensic accounting fees, but these fees appear to have been paid pursuant to an hourly service contract rather than a contingency fee contract. See Apr. 29, 2014 Order & Reasons at 24-25 [Doc. Rec. 12794] (distinguishing restitution obligations of a real-party-in-interest paid under a

- 2 -

contingency fee contract compared to rights of a bona fide payee paid under an hourly services contract).

                                        Respectfully submitted,

                                        _____/s/  Louis J. Freeh_____
                                        Louis J. Freeh
                                        Special Master

Dated:  July 21, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing papers have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and that a copy of the foregoing have been served this   21st   day of     July     , 2014, by electronic mail, on the following:

Frank G. DeSalvo
Brigid E. Collins
Frank G. DeSalvo APLC
739 Baronne Street
New Orleans, LA 70113
*Attorneys for Jarrod A. Burrle*

Jarrod A. Burrle
152 Adema Lane
Port Sulpher, LA  70083
*Pro Se*

Lewis O. Unglesby
Lance C. Unglesby
Unglesby Law Firm
246 Napoleon Avenue
Baton Rouge, LA 70802
*Attorneys for Jon Andry*

Pauline F. Hardin
James E. Wright, III
Virginia W. Gundlach
Jones Walker LLP
201 St. Charles Ave. – 49th Floor
New Orleans, LA  70170

         and

William W. Taylor, III
Amit P. Mehta
Zuckerman Spaeder LLP
1800 M. Street, NW – Suite 1000
Washington, DC 20036-5807
*Attorneys for Glen J. Lerner*

Douglas S. Draper
Heller, Draper, Patrick & Horn, LLC
650 Poydras Street – Suite 2500
New Orleans, LA  70130
*Attorneys for Andry Lerner, LLC*

Vance B. Moore
Law Office of Hoffman & Moore, P.A.,
4403 W. Tradewinds Ave
Lauderdale by the Sea, Florida 33308
*Attorneys for Woodbridge Baric Pre-Settlement Funding, LLC*

David D. Bravo, Esq.
The Law Firm of David D. Bravo, APLC
610 Baronne St.
New Orleans, LA 70113

Leo J. Palazzo, Esq.
Jason Markey, Esq.
Mario A. Arteaga, Esq.
Palazzo Law Firm
732 Behrman Highway, Suite F
Gretna, LA  70056


/s/Louis J. Freeh
Louis J. Freeh