UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179<br><br>SECTION: "J" |
| This Document Applies to:<br><br>No. 12-970, Bon Secour Fisheries, Inc., et al.<br>v. BP Exploration & Production Inc., et al. | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

### RESPONSE OF ANDRY LERNER, LLC TO MOTION OF THE SPECIAL MASTER FOR RETURN OF PAYMENTS MADE TO JARROD A. BURRLE AND OTHERS

**NOW INTO COURT**, through undersigned counsel, comes Andry Lerner, LLC, ("Andry Lerner"), who respectfully submits this *Response of Andry Lerner, LLC to Motion of the Special Master for Return of Payments Made to Jarrod A. Burrle and Others* ("Response"). In support of this Response, Andry Lerner avers as follows:

### INTRODUCTION

Special Master Louis J. Freeh, filed: (i) *Motion for Return of Payments Made to Jarrod Burrle and Others* with attached *Memorandum in Support of Motion of the Special Master for Return of Payments Made to Jarrod A. Burrle and Others* [ECF # 13010]; and (ii) *Supplement to Motion of the Special Master for Return of Payments Made to Jarrod A. Burrle and Others* [ECF # 13163] (collectively, the "Motion"). In connection with that Motion, the Court required Andry Lerner and others to file a response to the Show Cause Order.

Andry Lerner asserts that the relief requested in the Motion by the Special Master cannot be granted based upon the following:

> 1) Notwithstanding the Courts Ruling in the Casey Thonn matter, it is the position of Andry Lerner that existing case law does not authorize the Court to

1

{00342373-4}

enter a judgment requiring Andry Lerner to return its earned fees in the absence of an express finding that Andry Lerner participated in the asserted fraudulent act. Andry Lerner believes that this Court in its Thonn ruling missed an important distinction between the case law cited by the Special Master and that cited by Andry Lerner. The distinction is that the cases relied upon by the Special Master all involved the law firms' clients seeking return of the funds. Andry Lerner has not been able to find any case where a defendant had the legal right to clawback the contingent fee paid to the plaintiff's counsel that was subsequently overturned. The Court in its Thonn ruling missed this distinction and incorrectly held Andry Lerner liable for return of its legal fees received. The Special Master has not asserted in the Motion that Andry Lerner participated in any fraudulent act. In this case, the 2008 tax return at issue was in fact reported and the income items in the 2010 revenue submission were in fact reported to the IRS by third parties. The fact that Burrle prepared and did not file a 2010 return is of no moment since the revenue on the 2010 unfiled return was reported to the IRS by third parties. There is no fraud committed in connection with the information contained in the 2010 return.

2) For the reasons set forth in its objection to the Thonn clawback motion, Andry Lerner asserts the Court must conduct an evidentiary hearing and find that Andry Lerner was a participant in the alleged fraud before a clawback of Andry Lerner fees can be ordered.

3) The Special Master, for the reasons set forth in the objections to the Courts Show Cause Order in connection with the Freeh report, cannot serve as both a fact finder and an advocate.

## BACKGROUND

The facts in connection with the Motion with respect to the documentation submitted in support of the claim are not in dispute. Andry Lerner received a legal fee of $12,503.96. The Special Master has recently been advised that Andry Lerner - out of the $12,503.96 - made two payments to referring counsel. The payments went to the following:

| | |
|---|---|
| The Palazzo Law Firm: | $2,500.80 |
| David D Bravo, APLC | $2,500.79 |

The Special Master is also correct in terms of the payment that was made to Woodbridge Baric Pre-Settlement Investments LLC in the amount of $20,000.00.

## THE 2008 TAX RETURN

The Special Master attached to the Motion the 2008 tax return[1] (See **Exhibit 1**, attached hereto) that was in fact filed by Burrle. A review of the return reveals that it was in fact prepared by a paid tax preparer. The Special Master has not produced any evidence that the return was not correct as filed or that the 2008 return was fraudulent. The mere fact that the return was not timely filed or that the taxes owed in connection with the return are unpaid do not rise to the level of badges of fraud. The Burrle tax issue does not rise to the level of the Thonn prepared and unfiled return because the Burrle 2008 tax return was in fact filed with the IRS.

