IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: Oil Spill by the Oil Rig) <br> "Deepwater Horizon" ) <br> In the Gulf of Mexico. ) <br> On April 20, 2010 ) | | MDL 2179 <br> SECTION J |
| This document relates to: ) <br> No. 12-970, Bon Secour ) <br> Fisheries, Inc., et al v. BP ) <br> ) <br> And All Actions ) | | JUDGE BARBIER <br><br> MAG. JUDGE SHUSHAN <br><br> **ORAL ARGUMENT REQUESTED** |

**MOTION FOR RELIEF FROM ORDER AND LEAVE TO FILE**
**AND**
**MOTION TO CONFIRM ARBITRATION AWARDS AND ORDER PAYMENT**

COME NOW the Plaintiffs-Movants, separately and jointly, and respectfully pray the Court to grant relief from the order of March 26, 2014, (Doc. 12594) and to accept this motion to confirm the arbitrators' Awards set out herein and, further, to order the Claims Administrator to pay the Award Amount to each respective Plaintiff in accordance with the Federal Arbitration Act, (FAA), and the Deepwater Horizon Economic And Property Damages Settlement Agreement As Amended On May 2, 2012, (Settlement Agreement).[1] This motion is based on the facts set out herein, the supporting Exhibits, the Settlement Agreement, the FAA and applicable law, to-wit:

1.  The Plaintiffs-Movants are Claimants who each received an arbitrators' award on the following dates and in the amounts set out as:

    a. Claimant 100118906, Total Award Amount $576,473.21, rendered September 25, 2013
    b. Claimant 100002435, Award Amount $172,317.19, rendered September 23, 2013
    c. Claimant 100108968, Award Amount $536,563.22, rendered September 30, 2013

---

[1] The Federal Rules of Civil Procedure explain that motions are requests for a court order. *See*, Fed. R. Civ. Pro., Rule 7(b)(1). Mindful of this Court's prior Order (Doc. 12594), Movants pray the Court to consider that they are confronted with a statute of limitations in 9 USC §9 that takes effect on July 31, 2014 for one Claimant and shortly thereafter for others. If this motion had not been filed, Movants are concerned that the one year statute of limitations would bar consideration at a later date.

1

    d. Claimant 100085956, Award Amount $37,175.71, rendered September 30, 2013
    e. Claimant 100002391, Award Amount $122,410.71, rendered July 29, 2013
    f. Claimant 100002383, Award Amount $189,242.08, rendered October 2, 2013
    g. Claimant 100146954, Award Amount $494,364.18, rendered October 1, 2013

For purposes of this motion and in the supporting brief, the terms "Plaintiffs", "Movants" and "Claimants" will refer to the Claimants identified above unless specified otherwise.

2. On March 26, 2014, the Court issued an order, which denied confirmation of an arbitration award and included the statement, "Any Claimants seeking similar relief shall refrain from filing such motions." (Doc. 12594).

3. The Order of March 26, 2014 is presently pending on appeal before the United States Fifth Circuit Court of Appeals, Case No. 14-30398. Appellant's Brief was timely filed with the Fifth Circuit on July 21, 2014. (Doc. 00512704599).

4. Plaintiffs do not wish to burden the Court. However, Plaintiffs are confronted with a one-year statute of limitations established in Section 9 of the Federal Arbitration Act (FAA) that will bar confirmation if the present motion is filed after July 31, 2014. See, FIA Card Services, NA v. Gachiengu, 571 F.Supp.2d 799, 804 (SD Tex. 2008), citing, Bernstein Seawell & Kove v. Bosarge, 813 F.2d 726, 731 (5th Cir. 1987). As stated in FIA Card Services:

> "The Second Circuit's conclusion is supported by the language of *section 9* of the FAA. As the Second Circuit pointed out, the word "may" in *section 9* can be read to reflect a party's discretion as to whether to apply to the court for an order confirming the award. **If a party does file such a motion, it must do so within one year after the award is made. '[W]e read the word 'may' in *section 9* as permissive, but only within the scope of the preceding adverbial phrase: '[a]t any time within one year after the award is made.' We therefore hold that *section 9* of the FAA imposes a one-year statute of limitations on the filing of a motion to confirm an arbitration award under the FAA.'** *335 F.3d at 158*. This result advances the important value of finality. *Id.* **The Fifth Circuit has apparently adopted this approach, although without any discussion. The Fifth Circuit has stated that *section 9* requires that a motion to confirm an arbitration award be filed within one year after the award is made.** *See Bernstein Seawell & Kove v. Bosarge, 813 F.2d 726, 731 (1987)* (stating that

2

"[t]he complaint to enforce the arbitration award was filed within one year as required by 9 U.S.C. § 9.") (emphasis added).

571 F.Supp.2d at 804. The Bernstein Court addressed FAA §9's one year requirement by noting, "The complaint to enforce the arbitration award was filed within one year as required by 9 U.S.C. § 9." 813 F.2d at 731.

5. Plaintiffs submit that there is no likelihood of a resolution of the appeal of Case No. 14-30398 before July 31, 2014. If Plaintiffs await a decision by the Fifth Circuit, the time for filing a motion to confirm the Awards will expire. In such event, Plaintiffs will suffer great and irreparable injury by the foreclosure of their federally provided statutory right to seek confirmation of the awards as allowed by the Federal Arbitration Act with no opportunity to address the merits of their respective claims.

