EXHIBIT 25

**RESPONSE AND FINAL PROPOSAL OF
███████████████████████████████, INC.**

████████████████████████████████████████████ respectfully submits this Final Offer and Response to BP Exploration & Production, Inc.'s, (BP), Initial Offer with regard to Claimant No. 100002435. ████████ specifically disagrees with BP's arguments regarding whether the Claims Administrator misclassified some of ████ ██████'s expenses and the arguments presented regarding the "Matching" and "Smoothing" issues addressed in the Court's Orders of March 5, April 5 and April 9.

**I.   Classifications of Expenses**

The BP Parties' Initial Brief suggests that the Claims Administrator misclassified certain expenses. (BP Brief at 1). Within the Settlement Agreement, the Claims Administrator is directed and empowered to use his discretion to request source documentation from the Claimant. Under the Approved Policies, Accountant Reviewer's, as employed by the Claims Administrator, "have the ability to reclassify the categorization of an account (regardless of impact to type – fixed/variable) as seen on the claimant's P&L to ensure that the true nature of the account is reflected properly within the business economic loss calculation." (Policy ID 361). These are discretionary acts, and while the initial standard of review on Appeal is "De Novo," (Doc. 6279-1 at 60), where the challenged decision arises from the Claim Administrator's discretionary act, the standard of review is not entirely de novo.

Even where review is de novo, if the Claim Administrator's Award rests on his discretionary decisions, the propriety of those discretionary decisions is reviewed under an abuse of discretion standard. Based on Fifth Circuit case law, a reviewer should apply a de novo standard to those portions of the decision not involving discretion, but an abuse

of discretion standard to the Claim Administrator's discretionary decisions. Hebert v. Rodriguez, 430 Fed. Appx. 253, 255 (5th Cir. 2011) (district court's factual findings reviewed under the abuse of discretion standard, while legal conclusions reviewed under "de novo" standard); Becker v. Tidewater, Inc., 586 F.3d 358, 367, 369 (5th Cir. 2009) (under maritime law, trial court's discretionary evidentiary rulings are review under abuse of discretion standard, while contract interpretation reviewed de novo); Cardinal Servs. v. Omega Protein Inc., 304 Fed. Appx. 247, 251, 255 (5th Cir. 2008) (maritime law reviews discretionary evidentiary rulings for abuse of discretion, while questions of law are reviewed de novo).  Because the Settlement Agreement is governed by General Maritime Law, the Fifth Circuit's standard of review for discretionary decisions is obligatory. (Settlement Agreement at §36.1).

An administrator's discretionary decision will be overruled by a court under the abuse of discretion standard only if the administrator acted arbitrarily or capriciously. See, Meditrust Financial Serv. Corp. v. Alcorn, 168 F.3d 211 (5th Cir. 1999) ("arbitrary and capricious standard for review of plan administrator's decision"); Wildbur v. Arco Chem Co., 974 F.2d 631, 637 (5th Cir. 1992) (if plan grants discretion to administrator, his discretionary decisions reviewed under abuse of discretion standard, administrator's legal decisions reviewed under de novo standard); Phillips v. Maritime Ass'n – I.L.A. Local Pension Plan, 194 F. Supp. 2d 549, 554 (E.D. Tex. 2001) (administrator's discretionary decisions reviewed under abuse of discretion standard).

Furthermore, under Section 4.3.8 of the Settlement Agreement, the Claims Administrator and his Vendors are instructed to evaluate the Claimant's supporting

2

documents and claim forms:

> "under the terms in the Economic Damage Claim Process to produce the greatest ECONOMIC DAMAGE COMPENSATION AMOUNT that such information and supporting documentation allows under the terms of the ECONOMIC DAMAGE CLAIM FRAMEWORK."

(Doc. 6430-1 at 22). In essence if a Claimant's claim documentation can be seen in two lights, the more favorable one should be used to calculate the claim. BP agreed to this by agreeing to the Settlement Agreement, but through this appeal BP seeks to undue that promise. The Claims Administrator, using his and his Vendor's judgment, has evaluated and accurately determined the nature of the appealed expenses. BP's appeal and its arguments violate the Settlement Agreement, specifically Section 4.3.8; as such, they should be rejected, and the Claimant's award affirmed.

Exhibit 4D of the Settlement Agreement, (Exhibit 4D), specifically lists several categories of expenses and corresponding classifications, either "Fixed" or "Variable," that were agreed upon by BP and Class Counsel in the formation of the Settlement Agreement. (Doc. ID 6430-11). The Claims Administrator has given authority to Accountant Reviewers to employ their discretion in determining whether certain expenses are to be classified as "Fixed" or "Variable" when reviewing non-conforming descriptions of an expense on a claimant's Monthly P&L. (Pol-361).

### A. B&B's "Contributions" Expense Account includes some "Dues/ Subscriptions."

The BP Parties' initial memorandum suggests that the Claims Administrator misclassified at least part of B&B's expense account "Contributions." (BP Parties Brief at 2). On March 20, 2013, one of the Claims Administrator's Vendors requested

3

supporting documentation for ▮▮▮▮▮ Contributions Expense Account. (Doc. ID 9126663). In response, ▮▮▮▮▮ provided documentary support showing that $5,000.00 of ▮▮▮▮▮ Contributions account was dues to a Hunting Club. (Doc. ID 10654469). Exhibit 4D identifies "Dues and Subscriptions" as a "Fixed" expense. (Doc. ID 6430-11). B&B's $5,000.00 dues payment to the Big Horn Hunting Club falls within this category. Upon review of these specific categories of expenses, ▮▮▮▮▮ recalculated its claim with the dues payment more accurately included. BP is incorrect with regard to the effect this reclassification has on the Compensation Amount. With all expenses properly classified, the resulting calculation yields a Pre-RTP Compensation Amount of $131,143.32, with an RTP amount of $32,785.83, resulting in a total claim amount of $166,540.02. ▮▮▮▮▮ is not requesting the increased Compensation Amount; ▮▮▮▮▮ requests the Panelist reconfirm the Claims Administrator's Eligibility Notice and Pre-RTP Compensation Amount of $130,543.32.

