EXHIBIT 65

BP'S FINAL PROPOSAL REGARDING CLAIM NO. 35894

On June 19, 2013, BP Exploration & Production Inc. ("BP") filed its Initial Proposal with regard to Claim No. 35894 ███████████████████. To the extent the issues addressed in that filing are governed by the Court's prior Orders, those issues are appealed solely for the purpose of preserving further appeal rights. BP respectfully refers the Appeals Panel to its April 8, 2013 Statement of Position.

BP respectfully refers the Appeals Panel to its Initial Proposal for a discussion of the issues in this appeal, and it hereby supplements that filing with the following response to Claimant's Initial Proposal:

Claimant erroneously suggests that remand is not appropriate here. Under Rule 17(d)(5), remand is appropriate because "the information in the record is not sufficient to support" the Claimant's position. *See* Rules Governing the Appeals Process, Rule 17(d)(5). To the extent the Claimant disagrees that payroll expenses should not be reclassified, the documentation in the record is not sufficient to support the current classification of Claimant's payroll expenses. The overstatement of Claimant's 2008 Owner/Officer Compensation due to an error regarding the classification of employee compensation and the misclassification of Payroll expense accounts resulted in financial data that was unreliable for use by the Settlement Program. Per Claimant's accountant, Claimant's 2008 Owner/Officer Compensation was overstated due to an error regarding the classification of employee compensation. *See* Correspondence from Expert (Doc ID # 7687448).[1] Despite the fact that he was not a shareholder, Michael T. Byrd's compensation was erroneously classified as officer compensation, rather than as "Salaries and Wages," a

---

[1] Claimant's argues in its Final Proposal that this information was corrected utilized by the Settlement Program, however, the Settlement Program did not properly classify this account despite Claimant's identifying the overstatement of compensation.

1

payroll expense *See id*.; Settlement Agreement, Ex. 4C at 1.  Additionally, the Settlement Program misclassified Claimant's "Payroll Tax- Officers" expense account as "Overtime Wages-Payroll" rather than as "Owners/Officer Salaries (Fixed)."[2]

As the Settlement Agreement provides a specific methodology for allocating between fixed, variable, and "Payroll" expenses, in order to properly apply the methodology and perform an accurate calculation, Claimant's various payroll expenses must be classified properly.  Settlement Agreement Ex. 4C, 4D.  Therefore, the information in the record is not sufficient to support the Claimant's position making remand appropriate for this Claim.  Here, BP filed this appeal because the Settlement Program erred in its calculation of the Claimant's Award Amount.  The Settlement Program should have properly classified Claimant's expenses to determine Claimant's proper Compensation Amount.

For the reasons provided herein and in its Initial Proposal, BP recommends that this claim be remanded to the Settlement Program with instructions to obtain accurate data from Claimant and to perform a proper calculation.  If, however, it is determined that a remand is not appropriate in this situation, BP submits a Final Proposal of $0.

---

[2] Claimant's Final Proposal argues that correction of this misclassification actually increases the Compensation Amount.  However, in order to properly apply the Settlement Agreement's payroll methodology and perform an accurate calculation, all of Claimant's various payroll expenses must be classified properly.  When both misclassifications are corrected, the Claimant's Compensation Amount is reduced by approximately $14,470 pre-RTP ($18,087 post-RTP).