EXHIBIT 81

## RESPONSE AND FINAL PROPOSAL OF ██████████████

██████████████████████████), respectfully submits this Final Offer and Response to BP Exploration & Production, Inc.'s, (BP), Initial Offer with regard to Claimant No. 100002383. ████████████ specifically disagrees with BP's arguments regarding whether the Claims Administrator performed an adequate review of ████████████ financial documents, whether the Claims Administrator misclassified one of ████████████ expenses and the arguments presented regarding the "Matching" and "Smoothing" issues addressed in the Court's Orders of March 5, April 5 and April 9.

**I.    The Claims Administrator's Inquiry into the books and records of ████████ ████████ was Diligent and Thorough, and the Classifications of Expenses are Correct.**

The BP Parties' Initial Brief suggests that the Claims Administrator failed to request additional source documentation and misclassified one of ████████████ expenses. (BP Brief at 2, 3).  Within the Settlement Agreement, the Claims Administrator is directed and empowered to use his discretion to request source documentation from the Claimant and under the Approved Policies, Accountant Reviewer's, as employed by the Claims Administrator, "will use discretion to apply the classification that best conforms to delineations made by the Parties, as reflected in Ex. 4D." (Policy ID 361).  These are discretionary acts, and while the initial standard of review on Appeal is "De Novo," (Doc. 6279-1 at 60), where the challenged decision arises from the Claim Administrator's discretionary act, the standard of review is abuse of discretion.

Even where review is de novo, if the Claim Administrator's Award rests on his discretionary decisions, the propriety of those discretionary decisions is reviewed under an abuse of discretion standard.  Based on Fifth Circuit case law, a reviewer should apply a de novo standard to those portions of the decision not involving discretion, but an abuse of discretion standard to the Claim Administrator's discretionary decisions. Hebert v. Rodriguez, 430 Fed. Appx. 253, 255 (5th Cir. 2011) (district court's factual findings reviewed under the abuse of discretion standard, while legal conclusions reviewed under "de novo" standard); Becker v. Tidewater, Inc., 586 F.3d 358, 367, 369 (5th Cir. 2009) (under maritime law, trial court's discretionary evidentiary rulings are review under abuse of discretion standard, while contract interpretation reviewed de novo); Cardinal Servs. v. Omega Protein Inc., 304 Fed. Appx. 247, 251, 255 (5th Cir. 2008) (maritime law reviews discretionary evidentiary rulings for abuse of discretion, while questions of law are reviewed de novo).  Because the Settlement Agreement is governed by General Maritime Law, the Fifth Circuit's standard of review for discretionary decisions is obligatory. (Settlement Agreement at §36.1).

An administrator's discretionary decision will be overruled by a court under the abuse of discretion standard only if the administrator acted arbitrarily or capriciously. See, Meditrust Financial Serv. Corp. v. Alcorn, 168 F.3d 211 (5th Cir. 1999) ("arbitrary and capricious standard for review of plan administrator's decision"); Wildbur v. Arco Chem Co., 974 F.2d 631, 637 (5th Cir. 1992) (if plan grants discretion to administrator, his discretionary decisions reviewed under abuse of discretion standard, administrator's legal decisions reviewed under de novo standard); Phillips v. Maritime Ass'n – I.L.A.

Local Pension Plan, 194 F. Supp. 2d 549, 554 (E.D. Tex. 2001) (administrator's discretionary decisions reviewed under abuse of discretion standard).

Furthermore, under Section 4.3.8 of the Settlement Agreement, the Claims Administrator and his Vendors are instructed to evaluate the Claimant's supporting documents and claim forms:

> "under the terms in the Economic Damage Claim Process to produce the greatest ECONOMIC DAMAGE COMPENSATION AMOUNT that such information and supporting documentation allows under the terms of the ECONOMIC DAMAGE CLAIM FRAMEWORK."

(Doc. 6430-1 at 22).  In essence if a Claimant's claim documentation can be seen in two lights, the more favorable one should be used to calculate the claim.  BP agreed to this by agreeing to the Settlement Agreement, but through this appeal BP seeks to undue that promise. (Doc. ID 11532416 at 1 #6).  BP's appeal and its arguments violate the Settlement Agreement, specifically Section 4.3.8; as such, they should be rejected, and the Claimant's award affirmed.

