EXHIBIT 82



| | NOTICE OF APPEAL PANEL DECISION<br>DATE OF NOTICE:  October 1, 2013 | | |
|---|---|---|---|
| | **I.  CLAIMANT AND CLAIM INFORMATION** | | |
| **Claimant Name** | Last/Name of Business | First | Middle |
| **Claimant ID** | 100002383 | **Claim ID** | 39486 |
| **Claim Type** | Business Economic Loss | | |
| **Law Firm** | E.J. Saad Law Firm | | |

## II.  APPEAL PANEL DECISION

The Economic and Property Damages Settlement Agreement ("Settlement Agreement") written by Class Counsel and BP requires the Claims Administrator to designate an Appeals Coordinator to coordinate the Appeals Process. This Notice is an official communication from the Appeals Coordinator and relates to the claim identified in Section I.  BP or the claimant appealed this claim, and the Appeals Coordinator submitted the claim for Appeal Panel review.  The Appeal Panel has completed its review of the Appeal and has reached a final decision on the claim. The details of the Appeal Panel's decision are below, as well as any comment left by the Appeal Panel:

| | | **Proposal Chosen** |
|---|---|---|
| **Compensation Amount** | $143,955.45 | Claimant |
| **Risk Transfer Premium Multiplier** | 0.25 | Claimant |
| **Prior Payment Offset** | $0.00 | Claimant |

The Compensation Amount awarded by the Appeal Panel will appear in Section II, line 1 of your Post-Appeal Eligibility Notice. We will increase this Compensation Amount by the applicable Risk Transfer Premium, if any, and also decrease this Compensation Amount by any applicable offsets to determine your Award Amount.  If the claimant prevailed upon appeal, the pre-Risk Transfer Premium Compensation Amount will be increased by 5%. If we have received notice of any outstanding lien, we will also deduct that applicable amount from your Award Amount.

The Appeal Panel's decision will stand as the Settlement Program's final determination on this claim.

## III.  APPEAL PANEL COMMENT

BP has appealed this BEL award to an electrical construction company on three grounds, but one is foreclosed by prior decisions of the Court. First , BP claims the Administrator should have done a better job in reconciling Claimant's P&Ls and tax returns which varied by over 33% in some instances and in following up on vague explanations. Secondly, BP claims the misclassification of "licenses and permits" as fixed, when it posits that permits vary in proportion to the level of business activity. BP neglects to quantify what difference this alleged error made in the total award. After examining this record and reviewing the comprehensive briefs of Claimant's counsel, this panelist is more than satisfied that the Administrator engaged in a detailed and meticulous dialogue and examination of Claimant's financial data and cannot undermine its discretion in this regard. As to the misclassification argument, not only does it fly in the face of  the classification of "licenses and taxes" as fixed in Exhibit 4D, but again is comprehensively explained and justified in Claimant's briefs. With a proposal of $0 in this baseball arbitration, BP can expect no other result than the choosing of the Claimant's proposal, with no basis extant for a remand of this matter.

## IV.  HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

For questions about this Notice of Appeal Panel Decision or the status of your other claim(s), contact the Claimant Communications Center at 1-800-353-1262 or send an email to **Questions@dhecc.com.** If you are a law firm or claims preparation company, you should call or email your designated DWH Contact for help or assistance.  You may also visit a Claimant Assistance Center for help. For a complete list of Claimant Assistance Centers, go to **www.deepwaterhorizoneconomicsettlement.com.**