EXHIBIT 95

**RESPONSE AND FINAL PROPOSAL OF [REDACTED]**

[REDACTED]), respectfully submits this Final Offer and Response to BP Exploration & Production, Inc.'s, (BP), Initial Offer with regard to Claim No. 100146954. [REDACTED] specifically disagrees with BP's arguments and presents the following arguments in favor of affirming the Claims Administrator's analysis.

**I. The Claims Administrator's Treatment of "Reimbursed Expenses" is Correct.**

In his discretion, the Claims Administrator, and the Accountant Reviewers, included "Materials Paid by Owner" as revenue. (Doc. ID 18643833). These were monies received by the claimant from clients as part of its normal business operations.[1] BP cites Pol-328, (attached as Exhibit A for reference), as the support for its assertion that Reimbursements should be reclassified. (Doc. ID 11028974). However, Pol-328 only addresses monies received for "(a) insurance proceeds, (b) interest income, and (c) gains or losses from the sale of assets." None of these are found in this line item, and BP is mistaken that the line item should be reclassified. The Claims Administrator's treatment is correct and should be upheld.

**II. The Claims Administrator's Classifications of Expenses are Correct.**

The BP Parties' Initial Brief suggests that the Claims Administrator misclassified certain expenses. (BP Brief at 2). Within the Settlement Agreement, the Claims

---

[1] The public schools that are clients of [REDACTED] have a policy that construction materials sold to the public schools be itemized in a separate account because no local sales taxes may be charged on construction materials incorporated into public works. These items are included in the contracts, paid for by [REDACTED] and charged to the School System. This is the purpose of the "Reimbursed Expense" account.

Administrator is directed and empowered to use his discretion to request source documentation from the Claimant to verify the nature and proper accounting of expenses and income. Under the Approved Policies, Accountant Reviewer's, as employed by the Claims Administrator, "have the ability to reclassify the categorization of an account (regardless of impact to type – fixed/variable) as seen on the claimant's P&L to ensure that the true nature of the account is reflected properly within the business economic loss calculation." (Policy ID 361). These are discretionary acts, and while the initial standard of review on Appeal is "De Novo," (Doc. 6279-1 at 60), where the challenged decision arises from the Claim Administrator's discretionary act, the standard of review is not entirely de novo.

Even where review is de novo, if the Claim Administrator's Award rests on his discretionary decisions, the propriety of those discretionary decisions is reviewed under an abuse of discretion standard. Based on Fifth Circuit case law, a reviewer should apply a de novo standard to those portions of the decision not involving discretion, but an abuse of discretion standard to the Claim Administrator's discretionary decisions. Hebert v. Rodriguez, 430 Fed. Appx. 253, 255 (5th Cir. 2011) (district court's factual findings reviewed under the abuse of discretion standard, while legal conclusions reviewed under "de novo" standard); Becker v. Tidewater, Inc., 586 F.3d 358, 367, 369 (5th Cir. 2009) (under maritime law, trial court's discretionary evidentiary rulings are review under abuse of discretion standard, while contract interpretation reviewed de novo); Cardinal Servs. v. Omega Protein Inc., 304 Fed. Appx. 247, 251, 255 (5th Cir. 2008) (maritime law reviews discretionary evidentiary rulings for abuse of discretion, while questions of

law are reviewed de novo). Because the Settlement Agreement is governed by General Maritime Law, the Fifth Circuit's standard of review for discretionary decisions is obligatory. (Settlement Agreement at §36.1).

An administrator's discretionary decision will be overruled by a court under the abuse of discretion standard only if the administrator acted arbitrarily or capriciously. See, Meditrust Financial Serv. Corp. v. Alcorn, 168 F.3d 211 (5th Cir. 1999) ("arbitrary and capricious standard for review of plan administrator's decision"); Wildbur v. Arco Chem Co., 974 F.2d 631, 637 (5th Cir. 1992) (if plan grants discretion to administrator, his discretionary decisions reviewed under abuse of discretion standard, administrator's legal decisions reviewed under de novo standard); Phillips v. Maritime Ass'n – I.L.A. Local Pension Plan, 194 F. Supp. 2d 549, 554 (E.D. Tex. 2001) (administrator's discretionary decisions reviewed under abuse of discretion standard).

