AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

IN RE: OIL SPILL by the OIL RIG )
"DEEPWATER HORIZON" )
in the GULF OF MEXICO ) Civil Action No. MDL 2179
on APRIL 20, 2010 )
)
)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: The United States Department of the Interior, 1849 C Street, N.W.
Washington, DC 20240

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents and materials set forth in Attachment A, in accordance with FRCP 45. A custodian must appear and offer testimony, to be recorded stenographically, as to the authenticity of the documents set forth in Attachment A.

| Place: Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W<br>Washington, D.C. 20005 | Date and Time:<br>08/22/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/21/2014

*CLERK OF COURT*

OR

_____     /s/ J. Andrew Langan, P.C.
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BP Exploration & Production Inc. , who issues or requests this subpoena, are:

J. Andrew Langan, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, andrew.langan@kirkland.com, (312) 862-2000

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:10-md-02179-CJB-DPC   Document 13209-3   Filed 07/29/14   Page 2 of 7

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DOCUMENTS REQUESTED**

Please produce the following documents described below, to the extent they have not already been produced by the United States Government in MDL No. 2179.

1. Documents Related to the federal moratoriums on permitting or drilling activities imposed on May 28, 2010 and July 12, 2010.

2. Documents discussing, or generated during the preparation of, the May 27, 2010 Department of the Interior ("DOI") report entitled "Increased Safety Measures for Energy Development on the Outer Continental Shelf" ("May 27, 2010 DOI Report").

3. Documents identified in Attachment 1 to the the July 12, 2010 memorandum from Secretary Salazar to Michael Bromwich entitled "Decision memorandum regarding the suspension of certain offshore permitting and drilling activities on the Outer Continental Shelf."

4. Non-privileged documents discussing the litigation challenging the moratorium imposed on May 28, 2010, namely *Hornbeck Offshore Services, L.L.C. v. Salazar* (Eastern District of Louisiana case no. 2:10-cv-1663), which was filed on June 7, 2010.

5. Non-privileged documents discussing the litigation challenging the moratoriums and the government's permitting practices, namely *Ensco Offshore Co. v. Salazar/ATP Oil & Gas Corp. v. Salazar* (Eastern District of Louisiana case no. 2:10-cv-1941), which was filed on July 9, 2010 and amended on July 20, 2010.

6. Documents transmitted by personnel working in any aspect of the petroleum industry to anyone at the DOI Related to the moratoriums, including potential moratoriums.

7. Documents received from Bisso Marine, LLC, Black Elk Energy Offshore Operations, LLC, Blake International USA Rigs, L.L.C., Blake Holdings I, LLC, Blake

Workover & Drilling Co., Blake International Rigs, LLC, Certified Platform Services, L.L.C., Seahawk Drilling, Inc. (including any of its subsidiaries[1]), Trinity Offshore, LLC, or Wadleigh Industries, Inc.

      8.      Documents discussing any of the entities listed in the previous Request.

      9.      Documents discussing changes or possible changes to the criteria, procedures or time required for obtaining permits to drill after April 20, 2010, and other documents generated or received as part of the process of analyzing or deciding upon such changes.

      10.      Documents discussing the number of applications for offshore oil drilling permits issued, denied or pending after April 20, 2010.

      11.      Documents provided by petroleum industry personnel to anyone at the DOI between April 20, 2010 and the present discussing the issuance, non-issuance, criteria for issuance, or delay in consideration or issuance of permits to conduct offshore drilling.

      12.      Documents discussing the reasons for any denial or delay of any application for a permit to conduct offshore oil drilling on the basis of any new rule, regulation, policy or procedure that was in effect after April 20, 2010, including documents sufficient to show the applicant, the permit application that was affected, and the reasons for the denial or delay in consideration or issuance of the permit.

      13.      Documents discussing federal regulatory action or inaction directed at offshore oil industry activity—including shallow water and deepwater activity—that occurred after May 28, 2010, including new or revised safety rules, regulations, inspections or permitting practices, and

---

[1] Seahawk Drilling, Inc.'s subsidiaries include: Seahawk Mexico Holdings LLC, Seahawk Drilling Management LLC, Seahawk Offshore Management LLC, Energy Supply International LLC, Seahawk Drilling LLC, Seahawk Global Holdings, LLC, and Seahawk Drilling USA, LLC.

2

other documents generated or received as part of the process of analyzing or deciding upon such changes.

  14. Documents discussing any actual or contemplated drilling or permitting moratorium following any other oil spill.

  15. Documents discussing the proposed adoption of what became:

   (a) NTL No. 2010-N05, which was issued on June 8, 2010.

   (b) NTL No. 2010-N06, which was issued on June 18, 2010.

   (c) NTL No. 2010-N10, which was issued on November 8, 2010.

   (d) the August 16, 2010 memorandum issued by Walter Cruickshank entitled "Use of Categorical Exclusions in Gulf of Mexico Region."

   (e) 75 Federal Register 63346, issued on October 14, 2010 and entitled "Oil and Gas and Sulphur Operations in the Outer Continental Shelf—Increased Safety Measures for Energy Development on the Outer Continental Shelf."

   (f) 75 Federal Register 63610, issued on October 15, 2010 and entitled "Oil and Gas and Sulphur Operations in the Outer Continental Shelf—Safety and Environmental Management Systems."

  16. Documents discussing, or generated during the preparation of the DOI Inspector General's November 8, 2010 report, entitled "Investigative Report of Federal Moratorium on Deepwater Drilling."

  17. Documents produced to Congress in conjunction with the U.S. House of Representatives Committee on Natural Resources August 2, 2012 hearing regarding the DOI Inspector General's November 8, 2010 moratorium report (hearing entitled "Oversight of the

Actions, Independence and Accountability of the Acting Inspector General of the Department of the Interior.")

18. Documents produced to Congress in conjunction with the U.S. House of Representatives Committee on Natural Resources September 13, 2012 hearing regarding the moratorium, entitled "Committee Oversight of Department of the Interior: Questioning of Key Department of the Interior Officials."

19. Documents produced in response to the U.S. House of Representatives subpoena on Mary Kendall, Acting Inspector General, Department of the Interior, served by fax on April 12, 2012, for documents regarding the May 27, 2010 DOI Report.

20. Documents produced in response to the U.S. House of Representatives subpoena on Ken Salazar, Secretary of the Department of the Interior, served by hand on April 3, 2012, for documents regarding the May 27, 2010 DOI Report.

21. Documents produced in response to letters issued by the U.S. House of Representatives Committee on Natural Resources to the DOI (or any individuals working at the DOI) requesting information concerning the Office of Inspector General's investigation regarding the May 27, 2010 DOI Report.

22. Documents produced in response to letters issued by the U.S. House of Representatives Committee on Natural Resources to the Department of Interior, Office of Inspector General (or any individuals working at the Office of Inspector General) requesting information concerning the Officer of Inspector General's investigation regarding the May 27, 2010 DOI Report.

23. Communications you had within DOI or its agencies or with any other persons or entities Relating to any of the above topics.

## DEFINITIONS

1. "Document" or "documents" means the categories of items described in Federal Rule of Civil Procedure 34(a)(1)(A).

2. "Related to," as used in Requests 1 and 6 regarding the government moratoriums on drilling and permitting, means referring to the moratorium or a potential moratorium, or generated or received as part of the process of analyzing or deciding upon the moratorium.