**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179<br><br>SECTION: "J" |
| This Document Applies to: | JUDGE BARRIER<br>MAG. JUDGE SHUSHAN |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | |

**MOTION TO ALTER OR AMEND ORDER DATED JULY 16, 2014
IN CONNECTION WITH THE MOTION OF THE SPECIAL MASTER FOR
RETURN OF PAYMENTS MADE TO CASEY THONN AND OTHERS**

NOW INTO COURT, comes the undersigned counsel, AndryLerner LLC ("Andry Lerner"), John Andry and Glen Lerner, who file this Motion to Alter of Amend Order Dated July 16, 2014 ("Motion") in connection with the Motion of the Special Master for Return of Payments Made to Casey Thonn and Others. In support of the Motion, Movers assert:

1. On July 2, 2013, the Court appointed the Special Master under Rule 53 of the Federal Rules of Civil Procedure to conduct an investigation of certain issues that had arisen in connection with the Deepwater Horizon Court Supervised Settlement Program ("CSSP").

2. On September 6, 2013, the Court directed the Special Master to examine and investigate any past or pending claims submitted to the CSSP which the Special Master deemed suspicious.

3. The Special Master has been reviewing claims filed in connection with the CSSP.

4. On January 8, 2014, the Special Master filed a Motion of the Special Master for Return of Payments Made to Casey C. Thonn and Others (the "Special Master Motion") [Dkt. 12107]. On April 29, 2014, this Court granted the Motion of the Special Master and issued a

{00342326-5}

1

decision in connection with the objections raised in the Motion ("Order & Reasons") [Dkt. 12794].

5. The Order & Reasons, in essence, granted the Special Master Motion and the Court ordered a judgment be submitted in accordance with the Courts order and Reasons.

6. The parties had been negotiating the terms of the order to be entered in connection with the Court's decision and, on July 16, 2014, the Special Master submitted a proposed order. (See Exhibit 1) Movers substantially agree with the terms of the proposed order submitted by the Special Master, inasmuch as the order submitted by the Special Master did not contain the rendering of a judgment against Glen Lerner or Jonathan Andry as individuals but solely against Andry Lerner. The reason that the Special Master did not submit an order that sought a judgment against Glen Lerner or Jonathan Andry was due to the following: (1) the Motion did not seek relief against Glen Lerner individually; and (2) the Special Master's submissions did not show that Jonathan Andry individually received any proceeds from the Thonn claim.

7. On July 16, 2014, the Court entered an order different than the order submitted by the Special Master. (See Exhibit 2) The order entered by the Court contained relief individually against Glenn Lerner and Jonathan Andry. The entry of a judgment against Glen Lerner and Jonathan Andry is inconsistent with the pleadings filed by the Special Master, the evidence submitted in support of the Special Master's Motion and this Court's Order and Reasons.

8. Andry Lerner's issue with the Special Master's Order and the Court's Order relates solely to the Deepwater Horizon Economic Claims Center's ("DHCC") retention and set-off of the legal fees paid to Andry Lerner under this Court's February 12, 2014 order to pay the Thonn judgment against Andry Lerner. Paragraph 8 of the Court's Order and Paragraph 9 of the Special Master's submission require DHCC to "withhold a portion of any DHCC claim payment

{00342326-5}

2

representing professional fees for such party and apply such funds to satisfy the restitution up to the amount of the restitution provided in this Order for such party." It is the position of Andry Lerner that this Court's Order of February 12, 2014, in fact, escrows the legal fees due Andry Lerner in a segregated account pending further disposition by this Court. The February 12, 2014 Order specifically provides:

> The segregated escrow account shall be the property of the AndryLerner clients and shall not be the property of the CAO or the Trustee. The account shall be subject to any and all liens and claim possessed by AndryLerner under applicable law without further order of the court. No funds can be withdrawn from the account without: (a) consent of AndryLerner, Special Master and the CAO, or (b) order of the Court.

No reason exists for the creation of a second escrow account containing Andry Lerner legal fees

9.   Paragraph 9 of the Court's Order and Paragraph 10 of the Special Master's Order require payment of the Thonn claim prior to any distribution of legal fees to Andry Lerner out of the Andry Lerner client account. Andry Lerner submits that the withdrawal of funds out of the client account should be decided on a case by case basis and no legal authority exists to place the Thonn claim ahead of the employees of Andry Lerner or other creditors of Andry Lerner.

10.  The express language of the February 12, 2014 Order provides protection to the Special Master and the Court that funds in the Andry Lerner client account will not be removed from the account without the Special Master's consent or Order of this Court.

11.  If the Court allows the DHCC to set off Andry Lerner's legal fees to satisfy the Thonn judgment, the Order should contain a reporting requirement such that Andry Lerner knows: (i) which clients' fees were set-off; (ii) the amount of the fees set-off; (iii) the outstanding balance due under the Thonn clawback motion; and (iv) when the clawback motion judgment has been satisfied.

{00342326-5}

12. Movers suggest the Court alter or amend its Order in the form attached hereto as Exhibit 3.

**WHEREFORE**, Movers request that this Court alter or amend its order of July 16, 2014 and enter Judgment in the Special Master's Motion in the form attached as Exhibit 3.

Dated: July 29, 2014

Respectfully submitted:

By: */s/Douglas S. Draper*
Douglas S. Draper (La. Bar #5073)
Heller, Draper, Patrick, Horn & Dabney, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3333
Facsimile: (504)299-3399
ddraper@hellerdraper.com
*Counsel for Andry Lerner LLC*

Lewis O. Unglesby (La. Bar #12498)
Unglesby Law Firm
246 Napoleon Street
Baton Rouge, LA 70802
Telephone: (225) 387-0120
Facsimile: (225) 336-4355
Email for Lewis: lisa@unglesbylaw.com
*Counsel for Jonathan Andry*

Amit P. Mehta
Zukerman Spaeder LLP
1800 M. Street, NW, Ste. 1000
Washington, D.C. 20036-5807
amehta@zuckerman.com
and
Pauline F. Hardin (La. Bar #6542)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170
Telephone: (504) 582-8110
Facsimile: (504) 589-8110
phardin@joneswalker.com
*Counsel for Glen Lerner*