UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179<br><br>SECTION: "J" |
| This Document Applies to:<br><br>No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | JUDGE BARRIER<br>MAG. JUDGE SHUSHAN |

### MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND ORDER DATED JULY 16, 2014 IN CONNECTION WITH THE MOTION OF THE SPECIAL MASTER FOR RETURN OF PAYMENTS MADE TO CASEY THONN AND OTHERS

This Memorandum is submitted on behalf of AndryLerner LLC ("Andry Lerner"), John Andry and Glen Lerner in support of its Motion to Alter or Amend Order Dated July 16, 2014 ("Motion") [Document No. 13214] in connection with the Motion of the Special Master for Return of Payments Made to Casey Thonn and Others ("Special Master Motion").

**Facts**

On January 8, 2014, the Special Master filed a Motion of the Special Master for Return of Payments Made to Casey C. Thonn and Others (the "Special Master Motion") [Dkt. 12107]. The Special Master Motion sought a return of the Deepwater Horizon Economic Claims Center ("DHCC") award paid to Thonn. Specifically, the Special Master sought relief against a number of parties who received proceeds of the award made to Thonn. Absent from the targets that the Special Master was seeking a recovery was Glen Lerner as an individual.

In connection with the Special Master Motion, the documentation submitted reflected the parties that received distributions out of the Thonn BP settlement. The documents submitted by

{00342486-1}

1

the Special Master in support of the Special Master Motion do not show any distribution of Thonn BP proceeds to Jonathan Andry.

## The Court Issued Orders and Reasons

The Court ruled in favor of the Special Master Motion and held that the parties who received funds were liable up to the amount of the funds received by such party ("Order & Reasons") [Dkt. 12794].

The Special Master did not request and the Court's Order and Reasons did not mention a collection mechanism for the Special Master's Motion. No request was made by the Special Master in the Special Master Motion to allow the DHCC to setoff payments due any party who was a target of the Special Master Motion.

The Court, in its Order and Reasons, required the parties to submit an Order. On July 15, 2014, the Special Master submitted an Order that did not contain any requested relief against either Jonathan Andry or Glen Lerner. (See Exhibit 1 to the Motion.) The Order did, however, contain a provision authorizing the DHCC to setoff legal fees payable to Andry Lerner as a means of paying the Thonn judgment.

## Order and Reasons

The Court elected to enter its own Order in the matter instead of signing the Order submitted by the Special Master. The Order entered by the Court rendered a judgment against Jonathan Andry and Glen Lerner, individually. The Order also contained a collection mechanism which allowed the DHCC to setoff the Andry Lerner fees due by Andry Lerner clients to Andry Lerner to pay the Thonn claim as limited in the Order and Reasons. (See paragraphs 8 and 9 of Exhibit 2 to the Motion.)

It is the position of Andry Lerner, Jonathan Andry and Glen Lerner that the Court should amend its Order as follows:

1. To remove both Jonathan Andry and Glen Lerner being liable for any amount of the Thonn money that the Court has ordered to be repaid; and

2. Remove paragraphs 8 and 9 from the Court's Order.

## Law

Pursuant to Rule 59(e)[1], a party may seek to alter or amend a judgment rendered by a Court. The granting of such Motion is proper when the movant is seeking to correct manifest errors of law or fact or to present newly discovered evidence. See *In Re: TransTexas Gas Corp.*, 303 F.2d 571, 581 (5th Cir.)

The entry by this Court of a judgment against Jonathan Andry and Glen Lerner, individually, is not supported by anything in the record in connection with the Special Master Motion. The record reflects the following:

1. The Special Master did not seek relief against Glen Lerner as an individual; and

2. The Special Master's submissions do not reflect any Thonn funds being paid to Glen Lerner or Jonathan Andry.

Paragraphs 8 and 9 of the Court's Order relating to the setoff mechanism should also be excluded from the Court's judgment due to the following:

1. The Special Master never requested such relief; and

2. The facts of the case do not warrant the application of the law of setoff.

Louisiana statutory law and jurisprudence recognize three kinds of setoff, or to use the codal term, compensation: legal, which is effected by operation of law, La.C.C. art. 1893;

---

[1] The Motion of Andry Lerner contained a typo that referenced Rule 54(b), as opposed by Rule 59(e).
{00342486-1}

3

contractual, which is effected by the will of the parties, La. C.C. art. 1901; and judicial, which is effected by the courts, La.C.C. art. 1902.

Pursuant to La.C.C. art. 1893, legal compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.

LA.C.C. art. 1902 (judicial compensation) changes the requirement contained in La.C.C. art. 1893 requiring the setoff claims be liquidated and allows a Court to order setoff of an unliquidated claim that is susceptible of prompt and easy liquidation.  It does not, however, allow setoff to take place between two parties who are not indebted to each other.

The obligation to pay the legal fees owed to Andry Lerner arises out of the Andry Lerner contingent fee contract with its client.  Andry Lerner has no privity with the DHCC and the DHCC has no contractual liability to pay Andry Lerner's legal fees.  The only obligation the DHCC has is to pay the claimant who has a legally recognized claim.  Inasmuch as no mutuality exists between the DHCC and Andry Lerner, setoff does not apply.

Andry Lerner requests this Court to alter or amend its Order or enter the Order submitted as Exhibit 3 to the Andry Lerner Motion.

Dated: July 31, 2014

                                                Respectfully submitted:

                                                By: */s/Douglas S. Draper*
                                                Douglas S. Draper (La. Bar #5073)
                                                Heller, Draper, Patrick, Horn & Dabney, L.L.C.
                                                650 Poydras Street, Suite 2500
                                                New Orleans, LA  70130
                                                Telephone: (504) 299-3333
                                                Facsimile: (504)299-3399
                                                ddraper@hellerdraper.com
                                                *Counsel for Andry Lerner LLC*

{00342486-1}

        Lewis O. Unglesby (La. Bar #12498)
        Unglesby Law Firm
        246 Napoleon Street
        Baton Rouge, LA  70802
        Telephone:  (225)  387-0120
        Facsimile:  (225)  336-4355
        Email for Lewis:  lisa@unglesbylaw.com
        *Counsel for Jonathan Andry*

        Amit P. Mehta
        Zukerman Spaeder LLP
        1800 M. Street, NW, Ste. 1000
        Washington, D.C. 20036-5807
        amehta@zuckerman.com
        and
        Pauline F.  Hardin (La. Bar #6542)
        Jones Walker LLP
        201 St. Charles Avenue, 49th Floor
        New Orleans, LA  70170
        Telephone: (504) 582-8110
        Facsimile: (504) 589-8110
        phardin@joneswalker.com
        *Counsel for Glen Lerner*

{00342486-1}