# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | : : : : : : | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |
| This Document Relates to: 10-4536 | | |

…………………………………………………...

## ORDER

### [Regarding Penalty Phase Expert Document Production]

The purpose of this Order is to (1) establish procedures for identification of certain documents that are associated with the reports and testimony of the parties' expert witnesses and that the parties may offer at the Penalty Phase of the trial of this case; and (2) establish deadlines for the production of such documents. This Order applies only to the Penalty Phase of this case. This Court's October 17, 2011 Order Regarding Non-Discoverability of Certain Expert-Related Documents (Rec. doc. 4301) shall remain in effect.

A.   Definitions

The terms used in this order are defined as follows:

1. The term "Deposition Exhibits" refers to those documents used as exhibits in any expert witness deposition and maintained on the running index of exhibits used in depositions.

2. The term "Consideration Materials" refers to any facts or data that are considered by an expert in forming the expert's opinion and required to be identified in the

report of that expert in accordance with Fed. R. Civ. P. 26(a) (2) (B).[1]

Consideration Materials shall be identified in the expert reports as required by Fed. R. Civ. P. 26(a)(2)(B). Consideration materials shall include communications between a testifying expert and a second expert that are relied on by the testifying expert in a report, deposition testimony, or at trial, but the disclosure of such communications shall not be subject to discovery any other analysis by the second expert not imparted during the consultation with the testifying expert. Nor shall Consideration Materials include communications between a testifying expert and other experts that are not relied upon in the expert's report to support the opinions of the testifying expert; such communications not disclosed in the expert's report may not be cited or referenced in the expert's trial testimony as support for the expert's opinions.

3. The term "Relied-Upon Modeling Runs" refers to the native version of any computer files containing the input to and/or output from computer model runs that are relied upon to support the conclusions set forth in the expert repot.

4. The term "Other Exhibits" refers to any exhibit other than a Deposition which is identified on a party's final exhibit list.

---

[1] "Consideration Materials" shall not be deemed to include any draft of any expert report, or portion thereof; any communication between experts and attorneys; any communication between attorneys relating to an expert's work, including any communication amongst attorneys for different parties sharing a common interest on the issue(s) of the expert's analysis and/or testimony; or memoranda, correspondence, or notes reflecting, consisting of or regarding communications among experts and/or attorneys that might reflect the mental impressions or conclusions or litigation strategy of attorneys. The parties are not required to produce or exchange Privilege Logs regarding any such expert or attorney work product.

B.  Production of Consideration Materials.

All Relied-Upon Modeling Runs shall be produced as part of the expert report. The expert reports will specifically identify all Consideration Materials, including Bates or deposition exhibit numbers or other identifying information for other material, in an Excel spreadsheet in a manner sufficient to enable a party to locate all such materials online or otherwise. The parties shall serve their expert reports and produce any non-public and previously unproduced Consideration Materials that are not otherwise accessible to both BPXP and the United States through mutually available electronic collections[2], as follows:

| | |
|---|---|
| 08/15/2014 | Simultaneous exchange of expert reports.  Round 1: Opening. |
| 08/18/2014 | Service of Consideration Materials associated with the Round 1 expert reports. |
| 09/12/2014 | Simultaneous exchange of expert reports responding to August 15, 2014 reports.  Round 2: Response. |
| 09/15/2014 | Service of Consideration Materials associated with the Round 2 expert reports. |
| 09/26/2014 | Simultaneous exchange of reply expert reports.  Round 3: Rebuttal. |
| 9/29/2014 | Service of Consideration Materials associated with Round 3 expert reports. |

Nothing in this Order changes the prior agreement of the parties to produce Consideration Materials provided by counsel to experts that are unproduced and not publicly available and not otherwise available.

---

[2] The phrase "mutually available electronic collections" is intended to refer to Consideration Materials that are otherwise accessible to both BPXP and the United States, such as Incident Action Plans, FOSC Memoranda, SCAT data and reports (e.g., daily, dashboard reports), and Shoreline Treatment Recommendations and Shoreline Inspection Reports.

D. <u>Final Identification and Designation of All Penalty Phase Trial Exhibits</u>

As provided in the Order Regarding Penalty Phase Schedule (Rec. doc. 12688), the parties are required to file and serve their final "good faith" Penalty Phase exhibit lists on December 12, 2014. For good cause shown, the parties may be permitted to add exhibits after this date. The December 12, 2014 exhibit list shall include all exhibits a party may offer at the trial, including Deposition Exhibits and Other Exhibits. The parties shall not simply designate or include the running index from the depositions, as the exhibit list is intended to reflect the good faith, final list of the exhibits that the parties may offer during Penalty Phase of the trial.

In numbering their final exhibit lists, the parties shall:

-- for Deposition Exhibits, use the exhibit numbers assigned to those exhibits at the deposition, as reflected in the running index from the depositions;

-- for exhibits that were designated as a Phase One or Phase Two Trial Exhibit by any party (including deposition exhibits, reliance exhibits, and all other Phase One or Phase Two Trial Exhibits), use the same exhibit number as assigned during Phase One or Phase Two of the case.

-- for all other exhibits, use the following numeric ranges:

| | |
|---|---|
| U.S. | 230,000 |
| BP | 240,000 |
| Anadarko | 280,000 |

New Orleans, Louisiana, this 1st day of August, 2014.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**