

**U.S. Department of Justice**
Environment and Natural Resources Division
Environmental Enforcement Section

90-5-1-1-10026

---

*Brandon J. Robers*                                              *Telephone (202) 514-5292*
*U.S. Mail:  P.O. Box 7611, Washington, DC  20044-7611*          *Facsimile (202) 514-2583*
*Overnight Mail:   601 D Street N.W., Washington, DC, 20004*
*E-mail: brandon.robers@usdoj.gov*

July 28, 2014

BY ELECTRONIC MAIL

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130
Sally_Shushan@laed.uscourts.gov

      Re:      <u>MDL 2179 - Rear Admiral (ret.) Mary Landry</u>

Dear Judge Shushan:

      During the Penalty Phase Telephone Conference on July 24, 2014 BP objected for the first time to the United States' addition of Rear Admiral (ret.) Mary Landry to its Rule 26(a) disclosure.  BP makes this objection now, more than two weeks after learning of the addition of Rear Admiral (ret.) Landry and despite the centrality of her role to a suite of events that BP appears to believe to be highly relevant to this phase of the litigation.[1]  The United States respectfully requests that the Court overrule BP's objection.

      Rear Admiral (ret.) Landry's testimony will relate to the penalty factor concerning Defendant's efforts to mitigate, minimize or prevent the effects of the spill.  In its most recent disclosure, served July 2, 2014, BP identified no less than twelve witnesses that may have knowledge related to efforts to respond the spill, including efforts to "mitigate, minimize, or prevent the effects of," the spill.  As the depositions of these witnesses proceeded, it became clear the Rear Admiral (ret.) Landry played a central role in events the BP appears to believe to be highly relevant to its defense.  For example, BP has examined twelve witnesses on topics related to the application of dispersants during the response, including Rear Admiral Landry's June 2010 decision to issue a directive limiting their use.  So far, nine Penalty Phase depositions have included testimony that refers directly to Rear Admiral (ret.) Landry.

---

[1] The United States served its Third Amended United States Initial Disclosures Under Fed. R. P. 26(a)(1) on July 11th, 2014.  BPXP was made aware of the addition of Rear Admiral (ret.) Landry by email (Himmelhoch) on July 8th, 2014.

1

Given information gleaned during these depositions concerning the defense that BP intends to pursue, the United States determined that Rear Admiral (ret.) Landry had discoverable information and that the United States might use her testimony to support its claims. As scheduling difficulties associated with Captain (ret.) Roger Laferriere's deposition continued, the United States offered to make *both* available for deposition and designated Rear Admiral (ret.) Landry to address the portion of 30(b)(6) topic for which Captain (ret.) Laferriere has been previously designated, an accommodation that BP accepted at the time.  It wasn't until after BP decided that it no longer wished to pursue further 30(b)(6) testimony on dispersants that they objected to the addition of Rear Admiral (ret.) Landry.  BP should not be allowed to use its case development decisions to limit the United States' ability to present testimony to support its claims at trial.

BP cannot plausibly argue that that they have been prejudiced by Rear Admiral (ret.) Landry's addition: she sat for two days of deposition testimony during Phase Two of this proceeding, the centrality of her role in decisions the BP contends are relevant has been well know by BP for some time, and she was made available for deposition on a date agreed to by BP. Further, while the parties have agreed that BP will not be taking further 30(b)(6) testimony concerning dispersant use, Rear Admiral (ret.) Landry remains available for fact deposition.

The addition of Rear Admiral (ret.) Landry is analogous to BP's decision to amend its Rule 26(a) disclosure to add Steven Bray.  BP has asserted that supplementation of disclosures as a case progresses and the scope of issues for trial becomes more defined is supported by the applicable case law.  *See* Rec. Doc. 12,952 citing *Melter/Austin Resturant Corp. v. Benihana National Corp.*, 2013 WL 75762.  This Court agreed and permitted BP to supplement its disclosure to add Mr. Bray well past the deadline for Rule 26(a) disclosures.  Having fought for and won the right to supplement, BP cannot now deny this right to the United States.

BP asserts that the identification of Rear Admiral (ret.) Landry was simply a trade off for the potential unavailability of Captain (ret.) Laferriere.  In fact, however, the United States' amended Rule 26(a) disclosure did not limit the designation of Admiral Landry in any such way. In fact, the United States identified her as a witness who "may have information regarding the nature, extent, and degree of success of any efforts of the violator to minimize or mitigate the effects of the discharge, and any other matters as justice may require."  That is what she will testify to at trial if called.

I appreciate your continued attention to this matter and look forward to discussing these and other issues with you and the Defendants during our next status conference.

Respectfully submitted,

/s/ Brandon J. Robers

Brandon J. Robers

cc:     BP Penalty Phase Counsel
        APC Penalty Phase Counsel