UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
|   "Deepwater Horizon" in the Gulf | * | |
|   of Mexico, on | * | |
|   April 20, 2010 | * | SECTION "J" |
| | * | |
| | * | |
| This Document Relates to: | * | JUDGE BARBIER |
| Only Civil Action Number | * | |
| 2014-01647 | * | MAGISTRATE SHUSHAN |
| | * | |
| *   *   *   *   *   *   *   * | | |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND
AND FOR ATTORNEY FEES AND COSTS**

**MAY IT PLEASE THE COURT:**

Plaintiffs, Gilbert V. Andry IV, and The Andry Law Firm, L.L.C. ("Plaintiffs"), respectfully submit this Memorandum in Support of their Motion to Remand and For Attorney Fees and Costs, and state the following to-wit:

**I.      INTRODUCTION**

This is a state law case, originally filed in the 25th Judicial District Court for the Parish of Plaquemines, seeking damages related to defamatory acts and statements by the Defendants, BP Exploration & Production, Inc., BP America Production Company, Michael Kunselman and Mark Holstein. There is no diversity jurisdiction. Nor are there any claims based in federal law and/or which involve substantially disputed questions of federal law. The sole purpose of Defendants' removal of this action is to delay the state court proceeding and to divest the state court of its power to adjudicate the issues involved in this litigation. This Court should not suffer these tactics.

Accordingly, this Court should remand this matter to the proper state court of origin, and award the Plaintiffs attorney fees and costs incurred in the preparation of this motion.

## II.   FACTUAL BACKGROUND

Gilbert V. Andry, IV is the managing member of The Andry Law Firm, LLC, which is a successful plaintiffs' law firm in New Orleans. Upon the suggestion of its accountant, David Kushner of Kushner LaGraize, LLC, The Andry Law Firm, LLC filed a claim in the summer of 2012 based upon the parameters of the BP master settlement agreement. The Andry Law Firm, LLC, does not represent, nor has it ever represented, any claimants in the BP settlement. Despite this fact, the Defendants have engaged in a campaign of defamation directed at Plaintiffs. Specifically, on June 21, 2013, Defendant Kunselman, falsely reported that The Andry Law Firm, LLC's claim had been placed on hold based on erroneous allegations of wrongdoing within the Court Supervised Settlement Program. Further, it was reported that a confidential source had alleged that former Deepwater Horizon Economic Claims Center staff attorney Lionel Sutton had a financial interest in the Andry Law Firm, LLC's claim, which was patently false.

Similarly, Defendant BP falsely attacked the Plaintiffs by publishing a two-part series of advertisements, beginning on September 11, 2013 and continuing on January 16, 2014, in the New York Times, the Washington Post and the Wall Street Journal, which further disparaged the reputation of Plaintiffs both locally and nationally. Plaintiffs could not sit idly by and allow the Defendants to defame their reputation and good will in the New Orleans community, much less nationally. As a result, the Plaintiffs filed the underlying action in the 25th Judicial District Court for the Parish of Plaquemines asserting state law claims of defamation.

**III.     REMOVAL**

The Defendants removed the underlying action to this Court on July 17, 2014. They contend that this Court has federal question subject matter jurisdiction, yet they cannot cite to any federal claims raised by Plaintiffs in their Petition. They point to Plaintiffs' recitation of their BP claim in the Petition for Defamation as a means to establish federal jurisdiction. In other words, the Defendants argue that this all stems from Plaintiffs' BP claim, so it should be in federal court. That is a red-herring. This case involves specific acts and omissions of non-diverse defendants which damaged Plaintiffs' business reputation in the New Orleans community and nationally, and which conferred upon Plaintiffs a cause of action for defamation against the Defendants. The claims are separate and apart from Plaintiffs' BP claim. As set forth below, there is no federal question subject matter jurisdiction and this Court should remand this case to the state law court of origin, and award Plaintiffs attorney fees and costs for preparation and filing of this motion.

**IV.     LAW AND ARGUMENT**

   *a.     Removal Statutes Must Be Strictly Construed In Favor Of Remand*

It is well settled that "federal district courts are 'courts of limited jurisdiction' whose powers are confined to statutorily and constitutionally granted authority." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Because removal raises significant federalism concerns by depriving a state court of an action properly before it, "the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In Re Hot-Hed, Inc.,* 477 F.3d 320, 323 (5th Cir. 2007). Thus, a district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. 1447(c).

