UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

REPLY OF THE SPECIAL MASTER
TO RESPONSE FILED BY ANDRY LERNER LLC
<u>TO MOTION FOR RETURN OF PAYMENTS MADE TO JARROD A. BURRLE AND OTHERS</u>

COMES NOW Special Master Louis J. Freeh, who provides this reply to the response filed by Andry Lerner LLC to the motion for return of payments made by the Deepwater Horizon Economic Claims Center ("DHECC") to Jarrod A. Burrle and others:

1. The Andry Lerner firm states that the Special Master produced no evidence that Burrle's 2008 tax form was fraudulent.  The firm also states that the mere fact that Burrle's 2008 tax form was not timely filed or that taxes owed are unpaid "do not rise to the level of badges of fraud."

2. Viewed in totality, the evidence shows that Burrle's 2008 Form 1040 filed with the DHECC was not prepared as part of a reasonable effort to fulfill a tax obligation, but rather was created only to support a fictitious DHECC claim.  *See United States v. Thomas*, 627 F.3d 146, 154 (5th Cir. 2010) (evidence must be viewed in totality, rather than in isolated bits and pieces, drawing reasonable inferences from the collective record).

3. Burrle's 2008 tax form was prepared 21 months after the return was due, and just weeks after the GCCF asked him for his 2008 tax return.  *See* Exhibits B, D.  He filed the return without paying the taxes or penalties due on a late return.  *See* Exhibits D, K.  He did

not explain the late filing.[1]  Despite a court order requiring Burrle to produce records, Burrle provided no records for claimed expenses, such as $11,474 in boat fuel, $33,350 in crab traps or $17,475 in bait.  *See* Exhibit D; February 6, 2014 Order [Doc. Rec. 12297].

4.  Burrle had at least $50,500 in income In 2010, yet did not use any of this income to pay any part of his outstanding 2008 tax obligation, nor did he file a 2010 tax return or pay tax on his 2010 income.  *See* Exhibits F, K.  Nonetheless, Burrle presented a 2010 Form 1040 to support his alleged loss one month after he received a notice from the GCCF requesting his 2010 tax return.  *See* Exhibits E, F.  Burrle also received DHECC payments in 2012, yet he still made no payments on his outstanding taxes.

5.  The Andry Lerner firm's position that Burrle's 2010 tax obligation was satisfied because third parties reported money paid to Burrle that year on Form 1099s filed with the IRS is misplaced.  Burrle never filed a "return" to resolve his tax obligations with the IRS, as he never submitted to the IRS a signed document which disclosed all of the information from which tax liability could be computed.  *See In re Johnson*, 236 B.R. 456, 462-63 (Bankr. M.D. Fla. 1999) (filing of Form 1099 with IRS reflecting commercial fisherman's share of fishing boat proceeds did not qualify as a tax "return" where fisherman failed to file a signed form identifying all income and qualified expenses for the tax year).

6.  While late filing of a tax return – standing alone – may not prove a fraud, courts have explained that the totality of circumstances can demonstrate fraudulent intent, including late filing of taxes, the timing of tax filings and a failure to pay taxes despite the taxpayer having available income.  *See United States v. Coney*, 689 F.3d 365, 375-76 (5th Cir.

---

[1] On March 25, 2014, the Special Master's investigators spoke to Antoinette Green, the tax preparer who prepared Burrle's 2008 tax forms.  Green said Burrle did not explain why he was preparing his return for 2008 in January 2011.  She did not recall if Burrle provided any supporting documents for his 2008 return.

2012); *In re Bruner*, 55 F.3d 195, 200 (5th Cir. 1995).  The timing of Burrle's preparation of his tax forms, combined with his pattern of disregarding tax obligations, failing to make required tax payments and failing to keep rudimentary business records, demonstrates that Burrle's 2008 Form 1040 was prepared only to support his DHECC claim.

7.   Andry Lerner acknowledges that the Court's decision in *Thonn* provides authority to order a clawback of legal fees paid pursuant to a contingent fee agreement. The firm nonetheless states that the Special Master has not cited cases where a *third party*, rather than a client, sought return of paid legal fees after an award is overturned.  This argument misunderstands the nature of the remedy that applies in this and similar cases.

8.   The central principle of restitution is that "[a] person who is unjustly enriched at the expense of another is subject to liability in restitution."  Restatement (Third) of Restitution & Unjust Enrichment § 1 (2011).  Here, the harmed party is not the Andry Lerner firm's client, who filed a false claim and was not entitled to payment from the DHECC trust.  Instead, the harmed party is the DHECC trust and its beneficiaries, who are deprived of funds intended to benefit truly injured parties from the 2010 oil spill.  This harm provides ample support for the DHECC to seek restitution of improperly paid funds.

9.   In *Thonn*, the Court distinguished between bona fide creditors (who are not liable in restitution) and real parties in interest (who are liable in restitution).  The nature of the fee arrangement is the primary factor in determining into which category a third party falls.  *See Mohamed v. Kerr*, 91 F.3d 1124, 1126 (8th Cir. 1996) (lawyer paid pursuant to contingent fee arrangement does not take fee as a bona fide creditor).

10.   Consistent with *Thonn*, the Special Master has sought the amount of benefit that a professional received from a claim later shown to have been paid by fraud.  *See* Final

Judgment (July 16, 2014) [Doc. Rec. 13150].  Moreover, the Special Master has not sought

recovery from professionals where the payments appear to have been made as a bona fide

creditor entitled to the payment without regard to the client's ultimate success.  *See*

Supplemental Memorandum in support of Motion for Return of Payments to Jarrod A.

Burrle at 2-3 (declining to seek restitution from accounting firm paid pursuant to hourly

service contract rather than contingency fee contract) [Doc. Rec. 13163].

      For all of these reasons, a judgment against the Andry Lerner firm should be entered

in the amount of $7,502.38.

                                           Respectfully submitted,


                                         _____/s/ Louis J. Freeh_____
                                         Louis J. Freeh
                                         Special Master


Dated:  August 8, 2014

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the above and foregoing papers have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and that a copy of the foregoing have been served this ___8th___ day of _____August_____, 2014, by electronic mail, on the following:

George M. Gates, IV
650 Poydras Street, Suite 2323
New Orleans, LA 70130-7208
*Attorneys for Jarrod A. Burrle*

Lewis O. Unglesby
Lance C. Unglesby
Unglesby Law Firm
246 Napoleon Avenue
Baton Rouge, LA 70802
*Attorneys for Jon Andry*

Pauline F. Hardin
James E. Wright, III
Virginia W. Gundlach
Jones Walker LLP
201 St. Charles Ave. – 49th Floor
New Orleans, LA  70170

     and

William W. Taylor, III
Amit P. Mehta
Zuckerman Spaeder LLP
1800 M. Street, NW – Suite 1000
Washington, DC 20036-5807
*Attorneys for Glen J. Lerner*

Douglas S. Draper
Heller, Draper, Patrick & Horn, LLC
650 Poydras Street – Suite 2500
New Orleans, LA  70130
*Attorneys for Andry Lerner, LLC*

George D. Fagan
Margaret F. Swetman
Leake & Andersson, LLP
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163
*Attorneys for Woodbridge Baric Pre-Settlement Funding, LLC*

David D. Bravo, Esq.
The Law Firm of David D. Bravo, APLC
610 Baronne St.
New Orleans, LA 70113

Leo J. Palazzo, Esq.
Jason Markey, Esq.
Mario A. Arteaga, Esq.
Palazzo Law Firm
732 Behrman Highway, Suite F
Gretna, LA  70056

/s/Louis J. Freeh
Louis J. Freeh