## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  Oil Spill by the Oil Rig "*Deepwater* *Horizon*" in the Gulf of Mexico, on April 20, 2010** | : : : : | **MDL No. 2179** **SECTION: J** |
| **This Document Relates To: 10-4536** | : : : | **Honorable CARL J. BARBIER** **Magistrate Judge SHUSHAN** |

…………………………………………………………………………………………..

### MEMORANDUM SUPPORTING MOTION TO REVIEW ORDER REGARDING ADMIRAL MARY LANDRY

The United States objects to the Order of the Magistrate Court (docket # 13251)[1] striking the addition of Rear Admiral (ret.) Mary Landry from its 26(a) disclosures.  As explained more fully herein, this decision was clearly erroneous or contrary to law because (1) the United States was prompt in supplementing its disclosures once discovery revealed the potential need for Admiral Landry as a witness, (2) there was no prejudice to BP, as it had the time opportunity to depose Admiral Landry or adjust its case strategy as it saw fit, and (3) BP was given the opportunity to supplement its disclosures to add a rebuttal witness under extremely analogous circumstances.  For these reasons, the United States moves this Court to reverse the Magistrate Court's order striking Admiral Landry from its 26(a) disclosures.

### I.  BACKGROUND

The Penalty Phase Trial set to begin January 20, 2015 will cover the remaining penalty factors that need to be considered in order for the Court to assess civil penalties against BP and Anadarko.  Those factors include, *inter alia*, the "seriousness of the violation" and "efforts of the violator to minimize or mitigate the effects of the discharge." 33 U.S.C. § 1321(b)(8).  Despite

---

[1] Attachment A.

1

the statute's clear focus on the conduct of the *violation* and the *violator*, BP apparently intends to present evidence at trial regarding actions taken during the response by a whole host of other entities, including the United States, State and local governments, and even private landowners, that allegedly made the response more challenging or enhanced the environmental harm caused by the spill.[2]

One of BP's many allegations regarding the conduct of other parties relates to the use of dispersants. More particularly, while dispersants were used throughout the response, limitations were placed on their use by the Federal On-Scene Coordinator. In its written discovery responses served on April 28, BP alleged that the limitations on dispersant use imposed by the United States, including the limitations contained in a directive (hereinafter titled "Addendum 3") co-signed by Admiral Landry, resulted in increased shoreline oiling from undispersed oil.[3]

BP initially listed, *inter alia*, all "Representatives of BPXP, third parties, and federal, state and local government at the Unified Area Command…including all…on-scene coordinators" (which would include Admiral Landry) as potential witnesses for the penalty phase trial.[4] The United States adopted this list of witnesses as its list of potential witnesses in its first amended disclosures, without objection.[5] Both sides subsequently amended their disclosures several times, adding and dropping witnesses. BP's final amendment was the addition of Steven

---

[2] Attachment B, BPXP's Responses to the United States First Set of Discovery Requests (Public Version), Pages 35-42. By preserving its right to present evidence rebutting BP's allegations, the United States in no way concedes the relevance of these issues to the Penalty Phase Trial, and reserves the right to object to BP's presentation of these issues on the grounds of relevance or any other basis.

[3] Attachment B, Pages 35-36.

[4] Attachment C, BPXP Initial 26(a) Disclosures, at 7-8.

[5] Attachment D, US First Amended 26(a) Disclosures, at 2.

Bray, via letter, on May 22, 2014.[6]  The United States objected to this addition as untimely, but was overruled.[7]

Throughout June and July, the parties proceeded to conduct fact and 30(b)(6) depositions. BP requested a United States 30(b)(6) witness regarding certain dispersant issues, and the United States agreed to produce several witnesses on the topic, including Captain (ret.) Roger Laferriere. The initial fact deposition schedule was set on May 12, 2014.

As depositions progressed, it became clear that BP was interested not only in the alleged shoreline impacts from the reduction in dispersant use (which is what it had stated in its interrogatory responses on the subject),[8] but it was also apparently interested in probing into the motive and basis surrounding the development of Addendum 3, including the mental processes of Admiral Landry.

Unfortunately, Captain Laferriere (who is now an incident manager for FEMA) was mobilized for the majority of the summer to help oversee the U.S. Government's response to the unaccompanied minors immigration crisis.  Captain Laferriere, who did not have personal knowledge regarding the development of Addendum 3, was unavailable to prepare to testify as a 30(b)(6) representative.[9]  Therefore, the United States presented (and BP accepted) an offer to substitute Admiral Landry as the 30(b)(6) witness instead.[10]  The United States amended its

---

[6] Attachment E, Docket No. 12925 at 2.

[7] Attachment F, Docket No. 12962.

