# Attachment I

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle | |
|---|---|---|
| J. Andrew Langan, P.C. | Chicago, Illinois 60654 | |
| To Call Writer Directly: | (312) 862-2000 | Facsimile: |
| (312) 862-2064 | | (312) 862-2200 |
| andrew.langan@kirkland.com | www.kirkland.com | |

May 29, 2014

**Via Email**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

Re: *MDL 2179 Penalty Phase Witness Issues*

Dear Judge Shushan:

This is in response to Steve O'Rourke's letter of May 27 regarding Penalty Phase Witness issues. As explained below, the Department of Justice is incorrect in its claims that (a) BPXP should not be allowed to add Steven Bray as a "may call" witness and possibly call him at trial, and (b) the USA witnesses who BPXP has sought to depose, Captain Hanzalik and Captain Hein, are "cumulative" and should be precluded from providing their depositions.

**I. The Addition of Steve Bray as a Witness Was Timely, and the United States Cannot Establish Any Prejudice As He Has Been Offered for Deposition Before Any Depositions Have Begun and Well Within the Fact Discovery Period.**

The United States complains that BPXP should not be allowed to amend its Rule 26(a) disclosures to add Mr. Steven Bray, who has critical information that is central to the United States' theories about BPXP corporate governance.

Rule 26(a)(1)(A)(i) requires a party to disclose the name and identifying information of individuals "likely to have discoverable information" "that the disclosing party may use to support its claims or defenses…"

BPXP timely served Rule 26(a) disclosures on April 4, 2014, expressly reserving its rights to amend or supplement those disclosures as additional information became known, including a better understanding of the United States' contentions. The right to amend is by no means unique to BPXP; the United States served Rule 26(a) disclosures on April 4, 2014, also reserving its right to supplement or amend its disclosures. Under Rule 26(a)(1)(E), a party "must make its initial disclosures based on the information then reasonably available to it." BPXP complied with this Rule in its disclosures, in good faith. At the time of its initial disclosures, BPXP had only a general understanding of the USA's claims on corporate governance issues and

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 29, 2014
Page 2

did not list any witnesses on these issues – for example, BPXP did not list Ms. Pennington nor Ms. Robertson in its initial disclosures.[1]

Rule 26(e) requires supplementation of initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." BPXP also followed this Rule, as explained below.

In the weeks following its initial disclosures, as part of the meet and confer process to discuss draft discovery requests as well as areas of expert testimony, it became evident to BPXP that the United States intended to seek discovery of and pursue legal theories regarding BPXP and BP Group corporate governance issues as part of the "Economic Impact of a Penalty on the Violator" factor. Specifically, among other things, the United States informed BPXP as part of a required meet and confer discovery conference on April 16 regarding areas of anticipated expert testimony that the United States intended to proffer expert testimony during the Penalty Phase on corporate governance. The United States further explained its intention regarding corporate governance during meet-and-confer discussions about why it sought the depositions of Brenda Pennington and Denise Robertson.

Given this new information gleaned about the case the United States intends to pursue, BPXP determined that (a) Mr. Bray "had discoverable information" and (b) BPXP might possibly use his testimony in support of its defenses in the Penalty Phase. Therefore, with fact depositions not due to commence until June 9 per the Court's April 21 Scheduling Order (Rec. Doc. 12688), BPXP disclosed to the United States on May 21 that Mr. Bray had information about these corporate governance issues.

Next, in BPXP's letter to the court dated May 22, BPXP stated that:

> "In lieu of the depositions of Ms. Pennington and Ms. Robertson, BPXP would produce for deposition Mr. Steven Bray, who since November 2009 to the present has been Vice President and Secretary of BPXP. Mr. Bray has broad knowledge of the corporate governance issues that the United States has sought discovery on, is senior in the organization to both Ms. Pennington and Ms. Robertson, and remains an officer and director of BPXP, while Ms. Pennington and Ms. Robertson resigned from their BPXP director positions in February 2011. Ms.

---

[1] The Court's Order of May 23 (Rec. Doc. 12932) stated that BPXP had identified Ms. Pennington and Ms. Robertson in its Rule 26(a) disclosures, but that is not correct. Both of those witnesses were identified only by the United States, not by BPXP. Further, BPXP wishes to notify the Court and the United States that Ms. Pennington has been experiencing significant health issues, and she is currently hospitalized for surgery, making her availability for a deposition questionable.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 29, 2014
Page 3

    Robertson has not been an officer of BPXP since 2012, while Ms. Pennington is presently Assistant Secretary.

**BPXP hereby amends its Rule 26(a) disclosures to identify Mr. Bray as a witness. He is available for deposition on June 27, 2014."[2]**

    BPXP's May 22 letter was a good faith supplementation of its Rule 26(a) disclosures, in compliance with Rule 26(e). In its May 22 response, the United States did not disagree, and instead said this:

> "We will take his [Bray's] deposition, now that BP has informed us that he is a 'may call' witness, and we hereby request that BP identify a date for the deposition."

