# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 § § § § § | MDL NO. 2179 SECTION J |
| This Document Relates to: § § | |
| No. 2:13-cv-01386 § § | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| EUGENE I. DAVIS, AS TRUSTEE OF THE SEAHAWK LIQUIDATING TRUST, the duly authorized successor to SEAHAWK DRILLING, INC., *et al.*, § § § § § § § | |
| Plaintiff, § § | |
| v. § § | |
| BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION COMPANY, and BP PLC, § § § § § | |
| Defendants. § | |

### AMENDED NOTICE OF ORAL DEPOSITIONS AND SUBPOENAS DUCES TECUM PROPOUNDED BY PLAINTIFF EUGENE I. DAVIS, TRUSTEE OF THE SEAHAWK LIQUIDATING TRUST

**PLEASE TAKE NOTICE THAT,** under Federal Rules of Civil Procedure 30 and 45 as well as the Court's OPA Test Case Scheduling Order [Doc. 12872], Plaintiff Eugene I. Davis, as Trustee of the Seahawk Liquidating Trust, the duly authorized successor to Seahawk Drilling, Inc., *et al.*, intends to serve a subpoena *duces tecum* on non-party Hercules Offshore, Inc. for the production of documents. A copy of this subpoena, which identifies the documents requested, is attached hereto. Production is to occur at Esquire Deposition Solutions, 1001 McKinney #805, Houston, Texas 77010 on September 1, 2014 at 10:00 a.m.

1

Plaintiff Davis also intends to conduct an oral deposition of the Custodian of Records for Hercules Offshore, Inc. A copy of the subpoena *ad testificandum* compelling that deposition is attached hereto. Unless otherwise agreed to, the deposition will occur at Esquire Deposition Solutions, 1001 McKinney #805, Houston, Texas 77010 on September 8, 2014 at 10:00 a.m. The deposition will be recorded stenographically.

Dated: August 5, 2014

                    Respectfully submitted,

                    WILLIAMS LAW GROUP LLC

                    */s/ Conrad S. P. (Duke) Williams, III*
                    Conrad S. P. (Duke) Williams, III (#14499)
                    909 Poydras Street, Suite 1625
                    New Orleans, Louisiana 70112
                    (985) 876-7595 (telephone)
                    (985) 876-7594 (facsimile)
                    duke@williamslawgroup.org

                    -and-

                    REID COLLINS & TSAI LLP

                    */s/ Eric D. Madden*
                    William T. Reid, IV
                    Eric D. Madden
                    1601 Elm Street, 49th Floor
                    Dallas, Texas 75201
                    (214) 420-8900 (telephone)
                    (214) 420-8909 (facsimile)
                    emadden@rctlegal.com

                    -and-

DIAMOND MCCARTHY LLP
Michael J. Yoder
909 Fannin Street, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)
myoder@diamondmccarthy.com

*Counsel for Eugene I. Davis, as Trustee of the Seahawk Liquidating Trust*

## CERTIFICATE OF SERVICE

We hereby certify that the above and foregoing Requests for Production of Documents will be served upon BP Counsel via E-Mail, and on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, this 5th day of August, 2014.

/s *Conrad S. P. (Duke) Williams, III*
Conrad S. P. (Duke) Williams, III

3

Case 2:10-md-02179-CJB-DPC   Document 13269-2   Filed 08/08/14   Page 5 of 15

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| EUGENE I. DAVIS, AS TRUSTEE OF THE SEAHAWK LIQUIDATING TRUST, the duly authorized successor to SEAHAWK DRILLING, INC., et al., <br> *Plaintiff* <br> v. <br> BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION COMPANY, and BP PLC, <br> *Defendant* | ) ) ) ) ) ) ) <br> Civil Action No.  MDL No. 2179; 2:13-cv-01386 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Hercules Offshore, Inc., c/o registered agent CAPITOL CORPORATE SERVICES, INC., 800 Brazos, Suite 400, Austin, Texas 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Esquire Deposition Solutions <br> 1001 McKinney Street #805 <br> Houston, TX 77010 | Date and Time: <br><br> September 1, 2014 at 10:00 A.M. CDT, or such other mutually agreeable date and time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/05/2014

*CLERK OF COURT*

OR

_____    /s/ Meredith R. Durham
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Eugene I. Davis, as Trustee of the Seahawk Liquidating Trust                    , who issues or requests this subpoena, are:

