# Exhibit 4





**About NPFC**
**Contact NPFC**
**FAQs**
**Glossary**
**Site Map**
**What's New**

Home > Claims > Deepwater Horizon Claimants FAQs

# Deepwater Horizon Claimant FAQs

**FAQ-1: If I am an economic damages class member of the Deepwater Horizon oil spill class action settlement, can my economic damages claim be paid by the NPFC?**

**FAQ-2: How can I determine whether my claim is covered under the Deepwater Horizon oil spill class action settlement?**

**FAQ-3: If I have "opted out" of the Deepwater Horizon oil spill class action settlement or if my claim is not covered by that settlement, can I present my claim to the NPFC?**

**FAQ-4: Will the NPFC pay for damages I sustained because of the moratorium on offshore drilling?**

**FAQ-5: If I opt out of the Deepwater Horizon oil spill class action settlement or my claim is not covered by that settlement, and I have previously presented my claim to the Responsible Party, how do I make a claim to the NPFC?**

**FAQ-6: Will the NPFC pay me in full or try to settle my claim for a lesser amount?**

**FAQ-7: Will the NPFC pay me if the Responsible Party denied my claim?**

**FAQ-8: If I make a claim to the NPFC for lost income as a result of the oil spill, will any income I received from alternative employment, including employment as an oil spill responder, or unemployment benefits, be considered in determining my compensation?**

**FAQ-9: Will I be paid for damages I may sustain or money I expect to lose in the future?**

**FAQ-10: If I am paid by the NPFC, will I have to give up any rights to recover other costs or losses I may have?**

**FAQ-11: Is there a final date by which claims must be presented to the NPFC?**

**FAQ-12: Will the NPFC pay me for my physical bodily, emotional or mental injuries?**

**FAQ-13: What is my best choice for recovering my claimed losses?**

**FAQ-14: I occasionally fish or gather shellfish for sport or recreation. My family eats what I catch. I was unable to fish or gather shellfish because of the oil spill. If I opt out of the Deepwater Horizon oil spill class action settlement, do I have a claim NPFC might pay?**

**FAQ-15: If I opt out of the Deepwater Horizon oil spill class action settlement and wish to present a loss of subsistence use claim to the NPFC, how can I best support my claim for loss of subsistence use of fish, shellfish or other natural resources as a result of the oil spill?**

---

*FAQ-1: If I am an economic damages class member of the Deepwater Horizon oil spill class action settlement, can my economic damages claim be paid by the NPFC?*

**A:** No. If your claim is covered by the class action settlement your compensation will be provided in that settlement and the NPFC would not pay the claim.

{back to top}

---

*FAQ-2: How can I determine whether my claim is covered under the Deepwater Horizon oil spill class action settlement?*

**A:** Most Gulf Coast residents and many other entities affected by the Deepwater Horizon oil spill have received an official notification from the Court relating to the Deepwater Horizon economic loss or property damage settlement agreement. This notice explains the class action settlement, including a detailed description of the classes that are part of that settlement and criteria for "opting out" of the settlement if you choose to do so. For information relating to the Deepwater Horizon oil spill Court Supervised Settlement Program and the economic and property damage classes that are part of that settlement program, visit: http://www.deepwaterhorizoneconomicsettlement.com/index.php

{back to top}

---

*FAQ-3: If I have "opted out" of the Deepwater Horizon oil spill class action settlement or if my claim is not covered by that settlement, can I present my claim to the NPFC?*

**A:** Yes, your claim may be presented to the NPFC for potential payment from the Oil Spill Liability Trust Fund, but only after your claim has been presented first to the Responsible Party.

Before you present your claim to the NPFC, you must have previously presented your claim to one of the following entities representing the responsible party: BP, the GCCF, or the Transition Program prior to the date the Court Supervised Settlement Program began operating on June 4, 2012. If you have not previously presented a claim to any of these entities and you have either opted out or you are excluded from any available economic damages class, you must present your claim to the new BP Claims Program before presenting your claim to the Fund. For more information on the BP Claims Program, visit www.bp.com/claims

{back to top}

*FAQ-4: Will the NPFC pay for damages I sustained because of the moratorium on offshore drilling?*

**A:** Under the law that governs the NPFC's determinations, the NPFC will not pay a loss or damage that is a direct result of the moratorium on offshore drilling.

{back to top}

*FAQ-5: If I opt out of the Deepwater Horizon oil spill class action settlement or my claim is not covered by that settlement, and I have previously presented my claim to the Responsible Party, how do I make a claim to the NPFC?*

**A:** Your claim is presented to the NPFC when we receive your written request for a "sum certain" for oil removal costs or damages. This means that a claim must be in writing, signed by the claimant, and request a specific amount of money. The NPFC will only pay valid, eligible claims that are sufficiently proven and documented with evidence. To prove your claim you should generally include, at a minimum, all information and documentation you relied on in determining the amount claimed and how it resulted from the oil spill. General information for claimants, an Optional OSLTF Claim Form and the claims regulations for claims to the NPFC (33 CFR Part 136) can be found at http://www.uscg.mil/npfc/.

{back to top}

*FAQ-6: Will the NPFC pay me in full or try to settle my claim for a lesser amount?*

**A:** The NPFC may pay a claim in full or in part, or may deny the claim depending upon the information and documentation provided by the claimant. The NPFC will fully compensate the established loss and will not settle a claim for less than the loss that it determines that you have established. For some claims the NPFC may request additional information or documentation before deciding whether to pay in full or in part or deny the claim.

