Exhibit 6

U.S. Department of
Homeland Security

**United States
Coast Guard**



Director
United States Coast Guard
National Pollution Funds Center

NPFC CA  MS 7100
US COAST GUARD
4200 Wilson Blvd. Suite 1000
Arlington, VA 20598-7100
Staff Symbol: (CA)
Phone:
E-mail:

Fax:    202-493-6937

5890
3/17/2011

CERTIFIED MAIL – RETURN RECEIPT REQUESTED
Number: 

Conway, AR 72032

RE:    Claim Number: N10036-0290

Dear

The National Pollution Funds Center (NPFC), in accordance with the Oil Pollution Act of 1990, 33
U.S.C. § 2701 et seq. (OPA) and the associated regulations at 33 C.F.R. Part 136, denies payment on
claim number N10036-0290 involving the Deepwater Horizon oil spill. Please see the enclosed Claim
Summary/Determination Form for further explanation.

Disposition of this reconsideration constitutes final agency action.

If you have any questions or would like to discuss the matter, you may contact me at the above
address and phone number.

Sincerely,

Claims Adjudication Division
U.S. Coast Guard

Encl:  Claim Summary / Determination Form

CLAIM SUMMARY / DETERMINATION FORM

| Date | : 3/11/2011 |
| Claim Number | : N10036-0290 |
| Claimant | : ▉▉▉▉▉▉▉ |
| Type of Claimant | : Private (US) |
| Type of Claim | : Loss of Profits and Earning Capacity |
| Claim Manager | : ▉▉▉▉▉▉▉ |
| Amount Requested | : $36,920.00 |

## FACTS:

On or about 20 April 2010, the Mobile Offshore Drilling Unit Deepwater Horizon (Deepwater Horizon) exploded and sank in the Gulf of Mexico. As a result of the explosion and sinking, oil was discharged. The Coast Guard designated the source of the discharge and identified BP as a responsible party (RP). BP accepted the designation and advertised its OPA claims process. On 23 August 2010, the Gulf Coast Claims Facility (GCCF) began accepting and adjudicating claims for certain individual and business claims on behalf of BP.

## CLAIM AND CLAIMANT:

On 17 December 2010, ▉▉▉▉▉▉▉ (Claimant) presented an optional Oil Spill Liability Trust Fund (OSLTF) claim form to the National Pollution Funds Center (NPFC) seeking $33,600.00 in loss of profits and earning capacity as a result of the Deepwater Horizon incident. On 29 December 2010, Claimant amended his sum certain to $36,920.00.[1]

Claimant is an engineer who was contracted out by ▉▉▉▉▉▉▉ to work for ▉▉▉ at the ▉▉▉ Refinery in Baton Rouge, LA. Claimant indicated that the project he was working on was put on hold due to the Deepwater Horizon incident and that his employment was terminated because ▉▉ had no other projects on which he could work.[2] Further, Claimant asserted that he has been unable to find alternate work due to the oil-spill and moratorium.

The NPFC denied the claim on February 18, 2011, on the grounds that the general counsel for ▉▉▉ requested that the Claimant be replaced on the project with someone with a different skill set. Further, moratorium-related claims are not compensable from the OSLTF.

## REQUEST FOR RECONSIDERATION:

On March 8, 2011, the Claimant sent a request for reconsideration via facsimile dated March 7, 2010 to ▉▉▉▉▉▉ stating he would like the NPFC to reconsider his claim. It is important to note that the Claimant states he wants written proof of the conversation the NPFC had with ▉▉ ▉▉▉▉ General Counsel of ▉▉▉ on February 1, 2011 and without that, he states the NPFC denied his claim based on hearsay and the NPFC cannot deny his claim based on such. The Claimant further asserted that due to the drilling moratorium, crews were not allowed on the rigs therefore how the NPFC is in error to think the moratorium did not have a

---

[1] Email Correspondence from Claimant to NPFC representative on 29 December 2010.
[2] *Id*

bearing on his alleged losses. The Claimant has not provided any new information in support of his claim for reconsideration other then his arguments in support of payment of his claim.

## RECONSIDERATION CLAIM ANALYSIS:

The claimant requested reconsideration via a letter dated March 7, 2011. To support his request for reconsideration, the claimant provided no new information. The Claimant was an engineer who was contracted out by                    to work for      at the Refinery in Baton Rouge, LA. The Claimant indicated that the project he was working on was put on hold due to the Deepwater Horizon incident and that his employment was terminated because     had no other projects on which he could work. The NPFC contacted the Claimant's employer,      and spoke with General Counsel,                    who verbally stated to the NPFC on February 1, 2011 that     asked for the Claimant to be replaced on the project with someone with a different skill set than the Claimant's.

### NPFC Determination on Reconsideration

Under 33 CFR 136.105(a) and 136.105(e)(6), the claimant bears the burden of providing to the NPFC all evidence, information, and documentation deemed necessary by the Director, NPFC, to support the claim. Under 33 CFR § 136.233, a claimant must establish loss of profits or impairment of earning capacity. A request for reconsideration must include the factual and legal grounds for the request and providing any additional information to support the claim. The NPFC considered all the documentation submitted by the Claimant.

The NPFC again denies the claim because the alleged loss is not due to injury, destruction or loss of property or natural resources as a result of a discharge or substantial threat of discharge of oil and the alleged loss of employment was caused by his employer terminating his position resulting from their client's request for the Claimant to be replaced with someone with a different skill set. The Claimant's argument on reconsideration that the NPFC cannot deny his claim based on hearsay is flawed. Additionally, the Claimant did not provide any new information in support of his alleged loss only his arguments. Furthermore, the Claimant states that the moratorium is the direct result of his alleged loss. The moratorium and its regulatory implications for corporate entities and their employees is not the result of the injury, destruction or loss of property or natural resources as a result of a discharge or substantial threat of discharge of oil but rather due to permitting requirements therefore, the Claimant's loss is not a damage that may be compensated from the OSLTF.

Therefore this claim is denied upon reconsideration.

Claim Supervisor:

Date of Supervisor's review: *3/17/11*

Supervisor Action: ***Denial on reconsideration approved***

Supervisor's Comments: