# Exhibit 8

IN THE UNITED STATES COURT OF APPEAL
FOR THE FIFTH CIRCUIT

**CASE NUMBER:   04-31069**

In Re: In the Matter of the Complaint of TAIRA LYNN MARINE LIMITED
NUMBER 5 LLC, as Owner of the M/V Mr. Barry for Exoneration From or
Limitation of Liability

---

TAIRA LYNN MARINE LIMITED NUMBER 5 LLC; TAIRA LYNN MARINE,
INC.; TAIRA LYNN INC.; LLM MAINTENANCE & SURVEYING INC.;
LARRY J. LEBOEUF; SYLVIA LEBOEUF

Plaintiffs – Appellants

v.

JAYS SEAFOOD INC.; ET AL

Defendants

E. J. MASON, Individually and doing business as Mason Seafood

Defendant – Claimant – Third Party Plaintiff –Appellee

COASTLINE MARINE INC.; MARINE TURBINE TECHNOLOGIES LLC;
MTT PROPERTIES LLC; MTT MANUFACTURING LLC; MORTON
INTERNATIONAL INC.; CVD INC. doing business as Rohm & Haas Advanced
Materials; TWIN BROTHERS MARINE; COY REEKS, Individually and doing
business as Riverfront Seawalks and Bulkheads; TWIN BROTHERS MARINE
CORP.; BAGALAS QUALITY OYSTERS INC.; DOUGLAS OLANDER,
Individually and doing business as Big D's Seafood; CRYSTAL OLANDER;
Individually and doing business as Big D's Seafood; IVO JURISICH, Individually

Case: 04-31069   Document: 0051187134   Page: 3   Date Filed: 01/18/2005
Case 2:10-md-02179-CJB-DPC   Document 13269-9   Filed 08/08/14   Page 3 of 5
Case 2:10-md-02179-CJB-SS   Document 2312-9   Filed 05/05/11   Page 3 of 4

E. J. MASON, Individually and doing business as Mason Seafood

Defendant - Claimant - Appellee

COASTLINE MARINE, INC.; MARINE TURBINE TECHNOLOGIES LLC; MTT PROPERTIES LLC; MTT MANUFACTURING LLC; MORTON INTERNATIONAL INC.; C V D INC., doing business as Rohm & Haas Advanced Materials; TWIN BROTHERS MARINE INC.; COY REEKS, Individually and doing business as Riverfront Seawalks and Bulkheads; TWIN BROTHERS MARINE CORP; BAGALAS QUALITY OYSTERS, INC.; DOUGLAS OLANDER, Individually and doing business as Big D's Seafood CRYSTAL OLANDER, Individually and doing business as Big D's Seafood; IVO JURISICH, Individually and doing business as Blue Gulf Seafood, Inc.; TOMMY KLEINPETER, Individually and on behalf of Cajun Wireline, Inc.; NORTH AMERICA SALT CO.; CAREY SALT CO; PAM DORE, Individually and on behalf of Cove Marina; LEGNON ENTERPRISES, INC.

Defendants - Claimants - Cross Claimants - Appellees

---

**ORIGINAL BRIEF OF DEFENDANT-APPELLANT STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT**

---

**On Appeal From The
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA,
LAFAYETTE-OPELOUSAS DIVISION
Honorable Richard T. Haik, Sr., Judge Presiding**

The District Court also suggests that there is no authority that permits this Court to reach the results that ensue by the application of the *TESTBANK* doctrine. Its position is that Congress, not the Courts, have the authority to limit liability and, therefore, by limiting liability the Court accepts the role of a judicial activist, not an interpreter of existing laws and regulations.

This conclusion is simply incorrect inasmuch as this Court is following the well established rule contained in the *Robins Dry Dock* decision and, a long and accepted line of cases, not only from this circuit but from other circuits throughout the country.

Accordingly, it is clear that the District Court erred when it refused to grant the Motions for Summary Judgment of the State of Louisiana with respect to the economic loss claims that are not supported by physical damage to property.

### VI. The District Court erred in failing to dismiss the claims brought by the economic loss claimants under OPA 90.

The Oil Pollution Act of 1990 ("OPA 90") 33 U.S.C. § 2701, et seq, does not provide any avenue for recovery to claimants who have economic loss claims but no physical damage to any property caused by the escaping cargo. None of the claimants at issue in this appeal have any physical damage caused by the escape of the propane/ propylene cargo and, therefore, just as was the case in the *Robins Dry Dock* and *TESTBANK* situations, no recovery is permissible under the auspices of that act.

Although there is a serious question as to whether or not the discharge in question actually triggered OPA 90, putting that to one side, the economic loss claimants have not stated a claim that would permit relief to be granted inasmuch as there has been no physical damage to their property by the cargo. Even the claimants who were found to have physical damage according to the District Court, Marine Turbine Technologies, Advanced Materials and Mason's Seafood do not have any physical damage that they can attribute to contact from the released cargo.

Accordingly, there is simply no recovery possible with respect to the State of Louisiana under the provisions of OPA 90. Insofar as it is applicable to the situation of the State of Louisiana, the State adopts by reference the brief filed herein by Water Quality Insurance Syndicate which has directly appealed the OPA 90 issue.

## VII. The District Court erred in failing to grant the Motion for Summary Judgment filed by the State of Louisiana with respect to claims brought under CERCLA.

As was the case with OPA 90, the ruling of the District Court in denying the Motion for Summary Judgment filed by the State of Louisiana with respect to alleged CERCLA liability is an error and must be reversed.

CERCLA is the acronym for the Comprehensive Enviromental Response Compensation and Liability Act, 42 U.S.C. § 9601, et seq. CERCLA is a statutory scheme that permits a private party to recover for response costs, removal and/or the