Exhibit 10

Submitted by the Council to the Members of
The American Law Institute
for Consideration at the Ninety-First Annual Meeting on May 19, 20, and 21, 2014



# ALI
## THE AMERICAN LAW INSTITUTE

# RESTATEMENT OF THE LAW THIRD
# TORTS: LIABILITY FOR ECONOMIC HARM

_____

*Tentative Draft No. 2*

(April 7, 2014)

_____

### SUBJECTS COVERED

CHAPTER 1   Unintentional Infliction of Economic Loss (§§ 6-8)
CHAPTER 2   Liability in Tort for Fraud (§§ 9-15)
APPENDIX A   Black Letter of Tentative Draft No. 2
APPENDIX B   Other Relevant Text
APPENDIX C   Other Relevant Black-Letter Text

THE EXECUTIVE OFFICE
THE AMERICAN LAW INSTITUTE
4025 Chestnut Street
Philadelphia, PA 19104-3099
Telephone: (215) 243-1600 • Fax: (215) 243-1636
E-mail: ali@ali.org • Website: http://www.ali.org

©2014 BY THE AMERICAN LAW INSTITUTE
ALL RIGHTS RESERVED

As of the date of publication, this Draft has not been considered by the members of The American Law Institute and does not represent the position of the Institute on any of the issues with which it deals. The action, if any, taken by the members with respect to this Draft may be ascertained by consulting the Annual Proceedings of the Institute, which are published following each Annual Meeting.

© 2014 by The American Law Institute
Tentative draft – not approved as of publication date

Appendix B

1     reasonably be classified as a business decision.
2     Lawyer nevertheless is liable to Photographer for
3     negligent misrepresentation. (For the possibility of a
4     deduction based on the plaintiff's fault, see Comment
5     j.)

6

7     *i. Traditional elements of the tort.* Most provisions
8  of this Section amount to rules about when and to whom a
9  defendant owes a duty of care. Once that duty is settled,
10  the other elements of the tort—the standard of care,
11  factual causation, and scope of liability (or proximate
12  cause)—are generally governed by the same principles that
13  would apply to an ordinary negligence case. This Comment
14  summarizes how those principles apply in the context of
15  this Section. For more detailed discussion of the
16  principles at issue, see the relevant provisions of
17  Restatement Third, Torts: Liability for Physical and
18  Emotional Harm.
19     (1) *Due care.* The applicable standard of care under
20  this Section is the familiar one from negligence law:
21  reasonableness, in view of the size and probability of the
22  harms risked and the costs of being more careful. See
23  Restatement Third, Torts: Liability for Physical and
24  Emotional Harm § 3. The standard applies to all aspects of
25  the defendant's supply of the information: the steps taken
26  in obtaining it, and the care used in communicating it. A
27  defendant who claims to have specialized knowledge,
28  typically by virtue of membership in a profession or trade,
29  must exercise the skill normally expected of specialists; a
30  professional is held to a professional standard of care.
31  Often a plaintiff will need expert testimony to prove that
32  a professional failed to meet that standard, but not

© 2014 by The American Law Institute
Tentative draft – not approved as of publication date

Torts: Liability for Economic Harm

1     competent report. The court finds, however, that
2     Investor would instead have invested in Company B,
3     which also was wiped out by the collapse of the
4     market. Since Investor would have suffered the same
5     losses in any event, Accountant is not liable to
6     Investor. Accountant's negligence was a cause in fact
7     of Investor's decision to enter the damaging
8     transaction, but Accountant's negligence did not cause
9     Investor's damages.

