# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, Illinois 60654

Hariklia Karis, P.C.
To Call Writer Directly:
(312) 862-2330
hariklia.karis@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

**By Email**                                                August 6, 2014

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Re:  MDL 2179 - United States' Untimely Identification of Dr. Robyn Conmy as a Trial Witness in the Clean Water Act Penalty Phase

Dear Judge Shushan:

On July 11, 2014, more than two weeks after Robyn Conmy was deposed as a corporate representative, and only seven days before the scheduled completion of fact depositions, the United States ("US") untimely amended its initial disclosures and identified Dr. Conmy as a witness in the Clean Water Act Penalty Phase trial.  BP Exploration & Production Inc. ("BPXP") objects to the US's identification of Conmy, which is untimely and prejudicial.  The Court denied the late addition of Admiral Landry (8/5/14 Order, Doc. 13251); it should deny the US's late addition of Conmy as well.

As set forth in my letter similarly objecting to the untimely addition of Landry, the US's addition of Conmy comes extremely late in the case and is the latest in a series of amendments to the US's disclosures adding new witnesses.  (8/4/14 Karis Letter)  The parties' initial disclosures of people whom "the disclosing party may use to support its claims or defense" were due in March, *four months* before the US disclosed Conmy.  On June 26, 2014, BPXP deposed Conmy as the US's designated Rule 30(b)(6) witness on topics of subsurface dispersant monitoring and JAG reports.  On July 11, 2014, after Landry was substituted as a corporate representative when Captain Laferriere became unavailable, the US served its Third Amended Initial Disclosures, opportunistically adding Conmy, without any justification.

As with Admiral Landry, there is simply no good reason for the US's delayed disclosure of Conmy.  Nothing prevented the United States from identifying her in March, consistent with the Court's deadline.  Nor did anything prevent the US from supplementing its disclosures in April or May to identify Conmy as a witness.  Indeed, the US supplemented its discovery responses on May 20 and June 4, identifying Conmy and others as knowledgeable about dispersants.  The US also disclosed Conmy as a 30(b)(6) witness on new subjects on June 6.  Its supplemental responses further confirm that the US had investigated Conmy's knowledge of BPXP's mitigation efforts, including dispersants, well before its late Rule 26(a) disclosure of her.

The US has known that BPXP intended to raise the issue of dispersants since BPXP served its initial discovery responses on April 28.  Those responses included a detailed description of BPXP's positions on the mitigation factor, including "limitations on dispersant applications."  *See, e.g.*, BPXP's Resp. to Interrogs. Nos. 4, 7.  The US's own discovery responses, also served months ago, likewise expressly raise the relevance of dispersant monitoring and testing, as well as Conmy's involvement in those issues.  If the US believed it needed Conmy as a trial witness to address these issues, including subsea dispersant testing, it could, and should, have supplemented its disclosures in April or May, well before depositions began.[1]  Further, if the US believed it needed Conmy's testimony to address these issues, it had the opportunity to, and did, conduct a direct exam of her during her 30(b)(6) deposition.  The US has identified no reason why that testimony is insufficient such that they would need to call Conmy as a witness at trial.

Adding Conmy as a trial witness at this late juncture would unduly prejudice BPXP.  The US disclosed Conmy only one week before the close of fact depositions and a month before the expert report deadline.  And it made its disclosure two weeks *after* the deposition of Conmy as a corporate representative.  The US designated Conmy to address a portion of four 30(b)(6) topics, only as they related to subsurface dispersant monitoring and JAG Reports.  Now, in its untimely disclosure, the US for the first time identifies Conmy as a witness broadly on all mitigation topics.  BPXP has proceeded with fact discovery (including its decisions to forgo certain depositions) and expert planning based on the record as it stands.  In the weeks after Conmy's 30(b)(6) deposition, BPXP continued to withdraw certain of its potential trial witnesses in reliance on the US's witness list.  Permitting the US's late addition of Conmy as a trial witness would require BPXP to reconsider its witness list and jeopardize the schedule as fact discovery is closed and expert reports are due next week.

The US can identify no reasonable justification for its untimely disclosure of Conmy as a potential trial witness and should not now be granted a strategic advantage to revise its disclosures.  BPXP requests that, as with Landry, the Court reject the US's untimely disclosure.

Respectfully submitted,

Hariklia Karis, P.C.

cc:   United States Penalty Phase Counsel
      APC Penalty Phase Counsel

---

[1] Nor has new information about Conmy's involvement in the Response been revealed to the US during Penalty Phase depositions.  Conmy was referenced in only one Penalty Phase deposition, and only in passing.