UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: 10-4536 | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

### [Regarding Dr. Robin Conmy]

The U.S. did not designate Dr. Robin Conmy as a fact witness who may have information regarding the nature, extent, and degree of success of any efforts of BPXP to minimize or mitigate the effects of the discharge until July 11, 2014. That was after the deadline for parties' initial disclosures. It was after Dr. Conmy was deposed as a Rule 30(b)(6) representative of the U.S. on June 26, 2014 and it was seven days before the scheduled deadline for completion of fact depositions.

BPXP objects to the identification of Dr. Conmy as untimely. Rec. doc. 13271. It argues that just as the U.S.' addition of Admiral Landry was untimely (Rec. doc. 13251), the addition of Dr. Conmy is untimely.

The U.S. responds that BPXP will not be prejudiced by the addition of Dr. Conmy because: (1) prior to Dr. Conmy's appearance at a Rule 30(b)(6) deposition, the U.S. completed the production of Dr. Conmy's custodial records; (2) BPXP had the full opportunity to question Dr. Conmy in the Rule 30(b)(6) deposition; (3) Dr. Conmy's trial testimony will be confined to the topics for which she was designated as a Rule 30(b)(6) representative and which were addressed in her deposition. Rec. doc. 13272.

For the reasons cited by the U.S., BPXP will not be prejudiced by the addition of Dr.

Conmy. If the U.S. seeks fact testimony from Dr. Conmy at the trial beyond the topics addressed by her in the Rule 30(b)(6) deposition, BPXP can exclude such testimony.

The circumstances for Dr. Conmy are different from those for Admiral Landry. The U.S. sought to identify Admiral Landry concerning BPXP's efforts to mitigate, minimize or prevent the effects of the spill. It argued that BPXP would not be prejudiced because Admiral Landry was deposed in Phase Two. This is significantly different from Dr. Conmy who was deposed as a Rule 30(b)(6) representative in the Penalty Phase. Although the U.S. was asked to report if Admiral Landry's testimony would be confined in any way (Rec. doc. 13183), it identified Admiral Landry as a witness on all mitigation topics. In contrast, the U.S. reports that Dr. Conmy's testimony will be confined to the topics addressed by her in her testimony in the Penalty Phase Rule 30(b)(6) deposition.

For the reasons presented herein and in the U.S. letter of August 8, 2014 (Rec. doc. 13272), the objection of BPXP to the addition of Dr. Conmy as a witness to the U.S. Rule 26(a) disclosure is overruled.

The deadline for an appeal of this order is **Friday, August 15, 2014**.

New Orleans, Louisiana, this 11th day of August, 2014.

**SALLY SHUSHAN**
**United States Magistrate Judge**

2