UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | : | MDL 2179 |
|     "DEEPWATER HORIZON" IN THE | : | |
|     GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

REPLY OF THE SPECIAL MASTER
TO OPPOSITION FILED BY WOODBRIDGE BARIC PRE-SETTLEMENT FUNDING LLC
TO MOTION FOR RETURN OF PAYMENTS MADE TO JARROD A. BURRLE AND OTHERS

COMES NOW Special Master Louis J. Freeh, who provides this reply to the opposition filed by Woodbridge Baric Pre-Settlement Funding, LLC ("Woodbridge") to the motion for return of payments made by the Deepwater Horizon Economic Claims Center ("DHECC") to Jarrod A. Burrle ("Burrle"):

1.  In the Opposition, Woodbridge states that its three pre-settlement funding contracts (the "contracts") provided that "Burrle was under no obligation to repay these sums if [it] did not receive settlement funds from the GCCF and/or DHECC." Opp. at 3. Nonetheless, Woodbridge urges the Court to find that the contracts were "consumer loans" rather than contingent fee contracts. *See id*. at 4-6.

2.  Woodbridge cites a Louisiana Attorney General Opinion to support the position that the contracts were "consumer loans." *See* Opp. at 4-5. The Attorney General found that pre-settlement funding agreements similar to those at issue here are obligations that may not be enforced until an uncertain event occurs, and thus are obligations "premised on a suspensive condition" under the Louisiana Civil Code. *See* La. Atty. Gen. Op. No. 2001-160

at 2 (citing La. Civil Code art. 1767).  The Attorney General concluded that such obligations are "loans" subject to the Louisiana Consumer Credit Law ("LCCL").  *Id.*

3.   The conclusion that pre-settlement funding contracts are "loans" subject to the LCCL, however, provides no guidance on whether such contracts also are contingent fee agreements.  The LCCL contains specific consumer protection provisions, but does not otherwise "limit or restrict the manner of contracting for loan finance charges under a consumer loan, whether by way of precomputed interest, simple interest, or otherwise," so long as the charged finance rates do not exceed maximum permitted rates.  *See* La. Rev. Stat. § 9:3519B.  Nothing in the LCCL addresses the propriety of contingent fees or describes the full range of terms that could apply to pre-settlement funding contracts.  As long as a loan adheres to the interest rate and other consumer protections provided in the LCCL, the parties are free to set their own additional terms for the manner of contracting.

4.   The Louisiana Attorney General's finding that pre-settlement funding contracts are an "obligation premised on a suspensive condition" is instructive for how such contracts should be categorized where restitution is sought.  Relying on the Civil Code provision cited in the Attorney General's Opinion, the Louisiana Supreme Court has explained that a contingent fee contract between an attorney and client creates an obligation to share proceeds eventually recovered, but the obligation "is, of course, *subject to the suspensive condition that the outcome will be favorable*, and to the implied resolutory condition his interest may be divested if he does not perform the contractual services expected of him."  *Due v. Due*, 342 So. 2d 161, 164 (La. 1977) (emphasis added).[1]

---

[1] The Court in *Due* cited to Louisiana Civil Code articles 2021 and 2043 (1870) to explain suspensive conditions.  Following a 1984 revision to the Civil Code, article 1767 now reproduces the substance of former articles 2021 and 2043, and "does not change the law."  La. Civil Code art. 1767 cmt. A.

5.   The Woodbridge contracts here bear all the hallmarks of contingent fee agreements.  The contracts' suspensive obligation to make payment is conditioned on a favorable outcome of Burrle's claims.  Opp. at 3; *see also Due*, 342 So. 2d at 164.  The contracts provide a *monthly* 4 percent compound interest to Woodbridge for taking the risk that the claims might not be paid.[2]  *See* Motion at Ex. J at 4, ¶ 2; *id*. at 8 ("As the risk involved with such a venture is inherently high, the costs are necessarily extreme."); Apr. 29, 2014 Order & Reasons at 24 ("The contingent fee is dependent on success; the attorney assumes, along with the client, the inherent risks of litigation.").  If the client does not prevail, or prevails but has the award revoked, the client has not received a favorable outcome and no fee is due.  Apr. 29, 2014 Order & Reasons at 24.  If a party were to retain a fee already paid under these circumstances, the party would be unjustly enriched.  *Id.*

6.   Contingent fee contracts are not limited to the attorney-client relationship, as Woodbridge suggests.  For example, an accounting firm was ordered in *Thonn* to make restitution of the contingent fee it received for preparing Thonn's DHECC claims.  *See* Apr. 29, 2014 Order & Reasons at 25.  Louisiana law provides that contingent contracts are valid in contexts other than the attorney-client relationship, such as where an accountant's fee is established "pursuant to an arrangement in which no fee will be charged unless a specified finding or result is attained."  La. Rev. Stat. § 37:83 L(3); *see also Sherry v. Bd. of Accountancy*, 157 P.3d 1226, 1230 (Or. Ct. App. 2007) (contingent fee agreement is one where the accountant's ultimate entitlement to a fee depends on the results achieved).

