UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: 10-4536 …………………………………………………... | : : | Honorable CARL J. BARBIER Magistrate Judge SHUSHAN |

ORDER
[Regarding Deposition Bundling for the Penalty Phase]

The following schedule and procedures shall apply to deposition bundling for the Penalty Phase of this action:

1. For purposes of this order a side is either: (1) BP and Anadarko or (2) the United States.

**Schedule**

2. The following schedule shall apply:

| | |
|---|---|
| August 26, 2014 | Each party shall submit an *in camera* list of the fact and 30(b)(6) depositions to be submitted for trial for the Court's review before imposing limitations on the number of depositions bundles to be prepared and submitted for trial. Each submission should include a brief summary of each witness' testimony. |
| September 2, 2014 | The Court announces the number of deposition bundles per side that may be prepared for submission. |
| October 31, 2014 | Each side provides its initial designations of depositions on its list of depositions. |
| November 24, 2014 | Each side provides counter designations for depositions on the other side's list of depositions. |
| November 28, 2014 | Each side provides any rebuttal designations for depositions on its list of depositions. |

1

      December 12, 2014      inData certifies the bundles as complete.

## Procedures

3.      The parties may bundle depositions from Phase One, Phase Two, or the Penalty Phase up to the deposition bundle limit set by the Court. Any deposition from which a side wishes to designate testimony (regardless of Phase) shall be identified in the *in camera* lists to be submitted to the Court on August 26, 2014.

4.      If a party introduces a deposition bundle into evidence, that bundle will include all of the parties' designations of testimony and exhibits, as well as all objections with respect to that bundle and the deposition bundle shall be counted only against the proffering side's limit on deposition bundles.

5.      If a party decides not to call a previously disclosed "will call" witness, the other parties will have the right either to require the withdrawing party to bring the witness to trial or to submit into the record that witness's deposition bundle. The submission of any bundles of withdrawn "will call" witnesses will not count toward the deposition bundle limit.

6.      <u>Post-Trial Submissions</u>: The parties may cite in their findings of fact and conclusions of law (a) deposition testimony from the deposition bundles offered during the Penalty Phase as set forth above; and (b) deposition testimony from deposition bundles offered in Phase One or Two except to the extent an objection to that testimony has be sustained on grounds other than relevance to the Phase being tried.

7.      The parties may cite, in support of or in opposition to any objection as to admissibility of a document, any deposition testimony taken in Phase One, Phase Two, or the Penalty Phase regardless of whether that testimony was included in a bundle that was submitted in the trial record.

8. An exhibit to depositions may only be included in a deposition bundle if it was actually the subject of testimony in the deposition, *i.e.* if a document was marked with an exhibit number but never shown to the witness, that document may not be included in a bundle.

9. An exhibit may only be included in a bundle if some testimony discussing the exhibit is also designated.

10. Each side will submit with a bundle an objective summary of the witness' testimony (with citation to pages), limited to 3 pages double-spaced.

The deadline for appeal of this order is the close of business on **Friday, August 22, 2014**.

New Orleans, Louisiana, this 19th day of August, 2014.

_____
SALLY SHUSHAN
United States Magistrate Judge