## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION J(2) |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| | * | |
| Edward Wisner Donation v. | * | MAGISTRATE JUDGE |
| BP Exploration & Production Inc. | * | JOSEPH C. WILKINSON, JR. |
| | * | |
| No. 2:14-cv-1525 | * | |
| | * | |

---

**BP EXPLORATION & PRODUCTION INC.'S OPPOSITION TO THE EDWARD
WISNER DONATION'S MOTION IN LIMINE TO CONSIDER SETTLEMENT
DOCUMENTS WITH MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

**Page**

BACKGROUND ................................................................................................................ 2

ARGUMENT .................................................................................................................... 4

I.     THE COURT SHOULD ENFORCE THE PLAIN LANGUAGE OF THE
       SETTLEMENT AGREEMENT, ███████████████████████
       ████████████████████████████ . ............................................. 4

II.    USE OF THE CONFIDENTIAL SETTLEMENT MATERIALS IS BARRED
       UNDER THE FEDERAL RULES OF EVIDENCE ......................................... 7

       A.     The confidential settlement materials the Donation seeks to use are
              inadmissible under Rule 408 ................................................................. 7

       B.     The proposed evidence is irrelevant and a waste of time. ................... 10

       C.     The neutral's report is inadmissible hearsay under Rule 802. ............. 11

III.   THE DONATION'S MOTION IN LIMINE IS PROCEDURALLY IMPROPER ......... 13

CONCLUSION .............................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advocacy Ctr. for Elderly & Disabled v. La. Dept. of Health & Hospitals*,
    731 F. Supp. 2d 603 (E.D. La. 2010) ............................................................... 12

*Blakey v. Cont'l Airlines*,
    No. 93-2194, 1997 WL 1524797 (D.N.J. Sept. 9, 1997) ................................... 10

*Branch v. CEMEX, Inc.*,
    No. H-11-1953, 2012 WL 2357280 (S.D. Tex. June 20, 2012)
    *aff'd*, 517 Fed. App'x 276 (5th Cir. 2013) ....................................................... 13

*Cates v. Morgan Portable Bldg. Corp.*,
    780 F.2d 683 (7th Cir. 1985) ............................................................................ 8

*Celtic Marine Corp. v. James C. Justice Cos., Inc.*,
    No. 13-30712, 2014 WL 3732647 (5th Cir. July 29, 2014) ............................... 4

*Cf. Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*,
    446 F.2d 353 (5th Cir. 1971) ........................................................................... 12

*Elwakin v. Target Media Partners Operating Co. LLC*,
    901 F. Supp. 2d 730 (E.D. La. 2012) ............................................................... 13

*Fed. Sav. & Loan Ins. Corp. v. Dixon*,
    835 F.2d 554 (5th Cir. 1987) ........................................................................... 12

*Galin Corp. v. MCI Telecomms. Corp.*,
    12 F.3d 465 (5th Cir. 1994) ............................................................................. 10

*Gonzalez v. Aztex Advantage*,
    547 Fed. App'x 424 (5th Cir. 2013) ................................................................. 14

*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*,
    MDL 2179, 2012 WL 395048 (E.D. La. Feb. 7, 2012) ...................................... 7

*In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2010*,
    MDL 2179, 2012 WL 413860 (E.D. La. Feb. 9, 2012) ............................... 10, 11

*Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Grp.*,
    Civ. A. No., 06-3418, 2009 WL 2496552 (E.D. La. Aug. 12, 2009) ............... 13

*Jackson v. Bunge Corp.*,
    40 F.3d 239 (7th Cir. 1994) ............................................................................. 10

**Page(s)**

*Jackson Women's Health Org. v. Currier,*
   No. 13-60599, 2014 WL 3730467 (5th Cir. July 29, 2014)............................................ 12

*Jones v. Cargill, Inc.,*
   490 F. Supp. 2d 989 (N.D. Iowa 2007)............................................................................ 10

*King v. Univ. Healthcare Sys., L.C.,*
   645 F.3d 713 (5th Cir. 2011) ....................................................................................... 7, 9

*Lee v. Hunt,*
   631 F.2d 1171 (5th Cir. 1980) ......................................................................................... 4

