UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| Nos. 10-2179; 10-4536; 10-2771 | * | |
| | * | MAGISTRATE NO. 1 |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | | |

MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION OF ORDER REGARDING DEPOSITION BUNDLING FOR THE PENALTY PHASE [REC. DOC. 13299]

Anadarko Petroleum Corporation ("Anadarko") respectfully moves for clarification or reconsideration by Judge Shushan of the August 19, 2014 Order Regarding Deposition Bundling for the Penalty Phase [Rec. Doc. 13299] ("August 19 Order") and requests that Judge Shushan toll the deadline for appeal of that Order during the pendency of this Motion. In support of its Motion, Anadarko states as follows:

Pursuant to Judge Shushan's direction, Anadarko, BP and the United States attempted to negotiate a Proposed Order regarding deposition bundling in the Penalty Phase. During those negotiations, a dispute arose about whether the United States was permitted to cite <u>against Anadarko</u> — in the Penalty Phase post-trial briefs, findings of fact, or conclusions of law — any deposition designations that were submitted during the Phase 1 trial. Anadarko objected to this approach because it would violate Judge Barbier's Stipulated Order dated February 29, 2012 [Rec. Doc. 5930][1]. That Order barred the presentation by the United States of evidence in Phase 1 "concerning Anadarko, including without limitation evidence regarding Anadarko's

---

[1] Exhibit A, Stipulated Order Regarding Anadarko Entities [Rec. Doc. 5930].

involvement in events leading up to the incident of April 20, 2010 at the Macondo Well, its participation in the agreements with BP at the Macondo Prospect, or any actions taken by Anadarko after April 20, 2010."[2] While the Order did permit evidence to be submitted that related primarily to other parties but also related to Anadarko, it prohibited the proffer of that evidence against Anadarko "for any purpose."[3] The purpose of the prohibition was to prevent prejudice to Anadarko since it would not be participating in the Phase 1 trial and therefore could not object or submit counters to any Phase 1 trial deposition designations.

We are now in the Penalty Phase, where Anadarko is a party. Anadarko proposed allowing the United States to cite deposition designations from Phase 1 against Anadarko so long as they were identified early in this phase and Anadarko was given the opportunity to object and counter-designate. Notwithstanding Judge Barbier's Stipulated Order, the United States took the position that for depositions "used in Phase 1 as relevant against another party *that may also be cited against Anadarko*," it had no obligation to "re-bundle" those depositions so that Anadarko could submit objections and counter-designations.[4] After the parties submitted their positions regarding the dispute, the August 19, 2014 Order was entered, which, as a practical matter, allows the United States to cite any deposition designations submitted in Phase 1 in its Penalty Phase post-trial submissions without giving Anadarko the opportunity to object to the designations or present counter-designations.

Anadarko seeks clarification (or alternatively reconsideration) that the August 19 Order is not intended to and does not vitiate or vacate any portion of the Stipulated Order [Rec. Doc. 5930] or otherwise grant permission to the United States to proffer submitted Phase 1

---

[2] *Id.*, p. 4, ¶ 6.
[3] *Id.*
[4] Exhibit B, E-mail from Sarah Himmelhoch to Ky Kirby dated August 13, 2014 (emphasis added).

designations that pertain to Anadarko against Anadarko — including, but not limited to, Anadarko's involvement in the Macondo Operating Agreement, communications with BP, or Anadarko's actions or inactions with respect to Macondo before or after the April 20, 2010 Incident.[5] Anadarko is not suggesting that submitted Phase 1 deposition designations regarding BP's actions or inactions, or regarding the environmental or economic seriousness of the Incident, fall into that category. But there were depositions taken of non-Anadarko personnel in Phase 1 who were asked questions about Anadarko and for whom the United States designated deposition testimony. Anadarko does not know what Phase 1 deposition designations the United States may want to use in the Penalty Phase, and cannot be expected to guess, let alone take the risk that it has guessed wrong. Anadarko simply seeks to restore a level playing field and prevent a trial by ambush by insisting that the United States designate now the Phase 1 deposition testimony that the Government intends to use against Anadarko.

Judge Barbier's Stipulated Order addresses this unfairness. It expressly allows the United States to <u>re-present</u> evidence from Phase 1 that pertains specifically to Anadarko in the Penalty Phase:

> To the extent evidence is adduced that relates to APC in the Phase I trial, either party may seek to re-present such evidence if needed in a later phase pertaining to the penalty claim under the CWA.[6]

As presently written, the August 19, 2014 Order appears to strip the Stipulated Order of key provisions, to excuse the United States from re-presenting evidence submitted in the Phase 1 trial

---

[5] The Stipulated Order recognized that deposition designations specific to Anadarko already had been performed and that, given the impending trial date, it would not be a productive use of the parties' time to require they be revisited and revised or withdrawn. However, the Order prohibited the use of such designations for any purpose against Anadarko. Ex. A, at 4 n.1.
[6] *Id*. at 3-4, ¶ 7.

that relates to Anadarko, and to allow the United States to use evidence against Anadarko that Anadarko had no opportunity to object to or counter-designate.

For the foregoing reasons, Anadarko respectfully requests that this Court clarify the August 19 Order to require the United States to explicitly designate now the Phase 1 deposition testimony it intends to use against Anadarko in the pending Penalty Phase trial, and allow Anadarko to make its objections and counter-designations.  Alternatively, Anadarko requests that this Court reconsider its August 19 Order to provide safeguards in accordance with the requirements of the Stipulated Order in whatever manner this Court deems effective and fair.

Respectfully submitted,

DATED: August 20, 2014               **BINGHAM McCUTCHEN LLP**

/s/ *Ky E. Kirby*_____
Ky E. Kirby
ky.kirby@bingham.com
Thomas R. Lotterman
Thomas.lotterman@bingham.com
David B. Salmons
david.salmons@bingham.com
Randall M. Levine
randall.levine@bingham.com
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

**KUCHLER POLK SCHELL**
**WEINER & RICHESON, LLC**

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on August 20, 2014.

                                                                         /s/ *Ky E. Kirby*
                                                                          Ky E. Kirby