# Exhibit A

Case 2:10-md-02179-CJB-SS   Document 5924   Filed 02/29/12   Page 1 of 5

# UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | : | MDL NO.  2179 |
| "Deepwater Horizon" in the Gulf | : | |
| of Mexico, on April 20, 2010 | : | SECTION:  J |
| | : | |
| This Document Relates to: | : | JUDGE BARBIER |
| All Cases | : | MAG. JUDGE SHUSHAN |

.. .. ..   .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..  .. .. .

## STIPULATED ORDER REGARDING
## ANADARKO ENTITIES

Background:

A.     In the case *United States of America v. BP Exploration & Production, Inc., et al.*, 2:10-cv-04536 (E.D. La.) ("*U.S. v. BP*"), the United States brings two Claims for Relief against Anadarko E&P Company LP ("AE&P") and Anadarko Petroleum Corporation ("APC") (collectively "Anadarko"): (1) for civil penalties under Section 311(b)(7) of the Clean Water Act ("CWA" or "Clean Water Act"), 33 U.S.C. § 1321(b)(7), and; (2) for a declaratory judgment under the Oil Pollution Act ("OPA").

B.     On February 22, 2012, the Court entered a declaratory judgment that APC is jointly and severally liable with BP under OPA and further held that APC is a liable party under CWA Section 311(b)(7) [Rec. Doc. 5809].

C.     The Court denied both Anadarko's and the United States' motion for summary judgment as to defendant AE&P's liability under OPA and the CWA and further denied the United States' motion as to the OPA limitation of liability, leaving these issues unresolved. *Id.*   The motions for summary judgment addressed liability issues only and did not address the amount of any civil penalty. *Id.*

D.      On February 24, 2012, the Court issued an Order (Rec. Doc. 5836) on Anadarko's Motion in *Limine*, ruling as follows:

> IT IS ORDERED that Anadarko's motion (Rec. Doc. 4319)
> is hereby GRANTED. Evidence of Anadarko's knowledge
> of or access to information about Macondo Well design
> and/or operations is irrelevant to any issue in the Phase I
> trial.

WHEREFORE, at the request and stipulation of the United States and Anadarko, and so that Anadarko will be excused from participation in the Phase I trial, the Court hereby ORDERS as follows:

1.      **Clean Water Act**: The Court has held that APC is liable under the CWA as an owner of the Macondo Well.  For purposes of the CWA claim, the parties stipulate that APC held one 25-percent ownership interest in the Macondo Well effective October 1, 2009.

2.      The United States will not assert any claim for a CWA penalty against AE&P.  The United States will not assert any other theories of liability (*e.g.,* operator or person in charge liability) under the Clean Water Act against either APC or AE&P.  The parties therefore acknowledge and agree that there will not be a jury trial under the Clean Water Act.

3.      The issue of the assessment of a Clean Water Act civil penalty against APC shall be reserved for a later proceeding (involving discovery and a bench trial), to be scheduled by the Court, during which evidence shall be presented concerning the statutory penalty factors set forth in Section 311(b)(8), 33 U.S.C. § 1321(b)(8).

4.      **OPA**: For purposes of OPA's limitation of liability, APC stipulates that it was in a contractual relationship with BP, within the meaning of OPA Section 1004(c)(1), 33 U.S.C. § 2704(c)(1), effective October 1, 2009 through July 15, 2010.

5.      Anadarko maintains that AE&P is not liable under OPA and the United
States maintains that AE&P is liable under OPA, for reasons that have been fully briefed
by both parties.  The parties agree to defer this dispute, and whether AE&P had a
contractual relationship with BP or is entitled to a limitation of its OPA liability, until
such time as the parties may agree and/or the Court may determine.  No evidence will be
offered by either party in the Phase I trial in connection with AE&P's alleged OPA
liability.

6.      **No Evidence Concerning Anadarko in Phase I**: Apart from the
stipulation as to APC's contractual relationship with BP in Paragraph 4 above, the United
States and Anadarko will not affirmatively present evidence or expert testimony/opinion
in Phase I concerning Anadarko, including without limitation evidence regarding
Anadarko's involvement in events leading up to the incident of April 20, 2010 at the
Macondo Well, its participation in the agreements with BP at the Macondo Prospect, or
any actions taken by Anadarko after April 20, 2010.  Submission of evidence that relates
primarily to BP, Transocean, HESI or other parties but also happens to relate to Anadarko
is not precluded so long as such evidence is not proffered in Phase I for any purpose
against Anadarko, and consistent with this Stipulation Anadarko withdraws any
objections to exhibits proffered for these other purposes and not proffered against
Anadarko.

7.      Specifically, neither Anadarko's expert witness Roger Vernon nor the
United States' rebuttal expert witness James Lang will present evidence or opinion
testimony concerning Anadarko in the Phase I trial.  Neither the United States nor
Anadarko will call fact or expert witnesses or seek to introduce exhibits related to

Anadarko.[1]  The parties reserve their right to present fact and expert witnesses along with other evidence at the later penalty trial, and neither party shall object in any subsequent phase that evidence should have been submitted in Phase I.  To the extent evidence is adduced that relates to APC in the Phase I trial, either party may seek to re-present such evidence if needed in a later phase pertaining to the penalty claim under the CWA.

8.     Except for findings of fact and conclusions of law regarding BP's gross negligence or regulatory violations, and/or Anadarko's entitlement to an OPA limitation of liability, and except as otherwise set forth herein, no post-Phase-I-trial findings of fact or conclusions of law concerning the Anadarko Defendants that arise from evidence adduced in the Phase I trial will be binding on the parties in a subsequent Clean Water Act penalty phase or in litigation regarding the United States' OPA claim against AE&P.

9.     Notwithstanding the provisions of paragraph 8, the parties have agreed to defer whether and to what extent certain of the Court's pre-Phase-I-trial rulings (i.e., those dismissing the claims of other parties against Anadarko and granting Anadarko's motion *in limine* in Paragraph D above) are binding on the United States' claims against Anadarko.  Anadarko reserves the right to assert that such rulings are binding on the United States with respect to any claims the United States has asserted or will assert and the United States reserves the right to contend that such rulings are limited to other parties' claims and do not have any binding effect on the United States' claims or on the Clean Water Act penalty factors.  Moreover, notwithstanding the provisions of paragraph

---

[1]     The parties note that depositions have already been designated by them, and that some designations may in some way relate to Anadarko.  The parties agree that it would not be a productive use of resources to attempt, at this late date, to withdraw any such designations, but agree that such designations, to the extent they relate to Anadarko, will not be made use of by the parties during the Phase I trial against Anadarko, and the Court shall not be asked to consider them for any purpose against Anadarko in the Phase I trial.

8, should the Phase I trial result in a formal order, ruling or judgment allocating 0% fault
to Anadarko, then Anadarko reserves its right to have the United States bound by that
order, ruling or judgment and the United States reserves its right to argue that such order,
ruling or judgment is neither relevant nor binding on the United States' claims against
Anadarko, including the subsequent Clean Water Act penalty case against APC.

So Ordered this 29th day of February, 2012, in New Orleans, Louisiana.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE