# Exhibit D

# Kirby, Ky E.

| | |
|---|---|
| **From:** | Himmelhoch, Sarah (ENRD) <Sarah.Himmelhoch@usdoj.gov> |
| **Sent:** | Wednesday, August 13, 2014 1:52 PM |
| **To:** | Kirby, Ky E.; O'Rourke, Steve (ENRD); Andre, Abigail (ENRD); Delgado, Connie Salcido; Dragna, Jim; Horizon, Deepwater; Lotterman, Thomas R.; Brock, Mike; Horizon, Deepwater; Karis, Hariklia; Langan, Andy |
| **Subject:** | RE: MDL 2179: Draft Proposed Order on Bundling |

I disagree. It is appropriate to require re-bundling of depositions that relate ONLY to Anadarko's activities, such as Mr. Quitzau and evidence that was used in Phase 1 as relevant against another party that may also be cited against Anadarko. The first we are willing to require re-bundling. The second we are not willing to require re-bundling because that evidence is in the record of the single trial divided into three phases. It is consistent with the treatment of the United States in the source control phase of the Phase 2 trial. We were not permitted to put on evidence and yet the testimony elicited in that segment of the trial could be cited against the United States in the findings of fact for the quantification segment.

Sarah D. Himmelhoch
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-514-0180 (phone)

**From:** Kirby, Ky E. [mailto:Ky.Kirby@bingham.com]
**Sent:** Wednesday, August 13, 2014 1:49 PM
**To:** Himmelhoch, Sarah (ENRD); O'Rourke, Steve (ENRD); Andre, Abigail (ENRD); Delgado, Connie Salcido; Dragna, Jim; Horizon, Deepwater; Lotterman, Thomas R.; Brock, Mike; Horizon, Deepwater; Karis, Hariklia; Langan, Andy
**Subject:** RE: MDL 2179: Draft Proposed Order on Bundling

Then you should have no problem putting in a provision that no depositions submitted into evidence in Phase 1 may be used against Anadarko. That would easily solve the issue. Will you agree to that?

**From:** Himmelhoch, Sarah (ENRD) [mailto:Sarah.Himmelhoch@usdoj.gov]
**Sent:** Wednesday, August 13, 2014 1:47 PM
**To:** Kirby, Ky E.; O'Rourke, Steve (ENRD); Andre, Abigail (ENRD); Delgado, Connie Salcido; Dragna, Jim; Horizon, Deepwater; Lotterman, Thomas R.; Brock, Mike; Horizon, Deepwater; Karis, Hariklia; Langan, Andy
**Subject:** RE: MDL 2179: Draft Proposed Order on Bundling

Ky –

Anadarko's proposals address a problem that we don't think really exists. The Anadarko only testimony was not submitted into evidence in Phase 1, so could not be cited in our findings of fact in the Penalty Phase. In other words, the evidence that Anadarko is concerned about would have to be re-bundled pursuant to the terms of the order as written.

Sarah D. Himmelhoch
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611

Washington, DC 20044-7611
202-514-0180 (phone)

**From:** Kirby, Ky E. [mailto:Ky.Kirby@bingham.com]
**Sent:** Wednesday, August 13, 2014 1:44 PM
**To:** Himmelhoch, Sarah (ENRD); O'Rourke, Steve (ENRD); Andre, Abigail (ENRD); Delgado, Connie Salcido; Dragna, Jim; Horizon, Deepwater; Lotterman, Thomas R.; Brock, Mike; Horizon, Deepwater; Karis, Hariklia; Langan, Andy
**Subject:** RE: MDL 2179: Draft Proposed Order on Bundling

BP did not work off the draft I sent to you. They worked only off your original version. As written, neither the original draft nor BP's edits account for the fact that no evidence was to be submitted in Phase 1 against Anadarko per the US and Anadarko Stipulation entered by the the Court. Before the Phase 1 trial, the US had designated much deposition testimony which is apparently thought was "against" Anadarko. Since Anadarko was excused from the Phase 1 trial, we were not there to object to any proffers of depositions designations of that nature into evidence but this draft permits the US to cite to those designations if they were offered into evidence and no objection was sustained. We continue to believe that the US is prohibited from simply citing any such deposition designations against Anadarko without Anadarko having notice during the Penalty Phase designation process and without Anadarko being given an opportunity to provide appropriate counter-designations for this Penalty Phase. The process we proposed to solve that problem is what was reflected in Anadarko's edits.

**From:** Himmelhoch, Sarah (ENRD) [mailto:Sarah.Himmelhoch@usdoj.gov]
**Sent:** Wednesday, August 13, 2014 1:37 PM
**To:** Kirby, Ky E.; O'Rourke, Steve (ENRD); Andre, Abigail (ENRD); Delgado, Connie Salcido; Dragna, Jim; Horizon, Deepwater; Lotterman, Thomas R.; Brock, Mike; Horizon, Deepwater; Karis, Hariklia; Langan, Andy
**Subject:** RE: MDL 2179: Draft Proposed Order on Bundling

I thought your edits overlapped with BP's. I did take them into account but thought the ones we could agree to were covered by BP's edits.

Sarah D. Himmelhoch
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-514-0180 (phone)

**From:** Kirby, Ky E. [mailto:Ky.Kirby@bingham.com]
**Sent:** Wednesday, August 13, 2014 1:36 PM
**To:** Himmelhoch, Sarah (ENRD); O'Rourke, Steve (ENRD); Andre, Abigail (ENRD); Delgado, Connie Salcido; Dragna, Jim; Horizon, Deepwater; Lotterman, Thomas R.; Brock, Mike; Horizon, Deepwater; Karis, Hariklia; Langan, Andy
**Subject:** RE: MDL 2179: Draft Proposed Order on Bundling

Sarah, as you took none of our edits into account, you are correct that we remain divided.

Ky

**From:** Himmelhoch, Sarah (ENRD) [mailto:Sarah.Himmelhoch@usdoj.gov]
**Sent:** Wednesday, August 13, 2014 1:27 PM
**To:** O'Rourke, Steve (ENRD); Andre, Abigail (ENRD); Delgado, Connie Salcido; Dragna, Jim; Horizon, Deepwater; Kirby, Ky E.; Lotterman, Thomas R.; Brock, Mike; Horizon, Deepwater; Karis, Hariklia; Langan, Andy
**Subject:** MDL 2179: Draft Proposed Order on Bundling

Attached is a revised draft of the order working off of BP's offer of yesterday as redlining. I suspect the parties remain divided as to the citation of Phase 1 and Phase 2 exhibits. If that is the case, perhaps each of us could prepare our (in

the court's words) "short" explanation of how that paragraph should read and why, send it to me and I can submit the proposed order with the three explanations.

It would be good to get this to the court before 8/14 (which is, of course, tomorrow)

---

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.