IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-CV-968 | MDL NO. 2179<br><br>SECTION: J<br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**THE DOWNS LAW GROUP
MOTION FOR RECONSIDERATION**

**NOW INTO COURT** comes Timothy Bolden, Aridio Almanzar, Sheila Kelly, Jose Santamaria, Melissa Placide, Uriel Paloblanco, Vladimir Estanque, Emma Escobar and Kevin Miralda (hereinafter "DLG Class Claimants"), and respectfully shows this Court as follows:

In reliance on the Federal Rules of Civil Procedure 59(e), as more fully set out in the Downs Law Group Memorandum in support of the PSC's and its own Motions for Reconsideration, DLG Class Claimants urge this Court to alter its Order for two manifest injustices and three clear errors of law set out as follows:

1. Table 3 of the Specified Physical Condition Matrix lists specified conditions which must be *first manifested* within 24 to 72 hours of exposure to the substance. Rec. Doc. 12862.

2. In contrast, a "Later-Manifested Physical Condition" (hereinafter "LMPC") is defined in Section II.VV. of the MSA as a "physical condition that is first diagnosed . . . after April 16, 2012." MSA II.VV. Rec. Doc. 12862.

3. Pursuant to Mr. Godfrey's oral argument on April 25, 2010, he argued that the Medical Benefit Settlement Agreement "preserves the rights of Class Members to

seek compensation for later-manifested physical injuries. Injuries that have not manifested themselves today, that perhaps show up, we hope not, but show up five years from now or ten years from now." Rec. Doc. 6395, at 90;21-23.

4. Pursuant to BP's Memorandum in Support of its Motion for Final Approval of the Medical Benefits Class Action Settlement, a LMPC is a "physical condition that manifest[ed] at a later date," and... "[a] condition diagnosed after the filing of the Medical Class Action Complaint." See Rec. Doc. 7112-1 at 1, 36.

5. As per Class Counsel's and BP's Joint Proposed Findings of Fact in Support of Final Approval, "a mediation/litigation process for Class Members [seeking compensation for] a physical condition . . . claimed to have manifested after April 16, 2012 [and] diagnosed with a Later-Manifested Physical Condition have the option to [file a lawsuit through] the Back-End litigation Option." Rec. Doc. 7946, ¶¶ 118-19.

6. This Court relied upon the Parties' Joint Finding of Fact when it stated that the Medical Settlement provides an avenue for mediation/ litigation for Class Members who seek compensation from BP in the future for a physical condition that is claimed to have manifested after April 16, 2012. *In re Oil Spill by Oil rig Deepwater Horizon* (hereinafter "*In re Deepwater*"), 295 F.R.D. 112, 125 (E.D. La. 2013).

7. BP now argues a clearly inconsistent position, as evidenced by its statement that the definition of LMPC as stated in the MSA and in BP's pre-approved filings encompasses any physical condition that is first diagnosed after April 16, 2012 and that is alleged to result from exposure. BP further states, "by its plain terms, this definition encompasses **later-manifested physical conditions *and earlier***

*manifested physical conditions* that are first diagnosed after April 16, 2012". BP April 29, 2014 Mem. (hereinafter "*BP Memo II*"), at 7.

8. Pursuant to that memorandum, BP asserts that "Downs selectively quotes and takes out of context BP's counsel's statement made during the settlement approval process. As a threshold matter, such statements cannot be used to contravene the plain language of the MSA." *See* BP April 14, 2014 Mem. at 10-11 (misrepresenting the law regarding the parol evidence rule).

9. Furthermore, BP states "Judicial estoppel applies only when a party's prior representations are "plainly inconsistent" with its current position and the party acted intentionally rather than "inadvertently."" *BP Memo II*, at 6 n.2.  This position is also a clear error of law as it relies on a defense to judicial estoppel, instead of the factors set out by the 5th circuit and the U.S. Supreme Court.

10. As a result of these misleading arguments set forth by BP, this Court has decided that "the claims administrator's policy statement is correct. The MSA clearly defines any condition diagnosed after April 16, 2012 as a later manifested physical condition." Rec. Doc.  13179.

11. DLG Class Claimants will show in their attached memorandum how this Court has been misled by BP's positions and therefore we request this Court alter its current order for the following reasons:

12. There are two manifest injustices that will result if this Court does not alter its existing order:

    a. First, BP must be judicially estopped from raising a second position that is inconsistent with the first when it had already derived a benefit from the first position; and

    b. Second, shifting tens of thousands of Class Members out of the SPC process will flood this Court with tens of thousands of new cases.

