# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 <br><br> SECTION J(2) |
| Applies to: | JUDGE BARBIER |
| Edward Wisner Donation v. BP Exploration & Production Inc. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |
| No. 2:14-cv-1525 | |

**BP EXPLORATION & PRODUCTION INC.'S (BPXP) REPLY MEMORANDUM IN SUPPORT OF BPXP'S MOTION TO DISMISS COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC PERFORMANCE, AND INJUNCTION**

# INTRODUCTION

The Donation cannot escape the reality that the facts alleged in its complaint do not constitute a breach of the unambiguous terms of the Access Agreement because there is simply no obligation in the Access Agreement for BPXP to assess or cleanup the Donation's property as it demands. The Donation's Opposition to BPXP's Motion to Dismiss does nothing to rebut this. Instead, the Donation makes arguments based on outdated or unavailing legal standards. These arguments fail because they do nothing to alter the key issue: the plain and unambiguous terms of the Access Agreement do not contain the obligations the Donation alleges. Accordingly, the Donation's July 2014 Complaint should be dismissed.

**A.     Notice Pleading Is Not At Issue: A Complaint Should Be Dismissed Where The Unambiguous Terms Of A Contract Do Not Support The Plaintiff's Allegations Of Breach**

To survive BPXP's motion to dismiss, the Donation must allege facts in its complaint that would violate the unambiguous terms of the Access Agreement. *Furniture and Accessory Retail Grp. v. Lane Furniture Indus.*, No. 11-60441, 2012 U.S. App. LEXIS 9252, at *2 (5th Cir. May 4, 2012) (affirming dismissal of contract action because "the alleged misconduct does not violate the unambiguous contract"). The Donation has failed to do so, and its Complaint should be dismissed. *Id.*

As described in detail in BPXP's original supporting memorandum, the plain terms of the Access Agreement do not create obligations that would be breached by the Donation's factual allegations. BPXP Memo. at §§ II.A.1-2 & B.1-3. (To the extent the Donation alleged any obligation that actually exists under the Access Agreement, the Donation failed to plead sufficient facts to state a claim. BPXP Memo. at §§ II.A, II.B.3-4.) Courts throughout the Fifth Circuit have held that where a party, like the Donation here, fails to state a claim under the plain terms of a contract, its contract claims should be dismissed. *Id.*; *Case v. State Farm Mut. Auto.*

*Ins. Co.*, 294 F.2d 676, 678 (5th Cir. 1961) (affirming dismissal of contract claim based on "clear and unambiguous" language of contract); *Highland Crusader Offshore Partners v. LifeCare Holdings*, No. 08-0102B, 2008 WL 3925272 (N.D. Tex. Aug. 27, 2008), *aff'd*, 377 F. App'x 422 (5th Cir. 2010) (granting motion to dismiss breach of contract claims based on unambiguous terms of agreement); *Preece v. Physicians Surgical Care*, No. 06-0715, 2006 WL 1470268 (S.D. Tex. May 26, 2006) (granting motion to dismiss breach of contract claim because unambiguous agreement did not give plaintiff the rights alleged); *Bethea v. St. Paul Guardian Ins. Co.*, No. 02-1444, 2002 WL 31001844 (E.D. La. Sept. 4, 2002) (granting motion to dismiss breach of contract claim where terms of contract did not support alleged obligation); *Bartley v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 824 F. Supp. 624, 629-630 (N.D. Tex. 1992) (granting motion to dismiss contract claim, stating, "[t]he Fifth Circuit has held that dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when the complaints, including the contracts upon which they rely, reveal on their face that the claimants are not entitled to the relief they seek . . . where the plaintiff's cause of action arises out of a contract which has been attached to the complaint as an exhibit, and where such contract shows unambiguously on its face that the relief prayed for is not merited, dismissal is both justified and appropriate.") (citation and quotation marks omitted).

      The Donation's attempt to avoid dismissal under this Fifth Circuit precedent by reference to stale or insufficient case law fails.  For instance, the Donation's appeal to *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), is unavailing.  *See* Donation Opp. at 1-2.  It is the Donation's obligation "to state a claim to relief that is plausible on its face," not just to put the defendant on notice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted); *Twombly*, 550 U.S. at 555.  *Swierkiewicz* is also inapposite because it involved pleading standards under Rule 12(e) in

employment discrimination cases, and it was decided before *Twombly* and *Iqbal*—the *Twombly* Court rejected the plaintiff's argument from *Swierkiewicz* in enforcing the *Twombly* pleading standard BPXP advances here. *Twombly*, 550 U.S. 544, 569-570. The Donation's citation to the decisions of two foreign district courts is likewise insufficient given the body of Fifth Circuit precedent cited above, s*upra* at 2-3.

