UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * MDL NO. 2179 <br> * <br> * SECTION J(2) <br> * |
| Applies to: | * JUDGE BARBIER <br> * |
| Edward Wisner Donation v. BP Exploration & Production Inc. | * MAGISTRATE JUDGE <br> * JOSEPH C. WILKINSON, JR. <br> * <br> * |
| No. 2:14-cv-1525 | |

**DECLARATION OF GREG L. JOHNSON PURSUANT TO 28 U.S.C. § 1746**

I, Greg L. Johnson, declare as follows:

1. I am over twenty-one years of age and make this Declaration based on my own personal knowledge.

2. I am a shareholder in the law firm of Liskow & Lewis, and I am one of the counsel for BP Exploration & Production Inc. in the above-captioned case.

3. Attached are true and correct copies of e-mails I sent to counsel for the Edward Wisner Donation and counsel for certain beneficiaries of the Edward Wisner Donation:

Exhibit A   E-mail from G. Johnson to S. Gisleson (July 28, 2014)

Exhibit B   E-mail from G. Johnson to J. Waltzer (August 1, 2014)

I declare under penalty of perjury that the foregoing is true and correct.

_____
Greg L. Johnson

Dated: August 26, 2014

# EXHIBIT A

## Greg L. Johnson

**From:** Greg L. Johnson
**Sent:** Monday, July 28, 2014 2:14 PM
**To:** 'Fred Herman'; 'Soren Gisleson'
**Cc:** 'Christopher J. Esbrook'
**Subject:** RE: BP-OIL, Wisner, Meet and Confer

Soren and Fred,

Chris and I have conferred with the client on the issues we discussed on Friday and BP's responses are as follows:

1. BP submits that the Neutral documents are confidential and that the agreement provides that they are not admissible in court proceedings. BP considers the Neutral documents to include all of the submissions, instructions, correspondence, decisions, and any other documents related to the work we did with the Neutral. That said, if Wisner believes that it needs to submit its own invoices and those of its vendors in an appropriate proceeding for an appropriate purpose, it can seek to do so at the appropriate time.

2. BP does not believe that the outstanding expenses issue is properly before the Magistrate at this time, but in any event, BP agrees that it would be cleaner to present the entire package if and when the issue is properly raised. As we discussed on Friday, BP is in the process of getting authorizations and approvals on Wisner's most recent submissions. There are numerous duplicate and unclear submissions and it has taken considerable effort to sort these. We expect to respond and transmit wire payment within approximately 10 days.

3. BP does not oppose bringing in the proper parties to this matter. We are not certain of the correct procedure for doing so or even who the proper parties might be following either the resolution of the trust litigation or any termination of the Donation/Trust.

Best,

Greg

**Greg L. Johnson**
**Liskow & Lewis**
504/556-4115 office
504/810-4115 cell
gljohnson@liskow.com

---

**From:** Fred Herman [mailto:fherman@fredhermanlaw.com]
**Sent:** Friday, July 25, 2014 10:36 AM
**To:** Soren Gisleson
**Cc:** Christopher J. Esbrook; Greg L. Johnson
**Subject:** Re: BP-OIL, Wisner, Meet and Confer


Gentlemen , to be clear the neutral documents would include the decisions of the neutral. Fred

On Jul 25, 2014 9:30 AM, "Soren Gisleson" <SGISLESON@hhklawfirm.com> wrote:

Chris and Greg,

Please allow this email to serve as a memorialization of our call this morning.  On the call we discussed the following:

1.   Neutral Documents.  We requested BP's position as to (a) the confidentiality and (b) the admissibility of these documents.  We requested your position on Monday when we intend to file.

2.   Outstanding Expenses.  In an effort to streamline the issue for the Magistrate, we proposed deferring the outstanding expenses in which BP has unequivocally stated it will not reimburse until BP provides their position on the newer submissions.  This will allow the Magistrate one review of all of the expense issues.  You will get back with us after conferring with your client.

3.   Motion for Leave to Amend Access Agreement Complaint.  We asked BP's position for leave to amend the trustee and beneficiaries in the Access Agreement given what the August 4th date may mean to the Donation.  You will give us BP's position after speaking with them

If I have misstated anything, please let me know.

Soren

Soren E. Gisleson, Esq.

Partner

Herman, Herman & Katz

820 O'Keefe Avenue

New Orleans, Louisiana 70113

Direct Dial: 504-680-0569/Office: 504-581-4892/Fax: 504-561-6024

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

**CONFIDENTIAL ATTORNEY WORK PRODUCT**

Please consider the environment before printing this e-mail

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender.  Also, we would appreciate your forwarding the message back to us and deleting it from your system.  Thank you.

3

# EXHIBIT B

# Greg L. Johnson

| | |
|---|---|
| **From:** | Greg L. Johnson |
| **Sent:** | Friday, August 01, 2014 9:07 AM |
| **To:** | 'Joel Waltzer' |
| **Cc:** | Clay Garside; Ryan Hamilton; Robert Wiygul; 'Esbrook, Christopher J.' |
| **Subject:** | RE: Wisner Donation: Beneficiaries; Intervention |

Joel,

BP does not oppose bringing the proper parties into the Wisner matter, but BP does not take a position as to the correct procedure for doing so or even who the proper parties might be following either the resolution of the trust litigation or any termination of the Donation/Trust.

Best,

Greg

**Greg L. Johnson**
**Liskow & Lewis**
504/556-4115 office
504/810-4115 cell
gljohnson@liskow.com

---

**From:** Joel Waltzer [mailto:Joel@waltzerlaw.com]
**Sent:** Thursday, July 31, 2014 5:25 PM
**To:** Greg L. Johnson; 'Esbrook, Christopher J.'
**Cc:** Clay Garside; Ryan Hamilton; Robert Wiygul
**Subject:** Wisner Donation: Beneficiaries; Intervention

Greg and Chris,

We represent a number of the "Peneguy Beneficiaries". We will be filing an intervention in the BP matters tomorrow evening, listing the beneficiaries as plaintiff-intervenors. The object of the filing is to protect their interests without waiving any internal governance positions that are under consideration in state court, including the Donation's duration and control. Please advise as to whether BP will object to the intervention of Peneguy Beneficiaries.

**JOEL WALTZER** | **Waltzer Wiygul & Garside LLC** | PARTNER | 1000 BEHRMAN HIGHWAY | GRETNA, LA 70056 | Phone : 504.340.6300 | Fax: 504.340.6330 | Cell: 504.430.0844 | E-Mail: joel@waltzerlaw.com