IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: Oil Spill by the Oil Rig "Deepwater Horizon" In the Gulf of Mexico. On April 20, 2010 | ) ) ) ) | MDL 2179 SECTION J |
| This document relates to: No. 12-970, Bon Secour Fisheries, Inc., et al v. BP | ) ) ) ) | JUDGE BARBIER MAG. JUDGE SHUSHAN |
| And All Actions | ) | **ORAL ARGUMENT REQUESTED** |

**MOTION FOR RELIEF FROM ORDER AND LEAVE TO FILE
AND
MOTION TO CONFIRM ARBITRATION AWARDS
TO CLAIMANT 100089377 AND CLAIMANT 100002412**

COME NOW the Plaintiffs-Movants, separately and jointly, and respectfully pray the Court to grant relief from the orders of March 26, 2014, (Doc. 12594, 12598) and to accept this motion to confirm the arbitrators' awards set out herein in accordance with the Federal Arbitration Act, (FAA), and the Deepwater Horizon Economic And Property Damages Settlement Agreement As Amended On May 2, 2012, (Settlement Agreement). This motion raises questions of first impression of whether Section 6 of the Settlement Agreement is an arbitration provision and the Appeal Panels' decisions are awards governed by the FAA. This motion is based on the facts, supporting exhibits, the Settlement Agreement, the FAA, applicable law and the Movants' Memorandum of Authorities in Support of Motion to Confirm Arbitration Awards, to-wit:

1. The Plaintiffs-Movants are Claimants who each received an arbitrators' award on the following dates and in the amounts set out as:

   a. Claimant 100089377, (Claimant 377), Award Amount $1,527,091.98, rendered August 28, 2013.

1

b. Claimant 100002412, (Claimant 412), Total Award Amount $157,178.67, rendered September 19, 2013.

For purposes of this motion and in the supporting brief, the terms "Plaintiffs", "Movants" and "Claimants" will refer to the Claimants identified above unless specified otherwise.

2. On January 8, 2014, Claimant 412 filed a motion to confirm arbitration award issued in the Panel's Decision of September 19, 2013. (Doc. 12103). On March 27, 2014, the Court denied Claimant 412's motion. (Doc. 12598). Claimant 412 appealed to the United States Court of Appeals for the Fifth Circuit, Case No. 14-30398. (Doc. 12693).

3. On March 20, 2014, Claimant 377 also filed a motion to confirm based on the Panel's Decision of August 28, 2013. (Doc. 12556). On March 26, 2014, the Court denied the motion. (Doc. 12594). Claimant 377 appealed to the Fifth Circuit, Case No. 14-30400. (Doc. 12693).

4. On August 25, 2014, the Fifth Circuit issued an order dismissing the appeals of Claimants 377 and 412 due to lack of appellate jurisdiction under 9 U.S.C. §16 (a)(1)(D) and §16(a)(2), with the mandate being issued August 26. In re: Deepwater Horizon, Case Nos. 14-30398 and 14-30400, Doc. 0051274551 (5th Cir. August 25, 2014). The Fifth Circuit's opinion stated at page 5, in part, as follows:

> "The district court's two orders neither mentioned the FAA nor purported to vacate, modify, or correct the Claims Administrator's awards of compensation. **Nor did the district court consider any of the enumerated grounds for declining to confirm an arbitration award under 9 U.S.C. §10 and §11. Nor did the district court indicate more generally that the motions filed by [Claimant 377] and [Claimant 412] were denied with prejudice. On the contrary, the district court merely explained that it could provide no relief while this court's temporary injunction in *Deepwater Horizon*, 732 F.3d at 345-46, remained in place.** Therefore, because the district court's order neither confirmed nor denied confirmation of a purported arbitral award, we lack any basis for jurisdiction over these appeals under 9 U.S.C. §16(a)(1)(D)."

The Court's order did not extend the duration of the temporary injunction; thus it was not an order "'continuing' the . . . injunction". A copy of the Fifth Circuit's full opinion is attached with this motion as Exhibit 33.

5. As noted by the Fifth Circuit, "**the district court's order neither confirmed nor denied confirmation of a purported arbitral award. . . .**" (emphasis added). See, In re: Deepwater Horizon, Case Nos. 14-30398 and 14-30400, Doc. 0051274551 (5th Cir. August 25, 2014). The District Court's denial of Claimants' motions to confirm was not with prejudice. Id. There was no dispositive ruling by this Court on either Claimant 412 or Claimant 377's motion to confirm.

