# Exhibit 14

BP's Request for Discretionary Court Review Regarding Claim No. 41841

Pursuant to Section 6.6 of the Economic and Property Damage Settlement Agreement ("Settlement Agreement"), BP respectfully files this Request for Discretionary Court Review. The Settlement Program awarded Claimant ███████████████ ██., a trucking company located in Eufaula, Alabama, $1,172,565 pre-RTP ($1,468,464 post-RTP), and the Appeals Panel affirmed. This was significant error because the Settlement Program improperly included Claimant's intercompany transactions with a second ███████████ entity, ███████████ Transportation, in its calculation of Claimant's compensation.[1]

Explanation of Basis for Request for Review

Under the Settlement Agreement, "[t]he compensation framework for business claimants compares the *actual profit of a business* during a defined post-spill period in 2010 to the profit that the claimant might have expected to earn in the comparable post-spill period of 2010." Settlement Agreement, Ex. 4C at 1 (emphasis added). Payments made to related parties do not constitute expenses under the Settlement Agreement. As the Claims Administrator has expressly recognized in the context of revenue, "intercompany sales / related party transactions" do not occur "under the normal course of operations in an arm's length transaction." Policy 328 - Version 2 - Business Economic Loss Claims: Non-Revenue Items of Entities.[2] Accordingly, intercompany/related-party transactions cannot be included as expenses for the same reason that they "shall not typically be treated as 'revenue' for purposes of the various calculations to be

---

[1]    As addressed in BP's Initial Proposal, the Settlement Program also erred by misclassifying certain variable expenses as fixed and failing to apply insurance proceeds with respect to certain truck repairs to the months in which the repair costs were incurred. Without waiver, BP does not seek discretionary review with respect to these issues at this time.

[2]    This version of Policy 328 was announced to the parties on May 13, 2013, and updated as Version 2 on August 21, 2013. Its availability is listed as "External (Not Yet Final)."

███WHITEHEAD███ - 160

performed under the terms of the Settlement Agreement with regard to entities asserting BEL claims." *Id.*

Here, the Settlement Program erroneously recognized as a variable expense $339,700 in intercompany/related-party transactions between Claimant and ████ ███████ ███ ████████ ████, recorded in Claimant's financial records as "Brokerage Expense ████ rom August to November 2010. Claimant is ████ █████ ███ family-founded, -owned, and -operated trucking company. In June 2010, Mr. ███████ started ████ to haul chips for a local sawmill." Correspondence (attached to BP's Initial Proposal as Exhibit 1). He had Claimant pay the startup costs for ████ and, because ████ "was starting up and the employees had some idle time on their hands" and Claimant's employee who "brokered loads found employment elsewhere," "the decision was made by [M]r. ████████ to let ████ broker loads for [Claimant]." Correspondence (attached to BP's Initial Proposal as Exhibit 2). Mr. ████████ apparently decided that Claimant would pay ████ "15% of the gross income of the load that was generated by ████ for [Claimant] to haul." *Id.* In other words, Claimant paid a related party $339,700 through an intercompany transaction for four months of work that had previously been performed by a single Claimant employee. It is unlikely that Claimant would pay $339,700 for four months of a single employee's services in an arm's length transaction.

In addition, Mr. ████████ had the transaction recorded as a reduction in the account receivable he created when Claimant paid ████ startup costs. *See* Exhibit 1. That is, the intercompany brokerage transaction was itself part of a larger intercompany financial arrangement involving ████ s startup costs.

Accordingly, based on Claimant's objective financial data and its own correspondence, it is apparent that the $339,700 recorded as "Brokerage Expense ████ from August to November

2

2010 was an intercompany/related-party transaction and not a variable expense incurred "under the normal course of operations in an arm's length transaction."  Policy 328 - Version 2 - Business Economic Loss Claims: Non-Revenue Items of Entities.  The Settlement Program therefore erred by recognizing this amount as a variable expense for purposes of calculating Claimant's compensation.  *See* Settlement Agreement, Ex. 4C at 1.

For the foregoing reasons, BP respectfully requests that the Court vacate the award to Claimant.

3

WHITEHEAD - 162