# Exhibit 32




# RULES GOVERNING THE APPEALS PROCESS

## EFFECTIVE FEBRUARY 4, 2013




# Table of Contents


Page

TITLE I: **GENERAL** ..... 1

Rule 1. *Purpose of These Rules* ..... 1

Rule 2. *Definitions* ..... 1

Rule 3. *Amendments to these Rules* ..... 1

Rule 4. *Appeals Coordinator* ..... 1

Rule 5. *Appeals Panel* ..... 1

Rule 6. *Computation of Time and Dates of Submission* ..... 2

TITLE II: **HOW APPEALS ARE TAKEN** ..... 2

Rule 7. *Type of Notices Appealable to the Appeal Panel* ..... 2

Rule 8. *Request for Reconsideration as a Prerequisite for Appeal* ..... 3

Rule 9. *Consolidated Appeal Process for Each Appealable Claim* ..... 3

Rule 10. *Appeals by Claimants* ..... 3

Rule 11. *Appeals by BP* ..... 4

TITLE III: **PARTIES AND RECORD ON APPEAL** ..... 5

Rule 12. *Parties to the Appeal* ..... 5

Rule 13. *Record on Appeal* ..... 5

Rule 14. *Issues on Appeal* ..... 6

TITLE IV: **APPEAL PANEL PROCESS** ..... 7

Rule 15. *Notice of Appeal and Appeal Schedule* ..... 7

Rule 16. *Withdrawal of Appeal* ..... 7

Rule 17. *Baseball Process* ..... 7

Rule 18. *Non-Baseball Process* ..... 11

**Page**

**Rule 19.** *Appeal Panel Discretion to Allow Responsive Filings* ........................................ 11

**Rule 20.** *Appeals Coordinator Discretion to Stay Appeals* ................................................ 12

**Rule 21.** *Appeal Review Standards* ........................................................................ 12

**Rule 22.** *Court Inherent Jurisdiction* ..................................................................... 12

**TITLE V: FILE ACCESS** ........................................................................................ 12

**Rule 23.** *Web Portal Access* ................................................................................. 12

**Rule 24.** *Panel Decisions* ..................................................................................... 12




## TITLE I: GENERAL

**Rule 1. Purpose of these Rules.** These Rules govern the process for the Appeals Process under Section 6 and Exhibit 25 of the Settlement Agreement and serve as the protocol summarizing the procedures for Appeals to the Appeal Panel required by Exhibit 25.

**Rule 2. Definitions.** Unless otherwise defined in these Rules, all capitalized terms shall have the meanings given to them in the Settlement Agreement. Unless otherwise noted, "Appeal Panel" shall be used throughout these Rules to refer to both a single Appeal Panelist and a three member Appeal Panel.

**Rule 3. Amendments to these Rules.** Pursuant to Section 5 of Exhibit 25, the Appeals Coordinator, upon concurrence of the Claims Administrator, may amend these Rules as necessary to implement Section 6 of the Settlement Agreement, after providing notice and a right to comment by the BP Parties ("BP") and Lead Class Counsel.

**Rule 4. Appeals Coordinator.** The Claims Administrator has appointed David Duval as the Appeals Coordinator to oversee the Appeals Process.

**Rule 5. Appeal Panel.** The appointment to and continued service on the Appeal Panel is subject to the oversight of the Court, which shall retain jurisdiction over the Appeal Panel, pursuant to Settlement Agreement § 6.1.2.2.5.

(a) Appeal Panelist Pool: The roster of Appeal Panelists eligible to sit on an Appeal Panel shall consist of between 10 and 20 Appeal Panelists.

(b) Nomination of the Appeal Panelist Pool: Within 21 days of Preliminary Approval, the Parties shall agree on a list of at least 30 individuals as potential Appeal Panelists and jointly submit that list of nominees to the Court, who will select the Appeal Panelists.

(c) Selection of the Appeal Panelist Pool: The Parties shall agree to the joint recommendation of at least 30 candidates possessing the relevant experience and qualifications for appointment by the Court, in the exercise of its independent discretion, to serve as the Appeal Panelists. The Parties shall continue this process of joint selection, as necessary, to accomplish the Court's approval and appointment of a full panel of Appeal Panelists. The Parties shall indicate along with the submission whether the potential Appeal Panelist is qualified to hear appeals on claims of $1,000,000 or more. From the joint list of nominees, the Court may select some or all of the nominees for inclusion in the Appeal Panelist pool. If the Court's selection does not fill the Appeal Panel, or if there is a vacancy on the Appeal Panel, the Parties shall nominate additional candidates, in accordance with Settlement Agreement § 6.1.2.2, for the Court's consideration for appointment to the Appeal Panel.

