IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 14-30400

D.C. Docket No. 2:10-MD-2179
D.C. Docket No. 2:12-CV-970

United States Court of Appeals
Fifth Circuit
**FILED**
August 25, 2014
Lyle W. Cayce
Clerk

IN RE: DEEPWATER HORIZON

-----

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; ET AL,

    Plaintiffs

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, p.l.c.,

    Defendants - Appellees

v.

BENNY WHITEHEAD, INCORPORATED,

    Movant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the appeal is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that appellants pay to appellees the costs on appeal.

ISSUED AS MANDATE:  AUG 2 5 2014

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: *Sabrina B Short*
    Deputy

New Orleans, Louisiana   AUG 2 5 2014

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
August 25, 2014
Lyle W. Cayce
Clerk

No. 14-30398

IN RE: DEEPWATER HORIZON
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; ET AL,

           Plaintiffs,

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, p.l.c.,

           Defendants – Appellees,

v.

ROCON, INCORPORATED,

           Movant – Appellant

---

No. 14-30400

IN RE: DEEPWATER HORIZON
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; ET AL,

           Plaintiffs,

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, p.l.c.,

Nos. 14-30398, 14-30400

Defendants – Appellees,

v.

BENNY WHITEHEAD, INCORPORATED,

Movant – Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Whitehead and Rocon appeal two orders issued by the district court on March 26, 2014. BP has filed motions to dismiss these appeals for lack of jurisdiction. As explained below, we grant both of BP's motions to dismiss on identical grounds.

I.

Whitehead and Rocon are claimants in the court-supervised settlement program described in *In re Deepwater Horizon*, 732 F.3d 326, 329 (5th Cir. 2013). Both claimants received awards of compensation from the Claims Administrator. Both claimants' awards were upheld by the settlement program's Appeal Panel[1] prior to October 2, 2013, when this court ordered a temporary injunction against processing certain claims under the settlement

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* Whitehead's Notice of Appeal Panel Decision (Rec. Doc. 12556-13); Rocon's Notice of Appeal Panel Decision (Rec. Doc. 12103-13).

2

Nos. 14-30398, 14-30400

program.[2] As a consequence of this court's injunction, the claimants' awards of compensation had not been paid as of March 2014,[3] and apparently still have not yet been paid.

Seeking payment of their awards, Whitehead and Rocon both filed motions under the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. § 9, styled as "Motion[s] to Confirm Arbitration Award and Order Payment." The district court denied these motions in a pair of one-page orders on March 26, 2014.[4] As the district court explained, "the . . . injunction relating to BEL claims remains in place. . . . At such time as the mandate issues, the Claims Administrator will process BEL claims in accord with the decisions of the Fifth Circuit."[5] The district court did not address the merits of either motion or make any reference to the FAA.

Whitehead and Rocon appealed under 9 U.S.C. § 16, and continue to pursue their appeals even though the temporary injunction was dissolved on May 28, 2014.[6] Neither Whitehead nor Rocon appear to have sought any further relief from the district court or the Claims Administrator. On August 1, 2014, BP filed motions to dismiss both appeals.

II.

This court's appellate jurisdiction is a threshold question that may be addressed sua sponte or on motion.[7] As the Supreme Court explained in *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 628 (2009) (internal quotation marks

---

[2] *See Deepwater Horizon*, 732 F.3d at 345-46.

[3] The injunction was left undisturbed in *In re Deepwater Horizon*, 744 F.3d 370, 378 (5th Cir. 2014), which was decided on March 3, 2014. This was the last decision by our court affecting this case prior to the district court's orders on March 26, 2014.

[4] *See* Order Denying Whitehead's Motion (Rec. Doc. 12594); Order Denying Rocon's Motion (Rec. Doc. 12598).

[5] *See* Order Denying Whitehead's Motion (Rec. Doc. 12594).

[6] *See In re Deepwater Horizon*, 753 F.3d 509, 511 (5th Cir. 2014).

