UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| | * | |
| *12-970* | * | MAGISTRATE SHUSHAN |
| | * | |

## ORDER

Before the Court are two Motions for Relief from Order and Leave to File Motion to Confirm Arbitration Awards and Order Payment. (Rec. Docs. 13196,[1] 13333).

IT IS ORDERED that the Motions are GRANTED insofar as they seek leave to file the Motions to Confirm Arbitration Awards and Order Payment.

As to the underlying Motions to Confirm Arbitration Awards and Order Payment, the Court has reviewed the motions and finds that they are devoid of merit. Consequently, the Court will not burden BP by requiring it to respond.

Movers seek a confirmation order from this Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Specifically, movers assert that the "Claims Appeal Process" established in Section 6 of the *Deepwater Horizon* Economic and Property Damages Settlement Agreement ("Settlement Agreement," Rec. Doc. 6430) constitutes an arbitration agreement under the FAA and that decisions by the Settlement Agreement's Appeal Panel are arbitration awards. Movers claim that, pursuant to the FAA, 9 U.S.C. § 9, the Court must confirm such awards upon mover's

---

[1] *See also* Rec. Doc. 13197 (additional exhibits to Rec. Doc. 13196).

application.

As movers observe, it is their burden to establish by a preponderance of the evidence the existence of an arbitration agreement. This burden has not been met.

The Claims Appeal Process in Section 6 of the Settlement Agreement is not an arbitration agreement for purposes of or subject to the FAA. The Settlement Agreement is a class action settlement that the Court approved pursuant to Federal Rule of Civil Procedure 23. The Court retains continuing and exclusive jurisdiction over, *inter alia*, the Settlement Agreement, the claims facility that administers the settlement (including the Appeals Process), and the parties to the Settlement. Moreover, the Court may review any determination by the Appeal Panel, and when the Court chooses to exercise this discretion, the Appeal Panel's decision is treated as if it were a recommendation by a Magistrate Judge. (Settlement Agreement § 6.6). This is irreconcilable with an agreement to arbitrate—a private dispute-resolution process that is subject only to "extraordinarily narrow" judicial review. *See 21st Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 335 (5th Cir. 2014).

Because Section 6 of the Settlement Agreement is not an arbitration agreement for purposes of the FAA, movers are not entitled to a confirmation order under the FAA. Accordingly,

IT IS ORDERED that the Motions to Confirm Arbitration Awards and Order Payment (Rec. Docs. 13196, 13333) are DENIED.

New Orleans, Louisiana, this 2nd day of September, 2014.

_____
United States District Judge