UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL 2179** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION "J"** |
| | * | |
| **Applies to:** | * | **JUDGE BARBIER** |
| | * | |
| *Nos. 13-706, 13-810, 13-1143, 13-1185,* | * | **MAGISTRATE SHUSHAN** |
| *13-1222, 13-1386, and 13-2006* | * | |

**ORDER**

**[Regarding the OPA Test Case Plaintiffs' Motion to Strike Affirmative Defenses and Motion *in Limine* Regarding Potential Third-Party Fault, Including Application of Any Alleged "Superceding" Cause Defense Premised on Governmental Action or Inaction Following the Spill (Rec. Doc. 13108)]**

On July 7, 2014, the Plaintiffs' Steering Committee ("PSC") filed the referenced motion. (Rec. Doc. 13108). The Court issued a briefing schedule on the motion (Rec. Doc. 13154), following which the United States filed a brief in support of the PSC (Rec. Doc. 13208), BP filed an opposition (Rec. Doc. 13269), and the PSC replied (Rec. Doc. 13302). Oral argument on this motion, as well as two other matters, was scheduled for Wednesday, September 24. (Rec. Doc. 13357). After reviewing the parties' papers, the Court finds oral argument is unnecessary and will dispose of the motion presently.

At bottom, the PSC's motion concerns causation under the Oil Pollution Act of 1990 ("OPA")—whether damages that are caused, at least in part, by the federal moratoria on offshore drilling and permitting following the 2010 Gulf oil spill are recoverable under OPA, 33 U.S.C. § 2702(b)(2)(E). BP claims such damages are not recoverable, and has asserted as much in its answers to the OPA Test Case Plaintiffs' complaints. The PSC attempts to elicit a ruling on this issue by

framing BP's arguments as affirmative defenses,[1] and then moving to strike under Federal Rule 12(f)(2).

The Court finds that it would be inappropriate to resolve this issue via the present motion. The viability of "moratorium claims" was previously raised in 2011, when BP moved to dismiss such claims from the B1 Master Complaint under Rule 12(b)(6). The PSC opposed that motion by arguing, *inter alia*, that the issue was "not ripe to be decided at the pleading stage, but should be developed based on the facts." (Hearing Transcript at 95:14-16, Rec. Doc. 2702). The Court generally agreed and denied that aspect of BP's motion, noting that the issue involved a highly factual analysis that was inappropriate at the pleading stage. (Aug. 26, 2011 Order & Reasons at 33, Rec. Doc. 3830).

The PSC's current motion asks the Court to do what it previously said it would not—decide the moratoria issue at the pleading stage. Consequently, procedural fairness alone bars the PSC's motion. Alternatively, the Court finds that the PSC has not met the high burden for a motion to strike.[2] The PSC and/or BP may re-raise these issues at the summary judgment stage, should they choose.[3]

Finally, the Court must address the format of BP's opposition memorandum. The briefing

---

[1] The Court takes no position here as to whether BP's arguments actually are affirmative defenses, or who bears what burden, etc.

[2] *See Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004).

[3] In addition to filing a memorandum in support of the PSC, the United States also filed a motion to quash discovery propounded by BP (Rec. Doc. 13209), to which BP has responded (Rec. Doc. 13268). The United States' filing is identical to its memorandum in support of the PSC. The motion to quash is before the Magistrate Judge, who entered an interim order noting that BP and the United States were negotiating the scope of discovery. (Rec. Doc. 13279). Given the overlap between the motion to quash and the instant motion, the undersigned has reviewed the United States' motion and the BP's opposition and expresses his belief that any discovery permitted from the United States—who is not a party to the OPA Test Cases—should be very limited and specific.

order allowed BP's counsel to file a response of up to 35 pages, *double*-spaced. (Rec. Doc. 13154). This is 10 pages over the usual limit for response briefs. BP's counsel filed a brief that, at first blush, appeared just within the 35-page limit. A closer study reveals that BP's counsel abused the page limit by reducing the line spacing to slightly less than double-spaced. As a result, BP exceeded the (already enlarged) page limit by roughly 6 pages.[4]

The Court should not have to waste its time policing such simple rules—particularly in a case as massive and complex as this. Counsel are expected to follow the Court's orders both in letter and in spirit. The Court should not have to resort to imposing character limits, etc., to ensure compliance. Counsel's tactic would not be appropriate for a college term paper. It certainly is not appropriate here.

Any future briefs using similar tactics will be struck.

*   *   *

IT IS ORDERED that the OPA Test Case Plaintiffs' Motion to Strike Affirmative Defenses and Motion *in Limine* Regarding Potential Third-Party Fault, Including Application of Any Alleged "Superceding" Cause Defense Premised on Governmental Action or Inaction Following the Spill (Rec. Doc. 13108) is DENIED for reasons stated above. Oral argument on this motion is CANCELLED.[5]

---

[4] Page 2 of BP's brief (CM/ECF page no. 10, Rec. Doc. 13269) provides a clear example. That page contains only text—no headings, footnotes, block quotes, double-returns, etc. There are 27 lines of text. A double-spaced page, with 12 point font and 1 inch margins should have only 23 lines. Multiplied across 35 pages, BP granted itself approximately 140 extra lines of text, or 6 extra pages (140/23 = 6.09).

[5] The Court still expects to hold oral argument on the other two matters scheduled for September 24, 2014. (*See* Rec. Doc. 13357).

New Orleans, Louisiana, this 15th day of September, 2014.

_____
United States District Judge