UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 "J"(1) JUDGE BARBIER MAGISTRATE SHUSHAN |
| THIS DOCUMENT APPLIES TO: Case No. 12-311 | * * * | JURY TRIAL DEMANDED |

**LIU'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTIONS FOR PARTIAL SUMMARY JUDGMENT CONCERNING CAMERON'S FORFEITURE OF COVERAGE AND § 541 CLAIM AND IN OPPOSITION TO CAMERON'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Liberty Insurance Underwriters, Inc. ("LIU") submits this Supplemental Memorandum in support of its Motions for Partial Summary Judgment Concerning Cameron's Forfeiture of Coverage (Rec. Doc. No. 12580) and Texas Insurance Code § 541 Claim (Rec. Doc. No. 12578) and in Opposition to Cameron's Motion for Partial Summary Judgment on its Claims for Breach of Contract, Indemnity, and Defense Expenses (Rec. Doc. No. 122440). On September 4, 2014, the Court issued Findings of Fact and Conclusions of Law holding that Transocean's indemnity claim against BP was valid and enforceable. As discussed below, this holding resolves a purported "open issue" Cameron identified in the summary judgment briefing and confirms the correctness of LIU's position that Cameron's transfer of its indemnity claim to BP forfeited coverage under the LIU Policy. The Court's holding also shows that Cameron's liability was not reasonably clear when it settled with BP, which is fatal to Cameron's claim under Texas Insurance Code § 541.

1

A.  **Cameron's Forfeiture of Coverage**

In its March 2014 Motion, LIU argued that the LIU Policy does not cover Cameron's December 2012 settlement with BP because, in the settlement, Cameron released valuable indemnity rights against Transocean / BP, violating the Policy's Transfer of Rights and assumption of obligations provisions.[1] Cameron's transfer of its indemnity claim to BP materially breached the Policy, LIU contended, because the indemnity was valid and enforceable and thus Cameron's transfer of this valuable right substantially prejudiced LIU.

In response, Cameron contended that LIU failed to meet its burden to establish that Cameron's right to indemnity from Transocean was valid and enforceable, because the Court had never determined that Transocean was entitled to indemnity from BP. *See* Rec. Doc. No. 12704, at pp. 16-17. Citing the Court's January 26, 2012 opinion, Cameron claimed there remained "a fundamental and still undecided issue," namely, whether Transocean breached the Drilling Contract or committed an act that materially increased BP's risk or prejudiced BP's rights. *Id.* at 16. Such action by Transocean, Cameron claimed, could invalidate the Drilling Contract's indemnity clause. As Cameron explained,

> For Liberty to prevail on its summary judgment motion, therefore, the Court must rule that Transocean did not materially breach the Drilling Contract or commit an act that materially increased BP's risk or prejudiced its rights. Until that issue is decided, it remains an open question whether BP is required to indemnify Transocean for pollution liability. And if BP is not required to indemnify Transocean, then there is nothing that Transocean might have been obligated to provide to Cameron.

*Id*. at 17.

---

[1] Rec. Doc. No. 12580.  LIU also raised this argument in its Opposition to Cameron's Motion for Partial Summary Judgment.  *See* Rec. Doc. No. 12623, at pp. 2-7.

The Court's September 4, 2014 Findings of Fact and Conclusions of Law from the Phase I trial resolved any "open issues" and confirmed that Transocean was indeed entitled to indemnity from BP for pollution liability. In the opinion, the Court concluded that Transocean's actions in connection with the spill were merely negligent and *not* grossly negligent. Rec. Doc. No. 13355, at p. 139 ("[T]he Court concludes that Transocean's conduct was negligent and that Transocean's share of liability is considerably less than BP's."). In light of this holding, the Court revisited the issue of Transocean's right to contractual indemnity from BP, observing, "The Court . . . previously indicated that certain types of breaches or fraud might invalidate contractual indemnities[.]" Rec. Doc. No. 13355, at p. 145 (citing Rec. Doc. No. 5446, 841 F. Supp. 2d 988, 1006-07 (E.D. La. Jan. 26, 2012)). "In light of the conclusions above, the Court finds that Transocean's . . . contractual indemnities . . . are valid and enforceable against BP." *Id.*

The Court's opinion lays to rest any remaining doubt concerning the correctness of LIU's position: Cameron had a valid and enforceable indemnity claim against Transocean / BP, which it transferred in the settlement. This transfer materially breached the policy and prejudiced LIU, which lost any right to recover settlement funds through subrogation.

B.      **Cameron's Claim Under Texas Insurance Code § 541**

In its March 2014 Motion, LIU argued that Cameron cannot prevail on its claim under Texas Insurance Code § 541.060(a)(2) unless it shows that its own liability was reasonably clear at the time of the settlement. Rec. Doc. No. 12578, at p. 14. Cameron's liability was not reasonably clear, LIU contends, because Cameron potentially was entitled to indemnity from Transocean / BP, and this indemnity was not determined when Cameron settled. The Court's September 4 opinion definitively establishes that Transocean's indemnity claim against BP was

971730

valid and enforceable. Rec. Doc. No. 13355, at p. 145. And, as Cameron argued in its November 2011 motion for summary judgment on its indemnity claim against Transocean, "Transocean must provide Cameron precisely the benefit of the Drilling Contract indemnity." The Court's opinion thus only confirms that, as Cameron itself recognized, Cameron's liability was not reasonably clear at the time of settlement because of its viable indemnity claim against Transocean / BP.

For these reasons, the Court should grant LIU's Motions for Partial Summary Judgment Concerning Cameron's Forfeiture of Coverage and § 541 Claim and deny Cameron's Motion for Partial Summary Judgment.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

and

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Robert G. Dees, PRO HAC VICE
Federal I.D. 13899
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

*Attorneys for Liberty Insurance
  Underwriters, Inc.*

4

971730

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of September, 2014.

/s/ Judy Y. Barrasso