

**U.S. Department of Justice**

Environment and Natural Resources Division
Environmental Enforcement Section

90-5-1-1-10026

*Steven O'Rourke*  *Telephone (202) 514-2779*
*U.S. Mail: P.O. Box 7611, Washington, DC 20044-7611*  *Facsimile (202) 514-2583*
*Overnight Mail: 601 D Street N.W., Washington, DC, 20004*
*E-mail: steve.o'rourke@usdoj.gov*

September 17, 2014

<u>*Via E-Mail*</u>
Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana

Re:   *US v. BP & APC*, 10-4536 Penalty Phase: Deposition Bundle Issues

Your Honor:

Pursuant to your "ORDER [Re: Penalty Phase Telephone Conference on Thursday, September 4, 2014]" (Rec. Doc. 13390) ¶ 1, the United States submits this letter regarding depositions bundles where BP had objected to the testimony as being offered in the wrong phase. We have had another conference with BP and talks may continue, but there has not been resolution, so by the terms of your order we understand this letter to be due today.

Since the time of or last conference, Judge Barbier has admitted all the Phase One Bundles.[1] In ruling on Phase One, Judge Barbier issued an order addressing evidentiary objections. Rec. Doc. 13354. He stated that objections to deposition bundles – to the extent not expressly ruled on or mooted – are "OVERRULED." *Id.* at 2. Accordingly, all of the bundled deposition testimony submitted in Phase One where BP objected has been admitted over that objection. Of course evidence already in the record can be cited without being re-bundled or re-submitted. Accordingly, this bundling issue should be limited solely to Phase Two.

Having said that, your order correctly sets out our position as we had stated it during the conference, and also the history of the approximately 65 depositions listed by BP as relevant to this question. Obviously, of those 65, any deposition from the list of 65 that are scheduled to be bundled in the Penalty Phase are not at issue (assuming your oral order that all 57 can be bundles stands). The remaining ones can be disposed as you described in your Order, as follows.[2]

---

[1] We did not raise this during the 9/4/14 conference as we had only just that day received the Phase One ruling.

[2] Disclaimer: We in no way are conceding the appropriateness of any of the objections. However, since the only question is whether there is a need for cross designations if we intend to rely on the testimony we

1

Rule 1:  If BP cannot agree that their "wrong phase" objections only apply to the portion of the testimony where they lodged that objection, then we ask the Court to so order. An objection to a single passage of a two day transcript should not re-open the entire transcript to be re-bundled and re-submitted. If the Court so orders, then of the 65 bundles identified by BP, about 45 of them contain no passages that we need to address (or are scheduled for Penalty Phase bundling).

Rule 2: Of the remaining 20 or so, and focusing solely on the passages where BP objected to it being "wrong phase," almost all were either (1) submitted in Phase One without a "wrong phase" objection, or (2) submitted in Phase Two without a "wrong phase" objection. Therefore, the passages are in the record of this trial, may be cited to, and need not be resubmitted. For example, for Mr. Inglis, in Phase Two only 5 lines were objected to on this bases, but all five lines had been submitted in phase I without objection. Why should any party be required to re-bundle, and re-submit these five lines?

BP was given a chance, in Phase Two, to cure this issue – an issue of their own making in the first place. Any problems with the failure to cross-designate were thus resolved. Thus, with the exception of the four depositions listed below the United States can agree to limit citations to testimony with "wrong phase objections" if it was not submitted in another phase without a phase objection. This includes the following depositions which were submitted in both phases: Boughton, Campbell Phases I and II, Emilson, Frazelle Phase I and II, Hayward Phase II, Inglis Phases I and II, David McWhorter, Rainey Phase I, Saucier, Suttles Phases I and II, Thierens Phases I and II, and Tooms.

Thus, assuming Rule 1 applies (only the objected passages are at issue, not the entire bundle) and assuming that Rule Two applies (if the passage was submitted in either phase without a "wrong phase" objection, then objection not applicable in Phase Three), then in Phase Three we do not plan to rely on any previously-submitted deposition testimony that BP objected to as "wrong phase," other than as follows:

> Transcripts to be bundled for the Penalty Phase (e.g., Thad Allen)
> Rainey Phase II 108:02-109:19
> Dupree Phase I 220:23-222:9, 235:3-240:23, 630:7-633:10.

We have no objection if BP wants to assert new substantive objections to the testimony specified above from Rainey or Dupree. If BP seeks to also counter-designate, we request the right to object to such counter designations. These few passages should not count against any Phase Three limits on bundles for either party.[3] If that is required, we respectfully request two

---

can agree to limiting the use in this phase only of such testimony.  We do not agree that the use in previous phases was improper.  Nor do we agree to exclude any exhibits cited and included in bundles are part of the testimony, since the issue of cross designating is not at issue.

[3] This entire effort appears to be aimed at requiring the United States to re-submit evidence that is already in the record, in order to make them "count" against our Phase Three limit. If they do "count," then we request two extra beyond the 57 already allowed.

additional bundles for Phase 3, presumably limited to those passages set out above plus any objections to BP's counter-designations.

    Respectfully submitted,

    /s/ Steve O'Rourke
    Steven O'Rourke