

Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone:  504.599.8000
Facsimile:  504.599.8100
www.frilot.com

**Kerry J. Miller**
**Partner**
504.599.8194 (Direct Dial)
504.599.8145 (Direct Fax)
kmiller@frilot.com

September 23, 2014

<u>Via E-Mail</u>
Honorable Carl J. Barbier
Judge, Division "J"
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C256
New Orleans, LA  70130

    Re:    Deepwater Horizon Oil Spill Litigation
               MDL 2179

Dear Judge Barbier:

     In response to the Court's September 4, 2014, Order (Rec. Doc. 13357) scheduling a Status Conference for September 24, Transocean submits the following matter for the Court to consider at the Status Conference regarding the issue of "above-surface" discharge liability under OPA.

     The Court ruled before the Phase One trial that Transocean is the OPA responsible party for any discharge on or above the surface of the water. Rec. Doc. 5809. As indicated in the Phase One Findings of Fact and Conclusions of Law, the parties have agreed to defer the issue of Transocean's potential liability for any such discharge. Rec. Doc. 13355 at 144 & n.272, 149.

     As set forth below, when the Court addresses this above-surface discharge issue, Transocean intends to raise both legal and factual arguments in its defense. Transocean does not expect the Court would address these issues now or that all other parties will agree with Transocean's contentions. Transocean is identifying those issues now so that it can be sure that they are preserved for this Court's consideration at an appropriate time in the future and should not be submitted to the Fifth Circuit now, in any appeal from the Phase One ruling.

# FRILOT LLC

Honorable Carl J. Barbier
Deepwater Horizon Oil Spill Litigation
September 23, 2014
Page 2

At appropriate times set by this Court for addressing the issue of above-surface discharge, Transocean intends to raise several issues that would substantially limit the scope of, and liability for, any above-surface discharge:

(1) With respect to Transocean's liability for any discharge of *oil from the well* before the rig sank, Transocean contends that BP's indemnity obligation, which the Court has found to be valid and enforceable, covers all pollution *originating from the well*. Rec. Doc. 5446; Rec. Doc. 13355 at 145. (Different considerations may apply to the diesel stored on the rig.)

(2) To the extent BP contests its indemnity obligation, Transocean also intends to move, at an appropriate time, for judgment on any remaining OPA claims based on oil from the Macondo well, on the ground that *all* of the oil from the Macondo well "discharged" below the surface of the water for purposes of OPA, regardless where such oil ultimately exited the riser pipe. *See In re Deepwater Horizon*, 753 F.3d 570, 573 (5th Cir. 2014) (holding that "discharge" "denotes the loss of controlled confinement" and that the loss of controlled confinement occurred below the surface).

(3) Transocean intends to raise a number of factual issues not previously resolved, e.g., that any oil that flowed out of the well before the rig sank and any pollutants stored on the rig burned, dissipated, or was collected by responders and thus caused no cognizable damage.

Transocean respectfully requests that the Court briefly address the *status* (not the *merits*) of these issues at the upcoming status conference and confirm that Transocean will be permitted to address the merits of these issues at a later point in this Court's proceedings.

Sincerely,

KERRY J. MILLER

KJM/sc

cc:  Magistrate Judge Sally Shushan
     MDL 2179 Liaison Counsel
     Mr. Ben Allums
     Mr. Mike O'Keefe