UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig            MDL NO. 2179
    "Deepwater Horizon" in the Gulf
    of Mexico, on April 20, 2010          SECTION J

This Filing Applies to:                   JUDGE BARBIER

Nos. 13-706, 13-810,                MAGISTRATE JUDGE SHUSHAN
13-1143, 13-1185, 13-1222,
13-1386 and 13-2006[1]

ORDER

[OPA Test Cases – Conference on Friday, September 26, 2014]

1. **Revised Schedule**.

The parties submitted a revised schedule but reported that a few more dates required adjustment. The parties shall incorporate the adjustments and the telephone conference schedule (set out at the end of this order) and submit a revised schedule.

2. **Amended Complaints**.

The parties reported that since the selection of the cases at least two of the plaintiffs went through corporate restructurings which require the substitution of parties. Some adjustments are required for the defendants and there are instances where the claims or demands must be conformed to the test case conditions. All of the required amendments will be made at the same time.

3. **Presentment**.

BPXP reported that there are three test case plaintiffs (Blake International, Trinity Offshore,

---

[1] The OPA Causation Test Cases are:

    Bisso Marine Company, Inc. v. BP Exploration & Production, Inc., 13-0706.
    Wadleigh Industries, Inc. v. BP Exploration & Production, Inc., et al, 13-0810.
    Certified Platform Services, LLC v. BP Exploration & Production, Inc., 13-1143.
    Blake International USA Rigs, LLV v. BP Exploration & Production, Inc., et al, 13-1185.
    Trinity Offshore, LLC v. BP Exploration & Production, Inc., et al, 13-1222.
    Seahawk Liquidating Trust, et al v. BP Exploration & Production Inc., et al, 13-1386.
    Black Elk Energy Offshore Operations, LLC v. BP Exploration & Production, Inc., et al, 13-2006.

and Black Elk Energy), where it has identified presentment issues. If these presentment issues remain after the amendment of the complaints, completion of discovery and further discussion between the parties, they will be raised in the motions for summary judgment. The PSC does not object to this procedure.

4. **Deposition Scheduling and Document Production**.

BPXP reported that on September 26, it was uploading its document to the SharePoint site for production to the PSC. It will coordinate access (log-in information) with the PSC tech person and copy the PSC counsel on these communications.

Some of the test plaintiffs, for example Bisso Marine, have electronic records, but others, for example, Blake International and Wadleigh Industries, maintain paper records which have to imaged and cleaned up prior to production. BPXP is concerned that the documents may not be produced and written discovery completed prior to the start of the depositions.

The Court suggested that the parties may want to delay submission of the revised schedule until the document production is further along. The PSC does not want a long delay.

There was agreement that the parties should put plaintiffs with electronic records at the front end of the deposition schedule and plaintiffs with paper records at the back end of the schedule. The PSC reported that Bisso Marine will produce its documents by October 15. It provided deposition dates from October 20 through 30.

BPXP reported that some plaintiffs have produced very little email. There are technical issues with some of the production with repeated processing and corrupted images. There may be a vendor issue and/or a client issue. The parties shall schedule a meeting in New Orleans between the tech persons for the PSC and BPXP to work through the issues.

5. **Rule 30(b)(6) Depositions**.

The parties exchanged 30(b)(6) topics. If they are unable to work through issues with the topics, they will bring them to the Court to be resolved before the start of depositions. Because some of the fact witnesses will be 30(b)(6) representatives, the parties were urged to finalize the topics sooner rather than later.

6. **Deposition Logistics**.

The parties reported that the costs will be split 50/50. The New Orleans depositions will be taken at the Pan Am building. A significant number of the witnesses will be deposed in Houston. The PSC and BPXP will confer on a mutually agreeable location for the Houston depositions. There are cost issues with the use of Worldwide for court reporting. The PSC will review BPXP's agreement with Worldwide for the Penalty Phase to consider its use in the OPA Test Cases. If the costs remain in excess of normal court reporter rates, the parties will consider alternatives.

7. **Phase One/Phase Two Evidence Objections**.

The parties reported that there are objections to evidence that was introduced in the trials of Phases One and Two and objections to discovery that was not offered at the trials of Phases One and Two. Those objections which cannot be resolved through the ongoing meet-and-confer process will be presented to the undersigned.

8. **Motions to Compel**.

The parties will not file motions to compel until they have reviewed the document production. When they are filed, courtesy copies will be sent to the undersigned.

9. **Further Telephone Conferences**.

Further telephone conferences are scheduled on alternating Thursdays at 1:00 p.m. beginning October 23, 2014. The parties shall notify the Court at least 24 hours in advance of a conference of

any matters that should be on the agenda for the conference.

    October 23, 2014

    November 6, 2014

    November 20, 2014

    December 11, 2014

    January 15, 2015

    January 29, 2015

    February 12, 2015

    February 26, 2015

    March 12, 2015

    March 26, 2015

    April 9, 2015

    April 23, 2015

    May 7, 2015

    May 21, 2015

    June 4, 2015

    June 18, 2015

    July 2, 2015

    July 16, 2015

    July 30, 2015

    August 6, 2015

    August 20, 2015

New Orleans, Louisiana, this 30th day of September, 2014.

                                            **SALLY SHUSHAN**
                                            **United States Magistrate Judge**