## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil Rig
"Deepwater Horizon" in the Gulf of
Mexico on April 20, 2010

THIS DOCUMENT RELATES TO:

| | | |
|---|---|---|
| HARBORWALK TWO, LLC | * | MDL 2179 |
| Plaintiff, | * | |
| VS. | * | SECTION: "J" (1) |
| BP EXPLORATION & PRODUCTION, INC.; BP AMERICA PRODUCTION COMPANY; BP P.L.C.; AND CARR, RIGGS & INGRAM, L.L.C. | * | JUDGE CARL BARBIER |
| | * | MAG. JUDGE SALLY SHUSHAN |
| Defendants. | * | |
| CIVIL ACTION NO. 2:14-CV-01872 | * | |

### DEFENDANT CARR, RIGGS & INGRAM, L.L.C.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Carr, Riggs & Ingram, L.L.C. ("CRI"), responds to Plaintiff's Complaint for Damages ("Plaintiff's Complaint") as follows:

### FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief can be granted against CRI, and Plaintiff's claims against CRI should be dismissed. Plaintiff's allegations regarding CRI constitute claims within the meaning of the Louisiana Accountancy Act, La. R.S. 37:101 *et seq*. Plaintiff must institute a review panel proceeding against CRI prior to the institution of any suit

2343355-1

against CRI. Plaintiff's action against CRI is, therefore, premature and CRI asserts that the Court should dismiss it. CRI hereby preserves its right to the required review panel proceeding.

Reserving all defenses, including but not limited to those under La. Rev. Stat. 37:101, *et seq.*, CRI responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1. CRI denies the allegations of Paragraph 1 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

2. CRI denies the allegations of Paragraph 2 of Plaintiff's Complaint.

## THE PARTIES, JURISDICTION AND VENUE

3. CRI denies the allegations of Paragraph 3 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

4. CRI admits that Plaintiff purports to bring this action for damages pursuant to the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.*, but CRI denies that there is any legal or factual basis for Plaintiff's claims under OPA against CRI and therefore denies the allegations of Paragraph 4 of Plaintiff's Complaint. CRI further denies that Plaintiff is entitled to the relief it seeks against CRI.

5. CRI denies that this Court has jurisdiction over plaintiff's claims against it under the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.* and therefore denies the allegations of Paragraph 5 of Plaintiff's Complaint.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint do not pertain to CRI and do not require a response by CRI. To the extent a response is required, CRI denies the

allegations of Paragraph 6 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

7.  The allegations contained in Paragraph 7 of Plaintiff's Complaint do not pertain to CRI and do not require a response by CRI. To the extent a response is required, CRI denies the allegations of Paragraph 7 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

8.  The allegations contained in Paragraph 8 of Plaintiff's Complaint do not pertain to CRI and do not require a response by CRI. To the extent a response is required, CRI denies the allegations of Paragraph 8 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

9.  The allegations contained in Paragraph 9 of Plaintiff's Complaint do not pertain to CRI and do not require a response by CRI. To the extent a response is required, CRI denies the allegations of Paragraph 9 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

10. In response to Paragraph 10 of Plaintiff's Complaint, CRI admits that it is a non-Louisiana limited liability company that is registered to do business in Louisiana, with a principal place of business in Alabama. CRI denies the remaining allegations of Paragraph 10 of Plaintiff's Complaint.

11. CRI denies the allegations of Paragraph 11 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

12. CRI denies the allegations of Paragraph 12 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

2343355-1

13. CRI denies the allegations of Paragraph 13 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

14. CRI denies the allegations of Paragraph 14 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

15. CRI denies the allegations of Paragraph 15 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

16. CRI denies the allegations of Paragraph 16 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

17. CRI denies the allegations of Paragraph 17 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

18. CRI denies the allegations of Paragraph 18 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

19. CRI denies the allegations of Paragraph 19 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

20. CRI denies the allegations of Paragraph 20 of Plaintiff's Complaint for lack of information sufficient to justify a belief therein.

21. CRI admits that plaintiff retained CRI to perform professional services but otherwise denies the remaining allegations of Paragraph 21 of Plaintiff's Complaint.

22. CRI denies the allegations of Paragraph 22 of Plaintiff's Complaint.

23. CRI denies the allegations of Paragraph 23 of Plaintiff's Complaint.

24. CRI denies the allegations of Paragraph 24 of Plaintiff's Complaint.

## CLAIMS FOR RELIEF

25. CRI denies the allegations of Paragraph 25 of Plaintiff's Complaint, including its subparagraphs, for lack of information sufficient to justify a belief therein.

## PRAYER FOR RELIEF

CRI admits that Plaintiff seeks the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 25 but denies that Plaintiff is entitled to damages, costs, expenses, fees or any other such relief from CRI.

## GENERAL DENIAL

26. CRI specifically denies all allegations contained in the Plaintiff's Complaint that are not specifically admitted herein.

27. CRI reserves the right to rely upon any of the following or any additional defenses to each claim for relief asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or by evidence at trial. CRI reserves the right to amend this Answer and assert additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against CRI are premature and should be dismissed for plaintiff's failure to institute the required Accountant Review Panel under La. R.S. 37:101, *et seq*.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the expiration of the applicable prescriptive, peremptive or limitations periods.

## THIRD AFFIRMATIVE DEFENSE

The alleged injuries and damages to Plaintiff were not proximately caused by any acts or omissions of CRI.

2343355-1

### FOURTH AFFIRMATIVE DEFENSE

The injuries and damages alleged in Plaintiff's Complaint were caused by intervening and superseding causes, which had no relation to CRI.

### FIFTH AFFIRMATIVE DEFENSE

The injuries, damages, and losses alleged in the Plaintiff's Complaint, none being admitted, were caused in whole or in part by the negligence or acts of Plaintiff and/or others, over whom CRI exercised no control, had no opportunity to anticipate or right to control.

### SIXTH AFFIRMATIVE DEFENSE

In the unlikely event that CRI is found liable to Plaintiff, CRI is entitled to a credit or offset for any and all sums that Plaintiff have received or may hereafter receive by way of any and all settlements arising from Plaintiff's claims and causes of action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of Plaintiff's agent, who specifically directed how the claim in the settlement should be and was filed.

### REQUEST FOR TRIAL BY JURY

CRI demands trial by Jury for all issues in this action.

WHEREFORE, defendant Carr, Riggs & Ingram, L.L.C. prays that this Answer be deemed good and sufficient, that there be judgment herein dismissing with prejudice the claims and demands asserted against Carr, Riggs & Ingram, L.L.C. by Plaintiff, Harborwalk Two, LLC, that Carr, Riggs & Ingram, L.L.C. be awarded the costs, disbursements, and attorney's fees

2343355-1

incurred in the defense of this action, and that Carr, Riggs & Ingram, L.L.C. be granted any other relief to which it may be entitled.

Dated: October 2, 2014

                                                                          */s/ Charles P. Blanchard*
                                                                          Charles P. Blanchard (#18798) T.A.
                                                                          **CHAFFE McCALL, L.L.P.**
                                                                          2300 Energy Centre
                                                                          1100 Poydras Street
                                                                          New Orleans, LA 70163-2300
                                                                          Telephone: (504) 585-7000
                                                                          Facsimile: (504) 544-6095
                                                                          *Attorney for Carr, Riggs & Ingram, L.L.C.*

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Answer and Defenses to Plaintiff's Complaint and Jury Demand has been served on All Counsel by electronically uploading the same to File and ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 2nd day of October, 2014.

                                                                          */s/ Charles P. Blanchard*

2343355-1