UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig            MDL NO. 2179
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010        SECTION J

Applies to: 10-4182, 10-4183, 13-2645,    JUDGE BARBIER
            13-2646, 13-2647, 13-2813    MAGISTRATE JUDGE SHUSHAN

ORDER

[Regarding Alabama Damage Cases – Telephone Conference on Friday, October 10, 2014]

1. **Stipulation Excusing Transocean from Participation**.

    Transocean reported that just prior to Labor Day, it was close to an agreement with BPXP and Alabama on a stipulation which would excuse it from the trial of the Alabama Damage Case. Since then the stipulation has been delayed. The undersigned responded that a final stipulation was anticipated for Transocean. If it cannot be concluded, the parties shall report promptly to the Court.

    HESI reports it has no OPA liability, but rather its potential liability is limited to damages under the General Maritime Law. Its interests and those of BPXP are not in complete alignment. It wants the amount of damages attributable to physical damages to proprietary interests as low as possible. This interest limits its ability to reach a stipulation like the one sought by Transcoean.

    BPXP reported that it may be possible to complete similar stipulations with Anadarko and MOEX.

2. **Production Update.**

    Alabama and BPXP reported on the status of production of documents. No other party had anything to report on document production.

3. **Production Issues.**

    a. Confidential Information.

Alabama reported that some of the information in the records of the Department of Labor and the Department of Economic and Community Affairs contains personal information which cannot be disclosed; for example bank account numbers. Alabama wants to address the problem through an order similar to PTO 50 (Amending PTO 13 to govern the production of certain unclassified but controlled information by the U.S. [Rec. doc. 6912]). BPXP is reviewing Alabama's draft order and will respond. It is not in complete agreement with Alabama that an order similar to PTO 50 is the solution.

    b. Search Terms on Custodial Files.

Alabama contends that: (1) a large number of its agencies cannot run search terms without incurring significant expense; (2) it made a reasonable search in response to each request for production submitted by BPXP; and (3) its inability to make numerous custodial searches will not prejudice BPXP. BPXP responds that: (1) the agreed protocol provided for a reasonable search of files plus a custodial file search with negotiated search terms; (2) BPXP has run search terms; (3) it has not received a satisfactory explanation from Alabama as to why it cannot run search terms; and (4) Alabama should be able to hire a vendor who can run search terms.

By the close of business on **Tuesday, October 14, 2014**, BPXP shall submit a five page double-spaced memo (no caption or letter head required) describing the shortcomings in Alabama's production. By the close of business on **Friday, October 17, 2014**, Alabama shall respond in a five page double-spaced memo.

In addition to the search term issue, the memos shall address BPXP's report that documents produced by Alabama do not contain metadata and are not in native format which is preventing BPXP from identifying custodians.

    c.  NRD-Related Documents.

Alabama reported that natural resources damages (NRD) were excluded from the Alabama Damage Case, so NRD documents are not responsive and do not have to be identified on a privilege log. BPXP reported that there may be some issues, but it will work with Alabama to resolve them.

The parties shall meet-and-confer on the NRD issues and report to the undersigned if they are unable to agree.

**4. State Tax and Revenue Database**.

Alabama reported that there are two databases (one with the Department of Revenue and the other with the Department of Finance) which are maintained on mainframes. The databases cannot be produced to BPXP. Alabama communicated with BPXP concerning the contents of the databases so that Alabama can determine how to query information sought by BPXP from the databases. BPXP reported that to date it has not been able to understand what exactly is on these databases.

A separate issue concerns a 1,500 page .txt file which Alabama produced to BPXP. BPXP did not receive the document in native format, so it is unable to understand and comprehend what exactly it is showing. Alabama responded that the document can be produced in native format.

The parties shall meet-and-confer on these issues. They will be on the agenda for the next conference.

**5. Fact and 30(b)(6) Depositions**.

   a. Deadline for Final Calendar.

October 15, 2014 was the deadline for the parties to propose a joint final fact and 30(b)(6) deposition schedule. It is extended to **Wednesday, October 22, 2014**.

   b. Number of Witnesses.

After the conference, Alabama amended its initial disclosures. It listed 18 fact witnesses that may support its claims. Four of these may offer "lay expert" opinions. It anticipates that these 18 witnesses will cover all 30(b)(6) topics, except for topic #16. Topic #16 is the subject of an Alabama motion to dismiss.

BPXP reports that it will have between 9 and 10 fact witnesses and 30(b)(6) representatives.

Fact and 30(b)(6) depositions are scheduled to commence on November 3, 2014. The issue of whether commencement of the depositions will be delayed is deferred to the October 23, 2014 conference.

   c. Location of Depositions.

Alabama will be permitted to produce the 14 fact witnesses who will not offer "lay expert" opinions for their depositions in Montgomery. All of Alabama's experts plus the 4 fact witnesses who may offer "lay expert" opinions will be deposed in New Orleans.

   d. Participation at Depositions.

BPXP contends that the Alabama Governor is not a party to the litigation, but rather the plaintiff is the State of Alabama which is represented by the Attorney General. By **Friday, October 17, 2014**, BPXP shall submit a 5 page double-spaced memorandum on this issue. By

**Friday, October 24, 2014**, Alabama shall submit a 5 page double-spaced response memorandum.

 e. Allocation of Time.

There are two sides: (1) Alabama; and (2) defendants. The allocation of time among defendants is deferred pending resolution of the stipulations regarding participation at the trial.

**6. Rebuttal Fact Witnesses**.

Alabama will be permitted to identify no more than two rebuttal witnesses after fact witness depositions are closed and after Alabama knows all claims BPXP is asserting. The rebuttal testimony will be limited to the recoupment and offset issues. Alabama reported that on Tuesday, October 14, it will file a motion to dismiss the recoupment and offset claims.

**7. Expert Witnesses**.

There was agreement that the Court will not set a limit on the number of expert witnesses. Instead, this will be resolved through the limits imposed by the time clock.

By the close of business on Friday, October 10, 2014, Alabama reported that it will identify the lay witnesses who will offer expert testimony. These hybrid witnesses shall only be deposed once. Because they may offer expert testimony, the duration of their depositions may be extended.

**8. Further Telephone Conferences**.

Beginning **Thursday, October 23, 2014, at 11:00 a.m**., the Court will conduct telephone status conferences every other week in this matter. Marie Firmin will email the participants with the call-in information. Any items for inclusion in the agenda for the conferences shall be submitted at least 24 hours prior to the scheduled conference. The schedule for the conferences through the first week in January is:

       October 23, 2014

       November 6, 2014

       November 20, 2014

       December 4, 2014

       December 18, 2014

       January 8, 2015

The deadline for an appeal from this order is **Friday, October 17, 2014**.

New Orleans, Louisiana, this 14th day of October, 2014.

                        **SALLY SHUSHAN**
                 **United States Magistrate Judge**