UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                MDL No. 2179

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, the *pro se* plaintiff in the Northern District of Florida action (*Bowers*) listed on the attached Schedule A moves to vacate our order conditionally transferring the action to the Eastern District of Louisiana for inclusion in MDL No. 2179. Responding defendants BP America Production Company and BP Exploration & Production Inc. oppose the motion.

In his motion to vacate, plaintiff argues that transfer is inappropriate because he is a Florida resident who is asserting Florida law claims for damages that he alleges he suffered in Florida. We find this argument unpersuasive. Hundreds of actions involving Florida plaintiffs are already in the MDL, and many involve claims under Florida law.

Plaintiff also argues that transfer would result in his incurring additional expense. We are not persuaded by this argument either. Transfer would allow the litigation of plaintiff's claims to be supervised by a judge highly familiar with the factual allegations underlying those claims, as well as facilitate plaintiff's access to the undeniably substantial discovery conducted in the MDL. And, as with any MDL, transfer should not affect the location(s) where the depositions of plaintiff and his local witnesses will take place. *See In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) ("[T]here is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise.").

After considering all argument of counsel, we find that *Bowers* involves common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the action to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. It is beyond dispute that this action, like those already in the MDL, arises out of the explosion and fire that destroyed the Deepwater Horizon rig, and the oil spill resulting therefrom. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1353-55 (J.P.M.L. 2010).

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell            Charles R. Breyer
Lewis A. Kaplan                Sarah S. Vance
R. David Proctor

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                    MDL No. 2179

## SCHEDULE A

Northern District of Florida

14-2363   BOWERS v. BP EXPLORATION & PRODUCTION, INC., ET AL.,
          C.A. No. 5:14-00150