UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-970 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

## DECLARATION OF CALVIN C. FAYARD, JR.

I, Calvin C. Fayard, Jr., respectfully declare, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

1. I am licensed to practice law in the State of Louisiana, the United States District Court for the Eastern, Western, and Middle Districts of Louisiana, the State of Colorado, the State of Wyoming, the U.S. Fifth Circuit Court of Appeals, and the U.S. Supreme Court.

2. I have been appointed by the Court to serve on the Plaintiffs' Steering Committee as Lead or Co-lead Negotiator and Settlement Attorney and particularly for the Economic & Property Damages Settlement Class. As a result of serving in this capacity, I am particularly familiar with the protocol used to create the Claims Administration process and the selection of the Claims Administrator for nomination to the Court.

3. This Declaration is submitted to provide the Court with additional facts regarding the subject of BP's Motion to Remove the Claims Administrator [Doc 13347].

BP Awareness of Mr. Juneau's Prior Consultation for the State of Louisiana

4. I attended and participated in numerous meetings with BP representatives during which the process, procedure and protocol for administering the claims to be made in the proposed settlement class action were discussed, developed and drafted. It was

anticipated that one of the most critical elements to the administration of the settlement would be the selection of an individual designated to become Claims Administrator resulting in very detailed, intense and microscopic vetting of each and every candidate suggested to assume that role. As the negotiations relating to the settlement with BP entered their final stages, the discussion concerning the Claims Administrator intensified and the name of Patrick Juneau surfaced.

5. On or about January 11, 2012, I received a list of names from Keith Moskowitz which included Pat Juneau. This list was comprised of BP recommendations for the Appeals Panel not the Claims Administrator, but the inclusion of Mr. Juneau's name indicated BP's approval of his appointment.

6. Ultimately, there were specific meetings held to discuss the selection of individuals to be presented to the Court to serve as Claims Administrator. I personally attended one or more of these meetings where the appointment of Claims Administrator was discussed.

7. I personally attended one or more of the meetings at which Mr. Juneau was interviewed by Class Counsel and Counsel for BP prior to agreement by BP and Class Counsel/PSC to recommend Mr. Juneau to the Court for the Administrator position.

8. One primary focus was to discuss the background, history and capabilities of candidates including their previous representation and/or activity related to the Deepwater Horizon event. Particular focus was directed to potential conflicts of interest. During one or more of those meetings, Mr. Juneau's prior representation of the State of Louisiana arose, and it was my perception that BP did not seem in the least bit concerned about it. I believe that BP Counsel interviewed Mr. Juneau several times, and enthusiastically supported him for the Claims Administrator's position. I am personally aware that Mr. Juneau had conversations with not only BP's attorney representatives but also executives of BP during which conversations Mr. Juneau's legal career and representations were discussed, both past and present.

9. I do not recall BP Counsel ever asking Class Counsel for additional information regarding Mr. Juneau, or expressing any objections, hesitations or concerns.

10. Prior to Mr. Juneau's appointment as Administrator, I participated in numerous conversations with BP counsel in between the various interviews and following same. BP counsel clearly articulated that they were aware of a great deal of Mr. Juneau's

background, had investigated and vetted him thoroughly, and on more than one occasion directly acknowledged their awareness of his prior interfacing with Mr. Feinberg and the GCCF on behalf of the State of Louisiana.

Signed, under penalty of perjury, this 13th day of <u>October, 2014</u>, in New Orleans, Louisiana.

_____
Calvin C. Fayard, Jr.