# EXHIBIT  3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG            *     MDL NO. 2179
   "DEEPWATER HORIZON" in the      *
   GULF OF MEXICO, on APRIL 20, 2010   *     SECTION J
                 *
**THIS DOCUMENT APPLIES TO ALL**           *     JUDGE CARL J. BARBIER
  **ACTIONS.**                          *
                 *
                 *     MAGISTRATE JUDGE
                 *     SHUSHAN
                 *
                 *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## <u>DECLARATION OF BRUCE A. GREEN</u>

Bruce A. Green declares pursuant to 28 U.S.C. § 1746:

1.  I am the Stein Chair at Fordham University School of Law, where I serve as Director of the Louis Stein Center for Law and Ethics.

2.  I have been retained on behalf of the Claims Administrator, Patrick A. Juneau, to provide an independent expert opinion regarding BP's motion to remove Mr. Juneau and the accompanying Affidavit of Professor William G. Ross.

3.  In particular, I have been asked whether 28 U.S.C. § 455 is applicable to Mr. Juneau and, if so, whether the Court should disqualify Mr. Juneau under 28 U.S.C. § 455(a) and (b)(2) on the grounds that (1) Mr. Juneau responded publicly to a BP executive's public attack on him, and (2) prior to his appointment, Mr. Juneau served as a lawyer for the State of Louisiana "in the matter[s] in controversy" now before him as the Claims Administrator. For the reasons set forth below, and based on the facts provided for my review, my opinion is that

- 1 -

Section 455 does not apply to a Claims Administrator and that, if it did, Section 455 would not require the Court to disqualify Mr. Juneau.

## Qualifications

4.    My qualifications to provide expert opinions on questions of legal and judicial ethics are set forth more fully in my curriculum vitae (Exhibit A).

5.    Since 1987, I have been a member of the full-time faculty of Fordham University School of Law.  I previously served as a law clerk to Judge James L. Oakes of the United States Court of Appeals for the Second Circuit, as a law clerk to Justice Thurgood Marshall of the Supreme Court of the United States, and as an Assistant United States Attorney for the Southern District of New York.  I am admitted to practice law in New York, the United States District Courts for the Southern and Eastern Districts of New York, and the Supreme Court of the United States.

6.    I have regularly taught courses in legal ethics at Fordham and elsewhere since 1987.  I speak frequently at CLE programs and have written extensively on various aspects of legal ethics.  Among other things, I am co-author of a legal ethics casebook that is now in its second edition:  Pearce, Capra, Green, Knake & Terry, PROFESSIONAL RESPONSIBILITY:  A CONTEMPORARY APPROACH (2d ed. 2014, West Academic Publ.).  As described below, some of my work in this field has related specifically to judicial ethics.

7.    I have engaged in various other professional work relating to legal ethics, including on the national level. For over a decade, I have served on the committee that drafts the Multistate Professional Responsibility Examination, which includes questions that test familiarity with the ABA Model Code of Judicial Conduct.  Previously, I served on the ABA Standing Committee on Ethics and Professional Responsibility, during a three-year period when

it was reviewing proposed amendments to the ABA Model Code of Judicial Conduct.  I have also chaired the ethics committees of both the ABA Litigation Section and the ABA Criminal Justice Section, served on the ABA Litigation Section's Task Force on Settlement Ethics, served as reporter to the ABA Commission on Multijurisdictional Practice and to the ABA Task Force on Attorney-Client Privilege, and chaired the Section on Professional Responsibility of the Association of American Law Schools.

8.     On the state and local level, I currently serve as a member and past Chair of the New York State Bar Association's Committee on Professional Ethics, as a member of the New York State Bar Association's Committee on Standards of Attorney Conduct, on the board of advisors of the Ethics Institute of the New York County Lawyers' Association and as a member of that Association's ethics committee.  I previously served on the Departmental Disciplinary Committee of the New York State Supreme Court, Appellate Division, First Department (the court-appointed body that reviews and investigates ethics complaints against lawyers in New York), and on the ethics committee of the New York City Bar Association.  I render opinions in this action in my individual capacity and do not speak on behalf of any of these or other entities.

9.     With regard to judicial ethics in particular, my work has included: (1) undertaking principal responsibility for the chapter on "Special Ethical Rules:  Prosecutors and Judges" in PROFESSIONAL RESPONSIBILITY:  A CONTEMPORARY APPROACH, *supra*; (2) authoring or co-authoring several articles on judicial ethics;[1] (3) twice teaching a seminar on "The Judicial

---

[1] *See* Bruce A. Green, Fear of the Unknown: Judicial Ethics After *Caperton*, 60 Syracuse L. Rev. 229 (2010); Bruce A. Green & Rebecca Roiphe, Regulating Discourtesy on the Bench: A Study in the Evolution of Judicial Independence, 64 NYU Annual Survey of American Law 497 (2009); Bruce A. Green, May Judges Attend Privately Funded Educational Programs?  Should Judicial Education Be Privatized?: Questions of Judicial Ethics and Policy, 29 Fordham Urb. L.J. 941 (2002).

Role and Responsibilities," and (4) organizing and speaking on a panel on "Issues in Judicial Ethics" at NYU's annual Appellate Judges Seminar in 2007 and 2008.

### Relevant Facts

10.     For purposes of providing this opinion, I have reviewed Professor Ross's Affidavit and the documents listed in ¶8 therein, and the following additional materials provided for my consideration:  BP's Motion to Remove the Claims Administrator and Memorandum in Support filed September 2, 2014; Declaration of Mark Holstein (Exhibit 10 to BP Motion) and Exhibits A, E, and G; Declaration of Daniel A. Cantor (Exhibit 13 to BP Motion); and email from Patrick Juneau to Kenneth Feinberg, "Draft Final Protocol," Nov. 8, 2010 (Exhibit 15 to BP Motion); Declaration of Kenneth Feinberg; Declaration of Patrick A. Juneau, Claims Administrator.

11.     I have been asked to rely and have relied on the Statement of Assumed Facts, attached as Exhibit B.

### Analysis

12.     For the reasons discussed below, and contrary to Professor Ross's opinion, my opinion is 18 U.S.C. § 455 does not apply to Mr. Juneau but that if even if it did, Mr. Juneau should not be disqualified.

### Section 455 does not apply to a Claims Administrator

13.     Section 455 establishes the circumstances in which a federal judge is required to disqualify himself.  The law generally requires disqualification "in any proceeding in which [the judge's] impartiality might reasonably be questioned."  18 U.S.C. § 455(a).  It also identifies particular circumstances requiring disqualification, including when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.*, § 455(b)(1), and when "in private practice he served as

lawyer in the matter in controversy . . .." *Id.*, § 455(b)(2).  A judge's decision not to recuse himself under this provision is ordinarily reviewed under an "abuse of discretion" standard.

14.     Whether Section 455 applies to Mr. Juneau in his role as Claims Administrator is a legal question on which, in my experience, expert testimony would not ordinarily be offered.  That said, it is plain that by its terms the provision does not apply: Section 455(a) explicitly provides that this judicial disqualification provision applies to a "justice, judge, or magistrate [magistrate judge] of the United States."  Further, although the Federal Rules of Civil Procedure extend the provision, in part, to special masters appointed pursuant to Rule 53,[2] that provision is also inapplicable: Although BP and Mr. Juneau have previously disagreed about the extent to which Mr. Juneau's position as Claims Administrator in this case is comparable to that of a special master,[3] it is undisputed that Mr. Juneau was not appointed to serve as a special master pursuant to Rule 53.

### Mr. Juneau should not be disqualified based on his public comments

15.     Prof. Ross asserts that Mr. Juneau was forbidden from publicly discussing his work as Claims Administrator under Section 455 and the Code of Judicial Conduct, just as a judge would be forbidden from discussing a pending case.  *See* Affidavit of William G. Ross ¶¶ 17-18 & 24-29.  As Prof. Ross notes, the Code of Judicial Conduct expressly restricts judges

---

[2] Rule 53(a)(2) provides: "Disqualification. A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification."  This provision is narrower than Section 455, which does not limit the grounds for judicial disqualification to situations in which a judge has a disqualifying "relationship to the parties, attorneys, action, or court." *See, e.g.*, 28 U.S.C. § 455 (a) ("Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

[3] BP previously took the position that the "analogy to a special master" is "inapposite," and that the Claims Administrator performs an administrative, not judicial, function.  BP's Memorandum of Law in Opposition to Settlement Program and Claims Administrator's Motion to Dismiss at 12.

from commenting publicly on pending matters, including matters before other judges.  But the inappropriateness of the restriction for a practicing lawyer selected to serve as a Claims Administrator demonstrates precisely why Mr. Juneau should not be treated the same as a judge for purposes of judicial ethics provisions.

16.     As a practicing lawyer, Mr. Juneau has a legitimate interest in protecting his professional reputation when publicly attacked, as he was in this case.  And as Claims Administrator, he has a legitimate interest in educating the public regarding his administrative work in order to promote understanding of, and confidence in, the claims process.  Because his work does not take place in a judicial setting in which he can speak from the bench or by issuing opinions, his only opportunity to educate the public is by speaking extra-judicially.  While he could have better phrased his response to the BP executive's comments, his response did not reach the level to suggest that a Claims Administrator – as distinguished from a judicial officer – is incapable of serving impartially or as to establish that he is unfit to continue in his work.

### Mr. Juneau should not be disqualified based on his prior legal work for the State of Louisiana

17.     Prof. Ross also takes the view that Mr. Juneau's service as an attorney for the State of Louisiana should require Mr. Juneau's disqualification.  *See* Affidavit of William G. Ross ¶¶ 30-33.  But even if Section 455 were applicable, it would not require Mr. Juneau's disqualification.

18.     First, BP waited for several years to raise its ostensible concern that Mr. Juneau represented the State of Louisiana as its liaison to Kenneth Feinberg from mid-2010 to mid-2011.  Before the Court appointed Mr. Juneau to serve as Claims Administrator, BP and its lawyers knew of Mr. Juneau's representation of the State of Louisiana, which was discussed contemporaneously in a *New York Times* article.  In fact, in November 2010, BP's counsel

received an e-mail string in which Mr. Juneau gave Mr. Feinberg extensive comments on the GCCF protocol and release, and in December 2010, Mr. Juneau participated in a conference call with state Attorneys General that was joined by BP's legal team.  Further, Mr. Juneau noted his prior role in the February 2012 interviews conducted by BP and PSC, as reflected in the contemporaneous notes of BP lawyer Keith Moskowitz.  But BP waited until September 2, 2014 to file its present motion asking the Court to remove Mr. Juneau.

19.     Parties moving to disqualify a judge under Section 455 must do so in a timely fashion.  *See, e.g., Miller v. Tony & Susan Alamo Found*., 924 F.2d 143, 146 (10th Cir. 1991) ("Section 455 has been interpreted to require a party to make its motion and facts known at the earliest possible time."); *Apple v. Jewish Hospital & Med. Ctr.,* 829 F.2d 326, 333 (2d Cir. 1987) ("It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.");  *Marcus v. Director, Office of Workers' Compensation Programs*, 548 F.2d 1044, 1050 (D.C. Cir. 1976); *Edwards v. Nestle Beverage Co.,* 1994 U.S. Dist. LEXIS 238 (E.D. La. Jan. 12, 1994) (quoting *Apple v. Jewish Hospital & Med. Ctr., supra*).  A timely disqualification motion is required under Section 455 for a host of reasons, chief among them being "to nullify the rewards of 'sand-bagging' through employment of dilatory tactics, and to prevent parties from disqualifying judges after obtaining an inkling of their views as to the merits."  Richard E. Flamm, Judicial Disqualification:  Recusal and Disqualification of Judges § 20.5 at 594 (2d ed. 2007).  In addition to promoting "the orderly functioning of our judicial system," *id.* at 595, the timeliness requirement is "justified in part by a concern about judicial economy – that is, the unnecessary burden on judicial administration that may be engendered by unreasonable delay in seeking judicial disqualification," and by recognition that a party's claimed concern about a

judge's inability to be fair is not credible when the party waits an extended period of time before moving for disqualification. *Id.* at 593-94.

20.     If Section 455 were the governing standard, BP's motion would be readily dismissed because BP never objected to Mr. Juneau's appointment despite its prior knowledge of his representation of the State of Louisiana as a liaison to Kenneth Feinberg, and then waited approximately two-and-a-half years after his appointment to raise his prior work as a basis for replacing him, evidently without any satisfactory reason for its considerable delay.

21.     Prof. Ross reads the case law to suggest that a party that is aware of the relevant facts may delay its objection unless the judge personally has made the "full disclosure on the record of the basis for the disqualification" contemplated by the statute's express waiver provision, Section 455(e), or the movant is aware of "all the pertinent facts a full disclosure would provide." *See* Affidavit of William G. Ross ¶¶ 34-39.  As reflected in ¶ 19 above, the federal case law is to the contrary.   The requirement is simply that "a party raise the disqualification issue at the earliest moment after discovery of the facts allegedly supporting recusal." *United States v. Conforte*, 457 F. Supp. 641, 653 (D.Nev.1978) (cited with approval in *Hall v. Small Business Administration*, 695 F.2d 175, 180 (5th Cir. 1983)).  A party must file its disqualification motion once it is in possession of the basic facts about the judge's relationships or prior employment on which its motion would be predicated; it cannot justify its delay on the ground that it had not yet acquired all the details that judicial disclosure might have afforded.

22.     Second, and independently, Section 455(b)(2) is inapplicable because the contested "matter" in which Mr. Juneau represented the State of Louisiana is not the same as the matters in which he is serving as Claims Administrator.   Mr. Juneau's prior work involved representing the State of Louisiana in the State's efforts to influence the protocols and policies

- 8 -

being developed by Mr. Feinberg, on behalf of BP, for making emergency payments to future claimants out of a fund voluntarily established by BP.  Mr. Juneau's current work involves administering the different court-authorized claims process established by the Settlement Agreement.  The State of Louisiana is not a claimant and, to the extent that procedures are left to be developed, the State is not involved in their development.  Although the two matters are loosely related, in the sense that they involve different processes for resolving claims arising from the Deepwater Horizon Oil Spill, they are not the same matters for purposes of Section 455(b)(2).

