[Execution Version]

## LIONEL H. SUTTON, III

### AGREEMENT IN FURTHERANCE OF COURT'S ORDER
### APPOINTING CLAIMS ADMINISTRATOR   .

This Agreement (this "Agreement") is entered into as of November 1, 2012 (the "Effective Date") by and between Lionel H. Sutton, III, of legal age and having as his mailing address 935 Gravier Street, Suite 1910, New Orleans, LA 70112 ("Contractor"); and Patrick Juneau ("Juneau" or the "Claims Administrator"), as Claims Administrator of the Court Supervised Claims Program, and as Trustee of the *Deepwater Horizon* Economic and Property Damages Trust (the "Settlement Trust"), in furtherance of the Court's March 8, 2012 First Amended Order Creating Transition Process appointing Juneau as the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program (Doc. 5995) (the "Transition Order"), as well as further orders by the Honorable Carl Barbier of the United States District Court of the Eastern District of Louisiana in *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 ("MDL 2179") (the "Court").

### RECITALS

A.   The Court in MDL 2179 issued the Transition Order which appointed Juneau as the Claims Administrator of the Transition Process and the then-proposed Court Supervised Claims Program.

B.   Contractor will assist Juneau in carrying out the responsibilities of the Claims Administrator of the Court Supervised Claims Program.

C.   The *Deepwater Horizon* Economic and Property Damages Trust (the "Settlement Trust") was established as of May 4, 2012 for the purpose of, amongst other things, paying the costs of administering the Court Supervised Claims Program. The Settlement Trust was established pursuant to the order of the Court. The Settlement Trust has been structured and will be operated in a manner so that it qualifies as a "qualified settlement fund" under Section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation §1.468B-1.

D.   Pursuant to the *"Deepwater Horizon"* Economic Loss and Property Damages Settlement Agreement dated as of April 18, 2012 and approved on an interim basis by the Court (the "Settlement Agreement"), the Settlement Trust shall be solely responsible for all costs of the claims administration including the fees of agreed upon staff retained by the Claims Administrator to assist the Claims Administrator in carrying out the Claims Administrator Services as defined in Paragraph 1 below.

SM-01-LS00716

## AGREEMENT

NOW THEREFORE, in consideration of the recitals and undertakings contained herein, Contractor and Juneau agree as follows:

1.   Claims Administrator Services.

a.      The description and scope of the services to be performed by Contractor are as set forth on attached Schedule 1. Contractor shall work at the direction of the Claims Administrator to assist with the Claims Administrator's responsibilities as set forth in: (a) the Transition Order (and any amendments or modifications thereof) and further orders of the Court; (b) the Settlement Agreement; and (c) as otherwise specified or ordered by the Court ("Claims Administrator Services"). Contractor shall perform such services in a professional manner and strictly in accordance with the Settlement Agreement, and otherwise in accordance with the Court's orders. Contractor further agrees to comply with all legal and ethical obligations related to assisting Juneau in his Court-appointed role as the Claims Administrator. Contractor shall comply with the foregoing obligations and duties. Contractor shall devote a substantial majority of its time to the assistance of the Claims Administrator in connection with the Claims Administrator's responsibilities as set forth above.

2.   Compensation.

a.      Contractor shall be compensated by the Settlement Trust in the amount of $20,000.00 per month to provide assistance to the Claims Administrator in carrying out of Claims Administrator Services (the "Compensation"). Such Compensation shall be paid on a month-to-month basis starting as of, and retroactive to, the Effective Date, through and including the date which is the earlier of the date that: (i) the Court enters an Order closing the Court Supervised Claims Program; (ii) Juneau resigns, can no longer serve or is removed by the Court as the Claims Administrator; (iii) Contractor is terminated by the Claims Administrator for Cause; or (iv) Contractor terminates this Agreement upon at least thirty (30) days advance written notice (collectively, "Termination Events"). As used herein, "Cause" shall mean any of the following: (1) the failure of Contractor to perform the services in accordance with the requirements of Paragraph 1 and attached Schedule 1, which failure is not cured within ten (10) days after written notice thereof; (2) the breach by Contractor of any other obligations under this Agreement, which breach is not cured within ten (10) days of written notice thereof; (3) the commission of any act or any omission involving gross negligence, fraud, or other intentional or willful misconduct by Contractor; and (4) any other violation of a statute, regulation, order, decree or Court requirement by Contractor.

b.      In addition to the Compensation, Contractor shall be reimbursed by the Settlement Trust on a monthly basis the reasonable and necessary expenses incurred by Contractor in order to assist the Claims

2

SM-01-LS00717

Administrator in carrying out the Claims Administrator Services (the "Expenses"). Such reimbursable Expenses shall include travel and travel-related expenses (mileage, lodging, parking, meals, etc.) when such expenses are incurred in the course of assisting the Claims Administrator in carrying out the Claims Administrator Services. Any single expenditure of more than $2,000, or expenditures exceeding $5,000 in the aggregate in any individual calendar month, shall require advance written approval by the Claims Administrator or his Chief Financial Officer.

