UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179<br><br>SECTION: "J" |
| This Document Applies to: | JUDGE BARBIER |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | MAG. JUDGE SHUSHAN |

### GLEN J. LERNER'S RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 26, 2014 REGARDING EVIDENTIARY HEARING

Glen J. Lerner respectfully submits the following Response to the Court's Order of September 26, 2014, regarding the evidentiary hearing scheduled in the Show Cause Proceedings for November 7, 2014. Rec. Doc. 13440 ("September 26th Order"). Lerner submits this Response without waiver of any objections made previously concerning the Show Cause Proceedings, the Order to Show Cause, or the Special Master's Report.[1]

1.  Live Witnesses

Lerner may call the following persons as live witnesses or examine them if they are called by others:

      a.  Jonathan Andry

      b.  Jeff Cahill

      c.  Susan DeSantis

      d.  Billy Gibbens

      e.  Glen Lerner

      f.  Christina Mancuso

---

[1] Counsel for Lerner did confer with the Special Master prior to the filing of his pre-hearing memorandum. Rec. Doc. 13504. Counsel for Lerner stated that they read the Court's September 26th Order to require simultaneous filings only. Counsel further stated that they would confer with the Special Master about narrowing the issues, including possible stipulations of fact, before the November 7th evidentiary hearing.

4647815.3

      g. Christine Reitano

      h. Kyle Schonekas

      i. Lionel Sutton

      j. Leslie Tate

As permitted by the Court's September 26th Order, Lerner may seek to present affidavits or declarations in lieu of live testimony for some of the above-listed witnesses and will rely upon testimony from them already in the record. Lerner also reserves the right to supplement this list with additional witnesses before the evidentiary hearing.

2. <u>Additional Documents or Exhibits</u>

Lerner understands the Court's request for identification of "additional documents or exhibits" to mean documents other than those that are in the investigative record developed by the Special Master[2] or that were submitted as part of the Show Cause Parties' responses to the Order to Show Cause.

Based on that understanding, Lerner may seek to introduce at the hearing a summary exhibit, which is attached hereto, that sets forth a timeline of events and documents pertinent to the issues before the Court.[3] Lerner will provide the Court with a binder containing the documents referenced in the timeline and serve a copy on the Special Master and the other Show Cause Parties.

Lerner also intends to move into the record of the Show Cause Proceedings the following documents:

---

[2] Lerner understands that, as to him, the Special Master's investigative record includes (a) all documents produced to him by the Special Master, including transcribed testimony, and (b) all documents collected by the Special Master from Lerner or Andry Lerner. Lerner reserves the right to object to the Court's reliance on, as part of its *de novo* review, any and all portions of the Special Master's investigative record.

[3] The attached is a "Tentative Draft" of the summary exhibit. Lerner reserves the right to modify the summary exhibit prior to the evidentiary hearing, and will serve on the Show Cause Parties and the Special Master the final version of the summary exhibit before November 7, 2014.

a. Rec. Doc. 6430-1, *Deepwater Horizon* Economic and Property Damages Settlement Agreement as Amended on May 2, 2012.

b. Rec. Doc. 10761-6, Update on Review of Code of Conduct and Claims Processing Issues, July 2, 2013.

c. Rec. Doc. 10774-5, Supplemental Report on Review of Code of Conduct and Claims Processing Issues, July 17, 2013.

d. Rec. Doc. 13497-2, Memorandum in Opposition to BP's Motion to Remove the Claim Administrator, Declaration of Patrick Juneau.

In addition to the foregoing, Lerner reserves the right to use at the hearing to examine witnesses or present to the Court (1) any document or record that Lerner or any other Show Cause Party received in discovery from the Special Master, (2) any document or record that Lerner or any other Show Cause Party produced to the Special Master in the course of his investigation, (3) any data compilation or summary that was submitted as an exhibit to Lerner's responses to the Order to Show Cause, Rec. Docs. 11988, 12169, and (4) any pleadings filed in the Show Cause Proceedings or the MDL proceedings.

