IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION: J |
| This Document Applies to: | * | Honorable CARL J. BARBIER |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | * * * | Magistrate Judge SHUSHAN |

**CHRISTINE REITANO'S SUBMISSION FOR HEARING ON NOVEMBER 7, 2014**

NOW INTO COURT, through undersigned counsel, comes Christine Reitano who, with respect, files this list of potential witnesses, exhibits and specific factual issues as follows:

A. Witnesses who may be called by Christine Reitano:

1. Christine Reitano

2. Christina Mancuso

Note: See Notes to Items C1, C2 and C3 below.

B. List of Exhibits which may be introduced:

1. 04/08/12   Undertaking of Christine Reitano in furtherance of Court's Order Appointing Claims Administrator with supplement and amendment and scope of employment

2. 04/18/12   Amended Indemnity agreement between Reitano and BP

3. 06/26/13   Letter from Patrick Juneau to Christine Reitano - re: Status as Independent Contractor is terminated for cause

4. 07/29/13   Christine Reitano's Sworn Statement to the Freeh Group

5. 03/30/12   Reitano letter to Thonn terminating the attorney/client relationship

|   |   |   |
|---|---|---|
| 6. | 03/30/12 | Reitano letter to GCCF advising of the termination of the Thonn attorney/client relationship |
| 7. | 04/16/11 | Contingency Fee Agreement between Reitano and Thonn |
| 8. | 10/13/13 | Christina Mancuso's Affidavit with attachments |
| 9. | Various | All previous filings, objections and attachments of Ms. Reitano to the Report of the Special Master, including her Initial Objection on September 18, 2013 (Document 11414); her Supplemental (Second) Response on October 17, 2013(Document 11681); and her Third Supplemental Response on December 16, 2013(Document 11990). |
| 10. | 06/29/12 | Emails related to Issue No. 2 below. |

C. Factual issues:

1. Reitano asked the Andry Lerner Firm to honor the same 20% contingency fee agreement with Thonn that she had used.  The Andry Lerner Firm agreed to do so.  Ms. Reitano testified that she did not discuss a continuing referral fee in the Thonn claim with the Andry Lerner Firm and that she had no continuing financial interest in the Thonn claims after she began work at the CAO.  Ms. Reitano did not receive the letter dated May 8, 2012 from the Andry Lerner Lawfirm with an attached proposed Referral Agreement.  The evidence confirms her testimony and there is no evidence which contradicts her statements on this subject.

Factual issue in dispute: None.

Note:  Due to the agreement of counsel for Ms. Reitano and the Special Master as to the above facts and Items 1, 2, 3 and 6  in the Special Master's Submission filed today, there will be no live testimony on this issue at the hearing.

2. In response to an inquiry by Jennifer Keough (not Neil Zola) of the Garden City Group (GCG) for a recommendation for an attorney in New Orleans, Ms. Reitano suggested her husband as a candidate.  She also informed Ms. Keough that she, Ms. Reitano, would "check with Pat" [Juneau] on the issue to seek his approval or disapproval.  Ms. Keough responded that Mr. Zola would like to talk to Tiger before the issue was mentioned to Mr. Juneau, thus discouraging Ms. Reitano from seeking the approval of Mr. Juneau in advance.  Mr. Sutton was not hired by CGC.  While employed at the CAO, Ms. Reitano was not a federal employee.

Factual issue in dispute: Ms. Reitano did not "advocate" for her husband to be employed by CGC.  She responded to a request for the name of a lawyer and she suggested her husband who is a lawyer.  She also said she would "check with" Mr. Juneau first and Ms. Keough

told her that Mr. Zola wanted to hold off on checking with Mr. Juneau.  Mr. Sutton was not hired, so Mr. Juneau was never asked to comment on the possibility.

      3.  Brown Greer was one of four vendors to the program.  Ms. Reitano was charged with coordinating the efforts of all four vendors and to keep the process moving.  Ms. Reitano is accused of "advocating" for Brown Greer to the exclusion of and to the detriment of the program.  This issue was fully addressed and answered in Ms. Reitano's Third Supplemental Response to the Freeh Report and is incorporated herein in extenso.

      Factual issue in dispute:

      Did Ms. Reitano facilitate the cooperation of the vendors or support a vendor to the detriment of the CAO at a time when certain other employees of the CAO (unknown at the time and for their own personal benefit) were working behind the scenes to disparage one of the vendors and remove them from serving as a vendor in separate litigation.

      Note: With regard to Items C2 and C3 above and Paragraph 21 of the Special Master's Submission filed today, counsel for Ms. Reitano and the Special Master have agreed to disagree on the legal conclusion drawn from the facts and have agreed that affidavits or declarations in lieu of live testimony will be submitted on any additional facts on these issues.

Respectfully Submitted:

    /s/ Mary Olive Pierson
Mary Olive Pierson, La. Bar No. 11004
8702 Jefferson Highway, Suite B (70809)
Post Office Box 14647
Baton Rouge, LA 70898
(225) 927-6765 - Telephone
(225) 927-6775 - Facsimile
mop@mopslaw.com - Email

*Counsel for Christine Reitano*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Exhibit List has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 17th day of October, 2014.

    /s/ Mary Olive Pierson
    Mary Olive Pierson