IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Barbier |
| Case Nos. 10-4182, 10-4183, 13-02645, 13-2646, 13-2647, 13-2813 | * * * | Magistrate Judge Shushan |

**BP'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE NOTICES OF APPEARANCE OF COUNSEL FOR THE GOVERNOR OF ALABAMA**

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter LLP
555 12th Street, N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (312) 862-2200

*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

BP p.l.c., BP Exploration & Production Inc., and BP America Production Company ("BP") respectfully request that the Court: (1) strike the Notices of Appearance filed by the Governor of Alabama's (the "Governor") counsel on September 2, 2014 (Ex. A) and October 9, 2014 (Doc. 13482); (2) order that the non-party Governor may not participate in this litigation unless he satisfies the requirements for intervention under Federal Rule of Civil Procedure 24; (3) order that counsel for non-party Governor, who do not also represent a party, cannot participate in this litigation; and (4) order that counsel that represent both the State of Alabama and the Governor shall only participate in this litigation as counsel for the State.

The Alabama Damages Case phase of MDL 2179 pertains to claims that the State of Alabama has brought against BP through its Attorney General. (*See, e.g.,* Ex. B, Alabama's Amended Complaint)  As is clear from its Amended Complaint, the State of Alabama is the plaintiff in this suit, and it is "[t]he Attorney General, as chief law officer of the State of Alabama, [who] is statutorily authorized to initiate and maintain this action." (Ex. B at ¶ 8) The Governor of Alabama has not filed claims against BP, and it is undisputed that the Governor is not a party to Alabama's suit against BP.

Nonetheless, counsel for the Governor have filed notices of appearance on behalf of the Governor. (*See* Ex. A and Doc. 13482) This is improper. Simply put, the Governor is not a party to this litigation and his counsel, who are statutorily precluded from representing the State, cannot act as if they represent a party or otherwise participate in this litigation merely by filing an appearance on behalf of a non-party. At a minimum, if the Governor seeks to participate in this suit through his own counsel, he must go through the proper procedures to make himself a party, by filing a motion to intervene under Federal Rule of Civil Procedure 24. The Governor has not done so, and thus is not a party to this suit.

Yesterday, on the eve of this filing, in response to BP's objection to counsel for the Governor participating in discovery in this litigation as counsel for a non-party, the Attorney General appointed some of the Governor's counsel as Deputy Attorneys General and these attorneys filed appearances on behalf of the State. (Doc. 13502) However, this does not resolve the issue of the Governor's improper participation in this litigation, and the Governor's counsel have declared that they will not withdraw their appearances of behalf of the Governor. (Ex. C, R. Jones Oct. 17 email) Additionally, many of the Governor's counsel that have filed appearances have not been appointed as Deputy Attorneys General, as is required by Alabama law for them to represent the State. As such the issue of the Governor's improper participation in this litigation remains ripe for Court intervention.

Moreover, this is not a trivial issue. BP, and the other defendants, should not be forced to litigate this case against an entity that is not a party. Thus even though some of the Governor's counsel now also represent the State, they should not be permitted to participate in this litigation, including through the taking of depositions, on behalf of the Governor. Moreover, as non-parties, the Governor and his counsel that do not also represent the State should not be entitled access to filings or discovery that have been marked as confidential under PTO 13.

## I.    The Governor's Counsel Do Not Represent The State

The Governor is not a party to this litigation and his counsel, in their representation of the Governor, do not represent the State. Alabama law provides that "[a]ll litigation concerning the interest of the state, or any department of the state, shall be under the direction and control of the Attorney General." Ala. Code § 36-15-21; *see also* Ala. Code § 36-15-12 ("The attorney general is authorized to institute and prosecute, in the name of the state, all civil actions and other proceedings necessary to protect the rights and interests of the state."). Moreover, the

Governor's counsel, in their role as counsel for the Governor, are prohibited by law from representing the State. Under Ala. Code § 36-15-1, "no attorney shall represent the State of Alabama … in any litigation in any court or tribunal unless the attorney has been appointed as a deputy attorney general or assistant attorney general." *See also Walker v. Liggett Group, Inc.*, 982 F. Supp. 1208, 1210-11 (S.D.W.Va. 1997) (citing Ala. Code § 36-15-21 for the proposition that "[g]enerally, no person or entity other than the Attorney General of a state is authorized to represent that state in any court or in any case").

