

**STATE OF ALABAMA**
OFFICE OF THE ATTORNEY GENERAL

**LUTHER STRANGE**
ATTORNEY GENERAL

October 13, 2014

501 WASHINGTON AVENUE
P.O. BOX 300152
MONTGOMERY, AL 36130-0152
(334) 242-7300
WWW.AGO.ALABAMA.GOV

**Via Email**

Paul Collier
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Re: *State of Alabama vs. BP Exploration and Production, Inc., et al*
Issues with Written Discovery Responses and Document Production

Dear Paul:

In advance of Friday's Motion to Compel deadline, below are some concerns that Alabama has with BP's discovery responses and document production to date. To assist you in responding, I have set all questions or items necessitating a response beside the arrow bullet.

**INTERROGATORY RESPONSES**

- Interrogatory #4, 7 (supplemental)

Alabama is still reviewing the citations contained in your response to these Interrogatories. While we have no objections at this time, Alabama reserves the right to challenge this response should it be discovered to be inadequate—having first attempted to resolve any such objection with BP.

- Interrogatory #13 (supplemental)

*Payments to Third-parties*: Your modified list of set-offs still contains numerous BP expenditures to persons or entities other than the Plaintiff State of Alabama. For example, the State has not received any of the "approximately $1.8 billion to individuals and businesses in Alabama through various claims processes," nor did the State receive "approximately $115 million in government payments in Alabama."

> ➢ Can you please confirm whether BP believes that it can subtract (*i.e.* set-off) payments made to persons or entities other than the State of Alabama from the trier of fact's judgment of Alabama's damages?

> ➢ If you do, can you please provide the authority for that proposition?

> ➢ If you do not, please supplemental your response to contain only those payments made to the State of Alabama that you intend to apply as a reduction of the trier of fact's judgment of Alabama's damages.

*Set-off Counterclaim for Violation of Grant Agreement*:  During Friday's conference, counsel for BP (Chad Morriss) contended that Defendants could be entitled to a set-off if the State had "not used the money in accordance with the language of the grant," and that Defendants were seeking information in discovery in furtherance of that counterclaim.

> ➢ Please identify all grants and/or other agreement that BP has made with the Plaintiff State of Alabama (as opposed to non-parties to this litigation) that Defendants contend could be the subject of a set-off counterclaim, if the State failed to disbursement the monies in accordance with the grant.

> ➢ Please identify all grants and/or other agreements that BP contends that the State has violated, and the factual basis for that contention.

- Interrogatory #43

BP did not respond to this Interrogatory (except by objection).  Alabama disagrees with your relevance objection; the amount of losses sought by individuals is reasonably calculated to lead to relevant and admissible evidence regarding the amount of losses suffered in and by Alabama.

> ➢ Please confirm your rationale for not responding to this request.

- Interrogatory #46

BP responded by saying that it lacks the information necessary to identify the State of permanent residence for "all response workers."

> ➢ Please confirm what information BP *does* have.  For example, does BP possess the address and/or home city and State for any of its workers?  If so, how many and in what format?

➤ Please supplement your response with the State of permanent residence for those workers for whom you do have that information.

- Interrogatory #48-49

Alabama is still reviewing the citations contained in your response. While we have no objections at this time, Alabama reserves the right to challenge this response should it be discovered to be inadequate—having first attempted to resolve any such objection with BP.

- Interrogatory #51

BP did not respond to this Interrogatory, except by objection. Alabama disagrees with your relevance objection; the amount of contributions given by BP is reasonably calculated to lead to relevant and admissible evidence regarding the amount of losses suffered in and by Alabama.

➤ Please confirm your rationale for not responding to this request.

- Interrogatory #53

Alabama is still reviewing the citations contained in your response. While we have no objections at this time, Alabama reserves the right to challenge this response should it be discovered to be inadequate—having first attempted to resolve any such objection with BP.

