## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This Document Relates To: | DISTRICT JUDGE BARBIER |
| Case Nos. 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | MAGISTRATE JUDGE SHUSHAN |

## DEFENDANTS' MOTION TO COMPEL DISCOVERY OF WRITTEN RESPONSES FROM THE STATE OF ALABAMA

Pursuant to Fed. R. Civ. P. 37, Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"), Anadarko Petroleum Company and Anadarko E&P Company LP (collectively, "Anadarko"), MOEX USA Corporation, MOEX Offshore 2007 LLC, and MOEX USA Corporation (collectively, "MOEX"), Halliburton Energy Services, Inc. ("HESI"), Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively, "Transocean"), move to compel the State of Alabama to provide information in response to its written discovery responses commensurate with its discovery obligations.

Specifically, Defendants move to compel with respect to three issues, which remain unresolved despite the parties' efforts. *First*, Alabama's initial and supplemental responses to Defendants' Interrogatory No. 14 are deficient and fail to provide a complete accounting of the funds it received during the response, particularly from BP, and explain how such funds were used. Alabama should therefore supplement its response to Interrogatory No. 14. *Second*, Alabama's general objection to Defendants' definition of "Revenue" is improper, and Alabama indicates that it is withholding responsive information and documents relating to all of its

revenue streams on the basis of this objection.  But all of Alabama's revenue streams are relevant to the issues in this case, and Alabama should withdraw its general objection to Defendants' definition and supplement its responses to Interrogatory No. 11 and Requests for Production Nos. 1, 2, 3, 5, 6, 21, and 34 based on Defendants' definition of "Revenue."  **Third,** Alabama objects to providing Defendants information and documents regarding State-owned properties on which it is not claiming damages.  But the specific properties that Alabama claims lost value cannot be fully analyzed in isolation; rather property values and trends in surrounding areas are relevant and necessary, at least because they provide a potential benchmark for evaluating Alabama's contention that all of its claimed property damages were caused by the *Deepwater Horizon* oil spill.   As such, Alabama should supplement its responses to Defendants' Interrogatories 5 and 6 and Requests for Production 10, 11, 13, and 19 with information about the properties requested.

While Defendants presently move to compel only on the issues raised above and discussed in Section I, the parties hope to resolve several other outstanding issues without Court intervention.  Defendants note these outstanding issues for the Court in Section II and respectfully request that the Court permit Defendants to reserve their right to seek the Court's intervention should Alabama's forthcoming supplemental responses be deficient.

For the reasons stated above and in Defendants' accompanying Memorandum In Support Of Its Motion To Compel Discovery Of Written Responses From The State Of Alabama, Defendants respectfully request that the Court grant their motion and order Alabama to: **(1)** supplement its response to Defendants' Interrogatory No. 14; **(2)** withdraw its general objection to Defendants' definition of "Revenue" and supplement its responses to Interrogatory No. 11 and Requests for Production Nos. 1, 2, 3, 5, 6, 21, and 34 based on Defendants' definition; and **(3)**

supplement its responses to Interrogatories 5 and 6 and Requests for Production 10, 11, 13, and 19 to provide information and documents regarding properties on which Alabama is not claiming damages but that are nevertheless relevant to an accurate damages analysis.

Dated:  October 17, 2014

Respectfully submitted,

*/s/ Don K. Haycraft*
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter, LLP
555 12th Street N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #I6984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

*Attorneys for BP p.l.c., BP Exploration &
Production Inc., and BP America Production
Company*


*/s/ Kerry J. Miller*
Brad D. Brian
Michael R. Doyen
Grant Davis-Denny
Daniel B. Levin
MUNGER TOLLES & OLSON, LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 683-5180
Email: brad.brian@mto.com
michael.doyen@mto.com
grant.davis-denny@mto.com
daniel.levin@mto.com

Steven L. Roberts
Rachel Giesber Clingman
Sean Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002
Tel: (713) 4710-6100
Fax: (713) 354-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
sean.jordan@sutherland.com

Kerry J. Miller
FRILOT, LLC
1100 Poydras Street, Suite 3800
New Orleans, LA 70163
Tel: (504) 599-8194

Fax: (504) 599-8154
Email: kmiller@frilot.com

*Attorneys for Defendants Transocean Offshore
Deepwater Drilling Inc., Transocean
Deepwater Inc., Transocean Holdings LLC,
and Triton Asset Leasing GmbH*

*/s/ Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

5

*Attorneys for Defendant Halliburton Energy
Services, Inc.*

*/s/ Ky E. Kirby*_____
Ky E. Kirby
ky.kirby@bingham.com
David M. Halverson
david.halverson@bingham.com
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001


*Attorneys for Anadarko Petroleum Company
and Anadarko E&P Company LP*

*/s/ Edward Flanders*
Edward Flanders
edward.flanders@pillsburylaw.com
Stella Pulman
stella.pulman@pillsburylaw.com
1540 Broadway
New York, NY 10036
PILLSBURY WINTHROP SHAW PITTMAN
LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500


*Attorneys for MOEX USA Corporation, MOEX
Offshore 2007 LLC, and MOEX USA
Corporation*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Defendants Motion to Compel Discovery of Written Responses from the State of Alabama has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of October, 2014.

*/s/ Don K. Haycraft*
Don K. Haycraft