# Exhibit 3

55729886
Jul 14 2014
10:59PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This Document Relates To: | DISTRICT JUDGE BARBIER |
| Case Nos. 10-2771, 10-4182, 10-4183, 13-02645, 13-cv-02646, 13-cv-02647, 13-cv-02813 | MAGISTRATE JUDGE SHUSHAN |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO THE STATE OF ALABAMA

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"), Anadarko Petroleum Company and Anadarko E&P Company LP (collectively, "Anadarko"), MOEX USA Corporation, MOEX Offshore 2007 LLC, and MOEX USA Corporation (collectively, "MOEX"), Halliburton Energy Services, Inc. ("HESI"), Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively, "Transocean"), through undersigned counsel request that the State of Alabama answer the following interrogatories under oath in accordance with the following Definitions and Instructions within thirty (30) days hereof or as otherwise ordered by the Court. By serving these interrogatories, Defendants do not admit or concede the relevance or admissibility of information or documents responsive to the requests.

### INTERROGATORIES

### INTERROGATORY NO. 1:

For each individual category of damages claimed in the State of Alabama's Fed. R. Civ. P. 26(a) Initial Disclosures and any Amendments thereto, describe in detail the bases to support

the damages computation for each category, including how the State applies each economic theory that it identifies to compute its damages for that category.

**INTERROGATORY NO. 2:**

For each individual category of damages claimed in the State of Alabama's Fed. R. Civ. P. 26(a) Initial Disclosures and any Amendments thereto, identify the data, formulas, analyses and documents, including the publically-available information that bear on the nature and extent of the injuries that the State claims it has suffered, that the State has considered and relied upon to support its claim for each damages category.

**INTERROGATORY NO. 3:**

For each individual category of damages claimed in the State of Alabama's Fed. R. Civ. P. 26(a) Initial Disclosures and any Amendments thereto, identify each individual who provided input to or who assisted with the damages computation, and describe the input and assistance that those individuals provided.

**INTERROGATORY NO. 4:**

Identify and describe all analyses, studies, assessments, or evaluations regarding the nature, extent, or degree of economic or financial impact, actual or anticipated, of the *Deepwater Horizon* Incident and/or Oil Spill on the State of Alabama, including any financial impact on State public services.

**INTERROGATORY NO. 5:**

For each parcel of State-owned real property in Baldwin, Mobile, Washington, Clarke, Monroe, Conecuh, Escambia, Covington, Geneva, and Houston counties provide: (i) any property valuations for each year from 2000 until the present; and (ii) any restrictions on the use or sale of such parcel in each year from 2000 through the present.

**INTERROGATORY NO. 6:**

Describe in detail how property tax assessments and/or appraisals are performed for each type of property for which the State claims property tax damages and/or damages to real or personal property owned by the State in Baldwin, Mobile, Washington, Clarke, Monroe, Conecuh, Escambia, Covington, Geneva, and Houston counties and any other county in which the State claims property tax damages and/or damages to real or personal property owned by the State.

**INTERROGATORY NO. 7:**

For each piece or parcel of Property that you claim has suffered or will suffer a "physical injury to a proprietary interest" as enunciated in *Robins Dry Dock*, 275 U.S. 303 (1927) or its progeny, as a result of the *Deepwater Horizon* Incident and/or Oil Spill, provide a detailed description of:

    (i)       The nature of your "proprietary interest" (*e.g.*, ownership) and

    (ii)      How your alleged damages were or will be realized (*e.g.*, the Property was sold at a loss, money was spent to repair the Property, etc.).

**INTERROGATORY NO. 8:**

If you contend that you can recover damages under general maritime law against Halliburton Energy Services, Inc. and/or Transocean for any loss or injury *other than* injury to property that was physically touched by oil (or other contaminant) released as a result of the *Deepwater Horizon* Incident and/or Oil Spill, describe in detail the legal and factual bases for this contention and the losses or injuries for which you seek to recover under general maritime law.

**INTERROGATORY NO. 9:**

For each parcel of Property that the State contends has been oiled, and/or continues to be oiled, as a result of the *Deepwater Horizon* Incident and/or Oil Spill describe in detail all bases for such contention(s).

**INTERROGATORY NO. 10:**

Describe in detail all the public service costs (*e.g.*, state monitoring costs) that the State claims have been incurred or increased as a result of the *Deepwater Horizon* Incident and/or Oil Spill.

**INTERROGATORY NO. 11:**

Describe in detail all Revenue received by Alabama as a result of any compensation payments related to the Incident and/or Oil Spill, including as a result of any payments made to businesses and individuals (*e.g.*, from insurance claims or via the Gulf Coast Claims Facility (GCCF), Vessels of Opportunity program (VOO), Court Supervised Settlement Program (CSSP), Business and Economic Loss (BEL) settlement, or other facilities), and describe how such Revenue is identified in tax receipts.

