# Exhibit 10

E-SERVICE

55729886
Jul 14 2014
10:59PM

File & ServeXpress

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010

**This Document Relates To:**

**Case Nos. 10-2771, 10-4182, 10-4183, 13-02645, 13-cv-02646, 13-cv-02647, 13-cv-02813**

**MDL No. 2179**

**SECTION: J**

**DISTRICT JUDGE BARBIER**

**MAGISTRATE JUDGE SHUSHAN**

### DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION
### TO THE STATE OF ALABAMA

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"), Anadarko Petroleum Company and Anadarko E&P Company LP (collectively, "Anadarko"), MOEX USA Corporation, MOEX Offshore 2007 LLC, and MOEX USA Corporation (collectively, "MOEX"), Halliburton Energy Services, Inc. ("HESI"), Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively, "Transocean"), through undersigned counsel, request that the State of Alabama produce the documents specified hereinafter, in accordance with the following Definitions and Instructions, within thirty (30) days hereof or as otherwise ordered by the Court, at the offices of Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654; Godwin Lewis PC, Renaissance Tower, 1201 Elm, Suite 1700, Dallas, Texas 75270; and Munger Tolles & Olson LLP, 355 S. Grand Ave., 35th Floor, Los Angeles, CA 90071, or at such other time and place as may be agreed upon by counsel for the aforesaid parties.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents from 1980 until the present summarizing or relating to collections of any Revenue for the State, including how such Revenues are calculated, assessed, and collected.

**REQUEST FOR PRODUCTION NO. 2:**

All documents from 1980 until the present relating to any analyses, studies, forecasts, projections, or budget reports of all Revenue streams for the State.

**REQUEST FOR PRODUCTION NO. 3:**

All documents from 1980 until the present relating to any analyses, studies, projections, or budget reports of production of Revenue by and/or allocation of Revenue to State departments or agencies for which the State claims lost Revenue as a result of the *Deepwater Horizon* Incident and/or the Oil Spill.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any costs increased, or incurred by the State, as a result of the *Deepwater Horizon* Incident and/or the Oil Spill, including but not limited to response, removal, repair, and replacement costs as a result of the *Deepwater Horizon* Incident and/or Oil Spill and any purported increased public service costs (*e.g.*, State monitoring costs) because of any alleged physical injury to any Property associated with the *Deepwater Horizon* Incident and/or Oil Spill.

**REQUEST FOR PRODUCTION NO. 5:**

All documents from 1980 to the present relating to any analyses, studies or projections of the effects or impacts of any events, incidents, disasters or circumstances (*e.g.*, oil spills, natural disasters, national/regional economic recessions, the post-Oil Spill moratorium declared on all

2

deepwater offshore drilling on the Outer Continental Shelf, etc...) on the State's economy and/or its Revenue.

**REQUEST FOR PRODUCTION NO. 6:**

All analyses, studies or projections from 1980 until the present relating to economic trends or conditions that impact the State economy and/or State Revenue.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to the oiling of Alabama's coastline, shoreline, inland, submerged land, or other land, including each parcel of Property, as a result of the *Deepwater Horizon* Incident and/or the Oil Spill.

**REQUEST FOR PRODUCTION NO. 8:**

All documents related to any water and/or sediment sampling, testing, and/or oil fingerprinting performed on Alabama property in connection with the Oil Spill.

**REQUEST FOR PRODUCTION NO. 9:**

All documents identifying or describing your ownership interest or proprietary interest in each piece or parcel of Property.

**REQUEST FOR PRODUCTION NO. 10:**

All documents from 1980 until the present assessing, appraising, summarizing, reflecting or relating to the value of any property owned by Alabama, or for which Alabama claims a proprietary interest, in Baldwin, Mobile, Washington, Clarke, Monroe, Conecuh, Escambia, Covington, Geneva, and Houston counties, whether or not alleged to be damaged as a result of the *Deepwater Horizon* Incident and/or the Oil Spill.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to the methods used to determine the value of any property owned by Alabama, or for which Alabama claims a proprietary interest, in Baldwin, Mobile, Washington, Clarke, Monroe, Conecuh, Escambia, Covington, Geneva, and Houston counties, whether or not alleged to be damaged as a result of the *Deepwater Horizon* Incident and/or the Oil Spill.

