# Exhibit 15



**STATE OF ALABAMA**
**OFFICE OF THE ATTORNEY GENERAL**

**LUTHER STRANGE**
ATTORNEY GENERAL

September 15, 2014

501 WASHINGTON AVENUE
P.O. BOX 300152
MONTGOMERY, AL 36130-0152
(334) 242-7300
WWW.AGO.ALABAMA.GOV

*Via Email*
Paul Collier
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL  60654

Re:   *State of Alabama v. BP, plc, et al.*
      *Response to Paul Collier's September 2, 2014 letter*

Dear Paul:

In line with our recent telephone conversation, the State responds to your September 2, 2014 letter.

### I(A)(i). Properties Not Subject to the State's Damages Claim

Alabama confirms that it will produce responsive information related to the properties in Mobile and Baldwin Counties for which the State claims damages, and that it is not producing documents related to properties located outside of Mobile and Baldwin Counties (i.e. Washington, Clarke, Monroe, Conecuh, Escambia, Covington, Geneva, and Houston Counties) for the reasons stated in our objections.  Among these reasons is the undue burden it would place upon the State to collect and produce documents and information from eight additional counties that are not subject to the State's case.

Furthermore, information regarding properties from the eight non-coastal counties is neither necessary nor proper to form a reliable trend line for the State's coastal county properties. Alabama finds your citation of an unpublished district court opinion from Pennsylvania inapposite. *See Swarthmore Radiation Oncology, Inc. v. Lapes*, No. CIV A. 92-3055, 1993 WL 517734, at *2 (E.D. Pa. Dec. 1, 1993).  That case regarded production of a history of granting staff privileges to prove that, as part of a conspiracy, one doctor's application for staff privileges was delayed.  We fail to see how that set of facts is analogous—much less binding or persuasive—in discussion of the relevance and burden of producing evidence regarding non-coastal county properties that are not part of the State's claims.   Similarly inapposite is your citation to *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 164, 167 (S.D.N.Y. 2011)—another district court case from outside the Fifth Circuit—which involved a claim of defective design of personnel lifts.

### I(A)(ii). Temporal Scope

Alabama has already produced all State revenue abstracts dating back to fiscal year 1994.

Alabama confirms that it will produce the following: (a) all non-privileged, relevant documents from custodial files of its witnesses identified in its Rule 26 disclosures dating back to January 1, 2008, and (b) all economic, budget, tax, and tourism projections, reports, studies and forecasts dating back to January 1, 2000.

Alabama continues to evaluate the totality of budget/ tax data retained in State databases, and will produce any data that is both responsive to Defendant's requests and not duplicative of prior productions.

### I(A)(iii). County-Level Data

Alabama confirms that its objection to county-level data does not apply to information or documents in the State's possession, which includes information or documents in the possession of the Alabama Department of Revenue ("Revenue"). Alabama confirms that it is conducting a reasonable search for county-level data that is in the State's possession and that we will produce any such responsive, non-privileged data.

But, as we have previously advised, the State does not have control or possession of all county-level data. Administration of the counties differs across Alabama. Some counties self-administer; some counties hire an independent agency to administer; and others allow Revenue to administer. In those instances where Revenue / the State is not involved in county-level administration, the State does not control or possess the county-level data, and we object to your discovery requests to the extent that they require the State to collect, then produce, that data. BP would need to issue subpoenas if it seeks that data.

### I(A)(iv). Definition of "Revenue"

Alabama is willing to discuss this definition, and our discovery obligations arising from it, in our upcoming meet-and-confer.

### I(A)(v). Rule 33(d) Objection

Among other objections, as you surmise, Alabama is relying on FRCP 33(d), although it did not cite the rule. Alabama is presently reviewing its responses—and BP's similar use of Rule 33(d) in its responses—to ensure compliance with its reliance on the Rule.

### I(B)(i). Interrogatory No. 4

Alabama has not withheld any information based on the objections you cite. Alabama informed Defendants of all non-expert, non-protected analyses of which the State has knowledge and fits within your request. Furthermore, such studies are readily-available to the Defendants in the public domain.

### I(B)(ii). Interrogatory No. 5

Alabama maintains its objections to this request, including but not limited to our objections to properties outside of Mobile and Baldwin Counties and the undue burden caused by this request. Alabama is willing to discuss during our upcoming meet-and-confer.

### I(B)(iii). Interrogatory No. 7

Alabama initially notes your admission that this is a compound request. As for the "first part" of the request, Alabama stands on its initial response as complete and responsive. As for the "second part" of the request, information regarding the State's realization of damages is expert-based, not fact-based. Alabama is willing to discuss during our upcoming meet-and-confer.

### I(B)(iv). Interrogatory No. 11

To be clear, Alabama does not have the ability to identify or describe any revenue received by the State as a result of spill-related compensation payments to third parties.

### I(B)(v). Interrogatory No. 14

While maintaining its objections, Alabama confirms that it will supplement its response to Interrogatory 14 and that it will do so as soon as its accounting is complete.

### I(B)(vi). Interrogatory No. 15

Should Alabama discover additional payments from non-BP sources that fit within the scope of your request, Alabama will supplement its response as soon as its accounting is complete.

### I(B)(vii). Request for Production No. 22

Alabama confirms that its reasonable search for, and production of, responsive documents will include documents related to the State's use of and/or benefit from expenditures and outreach efforts undertaken by the Defendants. While such documents may be included in our production in response to other requests, Alabama confirms that its reasonable search for, and production of, responsive documents does not include a search for documents related to the State's use of and/or benefit from expenditures and outreach efforts undertaken by the Federal Government.

### I(C). Transcription Errors

Alabama confirms that its responses had unintentional transcription errors and that these errors did not, and were not intended to, affect Alabama's responses. Alabama will correct these errors when its serves its supplemental response.

### II(A). Rule 30(b)(6), Topic 20

Alabama confirms that it will designate and offer a witness regarding Topic 20.

### II(B). Rule 30(b)(6), "Supplementation"

By "supplementing" its responses to topics, Alabama was merely referring to the eventuality of State experts testifying to the areas covered by the cited topics. In other words, the State will designate a fact witness to testifying regarding the State's position on these topics, then the State will offer expert witnesses who will offer the State's position on the same/similar topics.

Alabama confirms that it will provide a witness for Topics 8, 10-14, 17, 18, and 21.

### III. Document Production

Alabama's document production has begun, and we will continue to produce documents to the Defendants on a rolling basis through the October 3rd deadline.

\* \* \*

Alabama will be prepared to discuss these and other topics—including our concerns with BPXP's responses—in upcoming meet-and-confers.

Respectfully,

COREY L. MAZE
Special Deputy Attorney General