# Exhibit 18

55977992
Sep 03 2014
09:07PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This Document Relates To: | DISTRICT JUDGE BARBIER |
| Case Nos. 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | MAGISTRATE JUDGE SHUSHAN |

## DEFENDANTS' SECOND SET OF INTERROGATORIES TO THE STATE OF ALABAMA

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"), Anadarko Petroleum Company and Anadarko E&P Company LP (collectively, "Anadarko"), MOEX USA Corporation, MOEX Offshore 2007 LLC, and MOEX USA Corporation (collectively, "MOEX"), Halliburton Energy Services, Inc. ("HESI"), Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively, "Transocean"), through undersigned counsel request that the State of Alabama answer the following interrogatories under oath in accordance with the following Definitions and Instructions within thirty (30) days hereof or as otherwise ordered by the Court. By serving these interrogatories, Defendants do not admit or concede the relevance or admissibility of information or documents responsive to the requests.

### INTERROGATORIES

**INTERROGATORY NO. 16:**

Identify and describe all instances where Oil Materials from any source have been discovered on Alabama's Gulf Coast shoreline or in the waters 15 miles therefrom under

1

Alabama's jurisdiction, prior to April 20, 2010, including the amount and volume of material discovered and the dates and locations of the discovery.

**INTERROGATORY NO. 17:**

Identify and describe all Oil Materials from the Macondo Well that have been located on Alabama's Gulf Coast shoreline or in the waters 15 miles therefrom under Alabama's jurisdiction, since June 10, 2013, the date that Unified Command declared the active Response complete.

**INTERROGATORY NO. 18:**

Identify and describe all instances of the closure of beaches, marshes, or other lands otherwise accessible to the public in the State of Alabama, due to the discovery of Oil Materials from any source, prior to and after April 20, 2010, including the source of the Oil Materials and the length of time that the beaches, marshes, or other lands were closed to the public.

**INTERROGATORY NO. 19:**

Identify and describe all submerged accumulations, whether buried or not, of Oil Materials from the Macondo Well that presently exist in the State of Alabama's near shore and sub-tidal environment under Alabama's jurisdiction, presently known to the State of Alabama, including their locations, surface area, thickness, weight, volume, date of discovery, and identification of corresponding SCAT Segment.

**INTERROGATORY NO. 20:**

Identify and describe any objection that the State of Alabama raised to Unified Command regarding use of the SCAT process to evaluate the extent of oiling from the Macondo Well in Alabama.

**INTERROGATORY NO. 21:**

Identify and describe all instances where the Federal On-Scene Coordinator, the State On-Scene Coordinator for the State of Alabama, any representative of the State of Alabama, or any other Alabama stakeholder, prevented, advised against, or refused permission, for the removal of Oil Materials discovered in the State of Alabama after April 20, 2010.

**INTERROGATORY NO. 22:**

To the extent the State of Alabama contends that any Defendant is not entitled to an offset for the State of Alabama's economic losses resulting from the Oil Spill based on payments or contributions BP or any other person or entity made to the State of Alabama in relation to the Oil Spill, provide a detailed description supporting your contention, including, but not limited to, which payments or contributions Alabama contends not to constitute an offset, the value of these payments or contributions, the date of these payments or contributions, the recipient of these payments or contributions, the designated use of the payments or contributions, and the alleged reasons why the payments or contributions do not qualify as an offset to the State of Alabama's economic losses.

**INTERROGATORY NO. 23:**

Describe how any compensation or settlement payments relating to the *Deepwater Horizon* Oil Spill are taxed by the State of Alabama, including the applicable tax rate.

**INTERROGATORY NO. 24:**

Identify all statements or admissions made by any State of Alabama employee or agent concerning the impact of the *Deepwater Horizon* Oil Spill on Alabama's economy, tax revenues, or property values, including the identity of the person making the statement or admission, when

3

the statement or admission was made, all persons who received the statement or admission, and your perceived authority of the person to make the statement or admission.

**INTERROGATORY NO. 25:**

Identify all statements or admissions the State of Alabama contends were made by any employee or agent of any Defendant that support Alabama's claims, including the identity of the person making the statement or admission, when the statement or admission was made, and all persons the State of Alabama contends received the statement or admission.

## DEFINITIONS

(a)     "You," "your," and "yours" shall mean the Plaintiff State of Alabama, as defined below.

(b)     "Person" shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, political entity, committee, or any other organization.

