**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In re:  Oil Spill by the Oil Rig**
**"Deepwater Horizon" in the Gulf**
**of Mexico, on April 20, 2010**

**This Pleading Relates To**
- **10-4182** (*Alabama v. BP*)
- **10-4183** (*Alabama v. Transocean, et. al*)
- **13-2645** (*Alabama v. Anadarko & MOEX*)
- **13-2646** (*Alabama v. Transocean*)
- **13-2647** (*Alabama v. Halliburton*)
- **13-2813** (*Alabama v. BP*)

**MDL No. 2179**
**SECTION: J**

**JUDGE BARBIER**
**MAGISTRATE SHUSHAN**

**MOTION TO DISMISS SET-OFF CLAIMS**
*-or in the Alternative-*
**MOTION TO STRIKE SET-OFF AFFIRMATIVE DEFENSES**

1.   *Requested Relief*:  Pursuant Federal Rule of Civil Procedure 12(b)(1) and the Fifth

Circuit's opinion in *Texas v. Caremark, Inc.*, 584 F.3d 655 (5th Cir. 2009), the State of

Alabama requests the Court dismiss, strike, and/or otherwise preclude the following

claims/defenses for lack of subject matter jurisdiction:

- A counterclaim that the State violated the terms of a grant or other monetary
  agreement between the State and BP, and

- Any other "set-off" claim, credit, or defense for which the State has not
  waived its sovereign immunity.

*See* MDL 2179 Doc. 4905 at 202 (BP's Thirteenth Affirmative Defense); Doc. 4910 at 43

(Halliburton's Second Affirmative Defense); and Doc. 931 at 15, 18 (Transocean's Twelfth and

Twenty-Eighth Affirmative Defenses).

2.   *Waiver of Stay*:  The State waives any right to request suspension of discovery

pending resolution of its motion.  *See Caremark*, 584 F.3d at 660 ("the sovereign immunity

issue must be resolved before further litigation (including discovery and motions for summary judgment) proceeds, so that the States are not subjected to litigation to which they have not consented").  Alabama desires that discovery proceed as scheduled by the Court.  That said, for the reasons articulated by the Fifth Circuit in *Caremark*, the State asks for expedited briefing so that it can better prepare for the fact and 30(b)(6) depositions that are scheduled to commence on November 3, 2014.

3. *Reservation of Defenses*:  Alabama reserves all other defenses and arguments against the defenses/counterclaims listed above—*e.g.* relevance, waiver, collateral source, double-counting, and mutuality of debt—until the scheduled filing of Motions for Limine and/or Motions for Summary Judgment.  *See Caremark*, 584 F.3d at 657-58 (holding that sovereign immunity must be decided before other "legal issues" and "threshold legal questions" are decided in motions for summary judgment).

Respectfully submitted this 17th day of October, 2014.

LUTHER J. STRANGE
 *Attorney General*

 /s/ Corey L. Maze
*Special Deputy Attorney General*


WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email:  cmaze@ago.state.al.us

Attorneys for the State of Alabama

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on October 17, 2014.

    /s/ Corey L. Maze
COREY L. MAZE
*Special Deputy Attorney General*