E-SERVICE
55873420
Aug 11 2014
05:24PM
File & ServeXpress

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" | § | |
| in the GULF OF MEXICO, | § | |
| on APRIL 20, 2010 | § | SECTION: J |
| | § | |
| Applies to:  No. 10-4182, 10-4183, | § | JUDGE BARBIER |
| 13-2645, 13-2646, 13-2647, 13-2813 | § | |
| | § | |
| | § | MAG. JUDGE SHUSHAN |

**HALLIBURTON ENERGY SERVICES, INC.'S OBJECTIONS AND RESPONSES
TO THE STATE OF ALABAMA'S FIRST SET OF DISCOVERY REQUESTS TO THE
DEFENDANTS RELATING TO THE STATE'S COMPENSATORY DAMAGES PHASE**

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure and the

Court's Scheduling Order, Defendant Halliburton Energy Services, Inc. ("HESI") serves the

following Objections and Responses to the State of Alabama's First Set of Discovery Requests to

the Defendants Relating to the State's Compensatory Damages Phase.

## I.

## GENERAL OBJECTIONS

1.      HESI asserts the following objections to each and every one of Alabama's

Requests for Admission, Interrogatories and Requests for Production, including any definitions

or instructions associated therewith (the "Discovery Requests").  These general objections are

incorporated by reference into each specific response or answer set forth by HESI, and are

neither waived nor limited by any specific response or answer.

2.      HESI responds to Alabama's Interrogatories where applicable, by producing

responsive documents, if any, in accordance with Rule 33(d) of the Federal Rules of Civil

Procedure.  HESI objects, however, to providing or producing, in response to any Discovery Request, knowledge, information, or things that are: (1) not in the possession, custody, or control of HESI; (2) already in the possession, custody, or control of Alabama; (3) already produced in the MDL-2179 proceedings; or (4) publicly available or otherwise readily available to Alabama.

3.      HESI objects to the Discovery Requests to the extent they request information, seek documents, or attempt to impose any obligations beyond those permitted or authorized by the Federal Rules of Civil Procedure or the Rules or orders of the court.

4.      HESI objects to the Discovery Requests to the extent they seek information or request documents that contain proprietary or trade secret information.  HESI will produce any such documents pursuant to the court's Protective Orders.

5.      HESI objects to the Discovery Requests to the extent they seek information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege.

6.      HESI objects to the Discovery Requests to the extent they seek the disclosure of information or documents that would violate the rights of privacy of third parties, or any similar judicially recognized protection or privilege, including, but not limited to, restrictions imposed in connection with the proceedings before the MBI (or any other governmental investigation), or that would result in the disclosure of any confidential information without appropriate restrictions on said disclosure and dissemination that are contained within the protective order entered into by the court.

7.      HESI objects to Alabama's Discovery Requests, including the "Definitions" and "Instructions" contained therein, to the extent that they call for the generation or creation of documents not already in existence.

8.      HESI objects to the Discovery Requests to the extent that they are compound and contain multiple subparts that should be counted as separate requests.  The court expressly limited Alabama to 60 combined interrogatories and requests for production and 25 requests for admission.  Rec. Doc. 13149.

9.      To the extent HESI responds that it will search for and produce responsive documents, HESI undertakes to make a good faith effort to conduct a reasonable search of non-privileged, responsive documents and/or to apply a reasonable set of search terms when searching through electronically stored records and data.  HESI is not offering or promising to search for and produce every document or piece of information that may exist in the possession, custody, or control of any of its tens of thousands of employees and agents where any such items are not included within the results of a reasonable search as described above.  HESI will comply with any and all orders of the court regarding the production of ESI and other information.

10.     By providing information in response to the Discovery Requests, HESI does not concede that such information is relevant, material, or admissible in evidence in this or any other proceeding. HESI reserves all rights to object to the use of such information as evidence in this or any other proceeding.

11.     HESI's responses to the Discovery Requests are based on information known to it as of August 11, 2014.  HESI reserves its right to amend, modify, or supplement its responses.

12.     HESI objects to the Discovery Requests directed at all "Defendants" to the extent they do not and/or cannot apply to HESI.

13.     HESI's objections and responses are based on its understanding and interpretation of the Discovery Requests.  If HESI understands or interprets any of the Discovery Requests differently than Alabama, HESI reserves the right to supplement any of its objections and responses.

14.     HESI objects to the Discovery Requests to the extent that they seek documents or information not related to the issues to be tried in this damages phase.

15.     HESI objects to the Discovery Request's use of the terms "Oil Spill Response Activities," "Response Activities," and "Response" to the extent that any interpretation of those terms seeks information duplicative of or previously litigated in Phase One or Phase Two, as defined in the Second Amended Pretrial Order No. 41.  Rec. Doc. 6592.

16.     HESI objects to the Discovery Requests to the extent that they seek documents or information relating Phase One or Phase Two of the MDL-2179 litigation.  Discovery for Phase One and Phase Two is complete, and the trial record for the Limitation of Liability Trial is closed.  HESI reserves the right to rely on discovery taken and the record developed in Phases One and Two.

17.     HESI objects to the Discovery Requests to the extent that they seek information related to any Alabama state agency or division other than those specifically identified as "subject to any discovery request propounded to the State of Alabama by Defendants" in the court's order dated July 16, 2014.  Rec. Doc. 13149.

18.   No objection, limitation, response, or lack thereof, set forth herein shall be deemed an admission by HESI as to the existence or non-existence of any information.  HESI's agreement to produce documents in response to any request is not an admission that any such documents exist.  It simply means that, to the extent non-privileged, responsive documents exist, if any, such documents will be made available for review and inspection at a mutually convenient place and time.

## II.

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**:  Admit that MC252 oil did not exist within the State of Alabama before April 20, 2010.

> **RESPONSE**:  After a reasonable inquiry, information known to or readily obtainable by HESI is insufficient to enable HESI to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 2**:  Admit that oil-related materials entered the State of Alabama after April 20, 2010.

> **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, HESI acknowledges that certain public reports indicate that some oil may have reached portions of Alabama's shore, however, because HESI has no direct or independent knowledge of the fate and transport of oil from the Macondo 252 well, it cannot admit or deny this Request.

**REQUEST FOR ADMISSION NO. 3**:  Admit that between April 20, 2010 and the present, oil-related materials were removed from every oil spill response activity SCAT segment located within Baldwin County, Alabama bordering the Gulf of Mexico.

> **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI has no such knowledge, it cannot admit or deny this Request.

**REQUEST FOR ADMISSION NO. 4**:  Admit that the State of Alabama incurred removal costs as a result of oil-related materials migrating into the State of Alabama.

> **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI has no such knowledge, it cannot admit or deny this Request.  HESI further objects to this Request as premature to the extent that discovery is in the beginning stages and expert reports and materials are not yet due.

**REQUEST FOR ADMISSION NO. 5**:  Admit that the State of Alabama incurred tax losses as a result of oil-related materials migrating into the State of Alabama.

> **RESPONSE**:  HESI objects to this Request as overbroad, vague, and ambiguous to the extent that the term "tax losses" is undefined.  HESI further objects to this Request as premature to the extent that discovery is in the beginning stages and expert reports and materials are not yet due.  HESI further objects to this Request because it seeks information not presently in the scope of HESI's knowledge, as information regarding the impact of the *Deepwater Horizon* Oil Spill on Alabama taxes is a subject of HESI's discovery requests to the State of Alabama.  Subject to and without waiving its specific and general objections, after a reasonable inquiry, information known to or readily obtainable by HESI is insufficient to enable HESI to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 6**:  Admit that oil-related materials were buried by sand in the Gulf of Mexico supratidal and intertidal zones of the State of Alabama after April 20, 2010.

> **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI has no such knowledge, it cannot admit or deny this Request.  HESI further objects to this Request as premature to the extent that discovery is in the beginning stages and expert reports and materials are not yet due.

**REQUEST FOR ADMISSION NO. 7**:  Admit that submerged oil mats presently exist within the State of Alabama.

> **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI has no such knowledge, it cannot admit or deny this Request.  HESI further objects to this Request as premature to

the extent that discovery is in the beginning stages and expert reports and materials are not yet due.

