AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| In re: Oil Spill by the Oil Rig "Deepwater Horizon" | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL 2179 |
| This document relates to: 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Gulf Shores and Orange Beach Tourism
          23685 Perdido Beach Blvd, Orange Beach, AL 36561
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see Attachment A attached hereto

| Place: Isbell & Associates Court Reporters<br>910 Government Street<br>Mobile, AL 36604 | Date and Time:<br>12/08/2014 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and videographic.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/08/2014

*CLERK OF COURT*

                                                               OR    /s/ Paul Collier

_____                                     _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BP Exploration & Production Inc._____, who issues or requests this subpoena, are:
Paul D. Collier; 300 N. LaSalle, Chicago, IL 60654; pcollier@kirkland.com; 312-862-2000
Adam Kaufmann; 300 N. LaSalle, Chicago, IL 60654; adam.kaufmann@kirkland.com; 312-862-2000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL 2179

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment A

## ATTACHMENT A

## DEPOSITION TOPICS

**Please provide an individual or individuals to be deposed on the following topics in accordance with the definitions and instructions provided below.**

1. The content and source of all raw and statistical data relating to tourism in Alabama or the Gulf Region from 2000 through the present in Your possession, custody, or control.

2. The content and source of all raw and statistical data relating to destination growth indicators, including but not limited to, hotel, motel, rented vacation home, and condominium occupancy rates, average daily rates, and revenues per available room, taxable retail sales revenues, and taxable lodging rental revenues, from 2000 through the present in Your possession, custody, or control.

3. The content and source of all raw and statistical data relating to performance measures, including but not limited to, welcome center walk-ins, visitor inquiries, and conventions serviced, convention attendance, meeting events booked, meeting room nights generated, sporting events hosted, and sporting room nights generated, from 2000 through the present in Your possession, custody, or control.

4. The content, source, and preparation of all reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to any impact on tourism in the State of Alabama or the Gulf Region as a result of the *Deepwater Horizon* Incident and/or Oil Spill, the National Recession, or any other event or circumstance, from 2000 through the present in Your possession, custody, or control.

5. The content, source, and preparation of all reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to tourism in the State of Alabama or the Gulf Region, from 2000 through the present in Your possession, custody, or control.

6. The content, source, and preparation of all Your annual reports from 2000 through the present.

7. The content, source, and preparation of all destination growth indicator reports from 2000 through the present in Your possession, custody, or control.

8. The content, source, and preparation of all performance measure reports from 2000 through the present in Your possession, custody, or control.

9. The content, source, and preparation of all annual reviews from 2000 through the present in Your possession, custody, or control.

10. The content, source, and preparation of all tourism summit presentations from 2000 through the present in Your possession, custody, or control.

11. The content, source, and preparation of all visitor profile reports from 2000 through the present in Your possession, custody, or control.

12. The nature and sources of all revenue disclosed in any of Your annual reports since 2010.

13. The nature and amount of all payments made or funding supplied to You by the State of Alabama for any purpose, and any requirements or obligations imposed by the State of Alabama on You as a condition of receiving such payments or funding since April 20, 2010.

14. Your corporate structure.

15. The nature of any rights, privileges, or control that the State of Alabama has or has had over You or Your operations since April 20, 2010.

**DEFINITIONS**

1. The term "You," "Your," or "Yours" means Gulf Shores and Orange Beach Tourism, also known as and formerly the Alabama Gulf Coast Convention & Visitor's Bureau, including, without limitation, any predecessors, parents, affiliates, past or present subsidiaries (directly, indirectly, wholly, or partly owned), joint ventures, divisions, departments, and any present

or former attorneys, officers, directors, managers, general partners, limited partners, principals, shareholders, agents, representatives, or employees.

2. "Person" shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, political entity, committee, or any other organization.

3. "Communication," whether singular or plural, means any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, e-mail, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and electronically stored information ("ESI") containing, summarizing, or memorializing any communication.

4. "Document" or "documents" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including ESI, and includes the original and any identical or nonidentical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, all writings; records; contracts; agreements; communications (intra or inter-company); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; financial statements; balance sheets; profit and loss statements; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards;

tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

5. "Identify," when used with respect to: (i) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last known address and telephone number and business address and telephone number; (ii) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (iii) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

6. "Including" or "includes" means "including, but not limited to" or "including without limitation."

7. "Relating to" or "relating to," when referring to any given subject matter, means any document that constitutes, comprises, involves, contains, embodies, reflects, references, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

8. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

9. "*Deepwater Horizon* Incident" and "Incident" mean the events leading to: (i) the loss of well control and the ensuing explosion, fire, injuries and loss of life on the *Deepwater Horizon* rig on or about April 20, 2010; and (ii) the eventual sinking of the rig on April 22, 2010.

10. "Oil Spill" means the oil released into the Gulf of Mexico as a result of the Incident.

11. "State" or "Alabama" means, without limitation, the State of Alabama, including any subdivision, subsection, or sub-region therein.

12. "Gulf Region" means, the states of Alabama, Florida, Louisiana, Mississippi, and Texas, including any subset, subdivision, subsection, or sub-region therein.

13. "National Recession" or "Great Recession" means the economic recession affecting the United States that, as reported by the National Bureau of Economic Research, began in December 2007 and lasted until June 2009.

## INSTRUCTIONS

1. Each topic is to be construed independently and not by or with reference to any other topic for purposes of limiting the scope of any particular topic.

2. If you claim that the language of any topic is vague or ambiguous, then you must identify the language you believe is ambiguous and describe the different interpretations that you believe may apply to such language.

3. To the extent they encompass any such information, these topics exclude from their scope any confidential settlement communications regarding claims arising from the *Deepwater Horizon* Incident and/or Oil Spill, any reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections prepared for purposes of settlement negotiations regarding claims arising from the *Deepwater Horizon* Incident and/or Oil Spill and maintained as confidential, and any Settlement Communications protected by MDL 2179 Pretrial Order 38, Rec. Doc. 3201 in Case No. 2:10-md-02179-CJB-SS pending in the Eastern District of Louisiana.