UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br><br>10-3896, 11-826, AND 12-968 | CIVIL ACTION<br><br>MDL NUMBER: 2179<br><br>SECTION "J"<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

**SEACOR'S STATEMENT OF UNCONTESTED FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendants Seacor Holdings, Inc., Seacor Offshore LLC, and Seacor Marine LLC (collectively, "Seacor") respectfully submit this Statement of Uncontested Facts in Support of their Motion for Summary Judgment.  The following facts are not in dispute:

1. On April 13, 2011, DuWayne Mason (hereinafter "Mason") filed a claim in the M/V SEACOR VANGUARD limitation action (Civil Action No. 10-3896) alleging that he suffered personal injuries as a result of "exposure to chemicals, smoke, heat, and other noxious by-products of the rig fire" during his employment on the VANGUARD in the hours immediately following the explosion and fire on the DEEPWATER HORIZON.  *See* MDL 2179, Rec. Doc. 1941.

2. On April 13, 2011, Mason also filed a separate lawsuit against Seacor alleging that "[d]uring the three to four months after the rig fire was extinguished, the M/V SEACOR VANGUARD and its crew, including plaintiff, were sent to assist in the process of skimming oil and dispersant from the waters of the Gulf of Mexico" and that "[w]hile engaged in collecting the oil and dispersant, plaintiff was exposed to crude oil, chemical components of the crude oil, chemical dispersant and other noxious by-products of the . . . oil spill, resulting in severe and permanent damage to his lungs and other parts of his body." *See* Civil Action No. 11-826, Rec. Doc. 1 at ¶¶ 5-6.

3. The Medical Benefits Class Action Settlement ("Medical Settlement") was filed with the Court on April 18, 2012.  *See* MDL 2179, Rec. Doc. 6273-1.

4. Some minor amendments were subsequently made to the Medical Settlement and those amendments were executed on May 1, 2012.  The amended version of the Medical Settlement was filed with the Court on May 3, 2012.  *See* MDL 2179, Rec. Doc. 6427-1.

5. The Court granted preliminary approval to the Medical Settlement on May 2, 2012 and, in doing so, also approved of the Medical Benefits Settlement Class Notice Plan. *See* MDL 2179, Rec. Doc. 6419.

6. The Medical Settlement defines the "MEDICAL BENEFITS SETTLEMENT CLASS" as, among others, "all NATURAL PERSONS who resided in the United States as of April 16, 2012, and who . . . [w]orked as CLEAN-UP WORKERS at any

time between April 20, 2010 and April 16, 2012." *See* Medical Settlement § I.A.1 (Rec. Doc. 6427-1).

7. The Medical Settlement includes in its definition of "CLEAN-UP WORKERS" the "[c]aptains, crew, and other workers on vessels" that were involved in the response. *See* Medical Settlement § II.Q (Rec. Doc. 6427-1).

8. The Medical Settlement provides that "to OPT OUT validly from the MEDICAL BENEFITS SETTLEMENT CLASS, a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER must submit a written request to OPT OUT stating 'I wish to exclude myself from the Medical Benefits Settlement Class' (or substantially similar clear and unambiguous language) to the CLAIMS ADMINISTRATOR on or before such date as ordered by the COURT.  That written request shall also contain the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S printed name, address, phone number, and date of birth and enclose a copy of his or her driver's license or other government-issued identification.  A written request to OPT OUT may not be signed using any form of electronic signature, but must be signed by hand by the NATURAL PERSON seeking to exclude himself or herself from the MEDICAL BENEFITS SETTLEMENT CLASS or, where applicable, his or her AUTHORIZED REPRESENTATIVE." *See* Medical Settlement § XI.E (Rec. Doc. 6427-1).

9. The Medical Settlement further provides that "[a]ll NATURAL PERSONS in the MEDICAL BENEFITS SETTLEMENT CLASS who do not timely and properly OPT OUT from the MEDICAL BENEFITS SETTLEMENT CLASS shall in all respects be bound by all terms of this MEDICAL BENEFITS SETTLEMENT

AGREEMENT . . . and shall be barred permanently and forever from commencing, instituting, maintaining, or prosecuting any action asserting any RELEASED CLAIMS against any RELEASED PARTIES in any court of law or equity, arbitration tribunal, or administrative or other forum." *See* Medical Settlement § XI.F (Rec. Doc. 6427-1).

10. The Medical Settlement defines "RELEASED CLAIMS" to include, among others, "all claims of any nature whatsoever in law or in equity, past and present, and whether known or unknown, suspected or claimed, relating to or arising under any federal, state, local, or international statute, regulation, or law (including admiralty claims, claims under maritime law, codal law, adjudication, quasi-adjudication, tort claims, contract claims, actions, causes of action, declaratory judgment actions, cross-claims, counterclaims, third-party claims, demands, and claims for damages, compensatory damages, liquidated damages, punitive damages, exemplary damages, multiple damages, and other non-compensatory damages or penalties of any kind, fines, equitable relief, injunctive relief, conditional or other payments or interest of any type, debts, liens, costs, expenses and/or attorneys fees, interest, or liabilities) that have been or could have been brought in connection with:  1) Personal injury or bodily injury (including disease, mental or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life), and any progression and/or exacerbation of personal injury or bodily injury, that first manifested by April 16, 2012, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the

*DEEPWATER HORIZON* INCIDENT." *See* Medical Settlement § XVI.A (Rec. Doc. 6427-1).

