IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, | MDL No. 2179 |
| | Section: J |
| This document relates to: | Honorable Carl J. Barbier |
| All Actions, Including: | Magistrate Judge Shushan |
| Case No. 11-CV-3180. | |

**MEMORANDUM IN SUPPORT OF THE COURT-DESIGNATED NEUTRALS' RECOMMENDATION FOR THE SEAFOOD COMPENSATION PROGRAM SUPPLEMENTAL DISTRIBUTION**

_____

## INTRODUCTION

This Memorandum is filed on behalf of the direct action plaintiffs in *Thanh Hai, Inc., et al. v. BP American Production Company, et al.*, Case No. 2:11-cv-03180 (OPA90 Complaint), who are also members of the *Deepwater Horizon* Economic and Property Damages Settlement Class. The *Thanh Hai, Inc.* plaintiffs are commercial fishermen affected by the *Deepwater Horizon* disaster, nearly all of whom participated in the settlement's Seafood Compensation Program.

The *Thanh Hai, Inc.* plaintiffs support the Recommendation and respectfully request that the Court enter an order adopting the Recommendation so as to ensure efficient, prompt payment of the Supplemental Distribution.

## **ARGUMENT**

More than two years have passed since commencement of the Seafood Compensation Program. Commercial fishermen in the Gulf continue to experience ongoing damages caused by the *Deepwater Horizon* disaster. Their need for the compensation promised to them under this settlement remains real and immediate. As a result, the overriding concern of the *Thanh Hai, Inc.* plaintiffs is for the timely distribution of the remaining SCP funds.

The Recommendation, if adopted, will result in a fair, efficient process for distributing the remaining SCP funds. The proportionate, or "*pro rata,*" approach, based upon a simple mathematical formula, should serve to minimize errors and appeals, thereby permitting prompt distributions to SCP claimants. The Neutral's report shows that serious consideration was given to various potential alternatives to a pure *pro rata* allocation, but all were rejected. The *Thanh Hai, Inc.* plaintiffs regard as reasonable the Neutral's ultimate conclusion that data since approval of the settlement do not support reallocation of settlement funds. (*See* Recommendation at 9.) Each segment of the Gulf commercial fishing industry has suffered – and continues to suffer – the impacts of this disaster in varying ways, on varying timetables. Proportionate allocation is a reasonable approach to distributing the remainder of the SCP funds.

The *Thanh Hai, Inc.* plaintiffs also have no objection to the Neutral's recommendation of a $500 million targeted payment in Round Two. While that number withholds a substantial amount of money that must ultimately be paid to SCP claimants under the terms of the settlement, the size of the reserve should place the Recommendation beyond reasonable objection from any party, including BP. This aspect of the Recommendation, again, should serve to expedite payments to the commercial fishers.

Finally, the significant reserve remaining after the $500 million targeted payment provides the Claims Administrator with the flexibility to promptly pay fully resolved claims. Given the reserve, the Recommendation allows the Claims Administrator to pay resolved claims while continuing to address those specific claims placed on administrative hold. (See Recommendation at 15.) Once the Claims Administrator has applied the formula, issued a notice, and the objection period has passed for that specific notice, the Recommendation allows the Round Two payment to be issued on all fully resolved claims. The recommended process may lead to Round Two payments totaling slightly more or less than the $500 million target, but the seeming inevitability of at least one more supplemental distribution eliminates the need for absolute precision in the total amount distributed now. Thus, the *Thanh Hai, Inc.* plaintiffs support the recommendation that "the Court target a $500 million partial distribution in Round Two." (Recommendation at 10.)

## CONCLUSION

For the foregoing reasons, the *Thanh Hai., Inc.* plaintiffs support entry of an order adopting the Recommendation.

October 20, 2014                                    Respectfully submitted:

By:    *s/Stephen S. Kreller*

**THE KRELLER LAW FIRM**
Stephen Skelly Kreller (LA 28440)
757 St. Charles Avenue, Suite 301
New Orleans, Louisiana 70130
T: (504) 484-3488
F: (888) 294-6091
E: ssk@krellerlaw.com

**FAEGRE BAKER DANIELS LLP**
William L. Roberts (admitted pro hac vice)
Craig S. Coleman (admitted pro hac vice)
2200 Wells Fargo Center

3

90 South Seventh Street
Minneapolis, MN 55402
T: (612) 766-7000
F: (612) 766-1600
E: william.roberts@faegrebd.com
E: craig.coleman@faegrebd.com

**LANGSTON & LOTT, PA**
Duncan Lott (admitted pro hac vice)
Casey L. Lott (admitted pro hac vice)
100 South Main Street
Booneville, MS 38829
T: (662) 728-9733
F: (662) 728-1992
E: clott@langstonlott.com
*Attorneys for Thanh Hai, Inc, et al. and Hong Van Truong, et al. Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and forgoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of October, 2014.

                                              */s/Stephen S. Kreller*