UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Pleading Relates To<br>• 10-4182 (*Alabama v. BP*)<br>• 10-4183 (*Alabama v. Transocean, et. al*)<br>• 13-2645 (*Alabama v. Anadarko & MOEX*)<br>• 13-2646 (*Alabama v. Transocean*)<br>• 13-2647 (*Alabama v. Halliburton*)<br>• 13-2813 (*Alabama v. BP*) | MDL No. 2179<br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

**THE STATE OF ALABAMA'S RESPONSE MEMORANDUM TO BP'S MOTION TO STRIKE THE APPEARANCE OF COUNSEL FOR THE GOVERNOR OF ALABAMA**

Jere L. Beasley (ASB-1981-A35J)
Rhon E. Jones (ASB-7747-E52R)
J. Parker Miller (ASB-7363-H53M)
Richard D. Stratton (ASB-3939-T76R)
Jennifer E. Day (ASB-7094-Y87Z)
Counsel to the Governor
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
218 Commerce Street
Post Office Box 4160
Telephone:  334-269-2343

David Byrne, Sr. (ASB-0354-R69D)
Franklin R. Johnson (ASB-5821-I70J)
Legal Advisors to Governor Bentley
600 Dexter Avenue, Room NB-05
Montgomery, Alabama 36130
Telephone: 334-242-7120

Cooper Shattuck (ASB-5109-T47R)
Special Counsel to the Governor
500 University Boulevard East
Montgomery, Alabama 36103-4160
Tuscaloosa, Alabama 35401
Telephone: 205-348-7380

For the reasons noted herein, the State respectfully requests this Honorable Court overrule BP's Motion to Strike the Appearance of Counsel for the Governor of Alabama ("Governor"). Contrary to BP's assertions, the Governor, in his official capacity, has the supreme authority to speak for and appear on behalf of the State of Alabama ("State"), to appoint counsel to represent the State, and to participate in cases where the State has an interest. BP would have this Court believe that the Governor and the State are separate entities, and thus should be considered separate parties. BP is wrong. When the Governor appears on behalf of the State, the Governor and the State are essentially one. In actuality, BP, with its legion of lawyers and consultants, merely seeks to distract this Court and handicap the State through this manufactured dispute, thereby excluding the Governor from his official duties and responsibilities, and ultimately asks this Court to ignore the rights of the State in this proceeding. BP's meritless arguments should be overruled.

## I.  The Governor Has the Right to Participate in this Case

Against the clear dictates of the State's constitution, statutory provisions, and clear case precedent, BP would have this Court believe that the Governor is prohibited from participating in this case because he lacks the "right" to do so.[1] The Governor has an absolute right to appear, participate and appoint counsel in cases where the State has an interest. Because the Governor is the supreme authority on behalf of the State, he is not a separate party from the State of Alabama in this case.

### A. The Governor is the supreme authority for the State, and he may participate and appear in cases where the State has an interest.

According to the Alabama Constitution, the Governor is the supreme executive officer and "chief magistrate" of the State. Ala. Const. Art. V § 113. As the chief magistrate, the

---

[1] See Doc. No. 13510, pg. 3.

Governor speaks for the State, and he must "take care that the laws be faithfully executed" where the State has an interest. *Id;* Ala. Const. Art. V § 120.  The Alabama Supreme Court has further examined the Governor's right to exercise broad Constitutional powers on behalf of the State, and the Court has interpreted that "[w]hen a Constitution gives a general power, or enjoins a duty it also gives, by implication, every particular power necessary for the exercise of the one, or the performance of the other." *Riley v. Cornerstone Comm. Outreach, Inc.*, 57 So. 3d 704, 723 (Ala. 2010) (quoting *State v. Dawson*, 86 Kan. 180, 188 (Kan. 1911)). Indeed, the Governor's Constitutional duties to ensure that the laws are "faithfully executed" are "unique" and supreme, and they "plainly vest" the Governor with the authority "to act on behalf of the State" in litigation, including in this case. *Id.* at 718-720 (discussing the Governor's powers as pertaining to litigation).

The body of State statutes, although servient to the State's Constitution and Alabama Supreme Court precedent interpreting the State's Constitution, evidence the vast powers available to the Governor in litigation. Alabama Code § 6-5-1(b) authorizes the Governor to direct the filing of civil actions on behalf of the State. *See* Ala. Code § 6-5-1(b) (1975). Alabama Code § 6-5-2 authorizes the Governor to direct the commencement of an action in the name of the State in foreign jurisdictions and to employ counsel for such action. *See* Ala. Code § 6-5-2 (1975). Alabama Code § 6-5-4 authorizes the Governor to direct the commencement of an action to recover State property and to employ counsel for such action. *See* Ala. Code § 6-5-4 (1975). Further, Alabama Code § 36-13-2 authorizes the Governor to "employ an attorney or attorneys to advise him in his official capacity, or to institute, conduct, or appear in any court or in any civil or criminal case in which the state is interested . . ." Ala. Code § 36-13-2 (1975).

