UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig     MDL NO. 2179
   "Deepwater Horizon" in the Gulf
   of Mexico, on April 20, 2010     SECTION J

This Filing Applies to:     JUDGE BARBIER

Nos. 13-706, 13-810,     MAGISTRATE JUDGE SHUSHAN
13-1143, 13-1185, 13-1222,
13-1386 and 13-2006[1]

ORDER

[OPA Test Cases – Conference on Thursday, October 23, 2014]

1. **Revised Schedule**.

The parties submitted a further revised schedule. The Court will not act on it until after the conference on October 31, 2014. The revised schedule will be to include a meet-and-confer period before motions to compel are filed on document production issues.

2. **Amended Complaints**.

The plaintiffs reported that by Wednesday, October 29, 2014, they will file amended complaints to delete the non-responsible parties on Black Elk's claim, delete all but the *force majeure* claim for Black Elk, correct names on two of the test case plaintiffs to reflect corporate restructurings since presentment, resolve issues of attorneys' fees and costs, and other issues.

3. **Production of Documents**.

The plaintiffs reported on issues with their production and difficulties in complying with PTO

---

[1] The OPA Causation Test Cases are:

    Bisso Marine Company, Inc. v. BP Exploration & Production, Inc., 13-0706.
    Wadleigh Industries, Inc. v. BP Exploration & Production, Inc., et al, 13-0810.
    Certified Platform Services, LLC v. BP Exploration & Production, Inc., 13-1143.
    Blake International USA Rigs, LLV v. BP Exploration & Production, Inc., et al, 13-1185.
    Trinity Offshore, LLC v. BP Exploration & Production, Inc., et al, 13-1222.
    Seahawk Liquidating Trust, et al v. BP Exploration & Production Inc., et al, 13-1386.
    Black Elk Energy Offshore Operations, LLC v. BP Exploration & Production, Inc., et al, 13-2006.

16 because some of the plaintiffs lack sophisticated document retention systems. BPXP reported that there are some technical concerns with the way documents have been processed or collected, the accuracy of metadata files, and the scanning of text files without complete attachments. The IT people for the parties are communicating and resolving some issues. BPXP reports that "fixes" developed by the IT people may be in place by the week of October 27.

Blake International has not produced any documents. BPXP reports that while other plaintiffs produced documents, there are additional documents to be produced from them.

There will be a further conference on **Friday, October 31, 2014, at noon,** at which time the parties shall report on document production issues for each plaintiff.

4. **Rule 30(b)(6) Topics and Witnesses**.

The parties report that 30(b)(6) topics were circulated. Representatives have not been identified. The parties shall work to resolve issues with the topics. As they are finalized, representatives shall be designated. If the parties cannot agree on the topics, the issues will be presented to the Court.

5. **Deposition Scheduling**.

Where there was agreement on deposition dates in November and early December, the parties shall keep the dates.

6. **Motions to Compel Responses to Interrogatories**.

As promptly as possible after interrogatory responses are final and will not be supplemented, the parties shall meet-and-confer. Motions to compel will be filed where the issues cannot be resolved.

7. **Document Production by the U.S**.

The parties agreed on the scope of the subpoena and what the U.S. will produce in response to

2

the subpoena. It is estimated that approximately 20,000 documents will be produced. The U.S. has not confirmed when they will be produced. The parties will report to the Court if they believe a representative of the U.S. should participate in the conference on Friday, October 31, 2014.

New Orleans, Louisiana, this 27th day of October, 2014.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**