UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>    "Deepwater Horizon" in the Gulf<br>    of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: 10-4182, 10-4183, 13-2645,<br>              13-2646, 13-2647, 13-2813 | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding Alabama Damage Cases – Tel. Conference on Thursday, October 23, 2014]

**1.  Stipulation Excusing Transocean from Participation.**

Transocean reported that, subject to client confirmation and approval by BPXP, the stipulation was complete.  Anadarko and MOEX reported they were in discussions with Alabama.

Agenda 10/30/14:     Report on status of stipulations.

**2.  Publicly Available Information.**

Alabama reports that for some of its departments, the majority of the documents responsive to defendants' requests are publicly available documents and the parties agreed that such documents did not have to be produced.  It contends that this accounts for the fact that BPXP is finding a very small volume of material from some departments.  For example, BPXP identified only 32 documents from the Alabama Tourism Department.  For BPXP the limited number of documents from some departments calls into question the efficacy of the Alabama search.  Alabama also reports that custodial file information for some departments remains to be produced.

3. <u>**Hard Copies.**</u>

Alabama reports that when it receives hard copies of documents from departments, they are scanned and produced as tiff images. Metadata is not available as to these documents were not stored electronically.

4. <u>**Coding Hard Copies**</u>.

Alabama reports that after hard copy documents are scanned, they are reviewed and some objective coding is added. Because of scheduling order deadlines, some documents were produced without objective coding. The Court suspended all deadlines until the document production issues are resolved. Alabama was asked to proceed with objective coding.

Agenda 10/30/14:   Report on status of objective coding.

5. <u>**Scope of Hard Copy Issue**</u>.

Alabama reported that its Department of Labor presents the biggest problem as it has about 250,000 responsive documents. Most of them contain sensitive information which must be redacted. As a general rule hard copies are an issue in each department with some departments worse than others.

Agenda 10/30/14:   Alabama shall present a department by department status report on production of hard copies.

6. <u>**Metadata**</u>.

Alabama reports that as documents are "saved" by departments in the course of their normal operations, the metadata for a document may not be present in a document's "saved" condition. In terms of recovering the metadata, Alabama described the issue as whether there is any way to get the HTM files back into an MSG format which might have additional metadata.

The Court asked that Alabama determine whether the metadata for the electronic documents still exists and, if so, whether it can be produced.

Agenda 10/30/14    Report on availability of and production of metadata.

## 7. **Document Retention Process**.

Each department implemented document retention processes at different times. For the 2005/2006 time period, the vast majority of electronic information was maintained on personal computers rather than on central servers. For 2005-2008, Alabama is searching personal computers rather than network servers. It reports that whether the electronic documents are gathered from personal computers or from networks they are produced in compliance with PTO 16.

Agenda 10/31/14:   Report on when departments went to network systems that permit searches of networks rather than searches of individual personal computers.

## 8. **Load File Issues**.

The parties report that the load files issues have been resolved.

## 9. **Documents Without Individual Custodians**.

BPXP reports that of the 150,000 documents produced by Alabama about 50,000 do not have any custodian designation at all. For the other 100,000 documents, the custodian for 97,000 is identified as Alabama Department of Environmental Management ("ADEM"). For these 100,000 documents, there are no individuals identified as custodians. Alabama reported that it is working on providing individual names as custodians.

Agenda 10/31/14:   Report on the status of providing individual names as custodians of the documents produced by Alabama to Defendants.

3

10. **Metadata Field Information**.

BPXP reports that email is being produced without a field identifying "to, from and subject".

Agenda 10/31/14     Report on why the email does not contain this information.

11. **Emails Without Text**.

BPXP contends that about 1,500 emails do not contain text. BPXP shall provide Alabama with a list of 50 of these emails. Alabama shall investigate this sample to determine whether there is a systemic issue that must be resolved.

Agenda 10/31/14:    Report on status of selection of sample and Alabama's investigation.

12. **5,000 Files Which Are Not Text Searchable**.

BPXP reports that there are 5,000 files which are not text searchable. BPXP shall prepare a list of 50 of the files. Alabama shall investigate the sample and report on the issue.

Agenda 10/31/14:    Report on status of selection of sample and Alabama's investigation.

13. **Family Relationships**.

Alabama reports that this issue may be related to the fact that documents were saved by departments in the htm format. BPXP shall prepare a list of 50 of the files with the family relationship problem. Alabama shall investigate the sample and report on the issue.

Agenda 10/31/14:    Report on status of selection of sample and Alabama's investigation.

14. **Subjectivity of Alabama's Search Process**.

The Court suggested that the parties may consider a procedure where BPXP identifies two or three custodians and there is a check that the production has been adequate and the

responsive documents on the custodians' computers were produced. The parties were asked to consider this procedure or another procedure that could test whether the search was adequate.

Agenda 10/31/14:    Status.

**15. Identification of Custodians**.

Alabama listed as custodians each state employee in its Rule 26 disclosures that is needed to prove its case plus any individuals designated as representatives for 30(b)(6) topics. BPXP confirmed that the parties agreed to produce custodian files for such individuals. BPXP reports that once Alabama completes its document production, additional persons may be identified for depositions. BPXP will ask Alabama to produce custodian files for those persons.

Alabama shall provide the Court with a copy of its September 30 letter describing the process by which custodians in departments were identified and electronic documents were retrieved.

**16. Schedule.**

The schedule is suspended pending resolution of the document production issues.

**17. Confidential Information.**

Alabama and BPXP continue to work on a proposed order for information in the records of the Department of Labor and the Department of Economic and Community Affairs with personal information which cannot be disclosed.

Agenda 10/31/14:    Status.

**18. NRD-Related Documents**.

Alabama and BPXP report agreement in principle on this issue with only a few points of clarification required.

**19. State Tax and Revenue Database**.

Alabama and BPXP report that they are conferring on the issue and moving toward resolution of it.

**20. BPXP's Motion to Strike Appearance of Governor (Rec. doc. 13510)**.

Alabama submitted its opposition on October 24.  Rec. doc. 13552.

**21. Alabama's Motion to Dismiss/Strike Set-Off Affirmative Defenses**.

BPXP shall submit its opposition by **Tuesday, November 4, 2014**.

**22. Designees for Rule 30(b)(6) Depositions**.

HESI reports that in response to Alabama's 30(b)(6) notices, it proposes to submit a sworn statement from the client that after a diligent search, it determined that it does not have any information responsive to a particular topic.  If Alabama and HESI can agree on the language for such statement, the Court has no objection to the procedure.

**23. Motions to Compel (Rec. docs. 13511 and 13512).**

Oppositions are due on October 27, 2015.

**24. Next Conference**.

Because of the document production issues, a conference is scheduled for **Thursday, October 30, 2014, at 11:00 a.m**.

The deadline for an appeal from this order is **Wednesday, October 29, 2014**.

New Orleans, Louisiana, this 27th day of October, 2014.

_____
        **SALLY SHUSHAN**
  **United States Magistrate Judge**