IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Barbier |
| Case Nos. 10-4182, 10-4183, 13-02645, 13-2646, 13-2647, 13-2813 | * * * | Magistrate Judge Shushan |

**BP'S REPLY IN SUPPORT OF MOTION TO STRIKE NOTICES OF APPEARANCE OF COUNSEL FOR THE GOVERNOR OF ALABAMA**

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter LLP
555 12th Street, N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (312) 862-2200

*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

**I.     The Notices Of Appearance Filed On Behalf Of The Governor Are Improper Because The Governor Is Not A Party.**

The Attorney General and thus the State admit that the Governor is not a party to this litigation. For example, in the brief that the Alabama Attorney General submitted on the State's behalf, the AG "agrees that 'the State' is the party Plaintiff and that the State is represented by the Attorney General and his Deputies and Assistants." Doc. 13552 at 1. With this admission, the relevant issue of whether the Governor's Notices of Appearance are proper becomes easy to resolve—because the Local Rules provide only that counsel for parties may appear in a case. *See, e.g.*, LR 83.2.11 ("The original counsel of record must represent *the party* for whom he or she appears unless the court permits him or her to withdraw from the case." (emphasis added)). The Notices of Appearance that the Governor's counsel have filed are therefore improper. Neither Alabama nor the Governor cite any federal rule or statute that grants a non-party the right to appear or participate through his own counsel in a case, and none exists.

While admitting that "[i]t would be improper for the Governor to appear separately from the State," that is precisely what the Governor seeks to do by filing his own appearance. Doc. 13551 at 2. Moreover, the Governor's assertion that "he is not a separate party from the State of Alabama in this case," is undermined by the Alabama AG's own representations that the Governor's counsel "do not 'bind the State' in this litigation, unless specifically authorized by the Attorney General." Doc. 13551 at 2; Ex. A, C. Maze Sept. 17 email. The Governor himself also acknowledges the AG's role by "defer[ing] to the Attorney General as the lead counsel on behalf of the State." Doc. 13482 at 1. Additionally, the Governor's and AG's apparent need to file separate oppositions to BP's motion highlights that the Governor is looking to participate in this litigation as a separate entity from the State. Doc. 13551 at 2.

To support his need to appear in this case, the Governor contends that he needs to keep

apprised of this litigation. But this lacks merit; the Governor's counsel can be informed of relevant events in the litigation through the AG's office without having his counsel make an appearance. And even if this contention did have merit, it does not justify turning a non-party into a party. Indeed, the only way that the Governor can become a party is by seeking to intervene under Fed. R. Civ. P. 24, which he has not done. The Governor's contention that he does not need to seek intervention because he is the same party as the State is undermined by the admission that the Governor's counsel do not represent the State and cannot bind it.

**II.     Alabama And The Governor Ignore The Undue Prejudice To BP.**

Alabama and the Governor ignore the prejudice to BP from the Governor's participation as a separate entity. This undue prejudice extends beyond the Governor's counsel participating in depositions as a separate entity. It also extends to having to deal with the Governor's counsel during the litigation where the Governor's counsel cannot bind the State or any party. This is especially a concern where the Governor's counsel have actively participated in several issues. For example, Parker Miller, acting only on behalf of the Governor before he was appointed as a Deputy AG, corresponded and negotiated with BP directly on several occasions regarding discovery-related issues. But according to the AG, at the time he negotiated with BP, Mr. Miller had no authority to bind the State.

**III.    Modifying PTO 13 Does Not Resolve The Governor's Improper Appearance.**

The AG's proposal to modify PTO 13 would not moot the issue of the Governor's improper appearance and participation in this litigation nor would it eliminate the prejudice to BP through the Governor's counsel's participation. Modifying PTO 13 also raises concerns beyond the Governor's participation. Therefore, if the Court is contemplating the AG's request, BP requests separate briefing on this issue.

Date:  October 28, 2014			Respectfully submitted,


			/s/ Don K. Haycraft
			Don K. Haycraft (Bar #14361)
			R. Keith Jarrett (Bar #I6984)
			Liskow & Lewis
			701 Poydras Street, Suite 5000
			New Orleans, Louisiana 70139-5099
			Telephone: (504) 581-7979
			Facsimile: (504) 556-4108

			and

			Richard C. Godfrey, P.C.
			J. Andrew Langan, P.C.
			Paul D. Collier
			Kirkland & Ellis LLP
			300 North LaSalle Street
			Chicago, IL 60654
			Telephone: (312) 862-2000
			Facsimile: (312) 862-2200

			Robert C. "Mike" Brock
			F. Chad Morriss
			Kirkland & Ellis LLP
			655 Fifteenth Street, N.W.
			Washington, D.C. 20005-5793
			Telephone: (202) 879-5000
			Facsimile: (312) 862-2200

			Maureen F. Browne
			Covington & Burling LLP
			1201 Pennsylvania Avenue, NW
			Washington, DC 20004-2401
			Telephone: (202) 662-5985

			Joel M. Gross
			Lawrence A. Schneider
			Arnold & Porter, LLP
			555 12th Street N.W.
			Washington, DC 20004
			Telephone: (202) 942-5705
			Facsimile: (202) 942-5999

			*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of October, 2014.

/s/ Don K. Haycraft
Don K. Haycraft