# Exhibit A

**From:** Morriss, Chad [mailto:cmorriss@cov.com]
**Sent:** Wednesday, October 01, 2014 8:03 AM
**To:** *CMaze@ago.state.al.us
**Cc:** Rhon Jones; Collier, Paul D.; *mbrowne@cov.com
**Subject:** RE: AL Damages Case: Governor and AG Representation

Corey,

BP disagrees with your position that Beasley Allen is entitled to participate in this litigation to the same extent as the Attorney General.  As you acknowledge, Beasley Allen does not represent the State of Alabama in this litigation, rather they represent the Governor.  Moreover, Beasley Allen is precluded by statute from representing the State.  Although you reference Ala. Code § 36-15-1 as support for the Governor's right to appear in this litigation, this statute states that "no attorney shall represent the State of Alabama … in any litigation in any court or tribunal unless the attorney has been appointed as a deputy attorney general or assistant attorney general."  Ala. Code § 36-15-1(13); *see also Walker v. Liggett Group, Inc.*, 982 F. Supp. 1208, 1210-11 (S.D.W.Va. 1997) (citing Ala. Code § 36-15-21 for the proposition that "[g]enerally, no person or entity other than the Attorney General of a state is authorized to represent that state in any court or in any case").   To our knowledge, none of the Beasley Allen attorneys who have appeared in this litigation have been appointed as a deputy or assistant attorney general.

Your response below also does not adequately address our concern regarding Beasley Allen's participation in discussions and negotiations regarding discovery or other issues, when it does not represent the State and cannot bind the State to any agreement.  Your proposal that BP seek written confirmation from you regarding any representations or agreements made by Beasley Allen is not reasonable.  When the parties are negotiating various litigation positions, they should know that the attorney making representations on behalf of a party has the authority to do so and can bind the party for whom he or she is advocating.  Forcing BP to seek confirmation from you regarding any representations Beasley Allen makes is unduly burdensome and prejudicial to BP.

Additionally, because Beasley Allen does not represent the State, it is inappropriate for any Beasley Allen attorney to actively participate in any depositions.  Federal Rule of Evidence 30 provides only that "[a] party may, by oral questions, depose any person, including a party, without leave of court," and includes no provision for non-party participation.  Moreover, contrary to your analogy, the Attorney General and Governor's counsel divvying up Alabama's deposition time allocation is not equivalent to  multiple Defendants divvying up their time allocation because while all Defendants are parties to this litigation, the Governor is not.  Just as personal counsel for a BP employee may not question Alabama deponents, the Governor's personal counsel may not depose BP witnesses.  As such, BP objects to any Beasley Allen attorney questioning any BP fact or expert witness in this litigation.

Thank you for your consideration of this issue.

Chad

---

> **From:** Maze, Corey [mailto:CMaze@ago.state.al.us]
> **Sent:** Wednesday, September 17, 2014 8:40 AM
> **To:** Morriss, Chad
> **Cc:** Rhon Jones
> **Subject:** AL Damages Case: Governor and AG Representation
>
> Chad,
>
> In response to your questions to Rhon:

1. While the Governor is empowered to appear in this case and has with his attorneys from Beasley Allen, the Attorney General represents the State in litigation.  *See* Ala Code 36-15-12 (the AG's power to prosecute civil cases); Ala.Code 36-13-1 (the Governor's right to appear).  So, the answer to your first question is attorneys from Beasley Allen do not "bind the State" in this litigation, unless specifically authorized by the Attorney General.  That said, the Governor and the Attorney General (and their attorneys) have a close working relationship in this litigation.  So, if there is an issue that needs resolution, a simple e-mail to me should be all that is necessary for the State's authorization of a tentative agreement between Defendants and the Governor's attorneys.

2. Regarding depositions, the practice in the previous phase of this litigation was that each side be vested with a maximum amount of deposition time, to be divvyed up by that side's counsel.  If that practice continues, then yes, it is possible that both an attorney for the AG and Governor will question a BP witness—just as an attorney from BP and Halliburton might question a State witness.  It is also possible that we will choose one attorney (AG or Governor) to conduct all questioning of a witness—just as the Defendants might choose one BP attorney to question a State witness.  If the Defendants wish to discuss a "one witness, one attorney" rule for this phase, please let us know.

**Corey L. Maze**
*Special Deputy AG, State of Alabama*
*(334) 850-2885*