IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by         the Oil Rig "Deepwater Horizon"         in the Gulf of Mexico, on April 20, 2010 | *  *  *  * | MDL NO. 2179  SECTION J |
| This document relates to: All Cases and No. 12-970 | *  *  *  *  *  * | Honorable CARL J. BARBIER  Magistrate Judge SHUSHAN |

BP'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO SUPPLEMENT EVIDENCE IN SUPPORT OF ITS MOTION TO
<u>REMOVE THE CLAIMS ADMINISTRATOR</u>

On September 8, 2014, the Court directed BP not to file additional exhibits in support of its Motion to Remove the Claims Administrator ("Motion to Remove").[1]

Three developments since that date warrant relaxation of that Order.  First, in his Opposition,[2] Mr. Juneau argues that the motion is untimely by reason of events that allegedly put BP on notice of his role as counsel for the State of Louisiana.  And he contends that the Motion to Remove should be denied for that reason alone.  BP has relevant, contemporaneous evidence in its own files that rebuts Mr. Juneau's factual assertions (or, at the very least, places them in a different light).  Second, since BP filed its Motion to Remove, it has obtained copies of documents that were produced to a third party under the Louisiana Public Records Act and that were not previously available or known to BP.[3]  Those documents, which are also

---

[1] Order [Scheduling Briefing on BP's Motion to Remove the Claims Administrator], Sept. 8, 2014, Rec. Doc. 13368.  BP's Motion to Remove was originally filed on the docket at Rec. Doc. 13347, but has been re-filed as Rec. Doc. 13370.

[2] Memorandum in Opposition to BP's Motion to Remove the Claims Administrator at 11 ("Opposition" or "Opp."), Rec. Doc. 13497.

[3] BP has received three of the documents attached to this motion as a result of public records requests.  *See* Ex. 1, Declaration of Shanan Guinn ¶¶ 3-5.

contemporaneous with the events in question, support BP's motion and contradict factual assertions in the Opposition. Third, as noted in Mr. Feinberg's declaration submitted by Mr. Juneau, Mr. Feinberg did not allow BP to copy any documents from the GCCF prior to the time of the filing of this motion.[4] Mr. Feinberg has now allowed BP to copy a limited number of documents,[5] and they are provided here.

BP therefore respectfully requests permission to file the attached exhibits, which are necessary to ensure an accurate record.

### A. Exhibits That Show Mr. Juneau Acted on Behalf of Private Claimants

The Opposition argues that Mr. Juneau did not represent individual claimants in the GCCF.

Billy Plauché, who represented the State in bringing damage claims against BP,[6] described Mr. Juneau in private emails as a lawyer doing work to support individual Louisiana claimants and noted Mr. Juneau's detailed knowledge of claims. In the context of a discussion as to whether Mr. Juneau should be invited to attend upcoming public meetings, Mr. Plauché said: "I think it would be great if Pat could attend—*he does have the most familiarity with the private claims*, and I think folks will be happy to see *the work he is doing on behalf of the State to support private claimants.*"[7]

---

[4] *See* Ltr. from Kenneth R. Feinberg to Phillip A. Wittmann ¶ 5 (Ex. 4B to Declaration of Kenneth R. Feinberg Regarding BP's Motion to Remove), Rec. Doc. 13497-4.

[5] Ex. 2, Declaration of Jason Wu ¶¶ 3–4.

[6] *See* Billy Plauché's law firm biography, *available at* http://plauchecarr.com/billy-plauche; *see also* Plauché & Carr Awards announcement, Billy Plauché Elected as Chair of [Deepwater Horizon NRDA Trustee Council] Executive Committee, *available at* http://plauchecarr.com/billy-plauche-elected-to-trustee-council/; Parrish, Geov, Battle in the Bayou, Super Lawyers, *available at* http://www.superlawyers.com/washington/article/Battle-in-the-Bayou/659e064d-fb8d-4a18-b170-1952d0167dfd.html.

