# Exhibit 10

Mary Anna Tabol

**From:** Ken Feinberg
**Sent:** Wednesday, July 14, 2010 1:18 PM
**To:** Camille Biros
**Subject:** FW: Gulf Claims Protocol

---

**From:** Felicia A. Guidry [mailto:FGG@juneaudavid.com] **On Behalf Of** Patrick A. Juneau
**Sent:** Wednesday, July 14, 2010 1:11 PM
**To:** Ken Feinberg
**Subject:** Gulf Claims Protocol

Ken:

This email will supplement the initial comments I sent to you on July 13, 2010.

I have received additional comments from various departments of the State concerning the draft protocol. I have reduced and condensed a lot of the comments and suggestions to the following, which you might want to consider:

1) Should the protocol state when it goes into effect?
2) Some provisions should be provided that would indicate that a claimant could supplement his/her submission.
3) For real or personal property claims, it is noted that there is to be no duplication of claims by owners and lessees. The protocol should describe or outline how that conflict will be resolved.
4) For lost profits and lost earning capacity claims, will any time limit be placed on future losses?
5) On physical injury/death claims, a provision should be inserted to recognize a claim for psychological injuries independent of physical injury. Additionally, wrongful death claims, not just survival claims, should be compensable.
6) The protocol should specify that where a claimant has more than one type of claim he should assert all claims in the same submission. I assume that the claim form will have multiple schedules to address the different types of claims that are allowed.
7) With regard to emergency advance payments, is a claimant limited to only six months of emergency payments? In our view, the emergency advance payments should not be limited to six months.
8) With respect to the deadline for filing an application for emergency advance payment, we believe that the 90 day period is too short. Given that claimants will not likely be in a position to submit final claims for a considerable time, those claimants should be eligible for a continued emergency payments during the interim. For that reason, we believe that the period for applying for emergency advance payments should be extended to six months rather than 90 days.
9) Under the section referencing Acceptance of the Final GCCF Decision, it is noted that a claimant will be required to execute a Release form. The State would like to have input into the contents of that release form.
10) In notices that are published to the claimants, including those on the website as well as the language in the release, it should be clearly noted that claimants have the right to consult with their own legal counsel.

1

11) Under the Review Procedures section, it is noted that the 90 day period for a decision is triggered "when a claim is deemed sufficiently complete." The protocol does not provide for any deadline for that "sufficiently complete" determination to be made. We are concerned that a claim could linger indefinitely. The protocol should be revised to insured that that situation does not occur.

12) Whether or not deductions made for specific types of collateral source compensation should be governed by the applicable state law.

13) Under the section regarding Reporting, the periodic reports from GCCF should be made not only to BP but also to the States.

14) Under the Quality Control and Detection of Fraud section, what is the process for coordinating with State and Federal programs when fraudulent activities have been identified? Will information regarding false or fraudulent claims be reported to the State of Louisiana?

15) Before a claimant is required to appeal to the GCCF Appeals Board, the claimant should have the opportunity to request a second review by the Claims Evaluator. That request for second review should follow the initial notice from the Claims Evaluator regarding the basis for his decision.

16) Considering the number of appeals likely to be presented to the GCCF Appeals Board, it seems logical to have those appeals handled by one individual panelist on a rotating basis as opposed to having each appeal considered by the entire panel. You may also want to include a provision that would allow for appointment of additional panel members.

I realize that our comments and suggestions are rather extensive and if you find that it would be helpful to meet personally with me to discuss these issues, I will make myself available to accommodate your schedule.

A couple of other comments. In view of the fact that Louisiana is the focal point of this disaster, we would request that you consider establishing the central Gulf Coast Claims Facility in Louisiana. We would assist you in that regard to whatever extent you deem helpful.

Pursuant to your request, I will be providing you shortly the names of individuals you might want to consider for appointment to the Appeals Board.

I look forward to seeing you on Thursday and, again, thank you for allowing the State of Louisiana to have input into this process.

**PATRICK A. JUNEAU**
Juneau David, APLC
Post Office Drawer 51268
Lafayette, LA 70505-1268
Telephone: 337-269-0052
Facsimile: 337-269-0061
Email:  paj@juneaudavid.com
        fgg@juneaudavid.com

2