# Exhibit ,



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2014 SEP 23 AM 9:08

WILLIAM W. BLEVINS
CLERK

**FELONY**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

## BILL OF INFORMATION FOR WIRE FRAUD

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 14-207 |
| v. | * | SECTION: SECT. K MAG 1 |
| CASEY THONN | * | VIOLATION: 18 U.S.C. § 1343 |
| | * * * | |

The United States Attorney charges that:

## COUNT 1

### A. AT ALL TIMES MATERIAL HEREIN:

1. The defendant, **CASEY THONN**, resided in the Eastern District of Louisiana.

2. British Petroleum ("BP") was a company whose activities included oil exploration and production in the United States and elsewhere and whose subsidiaries included BP Exploration and Production, Inc. ("BP Exploration").

3. On or about April 20, 2010, an explosion and fire occurred on the Deepwater Horizon, an oil rig in the Gulf of Mexico.

4. From in or near May, 2010, through on or about August 23, 2010, BP operated a process for submission directly to BP and resolution by BP of claims of individuals and businesses for costs, damages, and other losses incurred as a result of the oil discharges due to the Deepwater Horizon incident.

5. In or near June, 2010, BP established the Gulf Coast Claims Facility ("GCCF") for the purpose of administering, mediating, and settling certain claims of individuals and businesses for costs, damages, and other losses incurred as a result of the Deepwater Horizon incident. The GCCF was administered by Kenneth R. Feinberg, a fund administrator responsible for decisions relating to the administration and processing of claims by the GCCF.

6. On or about August 9, 2010, BP Exploration established the Deepwater Horizon Oil Spill Trust, an irrevocable common law trust formed under Delaware law, to receive and to distribute funds that BP Exploration promised to provide for the payment of certain types of claims, costs, and expenses, including, but not limited to, those resolved by the GCCF.

7. On or about March 2, 2012, BP reached a settlement agreement with plaintiffs captioned: *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, a class action lawsuit pending in United States District Court for the Eastern District of Louisiana (10-MDL-2179 "J").

8. On or about June 4, 2012, all claims for losses sustained by individuals and organizations were then directed to the court-authorized claims process center known as the Deepwater Horizon Economic Claims Center ("DHECC").

9. On or about June 24, 2012, the defendant, **CASEY THONN**, submitted a Seafood Compensation Program claim (Shrimp Vessel Owner Claim designated as "Claim 19690") claiming compensation payable from the DHECC.

10. On or about June 24, 2012, the defendant, **CASEY THONN**, submitted a Seafood Compensation Program claim (Shrimp Boat Captain Claim designated as "Claim 19691") claiming compensation payable from the DHECC.

2

11. On or about November 1, 2012, the defendant, **CASEY THONN**, received an eligibility notice for Claim 19690 in the amount of $864.78, based on trip ticket data from the Louisiana Department of Wildlife and Fisheries ("LDWF") Trip Ticket Database.

12. On or about November 6, 2012, the defendant, **CASEY THONN**, received an eligibility notice for Claim 19691 in the amount of $885.58, based on trip ticket data from the Louisiana Department of Wildlife and Fisheries ("LDWF") Trip Ticket Database.

B. **THE SCHEME AND ARTIFICE TO DEFRAUD:**

Beginning in or near December, 2012, and continuing to in or near May, 2013, in the Eastern District of Louisiana, the defendant, **CASEY THONN**, devised and intended to devise a scheme to defraud the DHECC, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

It was further part of the scheme that on or about December 3, 2012, the defendant, **CASEY THONN**, submitted a Request for Reconsideration of his original eligibility notice as to Claim 19690, requesting his compensation be recalculated based on a false Federal tax return the defendant, **CASEY THONN**, provided to the DHECC which claimed he received $156,000 of gross revenue in 2009. This fraudulent submission increased the defendant's compensation from $864.78 to $166,652.10.

It was further part of the scheme that on or about December 3, 2012, the defendant, **CASEY THONN**, submitted a Request for Reconsideration of his original eligibility notice as to Claim 19691, requesting his compensation be recalculated based on a false Federal tax return the defendant, **CASEY THONN**, provided to the DHECC which claimed he received $156,000 of gross revenue in 2009. This fraudulent submission increased the defendant's compensation from $885.58 to $190,350.25.

3

**C. THE WIRE:**

On or about March 5, 2013, in the Eastern District of Louisiana, and elsewhere, for the purpose of executing the above described scheme, and attempting to do so, the defendant, **CASEY THONN**, did cause to be transmitted by means of wire communication in interstate commerce, certain writings, signals, and sounds; that is the defendant, **CASEY THONN**, caused interstate wire communications to occur between Louisiana and other states when his false and fraudulent submission caused an interstate wire communication, consisting of an electronic wire payment in the amount of $166,652.10 for Claim 19690, to be sent from the Settlement Trust at JPMorgan Chase Bank to his attorney's trust account at Whitney National Bank. All in violation of Title 18, United States Code, Section 1343.

## COUNT 2

A.      The allegations contained in Sections A and B of Count 1 are realleged and incorporated as if fully set forth herein.

B.      On or about May 6, 2013, in the Eastern District of Louisiana, and elsewhere, for the purpose of executing the above described scheme, and attempting to do so, the defendant, **CASEY THONN**, did cause to be transmitted by means of wire communication in interstate commerce, certain writings, signals, and sounds; that is the defendant, **CASEY THONN**, caused interstate wire communications to occur between Louisiana and other states when his false and fraudulent submission caused an interstate wire communication, consisting of an electronic wire payment in the amount of $190,350.25 for Claim 19691, to be sent from the Settlement Trust at JPMorgan Chase Bank to his attorney's trust account at Whitney National Bank. All in violation of Title 18, United States Code, Section 1343.

4

# NOTICE OF FRAUD FORFEITURE

1. The allegations of Counts 1 and 2 of this Bill of Information are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1343 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offense alleged in Counts 1 and 2, defendant, **CASEY THONN**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

5

All in violation of Title 18, United States Code, Sections 1343 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


MATTHEW M. COMAN
Deputy Chief, Criminal Division
LA Bar Roll No. 23613

New Orleans, Louisiana
September 23, 2014

6

No. _____

# United States District Court

## FOR THE

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

vs.

CASEY THONN

BILL OF INFORMATION FOR WIRE FRAUD

Violation(s): 18 USC § 1343

Filed _____, 20 14 _____, Clerk.

By _____, Deputy

MATTHEW M. COMAN
Assistant United States Attorney