UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding Alabama Damage Cases – BP's Motion to Strike Notices of Appearance of Counsel for the Governor of Alabama (Rec. doc 13510)]

The State of Alabama, by and through its Attorney General, brought actions against BP America Production Company, BP Exploration & Production Inc., and BP p.l.c. (collectively "BP") and others arising out of the April 20, 2010 oil spill.

On September 2, 2014, a notice of appearance on behalf of the Governor of Alabama and in support of the Office of the Alabama Attorney General was served. Rec. Doc. 13510 (Exhibit A). This notice was not filed and it is not before the Court.

On October 9, 2014, the Governor of Alabama filed a notice of appearance on behalf of the State of Alabama by and through the same counsel identified in the September 2, 2014 notice plus additional other counsel. Rec. doc. 13482. Inasmuch as the State of Alabama already had counsel, the Clerk should have marked this as deficient.[1] The Clerk has been instructed to mark it deficient.

At a conference on October 10, 2014, BP objected to the Alabama Governor's participation. A deadline was set for BP to file a motion. Rec. doc. 13493 at 4-5.

On October 16, 2014, a notice of appearance was filed reporting that seven attorneys were appointed as Deputy Attorneys General. Their appearances were submitted on behalf of

---
[1] The proper motion is to add additional counsel.

the State of Alabama, by and through its Attorney General.  Four of these attorneys were on the notice of appearance served on September 2 and the notice filed on October 9, 2014.  Because the State of Alabama already had counsel of record, the notice was marked deficient by the Clerk.

On October 17, 2014, BP filed its motion to strike the September 2 and October 9, 2014 notices of appearance.  Rec. doc. 13510.  On October 22, 2014, the State of Alabama moved to add additional counsel (the seven lawyers identified in the deficient October 16 notice) for the State of Alabama, by and through its Attorney General.  The motion reiterated that each attorney was appointed a Deputy Attorney General pursuant to Ala. Code § 36-15-5.1 (1975).

BP contends that:  (1) the plaintiff in the Alabama Damage Cases is the State of Alabama; (2) the Attorney General is statutorily authorized to initiate and maintain this action; (3) the Governor is not a party to these cases; (4) the Governor's counsel cannot appear and act as though they represent a party; (5) if the Governor is to participate, he must do so by filing a motion to intervene under Fed. R. Civ. 24; (6) it should not be forced to litigate against an entity (the Governor) that is not a party; (7) any counsel for the Governor who are appointed Deputy Attorneys General should not be permitted to participate in this litigation; and (8) neither the Governor nor his counsel should be permitted access to filings or discovery marked confidential under PTO 13.  Rec. doc. 13510 (Memorandum at 1-2).

Each of the six Alabama Damage Cases was filed with the State of Alabama as the plaintiff, by and through its Attorney General.  The real party at interest is the State of Alabama. Fed. R. Civ. P. 17(a).  The public officer who sued in an official capacity is the Alabama Attorney General.  Rule 17(d)(e.g. CA 13-2813 [Rec. doc. 1 at 57]).  Original counsel for the public officer, the Attorney General, are part of the AG's office.

BP cites Ala. Code § 36-15-21, "[a]ll litigation concerning the interest of the state, or any department of the state, shall be under the direction and control of the Attorney General. . ." and Ala. Code § 36-15-1, "no attorney shall represent the State of Alabama . . . in any litigation in any court or tribunal unless the attorney has been appointed as a deputy attorney general or assistant attorney general."  BP acknowledges that Alabama "partially resolved" its concerns when several of the Governor's counsel were appointed Deputy Attorneys General.  See Rec. doc. 13537.  BP objects, however, to these counsel serving in a dual capacity; that is representing both the State and the Governor.

BP contends that because counsel for the Governor cannot represent the State of Alabama, they have no right to appear and participate in the litigation on behalf of the Governor.  BP urges that the only procedural vehicle available to counsel for the Governor is for the Governor to move to intervene pursuant to Rule 24.  BP ignores that the Governor is not seeking to intervene as a party plaintiff whether by right granted under Alabama law or under Rule 24.

BP further contends that the participation of the Governor and his counsel create a potential for prejudice because:  (1) the attorneys that represent both the Governor and the State of Alabama should not be permitted to examine witnesses on behalf of the Governor; (2) the Governor and his counsel will ask questions regarding issues that are of interest to the Governor but not relevant to Alabama's claims; and (3) the Governor and his counsel are not entitled to access to confidential information under PTO 13.

BP's arguments are without merit.  Pursuant to the existing procedures in the MDL, only one attorney for Alabama will be permitted to examine any one BP witness in a deposition or at trial.  Neither Alabama witnesses nor BP witnesses will be "double-teamed."  All questioning of any witnesses must be relevant.  In addition, newly enrolled counsel are bound by the

confidentiality requirements for PTO 13.  Finally, the Governor of the State of Alabama, as Chief Executive Officer of the State, is entitled to be briefed on the litigation and shall also be subject to the confidentiality requirements of PTO 13.

IT IS ORDERED that:

(1) The State of Alabama's motion to add additional counsel (Rec. doc. 13537) is GRANTED and the following counsel, who have all been appointed Deputy Attorneys General, are enrolled as additional counsel for the State of Alabama:

- Jeffrey A. Briet
- Robert T. Cunningham
- Jennifer E. Day
- Rhon E. Jones
- J. Parker Miller
- Paul M. Sterbcow
- Richard D. Stratton

(2) BP's motion to strike notices of appearances of counsel for the Governor of Alabama (Rec. doc. 13510) is DENIED with respect to the counsel identified above; and it is MOOT as to the October 9, 2014 notice of appearance (Rec. doc. 13482) as that notice is deficient.

(3) The deadline for an appeal of this order is **Wednesday, November 5, 2014**.

New Orleans, Louisiana, this 30th day of October, 2014.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**