# Exhibit 5

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Paul Collier<br>To Call Writer Directly:<br>(312) 862-2471<br>paul.collier@kirkland.com | 300 North LaSalle<br>Chicago, Illinois  60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

October 14, 2014

**Via E-mail**

Corey L. Maze, Esq.
Special Deputy Attorney General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
cmaze@ago.state.al.us

      Re:    MDL2179 Alabama OPA Economic Claim:
                  BPXP's discovery responses

Dear Corey:

     I write on behalf of Defendant BP Exploration & Production Inc. ("BPXP") in response to your October 13, 2014 letter regarding BPXP's first supplemental responses and objections to Alabama's First Set of Discovery Requests and BPXP's responses and objections to Alabama's Second Set of Discovery Requests.  Although I address the issues raised in your letter individually below, BPXP will be prepared to discuss these issues with Alabama during the scheduling discovery conference tomorrow.

    **I.**       **Interrogatory Nos. 4 & 7**

     Alabama has not raised any objections or concerns regarding BPXP's supplemental responses to Alabama's Interrogatory Nos. 4 and 7.  Thus, to the extent that "Alabama reserves the right to challenge th[ese] response[s] should [they] be discovered to be inadequate" by filing a motion to compel, any such motion would be premature until Alabama first identifies any alleged inadequacies to BPXP and then gives BPXP the opportunity to meet-and-confer regarding such alleged inadequacies.

    **II.**      **Interrogatory No. 13**

         **A.**      **Payments to Third-Parties**

     BPXP identifies payments to persons or entities other than the State of Alabama in response to Interrogatory No. 13 because such payments may have generated tax and/or other

## KIRKLAND & ELLIS LLP

Corey Maze, Esq.
October 14, 2014
Page 2

revenue for the State that may reduce any damages award granted to Alabama by the trier of fact. These payments therefore fall within Alabama's definition of "offset," which Alabama has defined to mean "to balance or calculate against and shall encompass the terms 'offset', 'set-off', 'recoupment,' and/or any other legal claim or defense that reduces Alabama's recovery." Notably, Alabama's definition of "offset" does not require that an offset balance or calculate against Alabama's claimed damages on a dollar-for-dollar basis.

Nonetheless, the extent to which the payments identified by BPXP have generated tax and/or other revenue for the State and the extent to which such revenue reduces any damages to which Alabama may be entitled is the subject of expert discovery. Moreover, until Alabama identifies the specific calculations and methodologies upon which it relies to determine its purported damages—along with the underlying support for such calculations—BPXP cannot know precisely what payments it may claim as an offset.

### B. Grants and/or Agreements That May Form the Basis for Offsets

In its response to Interrogatory No. 13, BPXP has already identified the grants to and/or agreements with Alabama that BPXP has identified to-date and that may form the basis for an offset to Alabama's claimed damages, if Alabama has not complied with the terms of the grant and/or agreement.[1] These include:

- The $25 million grant provided to Alabama in May 2010 and produced at BP-HZN-ALO01278889;

- The $25 million grant provided to Alabama in June 2010 and produced at BP-HZN-ALO01280259;

- The $12 million grant provided to the Alabama Department of Mental Health in August 2010 and produced at BP-HZN-ALO01029947;

- The $15 million grant provided to Alabama in May 2010 for the promotion of tourism and produced at BP-HZN-ALO00089636; and

- The $16 million grant provided to Alabama in March 2011 for the promotion of tourism and produced at BP-HZNALO00050583.

---

[1] BPXP also identifies other payments to Alabama in its response to Interrogatory No. 13 that may form the basis for offsets to Alabama's claimed damages, whether or not, any agreement under which the payments were provided was violated by Alabama.

**KIRKLAND & ELLIS LLP**

Corey Maze, Esq.
October 14, 2014
Page 3

Because BPXP lacks sufficient knowledge regarding how Alabama has spent these funds, and because Alabama has not provided an adequate accounting of these funds to-date, BPXP has served discovery on Alabama, including Defendants' Interrogatory No. 14, seeking an accounting of the funds provided pursuant to the grants/agreements identified above. However, as explained in my September 2, October 1, and October 13 letters, Alabama still has not provided an adequate response to Defendants' Interrogatory No. 14. Thus because BPXP is not privy to how Alabama has spent these funds and because Alabama has not satisfied its contractual and discovery obligations to BPXP to provide an adequate accounting of these funds, BPXP has not received from Alabama all the information that it possesses that may be relevant to whether Alabama has violated any of the above identified agreements, and if so, to what extent BPXP is entitled to an offset to Alabama's claimed damages. Moreover, until Alabama also identifies its damages calculations, methodologies, and the support for such calculations, BPXP may not be able to determine to what extent it is entitled to offsets of Alabama's claimed damages based on the violation of any of the above identified agreements.

