# Exhibit 7

```
 1                    UNITED STATES DISTRICT COURT

 2                    EASTERN DISTRICT OF LOUISIANA

 3

 4

 5   IN RE:  OIL SPILL BY THE OIL RIG   *   10-MD-2179
             DEEPWATER HORIZON IN THE   *
 6           GULF OF MEXICO ON          *   Section J
             APRIL 20, 2010            *
 7                                      *   October 10, 2014
                                        *
 8   Applies to:  10-4182, 10-4183,     *   New Orleans, Louisiana
                  13-2645, 13-2646,     *
 9                13-2647, 13-2813      *
                                        *
10   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

11

12
                    TELEPHONE STATUS CONFERENCE BEFORE
13                      THE HONORABLE SALLY SHUSHAN
                      UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20
     Official Court Reporter:      Toni Doyle Tusa, CCR, FCRR
21                                 500 Poydras Street, B-406
                                   New Orleans, Louisiana 70130
22                                 (504) 589-7778

23

24

25   Proceedings recorded by mechanical stenography using
     computer-aided transcription software.
```

will come to the Court and ask for you to call balls and strikes about who gets what time.  I expect we will be able to work it out.

THE COURT:  So do I.

MR. LANGAN:  I think even Halliburton agrees that BP probably needs to take the lead on most of these deps; but if there is an issue, we will ask for the Court to referee it.

THE COURT:  Okay.

MR. YORK:  Judge, this is Alan York.  We agree with what Andy said.  As I said earlier, we understand our role in this case, and we are going to work with BP to coordinate so that the Court doesn't have to get involved.

THE COURT:  Corey, I guess the answer to your question is it's per side, and this case has two sides as I see it.  Does that answer the question?

MR. MAZE:  Yes.  We just wanted to make sure that we had an answer if there were any arguments amongst anybody at some point in the future.

THE COURT:  Now let's get down to rebuttal fact witnesses.

MR. MAZE:  No. 5 and No. 6, I was going to throw Kerry Miller under the bus and he got off the phone, so I can't do it anymore.

THE COURT:  Well, you can throw him under; he just won't know it.

| | |
|---|---|
| 12:30 | 1 |
| 12:30 | 2 |
| 12:30 | 3 |
| 12:30 | 4 |
| 12:30 | 5 |
| 12:30 | 6 |
| 12:30 | 7 |
| 12:30 | 8 |
| 12:31 | 9 |
| 12:31 | 10 |
| 12:31 | 11 |
| 12:31 | 12 |
| 12:31 | 13 |
| 12:31 | 14 |
| 12:31 | 15 |
| 12:31 | 16 |
| 12:31 | 17 |
| 12:31 | 18 |
| 12:31 | 19 |
| 12:31 | 20 |
| 12:31 | 21 |
| 12:31 | 22 |
| 12:31 | 23 |
| 12:31 | 24 |
| 12:32 | 25 |

1    **MR. MAZE:**  That's even better.  Kerry Miller wanted
2  me to ask the Court if it had any idea if we were going to
3  learn sooner than later about whether this was a jury versus a
4  bench trial.  The reason that Kerry Miller wanted to know that
5  is it may affect the number of witnesses or how we proceed,
6  etc.  Not knowing that, I think there is still a little bit of
7  uncertainties.  So with that caveat, let me address No. 5
8  first.
9    **THE COURT:**  Okay.
10    **MR. MAZE:**  The state has the burden of proof, and we
11  don't know yet exactly how the defendants are going to defend
12  their claims.  In fact, they have told us since April all the
13  way through this week that they hold open or at least reserve
14  the right to bring counterclaims against the state.
15        The one particular one we have been discussing
16  is the misappropriation of grant money and their discovery
17  request against the state on that.  Depending on how the
18  defendants defend their claims or if they have an affirmative
19  claim against Alabama, which they have pleaded, then Alabama
20  may need rebuttal fact witnesses to defend against that claim.
21  Frankly, if we have to put the calendar together in two weeks,
22  I'm not going to know who those persons are.
23        I'm opening this up to the Court.  My thought
24  would be to hold open a very limited number of witnesses that
25  the state may notice at some point in the proceedings that they

1  could depose as a potential rebuttal fact witness after we have

2  seen what the defendants' case is.

