**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater** | * | **MDL NO. 2179** |
| **Horizon" in the Gulf of Mexico, on** | * | |
| **April 20, 2010** | * | **SECTION J** |
| | * | |
| **This document relates to all actions.** | * | |
| | * | **Honorable CARL J. BARBIER** |
| | * | |
| | * | **Magistrate Judge SHUSHAN** |
| | * | |

## MEMORANDUM IN OPPOSITION TO BP'S MOTION TO SUPPLEMENT EVIDENCE

BP's "Motion to Supplement Evidence in Support of its Motion to Remove the Claims Administrator" (the "Motion to Supplement") is an obvious effort to circumvent this Court's prior Order prohibiting new evidence. Lacking good cause, the Motion to Supplement should be denied.

On September 8, 2014, this Court entered an Order scheduling briefing on BP's Motion to Remove the Claims Administrator, providing that BP's reply "shall be filed not later than Wednesday, October 29, 2014, and shall not exceed 10 pages. No new or additional exhibits shall be included with BP's reply."[1] On October 29, 2014, BP filed a ten-page reply brief in apparent compliance with this Court's Order. Simultaneously, however, BP filed its Motion to Supplement containing an additional seven pages of argument and two hundred pages of exhibits. BP's attempt to once again circumvent this Court's orders should not be permitted.

Crucially, none of the evidence BP seeks to admit rebuts the dispositive points made in Mr. Juneau's Opposition: (1) 28 U.S.C. § 455 does not apply to Mr. Juneau because he is not a judge; (2) BP's motion is untimely in any event because BP has long known about Mr. Juneau's work for the State of Louisiana, Mr. Juneau having told BP's lawyer explicitly during his interview for the

---

[1] Rec. Doc. 13368.

Claims Administrator position; and (3) Mr. Juneau's work as a liaison with the BP-created and BP-controlled GCCF advancing the interests of the State of Louisiana is not the same "matter" as his current job administering a court-approved class-action settlement.

Furthermore, BP's presentation of this evidence is untimely, and Mr. Juneau would be prejudiced by its admission. BP claims that it received various documents on September 29, 2014, and on October 8, 2014, from a conspicuously unidentified "third party" that would support its Motion to Remove and contradict factual assertions in Mr. Juneau's Opposition.[2] However, rather than immediately notifying the Court and Mr. Juneau of these documents and seeking modification of the briefing Order at that time, BP waited until after Mr. Juneau had filed his October 15, 2014 Opposition to notify anyone. As a result, Mr. Juneau had no opportunity to respond to BP's allegations, and will have no such opportunity unless the Court orders another wasteful round of briefing. The prejudice is particularly strong here because BP has submitted 114 pages of billing records relating to Mr. Juneau's representation of the State of Louisiana—evidence that Mr. Juneau could not have submitted himself because of his duty of confidentiality.

BP has offered no good reason why its voluminous new evidence should be admitted. First, BP argues that it has new evidence that "rebuts Mr. Juneau's factual assertions" concerning BP's prior knowledge of his work for the State of Louisiana.[3] Specifically, BP seeks to introduce new evidence at this point in the proceedings to clarify that what Mr. Juneau described in his opposition as a "conference call hosted by BP's own Mark Holstein and Daniel Cantor of Arnold & Porter" was in fact an in-person meeting that only *some* participants attended by phone.[4] BP also wishes

---

[2] BP's Memorandum in Support of its Motion to Supplement Evidence in Support of its Motion to Remove the Claims Administrator ("Memorandum") at 1-2; Motion to Supplement, Ex. 1, Declaration of Shanan Guinn.

[3] Memorandum at 1.

[4] Opposition to BP's Motion to Remove the Claims Administrator ("Opposition"), Rec. Doc. 13497 at 9; Memorandum at 6.

to clarify that, although Mr. Juneau attended the meeting by phone, his name was not included on the pre-meeting attendance list. Incredibly, BP discusses this evidence under the heading: "Exhibit that Shows Mr. Juneau Did Not Advise BP of the True Nature of his Role."[5]

Notwithstanding that this evidence does not actually rebut any factual assertions made by Mr. Juneau, BP's quibbling over such minutiae is telling. BP simply cannot overcome the glaring fact that Mr. Juneau told BP's own lawyer, during the February 2012 interview for the Claims Administrator position, that he had served as "a consultant in the GCCF process for the State of Louisiana."[6] Instead, BP attempts in its Reply to minimize Mr. Juneau's disclosure as inadequate, suggesting that Mr. Juneau's admission to working for the State of Louisiana as a consultant in the GCCF process would not reasonably have piqued the interest of its lawyer and led to further inquiry.[7] This is certainly difficult to reconcile with BP's argument only two pages earlier that the State of Louisiana had become highly adverse before the date of Mr. Juneau's interview by "su[ing] BP, claiming that compensation provided to claimants was inadequate, and fil[ing] opposing briefs concerning the GCCF's process."[8] The conclusion is inescapable that BP was well aware of Mr. Juneau's work for the State of Louisiana, and that its relationship with the State had become adversial, yet decided for its own reasons that Mr. Juneau was the best choice for Claims Administrator.

Second, there is no reason why BP could not have obtained its "new" evidence before it filed the Motion to Remove. BP spent months compiling its motion and associated exhibits, ultimately submitting over one thousand pages, and was not required to file its motion by any

---

[5] Memorandum at 6.

[6] Opposition, Rec. Doc. 13497, Ex. 2, Declaration of Patrick Juneau at ¶ 20.

[7] BP's Reply in Support of Motion to Remove the Claims Administrator, Rec. Doc. 13572 at 5.

[8] *Id.* at 3.

particular date. BP states that it received various documents from an unidentified "third party" who in turn received them through a public records request, but does not explain why this unknown party chose to turn over the records at that particular time, or why BP could not have requested these documents itself. Similarly, BP states without explanation that Kenneth Feinberg suddenly reversed course and allowed BP to copy his email correspondence with Mr. Juneau, whereas Mr. Feinberg had only allowed BP to examine it before.[9] None of these assertions establish that BP's evidence was previously unavailable, such that a modification of this Court's Order is warranted.

Finally, and perhaps most remarkably, BP flouts this Court's Order by introducing an additional 20 pages of expert declarations because this is how BP thinks it should be done "[i]n the normal course of litigation."[10] BP creatively construes the duty under Federal Rule of Civil Procedure 26(e) to supplement or correct materially incomplete or incorrect disclosures as a license to submit successive expert declarations without limit and without regard to this Court's orders.[11] Even beyond this, BP, apparently recognizing that Professor Ross's reasoning is less than compelling in its own right, has also introduced an entirely new declaration by *another* expert (which would be more accurately described as an amicus brief) discussing the same issues and reaching the same conclusions. Although BP could have previously sought a modification of this Court's briefing Order and made its case as to why further expert rebuttals would be necessary and appropriate, it has instead simply submitted them.

Mr. Juneau respectfully requests that this Court adhere to its original briefing Order and deny BP's Motion to Supplement.

---

[9] Opposition, Rec. Doc. 13497, Ex. 4, Declaration of Kenneth Feinberg, Exhibit B at ¶ 5; Motion to Supplement, Ex. 2, Declaration of Jason Wu.

[10] Memorandum at 7.

[11] *See* Memorandum at 7 n. 23.

Respectfully submitted,

*/s/  Richard C. Stanley*
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
STANLEY, REUTER, ROSS, THORNTON &
  ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana  70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069
rcs@stanleyreuter.com

Attorneys for Patrick A. Juneau, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of November, 2014.

*/s/  Richard C. Stanley*