## INDEMNITY AGREEMENT

This Indemnity Agreement (the "Indemnity Agreement") is entered into by and between Christine Reitano ("Reitano"), an individual with offices at 935 Gravier St., Ste. 1910, New Orleans, LA 70112; and BP Exploration & Production Inc. ("BP"), and is effective as of April 18, 2012.

## RECITALS

WHEREAS, BP, a Delaware corporation, and certain of its affiliates have been named as defendants in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (the "MDL Litigation");

WHEREAS, BP and the Economic Class Representatives, individually and on behalf of the Economic and Property Damages Settlement Class, by and through Lead Class Counsel entered into an Economic and Property Damages Settlement Agreement ("Settlement Agreement") dated April 18, 2012, and amended May 1, 2012, for the purpose of settling all Released Claims against the Released Parties, including BP;

WHEREAS, the United States District Court of the Eastern District of Louisiana (the "Court") has preliminarily approved the Settlement Agreement by Order dated May 2, 2012;

WHEREAS, on May 4, 2012, BP, Lead Class Counsel, the Trustee and J.P. Morgan Trust Company (the "Directed Trustee") entered into the *Deepwater Horizon* Economic and Property Damages Trust Agreement (the "Trust Agreement") creating the Settlement Trust (as defined in Section 1 below);

WHEREAS, the Settlement Trust is intended to meet the requirements of a qualified settlement fund within the meaning of section 468B of the Internal Revenue Code of 1986, as amended from time to time, and section 1.468B-1(c) of the Treasure Regulations promulgated thereunder;

WHEREAS, the Settlement Trust's purpose is to establish a mechanism to pay Settlement Payments (as defined in the Settlement Agreement) and the costs of administering the Settlement Program (as defined in the Settlement Agreement) in accordance with the terms of the Settlement Agreement and the Trust Agreement.

WHEREAS, BP and Reitano have entered into an Undertaking of Christine Reitano in Furtherance of Court's Order Appointing Claims Administrator dated April 18, 2012 (the "Reitano Undertaking") ;

WHEREAS, the Settlement Trust and Reitano have entered into a Supplement and Amendment to the Reitano Undertaking dated May 4, 2012 (the "Reitano Amendment"); and

WHEREAS, pursuant to the Reitano Amendment, Reitano will provide certain services to assist with the administration of claims under the terms of the Settlement Agreement and the Trust Agreement;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties (as defined in Section 1 below) agree to the terms and conditions set forth herein.

REITANO EXHIBIT 2

## AGREEMENT

1. <u>Definitions</u>.

The following words and phrases have the meanings indicated. Other words and phrases appearing in capital letters throughout this Indemnity Agreement shall have the meanings they are given with their first operative use. Terms not otherwise defined herein shall have the same meanings ascribed to them in the Settlement Agreement, the Trust Agreement, the Reitano Undertaking and/or the Reitano Amendment.

    1.1   <u>Claim</u>: has the meaning ascribed to it in the Settlement Agreement.

    1.2   <u>Claimant</u>: has the meaning ascribed to it in the Settlement Agreement.

    1.3   <u>Parties</u>: means Reitano and BP.

    1.4   <u>Settlement Trust</u>: means the qualified settlement trust fund established pursuant to that certain *Deepwater Horizon* Economic and Property Damages Trust Agreement, dated May 4, 2012, among BP, Lead Class Counsel, the Claims Administrator, and the Directed Trustee.

2. Indemnification.

    2.1   <u>Indemnification by BP</u>. BP shall indemnify, defend and hold Reitano harmless, to the full extent lawful, from and against any losses, liabilities, damages, costs and expenses from any third party claims, suits, investigations or proceedings related to or arising out of Reitano's assistance to the Claims Administrator in carrying out of the Claims Administrator Services or any other services performed by Reitano under the Reitano Undertaking, as amended by the Reitano Amendment (collectively, "Losses"), including but not limited to Losses resulting from Reitano's negligence, except that Reitano will not be indemnified or held harmless with respect to any Losses that are finally judicially determined to have resulted solely from Reitano's gross negligence or intentional or willful misconduct, including fraud. BP further agrees that Reitano shall not have any liability to BP in connection with the Reitano's appointment to assist the Claims Administrator or any services performed by Reitano under the Reitano Undertaking, as amended by the Reitano Amendment, except for Losses incurred that are finally judicially determined to have resulted solely from the gross negligence or intentional or willful misconduct, including fraud, of Reitano.

