**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Barbier |
| Case Nos. 10-2771, 10-4182, 10-4183, 13-02645, 13-cv-02646, 13-cv-02647, 13-cv-02813 | * * * | Magistrate Judge Shushan |

_____

**AGREED STIPULATION AND ORDER REGARDING TRANSOCEAN'S PARTICIPATION IN THE ALABAMA COMPENSATORY TRIAL**

On July 16, 2014, the Court entered an order regarding the preparation of Alabama's compensatory damage claims under OPA (excluding natural resource damages) and general maritime law for trial.  *See* MDL 2179 Doc. 13149.  This trial, together with all pre-trial proceedings, post-trial proceedings, appellate proceedings, and other proceedings that determine Alabama's compensatory damages claims under OPA (excluding natural resource damages) and general maritime law shall be described as "the Alabama Compensatory Trial" for purposes of this Agreed Order and Stipulation.  The Court's July 16, 2014 order excluded from the Alabama Compensatory Trial Alabama's claims for natural resource damages under OPA, *see* 33 U.S.C. §2702(b)(2)(A), and its claims for punitive damages under general maritime law, reserving those claims for trial in subsequent proceedings.

In order to streamline the Alabama Compensatory Trial and subject to the approval of the Court, the State of  Alabama, BP,[1] Transocean,[2] Halliburton Energy Services Inc., Anadarko,[3]

_____

[1] "BP" refers to BP Exploration & Production Inc. and BP America Production Company.

and MOEX[4] (collectively "the Parties") have agreed to the following stipulations for purposes of

the Alabama Compensatory Trial:

1.    Transocean shall be excused from participating in the Alabama Compensatory Trial and shall not participate in pretrial discovery or other pretrial proceedings leading up to the Alabama Compensatory Trial.

2.    Transocean will not contest in this case, subsequent cases, or any other proceeding the determination in the Alabama Compensatory Trial of the amount of compensatory damages under OPA (excluding natural resource damages) and general maritime law.

3.    Notwithstanding paragraph 2, Transocean will not be bound by any determination of Alabama's compensatory damages under OPA and/or general maritime law where such determination is made by and/or results from a settlement to which Transocean is not a party.

4.    The State of Alabama agrees and acknowledges that the amount of compensatory damages awarded in the Alabama Compensatory Trial shall constitute full, complete, and total satisfaction of the State of Alabama's compensatory damages claims against Transocean under OPA (excluding natural resource damages) and general maritime law.

5.    The State of Alabama will not seek, accept, or attempt to recover from Transocean, in this case, subsequent cases, or any other proceeding, any compensatory damages under OPA (except natural resource damages) and under general maritime law, other than the amount of compensatory damages awarded in the Alabama Compensatory Trial.  In the event that the State of Alabama is or becomes the beneficiary of any judgment, decision, award, or settlement that would provide it with compensatory damages under OPA (except natural resource damages) or under general maritime law other than the amount awarded in the Alabama Compensatory Trial, the State of Alabama agrees that it shall not accept, execute on, attempt to collect, or otherwise seek recovery of the compensatory damages provided by such judgment, decision, award, or settlement from Transocean.

6.    The State of Alabama represents and covenants that it has not assigned any of its claims against Transocean for compensatory damages under OPA or general maritime law to any other person or entity, including any other government entity.  The State of Alabama shall not assign or attempt to assign to any person or entity, including any government entity, its claims against Transocean for compensatory damages under OPA (excluding natural resource damages) or general maritime law unless the assignee expressly agrees in writing to be bound by the terms of this Agreed Stipulation and Order.  Any assignment or attempt to assign the State of Alabama's claims against Transocean for compensatory damages under OPA

---

[2] "Transocean" refers to Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.

[3] "Anadarko" refers to Anadarko Petroleum Corp. and Anadarko E&P Company LP

[4] "MOEX" refers to MOEX Offshore 2007 LLC and MOEX USA Corp.

(excluding natural resource damages) or general maritime law without the express written agreement of the assignee to be bound by the terms of this Agreed Stipulation and Order shall be void, invalid, and of no force and effect.

7.     The issues to be tried in the Alabama Compensatory Trial will <u>not</u> include and Transocean shall not be bound by any finding as to:

    a.     What portion (if any) of Alabama's damages awarded in the Alabama Compensatory Trial were caused by the discharge of diesel or other materials stored or otherwise present on the *Deepwater Horizon*;

    b.     What portion (if any) of Alabama's damages awarded in the Alabama Compensatory Trial were caused by the discharge of hydrocarbons that occurred prior to the sinking of the *Deepwater Horizon* on April 22, 2010;

    c.     What portion (if any) of Alabama's damages awarded in the Alabama Compensatory Trial were caused by any negligent, reckless or intentional misconduct by BP in connection with source control efforts or dispersant use;

    d.     Whether Alabama's damages were caused by gross negligence, or willful misconduct or the violation of an applicable Federal safety, construction, or operating regulation by Transocean, an agent or employee of Transocean, or a person acting pursuant to a contractual relationship with Transocean for purposes of determining the limit on any liability Transocean may have under OPA, 33 U.S.C. § 2704(c)(1);

    e.     Whether Transocean is an "operator" of the Macondo well for purposes of the exception to OPA liability limits set forth in 33 U.S.C. § 2704(c)(3);

    f.     Any claim for punitive damages that Alabama has against Transocean; and

    g.     Other than the determination in the Alabama Compensatory Trial of the amount, if any, of compensatory damages under OPA (excluding natural resource damages) and general maritime law as provided in Paragraph 2, contribution, allocation, or other similar concepts between and among BP, Transocean, Halliburton, Anadarko, and/or MOEX as to Alabama's claimed damages.

