## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| | * | |
| No. 12-970 and All Cases | * | MAGISTRATE SHUSHAN |
| | * | |

## <u>ORDER</u>
### [Denying BP's Motion to Remove the Claims Administrator (Rec. Doc. 13370)]

Before the Court is BP's Motion to Remove the Claims Administrator. (Rec. Doc. 13370) For the following reasons, and the reasons more extensively set forth in the opposition memorandum filed on behalf of Claims Administrator Patrick Juneau (Rec. Doc. 13497), the Court denies BP's motion and declines to remove the Claims Administrator.[1]

1. In the current motion to remove Mr. Juneau, BP argues that Mr. Juneau is subject to the same recusal rules as a federal judge or Rule 53 special master. This argument is not persuasive. Mr. Juneau's appointment was not made pursuant to Rule 53. Instead, he was appointed as a claims administrator in accordance with a privately negotiated Settlement Agreement. Therefore, Rule 53 is inapplicable and did not require Mr. Juneau to provide an affidavit disclosing possible grounds for disqualification. Notably, in an earlier memorandum filed in this case, BP itself pointed out why Mr. Juneau is <u>not</u> a special master under Rule 53. (Rec. Doc. 9119 at 8-9, April 4, 2013)

2. It is beyond cavil that BP had <u>actual</u> knowledge of Mr. Juneau's previous consulting work

---

[1] Class Counsel also filed an opposition to BP's motion. (Rec. Doc. 13496)

on behalf of the State of Louisiana following the April 2010 oil spill.  Mr. Juneau himself disclosed this information to BP and at least six of its attorneys or representatives before he was selected by the parties.  BP's own submissions evince that this information was discussed during one or more of the vetting sessions that Mr. Juneau underwent before he was selected by the parties.  (Exh. 18 to BP Motion)

3.  BP's motion is untimely under any circumstances.  Even assuming that Mr. Juneau was somehow subject to a motion to disqualify under 28 U.S.C. 455 (which applies to judges), the Fifth Circuit requires such a motion to be filed at the earliest moment that a party has knowledge of facts that might cause disqualification.  *See Hirczy v. Hamilton*, 190 F. App'x 357, 360 (5th Cir. 2006). A party cannot wait until after an adverse decision has been made by the judge before raising the issue of recusal.  *Id.*

4.  Mr. Juneau did not give false or misleading statements to Special Master Freeh.  The statement that BP relies upon is taken out of context in a much longer sworn statement or interview. Mr. Freeh was investigating alleged misconduct by a staff attorney at the DHECC, and the question to Mr. Juneau was simply "when were you appointed" as claims administrator.  In its proper context, Mr. Juneau's statement merely confirmed that he did not represent any party in MDL 2179, which was true.  Mr. Freeh was not investigating or asking Mr. Juneau about his previous consulting work for the State of Louisiana, which, as noted, was well known by BP and its representatives.

5.  As the Administrator of a large and complex settlement program which is designed to

assist claimants to achieve the best claim determination for which they are eligible, Mr. Juneau does not labor under the same restrictions against public statements that a judge must adhere to.  In fact, Mr. Juneau's position often requires him to speak out publicly in order to explain the settlement to the public and potential claimants.  He also has the right to speak in order to respond to what he considers to be unfair or unwarranted criticism.  Unlike a judge, who can speak from the bench in open court or through written opinions, Mr. Juneau has no such vehicles available.

6.  The remaining matters raised by BP in its motion are mostly a regurgitation of old issues or complaints that the Court or Special Master has previously addressed.  None are grounds for removal of Mr. Juneau.  The only "new" allegation is that Mr. Juneau improperly expedited the processing of claims on behalf of clients represented by the PSC.  It is true that, as the parties were approaching the final fairness hearing in November 2012, there was a concerted effort by the parties and claims facility to process a substantial number of high value claims in order to demonstrate that the settlement program was working as intended.   Some have referred to this effort as "sampling", but that is probably a misnomer.  There was no formal or technical "sampling", but BP and Class Counsel were aware of the push to resolve claims, as was the Court.  Although some of these claims were for clients of PSC members, according to Mr. Juneau over 60% of the claims were for clients of non-PSC attorneys, including some of the objectors to the settlement.  While the Settlement Agreement in general terms provides that claims will be processed in the order in which they are received, there are many circumstances which require exceptions, and there is no evidence that the Claims Administrator acted improperly in this regard.

7.  Finally, the Court must address BP's attempt to "supplement" evidence in support of its motion.  On September 8, 2014 the Court issued an order which provided that any reply by BP "shall be filed not later than Wednesday, October 29, 2014, and shall not exceed 10 pages.  **No new or additional exhibits shall be included in BP's reply**." (Rec. Doc. 13368) (emphasis added)  On October 29, BP filed a ten-page reply memorandum in apparent compliance with the Court's previous order.  At the same time, however, BP filed a "Motion to Supplement" containing an additional seven pages of argument and 200 pages of new exhibits.[2] (Rec. Doc. 13573) Regrettably, this is not the first time that BP has attempted to flout this Court's briefing orders.  There is no reason why BP could not have obtained its "new" evidence before filing its Motion to Remove the Claims Administrator.   Further, the alleged "new" evidence does nothing to change the essential facts set forth above that lead the Court to deny BP's Motion to Remove.

Accordingly,

IT IS ORDERED that

BP's Motion to Supplement (Rec. Doc. 13573) is DENIED;

BP's Motion to Remove the Claims Administrator (Rec. Doc. 13370) is DENIED.


New Orleans, Louisiana, this 10th day of November, 2014.

_____
United States District Judge

---

[2]  BP had already submitted over 1,000 pages of exhibits with its original Motion to Remove the Claims Administrator.