

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>**This Pleading Relates To**<br>• 10-4182 (*Alabama v. BP*)<br>• 10-4183 (*Alabama v. Transocean, et. al*)<br>• 13-2645 (*Alabama v. Anadarko & MOEX*)<br>• 13-2646 (*Alabama v. Transocean*)<br>• 13-2647 (*Alabama v. Halliburton*)<br>• 13-2813 (*Alabama v. BP*) | MDL No. 2179<br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

## STATE OF ALABAMA'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES, DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION, AND DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO THE STATE OF ALABAMA

Pursuant to the Court's orders and Federal Rules of Civil Procedure 26, 33, 34, and 36, the State of Alabama ("State") submits the following supplemental responses to Defendants' Second Set of Requests for Production, Second Set of Interrogatories, and First Set of Requests for Admission, which were served on September 3, 2014.

### SPECIFIC RESPONSES AND OBJECTIONS

The State responds as follows to the Defendants' specific interrogatories and requests for production, subject to and without waiving the State's general objections, *see infra* at pp. 36-47, each of which is specifically and fully incorporated into each of the individual responses below.

1

**INTERROGATORY NO. 22**:

 To the extent the State of Alabama contends that any Defendant is not entitled to an offset for the State of Alabama's economic losses resulting from the Oil Spill based on payments or contributions BP or any other person or entity made to the State of Alabama in relation to the Oil Spill, provide a detailed description supporting your contention, including, but not limited to, which payments or contributions Alabama contends not to constitute an offset, the value of these payments or contributions, the date of these payments or contributions, the recipient of these payments or contributions, the designated use of the payments or contributions, and the alleged reasons why the payments or contributions do not qualify as an offset to the State of Alabama's economic losses.

**OBJECTIONS**:

 The State objects to Interrogatory #22 because Defendants fail to define the term "offset." The State cannot speculate on Defendants' intended usage of "offset," and Defendants have failed to define this term in response to the State's inquiries regarding the Defendants' "affirmative defense" of offset.

 The State objects to Interrogatory #22 to the extent that it requests the State to produce a legal conclusion and/or conduct legal research that Defense counsel can conduct.

 The State objects to Interrogatory #22 to the extent the State was either not a party to the instances referenced above, or to the extent the requested information exists beyond the control and custody of the State.

 The State objects to Interrogatory #22 as the Request seeks to impermissibly shift the Defendants' affirmative defense burdens to the State.

**RESPONSE**:

 Subject to and without waiving its specific and general objections, the State responds as follows:

 The State cannot respond to Defendants' Interrogatory #22 at this time because Defendants failed to define the term "offset" and failed to properly answer the State's

11

Interrogatory #13 (served on July 14, 2014), which requested Defendants to identify those payments for which Defendants claimed an offset.

The State reserves all arguments and defenses to Defendants' claims and/or affirmative defenses regarding offsets, set-offs, recoupments, credits, and/or any other reduction of the State's recovery.

**SUPPLEMENTAL RESPONSE:**

For the purposes of this response, Alabama uses the term "offset" or "set-off" to mean any monetary reduction of the trier of fact's judgment of Alabama's damages claims. This includes, but is not limited to, a counterclaim based on an allegation that the State violated the terms of a grant or other monetary agreement with any Defendant. This also includes, but is not limited to, a claim that Defendants may subtract the amount of any Defendant's expenditures in Alabama from the trier of fact's judgment of Alabama's damages claims as a form of credit.

The State cannot properly respond to Defendants' Interrogatory #22 at this time because BPXP has failed to properly answer the State's Interrogatory #13 (served on July 14, 2014), which requested Defendants to identify those payments for which Defendants claimed an offset. By way of example, but not limitation, in its Supplement Response to Alabama's Interrogatory #13, BPXP claims that it "may apply as an offset to the State's economic losses … approximately $1.8 billion to individuals and businesses in Alabama through various claims processes, and [] approximately $115 million in government payments to Alabama." BPXP does not list the recipients of these payments, the date of these payments, or the value of the individual payments. Accordingly, while the State can generally state that it objects to the usage of any third-party payment as a set-off of the State's damages award, the State cannot comply with your request to give a "detailed description" of its objection because the State cannot detail the recipient or date

12

of these payments or contributions, nor can we detail the designated use of a payment or contribution.

