UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | ) ) ) ) ) | MDL NO: 2179 SECTION: J |
| Relates to: 2:14-cv-657 | ) ) ) ) ) | Judge Barbier Mag. Judge Shushan |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CONDUCT AND/OR LIFT STAY OF DISCOVERY, AND MOTION TO ENJOIN THE PAYMENT OF ATTORNEY FEES PENDING FINAL DISCOVERY AND CLAIM/LIEN FILING**

COMES NOW, Defendants Downs Law Group, P.A., Craig T. Downs, Jeremy D. Friedman, and Daniel Perez, by and through undersigned counsel, and hereby files their Response in Opposition to Plaintiff's Motion to Conduct and/lift stay of Discovery and Motion to Enjoin the Payment of Attorney Fees pending final discovery and claim/lien filing and in support would state as follows:

This is a case involving a one count complaint alleging multiple theories of liability filed on March 21, 2014. The Plaintiffs appear to be alleging in "Count One" the following: Breach of Joint Venture and Fiduciary Duty. They then also alleged a second "Count One" where they claim the same count includes Unfair Trade Practices and Fraud. (Dkt. 1, Case 2:14-cv-00657)

In response to the Complaint, on April 25, 2014 the Defendants jointly filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6). The Defendants alleged that venue is improper based on a forum selection clause. The Defendants further alleged that the court lacks personal jurisdiction over the individual Defendants. Finally, the Defendants alleged that the Plaintiffs failed to state a cause of action in "Count One" of their Complaint. The court has yet to rule on this Motion and it remains pending.

Now, the Plaintiffs request that this court allow them to conduct discovery in order to obtain the information required to file a valid lien with the Claims Administrator for the Medical Benefits Class Action Settlement Agreement.  They further ask that the court order the Claims Administrator to withhold distribution of any monies to the Defendant Downs Law Group, P.A., until such time that it conducts complete discovery as to its lien *and* until it decides to file one, if ever.

However, as more fully set forth below, the Plaintiffs provide no legal or factual support for the relief request.  As such, the Plaintiffs' Motion should be denied in its entirety.

### *I.  The Plaintiffs have misstated the pleadings filed in the case*

At the outset, the court should be made aware that the Plaintiffs have misstated the pleadings filed in this case.  As clearly evidenced by the docket herein, the only response filed to the Plaintiffs' complaint is a Joint Motion to Dismiss for improper venue and lack of personal jurisdiction. (Dkt. 12729).  The Plaintiffs state in their Memorandum of law in support of their Motion for Discovery that the Defendants in fact filed response to the Complaint, an "Answer and Affirmative Defenses and Motion to Dismiss Counts II and III, and Counterclaim." (Dkt. 13619) The Defendants contend this is a false statement calculated to give to the appearance that the Defendants have waived arguments concerning venue and personal jurisdiction.

As clearly shown by the docket, there was no answer filed in this case nor was there ever a counterclaim filed.  In fact, there is not even a Count II and III alleged in the Complaint.  Rather, the Defendants attached state court pleadings in Case No. 13-039679 CA 01 from Miami-Dade County Circuit Court which supported the fact that the Plaintiffs filed a claim based on the same or similar facts and alleged that venue was proper in *that court* due to an exclusive forum selection clause in the agreement between the parties.  The Defendant's answer was attached to demonstrate that this fact was admitted and thus accepted by the court.  As such, any argument that the filing of an Answer and Counterclaim in this case would permit the Plaintiffs to conduct

the requested discovery must be rejected.

## II. Discovery should be stayed until the Court rules upon the Defendants' Rule 12(b)(2) and (b)(3) motion to dismiss

"Courts in this district are accorded the discretion to stay discovery where the disposition of a motion to dismiss might preclude the need for the discovery entirely." *See Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). "In determining whether a stay of discovery is appropriate, courts are to balance any harm produced by a stay against the possibility that a motion to dismiss would be granted." *See Dresser v. MEBA Medical and Benefits Plan*, 08-2662, 2008 U.S. Dist. LEXIS 55356, 2008 WL 2705584 (E.D. La. July 10, 2008). "Courts have recognized that a stay of discovery may be warranted while issues of jurisdiction remain to be resolved." *Kennedy v. McCormick, v. Ferry*, No. 12-cv-00561-REB-MEH, 2012 U.S. Dist. LEXIS 72967, 2012 WL 1919787, at (D. Colo. May 24, 2012) (unpublished) (citing *Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005)).

