IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL NO. 2179 SECTION J |
| This document relates to: 10-4536. | * * * * | Honorable CARL J. BARBIER |
| | * * * * | Magistrate Judge SHUSHAN |

BP EXPLORATION & PRODUCTION INC.'S
FEDERAL RULE OF CIVIL PROCEDURE 12(C) MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS TO ESTABLISH AS A
<u>MATTER OF LAW THE MAXIMUM CWA PER-BARREL CIVIL PENALTY</u>

BPXP respectfully moves this Honorable Court to establish as a matter of law the maximum Clean Water Act per-barrel civil penalty applicable to the specific action to which this Motion relates:  *United States v. BPXP*, No 10-4536.  Granting this Motion is appropriate at this stage of the proceedings and will not delay trial.[1]

BPXP submits this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Partial judgment on BPXP's pleadings regarding the maximum CWA per-barrel civil penalty is appropriate because this is a purely legal issue.  *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998) ("Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain.").  As discussed in the attached Memorandum in Support, the Environmental Protection Agency ("EPA") and Coast Guard inflation regulations are *ultra vires* and therefore void because the authority to increase

---

[1] As undersigned counsel were in the process of finalizing this brief, the United States filed a competing motion.  No edits to this Motion or to the accompanying Memorandum were made in response to the filing by the United States. BPXP will respond to the United States' motion on the established schedule.

Clean Water Act Section 311(b)(7)(D), 33 U.S.C. § 1321(b)(7)D) civil penalties for inflation is reposed exclusively in the Attorney General of the United States pursuant to how the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, interacts with the Clean Water Act and other sources of law.  Additionally, for that reason and for others detailed in the Memorandum, BPXP has not received fair notice of the maximum CWA per-barrel civil penalty to which it could be subjected.  Furthermore, EPA and the Coast Guard — the two agencies that have increased the CWA per-barrel civil penalties for inflation — have not adopted procedurally valid inflation regulations because they did not put those regulations out for notice and comment, which voids those regulations even assuming either agency was found to have the authority to inflate the CWA per-barrel civil penalties in the first place.  Finally, regardless of whether any of the preceding arguments are adopted, at the very least BPXP could at most be subject under due process fair notice principles to the lesser of the two conflicting penalties (*i.e.,* $4,000 as adopted by the Coast Guard and not $4,300 as adopted by EPA).

      For all of these reasons, the EPA and Coast Guard inflation regulations are invalid and the United States' attempt in its complaint to recover CWA civil penalties against BPXP fails to state a claim upon which relief can be granted to the extent that such a claim relies on the flawed EPA inflation regulation.  *See, e.g.*, *United States v. Trucking Mgmt., Inc.*, 662 F.2d 36 (D.C. Cir. 1981) (affirming dismissal of government enforcement action for failure to state a claim).[2]  And several courts in this District have entertained and granted partial 12(c) motions.  *See, e.g.*, *Fitch v. Wells Fargo Bank, N.A.*, 709 F. Supp. 2d 510 (E.D. La. 2010) (Vance, J.); *Smith v. Lafarge N. Am.*, No.

---

[2] *See also id.* at 38 n.12 (noting history of Title VII enforcement powers being conferred on the Attorney General, shifting first to the EEOC, and then shifting back again to the Attorney General).  *Trucking Management* thus serves, in addition to the arguments made in the Memorandum, as another example of the pivotal point that agencies need to pay careful attention to which agency Congress has delegated enforcement authority.  EPA and the Coast Guard did not carefully attend to that question here in connection with CWA Section 1321(b)(7).

09-6382, 2010 WL 4924762 (E.D. La. Nov. 29, 2010) (Berrigan, J.); *Halmekangas v. State Farm Ins. Co.*, No. 06-3942, 2009 WL 361087 (E.D. La. Feb. 11, 2009) (Barbier, J.) (granting in part and denying in part Defendant's Motion for Partial Judgment on the Pleadings); *see also Lauderdale v. City of Arlington*, 58 F. App'x 596 (5th Cir. 2003) (per curiam) (affirming district court's grant of partial judgment on defendant's pleadings). Lastly, because BPXP simply asks this Court to pronounce as a legal matter on the applicable maximum CWA per-barrel civil penalty — the legal ceiling against which this Court must calibrate its decisions during the approaching Penalty Phase trial — BPXP's motion, which is in the nature of mounting a legal defense to the United States' penalty claims, is timely.

WHEREFORE, in consideration of this Motion and the accompanying Memorandum in Support, BPXP respectfully requests this Honorable Court grant BP's Rule 12(c) Motion for Partial Judgment on the Pleadings to Establish as a Matter of Law the Maximum CWA Per-Barrel Civil Penalty.

November 14, 2014

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia ("Carrie") Karis, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

Robert C. "Mike" Brock
Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000

Respectfully submitted,

  /s/ Don K. Haycraft
Don K. Haycraft (Bar # 14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.***

3

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of November, 2014.

/s/ Don K. Haycraft
Don K. Haycraft