UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG<br>"DEEPWATER HORIZON" in the<br>GULF OF MEXICO, on<br>APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL CASES IN PLEADING BUNDLE<br>SECTION III.B(3)* | MDL NO. 2179<br><br>SECTION: J<br><br><br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**PLAINTIFFS' STEERING COMMITTEE AND CLEAN-UP RESPONDER DEFENDANTS' JOINT REPORT REGARDING CLAIMANTS' COMPLIANCE WITH PRE-TRIAL ORDER NO. 57**

The Plaintiffs' Steering Committee (the "PSC") and the Clean-Up Responder Defendants,[1] through Plaintiffs' Co-Liaison Counsel and Defense Liaison Counsel, respectfully submit the following Joint Report pursuant to Pre-Trial Order No. 57 ("PTO 57"). (Rec. Doc 13158).

**COMPLIANCE WITH NOTICE REQUIREMENTS**

Upon issuance of PTO 57, and in accordance with the Court's instructions, the PSC and Defense Liaison Counsel took the following steps to notify both unrepresented Plaintiffs and Plaintiffs known to be represented by counsel.

Defense Liaison Counsel mailed PTO 57, the Form for Disclosures Clarifying the Basis for B3 Claims Against the Clean-Up Responder Defendants attached thereto (the "Questionnaire"), and the Notice approved by the Court (the "Notice") (collectively, "the

---

[1] The Clean-Up Responder Defendants are the following: O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

1

Protocol") to those Plaintiffs who purportedly opted out of the Medical Benefits Class Action Settlement (the "Settlement") and are not represented by counsel. Such Plaintiffs were identified in the exhibits to the Joint Filing of the Declaration of Matthew Garretson (Rec. Doc. 7989), unredacted copies of which were provided to the Clean-Up Responder Defendants following the Court's August 2, 2013 Order (the "Garretson exhibits"). (Rec. Doc. 10920).

The PSC emailed the Protocol to known counsel of record for Plaintiffs who joined in the First Amended Master Complaint in Accordance with Pretrial Order No. 11 Section III.B(3) ("Amended B3 Master Complaint") (Rec. Doc. 1812), filed an individual action against any Clean-Up Responder Defendant(s), and/or opted out of the Settlement.

In addition, Defense Liaison Counsel and the PSC requested that Epiq Systems, Inc. ("Epiq") mail the protocol to all Plaintiffs who identified themselves as B3 claimants in their Direct Filing Short Form and/or Plaintiff Profile Form filed pursuant to Pretrial Orders 24 and 25 ("B3 Joinder Plaintiffs"). (Rec. Docs. 982, 983). Defense Liaison Counsel and the PSC understand that Epiq mailed the protocol to 19,530 individuals.

**ASSESSMENT OF SWORN STATEMENTS RECEIVED PURSUANT TO PTO 57**

As of November 14, 2014, the PSC and Defense Liaison Counsel have received 102 Questionnaires pursuant to PTO 57. Exhibit 1 attached hereto provides a consolidated listing of all B3 Joinder Plaintiffs and Plaintiffs who filed exposure-based individual actions against the Clean-Up Responder Defendants who did not submit a Questionnaire. A list of all Plaintiffs who submitted a Questionnaire is attached as Exhibit 2.

The PSC and Defense Liaison Counsel have reviewed and assessed the Questionnaires received to date and have agreed to the following vis-à-vis compliance with PTO 57:

1. <u>Questionnaires Served Past the Deadline</u>: Five (5) Plaintiffs served their Questionnaires past the September 22, 2014 deadline established in PTO 57. None of these Plaintiffs were granted an extension pursuant to the Court's September 26, 2014 Order. (Rec. Doc. 13439). A list of these Plaintiffs is provided in Section A of Exhibit 2.

