UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| | * | |
| No. 12-970 and All Cases | * | MAGISTRATE SHUSHAN |
| | * | |

ORDER
[Adopting the Court-Designated Neutrals' Recommendations for the Seafood
Compensation Program Supplemental Distribution]

On September 19, 2014, the Court received and published the Court-Designated Neutrals'

recommendations ("the Recommendations") pertaining to a second round distribution in the Seafood

Compensation Program ("SCP"), one part of the *Deepwater Horizon* Economic and Property

Damages Settlement Agreement ("the Settlement").  (Rec. Doc. 13416)  Objections or comments

were due by October 20, 2014, after which the Court stated that it would either adopt, modify, or

reject the Recommendations. The Court has received three responses to the Recommendations,

which are discussed briefly below.

This Order assumes the reader's familiarity with the Settlement, the SCP, and the

Recommendations and will not summarize them.  However, two aspects of the Recommendations

warrant specific mention, as they pertain to one or more of the responses.  First, the Neutrals

recommend that only approximately one-half of the funds remaining after the first round be

distributed at this time. The Recommendations note that, while the vast majority of SCP claims have

been processed, some claims are awaiting policy determinations, some are under appeal, and some

are under investigation for possible fraud.  The Recommendations also note that BP's motion under

Federal Rule 60(b)(3), which seeks a return of part of the Settlement fund, is still pending.  (Rec.

Doc. 11994)  BP may also be entitled to a credit for "transition payments" pursuant to Section 4.2.7 of the Settlement.  Rather than wait until every last claim or issue is resolved, however, the Neutrals recommend that a partial distribution of the remaining balance be made at this time.  Per the Recommendations, "The goal is to make distributions as soon as is feasibly possible with the understanding that some money may have to be reserved due to the uncertainties listed above." (Recommendations p.10)  Even so, the amount of the proposed second round distribution, $500 million, is "substantially greater than the $400 milion that the SCP estimated would be available for Round Two." (*Id.*)  The second aspect of the Recommendations is related to the first.  The Neutrals recommend that no funds be disbursed until certain steps are taken, "which are designed to mitigate (and, if possible, correct) any errors or fraud previously occurring during the claims process." (*Id.* at 15)  The Neutrals propose that the Claims Administrator place an administrative hold on any claims that any investigations have identified or are likely to identify as affected by error or fraud. If fraud is found, the Neutrals recommend that "any Round Two distribution to which that claimant would otherwise have been entitled shall be forfeited [by that claimant], and distributed in accordance with Section III(F). (*Id.* at 15)  Section III(F) contemplates possible subsequent rounds of distributions to eligible SCP claimants in the event a balance remains after round two.

Turning to the responses, the first is by the plaintiffs in member case no. 11-3180, *Than Hai, Inc., et al. v. BP American Production Company, et al.*  (Rec. Doc. 13529)  The *Than Hai* plaintiffs support the Recommendations and urge the Court to adopt them without alteration.  Notably, the *Than Hai* plaintiffs support the proposal that only a partial disbursement be made at this time, explaining

> While [a $500 million targeted payment in Round Two] withholds a substantial
> amount of money that must ultimately be paid to SCP claimants under the terms of

the settlement, the size of the reserve should place the Recommendation beyond reasonable objection from any party, including BP. This aspect of the Recommendation, again, should serve to expedite payments to the commercial fishers.

Finally, the significant reserve remaining after the $500 million targeted payment provides the Claims Administrator with the flexibility to promptly pay fully resolved claims. Given the reserve, the Recommendation allows the Claims Administrator to pay resolved claims while continuing to address those specific claims placed on administrative hold.

(*Thanh Hai* Resp. 3)

The second response is by the law firm of Brent Coon & Associates, which claims to represent numerous claimants in the Seafood Compensation Program ("BCA Clients"). (Rec. Doc. 13525) The BCA Clients complain about what they describe as "rampant overzealous investigations" (*Id.* at 3) that have delayed the processing of seafood claims. At bottom, however, the BCA Clients "do not oppose the recommendation of the Seafood neutral." (BCA Clients' Mem. 2)

The third response is by BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), which presents three objections. (Rec. Doc. 13530)

First, BP argues that the Settlement precludes any second round distributions until all eligible first round distributions are paid. Putting aside what is perhaps an overly restrictive reading of the Settlement, BP has not identified, in any way, how it could be harmed by the proposed partial distribution. The suggested $500 million second round distribution represents only about one-half of the balance in the SCP; the remainder is reserved pending the outcome of the issues identified above. BP does not contend that disbursing $500 million would hurt it in any way or that the amount held in reserve is too small. In fact, BP effectively concedes that the $500 million partial disbursement would not cause it harm when it presents the alternative position that, "[i]n the event

the Court overrules BP's objections, . . . the Court should adopt the Neutrals' recommendation to target a second distribution of $500 million . . . ." (BP Resp. p.18)  BP's first objection is overruled.

Second, BP argues that the Neutrals' recommendations to mitigate any errors and fraud are insufficient.  In short, BP demands actions beyond what is already being done in the way of fraud investigations, audits, etc.  The Court is well aware of the current procedures and finds that, combined with the Recommendations, they are sufficient.  BP's second objection is overruled.

BP's third and final objection concerns the Neutrals' recommendation regarding objections or appeals to individual awards in the supplemental distributions.  The Recommendations state:

> if a claimant or BP disagrees with a claimant's award in Round Two or in any supplemental round, the challenge must be limited to whether the formulas described in Sections II(A) and III(F) were properly implemented with respect to the individual claim at issue. Subject to the approval of the Court, the Claims Administrator shall have the discretion and authority to promulgate procedural and evidentiary rules as well as limit and define appellate rights (including appellate rights to appeal panels, the Claims Administrator, the Magistrate Judge, the District Judge, and appellate courts) in conjunction with the implementation of this Section.

> [In footnote] This paragraph is not intended to (nor shall it) alter or supersede any policies or procedures promulgated by the Claims Administrator which address whether or how any party might contest a determination by the Claims Administrator with respect to fraud or error in connection with any claim or claimant.

(Recommendations p.16)  The Recommendations call for a *pro rata* distribution based on what the SCP claimant received in the first round—a purely mathematical calculation.  Given this, it is appropriate that any challenge to a determination regarding a supplemental distribution to an individual SCP claim "be limited to whether the formulas described in Sections II(A) and III(F) were properly implemented with respect to the individual claim at issue."  Accordingly, the Court finds the Neutrals' recommendation is appropriate.  BP's third objection is overruled.

Having considered the Recommendations and the responses thereto,

The Court hereby ADOPTS the Court-Designated Neutrals' Recommendations for the Seafood

Compensation Program Supplemental Distribution (Rec. Doc. 13416-1).  The Claims Administrator

is ordered to implement these recommendations forthwith.

New Orleans, Louisiana, this 18th day of November, 2014.

_____
United States District Judge