UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY  THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| This document relates to: No. 10-4536 | * * * * * | HONORABLE CARL J. BARBIER MAGISTRATE JUDGE SHUSHAN |

**BPXP'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE EXPERT REPORTS OF WALTER H. CANTRELL AND RENEWED MOTION *IN LIMINE* TO EXCLUDE <u>EVIDENCE RELATING TO UNRELATED PRIOR INCIDENTS</u>**

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia Karis, P.C.
Matthew Regan, P.C.
Scott W. Fowkes, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
Kirkland & Ellis LLP
655 15th Street, NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
***Attorneys for BP Exploration & Production Inc.***

**INTRODUCTION**

The United States' response confirms that the government seeks to relitigate Phase 1 causation issues while attempting to transform the "prior violations" factor into something it is not: an in-depth analysis of four prior incidents and a comparison of the causes of each incident with the causes of the *Deepwater Horizon* incident. Through its expert, Rear Admiral Cantrell, the U.S. contends that these incidents all arise from allegedly similar process safety failures and that BP "failed to implement an effective process safety system." Cantrell Rpt., Rec. Doc. 13475-3 at 4. As the Court is aware, this issue was already extensively litigated and decided by the Court's finding that BP's process safety management system was neither defective nor a cause of the *Deepwater Horizon* incident. If the U.S. is allowed to present evidence of "prior violations" as it proposes, it will lead to relitigating the Phase 1 process safety issues, create "mini-trials" regarding each incident, and improperly expand the "prior violations" factor.

**ARGUMENT**

**I.   THE CANTRELL REPORTS REVISIT PHASE 1 ISSUES THE COURT HAS ALREADY DETERMINED.**

The U.S. contends that because Cantrell's analysis of the *Deepwater Horizon* incident is limited to the Phase 1 record, there is no risk of relitigating Phase 1 issues. To the extent Cantrell relies on the Court's Phase 1 findings, however, there is no need for his analysis of those issues. Cantrell's opinions are also premised on a one-sided "summary" of the Phase 1 record that will result in revisiting those issues.

**A.   The Cantrell Reports are an impermissible attempt by the U.S. to retry its Phase 1 process safety arguments.**

The U.S. admits that Cantrell's comparison "can be made only by hearing the evidence on the prior violations in conjunction with what the Phase One record already reveals about Macondo." Rec. Doc. 13637 ("Opp. Br.") at 7. BPXP's motion identified repeated references to

Phase 1 issues throughout Cantrell's reports.[1] The U.S.'s opposition confirms its intent to revisit these Phase 1 issues by devoting nearly five pages to recounting its view of the Phase 1 evidence concerning issues such as the cement bond log, LCM spacer, safe drilling margin, float collar, bottoms-up circulation, the negative pressure test, and other issues.  Opp. Br. at 8-12.

The U.S.'s recent deposition questioning of BPXP's experts further confirms its intent to relitigate its Phase 1 process safety arguments under the auspices of the "prior violations" factor.  For example, the U.S. asked BPXP's experts the following questions during the depositions recently conducted for the Penalty Phase:

- "Do you know what poor [sic] pressure fracture gradient is?"
- "Do you know whether the [Macondo] risk register was ever updated after June of 2009?"
- "Should a stop work have been issued during the negative pressure test?"
- "Did BP violate beyond the best in de- -- deciding to drill another 100 feet without a safe drilling margin?"
- "Did you review the daily report for the negative pressure test?"[2]

### B. To rebut Cantrell, BPXP will be entitled to re-introduce evidence from Phase 1 regarding causation, and cross-examine Cantrell on facts he ignores.

The U.S. concedes that Cantrell's opinion is ultimately one of causation.  Opp. Br. at 1 (contending prior incidents "reveal a common theme…resulting in disastrous criminal violations").  According to Cantrell, BP's "failure to learn" resulted in a deficient process safety management system that ultimately caused the *Deepwater Horizon* incident.  Cantrell Rpt., Rec. Doc. 13475-3 at 55; Cantrell Dep. (Oct. 21, 2014) at 46:24-47:8, attached hereto as Exhibit 3.  Cantrell's report, which was served before the Court issued its Phase 1 findings, is contrary to the Court's finding that BP's process safety management system was not a cause of the

---

[1] The U.S. does not dispute that Cantrell's report includes verbatim recitations of the U.S.'s proposed Phase 1 findings.  *See* discussion in Rec. Doc. 13475 at 7-8.

[2] Burch Dep. (Oct. 30, 2014) at 54:12 and 61:3-4, attached hereto as Exhibit 1; and Sutcliffe Dep. (Oct. 17, 2014) at 91:2-3; 103:19-21; and 199:8-9, attached hereto as Exhibit 2.

*Deepwater Horizon* incident. Rec. Doc. 13355 at ¶¶ 467-69. The U.S. attempts to salvage Cantrell's report by proposing a narrow view of the Court's finding: "that there was a process safety system in place *on the rig*…." Opp. Br. at 2 (emphasis added). This view, however, ignores the Court's finding that "BP had a process safety management system in place on April 20, 2010 and [] ***it applied to the Macondo well*** and the DEEPWATER HORIZON…." Rec. Doc. 13355 at ¶ 469 (bold and italics emphasis added). If Cantrell's causation opinion is allowed, BPXP would be required to confront Cantrell with the same substantial evidence presented during Phase 1 regarding the applicability of BP's process safety system.

