# Exhibit 4

```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
*****************************************************************
IN RE:  OIL SPILL BY THE
OIL RIG DEEPWATER HORIZON
IN THE GULF OF MEXICO ON
APRIL 20, 2010

                                   Docket No. 10-MD-2179
                                   Section "J"
v.                                 New Orleans, Louisiana
                                   Thursday, November 6, 2014

THIS DOCUMENT RELATES TO:
10-4182, 10-4183,
13-2645, 13-2646,
13-2647, 13-2813

*****************************************************************

          TRANSCRIPT OF ALABAMA CASES STATUS PROCEEDINGS
            HEARD BEFORE THE HONORABLE SALLY SHUSHAN
                  UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

FOR THE INTERESTS:           ALABAMA ATTORNEY GENERAL'S OFFICE
                             BY:  COREY L. MAZE, ESQ.
                             500 Dexter Ave.
                             Montgomery, AL 36130

                             BEASLEY ALLEN CROW METHVIN
                             BY:  RHON E. JONES, ESQ.
                                  J. PARKER MILLER, ESQ.
                                  JENNIFER E. DAY, ESQ.
                             P.O. Box 4160
                             Montgomery, AL 36013

                             BREIT DRESCHER IMPREVENTO & WALKER
                             BY:  JEFFREY A. BREIT, ESQ.
                             600 22nd St., Suite 402
                             Virginia Beach, VA 23451
```

```
11:11:02  1   further production.
11:11:02  2            MR. MAZE:  I do.
11:11:03  3            THE COURT:  And I would like you all to see if you can
11:11:05  4   resolve it.  So I am not going to put a deadline on it as long as
11:11:09  5   you all are still speaking to each other about resolving it, keep
11:11:13  6   going.  But once you, and if you determine you've reached a block,
11:11:19  7   that's when I would like to see the draft order plus three pages,
11:11:23  8   and a red line plus three pages, let's just say four working days
11:11:29  9   later.
11:11:31 10            MR. MAZE:  Understood.
11:11:33 11            MR. COLLIER:  Yes, thank you, your Honor, that makes
11:11:35 12   sense.
11:11:36 13            THE COURT:  Okay.
11:11:36 14            MR. MAZE:  No. 7 is the state tax and revenue database.
11:11:39 15   The update there is BP sent us a letter on Tuesday that outlined the
11:11:45 16   specific items that they were looking for from the databases, we
11:11:50 17   have given that -- and by "we" I am talking about the attorneys have
11:11:53 18   given that an initial look.  We are pleased, I would say, with what
11:11:59 19   we've received and so far we don't have issues with it.
11:12:02 20            What we have done is passed it to the departments
11:12:04 21   themselves just to ensure that they have the ability to run what the
11:12:09 22   defendants are asking for.  We're hopeful that they can, but I guess
11:12:13 23   the update is there has been significant progress made on this
11:12:18 24   issue.  And if any issues arise, we will try to work them out with
11:12:22 25   each other without the court's intervention.  Otherwise, we're
```

```
11:12:25   1   hoping that this will be resolved pretty soon.
11:12:30   2             THE COURT:  Good.  All right.
11:12:31   3             Next up on my list, and I assume your list, are the sworn
11:12:37   4   declarations from HESI and Anadarko with regard to 30(b)(6) topics.
11:12:43   5             MR. MAZE:  We received from Ky a proposed declaration from
11:12:48   6   Anadarko, and Halliburton has told us that they would like to do
11:12:53   7   something similar.  We have looked it over and Alabama is generally
11:12:56   8   agreeable that we would accept a declaration like that from each of
11:13:01   9   the non-BP defendants.  We'll work with them in the coming week or
11:13:05  10   so to talk about specifics, about specific language or specific
11:13:09  11   needs.  But as a general proposition, we will be agreeable to doing
11:13:13  12   that in lieu of a deposition, if that's what the court would prefer.
11:13:18  13             THE COURT:  Okay.  It sounds like it's pretty
11:13:22  14   non-controversial.  BP, do you have anything to comment on that
11:13:25  15   issue?
11:13:28  16             MR. COLLIER:  Your Honor, this is Paul Collier.  I
11:13:31  17   actually don't have anything to comment on that.  I am not sure if
11:13:34  18   other members of the team do.
