# Exhibit 7

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, Illinois  60654

Paul Collier
To Call Writer Directly:
(312) 862-2471
paul.collier@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

November 4, 2014

**Via E-mail**

Corey L. Maze
Special Deputy Attorney General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
cmaze@ago.state.al.us

Re:   MDL2179 Alabama OPA Economic Claim:   Alabama's Proposal Regarding Document Reproduction.

Dear Corey:

I write on behalf of Defendant BP Exploration & Production Inc., ("BPXP") regarding two discovery issues: (1) continuing deficiencies with Alabama's discovery responses despite its supplementation last week; and (2) concerns regarding the sufficiency of Alabama's production and whether those concerns are best addressed now before Alabama conducts its re-production of its document collection.  As to both of these issues, we remain available to meet and confer if Alabama sees a potential for resolution without court intervention.

### I.   Ongoing Deficiencies with Alabama's Discovery Responses

As you know, the parties engaged in a meet-and-confer on October 16, one day before the deadline for moving to compel discovery responses.  During this meeting, Alabama represented that it would supplement its responses to various deficiencies that BPXP has raised.  As such, BPXP, with Alabama's consent, reserved its right to move to compel on certain issues after reviewing Alabama's supplemental responses, and provided a placeholder in its motion to compel that these deficiencies existed, but remained hopeful that Alabama's supplemental responses would cure these deficiencies.

BPXP has reviewed Alabama's supplemental responses served on October 28, and for the issues identified below, considers Alabama's responses to remain deficient.  If Alabama plans to further supplement its responses to cure the continuing deficiencies, many of which Alabama made no effort to address, we will inform the Court that the parties continue to meet and confer.  Otherwise, we consider the parties at an impasse, and will inform the Court that these issues,

## KIRKLAND & ELLIS LLP

Mr. Corey Maze
November 4, 2014
Page 2

identified as placeholders in our motion to compel, will need to be resolved through court intervention.

### A.   Interrogatories 1, 2, 10, and 12 - State Response and Recovery Costs

BPXP considers Alabama's supplemental responses to these interrogatories deficient. As a preliminary matter, we note that while Alabama supplemented its responses to Interrogatories Nos. 1 and 2, it has not done so for Nos. 10 or 12. Moreover, Alabama's supplemental response to Interrogatory No. 1 is identical to its original response, only removing information about its ABC claim. Alabama still fails to provide any specific damages in response to Interrogatory No. 1, and has not even attempted to address BPXP's arguments regarding Interrogatories 10 and 12. As such, as discussed in BPXP's October 14 letter to Alabama and noted in its October 17 motion to compel, BPXP maintains that Alabama's supplemental response is deficient.

### B.   Interrogatory No. 7 - Physical Injury to a Proprietary Interest Under *Robins Dry Dock*

BPXP considers Alabama's supplemental response to this interrogatory to be deficient. Alabama provides the same "non-exhaustive" list of proprietary interests, does not identify what its damages were or how they were or will be realized, and still improperly maintains that the identification of these losses is subject to expert analysis. Alabama's supplemental response fails to address any of the issues identified in BPXP's motion to compel, and BPXP maintains that Alabama's supplemental response is deficient.

### C.   Interrogatory No. 5 - Use Or Sale Restrictions On Properties For Which Alabama Is Making A Claim

In your September 16 email you wrote regarding this interrogatory that "Alabama will supplement its response with regard to restrictions on use for properties subject to the State's claims," but Alabama has not done so. Because Alabama has not supplemented its response to provide this information, notwithstanding its agreement to do so, we understand that Alabama does not intend to provide this information.

### D.   Interrogatory 22 - Alabama's Contention As to Why Defendants Are Not Entitled to an Offset

Your supplemental response asserts that you cannot sufficiently answer this interrogatory because BPXP has not fully answered Alabama's Interrogatory No. 13, and that while Alabama "can generally state that it objects to the usage of any third-party payment as a set-off of the State's damages award, [it] cannot comply with [Defendants'] request to give a 'detailed

## KIRKLAND & ELLIS LLP

Mr. Corey Maze
November 4, 2014
Page 3

description' of its objection because [it] cannot detail the recipient or date of these payments or contributions, nor can [it] detail the designated use of a payment or contribution." As you know, BPXP updated its supplemental response to Alabama's Interrogatory No. 13 on October 28. Please let us know whether Alabama plans to further supplement its response to this interrogatory in light of BPXP's supplemental response to Alabama's Interrogatory No. 13.

