# Exhibit 10

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle<br>Chicago, Illinois  60654 |  |
|---|---|---|
| Paul Collier<br>To Call Writer Directly:<br>(312) 862-2471<br>paul.collier@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

October 14, 2014

**Via E-mail**

Corey L. Maze, Esq.
Special Deputy Attorney General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
cmaze@ago.state.al.us

      Re:    MDL2179 Alabama OPA Economic Claim:  Issues re Alabama's Responses to Defendants' First Set of Discovery Requests

Dear Corey:

      I write on behalf of Defendant BP Exploration & Production Inc. ("BPXP") to address additional issues with Alabama's discovery responses prior to the motion to compel deadline, in particular Alabama's responses to Defendants' Interrogatory Nos. 1, 2, 10, and 12.

    **I.**    **Inadequate Discovery Responses Regarding Alabama's Claimed Unreimbursed Response and Recovery Costs.**

      In Alabama's Rule 26 initial disclosures and amendments, it identified "State Response and Recovery Costs" as a category of damages that may "total, and perhaps exceed, $14 million."  Alabama, however, has not provided sufficient description of these claims costs in response to Defendants' Interrogatory Nos. 1, 2, 10, and 12.

      In its initial and supplemental responses to Alabama's Interrogatory No. 13, BPXP has identified payments that it has provided to Alabama relating to the *Deepwater Horizon* oil spill, and that may relate to and offset Alabama's claimed response and recovery costs.  Despite BPXP's attempt through its discovery requests to obtain additional information regarding the response and recovery costs that Alabama is claiming, Alabama has not provided specific information about these costs, including when and how specifically these costs were incurred, and how those costs were related to the oil spill.[1]  For example, in response to Interrogatory No.

---

[1]    BPXP also identifies that Alabama has not provided such specifics for the other categories of damages it claims, asserting that it calls for expert and legal analysis.

**KIRKLAND & ELLIS LLP**

Corey Maze, Esq.
October 14, 2014
Page 2

10, Alabama identifies the dollar value for "Contract / Grant Facilitation Costs" purportedly incurred by ADECA and certain "Fund Costs" purportedly incurred by the Department of Labor, but does not explain specifically what these costs comprise or when they were incurred. Similarly, Alabama identifies dollar values of certain ADECA, ADEM, and Department of Labor personnel, salary, benefits, travel, overhead, and per diem costs purportedly incurred as part of the State's response and recovery efforts, but does not explain what jobs, tasks, or functions the State's personnel were doing to incur these costs, how these costs are attributable to the oil spill, or when they were incurred. In short, Alabama has not identified the response and recovery costs it is claiming with any level of particularity that would allow BPXP to identify whether specific response cost payments that it has made to Alabama overlap with these asserted costs and may therefore offset Alabama's claims.

In response to Defendants' Interrogatory Nos. 1 and 2, Alabama also makes several improper objections, including that it is withholding information because these interrogatories call for legal and expert conclusions. But the identification of response costs for which Alabama is asserting claims, and the factual information relating to those unreimbursed costs for which it seeks reimbursement, does not call for expert discovery or legal conclusions. Alabama thus should identify the specific response and recovery costs that it is claiming, as well as specific information about those costs, such how the costs were realized. Alabama knows what these unreimbursed costs are, yet is withholding factual information about them—this is not proper and is not the subject of expert discovery.

## II. Insufficient Identification of Documents Upon Which Alabama Relies.

Moreover, in several instances, in its responses to Interrogatory Nos. 1 and 2, Alabama identifies vague categories of documents upon which it intends to base its claims but does not identify these documents with sufficient particularity. For example, in response to Interrogatory No. 2, Alabama states that it intends to support its physical property damage claim with "oiling data and information; data and information referencing the location and operation of oil removal activities within Alabama's territorial waters and lands; property ownership information; [and] information maintained by the Baldwin County and Mobile County tax assessors." Alabama's vague reference to documents that contain the requested information is not a full and complete response, and BPXP requests that Alabama either provide the requisite information in its response or comply with its Rule 33(d) obligations by identifying these documents with sufficient particularity.[2]

---

[2] Moreover, Alabama does not provide any information regarding its physical property damage claim in response to Defendants' Interrogatory No. 1.

## KIRKLAND & ELLIS LLP

Corey Maze, Esq.
October 14, 2014
Page 3

    Regarding Alabama's tax loss claim, Alabama's response to Interrogatory No. 2 states that it will rely in part on "periodic tax revenue data and information maintained by the Department of Revenue and the Department of Finance," but does not identify what this data and information comprises or where it can be located in Alabama's document production.  Similar issues exist regarding the categories of documents Alabama identifies as supporting its financial impact and increased cost of public services claim, ADECA claim, ADEM claim, DCNR claim, and Department of Labor claim.  As such, BPXP requests that Alabama supplement its responses to Interrogatories Nos. 1 and 2 with more specific figures, formulas, and information.  To the extent Alabama identifies categories of documents upon which it intends to rely in support of its claims, Alabama must identify those documents with sufficient particularity to allow Defendants to locate them within Alabama's production or obtain them from the relevant third party.

                            Very truly yours,

                            *Paul D. Collier*

                            Paul D. Collier