# KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, Louisiana 70130
(504) 524-5777
FAX: (504) 524-5763

November 10, 2014

Via Email: Sally_Shushan@laed.uscourts.gov
Magistrate Judge Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

                Re:    *In re: Oil Spill by the Oil rig "Deepwater Horizon"
                        in the Gulf of Mexico, on April 20, 2010*

Dear Judge Shushan:

      The State of Louisiana seeks this Court's assistance regarding certain issues identified by the recent exchange of expert reports among the parties to the federal Clean Water Act Penalty Phase ("Penalty Phase") litigation. Although the District Court has stated that it would not try the outstanding natural resource damages claims within the Penalty Phase litigation,[1] several of the topics addressed by the parties' experts have significant implications for the natural resource damages cases of the affected states, which are not parties to the Penalty Phase.

      Of particular concern are issues that have surfaced in the expert reports produced to date involving critical components of the State of Louisiana's damages case (both economic and environmental damages), but that are not central to the Penalty Phase litigation. Specifically, BP is relying on its experts to critique portions of the natural resource damage and economic damage allegations raised in Louisiana's complaints. This includes proffering evidence to assert that BP's alleged contributions to the economies of the Gulf states (including contributions unrelated to the *Deepwater Horizon* Spill) negate, or even exceed the damages to the states' economies caused by the *Deepwater Horizon* Spill. Additionally, both BP and the United States have produced expert reports containing criticism of specific response methodologies used in Louisiana, such as sand berm construction and freshwater river diversions, which were designed to mitigate damages to the State's resources. These examples are not exhaustive, but illustrate the level of detail of the information that will be examined during expert discovery for the Penalty Phase. The United States does not share a common interest with Louisiana on these issues, as demonstrated in its expert reports. As such, the Court is likely to hear evidence and proffered expert opinion and potentially rule on matters critical to Louisiana's case that Louisiana has not had an opportunity to rebut. As the Court is aware, this case is a matter of great public interest in Louisiana. It would be a disservice to the public to provide BP with an

---

[1] Status Conference Tr. 66, March 21, 2014.

exclusive opportunity (without rebuttal) to attack aspects of Louisiana's natural resource damages and economic harm cases.

As the Court noted at the March 21, 2014 Status Conference during discussions regarding the scope of the Penalty Phase trial, the factors for consideration to determine the Clean Water Act penalty do not require an assessment of the extent of the environmental and economic damage caused by the violation, but should address merely "a determination of the magnitude of the violation." (Status Conference Tr. 83-84). Nonetheless, there has been extensive discovery, including in the context of the recent expert reports, regarding the potential environmental and economic effects of the *Deepwater Horizon* Spill. While there may be incentive for BP to elicit as much evidence as possible on the extent of the environmental damage at this stage, including targeted attacks on state-specific issues, there exists little incentive (and in some instances a lack of foundational information) for the United States to fully engage and rebut BP's state-specific contentions given the inherent limitations on the burden of proof regarding the seriousness factor of the penalty inquiry under the Clean Water Act.

The exclusion of nonparties from the discovery facet of the Penalty Phase litigation (with the exception of transcripts of depositions and expert reports once completed), while understandable for case management purposes, not only removed the opportunity for timely and appropriate rebuttal of certain of BP's assertions, particularly with respect to allegations regarding specific expenditures in the affected states, but also denied the states access to information that is critical to their individual cases and will result in duplicative discovery in the litigation of the individual cases. Moreover, if BP is successful in limiting depositions to one per witness, the affected states are placed at great risk of losing the only opportunity to challenge BP's injury narrative prior to trial of the states' economic or natural resource damage claims.

In light of the apparent overlapping concerns between the current Penalty Phase and federal and state claims, Louisiana requests a formal affirmation, similar to that issued by the Court issued in the context of class certification, that findings reached in the context of the Penalty Phase, to which Louisiana is not a party, will not be binding upon the State in the context of a later trial of its claims.

Cordially,

_____
Allan Kanner
Kanner & Whiteley, LLC

Special Counsel to the
Louisiana Attorney General, James D.
"Buddy" Caldwell

cc: Trey Phillips First Assistant AG / Megan K. Terrell, AAG
     Allen Usry, Esq.
     Henry T. Dart, Esq.
     Jimmy R. Faircloth, Jr., Esq.