UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA (New Orleans)
Case No. 2:10-md-02179-CJB-SS

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>Of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION "J"<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### ECONOMIC CLASS MEMBER ISLAND CRAB CORPORATION'S MOTION FOR RECONSIDERATION OF DENIAL OF REQUEST FOR JUDICIAL REVIEW

Island Crab Corporation ("Island Crab") respectfully requests this Court to reconsider its denial of Island Crab's Request for Judicial Review and as grounds therefor states:

1. Island Crab is a commercial processor and wholesaler of fresh seafood, principally blue crab, stone crab, clams, oysters, and other seafood caught in the Gulf of Mexico and purchased from local commercial fisherman off the Southwest Florida coast. As such, Island Crab is a "Primary Seafood Processor" as defined in Exhibit 3 of the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Settlement Agreement"). As a Primary Seafood Processor located in Zone C, causation is presumed pursuant to Exhibit 4 B of the Settlement Agreement.

2. On January 28, 2013, Island Crab filed a Business Economic Loss Claim with the Deepwater Horizon Claim Center.

3. On August 30, 2013, the Claim Center issued an Eligibility Notice advising Island Crab that it was "eligible" for a Settlement Payment, but that the Claimant "suffered no loss."

4. After Island Crab's Request for Reconsideration resulted in the same determination by the Claims Office, Island Crab appealed the claim denial to the Appeal Panel established by the Settlement Agreement on July 16, 2014.

5. On September 29, 2014, the Appeal Panel issued its decision upholding the denial of Island Crab's claim based on the Claims Administrator's Policy-372. This policy incorrectly interprets the Settlement Agreement to require "negative compensation" resulting from the Step 1 Compensation calculation to offset compensation otherwise due to Claimants under the Step 2 calculation.

6. On October 10, 2014, Island Crab filed its Request for Discretionary Review by the Court pursuant to Sections 6.6 and 18.1 of the Settlement Agreement.

7. On November 11, 2014, Island Crab was notified by the Claims Office that the Court had denied the Request for Discretionary Review.

8. However, Island Crab has not received a copy of any Order from the Court denying the Request for Discretionary Review.

9. Through this Motion, Island Crab seeks clarification as to whether the Court in fact considered and denied its Request for Discretionary Review. If so, Island Crab respectfully requests the Court to reconsider its denial and to review the Appeal Panel's determination de novo.

10. Pursuant to Section 18.1 of the Settlement Agreement, this Court retained exclusive jurisdiction over the Parties, including all Economic Class Members, and to resolve "[a]ny disputes or controversies arising out of or related to the interpretation, enforcement, or implementation of the Agreement…by motion to the Court."

11. Further, Section 6.6 of the Settlement Agreement provides that: "The Court maintains the discretionary right to review any Appeal Determination to consider whether the determination was in compliance with the Agreement. Upon reviewing such a determination, the Court shall treat the appeal determination as if it were a recommendation by a Magistrate Judge."

12. This case centers upon a pure issue of law and contract interpretation, specifically:

> Does the Settlement Agreement allow a negative compensation amount resulting from the Step 1 calculation to be deducted from compensation otherwise due by the Step 2 calculation to totally offset a Claimant's Total Compensation Amount, as the Administrator has done in this case pursuant to his Policy-372?

13. As explained in Island Crab's Request for Discretionary Review by the Court (Exhibit 12 attached hereto), Policy-372 is not in compliance with the Settlement Agreement. Rather, Policy-372 purports to rewrite the Settlement Agreement by adding terms not present in the Settlement Agreement, and failing to give effect to clear and unambiguous terms that do appear in the Settlement Agreement, to reach an illogical and incongruous result.

14. Because this case presents a pure question of law which applies not only to Island Crab, but doubtless hundreds, if not thousands, of other claimants, this Court should review this fundamental issue and clarify the correct interpretation of the Settlement Agreement for the benefit of all parties.

