# EXHIBIT 6

<u>BP'S INITIAL PROPOSAL REGARDING CLAIM NO. 141404</u>

<u>INTRODUCTION</u>

BP Exploration & Production Inc. ("BP") respectfully submits this Initial Proposal regarding Claimant Island Crab Corporation's Appeal of Claim No. 141404.

The Settlement Program determined on two separate occasions that this Business Economic Loss ("BEL") claim was not eligible to receive a Settlement Payment. *See* Eligibility Notice (Doc. ID 12084649); Post-Reconsideration Eligibility Notice (Doc. ID 14746035).

Claimant identifies three grounds for its appeal, alleging that (1) the calculation of Step 1 compensation cannot be negative and cannot be deducted from the Step 2 calculation; (2) the Settlement Program should have selected a different Compensation Period; and (3) Claimant is entitled to Accounting Support Reimbursement. *See* Claimant Notice of Appeal (Doc. ID 14866686).

It is apparent from the record that the appeal has no merit. As Claimant admits in its Notice of Appeal, both the plain language of the Settlement Agreement and Policy 372 refute Claimant's argument that Step 1 cannot be negative. Claimant's second argument is similarly unavailing. The Settlement Program selected the Compensation Period resulting in the largest total compensation for Claimant; Claimant's argument to the contrary is premised on its incorrect notion that Step 1 cannot be negative. Finally, the Settlement Agreement provides that only claimants who receive Settlement Payments are eligible for reimbursement of accounting services. Claimant did not receive a Settlement Payment, and is therefore not eligible for reimbursement. The Settlement Program's determination of this claim should be upheld.

1

## EXPLANATION OF BP'S POSITION

A.  The Settlement Agreement and Policy 372 Require Step 1 Compensation, Whether Positive or Negative, To Be Added to Step 2 Compensation

The Settlement Agreement provides that the Settlement Program must calculate total compensation by adding Step 1 compensation and Step 2 compensation, and does not distinguish between positive and negative compensation:

> Total Compensation is calculated as follows:
>
> (1) **Add Step 1 Compensation to Step 2 Compensation.**
>
> (2) Apply the agreed-upon Risk Transfer Premium (RTP).
>
> (3) Where applicable, subtract from **the sum of Step 1 Compensation and Step 2 Compensation** any payments received by the claimant from BP or the GCCF pursuant to BP's OPA claims process, as well as any VoO Settlement Payment Offset and VoO Earned Income Offset.

Settlement Agreement, Ex. 4C at 5 (emphasis added).

Policy 372 confirms that Step 1compensation, whether positive or negative, must be added to Step 2 compensation:

> The results of Step 1, whether positive or negative, should be added to results of Step 2. Substituting a negative result for Step 1 with zero may overstate the claimant's lost variable profit during the compensation period as there is an inherent relationship between the Step 1 and Step 2 calculations.

Policy 372, Version 2 (attached hereto as Exhibit 1).

Here, Claimant concedes that under Exhibit 4C, "Total Compensation is calculated by **adding** Step 1 Compensation to Step 2 Compensation and applying the applicable Risk Transfer Premium ('RTP')." *See* Claimant Notice of Appeal at 2 (Doc ID 14866686) (emphasis added). Claimant nevertheless alleges that the Settlement Agreement "requires that Step 1 Compensation be added to Step 2 Compensation **to increase** Total Compensation." *Id.* (emphasis added).

2

Claimant is incorrect. Claimant cannot point to any language in Exhibit 4C that requires Step 1 to "increase" Total Compensation, because there is none.

Policy 372 specifically confirms that the Settlement Program must add Step 1 compensation, whether positive or negative, to Step 2 compensation. *See* Policy 372 at 3. Claimant nevertheless argues that (1) the Claims Administrator "does not have the authority to rewrite the Settlement Agreement by issuing policies"; and (2) that Policy 372 "has no application to this case" because Version 2 applies to "All Claims Greater than Active Date," which is April 23, 2013. These arguments have no merit.

First, Policy 372 does not "rewrite the Settlement Agreement." To the contrary, the Policy confirms the plain language of the Settlement Agreement. The Settlement Agreement expressly provides that the Settlement Program must calculate total compensation by adding Step 1 compensation and Step 2 compensation. *See* Settlement Agreement, Ex. 4C at 5. Policy 372 Moreover, the Policy explains why *Claimant's* argument — that negative Step 1 compensation should be replaced with a zero — would subvert the Settlement Agreement: "Substituting a negative result for Step 1 with zero may overstate the claimant's lost variable profit during the compensation period as there is an inherent relationship between the Step 1 and Step 2 calculations." *See* Policy 372.

