# EXHIBIT 8

<u>BP'S FINAL PROPOSAL REGARDING CLAIM NO. 141404</u>

On July 31, 2014, BP Exploration & Production Inc. ("BP") filed its Initial Proposal with regard to Claim No. 141404 (Claimant Island Crab Corporation). BP respectfully refers the Appeals Panel to its Initial Proposal for a discussion of the issues in this appeal and supplements it as follows:

The central issue on appeal is whether the Settlement Program must calculate total compensation by adding Step 1 compensation and Step 2 compensation, as required by the Settlement Agreement and Policy 372.

The plain language of the Settlement Agreement provides that the Settlement Program must calculate total compensation by adding Step 1 compensation and Step 2 compensation, and does not distinguish between positive and negative compensation. Settlement Agreement, Ex. 4C at 5 (emphasis added). Policy 372 confirms that Step 1 compensation, whether positive or negative, must be added to Step 2 compensation:

> The results of Step 1, **whether positive or negative**, should be added to results of Step 2. Substituting a negative result for Step 1 with zero may overstate the claimant's lost variable profit during the compensation period as there is an inherent relationship between the Step 1 and Step 2 calculations.

Policy 372, Version 2 (emphasis added).

There is a simple, commonsense reason for this Policy, which embodies the plain language of the Settlement Agreement: "Substituting a negative result for Step 1 with zero may overstate the claimant's lost variable profit during the compensation period as there is an inherent relationship between the Step 1 and Step 2 calculations." *See* Policy 372.

Claimant nevertheless persists in arguing that Step 1 Compensation cannot be negative. Doing so would not only violate the express terms of the Settlement Agreement and Policy 372, it would violate the holdings of the Fifth Circuit and the District Court. As the Fifth Circuit

68164471v1

explained, "the ostensible goal of the settlement [is] compensating claimants for real losses." *In re Deepwater Horizon*, 732 F.3d 326, 338 (5th Cir. 2013). As Policy 372 states, substituting a zero for a negative result for Step 1 decouples the award from economic reality and overstates claimants' lost variable profit, making it impossible to issue an award that compensates claimants for real losses. *See* Policy 372. Claimant's arguments deviate from the Settlement Agreement and established Settlement Program policy and threaten to sever the connection between awards and economic reality. The Settlement Agreement, Policy 372, and the Fifth Circuit all forbid such a result.

    The Settlement Program reviewed this claim two times and each time correctly concluded that Claimant was not eligible to receive a Settlement Payment. The record evidence supports the Settlement Program's calculation. For the foregoing reasons, the Settlement Program's calculation should be upheld.