# EXHIBIT 10




# NOTICE OF APPEAL PANEL DECISION

**DATE OF NOTICE: September 29, 2014**

**DEADLINE TO REQUEST DISCRETIONARY COURT REVIEW: October 14, 2014**

**DEADLINE TO OBJECT TO REQUEST FOR DISCRETIONARY COURT REVIEW: October 24, 2014**

## I. CLAIMANT AND CLAIM INFORMATION

| | Last/Name of Business | First | Middle |
|---|---|---|---|
| **Claimant Name** | Island Crab Corporation | | |
| **Claimant ID** | 100168174 | **Claim ID** | 141404 |
| **Claim Type** | Business Economic Loss | | |
| **Law Firm** | Robins, Kaplan, Miller & Ciresi L.L.P. | | |

## II. APPEAL PANEL DECISION

The Economic and Property Damages Settlement Agreement ("Settlement Agreement") written by Class Counsel and BP requires the Claims Administrator to designate an Appeals Coordinator to coordinate the Appeals Process. This Notice is an official communication from the Appeals Coordinator and relates to the claim identified in Section I. BP or the claimant appealed this claim, and the Appeals Coordinator submitted the claim for Appeal Panel review. The Appeal Panel has completed its review of the Appeal and has reached a final decision on the claim. The details of the Appeal Panel's decision are below, as well as any comment left by the Appeal Panel:

| | | Proposal Chosen |
|---|---|---|
| **Compensation Amount** | ($27,688.39) | BP |
| **Risk Transfer Premium Multiplier** | 3.00 | BP |
| **Prior Payment Offset** | $0.00 | BP |

The Compensation Amount awarded by the Appeal Panel will appear in Section II, line 1 of your Post-Appeal Eligibility Notice. We will increase this Compensation Amount by the applicable Risk Transfer Premium, if any, and also decrease this Compensation Amount by any applicable offsets to determine your Award Amount. If this was a Claimant Appeal of a Post-Reconsideration Eligibility Notice and the claimant prevailed upon appeal, the pre-Risk Transfer Premium Compensation Amount will be increased by 5%. If we have received notice of any outstanding lien, we will also deduct that applicable amount from your Award Amount.

The Appeal Panel's decision will stand as the Settlement Program's final determination on this claim.

## III. APPEAL PANEL COMMENT

Claimant, a Southwest Florida seafood wholesaler and processor, filed a BEL claim under the Settlement Agreement. The Claims Administrator determined that Claimant's Step 1 compensation amount was negative because Claimant's 2010 variable profit exceeded its 2009 Benchmark Period variable profit by $27,688.39. When this negative figure was added to the Step 2 compensation amount, the result was still negative and, thus, Claimant was determined to have suffered no loss. Claimant appeals.

Claimant concedes that it is not entitled to Step 1 compensation because it suffered no loss. Claimant takes issue with the concept of a "negative" compensation amount and argues that, since it is not being compensated, the Step 1 figure should reflect $0, instead of a negative amount. Further, Claimant argues that the Claims Administrator's reliance on Policy 372 is inconsistent with the Settlement Agreement. Claimant also maintains that the Claims Administrator failed to accurately calculate its Step 2 award and failed to reimburse it for accounting support.

The Settlement Agreement clearly requires the Claims Administrator to add the Step 1 compensation amount to the Step 2 amount to determine a claimant's total compensation. It says nothing about whether either amount is a positive or negative figure. The Claims Administrator contends that, to substitute a "0" for a negative amount in the Step 1 analysis could overstate a claimant's loss. This is the basis for Policy 372 and is in keeping with the Settlement Agreement.

I find no error on the part of the Claims Administrator in calculating Claimant's entitlement to compensation. Since Claimant is not receiving an award, it is not entitled to reimbursement for accounting support.

The appeal is denied.

## IV. DISCRETIONARY COURT REVIEW PROCESS

The Settlement Agreement states that the Court has the discretionary right to review any appeal determination to consider whether it is in compliance with the Settlement Agreement. There is no right of automatic appeal to the Court, and the Court has stated that reviews of Appeal Panel determinations will be granted only in exceptional circumstances.

BP, Claimants, and Class Counsel may request discretionary court review of an appeal determination. The issues that the Court may review are limited to those issues that were properly raised before the Appeal Panel. To request discretionary court review, you must submit a Request for Discretionary Review by the Court ("Request") to the Appeals Coordinator on or before the deadline date to request for discretionary court review listed at the top of this Notice. Any applicable payment cannot be issued until the deadline date listed at the top of this Notice has passed without a request for discretionary review or, if a request is submitted, the discretionary review process is complete.

Your Request must be no longer than three double-spaced typewritten pages. The Request must contain the following information: (a) A clear statement of how the determination by the Appeal Panel failed to comply with the Settlement Agreement and why the extraordinary relief of review by the Court should be granted in this instance; and (b) the relief sought.

After submission of a Request, the opposing party may submit an Objection to the Request ("Objection"). It is not mandatory. If you elect to submit an Objection, you must submit it to the Appeals Coordinator on or before the deadline date to object to the request for discretionary court review listed at the top of this Notice. The Objection must be no longer than three double-spaced typewritten pages.

If you use the Deepwater Horizon Portal, you must submit your discretionary court review documents and information through the portal. If you do not use the portal, requests and objections must be submitted by email to the Appeals Coordinator at **AppealsCoordinator@dhecc.com**. Do not submit any documents to the Court, Class Counsel, or any other party. You must send all documents to the Appeals Coordinator.

After the period for submitting Requests and Objections has passed, the Court will either grant or deny the Request. If the Court denies the Request, you will receive a Notice of Denial of Request for Discretionary Review by the Court, and the claim will be processed according to the decision of the Appeal Panel. If the Court grants the Request, you will receive a Notice of Granting of Request for Discretionary Review by the Court and additional documentation from the claim file will be provided to the Court. When the Court makes a Decision, you will receive a Notice of Court Decision, and the claim will be processed in accordance with the Court's direction.

If no Request is submitted, the Claims Administrator will submit the claim for payment, if applicable.

## V. HOW TO RESPOND TO THIS NOTICE

Submit your **Request or Objection** to the Appeals Coordinator through the Deepwater Horizon Portal. If you are not a Portal user, you must email the address below and note the Claim ID on the top page of all documents you submit.

| | |
|---|---|
| **By Email**<br>(Sent no later than 12:00 midnight local time on your request deadline) | AppealsCoordinator@dhecc.com |

## VI. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

For questions about this Notice of Appeal Panel Decision or the status of your other claim(s), contact the Claimant Communications Center at 1-800-353-1262 or send an email to **Questions@dhecc.com.** If you are a law firm or claims preparation company, call or email your designated DWH Contact for help or assistance. You may also visit a Claimant Assistance Center for help. For a complete list of Claimant Assistance Centers, go to **www.deepwaterhorizoneconomicsettlement.com.**