# EXHIBIT 12

## ISLAND CRAB CORPORATION'S REQUEST
## FOR DISCRETIONARY REVIEW BY THE COURT

Claimant ID 100168174 - Claim ID 141404

### Introduction

Is there such a thing as negative compensation? There is now. The Claims Administrator has misinterpreted the Settlement Agreement to create such a concept. This request seeks judicial review of Policy-372, which operated to deny compensation due by the Settlement Agreement to this primary seafood processor on the Gulf of Mexico, and doubtless thousands of other claimants. The issue presented is simply this:

> Does the Settlement Agreement allow a negative compensation amount resulting from the Step 1 Calculation to be deducted from Compensation otherwise due by the Step 2 calculation to totally offset a Claimant's total compensation amount, as the Administrator has done in this case pursuant to his Policy-372?

### Argument

Pursuant to the Settlement Agreement, the compensation framework for business economic loss claims is divided into two steps. Step 1 "Compensates Claimants for any reduction in profit between the 2010 Compensation Period selected by the Claimant and the comparable months of the Benchmark Period." (Settlement Agreement Exhibit 4C at page 1). Step 2 "Compensates Claimants for incremental profits the claimant might have expected to generate in the absence of the spill" based on the Claimant's actual growth in revenue in January-April 2010 as compared to the same months in the Benchmark Period. (Id.).

Thus, the two-step process is designed to **compensate** Claimants for two different losses: Step 1 is designed to **compensate** Claimants for any **actual loss in profits** it suffered in the post-spill months of 2010 compared to Benchmark. Step 2 is designed to **compensate** Claimants for the loss of presumed **additional growth in profits** it might have expected to generate but for the spill.

The Settlement Agreement says: "Total Compensation is calculated as follows: (1) Add Step 1 **Compensation** to Step 2 **Compensation**. (2) Apply the agreed-upon Risk Transfer Premium ("RTP")...."[1] (Id. at p. 5; emphasis added).

The term "Compensation" is not defined in the Settlement Agreement.[2] Therefore, the plain and ordinary meaning of the word must control. The plain and ordinary meaning of the word "compensation" in this context is the "**payment** of damages...that a court orders to be done by a person who has caused injury to another." Black's Law Dictionary (8th Ed.) (Emphasis added). In the layman's terms, "compensation" means "**payment, remuneration.**" Merriam-Webster Dictionary (Current Online Ed.) (Emphasis added). Compensation cannot logically be interpreted as a deduction or a reduction of payment.

Yet, the concept of "negative Compensation" forms the basis of Claims Administrator's Approved Policy-372 which states: "The **results** of Step 1, **whether positive or negative**, should be added to **results** of Step 2." (Emphasis added). But the Settlement Agreement does not say that the **results** of Step 1, whether positive or negative, shall be added to the **results** of Step 2. The Settlement Agreement says **add** Step 1 **Compensation** to Step 2 **Compensation**.

In this case, the Claimant did not qualify for any Step 1 Compensation because it did not suffer an actual loss in profit in 2010 compared to Benchmark. So its Step 1 Compensation is zero. But the Claimant is entitled to compensation for the presumed loss of **additional growth in profit** calculated in accordance with Step 2, in this case $44,178.12. Adding Step 1 Compensation of zero to Step 2 Compensation of $44,178.12, and applying the agreed upon RTP of 3.00, results in total Compensation to this Claimant of $176,712.48.

---

[1] This Claimant received no prior payments from BP, so Step (3) of the calculation is not applicable.

[2] Section 38.35 of the Settlement Agreement defines "Compensation Amount" as "that amount awarded to a claimant prior to the addition to any RTP." An "award" necessarily implies a positive amount. Clearly, the Settlement Agreement was not designed to give out "negative awards."

2

The Claims Office and the Appeal Panel denied Claimant any compensation by offsetting the Claimant's increase in profits in 2010 (reflected in the negative result of Step 1) from the additional growth Compensation otherwise due by Step 2. Through these gymnastics, **BP is getting the benefit** of Claimant's 2010 profits by using them to offset loss of growth damages caused by its gross and criminal negligence. This makes no sense whatsoever and must be corrected by the Court.

### Conclusion and Relief Requested

By substituting the word "results" for the word "compensation," and by adding the phrase "whether positive or negative" to the equation, the Administrator is not giving effect to words used in the Settlement Agreement and is adding material terms that do not appear in the Agreement. The Claims Administrator has no authority to rewrite the Settlement Agreement in this fashion. This Court should review the issue de novo and apply the Settlement Agreement as written.

WHEREFORE, Island Crab Corporation respectfully requests the Court to grant discretionary review of Policy-372 as applied to this case, reverse the decision of the Claims Administrator and the Appeal Panel based on this policy, and remand this case to the Claims Administrator with directions to pay the Claimant $176,712.48.

Dated this 9th day of October, 2014.

Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Attorneys for Claimant, Island Crab Corporation

By: _____
**LAWRENCE A. FARESE**
Florida Bar No. 252808
LAFarese@rkmc.com
TLKriberscheck@rkmc.com
711 Fifth Avenue South, Suite 201
Naples, Florida 34102
(239) 430-7070 Telephone
(239) 213-1970 Facsimile