# EXHIBIT 13

<u>Objection to Claimant's Request for Discretionary Court Review Regarding Claim No. 141404</u>

Pursuant to Section 6.6 of the Economic and Property Damage Settlement Agreement ("Settlement Agreement") and the Rules Governing Discretionary Court Review of Appeals Determinations, BP respectfully files this Objection to Claimant's Request for Discretionary Court Review.

The Appeal Panel correctly affirmed the Settlement Program's determination that the Settlement Agreement "clearly requires" it to calculate total compensation by adding Step 1 compensation and Step 2 compensation, without distinguishing between positive and negative compensation. Appeal Panel Decision at 2; *see* Settlement Agreement, Ex. 4C at 5. Policy 372 confirms that Step 1 compensation, whether positive or negative, must be added to Step 2 compensation:

> The results of Step 1, **whether positive or negative**, should be added to results of Step 2. Substituting a negative result for Step 1 with zero may overstate the claimant's lost variable profit during the compensation period as there is an inherent relationship between the Step 1 and Step 2 calculations.

Policy 372, Version 2 (emphasis added).

There is a simple, commonsense reason for this Policy, which embodies the plain language of the Settlement Agreement: "Substituting a negative result for Step 1 with zero may overstate the claimant's lost variable profit during the compensation period as there is an inherent relationship between the Step 1 and Step 2 calculations." *See* Policy 372.

Claimant nevertheless persists in arguing that Policy 372 conflicts with the Settlement Agreement and that Step 1 Compensation cannot be negative. Substituting a negative result with a zero would not only violate the express terms of the Settlement Agreement and Policy 372, it would violate the holdings of the Fifth Circuit and the District Court. As the Fifth Circuit explained, "the ostensible goal of the settlement [is] compensating claimants for real losses." *In*

1

*re Deepwater Horizon*, 732 F.3d 326, 338 (5th Cir. 2013).  As Policy 372 states, substituting a zero for a negative result for Step 1 decouples the award from economic reality and overstates claimants' lost variable profit, making it impossible to issue an award that compensates claimants for real losses.  *See* Policy 372.  Claimant's arguments deviate from the Settlement Agreement and established Settlement Program policy and threaten to sever the connection between awards and economic reality.  The Settlement Agreement, Policy 372, and the Fifth Circuit all forbid such a result.

For all of the foregoing reasons, Claimant's request for discretionary review should be denied.