## 2009 RETURN

It is clear that Burrle did not file a 2009 return. It is equally clear that Burrle did not submit a 2009 return in support of his BP claim. The income or lack thereof in 2009 was not a

---

[1] Exhibit D to the Special Master's memorandum in support is the 2008 Form 1040 dated January 4, 2011.

factor in the Burrle award. The affidavit of Christina Mancuso reflects that the award by the claims office was solely based upon income earned in 2008**.** (See **Exhibit 2**, attached hereto).

## 2010 INCOME

The Special Master, in support of his Motion, points to an unfiled 2010 return as some evidence of fraud in connection with the Burrle claim. The problem with the Special Master's position is that third parties reported to the IRS income that was received by Burrle in 2010 which matches the amounts shown on the 2010 unfiled return. (See **Exhibit 3** attached hereto – 2010 unfiled tax return and see **Exhibit 4** attached hereto – IRS 2010 transcript). The income issue in this case is different from the income issue in the Thonn case since the income reported by Burrle on the return and submitted to the claims office was in fact reported to the IRS by third parties in the form of 1099's and W2's. The Special Master has offered this Court no documentation to refute the materials submitted by third parties to the IRS as fraudulent.

## 2010 LETTERS TO PURCHASERS

The Special Master in its Motion raises issues with the 2010 letters to "alleged" purchasers of blue crabs. The letters do not substantiate any amount purchased by third parties in 2010 and could not serve as the basis for an income item since the letters do not identify any income.

## THONN RULING

Andry Lerner is mindful of the Court's ruling in the Thonn matter on the legal issue of whether legal authority exists to allow the Court to order a clawback of legal fees paid to contingent fee counsel. A review of the case, cited by the Special Master in Thonn and in this case, involve a client seeking a return of the paid fees from his counsel after an award has been overturned or disallowed due to fraud. The cases cited by Andry Lerner in Thonn namely (*See*,

*Martin v. Lehman*, 658 So.2d 119 (Fla 4th DCA 1995); *Wall v. Johnson*, 80 So.2d 362 (Fla 1995); and *Lay v. Continental Rehabilitation Resources*, 834 So.2d 1159 ( La. Ct. App. 4th Cir 2002); involve suits filed by defendants seeking return of the fees paid. In the cases cited by Andry Lerner, no judgment was rendered against the lawyer while in the cases cited by the Special Master the client was entitled to recover the fees paid. Inasmuch as this case does not involve Burrle seeking a return of the fees, the case law cited by the Special Master is not applicable.

Based upon the foregoing, the Court should deny the Motion of the Special Master or alternatively, only require the return of the fees actually paid and retained by Andry Lerner.

**WHEREFORE**, Andry Lerner, LLC respectfully seeks, based on the foregoing, an order from this Court denying the: (i) *Motion for Return of Payments Made to Jarrod Burrle and Others* with attached *Memorandum in Support of Motion of the Special Master for Return of Payments Made to Jarrod A. Burrle and Others* [ECF # 13010]; and (ii) *Supplement to Motion of the Special Master for Return of Payments Made to Jarrod A. Burrle and Others* [ECF # 13163] or, in the alternative, only require the return of the fees actually paid and retained by Andry Lerner, LLC.

New Orleans, Louisiana this 25th day of July 2014.

          Respectfully submitted:

          By: */s/Douglas S. Draper*
          Douglas S. Draper (La. Bar #5073)
          Heller, Draper, Patrick, Horn, & Dabney LLC
          650 Poydras Street, Suite 2500
          New Orleans, LA 70130
          Telephone: (504) 299-3300
          Facsimile: (504)299-3399
          ddraper@hellerdraper.com