6. Allowing this motion to confirm the arbitration awards is consistent with the "national policy favoring arbitration" and the federal law supporting and encouraging arbitration as a means of dispute resolution in accordance with the Federal Arbitration Act, 9 U.S.C. §1 et. seq. See, Nitro-Lift Techs., LLC v. Howard, 133 S. Ct. 500, 502, 184 L. Ed. 2d 328, 331 (2012).

7. The filing of this motion to confirm arbitration awards does not harm or prejudice BP Exploration & Production, Inc. or BP America Production Company, (jointly referred to as "BP" or "BP Parties"). Alternatively, any potential harm may be fully alleviated by the Court accepting the motion to confirm but suspending any requirement of an answer or any decision thereof until the Fifth Circuit issues its decision in Case No. 14-30398.

8. For reasons stated herein and in the supporting brief, Plaintiffs submit that each of them has a high likelihood of success on the merits.

9. The Court has jurisdiction over this matter, which arises under the Settlement Agreement, including enforcement of awards and the payment thereof. See, Settlement Agreement, Section 18.1.

10. The Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*, also provides for expedited judicial review of a motion to confirm an arbitration award. See, Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 578, 128 S. Ct. 1396, 1400, 170 L. Ed. 2d 254 (2008); Grant v. Houser, 469 Fed. Appx. 310, 315 (5th Cir. 2012); Trustees Of Empire State Carpenters Annuity v. Lynnview Construction Corp., 2013 U.S. Dist. LEXIS *13-14 (E.D.N.Y. 2013); Gerardo Gerson and Rivadavia, S.A. v. UBS Financial Services, Inc., 2012 U.S. Dist. LEXIS 128128 *6 (S.D. Fla. 2012).

11. Plaintiffs are corporate entities located in Alabama and each presented claims for compensation under the terms of the Settlement Agreement.

12. BP Parties were party to an arbitration agreement under Section 6 of the Settlement Agreement. See, Settlement Agreement, Section 6.1.2.4 and attached Brief in Support of Motion.

13. The Honorable Patrick Juneau is the Claims Administrator under terms of the Settlement Agreement and the holder of funds subject to the arbitration. See, Settlement Agreement, Section 4.2.1.

14. Each Claimant initiated a claim under the Settlement Program administered by the Claims Administrator pursuant to the Settlement Agreement. In each case, the Claims Administrator issued an Eligibility Notice, which determined that each respective Claimant qualified for payment and set an Award Amount.

15. BP filed a Notice of Appeal as to the Award determination of the Claims Administrator for each Claimant; thereby initiating the arbitration procedure established in Section 6 of the Settlement Agreement.

16. In each separate arbitration, both BP and the respective Claimant actively participated, without objection, before an impartial single-member decision maker, the "Appeal Panel", in the manner set out in the Settlement Agreement and applicable rules governing the procedures to be followed by the parties in arbitration.

17. In each separate arbitration, the arbitrator issued a Panel Decision, which constituted the arbitration award. Said decision established that each Claimant was entitled to recover and set the Compensation Amount and applicable Risk Transfer Premium, (RTP).

18. The Claims Administrator issued a Post-Appeal Eligibility Notice for each of the Claimants setting out the Post-Appeal Compensation Amount for each.

19. BP sought Discretionary Review with respect to only Claimants 100118906 and 100002435. BP filed no Request for Discretionary Review with respect to the other Claimants

20. BP did not file a motion to vacate, modify or correct any of the Claimants' awards within the three month statute of limitations established by 9 U.S.C. §12 and related case law.

21. The arbitrator's award is final, binding on the parties and is due to be confirmed and paid.

22. Pursuant to Court's Pre-Trial Order (Doc. 569), counsel for Plaintiffs have submitted this motion and supporting briefs to Liaison Counsel for the Plaintiffs' Steering Committee who took no formal position on its filing including expressing no objection thereto.

**WHEREFORE**, Claimants pray the Court to accept this motion to confirm and allow its consideration by the Court and, pursuant to the Federal Arbitration Act, to grant orders of

confirmation for the arbitrators' awards in favor of each Claimant. Further, Claimants prays the Court to direct the Claims Administrator to perform his ministerial duty to proceed with payment of the Post-Appeal Compensation Amount for each Claimant as stated in said Claimant's Post-Appeal Eligibility Notices. Alternatively, Claimants pray the Court to accept this motion to confirm but to suspend the requirement of answer or any decision on the merits of the motion until the Fifth Circuit issues its decision in Case No. 14-30398.

RESPECTFULLY SUBMITTED,

s/Elias J. Saad
Elias J. SAAD (AL86145I)
ejsaad@ejsaadlaw.com

s/Matthew Andrews
MATTHEW ANDREWS (AL167247)
mandrews@ejsaadlaw.com
ATTORNEYS FOR CLAIMANTS 100118906, 100002435, 100108968, 100085956, 100002391, 100002383, 100146954.

OF COUNSEL:
E. J. SAAD LAW FIRM
6207 COTTAGE HILL ROAD, SUITE G
MOBILE, ALABAMA 36609
Phone: 251-660-0888
Fax: 251-660-0777