### B. The Claims Administrator Correctly Classified B&B's "Miscellaneous" Expense Account.

▮▮▮▮▮ complied with the documentation requirements set forth in Exhibit 4A of the Settlement Agreement. (Doc. ID 6430-8). ▮▮▮▮▮ provided its Registration Form, Claim Form, Federal Tax Returns, Monthly Profit and Loss Reports, Articles of Organization and all other documents required by the Settlement Agreement. (Doc. File ID 72994, 16171233, 17408748). The Accountant Reviewer, acting at the direction of the Claims Administrator, contacted ▮▮▮▮▮ regarding additional claim documentation on August 23, 2012, September 17, 2012, September 23, 2012,

4

November 9, 2012 and March 20, 2013. (Doc. ID 3740726, 4445429, 4688914, 6211755, 9126663). ▓▓▓▓▓▓▓▓ provided the requested additional source documentation on September 6, 2012, September 21, 2012, October 9, 2012, October 10, 2012, December 10, 2012 and June 10, 2013. (Doc. File ID 16586667, 16796811, 16929353, 16939547, 17408721, 17408733, 17408738, 17408743, 17408748, 17408762, 17408766, 18760970, 18760972, 18760977). Based on this additional documentation and the documents submitted with the original claim, the Claims Administrator determined that ▓▓▓▓ ▓▓▓▓▓▓ had satisfied the claim documentation requirements as set forth in the Settlement Agreement, appropriately categorized revenue, payroll and expense line items, and calculated the claim. This included the expense line item "Miscellaneous" which under Exhibit 4D of the Settlement Agreement is clearly categorized as a "Fixed" expense.

BP, using pure conjecture, argues that the Claims Administrator committed error because in its view, the Claims Administrator "should have obtained additional data" regarding ▓▓▓▓▓▓▓▓▓ "Miscellaneous" expense account. (Doc. ID 11821058 at 3). This statement is at odds with the settlement agreement. "All statements made in and documents submitted with the Claim Form may be verified **as judged necessary by the Claims Administrator**." (emphasis added). (Doc. ID 6430-8). The Claims Administrator made numerous requests for additional source documentation and information which were pertinent to the calculation of the claim. (Doc. ID 3740726, 4445429, 4688914). The Claims Administrator performed a diligent and thorough review of the Claim. ▓▓▓▓▓▓▓▓ provided complete and accurate responses to all

5

requests for additional documentation. The Claim Administrator's investigation and analysis were appropriately performed. BP has not shown an abuse of discretion by the Claims Administrator, its argument on this issue should be disregarded and the full award for ███████ confirmed by the Appeal Panelist.

## II. Adoption of Prior Arguments Regarding the "Matching" and "Smoothing" Issues and the Court's Orders of March 5, April 5 and April 9.

███████ adopts its prior facts and arguments as presented in its Initial Offer and Supporting Brief. (Doc. ID 11818412). ███████ also directs the Appeal Panelist to footnote 1 of BP's Initial Brief which acknowledges that the second issue presented by BP in its Appeal is "governed by the Court's prior Orders" of March 5, April 5 and April 9 and therefore should be denied. (Doc. ID 11821058 at 1).

## CONCLUSION

For the reasons stated herein and in its prior Brief, ███████ asks the Appeal Panelist to issue a finding that the basis of BP's Appeal is unfounded, that ███████ has complied with the terms of the Settlement Agreement, and that a Compensation Amount of $130,543.32 with a RTP Multiplier of 0.25 is the appropriate award. Such a result is in keeping with the terms, methods and formulae established by the Settlement Agreement. ███████ further requests that the Appeal Panel confirm that the $2,610.87 reimbursable accounting support determined by the Claim Administrator is appropriate. The Award granted by the Claim Administrator should be upheld.

s/E. J. Saad
E. J. Saad

6

                                                      s/Matthew Andrews  
                                                      Matthew I. D. Andrews  
                                                      Attorneys for Appellee/Respondent,  
                                                      ███████████ ███████████, Inc.

OF COUNSEL:

E. J. SAAD LAW FIRM  
6207 Cottage Hill Road, Suite G  
Mobile, Alabama 36609  
Telephone (251) 660-0888  
Fax: (251) 660-0777  
ejsaad@ejsaadlaw.com  
mandrews@ejsaadlaw.com

7

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above and foregoing Brief has been served on the following named persons by electronic filing on this 26th day of August, 2013:

Richard C. Godfrey, Esq.
Kirkland & Ellis, LLP
300 North LaSalle Blvd.
Chicago, Illinois 60654


R. Keith Jarrett, Esq.
Liskow & Lewis
Suite 500
One Shell Square
701 Poydras Street
New Orleans, Louisiana 70113


              /s/ Matthew Andrews
              Matthew I. D. Andrews