**A.    The Claims Administrator's Determination that ██████████ P&Ls Reconcile to its Tax Returns Was Correct.**

In its Initial Brief, BP expresses its confusion regarding the causes of any variance between ██████████ P&Ls and Federal Tax Returns. (Doc. ID 12005301 at 2). The Claims Administrator observed this difference and investigated by requesting additional documentation on December 3, 2012 and May 6, 2013. (Doc. ID 6758458, 10019956).  On May 6, 2013 ██████████ provided to the Claims Administrator's Vendors the Reconciliation from Books to Tax Returns referenced in the Vendors' Calculation Notes. (Doc. ID 10019929).  Upon review of the information, the Claims

Administrator expressed his understanding of the variance and stated so in the claim
notes as follows:

> "The financial statements provided have adjusting entries in each
> year of December due to the P&L's being on an Accrual accounting
> method.
>
>       *         *         *         *         *
>
> "Claimant provided an excel document which reconciles Gross
> Receipt and Net Income variances for 2008 - 2010. The majority of the
> variances are due to Accrual to Cash adjustments. Reference Doc.
> 10019962 and Doc. 10711802, pg. 1 for further detail. In addition, an
> Appendix labeled "Tax Reconciliation Appendix" has been provided in the
> workbook."

(Doc. ID 11532416 at 1, ## 4, 6).

BP is incorrect where it suggests that the use of an "UNIDENTIFIED
VARIATIONS" account in the reconciliation should have required further requests for
source documentation by the Claims Administrator. (Doc. ID 12005301).  On April 10,
2013, however, the Claims Administrator's Vendors actually requested additional
documentation of the very expense items for which unidentified variations exist. (Doc. ID
9574912). ▮▮▮▮▮▮▮▮▮▮▮ provided additional claim documentation for these
expenses that very day.  (Doc. ID 9574912, 9574890, 9576222).  BP's argument is also at
odds with the settlement agreement.  As part of the claim documentation methodology,
the Claim Administrator compares claimants' Monthly P&L Reports (book records) to
the claimants' Federal Tax Returns for the years 2007 through 2011.  When the P&L
Reports do not exactly match the Federal Tax Returns, the differences are unidentified
variations.   When these unidentified variations are very small compared to gross

revenues, as is the case for ███████████, then their existence does not raise the specter of error.

BP misunderstands the origin and the role of the Adjusted Journal Entries found in the column, "BOOK AJES," in the Reconciliation submitted by ███████████ on May 6, 2013.  (Doc. ID 12005301 at 2, 3).  The Adjusted Journal Entries are created at year end as a part of the process by which the Federal Tax Returns are prepared.  These adjustments are made on an annual basis only, not on a monthly basis.  Exhibit 4A of the Settlement Agreement sets forth the documentation requirements for Business Economic Loss Claims.  (Doc. 3430-8).  Exhibit 4A is clear that the documents that are required are "contemporaneously created" documents and "source" documents.  Id. at 2, 3.  Exhibit 4A does not require a Claimant to produce audited financial statements.  The Claims Administrator calculated the ███████████ Economic Damage Compensation Award using the original, contemporaneously created financial statements.

In addition to the reconciliation, ███████████ also provided additional financial statements, business records, including ███████████ General Ledger, and breakouts of owner compensation and taxes. (Doc. ID 8115980, 8116044, 8116071, 10019962, 10657057, 10657061, 10711785).  Based on this additional documentary support, the Claims Administrator determined in his discretion that there were no material discrepancies between the amounts reflected in ███████████ Monthly P&L Reports and its Federal Tax Returns.  BP has not shown an abuse of discretion by the Claims Administrator, its argument on this issue should be disregarded and the full award for ███████████ confirmed by the Appeal Panelist.

5

**B.     The Claims Administrator's Classifications of** ██████████
**Expenses were Correct.**

The Claims Administrator, using his and his Vendor's judgment, has evaluated and accurately determined the nature of the appealed expenses.  The Settlement Agreement states that "the parties have agreed to a defined list of fixed and variable expenses as reflected in Attachment A." (Doc. 6430-10 at 2).  Exhibit 4D Attachment A of the Settlement Agreement, (Exhibit 4D), specifically lists several categories of expenses and corresponding classifications, either "Fixed" or "Variable," that were the subject to agreement between BP and Claimants' Counsel in the formation of the Settlement Agreement. (Doc. ID 6430-11).  The Claims Administrator's Approved Policy states that:

> "If an expense does not fit the description of the Variable or Fixed expense categories in Exhibit 4D Attachment A, the accountants will use discretion to apply the classification that best conforms to delineations made by the Parties, as reflected in Ex. 4D."

(Pol-361).