BP argues in its initial brief that [REDACTED] "Rent" should be reclassified as variable rather than as a fixed expense. (Doc. ID 11028974). The Settlement Agreement states that "the parties have agreed to a defined list of fixed and variable expenses as reflected in Attachment A," (Attachment A is referenced herein as "Exhibit 4D"). (Doc. 6430-10 at 2). Exhibit 4D to the Settlement Agreement clearly identifies "Rental Expense" as a "Fixed" expense. BP agreed to this. [REDACTED] financial documents reflect contemporaneous payments of rent for their office building; nothing has been mislabeled. The fact that the dollar value of rent paid from 2007 to mid-2010[2] is inconsistent does not change the nature of the expense; rent is a fixed expense. (Doc.

[2] [REDACTED] purchased the building in which its office is located in 2010.

ID 6430-11). BP's attempt to recast this item in its own favor is improper; the Settlement Agreement is clear on this issue, and the Claims Administrator's treatment of "Rent" was correct. There was not an abuse of discretion by the Claims Administrator in making this classification and the full award for [REDACTED] confirmed by the Appeal Panelist.

## III. [REDACTED] Agrees that there was Error in the Owner/Officer Compensation and Taxes Expense Accounts, and [REDACTED] has Corrected those Accounts.

Upon review of BP's analysis of this issue, [REDACTED] agrees that the Claims Administrator should not have included Owner/Officer Payroll Taxes in the Payroll Tax Expense account in 2007, 2008, 2009 and 2010 and that Owner/Officer Compensation should have been allocated as incurred across each month in 2010. Upon review of these issues [REDACTED] recalculated its claim with the deduction of officer salaries more accurately included. The resulting calculation yields a reduction in the Pre-RTP claim amount of $985.52 for a total Pre-RTP Claim Award of $378,620.52.

## IV. Adoption of Prior Arguments Regarding the "Matching" and "Smoothing" Issues and the Court's Orders of March 5, April 5 and April 9.

[REDACTED] adopts its prior facts and arguments as presented in its Initial Offer and Supporting Brief. [REDACTED] also directs the Appeal Panelist to footnote 1 of BP's Initial Brief which acknowledges that the Third and Fourth issues presented by BP in its Appeal are "addressed" and "governed by the Court's prior Orders" of March 5, April 5 and April 9 and therefore should be denied.

**CONCLUSION**

For the reasons stated herein and in its prior brief, [REDACTED] asks the Appeal Panelist to issue a finding that the First, Second and Fourth bases of BP's Appeal are unfounded, that [REDACTED] has corrected its claim calculation, that Turner Plumbing has complied with the terms of the Settlement Agreement, and that a Pre-RTP Compensation Amount of $378,620.52with a RTP Multiplier of 0.25 is the appropriate award. Such a result is in keeping with the terms, methods and formulae established by the Settlement Agreement. [REDACTED] further requests that the Appeal Panel confirm that the $2,157.50 reimbursable accounting support determined by the Claim Administrator is appropriate. The Award granted by the Claim Administrator should be upheld.

s/E. J. Saad
E. J. Saad

s/Matthew Andrews
Matthew I. D. Andrews
Attorneys for Appellee/Respondent,
[REDACTED]

OF COUNSEL:

E. J. SAAD LAW FIRM
6207 Cottage Hill Road, Suite G
Mobile, Alabama 36609
Telephone (251) 660-0888
Fax: (251) 660-0777
ejsaad@ejsaadlaw.com
mandrews@ejsaadlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Brief has been served on the following named persons by electronic filing on this 8th day of July, 2013:

Richard C. Godfrey, Esq.
Kirkland & Ellis, LLP
300 North LaSalle Blvd.
Chicago, Illinois 60654

R. Keith Jarrett, Esq.
Liskow & Lewis
Suite 500
One Shell Square
701 Poydras Street
New Orleans, Louisiana 70113

/s/ Matthew Andrews
Matthew I. D. Andrews