      **b.**     *Federal question requires a substantial, disputed question of federal law.*

In order to implicate this Court's federal question jurisdiction, the removing party "bears the burden of demonstrating that a federal question exists" under the well-pleaded complaint rule. *In re Hot-Hed, Inc.,* 477 F.3d at 323. Under this rule, a federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *Id.* The removing party "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim, ignoring his own pleadings and petition for removal." *Carpenter v. Wichita Falls Independent School Dist.,* 44 F.3d 362, 366 (5th Cir. 1995). Further, the removing party "may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Id.*

      **c.**     *Petition raises no substantial disputed question of federal law*

A review of the Plaintiffs' Petition for Defamation filed in this matter reveals no substantial, disputed question of federal law. Instead, as noted above, the Petition raises only state law claims for defamation resulting from Defendants' acts and omissions in reporting and publishing false and defamatory information. As the Fifth Circuit has repeatedly noted, "generally, there is no federal jurisdiction if the plaintiff properly pleads only state law cause of action." *Bernhard v. Whitney Bank,* 523 F.3d 546, 551 (5th Cir. 2008). Indeed, federal question subject matter jurisdiction exists in an action solely pleading state law claims only "if: (1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law" such that any state law claim is concerned to be, in actuality, a federal law claim. *Id.* The Defendants' removal notice does not contend that Plaintiffs' state law claims raise a federal issue, nor do they assert that Plaintiffs' claims are completely pre-empted by federal law. Rather,

in an effort to invoke this Court's jurisdiction, Defendants simply ignore the well pleaded complaint rule and attempt to manufacture a federal question where none exists.

First, Defendants mention the Outer Continental Shelf Lands Act, 43 U.S.C. 1331, *et seq*. ("OCSLA") in their removal notice, even though this federal statute isn't mentioned or referenced in the state court Petition for Defamation. Defendants do not explain how or why OCSLA vests this Court with subject matter jurisdiction over Plaintiffs' state law claims, as is their burden under the removal statute, other than to contend that Plaintiffs' claims "arise out of" BP's operations on the Outer Continental Shelf. This is absurd. Again, the Defendants point to Plaintiffs' reference to their BP claim within the Petition for Defamation as some sort of admission or acknowledgement of this Court's jurisdiction. To the contrary, the Plaintiffs claims arise from Defendants acts in publishing defamatory statements which damaged their reputation. Further, simply because this Court has jurisdiction over certain claims related to the Deepwater Horizon disaster, does not create a federal question regarding a dispute concerning <u>only</u> state law claims. The adjudication and resolution of those claims do not, in any way, create a substantial disputed question of federal law necessary to invoke federal question jurisdiction.

Second, Defendants contend that because the Petition for Defamation involves the Plaintiffs' BP claim (another red-herring), maritime law should apply. This contention is wholly without merit for a number of reasons. First, it ignores the well-pleaded complaint rule and relies on language set forth in the Settlement Agreement executed in the BP Deepwater Horizon MDL. This is contrary to law. Further, this argument relies on the mistaken presupposition that Plaintiffs' claims are directed at enforcement of the Settlement Agreement. Again, Plaintiffs are seeking

damages resulting from Defendants' false and defamatory statements, which are only tangentially related to their BP claim.

Simply put, the Plaintiffs' petition, on its face, only asserts state law causes of action. It does not, under any circumstances, create a substantial disputed question of federal law resulting in federal question jurisdiction. Defendants have failed to meet their burden to demonstrate that this Court has subject matter jurisdiction over this case. Accordingly, this Court should remand this case back to the originating state court.

### d.     *This Court should award Plaintiffs attorney fees and costs*

28 U.S.C. 1447(c) provides this Court with the discretion to award the attorney fees and costs incurred as a result of removal if "the removing party lacked on objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141. This is such a case.

Diversity jurisdiction does not exist – it's not even referenced in the Defendants'' Notice of Removal. Therefore, the only basis for this Court's subject matter jurisdiction would be federal question jurisdiction. As set forth above, the Petition for Defamation filed in state court clearly and unambiguously only alleges state law causes of action. The sole basis for Defendants' removal appears to be that because this Court has jurisdiction over claims relating to the Deepwater Horizon disaster that this Court has jurisdiction over this defamation case which involve actions by Defendants wholly separate from the terms of the Deepwater Horizon settlement.

This is not an objectively reasonable position to take. In fact, it is clear that this removal motion was filed solely to delay the proceedings in this matter and deprive the state court of its power to adjudicate the underlying issues. Because the Defendants lacked any objectively

reasonable basis for removal, this Court should award the attorney costs and fees incurred in the filing of this motion to remand.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs pray that this Court remand this matter to the proper state court of origin, and that this Court award the Plaintiffs attorney fees and costs incurred in the preparation of this motion.

          Respectfully submitted,

          THE BEZOU LAW FIRM

          s/Jacques F. Bezou, Sr.
          JACQUES F. BEZOU, SR., T.A. (3037)
          MATTHEW L. DEVEREAUX (32125)
          JACQUES F. BEZOU, JR (33728)
          534 East Boston Street
          Covington, Louisiana   70433
          Telephone:   (985) 892-2111
          Facsimile:   (985) 892-1413
          Email: jbezou@bezou.com
                jbezou2@bezou.com
                mdevereaux@bezou.com

          *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Motion to Remand and For Attorneys' Fees and Costs has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of August, 2014.

                                                          s/Jacques F. Bezou, Sr.
                                                          JACQUES F. BEZOU, SR.