[8] Attachment B at 35-36.

[9] Captain Laferriere did ultimately appear for a fact deposition upon demobilization on Aug. 5, 2014, but he had little personal knowledge regarding the directive, or about Admiral Landry's thought processes.

[10] Attachment G (Email correspondence between July 8 and July 11 between Sarah Himmelhoch, Andy Langan, and Hariklia Karis); Attachment H (July 10 discovery status conference at 4-6).

26(a) disclosures to specifically list Admiral Landry as a potential trial witness.[11]  The parties

negotiated a deposition date of July 28.[12]

Then, six days before the agreed Landry deposition, BP announced it did not intend to

depose Admiral Landry.  Subsequently (two weeks after the amendment to the disclosures), BP

announced its objection to Landry being placed on the witness list, calling the disclosure

untimely.  The parties briefed the issue to Magistrate Judge Shushan, who ruled that the addition

of Admiral Landry to the United States 26(a) disclosures was untimely.  This objection follows.

## II.   THE ADDITION OF ADMIRAL LANDRY TO THE 26(A) DISCLOSURES WAS DONE PROMPTLY IN COMPLIANCE WITH RULE 26 ONCE BP'S CONTENTIONS REGARDING HER STATE OF MIND BECAME APPARENT

Orders of a Magistrate Judge regarding nondispositive matters must be set aside if they

are clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  A

ruling is "clearly erroneous" when "although there is evidence to support it, the reviewing court

on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

As BP argued in defending the addition of Bray to its disclosures,[13] it is universally

understood that parties can (and must) adjust their initial disclosures as discovery progresses and

the scope of issues for trial become more defined. *Meltzer/Austin Rest. Corp. v. Benihana Nat.

Corp.*, 2013 WL 75762, No. A-11-CV-542-LY-AWA (W.D. Tex., Jan. 4, 2013) at *2-3; *see also*

Fed. R. Civ. P. 26(e)(1) (imposing a duty upon parties to supplement initial disclosures if the

party learns that the initial disclosure is incomplete).  Both BP and the United States have done

---

[11] Attachment K, United States Third Amended Disclosures.

[12] Attachment G.

[13] Attachment I, Docket No. 12952.

so here.  BP's latest addition to its witness list, Steven Bray, was added May 22, 2014 – ten days after the deposition schedule was set.  The United States objected to the addition of Mr. Bray, but BP, citing *Meltzer*, successfully argued that the Federal Rules allowed for his addition.

The prospect of Admiral Landry coming to trial was broached long before July 11, 2014.  BP had initially included all Federal On-Scene Coordinators, including Admiral Landry, as possible witnesses in its initial 26(a) disclosures, and the United States adopted those disclosures, without objection from BP.

As depositions progressed, BP attempted to elicit detailed testimony from various other witnesses regarding not only the shoreline impacts of reduced dispersant use (which had been BP's contention in written discovery), but also the circumstances surrounding the signing of Addendum 3, including the mental processes of the persons who signed the document.  The United States planned to prepare its announced 30(b)(6) witness on dispersants, Captain Laferriere, to testify knowledgeably about the subject.  When Captain Laferriere's unavailability became clear in early July, the United States promptly notified the Court and the parties and offered Admiral Landry as an alternative witness on July 8.  Shortly thereafter, on July 11, the United States added Admiral Landry to its 26(a) disclosures, in part to ensure, for completeness, that if BP presented a case at trial regarding the circumstances surrounding Addendum 3, the record would include rebuttal testimony from (or informed by) Admiral Landry herself regarding her motivations and considerations when co-signing the document.  This amendment was fully consistent with Rule 26, and was necessary to ensure an accurate, complete record regarding the limitations that were placed on the use of dispersants.

### III.  ANY PREJUDICE SUFFERED BY BP WAS OF ITS OWN MAKING, AND RESULTED FROM BP'S ATTEMPTS TO LOCK IN AN INCOMPLETE FACTUAL RECORD

The United States amended its disclosures to include Admiral Landry on July 11, and had presented Admiral Landry as an alternative 30(b)(6) deponent on July 8.  At that time, expert reports were more than a month away.  BP *agreed* to the substitution of Admiral Landry as a 30(b)(6) witness and agreed to a deposition date of July 28, 2014.[14]  Then, on July 22, 2014, BP abruptly announced that it did not intend to take Admiral Landry's deposition, and on July 24 announced its objection to Admiral Landry coming to trial – nearly two full weeks after the United States had amended its disclosures.