    No objection was made to Mr. Bray's disclosure last week by the United States and indeed the United States asked for a deposition date, which BPXP had already provided.

    In response to another email from the United States on May 23 (Rachel Hankey), the United States reserved the right to choose Mr. Bray as one of its two custodial file choices. BPXP again confirmed that Mr. Bray had been identified as a witness BPXP might call at trial and that he would be produced for deposition on June 27. (Exhibit A hereto.)

    Only on May 27, after stating on May 22 that it would take Mr. Bray's deposition, did the United States suddenly claim that Mr. Bray's disclosure was not proper. But the United States does not and cannot legitimately claim any prejudice from the disclosure of Mr. Bray, especially since fact depositions have not even started, and he has been made available for deposition by BPXP with a suggested date of June 27. Indeed, from the language of the United States' May 22 and 27 letters, it is obvious that the United States itself has long known of Mr. Bray and they have already been reviewing documents associated with him, rendering any claim of prejudice meritless.

    The applicable case law supports BPXP's decision to amend its Rule 26(a) disclosures to include Mr. Bray once it became apparent that the United States intended to include corporate governance issues as part of its case – and it makes clear that BPXP was not obligated to do so prior to that time. *See, e.g.*, *Meltzer/Austin Restaurant Corp. v. Benihana Nat'l Corp.*, 2013 WL 75762, *2-3 (W.D. Tex. Jan. 4, 2013) (Rule 26(a) disclosures are based on what disclosing party believes it will use to support its claims and defenses, not what opposing party believes to be

---

[2] BPXP has served its Second Amended Rule 26(a)(1) disclosures as of May 29, adding Mr. Bray as the **only** additional witness and dropping a number of others potential witnesses who had been listed on its initial and amended disclosures.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 29, 2014
Page 4

relevant, and as case progresses and scope of issues for trial becomes more defined, parties have a duty to supplement initial disclosures). Moreover, BPXP's amended disclosure simply does not cause the United States any prejudice at this early date, when fact depositions have not yet begun and there remains time to address any issues. *See, e.g.*, *Boudreaux v. State Farm Fire and Cas. Co.*, 2009 WL 5217646, *2 (E.D. La. Dec. 30, 2009) (Barbier, J.) (denying motion to exclude witnesses after plaintiff's failure to comply with scheduling order, in part because any prejudice that could have been caused by delayed disclosures already had been or could be cured).

The United States also raises the specter that the eventual deposition of Mr. Bray may raise issues of privilege because he is a lawyer. While some issues of privilege may arise, depending on the questions asked, those potential issues provide no grounds to short circuit the deposition and deny BPXP's right to call him as a witness. We are confident that the parties, with the assistance of the Court if needed, can navigate the privilege issues, as we have for many other witnesses in MDL 2179.

**II.     BPXP Should Be Allowed to Proceed with the Depositions of the USA's Witnesses Regarding the Company's Response and Mitigation Efforts.**

The United States asserts that "virtually all of BPXP's Rule 30(b)(6) topics and the factual depositions sought relate to the penalty factor concerning Defendant's efforts to mitigate, minimize or prevent the effects of the spill." (U.S. Ltr. at 3) In particular, the United States contends that "fact depositions by BPXP include eight witnesses from the United States on this same penalty factor." (*Id.*) The United States is simply incorrect.

As a preliminary matter, it is not true that "virtually all" of BPXP's Rule 30(b)(6) topics relate to the mitigation penalty factor. Indeed, BPXP's Rule 30(b)(6) topics address several other factors, including the seriousness of the violation (*see, e.g.*, Exhibit B at Topics 1, 4) and other matters as justice may require (*id*. at Topics 6 and 11.)

The United States' attempt to "blame" BPXP for cumulative testimony of fact witnesses and to selectively avoid producing two of those witnesses is similarly unfounded. While the United States complains that eight United States witnesses will offer testimony on the same penalty factor, to be clear, BPXP did not notice the depositions of all eight witnesses. The United States *affirmatively* disclosed three of the witnesses identified in its letter — plus another three U.S. Coast Guard witnesses (Frank Kulesa, Stephen McCleary, and Pat Casey) — as trial witnesses or 30(b)(6) deponents. In particular, the United States disclosed Captain Roger Laferriere and Rear Admiral Meredith Austin as "may call" witnesses and agreed that "BP is free to depose [them] during the fact discovery portion of this Phase." (*See* Exhibit C, 5/14/14 Ltr. to Karis). Further, the United States selected Captain Larry Hewett as a 30(b)(6) deponent. (*See* Exhibit D). Given the United States' affirmative designations of these six witnesses (Kulesa,

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 29, 2014
Page 5

McCleary, Casey, Laferriere, Austin, and Hewett), BPXP has no choice but to depose them.[3] To the extent that the witnesses may have overlapping information with witnesses selected by BPXP, the United States cannot blame BPXP and seek draconian relief, particularly when the United States could resolve its concerns by pulling down certain of its own witnesses.