Conrad Williams and Meredith R. Durham, Williams Law Group, 909 Poydras Street, Suite 1625, New Orleans, LA 70112; (985) 876-7595; duke@williamslawgroup.org, meredith@williamslawgroup.org

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:10-md-02179-CJB-DPC   Document 13269-2   Filed 08/08/14   Page 6 of 15

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| | |
|---|---|
| EUGENE I. DAVIS, AS TRUSTEE OF THE SEAHAWK LIQUIDATING TRUST, the ~~duly authorized successor to SEAHAWK DRILLING, INC., et al.,~~<br>*Plaintiff*<br>v.<br>BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION COMPANY, and BP PLC,<br>*Defendant* | Civil Action No.   MDL No. 2179; 2:13-cv-01386 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Custodian of Records for Hercules Offshore, Inc. c/o their registered agent CAPITOL CORPORATE SERVICES, INC., 800 Brazos, Suite 400, Austin, Texas 78701.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

**See attached Exhibit A.**

| Place: Esquire Deposition Solutions<br>1001 McKinney Street #805<br>Houston, TX 77010 | Date and Time:<br>September 8, 2014 at 10:00 a.m., or at such other agreeable date and time. |
|---|---|

The deposition will be recorded by this method:   **stenographically**

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/05/2014

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | /s/ Meredith R. Durham<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Eugene I. Davis, as Trustee of the Seahawk Liquidating Trust _____, who issues or requests this subpoena, are:

Conrad Williams and Meredith R. Durham, Williams Law Group, 909 Poydras Street, Suite 1625, New Orleans, LA 70112; (985) 876-7595; duke@williamslawgroup.org

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEPOSITION TOPICS

1. Whether the documents your employer produced in response to the accompanying subpoena and document requests are authentic.

2. Whether the documents your employer produced in response to the accompanying subpoena and document requests were made by or from information transmitted by a person with knowledge of the events or conditions recorded in those documents.

3. Whether the documents your employer produced in response to the accompanying subpoena and document requests were made at or near the time of the events or conditions recorded in those documents.

4. Whether it is in your employer's regular course of business to create the documents that your employer produced in response to the accompanying subpoena and document requests.

5. Whether it is in your employer's regular course of business to keep or otherwise maintain documents like those that your employer produced in response to the accompanying subpoena and document requests.

6. If any source of information or method or circumstance concerning the creation of any document that your employer produced in response to the accompanying subpoena and document requests indicates a lack of trustworthiness.



## **DEFINITIONS, INSTRUCTIONS, AND DOCUMENTS TO BE PRODUCED**

### **DEFINITIONS**

As used herein, the following terms are defined as follows:

a. *Day Rate*, as used herein, refers to and has the same meaning as the "dayrate" referred to in your Form 10-K for the fiscal year ended December 31, 2013, which you filed with the United States Securities and Exchange Commission.[1]

b. *Deepwater Horizon Incident* shall refer to the events, actions, inactions and omissions leading up to and including: (i) the blowout of the MC252 Well; (ii) the explosions and fire on board the Deepwater *Horizon* on or about April 20, 2010; (iii) the sinking of the *Deepwater Horizon* on or about April 22, 2010; (iv) the release of oil, other hydrocarbons and other substances from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances; and/or (v) the efforts to contain the MC252 Well.

c. *Document* refers broadly and expansively to, without limitation, the original and all non-identical copies of all writings, including any and all drafts, alterations and modifications, changes and amendments of any of the foregoing whether handwritten, typed, printed or otherwise produced in any format including, but not limited to, paper or ESI (as defined herein). This definition also includes, without limitation, books, records, manuals, statements, minutes, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, lists, tax returns, schedules, press releases, directives, agreements, contracts, print-outs, studies, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, graphics, transcripts, charts, blueprints, timelines, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, computer discs (including but not limited to, CDs, CD-Rs, DVDs, DVD-Rest, floppy discs, hard discs and hard drives), flash drives, pen drives, thumb drives, programming instructions, sales, advertising and promotional literature, agreements or minutes of meetings, telephone conversations or other conversation or communication in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, officers, directors, shareholders, employees, agents, representatives and attorneys. This definition also includes non-printed matter such as voice records and reproductions, film impressions, photographs, videos, negatives, slides, microfilms, microfiches, e-mail, and other things that document or record ideas, words or impressions. The term "document" further includes all punch cards, tapes, disks, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such punch cards, tapes, disks or other recordings, and further includes ESI (as defined herein) data or data compilation in electronic or other form that can be printed through proper programming or decoding of the electronic or mechanical data storage facility, including metadata.