{back to top}

*FAQ-7:  Will the NPFC pay me if the Responsible Party denied my claim?*

**A:** The NPFC will pay a claim that is supported by documentation or information that you provide that proves the claim. While the NPFC will consider every claim that is presented against the OSLTF, claimants should anticipate that NPFC is likely to deny a claim that is presented to NPFC without any supporting information or documentation.

{back to top}

*FAQ-8: If I make a claim to the NPFC for lost income as a result of the oil spill, will any income I received from alternative employment, including employment as an oil spill responder, or unemployment benefits, be considered in determining my compensation?*

**A:** Yes. When considering payment for lost profits or lost earnings claims by businesses and individuals the NPFC will require the claimant to provide information on income from alternative employment, including income related to any employment or sales in connection with the oil-spill response and any unemployment benefits received. Additionally, 33 C.F.R. § 136.105(b) and other sections of the Claims Regulations require claimants to report any compensation a claimant receives for the claimed amount or other income that results from the oil spill.  That income will be considered in determining the actual loss to compensate.

{back to top}

*FAQ-9:  Will I be paid for damages I may sustain or money I expect to lose in the future?*

**A:** The NPFC will not pay claims for future, speculative damages.

{back to top}

*FAQ-10: If I am paid by the NPFC, will I have to give up any rights to recover other costs or losses I may have?*

**A:** For any claim paid, the NPFC will require a release of all rights to recover the amount paid on that claim from responsible parties and from any person under any

other law consistent with provisions of OPA. The NPFC will not require a claimant to release any rights to claim removal costs or damages that are not included in the amount paid.

{back to top}

### FAQ-11: Is there a final date by which claims must be presented to the NPFC?

**A:** Any claim to the NPFC, including any interim claim reflecting less than the full amount of damages to which the claimant ultimately may be entitled, must be presented to NPFC within the following time periods:

1. For removal costs – within 6 years after the date of completion of all removal actions for that incident.

2. For damages – within 3 years after the date on which the injury and its connection with the discharge in question were reasonably discoverable with the exercise of due care, or in the case of natural resource damages, if later, 3 years after the date of completion of the natural resource damage assessment under applicable Federal regulations.

{back to top}

### FAQ-12: Will the NPFC pay me for my physical bodily, emotional or mental injuries?

**A:** The NPFC will not pay for personal injury losses because they are not damages covered by OPA.

{back to top}

### FAQ-13: What is my best choice for recovering my claimed losses?

**A:** NPFC cannot advise claimants on how to best pursue their OPA claims. A fundamental policy purpose of the Oil Pollution Act of 1990 is that compensation should be efficient and effective and that the polluter should pay. Ideally full and timely compensation by the Responsible Party that is acceptable to the claimant should be the most efficient and effective course

{back to top}

### FAQ-14: I occasionally fish or gather shellfish for sport or recreation. My family eats what I catch. I was unable to fish or gather shellfish because of the oil spill. If I opt out of the Deepwater Horizon oil spill class action settlement, do I have a claim NPFC might pay?

**A:** The NPFC would not pay a claim to an individual that occasionally fishes for sport or recreation.

{back to top}

***FAQ-15: If I opt out of the Deepwater Horizon oil spill class action settlement and wish to present a loss of subsistence use claim to the NPFC, how can I best support my claim for loss of subsistence use of fish, shellfish or other natural resources as a result of the oil spill?***

**A:** <u>Document that you are a subsistence user</u>. (a) Identify the specific natural resource(s) that you use for subsistence purposes, (b) describe the frequency or degree of subsistence use (for self and/or household), (c) explain your use of the resource(s) for food, shelter, clothing, medicine, or other minimum necessities of life, and (d) provide supporting information such as appropriate license/authority to harvest, affidavits and/or statements from you or others that attest to your subsistence use.

<u>Explain how the oil spill impacted your use</u>. For example, fish consumption advisories or access restrictions may have prevented you from fishing or gathering shellfish or caused you to use alternative fishing areas. Claims in connection with impacts in areas well outside the spill zone, or well after fish, shellfish or resources were determined to be safe may not be compensated by NPFC.

<u>Describe your efforts to mitigate the lost subsistence use</u>. Describe your efforts to find reasonable alternatives to replace the lost resources, such as fishing or gathering shellfish from nearby areas unaffected by the spill. Or describe why mitigation was not feasible (e.g., due to a lack of comparable substitute resources in nearby areas, an inability to travel to or access alternate locations, a lack of information about viable alternate sites, etc.).

<u>Describe how you determined the amount claimed</u>. Determine your loss as the reasonable cost you incurred to replace the lost fish, shellfish or other natural resources you used for subsistence. Reasonable replacement costs are the costs you actually incurred either to acquire substitute resources (e.g. food purchased at a market in lieu of fishing or gathering) or the additional, incremental costs associated with traveling farther to fish, gather shellfish or collect other resources from areas unaffected by the spill.

The costs you claim should be reduced by any other compensation you received for the subsistence loss; all income you derived using the time that otherwise would have been used to obtain natural resources for subsistence use; and saved overheads or other normal expenses of your subsistence use.

{back to top}