10

11     (3) *Scope of liability (proximate cause)*. The various
12   limitations on a defendant's duty of care under this
13   Section do some of the work that might be performed by
14   rules of proximate cause elsewhere in the law of torts. For
15   example, the requirement that the defendant intend to
16   provide guidance to the plaintiff partly displaces an
17   inquiry into foreseeability of harm that a court might
18   otherwise make. Once the elements of this Section are
19   satisfied, however, the remaining questions about the scope
20   of a defendant's liability—that is, the harms for which the
21   defendant is answerable—are decided in conventional
22   fashion. A defendant generally is liable for harm if it
23   arises from the risks that made the negligent conduct a
24   breach of duty. See Restatement Third, Torts: Liability for
25   Physical and Emotional Harm §§ 29 and 30. If a defendant's
26   misrepresentation had a comparatively small role in
27   producing the plaintiff's injury, that point can be
28   captured by other elements of this Section. See the earlier
29   discussion in this Comment, and Comments *j* and *l*.

138

© 2014 by The American Law Institute
Tentative draft – not approved as of publication date

Appendix B

1  **Illustration:**

2      18. Firm hires Accountant to prepare financial
3      statements for the benefit of Insurer to whom Firm has
4      applied for coverage. Accountant negligently fails to
5      report objections that a state regulatory agency made
6      to one of Firm's dividend payments. Acting in reliance
7      on Accountant's work, Insurer writes coverage for
8      Firm. One of Firm's officers then embezzles a large
9      share of Firm's assets. Insurer is obliged to cover
10     Firm's losses, and seeks to recover from Accountant
11     for negligent misrepresentation. Court finds that
12     Insurer would not have written policy for Firm if it
13     had known of the objections raised by the state
14     agency. Court also finds, however, that the agency's
15     objections were entirely unrelated to the risk of
16     embezzlement that caused Firm's losses; the chance
17     that Firm would be looted by one of its officers was
18     not among the risks that made the audit negligent.
19     Accountant is not liable to Insurer.

20

21     *j. Comparative responsibility; justifiable reliance.*
22  Courts traditionally require that a plaintiff seeking to
23  recover for negligent misrepresentation show "justifiable
24  reliance" on the information supplied by the defendant. At
25  the same time, comparative responsibility has become a
26  standard approach to the adjudication of negligence cases,
27  and courts have extended its use to claims of negligent
28  misrepresentation. Confusion has thus arisen concerning the
29  relationship between principles of comparative negligence
30  and a requirement of "justifiable" reliance, which sounds
31  like an all-or-nothing judgment. The tension is best
32  resolved by treating justifiable reliance as a threshold

© 2014 by The American Law Institute
Tentative draft – not approved as of publication date

Submitted by the Council to the Members of
The American Law Institute
for Consideration at the Eighty-Ninth Annual Meeting on May 21, 22, and 23, 2012



**ALI**

THE AMERICAN LAW INSTITUTE

# RESTATEMENT OF THE LAW THIRD
# TORTS: LIABILITY FOR ECONOMIC HARM

———————

*Tentative Draft No. 1*

(April 4, 2012)

———————

### SUBJECT COVERED

CHAPTER 1  Unintentional Infliction of Economic Loss (§§ 1-6)
APPENDIX  Black Letter of Tentative Draft No. 1

THE EXECUTIVE OFFICE
THE AMERICAN LAW INSTITUTE
4025 Chestnut Street
Philadelphia, PA 19104-3099
Telephone: (215) 243-1600 • Fax: (215) 243-1636
E-mail: ali@ali.org • Website: http://www.ali.org

©2012 BY THE AMERICAN LAW INSTITUTE
ALL RIGHTS RESERVED

As of the date of publication, this Draft has not been considered by the members of The American Law Institute and does not represent the position of the Institute on any of the issues with which it deals. The action, if any, taken by the members with respect to this Draft may be ascertained by consulting the Annual Proceedings of the Institute, which are published following each Annual Meeting.
© 2012 by The American Law Institute
Tentative Draft – Not approved

1    Friend negligently assures Photographer that the
2    filming is lawful. Acting in reliance on this advice,
3    Photographer performs the filming as an unpaid favor
4    to Friend. The women who have been filmed discover
5    this and sue Photographer. Photographer settles those
6    cases, then sues Lawyer to recover his losses.
7    Photographer was not a client of Lawyer, and
8    Photographer's filming of Friend's encounters cannot
9    reasonably be classified as a business decision.
10    Lawyer nevertheless is liable to Photographer for
11    negligent misrepresentation. (For the possibility of a
12    deduction based on the plaintiff's fault, see Comment
13    *j*.)