---

[2] Woodbridge does not address how the monthly 4 percent compound interest rate contained in the contracts, resulting in an effective annual rate of approximately 60 percent, is permissible under the LCCL, which caps finance charges for consumer loans at 21 percent per year for unpaid principal loan amounts over $7,000 and at 24 percent for amounts between $4,000 and $7,000.  *See* La. Rev. Stat. § 9:3519A(c)-(d).

7. Woodbridge states that the Special Master has not pled all of the elements for a cause of action for unjust enrichment. This Court rejected a similar argument in the *Thonn* case, as this position misconstrues the nature of the relief sought and unduly attaches a strict elemental analysis to a remedy intended to have a flexible application. *See* Apr. 29, 2014 Order & Reasons at 20 n.15.

8. Woodbridge says it would be unfair to set aside payments made pursuant to the "valid juridical act" of the contracts. This position misperceives the equities. Woodbridge assumed a risk in anticipation of significant reward if Burrle's claims were paid. The DHECC trust — established to benefit those harmed by the 2010 oil spill — should not bear the loss when such a venture disappoints investor expectations. This is particularly true here, where Woodbridge: (a) appears to have performed no due diligence on the claims beyond asking Burrle to affirm that the claim information was accurate; and (b) seeks to retain the fruits of contracts providing for a monthly 4 percent compound interest rate that appears to far exceed the permissible interest rate for consumer loans under Louisiana law. *See* La. Rev. Stat. § 9:3519A(a)-(d).[3] The equities do not rest with Woodbridge.

For these reasons, a judgment against Woodbridge should be entered in the amount of $20,000.

                                                 Respectfully submitted,

                                                 /s/ Louis J. Freeh
                                                Louis J. Freeh
                                                Special Master

Dated: August 14, 2014

---

[3] On April 23, 2014, Woodbridge filed a notice of third party lien with the DHECC, seeking to enforce the contracts and their excessive interest provisions against Burrle. Woodbridge has additional pending "consumer loans" with other DHECC claimants with similarly excessive interest provisions. The DHECC should not enforce or accept any lien by Woodbridge absent the firm demonstrating that its pre-settlement funding contracts are in full conformity with the Louisiana Consumer Credit Law. *See* La. Rev. Stat. § 9:3511B.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing papers have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and that a copy of the foregoing papers have been served this __14th__ day of __August__, 2014, by electronic mail, on the following:

| | |
|---|---|
| Lewis O. Unglesby<br>Lance C. Unglesby<br>Unglesby Law Firm<br>246 Napoleon Avenue<br>Baton Rouge, LA 70802<br>*Attorneys for Jon Andry* | Douglas S. Draper<br>Heller, Draper, Patrick & Horn, LLC<br>650 Poydras Street – Suite 2500<br>New Orleans, LA  70130<br>*Attorneys for Andry Lerner, LLC* |
| Pauline F. Hardin<br>James E. Wright, III<br>Virginia W. Gundlach<br>Jones Walker LLP<br>201 St. Charles Ave. – 49th Floor<br>New Orleans, LA  70170<br><br>          and<br><br>William W. Taylor, III<br>Amit P. Mehta<br>Zuckerman Spaeder LLP<br>1800 M. Street, NW – Suite 1000<br>Washington, DC 20036-5807<br>*Attorneys for Glen J. Lerner* | George D. Fagan<br>Margaret F. Swetman<br>Leake & Anderson, LLP<br>1100 Poydras Street, Suite 1700<br>New Orleans, Louisiana 70163<br>*Attorneys for Woodbridge Baric Pre-Settlement Funding, LLC*<br><br>David D. Bravo, Esq.<br>The Law Firm of David D. Bravo, APLC<br>610 Baronne St.<br>New Orleans, LA 70113<br><br>Leo J. Palazzo, Esq.<br>Jason Markey, Esq.<br>Mario A. Arteaga, Esq.<br>Palazzo Law Firm<br>732 Behrman Highway, Suite F<br>Gretna, LA  70056 |

And that a copy of the foregoing papers have been served this __14th__ day of August, 2014, by U.S. Mail, postage pre-paid, on the following:

Jarrod A. Burrle
P. O. Box 645
Port Sulphur, LA  70083

                                        _____/s/Louis J. Freeh_____
                                        Louis J. Freeh

Case 2:10-md-02179-CJB-DPC   Document 13285   Filed 08/14/14   Page 6 of 6