*Lyondell Chem. Co. v. Occidental Chem. Corp.,*
   608 F.3d 284 (5th Cir. 2010) .................................................................................. 7, 8, 9

*MCI Commc'ns Servs., Inc. v. Hagan,*
   641 F.3d 112 (5th Cir. 2011) ........................................................................................... 7

*Reichenbach v. Smith,*
   528 F.2d 1072 (5th Cir. 1976) ......................................................................................... 7

*Sierra Club, Lone Star Chapter v. F.D.I.C.,*
   992 F.2d 545 (5th Cir. 1993) .................................................................................... 11, 12

*Snapt Inc. v. Ellipse Commc'ns Inc.,*
   430 Fed. App'x 346 (5th Cir. 2011) ............................................................................... 11

*Steele v. Ferry Holdings, LLC,*
   2013-1933 (La. App. 1 Cir. 7/24/14) ............................................................................... 4

*United States v. Charles,*
   469 F.3d 402 (5th Cir. 2006) ......................................................................................... 13

*United States v. Jackson,*
   426 F.3d 301 (5th. Cir. 2005) ........................................................................................ 13

*United States v. Johnson,*
   No. 13-151, 2013 WL 6579578 (D. Nev. Dec. 13, 2013) .............................................. 10

**Other Authorities**

11A Fed. Prac. & Proc. Civ. § 2949 ................................................................................ 11, 12

La. Civ. Code art. 2046 ........................................................................................................ 4, 5

**Page(s)**

**Rules**

Federal Rule of Evidence 403 .................................................................................................. 2, 10

Federal Rule of Evidence 408 .................................................................................................. passim

Federal Rule of Evidence 408(a) ............................................................................................... 9

Federal Rule of Evidence 801 .................................................................................................. 11

Federal Rule of Evidence 801(c) .............................................................................................. 11

Federal Rule of Evidence 802 .................................................................................................. 2, 11

In its latest motion, the Edward Wisner Donation ("Donation") again asks this Court to disregard the plain terms of a contract with BPXP.  The Donation wants the Court to read the express language of the contract in question—a confidential settlement agreement—to mean just the opposite of what it says.  That settlement agreement was entered "████████████ ████████████████████████████████████" Settlement Agreement (Rec. Doc. 13227-3) ¶ 3, and states that ██████████████████████████ ████████████████████████████████" *id.* ¶ 4(h), that it ███████ ████████████████████████████" *id.* ¶ 10, and that █████████████ ██████████████████████████████████████████████ ███████" *id.* ¶ 6.  Undeterred, the Donation would have this Court (a) use the settlement agreement as a factual and legal admission; (b) admit the findings of the settlement neutral and related settlement materials; (c) use the settlement agreement to interpret and construe to change or amend the Access Agreement; and (d) use the settlement agreement as an admission and evidence of liability in a subsequent proceeding.  The Court should decline.

In addition to the Donation's disregard for the plain language of the settlement agreement, the Donation's motion runs afoul of the Federal Rules of Evidence, which bar the use of settlement agreements and settlement materials to prove the validity of a disputed claim.  The Donation's motion also violates the rule against raising arguments and evidence for the first time on reply (a rule it seeks to skirt, like the page limit on reply briefs, by posing its new arguments and evidence as a motion in limine).

The Court should see the Donation's motion for what it is—a thinly veiled recitation of inadmissible settlement materials—and deny the motion.  More specifically, the Court should deny the motion for the following reasons.  ***First***, ████████████████████████████

1

███████████████████████████████████

████████████████████    █████████████████████

███████████████████████████████████

██████████████████████████████     ***Second***, the Federal Rules of Evidence make
inadmissible and prohibit the use of the settlement agreement, findings of the settlement neutral,
and other settlement materials.  Rule 408 bars the use of the settlement agreement, findings of
the settlement neutral, and other settlement materials to prove liability or to impeach.  Rule 403
bars the use of the settlement agreement, findings of the settlement neutral, and other settlement
materials because their probative value is substantially outweighed by danger of unfair prejudice,
confusion of issues, undue delay, and waste of time.  Rule 802 makes inadmissible and prohibits
the use of the findings of the settlement neutral as hearsay.  ***Third***, the Donation's motion is
procedurally improper.  The Donation waived any arguments based on the settlement agreement
by failing to present such arguments in its Motion for Preliminary Injunction.