13. This order currently also presents three clear errors of law that must be addressed:

    a. First, this Court must address the misapplication of the plain and ordinary meaning doctrine;

    b. Second, this Court must address a misapplication of the parol evidence rule based on BP's misrepresentation of the law; and

    c. Third, even if BP's interpretation were correct, BP waived its right to enforce the provision relating to the LMPC definition when it held out to this Court a position inconsistent with a diagnosis-only requirement.

For the foregoing reasons, we respectfully request this Court reconsider its July 23, 2014 Order affirming GRG's position pursuant to Rule 59(e). We ask that this Court overrule GRG's Policy statement and instead hold that the plain and ordinary meaning of a Later-Manifested Physical Condition requires that the physical condition must have first manifested, and subsequently diagnosed, after April 16, 2012. We further request this Court instruct GRG that the definition of LMPC will have no impact on claimants seeking compensation for a Specified Physical Condition because any condition that first manifests by April 16, 2012 must be paid pursuant to the SPC Matrix only. Lastly, we pray that this Court judicially estop BP from raising any position inconsistent with its prior position in this proceeding and any future proceedings in order to harmonize all current and future positions raised by BP with this Court's January 2013 fairness order.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Law Firm | Craig T. Downs /s/ |
| *The Downs Law Group* | Appearing for DLG Class Claimants |
| 3250 Mary Street, Suite 307 | **Craig T. Downs** |
| Coconut Grove, FL 33133 | Fla. Bar No: 801089 |
| Phone: (305) 444-8226 | cdowns@downslawgroup.com |
| Fax: (305) 444-6773 | **Ramon Guillen** |
|  | Fla. Bar. No. 99789 |
|  | rguillen@downslawgroup.com |
|  | **Daniel A. Perez** |
|  | Fla. Bar. No. 98725 |
|  | dperez@downslawgroup.com |

CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the August 20, 2014 *Motion for Reconsideration*, *Memorandum in Support of the Motion for Reconsideration*, and *Appendixes 1, 2, 3, & 4* were electronically filed on this 25th day of August, 2014, three (3) days before the extension deadline provided by this Court on August 21, 2014. Pursuant to an automated email sent by the Eastern District of Louisiana Clerk of Court on August 21, 2014:

> NOTICE OF DEFICIENT DOCUMENT: re [13309] Motion for Reconsideration. Reason(s) of deficiency: Name of attorney who electronically filed this document does not match name of signatory attorney on pleading. ***Pursuant to Pretrial Order No. 1, attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation, and the requirements of Local Rules 83.2.6E and 83.2.7 are waived. E-Filing in the Eastern District of Louisiana is mandatory; any active attorney admitted to the bar of this Court or admitted pro hac vice must register as a Filing User of the Court's ECF system. . . .
> Attention: Document must be refiled in its entirety within seven(7) calendar days; otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 8/28/2014. (Reference: 12-968)(gec)

On August 20, 2014, Florida Licensed attorneys for the Downs Law Group, Craig T. Downs, Ramon Guillen, and Daniel Perez, submitted documents and appeared pro hac vice on behalf of Timothy Bolden, Aridio Almanzar, Sheila Kelly, Jose Santamaria, Melissa Placide, Uriel Paloblanco, Vladimir Estanque, Emma Escobar, and Kevin Miralda

(hereinafter "DLG Class Claimants"). Pursuant to "Pretrial Order No. 1, attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation and the requirements of Local Rules 83.2.6E and 83.2.7 are waived."

The attorneys at the Downs Law Group prepared and Craig T. Downs signed the document submitted to this Court. The document was not signed by attorney Jeremy Friedman, an associate attorney at the Downs Law Group, who originally submitted the documents electronically. Identifying the discrepancy between the e-filer and the attorney signing and appearing on behalf of the DLG Class Claimants, this Court provided the Claimants with a seven (7) day extension to file the documents under Craig T. Downs, the signatory attorney on the pleading. We thank this Court for this seven (7) day extension to cure this Deficiency Notice and have taken the necessary remedial measures explained by this Court and its Clerk. We now submit these documents under Craig T. Downs' Eastern District of Louisiana E-Portal as per this Court's instruction.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system and/or PACER. Notice has been sent to all parties not registered with the Court's ECF system by other means.

Craig T. Downs /s/
Craig T. Downs
Florida Bar No. 801089
***The Downs Law Group***
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
Phone: (305) 444-8226
Fax: (305) 444-6773
cdowns@downslawgroup.com

Furthermore, in the event that this Court decides that I, Jeremy Friedman, am the attorney of record for DLG Class Claimants, I consent, pursuant to Local Rule 83.2.12, to add Craig T. Downs, Ramon Guillen, and Daniel Perez as counsel of record.

Jeremy Friedman /s/
Jeremy Friedman
Florida Bar No. 134643
***The Downs Law Group***
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
Phone: (305) 444-8226
Fax: (305) 444-6773
jfriedman@downslawgroup.com