### B.     BPXP Properly Terminated The Access Agreement As A Matter Of Law

The Access Agreement—like any other contract that does not state a maximum duration—is terminable by either party as a matter of law. La. Civ. Code art. 2024; *see also Daily States Pub. Co., Ltd. v. Uhalt,* 126 So. 228, 232 (La. 1930) (contract that granted right to use without stating period during which contract would continue was terminable by either party upon reasonable notice; thus, termination by defendant was not a breach).

The Donation's opposition simply refuses to acknowledge controlling Louisiana law, suggesting instead that a right to revoke the Access Agreement endowed it with exclusive termination rights and the exclusive power to determine when the Access Agreement has been fully performed. Louisiana courts have rejected similar arguments. *E.g.*, *Becker & Assocs., Inc. v. Lou-Ark Equip. Rentals Co.,* 331 So. 2d 474, 476-77 (La. 1976) (lease agreement that described rental period as ending when the equipment was returned and gave lessor right to repossess equipment did not control duration; thus, lease was terminable by either party as a matter of law); *Commonwealth Capital Corp. v. Enterprise Fed. Sav. & Loan Ass'n,* 630 F. Supp. 1199, 1202 n.2 (E.D. La. 1986) (contract in which defendant irrevocably agreed to certain obligations lacked specific term of duration). The Donation's reference to the Access Agreement as a "lease" is puzzling, Donation Opp. at 3 ("the right to cancel the lease"), because BPXP would still prevail even if the Access Agreement were a lease. *See* La. Civ. Code art. 2727 ("A

lease with an indeterminate term … terminates by notice to that effect given to the other party by the party desiring to terminate the lease ….").

Similarly unavailing is the Donation's suggestion that its right to revoke BPXP's right of access is equivalent to a right to require cleanup operations. Not so. The word "access" is defined as "the ability, right, or permission to approach, enter, speak with, or use." Random House Webster's Unabridged Dictionary at 11 (2d ed. 2005). The ability, right, or permission to access cannot be construed to impose an affirmative obligation to access.

The Donation's reliance on Louisiana Civil Code article 1779 ("[a] term is presumed to benefit the obligor unless the agreement or the circumstances" show otherwise) is also misplaced. The "obligor" under the Access Agreement was BPXP, not the Donation. Thus, if Article 1779 applies, it creates a presumption in favor of BPXP, not the Donation. Regardless, the purpose of the presumption in favor of the obligor in Article 1779 is reflected in the subsequent article, which states: "The party for whose exclusive benefit a term has been established may renounce it." La. Civ. Code art. 1780. For example, a contract requiring payment in ten days is presumed to benefit the obligor under Article 1779, and the obligor may renounce the term and pay sooner. Article 1780. *See* La. Civ. Code art. 1780, cmt. (b). Article 1779 provides no support whatsoever for the Donation's premise that it holds the exclusive power to determine the concluding date of BPXP's need to access Donation property.

The Donation notes that Louisiana courts imply a reasonable time for performance of an obligation when the time for performance is not stated in the contract. Donation Opp. at 4. The implied "reasonable time for performance" is used to determine the period of time within which an obligation must be performed. S. LITVINOFF, CIVIL LAW TREATISE: OBLIGATIONS § 6.1 at 101 (the "term" for performance is "a period of time *allowed* for the performance of an obligation")

4

(emphasis added). The Donation cites no authority for finding that the reasonable period permitted for performance of obligations overrides the directive of Article 2024 that "[a] contract of unspecified duration may be terminated at the will of either party." La. Civ. Code art. 2024. Moreover, as the Access Agreement provides a *right to access* the Donation's property—and not an obligation to access the Donation's property—the Donation's argument is unavailing.

### C. Conjunctive Obligations Are Irrelevant to Claims Splitting, As Are the Donation's Other Points in Response to Its Improper Claims Splitting

Article 1807 relates to conjunctive and alternative obligations. The "conjunctive" and "alternative" classifications apply to a contract that imposes more than one obligation. *See* La. Civ. Code art. 2062 (1870).[1] Article 1807 is simply a classification of obligations for purposes of Louisiana contract law. *See* La. Civ. Code art. 1807. The Donation offers no explanation as to how Civil Code article 1807 supports its argument against claims splitting. Nor could it; whether the Access Agreement imposed conjunctive obligations has nothing to do with BPXP's showing that the Donation asserts duplicative claims that constitute improper claims splitting.