6. Claimant 412 and Claimant 377 do not wish to burden the Court and are mindful of the Court's prior order. (Doc. 12594). However, the statute of limitation for confirmation of arbitration awards is one year under 9 U.S.C. § 9. See, FIA Card Services, NA v. Gachiengu, 571 F.Supp.2d 799, 804 (SD Tex. 2008), citing, Bernstein Seawell & Kove v. Bosarge, 813 F.2d 726, 731 (5th Cir. 1987)("The complaint to enforce that arbitration award was filed within one year as required by 9 U.S.C. §9.") As stated in FIA Card Services:

> "**If a party does file such a motion, it must do so within one year after the award is made. '[W]e read the word 'may' in *section 9* as permissive, but only within the scope of the preceding adverbial phrase: '[a]t any time within one year after the award is made.' We therefore hold that *section 9* of the FAA imposes a one-year statute of limitations on the filing of a motion to confirm an arbitration award under the FAA.'** *335 F.3d at 158*. This result advances the important value of finality. *Id.* (emphasis added).

571 F.Supp.2d at 804. Since the Court's prior order is not dispositive of Movants' motions, then Claimant 412's time for filing a motion to confirm ends August 28, 2014 and Claimant 377's motion to confirm must be filed on or before September 19, 2014. Id. If this motion is not filed, the one year statute of limitations would bar consideration at a later date.

7. For reasons stated herein and in the supporting brief, Plaintiffs submit that each Movant is entitled to an order confirming the arbitration awards.

8. The Court has jurisdiction of this matter under its admiralty jurisdiction and this case is subject to substantive admiralty law. See, In re: Deepwater Horizon (B1 Master Complaint), 808 F. Supp. 2d 943, 952 (E.D. La. 2011). The involved oil spill is embraced within admiralty jurisdiction. Id. The Court's jurisdiction to enforce arbitration awards is also based on Section 18.1 of the Settlement Agreement, which grants authority to enforce the terms of the settlement, including awards to Claimants. As provided by the FAA, the Court has jurisdiction to consider and confirm the arbitration awards in favor of Claimants 377 and 412. See, 9 U.S.C. §§1, 2 and 9.

9. No prior decisions of this Court and the Fifth Circuit have addressed the issues raised in this motion.[1] Prior decisions have considered other aspects of the Settlement Agreement; primarily interpretation of the accounting method of calculating awards for Business and Economic Loss (BEL) claims by this Court and the Claims Administrator. See, In re: Deepwater Horizon, 744 F.3d 370, 373 (5th Cir. 2014).

10. If Section 6 is an arbitration provision governed by the FAA, the method of calculation of awards is immaterial to the question of confirmation because the scope of judicial review of arbitration awards does not extend to whether the arbitrators correctly decided

---

[1] In the instant case, the Fifth Circuit expressly noted that the questions remain unsettled. As stated by the Fifth Circuit' opinion: **"We express no opinion as to whether the settlement agreement includes an arbitration clause, whether the Claims Administrator's awards of compensation constitute arbitral awards governed by the FAA, or whether BP is estopped from contesting either proposition."** (emphasis added). See, In re: Deepwater Horizon, Case Nos. 14-30398 and 14-30400, Doc. 0051274551 at p. 4. Claimant 377 and Claimant 412 do not contend the Claims Administrator's awards are arbitral awards, rather Movants submit the Appeal Panel's decisions based on BP's challenges of those awards are arbitration awards governed by the FAA.

4

questions of law or fact. See, Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 577, 128 S. Ct. 1396, 1405, 170 L. Ed. 2d 254, 264 (2008)("*§ 9* carries no hint of flexibility in unequivocally telling courts that they 'must' confirm an arbitral award, 'unless' it is vacated or modified 'as prescribed' by *§§ 10* and *11*.") See, also, Bain v. Bank, 2013 U.S. App. LEXIS 18180 (5th Cir. 2013)("manifest disregard of the law" not basis for vacatur or modification); Woods v. PAM Transp., Inc.-LU, 440 Fed. Appx. 265, 269 (5th Cir. 2012)("manifest disregard" not grounds for vacatur or modification); Citigroup Global Markets, Inc. v. Bacon, 562 F.3d 349, 358 (5th Cir. 2009)(judicial review of arbitration award strictly limited to grounds in FAA §§10 and 11). All prior court decisions in this case considering the method of award calculation offer no guidance and have no controlling precedent over whether Section 6 is an arbitration provision and whether an award should be confirmed under the FAA. This is a unique question of tremendous significance to the parties.