(d) Panel Composition: A single Appeal Panelist shall determine the appeal where the Compensation Amount sought by the claimant is less than $1,000,000. A three-member Appeal Panel shall determine the appeal where the Compensation Amount

sought by the claimant is greater than $1,000,000. For all three-member panels, one of the Panelists shall be from the home state of the claimant's residence or principal place of business in the Gulf Coast Areas.

(e) Compensation for Appeal Panelists: The Appeals Coordinator shall devise a uniform compensation program for Appeal Panelists as to which he shall seek input from the Claims Administration Panel. Such compensation program shall be subject to the approval of the Court.

(f) Anonymity of Appeal Panelists: At no time during or after an appeal shall the identity of the Appeal Panelist(s) reviewing or deciding the claim be disclosed to the claimant, BP, or Class Counsel.

**Rule 6. Computation of Time and Dates of Submission.**

(a) Any time period prescribed by these Rules shall be computed in accordance with Rule 6 of the Federal Rules of Civil Procedure subject to any further clarifications from the Office of the Claims Administrator. If a deadline under these Rules falls on a Saturday, Sunday or a holiday, the deadline is extended to the next business day. Holidays are: New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day designated by the Office of the Claims Administrator.

(b) Determining the Date of Submission: Any document submitted on the DWH Portal or by email shall be considered submitted on the date uploaded or emailed at the local time of the submitting party. Documents submitted by mail shall be considered submitted on the postmark date. Documents submitted by overnight delivery shall be considered submitted on the date delivered to the carrier. Documents submitted by personal delivery shall be considered submitted on the date of receipt.

## TITLE II: HOW APPEALS ARE TAKEN

**Rule 7. Types of Notices Appealable to the Appeal Panel.**

(a) A claimant may appeal to the Appeal Panel any Post-Reconsideration Eligibility Notice or Denial Notice on any Claim Type except for: (1) Seafood Crew Category II and III claims, which are not appealable; and (2) Post-Reconsideration Incompleteness Denial Notices, which may only be appealed to the Documentation Reviewer.

(b) Appeals by BP: BP may appeal to the Appeal Panel any Eligibility Notice where the Compensation Amount awarded in such Notice, before the application of any Risk Transfer Premium, is in excess of $25,000. BP may not appeal any Denial Notice or any Eligibility Notice where the Compensation Amount awarded in such Notice, before the application of any Risk Transfer Premium, is $25,000 or less.

(c) Underlying Review: If the Claims Administrator determines and both parties agree that there was an error or incorrect calculation in the underlying review, the Claims

Administrator shall issue a corrected Eligibility Notice, which shall trigger new rights for Reconsideration or Appeal. The Appeals Coordinator shall administratively close the appeal.

**Rule 8. Request for Reconsideration as a Prerequisite for Claimant Appeal.**

(a) Reconsideration Must Precede a Claimant Appeal: No claimant may appeal any Notice unless the claimant previously requested Reconsideration of the outcome on the claim within 30 days after the Claims Administrator issued an outcome Notice on the claim. Failure by a claimant timely to request Reconsideration shall constitute waiver of the right to Reconsideration or to appeal. The Claims Administrator will consider an attempted appeal from a claimant asserted before submitting a Request for Reconsideration to be a Request for Reconsideration rather than an appeal.

(b) Effect of a BP Appeal on the Claimant's Right to Reconsideration: An appeal by BP of an Eligibility Notice shall not affect the claimant's right to seek Reconsideration. If BP has appealed an Eligibility Notice within 30 days after the date of such Notice, the claimant shall have the full 30 days to request Reconsideration and if the claimant timely makes such a request, the Appeal Process will terminate and the Reconsideration shall proceed. Issuance of the Post- Reconsideration Eligibility Notice on the claim shall cause the time for appeal by the claimant or BP to commence.