[7] *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999).

3

and citation omitted), jurisdiction over an appeal "must be determined by focusing upon the category of order appealed from, rather than upon the strength of the grounds for reversing the order." In an appeal brought specifically under 9 U.S.C. § 16, the FAA's provisions for appellate jurisdiction "unambiguously make[] the underlying merits irrelevant" even where the appellant's arguments on the merits demonstrate "utter frivolousness."[8]

We therefore address only the jurisdictional question and take no position regarding the parties' arguments on the merits. We express no opinion as to whether the settlement agreement includes an arbitration clause, whether the Claims Administrator's awards of compensation constitute arbitral awards governed by the FAA, or whether BP is estopped from contesting either proposition.

In response to BP's motions to dismiss, Whitehead and Rocon propose two possible grounds for this court's appellate jurisdiction under the FAA. First, Whitehead and Rocon argue that the district court's orders of March 26, 2014, constituted orders "denying confirmation of an award," which are subject to appeal under 9 U.S.C. § 16(a)(1)(D). This argument must be rejected. As the Supreme Court explained in *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008), "[u]nder the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." It therefore follows logically that a district court's order does not constitute an appealable order "denying confirmation" under 9 U.S.C. § 16(a)(1)(D) unless the order vacates, modifies, or corrects the arbitral award. This was precisely the reasoning applied in our recent decision in *Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, ___ F.3d ___, 2014 WL 3703868 (5th Cir. July 25, 2014), in which we granted a motion to dismiss for

---

[8] *Carlisle*, 556 U.S. at 628.

4

Nos. 14-30398, 14-30400

lack of jurisdiction. In *Murchison*, 2014 WL 3703868, at \*5, because "the district court neither confirmed nor vacated the arbitration award," but instead remanded the case to the original arbitral tribunal "for further clarification," we concluded that we lacked jurisdiction to hear the appeal under 9 U.S.C. § 16(a)(1)(D).[9]

A similar situation is presented in this case. The district court's two orders neither mentioned the FAA nor purported to vacate, modify, or correct the Claims Administrator's awards of compensation. Nor did the district court consider any of the enumerated grounds for declining to confirm an arbitral award under 9 U.S.C. § 10 or § 11. Nor did the district court indicate more generally that the motions filed by Whitehead and Rocon were denied with prejudice. On the contrary, the district court merely explained that it could provide no relief while this court's temporary injunction in *Deepwater Horizon*, 732 F.3d at 345-46, remained in place. Therefore, because the district court's orders neither confirmed nor denied confirmation of a purported arbitral award, we lack any basis for jurisdiction over these appeals under 9 U.S.C. § 16(a)(1)(D).

Second, Whitehead and Rocon argue that the district court's orders of March 26, 2014, constituted "interlocutory order[s] . . . continuing . . . an injunction against an arbitration that is subject to this title" under 9 U.S.C. §

---

[9] *See also Government of The Virgin Islands v. Lansdale*, 307 F. App'x 688, 692 (3d Cir. 2009) (concluding that a district court's order was "not appealable under § 16(a)(1)(D)" where "the District Court declined to confirm or vacate the Interim Award"); *Alexander Binzel Corp. v. Nu-Tecsys Corp.*, 99 F.3d 1142 (7th Cir. 1996) (same). As *Murchison* explained, an order remanding to the same arbitral tribunal for clarification must be distinguished from an order "vacating an arbitration award and remanding the case to a different arbitration panel for an entirely new hearing," such as this court considered in *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Texas*, 915 F.2d 1017 (5th Cir. 1990). *See Murchison*, 2014 WL 3703868, at \*3 ("[H]ad the district court remanded to the same arbitration panel for clarification of its award, the policies disfavoring partial resolution by arbitration would preclude appellate intrusion until the arbitration was complete." (quoting *Forsythe*, 915 F.2d at 1020 n.1)).