23.    Federal cases generally read "matter in controversy" consistently with the purpose of Section 455(b)(2), which is to protect the appearance of impartiality by disqualifying judges from cases in which, influenced by their prior legal work, they may favor a party or draw on extrajudicial knowledge of disputed facts.  *See, e.g., United States v. Black,* 490 F. Supp. 2d 630, 657 (E.D. N. Car. 2007); *United States v. Alabama*, 582 F. Supp. 1197, 1206 (N.D. Ala. 1984).  These concerns are too attenuated to warrant disqualification when, in the earlier representation, the judge "did not focus on th[e] particular case or on th[e] particular [party]" that later comes before him, *United States v. Voccola*, 99 F.3d 37, 42-43 (1st Cir. 1996), and where there was not otherwise a substantial overlap of allegations and issues.

24.    Here, under any reasonable interpretation, there is insufficient congruence between the prior and current matters.  Mr. Juneau's former client, the State of Louisiana, was not dealing with Mr. Feinberg as a claimant against BP and the State is not now a claimant under the Court Supervised Settlement Program.  The State was seeking input into the procedures being designed by Mr. Feinberg.  The State was seeking to ensure fairness to the public, not to any particular claimant or set of claimants.  And the State was addressing the design of a

- 9 -

voluntary extrajudicial process for resolving claims that has since been superseded. Mr. Juneau served as the State's liaison in this effort. He did not deal with any particular claims or claimants and did not address the process currently in place pursuant to the Settlement Agreement. Nothing in his prior work would suggest favoritism to the parties now engaged in the claim process or would have exposed Mr. Juneau to relevant, extrajudicial information. Particularly given that he was providing input into procedural design, not participating in litigation, and the design involved a different process from the current one, it is hard to see how his past legal work would undermine his impartiality as Claims Administrator dealing with particular claimants and claims against BP. *Cf. Baker & Hostetler LLP v. United States Dep't of Commerce*, 471 F.3d 1355, 1358 (D.C. Cir. 2006) ("judges who previously participated in policy matters and provided policy advice in government do not ordinarily recuse in litigation involving those policy issues.").

25. Finally, for the same reasons, I disagree with Prof. Ross's suggestion that, in the alternative, Mr. Juneau's prior representation of the State of Louisiana necessitates his disqualification under Section 455(a) on the ground that Mr. Juneau's "impartiality might reasonably be questioned." *See* Affidavit of William G. Ross ¶¶ 22-23. In situations where a disqualification motion is premised on a judge's prior work as a lawyer, the ordinary standard is Section 455(b)(2), which specifically governs whether a judge's prior work creates an appearance of partiality. I have seen nothing to suggest that, although Section 455(b)(2) is inapplicable, Mr. Juneau should nevertheless be disqualified based on his prior work. There is nothing to suggest that his work for the State of Louisiana would predispose him toward any particular party in the claims process, that he possesses any extrajudicial knowledge that might improperly influence

his current work, or that any other aspect of his service on behalf of the State would call his impartiality into question.

       Pursuant to 28 U.S.C.  §1746, I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

Executed:  October ___, 2014

                            Bruce A. Green

# EXHIBIT  3A

**BRUCE A. GREEN**
**Louis Stein Professor of Law**
**Fordham University School of Law**
**150 West 62nd Street**
**New York, NY 10023**
**(212) 636-6851; (212) 636-6899 (FAX)**
**bgreen@law.fordham.edu**

### Bar Admissions

New York State (since 1982)
U.S. District Courts for the Southern and Eastern Districts of New York
U.S. Supreme Court

### Education

**Columbia University School of Law**:  J.D. 1981
        Honors: James Kent Scholar; Harlan Fiske Stone Scholar
        Associate Editor, *Columbia Law Review*

**Princeton University**:  A.B. 1978, *summa cum laude*

### Current Legal Employment

**Fordham University School of Law**:
        Louis Stein Professor of Law, since 1997
        Professor, 1996-97; Associate Professor, 1987-96
        Director, Louis Stein Center for Law and Ethics, since 1997
        Director, Stein Center for Ethics and Public Interest Law, 1992-97
        Responsible for teaching courses in the areas of legal ethics, criminal law and criminal
procedure, and for overseeing the Stein Scholars Program

### Prior Full-time Legal Employment

**New York University School of Law**: Visiting Professor: January-May 2007

**Office of the United States Attorney for the Southern District of New York**:
        October 1983 to August 1987, Assistant United States Attorney
        Deputy Chief Appellate Attorney, 1986-87; Chief Appellate Attorney, 1987

**U.S. Supreme Court**:  Law clerk to Justice Thurgood Marshall, 1982-83

**U.S. Court of Appeals for the Second Circuit**:  Law clerk to Judge James L. Oakes, 1981-82

## Other Legal Positions

**Departmental Disciplinary Committee, App. Div., 1st Department**: Member, 1997-2002

**New York City Conflicts of Interest Board**: Member, Nov. 1995 to March 2005

**Handschu Authority**: Civilian member, July 1994 to Nov. 1995

**Office of Investigations Officer (U.S. v. I.B.T.)**: Special Counsel (part-time), 1991

**Office of Independent Counsel Lawrence Walsh**, Associate Counsel (part-time), 1988-91

**N.Y.S. Commission on Government Integrity**: Consultant and special investigator, 1988-90

**Columbia University School of Law**: Adjunct Professor (part-time), 1990

**Office of the United States Attorney for the Southern District of New York**: Special Assistant United States Attorney (part-time), September 1987 to June 1988

**Fordham University School of Law**: Adjunct Assoc. Professor (part-time), 1985-87

## Professional Service

**American Bar Association**:
- Commission on the American Jury Project: member, 2006-2008
- Commission on Multijurisdictional Practice: reporter, 2000-2002
- Coordinating Group on Bioethics and the Law: member, 1997-2003
- Criminal Justice Section:
    - Chair: 2010-2011
    - Chair-elect: 2009-2010
    - Council: member, 2011 to present
    - Criminal Justice Standards Committee: member, 2013 to present
    - First Vice Chair: 2008-2009
    - Ethics, Gideon and Professionalism Committee: co-chair, 2006-09
- Death Penalty Representation Project: member, 2006-09
- Section of Individual Rights and Responsibilities:
    - Chair, Committee on Privacy and Information Protection, 2014
- Section of Litigation:
    - Task Force on Sound Advice, 2012-13
    - Task Force on Implicit Bias: member, 2011-12
    - Task Force on the Litigation Research Fund: Chair, 2007-2011
    - Division VII (Task Forces): Co-Director, 2007-2008
    - Council member, 2004-07
    - Committee on Law Faculty Involvement: co-chair, 1998-2001, 2003-2004

**American Bar Association (continued)**:
 Section of Litigation (continued):
  Civil Justice Institute: member, 2001-03
  Task Force on Ethical Guidelines for Settlement Negotiations: member, 2000-02
  Ethics 2000 Task Force: member, 1999-2000
  Committee on Ethics and Professionalism: co-chair, 1995-1998
  Task Force on the Independent Counsel Act: reporter, 1997-1999
  Rep. to Sec./Div. Committee on Professionalism and Ethics, 1996-2003
  Committee on Amicus Curiae Briefs: chair, 1991-1995
 Standing Committee on Ethics and Professional Responsibility: member, 2008-2011
 Standing Committee on Professionalism: reporter, 2000-2001
 Steering Committee for the Symposium on the Multijurisdictional Practice of Law:
reporter, 1999-2000
  Task Force on the Attorney-Client Privilege: reporter, 2004-2010
  Task Force on Law Schools and the Profession: consultant, 1991-1992

**Association of American Law Schools:** Chair, Section of Professional Responsibility, 1999

**Association of the Bar of the City of New York**:
 Executive Committee: 2010 to present
 Working Group on the NYS Bar Exam: 2014
 White Collar Crime Committee: 2013 to present
 Council on Criminal Justice: member, 2009-13
 Delegate to NYS Bar Association, 2003-07
 Committee on Professional and Judicial Ethics: member, 1994-1997, 2003-2006
 Nominating Committee: member, 2005
 Ethics 2000 Committee: member, 1999-2001
 Jt. Committee on the Legal Referral Service: chair, 1993-96; member, 1996-2000
 Committee on International Access to Justice: member,1999-2000
 Committee on Disaster Plan: member, 1996-1997
 Marden Lecture Committee: member, 1991-1994
 Criminal Law Committee: member, 1991-1994
 Task Force on Lawyer Training: member, 1992-1994
 Corrections Committee: member, 1988-1991

**Criminal Law Bulletin**: Contributing editor, 1988-1998

**Evan B. Donaldson Adoption Institute**: Ethics Advisory Committee: member, 1998-2001

**Federal Bar Council**:
 Second Circuit Courts Committee: member, 1994-1997; chair, Subcommittee on
Criminal Law and Ethics
 *Federal Bar Council News*: member of the Editorial Board, 1995-2005
 Inn of Court: master, 2000-2002

**Fund for the City of New York:** Member of Advisory Committee for the New York Housing Court Online Preparation System (COPE), 1999

**International Association of Legal Ethics:** Director, 2010-13

**Legal Ethics**: Member of Advisory Board, 2008 to present

**National Conference of Bar Examiners:** Member of MPRE Drafting Committee, 2001 to present

**New York County Lawyers' Association**:
Director, 2004-2007, 2008-2012
Delegate to NYS Bar Association, 2009-2011
Member of Justice Center advisory board**,** 2003 to present
Member of the Ethics Institute board of advisors**,** 2008 to present

**New York State Bar Association:**
House of Delegates member, 2003-2007, 2009 to present
Committee on Professional Ethics: Chair, 1998-2001; member, 1991 to present
Committee on Standards of Attorney Conduct (formerly Special Committee to Review the Code of Professional Responsibility): member, 1997 to present
Task Force on Attorney Client Privilege, 2006-2008
Task Force on "Pay to Play" Concerns, member, 1998-2000

**New York State Continuing Legal Education Board:** Member, 2008-2011

**New York State Task Force on Attorney Professionalism and Conduct:** Member, 1996-1998

<u>Awards</u>

Powell Pierpont Award, given by the N.Y.C. Conflicts of Interest Board "for outstanding service to the New York City Conflicts of Interest Board," May 23, 2006

New York State Bar Association Criminal Justice Section Award for "outstanding contribution in the field of criminal law education," Jan. 23, 2003

Sanford D. Levy Award, given by New York State Bar Association Committee on Professional and Judicial Ethics, 1990

4

## **PUBLICATIONS**

### **Articles in Law Journals**

Prosecutors' Disclosure Obligations in the U.S., 42 Hitotsubashi J. L. & Politics 51 (2014) (with Peter Joy)

Judicial Regulation of US Civil Litigators, 16 Legal Ethics 306 (2013)

Gideon's Amici: Why Do Prosecutors So Rarely Defend the Rights of the Accused?, 122 Yale L.J. 2336 (2013)

The Right to Plea Bargain With Competent Counsel After *Cooper* and *Frye*: Is the Supreme Court Making the Ordinary Criminal Process "Too Long, Too Expensive, and Unpredictable . . . in Pursuit of Perfect Justice"?, 51 Duquesne L. Rev. 735 (2013)

Lawyers' Professional Independence: Overrated or Undervalued?, 46 Akron L. Rev. 599 (2013)

The Attorney-Client Privilege – Selective Compulsion, Selective Waiver and Selective Disclosure: Is Bank Regulation Exceptional?, 2013 Journal of the Professional Lawyer 85 (2013)

Unregulated Corporate Internal Investigations: Achieving Fairness for Corporate Constituents, 54 B.C. L. Rev. 73 (2013) (with Ellen S. Podgor)

Federal Criminal Discovery Reform: A Legislative Approach, 64 Mercer L. Rev. 639 (2013)

Rehabilitating Lawyers: Perceptions of Deviance and its Cures in the Lawyer Reinstatement Process, 40 Fordham Urb. L.J. 139 (2012) (with Jane Moriarty)

The Flood of U.S. Lawyers: Natural Fluctuation or Professional Climate Change?, 19 Int' J. Legal Prof. 193 (2012)

Prosecutors and Professional Regulation, 25 Georgetown J. Legal Ethics 873 (2012)

The Community Prosecutor: Questions of Professional Discretion, 47 Wake Forest L. Rev. 285 (2012) (with Alafair S. Burke)

Foreword, Globalization and the Legal Profession, 80 Fordham L. Rev. 2305 (2012)

Developing Standards of Conduct for Prosecutors and Criminal Defense Lawyers, 62 Hastings L.J. 1093 (2011)

Prosecutors' Ethical Duty of Disclosure *In Memory of Fred Zacharias*, 48 San Diego L. Rev. 57 (2011)

The Legal Ethics Scholarship of Ted Schneyer: The Importance of Being Rigorous, 53 Ariz. L. Rev. 365 (2011)

The Civil Government Lawyer: A View From the Jury Box, 38 Hofstra L. Rev. 883 (2010) (with Karen Bergreen).

Beyond Training Prosecutors About Their Disclosure Obligations: Can Prosecutors' Offices Learn From Their Lawyers' Mistakes, 31 Cardozo L. Rev. 2161 (2010)

Ethically Representing a Lying Cooperator: Disclosure as the Nuclear Deterrent, 7 Ohio St. J. of Crim. L. 639 (2010)

Fear of the Unknown: Judicial Ethics After *Caperton*, 60 Syracuse L. Rev. 229 (2010)

ABA Ethics Reform from "MDP" to "20/20": Some Cautionary Reflections, 2009 Journal of the Professional Lawyer 1 (2009)

Rationalizing Judicial Regulation of Lawyers, 70 Ohio St. L.J. 73 (2009) (with Fred C. Zacharias)

Regulating Federal Prosecutors: Let There Be Light, 118 Yale L.J. Pocket Part TK (2009), http://thepocketpart.org/2009/TK/TK/green.html.