3.  Funding Mechanism for Payment of Compensation and Expenses.

a.  The Compensation and Expenses shall be paid by the Settlement Trust to Contractor (Tax EIN 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) via wire transfer out of an account to be determined by the Settlement Trust on a monthly basis on the 15th day of each month (the "Claims Administration Account").

b.  Contractor shall submit to the Settlement Trust invoices and supporting documentation for all Expenses for payment from the Claims Administration Account at least fifteen (15) calendar days prior to the payment date described in Paragraph 3(a) above. Copies of all invoices and supporting documentation shall be provided to BP Exploration & Production, Inc. ("BP") at the same time when such invoices and supporting documentation are submitted to the Settlement Trust for payment from the Claims Administration Account.

c.  The Settlement Trust has the right to audit and challenge the payment of any Expenses on the grounds that such amounts are not reasonable and necessary for Contractor to assist the Claims Administrator in carrying out the Claims Administrator Services. If Contractor contests the Settlement Trust's rejection of any Expenses, Contractor may present the dispute to the Court for resolution.

4.  Term and Termination. This Agreement shall be effective as of the Effective Date and shall terminate upon the happening of a Termination Event. The audit right of the Settlement Trust under Paragraph 3(c) shall survive any termination or expiration of this Agreement.

5.  Notices. All notices and correspondence required to be given by this Undertaking shall be delivered by hand or certified mail, return receipt requested and postage pre-paid, or by a nationally recognized courier service, or by facsimile transmission, and be addressed as follows:

- 3 -

SM-01-LS00718

If to Contractor

    Lionel H. Sutton, III
    Sutton and Reitano
    935 Gravier St., Suite 1910
    New Orleans, LA 70112
    Telephone: 504-592-3230
    Fax: 504-585-1789
    Email: lhs3law@hotmail.com

If to BP:

    Mark Holstein
    BP Legal
    501 Westlake Park Boulevard
    Houston, Texas 77079
    Tel.: 281-366-8895
    FAX: 281-366-5901

If to Juneau:

    Patrick Juneau
    The *Deepwater Horizon* Economic and Property Damages Trust
    935 Gravier Street, Suite 1905
    New Orleans, LA 70112
    Telephone: (504) 264-9740
    Fax:    (504) 264-9746
    Email: mjj@dhcclaims.com

    6.    Independent Contractor.   The parties hereto intend that Contractor is and shall continue to be an independent contractor throughout the term of this Agreement.  Contractor is not to be considered an employee or agent of any party for any purpose in connection with its role assisting Juneau in carrying out the responsibilities of the Claims Administrator of the Court Supervised Claims Program, including, but not limited to, for purposes of the Federal Insurance Contribution Act, the Social Security Act, the Federal Unemployment Tax Act, income tax withholding (federal, state and local) and any and all state taxes.  Contractor agrees to timely file any necessary federal and state income tax returns, whether quarterly, annual or otherwise.

    7.    Conflict of Interest and Recusal.   Contractor represents, warrants and covenants that it will assist Juneau in carrying out the responsibilities of the Claims Administrator of the Court Supervised Claims Program in a professional manner and that it will do so at all times during the term of this Agreement free of any conflict of interest as an independent contractor not affiliated with any other person or entity other than the Claims Administrator.  Contractor shall have no authority to hire any sub-contractor or other person or entity to perform any Claims Administration Services or other services related to the Court Supervised Claims Program.

-4

:00147111:

SM-01-LS00719

Contractor will take appropriate steps to avoid even the appearance of a conflict of interest or loss of impartiality with respect to the performance of her official duties as part of the Court Supervised Claims Program. Contractor shall not participate, without prior written approval from the Claims Administrator, in any activity that presents or would appear to present to a reasonable person who is knowledgeable of the relevant facts, a conflict of interest with the Court Supervised Claims Program. However, merely being acquainted with an individual who, or entity that, has made a claim with the Transition Process and/or the Court Supervised Claims Program does not by itself require Contractor to be recused from official activities that relate to the Court Supervised Claims Program. Contractor is not allowed to perform any official duties in the Court Supervised Claims Program that relate to any former employer of Contractor with respect to the Court Supervised Claims Program without prior written approval of the Claims Administrator.

8.     Miscellaneous.  The terms and conditions of this Agreement constitute the entire agreement between Contractor and Juneau relating to the subject matter of this Agreement and shall supersede all previous agreements and understandings between Contractor and Juneau with respect to the subject matter of this Agreement.  Each party represents and warrants to the other that the individual executing this Agreement on behalf of each party has the power and authority to do so, and that this Agreement constitutes a legal, valid and binding obligation of such party enforceable against such party in accordance with its terms.  This Agreement shall inure to the benefit of and be binding upon Contractor and Juneau, and shall not be assigned by any party without the prior written consent of the other party.  This Agreement shall be governed by and construed in accordance with the laws of the State of Louisiana without giving effect to its principles of conflict of laws.  The terms of this Agreement may be amended only upon the written consent of Contractor and Juneau.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Effective Date.

Lionel H. Sutton, III

Patrick Juneau,
Claims Administrator of the
Court Supervised Claims Program,

and

Trustee of the *Deepwater Horizon* Economic and Property Damages Trust

SM-01-LS00720

## Schedule 1

### Description and Scope of Service

Contractor will serve as Claims Counsel for the Claims Administrators Office with the following responsibilities:

- Work with the Parties to identify any policy/legal issues and seek resolution at the direction of the Claims Administrator
- Assist the Claims Administrator with interpretation of the Settlement Agreement, Court Orders and other legal documents
- Work with the vendors and Claims Administrator's staff on legal issues and provide guidance as needed

- 6

SM-01-LS00721