Lerner reserves the right to supplement his exhibit list before the evidentiary hearing.

3. <u>Factual Issues to be Decided by the Court</u>

The ultimate factual issue that this Court must decide in evaluating whether Lerner has "unclean hands" is whether there was "an agreement among Mr. Sutton, Mr. Jon Andry, and Mr. Lerner to corrupt the DHECC process in order to enrich themselves." Rec. Doc. 11287 at 21. Elsewhere the Special Master's Report alleges that Lerner and Andry paid Sutton to work as an "undisclosed, inside 'agent'" who provided "special advantage[s]" to Lerner and Andry, *id.* at

6, including "check[ing] on their clients' claims, expedit[ing] the processing of the claims, and [giving] advice on how to remedy deficiencies in some claims." *Id.* at 82.

Lerner disputes that he was part of any such corrupt agreement or that he paid Sutton "in return" for any "special advantage." The evidence does not support any such conclusion. Lerner agreed to compensate Sutton for Sutton's referring Casey Thonn to Andry Lerner LLC and, as he understood it, for legal services that Sutton's law firm, Sutton & Reitano, provided to Casey Thonn to assist him in presenting his claims to the DHECC and its predecessor the Gulf Coast Claims Facility, before Sutton went to work for the Claims Administrator's Office. Lerner held an honest belief that Patrick Juneau had authorized Sutton's receipt of the Thonn fees. Sutton provided no "special advantage" to Lerner or to any Andry Lerner claim.[4] The information and assistance that Sutton provided to Lerner about the firm's clients' claims was consistent with Sutton's job responsibilities and duties with the CAO and similar to information and assistance he provided to other claimants and counsel. Lerner made no effort to conceal the payments to Sutton. He provided truthful testimony to the Special Master about the referral payments and the payments Sutton received from Crown LLC.

In deciding the ultimate issue of fact with respect to Lerner the following specific issues of fact appear to be in dispute:

      a. Whether Lerner held an honest belief that Patrick Juneau had approved Sutton's receipt of referral fees on the Thonn claims.

      b. Whether Sutton's communication of summary claims information and claims guidance was in exchange for money.

---

[4] The Andry Law Firm is not an Andry Lerner-represented claimant. Glen Lerner has no financial interest in The Andry Law Firm claim.

4

  c. Whether Sutton's statement to Lerner on March 8, 2013, concerning the Talens Marine claim was made pursuant to a corrupt agreement and resulted in Sutton exercising any improper influence over the claim.

  d. Whether the routing of the referral fee payments to Sutton was part of a scheme to corrupt the settlement process.

Lerner reserves the right supplement the above list of contested factual issues before the evidentiary hearing.

    Respectfully submitted,

    */s/ William W. Taylor, III*
    William W. Taylor, III (D.C. Bar #84194)
    Amit P. Mehta (D.C. Bar #467231)
    ZUCKERMAN SPAEDER LLP
    1800 M Street, NW
    Suite 1000
    Washington, DC 20036-5802
    Telephone: (202) 778-1865
    Facsimile: (202) 822-8106
    wtaylor@zuckerman.com
    amehta@zuckerman.com

    and

    Pauline F. Hardin (La. Bar #6542)
    James E. Wright, III (La. Bar #13700)
    Virginia W. Gundlach (La. Bar #18493)
    Jones Walker LLP
    201 St. Charles Avenue
    49th Floor
    New Orleans, LA 70170
    Telephone: (504) 582-8110
    Fax: (504) 589-8110
    phardin@joneswalker.com
    jwright@joneswalker.com
    ggundlach@joneswalker.com

    *Attorneys for Glen J. Lerner*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Response has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 17th day of October, 2014.

                                              */s/ William W. Taylor, III*
                                              William W. Taylor, III

4647815.3