Although the Attorney General has, as of October 16, partially resolved BP's concerns under Ala. Code § 36-15-1, by appointing many of the Governor's counsel—several of whom had previously withdrawn as counsel for the State at the Attorney General's request (*See* Docs. 1027, 1051)—as Deputy Attorneys General (*See* Doc. 13502), this does not resolve all of BP's concerns. Serving the dual role of representing the State and the Governor does not permit these attorneys to participate in this litigation on behalf of the non-party Governor. Moreover, several of the Governor's counsel that have filed appearances (specifically, Jere L. Beasley, R. Cooper Shattuck, David Byrne, Sr., and Franklin R. Johnson) have not been appointed as Deputy Attorneys General. (*See* Docs. 13482, 13502) In short, the Governor's counsel, as counsel for a non-party, do not represent the State.

## II.     The Governor's Counsel Have No Right To Participate In This Litigation

Because the Governor's counsel do not and cannot represent the State in this litigation, they have no right to appear and participate in this litigation on the Governor's behalf. There are no provisions in the Federal Rules of Civil Procedure that allow for a non-party to participate in litigation. Rather, if the Governor wishes to participate in discovery, or any other aspect of this litigation, he, like any other non-party, must file a motion seeking to intervene under Federal

3

Rule of Civil Procedure 24. *See Johnson v. Qualawash Holdings, L.L.C.*, 990 F. Supp. 2d 629, 636 (W.D. La. 2014) (noting that "Rule 24 is, strictly speaking, the proper vehicle for a non-party to insert itself into ongoing litigation, [but] federal courts are within their authority to construe motions by a non-party that are improperly predicated on Rule 19 as motions to intervene").

It appears that the Governor believes that he is entitled to appear and participate in this litigation under Ala. Code § 36-13-2, which provides in part that "[w]henever, in his judgment, it is expedient or necessary, the Governor may employ an attorney or attorneys to advise him in his official capacity, or to institute, conduct or appear in any court or in any civil or criminal case in which the state is interested and to agree with such counsel on his compensation." But the State cannot grant the Governor a right to appear and participate in federal court that he does not have under federal law. *See Griffin v. Lee*, 621 F.3d 380, 389-90 (5th Cir. 2010) (dismissing petition of intervention where petitioner "maintain[ed] that his intervention was the assertion of a state law right to intervene, and not one pursuant to the Federal Rules of Civil Procedure" and noting that "federal procedural rules will dictate whether the party is allowed to intervene"). Moreover, under Federal Rule of Civil Procedure 24, the burden is on the Governor to establish why he and his counsel are entitled to appear in this litigation and not on BP to establish why they are not.

### III.   The Governor's Participation In This Litigation Is Prejudicial To BP

In addition to lacking any legal right to participate under federal law, the Governor's participation in this litigation, and his counsel's participation in this litigation on the Governor's behalf, creates the potential for prejudice to BP. For example, although the State yesterday represented that "[e]ach attorney appearing on behalf of the State at depositions will be an appointed Deputy or Assistant Attorney General appearing on behalf of the State of Alabama,"

the State has not addressed the issue of the Governor's counsel who also represent the State questioning witnesses on behalf of the Governor. (Ex. D, C. Maze 10/16 email) The attorneys that serve the dual role of representing the State and the Governor, should not be permitted to question witnesses on behalf of the Governor and doing so would be prejudicial to BP. BP's witnesses should not be subjected to questioning regarding issues that are not relevant to the State's claims, but are of interest to the Governor.

The Governor's intention to participate in this litigation also raises concerns regarding confidential information. As a non-party, the Governor and his counsel that do not also represent a party, are not entitled access to information that BP, or any other party, designates as confidential under PTO 13. Thus counsel for the Governor should not be permitted to attend depositions where confidential information may be elicited, participate in party discussions where confidential information may be discussed, or be permitted access to filings, discovery responses, or document productions that include PTO 13 confidential information.

**IV.    Conclusion**

For the reasons above, BP respectfully requests that the Court: (1) strike the Notices of Appearance filed by the Governor of Alabama's (the "Governor") counsel on September 2, 2014 (Ex. A) and October 9, 2014 (Doc. 13482); (2) order that the non-party Governor may not participate in this litigation unless he satisfies the requirements for intervention under Federal Rule of Civil Procedure 24; (3) order that counsel for non-party Governor, who do not also represent a party, cannot participate in this litigation; and (4) order that counsel that represent both the State of Alabama and the Governor shall only participate in this litigation as counsel for the State.

Date:  October 17, 2014                    Respectfully submitted,


/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #I6984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (312) 862-2200

Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter, LLP
555 12th Street N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of October, 2014.

/s/ Don K. Haycraft
Don K. Haycraft