**RESPONSES TO REQUESTS FOR ADMISSION**

- RFA #12-13 (supplemental)

Alabama disagrees with BP's objection that because collection was not tracked by SCAT segment before June 2011, BP is unable to determine whether collection occurred on the cited land parcels before June 2011. Other collection information within BP's custody or control would allow BP to answer this request for admission. Alabama is willing to meet-and-confer on this issue.

On RFA #13, you contend that oil-related materials were not removed from "certain land parcels" after June 2011 (even though Alabama did not ask about June 2011).

➤ Please identify the land parcels from which you contend no oil-related materials were removed.

3

- <u>RFA #22</u>

    Alabama asked if the GCCF "had paid less than 60,000 of those [GCCF] claims" as of February 10, 2012. BP denied this by responding, "as of February 26, 2012, BPXP has paid over 60,000 claims that originated from the State of Alabama." This response fails for two reasons: (1) You changed the date and (2) Alabama asked if the *GCCF* had paid the claims, not if *BPXP* had paid the claims.

    > ➢ Please confirm why BP failed to respond to the date propounded (February 10, 2012), and instead used an alternative date (February 26, 2012)?

    > ➢ Please confirm whether the number of payments "BPXP" made as of February 26, 2012 is the same number that the "GCCF" had made as of February 26, 2012.

**RESPONSES TO REQUESTS FOR PRODUCTION**

- <u>RFP #26 (supplemental)</u>

    BP contends that it is unable to produce documents responsive to RFP #26 because BP is unclear "what Alabama means by 'all potential' oil-related materials events. Alabama used the word "potential" in order to capture both (a) oiling events that originated from the Macondo Well and (b) oiling events that were believed to have originated from the Macondo Well, but BP now contends may not have (or did not) originate from the Macondo Well.

    > ➢ With this understanding of "potential," please confirm that BP has or will produce documents responsive to RFP #26.

If you still maintain that RFP #26 is so unclear that it cannot be responded to, Alabama requests further discussion during our next meet-and-confer.

- <u>RFP #38 (supplemental)</u>

    BP objected to the term "economic performance" as vague and ambiguous. Alabama used the term "economic performance" to capture all information and analysis maintained by Defendants that analyzed the State's economy, including the manner and the total in which the State's economy (and its business industries) contributed to tax collections to the State.

    > ➢ With this understanding of "economic performance," please confirm that BP has or will produce documents responsive to RFP #26.

If you still maintain that RFP #38 is so unclear that it cannot be responded to, Alabama requests further discussion during our next meet-and-confer.

- <u>RFP #59</u>

The last sentence of your response states, "Shareholders are also encouraged to view regulatory announcements, strategy presentations and other information at BP's website."

> ➢ To the extent the referenced "regulatory announcements, strategy presentations and other information" relate to the oil spill or Alabama's economic or environmental damages, please provide the State with links to that information.

Alabama is still reviewing the links provided in your response. While we have no further objections at this time, Alabama reserves the right to challenge this response should it be discovered to be inadequate—having first attempted to resolve any such objection with BP.

- <u>RFP #60</u>

Alabama is still reviewing the citations contained in your response. While we have no objections at this time, Alabama reserves the right to challenge this response should it be discovered to be inadequate—having first attempted to resolve any such objection with BP.

**DOCUMENT PRODUCTION**

Alabama is still importing and reviewing the nearly one million pages of information that BP produced at 11:59pm on October 3rd. One issue we have run across so far is your use of one load file record (a single page placeholder) for hundreds of thousands of photographs, with a custodian of BP. *See e.g.*, BP-HZN-ALO00433038 – BP-HZN-ALO00976743. We are willing to discuss our difficulties with this load file (and other production-related issues) during our upcoming meet-and-confer and/or have our e-discovery vendors/support staff work through them beforehand.

\* \* \*

Alabama suggests a conference call on Wednesday to discuss these issues. Should you have any questions or concerns arising from this letter before then, feel free to contact me.

*[signature]*
COREY L. MAZE
Special Deputy Attorney General

5