**INTERROGATORY NO. 12:**

Identify and describe in detail the State response and recovery efforts related to the *Deepwater Horizon* Incident and/or Oil Spill for which the State contends it incurred costs and was not reimbursed, including the cost of such efforts.

**INTERROGATORY NO. 13:**

Identify and describe in detail all insurance claims made by the State from 2010 until the present related to the *Deepwater Horizon* Incident and/or Oil Spill, including: (i) the policy on

- 5 -

which each claim was made; (ii) the amount of each claim; and (iii) the result or expected result of each claim.

**INTERROGATORY NO. 14:**

Provide an accounting of all funds, payments, grants, contributions or donations that the State has received from BP from 2010 until the present, including all disbursements of tourism, seafood and other block grants, and any other payments or economic assistance received, relating to the *Deepwater Horizon* Incident and/or the Oil Spill.

**INTERROGATORY NO. 15:**

Provide an accounting of all funds, payments, grants, contributions or donations that the State has received from any source other than BP (such as the United States) from 2010 until the present relating to the *Deepwater Horizon* Incident and/or the Oil Spill.

## **DEFINITIONS**

(a) "You," "your," and "yours" shall mean the Plaintiff State of Alabama, as defined below.

(b) "Person" shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, political entity, committee, or any other organization.

(c) "Communication," whether singular or plural, means any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, e-mail, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and electronically stored information ("ESI") containing, summarizing, or memorializing any communication.

(d) "Document" or "documents" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including ESI, and includes the original and any identical or nonidentical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, all writings; records; contracts; agreements; communications (intra or inter-department or agency); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; videos, desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; licenses; titles; financial statements; general ledger reports; balance sheets; profit and loss

statements; economic modeling, statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

(e) "Identify," when used with respect to: (i) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last known address and telephone number and business address and telephone number; (ii) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (iii) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

(f) "Including" or "includes" means "including, but not limited to" or "including without limitation."

(g) "Relating to" or "relating to," when referring to any given subject matter, means any document that constitutes, comprises, involves, contains, embodies, reflects, references, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

(h) The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

(i) "MC252 #1 Macondo Well" means the exploratory well that was being drilled by the *Deepwater Horizon* in the Macondo prospect of Mississippi Canyon 252 in the outer

7

continental shelf of the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

(j) "Macondo Well" means the MC 252 #1 Macondo Well.

(k) "*Deepwater Horizon* Incident" and "Incident" mean the events leading to: (i) the loss of well control and the ensuing explosion, fire, injuries and loss of life on the *Deepwater Horizon* rig on or about April 20, 2010; and (ii) the eventual sinking of the rig on April 22, 2010.

(l) "OPA" means the Oil Pollution Act of 1990, as amended, and codified at 33 U.S.C. § 2701 *et seq*.

(m) "Oil Spill" means the oil released into the Gulf of Mexico as a result of the Incident.

(n) "Oil Spill Response" means any effort to clean up the Oil Spill.

(o) "Property" or "Properties" means real property, personal property, and other property owned by Alabama or for which Alabama claims a proprietary interest that is alleged to have been damaged by the *Deepwater Horizon* Incident and/or Oil Spill, including, without limitation, each parcel identified in AL-ED-000001 – AL-ED-000009.

(p) "Revenue(s)" means taxes, fees, interest, royalties, rents, federal funds, grants, fines, contributions, donations, profits, and any other forms of payment or income received by the State of Alabama.

(q) "Tourism-Related Activity" means the actions and behaviors of people in preparation for and during a trip in their capacity as consumers.

(r) "Tourism-Related Expenditure" means any amount paid for the acquisition of consumption goods and services, as well as valuables, for use or to give away, for and during

8

tourism trips, including expenditures by visitors themselves, as well as expenses that are paid for or reimbursed by others.

(s) "BP" means BP Exploration & Production Inc. and BP America Production Company.

(t) "State" or "Alabama" means without limitation, the State of Alabama and any branch, department, agency, division, or subdivision of the State of Alabama for which discovery is permitted and any predecessor, successor, division, subdivision, committee, subcommittee, or advisory committee thereof together with all current or former officials, directors, staff members, or other persons purporting to act for or on behalf of these agencies, department, and divisions.