**REQUEST FOR PRODUCTION NO. 12:**

All documents identifying or describing any alleged physical injury or physical damage to each piece or parcel of Property.

**REQUEST FOR PRODUCTION NO. 13:**

All documents describing any State-owned real property in Baldwin, Mobile, Washington, Clarke, Monroe, Conecuh, Escambia, Covington, Geneva, and Houston counties.

**REQUEST FOR PRODUCTION NO. 14:**

All documents related to any statements made by you or on your behalf concerning the condition or quality of any Property.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to any reductions or planned reductions in State spending for State public services, including but not limited to documents relating to the nature of and reasons for the reductions and any data or analysis used to determine or estimate the reductions and any purported impact of such reductions.

**REQUEST FOR PRODUCTION NO. 16:**

All documents from 1980 until the present summarizing Tourism-Related Activity and/or Tourism-Related Expenditure in Alabama or relating to any analyses, studies or projections of tourism in Alabama.

**REQUEST FOR PRODUCTION NO. 17:**

All documents describing any actual, planned, or anticipated Alabama tax law or tax policy change as a result of or arising from the *Deepwater Horizon* Incident and/or the Oil Spill.

**REQUEST FOR PRODUCTION NO. 18:**

For the years 1980 to present, all documents relating to Alabama's unemployment and underemployment rates, including claims data and the methods used to calculate such rates.

**REQUEST FOR PRODUCTION NO. 19:**

For the years 1980 to present, all documents relating to reports, studies, analyses, or assessments of the real estate market in Alabama generally or in Baldwin, Mobile, Washington, Clarke, Monroe, Conecuh, Escambia, Covington, Geneva, or Houston counties.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to any insurance claims the State has made related to the *Deepwater Horizon* Incident and/or the Oil Spill.

**REQUEST FOR PRODUCTION NO. 21:**

All documents relating to payments, grants, contributions or donations to the State, or individuals and entities within the State, by BP or others, including the United States government, related to the *Deepwater Horizon* Incident and/or the Oil Spill, including documents showing the economic or financial impact of such payments, grants, contributions or donations on any measure of State economic or financial performance, including but not limited to

employment, personal income, tourism activity, commercial fishing activity, state, county and local revenue, or state, county and local expenditures.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to BP's community outreach efforts, the expenditures regarding those efforts, and campaigns, marketing, advertisements, and other efforts funded by the State, BP or others, including the federal government, intended to promote tourism, seafood, fishing, recreation, or other economic activity in the Gulf Coast region after April 20, 2010, or otherwise related to the *Deepwater Horizon* Incident and/or the Oil Spill, including documents showing the economic or financial impact of such efforts.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to the positive economic or financial impact of response and removal efforts in the State of Alabama related to the *Deepwater Horizon* Incident and/or the Oil Spill.

**REQUEST FOR PRODUCTION NO. 24:**

All documents commending, praising, or otherwise noting or referencing the efforts of BP (including contractors and other entities assisting BP) to respond to, or otherwise mitigate, minimize, or prevent any environmental, economic, human health, or other effects of the *Deepwater Horizon* Incident and/or the Oil Spill.

**REQUEST FOR PRODUCTION NO. 25:**

All communications among, directed to or sent from State employees relating to the economic or financial impact, actual or anticipated, of the *Deepwater Horizon* Incident and/or the Oil Spill on the State of Alabama, including, without limitation, any State department or agency meeting minutes, agendas, presentations, new releases, and reports.

6

**REQUEST FOR PRODUCTION NO. 26:**

All documents considered, used, or relied upon in preparing the State of Alabama's Fed. R. Civ. P. 26(a) Initial Disclosures and any Amendments thereto.

**REQUEST FOR PRODUCTION NO. 27:**

All documents that reflect the data, formulas, analyses and economic theories that support the categories of damages that the State identified in the State of Alabama's Fed. R. Civ. P. 26(a) Initial Disclosures and any Amendments thereto, including those documents that reflect the publically-available information that bear on the nature and extent of the injuries that the State claims that it suffered.

**REQUEST FOR PRODUCTION NO. 28:**

All documents considered, used, or relied upon in responding to any interrogatories that have been served on the State of Alabama.

**DEFINITIONS**

(a)      "You," "your," and "yours" shall mean the Plaintiff State of Alabama, as defined below.