(c)     "Communication," whether singular or plural, means any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, e-mail, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and electronically stored information ("ESI") containing, summarizing, or memorializing any communication.

(d)     "Document" or "documents" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including ESI, and includes the original and any identical or nonidentical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, all writings; records; contracts; agreements;

4

communications (intra or inter-department or agency); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; videos; desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; licenses; titles; financial statements; general ledger reports; balance sheets; profit and loss statements; economic modeling; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

(e) "Identify," when used with respect to: (i) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last known address and telephone number and business address and telephone number; (ii) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (iii) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

(f) "Including" or "includes" means "including, but not limited to" or "including without limitation."

(g) "Relating to" or "relating to," when referring to any given subject matter, means any document that constitutes, comprises, involves, contains, embodies, reflects, references, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

(h) The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

(i) "MC252 #1 Macondo Well" means the exploratory well that was being drilled by the *Deepwater Horizon* in the Macondo prospect of Mississippi Canyon 252 in the outer continental shelf of the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

(j) "Macondo Well" means the MC 252 #1 Macondo Well.

(k) "*Deepwater Horizon* Incident" and "Incident" mean the events leading to: (i) the loss of well control and the ensuing explosion, fire, injuries and loss of life on the *Deepwater Horizon* rig on or about April 20, 2010; and (ii) the eventual sinking of the rig on April 22, 2010.

(l) "Gulf Coast" means the coasts of Alabama, Florida, Louisiana, Mississippi, and Texas that are on or border the Gulf of Mexico.

(m) "Gulf Region" means the states of Alabama, Florida, Louisiana, Mississippi, and Texas, including any subset, subdivision, or subsection therein.

(n) "OPA" means the Oil Pollution Act of 1990, as amended, and codified at 33 U.S.C. § 2701 *et seq*.

(o) "Oil Materials" means (i) oil, (ii) polycyclic aromatic hydrocarbons ("PAHs"), (iii) hydrocarbons, (iv) other oil or gas constituents, and (v) well drilling and closure materials, including without limitation, drilling muds and fluids and materials injected into the well-head.

6

Oil Materials shall also include (i) derivatives of any of the foregoing from biological, chemical, photochemical, burning or other processes, (ii) any aggregation, mixture or combination of any of the foregoing with any other material including, without limitation, organic matter, inorganic matter, sediments, biological exudates, sand and water, or (iii) any combination of the foregoing.

(p)  "Oil Spill" or "*Deepwater Horizon* Oil Spill" means the discharge of oil or hydrocarbons into the Gulf of Mexico as a result of the Incident.

(q)  "Oil Spill Response" means any effort to clean up the Oil Spill.

(r)  "Response Activities," "*Deepwater Horizon* Response," or the "Response" means any and all activities performed to respond to, or otherwise mitigate, minimize, or prevent, any environmental, human health, economic, or other effects of the *Deepwater Horizon* Oil Spill.

(s)  "Property" or "Properties" means real property, personal property, and other property owned by Alabama or for which Alabama claims a proprietary interest that is alleged to have been damaged by the *Deepwater Horizon* Incident and/or Oil Spill, including, without limitation, each parcel identified in AL-ED-000001 – AL-ED-000009.

(t)  "Revenue(s)" means taxes, fees, interest, royalties, rents, federal funds, grants, fines, contributions, donations, profits, and any other forms of payment or income received by the State of Alabama.

(u)  "Shoreline Cleanup Assessment Technique" or "SCAT" means the standard process used world-wide to assess shoreline oiling in order to direct shoreline treatment following a spill that was utilized in portions of the Gulf Region following the Incident.

(v)  "SCAT Segment" means one of numerous portions of the Gulf Coast shoreline that were systematically segmented through the SCAT process based on a combination of factors, such as physical features, distance, and natural barriers.

(w) "Tourism-Related Activity" means the actions and behaviors of people in preparation for and during a trip in their capacity as consumers.

(x) "Tourism-Related Expenditure" means any amount paid for the acquisition of consumption goods and services, as well as valuables, for use or to give away, for and during tourism trips, including expenditures by visitors themselves, as well as expenses that are paid for or reimbursed by others.

(y) "Unified Command" means the structure, organization, and team established to oversee and manage the response to the *Deepwater Horizon* Oil Spill.

(z) "BP" means BP Exploration & Production Inc. and BP America Production Company.