**REQUEST FOR ADMISSION NO. 8**:  Admit that submerged oil mats removed from the State of Alabama contained MC252 oil.

    **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI has no such knowledge, it cannot admit or deny this Request.  HESI further objects to this Request as premature to the extent that discovery is in the beginning stages and expert reports and materials are not yet due.

**REQUEST FOR ADMISSION NO. 9**:  Admit that oil-related materials have washed up on the State of Alabama's Gulf of Mexico coastline in 2014.

    **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI has no direct or independent knowledge, it cannot admit or deny this Request.

**REQUEST FOR ADMISSION NO. 10**:  Admit that oil spill response activities still occur within the State of Alabama.

    **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI has no such knowledge, it cannot admit or deny this Request.

**REQUEST FOR ADMISSION NO. 11**:  Admit that SCAT designated 38 miles of Alabama's Gulf of Mexico shoreline as "heavily oiled."

    **RESPONSE**:  HESI objects to this Request as premature to the extent that it seeks expert reports and materials prior to the deadline to produce such documents.  Subject to and without waiving its specific and general objections, after a reasonable inquiry, information known to or readily obtainable by HESI is insufficient to enable HESI to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 12**:  Admit that oil-related materials were removed from each of the land parcels identified in documents AL-ED-000001 through AL-ED-000009.

    **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI has no such knowledge, it cannot admit or deny this Request.

**REQUEST FOR ADMISSION NO. 13**:  Admit that oil-related materials were removed from each of the segments identified in documents AL-ED-000001 through AL-ED-000009 on more than one occasion between April 20, 2010 and the present.

    **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI has no such knowledge, it cannot admit or deny this Request.

**REQUEST FOR ADMISSION NO. 14**:  Admit that land parcels identified in documents AL-ED-000001 through AL-ED-000009 that are contiguous to the Gulf of Mexico were subject to multiple oil spill response activities, including "Operation Deep Clean".

    **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of "Operation Deep Clean" or the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI has no such knowledge, it cannot admit or deny this Request.  HESI further objects to this Request as premature to the extent that discovery is in the beginning stages and expert reports and materials are not yet due.

**REQUEST FOR ADMISSION NO. 15**:  Admit that Alabama's coastal areas attract tourists.

    **RESPONSE**:  HESI admits that certain coastal areas of Alabama are visited by tourists.

**REQUEST FOR ADMISSION NO. 16**:  Admit that Alabama's coastal areas generate tourism for the State of Alabama.

    **RESPONSE**:  HESI objects to this Request because the phrase "generate tourism for" is vague and ambiguous.   Subject to and without waiving its specific and general objections, HESI admits that certain coastal areas of Alabama are visited by tourists.

**REQUEST FOR ADMISSION NO. 17**:  Admit that tourists are less likely to visit Alabama's coastal areas if those coastal areas contain oil-related materials.

> **RESPONSE**:  HESI objects to this Request as vague and ambiguous to the extent it seeks information regarding tourists being "less likely" without defining the scope of comparison.  HESI further objects to this Request as vague and ambiguous to the extent that it does not define the applicable time period or the degree or character of "oil- related materials."  HESI further objects to this Request because it seeks information not presently in the scope of HESI's knowledge, as information regarding the impact of the *Deepwater Horizon* Oil Spill on Alabama tourism is a subject of HESI's discovery requests to the State of Alabama.  Subject to and without waiving its specific and general objections, after a reasonable inquiry, information known to or readily obtainable by HESI is insufficient to enable HESI to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 18**:  Admit that the number of tourists to the Alabama Gulf Coast declined in 2010 as a result of the oil spill.

> **RESPONSE**:  HESI objects to this Request as premature to the extent that it seeks expert reports and materials prior to the deadline to produce such documents.  HESI further objects to this Request because it seeks information not presently in the scope of HESI's knowledge, as information regarding the impact of the *Deepwater Horizon* Oil Spill on Alabama tourism is a subject of HESI's discovery requests to the State of Alabama.  Subject to and without waiving its specific and general objections, after a reasonable inquiry, information known to or readily obtainable by HESI is insufficient to enable HESI to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 19**:  Admit that a decline in the number of tourists to Alabama's coastal counties in 2010 resulted in a decline in tourism in 2010.

> **RESPONSE**:  HESI objects to this Request as premature to the extent that it seeks expert reports and materials prior to the deadline to produce such documents.  HESI further objects to this Request because it seeks information not presently in the scope of HESI's knowledge, as information regarding the impact of the *Deepwater Horizon* Oil Spill on Alabama tourism is a subject of HESI's discovery requests to the State of Alabama.  Subject to and without waiving its specific and general objections, after a reasonable inquiry, information known to or readily obtainable by HESI is insufficient to enable HESI to admit or deny this Request.

**III.**

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**: Identify your officers, directors, employees, contractors, and/or persons acting on your behalf who organized, participated in, assisted in or oversaw your beach and/or coastal cleanup operations during the Macondo oil spill response within the State of Alabama, including each person's role, responsibility, affiliation, nature of activities performed, time duration of involvement, amounts paid by you for services, and specific location of involvement.

> **RESPONSE**:  HESI objects to this Interrogatory because it erroneously assumes that HESI was responsible for beach and/or coastal cleanup operations during the Macondo oil spill response within the State of Alabama.  Subject to and without waiving its specific and general objections, neither HESI nor its officers, directors, employees, contractors, and/or persons acting on its behalf organized, participated in, assisted in, or oversaw any beach and/or coastal cleanup operations within the State of Alabama.

**INTERROGATORY NO. 2**:  Identify your officers, directors, employees, and/or persons acting on your behalf that organized, participated in, oversaw or provided input into your efforts to mitigate economic losses sustained by the State of Alabama, its individuals, and/or its businesses following the Macondo oil spill, including each person's role, responsibility, affiliation, and time period of involvement.

> **RESPONSE**:  HESI objects to this Interrogatory because the phrase "efforts to mitigate economic losses" is overly broad, vague and ambiguous, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the phrase "efforts to mitigate economic losses" is broad enough to encompass issues previously discovered and/or litigated during Phase One and Phase Two.  HESI further objects to this Interrogatory to the extent that it implies HESI was responsible for mitigating any economic losses sustained by the State of Alabama.
>
> Subject to and without waiving its specific and general objections, following the oil spill, at BP's direction, HESI assisted BP in implementing BP's oil spill response plan.  HESI's post-Incident role is described generally in TREX11578, the Phase Two Expert Report of Edward Ziegler and the Phase Two Deposition of Richard Vargo at 12:21-14:8; 15:8-16:5; 22:5-19 (August 22, 2012).  Exhibit A identifies HESI's Daily Activity Reports related to its efforts to assist BP with stopping the flow of oil into the Gulf of Mexico.

**INTERROGATORY NO. 3**:  Identify all third parties, including State of Alabama employees or agents, whom you believe possess knowledge, information, studies, and/or documents regarding or relating to the State of Alabama's claims.

**RESPONSE**:  HESI objects to this Interrogatory to the extent that it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence.  HESI further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  HESI further objects to this Interrogatory as premature to the extent that discovery is in the beginning stages and expert reports and materials are not yet due.

Subject to and without waiving its specific and general objections, HESI identifies and incorporates by reference all individuals, entities, agencies, and departments identified in the parties' Rule 26(a)(i) Disclosures, and all amendments thereto.

**INTERROGATORY NO. 4**:  Identify all persons with whom you, your officers, directors, employees, and/or other persons acting on your behalf have communicated and/or consulted with, either directly or indirectly, from April 20, 2010 to present, regarding either the State of Alabama's potential or actual economic and/or property claims resulting from the oil spill, including the name of all persons encompassed in the communication, their affiliation, their role and responsibilities, time of communication, and the specific substance of the communication.

**RESPONSE**:  HESI objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.  Subject to and without waiving its specific and general objections, see HAL_0072155-56 and HAL_CSB000003.1-2.