11. The Medical Settlement defines "RELEASED PARTIES" to include, among others, the "OTHER RELEASED PARTIES," which in turn are defined as "the persons, entities, divisions, and business units listed on Exhibit 6." *See* Medical Settlement §§ II.MMMM and II.ZZZ (Rec. Doc. 6427-1).

12. Seacor Holdings, Inc., Seacor Offshore LLC, Seacor Marine LLC, and the M/V SEACOR VANGUARD are all listed on Exhibit 6 to the Medical Settlement as "OTHER RELEASED PARTIES." *See* Exhibit 6 to the Medical Settlement (Rec. Doc. 6427-8).

13. The original deadline for opting out of the Medical Benefits Class was October 1, 2012. *See* MDL 2179, Rec. Doc. 6419.

14. On August 27, 2012, the Court issued an Order extending the opt-out deadline until November 1, 2012. *See* MDL 2179, Rec. Doc. 7176.

15. Seacor filed its opposition to Mason's motion to sever on September 5, 2012—almost two months before the expiration of the opt-out deadline. *See* MDL 2179, Rec. Doc. 7281. In that brief, Seacor specifically discussed the Medical Settlement and the fact that it might provide a "prompt resolution" of Mason's claims, while recognizing that it was "of course, Mason's choice" whether or not to participate in the class action settlement. *Id.* at p. 4.

16. Mason failed to timely and properly opt out from the Medical Settlement. *See* Rec. Doc. 7989 (list of opt-outs received by the Claims Administrator does not include Mason).

17. The Court granted final approval to the Medical Settlement on January 11, 2013. *See* MDL 2179, Rec. Doc. 8217.

18. On March 5, 2013, the Court issued an Order and Reasons denying Mason's motion to sever. *See* MDL 2179, Rec. Doc. 8811. In that Order and Reasons, the Court indicated that "it appears that ***all*** of Mason's claims . . . are released under the Medical Settlement" due to Mason's failure to timely and properly opt out. *Id.* at 3 (emphasis in original).

19. On April 2, 2013, Mason filed a Motion to Reconsider and/or to Vacate and/or to Extend the Deadline for Opting Out of the Medical Benefits Class. *See* MDL 2179, Rec. Doc. 9091. Both Seacor and BP filed oppositions. *See* MDL 2179, Rec. Docs. 9590 and 9597.

20. On May 3, 2013, the Court issued an Order denying Mason's Motion to Reconsider and/or to Vacate and/or to Extend the Deadline for Opting Out of the Medical Benefits Class, "[e]ssentially for the reasons presented by Seacor and BP." *See* MDL 2179, Rec. Doc. 9683.

21. Mason appealed the Court's denial of his Motion to Reconsider to the United States Court of Appeals for the Fifth Circuit. *See* MDL 2179, Rec. Doc. 10226.

22. On August 16, 2013, the Fifth Circuit dismissed Mason's appeal for lack of jurisdiction. *See* MDL 2179, Rec. Doc. 11106.

6

23. Although several appeals of the Court's final approval of the Medical Settlement were initially filed with the United States Court of Appeals for the Fifth Circuit, as of February 11, 2014 all such appeals had been dismissed.  *See* MDL 2179, Rec. Doc. 12352.

24. The "Effective Date" of the Medical Settlement is February 12, 2014.  *See* http://www.laed.uscourts.gov/OilSpill/OilSpill.htm (2/12/14 Update).

Respectfully submitted,


/s/ *Gary A. Hemphill*
Gary A. Hemphill, T.A. (LA Bar #6768)
Jeremy T. Grabill (LA Bar #34924)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile:  (504) 568-9130


Patrick E. O'Keefe (LA Bar #10186)
Joseph P. Tynan (LA Bar #12973)
**MONTGOMERY BARNETT, L.L.P.**
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3300
Telephone:  (504) 585-3200
Facsimile:   (504) 585-7688


Michael J. Lyle (DC Bar #475078, IL Bar #6199227)
**QUINN EMANUEL URQUHART**
   **& SULLIVAN, LLP**
1299 Pennsylvania Ave. NW, Suite 825
Washington, D.C. 20004
Telephone:  (202) 538-8166
Facsimile:   (202) 538-8100

ATTORNEYS FOR SEACOR HOLDINGS, INC., SEACOR OFFSHORE, LLC, AND SEACOR MARINE LLC

8

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Seacor's Statement of Uncontested Facts in Support of Motion for Summary Judgment has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of October, 2014.

        */s/ Gary A. Hemphill*
        GARY A. HEMPHILL