Contrary to BP's contentions, the Attorney General need not deputize attorneys in order for them to participate in this case. As detailed *supra*, the Governor may appoint attorneys to represent the State's interests in litigation, and both offices have proceeded with those attorneys working on behalf of the State in this matter. Notwithstanding this fact, the Attorney General took the additional (and unnecessary) steps to deputize some of the Governor's lawyers to put this matter to rest, but alas, BP continues this unnecessary dispute.

In summary, BP's arguments are contradicted by the oldest state Constitution in the land, a voluminous number of statutes that further and enunciate the Governor's powers, and a very recent and controlling case (which BP, conveniently, did not even cite) that reinforces the Governor's right to appear and appoint counsel on behalf of the State.

### B. The Governor and the Attorney General, together, represent the interests of the State, and as such, the Governor's notice of appearance is proper.

BP suggests in its brief that the Governor must intervene in order to appear in this case. BP, however, misconstrues the Governor's authority and the relationship between he and the Attorney General. The Attorney General and the Governor have worked cooperatively on behalf of the State since 2011 to ensure the State's interests are protected. Indeed, the Attorney General has not objected to the Governor's presence on behalf of the State in this case, and for good reason. The Governor's counsels merely seek to assist the Attorney General given the implications of this complex case to the State against Defendants with seemingly limitless resources.[2] As such, the Governor's notice of appearance is proper, and his participation by and through counsel, is justified, warranted, and expressly authorized by governing law.

---

[2] The Attorney General has welcomed the Governor's participation in this case, and has not objected to his presence on behalf of the State.

Case 2:10-md-02179-CJB-DPC   Document 13551   Filed 10/24/14   Page 5 of 7

## II. BP's Arguments are Moot Given the Governor's Right to Participate

BP's arguments are based on the assumption that the Governor and the State are separate entities and thus should be considered separate parties. However, the Governor, appearing in his official capacity, is merely acting on behalf of the State. The Governor has no claims to assert except those on behalf of the State, and the Governor has no rights or interests to protect except those of the State. It would be improper for the Governor to appear separately from the State because their interests are one and the same. As such, BP's prejudicial arguments concerning the exchange of confidential documents with or litigating against a "non-party" lack foundation and fly in the face of common sense. BP cries prejudice over the State's potential use of "additional" lawyers at depositions, but the State merely seeks to allot the court-imposed deposition time between its lawyers in much the same way that the Defendants will. Certainly, the Defendants will likely depose a State witness through numerous lawyers, so how can they claim prejudice when the State merely seeks to do the same?

## III. Conclusion

The State respectfully requests that this Honorable Court enter an Order overruling BP's Motion to Strike the Appearance of Counsel for the Governor of Alabama.

Dated, this the 24th day of October, 2014.                    Respectfully submitted,

/s/ Rhon E. Jones
Jere L. Beasley (ASB-1981-A35J)
Rhon E. Jones (ASB-7747-E52R)
J. Parker Miller (ASB-7363-H53M)
Richard D. Stratton (ASB-3939-T76R)
Jennifer E. Day (ASB-7094-Y87Z)
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone: 334.269.2343
Facsimile: 334.954.7555
Jere.Beasley@beasleyallen.com
Rhon.Jones@beasleyallen.com
Parker.Miller@beasleyallen.com
Rick.Stratton@Beasleyallen.com
Jenna.Day@beasleyallen.com
Counsel to the Governor

/s/ Cooper Shattuck
Cooper Shattuck (ASB-5109-T47R)
500 University Boulevard East
Tuscaloosa, Alabama 35401
Telephone:  205-348-7380
cshattuck@uasystem.ua.edu
Special Counsel to the Governor

/s/ David Byrne, Sr.
David Byrne, Sr. (ASB-0354-R69D)
Chief Legal Advisor
Franklin R. Johnson (ASB-5821-I70J)
Deputy Legal Advisor
Governor Robert Bentley
600 Dexter Avenue, Room NB-05
Montgomery, Alabama 36130
Telephone:  334-242-7120
David.Byrne@governor.alabama.gov
Franklin.Johnson@governor.alabama.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Appearance has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of October 2014.

/s/ Rhon E. Jones