[7] Ex. 3, Email from Billy Plauché to Stephanie Morris, Oct. 22, 2010 (emphasis added).

Mr. Juneau also intervened with the GCCF on behalf of at least one individual claimant: ███████, a ███████████████ which claimed significant economic losses as a result of the spill and ultimately was paid over ████████ by the GCCF.[8] Mr. Juneau's precise role is unclear, but he communicated directly with Mr. Feinberg about the claim. In an email marked "high" importance, Mr. Juneau said:

> I need some information on a claim and your immediate assistance will be greatly appreciated. I need to know the status of the following claim: Claimant: ███████████ Claim ████████
>
> Additionally, it would be appreciated if you would have the assigned Claims Evaluator contact ██████████████, President of ██████████. His address is ██████████████████████████. His telephone number is ███████████.

He monitored this claim (and perhaps others) thereafter and communicated about it, as his billing records reflect:[10]

| 08/26/10 | PAJ | REVIEW OF EMAIL FROM MARK BRADY PROVIDING INQUIRY FROM ████████ REGARDING GCCF AND CLAIM FILED | 0.30 |
|---|---|---|---|
| 09/08/10 | PAJ | REVIEW OF EMAIL FROM KEN FEINBERG REGARDING MEETING NEXT WEEK, STATUS OF FINAL PROTOCOL, CONTACT INFORMATION FOR TECHNOLOGY EXPERT, CLAIM FORM, AND STATUS OF CLAIM | 0.30 |
| 09/10/10 | PAJ | REVIEW OF EMAIL FROM MARK BRADY REGARDING ISSUES WITH ████████ CLAIM AND REQUEST TO DISCUSS SAME | 0.30 |
| 09/14/10 | PAJ | EMAIL TO CURT EYSINK REGARDING CORPORATE CLAIM | 0.10 |
| 09/14/10 | PAJ | REVIEW OF SUBSEQUENT EMAIL FROM CURT EYSINK REGARDING CORPORATE CLAIM | 0.10 |
| 09/15/10 | PAJ | REVIEW OF EMAIL FROM JASON EL KOUBI REGARDING ████████ CLAIM | 0.10 |
| 09/15/10 | PAJ | REVIEW OF SUBSEQUENT EMAIL FROM KRIS VAN ORSDEL REGARDING ████████ CLAIM | 0.20 |
| 09/22/10 | PAJ | REVIEW OF EMAIL FROM CURT EYSINK REGARDING ████████ CLAIM | 0.30 |

---

[8]   Ex. 4, Declaration of Maria Travis ¶¶ 3-5.

[9]   Ex. 5, Email from Patrick Juneau to Kenneth Feinberg, Aug. 26, 2010.

[10]  Ex. 6, Billing Records of Juneau David.

3

| 09/23/10 | PAJ | EMAIL TO MARK BRADY REGARDING ▮▮▮▮▮▮ CLAIM | 0.10 |
| --- | --- | --- | --- |
| 09/29/10 | PAJ | REVIEW OF EMAIL FROM CURT EYSINK REGARDING ▮▮▮▮▮▮ CLAIM, ISSUES WITH PAYMENT OF SAME AND PROVIDING MEMO WITH DETAILS | 0.40 |

On September 8, 2014, Mr. Feinberg confirmed to Mr. Juneau that the "▮▮▮▮▮▮ claim has been reviewed and paid."[11]

### B. Exhibits that Show Mr. Juneau Actively Litigated Against BP on Behalf of the State of Louisiana.

The Opposition argues that Mr. Juneau's representation of the State "related solely to acting in a non-litigation role to consult with Mr. Feinberg," that he "has never served as a lawyer adverse to BP in the MDL before the Court," and that "[a]lthough Louisiana certainly became adverse to BP upon filing its own action against BP, the law does not impute a client's adversity to a lawyer who is serving the client in a different matter." Opp. at 3, 12-13.