### III. Interrogatory No. 43

BPXP maintains its objections to Alabama's Interrogatory No. 43. Regarding BPXP's relevance objection, the amount "sought for recovery" by claimants in Alabama is not relevant to Alabama's asserted claims because merely filing a claim for purported "economic losses associated with the oil spill" carries no presumption of validity regarding such claims. Moreover, what a claimant may seek for recovery does not mean that the claimant is entitled to that amount or that it was supported. Additionally, to the extent this information were relevant, our understanding is that it would be equally accessible to Alabama as to BPXP.

### IV. Interrogatory No. 46

BPXP's objections and response to Interrogatory No. 46 are proper. BPXP has not compiled personal identifying information, including the state of permanent residence, in any organized or reasonably obtainable form for the oil spill response workers in Alabama. For a small number of these works, BPXP may possess some personal information but in an ad hoc form that is not readily identifiable. While BPXP maintains its position that this information is not relevant or likely to lead to the discovery of admissible evidence, to the extent it did seek relevant information, this request would be unduly burdensome.

### V. Interrogatory Nos. 48 & 49

Alabama has not raised any objections or concerns regarding BPXP's responses to Alabama's Interrogatory Nos. 48 and 49. Thus, to the extent that "Alabama reserves the right to challenge th[ese] response[s] should [they] be discovered to be inadequate" by filing a motion to

## KIRKLAND & ELLIS LLP

Corey Maze, Esq.
October 14, 2014
Page 4

compel, any such motion would be premature until Alabama first identifies any alleged inadequacies to BPXP and then gives BPXP the opportunity to meet-and-confer regarding such alleged inadequacies.

### VI. Interrogatory No. 51

BPXP's objections to Alabama's Interrogatory No. 51 are proper for the reasons stated, including that the subject matter of this interrogatory is not relevant to this litigation. Your letter provides no explanation of how discovery regarding political contributions made by BP or its employees "is reasonably calculated to lead to relevant and admissible evidence regarding the amount of losses suffered in and by Alabama." As such, BPXP's position is that any such contributions made by BPXP and/or its employees have no bearing on the tax revenues, response costs, or any other category of damages claimed by Alabama and therefore are not relevant. If Alabama has any basis for contending that such information is relevant to its claims, we request that you provide it so we can evaluate your position before Alabama seeks court intervention.

### VII. Interrogatory No. 53

Alabama has not raised any objections or concerns regarding BPXP's response to Alabama's Interrogatory No. 53. Thus to the extent that "Alabama reserves the right to challenge this response should it be discovered to be inadequate" by filing a motion to compel, any such motion would be premature until Alabama first identifies any alleged inadequacies to BPXP and then gives BPXP the opportunity to meet-and-confer regarding such alleged inadequacies.

### VIII. Request for Admission Nos. 12 & 13

BPXP's objections and responses to Request for Admissions Nos. 12 and 13 are proper. As explained in BPXP's responses to these requests, the available Operations data, which did not record information regarding the collection and removal of oil-related materials from the Alabama shoreline at the SCAT segment level prior to June 2011, does not permit BPXP to admit these requests. Moreover, after conducting a reasonable inquiry, BPXP is unable to determine whether oil-related materials were removed from the parcels identified in AL-ED-000001 through AL-ED-000009 prior to June 2011. To the extent that Alabama asserts that "[o]ther collection information within BP's custody or control would allow BP to answer this request for admission," BPXP requests that Alabama identify the information upon which this assertion is based.

Additionally, Alabama's request that BPXP "identify the land parcels from which you contend no oil-related materials were removed" is an improper attempt to serve additional

## KIRKLAND & ELLIS LLP

Corey Maze, Esq.
October 14, 2014
Page 5

discovery on BPXP. Alabama has already served its permitted number of written discovery requests on BPXP and has not requested this information in any of the discovery requests it served.