3           THE COURT:  Andy, do you want to comment?

4           MR. MORRISS:  Judge, this is Chad Morriss on behalf

5  of BP.  I guess our thought on this issue about the grants and

6  the setoff in mitigation is really simply this.  Corey has

7  asked us to identify whether we have a claim or not.  The

8  problem is if the grants have specific language about how the

9  money can be used and BP had a right to ask for an accounting.

10 BP has asked for an accounting and the state has not responded

11 to that.

12          We have furthered our request and discovery in

13 this case asking for details of how the grant money was spent.

14 The answer to that question will determine whether or not we

15 have potential claims.  If they have not used the money in

16 accordance with the language of the grant, then there's an

17 argument that we would have a setoff and that any judgment or

18 amount could be reduced after a verdict was entered.

19          It's likely that most of these issues will be in

20 the form of mitigation, not really a setoff, but the witnesses

21 and the knowledge about how the grants were used is with the

22 state.  They should already have that information and really

23 shouldn't need rebuttal witnesses to address that.  We won't

24 know whether we have a claim about those grants until we see

25 how the money was spent.

|         |    |                                                                                    |
|---------|----|------------------------------------------------------------------------------------|
| 12:33   | 1  | **THE COURT:**  Okay.  Gotcha.                                                      |
| 12:33   | 2  | **MR. MAZE:**  Your Honor, this is Corey.  I do need to                             |
| 12:33   | 3  | address something really quick.  Two things, actually.                              |
| 12:33   | 4  | Number one, the response that Alabama has not                                       |
| 12:33   | 5  | responded to its disbursements, we have actually spent more                         |
| 12:33   | 6  | time and given two responses to that particular interrogatory.                      |
| 12:33   | 7  | In fact, we have spent more time responding to that                                 |
| 12:33   | 8  | interrogatory than anything else we have done in response to                        |
| 12:33   | 9  | written interrogatories.                                                            |
| 12:33   | 10 | Number two, as Chad has just said, BP is looking                                    |
| 12:34   | 11 | at fact discovery as an avenue to raise a potential claim                           |
| 12:34   | 12 | against Alabama for wrongly disbursing those monies.  On                            |
| 12:34   | 13 | Monday -- or Tuesday because Monday is a holiday.  On Tuesday                        |
| 12:34   | 14 | Alabama is going to file a motion to dismiss that claim because                     |
| 12:34   | 15 | it's barred.  We have been spending months trying to get BP to                      |
| 12:34   | 16 | identify what their claims were.  They should be dismissed.  We                     |
| 12:34   | 17 | should not have to go through discovery to have BP conjure up a                      |
| 12:34   | 18 | claim that shouldn't be a part of this case.  So I'm just                           |
| 12:34   | 19 | putting everyone on notice that there will be a filing Tuesday                       |
| 12:34   | 20 | to dismiss that particular claim.                                                   |
| 12:34   | 21 | **THE COURT:**  Okay.  Corey, I'm going to give you up to                           |
| 12:34   | 22 | two rebuttal witnesses, if you need them, after the fact                            |
| 12:34   | 23 | witness depositions have closed and after you have been                             |
| 12:35   | 24 | provided with knowledge of all the claims that BP is asserting,                      |
| 12:35   | 25 | whether it's a counterclaim or whether it's an offset claim.  I                      |

1  **<u>CERTIFICATE</u>**

2        I, Toni Doyle Tusa, CCR, FCRR, Official Court

3  Reporter for the United States District Court, Eastern District

4  of Louisiana, certify that the foregoing is a true and correct

5  transcript, to the best of my ability and understanding, from

6  the record of proceedings in the above-entitled matter.

7

8

9                                   *s/ Toni Doyle Tusa*
                                    Toni Doyle Tusa, CCR, FCRR
10                                  Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25