    2.2   <u>Process</u>. If any claim, suit, investigation or proceeding is threatened or commenced by a third party as to which Reitano proposes to demand indemnification under Section 2.1, Reitano will notify BP with reasonable promptness, but failure to do so shall not relieve BP of any of its obligations under Section 2.1 unless BP can establish that the delay in receiving such notice actually prejudiced BP and then only to the extent of such prejudice. BP shall, unless it contests the duty to indemnify pursuant to Section 2.1, assume the defense of such claim with counsel chosen by it. Reitano shall reasonably cooperate with BP in such defense, at no cost to BP. Reitano may, at her option and sole expense, be represented by counsel of her choice in any action or proceeding with respect to such claim. BP shall not be liable for any litigation costs or expenses incurred by Reitano's own counsel.

3. <u>Miscellaneous</u>.

    3.1   <u>Successors and Assigns</u>. The terms and conditions of this Indemnity Agreement shall be binding upon the Parties and inure to the benefit of the Parties and their respective successors and permitted assigns; provided, however, that, unless otherwise provided in this Indemnity Agreement, the obligations of the Parties under this Indemnity Agreement may not be delegated nor shall any rights be

assigned or transferred, including by merger, reorganization, change of control, acquisition or sale of all or substantially all of its assets or business or otherwise (including, without limitation, by operation of law) (collectively a "Sale Transaction"), by a Party without the other Party's prior written consent, except that BP may assign or transfer its rights and obligations hereunder, without such consent, to a successor in interest to BP's business (including by merger or operation of law), or to any third party that purchases all or substantially all of the assets or business of BP.

3.2   Modification. No provision of this Indemnity Agreement may be changed unless the change is set forth in a written amendment to this Indemnity Agreement signed by the Parties.

3.3   No Waiver. If a Party waives compliance with any term or condition of this Indemnity Agreement, it shall be not deemed a waiver of any other right, nor to permit less than strict compliance with any term or condition on any future occasion.

3.4   Governing Law. This Indemnity Agreement shall be governed by and construed in accordance with the law of the State of Louisiana without reference to its conflict of laws principles. The Parties agree that any claim, action, proceeding or suit related to or arising from this Indemnity Agreement shall be subject to the jurisdiction of the United States District Court for the Eastern District of Louisiana, to which the Parties irrevocably submit.

3.5   Notices. All notices and correspondence required to be given by this Indemnity Agreement shall be delivered by hand or certified mail, return receipt requested and postage pre-paid, or by a nationally recognized courier service, or by facsimile transmission, and be addressed as follows:

If to BP:

Mark Holstein
BP Legal
501 Westlake Park Boulevard
Houston, Texas  77079
Tel.: 281-366-8895
FAX: 281-366-5901

If to Reitano:

Christine Reitano
Sutton and Reitano
935 Gravier St., Suite 1910
New Orleans, LA  70112
Ph: 504-592-3230
Email: reitanoc@aol.com

3.6   Counterparts. This Indemnity Agreement may be executed in one or more counterparts which taken together shall constitute one single agreement between the Parties.

*[SIGNATURE PAGE FOLLOWS]*

IN WITNESS WHEREOF, the Parties have caused this Indemnity Agreement which shall be effective on the date first above-written, to be executed on their behalf by the undersigned duly authorized individuals.

**BP Exploration & Production Inc.**

By: _/s/ Maria T. Travis_
Signature

Maria T. Travis
Printed Name

Vice-President
Printed Title

8-6-12
Date

**Christine Reitano**

By: _/s/ Christine Reitano_
Signature

Christine Reitano
Printed Name

Claims Counsel
Printed Title

8/19/12
Date