8.     By agreeing not to contest the amount of compensatory damages determined by the trier of fact, as set forth in Paragraph 2 above, Transocean does not waive any of its rights to litigate any legal defenses it may have to Alabama's claims under OPA or general maritime law, including, but not limited to, its right to challenge, through pending or future motions in the trial court or on appeal, (a) whether Alabama may pursue claims for compensatory or punitive damages against Transocean under general maritime law, (b) whether the amount of damages determined in the Alabama Compensatory Trial may be used as a basis for determining the allowable ratio between compensatory and punitive damages under general maritime law, and/or (c) whether or to what extent Alabama may pursue OPA claims against Transocean

as a responsible party for discharge on or above the surface of the water.

9.    Although Transocean shall be excused from participating in the Alabama Compensatory Trial and shall not participate in pretrial discovery or other pretrial proceeding as set forth in Paragraph 1 above, the Parties to the Alabama Compensatory Trial shall serve Transocean with the following documents served or filed in the Alabama Compensatory Trial: (a) written discovery requests and responses; (b) any documents produced in response to any discovery requests; (c) expert reports; and (d) any pretrial and post-trial pleadings or other filings, including filings made under seal. To the same extent as the Parties to the Alabama Compensatory Trial, Transocean shall receive or be entitled to obtain all trial transcripts, trial exhibits, and trial demonstratives, and Transocean shall be entitled to purchase copies of all deposition transcripts, from the Alabama Compensatory Trial.

10.   Transocean may request reconsideration of its being excused from the Alabama Compensatory Trial if subsequent rulings or facts come to light showing Transocean has interests in this case that are inconsistent with those of BP or that are not being adequately pursued by BP.

11.   This Agreed Stipulation and Order is premised on all of Alabama's compensatory damages claims under OPA (excluding natural resource damages) and general maritime law being determined in the Alabama Compensatory Trial.  If (1) compensatory damages claims other than natural resource damages are excluded from the Alabama Compensatory Trial, or (2) natural resource damages or punitive damages become a part of the Alabama Compensatory Trial, then this Agreed Stipulation and Order shall become null and void, without prejudice to the parties negotiating another agreed stipulation and order to streamline the trial.  If this Agreed Stipulation and Order becomes null and void pursuant to this paragraph, the Parties agree that Transocean shall be provided with sufficient time to prepare for the Alabama Compensatory Trial such that it will not be prejudiced by the termination of this Agreed Stipulation and Order.

12.   Notwithstanding anything in this Agreed Stipulation and Order, all parties reserve, and do not waive, their rights regarding (i) whether Alabama's claims against the defendants should be tried to the bench or a jury; (ii) the argument that if Alabama's claims are tried to a jury, then all claims triable to a jury must be tried to the same jury under the Seventh Amendment; (iii) the application in general of the Re-Examination Clause of the Seventh Amendment; and (iv) venue for the Alabama Compensatory Trial.  The Parties further reserve all of their rights regarding natural resource damages and punitive damages.

13.   This stipulation shall not prejudice any of the Parties with respect to discovery or trial rights in any other proceedings before this Court.

IT IS SO ORDERED.

Date: November __, 2014

_____
**Sally Shushan**
**United States Magistrate Judge**

So Stipulated for the State of Alabama:

LUTHER J. STRANGE
*Attorney General*

 /s/ Corey L. Maze_____
COREY L. MAZE
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email:  cmaze@ago.state.al.us

Attorneys for the State of Alabama


So Stipulated for Transocean:

By: /s/ Brad D. Brian                                   By: /s/ Steven L. Roberts
Brad D. Brian                                               Steven L. Roberts
Michael R. Doyen                                         Sean Jordan
Grant Davis-Denny                                       SUTHERLAND ASBILL & BRENNAN LLP
Daniel B. Levin                                             1001 Fannin Street, Suite 3700
MUNGER TOLLES & OLSON, LLP          Houston, TX  77002
355 So. Grand Avenue, 35th Floor             Tel: (713) 4710-6100
Los Angeles, CA  90071                             Fax: (713) 354-1301
Tel: (213) 683-9100                                     Email:  steven.roberts@sutherland.com
Fax: (213) 683-5180                                                  sean.jordan@sutherland.com
Email:  brad.brian@mto.com
            michael.doyen@mto.com
            grant.davis-denny@mto.com
            daniel.levin@mto.com

By: /s/ Kerry J. Miller
Kerry J. Miller
FRILOT, LLC
1100 Poydras Street, Suite 3800
New Orleans, LA  70163
Tel: (504) 599-8194
Fax: (504) 599-8154
Email:  kmiller@frilot.com

So Stipulated for BP:

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter LLP
555 12th Street, N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

/s/ J. Andrew Langan, P.C.
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
R. Chris Heck
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (312) 862-2200