The State reserves all arguments and defenses to Defendants' claims and/or affirmative defenses regarding offsets, set-offs, recoupments, credits, and/or any other reduction of the State's recovery. These arguments and defenses include, but are not limited to, (a) the State has not waived its sovereign immunity against claims for set-off, (b) Defendants waived the right to claim a set-off, and (c) double-counting.

**SECOND SUPPLEMENTAL RESPONSE:**

For the purposes of this response, Alabama uses the term "offset" or "set-off" to mean any monetary reduction of the trier of fact's judgment of Alabama's damages claims. This includes, but is not limited to, a counterclaim based on an allegation that the State violated the terms of a grant or other monetary agreement with any Defendant. This also includes, but is not limited to, a claim that Defendants may subtract the amount of any Defendants' expenditures in Alabama from the trier of fact's judgment of Alabama's damages claims as a form of credit.

In response to Alabama's Motion to Compel a response to Alabama's Interrogatory #13, BPXP identified the following five grants as the basis of its set-off claims and defenses:

- The $25 million grant provided to Alabama in May 2010 and produced at BP-HZN-ALO01278889;

- The $25 million grant provided to Alabama in June 2010 and produced at BP-HZN-ALO01280259;

- The $12 million grant provided to the Alabama Department of Mental Health in August 2010 and produced at BP-HZN-ALO01029947;

- The $15 million grant provided to Alabama in May 2010 for the promotion of tourism and produced at BP-HZN-ALO00089636; and,

- The $16 million grant provided to Alabama in March 2011 for the promotion of tourism and produced at BP-HZN-ALO00050583.

MDL 2179 Rec. Doc. 13595 at 2-4 (filed Oct. 31, 2014). The State's response to Defendants' Interrogatory #22 is based upon the State's understanding that the five grants listed above provide the sole and exclusive basis of Defendants' set-off claims and defenses.

  A) <u>Identification of Challenged Set-offs</u>:  The State intends to challenge Defendants' use of each of the five grants listed above as a set-off.

  B) <u>Value of Challenged Set-offs</u>:  The value of each of the challenged set-offs is listed above.

  C) <u>Date of Challenged Set-offs</u>:  The first $25 million grant is dated May 10, 2010. The second $25 million grant is dated June 11, 2010. The $12 million grant provided to the Alabama Department of Mental Health was signed by Alabama officials on August 20, 2010 and BPXP's President on August 27, 2010. The $15 million grant for the promotion of tourism is dated May 25, 2010. The $16 million grant for the promotion of tourism is dated March 7, 2011.

  D) <u>Recipient and Designated Use of Challenged Set-offs</u>:  The State has provided an accounting of each of the five grants in response to Defendants' Interrogatory #14.

  E) <u>Description of Contentions</u>:  The State intends to challenge the use of the five grants listed above as a set-off on several grounds, including but not necessarily limited to:

  a. BP waived the right to use the above-listed grants as a set-off.

  b. The State's sovereign immunity precludes any set-off claim or defense.

  c. Defendants cannot receive a credit against the claims at issue in this phase of Alabama's case because the funds provided by the five grants listed above were used to recoup costs and losses that are not at issue in this phase of Alabama's case.

d.  Evidence of the State's disbursement of the grants listed above is irrelevant to the claims at issue in this phase of Alabama's case because the funds provided by these grants were not used to recoup the costs and losses at issue in this phase of Alabama's case.

e.  None of the above-listed grants imposed a duty upon the State to mitigate the losses and/or costs associated with the claims at issue in this phase of the State's case.

f.  Alabama has not violated any duty arising from the above-listed grant agreements.

g.  Application of the above-listed grants as mitigation evidence, a credit, and/or as a counterclaim would amount to double counting.

[redacted]