In the instant matter, a stay of all discovery is and remains proper. The Plaintiffs and the corporate Defendant, Downs Law Group, P.A., entered into an Attorney's Participation Agreement in August, 2012. According to the agreement, the Plaintiffs agreed to assist "certain clients" of the Defendants concerning an objection they were going to file as to the class action settlement. In the event the objection was successful and the Defendant was awarded attorneys fees as a result, the Plaintiffs would be entitled to 10% of those fees. The Plaintiffs worked on the objection from August, 2012 through November, 2012.[1] In January, 2014, the court overruled the objection of these certain clients. All work at that point by the Plaintiffs pursuant to the agreement had been completed.[2]

---

[1] They further filed a notice of appearance in the matter for purposes of the objection on behalf of specified clients of the Defendant Downs Law Group, P.A.

[2] One of the Plaintiffs, Jason Melancon, thereafter agreed to assist the Defendant Downs by filing a Notice relating to an Appeal prepared by the Defendant. No brief was ever filed as the appeal was dismissed in July, 2013.

The Plaintiffs, thereafter filed a Complaint in Miami-Dade County circuit court pursuant to Case No. 13-039679 CA 01 alleging breach of the Attorneys Participation Agreement and related causes of action. The Plaintiffs alleged that the Defendant Downs breached the agreement, including a breach by non-parties to the agreement, because they failed to pay them attorneys fees for "all" clients of Downs Law Group, P.A.[3] Significantly, in the complaint, they alleged that venue was proper due to the venue clause in the agreement.[4] The Defendant Downs Law Group, P.A. answered the complaint and admitted in its initial pleading that venue was in fact proper. Based on the allegation and admittance by the Defendant, venue in Miami-Dade County, Florida was accepted by the court.

The parties then engaged in substantial discovery in a short period of time including depositions, interrogatories, requests for production, requests for admissions and subpoenas. However, at a hearing in front of the presiding judge, the court pointed out that the agreement clearly appeared to only apply to "certain clients" as the agreement is very specific in its language, not "all" clients as claimed by the Plaintiffs.

Shortly thereafter, the Plaintiffs withdrew their claims filed in the state court action, and filed a new complaint in the instant matter. The new complaint appears to allege that the Plaintiffs are due to be paid for "all" clients of Downs Law Group, P.A. regardless of whether the Plaintiffs performed any work on their behalf. The complaint herein even goes so far as to ask the court to have the Plaintiff be declared counsel for all of the Defendant's clients (apparently without consent of the actual clients) and that they should be paid 100% of the fees notwithstanding that

---

[3] The allegation of failure to pay them was made even though no monies had been distributed to Downs Law Group as to any medical benefits client as of the date of filing of the Complaint.

[4] The venue clause at issue in the agreement is found in paragraph nine which states as follows: GOVERNING LAW/JURISDICTION This agreement shall be governed by and interpreted under the laws applicable in the state of Florida. All parties to this Agreement, hereby submit to the jurisdiction of all courts located in Miami-Dade County, Florida with respect to any action or proceeding arising out of this Agreement and hereby waive any venue or other objection which it may have to any such action or proceeding being brought in any court located in Miami-Dade County, Florida.

all the work was performed by the Defendants.

As stated above, in response to these claims, the Defendants assert that the court should honor the agreement between the parties and enforce the venue clause. The court should further dismiss the claims as to the individual defendants as the court lacks jurisdiction over these individuals.

Based on the above, there should be no discovery granted to the Plaintiffs until such time that the court rules upon the Rule 12(b)(2) and Rule 12(b)(3) Joint Motion to Dismiss. The issues raised in this motion clearly would preclude the need for any discovery in this matter by the Plaintiffs. If the court finds that venue is proper in Miami-Dade County, Florida, where the Plaintiffs originally filed and both parties and thus the court declared the clause to be enforceable, then any such discovery herein would be rendered moot as such a ruling would dispose of the entire action. .*Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). [5][6] Upon re-filing in the proper court, i.e. Miami-Dade County, Florida, they would be permitted to seek permitted discovery therein.