2. <u>Questionnaires Submitted by Clean-Up Workers Who Did Not Opt Out</u>: Thirty eight (38) Plaintiffs indicated on the face of their Questionnaires that they were (1) boat captains or crew members involved in the Vessels of Opportunity Program, (2) workers involved in decontaminating vessels that came into contact with oil and/or chemical dispersants, (3) vessel captains or crew members who were not involved in the Vessels of Opportunity Program but who were otherwise purportedly exposed during the post-explosion clean-up activities, and/or (4) clean-up workers or other beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones, or otherwise described themselves as clean-up workers as defined by the Settlement. (Rec. Doc. 6427-1, Sections II.Q, II.OOOO). As such, they are members of the Medical Benefits Settlement Class (the "Settlement Class"), as defined in Section I.A(1) of the Settlement which was approved by this Court (Rec. Docs. 8217 and 8218), and were required to formally Opt Out pursuant to the requirements of Section XI.E of the Settlement and Paragraph 29 of the Court's Preliminary Approval Order (Rec. Doc. 7989-24) in order to pursue an exposure claim against any Clean-Up Responder Defendant.[2] These 38 Plaintiffs did not, however, timely and properly Opt Out, as

---

[2] The Settlement provides that all Class members who do not timely and properly Opt Out of the Settlement shall be bound by its terms and shall be barred from asserting any "Released Claims" against any "Released Parties," including any "Other Released Parties." (Rec. Doc. 6427-1, Sections II.MMMM, III.ZZZ, XI.F). "Released Claims" are defined to include "all claims of any nature whatsoever in law or inequity, past and present, and whether known or unknown, suspected or claimed, relating to or arising under any federal, state, local, or international statute, regulation, or law (including admiralty claims, claims under maritime law, codal law, adjudication, quasi-adjudication, tort claims, contract claims, actions, causes of action, declaratory judgment actions,

confirmed by the Settlement Claims Administrator in the Declaration attached hereto as Exhibit 3.  A list of these Plaintiffs is also provided in Section B of Exhibit 2.

3. <u>Blank Questionnaires</u>:  Sixteen (16) Plaintiffs did not provide information in response to any of the 5 questions posed in the Questionnaire.  A list of these Plaintiffs is provided in Section C of Exhibit 2, which includes one Plaintiff also listed in Section A.  In addition, three of these Plaintiffs described themselves as residents who live in close proximity to coastal waters on the face of their Questionnaires and provided addresses that fall within the scope of either Zone A or Zone B, as defined by the Settlement  (Rec. Doc. 6427-1, Sections II.XXXX – AAAAA, Rec. Doc. 6427-11) ("Resident Plaintiffs").  The Settlement Claims Administrator has confirmed that these addresses fall within Zone A or Zone B in the Declaration attached hereto as Exhibit 3.  Based on the location of these addresses, and assuming timing and duration of residency requirements have been met

---

cross-claims, counterclaims, third-party claims, demands, and claims for damages, compensatory damages, liquidated damages, punitive damages, exemplary damages, multiple damages, and other noncompensatory damages or penalties of any kind, fines, equitable relief, injunctive relief, conditional or other payments or interest of any type, debts, liens, costs, expenses and/or attorneys fees, interest, or liabilities) that have been or could have been brought in connection with:  1) Personal injury or bodily injury (including disease, mental or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life), and any progression and/or exacerbation of personal injury or bodily injury, that first manifested by April 16, 2012, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, or wrongful death and/or survival actions as a result of such injury, progression, and/or exacerbation; and/or 2) Loss of support, services, consortium, companionship, society, or affection, or damage to familial relations arising out of any personal injury or bodily injury (including disease, mental or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life) to another person, and any progression and/or exacerbation of personal injury or bodily injury to another person, that first manifested by April 16, 2012, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, or wrongful death and/or survival actions as a result of such personal or bodily injury; and/or 3) Increased risk, possibility, or fear of suffering in the future from any disease, injury, illness, emotional or mental harm, condition, or death, in whole or in part arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT unless arising out of and pertaining to a LATER-MANIFESTED PHYSICAL CONDITION; and/or 4) Medical screening and medical monitoring for undeveloped, unmanifested, and/or undiagnosed conditions that may in whole or in part arise out of, result from, or relate to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT regardless of whether a MEDICAL BENEFITS SETTLEMENT CLASS REPRESENTATIVE or MEDICAL BENEFITS SETTLEMENT CLASS MEMBER timely makes any claim for benefits under this MEDICAL SETTLEMENT AGREEMENT."  (Rec. Doc. 6427-1, Section XVI.A).  All of the Clean-Up Responder Defendants are listed as "Other Released Parties" to the Settlement.  (Rec. Doc. 6427-8).