As Cantrell acknowledged at his deposition, his "summary" of the Phase 1 record relies exclusively on the reports and testimony of experts adverse to BPXP, while failing to consider the opinion of even a single BP expert. Ex. 3 at 41:22-25. In the face of this selective and incomplete "summary," BPXP will be entitled and required to revisit Phase 1 evidence to highlight the numerous inaccuracies in Cantrell's analysis. The U.S. claims it has no intention of relitigating Phase 1 issues and notes that Cantrell's report "does not include a single sentence addressing whether BP's Operating Management (process safety) System was in place on the *Deepwater Horizon*." Opp. Br. at 4-5. But Cantrell *does* opine that OMS was not implemented in the GoM Drilling & Completions organization (yet another Phase 1 issue). Rec. Doc. 13475-3 at 58. That opinion, among others, is contrary to the Phase 1 record. Phase 1 Trial Tr. at 398-99 (Bea); 9255 (O'Bryan); TREX-006065. Such obvious inaccuracies make clear that BPXP will have no choice at trial but to challenge Cantrell's one-sided "summary" of the Phase 1 record.

**II.   THE U.S.'S VIEW OF PRIOR VIOLATIONS WILL RESULT IN UNNECESSARY "MINI-TRIALS."**

The U.S. contends that there is no risk of "mini-trials" because Cantrell relies only on incident investigation reports and plea agreements to formulate his opinions. However, such

3

evidence is not enough to support Cantrell's actual opinion, the crux of which is that "BP failed to learn and apply available lessons" following the prior incidents.  Cantrell Rpt., Rec. Doc. 13475-3 at 35.  Despite offering this opinion, Cantrell's reports do not address *any* of BP's responses to the prior incidents.  And at his deposition, when questioned about the steps BP took following each of the four prior incidents, Cantrell actually agreed that they were "positive corrective steps," "appropriate," or that he had not done sufficient analysis to be able to comment.  *See, e.g.*, Ex. 3 at 63:11-65:4; 90:18-91:3; 100:2-5; 112:7-14.  BPXP, therefore, will be entitled to rebut Cantrell's opinion by presenting its own evidence concerning the prior incidents and the learnings and improvements that resulted from each.  Inevitably, this will lead to the "trials within a trial" the Court previously sought to avoid.  Rec. Doc. 5634 at 5.

Additionally, the prior incident reports and plea agreements alone will not provide the Court with sufficient context to evaluate Cantrell's opinions regarding the underlying causes of the prior incidents.  Cantrell himself admits that the existence of an accident alone does not serve as an indictment of a process safety system or a safety culture.  Ex. 3 at 205:1-206:16. Accordingly, any discussion of these prior incidents also will necessarily require mini-trials about the facts and underlying causes of each of the incidents.

The U.S. dismisses the risk of mini-trials by noting that BPXP's process safety and safety culture expert did not testify during Phase 1.  This ignores the fact that Court granted BP's Phase 1 motion *in limine* to exclude the evidence of the same prior incidents, and that the Court had already been presented with "much evidence and testimony at trial concerning process safety." Rec. Doc. 13355 at ¶ 467.  The U.S. acknowledges that as many as four witnesses may testify at the upcoming trial to present and rebut its contentions regarding the "prior violations" factor but refers to the chess clock as the solution to any trial manageability issues, confirming that the U.S.

4

is attempting to force BPXP to use its limited trial time to address prior violations instead of focusing on other contested factors.

## III.   UNRELATED INCIDENTS THAT ARE NOT SIMILAR TO THE *DEEPWATER HORIZON* INCIDENT SHOULD NOT BE CONSIDERED.

As discussed in BPXP's opening brief and its Phase 1 motion *in limine*, the plain language and statutory context make clear that the Court should consider only Section 311 violations that were committed by BPXP. None of the four prior incidents meet this standard. Nor do they meet the criteria of the EPA's own penalty policy, which discusses only violations that relate to Section 311 spills and considers only "violations within the past five years." *See* discussion in BPXP's Mem., Rec. Doc. 13475 at 13-14; Office of Enforcement and Compliance Assurance, Civil Penalty Policy for Section 311(b)(3) and Section 311(j) of the CWA (1998) at 14. Not surprisingly, the U.S.'s response completely ignores its own penalty policy.

The U.S. suggests—without any support or authority—that different statutory violations and violations by different corporate entities are relevant to determining a civil penalty under the CWA. But none of the prior incidents are remotely similar to the *Deepwater Horizon* incident— a fact that the Court has already recognized. Rec. Doc. 5634 at 3-5 (noting that the U.S. and others "failed to demonstrate any substantial similarity between the prior incidents and the Macondo casualty"). As a result, the U.S. makes a last-ditch effort to create relevance where none exists by contending that Cantrell's opinions relate to BPXP's "culpability." Opp. Br. at 4, 13. The Court, however, has already excluded any additional evidence of BPXP's culpability from the Penalty Phase. Rec. Doc. 12592 at 2; Mar. 21, 2014 Hr'g Tr. at 43-44.

## **CONCLUSION**

For the reasons discussed above, the Court should strike the expert reports of Walter H. Cantrell and exclude all evidence relating to the prior incidents discussed in the reports.

5

Date: November 19, 2014  Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia Karis, P.C.
Matthew Regan, P.C.
Scott W. Fowkes, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
Kirkland & Ellis LLP
655 15th Street, NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
***Attorneys for BP Exploration & Production Inc.***

6

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of November, 2014.

                                                                /s/ Don K. Haycraft
                                                                Don K. Haycraft