11:13:35  19             MR. LANGAN:  Your Honor, it's Andy.  It's kind of wrapped
11:13:39  20   up in the overall stipulation, which I think is on your agenda,
11:13:43  21   isn't it?
11:13:44  22             THE COURT:  Yes.
11:13:45  23             MR. LANGAN:  In other words, if the stipulations move
11:13:47  24   forward in whole or in part, I wonder if it moots this 30(b)(6)
11:13:53  25   issue for the people that enter stipulations?
```

```
11:13:55   1              THE COURT:  That's a good question.  I don't know.  Which
11:13:58   2   comes first, the chicken or the egg?  I mean, I don't see any harm
11:14:03   3   in putting together the sworn declarations, which just nails that
11:14:10   4   shut.  But I would be willing to do it either way.
11:14:17   5              Okay.  All right.  We've got the motions to compel, and
11:14:23   6   we will be working on that once the replies are filed on Monday.
11:14:31   7              And I think that's the end of my list of items we should
11:14:34   8   talk about.
11:14:36   9              MR. COLLIER:  If I could just go back to the motion to
11:14:39  10   compel briefly.
11:14:40  11              THE COURT:  Yes.
11:14:41  12              MR. COLLIER:  So one issue that's come up is that, as the
11:14:45  13   court is aware the motions to compel were filed on October 17th.
11:14:49  14   The day before the motion to compel deadline BP and other defendants
11:14:54  15   met and conferred with Alabama as to certain of Alabama's written
11:14:59  16   discovery responses.  And in light of those discussions, Alabama
11:15:02  17   informed us that they were going to supplement several of their
11:15:06  18   responses in light of the concerns that we raised.  We did receive
11:15:10  19   then after the October 17th deadline Alabama's supplemental
11:15:14  20   responses, purportedly to address those concerns.  And after taking
11:15:20  21   a step back, in our actually our motion to compel, we did identify
11:15:24  22   as placeholders these issues where we understood that Alabama was
11:15:27  23   going to supplement their interrogatory responses but nonetheless
11:15:31  24   put a placeholder to inform the court that this issues may exist
11:15:35  25   pending our review of their supplemental interrogatory responses.
```

11:15:39  1          The reason I raise it, your Honor, is we did receive
11:15:42  2     Alabama's supplemental interrogatory responses after the motion to
11:15:46  3     compel deadline and we've had a chance to review them.  We note that
11:15:49  4     there are still deficiencies with respect to certain of these
11:15:53  5     responses.
11:15:55  6          That said, there is a sliver of hope here, which is that
11:15:58  7     we did send to Alabama a very detailed letter identifying kind of
11:16:02  8     the continuing concern that we had with their supplemental
11:16:05  9     responses, and we did meet and confer last night with Alabama to
11:16:09 10     discuss those.
11:16:10 11          For certain of these responses, Alabama has indicated to
11:16:13 12     us that he is going to further supplement these responses.  One of
11:16:17 13     the interrogatory responses is going to provide a supplemental
11:16:20 14     response to us on November 14th; and for a few of the other
11:16:25 15     responses, Alabama indicated to us that it would supplement those
11:16:28 16     interrogatory responses once it completed its reproduction of its
11:16:33 17     documents.
11:16:34 18          So the reason I am raising it, your Honor, is just to
11:16:37 19     identify that we had made a placeholder in our motion to compel for
11:16:42 20     certain of these issues.  It looks like that issue is continuing and
11:16:47 21     wanted to be able to make sure that the court was okay with us kind
11:16:50 22     of reserving our rights to re-raise these issues with the court
11:16:53 23     again at the point in time when Alabama makes its supplemental or
11:16:58 24     supplemental production of its discovery responses.
11:17:02 25          THE COURT:  Okay.