### E.  Interrogatories 16, 18 & RFPs 29, 30 - Pre-Incident Oiling and Public Land Closures

During our meet-and-confer on October 16, you indicated that Alabama would provide information and documents responsive to these requests going back to 2000. However, you have not supplemented your responses to Interrogatories 16 and 18, and as far as we understand, you have not supplemented the requests for production to indicate that you would search for and provide responsive documents. Please let us know if Alabama is searching for and producing documents responsive to Defendants' Requests for Production 29 and 30 going back to 2000, and whether it intends to supplement its responses to Interrogatories 16 and 18, as you represented. If Alabama does not have responsive information and documents going back to 2000, please confirm that. Otherwise, we consider the parties at an impasse.

### F.  Requests for Admission Nos. 23 & 24 - Impact of the Moratorium

Because Alabama has supplemented its responses to Requests No. 20–22 and admitted that the national recession "likely had some some form of impact on Alabama's economy," BPXP is unclear as to why Alabama is unable to respond to Defendants' Requests 23 and 24, which are nearly identical to Nos. 20–22, but ask about the deepwater drilling moratorium instead of the national recession. BPXP refers Alabama to its October 13 letter on this issue and requests that Alabama inform us whether it plans to further supplement its responses to these requests. Otherwise, we consider the parties at an impasse.

### G.  Improper Reliance on Rule 33(d)

BPXP has previously requested that Alabama remove its objection to providing information in response to interrogatories that "seek[] the content of documents that will be produced pursuant to Defendants' Requests for Production." (09/02/2014 P. Collier ltr. to C. Maze at 5; 10/01/2014 P. Collier ltr. to C. Maze at 4). In response to your September 15 letter where you asserted that "Alabama is relying on FRCP 33(d), although it did not cite the rule," BPXP has identified why Alabama's purported reliance on Rule 33(d) is improper. (10/01/2014 P. Collier ltr. to C. Maze at 4). Our understanding from the parties' meet-and-confer was that Alabama was going to supplement its responses either to comply with Rule 33(d), or to remove its reliance on Rule 33(d) and provide the requested information in its response. Alabama has

# KIRKLAND & ELLIS LLP

Mr. Corey Maze
November 4, 2014
Page 4

done neither.[1]  Please let us know if Alabama intends to comply with its obligations.  Otherwise, we consider the parties at an impasse.

## II.     Alabama's Re-Production of Its Document Production

Regarding Alabama's proposal to re-produce the entirety of its document production, we understand that Alabama's plan "is to essentially reproduce everything to date and then, on top of that, produce the custodial files that have been coming in.  By that I mean, claw back the original production and literally start over from page 1."  (10/30/2014 Hearing Tr. at 9).  While encouraged by Alabama's continued efforts to address the technical deficiencies with its production, BPXP is also hopeful that Alabama's re-production will resolve the issues previously raised regarding the sufficiency of its original production.

Although the Court has identified that these sufficiency concerns are premature given that Alabama is re-producing its entire production as well as producing additional material from custodial files, I want to take the opportunity to refresh BPXP's sufficiency concerns now in the hope that this will better guide Alabama during its re-production.  Also, to the extent that BPXP can provide further detail regarding its sufficiency concerns, or if there would be a benefit for us to discuss before Alabama incurs substantial expense with respect to its re-production, we are available to meet and confer with Alabama at its convenience.  Although Alabama has represented to the Court that such sufficiency concerns are premature, BPXP believes that discussing these issues now while Alabama's re-production is in its early stages will reduce any further delay and minimize prejudice to the parties.

As previously discussed, BPXP has attempted to evaluate Alabama's original production to the extent possible given its technical deficiencies, and BPXP has noted some meaningful concerns with Alabama's "reasonable search" production.  For example, as noted in the letter BPXP sent on October 23, to which you have not responded, BPXP, using Alabama's custodian metadata field as a guide, has identified that Alabama has produced very few documents from the files of several agencies from whom substantial documentation and data would be expected:

- Alabama Department of Revenue: 492 documents, 491 of which are publically available reports;

- Alabama Legislative Fiscal Office: 54 documents;

- Alabama Tourism Department: 32 documents;

---

[1]  Alabama has listed broad categories of documents in its supplemental response to Interrogatory No. 2.  It has not done this for Interrogatory Nos. 1, 4, 6, 7, 10, and 12, previously identified by BPXP.

# KIRKLAND & ELLIS LLP

Mr. Corey Maze
November 4, 2014
Page 5

- Alabama Department of Finance:  30 documents;

- Alabama Department of Education:  29 documents, 17 of which are the identical 635-page document.