15. To provide the Court with a record on which to consider the issue, Island Crab attaches the following:

Exhibit 1    Eligibility Notice dated August 30, 2013

Exhibit 2    Island Crab Corporation's Request for Reconsideration dated September 25, 2013

Exhibit 3    Post-Reconsideration of Eligibility Notice dated June 20, 2014

| | | |
|---|---|---|
| Exhibit 4 | | Island Crab Corporation's Appeal to Appeal Panel dated July 16, 2014 |
| Exhibit 5 | | Notice of Claimant Appeal of Eligible Claim dated July 16, 2014 |
| Exhibit 6 | | BP's Initial Proposal Regarding Claim No. 141404 filed August 1, 2014 |
| Exhibit 7 | | Island Crab Corporation's Response to BP's Initial Proposal and Island Crab's Final Proposal filed August 7, 2014 |
| Exhibit 8 | | BP's Final Proposal Regarding Claim No. 141404 filed August 11, 2014 |
| Exhibit 9 | | Notice of Final Proposal dated August 12, 2014 |
| Exhibit 10 | | Notice of Appeal Panel Decision dated September 29, 2014 |
| Exhibit 11 | | Post-Appeal Eligibility Notice dated September 30, 2014 |
| Exhibit 12 | | Island Crab's Request for Discretionary Review by the Court dated October 9, 2014 |
| Exhibit 13 | | Objection to Claimant's Request for Discretionary Review Regarding Claim No. 141404 filed October 27, 2014 |
| Exhibit 14 | | Appeal Panel Decision Form (from Claim Administrator's Report) filed October 31, 2014 |
| Exhibit 15 | | Denial of Request for Discretionary Court Review Notice dated November 11, 2014 |

16. Pursuant to Section 18.2 of the Settlement Agreement, the undersigned certifies that he has written to counsel for BP requesting a conference to discuss a resolution of this matter prior to filing this Motion, but to date has received no response.

WHEREFORE, Island Crab Corporation respectfully requests this Court to grant discretionary review of Policy-372 in the context of this case, reverse the decision of the Claims Administrator and the Appeal Panel based on this policy, and remand the case to the Claims Administrator with instructions to pay Island Crab's claim in full in the amount of $176,712.48.

Dated this 21st day of November, 2014.

        Respectfully submitted,

        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
        Attorneys for Claimant, Island Crab Corporation


        By: /s/ Lawrence A. Farese
           **LAWRENCE A. FARESE**
           Florida Bar No. 252808
           LAFarese@rkmc.com
           TLKriberscheck@rkmc.com
           711 Fifth Avenue South, Suite 201
           Naples, Florida 34102
           (239) 430-7070 Telephone
           (239) 213-1970 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2014, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record and all counsel on the attached Service List.

/s/ Lawrence A. Farese

**SERVICE LIST**

Richard C. Stanley, Esq.
Bryan c. Reuter, Esq.
Stanley, Reuter, Ross, Thornton & Alford, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
res@stanleyreuter.com

Phillip A. Wittmann, Esq.
John M. Landis, Esq.
C. Lawrence Orlansky, Esq.
Maggie A. Broussard, Esq.
Stone, Pigman, Walther, Wittmann, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
pwittmann@stonepigman.com

Attorneys for the Deepwater Horizon Court Supervised Settlement Program and Patrick A. Juneau, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program administering the Deepwater Horizon Economic and Property Damages Settlement Agreement, and in his official capacity as Trustee of the Deepwater Horizon Economic and Property Damage Settlement Trust


Mark Holstein, Esq.
BP America, Inc.
501 Westlake Park Boulevard
Houston, Texas 77079

Daniel A. Cantor, Esq.
Andrew T. Karron, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004

Jeffrey Lennard, Esq.
Keith Moskowitz, Esq.
Dentons US LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606

Kevin M. Downey, Esq.
F. Lane Heard, III, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

S. Gene Fendler, Esq.
Don K. Haycraft, Esq.
R. Keith Jarrett, Esq.
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139

Richard C. Godfrey, P.C.
Wendy L. Bloom, Esq.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654

Jeffrey Bossert Clark, Esq.
Dominic E. Draye, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Attorneys for BP Exploration & Production, Inc. and BP America Production Company


James P. Roy, Esq.
Domengeaux, Wright, Roy & Edwards
556 Jefferson Street
Lafayette, Louisiana 70502
jimr@wrightroy.com

Stephen J. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
sherman@hhkc.com

Attorneys for Plaintiff

65290848.1