Second, both versions of Policy 372 unambiguously apply to this claim,[1] and both versions require that the "results of Step 1, whether positive or negative, should be added to results of Step 2." The result is the same regardless of which version is applied to this claim —

---

[1] Version 1 of Policy 372 was issued on June 15, 2012, with an Active Date of June 15, 2012 and an Announced Date of June 15, 2012. *See* Policy 372, Version 1. Version 1 was applicable to "All Claims Regardless of Active Date." *See id.* Version 2 of Policy 372 is applicable to "all Claims Greater than Active Date," which is April 23, 2013. *See* Policy 372, Version 2. The Settlement Program issued the Eligibility Notice on August 30, 2013, after the Active Date.

Claimant's negative Step 1 calculation must be added to the Step 2 calculation. The Settlement Program did precisely that, and its calculation must be upheld.

B.  <u>The Settlement Program Selected the Correct Compensation Period for the Step 2 Calculation</u>

The Settlement Program selected the Compensation Period that provides the largest total compensation, as required by the Settlement Agreement, and that selection must be upheld. The Settlement Agreement provides that claimants may choose a six-month period for calculating Step 2 Compensation, but that if claimants "chose a seven-consecutive-month or eight-consecutive-month period in Step 1, . . . that same period of identical consecutive months in 2010 shall be used for Step 2." Settlement Agreement, Ex. 4C at 4. The Settlement Agreement provides an example: If a claimant selected the June - December Compensation Period for the Step 1 calculation, it must use the same period for the Step 2 calculation. *See id.* at 5, Example 1.

Here, the Settlement Program selected the July - December Compensation Period for Step 2, but Claimant argues that the Settlement Program should have selected the May - December period. Claimant's argument is premised on the incorrect notion that negative Step 1 Compensation should be replaced with a zero. As established *supra*, this is incorrect. As the chart below demonstrates, Step 1 Compensation during the September - November period selected by the Settlement Program is *negative* $57,243.08, but Step 1 Compensation during the May - December period requested by Claimant is *negative* $221,469.84. Because Claimant incorrectly believes that any negative value should be replaced with a zero, Claimant believes that its selected period will result in a larger award. Claimant is incorrect. Adding the results of the Step 1, whether positive or negative, to the results of Step 2 — as required by the Settlement

4

Agreement and Policy 372 — results in a *more* negative award, as demonstrated by the following chart:

|  | Settlement Program Selected Period | Claimant Selected Period |
|---|---|---|
| Step 1 Compensation: | *negative* $57,243.08 | *negative* $221,469.84 |
| Step 2 Compensation | $29,554.69 | $37,834.59 |
| Compensation Amount: | *negative* $27,688.39 | *negative* $183,635.25 |

Thus, there was no error in the selection of Compensation Periods by the Settlement Program. It selected the period which results in the largest compensation amount for Claimant. Importantly, the end result from using either the period suggested by Claimant and the period used by the Settlement Program is the same — that Claimant is ineligible for a compensation award.

C.  Claimant Is Ineligible for Accounting Support Reimbursement

Claimant correctly concedes that "only those Claimants who receive Settlement Payments are eligible for reimbursement of accounting services pursuant to Section 4.4.13.1 of the Settlement Agreement." *See* Claimant Notice of Appeal at 5-6; *see also* Settlement Agreement, at Section 4.4.13.1. As established above, the Settlement Program correctly determined that Claimant was not eligible to receive a Settlement Payment. Accordingly, the Settlement Program correctly determined that Claimant was not eligible for Accounting Services Reimbursement.

\* \* \*

The Settlement Program reviewed this claim two times and each time correctly concluded that Claimant was not eligible to receive a Settlement Payment. The record evidence supports the Settlement Program's calculation. For the foregoing reasons, the Settlement Program's calculation should be upheld.

# Exhibit 1

# DEEPWATER HORIZON CLAIMS CENTER
ECONOMIC & PROPERTY DAMAGE CLAIMS

| Pol-372 v2 | CLAIMS ADMINISTRATOR'S APPROVED POLICY |
|---|---|

## I. Profile - EXTERNAL

| Subject | Business Economic Loss Claims: Losses Calculation | | |
|---|---|---|---|
| **Active Date** | 4/23/13 | **Policy Impact** | ☐ All Claims Regardless of Active Date<br>☒ All Claims Greater than Active Date |
| **Type of Decision** | | Claims Administrator Decision | |
| **Settlement Agreement Reference** | | | |
| **Affected Claim Types and/or Review Processes** | | BEL | |
| **Superseding Information** | | Policy 372 v2 revises Policy 372 v1 on 04/23/2013 | |

## II. Summary

The results of Step 1, whether positive or negative, should be added to results of Step 2. Substituting a negative result for Step 1 with zero may overstate the claimant's lost variable profit during the compensation period as there is an inherent relationship between the Step 1 and Step 2 calculations.