Exhibit 4D identifies "Licenses And Taxes" as a fixed expense. (Doc. ID 3460-11).  The Claims Administrator classified ██████████ expense account, "Licenses And Permits," as "Licenses And Taxes." (Doc. ID 11532436).   In BP's memorandum, BP argues the Claims Administrator's classification is in error. (Doc. ID 12005301 at 3).  The Vendors employed by the Claims Administrator are directed to "use discretion to apply the classification that best conforms to delineations made by the Parties, as reflected in Ex. 4D." (Pol-361).  ██████████ provided documentary evidence of the licenses, the payment for which is recorded in the account "Licenses and

Permits." (Exhibit A).   These include annual licenses from the State of Alabama Electrical Contractors Board, State of Mississippi State Board of Contractors, State of Alabama Business Licenses, State of Mississippi Business Licenses, City of Mobile Business License, City of Saraland Business License, City of Foley Business License, City of Bayou La Batre Business License, City of Prichard Business License, Town of Grove Hill Business License. (Exhibit A).  ███████████████ account "Licenses and Permits" fits neatly within the category "Licenses and Taxes" classification on Exhibit 4D and the substantive documentary evidence is consistent with the expense being fixed in nature. (Doc. 6430-11; Exhibit A).

BP has not shown that there was error or an abuse of discretion by the Claims Administrator in making this classification, its argument on this issue should be disregarded and the full award for ███████████████ confirmed by the Appeal Panelist.

## II.  Adoption of Prior Arguments Regarding the "Matching" and "Smoothing" Issues and the Court's Orders of March 5, April 5 and April 9.

███████████████ adopts its prior facts and arguments as presented in its Initial Offer and Supporting Brief. (Doc. ID 12001788). ███████████████ also directs the Appeal Panelist to footnote 2 of BP's Initial Brief which acknowledges that the Third issue presented by BP in its Appeal is "governed by the Court's prior Orders" of March 5, April 5 and April 9 and therefore should be denied. (Doc. ID 12005301).

## CONCLUSION

For the reasons stated herein and in its prior brief, ███████████████ asks the Appeal Panelist to issue a finding that the basis of BP's Appeal is unfounded, that

7

███████████████ has complied with the terms of the Settlement Agreement, and that a

Compensation Amount of $143,955.45 with a RTP Multiplier of 0.25 is the appropriate

award.  Such a result is in keeping with the terms, methods and formulae established by

the Settlement Agreement.  ████████████ further requests that the Appeal Panel

confirm that the reimbursable accounting support determined by the Claim Administrator

is appropriate.  The Award granted by the Claim Administrator should be upheld.


                              s/E. J. Saad
                              E. J. Saad

                              s/Matthew Andrews
                              Matthew I. D. Andrews
                              Attorneys for Appellee/Respondent,
                              ██████████████████████

OF COUNSEL:

E. J. SAAD LAW FIRM
6207 Cottage Hill Road, Suite G
Mobile, Alabama  36609
Telephone (251) 660-0888
Fax:  (251) 660-0777
ejsaad@ejsaadlaw.com
mandrews@ejsaadlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing Brief has been served on

the following named persons by electronic filing on this 6th day of September, 2013:

Richard C. Godfrey, Esq.
Kirkland & Ellis, LLP
300 North LaSalle Blvd.
Chicago, Illinois 60654


R. Keith Jarrett, Esq.
Liskow & Lewis
Suite 500
One Shell Square
701 Poydras Street
New Orleans, Louisiana 70113


<u>/s/ Matthew Andrews</u>
Matthew I. D. Andrews

# EXHIBIT A



# City of Saraland
## Saraland, Alabama

**Expires**
**December 31**

# LICENSE

# 2009

**Business Name and address**

NUE SUITE D

-OWNER

| Account Number | Type of Business | Schedule Number |
|---|---|---|
|  | ELECTRIC CONTRACTORS |  |

MOBILE, AL 36695

**THIS LICENSE MUST BE DISPLAYED
WHERE IT CAN BE SEEN BY THE PUBLIC.
THIS LICENSE IS TRANSFERABLE
SUBJECT TO CODE.**

IF BUSINESS IS SOLD, CLOSED, OR MOVED TO A NEW
LOCATION IN THE CITY, WRITTEN NOTICE MUST BE SENT TO THE CITY
CLERK, CITY OF SARALAND 756 Highway 43,SARALAND AL 36571.