BP's decision to forego taking Admiral Landry's deposition is fatal to any claim of prejudice.  It had a full opportunity to discover the likely content of Admiral Landry's trial testimony, and it had an opportunity to do so well before the deadline for expert reports.  Thus, any prejudice could have been easily cured.  *Cf. Boudreaux v. State Farm Fire & Cas. Co.,* 2009 WL 5217646, Civ. No. 09-549 (E.D. La., Dec. 30, 2009), at *2 (denying motion to strike late addition of expert witness on the grounds that any prejudice has been or can be cured). Moreover, BP already deposed Admiral Landry for two days in Phase 2, during which time it was free to explore her views on disperants.  BP's delay in registering its objection to Admiral

---

[14] Attachment G, Attachment H.  Ultimately, BP changed positions and argued that it was somehow improper for the United States to offer Admiral Landry for a second deposition, since she was deposed in Phase 2.  *See* Attachment J, Docket No. 13247.  This argument is without merit – BP has done the same thing with Richard Morrison, one of its Penalty Phase 30(b)(6) witnesses and potential trial witnesses who had been deposed in Phase 1.  Other witnesses, including Mark Miller (US), Tom Hunter (US), Adam Ballard (BP), and Jonathan Sprague (BP) are examples of witnesses who have appeared for multiple depositions when the party producing them has voluntarily selected them as 30(b)(6) or expert witnesses.  The court's one-deposition rule, as captured in PTO 17, is designed to protect parties from being *compelled* to produce witnesses for multiple depositions, and obviously does not bar a party from offering a knowledgeable witness to testify in multiple phases of the case.

Landry's listing as a witness also belies its complaints of prejudice, as it waited until nearly the end of the fact deposition period to register its objection.

In its briefing below, BP claimed that it was harmed because it decided to withdraw certain witnesses from its disclosures in reliance on the United States disclosures.[15]  It failed to identify *which* witnesses would not have been withdrawn from its disclosures had Admiral Landry been listed sooner, and there are no obvious candidates.  Tellingly, if there *were* any witnesses whom BP would have wanted to add to its disclosures in response to the listing of Admiral Landry, BP could have attempted to amend its disclosures to list them.  Additionally, any disruption to BP's trial strategy was equal to the disruption suffered by the United States when BP added Steven Bray to its disclosures after the deposition schedule had been set.  The more obvious explanation for BP's decision not to seek Admiral Landry's deposition and to oppose her live testimony is that it simply does not want the record to contain her rationale and perspective on why she signed a document that BP intends to attack at trial.  In other words, BP apparently does not want the record on this matter to be accurate or complete.  This effort to exclude otherwise pertinent evidence from the record is not the sort of prejudice that Rule 26 protects.

## CONCLUSION

Because the United States fully complied with Rule 26 in adding Admiral Landry to its 26(a) disclosures and BP suffered no undue prejudice, the Order striking Admiral Landry from the United States disclosures should be reversed.

//

//

---

[15] Attachment J at 2.

7

Respectfully submitted,

JOSHUA WILKENFELD                          SAM HIRSCH
Acting Deputy Assistant Attorney General   Acting Assistant Attorney General
Civil Division                             Environment & Natural Resources Division
PETER FROST                                MICHAEL MCNULTY
Director, Torts Branch, Civil Division     STEVEN O'ROURKE
Admiralty and Aviation                     Senior Attorney
SHARON SHUTLER                             NANCY FLICKINGER
MALINDA LAWRENCE                           Senior Attorney
LAURA MAYBERRY                             PATRICK CASEY
Trial Attorneys                            RICHARD GLADSTEIN
R. MICHAEL UNDERHILL, T.A                  DANIEL S. SMITH
Attorney in Charge, West Coast Office      Senior Counsel
                                           ABIGAIL ANDRE
                                           A. NATHANIEL CHAKERES
                                           ANNA CROSS
                                           RACHEL HANKEY
                                           JUDY HARVEY
                                           RACHEL KING
                                           ERICA PENCAK
                                           BRANDON ROBERS
                                           GORDON YOUNG
                                           Trial Attorneys


                                           /s/ Sarah Himmelhoch_____
                                           SARAH HIMMELHOCH
                                           Senior Level E-Discovery Coordinator
                                           Environment and Natural Resources Division
                                           U.S. Department of Justice
                                           P.O. Box 7611
                                           Washington, D.C. 20044
                                           Telephone:  202-514-0180
                                           Facsimile:   202-514-2583
                                           E-mail:  sarah.himmelhoch@usdoj.gov


                                           KENNETH A. POLITE, JR.
                                           United States Attorney
                                           Eastern District of Louisiana
                                           SHARON D. SMITH
                                           Assistant United States Attorney
                                           Eastern District of Louisiana

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

/s/ Sarah Himmelhoch
Sarah Himmelhoch