The five remaining witnesses identified in the United States' letter — Captain James Hanzalik, Captain Julia Hein, Captain Duke Walker, Jane Lubchenco, and Jacqueline Michel — have unique, non-cumulative information about the nature and extent of efforts to mitigate the effects of the spill and the seriousness of the spill, including environmental recovery and human health effects.[4] As a preliminary matter, the Court has already addressed and ordered some of the depositions about which the United States now complains, and this issue is thus moot. By cherry-picking Captains Hanzalik and Hein and asking for their depositions to be precluded, the United States reveals its understanding that each of these witnesses will offer unique testimony about his or her experience – the United States could have asked for the Court to select two witnesses to preclude if they were all so similar, but the testimony of these two must be different enough for the United States to prefer precluding them.

In fact, all of these witnesses served varied functions at different times during the response, and consequently, each has non-duplicative information about the response and recovery.[5] Undoubtedly, each has information about the nature and extent of mitigation efforts, but this does not make their testimony cumulative: rather, their personal knowledge runs the

---

[3] Notably, BPXP did not disclose Captain Hewett in its Second Amended Rule 26(a) Disclosures, has not affirmatively sought his deposition, and would not object if the United States removed him from its witness list.

[4] Moreover, as BPXP's Rule 26(a) disclosures make clear, these witnesses have information relevant to various penalty factors, including the seriousness of the violation and other matters as justice may require. (*See* Exhibit E, BP's Second Amended Rule 26(a) Disclosures at 1 (asserting that Captain Meredith Austin may have information concerning any human health effects related to the *Deepwater Horizon* spill); *id.* at 11 (Jane Lubchenco may have information concerning the environmental effects of the spill, and subsequent recovery).

[5] In contrast, the BPXP witnesses whose testimony the Court precluded in its May 19 order do not possess such non-duplicative information, and the Court's decision to preclude their testimony as cumulative does not support the United States' attempt to avoid the depositions of these witnesses. There was no need to depose both Ms. Pennington and Ms. Robertson given their precisely overlapping service as directors of BPXP (both were BPXP directors from November 1, 2009 to January 11, 2011), the availability of Mr. Bray (who has superior knowledge to either Ms. Pennington or Ms. Robertson on corporate governance matters), and the "limited discovery" the Court has allowed on corporate entity issues. Similarly, as explained in BPXP's May 16, 2014 letter, any testimony from Mr. Houge would be cumulative of the testimony of Brian Smith and the 30(b)(6) topics noticed by the United States. Indeed, Rule 30(b)(6) Topics (4), and 5(a)-(b) seek the same information as the one matter -- "to learn about how the BP Group is able to leverage funds across Group entities" -- about which the United States indicated it would question Mr. Houge. (See May 15, 2014 United States Ltr. to Hon. Sally Shushan). In sum, the cumulative testimony the Court precluded in its May 19 order is not comparable to the unique and non-duplicative testimony it now seeks to avoid.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 29, 2014
Page 6

gamut from dispersant application to shoreline cleanup to fish and wildlife recovery. For example:

- Captain Hanzalik (USCG) served as Incident Commander for Louisiana and later as the Federal On Scene Coordinator ("FOSC") during the Response. In those roles, he led a variety of mitigation efforts, including providing federal oversight of offshore and onshore mitigation efforts, including the deployment of boom, skimming, controlled *in situ* burning, and dispersant application.

- Jane Lubchenco (NOAA) played a role in ensuring that fish and wildlife rebounded from the spill and evaluating the safety of seafood from the Gulf of Mexico.

- Dr. Jacqueline Michel, a third-party contractor for NOAA, served as the SCAT Technical Advisor, locating, assessing, monitoring, and making treatment recommendations for shoreline oiling.

The testimony of these witnesses is not cumulative, but even if it were, the relief requested by the United States would be inappropriate. Specifically, the United States selectively seeks to block BPXP from deposing Captains Hein and Hanzalik, alleging without support that their testimony will be cumulative of other witnesses. (U.S. Ltr. at 3.) In fact, their personal knowledge and information about the response is not only critical to the facts at issue during the Penalty Phase, but is unavailable from other witnesses scheduled to testify. The United States should not be permitted to selectively preclude BP from seeking to depose two witnesses on a topic, without any basis for that selection and when the United States itself has designated six witnesses on the same topic.

Finally, to the extent the Court is inclined to reduce the number of United States deponents, the solution is for the United States to pull down some of its own Coast Guard "may call" witnesses; Lieutenant Kulesa, for example. BPXP would not object. BPXP is entitled to take the depositions of the two U.S. Coast Guard representatives whom it has selected as witnesses, Capt. Hanzalik and Capt. Hein.

Sincerely,

*Andrew Langan*

J. Andrew Langan, P.C.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 29, 2014
Page 7


cc:     Steve O'Rourke
        Sarah Himmelhoch
        Abby André
        Thomas Lotterman
        Ky Kirby
        James Dragna