---

[1] Available at https://www.sec.gov/Archives/edgar/data/1330849/000133084914000017/hero1231201310-k.htm

1

d. ***Electronically stored information*** or ***ESI*** means the original (or identical duplicate when the original is not available), and any non-identical copies whether nonidentical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital or other means. ESI includes, by way of example only, computer programs (whether private, commercial, or work-in progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full email aliases (not merely "display names"), electronic calendars, IM logs, PBX logs, documents management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

e. ***Government*** refers to, without limitation, any branch, department, or agency of federal or state government, including the United States Coast Guard, Minerals Management Service, Bureau of Ocean Energy Management, Office of Natural Resources Revenue, Environmental Protection Agency, Senate Committee on Energy and Natural Resources and House Committees on Energy and Commerce, Chemical Safety Board, the Department of the Interior, National Oceanic and Atmospheric Administration, Department of Energy, and Joint Investigation team, including any committee, subcommittee, or advisory committee thereof, together with all current or former officials, directors, staff members or other persons employed by the government, or purporting to act on its behalf.

f. ***Hercules Rigs*** refers to all the drilling rigs You own, other than the Seahawk Rigs.

g. ***Macondo Well*** or ***MC252 Well*** shall mean the exploratory well named "Macondo" that was being drilled by the *Marianas* and *Deepwater Horizon* vessels in Mississippi Canyon, Block 252, on the outer continental shelf in the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

h. ***Moratoria*** refers generally to any and all Government regulatory action and/or inaction directed at offshore oil industry activity in the Gulf of Mexico - including both shallow water and/or deepwater activity - occurring after April 20, 2010, including the Deepwater Moratoria, as well as new or revised safety rules, regulations, inspections and/or permitting practices.

2

i. ***Regulatory Activities*** shall refer to any and all Government regulatory action and/or inaction directed at offshore oil industry activities in the Gulf of Mexico occurring after April 20, 2010, including new or revised safety rules, regulations, inspections or permitting practices, including any delays in issuing or processing offshore drilling permits.

j. ***Seahawk*** refers to Seahawk Drilling, Inc., including its subsidiaries, Seahawk Mexico Holdings LLC, Seahawk Drilling Management LLC, Seahawk Offshore Management LLC, Energy Supply International LLC, Seahawk Drilling LLC, Seahawk Global Holdings, LLC, and Seahawk Drilling USA, LLC.

k. ***Seahawk Rigs*** refers to the drilling rigs You purchased from Seahawk on April 27, 2011.

l. ***Utilization Rate*** refers to the percentage resulting from dividing the number of drilling rigs in use by the total number of available drilling rigs.

m. ***You*** or ***Your*** refers to Hercules Offshore, Inc., including its parents, subsidiaries, affiliates, predecessors-in interest, successors-in-interest, and/or any officer, agent, manager, director, employee, consultant, adjuster, or attorney of the foregoing.

## INSTRUCTIONS

a. The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of a Document includes your having a right, superior to other parties, to compel the production of such Document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

b. If any Document requested herein has been lost, discarded, or destroyed, the Document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the Document was lost, discarded, or destroyed, the manner in which the Document was lost, discarded, or destroyed, the reason(s) the Document was lost, discarded, or destroyed, the person who authorized that the Document be destroyed or discarded, and the person who lost, discarded, or destroyed the Document.

c. If you cannot produce a Document because it no longer exists or is no longer in your possession, custody, or control, please identify that Document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

d. Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested Documents in your possession, in the possession of your agents, attorneys,

3

accountants or employees, or which are otherwise within your custody, control, or access, wherever located. A Document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of Documents requested.

e. Produce each requested Document in its entirety, including all attachments and enclosures, even if only a portion of the Document is responsive to the request.

f. If you withhold from production any Document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection, and such information must be provided in conformity with Paragraphs 1-4 of Pre-Trial Order No. 14, a copy of which is attached hereto.