14    *i. Traditional elements of the tort.* Most provisions
15 of this Section amount to rules about when and to whom a
16 defendant owes a duty of care. Once that duty is settled,
17 the other elements of the tort--the standard of care,
18 factual causation, and scope of liability (or proximate
19 cause)--are generally governed by the same principles that
20 would apply to an ordinary negligence case. This Comment
21 summarizes how those principles apply in the context of
22 this Section. For more detailed discussion of the
23 principles at issue, see the relevant provisions of
24 Restatement Third, Torts: Liability for Physical and
25 Emotional Harm.

26    *(1) Due care.* The applicable standard of care under
27 this Section is the familiar one from negligence law:
28 reasonableness, in view of the size and probability of the
29 harms risked and the costs of being more careful. See
30 Restatement Third, Torts: Liability for Physical and

© 2012 by The American Law Institute
Tentative Draft – Not approved

and to appear superior to Company B along all metrics relevant to Investor. Accountant's negligence is not a cause in fact of Investor's injuries.

17. Investor wants to invest in an oil-and-gas venture and has narrowed the field to two candidates: Company A and Company B. Investor chooses to invest in Company A, relying on a negligent report issued by Company A's Accountant. Sharp declines in the oil-and-gas market cause large losses to Investor, who then withdraws his investment and sues Accountant for negligent misrepresentation. Investor would not have invested in Company A if Accountant had issued a competent report. The court finds, however, that Investor would instead have invested in Company B, which also was wiped out by the collapse of the market. Since Investor would have suffered the same losses in any event, Accountant is not liable to Investor. Accountant's negligence was a cause in fact of Investor's decision to enter the damaging transaction, but Accountant's negligence did not cause Investor's damages.


(3) Scope of liability (proximate cause). The various limitations on a defendant's duty of care under this Section do some of the work that might be performed by rules of proximate cause elsewhere in the law of torts. For example, the requirement that the defendant intend to provide guidance to the plaintiff partly displaces an inquiry into foreseeability of harm that a court might otherwise make. Once the elements of this Section are satisfied, however, the remaining questions about the scope

© 2012 by The American Law Institute
Tentative Draft – Not approved

1    of a defendant's liability--that is, the harms for which
2    the defendant is answerable--are decided in conventional
3    fashion. A defendant generally is liable for harm if it
4    arises from the risks that made the negligent conduct a
5    breach of duty. See Restatement Third, Torts: Liability for
6    Physical and Emotional Harm §§ 29 and 30. If a defendant's
7    misrepresentation had a comparatively small role in
8    producing the plaintiff's injury, that point can be
9    captured by other elements of this Section. See the earlier
10   discussion in this Comment, and Comments *j* and *l*.


11   **Illustration:**

12           18. Firm hires Accountant to prepare financial
13       statements for the benefit of Insurer to whom Firm has
14       applied for coverage. Accountant negligently fails to
15       report objections that a state regulatory agency made
16       to one of Firm's dividend payments. Acting in reliance
17       on Accountant's work, Insurer writes coverage for
18       Firm. One of Firm's officers then embezzles a large
19       share of Firm's assets. Insurer is obliged to cover
20       Firm's losses, and seeks to recover from Accountant
21       for negligent misrepresentation. Court finds that
22       Insurer would not have written policy for Firm if it
23       had known of the objections raised by the state
24       agency. Court also finds, however, that the agency's
25       objections were entirely unrelated to the risk of
26       embezzlement that caused Firm's losses; the chance
27       that Firm would be looted by one of its officers was
28       not among the risks that made the audit negligent.
29       Accountant is not liable to Insurer.

© 2012 by The American Law Institute
Tentative Draft – Not approved