## BACKGROUND

On February 17, 2012, the Donation moved for summary judgment on its claim that
BPXP had breached certain provisions of the Access Agreement distinct from the breaches
alleged in its July 2014 Complaint and Motion for Preliminary Injunction.  (Rec. Doc. 5751.)
The Donation's February 2012 motion sought to require BPXP to provide certain data and
documentation—including privileged attorney work product—generated in connection with
cleanup operations directed by the Federal On-Scene Coordinator on Donation property.
Donation MSJ Memo. at 2.  The Donation asked this Court to order specific performance and to
require BP to provide such documentation.  *Id.*

At this Court's suggestion, BPXP and the Donation discussed a way to resolve the
dispute without further litigation.  Those discussions revealed that BPXP and the Donation also

disputed certain invoices the Donation submitted to BPXP for reimbursement.  Before the Court heard the Donation's motion and before BPXP filed an opposition to the Donation's motion, the Donation and BPXP agreed to a confidential, private settlement.

That settlement agreement states in no uncertain terms that 

- Settlement Agreement ¶ 3:

- Settlement Agreement ¶ 4(h):

- Settlement Agreement ¶ 6:

- Settlement Agreement ¶ 10:

Relying on these provisions, BPXP agreed to

.  As part of the settlement negotiations and execution of their obligations under the settlement agreement, BPXP and the Donation also

.  The settlement neutral subsequently

BPXP has fulfilled all of its obligations under the settlement agreement.

## ARGUMENT

**I.    THE COURT SHOULD ENFORCE THE PLAIN LANGUAGE OF THE SETTLEMENT AGREEMENT,** ████████████████████████████████ ████████████████████████████████████.

It is well settled that "the construction and enforcement of settlement agreements is governed by principles of state law applicable to contracts generally." *Lee v. Hunt*, 631 F.2d 1171, 1173-74 (5th Cir. 1980). Under Louisiana law, "a settlement agreement is a contract and the rules of construction applicable to contracts are therefore used." *Celtic Marine Corp. v. James C. Justice Cos., Inc.*, No. 13-30712, 2014 WL 3732647, *4 (5th Cir. July 29, 2014) (citation, quotations and modifications omitted). Thus, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046; *Steele v. Ferry Holdings, LLC*, 2013-1933 (La. App. 1 Cir. 7/24/14) (citation omitted).



The terms of the settlement agreement in this case are clear and explicit: ██████████

██████████████████████████████████████████████████████████████

██████████" Settlement Agreement ¶ 4(h) (emphasis added); *see also id.* ¶ 3 ("██████████

██████████████████████████████████████████████████████████████

████████████████████"); *id.* ¶ 10 ("██████████████████████████████

██████████████████████████████████████████████████████████████

████████ The Donation does not argue that the terms of the agreement are ambiguous, nor does it argue those terms lead to an absurd result. On this basis alone, the Donation's motion should be denied.

██████████████████████████████████████████████████████████████

████████████████████████████████ Yet that is precisely what the Donation attempts with its motion in limine. In its own words,

> The Donation respectfully moves for an order allowing consideration of the following documents to its Motion for Preliminary Injunction [Rec. Doc. 13152]: (1) BP and the Donation's position papers; (2) evidence submitted by BP and the Donation in support of the position paper; and (3) the Neutral's determination (collectively referred to as the "Settlement Documents").

That request is unsupportable in light of the clear language of the settlement agreement, as the Donation acknowledges: "the settlement Agreement does provide that the submissions and Neutral Report are '████████████████████████████'" Donation Memo. at 8-9. But the Donation inexplicably argues that the settlement does not mean what it says. *Id.* According to the Donation, the intent was "merely to reiterate Federal Rule of Evidence 408." *Id.* That argument lacks merit. The terms of the settlement agreement plainly go beyond Rule 408 to cover "████████████████," "████████," and "████████████████████████ ████████████████████" Settlement Agreement ¶ 4(h), ¶ 3, and ¶ 10. Regardless, the Court need not—and should not—consider the Donation's post hoc argument about intent because "no further interpretation may be made in search of the parties' intent" when "the words of a contract are clear and explicit." La. Civ. Code art. 2046. Here, the words of the settlement agreement are clear and explicit: ████████████████████████████ ████████.