The Donation's other attempts to defend against claims splitting are also baseless. The rule against claims splitting applies when a plaintiff seeks to "maintain two separate actions involving the same subject matter at the same time *in the same court* and against the same defendant[s]." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (citation omitted, emphasis added). It is not the source of the obligation, as the Donation suggests, Donation Opp. at 6-7, but whether the two lawsuits are "based on the same nucleus of operative facts." *Fitch v. Wells Fargo Bank, N.A.*, 423 B.R. 630, 639-40 (E.D. La. 2010) *(citing In re Ark–La–Tex Timber Co.,*

---

[1] As noted in the comments to Article 1807, legal scholars have questioned the need for such classifications. La. Civ. Code art. 1807 cmt. (d). Planiol, for example, wrote that they are "'without practical importance and could be suppressed without inconvenience.'" *Id.* (quoting 2 Planiol, Traite elementaire de droit civil § 710 (La. Law Inst. trans. 1959)).

5

*Inc.*, 482 F.3d 319, 330 (5th Cir.2007))*; Ocean Drilling & Exploration Co., Inc. v. Mont Boat Rental Servs., Inc.*, 799 F.2d 213, 217 (5th Cir. 1986) (contract claim barred where it arose out of "substantially the same facts" as its previous tort-indemnity claim).  It is undisputed that the Donation's claims arise from the same facts related to oiling from the *Deepwater Horizon* Spill, seek the same damages for oiled property, and even restate verbatim the same allegations.  *See* BPXP Mot. to Dismiss at III.  The Donation's July 2014 Complaint, therefore, falls under the governing standards for improper claims splitting.

Moreover, if the Donation was correct that claims splitting is allowed unless it expands a plaintiff's procedural rights (and it is not), Donation Opp. at 6, the Donation cannot dispute that through its present, duplicative lawsuit, it seeks to proceed on its private property damage claims while the scores of other cases by private plaintiffs who opted out of the Economic and Property Damages Settlement, *as amended* May 2, 2012 (Rec. Doc. 6414-7) remain stayed before Judge Barbier.  The Donation's argument therefore fails on its own terms.  Finally, the Donation's appeals to Federal Rules of Civil Procedure 21 and 42(b) are inapposite because the Donation's present complaint/claims were neither severed nor separated from a single, pre-existing complaint.  *See* Donation Opp. at 7.  Accordingly, the July 2014 Complaint should be dismissed.

### D.     The Claims of Improper Parties Must Be Dismissed

The Donation's July 2014 Complaint fails regardless of whether the proper party is joined because the Donation's factual allegations do not constitute a breach of the plain terms of the Access Agreement.

To be clear, BPXP did not consent to bringing improper parties into this case.  Instead, in response to the Donation's request for consent to amendment, BPXP stated that it did not oppose bringing the proper parties into this Donation matter, but BPXP did not take a position on the correct procedure for doing so or the identities of the proper parties.  Exhibit A (E-mail from G.

6

Johnson, Counsel for BPXP to S. Gisleson, Counsel for the Donation); Exhibit B (E-mail from G. Johnson, Counsel for BPXP to J. Waltzer, Counsel for various Donation beneficiaries).

Even if the Donation's Motion for Leave to Amend[2] is granted, the amended complaint includes the Donation itself and beneficiaries as named plaintiffs, all of which are improper parties that should be dismissed. La. Rev. Stat. § 9:2222; *Joe Conte Toyota v. Toyota Motor Sales, U.S.A.*, 689 So. 2d 650, 654-55 (La. App. 4 Cir. 1997), *writ denied sub nom.*, *Conte v. Toyota Motor Sales, U.S.A.*, 692 So. 2d 1090 (La. 1997) (trust itself); *Green v. Regions Bank*, No. 13-0771, 2014 WL 3555820 (La. Ct. App. Mar. 19, 2014) (beneficiaries); *Baldwin v. Antin*, 673 So. 2d 1049, 1052 n.7 (La. App. 1 Cir. 1996) ("Although the trust terminated by its own terms prior to the filing of the instant suit, the trustee is the proper party to assert the claims of a trust for any damages sustained to the trust during the term of the trust.") (citations omitted).

## CONCLUSION

BPXP respectfully requests the Court enter an order granting BPXP's Motion to Dismiss Complaint for Breach of Contract, Specific Performance, and Injunction (Rec. Doc. 13177).

---

[2] The Donation's Motion For Leave To Amend Pleadings (Rec. Doc. 13240) seeks to add certain parties to not only its July 2014 Complaint, but also to its Answer in Limitation filed in 10-cv-02771 (Rec. Doc. 326), Short Form Joinders filed in MDL 2179 through 10-9999 (Rec. Doc. 401) and 10-8888 (Rec. Doc. 133248), and its Complaint in 2:13-cv-01971 (Rec. Doc. 1). The Donation did not request BPXP's position, and BPXP did not take any position, with regard to the Donation's amendment of any pleading other than the July 2014 Complaint. Exhibit A.

Dated: August 26, 2014

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
Shannon S. Holtzman (Bar #19933)
Greg L. Johnson (Bar #24477)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Christopher J. Esbrook
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of August, 2014.

/s/ Don K. Haycraft