11. In seeking this Court's final approval of the Settlement Agreement, BP accurately described Section 6 as "'baseball arbitration' where the appellate panel must select either the amount advanced by claimant or the amount advanced by BP." [2] (Doc. 7114-1 at 37). See, also, Rain CII Carbon, LLC v. ConocoPhillips Co., 674 F.3d 469, 471 (5th Cir. 2012); In re Am. Capital Equip., LLC, 688 F.3d 145, 152 (3rd Cir. 2012)(in "baseball arbitration" each party submits a proposal and the arbitrator selects one or the other); Sage Electrochromics, Inc. v. View, Inc., 2014 U.S. Dist. LEXIS 49168 (N.D. Cal. 2014)(in baseball arbitration, parties have

---

[2] BP's reference to "baseball arbitration" referred to Section 6.2, which states, "**All Appeals where the issue is the Compensation Amount shall be conducted using a baseball process in which the Claimant and the BP Parties exchange and submit in writing to the Appeal Panelist or Appeal Panel their respective proposals ("Initial Proposal") for the base Compensation Amount they propose the Claimant should receive. . . . Without an agreed resolution, the Appeal Panelist or Appeal Panel must choose to award the Claimant either the Final Proposal by the Claimant or the Final Proposal by the BP Parties but no other amount.**" (Emphasis added). (Doc. 6430-1 at 63.)

5

incentive to be reasonable "because arbitrator will choose the more reasonable offer."). As stated in General Motors Corporation v. Pamela Equities Corp., 146 F.3d 242 (5th Cir. 1998):

> **"Arbitration is the reference of a particular dispute to an impartial third person chosen by the parties to a dispute who agree, in advance, to abide by the arbitrator's award issued after a hearing at which both parties have an opportunity to be heard."** (emphasis added).

146 F.3d at 246. Section 6 does not use the word "arbitration," but no particular nomenclature is required to create an arbitration agreement. See, Wolsey, Ltd. v. Foodmaker Int'l Franchising, Inc., 144 F.3d 1205. 1208 (9th Cir. 1998)("No magic words such as 'arbitrate' or 'binding arbitration' or 'final dispute resolution' are needed to obtain the benefits of the [Federal Arbitration] Act."). This question has not been decided in this case, but the understanding of BP and the well-established use of baseball arbitration supports a determination that Section 6 is an arbitration provision.

12. In this case, both Claimants 377 and 412 filed BEL claims and received awards that were challenged by BP through the Section 6 dispute resolution process. The two Panels issued awards setting Compensation Amounts and applicable Risk Transfer Premiums, (RTP); from which the exact amounts are readily calculable in favor of Claimants 377 and 412. BP sought discretionary review of the Claimant 377 award, which was denied. BP has not filed a motion to vacate, correct or modify either the Claimants 377 or 412 award.

13. The Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*, also provides for expedited review of a motion to confirm an arbitration award. See, Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 578, 128 S. Ct. 1396, 1400, 170 L. Ed. 2d 254 (2008).

14. The Fifth Circuit's opinion dismissing the Claimants 377 and 412 appeals considered the Hall Street decision and stated:

"As the Supreme Court explained in *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 572 (2008), '[u]nder the terms of §9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§10 and 11.'"

In re: Deepwater Horizon, Case Nos. 14-30398 and 14-30400, Doc. 0051274551, p. 4. Movants agree and urge the Court to determine that Section 6 is an arbitration provision incorporated in the Settlement Agreement and to confirm the arbitration awards to Claimants 377 and 412.

15. Pursuant to Court's Pre-Trial Order (Doc. 569), Movants have submitted this motion and supporting briefs to Liaison Counsel for the Plaintiffs' Steering Committee who took no formal position on its filing including expressing no objection thereto.

**WHEREFORE**, Claimants pray the Court to accept this motion to confirm and allow its consideration by the Court and, pursuant to the Federal Arbitration Act, to grant orders of confirmation for the arbitrators' awards in favor of Claimants 100089377 and 100002412.

RESPECTFULLY SUBMITTED,

s/Elias J. Saad
Elias J. SAAD (AL861451)
ejsaad@ejsaadlaw.com

s/Matthew Andrews
MATTHEW ANDREWS (AL167247)
mandrews@ejsaadlaw.com
ATTORNEYS FOR CLAIMANT 377 AND
CLAIMANT 412

OF COUNSEL:
E. J. SAAD LAW FIRM
6207 COTTAGE HILL ROAD, SUITE G
MOBILE, ALABAMA 36609
Phone: 251-660-0888
Fax: 251-660-0777

S/Frederick T. Kuykendall, III
FREDERICK T. KUYKENDALL, III
ftkuykendall@yahoo.com
ATTORNEYS FOR CLAIMANT 377 AND
CLAIMANT 412

7

OF COUNSEL:

KUYKENDALL & ASSOCIATES, LLC
AL Bar No.: ASB4462A59F
Federal Bar No.: KUYKF4462
P.O. Box 2129
Fairhope, Alabama 36533
Phone: (251) 928-4008
Fax: (251) 928-2151