**Rule 9. Consolidated Appeal Process for Each Appealable Claim.** After BP or the claimant initiates an Appeal as the appellant, the appellee shall raise any and all appealable issues within the same appeal when it submits its Initial Proposal and may not initiate a separate appeal for the claim. The original appellant shall be limited to the issues raised in its Notice of Appeal, except as necessary to respond to new issues raised by the appellee in its Initial Proposal. The appellee shall be limited to the issues raised in its Initial Proposal. The Appeal Panelist shall not consider issues raised by either the appellant or the appellee after the Notice of Appeal and/or Initial Proposal, as provided in this Rule.

**Rule 10. Appeals by Claimants.**

(a) Time for Appeal: A claimant shall note an appeal within 30 days after the date of the Post-Reconsideration Eligibility Notice or Post-Reconsideration Denial Notice to the claimant on the claim.

(b) Request for Appeal Form: To note an Appeal, a claimant shall complete and submit a Request for Appeal Form. A claimant may electronically submit the Request for Appeal Form using the DWH Portal or mail or deliver the completed hard copy form (attached to the claimant's Post-Reconsideration Eligibility Notice or Post-Reconsideration Denial Notice) to the Claims Administrator. The claimant shall indicate in such Request for Appeal Form the issues appealed and the relief requested.

(c) Filing Fee: The claimant shall pay a Filing Fee as follows, with the submission of a Request for Appeal Form, or the appeal shall be dismissed:

(1) Appeal of a Post-Reconsideration Denial Notice: $100, refunded if the Appeal Panel overturns the Denial.

(2) Appeal of the Risk Transfer Premium Only: $100, refunded if the Appeal Panel awards a higher Risk Transfer Premium.

(3) Fee for Appeal of Prior Payment Offsets Only: $100, refunded if the Appeal Panel reduces the Prior Payment Offsets.

(4) Fee for All Other Claimant Appeals:

a. Filing fee based on the Compensation Amount sought by the claimant on appeal:

| | **Amount Sought by Claimant on Appeal** | **Fee** |
|---|---|---|
| 1. | Up to $10,000 | $100 |
| 2. | $10,000.01 to $25,000 | $150 |
| 3. | $25,000.01 to $50,000 | $200 |
| 4. | $50,000.01 to $100,000 | $250 |
| 5. | $100,000.01 to $250,000 | $500 |
| 6. | $250,000.01 to $500,000 | $1,000 |
| 7. | Greater than $500,000 | $2,500 |

This fee shall be refunded if the Appeal Panel awards the claimant a higher Compensation Amount than that awarded by the Claims Administrator in the Post-Reconsideration Eligibility Notice.

b. Rather than pay a filing fee upfront, the claimant can agree to a 5% reduction of the Post-Reconsideration Compensation Amount (before the Risk Transfer Premium), if the Appeal Panel does not award the claimant a higher Compensation Amount than that awarded by the Claims Administrator in the Post-Reconsideration Eligibility Notice.

(5) Method of Payment: Claimants may submit payment by check or pay by credit card using the secure PayPal system on the DWH Portal.

**Rule 11. Appeals by BP.**

(a) Time for Appeal: BP shall note an appeal within the following time periods after the date of the Eligibility Notice or the Post-Reconsideration Eligibility Notice being appealed:

| | **Compensation Amount in the Notice** | **Time for BP to Appeal** |
|---|---|---|
| 1. | $25,000.01 to $250,000 | 10 days |

| | | |
|---|---|---|
| 2. | $250,000.01 to $500,000 | 15 days |
| 3. | Greater than $500,000 | 20 Days |

(b) Request for Appeal Form: To note an Appeal, BP shall submit a Request for Appeal form through the DWH Portal. BP shall indicate in such Request for Appeal Form the issue(s) appealed and the relief requested.

(c) BP shall pay a Filing Fee based on the Compensation Amount awarded to the claimant in the Eligibility Notice or Post-Reconsideration Eligibility Notice.

| | **Compensation Amount** | **Fee** |
|---|---|---|
| 1. | $25,000.01 to $50,000 | $400 |
| 2. | $50,000.01 to $100,000 | $500 |
| 3. | $100,000.01 to $250,000 | $1,000 |
| 4. | $250,000.01 to $500,000 | $2,000 |
| 5. | $500,000.01 to $1,000,000 | $4,000 |
| 6. | Greater than $1,000,000 | $5,000 |

(d) The Appeals Coordinator shall issue a BP Appeal Invoice on the 5th day of each month that itemizes each claim appealed the prior month.[1]

**TITLE III: PARTIES AND RECORD ON APPEAL**

**Rule 12. Parties to the Appeal.** BP and the claimant shall be the parties to any Appeal. Although the Claims Administrator shall submit a Summary of Review as requested by the Appeal Panel, the Claims Administrator shall not be considered a party to the Appeal. Class Counsel are permitted to submit *amicus* memoranda in support of the Claimant, which must be filed in accordance with the deadlines for exchanging the Initial and Final Proposals, as set forth in Rules 17(a) and 17(b).