5

16(a)(2). This argument must also be rejected based on the terms of that provision, which have a "well-established meaning" illuminated by the case law analyzing the nearly identical language of 28 U.S.C. § 1292(a)(1).[10] As the First,[11] Second,[12] Ninth,[13] and Federal Circuits have all held, "an order that 'continues' an injunction . . . is an order that extends the duration of the injunction that would otherwise have dissolved by its own terms."[14] But where an order does "not prolong, extend, or in any other way impact the duration of the . . . injunction," that order "cannot be characterized as 'continuing' the . . . injunction" and therefore is not appealable.[15]

In the present case, the district court's orders of March 26, 2014, did not prolong, extend, or in any other way impact the duration of the injunction ordered by this court on October 2, 2013, in *Deepwater Horizon*, 732 F.3d at 345-46. The district court's orders simply explained the effects of that pre-existing injunction. As we held in *Frazar v. Hawkins*, 376 F.3d 444, 447 (5th Cir. 2004) (quoting *Ingram Towing Co.*, 59 F.3d 513, 516 (5th Cir. 1995)), an order that merely "enforces or interprets a previous injunction" does not give rise to interlocutory appellate jurisdiction under 28 U.S.C. § 1292(a)(1). Neither Whitehead nor Rocon identify any reason that the result should be different under the nearly identical language of 9 U.S.C. § 16(a)(2).

Accordingly, interpreting the terms of the FAA's jurisdictional provisions

---

[10] *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000) ("Because the FAA does not define [a certain term under 9 U.S.C. § 16] or otherwise suggest that the ordinary meaning of [this term] should not apply, we accord the term its well-established meaning.").

[11] *Sierra Club v. Marsh*, 907 F.2d 210, 213-14 (1st Cir. 1990).

[12] *In re Fugazy Exp., Inc.*, 982 F.2d 769, 777 (2d Cir. 1992).

[13] *United States v. Oakland Cannabis Buyers' Coop.*, 190 F.3d 1109, 1112 (9th Cir. 1999), *rev'd on other grounds by United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483 (2001).

[14] *See Entegris, Inc. v. Pall Corp.*, 490 F.3d 1340, 1345 (Fed. Cir. 2007) (citation and internal quotation marks omitted).

[15] *Id.* (interpreting and applying 28 U.S.C. § 1292(a)(1)).

Nos. 14-30398, 14-30400

in light of their well-established meaning,[16] we conclude that the district court's orders did not "continu[e]" any injunction within the meaning of 9 U.S.C. § 16(a)(2). We therefore have no interlocutory jurisdiction over these appeals.

### III.

For the reasons set forth above, we lack jurisdiction under either 9 U.S.C. § 16(a)(1)(D) or § 16(a)(2). We therefore grant BP's motions to DISMISS these appeals in their entirety.

DISMISSED.

---

[16] *See Green Tree*, 531 U.S. at 86.

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

August 26, 2014

Mr. William W. Blevins
Eastern District of Louisiana, New Orleans
United States District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

    **No. 14-30400**    **In Re: Deepwater Horizon**
                                 USDC No. 2:10-MD-2179
                                 USDC No. 2:12-CV-970

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              *Sabrina B. Short*
                              By: _____
                              Sabrina B. Short, Deputy Clerk
                              504-310-7817

cc w/encl:
    Honorable Carl J. Barbier
    Mr. Matthew Ian David Andrews
    Mr. George Howard Brown
    Mr. Jeffrey Bossert Clark Sr.
    Mrs. Martha Y. Curtis
    Mr. Dominic E. Draye
    Mr. Miguel Angel Estrada
    Mr. James M. Garner
    Mr. Thomas George Hungar
    Mr. Scott Payne Martin
    Mr. Kevin Michael McGlone
    Mr. Theodore B. Olson
    Mr. Elias John Saad

P.S. to Judge Barbier: A copy of the opinion was sent to your office via email the day it was filed.