The Duty to Avoid Wrongful Convictions: A Thought Experiment in the Regulation of Prosecutors, 89 Boston University L. Rev. 1 (2009) (with Fred C. Zacharias)

"Public Service Must Begin at Home": The Lawyer as Civics Teacher in Everyday Practice, 50 Wm. & Mary L. Rev. 1207 (2009) (with Russell Pearce)

Regulating Discourtesy on the Bench: A Study in the Evolution of Judicial Independence, 64 NYU Annual Survey of American Law 497 (2009) (with Rebecca Roiphe) (symposium on judicial transparency)

Prosecutorial Discretion and Post-Conviction Evidence of Innocence, 6 Ohio St. J. of Crim. L. 467 (2009) (with Ellen Yaroshefsky)

Foreword, The Lawyer's Role in a Contemporary Democracy, 77 Fordham L. Rev. 1229 (2009)

Remembering Mary Daly: A Legal Ethicist Par Excellence, 83 St. John's L. Rev. 23 (2009)

The Market for Bad Legal Scholarship: William H. Simon's Experiment in Professional Regulation, 60 Stanford L. Rev. 1605 (2008)

"The U.S. Attorneys Scandal" and the Allocation of Prosecutorial Power, 69 Ohio St. L.J. 187 (2008) (with Fred C. Zacharias)

Some Realism About Bar Associations, 57 DePaul L. Rev. 425 (2008)  (with Elizabeth Chambliss)

Criminal Defense Lawyering at the Edge – A Look Back, 36 Hofstra Law Rev. 353 (2007)

Teaching Lawyers Ethics, 51 St. Louis L.J. 1091 (2007)

Permissive Rules of Professional Conduct, 91 Minn. L. Rev. 265 (2006) (with Fred C. Zacharias)

Taking Cues: Inferring Legality from Others' Conduct, 75 Fordham L. Rev. 1429 (2006)

The Religious Lawyering Critique, 21 J. of Law & Religion 283 (2006)

Representing Children in Families – Foreword, 6 Nevada L. Rev. 571 (2006) (with Annette R. Appell)

"Anything Rather Than a Deliberate and Well-Considered Opinion"–Henry Lord Brougham, Written by Himself, 19 Georgetown J. Legal Ethics 1221 (2006) (with Fred C. Zacharias)

Reconceptualizing Advocacy Ethics, 74 George Washington L. Rev. 1 (2005) (with Fred C. Zacharias)

Foreword, Professional Challenges in Large Firm Practices, 33 Fordham Urb. L.J. 7 (2005)

Prosecutorial Neutrality, 2004 Wisconsin L. Rev. 837  (with Fred C. Zacharias)

Foreword, Colloquium, Deborah Rhode's *Access to Justice*, 73 Fordham L. Rev. 841 (2004)

Federal Court Authority to Regulate Lawyers: A Practice in Search of a Theory, 56 Vand. L. Rev. 1303 (2003) (with Fred C. Zacharias)

Prosecutorial Ethics as Usual, 2003 Illinois L. Rev. 1573

Criminal Neglect: Indigent Defense from an Ethics Perspective, 52 Emory Law Review 1169 (2003)

Regulating Federal Prosecutors' Ethics, 55 Vand. L. Rev. 381 (2002) (with Fred C. Zacharias)
Bar Association Ethics Committees: Are They Broken?, 30 Hofstra L. Rev. 731 (2002)

May Judges Attend Privately Funded Educational Programs?  Should Judicial Education Be Privatized?: Questions of Judicial Ethics and Policy, 29 Fordham Urb. L.J. 941 (2002)

John D. Feerick: The Dean of Ethics and Public Service, 70 Fordham L. Rev. 2165 (2002)

Judicial Rationalizations for Rationing Justice: How Sixth Amendment Doctrine Undermines Reform, 70 Fordham L. Rev. 1729 (2002)

Thoughts About Corporate Lawyers After Reading *The Cigarette Papers*: Has the "Wise Counselor" Given Way to the "Hired Gun"?, 51 DePaul L. Rev. 407 (2001)

Reflections on the Ethics of Legal Academics: Law Schools as MDPs; or, Should Law Professors Practice What They Teach?, 42 S. Tex. L. Rev. 301 (2001)

Public Declarations of Professionalism, 52 S. Car. L. Rev. 729 (2001)

The Disciplinary Restrictions on Multidisciplinary Practice: Their Derivation, Their Development, and Some Implications for the Core Values Debate, 84 Minn. L. Rev. 1115 (2000)

The Uniqueness of Federal Prosecutors, 88 Georgetown L.J. 207 (2000) (with Fred C. Zacharias)

Must Government Lawyers "Seek Justice" in Civil Litigation?, 9 Widener J. Pub. L. 235 (2000)

There But for Fortune: Real-Life vs. Fictional "Case Studies" in Legal Ethics, 64 Fordham L. Rev. 977 (2000)

Rationing Lawyers: Ethical and Professional Issues in the Delivery of Legal Services to Low-Income Clients, 67 Fordham L. Rev. 1713 (1999)

Why Should Prosecutors "Seek Justice"?, 26 Fordham Urb. L.J. 609 (1999)

The Criminal Regulation of Lawyers, 67 Fordham L. Rev. 327 (1998)

Lawyers as Nonlawyers in Child-Custody and Visitation Cases: Questions From a "Legal Ethics" Perspective, 73 Ind. L.J. 665 (1998)

Lawyer Discipline: Conscientious Noncompliance, Conscious Avoidance, and Prosecutorial Discretion, 66 Fordham L. Rev. 1307 (1998)

Less is More: Teaching Legal Ethics in Context, 39 Wm. & Mary L. Rev. 357 (1998)

Conflicts of Interest in Legal Representation: Should the Appearance of Impropriety Rule Be Eliminated in New Jersey--Or Revived Everywhere Else?, 28 Seton Hall L. Rev. 315 (1997)

The Role of Personal Values in Professional Decisionmaking, 11 Geo. J. of Legal Ethics 19 (1997)

Conflicts of Interest in Litigation: The Judicial Role, 65 Fordham L. Rev. 71 (1996)

Whose Rules of Professional Conduct Should Govern Lawyers in Federal Court and How Should the Rules Be Created?, 64 George Washington L. Rev. 460 (1996)

Foreword: Children and the Ethical Practice of Law, in Ethical Issues in the Legal Representation of Children, 64 Fordham L. Rev. 1281 (1996) (with Bernardine Dohrn)

Contextualizing Professional Responsibility: A New Curriculum for a New Age, 58 Law & Contemp. Probs. 193 (1995) (with Mary Daly & Russell Pearce)

Policing Federal Prosecutors: Do Too Many Regulators Produce Too Little Enforcement?, 8 St. Thomas L. Rev. 69 (1995)

Of Laws and Men: An Essay on Justice Marshall's View of Criminal Procedure, 26 Ariz. St. L.J. 369 (1994) (with Daniel Richman)

Foreword, Ethical Issues in Representing Older Clients, 62 Fordham L. Rev. 961 (1994) (with Nancy Coleman)

Foreword, Urban Environmental Equity, 21 Fordham Urb. L.J. 425 (1994)

Lethal Fiction: The Meaning of "Counsel" in the Sixth Amendment, 78 Iowa L. Rev. 433 (1993) [reprinted in 6 Crim. Prac. L. Rev. 183 (1994)]

"The Whole Truth?": How Rules of Evidence Make Lawyers Deceitful, 25 Loyola of Los Angeles L. Rev. 699 (1992)

"Power, Not Reason": Justice Marshall's Valedictory and the Fourth Amendment in the Supreme Court's 1990-91 Term, 70 N.C.L. Rev. 373 (1992)

After the Fall: The Criminal Law Enforcement Response to the S&L Crisis, 59 Fordham L. Rev. S155 (1991)

Zealous Representation Bound: The Intersection of the Ethical Codes and the Criminal Law, 69 N.C.L. Rev. 687 (1991) [reprinted in 4 Crim. Prac. L. Rev. 323 (1992)]

"Hare and Hounds": The Fugitive Defendant's Constitutional Right to Be Pursued, 56 Brooklyn L. Rev. 439 (1990) [reprinted in 4 Crim. Prac. L. Rev. 67 (1992)]

The Good-Faith Exception to the Fruit of the Poisonous Tree Doctrine, 26 Crim. L. Bull. 509 (1990)

Doe v. Federal Grievance Committee: On the Interpretation of Ethical Rules,  55 Brooklyn L.Rev. 485 (1989)

"Through a Glass, Darkly": How the Court Views Motions to Disqualify Criminal Defense Lawyers, 89 Colum. L. Rev. 1201 (1989) [reprinted in 2 Crim. Prac. L. Rev. 551 (1990)]

Her Brother's Keeper: The Prosecutor's Responsibility When Criminal Defense Counsel Has a Conflict of Interest, 16 Am. J. Crim. L. 323 (1989)

"Package" Plea Bargaining and the Prosecutor's Duty of Good Faith, 25 Crim. L. Bull. 507 (1989)

Limits on a Prosecutor's Communications With Prospective Defense Witnesses, 25 Crim. L. Bull. 139 (1989)

A Prosecutor's Communications With Represented Defendants: What Are the Limits?, 24 Crim. L. Bull. 283 (1988)

The Ethical Prosecutor and the Adversary System, 24 Crim. L. Bull. 126 (1988)

Note, Court Appointment of Attorneys in Civil Cases: The Constitutionality of Uncompensated Legal Assistance, 81 Colum. L. Rev. 366 (1981)

Note, A Functional Analysis of the Effective Assistance of Counsel, 80 Colum. L. Rev. 1053 (1980)

## Articles in Legal Periodicals

"The Litigator's Monopoly," Litigation, vol. 40, no. 4, Summer 2014, p. 10

"Experiential Learning: Practice Makes Perfect," NYLJ, Apr. 21, 2014

"Two Wrongs Make it Worse in Cops' Retrial," Nat'l L.J., Sept. 13, 2013

"The Ethics-Procedure Dichotomy," Litigation, vol. 39, no. 3, Summer 2013, p. 11

"Federal Litigation: A "No-Contact" Sport?," Litigation, vol. 38, no. 4, Summer/Fall 2012, p. 11
"Prosecutors for Sale," Nat'l L.J., Oct. 1, 2012, p. 43

"Balancing Conscience and Confidentiality for Attorney Whistleblowers," Corporate Counsel, June 6, 2012 (with Jordan Thomas), available at:
http://www.law.com/jsp/cc/PubArticleFriendlyCC.jsp?id=1202557377777

"The Perils of Sloppy Engagement Agreements," Litigation, vol. 38, no. 1, Fall 2011, p. 7

"The Perils of New Technology," Litigation, vol. 37, no. 4, Summer 2011, p. 6

"Criminal Justice: There's Always More to Learn," Criminal Justice, Summer 2011, p. 1

"What Use Are Legal Academics?," Criminal Justice, Spring 2011, p. 1

"Criminal Justice–What's Ahead?  Roadblocks and New Directions," Criminal Justice, Winter 2011, p. 1

"Thinking About White-Collar Crime and Punishment," Criminal Justice, Fall 2010, p. 1

"Question of the Week – Unauthorized Practice of Law," BNA's Corporate Counsel Weekly 372 (Dec. 9, 2009) [reprinted in BNA, "Legal Ethics for In-House Corporate Counsel," B-2601 (2010)]

Book Review [Peter A. Joy & Kevin C. McMunigal, Do No Wrong  - Ethics for Prosecutors and Defense Lawyers], The Champion 59-60 (Feb. 2009)

"Prosecutors' Professional Independence: Reflections on *Garcetti v. Ceballos*," Criminal Justice, Summer 2010, p. 4

"Deceitful Silence," Litigation, Winter 2007, p. 24

"Feeling a Chill," ABA Journal, Dec. 2005, p. 61 (with David C. Clifton)

"Prosecuting Means More Than Locking Up Bad Guys," Litigation, Fall 2005, p. 12

Articles in *Federal Bar Council News*: "Privileges in the Corporate Context," vol. 12, no. 1, p. 4 (2005); "Ethics Reform in New York," vol. 11, no. 2, p. 11 (2004); "MJP for Litigators," vol. 10, no. 4, p. 14 (2003); "Privately-Funded Seminars for Judges," vol. 9, no. 5, p. 1 (2002); "Multijurisdictional Issues," vol. 7, no. 4, p. 11 (2000); "Moral Ambiguity/Ambiguous Morals: Morgan Stanley and the $10,000 Payment," vol. 6, no. 4, p. 1 (1999); "When Prosecutors Accuse Criminal Defense Lawyers of Wrongdoing," vol. 5, no. 5, p. 1 (1998); "Prosecuting Lawyers," vol. 5, no. 4, p. 11 (1998); "A View From The 'Ethics' Front," vol. 5, no. 3, p. 7 (1998); "Professional Detachment," vol. 4, no. 4, p. 8 (1997); "The Philosophy of Our Ethical Rules," vol. 4, no. 3, p. 23 (1997); "The President vs. Mrs. Jones," vol. 4, no. 1, p. 11 (1997); "Should Judges Promote Professionalism?," vol. 3, no. 4, p. 4 (1996); "Bad Arguments," vol. 3, no. 1, p. 7 (1996); "The Sins of the Lawyer (and the Procedural Consequences)," vol. 2, no. 4, p. 9 (1995); "Attorney Discipline in the Second Circuit," vol. 2, no. 2, p. 11 (1995)

"Interviewing Corporate Client Officers and Employees: Ethical Considerations," ABA Section of Litigation, Committee on Corporate Counsel Newsletter, vol. 19, no. 1, p. 1 (Fall 2004) [reprinted in ABA Section of Litigation, Professional Liability Litigation [Newsletter], vol. 3, no. 1, p. 1 (Winter 2005)]

Client Confidences: Should Lawyers Be Allowed to Reveal Them to Prevent Death or Serious Bodily Harm?: Yes, New York Lawyer, Oct. 2001, p. 20