(u) "United States" means, without limitation, any branch, department, or agency of the federal government and any predecessor, successor, division, subdivision, committee, subcommittee, or advisory committee thereof, including without limitation the Department of Agriculture, Department of Commerce, Department of Energy, Department of Health and Human Services, Department of Homeland Security, Department of the Interior, Department of Justice, Department of Labor, Department of Transportation, United States Attorney General, Bureau of Land Management, Bureau of Ocean Energy Management, Regulation and Enforcement, Bureau of Safety and Environmental Enforcement, Center for Disease Control, Chemical Safety and Hazard Investigation Board, United States Coast Guard, Environmental Protection Agency, Federal Maritime Commission, Food and Drug Administration, Fish and Wildlife Service, Flow Rate Technical Group, United States Geological Survey, Minerals Management Service, National Academy of Sciences, National Institute of Occupational Safety and Health, National Oceanic and Atmospheric Administration, National Park Service, Occupational Safety and Health Administration, Office of Electricity Delivery and Energy

Reliability, Office of Natural Resources Revenue, Outer Continental Shelf Safety Oversight Board, Securities and Exchange Commission, Graham-Reilly National Commission, Senate Committee on Energy and Natural Resources, Senate Committee on Environment and Public Works, Senate Committee on Homeland Security and Government Affairs, House Committee on Energy and Commerce, House Natural Resources Committee, House Oversight and Government Reform Committee, and Joint Investigation Team, together with all current or former officials, directors, staff members, or other persons purporting to act for or on behalf of the United States.

## INSTRUCTIONS

(a) Each interrogatory is to be construed independently and not by or with reference to any other request for purposes of limiting the scope of any particular request.

(b) If you claim that the language of any interrogatory is vague or ambiguous, then you must identify the language you believe is ambiguous and describe the different interpretations that you believe may apply to such language.

(c) Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing and you must revise or supplement your responses and production whenever new or additional responsive information becomes known.

Dated:  July 14, 2014                                Respectfully submitted,

/s/ Paul D. Collier
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
F. Chad Morriss
Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter, LLP
555 12th Street N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #I6984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

*/s/ Kerry J. Miller*_____
Brad D. Brian
Michael R. Doyen
Grant Davis-Denny
Daniel B. Levin
MUNGER TOLLES & OLSON, LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 683-5180
Email: brad.brian@mto.com
michael.doyen@mto.com
grant.davis-denny@mto.com
daniel.levin@mto.com

Steven L. Roberts
Rachel Giesber Clingman
Sean Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002
Tel: (713) 4710-6100
Fax: (713) 354-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
sean.jordan@sutherland.com

Kerry J. Miller
FRILOT, LLC
1100 Poydras Street, Suite 3800
New Orleans, LA 70163
Tel: (504) 599-8194
Fax: (504) 599-8154
Email: kmiller@frilot.com

*Attorneys for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH*

                */s/ Donald E. Godwin*____
                Donald E. Godwin
                *Attorney-in-charge*
                State Bar No. 08056500
                Don.Godwin@GodwinLewis.com
                Bruce W. Bowman, Jr.
                State Bar No. 02752000
                Bruce.Bowman@GodwinLewis.com
                Jenny L. Martinez
                State Bar No. 24013109
                Jenny.Martinez@GodwinLewis.com
                Floyd R. Hartley, Jr.
                State Bar No. 00798242
                Floyd.Hartley@GodwinLewis.com
                Gavin E. Hill
                State Bar No. 00796756
                Gavin.Hill@GodwinLewis.com
                Renaissance Tower
                1201 Elm, Suite 1700
                Dallas, Texas 75270-2041
                Telephone: (214) 939-4400
                Facsimile: (214) 760-7332
                and
                R. Alan York
                State Bar No. 22167500
                Alan.York@GodwinLewis.com
                Jerry C. von Sternberg
                State Bar No. 20618150
                Jerry.VonSternberg@GodwinLewis.com
                Misty Hataway-Coné
                State Bar No. 24032277
                Misty.Cone@GodwinLewis.com
                1331 Lamar, Suite 1665
                Houston, Texas 77010
                Telephone: 713.595.8300
                Facsimile: 713.425.7594

                *Attorneys for Defendant Halliburton Energy Services, Inc.*

---

*/s/ Ky E. Kirby*  
Ky E. Kirby  
ky.kirby@bingham.com  
David M. Halverson  
david.halverson@bingham.com  
Bingham McCutchen LLP  
2020 K Street, NW  
Washington, DC 20006-1806  
Telephone (202) 373-6000  
Facsimile (202) 373-6001  

*Attorneys for Anadarko Petroleum Company and Anadarko E&P Company LP*

*/s/ Edward Flanders*  
Edward Flanders  
edward.flanders@pillsburylaw.com  
Stella Pulman  
stella.pulman@pillsburylaw.com  
1540 Broadway  
New York, NY 10036  
PILLSBURY WINTHROP SHAW PITTMAN LLP  
1540 Broadway  
New York, NY 10036-4039  
Tel. (212) 858-1000  
Fax (212) 858-1500  

*Attorneys for MOEX USA Corporation, MOEX Offshore 2007 LLC, and MOEX USA Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendants' First Set of Interrogatories to the State of Alabama has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 14th day of July, 2014.

*/s/ Paul D. Collier*
Paul D. Collier