(b)      "Person" shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, political entity, committee, or any other organization.

(c)      "Communication," whether singular or plural, means any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, e-mail, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and electronically stored information ("ESI") containing, summarizing, or memorializing any communication.

(d)      "Document" or "documents" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including ESI, and includes the original in native form and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, all writings; records; contracts; agreements; communications (intra or inter-department or agency); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; videos, desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; licenses; titles; financial statements; general ledger reports; balance sheets; profit and loss

8

statements; economic modeling; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

(e)    "Identify," when used with respect to: (i) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last known address and telephone number and business address and telephone number; (ii) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (iii) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

(f)    "Including" or "includes" means "including, but not limited to" or "including without limitation."

(g)    "Relating to" or "relating to," when referring to any given subject matter, means any document that constitutes, comprises, involves, contains, embodies, reflects, references, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

(h)    The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

(i)    "MC252 #1 Macondo Well" means the exploratory well that was being drilled by the *Deepwater Horizon* in the Macondo prospect of Mississippi Canyon 252 in the outer

continental shelf of the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

(j)      "Macondo Well" means the MC 252 #1 Macondo Well.

(k)      "*Deepwater Horizon* Incident" and "Incident" mean the events leading to: (i) the loss of well control and the ensuing explosion, fire, injuries and loss of life on the *Deepwater Horizon* rig on or about April 20, 2010; and (ii) the eventual sinking of the rig on April 22, 2010.

(l)      "OPA" means the Oil Pollution Act of 1990, as amended, and codified at 33 U.S.C. § 2701 *et seq*.

(m)      "Oil Spill" means the oil released into the Gulf of Mexico as a result of the Incident.

(n)      "Oil Spill Response" means any effort to clean up the Oil Spill.

(o)      "Property" or "Properties" means real property, personal property, and other property owned by Alabama or for which Alabama claims a proprietary interest that is alleged to have been damaged by the *Deepwater Horizon* Incident and/or Oil Spill, including, without limitation, each parcel identified in AL-ED-000001 – AL-ED-000009.

(p)      "Revenue(s)" means taxes, fees, interest, royalties, rents, fines, federal funds, grants, contributions, donations, profits, and any other forms of payment or income received by the State.

(q)      "Tourism-Related Activity" means the actions and behaviors of people in preparation for and during a trip in their capacity as consumers.

(r)      "Tourism-Related Expenditure" means any amount paid for the acquisition of consumption goods and services, as well as valuables, for use or to give away, for and during

tourism trips, including expenditures by visitors themselves, as well as expenses that are paid for or reimbursed by others.

(s)      "BP" means BP Exploration & Production Inc. and BP America Production Company.

(t)       "Defendants" means those named in any complaint filed in MDL 2179 including, without limitation, BP, Transocean, Cameron, Anadarko and Halliburton.

(u)      "State" or "Alabama" means without limitation, the State of Alabama and any branch, department, agency, division, or subdivision of the State of Alabama for which discovery is permitted and any predecessor, successor, division, subdivision, committee, subcommittee, or advisory committee thereof together with all current or former officials, directors, staff members, or other persons purporting to act for or on behalf of these agencies, department, and divisions.

(v)      "United States" means, without limitation, any branch, department, or agency of the federal government and any predecessor, successor, division, subdivision, committee, subcommittee, or advisory committee thereof, including without limitation the Department of Agriculture, Department of Commerce, Department of Energy, Department of Health and Human Services, Department of Homeland Security, Department of the Interior, Department of Justice, Department of Labor, Department of Transportation, United States Attorney General, Bureau of Land Management, Bureau of Ocean Energy Management, Regulation and Enforcement, Bureau of Safety and Environmental Enforcement, Center for Disease Control, Chemical Safety and Hazard Investigation Board, United States Coast Guard, Environmental Protection Agency, Federal Maritime Commission, Food and Drug Administration, Fish and Wildlife Service, Flow Rate Technical Group, United States Geological Survey, Minerals Management Service, National Academy of Sciences, National Institute of Occupational Safety

and Health, National Oceanic and Atmospheric Administration, National Park Service, Occupational Safety and Health Administration, Office of Electricity Delivery and Energy Reliability, Office of Natural Resources Revenue, Outer Continental Shelf Safety Oversight Board, Securities and Exchange Commission, Graham-Reilly National Commission, Senate Committee on Energy and Natural Resources, Senate Committee on Environment and Public Works, Senate Committee on Homeland Security and Government Affairs, House Committee on Energy and Commerce, House Natural Resources Committee, House Oversight and Government Reform Committee, and Joint Investigation Team, together with all current or former officials, directors, staff members, or other persons purporting to act for or on behalf of the United States.