(aa) "Defendants" means those named in any complaint filed in MDL 2179 including, without limitation, BP, Transocean, Cameron, Anadarko and Halliburton.

(bb) "State" or "Alabama" means without limitation, the State of Alabama and any branch, department, agency, division, or subdivision of the State of Alabama for which discovery is permitted and any predecessor, successor, division, subdivision, committee, subcommittee, or advisory committee thereof together with all current or former officials, directors, staff members, or other persons purporting to act for or on behalf of these agencies, department, and divisions.

(cc) "United States" means, without limitation, any branch, department, or agency of the federal government and any predecessor, successor, division, subdivision, committee, subcommittee, or advisory committee thereof, including without limitation the Department of Agriculture, Department of Commerce, Department of Energy, Department of Health and Human Services, Department of Homeland Security, Department of the Interior, Department of Justice, Department of Labor, Department of Transportation, United States Attorney General,

Bureau of Land Management, Bureau of Ocean Energy Management, Regulation and Enforcement, Bureau of Safety and Environmental Enforcement, Center for Disease Control, Chemical Safety and Hazard Investigation Board, United States Coast Guard, Environmental Protection Agency, Federal Maritime Commission, Food and Drug Administration, Fish and Wildlife Service, Flow Rate Technical Group, United States Geological Survey, Minerals Management Service, National Academy of Sciences, National Institute of Occupational Safety and Health, National Oceanic and Atmospheric Administration, National Park Service, Occupational Safety and Health Administration, Office of Electricity Delivery and Energy Reliability, Office of Natural Resources Revenue, Outer Continental Shelf Safety Oversight Board, Securities and Exchange Commission, Graham-Reilly National Commission, Senate Committee on Energy and Natural Resources, Senate Committee on Environment and Public Works, Senate Committee on Homeland Security and Government Affairs, House Committee on Energy and Commerce, House Natural Resources Committee, House Oversight and Government Reform Committee, and Joint Investigation Team, together with all current or former officials, directors, staff members, or other persons purporting to act for or on behalf of the United States.

## INSTRUCTIONS

(a) Unless stated otherwise, the timeframe for all requests is from 2000 to the present.

(b) All requested information should be provided at both the state level and the county level so that information for each county can be identified and distinguished.

(c) Each interrogatory is to be construed independently and not by or with reference to any other request for purposes of limiting the scope of any particular request.

(d) If you claim that the language of any interrogatory is vague or ambiguous, then you must identify the language you believe is ambiguous and describe the different interpretations that you believe may apply to such language.

(e) Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing and you must revise or supplement your responses and production whenever new or additional responsive information becomes known.

Dated:  September 3, 2014                              Respectfully submitted,

*/s/ Paul D. Collier*
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
F. Chad Morriss
Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter, LLP
555 12th Street N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #I6984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

*/s/ Kerry J. Miller*
Brad D. Brian
Michael R. Doyen
Grant Davis-Denny
Daniel B. Levin
MUNGER TOLLES & OLSON, LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 683-5180
Email: brad.brian@mto.com
michael.doyen@mto.com
grant.davis-denny@mto.com
daniel.levin@mto.com

Steven L. Roberts
Rachel Giesber Clingman
Sean Jordan
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002
Tel: (713) 4710-6100
Fax: (713) 354-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
sean.jordan@sutherland.com

Kerry J. Miller
FRILOT, LLC
1100 Poydras Street, Suite 3800
New Orleans, LA 70163
Tel: (504) 599-8194
Fax: (504) 599-8154
Email: kmiller@frilot.com

*Attorneys for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH*

12

/s/ *Donald E. Godwin*_____
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

*Attorneys for Defendant Halliburton Energy Services, Inc.*

*/s/ Ky E. Kirby*_____
Ky E. Kirby
ky.kirby@bingham.com
David M. Halverson
david.halverson@bingham.com
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

*Attorneys for Anadarko Petroleum Company and Anadarko E&P Company LP*


*/s/ Edward Flanders*
Edward Flanders
edward.flanders@pillsburylaw.com
Stella Pulman
stella.pulman@pillsburylaw.com
1540 Broadway
New York, NY 10036
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

*Attorneys for MOEX USA Corporation, MOEX Offshore 2007 LLC, and MOEX USA Corporation*

14

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Defendants' Second Set of Interrogatories to the State of Alabama has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 3rd day of September, 2014.

                                          */s/ Paul D. Collier*_____
                                          Paul D. Collier