**INTERROGATORY NO. 5**:  Identify all statements or admissions you contend were made by any State of Alabama employee or agent that support your contentions and/or defenses regarding the State of Alabama's claims, including the identity of the person making the statement or admission, the alleged statement or admission, when the statement or admission was made, all persons you contend received the statement and/or admission, and your perceived authority of the person to make the admission.

**RESPONSE**:  HESI objects to this Interrogatory as premature to the extent that discovery is in the beginning stages and expert reports and materials are not yet due.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.

**INTERROGATORY NO. 6**:  Identify and describe all instances of oil-related material events within the State of Alabama and 15 miles therefrom, including but not limited to, the date of discovery, location of discovery, description of discovery (stranded, buried, water surface, water

subsurface), volume, severity, weight, whether recovered, the recovering party, and the method and location of disposal.

> **RESPONSE**:   HESI objects to this Interrogatory as premature to the extent that discovery is in the beginning stages and expert reports and materials are not yet due. HESI further objects to this Interrogatory to the extent that it erroneously assumes that HESI has direct or independent knowledge of the post-Incident clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, after a reasonable inquiry, because HESI has no direct or independent knowledge of post-Incident clean-up or response activities, it has no independent knowledge of any instances of oil-related material events within the State of Alabama and 15 miles therefrom.

**INTERROGATORY NO. 7**:  Identify all method(s) or criteria utilized by you to fingerprint, identify and/or otherwise confirm the source of oil-related materials recovered during oil spill response activities as those originating from the MC252 well and the person(s) who applied such method or criteria to identify or confirm the source of oil-related materials on your behalf.

> **RESPONSE**:  HESI objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.  Subject to and without waiving its specific and general objections, HESI has not utilized any method or criteria to fingerprint, identify and/or otherwise confirm the source of any such oil-related materials.

**INTERROGATORY NO. 8**:  To the extent that you, your officers, directors, employees, and/or persons working on your behalf have attempted to quantify the oil spill's economic impact (whether negative or positive) on the State of Alabama, including its economy, geographical locations or business industries, describe in detail your quantification efforts (regardless of how advanced those efforts may be), including, but not limited to, all persons involved in each quantification attempt; their affiliation with you; specific quantification method(s), analysis modeling and limitations utilized; any studies, analysis, calculations and/or modeling relied upon; any changes to your quantification method(s) over time; the status of quantification; all results of your quantification efforts; and data retained, consulted or reviewed in connection with any such quantification.

> **RESPONSE**:  HESI objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  HESI further objects to this Interrogatory to the extent that it calls for expert opinions prior to the deadline for the

designation of experts and production of expert reports.  HESI further objects to this Interrogatory as vague and ambiguous to the extent that the phrases "analysis modeling and limitations" and "the status of quantification" are undefined.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.  Subject to and without waiving its specific and general objections, HESI has no knowledge or information indicating that it or any of its officers, directors, or employees have attempted to quantify the oil spill's economic impact, if any, on the State of Alabama.

**INTERROGATORY NO. 9**:  To the extent that you, your officers, directors, employees, and/or persons working on your behalf have attempted to quantify the oil spill's impact on the State of Alabama's tax streams (regardless of how advanced), describe in detail your quantification efforts, including, but not limited to, all persons involved in each quantification attempt; their affiliation with you; specific quantification method(s), analysis modeling and limitations utilized; any studies, analysis, calculations and/or modeling relied upon; any changes to your quantification method(s) over time; the status of quantification; all results of your quantification efforts; and data retained, consulted or reviewed in connection with any such quantification.

> **RESPONSE**:  HESI objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  HESI further objects to this Interrogatory to the extent that it calls for expert opinions prior to the deadline for the designation of experts and production of expert reports.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.  Subject to and without waiving its specific and general objections, HESI has no knowledge or information indicating that it or any of its officers, directors, or employees have attempted to quantify the oil spill's impact, if any, on the State of Alabama's tax streams.

**INTERROGATORY NO. 10**:  To the extent you, your officers, directors, persons and/or employees working on your behalf discovered, but did not recover, oil-related materials within the State of Alabama, identify each instance, including but not limited to, the date of discovery, location of discovery, description of discovery (stranded, buried, water surface, water subsurface), volume, severity, weight, the reasons why oil-related materials were not recovered, and specific persons consulted to determine whether to recover the oil-related materials.

> **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI has direct or independent knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, HESI has no knowledge of any such discovery.

**INTERROGATORY NO. 11**:  To the extent you, your officers, directors, persons and/or employees working on your behalf are aware of the existence of submerged oil mats within the State of Alabama or 15 miles therefrom from April 20, 2010 to present, identify and describe the existence of these submerged oil mats, including, but not limited to, the location(s) of the submerged oil mat, its surface area, thickness, weight, volume, date of discovery, identification of corresponding onshore SCAT segments, date of removal and/or recovery, the volume of submerged oil mat removed versus not removed, and all persons known to you who either were present at the time of or possess knowledge of the responsive events.

> **RESPONSE**:  HESI objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  HESI further objects to this Interrogatory to the extent that it calls for expert opinions prior to the deadline for the designation of experts and production of expert reports.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.  Subject to and without waiving its specific and general objections, HESI has no knowledge or information indicating that it or any of its officers, directors, persons or employees working on its behalf are aware of the existence of submerged oil mats within the State of Alabama or 15 miles therefrom from April 20, 2010 to present.

**INTERROGATORY NO. 12**:  To the extent you conducted or possess within your control an oil constituent baseline survey for any location within the State, please describe the baseline survey results in detail, including, but not limited to, the baseline survey method(s) utilized by BP, the persons responsible for constructing the baseline survey, the persons responsible for performing the baseline survey, the results of the baseline survey test and any comparison results thereafter.

> **RESPONSE**:  HESI objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  HESI further objects to this Interrogatory to the extent that it calls for expert opinions prior to the deadline for the designation of experts and production of expert reports.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.  Subject to and without waiving its specific and general objections, HESI has no knowledge or information indicating that it or any of its officers, directors, or employees have conducted or possess an oil constituent baseline survey for any location within the State of Alabama.

**INTERROGATORY NO. 13**:  To the extent that you contend you are entitled to an offset to the State's economic losses resulting from the oil spill, provide a detailed description supporting your contention, including, but not limited to, the value of the offset you contend you are entitled to, all payments and/or contributions, date of payments and/or contributions, the recipient of the

**HALLIBURTON ENERGY SERVICES, INC.'S OBJECTIONS AND RESPONSES**
**TO THE STATE OF ALABAMA'S FIRST SET OF DISCOVERY REQUESTS TO THE**
**DEFENDANTS RELATING TO THE STATE'S COMPENSATORY DAMAGES PHASE        Page 14**

payments and/or contributions, the payor of the payments and/or contributions, the designated use of said payments and/or contributions, and the resulting impact you contend effectuates an offset.

> **RESPONSE**:  HESI objects to this contention Interrogatory as premature as discovery is still in its beginning stages.  HESI further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  HESI further objects to this Interrogatory to the extent that it calls for expert opinions prior to the deadline for the designation of experts and production of expert reports.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.  Subject to and without waiving its specific and general objections, HESI is entitled to an offset or credit for any and all payments received by Alabama from BP, any other co-defendant, or any other private or governmental entity, related to the State's alleged damages from the oil spill.  Additionally, HESI is entitled to an offset or credit for taxes paid to Alabama on income associated with any such payments related to the oil spill.

**INTERROGATORY NO. 14**:  To the extent that you contend the State's economic losses have been mitigated by payments and/or contributions made by you, provide a detailed description supporting your contention, including, but not limited to, the value of your mitigation efforts, all payments and/or contributions (identified by each payment, contribution, and payor) made by you that you contend contribute to the mitigation, the date of each payment and/or contribution, the recipient of the payment and/or contribution, and the resulting impact for each payment and/or contribution that you contend mitigates your obligation to pay damages.

> **RESPONSE**:  HESI objects to this contention Interrogatory to the extent that it erroneously assumes that HESI is obligated to make payments to Alabama as a result of the oil spill.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.  Subject to and without waiving its specific and general objections, HESI is not aware of payments or contributions made by HESI to Alabama for alleged economic losses related to the oil spill.