On February 1, 2011, the State of Louisiana joined the PSC's motion in the MDL proceedings asking the Court to "supervise" communications between the GCCF and claimants, a position adverse to BP's position on that issue. The billing records reflect that Mr. Juneau personally participated in the preparation of the State's joinder motion.[12] The billing records also reflect that he and his firm prepared at least a portion (if not all) of the State's subsequent Memorandum on Behalf of the State of Louisiana in Response to Judge Barbier's February 2, 2011 Order seeking additional briefing on OPA Challenges to BP Claims Process, again taking positions adverse to BP on that issue.[13]

---

[11] Ex. 7, Email from Kenneth Feinberg to Patrick Juneau, Sept. 8, 2010.

[12] *See* Ex. 6, Billing Records of Juneau David, time entries dated 12/22/10, 12/23/10, 1/17/11, 1/19/11, 1/28/11-2/1/11.

[13] *See id.*, time entries for 2/9/11-2/17/11 (including "Drafting and Revising Memorandum on Behalf of the State of Louisiana in Response to Judge Barbier's February 2, 2011 Order re: OPA Challenges to BP Claims Process").

The billing records also reflect that Mr. Juneau participated in meetings and discussions with litigation counsel for the State.  One such call was coordinated by Billy Plauché and included Bill Jackson and Drue (Banta) Winters, an advisor to the Governor's Executive Assistant for Coastal Activities on the Deepwater Horizon Response and Natural Resource Damage Assessment matters.[14]  At the time of the call, Plauché and Jackson were representing the State in actions seeking damages for environmental damage caused by the Spill.  Similar calls occurred every other week between Juneau and these litigation counsel, and concerned "check[ing] in on claims coordination issues."[15]

Without further discovery, we cannot know the full extent of the liability and damage issues discussed during these calls.  But, even based on billing records, it is clear that Mr. Juneau reviewed a "lengthy report on liability for economic loss" sent by Megan Terrell, who represented the State in its action against BP and provided additional commentary:[16]

| 11/23/10 | PAJ | REVIEW OF EMAIL FROM MEGAN TERRELL PROVIDING COPY OF LENGTHY REPORT ON LIABILITY FOR ECONOMIC LOSS, COPY OF CORRESPONDENCE FROM FEINBERG TO AG CALDWELL REGARDING PROTOCOL AND PROVIDING REVISED PROTOCOL | 2.00 |
|---|---|---|---|

### C. Exhibits that Show Mr. Juneau Was an Advocate Before the GCCF.

Mr. Juneau states in his Declaration that the State hired him "to provide advice and counsel to the State in understanding GCCF claims processes and allocation protocols."[17]

---

[14] Ex. 8, Email from Billy Plauché, Nov. 15, 2010.

[15] *Id.*

[16] Ex. 6, Billing Records of Juneau David, time entries dated 11/23/10 and 12/23/10.

[17] Opp. Ex. 2, Juneau Decl. ¶ 5, Rec. Doc. 13497-2.

Email correspondence between Mr. Juneau and Mr. Feinberg reflect that Mr. Juneau was also advocating for claimants seeking protocols that permit more compensation on less proof of loss. He urged the GCCF:

- to consider industry data as a substitute for evidence of damages;[18]
- to compensate for "psychological injury;"[19]
- to accept documents "similar" to Tax Returns and Financial Statements as evidence of loss.[20]

### D. Exhibit that Shows Mr. Juneau Did Not Advise BP of the True Nature of his Role.

The Opposition states that "Mr. Juneau's work on behalf of Louisiana was well known to BP," in part because Mr. Juneau "participated in a conference call hosted by BP's own Mark Holstein and Daniel Cantor of Arnold & Porter, wherein the two BP lawyers discussed the language of the GCCF release with the various Gulf Coast Attorneys General and their liaisons, including Mr. Juneau." Opp. at 9.