**IX.     Request for Admission No. 22**

BPXP's objections and response to Request for Admission No. 22 are proper. BPXP responded to this request in reference to claims submitted and paid since February 26, 2012 because Alabama's chosen date of February 10, 2012 is arbitrary and has no significance unlike the date of February 26, 2012, which was the cutoff date for submitting an executed Final Release to the GCCF for claims before the Court ordered Payment Terms for Transition Claims would take effect. (Doc. 5995 at ¶ 12). Nonetheless, BPXP's response to this request would not substantively change if BPXP responded regarding claims submitted and paid since February 10, 2012.

BPXP also confirms that payments made by BPXP regarding claims submitted to the GCCF is the same as the number of payments made by the GCCF. BPXP's response references the number of payments made by BPXP because BPXP has ultimately funded any payments made by the GCCF.

**X.      Request for Production No. 26**

Subject to its objections and in light of Alabama's explanation regarding its intended meaning of the phrase "all potential oil-related material events," BPXP confirms that it is not withholding any non-privileged documents in its possession, custody, or control responsive to this request that were identified after a reasonable search, to the extent such documents exist and are not already in the possession of Alabama, or are not equally available to Alabama from sources other than BPXP, including publicly available sources.

**XI.     Request for Production No. 38**

Subject to its objections and in light of Alabama's explanation regarding its intended meaning of the term "economic performance," BPXP confirms that it is not withholding any non-privileged documents in its possession, custody, or control responsive to this request that were identified after a reasonable search, to the extent such documents exist and are not already in the possession of Alabama, or are not equally available to Alabama from sources other than BPXP, including publicly available sources.

**XII.    Request for Production No. 59**

## KIRKLAND & ELLIS LLP

Corey Maze, Esq.
October 14, 2014
Page 6

Although BPXP's response to Request for Production No. 59 is sufficient, in the interest of compromise and reducing to the greatest extent possible the number of discovery disputes between BPXP and Alabama, BPXP identifies the following links regarding BP's strategy presentations available at BP's website: http://www.bp.com/content/dam/bp/pdf/investors/bp_fourth_quarter_2010_results_presentation_slides.pdf; http://www.bp.com/content/dam/bp/pdf/investors/bp_fourth_quarter_2011_results_presentation_slides_and_script.pdf; http://www.bp.com/content/dam/bp/pdf/investors/upstream_operating_model_improv_execut_capability.pdf; and http://www.bp.com/content/dam/bp/pdf/investors/upstream_operating_model_improv_execut_capability.pdf.

BPXP also notes that other information related to the *Deepwater Horizon* oil spill may be found through the use of keyword searches at www.bp.com.

### XIII.    Request for Production No. 60

Alabama has not raised any objections or concerns regarding BPXP's response to Alabama's Request for Production No. 60. Thus, to the extent that "Alabama reserves the right to challenge this response should it be discovered to be inadequate" by filing a motion to compel, any such motion would be premature until Alabama first identifies any alleged inadequacies to BPXP and then gives BPXP the opportunity to meet-and-confer regarding such alleged inadequacies.

### XIV.    BPXP's Document Production

Although BPXP is willing to meet-and-confer with Alabama regarding any technical difficulties Alabama is experiencing with BPXP's document production, I note that you have mis-described BPXP's document production. BPXP has not, as you assert, used "one load file record (a single page placeholder) for hundreds of thousands of photographs." BPXP has produced these photographs natively as individual files. For the parties' convenience, instead of producing 630,000 slip sheets that take time and expense to download and load into a review platform, BPXP has provided file listings indicating the unique Bates number assigned to each photograph and two slip sheets representing Bates ranges BP-HZN-ALO00433038 – BP-HZN-ALO00976743 (543,706 photos) and BP-HZN-ALO01098631 – BP-HZN-ALO01218587 (119,957 photos). Nevertheless, BPXP is willing to provide the 630,000 slip sheets if that will be of use to Alabama; however, BPXP notes that almost identical information is already available in the file listing that BPXP provided with these photographs.

## KIRKLAND & ELLIS LLP

Corey Maze, Esq.
October 14, 2014
Page 7

                              Very truly yours,

                              */s/ Paul D. Collier*

                              Paul D. Collier