### III.  The Plaintiffs fail to advise the court what discovery is needed to preserve their lien rights

The Plaintiffs request that the court permit discovery to occur related to suit no. 14-cv-657. As stated above, the agreement states that the Plaintiffs will assist with õcertain clientsö in filing an objection. That work was completed in December, 2012 and their representation ceased. Now the Plaintiffs apparently claim they are entitled to recover attorneys fees for all clients of the Defendant Downs Law Group, P.A. even though the work was not performed.

They fail however to advise the court in their motion what specific information they will

---

[5] Should this occur, in order to preserve any liens that they have they certainly can get relief from the proper court and/or continue pursuit of discovery therein as they were doing before the abruptly changed course.

[6] Similarly, if the court determines that it lacks personal jurisdiction over the individual Defendants, discovery would likewise be rendered moot as any such discovery could be continued in a subsequent state court action in Miami-Dade County, Florida, where this action originally was filed and should have remained.

be seeking in regards to this discovery.  The Plaintiffs attach a letter from the Claims Administrator which states that in order to file a lien the names, dates of birth, social security numbers and SPC Numbers if available and supporting documentation for these items are required.

The Plaintiffs fail to set forth which clients they are seeking this information from of the Downs Law Group.  This is particularly important when the agreement limits their scope of work to only "certain" clients of the Downs Law Group, P.A, i.e. the ones that filed an objection with the court.  In addition, the disclosure of social security numbers of clients is a significant invasion of privacy.  There is no mechanism in place, nor one suggested by the Plaintiffs, to ensure that the privacy rights of the clients would be protected in disclosing this information to thereto.

In addition, ordering disclosure of this information could be requiring the disclosure of attorney-client and/or work product materials.  Some of these clients may have not even have made a claim as of yet.  To disclose the information of these clients before it is actually determined whether a claim can and/or will be filed would be extremely prejudicial to the rights of both the clients and the Defendants.

For this reason as well, without specifically defined parameters as to what information can be disclosed to the Plaintiffs for the purpose of filing of the lien and what information needs to remain confidential, the Motion should be denied.

### *IV.  There is no basis in law or in fact to withhold any payments from the claimants represented by Downs Law Group, P.A.*

The only valid basis to a support the filing of a lien with the claims administrator is pursuant to the Attorneys Participation Agreement.[7]  This agreement between the parties called for the Plaintiffs to provide services to "certain clients" of the Defendant Downs Law Group, P.A.

---

[7] The only other valid basis would be on a quantum meruit basis which the Plaintiffs have not alleged they are seeking in this case.

Those services were listed in the agreement and all specifically relate to an objection that was filed by some of the clients and ultimately overruled. The work of the Plaintiffs thus concluded in December, 2012. The fees of the Plaintiffs relate solely to the payment of attorneys fees received by the Defendant from the court or third parties for work related to the objection. The objections to the settlement agreement were unsuccessful and neither the Plaintiffs, nor the Defendants for that matter, are entitled to any attorneys fees related thereto.

Notwithstanding, along with discovery, the Plaintiffs are also asking the court, without any factual or legal support, to order that no "attorneys fees" should be distributed to the Defendant Downs Law Group, P.A. until "all" of the Plaintiffs' lien discovery is completed, at their discretion, and until the Plaintiffs decide to file a lien in the case, at its discretion. More importantly, the Plaintiffs are not simply asking the court to withhold monies that may be due to them. They are asking the court to order that monies that they would not be entitled to under any circumstance likewise be withheld. The Plaintiffs cite to no legal authority that would permit this remedy nor is there one under applicable law.

The Plaintiffs' request must be denied for several reasons. First, they are requesting that the court order the claims administrator to hold "all attorneys fees" due to Downs Law Group, P.A. The claims administrator is not holding or set to disburse any "attorneys fees" to the Defendant. Rather, upon acceptance of the claims filed by *clients* of Downs Law Group, P.A., the claims administrator will disburse such funds to the *clients*. There is no disbursement of "attorneys' fees" to the Defendant by the claims administrator. As such, ordering such relief would neither be legally proper nor make any practical sense.