(*see* Rec. Doc. 6427-1, Section I.A, Rec. Doc. 8218 ¶ 2), these Plaintiffs are members of the Settlement Class, as defined in Section I.A(1) of the Settlement, and were required to formally Opt Out pursuant to the requirements of Section XI.E of the Settlement and Paragraph 29 of the Court's Preliminary Approval Order (Rec. Doc. 7989-24) in order to pursue an exposure claim against any Clean-Up Responder Defendant.  These three Plaintiffs did not, however, timely and properly Opt Out, as confirmed by the Settlement Claims Administrator in the Declaration attached hereto as Exhibit 3.  These three Plaintiffs are italicized in Section C of Exhibit 2.

4. <u>Incomplete Questionnaires</u>:  Thirty six (36) Plaintiffs provided information in response to some, but not all, of the five questions posed in the Questionnaire.  A list of these Plaintiffs is provided in Section D of Exhibit 2, which includes three Plaintiffs listed in Section A.  In addition, one of these Plaintiffs is a Resident Plaintiff and the Settlement Claims Administrator has confirmed that this Plaintiff's address falls within Zone A or Zone B in the Declaration attached hereto as Exhibit 3.  Based on the location of this address, and assuming timing and duration of residency requirements have been met (*see* Rec. Doc. 6427-1, Section I.A, Rec. Doc. 8218 ¶ 2), this Plaintiff is a member of the Settlement Class, as defined in Section I.A(1) of the Settlement, and was required to formally Opt Out pursuant to the requirements of Section XI.E of the Settlement and Paragraph 29 of the Court's Preliminary Approval Order (Rec. Doc. 7989-24) in order to pursue an exposure claim against any Clean-Up Responder Defendant.  This Plaintiff did not, however, timely and properly Opt Out, as confirmed by the Settlement Claims Administrator in the Declaration attached hereto as Exhibit 3.  This Plaintiff is italicized in Section D of Exhibit 2.

5. <u>Questionnaires Submitted With Written Responses to the Questions Posed in the Protocol</u>:  Eleven (11) Plaintiffs provided a written response to all 5 questions posed in the Questionnaire.  Based on the PSC and Defense Liaison Counsel's review of the Garretson exhibits and the Settlement's terms, these Plaintiffs either properly Opted Out or there is no indication that they are members of the Settlement Class.  A list of these Plaintiffs is provided in Section E of Exhibit 2.

## REQUEST FOR STATUS CONFERENCE

The PSC and Clean-Up Responder Defendants respectfully request a Status Conference with the Court to discuss procedures and next steps in connection with the B3 claims in this litigation.

November 14, 2014                                                           Respectfully submitted,


/s/ Stephen J. Herman                                                    /s/ James Parkerson Roy
Stephen J. Herman (LA # 23129)                                James Parkerson Roy (LA # 11511)
HERMAN HERMAN & KATZ LLP                                 DOMENGEAUX WRIGHT & EDWARDS, LLC
820 O' Keefe Avenue                                                   556 Jefferson Street, Suite 500
New Orleans, LA 70113                                               Lafayette, LA 70501
Telephone: (504) 581-4892                                          Telephone: (337) 233-3033
Facsimile: (504) 569-6024                                           Facsimile: (337) 233-2796

*Plaintiffs' Liaison Counsel*                                          *Plaintiffs' Liaison Counsel*

/s/ Michael J. Lyle
Michael J. Lyle (DC #475078, IL #6199227)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 6th Street NW, 11th floor
Washington, DC 20001
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Defense Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

/s/ Conrad S.P. "Duke" Williams
Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Facsimile. (985) 876-7594

/s/ Brian H. Barr
Brian H. Barr
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Facsimile: (850) 436-6187

/s/ Jeffrey A. Breit
Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office: (757) 670-3888
Facsimile: (757) 670-3895

/s/ Elizabeth J. Cabraser
Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Facsimile: (415) 956-1008

/s/ Philip F. Cossich, Jr.
Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Facsimile: (504) 394-9110

/s/ Robin L. Greenwald
Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Facsimile: (212) 344-5461

/s/ Rhon E. Jones
Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS &
MILES, P.C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Facsimile: (334) 954-7555

/s/ Matthew E. Lundy
Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Facsimile: (337) 439-1029

/s/ Michael C. Palmintier
Michael C. Palmintier deGRAVELLES,
PALMINTIER, HOLTHAUSE & FRUGE'
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Facsimile: (225) 344-0522

/s/ Paul M. Sterbcow
Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Facsimile: (504) 588-1514

/s/ Robert T. Cunningham
Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Facsimile: (251) 479-1031