|  |  |
|---|---|
| 11:17:03 1 | MR. MAZE:  Your Honor, would you like us to respond? |
| 11:17:06 2 | THE COURT:  No.  Let me tell you what I think I would like |
| 11:17:08 3 | to do, Corey. |
| 11:17:10 4 | MR. MAZE:  Okay. |
| 11:17:11 5 | THE COURT:  I would like to cancel the reply deadline, |
| 11:17:16 6 | which is Monday, November the 10th, and have you all see which of |
| 11:17:24 7 | these responses are satisfactory to BP and see if you are going to |
| 11:17:30 8 | amend to satisfy BP, and then you all can jointly inform us of what |
| 11:17:40 9 | is left of the disputed discovery still in dispute; and we can then |
| 11:17:51 10 | set a reply, it seems to me, first by BP and then by Alabama to |
| 11:18:02 11 | those that have not been resolved.  Does that make sense? |
| 11:18:08 12 | MR. COLLIER:  On behalf of BP, your Honor, that makes |
| 11:18:10 13 | sense to us. |
| 11:18:12 14 | MR. MAZE:  It does, your Honor.  But I will put the red |
| 11:18:15 15 | flag out there on what concerns us.  What we are most concerned |
| 11:18:20 16 | about is this is going to turn into a rolling production of motions |
| 11:18:23 17 | to compel, and the reason I say that is this:  If both sides put |
| 11:18:31 18 | down placeholders and both sides issued supplemental responses on |
| 11:18:36 19 | the same day, what we're concerned about is some of our responses |
| 11:18:39 20 | were not supplemented because, frankly, we're going to have to cite |
| 11:18:43 21 | to things in the new production and those supplemental responses |
| 11:18:47 22 | will come after the new production is complete. |
| 11:18:49 23 | So if we go under your Honor's proposal, which I agree in |
| 11:18:55 24 | the present tense is the best way to do it, our concern is going to |
| 11:18:59 25 | be then BP is going to ask for a third round of briefing on motions |

| | | |
|---|---|---|
| 11:19:03 | 1 | to compel and this will continue.  And we're just trying to find a |
| 11:19:07 | 2 | way to resolve the issues where we don't have to continue flooding |
| 11:19:10 | 3 | the court with briefs on issues that we continue to think are coming |
| 11:19:14 | 4 | up. |
| 11:19:15 | 5 |     THE COURT:  No, I agree with that, Corey.  And as you |
| 11:19:18 | 6 | know, I have an interest in not being flooded by continuing briefs. |
| 11:19:24 | 7 |     Paul, do you want to comment on that? |
| 11:19:26 | 8 |     MR. COLLIER:  Yeah, your Honor.  I mean, obviously we're |
| 11:19:30 | 9 | of the same mind that we don't want to have to seek court |
| 11:19:34 | 10 | intervention on these issues if we can resolve them between |
| 11:19:38 | 11 | ourselves.  I do agree with the court, though, that we may be at a |
| 11:19:42 | 12 | point in time where the issues are sufficiently discrete and well |
| 11:19:46 | 13 | identified that some guidance from the court as far as what Alabama |
| 11:19:50 | 14 | should be obligated to produce in response to these particular |
| 11:19:54 | 15 | responses would be beneficial and would probably help then avoid |
| 11:19:57 | 16 | these issues when Alabama does make their reproduction or completes |
| 11:20:01 | 17 | their reproduction. |
| 11:20:02 | 18 |     THE COURT:  Well, then let's do this.  If Alabama is going |
| 11:20:05 | 19 | to give you further supplemental responses on November the 14th, why |
| 11:20:11 | 20 | don't we give you -- how many working days do you need to look at |
| 11:20:17 | 21 | those and let us know whether you are satisfied or not satisfied |
| 11:20:24 | 22 | with any particular discovery response? |
| 11:20:27 | 23 |     MR. COLLIER:  We could probably do that within three |
| 11:20:30 | 24 | working days, your Honor. |
| 11:20:31 | 25 |     THE COURT:  Okay.  I don't have my calendar in front of |

```
11:20:34  1   me -- hold on just a second, guys.
11:21:03  2             Guys, on these supplemental responses, are they going to
11:21:07  3   be supplemental responses to interrogatories?
11:21:12  4             MR. MAZE:  Yes, your Honor.
11:21:14  5             THE COURT:  And we believe that will be the end of
11:21:17  6   supplemental responses to interrogatories, huh?
11:21:20  7             MR. MAZE:  I think it should be, yes.
11:21:23  8             THE COURT:  So that will bring to a close the
11:21:24  9   interrogatory motions, and then we will have to still perhaps deal
11:21:28 10   with some further requests for production; but for the most part, we
11:21:34 11   should be able to take care of that as well?