Because Alabama has not indicated that its re-production will involve a different search or collection process, in fact stating that it is "not going back and re-interviewing anyone or re-finding the same documents a second time," (10/30/2014 Hearing Tr. at 14), BPXP is concerned that, if indeed, Alabama's "reasonable search" production is complete for each of the agencies identified in the Court's July 16, 2014 scheduling order,[2] then Alabama's "reasonable search" protocol is deficient and would recommend discussing before Alabama concludes its re-production.

Additionally, because Alabama has previously represented that the "vast amount of [Alabama's] electronic information is maintained by personal computer," and that there is no "centralized" repository were Alabama or its agencies maintain information, (10/23/14 Hearing Tr. 15-16), we understand that Alabama's "reasonable search" for documents has been conducted by searching the computers and files of Alabama department employees.  In that regard, we anticipated a meaningful production of documents from the files of Alabama's Rule 26 witnesses.  A search of Alabama's current production, however, reveals that this is not the case.  Again, while it is possible that these deficiencies will be addressed by Alabama's re-production, Alabama has taken an unclear position regarding its custodial file re-production and BPXP would like to confer with Alabama regarding what Alabama will re-produce, or produce as new, rather than waiting until Alabama completes its reproduction before raising any deficiencies.  For example, Alabama represented to the Court that it is "not going back and re-interviewing anyone or re-finding the dame documents a second time," (10/30/2014 Hearing Tr. at 14), while at the same time that it will "reproduce everything, plus all of the additional information that we have received, including custodial files." *Id.* at 26.  Thus, based on these seemingly inconsistent representations, BPXP is confused as to what exactly Alabama is producing with its new production, and requests clarity.

To illustrate one example that highlights BPXP's concerns, I provide below the results of two search types that BPXP has conducted against Alabama's current document production.  The first column represents a search over Alabama's full production (excluding documents that were not searchable, which BPXP understands Alabama's re-production will address) for documents that contain one or more variations of the name for the witnesses that Alabama has identified in

---

[2] Except for certain documents from ADECA and DOL that BPXP understands are currently being withheld pending resolution of the confidentiality issue regarding personal identifying information.

## KIRKLAND & ELLIS LLP

Mr. Corey Maze
November 4, 2014
Page 6

its Third Amended Rule 26 Disclosures. The second column represents an attempt to find emails from or to the witnesses, including searching the first 150 words for variations of the witness's name, over file types that we believe are likely to be emails (*e.g.*, .html extension documents). Although this analysis is inherently imperfect, and is likely to be over-inclusive, it nonetheless raises reasonable concerns over the sufficiency of Alabama's "reasonable search" production. In particular, the table below shows that a meaningful production appears only to have been conducted from the files of two ADEM employees, Steve Jenkins and Roy Collins, but not any other Rule 26 witness that Alabama has disclosed:

| Name | Results | E-mail Results |
|---|---|---|
| Bill Hornsby | 5 | 0 |
| Bill Newton | 354 | 88 |
| Chris Blankenship | 1,296 | 668 |
| Greg Lein | 173 | 54 |
| Joe Garrett | 0 | 0 |
| Joe Morton | 10 | 0 |
| Kathleen Baxter | 27 | 3 |
| Kelly Butler | 2 | 0 |
| Lee Sentell | 369 | 78 |
| Robert Bentley | 340 | 0 |
| Roy Collins | 51,631 | 34,996 |
| Sherrill Paris | 0 | 0 |
| Steve Jenkins | 45,217 | 29,216 |
| Tammy Rolling | 0 | 0 |
| Tom Surtees | 300 | 107 |
| Tom White | 54 | 8 |
| Warren Craig Pouncey | 2 | 0 |
| Will Gunter | 3 | 0 |

Based on these results it seems clear that Alabama's "reasonable search" has yielded little or no documents from the vast majority of Alabama's Rule 26 witnesses. The limited, if any, production of documents from Alabama's Rule 26 witnesses strongly supports that Alabama's "reasonable search" for responsive documents has been deficient. Even if Alabama re-produces these documents to comply with PTO 16, BPXP is unclear how these deficiencies will be addressed if Alabama is utilizing the same search and collection protocol.

## KIRKLAND & ELLIS LLP

Mr. Corey Maze
November 4, 2014
Page 7

      While encouraged that Alabama is producing additional materials from custodial files in its re-production, we are unclear about when we will receive these additional custodial materials and for what witnesses Alabama will produce these additional materials to address the concerns above. To that end, we propose conferring with Alabama now regarding its additional custodial production to understand whether or not its re-production will address these concerns.

      BPXP is willing to meet-and-confer with Alabama and work with it to resolve the above issues. We look forward to your response.

      Very truly yours,

      *Paul D. Collier*

      Paul D. Collier

cc: Counsel for Defendants