**THE LICENSEE NAMED HEREIN IS AUTHORIZED
TO DO BUSINESS IN THE CITY OF SARALAND,
ALABAMA.**

*Denise Jernigan-Bush*

**City Clerk**      JAN 2 3 2009 **Date**



## City of

# FOLEY



### BUSINESS LICENSE

P.O. Box 1750
FOLEY, ALABAMA 36536
(251) 943-1545

MOBILE AL 36608

EXPIRATION: 12/31/2010
LICENSE #: ▮▮▮

Business Name:
Physical Address: ▮▮▮▮▮▮▮▮▮▮

The firm, corporation, organization, business or person whose name appears above has paid the required license fees and is authorized to engage in business in Foley, Alabama as indicated below:

| CODE | DESCRIPTION |
|------|-------------|
| 238210 | Electrical Contractors |
| 888888 | Issuance Fee |

Please notify the Revenue Department at (251) 943-1545 of mailing and physical address changes or if business activity is discontinued in Foley.

_____
MAYOR

_____
CITY CLERK

*All Licenses Expire December 31st of the License Year. Licenses Are Not Transferable.*

# CITY OF MOBILE

# BUSINESS LICENSE

### Mobile, Alabama

## POST IN A CONSPICUOUS PLACE - LICENSE IS NOT TRANSFERABLE

**Issued to:**

▉▉▉▉▉▉▉▉▉▉▉

MOBILE AL

| YEAR | LICENSE NO. |
|------|-------------|
| 2009 | ▉▉▉▉ |
| ISSUED | EXPIRES |
| 03/03/09 | 12/31/09 |

**238210   ELECTRICAL CONTRACTORS CODE**

*Gwendolyn P. Hall*

Gwendolyn P. Hall, Revenue Director
City of Mobile Revenue Department

www.cityofmobile.org/revenue

# CITY OF MOBILE

# BUSINESS LICENSE

### Mobile, Alabama

## POST IN A CONSPICUOUS PLACE - LICENSE IS NOT TRANSFERABLE

Issued to:

▮▮▮▮▮▮▮▮▮

**MOBILE AL**

| YEAR | LICENSE NO. |
|------|-------------|
| **2010** | ▮▮▮▮▮ |
| ISSUED | EXPIRES |
| **04/15/10** | **12/31/10** |

**999140    CAPITAL EMPLOYED**

*Gwendolyn P. Hall*

Gwendolyn P. Hall, Revenue Director
City of Mobile Revenue Department

www.cityofmobile.org/revenue

Ilıllıllıllıllıllıhılılılılılıllılılıhılılılllıllılılıl

247  LAY 0.335

▮▮▮▮▮▮▮▮    1/2  247

# STATE OF ALABAMA

| CONTROL NO. | MOBILE County | LICENSE NO. |
|---|---|---|
| | | 2010-004018 |

ACCOUNT NO.

SUB-ID: 2008011698F

| LICENSE YEAR | ISSUED TO: | DATE ISSUED |
|---|---|---|
| **2009-2010** | MOBILE AL 36608 | 10 | 15 | 2009 |
| | | MO. | DAY | YR. |

BUSINESS LOCATION:

| LICENSE TYPE | |
|---|---|
| STORE LICENSE | |
| CHAIN STORE LICENSE | |
| OCCUPATIONAL LICENSE | XX |

**EXPIRES**
**SEPTEMBER 30, 2010**
TELLER: 0160
REC-ID: 1-277964

| SECTION | BUSINESS TYPE | LICENSE AMOUNT | FEE | PENALTY | CITATION | INTEREST | TOTAL |
|---|---|---|---|---|---|---|---|
| 84.0 | CONTRACTOR MAX | 375.00 | 1.00 | | | | 376.00 |

**TRANSFER OF LICENSE**

Evidence having been adduced before me that a bona fide
sale of the business licensed by this certificate has been made
by licensee, this license is transferred to said purchaser.

*Michael G. Hudson*
Acting State Comptroller

*Tim Russell*
Commissioner of Revenue

KIM HASTIE

Name of Purchaser

Issuing Authority                          Issuing Authority

| | |
|---|---|
| **TOTAL** | 376.00 |
| **MAIL FEE** | 1.00 |
| **TOTAL WITH MAIL FEE** | 377.00 |

# STATE OF ALABAMA

| | | |
|---|---|---|
| CONTROL NO.<br>080140 | **MOBILE** County 2011— | LICENSE NO. |

ACCOUNT NO.