g. If any requested Document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

h. Please produce each specified Document either (a) in the original file or organizational system in which it is maintained or organized or (b) designate which Documents are being produced in response to which of the numbered specifications below. Produce the requested Documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

i. "and," "or," and "and/or" should be construed both disjunctively and conjunctively so that each request is given its broadest possible application. If, for example, a request calls for information about "A" and "B", You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, both "and" and "or" should be read as "and/or".

j. A plural noun or pronoun should be construed as a singular noun, and a singular noun should be construed as a plural noun or pronoun, so that each request should be given its broadest possible application.

k. The use of a verb in any tense should be construed to be the use of a verb in all other tenses so that each request should be given its broadest possible applications.

l. A request for the production of "Documents" means that all Documents fitting the description set forth are to be produced.

## DOCUMENTS TO BE PRODUCED

1. Documents reflecting the income, expenses, and/or profits You made from the operation of the Seahawk Rigs from the Sale Date to the present.

2. Documents regarding the Utilization Rates of the Seahawk Rigs from the Sale Date to the present.

4

3. Documents regarding the Day Rates you charged for use of the Seahawk Rigs from the Sale Date to the present.

4. Documents reflecting Your internal projections of the profits You will make from the Seahawk Rigs in the future.

5. Documents reflecting Your internal projections of the Utilization Rates of the Seahawk Rigs in the future.

6. Documents reflecting Your internal projections of the Day Rates you will charge for use of the Seahawk Rigs in the future.

7. Documents regarding the market value or book value of the Seahawk Rigs.

8. Documents relating to the negotiations between You and Seahawk regarding your purchase of the Seahawk Rigs, including any valuations of the Seahawk Rigs and any projections of future revenues or profits You expected to derive from the Seahawk Rigs.

9. Documents prepared at any time that discuss how the Government might respond to the Deepwater Horizon Incident.

10. Documents prepared at any time that discuss any repercussions You expected to follow to the offshore drilling industry from the Deepwater Horizon Incident.

11. Documents reflecting or discussing the actual, expected, and/or projected Utilization Rates of the Hercules Rigs from January 1, 2009, to the present.

12. Documents reflecting or discussing the actual, expected, and/or projected Day Rates you charged or might charge for the use of the Hercules Rigs from January 1, 2009, to the present.

13. Documents reflecting or discussing the actual, expected, and/or projected profits, revenues, and/or expenses generated by the Hercules Rigs from January 1, 2009, to the present.

14. Documents discussing or calculating the actual impact of the Deepwater Horizon Incident, the Moratoria, and/or any Regulatory Activities on

   a. the Day Rates You charged for the use of the Hercules Rigs and/or the Seahawk Rigs;

   b. the Utilization Rates of the Hercules Rigs and/or the Seahawk Rigs;

   c. the profits you made on the Hercules Rigs and/or the Seahawk Rigs;

   d. Your stock price or value;

   e. Your business; and/or

  f. the offshore drilling industry.

15. Documents discussing or calculating the projected impact of the Deepwater Horizon Incident, the Moratoria, and/or any Regulatory Activities on

  a. the Day Rates You could or would charge for the use of the Hercules Rigs and/or the Seahawk Rigs;

  b. the Utilization Rates of the Hercules Rigs and/or the Seahawk Rigs;

  c. the profits you would make on the Hercules Rigs and/or the Seahawk Rigs;

  d. Your stock price or value;

  e. Your business; and/or

  f. the offshore drilling industry.

16. Documents created or received on or after April 20, 2010 concerning a third party's refusal or reluctance to invest in you where the Deepwater Horizon Incident, the Moratoria, or the Regulatory Activities were referenced as the basis for that refusal or reluctance.

17. Documents created or received on or after April 20, 2010 concerning a third party's refusal or reluctance to invest in businesses with offshore drilling operations in the Gulf of Mexico where the Deepwater Horizon Incident, the Moratoria, or the Regulatory Activities were referenced as the basis for that refusal or reluctance.

18. Documents created or received on or after April 20, 2010 concerning a third party's refusal or reluctance to invest in businesses owning rigs operating in the Gulf of Mexico where the Deepwater Horizon Incident, the Moratoria, or the Regulatory Activities were referenced as the basis for that refusal or reluctance.