The Donation also seeks to twist the settlement agreement's ████████████████ ████████████████ into support for disregarding clear terms regarding confidentiality and inadmissibility. Donation Memo. at 2-3. Based on paragraphs 9 and 12 of the settlement agreement, the Donation concludes that the parties intended to allow the introduction of the settlement agreement if enforcement was needed or a dispute arose. *Id.* Yet, the Donation's present lawsuit is not a dispute over the settlement agreement. Indeed, the Donation concedes that BPXP's alleged "breach that is the subject of the pending Motion for Preliminary Injunction is different" from the alleged breach that was resolved pursuant to the settlement agreement.

Donation Memo. at 9. The Donation further concedes that "the primary relief sought here, remediation at Breach 1, is completely separate from the expense reimbursement." *Id.* Tellingly, the Donation offers no explanation whatsoever to explain why the settlement of an alleged breach different from the alleged breach at issue has any relevance to the claims presently before the Court. Similarly, the Donation offers no explanation as to how Paragraphs 9 or 12 support its motion in limine. Paragraph 9 is merely ███████████████████████ ██████████████████████████████████. Paragraph 12 is merely ██████████████████ ███████████████████████████████████████████.

BPXP does not dispute that the plain terms of the settlement agreement should govern the parties' obligations under the settlement agreement—just as BPXP does not dispute that the plain terms of the Access Agreement should govern the parties' obligations under the Access Agreement. Unhappy with the confidentiality provisions in the settlement agreement, it is the Donation that argues the plain terms of the settlement agreement should not govern the parties' obligations.

To further that end, the Donation seeks to rewrite the settlement agreement by adding words. It claims the prohibition on admissibility does not apply because "this is not a '████████████████' *of the same breach of the same claim.*" Donation Memo. at 9 (emphasis added). The Settlement Agreement does not limit the applicability of its ██████████████████████ provisions to the same breach of the same claim. Instead, the Settlement Agreement plainly provides "██████████████████████████████████████ ████████████████████████████████████" Settlement Agreement ¶ 4(h) (emphasis added). The settlement agreement's other confidentiality and admissibility provisions are also fatal to the Donation's arguments. For instance, in Paragraph 10, the

settlement agreement states that the "████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████"  Untroubled by those provisions, the

Donation claims, describes, and seeks to introduce as admission and evidence of liability the

settlement agreement and the evidence, arguments, and findings of the settlement neutral,

effectively asking this Court to disregard the plain terms of the settlement agreement.  The Court

should enforce the clear and explicit provisions of the settlement agreement by denying the

Donation's motion in limine.

## II.   USE OF THE CONFIDENTIAL SETTLEMENT MATERIALS IS BARRED UNDER THE FEDERAL RULES OF EVIDENCE

### A.   The confidential settlement materials the Donation seeks to use are inadmissible under Rule 408.

The Donation's effort to introduce confidential settlement materials is precluded under

Federal Rule of Evidence 408.  Rule 408 "excludes evidence of settlement negotiations if offered

to prove or disprove the validity or amount of a disputed claim or to impeach by a prior

inconsistent statement or a contradiction."  *In re Oil Spill by the Oil Rig Deepwater Horizon in

the Gulf of Mexico, on April 20, 2010*, MDL 2179, 2012 WL 395048, at *3 (E.D. La. Feb. 7,

2012); *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 720 (5th Cir. 2011).  The rule "is

designed to ncourage settlements by fostering free and full discussion of the issues."  *MCI

Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112, 117 (5th Cir. 2011); *Lyondell Chem. Co. v.