**Rule 13. Record on Appeal.** The record on appeal shall consist of:

(a) The Settlement Agreement and all its attachments;

(b) Court rulings on similar issues;

(c) Prior appeal rulings on similar issues, which are for informational purposes only and are not binding precedent;

[1] The BP Appeal Invoice shall include filing fees on BP Appeals that are subsequently withdrawn pursuant to Rule 16.

(d) Formal Claims Administrator policies, which have been promulgated and announced by the Claims Administrator after completion of the formal administrative review process adopted by the Claims Administrator and outlined in Section 4.3.4 of the Settlement Agreement;

(e) The entire Claim File on the claim with the Claims Administrator;

(f) The Claims Administrator's Summary of Review, as requested by the Appeal Panel. The Summary of Review is intended to provide the Appeal Panel with an understanding of what occurred in the underlying processing of the claim, including the basis for the determination(s) made by the Claims Administrator. It shall include reference to and a factual explanation of any formal policies or procedures adopted by the Claims Administrator that are applicable to the issue(s) raised by the appeal, referring the Appeal Panelist to the formal policies that are part of the Record of Appeal, as described in Rule 13 (c). The Summary of Review is not to be a document that advocates one position or the other but rather is to be a narrative that simply explains how the Claims Administrator processed the claim. The Summary of Review is for informational purposes only and is to be made available to the Appeal Panel, the Claimant, Class Counsel and BP. The Appeal Panel may grant the Claimant, Class Counsel and BP the right to file a response to the Claims Administrator's Summary of Review, but such response shall be limited to a correction of facts recited in the Summary of Review and shall not include any argument.

(g) The Initial and Final Proposals and supporting memoranda, as well as any *amicus* filings by Class Counsel submitted under these Rules; and

(h) On any appeal by BP, where BP contends that the claim does not comply with the applicable documentation requirements set forth in the Settlement Agreement, a claimant may submit additional substantive documentation with the claimant's Final Proposal and supporting memorandum. If the Claimant cannot reasonably obtain and submit the documentation by the deadline for submitting its Final Proposal, the Appeals Coordinator shall extend the Final Proposal deadline in order to afford the Claimant with a reasonable opportunity to submit the additional documentation.

**Rule 14. Issues on Appeal.** The issues on appeal shall be limited to those originally raised by the appellant claimant or BP in the Request for Appeal Form/Notice of Appeal, except that if the appellee had a right to bring an appeal and is consolidating that appeal under Rule 9, the appellee may raise a new issue in its Initial Proposal, and the appellant may address such issue in its Final Proposal. As provided in Rule 9, a claimant may raise issues and seek additional compensation in the event of a BP appeal, even where the claimant did not seek Reconsideration.

## TITLE IV: APPEAL PANEL PROCESS

**Rule 15. Notice of Appeal and Appeal Schedule.** The Appeals Coordinator shall post to the DWH Portal or mail to both parties a copy of the Notice of Appeal and attach a schedule including specific due dates (month, day, and year) for all aspects of the Appeals process. The Notice of Appeal shall contain the issues for appeal as set forth in the appellant's Request for Appeal. The schedule will include the mailing and email addresses of the parties to the appeal and the Lead Class Counsel.

**Rule 16. Withdrawal of Appeal.** The appellant may withdraw the Appeal by submitting a Withdrawal of Appeal Form at any time until the Appeal Panel issues a decision on the claim. After withdrawing an Appeal, the appellant may not re-submit an Appeal for that claim and the Notice being appealed shall become final. No Filing Fee shall be refunded after withdrawal of an appeal. If an appellee has raised an appealable issue pursuant to consolidating an appeal under Rule 9 and that issue is unresolved when the appellant withdraws its appeal, the appeal shall continue as to that issue.