Adventures in the Mortgage Trade: A Case Study in Legal Ethics, 27 N.Y. Real Property Law Journal 49 (Spring, 1999) (with Joshua Stein) [also published in Commercial Real Estate Financing: What Borrowers and Lenders Need to Know 1999 vol. 2, p. 749 (PLI 1999)]

Lying Clients: An Age-Old Problem, Litigation, Fall 1999, p. 19 [updated and reprinted in Priscilla Anne Schwab, ed., *The Litigation Manual, First Supplement* 1105 (2007)]

When Conflicts of Interest Arise Unexpectedly, Litigation Ethics, Spring/Summer 1998, p. 11

The "No-Contact" Rule in New York State--Some Less Contentious Questions, N.Y. Professional Responsibility Report, Aug. 1998, p.1

The Ten Most Common Ethical Violations, Litigation, Summer 1998, p. 48 [reprinted in Trial (March 1999), p. 70; updated and reprinted in Priscilla Anne Schwab, ed., *The Litigation Manual, First Supplement* 1077 (2007)]

Teaching Legal Ethics in Context, 70 N.Y.S.B.J. 6 (May/June 1998) (with Mary Daly)

Ethical Issues in Representing Children, 7 The Professional Lawyer 9 (1996)

Federal Prosecutors' Ethics: Who Should Draw the Lines?, 7 The Professional Lawyer 1 (1995)

Ethical Issues in Representing Older Clients, 5 The Professional Lawyer 18 (1994)

Crime and Punishment After the S&L Crisis, 46 Consumer Finance L.Q. Rep. 195 (1992)

Conflicts of Interest in Corporate Criminal Cases, 1 Corp. Crim. & Const'l L. Rptr. 98 (1990)

"Judge Kennedy Might Not Meet Expectations of Administration," Nat'l L.J., Dec. 21, 1987, p. 20

## **Books**

*Professional Responsibility: A Contemporary Approach* (West, 2d ed. 2014) (with Russell G. Pearce, Daniel J. Capra, Renee Newman Knake & Laurel S. Terry)

*Professional Responsibility: A Contemporary Approach* (West, 2011) (with Russell G. Pearce & Daniel J. Capra)

*Tax Fraud and Money Laundering* (The John Marshall Publ. Co., 1993) (with Robert H. Hishon & Richard A. Westin)

Editor, *Government Ethics for the 1990's: The Collected Reports of the New York State Commission on Government Integrity* (Fordham Univ. Press, 1991)

## Book Chapters

Prosecutors' Ethics in Context: Influences on Prosecutorial Disclosure," in *Lawyers in Practice: Ethical Decision Making in Context* 269-92 (Leslie C. Levin & Lynn Mather, ed.) (University of Chicago Press 2012) (with Ellen Yaroshefsky)

"Rule 1.10: Imputation of Conflicts of Interest," in *The New York Rules of Professional Conduct: Rules and Commentary* 235-66 (2010) (NYCLA Ethics Inst., ed.)

"Rule 1.11: Special Conflicts of Interest for Former and Current Government Officers and Employees," in *The New York Rules of Professional Conduct: Rules and Commentary* 267-86 (2010) (NYCLA Ethics Inst., ed.)

"Rule 1.12: Specific Conflicts of Interest for Former Judges, Arbitrators, Mediators or Other Third-Party Neutrals," in *The New York Rules of Professional Conduct: Rules and Commentary* 287-95 (2010) (NYCLA Ethics Inst., ed.)

"Ethical Issues in Dealing with Experts," in *Litigators on Experts* 126 (ABA 2010) (with Lawrence J. Fox)

"Ethics in Criminal Advocacy," in *The State of Criminal Justice* 181 (2009) (with Ellen Yaroshefsky)

"Ethics in Criminal Advocacy," in *The State of Criminal Justice* 123 (2007-2008) (with Ellen Yaroshefsky)

"The Ethics of Marketing Legal Services," in *Effective Marketing for Lawyers* (N.Y.S. Bar Ass'n 1996) (with Russell Pearce), and *Effective Marketing for Lawyers* (N.Y.S. Bar Ass'n 2d ed. 2005) (with Russell Pearce)
Reporter to *Evidence in America: The Federal Rules in the United States* (1989-91 supp., Fed. R. Evid. 801, 802, and 804)

## Other Legal Writings

"Interviewing Corporate Client Officers and Employees: Ethical Considerations," in ABA Section of Litigation, 2004 Annual Conference.

Report of the Commission on Multijurisdictional Practice (Aug. 2002)

"Representing Corporations Under Fire: Ethical Considerations – A Hypothetical," and "Representing Corporations Under Fire: Ethical Considerations," in MCLE Marathon 2002 521, 527 (PLI 2002)

Interim Report of the Commission on Multijurisdictional Practice (Nov. 2001)

13

"A Guide to Professionalism Commissions" report of the ABA Standing Committee on Professionalism (2001)

"Recent Federal Court Decisions in Professional Responsibility," in Current Developments in Federal Civil Practice 2001 413 (PLI 2001) (with Mary Lu Bilek)

Editor, *Litigation Ethics: Course Materials for Continuing Legal Education* (ABA Section of Litigation 2000) (with John Q. Barrett)

"Assisting Clients with Multi-State and Interstate Legal Problems: The Need to Bring the Professional Regulation of Lawyers into the 21st Century" (report summarizing the proceedings of the Symposium on the Multijurisdictional Practice of Law) (June 2000)

"Recent Federal Court Decisions in Professional Responsibility," in Current Developments in Federal Civil Practice 1999 311 (PLI 1999)

"The Duty to Report Ethical Misconduct," in ABA Section of Family Law, *1998 Annual Meeting* 17 (July 31-Aug. 3, 1998)

"Local Rules Limiting Attorney Speech in Criminal Proceedings" (Federal Bar Council, June 1996) (principal author)

"Establishing Ethical Standards for Federal Prosecutors and Defense Attorneys," 49 The Record of the Assn. of the Bar of the City of New York 21 (1994) (principal author)

"Ex Parte Contacts With Employees of a Corporate Party in Civil Litigation," in ABA Section of Litigation, *Best Evidence Seminar* 41 (Apr. 19, 1991)
"Use of an Attorney's Statements Against His or Her Client," in ABA Section of Litigation, *Best Evidence Seminar* 35 (Mar. 9-10, 1990)

**Participation in Professional and Academic Programs**  (since January 2000)

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 30, 2014

Panelist, "Taz, Morality & Ethics," The Taslitz Galaxy: A Gathering of Scholars at Howard, Howard University School of Law, Sept. 19, 2014

Panelist, "Supreme Court Update and Other Notable Developments in Criminal Law," Southeastern White Collar Crime Institute, ABA Criminal Justice Section, Braselton, Georgia, Sept. 12, 2014

Co-presenter, "Regulation of U.S. Prosecutors in the Information Age," International Legal Ethics Conference VI, London, England, July 11, 2014

Presenter, "Reforming the regulation of the prosecutors: A slightly comparative perspective," Conference of the International Working Group for Comparative Studies of the Legal Professions, Frauenchiemsee, Germany, July 7, 2014

Panelist, "International Ethics," Ninth Annual Fordham Law School Conference on International Arbitration and Mediation," June 12, 2014

Panelist, "Fifth Annual Prescription for Criminal Justice Forensics," ABA Criminal Justice Section, NY, NY, June 6, 2014

Panelist, "Ethics of Working With Witnesses," Professional Education Broadcast Network, May 16, 2014

Panelist, "Plenary: Twenty Years After the MacCrate Report: Revisiting the Continuum," NCBE Annual Admissions Conference, Seattle, WA, May 3, 2014

Moderator, "Conflicts: The Basics and Recent Developments," Ethics for In-House Counsel: New Developments & Future Challenges, Fordham Law School, March 20, 2014

Panelist, "Race and Access to Justice," Georgetown Univ. Law Center, Washington, D.C., March 18, 2014

Co-speaker, "Professional Ethics for Public Interest Lawyers," Brennan Center for Social Justice, NY, NY, Feb. 28, 2014

Panelist, "Attorney Client Privilege and Selective Waiver in Bank Regulation," Cardozo Law School, Feb. 24, 2014

Panelist, "Who Are They to Judge?  Ethical and Professionalism Issues Facing the Bench," 1tth Annual Legal Ethics & Professionalism Symposium, Univ. of Georgia Law School, Feb. 21, 2014

Panelist, "Bridge the Gap" C.L.E. Orientation Program, Committee on Character & Fitness (Supreme Court, Appellate Division, First Judicial Department), NYCLA, Feb. 19, 2014

Moderator, "Ethical Choices in Dealing with Crime Victims: What is a Prosecutor, Defender and Judge to Do?," 2014 ABA Midyear Meeting, Chicago, IL, Feb. 7, 2014

Panelist, "Stop, Frisk & Judicial Independence: An Ethics CLE," NY Chapters of the Puerto Rican Bar, Federal Bar and National Bar Associations, U.S. Courthouse, NY, NY, Jan. 8, 2014

Commentator, "The Lost Lawyer and the Lawyer-Statesman Ideal: A Generation Later – the Shifting Sands of Professional Identity," AALS Annual Meeting, NY, NY, Jan. 4, 2014

Co-presenter, Workshop on Prosecutorial Ethics, Hitotsubashi Univ., Tokyo, Japan, Dec. 18, 2013

Co-presenter, Workshop on Prosecutorial Ethics, Japan Federation of Bar Associations, Tokyo, Japan, Dec. 17, 2013

Presenter, "Comparing the Honesty and Candor Obligations of U.S. Prosecutors and Defense Lawyers," Chukyo Univ., Nagoya, Japan, Dec. 16, 2013

Moderator, panel on "Unbundled Legal Services," "Until Civil Gideon: Expanding Access to Civil Justice," Fordham Law School, Nov. 1, 2013

Moderator, "Ripped from the Headlines," 9th Annual White Collar Seminar, NACDL, Washington, D.C., Oct. 24, 2013

Panelist, Federal Criminal Practice Institute, New York County Lawyers' Association, Oct. 19, 2013

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," Association of the Bar of the City of New York, Sept. 25, 2013

Moderator, "Criminal Discovery Under *Brady v. Maryland*: Current Developments,  Association of the Bar of the City of New York, Sept. 19, 2013

Moderator, "Navigating the Ethical Challenges in Counseling Unaccompanied Minors," DCS Legal Access Project Managers' Meeting, Vera Institute of Justice, July 31, 2013

Presenter, Ethics Workshop, Annual Capital Defense Training Program, New York City Bar, July 15, 2013

Panelist, "Culpability and White Collar Crime," 2013 AALS Midyear Meeting, San Diego, CA, June 10, 2013

Panelist, "The Ethics of Sub-Prime Lending," conference on The Mortgage Crisis–Five Years Later, Coalition for Debtor Education, Fordham Law School, June 3, 2013

Moderator, "Prosecutors' Ethical and Professional Decision Making – Is it Unique?," 39th ABA National Conference on Professional Responsibility, San Antonio, TX, May 30, 2013

Co-presenter, "Hot Topics in Legal Ethics," Fordham Law School, May 20, 2013

Panelist, "Criminal Law and Ethics," NYCLA, April 23, 2013

Panelist, "Religion and the Practice of Law," 2013 Conference on Religious Legal Theory, Touro Law Center, April 11, 2013

Commentator, Conference on "The Ethical Infrastructure and Culture of Law Firms," Hofstra Law School, April 5, 2013

Presenter, "The Gideon Effect: Rights, Justice and Lawyers Fifth Years After Gideon v. Wainwright," Yale Law Journal Symposium, Yale Law School, March 9, 2013

Panelist, "Complying with Brady and Strategies for Defense Counsel," 27th Annual National Institute on White Collar Crime, Las Vegas, Nevada, March 8, 2013

Panelist, "Ethics in White Collar Cases," 27th Annual National Institute on White Collar Crime, Las Vegas, Nevada, March 7, 2013

Presenter, "Imagining Plea Bargaining Without Competent Counsel: Justice Scalia's Pursuit of Less Perfect Justice," conference on Plea Bargaining After Lafler and Frye, Duquesne Univ. School of Law, March 1, 2013

Moderator, "The Business and Ethics of Managing a 21st Century Law Firm: New, Smart and Ethical Business Models," Fordham Law School, Feb. 26, 2013

Panelist, "Representing Financial Institutions and their Employees in SEC Enforcement Actions," ABA Section of Business Law, White Collar Crime Committee, NY, NY, Feb. 13, 2012

Speaker, "New Developments in Attorney-Client Privilege," AALS 2013 Annual Meeting, New Orleans, LA, Jan. 5, 2013

Chair and moderator, "Ethical Issues in Pro Bono Representation 2012," PLI, Dec. 18, 2012

Panelist, "Ethical Issues for the Modern Day Prosecutor," Kings County District Attorney's Office, Nov. 20, 2012

Panelist, "Navigating Ethical Waters: Obstruction of Justice, Destruction of Evidence and False Statements," 8th Annual White-Collar Seminar, NACDL, Fordham Law School, NY, NY, Nov. 15, 2012

Lecture, "Lawyers' Professional Independence: Overrated or Undervalued?," Miller-Becker Center for Professional Responsibility Distinguished Lecture Series, Akron Law School, Nov. 9, 2012

Speaker, "Federal Criminal Discovery Reform: A Legislative Approach," symposium on Defining and Enforcing the Federal Prosecutor's Duty to Disclose Exculpatory Information, the 13th Annual Georgia Symposium on Ethics and Professionalism, Mercer Law School, Oct. 5, 2012

Moderator, "Ethical Issues for Criminal Practitioners," National Law Journal/Legal Times & Fordham Law School, recorded webinar broadcast on Oct. 2, 2012

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2012," Association of the Bar of the City of New York, Sept. 12, 2012

Speaker, "Lawyers' Professional Independence: Is it undervalued or overrated?," International Legal Ethics Conference V, Banff, Alberta, July 13, 2012

Panelist, "Law Without Walls," International Legal Ethics Conference V, Banff, Alberta, July 13, 2012