## **INSTRUCTIONS**

(a)     Unless stated otherwise, the timeframe for all requests for production is from 2000 to the present.

(b)     All requested information should be provided at both the state level and the county level so that information for each county can be identified and distinguished.

(c)     Each request is to be construed independently and not by or with reference to any other request for purposes of limiting the scope of any particular request.

(d)     If you claim that the language of any request is vague or ambiguous, then you must identify the language you believe is ambiguous and describe the different interpretations that you believe may apply to such language.

(e)     Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing and you must revise or supplement your responses and production whenever new or additional responsive information becomes known.

12

Dated:  July 14, 2014                          Respectfully submitted,

                                               */s/ Paul D. Collier*
                                               Richard C. Godfrey, P.C.
                                               J. Andrew Langan, P.C.
                                               Paul D. Collier
                                               Kirkland & Ellis LLP
                                               300 North LaSalle Street
                                               Chicago, IL 60654
                                               Telephone: (312) 862-2000
                                               Facsimile: (312) 862-2200

                                               and

                                               Robert C. "Mike" Brock
                                               F. Chad Morriss
                                               Maureen F. Browne
                                               Covington & Burling LLP
                                               1201 Pennsylvania Avenue, NW
                                               Washington, DC 20004-2401
                                               Telephone: (202) 662-5985

                                               Joel M. Gross
                                               Lawrence A. Schneider
                                               Arnold & Porter, LLP
                                               555 12th Street N.W.
                                               Washington, DC 20004
                                               Telephone: (202) 942-5705
                                               Facsimile: (202) 942-5999

                                               Don K. Haycraft (Bar #14361)
                                               R. Keith Jarrett (Bar #I6984)
                                               Liskow & Lewis
                                               701 Poydras Street, Suite 5000
                                               New Orleans, Louisiana 70139-5099
                                               Telephone: (504) 581-7979
                                               Facsimile: (504) 556-4108

                                               *Attorneys for BP p.l.c., BP Exploration &
                                               Production Inc., and BP America Production
                                               Company*

*/s/ Kerry J. Miller*
Brad D. Brian
Michael R. Doyen
Grant Davis-Denny
Daniel B. Levin
MUNGER TOLLES & OLSON, LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 683-5180
Email: brad.brian@mto.com
michael.doyen@mto.com
grant.davis-denny@mto.com
daniel.levin@mto.com

Steven L. Roberts
Rachel Giesber Clingman
Sean Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002
Tel: (713) 4710-6100
Fax: (713) 354-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
sean.jordan@sutherland.com

Kerry J. Miller
FRILOT, LLC
1100 Poydras Street, Suite 3800
New Orleans, LA 70163
Tel: (504) 599-8194
Fax: (504) 599-8154
Email: kmiller@frilot.com

*Attorneys for Defendants Transocean Offshore
Deepwater Drilling Inc., Transocean
Deepwater Inc., Transocean Holdings LLC,
and Triton Asset Leasing GmbH*

*/s/ Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

*Attorneys for Defendant Halliburton Energy
Services, Inc.*

15

_/s/ Ky E. Kirby_____
Ky E. Kirby
ky.kirby@bingham.com
David M. Halverson
david.halverson@bingham.com
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

_Attorneys for Anadarko Petroleum Company_
_and Anadarko E&P Company LP_


_/s/ Edward Flanders_
Edward Flanders
edward.flanders@pillsburylaw.com
Stella Pulman
stella.pulman@pillsburylaw.com
1540 Broadway
New York, NY 10036
PILLSBURY WINTHROP SHAW PITTMAN
LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

_Attorneys for MOEX USA Corporation, MOEX_
_Offshore 2007 LLC, and MOEX USA_
_Corporation_

16

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Defendants' First Set of Requests for Production to the State of Alabama has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 14th day of July, 2014.


*/s/ Paul D. Collier*
Paul D. Collier