**INTERROGATORY NO. 15**:  To the extent that you contend there are other economic factors unrelated to the oil spill that contributed to the State's losses, identify and describe in detail all factors supporting your contention, including but not limited to, the timing of each economic factor, the cause of the economic factor, and the economic impact and contributing "loss" associated with each economic factor.

> **RESPONSE**:  HESI objects to this contention Interrogatory as premature as discovery is still in its beginning stages.  HESI further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not

limited to, non-discoverable information obtained from consulting-only experts. HESI further objects to this Interrogatory because it seeks expert opinions prior to the deadline for the designation of experts and production of expert reports. HESI further objects to this Interrogatory to the extent that it contains multiple subparts.

**INTERROGATORY NO. 16**:  To the extent that you contend certain State of Alabama business industries did not sustain losses resulting from the oil spill, please identify the industries you contend were not impacted, including the specific reasons and/or basis for your contention that these industries were not impacted by the oil spill.

> **RESPONSE**:  HESI objects to this contention Interrogatory as premature as discovery is still in its beginning stages. HESI further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts. HESI further objects to this Interrogatory because it seeks expert opinions prior to the deadline for the designation of experts and production of expert reports. HESI further objects to this Interrogatory to the extent that it contains multiple subparts.

**INTERROGATORY NO. 17**:  To the extent that you contend the State's alleged economic loss(es) are and/or were limited to certain geographic location(s) within the State of Alabama, please identify the geographic location(s) as well as the reasons you contend economic losses are limited to these location(s).

> **RESPONSE**:  HESI objects to this contention Interrogatory as premature as discovery is still in its beginning stages. HESI further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts. HESI further objects to this Interrogatory because it seeks expert opinions prior to the deadline for the designation of experts and production of expert reports. HESI further objects to this Interrogatory to the extent that it contains multiple subparts. Subject to and without waiving its specific and general objections, pursuant to the Order and Reasons As to Motions to Dismiss the B1 Master Complaint, general maritime law claims for purely economic losses that do not allege physical damage to a proprietary interest are barred under the *Robins Dry Dock* rule. Rec. Doc. 3830 at 38 (citing *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927)).

**INTERROGATORY NO. 18**:  To the extent you contend the State has not met its obligations under the Oil Pollution Act of 1990 ("OPA"), including but not limited to OPA's presentment procedure, describe in detail the basis for your contention.

**RESPONSE**:   HESI objects to this contention Interrogatory because it erroneously assumes that HESI is privy to information exchanged between Alabama and OPA Responsible Parties regarding Alabama's OPA claims and its associated obligations. OPA claims may be brought only against an OPA Responsible Party, and HESI is not an OPA Responsible Party.  *See* 33 U.S.C. § 2702(a); § 2701(32).  Subject to and without waiving its specific and general objections, HESI has no direct knowledge of the status of Alabama's compliance with its OPA obligations.

**INTERROGATORY NO. 19**:  To the extent you contend that OPA prohibits a State entity from maintaining a physical property damage claim for State-owned lands separate and apart from a Natural Resource Damage claim, describe in detail the basis for your contention(s).

**RESPONSE**:  HESI objects to this contention Interrogatory to the extent that it seeks pure legal conclusions.  HESI further objects to this Interrogatory as vague and confusing because it does not adequately identify which claims or damages are said to be prohibited by OPA.  Subject to and without waiving its specific and general objections, to the extent that this Interrogatory requests HESI's contentions regarding OPA displacement, HESI contends that OPA displaces all of Alabama's general maritime law claims for OPA-covered damages, including Alabama's only remaining claims against HESI.  *See*, *e.g*., Rec. Doc. 1429, Rec. Doc. 8267.  HESI further contends that Alabama may not receive a double recovery or amounts that exceed what is necessary to satisfy its actual economic damages, if any.

**INTERROGATORY NO. 20**:  To the extent you contend that the State's damages or injuries were the result of an occurrence and/or accident unforeseeable by you, identify the occurrence(s) and/or accident(s) that were unforeseeable to you and the resulting damages or injuries from those occurrence(s) and/or accident(s).

**RESPONSE:**  HESI objects to this contention Interrogatory as premature as discovery is still in its beginning stages.  HESI further objects to this Interrogatory because it seeks expert opinions prior to the deadline for the designation of experts and production of expert reports.  HESI further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.   HESI further objects to this Interrogatory to the extent that it contains multiple subparts.  Subject to and without waiving its specific and general objections, HESI hereby incorporates its previous briefing regarding unforeseeable acts and intervening and superseding causes. *See* Rec. Doc. 10468 at 10, 33, 35, 69, 71, 95, 96, 194, 260, 306; 308-10; Rec. Doc. 10568 at 69, 70; Rec. Doc. 8751 at 2, 6.

**HALLIBURTON ENERGY SERVICES, INC.'S OBJECTIONS AND RESPONSES TO THE STATE OF ALABAMA'S FIRST SET OF DISCOVERY REQUESTS TO THE DEFENDANTS RELATING TO THE STATE'S COMPENSATORY DAMAGES PHASE         Page 17**

**INTERROGATORY NO. 21**:  To the extent you contend that a supervening and/or intervening event caused, either in whole or in part, the State's damages, identify each event and describe in detail why you believe the event is applicable to the State's oil spill economic damage claims.

> **RESPONSE:**  HESI objects to this contention Interrogatory as premature as discovery is still in its beginning stages.  HESI further objects to this Interrogatory because it seeks expert opinions prior to the deadline for the designation of experts and production of expert reports.  HESI further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  Subject to and without waiving its specific and general objections, HESI hereby incorporates its previous briefing regarding superseding and/or intervening events.  *See* Rec. Doc. 10468 at 305-11; Rec. Doc. 12043; and Rec. Doc. 12224.  *See also*, HESI's Response to Interrogatory 20.

**INTERROGATORY NO. 22**:  To the extent you contend that the State has failed to mitigate damages, describe in detail your contentions, including the steps that you contend the State should have taken to mitigate damages.

> **RESPONSE:**  HESI objects to this contention Interrogatory as premature as discovery is still in its beginning stages.  HESI objects to this Interrogatory to the extent that it calls for expert opinions prior to the deadline for the designation of experts and production of expert reports.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.

**INTERROGATORY NO. 23**:  To the extent you are raising any claims or defenses in this lawsuit, identify and explain in detail your claims and defenses, including any information, communications, admissions or documents supporting your claims and defenses.

> **RESPONSE:**  HESI objects to this contention Interrogatory as premature as discovery is still in its beginning stages.  HESI further objects to this Interrogatory because it seeks expert opinions prior to the deadline for the designation of experts and production of expert reports.  HESI further objects to this Interrogatory to the extent that it seeks to impose an obligation on HESI to identify all potential trial exhibits and deposition designations in advance of the deadlines in the court's scheduling order.  HESI further objects to this Interrogatory to the extent that it contains multiple subparts.  Subject to and without waiving its specific and general objections, HESI hereby incorporates its Answer to the State of Alabama's First Amended Complaint and its Omnibus Supplemental Answer Asserting Affirmative Defense of Superseding Cause.  *See* Rec. Doc. 4910; Rec. Doc. 8751.  Further, HESI is entitled to indemnity from BP with respect to the claims made by Alabama herein, pursuant to the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services entered into between HESI and BP.

*See* Rec. Doc. 10468 at 315-16; Rec. Doc. 5493; TREX4477; Rec. Doc. 12043; and Rec. Doc. 12224.  HESI also reserves the right to assert and rely on any counterclaim or affirmative defense raised by any other defendant and to amend or supplement its affirmative defenses as additional facts become known during discovery.

## IV.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 24**: Produce all manuals, protocols and/or reference materials you, your directors, officers, employees and/or persons working on your behalf utilized as part of your oil spill response activities within the State of Alabama and 15 miles therefrom from April 20, 2010 to present.