Contemporaneous documents reflect that this was, in fact, an in-person meeting attended by the Mississippi Attorney General, a Department of Justice lawyer, BP, and two representatives of the Louisiana Attorney General's office, Trey Phillips and Allan Kanner.[21] Although the "Louisiana Attorney General's Office" is identified as one of the parties that would be attending "via phone," Mr. Juneau is not specifically identified on the pre-meeting attendance list.[22]

---

[18] Ex. 9, Email from Juneau David to GCCF, July 21, 2010.

[19] *Id.*; *see also* Ex. 10, Email from Juneau David to GCCF, July 14, 2010.

[20] Ex. 11, Email from Juneau David to GCCF, Feb. 16, 2011.

[21] Ex. 12, Agenda for Meeting, Dec. 7, 2010.

[22] *Id.*

### E. Expert Affidavits.

Mr. Juneau submitted an affidavit from Professor Bruce Green in support of his Opposition. In the normal course of litigation, BP—who carries the burden of proof on this Motion—would be entitled to rebut Professor Green's opinions with additional expert affidavits of its own.[23] BP respectfully submits there is no basis for departing from the typical procedure here, and seeks to submit a Supplemental Affidavit of Professor William Ross,[24] and an Affidavit from Professor Thomas Morgan, whose academic expertise has focused on the ethics of judges and lawyers[25] – each of whom rebut the expert affidavit of Professor Green.

### CONCLUSION

For the foregoing reasons, BP respectfully seeks permission to file the attached Exhibits in Support of its Motion to Remove the Claims Administrator.

---

[23] Federal Rule of Civil Procedure 26 requires experts to provide "a complete statement of all opinions the witness will express and the basis and reasons for them," along with the "facts and data considered by the witness in forming them," Fed. R. Civ. P. 26(a)(2)(B), and provides that a party has a "duty to supplement" these disclosures as necessary, Fed. R. Civ. P. 26(e).

[24] Ex. 13, Supplemental Affidavit of Professor William Ross.

[25] Ex. 14, Affidavit of Professor Thomas Morgan.

| | |
|---|---|
| October 29, 2014 | Respectfully submitted, |
| Mark Holstein<br>BP AMERICA INC.<br>501 Westlake Park Boulevard<br>Houston, TX  77079<br>Telephone:  (281) 366-2000<br>Telefax:  (312) 862-2200 |    */s/ Kevin M. Downey*<br>Kevin M. Downey<br>F. Lane Heard III<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC  20005<br>Telephone:  (202) 434-5000<br>Telefax:  (202) 434-5029 |
| Daniel A. Cantor<br>Andrew T. Karron<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004<br>Telephone:  (202) 942-5000<br>Telefax:  (202) 942-5999 |    */s/ Don K. Haycraft*<br>S. Gene Fendler (Bar #05510)<br>Don K. Haycraft (Bar #14361)<br>R. Keith Jarrett (Bar #16984)<br>LISKOW & LEWIS<br>701 Poydras Street, Suite 5000<br>New Orleans, LA 70139<br>Telephone:  (504) 581-7979<br>Telefax:  (504) 556-4108 |
| Jeffrey Lennard<br>Keith Moskowitz<br>DENTONS US LLP<br>233 South Wacker Drive<br>Suite 7800<br>Chicago, IL  60606<br>Telephone:  (312) 876-8000<br>Telefax:  (312) 876-7934 | Richard C. Godfrey, P.C.<br>Wendy L. Bloom<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>Telephone:  (312) 862-2000<br>Telefax:  (312) 862-2200 |
| *OF COUNSEL* | Jeffrey Bossert Clark<br>Dominic E. Draye<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005<br>Telephone:  (202) 879-5000<br>Telefax:  (202) 879-5200 |

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.*
*AND BP AMERICA PRODUCTION COMPANY*

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, on this 29th day of October, 2014.

              /s/ Don K. Haycraft
              Don K. Haycraft