Second, even if the claims administrator could withhold "attorneys fees" from the distribution due to the clients, there is no proper basis to withhold such fees until such time that the Plaintiffs "believe" they have completed their discovery. And, there is further no basis provided to withhold such fees until such time that the Plaintiffs file their lien. Pursuant to the

request of the Plaintiffs, if they decide *not* to file a lien because they ultimately realize they have no legal basis to do so, the requested relief would prevent the claims administrator from ever disbursing any monies at any time.

There is further no legal support provided by the Plaintiffs stating that a court can withhold all funds due based on an argument that the Plaintiffs "may" file a lien in the future if they in fact obtain the information that they believe will support it.  As such, until such time that the Plaintiffs properly effectuate their lien rights and thereby file the lien, the requested relief must be denied.

However, even if the court determined that funds due to the clients or "attorneys fees" should be withheld before even filing a lien, holding back "all" of them is improper and in direct contravention to Florida law.   As set forth in the Attorneys Participation Agreement, the Plaintiffs and the Defendant agreed that all matters regarding their fees would be determined pursuant to Florida law.   In *Adams, George, Lee, Schulte & Ward, P.A. v. Westinghouse Electric Corporation, et. al.,* 597 F. 2d. 570 (5th Cir. 1979) the court held that "under Florida law an attorney is not permitted to withhold payment to a client of his money over and above the maximum amount of the attorney's claim against the client." *See also Florida Bar v. Heller*, 248 So. 2d. 644 (Fla. 1961); *(Papi v. Cohen*, 611 S0. 2d. 616 (Fla. 4th DCA 1993) (holding that it was improper to freeze settlement funds while other claims remained).  The request made by the Plaintiffs seeks to withhold **all** monies due to be disbursed to the clients.  As the Plaintiffs under no circumstance is entitled to "all" of the monies due to the clients, or all of the attorneys fees due to the Defendant for that matter, the requested relief should easily be denied.

The agreement is clear that at best the Plaintiffs are entitled to a lien equivalent to **10%** of the attorneys fees recovered by Downs Law Group, P.A. from the clients.   Thus, if the court were to rewrite the agreement and strike the language that limits it to "certain clients" and  further

strike the language that limits it to attorneys fees recovered from the court or third parties from the objection, the Plaintiffs would be entitled to 10% of the 25% fee due to Downs Law Group, P.A.

For example, if a client is entitled to a recovery from the claims administrator of $10,000.00, the maximum amount due to Defendant would be $2,500.00 or 25%. As the maximum lien the Plaintiffs could assert pursuant to the Attorneys' Participation Agreement is 10% of the $2,500, the maximum lien that could be asserted by the Plaintiffs would be $250.00.

Put another way, as the lien asserted would be against client proceeds, the maximum amount of lien that the Plaintiffs would have against the client proceeds would be **2.5%**, i.e. 10% of 25%. The Plaintiffs are asking the court to withhold or freeze **100%** of the client proceeds, or possibly **25%** of the client proceeds which would relate to attorneys fees, when in fact at best they are entitled to only **2.5%**. As stated in *Adams, George, Lee, Schulte & Ward, P.A. v. Westinghouse Electric Corporation*, *et. al.,* 597 F. 2d. 570 (5th Cir. 1979), counsel is not permitted to assert a lien on client proceeds that exceeds the maximum amount due. As the lien rights under the agreement cap the maximum amount due at 2.5%, this court could not grant the relief requested by the Plaintiffs. For this reason, such a request must be denied.

For all the reasons stated above, the Defendants respectfully request that this court deny the Plaintiffs' motion in its entirety.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Notice of Appearance has been electronically filed with Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing to all parties of record on or about the date as set forth above.

I HEREBY CERTIFY that the above was sent via U.S. Mail on this 14th day of November, 2014 to: Jason L. Melancon, Suite B Baton Rouge, LA 70809 jason@melanconrimes.com.

>Jeremy D. Friedman, Esq.
>The Downs Law Group, PA
>3250 Mary Street, Suite 307
>Coconut Grove, FL 33133
>(305) 444-8226 (p)
>jfriedman@downslawgroup.com
>
>   /s/ Jeremy Friedman
>Jeremy D. Friedman
>Florida Bar # 134643