/s/ Alphonso Michael "Mike" Espy
Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Facsimile: (601) 949-3399

/s/ Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Facsimile: (225) 664-6925

/s/ Scott Summy
Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Facsimile: (214) 599-1172

/s/ Ervin A. Gonzalez
Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Facsimile: (305) 476-7444

/s/ Joseph F. Rice
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Facsimile: (843) 216-9290

### **COUNSEL FOR THE CLEAN-UP RESPONDER DEFENDANTS**

/s/ Michael J. Lyle
Michael J. Lyle (DC #475078, IL #6199227)
Eric C. Lyttle (DC #482856)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 6th Street NW, 11th floor
Washington, DC 20001
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Sylvia E. Simson (NY #4803342)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

/s/ Alan M. Weigel
Alan M. Weigel (NY #3065307)
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: 212-885-5000
Facsimile: 917-332-3836

Attorney for MARINE SPILL RESPONSE CORPORATION

| | |
|---|---|
| Patrick E. O'Keefe (LA # 10186)<br>Philip S. Brooks, Jr. (LA # 21501)<br>MONTGOMERY BARNETT, L.L.P.<br>3300 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163-3300<br>Telephone: (504) 585-3200<br>Facsimile: (504) 585-7688<br><br>Attorneys for O'BRIEN'S RESPONSE MANAGEMENT, L.L.C. and NATIONAL RESPONSE CORPORATION | /s/ Leo R. McAloon, III<br>Leo R. McAloon, III (LA # 19044)<br>Michael D. Cangelosi (LA #  30427)<br>GIEGER, LABORDE & LAPEROUSE, L.L.C.<br>One Shell Square<br>New Orleans, LA 70139-4800<br>Telephone: (504) 561-0400<br>Facsimile: (504) 561-1011<br><br>Attorneys for DYNAMIC AVIATION GROUP, INC. |
| /s/ Ben L. Mayeaux<br>Frank X. Neuner, Jr. (LA #7674)<br>Ben L. Mayeaux (LA #19041)<br>Jed M. Mestayer (LA #29345)<br>NEUNERPATE<br>One Petroleum Center, Suite 200<br>1001 W. Pinhook Rd.<br>Lafayette, LA  70503<br>Telephone: (337) 237-7000<br>Facsimile: (337) 233-9450<br><br>Attorneys for AIRBORNE SUPPORT, INC. and AIRBORNE SUPPORT INTERNATIONAL, INC. | /s/ Kevin R. Tully<br>Kevin R. Tully (LA #1627)<br>H. Carter Marshall (LA #28136)<br>Gregory S. LaCour (LA #23823)<br>CHRISTOVICH & KEARNEY, LLP<br>601 Poydras Street, Suite 2300<br>New Orleans, LA 70130-6078<br>Telephone: (504) 561-5700<br>Facsimile: (504) 593-4220<br><br>Attorneys for INTERNATIONAL AIR RESPONSE, INC. and LYNDEN INCORPORATED |
| /s/ George E. Crow<br>George E. Crow (TX # 05151900)<br>LAW OFFICE OF GEORGE E. CROW<br>P.O. Box 30<br>Katy, TX 77492<br>For Overnight Physical Delivery use<br>1519 Miller Avenue<br>Katy, TX 77493<br>Telephone: (281) 391-9275<br><br>Attorney for LANE AVIATION, INC. | /s/ John E. Galloway<br>John E. Galloway (LA #5892)<br>GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH<br>701 Poydras Street, Suite 4040<br>New Orleans, LA 70139<br>Telephone: (504) 525-6802<br>Facsimile: (504) 525-2456<br><br>Attorney for TIGER RENTALS, LTD., THE MODERN GROUP, LTD., and THE MODERN GROUP GP-SUB, INC. |

/s/ Harold J. Flanagan
Harold J. Flanagan (LA # 24091)
Brandon C. Briscoe (LA # 29542)
Sean P. Brady (LA # 30410)
Andy Dupre (LA # 32437)
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 2405
New Orleans, LA 70170
Telephone: 504-569-0235
Facsimile: 504-592-0251

Attorneys for DRC EMERGENCY SERVICES, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Steering Committee and Clean-Up Responder Defendants' Joint Report Regarding Claimants' Compliance with Pre-Trial Order No. 57 has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of November, 2014.

                                             /s/ Michael J. Lyle
                                             Michael J. Lyle