11:21:37 12             MR. MAZE:  Yes.
11:21:38 13             THE COURT:  Okay.
11:21:38 14             MR. COLLIER:  That's correct, your Honor.  The only caveat
11:21:42 15   I would say to that is that in the meet and confer we had with
11:21:45 16   Alabama last night, Alabama had indicated that pursuant to their
11:21:49 17   supplementation we will be waiting until it completed its
11:21:52 18   production.  I get that Alabama is willing to kind of make a full
11:21:57 19   complete response on the 14th, we expect that with interrogatories
11:22:04 20   as well.  We would agree with that.
11:22:05 21             MR. MAZE:  Your Honor, I'll tell you what is behind that.
11:22:07 22   The objection that BP has had is they believe that Alabama's
11:22:11 23   responses to those interrogatories are insufficient because we're
11:22:15 24   not citing to particular documents within our production by Bates
11:22:20 25   range number.  The problem there is now that we have withdrawn the
```

18

```
11:22:24  1   entirety of the first production, we cannot cite to the documents
11:22:29  2   within our production because it hasn't been produced yet.
11:22:32  3           So it would be impossible for us to do that by November
11:22:35  4   the 14th, and that's where my concern of we're going to have this
11:22:39  5   first round of new motions to compel issues on the 17th and then
11:22:44  6   you're going to have another round post the new production, because
11:22:47  7   it's going to be impossible for us to address those specific
11:22:51  8   objections before the new documents are fully produced.
11:22:54  9           THE COURT:  And, look, guys.  That is something that is
11:23:01 10   just a continuing update it seems to me.  And, Corey, you know,
11:23:07 11   you've got an obligation to update your responses to discovery, and
11:23:11 12   as you make production and the new production has been Bates
11:23:16 13   stamped, you will go ahead and update your responses.  That doesn't
11:23:20 14   particularly bother me.
11:23:21 15           MR. MAZE:  And I agree with that.  Could I just make sure
11:23:24 16   I understand what we're doing?
11:23:26 17           On November the 19th, BP will file a brief that includes
11:23:32 18   both their reply to the opposition brief that Alabama had, plus
11:23:39 19   identify any issues that it still has with those "placeholders".
11:23:44 20   And I am putting that around in quotes.  If they believe that some
11:23:49 21   of those placeholders haven't been addressed, they will put their
11:23:52 22   arguments for those in the same brief; and then sometime after that,
11:23:55 23   Alabama will have its time to file its reply to the opposition plus
11:24:01 24   reply to the new placeholder arguments?
11:24:04 25           THE COURT:  Yes.
```

11:24:06  1        MR. MAZE:  Okay.  Did you have a particular date in mind
11:24:08  2   for our brief?
11:24:10  3        THE COURT:  Well, let's look at it.  It seems to me that
11:24:13  4   if you get it by close of business on the 19th, I need to give you
11:24:17  5   three working days.
11:24:17  6        MR. MAZE:  Okay.
11:24:22  7        THE COURT:  So what about close of business on the 25th?
11:24:29  8        MR. MAZE:  Yes, we can do that.
11:24:30  9        THE COURT:  All right.  And that will be it, it will be
11:24:34 10   under submission, and we should be able to include the supplemental
11:24:38 11   responses, which will hopefully moot out some of the issues in
11:24:43 12   dispute.  Okay?
11:24:44 13        MR. MAZE:  Yes.  One other question.  Do we want to --
11:24:50 14   currently the briefing limit is five pages.  Do we keep it at five
11:24:53 15   pages double spaced, or do you want to increase it to eight because
11:24:57 16   there might be an additional argument?
11:24:59 17        THE COURT:  Let's go ahead and go to eight, if you need
11:25:03 18   it.  Obviously if you can do it in five, who likes that?  But, yes,
11:25:09 19   we'll increase it to eight; hopefully there will be less to discuss
11:25:14 20   because some of these things will be mooted out.
11:25:16 21        MR. MAZE:  Agreed.
11:25:18 22        THE COURT:  All right.  What else do you all have on your
11:25:22 23   minds that you want to discuss?
11:25:25 24        MR. COLLIER:  Sorry for one more issue to raise.  With
11:25:28 25   respect to the notice of withdrawal that Alabama filed, one point of