BUS-ID: 2006011684F

| LICENSE YEAR | | ISSUED TO: | DATE ISSUED | | |
|---|---|---|---|---|---|
| **2010-2011** | | | 10 | 29 2010 | |
| | | MOBILE AL   36608 | MO. | DAY | YR. |

BUSINESS LOCATION:

| LICENSE TYPE | |
|---|---|
| **STORE LICENSE** | |
| **CHAIN STORE LICENSE** | |
| **OCCUPATIONAL LICENSE** | XX |

**EXPIRES**
**SEPTEMBER 30, 2011**
TELLER: b146
REC-ID: 1-298810



| SECTION | BUSINESS TYPE | LICENSE AMOUNT | FEE | PENALTY | CITATION | INTEREST | TOTAL |
|---|---|---|---|---|---|---|---|
| 84.0 | CONTRACTOR MAX | 375.00 | 1.00 | | | | 376.00 |

| | |
|---|---|
| **TOTAL** | 376.00 |
| **MAIL FEE** | 1.00 |
| **TOTAL WITH MAIL FEE** | 377.00 |

**TRANSFER OF LICENSE**

Evidence having been adduced before me that a bona fide sale of the business licensed by this certificate has been made by licensee, this license is transferred to said purchaser.

_Norm L. White_
State Comptroller

_Cynthia Underwood_
Assistant Revenue Commissioner
KIM HASTIE

_____
Name of Purchaser

_____
Issuing Authority

_____
Issuing Authority

STATE OF MISSISSIPPI



**Certificate of Responsibility**
No.
Which Expires Jul. 14, 2010

## State Board of Contractors

THIS TO CERTIFY THAT

MOBILE, AL 36608

is duly registered and entitled to practice
ELECTRICAL WORK

Witness our hands and Seal of the Board,
dated Jackson, MS 22 day of Jul., 2009

Thomas H. Kline
CHAIRMAN OF THE BOARD

Dr. W. Sullivan
EXECUTIVE SECRETARY



**State of Alabama**
**Electrical Contractors Board**

Original Issue Date: 1/20/2006
License No: ███ Expires: 12/30/2012

The bearer of this card is entitled to the privileges according to
Act. 85-912 of the Alabama Legislature.

No ███████



# STATE OF ALABAMA

| CONTROL NO. | | MOBILE County | 2011- | | LICENSE NO. |

ACCOUNT NO.

BUS-ID:

ISSUED TO:

| LICENSE YEAR | | | DATE ISSUED |
| **2010-2011** | MOBILE AL  36608 | | 10 | 29 | 2010 |
| | | | MO. | DAY | YR. |

BUSINESS LOCATION:

| LICENSE TYPE | |
| STORE LICENSE | |
| CHAIN STORE LICENSE | |
| OCCUPATIONAL LICENSE | XX |

**EXPIRES
SEPTEMBER 30, 2011**
TELLER: b146
REC-ID: 1-298810

| SECTION | BUSINESS TYPE | LICENSE AMOUNT | FEE | PENALTY | CITATION | INTEREST | TOTAL |
|---|---|---|---|---|---|---|---|
| 84.0 | CONTRACTOR MAX | 375.00 | 1.00 | | | | 376.00 |

### TRANSFER OF LICENSE
Evidence having been adduced before me that a bona fide sale of the business licensed by this certificate has been made by licensee, this license is transferred to said purchaser.

Norm L Whit
State Comptroller

Cynthia Underwood
Assistant Revenue Commissioner

KIM HASTIE

Name of Purchaser

Issuing Authority

Issuing Authority

| TOTAL | 376.00 |
| MAIL FEE | 1.00 |
| TOTAL WITH MAIL FEE | 377.00 |

# CITY OF MOBILE

# BUSINESS LICENSE

### Mobile, Alabama

## POST IN A CONSPICUOUS PLACE - LICENSE IS NOT TRANSFERABLE

Issued to:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

MOBILE AL

| YEAR | LICENSE NO. |
|------|-------------|
| 2011 | 074828 |
| ISSUED | EXPIRES |
| 03/07/11 | 12/31/11 |

**999140   CAPITAL EMPLOYED**

*Gwendolyn P Hall*

Gwendolyn P. Hall, Revenue Director
City of Mobile Revenue Department

www.cityofmobile.org/revenue

|..ll..ll...ll..l.l.l.l.l.l.ll..ll..l..ll...ll..l.l.l.l

1899 1 AV 0 335

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮


1
8   1899

# BAYOU LA BATRE   ALABAMA
## *Business License*

| Mailing Name and Address: | | THIS LICENSE EXPIRES : | 12/2011 |
|---|---|---|---|
| | | Taxpayer ID Number : | ███ |
| | | Location Number : | 1 |
| | | Date License Issued : | 02/23/2011 |
| MOBILE       AL      36608 | | License Number : | 2011███ |