Occidental Chem. Corp.*, 608 F.3d 284, 299 (5th Cir. 2010) ("Effective dispute resolution

requires frank and full discussion of relevant evidence. Making the content of such a discussion

available for use in related litigation would invite the very situation that Rule 408 is designed to

avoid . . . ."); *Reichenbach v. Smith*, 528 F.2d 1072, 1074 (5th Cir. 1976) ("A primary reason for

excluding evidence of a compromise is to encourage non-litigious solutions to disputes.").  Rule

408 also recognizes that settlement discussions and agreements "may have been an attempt to purchase peace rather than an admission of liability." *Lyondell Chem.*, 608 F.3d at 294.

The Donation argues that Rule 408 does not apply here because it "only pertains to admissibility of the claim for which the settlement negotiations were initiated for" and not "disputes, even between the same parties, that [are] distinct from the cause of the settlement negotiations." Donation Memo. at 9. Not so. Rather, "the offering of settlement evidence arising out of a shared factual nexus and bearing directly on present issues of liability between many of the same parties falls within Rule 408's prohibition." *Lyondell Chem. Co.*, 608 F.3d at 299 (holding that Rule 408 barred admission of report prepared by non-lawyers intended for use in settlement negotiations over different but similar claim). The Donation fails to cite this key Fifth Circuit precedent and instead only cites to one Seventh Circuit decision, *Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683 (7th Cir. 1985). *Cates* is not only inapposite, it also offers nothing the Donation holds it out to offer. In *Cates*, the Seventh Circuit affirmed the use of an agreed stipulation to set a starting date for damages based on a breach of that same stipulation. *Id.* at 691. In other words, the one-paragraph discussion of Rule 408 in *Cates* stands for the unremarkable proposition that a settlement agreement is admissible to show a party breached that settlement agreement. *Id.* ("Obviously a settlement agreement is admissible to prove the parties' undertakings in the agreement, should it be argued that a party broke the agreement.").

In this case, the Donation does not argue that the settlement agreement should be admitted to determine if BPXP breached the terms of the settlement agreement. Rather, the Donation argues that the settlement agreement, findings of the settlement neutral, and other confidential settlement materials should be admitted as admissions and evidence to prove

liability in a subsequent proceeding related to the same Access Agreement.[1]  Rule 408 prohibits

that outcome.  *Lyondell Chem. Co.*, 608 F.3d at 296-99.  Accordingly, the Donation's motion in

lime should be denied.

The Donation also glibly states that exceptions to Rule 408 "abound."  Donation Memo.

at 9.  Remarkably, the Donation fails to argue that any apply here.  Nor could they because the

use the Donation seeks to make of the confidential settlement materials is flatly prohibited. Fed.

R. Evid. 408.  The Donation's conclusory statements are insufficient to invoke an exception to

Rule 408.  *See King v. Univ. Healthcare Sys.,*  645 F.3d 713, 720 (5th Cir. 2011 (Rule 408 barred

evidence where plaintiff argued "in a conclusory fashion" that evidence was offered for a

"permissible alternative purpose" without identifying the purported alternative purpose).

The Donation's final argument—that settlement materials are admissible to impeach—

similarly has no merit.  Rule 408 explicitly prohibits the use of settlement materials to impeach

by a prior inconsistent statement or a contradiction, which is precisely what the Donation seeks

to do.  Fed. R. Evid. 408(a) ("Evidence of the following is not admissible . . . to impeach by a

prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering—or

accepting, promising to accept, or offering to accept—a valuable consideration in compromising

or attempting to compromise the claim; and (2) conduct or a statement made during compromise

negotiations about the claim—except when offered in a criminal case and when the negotiations

related to a claim by a public office in the exercise of its regulatory, investigative, or

enforcement authority.").  The Donation makes no effort to explain how the facially prohibited

use of settlement materials it proposes can survive scrutiny.

---

[1] The Donation's arguments are not only improper under Rule 408, as discussed above, they are in direct conflict
with the ███████████████████████ provisions of the settlement agreement itself.