**Rule 17. Baseball Process.** The Claims Administrator shall process appeals of Eligibility Notices or Post-Reconsideration Eligibility Notices submitted by either party using the process set forth in Section 6.2 of the Settlement Agreement involving the exchange of Initial and Final Proposals by the parties (the "Baseball Process").

(a) Initial Proposals. Within 15 days after the date the Appeals Coordinator issues the Notice of Appeal, both parties shall exchange and submit their Initial Proposals, for the base Compensation Amount they propose the claimant should receive. Either party may propose new values for one or more of the following factors used to calculate the Award Amount: the Compensation Amount, RTP Multiplier, or Prior Payment Offset. The claimant is not limited to the amount in the Eligibility Notice, even if the claimant did not seek Reconsideration. Either party may submit a supporting memorandum and any additional materials as set forth in Rule 13 with its Initial Proposal.

(1) Initial Proposal Default Amounts.

a. If BP fails to submit an Initial Proposal, BP's Initial Proposal shall default to the Compensation Amount, RTP Multiplier and Prior Payment Offset, if any, awarded by the Settlement Program.

b. If on a Claimant Appeal the claimant fails to submit an Initial Proposal, the claimant's Initial Proposal Compensation Amount shall default to the Compensation Amount that the claimant requested when submitting the Appeal. If the claimant did not appeal the Compensation Amount, the claimant's default Initial Proposal shall default to the Compensation Amount, RTP Multiplier and Prior Payment Offset, if any, awarded by the Settlement Program.

c. If on a BP Appeal the claimant fails to submit an Initial Proposal, the claimant's Initial Proposal shall default to the Compensation Amount, RTP

Multiplier, and Prior Payment Offset, if any, awarded by the Settlement Program.

(2) Notice of Initial Proposal: The Appeals Coordinator shall simultaneously post both Initial Proposals and any supporting memoranda to the DWH Portal of both parties when it receives both Initial Proposals, or after 15 days, whichever occurs first. The Appeals Coordinator shall mail this information to claimants who do not use the DWH Portal.

(b) Final Proposals. The claimant and BP must exchange and submit a final proposed base compensation amount ("Final Proposal") to the Appeal Panelist or Appeal Panel. Either party may submit a supporting memorandum with its Final Proposal. A party may only submit additional materials with a Final Proposal and supporting memorandum: (i) in the event of a cross-appeal under Rule 14; and (ii) as set forth within Rule 13. In addition, where BP contends in its Notice and/or Initial Proposal that the documentation provided by the Claimant in the Record does not comply with the applicable documentation requirements set forth in the Settlement Agreement, the Claimant shall be afforded the opportunity to submit additional documentation, as provided in Rule 13.

(1) Time for Final Proposals: Within 25 days of the date that the Appeals Coordinator posts the Notice of Appeal, if BP and the claimant have not settled the Appeal, each party shall submit its Final Proposal.

(2) Final Proposal Default Amounts: If either party fails to submit a Final Proposal, that party's Initial Proposal shall serve as the Final Proposal.

(3) Notice of Final Proposal: The Appeals Coordinator shall simultaneously post the Final Proposals on both parties' DWH Portal when it receives both Final Proposals or after 25 days, whichever occurs first. The Appeals Coordinator shall mail this information to claimants who do not use the DWH Portal.

(c) Agreement Between Parties. If at any time during the process the parties reach an agreement by submitting matching Initial or Final Proposals, or by reaching a compromise, the appeal process shall end.

(1) The claimant or BP may accept the other party's Initial Proposal at any time until the Final Proposals are posted to the DWH Portal or mailed to non-portal users. The DWH Portal blocks the opposing party from accepting an Initial Proposal once the Final Proposals have been posted.

(2) The claimant and BP shall have five days after the posting/mailing of the Final Proposals to accept the other party's Final Proposal.

(3) If neither party accepts a Final Proposal within the five days, the Appeals Coordinator shall assign the claim to the Appeal Panel and post the claim to the Appeal Panel Portal.

(4) At any point until the Appeal Panel posts its decision, the claimant and BP may choose to reach a compromise. The parties shall submit matching Compromise Forms before the Appeal Panel posts a decision to the Appeal Panel Portal.

(5) After the parties reach an agreement, the Claims Administrator will post or mail a Post-Appeal Eligibility Notice on the DWH Portals of BP and the claimant.