Presenter, "Ethical Practice in the Criminal Justice System: Finding Common Ground," National Institute for Teaching Ethics & Professionalism, Seattle, WA, June 22-24, 2012

Panelist, "Parallel Proceedings: Emerging Issues & Best Practices," Association of the Bar of the City of New York, June 13, 2012

Presenter, "Rehabilitating Lawyers: Perceptions of Deviance and Its Cures in the Lawyer Disciplinary Process," 2012 International Conference on Law & Society, Honolulu, HA, June 5, 2012

Panelist, "So You Think You're Up-to-Date on Attorney Client Privilege & Confidentiality," 38th ABA National Conference on Professional Responsibility, Boston, MA, June 1, 2012

Panelist, "Conflicts in the Face of Corporate Representations and Government Investigative Techniques," 1st Annual White Collar Crime Institute,  Association of the Bar of the City of New York, May 14, 2012

18

Panelist, "Conflicts and Choice of Law Updates," Professional Responsibility and Legal Ethics: Exploring the Similarities and the Differences Across Legal Systems, Association of Professional Responsibility Lawyers International Conference, Istanbul, Turkey, May 4, 2012

Co-speaker, "Rehabilitating Lawyers: Perceptions of Deviance and its Cures in the Lawyer Reinstatement Process," The Law: Business or Profession? - The Continuing Relevance of Julius Henry Cohen for the Practice of Law in the Twenty-First Century, Fordham Law School, April 24, 2012

Speaker, "The Flood of U.S. Lawyers: Natural Fluctuation or Professional Climate Change?," Too Many Lawyers? - Facts, Reasons, Consequences, and Solutions, International Institute for the Sociology of Law, Oñati, Spain, April 20, 2012

Presenter, "Prosecutors and Professional Regulation," faculty workshop, Fordham Law School, March 22, 2012

Speaker, "Ethics," Counseling Clients in the Entertainment Industry 2012, PLI, March 12, 2012

Panelist, "Ethics for Government Lawyers 2012," PLI, March 9, 2012

Speaker, "Ethics for Government Lawyers," U.S. Environmental Protection Agency, Region 2, Office of Regional Counsel, March 8, 2012

Moderator, "Top Ten Reasons You'll Wish You had Become a Trust & Estates Lawyer: Ethical Pitfalls and Blunders in White Collar Practice," 26th National Institute on White Collar Crime, ABA, Miami, Florida, March 1, 2012

Panelist, "Developments in Ethics for Antitrust Lawyers," live webinar and teleconference, ABA Section of Antitrust Law, Feb. 16, 2012

Panelist, "Prosecutorial Accountability in the Post-*Connick v. Thompson* Era: Reforms and Solutions," ABA Death Penalty Representation Project et al., New Orleans, Louisiana, Feb. 4, 2012

Speaker, "Ethical Issues in Federal Practice," Current Developments in Federal Civil Practice 2012, PLI, Feb. 1, 2012
Panelist, "Technology in Your Practice - Trends, Tools and Ethics Rules,"  NYSBA Annual Meeting, Jan. 26, 2012

Panelist, "Rules of Professional Conduct and the Government Lawyer," NYSBA Annual Meeting, Jan. 24, 2012

Panelist, "Ethical Considerations in Setting Attorney Fees," NYSBA Annual Meeting, Jan. 24, 2012

Speaker, "Government Lawyering," 2012 Annual Meeting, AALS, Washington, D.C., Jan. 5, 2012

Chair and moderator, "Ethical Issues in Pro Bono Representation 2010," PLI, Dec. 21, 2010

Panelist, "Ethical Issues with Group Representation," LEAP conference on Civil Justice as bedrock value in Difficult Times, Nov. 29, 2011

Panelist, "The Watergate CLE," U.S. District Court - EDNY, Nov. 15, 2011

Panelist, "Future Ethics: Who Will Regulate Lawyers in 2020?," New York Law School, Nov. 14, 2011

Panelist, "Community Prosecution & Community Defense," Wake Forest Univ. School of Law, Nov. 4, 2011

Panelist, "Multi-jurisdictional rules of ethics and professional conduct: Coping with conflicting legal rules and privileges in a global business environment," German-American Lawyers' Association, NY, Oct. 25, 2011

Panelist, "What to Do?  Has the Potential Client (Who Will Not Disclose) Intentionally Misrepresented?", Working Group on Legal Opinions Fall 2011 Seminar, NY, Oct. 25, 2011

Panelist, "Sentencing Advocacy," 2011 Federal Criminal Practice Institute, NYCLA, Oct. 15, 2011

Moderator, "Representing Clients With Diminished Capacity," Association of the Bar of the City of New York, Oct. 13, 2011

Moderator, "The ABCs of D-efense in an E-lectronic Age: Ethics and Strategies," 7th Annual White Collar Seminar, NACDL, Fordham Law School, Sept. 22, 2011

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2011,"  Association of the Bar of the City of New York, Sept. 15, 2011
Panelist, "Alternative Litigation Financing: A New Way to Help Pay for Lawsuits and Stay Out of Trouble While Doing It," NYCLA, Sept. 14, 2011

Panelist, "The Ethical and Practical Challenges of Representing a Controversial Client," Federal Bar Council & Stein Center, E.D.N.Y. federal courthouse, June 29, 2011

Panelist, "What is Good Lawyering?," Conference on Padilla and the Future of the Defense Function, NACDL, Cardozo Law School, June 20, 2011

Luncheon speaker, "Staying Ahead of the Curve: What Every Criminal Defense Lawyer Needs to Know," NYSBA, Albany, NY, June 17, 2011

Panelist, "Tackling Ethical Issues Arising in Criminal Cases," NYCLA, June 16, 2011

Panelist, "Third Party Funding of International Arbitration Claims: The Newest 'New New Thing,'" NYSBA Dispute Resolution Section & Fordham Law School ADR and Conflict Resolution Program, June 15, 2011

Panelist, "How the Rules of Professional Conduct Apply to Government Lawyers," Seventeenth Annual Seminar on Ethics in New York City Government, NYC COIB & Center for New York City Law, New York Law School, May 17, 2011

Panelist, "Hypothetically Speaking II: Issues in the Attorney-Client Relationship under the Rules of Professional Conduct,"  Association of the Bar of the City of New York, May 16, 2011

Moderator, "Ethics Update: Perspectives from the Federal and State Judiciary," N.Y.S. Federal Judicial Council - Advisory Group, E.D.N.Y. federal courthouse, May 11, 2011

Moderator, "Ethics Update: Perspectives from the Federal and State Judiciary," N.Y.S. Federal Judicial Council - Advisory Group, S.D.N.Y. federal courthouse, May 10, 2011

Panelist, "An Overview of Attorney Error: Malpractice, Breach of Ethical Rules and Ineffective Assistance of Counsel," Mental Hygiene Legal Service, May 3, 2011 (videotape)

Panelist, "The Top Five Ethical Violations and Resulting Claims for Legal Malpractice," Spring 2011 National Legal Malpractice Conference, ABA Standing Committee on Lawyers' Professional Liability, Boston, MA, April 28, 2011

Panelist, "Anatomy of a Trial: Young Lawyer Trial Skills Training," ABA Section of Litigation & Criminal Justice Section Annual CLE Conference," Miami, Florida, April 14, 2011

Panelist, "Ethics," IP Enforcement and Litigation 2011: Civil and Criminal Update, PLI, March 30, 2011
Panelist, "Ethical Implications of Legal Aid and Pro Se Assistance," Legal Aid Society, March 18, 2011

Speaker, "Criminal Defense Ethics," 25th Annual Metropolitan New York Trainer, NYS Defenders Ass'n, March 12, 2011

Moderator, "Criminal Defense?: The Ethical and Legal Line Between Zealous Advocacy and Obstruction of Justice ," 25th National Institute on White Collar Crime, ABA Criminal Justice Section, Mar. 3, 2011, San Diego, CA

Panelist, "2011 Ethical Issues," 2011 Winter Bench & Bar Conference, Federal Bar Council, Los Cabos, Mexico, Feb. 21, 2011

Keynote Speaker, "Ted Schneyer's Impact on Legal Ethics Scholarship," The Ted Schneyer Ethics Symposium: Lawyer Regulation for the 21st Century, Univ. Of Arizona, James E. Rogers College of Law, Jan. 28, 2011

Panelist, "Ethical Pitfalls for Business Lawyers," Business Law Section, NYSBA Annual Meeting, Jan. 26, 2011

Co-speaker, "Legal Ethics & Professionalism," Nineteenth Annual London MCLE Fair, CLE Europe Limited, Jan. 15, 2011

Chair and moderator, "Ethical Issues in Pro Bono Representation 2010," PLI, Dec. 21, 2010

Moderator, "Ethical and Privilege Issues for Pharmaceutical Whistleblowers Counsel," Institutional Investor Educational Foundation, New York, NY, Dec. 9. 2010

Moderator, program on ethics and professionalism in criminal prosecution and defense, Multnomah County Courthouse, Portland, OR, Dec. 3, 2010

Panelist, "Ethics and the Construction Lawyer," NYCLA, Nov. 30, 2010

Speaker, "Ethical Practices for the Modern Prosecutor," Brooklyn District Attorney's Office. Oct. 26, 2010

Speaker, "Prosecutive Ethics," annual conference, National Association of Former United States Attorneys, Oct. 9, 2010

Moderator, "A Prosecutor's Brady/Discovery Obligations For Production of Documents," ABA Criminal Justice Section White Collar Crime Mid-Atlantic Regional Committee, Widener Law School, Wilmington, DE, Oct. 7, 2010

Panelist, ""Ethics and Litigation for Today's Trial Counsel," 2nd Annual Litigation Summit, Oct. 6, 2010

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2010," Association of the Bar of the City of New York, September 15, 2010

Panelist, "Hot Ethics Issues for Young Trial Lawyers (and the Young at Heart)," ABA ANNUAL Meeting 2010, San Francisco, CA, August 7, 2010

Speaker, "Criminal; Defense Ethics," New York State Defenders Association 43rd Annual Meeting & Conference, Saratoga Springs, NY, July 27, 2010

Panelist, "Lawyers in Context: Ethical Decision Making in Practice," International Legal Ethics Conference IV, Stanford Law School, July 17, 2010

Moderator, "Prosecutors and their Disclosure Duties: A Regulatory Conundrum," 36rd National Conference on Professional Responsibility, ABA, June 3, 2010

Panelist, "Hypothetically Speaking: Considering Issues for the Practitioner under the New Rules of Professional Conduct,"Association of the Bar of the City of New York, May 17, 2010

Panelist, "Bloomberg Corporate Internal Investigations: Ethical Considerations Seminar 2010," Bloomberg, NY, March 11, 2010

Panelist, "Protecting the Attorney-Client Privilege and Attorney Work Product," 24th Annual National Institute on White Collar Crime, Miami, Florida, Feb. 25, 2010

Panelist, "Half a Century of Advice," Committee on Professional Ethics, NYSBA Annual Meeting, Jan. 29, 2010

Chair, Ethical Issues in Pro Bono Representation 2009, PLI, NY, Dec.22, 2009

Panelist, "Ethics and the Role of Counsel at a Troubled Institution," Banking Law Update 2009: Shaping the Future of the Financial Services System, PLI, NY, Dec. 9, 2009

Moderator, "Ethics: 'Getting it Right and Wrong,'" Criminal Law, Procedure & Evidence Seminar, Brooklyn Law School, Dec. 5, 2009

Panelist, Decoding the New Rules of Professional Conduct: The Changes That Matter, Federal Bar Council, Dec. 3, 2009

Moderator and discussion leader, "New Perspectives on Brady and Other Disclosure Obligations: What Really Works?," Cardozo Law School, Nov. 15-16, 2009
Panelist, "Town Hall Meeting: Brady Practices in State and Federal Jurisdictions," ABA Criminal Justice Section, Washington, D.C., Nov. 5, 2009

Co-speaker, "How to Avoid Lateral Hire Conflicts under Rule 1.10," PLI teleconference, Nov. 3, 2009

Panelist, "Attorney-Client Privilege Issues Confronting General Counsel," N.Y.S. Judicial Institute on Professionalism in the Law, Oct. 30, 2009

Panelist, "Ethics and Professionalism: The Basics and Beyond," Accredited Provider Conference, NYS Continuing Legal Education Board, Oct. 29, 2009

Co-speaker, "The Civil Government Litigator: A View from the Jury Box," 2009 Hofstra Legal Ethics Conference, Power, Politics & Public Service: The Legal Ethics of Lawyers in Government, Oct. 20, 2009

Panelist, "Shyster, Sharks and Saviors: Are Legal Ethics Immoral," NYCLA, Oct. 14, 2009

23

Panelist, "Professionalism for Criminal Law Practitioners," Multnomah County Bar Association, Portland, OR, Oct. 9, 2009

Panelist, "Choppy Waters – The Ethics of Privilege and Disclosure," 5th Annual Defending the White Collar Crime Case – In and Out of Court, NACDL & the Stein Center for Law and Ethics, Oct. 1, 2009

Presenter and panelist, "Ethics for Breakfast: The New Rules of Professional Conduct and the Revised Power of Attorney Statute – Are You Ready?," Sixth Annual Trusts & Estates Conference, Calvary Hospital, Sept. 22, 2009

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2009," Association of the Bar of the City of New York, September 17, 2009

Panelist, "Avoiding Ethical Minefields When Preparing and Examining Witnesses," ABA Annual Meeting, Chicago, IL, July 30, 2009

Panelist, "Roundtable on Ethical Issues in Class Action Litigation," Class Action Litigation 2009: Prosecution and Defense Strategies, PLI, July 10, 2009

Panelist, "Standards for Prosecuting Corporate Fraud by Federal & State Agencies: The Impact of the Revised Justice Department Charging Guidelines," Association of the Bar of the City of New York, June 23, 2009

Panelist, "Ethics in the Wake of the New Rules of Professional Conduct, NYSBA, June 9, 2009
Panelist, "Making Pro Bono *Work*: Sustaining Corporate Pro Bono in an Economic Downturn, ACC-GNY, June 2, 2009