> **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI participated in or has direct knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI did not participate in such activities, it has no knowledge of the existence of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25**:  Produce all documents and information – including but not limited to manuals, talking points, PowerPoints, protocols and/or reference materials – that you and/or persons working on your behalf utilized when responding to oil spill-related economic loss inquiries from State of Alabama governmental entities, business entities or individuals.

> **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI participated in or has direct knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI did not participate in such activities, it has no knowledge of the existence of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26**:  Produce all documents and information relating to all potential oil-related material events within the State of Alabama and 15 miles therefrom from April 20, 2010 to present, including but not limited to the date of discovery, location of discovery (including by corresponding SCAT segment), description of discovery (stranded, buried, water surface, water subsurface), volume, severity, quantity, weight, whether recovered, and the method of disposal.

> **RESPONSE:**  HESI objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports.  Subject to and without waiving its specific and general objections, HESI will

produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 27**:  Produce all documents relating to the removal of oil-related materials from April 20, 2010 to present within the State of Alabama, including but not limited to the location of the oil-related materials prior to removal (including by corresponding SCAT segment), the date of removal, the known length of time the oil was present prior to removal, the method utilized for removal, and the volume and weight of oil and oil contaminated materials removed.

> **RESPONSE:**  HESI objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports.  Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 28**:  Produce all documents relating to the method(s) or criteria you utilized to measure the volume or weight of oil-related materials removed from the coastal areas within the State of Alabama from April 20, 2010 to present.

> **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI participated in or has direct knowledge of the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI did not participate in such activities, it has no knowledge of the existence of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29**:  Produce all documents relating to the historical constituent background of oil-related material concentrations present on the State of Alabama's coastal areas prior to April 20, 2010, including but not limited to, all sampling, studies, oil constituent baseline surveys and/or analyses.

> **RESPONSE**:  HESI objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports.  Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 30**:  Produce all documents relating to the existence of submerged oil mats within the State of Alabama and 15 miles therefrom, from April 20, 2010 to present, including but not limited to the location (including corresponding SCAT segment), the submerged oil mat's corresponding surface area, thickness, weight, volume, date of discovery,

date of removal, volume removed versus not removed, and the person(s) who discovered and/or removed the oil mat.

**RESPONSE:**  HESI objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports.  Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 31**:  Produce all documents relating to your efforts to fingerprint, identify and/or otherwise confirm the source of oil-related materials recovered within the State of Alabama during oil spill response activities as those originating from the MC252 well.

**RESPONSE:**  HESI objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports.  Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 32**:  Produce all documents relating to the human toxicity of oil-related materials at all levels of the degradation stage.

**RESPONSE**:  HESI objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports.  HESI further objects to this request as ambiguous to the extent that the phrase "all levels of the degradation stage" is undefined.  Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 33**:  Produce all documents relating to any oil-related material severity assessment, study and/or analysis (whether part of oil spill response activities or not), by location, within the State of Alabama.

**RESPONSE**:  HESI objects to this Interrogatory as vague and ambiguous to the extent that the term "oil-related material severity assessment, study and/or analysis" is undefined.  HESI further objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports.  Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 34**:  Produce all documents maintained in BP's or BP's contractor(s) database(s) relating to oil spill response activities within the State of Alabama, including but not limited to:  NRC notifications; NRC reports; Segment waterfall tables with SCAT mitigated weights; results of testing, visual observations, or other methods used to confirm that oil-related materials removed from Alabama waters or land were or contained MC252 oil; NRC Tracker Reports; NRC weekly summaries; Alabama Situation Reports (Alabama Branch ICS 209); Mobile and Baldwin County Racetrack; Waste Tracking Reports; County Operations Reports; Alabama Operations Segment Tracker; SCAT Liaison Reports; SCAT Daily Briefing Reports; Operations Task Force Daily Reports; SCAT Team Daily Summary Reports; "Alabama Mitigation" document and "Alabama Oily Solids & Material Collected" document.

> **RESPONSE**:  HESI objects to this Request to the extent that it erroneously assumes that HESI participated in the clean-up or response activities conducted by BP or any other party in the State of Alabama.  Subject to and without waiving its specific and general objections, because HESI did not participate in such activities, it does not possess documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35**:  Produce all documents relating to any studies, analysis, calculations and/or modeling of the oil spill's economic impact (whether negative or positive) on the State of Alabama. This request includes any economic impact to the State as a whole, its tax streams, rents, revenues, fees, expenditures, costs, profits, valuation of real property or any other economic impacts to the State of Alabama's economy.

> **RESPONSE**:  HESI objects to this Interrogatory as vague and ambiguous to the extent that the term "other economic impacts" is undefined.  HESI further objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports.  Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 36**:  Produce all documents relating to oil spill-related expenditures, from April 20, 2010 to present, that you contend should be applied as an offset or considered as mitigation against economic or property damage compensation sought by the State of Alabama in this litigation, including any studies, analyses, calculations and/or modeling of the expected or actual economic benefit to the State of Alabama from these expenditures.

> **RESPONSE**:  HESI objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports.  Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 37**:  Produce all documents relating to the amount of funds spent, from April 20, 2010 to present, either within the State of Alabama or beyond, for oil spill related costs and expenditures, which you contend support a claim of offset or mitigation, including but not limited to, identification of the payor; identification of the intended beneficiary of any payments; the purported use of the payment; the date(s) of any such payments; and the amount of the payment made.

> **RESPONSE**:  HESI objects to this Interrogatory as vague and ambiguous to the extent that the phrase "either within the State of Alabama or beyond" is undefined.  HESI further objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports. Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 38**:  Produce all documents relating to the State of Alabama's economic performance, including any State of Alabama business industry – whether local, regional, or statewide, from April 20, 2010 to present.

> **RESPONSE**:  HESI objects to this Interrogatory as vague and ambiguous to the extent that the term "economic performance" is undefined.  HESI further objects to this Request to the extent that it calls for expert opinions and materials prior to the deadline for the designation of experts and production of expert reports.  Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 39**:  Produce all documents relating to communications or data exchanged between you and the State departments, agencies, and/or subdivisions listed in the Court's scheduling order concerning the oil spill.

> **RESPONSE**:  HESI objects to the use of the phrase "relating to" to the extent that it renders the Request overbroad and/or seeks information that is neither relevant to any party's claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  HESI further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  Subject to and without waiving its specific and general objections, see HAL_0072155-56 and HAL_CSB000003.1-2.

**REQUEST FOR PRODUCTION NO. 40**:  Produce all documents relating to communications or data exchanged between you and the State departments, agencies, and/or subdivisions listed in the Court's scheduling order concerning the oil spill's economic impact on the State of Alabama and/or the State departments, agencies, and/or subdivisions listed in the Court's scheduling order.

> **RESPONSE**:  HESI objects to the use of the phrase "relating to" to the extent that it renders the Request overbroad and/or seeks information that is neither relevant to any party's claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  HESI further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts.  Subject to and without waiving its specific and general objections, HESI is not aware of any such communications or the existence of such documents.

**REQUEST FOR PRODUCTION NO. 41**:  Produce all photographs related to any oil spill-related activity within the State of Alabama from April 20, 2010 to present and (if available) the location depicted by the photograph, the time the photograph was taken, the person who took the photograph, and any commentary or correspondence discussing the photograph.

> **RESPONSE**:  HESI objects to this Request to the extent that it calls for expert materials prior to the deadline for the designation of experts and production of expert reports. Subject to and without waiving its specific and general objections, HESI will produce any non-privileged responsive documents pursuant to the expert deadlines in the court's scheduling order.

**REQUEST FOR PRODUCTION NO. 42**:  Produce all documents identified in your responses to the Interrogatories and Requests for Admissions set forth herein.

> **RESPONSE**:  HESI objects to this Request to the extent that it requests HESI to re-produce any document previously produced in the MDL 2179 litigation.  Subject to and without waiving its specific and general objections, including the specific objections associated with the Discovery Request at issue, in the event HESI becomes aware of non-privileged documents responsive to this Request that have not been produced in the MDL-2179 litigation, it will produce such documents.