MOBILE       AL      36608

| Code | Description |
|---|---|
| 238158 | ELECTRIC CONTRACTORS - VERIFICAT |

DONNA GAINEY, CITY CLERK
CITY OF BAYOU LA BATRE
13785 S. WINTZELL AVENUE
BAYOU LA BATRE, AL 36509

Issued By :  *Donna H. Gainey*

Revenue Department

---

**Business License Receipt**

| BAYOU LA BATRE   ALABAMA | | SID: | 02232011 |
|---|---|---|---|
| Code | Description | | Amount |
| 238158 | ELECTRIC CONTRACTORS - VERIFICA | | $120.00 |

| | | | |
|---|---|---|---|
| Total Discount | $0.00 | Total License(s) | $120.00 |
| Total Fee 1-5 | $0.00 | Total Penalty | $0.00 |
| Total Issue Fee | $10.00 | Total Interest | $0.00 |
| | | Total Amount Remitted | $130.00 |

**CITY OF PRICHARD**

Post Office Box 10427 • Prichard, AL 36610

LOC:

FEE PAID
$310.00

BUSINESS LICENSE ID

TYPE
0147

ISSUED
01/19/11

EXPIRES
12/31/11

LICENSEE:

MOBILE, AL 36608-0000

LICENSE COLLECTOR

# LICENSE

# City of Saraland

### Saraland, Alabama

# LICENSE

**Expires**
**December 31**

# 2011

**Business Name and address**



| Account Number | Type of Business | Schedule Number |
|---|---|---|
| 5033 | ELECTRIC CONTRACTORS | 238158 |

**THIS LICENSE MUST BE DISPLAYED
WHERE IT CAN BE SEEN BY THE PUBLIC.
THIS LICENSE IS TRANSFERABLE
SUBJECT TO CODE.**

**IF BUSINESS IS SOLD, CLOSED, OR MOVED TO A NEW
LOCATION IN THE CITY, WRITTEN NOTICE MUST BE SENT TO THE CITY
CLERK, CITY OF SARALAND, 716 SARALAND BLVD, S,, SARALAND, AL 36571.**

**THE LICENSEE NAMED HEREIN IS AUTHORIZED
TO DO BUSINESS IN THE CITY OF SARALAND,
ALABAMA.**

*Denise Jernigan-Bush*

FEB 1 1 2011

**City Clerk**                     **Date**

# TOWN OF GROVE HILL

## LICENSE

March 29th, 2011

**EXPIRES**
December 31

# 2011

**SCHEDULE**

**No.** [redacted]

**Account No.** [redacted]

**BUSINESS NAME** [redacted]

MOBILE, AL 36608

**OWNER'S MAIL ADDRESS** [redacted]

MOBILE, AL 36608



HEART OF
Grove Hill
ALABAMA
TIMBER BELT

THIS LICENSE MUST BE DISPLAYED WHERE IT
CAN BE SEEN BY THE PUBLIC. THIS LICENSE IS
NOT TRANSFERRABLE .

IF BUSINESS IS TO BE RELOCATED WITHIN THE
CITY,WRITTEN APPLICATION MUST BE SUBMITTED
TO THE CITY CLERK AND APPROVED BY MAYOR
AND COUNCIL, FOR CONTINUED USE OF THIS
LICENSE. IF BUSINESS IS SOLD OR CLOSED,
NOTIFY THE CITY CLERK.

_Terry L. Hicks_
**CITY CLERK**

_3-29-2011._
**DATE**

STATE OF MISSISSIPPI

Certificate of Responsibility

No. ▮▮▮

Which Expires Jul. 11, 2012



State Board of Contractors

THIS IS TO CERTIFY THAT

▮▮▮▮▮▮▮▮▮▮▮▮

MOBILE, AL 36608

is duly registered and entitled to practice

ELECTRICAL
WORK

Witness our hands and Seal of the Board,
dated Jackson, MS 13 day of Jul., 2011

Thomas H. Kline

John W. Sullivan II

CHAIRMAN OF THE BOARD

EXECUTIVE DIRECTOR

**State of Alabama**
**Electrical Contractors Board**

Original Issue Date: 1/20/2006
License No: ████ Expires: 12/30/2011

The bearer of this card is entitled to the privileges according to
Act. 85-912 of the Alabama Legislature.

No. ████