**B.** **The proposed evidence is irrelevant and a waste of time.**

Federal courts routinely refuse to admit confidential settlement information under Rule 403. *See, e.g.*, *United States v. Johnson*, No. 13-151, 2013 WL 6579578 (D. Nev. Dec. 13, 2013); *Jones v. Cargill, Inc.*, 490 F. Supp. 2d 989 (N.D. Iowa 2007); *Blakey v. Cont'l Airlines*, No. 93-2194, 1997 WL 1524797 (D.N.J. Sept. 9, 1997); *Jackson v. Bunge Corp.*, 40 F.3d 239 (7th Cir. 1994). Although the dangers of unfair prejudice, confusion of the issues, and misleading the jury are not present in a bench trial, "the Court is greatly concerned about considerations of 'undue delay, waste of time, and presentation of cumulative evidence.'" *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2010*, MDL 2179, 2012 WL 413860 at *2 (E.D. La. Feb. 9, 2012). By the Donation's own admission, they are a waste of time because they pertain to alleged breaches that are different from those alleged in the present lawsuit. Donation Memo at 9 ("[B]reach that is the subject of the pending Motion for Preliminary Injunction is different from the breach that was the subject of the Expedited Motion for Specific Performance. The earlier breach concerned payment of expenses different from those sought here."). As such, the settlement materials have no probative value. This is especially true because the terms of the Access Agreement are unambiguous. *See Galin Corp. v. MCI Telecomms. Corp.*, 12 F.3d 465, 471 (5th Cir. 1994) (evidence of attempts to settle were not relevant where releases were unambiguous on their face).

Moreover, none of this information is remotely relevant as the settlement information at issue—unlike the current preliminary injunction briefing—explicitly involved the Oil Pollution Act of 1990 ("OPA"). ███████████████████████████████████

███████████████████████████████████████████ *See*

Joint Instructions (3/18/13), attached as Donation's Exhibit "C" at 1. Unlike the settlement neutral's decision, the Donation's motion for preliminary injunction is based entirely on the

10

Access Agreement.  Obviously, BPXP's previous reimbursement of response costs under the settlement agreement, which are a specific category of damages under OPA, does not in any way establish that the Access Agreement either required their reimbursement or created the contractual oil spill cleanup obligation that the Donation so desperately tries to establish.  In sum, the settlement agreement, findings of the settlement neutral, and other settlement materials are irrelevant and a waste of time, and the Court should deny the Donation's motion in limine.

### C.    The neutral's report is inadmissible hearsay under Rule 802.

The findings of the settlement neutral are inadmissible hearsay under Federal Rules of Evidence 801 and 802.  Hearsay includes "any statement made out of court and offered in evidence to prove the truth of the matter asserted."  *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2010*, MDL 2179, 2012 WL 85447, at *2 (E.D. La. Jan. 11, 2012) (citing FRE 801(c)).  Confidential settlement information like the findings of the settlement neutral's is per se hearsay.  *See, e.g.*, *Snapt Inc. v. Ellipse Commc'ns Inc.*, 430 Fed. App'x 346, 353 (5th Cir. 2011) (affirming decision striking as hearsay a declaration-statement of facts learned at a mediation).  The Donation seeks to use the findings of the settlement neutral to argue the truth of the neutral's interpretation of the Access Agreement. Such use is classic hearsay; thus, the findings of the settlement neutral cannot be used.

Finally, although some courts have described the preliminary injunction stage as less formal, and relied, at times, on certain inadmissible evidence, *see, e.g.*, *Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993), any such informality and reliance on inadmissible evidence is properly limited to the use of certain hearsay evidence such as affidavits and deposition transcripts based on the urgency of a motion for preliminary injunction to maintain the status quo.  11A Fed. Prac. & Proc. Civ. § 2949; *see Sierra Club, Lone Star Chapter*, 992 F.2d at 551 (affidavits); *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558

(5th Cir. 1987) (affidavits containing hearsay); *Cf. Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 357 (5th Cir. 1971) (exigency required must be balanced with due process right to hearing and notice).  The Donation's request, in contrast, is not limited to any needed hearsay evidence, but seeks instead to undercut the foundational policy of confidentiality needed to encourage settlements over litigated resolutions.  Even so, neither the exigency nor the status quo rationale are applicable here: the Donation had ample time to prepare its motion for injunction—including multiple expert declarations—and the Donation seeks to change the status quo without a trail on the merits.