(d) No Agreement between Parties. If the Parties do not reach an agreement within five days after the posting/mailing of the Final Proposals, the Appeals Coordinator shall randomly assign the appeal to an Appeal Panel and will route the claim electronically through the DWH Appeal Panel Portal and to the queue of the panelist(s) assigned to the Appeal. The Appeal Panelists access the queue through the Appeal Panel Portal.

(1) One Member Appeal Panel: The Appeals Coordinator shall randomly assign the Appeal to a single Appeal Panelist when: (1) the claimant brings the Appeal and the Compensation Amount sought by the claimant is under $1,000,000; or (2) BP brings the Appeal, and the Compensation Amount awarded to the claimant by the Settlement Program is under $1,000,000.

(2) Three- Member Appeal Panel: The Appeals Coordinator shall randomly assign the Appeal to a three-member Appeal Panel specifically designated by the Court to hear Appeals of greater than $1,000,000 when: (1) the claimant brings the Appeal and the Compensation Amount sought by the claimant is greater than $1,000,000; or (2) BP brings the Appeal and the Compensation Amount awarded to the claimant by the Settlement Program is greater than $1,000,000. If the claimant brings the Appeal, the three-member Appeal Panel shall have at least one Appeal Panelist randomly selected from the sub-list of Appeal Panelists from the claimant's home state.

(3) Home State Determination: The Appeal Coordinator shall determine the claimant's home state as the state in which the claimant was living on April 20, 2010. If the claimant was not living in one of the five Gulf States (Florida, Alabama, Mississippi, Louisiana, and Texas) on April 20, 2010, the claimant shall choose one of the five Gulf States to serve as the home state for purposes of the Appeal.

(4) Panel Procedures: Pursuant to Settlement Agreement Section 6.2, the Appeal Panelists shall be neutral and may establish their own procedural rules regarding the review of Appeals. The Appeal Panel may consider only the Record on Appeal as described in Rule 13.

(5) Appeal Panel Decision: The Appeal Panel shall select either the claimant's Final Proposal or BP's Final Proposal and no other amount. The Panel may remand an Appeal *only* if it finds that: (a) a new document has been introduced on appeal that the Appeal Panel determines would change the outcome of the Program's determination to a value that is neither the claimant nor BP's Final Proposal amount; or (b) the information in the record is not sufficient to support either the claimant or BP's Final Proposal. After the Appeal Panel issues a decision, it shall

be final. The decision shall only apply to that specific claim and shall not be applied retroactively or prospectively to other claims, and the Appeal Panel shall not be bound by another Panelist's decision. Consistent with the Baseball Process, all Appeal Panel decisions shall be in conformity with the terms of the Settlement Agreement and applicable Court rulings.

(6) Notice of Appeal Panel Decision: The Appeal Panel shall post its decision and a written determination on the Appeal Panel Portal. The Appeals Coordinator shall post or mail a Notice of Appeal Panel Decision to the claimant and BP indicating the decision of the Appeal Panel.

(7) Written Decisions and Opinions: The Appeal Panel shall provide its decisions as follows:

a. For Each Appeal, Regardless of Outcome Amount: The Appeal Panel shall enter its decision through the Appeal Panel Portal. That decision shall state whether the appeal is decided in favor of BP or the claimant and shall state the amount of the determination.

b. For Appeals with Outcomes > $1,000,000: If the Appeal Panel determines that the claimant will receive a Compensation Amount of greater than $1,000,000, the Appeal Panel shall provide its decision through the Appeal Panel Portal and shall also post a written opinion describing the basis of its determination. The Appeals Coordinator shall post or mail the written opinion to the claimant and BP.

(e) Post-Appeal Eligibility Notice: The Claims Administrator will apply the decision of the Appeal Panel in a Post-Appeal Eligibility Notice. As applicable the Post-Appeal Eligibility Notice will reflect the following:

(1) The Claims Administrator shall refund the filing fee paid by the claimant in a Claimant appeal if the claimant prevails on Appeal. To prevail in an Appeal for this purpose means that the Appeal Panel awards the claimant a higher Compensation Amount than offered in the Post-Reconsideration Eligibility Notice. If the Claimant is being compensated by the Seafood Compensation Fund, any additional compensation awarded as part of the 5% additional payment shall not be paid by the Seafood Compensation Fund but shall be paid separately by BP

(2) The Claims Administrator shall decrease the pre-RTP Compensation Amount by 5% if the claimant elected to pay the filing fee by a 5% reduction of the Compensation Amount and the claimant did not prevail in the Appeal.