Panelist, "The Year in Review in Confidentiality and Attorney-Client Privilege," 35th ABA National Conference on Professional Responsibility, Chicago, IL. May 28, 2009

Speaker, "Ethics in Criminal Discovery: What Does/Should *Brady* Mean?," West LegalEdcenter (teleconference), May 14, 2009

Luncheon Speaker, "Hot Topics in Ethics and Professionalism," ABA Section of Litigation Committee on Ethics and Professionalism, ABA Section of Litigation Annual Conference, Atlanta, GA, April 30, 2009

Panelist, "Corporate Counsel's Guide to the New Disciplinary Rules," NYCLA, April 22, 2009

Speaker, "Legal Ethics for Customs and International Trade Practitioners," Customs and International Trade Bar Association, April 21, 2009

24

Panelist, Ethics panel, "Future Perspectives on Affordable Housing and Economic Development in New York City, Stimulus & Beyond,  Association of the Bar of the City of New York, March 27, 2009

Speaker, "New Professional Responsibilities and Ethics Rules," Office of the N.Y.S. Attorney General, March 20, 2009

Panelist, "The False Defense: How Far Can a Criminal Lawyer Go?," Lawline.com (on-line CLE), recorded on March 17, 2009

Panelist, "Choices, Choices: Legal Ethics and Choice of Law," Association of Professional Responsibility Lawyers Midyear Meeting, Boston, Mass., Feb. 13, 2009

Speaker, Ethics CLE, "Pro Bono Opportunities Day 2009," Association of the Bar of the City of New York, Feb. 10, 2009

Moderator, "Pretexting in Investigations: Is it Ethical?," NYSBA Annual Meeting 2009, Jan. 28, 2009

Commentator, Access to Justice Symposium, ABA Section of Litigation, Atlanta, Georgia, Dec. 4, 2008

Speaker, "The Role of Ethics Rules in Reducing the Risk of Wrongful Convictions," Lewis & Clark Law School, Nov. 6, 2008

Speaker, "When Good Ethics Go Bad," The Copyright Society of the U.S.A., NY, NY, Sept. 12, 2008

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2008," Association of the Bar of the City of New York, September 10, 2008

Moderator, "Attorney Client Privilege of Corporations: Vital Component of Due Process or Obsolete Vestige of Corporate Power and Influence?," APRL Annual Meeting, NY, NY, Aug. 9, 2008

Panelist, "Issues in Judicial Ethics," New Appellate Judges Seminar, NYU School of Law, July 16, 2008

Panelist, "Handling Fee Disputes in the U.S. and France," NYCLA, May 21, 2008

Panelist, "You Be the Legal Ethicist: Drawing Lines in Areas of Ethical Ambiguity," New York American Inn of Court, May 19, 2008

Speaker, prosecutorial ethics, meeting of the NJ County Prosecutors Association, Silver Lake, NJ, May 14, 2008

Moderator, "Attorney-Client Confidentiality in the Corporate Setting: Europe and the United States," APRL's Fifth International Meeting, Amsterdam, NE, May 7, 2008

Panelist, "Seeking Justice: Making Sense of the Special Responsibility of the Prosecutor," New York City Bar Bi-Annual Justice Retreat, A Summit on the Prosecution Function, April 12, 2008

Moderator, "Transparency Outside the Courtroom," symposium on Tradeoffs of Candor: Does Judicial Transparency Erode Legitimacy?, NYU Annual Survey of American Law, March 11, 2008

Moderator, "Ethical Responsibilities for Lawyers Negotiating and Settling Claims," Claims Management, Torts and Litigation of Claims - Current Developments and the International Context, Union Internationale des Avocats, Vail, CO, Feb. 29, 2008

Panelist, "Significant Rule Changes that will Change the Face of the Profession," NYSBA Annual Meeting, Jan. 30, 2008

Speaker, "Ethics Within and Beyond the Rules: Examples from Criminal Advocacy," Duke Law Leadership Experience, Duke Law School, Jan. 18, 2008

Panelist, "The City and the World," AALS 2008 Annual Meeting, NY, NY, Jan. 5, 2007

Panelist, "Technology and Ethical Issues for Lawyers," ABA-CLE Teleconference, Dec. 12, 2007

Speaker, "Criminal Defense Lawyering at the Edge: A Look Back," 2007 Legal Ethics Conference, Lawyering at the Edge: Unpopular Clients, Difficult Cases, Zealous Advocates, Hofstra Univ. School of Law, Oct. 15, 2007

Panelist, "Ethics for Corporate Counsel – The Changing Face of the Attorney-Client Privilege," Second Corporate Counsel Institute, NYSBA, Oct. 12, 2007

Moderator, "Corporate Representation after DOJ's McNulty Memo: The Implications of DOJ Policy for White Collar Defenders, Internal Investigators, Civil Litigators and Everyday Business Advisors," ABA-CLE Teleconference, Oct. 3, 2007

Panelist, "Ethical Considerations for Corporate Investigations: Update 2007," Association of the Bar of the City of New York, September 18, 2007

Panelist, "Issues in Judicial Ethics," Appellate Judges Seminar – New Judges Series, NYU Univ. School of Law, July 12, 2007

Panelist, Professional Ethics Workshop, Securities Indus. and Financial Markets Assn., June 12, 2007

Panelist, "Legal Industry Outsourcing," The American Lawyer, Corporate Counsel & Law Firm Inc., New York, NY, May 23, 2007

Speaker, "Ethical Limits on Informal Discovery," program on Winning Cases in Federal Court – Day 2, New York County Lawyers' Ass'n, May 22, 2007

Panelist, "After Hewlett Packard: Methods & Ethics of Conducting Corporate Investigations," Association of the Bar of the City of New York, May 17, 2007

Trainer, "Ethical Issues in Legal Services Practice," Legal Services of New York, May 7, 2007

Speaker, "Inquiring, Prying, Snooping and Spying -- The Use and Misuse of Private Investigators," American Academy of Matrimonial Lawyers, New York Chapter, May 4, 2007, NY, NY

Panelist, "Technology and Ethical Issues," Technology in the Practice & Workplace Committee Midwinter Meeting, ABA Section of Labor & Employment Law, NYU School of Law, April 27, 2007

Co-presenter, "The Private Bar and the Public Interest: Structuring Deliberation within Professional Associations," 13th Annual Clifford Symposium on Tort Law and Social Policy, DePaul Univ. College of Law, April 19, 2007

Panelist, "When the Ends Justify the Means: Use of Dissembling in Investigations in Aid of Civil and Criminal Litigation," NYCLA Inn of Court, March 22, 2007

Speaker, "Prosecutorial Ethics," Goldstock Criminal Law Lunch Seminar, N.Y.U. School of Law, March 8, 2007

Panelist, "Ethics and Mediation – Where There's Smoke, There's Fire!," Goliath vs. Goliath - Organizing the Construction Case for Mediation, ABA Section of Dispute Resolution, Feb. 23, 2007

Moderator, The Executive Branch's Legal Response to the Post 9-11 World: Unconstitutional Overreach or Necessary Precaution?, Fordham Law School, Feb. 22, 2007

Panelist, "The Prosecution and Defense of American White Collars - An Ethical Quagmire," Federal Bar Council Inn of Court, Jan. 25, 2006

Moderator, "Legal Ethics CLE in the Law School Setting: Can It Be Practical, Academic, and Interesting at the Same Time?," AALS 2007 Annual Meeting, Washington, D.C., Jan. 4, 2007

Co-panelist, Ethics in Criminal Practice, "2006 Legislative Program, Part I," Office of the NYS Attorney General, Dec. 7, 2006

Panelist, "Ethics and Professionalism," N.Y. State Bar Ass'n, Dec. 7, 2006

Speaker and moderator, "Ethics for Government Lawyers," Wisconsin Department of Justice, Office of the Attorney General, Madison, WI, Dec. 5, 2006

Co-panelist, "Ethical Issues Raised by Internal & Governmental Investigations," Mealey's Corporate Liability & Compliance Conference," Miami, Fla., Nov. 14, 2006

Panelist, "The Seventh Annual 'Ethics for Corporate Counsel' Program: Corporations in Crisis," N.Y. State Bar Ass'n, Oct. 13, 2006

Panelist, "NYCLA Retreat: Ethics," N.Y. County Lawyers' Association, Oct. 9, 2006

Response, "When Conscience Clashes with State Law & Policy: Distinctions between the Roles of Lawyers and Judges," Inst. on Religion, Law and Lawyer's Work, Fordham Law School, Sept. 22, 2006

Panelist, "Ethical Considerations for Corporate Investigations: Update 2006," Association of the Bar of the City of New York, Sept. 12, 2006

Panelist, "Assault on the Attorney-Client Privilege: What Every Lawyer Needs to Know," Fall 2006 National Legal Malpractice Conference, ABA Standing Committee on Lawyers' Professional Liability, Chicago, IL, Sept. 8, 2006

Panelist, "Avoiding Inadvertent Production of Privileged Documents," ABA TeleConference and Audio Webcast, August 8, 2006

Speaker, "Choice of Ethics Rules in Arbitration," Transatlantic Perspectives on ADR, St. John's Univ. School of Law & Chartered Institute of Arbitrators, London, England, July 27, 2006

Panelist, "Privileges in Regulatory & Criminal Investigations: Legal & Ethical Issues," Association of the Bar of the City of New York, June 27, 2006

Panelist, "Common Conflicts of Interest in Transactional Law Settings," ABA TeleConference and Audio Webcast, June 27, 2006

Panelist, "Emerging Issues: Money and Government," Twelfth Citywide Seminar on Ethics in New York City Government, N.Y.C. Conflicts of Interest Board/New York Law School, May 23, 2006

Panelist, "Preparing or Coaching the Witness: Where is the Ethical Line?," New York County Lawyers' Association, May 16, 2006

Keynote speaker, "The Conversation Between Law and Medicine," Student Physician Awareness Day, New York Medical College, Mt. Kisco, NY, April 27, 2006

Panelist, "Common Conflicts of Interest in Transactional Law Settings," Spring 2006 National Legal Malpractice Conference, NY, NY, April 6, 2006

Trainer, "Ethical Issues in Legal Services Practice," Legal Services for New York City, March 30, 2006

Co-speaker, "Ethics and Public Interest Law: Discussion of Current Issues (2006)," N.Y. Lawyers for the Public Interest, March 30, 2006

Panelist, "Ethical Considerations of an In-House Lawyer," Annual Seminar of the Securities Industry Association Compliance and Legal Division, Hollywood, Florida, March 20, 2006

Moderator, "Ethical Issues in Private Funds Practice," 7th Annual International Conference on Private Investment Funds, International Bar Ass'n & ABA Section of Business Law, London, England, Feb. 27, 2006

Panelist, "Ethics in Commercial Mortgage Practice," Commercial Real Estate Financing 2006, PLI, Feb. 17, 2006

Panelist, "Government Requests for Corporate Waivers of the Attorney-Client Privilege," NYSBA Annual Meeting, Jan. 25, 2006

Facilitator, "Conference on Representing Children in Families: Children's Advocacy and Justice Ten Years After Fordham," William S. Boyd School of Law, Las Vegas, NV, Jan. 12-14, 2006

Commentator, "Professional Responsibility and the Religious Traditions," AALS Annual Meeting, Washington, D.C., Jan. 4, 2006

Panelist, "Checking the Pulse of the Attorney-Client Privilege," ABA Connection teleconference, Dec. 21, 2005

Moderator, "Litigation Ethics: Problems of Conflicts, Confidentiality and Candor," Federal Bar Council 2005 Fall Bench & Bar Retreat, Nov. 6, 2005

Panelist, "Le secret Professionnel des Avocats en France et aux USA" [Attorney-Client Privilege in France and the U.S.], La Barreau de Lille & New York County Lawyers' Association, Lille, France, Oct. 28, 2005

Panelist, "Le Plaider coupable" [The Guilty Plea], La Barreau de Lille & New York County Lawyers' Association, Lille, France, Oct. 27, 2005

Panelist, "Corporate Crimes: Investigating and Prosecuting the Entity and its Employee," New York Council of Defense Lawyers Retreat, Oct. 15, 2005

Panelist, "Zealous Advocacy: Ethics for the Criminal Defense Attorney," Fordham Univ. School of Law, Oct. 11, 2005

Panelist, "Ethical Considerations for Corporate Investigations," Association of the Bar of the City of New York, September 14, 2005

Moderator, "The Attorney-Client Privilege from Cradle to Grave: An Examination of the Role, Implications, and Viability of the Attorney-Client Privilege," ABA Annual Meeting, Chicago, IL, Aug. 7, 2005

Moderator, "Ethical Issues in Pro Bono," Association of the Bar of the City of New York, June 28, 2005

Panelist, "Ethical Dilemmas for Financial Services Attorneys," SIA Compliance & Legal Division, June 21, 2005

Panelist, "Civility & Zealous Advocacy – Building Blocks to Success: The American College of Trial Lawyers Codes of Pre-Trial & Trial Conduct," Association of the Bar of the City of New York, June 20, 2005

Presenter, Symposium: "Should There Be an Effort to Develop Uniform Statewide Attorney Disciplinary Rules?", NYCLA, May 13, 2005

Panelist, "The Efficacy of Unbundling Legal Services," Partners in Justice: A Colloquium on Developing Collaborations Among Courts, Law School Clinical Programs and the Practicing Bar, New York State Judicial Institute, May 9, 2005

Panelist, "You're Fired! Conflicts of Interest and Disqualification of Counsel," Federal Bar Council, April 26, 2005

Speaker, "Ethical Issues in Legal Services Practice," Legal Services of New York, March 15, 2005

Panelist, "Rising to the Challenge: How Should a Civil Practitioner Deal with Liars, Cheaters, Suicide Threateners, and Other Difficult Clients?," Fordham Univ. School of Law, March 14, 2005

Panelist, "Ethical Considerations in Commercial Mortgage Practice," Commercial Real Estate Financing 2005, PLI, Feb. 18, 2005