Respectfully Submitted,

**GODWIN LEWIS PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No. 00796756
Gavin.Hill@GodwinLewis.com
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No. 20618150
Jerry.VonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: (713) 595-8300
Facsimile: (713) 425-7594

**ATTORNEYS FOR DEFENDANT**
**HALLIBURTON ENERGY SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Objections and Responses to the State of Alabama's First Set of Discovery Requests to the Defendants Relating to the State's Compensatory Damages Phase has been served on all Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 11th day of August, 2014.

_____/s/ Donald E. Godwin_____
Donald E. Godwin

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § § § § | MDL No. 2179 |
| | | SECTION: J |
| | | JUDGE BARBIER |
| Applies to: No. 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | | MAG. JUDGE SHUSHAN |

### VERIFICATION IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S OBJECTIONS AND RESPONSES TO THE STATE OF ALABAMA'S FIRST SET OF DISCOVERY REQUESTS TO THE DEFENDANTS RELATING TO THE STATE'S COMPENSATORY DAMAGES PHASE

| | |
|---|---|
| STATE OF LOUISIANA | § |
| | § |
| PARISH OF ORLEANS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Christopher J. Bellotti who being by me duly sworn on his oath deposed and said:

"My name is Christopher J. Bellotti. I am over the age of 18 years. I have never been convicted of a crime, and I am fully competent to make this affidavit. I have read Halliburton Energy Services, Inc. Objections and Responses to the State of Alabama's First Set of Discovery Requests to the Defendants Relating to the State's Compensatory Damages Phase. The responses to the Interrogatories are based on my personal knowledge, my review of documents in this matter, or information available to Halliburton Energy Services, Inc. and are true and correct to the best of my knowledge."

_____
Christopher J. Bellotti

SUBSCRIBED AND SWORN to before me on the 11 day of August 2014, to certify which, witness my hand and official seal.

_____
Notary Public in and for the State of Louisiana

My commission expires _at death_

EILEEN M. CHAMPION
Notary Public
State of Louisiana
Jefferson Parish
Notary ID # 92151
My Commission is for Life

VERIFICATION IN SUPPORT OF HESI'S OBJECTIONS AND RESPONSES TO THE STATE OF ALABAMA'S FIRST SET OF DISCOVERY REQUESTS TO THE DEFENDANTS RELATING TO THE STATE'S COMPENSATORY DAMAGES PHASE                    Solo Page

**Exhibit A**

| ADT® Daily Report – Development Driller #3 | | |
|---|---|---|
| **Date of Report** | **Report No.** | **Bates Number** |
| 5/18/2010 | 1 | HAL_0846915 |
| 5/19/2010 | 2 | HAL_0807591 |
| | 3 | HAL_0996738 |
| 5/20/2010 | 4 | HAL_0775156 |
| 5/21/2010 | 5 | HAL_0635439 |
| | 6 | HAL_0787630 |
| 5/22/2010 | 7 | HAL_0755557 |
| 5/26/2010 | 8 | HAL_0771524 |
| 5/27/2010 | 9 | HAL_0811355 |
| | 10 | HAL_0772609 |
| 5/28/2010 | 11 | HAL_0826191 |
| | 12 | HAL_0755522 |
| 5/29/2010 | 13 | HAL_1010026 |
| 5/30/2010 | 14 | HAL_0755544 |
| 6/5/2010 | 15 | HAL_0772482 |
| | 16 | HAL_0946233 |
| 6/6/2010 | 17 | HAL_0780787 |
| | 18 | HAL_0825852 |
| 6/7/2010 | 19 | HAL_0769725 |
| 6/15/2010 | 20 | HAL_0771197 |
| 6/16/2010 | 21 | HAL_0640942 |
| | 22 | HAL_0774986 |
| 6/19/2010 | 25 | HAL_0635445 |
| 7/10/2010 | 50 | HAL_0123033 |
| 8/1/2010 | 60 | HAL_0769560 |
| 8/8/2010 | 62 | HAL_0838819 |
| 8/10/2010 | 63 | HAL_0770823 |

| Halliburton Daily Activity Reports  -  Development Driller #2 | |
|---|---|
| **Date of Report** | **Bates Number** |
| 4/29/2010 | HAL_0505814 |
| 5/11/2010 | HAL_0506454 |
| 5/12/2010 | HAL_0504680 |
| 5/13/2010 | HAL_0502770 |
| 5/14/2010 | HAL_0505272 |
| 5/15/2010 | HAL_0504556 |
| 5/16/2010 | HAL_0731326 |
| 5/17/2010 | HAL_0505750 |
| 5/18/2010 | HAL_0504797 |
| 5/19/2010 | HAL_0504771 |
| 5/20/2010 | HAL_0731292 |
| 5/22/2010 | HAL_0732531 |
| 5/23/2010 | HAL_0731531 |
| 5/25/2010 | HAL_0731515 |
| 5/26/2010 | HAL_0731465 |
| 5/27/2010 | HAL_0731333 |
| 5/28/2010 | HAL_0731241 |
| 5/29/2010 | HAL_0731097 |
| 5/30/2010 | HAL_0731199 |
| 5/31/2010 | HAL_0732466 |
| 6/1/2010 | HAL_0731367 |
| 6/3/2010 | HAL_0506416 |
| 6/4/2010 | HAL_0504438 |
| 6/5/2010 | HAL_0504177 |
| 6/6/2010 | HAL_0504792 |
| 6/7/2010 | HAL_0506456 |
| 6/8/2010 | HAL_0731331 |
| 6/9/2010 | HAL_0506600 |
| 6/10/2010 | HAL_0505535 |
| 6/11/2010 | HAL_0502766 |
| 6/12/2010 | HAL_0504089 |
| 6/13/2010 | HAL_0505760 |
| 6/14/2010 | HAL_0506255 |
| 6/15/2010 | HAL_0505306 |
| 6/16/2010 | HAL_0505967 |

| Halliburton Daily Activity Reports  -  Development Driller #2 | |
|---|---|
| 6/17/2010 | HAL_0732463 |
| 6/18/2010 | HAL_0731462 |
| 6/19/2010 | HAL_0731785 |
| 6/20/2010 | HAL_0731053 |
| 6/21/2010 | HAL_0732680 |
| 6/22/2010 | HAL_0732117 |
| 6/23/2010 | HAL_0731448 |
| 6/24/2010 | HAL_0732274 |
| 6/25/2010 | HAL_0731250 |
| 6/26/2010 | HAL_0732273 |
| 6/27/2010 | HAL_0731099 |
| 6/28/2010 | HAL_0731185 |
| 6/29/2010 | HAL_0732052 |
| 6/30/2010 | HAL_0731330 |
| 7/1/2010 | HAL_0732623 |
| 7/2/2010 | HAL_0732368 |
| 7/3/2010 | HAL_0732352 |
| 7/4/2010 | HAL_0732540 |
| 7/5/2010 | HAL_0731790 |
| 7/6/2010 | HAL_0731976 |
| 7/7/2010 | HAL_1270402 |
| 7/9/2010 | HAL_0732322 |
| 7/10/2010 | HAL_0732433 |
| 7/11/2010 | HAL_0731404 |
| 7/12/2010 | HAL_0731648 |
| 7/13/2010 | HAL_0711554 |
| 7/15/2010 | HAL_0732146 |
| 7/16/2010 | HAL_0732122 |
| 7/17/2010 | HAL_0713662 |
| 7/18/2010 | HAL_0712858 |
| 7/19/2010 | HAL_0713436 |
| 7/20/2010 | HAL_0713664 |
| 7/21/2010 | HAL_0731198 |
| 7/22/2010 | HAL_0731760 |
| 7/26/2010 | HAL_0732682 |
| 7/27/2010 | HAL_0731437 |