Moreover, "the record must nevertheless support the district court's decision," *Jackson Women's Health Org. v. Currier*, No. 13-60599, 2014 WL 3730467, at *3 (5th Cir. July 29, 2014) (citing *Sierra Club, Lone Star Chapter*, 992 F.2d at 551), and courts will "give hearsay statements less credence than direct allegations" at the preliminary injunction stage, 11A Fed. Prac. & Proc. Civ. § 2949, including by admitting them only for the limited purposes allowed by the Federal Rules of Evidence, *Advocacy Ctr. for Elderly & Disabled v. La. Dept. of Health & Hospitals*, 731 F. Supp. 2d 603, 608 (E.D. La. 2010) ("It is therefore not inappropriate for a court to rely partially on hearsay evidence at this stage.  The Court will not, however, admit the entirety of the declarations or accept them for the truth of their assertions.").  The record in this case reflects that the use of the settlement agreement, findings of the neutral, and other settlement materials is barred ███████████████████████.  The record also shows that the settlement agreement, findings of the neutral, and other settlement materials are irrelevant ████████████████████████████████████████████████████████████, and parol evidence is impermissible to interpret an unambiguous contract like the Access Agreement.

III.     **THE DONATION'S MOTION IN LIMINE IS PROCEDURALLY IMPROPER**

The procedural impropriety of the Donation's present motion likewise supports denial. The settlement materials the Donation seeks to admit and its related arguments constitute new arguments and new evidence the Donation waived by not raising them in its Motion for Preliminary Injunction.  *See Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Grp.*, Civ. A. No., 06-3418, 2009 WL 2496552, at *4 (E.D. La. Aug. 12, 2009) ("[A]rguments raised for the first time in a Reply brief are waived.") (citing *United States v. Jackson*, 426 F.3d 301, 304 n. 2 (5th. Cir. 2005)); *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730 (E.D. La. 2012) (striking new evidence offered on reply and rejecting specious argument that party was responding to new arguments raised in opposition).  The settlement materials are not new, and they are not offered in response to any arguments in BPXP's opposition brief.  If the Donation wanted to use the settlement materials, it could and should have attempted to argue from them in its Motion for Preliminary Injunction and not in a motion in limine filed after BPXP's Opposition to the Donation's Motion for Preliminary Injunction.

The Donation may claim that a footnote in its Motion for Preliminary Injunction forecasted a motion in limine to use settlement materials.  Donation Mem. Supp. Expedited Mot. for Prelim Inj. at 4 n.1 (Rec. Doc. 13152-1).  That is insufficient.  Arguments raised only in footnotes are waived.  *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (A "one-sentence footnote" briefly mentioning the issue in its motion for summary judgment is "insufficient to raise an issue."); *Branch v. CEMEX, Inc.*, No. H-11-1953, 2012 WL 2357280, at *12 n.8, *9, 12 (S.D. Tex. June 20, 2012) *aff'd*, 517 Fed. App'x 276 (5th Cir. 2013) ("Arguments that are insufficiently addressed in the body of the brief, however, are waived.") (citations omitted).  Moreover, the Donation's footnote does not actually make any of the arguments the Donation now seeks to advance based on the alleged significance of the settlement materials.

13

The Donation cannot use a motion in limine to raise arguments it failed to make in its Motion for Preliminary Injunction—and that it even failed to make before BPXP filed its opposition to that motion according to this Court's briefing schedule.  *Gonzalez v. Aztex Advantage*, 547 Fed. App'x 424, 427 (5th Cir. 2013) (citations omitted) (claims raised in footnotes and the merits of which are not properly argued are waived).  Accordingly, the Donation waived any opportunity to admit the settlement materials and to raise related arguments by not doing so in the memorandum to its Motion for Preliminary Injunction.

**CONCLUSION**

Accordingly, BPXP respectfully requests that the Court enter an order denying the Donation's Motion in Limine To Consider Settlement Documents With Motion for Preliminary Injunction.

Dated:  August 19, 2014

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
Shannon S. Holtzman (Bar #19933)
Greg L. Johnson (Bar #24477)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
R. Chris Heck
Christopher J. Esbrook
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for BP Exploration & Production*

14

*Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of August, 2014.

/s/ Don K. Haycraft