(3) Assessment of 5% Review Cost for Claimant Appeals: If the Appeal Panel awards the claimant an amount higher than the Compensation Amount offered in the Post-Reconsideration Eligibility Notice, the Claims Administrator shall add 5% of the total pre-RTP Compensation Amount to the Award Amount.

(4) Assessment of 5% Review Cost for BP Appeals: If the Appeal Panel awards the same amount as the claimant's Eligibility Notice or the amount of the claimant's Final Proposal, the Claims Administrator shall add 5% of the total pre-RTP Compensation Amount listed in the Eligibility Notice to the Award Amount. The 5% Review Cost Assessment shall not be applied if the appeal is withdrawn, settled, or administratively closed prior to the Appeal Panel issuing an award.

**Rule 18. Non-Baseball Process.** The Claims Administrator shall process appeals of Denial Notices using the Non-Baseball Process set forth in Settlement Agreement Exhibit 25, Section 3.B. Only the claimant may appeal a Denial Notice.

(a) Opening Memorandum. The claimant shall submit an Opening Memorandum explaining the basis for the Appeal within 10 days of the date of the Notice of Appeal.

(b) Opposition Memorandum. BP shall submit an opposition memorandum no later than 25 days after the Claims Administrator posts the claimant's Notice of Appeal on the Portal.

(c) Reply Brief. The claimant may submit a reply brief no later than 35 days after the posting of the Notice of Appeal.

(d) After each submission, the Claims Administrator shall post or mail the memorandum or brief to the claimant and BP.

(e) Appeal Panel Review. After the expiration of the 35 days from the date of the Notice of Appeal, the Appeal Coordinator shall route the claim to one randomly assigned Appeal Panelist.

(f) Notice of Appeal Panel Decision. The Appeal Panel shall enter its decision through the Appeal Panel Portal. The Appeals Coordinator shall post on the Portal or mail a Notice of Appeal Panel Decision to the claimant and BP.

(1) Denial Upheld: If the Appeal Panel's decision is to uphold the denial, the Claims Administrator shall mail or post a Post-Appeal Denial Notice.

(2) Denial Overturned: If the Appeal Panel's decision is to overturn the denial, the Claims Administrator shall return the claim to the review process. The Claims Administrator shall also add 5% to the pre-RTP Compensation Amount and refund the filing fee to the claimant. If the Claimant is being compensated by the Seafood Compensation Fund, any additional compensation awarded as part of the 5% additional payment shall not be paid by the Seafood Compensation Fund but shall be paid separately by BP.

**Rule 19. Appeal Panel Discretion to Allow Responsive Filings.** The Appeal Panel shall have the discretion to allow either side the opportunity to respond to a new document or issue raised a Final Proposal or the Reply Brief filed in the Baseball or non-Baseball appeals, respectively. However, any response must be limited to the new issue or document and shall not be repetitive of arguments or issues already presented.

**Rule 20. Appeals Coordinator Discretion to Stay Appeals.** The Appeals Coordinator has the discretion to stay any appeal that presents a policy question or any issue that could give rise to inconsistent treatment among claimants until the issue is resolved by the Court or by agreement of the Parties. The Appeals Coordinator shall notify the affected claimant, Class Counsel, and BP of any such stay.

**Rule 21. Appeal Review Standards.** The Standard of Review by the Appeal Panelist or Appeal Panel shall be a de novo review of the complete record of that Claimant in the Settlement Program to enforce compliance with the Settlement Agreement as approved by the Court.

**Rule 22. Court Inherent Jurisdiction.** The Court maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the Agreement. Upon reviewing such a determination, the Court shall treat the Appeal determination as if it were a recommendation by a Magistrate Judge.

## TITLE V: FILE ACCESS

**Rule 23. Web Portal Access.** The Claims Administrator shall provide the Appeal Panel's decision on the DWH Portal for both parties and Lead Class Counsel pursuant to Settlement Agreement Exhibit 25, Section 7.

**Rule 24. Panel Decisions.** The Claims Administrator shall create public versions of the Appeal Panel decisions with personally identifying information redacted to post to the Settlement website.