Speaker, "United States Regulation of Multijurisdictional Practice," Conference on Liabilities of Lawyers in Crossborder Transactions and Disputes, Center for International Legal Studies, Kitzbuhel, Austria, Jan. 25, 2005

Panelist, "New Developments in Ethical Considerations for the Business Attorney," in MCLE Marathon 2004, PLI, Dec. 16, 2004

Panelist, "Waivers That Work - Managing Conflicts Effectively," NYLJ & Stein Center, Dec. 6, 2004

Moderator, "Practical Problems in Litigation Ethics," Trial Evidence in the Courts: Problems and Solutions, ALI-ABA, Dec. 2, 2004

Panelist, "'Acceptable Lies?' - The Ethics of Negotiation, and Legal Duties of Disclosure," NYLJ & Stein Center, Dec. 1, 2004

Moderator, "Ethical and Professional Issues in Litigation," Marilyn Stein Bellet Conference on Law and Ethics, Hilton Head, SC, Nov. 13, 2004

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2004," Association of the Bar of the City of New York, Sept. 14, 2004

Moderator, "Tattletales or Crimestoppers: Disclosure Ethics Under Model Rules 1.6 and 1.13," ABA Annual Meeting, Atlanta, GA, Aug. 7, 2004

Panelist, "Representing Clients with Diminished Capacity," NYSBA Legal Assistance Partnership Conference, Albany, NY, June 15, 2004

Panelist, "Avoiding Potholes: Discovery and Ethics on the Highway to Trial," ABA Section of Litigation Annual Meeting, Phoenix, AZ, May 6, 2004

Panelist, "Confronting Possible Client Fraud: Is 'Don't Ask, Don't Tell' an Ethically Acceptable Approach?," Brooklyn Bar Ass'n, Apr. 14, 2004

Panelist, "Ethical Issues in Pro Bono," Association of the Bar of the City of New York, Feb. 25, 2004

Panelist, "Ethical Considerations in Commercial Mortgage Practice," Commercial Real Estate Financing 2004, PLI, Feb. 24, 2004

Panelist, "Should New York Adopt the Model Rules of Professional Conduct?," NYSBA 2004 Annual Meeting, Jan. 28, 2004

Panelist, "Ethical Challenges in Employment Law," ABCNY, Jan. 16, 2004

Moderator, "Ethics in Action: The Role of Intergenerational Differences in Setting a Lawyer's Moral Compass," Northeast NALP, Jan. 15, 2004

Panelist, "The Attorney-Client Privilege and the Potential Abuse of Public and Private Power," AALS Annual Meeting, Atlanta, Ga., Jan. 5, 2004

Panelist, "Conflict of Interest Issues in Corporate Representation," PLI, Dec. 19, 2003

Panelist, "New Developments in Ethical Considerations for the Business Attorney," PLI, Dec. 18, 2003

Panelist, "Should Criminal Defense Lawyers Be Constrained by the Truth?: The Limits of Zealous Advocacy," Fordham Univ. School of Law, Nov. 25, 2003

Speaker, "Government Attorney Conduct from the Ethics Committees' Perspective," 2003 Ethics for Government Attorneys, Office of the NYS Attorney General, Nov. 14, 2003

Panelist, "Ethical Dilemmas Faced During the Defense of a Criminal Case," co-sponsored by the Legal Aid Society and the Stein Center, Fordham Univ. School of Law, Nov. 13, 2003

Panelist, "Ethics for Corporate Counsel," N.Y.S. Bar Ass'n Corporate Counsel Section, Oct. 27, 2003

Panelist, "Thorny Ethical Issues in Litigation," Federal Bar Council 2003 Fall Bench & Bar Retreat, CT, Oct. 18, 2003

Panelist, "Legal Ethics vs. Personal Morality: How to Resolve the Unresolvable," co-sponsored by the Legal Aid Society and the Stein Center, Fordham Univ. School of Law, Sept. 29, 2003

Commentator, conference on "Judging Judges' Ethics," Hofstra University School of Law, Sept. 14-15, 2003

Panelist, "Ethical Considerations for Corporate Investigation: Updates 2003," ABCNY, September 11, 2003

Panelist, panel on Ethics for program on "Real Estate Titles and Transfers, N.Y. State Bar Ass'n, June 19, 2003

Moderator, "Conflicts of Interest in Criminal Practice," ABA National Conference on Professional Responsibility, Chicago, IL, May 29, 2003

Co-panelist, "Ethical Considerations of Asset Protection," Estate Planners Day, Estate Planning Council of NYC, May 9, 2003

Panelist, "Plenary Session: Coming Soon to a State Rules Committee Near You: How Will Ethics 2000 Affect Lawyer Liability?," ABA National Legal Malpractice Conference, New Orleans, Apr. 24, 2003

Moderator, "Ethics for Litigators," Assoc. of the Bar of the City of New York, Apr. 14, 2003

Moderator, "Top Ten Reasons Why You Should Read the 2002 Model Rules of Professional Conduct," ABA Section of Litigation Annual Meeting, Houston, TX, April 12, 2003

Panelist, "Collaborations Between Lawyers and Social Workers: Avoiding Ethical Minefields," Fordham Univ. School of Law, April 7, 2003

Moderator, "Effect of Present Wartime Legislation on Practicing Attorneys: A Discussion of Future Implications," conference on American Democracy in Times of War, Benjamin N. Cardozo School of Law, March 24, 2003

Speaker, "Criminal Neglect: Non-diligent Criminal Defenders, Under-funded Public Defense Systems, and the Disciplinary Non-response," What Do Clients Want? Emory Conference on Ethics and Professionalism, Emory Univ. School of Law, March 14, 2003

Speaker, "Ethical Issues and the Practice of Public Interest Law," Brennan Center for Justice, March 6, 2003

Panelist, "The Ethics of Helping Clients Who Cannot Help Themselves," Fordham Univ. School of Law, March 3, 2003

Speaker, "Criminal Neglect: Non-Diligent Criminal Defenders, Under-funded Public Defender Systems, and the Disciplinary Non-response," Association for Practical and Professional Ethics annual meeting, Charlotte, N.C., Feb. 28, 2003

Panelist, "Benchmarks of Ethics Center Excellence: Funding Strength," Ethics Center Colloquium: Strategic Planning for Ethics Centers, Association for Practical and Professional Ethics, Charlotte, N.C., Feb. 27, 2003

Panelist, "Ethical Considerations in Commercial Mortgage Practice," Commercial Real Estate Financing 2003, PLI, Feb. 25, 2003

Moderator, panel on "Integrity in the Practice of Law," Conference on Integrity in the Law, Fordham Univ. School of Law, Feb. 7, 2003

Co-presenter, Asset Protection – Ethical Considerations, UJA Federation of NY, Feb. 4, 2003

Trainer, "Disciplinary Procedures and Overview of Issues Relevant to MELS' Practice," Legal Services for New York City, Feb. 3, 2003

Panelist, "New Developments in Ethical Considerations for the Business Attorney," PLI, December 19, 2002

Panelist, "Ethical Issues in Representing a Corporation Under Investigation," Fordham Univ. School of Law, November 19, 2002

Luncheon speaker, "Ethical Issues for Government Lawyers in Dealing with Witnesses," Professional Responsibility Officers' Conference, U.S. Department of Justice, Washington, D.C., November 13, 2002

Panelist, "Talking to the Media: Practical & Ethical Considerations Lawyers Need to Know about the Big, Bad World of TV & Radio," Association of the Bar of the City of New York, November 12, 2002

Moderator, "Moral Philosophy and the Practice of Justice," Federal Bar Council, Kerhonkson, NY, October 26, 2002

Panelist, "Representing the Corporation in Crisis," New York State Bar Association, Business Law Section Fall Meeting, St. Thomas, October 11, 2002

Panelist, "Seminars for Judges: Should Judges Attend Seminars Funded by Private Organizations, and if so, How Should Such Programs Be Funded?,"Association of the Bar of the City of New York, October 9, 2002

Speaker, ABA National Legal Malpractice Conference, Chicago, IL, Sept. 13, 2002

Panelist, "Keeping to the Straight and Narrow: Ethical Issues for Civil Litigators," N.Y. State Bar Ass'n, June 7, 2002

Panelist, "Teaching Professional Responsibility: 'Woodshedding' or Coaching the Witness and Impeaching the Honest Witness," plenary session of AALS Conference on Evidence, Alexandria, Va., June 1, 2002

Moderator, "Law Practice at the Crossroads: How Far Should We Go in Changing Rules Governing Cross-Border Practice and Bar Admission?," N.J. State Bar Ass'n annual meeting, May 22, 2002

Panelist, "The New York Lawyer Practicing Delaware Law" (program on "The Delaware-New York Nexus 2002"), N.Y. County Lawyers' Ass'n, May 3, 2002

Speaker, "Prosecutorial Ethics as Usual," conference on ABA Model Rules of Professional Conduct, University of Illinois School of Law, April 5, 2002

Moderator, "Ethical Issues for the Lawyer in Dealing with Mentally Ill Clients," Association of the Bar of the City of New York, March 23, 2002

34

Moderator, "Legal Issues Arising from Acts of Terrorism and Anti-Terrorist Efforts," U.S. Judicial Conference for the District of New Jersey, March 20, 2002

Co-panelist, "Ethical Issues in Transactional Practice," Fordham Law School, March 6, 2002

Trainer, "Selected Topics in Legal Ethics," Legal Services for New York City, March 5, 2002

Speaker, "Ethical Considerations," program on "Commercial Real Estate Finance," PLI, February 26, 2002

Panelist, "Legal Ethics in the Practice of Criminal Law," Association of the Bar of the City of New York, February 21, 2002

Panelist, "Ethics Issues in Multijurisdictional Practice," ABA Connection, February 20, 2002 and February 21, 2002 (teleconference)

Panelist, "Dialogue Regarding the Issue: Justice Monitors Attorney/Client Communications," Joint program of APRL and ABA Center for Professional Responsibility, ABA Midyear Meeting, Philadelphia, Jan. 31, 2002

Panelist, "Preparing and Presenting Experts: Practical and Ethical Issues," N.Y.S. Bar Ass'n annual meeting, Antitrust Law Section, Jan. 24, 2002

Speaker, "Ethical Issues and the Practice of Public Interest Law," Brennan Center for Justice at NYU School of Law, Dec. 11, 2001

Panelist, New Developments in Ethical Considerations for the Business Lawyer, MCLE Marathon 2001, PLI, Dec. 7, 2001

Speaker, "Ethics and Professionalism," program titled "Update 2001," N.Y.S. Bar Ass'n, Nov. 2, 2001

Panelist, "Ethics and Discovery," Federal Bar Council, Oct. 14, 2001

Co-presenter, "Ethics for Transactional Lawyers," Fordham Law School, Oct. 10, 2001

Speaker, 2001 Legal Ethics Conference: "Legal Ethics: What Needs Fixing?," Hofstra University School of Law, Sept. 10, 2001

Panelist, "Ethics and Criminal Procedure," Israeli Ministry of Justice (in conjunction with the Stein Center), Jerusalem, Israel, July 5, 2001

Panelist, ethics issues in real estate practice, "Real Estate Titles and Transfers," N.Y.S. Bar Ass'n, June 14, 2001

Co-chair and speaker, "Ethics and Professionalism," N.Y.S. Bar Ass'n, June 13, 2001
Panelist, "Ethical Issues in Welfare Advocacy," The Legal Aid Society, June 11, 2001Panelist, "Ethics in Government," State of New York Office of the Attorney General, June 9, 2001

Panelist, "What Every New Attorney Must Know About Ethics, Part II," PLI, May 29, 2001

Panelist, "Training the Advocate," ABA Section of Litigation Annual Meeting, Phoenix, AZ, May 10, 2001

Presenter, ethics issues in commercial real estate finance, program on "Commercial Real Estate Finance," PLI, May 4, 2001

Panelist, program on Ethics in Litigation, New York County Lawyers' Assn., April 30, 2001

Presenter, Clifford Symposium on Tort Law and Social Policy ("Smoke Signals: The Changing Landscape of the Practice, Financing and Ethics of Civil Litigation in the Wake of the Tobacco Wars"), April 4-6, 2001, DePaul College of Law

Moderator, Ethical Issues in Settlement Negotiations, Walter F. George School of Law, Mercer University, March 9-10, 2001

Presenter, CLE program on ethics in criminal defense representation, Brooklyn Defender Services, Jan. 30, 2001

Panelist, Symposium on Unlawful Practice of Law: Toward a Definition of the "Practice of Law," NYSBA annual meeting, Jan. 25, 2001

Panelist, CLE program on legal ethics, PLI, Nov. 21, 2000

Panelist, CLE program on ethics in transactional representation, Fordham Univ. School of Law, Nov. 8, 2000

Panelist, CLE program on ethics in criminal advocacy, Fordham Univ. School of Law, Nov. 1, 2000

Panelist, CLE program on ethics in real estate transactions, Chicago Title, Oct. 30, 2000

Panelist, CLE program on witness preparation, Federal Bar Council, Oct. 25, 2000

Panelist, symposium on professionalism sponsored by S. Carolina Univ. School of Law, Savannah, Ga., Oct. 21, 2000

Panelist, CLE program on ethical issues for legal services lawyers, LSNY, Oct. 11, 2000

Presenter, symposium on ethics issues for law professors, S. Tex. College of Law, Oct. 6, 2000

Presenter, faculty workshop, ethics issues for law professors, Fordham Univ. School of Law, Sept. 28, 2000

Panelist, "Ethical Considerations in Asset Protection – Views from the Bench and Bar," ABA annual meeting, July 10, 2000

Panelist, "Lawyer vs. Client: Avoiding Ethical Pitfalls When the Attorney-Client Relationship Becomes Rocky," ABA annual meeting, July 9, 2000

Panelist, program on corporate internal investigations and cooperation, titled "I'm from the Government and I'm Here to Help You," ACCA, June 27, 2000

Panelist, program titled "Ethical Considerations for Criminal Practitioners," NYCLA, June 27, 2000

Speaker, "The Blurring Line Between Law & Business – Maintaining Ethical Standards," NYLJ General Counsel Conference, June 16, 2000

Panelist, panel on Ethics and the Newsgathering Process, for PLI program on "Newsgathering & Libel Litigation 2000," June 15, 2000

Member of planning committee, Partnerships Across Borders: A Global Forum on Access to Justice, ABCNY, Apr. 6-8, 2000.