| Halliburton Daily Activity Reports  -  Development Driller #2 | |
|---|---|
| 7/29/2010 | HAL_0710323 |
| 7/30/2010 | HAL_0714372 |
| 7/31/2010 | HAL_0712924 |
| 8/1/2010 | HAL_0714618 |
| 8/2/2010 | HAL_0731791 |
| 8/3/2010 | HAL_0712509 |
| 8/4/2010 | HAL_0731608 |
| 8/5/2010 | HAL_0712622 |
| 8/6/2010 | HAL_0731762 |
| 8/7/2010 | HAL_0710564 |
| 8/8/2010 | HAL_0710583 |
| 8/9/2010 | HAL_0710306 |
| 8/10/2010 | HAL_0711955 |
| 8/11/2010 | HAL_0732147 |
| 8/12/2010 | HAL_0713944 |
| 8/13/2010 | HAL_0711379 |
| 8/14/2010 | HAL_0712460 |
| 8/15/2010 | HAL_0732678 |
| 8/16/2010 | HAL_0731849 |
| 8/17/2010 | HAL_0731783 |
| 8/19/2010 | HAL_0731098 |
| 8/20/2010 | HAL_0732366 |
| 8/21/2010 | HAL_0731784 |
| 8/22/2010 | HAL_0714322 |
| 8/23/2010 | HAL_0569879 |
| 8/24/2010 | HAL_1299455 |
| 8/25/2010 | HAL_0731942 |
| 8/27/2010 | HAL_0732256 |
| 8/28/2010 | HAL_0568881 |
| 8/29/2010 | HAL_0713847 |
| 8/30/2010 | HAL_0731375 |
| 8/31/2010 | HAL_0731539 |
| 9/1/2010 | HAL_0712917 |
| 9/2/2010 | HAL_0574691 |
| 9/3/2010 | HAL_0731761 |
| 9/4/2010 | HAL_0732431 |

| Halliburton Daily Activity Reports  -  Development Driller #2 | |
|---|---|
| 9/5/2010 | HAL_0712950 |
| 9/7/2010 | HAL_0731758 |
| 9/8/2010 | HAL_0568735 |
| 9/9/2010 | HAL_0731750 |
| 9/10/2010 | HAL_0741002 |
| 9/11/2010 | HAL_0731481 |
| 9/12/2010 | HAL_0572487 |
| 9/13/2010 | HAL_0570817 |
| 9/14/2010 | HAL_0732681 |
| 9/15/2010 | HAL_0731777 |
| 9/16/2010 | HAL_0731480 |
| 9/17/2010 | HAL_0732381 |
| 9/18/2010 | HAL_0731980 |
| 9/20/2010 | HAL_0732533 |
| 9/21/2010 | HAL_0731293 |
| 9/22/2010 | HAL_0732260 |
| 9/23/2010 | HAL_0731464 |
| 9/24/2010 | HAL_0717333 |
| 9/25/2010 | HAL_0717021 |
| 9/26/2010 | HAL_0716955 |
| 9/27/2010 | HAL_0717049 |
| 9/28/2010 | HAL_0568248 |
| 9/29/2010 | HAL_0574529 |
| 9/30/2010 | HAL_0717047 |
| 10/1/2010 | HAL_1036195 |
| 10/2/2010 | HAL_1036529 |
| 10/3/2010 | HAL_1039856 |
| 10/4/2010 | HAL_0566760 |
| 10/5/2010 | HAL_1033761 |
| 10/8/2010 | HAL_1299973 |
| 10/10/2010 | HAL_1270478 |
| 10/11/2010 | HAL_1270539 |
| 10/12/2010 | HAL_1299523 |
| 10/13/2010 | HAL_0572484 |
| 10/14/2010 | HAL_1301522 |
| 10/15/2010 | HAL_1270484 |

| Halliburton Daily Activity Reports  -  Development Driller #2 | |
|---|---|
| 10/16/2010 | HAL_1299450 |
| 10/17/2010 | HAL_1270376 |
| 10/18/2010 | HAL_1270511 |
| 10/21/2010 | HAL_1270581 |
| 10/22/2010 | HAL_1270371 |
| 10/23/2010 | HAL_1270472 |
| 10/24/2010 | HAL_1270512 |
| 10/25/2010 | HAL_1270582 |
| 10/26/2010 | HAL_1302404 |
| 10/27/2010 | HAL_1282863 |
| 10/28/2010 | HAL_0575416 |
| 10/29/2010 | HAL_1270414 |
| 10/31/2010 | HAL_1270564 |
| 11/1/2010 | HAL_1270420 |
| 11/8/2010 | HAL_0512496 |
| 11/9/2010 | HAL_1035402 |

| Halliburton Daily Activity Reports  -  Development Driller #3 | |
|---|---|
| **Date of Report** | **Bates Number** |
| 4/26/2010 | HAL_0542286 |
| 4/27/2010 | HAL_0539827 |
| 4/29/2010 | HAL_0539954 |
| 4/30/2010 | HAL_0503447 |
| 5/2/2010 | HAL_0503448 |
| 5/3/2010 | HAL_0503449 |
| 5/7/2010 | HAL_0503446 |
| 5/9/2010 | HAL_0544360 |
| 5/10/2010 | HAL_0504930 |
| 5/11/2010 | HAL_0549337 |
| 5/12/2010 | HAL_0505489 |
| 5/15/2010 | HAL_0541999 |
| 5/20/2010 | HAL_0544282 |
| 5/21/2010 | HAL_0639461 |
| 5/22/2010 | HAL_0539983 |
| 5/24/2010 | HAL_0540622 |
| 5/25/2010 | HAL_0540057 |
| 5/28/2010 | HAL_0540596 |
| 5/29/2010 | HAL_0540821 |
| 5/31/2010 | HAL_0539357 |
| 6/2/2010 | HAL_0541871 |
| 6/4/2010 | HAL_0543897 |
| 6/6/2010 | HAL_0539690 |
| 6/7/2010 | HAL_0544401 |
| 6/8/2010 | HAL_0127900 |
| 6/11/2010 | HAL_0548175 |
| 6/12/2010 | HAL_0126998 |
| 6/16/2010 | HAL_0127792 |
| 6/18/2010 | HAL_0536130 |
| 6/20/2010 | HAL_0553354 |
| 6/21/2010 | HAL_0553722 |
| 6/22/2010 | HAL_0552769 |
| 6/24/2010 | HAL_0552894 |
| 6/25/2010 | HAL_0552895 |

| Halliburton Daily Activity Reports  -  Development Driller #3 | |
|---|---|
| 6/26/2010 | HAL_0552524 |
| 6/27/2010 | HAL_0553351 |
| 6/28/2010 | HAL_0553626 |
| 6/29/2010 | HAL_0552506 |
| 6/30/2010 | HAL_0554053 |
| 7/1/2010 | HAL_0552731 |
| 7/2/2010 | HAL_0554153 |
| 7/3/2010 | HAL_0555011 |
| 7/4/2010 | HAL_0553153 |
| 7/5/2010 | HAL_0554826 |
| 7/6/2010 | HAL_0554527 |
| 7/8/2010 | HAL_0554159 |
| 7/9/2010 | HAL_0552732 |
| 7/14/2010 | HAL_0553733 |
| 7/16/2010 | HAL_0553622 |
| 7/17/2010 | HAL_0554113 |
| 7/18/2010 | HAL_0554042 |
| 7/20/2010 | HAL_0552616 |
| 7/23/2010 | HAL_0552651 |
| 7/24/2010 | HAL_0555062 |
| 7/26/2010 | HAL_0553838 |
| 7/28/2010 | HAL_0552484 |
| 7/29/2010 | HAL_0552828 |
| 8/1/2010 | HAL_0553995 |
| 8/2/2010 | HAL_0553836 |
| 8/3/2010 | HAL_0552500 |
| 8/5/2010 | HAL_0552593 |
| 8/7/2010 | HAL_0554261 |
| 8/9/2010 | HAL_0552521 |
| 8/10/2010 | HAL_0635818 |
| 8/12/2010 | HAL_0636743 |
| 8/13/2010 | HAL_0732148 |
| 8/14/2010 | HAL_0731217 |
| 8/16/2010 | HAL_0731607 |
| 8/17/2010 | HAL_0731593 |
| 8/19/2010 | HAL_0553934 |