Speaker, Symposium on "Prosecutorial Misconduct: Discretion, Remedies, and Ethics," Georgetown Law School, Mar. 30, 2000

Speaker, CLE program on legal ethics, Appellate Division, First Department, Mar. 27, 2000

Speaker, Symposium on "Legal Ethics for Government Lawyers: Straight Talk for Tough Times," Widener Univ. School of Law (Harrisburg), March 23, 2000

Organizer and participant, Symposium on the Multijurisdictional Practice of Law, Mar. 10-11, 2000

Speaker, CLE program on current topics in legal ethics, Fordham Law School, March 7, 2000

Panelist, "The Ethics, Tactics and the Law of Witness Preparation," Federal Bar Council annual winter meeting, Feb. 29, 2000

Panelist, "Lawyers Under Investigation: Are Prosecutors and Defense Lawyers Simply 'Doing Their Jobs'?", Federal Bar Counsel annual winter meeting, Feb. 28, 2000

Speaker, "The Future of the Legal Profession: A Symposium on Multidisciplinary Practice," Minnesota Law School, Feb. 26, 2000

Moderator, workshop program for deans and bar leaders, ABA Mid-Year Meeting, Feb. 11, 2000

Organizer and speaker, CLE program on ethics in litigation, Fordham Law School, Feb. 8, 2000

Invited guest, meeting of the Subcommittee on Attorney Conduct Rules, Committee on Rules of Practice and Procedure, Judicial Conference of the United States, Feb. 4, 2000

Organizer and introducer, program on "Ethics in Criminal Advocacy," AALS Annual Conference, Jan. 6, 2000

# EXHIBIT  3B

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the GULF | * | |
| OF MEXICO, on APRIL 20, 2010 | * | SECTION J |
| | * | |
| **THIS DOCUMENT APPLIES TO ALL** | * | JUDGE CARL J. BARBIER |
| **ACTIONS.** | * | |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | SHUSHAN |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## Statement of Assumed Facts Provided to and Relied Upon by Bruce A. Green

a. On April 20, 2010, the Deepwater Horizon platform exploded, killing 11 people and releasing oil into the Gulf of Mexico for the next 87 days.

b. On June 16, 2010, while oil was continuing to flow into the Gulf of Mexico, BP created the Gulf Coast Claims Facility (the GCCF) to speed emergency claims processing. BP appointed Kenneth Feinberg to head the program.

c. As the GCCF claims process was being established, Patrick Juneau was hired as a liaison by the Louisiana Attorney General to assist the State with understanding GCCF processes and protocols. His contract, dated July 2, 2010, specifically noted that it "does not include litigation." Rather, Mr. Juneau was retained to provide advice and counsel on matters "related to the claims process and allocation protocols utilized and developed by the Responsible Parties associated with and/or arising from the Deepwater Horizon Oil Spill." The contract had a three-year term and was based on hourly rates, with a maximum cap amount of $175,000.

1

d.  From July-August 2010, Kenneth Feinberg emailed the Attorneys General of the Gulf States and their respective liaison counsel (including Patrick Juneau) several drafts of emergency claims processing protocols for the GCCF, soliciting comments and collaborating with them to establish guidelines for claims processing.  Feinberg and Juneau met in person on August 18, 2010 during this process and exchanged several emails with drafts and comments.

e.  Both Mr. Feinberg and other representatives of BP were aware of Mr. Juneau's role as a liaison for the State of Louisiana.  On July 15, 2010, Mr. Juneau spent the day traveling across Louisiana by helicopter with GCCF personnel, state officials, and BP Vice President Darryl Willis; the team attended town hall meetings in Harahan, Houma, Port Sulphur, and Lafitte throughout the day.  Mr. Juneau met Darryl Willis and remembers talking with him that day.

f.  On August 13, 2010, Patrick Juneau met BP's Geir Robinson at a meeting of State and local officials at the Claiborne Building in Baton Rouge, LA.

g.  The GCCF began accepting claims for Emergency Advance Payments on August 23, 2010.  Feinberg and Juneau continued their collaborative relationship as the Final Protocols were being developed, meeting in person again for a business dinner in Baton Rouge on September 13, 2010.  In the following months, Feinberg again solicited comments from Juneau and the other state Attorneys General and their representatives on the proposed release language and final protocols.

h.  On November 17, 2010 Louisiana Attorney General Buddy Caldwell wrote to Kenneth Feinberg, copying BP's Mark Holstein and Jack Lynch as well as his fellow Gulf States Attorneys General, giving Louisiana's comments on the GCCF release and draft protocol.

The letter specifically mentions Mr. Juneau's work on these issues and his communications with Mr. Feinberg saying, "I would also like to incorporate by reference the comments submitted to you, via email, on November 8, 2010 by Patrick Juneau."

i.  On November 30, 2010, Mr. Feinberg forwarded an email string between Mr. Feinberg and Mr. Juneau regarding the "GCCF Protocol & Release" to BP lawyer Thomas Milch of Arnold & Porter.  The emails include lengthy and specific comments by Mr. Juneau regarding the GCCF protocol and release, as well as a November 28, 2010 email from Mr. Feinberg to Mr. Juneau in which Mr. Feinberg thanks Mr. Juneau for his comments and compensation models.

j.  Representatives of BP's legal team, including attorneys Mark Holstein of BP and Daniel Cantor of Arnold & Porter, hosted a conference call with the Attorneys General of the Gulf States to discuss the GCCF release language wherein Patrick Juneau participated as a representative of the State of Louisiana on December 7, 2010.

k.  Information on Mr. Juneau's role also was publicly available.  David Segal wrote a *New York Times* article on October 23, 2010 quoting Mr. Juneau and describing him as "working as a liaison to Mr. Feinberg on behalf of the attorney general of Louisiana." Moreover, an email dated October 12, 2010 from David Segal to Patrick Juneau indicates that Segal got Mr. Juneau's name, number and email address from Ken Feinberg for his Sunday business section feature story on proximity claims.

l.  Mr. Juneau's contract with the State was amended on March 3, 2011 to increase the maximum amount payable to his firm under the contract by $100,000.  The original scope of the engagement remained unchanged.

m.  Roughly one year after the oil spill had ended, on July 21, 2011, with the GCCF protocols now well-established, Patrick Juneau terminated his contract for consulting services with the State of Louisiana.

n.  The State of Louisiana made three court filings during the term of Mr. Juneau's contract. First, on February 1, 2011, Louisiana joined several other Gulf States in supporting the PSC's motion for the Court to supervise the GCCF's communications with claimants. The Court granted the motion the following day, on February 2, 2011, and ordered further briefing.  The State of Louisiana submitted its second filing, a supplemental brief in response to the Court's order on February 17, 2011.  Third, on April 19, 2011, the State of Louisiana filed its claim for damages against BP in the MDL 2179 proceedings.

o.  Mr. Juneau did not sign any pleadings referenced above in paragraph m or appear as counsel of record on any filing made by the State of Louisiana.

p.  In its February 2, 2011 Order and Reasons, Rec. Doc 1098 at 11-13, the Court held that Kenneth Feinberg and the GCCF were acting as agents of BP and could not "be considered 'neutral' or totally 'independent' of BP."  There is no dispute that Kenneth Feinberg was well-aware of Mr. Juneau's role as a liaison to the State of Louisiana.

q.  Seven months after Patrick Juneau terminated his consulting contract with the State of Louisiana, on February 26 & 27, 2012, BP and the PSC jointly interviewed Patrick Juneau for the position of Claims Administrator.  During that interview, it was Patrick Juneau who specifically told all parties, including BP attorney Keith Moskowitz, of his prior role with the State during the GCCF process—as documented by Moskowitz's own handwritten notes.  Mr. Juneau also answered all questions that were addressed to him by the Parties during the two-day interview process.   The Parties interviewed other

4

candidates as well, but jointly submitted only Patrick Juneau's name to the Court for consideration.

r. The Economic and Property Damages Settlement Agreement in Principle was announced on March 2, 2012.  The State of Louisiana was not then and is not now a party to the Settlement Agreement.  The State of Louisiana, as a governmental entity, is specifically excluded from the settlement class.

s. Patrick Juneau was appointed Claims Administrator of the transition process on March 8, 2012.  During the transition process, Mr. Juneau again met with Kenneth Feinberg to discuss the GCCF program and effectuate a smooth transition to the Court Supervised Settlement Program (CSSP).

t. The CSSP is based exclusively on the Settlement Agreement.  Though funded by BP, BP does not control the CSSP.

u. The Court held a Preliminary Approval Hearing on May 1, 2012 and granted Preliminary Approval of the Settlement Agreement on May 2, 2012, appointing Patrick Juneau as Claims Administrator of the CSSP.  The CSSP began processing claims on June 4, 2012.  A final approval hearing was held on November 8, 2012 and the Court granted final approval on December 21, 2012.   BP did not raise any objection to Mr. Juneau's appointment or conduct as Claims Administrator, or to his prior work history at the Preliminary or Final Approval Hearings.  By that time, Mr. Juneau had served as Claims Administrator of the transition process and the CSSP for over nine months and had processed more than 79,000 claims, authorizing payments of more than $1.3 billion to claimants since the program's commencement on June 4, 2012.

v.  The Court appointed Louis J. Freeh as Special Master on July 2, 2013.  During the Special Master's Independent Internal Investigation, Mr. Juneau provided an on-the-record interview about allegations of staff misconduct.  In answer to the Special Master's simple question, "Approximately when were you appointed, sir?" Mr. Juneau volunteered a lengthy narrative summary of how he was appointed, indicating that he didn't represent any claimants or a defendant in the spill when he was called in to the 2012 interview and "really had no connection with the spill per se."  After a thorough investigation of allegations of staff misconduct, Special Master Freeh submitted his report, noting that Mr. Juneau had displayed proper conduct and set an "ethical tone at the top."

w.  At no time in the publicly viewable portions of the August 1, 2013 transcript of the Special Master's interview with Patrick Juneau does the Special Master inquire about Mr. Juneau's services for the State of Louisiana.  The interview's focus was solely on alleged misconduct by two staff members.  Mr. Juneau would have happily volunteered, yet again, this information (which was already known to BP, its attorneys, and its agents) had he been asked or had it been a subject of the interview.

x.  BP submitted its Motion to Remove Patrick Juneau as Claims Administrator on September 2, 2014.  The Motion included declarations from Mark Holstein and Daniel Cantor (both of whom were participants in the December 7, 2010 conference call also attended by Mr. Juneau) claiming they only recently became aware of Patrick Juneau's consulting role on behalf of the State.  Although Keith Moskowitz is listed as an attorney of record on the Motion, he did not submit a similar (or any other) declaration, despite his handwritten notes documenting Mr. Juneau's disclosure in 2012, which notes were presented as an exhibit to the Motion.

6

y.  As set forth in the Settlement Agreement, Patrick Juneau's duty as Claims Administrator is to "faithfully implement and administer the Settlement, according to its terms and procedures, for the benefit of the Economic Class, consistent with this Agreement, and/or as agreed to by the Parties and/or as approved by the Court." ¶ 4.3.1.

z.  The Claims Administrator is selected and appointed by the Court; is responsible to the Court; must serve as directed by the Court; and may be removed by the Court.  The Court retains "ongoing and exclusive jurisdiction over the Settlement Program until the consideration and determination of all Claims is complete and the Settlement Program is terminated by the Court."  ¶¶ 4.3.1, 4.3.2, 4.3.3.

aa. The Claims Administrator heads the Settlement Program, and may engage in supervision and oversight activities designed to ensure the implementation and integrity of the Program.  He oversees and supervises the Claims Administration Vendors and any subcontractors and staff in the processing and payment of Claims.  He reports and provides information to the Court, BP, and Lead Class Counsel.  He "may hire staff with the approval of BP and Lead Class Counsel, which consent shall not be unreasonably withheld."  ¶¶ 4.3.2, 4.3.9, 4.3.10.

bb. The Settlement Program, including the Claims Administrator and Claims Administration Vendors, must "work with Economic Class Members . . . to facilitate [their] assembly and submission of Claims Forms, including all supporting documentation necessary to process Claim Forms under the applicable Claims Processes," and must "use its best efforts to provide Economic Class Members with assistance, information, opportunities and notice so that the Economic Class Member has the best opportunity to be determined

eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement." ¶ 4.3.7.

cc. The Claims Administrator serves as a member of the three-person panel charged with resolving issues that may arise under the Settlement Agreement.  The panel also includes one representative designated by Lead Class Counsel and one representative designated by BP.  "Upon the request of any member of the Claims Administration Panel, it shall address and attempt to resolve unanimously any issues or disagreements that arise regarding the Claims Administrator's oversight responsibilities, Settlement administration, or any other issue involving the Settlement Program. Issues or disagreements that cannot be unanimously resolved by the Claims Administration Panel will be referred to the Court for resolution." ¶¶ 4.3.2, 4.3.4.

dd. The initial Claims Administration Vendors were agreed to by the Parties and appointed by the Court.  They are subject to the supervision and direction of the Claims Administrator.  To replace any Vendor or appoint any new Vendor, the Claims Administrator must have the unanimous agreement of the Claims Administration Panel, or, failing that, approval of the Court.  ¶¶ 4.3.5, 4.3.6.1.

ee. "The Claims Administration Vendors shall evaluate and process the information in the completed Claim Form and all supporting documentation under the terms in the Economic Damage Claim Process to produce the greatest ECONOMIC DAMAGE COMPENSATION AMOUNT that such information and supporting documentation allows under the terms of the ECONOMIC DAMAGE CLAIM FRAMEWORK." ¶ 4.3.8.

1171616v1