| Halliburton Daily Activity Reports  -  Development Driller #3 | |
|---|---|
| 8/20/2010 | HAL_0552512 |
| 8/21/2010 | HAL_0555191 |
| 8/22/2010 | HAL_0552812 |
| 8/23/2010 | HAL_0552706 |
| 8/24/2010 | HAL_0553621 |
| 8/25/2010 | HAL_0553430 |
| 8/26/2010 | HAL_0554007 |
| 8/27/2010 | HAL_0555041 |
| 8/28/2010 | HAL_0553906 |
| 8/29/2010 | HAL_0553605 |
| 8/30/2010 | HAL_0554320 |
| 8/31/2010 | HAL_0554526 |
| 9/3/2010 | HAL_0552615 |
| 9/4/2010 | HAL_0552773 |
| 9/7/2010 | HAL_0553731 |
| 9/8/2010 | HAL_0553837 |
| 9/11/2010 | HAL_0552836 |
| 9/13/2010 | HAL_0553423 |
| 9/14/2010 | HAL_0553414 |
| 9/16/2010 | HAL_0553221 |
| 9/17/2010 | HAL_0552775 |
| 9/18/2010 | HAL_0555013 |
| 9/19/2010 | HAL_0552774 |
| 9/20/2010 | HAL_0553355 |
| 9/21/2010 | HAL_0553818 |
| 9/23/2010 | HAL_0553624 |
| 9/24/2010 | HAL_0554525 |
| 9/25/2010 | HAL_0552492 |
| 9/28/2010 | HAL_0553427 |
| 9/30/2010 | HAL_0553222 |
| 10/2/2010 | HAL_0552646 |
| 10/3/2010 | HAL_0553625 |
| 10/9/2010 | HAL_1316667 |

| SDL Morning Report  - Development Driller #3 | | |
|---|---|---|
| **Report Date** | **Report No.** | **Bates Number** |
| 04/26/10 | 1 | HAL_0509280 |
| 04/27/10 | 2 | HAL_0509281 |
| 04/28/10 | 3 | HAL_0509282 |
| 04/29/10 | 4 | HAL_0509283 |
| 04/30/10 | 5 | HAL_0509284 |
| 05/01/10 | 6 | HAL_0509285 |
| 05/02/10 | 7 | HAL_0509286 |
| 05/03/10 | 8 | HAL_0509287 |
| 05/05/10 | 10 | HAL_0509289 |
| 05/06/10 | 11 | HAL_0509300 |
| 05/07/10 | 12 | HAL_0509310 |
| 05/08/10 | 13 | HAL_0509311 |
| 05/10/10 | 14 | HAL_0509313 |
| 05/11/10 | 16 | HAL_0509314 |
| 05/11/10 | 17 | HAL_0509315 |
| 05/13/10 | 18 | HAL_0509316 |
| 05/14/10 | 19 | HAL_0509317 |
| 05/15/10 | 20 | HAL_0509318 |
| 05/16/10 | 21 | HAL_0509319 |
| 05/17/10 | 22 | HAL_0509320 |
| 05/18/10 | 23 | HAL_0509321 |
| 05/19/10 | 24 | HAL_0509322 |
| 05/20/10 | 25 | HAL_0509323 |
| 05/21/10 | 26 | HAL_0509324 |
| 05/22/10 | 27 | HAL_0509325 |
| 05/23/10 | 28 | HAL_0509326 |
| 05/24/10 | 29 | HAL_0509327 |
| 05/25/10 | 30 | HAL_0509328 |
| 05/26/10 | 31 | HAL_0509329 |
| 05/27/10 | 32 | HAL_0509330 |
| 05/28/10 | 33 | HAL_0509331 |
| 05/29/10 | 34 | HAL_0509332 |
| 05/30/10 | 35 | HAL_0509333 |
| 05/31/10 | 36 | HAL_0509334 |
| 06/01/10 | 37 | HAL_0509335 |

| SDL Morning Report  - Development Driller #3 | | |
|---|---|---|
| 06/02/10 | 38 | HAL_0509336 |
| 06/03/10 | 39 | HAL_0509337 |
| 06/04/10 | 40 | HAL_0509338 |
| 06/05/10 | 41 | HAL_0509339 |
| 06/06/10 | 42 | HAL_0509340 |
| 06/07/10 | 43 | HAL_0509341 |
| 06/08/10 | 44 | HAL_0509342 |
| 06/09/10 | 45 | HAL_0509343 |
| 06/10/10 | 46 | HAL_0509344 |
| 06/12/10 | 47 | HAL_0509345 |
| 06/13/10 | 49 | HAL_0509346 |
| 06/14/10 | 50 | HAL_0509347 |
| 06/15/10 | 51 | HAL_0509348 |
| 06/16/10 | 52 | HAL_0509349 |
| 06/17/10 | 53 | HAL_0509350 |
| 06/18/10 | 54 | HAL_0509351 |
| 06/19/10 | 55 | HAL_0509352 |
| 06/20/10 | 56 | HAL_0509353 |
| 06/21/10 | 57 | HAL_0509354 |
| 06/22/10 | 58 | HAL_0509355 |
| 06/23/10 | 59 | HAL_0509356 |
| 06/24/10 | 60 | HAL_0509357 |
| 06/25/10 | 61 | HAL_0509358 |
| 07/03/10 | 69 | HAL_0509359 |
| 07/04/10 | 70 | HAL_0509360 |
| 07/05/10 | 71 | HAL_0509361 |
| 07/06/10 | 72 | HAL_0509362 |
| 07/08/10 | 74 | HAL_0509364 |
| 07/09/10 | 75 | HAL_0509365 |
| 07/10/10 | 76 | HAL_0509366 |
| 07/11/10 | 77 | HAL_0509367 |
| 07/12/10 | 78 | HAL_0509368 |
| 07/13/10 | 79 | HAL_0509369 |
| 07/14/10 | 80 | HAL_0509370 |
| 07/15/10 | 81 | HAL_0509371 |
| 07/16/10 | 82 | HAL_0509372 |

| SDL Morning Report  - Development Driller #3 | | |
|---|---|---|
| 07/17/10 | 83 | HAL_0509373 |
| 07/18/10 | 84 | HAL_0509374 |
| 07/19/10 | 85 | HAL_0509375 |
| 07/20/10 | 86 | HAL_0509376 |
| 07/21/10 | 87 | HAL_0509377 |
| 07/22/10 | 88 | HAL_0509378 |
| 07/26/10 | 89 | HAL_0509379 |
| 07/26/10 | 90 | HAL_0509380 |
| 07/28/10 | 91 | HAL_0509381 |
| 07/29/10 | 92 | HAL_0509382 |
| 07/30/10 | 93 | HAL_0509383 |
| 07/31/10 | 94 | HAL_0509384 |
| 08/01/10 | 95 | HAL_0509385 |
| 08/02/10 | 96 | HAL_0509386 |
| 08/03/10 | 97 | HAL_0509387 |
| 08/04/10 | 98 | HAL_0509388 |
| 08/05/10 | 99 | HAL_0509389 |
| 08/06/10 | 100 | HAL_0509290 |
| 08/07/10 | 101 | HAL_0509291 |
| 08/08/10 | 102 | HAL_0509292 |
| 08/09/10 | 103 | HAL_0509293 |
| 08/10/10 | 104 | HAL_0509294 |
| 08/11/10 | 105 | HAL_0509295 |
| 08/12/10 | 106 | HAL_0509296 |
| 08/13/10 | 107 | HAL_0509297 |
| 08/14/10 | 108 | HAL_0509298 |
| 08/15/10 | 109 | HAL_0509299 |
| 08/16/10 | 110 | HAL_0509301 |
| 08/17/10 | 111 | HAL_0509302 |
| 08/18/10 | 112 | HAL_0509303 |
| 08/19/10 | 113 | HAL_0509304 |
| 08/20/10 | 114 | HAL_0509305 |
| 08/21/10 | 115 | HAL_0509306 |
| 08/22/10 | 115 (116) | HAL_0509307 |
| 08/23/10 | 117 | HAL_0509308 |
| 08/24/10 | 118 | HAL_0509309 |

| SDL Morning Report  - Development Driller #3 | | |
|---|---|---|
| 08/28/10 | 122 | HAL_0509464 |
| 09/01/10 | 126 | HAL_0509697 |